# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION  MDL No. 2592

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in six actions in the Southern District of Illinois move under 28 U.S.C. § 1407 to centralize this litigation in that district. This litigation currently consists of 21 actions pending in ten districts, as listed on Schedule A.[1]

All responding plaintiffs support centralization, but they disagree about the appropriate transferee district. A majority of plaintiffs support selection of the Southern District of Illinois. Certain other plaintiffs suggest the Northern District of Alabama, the District of Colorado, the Southern District of Florida, the Northern District of Georgia, the Northern District of Illinois, the Eastern District of Louisiana, and the Eastern District of New York. The defendants oppose centralization and, in the alternative, propose the District of New Jersey as the transferee district.[2]

In opposing centralization, defendants argue principally that (1) individualized facts concerning each plaintiff's case, such as medical history, dosage, and alleged injuries, will predominate over common factual issues; (2) informal coordination will be sufficient to address overlapping discovery on the common issues alleged; (3) the circumstances of attorney advertising suggest the cases lack merit; and (4) creation of an MDL will encourage the filing of a flood of copycat complaints without due diligence by counsel.

While we agree that these actions present a number of individualized factual issues, the existence of such issues does not negate the common ones. These common issues include, in particular, the adequacy of Xarelto's warning label with respect to the risk of severe bleeding and

---

[*] Judge Charles R. Breyer took no part in the decision of this matter.

[1] The Panel has been notified of over thirty potentially related actions in eleven other districts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc. (collectively, Bayer); Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC; and Johnson & Johnson (collectively, Janssen). Defendants also include three German-based Bayer entities – Bayer HealthCare AG, Bayer Pharma AG, and Bayer AG – which Bayer represents have not been served and thus have not appeared.

-2-

other injuries, the results of certain clinical studies, and the alleged need for blood monitoring. Almost all personal injury litigation involves questions of causation that are plaintiff-specific. Those differences are not an impediment to centralization where common questions of fact predominate. *See, e.g., In re: Zimmer Durom Hip Cup Prods. Liab. Litig.*, 717 F. Supp. 2d 1376, 1378 (J.P.M.L.2010). Indeed, we centralized litigation involving an anticoagulant in the same class of drugs, which involved similar common factual questions and alleged injuries in *In re: Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, 883 F. Supp. 2d 1355 (J.P.M.L 2012).

Defendants ultimately acknowledge that the cases present some common factual issues, arguing that the record will show that Xarelto is not unreasonably dangerous and that the label's warnings and instructions to prescribing physicians adequately warned of the alleged risks. They nevertheless contend that informal coordination is preferable to centralization given the limited number of actions and involved counsel. In our judgment, the considerable growth in the litigation over the past few months demonstrates that informal coordination is not practicable. The present motion encompasses 21 constituent actions and over 30 potential tag-along actions, which are pending in a total of 22 districts. There are over two dozen involved plaintiffs' firms and discovery located in a foreign country, which will make effective informal coordination of discovery and other pretrial matters unlikely. *See In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 997 F. Supp. 2d 1354, 1356 (J.P.M.L. 2014) ("the increased presence of apparently unique counsel, coupled with the increased number of involved actions, districts, and judges, makes it highly difficult, if not impossible, to coordinate this litigation effectively on an informal basis").

Defendants also ask the Panel to consider the record on attorney advertising and the product's regulatory history, which allegedly suggest that the litigation lacks merit. We are not convinced that those allegations warrant a different outcome. Such an assessment of the merits of the actions is beyond the Panel's authority. *See In re: Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1335 (J.P.M.L. 2012) ("'[t]he framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations'") (quoting *In re: Kauffman Mut. Fund Actions*, 337 F. Supp. 1337, 1339-40 (J.P.M.L.1972)).

