**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS | * MDL NO. 2592 |
| LIABILITY LITIGATION | * |
| | * SECTION L |
| | * |
| | * JUDGE ELDON E. FALLON |
| | * |
| | * MAG. JUDGE SHUSHAN |
| ***************************************** | * |
| | * |
| THIS DOCUMENT RELATES TO: | * |
| | * |
| JAMES J. BRIEN, SR. and | *    Case No. 14-cv-2014 |
| DOLLY S. BRIEN | * |
| | * |
| Vs. | * |
| | * |
| JANSSEN RESEARCH & DEVELOPMENT, LLC | * |
| f/k/a JOHNSON & JOHNSON PHARMACEUTICAL | * |
| RESEARCH AND DEVELOPMENT, LLC, *et al* | * |
| ***************************************** | |

**MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION FOR FIRST EXTENSION**
**OF TIME TO EFFECTUATE SERVICE ON FOREIGN BAYER DEFENDANTS**

**MAY IT PLEASE THE COURT:**

Plaintiffs, James J. Brien, Sr. and Dolly S. Brien, have filed a Motion asking this Court for

an extension of time to serve the three German entities in this case, Bayer AG, Bayer HealthCare

AG and Bayer Pharma AG. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Time

Limit for Service, "If a defendant is not served within 120 days after the Complaint is filed, the

court must dismiss the action without prejudice against that defendant or order that service be

made within a specified time. But if the plaintiff shows good cause for the failure, the Court

must extend the time for service for an appropriate period." This subdivision (m) does not apply

to service in a foreign country under Rule 4(f) or 4(g). Fed. R. Civ. P. 4(m).

Failure to comply with Rule 4(m)'s time requirement authorizes a district court to dismiss an action without prejudice, except upon a showing of good cause. *Milan v. USAA General Indemnity Company*, 546 F. 3d 321, 325 (5th Cir. 2008). A court may, however, extend the time for service on foreign Defendants past 120 days. *Lozano v. Bosdet,* 693 F. 3d 485 (5th Cir. 2012). In *Lozano*, the Fifth Circuit Court of Appeals adopted a flexible due diligence standard to determine whether the delay in serving a foreign Defendant should be excused. Plaintiffs aver that good cause is shown for an extension of time due to the instant facts and the infancy stages of this MDL.

On September 4, 2014, Plaintiffs filed a Complaint for the injuries sustained due to Mr. Brien's ingestion of Xarelto. The Complaint named the following defendants: Janssen Research & Development, LLC f/k/a Johnson and Johnson Pharmaceutical Research and Development, LLC, Janssen Ortho, LLC, Janssen Pharmaceuticals, Inc., f/k/a Janssen Pharmaceutica, Inc., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc., Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer HealthCare, LLC, Bayer Healthcare AG, and Bayer AG. Plaintiffs filed an amended Complaint against all entities on September 30, 2014.

All Janssen entities have answered these Complaints. The three Bayer (domestic) entities have answered these Complaints. However, the three foreign Bayer entities have not yet been served. These three Bayer entities, Bayer AG, Bayer HealthCare AG, and Bayer Pharma AG, are German entities. The Federal Republic of Germany became a signatory to the Hague Convention in November 1965; therefore, service must be made through the Hague Service Convention. The Hague Convention is a 1965 multinational treaty that sought to simplify and expedite international service of process. *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F. 3d 374, 383 (5th Cir. 2002).

On December 12, 2014, the Judicial Panel on Multi District Litigation ("JPMDL") entered an Order establishing the Xarelto Products Liability Litigation as MDL No. 2592, and consolidated all actions into this Court. In ruling that the Xarelto Products Liability Litigation should proceed as a multidistrict litigation ("MDL"), the JPMDL Panel stated, "We are basing our decision upon the Complaints filed involving common questions of fact, along with the fact that centralization will serve the convenience of the parties and witnesses and promote the fast and efficient conduct of this litigation."

