UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL 2529 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

******************************************* *

THIS DOCUMENT RELATES TO: ALL CASES

### APPLICATION FOR APPOINTMENT OF ROGER C. DENTON TO PLAINTIFFS' STEERING COMMITTEE TO SERVE IN A LEADERSHIP ROLE

Pursuant to Pretrial Order #1, Roger C. Denton submits his application for appointment to serve in a leadership role on the Plaintiffs' Steering Committee ("PSC"). I am a founding member of Schlichter, Bogard & Denton, LLP, a firm with over thirty years of leadership experience in complex litigations across the country.[1] I have practiced law for thirty-two years and have tried complex cases in many state and federal courts. For a review of Schlichter, Bogard & Denton, LLP and its attorneys, please visit the firm's website at www.uselaws.com. I am wholly committed to fulfilling the responsibilities of a leadership role as a member of the PSC.

### I. Active Involvement in the Development and Furtherance of this Litigation Prior to the Consolidation of this MDL

From the inception of the *Xarelto* litigation, I have been actively involved, having filed some of the first federal cases in the country.[2] My firm currently represents hundreds of clients

---

[1] Other than the complex pharmaceutical and product liability multidistrict litigations which will be described in further detail below, Schlichter, Bogard & Denton, LLP has also been appointed leadership roles in national class action litigations against Caterpillar Inc., General Dynamics, and Bechtel, to name a few.

[2] Roger C. Denton is counsel of record in the following *Xarelto* actions, which are now pending in the multidistrict litigation: *Mary K. Lemp and Charles Lemp, Jr. v. Janssen Research & Development LLC, et al.*, Case No. 2:14-cv-02849 (EDLA); *Dorothy Leach v. Janssen Research & Development LLC, et al.*, Case No. 3:14-cv-0989 (EDLA); *Haney v. Janssen Research & Development LLC*, *et al.*, Case No. 2850 (EDLA); *Stanley Pennell and Nancy Pennell v. Janssen Research & Development LLC, et al.*, Case No. 3:14-cv-1040 (EDLA); *Martha McMunn on behalf of*

who allege to have suffered serious injuries after using Xarelto. I prepared the briefing and oral arguments before the Judicial Panel on Multidistrict Litigation, having filed the initial Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings and the Reply Brief to Defendants' Response in Opposition of Consolidation. I successfully defeated the strong opposition to consolidation urged by defendants.

In addition, I have met with several expert witnesses, to investigate and develop scientific issues involving Xarelto. I coordinated the creation of, and serve as the Co-Chair of, the American Association of Justice (AAJ) *Xarelto* Litigation Group to educate fellow attorneys, and I have spoken at several national seminars on Xarelto to provide scientific, regulatory and other important information to attorneys representing individuals who have suffered injuries related to Xarelto use.

## II.     Professional Experience in this Type of Litigation

My prior experience includes leadership in the following multidistrict litigations: Co-Lead Counsel, *In re: Pradaxa (Dabigatran) Products Liability Litigation* (MDL 2385); Liaison Counsel, *In re: Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation* (MDL 2100); Co-Lead Counsel, *In re: NuvaRing Products Liability Litigation* (MDL 1964); Discovery Committee and *Bellwether* Trial Team, *In re: Ortho Evra Products Liability Litigation* (MDL 1742); and Member of the PSC, *In re: Gadolinium Based Contrast Agents Products Liability Litigation* (MDL 1909).

- **Pradaxa MDL**: Pradaxa and Xarelto are within the class of drugs known as New Oral Anticoagulants and are alleged to cause the same types of injuries, and therefore involve similar scientific issues. In the *Pradaxa* MDL, I conducted depositions of company witnesses, developed expert witnesses, coordinated expert reports, briefed and argued important motions, managed/maintained the document depository at my office, drafted a successful Seventh Circuit appellate brief on behalf of the PSC, was appointed to the

---

*Richard McMunn, Jr. v. Janssen Research & Development LLC, et al.*, Case No. 2:14-cv-2854 (EDLA); and *Mulroney v. Janssen Research & Development LLC, et al.*, Case No. 2:14-cv-2856 (EDLA).

Negotiating Committee which resulted in a global settlement, was appointed as the PSC's representative to resolve all medical liens, and actively worked with the Court and Special Master to globally resolve all common benefit claims.

