IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| | JUDGE FALLON |
| THIS DOCUMENT APPLIES TO: ALL CASES | MAG. JUDGE NORTH |

**APPLICATION OF RONALD E. JOHNSON, JR., FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE**

Comes the undersigned, Ronald E. Johnson, Jr., and pursuant to Pretrial Order #1, submits the following application to leadership position on the Plaintiffs' Steering Committee ("PSC") for MDL 2529, *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*.

1. I, Ronald E. Johnson, Jr., am an equity partner in the Kentucky law firm of Schachter, Hendy & Johnson, PSC, where I head the firm's mass tort and complex litigation section. My firm maintains offices in Louisville and Fort Wright, Kentucky and we have a national practice focused on mass torts. The firm's website at www.pschachter.com provides a more detailed description of the firm and its lawyers. I am licensed to practice law in Kentucky and Ohio, where I remain in good standing. I am also licensed to practice in the Eastern and Western Districts of Kentucky and the Northern and Southern Districts of Ohio. I have also been admitted to pro hac vice to numerous federal district courts outside of Ohio and Kentucky. I have never had any action taken against my licenses, nor have I ever been rejected for an application for admission pro hac vice. Since obtaining my law degree from the University of Louisville in 1999, where I served as an editor on the law review, I have devoted my entire career to representing individual citizens who have been injured as the result of negligence or intentional conduct, with a specific emphasis on cases involving pharmaceutical and medical device

products.

2. I serve on the Attorney Advertising Commission of the Kentucky Bar Association. I also am a board member of the Kentucky Justice Association (the only statewide association of trial lawyers in Kentucky), currently serving as President of the organization. I am also a member of the Leader's Forum of the American Association for Justice, where I serve as co-chair of the Testosterone Therapy Litigation Group. I frequently give legal seminars for CLE credit through the above-listed organizations, including presentations on mass tort and multi-district litigation.

3. My mass tort experience is varied and extensive. I have served in leadership positions in mass torts with and without the benefit of section 1407 centralization. In terms of multidistrict litigation experience, I have been appointed to the following leadership positions in multi-district litigation:

   a. In 2014, I was appointed Co-Lead counsel for MDL 2545, *In Re Testosterone Replacement Therapy Litigation*, by the Honorable Matthew Kennelly in the Northern District of Illinois. In that litigation I, along with two other co-lead counsel, manage a PSC comprised of 29 lawyers tasked with the prosecution of claims against six different primary defendant manufacturers of testosterone. Additionally, there is also a class action case pending against the same group of defendants filed on behalf of third party payers.

   b. In 2011, I was appointed Co-Lead counsel for MDL No. 2308, *In re: Toning Shoe Product Liability Litigation*, by the Honorable Thomas B. Russell in the Western District of Kentucky. In that capacity I successfully managed a case involving thousands of plaintiffs who alleged personal injury and consumer fraud claims. Within the MDL, the consumer fraud class action case settled for $50 million and approximately 3,000 of the personal injury claims in the MDL have been entered into an early settlement protocol.

   c. In 2012, I was appointed to a leadership position on the PSC for MDL No. 2385 *In re: Pradaxa (dabigatran etexilate) Products Liability Litigation*. In that capacity I served the litigation by conducting a review of the patient data underlying the clinical trial and was responsible for taking depositions of key company executives for use at trial.

4. I also have mass tort experience outside of the traditional MDL arena. I served as Co-Lead counsel for the Plaintiffs' Consortium in the Ambulatory Infusion Pump Litigation from 2008 to 2013. That litigation involved the prosecution of claims on behalf of individuals against seven different manufacturers of a medical device without section 1407 centralization.  As a result, we were forced to organize, finance and prosecute a complex, multi-defendant litigation in federal and state courts across the country without the benefit of formal centralization or court oversight. We were able to successfully organize a diverse group of Plaintiff lawyers into a consortium to combine resources and efforts to efficiently prosecute the claims. To date, hundreds, if not a thousand, claims have resolved following four bellwether trials.

    I also served as co-counsel for the bellwether trial for the national litigation involving Advanced Bionics Cochlear Implant litigation, which took place in April 2013.  In that trial we obtained a $7.24 million verdict on behalf of the Plaintiff, and then we were able to successfully negotiate the settlement of all of the cases nationally under the supervision and approval of Judge John Heyburn in the Western District of Kentucky. I have also litigated mass tort and MDL cases involving fentanyl pain patches, defective shoulder prosthesis, defective knee prosthesis, and defective hip prosthesis.

5. My firm possesses the requisite legal experience and financial ability to manage and prosecute the Xarelto litigation. Our firm has a long and established track record of success in both mass tort and single event cases. We are recognized as leaders of the Plaintiffs' bar in Kentucky. The three equity partners of the firm are AV rated by Martindale-Hubble, and have received numerous awards and recognition their legal ability and work.  The firm is debt free, and has never been unable to prosecute a case due to financial constraints.  We also have the time to make a serious and dedicated commitment to this litigation.  At this time, we are involved in

only two other MDLs, one of which is in the process of being concluded. This MDL will be a primary focus of the firm.

6. In terms of experience specifically related to Xarelto, I have extensive experience in litigation involving injuries caused by anti-coagulant medication due to my previous work in the Pradaxa MDL, where I was actively involved in the scientific and pharmacovigilance aspects of the case. I currently have 4 Xarelto cases filed in federal court, all of which have been or are in the process of being conditionally transferred to the MDL. I have dozens more Xarelto cases being prepared for filing, and new clients are retaining the firm for new claims on an ongoing basis. I also have a good working relationship with many, if not all, of the lawyers who are applying for leadership positions in this litigation, including the Herman, Herman &Katz firm, which was recently appointed liaison counsel pursuant to Pretrial Order #2.

7. In conclusion I want the Court to know that first and foremost among my priorities is the zealous, ethical and competent representation of all of the Plaintiffs who have alleged injury as a result of the use of Xarelto. My request to serve in a leadership position this litigation is a direct result of my dedication and commitment to this litigation. I look forward to serving the Court as a member of the Plaintiffs Steering Committee, but I respectfully submit that I would welcome any role the Court deems appropriate. I am also available for an interview at the Court's convenience.

By: */s/ Ronald E. Johnson, Jr.*

Ronald E. Johnson, Jr.
SCHACHTER, HENDY & JOHNSON, PSC
909 Wright's Summit Parkway #210
Ft. Wright, Kentucky 41011
Tel. 859.578.4444
Facsimile 859.578.4440
rjohnson@pschachter.com
*Attorney for the Plaintiffs*

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing was served via email or U.S. Mail on all counsel listed on Schedule B attached to Pretrial Order # 1, and filed electronically on the below date so that it is available for viewing and downloading from the ECF System of United States District Court for the Eastern District of Louisiana this 27th day of January, 2015.

                                    */s/ Ronald E. Johnson, Jr.*