UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| _____ | ) | MDL No. 2592 |
| IN RE: XARELTO (RIVAROXABAN) | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | SECTION: L |
| _____ | ) | |
| | ) | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | ) | MAG. JUDGE NORTH |
| ALL ACTIONS | ) | |
| _____ | ) | |

## APPLICATION FOR APPOINTMENT OF NEIL D. OVERHOLTZ TO THE PLAINTIFFS' STEERING COMMITTEE

NOW INTO COURT COMES Neil D. Overholtz of the law firm of Aylstock, Witkin, Kreis & Overholtz, PLLC, and respectfully files this Application for Appointment to the Plaintiffs' Steering Committee ("PSC"), either in a Leadership capacity or as a member of the Executive Committee (PEC), pursuant to Paragraph 16 of Pretrial Order No. 1 in MDL 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, before Judge Eldon E. Fallon in the United States District Court for the Eastern District of Louisiana. Mr. Overholtz has demonstrated through his work and effort in multiple litigations the ability to advance litigation on behalf of plaintiffs with dedication, professionalism, and integrity.

**I. Willingness and Availability to Commit to a Time-consuming Project.** Mr. Overholtz's qualifications to serve in this MDL may be best illustrated by his most recent efforts as a member of the Plaintiffs' Steering Committee ("PSC") in *In Re: Actos (Pioglitazone) Product Liability Litigation*, MDL 2299, before The Honorable Rebecca F. Doherty in the United States District Court for the Western District of Louisiana. Mr. Overholtz has been involved with every aspect of the litigation, serving as a regular "Working Group" member on behalf of the PSC.[1] Mr. Overholtz led discovery efforts, negotiating document production and Electronically Stored Information ("ESI") protocols, including leading the PSC's efforts with respect to

---

[1] The Working Group held regular (weekly to monthly) meetings, with PSC members (Co-Lead Counsel Richard Arsenault and Paul Pennock, Liaison Counsel Pat Morrow, State-Federal Liaison Counsel Dawn Barrios, and Lead Trial Counsel Mark Lanier, and Mr. Overholtz), Defense Counsel, and Special Masters Gary Russo, Carmen Rodriguez and Kenny DeJean, as well as monthly meetings before Judge Doherty.

1

the use of Predictive Coding as a discovery tool. Additionally, Mr. Overholtz personally conducted over half of the liability depositions of corporate executives in the case. During the three-month bellwether trial in Lafayette, Mr. Overholtz served as a core member of the trial team, working cooperatively with Defense Counsel and the Special Masters, as well as appearing before Judge Doherty to resolve evidentiary disputes.

Mr. Overholtz is willing and available to serve as a member of the PSC, including in a Leadership or Executive Committee role, as the Court deems appropriate and understands that the time consuming nature of the case will require a significant commitment. Mr. Overholtz and Aylstock, Witkin, Kreis & Overholtz, PLLC have already dedicated significant resources to this litigation, stemming both from the firm's work to date in preparation for this litigation and previous involvement in the *Pradaxa* litigation. Mr. Overholtz filed one of the first *Xarelto* cases in the country and currently has four cases pending in the Eastern District of Louisiana.[2] He represents hundreds of additional contracted clients who expect to file suit in the future. The firm is committed to these cases, and continues to receive additional referrals daily. Additionally, in preparation for this litigation, Mr. Overholtz contributed to the education and preparation of his fellow attorneys by speaking on *Xarelto*, organizing and serving as the Conference Co-Chair of the Harris Martin MDL Complex Litigation Conference in Charleston, South Carolina.[3]

**II.     Ability to Work Cooperatively With Others.** Mr. Overholtz has demonstrated the ability to work cooperatively with all parties throughout litigation, and in fact, has worked cooperatively with many counsel expected to be involved in this case. His experience includes negotiating pre-trial discovery protocols, including ESI and document production issues, as well as engaging in efforts aimed at case resolution. For example, Mr. Overholtz personally led and coordinated the filing and management of over 2500 *Fen-Phen* diet-drug cases without the benefit of an MDL by over twenty law firms in Massachusetts state court. Mr.

---

[2] *Lindsey v. Janssen Research & Development, LLC, et al.*, Case No.: 2:14-cv-00655-SPC-DNF; *Packard v. Janssen Research & Development, LLC, et al.*, Case No.: 2:14-cv-02848; *Castille v. Janssen Research & Development, LLC, et al.*, Case No.: 2:15-cv000068; and *Leischner v. Janssen Research & Development, LLC, et al.*, Case No.: 2:14-cv-02888.

[3] Mr. Overholtz is a regular speaker on areas of complex litigation and mass torts, and regularly chairs conferences for organizations such as Harris Martin.  Mr. Overholtz also has been a repeat speaker at the Louisiana Bar Association's Annual Class Action and Complex Litigation Symposium in New Orleans.

Overholtz led the plaintiffs' effort in cooperatively working with Defense counsel to establish a complex case management order to effectively move the cases forward, select bellwether cases, and reach resolution. In the *Guidant* MDL, Mr. Overholtz was appointed to work with Magistrate Judge Arthur Boylan and Special Master Pat Juneau to develop and implement the claims allocation process for the global settlement. He also coordinated with plaintiffs' counsel from dozens of law firms to effectively administer the settlement program.

