UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL NO. 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | * | MAG. JUDGE NORTH |
| | * | |
| ALL ACTIONS | * | |
| | * | |

# APPLICATION OF ALLAN KANNER
# FOR THE PLAINTIFFS' STEERING COMMITTEE

NOW INTO COURT, comes Allan Kanner, who respectfully requests that this Honorable Court appoint him to the Plaintiffs' Steering Committee.[1]

**Willingness and Availability to Commit to a Time-Consuming Project and Willingness to Commit the Necessary Resources to Pursue this Matter**

Mr. Kanner is willing and available to commit to this time-consuming project and to serve on the PSC. Kanner & Whiteley is a ten-lawyer firm with a national reputation built on the firm's ability to effectively manage and successfully litigate substantial, expensive and time-consuming cases to completion on a cooperative basis with co-counsel and referring counsel.[2] For example, in September, Mr. Kanner completed an 8 month trial in a series of highly complex natural resource damages cases that were originally filed in 2004 on behalf of the State of New Jersey. The conclusion of this major commitment leaves Mr. Kanner available and ready to serve.

Courts have repeatedly recognized Mr. Kanner's willingness to commit whatever resources are necessary to prevail.

> *In re: SCBA Liquidation, Inc., f/k/a Second Chance Body Armor, Inc.*, No. 04-12515 (Bankr. W.D. Mich.) (November 14, 2013 Memorandum Opinion) (in granting Class Counsel an award of attorney's fees in an amount greater than that requested, the bankruptcy court recognized the eight years Class Counsel served in the case on a contingency fee basis and the "extraordinary beneficial results" achieved by Class Counsel: "In the court's view, protecting the 'little guys' was one of the most important contributions of Class Counsel…But for the Class and the efforts of Class Counsel, the interests of many of these individual vest purchasers would not have been adequately represented in this bankruptcy case and these individuals would not have received any compensation for their valid vest claims.")
>
> *Bonilla, et al. v. Trebol Motors Corporation, et al.*, No. 92-1795 (JP) (D.P.R.) ($129,000,000 jury verdict in civil RICO class action against Volvo and local distributor) (describing the firm's abilities on March 27, 1997, as follows: "We have no trouble concluding that the experience and resources of Kanner & Whiteley was a major reason that the plaintiffs' class was able to so successfully present its case to the jury and achieve

---

[1] Mr. Kanner is counsel in *Cochneuer v. Janssen Research & Development, LLC, et al.*, No. 1:15-at-00069 (E.D. CA), which will be transferred to this MDL. He is screening other cases.

[2] *See*, www.kanner-law.com. A number of Mr. Kanner's partners and associates are available to assist him in this litigation, as needed, including Conlee Whiteley, Elizabeth Petersen, Cynthia St. Amant, Allison Shipp, and Josie Ellis.

1

such an estimable result.  Mr. Kanner, who served as lead counsel at trial, has perhaps as much experience litigating complex class action suits as any attorney in the United States. He has authored, chaired, consulted on, contributed to, and given articles, symposiums, classes, books, practice guides, etc.  More importantly, his resume is replete with instances in which he served as counsel in complex class action suits.  His experience was essential to the success realized by the plaintiffs in this action.")

*Ralph Shaffer v. Continental Casualty Company*, CV 06-2235-PSG (June 12, 2008) (Final Approval of national class action for seniors against long term care insurer) ("The Court finds Class Counsel have achieved a substantial benefit for the Class in the face of formidable defenses to liability and difficult damages issues.  Class Counsel's skill and experience enhanced the Settlement, and Class Counsel took on a substantial risk by taking this case on a contingency basis and advancing all of the necessary litigation expenses.  Class Counsel fought numerous motions, took or defended several depositions in various locations throughout the Country, analyzed thousands of documents and several expert reports, extensively prepared for trial, and after nearly two years of litigation and effort to build a compelling case against an aggressive opponent, engaged in difficult settlement negotiations.")

*Hanson v. Acceleration Life Ins. Co.*, Civ. No. A3:97-152 (D.N.D. Mar. 18, 1999) (Order of December 11, 1999 (approving final settlement of $14.7 million national class), pp. 8-9:  "This litigation was hard fought throughout its two year pendency and required thousands of hours of counsel's time and hundreds of thousands of dollars advanced for expenses, with significant risk of no compensation.  Both local counsel and national class counsel are commended for their willingness to take on this cause when there were virtually no precedents to assure them of likely success.  They are all highly skilled and well-experienced attorneys who appreciate the risky nature of this litigation, yet their desire to correct a perceived injustice suffered by a vulnerable group of people led them to take this risk.  Counsel's considerable skill, both in the substantive areas of this case as well as in discovery and class action procedure, together with their degrees of preparation were primary factors leading to the favorable settlement for the class.  Of equal note is the fact that counsel unquestionably put the interests of the class far ahead of their own interest.")

*Samples v. Conoco, Inc.*, No. 2001-CA-000631, Div. J (Escambia County, First Judicial Circuit Court , Florida, 2003) (Class Counsel were "shown to be qualified, adequately financed and possessed sufficient experience...[and] have demonstrated both their commitment to vigorously pursue this matter on behalf of the class [for pollution property damages] as well as their qualifications to do so.")

**Ability to Work Cooperatively with Others**

Mr. Kanner has a thirty-five year track record of working cooperatively and efficiently with other lawyers in MDL and complex litigation in a leadership role.[3]  In each instance, Mr.

