UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : | MDL No. 2592 |
| | | SECTION L |
| | | JUDGE ELDON E. FALLON |
| :::::::::::::::::::::::::::::::::: | | MAG. JUDGE SHUSHAN |

THIS DOCUMENT RELATES TO:
ALL CASES

## PSC APPLICATION OF RICHARD J. SERPE

I represent Xarelto victims in the Commonwealth of Virginia and throughout the country. For the reasons set forth below, I respectfully request appointment to the plaintiff steering committee in the above captioned matter.

**Willingness and Availability to Commit to a Time-Consuming Matter**

My law firm and I are fully committed to the vigorous representation of *Xarelto* victims and are well situated to handle this demanding litigation from its genesis to its conclusion. Throughout the past three decades, I have gained substantial experience managing all aspects of complex litigation and know well the significant time and resource demands required of counsel in litigation such as this. I am not only willing to make these important commitments in this matter, but consider it fundamental to my ability to provide the most effective representation to these victims. My application to serve as a member of the PSC in this matter reflects not only my willingness to make the necessary contributions of time and resources, but my sincere interest in best serving the victims of *Xarelto*.

My only current commitment to ongoing MDL is the *Chinese Drywall* MDL, in which I serve as a member of the PSC and the Fee Committee, as well as class counsel. My

involvement in this matter would not prevent me from participating fully in this matter and in fact may prove beneficial insofar as I have had the opportunity to maintain close working relationships with both liaison counsel in the present matter.

## Ability to Work Cooperatively with Others

Since my admission to the bar in 1986, my litigation experience has continuously required me to work cooperatively with all participants in the process including plaintiff and defense counsel, special masters, class members, and the Court. It is an obligation of paramount importance to me, professionally and personally. My practice before this Court in the *Hannon* maritime asbestos consolidation from 1986 until 1991 was a model of cooperation and professionalism through all aspects of litigation including the trials of multiple wrongful death cases before Magistrate Judge Michaelle Pitard Wynne. This professional experience served as a foundation for my ability to work cooperatively with others. In fact, I credit my success in representing victims in all of the litigation identified in the following section in large part to my ability and commitment to work cooperatively and professionally with all counsel and parties, all of which began 25 years ago in this Court.

After being selected as lead counsel for the first *Chinese Drywall* trial setting in this Court, my ability to work cooperatively with others was essential for the successful coordination and integration of the dozens of counsel, witnesses and experts for the Germano intervenors. Significantly, my ability to investigate and evaluate the individual claims of plaintiffs facilitated precise and forceful damages presentation at that trial. This ability was evident in my leadership in negotiating four large class settlements for Virginia victims, obtaining approval of those class settlements, and achieving a zero opt out rate for the entire class.

2

**Professional Experience in this Type of Litigation**

As noted above, I was an active participant and trial counsel in the *Hannon* litigation before this Court, involving product liability and personal injury damages. In that matter, I focused on defendant discovery, expert witness practice, and vigorous litigation of the scientific basis for claims.

I served as lead counsel in the Virginia consolidated complex personal injury litigation growing out of environmental contamination from 1991 until 1999 (In re: Abex Superfund). That litigation required scores of discovery motions, dozens of hearings, and resulted in the massive production of discovery from a multi-national corporate defendant spanning a 50 year time frame. The large document production skills I gained and sharpened in that litigation provided the basis to conduct electronic and other large production discovery in future cases.

From 2005 until 2007, I was a member of the specially appointed trial team for the City of Milwaukee in its public nuisance action to recover substantial sums expended by the city on lead paint remediation activities. My responsibilities in the case involved managing an extremely large liability document database, and in serving on the trial team for the four week trial of that matter.

It has been my honor to serve on the PSC for the *Chinese Drywall* MDL, to serve as class counsel for the Four Virginia-based Class Settlements, and to have been appointed to serve on the Fee Committee in that litigation. My professional experience in that litigation has included serving as lead counsel for the *Germano* seven intervenors in the first trial setting. In addition, I actively managed the development of the remediation protocol developed for that trial which formed the basis for the *Findings of Fact and Conclusions of Law* in that default judgment, which remains the state of the art for Chinese drywall remediation five years later.

My contributions in that litigation also included the coordination of parallel Virginia state court litigation where I served as lead counsel for all plaintiffs in the state. Dozens of cases were set for trial, and scores of motions and hearings in that court were closely coordinated with the PSC. I also was responsible for coordinating the defense of eight declaratory judgment actions filed by insurance carriers in state and federal court, finding coverage in a hostile coverage environment. These efforts resulted in Four Virginia Class Settlements, and other state court settlements for dozens of additional families outside of these class actions.

### Willingness to Commit the Necessary Resources

I have committed substantial hours to the *Chinese Drywall* MDL. I am willing to extend the necessary time in the *Xarelto* litigation to fully pursue the matter in all ways assigned to me by this Court and the PSC. I have fully supported the costs required as a member of the *Chinese Drywall* PSC and as counsel for hundreds of drywall victims. I am willing to extend the costs required in the *Xarelto* litigation.

I am plaintiff counsel for a Xarelto victim in Donald K. Turner, et al. v. Janssen Research & Development LLC f/k/a Johnson and Johnson Pharmaceutical Research and Development LLC, 6:15-cv-00062(W.D. LA). I represent numerous additional victims throughout the United States.

Dated: 1/28/15

By: *(signature)*

Richard J. Serpe, Esq. (VSB#33340)
Law Offices of Richard J. Serpe, P.C.
580 East Main Street, Suite 310
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455