UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * * | MDL NO. 2592 |
| | | SECTION L |
| | | JUDGE ELDON E. FALLON |
| | | MAG. JUDGE SHUSHAN |
| ****************************************** | * | |

THIS DOCUMENT RELATES TO: ALL CASES

### LES WEISBROD'S APPLICATION FOR MEMBERSHIP ON THE PLAINTIFFS' STEERING COMMITTEE

Les Weisbrod of Miller Weisbrod, LLP, submits this application for appointment to the Plaintiffs' Steering Committee (PSC) in accordance with Pretrial Order # 1.

Les Weisbrod is a board certified civil trial and personal injury attorney who has been representing the interests of injured people since 1978. He is a founding principal in the firm of Miller Weisbrod, LLP in Dallas, Texas. According to Michael Rustad, professor of law at Suffolk University in Boston, Mr. Weisbrod has the most punitive damage medical malpractice verdicts of any lawyer in the U.S. Mr. Weisbrod served as lead counsel in the second Prempro bellwether case in the Federal MDL in Little Rock, Arkansas. He served as president of the American Association for Justice in 2008. Les Weisbrod has been AV rated since 1990, the highest rating given by Martindale-Hubbell.

A.   **Willingness and Availability to Commit to a Time-Consuming Project**

Mr. Weisbrod is willing and available to commit to work on the Xarelto PSC. As a principal in his own firm, he has the ability to set his own schedule and dedicate whatever time and resources are necessary to see that these cases are fully and properly worked up through discovery to trial. His success as a trial lawyer makes clear that he knows how to prepare a case for trial and win it in front of a jury. In the Xarelto litigation thus far, Mr. Weisbrod has filed 7 cases, both in Federal and State courts (listing below). Currently, his office is investigating another 107 potential cases. He has made document



requests to the FDA and done extensive research into the scientific literature supporting the claims of his clients.

B.  **Ability to Work Cooperatively With Others**

Les Weisbrod has a proven record of working cooperatively with others, and his colleagues have repeatedly selected him for leadership roles. In addition to his work with his clients, Mr. Weisbrod has been active in other aspects of the civil justice system. Most notably, in 1991 Mr. Weisbrod was a founding co-chair of the Birth Trauma Litigation Group of the Association of Trial Lawyers of America (ATLA now known as the American Association of Justice (AAJ)). AAJ is the world's largest trial bar, made up of a broad-based, international coalition of attorneys, law professors, paralegals, and law students in the United States and Canada. Mr. Weisbrod was elected and served as president, president-elect, vice president, secretary, treasurer, and parliamentarian of the American Association for Justice, and he is currently a member of the Board of Governors and the Executive Committee. He was the founding co-chair of that organization's Birth Trauma Litigation Group and Medical Negligence Information Exchange Group.

C.  **Professional Experience in This Type of Litigation**

Beginning in 2003, Mr. Weisbrod became active in In Re: Prempro Products Liability Litigation, MDL 1507, in the Eastern District of Arkansas. He and his firm were members of the Governing Committee and made significant contributions of time and money to the litigation. Attorneys and staff were dedicated to reviewing documents, preparing for corporate depositions, and finding potential experts for the litigation. In the summer of 2005, Mr. Weisbrod's firm had four cases selected as potential bellwether plaintiffs for trials to begin in 2006. Depositions and case-specific work began in earnest on all 4 cases, involving frequent trips to Arkansas and continued written discovery and expert work.

In early 2006, the firm's client Helene Rush was chosen as one of the first two bellwether cases set for trial. Mr. Weisbrod personally took and participated in multiple depositions all over the county, including depositions of corporate representatives, sales representatives, and experts. During one deposition of the CEO of defendant Wyeth, Mr. Weisbrod was able to elicit important testimony in the

2

furtherance of the punitive damage claims. He also committed numerous other attorneys and staff to all aspects of trial preparation including depositions, written discovery, and pleading preparation. He handled all pre-trial hearings and was lead counsel for the January 2007 trial.

Although the verdict was not in favor of Ms. Rush, Mr. Weisbrod dedicated his own appellate attorney to appeal the verdict to see the case to a final conclusion. Despite this loss, he continued to dedicate time and resources to the litigation, taking the depositions of Bristol Myers' corporate representatives and working up 80 remanded cases in at least 6 different jurisdictions. His firm also had an attorney on the Plaintiff's Steering Committee in the last years of the litigation. In the end, Mr. Weisbrod was able to reach a successful resolution with the defendants in the cases, beginning in 2011 and wrapping up in 2013, for over 700 clients. Throughout the entirety of the Prempro litigation, Mr. Weisbrod and his firm provided over 9,000 hours to the common benefit of the litigation.

During this same time, Mr. Weisbrod served on the Plaintiffs' Steering Committee for the Texas state MDL in the Vioxx litigation. Again, he dedicated his own time and that of other members of his firm to work up cases in the Texas litigation. Since that time, he has also pursued cases in the Transvaginal Mesh, Zoloft and Pinnacle MDLs.

Les Weisbrod has also written and published articles and taught classes and seminars on drug and medical device litigation. He co-authored the "Drugs & Medical Devices" chapter of *ATLA's Litigating Tort Cases* published by Thomson West and AAJ Press. His seminar presentations include "Recent Developments in Vioxx and HRT From a U.S. Perspective," PEOPIL Annual Conference, Valencia, Spain, June 8, 2008; "Drug and Medical Device Litigation," Advanced Products Liability Seminar, Texas Trial Lawyers Association, January 1997; and "Medical Devices and Drug Litigation," Advanced Products Liability Seminar, Texas Trial Lawyers Association, April 21-22, 1994.

D.   **Willingness to Commit the Necessary Resources to Pursue This Matter.**

Through his work in other MDLs, he has demonstrated his willingness to commit the necessary resources to this matter, both financial and in the form of man-power. As noted above, Mr. Weisbrod's firm committed significant resources to the Prempro MDL litigation. At this point, he has two additional

attorneys and 5 staff members dedicated to these cases but will add to that as necessary once the litigation becomes more active. Mr. Weisbrod's firm also has an experienced appellate and motions attorney to deal with the complex legal issues that will undoubtedly arise during the litigation. Further, Mr. Weisbrod's firm has a full-time IT department that can assist with the large volume of documents that will no doubt be involved and any other electronic needs that present themselves. Finally, Mr. Weisbrod understands that there are foreign entities involved in the litigation and would be willing to travel overseas to take depositions of Bayer employees.

By: /s/ Les Weisbrod

**LES WEISBROD**
Texas Bar No. 21104900
**MILLER WEISBROD LLP**
11551 Forest Central Drive, Suite 300
Dallas, Texas 75243
Telephone: (214) 987-0005
Fax: (214) 987-2545
E-Mail: lweisbrod@millerweisbrod.com

### CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2015, I filed the foregoing document with the Clerk of the Court via FEDEX and served via email to the participants registered to receive service in this MDL.

By: /s/ Les Weisbrod

### CURRENT CASES

*Hamilton v. Janssen, et al*; 2:14-cv-06754 transferring from EDPA
*Williamson v. Janssen, et al*; 2:14-cv-07163 transferring from EDPA
*Beam v. Janssen, et al*; December Term, 2014, No. 03339 Philadelphia Court of Common Pleas
*Henderson v. Janssen, et al*; 2:15-cv-0207 transferring from EDPA
*Dennis v. Janssen, et al*; to be filed in EDPA during the week of 1/26/15
*Butler-Vodio v. Janssen, et al*; to be filed in EDPA during the week of 1/26/15
*Stafford v. Janssen, et al*; to be filed in EDPA during the week of 1/26/15