# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * <br> * <br> * <br> * <br> * | MDL NO. 2592 <br><br> SECTION L <br> JUDGE ELDON E. FALLON <br> MAG. JUDGE SHUSHAN |
| ********************************************* | * | |
| THIS DOCUMENT RELATES TO: ALL CASES | | |

## AIMEE H. WAGSTAFF, ESQ.'S APPLICATION FOR APPOINTMENT AS MEMBER OF THE PLAINTIFFS' STEERING COMMITTEE

NOW INTO COURT, comes Aimee H. Wagstaff, who respectfully files this Application for appointment as member of the Xarelto (Rivaroxaban) Products Litigation Plaintiffs' Steering Committee (PSC) and Executive Committee (PEC), and states as follows:

I earned my B.A. from the University of San Diego and my J.D. from the University of Denver Sturm College of Law, where I served on the Water Law Review. In 2010, I co-founded the Denver based law firm of Andrus Wagstaff, PC and we exclusively practice in the area of mass torts.

I am counsel of record for *Rita Billeaud v. Janssen Research & Development, LLC, et. al,* United States District Court for the Eastern District of Louisiana, Case No. 2:15-cv-00280. My firm represents numerous clients who are prepared to file suit in the *Xarelto* litigation.

I.    **Willingness and Availability to Commit to Time-Consuming Projects.**  My dedication to mass tort litigation is best demonstrated through my recent leadership appointments, summarized as follows:

*Transvaginal Mesh ("TVM") MDL Leadership*

To date, there are seven (7) TVM MDLs situated in the United States District Court for the Southern District of West Virginia before the Honorable Joseph R. Goodwin, Chief Judge.  In 2012, Judge Goodwin appointed me to serve as co-lead of TVM MDL 2326: In Re Boston Scientific Corporation, Pelvic Repair System Products Liability Litigation and to serve on the 8-member national Executive Committee overseeing and coordinating the (now) seven (7) TVM MDLs.  Judge Goodwin

1

also appointed me to serve as a member of the Plaintiffs' Steering Committee for each of the 7 TVM MDLs. My TVM responsibilities will not interfere with my current application.

My TVM leadership experience has been invaluable, the lessons learned transferable, and we (MDL 2326 leadership) have cited or followed your writings in "Bellwether Trials in Multidistrict Litigation" almost every step of the way. I invite Your Honor to contact the Hon. Judge Goodwin for a reference of my leadership abilities, skills, dedication and professionalism to the court and opposing counsel.

*Risperdal JCCP Leadership*

Last fall, the Hon. William F. Highberger appointed me to serve on the Plaintiffs' Steering Committee of JCCP 4775: In Re Risperdal Product Liability Case, situated in Los Angeles County, California.  Because there is no Risperdal MDL, JCCP 4775 remains the sole court ordered (state or federal) Risperdal consolidation with formal leadership appointed by the Court.  JCCP 4775 is still in its infancy.  My Risperdal responsibilities will not interfere with my current application.

*Shoulder Pain Pump ("SPP") JCCP Leadership*

The Hon. Judge Gail Andler appointed me to serve as co-lead and liaison counsel of the Plaintiffs' Steering Committee In Re: Infusion Pump: JCCP 4615, California State Court, County of Orange ("JCCP 4615"). That appointment is particularly distinguished because the JMPL twice denied a federal coordination of the Infusion Pump litigation, making JCCP 4615 the only coordination in the county. Additionally, as with the pelvic mesh litigation, there are several manufacturers of infusion pumps and JCCP 4615 is a "super JCCP" that includes each and every manufacturer of the infusion pump. JCCP 4615 is substantially resolved, with fewer than ten cases remaining on the docket.  I invite Your Honor to contact the Hon. Judge Gail Andler, for a reference of my leadership abilities, skills, dedication and professionalism to the court and opposing counsel.

