IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)　　　　　MDL NO. 2592
PRODUCTS LIABILITY LITIGATION　　　　　SECTION L

　　　　　　　　　　　　　　　　　　　　JUDGE FALLON
　　　　　　　　　　　　　　　　　　　　MAG. JUDGE NORTH

*THIS DOCUMENT APPLIES TO:*
*ALL CASES*

_____

**APPLICATION OF ELLEN RELKIN TO THE PLAINTIFFS' STEERING COMMITTEE**

　　　I, Ellen Relkin, of counsel to the New York and New Jersey law firm Weitz & Luxenberg, P.C., apply for membership on the Plaintiffs' Steering Committee (PSC).

### A.　General Background

　　　I am of counsel to Weitz & Luxenberg, P.C., in New York City, New York and Cherry Hill, New Jersey and have represented plaintiffs in pharmaceutical and medical device litigation for more than twenty years.  I am a graduate of Cornell University and Rutgers University School of Law and was Law Clerk to the Hon. Sylvia Pressler, former Presiding Judge of the Appellate Division of the New Jersey Superior Court.

　　　I am certified by the New Jersey Supreme Court as a Certified Civil Trial Attorney, I am an elected member of the American Law Institute and I am a former chair of the Toxic, Environmental and Pharmaceutical Torts Section of American Association for Justice.  I am also a Contributor to *MDL Standards and Best Practices,* recently published by the Duke Law Center for Judicial Studies and I was a presenter at the recent symposium it held in Arlington, Virginia to discuss the then proposed Best Practices.  I

1

am the author of a chapter titled "Warnings in Pharmaceutical Litigation" in the newly released *2015 New Jersey Mass Torts & Class Action Treatise*, published by the New Jersey Institute for Continuing Legal Education, the education arm of the New Jersey State Bar Association.

I serve on the Board of Visitors of the University of California Irvine School of Law, the Board of Trustees of the Roscoe Pound Foundation, the Board of Governors of the New Jersey Association for Justice, and I am a member of the Summit Council, the Sedona Working Group on Punitive Damages, the Pharmaceutical and Medical Device Subcommittee of the American Bar Association Committee on Litigation – Mass Torts and the New York and New Jersey Bar Associations. I have been AV rated by Martindale Hubbell since 2001 and have published articles on scientific evidence and toxic tort issues in the *Cardozo Law Review, Hofstra Law Review* and the *Dickinson Journal of Environmental Law and Policy*; I also serve on the Board of Advisors for the *BNA Product Safety and Liability Reporter* and the *Toxics Law Reporter.*

I have filed the case *Britton v. Janssen Research & Development LLC et al. (15-cv-00649)* in the United States District Court for the District of New Jersey and the case *Linguti/Hartman v. Janssen Research & Development LLC (15-cv-00455)* in the United States District Court for the Eastern District of New York which are awaiting Conditional Transfer Orders. My firm has more than 70 cases under investigation as we await medical records and, in some most unfortunate cases, Letters of Administration, before they can be filed.

**A. Willingness and Availability to Commit Time and Resources to a Time Consuming Project**

Weitz & Luxenberg, P.C. – a firm that exclusively represents plaintiffs and employs more than one hundred attorneys with offices in New York, New Jersey and California – and I are willing and able to commit the time and necessary resources to this litigation. My time for the past four years was largely devoted to three mass tort litigations involving metal on metal hips in which I served in leadership capacities as addressed below. All three of those litigations have reached global settlements and thus I now have time to devote to this new and important litigation. An associate, Lauren Weitz, has been assigned almost exclusively to this litigation, and additional attorneys will be assigned if I am appointed to the PSC.

**B. Professional Experience in This Type of Litigation**

Since one of the three approved indications for Xarelto was deep vein thrombosis prophylaxis treatment following hip and knee arthroplasty, my experience with the medical issues in hip replacement surgeries and interactions with orthopedic surgeons will be helpful in this litigation. I have already spoken with orthopedic surgeons with regard to this litigation and their experience with Xarelto complications following hip

2

replacement surgeries.  I expect to be able to offer useful experience in the science and expert issues in this matter.

I currently serve as Co-Lead counsel in the *In Re: DePuy Orthopaedics, Inc. ASR Hip Implant Products Litigation* 1:10 md2197 before the Hon. David Katz in the United States District Court for the Northern District of Ohio.  In that capacity, I played a key role in negotiating and implementing the $2.5 billion settlement for 8,000 victims of the failed hip implant.  I also serve on the PSC in the *In Re: Biomet M2a Magnum Hip Implant Products Liability Litigation* (MDL 2391), currently pending before the Hon. Robert L. Miller in the United States District Court for the Northern District of Indiana, but expect to be withdrawing from that position shortly as the litigation is largely resolved.

