UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION<br><br>------------------------------------------------ | MDL NO. 2592<br>SECTION L<br>JUDGE ELDON E. FALLON<br>MAG. JUDGE SHUSHAN |

THIS DOCUMENT RELATES TO ALL CASES

### APPLICATION OF MICHAEL GOETZ OF MORGAN & MORGAN FOR APPOINTMENT TO PLAINTIFFS' STEERING COMMITTEE

Michael Goetz submits his Application for Appointment to the Plaintiffs' Steering Committee ("PSC") and, in support, states:

I. **Introduction**

I am a partner in the national law firm of Morgan & Morgan and head of the firm's Mass Tort Section. Morgan & Morgan is among the largest, exclusively plaintiffs' law firm in the U.S., employing 272 lawyers and 1500 support staff who populate 25 offices in Florida, Georgia, Mississippi, Kentucky, Tennessee, and New York. While our Mass Tort Section draws its expertise from 13 attorneys supported by skilled paralegals, investigators, and state-of-the-art technology, it benefits from the experience, commitment, and resources of the entire firm.

I earned a B.A. degree *magna cum laude* from Emory University in 1989. I attended law school at the University of Florida, where I graduated with *honors* in 1992. I began my career as a defense attorney for the international law firm of Holland & Knight LLP ("H&K"). While at H&K, I worked on matters involving general negligence, product liability, medical malpractice, and complex commercial litigation. I became a partner in 2000. In 2002, I moved to Morgan & Morgan, where my practice has focused exclusively on representing plaintiffs in pharmaceutical and medical device matters. My significant defense background serves me well as a plaintiffs' attorney in providing a reasonable and balanced approach toward litigation, including advising clients and cooperating with opposing counsel.

Since 1992 I have been a member in good standing of the Florida Bar and admitted to federal practice in the Middle and Southern Districts of Florida. I have an AV-Preeminent Peer Review Rating by Martindale-Hubbell and have been designated in multiple, successive years by *Florida Trend's Magazine* as a "Florida Legal Elite" in the field of Civil Trial, and by *Law & Politics Magazine* as a Florida "Super Lawyer" in "Class Action/Mass Torts." Additionally, I am an active member of the American Association for Justice, the National Trial Lawyers, the Florida Justice Association, and the Hillsborough County Bar Association.

II.  **Criteria for Selection**

I filed five civil actions on behalf of clients who suffered injury as result of ingesting Xarelto.[1] My firm currently has signed retainers from 733 additional clients, each of which passed our initial case screening protocol. As such, we reasonably expect to represent a distinctly large number of clients in this litigation, and we contemplate filing each respective case in this MDL.

As set forth below, I respectfully suggest that I satisfy each of the governing criteria for selecting PSC members:

1. <u>Willingness to commit to a time-consuming process</u>

My firm and I are fully and unequivocally committed to this action. Our history in similar projects demonstrates our singular willingness to devote the time and energy expected by the Court. In just two recent examples - - the BP and Pradaxa litigations - - our firm's mass tort lawyers and I worked thousands of common benefit hours preparing for and taking depositions, vetting expert witnesses, participating in trials, and reviewing tens of thousands of pages of discovery documents.

This litigation unquestionably will be a time-consuming process, particularly given the Court's aggressive scheduling goals. Because the bulk of other cases in which I

---

[1] *Howard v. Janssen Research & Development LLC*, No. 8:14-cv-02901 (M.D. Fla.); *Sutton v. Janssen Research & Development LLC*, No. 3:14-cv-00602 (E.D. Ten.); *Williams v. Janssen Research & Development LLC*, No. 2:15-cv-00052 (M.D. Fla); *Ervin v. Janssen Research & Development LLC*, No. 2:15-cv-02064 (W.D. Ten); and *Carothers v. Janssen Research & Development LLC*, No. 4:14-cv-01018 (N.D. Tex).

am significantly involved are far advanced or settled, I can personally devote the time and energy necessary to pursue this litigation to its conclusion.  In doing so, I am fully committed to making meaningful contributions on behalf of all plaintiffs and the Court.

2. Ability to work cooperatively with others

Having previously worked closely with many of the other leading lawyers in this case, I am confident in my ability to work efficiently and professionally with my colleagues around the country.  I know, personally or professionally, nearly each of the plaintiffs' lawyers who will be involved in this litigation.  Moreover, I worked closely with Leonard Davis and Gerald Meunier through the Chinese Drywall litigation, and I expect fully to work cooperatively and productively with them in their role as Plaintiffs' Co-Liaison Counsel in this action.

3. Professional experience in this type of litigation

I currently oversee the representation of thousands of clients in mass tort matters throughout the country, including clients with pending cases in most active pharmaceutical and medical device MDLs.  I know well the machinations of multidistrict litigation and I know the provisions and principles of the *Annotated Manual for Complex Litigation – Fourth*.  I also know the local rules of the Eastern District of Louisiana.

As a defense lawyer I was involved in multidistrict cases including Bone Screw (MDL 1014) and Firestone (MDL 1373).  On the plaintiffs' side, my previous PSC appointments include: Incretin Mimetics (MDL 2452), Pradaxa (MDL 2385), Transvaginal Mesh (MDLs 2187, 2325, 2326, and 2327), and Total Body Formula (MDL 985).  I also served on standing PSC subcommittees including Chinese Drywall (MDL 2047, Co-Chair of Public Relations), Yaz (MDL 2100, Discovery), and Depuy ASR (MDL 2197, Science).  In addition, I have been involved in varying degrees in a number of product liability actions in which members of my firm have been appointed to PSC positions including, Testosterone Therapy (MDL 2545), Lipitor (MDL 2502), BP (MDL 2179), Denture Cream (MDL 2051), Chinese Drywall (MDL 2047), Bayer Aspirin (MDL 2023), Digitek (MDL 1968), and Heparin (MDL 1953).

The vast majority of my practice, which now spans over 22 years, has concentrated on personal injury and products liability. My professional experience in this particular type of pharmaceutical litigation, including my work in the recent Pradaxa MDL, prepared me well for a competent leadership role in the Xarelto litigation.

4. <u>Access to sufficient resources to advance this litigation in a timely manner</u>

Service on this PSC will require substantial capital and human resources. My firm possesses, and is prepared to devote, all necessary financial and staffing resources to vigorously prosecute this case. Of special note, one of our firm's mass tort attorneys, Rene Rocha, lives and works in New Orleans. Rene proved highly valuable to the BP PSC for his deposition and trial preparation work. I expect he will do the same here.

As the Court well knows, the age and physical health of many Xarelto plaintiffs renders a timely resolution of this case paramount. My firm stands ready to take all necessary steps toward this important goal.

III. **Conclusion**

Overall, the formidable financial resources of Morgan & Morgan, combined with my pledge of time and energy, my proven track record for working professionally and collaboratively with peers, and my relevant experience will allow me to ably serve - - both personally and actively - - as a member of the PSC. I pray the Court agrees and appoints me accordingly.

Dated: February 2, 2015

Respectfully Submitted,

/s/ Michael Goetz
Michael Goetz, Esq.
Morgan & Morgan
Complex Litigation Group
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Tel: (813) 221-6581
Fax: (813) 222-4737
MGoetz@ForThePeople.com

4