UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTON (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592 |
| | | SECTION L |
| | | JUDGE ELDON E. FALLON |
| | | MAG. JUDGE SHUSHAN |
| ************************************ | * | |

THIS DOCUMENT RELATES TO: ALL CASES

### APPLICATION OF KATHRYN S. HARRINGTON FOR APPOINTMENT TO A LEADERSHIP ROLE

As directed by Pretrial Order #1 in this litigation, Kathryn S. Harrington submits this proposal for consideration in a leadership role in MDL No. 2592 based on the following qualifications:

**Qualifications and Competence of Counsel**

I am not currently on a Plaintiffs' Steering Committee in any other MDL. I am actively engaged in only one litigation project, therefore I have time to be fully committed to the needs of this Plaintiffs' Steering Committee.

I and the members of my firm, having participated on other Plaintiffs' Steering Committees, are aware of the resources required of a law firm participating as a member of the PSC and are fully prepared and able to commit the staffing and financial contributions necessary to advance the work of the PSC.

I have worked with a number of different software programs in the course of my mass tort practice and welcome the opportunity to work with the Court, PSC members, and defense

counsel to further develop efficient case identification methods and document management through new technology.

In 1983, I joined the firm of Emond and Vines in Birmingham, AL. The firm was a plaintiffs' practice with a large assortment of personal injury cases, ranging from the smallest auto wreck to large industrial accident cases. The firm also had a highly respected medical negligence division led by Cliff Emond, an attorney considered throughout the country as an authority in this area of plaintiff's practice and renowned for his legal knowledge and trial skills.

The multiplicity of cases assigned to me during my nine years with that firm dictated that I not only learn how to apply the law to the facts, but that I develop strategies and tactics which would allow me to move a large volume of cases toward trial and at the same time allow me to, when necessary, focus on each case as if it was the only one I had.

These skills were key to my practice as it became almost exclusively limited to medical negligence and pharmaceutical cases. At this point in time, most firms, including mine, were still taking on pharmaceutical companies as single event cases in the proverbial David vs. Goliath battle. Therefore, the strategy had to include first and foremost how to successfully sue a big pharmaceutical company and not bankrupt the firm. This required tactics such as advance investigation and consultation with experts to clearly define at the outset exactly where the liability existed. It required a clear discovery plan which focused efforts only on what would prove the theory and avoided interesting but fruitless diversions; tactics of research and review using materials available in the public domain and from other non-defendant resources in order to prepare pointed and limited documents requests; depositions taken with clear direction, skill and effective use of limited documents. In addition, two of the most important elements of preparing a pharmaceutical case as a single event case are patience and compromise with

opposing counsel.  I must admit to this Court that this was for me, as a young lawyer, one of my most difficult challenges.  However after 31 years of litigation I have mellowed a great deal and can honestly represent that while it has been a long struggle, and while I am still a fierce advocate, I have come to realize that patience and compromise are often more useful than many of the tactics traditionally employed in hotly contested litigation.

### Conclusion

My attached resume speaks to my past experience in the areas of mass torts and class actions undertaken in my many years of practicing in this area of the law.  Moreover, I believe that because I have conducted many pharmaceutical cases as single events and have continued to do so even as late as 2005 in *Rix vs Abbott Pharmaceutical* (a Depakote case which I prepared as a single event case and resolved on the eve of trial), I have the skills to assist co-counsel in separating the essential from the non-essential, the straight course instead of the red herring, fighting the fights that need to be fought instead of the ones that can be resolved with patience and skillful negotiations.  I believe that I will bring creative ways to move this litigation forward with proficiency, diligence and economy of witnesses, documents and expense.

For all of the above reason I respectfully request the court appoint me to a position of leadership in this litigation.  Thank you for your consideration.

Dated:  February 2, 2015

Respectfully Submitted,

/s/ *Kathryn S. Harrington*
Kathryn S. Harrington
HENINGER GARRISON DAVIS, LLC
2224 First Avenue North
Birmingham, AL 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332
Email: kathryn@hgdlawfirm.com

HENINGER GARRISON DAVIS, LLC

LIST OF FILED CASES

*Kenneth Stallings v. Janssen Research and Development, LLC; et al. MDL No. 2:14-cv-184.*