UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE ELDON FALLON |
| | MAG. JUDGE NORTH |

**APPLICATION FOR APPOINTMENT OF MICHAEL G. STAG
TO PLAINTIFFS' STEERING COMMITTEE**

Michael G. Stag, pursuant to Pretrial Order No. 1, hereby respectfully submits his application for consideration by this Honorable Court for appointment to the Plaintiffs' Steering Committee in the above captioned matter.

**I.     PROFESSIONAL EXPERIENCE**

Mr. Stag has extensive experience litigating complex cases against major multinational companies, resulting in verdicts and settlements for his clients totaling hundreds of millions of dollars. These efforts have afforded Mr. Stag an invaluable working knowledge and insight in regards to building damages and planning for long haul litigation against major corporate defendants.

Throughout his career, Mr. Stag has developed a significant appreciation for the importance of planning and organization in complex litigation based substantially on several cases:

  a. *Patrick Joseph Turner, et al. v. Murphy Oil USA, Inc.* –Mr. Stag was appointed by this Honorable Court as one of five members of the executive committee for the Murphy Oil spill class action litigation following Hurricane Katrina.  The committee successfully oversaw the entire litigation by planning discovery, consulting experts, coordinating sub-committees, building damages and preparing for trial while engaging defense counsel throughout.  Mr. Stag worked extensively with experts to establish environmental damages and remediation plans.  He also participated in settlement negotiations and was involved in all aspects of the litigation on an executive level.

  b. *Grefer v. Alpha Technical* – Mr. Stag served as co-counsel in this oilfield contamination case where a jury verdict of $1.056 billion was obtained against Exxon Mobil for polluting land it leased from clients. Mr. Stag worked extensively with experts to create a damage model for the unique conditions at the Grefer property.  A 6-week trial required extensive preparation, tremendous organizational effort and skill to coordinate a technical presentation at trial in a manner that was meaningful to a lay jury, and extensive time and resources for the trial and throughout the entire appeals process in federal court.  The

punitive damage award was initially dismissed on exception, but Mr. Stag was able to get it reinstated on appeal.

c. *Shield Coat Pipe Yard* – Smith Stag served as counsel in this case where an industrial property was contaminated over decades by numerous major oil companies including BP, Shell, Exxon Mobil and others. The property was owned by the Houma-Terrebonne Airport Commission and leased by Mr. Stag's client. Mr. Stag was able to successfully negotiate a settlement that resulted in significant cash payments to his clients and full remediation of the property.

Further, Mr. Stag has represented hundreds of clients in numerous mass tort MDLs involving pharmaceuticals and defective medical devices, including but not limited to:

a. *In Re: Phenylprpanolamine (PPA) Products Liability Litigation*, MDL 1407 (W.D. Wa.)

b. *In Re: Vioxx Products Liability Litigation*, MDL 1657 (E.D. La.)

c. *In Re: Avandia Marketing, Sales and Products Liability Litigation*, MDL 1871 (E.D. Pa.)

d. *In Re: DePuy Orthopaedics, In., ASR Hip Implant Products Liability Litigation*, MDL 2197 (N.D. Oh.)

e. *In Re: DePuy Orthopaedics, In., Pinnacle Hip Implant Products Liability Litigation*, MDL 2244 (N.D. Tx.)

f. *In Re: C.R. Bard, Inc., Pelvic Repair System Products Liability Litigation*, MDL 2187 (S.D. WV.)

g. *In Re: Actos (Pioglitazone) Products Liability Litigation*, MDL 2399 (W.D. La.)

Mr. Stag is plaintiff's counsel in *Blatcher v. Janssen Research & Development LLC et al.*, No.2:15-cv-00313 (E.D. La.), and anticipates filing many more cases on behalf of those injured as a result of ingesting Xarelto.

Being on the Executive Committee for the *Murphy Oil* class action, Mr. Stag was exposed to many of the legal, technical and organizational issues that will be confronted by the PSC and as such will be able to address those in an efficient manner. Mr. Stag's work has given him an appreciation of the effort and resources needed to effectively manage and plan for trial in a case of this magnitude on both a short and long term basis.

Mr. Stag firmly believes that having a qualified staff, knowledgeable in complex litigation, is paramount to ultimate success. That is why Smith Stag is set up for this type of litigation with the

necessary infrastructure in place to handle the workload and with associates and staff members having bachelor level and advanced degrees. Mr. Stag's experience has provided not only he, but his entire firm, with unique experience from a technical and organizational standpoint that should prove invaluable to the PSC, if he is to be appointed.

Finally, both *Murphy Oil* and *Shield Coat Pipeyard* display the results of effective initial planning and coordination. These cases highlight Mr. Stag's experience in building cases and consulting with experts on technical environmental matters, as well as the importance of his ability to work with both plaintiff and defense counsel in negotiating settlements.

## II.     ABILITY TO WORK COOPERATIVELY WITH OTHERS

Mr. Stag attribute his success in *Murphy Oil*, *Shield Coat Pipeyard* and other litigations to the fact that he has earned the respect of both his colleagues and opponents due to his skill as a litigator and ability to work with others. He has developed the professional relationships that will be necessary to effectively and efficiently conduct and coordinate discovery in this matter. Mr. Stag has a Martindale and Hubble AV and is also a member of the Louisiana State Bar Association, the Louisiana Bar Foundation, and the Executive Board of the Louisiana Association of Justice.

Mr. Stag has worked with attorneys throughout the country on pharmaceutical and defective medical device cases. He will continue to work cooperatively with all attorneys to efficiently progress this litigation.

## III.    WILLINGNESS AND AVAILABLITY TO COMMIT TIME AND RESOURCES

Mr. Stag appreciates the enormous commitment being a member of the PSC will entail. His firm has the resources to conduct discovery, retain experts, and take the necessary steps to bring this litigation to a successful resolution. Due to his experience, he is fully aware of the significant time and resources that will be required of the PSC members in this matter. He is not a member of any other PSC at this time and so he stands by ready to make that commitment should he be appointed to the PSC.

For the foregoing reasons, Michael G. Stag respectfully requests that he be appointed to the Plaintiffs' Steering Committee.

Dated: February 2, 2015                    Respectfully submitted,

                                           s/ Michael G. Stag
                                           Michael G. Stag (LSBA No. 23314)
                                           SMITH STAG, LLC
                                           365 Canal Street
                                           New Orleans, LA 70130
                                           PHONE: (504) 593-9600
                                           FAX: (504) 593-9601
                                           Email: mstag@smithstag.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2015, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Additionally, a copy of the foregoing document was served on all counsel listed on the Panel Attorney Service List attached to PTO 1 and designated as Schedule B.

                                           s/ Michael G. Stag
                                           Michael G. Stag