UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 2592 SECTION L JUDGE ELDON E. FALLON MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

CASE MANAGEMENT ORDER NO. 1

The Court hereby Orders as follows[1]:

1. **Voluntary Disclosure and Production by Defendants:**

    **By April 30, 2015 -** The Defendants will voluntarily produce to Plaintiffs without a formal discovery request, the following documents subject to entry of the agreed upon protective order:

    a. The New Drug Applications ("NDAs"), including SAS transport files therein, for Xarelto;

    b. The Investigational New Drug Applications ("INDs"), including SAS transport files therein; and

    c. The agreement dated October 1, 2005 among and between Defendants or their predecessors relating to the development, manufacturing, marketing and/or sale of Xarelto, including any and all amendments thereto;

---

[1] Certain other Bayer entities have been named or may be named as defendants in these proceedings. These other Bayer entitles include Bayer Healthcare, LLC; Bayer Corporation; Bayer HealthCare AG; and Bayer AG. Specific provisions relieving these other Bayer entities from answering are found at paragraph 8(c) pursuant to Pretrial Order No. 10. Possible discovery from these entities is also governed by Pretrial Order No. 10 until further Order of this Court.

By April **30, 2015 -** the Defendants will also disclose to Plaintiffs any readily obtainable corporate organization charts for each Defendant and the name and title and subject matter of each employee and former employee likely to have discoverable information, that the Defendants may use to support their claims or defenses, unless the use would be solely for impeachment.  If known, the Defendants shall also provide the telephone numbers and address of any former employees disclosed above.  Prior to contacting any former employee, the Plaintiffs will provide notice to Counsel for Defendants.  Defendants' voluntary disclosure and production shall be made to the best of the Defendants' knowledge, information and belief and are subject to additional or different information that further investigation may disclose.  Discovery and investigation are ongoing in this matter.  This voluntary disclosure and production are made without prejudice to Defendants' right to amend or supplement.

In light of this voluntary disclosure and production by the Defendants, as well as the discovery obligations undertaken by both Plaintiffs and Defendants, as set forth in this Order, the disclosure requirements of Fed. R. Civ. P. 26(a) are hereby suspended for both Plaintiffs and Defendants.

2. **Plaintiffs' Master Set of Requests for Production**.

The PSC has provided to the DLC a proposed Master Set of Requests for Production. The parties will meet and confer regarding this Master Set of Requests for Production to attempt to resolve any objections.  Plaintiffs may propound the Master Set of Requests for Production beginning April 30, 2015.  Defendants are to provide their written objections to the Master Set of Requests for Production by May 31, 2015.  Prior to May 31, 2015, and in addition to the Voluntary Disclosures above and subject to the

2

entry of the agreed Protective Order, Defendants' shall use best efforts to begin a rolling production of documents in response to those Requests of Production to which the Defendants do not object.  The Defendants will continue to produce documents on a rolling basis.

The Plaintiffs and Defendants will meet and confer to determine the format and priority of the categories, sources and/or custodians of documents to be produced.

3. **Depositions and Subpoenas to Non-Parties.**

Depositions of Defendants' witnesses may begin after May 1, 2015.  The initial depositions will be limited to Fed. R. Civ. P. 30(b)(6) depositions as to the following areas of inquiry:

   a. Corporate structure of the Defendant entities;
   b. Relationship of the Defendant entities with respect to the development, manufacture, marketing and/or sale of Xarelto;
   c. Shared server and/or corporate computer systems that contain potentially discoverable information;
   d. Location and storage of documents and information;
   e.  Insurance coverage; and
   f.  Any other 30(b)(6) topic upon which the Parties agree.

   The parties will meet and confer concerning Fed. R. Civ. P. 30(b)(6) notices of depositions to attempt to resolve objections.  Individual defendant and third-party fact witness depositions will be taken once more substantial document production is completed.

