UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO | * | |
| ALL CASES | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF SUBPOENA TO TESTIFY AT DEPOSITION IN A CIVIL ACTION (WITH DOCUMENT PRODUCTION REQUEST)

**TO:**   Duke Clinical Research Institute
2400 Pratt Street
Durham, NC 27705

**TAKE NOTICE:**  Pursuant to Rule 45(a)(1)(C) and (D), and 45(a)(2) of the Federal Rules of Civil Procedure, the attached Subpoena to Testify at a Deposition in a Civil Action, with document production request, will be served on Duke Clinical Research Institute (DCRI), requiring the DCRI to produce documents. Such production will be for the purpose of inspection and copying, as desired.

A Subpoena to Testify at a Deposition in a Civil Action has been issued requiring you to produce documents, information and other things listed in the Notice of Oral and Videotaped Deposition Duces Tecum Pursuant to Fed.R.Civ.P. 30(b)(6) attached to the Subpoena, at least 14 days prior to the deposition set for July 9, 2015 at 10:00 a.m., at **Washington Duke Inn & Golf Club, 3001 Cameron Blvd., Durham, NC  27705**, or at a mutually agreed upon location.

Dated:  June 4, 2015

Respectfully submitted,

*/s/ Leonard A. Davis*

_____
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER***
***& WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:  gmeunier@gainsben.com

***Plaintiffs' Co-Liaison Counsel***

## PLAINTIFFS' STEERING COMMITTEE

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Bradley D. Honnold
11150 Overbrook Rd., Ste. 200
Leawood, KS 66211
Phone: (913) 266-2300
Fax: (913) 266-2366
Email: bhonnold@bflawfirm.com

Frederick Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Russell T. Abney
2100 RiverEdge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Michael Goetz
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: (813) 221-6581
Fax: (813) 222-4737
Email: MGoetz@ForThePeople.com

Neil D. Overholtz
17 E. Main Street , Suite 200
Pensacola, Florida 32501
Phone: (850) 916-7450
Fax: (850) 916-7449
Email: noverholtz@awkolaw.com

Sindhu S. Daniel
550 Broad Street, Suite 920
Newark, NJ 07102
Phone: (973) 639-9100
Fax: (973) 639-9393
Email: sdaniel@seegerweiss.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

Dianne M. Nast
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Phone: (215) 923-9300
Email: dnast@nastlaw.com

Ellen Relkin
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 344-5461
Email: Erelkin@weitzlux.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 4, 2015, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system, as well as to all counsel via MDL Centrality pursuant to Pre-Trial No. 17.

*/s/ Leonard A. Davis*

**Leonard A. Davis**

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Eastern District of Louisiana

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PROD. LIAB. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.  MDL 2592 |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Duke Clinical Research Institute,
                   2400 Pratt Street, Durham, NC 27705
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Notice of Oral and Videotaped Deposition Duces Tecum Pursuant to Federal Rules of Civil Procedure 30(b)(6) and Schedule "A" attached hereto.

| Place:  Washington Duke Inn & Golf Club, 3001 Cameron Blvd., Durham, NC  27705 | Date and Time: <br>            07/09/2015 10:00 am |
|---|---|

       The deposition will be recorded by this method:    Oral and Videotaped

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

               See "III. Documents to be Produced" on Schedule "A" attached to Notice of Oral and Videotaped
               Deposition Duces Tecum Pursuant to Federal Rules of Civil Procedure 30(b)(6)  - attached hereto.

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/04/2015

                *CLERK OF COURT*

                                         OR

          _____              _____
         *Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
, who issues or requests this subpoena, are:

Leonard A. Davis, Esq. (Co-Plaintiffs' Liaison Counsel), Herman, Herman & Katz, 820 O'Keefe Avenue, New Orleans, LA  70113; (504) 581-4892; ldavis@hhklawfirm.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No.  MDL 2592

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO | * | |
| ALL CASES | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF ORAL AND VIDEOTAPED DEPOSITION
### *DUCES TECUM* PURSUANT TO FED. R. CIV. P. 30(b)(6) OF
### DUKE CLINICAL RESEARCH INSTITUTE

TO:    Duke Clinical Research Institute
       2400 Pratt Street
       Durham, NC 27705

**PLEASE TAKE NOTICE** that pursuant to Rule 26 and 30(b)(6) of the Federal Rules of

Civil Procedure, plaintiffs, by and through their undersigned attorneys, the Plaintiffs Steering

Committee in the MDL, will take the videotaped deposition of the officers, directors, managing

agents, or other persons who consent to testify on behalf of the **Duke Clinical Research**

**Institute ("DCRI")**, on **July 9, 2015 at 10:00 o'clock a.m. (Eastern),** at **Washington Duke**

**Inn & Golf Club, 3001 Cameron Blvd., Durham, NC  27705,** or at another location mutually

agreed upon by the parties.  Pursuant to Fed. R. Civ. P. 30(b)(6), **DCRI** shall designate and

produce a designated representative or representatives, as may be required, to testify on behalf of

**DCRI** concerning the topics identified in Schedule A attached hereto.

**If you are an attorney of record, please email cdw@golkow.com 48 hours prior to**

**the deposition should you desire to participate by stream to view video/text so you may**

**receive a username and password.**

1

Primary Examiners:      A Member of the PSC, or its designee
Videotaped Deposition: Yes
Call-In Number:         **888-337-8218**
                        **Participant Code:  769758**

The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

Dated: June 4, 2015

Respectfully submitted,

*/s/ Leonard A. Davis*

_____
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com


Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER***
***& WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:  gmeunier@gainsben.com


***Plaintiffs' Liaison Counsel***

### PLAINTIFFS' STEERING COMMITTEE

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Russell T. Abney
2100 RiverEdge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Michael Goetz
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: (813) 221-6581
Fax: (813) 222-4737
Email: MGoetz@ForThePeople.com

Neil D. Overholtz
17 E. Main Street , Suite 200
Pensacola, Florida 32501
Phone: (850) 916-7450
Fax: (850) 916-7449
Email: noverholtz@awkolaw.com

Bradley D. Honnold
11150 Overbrook Rd., Ste. 200
Leawood, KS 66211
Phone: (913) 266-2300
Fax: (913) 266-2366
Email: bhonnold@bflawfirm.com

Frederick Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Sindhu S. Daniel
550 Broad Street, Suite 920
Newark, NJ 07102
Phone: (973) 639-9100
Fax: (973) 639-9393
Email: sdaniel@seegerweiss.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

Dianne M. Nast
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Phone: (215) 923-9300
Email: dnast@nastlaw.com

Ellen Relkin
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 344-5461
Email: Erelkin@weitzlux.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on June 4, 2015, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system.  Liaison Counsel for each party shall be responsible for the transmittal of a copy of this pleading to the attorneys or parties within their respective liaison group, in accordance with Pre-Trial Order 4.

*/s/ Leonard A. Davis*
**Leonard A. Davis**

# SCHEDULE A

## I. INSTRUCTIONS AND DEFINITIONS

1.  "**And**" as well as "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any matters which might otherwise be construed to be outside of the scope.

2.  "**Anticoagulants**" means any of the class of drugs or medicines that are used to prevent clotting.

3.  "**Bayer**" means defendant Bayer Corporation and any other "Bayer Defendant" in this litigation, including any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

4.  "**Blood-thinners**" means any of the class of drugs or medicines that are used to prevent clotting.

5.  "**Business Documents**" as used herein shall mean the writings or documents evidencing the formation of each corporate or other business entity, its business purpose and its ongoing organization, including but not limited to articles, by-laws, annual reports, merger agreements, consolidation agreements, share exchange agreements, dissolution agreements, liquidation agreements, reorganization agreements, receivership agreements, transfer of assets or liability agreements, management agreements, and operating agreements.

6.  "**Communication**" means any transmission from one person to another, or in the presence of another, whether by written, oral, telephonic, electronic or by any other means and includes any records of such transmission.

7.   **"Computer"** means all devices utilizing microchips to facilitate processing, analysis, or storage of data, including microcomputers (also known as personal computers), laptop computers, portable computers, notebook computers, palmtop computers (also known as personal digital assistants or PDA's), minicomputers and mainframe computers.

8.   **"Computer system,"** when used in reference to any computer, includes the following information: (a) the computer type, brand, and model, and (b) the brand and version of all software, including operating system, private- and custom-developed applications, commercial applications, and/or shareware.

9.   "**DCRI**" means Duke Clinical Research Institute.

10.   "**Defendant**" as used herein shall mean each of the named defendants in this matter.

11.   **"Documents"** as used in this Request is coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34, and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under FRCP 34.  Consistent with the above definition, the term document shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of

accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of you or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of you, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on your behalf.

12. **"Electronic data"** or "data" means the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means.  Electronic data includes, by way of example only, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and

outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PIF files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Zip disks, Jaz cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal.  The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

13.    **"Electronic media"** means any magnetic or other storage media device used to record electronic data.  Electronic media devices may include computer memories, hard disks, floppy disks, CD-ROM, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, or on or in any other vehicle for digital data storage and/or transmittal.

14.    "**Financial records**" means all documents and statements containing information about the financial condition, operating success, and future potential of the business enterprise which include but are not limited to financial documents and statements such as balance sheets, income statements, statements of retained earnings, statements of shareholder's equity, statement of changes in financial position, annual reports, accountant work papers, audits, SEC filings, tax returns, and financial projections.

15.  **"Identify"** or **"identity"** with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

16.  **"Janssen/J&J"** means defendants Janssen Research & Development LLC f/k/a Johnson and Johnson Pharmaceutical Research and Development LLC, Janssen Ortho LLC, Janssen Pharmaceuticals, Inc. f/k/a Janssen Pharmaceuitica Inc. f/k/a Ortho-McNeil Janssen Pharmaceuticals, Inc., Johnson and Johnson, and any other "Janssen Defendant" in this litigation, including any of their subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

17.  **"License Agreement"** as used herein shall mean the right, agreement, authority or granting of ownership to use, borrow, loan, or incorporate any Trademark, Trade name or corporate or other business enterprise logo or designation of another.

18.  **"Network"** means any hardware and/or software combination that connects two or more computers together and which allows the computers to share and/or transfer data between them.  For the purposes of this definition, the connection between or among the computers need not be either physical or direct, i.e., wireless networks, and sharing and/or transferring data via indirect routes utilizing modems and phone company facilities. In addition, there need not be a central file or data server nor a central network operating system in place, i.e., peer-to-peer networks and networks utilizing a mainframe host to facilitate data transfer.

19.  **"Notification"** includes communication, documents and computer generated or assisted methods of transmitting information.

20.  **"Or"** and **"and"** will be used interchangeably.

21.    **"Person"** means natural person, as well as corporate and/or governmental entity.

22.    "**Photographs**" means any and all positive and negatives of any pictures as well as any film, microfilm, microfiche or any video used to obtain representations of objects by means of chemical, action of light, digital technology or other kinds of radiant energy on special treated surfaces or films.

23.    "**Plaintiff**" as used herein shall mean each of the named plaintiffs in this matter.

24.    **"Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern"** shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.  The term **"relate to"** including but not limited to, its various forms such as **"relating to"** shall mean, consist of, refer to, reflect or be in anyway relevant to the matter.

25.    "**Request for Document**" or "**Records**" refers to originals unless otherwise specified, and for copies when originals are not available.  The Request includes all documents and records in the actual or constructive possession, custody or control of you or your agents or representatives.

26.    **"Relevant Time Period"** shall mean the time period from 1990 to the present.

27.    **"Rotation"** means any plan, policy or procedure that involves the re-use of an electronic media device after it has been used for backup, archival, or other electronic data storage

purposes, particularly if such re-use results in the alteration and/or destruction of the electronic data residing on the device prior to its re-use.

28. "**Trademark**" shall mean any work, name, symbol or device or any combination thereof adapted and used by a person or business entity to identify goods made or sold by him and to distinguish them from goods made or sold by others.

29. "**Trade name**" shall mean a word, name, symbol, device or any combination thereof used by a person or business entity to identify his business, vocation or occupation and distinguish it from the business, vocation or occupation of others.

30. "**Xarelto**" means the drug Rivaroxaban, also known by the brand name Xarelto, and any predecessor or non-final derivation of the drug.

31. "**You**" or "**Your**" shall refer to the person, firm, entity or entities to whom this document is directed, or to any party, their officers, agents, servants, employees, joint ventures, third party contractors, representatives and attorneys, and anyone acting in active concert or participation with them.

32. With respect to the identification or production of any documents or information which you claim to be privileged, a statement shall be provided setting forth as to each such document:

      a)      the name of the sender, if any, of the document;
      b)      the name of the author of the document;
      c)      name of the person, if any, to whom the document and copies were sent;
      d)      a description of the nature and the subject matter of the document;
      e)      the statute, rule or decision which is claimed to give rise to the privilege;
      f)      the last known custodian of the document and the present location of the document;
      g)      a description of any attachments to the document;
      h)      the number of pages comprising the document;
      i)      whether the document was handwritten, typewritten, or otherwise prepared; and

          j)        any other information which is useful in identifying or is necessary to identify the document.

33.     Whenever appropriate, the singular form of a word shall be interpreted in the plural and vice versa.

34.     Unless otherwise indicated, the relevant time period for the information sought is 1990 to present.

35.     In responding to this request, if applicable, furnish documents as they are kept in the usual course of business or organize them to correspond with the categories of this request.

36.     In responding to this request, for each document furnished, you are requested to produce the document as it is kept in its normal course of business **and** any English translations or interpretations of said document or thing.

37.     The instructions and definitions set forth herein are expressly incorporated by reference and made a part of each of the requests set forth below.

## II. DEPOSITION SUBJECT MATTER

Pursuant to Rule 30(b)(6), You shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

1.     The corporate structure and organization of DCRI.

2.     The purpose, function and nature of DCRI and each of its employees.

3.     Employees of DCRI and their job related duties.

4.      All employees or representatives of DCRI that have had any dealings with the ROCKET AF trial.

5.      The ROCKET AF trial.

6.      All dealings by and between DCRI and Bayer.

7.      All dealings by and between DCRI and Janssen/J&J.

8.      Any involvement or dealings by DCRI involving Xarelto.

9.      Correspondence, communications and documents by and between DCRI and/or Bayer and/or Janssen/J&J concerning the planning, development, creation, implementation and results of the ROCKET AF trial, including, but not limited to, the ROCKET AF Clinical Protocol and Statistical Analysis Plan.

10.     The implementation of the ROCKET AF trial, including, but not limited to, DCRI-conducted and/or DCRI-overseen analyses of trial data as well as the identities of, roles played by, and the interactions between individuals and/or groups or teams responsible for ROCKET AF trial committees and subcommittees, including:

    i.   Clinical Endpoint Committee;

    ii.  Data Monitoring Committee;

    iii. Executive Committee;

    iv.  Independent Ethics Committee; and

    v.   Steering Committee.

11.     The DCRI document, data and/or information retention policies and procedures, including those containing data or other information pertaining to the ROCKET AF trial, including the format in which documents, data, and/or information are retained, maintained, backed up, and/or stored relative to:

      i.   Adverse Event data and retention;

     ii.   Regulatory affairs and/or communications;

    iii.   Case report forms;

    iv.   End point adjudication;

     v.   Communications, internet and intranet, including email and/or other messaging; and

    vi.   Study data, including final reports and raw data.

12.    Any activities concerning the new drug application for any other supplemental new drug application for Xarelto before the United States Food and Drug Administration.

13.    Any communications with the United States Food and Drug Administration (including any of its medical advisory committees), the National Institute of Health, or any federal agency concerning or relating to:

     i.   Any Xarelto treatment.

     ii.   Adverse events caused or attributable to Xarelto.

    iii.   The ROCKET AF trial.

    iv.   Any trial involving Xarelto.

14.    Any evaluation of reports or events associated with the use of Xarelto.

15.    All documents supplied to you by Bayer or Janssen/J&J involving Xarelto.

16.    All documents or communications supplied by you involving Xarelto.

### III. DOCUMENTS TO BE PRODUCED

At least 14 days prior to the deposition, the deponent(s) must produce the following:

1.    All communications relating to the ROCKET AF trial.

2.      All documents relating to ROCKET AF trial data, data management, adverse events, and case reports.

3.      All documents and communications between DCRI representatives and Bayer relating to Xarelto.

4.      All documents and communications between DCRI representatives and Janssen/J&J relating to Xarelto.

5.      All contracts and agreements between DCRI and Bayer and/or Janssen/J&J relating to Xarelto, including drafts and any amendments thereto.

6.      Documents and communications of any events in patients enrolled in the ROCKET AF trial, including those between DCRI and the adjudicators.

7.      Communications between and among the ROCKET AF adjudicators.

8.      Amendments and/or changes to the ROCKET AF statistical analysis plan(s).

9.      The adjudication of investigator-reported events in the ROCKET AF trial.

10.     Regulatory audits, inspections, or inquiries, regardless of whether or not conducted by regulatory bodies, that concern and/or discuss the ROCKET AF trial.

11.     Documents identifying the ROCKET AF trial committee and subcommittee members (such as the Clinical Endpoint Committee, Data Monitoring Committee, Executive Committee, Independent Ethics Committee, and the Steering Committee), including any documentation relating to and concerning potential conflicts of interest, as well as the ROCKET AF trial committee and subcommittee meeting minutes.