UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILTIY LITIGATION | * * * * * * * | MDL No. 2592<br><br>SECTION: L<br><br><br>JUDGE ELDON E. FALLON<br>MAG. JUDGE NORTH |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS DOCUMENT RELATES TO:
ALL CASES

## OMNIBUS ANSWER AND DEFENSES OF BAYER PHARMA AG

### GENERAL DENIAL

Pursuant to Pre-Trial Order No. 11, Defendant Bayer Pharma AG files this Omnibus Answer and Defenses ("Omnibus Answer"). Bayer Pharma AG denies generally and specifically each and every allegation that relates to or is directed to Bayer Pharma AG contained in any Complaint to which this Omnibus Answer applies pursuant to Pre-Trial Order No. 11, and further denies that Plaintiffs have been injured or damaged in any way or amount or are entitled to any relief whatsoever from Bayer Pharma AG. Bayer Pharma AG further states that, to the extent that the Complaint contains allegations directed to the Defendants collectively, Bayer Pharma AG files this Omnibus Answer on behalf of itself only and makes no response on behalf of any entity other than Bayer Pharma AG.

### DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to Bayer Pharma AG in this matter. Bayer Pharma AG accordingly asserts these separate defenses. Upon completion of discovery, if the facts warrant, Bayer Pharma AG may withdraw any of these defenses as may be appropriate. By setting forth these defenses, Bayer Pharma AG does not assume the burden of proving any fact, issue, or element of a cause

1

of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiffs' allegations.  Bayer Pharma AG further reserves the right to amend its Omnibus Answer and Defenses, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of defenses, Bayer Pharma AG states as follows:

1. Plaintiffs' Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.

2. The Court lacks personal jurisdiction over Bayer Pharma AG with respect to Plaintiffs' claims.

3. Plaintiffs are improperly joined in this action.

4. Plaintiffs may not be the real parties in interest or lack the capacity and/or standing to bring their claims.

5. Bayer Pharma AG preserves lack of service of process or insufficiency of service of process to the extent Bayer Pharma AG has not been served properly either under the Federal Rules of Civil Procedure or under the alternative procedures for service of process stipulated by certain defendants in this Court.

6. This Court is an improper venue for the trial of this action.

7. This Court is not the proper forum for the trial of this action and is an inconvenient forum for the just adjudication of Plaintiffs' claims.

8. Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

9. Plaintiffs' claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

10. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate Plaintiffs' alleged damages.

11. The acts and omissions of Plaintiffs caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence. Plaintiffs' recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

12. Plaintiffs' recovery, if any, is barred or must be reduced by the applicable states' contributory negligence and/or comparative negligence law.

13. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

14. Plaintiffs' recovery, if any, against Bayer Pharma AG is subject to the applicable states' several or joint and several liability law.

15. To the extent that Bayer Pharma AG is found jointly and severally liable, which is expressly denied, Bayer Pharma AG is entitled to contribution from other defendants and/or relies upon applicable states' law regarding contribution among tortfeasors.

16. Plaintiffs' Complaint may fail to join indispensable parties necessary for the just adjudication of this matter.

17. If Plaintiffs suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiffs. Plaintiffs' recovery accordingly is barred or should be reduced by Plaintiffs' assumption of the risk.

18. If the injuries claimed by Plaintiffs were related to the use of Xarelto®, which is expressly denied, any such injuries were the result of an idiosyncratic or allergic reaction to Xarelto®.

19. The injuries and damages claimed by Plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Bayer Pharma AG was not the proximate and/or competent producing cause of such alleged injuries and damages.

20. The injuries and damages claimed by Plaintiffs, if any, are barred or must be reduced or apportioned, because those damages arose from the acts or omissions of persons or entities other than Bayer Pharma AG, for whom Bayer Pharma AG has no legal responsibility.

21. The alleged injuries sustained by Plaintiffs, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which Bayer Pharma AG has no legal responsibility.

22. If Plaintiffs sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®. Plaintiffs' recovery is accordingly barred.

23. The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Bayer Pharma AG.

24. Plaintiffs' claims are barred, because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

25. The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

26. Plaintiffs' Complaint fails to state a claim to the extent Bayer Pharma AG did not manufacture or distribute the product allegedly used by Plaintiffs.

27. Bayer Pharma AG owed no legal duty to Plaintiffs because it did not manufacture finished product of Xarelto®, which was distributed in the United States, and did not market or distribute Xarelto® in the United States.

28. Plaintiffs' Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion, and sale of Xarelto®, including, but not limited to, adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art. Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time. Plaintiffs' recovery accordingly is barred.

29. The methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of Xarelto®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package inserts and other literature, conformed to the applicable state of the art. Such conformity creates a rebuttable presumption that Xarelto® was not defective and that there was no negligence.

30. Plaintiffs' claims are barred, because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing, or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiffs' recovery.

31. The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and instructions.

2486230-1

32. Plaintiffs' alleged damages were not caused by any failure to warn on the part of Bayer Pharma AG.

33. Plaintiffs' causes of action are or may be barred in whole or in part by Plaintiffs' failure to assert a safer design for Xarelto®.

34. Plaintiffs' product liability causes of action are or may be barred because Xarelto® was consistent with or exceeded physician or consumer expectations.

35. Plaintiffs are barred from recovering any damages to the extent that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by Plaintiffs without substantially impairing the usefulness or intended purpose of Xarelto®.

36. Plaintiffs' claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts, including, but not limited to, the Restatement (Third) of Torts: Product Liability, § 6, comment f, and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

37. Plaintiffs' claims are or may be barred, in whole or in part, by the applicable states' products liability law.

38. Bayer Pharma AG asserts all defenses available to it under any applicable states' products liability law.

39. Bayer Pharma AG gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, Bayer Pharma AG intends to rely upon same in defense of this action.

40. The prescription drug Xarelto® complied with the applicable product safety regulations promulgated by the FDA. Compliance with such regulations demonstrates that due

care was exercised with respect to the design, manufacture, testing, marketing, promotion, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiffs' recovery is accordingly barred.

41. The prescription drug Xarelto® complied with the applicable federal and/or state safety codes, statutes, rules, regulations or standards. Compliance with such codes, statutes, rules, regulations and standards demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that Bayer Pharma AG is entitled to a presumption that the product is neither defective nor unreasonably dangerous. Plaintiffs' claims and any recovery are accordingly barred.

42. Any claims by Plaintiffs relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

43. Plaintiffs' claims are barred, in whole or in part, because the commercial speech relating to Xarelto® is protected under the First Amendment and Fourteenth Amendment of the United States Constitution and the applicable state constitution.

44. Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

45. Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion, and labeling.

46. To the extent that Plaintiffs' claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

47. Plaintiffs cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs, because the remedy sought by Plaintiffs is subject to the exclusive regulation of the FDA.

48. This Court should abstain from adjudicating Plaintiffs' claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

49. Plaintiffs did not detrimentally rely on any labeling, warnings, or information concerning Xarelto®.

50. Bayer Pharma AG did not make any representations of fact or warranties material to Plaintiffs' treatment with Xarelto®. Any opinions or commendations expressed by Bayer Pharma AG are not actionable as representations or warranties.

51. Plaintiffs' prescribing physicians did not rely on any representations by Bayer Pharma AG in treating Plaintiffs, or in states where the learned intermediary doctrine does not apply, Plaintiffs did not rely on any representations by Bayer Pharma AG.

52. Applicable law does not recognize a post-sale duty to warn in the present circumstances. Accordingly, to the extent that Plaintiffs seek recovery for any alleged breach of a post-sale duty to warn, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

53. Each item of economic loss alleged in the Complaint may have been or may be replaced or indemnified in whole or in part by collateral sources, and therefore is not recoverable in this action.

54. To the extent that Plaintiffs' Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

55. To the extent that Plaintiffs' claims have been settled or Plaintiffs will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of Bayer Pharma AG, if any, should be reduced accordingly.

56. Plaintiffs' claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

57. Plaintiffs' claims for breach of warranty are barred, because Plaintiffs failed to give timely notice of any alleged breach of warranty.

58. Bayer Pharma AG did not sell or distribute Xarelto® to Plaintiffs, and Plaintiffs did not receive or rely upon any representations or warranties as alleged in the Complaint. Plaintiffs' claims for breach of warranty, express or implied, are barred by lack of privity between Plaintiffs and Bayer Pharma AG.

59. Plaintiffs' claims for breach of warranty, express or implied, are barred by the applicable states' Uniform Commercial Code or other applicable law.

60. Plaintiffs fail to state a claim for express warranty because there was no affirmation of fact or promise made by Bayer Pharma AG relating to the product that was the basis of the bargain.

2486230-1

61. Plaintiffs' claims asserted under statutes and regulations relating to prescription drugs fail, in whole or in part, because those statutes and regulations do not contain or create any private cause of action.

62. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for negligence per se.

63. Plaintiffs' Complaint fails to state a claim for fraud or mistake, and fails to allege the circumstances constituting fraud or mistake with the particularity required by the Federal Rules of Civil Procedure 9(b).

64. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

65. No act or omission of Bayer Pharma AG caused or contributed to Plaintiffs' alleged injuries. Further, the Complaint fails to allege conduct by Bayer Pharma AG upon which an award of punitive or exemplary damages can be based. No act or omission of Bayer Pharma AG qualifies Plaintiffs to punitive damages under any applicable states' punitive damages law. Accordingly, Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

66. Bayer Pharma AG denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been or can be produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

67. Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate Bayer Pharma AG's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution and

similar state constitutional provisions, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and similar state constitutional provisions, and the prohibition against excessive fines in the United States Constitution and similar state constitutional provisions, and would contravene other provisions of the United States Constitution and any applicable state constitution.

68. Plaintiffs cannot recover punitive or exemplary damages against Bayer Pharma AG, because such an award, which is penal in nature, would violate Bayer Pharma AG's constitutional rights under the United States Constitution and any applicable state constitution, unless Bayer Pharma AG is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

69. Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution and similar state constitutional provisions, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

70. Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

71. With respect to Plaintiffs' demand for punitive or exemplary damages, Bayer Pharma AG specifically reserves the right to assert any and all standards or limitations regarding

11

the determination and enforceability of punitive or exemplary damages awards under any state law that may be applicable to Plaintiffs' claims, including, but not limited to, New Jersey law, including the provisions of the Punitive Damages Act, <u>N.J.S.A.</u> 2A:15-5.9 et seq., and/or any other applicable state law. Bayer Pharma AG reserves the right to seek bifurcation of Plaintiffs' punitive damages claims pursuant to any applicable law, including, but not limited to, <u>N.J.S.A.</u> 2A:15-5.13.

72. Plaintiffs' claims for punitive damages are barred, in whole or in part, by the applicable states' law regarding punitive damages.

73. Plaintiffs' claims for non-economic damages is limited by applicable states' law on non-economic damages.

74. Plaintiffs' recovery, if any, is subject to the applicable states' limitations on damages.

75. Plaintiffs' claims for recovery are limited by any applicable states' statutory and common law limitations on awards, caps on recovery, and set-offs.

76. Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, expert fees, disbursements, pre-judgment interest, post-judgment interest, treble damages, delay damages, refunds, rescission, unjust enrichment, disgorgement, restitution, medical monitoring, bribery, alter-ego liability, successor liability, agency, aiding and abetting, conspiracy, or joint venture liability.

77. Plaintiffs' claims for costs, fees and/or interest are barred and/or limited for failure to comply with the requirements of the applicable states' law.

78. Plaintiffs' claims for injunctive or other equitable relief are barred because there is an adequate remedy at law.

79. Plaintiffs' Complaint fails to state a claim for unlawful conduct under any applicable "consumer fraud law" and "consumer protection law," because Bayer Pharma AG did not market, sell, label or advertise Xarelto® in the United States, and no act or omission of Bayer Pharma AG was unlawful.

80. Plaintiffs' Complaint fails to state a claim for false or misleading business practices under any applicable "consumer fraud law" and "consumer protection law," because Bayer Pharma AG did not market, sell, label or advertise Xarelto® in the United States, and no act or omission of Bayer Pharma AG was false or misleading.

81. The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred, in whole or in part, because the applicable "consumer fraud law" and "consumer protection law" are insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

82. The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred, in whole or in part, because the applicable "consumer fraud law" and "consumer protection law" unconstitutionally burden interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

83. Insofar as any applicable "consumer fraud law" and "consumer protection law" require exhaustion of administrative or other remedies, the claims asserted in the Complaint under the applicable "consumer fraud law" and "consumer protection law" should be stayed or dismissed because, on information and belief, Plaintiffs have not exhausted those administrative or other remedies.

84. Plaintiffs' Complaint fails to properly plead Plaintiffs' claims under any applicable "consumer fraud law" or "consumer protection law" with sufficient particularity.

85. The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred because the Complaint does not allege proximate causation for Plaintiffs' alleged injuries.

86. The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent reliance is required.

87. The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that knowledge or intent to deceive is required.

88. The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that notice is required.

89. The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that Plaintiffs must have suffered an "ascertainable loss," i.e., an actual loss that is susceptible to reasonably precise calculation.

90. The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that "actual damages" are required.

91. The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that no private right of action is available.

92. The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that under such law claims can only be brought with respect to transactions or conduct that occurred exclusively or primarily within the state and the transactions and conduct at issue occurred outside of the state.

93. A prescription pharmaceutical is not a consumer product or transaction, or is otherwise not the type of product or transaction covered by the applicable state consumer protection and trade practices law, or consumer fraud law.

94. Plaintiffs' Complaint fails to state a claim under any applicable states' consumer protection law, consumer fraud law, and trade practices law.

95. Bayer Pharma AG asserts any other rights or defenses accorded it under any applicable states' consumer protection law and trade practices law.

96. Plaintiffs' right to recover damages in this action, if any, may be statutorily limited by the applicable states' wrongful death and/or survival law.

97. Bayer Pharma AG asserts any other procedural and substantive defenses available under the applicable states' wrongful death and survival law.

98. Plaintiffs' claims for consortium-related damages are barred to the extent that any other claim contained in Plaintiffs' Complaint is or may be barred.

99. If Plaintiffs have filed bankruptcy during the relevant time period of the events alleged in the Complaint or file for bankruptcy at some point in the future, the claims of Plaintiffs may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiffs, or, if not disclosed by Plaintiffs on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

100. Plaintiffs' actions should be dismissed to the extent Plaintiffs have asserted the same claims in actions pending in other jurisdictions.

101. Bayer Pharma AG adopts all defenses available under the law which governs the action.

102. Bayer Pharma AG adopts and incorporates by reference all defenses pled by other defendants except to the extent that they are inconsistent with Bayer Pharma AG's defenses pled in this Omnibus Answer.

103. Bayer Pharma AG expressly reserves the right to amend this Omnibus Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

**WHEREFORE**, Bayer Pharma AG requests that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered in favor of Bayer Pharma AG and against Plaintiffs, and that Bayer Pharma AG be awarded the costs of this action, together with such other and further relief as may be appropriate.

## JURY DEMAND

Bayer Pharma AG hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ John F. Olinde*
John F. Olinde, #1515
Peter J. Rotolo, III, #21848
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Email: olinde@chaffe.com
Email: rotolo@chaffe.com

Steven Glickstein
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-7910
Telephone: (212)836-8485
Email: steven.glickstein@kayescholer.com

2486230-1

William Hoffman
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Telephone: (202) 682-3550
Email: William.hoffman@kayescholer.com


Pamela J. Yates
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6048
Telephone: (310) 788-1278
Email: pamela.yates@kayescholer.com

Fred M. Haston, III
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8303
Email: thaston@babc.com

***ATTORNEYS FOR BAYER PHARMA AG***


## CERTIFICATE OF SERVICE

    I hereby certify that on June 18, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                                                             */s/ John F. Olinde*

2486230-1