UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | *   MDL NO. 2592<br>*<br>*<br>*   SECTION L<br>*<br>*   JUDGE ELDON E. FALLON<br>*<br>*   MAG. JUDGE NORTH<br>* |

*********************************************
THIS DOCUMENT RELATES TO: ALL ACTIONS

OMNIBUS ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, JANSSEN ORTHO LLC, AND JOHNSON & JOHNSON

Pursuant to Pretrial Order No. 11, Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants") and Johnson & Johnson ("J&J") hereby submit this Omnibus Answer ("Omnibus Answer") and affirmative defenses. The Janssen Defendants and J&J deny each and every allegation contained in any Complaint pending in MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation* and further deny that Plaintiffs have been injured or damaged in any way or amount or are entitled to any relief whatsoever. In accordance with Pretrial Order No. 11, this Omnibus Answer shall be deemed as the operative Answer to each Complaint filed in or transferred to this MDL.

**AFFIRMATIVE DEFENSES**

The Janssen Defendants and J&J reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial.

1

By asserting the following affirmative defenses, the Janssen Defendants and J&J do not allege or admit that they have the burden of proof or the burden of persuasion with respect to any of these matters. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiffs' allegations. The Janssen Defendants and J&J assert all available affirmative defenses, including:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaints fail, in whole or in part, to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by laches, waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of informed consent and release.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failures to mitigate such damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' alleged injuries attributable to the use of the products at issue in this case, if any, were not caused by the medication at issue, but instead were caused by intervening and superseding causes or circumstances.

**SEVENTH AFFIRMATIVE DEFENSE**

The Court lacks personal jurisdiction over the Janssen Defendants and J&J with respect to Plaintiffs' claims.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs are improperly joined in this action.

**NINTH AFFIRMATIVE DEFENSE**

The Janssen Defendants and J&J preserve lack of service of process or insufficiency of service of process to the extent they have not been served properly either under the Federal Rules of Civil Procedure or under the alternative procedures for service of process in this Court.

**TENTH AFFIRMATIVE DEFENSE**

This Court is an improper venue for the trial of this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

This Court is not the proper forum for the trial of this action and is an inconvenient forum for the just adjudication of Plaintiffs' claims

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs knowingly and voluntarily assumed any and all risks as to matters alleged in the Complaint, and such assumption of the risk bars in whole or in part the damages plaintiffs seek to recover herein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The acts and omissions of Plaintiffs caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence. Plaintiffs' recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence, equitable indemnity and comparative contribution.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Upon information and belief, if the injuries referred to in the Plaintiffs' Complaints were caused by the prescription medicine alleged to be at issue here, which is denied, the injuries are the results of pre-existing and/or related medical conditions and/or idiosyncratic reactions to the medicine.

**SIXTEENTH AFFIRMATIVE DEFENSE**

If Plaintiffs sustained injuries or incurred expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, unintended or improper handling or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®. Plaintiffs' recovery is accordingly barred.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The alleged injuries and/or damages of Plaintiffs, if any, were the result of unavoidable circumstances that could not have been prevented by anyone.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The injuries and damages claimed by Plaintiffs, if any, were caused in whole or in part by the acts or omissions of persons over whom the Janssen Defendants and J&J have no control or right of control.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

**TWENTIETH AFFIRMATIVE DEFENSE**

At all relevant times the product was in compliance with all applicable statutes and regulations, including those of the Food and Drug Administration.  Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing, promotion and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous.  Plaintiffs' recovery is accordingly barred.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion and labeling.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J rely upon all rights, defenses, and presumptions accorded to them under the terms and provisions of the Restatement (Second) of Torts: Products Liability § 402A and comments thereto (including, but not limited to, comment k) and/or the Restatement (Third) of Torts: Products Liability §§ 2, 4, and 6 and comments thereto, and other applicable law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and instructions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion and sale of Xarelto®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art. Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time. Plaintiffs' recovery accordingly is barred.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiffs' recovery.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by the learned intermediary doctrine.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The Janssen Defendants and J&J give notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, the Janssen Defendants and J&J intend to rely upon same in defense of this action.

**THIRTIETH AFFIRMATIVE DEFENSE**

Johnson & Johnson is not a proper party defendant to this action, as it did not manufacture, market, distribute, or sell Xarelto®.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred because of Plaintiffs' failure to join necessary and indispensable parties.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The Janssen Defendants and J&J assert that their conduct did not cause, proximately cause, solely cause, or solely proximately cause the injuries and/or damages alleged by Plaintiffs.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J did not make to Plaintiff nor did they breach any express or implied warranties and/or breach any warranties created by law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J deny that Plaintiffs relied on any warranties alleged in the Complaint.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Any and all warranties that may form a basis for Plaintiffs' claims for relief were adequately disclaimed.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs relied on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with the Defendants and/or for failure of Plaintiffs, or Plaintiffs' representatives, to give timely notice to the Janssen Defendants or J&J of any alleged breach of warranty.  The Janssen Defendants and J&J further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Any claim for prejudgment interest is barred by Plaintiffs' failure to make a demand for payment or offer of settlement in writing, failure to send the demand or offer by certified mail, and failure to leave the demand or offer open for sixty days under applicable law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Any claim for prejudgment interest made pursuant to applicable law violates the

Due Process Clause and the Equal Protection Clause of the U.S. Constitution as the lack of procedures and standards governing demands for payment enable accrual of interest well before the Janssen Defendants or J&J receive a full and fair opportunity to evaluate a case.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Any claims by Plaintiffs relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the commercial speech relating to Xarelto® was not false or misleading and is protected under the First Amendment to the United States Constitution and the applicable state constitutions.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs cannot state a claim with regard to warnings and labeling for prescription drugs because the remedy sought by Plaintiffs is subject to the exclusive regulation of the FDA.

### FORTY-THIRD AFFIRMATIVE DEFENSE

This Court should abstain from adjudicating Plaintiffs' claims relating to warnings and labeling in deference to the interpretation of regulations relating to

prescription drug labeling by the FDA.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs' claims have been settled or Plaintiffs will in the future settle with any person or entity with respect to the injuries alleged in the Complaint, any liability of the Janssen Defendants and J&J, which is expressly denied, should be reduced accordingly.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

If Plaintiffs have filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for bankruptcy at some point in the future, the claims of Plaintiffs may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiffs, or, if not disclosed by Plaintiffs on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Applicable law does not recognize a post-sale duty to warn in the present circumstances. Accordingly, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead averments of fraud, mistake, or deception with the specificity or detail required.

### FIFTIETH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J did not misrepresent or conceal any fact material to Plaintiffs' treatment with Xarelto®.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims purportedly asserted under statutes and regulations relating to prescription drugs fail, in whole or in part, because these statutes and regulations do not contain or create any private cause of action.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, with the exception of Plaintiffs' claims for punitive damages are governed by the law of the home state of Plaintiffs.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or part based on the law of the home states of Plaintiffs and of any other state whose law is deemed to apply pursuant to principles of choice of law.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J is governed by the law of the State of New Jersey.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

The Janssen Defendants and J&J are entitled to the protections and limitations afforded under the New Jersey Punitive Damages Act, N.J.S.A. §§ 2A:15-5.9, *et seq.* and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq*.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim against the Janssen Defendants and J&J upon which relief can be granted as to punitive or exemplary damages, costs, attorney's fees, expert fees, expenses, pre-judgment interest, post-judgment interest, refund, rescission, unjust enrichment, disgorgement, or restitution.

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

Any award of punitive damages in this action would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and other applicable state and federal law, including *State Farm Mut. Auto. Ins. Co. v. Campbell, et al.,* 538 U.S. 408 (2003), *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that the standards for granting and asserting punitive or exemplary damages do not prohibit other plaintiffs from seeking and recovering such damages against the Janssen Defendants and J&J for the same averments of defect in the same products, and as such constitute multiple punishments for the same alleged conduct resulting in deprivation of the Janssen Defendants' and J&J's property without due

process of law and will result in unjustified windfalls for Plaintiffs and Plaintiffs' counsel, in violation of the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar protections afforded by the New Jersey state constitution and that of any other state whose law is deemed to apply in this case.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that recovery of punitive or exemplary damages in this case would violate the constitutional rights of the Janssen Defendants and J&J to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States and similar protections afforded by the New Jersey state constitution and any other state whose law is deemed to apply in this case, and that any law of the state of New Jersey, whether enacted by that state's legislature or founded upon a decision or decisions of the courts, or that of any other state whose law is deemed to apply in this case, that would permit recovery of punitive or exemplary damages, is unconstitutional under these provisions.

## SIXTIETH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J cannot be maintained because an award of punitive damages under current New Jersey law, and any other state's law deemed to apply to this action, would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive

damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Eighth and Fourteenth Amendments to the United States Constitution, the due process provisions of the New Jersey state constitution, and the common law and public policies of the state of New Jersey, and similar protections afforded by any other state whose law is deemed to apply in this case.

### SIXTY-FIRST AFFIRMATIVE DEFENSE

To the extent that the laws of New Jersey and any other state whose law is deemed to apply in this case, permit punishment to be measured by the net worth or financial status of the Janssen Defendants and J&J and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of the Janssen Defendants and J&J in other states, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, the state laws and constitutional provisions of New Jersey, and similar protections afforded by any other state whose law is deemed to apply in this case.

### SIXTY-SECOND AFFIRMATIVE DEFENSE

With respect to Plaintiffs' demand for punitive or exemplary damages, the Janssen Defendants and J&J specifically incorporate by reference any and all standards or

limitations regarding the determination or enforceability of punitive or exemplary damages awards under federal law and the applicable state law.

### SIXTY-THIRD AFFIRMATIVE DEFENSE

No act or omission of the Janssen Defendants or J&J was willful, unconscionable, oppressive, fraudulent, wanton, malicious, reckless, intentional, or with actual malice, with reckless disregard for the safety of Plaintiffs, or with conscious disregard and indifference to the rights, safety, and welfare of Plaintiffs, and therefore the Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

### SIXTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaints seek damages in excess of those permitted by law.  The Janssen Defendants and J&J assert any statutory or judicial protection from punitive or exemplary damages which is available under the applicable law, and any award of punitive or exemplary damages is barred.

### SIXTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not the real parties in interest or lack the capacity and/or standing to bring the claims asserted in their Complaints.

### SIXTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' right to recover damages in this action, if any, is statutorily limited by the applicable state's wrongful death statute.

### SIXTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaints fail to state a claim under any applicable state's consumer protection law, consumer fraud law and trade practices law.

### SIXTY-EIGHTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J did not violate any unfair or deceptive trade practice acts other statues under state law and/or these acts and statutes are not applicable to these matters and/or to these Plaintiffs.

### SIXTY-NINTH AFFIRMATIVE DEFENSE

A prescription pharmaceutical is not a consumer product or transaction, or is otherwise not the type of product or transaction covered by the applicable state consumer protection and trade practices law, or consumer fraud laws.

### SEVENTIETH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J assert any other rights or defenses accorded them under any applicable states' law, including the applicable consumer protection, consumer fraud, and trade practices law.

### SEVENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for consortium-related damages are barred to the extent that any other claim contained in Plaintiffs' Complaint is or may be barred.

### SEVENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' right to recover damages in this action, if any, may be statutorily limited by the applicable states' wrongful death and/or survival law.

### SEVENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' actions should be dismissed to the extent that Plaintiffs have asserted the same claims in actions pending in other jurisdictions.

### SEVENTY-FOURTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J hereby give notice that they intend to rely upon

any other affirmative defenses pled by any other defendant and not pled by themselves in this action to the extent they do not conflict with the Janssen Defendants and J&J's own affirmative defenses. The Janssen Defendants and J&J reserve their right to amend their Answer to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson respectfully request that the Court enter judgment in their favor on all claims, and against all other parties together with cost and fees and any other such legal and equitable relief as the Court may deem just and appropriate.

## JURY DEMAND

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho, LLC, and Johnson & Johnson request a trial by jury on all issues so triable.

Dated: June 18, 2015             D<span>RINKER</span> B<span>IDDLE</span> & R<span>EATH</span> LLP

                                 By: /s/ *Susan M. Sharko*
                                     Susan M. Sharko
                                     DRINKER BIDDLE & REATH LLP
                                     600 Campus Drive
                                     Florham Park, NJ 07932-1047
                                     Telephone: (973) 549-7000
                                     Facsimile: (973) 360-9831
                                     susan.sharko@dbr.com


                                 I<span>RWIN</span> F<span>RITCHIE</span> U<span>RQUHART</span> & M<span>OORE</span> LLC

                                 By: /s/ *James B. Irwin*
                                     James B. Irwin
                                     Kim E. Moore
                                     IRWIN FRITCHIE URQUHART &
                                     MOORE LLC
                                     400 Poydras Street
                                     Suite 2700
                                     New Orleans, LA 70130
                                     Telephone: (504) 310-2100
                                     Facsimile: (504) 310-2120
                                     jirwin@irwinllc.com


## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2015, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                                          */s/ James B. Irwin* _____