# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAG. JUDGE NORTH |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| This document only applies to: | * * | |
| MILDRED CHILDS, | * * | CASE NUMBER: 2:14-cv-02960 |
| Plaintiff, | * * | JUDGE:  ELDON E. FALLON |
| v. | * * | MAGISTRATE:  NORTH |
| JANSSEN RESEARCH & DEVELOPMENT, LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO, LLC, JANSSEN PHARMACEUTICALS, INC., f/k/a JANSSEN PHARMACEUTICA, INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE, LLC, BAYER HEALTHCARE AG, and BAYER AG, | * * * * * * * * * * * * * | JURY DEMAND |
| Defendants. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO SUBSTITUTE PARTY PLAINTIFF AND FOR LEAVE TO AMEND COMPLAINT *INSTANTER*

**MAY IT PLEASE THE COURT:**

The Plaintiff, Mildred Childs, a resident of Jefferson Parish, Louisiana, passed away on January 23, 2015. The Plaintiff filed a Notice of Suggestion of Death of Plaintiff with this Court on July 29, 2015. Mildred Child's son, James R. Childs, has been appointed Independent

1

Administrator of the Estate of Mildred Childs by the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[1]

Mildred Childs' claims survive her death and her son, James R. Childs, is entitled to continue her cause of action. La. C.C. art. 2315.1. In addition, James R. Childs is entitled to assert a cause of action for Mildred Childs' wrongful death pursuant to La. C.C. art. 2315.2. Finally, Federal Rule of Civil Procedure 25(a)(1) states that if a party dies and the claim is not extinguished due to the death, the court may order the substitution of parties.

Mildred Childs was prescribed and ingested Xarelto, and as a result of that ingestion, Mildred Childs suffered injuries including a serious lower gastrointestinal bleed for which she was hospitalized and transfused multiple units.  Mildred Childs and James Childs suffered injuries for which they are entitled to pursue causes of action against Defendants, Janssen Research & Development, L.L.C. f/k/a Johnson and Johnson Pharmaceutical Research and Development, L.L.C., Janssen Ortho, L.L.C., Janssen Pharmaceuticals, Inc., f/k/a Janssen Pharmaceutica, Inc., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc., Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healthcare, L.L.C., Bayer Healthcare AG, and Bayer AG (collectively, "the Defendants"). Her death does not preclude or extinguish her cause of action against the Defendants. Mildred Childs is entitled to have James R. Childs, her son and the Independent Administrator of her estate, substituted as Plaintiff in this action.

Moreover, Plaintiff also desires to add Johnson & Johnson Company as a party Defendant pursuant to the Plaintiff Steering Committee's Bundled Complaint and all of its allegations contained therein pursuant to PTO Nos. 11 and 11A.

---

[1] A copy of the Letters of Independent Administration is attached hereto as Exhibit A.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend the party's pleading with the opposing party's written consent or the Court's leave when justice so requires. In this case, justice requires that James R. Childs be allowed to amend the Complaint to include wrongful death and survival action claims. Mildred Childs did not pass away until after the filing of the original Complaint, and therefore, the wrongful death and survival action claims could not be made until this time. Further, Plaintiff did not discover the involvement of Johnson & Johnson in the events giving rise to the Complaint until recently when the Plaintiffs' Steering Committee filed their Bundled Complaint.

## CONCLUSION

Despite her death, the Plaintiff Mildred Childs is entitled to pursue her cause of action against Defendants. Therefore, the Plaintiff respectfully requests that James R. Childs, her son and Independent Administrator of the Estate of Mildred Childs, be substituted as the Plaintiff in this action. In addition, justice requires that James R. Childs be allowed to amend the Complaint to assert wrongful death and survival action claims and to add Johnson & Johnson as a party Defendant pursuant to the Plaintiff Steering Committee's Bundled Complaint with all of the allegations claimed therein.

Respectfully Submitted,

/s/ Mekel S. Alvarez
Morris Bart (LA Bar #02788)
Mekel S. Alvarez (LA Bar #22157)
Morris Bart, LLC
909 Poydras Street, 20th Floor
New Orleans, LA 70112
Telephone: 504-525-8000
Facsimile: 504-599-3392
morrisbart@morrisbart.com
malvarez@morrisbart.com
**COUNSEL FOR PLAINTIFFS**

3

Daniel E. Becnel, Jr. (LA Bar #2926)
Matthew B. Moreland (LA Bar #24567)
Kevin P. Klibert (LA Bar #26954)
Salvadore Christina (LA Bar # 27128)
Becnel Law Firm, LLC
P.O. Drawer H
106 West 7th Street
Reserve, LA 70084
Telephone: 985-536-1186
Facsimile: 985-536-6445
mmoreland@becnellaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this _29th_ day of July, 2015, a true copy of the foregoing

Memorandum in Support of Unopposed Motion to Substitute Party Plaintiff and for Leave to

Amend Complaint *Instanter* was filed electronically. Notice of this filing was sent to all parties

by operation of the Court's electronic filing system. Parties may access this filing through the

Court's CM/ECF system.

/s/ Mekel S. Alvarez_____