UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | MAG. JUDGE NORTH |

******************************************

THIS DOCUMENT RELATES TO: ALL CASES

## DECLARATION OF ROGER C. DENTON

1. I am a senior partner at Schlichter, Bogard & Denton, LLP. I have practiced law since 1982. I have been involved in a number of pharmaceutical litigations and have been actively involved in the discovery process, including the processing of productions received from defendants.

2. My office received and maintained all of the production materials received from the Defendants in the *Yasmin/Yaz MDL 2100* and the *Pradaxa MDL 2385*. I am directly involved in the day to day operations of the production materials in both of these litigations on behalf of the plaintiffs. I am the appointed Liaison Counsel in the *Yasmin/Yaz MDL 2100* and was Co-lead Counsel in the *Pradaxa MDL 2385*.

3. My office is also hosting and processing the production of documents from the defendants in the *Xarelto MDL 2592*.

4. In the *Yasmin/Yaz MDL 2100*, the Bayer defendants produced 313 custodial and non-custodial source files related to general liability. Bayer also produced an additional approximately 125 case specific source files, primarily sales representative materials. The total custodial and non-custodial source files produced for this litigation was approximately 450 different source files. This total does not include production media, audio and other materials that could not be produced in an image format.

5. In the *Pradaxa MDL 2385* the defendants produced 350 custodial and non-custodial source files related to general liability. Defendants also produced an additional approximately 110 case specific source files, primarily sales representative materials. The total custodial and non-custodial files produced for this litigation was 460 different source files. This total does not include production media, audio and other materials that could not be produced in image format.

6. In my experience the volume of documents and different source files produced in the *Yasmin* and *Pradaxa* MDL litigations is typical of pharmaceutical litigation.

7. To date in the *Xarelto MDL 2592*, the defendants have identified 170 custodians that are in various stages of collection, review, processing and production. There are at least another 30 custodians that the PSC has identified who have substantial involvement with Xarelto- for a minimum of 200 custodians with extensive and relevant information related to Xarelto. Given the fact that there are two defendants involved and the drug is still on the market, it is very likely that there will likely be 300 or more employees and former employees of the defendants with relevant information related to general liability in their respective files. Moreover, using *Pradaxa* and *Yasmin* as an example, there will be approximately 200 non-custodial source files related to general liability, as well as general liability materials that cannot be produced in an image format.

8. The limitation of 120 custodial files and 25 non-custodial files suggested in the *Xarelto* litigation will necessarily preclude the PSC from receiving a substantial amount of relevant information leading up to the first trials.

9. According to Mr. Coon's affidavit, the defendants long ago ("well before this MDL was even created") were collecting and preparing documents for production. This litigation began in June 2014 in federal court – 13 months ago. During these 13 months, Bayer has produced parts of 4 employee files and Janssen has produced parts of 11 employee files and to date neither defendant has certified that it has produced a complete file for a single employee.

10. The PSC's proposal for completion of production (of an extremely limited number of custodial files) by January 2016 – 19 months after this case was filed and defendants began their production efforts - is in line with the pace in the *Pradaxa MDL 2385,* wherein the defendants produced all of the relevant documents in 18 months and in *Pradaxa* there were no imposed arbitrary limits on production materials. In the *Yasmin MDL*, all the substantial and necessary productions to prepare for early trials were completed in approximately 22 months again without any arbitrarily imposed limitations on production materials. In short, the PSC's proposed production deadline is not unprecedented.

11. Mr. Coon in his affidavit suggests that a review team of 250 people is "unprecedented" in size. I have knowledge from pleadings and hearings in the *Pradaxa MDL* that the defendant had between 300 and 400 document reviewers. If the 250 Xarelto reviewers are evenly split between Bayer and Janssen, a team of 125 per defendant is substantially less than what is typical in this type of litigation. There are no technical reasons preventing the defendants from substantially increasing the size of their review teams thereby substantially increasing the volume of production.

12. Mr. Coon in his affidavit suggests that the average size of a custodial file is approximately 50,000 documents. However, my experience in both the *Yaz MDL* and the

*Pradaxa MDL* shows that the average size of custodial files in approximately 20,000 documents.

I declare pursuant to 28 USC 1746, that this declaration is executed under penalty of perjury and that the forgoing is true and correct.

August 3, 2015

/s/ Roger C. Denton
Roger C. Denton