UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

MDL No. 2592

SECTION L

JUDGE ELDON E. FALLON

MAGISTRATE JUDGE NORTH

**THIS DOCUMENT RELATES TO:**

Donna Samford, as Representative of the
Estate of Stephen Samford, deceased
Civil Action No.: 2:15-cv-01327-EEF-MBN

**PLAINTIFF'S EXPARTE REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Donna Samford, as Representative of the Estate of Stephen Samford, deceased, by and through her counsel of record, pursuant to Federal Rule of Civil Procedure 41(a)(2), and in accordance with her separately filed Motion for Voluntary Dismissal Without Prejudice, and hereby files this Reply to Defendants' Memorandum in Opposition to Motion to Dismiss without Prejudice. For the following reasons, Plaintiff respectfully requests that the Court dismiss Plaintiff's case without prejudice.

Federal Rule of Civil Procedure 41(a)(2) provides:

> *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Federal Rule of Civil Procedure 41(B):

1

> *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal –or state- court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

In support thereof, Plaintiff also states as follows:

a.  On July 1, 2015, Plaintiff's e-mailed defense counsel, James Irwin, to request consent to file a Stipulation to Dismiss which was denied by defense counsel on July 2, 2015.

b.  On July 2, 2015, Plaintiff's counsel suggested filing a dismissal without prejudice if the dismissal required filing in the MDL if the case is ever refilled.  No reply was received and Plaintiff's counsel tried again to email with defense counsel on July 7, 2015 where Mr. Irwin replied that he would call on July 8, 2015 to discuss.  Plaintiff's counsel was unable to make a connection with defense counsel to discuss this matter further.

c.  On July 13, 2015, Plaintiff's counsel again reached out via email to Mr. Irwin requesting to meet and confer but there was no reply.

d.  On July 30, 2015, Plaintiff's counsel again reached out to Mr. Irwin via email to request a meet and confer to discuss the contents of the Opposition that defense counsel filed on July 29, 2015.  Plaintiff's counsel again stated if Defendant's would agree to the case being dismissed without prejudice, they were willing to stipulate that any subsequent re-filing must be made in this MDL.  To date, no reply.

e.  On August 3, 2015, Plaintiff's counsel continued to try to reach out via email but still no reply.

On July 16, 2015, undersigned counsel met all requirements by taking action to file the voluntary dismissal without prejudice, at the Plaintiff's request, against all

defendants along with a proposed court order. There have been no counterclaims filed against Plaintiff nor are there any previously dismissed federal or state court actions based on the same claims. As such, Plaintiff asked Defendants to consent to filing this motion without prejudice or, in the alternative, Plaintiff also offered that the Court order if Plaintiff's cause of action is ever to be re-filed, that it will only be filed in Federal Court/this MDL so as to alleviate Defendant's forum shopping concerns. To date, no reply has been received from defense counsel to allow such discussions to meet and confer.

Accordingly and for these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Voluntary Dismissal without prejudice or in the alternative, issue an order granting Plaintiff's Voluntary Dismissal without prejudice and order that if Plaintiff's claims are ever reasserted, Plaintiff can only do so in federal court.

Dated this 4th day of August, 2015.          **Respectfully submitted,**

*/s/ Ryan L. Thompson*
**WATTS GUERRA LLP**
**Ryan L. Thompson**
*Attorney in Charge*
Texas State Bar No. 24046969
5726 W. Hausman, Suite 119
San Antonio, Texas 78249
Telephone: 210.448.0500
Fax: 210.448.0501
Email: rlt-bulk@wattsguerra.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

*/s/ Ryan L. Thompson*
Ryan L. Thompson