UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2592 |
| | * | SECTION L |
| | * * | JUDGE ELDON E. FALLON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | * * * | MAG. JUDGE NORTH |
| | * | |

*********************************************

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR POSITION
ON DOCUMENT PRODUCTION ISSUES**

Defendants submit this Reply Brief to address two important points in Plaintiffs' submission.

First, a comment on the only evidence that Plaintiffs submit to support their position that Defendants should be compelled to complete production of 185 custodial and non-custodial files in less than 12 months: Mr. Denton's Declaration -- which actually supports Defendants' position on this issue.

1. While Mr. Denton reports that the average custodial file size in the YAZ and Pradaxa litigations was 20,000 documents, the Xarelto litigation is clearly different. Defendants have currently produced materials for 21 custodians with an average of more than 46,000 documents produced per file. At least four of those files have a final substantial production to be made in August which will push the average over 50,000 documents. And this is a production figure; the

volume of documents that must be initially reviewed is higher. Actual data shows that custodial files in Xarelto are running well more than double the average size in YAZ or Pradaxa.[1]

2. The Yasmin/YAZ production that Mr. Denton describes in his Declaration required 30 months to complete. After 22 months, the court issued an order staying discovery. That order was lifted in 2014 and another eight months of production took place, including production of many additional custodians. The number of custodial and non-custodial files that Mr. Denton mentions is for the entire 30 month period, not 22 months. Coon June 19, 2015 Declaration ¶ 6, July 21, 2015 Declaration fn. 2. Regardless, the vital point is that in Xarelto Defendants would need to produce half of the number of files produced in YAZ but in less than half of the time that was needed to perform the work in YAZ. And, as stated above, to date the Xarelto custodial files are more than double the average in YAZ.

3. Mr. Denton states that the Pradaxa litigation production period was 18 months. This is far longer than the time proposed for production in Xarelto. More revealing, it is well known that there were numerous problems with the document production in Pradaxa leading to cancellations of depositions and repeated depositions, multiple revisions to the pretrial schedule, and at least two motions for sanctions. While there were various causes that contributed to these problems, compressing a massive document production into a short time frame was a significant factor. These are assuredly problems that the Court would desire to avoid in this litigation.[2]

---

[1] The larger Xarelto files size is not surprising. Xarelto covers a more recent time period and, as everyone knows, the use and storage of electronic information expands exponentially over time.

[2] Defendants expanded their document review teams to 320 attorneys, not including dozens of additional vendor personnel and outside counsel supervisors working on this project. Coon July 12, 2015 Declaration ¶ 17. The 250 number used by Mr. Denton is based on an earlier declaration from Mr. Coon and fails to account for increased staffing since that time.

Second, there is an easy and obvious solution to this dilemma. In their brief Plaintiffs raise the relatively short time frame between end of document discovery and end of depositions as an issue requiring attention. The solution to that problem is not to enshrine an unworkable schedule as Plaintiffs propose, but to agree to an initial trial date that is four weeks after the September 12, 2015 date now under consideration. Defendants' Proposal B, which is contained in Exhibit B to their July 21, 2015 letter to the Court, shows how the Court can accommodate both parties' concerns. Trying the first case in mid-October rather than mid-September will have no deleterious effects on any party. Plaintiffs don't argue to the contrary. Their papers suggest no reason why adding four weeks to the schedule would do anything but make it more likely that both parties can do their jobs and better prepare for bellwether trials.

Respectfully submitted,

KAYE SCHOLER LLP

By: /s/ *William Hoffman*
    William Hoffman
    Steven Glickstein
    KAYE SCHOLER LLP
    The McPherson Building
    901 Fifteenth Street, NW
    Washington, DC 20005
    Telephone: (202) 682-3550
    Facsimile: (202) 414-0355
    william.hoffman@kayescholer.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
    Susan M. Sharko
    DRINKER BIDDLE & REATH LLP
    600 Campus Drive
    Florham Park, NJ 07932-1047
    Telephone: (973) 549-7000
    Facsimile:  (973) 360-9831
    susan.sharko@dbr.com

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: /s/ *Timothy S. Coon*
    Timothy S. Coon
    ECKERT SEAMANS CHERIN & MELLOTT, LLC
    600 Grant Street, 44th Floor
    Pittsburgh, PA 15219
    Telephone: (412) 566.1214
    Facsimile: (412) 566-6099
    tcoon@eckertseamans.com

        IRWIN FRITCHIE URQUHART & MOORE LLC

        By: */s/ James B. Irwin*
            James B. Irwin
            Kim E. Moore
            IRWIN FRITCHIE URQUHART
            & MOORE LLC
            400 Poydras Street
            Suite 2700
            New Orleans, LA 70130
            Telephone: (504) 310-2100
            Facsimile:  (504) 310-2120
            jirwin@irwinllc.com

        CHAFFE MCCALL L.L.P.

        By: */s/ John F. Olinde*
            John F. Olinde
            CHAFFE McCALL L.L.P.
            1100 Poydras Street
            Suite 2300
            New Orleans, LA 70163
            Telephone: (504) 585-7241
            Facsimile: (504) 544-6084
            olinde@chaffe.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 10, 2015, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

        */s/ James B. Irwin*
        **James B. Irwin**