

CLERK'S OFFICE
A TRUE COPY

Aug 13 2015

Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION                                                         MDL No. 2592

**TRANSFER ORDER**

  **Before the Panel:** Plaintiffs in the actions listed on Schedule A (*Lomax* and *Ramsey*) move under Panel Rule 7.1 to vacate our order conditionally transferring their actions to MDL No. 2592. Defendants oppose the motions to vacate.[1]

  In support of their motions to vacate, the *Lomax* and *Ramsey* plaintiffs principally argue that their actions were improperly removed, and motions for remand to state court are pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present arguments regarding those issues to the transferee judge.[2] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

  After considering the argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2592, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that their actions share questions of fact with MDL No. 2592. Like many of the already-centralized actions, *Lomax* and *Ramsey* involve factual questions arising from allegations that Xarelto causes severe bleeding and other injuries and that defendants did not adequately warn prescribing physicians or consumers of the risks associated with Xarelto. *See In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402 (J.P.M.L. 2014).

  IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings.

---

  [1] Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Bayer Corporation, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC.

  [2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION**  MDL No. 2592

### SCHEDULE A

<u>Eastern District of Missouri</u>

| | |
|---|---|
| 2:15-cv-03413 | LOMAX, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL., C.A. No. 4:15-00541 |
| 2:15-cv-03414 | RAMSEY, ET AL. v. JANSSEN RESEARCH AND DEVELOPMENT, LLC, ET AL., C.A. No. 4:15-00596 |