

*Via Email*

August 3, 2015

Jennifer La Mont, Esq.
Drinker Biddle & Reath LLP
600 Campus Dr.
Florham Park, NJ  07932-1047

Timothy S. Coon, Esq.
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219

> RE:   In re: Xarelto (Rivaroxaban) Products Liability Litigation, MDL No. 2592
>
> In re: Xarelto Products Liability Litigation, Philadelphia Court of Common Pleas, No. 002349
>
> IMS Data:   For prescribing physicians and one treating physician identified by each plaintiff in the actions, the name and address of the HCP and prescribing history data such as the number of new prescriptions, the units, and the number of total prescriptions for Xarelto for 2011 to the present

Dear Ms. La Mont and Mr. Coon:

This letter will serve as a response to your requests on behalf of your respective clients: Janssen Research & Development, LLC; Jannsen Ortho, LLC; Janssen Pharmaceuticals, Inc.; Johnson & Johnson (collectively, "Janssen"); Bayer Corporation; Bayer Healthcare, AG; Bayer Pharma, AG; Bayer, AG; Bayer Healthcare, LLC; and Bayer Healthcare Pharmaceuticals, Inc. (collectively, "Bayer") (hereinafter, collectively, the "CLIENTS"), to use the above-referenced IMS Data (the "IMS Information") in connection with the above-referenced litigations (the "Litigations").  IMS represents that IMS Information is confidential and proprietary to IMS.  As you may be aware, IMS Information retains its value to IMS so long as it is treated in accordance with the requirements of law affording certain protection for such information (e.g., laws governing trade secrets and copyrights).  In addition, IMS has certain contractual obligations of confidentiality with its data sources and clients.

You have requested that IMS consent to CLIENTS' use of IMS Information in the Litigations, subject to the respective protective orders, particularly, Pretrial Order No. 12, Stipulated Protective Order, filed May 4, 2015, in the Eastern District of Louisiana, and Case Management Order No. 5, Stipulated Protective Order, filed May 19, 2015, in the Philadelphia Court of Common Pleas, both of which are attached hereto as Exhibits A-1 and A-2 (the "Protective Orders").  In order to provide consent to this request, it is necessary that, on behalf

of CLIENTS, you represent and agree that any such usage or disclosure of IMS Information will be treated in a manner which does not compromise the above-mentioned protections or obligations. Further, consent to such use of any IMS Information in the Litigations is subject to your agreement to the following:

  A. Prior to disclosure of IMS Information in the Litigations, you shall designate IMS Information as HIGHLY PROTECTED and proprietary to IMS and in a manner so as to be subject to the Protective Orders. To the extent any terms of the Protective Orders are inconsistent with the terms of this letter, the terms of this letter shall control. Access to and use of IMS Information shall be strictly limited to purposes directly related to the Litigations.

  B. Prior to using any IMS Information in filings in the court or otherwise producing IMS Information as part of the Litigations, you shall ensure that:

    1. Production of IMS Information shall be limited to that portion of IMS Information that is relevant to the Litigations, except where the context or applicable rules of civil procedure otherwise specifically requires. Without limiting the foregoing, IMS Information produced in the Litigations will include only the individual prescribers whose prescribing behavior is directly relevant to such Litigations and whom the plaintiffs have themselves expressly identified.

    2. Any person or entity receiving IMS Information in connection with the Litigations shall only use IMS Information for purposes directly related to reaching an outcome in the Litigations and shall not in any event use IMS Information for any business, competitive, personal, private, public, or other purpose.

    3. All documents containing IMS Information shall be marked "HIGHLY PROTECTED – SUBJECT TO PROTECTIVE ORDER," or marked in such other manner so as to be identified as a document requiring highly confidential treatment under the terms of the Protective Orders. Any person or entity receiving IMS Information shall be apprised of the confidential and proprietary nature of such information.

    4. No person or entity that obtains access to IMS Information shall attempt to identify any person or entity (including any patient, consumer, outlet, supplier, plan, pharmacy or prescriber) that is not readily identifiable in the IMS Information. No person or entity that obtains access to any IMS Information shall attempt to contact, for the purpose of obtaining testimony or otherwise, any person or entity (including any patient, consumer, outlet, supplier, plan, pharmacy or prescriber) identified in or identifiable from the IMS Information. Nothing in this paragraph prohibits any person from identifying or contacting any person or entity that they have knowledge of

from sources other than IMS Information, nor does this paragraph authorize any person to contact any person or entity.

5. When IMS Information is used in or as part of a proceeding in the Litigations, IMS will only act as an objective service provider and not as an expert on behalf of a client or any party. As more fully described in the Statement of IMS Health Regarding Use of Prescriber Data in Legal Proceedings or Government Investigations, attached hereto as Exhibit B ("IMS Statement"), IMS Information may reflect projections, estimates, forecasts, or other analyses of data which are the result of either IMS standard processes or specifications developed or approved by the client. The parties acknowledge that IMS Information, although appropriate for its intended purpose of supporting business and marketing analyses in industries such as the pharmaceutical industry, contains data that is susceptible to error or variance, and is not intended by IMS to be used to establish any fact. Any person or entity receiving IMS Information in connection with the Litigations shall receive a copy of the IMS Statement.

6. Any reports, documents, or exhibits prepared by CLIENTS which contain IMS Information together with information from other sources shall be identified a such, and shall not be represented as a report, document, or exhibit prepared by IMS.

7. IMS will not offer testimony or other evidence regarding the interpretation of the results of the data provided by IMS or the services performed by IMS in connection with the Litigations. In addition, IMS will not provide any advice or engage in any advocacy with respect to witness testimony or expert analysis of any other party. Also, IMS will not provide any opinion as to the relative merits of the clients' or the other party's positions in the Litigations.

8. The IMS Information shall not be placed in any information repository accessible to any person or entity not directly involved in the Litigations, and shall not otherwise be made available to any person or entity not directly involved in the Litigations.

9. In no event shall any disclosure of IMS Information be made to any competitor of IMS, or to any person who, upon reasonable good faith inquiry, could be determined to be an employee of any competitor of IMS, irrespective of whether that person is retained as an expert in the Litigations. No person or entity that obtains access to any IMS Information shall in any manner whatsoever attempt to reverse engineer or disassemble such information or attempt to ascertain the methodologies by which such information was obtained, sorted, projected, or manipulated.

10. Prior to disclosure of IMS Information to any individual plaintiff in the Litigations, such plaintiff's counsel shall sign a copy of this letter, acknowledging and agreeing to be bound by the terms and conditions of this letter. CLIENTS shall provide to IMS a copy of such letter(s) upon request from IMS.

11. If CLIENTS or any other party to whom disclosure may be made in the Litigations desire to use at trial or in any public court proceeding any of the above-referenced IMS Information, CLIENTS or the party seeking to use the IMS Information shall request the court to permit presentation of such material with only counsel and court personnel present or in such other manner as the court deems appropriate to maintain the confidentiality of the IMS Information. At no time may the IMS Information be disclosed without the "Highly Protected" designation or an equivalent designation that is intended to ensure highly confidential treatment of such IMS Information.

12. In no event shall IMS be liable for any consequential, special, exemplary, or similar types of damages, including but not limited to third party claims, whether foreseeable or not, arising in connection with the use of IMS Information in the Litigations, even if IMS has been advised of the possibility of such damages. Any reliance on or decision based on IMS Information is the sole responsibility of you and the entity that receives the IMS Information in the Litigations.

13. Each person or entity having received IMS Information shall comply with paragraph 32 of the Stipulated Protective Order filed in the Eastern District of Louisiana (Exhibit A-1) or paragraph 31 of the Stipulated Protective Order filed in Philadelphia Court of Common Pleas (Exhibit A-2), as applicable. Compliance with the terms of such Protective Orders shall be made within 90 days of the termination of the respective action, and written attestations that all copies of IMS Information have been destroyed or returned shall be provided to IMS upon request.

Subject to your agreement with the foregoing, and in reliance on your representation that the above terms are acceptable to all plaintiffs or parties in the Litigations, IMS will consent to your request. If the above terms are acceptable, please counter-sign a copy of this letter where indicated and returned to my attention. Thank you.

Very Truly Yours,

/s/

Maureen Nakly
Senior Attorney
IMS Health Incorporated

Acknowledged and Agreed by:

COUNSEL FOR JANSSEN

BY: _____

TITLE: _____

DATE: _____


COUNSEL FOR BAYER

BY: _____

TITLE: _____

DATE: _____


PLAINTIFFS' COUNSEL IN THE
E.D. LA. LITIGATION

BY: _____

TITLE: _____

DATE: _____


PLAINTIFFS' COUNSEL IN THE
PHILADELPHIA LITIGATION

BY: _____

TITLE: _____

DATE: _____