UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2592 |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |
| ************************************************ | * | |

**THIS DOCUMENT RELATES TO:**
    Lynne Perry, 15-2153
    Donna Samford, 15-1327
    Margery Newkirk , 15-2593

## ORDER & REASONS

Before the Court are Plaintiff Lynn Perry's Motion to Dismiss without Prejudice (Rec. Doc. 1105), Donna Samford's Motion to Dismiss without Prejudice (Rec. Doc. 1122), and Margery Newkirk's Motion to Dismiss without Prejudice (Rec. Doc. 1131). Plaintiffs' motions fail to provide any explanation for the need for dismissal without prejudice. Defendants oppose the motions, arguing that they will suffer prejudice if Plaintiffs intend to refile their claims in a more favorable forum. Defendants also aver that they are unable to predict the legal prejudice they will suffer because Plaintiffs fail to identify where they intend to refile their cases. If Plaintiffs seek to refile in state court, Defendants maintain that they will be deprived of the benefits associated with consolidated pre-trial proceedings afforded by the MDL and will be prejudiced by the expense of litigating cases in states across the country. Further, Defendants emphasize that they will lose the ability to question Plaintiff's treating physician, in their view the most important witness, live at trial on the matter.

Ms. Samford replies to Defendants' Opposition and details numerous attempts her counsel undertook to meet and confer with Defense Counsel to negotiate a Stipulation of

Dismissal.  (Rec. Doc. 1199 at 2).  Ms. Samford indicates that she agrees to a dismissal without prejudice with the condition that she will only refile in federal court/MDL No. 2592  (Rec. Doc. 1199 at 3).  Defense Counsel represented to the Court that they do not oppose voluntary dismissal with this condition.   The Court will thus grant Ms. Samford's motion with that condition.

Looking to the other two motions, the Fifth Circuit has instructed that "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaov. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2000).  *See also Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990).  "If the district court concludes that granting the motion unconditionally will cause plain legal prejudice, it has two options, it can deny the motion outright or it can craft conditions that will cure the prejudice." *Elbaou*, 279 F.3d at 317-18.

Here, Defendants have highlighted the prejudice they will incur if the Court grants Plaintiffs' motions, including losing the ability to question Plaintiffs' treating physician live at trial and the efficacy of consolidated pretrial proceedings.  Further, granting these motions, without any explanation as to why Plaintiffs seek dismissal of their claims without prejudice, would establish the precedent for future Plaintiffs to engage in forum shopping.  Since Plaintiffs offer no explanation for their voluntary motions to dismiss without prejudice, the Court finds the potential prejudice to Defendants is sufficient to deny these motions pursuant to Rule 41(a)(2).  Accordingly,

**IT IS ORDERED** that Plaintiff Lynn Perry's Motion to Dismiss without Prejudice (Rec. Doc. 1105) and Margery Newkirk's Motion to Dismiss without Prejudice (Rec. Doc. 1131) are

**DENIED**. The Court notes that Plaintiffs can re-urge these motions at a later date if they provide satisfactory reasoning for their voluntary motion to dismiss without prejudice or receive the consent of Defendants;

**IT IS FURTHER ORDERED** that Plaintiff Donna Samford's Motion to Dismiss without Prejudice (Rec. Doc. 1122) is **GRANTED** with the condition that if Ms. Samford re-files her claim, she re-files in federal court or MDL No. 2592.

New Orleans, Louisiana this 17th day of August, 2015.

_____
UNITED STATES DISTRICT JUDGE