UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION L<br>JUDGE ELDON E FALLON<br>MAG. JUDGE NORTH |

## PRETRIAL ORDER NO. 21

## CONSENT ORDER REGARDING DOCUMENT PRODUCTION PROTOCOL

The Parties having conferred, consented, stipulated and agreed to entry of the within Consent Order, and good cause appearing therefore, it is hereby **ORDERED,** as follows.

1. Defendants will make at least on average a monthly production of 5 million pages per month (collective for all Defendants) through July 29, 2016. The page count shall be determined by the Bates number ranges produced during any respective month with the understanding that all Parties are proceeding reasonably and in good faith. Defendants will not hold back production of files ready to be produced on the basis that they have already exceeded the 5 million pages per month threshold. Documents shall be produced on a rolling basis as they are ready for production. The intent of this Order is that the Defendants collectively will produce as close to if not more than 5 million pages each month while maintaining the five million page monthly average. The Parties recognize that certain documents are produced in native form. To the extent there may be a dispute about volume produced, documents produced as native only are to be included in overall production figures.

2. Provided Defendants comply with Paragraph No. 1 above, Defendants do not have an obligation to produce documents after July 29, 2016 absent express written agreement between Defendants and Plaintiffs, or upon order of the Court after good cause shown by Plaintiffs.

3. The Plaintiffs' Steering Committee ("PSC") will coordinate document requests with the leadership in the Pennsylvania litigation with the understanding that any document requested from the Pennsylvania litigation over and above the documents requested in the MDL may impact Defendants' ability to produce 5 million pages per month in the MDL. To the extent the plaintiffs in the Pennsylvania litigation request documents that are not part of a coordinated request in the MDL, the PSC agrees that the documents produced in response to the Pennsylvania request will be counted toward the 5 million pages per month limit unless the PSC shows good cause after meet and confer, and the Court orders that such productions should not be counted against the limit.

4. In addition to the 59 source files previously provided to the Defendants by Plaintiffs, Plaintiffs will provide a list to Defendants by September 11, 2015, of the initial non-custodial files and additional custodial files that Plaintiffs request to be produced. Plaintiffs shall not withdraw their requests for any of the 59 source files previously identified.

5. Thereafter, on at least the first business day of each month, starting October 1, 2015 and continuing through April 1, 2016, Plaintiffs will identify additional custodial and non-custodial files to be produced. All such designations of files to be produced shall be made in good faith.

Within 10 days of receipt of the files designated for production by Plaintiffs, Defendants will advise Plaintiffs of the approximate size of the custodial file and the time expected for production. Plaintiffs may withdraw their requests for no more than six files based on that advice, unless the Parties agree otherwise following a meet and confer; such withdrawals shall be reasonably divided between the Defendants. Once Plaintiffs withdraw a request for a particular file, it may not be requested again. The Parties will act in good faith to ensure that the withdrawal of a file will not impact the average production of 5 million pages per month. The Parties will meet and confer as to whether the size of the file impacts the priority of the production of the file.

6. The production of detail representative custodial files shall be subject to the provisions of Paragraph 10, which require at least 75 days' notice for production of a deponent's file. Unless Plaintiffs notify the Defendants that a particular detail representative custodial file need not be produced, detail representative custodial files shall be considered to be requested for production by Plaintiffs within fourteen (14) days from the date the bellwether discovery pool plaintiffs are selected when only one detail representative has been identified in the Defendant Fact Sheet (DFS). To the extent more than one detail representative was designated in the DFS, Plaintiffs shall have thirty (30) days from the date the bellwether discovery pool plaintiffs are selected to designate the detail representative custodial file to be produced so that files can be identified and produced promptly in anticipation of the detail representative depositions that will likely be taken by Plaintiffs in advance of the August 1, 2016 bellwether nomination date.

7. Defendants will make all reasonably practicable efforts to advise Plaintiffs by May 1, 2016, but no later than May 15, 2016, whether the expected amount of work for all file requests pending as of April 1, 2016 cannot be completed by July 29, 2016 based on 5 million pages per month production, or whether Defendants would be able to produce additional files beyond those pending as of April 1, 2016 based on 5 million pages per month production. If the Defendants have the capacity within the 5 million pages per month to process and produce additional files, then Defendants will not object to requests for additional files after April 1, 2016 as long as production is within the 5 million pages per month. The Parties will promptly meet and confer as to files to be completed by the July 29, 2016 cutoff.

8. The average monthly production of 5 million pages includes all pages from all of the types of source files requested by Plaintiffs in this matter – corporate custodial files, detail representative custodial files, and non-custodial files.

9. Plaintiffs have made two requests totaling 59 specific custodial files. Defendants will focus on completing production of those files first before moving on to other materials absent a specific agreement with Plaintiffs otherwise or as set out in paragraph 4.

10. Absent good cause, a request for a custodial file or an update to a previously produced file must be made at least 75 days in advance of any proposed deposition of that custodian so that the file review can be completed and production made at least 30 days in advance of the deposition.

11. Plaintiffs can make reasonable requests, and Defendants will attempt to reasonably accommodate, priorities for production among files requested.

12. If Plaintiffs request production of a file and later withdraw that request within ten (10) days after the Defendants have advised Plaintiffs of the size of the file and the expected time to produce, all pages of that file reviewed before the withdrawal of the request will count towards the average monthly production of 5 million pages.

13. File requests made by Plaintiffs (exclusive of detail representative files) are to be divided reasonably between the Bayer Defendants and the Janssen Defendants. If Plaintiffs request files disproportionally between Bayer and Janssen, the Parties understand it could affect the production deadline and the Parties will meet and confer on any such issues.

14. The files to be produced will include at least a substantial majority of the custodial and non-custodial files identified to Plaintiffs on June 27, 2015 where review work has been partially done or that were collected for review.

15. Defendants reserve all rights to object to a file request on any grounds and will notify Plaintiffs in writing of any objections to a particular request and provide a summary of the reason for each objection. The Parties will meet and confer on any objections and, if not resolved, either party may submit to the Court.

16. Defendants shall notify Plaintiffs when production of a custodial or non-custodial file has been completed to Defendants' knowledge and information after reasonable inquiry and the date upon which the file was collected.

17. The Parties will designate liaison(s) from each side to regularly communicate on discovery issues pertaining to document production. Each party recognizes the need to cooperate and proceed in good faith. Further, the Parties intend to keep the Court informed as to the status of document production on the bi-weekly discovery calls with the Court so that the Court can ensure that each party is providing the information necessary for document production consistent with this Order.

New Orleans, Louisiana this 17th day of September, 2015.

*Eldon E. Fallon*

Honorable Eldon E. Fallon
United States District Court