Will Kemp, Esq.
Nevada Bar No.: 1205
Eric M. Pepperman, Esq.
Nevada Bar No.: 11679
KEMP, JONES & COULTHARD, LLP
3800 Howard Hughes Pkwy., 17th Fl.
Las Vegas, NV 89169
m.jacobs@kempjones.com
702.385.6000 (work)
702.385.6001 (fax)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO® PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | Section: L<br>Judge Fallon<br>Mag. Judge Shushan |
| This Document Relates To: Case No: 2:14-cv-02944 | |

### EX PARTE/CONSENT MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff, JUDITH GAIL TAGGART, by and through her attorneys of record, hereby files this ex parte/consent motion for leave to amend her complaint. A copy of Plaintiff's proposed First Amended Complaint is attached as Exhibit 1. This motion is made and based upon Fed. R. Civ. Pro. 15(a), Local Rule 7.6, the certification of counsel as to Defendants' consent to this motion, and the pleadings and papers on file in this MDL.

Dated this 18th day of September, 2015.

KEMP, JONES & COULTHARD, LLP

/s/ Eric Pepperman
Will Kemp, Esq.
Nevada Bar No.: 1205
Eric M. Pepperman, Esq.
Nevada Bar No.: 11679
3800 Howard Hughes Pkwy., 17th Fl.
Las Vegas, NV 89169
m.jacobs@kempjones.com
Attorneys for Plaintiff

## CERTIFICATION OF CONSENT BY OPPOSING COUNSEL

Eric M. Pepperman, Esq., Declares under penalty of perjury as follows:

1. I am an attorney with the law firm of Kemp, Jones & Coulthard, LLP, counsel of record for Plaintiff, JUDITH GAIL TAGGART, in the above-captioned matter.

2. Prior to submitting this motion, I met and conferred via email and telephone with James Irwin, Esq. and Kelly Brilleux, Esq. of the law firm IRWIN FRITCHIE URQUHART & MOORE LLC, Liaison Counsel for Defendants in this matter.

3. Ms. Brilleux confirmed on September 15, 2015, that none of the Defendants oppose this motion.

Dated this 18th day of September, 2015

KEMP, JONES & COULTHARD, LLP

*/s/ Eric Pepperman*
Will Kemp, Esq.
Nevada Bar No.: 1205
Eric M. Pepperman, Esq.
Nevada Bar No.: 11679
3800 Howard Hughes Pkwy., 17th Fl.
Las Vegas, NV 89169
m.jacobs@kempjones.com
Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

This action was brought on behalf of Plaintiff JUDITH TAGGART because Plaintiff's spouse, RICHARD H. TAGGART (deceased), suffered injuries and ultimately died from the severe effects of bleeding caused by the prescription drug rivaroxaban manufactured and distributed by Defendants under the trade name Xarelto. At the time that Plaintiff filed her initial complaint, there had not been an administrator appointed for the Estate of Richard Taggert (the "Estate"). Plaintiff has now been appointed as Special Administrator for the Estate, and she seeks leave to file a first amended complaint to assert her claims both in her individual capacity and in her capacity as Special Administrator for the Estate. No other changes have been made to Plaintiff's initial complaint.

Rule 15(a) of the Federal Rules of Civil Procedure requires Plaintiff to seek leave from the Court to amend her complaint:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
> > (A) 21 days after serving it, or
> >
> > (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. **The court should freely give leave when justice so requires.**

Fed. R. Civ. Pro. 15(a) (bold added). The applicable time limits under Rule 15(a)(1) have both passed since Plaintiff filed her initial complaint. Thus, Plaintiff seeks leave to amend from this Court.

Courts apply Rule 15(a) with extreme liberality. "The following factors guide a court's determination of whether a motion to amend should be granted: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997) (internal citation omitted). There has been no undue delay here because Plaintiff was only recently appointed Special Administrator for the Estate. Plaintiff's proposed amendment is not in bad faith, as she indicated in her initial complaint that this amendment was forthcoming after the probate process was resolved. Plaintiff's proposed amendment does not relate

to her claims, so it is not futile. Finally, this case is in its infancy, and it is one of many similar actions pending against the Defendants. Thus, Defendants will suffer no prejudice if this motion is granted. Accordingly, Plaintiff respectfully requests leave to file her proposed amended complaint attached as Ex. 1.

Dated this 18th day of September, 2015.

KEMP, JONES & COULTHARD, LLP

/s/ Eric Pepperman
Will Kemp, Esq.
Nevada Bar No.: 1205
Eric M. Pepperman, Esq.
Nevada Bar No.: 11679
3800 Howard Hughes Pkwy., 17th Fl.
Las Vegas, NV 89169
m.jacobs@kempjones.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2015, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

*/s/ Monica Jacobs*
An Employee of Kemp, Jones & Coulthard