# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION                        MDL No. 2592

## TRANSFER ORDER

**Before the Panel:** Plaintiffs in the action listed on Schedule A (*Nash*) move under Panel Rule 7.1 to vacate our order conditionally transferring their action to MDL No. 2592. Defendants oppose the motion to vacate.[1]

After considering the argument of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2592, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that their action shares questions of fact with MDL No. 2592. Like many of the already-centralized actions, *Nash* involves factual questions arising from allegations that Xarelto causes severe bleeding and other injuries and that defendants did not adequately warn prescribing physicians or consumers of the risks associated with Xarelto. *See In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402 (J.P.M.L. 2014).

In support of their motion to vacate, plaintiffs principally argue that *Nash* was improperly removed and the transferor court should be allowed to rule on the pending motion to remand to state court. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present arguments regarding those issues to the transferee judge.[2] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings.

---

[1] Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Bayer HealthCare LLC, and Bayer Corporation.

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION**                                                           MDL No. 2592

## SCHEDULE A

<u>Central District of California</u>

NASH, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL.,
      C.A. No. 2:15-03868