# EXHIBIT 1

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

IN RE:  XARELTO (RIVAROXABAN)  MDL No. 2592
PRODUCTS LIABILITY LITIGATION

               SECTION L

THIS DOCUMENT RELATES TO ALL ACTIONS  JUDGE ELDON E FALLON

               MAG. JUDGE NORTH

## <u>CASE MANAGEMENT ORDER NO. 3</u>

The Court entered Case Management Order 2, on consent of the parties, which addressed the course of the proceedings in this litigation through the first four bellwether trials.  The parties were unable to resolve their differences concerning the method of selecting discovery pool plaintiffs and bellwether trial plaintiffs, and have accordingly submitted their dispute to the Court.  After fully considering each party's position, the Court hereby Orders as follows:

1. **Process for Selection into the Bellwether Discovery Pool**

  a. Forty individual plaintiff cases will be selected for the discovery pool.

  b. The parties shall continue to meet and confer to reach consensus on the appropriate eligibility criteria for inclusion into the initial plaintiff bellwether discovery pool and the appropriate case categories based upon a census of the docket using data maintained by BrownGreer through MDL Centrality.  The eligibility criteria and case categories shall be subject to a later order of this Court.

  c. Plaintiffs will select 10 individual plaintiff cases, and Defendants (collectively) will select 10 individual plaintiff cases to be included in the

discovery pool.   Plaintiffs and Defendants shall be allowed to select any eligible plaintiff from any category with the understanding that the purpose of the bellwether process is to identify representative plaintiffs for discovery and trial.

    d.   Cases will be selected for the discovery pool as follows:

        i)   20 individual plaintiff cases where venue is proper in the United States District Court, Eastern District of Louisiana;

        ii)  6 individual plaintiff cases where venue is proper in a federal district in the State of Mississippi;

        iii) 2 individual plaintiff cases where venue is proper in a federal district in the State of Texas;

        iv) 6 individual plaintiff cases where venue is proper in a federal district in any of six [two] states chosen by Plaintiffs ; and

        v)  6 individual plaintiff cases where venue is proper in a federal district in any of six [two] states chosen by Defendants.

Each of the states selected by Plaintiffs or Defendants must have at least 20 properly venued plaintiffs.   For the purpose of determining where a plaintiff is properly venued, non-Louisiana plaintiffs who direct filed in the Eastern District of Louisiana pursuant to Pretrial Order 9 shall be considered properly venued in the district determined by Paragraph 2(D) of that consent order.

    e.   <u>Method for Determining Discovery Pool</u>

        Using the criteria determined pursuant to the preceding paragraph, and consistent with same, and the categories to be agreed upon by the parties, each side will pick 10 individual plaintiff cases to be included in the discovery pool as described in Paragraph 1(c) above, and the remaining 20 individual plaintiff cases will be selected randomly.   These selections will be made proportionately by state as follows:

    i)  Eastern District of Louisiana:  5 plaintiffs selected by Plaintiffs, 5 plaintiffs selected by Defendants, and 10 plaintiffs selected randomly;

    ii)  Mississippi:  2 plaintiffs selected by Plaintiffs, 2 plaintiffs selected by Defendants, and 2 plaintiffs selected randomly;

    iii) Texas:   1 plaintiff selected by Plaintiffs, 1plaintiff selected by Defendants;

    iv) Plaintiffs' six chosen states:  2 plaintiffs selected by Plaintiffs, and 4 plaintiffs selected randomly [Plaintiffs' two chosen states:  for each state 1 plaintiff selected by the Plaintiffs and 2 plaintiffs selected randomly]; and

    v)  Defendants' six chosen states:  2 plaintiffs selected by Defendants, and 4 plaintiffs selected randomly [Plaintiffs'two chosen states:  for each state 1 plaintiff selected by the Plaintiffs and 2 plaintiffs selected randomly].

Plaintiffs and Defendants may each strike one randomly selected plaintiff without cause.  If a strike is exercised, it will be replaced by a randomly selected plaintiff properly venued in the same district.  Challenges to party selections or additional challenges to random selections will be permitted only by agreement of the parties or on motion to the Court for cause.

    f.  <u>Substantive Categories</u>:

All party selections and all random selections must come from representative categories utilizing data generated from MDL Centrality.  Pursuant to Case Management Order 2 the parties will advise the Court prior to the December 21, 2015 status conference whether they have agreed upon eligibility requirements and substantive categories for the 40 discovery pool plaintiffs.  If there is agreement, the parties shall submit a proposed joint order for consideration by the Court at the December 21, 2015 status conference.  If there is no agreement, the parties shall each submit their proposed

- 3 -

orders, and a letter brief in support, by December 15, 2015 so that the issue may be considered by the Court at the December 21, 2015 status conference.

g.   <u>Dismissals</u>:

If a randomly selected discovery pool plaintiff is dismissed for any reason other than a disposition on the merits, the dismissed plaintiff will be replaced by another plaintiff from the same district; whether the replacement is selected randomly or by the party not initiating the dismissal will be in the discretion of the Court and will depend on the circumstances of the dismissal.   If a party selected discovery pool plaintiff is dismissed for any reason other than a disposition on the merits, the dismissed plaintiff will be replaced by another plaintiff from the same district; whether the replacement is selected by the party initially making the selection or by the opposing party will be in the discretion of the Court and will depend on the circumstances of the dismissal.

**2.  Bellwether Plaintiff Cases**

a.   <u>Number of bellwether Plaintiffs</u>

Four individual plaintiffs' cases will be selected as bellwethers.  The process for selecting the bellwether trial cases will be addressed in a separate order.

b.   <u>Selection Method.</u>

The parties are to meet and confer before **June 10, 2016** to propose a Case Management Order to address the selection method for bellwether plaintiff cases for trial. The parties will submit the proposed Case Management Order to the Court by **July 1, 2016.**

NEW ORLEANS, LOUISIANA this ___ day of _____, 2015.


_____
UNITED STATES DISTRICT JUDGE


83162480.1

# EXHIBIT 2

**Kole, Deirdre R.**

---

| | |
|---|---|
| **From:** | Glickstein, Steven <Steven.Glickstein@kayescholer.com> |
| **Sent:** | Tuesday, September 15, 2015 11:10 AM |
| **To:** | Thomas_Johnson@laed.uscourts.gov |
| **Cc:** | Brian Barr; Andy.Birchfield@BeasleyAllen.com; ldavis@hhklawfirm.com; gmeunier@gainsben.com; Sharko, Susan M; Hoffman, William; James Irwin (Jirwin@Irwinllc.com); olinde@chaffe.com; Kole, Deirdre R.; Haston, Tripp (thaston@babc.com) |
| **Subject:** | Xarelto: Plaintiffs' and Defendants' Proposals for CMO 3 |
| **Attachments:** | Plaintiffs Proposed CMO 3.docx; Defendants_ Proposed CMO 3.DOCX; Plaintiffs July 21 Letter to Judge Fallon regarding CMO 2.pdf - Adobe Re....pdf; Defendants July 21 Letter Judge Fallon regarding CMO 2.pdf; LTR Judge Fallon re CMO 2 2015-7-6 (with exhibits) Highlighted.pdf; Letter to Judge Fallon regarding CMO 2 July 6.pdf |

Thomas,

This email is being submitted jointly by Brian Barr and Steven Glickstein.

Please find attached Plaintiffs' and Defendants' differing proposals for CMO 3.   On Friday,  the parties submitted their joint proposed order for CMO 2.  The different proposals for CMO 3 address issues that the parties were unable to agree upon in CMO 2 concerning the method for selection and geographic composition of discovery pool plaintiffs and bellwether trial plaintiffs.  Plaintiffs' and Defendants' proposals for CMO 3 have been drafted with a parallel structure to make comparison easier for the Court:  each proposed CMO 3  has the same prefatory language,  paragraph 1 of each proposed CMO 3 addresses discovery pool selection,  and paragraph 2 of each proposed CMO 3 addresses bellwether trial plaintiff selection.

The parties have agreed that they will not re-brief the issues as to which they disagree, but will instead refer Judge Fallon to the portions of their July 6, 2015 and July 21, 2015 letter briefs which address the disputed issues.    Both parties' letter briefs are attached.   We refer the Court to the following:

- With respect to paragraph 1 concerning discovery pool plaintiff selection:   Please see Plaintiffs' July 21 brief,  Section 5(b),  pp. 8-10 and Defendants' July 21 brief, Section V(A),  pp.8-11.  Please see also Plaintiffs' July 6 brief,  Sections III(A), (B) and (C),  pp. 9-13 and Defendants' July 6 brief,  Sections III(C) and III(E),  pp. 17-20, 21-22.

- With respect to paragraph 2 concerning bellwether trial plaintiff selection:  Please see Plaintiffs' July 21 brief,  Section 6,  pp. 11-12 and Defendants' July 21 brief, Section V(B),  pp. 12-13.

- ■ With respect to whether CMO 3 should reference Lexecon:   Please see Plaintiffs' July 21 brief, Section 2,  pp. 2-3 and Defendants' July 21 brief, Section III,  pp. 4-6.

For the Court's convenience, we have highlighted in yellow the referenced sections of the briefs.

The parties request an opportunity to be heard on their proposals either before, during or after the September 17, 2015 status conference.

**Steven Glickstein**
**Kaye Scholer LLP**

Phone: 212.836.8485 · Fax: 212.836.6485
sglickstein@kayescholer.com
www.kayescholer.com

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: XARELTO (RIVAROXABAN)   )     **MDL No. 2592**
PRODUCTS LIABILITY LITIGATION  )

                                  )     **SECTION:  L**

_____)

                                    )     **JUDGE FALLON**

THIS DOCUMENT RELATES TO:     )     **MAG. JUDGE NORTH**
ALL ACTIONS                      )

_____)

## CASE MANAGEMENT ORDER NO. 2

The Court hereby Orders as follows:

1. **Applicability of Order**.  The following procedures and schedules will govern the identification and selection of the initial bellwether plaintiffs whose claims will be adjudicated in a succession of bellwether trials.  The Federal Rules of Civil Procedure shall apply to these proceedings, subject to provisions permitting Court orders or stipulations by the parties to make appropriate modifications.

2. **Trials**.  The Court believes that conducting early bellwether trials will further the efficient progress of this litigation.  The Court intends upon an initial setting of four bellwether trials.  The Court sets these initial bellwether trials for the following dates and locations:

    a.  February 6, 2017 – Eastern District of Louisiana

    b.  March 13, 2017 – Eastern District of Louisiana

    c.  April 24, 2017 – Mississippi (District to be determined)

    d.  May 30, 2017 – Texas (District to be determined)

        The first MDL trial will commence on February 6, 2017.  The parties reserve their right to request, or the right to oppose such a request, that the trial be moved to March __,

2017, should it be determined the trial cannot be fairly conducted with all parties having adequate time for the trial to conclude prior to Mardi Gras.  This issue will be addressed at the November 2016 status conference.

The Court's selection of the locations for the third and fourth trials is subject to change, in the discretion of the Court, if (a) the Court is not able to obtain a temporary assignment to try a case in another district pursuant to 28 USC 292, (b) the parties agree to waive *Lexecon* permitting the trial of a non-Louisiana plaintiff's case in the Eastern District of Louisiana, or (c) the Court determines after input from the parties that trial of a plaintiff's case in another venue is more appropriate.

3. **Defendant Discovery**.

    a. **Document Production**.  Defendants will produce documents according to the procedures set out in Pretrial Order No. 21, incorporated herein by reference, through July 29, 2016.

    b. **Deposition Schedule**.  Plaintiffs may take 50 depositions of Defendants, including current and former employee depositions and Rule 30(b)(6) depositions, to be divided reasonably between Bayer and Janssen Defendants.  In addition, Plaintiffs may take the five Rule 30(b)(6) depositions already noticed. Any additionally noticed 30(b)(6) deposition shall count as one witness provided the topics included within the 30(b)(6) Notice of Deposition are sufficiently related. In addition, Plaintiffs may take the depositions of one detail representative per discovery pool plaintiff.  In addition, Plaintiffs and Defendants may take depositions of third parties.

    c. **Conclusion of Defendant Discovery**. The Plaintiffs shall conclude discovery of Defendants, including depositions, by September 23, 2016.

4. **Third-Party Discovery.** The limitations on the number of depositions in this order shall not apply to third party depositions. The limitations on the volume of documents contained in this order and in PTO 21 shall not apply to document production by third parties if Defendants do not do a pre-production review or process those productions on behalf of the third party. The parties dispute whether the limitations on the volume of documents should apply if Defendants have an obligation to do a pre-production review or to process the documents of a third party. If such a situation arises, the parties will meet and confer as to the impact if any of such third party document discovery, and if they are unable to agree, either party may present the dispute to the Court for resolution.

5. **Bellwether Selection and Discovery.**

    a. **Discovery Directed Toward Non-Bellwether Pool Plaintiffs.** Absent a showing of good cause or upon agreement of the parties, for plaintiffs that are not included in the bellwether discovery pool, no discovery beyond the discovery allowed in PTO 13 shall be conducted until further Order of this Court.

    b. **Discovery Pool**. The initial bellwether discovery pool shall consist of 40 Plaintiffs. The parties are to meet and confer regarding eligibility to be part of the initial bellwether discovery pool and the appropriate selection categories based upon a census of the plaintiffs in the MDL. The parties are to report to the Court no later than December 18, 2015, as to the eligibility criteria and appropriate categories. The Court expects the parties to select representative plaintiffs whose trials will provide meaningful information to the Court and the Parties.

c.  **Discovery Pool Selection**.  By January 11, 2016, forty (40) cases shall be selected for inclusion in the initial bellwether discovery pool pursuant to the following:

|  |  |
|---|---|
| Plaintiffs: | 10 Selections; |
| Defendants (Collectively): | 10 Selections; |
| Random: | 20 Selections. |

The Parties are to meet and confer as to the random selection process and report to the Court on a suggested process for selection by no later than December 18, 2015.

The geographic composition of the Discovery Pool shall be addressed in a separate order.

d.  **Discovery Limits for Initial Bellwether Discovery Pool**.  The forty (40) initial bellwether discovery pool cases selected shall proceed to discovery.  Depositions in the  initial discovery pool shall be limited to the following:

   i.  Plaintiff;

   ii.  Plaintiff's Prescribing Physician (or the primary prescriber if there is more than one);

   iii.  One Treating Physician; and

   iv.  One Sales Representative as determined by the Plaintiffs.

e.  **Initial Bellwether Discovery Completion**.  The deposition deadline for the initial bellwether discovery pool shall be July 15, 2016.

6.  **Bellwether Selection**.  By August 1, 2016, cases shall be proposed for bellwether selection.  The mechanisms for bellwether selection shall be addressed in a separate order.

7. **Bellwether Trial Discovery**. After the Court selects, or the parties agree, on the cases to be set for trial, the parties shall meet and confer to disclose any additional fact witnesses who may be called as witnesses in such trials. Any additional fact witness depositions necessary for the first bellwether trial shall be concluded by September 23, 2016.

8. **Expert Schedule for Bellwether Trials**. The following schedule shall apply to expert witness discovery in the bellwether trials:

   a. **Plaintiff Generic and Case Specific Expert Reports**. On or before September 30, 2016, plaintiffs shall designate and provide reports by their expert witnesses for the bellwether trials.

   b. **Defendant Generic and Case Specific Expert Reports**. On or before October 28, 2016, defendants shall designate and provide reports by their expert witnesses for the bellwether trials.

   c. **Plaintiff Rebuttal Reports**. The Plaintiffs shall be allowed a rebuttal expert report only upon a showing of good cause to the Court.

   d. **Depositions**. At the time of the submission of the expert report, each expert shall indicate no fewer than three dates the expert is available for deposition. Expert depositions shall conclude by November 22, 2016. At least ten (10) days prior the deposition, the expert shall produce all files, documents and reliance materials subject to discovery under the Federal Rules.

   The limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provision of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply to all bellwether cases.

9. **Briefing Schedule for Dispositive /** *Daubert* **Motions Regarding the Bellwether Trial(s)**.

    a. **Motions and Briefs:** November 29, 2016

    b. **Response in Opposition Briefs:** December 19, 2016

    c. **Reply Briefs:** December 30, 2016

    d. **Hearing and Argument (if necessary):** January 5, 2017

The Court will determine at a later date to which bellwether case(s) the above schedule shall apply.

10. **Schedule for Trial Preparation Documents for the First Bellwether Trial.**

    a. **Jury Questionnaire:** December 15, 2016

    b. **Final Witness List:** January 5, 2017.

    c. **Exhibit Lists and Deposition Designations:** January 5, 2017.

    d. **Plaintiff Medical Updates:** January 5, 2017

    e. **Plaintiffs' and Defendants' Counter Deposition Designations:** January 16, 2017.

    f. **Plaintiffs' and Defendants' Objections to Exhibits and Deposition Designations:** January 23, 2017

    g. **Plaintiffs' and Defendants' Jury Charges:** January 23, 2017

    h. **Motions** *in Limine:* January 12, 2017

    i. **Oppositions to Motions** *in* **Limine:** January 23, 2017.

    j. **Reply Briefs Regarding Motions** *in Limine:* Shall only be allowed by agreement or Order of the Court.

    k. **Pretrial:** January 30, 2017.

As to the trial preparation document schedule for each of the successive bellwether trials, the Parties shall meet and confer to derive a schedule that is consistent with the schedule set out below for bellwether trials following the first bellwether trial.

NEW ORLEANS, LOUISIANA this <u>17th</u> day of <u>     September     </u>, 2015

<u>UNITED STATES DISTRICT JUDGE</u>

00310147

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


IN RE: XARELTO (RIVAROXABAN)        \*     **MDL NO. 2592**
PRODUCTS LIABILITY LITIGATION

                              \*     **SECTION L**

                              \*     **JUDGE ELDON E. FALLON**

                              \*     **MAG. JUDGE NORTH**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**THIS DOCUMENT RELATES TO ALL CASES**

**PRE-TRIAL ORDER NO. 9**
**(Direct Filing - Stipulated)**


**I.**      **SCOPE OF THE ORDER**

      This Stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel

on Multidistrict Litigation, pursuant to its Order of December 12, 2014; (2) any tag-along actions

subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant

to Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in

this Court or transferred or removed to this Court.   The Order only applies to claims brought by

a U.S. citizen or resident based on usage or purchase of Xarelto in the United States.

**II.**      **DIRECT FILING OF CASES INTO MDL NO. 2592**

      A.      In order to eliminate delays associated with the transfer to this Court of cases filed

in or removed to other federal district courts and to promote judicial efficiency, any plaintiff

whose case would be subject to transfer to MDL No. 2592 may file his or her complaint against

all Defendants directly in MDL No. 2592 in the Eastern District of Louisiana.

B. All Defendants stipulate and agree that they will not assert any objection of improper venue pursuant to Fed. R. Civ. P. 12(b) as to any Xarelto-related cases filed directly in the Eastern District of Louisiana that emanate from districts outside the Eastern District of Louisiana and that are filed in this multidistrict litigation proceeding.

C. Each case filed directly in MDL No. 2592 that emanates from a district outside the Eastern District of Louisiana will be filed in MDL No. 2592 for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's December 12, 2014, Transfer Order. (Doc. No. 1.)

D. Upon completion of all pretrial proceedings applicable to a case directly before this Court, pursuant to this Order, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer that case to the federal district court in the district where the plaintiff allegedly was injured or where plaintiff resided at the time of his or her alleged injury, after giving the parties an opportunity to meet and confer and be heard on the issue. All Defendants stipulate and agree that they will not assert any objection of improper venue pursuant to FRCP 12(b) upon transfer consistent with the provisions in this paragraph and this Order.

E. Nothing contained in this Order shall preclude the parties from agreeing, at a future date, to try cases filed pursuant to this Order in this District.

F. The inclusion of any action in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, whether such action was or will be filed originally or directly in the Eastern District of Louisiana, shall not constitute a determination by this Court that venue is proper in this district.

G. All Parties stipulate and agree that a case that was filed directly in MDL No. 2592 pursuant to this Order will have no impact on choice of law that otherwise would apply to an

individual case had it been originally filed in another district court and transferred to this Court pursuant to 28 U.S.C. § 1407.

      H.     All Defendants stipulate and agree that the filing of a complaint directly in MDL No. 2592 pursuant to this Order shall stop the running of any statute of limitations or prescriptive or peremptive period as if the complaint had been filed in an appropriate venue.

      I.     The references to "all defendants" herein shall not constitute an appearance by or for any Defendant not properly served.

      J.     The caption for any complaint that is directly filed in MDL No. 2592 before this Court shall bear the following caption:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) <br> PRODUCTS LIABILITY LITIGATION ) <br>   ) <br>   ) <br>   ) <br> _____ ) <br> _____, ) <br>   ) <br>       Plaintiff, ) <br>   ) <br> vs. ) <br> _____ ) <br> _____, ) <br>   ) <br>       Defendants. ) <br> _____ ) | MDL No. 2592 <br><br> SECTION: L <br> JUDGE FALLON <br> MAG. JUDGE NORTH <br><br> COMPLAINT AND JURY DEMAND <br><br> Civil Action No.:_____ |

New Orleans, Louisiana, this 24th day of March, 2015.

_____
Hon. Eldon E. Fallon
United States District Judge