# EXHIBIT "D"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: FRESENIUS GRANUFLO/NATURALYTE DIALYSATE PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*All Cases* | MDL NO. 1:13-MD-2428-DPW |

[PROPOSED] CASE MANAGEMENT ORDER NO. 10

(Bellwether Case Selections and Trial Deadlines)

The Court adopts this bellwether case selection protocol with the intent that the process of selecting and preparing individual cases for trial be both instructive and meaningful to the resolution of all cases in this MDL.

I. **Selecting Cases For Case-Specific Discovery**

On September 15, 2014, the Plaintiffs Executive Committee ("PEC") and the Fresenius North America Defendants ("FMCNA")[1] shall each designate ten (10) cases, for a total of twenty (20) cases, to undergo "Core Case-Specific Discovery" pursuant to this Case Management Order. The cases that the PEC and FMCNA designate to undergo Core Case-Specific Discovery may only be drawn from those cases that are "Eligible Cases for Selection" as defined in Section II below.

The PEC and FMCNA shall submit the complete list of twenty (20) cases selected for Core Case-Specific Discovery to the Court by September 19, 2014.

---

[1] The term "FMCNA" refers to the following named defendants: Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America, Fresenius USA, Inc., Fresenius USA Manufacturing, Inc., and Fresenius USA Marketing, Inc. For purposes of this Case Management Order, the term "party" shall refer to, on the one hand, the Plaintiff and/or PEC and, on the other hand, FMCNA, for a total of two (2) parties.

1

## II. Eligible Cases for Selection

If bellwether trials are to produce reliable information about the other cases in this MDL, the specific plaintiffs and their claims should be representative of the range of cases pending in this MDL. The initial pool of cases that the parties shall identify for Core Case-Specific Discovery should consist of cases that present representative issues in this litigation such as:

   a. The cause or causes of the injuries incurred and alleged in the Master Complaint;

   b. Whether the last outpatient dialysis treatment received prior to the alleged injury was provided by a clinic operated by FMCNA or by a clinic operated by some other provider;

   c. The date of the injury incurred and alleged, especially whether the injury occurred or is alleged to have occurred before or after November 4, 2011;

   d. The time elapsed from the last outpatient dialysis treatment to the alleged injury; and

   e. Any other issues deemed representative of the litigation by the parties.

A case may be considered an Eligible Case for Selection only where:

   a. Plaintiff Fact Sheets and Defendant Fact Sheets have been served by the parties (as described in Case Management Order No. 6);

   b. Product Identification has been provided pursuant to Case Management Order No. 9; and

   c. All medical records subject to Case Management Order No. 3 shall have been produced by FMCNA.

## III. Consent to Personal Jurisdiction and Venue

For each case selected for Core Case-Specific Discovery, the Plaintiff and FMCNA shall be deemed to have consented to personal jurisdiction and venue in the District of Massachusetts such that the case can be tried in the District of Massachusetts should it be selected for bellwether trial.

For those cases selected for bellwether trial(s) that name defendants in addition to FMCNA, the claims against such non-FMCA defendants shall be severed and stayed.

2

## IV. Core Case-Specific Discovery

Core Case-Specific Discovery can be performed only in the twenty (20) cases selected under this Case Management Order (or in a replacement case as outlined in Section VI). Core Case-Specific Discovery may commence on October 3, 2014, and shall be completed on all cases selected by the PEC and FMCNA by February 27, 2015.

Core Case-Specific Discovery consists solely of:

a. The exchange of Plaintiff and Defendant Fact Sheets and medical records (supplemented as necessary);

b. Product identification;

c. No more than one (1) deposition from each of the following four categories:[2]

   i. The person(s) involved in the care and life of the dialysis clinic patient at the time of his or her injury, whether the spouse or family member or other representative. (Should the parties choose to depose more than one (1) person from this category, the depositions collectively shall not exceed seven hours and shall, to the extent practicable, be conducted on the same day)

   ii. Treating nephrologist(s) (Should the parties choose to depose more than one (1) person from this category, the depositions collectively shall not exceed seven hours and shall, to the extent practicable, be conducted on the same day);

   iii. Dialysis clinic medical director;

   iv. Dialysis clinic staff person with knowledge of the patient's care, or a percipient witness if the injury which gave rise to the lawsuit occurred in the clinic, or a nutritionist (Should the parties choose to depose more than one (1) person from this category, the depositions collectively shall not exceed seven hours and shall, to the extent practicable, be conducted on the same day); and

d. Up to two (2) additional depositions selected by each party;

e. A total of ten (10) case-specific Interrogatories served by each party;

f. A total of ten (10) case-specific Requests for Documents served by each party; and

g. A total of ten (10) case-specific Requests for Admissions served by each party.

---

[2] For deponent categories (i)-(iv), the parties shall have an equal amount of time to question the deponent, regardless of which party noticed the deposition.

3

## V. Selection of Proposed Cases for Further Pre-Trial Discovery and Bellwether Trials

By March 13, 2015, the PEC and FMCNA shall narrow their initial selection of ten (10) Core Case-Specific Discovery cases down to five (5) recommended for further pre-trial discovery and bellwether trials and submit the recommendations to the Court. With the recommendations, the parties shall provide sufficient detail concerning their proposed selected cases to enable the Court to ensure the final pool of ten (10) cases are representative of the issues in this litigation. The final pool of ten (10) cases for further pre-trial discovery and bellwether trials shall include at least:

   a. One case in which the alleged injury occurred between November 4, 2011 and March 29, 2012;

   b. One case in which the alleged injury occurred prior to November 4, 2011;

   c. One case in which the injured person received his or her last outpatient dialysis treatment prior to the date of alleged injury or death at a clinic operated by FMCNA; and

   d. One case in which the injured person received his or her last outpatient dialysis treatment prior to the date of alleged injury or death at a clinic operated by a provider other than FMCNA.

After consideration of the parties' submissions, the Court shall determine the pool of Core Case-Specific Discovery cases after conferring with the parties.

## VI. Dismissal of Cases Selected for Core Case-Specific Discovery or Bellwether Trials

The Court recognizes that the PEC may elect to dismiss, and that FMCNA may elect to settle and thus cause the dismissal of, a case after it is selected for Core Case-Specific Discovery and/or a bellwether trial. To ensure a balanced pool of cases for bellwether trials, the PEC and FMCNA shall meet and confer upon notice that a case from the bellwether pool is to be dismissed and attempt to reach agreement as to how the case will be replaced. If the parties cannot agree, they shall notify the Court of the existence of their dispute, and within five (5)

business days, submit competing proposals as to how the case at issue shall be replaced. The proposals shall contain sufficient information concerning the case at issue to the permit the Court to make an informed decision as to the manner in which it will be dismissed and the procedure for its replacement.

Any case chosen as a replacement to a dismissed case shall have at least one-hundred fifty (150) days of case-specific fact discovery regardless of the date on which the case is selected as a replacement, except for good cause shown to shorten this time period. All other deadlines otherwise applicable to such cases under this Order shall be modified to permit such fact discovery period.

### VII. Bellwether Trial Case Deadlines

Once the Court has issued its Bellwether Order approving the PEC and FMCNA's proposed cases for bellwether trials, further discovery can be conducted in each of the ten (10) cases to prepare the cases for trial. The PEC and FMCNA shall work cooperatively to prepare a protocol, by way of a proposed Case Management Order, which will set forth deadlines for completion of additional fact witness discovery in the ten (10) bellwether cases, not to exceed an additional one-hundred fifty (150) days of case-specific fact discovery. The Case Management Order shall also set forth additional deadlines for expert discovery, and dispositive and *Daubert* motions.

After ruling on dispositive motions, the Court shall entertain briefing and argument and make a determination on the order of trials. With such determination, the Court shall set final deadlines for pre-trial matters including motions *in limine*, trial exhibits and deposition designations. Any cases that are ultimately tried shall be tried individually, with a single Plaintiff per trial.

SO ORDERED this 8th day of April, 2014.



DOUGLAS P. WOODLOCK, J.