# EXHIBIT "F"

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: TYLENOL (ACETAMINOPHEN) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | § § § § | **MDL NO. 2436** **2:13-md-02436** |
| ***THIS DOCUMENT RELATES TO ALL CASES*** | § § § § | **HON. LAWRENCE F. STENGEL** |

### CASE MANAGEMENT ORDER NO. 15
#### (Bellwether Case Selection Plan and Core Case-Specific Discovery)

1. **Selection of *Eligible Trial Pool* Cases for *Core Case-Specific Discovery***

   a. By **April 1, 2014**, the PSC and Defendants Johnson & Johnson and McNEIL PPC, Inc. (Defendants)[1] shall each designate three (3) cases for a total of six (6) cases (*Eligible Trial Pool*), subject to the provisions in this Order.

   b. The parties shall notify the court, by letter, of their respective three selection(s) of cases for the *Eligible Trial Pool*. Only the six cases consisting of the *Eligible Trial Pool* shall undergo *Core Case-Specific Discovery* as defined in this Order.

   c. It is the intent of the court that after the six cases consisting of the *Eligible Trial Pool* undergo *Core Case-Specific Discovery*, as provided below, the parties and court will then be in a position to identify cases from this *Eligible Trial Pool* for forthcoming bellwether trials (*Bellwether Trial Program*) and that those selected matters will be subject to pretrial workup pursuant to the terms below.

---

[1] This case management order does not apply to any named defendant other than Johnson & Johnson or McNEIL-PPC.

2. **Limitations on Cases in the *Eligible Trial Pool***

    a. The purpose of this *Bellwether Trial Program* is to undergo an initial trial of a case or cases that are both instructive and meaningful to the resolution of all cases in this MDL.

    b. The court recognizes that, at this time, the vast majority of the cases in this MDL involve over-the-counter (OTC) Tylenol® products. Thus, the *Bellwether Trial Program* will be most meaningful if only OTC Tylenol® product cases are included in the *Bellwether Trial Program* at this time. Therefore, the *Eligible Trial Pool* described in paragraph 1, above, shall not contain cases in which 1) another co-defendant (i.e., a defendant that is not Johnson & Johnson or McNeil) has been named or 2) the plaintiff alleges that injury was caused by the ingestion of a prescription product.

    c. Cases eligible for *Core Case-Specific Discovery* are those cases that are on the docket of this court as part of this MDL as a result of: 1) a direct filing in this court, 2) a transfer as a tag along to this court by the MDL Panel, or 3) by removal from a state court to this court by **November 30, 2013**.

    d. In addition, for a case to be included in the *Eligible Trial Pool,* a completed Plaintiff Fact Sheet (PFS) has been served and received by defendants and a material deficiency does not remain in dispute as to the PFS.

3. **Personal Jurisdiction and Venue in the Eastern District of Pennsylvania –** For the six cases consisting of the *Eligible Trial Pool,* it shall be deemed that:

    a. The parties have consented to personal jurisdiction and venue in the Eastern District of Pennsylvania; and

2

    b.  The parties agree to a limited *Lexecon* waiver for this purpose only,[2] such that a case may be tried before this court in the event the action is selected for trial as part of the *Bellwether Trial Program*.

4.  ***Core Case-Specific Discovery***

    a.  Once the parties have selected and notified the court of the six total cases consisting of the *Eligible Trial Pool* as required by paragraph 1 of this Order, the parties may engage in *Core Case-Specific Discovery* in only those six cases.  The purpose of the core case-specific discovery is to enable the parties and court to identify cases that shall be selected for bellwether trials.

    b.  For the purposes of this Order, *Core Case-Specific Discovery* is defined, and is limited to the following, unless modified by the court or by agreement of the parties:

        i.  The exchange of the PFS and the relevant authorization forms for the collection of records consistent with CMO-10 and CMO-10(a) and/or related case management orders;

       ii.  The exchange of DFS pursuant to CMO 10(b); and

     iii.  A deposition of only: 1) the plaintiff; 2) the plaintiff's spouse, if any (or parent if the injured party is a child or representative of decedent); and 3) two (2) treating physicians and/or health care providers per side. The parties will exercise good judgment in deposing only those medical personnel likely to possess relevant knowledge pertaining to each plaintiff's claims.

---

[2] Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998) (holding that an MDL court authorized under 28 U.S.C. § 1407 to conduct pretrial proceedings may not invoke § 1404(a) to assign a transferred case to itself for trial).

    c.   Additional discovery may be taken after a case is selected for inclusion in the *Bellwether Trial Program*, subject to the provisions below or court order.

5. ***Core Case-Specific Discovery* Deadlines**

    a.   The parties shall engage in *Core Case-Specific Discovery* for the six cases comprising the *Eligible Trial Pool* beginning on or about **May 1, 2014**.

    b.   Unless modified by the court or agreement of the parties, this *Core Case-Specific Discovery* phase shall be completed by **August 1, 2014**.

6. **Selection of Cases from the *Eligible Trial Pool* for the *Bellwether Trial Program***

    a.   By **September 1, 2014**, each party shall present to the court its suggestion for one (1) designated case from the *Eligible Trial Pool* as the candidate for the first bellwether trial in this MDL.

    b.   The court will select the first bellwether trial case within fifteen (15) days of its receipt of the parties' reasons as to which case should be the first case to be tried.

    c.   Following the designation of a trial case, the parties shall meet and confer and attempt to agree on a pretrial schedule for remaining discovery for the two cases in the *Bellwether Trial Program*. This schedule shall include, but not be limited to, a timeline and scope for expert discovery, dispositive motions, and *Daubert* challenges to experts. To the extent that the parties are unable to agree on a pretrial schedule for the first bellwether trial, the parties shall submit their alternative proposals to the court by **October 1, 2014**, or within a time set by the court.

    d.   For a case selected for a bellwether trial, any deposition that the parties expect to use in that trial shall be completed no later than thirty (30) days prior to the trial, unless otherwise agreed to be the parties or permitted by the court.

7. **Expert Discovery in *Bellwether Trial Program* Cases**

   a. If necessary, a separately entered case management order will address expert discovery in cases selected for trial in the *Bellwether Trial Program*.

8. **Settlement or Dismissal of *Eligible Trial Pool* Cases**

   a. The court recognizes that after a case is selected to participate in *Core Case-Specific Discovery* in the *Eligible Trial Pool*, or after a case is selected for the *Bellwether Trial Program*, that a plaintiff may determine to settle the case or, alternatively, the case may be dismissed.

   b. Should the case that has been selected as the first bellwether trial be settled prior to the scheduled date for trial, or dismissed, the parties shall promptly notify the court of its dismissal. Within ten (10) business days thereafter, each party shall present to the court an alternate designated case from the *Eligible Trial Pool* for the bellwether trial.

9. **Subsequent Bellwether Trials**

   a. Following the first bellwether trial, the court will confer with the parties about subsequent bellwether trials, including the identity of the case and the date of the trial. In selecting the second bellwether trial, the court will be guided by the needs of this MDL, including the selection of a case, if any, which is both instructive and meaningful in resolving issues relevant to the remaining MDL cases.

**SO ORDERED** this 4th day of October, 2013.

BY THE COURT:


/s/Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

5