UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)         MDL No. 2592
PRODUCTS LIABILITY LITIGATION

           SECTION: L
           JUDGE FALLON
           MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO:
*McBride v. Janssen et al*; 2:15-cv-277

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

**MAY IT PLEASE THE COURT :**

     Plaintiffs submit this memorandum in support of their motion for an order from this Court granting them thirty (30) days within which to serve process on the Defendants, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG, through the streamlined process.

### I.     BACKGROUND

     This matter was filed into In Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL No. 2592, on January 29, 2015 (Rec. Doc. 1). On July 23, 2015, Plaintiffs served their plaintiff fact sheet ("PFS") on the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO 13 (Ex A). During this initial time period, while Defendant Bayer was made fully aware of the facts and circumstances surrounding the claims being asserted by Robert and Katie McBride, undersigned counsel inadvertently failed to issue formal service process on Bayer Healthcare Pharmaceuticals, Inc. ("BHCP"), and Bayer Pharma AG.

     On October 21 and October 22, 2015, Plaintiffs made service on BHCP (Via Certified Mail to its registered agent: Corporation Service Company) (Ex. B) and Bayer Pharma AG (via

Registered Mail) (Ex C), respectively via the streamlined process as provided in PTO 10 (paragraph II. C. 1. and 2). (Rec. Doc. 357).

Subsequently, on October 27, 2015, and November 3, 2015, BHCP and Bayer Pharma AG, notified Plaintiffs' counsel by letter that, while they acknowledged receipt of the McBride's Complaint and Summons; Bayer deemed these service attempts to be improper as they were beyond the 60 day limit provided in Pre Trial Order No. 10 (Ex D & E). Counsel for Bayer, Lindy Brown, and Bayer Liaison Counsel, John Olinde, were contacted separately regarding Plaintiffs' intent to file a formal motion for extension of time to perfect service out of time. At that time, both indicated that they were not authorized to grant consent on behalf of Bayer, but neither voiced a specific objection to these Plaintiffs seeking an extension of time to perfect service.

On November 10, 2015, Plaintiffs, Robert and Katie McBride, filed a formal Motion for Extension of Deadlines (Rec. Doc. 1581).  In this motion, Plaintiffs indicated that there was "no consent" from defendants.  The clerk of this court then treated this filing as an "opposed" motion and issued a Deficiency Notice requiring that this motion be refiled in its entirety by November 20, 2015 because an "opposed" motion requires a Memo in Support and Notice of Submission. Upon receipt of this notice, undersigned counsel again contacted counsel for the Bayer defendants, Lindy Brown, to determine whether defendant would in fact have opposition to the instant motion or whether it could be re-filed as an "unopposed" motion.

On November 17, 2015, counsel was advised that in fact Defendant, Bayer, intends to oppose the granting the requested relief.  Wherefore, Plaintiffs, Robert and Katie McBride, now

file this Motion for Extension of Time with Memo in Support and Notice of Submission within the corrective action deadline issued by the clerk.

## II. LAW AND ANALYSIS

FRCP 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after the complaint is filed (or in this case within 60 days of entry of PTO 10, viz. May 23, 2015), Rule 4 instructs the court to "dismiss the action without prejudice against the defendant -or- order that service be made within a specified time". If the plaintiff "shows good cause for the failure," the court must extend the time for service for an appropriate period. Fed.R.Civ.P. 4(m). As noted above, Plaintiffs, Robert and Katie McBride, have every intention of pursuing their claims, it was purely through oversight on the part of counsel that service was not perfected before within 120 days of filing or 60 days of PTO 10.

If good cause is not found, two options remain for the court: 1) dismiss the action without prejudice, -or- 2) decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. *United States v. Ligas,* 549 F.3d 497, 501 (7th Cir.2008) (citing *Henderson v. United States,* 517 U.S. 654, 662–63, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996)). The Seventh Circuit explains that application of Rule 4(m) in the second manner is best determined by considering the "arguments and factors advanced by the plaintiff, and ... pay[ing] particular attention to a critical factor such as the running of a statute of limitations." *Cardenas v. City of Chi.,* 646 F.3d 1001, 1007 (7th Cir.2011) (citing *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 341 (7th Cir.1996)) (additional citations

omitted). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir.1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas,* 646 F.3d at 1007 (quoting *Troxell,* 160 F.3d 381).

In light of the fact that this MDL involves hundreds of similarly situated Plaintiffs who have filed claims alleging facts, circumstances and theories of recovery virtually identical to the lawsuit filed by Robert and Katie McBride, no actual prejudice has or will occur to defendant, Bayer, by this court granting the relief sought herein.

Plaintiffs show that as a matter of law and fact, they were not in "bad faith" in delaying service of their Original Complaint; Defendant Bayer has fully aware of and served with hundreds of identical complaints and their individual PFS. Plaintiffs point out that this permissive extension is appropriate under the circumstances to avoid any subsequent issues regarding the running of Louisiana's one year statute of limitations, even though their original complaint was timely filed.

### III. <u>CONCLUSION</u>

In light of the foregoing, the Plaintiffs request an order from this Court declaring their prior service on Bayer to have been effective or alternatively, granting them thirty (30) days within which to serve process on the Defendants, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG, through the streamlined process. Plaintiffs show that all things considered, no party will be prejudiced nor will the progress of this MDL be adversely affected by the granting of the relief sought herein.

Respectfully submitted,

By: */s/ Elwood Stevens*
ELWOOD C. STEVENS, JR. (La. Bar No. 12,459)
556 Jefferson Street, Suite 500
Lafayette, LA 70501
Telephone:   (337) 233-3033
Telefax: (337) 232-8213
Email: elwoods@wrightroy.com
**ATTORNEYS FOR PLAINTIFFS,
ROBERT AND KATIE MCBRIDE**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b) (2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No.17.

This the 18th day of November, 2015.

*s/ Elwood C. Stevens, Jr.*
_____
ELWOOD C. STEVENS, JR.