IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592 <br> SECTION L <br> JUDGE ELDON E. FALLON <br> MAG. JUDGE NORTH |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | | |
|---|---|---|
| THIS DOCUMENT RELATES TO: <br><br> JONATHAN SMITH, <br><br> Plaintiff, <br><br> v. <br><br> JANSSEN RESEARCH & DEVELOPMENT, LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO, LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE, LLC, BAYER HEALTHCARE AG, and BAYER AG, <br><br> Defendants | * * * * * * * * * * * * * * * * * * * * * * * | <br><br><br><br><br><br><br> CASE NO.: 2:15-cv-01470 <br><br> JUDGE: E. FALLON <br><br> MAGISTRATE: NORTH <br><br> JURY DEMAND |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO SUBSTITUTE PARTY PLAINTIFF AND FOR LEAVE TO AMEND COMPLAINT**

**MAY IT PLEASE THE COURT:**

The Plaintiff, Jonathan Smith, a resident of Orleans Parish, Louisiana, passed away on August 29, 2015. The Plaintiff filed a Notice of Suggestion of Death of Plaintiff with this Court on November 9, 2015. Jonathan Smith's mother, Debra Smith, is his sole legal heir.

1

Jonathan Smith's claims survive his death and his mother, Debra Smith, his only legal heir, is entitled to continue his causes of action. La. C.C. art. 2315.1. In addition, Debra Smith is entitled to assert a cause of action for Jonathan Smith's wrongful death pursuant to La. C.C. art. 2315.2. Finally, Federal Rule of Civil Procedure 25(a)(1) states that if a party dies and the claim is not extinguished due to the death, the court may order the substitution of parties.

Jonathan Smith was prescribed and ingested Xarelto, and as a result of that ingestion, Jonathan Smith suffered injuries including serious bleeding events for which he was hospitalized and transfused multiple units. Jonathan Smith and Debra Smith suffered injuries for which they are entitled to pursue causes of action against Defendants, Janssen Research & Development, L.L.C. f/k/a Johnson and Johnson Pharmaceutical Research and Development, L.L.C., Janssen Ortho, L.L.C., Janssen Pharmaceuticals, Inc., f/k/a Janssen Pharmaceutica, Inc., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc., Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healthcare, L.L.C., Bayer Healthcare AG, and Bayer AG (collectively, "the Defendants"). His death does not preclude or extinguish his cause of action against the Defendants. Jonathan Smith is entitled to have Debra Smith, his mother and his sole legal heir, substituted as Plaintiff in this action.

Moreover, Plaintiff also desires to add Johnson & Johnson Company as a party Defendant pursuant to the Plaintiff Steering Committee's Joint Complaint and all of its allegations contained therein pursuant to PTO Nos. 11 and 11A.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend the party's pleading with the opposing party's written consent or the Court's leave when justice so requires. In this case, justice requires that Debra Smith be allowed to amend the Complaint to include wrongful death and survival action claims. Jonathan Smith did not pass away until after the

filing of the original Complaint, and therefore, the wrongful death and survival action claims could not be made until this time. Further, Plaintiff did not discover the involvement of Johnson & Johnson in the events giving rise to the Complaint until recently when the Plaintiffs' Steering Committee filed their Joint Complaint.

## CONCLUSION

Despite his death, the Plaintiff Jonathan Smith is entitled to pursue his causes of action against Defendants. Therefore, the Plaintiff respectfully requests that Debra Smith, his mother and only legal heir, be substituted as the Plaintiff in this action. In addition, justice requires that Debra Smith be allowed to amend the Complaint to assert wrongful death and survival action claims and to add Johnson & Johnson as a party Defendant pursuant to the Plaintiff Steering Committee's Joint Complaint with all of the allegations claimed therein.

Respectfully Submitted,

/s/ Mekel S. Alvarez
Morris Bart (LA Bar #02788)
Mekel S. Alvarez (LA Bar #22157)
Morris Bart, LLC
909 Poydras Street, 20th Floor
New Orleans, LA 70112
Telephone: 504-525-8000
Facsimile: 504-599-3392
morrisbart@morrisbart.com
malvarez@morrisbart.com
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

     I hereby certify that on this 19th day of November, 2015, a true copy of the foregoing Memorandum in Support of Unopposed Motion to Substitute Party Plaintiff and for Leave to Amend Complaint was filed electronically. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

                                                  /s/ Mekel S. Alvarez_____