UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION<br><br>LIA ARDOLINA, ET AL.<br>Plaintiffs<br><br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | ) | MDL NO. 2592<br><br>SECTION: L<br><br>JUDGE: ELDON E. FALLON<br><br>MAGISTRATE JUDGE: MICHAEL NORTH<br><br>Civil Action No: 2:15-cv-02334-EEF-MBN |
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION<br><br>DAN BLOODWORTH, ET AL.<br>Plaintiffs<br><br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | ) | MDL NO. 2592<br><br>SECTION: L<br><br>JUDGE: ELDON E. FALLON<br><br>MAGISTRATE JUDGE: MICHAEL NORTH<br><br>Civil Action No: 2:15-cv-02774-EEF-MBN |
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION<br><br>JUANITA BROWN, ET AL.<br>Plaintiffs<br><br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | ) | MDL NO. 2592<br><br>SECTION: L<br><br>JUDGE: ELDON E. FALLON<br><br>MAGISTRATE JUDGE: MICHAEL NORTH<br><br>Civil Action No: 2:15-cv-01937-EEF-MBN |

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**<br><br>**STEPHEN GULDAN, JR., ET AL. Plaintiffs**<br><br>**v.**<br><br>**JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. Defendants** | ) | **MDL NO. 2592**<br><br>**SECTION: L**<br><br>**JUDGE: ELDON E. FALLON**<br><br>**MAGISTRATE JUDGE: MICHAEL NORTH**<br><br>**Civil Action No: 2:15-cv-01288-EEF-MBN** |

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**<br><br>**DOROTHY HURT, ET AL. Plaintiffs**<br><br>**v.**<br><br>**JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. Defendants** | ) | **MDL NO. 2592**<br><br>**SECTION: L**<br><br>**JUDGE: ELDON E. FALLON**<br><br>**MAGISTRATE JUDGE: MICHAEL NORTH**<br><br>**Civil Action No: 2:15-cv-01791-EEF-MBN** |

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**<br><br>**JOSEPHINE LEWIS, ET AL. Plaintiffs**<br><br>**v.**<br><br>**JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. Defendants** | ) | **MDL NO. 2592**<br><br>**SECTION: L**<br><br>**JUDGE: ELDON E. FALLON**<br><br>**MAGISTRATE JUDGE: MICHAEL NORTH**<br><br>**Civil Action No: 2:15-cv-03817-EEF-MBN** |

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**<br><br>**DOLORES LOWMAN, ET AL. Plaintiffs** | ) | **MDL NO. 2592**<br><br>**SECTION: L**<br><br>**JUDGE: ELDON E. FALLON** |

| | | |
|---|---|---|
| v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | ) | MAGISTRATE JUDGE: MICHAEL NORTH<br><br>Civil Action No: 2:15-cv-02625-EEF-MBN |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION<br><br>MICHAEL ULM, JR., ET AL.<br>Plaintiffs<br><br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | ) | MDL NO. 2592<br><br>SECTION: L<br><br>JUDGE: ELDON E. FALLON<br><br>MAGISTRATE JUDGE: MICHAEL NORTH<br><br>Civil Action No: 2:15-cv-01694-EEF-MBN |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION<br><br>RUTH WALL, ET AL.<br>Plaintiffs<br><br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | ) | MDL NO. 2592<br><br>SECTION: L<br><br>JUDGE: ELDON E. FALLON<br><br>MAGISTRATE JUDGE: MICHAEL NORTH<br><br>Civil Action No: 2:15-cv-01287-EEF-MBN |

## RESPONSE TO MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

Defendants Bayer HealthCare Pharmaceuticals Inc. ("BHCP") and Bayer Pharma AG, by and through counsel, appearing specially, and reserving all defenses including without

limitation insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submit the instant response to Plaintiffs' motion for extension of time within which to serve process. In response, BHCP and Bayer Pharma AG state as follows:

- In *Ardolina*, *Brown*, *Guldan*, *Hurt*, *Ulm*, and *Wall*, Plaintiffs have failed to serve process on BHCP within 60 days from the docketing of the Complaint in the MDL as required for streamlined service under PTO 10.

- In *Ardolina*, *Bloodworth*, *Brown*, *Guldan*, *Hurt*, *Lewis*, *Lowman*, *Ulm*, and *Wall*, Plaintiffs have failed to serve process on BPAG within 60 days from the docketing of the Complaint in the MDL as required for streamlined service under PTO 10.

The Court should deny Plaintiffs' motion for extension of time to serve process under the streamlined service process of PTO 10 and require Plaintiffs to serve BHCP and Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiffs serve Bayer Pharma AG in accordance with international and German law pursuant to Rules (h)(2) and (f).

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on BHCP and Bayer Pharma AG. PTO 10 permits service of process in BHCP by certified mail, return receipt requested, upon the following representative of BHCP:

SOP Department
Corporation Service Company
Suite 400
2711 Centerville Road
Wilmington, DE 19808

PTO 10 permits service of process on Bayer Pharma AG by registered mail, return receipt requested, upon the following representative of Bayer Pharma AG:

Bayer Pharma AG
Attn: Eva Gardyan-Eisenlohr
General Counsel
Muellerstrasse 178

13353 Berlin
GERMANY

PTO 10 only permits streamlined service of process on Bayer Pharma AG by registered mail, return receipt requested, and on BHCP by certified mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."

**Individual Cases**[1]

**Lia Ardolina**

The *Ardolina* matter was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on June 26, 2015.

On August 21, 2015, BHCP received a copy of the Joint Complaint, by certified mail, through its representative, Corporation Service Company, in Delaware. Plaintiffs failed to include the correct summons so service was improper and therefore rejected.

On September 23, 2015, BHCP received a copy of the Joint Complaint and Summons, by certified mail, through its representative, Corporation Service Company, in Delaware. Plaintiffs failed to include a copy of the severance order after Plaintiffs' counsel had been advised to include a copy of the severance order pursuant to Pre-Trial Order No. 11 so service was improper and therefore rejected.

On November 5, 2015, Bayer Pharma AG received a copy of the Joint Complaint and Summons, by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. The service papers are post-marked October 13, 2015.

[1] For a summary of filing and service information for each case, see Exhibit A.

**Dan Bloodworth**

The *Bloodworth* matter was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on July 20, 2015.

On September 24, 2015, BHCP received a copy of the Joint Complaint and Summons, by certified mail, through its representative, Corporation Service Company, in Delaware. The cover letter is dated September 17, 2015.

On November 5, 2015, Bayer Pharma AG received a copy of the Joint Complaint and Summons, by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. The service papers are post-marked October 13, 2015.

**Juanita Brown**

The *Brown* matter was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on June 5, 2015.

On August 21, 2015, BHCP received a copy of the Complaint and Summons, by certified mail, through its representative, Corporation Service Company, in Delaware. The cover letter is dated August 18, 2015.

On November 5, 2015, Bayer Pharma AG received a copy of the Complaint and Summons, by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. The service papers appear to be post-marked in October 2015.

**Stephen Guldan, Jr.**

The *Guldan* matter was originally filed in the Western District of Tennessee on March 24, 2015. This matter was transferred to *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on May 6, 2015.

On November 19, 2015, BHCP received a copy of the Complaint and Summons, by certified mail, through its representative, Corporation Service Company, in Delaware. The cover letter is dated November 17, 2015.

To date, Bayer Pharma AG has not received a copy of the Complaint and Summons.

**Dorothy Hurt**

The *Hurt* matter was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on May 28, 2015.

On August 14, 2015, BHCP received a copy of the Joint Complaint and Summons, by certified mail, through its representative, Corporation Service Company, in Delaware. The cover letter is dated August 11, 2015.

On November 5, 2015, Bayer Pharma AG received a copy of the Joint Complaint and Summons, by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. The service papers appear to be post-marked in October 2015.

**Josephine Lewis**

The *Lewis* matter was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on August 26, 2015.

On October 19, 2015, BHCP received a copy of the Complaint and Summons, by certified mail, through its representative, Corporation Service Company, in Delaware.

To date, Bayer Pharma AG has not received a copy of the Complaint and Summons.

**Dolores Lowman**

The *Lowman* matter was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on July 15, 2015.

On August 28, 2015, BHCP received a copy of the Complaint and Summons, by certified mail, through its representative, Corporation Service Company, in Delaware.

On November 5, 2015, Bayer Pharma AG received a copy of the Complaint and Summons, by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. The service papers are post-marked October 13, 2015.

**Michael G. Ulm, Jr.**

The *Ulm* matter was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on May 19, 2015.

On July 31, 2015, BHCP received a copy of the Complaint and Summons, by certified mail, through its representative, Corporation Service Company, in Delaware. The cover letter is dated July 27, 2015.

On November 5, 2015, Bayer Pharma AG received a copy of the Complaint and Summons, by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. The service papers appear to be post-marked in October 2015.

**Ruth Wall**

The *Wall* matter was originally filed in the Middle District of Tennessee on March 25, 2015. This matter was transferred to *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on May 6, 2015.

On November 19, 2015, BHCP received a copy of the Complaint and Summons, by certified mail, through its representative, Corporation Service Company, in Delaware. The cover letter is dated November 17, 2015.

To date, Bayer Pharma AG has not received a copy of the Complaint and Summons.

In *Ardolina*, *Brown*, *Guldan*, *Hurt*, *Ulm*, and *Wall*, Plaintiffs have failed to serve process on BHCP within 60 days from the docketing of the Complaint in the MDL as required for streamlined service under PTO 10. In *Ardolina*, *Bloodworth*, *Brown*, *Guldan*, *Hurt*, *Lewis*, *Lowman, Ulm*, and *Wall*, Plaintiffs have failed to serve process on BPAG within 60 days from the docketing of the Complaint in the MDL as required for streamlined service under PTO 10.[2]

Bayer Pharma AG is a company organized under the laws of Germany. Normally, service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h). Under Federal Rules of Civil Procedure 4(h)(2), service upon a corporation is effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof." Subdivision (f) provides that an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

Service of process by an American plaintiff on a German defendant in Germany is normally governed by international and German law. The streamlined process for service on Bayer Pharma AG in PTO 10 is a departure from the requirements for service under international and German law and was a concession by Bayer Pharma AG. If a plaintiff is to receive the benefit from this departure from normal service procedures, the plaintiff should, at the very least, be required to meet the conditions in PTO 10, including service within 60 days.

---

[2] Pre-Trial Order No. 11 ("PTO 11") provides that "Service of the Joint Complaint, together with a copy of the applicable Severance Order and a list of the individual cases and their civil action numbers, shall be sufficient to effectuate service of process for each of the individual cases associated with the Joint Complaint." In some instances, Plaintiffs also failed to include a copy of the severance order with service of the Joint Complaint.

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)." Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to service process "if the plaintiff shows good cause for the failure" to timely serve process. Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified.'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiffs have failed to show good cause for their failure to service process within 60 days. The only explanation offered by Plaintiffs for their failure to serve process within 60 days is an "inadvertent oversight" by Plaintiffs' counsel. Such an "inadvertent oversight" by counsel does not entitle Plaintiffs to an extension. *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process). The Court should deny Plaintiffs' motion for extension of time to serve process under the streamlined service process of PTO 10 and require Plaintiffs to serve BHCP and Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiffs serve Bayer Pharma AG in accordance with international and German law pursuant to Rules (h)(2) and (f).

BHCP and Bayer Pharma AG are entitled to some certainty as to whether they will be required to defend themselves in a particular case pending in the MDL. Time limits on service


provide some level of certainty. Otherwise, BHCP and Bayer Pharma AG are subject to being brought into any case in the MDL at any time for any reason. With numerous cases pending in the MDL, this level of uncertainty places an undue burden on BHCP and Bayer Pharma AG to continue to monitor all cases pending in the MDL.

Furthermore, PTO 11 provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served." However, once BHCP or Bayer Pharma AG is served in a particular case, BHCP or Bayer Pharma AG's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed). Service triggers the operation of BHCP or Bayer Pharma AG's omnibus answer in a particular case without any action on the part of BHCP or Bayer Pharma AG. By delaying service, a plaintiff can delay the operation of BHCP or Bayer Pharma AG's omnibus answer in a particular case. Pre-Trial Order No. 11C provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint. When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.
>
> If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her complaint. Rather, the plaintiff can amend her complaint at any time for any reason.

WHEREFORE, BHCP and Bayer Pharma AG respectfully request that the Court deny Plaintiffs' request for an additional 20 days to serve process on BHCP and Bayer Pharma AG under the streamlined service process of PTO 10 and require Plaintiffs to serve BHCP and Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular,

require that Plaintiffs serve Bayer Pharma AG in accordance with international and German law pursuant to Rules (h)(2) and (f).

December 8, 2015.

Respectfully submitted,

By: */s/ Steven Glickstein*
Steven Glickstein
William Hoffman
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
sglickstein@kayescholer.com

By: */s/ John F. Olinde*
John F. Olinde (LA Bar #1515)
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

***Attorneys for Bayer Pharma AG***

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2015, I electronically filed the foregoing pleading with the Clerk of Court using EFS system which sent notification to counsel for all represented parties to this proceeding.

*/s/ John F. Olinde*