## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

_____

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) <br> PRODUCT LIABILITY LITIGATION ) <br> ) <br> ) <br> ) <br> TRACEY LOWE, ) <br> As surviving spouse of ) <br> JAMES RICHARD LOWE, JR., deceased, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JANSSEN RESEARCH & DEVELOPMENT,) <br> LLC, JOHNSON & JOHNSON COMPANY, ) <br> JANSSEN ORTHO, LLC; ) <br> JANSSEN PHARMACEUTICALS, INC., ) <br> BAYER CORPORATION, BAYER AG, ) <br> BAYER HEALTHCARE, LLC, ) <br> BAYER HEALTHCARE ) <br> PHARMACEUTICALS, INC., ) <br> BAYER PHARMA AG, ) <br> BAYER HEALTHCARE AG, ) <br> ) <br>     Defendants. ) | MDL NO. 2592 <br><br> SECTION L <br> JUDGE FALLON <br> MAG. JUDGE NORTH <br><br><br><br><br><br><br> Civil Action No.: 2:15-cv-03893-EEF-MBN |

### MOTION REQUESTING COURT TO ISSUE SUBPEONAS DUCES TECUM

    COMES NOW Plaintiff, Tracey Lowe, through undersigned counsel, and requests this Court enter two (2) Subpoenas Duces Tecum (previously filed in this MDL as D-1736 and D-1737) for production of Plaintiff's deceased spouse's medical records. In support thereof, Plaintiff avers:

    1.    Plaintiff's former counsel filed her Complaint [D-1] on August 28, 2015.

    2.    Plaintiff's current counsel assumed Plaintiff's case on November 11, 2015, at which time Plaintiff had no medical records in her possession.

3. Plaintiff's counsel has worked diligently to request the necessary medical records through the normal course to validate Plaintiff's claim through standard medical records requests to no avail.

4. The Medical Records Custodian for one medical provider (Nashville Oncology Associates), that Plaintiff has requested a subpoena, advised Plaintiff on December 10, 2015, that they will not provide Plaintiff's deceased spouse's medical records without a Power of Attorney or notice that Plaintiff is the court-appointed executor of Mr. Lowe's estate; Plaintiff has/is neither.

5. On December 10, 2015, Plaintiff received a PFS Deficiency Notice citing core deficiencies in Plaintiff's PFS for failure to provide medical records.

6. Plaintiff has until December 30, 2015, to cure her PFS deficiencies.

7. In the interest of a tight turnaround and deadline, Plaintiff sees no other alternative than to seek Court-issued Subpoenas Duces Tecum for expedited production of these records that are vitally necessary to cure Plaintiff's deficient PFS.

8. Due to the transition of counsel and all things considered, no party will be prejudiced nor will the progress of this MDL be adversely affected by granting the relief sought herein.

WHEREFORE, Plaintiff respectfully requests the Court issue her Subpoenas Duces Tecum.

December 11, 2015						Respectfully submitted,

							**THE KELLY FIRM**

							/s/ Clinton L. Kelly
							F. Dulin Kelly, TN BPR No. 04085
							Clinton L. Kelly, TN BPR No. 16171
							629 East Main Street
							Hendersonville, Tennessee 37075
							Telephone: (615) 824-3703
							Facsimile:  (615) 824-2674
							dulin@kellyfirm.org
							clint@kellyfirm.org

							*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2015, that a copy of the above and foregoing document has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedure established in MDL 2592 pursuant to Pre-Trial Order No. 17.

							/s/ Clinton L. Kelly
							Clinton L. Kelly