UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)          :
PRODUCTS LIABILITY LITIGATION         :   MDL No. 2592
                                      :
                                      :   SECTION L
                                      :
                                      :   JUDGE ELDON E. FALLON
                                      :
_____:   MAGISTRATE JUDGE NORTH

**THIS DOCUMENT RELATES TO:**

*Roberto J. Acosta et al. v. Janssen Research & Development LLC, et al.*
(2:15-CV-03451-EEF-MN);

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

**MAY IT PLEASE THE COURT:**

Plaintiffs bundled into the *Acosta* multi-plaintiff Complaint hereby submit this Mmemorandum in support of their Motion for an Order from this Honorable Court granting them thirty (30) days within which to serve process on the Defendants, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG, through the streamlined process as set forth in this Court Pre-trial Order No. 10.

### I.  BACKGROUND

This matter was filed into the In Re:Xarelto (Rivoroxaban) Product Liability Litigation MDL No. 2592, on August 14, 2015 (Rec. Doc.1). Plaintiffs promptly filed 31 individualized severed complaints further to the Court's August 21, 2015 Severance Order (Rec. Doc. 6). Since that time, and within the time parameters set forth by this Court, 27 of the 31 Plaintiffs bundled into this Action have timely filed and served their Plaintiff Fact Sheets ("PFS") on the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO 13.   [The

remaining 4 Plaintiffs are in the process of dismissing their suits.]   During this initial time period, while Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG, were being made fully aware of the facts and circumstances surrounding the claims being asserted on behalf of these individual Plaintiffs (which were initially filed as part of a permitted bundled complaint), the undersigned counsel inadvertently failed to issue formal service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc. ("BHCP"), and Bayer Pharma AG per the strict letter of the streamlined process.

On November 2, 2015, which was more than 60 days after filing but less than 90 days (81 days to be precise), Plaintiffs herein attempted to make service of process on BHCP (via Certified US Mail to its registered agent: Corporation Service Company)(**Return receipt attached  as Ex. A,** hereto) and Bayer Pharma AG (via registered international mail) **(return receipt attached as Ex. B,** hereto) respectively via the streamlined process as provided in PTO 10 (Paragraph II.C.1. and 2)(Rec. Doc. 357)

Subsequently, on November 16, 2015,  counsel for Bayer Pharma AG, notified Plaintiffs' counsel by letter that while they acknowledged receipt of the *Acosta* Complaint (as well as the Severance Order) by registered Mail, Return Receipt Requested, Bayer Pharma AG deemed this service attempt improper as it was **(1)** beyond the 60 day limit provided in PTO No. 10, and **(2)** that it did not contain **(a)** an attached summons (it <u>did</u> include the waiver of service of summons form) or **(b)** a list of the individual cases and their individualized post-severance case numbers. This Firm promptly contacted counsel for Bayer Pharma AG, Lindy D. Brown, Esq. of the Bradley Arant Boult and Cummings LLP Firm, on November 19, 2015 to try and meet and confer and reach an agreement on how to formally effect service including the remediation of the issues flagged in Ms. Brown's November 16, 2015 letter. This included Plaintiffs' stated intent

to file a formal motion for extension of time to perfect service out of time if we were unable to reach an accord on this issue. At that time, counsel for Bayer Pharma AG, Lindy Brown, indicated that she was not authorized to grant any extensions for the time to perfect formal service, but did not specifically voice an objection to these Plaintiffs seeking an extension of time to perfect service by way of leave of Court. Plaintiffs' counsel did not receive a separate letter from BHCP, but presumes that BHCP will have the same "issues" with the propriety of service and so seeks to include BHCP in the request for relief sought by this motion.

II. **LAW AND ANALYSIS**

FRCP 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a Summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after the complaint is filed (or in this case within 60 days of the entry of PTO 10, viz, May 23, 2015), Rule 4 instructs the Court to either "dismiss the action without prejudice against the defendant" or "order that service be made within a specified time." If the plaintiff "shows good cause for the failure" the Court must extend the time for service for an appropriate period. Fed.R.Civ,P 4(m). As noted above, Plaintiffs Roberto Acosta et al. have every intention of pursuing their claims, but it was purely through oversight on the part of counsel that service was not **perfected** within 60 days of filing (to invoke the streamlined process of PTO 10) or within 120 days (to invoke the outer parameters of FRCP 4. Again, service was attempted on November 2, 2015, which was 81 days after the case was filed/docketed, but those service attempts were rejected by BHCP and Bayer Pharma AG for non-compliance with the streamlined service method set forth in PTO 10, as described above.

If good cause is not found, two options remain for the Court: **(1)** Dismiss this action without prejudice, or **(2)** Decide that a permissive extension is appropriate, as is permitted in its discretion, and order that service be made within a specified time. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)(citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S.Ct.1638, 134 L.Ed.2d 880 (1996). The Seventh Circuit explains that application of Rule 4(m) in the second manner is best determined by considering the "arguments and factors advanced by the plaintiff, and pay[ing] particular attention to a critical factor such as the running of the statute of limitations." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1007 (7th Cir. 2011)(citing *Panaras v. Liquid Carbonic Indus Corp.*, 94 F.3d 338, 341 (7th Cir. 1996))(additional citations omitted). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the Court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." Cardenas, 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

In light of the fact that this MDL involves thousands of similarly situated Plaintiffs who have filed claism alleging facts, circumstances and theories or recovery virtually identical to the lawsuit filed by Plainitffs *Robert Acosta et al.*, no actual prejudice has or will occur to defendants BHCP or Bayer Pharma AG, by the Court granting the relief sought herein.

The Plaintiffs herein have shown that as a matter of law and fact, they were not acting in "bad faith" in del their Original Compliant; Defendants BHCP and Bayer Pharma AG are fully aware of and have been served with hundreds, if not thousands of identical complaints, and their individual PFSs. Plaintiffs point out that this permissive extension is appropriate under the circumstances to avoid any subsequent issues regarding statutes of limitations, including the

Louisiana one year statute of limitations which affects nine (9) of Plaintiffs within the original bundled complaint, even though their original complaint was timely filed.

### III. CONCLUSION

In light of the foregoing, the Plaintiffs herein request an Order from this Court declaring their prior service on BHCP and Bayer Pharma AG to have been effective, or alternatively, granting them thirty (30) days within which to serve process on the Defendants, BHCP and Bayer Pharma AG through the streamlined process. Plaintiffs have shown that, all things considered, no Party herein will be prejudiced nor will the progress of this MDL be adversely affected by the granting of the relief sought herein, and significant work has already taken place on behalf of the Acosta bundled plaintiffs such that a dismissal of this complaint at this stage (after severed complaints have been filed) would be totally counter-productive to the interests of judicial efficiency.

Dated: December 17, 2015         **By:/S/ Steven J. Brady, Esq.**

  Steven J. Brady (CA Bar 116651)
  BRADY LAW GROUP
  1015 Irwin Street
  San Rafael, CA 94901
  (415)459-7300
  (415)459-7303 (Fax)
  stevebrady@bradylawgroup.com

  *Attorneys for Plaintiffs*

# EXHIBIT A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Bayer Healthcare Pharmaceuticals Inc.
   SOP DEPARTMENT ("BNCP")
   CORPORATION SERVICE CO
   SUITE 400
   2711 CENTERVILLE ROAD
   WILMINGTON, DE 19808

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _William Lull_   ☐ Agent  ☒ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail®   ☐ Priority Mail Express™
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label):  7014 2120 0004 6290 0442

PS Form 3811, July 2013        Domestic Return Receipt

# **EXHIBIT B**

| Item Description (Nature de l'envoi) | Registered Article (Envoi recommandé) | ☐ Letter (Lettre) | ☐ Printed Matter (Imprimé) | ☐ Other (Autre) | ☐ Express Mail International |
|---|---|---|---|---|---|

☐ Insured Parcel (Colis avec valeur déclarée) | Insured Value (Valeur déclarée) | Article Number: RE 624 992 783 US

Office of Mailing (Bureau de dépôt):

Date of Posting (Date de dépôt):

Addressee Name or Firm (Nom ou raison sociale du destinataire)
BAYER PHARMA AG; ATTN: EVA GARDYAN-EISENLOHR

Street and No. (Rue et No.)
MUELLERSTRASSE 178

Place and Country (Localité et pays)
13357 BERLIN GERMANY

This receipt must be signed by: (1) the addressee; or, (2) a person authorized to sign under the regulations of the country of destination; or, (3) if those regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender by the first mail.

(Cet avis doit être signé par le destinataire ou par une personne y autorisée en vertu des règlements du pays de destination, ou, si ces règlements le comportent, par l'agent du bureau de destination, et renvoyé par le premier courrier international à expéditeur.) 3

☐ The article mentioned above was duly delivered.
(L'envoi mentionné ci-dessus a été dûment livré.)

Date: 13.11.15

Postmark of the office of destination (Timbre du bureau de destination)

Signature of Addressee

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2015, a copy of the above and foregoing documents:

1. Motion for Extension of Time Within Which to Serve Process on Bayer Healthcare Pharmaceuticals Inc. and Bayer Pharma AG;

2. Notice of Submission;

3. Memorandum in Support of Plaintiffs' Motion for Extension of Time Within Which to Serve Process;

4. Proposed Order

has contemporaneously, with or before filing, been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedure established in MDL 2592 pursuant to Pre-Trial Order No. 17.

By: **/S/STEVEN J. BRADY, ESQ.**
BRADY LAW GROUP
1015 Irwin Street
San Rafael, CA 94901
(415)459-7300
(415)459-7303 (Fax)
stevebrady@bradylawgroup.com