UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN) :
PRODUCTS LIABILITY LITIGATION : MDL No. 2592
:
: SECTION L
:
: JUDGE ELDON E. FALLON
:
_____: MAGISTRATE JUDGE NORTH

**THIS DOCUMENT RELATES TO:**

*Ardolina, et al. v. Janssen Research & Development LLC, et al.*;
LAED USDC No. 2:15-cv-02334

*Bloodworth, et al. v. Janssen Research & Development LLC, et al.*;
LAED USDC No. 2:15-cv-2774

*Brown, et al. v. Janssen Research & Development LLC, et al.*;
LAED USDC No. 2:15-cv-1937

*Guldan, Jr. v. Janssen Research & Development LLC, et al.*,
LAED USDC No. 2:15-cv-01288

*Hurt, et al. v. Janssen Research & Development LLC, et al.*;
LAED USDC No.2: 15-cv-01791

*Lewis v. Janssen Research & Development LLC, et al.*,
LAED USDC No.2: 15-cv-02625

*Lowman v. Janssen Research & Development LLC, et al.*,
LAED USDC No.2: 15-cv-03817

*Ulm, Jr. v. Janssen Research & Development LLC, et al.*,
LAED USDC No. 2:15-cv-01694

*Wall v. Janssen Research & Development LLC, et al.*,
LAED USDC No. 2:15-cv-01287

## REPLY MEMORANDUM IN SUPPORT OF MOTION
## FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

Plaintiffs in the above-listed actions ("Plaintiffs"), through undersigned counsel, respectfully submit this reply memorandum in support of their Motion for Extension of Time within Which to Serve Process (Dkt. 1686).

In their opposition to Plaintiffs motion, Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals Inc. (the "Bayer Defendants") acknowledge that Plaintiffs have submitted all of the complaints to both of the Bayer Defendants (with three exceptions discussed below), through the streamlined procedures for informal service of process set forth in Pre-Trial Order #10. Three of the complaints (*Guldan, Wall,* and *Lewis*) have not been submitted to Bayer Pharma AG because Plaintiffs discovered that those complaints had not been timely submitted to Bayer Pharma AG after counsel for the Bayer Defendants had already informed Plaintiffs' counsel that any attempt at streamlined service would be rejected.

Plaintiffs' submission of the complaints, albeit untimely, was nonetheless a good faith effort to effect service. The Bayer Defendants cite *Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008), for the proposition that the Court should not allow Plaintiffs a brief extension to comply with Pre-Trial Order #10. In that case, however, the Fifth Circuit simply held that the district court did not abuse its discretion by refusing to allow the plaintiffs additional time for service when "[t]he record indicates that not only did Plaintiffs-Appellants fail to serve Defendants-Appellees for a period of over 1,000 days, they also waited an additional 126 days after receiving direct notice from certain Defendants-Appellees of defects in service before seeking leave from the court for additional time." *Id.* No such circumstances exist here.

Moreover, the court in *Newby* made clear that, "even if good cause is lacking, the court has discretionary power to extend time for service." *Id.* at 149. Plaintiffs respectfully suggest that the

Court should exercise its discretion accordingly by granting them a brief extension to complete streamlined service on the Bayer Defendants. Plaintiffs recognize that the Bayer Defendants are entitled to expect compliance with Pre-Trial Order #10, and, as stated in Plaintiffs' motion, undersigned counsel has instituted procedures to ensure that all future complaints are properly and timely served according to the procedures set forth in that order. Nevertheless, Plaintiffs maintain that any inconvenience that the Bayer Defendants may have experienced by receiving late notice of the above complaints does not warrant requiring Plaintiffs to execute formal service of those complaints, including by complying with the requirements of the Hague Convention. Thus, Plaintiffs respectfully request that this Court grant this motion and allow them an additional twenty (20) days within which to effect service on the Bayer Defendants through the streamlined procedures for informal service of process set forth in Pre-Trial Order #10.

Respectfully submitted,

Dated: December 11, 2015

By:  /s/ Daniel J. Carr
Joseph C. Peiffer, La. Bar # 26459
Daniel J. Carr, La. Bar # 31088
PEIFFER ROSCA WOLF
ABDULLAH CARR & KANE
A Professional Law Corporation
201 St. Charles Avenue, Suite 4610
New Orleans, Louisiana  70170-4600
Telephone:  (504) 523-2434
Facsimile:  (504) 523-2464
Email: dcarr@prwlegal.com

Michael B. Lynch, Esq.
THE MICHAEL BRADY LYNCH FIRM
127 West Fairbanks Ave. #528
Winter Park, Florida 32789
Office: (877) 513-9517
Fax: (321) 972-3568
Cell: (321) 239-8026
Email: michael@mblynchfirm.com

*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by Fed. R. Civ. P. 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of the electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Daniel J. Carr