UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Tracey Lowe, 15-3893* | * * | JUDGE ELDON E. FALLON |
| | * * | MAG. JUDGE NORTH |
| | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE PLAINTIFF FACT SHEET

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants"), Johnson & Johnson ("J&J"), Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG ("Bayer Defendants") collectively referenced as "Defendants," through undersigned counsel, respectfully submit the instant Opposition to Plaintiff Tracey Lowe's ("Plaintiff") Motion for Extension of Time to File Plaintiff Fact Sheet. (Rec. Doc. No. 1698).[1]

As explained *infra*, Plaintiff's request for an extension of time to submit the PFS due to the need for additional time "to review Plaintiff's handwritten draft PFS to verify that all of Plaintiff's PFS information is complete" should be denied because: (1) as repeatedly emphasized by the Court, timely submission of PFSs is *essential* to adhere to the extremely tight pretrial and trial

---

[1] Plaintiff filed an identical motion on November 11, 2015. (Rec. Doc. No. 1595.)

- 1 -

schedule; and (2) allowing such extensions absent *extraordinary circumstances* (which are not present here) would be unfairly prejudicial to Defendants:[2]

    1. The pretrial and trial schedule provides for a very limited amount of time for the defense to review more than 2,300 PFSs and make discovery pool selections.  Under those circumstances, extensions cannot be granted, as recognized by the Court:

> . . some folks are dragging their heels on the fact sheets.  We have got to be able to push on that because a lot of is going to be helpful in deciding the discovery pool and getting our hands around the litigation, and it holds matters up if we just linger with that.

*See* October 29, 2015 Telephonic Status Conf. Tr. at 11:5-11; *see also* November 20, 2015 Status Conf. Tr. at 8:15-19 ("**[I]f the fact sheets are not going to be filled out, then I will be dismissing cases. I will dismiss the case.  My intent is to dismiss the case with prejudice, not without prejudice**."); July 9, 2015 Status Conf. Tr. at 14:7-21 (noting the tight pretrial and trial schedule); October 21, 2015 Status Conf. Tr. at 6:1-6 (again noting that failure to file timely PFSs will result in dismissal of cases).

    2. Timely completion of the PFS is critical to hope to achieve the maximum benefit from MDL Centrality.  The only way the MDL Centrality system can provide meaningful data as to composition of the docket is to have information on all the cases on the docket. Plaintiffs already have an enormous advantage over Defendants in making their discovery pool selections because Plaintiffs' counsel have access to the plaintiffs and their doctors, while defense counsel do not.  While this knowledge gap cannot be overcome completely in the limited time available, the gap

---

[2] Where such extraordinary circumstances are present, Defendants have worked with individual Plaintiff's counsel to consent to a reasonable extension of time to submit PFS, obviating the need for contested motion practice.

can at least be reduced if Defendants receive the PFSs on time. Because of the prejudice that Defendants would suffer without timely production of individual PFSs due to the ambitious pace of this litigation, absent extraordinary circumstances, all Plaintiffs in this litigation should be required to submit individual PFSs in accordance with the established deadlines.

3. In the referenced matter, the chronology of events set forth in Plaintiff's Motion does not justify the relief sought. Plaintiff's Motion asserts that Plaintiff filed her Complaint on August 28, 2015, which resulted in a PFS deadline of October 27, 2015. (Rec. Doc. No. 1698, ¶ 1, 2.) The Motion further asserts that on October 29, 2015, Plaintiff notified her former counsel that she terminated their representation and hired new counsel. *Id.* at ¶ 3. It was on the same date that Plaintiff's new counsel received Plaintiff's information, including her handwritten PFS. *Id.* at ¶ 7. Plaintiff's new counsel now asserts that a 60-day extension from the deficiency deadline of November 23, 2015—20 days after the initial PFS deadline—is needed to review all of Plaintiff's information and input the PFS. Defendants aver, however, that a 60-day extension is not necessary to simply verify and submit the information that Plaintiff has already produced to her counsel of record.

Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion for Extension of Time to Satisfy Plaintiff Fact Sheet ("PFS") Deficiencies. (Rec. Doc. No. 1698.)

- 4 -

Respectfully submitted,

KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
Steven Glickstein
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005
Telephone: (202) 682-3550
Facsimile: (202) 414-0355
william.hoffman@kayescholer.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

Irwin Fritchie Urquhart & Moore LLC

By: /s/ *James B. Irwin*
    James B. Irwin
    Kim E. Moore
    IRWIN FRITCHIE URQUHART
    & MOORE LLC
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    jirwin@irwinllc.com

Chaffe McCall L.L.P.

By: /s/ *John F. Olinde*
    John F. Olinde
    CHAFFE McCALL L.L.P.
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on December 18, 2015, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                      */s/ James B. Irwin*
                      **James B. Irwin**