UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION L |
| | JUDGE ELDON E. FALLON |
| | MAG. JUDGE NORTH |

**This Document Relates to:**

*Moody v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-02607*

### MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

**MAY IT PLEASE THE COURT:**

Plaintiffs submit this memorandum in support of their motion for an order from this Court granting them thirty (30) days within which to serve process on the Defendants Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG, through the streamlined process.

### I.   BACKGROUND

This matter was filed into In Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL No. 2592, on July 14, 2015 (Rec. Doc. 1). On September 11, 2015, Plaintiffs served their plaintiff fact sheet ("PFS") on the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO 13 (Exhibit A). During this initial time period, while Defendant Bayer was made fully aware of the facts and circumstances surrounding the claims being asserted by Plaintiff, undersigned counsel inadvertently failed to timely issue formal service process on Bayer Healthcare Pharmaceuticals, Inc. ("BHCP"), and Bayer Pharma AG.

,

On November 13, 2015, Plaintiffs made service on BHCP (Via delivery on its registered agent: Corporation Service Company) (Exhibit B) and Bayer Pharma AG (via Registered Mail) (Exhibit C), via the streamlined process as provided in PTO 10 (paragraph II. C. 2). (Rec. Doc. 357).

Subsequently, on November 30, 2015, Bayer Pharma AG, notified Plaintiffs' counsel by letter that, while they acknowledged receipt of the Plaintiff's Complaint and Summons, Bayer AG (Berlin, Germany) deemed these service attempts to be improper as they were beyond the 60 day limit provided in Pre Trial Order No. 10 (Exhibit D).  At that time, BHCP (Wilmington, Delaware) did not take issue with service.

## II.     LAW AND ANALYSIS

FRCP 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond.  If a defendant is not served within 120 days after the complaint is filed (or within 60 days of filing if served via the streamlined process), Rule 4 instructs the court to "dismiss the action without prejudice against the defendant or order that service be made within a specified time."  Further, FRCP 4(m) expressly provides the time limitation does not apply to service in a foreign country.  As noted above, Plaintiff, has every intention of pursuing her claims, it was purely through oversight on the part of counsel that service was not perfected before within 120 days of filing or 60 days of PTO 10.  There should be no dispute that:

> the court has discretionary power to extend time for service. *Id.* Such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note (1993).

*Newby v. Enron Corp.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008).

,

In light of the fact that this MDL involves hundreds of similarly situated Plaintiffs who have filed claims alleging facts, circumstances and theories of recovery virtually identical to the lawsuit filed by Plaintiff, no actual prejudice has or will occur to Bayer defendants, by this court granting the relief sought herein.

Plaintiff shows that as a matter of law and fact, they were not in "bad faith" in delaying service of their Original Complaint; Defendant Bayer has fully aware of and served with hundreds of identical complaints and their individual PFS.  Plaintiffs point out that this permissive extension is appropriate under the circumstances to avoid any subsequent issues regarding the potential running of the applicable statute of limitations, even though the original complaint was timely filed.

### III.   CONCLUSION

In light of the foregoing, the Plaintiffs request an order from this Court declaring their prior service on BHCP and Bayer Pharma AG to have been effective or alternatively, granting them thirty (30) days within which to serve process on the Defendants BHCP and Bayer Pharma AG, through the streamlined process.  Plaintiffs show that all things considered, no party will be prejudiced nor will the progress of this MDL be adversely affected by the granting of the relief sought herein.

**JENSEN & ASSOCIATES**
1024 N. Main Street
Fort Worth, TX  76164
Telephone:  (817) 34-0762
Fax:  (817) 334-0110
bhs@jensen-law.com


/s/ Brandon H. Steffey
Brandon H. Steffey
Texas Bar No.: 24047207
**ATTORNEY FOR PLAINTIFFS**

,

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b) (2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No.17.

This the 22nd day of December, 2015.

/s/ Brandon H. Steffey
Brandon H. Steffey