UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)            :
PRODUCTS LIABILITY LITIGATION           :   MDL No. 2592
                                        :
                                        :   SECTION L
                                        :
                                        :   JUDGE ELDON E. FALLON
                                        :
_____     :   MAGISTRATE JUDGE NORTH

**THIS DOCUMENT RELATES TO:**

*Mary L. Walker et al. v. Janssen Research & Development LLC, et al.*
(2:15-CV-01030-EEF-MN);

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**</u>

**MAY IT PLEASE THE COURT:**

Plaintiffs bundled into the *Walker* multi-plaintiff Complaint hereby submit this Memorandum in support of their Motion for an Order from this Honorable Court granting them thirty (30) days within which to serve process on the Defendants, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG, through the streamlined process as set forth in this Court Pre-trial Order No. 10.

**I.     BACKGROUND**

This matter was filed into the United States District Court for the Central District of California on March 17, 2015, where it was assigned a Case No. of 2:15-CV-01971-DSF-FFM. It was subsequently transferred into the In Re:Xarelto (Rivoroxaban) Product Liability Litigation MDL No. 2592 further to a Conditional Transfer Order dated April 6, 2015 signed by the JPPL (Rec. Doc. 10), and on May 6, 2015, the case was officially transferred in from the Central District of California (Rec. Doc.11), and was assigned a new case number of 2:15-CV-01030-

EEF-MN. Since that time, and within the time parameters set forth by this Court, seven (7) of the eleven (11) Plaintiffs bundled into this Action have timely filed and served their Plaintiff Fact Sheets ("PFS") on the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO 13.  [The remaining 4 Plaintiffs have either dismissed their cases already or are in the process of dismissing their suits.]   During this initial time period, while Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG, were being made fully aware of the facts and circumstances surrounding the claims being asserted on behalf of these individual Plaintiffs (which were initially filed as part of a permitted bundled complaint), the undersigned counsel inadvertently failed to issue formal service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc. ("BHCP"), and Bayer Pharma AG per the strict letter of the streamlined process.

On November 2, 2015, which was more than 60 days after filing of the Complaint and/or transfer of the complaint into the MDL,  Plaintiffs herein attempted to make service of process on BHCP (via Certified US Mail) (**Return receipt attached  as Ex. A,** hereto**)** and Bayer Pharma AG (via registered international mail) **(return receipt attached as Ex. B,** hereto**)** respectively via the streamlined process as provided in PTO 10 (Paragraph II.C.1. and 2)(Rec. Doc. 357)

Subsequently, on November 16, 2015, counsel for Bayer Pharma AG, notified Plaintiffs' counsel by letter that while they acknowledged receipt of the *Walker* Complaint by registered Mail, Return Receipt Requested, Bayer Pharma AG deemed this service attempt improper as it was **(1)** beyond the 60 day limit provided in PTO No. 10, and **(2)** that it did not contain an attached summons (it <u>did</u> include the waiver of service of summons form).  This Firm promptly contacted counsel for Bayer Pharma AG, Lindy D. Brown, Esq. of the Bradley Arant Boult and

Cummings LLP Firm, on November 19, 2015 to try and meet and confer and reach an agreement on how to formally effect service including the remediation of the issues flagged in Ms. Brown's November 16, 2015 letter. This included Plaintiffs' stated intent to file a formal motion for extension of time to perfect service out of time if we were unable to reach an accord on this issue.  At that time, counsel for Bayer Pharma AG, Lindy Brown, indicated that she was not authorized to grant any extensions for the time to perfect formal service, but did not specifically voice an objection to these Plaintiffs seeking an extension of time to perfect service by way of leave of Court.  Plaintiffs' counsel did not receive a separate letter from BHCP, but presumes that BHCP will have the same "issues" with the propriety of service and so seeks to include BHCP in the request for relief sought by this motion.

II.     **LAW AND ANALYSIS**

FRCP 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a Summons to alert defendants that they have a limited time in which to respond.  If a defendant is not served within 120 days after the complaint is filed (or in this case within 60 days of the entry of PTO 10, viz, May 23, 2015), Rule 4 instructs the Court to either "dismiss the action without prejudice against the defendant" or "order that service be made within a specified time."  If the plaintiff "shows good cause for the failure" the Court must extend the time for service for an appropriate period. Fed.R.Civ.P 4(m). As noted above, seven of the eleven plaintiffs bundled into this Action have every intention of pursuing their claims and have given every indication to the defendants of their intent to pursue these claims (by and through the filing of a Plaintiff Fact Sheet), but it was purely through oversight on the part of counsel that service was not **perfected** within 60 days of filing (to invoke the streamlined process of PTO 10) or within 120 days (to invoke the outer parameters of FRCP 4).  Again,

service was attempted on November 2, 2015, but that service attempt was rejected by Bayer Pharma AG for non-compliance with the streamlined service method set forth in PTO 10, as described above.

If good cause is not found, two options remain for the Court: **(1)** Dismiss this action without prejudice, or **(2)** Decide that a permissive extension is appropriate, as is permitted in its discretion, and order that service be made within a specified time. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008)(citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S.Ct.1638, 134 L.Ed.2d 880 (1996). The Seventh Circuit explains that application of Rule 4(m) in the second manner is best determined by considering the "arguments and factors advanced by the plaintiff, and pay[ing] particular attention to a critical factor such as the running of the statute of limitations." *Cardenas v. City of Chi.*, 646 F.3d 1001, 1007 (7th Cir. 2011)(citing *Panaras v. Liquid Carbonic Indus Corp.*, 94 F.3d 338, 341 (7th Cir. 1996))(additional citations omitted). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the Court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." Cardenas, 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

In light of the fact that this MDL involves thousands of similarly situated Plaintiffs who have filed claims alleging facts, circumstances and theories or recovery virtually identical to the lawsuit filed by Plaintiffs *Mary L. Walker et al.*, no actual prejudice has or will occur to defendants BHCP or Bayer Pharma AG, by the Court granting the relief sought herein.

The Plaintiffs herein have shown that as a matter of law and fact, they were not acting in "bad faith" in the attempted delivery of their Original Complaint; Defendants BHCP and Bayer

Pharma AG are fully aware of and have been served with hundreds, if not thousands of identical complaints, and their individual PFSs. Plaintiffs point out that this permissive extension is appropriate under the circumstances to avoid any subsequent issues regarding statutes of limitations, including the Louisiana one year statute of limitations, which affects at least five (5) of Plaintiffs within the original bundled complaint, even though their original complaint was timely filed.

### III.   CONCLUSION

In light of the foregoing, the Plaintiffs herein request an Order from this Court declaring their prior service on BHCP and Bayer Pharma AG to have been effective, or alternatively, granting them thirty (30) days within which to serve process on the Defendants, BHCP and Bayer Pharma AG through the streamlined process. Plaintiffs have shown that, all things considered, no Party herein will be prejudiced nor will the progress of this MDL be adversely affected by the granting of the relief sought herein, and significant work has already taken place on behalf of the *Walker-*bundled plaintiffs such that a dismissal of this complaint at this stage would be totally counter-productive to the interests of judicial efficiency.

Dated:  December 28, 2015                                **By:/S/ Steven J. Brady, Esq.**
                                                                                   _____

                                                                                   Steven J. Brady (CA Bar 116651)
                                                                                   BRADY LAW GROUP
                                                                                   1015 Irwin Street
                                                                                   San Rafael, CA 94901
                                                                                   (415)459-7300
                                                                                   (415)459-7303 (Fax)
                                                                                   stevebrady@bradylawgroup.com

                                                                                   *Attorneys for Plaintiffs*

# **EXHIBIT A**

Case 2:14-cv-05392-EFS-MKD  Document 1827-2  Filed 12/28/15  Page 7 of 11

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: Bayer Healthcare Pharmaceuticals Inc.

   SOP DEPARTMENT
   CORPORATION SERVICE CO
   SUITE 400
   2711 CENTERVILLE ROAD
   WILMINGTON, DE 19808

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _[signature]_
☐ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail®  ☐ Priority Mail Express™
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
   (Transfer from service label)
   7014 2120 0004 6290 0602

PS Form 3811, July 2013    Domestic Return Receipt

# **EXHIBIT B**

| Item Description (Nature de l'envoi) | ☑ Registered Article (Envoi recommandé) | ☐ Letter (Lettre) | ☐ Printed Matter (Imprimé) | ☐ Other (Autre) | ☐ Mail International |
|---|---|---|---|---|---|
| ☐ Insured Parcel (Colis avec valeur déclarée) | Insured Value (Valeur déclarée) Article Number: RE 624 992 806 US | | | | |

**Office of Mailing (Bureau de dépôt)** | **Date of Posting (Date de dépôt)**

**Addressee Name or Firm (Nom ou raison sociale du destinataire)**
BAYER PHARMA AG, ATTN: EVA GARDYAN-EISENLOHR

**Street and No. (Rue et No.)**
MUELLERSTRASSE 178

**Place and Country (Localité et pays)**
13353 BERLIN GERMANY

This receipt must be signed by: (1) the addressee; or, (2) a person authorized to sign under the regulations of the country of destination; or, (3) if those regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender by the first mail.

(Cet avis doit être signé par le destinataire ou par une personne y autorisée en vertu des règlements du pays de destination, ou, si ces règlements le comportent, par l'agent du bureau de destination, et renvoyé par le premier courrier directement à expéditeur).

**Postmark of the office of destination (Timbre du bureau de destination)**

☐ The article mentioned above was duly delivered.
(L'envoi mentionné ci-dessus a été dûment livré.)

**Date** 13.11.11

**Signature of Addressee (Signature du destinataire)**

**Office of Destination Employee Signature (Signature de l'agent du bureau du destination)**

PS Form **2865**, March 2007 (Reverse) PSN 7530-01-000-9775

| Item Description (Nature de l'envoi) | ☒ Registered Article (Envoi recommandé) | ☐ Letter (Lettre) | ☐ Printed Matter (Imprimé) | ☐ Other (Autre) | ☐ Express Mail International |
|---|---|---|---|---|---|
| ☐ Insured Parcel (Colis avec valeur déclarée) | Insured Value (Valeur déclarée) | | | RE 624 992 797 US | |

| Office of Mailing (Bureau de dépôt) | Date of Posting (Date de dépôt) |
|---|---|
| | |

Addressee Name or Firm (Nom ou raison sociale du destinataire)

BAYER PHARMA AG; ATTN: EVA GARDYAN-EISENLOHR

Street and No. (Rue et No.)

MUELLERSTRASSE 178

Place and Country (Localité et pays)

13357 BERLIN GERMANY

This receipt must be signed by: (1) the addressee; or, (2) a person authorized to sign under the regulations of the country of destination; or, (3) if those regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender by the first mail.

(Cet avis doit être signé par le destinataire ou par une personne y autorisée en vertu des règlements du pays de destination, ou, si ces règlements le comportent, par l'agent du bureau de destination, et renvoyé par le premier courrier directement à expéditeur).

Postmark of the office of destination (Timbre du bureau de destination)

☐ The article mentioned above was duly delivered. (L'envoi mentionné ci-dessus a été dûment livré.)

Date 12/11/11

PS Form

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2015, a copy of the above and foregoing documents:

1. Motion for Extension of Time Within Which to Serve Process on Bayer Healthcare Pharmaceuticals Inc. and Bayer Pharma AG;

2. Notice of Submission;

3. Memorandum in Support of Plaintiffs' Motion for Extension of Time Within Which to Serve Process;

4. Proposed Order

has contemporaneously, with or before filing, been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedure established in MDL 2592 pursuant to Pre-Trial Order No. 17.

By: **/S/STEVEN J. BRADY, ESQ.**
BRADY LAW GROUP
1015 Irwin Street
San Rafael, CA 94901
(415)459-7300
(415)459-7303 (Fax)
stevebrady@bradylawgroup.com