

*Via Email*

January 4, 2016

Jennifer La Mont, Esq.
Drinker Biddle & Reath LLP
600 Campus Dr.
Florham Park, NJ  07932-1047

Timothy S. Coon, Esq.
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219

> RE: In re: Xarelto (Rivaroxaban) Products Liability Litigation, MDL No. 2592
>
> IMS Data: For prescribing physicians and one treating physician identified by each plaintiff in the actions that are eligible for the bellwether trial pool as defined by the Court Order in this matter, the name and address of the HCP and prescribing history data such as the number of new prescriptions, the units, and the number of total prescriptions for Xarelto for 2011 to the present

Dear Ms. La Mont and Mr. Coon:

This letter will serve as a response to your requests on behalf of your respective clients: Janssen Research & Development, LLC; Janssen Ortho, LLC; Janssen Pharmaceuticals, Inc.; Johnson & Johnson (collectively, "Janssen"); Bayer Corporation; Bayer Healthcare, AG; Bayer Pharma, AG; Bayer, AG; Bayer Healthcare, LLC; and Bayer Healthcare Pharmaceuticals, Inc. (collectively, "Bayer") (hereinafter, collectively, the "CLIENTS"), to provide the above-referenced IMS Data (the "IMS Information") to members of the Plaintiffs' Steering Committee (the "PSC") in connection with the above-referenced litigation (the "Litigation").  IMS represents that IMS Information is confidential and proprietary to IMS.  As you may be aware, IMS Information retains its value to IMS so long as it is treated in accordance with the requirements of law affording certain protection for such information (e.g., laws governing trade secrets and copyrights).  In addition, IMS has certain contractual obligations of confidentiality with its data sources and clients.

You have requested that IMS consent to CLIENTS' and PSC's use of IMS Information in the Litigation, subject to the respective protective order, particularly, Pretrial Order No. 12, Stipulated Protective Order, filed May 4, 2015, in the Eastern District of Louisianawhich is attached hereto as Exhibit A (the "Protective Order").  In order to provide consent to this request, it is necessary that, on behalf of CLIENTS, you represent and agree that any such usage or disclosure of IMS Information will be treated in a manner which does not compromise the

above-mentioned protections or obligations. Further, consent to such use of any IMS Information in the Litigation is subject to your agreement to the following:

  A. Prior to disclosure of IMS Information in the Litigation, you shall designate IMS Information as HIGHLY PROTECTED and proprietary to IMS and in a manner so as to be subject to the Protective Order. To the extent any terms of the Protective Order are inconsistent with the terms of this letter, the terms of this letter shall control. Access to and use of IMS Information shall be strictly limited to purposes directly related to the Litigation.

  B. Prior to using any IMS Information in filings in the court or otherwise producing IMS Information as part of the Litigation, you shall ensure that:

    1. Production of IMS Information shall be limited to that portion of IMS Information that is relevant to the Litigation, except where the context or applicable rules of civil procedure otherwise specifically requires. Without limiting the foregoing, IMS Information produced in the Litigation will include only the individual prescribers whose prescribing behavior is directly relevant to such Litigation and whom the plaintiffs have themselves expressly identified.

    2. Any person or entity receiving IMS Information on behalf of the PSC in connection with the Litigation shall only use IMS Information for purposes directly related to reaching an outcome in the Litigation and shall not in any event use IMS Information for any business, competitive, personal, private, public, or other purpose.

    3. All documents containing IMS Information shall be marked "HIGHLY PROTECTED – SUBJECT TO PROTECTIVE ORDER," or marked in such other manner so as to be identified as a document requiring highly confidential treatment under the terms of the Protective Order. Any person or entity receiving IMS Information shall be apprised of the confidential and proprietary nature of such information.

    4. No person or entity that obtains access to IMS Information on behalf of the PSC shall attempt to identify any person or entity (including any patient, consumer, outlet, supplier, plan, pharmacy or prescriber) that is not readily identifiable in the IMS Information. No person or entity that obtains access to any IMS Information shall attempt to contact, for the purpose of obtaining testimony or otherwise, any person or entity (including any patient, consumer, outlet, supplier, plan, pharmacy or prescriber) identified in or identifiable from the IMS Information. Nothing in this paragraph prohibits any person from identifying or contacting any person or entity that they have knowledge of from sources other than IMS Information, nor does this paragraph authorize any person to contact any person or entity.

5.     When IMS Information is used in or as part of a proceeding in the Litigation, IMS will only act as an objective service provider and not as an expert on behalf of a client or any party. As more fully described in the Statement of IMS Health Regarding Use of Prescriber Data in Legal Proceedings or Government Investigations, attached hereto as Exhibit B ("IMS Statement"), IMS Information may reflect projections, estimates, forecasts, or other analyses of data which are the result of either IMS standard processes or specifications developed or approved by the client. The parties acknowledge that IMS Information, although appropriate for its intended purpose of supporting business and marketing analyses in industries such as the pharmaceutical industry, contains data that is susceptible to error or variance, and is not intended by IMS to be used to establish any fact. Any person or entity receiving IMS Information in connection with the Litigation shall receive a copy of the IMS Statement.

6.      Any reports, documents, or exhibits prepared by CLIENTS or the PSC, which contain IMS Information together with information from other sources, shall be identified as such, and shall not be represented as a report, document, or exhibit prepared by IMS.

7.     IMS will not offer testimony or other evidence regarding the interpretation of the results of the data provided by IMS or the services performed by IMS in connection with the Litigation. In addition, IMS will not provide any advice or engage in any advocacy with respect to witness testimony or expert analysis of any other party. Also, IMS will not provide any opinion as to the relative merits of the clients' or the other party's positions in the Litigation.

8.     The IMS Information shall not be placed in any information repository accessible to any person or entity not part of the PSC and not directly involved in the Litigation, and shall not otherwise be made available to any person or entity not directly involved in the Litigation.

9.     In no event shall any disclosure of IMS Information be made to any competitor of IMS, or to any person who, upon reasonable good faith inquiry, could be determined to be an employee of any competitor of IMS, irrespective of whether that person is retained as an expert in the Litigation. No person or entity that obtains access to any IMS Information shall in any manner whatsoever attempt to reverse engineer or disassemble such information or attempt to ascertain the methodologies by which such information was obtained, sorted, projected, or manipulated.

10.    Prior to disclosure of IMS Information to any member of the PSC, Brian Barr, as Co-Lead Counsel for the Plaintiffs in the Litigation, shall sign a copy of this letter, acknowledging and agreeing to be bound by the terms and

conditions of this letter. Mr. Barr, as Co-Lead Counsel for the Plaintiffs in the Litigation represents that he has authority to sign this agreement and represents the interests of the PSC in this matter. CLIENTS shall provide to IMS a copy of such letter(s) upon request from IMS.

11. If CLIENTS or any other party to whom disclosure may be made in the Litigation desire to use at trial or in any public court proceeding any of the above-referenced IMS Information, CLIENTS or the party seeking to use the IMS Information shall request the court to permit presentation of such material with only counsel and court personnel present or in such other manner as the court deems appropriate to maintain the confidentiality of the IMS Information. At no time may the IMS Information be disclosed without the "Highly Protected" designation or an equivalent designation that is intended to ensure highly confidential treatment of such IMS Information.

12. In no event shall IMS be liable for any consequential, special, exemplary, or similar types of damages, including but not limited to third party claims, whether foreseeable or not, arising in connection with the use of IMS Information in the Litigation, even if IMS has been advised of the possibility of such damages. Any reliance on or decision based on IMS Information is the sole responsibility of you and the entity that receives the IMS Information in the Litigation. The PSC agrees to hold IMS and its affiliates harmless from any claims or costs arising out of the release of IMS Information in the Litigation.

13. Each person or entity having received IMS Information shall comply with paragraph 32 of the Stipulated Protective Order filed in the Eastern District of Louisiana (Exhibit A), as applicable. Compliance with the terms of such Protective Order shall be made within 90 days of the termination of the respective action, and written attestations that all copies of IMS Information have been destroyed or returned shall be provided to IMS upon request.

14. The PSC shall not provide any IMS Information to any individual plaintiffs' counsel for their individual cases. Individual plaintiffs' counsel may obtain IMS Information following the process set forth in CMO 14A in the Litigation, after providing the signed IMS letter agreement attached as Exhibit 1 to CMO 14A.

Subject to your agreement with the foregoing, and in reliance on your representation that the above terms are acceptable to all members of the PSC, IMS will consent to your request. If the

above terms are acceptable, please counter-sign a copy of this letter where indicated and returned to my attention. Thank you.

Very Truly Yours,

Maureen Nakly
Senior Attorney
IMS Health Incorporated


Acknowledged and Agreed by:

COUNSEL FOR JANSSEN

BY: _____
   Jennifer La Mont, Esq.

TITLE: _____

DATE: _____


COUNSEL FOR BAYER

BY: _____
   Timothy S. Coon, Esq.

TITLE: _____

DATE: _____


PLAINTIFFS' STEERING COMMITTEE


BY: _____
   Brian Barr, Esq.

TITLE: _____

DATE: _____