UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *ALL CASES* | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**THE PLAINTIFFS' STEERING COMMITTEES' RESPONSE
IN OPPOSITION TO *EX PARTE* MOTION TO SET HEARING DATE
OF JANUARY 22, 2016 ON MOTION FOR PROPOSED ORDER
GOVERNING THE PARTIES' INTERACTIONS WITH
MDL PLAINTIFFS' PRESCRIBING AND TREATING PHYSICIANS**

The Plaintiffs Steering Committee ("PSC") submits this response in opposition to Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants"), Johnson & Johnson ("J&J"), Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG ("Bayer Defendants") Motion to Set a Hearing Date [Rec.Doc. No.1845].  The Defendants' motion should be set aside to allow the parties time to craft an appropriate briefing schedule and hearing date, given the importance and significance of the substance of the Defendants' underlying motion, *i.e.,* the so-called "Woodshedding Motion," which addresses the limitations on communications with treating physicians.

- 1 -

During the meet and confer process, Defendants were advised that the Plaintiffs objected to the Defendants' proposed briefing schedule.  Plaintiffs had long ago requested that the Defendants provide the PEC with the proposed Woodshedding motion in order to assess the necessary scope of the Plaintiffs' response.  As a result, Plaintiffs suggested that Defendants file the motion and that Plaintiffs would respond as appropriate.  Now that the PSC has been presented with the actual motion and its multiple exhibits, it is obvious that it is no ordinary motion that can be addressed in an abbreviated fashion.  The motion is intended to invite this Court to a remarkable departure from its prior rulings on the subject in the *Vioxx* litigation which will substantially impact plaintiffs' ability to present their claims not just in this litigation but other future litigation, as well.  If the Court were inclined to adhere to the precedent set in its *Vioxx* ruling on this issue, a precedent which the PSC would accept in this litigation, then Defendants' motion could and should be readily resolved.

If the Court is now inclined to re-visit the question at hand in a way that changes that precedent, then it would be necessary for purposes of this record for Plaintiffs to have limited, narrowly tailored disclosures addressing the extent and nature, if any, between Defendants' and their representatives, including detail providers, with the physicians that are subject of this motion.  Plaintiffs have reason to believe that Defendants' agents, primarily through detail representatives, have had unrestricted access to various plaintiffs' physicians in an effort to market this drug from approval to the present.  These contacts would include much of the same material that forms the basis of these lawsuits.  Even under the Defendants' present motion, such detail representatives would continue to have unfettered and unrestricted access to these doctors

and would be engaging in the very activity that Defendants are arguing is improper for Plaintiffs. Such would clearly be inequitable.

To understand the full scope of the potential issues, and if the Court were inclined to consider the substance of Defendants' arguments, then more facts and limited discovery along these lines would be just and proper, and could quickly be accomplished. Such matters should be addressed during the bi-weekly telephone conference to discuss discovery dispute scheduled for Wednesday, January 13, 2106. *See* January 6, 2016 Order [Rec.Doc. 1842]. Even without discovery, Plaintiffs suggest that one week is not sufficient time for the PSC to formulate its response to Defendants' extensive Woodshedding motion. Incredibly, while the Defendants have had months to prepare their papers, they propose to allow plaintiffs only one week to respond. To require the PSC to expedite briefing on a matter of such importance and that is potentially landscape changing, where no emergency exists or even has been suggested, within one week does not afford sufficient justice to address the weighty issues at hand.

Accordingly, the PSC submits that the Defendants' scheduling motion should be denied *without prejudice* to allow the parties to address these matters at the next bi-weekly telephone conference and an appropriate briefing schedule. If the Court is amenable to allowing Plaintiffs limited disclosures relative to the present motion, Plaintiffs suggest that briefing can be completed within a short period of time following the disclosures. In any event, Plaintiffs request that they be permitted additional time to submit their response, *i.e.*, on or before Friday, January 29, 2016. The matter may then be set for either the Court's next available motion date

- 3 -

following our responsive papers, a special hearing date, or the next monthly status conference following the completion of the parties' briefing on the matter.

      Wherefore, the PSC requests the Defendants' motion be denied without prejudice.

Dated: January 7, 2016

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER
& WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:  gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

### PLAINTIFFS' STEERING COMMITTEE

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Bradley D. Honnold
11150 Overbrook Rd., Ste. 200
Leawood, KS 66211
Phone: (913) 266-2300
Fax: (913) 266-2366
Email: bhonnold@bflawfirm.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Russell T. Abney
2100 RiverEdge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Michael Goetz
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: (813) 221-6581
Fax: (813) 222-4737
Email: MGoetz@ForThePeople.com

Neil D. Overholtz
17 E. Main Street , Suite 200
Pensacola, Florida 32501
Phone: (850) 916-7450
Fax: (850) 916-7449
Email: noverholtz@awkolaw.com

Frederick S. Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Jeffrey S. Grand
550 Broad Street, Suite 920
Newark, NJ 07102
Phone: (973) 639-9100
Fax: (973) 639-9393
Email: jgrand@seegerweiss.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

Dianne M. Nast
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Phone: (215) 923-9300
Email: dnast@nastlaw.com

Ellen Relkin
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 344-5461
Email: Erelkin@weitzlux.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 7, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

_/s/ Leonard A. Davis_
**LEONARD A. DAVIS**