# EXHIBIT "G"

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 06 2005

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | : | MDL DOCKET NO. 4:03-CV-1507-WRW |
|---|---|---|
| IN RE: | : | |
| PREMPRO PRODUCTS LIABILITY | : | |
| LITIGATION | : | ALL CASES |

### ORDER RE: RULINGS FROM DECEMBER 10, 2004 HEARING

Based on the findings of fact and conclusions of law, as well as agreements between the parties made in the December 10, 2004 status conference, the following is ordered:

**I. SCOPE OF COURT'S ORDER SEVERING AND TRANSFERRING MULTI-PLAINTIFF SUITS**

Pending is Plaintiffs' Motion for Clarification (Doc. No. 355). The parties submitted supplemental briefs on November 5, 2004 (Doc. Nos. 380, 381).

I do not feel that an expansion of my order is necessary. While my original severance and transfer order mentioned cases filed in transferor courts that were subsequently sent here via MDL panel, my primary concern and the scope of the Order was limited to the severance and transfer of cases that were filed directly in this court, since those are cases I will eventually have to try.

While I believe that §1404 transfers are an unavoidable result of all multi-plaintiff filings (meaning those filed in the transferor courts), I am reluctant to delve into cases that already passed the scrutiny of the MDL panel. Although I mentioned in the order that I hoped to deter any future filings of this nature, I do not intend to back-track and review every case that was

1

471

transferred to this court. Perhaps a better way for Defendants to address this issue is to bring it up when the cases are before the MDL panel.

Whether multi-plaintiff cases will be heard is for the transferor courts to decided, not me. However, I hope it is clear that such filings will not be tolerated in this court, and I hope that any future filings in transferor courts will also be avoided.

Accordingly Plaintiffs' Motion for Clarification (Doc. No. 355) is DENIED as MOOT.

## II. PLAINTIFFS' MOTION TO COMPEL WYETH TO AMEND ITS PRIVILEGE LOGS (Doc. No. 312)

In the Order dated November 4, 2004 (Doc. No. 377) Plaintiffs' Motion to Compel Wyeth to Amend its Privilege Logs was granted in part and still under consideration in part.

After reviewing *in camera* the sample of documents provided under seal by Wyeth, I find that Wyeth's claims of attorney-client privilege were well founded. Wyeth will continue to comply with the other parts of the Order Re: Rulings from October 2004 hearing. Any remaining issues raised by Plaintiffs' motion to amend the Wyeth privilege log (Doc. No. 312) are DENIED.

## III.
A. DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE NATIONAL INSTITUTES OF HEALTH AND FRED HUTCHINSON CANCER RESEARCH CENTER (Doc. No. 392) AND SUPPLEMENTAL MOTION (Doc. No. 402)
B. FRED HUTCHINSON'S PROTECTIVE ORDER RE PRODUCTION OF RECORDS (Doc. No. 420)
C. MOTION FOR ENTRY OF CONFIDENTIALITY ORDER NO. 1 Re WHI STUDY DATA (Doc. No. 412)
D. DEFENDANTS PFIZER INC., PHARMACIA CORPORATION, PHARMACIA & UPJOHN, INC., PHARMACIA COMPANY, AND GREENSTONE LTD'S NOTICE OF JOINDER (Doc. No. 438)

Defendants' Motion to Compel Production of Documents from the National Institutes of Health and Fred Hutchinson Cancer Research Center (Doc. No. 392) and Supplemental Motion

2

(Doc. No. 402), Fred Hutchinson's Protective Order Re Production of Records (Doc. No. 420), Motion for Entry of Confidentiality Order No. 1 Re WHI Study Data (Doc. No. 412), and Defendants Pfizer Inc., Pharmacia Corporation, Pharmacia & Upjohn, Inc., Pharmacia Company, and Greenstone Ltd's Notice of Joinder (Doc. No. 438) are GRANTED, but with conditions. Accordingly, the WHI study data from the National Institutes of Health and the Fred Hutchinson Cancer Research Center must be produced with the following conditions:

- Site information will not be produced

- Information identifying the clinical site other than as Site A, Site B, etc. will not be produced.

- Specific date information will not be produced, but FHCRC will provide markers and flags as a substitute for exact dates in a manner to be resolved by FHCRC and Wyeth

- "Sensitive information" (as defined by the NHLBI guidelines) will not be produced, except that genetic markers will be produced

- The randomization and assignment data for the Dietary Modification and Calcium D trials will be produced after November 2005

- The data will be produced to any party requesting access to the data, subject to the terms of the Confidentiality Order.

- The information will be made available to Defendants' employees only on a "need to know" basis

- All parties agree to refrain from any public comment concerning this data or the studies to which they relate, which comment is based in whole or in part on information which is not publicly available.

3

IV.  **PLAINTIFFS' MOTION TO COMPEL WYETH WITNESS TO ANSWER QUESTIONS REGARDING COMPENSATION (Doc. No. 398)**

Plaintiffs' Motion to Compel Wyeth Witness to Answer Questions Regarding Compensation (Doc. No. 398) is DENIED. Wyeth has agreed that its employees will answer questions in their depositions on the following areas of inquiry: (1) existence of a bonus program; (2) range of possible bonus as a percentage of salary; (3) criteria by which bonuses are determined; (4) amount of bonuses actually awarded as a percentage of salary; (5) similar questions regarding stock options or any other incentive based compensation.

Wyeth's counsel may instruct witnesses at depositions that they do not need to provide dollar amounts of their base compensation, bonuses, stock options, or any incentive-based compensation.

V.  **PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF WYETH'S CUSTODIAL FILES (Doc. No. 403)**

This Motion is DENIED.

VI.  **DEFENDANTS' EMERGENCY MOTION TO PRESERVE EVIDENCE, PRODUCE ORIGINAL FACT SHEET, AND CONDUCT INVESTIGATION (Doc. No. 409)**

This Motion is DENIED AS MOOT.

VII.  **MOTION TO SHOW CAUSE WHY CERTAIN PLAINTIFFS' SHOULD NOT BE DISMISSED FOR WILLFUL FAILURE TO COMPLY WITH COURT'S DISCOVERY ORDERS (FACT SHEET DELINQUENCIES) (Doc. No. 414)**

This motion is DENIED without prejudice, except that Plaintiffs listed in the motion are ordered to produce completed Fact Sheets within 45 days of the date of this order.

4

VIII. **PLAINTIFFS' MOTION TO COMPEL BARR & DURAMED DEFENDANTS TO PRODUCE AN OBJECTIVE INDEX (Doc. No. 351)**

This Motion is DENIED as MOOT.

IX. **MOTION OF GLAXOSMITHKLINE CONSUMER HEALTHCARE TO INTERVENE (Doc. No. 443)**

Pending is GlaxoSmithKline's Motion to Intervene for the limited purpose of commenting on the confidentiality of the information pertaining to the Dietary Modification and Calcium and Vitamin D clinical trials of the WHI Study. This Motion is GRANTED.

X. **REQUEST FOR ORDER SETTING A PRODUCTION SCHEDULE FOR WYETH'S SALES FORCE DATABASES (Doc. No. 340)**

This issue will be resolved at the January 2005 status conference.

IT IS SO ORDERED this 6th day of January, 2005.

UNITED STATES DISTRICT JUDGE
WM. R. WILSON, JR.

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 1-7-05 BY

bm

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

January 7, 2005

* * MAILING CERTIFICATE OF CLERK * *

Re:  4:03-cv-01507.

True and correct copies of the attached were mailed by the clerk to the following:

    William Gary Holt, Esq.
    Gary Eubanks & Associates
    Post Office Box 3887
    Little Rock, AR   72203-3887

    Russell D. Marlin, Esq.
    Gary Eubanks & Associates
    Post Office Box 3887
    Little Rock, AR   72203-3887

    Lyn Peeples Pruitt, Esq.
    Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.
    425 West Capitol Avenue
    Suite 1800
    Little Rock, AR   72201-3525

    press

                                            James W. McCormack, Clerk

Date: _1-7-05_                            BY: _____