# EXHIBIT "I"

HUGHES HUBBARD & REED LLP
A New York Limited Liability Partnership
101 HUDSON STREET, SUITE 3601
JERSEY CITY, NEW JERSEY 07302-3918
Telephone: (201) 536-9220
Telecopy: (201) 536-0799
Attorneys for Defendant Merck & Co., Inc.

**FILED**

MAR 1 0 2006

Carol E. Higbee, P.J.Cv.

|  |  |
|---|---|
| IN RE: VIOXX® LITIGATION | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ATLANTIC COUNTY<br><br>CASE NO. 619<br><br>CIVIL ACTION<br>*APPLICABLE TO ALL CASES*<br><br>**AMENDED ORDER REGARDING<br>PRODUCTION OF INTERIM DATA<br>FROM THE APPROVE FOLLOW UP<br>STUDIES** |

THIS MATTER having come before the Court by oral motion of Plaintiffs at a

case management conference held on December 15, 2005 and on hearing of Merck's

Motion for Reconsideration and for a Protective Order on December 30, 2005, and a

second hearing having been held on February 9, 2006;

IT IS on this __10th__ day of ~~February~~ **March**, 2006,

ORDERED as follows:

1.      Merck shall not produce any interim information regarding the follow up

data from Protocol 122 and the extensions to Protocol 122 (P122-10, -11, -20)

(hereinafter "APPROVe follow-up studies") except as specifically set forth below.

2.      Merck has produced two sets of APPROVe follow-up studies datasets in

electronic form, two sets of the APPROVe follow-up studies final cardiovascular

adjudication packages ("packages"), and, to the extent any exist, two copies of any

analyses of the foregoing.  That production was made by hand to David Buchanan, Esq. and was designated "Confidential--Subject to Protective Order."  The parties shall confer over any supplemental production of APPROVe follow-up studies data.  The production, together with any supplemental production, is hereinafter referred to as the "information."

    4.  The information may be sent to each of the following firms:  Weitz & Luxenberg; Lanier Law Firm; Anapol, Schwartz; the Locks Firm; Hovde Dassow & Deets LLC, and Alexander, Hawes & Audet.  Up to four members of each of those firms may have access to the data and may discuss the data with each other and those experts identified in paragraph 5.  In addition, Chris Tisi and Donald Arbitblit are also authorized to receive and discuss the information.

    5.  Absent objection by any party, the information may also be provided to the experts retained by the plaintiffs and the defense in connection with the February, April, and June 2006 New Jersey trials.  These experts must have already signed, or sign before receiving the information, the Amended Stipulation and Protective Order filed on December 16, 2004 and must have submitted to the jurisdiction of this Court for purposes of the protective order and this order.  It is understood that Merck has an objection to providing the information to one of plaintiffs' experts, which objection shall be made in writing to the Court by February 15, 2006.

    6.  The designated recipients of the information shall make only such copies and other records as are necessary for their analyses.  All documents, paper, electronic, or otherwise, containing the information or any information derived from the information will be kept strictly segregated from any other documents and best efforts shall be used to

secure such documents.  Experts provided information in accordance with this Order may be examined at deposition concerning such information; the parties shall meet and confer to discuss appropriate safeguards.

7.      Prior to receiving the information, any expert for plaintiffs or the defense will sign an acknowledgement that they have read and will agree to abide by the terms of this Order.  These certifications will be submitted to the Court under seal.

8.      No one may use or disclose in any way any of the information, except as set forth above.

9.      This order addresses only disclosure and not admissibility at trial or otherwise.  If plaintiffs' counsel desire to use the information at trial, at deposition, or to make any use or disclosure of the information not expressly provided for herein, the parties will meet and confer to attempt to resolve the issue.  If the parties do not agree, they shall seek further guidance from the Court.

10.     If the Court subsequently orders over Merck's objection further use or disclosure of the information, Merck preserves their right to appeal that decision and by agreeing to this Order, the defendant does not waive any claims of confidentiality.

11.     By agreeing to the form this order, no party waives any rights they otherwise have.

12.     The Court considers any breach of the terms of this Order to be a serious matter and violations are subject to sanctions.

13.     This order supercedes and replaces the order dated January 20, 2006, which is hereby vacated.

_____
Honorable Carol E. Higbee, P.J.Cv.