UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Jurine Wickersham, individually and as* | * | JUDGE ELDON E. FALLON |
| *executor of the Estate of Robert* | * | |
| *Wickersham (15-5670)* | * | MAG. JUDGE NORTH |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

### OPPOSITION TO MOTION FOR EXTENSION
### OF TIME TO SATISFY AMENDED PLAINTIFF FACT SHEET DEFICIENCIES

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants"), Johnson & Johnson ("J&J"), Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG ("Bayer Defendants") collectively referenced as "Defendants," through undersigned counsel, respectfully submit the instant Opposition to Plaintiff Jurine Wickersham's ("Plaintiff") Motion for Extension of Time to Satisfy Amended Plaintiff Fact Sheet Deficiencies. (Rec. Doc. No. 1821).

As explained *infra*, Plaintiff's request for an extension of time to cure the PFS deficiencies due to the need for additional time "to complete the process of opening the probate case and to obtain the necessary documentation from the probate court" should be denied because the chronology of events does not support the extension. Further, the request should be denied because: (1) as repeatedly emphasized by the Court, timely submission of the completed PFSs is

*essential* to this litigation; and (2) allowing such extensions absent *extraordinary circumstances* (which are not present here) would be unfairly prejudicial to Defendants:[1]

    1.  The Court has repeatedly emphasized that the timely submission of Plaintiff Fact Sheets is an essential step in this litigation and that the failure to submit a completed PFS will result in the dismissal of the case. *See* November 20, 2015 Status Conf. Tr. at 8:15-19 ("**[I]f the fact sheets are not going to be filled out, then I will be dismissing cases. I will dismiss the case. My intent is to dismiss the case with prejudice, not without prejudice**."); October 21, 2015 Status Conf. Tr. at 6:1-6 (again noting that failure to file timely PFSs will result in dismissal of cases).

    2.  Timely completion of the completed PFS is critical in order to achieve the maximum benefit from MDL Centrality.  The only way the MDL Centrality system can provide meaningful data as to composition of the docket is to have information on all the cases on the docket. Because of the prejudice that Defendants would suffer without timely production of individual PFSs, absent extraordinary circumstances, all Plaintiffs in this litigation should be required to submit individual PFSs in accordance with the established deadlines.

    3. In the referenced matter, the chronology of events set forth in Plaintiff's Motion does not justify the relief sought. Plaintiff's Motion asserts that Plaintiff filed her Complaint on June 17, 2015. (Rec. Doc. No. 1821, ¶ 1) The Motion further asserts that Plaintiff submitted the Plaintiff Fact Sheet on August 17, 2015 and received a deficiency notice on September 25, 2015. *Id.* at ¶ 2, 3. Further, Plaintiff attempted to cure the deficiency by submitted an Amended Plaintiff Fact Sheet

---

[1] Where such extraordinary circumstances are present, Defendants have worked with individual Plaintiff's counsel to consent to a reasonable extension of time to submit plaintiff fact sheets and cure PFS deficiencies, obviating the need for contested motion practice.

on October 15, 2015, and received a Core Deficiency Notice on December 22, 2015, due to the failure of Plaintiff "to provide documentation of her authority to sign the HIPPA [sic] authorization and declaration on behalf of her deceased spouse, the Xarelto user." *Id.* at ¶ 3, 4. A review of the records in this matter, however, reflects that the decedent died on August 23, 2013—nearly two years prior to the filing of the Complaint in this matter. Thus, an extension of time to allow Plaintiff to complete the process of opening the probate case and to obtain the necessary documentation from the probate court is not warranted.

Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion for Extension of Time to Satisfy Amended Plaintiff Fact Sheet Deficiencies. (Rec. Doc. No. 1821.)

- 4 -

Respectfully submitted,

KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
Steven Glickstein
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005
Telephone: (202) 682-3550
Facsimile: (202) 414-0355
william.hoffman@kayescholer.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
IRWIN FRITCHIE URQUHART
& MOORE LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile:  (504) 310-2120
jirwin@irwinllc.com

CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 12, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ *James B. Irwin*
**James B. Irwin**