UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)    :
PRODUCTS LIABILITY LITIGATION   :   MDL No. 2592
                                :
                                :   SECTION L
                                :
                                :   JUDGE ELDON E. FALLON
                                :
_____:   MAGISTRATE JUDGE NORTH

THIS DOCUMENT RELATES TO:

*Mary L. Walker et al. v. Janssen Research & Development LLC, et al.*
(2:15-CV-01030-EEF-MN);

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER PHARMA AG AND BAYER HEALTHCARE PHARMACEUTICALS, INC.

**MAY IT PLEASE THE COURT:**

Plaintiffs contained within the above-referenced bundled complaint ("Plaintiffs"), through the undersigned counsel, respectfully submit this Reply Memorandum in support of their previously filed Motion for Extension of Time Within Which to Serve Process (Dkt. 1827).

In their Opposition to Plaintiffs' Motion filed on January 12, 2016, Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals Inc. (the "Bayer Defendants") acknowledge that Plaintiffs have submitted the at-issue Complaint to both of the Bayer Defendants through the streamlined procedures for informal service of process set forth in PTO Order #10, but that the Complaint was untimely and/or had other procedural defects that was not strictly compliant with the terms of PTO 10 and 11. As such, the Bayer Defendants' position is that Plaintiffs' Motion should be, in the discretion of the Court denied, and that service must be effectuated via the Hague Convention.

Plaintiffs' submission of the complaints by way of the streamlined process, albeit admittedly untimely, was nonetheless a good faith effort to effect service. The Bayer Defendants cite *Newby v. Enron Corp., 284 Fed Appx. 146, 150 (5th Cir. 2008)* for the proposition that the Court should not allow Plaintiffs a brief 30 day extension to strictly comply with PTO #10. In *Newby* however, the Fifth Circuit simply held that the District Court did not abuse its discretion by refusing to allow the plaintiffs additional time for service when "[t]he record indicates that not only di Plaintiffs-Appellants fail to serve Defendants-Appellees for a period of over 1000 days, they also waited an additional 126 days after receiving direct notice from certain Defendants-Appellees of defects in service before seeking leave from the court for additional time." *Id.* No such similar circumstances exist here---as set forth in the Moving Papers—**within days** of receiving a letter from defense counsel that the Bayer Defendants felt service was improper, Plaintiffs' counsel reached out to defense counsel to try and meet and confer on the service issue to avoid court intervention, but was informed that no such accommodation would be made. Plaintiffs promptly filed the instant Motion for the requested relief. It also bears noting that the initial attempt at service was not **years** after the filing the Complaint (as was the service attempt in *Newby*), but was still within months of initial filing and transfer into the MDL[1].

Moreover, the Court in *Newby* made clear that "even if good cause is lacking, the court has discretionary power to extend time for service." *Id. at 149.* Plaintiffs respectfully request that this Court should exercise its discretion accordingly by granting them a very brief 30 day extension to complete fully compliant streamlined service on the Bayer Defendants. Plaintiffs fully recognize that the Bayer Defendants are entitled to expect compliance with PTO 10, and,

---

[1] For reference, the initial case was filed on March 17, 2015 in the Central District of California, transferred into this MDL on May 6, 2015, and service was attempted on November 2, 2015.

as stated in the Plaintiff's Motion, undersigned counsel has instituted procedures to ensure that any and all future complaints are properly and timely served according to the procedures set forth in that order. Nevertheless, Plaintiffs maintain and submit that any inconvenience that the Bayer Defendants may have experienced by receiving late notice of the above-referenced bundled Complaint does not warrant forcing Plaintiffs to execute formal service of that complaint including but not limited to the very expensive process of complying with the requirements of the Hague Convention. This is especially true insofar as the Bayer Defendants have already been served with PFSs for 7 of the 11 Plaintiffs within this Action (the remaining 4 are being dismissed), and so they can't credibly claim that this litigation has been delayed or otherwise not been diligently prosecuted.

In conclusion, Plaintiffs respectfully request this Court exercise its discretion to grant them an additional 30 days within which to effect service on the Bayer Defendants through the streamlined procedures for informal service of process as set forth in PTO #10. Plaintiffs' counsel is confident this will be the last time any such relief of this nature is requested and appreciates the Court's kind discretion on this request.

Dated: January 14, 2016        **By:/S/ Steven J. Brady, Esq.**
                                _____

                                Steven J. Brady (CA Bar 116651)
                                BRADY LAW GROUP
                                1015 Irwin Street
                                San Rafael, CA 94901
                                (415)459-7300
                                (415)459-7303 (Fax)
                                stevebrady@bradylawgroup.com

                                *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2016, a copy of the above document:

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER PHARMA AG AND BAYER HEALTHCARE PHARMACEUTICALS, INC.**

has contemporaneously, with or before filing, been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedure established in MDL 2592 pursuant to Pre-Trial Order No. 17.

By: **/S/STEVEN J. BRADY, ESQ.**
BRADY LAW GROUP
1015 Irwin Street
San Rafael, CA 94901
(415)459-7300
(415)459-7303 (Fax)
stevebrady@bradylawgroup.com