# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: **VIOXX** | * **MDL Docket No. 1657** |
| | * |
| **PRODUCTS LIABILITY LITIGATION** | * **SECTION L** |
| | * |
| | * **JUDGE FALLON** |
| | * **MAG. JUDGE KNOWLES** |
| | * |
| * * * * * * * * * * * * * * * * * * | * |

**THIS DOCUMENT RELATES TO ALL CASES**

### PRETRIAL ORDER #9
### Deposition Guidelines

This Order shall govern (1) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court. Cases asserting claims solely on behalf of individual named plaintiffs (that is, non class-actions) that are transferred to or filed in the District are referenced below as the "Individual Cases." Purported class actions (or class-type representative actions) that are transferred to or filed in this District are referenced below as the "Class Action Cases."

**I.    GENERAL PROVISIONS**

    **A.    Timing**

        Depositions in the Individual Cases and Class Action Cases may commence immediately.

**B.    Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

**C.    Attendance**

1.    <u>Who May Be Present</u>.  Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence. While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under an MDL - 1657 Protective Order shall be excluded from the deposition. Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality when the transcript or video medium is placed in the document depository.

2.    <u>Unnecessary Attendance</u>. Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend.

3.    <u>Notice of Intent to Attend a Deposition</u>.  In order for counsel to make arrangements for adequate deposition space, counsel who intend to attend a deposition noticed in this MDL should advise Liaison Counsel for the noticing party not fewer than seven (7) business days prior to the deposition, whenever feasible.

## II. CONDUCT OF DEPOSITIONS

This Paragraph governs the conduct of depositions in both Individual Cases and Class Action Cases.

### A. Examination

Questioning should ordinarily be by only one attorney for all Plaintiffs and one attorney for all Defendants in MDL No. 1657, designated by Lead Counsel or by Liaison Counsel for each side.. Once the witness has fully answered a question, that same or substantially the same question shall not be asked again. Counsel for plaintiffs who have individual or divergent positions, which cannot be resolved by good faith negotiations with plaintiffs' Lead Counsel, may examine a deponent limited to matters not previously covered. This limitation shall be strictly construed against the examining attorney. Three (3) days before a deposition requested or noticed by Plaintiffs or Defendants, Liaison Counsel for the noticing party shall give other Liaison Counsel notice of the identity of the attorney(s) who may examine the deponent. Smoking by deponents or counsel during the deposition will not be permitted.

### B. Duration

Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness. Absent agreement of the parties or order of this Court based on a showing of good cause, the length of depositions shall be controlled by Fed. R. Civ. P. 30(d)(2). Counsel should cooperate so examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

C. **Scheduling**

Absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions. There shall be no multi-tracking of depositions of former or current officers or management personnel of Merck & Co., Inc. Distributors, sales representatives, detail personnel, or other fact witnesses may be multi-tracked and the parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of those depositions. To the extent that the parties cannot agree on a proposed schedule for such multi-tracking, the parties shall file with the Court separate proposed schedules.

After counsel, through consultation, have arrived on a mutually acceptable date and location for a deposition, each side shall be notified of the scheduled deposition at least thirty (30) days in advance.

Depositions may not take place in more than three consecutive weeks out of every four consecutive weeks. The fourth week shall be an "off" week. In any given calendar month, the Plaintiffs in the MDL will ordinarily take the depositions of no more than nine (9) current or former employees of Merck.

D. **Deposition Day**

A deposition day shall commence at 9:30 a.m. and terminate no later than 5:30 p.m. local tune. Modest variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the witness. There shall be a 15 minute morning break and a 15 minute afternoon break, with one (1) hour for lunch.

**E.     Depositions of Witnesses Who Have No Knowledge of the Facts**

An officer, director, or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about which such person has no knowledge may submit to the noticing party within fifteen (15) days before the date of the noticed deposition a declaration so stating and identifying a person within the corporation or government entity believed to have such knowledge. Notwithstanding such declaration, the noticing party may proceed with the deposition. The right of the responding witness to seek a protective order or other appropriate relief during or following the deposition is reserved.

**F.     Coordination with State Court Actions**

Plaintiffs' counsel in the MDL shall use their best efforts to coordinate the scheduling of depositions with state court plaintiffs in order to minimize the number of times that a witness shall appear for a deposition. In a coordinated deposition, the Court expects counsel for plaintiffs in the MDL and plaintiffs' counsel in a state court proceeding to cooperate in selecting a primary examiner. Upon the conclusion of the examination by the primary examiner, other counsel may ask additional questions prior to the completion of the deposition. It is the intent of this Order that counsel for MDL Plaintiffs shall be the primary examiner in depositions coordinated with a state court proceeding, but that the deposition may be used in the state proceeding for all purposes consistent with the state's procedure.

**G.    Cross-Noticing**

Any deposition in this MDL may be cross-noticed by any party in any Vioxx-related action pending in state court, and any deposition in any Vioxx-related action pending in state court may be cross-noticed by any party in this MDL.  Each deposition notice shall include the name, address and telephone number of the primary examiner designated by the party noticing the deposition; and the date, time and place of the deposition.  If a state court deposition has been cross-noticed in this MDL, then the state court plaintiffs may not take a subsequent deposition of that witness except for good cause shown as determined by this Court or because documents which may be relevant to the witness or lead to discoverable information is produced or discovered after the date of the deposition and, in that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the Court or to subsequently produced or discovered documents.  The attorney who conducts the primary examination for the noticing party is responsible for ensuring that a copy of the deposition transcript, a disk, and, where applicable, a videotape or video DVD, are provided to the other side's Liaison Counsel.

**H.    Postponements**

Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between the primary examiner designated by the party noticing the deposition and Liaison or Lead Counsel for the opposing party witness (if the witness is a party or a current or former employee or an expert designated by a party) or counsel for the witness (if the witness is not a party or a current or former employee or an expert designated by a party) or by leave of Court for good cause.

**I.     Objections and Directions Not to Answer**

1.    Counsel shall comply with Fed. R. Civ. P. 30(d)(1). When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged. Any objection made at a deposition shall be deemed to have been made on behalf of all other parties. All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.

2.    Counsel shall refrain from engaging in colloquy during deposition. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.

3.    Counsel shall not make objections or statements which might suggest an answer to a witness.

4.    Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the court has ordered may not be discovered, or a deponent seeks to present a motion to the court for termination of the depositions on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent.

5.    Private consultations between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a

privilege should be asserted.  Unless prohibited by the Court for good cause shown, conferences may be held during normal recesses, adjournments, or if there is a break in the normal course of interrogation and no questions are pending.

J.     **Evidentiary Form of Questions**

It is stipulated by Plaintiffs and Defendants that in the event the parties seek to use at any trial the deposition testimony of any witness offering an opinion, the parties shall not raise at such deposition or trial the objection that the deposition questions asked or the answers given regarding such expert opinion do not conform to the evidentiary form typically required by the jurisdiction whose law would control the case being tried.  For example, if one jurisdiction requires an opinion to be expressed to a reasonable degree of certainty, the parties shall not object to an opinion given to a reasonable degree of probability.

K.     **Telephonic and Internet Participation**

1.     <u>Telephonic Participation</u>.  Telephone facilities shall be provided so that parties wishing to participate in the depositions by telephone may do so.  However, technical difficulties with telephonic participation shall not constitute grounds for continuing the deposition or for rendering a deposition inadmissible that would otherwise be admissible in evidence.  Counsel attending a deposition in person may terminate telephone participation in a deposition if technical problems with the telephonic facilities create disruptions in the deposition.

2.     <u>Internet Participation</u>.  The parties will explore the possibility of providing internet facilities for depositions and court hearings.

**L.        Avoidance of Duplicative Depositions**

1.        <u>Depositions Taken in Other Proceedings</u>.  The defendants shall advise the Plaintiffs' Steering Committee of all depositions that have been taken by plaintiffs in other Vioxx-related proceedings (other than depositions of case-specific witnesses) and shall assist in arranging for the Plaintiffs' Steering Committee to obtain copies of transcripts of those depositions.  The plaintiffs in this MDL proceeding shall not, without good cause, re-notice the depositions of witnesses who have already been deposed.  In the event that a party re-notices the deposition of a witness who has already been deposed, should a party object, then such objection must be made within ten (10) days of the notice and Lead Counsel or Liaison Counsel shall meet and confer within five (5) days of the objection to attempt to resolve the dispute.  If no agreement can be reached, the matter shall be brought to the MDL Judge, Eldon E. Fallon, for resolution at the earliest possible time and without undue delay to avoid postponement of the deposition.

2.        <u>Successive Depositions in this Proceeding</u>.  As a general rule, no witness should be deposed on the same subject more than once in this proceeding.

**M.     Disputes During Depositions**

Disputes between the parties should be addressed to this Court rather than the District Court in the District in which the deposition is being conducted. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the MDL Judge, Eldon E. Fallon, or his designee, by telephone (504-589-7545). If the MDL Judge is not available, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time. Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30 (d)(4), file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court.

**N.     Documents Used in Connection with Depositions**

1.     Production of Documents. Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition. Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the examination commences. With respect to experts, arrangements should be made to permit inspection of documents, if possible, seven (7) calendar days before the deposition of expert witnesses.

2.     Copies. Extra copies of documents about which deposing counsel expects to examine a deponent should be provided to primary counsel for the parties and the deponent during the course of the deposition.

      3.    <u>Marking of Deposition Exhibits</u>.  All documents previously produced and used as deposition exhibits shall be referred to by the unique alpha-numeric identifiers appearing on the documents.

      4.    <u>Objections to Documents</u>.  Objections to the relevance or admissibility of documents used as deposition exhibits are not waived, and are reserved for later ruling by the Court or by the trial judge.

**o.  Video Depositions**

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(2) subject to the following rules:

      1.    <u>Real-time Feed</u>.  All video depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

      2.    <u>Video Operator</u>.  The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c).  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

      3.    <u>Attendance</u>.  Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

      4.    <u>Standards</u>.  Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video

recording. Lighting, camera angle, lens setting and field of view will be changed only as necessary to record accurately the natural body movements of the deponent. Only the deponent and any exhibits or demonstrative aids used in the examination will be video recorded. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a bible, medical equipment, or other props.

     5.     <u>Filing</u>. The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court. No part of the video or audio record of a video deposition shall be released or made available to any member of the public unless authorized by the Court.

**P.**    **Telephone Depositions**

By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(7). Unless an objection is filed and served within ten (10) calendar days after such notice is received, the Court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign or otherwise coach or suggest answers to the deponent. The court reporter shall be in the same room with the deponent.

## III. USE OF DEPOSITIONS

Depositions of Merck employees and former employees taken in this MDL proceeding or in any state action relating to Vioxx in which Merck is a party may be used by or against any person (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

(i) who is a party to this litigation;

(ii) who was present or represented at the deposition;

(iii) who was served with prior notice of the deposition or otherwise had reasonable notice thereof, or

(iv) who, within thirty (30) calendar days after the transcription of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this Court in any action that is a part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

Depositions may be used in any Vioxx-related action in state court to the extent permitted by that state's law and rules.

IV. **<u>FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE</u>**

Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure.

New Orleans, Louisiana, this __15th_ day of __April__, 2005.

        _/s/  Eldon E. Fallon_
        UNITED STATES DISTRICT JUDGE