# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  OIL SPILL by the OIL RIG §       **MDL NO. 2179**
   "DEEPWATER HORIZON" in the §
   GULF OF MEXICO, on APRIL 20, §       **SECTION:  J**
   2010 §
           §       **JUDGE BARBIER**
           §
This Document Relates To: ALL ACTIONS §       **MAG. JUDGE SHUSHAN**

.. .. .. .. .. .. .. .. .. .. .. .. ..

## PRETRIAL ORDER NO. 17

### [Governing Deposition Guidelines]

This Order shall govern (1) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of August 10, 2010; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court.

## I.  GENERAL PROVISIONS

**A.**  **Timing**

Fact depositions regarding blow-out, spill, limitation and related issues may commence on or after January 18, 2011.

**B.**  **Cooperation**

Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

**C.**  **Attendance**

1.  <u>Who May Be Present</u>.  Unless otherwise ordered under FED. R. CIV. P. 26(c), depositions may be attended by counsel of record, members or employees of their firms,

attorneys specially engaged by a party for purposes of the deposition, designees of Liaison Counsel,  the parties or the representative of a party, court reporters, videographers, the deponent, and counsel for the deponent.  A party's expert on certain issues may attend any deposition relating to those same issues.  Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentences.  While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under an MDL –10-2179 Protective Order shall be excluded from the deposition. Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality.

     2. <u>Unnecessary Attendance</u>.  Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.  Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel shall not attend.  At least five (5) working days prior to a scheduled deposition, the witness's counsel shall provide Liaison Counsel with a brief statement of the witness's involvement, including whether he or she was involved in post-explosion cleanup or response. Any party may choose to attend or not to attend the deposition as it sees fit.

     3. <u>Notice of Intent to Attend a Deposition</u>.  In order for counsel to make arrangements for adequate deposition space, counsel who intend to attend a deposition noticed in this MDL should advise Liaison Counsel for the noticing party not fewer than seven (7) business days prior to the deposition, whenever feasible.

     **D.**    **Procedure.**

Disputes regarding any matters arising under this Order shall, in the first instance, be brought before Magistrate Judge Sally Shushan.

## II.   CONDUCT OF DEPOSITIONS

**A.   Examination**

Questioning by Defendants may be done by a designated Liaison Counsel (or their designee) in MDL No. 2179, or the Defendants may in the alternative allow for sharing of their limited time in the interrogation of any particular witness, by one or more of any Counsel of Record.  Questioning by Plaintiffs should ordinarily be by Liaison Counsel, a member of the Plaintiffs' Steering Committee in MDL No. 2179, or attorneys designated by Liaison Counsel. Counsel for defendants who have divergent positions shall engage in good faith negotiations with their Liaison Counsel to achieve a fair portion of the limited examination time.  Three (3) days prior to the commencement of a deposition, Liaison Counsel for the noticing party, to the extent practicable, shall give other Liaison Counsel notice of the number of attorneys who may examine the deponent.

**B.   Duration**

1.      Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness.  Absent agreement of the parties, or order of this Court upon motion for good cause shown, the parties shall have eight (8) hours to examine a particular fact or expert witness.  Each side (Plaintiff or Defendant) shall have four (4) hours of examination time within this limitation.  It is understood that depositions of experts can be lengthy, and Counsel should make their best efforts to coordinate and schedule extended time for expert depositions.  Unless otherwise agreed to by the parties, depositions of experts shall not exceed twelve (12) hours split between the noticing side and the opposing side.[1]

---

[1]   The Court recognizes that some witnesses' depositions may take longer than the defaults provided above.  By November 23, 2010, the plaintiffs are to prepare and circulate a list of fact witnesses that they anticipate may require more than the allocated time.  By December 2, 2010, the defendants shall supplement the list and respond to plaintiffs' designations.  The parties will take up the issue at their meet and confer conference scheduled on

2.     The Court expects counsel for parties with divergent interests to work cooperatively and fairly in their allocation of examination time and each party's counsel's questioning shall not be duplicative of others' interrogation.  Counsel should cooperate so examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

3.     The time limits set forth above shall be the actual time spent in examining the witness.  Time spent on objections, colloquy, breaks or lunch shall not be counted toward the time limits.

4.     Not every witness may require the time allocated above.  To the extent the parties can anticipate such, for planning purposes, they will attempt to notify each other and agree on lesser time limits.

## C.     Locations of Depositions

The Court expects counsel to mutually agree upon deposition locations.  In the absence of agreement, depositions may take place (1) within the Parish/County of residency of the deponent, or (2) within the Parish/County of the deponent's employer, or (3) within the Judicial District of this Court, or (4) at Counsels' respective offices.[2]

## D.     Scheduling

1.     Absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.  The Court expects counsel to cooperate and coordinate

---

December 13, 2010 and thereafter advise the undersigned of any disagreements.  A separate order will be issued as to depositions which may exceed the default times set out in this order.

[2]  Nothing contained in this order shall abrogate the rights of any party to invoke the Hague Convention or any other jurisdictional right.

4

the scheduling of depositions.  The parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions.  To the extent that the parties cannot agree on a proposed schedule for such multi-tracking, the parties shall file with the Court separate proposed schedules.

2.      After counsel, through consultation, have arrived on a mutually acceptable date and location for a deposition, Liaison Counsel for each side shall be notified of the scheduled deposition at least ten (10) days in advance, unless otherwise agreed to by Liaison Counsel.

3.      Expedited depositions may be scheduled by agreement of the parties or as ordered by the Court and in which event time limitations for notice shall be lessened, as well as time limitation for production of any documents sought by third-party subpoena in conjunction with said deposition.

4.      Liaison Counsel for the parties shall meet and confer not later than December 1, 2010 to calendar or set-aside at least fifteen (15) working days during each calendar month of 2011 for depositions.  The meet and confer session for depositions to be set for the January 18-31, 2011, period shall be held during the week of December 13-17, 2010.  The meet and confer session for depositions to be scheduled in February 2011 shall occur during the first week of January 2011.  Thereafter, Liaison Counsel shall meet and confer on a rolling basis every month in order to select the persons or entities to be deposed thereafter.

**E.      Deposition Day**

A deposition day shall commence at 8:30 a.m. and terminate at the conclusion of the eight (8) hour time limit as set forth in § II.B. above.   Modest variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the witness. There shall be a 15–minute morning break and a 15–minute afternoon break, with one (1) hour for

lunch. In the event a deposition lasts more than an entire deposition day, and in an absence of any agreement between the parties, the depositions will re-convene at 8:30 a.m. the following day at the same location.

**F.      Coordination with State Court Actions**

If a state court deposition has been cross-noticed in this MDL, then the state court plaintiffs may not take a subsequent deposition of that witness except for good cause shown as determined by this Court

**G.      Cross-Noticing**

Any deposition in this MDL may be cross-noticed by any party in any related action pending in state court, and any deposition in any related action pending in state court may be cross-noticed by any party in this MDL, with reasonable advance notice to allow (1) coordination between counsel in the MDL and counsel in the state action and (2) agreement on scheduling deposition dates. Each deposition notice shall comply with FED. R. CIV. P. 30(b). If a state court deposition has been cross-noticed in this MDL, then the state court plaintiffs may not take a subsequent deposition of that witness except for good cause shown as determined by this Court. In that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the Court. The fact of participation by counsel from other related state court cases in a deposition shall not expand the time otherwise permitted by this Order.

**H.      Postponements**

Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled, or relocated less than three (3) business days in advance of the date it is scheduled to occur, except upon agreement between the noticing attorney and Liaison or Lead Counsel for the opposing party witness (if the witness is a party or a current or former employee or an expert

designated by a party) or counsel for the witness (if the witness is not a party or a current or former employee or an expert designated by a party) or by leave of Court for good cause.

## I.     Objections and Directions Not to Answer

1.     Counsel shall comply with FED. R. CIV. P. 30(d)(3).  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.  Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants; similarly, an objection by a single plaintiff shall be deemed an objection by all plaintiffs unless otherwise noted.  However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants.  All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.

2.     Corrections to a deposition shall be listed on an errata sheet, which the deponent shall submit to the court reporter within thirty (30) days of the deponent's or his or her counsel's receipt of the transcript.  The court reporter shall serve copies of the errata sheet on all parties purchasing the transcript.

3.     Counsel shall refrain from engaging in colloquy during deposition.  The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used.  If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.

4.      Counsel shall not make objections or statements which might suggest an answer to a witness.

5.      Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the court has ordered may not be discovered, information that is Confidential or Highly Confidential in the presence of a person not entitled to disclosure of that information, or a party or deponent seeks to move to terminate or limit the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent.

6.      Private consultations between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted or to address an issue regarding confidentiality.  Unless prohibited by the Court for good cause shown, conferences may be held during normal recesses, adjournments, or if there is a break in the normal course of interrogation and no questions are pending.

**J.      Telephonic and Internet Participation**

1.      <u>Telephonic Participation</u>.  Telephone facilities shall be provided so that parties wishing to participate in the depositions by telephone may do so.  However, technical difficulties with telephonic participation shall not constitute grounds for continuing the deposition or for rendering a deposition inadmissible that would otherwise be admissible in evidence.  Counsel attending a deposition in person may terminate telephone participation in a deposition if technical problems with the telephonic facilities create disruptions in the deposition.

2.      <u>Internet Participation</u>.  The parties will meet and confer in order to provide internet participation for depositions and court hearings to the extent that it is technologically and economically feasible.  The viewing of or participation in any deposition via the internet is

expressly subject to the Court's Order Protecting Confidentiality (PTO # 13, Record Document No. 641).

## K.     Avoidance of Duplicative Depositions

As a general rule, no witness should be deposed more than once in this proceeding unless the subject matter of the proposed second deposition was declared off limits by the Court during the first deposition or upon a showing of good cause by the party seeking the second deposition demonstration of good cause could be, by way of example, the production of highly relevant documents after the deposition.

Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32 or as otherwise permitted by the Federal Rules of Evidence, be used against any party including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation.

## L.     Disputes During or Relating to Depositions

Disputes between the parties should be addressed to this Court rather than the District Court in the district in which the deposition is being conducted.  Disputes relating to or arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to Magistrate Judge Sally Shushan by telephone (504-589-7620), or, if not available, to MDL Judge, Carl J. Barbier, or his designee, by telephone (504-589-7525)  If neither the Magistrate Judge or the MDL Judge is–available, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time.  Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to FED. R. CIV. P. 30 (d)(3), file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court.

**M.     Documents Used in Connection with Depositions**

1.     <u>Production of Documents</u>.     Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least twenty-one (21) calendar days before a scheduled deposition.     Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the examination commences.     With respect to experts, arrangements should be made to permit inspection of documents, if possible, fourteen (14) calendar days before the deposition of expert witnesses.

2.     <u>Copies</u>.     Extra copies of documents about which deposing counsel expects to examine a deponent should be provided to counsel for the parties and the deponent during the course of the deposition.

3.     <u>Marking of Deposition Exhibits</u>.     Each document referred to at deposition shall be referred to by its alpha-numeric production number except in the case of documents which have not yet received production numbering at the time of the deposition.     Once an exhibit has been numbered, it shall retain that number throughout the case.     The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition.     The court reporter is responsible for producing at each deposition all exhibits previously used to date in the depositions noticed and taken in MDL 2179.

4.     <u>Objections to Documents</u>.     Objections to the relevance or admissibility of documents used as deposition exhibits are not waived, and are reserved for later ruling by the Court or by the trial judge.

<u>Certificate of Completeness – Custodial File Production.</u>  At least seven (7) days prior to the deposition of any person currently or formerly employed by any of the defendants, said defendant shall provide Plaintiffs' Liaison Counsel with a written certification that it has

10

completed production of documents from that witness's custodial files which are responsive to requests for production of documents and relevant to the litigation.[3]

## N.    Video Depositions

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to FED. R. CIV. P. 30(b)(2) subject to the following rules:

1.    Real-time Feed.  All depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

2.    Video Operator.  The operator(s) of the video recording equipment shall be subject to the provisions of FED. R. CIV. P. 28(c).  At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3.    Index.  The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examinations resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

4.    Attendance.  Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition.

5.    Standards.  Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is

---

[3]     The parties shall work cooperatively to schedule the depositions of witnesses who may have document intensive depositions, including custodial files, later in the deposition schedule.

needed.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording.  Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent.  Only the deponent and any exhibits or demonstrative aids used in the examination will be video recorded.  Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.  The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a bible, medical equipment, or other props.

6.    Filing.  The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court. No part of the video or audio record of a video deposition shall be released or made available to any member of the public unless authorized by the Court.

**O.    Telephone Depositions**

By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under FED. R. CIV. P. 30(b)(4).  Unless an objection is filed and served within ten (10) calendar days after such notice is received, the Court shall be deemed to have granted the motion.  Other parties may examine the deponent telephonically or in person.  However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign or otherwise coach or suggest answers to the deponent.  The court reporter shall be in the same room with the deponent.

**P.    Selection of Court Reporting Firm**

The parties shall meet and confer by December 1, 2010 in order to agree upon an independent court reporting firm for use at all depositions to be taken in this matter.  If the

parties cannot agree upon a court reporting firm, then the parties shall file with the Court their

proposals for a court reporting firm no later than December 15, 2010.

### III.   FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

Unless specifically modified herein, nothing in this order shall be construed to abrogate the

Federal Rules of Civil Procedure.

New Orleans, Louisiana, this __16th__ day of November, 2010.

UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig       MDL No. 2179
      "Deepwater Horizon" in the Gulf
      of Mexico, on April 20, 2010       SECTION J

Applies to: *All Cases*       JUDGE BARBIER

      MAGISTRATE JUDGE SHUSHAN

## PRE-TRIAL ORDER NO. 27

### [Amending Pretrial Order 17 on Deposition Protocol]

In order to facilitate an efficient deposition schedule **to prepare for the Limitation of Liability Trial[1] scheduled to commence on February 27, 2012** and accommodate the interests of entities in addition to the Plaintiffs' Steering Committee (PSC) and the Defense Steering Committee (DSC), the Court orders that Pretrial Order 17 (Rec. Doc. 740) is amended as follows:

## I.     GENERAL PROVISIONS

**A.**     **Timing**

This section is amended and restated as follows:

Fact depositions necessary as a predicate for the opinion of experts regarding blow-out, spill, limitation and related issues for the February, 2012 trial **shall conclude on July 31, 2011** (the "fact deposition period").[2] The purpose of these depositions is to prepare for the Limitation trial **and such trial will not include damages, either private or governmental.** If a person possesses information related only to damages or to issues not relevant to the Limitation Trial, the person shall not be

---

[1] "Limitation Trial" refers to the trial of liability, limitation, exoneration and fault allocation and personal injury/wrongful death and Robins Dry-Dock test cases.

[2] Written discovery regarding these issues will conclude at the same time. This deadline includes the filing of motions to compel in sufficient time to allow disposition of the motion on or before that date.

deposed during the fact deposition period.  If a person possesses information relevant to the Limitation Trial issues as well as damages, the person may be deposed during the fact deposition period.  In order avoid requiring persons to be deposed twice the time allotted for the examination of witnesses is increased as provided herein.

Other Limitation Trial fact discovery may be scheduled beyond the cutoff date by agreement of counsel or by order of Court.

**B.    Cooperation**

No change.

**C.    Attendance**

1.    <u>Who May Be Present</u>.

No change.

2.    <u>Unnecessary Attendance</u>.

The third sentence is amended and restated as follows:

At least five (5) working days prior to a scheduled deposition, the witness's counsel shall provide Liaison Counsel and the Coordinating Counsel for the United States and the States which make claims in this proceeding (the "States") with a brief statement of the witness's involvement, including whether he or she was involved in post-explosion cleanup or response.[3]

3.    <u>Notice of Intent to Attend a Deposition</u>.

This paragraph is amended and restated as follows:

In order for counsel to make arrangements for adequate deposition space, counsel who intend

---

[3] The Coordinating Counsel for the United States is Michael Underhill.  The Coordinating Counsel for the States is Alabama Attorney General Luther Strange.

to attend a deposition noticed in this MDL should advise Liaison Counsel and Coordinating Counsel for the noticing party not fewer than seven (7) business days prior to the deposition, whenever feasible.[4]

**D.     Procedure**

No change.

## II.     CONDUCT OF DEPOSITIONS

**A.     Examination**

The second and third sentences are amended and restated as follows:

Questioning by Plaintiffs should ordinarily be by Liaison Counsel, a member of the Plaintiffs' Steering Committee in MDL No. 2179, or attorneys designated by Liaison Counsel, including counsel for plaintiffs in MDL No. 2185 or counsel for claimants in any action in state courts.  Questioning by the United States should ordinarily be by its Coordinating Counsel or his designee.  Questioning by the States should ordinarily be by their Coordinating Counsel or his designee.  Counsel for the States who have divergent positions shall engage in good faith negotiations with their Coordinating Counsel to achieve a fair portion of the limited examination time.[5]  Counsel for Defendants will do likewise with their Liaison Counsel.

---

[4]   All provisions of PTO No. 17 with "Liaison Counsel" are amended to include Coordinating Counsel unless otherwise noted.   Therefore II.D.2 is amended as follows: "After counsel, through consultation, have arrived on a mutually acceptable date and location for a deposition, Liaison Counsel and Coordinating Counsel shall be notified of the scheduled deposition at least ten (10) days in advance, unless otherwise agreed to by Liaison Counsel and Coordinating Counsel."

[5]   See also II.F relating to coordination with other actions.

**B.    Duration**

1.    The second and third sentences of this section are amended and restated as follows:[6]

Absent agreement of the parties, or order of this Court upon motion for good cause shown, the parties shall have fifteen (15) hours to examine a particular fact witness.  The time shall be divided as follows:

| Party | Hours |
|---|---|
| Plaintiffs | 5 [7] |
| United States | 2 |
| States with pending claims in this MDL | 2 |
| Defendants | 6 |
| Total | 15 |

A party may cede up to one hour of time to another party.  For example, the Plaintiffs may agree to limit their time for a particular witness to four hours and cede an hour to the United States so that it has three hours to conduct its examination.   In the absence of agreement among the parties, the foregoing allotment of time also indicates the order of examination for a witness.

2.    No change.

3.    This section is amended and restated as follows:

The time limits set forth above shall be the actual time spent in examining the witness including any time spent on objections and colloquy.  Time spent on breaks or lunch shall not be

---

[6] The time limits for expert depositions are not altered.  The Court will consider the modification of these time limits prior to the start of expert depositions.

[7] Including the fifteen (15) minutes allotted to one PSC representative from MDL No. 2185.  See II.F.2.

counted toward the time limits. During the planning for depositions, Liaison Counsel and Coordinating Counsel should confer and designate upcoming depositions as: 1) not requiring the total time set forth above; 2) requiring the full time set forth above; or 3) requiring more time and an agreement on how much more and how it will be divided.

4.     This section is amended and restated as follows:

Not every witness will require the time allocated above. These time limits are presumptive <u>outer limits</u>. The Court expects and anticipates that there will be many witnesses who can be deposed in less than the presumptive time limit. Counsel shall confer and attempt to agree to limit such depositions to lesser time, with proportional allotment of time. The Court reserves the right to <u>reduce</u> these limits.

## C.     Location of Depositions.

Subject to the provisions of Pretrial Order No. 21 which designates the location of BP employee depositions and other such orders regarding the location of depositions, there are no other changes in II.C.

## D.     Scheduling.

1.     This section is amended and restated as follows:

Absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. The Court expects counsel to cooperate and coordinate the scheduling of depositions. **Beginning March 2011, depositions shall be multi-tracked through**

**the remainder of the fact deposition period.**[8] Liaison Counsel and Coordinating Counsel shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions. To the extent the parties cannot agree on a proposed schedule for such multi-tracking, the parties shall file with the Court separate proposed schedules.

2. No change.

3. No change.

4. II.D.4. is amended and restated as follows:

Liaison Counsel and Coordinating Counsel or their designees shall meet and confer to calendar or set-aside at least fifteen (15) working days per month for multi-track depositions from March 2011 through the remainder of the fact deposition period. By February 9, 2011, a preliminary schedule reflecting the days set aside and the persons to be deposed (including name, employer and job title, and anticipated length of each deposition) shall be presented to Magistrate Judge Shushan. Thereafter Liaison Counsel and Coordinating Counsel shall confer at least once a month with the Magistrate Judge to finalize the schedule for the upcoming month. At the end of each month Liaison Counsel and Coordinating Counsel shall e-mail the Magistrate Judge a running list of the persons who have been deposed. This list shall include the name, employer and job title, and the approximate length of each deposition (e.g., one day, or day and a half).

E. Deposition Day

This section is amended and restated as follows:

A deposition day shall be commence at 8:30 a.m. and terminate after seven and half (7.5)

---

[8] Multi-tracking contemplates more than one deposition being taken at the same time. The parties are to fill the allotted days set aside for depositions regardless of whether a witness who was first contemplated for a date becomes unavailable on that date or otherwise.

6

hours exclusive of breaks and lunch. Modest variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the witness. There shall be a 15-minute morning break and a 15-minute afternoon break, with one (1) hour for lunch.

**F.      Coordination With Other Actions**.

This section is amended and restated as follows:

1.      Coordination with pending state court actions.

In cases where there has been a cross-noticing of depositions with cases brought by state-court plaintiffs whose cases have not been removed and consolidated into this MDL, said counsel for state-court plaintiffs should provide their case-specific written questions to the PSC ten (10) days in advance of the deposition.[9]  The time provided to the Plaintiffs has been increased from PTO No. 17, so that the PSC can accommodate requests from counsel for state-court plaintiffs **for questioning unique to these cases.**  If, on motion by a state-court plaintiff, the Court finds that the interests of a plaintiff are not adequately represented, the Court may in its discretion allot specific time to counsel on a case-by-case basis.

2.      Coordination with MDL No. 2185.

The Court and counsel will endeavor to coordinate discovery with the related MDL No. 2185 pending in the Southern District of Texas. It appears to the Court that the majority of BP and other fact witnesses to be deposed in the MDL No. 2179 proceedings (such as occurrence witnesses involved in the casualty and/or with rig or drilling operations) are of limited relevance to the shareholder securities, derivative, and ERISA claims that are consolidated in MDL No. 2185.

---

[9] BP, as the party cross-noticing the depositions, shall give notice of this Order and all relevant pre-trial orders to all known counsel in the related state court lawsuits. Said counsel should also be advised of the Court's public MDL website.  BP shall also provide the PSC with a list of contact information (including email addresses) for all such state court plaintiff counsel.

However, the Court allots fifteen (15) minutes to one PSC representative from MDL No. 2185 to ask questions. Counsel may waive the allotment and cede the time to the PSC. In the case of specific witnesses that are of greater interest to MDL No. 2185 plaintiffs (such as those named as defendants in MDL 2185 and/or senior BP executives), Liaison Counsel and the Coordinating Counsel shall meet and confer to seek agreement regarding the amount of time necessary to ensure that all parties have a fair opportunity to depose those specific fact witnesses. If after conferring, counsel for MDL No. 2185 believe their interests are not adequately represented, the Court may, in its discretion allot specific time to counsel on a case-by-case basis.

**H.     Postponements**

No changes.

**I.     Objections and Directions Not to Answer**

No changes.

**J.     Telephonic and Internet Participation**

No changes.

**K.     Avoidance of Duplicative Depositions**

No changes.

**L.     Disputes During or Relating to Depositions**

No changes.

**M.     Documents Used in Connection with Depositions**

2.     Copies.

This section is amended and restated as follows:

Extra copies of documents about which deposing counsel expects to examine a deponent should be provided to counsel for the parties and the deponent during the course of the deposition. These may be distributed as hard-copies or by CDs containing the relevant documents.

8

**N.**    **Video Depositions**

No changes.

**O.**    **Telephone Depositions**

No changes.

**P.**    **Selection of Court Reporting Firm**

No changes.

**III.    FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE**

No changes.

*    *    *

**Unless expressly revised by this Order, the provisions of Pretrial Order 17 remain in full force and effect.**

New Orleans, Louisiana, this <u>27th</u> day of January, 2011.

_____
**CARL J. BARBIER**
**United States District Judge**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | |
| APRIL 20, 2010 | * | SECTION "J" |
| | * | |
| | * | JUDGE BARBIER |
| This Document Applies to All Cases | * | MAG. JUDGE SHUSHAN |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PRETRIAL ORDER NO. 44

### [Amending Pretrial Orders 17 and 27 on Deposition Protocol]

In order to facilitate an efficient deposition schedule to prepare for the Trial of Liability, Limitation, Exoneration, and Fault Allocation that is scheduled to commence on February 27, 2012, the Court orders that the third sentence of Section I.C.2 of Pretrial Order No. 17 (Rec. Doc. 740), as amended by Pretrial Order No. 27 (Rec. Doc. 1075), is further amended and restated as follows:

> At least seven (7) business days prior to a scheduled deposition, the witness's counsel shall provide Liaison Counsel and the Coordinating Counsel for the United States and the States which make claims in this proceeding (the "States") with a brief statement of the witness's involvement, including whether he or she was involved in containment efforts, such as controlled burning, application of dispersants, use of booms, skimming, etc., as identified in Amended Pretrial Order No. 41.

All other provisions of Pretrial Order No. 17, as amended by Pretrial Order No. 27, remain in full force and effect.

New Orleans, Louisiana, this 3rd day of October , 2011.

_____
**United States District Judge**