# EXHIBIT 8

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| **IN RE PRADAXA** | ) | **MDL No. 2385** |
| **(DABIGATRAN ETEXILATE)** | ) | **3:12-md-02385-DRH-SCW** |
| **PRODUCTS LIABILITY** | ) | **Judge David R. Herndon** |
| **LITIGATION** | ) | |

**This Document Relates to:**

**ALL CASES**

### CASE MANAGEMENT ORDER NUMBER 8
### REGARDING DEPOSITION PROTOCOL

**Herndon, Chief Judge:**

This Order, agreed to after negotiations and with the agreement of counsel, controls depositions of witnesses who are Boehringer Ingelheim Pharmaceuticals, Inc.'s current or former employees, all other witnesses located in the United States, and expert witnesses. The parties agreed to the terms of this Order based on representations by Plaintiffs' MDL Counsel and counsel for plaintiffs in state court jurisdictions where other cases related to Pradaxa are pending that it is the intent of the plaintiffs' attorneys as a group to use their best efforts to avoid duplicative discovery and not to use the existence of state court proceedings in a manner to create duplicative or repetitive discovery that departs from the purpose and goals of the orders entered in this MDL. Accordingly, the agreed purpose of this Order is to gain the highest degree of efficiencies and cooperation in the taking of depositions in Pradaxa related litigation. While recognizing the benefits to the parties, their counsel and the judicial system as a

whole that result from coordination and cooperation, counsel and the parties recognize that each state is an independent jurisdiction, and it is not the intention of the Court or the parties that judges in any of the participating jurisdictions delegate their duties to any other judicial officer.

**A.    General Provisions and Objectives**

1.    The terms of this Order were negotiated between MDL and state court counsel for plaintiffs and counsel for Boehringer Ingelheim Pharmaceuticals, Inc., and it is the intention of the parties that this Order apply to the defendant Boehringer Ingelheim Pharmaceuticals, Inc., plaintiffs (both represented and pro se), third parties, and their respective counsel. In the event any of the non-U.S. defendants are found subject to the jurisdiction of this Court, their counsel shall negotiate with Plaintiffs' Lead counsel concerning any changes to this Order and may submit such changes in the form of an Amended Deposition Protocol. The parties may submit any disputed terms to the Court for resolution. Unless specifically modified herein, nothing in this order shall be construed to abrogate the applicable Rules of Civil Procedure or the Local Rules of the presiding Court.

2.    Counsel are reminded that the Courts consider depositions to be official court procedures and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before these Courts, as if each was appearing personally before the Courts at the time of the depositions. Counsel shall not at any time

conduct himself or herself in a manner not becoming an officer of the court and not in full compliance with the civil rules of practice and all other orders of the Courts. Neither counsel nor witnesses shall, at any time, engage in conduct that impedes, delays, or frustrates the examination of the witness. All counsel and the deponent must be treated with civility and respect.

3.      There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during the deposition recesses.

4.      Disputes relating to depositions shall be resolved jointly by the Courts, wherever possible. Where possible, Chief Judge Herndon will coordinate communications among the Courts. More specifically:

*If a dispute arises before or after a deposition:* Promptly upon filing a motion in the court in which her case is pending, the moving party will email a copy of the motion to Judge Herndon and his staff as follows: Sara Jennings, Courtroom Deputy (Sara_Jennings@ilsd.uscourts.gov); Debra Ward, Chambers Counsel (Debra_Ward@ilsd.uscourts.gov); and Judge Herndon (Judge_Herndon@ilsd.uscourts.gov). Copies of the request, together with the supporting documents, shall be emailed to the counsel involved in the immediate dispute, and the leadership of defendants and of plaintiffs for each jurisdiction. To the extent the dispute relates to an action outside of the MDL proceedings, this Court will endeavor to coordinate conferral among the Courts for resolution of the issue, consistent with the law of the various jurisdictions.

*If a dispute arises during a deposition that requires expedited*

*consideration:* The party requesting the intervention of the court will send a short email to this Court stating as follows:  "The parties to the Pradaxa MDL request your assistance resolving a dispute in connection with an ongoing deposition, and request a time to confer with the Court by telephone at its earliest convenience." The party requesting assistance shall provide the Court with a brief, non-argumentative description of the dispute that needs resolution.  The email shall be copied to lead counsel present at the deposition and to the designated Lead and Liaison Counsel in the MDL.

       B.    **Notices/Scheduling**

       1.    Content of Notice. Each deposition notice shall include the name, address and telephone number of an attorney point of contact designated by the party noticing the deposition as well as the date, time and place of the deposition. This order in its entirety shall be attached to any subpoena or deposition notice that pertains to a third-party witness covered by its terms.

       2.    Cooperation in Scheduling. Absent extraordinary circumstances, counsel shall consult with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis.

       3.    Location. To the extent reasonably possible, depositions of witnesses located in the United States will take place in the deponent's home district or, if counsel for the deponent agrees, in another district convenient to the

deponent, counsel and the parties. The location of the deposition shall be as consistent as possible within each city so that videotape equipment, if being used, can be left in place.

4. **Adequacy of Notice.** After counsel, through consultation, have arrived on a date and location for a deposition, the Noticing Party shall serve an amended Notice reflecting the agreed upon date and location. Third-party witnesses subpoenaed to produce documents shall be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition. All other depositions shall be noticed at least twenty-one (21) days in advance.

5. **Attendance.** In order for counsel to make arrangements for adequate deposition space, Plaintiffs' Liaison Counsel for the jurisdiction from which the notice was served and Defendants' Liaison Counsel shall confer regarding the expected attendance at least five (5) business days before the scheduled date.

6. **Remote Participation.** In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify Plaintiffs' Liaison Counsel for the jurisdiction from which the Notice was served as well as Defendants' Liaison Counsel, two days in advance of the start of the deposition. Any party seeking to participate remotely must agree to be bound by applicable Protective Orders and shall not re-record the deposition, by video or audio means. The party seeking to participate remotely is responsible for securing the necessary telephone lines or internet connections.

Case 2:14-md-02592-EEF-MBN Document 1920-8 Filed 01/15/16 Page 7 of 40

7.      Means of Recording.

(a) Stenographic Recording. A certified Court reporter shall stenographically record all deposition proceedings and testimony. The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of **FED. R. CIV. P. 30(e) and similar state court** rules addressing filing, retention, certification and the like.

(b)     Telephonic Depositions. By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under **FED.R.CIV.P. 30(b)(7) and similar state court rules**. Unless an objection is filed and served within ten (10) calendar days after such notice is received, the court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent, and shall act in accordance with applicable federal and state rules of civil procedure and professional conduct governing interaction with the deponent.

(c)     Videotaping. Deposition notices shall state whether the deposition is to be videotaped. All videotape depositions shall proceed pursuant to the provisions of section K, *infra*.

**C.      Coordination with State Court Actions/Cross-Noticing of**

### Depositions/Corporate Representative Depositions

1.      Cross-Notices. The parties and all courts desire to minimize the expense and inconvenience of this litigation by, *inter alia*, providing for a single deposition of witnesses within the time limits set forth in this Order in all litigations relating to Pradaxa. Any witness deposition in this litigation subject to this Order may be cross-noticed by any party in any related action pending in any state or federal court, subject to the provisions of paragraph C(5), *infra*. There should be full participation by all jurisdictions in every deposition.

2.      Coordination of Depositions. Plaintiffs' counsel from all jurisdictions shall coordinate the scheduling of depositions and the duties for examination of the deponent. In the interest of efficiency, the fewest number of attorneys possible should be used at each deposition. Under no circumstance shall more than two plaintiffs' attorneys for each jurisdiction question a witness.

3.      There shall be no more than four examining attorneys, who shall confer prior to the deposition concerning allocation of time to question. Under no circumstances will plaintiffs' failure to allocate time among themselves or to enforce that allocation of time among themselves during a deposition result in an extension of the deposition. At no time shall any plaintiffs' lawyer ask questions previously asked by another plaintiffs' counsel.

4.      Subsequent Depositions. If a deposition originally noticed in another state or federal court has been cross-noticed in another state or federal court subject to this Order or one substantively identical that is anticipated by the

parties to be entered promptly in all state court actions involving Pradaxa, then a party may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown as determined by the Courts. Any subsequent deposition shall be restricted to such additional inquiry stipulated to by the parties or as permitted by the Courts.

    5.    Corporate Representative Depositions. The notice(s) for the deposition of a corporate representative under **FED. R. CIV. P. 30(b)(6) and similar state court rules,** shall describe with reasonable specificity the matters for examination and the questioning shall be limited to those specific matters.

    **D.    Length of Depositions**

    Unless otherwise ordered by the Courts, or agreed to by the parties and counsel for any deponent, the following provisions shall govern depositions subject to this Order.  It is the intent of the parties that the limitations set forth below constitute the total time to be allocated to a witness's deposition, regardless of the number of jurisdictions in which cases may be pending or the time that could be used for such deposition it were taken separately in each jurisdiction where a case was filed.

    1.    A deposition day shall be seven (7) hours of testimony and shall ordinarily commence at 8:30 a.m. and terminate at 5:00 p.m. including a one-hour break for lunch, and a morning break of no more than fifteen minutes and afternoon break of no more than fifteen minutes plus any necessary restroom breaks.  A deposition may continue to 7:30 p.m. only when the long deposition

day will make it possible to conclude the deposition in a single day by agreement of the parties. No breaks shall be taken while a question is pending, except to confer about an issue relating to privilege. If a witness has a documented medical condition that affects his or her ability to testify for seven (7) consecutive hours, the parties agree to work in good faith to accommodate an alternative schedule for that witness.

2.      Counsel should be efficient in depositions. Counsel shall confer about the time required to depose a particular witness. Absent agreement of the parties or order of the Courts, the presumption is that a deposition shall not exceed two days, or fourteen (14) hours of questioning by Plaintiffs' counsel combined, with MDL and state court attorneys dividing that combined time between them. Such designations shall be made during the scheduling process for the depositions so as to permit consecutive days of testimony (including a third, half day of testimony for any direct examination by defendants' counsel and redirect described below). The limits for depositions will also include: (a) for depositions limited to fourteen hours, up to two hours of additional time for examination by defendants' counsel and an additional, equal amount of time (not exceeding the amount utilized by defendants) for redirect examination.

3.      Depositions of expert witnesses shall be limited to eight (8) hours with the same additional time limits set forth above for direct examination by the producing party and then redirect. Previously disclosed experts who are designated as case specific experts in prior cases and have been deposed shall be

made available for up to four (4) hours of additional deposition testimony in any subsequent case in which they are designated as a case specific expert (meaning they will offer testimony directed to a particular plaintiff).

4.    Upon a showing of good cause or by agreement of the parties, the limits on the number and duration of depositions set forth herein may be extended.

5.    In the event that the deposition involves a translator, the maximum length of the deposition shall be increased as is reasonably necessary by up to 75%.

6.    No witness should be deposed in this MDL proceeding and any related state court proceedings more than once (unless designated as a corporate representative and/or expert witness, in which case such witness may be deposed two or possibly three times - once in his or her individual capacity, once as a corporate representative if so designated, and once as an expert witness if so designated), with coordination occurring between the lawyers in the MDL and state court jurisdictions.  An individual designated to testify as both a corporate representative and in his/her individual capacity shall not be deposed by Plaintiffs for more than a total of three (3) days of seven hours of testimony per day. However, if such witness is later designated as an expert witness, an additional day of deposition time shall be made available.  If documents created by, sent by or received by a witness that (i) existed prior to the deposition, (ii) were responsive to prior discovery requests, and (iii) are materially significant to the

deponent's testimony are produced after his or deposition, then the opposing party shall have the right to re-depose such witness on such document(s).

### E.  Number of Depositions

Plaintiffs may take up to twenty-two (22) depositions of current and former employees of Boehringer Ingelheim Pharmaceuticals, Inc.  The parties shall meet and confer regarding depositions to be scheduled and make a good faith effort to determine the duration, relevance and reasonableness of requested depositions before scheduling same.

### F.  Exhibits

Counsel shall use reasonable efforts to mark exhibits sequentially and shall attempt to use the previously marked exhibit number in subsequent depositions rather than re-marking the same exhibit with different exhibit numbers.

### G.  Custodial Files

Provided that plaintiffs notify counsel for Boehringer Ingelheim Pharmaceuticals, Inc. at least 60 days in advance of the intended deposition of any present or former employee of Boehringer Ingelheim Pharmaceuticals, Inc., the updated, relevant, non-privileged, previously non-produced portions of the custodial file of that employee shall be produced 30 days in advance of the scheduled deposition to the address specified by plaintiffs' counsel.  With respect to any document withheld or redacted, the producing party shall produce a privilege log at the time of within seven (7) days of producing the custodial file materials.

**H.   Translation of Documents**

Objections as to the accuracy of any translations of deposition testimony shall be preserved unless a stipulation is reached by the parties in advance of the deposition.

**I.   Translators**

1.    If a witness indicates his or her intention to respond to questions in a language other than English, neutral translators will be employed to interpret and translate between the foreign language and English.  If the translator is required for an employee of Boehringer Ingelheim Pharmaceuticals, Inc., then the cost of such translator shall be paid by Boehringer Ingelheim Pharmaceuticals, Inc.  Each translator will swear under oath or affirm prior to each deposition to provide honest and truthful translations.

2.    Counsel for Boehringer Ingelheim Pharmaceuticals, Inc. will notify the plaintiffs at least 15 days in advance of the deposition of any present or former employee of Boehringer Ingelheim Pharmaceuticals, Inc. whose examination will require the involvement of a translator.  Subject to their being informed of the terms of this Order, counsel for third party witnesses will notify counsel for the party who noticed the deposition at least 15 days in advance of the deposition that the examination will require the involvement of a translator. In the event the noticing party receives such notice from a third party or his/her counsel, then the noticing party shall inform defendant's counsel within twenty-four hours of receiving such notice.  If a translator is needed, the party who's witness is being

deposed shall bring the official translator(s); however, the opposing party shall have the right to bring his or her own translator to provide a check on the translation.

### J.  Copies of Transcripts and Recordings

1.  Each side shall bear its own costs in securing copies of the deposition transcript, videotape or DVD.

2.  Subject to the terms of the Confidentiality Order entered in these proceedings, any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

### K.  Postponements

Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between the party noticing the deposition and Liaison or Lead Counsel for the opposing party witness (if the witness is a party or a current or former employee) or counsel for the witness (if the witness is not a party or a current or former employee) or by leave of the Courts for good cause.   A party taking a deposition off the calendar shall notify opposing counsel in writing with the reason for the need to do so, and, within a reasonable time following any such notice, provide alternative dates for rescheduling the deposition.

**L.    Attendance**

1.    Permitted Attendees. Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in MDL-2385 or state cases, in-house counsel and a company representative for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel.  Experts who have signed the Protective Order may attend expert depositions of the other parties' experts but may not participate in depositions. Upon application, and for good cause shown, the Courts may permit attendance by a person who does not fall within any of the categories set forth above.

2.    Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend.

3.    Examination Regarding Confidential Documents. While a deponent is being examined about any document that has been designated as confidential pursuant to any court order, attendance at that portion of the deposition by persons to whom disclosure is not authorized by such order shall be prohibited. Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality.

**M.    Image Recorded Depositions**

Any depositions may be videotaped at the request of any party pursuant to the following terms and conditions:

1.    Simultaneous Stenographic Recording. All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph B (7), above.

2.    Cost of the Deposition. The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording. Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

3.    Videotape Operator. The operator(s) of the videotape recording equipment shall be subject to the applicable provisions of **FED. R. CIV. P. 28(c) and similar state court rules**.

4.    At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately. The operator shall produce both video and DVD formats of each deposition.

5.    Standards. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately

the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

6. Filing. After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

7. Objections and instructions not to answer at videotape depositions are subject to the provisions of section L, *infra*. If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.

8. Technical Data. Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

**N.      Objections and Directions Not to Answer**

1. Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

(a) Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants and, unless otherwise specified by any plaintiff, an objection by a single plaintiff shall be deemed an objection by all plaintiffs. However, unless otherwise specified, an

instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants and an instruction not to answer by one plaintiff should not be deemed an instruction not to answer by all plaintiffs at risk for sanctions should he/she instruct a witness in bad faith.

(b) All objections are reserved until trial or other use of the deposition, except those objections regarding the foundation, the form of the question or the existence of a privilege.

(c) Counsel shall refrain from engaging in colloquy during depositions, and counsel shall comply with Fed. Rule Civ. P. 30(c)(2) concerning objections at depositions. The phrase "objection as to form," "objection as to foundation," or similar language shall be sufficient to preserve all objections as to form and foundation until the deposition is sought to be used. Counsel may ask what specific defect in form or foundation is referenced in the objection in order to decide if there is a need to cure the alleged defect.

2. Objections other than as to form and foundation, addressed above, are not waived, and are reserved for later ruling in each of the coordinated proceedings or by the trial judge.

**O.     Use of Depositions**

1.      Under the conditions prescribed in **FED. R. CIV. P. 32(a) (1)- (4) and similar state court rules** or as otherwise permitted by the Federal or applicable state's Rules of Evidence, depositions may be used by any party who has submitted, or been found subject, to the jurisdiction of any court in any case

covered by this order or one substantively similar (including parties later added and parties in cases subsequently filed in any state court covered by a substantively identical order, cases filed in, removed to or transferred to the federal court which is covered by this order; all of which are part of this litigation) who:

        (a)    was present or represented at the deposition; or

        (b)    had reasonable notice thereof; or

        (c)    absent a showing of excusable delay, within thirty (30) days after the deposition is taken or within forty-five (45) days after becoming a party in state actions or MDL-2385 fails to file a motion and obtain an order concluding that just cause exists such that the deposition should not be used in that case.

        2.    This order does not address the admissibility for trial purposes of any testimony taken by deposition. Determinations on the admissibility of any such testimony shall be made in each coordinated proceeding or at trial.

        3.    This order does not envision that a separate trial preservation deposition must be taken in order for the deposition to be introduced at trial.

    **P.**    **Correcting and Signing Depositions**

        Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature, and shall be corrected and signed within thirty (30) days after receiving the final transcript of the

completed deposition. If no corrections are made during this time, the transcript will be presumed accurate. Parties in jurisdictions where the rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

### Q. Effectiveness and State Court Proceedings

This Order is being entered in reliance on representations of Lead Counsel for the Plaintiffs and Defendants and counsel for plaintiffs in state court actions presently pending in California, Connecticut, and Illinois, that the parties will jointly and promptly submit in each such state court proceeding involving Pradaxa product liability claims deposition protocol orders substantively similar to this Order for the purposes stated herein, and that the same orders shall be jointly tendered in later filed actions in those states or in other states where there are presently no claims pending.

**So Ordered**

Digitally signed by
David R. Herndon
Date: 2012.10.03
14:07:02 -05'00'

**United States District Court**                    **Date: October 3, 2012**
**Chief Judge**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

_____

IN RE: PRADAXA (DABIGATRAN                )          3:12-MD-0235-DRH-SCW
ETEXILATE) PRODUCTS LIABILITY          )
LITIGATION                )          MDL No. 2385
_____

**This Document Relates to:**

**ALL CASES**


CASE MANAGEMENT ORDER No. 13
REGARDING DEPOSITION PROTOCOL
OF BOEHRINGER INGELHEIM INTERNATIONAL GMBH & DISMISSED FOREIGN
DEFENDANTS' WITNESSES

**Herndon, Chief Judge:**

This Order, agreed to after negotiations and with the agreement of

counsel, controls depositions of witnesses who are current or former employees of

Boehringer Ingelheim International GmbH ("BII"), and Boehringer Ingelheim

Pharma GmbH & Co. KG ("Pharma KG"), Boehringer Ingelheim GmbH ("BI GmbH")

and Bidachem S.p.A. ("Bidachem") (Pharma KG, BI GmbH and Bidachem shall

collectively be referred to "Dismissed Foreign Defendants"), and expert witnesses.

The parties agreed to the terms of this Order based on representations by Plaintiffs'

MDL Counsel and counsel for plaintiffs in state court jurisdictions where other cases

related to Pradaxa are pending that it is the intent of the plaintiffs' attorneys as a

group to use their best efforts to avoid duplicative discovery and not to use the

existence of state court proceedings in a manner to create duplicative or repetitive

discovery that departs from the purpose and goals of the orders entered in this

MDL. Accordingly, the agreed purpose of this Order is to gain the highest degree of efficiencies and cooperation in the taking of depositions in Pradaxa related litigation. While recognizing the benefits to the parties, their counsel and the judicial system as a whole that result from coordination and cooperation, counsel and the parties recognize that each state is an independent jurisdiction, and it is not the intention of the Court or the parties that judges in any of the participating jurisdictions delegate their duties to any other judicial officer.

A.     **General Provisions and Objectives**

1.     The terms of this Order were negotiated between MDL and state court counsel for plaintiffs and counsel for BII, and it is the intention of the parties that this Order apply to the defendant BII, and by and through BII, to depositions of present and former employees of the Dismissed Foreign Defendants, plaintiffs (both represented and pro se), third parties, and their respective counsel. Unless specifically modified herein, nothing in this order shall be construed to abrogate the applicable Rules of Civil Procedure or the Local Rules of the presiding Court.

2.     Counsel are reminded that the Courts consider depositions to be official court procedures and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before these Courts, as if each was appearing personally before the Courts at the time of the depositions. The parties further acknowledge that they will respect the applicable international treaties, European data protection laws and other regulations. Counsel shall not at any time conduct himself or herself in a

manner not becoming an officer of the court and not in full compliance with the civil rules of practice and all other orders of the Courts. Neither counsel nor witnesses shall, at any time, engage in conduct that impedes, delays, or frustrates the examination of the witness. All counsel and the deponent must be treated with civility and respect.

3.      There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during the deposition recesses.

4.      Disputes relating to depositions shall be resolved jointly by the Courts, wherever possible. Where possible, Chief Judge Herndon will coordinate communications among the Courts. More specifically:

*If a dispute arises before or after a deposition:* Promptly upon filing a motion in the court in which her case is pending, the moving party will email a copy of the motion to Judge Herndon and his staff as follows: Sara Jennings, Courtroom Deputy (Sara_Jennings@ilsd.uscourts.gov); Debra Ward, Chambers Counsel (Debra_Ward@ilsd.uscourts.gov); and Judge Herndon (Judge_Herndon@ilsd.uscourts.gov). Copies of the request, together with the supporting documents, shall be emailed to the counsel involved in the immediate dispute, and the leadership of defendants and of plaintiffs for each jurisdiction, as noted below.   To the extent the dispute relates to an action outside of the MDL proceedings, this Court will endeavor to coordinate conferral among the Courts for resolution of the issue, consistent with the law of the various jurisdictions.

*If a dispute arises during a deposition that requires expedited*

*consideration:* The party requesting the intervention of the court will send a short email to this Court stating as follows: "The parties to the Pradaxa MDL request your assistance resolving a dispute in connection with an ongoing deposition, and request a time to confer with the Court by telephone at its earliest convenience." The party requesting assistance shall provide the Court with a brief, non-argumentative description of the dispute that needs resolution. The email shall be copied to lead counsel present at the deposition and to the designated Lead and Liaison Counsel in the MDL.

>    **B.    Notices/Scheduling**

>        1.    Content of Notice. Each deposition notice shall include the name, address and telephone number of an attorney point of contact designated by the party noticing the deposition as well as the date, time and place of the deposition. This order in its entirety shall be attached to any subpoena or deposition notice that pertains to a third-party witness covered by its terms.

>        2.    Cooperation in Scheduling. Absent extraordinary circumstances, counsel shall consult with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis.

>        3.    Location. To the extent reasonably possible, depositions of witnesses located outside the United States will take place at a mutually agreeable location in Amsterdam or London, and current or former employees of BII and/or the Dismissed Foreign Defendants shall be able to select same. Provided

depositions in Germany are authorized by German law and ordered by this Court, foreign witnesses domiciled in Germany shall also have the option to select the U.S. Consulate In Germany (pursuant to and in accordance with the applicable requirements set forth in the relevant diplomatic notes exchanged between the U.S. and the Federal Republic of Germany) as the location for their respective depositions. Plaintiffs do not intend to oppose a motion to have depositions in Frankfurt so long as BII makes a showing to the Court that they are legal, can be conducted at a reasonable location, and if necessary to do so, that BII will cover the cost of any U.S. Consulate officials being present in order for the deposition to be legal. Foreign witnesses domiciled in Italy shall also have the option to select Milan as the location for their respective depositions. The location of the deposition shall be as consistent as possible within each city so that videotape equipment, if being used, can be left in place.

4.   Adequacy of Notice.  After counsel, through consultation, have arrived on a date and location for a deposition, the Noticing Party shall serve an amended Notice reflecting the agreed upon date and location. Third-party witnesses subpoenaed to produce documents shall be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition.  All other depositions shall be noticed at least forty-five (45) days in advance.

5.   Location of Expert Witness Depositions. Unless otherwise agreed to in writing by the parties, the depositions of outside retained experts will take place at a mutually agreeable and convenient location in the U.S.  In the event that BII identifies an employee as an expert, the deposition will take place in New

York City, unless the parties otherwise agree.

6. Attendance. In order for counsel to make arrangements for adequate deposition space, Plaintiffs' Liaison Counsel for the jurisdiction from which the notice was served and Defendants' Liaison Counsel shall confer regarding the expected attendance at least five (5) business days before the scheduled date.

7. Remote Participation. In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify Plaintiffs' Liaison Counsel for the jurisdiction from which the Notice was served as well as Defendants' Liaison Counsel, two days in advance of the start of the deposition. Any party seeking to participate remotely must agree to be bound by applicable Protective Orders and shall not re-record the deposition, by video or audio means. The party seeking to participate remotely is responsible for securing the necessary telephone lines or Internet connections.

8. Means of Recording.

(a) Stenographic Recording. A certified Court reporter shall stenographically record all deposition proceedings and testimony. The Court reporter shall administer the oath or affirmation to the deponent in which he or she swears or affirms to tell the truth. Subject to paragraph P *infra*, a written transcript by the Court reporter shall constitute the official record of the deposition for purposes of **FED. R. CIV. P. 30(e) and similar state court** rules addressing filing, retention, certification and the like.

(b) Telephonic Depositions. By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be

deemed to have moved for such an order under FED.R.CIV.P. 30(b)(7) and similar state court rules. Unless an objection is filed and served within ten (10) calendar days after such notice is received, the court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent, and shall act in accordance with applicable federal and state rules of civil procedure and professional conduct governing interaction with the deponent.

(c)      Videotaping. Deposition notices shall state whether the deposition is to be videotaped. All videotape depositions shall proceed pursuant to the provisions of section M, *infra.*

### C.      Coordination with State Court Actions/Cross-Noticing of Depositions/Corporate Representative Depositions

1.      Cross-Notices. The parties and all courts desire to minimize the expense and inconvenience of this litigation by, *inter alia*, providing for a single deposition of witnesses within the time limits set forth in this Order in all litigations relating to Pradaxa. Any witness deposition in this litigation subject to this Order may be cross-noticed by any party in any related action pending in any state or federal court, subject to the provisions of paragraph C(4), *infra*. There should be full participation by all jurisdictions in every deposition.

2.      Coordination of Depositions. Plaintiffs' counsel from all jurisdictions shall coordinate the scheduling of depositions and the duties for examination of the deponent. In the interest of efficiency, the fewest number of

attorneys possible should be used at each deposition. Under no circumstance shall more than two plaintiffs' attorneys for each jurisdiction question a witness.

3.      There shall be no more than four examining attorneys, who shall confer prior to the deposition concerning allocation of time to question.  Under no circumstances will plaintiffs' failure to allocate time among themselves or to enforce that allocation of time among themselves during a deposition result in an extension of the deposition. At no time shall any plaintiffs' lawyer ask questions previously asked by another plaintiffs' counsel.

4.      Subsequent Depositions. Subject to the terms of Paragraph D(6) below, if a deposition originally noticed in another state or federal court has been cross-noticed in another state or federal court subject to this Order or one substantively identical that is anticipated by the parties to be entered promptly in all state court actions involving Pradaxa, then a party may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown as determined by the Courts. Any subsequent deposition shall be restricted to such additional inquiry stipulated to by the parties or as permitted by the Courts.

5.      Corporate Representative Depositions. The notice(s) for the deposition of a corporate representative under **FED. R. CIV. P. 30(b)(6) and similar state court rules,** shall describe with reasonable specificity the matters for examination and the questioning shall be limited to those specific matters.

**D.      Length of Depositions**

Unless otherwise ordered by the Courts, or agreed to by the parties

and counsel for any deponent, the following provisions shall govern depositions subject to this Order. It is the intent of the parties that the limitations set forth below constitute the total time to be allocated to a witness's deposition, regardless of the number of jurisdictions in which cases may be pending or the time that could be used for such deposition it were taken separately in each jurisdiction where a case was filed.

1.      A deposition day shall be seven (7) hours of testimony and shall ordinarily commence at 8:30 a.m. and terminate at 5:00 p.m. including a one-hour break for lunch, and a morning break of no more than fifteen minutes and afternoon break of no more than fifteen minutes plus any necessary restroom breaks. A deposition may continue to 7:30 p.m. only when the long deposition day will make it possible to conclude the deposition in a single day by agreement of the parties. No breaks shall be taken while a question is pending, except to confer on the record about an issue relating to the adequacy of translation or off the record concerning privilege. If a witness has a documented medical condition that affects his or her ability to testify for seven (7) consecutive hours with breaks as described above, the parties agree to work in good faith to accommodate an alternative schedule for that witness.

2.      Counsel should be efficient in depositions. Counsel shall confer about the time required to depose a particular witness. Absent agreement of the parties or order of the Courts, the presumption is that a deposition shall not exceed two days, or fourteen (14) hours of questioning by plaintiffs' counsel combined, with MDL and state court attorneys dividing that combined time between them.

9

Such designations shall be made during the scheduling process for the depositions so as to permit consecutive days of testimony (including a third, half day of testimony for any direct examination by defendants' counsel and redirect described below).  The limits for depositions will also include: (a) for depositions limited to fourteen hours, up to two hours of additional time for examination by defendants' counsel and an additional, equal amount of time (not exceeding the amount utilized by defendants) for redirect examination.

3.     Depositions of expert witnesses shall be limited to eight (8) hours with the same additional time limits set forth above for direct examination by the producing party and then redirect. Previously disclosed experts who are designated as case specific experts in prior cases and have been deposed shall be made available for up to four (4) hours of additional deposition testimony in any subsequent case in which they are designated as a case specific expert (meaning they will offer testimony directed to a particular plaintiff).

4.     Upon a showing of good cause or by agreement of the parties, the limits on the number and duration of depositions set forth herein may be extended.

5.     In the event that the deposition involves a translator, the maximum length of the deposition shall be increased as is reasonably necessary by up to 75%.  This section shall not apply if the witness testifies in English but has a translator present for clarification purposes only.

6.     No witness should be deposed in this MDL proceeding and any related state court proceedings more than once (unless designated as a corporate

representative and/or expert witness, in which case such witness may be deposed two or possibly three times - once in his or her individual capacity, once as a corporate representative if so designated, and once as an expert witness if so designated), with coordination occurring between the lawyers in the MDL and state court jurisdictions. An individual designated to testify as both a corporate representative and in his/her individual capacity shall not be deposed by Plaintiffs for more than a total of three (3) days of seven hours of testimony per day. However, if such witness is later designated as an expert witness, an additional day of deposition time shall be made available. If documents created by, sent by or received by a witness that (i) existed prior to the deposition, (ii) were responsive to prior discovery requests, and (iii) are materially significant to the deponent's testimony are produced after his or deposition, then the opposing party shall have the right to re-depose such witness on such document(s).

### E.   Number of Depositions

Whereas the parties have differing views of the number of depositions that shall be permitted and/or may be necessary as to BII and the dismissed Foreign Defendants, Defendants' position is that plaintiffs may take up to twenty-two (22) depositions of current and former employees of BII and the Dismissed Foreign Defendants. Plaintiffs' position is that this may be sufficient, but may not and need to receive discovery including Rule 26 responses, interrogatory responses, and document productions to be better informed of this precise number. Notwithstanding, it is the understanding and order herein that plaintiffs may take, other than the Rule 30(b)(6) Notice referenced in the Paragraph 3(a) of

the Unified Case Management Plan, up to twenty-two (22) depositions of current and former employees of BII and the Dismissed Foreign Defendants. Nothing shall prohibit plaintiffs from seeking leave of the Court to modify this for the reasons set forth above, or any others that may arise and for BII to oppose same. Further, before judicial intervention is sought regarding same, the parties shall meet and confer regarding same. Further, the parties shall meet and confer regarding depositions to be scheduled and make a good faith effort to determine the duration, relevance and reasonableness of requested depositions before scheduling same.

**F.      Exhibits**

Counsel shall use reasonable efforts to mark exhibits sequentially and shall attempt to use the previously marked exhibit number in subsequent depositions rather than re-marking the same exhibit with different exhibit numbers.

**G.      Custodial Files**

Provided that Plaintiffs notify counsel for BII in writing at least 60 days in advance of the intended deposition of any present or former employee of BII or a Dismissed Foreign Defendant, the updated, relevant, non-privileged, previously non-produced portions of the custodial file of that employee shall be produced pursuant to applicable European and/or national data protection laws 30 days in advance of the scheduled deposition to the address specified by Plaintiffs' counsel. With respect to any document withheld or redacted, the producing party shall produce a privilege log within seven (7) days of producing the custodial file materials.

**H.      Translation of Documents**

Objections as to the accuracy of any translations of deposition testimony shall be preserved unless a stipulation is reached by the parties in advance of the deposition.

### I.    Translators

1.    Each witness produced by BII for deposition shall have the right to testify in a language other than English. If a witness indicates his or her intention to respond to questions in a language other than English, neutral translators will be employed to interpret and translate between the foreign language and English.  If the translator is required for an employee of BII or a Dismissed Foreign Defendant, then the cost of such translator shall be paid by BII. Each translator will swear under oath or affirm prior to each deposition to provide honest and truthful translations.

2.    Counsel for BII will notify the plaintiffs at least 15 days in advance of the deposition of any present or former employee of BII or a Dismissed Foreign Defendant whose examination will require the involvement of a translator. Subject to their being informed of the terms of this Order, counsel for third party witnesses will notify counsel for the party who noticed the deposition at least 15 days in advance of the deposition that the examination will require the involvement of a translator. In the event the noticing party receives such notice from a third party or his/her counsel, then the noticing party shall inform defendant's counsel within twenty-four hours of receiving such notice.  If a translator is needed, the party whose witness is being deposed shall bring the official translator(s); however, the opposing party shall have the right to bring his or her own translator to provide

a check on the translation. Each party shall bear the cost of its own translator.

**J.    Copies of Transcripts and Recordings**

1.    Each side shall bear its own costs in securing copies of the deposition transcript, videotape or DVD.

2.    Subject to the terms of the Confidentiality Order entered in these proceedings, any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

**K.    Postponements**

Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between the party noticing the deposition and Liaison or Lead Counsel for the opposing party witness (if the witness is a party or a current or former employee) or counsel for the witness (if the witness is not a party or a current or former employee) or by leave of the Courts for good cause.   A party taking a deposition off the calendar shall notify opposing counsel in writing with the reason for the need to do so, and, within a reasonable time following any such notice, provide alternative dates for rescheduling the deposition.

**L.    Attendance**

1.    Permitted Attendees. Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in MDL-2385 or state cases, in-house

counsel and a company representative for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel. Experts who have signed the Protective Order may attend expert depositions of the other parties' experts but may not participate in depositions. Upon application, and for good cause shown, the Courts may permit attendance by a person who does not fall within any of the categories set forth above.

2.     Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend.

3.     Examination Regarding Confidential Documents. While a deponent is being examined about any document that has been designated as confidential pursuant to any court order, attendance at that portion of the deposition by persons to whom disclosure is not authorized by such order shall be prohibited. Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality.

M.     **Image Recorded Depositions**

Any depositions may be videotaped at the request of any party pursuant to the following terms and conditions:

1.     Simultaneous Stenographic Recording. All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph B (7), above.

15

2. Cost of the Deposition. The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording. Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

3. Videotape Operator. The operator(s) of the videotape recording equipment shall be subject to the applicable provisions of **FED. R. CIV. P. 28(c) and similar state court rules**.

4. At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately. The operator shall produce both video and DVD formats of each deposition.

5. Standards. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

6. Filing. After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever

noticed the deposition.

7.    Objections and instructions not to answer at videotape depositions are subject to the provisions of section N, *infra*. If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.

8.    Technical Data. Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

**N.    Objections and Directions Not to Answer**

1.    Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

(a) Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants and, unless otherwise specified by any plaintiff, an objection by a single plaintiff shall be deemed an objection by all plaintiffs. However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants and an instruction not to answer by one plaintiff should not be deemed an instruction not to answer by all plaintiffs at risk for sanctions should he/she instruct a witness in bad faith.

(b) All objections are reserved until trial or other use of the deposition, except those objections regarding the foundation, the form of the question or the existence of a privilege.

(c) Counsel shall refrain from engaging in colloquy during

depositions, and counsel shall comply with Fed. Rule Civ. P. 30(c)(2) concerning objections at depositions. The phrase "objection as to form," "objection as to foundation," or similar language shall be sufficient to preserve all objections as to form and foundation until the deposition is sought to be used. Counsel may ask what specific defect in form or foundation is referenced in the objection in order to decide if there is a need to cure the alleged defect.

2.      Objections other than as to form and foundation, addressed above, are not waived, and are reserved for later ruling in each of the coordinated proceedings or by the trial judge.

**O. Use of Depositions**

1.      Under the conditions prescribed in **FED. R. CIV. P. 32(a) (1)- (4) and similar state court rules** or as otherwise permitted by the Federal or applicable state's Rules of Evidence, depositions may be used by any party who has submitted, or been found subject, to the jurisdiction of any court in any case covered by this order or one substantively similar (including parties later added and parties in cases subsequently filed in any state court covered by a substantively identical order, cases filed in, removed to or transferred to the federal court which is covered by this order; all of which are part of this litigation) who:

(a)      was present or represented at the deposition; or

(b)      had reasonable notice thereof; or

(c)      absent a showing of excusable delay, within thirty (30) days after the deposition is taken or within forty-five (45) days after becoming a party in

18

state actions or MDL-2385 fails to file a motion and obtain an order concluding that just cause exists such that the deposition should not be used in that case.

2.     This order does not address the admissibility for trial purposes of any testimony taken by deposition. Determinations on the admissibility of any such testimony shall be made in each coordinated proceeding or at trial.

3.     This order does not envision that a separate trial preservation deposition must be taken in order for the deposition to be introduced at trial.

**P.     Correcting and Signing Depositions**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature, and shall be corrected and signed within sixty (60) days after receiving the final transcript of the completed deposition. If no corrections are made during this time, the transcript will be presumed accurate. Parties in jurisdictions where the rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

**Q.     Effectiveness and State Court Proceedings**

This Order is being entered in reliance on representations of Lead Counsel for the Plaintiffs and Defendants and counsel for plaintiffs in state court actions presently pending in California, Connecticut, and Illinois, that the parties will jointly and promptly submit in each such state court proceeding involving Pradaxa product liability claims deposition protocol orders substantively similar to this

Order for the purposes stated herein, and that the same orders shall be jointly

tendered in later filed actions in those states or in other states where there are

presently no claims pending.

**SO ORDERED:**

David R. Herndon
2012.10.19
16:51:39 -05'00'

**Chief Judge**                                              **Date: October 19, 2012**
**United States District Court**