# EXHIBIT 9

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re:  BAYCOL PRODUCTS LITIGATION          MDL No. 1431
                                            (MJD/JGL)
This Document Relates to All Actions         Pretrial Order No. 7
_____

## DEPOSITION GUIDELINES

IT IS ORDERED that all depositions in the above-entitled matter be conducted in accordance with the following rules:

**1. Cooperation.**

Counsel are expected to cooperate with, and be courteous to, each other and deponents.

**2. Attendance.**

**(a) Who May Be Present.** Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographer, deponent and counsel for the deponent. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Protective Order shall be excluded.

**(b) Unnecessary Attendance.** Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend.

**(c)     Notice of Intent to Attend a Deposition.** In order for counsel to make arrangements for adequate deposition space, counsel who intend to attend a deposition noticed in MDL No. 1431 should advise Local Liaison Counsel for the noticing party not fewer than three business days prior to the deposition, whenever feasible.

**3.     Conduct.**

**(a)     Examination.** Questioning should ordinarily be by only one attorney for all Plaintiffs in MDL No. 1431, designated by Plaintiffs' Co-Lead Counsel, and one attorney for each Defendant. Counsel for Plaintiffs who have individual or divergent positions, which cannot be resolved by good faith negotiations with Plaintiffs' Co-Lead Counsel, may examine a deponent limited to matters not previously covered. Once the witness has answered a question, that same or substantially the same questions shall not be asked again. Counsel should cooperate so examinations by multiple attorneys do not result in a deposition exceeding the allotted time. Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness. Absent agreement of the parties or order of this Court based on a showing of good cause, the length of depositions shall be controlled by Fed. R. Civ. P. 30(d)(2).

**(b)     Scheduling.** Depositions should ordinarily be noticed 15 calendar days in advance of the date on which the deposition is to take place. Counsel shall use their best efforts to cooperate in scheduling depositions at mutually convenient times and places. The burden of preparing witnesses for deposition during a given calendar month shall not unreasonably fall upon a particular party. Depositions will be held for two weeks, with one week "off." In any given calendar month, the parties in the MDL will ordinarily take the depositions of no more than 24 witnesses, with that number divided reasonably between

Plaintiffs and Defendants.  Ordinarily, no more than two depositions may be scheduled on the same day.

**(c)     Location.**  The location of the deposition shall be as consistent as possible within each city, so that videotape equipment, if being used, can be left in place.

**(d)     Noticing.**  All depositions in MDL No. 1431, except pursuant to Court order, shall be noticed and conducted pursuant to Fed. R. Civ. P. 30 and this Pretrial Order and may be cross-noticed in any Baycol action pending in state court.  Each deposition notice shall include the name, address and telephone number of the primary examiner designated by the party noticing the deposition; and the date, time and place of the deposition.  The attorney who conducts the principal examination for the noticing party is responsible for assuring that a copy of the deposition transcript, a disk, and, where applicable, a videotape, are provided to the Document Depository and Defendants' Local Liaison Counsel.

**(e)     Postponements.**  Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than 5 calendar days in advance of the date it is scheduled to occur, except upon agreement between the primary examiner designated by the party noticing the deposition and the attorney representing the witness (if the witness is a party or a present or former employee or an expert designated by a party) or the Defendants (if the witness is not a party or a present or former employee or an expert designated by a party) or by leave of Court for good cause.

**(f)     Objections and Directions Not to Answer.**  Counsel shall comply with Fed. R. Civ. P. 30(d)(1).  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the

3

date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.  Any objection made at a deposition shall be deemed to have been made on behalf of all other parties.  All objections, except those as to form and foundation, are preserved.

**(g)     Private Consultation.**  Private conferences between deponents and their attorneys are improper while a question is pending except for the purpose of determining whether a privilege should be asserted.

4.     **Disputes During Depositions.**  Disputes between the parties should be addressed to this Court rather than the District Court in which the deposition is being conducted.  Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Magistrate Judge or the presiding Judge by telephone.  In the event that neither the Magistrate Judge nor presiding Judge is available, the deposition shall continue with full reservation of rights of the interrogation for a ruling at the earliest possible time.  None of the provisions of this section shall deny counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30 (d)(4), file an appropriate motion with the Court at the conclusion of the deposition and appear personally before the Court.

5.     **Documents.**

(a) **Production of Documents.**  Witnesses subpoenaed to produce documents should ordinarily be served at least 30 calendar days before the scheduled deposition.  Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the interrogation commences.  With respect to experts, arrangements should be made to permit inspection of documents 7 calendar days before the deposition of expert witnesses.

(b) **Protective Order.**  A copy of the Protective Order shall be provided to the deponent before the deposition commences if the deponent is to produce or may be asked about documents that may contain confidential information.

(c) **Copies.**  Extra copies of documents about which deposing counsel expects to examine a deponent should ordinarily be provided to opposing counsel and the deponent at the deposition.  Deponents and their counsel should be shown a copy of the document at the deposition before being examined about it, except when counsel seek to impeach or test the deponent's recollection.

(d) **Marking of Deposition Exhibits.**  All documents previously produced and used as deposition exhibits shall be referred to by the unique alpha-numeric identifiers appearing on the documents.

6. **Deposition of Witnesses Who Have No Personal Knowledge of Relevant Facts.**  An officer, director or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about which such person has no personal knowledge may submit to the noticing party a reasonable time before the date noticed an affidavit so stating and identifying a person or persons within the corporation or government entity believed to have such knowledge.  Notwithstanding

5

such affidavit, the noticing party may proceed with the deposition, subject to the right of the witness to seek a protective order. The party noticing the deposition of a nonparty corporate or government witness must notify the witness of this provision.

**7.** **Videotaped Depositions.** By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape pursuant to Fed. R. Civ. P. 30(b)(2) and (3) subject to the following rules:

**(a)** **Real-time Feed.** All videotaped depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

**(b)** **Video Operator.** The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

**(c)** **Attendance.** Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition. Only the deponent (and demonstrative materials or other exhibits used during the deposition) will be videotaped.

**(d)** **Standards.** Unless physically incapacitated, the deponent shall be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound

6

levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. Smoking by deponents or counsel during the deposition will not be permitted.

**(e)     Filing.**  The operator shall preserve custody of the original videotape in its original condition until further order of the Court. No part of the video or audio record of a videotaped deposition shall be released or made available to any member of the public unless authorized by the Court.

**8.     Telephonic Depositions.**  By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(7). Unless an objection is filed and served within 10 calendar days after such notice is received, the Court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign or otherwise coach or suggest answers to the deponent. The court reporter shall be in the same room with the deponent. Telephonic depositions may not be videotaped.

**9.     Use; Supplemental Depositions.**

**(a)     Use.**  Depositions taken in MDL No. 1431 may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1) - (4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

        **(i)**     who was present or represented at the deposition;

        **(ii)**    who had reasonable notice thereof; or

7

      **(iii)**    who, within 30 calendar days after the transcription of the deposition (or, if later, within 60 calendar days after becoming a party in this Court in any action that is a part of this litigation), fails to show just cause why such deposition should not be useable against such party.

    Depositions may be used in any Baycol action in state court to the extent permitted by that state's law and rules.

    **(b)**    **Supplemental Depositions.**  Parties added after the date on which a deposition has been taken and parties in cases filed, removed to or transferred to this Court after the taking of a deposition may, within 30 calendar days after the transcription of the deposition (or, if later, within 60 calendar days after becoming a party in this Court in any action that is part of this litigation), request permission from the Court for good cause shown to conduct a supplemental deposition of the deponent, including the right to take such deposition telephonically.  If permitted by the Court, the deposition shall be treated as the resumption of the deposition originally noticed.  Such examination shall not be repetitive of the prior examination of the witness.

**10.**    **Federal Rules of Civil Procedure.**  Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure.

Dated: March 4, 2002

                                                       BY THE COURT:

                                                                       _____//s//_____

                                                                       Michael J. Davis  
                                                                       United States District Court