# EXHIBIT 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE: ZOLOFT (SERTRALINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION** | : : : : : | **MDL NO. 2342** **12-MD-2342** **HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO ALL ACTIONS** | : : : | |

**PRETRIAL ORDER NO. 30**
**(Deposition Protocol)**

**AND NOW**, this 19th day of July 2013, to promote efficiency for the Court and the parties in this Multi-District Litigation, and upon consideration of Report and Recommendation No. 2 of the Special Discovery Master, Andrew A. Chirls, the Court hereby enters this Pretrial Order to govern depositions taken with respect to these MDL proceedings.

**I.  GENERAL PROVISIONS**

   **A.  Lead Deposition Counsel**

Depositions and matters related to depositions shall be coordinated by a Lead Deposition Counsel for plaintiffs and a Lead Deposition Counsel for defendant. Lead Deposition Counsel for plaintiffs shall be Mark Robinson and/or Dianne Nast or their designee. Lead Deposition Counsel for defendant Pfizer Inc. shall be Mark S. Cheffo or his designee. The name and contact information for any designee shall be promptly communicated to the other parties.

   **B.  Deposition Notices**

      1.  *Notice of Deposition Procedures.* A single deposition notice shall apply in all cases governed by this Order. Unless otherwise agreed by the parties, depositions must be noticed at least thirty 30 calendar days in advance, with notice served upon counsel.

2. *Contents of Notice*. In addition to the information required by Fed. R. Civ. P. 30(b), each deposition notice shall include the name and, if known, the general occupational description of each deponent, and contact information for Lead Deposition Counsel that will allow interested counsel to obtain information regarding the deposition. If the deposition is to be videotaped, the notice shall state the name, firm and address of the videotape recorders. If the notice asks the deponent to produce, or if the witness may be asked about, documents that may contain confidential information, the witness shall be provided with a copy of Pretrial Order No. 8 (Protective Order).

C. **Attendance**

1. *Who May Be Present.* Unless otherwise ordered under Fed. R. Civ. P. 26(c) or agreed by the parties, depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or their respective representatives, experts or non-testifying consultants, court reporters, videographers, the deponent, and counsel for the deponent. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence. While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under an MDL No. 2342 Confidentiality Stipulation or Protective Order shall be excluded from the deposition. Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality for a period of time consistent with the Protective Order. When a defendant's employees or former employees are being deposed, such defendant may ask that attendance at the deposition by any competitor co-defendants be limited to the attorneys-of-record for such co-defendants.

      2.    *Unnecessary Attendance.*  Unnecessary attendance by counsel is discouraged.  Counsel who have only marginal interest in a proposed deposition or who expect their clients' interests to be adequately represented by other counsel should elect not to attend.  No attorney who attends, participates in or uses a deposition in these proceedings shall be entitled or subject to any assessment, fee or tax merely by reason of such attendance, participation or use.

      3.    *Notice of Intent to Attend a Deposition.*  In order for counsel to make arrangements for adequate deposition space, any counsel who intends to attend a deposition noticed in this MDL should advise Lead Deposition Counsel for plaintiffs and Pfizer not fewer than three (3) business days prior to the deposition, whenever feasible.

      4.    *Remote Participation.*  In the event that a party wishes to attend a deposition remotely, that is, either by telephone or internet, that party shall notify Lead Deposition Counsel for plaintiffs and Pfizer not fewer than two (2) business days prior to the deposition.  Any party seeking to participate remotely must agree to be bound by applicable Protective Orders and shall not re-record the deposition, by video or audio means.  The party seeking to attend remotely is responsible for securing the necessary telephone lines or internet connections.  Persons attending remotely must identify all persons listening to the deposition, such persons being subject to the restrictions on attendance set forth in paragraph I.C.1 above.

## II.   CONDUCT OF DEPOSITIONS

### A.   Examination

      1.    Except in depositions that have been cross-noticed in actions pending in state court (see below), questioning should ordinarily be conducted by no more than two attorneys for all plaintiffs.  In some depositions, there may be sufficient divergence of positions among various parties such that additional examiners may be appropriate on non-redundant

matters.  Counsel for plaintiffs who have individual or divergent positions (*i.e.*, class actions, actions with additional defendants), which cannot be resolved by good-faith negotiations with Plaintiffs' Lead Deposition Counsel, may designate one attorney to examine a deponent limited to matters not previously covered after the initial examination has concluded.

2. The questioning of common defense witnesses will be conducted in the following sequence:  (1) the two MDL examiners, (2) non-repetitive questioning by state court counsel, (3) Defendants' Lead Counsel; (4) non-repetitive questioning by defendants other than Pfizer; (5) individual counsel for the deponent, if any, other than counsel above; and (6) any re-examination by the counsel listed above, provided that time remains within the Plaintiffs' limit. Plaintiffs' counsel shall cooperate with respect to the division of time so as to ensure that the interests of any state court Plaintiffs' counsel are adequately addressed, and the Plaintiffs' attorneys designated to conduct the examinations shall coordinate with each other so as to conduct as thorough and non-duplicative an examination as is practicable.  The parties shall leave sufficient time for examination by the attorney designated by Defendants' Lead Counsel, any other defendants' counsel or the deponent's counsel; although time expended for examination by Defendants' Lead Counsel, any other defendants' counsel or the deponent's counsel shall not count against Plaintiffs' time limitation.

3. *Sequence of Examination of Non-Party Healthcare Provider Witnesses.* At depositions of healthcare providers in Discovery Group or Trial Pool cases selected by Plaintiffs, Plaintiffs will be the first questioner in depositions of prescribers and OBGYNs and Pfizer will be the first questioner in depositions of all other healthcare providers.  At depositions of healthcare providers in Discovery Group or Trial Pool cases selected by Defendants,

4

Defendants will be the first questioner in depositions of prescribers and OBGYNs and Plaintiffs will be the first questioner in depositions of all other healthcare providers.

    **B.**    **Documents Used in Connection with Depositions**

    1.    *Production of Documents*.  Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition.  Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the examination commences.

    2.    *Copies*.  A sufficient amount of extra copies of documents about which deposing counsel expects to examine a deponent should be provided to primary counsel for the parties and the deponent during the course of the deposition.  Counsel should bring at least four copies of any document that counsel intends to show the witness or mark as an exhibit at the deposition.

    3.    *Voluntary production of documents in advance of depositions.*  To allow for depositions to proceed more efficiently, five (5) days before the deposition, deposing counsel may voluntarily furnish deponent's counsel with any documents that are voluminous in nature and that deposing counsel wishes the witness to review in advance of the deposition.  Deponent's counsel will make a good faith effort to have the documents read by the deponent in advance of the deposition.  Where the deponent is an employee of Pfizer, the deposing counsel may furnish the deponent's counsel with a list of Bates numbers for the documents in lieu of furnishing the actual documents.  This section is wholly voluntary on the part of deposing counsel and in no way creates an obligation to furnish contemplated exhibits in advance of the deposition.

    4.    *Ex parte communications with treating or prescribing healthcare providers.*  Contact with a treating or prescribing healthcare provider for a Plaintiff shall be

governed by the relevant law in the jurisdiction in which the healthcare provider resides. All documents provided by one party to any healthcare provider witness by any party shall be disclosed to the other party within a week after the document has been provided to the healthcare provider, or three days before any deposition of the healthcare provider, whichever comes first. The disclosure should include cover letters, letters about scheduling and letters about compensation to the healthcare provider. The disclosure should also identify documents (or provide copies of the documents) that are provided to the healthcare provider. If the copies shown to the healthcare providers have markings, highlighting or tabs affixed to them, these should be disclosed.

        5.    *Marking of Deposition Exhibits*. All documents previously produced and used as exhibits with witnesses from a particular defendant or non-party witnesses shall be referred to by the Bates stamp numbers appearing on the documents. Documents that have not been previously produced shall be assigned a Bates stamp number from a range of numbers reserved for this purpose. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates stamp number.

        6.    *Objections to Documents*. Objections to the relevance or admissibility of documents used as deposition exhibits are not waived, and are reserved for later ruling by the Court or by the trial judge. All parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

    **C.**    **Duration**

        1.    Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness. The length of depositions (excluding breaks) shall not exceed seven (7) hours, absent agreement of the parties or court order; provided that Plaintiffs

can identify twelve (12) depositions where the limit will be fourteen (14) hours, occurring over two days.  In the event either party anticipates any deposition other than the twelve (12) so identified by Plaintiffs will exceed seven (7) hours, such party shall notify opposing counsel no less than three (3) weeks prior to the deposition.  The parties shall then negotiate in good faith, guided by the rule of reason, regarding the length of the deposition.  If the parties cannot agree on the length of deposition, a party may move for an extension of the seven-hour limit; provided that in no event may a deposition last more than two days.

    2.  If the parties are unable to agree on the length for a particular deposition, the dispute shall be submitted promptly to the Court for resolution in advance of the scheduled deposition.  Counsel should cooperate so that examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

   D.  **Deposition Day**

A deposition day typically shall commence at 9:30 a.m. and last typically no more than nine (9) hours, including lunch and breaks.  There shall be one fifteen (15) minute morning break and two fifteen (15) minute afternoon breaks, with one (1) hour for lunch.  Variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the deponent.

   E.  **Scheduling**

    1.  Absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.  Counsel are expected to cooperate and coordinate the scheduling of depositions.

    2.  Any motion for a protective order shall be filed at least 5 working days before the scheduled deposition; any response shall be filed within 2 working days.

      3. After counsel, through consultation, have arrived on a mutually acceptable date and location for a deposition, Liaison Counsel shall notify their side of the scheduled deposition at least 10 days in advance.

   **F.**    **Location for Depositions**

      1. Unless otherwise agreed, depositions of Plaintiffs will take place in each Plaintiff's home district, which is the district in which the Plaintiff resides, at an appropriate space reserved by Plaintiffs' counsel.

      2. Unless otherwise agreed by the parties prior to the noticing of an expert deposition, the deposition of an expert witness shall take place in the expert witness' home district, which is the district in which the expert resides, unless the expert does not reside in the United States. For any expert who resides outside the United States, Plaintiffs' experts shall be deposed in Philadelphia and Pfizer's experts shall be deposed in New York, or at such other place mutually agreed to by the parties.

      3. The location of the depositions shall be as consistent as feasible within each city so that videotape equipment, if being used, can be left in place.

      4. Unless otherwise agreed, depositions of any of Defendants' current and former employees who reside or work in the United States will take place at one of the following locations, at such Defendants' election: (1) the offices of such Defendants' attorneys, if located in New York, Philadelphia, Chicago, or Washington, D.C., (b) the district where the witness resides or works, or (c) in Philadelphia. If the deposition is to take place at some place other than at the offices of Defendants' counsel, Defendants' counsel will make arrangements for an appropriate location. Defense counsel will make reasonable efforts to obtain the agreement of former employees of Defendants to appear at the designated locations.

8

5. Parties responsible for securing deposition space shall reserve an adequately-sized room and all counsel shall be provided with a separate room in which to confer during breaks, and access to the Internet without charge.

### G. Coordination with State Court Actions, Cross Noticing and Avoidance of Duplicative Depositions

1. *Coordination with State Court Actions*. In order to avoid duplicative discovery, minimize the number of times that a witness shall appear for a deposition, and to prevent the unnecessary expenditure of judicial resources and the resources of parties, counsel for plaintiffs in the MDL shall use their best efforts to coordinate the scheduling of depositions with counsel for state court plaintiffs. In a coordinated deposition, this Court expects counsel for plaintiffs in the MDL and counsel for state court plaintiffs to cooperate in selecting the primary examiners described in section II.A., above. Absent agreement, it is the intent of this Order that counsel for MDL plaintiffs or MDL defendants, as the case may be, shall be the primary examiners in a deposition coordinated with a state court proceeding, but that counsel in the state court proceeding have sufficient opportunity to question the deponent so that the deposition may be used in the state proceeding for all purposes consistent with the state's procedure. Regardless of which counsel conducts the initial examination of the deponent, subsequent questioning shall not be redundant or repetitive, although clarification of prior testimony may be sought if reasonably calculated to elicit testimony that adds to the substance of prior testimony.

2. *Cross-Noticing*. Any deposition in this MDL may be cross-noticed by any party in any Zoloft-related action pending in state court, and any deposition in any Zoloft-related action pending in state court may be cross-noticed by any party in this MDL. Each deposition notice shall include the information described in section I.B.2., supra. If a state court deposition has been cross-noticed in this MDL, then state court plaintiffs represented by counsel with

9

actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown and, in that case, any subsequent deposition shall be restricted to such additional inquiry permitted by the Court. Nothing herein shall be construed as an injunctive or equitable order affecting state court proceedings. Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

      **H.**    **Early Depositions**

If the parties become aware of persons who possess relevant information but who by reason of age or ill health may become unavailable for deposition, the deposition may be taken as soon as practicable.

      **I.**    **Objections and Directions Not to Answer**

      1.    Any objection made at a deposition shall be deemed to have been made on behalf of all other parties. All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.

      2.    Counsel shall refrain from engaging in colloquy during deposition. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question. No speaking objections are allowed and professionalism is to be maintained by all counsel at all times. Counsel shall not make objections or statements which might suggest an answer to a witness.

      3.    Any objection to the authenticity of an exhibit used in the deposition must be made by the objecting party within thirty (30) days of the deposition, or the exhibit will be deemed authentic. If a party subsequently obtains information that an exhibit is not authentic, that party will promptly notify the party that offered the exhibit, and all parties shall cooperate as

necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

        4.     Counsel shall not direct or request that a witness refuse to answer a question unless that counsel has objected to the question on the ground that the question seeks (a) privileged information, (b) information that the Court has ordered may not be discovered, or (c) where the parties have agreed that a 30(b)(6) deposition will be limited to the 30(b)(6) topics, that the question exceeds the scope of the topics.  Alternatively, counsel may direct a deponent not to answer when the deponent or party, through counsel, states his, her or its intention to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent, or to discover evidence that the deponent's counsel believes is not discoverable.

        5.     When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.

    **J.**    **Evidentiary Form of Questions**

It is stipulated by Plaintiffs and Defendants that in the event the parties seek to use at any trial the deposition testimony of any witness offering an opinion, the parties shall not raise at such deposition or trial the objection that the deposition questions asked or the answers given regarding such expert opinion do not conform to the evidentiary form typically required by the jurisdiction whose law would control the case being tried.  For example, if one jurisdiction

requires an opinion to be expressed to a reasonable degree of certainty, the parties shall not object to an opinion given to a reasonable degree of probability.

### K. Telephonic Depositions and Participation

By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(4). Unless an objection is filed and served within ten (10) calendar days after such notice is received, the Motion shall be deemed to have been granted. Non-examining counsel may attend depositions telephonically but are not permitted to participate absent extenuating circumstances, such as weather delay or physical restriction on travel.

### L. Disputes During Depositions

1. Disputes between the parties should be addressed to this Court rather than the District Court in the District in which the deposition is being conducted.

2. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court and if the Court is not available, and to the extent the parties are still unable to resolve the dispute, the deposition shall continue as to matters not in dispute with full reservation of rights for a ruling at the earliest possible time.

3. If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to the Court by telephone, or to present the dispute in writing.

4. In the event the Court is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute. Nothing in this Order shall deny counsel the right to (1) suspend a

deposition pursuant to Fed. R. Civ. P. 30(d)(3); or (2) file an appropriate motion with the Court after the deposition, and appear personally before the Court.

### M. Video Depositions

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

1. *Real-time Feed.* All video depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

2. *Video Operator.* The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3. *Attendance.* Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

4. *Filing*. The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court.

5. *Interruptions*. No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions.

### N. Correction and Signing of Depositions

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition. The deposition may be signed by the deponent before any notary within thirty (30) days after the

transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

## O. Cost of Deposition

1. The noticing party shall bear the initial expense of both videotaping and stenographic recording. The parties shall pay for their own copies of transcripts and videotapes of depositions.

2. *Reimbursement of Prescribing Healthcare Providers.* The parties agree to split the cost of reimbursement of prescribing healthcare providers for their time during depositions equally, regardless of which party noticed the deposition. A rate of $350.00 per hour is presumptively reasonable. Any hourly rate above $350.00 must be agreed to in advance by the parties. Each party is responsible for their own payment to the prescribing healthcare providers, unless previously arranged through the court reporter. The parties agree to work cooperatively to share the costs requested by prescribing healthcare providers who are deposed in connection with their collection and/or review of medical records. This paragraph does not apply to treating (and non-prescribing) healthcare providers that demand reimbursement for their time at a deposition, and such requests are to be agreed upon between the parties on a case-by-case basis.

## III. USE OF DEPOSITIONS

Depositions conducted in this MDL may be used in related cases in any state court to the extent permitted by that state's laws and rules. Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used by or against any party (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

1. who is party to this litigation;

    2.    who was present or represented at the deposition;

    3.    who was served with prior notice of the deposition or otherwise had reasonable notice thereof; or

    4.    who, within thirty (30) calendar days after the transcription of the deposition (or, if later, with sixty (60) calendar days after becoming a party in this Court in any action that is a part of this MDL proceeding), fails to show just cause why such deposition shall not be useable against such party.

## IV. FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

                                    **BY THE COURT:**

                                    **/s/ Cynthia M. Rufe**

                                    _____
                                    **CYNTHIA M. RUFE, J.**