# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AVANDIA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | :<br>:<br>:<br>:<br>:    MDL No. 1871<br>:    07-MD-01871-CMR |
| THIS DOCUMENT APPLIES TO:<br>ALL ACTIONS | :<br>:<br>: |

PRETRIAL ORDER NO. 38
(Deposition Protocol)

This Order shall govern depositions taken with respect to these MDL proceedings.

I.     **GENERAL PROVISIONS**

    A.     **Lead Deposition Counsel**

Depositions and matters related to depositions shall be coordinated by a Lead Deposition Counsel for plaintiffs and a Lead Deposition Counsel for defendant. Lead Deposition Counsel for plaintiffs shall be Halley Ascher or her designee. Lead Deposition Counsel for defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") shall be Nina Gussack or her designee. The name and contact information for any designee shall be promptly communicated to the other parties.

    B.     **Deposition Notices**

       1.     *Notice of Deposition Procedures.* A copy of this Order shall be attached to each notice of deposition and/or any non-party subpoena issued or served in these MDL proceedings.

       2.     *Contents of Notice.* In addition to the information required by Fed. R. Civ. P. 30(b), each deposition notice shall include the name and, if known, the general occupational description of each deponent, a general description of the topic(s) for examination, the name and telephone number of the primary examiner designated by the Plaintiffs' Steering Committee ("PSC"), and the date, time and place of the deposition. If the examiner cannot be identified at the time the notice of deposition is served, a telephone number will be set forth in the notice so that interested counsel may obtain information regarding

1

the deposition. If the deposition is to be videotaped, the notice shall state the name, firm and address of the videotape recorders. If the notice asks the deponent to produce, or if the witness may be asked about, documents that may contain confidential information, the witness shall be provided with a copy of Pretrial Order No. 10 (Protective Order).

**C.     Cooperation**

Counsel is expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions. There shall be no smoking in any room in which a deposition is being conducted.

**D.     Attendance**

1. *Who May Be Present.* Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, experts or non-testifying consultants, court reporters, videographers, the deponent, and counsel for the deponent. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence. While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under an MDL No. 1871 Confidentiality Stipulation or Protective Order shall be excluded from the deposition. Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality.

2. *Unnecessary Attendance.* Unnecessary attendance by counsel is discouraged. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend. No attorney who attends, participates in or uses a deposition in these proceedings shall be entitled or subject to any assessment, fee or tax merely by reason of such attendance, participation or use.

3. *Notice of Intent to Attend a Deposition.* In order for counsel to make arrangements for adequate deposition space, counsel who intends to attend a deposition noticed in this MDL should

advise Lead Deposition counsel for plaintiffs and GSK not fewer than three (3) business days prior to the deposition, whenever feasible.

## II. CONDUCT OF DEPOSITIONS

### A. Examination

Except in depositions that have been cross-noticed in actions pending in state court (see below), questioning should ordinarily be conducted by no more than two attorneys for all plaintiffs. Once the witness has fully answered a question, that same question or substantially the same question shall not be asked again. In some depositions, there may be sufficient divergence of positions among various parties such that additional examiners may be appropriate on non-redundant matters. Counsel for plaintiffs who have individual or divergent positions (i.e., class actions, actions with additional defendants), which cannot be resolved by good faith negotiations with plaintiffs' Lead Deposition Counsel, may designate one attorney to examine a deponent limited to matters not previously covered after the initial examination has concluded. This limitation shall be strictly construed against the examining attorney. In this situation, Defendant shall be notified of this additional examiner at the same time it is given notice of the identity of the examiners. Five (5) business days before a deposition is requested or noticed by plaintiffs or defendant, Lead Deposition Counsel for the noticing party shall give Lead Deposition Counsel for the other side notice of the identity of the attorney(s) who may examine the deponent.

Counsel should cooperate in the allocation of time in order to comply with the time limits set by the Court.

### B. Documents Used in Connection with Depositions

1. *Furnishing Documents in Advance of Depositions.* To allow for depositions to proceed more efficiently, five (5) days before the deposition deposing counsel may voluntarily furnish deponent's counsel with any documents that are voluminous in nature which deposing counsel wishes the witness to review in advance of the deposition. Deponent's counsel will make a good faith effort to have the documents read by the deponent in advance of the deposition. Where the deponent is an employee of GSK, the deposing counsel may furnish the deponent's counsel with a list of bates numbers of the documents in lieu of furnishing the actual documents. This section is wholly voluntary on the part of

deposing counsel and in no way creates an obligation to furnish contemplated exhibits in advance of the deposition.

2. *Production of Documents.* Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition. Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the examination commences.

3. *Copies.* Extra copies of documents about which deposing counsel expects to examine a deponent should be provided to primary counsel for the parties and the deponent during the course of the deposition. Deponents and their counsel should be shown a copy of the document at the deposition before being examined about it, except when counsel seek to impeach or test the deponent's recollection.

4. *Marking of Deposition Exhibits.* All documents previously produced to the document depository and used as exhibits with witnesses from a particular defendant or non-party witnesses shall be referred to by the Bates stamp numbers appearing on the documents submitted to the document depositories. Documents that have not been previously submitted to the document depositories shall be assigned a Bates stamp number from a range of numbers reserved for this purpose. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates stamp number and shall be placed in the depositories at the conclusion of the deposition.

5. *Objections to Documents.* Objections to the relevance or admissibility of documents used as deposition exhibits are not waived, and are reserved for later ruling by the Court or by the trial judge. All parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

**C.    Duration**

Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness. Counsel are encouraged to limit the length of depositions wherever practicable to no more than seven (7) hours, and in no event may a deposition last more than two (2) deposition days absent agreement of the parties or good cause shown. In the event either party anticipates any deposition to exceed seven

(7) hours, such party shall notify opposing counsel no less than three (3) weeks prior to the deposition. If the parties are unable to agree on the length for a particular deposition, the dispute shall be submitted promptly to the Special Discovery Master for resolution in advance of the scheduled deposition. Counsel should cooperate so that examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

**D.    Deposition Day**

A deposition day typically shall commence at 9:30 a.m. and last typically no more than nine (9) hours, including lunch and breaks. There shall be one fifteen (15) minute morning break and two fifteen (15) minute afternoon breaks, with one (1) hour for lunch. Variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the deponent.

**E.    Scheduling**

Absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions. All fact witnesses may be multi-tracked and the parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of those depositions. Counsel however will make a good faith effort not to multi-track depositions of current or former officers or management personnel of GSK. To the extent that the parties cannot agree on a proposed schedule for such multi-tracking, the parties shall file with Special Discovery Master Shestack separate proposed schedules. After counsel, through consultation have arrived on a mutually acceptable date and location for a deposition, each side shall be notified of the scheduled deposition at least ten (10) days in advance.

**F.    Location for Depositions**

1.    Unless otherwise agreed, depositions of plaintiffs will take place in each plaintiff's home district.

2.    Unless otherwise agreed by the parties prior to the noticing of an expert deposition, the deposition of an expert witness shall take place in the expert witness' home district.

5

3. The location of the depositions shall be as consistent as feasible within each city, so that videotape equipment, if being used, can be left in place.

4. To the extent reasonably possible, depositions of current and former employees of GSK may take place in Philadelphia, PA at the offices of Pepper Hamilton LLP, or in the current or former employees' home district. Defense counsel will make reasonable efforts to obtain the agreement of former employees of Defendants to appear at the designated locations. Absent such agreement, depositions will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties. If the deposition of a GSK employee or officer is scheduled to occur in the offices of Pepper Hamilton LLP, the deposition shall take place in an adequately-sized room and Plaintiffs' counsel shall be provided with another room in which to confer during breaks, and access to the Internet. This space and amenities will be provided to the PSC free of charge. If the PSC decides to conduct the deposition of GSK employees at locations other than Pepper Hamilton's offices, such as Golkow Technologies, similar arrangements shall be made for GSK counsel at no cost to GSK or its counsel. Moreover, if the PSC decides to use locations other than Pepper Hamilton's offices for GSK deponents, the PSC shall not seek reimbursement for the costs of the space or amenities associated with such location in any fee or cost application.

### G. Depositions of Witnesses Who Have No Knowledge of Facts

An officer, director, or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about which such person has no knowledge may submit to the noticing party within fifteen (15) days before the date of the noticed deposition a declaration so stating and identifying a person within the corporation or government entity believed to have such knowledge. Notwithstanding such declaration, the noticing party may proceed with the deposition. The right of the responding witness to seek a protective order or other appropriate relief during or following the deposition is reserved. The party noticing the deposition of a non-party corporate or government witness shall notify the witness of this "Depositions of Witnesses Who Have No Knowledge of Facts" provision.

H.  **Coordination with State Court Actions, Cross Noticing and Avoidance of Duplicative Depositions**

1.  *Coordination with State Court Actions.* In order to avoid duplicative discovery, minimize the number of times that a witness shall appear for a deposition, and to prevent the unnecessary expenditure of judicial resources and the resources of parties, counsel for plaintiffs in the MDL shall use their best efforts to coordinate the scheduling of depositions with counsel for state court plaintiffs. In a coordinated deposition, this Court expects counsel for plaintiffs in the MDL and counsel for state court plaintiffs to cooperate in selecting the primary examiners described in section II.A., above. Absent agreement, it is the intent of this Order that counsel for MDL plaintiffs shall be the primary examiners in a deposition coordinated with a state court proceeding, but that counsel in the state court proceeding have sufficient opportunity to question the deponent so that the deposition may be used in the state proceeding for all purposes consistent with the state's procedure. Upon the conclusion of the examination by the primary examiners, counsel for plaintiffs in a state court proceeding may ask additional questions prior to the completion of the deposition. Regardless of which counsel conducts the initial examination of the deponent, subsequent questioning shall not be redundant or repetitive, although clarification of prior testimony may be sought if reasonably calculated to elicit testimony that adds to the substance of prior testimony.

2.  *Cross-Noticing.* Any deposition in this MDL may be cross-noticed by any party in any Avandia-related action pending in state court, and any deposition in any Avandia-related action pending in state court may be cross-noticed by any party in this MDL. Each deposition notice shall include the information described in section I.B.2., supra. If a state court deposition has been cross-noticed in this MDL, then state court plaintiffs represented by counsel with actions filed in this MDL may not take a subsequent deposition of that witness except for good cause shown as determined by Special Discovery Master Shestack and, in that case, any subsequent deposition shall be restricted to such additional inquiry permitted by Special Discovery Master Shestack.

3.  *Depositions Taken in Other Proceedings.* GSK shall advise plaintiffs' Lead Deposition Counsel of all depositions that have been taken by plaintiffs in other Avandia-related

proceedings (other than depositions of case-specific witnesses) and shall assist in arranging for the plaintiffs' Lead Deposition Counsel to obtain copies of transcripts of those depositions. Counsel for plaintiffs in this MDL proceeding shall not, without good cause, re-notice the depositions of witnesses who have already been deposed in this action. In the event that a party re-notices the deposition of a witness who has already been deposed, should a party object, then such objection must be made within ten (10) days of the notice and Lead Deposition Counsel shall meet and confer within five (5) days of the objection to attempt to resolve the dispute. If no agreement can be reached, the matter shall be brought to Special Discovery Master Shestack for resolution at the earliest possible time and without undue delay to avoid postponement of the deposition.

        4.    *Successive Depositions in this Proceeding.* Absent good cause, no witness should be deposed on the same subject more than once in this proceeding.

        5.    Nothing in H 1-4 shall be construed as an injunctive or equitable order affecting state court proceedings. Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

**I.**    **Early Depositions**

If the parties become aware of persons who possess relevant information but who by reason of age or ill health may become unavailable for deposition, the deposition may be taken as soon as practicable.

**J.**    **Objections and Directions Not to Answer**

        1.    Any objection made at a deposition shall be deemed to have been made on behalf of all other parties. All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.

        2.    Counsel shall refrain from engaging in colloquy during deposition. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question. No speaking objections are allowed and professionalism is to be maintained by all counsel at all times. Counsel shall not make objections or statements which might suggest an answer to a witness.

3. Any objection to the authenticity of an exhibit used in the deposition must be made by Defendants within thirty (30) days of the deposition, or the exhibit will be deemed authentic. If GSK subsequently obtains information that an exhibit is not authentic, it will promptly notify the PSC, and all parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

4. Counsel shall not direct or request that a witness refuse to answer a question unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent or his or her counsel intend to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent, or to discover evidence that the deponent's counsel believes is not discoverable.

5. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.

6. Private consultations between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted. Unless prohibited by Special Discovery Master Shestack for good cause shown, such conferences may be held during normal recesses, adjournments, or if there is a break in the normal course of interrogation and no questions are pending, however counsel shall not seek to alter the substance of the testimony of the witness during the aforementioned conferences.

**K.     Evidentiary Form of Questions**

It is stipulated by Plaintiffs and Defendants that in the event the parties seek to use at any trial the deposition testimony of any witness offering an opinion, the parties shall not raise at such deposition or trial the objection that the deposition questions asked or the answers given regarding such expert opinion do not conform to the evidentiary form typically required by the jurisdiction whose law would control the

9

case being tried. For example, if one jurisdiction requires an opinion to be expressed to a reasonable degree of certainty, the parties shall not object to an opinion given to a reasonable degree of probability.

### L. Telephonic Depositions and Participation

By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(4). Unless an objection is filed and served within ten (10) calendar days after such notice is received, Special Discovery Master Shestack shall be deemed to have granted the motion. Non-examining counsel may attend depositions telephonically but are not permitted to participate absent extenuating circumstances, such as weather delay or physical restriction on travel.

### M. Disputes During Depositions

Disputes between the parties should be addressed to this Court rather than the District Court in the District in which the deposition is being conducted.

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court-appointed Special Discovery Master, Jerome J. Shestack by telephone (215-977-2000). If the Special Discovery Master is not available, or to the extent the parties are still unable to resolve the dispute, the deposition shall continue with full reservation of rights for a ruling at the earliest possible time.

If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to the Special Discovery Master by telephone, or to present the dispute to the Special Discovery Master in writing. The Special Discovery Master will issue a prompt ruling, as his schedule permits.

In the event the Special Discovery Master is unavailable by telephone to resolve disputes arising during the course of the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute. Nothing in this Order shall deny counsel the right to 1) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); 2) file an appropriate motion with Special Discovery Master Shestack or the Court after the deposition, and appear personally before Special Master Shestack or the Court, or 3) file a motion

to prevent any decision or recommendation of the Special Discovery Master from taking effect as may be otherwise permitted.

N. **Video Depositions**

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

1. *Real-time Feed.* All video depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

2. *Video Operator.* The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3. *Attendance.* Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition.

4. *Standards.* Unless physically incapacitated, the deponent and examiner shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be videotaped against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting and field of view shall be non-obtrusive to the deponent, and will be changed only as necessary to record accurately the natural body movements of the deponent. Only the deponent and any exhibits or demonstrative aids used in the examination will be video recorded. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a Bible, medical equipment, or other props, except to the extent that the prop is used as an aide in order to demonstrate and/or explain the witness' testimony.

5. *Filing.* The operator shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court. No part of the video or audio record of a video deposition shall be released or made available to any member of the public unless authorized by the Court.

11

6. *Interruptions.* No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions.

7. *Use at Trial; Edited Tapes.* A party desiring to offer a videotape deposition at trial shall be responsible for having appropriate playback equipment and a trained operator. After the designation by all parties of the portions of a videotape to be used at trial, a copy of the tape, edited of unnecessary portions (and any portions to which objections have been sustained), shall be prepared by the offering party to facilitate continuous playback. A copy of the edited tape shall be made available to other parties at least three (3) days before it is to be used, and the unedited original of the tape shall also be available at the trial.

**O.      Correction and Signing Depositions**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition. The deposition may be signed by the deponent before any notary within thirty (30) days after the transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

**P.      Cost of Deposition**

The noticing party shall bear the initial expense of both videotaping and stenographic recording. The parties shall pay for their own copies of transcripts and videotapes of depositions.

**III.    USE OF DEPOSITIONS**

Depositions conducted in this MDL may be used in related cases in any state court to the extent permitted by that state's laws and rules. Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used by or against any party (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

1. who is a party to this litigation;
2. who was present or represented at the deposition;

   3. who was served with prior notice of the deposition or otherwise had reasonable notice thereof; or

   4. who, within thirty (30) calendar days after the transcription of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this Court in any action that is a part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

**IV.** **FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE**

Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure.

DONE and ORDERED this 11th day of November, 2008.

               BY THE COURT:

               /s/ Cynthia M. Rufe
               _____
               Hon. Cynthia M. Rufe