# EXHIBIT 13

RECEIVED

DEC 2 1 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| IN RE ACTOS (PIOGLITAZONE) PRODUCTS LIABILITY LITIGATION | MDL No. 6:11-md-2299 |
|---|---|
| This Document Applies to: All Cases | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HANNA |

## CASE MANAGEMENT ORDER:
## DISCOVERY PROTOCOL

This Court and counsel have been working on crafting the instant order for several months. The evolution of these proceedings, including changes due to the filing of a substantial number of state court actions, discovery proceedings in those matters, and the fact that a number of trials have been set around the nation, have made it advisable for this Court to delay completion, signing, and implementation of this order. However, as these proceedings have now arrived at an appropriate point for full discovery to proceed, this Court enters the current discovery protocol. Should further evolution in these proceedings require amendment of this order, this Court will entertain requests for such amendments, and issue the appropriate changes as deemed appropriate.

## I.      SCOPE OF ORDER

### A.      Order Applicable to All Cases in MDL Proceedings.

This Order shall apply to all cases currently pending in MDL No. 2299 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto as "MDL" cases (collectively, "the MDL proceedings"). This Order is binding on all parties and their counsel in all cases currently pending or subsequently made part of these

{L0219023.10}                                           1

proceedings and shall govern each case in these MDL proceedings. This Order shall apply to all discovery conducted by the Plaintiffs' Steering Committee ("PSC") on behalf of all Plaintiffs (including any committees or sub-committees specifically authorized by the PSC to conduct such discovery), as well as all discovery conducted by Defendants.

**B.      Parties.**

For the purpose of this Order, the term "Plaintiffs' Counsel" or "the PSC" shall be used to refer to the Plaintiffs' Co-Lead Counsel or their designee. The term "State Plaintiffs' Counsel" shall refer to counsel representing plaintiffs in one or more state case actions involving Actos® related product liability claims. The term "Defendants' Counsel" shall be used to refer to the Defendants' Lead Counsel or her designee in the MDL. The term "Involved Counsel" shall refer to those attorneys participating in a particular discovery pursuit who may include Plaintiffs' Counsel or their designee; State Plaintiffs' Counsel or their designee; or Defendants' Counsel or her designee.

## II.      COORDINATION WITH OTHER LITIGATIONS

**A.      Coordination to Extent Practicable.**

Plaintiffs' Counsel and Defendants' Counsel in these MDL proceedings, and all other counsel designated by the Court in prior or subsequent Case Management Orders, shall work to coordinate to the extent practicable the conduct of this litigation with other product liability actions involving Actos pending in any State Court. Such coordination is intended to conserve scarce judicial resources, eliminate duplicative discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation. To the extent that any discovery generated in the MDL proceedings were to be used in any state court proceedings by agreement, this Court's Case Management Order: Protecting the Confidentiality of Discovery Materials entered by this Court on July 30, 2012 (hereinafter "Protective Order") shall apply.

B.     **Intent to Coordinate with State Courts.**

In order to achieve the full benefits of this MDL proceeding, this Court has and will continue to encourage coordination with State Courts presiding over related cases, to the extent such State Courts so desire, up to and including issuance of any joint orders that might allow full cooperation as between and among the courts and the parties.  As the Court indicated at the initial case management conference, and has been reiterated thereafter, this Court intends to work actively to reach out to any State Court that is interested in coordinating discovery activities.  The Court expects counsel for parties in the MDL proceeding to help ensure that such coordination is achieved wherever it is practicable and desired by a given state court or courts.

III.    **WRITTEN FACT DISCOVERY**

A.     **General Written Discovery**

1.     **General Discovery Directed to Takeda Entities and Eli Lilly**

All generic (non-case-specific) discovery propounded to the Takeda Entities, Eli Lilly, and non-party witnesses by plaintiffs – including deposition notices, interrogatories, and production requests – in this MDL proceeding shall be undertaken by, or under the direction of, the PSC on behalf of all Plaintiffs with cases in these MDL proceedings.  Any discovery not limited to a specific plaintiff shall be assigned by the PSC.  The PSC shall, where practicable, and if desired by the state courts, coordinate its discovery requests with State Plaintiffs' Counsel to reduce or eliminate duplicative discovery requests.

> **Specific deadlines and time lines for discovery are found within the Scheduling Order.  Throughout the progression of the MDL litigation, the parties should refer to the most recent version of the Scheduling Order for specific deadlines.**

### 2.    Document Production by Takeda Entities and Eli Lilly

The Takeda Entities and Eli Lilly shall produce documents to the PSC for the use of Plaintiffs in these proceedings.  The format for such production shall be governed by the Case Management Order:  Protocol Relating to the Production of Electronically Stored Information as entered on July 30, 2012 (hereinafter "ESI Protocol Order") and all other Orders of this Court. By agreement of the parties and pursuant to this Court's order, the Takeda Entities began producing documents to the PSC on April 6, 2012.  The sequence in which the documents are produced need not conform to the requirements of Federal Rule of Civil Procedure 34(b) but must be produced pursuant to the Court's ESI Protocol Order, any further Order by this Court or Special Master, or agreement by the parties.  This document production to the PSC shall serve as the document production by defendants in this MDL proceeding.

### 3.    Plaintiffs' Document Repository

The PSC shall bear the cost of and administer its own document repository unless agreed otherwise by the parties and approved by this Court.  All documents produced by Defendants in this proceeding shall be produced to the PSC's designee and in the manner agreed to by the parties and approved by this Court or upon Order of this Court.

All counsel shall be responsible for assuring and shall take all reasonable and necessary steps to assure the security of any confidential information produced pursuant to the Protective Order and shall act to assure the limitation of access to confidential information to only those persons covered by the Protective Order.  In particular, if counsel for any party makes documents available *via* the Internet, such counsel shall be held responsible for assuring that all reasonable and necessary steps have been taken to ensure the Internet site is secure and may not be accessed by individuals who are not authorized to review confidential information.  Should any party

supplying confidential information suspect that sufficient security is not in place, that party may request the assistance of the Court in obtaining certification that the Internet site is secure and may only be accessed pursuant to the Protective Order entered by this Court.

    **4.**    **Additional General Discovery by Plaintiffs of Takeda Entities and Eli Lilly**

The parties are encouraged to engage in informal discovery on generic issues where possible and appropriate. The PSC also may serve Master Set(s) of Requests for Production and Master Set(s) of Interrogatories (not to exceed fifty interrogatories each, including all discrete subparts, unless good cause is shown) on the Takeda Entities collectively (*i.e.*, the PSC may not serve master discovery on each Takeda entity individually) and on Eli Lilly (collective total of 100 interrogatories).

    **B.**    <u>**Case-Specific Written Discovery**</u>

        **1.**    **Plaintiffs and Defendants**

            **a.**    <u>Plaintiff Fact Sheet, Authorizations, and Defendant Fact Sheet in All Cases</u>

As set forth in greater detail and governed by the Court's orders on plaintiff and defendant fact sheets, every plaintiff (except those asserting only consortium claims) is required to serve defendants' counsel with a Plaintiff Fact Sheet (PFS) and executed Authorizations and the Takeda Entities and Eli Lilly are required to serve (collectively) a single Defendant Fact Sheet (DFS) on plaintiffs' counsel in each case.

            **b.**    <u>Case-Specific Discovery in Designated Discovery Pool Cases</u>

The Takeda Entities and Eli Lilly collectively may serve one Set of Requests for Production (not to exceed fifty requests total), a Master Set of Interrogatories (not to exceed twenty-five interrogatories, including all discrete subparts total), and Set(s) of Requests for

Admission on each individual plaintiff included within the designated discovery pool. Plaintiffs shall serve written responses, objections, and/or documents within thirty (30) days after receipt of such discovery requests, as detailed by Federal Rules of Civil Procedure. The process for designated discovery pool selections shall be the subject of a further order of this Court.

### 2.    Case-Specific Fact Depositions in Designated Discovery Pool Cases

Case-specific discovery in any case included in the designated discovery pool will commence immediately after the cases are selected. In connection with any individual plaintiff's designated discovery pool case, the parties may take "core discovery," as described in the Scheduling Order. In the event any party seeks discovery depositions in designated discovery pool cases beyond core discovery, they may do so only with the written agreement of opposing counsel or by application to the Court for good cause.[1]

> **Specific deadlines and time lines for discovery are found within the Scheduling Order. The parties should refer to the most recent version of the Scheduling Order for specific deadlines.**

## IV.    EXPERT DISCOVERY[2]

In an effort to streamline the process by which counsel, the parties, and the Court familiarize themselves with the scientific backdrop of these proceedings, as well as to facilitate the Court's rulings on Daubert issues, an evidentiary hearing on the Daubert motions will be combined with an Experts' Roundtable.

---

[1] The limitation to core discovery in designated discovery pool cases absent agreement of counsel or leave of Court is not applicable to cases which might be selected as designated discovery cases. Additional case-specific fact depositions may be taken in cases selected for trial.

[2] Though a brief description of generic expert related discovery, the Experts' Roundtable process is included here, this Court intends to issue a separate order to provide full detail on these processes.

A.    **General Experts**

With regard to general experts, the parties will, in sequence:

- Identify experts and produce reports in accordance with deadlines and instructions contained in the Scheduling Order and other orders of this Court.

- Conduct expert depositions in accordance with the deadlines and instructions contained in the Scheduling Order and other orders of this Court.

- File and brief expert-related motions in *limine* and Daubert motions in accordance with the deadline and instruction contained in the Scheduling Order and other orders of this Court.

- Participate in an evidentiary hearing to address issues raised in the motions in *limine* or Daubert motions, which will be conducted simultaneously with an Experts' Roundtable (described below).

Following the evidentiary hearing, this Court will rule on all outstanding *limine* and Daubert motions.

B.    **Experts' Roundtable/Evidentiary Hearing**

As the evidentiary hearing is deigned to permit the parties to present evidence with regard to Daubert motions (in other words, experts' qualifications and methodology), any required evidentiary hearing will be consolidated with an Experts' Roundtable which may consist of a hearing in which both parties may present their experts' direct testimony, or a summary thereof, and qualifications to the Court or jury and the experts may be traversed as to qualifications, and cross-examined by the parties and/or the Court.   Once all experts on a given subject have presented their qualifications and testimony, or summary of their testimony, both direct and cross, the experts will retire to the jury box and might be examined by the Court.   The purpose of

the Court's examination will be to invite each expert to evaluate and respond, in real time, to his or her counterpart's testimony and opinions. It is expected and intended that this process will create an opportunity for all counsel to evaluate their own and their opponents' experts and testimony and to allow for Court guided interaction between and among the experts. However, all parties should be prepared for and aware that the Court might question a given expert while on the witness stand as to questions or issues upon which the Court must make an evidentiary or legal determination.

Upon request of the parties, the Court will consider permitting the Experts' Roundtable to be filmed, and will consider permitting the attendance of one or two shadow juries (and questioning of the jurors by the Court or participating counsel at the conclusion of the roundtable discussion). With regard to the Experts' Roundtable, the parties are encouraged to consider whether there might be other procedural mechanisms available to the Court that might assist the parties' efforts in evaluating their cases, grant additional information or insight, and move this matter toward resolution. The parties are welcome to submit any such suggestions to this Court through the Special Masters.

### C.   Case-Specific Experts in Designated Cases

Specific deadlines and timelines for discovery related to case-specific experts in designated cases are found within the Scheduling Order, the parties should refer to the most recent order, which shall govern with regard to specific deadlines.

## V.   DEPOSITION PROCEDURES

### A.   Scope of Section.

This section shall apply to the notices of depositions of any witnesses currently or formerly affiliated with the Takeda and Eli Lilly Entities (Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A., Inc., formerly known as Takeda Pharmaceuticals

North America, Inc., Takeda Pharmaceuticals America, Inc., Takeda Global Research & Development Center, Inc., Takeda California, Inc., formerly known as Takeda San Diego, Inc., Takeda Pharmaceuticals International, Inc., Eli Lilly & Company, and any of their respective parent companies, subsidiaries, and affiliates).  Notices of the depositions of expert witnesses or case-specific fact witnesses relating to individual Plaintiffs (*e.g.*, health care providers, individual Plaintiffs, Takeda and Eli Lilly sales representatives, or other case-specific witnesses) may be the subject of a further order of this Court.

### B. <u>Coordination.</u>

The parties are reminded that deposition discovery in the context of MDL proceedings can be extraordinarily complex, demanding, and expensive.  The process of scheduling and taking depositions, when such large numbers of cases and attorneys are involved, requires a large degree of coordination, cooperation, and effort.  Counsel are expected, throughout this process, to meet and confer and to strive to reach agreement between and among all involved parties where possible.  Where the conclusion is reached, mutually, that agreement is not possible despite good faith negotiations, the parties are encouraged to timely contact the Court, through the Special Masters, to seek informal guidance and assistance and a determination as to whether or not it will be necessary to conduct a formal process for resolution of the dispute.

This Court has established a weekly discovery telephone status conference to be held with the Special Masters in order to facilitate prompt, efficient, and effective discovery.

Except where otherwise specifically noted, this order applies to depositions noticed in these MDL proceedings ("MDL depositions") and is not intended to limit, or apply to, depositions taken in Actos®-related state court actions ("State Court depositions"), except to the extent that the parties (or one or more State Court(s)) agree(s) that such State Court depositions

will be bound by this Order or an agreement among all parties which has been approved by this Court.

### C.   Avoidance of Duplicative Depositions.

The parties shall avoid duplication of discovery effort where possible, and the PSC shall open a line of communication with State Plaintiffs' Counsel for the purpose of reaching this goal. The parties are encouraged to coordinate deposition discovery with State Plaintiffs' Counsel to the maximum extent possible so as to minimize the risk that any witness is unnecessarily deposed on the same subject multiple times.

Defendants' Counsel shall advise the PSC of all depositions that previously have been taken in State Court Actos-related actions, as of the date of entry of this order, and shall provide the transcripts of such depositions to the PSC.  To the extent permitted by, and consistent with, federal law and procedure, those deposition transcripts may be requested to be used as if taken in these proceedings subject to any party's right to object.

### D.   Federal Rules of Civil Procedure.

With the entry of this order lifting the discovery stay for all purposes, all discovery, including depositions of Non-Takeda Fact Witnesses and Experts, are now permitted.  Any and all such depositions shall be taken in accordance with the rules set forth in the Federal Rules of Civil Procedure, except as delineated in this Order.  In any circumstance where either the PSC or the Defense feels that good cause exists for creating additional exceptions to these rules, they should meet and confer in an attempt to reach an agreement on such an exception.  Failing such an agreement, the PSC and the Defense may request such an exception by contacting the Special Masters, who will convey the request to this Court.

**E.    Notices.**

Coordination

Cross-Noticing of Future Depositions.  In those instances where the depositions of fact witnesses are noticed in these proceedings and cross-noticed in any related State Court actions, or *vice versa*, it is this Court's intention that such cross-notices shall be encouraged, to the extent possible, in order to avoid such witnesses being deposed more than once.  Any deposition taken in any State Court action of such witnesses may be cross-noticed in this MDL by agreement of Plaintiffs' Counsel and Defendants' Counsel and thereafter, may be used in these proceedings, as permitted by federal law, or by agreement of Involved Counsel.  Without such agreement, the notice is subject to motion to quash and subject to strike.  Once a deposition has been noticed and taken in the MDL proceedings, then the Plaintiffs in the MDL proceedings may not take a subsequent deposition of that witness in the MDL proceeding, except for good cause shown as determined by this Court and contemplated by the Federal Rules of Civil Procedure or upon consent of Plaintiffs' Counsel and Defendants' Counsel.  In such instances, the subsequent deposition shall be restricted to such additional inquiry permitted by the Court or agreed upon by the Plaintiffs' Counsel and Defendants' Counsel.

**F.    Length and Scope**

This Court establishes the following criteria to govern the length and scope of deposition within the MDL proceeding which shall govern in lieu of the Federal Rules of Civil Procedure as to length and scope.

Depositions scheduled after issuance of this Order shall be in accordance with the following protocol:

1.      If there is no coordination with the state court litigants for a deposition originating from the state courts, any depositions noticed within the MDL by plaintiffs shall be governed by the Federal Rules of Civil Procedure and its length and scope requirements. (7 hours)

2.      If there is coordination and agreement by the MDL plaintiffs with state court litigants within a deposition either noticed or originated in the state court, any depositions scheduled by the MDL plaintiffs in the MDL case thereafter shall be 12 hours and limited to new documents, obtained 30 days (or later), preceding the deposition date, new subjects, and follow up lines of inquiry.  Counsel are cautioned Federal Rule of Civil Procedure 30 remains applicable to viable objections.

Participation by MDL plaintiffs in a deposition originating in the state court does not preclude the scheduling of a supplemental deposition within the MDL, however, said depositions shall be conducted pursuant to the Order of this Court.

Additionally, participation in deposition discovery as delineated within this Order does not preclude the taking of a trial deposition for those cases which might be remanded to the transferor court.

Questioning by Takeda and Eli Lilly, and off the record time, shall not count against any applicable limits.  Sufficient time shall be reserved for all counsel designated pursuant to Paragraph VI.B.4.a of this Order to conduct examinations; no designated counsel shall be denied arbitrarily the opportunity to examine.  Counsel designated pursuant to Paragraph VI.B.4.a of this Order need not cross-notice any deposition to be entitled to examination time.

Consequently, Involved Counsel shall coordinate when taking depositions in order to honor any applicable limitations.

G.      **Scheduling.**

1.      **Number of Depositions.**

No more than eight (8) depositions of common fact witnesses currently or formerly employed by any of the Takeda and Eli Lilly Entities shall be taken per month, absent agreement of the Parties or order of the Court.  Such limitation shall include any depositions conducted pursuant to Federal Rule of Civil Procedure 30(b)(6).  Depositions, commonly referred to as "30(b)(6) depositions," which seek to obtain information regarding general matters such as corporate structure, personnel in relevant departments, discoverable data bases and/or who might be discoverable witnesses and/or where and how discoverable information is located and maintained, may be noticed at any time following entry of this order.

2.      **Parties to Meet and Confer on Scheduling.**

Absent extraordinary circumstances, Involved Counsel shall consult in advance with proposed deponents in an effort to schedule depositions at mutually convenient times and places.  Notices of depositions to be conducted pursuant to Federal Rule of Civil Procedure 30(b)(6) may be served as of the entry of this Order.  Involved Counsel shall work cooperatively to ensure a fair and orderly process for the scheduling of depositions.

3.      **Deposition Notices Must Be Served At Least Twenty-One Days in Advance.**

Plaintiffs' Counsel shall notice depositions of witnesses currently or formerly affiliated with the Takeda and Eli Lilly Entities as soon as practicable after the Parties agree to dates and locations for the depositions, but in no event shall a notice be issued less than twenty-one days before the deposition is set to occur, except upon written agreement of all Involved

Counsel or order of this Court.  Plaintiffs' Counsel may notice and serve such depositions via e-mail.

    **4.**    **Postponements**.

      Once a deposition has been mutually scheduled by the Parties, it shall not be taken off the calendar, rescheduled, or relocated less than three calendar days in advance of the date it is scheduled to occur, except upon agreement among the examiner designated by the party noticing the deposition and Lead Counsel for the opposing party and counsel for the witness, or by leave of Court for good cause shown.

    **H.**    **Attendance at Depositions.**

    **1.**    **Who May Attend.**  Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the parties' counsel, the deponent, the deponent's attorney, in-house counsel for the parties, court reporters, videographers, and essential members and/or employees from the law firms of counsel of record.  Unnecessary attendance in person or by telephone by non-examining counsel is discouraged and the presumption will operate that such attendance may not be compensated in any common benefit fee application to the Court without good cause shown to the Court prior to such duplicative attendance.  Any such request shall be submitted to the Court (through Deputy Special Master DeJean) in a manner and in sufficient time to allow the Court reasonable opportunity to respond, but in no case shall a request be made later than 15 days prior to the scheduled start of the deposition.

    **2.**    **Notice of Intent to Attend a Deposition.**  In order for Defendants' Lead Counsel to make arrangements for adequate deposition space and to notify building security, all counsel who intend to attend the deposition of a witness currently or formerly affiliated with the Takeda and Eli Lilly Entities shall advise Plaintiffs' Co-Lead Counsel no fewer than three

business days prior to the deposition.   Counsel shall promptly pass this information along to Defendants' Lead Counsel.

I.   **Treatment of Confidential Documents or Testimony.**   While a deponent is being examined about any document that is confidential because (i) the parties have so agreed, (ii) a party has designated the document to be confidential pursuant to the

Protective Order associated with this litigation, or (iii) the Court has so ordered, attendance at that portion of the deposition by persons to whom disclosure is not authorized by agreement of the parties or by order of the Court shall be prohibited.   Any portion of the deposition transcript containing confidential information shall be sealed pursuant to this Court's Protective Order.   Sealed portions of deposition transcripts may be opened, read, and utilized for only those purposes permitted by the terms of this Court's Protective Order, or, if applicable and appropriate, also any protective order entered in a State Court action where the transcript is being used.

J.   **Examiners.**

1.   **Designation of Examiners for Plaintiffs.**

The PSC may designate no more than one attorney to examine a deponent.   State Plaintiffs' Counsel, if participating in an MDL-noticed deposition, whether by agreement of all relevant parties or by Order of this Court, may designate only one examiner from each State in which any litigation might be pending, however, examination should not be duplicative.   The PSC, shall meet and confer with the State Plaintiffs' Counsel, if participating, with respect to such designations and coordination as to the applicable limitations, where possible.

### 2.    Notice of Examiners.

At least three business days prior to the deposition, Plaintiffs' Counsel shall notify Defendants' Counsel of the PSC plaintiffs' examiner(s) designated pursuant to ¶ VI.B.4.a.  If unforeseen circumstances require a change of an examiner(s) after such notification, Plaintiffs' Counsel must notify Defendants' Counsel of the change immediately upon learning of the necessity for the change.  Such a change alone shall not be cause for postponing the deposition.

### 3.    Sharing of Time.

The examining attorneys designated by the PSC and the State Plaintiffs' Counsel, if any, shall meet and confer for the purpose of determining how time shall be shared, the order of questioning, and responsibility for objections; it is anticipated multiple objections on a given point or question by multiple plaintiffs' attorneys will be discouraged.  Such coordination is intended to ensure all designated counsel have an appropriate amount of time to protect their clients' interests.  If agreement cannot be reached, counsel are to notify the Court, through the Special Masters, for assistance in setting the terms of any particular deposition no later than five (5) days before commencement of the deposition.

### 4.    Coordination of Examination Issues

The Plaintiffs' attorney designated to conduct the examination by the PSC and the State Plaintiffs' Counsel, if any, shall coordinate, where practicable, with each other so as to conduct as thorough and non-duplicative an examination as is possible.  Any Plaintiffs' Counsel in any related federal or state action who is not so designated may suggest matters for inquiry in any deposition noticed in these actions by providing to the PSC, or the State Plaintiffs' Counsel, if any, or their designee, a written list and brief explanation of such matters.  The examiner designated by the State Plaintiffs' Counsel, if any, may cover the same *topics or issues* covered

by the examiner designated by the PSC, and *vice versa*, but the later examining counsel may not ask duplicative questions unless agreed to by all Involved Counsel or by order of this Court.

### 5.   Use of Depositions in MDL and State Court Proceedings.

Any examination conducted by any examiner may be used in the MDL proceedings, consistent with the law, Federal Rules of Civil Procedure and Evidence, agreement of all Involved Counsel, and order or order(s) of this Court.

### K.   <u>Sequence of Examination.</u>

In the absence of any alternative agreement by Involved Counsel, questioning at the depositions will be conducted in the following sequence for depositions noticed by the PSC in the MDL: (i) the examiners designated by the PSC and by the State Plaintiffs' Counsel, if any, in the order to which they agree in advance of the deposition ; (ii) counsel for the Takeda and Eli Lilly Entities; (iii) individual counsel for the deponent, if any; and (iv) any re-cross and/or redirect by such counsel, in the same order.

Questioning at the depositions will be conducted in the following sequence for depositions noticed by Defendants' Counsel: (i) counsel for the Takeda and Eli Lilly Entities; (ii) the examiners designated by the PSC and by the State Plaintiffs' Counsel, if any, in the order to which they agree in advance of the deposition; (iii) individual counsel for the deponent, if any; and (iv) any re-cross and/or redirect by such counsel, in the same order.

### L.   <u>Objections.</u>

### 1.   How Objections Made.

Objections shall be made only by counsel designated pursuant to Paragraph VI.B.4.a of this Order, plus individual counsel for the deponent (if any), and shall be made by stating, "Objection" and the legal basis for the objection (limited to the legal bases described below) in a

concise manner.  For the purposes of this Court, an objection by designated counsel shall be deemed to apply to all non-designated counsel for purposes of the deposition and future use of the deposition.

### 2.      Bases for Objections.

No objection shall be made during the taking of a deposition except to assert the following grounds, as reflected in the Federal Rules of Evidence: (i) the form of a question including leading; (ii) responsiveness of the answer, (iii) a privilege; (iv) a right to confidentiality; (v) a limitation imposed pursuant to a previously entered court order; or (vi) a question is argumentative, harassing or abusive including "asked and answered."  In connection with an objection to the form of the question, the examiner may inquire as to the grounds for the objection in order to allow the amendment of the question.

### 3.      Objections Preserved.

All objections, except as to (i) the form of the question including leading, (ii) the responsiveness of an answer, or (iii) the assertion of a privilege shall be preserved for later ruling by the applicable court(s) in which the deposition testimony is offered and may be asserted in connection with the proffer of the deposition testimony at trial.  Objections as to the admissibility of documents introduced during a deposition are not waived by failure to raise the objection during the deposition, but rather are preserved for later ruling upon timely assertion of the objection by this Court, or by the applicable trial judge.

### M.      **Consultation with Witness.**

A witness may consult with his or her counsel or counsel for either party during a deposition.  When a question is pending, the witness must first answer the question before consulting with any counsel, except that the witness and counsel may consult at any time for the

purpose of determining whether a privilege exists or whether the information sought is subject to an applicable protective order.

### N.   Videotaped Depositions.

#### 1.   Right to Videotape Depositions.

Any party shall have the right to request that the deposition of any party or witness be recorded on videotape and such written request shall be provided with the deposition notice. Where the party wishing to videotape did not notice the deposition, a request for video tape recording shall be submitted to the PSC, no later than ten (10) days before the date on which the deposition is scheduled to occur.   All videotaped depositions shall be accompanied by a simultaneous audio tape and stenographic transcript.

#### 2.   Videography Technicians.

The party giving notice that the deposition will be videotaped shall assure that all video technicians who record the deposition possess the skills, experience, and equipment necessary to understand and comply with this Order and any further Order relating to the equipment and techniques to be used.   Counsel for that party shall provide a copy of this Order and any other applicable orders to the video technicians no later than five (5) days prior to the deposition.

#### 3.   Video Operator's Services Must Be Offered Equally.

Services and products offered or provided by the video operator or the entity providing the services of the video operator to any party or to any party's attorney or non-party who is financing all or part of the deposition shall be offered or provided to all parties or their attorneys attending the deposition in the same manner as offered to the party financing all or part of the deposition.   No service or product may be offered or provided by the video operator or by the entity providing the services of the video operator to any party or any party's attorney or

nonparty who is financing all or part of the deposition unless the service or product is offered or provided to all parties or their attorneys attending the deposition in the same manner and fashion. All services and products offered or provided shall be made available at the same time and on the same terms to all parties or their attorneys.

### 4. Video Operator.

The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c).  At the start of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

### 5. Video Operator Shall Not Comment on Demeanor.

The video operator and the organization providing the video and audio services shall not provide to any party or any other person or entity any service or product consisting of their notations or comments regarding the demeanor of any witness, attorney, or party present at the deposition.  The video operator and the organization providing the video and audio services shall not collect any personal identifying information about the witness as a service or product to be provided to any party or non-party in any way whatsoever.

### 6. No Distortion.

The camera operators shall not distort the appearance or the demeanor of participants in the deposition by the use of camera or sound recording techniques, or by zooming in or out, or manipulation of the sound or picture in any manner whatsoever.

### 7. Confidentiality.

Videographer and Court Reporter shall be bound by the Protective Order or any other order issued by this Court.  Any party obtaining copies of exhibits or copies of the transcript or videotaped depositions must sign a written acknowledgement of the application of any Protective

Order that might apply to material within that deposition. It is anticipated this acknowledgement will mirror the verbal affirmation given by all present at the deposition. No person shall sell or provide any copy of any discovery to anyone without receiving express written permission of Plaintiffs' Counsel and Defendants' Counsel.

**8. Attendance.**

Each witness, attorney, and other person attending the deposition shall be identified on camera at the commencement of the deposition. Thereafter, absent further order of the Court, only the deponent (and any demonstrative materials and exhibits used during the deposition, which may be taped via split screen) will be videotaped.

**9. Oath and Identification of Attendees.**

The oath shall be administered to the deponent on camera and on the audio recording and all individuals, including the videographer and Court Reporter, shall affirmatively acknowledge the application of any protective order that might apply.

**10. Standards.**

The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at a trial. Unless physically incapacitated, the deponent shall be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is required. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as might be necessary in order to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will

be altered only as necessary to record satisfactorily the voices of counsel and the deponent. Eating and smoking by deponents or attendees during the deposition will not be permitted.

**11.     Interruptions.**

Videotape recording will be suspended during all "off the record" discussions and shall note such suspension.

**12.     Conclusion of Deposition.**

At the conclusion of a deposition, a statement shall be made on camera or on the audio recording that the deposition is ended where and when agreed to by the parties and shall set forth any stipulations made by counsel concerning the custody of the audio or video recording, the transcript, and the exhibits, as well as any other pertinent matters, in particular addressing any material subject to a protective order or privilege.

**13.     Preservation of Original Media.**

The video operator shall preserve custody of the original video medium in its original condition until further order of the Court.  No part of the video or audio record of a video deposition shall be edited in any fashion, or released or made available to any member of the public unless authorized by the Court or pursuant to the terms of the Protective Order or other Order of this Court.

**14.     Index.**

The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, objections are made and examination resumes, and at which exhibits are identified, as well as

any interruption of continuous tape recording, whether for recesses, "off the record" discussions, mechanical failure, or otherwise.

### 15.     Use of Depositions at Trial.

Prior to any trial, Plaintiffs' Counsel and Defendants' Counsel shall meet and confer with respect to the use of any videotaped deposition testimony or deposition exhibits (including exhibits displayed through trial software such as Trial Director, Summation, or Concordance). The procedures for and manner of display of any such testimony or exhibits to the jury at trial shall be the subject of a further order by this Court or the applicable trial court.

### O.     Use of Exhibits.

### 1.     Paper Copies of Exhibits at Deposition.

Extra paper copies of documents about which counsel plan to examine the deponent shall be provided to counsel for the deponent and counsel for the other party participants reasonably expected to attend, during the course of the deposition if not before.  To the extent possible, all exhibits shall have printed bates numbers affixed, which shall remain constant throughout the litigation.

### 2.     Marking of Deposition Exhibits.

All exhibits will be marked for identification by using the deponent's last name and a sequential number beginning with 1 (*e.g.*, Smith-1 and by reference to the Bates number of the first page of the exhibit being referenced).  If a document is used in more than one deposition, it must be marked in each deposition in the manner noted with the original and consistent Bates stamp number; it is anticipated the Bates number shall remain constant throughout the litigation. All documents marked as exhibits will be attached to the original transcript and will be retained

with the original transcript.  Copies of exhibits may be attached to copies of the transcript where the party ordering the transcript pays for the costs of copying those exhibits.

### 3.      Exhibits without Bates Stamps.

Deposition exhibits that have not been previously produced in the litigation or previously assigned a bates stamp number, shall be assigned a bates stamp number from a range of numbers reserved for this purpose.   The first time such a document is referenced as an exhibit at a deposition, it shall be marked with the assigned bates stamp number and shall be placed in the depository at the conclusion of the deposition and shall retain that bates stamp number throughout the litigation.  Bates stamp numbers shall not be duplicated.

### P.      Time to Review Transcript.

Each deponent has the right to read and sign the deposition transcript within forty-five days after receipt of the transcript from the court reporter.   This time period shall not be extended, absent good cause shown.  Should the deponent fail to sign the transcript within forty-five days, all parties have the right to use a copy of the transcript in the manner provided by this Court as though the copy were the original transcript.  Should the deponent fail to sign the errata sheet within forty-five days, the transcript will be deemed to have been read and approved by the deponent.   In the event the original transcript is unsigned, lost, or inadvertently destroyed, a certified copy reflecting any changes made to the original transcript may be used in place of the original.

## VI.    MODIFICATION

This Order is subject to modification by agreement of the Plaintiffs' Counsel and Defendants' Counsel parties, subject to Court approval, or by further order of this Court.

## VII.    DISCOVERY STAY

Upon entry of this Order the Discovery Stay in these MDL proceedings is lifted for all

purposes, allowing for discovery consistent with this and future orders.

THUS   DONE   AND   SIGNED   in   Lafayette,   Louisiana,   this   21st   day   of

December, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE