# EXHIBIT 14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
IN RE:

MIRENA IUD PRODUCTS LIABILITY LITIGATION

*This Document Relates To All Actions*

------------------------------------------------------------------------x

ORDER No. 12
**(Deposition Protocol)**

13-MD-2434 (CS)
13-MC-2434 (CS)

Seibel, J.

The parties have agreed upon the following Order governing the taking of depositions.

1. This Order applies to all depositions taken in cases pending in MDL No. 2434, which shall be noticed and conducted pursuant to the Federal Rules of Civil Procedure and this Order.

2. This Order in its entirety shall be attached to any non-party subpoena or deposition notice.

3. "Defendant" in the context of this document shall be defined pursuant to the Agreed Order Regarding Proper Party-Defendant entered on July 17, 2013 (No. 13-MD-2434, Doc. 225; No. 13-MC-2434, Doc. 22) and any future amendments thereto.

4. Although this Order governs all depositions noticed or cross-noticed in this multidistrict litigation ("MDL,") the parties may stipulate to different arrangements. If one party believes that a particular deposition requires an exception from this protocol but the other party does not agree, the party seeking an exception may submit to the Court, by fax or email, a letter of not more than 3 single-spaced pages, setting forth its position and the parties' efforts to resolve the dispute. The other party may then submit a responding letter of no more than 3 single-spaced pages within 3 business days. If the Court permits a reply, it shall not exceed 2 single-spaced pages and should be submitted within 2 business days of the responding letter.

1

**I.     Deposition Notices, Scheduling and Logistics**

5. Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis. Before issuing a deposition notice, counsel shall consult in advance with opposing counsel in an effort to schedule depositions at mutually convenient times and locations.

6. Each deposition notice shall include the name, address, and telephone number of an attorney point of contact designated by the party noticing the deposition, as well as the date, time and place of the deposition.

7. Deposition notices shall state the method(s) of recording, including whether the deposition is to be videotaped.

8. The notice for the deposition of a corporate representative under Fed. R. Civ. P. 30(b)(6) ("Rule 30(b)(6) deposition") shall describe with reasonable specificity the matters for examination. Plaintiffs will not notice Rule 30(b)(6) depositions other than those related to company organization until the parties agree to a protocol to govern those additional 30(b)(6) depositions or, if the parties are unable to reach agreement regarding such an additional protocol, the Court's resolution of what protocol, if any, shall govern such additional depositions.

9. Unless otherwise agreed, depositions of Plaintiffs or Defendant's current or former employees will take place within a reasonable distance from the city where the witness resides. Plaintiffs' counsel shall presumptively provide the location for Plaintiffs' depositions and Defendant shall provide the location for the deposition of its current employees and any former employees represented by the same counsel as Defendant.

10. In order for counsel to make arrangements for adequate deposition space, whenever feasible, counsel for each party shall advise the opposing party of the names of persons who intend to attend a deposition at least three (3) business days prior to the deposition.

11. Each witness, attorney, and any other person attending a deposition shall be

identified on the record at the commencement of the deposition.

## II. Court Reporters and Transcripts

12. The parties have agreed to use Golkow Technologies for all depositions taken in the litigation, both for the stenographic reporting and videotaping of depositions.

13. The party who notices the deposition shall arrange for and pay the costs of the court reporter and videographer (if any).

14. Each side shall bear its own costs in securing copies of the deposition transcript and exhibits, videotape, or DVD from the court reporter.

## III. Translators

15. Each witness whose native language is not English shall have the right to testify in a language other than English. Where a witness indicates his or her intention to respond to questions in a language other than English, neutral translators will be employed to interpret and translate between the foreign language and English. The official translators shall be agreed by the parties. Three translators shall be employed to allow for rotation of the translators. If the witness elects to testify in English rather than in his or her native tongue, the presenting party shall have the right to have a neutral translator present to assist if necessary.

16. Each translator will swear under oath or affirm prior to each deposition to provide honest and truthful translations. A monitor displaying "real time" transcription will be placed in front of the translator to assist in the translation.

17. Counsel presenting the deponent will notify Lead Counsel for the deposing party at least ten (10) days in after notice of the deposition of any witness whose examination will require the involvement of a translator. Counsel for third-party witnesses will notify counsel for the party who noticed the deposition at least ten (10) days in advance of the deposition that the examination will require the involvement of a translator.

3

18. The parties will split the costs of the translators.

## IV. Coordination Between the MDL and Other Federal and State Proceedings

19. In order to avoid duplicative discovery and to prevent the unnecessary expenditure of judicial resources and the resources of the parties, steps should be taken to encourage counsel in related federal and state court proceedings to coordinate their depositions with MDL depositions. Bayer reserves the right to cross-notice any deposition.

20. Unless otherwise agreed by the parties, there shall be a presumption that Lead Counsel or counsel on the Plaintiffs' Steering Committee ("PSC") of this MDL, or any lawyers within Lead Counsel's or the PSC members' law firms, may appear and ask questions at only one deposition of an employee or former employee of Defendant. A party may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown as determined by the Court (see Paragraph 26). Any subsequent deposition shall be restricted to such additional inquiry stipulated to by the parties or as permitted by the Court. This limitation applies regardless of where the deposition was originally noticed. Nothing in this paragraph will prevent a subsequent deposition of a witness identified as a 30(b)(6) corporate witness after his or her individual deposition, although the parties should use their best efforts, where feasible, to accomplish both depositions at the same time.

21. Where a deposition has been cross-noticed, Lead Counsel shall coordinate with Plaintiffs' leadership in New Jersey Consolidated Proceeding BER-L-4098-13 and with counsel in other jurisdictions where that counsel is a lawyer within Lead Counsel's or the PSC members' law firm, regarding the division of deposition time among counsel. Lead Counsel shall also endeavor to coordinate with attorneys from other jurisdictions to the extent they deem practicable – for example, by making email inquiry as to how many lawyers expect to question the witness and at what length. Any number of counsel for the PSC may question the witness

but regardless of which counsel conducts the initial examination of the deponent, subsequent questioning shall not be redundant or repetitive, although clarification of prior testimony may be sought if reasonably calculated to elicit testimony that adds to the substance of or clarify the prior testimony. Counsel for the witness may not instruct the witness not to answer on the basis of this paragraph but may object and seek relief from the Court if counsel for the PSC are unreasonably redundant or repetitive.

22. Nothing in this provision shall be construed as an injunctive or equitable order affecting state court proceedings. Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination. However, all counsel with cases in this MDL shall adhere to the guidelines articulated in this Order in all depositions regardless of whether originally noticed in one of the cases in the MDL proceeding or in a state court action.

**V.** **Number of Depositions of Current and Former Employees of Defendant**

23. If Defendant objects to any noticed deposition of one of its current or former employees on the ground that the deposition would be cumulative or duplicative by subject matter of a deposition that has already been taken, the parties shall confer in good faith concerning such dispute and, if unable to resolve their disagreement, shall present it to Magistrate Judge Smith for resolution.

**VI.** **Conduct During and Length of Depositions**

24. Counsel are expected to cooperate with, and be courteous to, each other and deponents.

25. Unless otherwise agreed by the parties or upon Order of this Court, there will be a presumption of a two-day limit for corporate witnesses. Defendant may apply to the Court beforehand for a shorter time limit on a particular witness. Likewise, Plaintiffs may apply for more time if Plaintiffs believe that two days will not be sufficient. In addition, if Defendant feels

the second or third day was not warranted, Defendant may apply to the Court for appropriate relief.

26. Presumptively each witness shall be deposed once in his or her individual capacity. A witness may be deposed more than once upon agreement of the parties or upon order of this Court for good cause shown. Good cause shown may include deposing the witness in another capacity or deposing the witness regarding significant documents produced after the witness's deposition. Duplication of questioning shall be avoided. Similarly, grounds for exempting counsel in the MDL from participating in a cross-noticed deposition could include unavailability of primary counsel or insufficient preparation time.

27. Counsel for the party presenting the deponent shall have the opportunity to examine the witness at the conclusion of the opposing party's examination so long as the subject matter of this direct examination is within the scope of the original examination. Counsel for the party noticing the deposition may ask questions on re-cross, limited to the subject raised in questions by counsel for the presenting party on direct examination and for a reasonable period of time, not to exceed the time taken for questioning by the party presenting the witness.

28. The party who notices a third-party deposition shall question the witness first in the deposition. With respect to treating physicians (for example, the physician who inserted the plaintiff's Mirena), the Plaintiff will question the witness first if the case number (as docketed in this Court) ends in an odd number, and the Defendant will question the witness first if the case number (as docketed in this Court) ends in an even number, no matter which party noticed the deposition.

29. Objections must be limited to (1) those permitted by the Federal Rules of Civil Procedure; and (2) those necessary to assert a privilege, enforce a limitation on evidence directed

6

by the Court, or present a motion. In the event a privilege is claimed, examining counsel may make appropriate inquiry about the basis for asserting privilege. Speaking objections that refer to the facts of the case or suggest an answer to the deponent are improper and must not be made in the presence of the deponent. Counsel may ask for clarification of the question before the witness answers.

## VII. Disputes During Depositions

30. If a dispute arises during a deposition noticed and/or cross-noticed in MDL No. 2434 and New Jersey Consolidated Proceeding BER-L-4098-13, the moving party shall submit the dispute to either Judge Smith (or, if Judge Smith is unavailable, the undersigned) or Judge Martinotti, depending on whether the attorney questioning the witness at the time the dispute arises is appearing on behalf of the MDL or New Jersey. In the event that the appropriate judicial official is not available, the deposition shall continue with full reservation of rights of the interrogation for a ruling at the earliest possible time.

## VIII. Documents

31. Deposing counsel should provide extra copies of deposition exhibits to examining opposing counsel at the deposition for whom timely notice of attendance was provided. Deponents and their counsel should be shown a copy of a document at the deposition before being examined about it.

## IX. Use of Depositions

32. Depositions of employees and former employees of Defendant taken in this MDL proceeding may be used by or against any party regardless of when the party was added to the MDL docket, including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation. A party may request relief from the provisions of this paragraph by filing a motion and having the Court find good cause for

relief. Such motion must be filed within sixty (60) calendar days after becoming a party in this MDL proceeding.

33. Depositions may be used in any Mirena-related action in state court to the extent permitted by that state's law and rules.

**SO ORDERED.**

Dated: December 11, 2013
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.