# EXHIBIT 15

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: LEVAQUIN PRODUCTS LIABILITY LITIGATION | MDL No. 08-1943 (JRT) |
| ———————————————— | |
| This Document Relates to All Actions | **PRETRIAL ORDER #2 ON** |
| | **FACT DEPOSITION DISCOVERY** |

The Court finds that the parties have met and conferred with regard to an Order addressing fact deposition discovery. This discovery order does not address depositions of the parties' experts which, absent agreement or further order of the Court, are not to begin until the completion of fact discovery. The parties having stipulated thereto, the Court orders that:

**FACT DEPOSITION DISCOVERY OF DEFENDANTS, PLAINTIFFS AND NON-PARTY WITNESSES**

A.   **Governing Law:**  Fact discovery depositions of Defendants, Plaintiffs and non-party witnesses shall be governed by applicable Federal Rules of Civil Procedures and Local Rules except as otherwise provided herein or in any other Pretrial Order. Fact discovery has already begun in various proceedings. This Court has taken into consideration the present status and progress of discovery in fashioning a discovery schedule that will aid in fostering state and federal court coordination of these cases, and completing the tasks undertaken in this MDL with reasonable dispatch in keeping with the needs and expectations of litigants.

B. **Fact Discovery Protocol :** This order applies to fact deposition discovery of all Defendants, Plaintiffs and non-party witnesses, including prescribing and primary treating physicians, but not to expert witnesses.

1. **Deposition Notices**. In addition to the information required by applicable Rule, each deposition notice shall state whether the deposition is to be videotaped and, if so, the name, firm and address of the videotape recorders.

2. **Telephone Depositions.** By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30 (b) (7). Unless an objection is filed and served within ten calendar days after such notice is received, the court shall be deemed to have granted the motion. All persons present with the deponent shall be identified in the deposition and shall not by word, sign or otherwise coach or suggest answers to the deponent.

3. **Cross-Notices Between State Court Cases and These Proceedings.** In order to avoid duplicative discovery and to prevent the unnecessary expenditure of judicial resources and the resources of the parties, steps should be taken to encourage counsel in related state court proceedings to coordinate their depositions with MDL depositions. Defendants' Liaison Counsel shall provide Plaintiffs' Liaison Counsel and plaintiffs' known state counsel with at least ten (10) days notice of any cross-notice in these proceedings by defendants of a deposition originally noticed in a state court. In the event any state court counsel participates in a joint deposition,

questioning by state court counsel will not be counted against the time permitted for questioning pursuant to this MDL proceeding as described below.  Nothing in this provision shall be construed as an injunctive or equitable order affecting state court proceedings.  Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

**4.     Cooperation.**    Counsel is expected to cooperate with, and be courteous to, each other and deponents during the course of any deposition. Counsel shall refrain from engaging in colloquy during depositions. Counsel shall recess from time to time during the deposition for meals and to permit periods of rest or refreshment reasonably required by the deponent, stenographers, and/or counsel conducting or defending the deposition.

**5.     Attendance.**

**(a)     Who May Be Present.**  Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographer, deponent and counsel for the deponent.  Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence.  While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Protective Order shall be excluded.

**(b)     Unnecessary Attendance.**  Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court.  Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend.

**(c)     Notice of Intent to Attend a Deposition.**  In order for counsel to make arrangements for adequate deposition space, counsel who intend to attend a deposition should advise Liaison Counsel for the noticed party or non-party not fewer than three business days prior to the deposition, whenever feasible. Each party shall identify to the other parties those individuals who intend to question the witness. Such notice shall be provided twenty days prior to the scheduled date of the deposition. Any party wishing to change it designation must do so not later than five days prior to the scheduled deposition.

**6.     Conduct.**

**(a)     Examination.**  Questioning should ordinarily be by no more than two attorneys for all Plaintiffs in MDL No. 1943, designated by Plaintiffs' Co-Lead Counsel, and one attorney for each Defendant.  Counsel for Plaintiffs who have individual or divergent positions, which cannot be resolved by good faith negotiations with Plaintiffs' Co-Lead Counsel, may examine a deponent limited to matter not previously covered.  Once the witness has answered a question, the same or substantially the same questions shall not be asked again.

- 4 -

**(b)** **Scheduling**.  Depositions should ordinarily be noticed 30 calendar days in advance of the date on which the deposition is to take place.  Counsel shall use their best efforts to cooperate in scheduling depositions at mutually convenient times and places.

**(c)** **Location.**  The location of the deposition shall be as consistent as possible within each city, so that videotape equipment, if being used, can be left in place.

**(d)** **Postponements.**  Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than 5 calendar days in advance of the date it is scheduled to occur, except upon agreement between the primary examiner designated by the party noticing the deposition and the attorney representing the witness, or by leave of Court for good cause.

**7.** **Documents**

**(a)** **Production of Documents.**  Witnesses subpoenaed to produce documents should ordinarily be served at least 30 calendar days before the scheduled deposition.

**(b)** **Protective Order.**  A copy of the Protective Order shall be provided to the deponent before the deposition commences if the deponent is to produce or may be asked about documents that may contain confidential information.

**(c)** **Copies**.  Extra copies of documents about which deposing counsel expects to examine a deponent should ordinarily be provided to opposing counsel and the deponent at the deposition.  Deponents and their counsel should be shown a copy of the

document at the deposition before being examined about it, except when counsel seek to impeach or test the deponents recollection.

**8.     Videotaped Depositions**.  By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape pursuant to Fed. R. Civ. P. 30(b)(2) and (3) subject to the following rules:

**(a)     Real-time Feed**.  All videotaped depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

**(b)     Video Operator**.  The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P.28(c).  At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

**(c)     Attendance**.  Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition. Only the deponent (and demonstrative materials or other exhibits used during the deposition) will be videotaped.

**(d)     Standards**.  Unless physically incapacitated, the deponent shall be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is needed.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording.  Lighting, camera angle, lens

setting and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition.  Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

**(e)** **Filing**.  The operator shall preserve custody of the original videotape in its original condition until further order of the Court.

**(f)** **Number of cameras.** One camera shall be employed to videotape the testimony of the witness at the deposition. If any party wishes to videotape the attorney(s) questioning the witness, that party may do so but shall arrange for such additional videotaping, shall pay the cost thereof, and shall pay for any subsequent synchronization of the questioning with the witness' testimony.

**9.** **Number of Depositions, Employees**.  Defendants shall make available present employees requested by plaintiffs for deposition, subject to the defendants' right to object to the taking of any particular employee's deposition for good cause shown.  Defendant shall take reasonable steps to make available requested former employees, to the extent possible.  If defendants are unable, despite their best good faith efforts, to produce former employees, then defendants shall provide the former employee's last known address and shall cooperate in any effort to obtain this Court's, or another court's, assistance to compel the former employee's attendance at the deposition. Plaintiffs' right to contact former employees of Defendant shall be governed by the Rules of Professional Conduct.  If any party believes a deposition is unreasonable, either by

virtue of the nature of the witness or by virtue of the total number of depositions, that party may apply to the Court for a protective order under Rule 26.

**10.     Supplemental Depositions**.  Each party who did not have reasonable notice of a deposition and who was not present or represented at the deposition (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court) may, within thirty (30) days after filing the deposition (or, if later, within sixty (60) days after becoming a party in any action which is a part of this litigation), file a motion to conduct a supplemental deposition of the deponent.  Within ten (10) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the MDL deposition fully covered the area or areas sought to be explored in the supplemental deposition of that the testimony is not relevant.

No further deposition by any party having received notice of the original deposition will be permitted, except upon order of the MDL Court on good cause shown. A showing by the moving party that a supplemental deposition is reasonably calculated to lead to the discovery of admissible evidence necessary to protect the interests of the moving party shall constitute good cause.

Assuming the movant has met this burden, and if no opposition or motion for a protective order if filed, or the opposition or motion for a protective order is denied, the supplemental deposition may be taken within such time a may be authorized by the Court.

The supplemental deposition shall be treated as the resumption of the deposition originally noticed. During the resumed deposition, any other party may conduct further examination of the witness only with regard to new subject areas authorized by the order allowing the resumed deposition. The resumed deposition shall be taken at the same location as the initial deposition unless otherwise agreed to by the parties and the deponent.

11. **Length of Direct Examination**. The examination by the party noticing the deposition shall be no more than seven (7) hours of actual examination time absent agreement or further order of this Court upon a showing of good cause. The Court expects that if a deposition requires additional time the parties will make a good faith effort to agree on an extension before coming to the Court for resolution. Direct examinations that are reasonably believed to require more than seven hours to complete shall be scheduled, to the extent possible consistent with the witness's schedule, for sufficient consecutive days for completion.

12. **Deposition Exhibits**. Parties are under no present obligation to disclose to the deponent's counsel prior to the date of a deposition the documents they expect to use during examination. In the event that the absence of advanced production of documents renders the depositions inefficient, the Court will, upon application, reconsider ordering prior document production.

13. **Location of Depositions**. Unless otherwise agreed to, any deposition of:

(a) Plaintiffs, doctors, case specific fact witnesses and other non-party witnesses shall take place within the federal district in which that person resides;

(b) Current and former employees and officers of defendants will take place in the federal district of such employees' or officers' place of business. Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at the same location as current employees of the same defendant. Absent such agreement, that deposition will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties.

**14. Continuance of Deposition**. If a deposition is not completed by 5:00 p.m., the deposition will recommence on the next business day, subject to the availability of the witness. Counsel, by agreement, may modify the hours per day for the convenience of the witness. If the witness is not available for deposition on the next business day, the deposition will continue on a date to be agreed upon by counsel or, if agreement cannot be reached, a date specified in a notice of continued deposition.

**15. Objections and Directions Not to Answer**. Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

(a) All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the questions or the existence of a

privilege. Objecting counsel shall say the word "objection", and no more, to preserve all objections as to form

   (b) Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent seeks to present a motion to the Court for termination of the deposition on the grounds that it is being conducted in bad faith or in such a manner as to annoy, embarrass, or harass the party or the deponent. When a privilege is claimed, the witness shall nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement was made, any other person to whom the contents of the statement has been disclose, and the general subject matter of the communication.

   (c) **Private Consultation.** Private conferences between deponents and their attorneys are improper while a question is pending, except for the purpose of determining whether a privilege should be asserted.

   **16.** **Disputes During Depositions**. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court by telephone by calling the Court's Chambers. In the event the Judge is not

available, the deposition shall continue as to matters not in dispute with full reservation of rights to continue the examination objected to pending a ruling at the earliest possible time.

If the nature of the dispute would not require the continuance of the deposition pending resolution thereof, the parties may elect to either present the matter to the Court by telephone at a time when the parties and the Court are available, or to present the dispute to the Court in writing.  If the parties elect to present the dispute to the Court in writing, each side must submit a 1 page summary of its position and any authority relevant to the dispute. The Court will issue a prompt ruling, as its schedule permits.

**17.** **Marking of Deposition Exhibits**.  Any documents previously produced by defendants or third parties used as exhibits in a deposition shall be referred to by any Bates stamp number(s) appearing on the face of the documents and the deposition exhibit designation.  Documents not previously marked as exhibits shall be marked with a sequential number as "Plaintiff's exhibit ___," "Defendant's exhibit ___," or "(witness name) exhibit ____."  The same documents presented as an exhibit at subsequent depositions shall continue to be referred to as originally marked, and counsel should avoid marking the same document with a different exhibit number at any subsequent deposition.

18. **Depositions Pursuant to Rule 30(b)(6)**. In those instances when the Plaintiffs serve a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6), the following shall apply (in addition to the foregoing general procedures governing depositions):

(a). Depositions taken pursuant to Fed. R.Civ. P. 30(b)(6) will be taken pursuant to the Federal Rules of Civil Procedure and applicable case law.

(b). The party wishing to take the deposition will in good faith describe with reasonable particularity the categories on which the party is requesting examination. Within a reasonable period of time after receiving the notice, the party to be deposed will in good faith attempt to inform the discovering party if it believes that multiple witnesses will be necessary to respond to the requested categories of information and to which category each witness will be produced to respond.

19. **Stenographic Recording**. A certified Court reporter shall stenographically record all deposition proceedings and testimony. The court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter, together with an index of all exhibits marked or referred to during the deposition, shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits). The transcript shall also contain the name of any attorney and any other person attending the deposition together with the name of his or her firm or organization, business address and, if applicable, the name of the person or corporation he or she represents. The court reporter shall be requested to furnish the transcript in electronic form (floppy disks) in text-

readable form and hard copy in Min-U-Script format to the representative of plaintiffs conducting the deposition and a designated representative of defendant attending or defending the deposition.

**20.     Correction and Signing Depositions**.  Unless waived by the deponent, the transcript of a deposition, or any portion thereof, shall be submitted to the deponent or correction and signature within thirty (30) days after the completion of the deposition or any portion thereof.  A deposition transcript, or a transcript of a portion thereof, may be signed by the deponent before ay notary within thirty (30) days after the transcript, or any portion thereof, is submitted to the deponent.  If no corrections are made during this time, the transcript will be presumed accurate.

DATED: November 21, 2008                                     s/John R. Tunheim
at Minneapolis, Minnesota.                                   JOHN R. TUNHEIM
                                                             United States District Judge