# EXHIBIT 17

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: Medtronic, Inc., Implantable Defibrillators Products Liability Litigation | MDL No. 05-1726 (JMR/AJB) |
| This Document Relates to All Actions | |

### DEPOSITION GUIDELINES

The Court finds that the parties have met and conferred with regard to deposition protocol. Based upon the presentations of the parties and the Court being otherwise duly advised in the premises,

**IT IS ORDERED** that all depositions in the above-entitled matter be conducted in accordance with the following rules, absent further order of the Court:

**1.     Cooperation.**

Counsel are expected to cooperate with, and be courteous to, each other and the deponents. The scheduling and conduct of depositions, including the resolution of any disputes arising during depositions, shall be governed by the Federal Rules of Civil Procedure, the Local Rules for the District of Minnesota and applicable law.

**2.     Coordination.**

Counsel designated to question a deponent shall make reasonable efforts to coordinate with all other counsel whose interests they represent (i.e., the MDL parties) and to represent the areas of examination and specific questions suggested. Non-questioning counsel are encouraged to coordinate with questioning counsel in advance and to submit proposed questions or lines of questioning in advance.

**3.     Cross Notices Between State Court Cases and These Proceedings.**

In order to avoid duplicative discovery and to prevent the unnecessary expenditure of judicial resources and the resources of the parties, steps should be taken to encourage counsel in related state court proceedings to coordinate their depositions with MDL No. 05-1726 (JMR/AJB) ("MDL 1726") depositions. Depositions noticed in MDL 1726 shall be cross noticed in all related state court proceedings and all depositions noticed in related state court proceedings shall be cross noticed in MDL 1726.  Plaintiffs' Liaison Counsel shall copy all known Plaintiffs' counsel (by mail, courier, facsimile, or electronic mail) on all deposition notices filed by Plaintiffs in MDL 1726.  Defendant's Liaison Counsel shall provide Plaintiffs' Liaison Counsel and Plaintiffs' known state court counsel with notice as soon as practicable of (i) any cross notice in a state court proceeding by Defendant of a deposition originally noticed in these proceedings, or (ii) any cross notice in these proceedings by Defendant of a deposition originally noticed in a state court proceeding.  Nothing in this provision shall be construed as an injunctive or equitable order affecting state court proceedings.  Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

**4.     Length of Direct Examination.**

Examination by the party noticing the deposition shall be completed in one day and shall be no more than seven (7) hours of actual examination, absent agreement or further order of this Court upon a showing of good cause.  Non-duplicative questioning by counsel for plaintiffs or defendants in state court cases in which the deposition has been cross-noticed shall not count toward the seven (7) hour limit; provided, however, counsel shall use their best efforts to limit such questioning to a reasonable amount of time.  If additional time is requested and counsel

cannot agree, counsel requesting the additional time may seek an order from the Court for good cause shown.

5.     **Attendance.**

(a)     **Who May Be Present**.  Unless otherwise ordered under Federal Rules of Civil Procedure 26(c), depositions may be attended only by counsel of record for the cases in which the notice was served and their assistants, the deponent, counsel for the deponent, the parties or a representative of a party, court reporters, and videographer.  While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the MDL Protective Order (or a similar protective order in a related state-court case) shall be excluded from the deposition.

(b)     **Unnecessary Attendance**.  Unnecessary attendance by counsel is discouraged. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend.

(c)     **Notice of Intent to Attend a Deposition**.  In order for counsel to make arrangements for adequate deposition space, the parties should work together to assess likely attendance by counsel for each deposition.  Any counsel who intend to attend a deposition noticed or cross-noticed in MDL 1726 or a related state court proceeding should advise Liaison Counsel for the MDL Plaintiffs and Defendants not fewer than three (3) days prior to the deposition or as soon as practicable under the circumstances..

6.     **Conduct.**

(a)     **Examination**.  Questioning shall be performed by only one attorney for all Plaintiffs in MDL 1726, designated by Plaintiffs' Co-Lead Counsel, and one attorney for Defendant.  Counsel for Plaintiffs in state court proceedings in which the deposition has been

cross noticed who have individual or divergent positions that have not been already examined by Plaintiffs' Co-Lead Counsel in MDL 1726 may examine a deponent.  Such examination shall be limited to matters not previously covered by MDL counsel and shall occur after conclusion of the MDL 1726 deposition.  Once the witness has answered a question, that same question or substantially the same questions shall not be asked again. Non-duplicative questioning by counsel for Plaintiffs in state court proceedings shall not be included in the seven (7) hour limit; provided, however, counsel shall use their best efforts to limit such questioning to a reasonable amount of time.  If additional time is requested and counsel cannot agree, counsel requesting the additional time may seek an order from the Court for good cause shown.

(b) **Scheduling**. Unless otherwise agreed to by counsel, depositions should ordinarily be noticed thirty (30) calendar days in advance of the date on which the deposition is to take place or as soon as practicable under the circumstances.  Counsel shall use their best efforts to cooperate in scheduling depositions at mutually convenient times and places. The parties shall schedule all depositions at a time and place reasonably convenient to the deponent.

(c) **Postponements**.  Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled, or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between the primary examiner designated by the party noticing the deposition and the attorney representing (i) the witness (if the witness is a party or a present or former employee or an expert designated by a party), or (ii) Defendant (if the witness is not a party or a present or former employee or an expert designated by a party) or by leave of the Court for good cause.

(d) **Objections and Directions Not to Answer**.  All objections are preserved except for objections to the form of the question, foundation, responsiveness of the answer, and matters

of privilege or work product. No other speaking objections will be allowed. Counsel shall otherwise comply with all aspects of Federal Rules of Civil Procedure 30(d) regarding the posing of objections. Any objection made at a deposition shall be deemed to have been made on behalf of all other parties.

(e) **Private Consultation**. Private conferences between deponents and their attorneys are improper while a question is pending, except for the purpose of determining whether a privilege or work product objection should be asserted.

(f) **(f)** **Protective Order**. All depositions noticed or cross noticed in MDL 1726 shall be taken pursuant to the Protective Order entered in MDL 1726.

**7. Disputes During Depositions.**

Disputes between the parties should be addressed to this Court, regardless of where the deposition is being conducted. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court by calling the Court's chambers. In the event the Court is not available, the deposition shall continue with full reservation of rights of the interrogation for a ruling at the earliest possible time. None of the provisions of this section shall deny counsel the right to suspend a deposition pursuant to Federal Rules of Civil Procedure 30(d)(4), to file an appropriate motion with the Court at the conclusion of the deposition and/or to appear personally before the Court.

**8. Documents.**

(a) **Production of Documents**. Witnesses subpoenaed to produce documents should ordinarily be served at least thirty (30) calendar days before the date the witness is scheduled to

produce such documents or as soon as practicable under the circumstances. Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the interrogation commences, and therefore the production of documents should occur at least seven (7) calendar days prior to the scheduled deposition.

(b) **Protective Order**. A copy of the Protective Order in MDL 1726 shall be provided to the deponent before the deposition commences if the deponent is to produce or may be asked about documents that may contain confidential information.

(c) **Copies**. Extra copies of documents about which deposing counsel expects to examine a deponent should ordinarily be provided to opposing counsel and the deponent at the deposition. Deponents and their counsel should be shown a copy of the document at the deposition before being examined about it, except when counsel seek to impeach or test the deponent's recollection.

(d) **Marking of Deposition Exhibits**. To the extent feasible, Lead Counsel shall establish a Master Deposition Document List identifying each document used in the direct examination of deponents by standardized numbering. All copies of the same document used as deposition exhibits should ordinarily be referred to by this standard identification system.

9. **Videotaped Depositions.**

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape pursuant to Federal Rules of Civil Procedure 30(b)(2) and (3) subject to the following rules:

(a) **Real-time Feed**. All videotaped depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

(b)     **Video Operator**. The operator(s) of the videotape recording equipment shall be subject to the provisions of Federal Rules of Civil Procedure 28(c). At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

(c)     **Attendance**.  Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition. Only the deponent (and demonstrative materials or other exhibits used during the deposition) will be videotaped.

(d)     **Standards**.  Unless physically incapacitated, the deponent shall be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

(e)     **Filing**.  Counsel that noticed the deposition shall preserve custody of the original transcript and videotape in its original condition until further order of the Court. The confidentiality of the deposition testimony, transcript, all exhibits, video and audio recordings shall be governed by the Protective Order entered in MDL 1726.

Dated:  April 21, 2006

    \_\_s/ Arthur J. Boylan_____
    **ARTHUR J. BOYLAN**
    Magistrate Judge of United States District Court