# EXHIBIT 19

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  PROPULSID | : | MDL NO.  1355 |
|  | : |  |
| PRODUCTS LIABILITY LITIGATION | : | SECTION : L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG.  JUDGE AFRICK |
|  | : |  |
|  | : |  |
| THIS DOCUMENT RELATES TO ALL CASES | : |  |
|  | : |  |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

### PRETRIAL ORDER NO.   7

### (Deposition Guidelines)

A.  Deposition Notices

1. All depositions in MDL-1355, except pursuant to Court order, will be noticed and conducted pursuant to Fed. R. Civ. P. 30 and this Pretrial Order No. 7. This Pretrial Order No. 7 will be placed in the document depository.

2. A "Statement of Deposition Procedures," summarizing the terms of this Order, shall be attached to each notice of deposition, except that this Order in its entirety shall be attached to any non—party subpoena or deposition notice.

3. Each deposition notice shall include the name and, if known, the general occupational description of each deponent, a general description of the topic(s) for examination, the name of the primary examiner designated by the party noticing the deposition, and the date, time and place of the deposition. If the examiner cannot be identified at the time

       the notice of deposition is served, a "1-800" number will be set forth in the notice so that interested counsel may obtain information regarding the deposition, if required.

4. In order for counsel to make arrangements for adequate deposition space, whenever feasible counsel who intend to attend a deposition noticed by MDL-1355 plaintiffs should provide notice of their intention to attend to Russ M Herman, Liaison Counsel who intend to attend a deposition noticed by the MDL-1355 defendants should send notice of their intention to James B. Irwin, V, Liaison Counsel.

5. Deposition notices shall state whether the deposition is to be videotaped and, if so, the name, firm and address of the videotape recorders. All videotape depositions shall proceed pursuant to the provisions of section 0, *infra*.

B. <u>Cooperation</u>

       Counsel are expected to cooperate with, and be courteous to, each other and deponents. There shall be no smoking or use of other tobacco products or eating in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during deposition recesses. Beverages will be permitted.

       Counsel shall recess from time to time during the deposition to allow opportunities for snacks, as requested by any attorney or deponent.

C. <u>Scheduling</u>

       Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and locations. It is contemplated and expected that initially there will be single-tracking of depositions involving fact witnesses in a single case but that multi-tracking of depositions involving fact witnesses in a single case may occur. Counsel are expected to cooperate and coordinate the scheduling of depositions. Initially, there shall be no multi-tracking of depositions

of employees of the defendants, and those depositions shall proceed on a single track, until such time as there is a demonstrated need to multi-track depositions of the employees of the defendants. At that time the parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions of employees of the defendants. To the extent that the parties cannot agree on a proposed schedule for such multi-tracking, then the parties shall file with the Court separate proposed schedules.

Subject to subsection F below, depositions of fact witnesses may commence beginning thirty (30) days after Defendant's initial disclosures. Formal notices of deposition shall not be required. If there is disagreement, a conference call shall be scheduled with the Court. The Court will resolve any deposition scheduling issues that liaison counsel are unable to resolve.

Each side shall be notified of the schedule at least thirty (30) days in advance.

Depositions anticipated to be completed in one week or less, shall be scheduled, to the extent possible consistent with the witness' schedule, for sufficient consecutive days for completion. Depositions of all witnesses shall be no more than two (2) days in length except experts, FRCP 30(b)(6) representatives, highly compensated key employees (high level) or key witnesses and other witnesses whose depositions require additional time based upon a good cause showing.

Depositions will be held for four consecutive weeks, with the fifth week an "off" week on all tracks.

Given the large number of attorneys involved in this litigation, the unavailability of counsel shall not be grounds for postponing a deposition if another attorney from the same firm who is familiar with the case or one who represents a party with similar interests is available to attend. If a motion is made to permit the rescheduling of a deposition on the grounds of unavailability of counsel, the moving party shall certify to the Court that neither an attorney from the same firm who is familiar with the case nor one who represents a party with similar interests is able to

attend the scheduled deposition.

To facilitate depositions in state court actions involving entities that are not and may never be parties in the federal cases, the parties are encouraged to issue cross—notices of depositions in the additional state court actions.

D. Postponements

Once a deposition has been scheduled, it shall not be taken off calendar, postponed, rescheduled, or relocated less than five (5) calendar days in advance of the date it is scheduled to occur, except upon agreement or by leave of Court for good cause.

E. Deposition Tracks

It is expected that discovery regarding class certification, liability, and damages will proceed simultaneously. The parties shall submit a scheduling and sequencing proposed order to the court. To the extent the parties cannot agree on a proposed order, the parties shall, within ninety (90) days of the entry of this order, file separate proposed orders.

F. Deposition Day

A deposition day shall commence at 9:30 a.m. and terminate no later than 5:30 p.m. (except Friday when depositions shall end no later than 1:00 p.m.), local time. On Monday through Thursday there should be a one hour and fifteen minute lunch break, one short break during the morning session, and two short breaks during the afternoon session. Modest variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the witness, but may not be unilaterally changed without approval of the Court.

G. Continuance of Deposition

If a deposition is not finished on Friday of a deposition week, subject to the availability of the witness, the deposition will recommence on the following Monday. If the witness is not available for deposition on the following Monday, the deposition will continue on a newly-noticed date. In such circumstances, a ten (10) day notice will be sufficient to notice a continued

deposition.

H. Early Depositions

If the parties become aware of persons who possess relevant information but who by reason of age or ill health may become unavailable for deposition, the deposition may be taken as soon as practicable.

I. Locations for Taking Depositions

1. Unless otherwise agreed, depositions of plaintiffs will take place in each plaintiff's home district.
2. Unless otherwise agreed by the parties prior to the noticing of an expert deposition, the deposition of an expert witness shall take place in the expert witness' home district.
3. The location of the deposition shall be as consistent as possible within each city, so that videotape equipment, if being used, can be left in place.
4. To the extent reasonably possible, depositions of domestic United States employees of defendants will take place in Philadelphia, Pennsylvania.

J. Attendance

Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in MDL-1355 or state cases, in-house counsel for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel. Upon application, and for good cause shown, the court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. While a deponent is being examined about any document that the parties have agreed, or the Court has ordered, is confidential, attendance at that portion of the deposition by persons to whom disclosure is not authorized by agreement of the parties or by order of the Court shall be prohibited. Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive

confidentiality when the transcript, videotape or disk is placed in the document depository.

Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend and to conduct pursuant to paragraph Q of this order supplemental interrogation of the deponent should a review of the deposition reveal the need for such examination.

K.  Conduct

Except by order of the Court, the following shall apply at all depositions:

1.  Examination

Each side should ordinarily designate no more than two attorneys to participate in the deposition. One attorney will normally conduct the principal examination of the deponent, and examination by the other attorney should be limited to matters not previously covered.

For expert depositions, two (2) additional attorney examiners may be designated.

In some depositions, there may be sufficient divergence of positions among various parties such that additional examiners may be appropriate on non-redundant matters. Therefore, other attorneys will be permitted to examine deponents on non—redundant matters. The non—redundant requirement will be strictly construed.

Any party who believes that, due to a divergence of interest, it may be necessary to examine the deponent on non-redundant matters shall designate one attorney to conduct such non—redundant examination after the primary and secondary examiners have concluded.

Counsel should cooperate in the allocation of time in order to comply

with the time limits set by the Court.

2. <u>Objections and Directions Not to Answer</u>

Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

a) Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants. However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants.

b) All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence of a privilege.

c) Counsel shall refrain from engaging in colloquy during depositions. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.

d) Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent seeks to present a motion to the Court for termination of the deposition on the grounds that it is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or press the party or the deponent. When a privilege is claimed, the witness shall nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to

whom and in whose presence the statement was made, other persons to whom the contents of the statement was made, any other person to whom the contents of the statement has been disclosed, and the general subject matter of the communication.

e) Counsel shall not make objections or statements which might suggest an answer to a witness.

3. <u>Objections to Documents</u>

Objections as to the relevance of documents are not waived, and are reserved for later ruling by the Court or by the trial judge.

4. <u>Private Consultations</u>

Private consultations between deponents and their attorneys during the actual taking of the deposition are improper except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, such conferences may be held during normal recesses and adjournments.

5. <u>Disputes During Depositions</u>

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Magistrate Judge or the presiding Judge by telephone. In the event the Magistrate Judge or the presiding Judge is not available, the deposition shall continue with full reservation of rights of the interrogation for a ruling at the earliest possible time.

If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to the Magistrate Judge or the presiding Judge by telephone, or to present the dispute to the Court in writing. If the parties elect

to present the dispute to the Court in writing, each side must submit on one (1) page a summary of its position and any authority relevant to the dispute. The Court will issue a prompt ruling, as its schedule permits. The undersigned's telephone and telecopier numbers are (504) 589-7545 and (504) 589-6966, respectively. Magistrate Judge Africk's telephone and telecopier numbers are (504) 589-7605 and (504) 589-7608, respectively. These numbers should be used with discretion, not as a matter of course.

In the event the Court is unavailable by telephone to resolve disputes arising during the course of a deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

None of the provisions in this Section shall deny counsel the right to continue the deposition, file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court if counsel deems it necessary.

Disputes between the parties should be addressed to this Court rather than to the District Court in which the deposition is being conducted.

L.  Documents

  1.  Production of Documents

Witnesses subpoenaed or noticed to testify and to produce documents shall be noticed and served with the subpoena or deposition notice and document request at least thirty (30) days before the scheduled deposition. Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the interrogation commences. Responsive documents which are identical to those already produced to the New Orleans document depository do not have to be produced by the deponent.

  2.  Copies

Extra copies of documents about which counsel expect to examine the deponent

should ordinarily be provided to primary counsel for the parties and the deponent during the course of the deposition. Deponents and their counsel should be shown a copy of the document at the deposition before being examined about it, except when counsel seek to impeach or test the deponent's recollection. However, when counsel seek to impeach or test the deponent's recollection the deponent need not be shown the document.

3. <u>Marking of Deposition Exhibits</u>

All documents previously produced to the document depository and used as exhibits with witnesses from a defendant or non-party witnesses shall be referred to by the Bates stamp numbers appearing on the documents submitted to the document depository. Documents that have not been submitted to the document depository shall have sequential exhibit numbers. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the deponent's surname and number. For example, if the deponent's name is "John Smith" the first document used as an exhibit without a document depository Bates stamp number shall be marked "Smith No. 1." To the extent that a document not previously submitted to the document depository has already been marked as a deposition exhibit in MDL-1355, all counsel should avoid marking that document with a different exhibit number at a subsequent deposition. If "Smith No. 1" is used at "Harry Jones" deposition, it will still be referred to as "Smith No. 1."

M. <u>Depositions of Witnesses Who Have No Knowledge of the Facts</u>

An officer, director or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about which such a person has no knowledge may submit to the noticing party within fifteen (15) days before the date noticed an affidavit so stating and identifying a person within the corporation or government entity believed

to have such knowledge. Notwithstanding such affidavit, the noticing party may proceed with the deposition, subject to the right of the witness to seek a protective order or other appropriate relief.

N. Stenographic Recording

A certified Court reporter shall stenographically record all deposition proceedings and testimony. The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits). The noticing party shall be responsible for the court reporter furnishing computer disks in text-readable form and hard copy in Mm-U-Script format to the document depository.

O. Videotaped Depositions

The provisions of this Order regarding examination of deponents apply to videotaped depositions. Any deposition may be videotaped at the request of any party pursuant to the following terms and conditions:

1. Simultaneous Stenographic Recording

All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph N, above.

2. Cost of the Deposition

The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording. Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

3. Videotape Operator

The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. p. 28(c). At the commencement of the deposition the

operator(s) shall swear or affirm to record the proceedings fairly and accurately.

4. Attendance

Before commencement of the deposition, each witness, attorney, and any other person attending the deposition shall submit to the court reporter in writing his or her name, the name of his or her firm, business address, and the name of the client he or she represents. The list of these people shall be included at the beginning of the deposition transcript. In addition, at the commencement of the deposition, each witness, attorney and any other person attending the deposition shall be identified on camera.

5. Interruptions

No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions. The video operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

6. Standards

The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required f or accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

7.  Index

    The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

8.  Filing

    After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic Court reporter, and file a true copy of the video tape, the transcript, and certificate with liaison counsel for whomever noticed the deposition and simultaneously submit a copy to the document depository.

9.  Objections

    Objections and instructions not to answer at videotape depositions are subject to the provisions of section K (2) – (3) of this Order. If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment f or viewing the tape shall also be provided to the Court.

10. Technical Data

    Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included on copies of the videotaped deposition.

11. Video Camera System

    During the videotaping of a deposition, the questioner may use a two—video camera system with monitors available for use by counsel.

13

P. <u>Telephonic Depositions</u>

By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed.R.Civ.P. 30(b)(7). Unless an objection is filed and served within ten calendar days after such notice is received, the court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent.

Q. <u>Supplemental Depositions</u>

Each party who did not have reasonable notice of a deposition and who was not present or represented at the deposition (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court) may, within thirty (30) days after filing of the deposition (or, if later, within sixty (60) days after becoming a party in any action which is a part of this litigation), file a motion to conduct a supplemental deposition of the deponent. Within ten (10) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the MDL-1355 deposition fully covered the area or areas sought to be explored in the supplemental deposition or that the testimony is not relevant.

No further deposition by any party having received notice of the original deposition will be permitted, except upon order of the MDL-1355 Court on good cause shown. A showing by the moving party that a supplemental deposition is reasonably calculated to lead to the discovery of admissible evidence necessary to protect the interests of the moving party shall constitute good cause.

Assuming the movant has met this burden, and if no opposition or motion for a protective order if filed, or the opposition or motion for a protective order is denied, the supplemental deposition

may be taken within such time as may be authorized by the Court.

The supplemental deposition shall be treated as the resumption of the deposition originally noticed. During the resumed deposition, any other party may conduct further examination of the witness only with regard to new subject areas authorized by the order allowing the resumed deposition. The resumed deposition shall be taken at the same location as the initial deposition unless otherwise agreed to by the parties and the deponent.

R. <u>Obtaining Copies of Transcripts and Videotapes</u>

Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

S. <u>Correction and Signing Depositions</u>

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition, unless the Court allows a supplemental deposition pursuant to section Q. If a supplemental deposition is allowed, the transcript shall be submitted to the deponent as soon as it is available for distribution. The deposition may be signed by the deponent before any notary within thirty (30) days after the transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

T. <u>Use of Depositions</u>

Under the conditions prescribed in Fed. R. Civ. P. 32(a) (1) - (4) or as otherwise permitted by the Federal Rules of Evidence, depositions may be used against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation) who:

(1) was present or represented at the deposition; or

(2) had reasonable notice thereof; or

  (3) within ninety (90) days after the deposition is taken or within one hundred and twenty (120) days after becoming a party in MDL-1355 fails to show just cause why such deposition should not be used against such party.

New Orleans, Louisiana, this __7__ day of December, 2000

        ___/s/ Eldon E. Fallon___
        UNITED STATES DISTRICT JUDGE