# EXHIBIT 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

In Re: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND        Case No. 1:14-ml-2570-RLY-TAB
PRODUCTS LIABILITY LITIGATION           MDL No. 2570

_____

This Document Relates to ALL ACTIONS

_____

## CASE MANAGEMENT ORDER #2
## (DEPOSITION PROTOCOL)

Pursuant to the agreement of Plaintiffs and the Cook Defendants (collectively the "Parties"), it is **ORDERED** that the following deposition protocol shall be followed in depositions conducted in the above-referenced MDL:

A.    <u>Deposition Notices</u>

1. This Order applies to all depositions in MDL 2570, which will be noticed and conducted pursuant to Federal Rule of Civil Procedure ("FRCP") 30 and this Order.

2. This Order, in its entirety, shall be attached to any non-party subpoena or deposition notice.

B.    <u>Number of Depositions Allowed</u>

Any FRCP and/or Local Rule purporting to limit the number of depositions shall not apply in this MDL proceeding. If either side believes that the other is taking unnecessary or irrelevant depositions they may bring the issue to the Court for appropriate resolution, after first making a good faith effort to resolve the issue without the Court's involvement. Notwithstanding this provision, Plaintiffs may take up to ten (10) depositions of the Cook Defendants in addition to ten (10) FRCP 30(b)(6) depositions of the Cook Defendants. Plaintiffs may take additional

1

depositions upon agreement by the Parties or by leave of Court for good cause shown. Consistent with Section III.F.5 of the Case Management Plan (Docket No. 51), the depositions of sales representatives directly associated with the sale of a Cook Filter to a specific Plaintiff's implanting physician shall not count towards this limit.

C.      Scheduling of Depositions

1.      Plaintiffs' and Defendants' Lead Counsel shall attempt to establish by mutual agreement, a schedule for depositions in this MDL that reflects a sequencing consistent with (a) the availability of documents from among those produced by the Parties and third parties; (b) the objective of not subjecting any person to repeated depositions; (c) the need to preserve relevant testimony; (d) the schedule established by this Order; and (e) the schedule set forth in the current Case Management Plan. Counsel for the Parties will attempt to coordinate the scheduling of depositions as much as possible. Lead and Liaison Counsel shall be responsible for providing written notice of any deposition in this MDL to all Counsel.

2.      Absent exigent circumstances, as a general rule, no witness should be deposed in this MDL proceeding on the same subject more than once. A Party seeking to take a second deposition of a witness shall provide the opposing party its basis for an exception. Second depositions on new subject matter shall be permitted only upon consent of the parties or an Order of this Court issued for good cause shown. For purposes of this MDL proceeding, any deposition taken in a case not a part of this MDL proceeding shall not be considered a first deposition. This provision does not apply to 30(b)(6) witnesses. A witness for a 30(b)(6) deposition may have his/her deposition taken more than once regarding his/her official and individual capacities.

3.      If counsel are unable to resolve any disputes regarding the timing and scheduling of depositions after good faith efforts, they may present those disputes to the Court

for resolution only after first contacting Magistrate Judge Baker's chambers to request his assistance in resolving the dispute without formal motions practice.

4. For depositions that are not Plaintiff-specific, each side shall be notified at least thirty (30) days in advance of a deposition, absent agreement by the Parties otherwise, time constraints due to Orders by the Court, or by leave of Court.

5. An officer, director, or managing agent of a corporation or government official served with a notice of deposition or a subpoena regarding a matter about which such a person has no knowledge may submit to the noticing Party within fifteen (15) prior to the date notices an affidavit or declaration so stating and identifying a person within the corporation or government entity believed to have such knowledge. Notwithstanding such affidavit or declaration, the noticing Party may proceed with the deposition, subject to the right of the witness to seek a protective order or other appropriate relief.

6. Once a deposition has been scheduled, it shall not be taken off the calendar, postponed, rescheduled, or related less than five (5) days in advance of the date it is scheduled to occur, except upon agreement or by leave of Court for good cause.

D. <u>Documents</u>

1. For any notice of deposition where there is an accompanying request for the production of documents, the responding Party shall, within fifteen (15) days of receipt of such notice, alert Lead Counsel for the noticing Party by e-mail of any reason that the requested documents cannot be produced a minimum of fourteen (14) days prior to the date noticed for the deposition.

2. Prior to any Cook 30(b)(6) and/or custodial fact witness depositions, Defendants shall separately respond to each non-duplicative request attached to the deposition

notice by producing the discoverable documents and/or by referencing previously produced documents by production Volume and Custodian. To the extent any documents are being withheld on the basis of privilege or objection, Defendants are required to specifically state such no later than fourteen (14) days prior to the deposition. The Parties should work to resolve any disputes regarding withheld documents no later than seven (7) days before the deposition. To the extent such dispute cannot be resolved by this deadline, the noticing Party has the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

3.      Each Party will provide to the other Party advance notice of any foreign language documents each reasonably anticipates using in a deposition seven (7) days prior to the date of the deposition.

E.      <u>Depositions of Treating Physicians</u>

1.      The Parties agree that each side will have a reasonable opportunity to question a deponent treating physician. If a treating physician limits the time for a deposition, the Parties shall have equal time for questioning the treating physician, unless otherwise agreed upon prior to the deposition.

2.      Prior to the deposition of any of Plaintiffs' treating physicians, Defendants shall ensure that their case-specific discovery responses, including Defense Fact Sheet, pertaining to such treating physician are complete. Defendants shall also produce all discoverable documents requested pertaining to the deponent treating physician to the extent they have not already been produced. The Parties should work to resolve any disputes regarding the completeness of Defendants' document production no later than seven (7) days before the

deposition. To the extent such dispute cannot be resolved by this deadline, Plaintiffs shall have the option to postpone the deposition until the matter can be presented to the Court for resolution or proceed with the deposition reserving its right to conduct a second deposition once the dispute is resolved.

   3. At least seventy-two (72) hours prior to the deposition of a treating physician, the Parties will confer to ensure that each side has all medical records obtained from the treating physician.

   F. <u>Location of Depositions</u>

   The Parties shall endeavor to schedule all depositions at locations within a reasonable distance from the residence of the deponent, or at such other location as is agreed to by all counsel involved and the deponent.

   G. <u>Attendance at Deposition</u>

   While a deponent is being examined about any information subject to the Protective Order entered in this litigation, persons to whom disclosure is not authorized shall be excluded. Unnecessary attendance at depositions is discouraged.

   H. <u>Conduct of Depositions</u>

   1. Based on the number of Plaintiffs and Plaintiffs' counsel involved in this litigation, Plaintiffs shall designate one attorney for the MDL to conduct the examination of each deponent, and examination by other Plaintiffs' attorneys on behalf of the MDL should be limited to matters not previously covered. Counsel for Plaintiffs shall cooperate so that examinations by multiple attorneys for the MDL do not exceed the allotted time, as set forth in FRCP 30(d)(1).

   2. All deposition objections are reserved, except as to the form of the question and responsiveness of the answer. Counsel shall otherwise comply with FRCP 30(c)(2)

concerning objections at depositions. An objection by one Party reserves the objection for all Parties. Excessive and/or abusive use of objections, including speaking objections and coaching of the witness, shall not be counted against the allotted time and under the FRCP and may be grounds for additional time above the maximum allotted time permitted under the FRCP.

I.      Deposition Disputes

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule, require rescheduling of the deposition, or possibly result in the need to conduct a supplemental deposition, shall be presented to Judge Young or Magistrate Judge Baker by telephone. In the event both Judge Young and Magistrate Judge Baker are not available, all efforts will be made to continue the deposition with full reservation of rights of the interrogation for a ruling at the earliest possible time.

J.      Duration of Depositions

The time limitations on depositions imposed by FRCP 30(d)(1) shall apply in the MDL unless the Parties agree to a different time limitation in the MDL or the Court establishes a different time limitation.

K.      Supplemental Depositions

Each Party not present or represented at a deposition who did not get notice of the deposition as provided herein (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court) may, within thirty (30) days after the filing of the deposition (or within sixty (60) days after becoming a party in this Court in any action that is a part of this litigation), request permission to conduct a supplemental deposition of the deponent. If permitted, the deposition shall be treated as the resumption of the deposition

originally noticed. Such examination shall not be repetitive of the prior examination of said deponent.

     L.    <u>Use of Depositions</u>

Depositions may, under the conditions prescribed in FRCP 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in or transferred or removed to this Court that become part of this MDL) who: (a) was present or represented (including by Lead Counsel or an attorney designated by Lead Counsel) at the deposition; (b) had reasonable notice thereof; or (c) within thirty (30) days after the filing of the deposition (or within sixty (60) days after becoming a party in this Court to an action that is part of this MDL), fails to show just cause why such deposition should not be usable against such party.

     M.    <u>Depositions Outside of the United States</u>

In the event that a Party seeks to depose any individuals residing outside of the United States the Parties agree to meet and confer to establish a protocol with respect to where such depositions shall take place and how interpreters/translators will be utilized. With respect to William Cook Europe ApS ("WCE") employees residing in Denmark, the Parties will meet and confer to agree upon a week in 2015 during which any and all depositions of such employees will take place. Such depositions will take place at one, agreed upon location. Either Party may elect, at their expense, to bring the WCE employees or others to the U.S. for their deposition during the agreed upon week.

The Court DIRECTS the Clerk to file a copy of this Order in 1:14-ml-2570, which shall apply to each member case previously transferred to, removed to, or filed in this district. In cases subsequently filed in this district, a copy of this Order and the most recent Case Management

Plan deadlines will be provided by the Clerk to counsel appearing in each new action at the time of filing of the complaint. In cases subsequently removed or transferred to this Court, a copy of this Order and the most recent Case Management Plan deadlines will be provided by the Clerk to counsel appearing in each new action upon removal or transfer. It shall be the responsibility of the Parties to review and abide by all Case Management Plan deadlines and Case Management Orders previously entered by the Court. The orders may be accessed through the CM/ECF system.

**SO ORDERED:**   03/04/2015

_____

Tim A. Baker, Magistrate Judge
United States District Court
Southern District of Indiana

**AGREED TO BY:**

_s/ Irwin B. Levin (w/ consent)_      _s/ Christopher D. Lee_

Irwin B. Levin, Esq.       Douglas B. King, Esq., Lead Counsel
COHEN & MALAD LLP      James M. Boyers, Esq.
One Indiana Square, Suite 1400    Christopher D. Lee, Esq.
Indianapolis, Indiana 46204     John C. Babione, Esq.
Tel: (317) 636-6481      Sandra L. Davis, Esq.
Fax: (317) 636-2593      Kip S. M. McDonald, Esq.
ilevin@cohenandmalad.com     WOODEN & McLAUGHLIN LLP
             One Indiana Square, Suite 1800
Lead Counsel for Plaintiffs     Indianapolis, IN 46204-4208
             Tel: (317) 639-6151
             Fax: (317) 639-6444
             dking@woodmclaw.com
             jboyers@woodmclaw.com
             sdavis@woodmclaw.com
             kmcdonald@woodmclaw.com

             Counsel for Cook Defendants

8