# EXHIBIT 21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: TYLENOL (ACETAMINOPHEN) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | § MDL NO. 2436 § § 2:13-md-02436 § |
| *THIS DOCUMENT RELATES TO ALL CASES* | § HON. LAWRENCE F. STENGEL § § § |

CASE MANAGEMENT ORDER NO. 14
(DEPOSITION PROTOCOL FOR NON-EXPERT WITNESSES)

1. **Purpose of this Order** – The purpose of this Order is to gain the highest degree of efficiencies and cooperation in the taking of depositions in Tylenol (Acetaminophen) related litigation. While recognizing the benefits to the parties, their counsel, and the judicial system that result from coordination and cooperation, this court, counsel, and the parties also recognize that each state is an independent jurisdiction. Therefore, it is not the intention of the court or the parties that judges in any of the participating jurisdictions delegate their duties to any other judicial officer.

2. **Applicable Rules** – Unless otherwise agreed by all parties, when a deponent is questioned by an attorney that is a member of the PSC or a designee of the PSC, the depositions will proceed according to the Federal Rules of Civil Procedure and Local Rules. However, if a deposition is crossed-noticed in a state court proceeding, the state court rules shall apply during the portion of the questioning by the state court attorneys. Any agreement to deviate from the Federal Rules of Civil Procedure, the Local Rules of this Court, or this Order must be recorded on the transcript at the time the deposition commences.

3. **Expert Depositions** – This deposition protocol does not apply to expert witnesses which will be covered by a separate case management order that will be entered at a later time, if necessary.

4. **Number of Depositions**

   a. The PSC shall in good-faith take only those depositions of defendants and their current employees deemed reasonably necessary under the circumstances of this case. Defendants shall make available, without requiring a subpoena, all current employees requested by the PSC for deposition, subject to the limits set on the number of depositions set forth within this Order and to defendants' right to object to the taking of any particular employee's deposition for good cause shown. Defendants shall take reasonable steps to make available requested former employees, to the extent possible.

   b. The PSC collectively shall be limited to twenty (20) depositions of defendants' current employees and former employees, pursuant to Fed. R. Civ. P. 30(b)(6).

   c. The defendants shall in good faith take only those depositions of the plaintiffs' treating healthcare providers reasonably necessary under the circumstances of this case. The defendants shall not contact any of the plaintiffs' treating healthcare providers ex parte before the deposition. All scheduling and communications with the plaintiffs' treating healthcare providers shall be through the plaintiffs' counsel. The defendants collectively shall be limited to the deposition of only:

      i. the plaintiff;

      ii. the plaintiff's spouse, if any (or parent if the injured party is a child, or representative of decedent); and

      iii. two (2) treating physicians and/or health care providers.

   d. Additional depositions may be allowed with leave of court upon good cause shown.

5. **Deposition Notices**

    a. All depositions in 2:13-md-02436 will be noticed and conducted pursuant to Fed. R. Civ. P. 30.

    b. Deposition Notices shall be in a form consistent with the Federal Rules of Civil Procedure and shall identify whether the deposition is to be videotaped.

    c. Any Deposition Notice served pursuant to Fed. R. Civ. P. 45 will attach this Deposition Protocol.

6. **Cooperation in Scheduling**

    a. The court will not set specific deadlines for beginning depositions or the amount of notice that will be given. The court expects the parties to use good judgment in scheduling depositions and in noticing depositions.

    b. Individuals to be deposed should be given a reasonable amount of advance notice. All notices propounded pursuant to Fed. R. Civ. P. 30(b)(6) must give the witness to be deposed adequate time to prepare himself or herself on the subject matter of the deposition.

    c. Absent extraordinary circumstances, counsel shall consult with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.

    d. Counsel shall attempt in good-faith to cooperate in the scheduling of depositions considering the demands on the time and schedules of both the parties and their respective counsel.

    e. More than one deposition may take place in 2:13-md-02436 at the same time, except that no more than two (2) depositions may be scheduled by any party for depositions on the same

    day absent agreement by the parties or court order. Counsel shall act in good faith and endeavor, to the extent possible, to not schedule an unreasonable number of depositions on the same day or in disparate locations.

  f. Nothing in this CMO prevents the parties from seeking court intervention through a motion for a protective order, motion to quash, or other relief afforded by the Federal Rules of Civil Procedure. The parties shall attempt to address disputes related to depositions using the discovery dispute letter procedure contained in CMO-6, unless the timing of a forthcoming deposition or other event does not permit.

7. **Cooperation at Deposition**

  a. <u>No smoking</u> – There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted at any time before, during, or after a deposition.

  b. Counsel are reminded that the courts consider depositions to be official court procedures and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before these courts, as if each was appearing personally before the court at the time of the depositions.

  c. Counsel shall not at any time conduct himself or herself in a manner not becoming an officer of the court and not in full compliance with the civil rules of practice and all other orders of the courts. Neither counsel nor witnesses shall, at any time, engage in conduct that impedes, delays, or frustrates the examination of the witness. All counsel and the deponent must be treated with civility and respect.

8. **Location for Depositions**

    a. <u>Plaintiff Depositions</u> – Unless otherwise agreed by the parties' liaison counsel, depositions of plaintiffs (or representatives of the plaintiff) will take place in the plaintiff's locale or, by agreement of the parties, in the metropolitan city with a major airport closest to the deponent's residence.

    b. The location of the depositions shall be as consistent as feasible within each city, so that videotape equipment, if being used, can be left in place.

    c. <u>Defendants' Current and Former Employees</u> – To the extent reasonably possible, depositions of current and former employees of defendant shall take place at a mutually agreed-upon location in: Philadelphia, Pennsylvania; New Jersey; or the home federal district of the deponent.

9. **Attendance**

    a. <u>Who May be Present</u> – Unless otherwise agreed to by the PSC or Defense Lead or Liaison Counsel, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in 2:13-md-02436 or state Tylenol (Acetaminophen) cases (including any employee of such attorney who is assisting in the litigation and whose presence is reasonably required by the attorney), in-house counsel for defendants, the court reporter, and the videographer. For good cause shown, and upon prior notice to the PSC or Defense Lead or Liaison Counsel or request to the Court, attendance may be permitted for a person who does not fall within any of these categories.

    b. <u>Use of Confidential Documents</u> – Use of confidential documents and/or confidential information shall be used in accordance with CMO-1 (Regarding Confidential Information) entered in 2:13-md-02436.

10. **Conduct of the Deposition**

    a. Except by order of the court, the following provisions shall apply at all depositions of fact witnesses.

    b. <u>Selection of Attorneys to Conduct Examination and Length of Deposition</u> – One attorney will conduct the principal examination of the deponent on behalf of each of:

        i. the PSC;

        ii. plaintiffs in state court actions;

        iii. Defendants J&J and McNeil; and

        iv. each other named defendant(s).

    c. The attorney so designated by the PSC will cooperate with other plaintiffs' counsel in advance of the date scheduled for the deposition regarding the areas of examination in order to conduct a thorough and non-duplicative examination.

    d. <u>Sequence of Examination for Depositions</u>

        i. Questioning at the depositions to be taken by the PSC will be conducted in the following sequence:

            1. the primary examiner selected by the PSC—which may include a lawyer from the state court litigants;

            2. other 2:13-md-02436 plaintiffs' attorneys on non-redundant matters;

6

      3. the primary examiner selected by the state court litigants, if not the primary questioner in the deposition;

      4. the primary examiner selected by Defendants J&J and McNeil or other defendants as applicable;

      5. individual counsel for the deponent, if any; and

      6. any recross or redirect by those mentioned above.

    ii. Questioning at the depositions taken by Defense Lead or Liaison Counsel or designated counsel shall be conducted in the following sequence:

      1. the primary examiner selected by J&J and McNeil;

      2. any other 2:13-md-02436 counsel for defendants;

      3. the primary examiner selected by the PSC—which may include a lawyer from the state court litigants;

      4. any other 2:13-md-02436 plaintiffs' attorney on non-redundant matters;

      5. the primary examiner selected by the state court litigants if not the primary questioner in the deposition;

      6. individual counsel for the deponent, if any; and

      7. any recross or redirect by those mentioned above.

11. **Duration**

    a. The time limitations imposed by Fed. R. Civ. P. 30(d)(1)—one (1) day of seven (7) hours—shall apply in the MDL, unless the parties agree to a different time limitation or the court establishes a different time limitation.

b.  In the event a party desires to take a witness's deposition for a greater period of time than the time set forth above, the parties shall meet and confer to negotiate the amount of additional time, if any. If the parties are unable to agree, the party requesting the additional time may move the court for an Order granting the additional time. The parties shall attempt to address disputes related to depositions using the discovery dispute letter procedure contained in CMO-6, unless the timing of a forthcoming deposition or other event does not permit.

12. **Objections and Directions Not to Answer**

    a.  <u>Objections preserved until time of trial</u> – All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.

    b.  <u>Objection by one is for all</u> – Any objection made at a deposition shall be deemed to have been made on behalf of all other parties.

    c.  <u>No Speaking Objections</u> – Counsel shall refrain from engaging in colloquy during deposition. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question. No speaking objections are allowed and professionalism is to be maintained by all counsel at all times. Counsel shall not make objections or statements which might suggest an answer to a witness.

    d.  <u>Limited Instruction to not Answer</u> – Counsel shall not direct or request that a witness refuse to answer a question unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the court has ordered may not be

8

discovered, or a deponent or his or her counsel intend to present a motion to the court for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent, or to discover evidence that the deponent's counsel believes is not discoverable.

e. <u>Consulting with Witness during Deposition</u> – Private consultations between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted. Any such conferences such conferences may be held during normal recesses, adjournments, or if there is a break in the normal course of interrogation and no questions are pending. However, counsel shall not seek to alter the substance of the testimony of the witness during the aforementioned conferences.

f. <u>Objections to Documents</u> – Objections to the admissibility of documents are not waived and are reserved for later ruling by the court or trial judge. A party need not "move" the admission of a document in a deposition to preserve its use at trial.

g. <u>Authenticity of Exhibits</u> – Any objection to the authenticity of an exhibit used in the deposition must be made by defendants within twenty (20) days of the deposition, or the exhibit will be deemed authentic. If defendant subsequently obtains information that an exhibit is not authentic, it will promptly notify the PSC. All parties shall cooperate as necessary so that the court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

13. **<u>Disputes during the deposition</u>**

    a. Disputes between the parties arising during a deposition should be addressed to this court, or to a state court judge if the deposition is cross-noticed, rather than to the court in the district in which the deposition is being conducted.

    b. <u>If a dispute arises before or after a deposition</u> – Promptly upon filing a motion in the court in which her case is pending, the moving party will email a copy of the motion to Judge Stengel (Chambers_of_Judge_Lawrence_F_Stengel@paed.uscourts.gov) and his staff as follows: Melissa Mazur, Law Clerk (melissa_c_mazur@paed.uscourts.gov), and Pat Cardella, Deputy Clerk (pat_cardella@paed.uscourts.gov). Copies of the request, together with the supporting documents, shall be e-mailed to the counsel involved in the immediate dispute and the leadership of defendants and of plaintiffs for each jurisdiction. No supporting memorandum or brief will be necessary, unless requested by the court. Exhibits attached to the motion are discouraged and, if used, should be kept to a minimum. To the extent the dispute relates to an action outside of the MDL proceedings, this court will endeavor to coordinate conferral among the courts for resolution of the issue, consistent with the law of the various jurisdictions.

    c. <u>If a dispute arises during a deposition that requires expedited consideration</u> – The party requesting the intervention of the court will send a short email to this court (as set forth above) stating as follows: *"The parties to the Tylenol MDL request your assistance resolving a dispute in connection with an ongoing deposition, and request a time to confer with the court by telephone at its earliest convenience."* The party requesting assistance shall provide the court with a brief, non-argumentative description of the dispute that needs

resolution. The email shall be copied to lead counsel present at the deposition and to the designated lead and liaison counsel in the MDL. The email shall include the best telephone number(s) at which to reach the counsel involved in the deposition in which there is a dispute. After receipt of the email, the court will initiate a telephone conference between the court and counsel as soon as possible.

d. Nothing in this order should be read to prohibit any party from raising a dispute either before or after a deposition with any state court judge.

14. **Exhibits**

    a. <u>Marking</u> – The first time a document is marked as a deposition exhibit, it shall be referred to by the Bates number appearing on the document. Documents that have not been previously produced shall be assigned a Bates number from a range of numbers reserved for this purpose. Thereafter, the exhibit shall be referred to by its deposition exhibit number. Counsel shall use reasonable efforts to mark exhibits sequentially and shall attempt to use the previously marked exhibit number in subsequent depositions rather than re-marking the same exhibit with different exhibit numbers.

    b. <u>Copies</u> – A copy of any document about which examining counsel expects to question the deponent should ordinarily be provided to the reporter, the deponent, primary counsel for the parties, and deponent's counsel at the time it is presented to the deponent.

15. **Subpoenas and Documents**

    a. <u>Subpoenas Pre-Notice</u> – Prior to serving a valid subpoena pursuant to Fed. R. Civ. P. 45, the party serving the subpoena shall provide pre-notice service to the opposing party of no less

  than fifteen (15) days. If the opposing party fails to move to quash or seek other relief within the fifteen (15) day period, the serving party may serve the subpoena upon the witness.

 b. <u>Document Request Within Subpoena or Deposition Notice</u> – A subpoena or notice upon a witness to testify and product documents (duces tecum) shall be noticed and served with the subpoena or deposition notice and document request at least thirty (30) days before the scheduled deposition. This provision shall not supersede any preexisting agreement or order governing which documents should be produced and/or when.

16. **<u>Custodial Files</u>**

 a. <u>Supplementing</u> – Defendants shall supplement their custodial file of any employee, former employee or consultant within thirty (30) days of the date that the Notice of Deposition is served. The PSC shall not notice a deposition any sooner than thirty (30) days from the date the Notice of Deposition is served.

 b. <u>Certification from defendants</u> – This supplementation, if any, of the custodial file shall be accompanied by a good-faith certification from defendant that they have, in good faith, produced all relevant documents pertaining to that witness to the PSC. That certification shall also be accompanied by a privilege log relating to that witness so that the PSC may review and, if necessary, timely challenge any assertion of privilege relating to the deponent.

 c. <u>Redactions and Privilege</u> – With respect to any document withheld or redacted, the producing party shall produce a privilege log at the time of within seven (7) days of producing the custodial file materials.

12

17. **Image Recorded Depositions** – Any deposition may be videotaped at the request of any party, provided that the deposition notice or subpoena contains or is accompanied by a notice that the deposition will be videotaped and the following conditions are met:

    a. <u>Simultaneous Stenographic Recording</u> – All videotaped depositions shall be simultaneously stenographically recorded.

    b. <u>Cost of the Deposition</u> – The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording.

    c. <u>Access to Copies</u> – Subject to any restrictions contained within the Protective Order entered in this litigation, any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting counsel that noticed the deposition or the court reporter.

    d. <u>Videotape Operator</u> – The operator(s) of the videotape recording equipment shall be subject to the applicable provisions of Fed. R. Civ. P. 28 and similar state court rules.

    e. <u>Swearing the Witness</u> – At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately. The operator shall produce both video and DVD formats of each deposition.

    f. <u>Standards</u> – Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray

      exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

   g. <u>Filing</u> – After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

   h. <u>Technical Data</u> – Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

18. **<u>Correction and Signing Depositions</u>** – Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition. The deposition may be signed by the deponent before any notary within thirty (30) days after the transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

19. **<u>Coordination with State Court Actions/Cross-Noticing of Depositions</u>**

   a. <u>Cross-Notices</u> – Any witness deposition in this litigation subject to this Order may be cross-noticed by any party in any Tylenol-related action pending in state court. There should be full participation by all jurisdictions in every deposition.

   b. If a state court deposition has been cross-noticed in this MDL and state court plaintiffs wish to take a subsequent deposition of that witness, the state court plaintiffs shall raise that matter with the state court judge who is presiding over the state court litigation.

   c. <u>Coordination of Depositions</u> – Plaintiffs' counsel from all jurisdictions shall coordinate the scheduling of depositions and the duties for examination of the deponent. In the interest of

efficiency, the fewest number of attorneys possible should be used at each deposition. Under no circumstance shall more than two plaintiffs' attorneys for each jurisdiction question a witness.

20. **Use of Depositions** – Depositions conducted in this MDL may be used in related cases in any state court to the extent permitted by that state's laws and rules. Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used by or against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this court as part of this litigation):

   a. who is a party to this litigation;

   b. who was present or represented at the deposition;

   c. who was served with prior notice of the deposition or otherwise had reasonable notice thereof; or

   d. who, within thirty (30) calendar days after the transcription of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this Court in any action that is a part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

21. **Timing of Trial Preservation Deposition After Discovery Depositions** – To the extent defendants wish to conduct a "preservation" deposition for trial of a current or former employee or a consultant, the PSC shall be afforded at least thirty (30) days notice of the intent to take the preservation deposition and an opportunity to take a discovery deposition of that witness. In the event the PSC chooses to take a discovery deposition of the witness, the preservation deposition to

be taken by defendants shall not commence any sooner than seventy-two (72) hours after the completion of the discovery deposition.

22. **Supplemental Depositions** – The initial noticed deposition shall be presumed to be the complete deposition for discovery purposes barring exceptional circumstances. In the event a party seeks to re-depose a fact witness, the parties shall meet and confer regarding the request for a second deposition. If the parties are unable to reach an agreement, the party requesting the deposition may move the court for an order permitting the deposition. The parties shall attempt to address disputes related to depositions using the discovery dispute letter procedure contained in CMO-6, unless the timing of a forthcoming deposition or other event does not permit.

23. **Early Depositions** – If the parties become aware of persons who possess relevant information but who by reason of age or ill health may become unavailable for deposition, the deposition may be taken as soon as practicable.

24. **Court Reporting**

    a. Unless otherwise agreed to by the parties, Golkow Technologies will be used for court reporter and videographer services at depositions in the MDL proceedings.

    b. Golkow Technologies may also provide additional services to aid in the scheduling of and payment related to depositions on a case-by-case basis as agreed to in advance by the parties.

**SO ORDERED** this 3rd day of October, 2013.

> BY THE COURT,
>
> /s/Lawrence F. Stengel
> LAWRENCE F. STENGEL, J.