# EXHIBIT 22

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| **In re Ortho Evra® Products Liability Litigation**<br><br>**This Document Applies to All Cases** | MDL Docket No. 1742<br><br>N.D. Ohio Case No. 1:06-40000<br>JUDGE DAVID A. KATZ<br><br>**CASE MANAGEMENT ORDER NO. 7**<br><br>**DEPOSITION GUIDELINES** |

A.  Deposition Notices

1. This Order applies to all depositions in MDL-1742, which will be noticed and conducted pursuant to Fed. R. Civ. P. 30 and this Order.

2. This Order in its entirety shall be attached to any non-party subpoena or deposition notice.

3. Each deposition notice shall include the name and, if known, the general occupational description of each deponent, and the date, time and place of the deposition. The name(s) of the examiner(s) designated by the party noticing the deposition shall be provided two weeks before the deposition.

4. In order for counsel to make arrangements for adequate deposition space, whenever feasible counsel who intend to attend a deposition noticed by MDL-1742 plaintiffs should provide notice to Plaintiffs' Liaison Counsel of their intention to attend. Counsel who

intend to attend a deposition noticed by the MDL-1742 defendants should send notice of their intention to Defendants' Liaison Counsel.

5. Deposition notices shall state whether the deposition is to be videotaped and, if so, the name, firm and address of the videotape recorders. All videotape depositions shall proceed pursuant to the provisions of section L, *infra.*

B. <u>Cooperation</u>

Witnesses, parties and counsel must conduct themselves at depositions in a temperate, dignified, and responsible manner. Opposing counsel and the deponent must be treated with civility and respect. There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during deposition recesses.

C. <u>Scheduling</u>

Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions. Only one deposition of a current or former employee of the defendants shall be taken per day until such time as there is a demonstrated need to multitrack depositions of the employees of the defendants. At that time the parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions of employees of the defendants.

For depositions which are not case specific, each side shall be notified at least thirty (30) days in advance of a deposition, absent an extraordinary situation and leave of court.

Depositions of defense current and former employees ordinarily shall be no more than two (2) days in length.

D.     <u>Cross-Notices Between State Court Cases and These Proceedings</u>

In order to avoid duplicative discovery and to prevent the unnecessary expenditure of judicial resources and the resources of the parties, steps should be taken to encourage counsel in related state court proceedings to coordinate their depositions with MDL-1742 depositions.

If counsel cannot agree on the order of questioning at a deposition, these rules shall apply: if the deposition was originally noticed in this MDL, whether or not later cross-noticed in state court proceedings, MDL counsel shall go first in the deposition. If a deposition was originally noticed in a state court proceeding and is later cross-noticed in this MDL proceeding, the state court counsel shall go first in the deposition. Regardless of which counsel conducts the initial examination of the deponent, subsequent questioning shall not be redundant or repetitive, although clarification of prior testimony may be sought if reasonably calculated to elicit testimony that adds to the substance of prior testimony.

Nothing in this provision shall be construed as an injunctive or equitable order affecting state court proceedings. Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

E.     <u>Postponements</u>

Once a deposition has been scheduled, it shall not be taken off calendar, postponed, rescheduled, or relocated less than five (5) calendar days in advance of the date it is scheduled to occur, except upon agreement of counsel or by leave of Court for good cause.

F.     <u>Deposition Day</u>

A deposition day shall commence at 9:30 a.m. and terminate no later than 5:30 p.m. (except Friday when depositions shall end no later than 1:00 p.m.), local time. On Monday through Thursday there should be a one hour and fifteen minute lunch break, one short break

3

during the morning session, and two short breaks during the afternoon session. Modest variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the witness, but may not be unilaterally changed without approval of the Court.

G.   Continuance of Deposition

If a deposition is not finished on Friday of a deposition week, subject to the availability of the witness, the deposition will recommence on the following Monday. If the witness is not available for deposition on the following Monday, the deposition will continue on a newly-noticed date or an agreed date. In such circumstances, a ten (10) day notice will be sufficient to notice a continued deposition.

H.   Locations for Taking Depositions

1.   Unless otherwise agreed, depositions of plaintiffs will take place in each plaintiff's home district.

2.   Unless otherwise agreed by the parties prior to the noticing of an expert deposition, the deposition of an expert witness shall take place in the expert witness' home district.

3.   The location of the deposition shall be as consistent as possible within each city, so that videotape equipment, if being used, can be left in place.

4.   To the extent reasonably possible, depositions of current and former employees of defendants will take place in the district of such employee's place of business.  Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at the same location as current employees of the same defendant.  Absent such agreement, that deposition will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and parties.

I.  Attendance

Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in MDL-1742 or state cases, in-house counsel for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel. Experts who have signed the Protective Order may attend expert depositions of the other parties' experts but may not participate in the depositions. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. While a deponent is being examined about any document that the parties have agreed, or the Court has ordered, is confidential, attendance at that portion of the deposition by persons to whom disclosure is not authorized by agreement of the parties or by order of the Court shall be prohibited. Any portion of the deposition transcript containing documents or information subject to the Protective Order entered in this case shall be sealed in accordance with the terms of the Protective Order.

Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.

Telephonic participation shall be addressed on a witness by witness basis.

J.  Conduct

Except by order of the Court, the following shall apply at all depositions:

1.  Examination

Each side should ordinarily designate no more than two attorneys for the MDL and two attorneys for the state cases to participate in the deposition and conduct non-duplicative questioning.

5

In some depositions, there may be sufficient divergence of positions among various parties such that additional examiners may be appropriate on non-redundant matters. Therefore, other attorneys will be permitted to examine deponents on non-redundant matters. The non-redundant requirement will be strictly construed. Further, even if there is no divergence of position, if a state court attorney has non-redundant questioning he or she deems necessary or appropriate, that further questioning by that state court lawyer may proceed, subject to overall time limits.

Any party who believes that, due to a divergence of interest, it may be necessary to examine the deponent on non-redundant matters shall designate one attorney to conduct such non-redundant examination after the initial examination has concluded.

Counsel should cooperate in the allocation of time in order to comply with the time limits set by the Court.

    2.    <u>Objections and Directions Not to Answer</u>

Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all discovery depositions in this action:

> a) Objections must be limited to (1) those that would be waived if not made pursuant to Fed. R. Civ. P. 32(d)(3); and (2) those necessary to assert a privilege, enforce a limitation on evidence directed by the Court or present a motion under Fed. R. Civ. P. 30(d)(3). No other objections can be raised during the course of the deposition. In the event privilege is claimed, examining counsel may make appropriate inquiry about the basis for asserting privilege.

    b)  Speaking objections that refer to the facts of the case or suggest an answer to the deponent are improper and must not be made in the presence of the deponent.

  3.  <u>Objections to Documents</u>

Objections as to the relevance of documents are not waived, and are reserved for later ruling by the Court or by the trial judge. No objections to the use of any document are necessary or shall be noted on the record.

  4.  <u>Disputes During Depositions</u>

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to Judge Katz by telephone. In the event Judge Katz is not available, the deposition shall continue with full reservation of rights of the interrogation for a ruling at the earliest possible time.

If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to Judge Katz by telephone, or to present the dispute to the Court in writing. If the parties elect to present the dispute to the Court in writing, each side must submit a one (1) page summary of its position and any authority relevant to the dispute. The Court will issue a prompt ruling, as its schedule permits.

In the event the Court is unavailable by telephone to resolve disputes arising during the course of a deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

None of the provisions in this Section shall deny counsel the right to continue the deposition, file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court if counsel deems it necessary.

Disputes between the parties should be addressed to this Court rather than to the District Court in which the deposition is being conducted.

K.  Stenographic Recording

A certified Court reporter shall stenographically record all deposition proceedings and testimony. The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits). A copy of all deposition exhibits shall be included with the original deposition transcript. The noticing party shall be responsible for the court reporter furnishing computer disks in text-readable form and hard copy in Min-U-Script format to Liaison Counsel for Plaintiffs and Defendants.

L.  Videotaped Depositions

The provisions of this Order regarding examination of deponents apply to videotaped depositions. Any deposition may be videotaped at the request of any party pursuant to the following terms and conditions:

1.  Simultaneous Stenographic Recording

All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph K, above.

8

2. <u>Cost of the Deposition</u>

The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording. Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

3. <u>Videotape Operator</u>

The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

4. <u>Attendance</u>

Before commencement of the deposition, each witness, attorney, and any other person attending the deposition shall submit to the court reporter in writing his or her name, the name of his or her firm, business address, and the name of the client he or she represents. The list of these people shall be included at the beginning of the deposition transcript. In addition, at the commencement of the deposition, each witness, attorney and any other person attending the deposition shall be identified on camera.

5. <u>Interruptions</u>

No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions. The video operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

6. <u>Standards</u>

The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial. Unless physically incapacitated, the deponent shall be seated at

9

a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition.

Defendants reserve the right to seek an Order from the Court that the examiner as well as the witness be recorded, and that if a second camera is necessary to accomplish such recording, defendants agree to bear such expense.

7. <u>Index</u>

The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

8. <u>Filing</u>

After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic Court reporter, and file a true copy of the video tape, the transcript, and certificate with Liaison Counsel for Plaintiffs and Defendants.

10. Technical Data

Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included on copies of the videotaped deposition.

M. Obtaining Copies of Transcripts and Videotapes

Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

N. Correction and Signing Depositions

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition. The deposition may be signed by the deponent within thirty (30) days after the transcript is submitted to the deponent. If no corrections are made, the transcript will be presumed accurate.

IT IS SO ORDERED.

| August 25, 2006 | s/ David A. Katz |
|---|---|
| DATE | DAVID A. KATZ, United States District Judge |

30180.00231.899785.1

11