# EXHIBIT 23

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE: NATIONAL HOCKEY LEAGUE PLAYERS' CONCUSSION INJURY LITIGATION | ) ) ) ) | MDL No. 14-2551 (SRN/JSM) |
| This Document Relates to: ALL ACTIONS _____ | ) ) ) | Pretrial Order No. 6 Deposition Protocol |

The Court hereby adopts this Pretrial Order, which shall govern deposition protocols and procedures in all cases in this MDL proceeding.

**1. Depositions – Generally.** The procedures governing and limiting depositions, including resolution of any disputes arising during depositions, shall be in accordance with the Federal Rules of Civil Procedure. Counsel are expected to cooperate with, and be courteous to, each other and each deponent.

**2. Scheduling of Depositions.** Absent extraordinary circumstances, counsel shall consult in advance in an effort to schedule depositions at mutually convenient times and places. Telephonic depositions shall only be permitted by express agreement of the parties and the deponent, or with leave of Court. Plaintiffs' Lead Counsel and defendant's Lead Counsel shall attempt to establish by mutual agreement a schedule for depositions in this proceeding that reflects sequencing consistent with the objective of avoiding the need to subject any person to repeated depositions. The parties shall work cooperatively to ensure a fair and orderly process for the scheduling of depositions, and shall comply with all of the other directives set forth in this Order. Depositions shall not be allowed, without leave of Court or by agreement of the parties, on less than fourteen days' notice.

1

**3. Notices.** The Court expects that the use of formal notices of depositions or subpoenas with respect to party witnesses will be unnecessary in this case – that is, party witnesses will be produced in accordance with whatever schedule is developed. Liaison Counsel shall respectively be responsible for keeping plaintiffs' and defendant's counsel fully apprised of the scheduling of any depositions in this proceeding. The parties shall use their best efforts to coordinate the scheduling of any third-party and/or non-party witnesses.

**4.** As soon as practicable after or in conjunction with the scheduling of the depositions of party fact witnesses set forth above, the parties shall exchange lists of the plaintiffs and other case-specific fact witnesses that the parties wish to depose. Plaintiffs' Lead Counsel and Defendant's Liaison Counsel (or their designees) shall attempt to establish by mutual agreement a schedule for depositions of the plaintiffs and other case-specific fact witnesses.

**5. Number of Depositions.** Plaintiffs and the NHL shall each be allowed 40 depositions of fact witnesses. This number does not include expert witnesses and/or treating physicians. Any party may seek additional depositions either by agreement of the parties or by leave of the Court.

**6. Avoidance of Duplicative Depositions.** Absent agreement of the parties or leave of Court, no witness should be deposed more than once in these proceedings. Supplemental depositions will be permitted only upon motion demonstrating (a) a compelling need for the information sought and (b) compelling reasons why the desired lines of questioning could not have been pursued in the original deposition and why the

2

information cannot be obtained from any persons available for future depositions. If permitted, a supplemental deposition shall be treated as the resumption of the deposition originally noticed. Examination in any supplemental deposition shall not be repetitive of any prior interrogation.

**7. Attendance.** Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the parties' counsel (including in-house counsel), the deponent, the deponent's attorney, the parties' expert witnesses, court reporters, videographers, and members and/or employees of the law firms of counsel of record. Upon application to the Court, and for good cause shown, attendance by a person who does not fall within any of the categories set forth in the previous sentence may be permitted. Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court. While a deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Confidentiality Order shall be excluded.

**8. Videotaping.** Videotaping of depositions shall be permitted upon request by the noticing party. Even when a deposition is videotaped, the stenographic record shall be the official record of the deposition. The party requesting the videotape shall bear the cost of the videotaping.

**9. Conduct of Depositions.** In any deposition, each side should endeavor to limit the number of attorneys questioning each witness by conferring in advance of the deposition to allow one attorney to be the primary questioner. Attorneys who may wish

3

to question a deponent should confer in advance to allocate among themselves the time permitted for the deposition.

**10. Objections.** Counsel shall comply with Fed. R. Civ. P. 30(d)(1). Directions to the deponent not to answer are improper except on the ground of privilege or to enable a party or deponent to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the party or deponent. The only objections that may be raised at the deposition are those involving a privilege against disclosure or some matter that may be remedied if presented at the time, such as to the form of the question or the responsiveness of the answer. Objections on other grounds are unnecessary and shall not be made. In addition, the examining attorney may elect to waive the requirement that objections be voiced regarding matters that may be remedied if presented at the time, and allow those objections to be preserved, in which event such objections are unnecessary and shall not be made. Any objections that are made must be stated concisely and in a non-argumentative and non-suggestive manner, such as would be appropriate if the examination was conducted before a judicial officer.

**11. Privilege.** When a privilege is claimed, the witness should nevertheless answer the questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement.

**12. Consultation.** Private consultations between deponents and their attorneys during the actual taking of the deposition are improper except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, such conferences may be held during normal recesses and adjournments.

13. **Duration of Examinations.** Except by agreement of the parties, the deposition of any fact witness shall be limited to seven (7) hours, excluding time taken for breaks, meals, and other reasons. The seven hours shall be allocated as follows: up to six (6) hours of the deposition may be used by the side of the party requesting the deposition, and no more than one (1) hour shall be used by the opposing counsel. A deposition shall not extend over more than two consecutive days (except by agreement of the parties).

14. The deposition of any expert witness shall be limited to ten (10) hours, excluding time taken for breaks, meals, and other reasons. The ten hours shall be allocated as follows: up to eight (8) hours may be used for questions by the side of the party noticing the deposition, and no more than two (2) hours shall be used by the deponent's counsel and/or by counsel opposing the party that noticed the deposition.

15. Motions for leave of Court to deviate from the time limitations in paragraphs 14 and 15, above, are disfavored and should be made only if the parties cannot reasonably agree to a deviation; such motions will be granted only for compelling reasons. Any request to extend the time limit on a deposition must be accompanied by a certification that compelling reasons preclude completion of the deposition during the

5

allotted period and that the particular information being sought cannot be elicited from a witness that is (or could be) scheduled to appear at another time. In the event that the deposition involves a translator, the maximum length of the deposition shall be increased as is reasonably necessary by up to 75%.

**16. Depositions of Treating Healthcare Providers.** Depositions of treating healthcare providers shall be subject to the time limitations applicable to fact witnesses.

**17. Use.** Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in, or transferred to this Court as part of this litigation): (1) who was present or represented at the deposition; (2) who had reasonable notice thereof; or (3) who, within thirty (30) days after the filing of the deposition (or, if later, within sixty (60) days after becoming a party in this court in any action that is a part of this litigation), fails to show just cause why such deposition should not be usable against such party. However, this Order does not address the admissibility for trial purposes of any testimony taken by deposition. Determinations on the admissibility of any such testimony shall be made in each coordinated proceeding or at trial.

**18. Deposition Disputes.** During depositions, disputes that arise that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require a rescheduling of the deposition, may be presented to the Court by telephone. The presentation of the issue and the Court's ruling will be recorded as part of the deposition. The undersigned will exercise by telephone the authority

granted under 28 U.S.C. § 1407(b) to act as district judge in the district in which the deposition is taken. The Court will provide the parties with a telephone number to reach the undersigned for any deposition disputes.

**IT IS SO ORDERED.**

ST. PAUL, MINNESOTA, this 19th day of December 2014.

<u>s/Susan Richard Nelson</u>
SUSAN RICHARD NELSON
UNITED STATES DISTRICT JUDGE