# EXHIBIT G

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

**This Document Relates to:**

**ALL CASES**

### CASE MANAGEMENT ORDER NUMBER 6
### UNIFIED CASE MANAGEMENT PLAN

**Herndon, Chief Judge:**

Pursuant to Paragraph 10(e) of CMO #1, the parties hereby submit this Unified Case Management Plan. Accordingly, the Court hereby **ORDERS AS FOLLOWS:**

1. **Initial Disclosures.** Boehringer Ingelheim Pharmaceuticals, Inc. shall make Initial Disclosures required by Fed.R.Civ.P. 26(a) by November 1, 2012. Such disclosures may be captioned with the MDL caption and are not required to be made in each individual action. The Initial Disclosure requirements for plaintiffs in this MDL are suspended.

2. **Direct Filing Order.** Cases to be filed during the pendency of this MDL may be filed directly into this Court in accordance with requirements and rules set forth Case Management Order # 7 (Order Regarding Direct Filing).

3.  **Depositions.**

   a.  Plaintiffs have already served a 30(b)(6) deposition notice in certain cases in this district prior to consolidation.  The parties are conferring about the scope and content of such notice and, subject to such efforts as well as any rulings by the Court related to such deposition, the deposition shall be conducted on or before November 16, 2012.

   b.  The employee witness deposition period concerning Boehringer Ingelheim Pharmaceuticals, Inc. and Pradaxa shall occur between March 1, 2013 and ideally conclude by October 31, 2013.

   c.  Depositions shall be conducted pursuant to the terms of Case Management Order No. 8 (Regarding Deposition Protocol).

4.  **Selection of Bellwether Plaintiffs & Plaintiff-Specific Discovery**

   a.  On or March 1, 2013, the parties shall submit to the Court a proposed Order identifying the process and parameters for selecting bellwether plaintiffs.  The proposed Order may include topics and issues such as: (i) categories from which bellwether plaintiffs shall be selected; (ii) characteristics which can be used to delineate said categories; and (iii) numbers of plaintiffs.

   b.  By April 15, 2013, each plaintiffs' attorney with a served Plaintiff Fact Sheet will confirm in writing that each such client is living and able to

serve as a bellwether plaintiff. If the plaintiff is no longer living or able to serve, then Plaintiff's counsel shall so notify defendants' counsel. Such information is necessary so that the parties can begin the process of identifying representative categories of plaintiffs for the bellwether discovery and trial process.

c. By May 15, 2013, the Plaintiffs and Defendants shall identify in writing twelve (12) bellwether candidates per side that shall serve as bellwether discovery plaintiffs. The process and mechanisms of designations and selections of bellwethers shall be done in accordance the CMO that is submitted on or before March 1, 2013, as set forth in paragraph 4.a, above.

d. Between May 15, 2013and October 31, 2013, bellwether discovery shall take place, with a maximum of five (5) depositions per side for each case.

e. On October 31, 2013, each side shall provide the Court with the specified number of bellwether cases from which the trial pool will be selected as is required in the CMO that will be submitted on March 1, 2013, as set forth in paragraph 4.a, above.

f. By November 15, 2013, the Court will select four bellwether cases to serve as the first four bellwether trial cases, and designate the order of such bellwether trials.

5. **Expert Discovery and Designations.**

   a.  On or before December 20, 2013, Plaintiffs shall designate, pursuant to Rule 26, Fed.R.Civ.P. 26, their expert witnesses for each of the first four bellwether trial cases.

   b.  On or before January 31, 2014 Defendants shall designate their expert witnesses pursuant to Rule 26, Fed.R.Civ.P.

   c.  On or before February 14, 2014, Plaintiffs shall designate any rebuttal expert witnesses, pursuant to Rule 26, Fed.R.Civ.P.

   d.  Each expert designation shall include at least two available dates when each expert is being tendered for deposition.

   e.  Depositions of expert witnesses shall take place between February 20, 2014 and April 23, 2014.  It is the intention of the parties that the depositions of plaintiffs' expert witnesses be taken before the defendants' expert witnesses.

   f.  The parties intend that the limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provision of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply to all cases, whether pending in state or federal court. Accordingly, counsel shall jointly seek to enter in all state court proceedings, whether already filed or hereafter filed, an

order expressly agreeing that the limitations on expert discovery set forth in Rule 26(b)(4)(A)-(D) shall apply in all such state court proceedings.

6. **Summary Judgment & *Daubert* Motions.**

   a. Plaintiffs and Defendants shall file summary judgment motions, and motions for partial summary judgment more than one-hundred (100) days prior to the first bellwether trial, by April 28, 2014

   b. All *Daubert* motions shall be filed on the same day.

   c. Responses to Summary Judgment Motions and *Daubert* motions shall be filed thirty (30) days later, on May 28, 2014.

   d. Replies to Responses to Summary Judgment Motions and Daubert motions shall be filed fourteen (14) days later, on June 11, 2014.

7. **Bellwether Trials**

   a. The four MDL bellwether trials, and a trial already set in Connecticut state court, shall be scheduled to occur approximately six (6) weeks apart.

   b. The schedule for bellwether trials is as follows:

   | | | |
   |---|---|---|
   | 1. | MDL Bellwether #1 | – August 11, 2014 |
   | 2. | Connecticut State Court Trial | – September 22, 2014 |
   | 3. | MDL Bellwether #2 | – November 3, 2014 |
   | 4. | MDL Bellwether #3 | – January 5, 2015 |
   | 5. | MDL Bellwether #4 | – February 16, 2015 |

If any state court in California, Connecticut, Illinois or Nevada (if any cases are filed there) sets a trial (other than the Connecticut trial referenced above) to commence during the current schedule for bellwether trials in this MDL (August 11, 2014 through March 31, 2015), MDL lead counsel shall notify the MDL Court immediately.   In such instance, the MDL Court intends to coordinate with such state court, and if necessary, delay the MDL bellwether trial set at the same time as such a state court trial, so that two Pradaxa trials are not simultaneously occurring until the end of the MDL bellwether trial schedule as set forth above concludes March 31, 2015.   It is the intent of the parties that no other trial dates earlier than those set in this Order except as may be required pursuant to California Civil Practice Section 36 or in comparable, *in extremis* situations in other jurisdictions.   Additionally, the parties agree that—except as set forth in the previous sentence—it is their intent that no trial setting shall occur before the first MDL trial setting in August 2014, and it is further the parties intent that no other trial settings other than those listed above will be sought before November, 2014.

8. **Settlement Negotiations**

The parties have discussed the Court's instruction in Case Management Order Number 1 regarding settlement discussions and the parties have agreed that, to comply with such directive, they will engage in the following process:

   a. on or before July 1, 2013, the parties (MDL plaintiffs, state court liaison from each state court jurisdiction and defendants) will each

designate settlement counsel to be the primary contact for settlement discussions and agree on a Mediator to facilitate settlement negotiations.    In the event the parties are not able to agree on a Mediator, they will notify the court jointly on or before July 2, 2013, through a single, joint letter requesting the designation of a Mediator by this Court.  Such letter shall not exceed two pages in length, and may identify up to three proposed Mediators proposed by each side.

c. beginning in August, 2013, the parties shall meet and confer at least one time per month to discuss settlement.  Initial conferences may take place in person, via video conference, or by other means at the parties' discretion, provided the designated Mediator is a part of at least one such communication per month.  No later than September, 2013, at least one in-person session shall have taken place at a site mutually agreed upon by the parties. Thereafter, negotiations may continue either in person or as agreed to by the parties and the Mediator.

d. The mediator and settlement counsel for the parties may, in the Court's discretion, be asked to report to the Court on the status of settlement discussions.

e. Notwithstanding the provisions of Case Management Order Number 1, the procedure set forth in this Order provides the requirements for settlement discussions unless later amended by the Court. Nothing in

this Order is intended to limit the parties' abilities to engage in additional settlement negotiations.

9. **Cooperation with State Courts**

This Order is being entered in reliance on representations of Lead Counsel for the Plaintiffs and Defendants and counsel for plaintiffs in state court actions presently pending in California, Connecticut, and Illinois, that the parties in those state court actions, including those that may be filed after the date of the entry of this order: (a) intend to benefit from the efforts at coordination and cooperation set forth in this and other Orders entered by this Court; (b) do not intend to request scheduling orders that set earlier deadlines than any of those set forth in this Order; and (c) do not intend to engage in duplicative discovery, or additional discovery in relation to that set forth in this Order (i.e., seek more than twenty-two (22) depositions of BIPI witnesses) and the Court's Order governing deposition protocol (i.e., seek more than the two (2) days per witness scheduled for depositions herein).  Scheduling or discovery conflicts that arise in any state court proceedings may be brought to the attention of this Court, and the Court shall endeavor to coordinate with the presiding Judge(s) of such action(s) in an effort to resolve any such conflicts.

**IT IS SO ORDERED.**

Digitally signed by
David R. Herndon
Date: 2012.10.03
14:04:49 -05'00'

**Chief Judge**                                    **Date: October 3, 2012**
**United States District Court**