UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO ALL ACTIONS | JUDGE ELDON E. FALLON |
| | MAG. JUDGE NORTH |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR TWO CAMERAS AT DEPOSITIONS**

Pursuant to Federal Rule of Civil Procedure 30(b)(3)(A), Defendants Bayer Corporation, Bayer Pharma AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho, LLC (collectively, "Defendants") submit this memorandum in support of their motion for two cameras at depositions.

## INTRODUCTION

Defendants propose to follow current mass tort practice and have two cameras at depositions – one on the witness and one on the questioner. Plaintiffs oppose this. The issue before the Court is whether while watching videotaped testimony, the jury should see a recreation of the reality of the court room or simply a talking head with a rough voice from the stratosphere barking questions. The Defendants ask the Court to permit the use of two cameras at depositions, one on the witness (paid for by the plaintiffs) and one on the questioner (paid for by the defense), conforming to a now widespread practice in state and federal litigation. Using two cameras in this manner creates a more realistic record and a dialogue between examiner and witness that much more closely resembles what would be seen in the courtroom. *See* attached as Exhibit A. Defendants submit this brief in support of their application.

## ARGUMENT

Federal Rule of Civil Procedure 30(b)(3)(A), which allows the recording of deposition testimony "by audio, audio-visual, or stenographic means," does not address how many cameras may be present at a videotaped deposition. The Advisory Committee Notes to the 2007 amendments of Rule 30 simply make clear that "[t]he right to arrange a deposition transcription should be open to any party, regardless of the means of recording and regardless of who noticed the deposition." FED. R. CIV. P. 30, Advisory Comm. Notes. Courts have noted concern that valuable non-verbal cues may be lost when only one camera is used to capture testimony. Judge Abraham L. Freedman articulated the value in this form of evidence, stating:

> Demeanor is of the utmost importance in the determination of the credibility of a witness. The innumerable telltale indications which fall from a witness during the course of his examination are often much more of an indication of his credibility and the reliability of his evidence than is the literal meaning of his words.

*Gov't of the Virgin Islands v. Aquino*, 378 F.2d 540, 548 (3d Cir. 1967).

The advantage of videotaped depositions is that it allows "the jury [to] connect[] a face to words, absorb[] the context of questions and answers, and gain[] a purchase on [the witness's] testimony that is absent without the immediacy of their image. . . ." *U.S. v. Nippon Paper Indus. Co.*, 17 F. Supp. 2d 38, 39 (D. Mass. 1998). It "provides as close an approximation to the actual presence of the witness in the courtroom and thus achieves the desirable result of placing the jury in a better position to carry out its function of evaluating the credibility of the witnesses than does the reading of the written depositions." *Gavlock v. Coleman*, 493 N.W.2d 94, 99 (Iowa App. 1992) (citing *State ex rel. Lucas v. Moss*, 498 S.W.2d 289, 292 (Mo. banc 1973)). As one commentator pointed out, "speakers use more than words to communicate"; thus, listeners look to other "features such as pitch, rhythm and intonation, as well as visual features such as head

nods, hand gestures and posture" in order to form a complete understanding of a particular message. Rebecca White Berch, *A Proposal To Amend Rule 30(b) Of The Rules Of Civil Procedure*, 59 FORDHAM L. REV. 347, 347 (1990); *see also* Manual For Complex Litigation (Fourth) § 23.345 (testimony on video "provides a more lively and interesting presentation than reading a transcript at trial").

The benefits of videotaped depositions have been embraced by judges across the country. Such an Order was entered less than a month ago by Hon. Joel Schneider in the *In Re: Benicar (Olmesartan) Products Liability* Litigation Master Docket No. 15-2606 (RBK/JS) over the opposition of plaintiffs' counsel (attached as Exhibit B). Likewise, Multi-District Litigation Courts routinely allow the use of two cameras during depositions. For example:

- *Propulsid* MDL: Judge Fallon permitted the questioner to "use a two-video camera system with monitors available for use by counsel." Pretrial Order #2, *In re Propulsid Prods. Liab. Litig.*, MDL No. 1355, ¶ 11 (E.D. La. Dec. 7, 2000) (attached as Exhibit C).

- Pinnacle Hip Implant MDL: Judge Ed Kinkeade of the Northern District of Texas permitted the use of up to three cameras during depositions. *See* Status Conference Tr. 7:15-8:6, *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, MDL No. 2244 (N.D. Tex. Jan. 23, 2013) (attached as Exhibit D).

- ASR Hip Implant MDL: Judge David A. Katz of the Northern District of Ohio ruled that a second camera could be used at depositions to videotape the questioner. *In re DePuy Orthopaedics, Inc., ASR Hip Implant Prods. Liab. Litig.*, MDL No. 2197 (N.D.O.H. Nov. 22, 2011).

- *Yasmin and Yaz* MDL: Judge David R. Herndon of the Southern District of Illinois allowed the use of two additional cameras at videotaped depositions. *See* Case Mgmt. Order No. 28, *In re Yasmin and Yaz (Drospirenone) Marketing, Sales, Practices and Prods. Liab. Litig.*, MDL No. 2100, ¶ K(6) (S.D. Ill. Feb. 28, 2011) (attached as Exhibit E).

- *Levaquin* MDL: Judge Tunheim permitted any party "who wishes to videotape the attorney(s) questioning and the witness" at a deposition, as long as the party "arrange[d] for such additional videotaping" and paid for it. *See* Pretrial Order #2, *In re Levaquin Prods. Liab. Litig.*, MDL No. 08-1943, ¶ 8(f) (D. Minn. Nov. 21, 2008) (attached as Exhibit F).

- *Ortho Evra* MDL: Judge David A. Katz of the Northern District of Ohio permitted the use of a second camera by defendants during depositions. *See* Case Mgmt. Order No. 7, *In re Ortho Evra Prods. Liab. Litig.*, MDL No. 1742, ¶ L(6) (N.D. Ohio Aug. 25, 2006) (attached as Exhibit G).

- *Prempro* MDL: Judge Williams R. Wilson, Jr. of the United States District Court for the Eastern District of Arkansas entered a similar order in the *Prempro* MDL litigation, providing that "[t]wo or three video cameras may be used. The cameras shall videotape the deponent, questioner, and/or exhibit." *See* Practice and Procedure Order No. 2 (Depositions), *In re Prempro Prods. Liab. Litig.*, Case No. 4:03-cv-1507, ¶ 10.J. (E.D. Ark. July 3, 2003) (attached as Exhibit H).

- *PPA* MDL: Two video cameras were used for all corporate witness depositions in *In re PPA Products Liability Litigation*. *See* Case Mgmt. Order 1, ¶ H.13, MDL No. 1407 (W.D. Wash. Jan. 4, 2002) (attached as Exhibit I) ("During the videotaping of a deposition, the questioner may use a two-video camera system with monitors available for use by counsel").

- *Rezulin* MDL: Judge Kaplan ruled that "[d]uring the videotaping of a deposition, the examiner may use a two or three video camera system with monitors available for use by counsel." *See* (Corrected) Pretrial Order No. 12, *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, ¶ 1.11.11 (S.D.N.Y. Mar. 2, 2001) (attached as Exhibit J).

- *Norplant* MDL: The Honorable Richard Schell permitting "a two video camera system" in all depositions for recording of the "deponent [] or questioner[]." *In re Norplant Contraceptive Products Litig.*, MDL No. 1038, 1996 WL 42053, at *6 (E.D. Tex. Jan. 19, 1996) (attached as Exhibit K).

S*ee also Zottola v. Anesthesia Consultants of Savannah, P.C.*, No. CV-411-54, 2012 U.S. Dist. LEXIS 184542, at *26-27 (S.D. Ga. June 7, 2012) (granting a re-deposition request with express limitations, including a directive that the "deposition must be videotaped at plaintiff's expense and at least two cameras must be employed, one focused on the witness and another on plaintiff's counsel.").

Other state court coordinated proceedings have likewise followed suit. *See, e.g.*, Order, *In re Yaz/Yasmin/Ocella Litig.*, Case No. 287, ¶ K6 (N.J. Super. Ct. Law Div. Bergen County, May 23, 2011) (Martinotti, J.S.C.) (attached as Exhibit L); Case Mgmt. Order No. 14, *In re Levaquin Litig.*, Case No. 286, ¶¶ 1-2 (N.J. Super. Ct. Law Div. Atlantic County, Nov. 15, 2010) (Higbee, P.J.Cv.) (authorizing use of second and third cameras at deposition) (attached as Exhibit M);

Case Mgmt. Order No. 14, *In re Risperdal/Seroquel/Zyprexa Litig.*, Case Code 274, ¶ 4 (N.J. Super. Ct. Law Div. Middlesex County, Apr. 6, 2009) (Happas, J.S.C.) ("Any party who intends to use a videographer to video the questioning attorney at depositions, may do so.") (attached as Ex. N); Order, *Brown v. Johnson & Johnson*, No. MID-L-5446-05-MT, at 3 (N.J. Super. Ct. Law Div. Middlesex County, Dec. 15, 2006) (Garruto, J.S.C.) (ordering that two or three cameras could be used at depositions) (attached as Exhibit O). *See* Order, *In re DePuy ASR Hip Litig.*, No. 10-L-10506 (Cook County, Ill. Feb. 1, 2012) (attached as Exhibit P); *see also* Case Mgmt. Order Regarding Deposition Protocol, *In re Yaz, Yasmin, and Ocella Contraceptive Cases*, JCCP 4608, ¶ K(6) (Superior Court of the State of California, County of Los Angeles, Mar. 4, 2011) (attached as Exhibit Q) (permitting the use of two additional cameras at videotaped depositions); Case Mgmt. Order 16 Regarding Deposition Protocol, *In re Yaz, Yasmin, Ocella, Prod. Liab. Litig.*, No. 1307, ¶ K(6) (Phila. C.C.P. Mar. 1, 2011) (attached as Exhibit R) (same).

Members of Plaintiffs' Steering Committee and Plaintiffs' Lead Counsel have been involved in most of the MDL litigations noted above and are aware of how frequently and seamlessly two cameras are used during depositions. Indeed, in the ASR MDL/NJ Hip litigation alone, there were close to 100 days of depositions and all involved two cameras and many involved the same lawyers active in the litigation before the Court including but not limited to the Levin Papantonio firm. Likewise, all the depositions in the ORTHO EVRA MDL/NJ litigation had two cameras; the Weitz & Luxenburg firm, among others, played an active deposition role there.

Aside from assisting in instilling some modicum of order at the depositions, the purpose of having a second camera is to create the atmosphere of the courtroom, so the jury can see both the questioner and the witness. It creates a realistic record which is both more interesting for the

jury and more informative. The camera is focused on the questioner's face and there have been no abuses of this process in this litigation or in any other litigations to our knowledge.

The one ruling disallowing two cameras is easily distinguishable. *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, MDL No. 2385, where the Court denied the use of additional cameras during depositions. *See* Case Mgmt. Order No. 59 (S.D. Ill. Feb. 24, 2014) (attached as Exhibit S). Unlike the situation here, in the *Pradaxa* litigation, the defendants filed a motion for a protective order claiming that plaintiffs' attorneys had acted in an inappropriate and unprofessional manner towards witnesses and opposing counsel during depositions that were overseen by a Special Master. To stop the abusive behavior, defendants requested a variety of relief from the Court, including permission to halt depositions when questioners engaged in abusive or improper behavior, clarification as to the role and authority of the Special Master, and permission to use an additional video camera. The Court directed plaintiffs to "refrain from engaging in colloquy during depositions" and to "avoid inappropriate comments that will have to be edited from the record" but denied defendants' request to use an additional camera based on the fact that the Court had "procedures already in place, including the presence of Special Master Stack at depositions, for addressing objectionable conduct." *Id.* at *3. By contrast, here the defense does not seek a second camera as a behavior modification device.

## CONCLUSION

For all of the foregoing reasons, Defendants submit that there should be a second camera in use at all videotaped depositions of Company witnesses, at the expense of the defense. The failure to have a second camera significantly prejudices the defense – without preserving the evidence, the opportunity to use it at trial is lost. By contrast, there is no prejudice whatsoever to plaintiffs. Defendants are NOT asserting at this time that a videotaped deposition showing both

the witness and examiner should be shown at trial.   That is an issue for another day, and an issue that each trial judge, state and federal, will need to make.  But each judge and each litigant will lose the opportunity to make such a decision if the second camera is not used now.

Dated: January 15, 2016

                                                                    KAYE SCHOLER LLP

                                                                    By: /s/ *Steven Glickstein*
Steven Glickstein
William Hoffman
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
sglickstein@kayescholer.com

*Co-Lead Defense Counsel*

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Co-Lead Defense Counsel*

        IRWIN FRITCHIE URQUHART & MOORE LLC

        By: /s/ *James B. Irwin*
        James B. Irwin
        Kim E. Moore
        IRWIN FRITCHIE URQUHART
        & MOORE LLC
        400 Poydras Street
        Suite 2700
        New Orleans, LA 70130
        Telephone: (504) 310-2100
        Facsimile:  (504) 310-2120
        jirwin@irwinllc.com

        *Defendants' Co-Liaison Counsel*


        CHAFFE MCCALL L.L.P.

        By: /s/ *John F. Olinde*
        John F. Olinde
        CHAFFE McCALL L.L.P.
        1100 Poydras Street
        Suite 2300
        New Orleans, LA 70163
        Telephone: (504) 585-7241
        Facsimile: (504) 544-6084
        olinde@chaffe.com

        *Defendants' Co-Liaison Counsel*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 15, 2015, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

        */s/ James B. Irwin*
        **James B. Irwin**