# EXHIBIT B

[Doc. No. 189]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: BENICAR (OLMESARTAN) PRODUCTS LIABILITY LITIGATION | Master Docket No. 15-2606 (RBK/JS) |

**O R D E R**

The Court having held a discovery conference with the parties on November 18, 2015; and this Order intending to confirm the Court's rulings; and this Order also intending to address defendants' Motion for Reconsideration [Doc. No. 189] which will be GRANTED in part and DENIED in part as set forth herein; and accordingly,

IT IS HEREBY ORDERED this 23rd day of November, 2015, as follows:

1. The number of plaintiffs' depositions of defendants' employees and ex-employees shall be limited as stated herein. Plaintiffs may depose no more than twenty (20) employees or ex-employees of Daiichi Sankyo Co., LTD. ("Daiichi Japan"), no more than twenty (20) employees or ex-employees of Daiichi Sankyo, Inc. ("Daiichi U.S."), and no more than ten (10) employees or

1

ex-employees of Forest Laboratories, LLC, Forest
Pharmaceuticals, Inc., and Forest Research Institute, Inc.
(collectively "Forest"). These depositions shall focus on
causation issues. Upon plaintiffs' application and for good
cause shown, the Court may grant plaintiffs leave to take
additional depositions.

2.  Plaintiffs' depositions of Daiichi Japan and Daiichi
U.S. employees and ex-employees will occur in two stages. The
first stage shall commence on March 1, 2016 and end no later
than April 29, 2016. These depositions shall focus on employees
and ex-employees of Daiichi U.S. The second stage shall commence
on May 2, 2016 and end no later than June 30, 2016. These
depositions shall focus on employees and ex-employees of Daiichi
Japan. Depositions of the Forest defendants' employees and ex-
employees will be addressed in a future order.

3.  Plaintiffs' depositions of Daiichi Japan's employees
shall occur in Hawaii, absent consent of all parties to hold the
depositions in another location.

4.  Defendants may arrange for a second video camera at
the depositions of the employees and ex-employees of Daiichi
Japan, Daiichi U.S., and Forest for the purposes of video
recording the questioning attorneys. Defendants shall bear the
expense. The Court is not addressing at this time how and if the
video recordings made by defendants may be used at trial.

5.    Defendants are not required to provide plaintiffs with advanced notice of a potential Daiichi Japan deponent's travel to the United States.


s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|                                          |       |                            |
|------------------------------------------|-------|----------------------------|
|                                          | :     | **MDL NO.  1355**          |
| **IN RE:  PROPULSID**                    | :     |                            |
| **PRODUCTS LIABILITY LITIGATION**        | :     | **SECTION : L**            |
|                                          | :     |                            |
|                                          | :     | **JUDGE FALLON**           |
|                                          | :     | **MAG.  JUDGE AFRICK**     |
|                                          | :     |                            |
|                                          | :     |                            |
| **THIS DOCUMENT RELATES TO ALL CASES**   | :     |                            |
|                                          | :     |                            |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

**PRETRIAL ORDER NO.    7**

**(Deposition Guidelines)**

A.   <u>Deposition Notices</u>

    1.   All depositions in MDL-1355, except pursuant to Court order, will be noticed and conducted pursuant to Fed. R. Civ. P. 30 and this Pretrial Order No. 7. This Pretrial Order No. 7 will be placed in the document depository.

    2.   A "Statement of Deposition Procedures," summarizing the terms of this Order, shall be attached to each notice of deposition, except that this Order in its entirety shall be attached to any non—party subpoena or deposition notice.

    3.   Each deposition notice shall include the name and, if known, the general occupational description of each deponent, a general description of the topic(s) for examination, the name of the primary examiner designated by the party noticing the deposition, and the date, time and place of the deposition. If the examiner cannot be identified at the time

the notice of deposition is served, a "1-800" number will be set forth in the notice so that interested counsel may obtain information regarding the deposition, if required.

4.     In order for counsel to make arrangements for adequate deposition space, whenever feasible counsel who intend to attend a deposition noticed by MDL-1355 plaintiffs should provide notice of their intention to attend to Russ M Herman, Liaison Counsel who intend to attend a deposition noticed by the MDL-1355 defendants should send notice of their intention to James B. Irwin, V, Liaison Counsel.

5.     Deposition notices shall state whether the deposition is to be videotaped and, if so, the name, firm and address of the videotape recorders. All videotape depositions shall proceed pursuant to the provisions of section 0, *infra*.

B.    <u>Cooperation</u>

Counsel are expected to cooperate with, and be courteous to, each other and deponents.  There shall be no smoking or use of other tobacco products or eating in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during deposition recesses. Beverages will be permitted.

Counsel shall recess from time to time during the deposition to allow opportunities for snacks, as requested by any attorney or deponent.

C.    <u>Scheduling</u>

Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and locations. It is contemplated and expected that initially there will be single-tracking of depositions involving fact witnesses in a single case but that multi-tracking of depositions involving fact witnesses in a single case may occur.  Counsel are expected to cooperate and coordinate the scheduling of depositions.  Initially, there shall be no multi-tracking of depositions

of employees of the defendants, and those depositions shall proceed on a single track, until such time as there is a demonstrated need to multi-track depositions of the employees of the defendants.  At that time the parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions of employees of the defendants.  To the extent that the parties cannot agree on a proposed schedule for such multi-tracking, then the parties shall file with the Court separate proposed schedules.

Subject to subsection F below, depositions of fact witnesses may commence beginning thirty (30) days after Defendant•s initial disclosures. Formal notices of deposition shall not be required. If there is disagreement, a conference call shall be scheduled with the Court. The Court will resolve any deposition scheduling issues that liaison counsel are unable to resolve.

Each side shall be notified of the schedule at least thirty (30) days in advance.

Depositions anticipated to be completed in one week or less, shall be scheduled, to the extent possible consistent with the witness' schedule, for sufficient consecutive days for completion. Depositions of all witnesses shall be no more than two (2) days in length except experts, FRCP 30(b)(6) representatives, highly compensated key employees (high level) or key witnesses and other witnesses whose depositions require additional time based upon a good cause showing.

Depositions will be held for four consecutive weeks, with the fifth week an "off" week on all tracks.

Given the large number of attorneys involved in this litigation, the unavailability of counsel shall not be grounds for postponing a deposition if another attorney from the same firm who is familiar with the case or one who represents a party with similar interests is available to attend. If a motion is made to permit the rescheduling of a deposition on the grounds of unavailability of counsel, the moving party shall certify to the Court that neither an attorney from the same firm who is familiar with the case nor one who represents a party with similar interests is able to

3

attend the scheduled deposition.

To facilitate depositions in state court actions involving entities that are not and may never be parties in the federal cases, the parties are encouraged to issue cross—notices of depositions in the additional state court actions.

D.      Postponements

Once a deposition has been scheduled, it shall not be taken off calendar, postponed, rescheduled, or relocated less than five (5) calendar days in advance of the date it is scheduled to occur, except upon agreement or by leave of Court for good cause.

E.      Deposition Tracks

It is expected that discovery regarding class certification, liability, and damages will proceed simultaneously.  The parties shall submit a scheduling and sequencing proposed order to the court. To the extent the parties cannot agree on a proposed order, the parties shall, within ninety (90) days of the entry of this order, file separate proposed orders.

F.      Deposition Day

A deposition day shall commence at 9:30 a.m. and terminate no later than 5:30 p.m. (except Friday when depositions shall end no later than 1:00 p.m.), local time. On Monday through Thursday there should be a one hour and fifteen minute lunch break, one short break during the morning session, and two short breaks during the afternoon session. Modest variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the witness, but may not be unilaterally changed without approval of the Court.

G.      Continuance of Deposition

If a deposition is not finished on Friday of a deposition week, subject to the availability of the witness, the deposition will recommence on the following Monday. If the witness is not available for deposition on the following Monday, the deposition will continue on a newly-noticed date. In such circumstances, a ten (10) day notice will be sufficient to notice a continued

deposition.

H.      Early Depositions

If the parties become aware of persons who possess relevant information but who by reason of age or ill health may become unavailable for deposition, the deposition may be taken as soon as practicable.

I.      Locations for Taking Depositions

1.      Unless otherwise agreed, depositions of plaintiffs will take place in each plaintiff•s home district.

2.      Unless otherwise agreed by the parties prior to the noticing of an expert deposition, the deposition of an expert witness shall take place in the expert witness• home district.

3.      The location of the deposition shall be as consistent as possible within each city, so that videotape equipment, if being used, can be left in place.

4.      To the extent reasonably possible, depositions of domestic United States employees of defendants will take place in Philadelphia, Pennsylvania.

J.      Attendance

Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the deponent•s attorney, attorneys of record in MDL-1355 or state cases, in-house counsel for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel. Upon application, and for good cause shown, the court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. While a deponent is being examined about any document that the parties have agreed, or the Court has ordered, is confidential, attendance at that portion of the deposition by persons to whom disclosure is not authorized by agreement of the parties or by order of the Court shall be prohibited. Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive

confidentiality when the transcript, videotape or disk is placed in the document depository.

Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend and to conduct pursuant to paragraph Q of this order supplemental interrogation of the deponent should a review of the deposition reveal the need for such examination.

K.    Conduct

Except by order of the Court, the following shall apply at all depositions:

1.    Examination

Each side should ordinarily designate no more than two attorneys to participate in the deposition. One attorney will normally conduct the principal examination of the deponent, and examination by the other attorney should be limited to matters not previously covered.

For expert depositions, two (2) additional attorney examiners may be designated.

In some depositions, there may be sufficient divergence of positions among various parties such that additional examiners may be appropriate on non-redundant matters. Therefore, other attorneys will be permitted to examine deponents on non—redundant matters. The non—redundant requirement will be strictly construed.

Any party who believes that, due to a divergence of interest, it may be necessary to examine the deponent on non-redundant matters shall designate one attorney to conduct such non—redundant examination after the primary and secondary examiners have concluded.

Counsel should cooperate in the allocation of time in order to comply

with the time limits set by the Court.

2.  <u>Objections and Directions Not to Answer</u>

Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

a)  Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants. However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants.

b)  All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence of a privilege.

c)  Counsel shall refrain from engaging in colloquy during depositions. The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. If requested, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.

d)  Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent seeks to present a motion to the Court for termination of the deposition on the grounds that it is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or press the party or the deponent. When a privilege is claimed, the witness shall nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to

7

whom and in who•s presence the statement was made, other persons to whom the contents of the statement was made, any other person to whom the contents of the statement has been disclosed, and the general subject matter of the communication.

e)      Counsel shall not make objections or statements which might suggest an answer to a witness.

3.      Objections to Documents

Objections as to the relevance of documents are not waived, and are reserved for later ruling by the Court or by the trial judge.

4.      Private Consultations

Private consultations between deponents and their attorneys during the actual taking of the deposition are improper except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, such conferences may be held during normal recesses and adjournments.

5.      Disputes During Depositions

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Magistrate Judge or the presiding Judge by telephone. In the event the Magistrate Judge or the presiding Judge is not available, the deposition shall continue with full reservation of rights of the interrogation for a ruling at the earliest possible time.

If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to the Magistrate Judge or the presiding Judge by telephone, or to present the dispute to the Court in writing. If the parties elect

to present the dispute to the Court in writing, each side must submit on one (1) page a summary of its position and any authority relevant to the dispute. The Court will issue a prompt ruling, as its schedule permits. The undersigned•s telephone and telecopier numbers are (504) 589-7545 and (504) 589-6966, respectively. Magistrate Judge Africk•s telephone and telecopier numbers are (504) 589-7605 and (504) 589-7608, respectively. These numbers should be used with discretion, not as a matter of course.

In the event the Court is unavailable by telephone to resolve disputes arising during the course of a deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

None of the provisions in this Section shall deny counsel the right to continue the deposition, file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court if counsel deems it necessary.

Disputes between the parties should be addressed to this Court rather than to the District Court in which the deposition is being conducted.

L.    Documents

1.    Production of Documents

Witnesses subpoenaed or noticed to testify and to produce documents shall be noticed and served with the subpoena or deposition notice and document request at least thirty (30) days before the scheduled deposition. Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the interrogation commences. Responsive documents which are identical to those already produced to the New Orleans document depository do not have to be produced by the deponent.

2.    Copies

Extra copies of documents about which counsel expect to examine the deponent

should ordinarily be provided to primary counsel for the parties and the deponent during the course of the deposition. Deponents and their counsel should be shown a copy of the document at the deposition before being examined about it, except when counsel seek to impeach or test the deponent•s recollection. However, when counsel seek to impeach or test the deponent•s recollection the deponent need not be shown the document.

3.    <u>Marking of Deposition Exhibits</u>

All documents previously produced to the document depository and used as exhibits with witnesses from a defendant or non-party witnesses shall be referred to by the Bates stamp numbers appearing on the documents submitted to the document depository. Documents that have not been submitted to the document depository shall have sequential exhibit numbers. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the deponent•s surname and number. For example, if the deponent•s name is "John Smith" the first document used as an exhibit without a document depository Bates stamp number shall be marked "Smith No. 1." To the extent that a document not previously submitted to the document depository has already been marked as a deposition exhibit in MDL-1355, all counsel should avoid marking that document with a different exhibit number at a subsequent deposition. If "Smith No. 1" is used at "Harry Jones" deposition, it will still be referred to as "Smith No. 1."

M.    <u>Depositions of Witnesses Who Have No Knowledge of the Facts</u>

An officer, director or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about which such a person has no knowledge may submit to the noticing party within fifteen (15) days before the date noticed an affidavit so stating and identifying a person within the corporation or government entity believed

to have such knowledge. Notwithstanding such affidavit, the noticing party may proceed with the deposition, subject to the right of the witness to seek a protective order or other appropriate relief.

N.      Stenographic Recording

A certified Court reporter shall stenographically record all deposition proceedings and testimony. The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits). The noticing party shall be responsible for the court reporter furnishing computer disks in text-readable form and hard copy in Mm-U-Script format to the document depository.

O.      Videotaped Depositions

The provisions of this Order regarding examination of deponents apply to videotaped depositions. Any deposition may be videotaped at the request of any party pursuant to the following terms and conditions:

1.      Simultaneous Stenographic Recording

All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph N, above.

2.      Cost of the Deposition

The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording. Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

3.      Videotape Operator

The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. p. 28(c). At the commencement of the deposition the

operator(s) shall swear or affirm to record the proceedings fairly and accurately.

4.      Attendance

Before commencement of the deposition, each witness, attorney, and any other person attending the deposition shall submit to the court reporter in writing his or her name, the name of his or her firm, business address, and the name of the client he or she represents. The list of these people shall be included at the beginning of the deposition transcript. In addition, at the commencement of the deposition, each witness, attorney and any other person attending the deposition shall be identified on camera.

5.      Interruptions

No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions. The video operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

6.      Standards

The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required f or accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

7.      Index

The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

8.      Filing

After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic Court reporter, and file a true copy of the video tape, the transcript, and certificate with liaison counsel for whomever noticed the deposition and simultaneously submit a copy to the document depository .

9.      Objections

Objections and instructions not to answer at videotape depositions are subject to the provisions of section K (2) – (3) of this Order. If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment f or viewing the tape shall also be provided to the Court.

10.     Technical Data

Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included on copies of the videotaped deposition.

11.     Video Camera System

During the videotaping of a deposition, the questioner may use a two—video camera system with monitors available for use by counsel.

13

P.    Telephonic Depositions

By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed.R.Civ.P. 30(b)(7).  Unless an objection is filed and served within ten calendar days after such notice is received, the court shall be deemed to have granted the motion.  Other parties may examine the deponent telephonically or in person.  However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent.

Q.    Supplemental Depositions

Each party who did not have reasonable notice of a deposition and who was not present or represented at the deposition (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court) may, within thirty (30) days after filing of the deposition (or, if later, within sixty (60) days after becoming a party in any action which is a part of this litigation), file a motion to conduct a supplemental deposition of the deponent. Within ten (10) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the MDL-1355 deposition fully covered the area or areas sought to be explored in the supplemental deposition or that the testimony is not relevant.

No further deposition by any party having received notice of the original deposition will be permitted, except upon order of the MDL-1355 Court on good cause shown. A showing by the moving party that a supplemental deposition is reasonably calculated to lead to the discovery of admissible evidence necessary to protect the interests of the moving party shall constitute good cause.

Assuming the movant has met this burden, and if no opposition or motion for a protective order if filed, or the opposition or motion for a protective order is denied, the supplemental deposition

14

may be taken within such time as may be authorized by the Court.

The supplemental deposition shall be treated as the resumption of the deposition originally noticed. During the resumed deposition, any other party may conduct further examination of the witness only with regard to new subject areas authorized by the order allowing the resumed deposition. The resumed deposition shall be taken at the same location as the initial deposition unless otherwise agreed to by the parties and the deponent.

R.   Obtaining Copies of Transcripts and Videotapes

Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

S.   Correction and Signing Depositions

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition, unless the Court allows a supplemental deposition pursuant to section Q. If a supplemental deposition is allowed, the transcript shall be submitted to the deponent as soon as it is available for distribution. The deposition may be signed by the deponent before any notary within thirty (30) days after the transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

T.   Use of Depositions

Under the conditions prescribed in Fed. R. Civ. P. 32(a) (1) - (4) or as otherwise permitted by the Federal Rules of Evidence, depositions may be used against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation) who:

(1)      was present or represented at the deposition; or

(2)      had reasonable notice thereof; or

15

    (3)      within ninety (90) days after the deposition is taken or within one hundred and twenty (120) days after becoming a party in MDL-1355 fails to show just cause why such deposition should not be used against such party.

New Orleans, Louisiana, this ___7___ day of December, 2000


                        _____/s/_____Eldon E. Fallon_____
                        UNITED STATES DISTRICT JUDGE

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

IN RE: DEPUY ORTHOPAEDICS,     (   3:11-MD-2244-K
INC. PINNACLE HIP IMPLANT      (
PRODUCTS LIABILITY LITIGATION  (
                               (   MDL Docket No.
                               (
                               (
                               (   January 23, 2013

-------------------------------------------------------
This Document Relates to all Cases
-------------------------------------------------------

TRANSCRIPT OF STATUS CONFERENCE

BEFORE THE HONORABLE ED KINKEADE,

UNITED STATES DISTRICT JUDGE

A P P E A R A N C E S:

FOR THE PLAINTIFF:     W. MARK LANIER
                       The Lanier Law Firm
                       6810 FM 1960 West
                       Houston, TX 77069
                       713/659-5200
                       cag@lanierlawfirm.com


FOR THE DEFENDANTS:    JOHN H. BEISNER
                       Skadden Arps Slate Meagher & Flom LLP
                       1440 New York Ave NW
                       Washington, DC 20005-2111
                       202-371-7209
                       John.Beisner@skadden.com


COURT REPORTER:        PAMELA J. WILSON, RMR, CRR
                       1100 Commerce Street, Room 1525
                       Dallas, Texas 75242
                       214.662.1557
                       pam_wilson@txnd.uscourts.gov

    Proceedings reported by mechanical stenography,
transcript produced by computer.

Case 3:14-md-02592-EEF-MBN Document 19293-3 Filed 01/15/16 Page 24 of 215
Case 3:11-md-02244-K Document 253 Filed 01/23/13 Page 2 of 11 PageID 3558

2

```
 1                  P R O C E E D I N G S
 2         THE SECURITY OFFICER:  All rise and come to order.
 3      Hear ye.  Hear ye.  Hear ye.  United States District
 4   Court in and for the Northern District of Texas at Dallas is
 5   now in session, the Honorable United States District Judge Ed
 6   Kinkeade presiding.
 7      Let us pray.
 8      God save these United States and this Honorable Court.
 9      Please be seated.
10         THE COURT:  Okay.  This is on the DePuy
11   Orthopaedics, Inc., Pinnacle hip implant, products liability
12   litigation, the MDL docket number 3:11-MD-224-K, and we've
13   got folks on the phone here.
14      I hope everybody can hear.
15      I don't know if we can hear you or not.
16      Anybody -- can we hear them?
17      Oh, I guess if you can't hear, I'm sorry.  That's about
18   the best I can do.  You won't even know this, so it doesn't
19   matter.
20                      (Laughter.)
21      Gosh.
22      James, you're supposed to make sure I don't look bad.
23   That didn't happen just then.
24      So it's your fault?
25         THE CLERK:  Yes, sir
```

Case 3:14-md-02592-EEF-MBN Document 1922-3 Filed 01/15/16 Page 25 of 215
Case 3:14-md-02241-EEF Document 253 Filed 01/23/13 Page 3 of 11 PageID 3534

3

1          THE COURT:  Thank you very much.

2      Okay.  Let's talk about where we are.

3      First let's talk.  I'm going to allow the lawyers to

4  kind of review where we are with regard to the deposition

5  protocol, the bellwether protocol, some of the things so that

6  everybody can know where we are.

7      And for those of you -- seriously those of you that are

8  out there, if there's some issue, and I guess I'm assuming

9  these are plaintiff's lawyers, if you don't feel like there's

10  some communication going on, I want you to make sure, contact

11  Mr. Stanton and let the court know that.  Knowing these

12  lawyers I'm assuming those of you who are -- are able to get

13  in touch with Mr. Boyd, Mr. Lanier or some of the other

14  members of the committee.

15      And let me say I'm -- I'm going to start off allowing

16  either Mr. Boyd or Mr. Lanier to speak that Mr. Lanier has

17  been appointed colead counsel in the case.  And I don't care

18  which one of y'all want to speak.  I'll let whichever -- oh,

19  it's Mr. Lanier.

20          MR. LANIER:  I think Mr. Boyd sent me up here.

21      Your Honor, thank you for the honor of appearing in

22  front of you and for the designation.  I'll try to do

23  whatever I need to do to earn it.

24      Your Honor, it's been since August that we've been in

25  your courtroom, but we want you to know and everyone else to

1  know that we've been extremely diligent, both sides have

2  since that point in time, as you are aware, because you've

3  certainly sent us plenty of messages along the way.

4      Toward that end, we have worked exhaustively through the

5  magistrate to make sure that the documents have been produced

6  according to the order that you had given the parties to have

7  that done by the end of last year.

8      The defendants did certify substantial completion.  They

9  are still having to update and supplement some files, but

10 they're in the process of doing that and are trying to do

11 that timely, vis-a-vis the various depositions that are going

12 on.  I believe to date they have produced over 60 million

13 pages.  We have been engaged in doing review of those

14 documents.  During that time we were working on parallel

15 tracks trying to set up a deposition protocol and a

16 bellwether protocol as ordered by you for appropriate filing

17 with you.

18     We have worked in a number of different hearings with

19 the magistrate -- with the special master, James Stanton, and

20 Judge Stanton has done a wonderful job at basically somehow

21 sculpting us into agreements on most every issue.  So we have

22 before you ready to be signed both a bellwether protocol and

23 a deposition protocol.

24     Recognizing that we were reaching that point, through

25 the master and through the court's urging, state counsel have

Case 3:14-md-02592-EEF-MBN Document 1922-3 Filed 01/15/16 Page 27 of 215
Case 3:14-md-02592-EEF-MBN Document 253 Filed 01/23/15 Page 5 of 11 PageID 3536

5

1 been contacted, both in New Jersey and Maryland, in

2 California, in New York. And those state counsel have

3 indicated a -- a ready acceptance of trying to coordinate

4 with us, in essence, to make this process go a lot smoother.

5 And I think it continues through the wish of the state court

6 lawyers as well to make your courtroom the driving force

7 behind the litigation.

8     Your Honor, you had urged us in form -- in an informal

9 meeting to get on the stick with depositions early, and

10 toward that end we have noticed depositions. Those

11 depositions will be starting before January is out. We've

12 got several scheduled. We've got almost a dozen scheduled in

13 February and a dozen being scheduled in March.

14     We have outlined 149 witnesses that at this point we

15 anticipate as possible for discovery. Those depositions have

16 been set up into seven different categories by the

17 plaintiffs. And within those categories they have been

18 prioritized with the more important ones at the top of the

19 list, the lesser important ones at the bottom.

20     We will be moving rapidly through those depositions.

21 The parties have expressed a willingness to double track

22 depositions, if necessary, but at this point we have not yet

23 started to do that.

24     We have continued to work well with the state court

25 lawyers. I can report also to the court that the Maryland

Case 3:14-md-02592-EEF-MBN Document 1922-3 Filed 01/15/16 Page 29 of 315
Case 3:11-md-02244-K Document 253 Filed 01/23/13 Page 6 of 11 PageID 3557

6

1    case, I think it's one, it may be two cases, but one case in
2    particular that seemed to be moving on a -- a judicial docket
3    that was a rotation docket, where you didn't have the same
4    judge at all times.  That case seems to be on a -- a track by
5    both Don Discepolo, who is the plaintiff's lawyer, and by the
6    counsel for DePuy, who has pulled it back some, recognizing
7    that the discovery we're doing in your court would benefit
8    anybody else in any other court.
9        We are still in the process of getting all of the
10   documents and things finalized that you might need before you
11   make some decisions that we know you've got in front of you.
12   But we are pledged to try and do that as expediently as
13   possible.
14       And that's the status of the world from the plaintiff's
15   end, Your Honor.
16            THE COURT:  Are the state lawyers going to
17   participate or just rely on y'all in the deposition process?
18            MR. LANIER:  Your Honor, at this point in time
19   we're trying to make a provision for them to participate if
20   they want to.  Most of the state lawyers have indicated to us
21   privately that they don't necessarily have the -- the funding
22   to capitalize a lot of the work that needs to be done in a
23   case -- in a case of this magnitude and they don't have the
24   inventory that seems to justify them putting a lot of
25   manpower into it.

Case 3:14-md-02592-EEF-MBN Document 1922-3 Filed 01/15/16 Page 29 of 315
Case 3:11-md-02244-K Document 253 Filed 03/28/13 Page 7 of 11 PageID 3558

7

1    So to the extent that they're going to rely on us, we're

2    happy for them to do that, and we've made some preliminary

3    overtures to them about how that can be done on an assessment

4    basis for their state court cases.  We don't have anything in

5    writing but we have drafts that have been circulated in that

6    regard.

7         To the extent that they want to participate, then he

8    have been told by the court through the master to make sure

9    that that provision is there and we are committed and will

10   represent to you on the record that we will work and

11   cooperate fully with those people.

12          THE COURT:  And some system that makes it

13   affordable for them to -- to do it that way.

14          MR. LANIER:  Absolutely, Your Honor.

15        And toward that end also, you have been given us some

16   guidance on how you expect things to be done within the

17   framework of the deposition protocol, as far as costs.  And

18   we understand that the defendants wish to have a second video

19   camera present on us that will be done on their cost.  And we

20   have an option of putting a third video camera on them, but

21   that would be on our cost.  And we haven't assessed that yet,

22   of whether or not we think that's necessary.

23        But we will certainly work within those state court

24   parameters to make sure that they -- you know, one case

25   should not have to bear the brunt of a lot of expense.

Case 3:14-md-02592-EEF-MBN  Document 1922-3  Filed 01/15/16  Page 30 of 215
Case 3:14-md-02241-EEF  Document 253  Filed 01/23/15  Page 9 of 11  PageID 3559

8

1          THE COURT:  Okay.  So there will be fewer cameras

2     than the Super Bowl?

3          MR. LANIER:  By a factor of three by best

4     estimation that we've got, Your Honor.

5          THE COURT:  All right.  I want to make sure.

6        All right.

7          MR. LANIER:  I think mainly they want to keep them

8     on the plaintiffs lawyers to make sure we don't sleep through

9     the deposition.

10                    (Laughter.)

11        THE COURT:  Okay.  I hadn't thought of that, but, okay,

12     that's good.

13        Thank you.

14        Mr. Beisner.

15          MR. BEISNER:  Your Honor, I really have nothing to

16     add to Mr. Lanier's summary, except to -- we will -- we will

17     have to discuss the instant replay aspect of the depositions,

18     but --

19          THE COURT:  I like that.

20          MR. BEISNER:  -- we will work that out.

21        I did want to say, Your Honor --

22          THE COURT:  Will I get to have a little hood and I

23     can kind of look down in it and kind of see y'all up real

24     close, and then I am come out and do some, you know, signals

25     that will indicate to everyone very loudly what my ruling is?

Case 3:14-md-02592-EEF-MBN  Document 1922-3  Filed 01/15/16  Page 31 of 315
Case 3:11-md-02244-K  Document 253  Filed 01/23/13  Page 9 of 11  PageID 3540

9

```
 1    I like that.
 2              MR. BEISNER:  That's right.  And it's going to be
 3    very important in the last two minutes of every deposition.
 4                         (Laughter.)
 5              THE COURT:  I like that a lot.  I like it.
 6         Go ahead.
 7              MR. BEISNER:  Your Honor, the only comment I would
 8    make, lest you or any of the counsel on the phone question
 9    whether there is an adversarial process here, I would note
10    that we have had disagreements on a number of issues --
11              THE COURT:  Sure.
12              MR. BEISNER:  -- number -- number of things have
13    come up.  But I wanted to join Mr. Lanier in expressing
14    appreciation to the special master for leaping into the fray
15    and -- and I think asking the right questions of both sides.
16    And I think that's -- that's helped us find the right answers
17    on a number of issues.  But lest you think some mind meld has
18    occurred here, such that we're not engaged in an adversarial
19    process, there has been -- there has been help getting us to
20    proper conclusions on these issues.
21              THE COURT:  I saw no Spock ears on you or
22    Mr. Lanier, so I knew that was not occurring.
23         And, you know, we're going to have that and there --
24    there should be that.  That's appropriate.  So I just think
25    that's -- that's -- you know, that's the way it should
```

Case 2:14-md-02592-EEF-MBN Document 1823-3 Filed 01/15/16 Page 32 of 215
Case 3:11-md-02244-K Document 253 Filed 01/23/15 Page 10 of 11 PageID 3541

10

1    proceed.

2        I was trying to think, is there anything else you would

3    like to put on the record?

4            MR. BEISNER:  I don't believe so today, Your Honor.

5            THE COURT:  Okay.  That's great.  Look forward to

6    it.  And we'll schedule another one of these in the not too

7    distant future.

8        Okay.  Anything else from anybody here that you'd like

9    for me to hear?

10       All right.  I think that concludes the hearing.

11       And those of you that are listening, if there's

12   something that you're concerned about, assuming you're a

13   plaintiff's lawyer, please contact either the court, the

14   master or the plaintiff's attorneys, Mr. Boyd and Mr. Lanier,

15   and let them know.  And we'll proceed to try to resolve those

16   issues.

17       Thank y'all very much and we're -- we're now adjourned.

18       Thank y'all.

19                        (End of proceedings.)

20

21

22

23

24

25

Case 3:14-md-02592-EEF-MBN Document 1823-3 Filed 01/15/16 Page 33 of 215
Case 3:11-md-02244-K Document 253 Filed 01/23/15 Page 11 of 11 PageID 3542

11

1                    C E R T I F I C A T I O N

2        I, PAMELA J. WILSON, CSR, certify that the foregoing is a

3   transcript from the record of the proceedings in the

4   foregoing entitled matter.

5        I further certify that the transcript fees format comply

6   with those prescribed by the Court and the Judicial

7   Conference of the United States.

8          This the 23rd day of January, 2013.

9

10
                             s/Pamela J. Wilson
11                           PAMELA J. WILSON, RMR, CRR
                             Official Court Reporter
12                           The Northern District of Texas
                                 Dallas Division
13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| IN RE YASMIN AND | ) | MDL No. 2100 |
| YAZ | ) | 3:09-md-02100- |
| (DROSPIRENONE) | ) | DRH-PMF |
| MARKETING, SALES | ) | |
| PRACTICES AND | ) | |
| PRODUCTS | | |
| LIABILITY | | |
| LITIGATION | | |

This Document Relates to:

ALL CASES

CASE MANAGEMENT ORDER No. 28
REGARDING DEPOSITION PROTOCOL

        This order, agreed to after extensive negotiations and with the agreement of counsel, controls depositions of witnesses on issues of general applicability to the litigation (as opposed to case-specific witnesses) who are the corporate defendants' current or former representatives or personnel.  The purpose of this order is to gain the highest degree of efficiencies in the taking of these depositions.  At no time has it been, nor will it be, the intention of the Court or the parties that judges in any of the participating jurisdictions delegate their duties to any other judicial officer.

A.     **General Provisions and Objectives**

        1.        Counsel and all parties (both represented and *pro se*) shall comply with this order, and to the extent consistent with this order, with the applicable Rules of Civil Procedure and the Local Rules of the presiding court. Unless specifically modified herein, nothing in this order shall be construed to abrogate the Rules of Civil Procedure or the Local Rules.

        2.        Counsel are reminded that the Courts consider depositions to be official court procedures and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before these Courts, as if each was appearing

personally before the Courts at the time of the depositions.  Counsel shall not at any time conduct himself or herself in a manner not becoming an officer of the court and not in full compliance with the civil rules of practice and all other orders of the Courts.  Neither counsel nor witnesses shall, at any time, engage in conduct that impedes, delays, or frustrates the examination of the witness.  All counsel and the deponent must be treated with civility and respect.

        3.        There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during the deposition recesses.

        4.    Disputes relating to depositions shall be resolved jointly by the Courts, wherever possible.  Where possible, Chief Judge Herndon will coordinate communications among the Courts.  More specifically:

      *If a dispute arises before or after a deposition:*  Promptly upon filing a motion in the court in which her case is pending, the moving party will email a copy of the motion to Judge Herndon and his staff as follows:  Sandy Pannier, Courtroom Deputy (Sandy_Pannier@ilsd.uscourts.gov);  Debra Ward, Chambers Counsel (Debra_Ward@ilsd.uscourts.gov); and Judge Herndon (Judge_Herndon@ilsd.uscourts.gov).  Copies of the request, together with the supporting documents, shall be emailed to the counsel involved in the immediate dispute, and the leadership of defendants and of plaintiffs for each jurisdiction, as noted below.[1]  Judge Herndon will coordinate conferral among the Courts for resolution of the issue, consistent with the law of the various jurisdictions.

      *If a dispute arises during a deposition that requires expedited consideration:*  The moving party will send a short email to the

---

[1]Notices to plaintiffs shall be made by e-mail to each of the following: for the MDL, Roger Denton (rdenton@uselaws.com), Michael Burg (MBURG@burgsimpson.com),  Michael London (mlondon@douglasandlondon.com), Mark Niemeyer (niemeyer@onderlaw.com); for California state court coordinated actions Steven Skikos (sskikos@skikoscrawford); for New Jersey state court coordinated actions Richard Meadow (RDM@lanierlawfirm.com); and for the Pennsylvania state court consolidated actions Dianne M. Nast (dnast@rodanast.com).  Notices to the Bayer defendants shall be emailed to Adam Hoeflich (adam.hoeflich@bartlit-beck.com); Doug Marvin (dmarvin@wc.com); Susan Weber  (saweber@sidley.com); and John Galvin (jgalvin@foxgalvin.com).  Notice to Barr/Teva should be sent to Joseph Thomas (jthomas@ulmer.com).

state court judge and Chief Judge Herndon, his staff, the parties' leadership
groups as set forth above, and counsel attending the deposition describing
briefly the nature of the dispute.  The state court judge and Judge Herndon
will consult with the judges from the other jurisdictions, provided that each
such judge is available and that the inherent need of the dispute for an
immediate ruling does not prevent such consultation.  The acting judicial
officer shall issue a ruling resolving the dispute in a timely manner, advising
the parties which of the state judicial officers participated in the decision.  If
a state judge is unable to participate in a decision requiring expedited
consideration and the aggrieved party's case is pending in that state, Judge
Herndon may resolve the dispute but the losing party may within 24 hours
file a motion in that state's coordinated proceeding explaining the basis for
that party's disagreement with the ruling.  A copy of the motion promptly
shall be emailed to Judge Herndon, each state court judge and the parties'
leadership groups, as set forth above.

B.    **Notices/Scheduling**

1.        Content of Notice.  Each deposition notice shall include
the name, address and telephone number of an attorney point of contact
designated by the party noticing the deposition as well as the date, time and place
of the deposition.  This order in its entirety shall be attached to any subpoena or
deposition notice that pertains to a third-party witness covered by its terms.

2.        Cooperation in Scheduling.  Absent extraordinary
circumstances, counsel shall consult with opposing counsel and counsel for
proposed deponents in an effort to schedule depositions at mutually convenient
times and locations.  Counsel are expected to cooperate and coordinate the
scheduling of depositions on a good faith basis.

3.        Location.  To the extent reasonably possible, depositions
of witnesses located in the United States will take place in the deponent's home
district or, if counsel for the deponent agrees, in another district convenient to the
deponent, counsel and the parties.  The location of the deposition shall be as
consistent as possible within each city so that videotape equipment, if being used,
can be left in place.

Witnesses who are domiciled in Germany, where domestic law
prohibits the taking of depositions, will be deposed in Amsterdam, unless all
parties agree to another location.

4.        Adequacy of Notice.After counsel, through consultation,
have arrived on a date and location for a deposition, the Noticing Party shall serve
an amended Notice reflecting the agreed upon date and location.  Third-party

witnesses subpoenaed to produce documents shall be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition.

     5.        **Attendance.**  In order for counsel to make arrangements for adequate deposition space, Plaintiffs' Liaison Counsel for the jurisdiction from which the notice was served and Defendants' Liaison Counsel shall confer regarding the expected attendance at least three business days before the scheduled date.

     6.        **Remote Participation.**  In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify Plaintiffs' Liaison Counsel for the jurisdiction from which the Notice was served as well as Defendants' Liaison Counsel, two days in advance of the start of the deposition.  Any party seeking to participate remotely must agree to be bound by applicable Protective Orders and agree not to re-record the deposition, by video or audio means.

     7.        **Means of Recording.**

     (a)        **Stenographic Recording.**  A certified Court reporter shall stenographically record all deposition proceedings and testimony.  The Court reporter shall administer the oath or affirmation to the deponent.  A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of **FED. R. CIV. P. 30(e); CAL. C.C.P. § 2025.520; N.J. COURT RULES R. 4:16-4; PA.R.C.P NO. 4017(c)** (rules addressing submission of transcript to the deponent) and **30(f); Cal. C.C.P. § § 2025.510, 2025.540, 2025.550; N.J. COURT RULES R. 4:14-6; PA. R.C.P NO. 4017** (rules addressing filing, retention, certification and the like).  The noticing party shall be responsible for the court reporter furnishing computer disks in text-readable form and hard copy in Min-U-Script format to the document depository.

     (b)        **Telephonic Depositions.**  By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under **FED.R.CIV.P. 30(b)(7); CAL. C.C.P. § 2025.310** or to have otherwise moved for such an order as permitted in Pennsylvania and New Jersey.  Unless an objection is filed and served within ten (10) calendar days after such notice is received, the court shall be deemed to have granted the motion.  Other parties may examine the deponent telephonically or in person.  However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent.

(c)     Videotaping.  Deposition notices shall state whether the deposition is to be videotaped.  All videotape depositions shall proceed pursuant to the provisions of section K, *infra*.

C.     **Coordination with State Court Actions/Cross-Noticing of Depositions/Corporate Representative Depositions**

1.     Cross-Notices.  The parties and all courts desire to minimize the expense and inconvenience of this litigation by, *inter alia*, providing for a single deposition of witnesses in all litigations relating to Yaz®, Yasmin® or Ocella®.  Any witness deposition in this litigation subject to this Order may be cross-noticed by any party in any related action pending in any state or federal court, subject to the provisions of paragraph C(5), *infra*.  There should be full participation by all jurisdictions in every deposition.

2.     Coordination of Depositions.  Plaintiffs' counsel from all jurisdictions shall coordinate the scheduling of depositions and the duties for examination of the deponent.  In the interest of efficiency, the fewest number of attorneys possible should be used at each deposition.  Under no circumstance shall more than one plaintiffs' attorney for each jurisdiction question a witness.

3.     There shall be no more than four examining attorneys, who shall confer prior to the deposition concerning allocation of time to question.  Under no circumstances will plaintiffs' failure to allocate time among themselves or to enforce that allocation of time among themselves during a deposition result in an extension of the deposition.  At no time shall any plaintiffs' lawyer ask questions previously asked by another plaintiffs' counsel.

4.     Subsequent Depositions.  If a deposition originally noticed in another state or federal court has been cross-noticed in another state or federal court subject to this order, then a party may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown as determined by the Courts.  Any subsequent deposition shall be restricted to such additional inquiry stipulated to by the parties or as permitted by the Courts.

5.     Objections to Cross-Notices.  If a party cross-notices in one state or federal court subject to this order a deposition scheduled in another federal or state litigation, the party shall provide the notice to the plaintiff and defense leadership identified above.  If a party objects to that cross-notice, that party shall raise that objection for resolution pursuant to the procedures set forth in paragraph A.4.  The burden shall be on the party objecting to the cross-notice to demonstrate that the cross-notice shall not proceed.

6.     Corporate Representative Depositions.  The notice for the deposition of a corporate representative under **FED. R. CIV. P. 30(b)(6); CAL.**

**C.C.P. §§ 2025.010; 2025.230; N.J. Court Rules R. 4:14-2, 4:16-1; PA. R.C.P. NO. 4007.1(e),**shall describe with reasonable specificity the matters for examination and the questioning shall be limited to those specific matters. Plaintiffs agree that if any examiner intends to question the witness about particular tables, charts, results of findings, or such similar details, MDL liaison counsel for plaintiffs shall notify defendants' counsel 10 days before the deposition as to a particular table, chart, finding, result or details that will be the subject of general questioning.  Plaintiffs' examiners may collectively designate only a reasonable number of tables, charts, results, findings, or similar details.

### D.   Length of Depositions

Unless otherwise ordered by the Courts, or agreed to by the parties and counsel for any deponent, the following provisions shall govern depositions subject to this order:

1.      A deposition day shall be up to nine (9) hours of testimony and shall ordinarily commence at 9:00 a.m. and terminate between 5:30 p.m. and 7:30 p.m., including a one-hour break for lunch.  A deposition shall continue to 7:30 p.m. only when the long deposition day will make it possible to conclude the deposition in a single day.  A fifteen minute break in the morning and the same in the afternoon shall be allowed.  If additional breaks exceed 30 minutes in the aggregate, the length of the deposition day shall be extended by the time equal to the extra breaks.  No breaks shall be taken while a question is pending, except to confer about an issue relating to privilege.

2.      Counsel should be efficient in depositions. Counsel shall confer about the time required to depose a particular witness.  Absent agreement of the parties or order of the Courts,  the presumption is that a deposition shall not exceed two (2) days in length, which will include up to fifteen percent of the time for examination by defendants' counsel and an equal amount of time for redirect examination.  Based on agreement or a showing of good cause, a deposition may exceed two (2) days.

3.      In the event that the deposition involves a translator, the maximum length of the deposition shall be increased as is reasonably necessary by up to 75%.

### E.   Custodial Files

Provided that plaintiffs notify the defendants at least 60 days in advance of the intended deposition of any present or former company employee, the custodial file of that employee shall be produced 30 days in advance of the scheduled deposition to the address specified by plaintiffs' counsel.  If 100 or fewer pages are produced between 14 and 29 days prior to the scheduled deposition, the deposition shall proceed as scheduled.   Any documents produced

less than 14 days prior to the scheduled deposition must be delivered to the primary examiner, if one has been designated by plaintiffs' counsel. If a primary examiner has not been designated, the documents shall be produced to the same address to which the previous documents were produced. The parties shall meet and confer regarding the impact, if any, of this production on the scheduled deposition. If the parties cannot agree, the matter shall be referred to the Courts for resolution pursuant to the procedures described in Part A.4.

**F.  Translation of Documents**

Objections as to the accuracy of translations shall be preserved unless a stipulation is reached by the parties in advance of the deposition.

**G.  Translators**

1.     Where a witness indicates his or her intention to respond to questions in a language other than English, neutral translators will be employed to interpret and translate between the foreign language and English. Three translators shall be employed to allow for rotation of the translators. Each translator will swear under oath or affirm prior to each deposition to provide honest and truthful translations. A monitor displaying "real time" transcription will be placed in front of the translator to assist in the translation. Defendants and plaintiffs will share the fees and costs of the translators equally.

2.     Counsel for the defendants will notify the plaintiffs at least 10 days in advance of the deposition of any present or former employee whose examination will require the involvement of a translator. Counsel for third party witnesses will notify counsel for the party who noticed the deposition at least 10 days in advance of the deposition that the examination will require the involvement of a translator.

**H.  Copies of Transcripts and Recordings**

1.     Each side shall bear its own costs in securing copies of the deposition transcript, videotape or DVD.

2.     Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

**I.  Postponements**

Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between the party noticing the deposition and Liaison or Lead Counsel for the opposing party

witness (if the witness is a party or a current or former employee) or counsel for the witness (if the witness is not a party or a current or former employee) or by leave of the Courts for good cause.

**J.   Attendance**

1.     Permitted Attendees.  Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in MDL-2100 or state cases, in-house counsel for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel.  Upon application, and for good cause shown, the Courts may permit attendance by a person who does not fall within any of the categories set forth above.

2.     Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court.  Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend.

3.     Examination Regarding Confidential Documents.  While a deponent is being examined about any document that has been designated as confidential pursuant to any court order, attendance at that portion of the deposition by persons to whom disclosure is not authorized by such order shall be prohibited.  Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality when the transcript, videotape or disk is placed in the document depository.

**K.   Image Recorded Depositions**

Any depositions may be videotaped at the request of any party pursuant to the following terms and conditions:

1.     Simultaneous Stenographic Recording.  All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph B (7), above.

2.     Cost of the Deposition.  The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording.  Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

3.     Videotape Operator.  The operator(s) of the videotape recording equipment shall be subject to the applicable provisions of **FED. R. CIV. P. 28**(c); **CAL. C.C.P. § 2025.560; N.J. COURT RULES R. 4:14-9; PA. R.C.P. No. 4017.1.**

- 4.    At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.  The operator shall produce both video and DVD formats of each deposition.

5.    Standards.  Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording.  Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition.  Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

6.    Additional Cameras.  Any party, at its own expense and with notice 24 hours in advance of the deposition to opposing counsel, may arrange for not more than two additional cameras at videotaped depositions, one to film the examining attorney and, if any party so requests, the other to film the opposing attorney.  The opposing attorney shall be filmed only in the event the examining attorney is being filmed, at the expense of the party electing to film the examiner.  If more than one party elects videotaping, the parties shall share the expense of the synchronization of the videotapes, in any editing of the tapes, on a 50/50 basis.  If more than one camera is employed, the party arranging for the additional camera(s) shall pay for the expense of synchronization of the videotapes from the additional camera(s) if the party intends to show videotape from the additional camera(s) at trial.  Nothing in this order shall be construed as a ruling whether the videotapes of the lawyers may be shown at trial.  Counsel's objections to showing the videotape of counsel at the time of trial are reserved.

7.    Index.  The videotape operator(s) shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

8.    Filing.  After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

9.    Objections and instructions not to answer at videotape depositions are subject to the provisions of section L, *infra*.  If the objection

9

involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.

> 10.    Technical Data.  Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

### L.  Objections and Directions Not to Answer

> 1.    Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

>> (a)    Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants and, unless otherwise specified by any plaintiff, an objection by a single plaintiff shall be deemed an objection by all plaintiffs.  However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants and an instruction not to answer by one plaintiff should not be deemed an instruction not to answer by all plaintiffs at risk for sanctions should he/she instruct a witness in bad faith.

>> (b)    All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence of a privilege.

>> (c)    Counsel shall refrain from engaging in colloquy during depositions.  The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used.  Counsel may ask what specific defect in form is referenced in the objection in order to decide if there is a need to cure the alleged defect.

> 2.    Objections as to the relevance of documents are not waived, and are reserved for later ruling in each of the coordinated proceedings or by the trial judge.

### M.  Use and Admissibility of Depositions

> 1.    Under the conditions prescribed in **FED. R. CIV. P. 32(a) (1)- (4) CAL. C.C.P. § 2025.620; N.J. COURT RULES R.4:16-1; PA. R.C.P. No. 4020(a)** or as otherwise permitted by the Federal, California, New Jersey, and Pennsylvania Rules of Evidence, depositions may be used against any party (including parties later added and parties in cases subsequently filed in any state court covered by this order, cases filed in, removed to or transferred to the federal court which is covered by this order; all of which are part of this litigation) who:

(a)    was present or represented at the deposition; or

(b)    had reasonable notice thereof; or

(c)    within thirty (30) days after the deposition is taken or within forty-five (45) days after becoming a party in one of the state consolidated actions or MDL-2100 fails to show just cause why such deposition should not be used against such party.

2.    This order does not address the admissibility of any deposition at trial.  Determinations on the admissibility of a deposition shall be made in each coordinated proceeding or at trial.

3.    This order does not address whether a separate trial preservation deposition may be required for admission of a witness's testimony.  Nor does it address the timing of any such trial preservation deposition.  Such determinations shall be made in each coordinated proceeding.

**N.  Correcting and Signing Depositions**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within forty-five (45) days after the end of the deposition, unless the court allows a supplemental deposition pursuant to section C (3).  If no corrections are made during this time, the transcript will be presumed accurate.  Parties in jurisdictions where the rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

**O.  Effectiveness**

Identical deposition protocol orders are being entered in the parallel state court proceedings in California, New Jersey, and Pennsylvania and will be effective on the date docketed.

**So Ordered**

David R. Herndon
2011.02.28 15:39:33 -06'00'

**Chief Judge**                                         Date: February 28, 2011
**United States District Court**

11

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | )<br>)<br>)<br>)<br>)<br> | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to: ALL CASES**

**CASE MANAGEMENT ORDER No. 28.5**
**AMENDING PARAGRAPH N OF DEPOSITION PROTOCOL**

All provisions of CMO 28 are unchanged except for paragraph "N-Correcting and Signing Depositions"-which is changed from "If no corrections are made within forty-five days of the deposition or during this time" to "If no corrections are made within forty-five days of the deposition or within 30 days after receipt by the deponent of the deposition transcript, whichever is later".

**N.  Correcting and Signing Depositions**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within forty-five (45) days after the end of the deposition, unless the court allows a supplemental deposition pursuant to section C (3).  If no corrections are made within forty-five days of the deposition or within 30 days after receipt by the deponent of the deposition transcript, whichever is later, the transcript will be presumed

accurate.  Parties in jurisdictions where the rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

**SO ORDERED.**

David R. Herndon
2011.07.25
17:26:50 -05'00'

**Chief Judge**                                                    **Date: July 25, 2011**
**United States District Court**

# EXHIBIT F

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: LEVAQUIN PRODUCTS LIABILITY LITIGATION | MDL No. 08-1943 (JRT) |
| This Document Relates to All Actions | **PRETRIAL ORDER #2 ON** **FACT DEPOSITION DISCOVERY** |

The Court finds that the parties have met and conferred with regard to an Order addressing fact deposition discovery. This discovery order does not address depositions of the parties' experts which, absent agreement or further order of the Court, are not to begin until the completion of fact discovery. The parties having stipulated thereto, the Court orders that:

**FACT DEPOSITION DISCOVERY OF DEFENDANTS, PLAINTIFFS AND NON-PARTY WITNESSES**

**A.    Governing Law:** Fact discovery depositions of Defendants, Plaintiffs and non-party witnesses shall be governed by applicable Federal Rules of Civil Procedures and Local Rules except as otherwise provided herein or in any other Pretrial Order. Fact discovery has already begun in various proceedings. This Court has taken into consideration the present status and progress of discovery in fashioning a discovery schedule that will aid in fostering state and federal court coordination of these cases, and completing the tasks undertaken in this MDL with reasonable dispatch in keeping with the needs and expectations of litigants.

    **B.**    **Fact Discovery Protocol :**  This order applies to fact deposition discovery of all Defendants, Plaintiffs and non-party witnesses, including prescribing and primary treating physicians, but not to expert witnesses.

    **1.**    **Deposition Notices.**  In addition to the information required by applicable Rule, each deposition notice shall state whether the deposition is to be videotaped and, if so, the name, firm and address of the videotape recorders.

    **2.**    **Telephone Depositions.**  By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30 (b) (7).  Unless an objection is filed and served within ten calendar days after such notice is received, the court shall be deemed to have granted the motion.  All persons present with the deponent shall be identified in the deposition and shall not by word, sign or otherwise coach or suggest answers to the deponent.

    **3.**    **Cross-Notices Between State Court Cases and These Proceedings.**  In order to avoid duplicative discovery and to prevent the unnecessary expenditure of judicial resources and the resources of the parties, steps should be taken to encourage counsel in related state court proceedings to coordinate their depositions with MDL depositions.   Defendants' Liaison Counsel shall provide Plaintiffs' Liaison Counsel and plaintiffs' known state counsel with at least ten (10) days notice of any cross-notice in these proceedings by defendants of a deposition originally noticed in a state court.  In the event any state court counsel participates in a joint deposition,

questioning by state court counsel will not be counted against the time permitted for questioning pursuant to this MDL proceeding as described below. Nothing in this provision shall be construed as an injunctive or equitable order affecting state court proceedings. Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

    **4.**  **Cooperation.** Counsel is expected to cooperate with, and be courteous to, each other and deponents during the course of any deposition. Counsel shall refrain from engaging in colloquy during depositions. Counsel shall recess from time to time during the deposition for meals and to permit periods of rest or refreshment reasonably required by the deponent, stenographers, and/or counsel conducting or defending the deposition.

    **5.**  **Attendance.**

    **(a)**  **Who May Be Present.** Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, court reporters, videographer, deponent and counsel for the deponent. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Protective Order shall be excluded.

(b)    **Unnecessary Attendance.**  Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court.  Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend.

(c)    **Notice of Intent to Attend a Deposition.**  In order for counsel to make arrangements for adequate deposition space, counsel who intend to attend a deposition should advise Liaison Counsel for the noticed party or non-party not fewer than three business days prior to the deposition, whenever feasible. Each party shall identify to the other parties those individuals who intend to question the witness. Such notice shall be provided twenty days prior to the scheduled date of the deposition. Any party wishing to change it designation must do so not later than five days prior to the scheduled deposition.

6.    **Conduct.**

(a)    **Examination.**  Questioning should ordinarily be by no more than two attorneys for all Plaintiffs in MDL No. 1943, designated by Plaintiffs' Co-Lead Counsel, and one attorney for each Defendant.  Counsel for Plaintiffs who have individual or divergent positions, which cannot be resolved by good faith negotiations with Plaintiffs' Co-Lead Counsel, may examine a deponent limited to matter not previously covered.  Once the witness has answered a question, the same or substantially the same questions shall not be asked again.

(b)     **Scheduling**.  Depositions should ordinarily be noticed 30 calendar days in advance of the date on which the deposition is to take place.  Counsel shall use their best efforts to cooperate in scheduling depositions at mutually convenient times and places.

(c)     **Location**.  The location of the deposition shall be as consistent as possible within each city, so that videotape equipment, if being used, can be left in place.

(d)     **Postponements**.  Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than 5 calendar days in advance of the date it is scheduled to occur, except upon agreement between the primary examiner designated by the party noticing the deposition and the attorney representing the witness, or by leave of Court for good cause.

7.     **Documents**

(a)     **Production of Documents**.  Witnesses subpoenaed to produce documents should ordinarily be served at least 30 calendar days before the scheduled deposition.

(b)     **Protective Order**.  A copy of the Protective Order shall be provided to the deponent before the deposition commences if the deponent is to produce or may be asked about documents that may contain confidential information.

(c)     **Copies**.  Extra copies of documents about which deposing counsel expects to examine a deponent should ordinarily be provided to opposing counsel and the deponent at the deposition.  Deponents and their counsel should be shown a copy of the

document at the deposition before being examined about it, except when counsel seek to impeach or test the deponents recollection.

       8.     **Videotaped Depositions**. By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape pursuant to Fed. R. Civ. P. 30(b)(2) and (3) subject to the following rules:

       (a)     **Real-time Feed**. All videotaped depositions will be stenographically recorded by a court reporter with "real-time feed" transcription capabilities.

       (b)     **Video Operator**. The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P.28(c). At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

       (c)     **Attendance**. Each witness, attorney and other person attending the deposition shall be identified on the record at the commencement of the deposition. Only the deponent (and demonstrative materials or other exhibits used during the deposition) will be videotaped.

       (d)     **Standards**. Unless physically incapacitated, the deponent shall be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens

setting and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition.  Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

        (e)    **Filing**.  The operator shall preserve custody of the original videotape in its original condition until further order of the Court.

        (f)    **Number of cameras.** One camera shall be employed to videotape the testimony of the witness at the deposition. If any party wishes to videotape the attorney(s) questioning the witness, that party may do so but shall arrange for such additional videotaping, shall pay the cost thereof, and shall pay for any subsequent synchronization of the questioning with the witness' testimony.

        9.    **Number of Depositions, Employees**.  Defendants shall make available present employees requested by plaintiffs for deposition, subject to the defendants' right to object to the taking of any particular employee's deposition for good cause shown.  Defendant shall take reasonable steps to make available requested former employees, to the extent possible.  If defendants are unable, despite their best good faith efforts, to produce former employees, then defendants shall provide the former employee's last known address and shall cooperate in any effort to obtain this Court's, or another court's, assistance to compel the former employee's attendance at the deposition. Plaintiffs' right to contact former employees of Defendant shall be governed by the Rules of Professional Conduct.  If any party believes a deposition is unreasonable, either by

virtue of the nature of the witness or by virtue of the total number of depositions, that party may apply to the Court for a protective order under Rule 26.

10.     **Supplemental Depositions**.  Each party who did not have reasonable notice of a deposition and who was not present or represented at the deposition (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court) may, within thirty (30) days after filing the deposition (or, if later, within sixty (60) days after becoming a party in any action which is a part of this litigation), file a motion to conduct a supplemental deposition of the deponent.  Within ten (10) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the MDL deposition fully covered the area or areas sought to be explored in the supplemental deposition of that the testimony is not relevant.

No further deposition by any party having received notice of the original deposition will be permitted, except upon order of the MDL Court on good cause shown. A showing by the moving party that a supplemental deposition is reasonably calculated to lead to the discovery of admissible evidence necessary to protect the interests of the moving party shall constitute good cause.

Assuming the movant has met this burden, and if no opposition or motion for a protective order if filed, or the opposition or motion for a protective order is denied, the supplemental deposition may be taken within such time a may be authorized by the Court.

The supplemental deposition shall be treated as the resumption of the deposition originally noticed. During the resumed deposition, any other party may conduct further examination of the witness only with regard to new subject areas authorized by the order allowing the resumed deposition. The resumed deposition shall be taken at the same location as the initial deposition unless otherwise agreed to by the parties and the deponent.

11.   **Length of Direct Examination**. The examination by the party noticing the deposition shall be no more than seven (7) hours of actual examination time absent agreement or further order of this Court upon a showing of good cause. The Court expects that if a deposition requires additional time the parties will make a good faith effort to agree on an extension before coming to the Court for resolution. Direct examinations that are reasonably believed to require more than seven hours to complete shall be scheduled, to the extent possible consistent with the witness's schedule, for sufficient consecutive days for completion.

12.   **Deposition Exhibits**. Parties are under no present obligation to disclose to the deponent's counsel prior to the date of a deposition the documents they expect to use during examination. In the event that the absence of advanced production of documents renders the depositions inefficient, the Court will, upon application, reconsider ordering prior document production.

13.   **Location of Depositions**. Unless otherwise agreed to, any deposition of:

(a)　　Plaintiffs, doctors, case specific fact witnesses and other non-party witnesses shall take place within the federal district in which that person resides;

(b)　　Current and former employees and officers of defendants will take place in the federal district of such employees' or officers' place of business.  Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at the same location as current employees of the same defendant. Absent such agreement, that deposition will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties.

14.　　**Continuance of Deposition.**  If a deposition is not completed by 5:00 p.m., the deposition will recommence on the next business day, subject to the availability of the witness.  Counsel, by agreement, may modify the hours per day for the convenience of the witness. If the witness is not available for deposition on the next business day, the deposition will continue on a date to be agreed upon by counsel or, if agreement cannot be reached, a date specified in a notice of continued deposition.

15.　　**Objections and Directions Not to Answer.**  Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

(a)　　All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the questions or the existence of a

privilege.  Objecting counsel shall say the word "objection", and no more, to preserve all objections as to form

      (b)     Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent seeks to present a motion to the Court for termination of the deposition on the grounds that it is being conducted in bad faith or in such a manner as to annoy, embarrass, or harass the party or the deponent.  When a privilege is claimed, the witness shall nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement was made, any other person to whom the contents of the statement has been disclose, and the general subject matter of the communication.

      (c)     **Private Consultation.** Private conferences between deponents and their attorneys are improper while a question is pending, except for the purpose of determining whether a privilege should be asserted.

      **16.**     **Disputes During Depositions**.  Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court by telephone by calling the Court's Chambers.  In the event the Judge is not

available, the deposition shall continue as to matters not in dispute with full reservation of rights to continue the examination objected to pending a ruling at the earliest possible time.

If the nature of the dispute would not require the continuance of the deposition pending resolution thereof, the parties may elect to either present the matter to the Court by telephone at a time when the parties and the Court are available, or to present the dispute to the Court in writing.  If the parties elect to present the dispute to the Court in writing, each side must submit a 1 page summary of its position and any authority relevant to the dispute. The Court will issue a prompt ruling, as its schedule permits.

      **17.**    **Marking of Deposition Exhibits**.  Any documents previously produced by defendants or third parties used as exhibits in a deposition shall be referred to by any Bates stamp number(s) appearing on the face of the documents and the deposition exhibit designation.  Documents not previously marked as exhibits shall be marked with a sequential number as "Plaintiff's exhibit ___," "Defendant's exhibit ___," or "(witness name) exhibit ____."  The same documents presented as an exhibit at subsequent depositions shall continue to be referred to as originally marked, and counsel should avoid marking the same document with a different exhibit number at any subsequent deposition.

18. **Depositions Pursuant to Rule 30(b)(6)**. In those instances when the Plaintiffs serve a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6), the following shall apply (in addition to the foregoing general procedures governing depositions):

(a). Depositions taken pursuant to Fed. R.Civ. P. 30(b)(6) will be taken pursuant to the Federal Rules of Civil Procedure and applicable case law.

(b). The party wishing to take the deposition will in good faith describe with reasonable particularity the categories on which the party is requesting examination. Within a reasonable period of time after receiving the notice, the party to be deposed will in good faith attempt to inform the discovering party if it believes that multiple witnesses will be necessary to respond to the requested categories of information and to which category each witness will be produced to respond.

19. **Stenographic Recording**. A certified Court reporter shall stenographically record all deposition proceedings and testimony. The court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter, together with an index of all exhibits marked or referred to during the deposition, shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits). The transcript shall also contain the name of any attorney and any other person attending the deposition together with the name of his or her firm or organization, business address and, if applicable, the name of the person or corporation he or she represents. The court reporter shall be requested to furnish the transcript in electronic form (floppy disks) in text-

- 13 -

readable form and hard copy in Min-U-Script format to the representative of plaintiffs conducting the deposition and a designated representative of defendant attending or defending the deposition.

     20.    **Correction and Signing Depositions**.  Unless waived by the deponent, the transcript of a deposition, or any portion thereof, shall be submitted to the deponent or correction and signature within thirty (30) days after the completion of the deposition or any portion thereof.  A deposition transcript, or a transcript of a portion thereof, may be signed by the deponent before ay notary within thirty (30) days after the transcript, or any portion thereof, is submitted to the deponent.  If no corrections are made during this time, the transcript will be presumed accurate.

DATED: November 21, 2008　　　　　　　　____ s/John R. Tunheim____
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　United States District Judge

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **In re Ortho Evra® Products Liability Litigation** | MDL Docket No. 1742<br><br>N.D. Ohio Case No. 1:06-40000<br>JUDGE DAVID A. KATZ<br><br>**CASE MANAGEMENT ORDER NO. 7**<br><br>**DEPOSITION GUIDELINES** |
| **This Document Applies to All Cases** | |

A.   Deposition Notices

1.      This Order applies to all depositions in MDL-1742, which will be noticed and conducted pursuant to Fed. R. Civ. P. 30 and this Order.

2.      This Order in its entirety shall be attached to any non-party subpoena or deposition notice.

3.      Each deposition notice shall include the name and, if known, the general occupational description of each deponent, and the date, time and place of the deposition. The name(s) of the examiner(s) designated by the party noticing the deposition shall be provided two weeks before the deposition.

4.      In order for counsel to make arrangements for adequate deposition space, whenever feasible counsel who intend to attend a deposition noticed by MDL-1742 plaintiffs should provide notice to Plaintiffs' Liaison Counsel of their intention to attend. Counsel who

intend to attend a deposition noticed by the MDL-1742 defendants should send notice of their intention to Defendants' Liaison Counsel.

5.      Deposition notices shall state whether the deposition is to be videotaped and, if so, the name, firm and address of the videotape recorders.  All videotape depositions shall proceed pursuant to the provisions of section L, *infra*.

B.      Cooperation

Witnesses, parties and counsel must conduct themselves at depositions in a temperate, dignified, and responsible manner.  Opposing counsel and the deponent must be treated with civility and respect.  There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during deposition recesses.

C.      Scheduling

Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and locations.  Counsel are expected to cooperate and coordinate the scheduling of depositions.  Only one deposition of a current or former employee of the defendants shall be taken per day until such time as there is a demonstrated need to multitrack depositions of the employees of the defendants.  At that time the parties shall meet and confer on the establishment of a reasonable schedule for the multi-tracking of depositions of employees of the defendants.

For depositions which are not case specific, each side shall be notified at least thirty (30) days in advance of a deposition, absent an extraordinary situation and leave of court.

Depositions of defense current and former employees ordinarily shall be no more than two (2) days in length.

2

D.     Cross-Notices Between State Court Cases and These Proceedings

In order to avoid duplicative discovery and to prevent the unnecessary expenditure of judicial resources and the resources of the parties, steps should be taken to encourage counsel in related state court proceedings to coordinate their depositions with MDL-1742 depositions.

If counsel cannot agree on the order of questioning at a deposition, these rules shall apply:  if the deposition was originally noticed in this MDL, whether or not later cross-noticed in state court proceedings, MDL counsel shall go first in the deposition.  If a deposition was originally noticed in a state court proceeding and is later cross-noticed in this MDL proceeding, the state court counsel shall go first in the deposition.  Regardless of which counsel conducts the initial examination of the deponent, subsequent questioning shall not be redundant or repetitive, although clarification of prior testimony may be sought if reasonably calculated to elicit testimony that adds to the substance of prior testimony.

Nothing in this provision shall be construed as an injunctive or equitable order affecting state court proceedings.  Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

E.     Postponements

Once a deposition has been scheduled, it shall not be taken off calendar, postponed, rescheduled, or relocated less than five (5) calendar days in advance of the date it is scheduled to occur, except upon agreement of counsel or by leave of Court for good cause.

F.     Deposition Day

A deposition day shall commence at 9:30 a.m. and terminate no later than 5:30 p.m. (except Friday when depositions shall end no later than 1:00 p.m.), local time. On Monday through Thursday there should be a one hour and fifteen minute lunch break, one short break

during the morning session, and two short breaks during the afternoon session. Modest variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the witness, but may not be unilaterally changed without approval of the Court.

G.     Continuance of Deposition

If a deposition is not finished on Friday of a deposition week, subject to the availability of the witness, the deposition will recommence on the following Monday. If the witness is not available for deposition on the following Monday, the deposition will continue on a newly-noticed date or an agreed date. In such circumstances, a ten (10) day notice will be sufficient to notice a continued deposition.

H.     Locations for Taking Depositions

1.     Unless otherwise agreed, depositions of plaintiffs will take place in each plaintiff's home district.

2.     Unless otherwise agreed by the parties prior to the noticing of an expert deposition, the deposition of an expert witness shall take place in the expert witness' home district.

3.     The location of the deposition shall be as consistent as possible within each city, so that videotape equipment, if being used, can be left in place.

4.     To the extent reasonably possible, depositions of current and former employees of defendants will take place in the district of such employee's place of business.  Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at the same location as current employees of the same defendant.  Absent such agreement, that deposition will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and parties.

I.    Attendance

Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in MDL-1742 or state cases, in-house counsel for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel. Experts who have signed the Protective Order may attend expert depositions of the other parties' experts but may not participate in the depositions.  Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. While a deponent is being examined about any document that the parties have agreed, or the Court has ordered, is confidential, attendance at that portion of the deposition by persons to whom disclosure is not authorized by agreement of the parties or by order of the Court shall be prohibited. Any portion of the deposition transcript containing documents or information subject to the Protective Order entered in this case shall be sealed in accordance with the terms of the Protective Order.

Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.

Telephonic participation shall be addressed on a witness by witness basis.

J.    Conduct

Except by order of the Court, the following shall apply at all depositions:

1.    Examination

Each side should ordinarily designate no more than two attorneys for the MDL and two attorneys for the state cases to participate in the deposition and conduct non-duplicative questioning.

In some depositions, there may be sufficient divergence of positions among various parties such that additional examiners may be appropriate on non-redundant matters. Therefore, other attorneys will be permitted to examine deponents on non-redundant matters. The non-redundant requirement will be strictly construed.  Further, even if there is no divergence of position, if a state court attorney has non-redundant questioning he or she deems necessary or appropriate, that further questioning by that state court lawyer may proceed, subject to overall time limits.

Any party who believes that, due to a divergence of interest, it may be necessary to examine the deponent on non-redundant matters shall designate one attorney to conduct such non-redundant examination after the initial examination has concluded.

Counsel should cooperate in the allocation of time in order to comply with the time limits set by the Court.

2.    Objections and Directions Not to Answer

Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all discovery depositions in this action:

a)    Objections must be limited to (1) those that would be waived if not made pursuant to Fed. R. Civ. P. 32(d)(3); and (2) those necessary to assert a privilege, enforce a limitation on evidence directed by the Court or present a motion under Fed. R. Civ. P. 30(d)(3).  No other objections can be raised during the course of the deposition.  In the event privilege is claimed, examining counsel may make appropriate inquiry about the basis for asserting privilege.

6

      b)      Speaking objections that refer to the facts of the case or suggest an answer to the deponent are improper and must not be made in the presence of the deponent.

    3.      <u>Objections to Documents</u>

Objections as to the relevance of documents are not waived, and are reserved for later ruling by the Court or by the trial judge.  No objections to the use of any document are necessary or shall be noted on the record.

    4.      <u>Disputes During Depositions</u>

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to Judge Katz by telephone.  In the event Judge Katz is not available, the deposition shall continue with full reservation of rights of the interrogation for a ruling at the earliest possible time.

If the nature of the dispute would not stop the deposition from going forward, the parties may elect to either present the matter to Judge Katz by telephone, or to present the dispute to the Court in writing.  If the parties elect to present the dispute to the Court in writing, each side must submit a one (1) page summary of its position and any authority relevant to the dispute. The Court will issue a prompt ruling, as its schedule permits.

In the event the Court is unavailable by telephone to resolve disputes arising during the course of a deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

None of the provisions in this Section shall deny counsel the right to continue the deposition, file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court if counsel deems it necessary.

Disputes between the parties should be addressed to this Court rather than to the District Court in which the deposition is being conducted.

K.   Stenographic Recording

A certified Court reporter shall stenographically record all deposition proceedings and testimony. The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits). A copy of all deposition exhibits shall be included with the original deposition transcript. The noticing party shall be responsible for the court reporter furnishing computer disks in text-readable form and hard copy in Min-U-Script format to Liaison Counsel for Plaintiffs and Defendants.

L.   Videotaped Depositions

The provisions of this Order regarding examination of deponents apply to videotaped depositions. Any deposition may be videotaped at the request of any party pursuant to the following terms and conditions:

1.   Simultaneous Stenographic Recording

All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph K, above.

8

2.      Cost of the Deposition

The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording. Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

3.      Videotape Operator

The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

4.      Attendance

Before commencement of the deposition, each witness, attorney, and any other person attending the deposition shall submit to the court reporter in writing his or her name, the name of his or her firm, business address, and the name of the client he or she represents. The list of these people shall be included at the beginning of the deposition transcript. In addition, at the commencement of the deposition, each witness, attorney and any other person attending the deposition shall be identified on camera.

5.      Interruptions

No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions. The video operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

6.      Standards

The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial. Unless physically incapacitated, the deponent shall be seated at

a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition.

Defendants reserve the right to seek an Order from the Court that the examiner as well as the witness be recorded, and that if a second camera is necessary to accomplish such recording, defendants agree to bear such expense.

      7.    <u>Index</u>

The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

      8.    <u>Filing</u>

After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic Court reporter, and file a true copy of the video tape, the transcript, and certificate with Liaison Counsel for Plaintiffs and Defendants.

10.    Technical Data

Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included on copies of the videotaped deposition.

M.    Obtaining Copies of Transcripts and Videotapes

Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

N.    Correction and Signing Depositions

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition.   The deposition may be signed by the deponent within thirty (30) days after the transcript is submitted to the deponent. If no corrections are made, the transcript will be presumed accurate.


IT IS SO ORDERED.

August 25, 2006                            s/ David A. Katz
_____              _____
DATE                                           DAVID A. KATZ, United States District Judge


30180.00231.899785.1

11

# EXHIBIT H

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JUL 0 3 2003

JAMES W. McCORMACK, CLERK
By: _____
DEP. CLERK

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507 WRW |
| | : | |
| PREMPRO PRODUCTS LIABILITY | : | **ALL CASES** |
| LITIGATION | : | |

## PRACTICE AND PROCEDURE ORDER NO. 2 (Depositions)

The order proposed by the parties to govern the taking of depositions has been reviewed.  Much of the proposal is the Court's Order.  This Order contains accepted proposals and those imposed by the Court.

Depositions shall be governed by the following terms:

1.    **Deposition Notices.**

A.    All depositions in MDL-1507, except pursuant to Court order, will be noticed and conducted pursuant to Fed. R. Civ. P. 30.   This Practice and Procedure Order No. 2 (Re:  Deposition Guidelines) may be cross-noticed in any Prempro action pending in a state court.

B.    This Order shall be attached to any party or non-party subpoena or deposition notice.

C.    Each deposition notice shall include the name, and, if known, the general occupational description of each deponent, the expected length of the deposition, and the date, time, and place for the deposition (including address and phone number of a contact).

D.    Deposition notices shall state whether the deposition is to be videotaped and, if so, the business name and address of the videotape recorder.  All videotape depositions shall proceed pursuant to the provisions of paragraph 10, *infra*.

18

E.      Counsel in any related federal or state action may suggest matters for inquiry in any deposition noticed in MDL-1507 by providing to the appropriate Liaison Counsel a written list and brief explanation of such matter or matters. Liaison Counsel for plaintiffs:  Russell Marlin, Gary Eubanks & Assoc., P.O. Box 3887, Little Rock, AR 72203-3887, (501) 372-0266.  Liaison Counsel for defendants: Lyn P. Pruitt, Mitchell, Williams, Selig, Gates & Woodyard, 425 West Capitol Avenue, Suite 1800, Little Rock, AR 72201-3525, (501) 688-8800.  Liaison Counsel are responsible for submitting these items to Lead Counsel.

**2.      Cooperation.**

Counsels are expected to cooperate with, and be courteous to, all counsel and deponents.  Behavior brought before this Court alleged to be contrary and so found, are subject to sanctions.

**3.      Scheduling.**

A.      Absent extraordinary circumstances, counsel shall consult with opposing counsel and proposed deponents in advance in an effort to schedule depositions at mutually convenient times and places.

B.      More than one deposition may take place in MDL-1507 at the same time; except that no more than two (2) Wyeth employees may be scheduled for deposition on the same day.

C.      Depositions must be noticed under Fed. R. Civ. P. 30 at least thirty (30) calendar days in advance, with notice served upon Liaison Counsel by facsimile and mail. Service upon Liaison Counsel shall be deemed service upon all parties.  A continued deposition may be resumed upon ten (10) days' notice.

4.      **Locations for Taking Depositions.**

A.      Unless otherwise agreed by Liaison Counsel, depositions of plaintiffs will take place in each plaintiff's home district.

B.      Unless otherwise agreed by Liaison Counsel, depositions of Wyeth employees (past and current) will take place in one of the following locations, as designed by Wyeth:

- New York, New York;
- Madison, New Jersey;
- Philadelphia, Pennsylvania; or
- Washington, D.C.

C.      Unless otherwise agreed by Liaison Counsel, the deposition of an expert witness shall take place in the expert witness' home district.

5.      **Deposition Week.**

In any week in which depositions will be taken, such depositions shall commence no earlier than 10:00 a.m. on Monday and end no later than 3:00 p.m. on Friday of that week, unless by agreement of the parties or court order.

6.      **Deposition Day.**

Except as stated above, the deposition day shall commence at 9:30 a.m. and terminate no later than 5:30 p.m.

7.      **Attendance.**

A.      **Who May be Present.**  Unless otherwise agreed to by Liaison Counsel, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in MDL-1507 or state Prempro cases (including any employee or retained consultant of such attorney who is assisting in the litigation and whose presence is reasonably

required by the attorney), in-house counsel for Wyeth, the court reporter, and the videographer. Upon motion 20 days prior to the scheduled deposition, and for good cause shown, the Court may permit attendance by a person who does not fall within any of these categories.

    B. **Use of Confidential Documents.**  While a deponent is being examined about any document that is confidential because (i) Liaison Counsel have so agreed, (ii) a party has designated the document confidential pursuant to the Confidentiality Order, or (iii) the Court has so ordered, attendance at that portion of the deposition by persons to whom disclosure is not authorized by agreement of Liaison Counsel, the terms of the Confidentiality Order, or by court order shall be prohibited.

    C. **Unnecessary Attendance.**  Unnecessary attendance by plaintiffs' counsel is discouraged and may not be compensated in any fee application to the Court.  Counsel who have only marginal interest in a proposed deposition or who expect their interest to be adequately represented by the Plaintiffs' Steering Committee should not attend.

    8. **Conduct of the Deposition.**

    Except by order of the Court, the following provision shall apply at all depositions of fact witnesses:

    A. **Selection of Attorneys to Conduct Examination.**

      (1) One attorney will conduct the principal examination of the deponent on behalf of (i) the Plaintiffs' Steering Committee and plaintiffs in state court actions; and (ii) one attorney will conduct the principal examination on behalf of Wyeth.  The attorney so designated by the Plaintiffs' Steering Committee will coordinate with other plaintiffs' counsel reasonably in advance of the date scheduled for the deposition regarding the areas of examination in order to conduct a thorough examination.

(2)      In some depositions there may be sufficient divergence of positions among parties on the same side of the case such that additional examiners may be appropriate on non-redundant (i.e., new) subject matters, in which event other attorneys will be permitted to examine deponents on non-redundant matters.  The need for additional examiners and the non-redundant requirement will be strictly construed.  The Plaintiffs' Steering Committee shall not be entitled to conduct any additional examination by virtue of the fact that one or more of its members may also represent plaintiffs in state court actions.

B.      **Objections.**

(1)      All objections as to relevance and admissibility shall be preserved for later ruling by the Court.  Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner.  A party may instruct a deponent not to answer only when necessary to preserve a privilege, to endorse a limitation on evidence directed by the court, or to present a motion.  The Court will meet violations of this Rule with stern measures.  See, *Hall v Clifton Prevision*, 150 FRD 525 (E.D. Pa 1993) for "a word to the wise."

(2)      Objections to the responsiveness of the answer shall be stated by the examining attorney, or by counsel for parties other than the witness, with the single word "objection" following the answer.  Only if the attorney representing the witness requests it shall additional explanation be given.

(3)      As soon as any one attorney representing a party to this litigation states the word "objection," all parties shall be deemed to have preserved all possible objections to the form of the question or the responsiveness of the answerer.  Counsel for other

parties shall not repeat the objection.  Only if an explanation for the basis of the objection is requested may counsel other than the first to object reiterate the objection and explain.

C.      **Directions Not to Answer; Suspension of a Deposition.**

(1)      Directions to the deponent not to answer are improper except on the ground of privilege or to enable a party or deponent to present a motion for protective order on the grounds that it is being conducted in bad faith, or in such manner as to unreasonably annoy, embarrass, or oppress the party or the deponent.  Such directions shall be kept to the bare minimum.  All grounds for an instruction not to answer a question must be stated at the time the instruction is given or may be waived.  When a privilege is claimed, the witness must nevertheless answer questions relevant to the basis, or waiver, of the privilege, such as the date of a communication, who made it, to whom and in whose presence, and the identity of other persons to whom the communication may have been disclosed. (*See para. 8.B(1)*)

(2)      If a party believes a deposition should be suspended on the grounds set forth in (c)(1), the party who desires the suspension, prior to the suspension of the deposition, will contact the Courtroom Deputy, Mary Johnson, for the scheduling of a telephone conference with either Judge Wilson or Magistrate Judge Young.  If the telephone conference does not resolve the discovery dispute, the party shall file and serve a motion for protective order under Fed.R.Civ.P.26(c) within ten (10) days of suspension of the deposition.  If the motion is not timely filed, a motion to compel and for sanctions may be filed by the examining party under Fed. R. Civ. P. 37.

D.      **Objections to Documents.**  Objections to the admissibility of documents are not waived and are reserved for later ruling by the Court or trial judge.

6

E.    **Sequence of Examination – Depositions Taken by Plaintiffs.**

Questioning at the depositions to be taken by plaintiffs will be conducted in the following

sequence:

> (1)    the primary examiner selected by the Plaintiffs' Steering Committee;
>
> (2)    other MDL-1507 plaintiffs' attorneys on non-redundant matters;
>
> (3)    the primary examiner selected by Wyeth;
>
> (4)    individual counsel for the deponent, if any;
>
> (5)    any recross or redirect by 1-4, supra;
>
> (6)    examination by plaintiffs' and defense attorneys in cross-noticed state cases in the following order:  counsel for state plaintiffs on non-redundant matters; counsel for state defendants on non-redundant matters; counsel for the deponent; any re-cross and redirect.

F.    **Sequence of Examination – Depositions Taken by Wyeth.**

Questioning at the depositions to be taken by defendants shall be conducted in the following

sequence:

> (1)    the primary examiner selected by Wyeth;
>
> (2)    the primary examiner selected by Plaintiffs' Steering Committee;
>
> (3)    any other MDL-1507 plaintiffs' attorney on non-redundant matters;
>
> (4)    individual counsel for the deponent, if any;
>
> (5)    any recross and redirect by 1-4, supra;
>
> (6)    examination by plaintiffs' and defense attorneys in cross-noticed state cases in the following order:  counsel for state defendants on non-redundant matters; counsel for state plaintiffs on non-redundant matters; counsel for the deponent; any recross and redirect.

G. **Smoking and Use of Other Tobacco Products.** There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during, or after a deposition, or in the deposition room during deposition recesses.

9. **Documents.**

A. **Production of Documents.** Witnesses subpoenaed or noticed to testify and to produce documents shall be noticed and served with the subpoena or deposition notice and document request at least thirty (30) days before the scheduled deposition. This provision shall not supersede any preexisting agreement or order governing which documents should be produced and/or when.

B. **Copies.** Extra hard copies of documents about which counsel expect to examine the deponent should be provided to the reporter, primary counsel for the parties, the deponent, and deponent's counsel during the course of the deposition.

C. **Marking of Deposition Exhibits.** The first time a document is marked as a deposition exhibit, it shall be referred to by the Bates number appearing on the document. Documents that have not been previously produced shall be assigned a Bates number from a range of numbers reserved for this purpose. Thereafter, the exhibit shall be referred to by its deposition exhibit number, and plaintiffs' deposition exhibits and defendants' deposition exhibits shall each be numbered sequentially running from deposition to deposition.

10. **Videotaped Depositions.**

The provisions of this order regarding examination of deponents apply to videotaped depositions. Any deposition may be videotaped at the request of a party pursuant to the following terms and conditions:

A.    **Stenographic Recording.**  A certified court reporter shall simultaneously record stenographically all deposition proceedings and testimony.  The court reporter shall administer the oath or affirmation to the deponent on camera.  The written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30 (e) (submission to the witness) and 30 (f) (filing; exhibits).

B.    **Cost of Deposition.**  The noticing party shall bear the expense of videotaping and stenographic recording.  Requests for taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

C.    **Videotape Operator.**  The video camera shall be operated by an experienced video camera operator.  The operator shall be subject to the provisions of Fed. R. Civ. P. 28 (c).

D.    **Identification of Persons in Attendance.**  Before the deposition commences, each person in attendance shall give the court reporter his or her name, firm or business affiliation, business address, and the name of the client he or she represents.  The list of these people shall be included at the beginning of the deposition transcript.

E.    **Interruptions.**  The video camera operation will be suspended during the deposition only by agreement of counsel examining and defending the deposition, and "off the record" discussions shall not be videotape recorded.  The video camera operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

F.    **Index.**  The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are

identified, and at which any interruption of continuous tape recording occurs, whether for

recesses, "off the record" discussion, mechanical failure, or otherwise.

G. **Filing.** After the deposition is completed, the video operator shall

certify on camera the correctness, completeness, and accuracy of the videotape recording in the

same manner as a stenographic court reporter.

H. **Objections.** Objections and instructions not to answer at

videotape depositions are subject to the provisions of paragraph 8(b)-(d) of this Order. If the

objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for

viewing the tape shall be submitted to the Court together with a brief supporting the positions

submitted by each party limited to three (3) pages.

I. **Technical Data.** Technical data, such as recording speeds and

other information needed to replay or copy the tape, shall be included with copies of the

videotapes.

J. **Video Camera System.** Two or three video cameras may be used.

The cameras shall videotape the deponent, questioner, and/or exhibit. The camera(s) on

deponent and/or questioner shall be only a "head and shoulders/waist up" shot.

11. **Real-Time Transcription.**

Any party may arrange for "real-time" transcription of a deposition at its cost.

Notice to other parties is not required.

12. **Obtaining Copies of Transcripts and Videotapes.**
Any party may at its own expense obtain a copy of the videotape and the

stenographic transcript by contacting Liaison Counsel.

13. **Supplemental Depositions.**

Except as provided in sections 13 and 14 of Practice and Procedure Order No. 1,

witnesses shall not be subjected to more than one deposition, nor to repetitive and redundant questioning.  To that end:

A.    A party not present at a deposition may, within ninety (90) business days after the completion of the deposition; upon a good faith determination that further inquiry of the deponent is necessary, notify Liaison Counsel that it will move this Court for an order allowing resumption of the deposition.

B.    A party whose case is transferred to MDL-1507 after a deposition has been taken, and who did not receive service of a cross-notice, may within sixty (60) days of the Transfer Order, and upon a good faith determination that further inquiry of the deponent is necessary, notify the other parties that it will move the this Court for an order allowing resumption of the deposition.

C.    The notice shall identify with specificity those areas where the party believes further examination is necessary, state how the MDL-1507 deposition ( and other depositions of the witness placed in the depository) was inadequate or incomplete, state whether the movant has conferred with the primary examiner regarding these supplemental areas of examination, and demonstrate that further examination would be relevant and non-redundant. The parties shall meet and confer in an effort to resolve whether the witness will be made available for a supplemental deposition.

D.    If no resolution is reached, the party seeking the supplemental deposition may move the Court for an order allowing resumption.  The motion must contain the information in paragraph 13 C and be limited to three (3) pages.  Within fourteen (14) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the MDL-1507 deposition (or

any other deposition of the witness in the depository) adequately covered the area or areas sought to be explored in the supplemental deposition or that the testimony sought is not relevant and non-redundant.

        E.      No further or supplemental deposition will be permitted (i) by any party having received notice in MDL-1507 of the original deposition or (ii) by any party represented by counsel on the Plaintiffs' Steering Committee (where the original deposition was taken by a member of the Committee), except upon order of the MDL-1507 Court on good cause shown.

        F.      The supplemental deposition shall be treated as the resumption of the deposition originally noticed.  During the resumed deposition, any other party may conduct further examination of the witness only with regard to new subject areas authorized by the order allowing the resumed deposition.  The resumed deposition shall be taken at the same location as the initial deposition unless otherwise agreed to by the parties and the deponent.

        G.      Nothing herein shall be deemed to limit the right of a defendant to take the *de bene esse* deposition of a witness whose deposition was previously taken by plaintiffs. Plaintiffs shall not object to defendants' taking of such *de bene esse* depositions on the ground that the witness was previously deposed.

### 14.      Correction and Signing Deposition.

        The transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the completion of the deposition.  The deposition may be signed by the deponent before any notary or pursuant to 28 U.S.C. § 1746.  If no corrections are made within sixty (60) days after completion of the deposition, the transcript will be deemed accurate.

15.     **Rulings Concerning Disputes at Depositions.**

A.     Disputes arising during depositions that cannot be resolved by agreement and that if not immediately resolved will significantly disrupt the deposition schedule, would require a rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, may be presented to the undersigned or Magistrate Judge H. David Young by telephone. In the first instance, the parties are directed to negotiate such disputes in good faith. In the event agreement cannot be reached after such negotiation, any party seeking a ruling from the Court shall arrange a telephone conference call within the undersigned's or the Magistrate Judge's law clerk at the Court's earliest convenience. Facilities shall be provided so that counsel attending the deposition and the deposition reporter can hear the proceedings. The deposition reporter shall make a transcript of the conference call proceedings, which shall be transcribed immediately and bound separately. During such proceedings, counsel shall have the opportunity to argue to the Court, and the Court will, whenever possible, resolve the dispute during the conference call proceedings.

B.     If the telephone conference does not resolve the discovery dispute, the parties will be requested to present the dispute to the Court in a Motion with supporting authority. The Motion and Brief should be limited to four (4) pages with the summary of its position in short, simple sentences together with the salient authority relevant to the dispute. The Court will issue a prompt ruling, as its schedule permits. The undersigned's telephone and fax numbers are 501-604-5140 and 501-604-5149 respectively, and Magistrate Judge H. David Young, telephone number is 501-604-5184 and 501-604-5187. The fax may be used only with express permission of the respective Judge.

       C.      In the event the Court is unavailable by telephone or fax to resolve disputes arising during the course of a deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

       D.      The Court will exercise the authority granted under 28 U.S.C. § 1407(b) to act as District Judge in any district in which a deposition is being taken.

    **16.** This Order will be adjusted as necessary to allow for orderly discovery.

IT IS SO ORDERED this _2nd_ day of July, 2003.

<br>

UNITED STATES DISTRICT JUDGE
Wm. R. WILSON, JR.

<br>

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON _7/3/03_ BY _____

F I L E   C O P Y

bm

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325


July 3, 2003


* * MAILING CERTIFICATE OF CLERK * *


Re:  4:03-cv-01507.


True and correct copies of the attached were mailed by the clerk to the
following:

        William Gary Holt, Esq.
        Gary Eubanks & Associates
        Post Office Box 3887
        Little Rock, AR  72203-3887

        Russell D. Marlin, Esq.
        Gary Eubanks & Associates
        Post Office Box 3887
        Little Rock, AR  72203-3887

        Lyn Peeples Pruitt, Esq.
        Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.
        425 West Capitol Avenue
        Suite 1800
        Little Rock, AR  72201-3525

        press
        MDL


                                        James W. McCormack, Clerk

Date:  _7/3/03_                         BY: _____

# EXHIBIT I

THE HONORABLE BARBARA J. ROTHSTEIN

FILED ____ ENTERED
LODGED ____ RECEIVED

JAN 0 4 2002    DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

FILED ____ ENTERED
LODGED ____ RECEIVED

JAN 2 9 2002

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON    DEPUTY
BY

ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1407 |
| This document relates to all actions | CASE MANAGEMENT ORDER NO. 1 |

I.      **INTRODUCTION**

On November 16, 2001, an initial conference was held in order to address issues dealing with the structure and purposes of the leadership of plaintiffs and defendants in this multi-district litigation. During the course of that conference, various issues relating to discovery, experts, use of technology, class actions, and federal-state coordination were also discussed.

At the conclusion of the conference, the Court directed the parties to submit an agreed upon Case Management Order No. 1, to the extent possible, addressing a fact discovery schedule, deposition and document production procedures, expert disclosure

Case Management Order No. 1
(MDL Docket No. 1407) - Page 1

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

and discovery, and any other matters felt necessary to promote the efficient and timely progress of this litigation.

By order dated November 21, 2001, this Court appointed Lead and Liaison Counsel for plaintiffs and defendants.  The Court had previously indicated that Lead Counsel for each side, because of their knowledge of the skills, experience and compatibility of counsel involved in this litigation, should propose for Court approval the names of counsel to serve on various Committees.  Those proposals have been made and the Court has acted thereon.  The Court also requested the submission no later than December 14, 2001, of a Joint Proposed Case Management Order No. 1, to address the issues discussed during the initial conference, and any other topics.

The parties have now submitted a proposed Case Management Order No. 1, together with opposing submittals regarding various aspects of CMO No. 1 about which the parties disagree. After review and consideration of the parties' submissions, the Court hereby orders as follows:

Case Management Order No. 1
(MDL Docket No. 1407) - Page 2

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

1

2

**II.**              **STAY OF PROCEEDINGS IN CASES TRANSFERRED TO MDL 1407**

3

All proceedings in any case transferred to MDL 1407, now or in the future, are

4

stayed except as to the specific proceedings outlined in this Order, any pending motions

5

to remand presently before this Court, or in any subsequent order of the Court.  All prior

6

written discovery to which responses have not yet been served is deemed withdrawn.

7

All dates on which responsive pleadings are due are hereby stayed until further notice,

8

and all scheduling orders are hereby vacated.  Nothing herein shall extend or modify the

9

time permitted for removal of any case to federal court, nor shall any portion of this

10

Order be deemed to apply to any case or matter now or hereafter pending in any state

11

court unless that state court so orders.

12

**III.**    **STATUS CONFERENCES, MOTIONS, PLEADINGS AND SERVICE**

13

**A.**      **Status Conferences**.  Status Conferences shall be regularly scheduled

14

by the Court to permit substantial advance notice to all parties.  Except as otherwise

15

provided herein, and to accommodate the schedules of the Court and parties, oral

16

argument or hearings on any motion will be scheduled to coincide with calendared

17

Status Conferences.  Counsel may attend and participate in Status Conferences, oral

18

arguments and hearings by telephone at the Court's discretion by prior arrangement

19

with the Court's chambers.  Any hearing or oral argument deemed necessary by the

20

Court on motions that require a ruling on an expedited basis will be scheduled to permit

21

notice of at least two (2) business days.  If circumstances warrant, the Court may

22

shorten the notice period.

23

24

**B.**      **Motions**.  Motion practice shall be governed by applicable Federal and

25

Local Rules except as otherwise provided herein or in any subsequent Case

26

27

28

Case Management Order No. 1
(MDL Docket No. 1407) - Page 3

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

Management Order.  Absent an Order of the Court, briefs in response to all motions shall be filed twenty-one (21) days after the date of service.  Reply memoranda shall be filed within seven (7) days after service of the response. Oral argument or hearing on a motion will be scheduled to coincide with the first regularly scheduled Status Conference occurring after seven (7) days from the scheduled date, as extended by the Court, for the filing of Reply memoranda.

**C.   Notice to Parties by the Court**.  Notice by the Court to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel of any matter, ruling, order, schedule or court hearing relating to all actions, shall be considered by the Court to be Notice to all parties in MDL 1407.  Notice by the Court of any matter, ruling, order, schedule of court hearing relating only to individual actions shall be given to counsel of record for that action, Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel.

**D.   Service of Pleadings, Motions and Other Documents**.  Lead Counsel and any party filing with the Court a pleading, motion, or other document relating to all actions shall provide one (1) copy to Plaintiffs' Liaison Counsel, one (1) copy to Defendants' Liaison Counsel, and one (1) copy to opposing Lead Counsel by overnight mail or hand delivery.  In addition, an electronic version of any document filed shall be provided at the time of service to the respective Liaison Counsel by electronic mail, on a floppy disk, or on CD-ROM in either WordPerfect or Microsoft Word format.  If any document filed is comprised of or contains a paper copy of an electronic image of said document, the electronic image of said document(s) shall be similarly served.  Service on Plaintiffs' and Defendants' Liaison Counsel constitutes service on all plaintiffs' counsel and all defendants' counsel, respectively.  Service and distribution by Liaison

Case Management Order No. 1
(MDL Docket No. 1407) - Page 4

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

Counsel to other attorneys of record may be made via U.S. Mail and either e-mail, overnight courier service or facsimile transmission, reserving to any counsel of record the right to waive, in writing, all or any aspect of said service.

  **E. Communication with the Court**. All communications with the Court should be through Lead or Liaison Counsel.  Correspondence from individual plaintiff or defense counsel directly to the Court is strongly discouraged except when requested or the circumstances require direct contact.  In any event, a copy of any such correspondence must be simultaneously served on Liaison Counsel.

**IV**.  **STATEMENT OF ISSUES**

  No later than 5 days prior to the next status conference, Lead Counsel for Plaintiffs and Defendants shall submit separate reports to the Court identifying and describing the legal and factual issues they believe will need to be addressed in these MDL proceedings.  The reports by Lead Counsel shall not exceed 24 pages in length.

**V.**  **FACT DISCOVERY OF DEFENDANTS**

  Discovery as to defendants shall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein or in any subsequent Case Management Order.  Fact discovery has begun against certain, but not all defendants, in various state court proceedings.  This Court has taken into consideration the present status and progress of discovery against various groups of defendants in fashioning a discovery schedule that will aid in fostering state and federal court coordination of PPA cases, and completing the tasks undertaken in this MDL 1407 with reasonable dispatch in keeping with the needs and expectations of litigants.

Case Management Order No. 1
(MDL Docket No. 1407) - Page 5

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

**A.      Completion of Fact Discovery**.  Fact discovery of all defendants, as divided into three distinct groups, shall be completed as follows:

(1)      **Group I Defendants.**  Group I Defendants are American Home Products Corporation, Novartis Consumer Health Inc., Bayer Corporation, SmithKline Beecham, Perrigo, and Chattem, and any related entities. Fact discovery as to Group I Defendants shall be completed on or before December 31, 2002.

(2)      **Group II Defendants.**  Group II Defendants are those defendants presently named in any case now docketed in this MDL 1407 not designated as Group I Defendants, such as Schering-Plough and Thompson/Delaco.  Fact discovery as to Group II Defendants shall be completed on or before February 28, 2003.

(3)      **Group III Defendants.**  Group III Defendants are those defendants who are named in any action transferred to this MDL 1407 after the date of this Order. Fact discovery as to each such defendant shall be completed on or before 15 months following the first day of the month following the docketing of the first action naming said defendant in this MDL 1407.

**B.      Discovery Disputes**.  All disputes regarding the scope or conduct of fact discovery shall be resolved pursuant to the standards and procedures set forth in the Federal Rules of Civil Procedure as augmented by the Local Rules of this District, except as otherwise provided herein.

**C.      Confidentiality of Produced Materials or Deposition Testimony**. The Court has entered *Case Management Order No. 2 (Confidentiality of Material Produced and Testimony Relating Thereto)* pursuant to the joint submittal of same by the parties.

Case Management Order No. 1
(MDL Docket No. 1407) - Page 6

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

D.    **Preservation of Documents**

The Court will enter *Case Management Order No. 3 (Preservation of Documents)* following the submittal of the positions of the parties regarding the content thereof.

E.    **Production of Documents**

(1)    **Master Request For Production of Documents**.  Document production by most Group I Defendants is and has been ongoing in several state and federal court cases, all in response to virtually identical requests for production propounded by many of the plaintiffs' counsel named as members of the Plaintiffs' Steering Committee or Discovery Committee. Attached at Tab A is the *Master Requests For Production of Documents Addressed To All Defendants* ("Master Requests For Production") which incorporates the requests previously made and responded to by Group I Defendants and is hereby deemed served on all defendants named in any action transferred to this MDL 1407. In the absence of an agreement or further order of the Court, no further document requests may be propounded to the Defendants without leave of Court.

(2)    **Prior Production and Responses to Requests to Produce**.  To the extent that any Group I Defendant has produced documents in response to requests for production also contained in the Master Requests for Production, that production is hereby deemed to be production to the same requests contained in the Master Requests for Production.  Similarly, to the extent that any Group I Defendant has responded to requests to produce also contained in the Master Requests for Production, those responses are hereby deemed to have been made to the same requests contained in the Master Requests for Production.  All objections to production

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

requests raised in a response made by any Group I Defendant are preserved to the extent existing as of the date hereof, and all rights held by plaintiff(s) to contest any objections made are similarly preserved and intact.

(3)   **Document Production Deadlines**.

(a)   **Group I Defendants**.  Each Group I Defendant shall produce all documents maintained in hard copy responsive to the Master Requests for Production on or before February 28, 2002, except for those documents withheld pursuant to an assertion of privilege, work product or objection.  Group I Defendants shall produce all documents maintained in electronic format responsive to the Master Requests for Production on or before  March 30, 2002, except for those documents withheld pursuant to an assertion of privilege, work product or objection.  The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents.  Motions to compel should only be filed on those issues that cannot in good faith be resolved.  The Court expects that document production will be completed by the deadlines above, and that no further extensions will be necessary.

(b)   **Group II Defendants**.  Each Group II Defendant shall respond to the Master Request for Documents no later than February 28, 2002 and produce all documents maintained in hard copy responsive to the Master Requests for Production no later than March 30, 2002, except for those documents withheld pursuant to an assertion of privilege, work product or objection .  Group II Defendants shall produce all documents maintained in electronic format responsive to the Master Requests for Production on or before March 30, 2002, except for those documents withheld pursuant to an assertion of privilege, work product or objection.  The parties

Case Management Order No. 1
(MDL Docket No. 1407) - Page 8

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

shall meet and confer as soon as practicable to resolve disputes concerning withheld

documents.  Motions to compel should only be filed on those issues that cannot in good

faith be resolved.  The Court expects that document production will be completed by the

deadlines above, and that no further extensions will be necessary.

(c)    **Group III Defendants**.  Each Group III Defendant shall

respond to the Master Request for Documents within sixty (60) days of the transfer to

this MDL 1407 of the first action in which it is named and produce all documents

responsive to the Master Requests For Production on a rolling basis within one hundred

twenty (120) days thereafter, except for those documents withheld under an assertion of

privilege or protection, or where an objection has been asserted.  The parties shall meet

and confer as soon as practicable to resolve disputes concerning withheld documents.

Motions to compel should only be filed on those issues that cannot in good faith be

resolved.

(4)    **Manner of Production**.  With respect to all responsive documents

or materials kept or maintained in either tangible form or in any electronic form, all

defendants shall produce those documents or materials in "hard" copy, with appropriate

identifying Bates numbering or labeling which shall include an alpha prefix identifying

the defendant producing same.  However, this provision shall not prohibit or otherwise

impact any subsequent motion by plaintiffs to seek the production from any defendant of

all responsive documents or materials kept or maintained in electronic form in the same

format as they are kept or maintained.  All defendants shall, to the extent reasonably

possible, produce on a "rolling" basis, such that documents or materials should be made

available for production and produced at regular intervals rather than accumulated with

Case Management Order No. 1
(MDL Docket No. 1407) - Page 9

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

all other documents for production at the end of the document production period

permitted herein.  Each copy of a document shall convey the exact information and

appearance of the original document unless redacted pursuant to a stated objection or

privilege, in which event the fact that a redaction has been made shall be made

apparent on the face of the document produced.  If color is material to appreciating or

comprehending the content of a document, parties shall honor reasonable requests for

either the production of an original document for inspection and copying or production of

a color image of the document. Similarly, the parties shall comply with all reasonable

requests for inspection and copying of an original document for all copies deemed

unreadable or illegible, in whole or in part.  The reasonable reproduction costs incurred

by defendants of providing "hard" copies shall be borne by plaintiffs pursuant to

applicable Federal and Local Rules.

       **(5)**    **Document Images and Objective Databases**. If a defendant

chooses or has chosen to create electronic images of documents or materials produced

in "hard" copy, duplicates of said images shall be produced to plaintiffs on CD-ROM

disks on or before that defendant's document production deadline.  The electronic

images produced shall be in the same electronic format as utilized by defendant in

creating and maintaining the electronic images.  Provided, however, that should a

defendant choose to create electronic images of only a select group of documents, such

that the selection reflects the work product of its attorneys in conjunction with this

litigation, then production shall not be required.  The reasonable reproduction costs

incurred by defendants of providing copies of CD-ROM disks containing images of

Case Management Order No. 1
(MDL Docket No. 1407) - Page 10

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

documents produced shall be borne by plaintiffs pursuant to applicable Federal and Local Rules.

Any defendant that has created an objective database of documents produced in response to production requests of plaintiffs shall produce that database to plaintiffs.  Provided, however, that should a defendant choose to create an objective database of only a select group of documents produced, such that the selection reflects the work product of its attorneys in conjunction with this litigation, then production of that database shall not be required.  Defendants are permitted to redact database fields that contain subjective work product material.  If a defendant seeks to withhold the database because it cannot redact the subjective materials, the defendant must first show good cause to the Court why it cannot segregate objective and subjective data.  The same procedure will apply to plaintiffs' databases if sought by defendants during discovery. Plaintiffs will not be assessed costs for producing databases that defendants have prepared.  However, if a defendant must incur additional costs to remove subjective material from the database, plaintiffs will bear the responsibility for those additional costs.

**(6)     Document Depositories**. Lead Counsel for each side may establish a document depository for purposes it deems appropriate and necessary to accomplish their obligations to their respective constituencies in this MDL 1407.  Each side shall administer and bear the costs of its own depository.

**(7)     Authentication of Documents**.  Pursuant to the stipulation of the parties, it is hereby ordered that the copies of all documents maintained in "hard" form produced by any defendant are deemed to be a true and accurate copy of documents in

Case Management Order No. 1
(MDL Docket No. 1407) - Page 11

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

the possession and control of that defendant, except as otherwise indicated on the face

of the copy produced.  It is further ordered that the "hard" copies of all documents

maintained in electronic form produced by any defendant are deemed to be a true and

accurate representations of the data or other information maintained in electronic format

by that defendant, except as otherwise indicated on the face of the "hard" copy

produced.

**(8)    Assertion of Privilege in Response to Production Requests**.

Any party that withholds the production of requested documents or materials, regardless

of the manner in which they are kept or maintained, on the ground of any privilege or

application of the work-product doctrine must specify in writing, as to each document or

thing not produced, the specific privilege(s) or doctrine(s) it is relying upon to withhold

each document ("Privilege Log").  Each Privilege Log shall describe each document or

thing to which a privilege or work product doctrine is asserted in sufficient detail to

reasonably permit the party seeking discovery to assess whether or not to dispute any

such assertion of privilege or application of the work product doctrine. Each party so

withholding shall provide the Court and opposing Liaison Counsel a copy of the party's

Privilege Log on or before thirty (30) days after the deadline for the production of "hard"

copies of responsive documents or materials kept or maintained in tangible form and,

with respect to responsive documents kept or maintained in electronic format, within

thirty (30) days after the production deadline for "hard" copies of those documents or

materials.

**F.    Interrogatories**.  A First Set of Interrogatories has been propounded to

and answered by many Group I Defendants in several state and federal court cases.

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

The interrogatories served have been virtually identical, and counsel serving same are included among the plaintiffs' counsel hereby named as members of the Plaintiffs' Steering Committee or Discovery Committee. Attached at Tab B is the *Master First Set of Interrogatories Addressed To All Defendants* ("Master First Set of Interrogatories") which incorporates the interrogatories previously propounded and answered by many Group I Defendants, and is hereby deemed served on all defendants named in any action transferred to this MDL 1407.

(1)     **Prior Answers to Interrogatories**.  To the extent that any Group I Defendant has answered interrogatories also contained in the Master First Set of Interrogatories, those answers are hereby deemed to be responses to the same interrogatories contained in the Master First Set of Interrogatories. All objections to such interrogatories raised in a response made by any Group I Defendant are preserved to the extent existing as of the date hereof, and all rights held by plaintiff(s) to contest any objections made are similarly preserved and intact.

(2)     **Interrogatory Answer Deadlines for Defendants**.

(a)     Group I Defendants.  Each Group I Defendant shall respond to all interrogatories contained in the Master First Set of Interrogatories no later than January 15, 2002. The parties shall meet and confer as soon as practicable to resolve disputes concerning objections thereto. Motions to compel should only be filed on those issues that cannot in good faith be resolved.

(b)     Group II Defendants.  Each Group II Defendant shall respond to all interrogatories contained in the Master First Set of Interrogatories no later than February 28, 2002. The parties shall meet and confer as soon as practicable to

Case Management Order No. 1
(MDL Docket No. 1407) - Page 13

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

resolve disputes concerning objections thereto.  Motions to compel should only be filed on those issues that cannot in good faith be resolved.

(c)     Group III Defendants.  Each Group III Defendant shall respond to all interrogatories contained in the Master First Set of Interrogatories within sixty (60) days of the transfer to this MDL 1407 of the first action in which it is named. The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents.  Motions to compel should only be filed on those issues that cannot in good faith be resolved.

**G.     Fact Depositions**.  All fact depositions shall be conducted pursuant to applicable Federal Rules of Civil Procedure and Local Rules, and as further specified below.

**(1)     Deposition Notices**.  In addition to the information required by applicable Rule, each deposition notice shall include the name, if known, of the primary examiner(s) designated by the party noticing the deposition, and the date, time and place of the deposition. In order for counsel to make arrangements for adequate deposition space, whenever feasible, counsel who intend to attend a deposition noticed in MDL 1407 should provide notice to the individual counsel signing the Notice of Deposition.  Deposition notices shall state whether the deposition is to be videotaped and, if so, the name, firm and address of the videotape recorders.

**(2)     Cross-Notices Between State Court Cases and These Proceedings**.  In order to avoid duplicative discovery and to prevent the unnecessary expenditure of judicial resources and the resources of the parties, steps should be taken to encourage counsel in related state court proceedings to coordinate their depositions

Case Management Order No. 1
(MDL Docket No. 1407) - Page 14

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

with MDL 1407 depositions.  Plaintiffs' Liaison Counsel shall copy all known plaintiffs'

state liaison counsel (by mail, courier, facsimile or electronic mail) on all deposition

notices filed by plaintiffs in MDL 1407 and invite state court counsel to cross-notice the

deposition.  Defendants' Liaison Counsel shall provide Plaintiffs' Liaison Counsel and

plaintiffs' known state liaison counsel with at least thirty (30) days notice of any cross-

notice in these proceedings by defendants of a deposition originally noticed in a state

court.  Any motion to quash or stay any such cross-notice must be filed more than ten

(10) days prior to the scheduled date of the cross-noticed deposition.  The filing of any

such motion will not delay the cross-noticed deposition, unless otherwise ordered by the

Court. Absent grant of any such motion to quash or stay, no party shall re-notice the

deposition of any witness already deposed under the terms of this Order unless

permitted by the Court for good cause shown.  If a deposition was originally noticed in

this proceeding, whether or not later cross-noticed in state court proceedings, MDL

counsel shall conduct the initial phase of the deposition.  If a deposition was originally

noticed in a state court proceeding and is later cross-noticed in this MDL proceedings,

the state court counsel shall conduct the initial phase of the deposition.  In either

instance, questioning by state court counsel will not be counted against the time

permitted for questioning pursuant to this MDL proceeding as described below.

Regardless of which counsel conducts the initial examination of the deponent,

subsequent questioning shall not be redundant or repetitive, although clarification of

prior testimony may be sought if reasonably calculated to elicit testimony that adds to

the substance of prior testimony.  Nothing in this provision shall be construed as an

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

injunctive or equitable order affecting state court proceedings.  Rather, this provision is intended to reflect this Court's desire for voluntary state-federal coordination.

**(3)** **Number of Depositions, Former Employees**.  The defendants shall make available all present employees requested by plaintiffs for deposition, subject to the defendants' right to object to the taking of any particular employee's deposition for good cause shown.  Plaintiffs shall in good faith take only those depositions deemed reasonably necessary under the circumstances of this case. Each defendant shall take reasonable steps to make available requested former employees, to the extent possible.  If a defendant is unable, despite its best good faith efforts, to produce former employees, then the defendant shall provide upon request the former employee's last known address and shall cooperate in any effort to obtain this Court's, or another court's assistance to compel the former employee's attendance at the deposition.  Plaintiffs shall not contact former employees without permission of the former employer defendant.  As to each named defendant, plaintiffs shall be limited to a total of twenty (20) depositions of identified individuals, including former employees.  In addition, plaintiffs may notice up to five (5) depositions pursuant to Fed. R. Civ. P. 30(b)(6) as to each defendant regardless of the number of deponents produced by said defendant in response to each such deposition noticed, provided that the particular matters identified in a notice on which examination is requested do not duplicate any matters identified in connection with a prior Rule 30(b)(6) deposition of that defendant, notice of which was properly served on plaintiffs pursuant to the terms of this Order. Absent agreement by the defendant, plaintiffs may apply to the Court to conduct further

Case Management Order No. 1
(MDL Docket No. 1407) - Page 16

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

depositions only upon a showing of good cause and the specific identification of the individual(s) sought to be deposed.

(4)   **Scheduling**.  Plaintiffs may begin depositions of fact witnesses on January 20, 2002.  If a deposition occurs before document production is completed, and documents received after the deposition raise additional questions for the witness, plaintiffs may renew the deposition upon a showing of good cause.  To the extent practicable, counsel shall consult with opposing counsel and, if ethically permitted, potential deponents in an effort to schedule depositions at mutually convenient times and locations.  Counsel for deponents who are employees of defendants are expected to cooperate, to the extent reasonably possible, in the scheduling of depositions requested by plaintiffs.  The Court will resolve any deposition scheduling issues that Lead Counsel or their designees are unable to resolve.

(5)   **Length of Direct Examination in Fact Depositions**.  The examination by the party noticing the deposition of a present or former employee of a defendant shall be no more than seven (7) hours of actual examination time absent agreement or further order of this Court upon a showing of good cause. The Court expects that if a deposition requires additional time the parties will make a good faith effort to agree on an extension before coming to the Court for resolution.  Direct examinations that are reasonably believed to require more than seven hours to complete shall be scheduled, to the extent possible consistent with the witness's schedule, for sufficient consecutive days for completion.

(6)   **Postponements**.  Once a deposition has been scheduled, it shall not be taken off calendar, postponed, rescheduled, or relocated less than five (5)

Case Management Order No. 1
(MDL Docket No. 1407) - Page 17

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

calendar days in advance of the date it is scheduled to occur, except upon agreement of

counsel or by leave of Court for good cause shown.  Given the large number of

attorneys involved in this litigation, the unavailability of counsel shall not be grounds for

postponing a deposition if another attorney from the same firm who is familiar with the

case or one who represents a party with similar interests is available to attend.  If a

motion is made to permit the rescheduling of a deposition on the grounds of

unavailability of counsel, the moving party shall certify to the Court that neither an

attorney from the same firm who is familiar with the case nor one who represents a

party with similar interests is able to attend the scheduled deposition.

      **(7)**    **Attendance**.  Unless otherwise agreed to by the parties,

depositions may be attended only by one representative of each party (other than

counsel for the party), the deponent, the deponent's attorney (if not counsel for a

defendant), attorneys of record in MDL 1407 or state PPA related cases, court

reporters, videographers, and any person who is assisting in the litigation and whose

presence is reasonably required by counsel conducting or defending the deposition.

Upon application, and for good cause shown, the court may permit attendance by a

person who does not fall within any of the categories set forth in the previous sentence.

Attendees at any deposition shall execute an acknowledgment that they are bound by

the provisions of Case Management Order No. 2.  If during the course of any

deposition, the examination involves information or documents which any defendant

claims to be confidential pursuant to Case Management Order No. 2 entered in this

litigation, attendees at the deposition are limited to those permitted access to

information designated confidential pursuant to that Order.  Those portions of

Case Management Order No. 1
(MDL Docket No. 1407) - Page 18

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

depositions deemed confidential pursuant to said Order will be treated and handled pursuant to the requirements of that Order.  Unnecessary attendance by counsel at depositions is discouraged and may not be compensated in any fee application to the Court.

      **(8)**    **Production of Documents**.  Witnesses subpoenaed or noticed to testify and to produce documents shall be noticed and served with the subpoena or deposition notice and document request at least thirty (30) days before the scheduled deposition.  Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the interrogation commences. Responsive documents that are identical to those already produced to the Plaintiffs' do not have to be produced by the deponent, but the deponent bears the burden of demonstrating, if necessary, prior production.

      **(9)**    **Potential Deposition Exhibits**.   Parties will disclose to the deponent's counsel at least ten (10) days before a deposition the documents they expect to use during examination.  As with issues regarding the length of depositions, the Court expects that if a party fails to disclose documents, the parties will make a good faith effort to agree how to proceed with the deposition before coming to the Court for resolution.

      **(10)**    **Location of Depositions**.  Unless otherwise agreed to, any deposition of:

          (a)    plaintiff shall take place within the federal district in which that plaintiff resides;

Case Management Order No. 1
(MDL Docket No. 1407) - Page 19

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

(b)     current and former employees and officers will take place in the federal district of such employees' or officers' place of business.  Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at the same location as current employees of the same defendant.  Absent such agreement, that deposition will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties.

**H.     Conduct of Depositions.**

**(1)     Cooperation**.  Counsel are expected to cooperate with, and be courteous to, each other and deponents during the course of any deposition. Counsel shall refrain from engaging in colloquy during depositions.  There shall be no smoking or use of other tobacco products or eating in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during deposition recesses.  Beverages will be permitted. Counsel shall recess from time to time during the deposition for meals and to permit periods of rest or refreshment reasonably required by the deponent, stenographer(s) and/or counsel conducting or defending the deposition.

**(2)     Deposition Day**. Absent agreement of the parties to the deposition, a deposition day shall be no longer than seven (7) hours of actual examination time.

**(3)     Continuance of Deposition**.  If a deposition is not completed by 1:00 p.m. on a Friday, the deposition will recommence on the next business day, subject to the availability of the witness.  If the witness is not available for deposition on the next business day, the deposition will continue on a date to be agreed upon by

Case Management Order No. 1
(MDL Docket No. 1407) - Page 20

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

counsel or, if agreement cannot be reached, a date specified in a notice of continued deposition.  Where a notice of continued deposition is required, service of notice ten (10) or more days prior to the date specified for the continued deposition shall be deemed adequate notice.

**(4)    Examination**. The party noticing a fact deposition shall designate no more than two attorneys to conduct the examination of the deponent. If two attorneys are designated, the examinations conducted shall not be redundant or repetitive, although clarification of prior testimony may be sought if reasonably calculated to elicit testimony that adds to the substance of prior testimony.  No further examination by counsel for MDL 1407 plaintiffs shall be permitted except by agreement or good cause shown.  Examination by other parties shall be permitted, but in no event shall it exceed the limitations regarding redundancy or repetition applicable to attorneys conducting the direct examination of the deponent, all as set forth above. Only one attorney may represent the deponent at any given time.

**(5)    Objections and Directions Not to Answer.**  Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

(a)    Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants.  However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants.

(b)    All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence

Case Management Order No. 1
(MDL Docket No. 1407) - Page 21

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

of a privilege.  Objecting counsel shall say simply the word "objection", and no more, to preserve all objections as to form.  Only if one of the examining counsel request clarification shall the basis of the objection be stated, and then only the short title of the rule (e.g., "lack of foundation" or "calls for speculation") shall be stated by objecting counsel. If the examining attorney requests further clarification, at that attorney's request the deponent shall leave the room while the detailed nature of the objection is clarified and/or discussed.

(c)     Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected to the question on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent seeks to present a motion to the Court for termination of the deposition on the grounds that it is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or harass the party or the deponent. When a privilege is claimed, the witness shall nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement was made, any other person to whom the contents of the statement has been disclosed, and the general subject matter of the communication.

**(6)     Objections to Documents**.  All objections to the admissibility of any documents used during the course of a deposition are deemed reserved until the time of trial or use in any dispositive motion. No objections to the use of any document are necessary or shall be noted on the record.

Case Management Order No. 1
(MDL Docket No. 1407) - Page 22

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

**(7)    Private Consultations**. Private consultations between deponents and their attorneys during the course of examination are improper except for the purpose of determining whether a privilege should be asserted.  Unless prohibited by the Court for good cause shown, such conferences may be held during normal recesses and adjournments.

**(8)    Disputes During Depositions**.  Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the Court by telephone by calling the Court's Chambers.  In the event the Judge is not available, the deposition shall continue as to matters not in dispute with full reservation of rights to continue the examination objected to pending a ruling at the earliest possible time.

If the nature of the dispute would not require the continuance of the deposition pending resolution thereof, the parties may elect to either present the matter to the Court by telephone at a time when the parties and the Court are available, or to present the dispute to the Court in writing.  If the parties elect to present the dispute to the Court in writing, each side must submit on one (1) page a summary of its position and any authority relevant to the dispute.  The Court will issue a prompt ruling, as its schedule permits.

Nothing contained herein shall prohibit examining counsel from continuing with the deposition, filing an appropriate motion with the Court at the conclusion of thereof, and appearing personally before the Court if argument is permitted by the Court

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

and counsel deems it necessary. Disputes between the parties should be addressed to this Court rather than to the District Court in which the deposition is being conducted.

**(9)     Copies of Exhibits.**  A copy of any document about which examining counsel expect to question the deponent should ordinarily be provided to primary counsel for the parties and the deponent at the time presented to the deponent and his/her counsel.

**(10)     Marking of Deposition Exhibits**.  Any documents previously produced by defendants or third parties used as exhibits in a deposition shall be referred to by any Bates stamp number(s) appearing on the face of the documents, and a copy thereof shall be included with the original deposition transcript.  Documents that do not have Bates stamped number(s) shall be separately marked with sequential exhibit numbers. For example, if the deponent's name is "John Smith", the first exhibit to his deposition that has no identifiable Bates stamp number on its face shall be marked "Smith No. 1."  The same document presented as an exhibit at subsequent depositions shall continue to be referred to as originally marked, and counsel should avoid marking that document with a different exhibit number at any subsequent deposition.

**(11)     Depositions Pursuant to Rule 30(b)(6)**.  In those instances when the Plaintiffs serve a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6), the following shall apply (in addition to the foregoing general procedures governing depositions):

**(a)**     Depositions taken pursuant to F.R.C.P. 30(b)(6) will be taken pursuant to the Federal Rules of Civil Procedure and applicable case law.

**(b)**     The party wishing to take the deposition will in good faith describe with reasonable particularity the categories on which the party is requesting

Case Management Order No. 1
(MDL Docket No. 1407) - Page 24

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

examination.  Within a reasonable period of time after receiving the notice, the party to be deposed will in good faith attempt to inform the discovering party if it believes that multiple witnesses will be necessary to respond to the requested categories of information and to which category each witness will be produced to respond.

(12)   **Stenographic Recording**.  A certified Court reporter shall stenographically record all deposition proceedings and testimony.  The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter, together with copies of all exhibits marked or referred to during the deposition, shall constitute the official record of the deposition for purposes of Fed.  R. Civ.  P. 30(e) (submission to the witness) and 30(f) (filing, exhibits).  The transcript shall also contain the name of any attorney and any other person attending the deposition together with the name of his or her firm or organization, business address and, if applicable, the name of the person or organization he or she represents. The court reporter shall be requested to furnish the transcript in electronic form (floppy disks) in text-readable form and hard copy in Min-U-Script format to the representative of plaintiffs conducting the deposition and a designated representative of defendant attending or defending the deposition.

(13)   **Videotaped Depositions**.  Any deposition may be videotaped at the request of any party pursuant to notice under the following terms and conditions:

(a)   All videotaped depositions shall be simultaneously stenographically recorded in accordance with this Order.

(b)   The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording.  Requests for the

Case Management Order No. 1
(MDL Docket No. 1407) - Page 25

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

(c)     The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. p. 28(c). At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

(d)     At the commencement of the deposition, each witness, attorney and any other person attending the deposition shall identify themselves on camera.

(e)     No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel and "off the record" discussions. The video operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

(f)     The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as

Case Management Order No. 1
(MDL Docket No. 1407) - Page 26

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

necessary to record satisfactorily the voices of counsel and the deponent.

(g)     If the party noticing the deposition does not intend to convert the videotape to digital form, the videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

(h)     After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic Court reporter, and file a true copy of the video tape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

(i)     Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included on copies of the videotaped deposition.

During the videotaping of a deposition, the questioner may use a two-video camera system with monitors available for use by counsel.

(14)   **Telephonic Depositions**.  By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed.R.Civ.P. 30(b)(7).  Unless an objection is filed and served within ten calendar days after such notice is received, the court shall be deemed

Case Management Order No. 1
(MDL Docket No. 1407) - Page 27

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

to have granted the motion.  Other parties may examine the deponent telephonically or in person.  However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent.

      **(15)   Supplemental Depositions**.  Each party who did not have reasonable notice of a fact deposition and who was not present or represented at the deposition (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court) may, within thirty (30) days after filing of the deposition (or, if later, within sixty (60) days after becoming a party in any action which is transferred to this Court), file a motion to conduct a supplemental deposition of the deponent.  Each party who wishes to take a supplemental deposition must certify that their attorney has read the prior deposition, and state specifically the areas of inquiry not previously addressed and sought to be pursued in the deposition sought.  Within fifteen (15) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the MDL 1407 deposition fully covered the area or areas sought to be explored in the supplemental deposition, that the testimony is not relevant, or any other reason thought valid.

      (a)   No further deposition by any party having received notice of the original deposition will be permitted, except upon order of this Court on good cause shown.  A showing by the moving party that a supplemental deposition is reasonably calculated to lead to the discovery of admissible evidence necessary to protect the interests of the moving party shall constitute good cause.

Case Management Order No. 1
(MDL Docket No. 1407) - Page 28

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

(b)      If a supplemental deposition is permitted by the Court or unopposed, it shall be treated as the resumption of the deposition originally noticed. During the resumed deposition, the prohibitions regarding redundant or repetitive examination contained herein are fully applicable. The resumed deposition shall be taken at the same location as the initial deposition unless otherwise agreed to by the parties and the deponent.

**(16)   Copies of Transcripts and Videotapes**.  Subject to any restrictions contained within the Stipulated Confidentiality Order, any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting counsel noticing the deposition or the court reporter.

**(17)   Correction and Signing Depositions**.  Unless waived by the deponent, the transcript of a deposition, or any portion thereof, shall be submitted to the deponent for correction and signature within thirty (30) days after the completion of the deposition or any portion thereof, unless the Court allows a supplemental deposition pursuant to this Order. If a supplemental deposition is allowed, the transcript thereof shall be submitted to the deponent as soon as it is available for distribution. A deposition transcript, or a transcript of a portion thereof, may be signed by the deponent before any notary within thirty (30) days after the transcript, or any portion thereof, is submitted to the deponent.  If no corrections are made during this time, the transcript will be presumed accurate.

**(18)   Use of Depositions**.  Under the conditions prescribed in Fed.  R. Civ.  P. 32(a) (1) - (4) or as otherwise permitted by the Federal Rules of Evidence, depositions may be used against any party (including parties later added and parties in

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

cases subsequently filed in, removed to, or transferred to this Court as part of this litigation) who:

> (a)   was present or represented at the deposition; or
>
> (b)   had reasonable notice thereof, or
>
> (c)   within ninety (90) days after the deposition is taken or within

one hundred and twenty (120) days after becoming a party to MDL 1407 fails to show just cause why such deposition should not be used against such party.

**(19)   Document Subpoenas to Non-Parties**.  Commencing upon entry of this Order, any party may serve subpoenas on non-parties for the production of documents without testimony pursuant to Fed. R. Civ. P. 45.

## VI.            FACT DISCOVERY OF PLAINTIFFS.

Plaintiffs and Defendants, through their appointed Lead Counsel, are to confer regarding the nature and extent of discovery of plaintiffs in MDL 1407, as well as deadlines and proposed procedures for the conduct of same, and to report back to the Court at the earliest practical time as agreed by Lead Counsel, but no later than thirty (30) days from the date of this Order or the next regularly scheduled Status Conference, whichever first occurs.  Plaintiffs, however, shall produce copies of any medical records in their possession referring or related to the injuries alleged in their actions within 30 days of the entry of an Order concerning discovery of plaintiffs or sixty (60) days from the date of this Order, whichever first occurs.

## VII.           EXPERT DISCOVERY

To date, the parties have not agreed whether science and/or expert witness issues involved in this litigation should be resolved in this MDL and, if so, the nature,

Case Management Order No. 1
(MDL Docket No. 1407) - Page 30

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

extent and procedures of discovery regarding those issues and/or experts.  However, the parties have agreed to continue to attempt to reach an agreement on these issues within the proposed Joint Science Committee, all as proposed in the Joint Submission of the parties dated November 30, 2001.  The Joint Science Committee shall meet and shall report to the Court on or before January 11, 2002.  At that time, the committee shall provide the Court with a recommended expert discovery schedule, including an expert cutoff date.  If the committee cannot reach an agreement, it shall report the disagreement to the Court on January 11, 2002, and shall submit separate proposals by January 18, 2002.

## VIII.         FAILURE TO COMPLY WITH DISCOVERY REQUESTS.

A party's failure to either produce a relevant document or identify same as withheld pursuant to a privilege may be viewed by the Court as an infraction of its orders, justifying appropriate sanctions.  Upon learning of any relevant document(s) which have not been produced or identified, a party is under an obligation to promptly make known the existence of the documents, including the reason for failing to produce same, and submit the document to opposing Lead Counsel, or if withheld under a claim of privilege or protection, identify the documents and the corresponding privilege in the manner described above.

## IX.          PRODUCTION OF DOCUMENTS FROM PRIOR LITIGATION.

The parties shall meet and confer to resolve disputes over the extent of discovery of documents from prior litigation and shall provide the Court with an agreement by January 11, 2002.  If the parties are unable to agree on the extent of discovery, they shall submit separate proposals by January 18, 2002.

Case Management Order No. 1
(MDL Docket No. 1407) - Page 31

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

**X.        CLASS ACTIONS.**

**A.        Economic Injury Class Actions.**  As of the date of this Order, the Court lifts the stay imposed on potential class certification proceedings.  Plaintiffs in *Sims v. The Delaco Company et al.* (C01-1705R) have agreed to voluntarily dismiss their complaint.

**(1)        Class Certification Discovery and Briefing Schedule.**  The defendants and plaintiffs shall meet and confer regarding potential stipulations, a discovery plan, and a briefing schedule for the economic injury class certification issue. Counsel shall contact the Court on or before January 7, 2002, to inform the Court of the agreed schedule or, if agreement cannot be reached, to present separate proposals.

**(2)        Merits Discovery and Other Deadlines.**  Non-expert merits discovery shall end on December 31, 2002.  Merits discovery in the class actions shall be coordinated with merits discovery in the personal injury actions, so that no duplicative discovery shall be taken and so that discovery taken in non-MDL cases shall be applicable in the class actions to the same extent that it is applicable in the MDL personal injury actions.  To the extent that relevant merits discovery commences in the personal injury actions before the Court rules on the class certification issue in the economic injury class actions, the parties in the economic injury class actions can and shall participate so as to avoid duplicative discovery.

A schedule for expert discovery, <u>Daubert</u> motions, summary judgment motions and remaining dates applicable in the class action cases shall be set at a later date.

Case Management Order No. 1
(MDL Docket No. 1407) - Page 32

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

**B.     Personal Injury Class Actions.**  Defendants shall file a motion to strike class allegations on or before January 25, 2002.  If plaintiffs contend discovery is necessary before they can respond to defendants' motion, plaintiffs shall file their motion for discovery by February 1, 2002.  The motion should include the specific areas of discovery required and the reason discovery is needed, as well as proposed dates for discovery.  Defendants may file a response to the discovery motion by February 8, 2002.  No reply will be filed.

If the Court denies the motion for discovery, plaintiffs shall file their opposition to defendants' motion to strike class allegations within seven (7) days of receiving the Court's decision.  The defendants' reply shall be filed within fourteen (14) days of receiving the opposition, and any sur-reply by the plaintiffs shall be due fourteen (14) days after receiving the reply.  If the Court grants the motion for discovery, the parties shall follow the briefing schedule provided by the Court in that order.

If the plaintiffs do not bring a motion for discovery, plaintiffs shall file their opposition to the motion to strike class allegations on February 28, 2002.  Defendants shall file their reply on March 15, 2002, and plaintiff shall file any sur-reply by March 29, 2002.

**XI.     OTHER PROVISIONS**

**A.     Individual Appointment of Plaintiff Counsel.**  The Court has appointed specific plaintiffs counsel to various positions on the expectation of their personal contribution to the work of the Plaintiffs' Lead Counsel, Steering Committee ("PSC") and other Committees and to the furtherance of the completion of the MDL portion of PPA litigation. For this reason, the Court will look to the Lead Counsel and the individual

Case Management Order No. 1
(MDL Docket No. 1407) - Page 33

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

members of the Plaintiffs' various committees to satisfy the goals that the Court expects

the PSC and the various Committees to achieve.  The Court will likewise consider the

contribution of each member of the PSC and its Committee members when the Court is

called upon to determine appropriate compensation for service on the PSC and its

Committees.  While the Court recognizes that each of the above members will require

the assistance of partners, colleagues, paralegals, support staff and others in the

fulfillment of their committee assignments, the Court will expect the individual members

to be responsible for the ultimate outcome of the activities performed by the PSC and its

Committees.

**B.    Time and Expense Keeping.** Counsel who anticipate seeking an award

of attorney's fees and reimbursement of expenditures shall comply with the directives

contained in the Manual for Complex Litigation, Third, §41.32 regarding the

maintenance of contemporaneous records reflecting the services performed and the

expenses incurred.  The Court will address, in a future CMO, the extent to which an

assessment will be ordered in this matter.

**C.    Privileges Preserved**.  No communication by and between the respective

parties' Lead Counsel, their Liaison Counsel and/or members of their respective

Committees shall constitute a waiver of any privilege or protection to which it would

otherwise be entitled.

**XII.        NEXT STATUS CONFERENCE.**

The next status conference is scheduled for _____.  At the next and

all future status conferences, the parties are to provide to the Court within five (5)

business days before each status conference an agreed upon agenda for the

Case Management Order No. 1
(MDL Docket No. 1407) - Page 34

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

conference, and shall provide a brief (1-2 paragraph) summary of the party positions as to any disputed issues.

**XIII.      PERSONS BOUND BY THIS ORDER.**

This Order shall be binding on all persons with cases docketed in MDL 1407.

The Honorable Barbara Jacobs Rothstein
United States District Judge

DATED this 29th day of January, 2002

Case Management Order No. 1
(MDL Docket No. 1407) - Page 35

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:

REZULIN PRODUCTS LIABILITY                                    MASTER FILE
LITIGATION (MDL No. 1348)
                                                             00 Civ. 2843 (LAK)
This Document Relates to: All Cases
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRETRIAL ORDER NO. 12**
(Corrected)
(Deposition Protocols and Administrative Matters)

LEWIS A. KAPLAN, *District Judge.*

       Pursuant to paragraph 2.3.3. of Pretrial Order No. 2 and agreement of Plaintiffs'

Executive Committee ("PEC") and defendants, it is hereby

       ORDERED, as follows:

1     **Deposition Protocols.** The following protocols are to be followed in all depositions taken

with respect to these MDL proceedings:

    1.1     **Deposition Notices.** All depositions in MDL-1348 will be noticed pursuant to Fed.

    R. Civ. P. 30, and the specific provisions of this Order. Pursuant to Pretrial Order

    No. 2 at paragraph 2.3.4, all depositions may be cross-noticed in any Rezulin action,

    including any Rezulin action or coordinated proceeding pending in a state court.

        1.1.1   **Notice of Deposition Procedures.** A copy of this Order shall be attached to

        each notice of deposition and/or any non-party subpoena issued or served in

        these MDL proceedings.

        1.1.2   **Contents of Notice.** In addition to the information required by Fed. R. Civ.

2

P. 30(b), each deposition notice shall include the name and, if known, the general occupational description of each deponent, a general description of the topic(s) for examination, the name of the primary examiner designated by PEC, defendants or other party noticing the deposition, and the date, time and place of the deposition. If the examiner cannot be identified at the time the notice of deposition is served, a "1-800" number will be set forth in the notice so that interested counsel may obtain information regarding the deposition. If the deposition is to be videotaped, the notice shall state the name, firm and address of the videotape recorders.

1.1.3   **Attendance by Other Counsel.**  Counsel should exercise self-restraint by not attending depositions that fairly can be conducted by others having a similar interest.  Unnecessary attendance by counsel is discouraged.  In order for counsel to make arrangements for adequate deposition space, counsel who intend to attend a deposition shall provide notice of their intention to attend to Charles Mathis, Jr., Chairman of the PEC, 100 Peachtree Street, Suite 1400, Atlanta, Georgia 30303, telephone (404) 523-5000, fax (404) 827-9894 and to Glenn Pogust, Kaye, Scholer, Fierman, Hays & Handler, L.L.P., 425 Park Avenue, New York, New York, 10022, for MDL deposition scheduling only by telephone at (212) 836-7251, by fax at (212) 836-6450 or by e-mail at "MDLDepositionScheduling@Kayescholer.com."

1.2   **Designated Examiners.**  One or two attorneys are to be designated by the PEC and

defendants to conduct the principal examinations of each deponent.  While other counsel may seek answers to additional questions pursuant to the procedure outlined herein, these should be limited to matters not already covered, and it is preferable that these additional questions be asked by the designated counsel.  Periodic recesses will be permitted during a deposition for designated counsel to consult with their colleagues about additional lines of examination, but such recesses should not be used to "coach" the deponent.

1.2.1   **Conference with Other Counsel.**  The attorney(s) designated to conduct the principal examination by the PEC shall confer with other counsel for plaintiffs reasonably in advance of the date of the deposition to discuss potential additional examination sought by other counsel on non-redundant matters.  In addition, any counsel in any related federal or state action and/or state court coordinated proceeding may suggest matters for inquiry in any deposition noticed in MDL-1348, by providing to the PEC designated counsel a written list and brief explanation of such matter or matters.

1.2.2   **Examination by Other Counsel.**   Any party or parties to actions or coordinated proceedings that are not a part of MDL-1348, who believes that, due to a divergence of interest, it may be necessary to examine a deponent on non-redundant matters shall select one attorney to conduct such non-redundant examination pursuant to the procedures set forth in paragraph 1.7 of this Order after the PEC designated counsel has concluded the principal examination. The non-redundant requirement will be strictly construed.

1.2.3   **Expert Depositions**.  The Court will consider proposed modifications to this paragraph 1.2 with respect to depositions of experts at the time that the PEC provides expert disclosure pursuant to paragraph 4.1 of Pretrial Order No. 2 (Pretrial Schedule).

1.3   **Attendance.**

1.3.1   **Who May Be Present.**  Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended only by the parties, the deponent, the deponent's counsel, counsel designated under paragraph 1.2 of this Order, counsel of record in MDL-1348 or related federal or state cases and members and employees of their firms, in-house counsel for the parties, court reporters, videographers and any person who is assisting in the litigation and whose presence is reasonably required by counsel. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence.  While a deponent is being examined about any document that the parties have agreed, or the Court has ordered, is confidential or if there is confidential information contained therein, attendance by persons to whom disclosure is not authorized under Pretrial Order No. 3 (Confidentiality Order) shall be prohibited unless there is an express agreement otherwise, on the record, by the party that produced the subject document.  Any portion of the deposition transcript containing confidential information shall be sealed, so as not to waive confidentiality when the transcript, disk, and/or videotape is placed in

5

the Document Depository.

1.4     **Cooperation.**  Counsel are expected to cooperate with, and be courteous to, each other and to deponents.   There shall be no smoking or use of other tobacco products or eating in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during deposition recesses. Beverages will be permitted.   Counsel shall recess from time to time during the deposition to allow opportunities for snacks, as reasonably requested by any of the designated principal examining attorneys, the deponent or deponent's counsel.

1.5     **Scheduling.**  Counsel shall consult in advance with opposing counsel and proposed deponents and attempt to schedule depositions at mutually convenient times and places in the locations set forth in paragraph 1.6  below.

1.5.1   The depositions of defendant's present and former employees and agents, and others under defendants' control, and non-parties ("Generic Fact Depositions") shall be scheduled and conducted pursuant to the terms of this Order.

1.5.2   It is expected that Generic Fact Depositions will be conducted on two simultaneous tracks.  It is expected that also case-specific depositions will proceed on additional multiple tracks.  The parties, however, shall use their best efforts to ensure that depositions involving fact witnesses in a single case are scheduled on a single track,  and to ensure that the scheduling of case-specific discovery does not impose an undue burden on any law firm.

1.5.3   Generic Fact Depositions will be held for four consecutive weeks, with the fifth week being an "off" week on both tracks.

1.5.4   A comprehensive schedule of Generic Fact Depositions shall be prepared for each consecutive two-week period and the deposition schedule for each two-week period shall be completed and circulated at least twenty-one (21) days prior to the first deposition day of that two-week period.

1.5.5    In no circumstances may the depositions of more than two (2) Generic Fact Depositions  be scheduled on the same day absent the express written agreement of the PEC, defendants and if applicable, other interested parties.

1.5.6   Formal notices of deposition shall not be required for the purposes of establishing agreement on the deposition schedule. If there is disagreement as to a proposed deposition schedule, a conference call shall be scheduled with the Court and the Court will resolve any deposition scheduling issues the parties are unable to resolve.

1.5.7    All depositions, except those held pursuant to Court order, must be noticed pursuant to Fed. R. Civ. P. 30 at least twenty-one (21) calender days prior to the scheduled deposition date unless there is express written agreement among all affected parties to proceed without formal notice or to shorten said twenty-one-day time period.

1.5.8   Pursuant to paragraph 2.3.4 of Pretrial Order No. 2 (Pretrial Schedule), Plaintiffs' Liaison Counsel shall give at least two weeks' notice of each scheduled Generic Fact Deposition, or of any deposition that is otherwise

expected to deal with material common to other Rezulin cases, to counsel of record in and judges presiding over Rezulin cases and coordinated proceedings pending in state courts.

1.5.9    Except with respect to former officers of defendants, nothing in this Order shall prohibit any party from subpoenaing a non-party witness for a Generic Fact Deposition. Regardless of the date specified on any such subpoena, however, that deposition will only proceed on a date agreed to and scheduled pursuant to this Order, upon a date agreed to by the parties and the deponent, or upon the separate Order of this Court.  No former officer of any Defendant shall be subpoenaed for a deposition in these MDL proceedings unless a written request has been made to the defendants that that former officer be produced voluntarily and the defendants have responded that the former officer will not appear voluntarily pursuant to that request.

1.5.10   Given the large number of attorneys involved in this litigation, the unavailability of counsel shall not be grounds for postponing a deposition if another attorney from the same firm who is familiar with the case or an attorney who represents a party with similar interests is available to attend. Any motion to permit rescheduling of a deposition due to the unavailability of counsel, must include a certification by the moving party that neither an attorney from the same firm who is familiar with the case nor an attorney who represents a party with similar interests is available to attend the scheduled deposition.

1.5.11   Depositions shall commence at 9:30 AM and end no later than 5:30 PM, local time.  There may be a one hour and fifteen minute (1¼ hour) lunch break, one short break during the morning session, and two short breaks during the afternoon session.   Modest variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the witness, but may not be otherwise changed without the approval of the Court.

1.5.12   After the first month of Generic Fact Depositions conducted pursuant to this Order, the parties may apply to the Court for a modification of the terms of this Order, including a modification of paragraph 1.5.5 limiting the scheduling of Generic Fact Depositions to two simultaneous tracks.  Any such application shall identify the additional witnesses the applicant seeks to depose before the conclusion of  fact deposition discovery as specified in paragraph 2.3 of Pretrial Order No. 2 (Pretrial Schedule) and, for each such witness, specify  the need for that deposition with sufficient particularity to enable the Court to rule.  Within ten (10) days of any such application, the other parties shall submit any objections to the application and advise the Court of the extent to which they consent to the application.

1.6   **Locations for Depositions.**

1.6.1   **Plaintiffs.**  Unless otherwise agreed, any deposition of a plaintiff shall take place within the federal district in which that plaintiff resides.

1.6.2   **Experts.**  Unless otherwise agreed, any deposition of an expert witness shall take place within the federal district in which that expert witness resides.

1.6.3   **Defendants.**   Unless otherwise agreed, depositions of defendants and defendant's current employees and officers will take place in either New York, NY or Ann Arbor, MI, at  locations to be designated by the PEC. Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at either of the two designated locations.  Absent such agreement, that deposition will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties.

1.6.4   **Consistent Location.**  The location of a deposition or depositions taken in sequence shall be as consistent as possible within a particular city, so that videotape equipment, if being used, made be left in place.

1.6.5   **Postponements.** Once a deposition has been scheduled, it shall not be taken off calendar, postponed, rescheduled, or relocated less than five (5) calendar days in advance of the date it is scheduled to occur, except upon agreement or by leave of Court for good cause.

1.7   **Conduct.**

1.7.1   **General Method of Examination.**  When taking depositions for potential use in a number of cases, the designated counsel shall: (A) conduct full examination (direct, cross and redirect) on the matters of general interest

before proceeding into any additional interrogation that is plaintiff-specific; (B) avoid identifying statements such as "I'm Mary Smith and I'm representing Jane Doe" that could be confusing when the deposition is used in other cases; and (C) avoid repetitious examination merely to make it specific to particular cases. For example, if Dr. Don Jones testifies that he didn't tell any of his patients that there was a risk X might happen, do not ask him whether he told each individual plaintiff there was a risk X might happen to them.

1.7.1.1 **Consultation with the Witness.** The deponent may consult with counsel during a deposition, but not while a question is pending. If a question is pending, the deponent must answer the question before consulting with counsel. Nothing in this paragraph is intended to prohibit questions pursuant to paragraph 1.8.4 of this Order concerning the assertion of a privilege with respect to a deponent's consultation with counsel.

1.7.2 **Sequence of Examination: Depositions   Noticed by Plaintiffs.** Questioning at the depositions noticed by Plaintiffs will be conducted in the following sequence: 1.) the designated counsel selected by the PEC; 2.) the designated counsel selected by defendants; 3.) the designated counsel selected by the PEC, on matters not previously covered and suggested by other counsel in attendance or submitted by other counsel under paragraph 1.2.1; 4.) the designated counsel selected by defendants; 5.) any other attorney on

non-redundant matters pursuant to paragraph 1.2.2; 6.) any redirect and recross by 1-5.

1.7.3 **Sequence of Examination: Depositions of Witnesses Noticed by Defendants.** Questioning at the depositions noticed by defendants will be conducted in the following sequence: 1.) the designated counsel selected by Defendants; 2.) the designated counsel selected by the PEC; 3.) the designated counsel selected by the PEC, on matters not previously covered that are suggested by other counsel in attendance or submitted by other counsel pursuant to paragraph 1.2.1; 4.) the designated counsel selected by defendants; 5.) any other attorney on non-redundant matters pursuant to paragraph 1.2.2; 6.) any redirect and recross by 1-5.

1.8 **Objections.** Even in depositions taken for potential use at trial, it is rarely necessary to state objections to questions during the deposition. Most objections can--and should--be made for the first time at trial when a deposition is offered. Any objections that are made during the deposition must be stated concisely and in a non-argumentative and non-suggestive manner, such as would be appropriate if the examination were conducted before a judicial officer. A party may instruct a deponent not to answer a question only when necessary to preserve a privilege, to enforce a limitation on evidence imposed by the Court, or to present a motion under Fed. R. Civ. P. 30(d).

1.8.1 **Speaking Objections.** No speaking objections shall be allowed. All objections as to relevance and admissibility shall be preserved until later

ruling of the Court or time of trial.  Objections as to the form of the question shall be made by any one opposing counsel, who shall simply state, "Objection."  The objecting counsel shall not speak any additional words concerning the basis of the objection unless the examining counsel requests a clarification.  Any clarification as to the basis of the objection shall be stated as succinctly as possible, e.g., "Argumentative," or "Ambiguous."

1.8.2   **Objections to answers.**  Objections to the responsiveness of the answer shall be made by the examining counsel, or by counsel for parties other than the deponent, who shall simply state, "Objection."  The objecting counsel shall not speak any additional words concerning the basis of the objection, unless deponent's counsel requests a clarification.

1.8.3   **Objections Preserved for All Counsel.**  Once counsel representing any party states, "Objection" following a question, then all parties have preserved all possible objections to the form of the question.  Counsel for other parties need not repeat their objections to preserve them for the record.  Similarly, if examining counsel or counsel for any party other than the deponent states, "Objection" following an answer, then all parties have preserved all possible objections to the responsiveness of the answer.  Thus, counsel are instructed not make additional, unnecessary objections on the record if another counsel has already stated an objection.

1.8.4   **Directions Not to Answer.**  Directions to the deponent not to answer a question are improper except on the ground of privilege, on the ground that

13

the Court has ordered that such information is not subject to discovery, or to enable a party or deponent to present a motion to the Court for termination of the deposition on the ground that it is being conducted in bad faith, or in such a manner as to unreasonably annoy, embarrass, or oppress the moving party or deponent.  Instructions not to answer a question given to a witness by counsel shall be kept to a bare minimum.  Counsel providing such instruction may be assessed the entire cost of any resulting second deposition, including attorneys' fees and expenses for all other counsel, if the instruction is found by the Court to be unreasonable.  All grounds for an instruction not to answer a question must be stated at the time the instruction is given, or be waived.  When a privilege is claimed, the deponent must answer questions relevant to the existence, extent and/or waiver of the privilege, including questions addressing the date of privileged communication, who made the privileged communication, and the identity of other persons to whom the contents of the statement have been disclosed.

1.8.5   **Suspension of Depositions.**  If a deposition is suspended on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress a party or deponent, the person who suspended the deposition shall file and serve a motion for a protective order under Fed. R. Civ. P. 26(c) within ten (10) days of suspension of the deposition.  If no motion for a protective order is filed within ten (10) days of the suspension of the deposition, a motion to compel and for sanctions under Fed. R. Civ. P.

14

37 may be filed and served.  Prior to the suspension of any deposition the procedures regarding disputes during depositions, set forth in paragraph 1.13 of this Order must be followed.

1.8.6   **Objections to Documents.**  All objections to the relevance of documents are not waived, and are reserved for later ruling by the Court or by the trial judge. All parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial.

1.9   **Documents.**  Deponents requested to produce documents as well as testify shall be noticed and served with the subpoena and/or deposition notice and document request at least twenty-one (21) days prior to the scheduled deposition.   Documents responsive to the document request that are identical to those already produced in the Document Depository shall not be separately produced by the deponent.

1.9.1   **Copies of Documents.**  Extra copies of documents about which counsel expect to examine the deponent should ordinarily be provided to the deponent and to primary counsel for the deponent by designated counsel for the examination during the course of the deposition.  Deponents and their counsel should be shown a copy of the document at the deposition before being examined about it, except when counsel seek to impeach or test the deponent's recollection.  However, when counsel seek to impeach or test the deponent's recollection the deponent need not be shown the document.

1.9.2    **Marking of Deposition Exhibits.**  All documents previously produced to

the Document Depository and used as exhibits in depositions shall be referred to by the number used for indexing in the Document Depository. Documents that have not been submitted to the Document Depository shall have sequential exhibit numbers. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the deponent's surname and a number. For example, if the deponents name is "John Smith" the first document used as an exhibit without a Document Depository number shall be marked as "Smith No. 1." To the extent that a document not previously submitted to the Document Depository already has been marked as a deposition exhibit in MDL-1348, counsel should avoid marking that document with a different exhibit number at a subsequent deposition. If "Smith No. 1" is used again at the deposition of "Harry Jones," it will still be referred to as "Smith No. 1."

1.10    **Depositions of Witnesses Who Have No Knowledge of the Facts.** An officer, director, or managing agent of a corporation or government official whose deposition is requested or noticed and/or who is served with a notice of deposition or subpoena regarding a matter about which such person has no knowledge may submit to the noticing party within ten (10) days before the date noticed an affidavit so stating and identifying a person within the corporation or government entity believed to have such knowledge. Notwithstanding such affidavit, the noticing party may proceed with the deposition, subject to the right of the witness to seek a protective order or other appropriate relief.

16

1.11    **Videotaped Depositions.**  Generic Fact Depositions  and depositions of expert witnesses designated by either party pursuant to paragraph 4 of Pretrial Order No. 2 (Pretrial Schedule) shall be both videotaped and recorded stenographically.  In all other depositions the noticing party may request videotaping, however, it is not required.  In addition to the other provisions of this Order, any videotaped deposition must comply with the following terms and conditions:

1.11.1  **Stenographic Recording.**  In addition to the videotape recording, a certified court reporter shall stenographically record all deposition proceedings and testimony.  The court reporter shall administer the oath or affirmation to the deponent on camera.  The stenographic transcript shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits).  The noticing party shall be responsible for providing computer disks in text readable form and a hard copy in Min-U-Script format, as well as the videotapes, to the Document Depository.

1.11.2  **Cost of Deposition.**  The noticing party shall bear the expense of both videotaping and stenographic recording.  Requests for taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

1.11.3  **Videotape Operator.**  The video recording shall be made by an experienced video camera operator.  The operator shall be subject to the provisions of Fed. R. Civ. P. 28(c).

1.11.4 **Identification of Attendees.**  Before commencement of the deposition, the deponent, each attorney, and any other person attending the deposition shall submit to the court reporter in writing his or her name, the name of his or her firm or employer, his or her business address, and the name of the client he or she represents (as appropriate).  A list of this information shall be included at the beginning of the deposition transcript.  In addition, at the commencement of the deposition, each witness, attorney, and any other person attending the deposition shall be identified on camera.

1.11.5 **Interruptions.**  No attorney or party shall instruct the video camera operator as to the method of operating the equipment.  Videotaping will be suspended during the deposition only upon stipulation of counsel.  Nevertheless, discussions conducted "off the record" shall not be videotaped.  The video camera operator shall note on camera the time of suspension and any subsequent reconvening of the deposition.

1.11.6 **Standards.**  Depositions will be conducted in a manner designed to replicate, to the extent feasible, the appearance of a presentation of evidence at a trial. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the

18

natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

1.11.7 **Index.**   The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape recording occurs, whether for recesses, "off the record" discussions, mechanical failures, or otherwise.

1.11.8 **Filing.**  After the completion of the deposition, the video camera operator shall certify, on camera, as to the correctness, completeness and accuracy of the videotape recording in the same manner as a stenographic court reporter. The video camera operator shall also file a true copy of the videotape and index with Liaison Counsel for whomever noticed the deposition and simultaneously submit a copy to the Document Depository.

1.11.9  **Objections.**  In addition to the provisions of paragraph 1.8 of this Order concerning objections, if any objection involves matters particular to videotaping, then a copy of the videotape and equipment for viewing the tape shall be provided to the Court.

1.11.10        **Technical data.**  Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be indicated on

19

each copy of the videotape.

1.11.11    **Multiple Camera System.**  During the videotaping of a deposition, the examiner may use a two or three video camera system with monitors available for use by counsel.

1.11.12    **Editing of Videotaped Depositions.**  Any party editing a videotape deposition for use at trial will be permitted to use split screen technology to show portions of any exhibit used at the deposition that has also been admitted for use at trial, whereby the image of the exhibit appears on the same screen as the image of the deponent, while the deponent is discussing the exhibit.  Counsel representing the deponent (and counsel representing the party being deposed, if different from counsel for the deponent) will have an opportunity prior to trial to review and object to matters relating to the editing, use of split screen technology and other issues relating the editing and/or replay of a videotaped deposition.

1.11.13    **Transcript Copies.**  Any party may, at its own expense, obtain a copy of the videotape and the stenographic transcript of any deposition by contacting Liaison Counsel for the party who noticed the deposition.

1.12    **Supplemental Depositions.**  Any party not present at a deposition may obtain, as provided in paragraph 1.11.13 of this Order, a copy of the transcript or videotape of that deposition from Liaison Counsel for the party who noticed the deposition.

20

Within ninety (90) days after a deposition transcript is placed in the Document Depository, any party not present at that deposition may, upon a good faith determination that further examination of the deponent is necessary, notify the other parties and move in this Court for an order allowing resumption of the deposition of that deponent.  In addition, any party in an action transferred subsequent to the date of a deposition may obtain within sixty (60) days of the transfer order a copy of the transcript of any deposition, as provided in paragraph 1.11.13 of this Order, and within sixty (60) business days after receiving that transcript and upon a good faith determination that further inquiry of the deponent is necessary, notify the other parties and move in this Court for an order allowing resumption of the deposition of that deponent.

1.12.1 **Motion to Resume Deposition.**  Any motion made under this paragraph 1.12 shall identify areas where the moving party believes further examination is necessary, state how the previous deposition failed to adequately develop or address these areas, and indicate why the proposed further examination would be relevant.  Within ten (10) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the previous deposition fully covered the area(s) identified in the motion or that the additional examination sought would not be relevant.

1.12.2 **Supplemental Depositions by Parties Receiving Notice.**  No supplemental deposition by any party having received notice of the original deposition will

be permitted, except upon order of this Court for good cause shown. A showing by any such party that a supplemental deposition is reasonably calculated to lead to the discovery of admissible evidence necessary to protect the interests of that party shall constitute good cause.

1.12.3 **Timing and Procedure for Supplemental Depositions.** If the Court grants any party's motion for a supplemental deposition, that deposition may be taken within such time as may be authorized by the Court. Any supplemental deposition shall be treated as the resumption of the deposition originally noticed. During a supplemental deposition, any party may conduct further examination of the deponent, however, such examination shall be limited to the subject areas authorized by the order allowing the supplemental deposition. The supplemental deposition shall be taken at the same location as the initial deposition unless otherwise agreed by the parties and the deponent.

1.13 **Disputes During Depositions.** Counsel should attempt to resolve disputes arising during depositions without need for court intervention. In the first instance, the parties are directed to negotiate disputes in good faith. Disputes that cannot be resolved by negotiation and that, if not immediately resolved, will significantly disrupt the discovery schedule or require either a rescheduling of the deposition or a supplemental deposition may be presented by telephone to the undersigned. Any party seeking a ruling from the Court shall arrange through chambers a telephone conference with the Court at its earliest convenience and shall provide facilities so

that counsel attending the deposition and the deposition reporter can hear the proceedings, which shall be transcribed immediately and bound separately.  During these proceedings, counsel will have the opportunity to argue to the Court and the Court will, whenever possible, resolve the dispute during the conference call proceedings.  Alternatively, the parties may present the dispute to the Court in writing.  Each side must submit on one (1) page a summary of its position and any authority relevant to the dispute.  The Court will issue a prompt ruling, as its schedule permits.

1.13.1 **Continuation of Disputed Deposition.**  In the event the Court is unavailable to resolve immediately disputes arising during the course of a deposition, the deposition shall continue to be taken as to matter not in dispute.  None of the above provisions shall deny counsel the right to continue a disputed deposition, file an appropriate motion with the Court at the conclusion of the deposition and appear before the Court, if counsel deems it necessary.

1.13.2 **Extraterritorial Jurisdiction.**  It is expected that, in depositions involving non-party deponents, this Court, rather than the district court in which the deposition is being conducted, will exercise the powers conferred by 28 U.S.C. § 1407(b) and deal with disputes.

1.14 **Correction and Signing Depositions**.  The transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition, unless the Court allows a supplemental deposition pursuant

to paragraph 1.12 of this Order. If a supplemental deposition is allowed, the transcript shall be submitted to the deponent as soon as it is available for distribution. The deposition may be signed by the deponent before any notary within thirty (30) days after the transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be presumed accurate.

1.15   **Use at Trial.**

1.15.1 A deposition take pursuant to this plan (including, when filed in the document depository, depositions previously taken in these cases and depositions previously or subsequently taken in any other Rezulin litigation in federal or state courts) may be used at trial, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1)-(4) or as otherwise permitted by the Federal Rules of Evidence, against any person or entity that: (1) at the time the deposition is taken is a party in any case then transferred or assigned to this Court as an MDL-1348 case; or (2) after the deposition is taken becomes a party in any case transferred or assigned to this Court as an MDL-1348 case, unless within 45 days after first becoming a party it files with this court a written request showing just cause why one or more specifically identified depositions should not be used in the cases(s) in which it is a party. If such a request is filed, other parties wanting to use the deposition(s) in the case may thereafter notice the deponent for a supplemental deposition, including one by telephone or on written questions under Fed. R. Civ. P. 31. In such depositions, the deponent first must be asked whether he or she reaffirms the

testimony previously given.  If the answer is "yes," further examination of the

deponent should be limited to issues and items not covered in the original

deposition.

1.15.2  Upon their consent, the parties to this litigation are hereby enjoined from

raising, with respect to any deposition usable against them in federal court

actions, any objection in any state court action involving Rezulin to the use

of the deposition based upon the fact that the deposition was not taken in the

state court action.  Any request for relief from this injunction must be filed

with the court within 30 days from the date that the deposition is filed in the

Document Depository or from the date it first becomes a party in this

litigation.

1.15.3  These provisions do not preclude objections to use of a deposition premised

upon the availability of the deponent to be called in person, nor do they

preclude objections to the admissibility of particular items of testimony in a

deposition on any applicable evidentiary grounds.

1.15.4  The discovery effect and use at trial in any state court proceeding of any

discovery obtained under these Deposition Protocols is reserved to each

individual state court .

1.16  **Effect of Guidelines on non-Warner-Lambert Defendants.**  Notwithstanding the

appearance or involvement in MDL-1348 of any non-Warner-Lambert Defendants,

these Deposition Protocols are not intended to require the appearance or involvement

of any non-Warner-Lambert Defendants not already named as a defendant in an

25

MDL-1348 case, and no waiver of any rights is intended if no such appearance or involvement occurs.

2   **Administrative Matters**

2.1   **Committees and Privileges Preserved**.  The parties to this litigation, formally or informally,  may create committees or other cooperative arrangements as they see fit. The parties have agreed that (a) communication among plaintiffs' counsel or among defendants' counsel shall not be deemed a waiver of the protections afforded by the attorney-client privilege, the attorney work product doctrine, or any other privilege to which a party may be entitled, and (b) cooperative efforts shall not be used in any way against any party, or be cited as purported evidence of conspiracy, wrongful action or wrongful conduct.

SO ORDERED.

Dated: March 2, 2001

_____
                    Lewis A. Kaplan
                    United States District Judge

# EXHIBIT K

Case 2:14-md-02592-EEF-MBN Document 1923-3 Filed 01/15/16 Page 155 of 215

In re Norplant Contraceptive Products Liability Litigation, Not Reported in F.Supp. (1996)

1996 WL 42053

1996 WL 42053
Only the Westlaw citation is currently available.
United States District Court, E.D. Texas.

In re NORPLANT CONTRACEPTIVE
PRODUCTS LIABILITY LITIGATION.

No. MDL 1038.  |  Jan. 19, 1996.

*PRACTICE AND PROCEDURE ORDER NO. 4*

SCHELL, Chief Judge.

**1.** *Deposition Notices.*

 **\*1** (a) All depositions in MDL-1038, except pursuant to Court order, will be noticed and conducted pursuant to Fed. R. Civ. P. 30 and this Practice and Procedure Order No. 4 (Re: Deposition Guidelines) and may be cross-noticed in any Norplant action pending in a state court. This Order will be placed in the document depository.

(b) A "Statement of Deposition Procedures," summarizing the terms of this Order, shall be attached to each notice of deposition, except that this Order in its entirety shall be attached to any non-party subpoena or deposition notice.

(c) Each deposition notice shall include the name and, if known, the general occupational description of each deponent, the expected length of the deposition, and the date, time, and place of the deposition. Each deposition notice shall state whether the deposition is being taken for discovery purposes or for perpetuating testimony for trial.

(d) Deposition notices shall state whether the deposition is to be videotaped and, if so, the name, firm and address of the videotape recorder. All videotape depositions shall proceed pursuant to the provisions of paragraph 12, *infra.*

(e) Any counsel in any related federal or state action may suggest matters for inquiry in any deposition noticed in MDL-1038 by providing to the appropriate Liaison Counsel or their designee a written list and brief explanation of such matter or matters. Liaison Counsel for plaintiffs: Christopher M. Parks, Parker & Parks, L.L.P., One Plaza Square, Port Arthur, Texas 77642-5513. Liaison Counsel for defendants: F. Lane Heard III, Williams & Connolly, 725 12th Street, N.W., Washington, D.C. 20005.

**2.** *Cooperation.*

Counsel are expected to cooperate with, and be courteous to, each other and deponents.

**3.** *Scheduling.*

(a) Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and places at the locations set forth in paragraph (4), *infra.* It is contemplated that there may be multi-tracking of depositions and that more than one deposition may take place in MDL-1038 at the same time. No more than two (2) employees of any of the defendants may be scheduled for deposition on the same day.

(b) Any deposition, except pursuant to Court order, must be noticed under Fed. R. Civ. P. 30 at least thirty (30) calendar days in advance and the notice served upon Liaison Counsel by facsimile and mail. Service upon Liaison Counsel shall be deemed service upon all parties.

(c) To facilitate depositions in state court actions involving entities that are not and may never be parties in the federal cases, the parties are encouraged to issue cross-notices of depositions in the state court actions.

**4.** *Locations for Taking Depositions.*

(a) Unless otherwise agreed by Liaison Counsel, depositions of plaintiffs will take place in each plaintiff's home district.

(b) Unless otherwise agreed by Liaison Counsel, all depositions of the domestic defendants will take place in either of the following locations designated by defendants:

 **\*2**  - New York, New York;

 - Madison, New Jersey;

 - Midland, Michigan;

 - Detroit, Michigan;

 - Philadelphia, Pennsylvania; or

 - Washington, D.C.

(c) Unless otherwise agreed by Liaison Counsel, the deposition of an expert witness shall take place in the expert witness' home district.

Case 2:14-md-02592-EEF-MBN   Document 1923-3   Filed 01/15/16   Page 156 of 215

In re Norplant Contraceptive Products Liability Litigation, Not Reported in F.Supp. (1996)

1996 WL 42053

☐.*Deposition Week.*

In any week in which depositions will be taken, such depositions shall commence no earlier than noon on Monday and end no later than 1:00 p.m. on Friday of that week.

☐.*Deposition Day.*

Other than as stated above, the deposition day shall commence at 9:30 a.m. and terminate no later than 5:30 p.m.

☐.*Continuance of Deposition,*

Ten (10) days notice will be sufficient to notice a continued deposition.

☐*Attendance.*

☐ ☐*Who May Be Present.*

Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in MDL-1038 or state cases, in-house counsel for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. While a deponent is being examined about any document that is confidential because (i) the parties have so agreed, (ii) a party has designated the document pursuant to the Confidentiality Order, or (iii) the Court has so ordered, attendance at that portion of the deposition by persons to whom disclosure is not authorized by agreement of the parties or by order of the Court shall be prohibited. Any portion of the deposition transcript containing confidential information shall be sealed when the transcript, videotape or disk is placed in the document depository.

☐ ☐*Unnecessary Attendance.*

Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend and

may later conduct, pursuant to paragraph 14 of this Order, supplemental interrogation of the deponent, should a review of the deposition reveal the need for such examination.

☐.*Conduct of the Deposition.*

Except by order of the Court, the following will apply at all depositions of fact witnesses:

☐ ☐*Selection of Attorneys to Conduct Examination.*

(1) One or two attorneys will conduct the principal examination of the deponent on behalf of the MDL-1038 Plaintiffs' Steering Committee and on behalf of plaintiffs in state court actions. The attorneys designated to conduct the principal examination will coordinate with other counsel for plaintiffs reasonably in advance of the date scheduled for the deposition regarding the areas of examination in order to conduct a thorough examination.

**\*3** (2) The MDL-1038 defendants shall designate one primary attorney examiner.

(3) In some depositions there may be sufficient divergence of positions among various parties such that additional examiners may be appropriate on *non-redundant* (*i.e.,* new subject) matters. Therefore, other attorneys will be permitted to examine deponents on non-redundant matters. The non-redundant requirement will be strictly construed. The MDL PSC is not entitled to conduct any additional examination simply by virtue of the fact that one or more of its members may also represent plaintiffs in state court actions.

☐ ☐*Objections.*

(1) All objections as to relevance and admissibility shall be preserved for later ruling of the Court or at time of trial. Objections as to the form of the question shall be stated by any one opposing counsel using the single word "objection." Only if the examining attorney asks for a clarification as to the basis of the objection shall any additional words be spoken by the objecting attorney concerning the basis of the objection. Even then, the basis of the objection shall be stated as succinctly as possible, *e.g.,* "compound question" or "ambiguous." No speaking objections are allowed.

Case 2:14-md-02592-EEF-MBN Document 1923-3 Filed 01/15/16 Page 157 of 215

In re Norplant Contraceptive Products Liability Litigation, Not Reported in F.Supp. (1996)

1996 WL 42053

(2) Objections to the responsiveness of the answer shall be stated by the examining attorney, or by counsel for parties other than the witness, with the single word "objection" following the answer. Only if the attorney representing the witness requests it shall an additional explanation of the basis of the objection to the responsiveness of the answer be given.

(3) As soon as any one attorney representing a party to this litigation states the word "objection" following a question, then all parties have preserved all possible objections to the form of the question. Counsel for other parties need not repeat their objections in order to preserve them for the record. Only if the questioning attorney asks for a brief explanation of the basis of the objection shall the objecting attorney state the basis. Similarly, if the examining attorney states the word "objection" following the answer, then all parties' objections to the responsiveness of the answer are preserved without their counsel having to state them on the record. Counsel are instructed to follow this rule, and not to make unnecessary objections on the record if another attorney has already stated an objection.

### ☐☐☐Directions Not to Answer; Suspension of a Deposition.

(1) Directions to the deponent not to answer are improper except on the ground of privilege or to enable a party or deponent to present a motion to the Court for termination of the deposition on the grounds that it is being conducted in bad faith, or in such manner as to unreasonably annoy, embarrass, or oppress the party or the deponent. Instructions not to answer a question given to a witness by counsel shall be kept to the bare minimum. All grounds for an instruction not to answer a question must be stated at the time the instruction is given or be waived. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existent, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, and the identity of other persons to whom the contents of the statement have been disclosed.

 **\*4** (2) If a deposition is suspended on the grounds that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass, or oppress a party or deponent, the person who suspended the deposition shall file and serve a motion for a protective order under Fed. R. Civ. P. 26(c) within five (5) days of suspension of the deposition. If no motion for a protective order is filed, within ten (10)

days of the suspension of the deposition, a motion to compel and for sanctions under Fed. R. Civ. P. 37 may be filed and served. Prior to suspending a deposition, the procedures set forth in paragraph 17, *infra,* must be followed.

### ☐☐☐*Objections to Documents.*

Objections as to the admissibility of documents are not waived and are reserved for later ruling by the Court or by the trial judge. All parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

### ☐☐☐*Sequence of Examination - Depositions Taken by Plaintiffs.*

Questioning at the depositions to be taken by plaintiffs will be conducted in the following sequence:

1. the primary examiner or examiners selected by the MDL-1038 Plaintiffs' Steering Committee to conduct the examination;

2. any other MDL-1038 plaintiffs' attorneys on non-redundant matters provided that any party who believes that, due to a divergence of interest, it may be necessary to examine the deponent on *non-redundant* matters shall designate one attorney to conduct such non-redundant examination;

3. the primary examiner selected by the MDL-1038 defendants;

4. individual counsel for the deponent, if any;

5. any recross and redirect by 1-4, *supra;* and

6. examination by plaintiffs' and defense attorneys in cross-noticed state cases in the following order: counsel for state plaintiffs on non-redundant matters; counsel for state defendants on non-redundant matters; counsel for the deponent; any re-cross and redirect.

### ☐ ☐*Sequence of Examination - Depositions Taken by Defendants.*

Case 2:14-md-02592-EEF-MBN Document 1923-3 Filed 01/15/16 Page 158 of 215

**In re Norplant Contraceptive Products Liability Litigation, Not Reported in F.Supp. (1996)**

1996 WL 42053

Questioning at the depositions to be taken by defendants shall be conducted in the following sequence:

1. the primary examiner selected by the MDL-1038 defendants to conduct the examination;

2. any other defense attorneys on matters not previously covered;

3. the primary examiner selected by the MDL-1038 Plaintiffs' Steering Committee;

4. any other MDL-1038 plaintiffs' attorneys on non-redundant matters;

5. individual counsel for the deponent, if any;

6. any recross and redirect by 1-4, *supra;* and

7. examination by plaintiffs' and defense attorneys in cross-noticed states cases in the following order: counsel for state defendants on non-redundant matters; counsel for state plaintiffs on non-redundant matters; counsel for the deponent; any re-cross and redirect.

### ☐☐ *Consultation with Witness.*

During a deposition a witness may consult with counsel, but not while a question is pending. If a question is pending, the witness must first answer the question before consulting with counsel.

### ☐☐☐ *Smoking, Use of Other Tobacco Products and Eating.*

\*☐ There shall be no smoking or use of other tobacco products or eating in any room in which a deposition is being conducted, including before, during, or after a deposition, or in the deposition room during deposition recesses. Beverages will be permitted.

### 1☐.*Documents.*

### ☐☐ *Production of Documents*

Witnesses subpoenaed or noticed to testify and to produce documents shall be noticed and served with the subpoena or

deposition notice and document request at least thirty (30) days before the scheduled deposition.

### ☐☐☐*Copies.*

Extra hard copies of documents about which counsel expect to examine the deponent should be provided to primary counsel for the parties and the deponent during the course of the deposition.

### ☐☐☐*Marking of Deposition Exhibits.*

All documents previously produced to the document depository and used as exhibits with witnesses from a particular defendant or non-party witnesses shall be referred to by the Bates stamp numbers appearing on the documents submitted to the document depositories. Documents that have not been previously submitted to the document depositories shall be assigned a Bates stamp number from a range of numbers reserved for this purpose. The first time such a document is introduced as an exhibit at a deposition, it shall be marked with the assigned Bates stamp number and shall be placed in the depositories at the conclusion of the deposition.

### 11. *Videotaped Depositions.*

The provisions of this order regarding examination of deponents apply to videotaped depositions. Any deposition may be videotaped at the request of any party pursuant to the following terms and conditions:

### ☐☐*Stenographic Recording.*

A certified court reporter shall simultaneously stenographically record all deposition proceedings and testimony. The court reporter shall on camera administer the oath or affirmation to the deponent. The written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits). The noticing party shall be responsible for the court reporter furnishing computer disks ASCII 3.5 or 5) in text-readable form and hard copy in Min-U-Script format, as well as any videotapes, to the document depositories.

Case 2:14-md-02592-EEF-MBN Document 1923-3 Filed 01/15/16 Page 159 of 215

In re Norplant Contraceptive Products Liability Litigation, Not Reported in F.Supp. (1996)

1996 WL 42053

### *Cost of Deposition.*

The noticing party shall bear the expense of both videotaping and stenographic recording. Requests for taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

### *Videotape Operator.*

The video camera shall be operated by an experienced video camera operator. The operator shall be subject to the provisions of Fed. R. Civ. P. 28(c).

### *Identification of Persons in Attendance.*

Before commencement of the deposition, each witness, attorney, and any other person attending the deposition shall submit to the court reporter in writing his or her name, the name of his or her firm, business address, and the name of the client he or she represents. The list of these people shall be included at the beginning of the deposition transcript. In addition, at the commencement of the deposition, each witness, attorney, and any other person attending the deposition shall be identified on camera.

### *Interruptions.*

*  No attorney or party shall direct instructions to the video camera operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel examining and defending the deposition and "off the record" discussions shall not be videotape recorded. The video camera operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

### *Standards.*

Depositions will be conducted in a manner designed to replicate, to the extent feasible, the appearance of a presentation of evidence at a trial.

### *Index.*

The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape recording occurs, whether for recesses, "off the record" discussion, mechanical failure, or otherwise.

### *Filing.*

After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certification with Liaison Counsel for whomever noticed the deposition and simultaneously submit a copy to the document depositories.

### *Objections.*

Objections and instructions not to answer at videotape depositions are subject to the provisions of paragraph 9(b)-(d) of this Order. If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.

### *Technical Data.*

Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included on copies of the videotaped deposition.

### *Video Camera System.*

During the videotaping of a deposition the questioner may use a two video camera system with monitors available for use by counsel. The camera(s) shall videotape only the deponent (or questioner) using a "head and shoulders/waist up" shot.

Case 2:14-md-02592-EEF-MBN   Document 1923-3   Filed 01/15/16   Page 160 of 215

In re Norplant Contraceptive Products Liability Litigation, Not Reported in F.Supp. (1996)

1996 WL 42053

**12.** *Obtaining Copies of Transcripts and Videotapes.*
Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition and paying the established charges. Liaison Counsels' names and addresses are set forth in paragraph 1(e) of this Order.

**13.** *Supplemental Depositions.*
Witnesses shall not be subjected to more than one deposition, nor to repetitive and redundant questioning. To that end:

(a) Each party not present at a deposition may order, as provided in paragraph 12, a copy of the transcript or videotape of that deposition from Liaison Counsel for the party who noticed the deposition and within ninety (90) business days after the transcript is placed in the document depository may, upon a good faith determination that further inquiry of the deponent is necessary, notify the other parties that it will move the MDL-1038 Court for an order allowing resumption of the deposition. In addition, any party in a recently transferred action may, as provided in paragraph 12, obtain within sixty (60) days of such Transfer Order a copy of the transcript of any deposition and may, within sixty (60) business days thereafter and upon a good faith determination that further inquiry of the deponent is necessary, notify the other parties that it will move the MDL-1038 Court for an order allowing resumption of the deposition. The notice shall identify with specificity areas where the party believes further examination is necessary, state how the MDL-1038 deposition (and any other depositions of the witness placed in the depository) did not adequately cover the areas where further examination is sought, state whether the movant conferred with the primary examiner regarding these supplemental areas of examination, and demonstrate that further examination would be relevant and non-redundant. The parties shall then meet and confer whether the witness will be made available for a supplemental deposition.

 *□ (b) If not, the party seeking the supplemental deposition may move the MDL-1038 Court for an order allowing resumption. Within ten (10) days of the filing of any such motion, any party may file an opposition to the motion and seek a protective order prohibiting the supplemental deposition on the grounds that the MDL-1038 deposition (or any other deposition of the witness in the depository) adequately covered the area or areas sought to be explored in the supplemental deposition or that the testimony sought is not relevant and non-redundant.

(c) No further or supplemental deposition will be permitted (i) by any party having received notice in MDL-1038 of the original deposition or (ii) by any party represented by counsel on the Plaintiffs' Steering Committee (where the original deposition was taken by a member of the PSC), except upon order of the MDL-1038 Court on good cause shown.

(d) Assuming the movant has met this burden, and if no opposition or motion for a protective order is filed, or the opposition or motion for a protective order is denied, the supplemental deposition may be taken within such time as may be authorized by the Court.

(e) The supplemental deposition shall be treated as the resumption of the deposition originally noticed. During the resumed deposition, any other party may conduct further examination of the witness only with regard to new subject areas authorized by the order allowing the resumed deposition. There shall be no unnecessary repetition at such resumed deposition. The resumed deposition shall be taken at the same location as the initial deposition unless otherwise agreed to by the parties and the deponent.

(f) Nothing herein shall be deemed to limit the right of a defendant to seek leave of Court to take the *de bene esse* deposition of a witness whose deposition was previously taken by plaintiffs. Plaintiffs shall not object to defendants' taking of such *de bene esse* depositions on the ground that the witness was previously deposed.

**14.** *Correction and Signing Deposition.*
The transcript of a deposition shall be submitted to the deponent for correction and signature within thirty (30) days after the end of the deposition, unless the Court allows a supplemental deposition pursuant to paragraph 14. If a supplemental deposition is allowed, the transcript shall be submitted to the deponent as soon as it is available for distribution. The deposition may be signed by the deponent before any notary or pursuant to 28 U.S.C. § 1746 within thirty (30) days after the transcript is submitted to the deponent. If no corrections are made during this time, the transcript will be deemed accurate.

**1□.***Rulings Concerning Disputes at Depositions.*
(a) Disputes arising during depositions that cannot be resolved by agreement and that if not immediately resolved will significantly disrupt the deposition schedule, would

1996 WL 42053

require a rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, may be presented to the undersigned or Magistrate Judge by telephone. In the first instance, the parties are directed to negotiate such disputes in good faith. In the event agreement cannot be reached after such negotiation, any party seeking a ruling from the Court shall arrange a telephone conference call with the undersigned's or the Magistrate's law clerk at the Court's earliest convenience. Facilities shall be provided so that counsel attending the deposition and the deposition reporter can hear the proceedings. The deposition reporter shall make a transcript of the conference call proceedings, which shall be transcribed immediately and bound separately. During such proceedings, counsel shall have the opportunity to argue to the Court and the Court will, whenever possible, resolve the dispute during the conference call proceedings.

\*□ (b) Alternatively, the parties may present the dispute to the Court in writing. Each side must submit on 4 pages a summary of its position and any authority relevant to the dispute. The Court will issue a prompt ruling, as its schedule permits. The undersigned's telephone and telecopier numbers are 409 654-2880 and 409 654-2888 respectively, and Magistrate Judge Earl S. Hines telephone number is 409 654-2815. These numbers should be used with discretion, not as a matter of course.

(c) In the event the Court is unavailable by telephone or telecopier to resolve disputes arising during the course of a deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

(d) None of the provisions in this paragraph shall deny counsel the right to continue the deposition, file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court if counsel deems it necessary.

(e) The Court will exercise the authority granted under 28 U.S.C. § 1407(b) to act as District Judge in any district in which a deposition is being taken.

□ □□□ □□□□□□

Not Reported in F.Supp., 1996 WL 42053

**End of Document**                    © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT L

FILED

MAY 2 3 2011

BRIAN R. MARTINOTTI, J.S.C.

**SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY**

IN RE:  YAZ®, YASMIN®, OCELLA®                    )
PRODUCT LIABILITY LITIGATION                        )
                                                                              )
                                                                              )          Case No. 287
                                                                              )

**Applicable to All Cases**

CASE MANAGEMENT ORDER No. 23
REGARDING DEPOSITION PROTOCOL

      This order, agreed to after extensive negotiations and with the
agreement of counsel, controls depositions of witnesses on issues of general
applicability to the litigation (as opposed to case-specific witnesses) who are the
corporate defendants' current or former representatives or personnel.  The
purpose of this order is to gain the highest degree of efficiencies in the taking of
these depositions.  At no time has it been, nor will it be, the intention of the
Court or the parties that judges in any of the participating jurisdictions
delegate their duties to any other judicial officer.

A.    **General Provisions and Objectives**

      1.    Counsel and all parties (both represented and *pro se*) shall
comply with this order, and to the extent consistent with this order, with the
applicable Rules of Civil Procedure and the Local Rules of the presiding court.
Unless specifically modified herein, nothing in this order shall be construed to
abrogate the Rules of Civil Procedure or the Local Rules.

      2.    Counsel are reminded that the Courts consider depositions to
be official court procedures and the conduct of all participants in depositions
shall be in accordance with the customs and practices expected of lawyers and
witnesses appearing before these Courts, as if each was appearing personally
before the Courts at the time of the depositions.  Counsel shall not at any time
conduct himself or herself in a manner not becoming an officer of the court and
not in full compliance with the civil rules of practice and all other orders of the
Courts.  Neither counsel nor witnesses shall, at any time, engage in conduct
that impedes, delays, or frustrates the examination of the witness.  All counsel
and the deponent must be treated with civility and respect.

3.      There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during the deposition recesses.

4.      Disputes relating to depositions shall be resolved jointly by the Courts, wherever possible.  Where possible, Chief Judge Herndon will coordinate communications among the Courts.  More specifically:

*If a dispute arises before or after a deposition:*  Promptly upon filing a motion in the court in which her case is pending, the moving party will email a copy of the motion to Judge Herndon and his staff as follows:  Sandy Pannier, Courtroom Deputy (Sandy_Pannier@ilsd.uscourts.gov); Debra Ward, Chambers Counsel (Debra_Ward@ilsd.uscourts.gov); and Judge Herndon (Judge_Herndon@ilsd.uscourts.gov).  Copies of the request, together with the supporting documents, shall be emailed to the counsel involved in the immediate dispute, and the leadership of defendants and of plaintiffs for each jurisdiction, as noted below.[1]  Judge Herndon will coordinate conferral among the Courts for resolution of the issue, consistent with the law of the various jurisdictions.

*If a dispute arises during a deposition that requires expedited consideration:*  The moving party will send a short email to the state court judge and Chief Judge Herndon, his staff, the parties' leadership groups as set forth above, and counsel attending the deposition describing briefly the nature of the dispute.  The state court judge and Judge Herndon will consult with the judges from the other jurisdictions, provided that each such judge is available and that the inherent need of the dispute for an immediate ruling does not prevent such consultation.  The acting judicial officer shall issue a ruling resolving the dispute in a timely manner, advising the parties which of the state judicial officers participated in the decision.  If a state judge is unable to participate in a decision requiring expedited consideration and the aggrieved party's case is pending in that state, Judge Herndon may resolve the dispute

---

[1] Notices to plaintiffs shall be made by e-mail to each of the following: for the MDL, Roger Denton (rdenton@uselaws.com), Michael Burg (MBURG@burgsimpson.com),  Michael London (mlondon@douglasandlondon.com), Mark Niemeyer (niemeyer@onderlaw.com); for California state court coordinated actions Steven Skikos (sskikos@skikoscrawford); for New Jersey state court coordinated actions Richard Meadow (RDM@lanierlawfirm.com); and for the Pennsylvania state court consolidated actions Dianne M. Nast (dnast@rodanast.com).  Notices to the Bayer defendants shall be emailed to Adam Hoeflich (adam.hoeflich@bartlit-beck.com); Doug Marvin (dmarvin@wc.com); Susan Weber  (saweber@sidley.com); and John Galvin (jgalvin@foxgalvin.com).  Notice to Barr/Teva should be sent to Joseph Thomas (jthomas@ulmer.com).

but the losing party may within 24 hours file a motion in that state's coordinated proceeding explaining the basis for that party's disagreement with the ruling.  A copy of the motion promptly shall be emailed to Judge Herndon, each state court judge and the parties' leadership groups, as set forth above.

B.    **Notices/Scheduling**

1.    Content of Notice.  Each deposition notice shall include the name, address and telephone number of an attorney point of contact designated by the party noticing the deposition as well as the date, time and place of the deposition.  This order in its entirety shall be attached to any subpoena or deposition notice that pertains to a third-party witness covered by its terms.

2.    Cooperation in Scheduling.  Absent extraordinary circumstances, counsel shall consult with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.  Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis.

3.    Location.  To the extent reasonably possible, depositions of witnesses located in the United States will take place in the deponent's home district or, if counsel for the deponent agrees, in another district convenient to the deponent, counsel and the parties.  The location of the deposition shall be as consistent as possible within each city so that videotape equipment, if being used, can be left in place.

Witnesses who are domiciled in Germany, where domestic law prohibits the taking of depositions, will be deposed in Amsterdam, unless all parties agree to another location.

4.    Adequacy of Notice.  After counsel, through consultation, have arrived on a date and location for a deposition, the Noticing Party shall serve an amended Notice reflecting the agreed upon date and location.  Third-party witnesses subpoenaed to produce documents shall be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition.

5.    Attendance.  In order for counsel to make arrangements for adequate deposition space, Plaintiffs' Liaison Counsel for the jurisdiction from which the notice was served and Defendants' Liaison Counsel shall confer regarding the expected attendance at least three business days before the scheduled date.

6.    Remote Participation.  In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify Plaintiffs' Liaison Counsel for the jurisdiction from which the

3

Notice was served as well as Defendants' Liaison Counsel, two days in advance of the start of the deposition. Any party seeking to participate remotely must agree to be bound by applicable Protective Orders and agree not to re-record the deposition, by video or audio means.

       7.     Means of Recording.

      (a)     Stenographic Recording. A certified Court reporter shall stenographically record all deposition proceedings and testimony. The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of **FED. R. CIV. P. 30(e); CAL. C.C.P. § 2025.520; N.J. COURT RULES R. 4:16-4; PA. R.C.P NO. 4017(c)** (rules addressing submission of transcript to the deponent) and **30(f); Cal. C.C.P. § § 2025.510, 2025.540, 2025.550; N.J. COURT RULES R. 4:14-6; PA. R.C.P NO. 4017** (rules addressing filing, retention, certification and the like). The noticing party shall be responsible for the court reporter furnishing computer disks in text-readable form and hard copy in Min-U-Script format to the document depository.

      (b)     Telephonic Depositions. By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under **FED.R.CIV.P. 30(b)(7); CAL. C.C.P. § 2025.310** or to have otherwise moved for such an order as permitted in Pennsylvania and New Jersey. Unless an objection is filed and served within ten (10) calendar days after such notice is received, the court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent.

      (c)     Videotaping. Deposition notices shall state whether the deposition is to be videotaped. All videotape depositions shall proceed pursuant to the provisions of section K, *infra*.

## C.    **Coordination with State Court Actions/Cross-Noticing of Depositions/Corporate Representative Depositions**

      1.     Cross-Notices. The parties and all courts desire to minimize the expense and inconvenience of this litigation by, *inter alia*, providing for a single deposition of witnesses in all litigations relating to Yaz®, Yasmin® or Ocella®. Any witness deposition in this litigation subject to this Order may be cross-noticed by any party in any related action pending in any state or federal court, subject to the provisions of paragraph C(5), *infra*. There should be full participation by all jurisdictions in every deposition.

2.     Coordination of Depositions.  Plaintiffs' counsel from all jurisdictions shall coordinate the scheduling of depositions and the duties for examination of the deponent.  In the interest of efficiency, the fewest number of attorneys possible should be used at each deposition.  Under no circumstance shall more than one plaintiffs' attorney for each jurisdiction question a witness.

3.     There shall be no more than four examining attorneys, who shall confer prior to the deposition concerning allocation of time to question.  Under no circumstances will plaintiffs' failure to allocate time among themselves or to enforce that allocation of time among themselves during a deposition result in an extension of the deposition.  At no time shall any plaintiffs' lawyer ask questions previously asked by another plaintiffs' counsel.

4.     Subsequent Depositions.  If a deposition originally noticed in another state or federal court has been cross-noticed in another state or federal court subject to this order, then a party may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown as determined by the Courts.  Any subsequent deposition shall be restricted to such additional inquiry stipulated to by the parties or as permitted by the Courts.

5.     Objections to Cross-Notices.  If a party cross-notices in one state or federal court subject to this order a deposition scheduled in another federal or state litigation, the party shall provide the notice to the plaintiff and defense leadership identified above.  If a party objects to that cross-notice, that party shall raise that objection for resolution pursuant to the procedures set forth in paragraph A.4.  The burden shall be on the party objecting to the cross-notice to demonstrate that the cross-notice shall not proceed.

6.     Corporate Representative Depositions.  The notice for the deposition of a corporate representative under **FED. R. CIV. P. 30(b)(6); CAL. C.C.P. §§ 2025.010; 2025.230; N.J. Court Rules R. 4:14-2, 4:16-1; PA. R.C.P. NO. 4007.1(e),** shall describe with reasonable specificity the matters for examination and the questioning shall be limited to those specific matters. Plaintiffs agree that if any examiner intends to question the witness about particular tables, charts, results of findings, or such similar details, MDL liaison counsel for plaintiffs shall notify defendants' counsel 10 days before the deposition as to a particular table, chart, finding, result or details that will be the subject of general questioning.  Plaintiffs' examiners may collectively designate only a reasonable number of tables, charts, results, findings, or similar details.

D.   **Length of Depositions**

Unless otherwise ordered by the Courts, or agreed to by the parties and counsel for any deponent, the following provisions shall govern depositions subject to this order:

1.      A deposition day shall be up to nine (9) hours of testimony and shall ordinarily commence at 9:00 a.m. and terminate between 5:30 p.m. and 7:30 p.m., including a one-hour break for lunch.  A deposition shall continue to 7:30 p.m. only when the long deposition day will make it possible to conclude the deposition in a single day.  A fifteen minute break in the morning and the same in the afternoon shall be allowed.  If additional breaks exceed 30 minutes in the aggregate, the length of the deposition day shall be extended by the time equal to the extra breaks.  No breaks shall be taken while a question is pending, except to confer about an issue relating to privilege.

2.      Counsel should be efficient in depositions. Counsel shall confer about the time required to depose a particular witness.  Absent agreement of the parties or order of the Courts,  the presumption is that a deposition shall not exceed two (2) days in length, which will include up to fifteen percent of the time for examination by defendants' counsel and an equal amount of time for redirect examination.  Based on agreement or a showing of good cause, a deposition may exceed two (2) days.

3.      In the event that the deposition involves a translator, the maximum length of the deposition shall be increased as is reasonably necessary by up to 75%.

E.  **Custodial Files**

Provided that plaintiffs notify the defendants at least 60 days in advance of the intended deposition of any present or former company employee, the custodial file of that employee shall be produced 30 days in advance of the scheduled deposition to the address specified by plaintiffs' counsel.  If 100 or fewer pages are produced between 14 and 29 days prior to the scheduled deposition, the deposition shall proceed as scheduled.   Any documents produced less than 14 days prior to the scheduled deposition must be delivered to the primary examiner, if one has been designated by plaintiffs' counsel.  If a primary examiner has not been designated, the documents shall be produced to the same address to which the previous documents were produced.  The parties shall meet and confer regarding the impact, if any, of this production on the scheduled deposition.  If the parties cannot agree, the matter shall be referred to the Courts for resolution pursuant to the procedures described in Part A.4.

## F.  Translation of Documents

Objections as to the accuracy of translations shall be preserved unless a stipulation is reached by the parties in advance of the deposition.

## G.  Translators

1.     Where a witness indicates his or her intention to respond to questions in a language other than English, neutral translators will be employed to interpret and translate between the foreign language and English. Three translators shall be employed to allow for rotation of the translators. Each translator will swear under oath or affirm prior to each deposition to provide honest and truthful translations.  A monitor displaying "real time" transcription will be placed in front of the translator to assist in the translation. Defendants and plaintiffs will share the fees and costs of the translators equally.

2.     Counsel for the defendants will notify the plaintiffs at least 10 days in advance of the deposition of any present or former employee whose examination will require the involvement of a translator.  Counsel for third party witnesses will notify counsel for the party who noticed the deposition at least 10 days in advance of the deposition that the examination will require the involvement of a translator.

## H.  Copies of Transcripts and Recordings

1.     Each side shall bear its own costs in securing copies of the deposition transcript, videotape or DVD.

2.     Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

## I.  Postponements

Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between the party noticing the deposition and Liaison or Lead Counsel for the opposing party witness (if the witness is a party or a current or former employee) or counsel for the witness (if the witness is not a party or a current or former employee) or by leave of the Courts for good cause.

## J.  Attendance

1.     Permitted Attendees.  Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the

deponent's attorney, attorneys of record in MDL-2100 or state cases, in-house counsel for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel. Upon application, and for good cause shown, the Courts may permit attendance by a person who does not fall within any of the categories set forth above.

2.      Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court.  Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend.

3.      Examination Regarding Confidential Documents.  While a deponent is being examined about any document that has been designated as confidential pursuant to any court order, attendance at that portion of the deposition by persons to whom disclosure is not authorized by such order shall be prohibited.  Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality when the transcript, videotape or disk is placed in the document depository.

## K.  Image Recorded Depositions

Any depositions may be videotaped at the request of any party pursuant to the following terms and conditions:

1.      Simultaneous Stenographic Recording.  All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph B (7), above.

2.      Cost of the Deposition.  The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording.  Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

3.      Videotape Operator.  The operator(s) of the videotape recording equipment shall be subject to the applicable provisions of FED. R. CIV. P. 28(c); CAL. C.C.P. § 2025.560; N.J. COURT RULES R. 4:14-9; PA. R.C.P. NO. 4017.1.

4.      At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.  The operator shall produce both video and DVD formats of each deposition.

5.      Standards.  Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid

background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

6.     Additional Cameras. Any party, at its own expense and with notice 24 hours in advance of the deposition to opposing counsel, may arrange for not more than two additional cameras at videotaped depositions, one to film the examining attorney and, if any party so requests, the other to film the opposing attorney. The opposing attorney shall be filmed only in the event the examining attorney is being filmed, at the expense of the party electing to film the examiner. If more than one party elects videotaping, the parties shall share the expense of the synchronization of the videotapes, in any editing of the tapes, on a 50/50 basis. If more than one camera is employed, the party arranging for the additional camera(s) shall pay for the expense of synchronization of the videotapes from the additional camera(s) if the party intends to show videotape from the additional camera(s) at trial. Nothing in this order shall be construed as a ruling whether the videotapes of the lawyers may be shown at trial. Counsel's objections to showing the videotape of counsel at the time of trial are reserved.

7.     Index. The videotape operator(s) shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

8.     Filing. After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

9.     Objections and instructions not to answer at videotape depositions are subject to the provisions of section L, *infra.* If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.

10.     Technical Data. Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

### L.  Objections and Directions Not to Answer

1.    Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

(a)    Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants and, unless otherwise specified by any plaintiff, an objection by a single plaintiff shall be deemed an objection by all plaintiffs. However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants and an instruction not to answer by one plaintiff should not be deemed an instruction not to answer by all plaintiffs at risk for sanctions should he/she instruct a witness in bad faith.

(b)    All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence of a privilege.

(c)    Counsel shall refrain from engaging in colloquy during depositions.  The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used.  Counsel may ask what specific defect in form is referenced in the objection in order to decide if there is a need to cure the alleged defect.

2.    Objections as to the relevance of documents are not waived, and are reserved for later ruling in each of the coordinated proceedings or by the trial judge.

### M.  Use and Admissibility of Depositions

1.    Under the conditions prescribed in **FED. R. CIV. P. 32(a) (1)-(4) CAL. C.C.P. § 2025.620; N.J. COURT RULES R.4:16-1; PA. R.C.P. No. 4020(a)** or as otherwise permitted by the Federal, California, New Jersey, and Pennsylvania Rules of Evidence, depositions may be used against any party (including parties later added and parties in cases subsequently filed in any state court covered by this order, cases filed in, removed to or transferred to the federal court which is covered by this order; all of which are part of this litigation) who:

(a)    was present or represented at the deposition; or

(b)    had reasonable notice thereof; or

(c)    within thirty (30) days after the deposition is taken or within forty-five (45) days after becoming a party in one of the state

consolidated actions or MDL-2100 fails to show just cause why such deposition should not be used against such party.

2.     This order does not address the admissibility of any deposition at trial.  Determinations on the admissibility of a deposition shall be made in each coordinated proceeding or at trial.

3.     This order does not address whether a separate trial preservation deposition may be required for admission of a witness's testimony.  Nor does it address the timing of any such trial preservation deposition.  Such determinations shall be made in each coordinated proceeding.

## N. Correcting and Signing Depositions

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within forty-five (45) days after the end of the deposition, unless the court allows a supplemental deposition pursuant to section C (3).  If no corrections are made during this time, the transcript will be presumed accurate.  Parties in jurisdictions where the rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

## O.        Effectiveness

Identical deposition protocol orders are being entered in the MDL, California, and Pennsylvania courts and will be effective on the date docketed.

So Ordered

23 May 2011

The Honorable Brian R. Martinotti

11

# EXHIBIT M

| IN RE: LEVAQUIN LITIGATION **FILED** NOV 1 5 2010 Carol E. Higbee, P.J.Cv. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ATLANTIC COUNTY CASE NO. 286 **CASE MANAGEMENT ORDER NO. 14** |
| --- | --- |

**THIS MATTER,** having come before the Court for a Telephonic Conference in the presence of liaison counsel for the defendants (Susan Sharko, Drinker Biddle & Reath, LLP) and counsel for the plaintiffs (Richard Meadow, The Lanier Law Firm, Jonathan Orent, and Motley Rice), on October 25, 2010, to address the issue of a second video camera at depositions, and the Court having heard the argument of counsel, and for good cause shown:

**IT IS** on this _15_ day of _Nov_, 2010, **ORDERED as follows**:

1.      Defendants may, at their own expense, have a second video camera, at videotaped depositions, to videotape the questioning attorney.

2.      Plaintiffs may, at their own expense, arrange for a third camera to videotape the lawyer defending the deposition.

3.      Defendants shall **bear** the cost of synchronization of the videotapes from the second and third cameras for New Jersey depositions.

4.      Any additional video cameras (as set forth in No. 1 and No. 2, above) shall focus on the face of the questioning and defending attorneys, and not the laptop computer or files of any attorney being videotaped.

5.      The Court reserves decision on whether the videotapes from cameras focused on counsel may be used at trial.

6. A copy of this Order shall be served upon all counsel of record in these consolidated proceedings by defense counsel within ____ days from the date of entry.

_____
HON. CAROL E. HIGBEE, P.J.Cv.

# EXHIBIT N

# FILED

APR 0 6 2009

Judge Jamie D. Happas

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MIDDLESEX COUNTY

IN RE:  RISPERDAL / SEROQUEL /
ZYPREXA LITIGATION

---------------------------------------------------------------

APPLICABLE TO ALL CASES

<u>CIVIL ACTION</u>

Case Code: 274

CASE MANAGEMENT ORDER No. 14

 

 

**THIS MATTER** having come before the Court on <u>March 25, 2009</u> concerning the case management of all pending New Jersey state cases in the above-captioned litigation, and good cause having been shown;

**IT IS** on this ___6___ day of **APRIL, 2009** *effective from the conference date;*

**ORDERED** as follows:

1.    The parties shall confer regarding a Pre-Trial Scheduling Order for the AstraZeneca bellwether cases and submit a proposal to the Court by **April 9, 2009**.

2.    As to bellwether cases, the parties shall file statute of limitations and choice of law motions according to the following schedule:

| | | |
|---|---|---|
| i. | File Motion: | **June 8, 2009** |
| ii. | File Opposition: | **June 22, 2009** |
| iii. | File Reply: | **June 29, 2009** |
| iv. | Oral Argument: | **To be scheduled** |

3.    As to <u>Alonzo Mitchell</u> (L-6872-06) and <u>Kenneth Lee Robinson</u> (L-8259-06), defendant Janssen's request for permission to file *forum non conveniens* motions is **denied without prejudice**. Furthermore, Janssen shall notice the depositions of plaintiffs <u>Mitchell</u> and <u>Robinson</u> in their respective states.

4.    Any party who intends to use a videographer to video the questioning attorney at depositions, may do so.  The ability to use such a video at trial shall be the subject of future *in limine* motions.  Should any party wish to address this issue formally by motion at the present time, such a motion may be filed.

5.  As to plaintiffs' failure to produce Zyprexa claims and settlement documents in the following cases: <u>Susan Blake</u> (L-6693-06), <u>Edward Brown</u> (L-6732-06), <u>Debra Garrison</u> (L-6703-06), <u>Crystal Poole</u> (L-6911-06), <u>Sharon Roberts</u> (L-6928-06), <u>Jack Salamone</u> (L-6808-06), <u>Carolyn Smith</u> (L-6823-06) and <u>Lorenzo Stephen</u> (L-6775-06), defendant Janssen's request for permission to file such motions is **granted**.

6.  The parties shall have two additional days to complete the deposition of Dr. Joseph Biederman.

7.  The next Case Management Conference is scheduled on **April 28, 2009 @ 10:00am**. Any joint agenda items and submissions shall be submitted to the Court by noon on **April 21, 2009**.

_____
JAMIE D. HAPPAS, J.S.C.

# EXHIBIT O

Jerrold S. Parker
Jason Mark
Melanie H. Muhlstock
**PARKER & WAICHMAN, LLP**
111 Great Neck Road, 1st Floor
Great Neck, New York 11021-5402
Telephone: (516) 466-6500

W. Mark Lanier
Richard D. Meadow
**THE LANIER LAW FIRM PLLC**
126 East 56th Street, 6th Floor
New York, New York 10022
Telephone: (212) 421-2800

**Attorneys for Plaintiffs**

**FILED**

DEC 1 5 2006

~~BRYAN~~ BRYAN D. GARRUTO, J.S.C.

| | |
|---|---|
| MELISSA KAYE BROWN and GLENN ALLEN BROWN. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY |
| Plaintiffs, | DOCKET NO.: MID-L-5446-05-MT |
| vs. | IN RE: ORTHO EVRA BIRTH CONTROL PATCH LITIGATION CASE NO.: 275 |
| JOHNSON & JOHNSON, JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT. LLC. and ORTHO-MCNEIL PHARMACEUTICAL. INC., | Civil Action |
| Defendants. | **ORDER** |

| | |
|---|---|
| JACQULYNE L. ALUMBAUGH and JAMES MICHAEL ALUMBAUGH. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY |
| Plaintiffs, | DOCKET NO.: MID-L-6209-05-MT |
| v. | IN RE: ORTHO EVRA BIRTH CONTROL PATCH LITIGATION CASE NO.: 275 |
| JOHNSON & JOHNSON, JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH & DEVELOPMENT, LLC. and ORTHO-MCNEIL PHARMACEUTICAL, INC. | Civil Action |
| Defendants. | |

| | |
|---|---|
| **LARISSA** GRIFFIN-SPONSLER,<br><br>                     Plaintiff.<br><br>          vs.<br><br>**JOHNSON** & JOHNSON, JOHNSON &<br>JOHNSON PHARMACEUTICAL<br>RESEARCH & DEVELOPMENT, LLC. and<br>ORTHO-MCNEIL PHARMACEUTICAL,<br>INC<br><br>                     Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  MIDDLESEX COUNTY<br><br>DOCKET NO.:  MID-L-6227-05-MT<br><br>IN **RE:** ORTHO EVRA BIRTH **CONTROL**<br>PATCFI LITIGATION<br>CASE NO.:  275<br><br>                Civil Action |
| KIMBERLY JANEL PIERCE,<br><br>                     Plaintiff.<br><br>          v.<br><br>JOHNSON & JOHNSON, JOHNSON &<br>JOHNSON PHARMACEUTICAL<br>RESEARCH & DEVELOPMENT, LLC. and<br>DRTHO-MCNEIL PHARMACEUTICAL,<br>INC.<br><br>                Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION:  MIDDLESEX COUNTY<br><br>DOCKET NO.:  MID-L-007291-05-MT<br><br>IN RE:  ORTHO EVRA BIRTH CONTROL<br>PATCH LITIGATION<br>CASE NO.:  275<br><br>                Civil Action |

This matter **having** been brought before the Court upon the motion of Plaintiffs, by and through their attorneys, for an Order granting the Plaintiffs' motion for **a** protective order pursuant to R̲. 4:10-3 and precluding the defendants from videotaping Plaintiffs' counsel at depositions in **the** absence of **an** express agreement to the contrary, upon due notice to **all** parties; **and** the Court having considered the matter; and for good cause shown,

IT **IS** on this ___15___ day **of** December, 2006,

**ORDERED that** the Plaintiffs' motion be **and** hereby is denied; **and** it is further

**ORDERED** that the Defendants **may,** at their own **expense, have a** second camera **at** videotaped depositions of company witnesses to videotape the questioner; **and** it is **further**

**ORDERED** that the Plaintiffs may, at their **own expense,** arrange for a third camera at videotaped depositions of company witnesses to videotape the lawyer defending the deposition; and it is further

**ORDERED** that the parties shall share in the expense of the synchronization of the videotapes, in any editing of the tapes, on **a** *50-50* basis; and it is further

**ORDERED** that, nothing in this Order shall be construed to mean that the videotapes of the lawyers may be shown at trial.  Counsel's objections *to* showing the videotape of counsel at the time of trial are reserved; and it is further

**ORDERED** that a copy of this **Order** shall be served upon all counsel within 7 days from the **date** hereof.

_____
/  ~   ~   aDaGarruto, J.S.C.

_____**unopposed**

__**X**__  opposed

# EXHIBIT P

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

IN RE DEPUY ASR
HIP LITIGATION

No. 10 L 10506

Judge Deborah Mary Dooling

-------------------------------------------

APPLICABLE TO ALL
COOK COUNTY CASES

### ORDER

This matter coming to be heard on Defendant DePuy Orthopaedics, Inc.'s Motion for Reconsideration of January 17, 2012 Order Regarding Videotaping Examining Attorney During Depositions, all parties and the Court having been fully advised.

IT IS HEREBY ORDERED:

Defendant DePuy Orthopaedics, Inc.'s Motion for Reconsideration of January 17, 2012 Order Regarding Videotaping Examining Attorney During Depositions is *granted.*

| | ENTERED: |
|---|---|
| Dated: _____ | _____<br>Judge Deborah M. Dooling |
| David B. Sudzus<br>Drinker Biddle & Reath LLP<br>191 North Wacker Drive, 37th Floor<br>Chicago, Illinois 60606<br>(312) 569-1000<br>Firm I.D. No. 41748<br>Counsel for Defendant, DePuy Orthopaedics, Inc. | **ENTERED**<br>JUDGE DEBORAH MARY DOOLING-1591<br><br>FEB 01 2012<br><br>DOROTHY BROWN<br>CLERK OF THE CIRCUIT COURT<br>OF COOK COUNTY, IL<br>DEPUTY CLERK |

# EXHIBIT Q

**FILED**

LOS ANGELES SUPERIOR COURT



MAR 0 4 2011

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

JOHN A. CLARKE, CLERK

BY ALDWIN LIM, DEPUTY

COORDINATED PROCEEDING )
SPECIAL TITLE [Rule 1550(b)] )
     )    **JCCP Case No. : JCCP 4608**
YAZ®, YASMIN®, AND OCELLA® )    **[Assigned to Hon. Elihu M. Berle]**
CONTRACEPTIVE CASES )
     )
     )

**Applicable to All Cases**

## CASE MANAGEMENT ORDER
## REGARDING DEPOSITION PROTOCOL

       This order, agreed to after extensive negotiations and with the agreement of counsel, controls depositions of witnesses on issues of general applicability to the litigation (as opposed to case-specific witnesses) who are the corporate defendants' current or former representatives or personnel.  The purpose of this order is to gain the highest degree of efficiencies in the taking of these depositions.  At no time has it been, nor will it be, the intention of the Court or the parties that judges in any of the participating jurisdictions delegate their duties to any other judicial officer.

A.    **General Provisions and Objectives**

       1.    Counsel and all parties (both represented and *pro se*) shall comply with this order, and to the extent consistent with this order, with the applicable Rules of Civil Procedure and the Local Rules of the presiding court.  Unless specifically modified herein, nothing in this order shall be construed to abrogate the Rules of Civil Procedure or the Local Rules.

       2.    Counsel are reminded that the Courts consider depositions to be official court procedures and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before these Courts, as if each was appearing personally before the Courts at the time of the depositions.  Counsel shall not at any time conduct himself or herself in a manner not becoming an officer of the court and not in full compliance with the civil rules of practice and all other orders of the Courts.  Neither counsel nor witnesses shall, at any time, engage in conduct that impedes, delays, or frustrates the examination of the witness.  All counsel and the deponent must be treated with civility and respect.

3.      There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during the deposition recesses.

4.      Disputes relating to depositions shall be resolved jointly by the Courts, wherever possible.  Where possible, Chief Judge Herndon will coordinate communications among the Courts.  More specifically:

*If a dispute arises before or after a deposition:*  Promptly upon filing a motion in the court in which her case is pending, the moving party will email a copy of the motion to Judge Herndon and his staff as follows:  Sandy Pannier, Courtroom Deputy (Sandy_Pannier@ilsd.uscourts.gov); Debra Ward, Chambers Counsel (Debra_Ward@ilsd.uscourts.gov); and Judge Herndon (Judge_Herndon@ilsd.uscourts.gov).  Copies of the request, together with the supporting documents, shall be emailed to the counsel involved in the immediate dispute, and the leadership of defendants and of plaintiffs for each jurisdiction, as noted below.[1]  Judge Herndon will coordinate conferral among the Courts for resolution of the issue, consistent with the law of the various jurisdictions.

*If a dispute arises during a deposition that requires expedited consideration*:  The moving party will send a short email to the state court judge and Chief Judge Herndon, his staff, the parties' leadership groups as set forth above, and counsel attending the deposition describing briefly the nature of the dispute.  The state court judge and Judge Herndon will consult with the judges from the other jurisdictions, provided that each such judge is available and that the inherent need of the dispute for an immediate ruling does not prevent such consultation.  The acting  judicial officer shall issue a ruling resolving the dispute in a timely manner, advising the parties which of the state judicial officers participated in the decision.  If a state judge is unable to participate in a decision requiring expedited consideration and the aggrieved party's case is pending in that state, Judge Herndon may resolve the dispute

---

[1]  Notices to plaintiffs shall be made by e-mail to each of the following: for the MDL, Roger Denton (rdenton@uselaws.com), Michael Burg (MBURG@burgsimpson.com), Michael London (mlondon@douglasandlondon.com), Mark Niemeyer (niemeyer@onderlaw.com); for California state court coordinated actions Steven Skikos (sskikos@skikoscrawford); for New Jersey state court coordinated actions Richard Meadow (RDM@lanierlawfirm.com); and for the Pennsylvania state court consolidated actions Dianne M. Nast (dnast@rodanast.com).  Notices to the Bayer defendants shall be emailed to Adam Hoeflich (adam.hoeflich@bartlit-beck.com); Doug Marvin (dmarvin@wc.com); Susan Weber  (saweber@sidley.com); and John Galvin (jgalvin@foxgalvin.com).  Notice to Barr/Teva should be sent to Joseph Thomas (jthomas@ulmer.com).

but the losing party may within 24 hours file a motion in that state's coordinated proceeding explaining the basis for that party's disagreement with the ruling. A copy of the motion promptly shall be emailed to Judge Herndon, each state court judge and the parties' leadership groups, as set forth above.

B.   **Notices/Scheduling**

1.   Content of Notice. Each deposition notice shall include the name, address and telephone number of an attorney point of contact designated by the party noticing the deposition as well as the date, time and place of the deposition. This order in its entirety shall be attached to any subpoena or deposition notice that pertains to a third-party witness covered by its terms.

2.   Cooperation in Scheduling. Absent extraordinary circumstances, counsel shall consult with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis.

3.   Location. To the extent reasonably possible, depositions of witnesses located in the United States will take place in the deponent's home district or, if counsel for the deponent agrees, in another district convenient to the deponent, counsel and the parties. The location of the deposition shall be as consistent as possible within each city so that videotape equipment, if being used, can be left in place.

Witnesses who are domiciled in Germany, where domestic law prohibits the taking of depositions, will be deposed in Amsterdam, unless all parties agree to another location.

4.   Adequacy of Notice. After counsel, through consultation, have arrived on a date and location for a deposition, the Noticing Party shall serve an amended Notice reflecting the agreed upon date and location. Third-party witnesses subpoenaed to produce documents shall be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition.

5.   Attendance. In order for counsel to make arrangements for adequate deposition space, Plaintiffs' Liaison Counsel for the jurisdiction from which the notice was served and Defendants' Liaison Counsel shall confer regarding the expected attendance at least three business days before the scheduled date.

6.   Remote Participation. In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify Plaintiffs' Liaison Counsel for the jurisdiction from which the

Notice was served as well as Defendants' Liaison Counsel, two days in advance of the start of the deposition.  Any party seeking to participate remotely must agree to be bound by applicable Protective Orders and agree not to re-record the deposition, by video or audio means.

       7.     Means of Recording.

       (a)     Stenographic Recording.  A certified Court reporter shall stenographically record all deposition proceedings and testimony.  The Court reporter shall administer the oath or affirmation to the deponent.  A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of **FED. R. CIV. P. 30(e); CAL. C.C.P. § 2025.520; N.J. COURT RULES R. 4:16-4; PA. R.C.P No. 4017(c)** (rules addressing submission of transcript to the deponent) and **30(f); Cal. C.C.P. § § 2025.510, 2025.540, 2025.550; N.J. COURT RULES R. 4:14-6; PA. R.C.P No. 4017** (rules addressing filing, retention, certification and the like).  The noticing party shall be responsible for the court reporter furnishing computer disks in text-readable form and hard copy in Min-U-Script format to the document depository.

       (b)     Telephonic Depositions.  By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under **FED.R.CIV.P. 30(b)(7); CAL. C.C.P. § 2025.310** or to have otherwise moved for such an order as permitted in Pennsylvania and New Jersey.  Unless an objection is filed and served within ten (10) calendar days after such notice is received, the court shall be deemed to have granted the motion.  Other parties may examine the deponent telephonically or in person.  However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent.

       (c)     Videotaping.  Deposition notices shall state whether the deposition is to be videotaped.  All videotape depositions shall proceed pursuant to the provisions of section K, *infra*.

**C.    Coordination with State Court Actions/Cross-Noticing of Depositions/Corporate Representative Depositions**

       1.     Cross-Notices.  The parties and all courts desire to minimize the expense and inconvenience of this litigation by, *inter alia*, providing for a single deposition of witnesses in all litigations relating to Yaz®, Yasmin® or Ocella®.  Any witness deposition in this litigation subject to this Order may be cross-noticed by any party in any related action pending in any state or federal court, subject to the provisions of paragraph C(5), *infra*.  There should be full participation by all jurisdictions in every deposition.

2.      Coordination of Depositions.  Plaintiffs' counsel from all jurisdictions shall coordinate the scheduling of depositions and the duties for examination of the deponent.  In the interest of efficiency, the fewest number of attorneys possible should be used at each deposition.  Under no circumstance shall more than one plaintiffs' attorney for each jurisdiction question a witness.

3.      There shall be no more than four examining attorneys, who shall confer prior to the deposition concerning allocation of time to question.  Under no circumstances will plaintiffs' failure to allocate time among themselves or to enforce that allocation of time among themselves during a deposition result in an extension of the deposition.  At no time shall any plaintiffs' lawyer ask questions previously asked by another plaintiffs' counsel.

4.      Subsequent Depositions.  If a deposition originally noticed in another state or federal court has been cross-noticed in another state or federal court subject to this order, then a party may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown as determined by the Courts.  Any subsequent deposition shall be restricted to such additional inquiry stipulated to by the parties or as permitted by the Courts.

5.      Objections to Cross-Notices.  If a party cross-notices in one state or federal court subject to this order a deposition scheduled in another federal or state litigation, the party shall provide the notice to the plaintiff and defense leadership identified above.  If a party objects to that cross-notice, that party shall raise that objection for resolution pursuant to the procedures set forth in paragraph A.4.  The burden shall be on the party objecting to the cross-notice to demonstrate that the cross-notice shall not proceed.

6.      Corporate Representative Depositions.  The notice for the deposition of a corporate representative under **FED. R. CIV. P. 30(b)(6); CAL. C.C.P. §§ 2025.010; 2025.230; N.J. Court Rules R. 4:14-2, 4:16-1; PA. R.C.P. NO. 4007.1(e),** shall describe with reasonable specificity the matters for examination and the questioning shall be limited to those specific matters. Plaintiffs agree that if any examiner intends to question the witness about particular tables, charts, results of findings, or such similar details, MDL liaison counsel for plaintiffs shall notify defendants' counsel 10 days before the deposition as to a particular table, chart, finding, result or details that will be the subject of general questioning.  Plaintiffs' examiners may collectively designate only a reasonable number of tables, charts, results, findings, or similar details.

**D.   Length of Depositions**

Unless otherwise ordered by the Courts, or agreed to by the parties and counsel for any deponent, the following provisions shall govern depositions subject to this order:

1.   A deposition day shall be up to nine (9) hours of testimony and shall ordinarily commence at 9:00 a.m. and terminate between 5:30 p.m. and 7:30 p.m., including a one-hour break for lunch.  A deposition shall continue to 7:30 p.m. only when the long deposition day will make it possible to conclude the deposition in a single day.  A fifteen minute break in the morning and the same in the afternoon shall be allowed.  If additional breaks exceed 30 minutes in the aggregate, the length of the deposition day shall be extended by the time equal to the extra breaks.  No breaks shall be taken while a question is pending, except to confer about an issue relating to privilege.

2.   Counsel should be efficient in depositions. Counsel shall confer about the time required to depose a particular witness.  Absent agreement of the parties or order of the Courts,  the presumption is that a deposition shall not exceed two (2) days in length, which will include up to fifteen percent of the time for examination by defendants' counsel and an equal amount of time for redirect examination.  Based on agreement or a showing of good cause, a deposition may exceed two (2) days.

3.   In the event that the deposition involves a translator, the maximum length of the deposition shall be increased as is reasonably necessary by up to 75%.

**E.   Custodial Files**

Provided that plaintiffs notify the defendants at least 60 days in advance of the intended deposition of any present or former company employee, the custodial file of that employee shall be produced 30 days in advance of the scheduled deposition to the address specified by plaintiffs' counsel.  If 100 or fewer pages are produced between 14 and 29 days prior to the scheduled deposition, the deposition shall proceed as scheduled.   Any documents produced less than 14 days prior to the scheduled deposition must be delivered to the primary examiner, if one has been designated by plaintiffs' counsel.  If a primary examiner has not been designated, the documents shall be produced to the same address to which the previous documents were produced.  The parties shall meet and confer regarding the impact, if any, of this production on the scheduled deposition.  If the parties cannot agree, the matter shall be referred to the Courts for resolution pursuant to the procedures described in Part A.4.

**F.  Translation of Documents**

Objections as to the accuracy of translations shall be preserved unless a stipulation is reached by the parties in advance of the deposition.

**G.  Translators**

1.      Where a witness indicates his or her intention to respond to questions in a language other than English, neutral translators will be employed to interpret and translate between the foreign language and English. Three translators shall be employed to allow for rotation of the translators. Each translator will swear under oath or affirm prior to each deposition to provide honest and truthful translations.   A monitor displaying "real time" transcription will be placed in front of the translator to assist in the translation. Defendants and plaintiffs will share the fees and costs of the translators equally.

2.      Counsel for the defendants will notify the plaintiffs at least 10 days in advance of the deposition of any present or former employee whose examination will require the involvement of a translator.  Counsel for third party witnesses will notify counsel for the party who noticed the deposition at least 10 days in advance of the deposition that the examination will require the involvement of a translator.

**H.  Copies of Transcripts and Recordings**

1.      Each side shall bear its own costs in securing copies of the deposition transcript, videotape or DVD.

2.      Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

**I.  Postponements**

Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between the party noticing the deposition and Liaison or Lead Counsel for the opposing party witness (if the witness is a party or a current or former employee) or counsel for the witness (if the witness is not a party or a current or former employee) or by leave of the Courts for good cause.

**J.  Attendance**

1.      Permitted Attendees.  Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the

deponent's attorney, attorneys of record in MDL-2100 or state cases, in-house counsel for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel. Upon application, and for good cause shown, the Courts may permit attendance by a person who does not fall within any of the categories set forth above.

2.     Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court.  Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend.

3.     Examination Regarding Confidential Documents.  While a deponent is being examined about any document that has been designated as confidential pursuant to any court order, attendance at that portion of the deposition by persons to whom disclosure is not authorized by such order shall be prohibited.  Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality when the transcript, videotape or disk is placed in the document depository.

## K.  Image Recorded Depositions

Any depositions may be videotaped at the request of any party pursuant to the following terms and conditions:

1.     Simultaneous Stenographic Recording.  All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph B (7), above.

2.     Cost of the Deposition.  The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording.  Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

3.     Videotape Operator.  The operator(s) of the videotape recording equipment shall be subject to the applicable provisions of **FED. R. CIV. P. 28(c); CAL. C.C.P. § 2025.560; N.J. COURT RULES R. 4:14-9; PA. R.C.P. No. 4017.1.**

4.     At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.  The operator shall produce both video and DVD formats of each deposition.

5.     Standards.  Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid

background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition.  Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

6.      Additional Cameras.  Any party, at its own expense and with notice 24 hours in advance of the deposition to opposing counsel, may arrange for not more than two additional cameras at videotaped depositions, one to film the examining attorney and, if any party so requests, the other to film the opposing attorney.  The opposing attorney shall be filmed only in the event the examining attorney is being filmed, at the expense of the party electing to film the examiner.  If more than one party elects videotaping, the parties shall share the expense of the synchronization of the videotapes, in any editing of the tapes, on a 50/50 basis.  If more than one camera is employed, the party arranging for the additional camera(s) shall pay for the expense of synchronization of the videotapes from the additional camera(s) if the party intends to show videotape from the additional camera(s) at trial.  Nothing in this order shall be construed as a ruling whether the videotapes of the lawyers may be shown at trial. Counsel's objections to showing the videotape of counsel at the time of trial are reserved.

7.      Index.  The videotape operator(s) shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

8.      Filing.  After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

9.      Objections and instructions not to answer at videotape depositions are subject to the provisions of section L, *infra*.  If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.

10.     Technical Data.  Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

**L.   Objections and Directions Not to Answer**

       1.    Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

       (a)    Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants and, unless otherwise specified by any plaintiff, an objection by a single plaintiff shall be deemed an objection by all plaintiffs. However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants and an instruction not to answer by one plaintiff should not be deemed an instruction not to answer by all plaintiffs at risk for sanctions should he/she instruct a witness in bad faith.

       (b)    All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence of a privilege.

       (c)    Counsel shall refrain from engaging in colloquy during depositions.  The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used.  Counsel may ask what specific defect in form is referenced in the objection in order to decide if there is a need to cure the alleged defect.

       2.    Objections as to the relevance of documents are not waived, and are reserved for later ruling in each of the coordinated proceedings or by the trial judge.

**M.  Use and Admissibility of Depositions**

       1.    Under the conditions prescribed in **FED. R. CIV. P. 32(a) (1)- (4) CAL. C.C.P. § 2025.620; N.J. COURT RULES R.4:16-1; PA. R.C.P. No. 4020(a)** or as otherwise permitted by the Federal, California, New Jersey, and Pennsylvania Rules of Evidence, depositions may be used against any party (including parties later added and parties in cases subsequently filed in any state court covered by this order, cases filed in, removed to or transferred to the federal court which is covered by this order; all of which are part of this litigation) who:

       (a)    was present or represented at the deposition; or

       (b)    had reasonable notice thereof; or

       (c)    within thirty (30) days after the deposition is taken or within forty-five (45) days after becoming a party in one of the state

consolidated actions or MDL-2100 fails to show just cause why such deposition should not be used against such party.

2.      This order does not address the admissibility of any deposition at trial.  Determinations on the admissibility of a deposition shall be made in each coordinated proceeding or at trial.

3.      This order does not address whether a separate trial preservation deposition may be required for admission of a witness's testimony.  Nor does it address the timing of any such trial preservation deposition.  Such determinations shall be made in each coordinated proceeding.

**N.  Correcting and Signing Depositions**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within forty-five (45) days after the end of the deposition, unless the court allows a supplemental deposition pursuant to section C (3).  If no corrections are made during this time, the transcript will be presumed accurate.

O.      **Effectiveness**

Identical deposition protocol orders are being entered in the MDL, California, New Jersey, and Pennsylvania courts and will be effective on the date docketed.

So Ordered

March 4, 2011

Hon. Elihu M. Berle
Judge of the Superior Court

# EXHIBIT R

# IN THE COURT OF COMMON PLEAS
## OF PHILADELPHIA COUNTY, PENNSYLVANIA

## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL (MASS TORTS)

IN RE:

YAZ®, YASMIN®, OCELLA®  PRODUCT
LIABILITY LITIGATION

SEPTEMBER TERM, 2009
NO.  1307

**DOCKETED
COMPLEX LIT CENTER**

MAR 1 2011

**J. STEWART**

### CASE MANAGEMENT ORDER NO. 16
### REGARDING DEPOSITION PROTOCOL

This order, agreed to after extensive negotiations and with the agreement of counsel, controls depositions of witnesses on issues of general applicability to the litigation (as opposed to case-specific witnesses) who are the corporate defendants' current or former representatives or personnel.  The purpose of this order is to gain the highest degree of efficiencies in the taking of these depositions.  At no time has it been, nor will it be, the intention of the Court or the parties that judges in any of the participating jurisdictions delegate their duties to any other judicial officer.

### A. General Provisions and Objectives

1.     Counsel and all parties (both represented and *pro se*) shall comply with this order, and to the extent consistent with this order, with the applicable Rules of Civil Procedure and the Local Rules of the presiding court.  Unless specifically modified herein, nothing in this order shall be construed to abrogate the Rules of Civil Procedure or the Local Rules.

2.     Counsel are reminded that the Courts consider depositions to be official court procedures and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before these Courts, as if each was appearing personally before the Courts at the time of the depositions.  Counsel shall not at any time conduct himself or herself in a manner not becoming an officer of the court and not in full compliance with the civil rules of practice and all other orders of the Courts.  Neither counsel nor witnesses shall, at any time, engage in conduct that impedes, delays, or frustrates the examination of the witness.  All counsel and the deponent must be treated with civility and respect.

In Re  Yaz/Yasmin/Ocella Litigation-●RDER



09090130700193

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  D. WILLIAMS  03/02/2011

3.      There shall be no smoking or use of other tobacco products in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during the deposition recesses.

Disputes relating to depositions shall be resolved jointly by the Courts, wherever possible.  Where possible, Chief Judge Herndon will coordinate communications among the Courts.  More specifically:

*If a dispute arises before or after a deposition:*  Promptly upon filing a motion in the court in which her case is pending, the moving party will email a copy of the motion to Judge Herndon and his staff as follows:  Sandy Pannier, Courtroom Deputy (Sandy_Pannier@ilsd.uscourts.gov); Debra Ward, Chambers Counsel (Debra_Ward@ilsd.uscourts.gov); and Judge Herndon (Judge_Herndon@ilsd.uscourts.gov).  Copies of the request, together with the supporting documents, shall be emailed to the counsel involved in the immediate dispute, and the leadership of defendants and of plaintiffs for each jurisdiction, as noted below.[1]  Judge Herndon will coordinate conferral among the Courts for resolution of the issue, consistent with the law of the various jurisdictions.

*If a dispute arises during a deposition that requires expedited consideration:*  The moving party will send a short email to the state court judge and Chief Judge Herndon, his staff, the parties' leadership groups as set forth above, and counsel attending the deposition describing briefly the nature of the dispute.  The state court judge and Judge Herndon will consult with the judges from the other jurisdictions, provided that each such judge is available and that the inherent need of the dispute for an immediate ruling does not prevent such consultation.  The acting judicial officer shall issue a ruling resolving the dispute in a timely manner, advising the parties which of the state judicial officers participated in the decision.  If a state judge is unable to participate in a decision requiring expedited consideration and the aggrieved party's case is pending in that state, Judge Herndon may resolve the dispute

---

[1] Notices to plaintiffs shall be made by e-mail to each of the following: for the MDL, Roger Denton (rdenton@uselaws.com), Michael Burg (MBURG@burgsimpson.com),  Michael London (mlondon@douglasandlondon.com), Mark Niemeyer (niemeyer@onderlaw.com); for California state court coordinated actions Steven Skikos (sskikos@skikoscrawford); for New Jersey state court coordinated actions Richard Meadow (RDM@lanierlawfirm.com); and for the Pennsylvania state court consolidated actions Dianne M. Nast (dnast@rodanast.com).  Notices to the Bayer defendants shall be emailed to Adam Hoeflich (adam.hoeflich@bartlit-beck.com); Doug Marvin (dmarvin@wc.com); Susan Weber  (saweber@sidley.com); and John Galvin (jgalvin@foxgalvin.com).  Notice to Barr/Teva should be sent to Joseph Thomas (jthomas@ulmer.com).

but the losing party may within 24 hours file a motion in that state's coordinated proceeding explaining the basis for that party's disagreement with the ruling.  A copy of the motion promptly shall be emailed to Judge Herndon, each state court judge and the parties' leadership groups, as set forth above.

B.   **Notices/Scheduling**

1.    Content of Notice.  Each deposition notice shall include the name, address and telephone number of an attorney point of contact designated by the party noticing the deposition as well as the date, time and place of the deposition.  This order in its entirety shall be attached to any subpoena or deposition notice that pertains to a third-party witness covered by its terms.

2.    Cooperation in Scheduling.  Absent extraordinary circumstances, counsel shall consult with opposing counsel and counsel for proposed deponents in an effort to schedule depositions at mutually convenient times and locations.  Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis.

3.    Location.  To the extent reasonably possible, depositions of witnesses located in the United States will take place in the deponent's home district or, if counsel for the deponent agrees, in another district convenient to the deponent, counsel and the parties.  The location of the deposition shall be as consistent as possible within each city so that videotape equipment, if being used, can be left in place.

Witnesses who are domiciled in Germany, where domestic law prohibits the taking of depositions, will be deposed in Amsterdam, unless all parties agree to another location.

4.    Adequacy of Notice.  After counsel, through consultation, have arrived on a date and location for a deposition, the Noticing Party shall serve an amended Notice reflecting the agreed upon date and location.  Third-party witnesses subpoenaed to produce documents shall be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition.

5.    Attendance.  In order for counsel to make arrangements for adequate deposition space, Plaintiffs' Liaison Counsel for the jurisdiction from which the notice was served and Defendants' Liaison Counsel shall confer regarding the expected attendance at least three business days before the scheduled date.

6.    Remote Participation.  In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify Plaintiffs' Liaison Counsel for the jurisdiction from which the

Notice was served as well as Defendants' Liaison Counsel, two days in advance of the start of the deposition. Any party seeking to participate remotely must agree to be bound by applicable Protective Orders and agree not to re-record the deposition, by video or audio means.

       7.     Means of Recording.

       (a)    Stenographic Recording. A certified Court reporter shall stenographically record all deposition proceedings and testimony. The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of **FED. R. CIV. P. 30(e); CAL. C.C.P. § 2025.520; N.J. COURT RULES R. 4:16-4; PA. R.C.P NO. 4017(c)** (rules addressing submission of transcript to the deponent) and **30(f); Cal. C.C.P. § § 2025.510, 2025.540, 2025.550; N.J. COURT RULES R. 4:14-6; PA. R.C.P No. 4017** (rules addressing filing, retention, certification and the like). The noticing party shall be responsible for the court reporter furnishing computer disks in text-readable form and hard copy in Min-U-Script format to the document depository.

       (b)    Telephonic Depositions. By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under **FED.R.CIV.P. 30(b)(7); CAL. C.C.P. § 2025.310** or to have otherwise moved for such an order as permitted in Pennsylvania and New Jersey. Unless an objection is filed and served within ten (10) calendar days after such notice is received, the court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not by word, sign, or otherwise coach or suggest answers to the deponent.

       (c)    Videotaping. Deposition notices shall state whether the deposition is to be videotaped. All videotape depositions shall proceed pursuant to the provisions of section K, *infra*.

**C.   Coordination with State Court Actions/Cross-Noticing of Depositions/Corporate Representative Depositions**

       1.     Cross-Notices. The parties and all courts desire to minimize the expense and inconvenience of this litigation by, *inter alia*, providing for a single deposition of witnesses in all litigations relating to Yaz®, Yasmin® or Ocella®. Any witness deposition in this litigation subject to this Order may be cross-noticed by any party in any related action pending in any state or federal court, subject to the provisions of paragraph C(5), *infra*. There should be full participation by all jurisdictions in every deposition.

2.     Coordination of Depositions.  Plaintiffs' counsel from all jurisdictions shall coordinate the scheduling of depositions and the duties for examination of the deponent.  In the interest of efficiency, the fewest number of attorneys possible should be used at each deposition.  Under no circumstance shall more than one plaintiffs' attorney for each jurisdiction question a witness.

3.     There shall be no more than four examining attorneys, who shall confer prior to the deposition concerning allocation of time to question. Under no circumstances will plaintiffs' failure to allocate time among themselves or to enforce that allocation of time among themselves during a deposition result in an extension of the deposition.  At no time shall any plaintiffs' lawyer ask questions previously asked by another plaintiffs' counsel.

4.     Subsequent Depositions.  If a deposition originally noticed in another state or federal court has been cross-noticed in another state or federal court subject to this order, then a party may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown as determined by the Courts.  Any subsequent deposition shall be restricted to such additional inquiry stipulated to by the parties or as permitted by the Courts.

5.     Objections to Cross-Notices.  If a party cross-notices in one state or federal court subject to this order a deposition scheduled in another federal or state litigation, the party shall provide the notice to the plaintiff and defense leadership identified above.  If a party objects to that cross-notice, that party shall raise that objection for resolution pursuant to the procedures set forth in paragraph A.4.  The burden shall be on the party objecting to the cross-notice to demonstrate that the cross-notice shall not proceed.

6.     Corporate Representative Depositions.  The notice for the deposition of a corporate representative under **FED. R. CIV. P. 30(b)(6); CAL. C.C.P. §§ 2025.010; 2025.230; N.J. Court Rules R. 4:14-2, 4:16-1; PA. R.C.P. NO. 4007.1(e),** shall describe with reasonable specificity the matters for examination and the questioning shall be limited to those specific matters. Plaintiffs agree that if any examiner intends to question the witness about particular tables, charts, results of findings, or such similar details, MDL liaison counsel for plaintiffs shall notify defendants' counsel 10 days before the deposition as to a particular table, chart, finding, result or details that will be the subject of general questioning.  Plaintiffs' examiners may collectively designate only a reasonable number of tables, charts, results, findings, or similar details.

5

**D.  Length of Depositions**

Unless otherwise ordered by the Courts, or agreed to by the parties and counsel for any deponent, the following provisions shall govern depositions subject to this order:

1.      A deposition day shall be up to nine (9) hours of testimony and shall ordinarily commence at 9:00 a.m. and terminate between 5:30 p.m. and 7:30 p.m., including a one-hour break for lunch.  A deposition shall continue to 7:30 p.m. only when the long deposition day will make it possible to conclude the deposition in a single day.  A fifteen minute break in the morning and the same in the afternoon shall be allowed.  If additional breaks exceed 30 minutes in the aggregate, the length of the deposition day shall be extended by the time equal to the extra breaks.  No breaks shall be taken while a question is pending, except to confer about an issue relating to privilege.

2.      Counsel should be efficient in depositions. Counsel shall confer about the time required to depose a particular witness.  Absent agreement of the parties or order of the Courts,  the presumption is that a deposition shall not exceed two (2) days in length, which will include up to fifteen percent of the time for examination by defendants' counsel and an equal amount of time for redirect examination.  Based on agreement or a showing of good cause, a deposition may exceed two (2) days.

3.      In the event that the deposition involves a translator, the maximum length of the deposition shall be increased as is reasonably necessary by up to 75%.

**E.  Custodial Files**

Provided that plaintiffs notify the defendants at least 60 days in advance of the intended deposition of any present or former company employee, the custodial file of that employee shall be produced 30 days in advance of the scheduled deposition to the address specified by plaintiffs' counsel.  If 100 or fewer pages are produced between 14 and 29 days prior to the scheduled deposition, the deposition shall proceed as scheduled.   Any documents produced less than 14 days prior to the scheduled deposition must be delivered to the primary examiner, if one has been designated by plaintiffs' counsel.  If a primary examiner has not been designated, the documents shall be produced to the same address to which the previous documents were produced.  The parties shall meet and confer regarding the impact, if any, of this production on the scheduled deposition.  If the parties cannot agree, the matter shall be referred to the Courts for resolution pursuant to the procedures described in Part A.4.

6

**F.  Translation of Documents**

Objections as to the accuracy of translations shall be preserved unless a stipulation is reached by the parties in advance of the deposition.

**G.  Translators**

1.      Where a witness indicates his or her intention to respond to questions in a language other than English, neutral translators will be employed to interpret and translate between the foreign language and English. Three translators shall be employed to allow for rotation of the translators. Each translator will swear under oath or affirm prior to each deposition to provide honest and truthful translations.   A monitor displaying "real time" transcription will be placed in front of the translator to assist in the translation. Defendants and plaintiffs will share the fees and costs of the translators equally.

2.      Counsel for the defendants will notify the plaintiffs at least 10 days in advance of the deposition of any present or former employee whose examination will require the involvement of a translator.  Counsel for third party witnesses will notify counsel for the party who noticed the deposition at least 10 days in advance of the deposition that the examination will require the involvement of a translator.

**H.  Copies of Transcripts and Recordings**

1.      Each side shall bear its own costs in securing copies of the deposition transcript, videotape or DVD.

2.      Any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the Liaison Counsel for the party noticing the deposition or the court reporter.

**I.  Postponements**

Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between the party noticing the deposition and Liaison or Lead Counsel for the opposing party witness (if the witness is a party or a current or former employee) or counsel for the witness (if the witness is not a party or a current or former employee) or by leave of the Courts for good cause.

**J.  Attendance**

1.      Permitted Attendees.  Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the

deponent's attorney, attorneys of record in MDL-2100 or state cases, in-house counsel for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel. Upon application, and for good cause shown, the Courts may permit attendance by a person who does not fall within any of the categories set forth above.

   2. Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court.  Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend.

   3. Examination Regarding Confidential Documents.  While a deponent is being examined about any document that has been designated as confidential pursuant to any court order, attendance at that portion of the deposition by persons to whom disclosure is not authorized by such order shall be prohibited.  Any portion of the deposition transcript containing confidential information shall be sealed so as not to waive confidentiality when the transcript, videotape or disk is placed in the document depository.

## K.  Image Recorded Depositions

   Any depositions may be videotaped at the request of any party pursuant to the following terms and conditions:

   1. Simultaneous Stenographic Recording.  All videotaped depositions shall be simultaneously stenographically recorded in accordance with paragraph B (7), above.

   2. Cost of the Deposition.  The party requesting videotaping of the deposition shall bear the expense of both the videotaping and the stenographic recording.  Requests for the taxation of these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

   3. Videotape Operator.  The operator(s) of the videotape recording equipment shall be subject to the applicable provisions of **FED. R. CIV. P. 28(c); CAL. C.C.P. § 2025.560; N.J. COURT RULES R. 4:14-9; PA. R.C.P. No. 4017.1.**

   4. At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.  The operator shall produce both video and DVD formats of each deposition.

   5. Standards.  Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.  To the extent practicable, the deposition will be conducted in a neutral setting, against a solid

background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

6. Additional Cameras. Any party, at its own expense and with notice 24 hours in advance of the deposition to opposing counsel, may arrange for not more than two additional cameras at videotaped depositions, one to film the examining attorney and, if any party so requests, the other to film the opposing attorney. The opposing attorney shall be filmed only in the event the examining attorney is being filmed, at the expense of the party electing to film the examiner. If more than one party elects videotaping, the parties shall share the expense of the synchronization of the videotapes, in any editing of the tapes, on a 50/50 basis. If more than one camera is employed, the party arranging for the additional camera(s) shall pay for the expense of synchronization of the videotapes from the additional camera(s) if the party intends to show videotape from the additional camera(s) at trial. Nothing in this order shall be construed as a ruling whether the videotapes of the lawyers may be shown at trial. Counsel's objections to showing the videotape of counsel at the time of trial are reserved.

7. Index. The videotape operator(s) shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

8. Filing. After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

9. Objections and instructions not to answer at videotape depositions are subject to the provisions of section L, *infra*. If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.

10. Technical Data. Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

**L.   Objections and Directions Not to Answer**

1.      Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

(a)      Unless otherwise specified by any defendant, an objection by a single defendant shall be deemed an objection by all defendants and, unless otherwise specified by any plaintiff, an objection by a single plaintiff shall be deemed an objection by all plaintiffs. However, unless otherwise specified, an instruction not to answer by one defendant should not be deemed an instruction not to answer by all defendants and an instruction not to answer by one plaintiff should not be deemed an instruction not to answer by all plaintiffs at risk for sanctions should he/she instruct a witness in bad faith.

(b)      All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence of a privilege.

(c)      Counsel shall refrain from engaging in colloquy during depositions.  The phrase "objection as to form" or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used.  Counsel may ask what specific defect in form is referenced in the objection in order to decide if there is a need to cure the alleged defect.

2.      Objections as to the relevance of documents are not waived, and are reserved for later ruling in each of the coordinated proceedings or by the trial judge.

**M.   Use and Admissibility of Depositions**

1.      Under the conditions prescribed in **FED. R. CIV. P. 32(a) (1)-(4) CAL. C.C.P. § 2025.620; N.J. COURT RULES R.4:16-1; PA. R.C.P. No. 4020(a)** or as otherwise permitted by the Federal, California, New Jersey, and Pennsylvania Rules of Evidence, depositions may be used against any party (including parties later added and parties in cases subsequently filed in any state court covered by this order, cases filed in, removed to or transferred to the federal court which is covered by this order; all of which are part of this litigation) who:

(a)      was present or represented at the deposition; or

(b)      had reasonable notice thereof; or

(c)      within thirty (30) days after the deposition is taken or within forty-five (45) days after becoming a party in one of the state

consolidated actions or MDL-2100 fails to show just cause why such deposition should not be used against such party.

2.    This order does not address the admissibility of any deposition at trial.  Determinations on the admissibility of a deposition shall be made in each coordinated proceeding or at trial.

3.    This order does not address whether a separate trial preservation deposition may be required for admission of a witness's testimony.  Nor does it address the timing of any such trial preservation deposition.  Such determinations shall be made in each coordinated proceeding.

**N.  Correcting and Signing Depositions**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature within forty-five (45) days after the end of the deposition, unless the court allows a supplemental deposition pursuant to section C (3).  If no corrections are made during this time, the transcript will be presumed accurate.  Parties in jurisdictions where the rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

**O.      Effectiveness**

Identical deposition protocol orders are being entered in the MDL, California, New Jersey, and Pennsylvania courts and will be effective on the date docketed.

So Ordered

The Honorable Sandra Mazer Moss

# EXHIBIT S

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE PRADAXA | ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) | ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY | ) | Judge David R. Herndon |
| LITIGATION | ) | |

**This Document Relates to:**

**All CASES**

<u>**CASE MANAGEMENT ORDER NUMBER 59**</u>
<u>**Regarding Defendants' Motion for Protective Order (Doc. 399)**</u>
<u>**Deposition Conduct**</u>

**HERNDON, Chief Judge:**

This matter is before the Court on the defendants' motion for a protective order (Doc. 399). The defendants contend the plaintiffs' attorneys have acted in an inappropriate and unprofessional manner towards witnesses and opposing counsel during depositions. The defendants move for a protective order prohibiting the plaintiffs from engaging in inappropriate behavior in depositions, including accusing witnesses of lying, harassing witnesses about irrelevant misconduct, and insulting witnesses, defense counsel, or the defendants. The defendants also ask the court to clarify whether Special Master Judge Stack has the authority to ensure that counsel behave appropriately in depositions and that he be encouraged to do so. The defendants further request the Court make clear that the defendants may halt depositions in situations where the plaintiffs' counsel engage in abusive or improper behavior until such time as either Judge Stack or

the Court is able to rule on the propriety of the conduct in question. Finally, the defendants ask for an amendment to Case Management Order Number 8 ("CMO 8")[1] allowing the defendants to arrange for an additional video camera to film the examining attorney. The plaintiffs have filed an opposition to the defendants' motion (Doc. 406). At the Court's request, Special Master Judge Stack has provided a Report and Recommendation regarding the defendants' motion (Doc. 409). Both parties have filed responses to the Special Master's Report and Recommendation (Doc. 415 and Doc. 421).

After reviewing the parties' filings and Special Master Judge Stack's Report and Recommendation, the Court finds that a protective order is not warranted at this time. The record reveals that the atmosphere between the parties is tense and that, at times, animosity runs high. However, there is no evidence in the record that any witness has been intimidated or prejudiced in any way. This is not to say the Court condones certain lines of questioning singled out in the defendants' briefing. The Court agrees that many of the comments outlined in the defendants' briefing were inappropriate and certainly would never be allowed in trial. Such comments will have to be excised from the record at the appropriate time. Excising these inappropriate comments from the record will impose a great burden on the Court and on the parties. The Court expects the parties to abide by the applicable standards of civility and decency. In doing so, the parties should avoid inappropriate comments that will have to be edited from the record when it

---

[1] The Court presumes (as did the plaintiffs), that this request includes a request to amend CMO 13 (deposition protocol order applicable to BII).

is time for trial. Further, the Court reminds the parties that both CMO 8 and CMO 13 direct counsel to "refrain from engaging in colloquy during depositions" (Doc. 44 § N.1.c.; Doc. 51 § N.1.c.).

That being said, the Court is not inclined to adopt the requested protective order or to amend current case management orders. The Court has procedures already in place, including the presence of Special Master Stack at depositions, for addressing objectionable conduct. When objectionable conduct occurs, the appropriate course of action is for counsel to make a contemporaneous objection (consistent with the parameters of Federal Rule of Civil Procedure 30(c)(2)), and they should feel free to address the matter with Special Master Judge Stack. Special Master Stack has the authority to make a preliminary suggested ruling regarding any such objection – including making a preliminary ruling as to the appropriateness of counsel's conduct or of a particular line of questioning. Once the objection is noted on the record and Special Master Judge Stack has issued his preliminary ruling, the examination proceeds. *See* Federal Rule of Civil Procedure 30(c)(2). In other words, the Court is *not* granting the defendants' request that they be permitted to unilaterally terminate depositions. If the defendants feel that terminating a deposition is warranted, they may seek leave to do so in accord with Federal Rule of Civil Procedure 30(d)(3)(A) and the applicable provisions of this Court's case management orders. Further, as provided for in CMO 41, "[i]f judicial review of the Special Master's suggested preliminary rulings is required, the parties shall bring their disputes to the Court

Case 2:12-md-02389-SWR-SCW Document 428 Filed 02/24/14 Page 4 of 12 Page ID #: 10490

and the State Court Judges pursuant to the procedures set forth in Case Management Order Nos. 8 and 13" (CMO 41, Doc. 239 § III.2.A). Finally, the Court sees no reason for requiring additional cameras at the depositions.

To provide some guidance, the Court would not permit the jury to hear about pretrial rulings, without a specific sanction designed specifically for that, but it would not include asking a witness their "feelings" about such rulings. Political issues such as "world domination" have no place in an examination about a product liability issue in a pharmaceutical case and will be redacted from depositions. A question that presumes why an employee would voluntarily leave a company would have that portion of the question redacted. However, while the Court believes that such discourse is not called for, just as evasiveness by witnesses is not called for, the Court does not believe such an examination is intimidating nor prejudicial in the deposition context even if it amounts to an inappropriate question.

In summary, with respect to the defendants' motion for a protective order, the Court finds and orders as follows:

1. The request for a protective order is DENIED.

2. The request for the right to unilaterally halt depositions if opposing counsel engages in alleged abusive and/or improper behavior is DENIED. If the defendants feel that terminating a deposition is warranted, they may seek leave to do so in accord with Federal Rule

of Civil Procedure 30(d)(3)(A) and the applicable provisions of this Court's case management orders.

3. The request for additional cameras is DENIED.

4. Special Master Judge Stack has the authority to issue preliminary suggested rulings on objections, including objections relating to the appropriateness of counsel's conduct or questioning. Once the objection is noted on the record and Special Master Stack has issued his preliminary ruling, the examination proceeds. If, however, judicial review of Special Master Judge Stack's suggested preliminary ruling is required, the parties shall bring their disputes to the Court and the State Court Judges pursuant to the procedures set forth in Case Management Order Nos. 8 and 13.

5. While the Court is not opposed to aggressive advocacy, the Court reminds the parties of its expectation that they abide by applicable principles of civility and decency and of its expectation that the parties refrain from engaging in colloquy during depositions.

**SO ORDERED:**

Digitally signed by
David R. Herndon
Date: 2014.02.24
16:19:57 -06'00'

**Chief Judge**                                            **Date:  February 24, 2014**
**United States District Court**