UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

| THIS DOCUMENT RELATES TO: | MDL NO. 2592 |
|---|---|
| *Elsie Smith v. Janssen Research & Development LLC f/k/a Johnson & Johnson Pharmaceutical Research and Development, LLC, et al* No. 2:15-cv-00525 <br><br> **No. 2:15-cv-00525** | SECTION: L <br><br> JUDGE: ELDON E. FALLON <br><br> MAG. JUDGE: MICHAEL NORTH |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**

**MAY IT PLEASE THE COURT:**

The Plaintiff in the above-referenced Complaint hereby submits this Memorandum in support of her Motion for an Order from this Honorable Court granting her thirty (30) days within which to serve process on the Defendants, Bayer Pharma AG, through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

**I. BACKGROUND**

On January 30, 2015, this matter was filed in the United Stated District Court for the District of Connecticut and assigned Case No. 3:15-cv-00129. On February 26, 2015, this case was subsequently transferred to the In Re: Xarelto (Rivoroxaban) Product Liability Litigation MDL No. 2592 pursuant to a Conditional Transfer Order and was assigned a new Case No. 2:15-cv-00525-EEJ-MD. Since the filing of the initial complaint, and within the parameters set forth by this Court, the Plaintiff timely filed and served her Plaintiff Fact Sheet ("PFS") on the Defendants

1

through Brown Greer's MDL Centrality, pursuant to applicable PTO 13. During this initial time period, which Defendant Bayer Pharma AG was being made fully aware of the facts and circumstances surrounding the claim being asserted by the Plaintiff, the undersigned counsel failed to issue formal service of process of the initial complaint on Defendant Bayer Pharma AG within the required 60 day period pursuant to PTO 10.

On August 7, 2015, more than 60 days after filing of the Complaint and/or transfer of the Complaint into the MDL, Plaintiff herein served process on Bayer Pharma AG (via registered international mail) (**Return receipt attached hereto as Ex. A**) via the streamlined process provided by PTO 10.

On September 16, 2015, the Plaintiff filed a Motion to Amend the Complaint on consent from Defendants, which was subsequently granted by this Court. On September 24, 2015, the Amended Complaint was filed into the record. On October 28, 2015, the Plaintiff served the Amended Complaint on all parties and in full accordance with PTO 10, including service via registered international mail on Defendant Bayer Pharma AG (**Return receipt attached hereto as Ex. B**).

On January 11, 2016, all Janssen entities, including Johnson and Johnson, served a Defendant Fact Sheet ("DFS") on the Plaintiff through MDL Centrality.

On January 13th, 2016, the undersigned contacted Bayer Pharma AG's counsel to obtain consent to file a motion to apply Bayer Pharma AG's omnibus answer in the instant case.

On January 14, 2016, the Bayer entities served a DFS on the Plaintiff through MDL Centrality.

On January 15th, 2016, Bayer Pharma AG's counsel informed Plaintiff's counsel that it

would not consent to the motion to apply the omnibus answer and that it would, in fact, be rejecting service on Bayer Pharma AG because the initial complaint was served outside the 60-day window, despite the fact that the amended, operative complaint was served within PTO 10's required 60-day period. **(Letter from Bayer Pharma AG's counsel attached hereto as Ex. C).**

## II.     LAW AND ANALYSIS

Fed.R.Civ.P 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after a complaint is filed (or in this case, within 60 days of the entry of PTO 10), Rule 4 instructs the Court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time.   If the Plaintiff shows good cause, the Court must extend the time for service for an appropriate period. Fed.R.Civ.P 4(m).

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id*.  Importantly, even if good cause is lacking, the court has discretionary power to extend time for service. *Id*.  In addition,  such relief may be warranted, "for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) Advisory Committee's Note (1993).

Here, the Plaintiff has every intention of pursuing her claims and has demonstrated such to the Defendants, including Bayer Pharma AG.  It was purely through oversight that service of the

3

original complaint was not **perfected** within 60 days of filing (to invoke the streamlined process of PTO 10) or within 120 days (to invoke the outer parameters). On August 7, 2015, the original complaint was served on Bayer Pharma AG pursuant to PTO 10's streamlined process, but outside of the required 60-day period. However, on October 28, 2015, service of the amended complaint was completed within 60 days of its filing and in compliance with PTO 10. In response to an inquiry concerning whether Bayer Pharma AG would consent to a motion to apply the omnibus answer to the instant case, the undersigned was informed on January 17, 2016 by counsel that service of both the initial and the amended complaint was being rejected by Bayer Pharma AG for non-compliance with the streamlined service method set forth in PTO 10.

The Plaintiff was not acting in bad faith here; rather, she was acting in good faith when she served her original and amended complaint, as she believed that service of the amended, operative complaint on Bayer Pharma AG within 60-days of its filing was sufficient to meet PTO 10's requirements. Plaintiff was also acting in good faith when she asked Defendants to consent to the filing of her first amended complaint.

Further, Defendant Bayer Pharma AG is fully aware of the Plaintiff's claims having been served with hundreds, if not thousands, of identical complaints and individual PFS's. Because this MDL involves thousands of similarly situated Plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by the instant Plaintiff, no actual prejudice has or will occur to Defendant Bayer Pharma AG by the Court granting the relief sought herein. In addition, because discovery is ongoing in this particular case and Defendants have received this Plaintiff's Fact Sheet and HIPAA authorizations enabling them to order medical records, and because all Defendants, including Bayer, are actively

4

participating in discovery in this case, having recently served the DFS, significant work has already taken place on behalf of the Plaintiff and the interests of judicial efficiency support an extension of time to serve Bayer Pharma AG.

Plaintiff lastly points out that this permissive extension is appropriate under the circumstances to avoid any subsequent issues regarding the statute of limitations. Fed.R.Civ.P. 4(m) Advisory Committee's Note (1993).

## CONCLUSION

In light of the foregoing, the Plaintiff respectfully requests an Order from this Court declaring her prior service on Bayer Pharma AG to be effective, or alternatively, granting her thirty (30) days from the date the Order is entered within which to provide streamlined service of process on the Defendant Bayer Pharma AG. Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein. Lastly, significant work has already taken place on behalf of the Plaintiff, such that a dismissal of the complaint at this stage would be counterproductive to the interests of judicial efficiency.

Dated: January 18, 2016                                     Respectfully Submitted,

/s/ Kelly A. Fitzpatrick
Kelly A. Fitzpatrick, Esquire (CT29764)
VENTURA RIBEIRO & SMITH
235 Main Street
Danbury, CT 06810
Ph: (203) 791-9040
Fax: (203) 791-9264
kfitzpatrick@vrslaw.com
Attorney for the Plaintiff Elsie M. Smith

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

This is the 18th day of January 2016

/s/ Kelly A. Fitzpatrick

# EXHIBIT

# A

| | | | | | | |
|---|---|---|---|---|---|---|
| Item Description (Nature de l'envoi) | Registered ☐ Article (Envoi recommandé) | ☐ Letter (Lettre) | Printed ☐ Matter (Imprimé) | ☐ Other (Autre) | Express ☐ Mail International | |
| Insured Parcel ☐ (Colis avec valeur déclarée) | | Insured Value (Valeur déclarée) | Article Number RE836 212 043 US | | | |
| | | | Date of Posting (Date de dépôt) | | | |

Completed by the office of origin. (A remplir par le bureau d'origine.)

Office of Mailing (Bureau de dépôt): Bayer Pharma AG

Addressee Name or Firm (Nom ou raison sociale du destinataire): Eva Gardyan-Eisenlohr, General Counsel

Street and No. (Rue et No.): Muellerstrasse 178

Place and Country (Localité et pays): 13353 Berlin GERMANY

This receipt must be signed by: (1) the addressee; or, (2) a person authorized to sign under the regulations of the country of destination; or, (3) if those regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender by the first mail.
(Cet avis doit être signé par le destinataire ou par une personne y autorisée en vertu des règlements du pays de destination, ou, si ces règlements le comportent, par l'agent du bureau de destination, et renvoyé par le premier courrier directement à l'expéditeur).

The article mentioned above was duly delivered.
☐ (L'envoi mentionné ci-dessus a été dûment livré.)

Signature of Addressee (Signature du destinataire): [signature]

Date: 20.08.15

Office of Destination Employee Signature (Signature de l'agent du bureau du destination)

Postmark of the office of destination (Timbre du bureau de destination)

Completed at destination. (A compléter à destination.)

PS Form 2865, March 2007 (Reverse) PSN 7530-01-000-9775

# EXHIBIT

# B

| Item Description (Nature de l'envoi) | Registered Article (Envoi recommandé) ☒ | ☐ Letter (Lettre) | ☐ Printed Matter (Imprimé) | ☐ Other (Autre) | Express ☐ Mail International |
|---|---|---|---|---|---|
| Insured Parcel ☐ (Colis avec valeur déclarée) | Insured Value (Valeur déclarée) | | Article Number RE 836 213 239 US | | |
| Office of Mailing (Bureau de dépôt) | | | Date of Posting (Date de dépôt) | | |

Addressee Name or Firm (Nom ou raison sociale du destinataire)
Bayer Pharma AG Attn Eva Gardyan-Eisenlohr

Street and No. (Rue et No.)
Müllerstrasse 178

Place and Country (Localité et pays)
13353 Berlin Germany

This receipt must be signed by: (1) the addressee; or, (2) a person authorized to sign under the regulations of the country of destination; or, (3) if those regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender by the first mail.

(Cet avis doit être signé par le destinataire ou par une personne y autorisée en vertu des règlements du pays de destination, ou, si ces règlements le comportent, par l'agent du bureau de destination, et renvoyé par le premier courrier directement à expéditeur).

Postmark of the office of destination (Timbre du bureau de destination)

☐ The article mentioned above was duly delivered.
(L'envoi mentionné ci-dessus a été dûment livré.)

Date 05.11.15

Signature of Addressee (Signature du destinataire)

Office of Destination Employee Signature (Signature de l'agent du bureau du destination)

PS Form 2865, March 2007 (Reverse) PSN 7530-01-000-9775

# EXHIBIT

# C



**BRADLEY ARANT
BOULT CUMMINGS**
LLP

Lindy D. Brown
*Attorney*
Direct: (601) 592-9905
Fax: (601) 592-1405
lbrown@babc.com

January 15, 2016

**Via Electronic Mail (kfitzpatrick@vrslaw.com)**

Kelly Fitzpatrick
Ventura Ribeiro & Smith
235 Main Street
Danbury, CT 06810

   Re: Elsie M. Smith by her Attorney in Fact, Elsa S. Smith v. Janssen Research & Development LLC, et al., Civil Action No. 2:15-cv-00525 (E.D. La.)

Dear Ms. Fitzpatrick:

  This firm, with others, represents Bayer Pharma AG in *In re Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592 (E.D. La., 2:14-md-02592-EEF-MBN)(the "MDL"). Bayer Pharma AG received the Complaint and Summons and the Amended Complaint and Summons in the above-captioned action by Registered Mail, Return Receipt Requested.

  Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592 permits streamlined service of process on Bayer Pharma AG by Registered Mail, Return Receipt Requested, and on Bayer HealthCare Pharmaceuticals Inc. ("BHCP") by Certified Mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."

  Because Plaintiff attempted service on Bayer Pharma AG by Registered Mail, Return Receipt Requested through the streamlined service process more than 60 days after the Complaint was docketed in the MDL, service is improper, and we are returning the documents to you.

             Sincerely,

             Lindy D Brown

             Lindy D. Brown

LDB/cfo