# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH<br><br><u>**JURY TRIAL DEMANDED**</u> |

**THIS DOCUMENT RELATES TO:**

    **DAVID YOUNG**

**INDIVIDUAL CIVIL ACTION NO: 2:15-cv-05912**

## DECLARATION OF COUNSEL IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW

I, Martin P. Schrama, Esquire, do certify and state:

    1.    I am an attorney-at-law of the State of New Jersey and a shareholder of the law firm of Stark & Stark, P.C. (the "Firm"), attorneys for Plaintiff David Young ("Plaintiff") in the above-captioned matter.

    2.    I make this Declaration in support of the Firm's motion for an Order granting the Firm leave to withdraw as counsel and relieving the Firm as counsel for Plaintiff.

    3.    The Firm is currently counsel of record and I am the designated trial counsel for Plaintiff in the above-captioned matter before this Court.

    4.    In March 2015, Plaintiff signed an Agreement To Provide Legal Services ("Agreement") with the Firm with regard to potential claims that he may have against the manufacturers and/or distributors of Xarelto.

5.     Under Section 9 of the Agreement, entitled The Client's Duties, Plaintiff agreed to keep my Firm "advised of [his] current address and phone number and the name, address and phone number of a friend or relative whom we may contact if we [could not] reach [him]." Plaintiff also agreed to "make [himself] and any documents, persons or things under [his] control available…for conferences, inspections, discussions and legal proceedings as may be necessary from time to time." Pursuant to Section 9 of the Agreement, Plaintiff confirmed that he understood that failure to keep these promises was a basis to terminate the Agreement.

6.     In an effort to request the appropriate medical records, Plaintiff was provided a medical provider chart to fill out and return to our Firm. Despite repeated requests, Plaintiff failed to return the form.

7.     Limited medical records were ordered on behalf of Plaintiff based on initial intake information that he had provided to our co-counsel.

8.     Our Firm spoke with Plaintiff on October 14, 2015, to try to gather additional information on the appropriate medical providers to request. However, Plaintiff did not provide us with any additional information before the call was disconnected. Subsequently, he failed to return our call.

9.     Since October 14, 2015, my Firm has attempted to reach Plaintiff multiple times through email, regular mail and by phone. Specifically, our Firm attempted to call Plaintiff on October 16, 20 and 26, 2015. We sent correspondences via regular mail on October 22 and 23; November 2 and December 4, 2015. An additional email was sent on December 29, 2015. Plaintiff has refused to return a single one of our calls, correspondences or email.

10. A Complaint on Plaintiff's behalf was filed in the Eastern District of Louisiana, MDL #2592, in November 2015 due to a possible approaching statute of limitation, the time of which was based solely on information relayed from Plaintiff.

11. Plaintiff has also refused to assist our Firm in completing his Plaintiff Fact Sheet, which was due on December 29, 2015. A copy was sent to him on November 2, 2015, but he has failed to respond. Consequently, our Firm has been unable to serve same.

12. The continued noncooperation of Plaintiff has made it impossible for the Firm, at this time, to continue as his counsel in this matter.

13. The December 4, 2015, correspondence and the December 29, 2015, email advised Plaintiff that if Plaintiff did not contact us, we would be forced to file a motion to withdraw as counsel. Our Firm gave Plaintiff a deadline of January 4, 2016, to contact us. To date, we have received no response.

14. To my knowledge, there are currently no motions pending and no scheduled trial dates with respect to Plaintiff's case.

15. It appears that withdrawal can be made without material adverse effect on Plaintiff, the interests of the other parties, or the administration of justice.

16. In the event that Plaintiff retains alternate legal counsel in this matter, the Firm will seek to assess and perfect a lien on the Plaintiff's file for costs and reasonable attorney's fees for the services rendered to date.

17. This motion has been served on Plaintiff this day by certified and regular mail.

Pursuant to 28 USC §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Dated:  January 19, 2016                             */s/ Martin P. Schrama*

                 Martin P. Schrama, Esq. (NJ #039581997)
                 mschrama@stark-stark.com
                 Stark & Stark
                 993 Lenox Drive
                 Lawrenceville, NJ 08648
                 Tel: 609.896.9060
                 Fax: 609.896.0629
               *Attorneys for Plaintiff*