UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592<br><br>SECTION: L<br>JUDGE: ELDON E. FALLON<br>MAG. JUDGE MICHAEL NORTH |

**THIS DOCUMENT RELATES TO:**

*Patricia Sutphin, on behalf of Ronald Goodermuth v. Janssen Research & Development, LLC, et al., 15-05387*

### REPLY TO OPPOSITION TO MOTION FOR EXTENSION OF TIME TO SATISFY PLAINTIFF FACT SHEET DEFICIENCIES

COMES NOW the Plaintiff, Patricia Sutphin on behalf of Ronald Goodermuth, by and through undersigned counsel, and respectfully submits the instant Reply to Defendants' Opposition to the Motion for Extension of Time to Satisfy Plaintiff Fact Sheet Deficiencies. (Rec. Doc. No. 1890).

Plaintiff respectfully submits that extraordinary circumstances are present in this request and furthermore would not be prejudicial to the defendants. Mr. Goodermuth did pass away on June 13, 2014 in Apple Valley, California. At the time of his death, Mr. Goodermuth was completely disabled and had been disabled for quite some time as a result of Multiple Sclerosis. He was initially diagnosed with this illness in 1965.

At the time of his death he had no assets that would have justified the economic expense of opening probate. Although he lived in California for many years, he did not own a home of his

own and lived in the home of his caretaker, Ms. Shelly Lopez, and her family. Upon his death there simply was no reason that probate needed to be opened in California while the family lived in Pennsylvania.

His caretaker not only took care of his personal needs, she also handled all medical appointments and correspondence. Ms. Lopez was the designated HIPPA authorized representative to handle and obtain all medical information for Mr. Goodermuth and had done so for quite some time. It is with that authorization plaintiff's counsel was able to gather medical records, including the prescription records. It was not until the hospital refused to provide their records that the plaintiff understood the need for opening probate.

A probate attorney in Apple Valley is working through the process of having the plaintiff's authority established that would satisfy the hospital's request. As that attorney is familiar with records request from this particular hospital and she is within walking distance to the hospital, she has graciously offered to personally gather the medical records and provide them to our office immediately upon her receipt thereby eliminating additional time. These records will be uploaded into the portal immediately upon our receipt.

## **Conclusion**

Plaintiff's request for the extension to cure the deficiencies was not filed to delay this proceeding or to prejudice any defendant. It was filed so that all necessary records could be provided. Plaintiff respectfully requests that the Extension of Time to Satisfy Plaintiff Fact Sheet Deficiencies be granted.

Dated: January 14, 2016.

/s/ *Anthony D. Irpino*

_____
ANTHONY D. IRPINO (#24727)
LOUISE C. HIGGINS (#31780)
PEARL A. ROBERTSON (#34060)
Irpino Law Firm
2216 Magazine St.
New Orleans, Louisiana 70130
Telephone: (504) 525-1500
Facsimile: (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
probertson@irpinolaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel.

*/s/ Anthony D. Irpino*
ANTHONY D. IRPINO