UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| IONA AUSTIN O/B/O GEORGE AUSTIN, DECEASED **Plaintiff** | ) ) ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. **Defendants** | ) ) ) ) ) | Civil Action No: 2:15-cv-03233-EEF-MBN |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| STERLING BROWN **Plaintiff** | ) ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. **Defendants** | ) ) ) ) ) | Civil Action No: 2:15-cv-03402-EEF-MBN |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| CARROLL ELLIS-GREEN O/B/O SARAH GREEN, DECEASED **Plaintiff** | ) ) ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. **Defendants** | ) ) ) ) ) | Civil Action No: 2:15-cv-03404-EEF-MBN |

1

2620875-1

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**  )<br>)<br>)<br>**CURTIS NOTTINGHAM**  )<br>**Plaintiff**  )<br>)<br>**v.**  )<br>)<br>**JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.**  )<br>**Defendants**  )<br>_____ ) | **MDL NO. 2592**<br><br>**SECTION: L**<br><br>**JUDGE: ELDON E. FALLON**<br><br>**MAGISTRATE JUDGE: MICHAEL NORTH**<br><br>**Civil Action No: 2:15-cv-03405-EEF-MBN** |
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**  )<br>)<br>)<br>**DOROTHY STEPHENS**  )<br>**Plaintiff**  )<br>)<br>**v.**  )<br>)<br>**JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.**  )<br>**Defendants**  )<br>_____ ) | **MDL NO. 2592**<br><br>**SECTION: L**<br><br>**JUDGE: ELDON E. FALLON**<br><br>**MAGISTRATE JUDGE: MICHAEL NORTH**<br><br>**Civil Action No: 2:15-cv-03407-EEF-MBN** |
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**  )<br>)<br>)<br>**RALPH STERN O/B/O MARY STERN, DECEASED**  )<br>**Plaintiff**  )<br>)<br>**v.**  )<br>)<br>**JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.**  )<br>**Defendants**  )<br>_____ ) | **MDL NO. 2592**<br><br>**SECTION: L**<br><br>**JUDGE: ELDON E. FALLON**<br><br>**MAGISTRATE JUDGE: MICHAEL NORTH**<br><br>**Civil Action No: 2:15-cv-03411-EEF-MBN** |

2620875-1

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| EMMA THOMPSON O/B/O MATTIE THOMAS, DECEASED<br>Plaintiff | JUDGE: ELDON E. FALLON |
| | MAGISTRATE JUDGE: MICHAEL NORTH |
| v. | |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | Civil Action No: 2:15-cv-03412-EEF-MBN |

### RESPONSE TO MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

Defendant Bayer Pharma AG, by and through counsel, appearing specially, and reserving all defenses including without limitation insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submits the instant response to Plaintiffs' motion for extension of time within which to serve process. In response, Bayer Pharma AG states as follows:

The joint complaint in *Iona Austin* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on August 4, 2015. The following actions were severed from the joint complaint in *Iona Austin*: *Sterling Brown*, *Carroll Ellis-Green O/B/O Sarah Green, Deceased*, *Curtis Nottingham*, *Dorothy Stephens*, *Ralph Stern O/B/O Mary Stern, Deceased*, and *Emma Thompson O/B/O Mattie Thomas, Deceased*.

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on BHCP and Bayer Pharma AG. PTO 10 permits service of process in BHCP by certified mail, return receipt requested, upon the following representative of BHCP:

3

>SOP Department
>Corporation Service Company
>Suite 400
>2711 Centerville Road
>Wilmington, DE 19808

PTO 10 permits service of process on Bayer Pharma AG by registered mail, return receipt requested, upon the following representative of Bayer Pharma AG:

>Bayer Pharma AG
>Attn: Eva Gardyan-Eisenlohr
>General Counsel
>Muellerstrasse 178
>13353 Berlin
>GERMANY

On September 18, 2015, Bayer Pharma AG received a copy of the Complaint and a Summons, in *Austin Iona,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany.[1] This attempted service was improper as the Complaint and Summons were not received by registered mail, and therefore service was rejected by letter dated September 18, 2015.[2] On January 6, 2016, Bayer Pharma AG received a copy of the Complaint and a Summons in *Austin Iona*, by registered mail through its representative, Eva Gardyan-Eisenlohr, in Germany. The service papers are post-marked December 15, 2015.[3]

PTO 10 only permits streamlined service of process on Bayer Pharma AG by registered mail, return receipt requested, and on BHCP by certified mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to

---

[1] Bayer Pharma AG also received summonses in *Sterling Brown*, *Carroll Ellis-Green O/B/O Sarah Green, Deceased*, *Curtis Nottingham*, *Dorothy Stephens*, *Ralph Stern O/B/O Mary Stern, Deceased*, and *Emma Thompson O/B/O Mattie Thomas, Deceased.*

[2] In a letter dated July 6, 2015, in reference to other matters, Plaintiff's counsel was notified that although Bayer Pharma AG was willing to accept service by certified mail in the cases referenced in the July 6, 2015, letter, going forward, Bayer Pharma AG would require that service be made by registered mail in accordance with PTO 10.

[3] Bayer Pharma AG also received summonses in *Sterling Brown*, *Carroll Ellis-Green O/B/O Sarah Green, Deceased*, *Curtis Nottingham*, *Dorothy Stephens*, *Ralph Stern O/B/O Mary Stern, Deceased*, and *Emma Thompson O/B/O Mattie Thomas, Deceased.*

serve the Complaint with a Summons.  For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order.  Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."   Outside of the streamlined service process, Federal Rule of Civil Procedure 4(m) sets out the time period by which service must be made after the Complaint is filed.

Plaintiffs failed to serve process on Bayer Pharma AG within 60 days from the docketing of the Complaint in the MDL as required for streamlined service under PTO 10.  Plaintiffs acknowledge that they failed to properly effectuate service within the time period permitted for streamlined service.

Bayer Pharma AG is a company organized under the laws of Germany.  Normally, service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h).  Under Federal Rules of Civil Procedure 4(h)(2), service upon a corporation is effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof."  Subdivision (f) provides that an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

Service of process by an American plaintiff on a German defendant in Germany is normally governed by international and German law.  The streamlined process for service on Bayer Pharma AG in PTO 10 is a departure from the requirements for service under international and German law and was a concession by Bayer Pharma AG.  If a plaintiff is to receive the

benefit from this departure from normal service procedures, the plaintiff should, at the very least, be required to meet the conditions in PTO 10, including service within 60 days.

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)." Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to service process "if the plaintiff shows good cause for the failure" to timely serve process. Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified.'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiffs have failed to show good cause for their failure timely to serve process. The only explanation offered by Plaintiffs for their failure timely to serve process is "inadverten[ce]" by Plaintiffs' counsel. Such inadvertence by counsel does not entitle Plaintiffs to an extension. *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process). The Court should deny Plaintiffs' motion for extension of time to serve process and require Plaintiffs to serve Bayer Pharma AG in accordance with international and German law.

Bayer Pharma AG is entitled to some certainty as to whether it will be required to defend itself in a particular case pending in the MDL. Time limits on service provide some level of certainty. Otherwise, Bayer Pharma AG is subject to being brought into any case in the MDL at

any time for any reason. With numerous cases pending in the MDL, this level of uncertainty places an undue burden on Bayer Pharma AG to continue to monitor all cases pending in the MDL.

Furthermore, PTO 11 provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served." However, once Bayer Pharma AG is served in a particular case, Bayer Pharma AG's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed). Service triggers the operation of Bayer Pharma AG's omnibus answer in a particular case without any action on the part of Bayer Pharma AG. By delaying service, a plaintiff can delay the operation of Bayer Pharma AG's omnibus answer in a particular case. Pre-Trial Order No. 11C provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint. When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.
>
> If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her complaint. Rather, the plaintiff can amend her complaint at any time for any reason.

WHEREFORE, Bayer Pharma AG respectfully requests that the Court deny Plaintiffs' request until January 6, 2016, to serve process on Bayer Pharma AG under the streamlined service process and require Plaintiffs to serve Bayer Pharma AG in accordance with international and German law.

7

2620875-1

January 22, 2016

          Respectfully submitted,

          By: /s/ *Steven Glickstein*
          Steven Glickstein
          William Hoffman
          KAYE SCHOLER LLP
          250 West 55th Street
          New York, New York 10019-9710
          Telephone: (212) 836-8485
          Facsimile: (212) 836-6485
          sglickstein@kayescholer.com

          By: /s/ *John F. Olinde*
          John F. Olinde (LA Bar #1515)
          CHAFFE McCALL L.L.P.
          1100 Poydras Street
          Suite 2300
          New Orleans, LA 70163
          Telephone: (504) 585-7241
          Facsimile: (504) 544-6084
          olinde@chaffe.com
          *Attorneys for Bayer Pharma AG*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 22, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

          /s/      John F. Olinde

8

2620875-1