MINUTE ENTRY
FALLON, J.
JANUARY 22, 2016

UNITED STATES DISTRICT

COURT EASTERN DISTRICT OF

LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL |
| 2592 PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO | * | |
| ALL CASES | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

A status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  At the conference, Co-Plaintiffs' Liaison Counsel ("PLC"), Lenny Davis, and Defendants' Liaison Counsel ("DLC"), James Irwin, reported to the Court on the topics set forth in the Proposed Agenda.  (Rec. Doc. 1952-1).  This status conference was transcribed by Ms. Toni Tusa, Official Court Reporter.  Counsel may contact Ms. Tusa at (504) 589-7778 to request a copy of the transcript.  A summary of the status conference follows.

1. **PRE-TRIAL ORDERS**

    The Court has issued the following Pre-Trial Orders:

    **Pre-Trial Order No. 1 [Rec. Doc. 2]** entered December 17, 2014 – Setting initial conference;

    **Pre-Trial Order No. 2 [Rec. Doc. 38]** entered January 16, 2015 – Appointing Plaintiffs' Liaison Counsel;

    **Pre-Trial Order No. 3 [Rec. Doc. 39]** entered January 16, 2015 – Appointing Defendants' Liaison Counsel;

JS10(00:49)

**Pre-Trial Order No. 4 [Rec. Doc. 61]** entered January 26, 2015 – Requiring Counsel to provide contact information to Liaison Counsel, and amending PTO No. 1 regarding docketing procedure;

**Pre-Trial Order No. 4A [Rec. Doc. 62]** entered January 26, 2015 – Approving and attaching Counsel Contact Information Form;

**Pre-Trial Order No. 5 [Rec. Doc. 63]** entered January 26, 2015 – Clarifying duties of transferor court under MDL Rule 1.6;

**Pre-Trial Order No. 5A [Rec. Doc. 149]** entered February 3, 2015 – Amending PTO No. 5 to allow transferor court to retain original file;

**Pre-Trial Order No. 6 [Rec. Doc. 150]** entered February 3, 2015 – Appointing Defendants' Co-Lead Counsel;

**Pre-Trial Order No. 7 [Rec. Doc. 169]** entered February 9, 2015 – Appointing Plaintiffs' Steering Committee (PSC); Appointing Plaintiffs' Co-Lead Counsel; Ordering that PLC and Plaintiffs' Co-Lead Counsel shall comprise PSC Executive Committee; Appointing Chair of the State Liaison Committee, to be *ex-officio* member of PSC; and Listing responsibilities of PSC;

**Pre-Trial Order No. 7A [Rec. Doc. 830]** entered April 29, 2015 – Appointing Michael Weinkowitz, Daniel Gallucci, and Gibson Vance to serve on the State Liaison Committee;

**Pre-Trial Order No. 8 [Rec. Doc. 183]** entered February 13, 2015 – Establishing standards and procedures for counsel seeking reimbursement for common benefit fees and costs;

**Pre-Trial Order No. 9 [Rec. Doc. 356]** entered March 24, 2015 – Providing for the Direct Filing of Complaints in the MDL;

**Pre-Trial Order No. 10 [Rec. Doc. 357]** entered March 24, 2015 – Providing for the Streamlined Service on Certain Bayer Defendants;

**Pre-Trial Order No. 11 [Rec. Doc. 893]** entered May 4, 2015 – Providing for Bundling of Complaints, Answers and Responsive Pleadings, with attached Attorney Instructions for Filing Individual Severed Xarelto Cases [Rec. Doc. 893- 1];

**Pre-Trial Order No. 11A [Rec. Doc. 923]** entered May 20, 2015 – Providing exemplar Joint Complaint and exemplar Short Form Complaint;

**Pre-Trial Order No. 11B [Rec. Doc. 1117]** entered July 14, 2015 – Governing a Joined Plaintiff's responsibility for a filing fee and modifies second sentence

of paragraph 1(a) of Pre-Trial Order No. 11;

**Pre-Trial Order No. 11C [Rec. Doc. 1118]** entered July 14, 2015 – Clarification for some issues that have arisen since the Court issued Pre-Trial Order No. 11;

**Pre-Trial Order No. 12 [Rec. Doc. 894]** entered May 4, 2015 – Stipulated Protective Order;

**Pre-Trial Order No. 13 [Rec. Doc. 895]** entered May 4, 2015 – Governing the Form and Schedule for Service of Plaintiff Fact Sheets and Executed Authorizations for Release of Records;

**Pre-Trial Order No. 14 [Rec. Doc. 896]** entered May 4, 2015 – Governing the Form and Schedule for Service of Defendant Fact Sheets;

**Pre-Trial Order No. 13A & 14A [Rec. Doc. 1040]** entered June 23, 2015 – Regarding Plaintiff Fact Sheets and Authorizations and Defendant Fact Sheets;

**Pre-Trial Order No. 14A [Rec. Doc. 1221]** entered August 17, 2015 – Regarding Defendants Fact Sheets with attached Consent Letter from IMS Health Inc. for release of information and data.

**Pre-Trial Order No. 14B [Rec. Doc. 1847]** entered January 6, 2016 – Regarding Defendants Fact Sheets with attached Consent Letter from IMS Health Inc. for release of information and data.

**Pre-Trial Order No. 15 [Rec. Doc. 897]** entered May 4, 2015 – Consent Order Regarding the Preservation of Documents and Electronically Stored Information;

**Pre-Trial Order No. 15A [Rec. Doc. 1301]** entered September 17, 2015 – Consent Order Regarding Preservation of Voicemail, Text Messages and Instant Messages; **[vacated by Pre-Trial Order No. 15B, *infra*]**

**Pre-Trial Order No. 15B [Rec. Doc. 1477]** entered October 21, 2015 – Consent Order Regarding Preservation of Voicemail, Text Messages, and Instant Messages;

**Pre-Trial Order No. 16 [Rec. Doc. 898]** entered May 4, 2015 – Filing Requests for Summons and Summons Returns;

**Pre-Trial Order No. 17 [Rec. Doc. 924]** entered May 20, 2015 – Electronic Service/MDL Centrality for Plaintiffs Only;

**Pre-Trial Order No. 18 [Rec. Doc. 925]** entered May 20, 2015 – Science Day.

**Pre-Trial Order No. 19 [Rec. Doc. 951]** entered June 4, 2015 – Protocol

for Treatment of Privileged and Work Product Materials;

**Pre-Trial Order No. 20 [Rec. Doc. 1007]** entered June 15, 2015 – Regarding the Format for Production of Hardcopy Documents and Electronically Stored Information;

**Pre-Trial Order No. 21 [Rec. Doc. 1302]** entered September 17, 2015 – Consent Order Regarding Document Production Protocol.

**Pre-Trial Order No. 22 [Rec. Doc. 1745]** entered December 11, 2015 – Mailing Lists for Dear Doctor Letters.

2. **CASE MANAGEMENT ORDER NOS. 2, 3, & 4:**

On September 17, 2015, the Court entered Case Management Order No. 2 [Rec. Doc. 1305], on consent of the parties, which addressed the course of the proceedings in this litigation through the first four bellwether trials. The parties were unable to resolve their differences concerning the method of selecting discovery pool plaintiffs and bellwether trial plaintiffs, and after submitting their dispute to the Court, on November 30, 2015, the Court issued Amended Case Management Order No. 3, which addresses the process for selection into the bellwether discovery pool and the bellwether plaintiff cases. [Rec. Doc. 1680-1]. On December 17, 2015, the Court issued Case Management Order No. 4 [Rec. Doc. 1785], which sets forth the criteria for and selection of the bellwether discovery pool selection process and eligibility criteria.

3. **BELLWETHER SELECTIONS**

The Parties exchanged bellwether selections on January 11, 2016 and random selections from the BrownGreer MDL Centrality arrays were made on January 15, 2016. Challenges as permitted under CMO 3 to any random selections are to be made by January 20, 2016.

4. **COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form attached to PTO No. 4A, and forward it to the appropriate Liaison Counsel. This information

4

must be kept current by counsel providing the information, and will be relied upon throughout the litigation.

5. **PLAINTIFF FACT SHEETS**

On May 4, 2015, the Court issued Pre-Trial Order No. 14 [Rec. Doc. 895], which governs the form and schedule for service of Plaintiff Fact Sheets ("PFSs"), as well as executed Authorizations for the release of records to be completed by plaintiffs in all individual cases. Pre-Trial Order No. 13A and 14A [Rec. Doc. 1040] provides the procedure for the online submission and service of Fact Sheets and Authorization forms through the BrownGreer MDL Centrality System.

On January 4, 2016, Defendants provided to plaintiffs' counsel a listing of plaintiffs who have either: (1) failed to submit PFSs in accordance with the deadlines set by the Court; or (2) failed to provide records demonstrating proof of use of Xarelto® as required for their PFSs to be substantially complete. *See* PTO 14 ¶1. The PSC is in the process of communicating with all counsel identified on the list to encourage compliance with PTO 14 on a timely basis. Meet and confer discussions regarding this matter continue to take place and Defendants have indicated that if adequate responses are not received from the individual plaintiffs identified on the list, Defendants intend on filing Orders to Show Cause to address the alleged deficiencies.

The medical records of plaintiffs obtained by Defendants are to be made "available to Plaintiffs' Liaison Counsel …at cost to Plaintiff." PTO 13, ¶4. Meet and confer discussions are continuing as to the process by which this should occur, using the same vendor which had been retained by Defendants to procure and copy medical records.

The parties continue to meet and confer to further discuss the issue that arose with regard

5

to the deadline for the submission of Defendant Fact Sheets, in cases where plaintiffs amend or supplement their original Plaintiff Fact Sheet.

## 6. DEFENDANT FACT SHEETS

On May 4, 2015, the Court issued Pre-Trial Order No. 14 [Rec. Doc. 896], which governs the form and schedule for service of Defendant Fact Sheets to be completed by defendant in all individual cases. Pre-Trial Orders No. 13A, 14A, and 14B [Rec. Docs. 1040, 1221, & 1847] provide the procedure for the online submission and service of Fact Sheets and Authorization forms through the BrownGreer MDL Centrality System, as well as for the release of information and data from IMS Health, Inc.

## 7. BUNDLING OF COMPLAINTS/ANSWERS/RESPONSIVE PLEADINGS

On May 4, 2015, the Court issued Pre-Trial Order No. 11 [Rec. Doc. 893], which addresses Bundling of Complaints, Answers, and Responsive Pleadings and on May 20, 2015, the Court issued Pre-Trial Order 11A [Rec. Doc. 923], which provided an exemplar Joint Complaint and an exemplar Short Form Complaint. On June 18, 2015, in accordance with PTO 11 [Rec. Doc. 893], Omnibus Answers with Jury Demands were filed by the following defendants: Bayer Healthcare Pharmaceuticals, Inc.; Bayer Pharma AG; and Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho, LLC (collectively, "the Janssen Defendants"), and Johnson & Johnson.

Under paragraph 2(c) of PTO 11 [Rec. Doc. 893], the voluntary dismissal of cases in which Omnibus Answers are operative can occur only by stipulation of the parties or a Court order following a properly-noticed motion. Due to this requirement, the Court issued an Order on July 22, 2015 [Rec. Doc. 1143] vacating prior Orders of voluntary dismissal without prejudice which had been granted *ex parte*, and further ordered that the motions to

voluntarily dismiss these cases be scheduled for submission on August 6, 2015, with any opposition briefs filed on or before July 29, 2015. On August 17, 2015, the Court entered an order [Rec. Doc. 1237] setting out the standard for without prejudice dismissals.

On December 17, 2015, counsel for the Bayer Defendants provided information regarding a corporate restructuring, effective July 1, 2015 including the change in the ownership of Bayer Healthcare, LLC and certain other Bayer U.S. domestic entities and further advised that not withstanding those changes, Bayer AG remains the ultimate parent of the named Bayer entities in this litigation. The PSC has updated the template for the Joint Complaint and requested that the updated template be posted on the Court's website.

## 8. PRESERVATION ORDER

On May 4, 2015, the Court issued Pre-Trial Order No. 15 [Rec. Doc. 897], a Consent Order Regarding the Preservation of Documents and Electronically Stored Information. Pre-Trial Order No. 15 modifies paragraph 13 of Pre-Trial Order No. 1 relating to preservation of evidence. Further, the Court issued Pre-Trial Order No. 15B on October 21, 2015 [Rec. Doc. 1477] regarding the obligation of all parties to preserve voicemail, instant messages sent or received on an instant messaging system, or text messages sent or received on a cellular phone, smartphone, tablet or other mobile device. Pre-Trial Order 15B vacated previously entered Pre- Trial Order 15A. [Rec. Doc. 1301].

## 9. PROPOSED ORDER GOVERNING THE PARTIES' INTERACTIONS WITH MDL PLAINTIFFS' PRESCRIBING AND TREATING PHYSICIANS

On January 6, 2016, Defendants filed a Motion for Entry of Proposed Order Regarding Contact with Physicians. [Rec. Doc. 1844]. Defendants simultaneously filed an *Ex parte* Motion to Set Hearing Date of January 22, 2016 on Defendants' Motion for Entry of Proposed

Order Regarding Contact With Physicians, which included a briefing schedule. [Rec. Doc. 1845]. On January 7, 2016, the Court granted the motion. [Rec. Doc. 1854]; however, that same date, Plaintiffs filed an Opposition to *Ex parte* Motion to Set Hearing Date of January 22, 2016 on Motion for Proposed Order Governing the Parties' Interactions With MDL Plaintiffs' Prescribing and Treating Physicians. [Rec. Doc. 1859]. Thereafter, the parties met and conferred and agreed to propose a new briefing and oral argument schedule to the Court as follows: Plaintiffs' Response due February 1, 2016; Defendants' Reply due February 10, 2016; and Oral Argument to immediately follow the status conference set for February 23, 2016.

**10.   DISCOVERY**

On July 15, 2015, the Court issued an Order [Rec. Doc. 1119] setting telephone status conferences with Lead and Liaison Counsel of the parties on a bi-weekly basis. The purpose of these conferences is to report to the Court on discovery matters after the parties have met and conferred on these matters and have provided notice to the Court and to one another of the issues which remain to be addressed with the Court. The Court issued Pre-Trial Order No. 21 on September 17, 2015 [Rec. Doc. 1302].

The parties have met and conferred regarding issues pertaining to Defendants' privilege logs. An ongoing bi-weekly meet and confer process has been established to address any issues. On December 15, 2015, the PSC, in accordance with Pre-Trial Order No. 19, provided to Defendants, Janssen and Bayer, letters outlining challenges regarding the privilege logs provided by Defendants. The most recent meet and confer took place on January 12, 2016.

The 30(b)(6) deposition relating to corporate structure of the Janssen/J&J Defendants took place on December 11, 2015 in Princeton, New Jersey. The 30(b)(6) deposition relating

to corporate structure of the Bayer Defendants took place on December 15, 2015 in Pittsburgh, Pennsylvania.

On December 15, 2015, the PSC provided Notices of Depositions to Defendants for ten individuals to be taken in early 2016. On January 8, 2016, the PSC issued subpoenas noticing the depositions of four Janssen employees and the parties met and conferred and agreed that the depositions will take place in the New Jersey offices of Drinker Biddle & Reath. Accordingly, the subpoenas were withdrawn and revised notices of depositions were issued on January 20, 2016. Defendants have further agreed that subpoenas for Defendant employee witnesses are not necessary and that Defendant employee witnesses will be produced voluntarily upon issuance of notices of depositions by the PSC.

On December 4, 2015, Plaintiffs issued a Third Request for the Production of Documents to Defendants. Defendants responded on January 4, 2016 and on January 11, 2016, Plaintiffs filed a Motion to Compel. [Rec. Doc. 1873]. The Court issued an Order setting oral argument on the Motion to Compel for February 3, 2016 at 3:30 p.m. via telephone conference. [Rec. Doc. 1919].

The parties continue to participate in the Court's bi-weekly discovery telephone status conferences and the next conference is set for January 26, 2016. [Rec. Doc. 1842].

**11.** **DEPOSITION GUIDELINES**

The Plaintiffs' Steering Committee and Defendants negotiated and prepared a proposed Pre-Trial Order governing the conduct of depositions in this Multidistrict Litigation. While many of the terms were agreed upon, there are a few provisions as to which agreement was not reached. A Consent Motion to Set Briefing Deadline and Oral Argument in Deposition Protocol [Rec. Doc. 1902] was therefore filed with the Court and the Court issued an Order

for Plaintiffs and Defendants to file briefing regarding proposed deposition protocol matters no later than January 15, 2016 and setting argument on the matter on January 22, 2016 immediately following the status conference [Rec. Doc. 1914]. On January 15, 2016, the PSC filed its Memorandum in Support of the Entry of the Plaintiffs' Steering Committee's Version of a Pre-Trial Order Regarding Deposition Guidelines [Rec. Doc. 1920] and the Defendants filed their Memorandum in Opposition to Plaintiffs' Proposed Deposition Protocol Concerning Personnel Files and Other Issues [Rec. Doc. 1922]. Defendants also filed a Motion for Two Cameras at Depositions [Rec. Doc. 1923] and on January 20, 2016, the PSC filed its Response in Opposition to Defendants Motion for Two Cameras at Depositions [Rec. Doc. 1939].

**12.    DISCOVERY ISSUED TO THIRD PARTIES**

On April 22, 2015, the Plaintiffs' Steering Committee ("PSC") issued a subpoena duces tecum to the United States Food and Drug Administration ("FDA"). The parties have met and conferred with representatives of the FDA and the FDA has begun producing documents responsive to the subpoena. On September 2, 2015, the parties had a follow up discussion with representatives of the agency during which counsel for plaintiffs explained that plaintiffs do not desire to receive duplicative FDA materials that have already been produced by Janssen and/or Bayer. On September 4, 2015, the FDA produced indices of its IND and NDA files of the FDA. The PSC intends on receiving additional materials from the FDA.

On June 4, 2015, the Plaintiffs' Steering Committee ("PSC") issued a Subpoena to Testify at Deposition to Duke Clinical Research Institute ("DCRI"). Representatives of the PSC and Defense Counsel met with representatives of DCRI on September 24, 2015. DCRI produced documents on November 10, 2015. However, the PSC believes further documents are to be produced under the subpoena.

On December 16, 2015, the PSC issued a Subpoena to Testify at Deposition to Bernard "Bud" W. Chalecki, as well as filed a Notice of Subpoena [Rec. Doc. 1767].

13. **STATE/FEDERAL COORDINATION**

In accordance with Pre-Trial Orders No. 7 and 7A, as well as Case Management Order No. 1, PLC and DLC have had, and will continue to have, communications regarding the State Liaison Committee, as well as the status of coordination of MDL and state court actions.

14. **MATTERS SET FOR HEARING FOLLOWING STATUS CONFERENCE**

The Court heard oral argument on the parties' competing proposed Deposition Guidelines immediately following the monthly Xarelto status conference scheduled for January 22, 2016

15. **NEXT STATUS CONFERENCE**

The Court has announced that the next status conference will be on February 23, 2016, at 9:00 a.m.



11