UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * MDL NO. 2592 |
| | * SECTION L |
| | * |
| | * JUDGE ELDON E. FALLON |
| | * |
| | * MAG. JUDGE NORTH |
| ************************************************ | * |

THIS DOCUMENT RELATES TO:
*All Cases*

## ORDER & REASONS

Before the Court is Defendants' Motion for Two Cameras at Depositions. R. Doc. 1923. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

### I. BACKGROUND

On January 4, 2016, counsel for the Plaintiffs Steering Committee ("PSC") and Defendants advised the Court that they could not agree on an appropriate deposition protocol. The Court issued an Order dated January 14, 2016 requiring the parties to file briefing regarding their deposition protocol issues, with oral argument on these issues to be held immediately following the January 22, 2016 status conference. R. Doc. 1914. Pursuant to this order, Defendants filed the pending motion requiring multiple cameras at all depositions. R. Doc. 1923 at 1.

### II. PRESENT MOTION

#### A. Defendants' Motion for Multiple Cameras at Depositions

In their proposed deposition protocol, Defendants offer the following language concerning the use of cameras at depositions:

> Any party, at its own expense and with notice 24 hours in advance of the deposition to opposing counsel, may arrange for not more than two additional cameras at videotaped depositions, one to film the examining attorney and, if any party so requests, the other to film the opposing attorney.  The opposing attorney shall be filmed only in the event the examining attorney is being filmed, at the expense of the party electing to film the examiner.  If more than one party elects videotaping, the parties shall share the expense of the synchronization of the videotapes, in any editing of the tapes, on a 50/50 basis.  If more than one camera is employed, the party arranging for the additional camera(s) shall pay for the expense of synchronization of the videotapes from the additional camera(s) if the party intends to show videotape from the additional camera(s) at trial.

R. Doc. 1920-1 at 15.  Defendants' proposal does not address the use of the videotapes of the lawyers at trial.

Defendants justify the use of several cameras on the grounds that the use of additional cameras allows deposition videotapes to mimic the courtroom setting by presenting the deposition at trial in a split-screen format.  R. Doc. 1923.  The resulting footage according to Defendants is more realistic and better reflects what a jury would see if the dialogue had taken place inside of a courtroom.  R. Doc. 1923-1 at 1.  Defendants assert that aiming one camera at the witness, one camera at the examining attorney, and another camera at the opposing non-examining attorney during videotaped depositions is widespread practice in state and federal litigation, including MDL litigation in particular, and has previously been permitted in MDL litigation in this Court.  R. Doc. 1923-1 at 3.  Additionally, Defendants assert that the use of additional cameras will not cause any prejudice to the Plaintiffs, whereas the absence of additional cameras would prejudice the defense.  R. Doc. 1923-1 at 6.

### B. Plaintiffs' Memorandum *In Support of the Entry of the Plaintiffs' Steering Committee's Version of a Pretrial Order Regarding Deposition Guidelines*

The PSC has submitted a proposed pretrial order regarding deposition guidelines that outlines seven disputed deposition issues, including the request for multiple cameras during

[2]

videotaped depositions. R. Doc. 1920. The PSC objects to all of Defendants' proposed language allowing for additional cameras. R. Doc. 1920 at 21.

The PSC first argues that, although the Federal Rules of Civil Procedure do not prohibit additional cameras during depositions, the rules do not explicitly authorize them either. R. Doc. 1920 at 21. Drawing from Rule 1 of the Federal Rules of Civil Procedure, the PSC contends that the Court should evaluate whether additional cameras serve the "just, speedy, and inexpensive" determination of deposition proceedings in this matter. Fed. R. Civ. P. 1. Because expense is a pertinent factor, and additional cameras are expensive, the PSC contends that Defendants' proposed deposition guidelines on additional cameras are contrary to the Federal Rules of Civil Procedure. R. Doc. 1920 at 21 n. 56. The PSC argued in its brief that providing additional cameras for noticed depositions in Amsterdam will be an exorbitant cost. R. Doc. 1920 at 21 n. 56. The PSC also contended in oral argument that the question of the admissibility or use of a split-screen format would have to be litigated before every judge who tries a Xarelto case, and that this will impose a significant burden on Plaintiffs.

Additionally, the PSC ascribes motives of gamesmanship to Defendants' requests for additional cameras. Plaintiffs suggest that Defendants may request additional cameras in order to intimidate or chill the opposing counsel rather than to preserve evidence. R. Doc. 1920 at 21. The PSC also notes that Defendants' proposed measure to level the playing field, the ability of a videotaped examining attorney to request the simultaneous videotaping of opposing counsel, would result in chaos and confusion. Plaintiffs claim that this option may result in as many as four split-screens during trial before a jury: (1) footage of the deponent; (2) footage of the examining attorney; (3) footage of the non-examining opposing attorney; and (4) footage of any exhibits used by the deponent during the deposition. R. Doc. 1920 at 23. Four split-screens,

plaintiffs' suggest, may detract from an emphasis on the deponent's demeanor and testimony, and the footage of an unfamiliar attorney may be an unwelcome part of the PSC's "trial package" to local counsel upon the dissolution of the MDL.  R. Doc. 1920 at 23; *see also* Eldon E. Fallon, Jeremy T. Grabill, & Robert Pitard Wynne, *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 22325 n.47 (2008) ("At a minimum, the bellwether process should lead to the creation of 'trial packages' that can be utilized by local counsel upon the dissolution of MDLs.").

The PSC also disagrees with the Defendants' characterization of the use of multiple cameras as a widespread or common practice, averring that the vast majority of mass tort cases do not permit the use of multiple cameras.  R. Doc. 1920 at 22.  The PSC points to numerous MDLs, including *Vioxx* and *Propulsid* which were MDLs before this Court, as the basis for its claim that the practice is not "common."  R. Doc. 1920 at 22.  Noting that Defendants do not allege abuse of process or improper actions by Plaintiffs' counsel, the PSC argues that there is no reason to deviate from standard MDL protocol in this matter.

### III. LAW AND ANALYSIS

#### A. Applicable Law

Rule 30 of the Federal Rules of Civil Procedure permits the recording of deposition testimony by audio, audio-visual, or stenographic means, but does not dictate the number or positioning of cameras present at a deposition.  Fed. R. Civ. P. 30(b)(3)(A).  This decision is at the discretion of the Court.  The Federal Rules of Civil Procedure should be administered "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.

While there is little legal analysis to bind the Court, the exhibits to the Defendants' and the PSC's motions contain orders issued in MDL cases in several jurisdictions which came to

different conclusions on this issue.  *See, e.g.*, R. Doc. 1920-30; R. Doc. 1923-3 at 86.

Defendants cite *Propulsid*,[1] *Pinnacle Hip Implant*, *ASR Hip Implant*, *Yasmin and Yaz*, *Levaquin*, *Ortho Evra*, *Prempro*, *PPA*, *Rezulin*, and *Norplant* to support the position that additional cameras are allowed as common practice.  R. Doc. 1932-1 at 4.  The PSC points to *Deep Water Horizon*, *Ethicon Mesh*, *Bard Mesh*, *Testosterone*, *Pradaxa*, *Baycol*, *Zoloft*, *Avandia*, *Cook IVC Filter*, *Tylenol*, *Ortho Evra*, *NHL*, *Mirena*, *Diet Drugs*, *Guidant Defibrillator*, *Levaquinn*, and *Bextra-Celebrex* as examples of MDLs which disallowed the use of additional cameras.  R. Doc. 1920 at 22–23.  The propriety of the use of multiple cameras during depositions in an MDL case is therefore, at best, disputed.  And academic scholarship concerning the use of multiple cameras supports Plaintiffs' position that the use of additional cameras may be a form of manipulative, strategic behavior.  Sharon Panian, *Truth, Lies, and Videotape: Are Current Federal Rules of Evidence Adequate*, 21 Sw. U. L. Rev. 1199, 1206 (1992) ("A technique as simple as using multiple cameras to tape depositions (one focused on the witness, and the other on the attorney) for the alleged purpose of making the show more entertaining, may create a different impression of the witness than a single camera would have produced."); *cf.* Alexander R. Sussman, *Electronic Depositions*, 15 No. 4 Litigation 26, 28 (Summer 1989) (noting that multiple cameras allow for "more interesting videotape" but that edited deposition film "is not likely to be admitted over an opponent's objection").

### B.  Discussion

The Court finds appropriate the use of one additional camera during the discovery phase of an MDL action, because it is not the place of an MDL court to dictate the method or propriety for the use of depositions at trial by the various state and federal courts if and when the cases are

---

[1] This claim is contestable, as the two-video camera system cited in *Propulsid* contemplated the use of a second screen for exhibits.

returned by the transferee court. Documents, material, and depositions generated during the discovery phase of the case in the MDL proceeding can be used in state and federal courts if or when the case is remanded for trial. These courts are ultimately the masters of their own cases, and it is the responsibility of a transferee court to be conscious of and safeguard the aspects of a case which lie outside the scope of the MDL process. Aside from organizing and outfitting his or her Chambers, ruling on the propriety and efficiency of various methods of evidentiary presentation is perhaps the most personal of the roles reserved to a trial judge.

The fact that both Defendants and the PSC present numerous MDL orders which support their respective positions suggests that trial judges throughout the nation are of differing minds on this subject. It is therefore appropriate to allow state and federal courts with an interest in this litigation the right to rule on how evidence should be presented in their courtrooms when the cases are returned for trial. State and federal courts should have the option of presenting video depositions of only the testifying witness or split-screens of the witness and examining attorney, in whole or in part. The use of dual cameras during the discovery phase in the MDL proceeding would preserve that option at trial for this Court and other courts. The Court finds that the practice of multiple cameras is somewhat infrequent, so it is appropriate to tax the costs of the additional camera on the requesting parties, which in this case are the Defendants.

However, the Court also finds that videotaping a non-examining attorney(s) opposing counsel during a deposition would be an aberration from common practice and confusing, prejudicial, and unduly expensive in this matter. Perhaps at some point in the future the use of four screens, five screens, and screens ad infinitum will be textbook trial advocacy for deposition presentations in a jury trial. However, at this juncture, the Court is cognizant of the command "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.

[6]

R. Civ. P. 1.  The Court therefore rejects Defendants' provision to allow for the videotaping of a non-examining attorney as confusing, prejudicial, and unduly expensive.  However, two cameras may be used: one focused on the witness and one focused on the questioning attorney.  This would preserve the option for the trial court at a later date to either present the evidence with only one screen of the witness or a split-screen showing the examining attorney and the witness.  If exhibits are used or referred to during the deposition, at trial these exhibits can be shown to the jury simultaneously by computer-generated imagery.

**IV. CONCLUSION**

For the aforementioned reasons, **IT IS ORDERED** that Defendants' Motion for Additional Cameras at Depositions, R. Doc. 1923, is hereby **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** insofar as it allows for the videotaping of an examining attorney as well as the witness.  The motion is **DENIED** insofar as it allows for the videotaping of any counsel that is not in the process of questioning the witness.

**IT IS FURTHER ORDERED** that the cost of the second camera is to be borne by the requesting party, which in this case is the Defendant.

**IT IS FURTHER ORDERED** that the parties shall meet and confer and submit a proposed pretrial order concerning deposition protocol which appropriately heeds this Court's findings on the propriety of the use of additional cameras.

New Orleans, Louisiana, this 25th day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE