UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **LEON ANDERSON** | ) ) | |
| **Plaintiff** | ) ) | **JUDGE: ELDON E. FALLON** |
| **v.** | ) ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** | ) ) ) | |
| **Defendants** | ) ) | **Civil Action No: 2:15-cv-03162-EEF-MBN** |
| _____ | ) | |

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **EARL BROWN, ET AL.** | ) ) | |
| **Plaintiff** | ) ) | **JUDGE: ELDON E. FALLON** |
| **v.** | ) ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** | ) ) ) | |
| **Defendants** | ) ) | **Civil Action No: 2:15-cv-04519-EEF-MBN** |
| _____ | ) | |

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **JOSEPH B. CARTER** | ) ) | |
| **Plaintiff** | ) ) | **JUDGE: ELDON E. FALLON** |
| **v.** | ) ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** | ) ) ) | |
| **Defendants** | ) ) | **Civil Action No: 2:15-cv-04448-EEF-MBN** |
| _____ | ) | |

1

2623462-1

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) <br> ) <br> **CHRISTINE PIPKIN, ET AL.** ) <br> **Plaintiff** ) <br> ) <br> **v.** ) <br> ) <br> **JANSSEN RESEARCH &** ) <br> **DEVELOPMENT LLC, ET AL.** ) <br> **Defendants** ) <br> _____ ) | **MDL NO. 2592** <br><br> **SECTION: L** <br><br> **JUDGE: ELDON E. FALLON** <br><br> **MAGISTRATE JUDGE: MICHAEL NORTH** <br><br> **Civil Action No: 2:15-cv-04522-EEF-MBN** |
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) <br> ) <br> **BEVERLY DUVALL** ) <br> **Plaintiff** ) <br> ) <br> **v.** ) <br> ) <br> **JANSSEN RESEARCH &** ) <br> **DEVELOPMENT LLC, ET AL.** ) <br> **Defendants** ) <br> _____ ) | **MDL NO. 2592** <br><br> **SECTION: L** <br><br> **JUDGE: ELDON E. FALLON** <br><br> **MAGISTRATE JUDGE: MICHAEL NORTH** <br><br> **Civil Action No: 2:15-cv-04449-EEF-MBN** |
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) <br> ) <br> **STEPHEN ELLIOTT, ET AL.** ) <br> **Plaintiff** ) <br> ) <br> **v.** ) <br> ) <br> **JANSSEN RESEARCH &** ) <br> **DEVELOPMENT LLC, ET AL.** ) <br> **Defendants** ) <br> _____ ) | **MDL NO. 2592** <br><br> **SECTION: L** <br><br> **JUDGE: ELDON E. FALLON** <br><br> **MAGISTRATE JUDGE: MICHAEL NORTH** <br><br> **Civil Action No: 2:15-cv-04523-EEF-MBN** |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | MDL NO. 2592 |
| ) | SECTION: L |
| **SAMUEL FERGUSON** ) | |
| **Plaintiff** ) | JUDGE: ELDON E. FALLON |
| ) | |
| **v.** ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| ) ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) ) | |
| **Defendants** ) | Civil Action No: 2:15-cv-04460-EEF-MBN |
| _____ ) | |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | MDL NO. 2592 |
| ) | SECTION: L |
| **RAYMOND E. FREDRICK III** ) | |
| **Plaintiff** ) | JUDGE: ELDON E. FALLON |
| ) | |
| **v.** ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| ) ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) ) | |
| **Defendants** ) | Civil Action No: 2:15-cv-04464-EEF-MBN |
| _____ ) | |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | MDL NO. 2592 |
| ) | SECTION: L |
| **MICHAEL HAGGARD** ) | |
| **Plaintiff** ) | JUDGE: ELDON E. FALLON |
| ) | |
| **v.** ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| ) ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) ) | |
| **Defendants** ) | Civil Action No: 2:15-cv-04467-EEF-MBN |
| _____ ) | |

2623462-1

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **ROBERT HAMLIN** **Plaintiff** | ) ) ) | **JUDGE: ELDON E. FALLON** |
| | ) | |
| **v.** | ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** **Defendants** | ) ) ) ) | |
| _____ | ) ) | **Civil Action No: 2:15-cv-04472-EEF-MBN** |

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **JOSIE F. INGRAM** **Plaintiff** | ) ) ) | **JUDGE: ELDON E. FALLON** |
| | ) | |
| **v.** | ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** **Defendants** | ) ) ) ) | |
| _____ | ) ) | **Civil Action No: 2:15-cv-04473-EEF-MBN** |

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **JULES KOLO** **Plaintiff** | ) ) ) | **JUDGE: ELDON E. FALLON** |
| | ) | |
| **v.** | ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** **Defendants** | ) ) ) ) | |
| _____ | ) ) | **Civil Action No: 2:15-cv-04474-EEF-MBN** |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** )<br>)<br>) | **MDL NO. 2592** |
| ) | **SECTION: L** |
| **DARLENE LANCE**<br>**Plaintiff** )<br>)<br>) | **JUDGE: ELDON E. FALLON** |
| **v.** )<br>)<br>) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.**<br>**Defendants**<br>_____ )<br>)<br>)<br>)<br>) | **Civil Action No: 2:15-cv-04476-EEF-MBN** |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** )<br>)<br>) | **MDL NO. 2592** |
| ) | **SECTION: L** |
| **DONNA MILLER, ET AL.**<br>**Plaintiff** )<br>)<br>) | **JUDGE: ELDON E. FALLON** |
| **v.** )<br>)<br>) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.**<br>**Defendants**<br>_____ )<br>)<br>)<br>)<br>) | **Civil Action No: 2:15-cv-04524-EEF-MBN** |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** )<br>)<br>) | **MDL NO. 2592** |
| ) | **SECTION: L** |
| **CLAUDIA MYLES**<br>**Plaintiff** )<br>)<br>) | **JUDGE: ELDON E. FALLON** |
| **v.** )<br>)<br>) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.**<br>**Defendants**<br>_____ )<br>)<br>)<br>)<br>) | **Civil Action No: 2:15-cv-04485-EEF-MBN** |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | **MDL NO. 2592** |
| | **SECTION: L** |
| **KENNETH MCGUIRE** ) | |
| **Plaintiff** ) | **JUDGE: ELDON E. FALLON** |
| ) | |
| **v.** ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) ) | |
| **Defendants** ) | **Civil Action No: 2:15-cv-04477-EEF-MBN** |
| _____ ) | |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | **MDL NO. 2592** |
| | **SECTION: L** |
| **SHERRY ROST, ET AL.** ) | |
| **Plaintiff** ) | **JUDGE: ELDON E. FALLON** |
| ) | |
| **v.** ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) ) | |
| **Defendants** ) | **Civil Action No: 2:15-cv-04526-EEF-MBN** |
| _____ ) | |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | **MDL NO. 2592** |
| | **SECTION: L** |
| **BILLIE E. SMITH, ET AL.** ) | |
| **Plaintiff** ) | **JUDGE: ELDON E. FALLON** |
| ) | |
| **v.** ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) ) | |
| **Defendants** ) | **Civil Action No: 2:15-cv-04527-EEF-MBN** |
| _____ ) | |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | **MDL NO. 2592** |
| | **SECTION: L** |
| **SHIFFA SPITZER** ) | |
| **Plaintiff** ) | **JUDGE: ELDON E. FALLON** |
| ) | |
| **v.** ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) ) | |
| **Defendants** ) | **Civil Action No: 2:15-cv-04490-EEF-MBN** |
| _____ ) | |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | **MDL NO. 2592** |
| | **SECTION: L** |
| **JAMES STATON** ) | |
| **Plaintiff** ) | **JUDGE: ELDON E. FALLON** |
| ) | |
| **v.** ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) ) | |
| **Defendants** ) | **Civil Action No: 2:15-cv-04492-EEF-MBN** |
| _____ ) | |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | **MDL NO. 2592** |
| | **SECTION: L** |
| **CORA THOMAS** ) | |
| **Plaintiff** ) | **JUDGE: ELDON E. FALLON** |
| ) | |
| **v.** ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) ) | |
| **Defendants** ) | **Civil Action No: 2:15-cv-04497-EEF-MBN** |
| _____ ) | |

2623462-1

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | MDL NO. 2592 |
| | SECTION: L |
| **LINDA TRISSELL** ) **Plaintiff** ) | JUDGE: ELDON E. FALLON |
| ) | |
| **v.** ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) ) | |
| **Defendants** ) ) | Civil Action No: 2:15-cv-04493-EEF-MBN |
| ──────────────────────────── ) | |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | MDL NO. 2592 |
| | SECTION: L |
| **DANNETTE WASHINGTON** ) **Plaintiff** ) | JUDGE: ELDON E. FALLON |
| ) | |
| **v.** ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) ) | |
| **Defendants** ) ) | Civil Action No: 2:15-cv-04494-EEF-MBN |
| ──────────────────────────── ) | |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | MDL NO. 2592 |
| | SECTION: L |
| **GORDON WHIPPLE** ) **Plaintiff** ) | JUDGE: ELDON E. FALLON |
| ) | |
| **v.** ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) ) | |
| **Defendants** ) ) | Civil Action No: 2:15-cv-04495-EEF-MBN |
| ──────────────────────────── ) | |

2623462-1

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| LAWRENCE WOLFE, SR. Plaintiff | ) ) ) ) | SECTION: L JUDGE: ELDON E. FALLON |
| v. | ) ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. Defendants _____ | ) ) ) ) ) | Civil Action No: 2:15-cv-04496-EEF-MBN |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 SECTION: L |
| LORRAINE WOODS, ET AL. Plaintiff | ) ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. Defendants _____ | ) ) ) ) ) | Civil Action No: 2:15-cv-04528-EEF-MBN |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 SECTION: L |
| ROBERT ZUELICH Plaintiff | ) ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. Defendants _____ | ) ) ) ) ) | Civil Action No: 2:15-cv-04511-EEF-MBN |

**RESPONSE TO MOTION FOR EXTENSION OF TIME
WITHIN WHICH TO SERVE PROCESS**

9

2623462-1

Defendants Bayer HealthCare Pharmaceuticals Inc. ("BHCP") and Bayer Pharma AG, by and through counsel, appearing specially, and reserving all defenses including without limitation insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submit the instant response to Plaintiffs' motion for extension of time within which to serve process. In response, BHCP and Bayer Pharma AG state as follows:

The joint complaint in *Leon Anderson* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on July 31, 2015. The following actions were severed from the joint complaint in *Leon Anderson*: *Earl Brown, et al., Joseph B. Carter, Christine Pipkin, et al., Beverly Duvall, Stephen Elliott, et al., Samuel Ferguson, Raymond E. Fredrick III, Michael Haggard, Robert Hamlin, Josie F. Ingram, Jules Kolo, Darlene Lance, Donna Miller, et al., Claudia Myles, Kenneth McGuire, Sherry Rost, et al., Billie E. Smith, et al., Shiffa Spitzer, James Staton, Cora Thomas, Linda Trissell, Dannette Washington, Gordon Whipple, Lawrence Wolfe, Sr., Lorraine Woods, et al.,* and *Robert Zuelich.*

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on BHCP and Bayer Pharma AG. PTO 10 permits service of process in BHCP by certified mail, return receipt requested, upon the following representative of BHCP:

SOP Department
Corporation Service Company
Suite 400
2711 Centerville Road
Wilmington, DE 19808

PTO 10 permits service of process on Bayer Pharma AG by registered mail, return receipt requested, upon the following representative of Bayer Pharma AG:

10

2623462-1

      Bayer Pharma AG
      Attn: Eva Gardyan-Eisenlohr
      General Counsel
      Muellerstrasse 178
      13353 Berlin
      GERMANY

Instead of serving BHCP by certified mail through the streamlined service process, on December 15, 2015, Plaintiffs in the above-captioned actions personally served BHCP with a copy of the Complaint and a Summons, through its representative, Corporation Service Company, in Delaware.

On January 4, 2016, Bayer Pharma AG received a copy of the Complaint and a Summons, in *Raymond E. Fredrick III, Kenneth McGuire, Billie E. Smith, et al.,* and *Gordon Whipple,* by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. The service papers are post-marked December 15, 2015.

On January 7, 2016, Bayer Pharma AG received a copy of the Complaint and a Summons, in *Leon Anderson, Earl Brown, et al., Joseph B. Carter, Christine Pipkin, et al., Stephen Elliott, et al., Samuel Ferguson, Robert Hamlin, Josie F. Ingram, Donna Miller, et al., Sherry Rost, et al., Shiffa Spitzer, James Staton, Cora Thomas, Linda Trissell, Dannette Washington, Lawrence Wolfe, Sr., Lorraine Woods, et al.,* and *Robert Zuelich,* by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. The service papers are post-marked December 15, 2015.

On January 8, 2016, Bayer Pharma AG received a copy of the Complaint and a Summons, in *Jules Kolo* and *Darlene Lance,* by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. The service papers are post-marked December 15, 2015.

11

On January 11, 2016, Bayer Pharma AG received a copy of the Complaint and a Summons, in *Beverly Duvall,* by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany.  The service papers are post-marked December 15, 2015.

On January 18, 2016, Bayer Pharma AG received a copy of the Complaint and a Summons, in *Michael Haggard,* by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany.  The service papers are post-marked December 16, 2015.[1]

PTO 10 only permits streamlined service of process on Bayer Pharma AG by registered mail, return receipt requested, and on BHCP by certified mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons.  For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order.  Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."   Outside of the streamlined service process, Federal Rule of Civil Procedure 4(m) sets out the time period by which service must be made after the Complaint is filed.

Plaintiffs failed to serve process on Bayer Pharma AG within 60 days from the docketing of the Complaint in the MDL as required for streamlined service under PTO 10.  Plaintiffs failed to serve process on BHCP within 60 days from the docketing or the Complaint in the MDL as required for streamlined service under PTO 10 or within the time period set out in Federal Rule of Civil Procedure 4(m). Plaintiffs acknowledge that the attempted service on BHCP and Bayer Pharma AG was untimely.

Bayer Pharma AG is a company organized under the laws of Germany.  Normally, service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h).   Under

---

[1] To date, Bayer Pharma AG has not received a copy of the Complaint and a Summons directed to Bayer Pharma AG in *Claudia Myles.*

2623462-1

Federal Rules of Civil Procedure 4(h)(2), service upon a corporation is effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof." Subdivision (f) provides that an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

Service of process by an American plaintiff on a German defendant in Germany is normally governed by international and German law. The streamlined process for service on Bayer Pharma AG in PTO 10 is a departure from the requirements for service under international and German law and was a concession by Bayer Pharma AG. If a plaintiff is to receive the benefit from this departure from normal service procedures, the plaintiff should, at the very least, be required to meet the conditions in PTO 10, including service within 60 days.

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)." Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to service process "if the plaintiff shows good cause for the failure" to timely serve process. Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the

13

time specified.'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiffs have failed to show good cause for their failure timely to serve process. The only explanation offered by Plaintiffs for their failure timely to serve process is "inadverten[ce]" by Plaintiffs' counsel. Such inadvertence by counsel does not entitle Plaintiffs to an extension. *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process). The Court should deny Plaintiffs' motion for extension of time to serve process under the streamlined service process of PTO 10 and only allow Plaintiffs to serve BHCP and Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiffs serve Bayer Pharma AG in accordance with international and German law pursuant to Rules (h)(2) and (f).

BHCP and Bayer Pharma AG are entitled to some certainty as to whether they will be required to defend themselves in a particular case pending in the MDL. Time limits on service provide some level of certainty. Otherwise, BHCP and Bayer Pharma AG are subject to being brought into any case in the MDL at any time for any reason. With numerous cases pending in the MDL, this level of uncertainty places an undue burden on BHCP and Bayer Pharma AG to continue to monitor all cases pending in the MDL.

Furthermore, PTO 11 provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served." However, once BHCP or Bayer Pharma AG is served in a particular case, BHCP or Bayer Pharma AG's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed). Service triggers the operation of BHCP or Bayer Pharma AG's omnibus answer in a particular case

without any action on the part of BHCP or Bayer Pharma AG. By delaying service, a plaintiff can delay the operation of BHCP or Bayer Pharma AG's omnibus answer in a particular case. Pre-Trial Order No. 11C provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint. When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.
>
> If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her complaint. Rather, the plaintiff can amend her complaint at any time for any reason.

WHEREFORE, BHCP and Bayer Pharma AG respectfully request that the Court deny Plaintiffs' request for the Court to declare their prior service on BHCP and Bayer Pharma AG to have been effective or alternatively, for an additional 30 days to serve process on BHCP and Bayer Pharma AG under the streamlined service process of PTO 10 and only allow Plaintiffs to serve BHCP and Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiffs serve Bayer Pharma AG in accordance with international and German law pursuant to Rules (h)(2) and (f).

January 26, 2016

                                      Respectfully submitted,

By: /s/ *Steven Glickstein*
Steven Glickstein
William Hoffman
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
sglickstein@kayescholer.com

By: /s/ *John F. Olinde*
John F. Olinde (LA Bar #1515)
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com
***Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG***

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 26, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                        /s/     John F. Olinde

16

2623462-1