# EXHIBIT 25

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| IN RE MENTOR CORP. OBTAPE | * | MDL Docket No. 2004 |
| | | 4:08-MD-2004 (CDL) |
| TRANSOBTURATOR SLING PRODUCTS | * | |
| | | ALL CASES |
| LIABILITY LITIGATION | * | |

O R D E R

Mentor filed a motion to restrict *ex parte* contact between Plaintiffs' counsel and Plaintiffs' treating physicians. At a hearing on the motion, Mentor's counsel argued that Judge Fallon of the Eastern District of Louisiana directly addressed this issue in another MDL proceeding and that his approach was reasonable. Plaintiffs' counsel disagreed and favored the approach taken by Magistrate Judge Stanley of the Southern District of West Virginia in an MDL proceeding similar to the present one. The Court deferred ruling on the motion until it had an opportunity to study these two orders more thoroughly. Having done so, the Court is now more confused than ever—not by what Judges Fallon and Stanley had to say on the issue, but on Mentor's counsel's interpretation of Judge Fallon's opinion.[1] Both Judge Fallon and Judge Stanley allowed the type of *ex parte* communication that Mentor seeks to prevent here. *In re Vioxx*

---

[1] Perhaps Mentor's counsel had Judge Fallon's previous order in mind during the hearing. *In re Vioxx Prods. Liab. Litig.*, 230 F.R.D. 470 (E.D. La. 2005). Judge Fallon's subsequent order, however, directly modifies that earlier order in a manner that completely contradicts Mentor's counsel's argument at the hearing.

*Prods. Liab. Litig.*, No. MDL 1657, 2005 WL 2036797, at *4 (E.D. La. July 22, 2005) (restricting the defendants' counsel "from conducting ex parte communications with Plaintiffs' treating physicians but allowing Plaintiffs' counsel to engage in ex parte interviews with those doctors who have not been named as defendants"); *accord* Pretrial Order # 48, *In re C.R. Bard, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, Case No. 2:10-md-2187, ECF No. 290 at 3 (S.D.W.V. Aug. 3, 2012) ("After due consideration of the parties' arguments and the cases cited by them, the court declines to impose limits on plaintiffs' counsel's ex parte communications with plaintiffs' treating physicians."). The Court finds their rationale persuasive and adopts it. Accordingly, Mentor's motion (ECF No. 915 in 4:08-md-2004) is denied.

Plaintiffs' counsel shall be permitted to engage in *ex parte* discussions with Plaintiffs' treating physicians. To facilitate the subsequent depositions of the treating physicians, Plaintiffs' counsel shall provide Mentor's counsel with any documents that Plaintiffs' counsel intends to use during a treating physician's deposition at least 48 hours prior to the treating physician's deposition.[2]

---

[2] This is the same approach taken by Magistrate Judge Stanley, which Plaintiffs' counsel urged this Court to take.

2

IT IS SO ORDERED, this 28th day of May, 2015.

                                      S/Clay D. Land
                                      CLAY D. LAND
                                      CHIEF U.S. DISTRICT COURT JUDGE
                                      MIDDLE DISTRICT OF GEORGIA