# EXHIBIT 27

2008 WL 2420997
Only the Westlaw citation is currently available.
United States District Court,
D. Rhode Island.

In re KUGEL MESH HERNIA
REPAIR PATCH LITIGATION.

MDL Docket No. 07–1842ML.
|
Jan. 22, 2008.

**Attorneys and Law Firms**

Donald A. Migliori, Motley Rice LLC, David G. Morowitz, Providence, RI, Ernest Cory Cory, Watson, Crowder & Degaris, PC, Birmingham, AL, Teresa C. Toriseva, Wexler Toriseva Wallace LLP, Wheeling, WV, for Plaintiffs.

Tracy A. Risley, pro se.

Wendy H. Risley, pro se.

Frances Landers, pro se.

Kenneth D. Landers, pro se.

Kevin Eisenschenk, pro se.

D. Mitchell McFarland, Harrison Bettis Staff McFarland & Weems, Andrew L. Colocotronis, Baker, Donelson, Bearman, Caldwell & Berkowitz, Knoxville, TN, Houston, TX, Danene J. Tushar, Fraser Stryker Law Firm, Omaha, NE, David Bowman White, Gallivan White and Boyd, Greenville, SC, Gary D. Hermann, Hermann, Cahn & Schneider, Cleveland, OH, James B. Irwin, Irwin Fritchie, New Orleans, LA, Joe G. Hollingsworth, Kirby T. Griffis, Dana Alan Gausepohl, Joe G. Hollingsworth, Spriggs & Hollingsworth, Katherine R. Latimer, Washington, DC, John A. Fagg, Jr., Moore & Van Allen, Charlotte, NC, Kara T. Stubbs, Baker Sterchi Cowden & Rice, Kansas City, MO, Kathleen Ann Delaney, Delaney & Delaney LLC, Indianapolis, IN, Mark T. Nugent, Thomas M. Robinson, Morrison Mahoney LLP, Providence, RI, Robert H. Pedersen, Watkins & Eager, Jackson, MS, Dennie M. Zankel, Baker and Sterchi, St. Louis, MO, Edward A. Wallace, Wexler Firm, Chicago, IL, Samuel J. Abate, Jr., Pepper Hamilton LLP, New York, NY, Michelle R. Schwarz, Mandelbaum & Schwarz, Las Vegas, NV, Lesley Stine, Saieva, Rousselle & Stine, Tampa, FL, for Defendants.

**MEMORANDUM AND ORDER**

LINCOLN D. ALMOND, United States Magistrate Judge.

*1 THIS DOCUMENT RELATES TO: Alford, No. 1:07–CV–01963ML Edgar, No. 1:06–CV–01849ML McNair, No. 1:07–CV–01863ML Tompkins, No. 1:07–CV–00191ML Jones, No. 1:07–CV–01921ML Collins, No. 1:07–CV–01912ML Swallow, No. 1:07–CV–00426ML Hyland, No. 1:07–CV–01851ML Smith, No. 1:07–CV–01937ML Wilkins, No. 1:07–CV–01870ML

Before the Court is Defendants' Motion Seeking *Ex Parte* Contacts with Plaintiffs' Treating Physicians. (Document No. 77). Plaintiffs object. (Document No. 171). This Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72. The parties have submitted extensive and thorough memoranda, and I have determined that oral argument is not necessary.

**Discussion**

Defendants seek an order authorizing them to engage in substantive *ex parte* contacts with the past and/or present treating physicians of the ten plaintiffs selected for ADR and to compel such plaintiffs to execute authorizations permitting such contacts. Defendants argue that such *ex parte* contacts are not precluded by applicable law, will speed discovery and preserve Defendants' due process rights by leveling the playing field with Plaintiffs. Plaintiffs dispute Defendants' characterization of the applicable law and argue that Defendants' due process rights are not implicated as the requested *ex parte* contacts would not provide any relevant information which could not be obtained through conventional discovery. Plaintiffs also argue that such contacts would undermine the physician-patient relationship and pose the risk of disclosing irrelevant medical information.

In deciding this Motion, I am particularly guided by Judge Fallon's treatment of this issue in the Vioxx MDL. *See In re Vioxx Products Liability Litigation,* 230 F.R.D. 473 (E.D.La.2005). In the *Vioxx* case, Judge Fallon initially permitted counsel for either party to initiate *ex parte* contacts with a plaintiff's treating physician subject to a notice procedure. *In re Vioxx Products Liability Litigation,* 230 F.R.D. 470 (E.D.La.2005). Subsequently, Judge Fallon reconsidered because the "practical effect [of his ruling] created unintended consequences that can cause more problems than it sought to solve." *In re Vioxx,* 230 F.R.D.

at 475.Judge Fallon ultimately concluded that "the just option ... is to protect the relationship between a doctor and patient by restricting defendants from conducting *ex parte* communications with plaintiffs' treating physicians but allowing plaintiffs' counsel to engage in *ex parte* interviews with those doctors who have not been named as defendants."*Id.* at 477.Although Judge Fallon recognized that his approach may appear "one sided and unfair" "at first glance," he outlined all of the various mechanisms for defendant to access treatment information, such as from medical records, "Plaintiff Profile Forms," depositions, and their own sales representatives.*Id.*

**Conclusion**

Balancing all of the competing factors and guided by Judge Fallon's practical resolution of this issue in the *Vioxx* litigation, I conclude that the better course at this point is to DENY Defendants' Motion Seeking *Ex Parte* Contacts with Plaintiffs' Treating Physicians (Document No. 77). [1] *See, e.g., In re Baycol Products Litigation,* 219 F.R.D. 468 (D.Minn.2003) (denying request for *ex parte* treating physician communications in Baycol cholesterol drug MDL); *Benally v. United States,* 216 F.R.D. 478 (D.Ariz.2003) (denying request for *ex parte* treating physician communications in FTCA medical malpractice case following the "greater weight of federal authority"); and *Neubeck v. Lundquist,* 186 F.R.D. 249 (D.Me.1999) (denying request for *ex parte* treating physician communications applying Maine law). [2]

**\*2** SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 2420997

Footnotes

1  This centralized proceeding is in its relative infancy and Defendants' Motion is directed at a small subset of Plaintiffs. If Defendants' counsel has a good faith belief at some later stage that they can present new evidence and/or argument which would reasonably warrant another look at this issue, Defendants may move for reconsideration.

2  Judge Fallon also noted in his ruling in Vioxx that the confidentiality provisions of the Health Insurance Portability and Accessibility Act, 42 U.S.C. § 1320d, *et seq.* ("HIPAA") had to be considered, and that "courts have interpreted HIPAA as prohibiting *ex parte* interviews of a plaintiff's treating physician in the absence of strict compliance with HIPAA."*In re Vioxx,* 230 F.R.D. at 472 (*citing Law v. Zuckerman,* 307 F.Supp.2d 705, 707 (D.Md.2004)).

End of Document    © 2016 Thomson Reuters. No claim to original U.S. Government Works.

© 2016 Thomson Reuters. No claim to original U.S. Government Works.    2