# EXHIBIT 28

 Positive

As of: January 28, 2016 2:36 PM EST

## *In re Levaquin Prods. Liab. Litig.*

United States District Court for the District of Minnesota

August 17, 2012, Decided; August 17, 2012, Filed

MDL No. 08-1943 (JRT)

**Reporter**
2012 U.S. Dist. LEXIS 116088; 2012 WL 3568887

In re: LEVAQUIN PRODUCTS LIABILITY LITIGATION. This Document Relates to All Actions

**Subsequent History:** Motion denied by *Schedin v. Ortho-McNeil-Janssen Pharms., Inc (In re Levaquin Prods. Liab. Litig.), 2012 U.S. Dist. LEXIS 116039 (D. Minn., Aug. 17, 2012)*

**Prior History:** *In re Levaquin Prods. Liab. Litig., 2012 U.S. Dist. LEXIS 87691 (D. Minn., June 25, 2012)*

## Core Terms

treating physician, ex parte communication, scientific literature, theory of liability, medical condition, product label, ex parte, physician-patient, woodshedding, diversity, documents, provider, warnings, records, risks

**Counsel:** **[*1]** Ronald S. Goldser, ZIMMERMAN REED, PLLP, Minneapolis, MN; Lewis J. Saul and Kevin M. Fitzgerald, LEWIS SAUL & ASSOCIATES, Portland, ME, for plaintiff.

Tracy J. Van Steenburgh, NILAN JOHNSON LEWIS, PA, Minneapolis, MN; John D. Winter, PATTERSON BELKNAP WEBB & TYLER, New York, NY; James B. Irwin, IRWIN FRITCHIE URQUHART & MOORE, LLC, New Orleans, LA; William V. Essig, DRINKER BIDDLE & REATH LLP, Chicago, IL, for defendants.

**Judges:** JOHN R. TUNHEIM, United States District Judge.

**Opinion by:** JOHN R. TUNHEIM

## Opinion

### ORDER DENYING DEFENDANTS' MOTION TO PROHIBIT CERTAIN *EX PARTE* COMMUNICATIONS WITH TREATING PHYSICIANS

The matter before the Court is Defendants' motion to prohibit certain *ex parte* communications between Plaintiffs' counsel and treating physicians. Defendants seek an order prohibiting discussions regarding liability theories, product warnings, Defendants' company documents, and selected scientific literature. Defendants ask that the Court adopt the approach of some other MDL courts that have limited counsel's *ex parte* contact with a plaintiff's physicians. [1]

Defendants recognize that Plaintiffs' counsel have the right to meet with their clients' healthcare providers *ex parte* to discuss a particular plaintiff's medical condition, care, and treatment. See *Minn. Stat. § 144.292, subd. 2*. [2] But Defendants argue that Plaintiffs' counsel should not be able to discuss the scientific literature, product labels, or Plaintiffs' theories of liability with the physician. To determine what information the provider does and did possess concerning the treatment of a plaintiff, *see id.*, some discussion of the physician's knowledge of the risks of Levaquin, and when and how they became aware of those risks is appropriate. Clearly delineating the line between this proper questioning and what Defendants characterize as

---

[1] *In re Ortho Evra Prods. Liab. Litig.*, No. 1:06-40000, 2010 U.S. Dist. LEXIS 10849, 2010 WL 320064, at *2 (N.D. Ohio Jan. 20, 2010) ("Plaintiffs' counsel may meet *ex parte* to discuss **[*2]** the physicians' records, course of treatment and related matters, but not as to liability issues or theories, product warnings, Defendant research documents or materials."); *In re NuvaRing Prods. Liab. Litig.*, No. 4:08MD1964, 2009 U.S. Dist. LEXIS 23744, 2009 WL 775442, at *2 (E.D. Mo. Mar. 20, 2009) (Plaintiffs agreed that "[t]he interview should be limited to the particular plaintiff's medical condition at issue in the current litigation.").

[2] Minnesota law applies. "There is no physician-patient privilege in federal diversity actions. Therefore, for federal cases based on diversity jurisdiction, state law controls the existence and scope of the physician-patient privilege." *In re Baycol Prods. Litig.*, 219 F.R.D. 468, 469 (D. Minn. 2003) (internal citations omitted).

"woodshedding" or "lobbying" [*3] is difficult because some discussion of the scientific literature, product labels, or Plaintiffs' theories of liability may be necessary. The Court, moreover, is confident that Plaintiffs' counsel knows which conduct amounts to "woodshedding" or would be unfairly discriminatory and that the Court would not tolerate such conduct. The Court will, therefore, deny Defendants' motion.

Nevertheless, the Court is concerned that Plaintiffs could improperly use a prescribing physician as an expert. *See* Fed. R. Civ. P. 26(a)(2) To the extent that a treating physician is providing testimony about causation and prognosis **not** based on their personal knowledge and observations **obtained during the course of care and treatment**, that physician should be treated as an expert witness, subject to all appropriate disclosures. *See Navrude v. United States, No. C01-4039, 2003 U.S. Dist. LEXIS 2173, 2003 WL 356091, at *7 (N.D. Iowa Feb. 11, 2003)*.

[*4] Plaintiffs' counsel is expected to tailor its conduct accordingly.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Prohibit Certain *Ex Parte* Communications with Treating Physicians [Docket No. 5200] is **DENIED.**

DATED: August 17, 2012

at Minneapolis, Minnesota.

/s/ John R. Tunheim

JOHN R. TUNHEIM

United States District Judge