# EXHIBIT 29

Westlaw.

Slip Copy, 2011 WL 9996459 (S.D.Ill.)
**(Cite as: 2011 WL 9996459 (S.D.Ill.))**

H

Only the Westlaw citation is currently available.

United States District Court,
S.D. Illinois.
In re YASMIN AND YAZ (DROSPIRENONE)
MARKETING, SALES PRACTICES AND PROD-
UCTS LIABILITY LITIGATION.
This Document Relates to: All Cases.

MDL No. 2100.
No. 3:09–md–02100–DRH–PMF.
March 4, 2011.

Mark R. Niemeyer, Onder, Shelton et al., Webster
Groves, MO, Michael S. Burg, Burg Simpson El-
dridge et al., Englewood, CO, Michael A. London,
Douglas & London. P.C., New York, NY, Roger C.
Denton, Schlichter, Bogard et al., St. Louis, MO, for
Plaintiff.

Adam L. Hoeflich, Bartlit, Beck et al., Chicago, IL,
John E. Galvin, Terry Lueckenhoff, Fox Galvin LLC,
St. Louis, MO, Joseph P. Thomas, Ulmer & Berne
LLP, Cincinnati, OH, for Defendants.

**ORDER NUMBER 29 REGARDING *EX PARTE*
COMMUNICATIONS WITH TREATING PHY-
SICIANS**
DAVID R. HERNDON, Chief Judge.

　**\*1** On March 1, 2011, the Court heard oral ar-
gument regarding *ex parte* contact between counsel
and treating physicians and defendants hiring expert
witnesses who are also treating physicians. Counsel
indicated that the parties are near agreement on a
majority of the issues. The Court directed the parties
to continue working together to draft an agreed order
pertaining to the retention of experts and related is-
sues. The parties also indicated that they could not

reach agreement regarding what restrictions, if any,
should be placed on the Plaintiffs' substantive *ex parte*
communications with treating physicians. It is clear
there are generally two types of treating physicians
encountered in this litigation. Plaintiffs have seen
physicians who prescribed an oral contraceptive and
have also been treated by one or more physicians who
treated them for the injuries or ailments which are
alleged in their complaints. Most of subject matter
which is discussed in this order concerns the pre-
scribing physician, but that is not necessarily the case
and the order is not so self-limiting.

　The Defendants have asked the Court to limit
Plaintiffs' *ex parte* contact with treating physicians by
foreclosing Plaintiffs from providing treating physi-
cians with documents not previously seen by said
physicians and inquiring how said documents might
have changed the physicians' prescribing decisions, if
at all. The Defendants are concerned that such conduct
could unfairly bias treating physicians and lead to
"woodshedding." [FN1] Plaintiffs strenuously object to
any such restrictions, contending that *if* the concerns
raised by the Defendants come to fruition they should
be addressed on a case by case basis. Plaintiffs also
contend that the Defendants will have an opportunity
to question the treating physicians regarding any *ex
parte* communications at the treating physician's
deposition.

　　FN1. The term "woodshedding" refers to
　　impermissibly coaching a witness or unfairly
　　prejudicing a witness during *ex parte* com-
　　munications. *See e.g., In re OrthoEvra,* 2010
　　**WL 320064 (N.D.Ohio Jan.20, 2010)**
　　(Katz, D.).

　The Court has considered the parties' arguments
and reviewed the relevant case law. The Court notes
that although some MDL courts have imposed similar

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 9996459 (S.D.Ill.)
**(Cite as: 2011 WL 9996459 (S.D.Ill.))**

restrictions, *see e.g.,* In re OrthoEvra, 2010 WL 320064 (N.D.Ohio Jan.20, 2010) **(Katz, D.),** the Court is not aware of and the Defendants have not cited, any rule or controlling authority that prohibits an attorney from providing a witness with documents when engaged in permissible *ex parte* communications. Accordingly, the Court **ORDERS** as follows:

When engaged in *ex parte* communications with Plaintiffs' treating physicians, Plaintiffs are permitted to provide treating physicians with documents not previously seen by said physicians and may inquire into how said documents might have changed the physicians' prescribing or treatment decisions, if at all. Documents that may be provided include: (1) research documents, scientific studies, and related materials; (2) internal Defendant documents; (3) documents identified as confidential and subject to Case Management Order Number 7 (MDL 2100 Doc. 291); and (4) product warnings or labels.

**\*2 The Court further Orders:**

(1) Documents provided to treating physicians during such *ex parte* communications may not contain notes, highlighting, underlining, Plaintiff supplied redactions or any other markings that modify the document or direct a reader's attention to a particular portion of the document.

(2) Plaintiffs must provide the Defendants precise designations, descriptions or copies of all documents provided to treating physicians during such *ex parte* communications at least 72 hours prior to the treating physician's deposition.

(3) Plaintiffs must comply with the requirements of Case Management Order Number 7 (MDL 2100 Doc. 291) when providing treating physicians with any documents deemed confidential pursuant to Case Management Order Number 7.

**So Ordered.**

S.D.Ill.,2011.
In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices and Products Liability Litigation
Slip Copy, 2011 WL 9996459 (S.D.Ill.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.