# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY FRANCIS GIBSON<br><br>  Plaintiff,<br><br> v.<br><br>JANSSEN RESEARCH & DEVELOPMENT<br>LLC f/k/a JOHNSON AND JOHNSON<br>PHARMACEUTICAL RESEARCH AND<br>DEVELOPMENT LLC, JANSSEN ORTHO LLC,<br>JANSSEN PHARMACEUTICALS, INC.<br>f/k/a JANSSEN PHARMACEUTICA INC.<br>f/k/a ORTHO-MCNEIL-JANSSEN<br>PHARMACEUTICALS, INC.,<br>JOHNSON & JOHNSON COMPANY<br>BAYER HEALTHCARE<br>PHARMACEUTICALS, INC.,<br>BAYER PHARMA AG,<br>BAYER CORPORATION,<br>BAYER HEALTHCARE LLC,<br>BAYER HEALTHCARE AG, and BAYER AG,<br><br>  Defendants. | **Civil Action No 2:15-cv-01874** |

## MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

Plaintiff submits this memorandum in support of his motion for an order from this Court granting him twenty (20) days from the date of granting this motion within which to serve process on the Defendant Bayer Pharma AG through the informal service method prescribed in Pretrial Order ("PTO") 10 (Dkt No. 357).

## I.     BACKGROUND

### A.  Filing and Service on Bayer Pharma AG

This matter was filed into In Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL No. 2592, on June 1, 2015 (Rec. Doc. 1). This case was docketed on June 1, 2015. On July 30, 2015, Plaintiff served his plaintiff fact sheet ("PFS") on the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO 13. (Dkt No. 895). On August 26, 2015, Plaintiff made service on Bayer Pharma AG (via Registered Mail) (Exhibit A), via the streamlined process as provided in PTO 10 (Dkt No. 357; ¶ II. C. 2).

Subsequently, on November 18, 2015, Bayer Pharma AG, notified Plaintiff's counsel by letter that, while they acknowledged receipt of the Plaintiff's Complaint and Summons, Bayer AG (Berlin, Germany) deemed these service attempts to be improper as they were beyond the 60 day limit provided in PTO 10. Exhibit B.

## II.    LAW AND ANALYSIS

### A.  Informal And Formal Service Is Allowed Under the PTO 10.

PTO 10 is not mandatory. Instead it merely provides a mechanism for informal service of "Certain Bayer Defendants". As set forth in the order "Bayer Pharma AG and Bayer Healthcare Pharmaceuticals Inc. (BHCP) agree to waive formal service of process under Federal Rule of Civil Procedure 4 and to accept service of Xarelto cases that are properly commenced in, removed to, or transferred to this MDL." (PTO 10; Dkt No. 357; at p. 2, ¶ II. C. 2). The order makes clear that such service is an informal process that may be used in lieu of formal service under Fed. R. Civ. P. 4. (PTO 10; Dkt No. 357; at p. 2, ¶ B) (referring to the prescribed method as "informal service"). Moreover failure to serve within the 60 days prescribed by the order does not mean service cannot be effected or that a claim is waived or precluded. The order states as follows

> Failure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m). Other than those based on formal service of process, defendants reserve all other rights and defenses available to them under federal or state law and under applicable treaties and conventions.

(Dkt No. 357; at p. 3, ¶ D).  Thus service can still be accomplished albeit under the formal process for service under Fed. R. Civ. P. 4.

FRCP 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them.  In general if a defendant is not served within 120 days after the complaint is filed Rule 4(m) instructs that is be dismissed "without prejudice" against the defendant or the court may "order that service be made within a specified time." However, FRCP 4(m) expressly provides that this time limitation does not apply to service in a foreign country.

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A). (Emphasis added).

Fed. R. Civ. P. 4(m).

Rule 4(f) provides for serving individuals in a foreign country by various means including under the Hague Convention.[1] The Hague Convention provides means for service of process in signatory states. Article 1 of the Hague Convention.  And it provides for various methods of service such as through a Central Authority (Article 2); through postal channels such as certified or registered mail; provided the state of destination does not object (Article 10(a); or direct service of an agent in the destination state where permitted by the destination state (Article 10(b). Hague Convention, 20 U.S.T. 361 at Arts. 1, 2, and 10; *see also*, U.S. Dep't of State, Service of Legal

---

[1] Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 commonly referred to as the Hague Service Convention or the Hague Convention.

Documents Abroad.[2] Since Germany is a signatory to The Hague Convention it may be formally served through the designated Central Authority in Germany or under another method allowed for under The Hague Convention—depending on what Germany—the destination state--permits.

### B. Plaintiff Inadvertently Missed the Deadline For Informal Service Under PTO 10.

The above styled case was the first case filed by the undersigned in the present MDL and at the early stages of the MDL.  As such the undersigned and its staff were still becoming familiar with the numerous PTOs and the specific requirements for each. So while the original complaint was served by e-mail—also required by PTO 10—it was not also immediately sent by certified mail. See Exhibit C attached hereto.   And when the undersigned realized service by certified mail had not been effected it immediately attempted to serve under the method set forth in PTO 10.  Such service was made albeit 26 days beyond the 60 day limit for informal service.   The service of Plaintiff's Original Complaint on Bayer Pharma AG beyond the 60 day limit prescribed by PTO 10 was, therefore, not in "bad faith." This is further  illustrated by the fact the other named Defendants were timely served under PTO 10.

### C. Bayer Pharma AG Has Not and Will Not Suffer Any Prejudice By Extending the Time for Informal Service Under PTO 10.

It is within the courts power to extend the time for formal service.

…the court has discretionary power to extend time for service. *Id.* Such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note (1993).

*Newby v. Enron Corp.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008). By its actions of serving his Complaint on Bayer Pharma AG and submitting the PFS and the information required thereunder Plaintiff has put Bayer Pharma AG on notice of his intention to pursue his claims.  Bayer Pharma

---

[2] http://www.justice.gov/sites/default/files/civil/legacy/2014/08/08/DOS%20Service%20Flyer.pdf

AG therefore cannot claim surprise.  Further, Bayer Pharma AG is not prejudiced because it knows that PTO 10 addresses only informal service.  Plaintiff is not precluded from formally serving Bayer Pharma AG under Fed. R. Civ. P. 4.

Moreover, this MDL is at its early stages with trials not scheduled to start until 2017.  New cases against the Defendants, including Bayer Pharma AG are being filed each day.  All of the cases filed in this MDL involve similarly situated Plaintiffs who have filed claims alleging facts, circumstances and theories of recovery virtually identical to the lawsuit filed by Plaintiff.  Bayer cannot have any reasonable expectation that all litigants with claims have already filed suit or reasonably believe that many more claimants will not file in this MDL in the future.

The extension of the time to accomplish informal service under PTO 10 is appropriate under the circumstances.  First, while formal service on Bayer Pharma AG is still available under the rigors of the Hague Convention, to require same would cause needless and undue costs to Plaintiff.  Second, there simply is no useful purpose achieved by requiring a Plaintiff to comply with all the formalities of service in a foreign country, including costs of translation, when suing a defendant manufacturer, fluent in English, whose products are widely distributed in the United States. *See e.g.* Fed. R. Civ. P. 4 Notes of Advisory Committee on Rules-1993 Amendments Subdivision (d). Third, the extension will avoid any subsequent issues regarding the potential running of the applicable statute of limitations, even though the original complaint was timely filed and served. Fourth, PTO No. 10 precludes pursuing dismissal absent leave of the Court.[3] Fifth, in a similar situation the

---

[3] As set forth in PTO 10:

> For cases in which plaintiffs have served BHCP or Bayer Pharma AG, any applicable limitations in Fed. R. Civ. P. 4(m) are extended such that plaintiffs need not serve the other Bayer entities until further order of the Court after a meet and confer of the parties. Further, neither Bayer Pharma AG, BHCP, nor the other Bayer entities shall move to dismiss a complaint under Fed. R. Civ. P. 4(m) as to an unserved Bayer entity until further order of the Court after a meet and confer of the parties.

(Dkt. No. 357, p. 3, ¶ G). BHCP has been served in this case—a fact Bayer Pharma AG is

Court recently granted an extension of time to effect informal service under PTO 10. See e.g. Order Granting Extension of Time. (Dkt. No. 1959). Finally, service must be effected on Bayer Pharma AG so they can no longer avoid answering the Complaint and taking part in discovery regarding Plaintiff's case.

### III.    CONCLUSION

In light of the foregoing, the Plaintiff requests an order from this Court granting them twenty (20) days from the entry of the Court's order granting this motion within which to serve process on the Defendant Bayer Pharma AG, through the streamlined informal process. Plaintiff shows that all things considered, no party will be prejudiced nor will the progress of this MDL be adversely affected by the granting of the relief sought herein.

Respectfully submitted,

 /s/ Monte Bond
Monte Bond
Texas Bar No.02585625
Tautfest Bond PLLC
5151 Belt Line Road, Suite 1000
Dallas, Texas  75254
214-617-9980 (Phone)
214-617-9985 (Fax)
mbond@tautfestbond.com

**ATTORNEYS FOR PLAINTIFF**

_____

fully aware.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above foregoing MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b) (2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No.17.

This the 1st day of February, 2016.

/s/ Monte Bond_____
***Attorney for Plaintiff***

# EXHIBIT "A"

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Gary Francis Gibson | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| Plaintiff(s) | ) |
| v. | )   Civil Action No. 2:15-cv-01874 L (5) |
| Janssen Research & Development, LLC, f/k/a Johnson and Johnson Pharmaceutical Research and Development, LLC, et al | ) ) ) |
| | ) |
| _____ | ) |
| Defendant(s) | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Bayer Pharma AG
Muellerstrasse 178
13353 Berlin
GERMANY

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Russell Abney, Esq.
Monte Bond, Esq.
Tautfest Bond, PLLC
13355 Noel Road, Suite 1100
Dallas, Texas 75240
(214) 746-5025

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

William W. Blevins
Name of clerk of court

Date: ___Jun 04 2015___

Deputy clerk's signature



Street and No. (Rue et No.)

Place and Country (Localité et pays)
BERLIN GERMANY 13353

The article mentioned above was duly delivered.
(L'envoi mentionné ci-dessus a été dûment livré.)

☐ Signature of Addressee (Signature du destinataire)

Office of Destination Employee Signature (Signature de l'agent du bureau du

Date

PS Form 286

+                                                            1A ☐ +

**Registered No.**

**Date Stamp**

| Reg. Fee | |
| --- | --- |
| Handling Charge | Return Receipt |
| Postage | Restricted Delivery |
| Received by | |

Customer Must Declare
Full Value $

Domestic Insurance up to $25,000 is included based upon the declared value. International Indemnity is limited. (See Reverse).

**OFFICIAL USE**

FROM: Monte Bond
Tautfest Bond
13355 Noel Rd Suite 1100
Dallas TX 75240

TO: Eva Gardyan-Eisenlohr
Bayer Pharma AG
Muellerstrasse 178
Berlin Germany 13353

PS Form 3806, **Receipt for Registered Mail** Copy 1 - Customer
May 2007 (7530-02-000-9051) (See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

LC281883644US

goods that are approved for vailable in Publication 52.

e.g., "samples," "food products," es), and value of each article. is based on the Harmonized ; if known, the "Country of ured or assembled. (7) Enter

eck the box . Use the following

0 or less, if an export license is

estined to certain sanctioned omplies with the conditions set

ailed contain no undeclared our signature also certifies for the item(s) being mailed.

rposes. Collection is authorized on is voluntary, but if not hout your consent, except to wing limited circumstances: to a Postal Service auditor; to entities aiding us to fulfill the nts; and to other governmental om/privacypolicy.

everse — Sender's Instructions

**USPS® Customs Declaration – CN 22**
IMPORTANT: The item/parcel must be opened officially. See Privacy Notice on reverse of Sender's Instructions page. Please print in English and press firmly; you are making multiple copies.

From: Sender's Last Name / First
BOND, MONTE
Business
TAUTFEST BOND
Address
13355 NOEL RD,
City / State / ZIP+4
DALLAS TX 75240
Telephone/Fax or Email
214-746-5025

To: Addressee's Last Name / First
GARDYAN-EISENLOHR, EVA
Business
BAYER PHARMA AG
Address
MUELLERSTRASSE 178
City / State/Province / Post Code
Berlin Germany 13353
Country
Germany
Telephone/Fax or Email

| | | Qty. (2) | Weight (3) lb. oz. | Value (4) (US $) | HS Tariff # (5) | Country of Origin (6) |
| --- | --- | --- | --- | --- | --- | --- |
| ☒ Documents ☐ Commercial sample ☐ Merchandise ☐ Dangerous Goods | | | | | | |
| ☐ Gift ☐ Humanitarian Donation ☐ Other | | | | | | |
| Detailed description of contents (1) | | | | | | |
| legal documents | | 1 | | 1.00 | | |
| | | | Totals (7) | $ | | |

AES Exemption (8)
☐ NOEEI § 30.37(a) ☐ NOEEI § 30.37(h)
☐ NOEEI § 30.37(h)

I certify the particulars given in this customs declaration are correct. This item does not contain any undeclared dangerous articles, or articles prohibited by legislation or by postal or customs regulations. I have met all applicable export filing requirements under federal law and regulations.

Sender's Signature and Date (9)

Mailing Office Date Stamp

PS Form 2976, September 2012

| Item Description (Nature de l'envoi) | Registered Article (Envoi recommandé) ☒ | ☐ Letter (Lettre) | ☐ Printed Matter (Imprimé) | ☐ Other (Autre) | Express ☐ Mail International |
|---|---|---|---|---|---|

Insured Parcel ☐ (Colis avec valeur déclarée)

Insured Value (Valeur déclarée) *1,00*

Article Number *RB 12639 1368US*

Office of Mailing (Bureau de dépôt)

Date of Posting (Date de dépôt)

Addressee Name or Firm (Nom ou raison sociale du destinataire)
*Bayer Pharma AG*

Street and No. (Rue et No.)
*Muellerstrasse 178*

Place and Country (Localité et pays)
*Berlin   Germany   13353*

This receipt must be signed by (1) the addressee or, (2) a person authorized to sign under the regulations of the country of destination, or, (3) if these regulations so provide, by the employee of the office of destination. This signed form will be returned to the sender by the first mail.

(Cet avis doit être signé par le destinataire ou par une personne y autorisée en vertu des règlements du pays de destination, ou, si ces règlements le comportent, par l'agent du bureau de destination. Al'envoyé par le premier courrier dûment à l'expéditeur.)

The article mentioned above was duly delivered. ☐
(L'envoi mentionné ci-dessus a été dûment livré.)

Date  *26.08.1*

Office of Destination Employee Signature (Signature de l'agent du bureau de destination)  *23*

Signature of Addressee (Signature du destinataire)

Postmark of the office of destination (Timbre du bureau de destination)

Completed by the office of origin.
(A remplir par le bureau d'origine.)

Completed at destination.
(A compléter à destination.)

PS Form **2865**, March 2007  (Reverse)  PSN 7530-01-000-9775

EXHIBIT "B"

 **BRADLEY ARANT**
**BOULT CUMMINGS** LLP

Lindy D. Brown
*Attorney*
Direct: (601) 592-9905
Fax: (601) 592-1405
lbrown@babc.com

November 18, 2015

**Via Electronic Mail (rabney@lawyerworks.com)**

Russell Abney
Ferrer, Poirot & Wansbrough
2603 Oak Lawn Ave., Ste. 300
Dallas, Texas 75219-9109

　　　　Re: 　Gary Francis Gibson v. Janssen Research & Development LLC, et al.,
　　　　　　　Civil Action No. 2:15-cv-01874 (E.D. La.)

Dear Mr. Abney:

　　　　This firm, with others, represents Bayer Pharma AG in *In re Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592 (E.D. La., 2:14-md-02592-EEF-MBN)(the "MDL"). Bayer Pharma AG received the Complaint and Summons in the above-captioned action by Registered Mail, Return Receipt Requested.

　　　　Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592 permits streamlined service of process on Bayer Pharma AG by Registered Mail, Return Receipt Requested, and on Bayer HealthCare Pharmaceuticals Inc. ("BHCP") by Certified Mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."

　　　　Because Plaintiff attempted service on Bayer Pharma AG by Registered Mail, Return Receipt Requested through the streamlined service process more than 60 days after the Complaint was docketed in the MDL, service is improper, and we are returning the documents to you.

　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　Lindy D Brown

　　　　　　　　　　　　　　　　Lindy D. Brown

LDB/cfo

RB 198 391 368 US    (102595) 99-M-1904

U.S. POSTAGE
PAID
ENNIS, TX
75119
AUG 14, 15
AMOUNT
$37.70
R2305E125989-03

RETURN RECEIPT
REQUESTED

AIR MAIL
PAR AVION

00106

9400

LC281863644US

# TAUTFEST BOND, PLLC

One Galleria Tower, 13355 Noel Road Suite 1100

Dallas, TX 75240

Bayer Pharma AG
ATTN: Eva Gardyan-Eiseniohr
Muellerstrasse 178
13353 Berlin
GERMANY

RETURN RECEIPT
REQUESTED

AIR MAIL
PAR AVION

Deutsche Post
EINSCHREIBEN
RN 59 359 154 5DE

AUG 18

☐ Commercial sample   ☐ Merchandise
☐ Humanitarian Donation   ☐ Other

Qty. Weight (3) Value
(2) lb.   oz. (US $)

AES Exemption (9)   ☐ NOEEI § 30.37(b)   ☐ NOEEI § 30.37(a)

I certify the particulars given in this customs declaration are correct. This item does not contain any undeclared dangerous articles, or articles prohibited by legislation or by postal or customs regulations. I have met all applicable export filing requirements under federal law and regulations.

Sender's Signature and Date (6)

PS Form 2976, September 2012 PSN 7530-01-000-9833

BHC PH Law & Patents
Umlauf / Einschreiben
Eingang
Bearbeitung
Ko./Vorl.
RW



AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Gary Francis Gibson | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )     Civil Action No.  2:15-cv-01874 L (5) |
| | ) |
| Janssen Research & Development, LLC, f/k/a | ) |
| Johnson and Johnson Pharmaceutical Research and | ) |
| Development, LLC, et al | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Bayer Pharma AG
                                   Muellerstrasse 178
                                   13353 Berlin
                                   GERMANY

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Russell Abney, Esq.
                                         Monte Bond, Esq.
                                         Tautfest Bond, PLLC
                                         13355 Noel Road, Suite 1100
                                         Dallas, Texas 75240
                                         (214) 746-5025

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                      **William W. Blevins**
                                                      _Name of clerk of court_

Date:    **Jun 04 2015**
                                                         _Deputy clerk's signature_

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY FRANCIS GIBSON | MDL No. 2592 |
| Plaintiff, | |
| | SECTION: L |
| v. | |
| | JUDGE ELDON E. FALLON |
| JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. | MAG. JUDGE MICHAEL NORTH |
| f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY | **JURY TRIAL DEMANDED** |
| BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, and BAYER AG, | BHC PH Law & Patents Umlauf / Einschreiben

Eingang    2015 -08- 2 6

Bearbeitg. ........................................
Kopien ...........................................
WV ........................ z·:.· .... .... ....... |
| Defendants. | |

Gary

## COMPLAINT

Pursuant to Pretrial Order No. 11, Plaintiff, by and through counsel, file this *Complaint*

against Defendants, as follows:

### I.     PLAINTIFF SPECIFIC ALLEGATIONS

Plaintiff herein is:

1.     Gary Francis Gibson:

# EXHIBIT "C"

**Debbie**

| | |
|---|---|
| **From:** | Debbie <dliska@tautfestbond.com> |
| **Sent:** | Wednesday, June 17, 2015 4:36 PM |
| **To:** | 'xareltocomplaints@babc.com' |
| **Subject:** | Gibson vs. Janssen Research & Development, LLC et al |
| **Attachments:** | Bayer Pharma AG Summons-Complaint Email.pdf |

Please find enclosed a Summons and Complaint.

If you have any questions, please give me a call.

Debbie Liska
Legal Assistant
**Tautfest Bond PLLC**
One Galleria Tower
13355 Noel Road, Suite 1100
Dallas, TX 75240
Ph: 214.746.5025
Fax: 214.279.3035

*Notice: This e-mail message is the property of Tautfest Bond PLLC. The contents of this message and any attachments are confidential and protected by law under the attorney-client privilege, attorney-work-product doctrine, and/or other applicable privileges. If you are not the intended recipient of this message, please forward a copy to dliska@tautfestbond.com and delete the message and its attachments from your computer. Use, dissemination, distribution, or reproduction of this message by unintended recipients is not authorized and may be unlawful.*

1