# **EXHIBIT 26**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE NUVARING PRODUCTS | ) | 4:08MD1964 RWS |
| LIABILITY LITIGATION | ) | |
| | ) | ALL CASES |

**MEMORANDUM AND ORDER**

Plaintiffs in this lawsuit assert that they were injured when they used Defendants' birth control product called NuvaRing. Defendants (collectively "Organon") filed a motion for a qualified protective order that would allow them to have *ex parte* communications with Plaintiffs' healthcare providers. Plaintiffs oppose any *ex parte* communications by Organon. Because Organon has adequate methods of obtaining information from Plaintiffs' healthcare providers without conducting *ex parte* interviews I will deny the motion for a qualified protective order.

In its papers in support of its motion Organon correctly notes that it will need to obtain information in discovery regarding each plaintiff's treatment and care regarding the use of NuvaRing, as well as, any past or present health conditions which may be relevant to a plaintiff's claimed injury. To that end, numerous physicians and other healthcare providers will be identified as having potential relevant information concerning each plaintiff's claims.

Organon's motion seeks approval from the Court to conduct *ex parte* interviews with Plaintiffs' healthcare providers which will help "Defendants assess the physician's knowledge about the plaintiff's medical condition, health history and treatment as may be relevant to Plaintiffs' claimed injuries, and, therefore, will greatly facilitate the discovery process." (Defs.' Mem. in Supp. at 4.)

Missouri law and HIPPAA's regulations allow for limited *ex parte* contacts by defendants with a plaintiff's healthcare providers when plaintiff places his medical condition at issue.  See Brandt v. Pelican, 856 S.W.2d 658 (Mo.1993) and C.F.R. § 164.512(e)(1)(ii)(A) & (B). However, the law in other states varies on whether a defendant may have *ex parte* contacts with a plaintiff's healthcare providers.  Because Plaintiffs in this matter are residents of many different states, any *ex parte* order would, of necessity, need to permit motion practice on whether a particular state allowed such contacts and, if so, to what extent.

I have read the parties' papers and reviewed the authorities upon which they rely.  In addition, the parties have further urged their positions in oral argument.  While I acknowledge Organon's desire to expedite this litigation through the use of *ex parte* contacts I find that I am in complete agreement with United States District Judge Eldon Fallon's ultimate decision on facing a similar motion in the In re Vioxx Products Liability Litigation, MDL 1657.

Just as Organon argued in the present case, defendants in the Vioxx litigation asserted that treating physicians are fact witnesses and both sides should have equal access to fact witnesses for *ex parte* contacts.

Judge Fallon initially entered an order in the Vioxx litigation that allowed either party to interview a plaintiff's prescribing physician upon notifying the opposing party five days in advance of the interview.  The opposing counsel would then be able to attend the interview.  If opposing counsel chose not to attend, the notifying party was free to conduct an *ex parte* interview.  The plaintiffs moved for Judge Fallon to reconsider his order.

A few weeks later, Judge Fallon issued a new order which allowed plaintiffs to conduct *ex parte* interviews with any treating physicians who were not named defendants and barred

defendants from conducting any *ex parte* interviews.  In re Vioxx, 230 F.R.D. 473 (E.D. La. 2005).

Judge Fallon noted that the treaters at issue were really both fact and expert witnesses. He stated that "facts" that the treating physicians had knowledge of "were discovered during the time of a private, privileged relationship" between a patient and his doctor. Id. at 476.  After reciting the long standing and observed protection of the physician-patient privilege, Judge Fallon concluded that the best course was to preserve that privilege by not allowing defendants to conduct *ex parte* interviews of plaintiffs' healthcare providers:

> The Court, upon further reflection, now feels that the just option in this case is to protect the relationship between a doctor and patient by restricting defendants from conducting ex parte communications with Plaintiffs' treating physicians but allowing Plaintiffs' counsel to engage in ex parte interviews with those doctors who have not been named as defendants. This approach appears, at first glance, to be one sided and unfair. However, in actuality and as a practical matter, it is not. This modification does not leave the Defendants without any access to information. The Defendants still are entitled to all of the medical records of the Plaintiffs as well as the Plaintiff Profile Forms setting forth each Plaintiff's detailed medical history. The Defendants can also continue to exercise their right to depose the Plaintiffs' treating physicians or confer with them in the presence of Plaintiffs' counsel. Furthermore, as a practical matter, the Defendants already have information, including documentation, regarding what its representatives told the treating physicians about Vioxx. Therefore, the Defendants do not need the doctors to tell them in ex parte conferences what they already know.

Id. at 477.

I agree with Judge Fallon's thorough analysis and conclusion.  In order to preserve Plaintiffs' time honored privilege in their communications with their healthcare providers I will deny Organon's motion to have *ex parte* contacts with these providers.  As Judge Fallon points out, Organon is not without the ability to discover information from these providers through the

normal litigation process. Organon will be able to obtain Plaintiffs' medical records and Fact Sheets and is free to depose healthcare providers in the ordinary course of this litigation. Organon may also interview its own representatives regarding the documents and information that they presented to Plaintiffs' providers.

In its papers and at oral argument Organon has requested that, if only Plaintiffs are allowed *ex parte* contacts with their healthcare providers, Plaintiffs must: tell the providers that any interviews are voluntary and can be declined; the provider must be presented with a medical authorization that is compliant with HIPPA and signed by the plaintiff; and the interview should be limited to the particular plaintiff's medical condition at issue in the current litigation. Plaintiffs agreed that those guidelines would be appropriate.[1]

I find that those limitations on any interviews conducted by the Plaintiffs are fair and appropriate and shall apply to any such interviews.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion for a protective order to permit Defendants to have *ex parte* contacts with Plaintiffs' healthcare providers [#39] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of March, 2009.

---

[1] See Hr'g Tr. of March 5, 2009, p. 32.