# EXHIBIT 30

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

CIVIL TRIAL DIVISION

| | |
|---|---|
| IN RE:<br><br>YAZ®, YASMIN®, OCELLA®, GIANVI® PRODUCT LIABILITY LITIGATION | SEPTEMBER TERM, 2009<br>NO. 1307<br><br>In Re: Yaz/Yasmin/Ocella Litigation-ORDER<br><br>09090130700535 |

**CASE MANAGEMENT ORDER NO. 39**
**(GOVERNING HEALTHCARE PROVIDER DEPOSITIONS)**

AND NOW, this **5th** day of **November**, 2014, upon consideration of the Bayer Defendants' Renewed Motion for Entry of Order Governing Healthcare Provider Depositions and Plaintiffs' Response thereto, it is hereby ORDERED that:

(1) Plaintiffs are permitted to engage in ex parte communications with Plaintiffs' prescribing/treating healthcare providers and are permitted to provide prescribing/treating healthcare providers with documents not previously seen by said healthcare providers and may inquire into how said documents might have changed the healthcare providers' prescribing/treating decisions, if at all. Documents that may be provided include:

    a. research documents, scientific studies, and related materials;

    b. internal Defendant documents;

    c. documents identified as confidential and subject to Case Management Order No. 3; and

    d. product warnings or labels.

DOCKETED
COMPLEX LIT CENTER

NOV 6 2014

**J. STEWART**

(2) Documents provided to prescribing/treating healthcare providers during any *ex parte* communications may not contain notes, highlighting, underlining, Plaintiff supplied redactions or any other markings that modify the document or direct a reader's attention to a particular portion of the document.

(3) In the event Plaintiffs' counsel has communicated with the healthcare provider prior to the deposition, Plaintiffs must provide the Defendants precise designations, descriptions or copies of all documents provided to any such healthcare provider during such *ex parte* communications ("*ex parte* materials") at least forty-eight (48) hours prior to the deposition of any such witness. In the event the *ex parte* communication occurs less than 48 hours prior to the deposition, Plaintiffs shall provide the *ex parte* materials as soon as is practically possible before the deposition.

(4) Plaintiffs must comply with the requirements of the Case Management Order No. 3(a) when providing prescribing/treating healthcare providers with any documents deemed confidential pursuant to Case Management Order No. 3(a).

(5) The Court recognizes that Plaintiffs' counsel may have engaged in *ex parte* communications with Plaintiffs' prescribing/treating healthcare providers before the entry of this Order. Therefore, this Order applies prospectively only to Plaintiffs' *ex parte* communications with prescribing/treating/healthcare providers after the date of this Order.

(6) All other provisions of Case Management Order No. 37 remain in effect.

BY THE COURT:

_____
Arnold L. New, J.

**Control No.: 14101700**