# EXHIBIT 37

2010 WL 320064
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
N.D. Ohio.

In re ORTHO EVRA PRODUCTS
LIABILITY LITIGATION.
This Document Relates To: All Cases.

N.D. Ohio Case No. 1:06–40000.
|
MDL Docket No. 1742.
|
Jan. 20, 2010.

*ORDER*

DAVID A. KATZ, District Judge.

*1 This matter comes before the Court on the Defendants' motion to regulate *ex parte* contacts with Plaintiffs' treating physicians (Doc. No. 399), Plaintiffs' response (Doc. No. 400), and Defendants' reply thereto (Doc. No. 404). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1407(b) and 1332.

The Defendants request prohibiting *ex parte* contact by Plaintiffs' counsel with the treating physicians or limiting *ex parte* contacts "to discussion of the plaintiff's medical condition and prohibiting discussion of liability issues, warnings and Company documents." (Doc. No. 399 at p. 7.) Defendants seek to prevent an unfair advantage by Plaintiffs lobbying their theories of liability and causation upon the treating physicians during the *ex parte* contact. In support of their motion, Defendants request this Court adopt the approach of New Jersey in the *Zometa/Aredia Litigation* litigation or the federal MDL, *NuvaRung Products Liability Litigation.*

Plaintiffs strenuously object to regulation of such contact with their own treating physicians. First, they note the federal MDL cases hail from various states, each of which deals with the physician-patient privilege in different ways. To alter that privilege would prove difficult and other courts dealing with this issue in the mass tort context have refused to enter that minefield. Second, they dispute the applicability of the New Jersey ruling to the present dispute. Third, they contend other federal MDL courts have allowed plaintiffs to have *ex parte* contact with their treating physicians.

The Court has considered the arguments premised by both sides as well as the cases presented in support of those positions. In the New Jersey litigation involving Aredia® and Zometa®, the state court considered the defendants' request to conduct *ex parte* interviews with treating physicians but denied this request despite the fact that New Jersey law [1] allows for such contact in furtherance of efficient discovery. *Gaus v. Novartis Pharmaceuticals Corp.,* Docket No. MID–L–007014–07–MT (New Jersey, Oct. 29, 2009). The rationale employed by Judge Mayer in *Gaus* took into account the "unique set of practical concerns presented in mass tort cases" as well as the number of plaintiffs (over 150) in determining the Court's resources would be impaired by a flood of discovery disputes regarding each treating physician. *Id.* at p. 17. To ensure the same right of access and promote an efficient discovery process, the Court ordered "[a]ll parties to proceed by way of formal deposition of Plaintiffs' treating physicians." *Id* . at p. 18.

The same issue was presented to the district court in *In re NuvaRing Products Liability Litigation,* 2009 WL 775442 (E.D.Mo., 2009). The *NuvaRing* Court declined to allow defendants *ex parte* access to plaintiffs' healthcare providers because the defendants had alternative methods of obtaining this information. However, the plaintiffs in *NuvaRing* agreed with the proposed limitations suggested by Defendants and based upon that agreement, Judge Sipple implemented those limitations in his order. *Id.* at *2.

*2 The present litigation presents slightly different circumstances from those in *Gaus* and *NuvaRing.* Unlike the parties in *Gaus,* the present litigation is focused on the post-label cases (a significantly smaller number), and focused on the bellwether cases, only two of which will be selected for trial in mid–2010. This Court does not envision significant discovery disputes or hearings which will overwhelm the judicial process. Finally, unlike the parties in *NuvaRing,* the parties herein were unsuccessful in reaching an agreement on resolution of the *ex parte* issue.

Based upon the experience with lead counsel in this litigation, the Court is of the opinion that lead counsel for both sides are experienced, professional and capable of conducting

themselves in an appropriate manner befitting the legal profession. The Court will assume capable and mature attorneys such as Plaintiffs' counsel will not act in a manner which would result in woodshedding or gaining an unfair advantage by ambush when engaged in e*x parte* contact with treating physicians. Such conduct will not be tolerated.

In the absence of an agreement between the parties to resolve this issue, the Court, after much consideration, adopts the approach of both Judges Sipple and Fallon [2] allowing Plaintiffs' counsel to have *ex parte* contact with treating physicians with the following limitations. Specifically, Plaintiffs' counsel may meet *ex parte* to discuss the physicians' records, course of treatment and related matters, but not as to liability issues or theories, product warnings, Defendant research documents or related materials. Violations of this approach, as stated above, will result in sanctions.

Accordingly, and for the reasons set forth above, Defendants' motion to regulate *ex parte* contacts with Plaintiffs' treating physicians (Doc. No. 399) is granted in part.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 320064

Footnotes

1    *Stempler v. Speidell,* 100 N.J. 368, 495 A.2d 857 (1985).
2    *In re Vioxx,* 230 F.R.D. 473 (E.D.La.2005).

End of Document                                    © 2016 Thomson Reuters. No claim to original U.S. Government Works.