UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION<br><br>MICHAEL WADSWORTH, Individually, and on Behalf of the Estate of TAMMY DANIELLE WADSWORTH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JANSSEN RESEARCH & DEVELOPMENT, LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICALS RESEARCH AND DEVELOPMENT LLC; JOHNSON & JOHNSON COMPANY; JANSSEN ORTHO, LLC; JANSSEN PHARMACEUTICALS, INC., f/k/a ORTHO- MCNEIL-JANSSEN PHARMACEUTICALS, INC.; BAYER CORPORATION; BAYER AG; BAYER HEALTHCARE LLC; and BAYER HEALTHCARE PHARMACEUTICALS INC.; and JOHN DOES 1-100,<br><br>　　　　Defendants. | MDL NO. 2592<br><br>SECTION:  L<br>JUDGE  ELDON E. FALLON<br>MAGISTRATE JUDGE NORTH<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**<br><br>Civil Action No.: 2:15-cv-6513 |

　　　　Plaintiff Michael Wadsworth submits this memorandum in support of his motion for an order from this Court granting him five (5) days from the date of granting this motion within which to serve process on the Defendant Bayer Pharma AG through the informal service method prescribed in Pretrial Order ("PTO") 10 (Dkt No. 357).

**STATEMENT OF RELEVANT FACTS**

　　　　Plaintiff filed his complaint herein on December 4, 2015. On January 7, 2016, Plaintiff filed an Amended Complaint herein. On January 8, 2016, a summons for Defendant Bayer Pharma AG was issued. On January 9, 2016, Plaintiff mailed a summons and a copy of the amended complaint to

1

Defendant Bayer Pharma AG in Germany. Exhibit A.

On January 25, 2016, the summons and amended complaint were delivered to Defendant Bayer Pharma AG. Exhibit B, USPS Tracking sheet.

**LEGAL ARGUMENT**

Pretrial Order ("PTO") 10 (Dkt No. 357) states that service is effective 10 days after delivery. Due to the time it took for delivery of the summons and amended complaint in Germany, service will be considered effective on February 4, 2016. PTO 10 requires service to be completed within 60 days. Consequently, Plaintiff's complaint herein is to be served on defendants by February 2, 2016, without an extension otherwise.

Plaintiff respectfully requests for an order extending the service deadline by five days to allow service of Defendant Bayer Pharma AG.

PTO 10 is not mandatory. Instead it merely provides a mechanism for informal service of "Certain Bayer Defendants". As set forth in the order "Bayer Pharma AG and Bayer Healthcare Pharmaceuticals Inc. (BHCP) agree to waive formal service of process under Federal Rule of Civil Procedure 4 and to accept service of Xarelto cases that are properly commenced in, removed to, or transferred to this MDL." (PTO 10; Dkt No. 357; at p. 2, ¶ II. C. 2). The order makes clear that such service is an informal process that may be used in lieu of formal service under Fed. R. Civ. P. 4. (PTO 10; Dkt No. 357; at p. 2, ¶ B) (referring to the prescribed method as "informal service"). Moreover failure to serve within the 60 days prescribed by the order does not mean service cannot be effected or that a claim is waived or precluded. The order states as follows:

> Failure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m). Other than those based on formal service of process, defendants reserve all other rights and defenses available to them under federal or state law and under applicable treaties and conventions.

(Dkt No. 357; at p. 3, ¶ D). Thus service can still be accomplished albeit under the formal process for service under Fed. R. Civ. P. 4.

2

FRCP 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them.  In general if a defendant is not served within 120 days after the complaint is filed Rule 4(m) instructs that is be dismissed "without prejudice" against the defendant or the court may "order that service be made within a specified time." However, FRCP 4(m) expressly provides that this time limitation does not apply to service in a foreign country.

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. <u>This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A). (Emphasis added).</u>

Fed. R. Civ. P. 4(m).

Rule 4(f) provides for serving individuals in a foreign country by various means including under the Hague Convention.[1]  The Hague Convention provides means for service of process in signatory states. Article 1 of the Hague Convention.  And it provides for various methods of service such as through a Central Authority (Article 2); through postal channels such as certified or registered mail; provided the state of destination does not object (Article 10(a); or direct service of an agent in the destination state where permitted by the destination state (Article 10(b). Hague Convention, 20 U.S.T. 361 at Arts. 1, 2, and 10; *see also*, U.S. Dep't of State, Service of Legal

---

[1] Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 commonly referred to as the Hague Service Convention or the Hague Convention.

Documents Abroad. Since Germany is a signatory to The Hague Convention it may be formally served through the designated Central Authority in Germany or under another method allowed for under The Hague Convention—depending on what Germany—the destination state—permits.

**Plaintiff Inadvertently Missed the Deadline For Informal Service Under PTO 10.**

Plaintiff's delivery of the summons and amended complaint was accomplished within 60 days, however, due to the time it took for the mailing to Germany, the 10 day additional period is beyond the 60 days by two days. The service of Plaintiff's Amended Complaint on Bayer Pharma AG beyond the 60 day limit prescribed by PTO 10 was, therefore, not in "bad faith." This is further illustrated by the fact the other named Defendants were timely served under PTO 10.

**Bayer Pharma AG Has Not and Will Not Suffer Any Prejudice By Extending the Time for Informal Service Under PTO 10.**

It is within the courts power to extend the time for formal service.

> …the court has discretionary power to extend time for service. *Id.* Such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note (1993).

*Newby v. Enron Corp.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008). By its actions of serving his Complaint on Bayer Pharma AG and submitting the PFS and the information required thereunder Plaintiff has put Bayer Pharma AG on notice of his intention to pursue his claims. Bayer Pharma AG therefore cannot claim surprise. Further, Bayer Pharma AG is not prejudiced because it knows that PTO 10 addresses only informal service. Plaintiff is not precluded from formally serving Bayer Pharma AG under Fed. R. Civ. P. 4.

Moreover, this MDL is at its early stages with trials not scheduled to start until 2017. New cases against the Defendants, including Bayer Pharma AG are being filed each day. All of the cases filed in this MDL involve similarly situated Plaintiffs who have filed claims alleging facts,

4

circumstances and theories of recovery virtually identical to the lawsuit filed by Plaintiff. Bayer cannot have any reasonable expectation that all litigants with claims have already filed suit or reasonably believe that many more claimants will not file in this MDL in the future.

The extension of the time to accomplish informal service under PTO 10 is appropriate under the circumstances. First, while formal service on Bayer Pharma AG is still available under the rigors of the Hague Convention, to require same would cause needless and undue costs to Plaintiff. Second, there simply is no useful purpose achieved by requiring a Plaintiff to comply with all the formalities of service in a foreign country, including costs of translation, when suing a defendant manufacturer, fluent in English, whose products are widely distributed in the United States. *See e.g.* Fed. R. Civ. P. 4 Notes of Advisory Committee on Rules-1993 Amendments Subdivision (d). Third, the extension will avoid any subsequent issues regarding the potential running of the applicable statute of limitations, even though the original complaint was timely filed and served. Fourth, PTO No. 10 precludes pursuing dismissal absent leave of the Court. Fifth, in a similar situation the Court recently granted an extension of time to effect informal service under PTO 10. See e.g. Order Granting Extension of Time. (Dkt. No. 1959).

**CONCLUSION**

In light of the foregoing, the Plaintiff requests an order from this Court granting him five (5) days from the entry of the Court's order granting this motion within which to serve process on the Defendant Bayer Pharma AG, through the streamlined informal process.

Respectfully submitted this 2nd day of February, 2016.

> /s/ James A. Oronoz
> JAMES A. ORONOZ, ESQ.
> ORONOZ & ERICSSON LLC
> 700 South Third Street
> Las Vegas, Nevada 89101
> Telephone: (702) 878-2889
> Facsimile: (702) 522-1542
> *Attorneys for Plaintif*

5