**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) | MDL NO. 2592 |
| ) | |
| PRODUCTS LIABILITY LITIGATION ) | SECTION L |
| ) | |
| ) | JUDGE ELDON E. FALLON |
| ) | |
| ) | MAG. JUDGE NORTH |
| ) | |
| ) | |
| ) | |

**This Document Relates to:**

*Anderson v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-03162;*

*Brown v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04519;*

*Carter v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04448;*

*Pipkin, v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04522;*

*Duvall v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04449;*

*Elliott v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04523;*

*Ferguson v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04460;*

*Frederick III v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04464;*

*Haggard v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04467;*

*Hamlin v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04472;*

*Ingram v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04473;*

*Kolo v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04474;*

*Lance v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-4476;*

*Miller v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-4424;*

*Myles v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-4485;*

*McGuire v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04477;*

*Rogers v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04526;*

*Smith v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04527;*

*Spitzer v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04490;*

*Staton v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04492;*

*Thomas v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04497;*

*Trissel v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04493;*

*Washington v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04494*

*Whipple v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04495;*

*Wolfe v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04496;*

*Woods v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04528;*

*Zuelich v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-04511;*

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**

Plaintiffs in the above-listed actions ("Plaintiffs"), through undersigned counsel, respectfully submit this reply memorandum in support of their Motion for Extension of Time within Which to Serve Process (Dkt. 1813).

1. In their opposition to Plaintiffs' motion, Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals Inc. (the "Bayer Defendants") acknowledge that all 27 Plaintiffs have submitted all of their complaints to both of the Bayer Defendants (with single exception of Plaintiff Claudia Miles, who has not served the German Bayer entity, Bayer Pharma AG, but did in fact serve Bayer Healthcare Pharmaceuticals). Bayer Healthcare Pharmaceuticals acknowledges receipt of all complaints and summons, through its representative, Corporation Service Company. Bayer Pharma AG acknowledges receipt of 26 of the 27 complaints and summons on its representative in Germany, Eva Gardyan-Eisenlohr.

2. Defendants' response does not dispute that all 27 Plaintiffs served their plaintiff fact sheets ("PFS") on the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO 13.

3. Plaintiffs' submission of the complaints, albeit untimely, was nonetheless a good faith effort to effect service. Plaintiffs' submission of their fact sheets, was done in a good faith effort to pursue their claims.

4. The Bayer Defendants cite *Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008), for the proposition that the Court should not allow Plaintiffs a brief extension to comply with Pre-Trial Order #10. In that case, however, the Fifth Circuit simply held that the district court did not abuse its discretion by refusing to allow the plaintiffs additional time for service when "[t]he record indicates that not only did Plaintiffs-Appellants fail to serve Defendants-Appellees for a period of over 1,000 days, they also waited an additional 126 days after receiving direct notice from certain Defendants-Appellees of defects in service before seeking leave from the court for additional time." *Id.* No such circumstances exist here. In this case, Plaintiffs sought leave from the court for additional time the very next day after Defendants provided direct notice of the defect.

5. Moreover, the court in *Newby* made clear that, "even if good cause is lacking, the court has discretionary power to extend time for service." *Id.* at 149. Plaintiffs respectfully suggest that the Court should exercise its discretion accordingly by granting them a brief extension to complete streamlined service on the Bayer Defendants. Plaintiffs recognize that the Bayer Defendants are entitled to expect compliance with Pre-Trial Order #10, and, undersigned counsel has instituted procedures to ensure that all future complaints are properly and timely served according to the procedures set forth in that order. Nevertheless, Plaintiffs maintain that any inconvenience that the Bayer Defendants may have experienced by receiving late formal notice of the above complaints does not warrant requiring Plaintiffs to execute formal service of those complaints, including by complying with the requirements of the Hague Convention. Thus,

Plaintiffs respectfully request that this Court grant this motion and allow them an additional thirty (30) days within which to effect service on the Bayer Defendants through the streamlined procedures for informal service of process set forth in Pre-Trial Order #10.

**Dated: February 2, 2016**             **JENSEN & ASSOCIATES**
                                        1024 N. Main Street
                                        Fort Worth, TX  76164
                                        Telephone:  (817) 34-0762
                                        Fax:  (817) 334-0110
                                        bhs@jensen-law.com


                                        /s/ Brandon H. Steffey
                                        Brandon H. Steffey
                                        Texas Bar No.: 24047207

                                        **ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above foregoing REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b) (2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No.17.

This the 2nd day of February, 2016.

/s/ Brandon H. Steffey
Brandon H. Steffey