CLERK'S OFFICE
A TRUE COPY
Feb 10 2016
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION     MDL No. 2592

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs and one healthcare provider defendant[1] in the four actions listed on Schedule A each move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to MDL No. 2592. The Bayer and Janssen defendants[2] oppose the motions to vacate and support transfer.

After considering the argument of counsel, we find that these actions share common questions of fact with the actions previously transferred to MDL No. 2592, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Movants do not dispute that the actions listed on Schedule A share questions of fact with MDL No. 2592. Like many of the already-centralized actions, these actions involve factual questions arising from allegations that Xarelto causes severe bleeding and other injuries and that defendants did not adequately warn prescribing physicians or consumers of the risks associated with Xarelto. *See In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402 (J.P.M.L. 2014).

In support of the motions to vacate, movants argue that the actions were improperly removed to federal court and motions for remand to state court are pending. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as the parties can present such arguments to the transferee judge.[3] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Additionally, the healthcare provider defendant

---

[*] Judge Charles A. Breyer took no part in the decision of this matter.

[1] Dr. Jerome M. Kane in the Northern District of Texas *Murphy* action on Schedule A.

[2] Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Bayer Corporation, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson.

[3] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

argues that plaintiffs have no reasonable basis for asserting claims against him and thus, he should be dismissed as a fraudulently or procedurally misjoined defendant. But the Panel does not decide the merits of the claims before it in deciding whether to transfer an action under Section 1407. *See In re: Maxim Integrated Prods., Inc., Patent Litig.*, 867 F. Supp. 2d 1333, 1335 (J.P.M.L. 2012).[4]

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell   Lewis A. Kaplan
Ellen Segal Huvelle   R. David Proctor
Catherine D. Perry

---

[4] Additionally, in pharmaceutical MDLs, we have transferred claims against a plaintiff's medical provider even where they are not the principal defendants in the centralized proceedings. *See, e.g., In re: Chantix (Varenicline) Products Liability Litigation*, MDL No. 2092, Transfer Order at 1 (J.P.M.L. Aug. 3, 2012). It makes particular sense to do so where, as here, the record shows that the provider and manufacturer defendants assert overlapping issues concerning misjoinder.

**IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION**                                         MDL No. 2592

## SCHEDULE A

<u>Central District of California</u>

16-cv-1062    BARBA, ET AL. v. JANSSEN RESEARCH AND DEVELOPMENT LLC, ET AL.,
              C.A. No. 8:15-01548

<u>Eastern District of Missouri</u>

16-cv-1063    LAWRENCE, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL.,
              C.A. No. 4:15-01638

16-cv-1064    SMITH, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL.,
              C.A. No. 4:15-01671

<u>Northern District of Texas</u>

10-cv-1066    MURPHY, ET AL. v. JOHNSON AND JOHNSON, ET AL., C.A. No. 3:15-03590