## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) | |
| PRODUCTS LIABILITY LITIGATION ) | MDL No. 2592 |
| ) | |
| ) | SECTION: L |
| ) | |
| **THIS DOCUMENT RELATES TO:** ) | JUDGE ELDON E. FALLON |
| *Timothy Faulk v. Janssen Research &* ) | |
| *Development, LLC, et al.* ) | |
| **Civil Action No. 2:15-cv-04431** ) | MAGISTRATE JUDGE NORTH |
| ) | |
| *Rosie J. Healey v. Janssen Research &* ) | |
| *Development, LLC, et al.* ) | |
| **Civil Action No. 2:15-cv-04768** ) | |
| ) | |
| *Pearlie M. Taylor v. Janssen Research &* ) | |
| *Development, LLC, et al.* ) | |
| **Civil Action No. 2:15-cv-04772** ) | |
| ) | |
| ) | |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

Plaintiffs, by and through their undersigned counsel, request the Court make a determination of service or, in the alternative, extend the time within which to serve process pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### FACTUAL BACKGROUND

The affidavits of Russell T. Abney and Claire Galloway are attached hereto in support of this Brief as Exhibits A and B, respectively. The undisputed underlying facts reveal:

1.  On September 16, 2015 the case of Faulk, et al. v. Janssen Research & Development, LLC, et al. was filed in this Court. The plaintiffs in this bundled complaint were: Rosie Healey,

    Olivia Rutledge, Pearlie Taylor and Timothy Faulk.  The Clerk of Court severed the actions on September 24, 2015 and summons were issued on September 29, 2015.

2.  In compliance with PTO 10, Plaintiffs mailed by Certified Mail, Return Receipt Requested, the Complaints, Summons, severance order, and list of individual case captions for each of the four cases to Bayer Healthcare Pharmaceuticals, Inc. ("BHCP"), the only defendant in this litigation that is served with process in Wilmington, DE.

3.  In the ordinary course, the green cards (i.e. the return receipts) would accompany the packages to the addressee and then be tracked back through the Wilmington, DE post office and then to the Dallas, TX post office, and finally delivered back to the sender.  This is exactly what happened with respect to the service of the Rutledge Complaint.

4.  The tracking information for the original service on BHCP for the four cases that were filed at the same time (three of which are the subject of this motion) are attached.[1]  As indicated by the United States Postal Service's tracking system, all four packages arrived at the Wilmington, DE post office, were sorted, and were sent "out for delivery" between October 5 and October 9, 2015.  Only the Rutledge green card, however, was signed and returned to sender.

5.  On November 30, 2015 Ms. Lindy Brown, on behalf of BHCP wrote to Plaintiffs' counsel to advise that the service for Plaintiff Rutledge had been made by regular mail and, therefore, service was not effective.[2]  BHCP made no complaints regarding service with respect to the other three cases at this time.  That same day, in an effort to unravel the cause of the confusion, Plaintiffs' counsel sent BHCP a copy of the green card showing receipt by BHCP

---

[1] Exhibit B-1.
[2] Exhibit A-1.

of service in the Rutledge case and requested an image of the envelope BHCP claimed was sent by regular mail.[3] BHCP did not provide the requested image.

6. Ms. Galloway, a legal assistant at Plaintiffs' counsel's office had investigated the status of service on the remaining Bayer Defendants and determined that green cards for three of the four cases filed against BHCP had not been returned.[4]

7. Counsel for Plaintiffs and BHCP subsequently spoke and agreed that Plaintiffs' counsel would reserve BHCP even though it appeared service was proper in the first case.[5]

8. In accordance with the understood agreement Plaintiffs then reserved BHCP in all four cases on December 3, 2015.

9. BHCP signed and returned the green cards for service on all four cases.  These were received by Plaintiffs' counsel on December 10, 2015.[6]

10. On December 22, 2015 Ms. Brown wrote to advise that service on BHCP was not timely under PTO 10 for the three cases at issue.[7] Ms. Brown subsequently advised that she was unaware of any timely efforts by Plaintiffs to serve BHCP and requested additional information on those efforts.[8]

11. Plaintiffs advised Ms. Brown that service had been attempted timely but the green cards were not received back and that service was resent in accordance with the parties' earlier discussions.  On December 31, 2015 Plaintiffs' counsel provided Ms. Brown with the tracking information showing the packages going out for delivery and not being returned.[9]

---

[3] Exhibit A-2.
[4] Exhibit A-6.
[5] Exhibit A-3.
[6] Exhibit B-2.
[7] Exhibit A-4.
[8] Exhibit A-5.
[9] Exhibit A-6.

Receiving no response, Plaintiffs' counsel again inquired of Ms. Brown on January 12, 2016 as to whether or not BHCP was still contesting service.[10]

12. Later, on January 12 and 13, 2016 BHCP served its DFS on Plaintiffs in the three cases at issue. The Certification by BHCP in each case is identical:

**CERTIFICATION**

I am employed by Bayer HealthCare Pharmaceuticals, Inc., one of the Defendants in this litigation. I am authorized by Bayer HealthCare Pharmaceuticals, Inc. to execute this certification on its behalf. The foregoing answers were prepared with the assistance of a number of individuals, including counsel for Defendants, upon whose advice and information I relied. I declare under penalty of perjury that all of the information as to Bayer HealthCare Pharmaceuticals, Inc., provided in this Defendant Fact Sheet is true and correct to the best of my knowledge upon information and belief.

| Signature | Print Name | Date |
|---|---|---|
| *[signature]* | MICHAEL MCDONALD | 1/13/2016 |

Accordingly, at this point BHCP has been served with the summons and complaint, has an answer on file, and has served four DFS acknowledging it is a Defendant in this cases.

13. January 14, 2016 Ms. Brown again wrote taking the position that the service on BHCP for the three cases at issue was ineffective as it was beyond the 60 days allowed under PTO 10.[11]

14. These facts were explained to counsel for BHCP on more than one occasion in an effort to avoid having to trouble the Court with this Motion, but no agreement could be reached.

## ARGUMENT AND AUTHORITY

As the undisputed facts show, Plaintiffs timely complied with the service requirements of PTO 10. The tracking information from the United States Postal Service shows that while all four Complaints were timely mailed and all four were "out for delivery" to BHCP, only one of

---

[10] Exhibit A-6.
[11] Exhibit A-7.

the cards was signed and returned. While it is impossible to know exactly what happened to the other three packages, the most likely outcome is that they were delivered to BHCP and misplaced with the green cards still attached. The only other possible explanation is that they were mis-delivered or lost by the postal service. In either case, the failure, if any, of BHCP to receive the service in the time allotted by PTO 10 is through no fault of the Plaintiffs.

Because of the unique agreements that have been reached by the parties (and approved by the Court) in this MDL proceeding BHCP has an answer on file. Additionally, BHCP has served each Plaintiff with a DFS acknowledging that it is a defendant in these cases. It is unequitable for BHCP to now take the position that it has not been served.

The court must extend the time for service for an appropriate period if the plaintiff shows good cause for the failure to serve within the time required. Fed. R. Civ. P. 4(m).

Accordingly, Plaintiffs respectfully request that the Court grant plaintiffs an extension of time until December 11, 2015 to serve BHCP and make a judicial finding that BHCP was served with process according to this Court's PTO on December 10, 2015.

Respectfully submitted this 12th day of February, 2016.

/s/ Russell T. Abney_____
Russell T. Abney, Esq.
Attorney I.D. No. 000875 (GA)
FERRER, POIROT & WANSBROUGH
2603 Oak Lawn Avenue Suite 300
Dallas, TX 75219
Telephone: 800.521.4492
Fax: 866.513.0115
rabney@lawyerworks.com

Attorney for the Plaintiffs