UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2592<br><br>SECTION: L<br><br>JUDGE ELDON E. FALLON<br><br><br>MAGISTRATE JUDGE NORTH |
| **THIS DOCUMENT RELATES TO:** *Margaret Tilbury v. Janssen Research & Development, LLC, et al.* **Civil Action No. 2:15-cv-05035** | | |

**PLAINTIFFS' BRIEF IN SUPPORT OF
UNOPPOSED MOTION TO CORRECT MISNOMER OF PLAINTIFF**

Plaintiff, by and through her undersigned counsel, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, requests the Court to order the substitution of the correctly named Plaintiff in this case.

## FACTUAL BACKGROUD

On September 29, 2015 this action was filed for injuries sustained by Plaintiff Margaret Tilbury as a result of her exposure to Xarelto. A miscommunication within counsel's office led to the Plaintiff being misnamed as "Brenda Frantz, on behalf of the Estate of Margaret Tilbury" on the original complaint filed in this case. Ms. Frantz possesses power of attorney for Ms. Tilbury, but as Ms. Tilbury is not deceased, there is no "Estate of Margaret Tilbury."

The Complaint, however, is unambiguous with regard to the fact that it was Ms. Tilbury who sustained the injury. A Plaintiff Fact Sheet was timely served for Ms. Tilbury and her medical records have been provided to Defendants. Defendants do not oppose this motion.

## MEMORANDUM OF LAW

Leave to amend a pleading "shall be freely given where justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) requires the Court to consider whether the movant would be prejudiced by denial of leave to amend. *Reyna v. Flashtax, Inc.*, 162 F.R.D. 530, at 532 (S.D. Tex. 1995). The Court may consider a number of factors, including "undue prejudice to the opposing party by virtue of allowance of the amendment." *Forman v. Davis*, 371 U.S. 178 (1962). In *Reyna*, the Court granted Plaintiff's motion for leave to amend its complaint finding that the error in listing plaintiff as Reyna Fastax, Inc. instead of Raul Reyna d/b/a Rena Fastax Service was a misnomer and Defendant would not be prejudiced because Defendant had notice since the beginning of the lawsuit that plaintiff Reyna Fastax Service was partly owned and operated by the party to be substituted as plaintiff, Paul Reyna. *Reyna*, 162 F.R.D. 530, 532. The Court also noted that it would be unduly harsh on the Plaintiff to deny leave to amend because since the original Plaintiff did not exist and therefore cannot sue, denial of leave would effectively end the case before reaching the merits. *Id.*

Accordingly, Plaintiff respectfully requests that the Court Order the substitution of Margaret Tilbury as Plaintiff in this case in place of "Brenda Frantz, on behalf of the Estate of Margaret Tilbury."

Respectfully submitted this 16th day of February 2016.

                                        /s/ Russell T. Abney
                                        Russell T. Abney, Esq.
                                        Attorney I.D. No. 000875 (GA)
                                        FERRER, POIROT & WANSBROUGH
                                        2603 Oak Lawn Avenue Suite 300
                                        Dallas, TX 75219
                                        Telephone: 800.521.4492
                                        Fax: 866.513.0115
                                        rabney@lawyerworks.com

                                        Attorney for the Plaintiffs