Nor are we persuaded by defendants' related argument that an MDL will generate the filing of voluminous claims without due diligence by plaintiffs' counsel. The Panel often has observed that "[t]he response to such concerns more properly inheres in assigning all related actions to one judge committed to disposing of spurious claims quickly." *See, e.g, In re: Seroquel Prods. Liab. Litig.*, 447 F. Supp. 2d 1376, 1378 (J.P.M.L. 2006). Additionally, in *In re: Cook Med., Inc., IVC Filters Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 2570, — F. Supp. 3d —, 2014 WL 5318059 (J.P.M.L. Oct. 15, 2014)*,* we explained that alleged problems like these can be managed efficiently within the MDL:

> [T]he transferee court handling several cases in an MDL likely is in a better position – and certainly is in no worse position than courts in multiple districts handling

-3-

individual cases – to properly address meritless claims. There are many tools a transferee court may use to accomplish this task. And importantly, if defendants believe plaintiffs' counsel are filing frivolous claims, it is incumbent upon defense counsel to bring that concern to the attention of the transferee court, and to propose a process to identify and resolve such claims.

*See id.* at *2.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share common factual questions arising out of allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking Xarelto (rivaroxaban) and that defendants did not adequately warn prescribing physicians or consumers of the risks associated with Xarelto, including the potential for severe or fatal bleeding and the unavailability of a reversal agent to counteract Xarelto's anticoagulation effects. Issues concerning the development, manufacture, regulatory approval, labeling, and marketing of Xarelto thus are common to all actions. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are presented with a number of choices for transferee district. Weighing all relevant factors, we select the Eastern District of Louisiana as the transferee forum. One action on the motion and twelve potential tag-along actions are pending in this district, which has the support of a number of plaintiffs and also is supported by the opposing defendants as an appropriate alternative. This district provides a geographically central forum for this nationwide litigation. Judge Eldon E. Fallon, who presides over three potential tag-along actions, is an experienced transferee judge with the willingness and ability to manage this litigation efficiently. He is well-versed in multidistrict litigation, and we are confident he will steer this matter on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with the actions pending there.

IT IS FURTHER ORDERED that MDL No. 2592 is renamed *In re: Xarelto (Rivaroxaban) Products Liability Litigation.*

-4-

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell  Lewis A. Kaplan
Ellen Segal Huvelle  R. David Proctor
Catherine D. Perry

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION                                      MDL No. 2592

## SCHEDULE A

Northern District of Florida

14-2847    NICHOLSON v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
           C.A. No. 5:14-00173

Southern District of Florida

14-2828    PACKARD v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
           C.A. No. 0:14-61448

Southern District of Illinois

14-2849    LEMP, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
           C.A. No. 3:14-00987
14-2850    HANEY v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
           C.A. No. 3:14-00988
14-2851    LEACH v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
           C.A. No. 3:14-00989
14-2852    RUCKER v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
           C.A. No. 3:14-01026
14-2853    PENNELL, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
           C.A. No. 3:14-01040
14-2854    MCMUNN v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
           C.A. No. 3:14-01042
14-2855    BIVEN v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
           C.A. No. 3:14-01050
14-2856    MULRONEY v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
           C.A. No. 3:14-01073

Eastern District of Kentucky

14-2857    BOLTON, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
           C.A. No. 0:14-00146

Western District of Kentucky

14-2858    COX v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
           C.A. No. 3:14-00579

- A2 -

Eastern District of Louisiana

BRASWELL v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
C.A. No. 2:14-02258

Eastern District of New York

| | |
|---|---|
| 14-2861 | JEFFCOAT v. JANSSEN REASEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 1:14-04524 |
| 14-2862 | GRIGGS, ET AL. v. JANSSEN RESEARCH & DEVELPMENT LLC, ET AL., C.A. No. 1:14-04841 |
| 14-2863 | BOYNTON, ET AL. v. JANSSEN RESEARCH & DEVELPMENT LLC, ET AL., C.A. No. 1:14-05133 |
| 14-2864 | USELTON v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 1:14-05728 |
| 14-2865 | GREEN, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 1:14-05871 |

District of Utah

14-2866  ARMSTRONG, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, ET AL.,
C.A. No. 2:14-00599

District of Vermont

14-2867  MCGOWAN v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.,
C.A. No. 2:14-00159

Southern District of West Virginia

14-2868  DALRYMPLE v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET. AL.,
C.A. No. 5:14-25893