On December 17, 2014, this Court entered Pre-Trial Order ("PTO") Number 1, which set a date for an initial pre-trial conference to be held on January 29, 2015 at 9:00 a.m. CST.  As this Court is well aware, PTO #1 stayed all further discovery and pending motions until a date after this initial pre-trial conference.

During this initial pretrial conference, Plaintiffs anticipate that service of these three foreign Bayer defendants will be on the Plaintiffs' proposed agenda, and one of the first actions this newly formed Plaintiff Steering Committee will address.  In other MDLs, such as In Re: Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Relevant Products Liability Litigation MDL No. 2100, one of the duties of the Plaintiff Steering Committee ("PSC") was to create a centralized service location where foreign Defendant, Bayer Pharma AG, would accept service by registered mail at a specified address so as to avoid costly service through the Hague Convention. *See,* In Re: Yasmin-Yaz MDL No. 2100, 6th Amended Case Management Order 9, § III, at 2.   As this Honorable Court is well aware in In Re: Chinese-Manufactured Drywall Products Liability Litigation, MDL No. 2047, the PSC and the Knauf Defendants agreed on an Omnibus Complaint system in order to avoid multiple services through the Hague for the foreign Knauf Defendants.  Most recently, in the Actos MDL No. 2299, the PSC established a service

procedure by registered mail for the Japanese Defendants, Takeda Pharmaceutical Company, Ltd.,  in order to avoid the expense of serving Japanese entities through the Hague Convention, In Re:  Actos (Pioglitazone) Products Liability Litigation.  *See* First Amended Case Management Order, § III, at "D".

## CONCLUSION

Wherefore, Plaintiffs submit that an extension of time should be granted in order to allow time for a PSC to be established, and an anticipated procedure set up for service of these three foreign Bayer Defendants through the MDL.

Therefore, since a PSC has not yet been appointed in this MDL and given time to work with the Court in order to establish a procedure for an efficient and less expensive way of serving the three German Bayer entities other than through the Hague Convention, Plaintiffs request an extension of time to serve these three foreign Bayer entities until thirty days after the time that a procedure has been set up in the MDL, or in the alternative, Plaintiffs request an additional 120 days to begin service through the Hague on these three German Bayer entities.

Date:        January 16, 2015                              Respectfully submitted,


                                                       /s/  Mekel Alvarez
                                                      Morris Bart (LA Bar #02788)
                                                      Mekel Alvarez (LA Bar #22157)
                                                      Morris Bart, LLC
                                                      909 Poydras Street, 20th Floor
                                                      New Orleans, LA 70112
                                                      Telephone: 504-525-8000
                                                      Facsimile: 504-599-3392
                                                      morrisbart@morrisbart.com
                                                      malvarez@morrisbart.com
                                                      dsnellings@morrisbart.com

                                                      **COUNSEL FOR PLAINTIFFS**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS | * MDL NO. 2592 |
| LIABILITY LITIGATION | * |
| | * SECTION L |
| | * |
| | * JUDGE ELDON E. FALLON |
| | * |
| | * MAG. JUDGE SHUSHAN |
| ************************************************** | * |
| | * |
| THIS DOCUMENT RELATES TO: | * |
| | * |
| JAMES J. BRIEN, SR. and | *     Case No. 14-cv-2014 |
| DOLLY S. BRIEN | * |
| | * |
| Vs. | * |
| | * |
| JANSSEN RESEARCH & DEVELOPMENT, LLC | * |
| f/k/a JOHNSON & JOHNSON PHARMACEUTICAL | * |
| RESEARCH AND DEVELOPMENT, LLC, *et al.* | * |
| ********************************************** | |

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on January 16, 2015, Plaintiff's *Ex Parte* Motion for their First Extension of Time to Effectuate Service on Foreign Bayer Defendants and the Memorandum in Support of the Motion were filed electronically with the Court's ECF system, and counsel of record for all parties were served electronically through that system.

                                                          /s/ Mekel Alvarez

5