- *Yaz* **MDL**: In my role as Liaison Counsel, I attended all conferences, negotiated pretrial orders, managed/maintained in-house document depository, communicated with PSC and all interested counsel, conducted depositions of company witnesses and experts, coordinated expert reports, briefed/argued important motions, and negotiated substituted service of process for the foreign defendants to avoid expensive service through The Hague Convention Treaty.  I was the lead attorney for the first *bellwether* case, which settled shortly before trial, and am the lead attorney for the *bellwether* case set for trial in May.  I worked cooperatively with Bayer's counsel, Mr. Timothy Coon (also counsel for both defendants in the *Xarelto* MDL), in the production of over 90,000,000 documents, across more than 100 separate productions. Prior to the formation of the *Xarelto* MDL, I discussed production issues, including preservation obligations and ESI protocols with Mr. Coon for this litigation.

- *NuvaRing* **MDL**: As Co-Lead Counsel, I along with my firm[3] handled virtually every aspect of this litigation, which resulted in a global settlement for approximately 3,600 hundred women. I appeared at all court conferences and hearings, briefed/argued critical motions, took depositions of key company witnesses and experts, coordinated experts and expert reports, successfully defeated all *Daubert* challenges to plaintiffs' experts, and was lead trial counsel for the first *bellwether* case. I was appointed as lead counsel to negotiate the settlement with the defendants and my firm is charged with reviewing and allocating all settlement proceeds. In addition, I successfully negotiated a complete resolution of all common benefit claims.

### III.     Willingness and Availability to Commit Time & Resources

As described above, I, along with my firm have a track record of committing substantial time, resources, and finances toward this type of litigation. In terms of present commitments, the *Pradaxa* and *NuvaRing* MDLs are both resolved, and the *Yaz* MDL should be completed in the near future, and therefore I have the time to commit to this litigation.

My firm can provide a unique opportunity for all plaintiffs through my firm's in-house document review system, which has been successfully used in the Yaz and Pradaxa MDLs, as well as many other complex litigations. The system allows for remote viewing of documents for plaintiffs' counsel and is more economical than outside vendors, which would benefit all

---

[3] Mr. Denton's partner, Kristine K. Kraft of Schlichter, Bogard & Denton, LLP, served as Liaison Counsel.

plaintiffs. My firm employs two full-time IT professionals who manage the document review system, which has included hundreds of productions in excess of 200,000,000 documents in the *Yasmin* and *Pradaxa* MDLs.

## IV.     Ability to Work Cooperatively with Others

I have a track record of working cooperatively with the courts, defense counsel, liaison counsel, PSC members, other plaintiff attorneys, and counsel from state court actions (in coordination efforts). This cooperative reputation is supported by my prior court appointments summarized above, as well as extensive involvement with all aspects of those litigations, including negotiating global settlements in two recent MDLs and resolving common benefit issues without the need of contested court hearings[4].

## V.     Conclusion

I would respectfully suggest that my application has unique qualifications having served as co-lead in the Pradaxa MDL, having successfully managed document productions with Bayer and was one of the first attorneys involved in the Xarelto litigation. I understand this Court will have many well-qualified counsel to choose from for this litigation, and as a result, I am willing to serve in whatever capacity this Court deems most appropriate, but believe I can add a benefit to this litigation in a leadership role.

Date: January 27, 2015                             Respectfully submitted,

/s/     *Roger C. Denton*
Roger C. Denton
SCHLICHTER, BOGARD & DENTON, LLP
100 S. 4th Street
St. Louis, MO 63102
Telephone: 314-621-6115
Email: rdenton@uselaws.com

---

[4] As references I submit Judges David R. Herndon and Rodney W. Sippel, as well as Special Masters Randi Ellis and retired Judge David Stack. Judge Stack is the Special Master in *Yasmin*, *Pradaxa* and *NuvaRing* and Randi Ellis is the Special Master in *Pradaxa* and *Yasmin*.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing was served via email or U.S. Mail on all counsel listed on Schedule B attached to Pretrial Order # 1, and filed electronically on the below date so that it is available for viewing and downloading from the ECF System of United States District Court for the Eastern District of Louisiana this 27th day of January, 2015.

                                  /s/   *Roger C. Denton*
                                  Roger C. Denton