**III.    Professional experience in this type of litigation.**    Mr. Overholtz possesses the requisite professional experience and skill to assist in the orderly advancement of this litigation. Mr. Overholtz currently serves as a managing partner with the law firm of Aylstock, Witkin, Kreis & Overholtz, PLLC in Pensacola, Florida, whose members have extensive experience in handling complex litigations consolidated within the multi-district mechanism.[4] Mr. Overholtz has been appointed and served in various leadership positions, including Plaintiffs' Steering Committees and Plaintiffs' Executive Committees,[5] in addition to serving in diverse committee roles, all involving drug and medical device cases.[6]

**IV.    Willingness to commit the necessary resources to pursue this matter.**    Mr. Overholtz and his firm consider the opportunity to serve on this PSC an honor and if appointed, will continue to commit the resources, including money, people, and time necessary to advance this case in a timely manner. With 18 attorneys and

---

[4] Firm partner Bryan Aylstock currently serves as one of three court-appointed "Coordinating Counsel" overseeing the Plaintiffs' Steering Committees in six (6) different MDLs in the Trans-Vaginal Mesh Litigation involving over 75,000 filed cases. Other firm appointments include *In re: Zoloft (Sertraline Hydrochloride) Products Liability Litigation*, MDL 2342 (Coordinating Counsel); *In re: Effexor (Venlafaxine Hydrochloride) Products Liability Litigation*, MDL 2458 (Co-Lead Counsel), and *In re: Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871 (Co-Lead).

[5] Representative examples include: *In Re: Trasylol Products Liability Litigation*, MDL 1928 (PSC and member of deposition, trial and expert committee); *In Re: Viagra Products Liability*, MDL 1724 (PSC and Co-Lead Settlement Counsel); *In Re: Sprint Fidelis Lead Products Litigation*, MDL 1905 (Discovery Committee); *In Re: Fleet Oral Sodium Phosphate Litigation*, MDL 2066 (PSC); *In re: Zimmer NexGen Knee Implant Products Liability Litigation*, MDL 2272 (PSC); *In Re: Actos (Pioglitazone) Product Liability Litigation*, MDL 2299 (PSC); *In Re: Incretin Mimetics Products Liability Litigation*, MDL 2452 (Plaintiffs' Executive Committee); and *In re: Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, MDL 2385 (Plaintiffs' Executive Committee).
In addition to the MDL context, Mr. Overholtz has served in similar roles in state court consolidations, such as the *In Re: New York Renu With Moistureloc Product Liability Litigation* before The Honorable Helen E. Freedman.

[6] Mr. Overholtz has served in other positions and/or on many other committees including Discovery Committees including, but not limited to: *In Re: Vioxx Products Liability Litigation*, MDL 1657 (Sales Representative Discovery and ESI Depositions); *In Re: Medtronic, Inc., Implantable Defibrillators Products Liability Litigation*, MDL 1726 (Co-Chair of the Discovery Committee); *In re: Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871 (Co-Chair of the Discovery Committee). Mr. Overholtz also worked closely with Magistrate Judge Arthur Boylan, Special Master Patrick Juneau, and Richard Arsenault (Co-Lead counsel) in developing a global settlement allocation model within the *In Re: Guidant Corp. Implantable Defibrillators Products Liability Litigation*, MDL 1708, before The Honorable Donovan Frank.

over 125 staff members, Mr. Overholtz and his firm have the availability to assign additional attorneys and staff, as necessary. In particular, Nathan Bess, also a partner at Aylstock, Witkin, Kreis & Overholtz, PLLC, will devote his efforts to this litigation.[7] Notably, Mr. Bess is fluent in German and has experience in reviewing, translating, or supervising the translation of documents in cases against German drug manufacturers. Mr. Bess has conducted and assisted with depositions of Bayer employees in the *Trasylol* and *Yaz* litigations, and of Boerhringer Ingelheim employees in the *Pradaxa* litigation.

**V.    Conclusion.**   For the reasons stated above, Mr. Overholtz respectfully requests that Your Honor appoint him to serve on the *In re: Xarelto (Rivaroxaban) Products Liability Litigation* Plaintiffs' Steering Committee, and consider him for a Leadership or Executive Committee role.

/s/ Neil D. Overholtz
Neil D. Overtholtz
Aylstock, Witkin, Kreis & Overholtz; PLLC
17 E. Main Street
Suite 200
Pensacola, Florida 32501
(850) 916-7450 / (850) 916-7449 FAX
noverholtz@awkolaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2015, I filed the foregoing Application for Appointment of Neil D. Overholtz to the Plaintiffs' Steering Committee electronically via the Court's ECF filing System. I further certify that on January 27, 2015, I served a true and correct copy of the foregoing Application for Appointment of Neil D. Overholtz to the Plaintiffs' Steering Committee on all counsel of record listed on Schedule B attached to Pretrial Order No. 1 via the CM/ECF System, electronic mail or U.S. Mail.

/s/ Neil D. Overholtz
Neil D. Overholtz

---

[7] Mr. Bess has worked in multiple MDL cases including: *In re: Prempro Products Liability Litigation, In Re: Trasylol Products Liability Litigation, In Re: Actos (Pioglitazone) Products Liability Litigation, In Re: Yasmin and Yaz (drospirenone) Marketing, Sales Practices and Products Liability Litigation, In Re: Pradaxa (dabigatran etexilate) Products Liability Litigation, In Re: C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation,* and *In Re: Boston Scientific Corp., Pelvic Repair System Products Liability Litigation.*