---

[3] E.g., *In re Budeprion XL Marketing and Sales Practices Litigation*, MDL No. 2107 (E.D. Pa) (lead counsel; successfully resolved); *In re Cox Enterprises, Inc. Set-Top Cable Television Box Antitrust Litigation*, MDL No. 2048 (W.D. Okla.) (currently one of three co-lead counsel); *In re Cooper Tire Products Liability Litigation*, MDL

Kanner has created and maintained longstanding and positive co-counsel relations with diverse lawyers and firms across the country.  If appointed to the PSC, Mr. Kanner will likewise cooperate with other lawyers appointed by this Court, as well as any other lawyers desiring to assist in the prosecution of these cases, in a spirit of inclusiveness and diversity.

In addition, after Hurricane Katrina, Mr. Kanner organized Louisiana Association for Justice's (LAJ) Insurance Litigation Group, which was a model of cooperative enterprise among plaintiff attorneys prosecuting first party insurance claims.  For this work, Mr. Kanner received LAJ's President Award.  Mr. Kanner's prior responsibilities as LAJ's President and as a Governor for the American Association for Justice, also regularly involve him in cooperative work with attorneys nationwide.

**Professional Experience in this Type of Litigation**

The Xarelto litigation requires expertise in drug product liability cases, trial practice, complex litigation, class actions, consumer fraud claims, third party payor claims and governmental entity claims for reimbursement.  Mr. Kanner has well recognized expertise in each of these areas.[4]  Mr. Kanner has been involved in drug product litigation for over thirty-five years, and is currently representing consumers, third party payors and state government in individual cases and class actions.[5]  This breadth of experience will help the PSC work with all parties to this MDL.  He has played a lead role in MDL cases and complex drug litigation since

---

No. 1393 (S.D. Ohio) (lead counsel; successfully resolved in under a year); *In re Synthroid Marketing Litigation*, MDL No. 1182 (N.D. Ill.) (one of five co-lead counsel; successfully resolved); *Lemmings, et al., v. Second Chance Body Armor, Inc., et al.*, CJ-2004-62 (District Court, Mayes County, Oklahoma) (lead counsel in national class action; successfully resolved); *Talalai v. Cooper Tire & Rubber Co*., MID-L-8839-OOMT, Mass Tort 259 (Law Div. Middlesex County, N.J.) (lead counsel in national class action; successfully resolved).

Also, Mr. Kanner has properly and efficiently executed all prior assignments, albeit limited, in MDL No. 1355 (Propulsid), No. 1657 (Vioxx) and No. 2047 (Chinese Drywall) before this Court in a professional and cooperative manner.  Despite this limited work, Mr. Kanner is very familiar with the Court's orders in prior cases and its scholarly writings relative to the fair and efficient administration of MDL litigation.

[4]In addition, the firm has considerable experience in other fields, including toxic torts generally. *See*, ALLAN KANNER, ENVIRONMENTAL & TOXIC TORT TRIALS (2005 2d ed.).  Mr. Kanner has also taught courses on toxic torts at Tulane, Duke and University of Texas law schools.

[5] E.g., *State of Louisiana v. GlaxoSmithKline, LLC (GSK)*, No. 599353 (19th JDC, E. Baton Rouge Parish).

3

the 1980s with the *In re Zomax* cases.[6]  He is an experienced federal practitioner, who has lectured and written extensively on all aspects of federal litigation and trial practice.[7]  Mr. Kanner taught a course on Complex Litigation at Yale Law School (2002) and Duke Law School (2003).  The Louisiana Supreme Court appointed him to the Committee that produced the LOUISIANA COMPLEX LITIGATION BENCH BOOK FOR JUDGES (1995) and has invited him to teach at Louisiana's Judicial College.  Chambers and Partners (2009) says, "Allan Kanner of Kanner & Whiteley, L.L.C. enjoys a '*sterling reputation*' for plaintiff-side representation in toxic tort trials."  Mr. Kanner also enjoys the highest "av" rating from Martindale-Hubbell, and has been voted a Louisiana Super Lawyer (2007-2014).  Based on his outstanding career, LAW 360 recognized Mr. Kanner as a "Titan of the Plaintiffs' Bar." (10/14/14).  He is on BNA's Board of Advisors for both THE CLASS ACTION REPORTER and THE TOXIC LAW REPORTER.

**Conclusion**

For the foregoing reasons, Allan Kanner respectfully requests that he be appointed to the Plaintiffs' Steering Committee in a leadership role or any other role the Court deems appropriate.

Dated:  January 28, 2015                    By:   /s/ Allan Kanner
                                                  Allan Kanner (La. Bar No. 20580)
                                                  a.kanner@kanner-law.com
                                                  KANNER & WHITELEY, L.L.C.
                                                  701 Camp Street
                                                  New Orleans, LA  70130
                                                  Telephone:  (504) 524-5777
                                                  Facsimile:  (504) 524-5763

---

[6] Mr. Kanner was the founder and first chair of ATLA's NSAID Litigation Group (originally "Zomax Litigation Group").  *See, Villa v. McNeilab, Inc.*, No. 84-1560, 1985 WL 4014 (E.D. Pa.) (March 20, 1985) (Lord, J.) (Recognition of impropriety of protective orders barring communications among plaintiffs' counsel in drug product litigation), discussed in Galante, "Zomax Document Release Disputed," *Nat'l L.J.,* April 22, 1985, p. 10.

[7] E.g., Kanner & Casey, Daubert and the Disappearing Jury Trial, 69 U. PITT. L. REV. 281 (2007); Kanner & Nagy, Communications Between Attorneys and Putative Class Members, Ch. 7, THE ATTORNEY-CLIENT PRIVILEGE IN CIVIL LITIGATION (4th ed.), ABA (2008); Kanner & Casey, Consumer Class Actions After CAFA, 56 DRAKE L. REV. 303 (Mar. 2008).

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on January 28, 2015, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Additionally, a copy of the foregoing document was served on all counsel listed on Schedule B attached to Pretrial Order No. 1.

        /s/ *Allan Kanner*
        Allan Kanner