**II.**    **Ability to Work Cooperatively With Others.**  Working cooperatively with others is a strength of mine.  I work cooperatively with lawyers on both sides of the docket, the Court, and its staff.  I invite

you to contact opposing counsel or fellow PSC members from any litigation set forth above for a personal reference on my ability to work cooperatively with others.

**III.     Professional Experience in This Type of Litigation.**  Currently, the TVM MDLs are nearing 100,000 claims asserted or filed, with seemingly as many attorneys involved. The enormity of the TVM litigation has required cooperation and professionalism with opposing and co-counsel.  Recently, the Hon. Judge Goodwin placed 200 cases from my TVM MDL on a speedy "Wave" Docket Control Order to have them trial ready by March 2015.  In my role as co-lead of that MDL, I spent the last few months coordinating/overseeing the generation of experts for those 200 cases and leading those experts through discovery. I am now coordinating responses common to the 200 cases related to the hundreds of dispositive and *Daubert* briefs filed by Defendant.  My TVM MDL is the only MDL that (as of March 2015) will have each of its MDL products (8 between the SUI and POP product lines) worked up through expert discovery, corporate liability, and ready for trial.  Last November, I was a trial team member on the West Virginia trial team for the first bellwether BSC MDL 2326 trial.  After a month long trial, the jury awarded our clients $18,500,000.00.

In my leadership roles described above, I oversaw, assisted, and/or created a Master and Short Form Complaint, discovery protocols, several Case Management Orders for the Common Benefit, personally reviewed tens of thousands of documents, deposed corporate and expert witnesses, drafted and organized case specific and Common Benefit motion practice (discovery, dispositive, and *Daubert*), conducted case specific and Common Benefit oral argument on several critical and/or dispositive issues within the consolidation, designed bellwether criteria, led case selection, and tried bellwether cases.

**IV.     Willingness to Commit the Necessary Resources to Pursue This Matter.**

Andrus Wagstaff, PC is perfectly situated to benefit the PSC in this MDL because of my previous leadership appointments as set forth above.  Additionally, my law partner, Vance Andrus, has served in several national leadership appointments as well, including: Co-Lead of MDL 1871, In Re: Avandia, U.S.D.C., E.D.PA; Chair of the Spitzfaden Breast Implant PSC in New Orleans, wherein he led a team of 23 law firms in simultaneous class action proceedings against Dow Chemical Corporation, Baxter Healthcare,

3M, Inc. and BritolMyersSquibb; member of the PSC and PSC Executive Committee as Coordinating Counsel in the Fosamax Products Liability Litigation, MDL 1789; member of the PSC in the Kugel Mesh MDL No. 1842; and, member of the PSC in the Actos (Pioglitazone) MDL No. 2299.   Together, we know what resources are necessary to engage in this litigation and we are prepared to commit the same.

This Court is aware that the Manual for Complex Litigation endorses and supports the concept of diversity in PSC membership.  As one of the few women applying for a PSC position in this litigation, I believe my appointment would help further that goal on diversity on the Xarelto PSC.  I am a member in good standing of all state and federal courts of Colorado and California and the United States Supreme Court. I am prepared to do Common Benefit work based upon such rates and conditions as this Court may deem appropriate and would be honored to serve on a PSC and PEC before this Court.

Respectfully submitted January 30, 2015.


**ANDRUS WAGSTAFF, PC**


BY:      /s/ Aimee Wagstaff_____

**Aimee H. Wagstaff, Esq., CO Bar. 36819**
7171 West Alaska Drive
Lakewood, Colorado 80226
aimee.wagstaff@andruswagstaff.com
720-208-9414


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Application of Aimee H. Wagstaff for Appointment as Plaintiffs' Steering Committee Member was served via operation of the Court's electronic filing system or by e-mail on all counsel listed on Schedule B attached to Pre-Trial Order No. 1 and filed electronically on the below date and is available for viewing and downloading from the ECF System of United States District Court for the Eastern District of Louisiana this the 30th day of January, 2015.


/s/ Alana Schmitt