I was also appointed by the Hon. Brian Martinotti of the New Jersey Superior Court as both liaison counsel and Chair of the PSC of the New Jersey *In Re: Stryker Rejuvenate&ABG II Modular Hip Tem Litigation* (Case #296) and was a member of the negotiating team which announced an approximate $1.5 billion settlement compensating 3,000 plaintiffs on November 3, 2014.  I serve, along with the Stryker MDL lead counsel, on the Settlement Oversight Committee, charged with implementing the settlement and coordinating with both Stryker counsel and the MDL counsel.

Almost a decade ago, I was appointed to the MDL Executive Committee in *In Re: Ortho Evra Litigation* (MDL 1742), a now fully terminated MDL.  I was also the liaison counsel in the parallel New Jersey state court litigation before Judge Jamie Happas.  I am co-lead counsel in *In Re: Yaz/Yasmin/Ocella Litigation* (Case #287) pending in the New Jersey Superior Court, Bergen County, although this litigation is winding down due to resolution.

I was a member of the trial team responsible for briefings and legal argument during the trial of the Vioxx case *McDarby v. Merck*, a case that resulted in a $13.5 million verdict, and successfully argued the appeal before the New Jersey Appellate Division (949 A.2d 223).  I have appeared in that and other litigations before the Hon. Carol Higbee, who is familiar with my legal abilities and ability to cooperate with colleagues.

### C. Ability to Work Cooperatively with Others

I believe that I would be of value in a leadership role due to my professional adversarial relationships.  While I strenuously represent clients, I believe in cordiality and professionalism and thus pride myself in my respectful relationships with adversaries, fighting only when it is necessary, and more typically effectively working out disputes without the need for court intervention.  By serving on the Sedona Conference and the ABA Sub-Commitee, I have had the opportunity to interact with various defense counsel in the pharmaceutical and medical device field on a collegial basis, which is helpful in professionally resolving litigation disputes.

3

More specifically for this litigation, my chief adversary in the DePuy ASR Litigation, with whom I met countless times in managing the litigation and negotiating the settlement, is Susan Sharko, Esq., who is also lead defense counsel in this matter. Indeed, Judge Katz, who observed my work in the *Ortho Evra* litigation, then appointed me as co-lead counsel in the *In Re: ASR* MDL in part, I believe, due to his observation of professional cordiality between Ms. Sharko, her co-counsel Robert Tucker in *Ortho Evra* and myself, knowing the same defense team was appointed by Johnson & Johnson (DePuy's parent company) in the *In Re: ASR* litigation. I suspect Ms. Sharko and I could accomplish productive efforts in this litigation on the inevitably overlapping flights from Newark, New Jersey to New Orleans to attend status conferences, as was achieved in parallel travels to Toledo, Ohio in the *In Re: ASR* litigation.

Serving on the parallel MDL and New Jersey positions discussed above has enabled me to better appreciate the federal state coordination issues in mass tort litigations. While there is not yet a coordinated New Jersey litigation in Xarelto, since Janssen is a defendant, it is inevitable that there will be a New Jersey litigation since none of the New Jersey litigants can file in the MDL due to lack of diversity. I am also licensed to practice in Pennsylvania and expect that my firm's Pennsylvania clients will file their cases in the Pennsylvania coordinated litigation due to lack of diversity since Bayer is a Pennsylvania corporation. Thus, I expect to have direct involvement in the parallel litigations which would help foster cooperation rather than competition.

I believe that the appointments reflected above to court appointed litigation committees, but also professional organizations and committees, which often required formal or informal peer review, reflects my ability to work well with colleagues on both sides of the bar. I hope to have the opportunity to use that experience in this litigation as well.

Dated: January 30, 2015

                Respectfully Submitted,

                WEITZ & LUXENBERG P.C.

                By: */s/ Ellen Relkin*
                    Ellen Relkin (NJ Bar No. 006691985)

                    700 Broadway
                    New York, New York 10003
                    Phone: 212-558-5500
                    Fax:  212-344-5461
                    Email:  Erelkin@weitzlux.com

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing was served via U.S. Mail on all counsel listed on Schedule B attached to Pre-Trial Order No. 1 and filed electronically using the ECF system of the United States District Court for the Eastern District of Louisiana this 30th day of January, 2015.

                                                        */s/ Ellen Relkin*