   The Court further expects the parties to establish a deposition protocol and to attempt to coordinate with any state court proceeding.  If any disputes are unable to be resolved concerning the scope of the depositions, the Court shall resolve them.

   The parties may begin serving non-party subpoenas on April 15, 2015.

4. **Plaintiff Fact Sheet (PFS), and Defendants Fact Sheet (DFS)**

   a. A PFS, in the form to be approved by this Court, with the requested documents and executed medical records authorizations shall be submitted to the Defendants using MDL Centrality within 60 days from the date the each Plaintiffs' case is filed, if filed directly in this Court, within 60 days of the date the case is transferred to this Court, if filed elsewhere, or within 60 days from entry of an order approving the PFS form, whichever is longer; and

   b. A DFS, in the form approved by this Court, shall be submitted to the Plaintiff using MDL Centrality within 60 days of the date the Defendants receive a completed and verified PFS from a Plaintiff.  Defendants will not be required to serve a DFS in any case until Plaintiff supplies a substantially complete PFS, which must provide all of the Core Case Information requested in Section I of the PFS, including copies of prescription and/or pharmacy records demonstrating use of Xarelto as well as medical records demonstrating an alleged injury.

5. **Science Day.**

   Science Day is set for June 11, 2015 to be held in the courtroom at 9:00 a.m.  By April 30, 2015, Plaintiffs and Defendants will each provide the Court with up to twenty relevant scientific publications.  The parties will meet and confer regarding the

4

procedure and format for Science Day before this Court's May 13, 2015 status conference and report to the Court at the May 13, 2015 conference.

6. **State and Federal Liaison.**

   To assist the Court and the Parties with state coordination, five days before each Status Conference, the Defendants shall provide to Plaintiffs' State and Federal Liaison Counsel a chart identifying state court cases pending against Defendants in which they have been served, with the case name, venue, and the name and address of each counsel for each plaintiff and the contact information for each judge. The chart shall also indicate whether a dispositive motion has been filed, if a scheduling order has been entered, or a trial date set. Should the Court not have a Status Conference in any month, the information and complaints described herein shall be due thirty (30) days after the day the preceding month's complaints and information were produced. Defendants will also provide to Plaintiffs' State and Federal Liaison Counsel a copy of complaints, including amended complaints, which are pending against and have been served upon Defendants as of April 30, 2015. For those cases in the Xarelto Products Liability Litigation in the Philadelphia Court of Common Pleas, production of the Short Form Complaints and any subsequent amendments of the same shall satisfy the obligations of the Defendants. Thereafter, the Defendants shall continue to provide copies of newly served state court complaints (including amendments) along with the short form complaints set out above, for state court cases which are not removed.

7. **Proposed Case Management Order No. 2 to include Discovery Plaintiffs, Bellwether Selection, Other General Discovery, Expert Discovery (Including *Daubert* Motions) and Dispositive Motions**

a. The parties are discussing the scope of discovery, especially the length and breadth of document production, which will influence the setting of the date of the first bellwether trial. The voluntary disclosure and production by Defendants, the Master Set of Requests for Production and the Defendants' responses, the Fed. R. Civ. P. 30(b)(6) depositions, and the submission of the PFS and DFS by the parties will assist the parties and the Court to assess the scope and length of necessary discovery before a bellwether trial.

b. The parties are to meet and confer before June 15, 2015 to propose a Case Management Order to address the appropriate procedures and timing to identify between forty (40) and sixty (60) plaintiffs for specific discovery; to address the procedures and timing to select bellwether plaintiffs from the pool of the forty (40) to sixty (60) discovery plaintiffs; and to address other general discovery, expert discovery (including *Daubert* motions) and dispositive motions.

c. The parties will submit the proposed Case Management Order No. 2 to the Court by June 30, 2015.

**8. Bundling of Complaints and Answers and Responsive Pleadings**

The Court will address Bundled Complaints and Answers and other responsive pleadings in a separate Pre-Trial Order.

New Orleans, Louisiana this 4th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE