**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| MARVIN BAUDER, SANDRA BEBOUT, BRENDA BRUMFIELD, CARL | ) ) | JUDGE: ELDON E. FALLON |
| CHESHIER, BETHANY FISK, DONALD GARRETT, TASASHA GOLDEN, | ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| BURNEST GRAHAM, NEIL KENNEDY, ANDRE LAMONT LEWIS, FRANK | ) ) | |
| MARKS, ROBIN MARTINEZ, DELORES MCCONNELL, RUBY | ) ) | Civil Action No: 2:15-cv-02417 (Severed from Lead Action |
| MCKINNEY, CARROLL NEUNER, DAVID NORTH, EDWARD PARRISH, | ) ) | No. 2:15-cv-02289) |
| JAMIE PIERCE, ROBERT POLLACK, LAURA SINCLAIR, JEANNE SPARKS, | ) ) | JURY TRIAL DEMANDED |
| ROSE SUTTON, GAYLAND TITUS, MISENDER UPCHURCH, SARAH | ) ) | |
| WARD, GEORGE WINCHESTER, and CURTIS YORK, | ) ) | |
|      Plaintiffs | ) ) | |
| | ) | |
| v. | ) ) | |
| | ) | |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. | ) ) | |
|      Defendants | ) | |
| _____ | ) | |

<u>**ANSWER AND ADDITIONAL DEFENSES OF**</u>
<u>**DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.**</u>
<u>**TO PLAINTIFFS' JOINT COMPLAINT AS IT RELATES TO**</u>
<u>**THE CLAIMS OF PLAINTIFF ROSE SUTTON**</u>

Defendant Bayer HealthCare Pharmaceuticals Inc. ("BHCP") serves its Answer and

Additional Defenses to Plaintiffs' Joint Complaint (the "Complaint") as it relates to the claims of

Plaintiff Rose Sutton (the "Plaintiff") and states as follows[1]:

---

[1] Pursuant to Pre-Trial Order No. 11 ("PTO 11"), BHCP files an individual answer to the Complaint as to the claims of Plaintiff Rose Sutton as Plaintiff Rose Sutton has been selected as part of the bellwether discovery pool. Pursuant to PTO 11, BHCP's Omnibus Answer and Defenses is deemed as the operative answer and defenses for the remaining plaintiffs named in the Complaint.

2639699-1

ANSWER TO
I. PLAINTIFF SPECIFIC ALLEGATIONS

1.      No response is required as to the allegations contained in paragraph 1.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Marvin Bauder's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 and its subparagraphs, and therefore those allegations are denied.

2.      No response is required as to the allegations contained in paragraph 2.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Sandra Bebout's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 and its subparagraphs, and therefore those allegations are denied.

3.      No response is required as to the allegations contained in paragraph 3.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Brenda Brumfield's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 and its subparagraphs, and therefore those allegations are denied.

4.      No response is required as to the allegations contained in paragraph 4.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Carl Cheshier's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and its subparagraphs, and therefore those allegations are denied.

5.      No response is required as to the allegations contained in paragraph 5.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Bethany Fisk's alleged

injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 and its subparagraphs, and therefore those allegations are denied.

6.      No response is required as to the allegations contained in paragraph 6.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Donald Garrett's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 and its subparagraphs, and therefore those allegations are denied.

7.      No response is required as to the allegations contained in paragraph 7.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Tasasha Golden's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 and its subparagraphs, and therefore those allegations are denied.

8.      No response is required as to the allegations contained in paragraph 8.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Burnest Graham's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and its subparagraphs, and therefore those allegations are denied.

9.      No response is required as to the allegations contained in paragraph 9.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Neil Kennedy's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 and its subparagraphs, and therefore those allegations are denied.

2639699-1

10.     No response is required as to the allegations contained in paragraph 10.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Andre Lamont Lewis' alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 and its subparagraphs, and therefore those allegations are denied.

11.     No response is required as to the allegations contained in paragraph 11.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Frank Marks' alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 and its subparagraphs, and therefore those allegations are denied.

12.     No response is required as to the allegations contained in paragraph 12.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Robin Martinez's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 and its subparagraphs, and therefore those allegations are denied.

13.     No response is required as to the allegations contained in paragraph 13.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Delores McConnell's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 and its subparagraphs, and therefore those allegations are denied.

14.     No response is required as to the allegations contained in paragraph 14.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Ruby McKinney's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or

2639699-1

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 and its subparagraphs, and therefore those allegations are denied.

15.     No response is required as to the allegations contained in paragraph 15.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Carroll Neuner's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 and its subparagraphs, and therefore those allegations are denied.

16.     No response is required as to the allegations contained in paragraph 16.  To the extent a response is deemed required, BHCP denies that any of Plaintiff David North's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 and its subparagraphs, and therefore those allegations are denied.

17.     No response is required as to the allegations contained in paragraph 17.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Edward Parrish's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 and its subparagraphs, and therefore those allegations are denied.

18.     No response is required as to the allegations contained in paragraph 18.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Jamie Pierce's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 and its subparagraphs, and therefore those allegations are denied.

2639699-1

19.     No response is required as to the allegations contained in paragraph 19.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Robert Pollack's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 and its subparagraphs, and therefore those allegations are denied.

20.     No response is required as to the allegations contained in paragraph 20.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Laura Sinclair's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 and its subparagraphs, and therefore those allegations are denied.

21.     No response is required as to the allegations contained in paragraph 21.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Jeanne Sparks' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 and its subparagraphs, and therefore those allegations are denied.

22.     BHCP denies that any of Plaintiff Rose Sutton's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 and its subparagraphs, and therefore those allegations are denied.

23.     No response is required as to the allegations contained in paragraph 23.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Gayland Titus' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 and its subparagraphs, and therefore those allegations are denied.

24.     No response is required as to the allegations contained in paragraph 24.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Misender Upchurch's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 and its subparagraphs, and therefore those allegations are denied.

25.     No response is required as to the allegations contained in paragraph 25.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Sarah Ward's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 and its subparagraphs, and therefore those allegations are denied.

26.     No response is required as to the allegations contained in paragraph 26.  To the extent a response is deemed required, BHCP denies that any of Plaintiff George Winchester's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 and its subparagraphs, and therefore those allegations are denied.

27.     No response is required as to the allegations contained in paragraph 27.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Curtis York's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 and its subparagraphs, and therefore those allegations are denied.

<u>ANSWER TO</u>
<u>II. DEFENDANTS</u>

1 [sic].  The allegations contained in the second paragraph numbered 1 are not directed to BHCP, and therefore no response is required.

2 [sic].  The allegations contained in the second paragraph numbered 2 are not directed to BHCP, and therefore no response is required.

3 [sic].  The allegations contained in the second paragraph numbered 3 are not directed to BHCP, and therefore no response is required.

4 [sic].  The allegations contained in the second paragraph numbered 4 are not directed to BHCP, and therefore no response is required.

5 [sic].  The allegations contained in the second paragraph numbered 5 are not directed to BHCP, and therefore no response is required.

6 [sic].  The allegations contained in the second paragraph numbered 6 are not directed to BHCP, and therefore no response is required.

7 [sic].  The allegations contained in the second paragraph numbered 7 are not directed to BHCP, and therefore no response is required.

8 [sic].  The allegations contained in the second paragraph numbered 8 are not directed to BHCP, and therefore no response is required.

9 [sic].  The allegations contained in the second paragraph numbered 9 are not directed to BHCP, and therefore no response is required.

10 [sic]. The allegations contained in the second paragraph numbered 10 are not directed to BHCP, and therefore no response is required.

11 [sic]. The allegations contained in the second paragraph numbered 11 are not directed to BHCP, and therefore no response is required.

12 [sic]. The allegations contained in the second paragraph numbered 12 are not directed to BHCP, and therefore no response is required.

13 [sic]. BHCP admits that BHCP is a Delaware corporation with its principal place of business in New Jersey.   BHCP denies the allegations contained in the second paragraph numbered 13 to the extent not specifically admitted.

14 [sic]. BHCP admits that BHCP had some involvement in certain aspects of the research and development of Xarelto®.   BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP sold Xarelto®.   BHCP denies the allegations contained in the second paragraph numbered 14 to the extent not specifically admitted.

15 [sic]. BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.   BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.   BHCP admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"), pulmonary embolism ("PE"), and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.   BHCP denies the allegations contained in the second paragraph numbered 15 to the extent not specifically admitted.

16 [sic]. The allegations contained in the second paragraph numbered 16 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG is a German company with its principal place of business in Germany.  BHCP admits that Bayer Pharma AG is a pharmaceutical company. BHCP denies the allegations contained in the second paragraph numbered 16 to the extent not specifically admitted.

17 [sic]. The allegations contained in the second paragraph numbered 17 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG was formerly known as Bayer Schering Pharma AG, which was formerly known as Schering AG, and that Bayer Pharma AG is the same corporate entity as Bayer Schering Pharma AG and Schering AG.  BHCP denies the allegations contained in the second paragraph numbered 17 to the extent not specifically admitted.

18 [sic]. The allegations contained in the second paragraph numbered 18 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Schering AG was renamed Bayer Schering Pharma AG effective December 29, 2006.  BHCP denies the allegations contained in the second paragraph numbered 18 to the extent not specifically admitted.

19 [sic]. The allegations contained in the second paragraph numbered 19 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Schering Pharma AG was renamed Bayer Pharma AG effective July 1, 2011.  BHCP denies the allegations contained in the second paragraph numbered 19 to the extent not specifically admitted.

20 [sic]. The allegations contained in the second paragraph numbered 20 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the research and development of Xarelto®.  BHCP denies that Bayer Pharma AG sold or marketed Xarelto® in the United States.  BHCP denies the allegations contained in the second paragraph numbered 20 to the extent not specifically admitted.

21 [sic]. The allegations contained in the second paragraph numbered 21 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the design, research and testing of Xarelto®.  BHCP admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  BHCP denies that Bayer Pharma AG advertised, promoted, marketed, sold or distributed Xarelto® in the United States.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in the second paragraph numbered 21 to the extent not specifically admitted.

22 [sic]. The allegations contained in the second paragraph numbered 22 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Corporation is an Indiana corporation with its principal place

of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  BHCP denies the allegations contained in the second paragraph numbered 22 to the extent not specifically admitted.

23 [sic]. The allegations contained in the second paragraph numbered 23 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that all of the issued and outstanding shares of common stock of BHCP are owned by Schering Berlin Inc., that Schering Berlin Inc. is wholly owned by Bayer HealthCare Holdings LLC and that the sole member of Bayer HealthCare Holdings LLC is Bayer Corporation.  BHCP denies the allegations contained in the second paragraph numbered 23 to the extent not specifically admitted.

24 [sic]. The allegations contained in the second paragraph numbered 24 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since January 1, 2003, Bayer Corporation has been a holding company that does not conduct operations.  BHCP further states that before January 1, 2003, Bayer Corporation conducted operations through divisions.  BHCP denies that Bayer Corporation researched, developed, designed, licensed, manufactured, distributed, sold or marketed Xarelto®, except that BHCP admits that a former division of Bayer Corporation, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  For a further response, BHCP states that relevant documentation regarding work relating to Xarelto® of such former division is now held by BHCP.  BHCP denies the allegations contained in the second paragraph numbered 24 to the extent not specifically admitted.

25 [sic]. The allegations contained in the second paragraph numbered 25 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer HealthCare LLC is a limited liability company formed in

Delaware and that Bayer HealthCare LLC's principal place of business is in New Jersey. BHCP admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205. BHCP denies the allegations contained in the second paragraph numbered 25 to the extent not specifically admitted.

26 [sic]. The allegations contained in the second paragraph numbered 26 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP denies that Bayer HealthCare LLC designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®, and denies the remaining allegations contained in the second paragraph numbered 26.

27 [sic]. The allegations contained in the second paragraph numbered 27 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP admits that Bayer HealthCare AG has its principal place of business in Germany. BHCP denies the allegations contained in the second paragraph numbered 27 to the extent not specifically admitted.

28. The allegations contained in paragraph 28 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 28.

29. The allegations contained in paragraph 29 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP admits that Bayer AG is a German company with its headquarters in Leverkusen, North Rhine-Westphalia, Germany. BHCP admits that at all relevant times since October 1, 2003, Bayer AG was a holding company and that the business areas conducted by its various direct and indirect

13

subsidiaries included material science, crop science and healthcare, including pharmaceuticals. BHCP denies the allegations contained in paragraph 29 to the extent not specifically admitted.

30.     The allegations contained in paragraph 30 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 30.

31.     The allegations contained in paragraph 31 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since October 1, 2003, at all relevant times, Bayer AG was a holding company that did not conduct operations.  BHCP further states that before January 1, 2003, Bayer AG conducted its pharmaceutical operations through a division.   BHCP denies that Bayer AG designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®, except that BHCP admits that a former division of Bayer AG, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  Relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer Pharma AG. BHCP denies the allegations contained in paragraph 31 to the extent not specifically admitted.

32.     BHCP admits that the Complaint contains allegations referring to BHCP and other entities collectively as "Defendants" or otherwise, but BHCP is not answering the Complaint on behalf of any entity other than BHCP, and is not answering allegations that are directed to any entity other than BHCP.  BHCP accordingly denies the allegations contained in paragraph 32.

33.     The allegations contained in paragraph 33 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 33 on behalf of any entity other than BHCP.  Because of the vagueness and ambiguity of the allegations contained in

14

paragraph 33, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

34.     The allegations contained in paragraph 34 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 34 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 34.

35.     The allegations contained in paragraph 35 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 35 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the development of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, licensed, manufactured, distributed or sold Xarelto®.  BHCP denies the allegations contained in paragraph 35 to the extent not specifically admitted.

ANSWER TO
III. JURISDICTION AND VENUE

36.     To the extent that paragraph 36 states a legal conclusion, no response is required. To the extent a response is deemed required, BHCP admits that this Court has subject matter jurisdiction of Plaintiff's action under 28 U.S.C. §1332, that there is complete diversity of citizenship between Plaintiff and Defendants, and that Plaintiff claims more than $75,000.00 in damages.  BHCP denies any liability.

37.     To the extent that paragraph 37 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 37 are directed to Defendants collectively.  BHCP is not answering the allegations contained in

15

paragraph 37 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 37.

38.      To the extent that paragraph 38 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 38 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 38 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 regarding the propriety of venue under 28 U.S.C. §1391, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 38.

39.      To the extent that paragraph 39 states a legal conclusion, no response is required. To the extent a response is deemed required, BHCP admits only that this action was filed in *In re: Xarelto (Rivaroxaban) Products Liability Litigation* for pretrial proceedings only, pursuant to Pretrial Order 11.  BHCP denies the allegations contained in paragraph 39 to the extent not specifically admitted.

<u>ANSWER TO</u>
<u>IV. FACTUAL ALLEGATIONS</u>

40.      The allegations contained in paragraph 40 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 40 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, sold or distributed Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff ingested and used Xarelto®, and that Plaintiff suffered the injuries or losses alleged, and therefore those allegations are denied.  BHCP

16

denies that any of Plaintiff's alleged injuries or losses were a result of the use of Xarelto®. BHCP denies the allegations contained in paragraph 40 to the extent not specifically admitted.

41.     The allegations contained in paragraph 41 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 41 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 41 to the extent not specifically admitted.

42.     BHCP admits that on July 1, 2011, Xarelto® was approved by the United States Food and Drug Administration (the "FDA") for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP admits that Xarelto® belongs to a class of medications sometimes referred to as new oral anticoagulants.   BHCP denies the allegations contained in paragraph 42 to the extent not specifically admitted.

43.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 regarding products other than Xarelto®, and therefore those allegations are denied.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits

2639699-1

that BHCP promoted Xarelto® consistent with the FDA-approved labeling.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 43 to the extent not specifically admitted.

44.     BHCP admits that Xarelto® is an oral anticoagulant and a factor Xa inhibitor available by prescription.  BHCP further admits that Xarelto® is available in the following dosage: 20 mg tablets, 15 mg tablets, and 10 mg tablets.  BHCP denies the allegations contained in paragraph 44 to the extent not specifically admitted.

45.     The allegations contained in paragraph 45 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 45 on behalf of any entity other than BHCP.  BHCP admits that on July 1, 2011, Xarelto® was approved by the FDA for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 45 to the extent not specifically admitted.

46.     BHCP admits that the Regulation of Coagulation in Orthopedic Surgery to Prevent Deep Venous Thrombosis and Pulmonary Embolism clinical trials (the "RECORD" clinical trials) were conducted and involved evaluating the use of Xarelto® for the prevention of venous thromboembolism in patients undergoing total knee replacement or total hip replacement.  The results of the RECORD clinical trials, in their entirety, speak for themselves.  The New England Journal of Medicine and Lancet articles referenced in paragraph

18

46, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 46 to the extent not specifically admitted.

47.     BHCP denies the allegations contained in paragraph 47.

48.     The allegations contained in paragraph 48 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 48 on behalf of any entity other than BHCP.  BHCP admits that on November 4, 2011, Xarelto® was approved by the FDA to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  BHCP admits that the Rivaroxaban Once Daily Oral Direct Factor Xa Inhibition Compared with Vitamin K Antagonism for Prevention of Stroke and Embolism Trial in Atrial Fibrillation clinical trial (the "ROCKET AF" clinical trial) was conducted and involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The results of the ROCKET AF clinical trial, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 48 to the extent not specifically admitted.

49.     BHCP admits that the ROCKET AF clinical trial involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The results of the ROCKET AF clinical trial, in their entirety, speak for themselves.  The New England Journal of Medicine article referenced in paragraph 49, in its entirety, speaks for itself.  BHCP denies the allegations contained in paragraph 49 to the extent not specifically admitted.

50.     The allegations contained in paragraph 50 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 50 on behalf of any entity other than BHCP.  BHCP admits that the ROCKET AF clinical trial compared the safety

19

and efficacy of once-daily oral Xarelto® with adjusted-dose oral warfarin for the prevention of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. BHCP denies Plaintiff's characterization of the ROCKET AF clinical trial. BHCP denies the allegations contained in paragraph 50 to the extent not specifically admitted.

51.     BHCP denies the allegations contained in paragraph 51.

52.     BHCP denies the allegations contained in paragraph 52. BHCP affirmatively states that Plaintiff has excerpted and referenced a selected portion of an FDA Draft Briefing Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee. The FDA Draft Briefing Document, in its entirety, speaks for itself.

53.     Plaintiff attempts to excerpt a letter from Public Citizen, which is in writing and in its entirety speaks for itself. BHCP denies Plaintiff's characterization of the document and otherwise denies the allegations contained in paragraph 53.

54.     BHCP denies the allegations contained in paragraph 54. BHCP affirmatively states that Plaintiff has excerpted and referenced a selected portion of an FDA Draft Briefing Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee. The FDA Draft Briefing Document, in its entirety, speaks for itself.

55.     Plaintiff has excerpted and referenced a selected portion of the transcript of the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee. The transcript of the September 8, 2011 Meeting, in its entirety, speaks for itself. BHCP denies the remaining allegations contained in paragraph 55.

56.     The allegations contained in paragraph 56 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 56 on behalf of any

entity other than BHCP.  BHCP denies the allegations contained in paragraph 56.  BHCP denies

Plaintiff's characterization of the FDA's Summary Review, which in its entirety speaks for itself.

57.     BHCP admits that on November 2, 2012, Xarelto® was approved by the FDA for

the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE, and

that the Xarelto® labeling as of November 2012 reflected information regarding the indication

for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and PE.

BHCP denies the allegations contained in paragraph 57 to the extent not specifically admitted.

58.     BHCP admits that the clinical trial EINSTEIN-DVT was a comparative study

conducted and that involved evaluating the use of Xarelto® for the prevention of deep vein

thrombosis in patients with confirmed acute symptomatic deep vein thrombosis without

symptomatic pulmonary embolism.  BHCP admits that the clinical trial EINSTEIN-PE was a

comparative study conducted and that involved evaluating the use of Xarelto® for the prevention

of pulmonary embolism in patients with confirmed acute symptomatic pulmonary embolism with

or without symptomatic deep vein thrombosis.  BHCP admits that the clinical trial EINSTEIN-

Extension was a comparative study conducted and that involved evaluating the use of Xarelto®

for the long term prevention of recurrent symptomatic venous thromboembolism in patients with

confirmed symptomatic deep vein thrombosis or pulmonary embolism and who had received

prior treatment with Xarelto® or a vitamin K antagonist before clinical trial enrollment.  The

results of the EINSTEIN-DVT, EINSTEIN-PE, and EINSTEIN-Extension clinical trials, in their

entirety, speak for themselves.  The New England Journal of Medicine articles referenced in

paragraph 58, in their entirety, speak for themselves.  Plaintiff has cited an article entitled *Oral

rivaroxaban after symptomatic venous thromboembolism: the continued treatment study*, from

the Expert Review of Cardiovascular Therapy.  BHCP lacks knowledge or information sufficient

to form a belief as to the truth of the accuracy of Plaintiff's characterization of that article, and therefore Plaintiff's characterization is denied. BHCP denies the allegations contained in paragraph 58 to the extent not specifically admitted.

59.     The allegations contained in paragraph 59 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 59 on behalf of any entity other than BHCP.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies Plaintiff's characterization of the promotional materials for Xarelto®.  BHCP denies the allegations contained in paragraph 59 to the extent not specifically admitted.

60.     The allegations contained in paragraph 60 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 60 on behalf of any entity other than BHCP.  BHCP admits that BHCP promoted Xarelto® consistent with the FDA-approved labeling.   BHCP denies Plaintiff's characterization of the marketing of Xarelto®. Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied. BHCP denies the allegations contained in paragraph 60 to the extent not specifically admitted.

61.     The allegations contained in paragraph 61 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 61 on behalf of any entity other than BHCP.   At all times, BHCP's limited involvement in the promotion of Xarelto® to a certain limited number of United States healthcare professionals was in accordance

22

with the FDA-approved labeling.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies the allegations contained in paragraph 61 to the extent not specifically admitted.

62.     BHCP denies the allegations contained in paragraph 62.

63.     BHCP admits that Plaintiff has quoted selected excerpts from the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, regarding statements purportedly made by FDA reviewers regarding Xarelto®.  The October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, in its entirety, speaks for itself, and BHCP is not admitting the accuracy of any information or assertions in the QuarterWatch publication.  For a further response, the statements made by FDA reviewers regarding Xarelto®, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 63 to the extent not specifically admitted.

64.     The allegations contained in paragraph 64 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 64 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 64.

65.     BHCP admits that a specific reversal agent for Xarelto® is not available.  BHCP admits that the original Xarelto® label provided in the Overdosage section that a specific reversal agent for Xarelto® is not available.  BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.  BHCP denies the allegations contained in paragraph 65 to the extent not specifically admitted.

66.     BHCP denies the allegations contained in paragraph 66.

67.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67, and therefore those allegations are denied.  For a

further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

68.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

69.    Plaintiff fails to identify the specific publication that Plaintiff purportedly quotes from in paragraph 69.  BHCP denies the allegations contained in paragraph 69.

70.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

71.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71, and therefore those allegations are denied.

72.     The allegations contained in paragraph 72 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 72 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 72.

73.     The allegations contained in paragraph 73 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 73 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 73, including all subparts.   For a further response, BHCP states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

74.     The allegations contained in paragraph 74 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 74 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP labeled Xarelto®. For a further response, BHCP states that the original Xarelto® label was issued in July 2011 and has been supplemented at various times since then.  The Xarelto® labels, in their entirety, speak for themselves.   BHCP denies the allegations contained in paragraph 74 to the extent not specifically admitted.    BHCP further responds that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

75.     The allegations contained in paragraph 75 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 75 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 75.

76.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76, and therefore those allegations are denied.

77.     The allegations contained in paragraph 77 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 77 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 77. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 77, and therefore the allegations in the second sentence in paragraph 77 are denied.

78.     The allegations contained in paragraph 78 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 78 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 78.

79.     The allegations contained in paragraph 79 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 79 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies the allegations contained in paragraph 79 to the extent not specifically admitted.

80.     The allegations contained in paragraph 80 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 80 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 80. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 80, and therefore the allegations in the second sentence in paragraph 80 are denied.

81.     The allegations contained in paragraph 81 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 81 on behalf of any

26

entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81, and therefore those allegations are denied.

82.     The allegations contained in paragraph 82 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 82 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 82.

83.     The allegations contained in paragraph 83 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 83 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 83.

84.     The allegations contained in paragraph 84 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 84 on behalf of any entity other than BHCP.  BHCP denies that the FDA Office of Prescription Drug Promotion ("OPDP") sent an untitled letter to BHCP regarding a print advertisement for Xarelto®.  For a further response, BHCP states, on information and belief, that the OPDP sent an untitled letter to Johnson & Johnson International, Inc. on or about June 6, 2013.  BHCP denies the allegations contained in paragraph 84 regarding the contents of the letter from the OPDP regarding a print advertisement for Xarelto® to the extent that they are inconsistent with the language of the letter or omit portions of the letter.  The referenced OPDP letter, in its entirety, speaks for itself. BHCP denies the remaining allegations contained in paragraph 84.

85.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 85 regarding Plaintiff's awareness, and therefore those allegations are denied.  BHCP denies the remaining allegations contained in paragraph 85.

86.     The allegations contained in paragraph 86 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 86 on behalf of any

entity other than BHCP.   BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.   BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.   BHCP denies that BHCP otherwise marketed or promoted Xarelto®.   For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 regarding any materials or information received by Plaintiff's prescribing physicians, and therefore those allegations are denied.   BHCP denies the allegations contained in paragraph 86 to the extent not specifically admitted.

87.     The allegations contained in paragraph 87 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 87 on behalf of any entity other than BHCP.   BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.   BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.   BHCP denies that BHCP otherwise marketed or promoted Xarelto®.   For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.   BHCP denies the allegations contained in paragraph 87 to the extent not specifically admitted.

88.     The allegations contained in paragraph 88 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 88 on behalf of any

28

entity other than BHCP.  BHCP denies the allegations contained in paragraph 88.  For a further response, BHCP states that the Medication Guide for Xarelto®, in its entirety, speaks for itself. BHCP further states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

89.     The allegations contained in paragraph 89 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 89 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 89.

90.     The allegations contained in paragraph 90 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 90 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90, and therefore those allegations are denied.

91.     The allegations contained in paragraph 91 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 91 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 91.

92.     The allegations contained in paragraph 92 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 92 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 92.

93.     The allegations contained in paragraph 93 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 93 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 93.

94.     The allegations contained in paragraph 94 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 94 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 94.

95.    The allegations contained in paragraph 95 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 95 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 95.

96.    The allegations contained in paragraph 96 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 96 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 96.

97.    The allegations contained in paragraph 97 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 97 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 97.

98.    The allegations contained in paragraph 98 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 98 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 98.

99.    The allegations contained in paragraph 99 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 99 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 99.

100.    The allegations contained in paragraph 100 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 100 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 100.

ANSWER TO
V. CLAIMS FOR RELIEF

ANSWER TO
COUNT I

101.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

102.   The allegations contained in paragraph 102 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 102 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 102.

103.   The allegations contained in paragraph 103 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 103 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.  BHCP denies that BHCP has recently acquired any Defendant that designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 103 to the extent not specifically admitted.

104.   The allegations contained in paragraph 104 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 104 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold or distributed.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP produced, manufactured, sold or distributed Xarelto®. BHCP denies the allegations contained in paragraph 104 to the extent not specifically admitted.

105.   BHCP denies the allegations contained in paragraph 105.

31

2639699-1

106.     The allegations contained in paragraph 106 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 106 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 106.

107.     The allegations contained in paragraph 107 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 107 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 107.

108.     The allegations contained in paragraph 108 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 108 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 108.

109.     The allegations contained in paragraph 109 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 109 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 109.

110.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110, and therefore those allegations are denied.

111.     The allegations contained in paragraph 111 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 111 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 111.

112.     The allegations contained in paragraph 112 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 112 on behalf of any entity other than BHCP.  The allegations contained in paragraph 112 state conclusions of law to which no response is required.  To the extent that a response is required, BHCP denies the allegations contained in paragraph 112.

113.    The allegations contained in paragraph 113 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 113 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 113.

114.    The allegations contained in paragraph 114 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 114 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 114.

115.    The allegations contained in paragraph 115 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 115 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 115.

116.    The allegations contained in paragraph 116 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 116 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 116.

117.    BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 117.

118.    The allegations contained in paragraph 118 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 118 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 118.

119.    The allegations contained in paragraph 119 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 119 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 119.

120.    The allegations contained in paragraph 120 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 120 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 120.

2639699-1

121.   The allegations contained in paragraph 121 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 121 on behalf of any entity other than BHCP.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that was allegedly ingested by Plaintiff, and therefore those allegations are denied.   BHCP denies that BHCP manufactured, distributed or sold Xarelto®.   BHCP denies the remaining allegations contained in paragraph 121.

122.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122, and therefore those allegations are denied.

123.   The allegations contained in paragraph 123 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 123 on behalf of any entity other than BHCP.   BHCP denies the allegations contained in paragraph 123, including all subparts.

124.   The allegations contained in paragraph 124 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 124 on behalf of any entity other than BHCP.   BHCP denies the allegations contained in paragraph 124.

125.   The allegations contained in paragraph 125 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 125 on behalf of any entity other than BHCP.   BHCP denies the allegations contained in paragraph 125.

126.   The allegations contained in paragraph 126 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 126 on behalf of any entity other than BHCP.   BHCP denies the allegations contained in paragraph 126.

2639699-1

127.    The allegations contained in paragraph 127 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 127 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 127.

128.    The allegations contained in paragraph 128 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 128 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 128.

<u>ANSWER TO</u>
<u>COUNT II</u>

129.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

130.    The allegations contained in paragraph 130 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 130 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured or sold Xarelto®.  BHCP denies the allegations contained in paragraph 130 to the extent not specifically admitted.

131.    The allegations contained in paragraph 131 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 131 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was distributed or sold.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that allegedly reached Plaintiff, and therefore those allegations are

denied.  BHCP denies that BHCP manufactured, distributed or sold Xarelto®.  BHCP denies the allegations contained in paragraph 131 to the extent not specifically admitted.

132.    The allegations contained in paragraph 132 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 132 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 132.

133.    BHCP denies the allegations contained in paragraph 133.

134.    The allegations contained in paragraph 134 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 134 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that was allegedly used by Plaintiff, and therefore those allegations are denied.  BHCP denies that BHCP manufactured, distributed or sold Xarelto®.  BHCP denies the remaining allegations contained in paragraph 134.

135.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135, and therefore those allegations are denied.

136.    BHCP denies the allegations contained in paragraph 136.

## ANSWER TO
## COUNT III

137.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

138.    BHCP denies the allegations contained in paragraph 138.

139.    The allegations contained in paragraph 139 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 139 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 139.

2639699-1

140.     BHCP denies the allegations contained in paragraph 140.

141.     The allegations contained in paragraph 141 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 141 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 141.

142.     The allegations contained in paragraph 142 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 142 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 142.

143.     BHCP denies the allegations contained in paragraph 143.

144.     BHCP denies the allegations contained in paragraph 144.

145.     BHCP denies the allegations contained in paragraph 145.

146.     The allegations contained in paragraph 146 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 146 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 146.

147.     BHCP denies the allegations contained in paragraph 147.

148.     BHCP denies the allegations contained in paragraph 148.

149.     The allegations contained in paragraph 149 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 149 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 149.

150.     BHCP denies the allegations contained in paragraph 150.

151.     The allegations contained in paragraph 151 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 151 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 151.

152.     BHCP denies the allegations contained in paragraph 152.

153.    The allegations contained in paragraph 153 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 153 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 153.

154.    BHCP denies that Plaintiff's attempt in paragraph 154 to plead Count III of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

<u>ANSWER TO</u>
<u>COUNT IV</u>

155.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

156.    The allegations contained in paragraph 156 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 156 on behalf of any entity other than BHCP.  The allegations contained in paragraph 156 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP denies the remaining allegations contained in paragraph 156.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.

157.    The allegations contained in paragraph 157 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 157 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 157.  For a further

response, BHCP states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

158.    The allegations contained in paragraph 158 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 158 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 158.

159.    The allegations contained in paragraph 159 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 159 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 159.

160.    BHCP denies that it manufactured or labeled Xarelto®, and denies the remaining allegations contained in paragraph 160.  For a further response, BHCP states that the original Xarelto® label was issued in July 2011, and has been supplemented at various times since then.  The Xarelto® labels, in their entirety, speak for themselves.  BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

161.    The allegations contained in paragraph 161 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 161 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 161.

162.    The allegations contained in paragraph 162 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 162 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162, and therefore those allegations are denied.

163.     BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 163.  For a further response, BHCP states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

164.     The allegations contained in paragraph 164 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 164 on behalf of any entity other than BHCP.  The allegations contained in paragraph 164 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP manufactured or distributed Xarelto®.  Because of the vagueness and ambiguity of the remaining allegations contained in paragraph 164, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

165.     The allegations contained in paragraph 165 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 165 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 165.

166.     The allegations contained in paragraph 166 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 166 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 166. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 166, and therefore the allegations in the second sentence in paragraph 166 are denied.

167.     The allegations contained in paragraph 167 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 167 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 167.

168.     BHCP denies the allegations contained in paragraph 168.

169.     The allegations contained in paragraph 169 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 169 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 169.

170.     The allegations contained in paragraph 170 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 170 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 170.

ANSWER TO
COUNT V

171.     BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

172.     The allegations contained in paragraph 172 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 172 on behalf of any entity other than BHCP.  The allegations contained in paragraph 172 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®, including any duty with respect to the design, manufacture, sale, labeling, marketing, promotion, or distribution of Xarelto®. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, sold, labeled or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 172 to the extent not specifically admitted.

173.    The allegations contained in paragraph 173 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 173 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 173.

174.    The allegations contained in paragraph 174 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 174 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 174, including all subparts.

175.    The allegations contained in paragraph 175 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 175 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 175.

176.    The allegations contained in paragraph 176 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 176 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 176.

177.    The allegations contained in paragraph 177 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 177 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 177, including all subparts.

178.    The allegations contained in paragraph 178 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 178 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 178.

179.    The allegations contained in paragraph 179 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 179 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 179.

2639699-1

180.    The allegations contained in paragraph 180 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 180 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 180.

181.    The allegations contained in paragraph 181 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 181 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 181.

182.    The allegations contained in paragraph 182 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 182 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 182.

<u>ANSWER TO</u>
<u>COUNT VI</u>

183.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

184.    The allegations contained in paragraph 184 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 184 on behalf of any entity other than BHCP.  The allegations contained in paragraph 184 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 184 to the extent not specifically admitted.

43

185.    The allegations contained in paragraph 185 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 185 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 185.

186.    The allegations contained in paragraph 186 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 186 on behalf of any entity other than BHCP.  The allegations contained in paragraph 186 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies the allegations contained in paragraph 186 to the extent not specifically admitted.

187.    The allegations contained in paragraph 187 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 187 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and fit for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the

use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 187 to the extent not specifically admitted.

188.    The allegations contained in paragraph 188 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 188 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 188.

189.    The allegations contained in paragraph 189 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 189 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff and Plaintiff's healthcare providers relied upon and whether that alleged reliance was reasonable, and therefore those allegations are denied.  BHCP denies the remaining allegations contained in paragraph 189.

190.    BHCP denies the allegations contained in paragraph 190.

191.    The allegations contained in paragraph 191 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 191 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 191, including all subparts.

192.    The allegations contained in paragraph 192 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 192 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff relied upon and whether that alleged reliance was reasonable, and the allegations that Plaintiff purchased and used Xarelto®, and therefore those allegations are denied.  BHCP denies the remaining allegations contained in paragraph 192.

193.   The allegations contained in paragraph 193 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 193 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 193.

194.   The allegations contained in paragraph 194 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 194 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 194.

195.   The allegations contained in paragraph 195 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 195 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 195.

<u>ANSWER TO</u>
<u>COUNT VII</u>

196.   BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

197.   The allegations contained in paragraph 197 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 197 on behalf of any entity other than BHCP.  The allegations contained in paragraph 197 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as fit for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP distributed or sold Xarelto®.  BHCP denies the allegations contained in paragraph 197 to the extent not specifically admitted.

198.    The allegations contained in paragraph 198 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 198 on behalf of any entity other than BHCP.  The allegations contained in paragraph 198 state conclusions of law to which no response is required.  To the extent that a response is deemed required, because of the vagueness and ambiguity of the allegations contained in paragraph 198, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

199.    BHCP denies the allegations contained in paragraph 199.

200.    The allegations contained in paragraph 200 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 200 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff relied upon and whether that alleged reliance was reasonable, and therefore those allegations are denied.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 200 to the extent not specifically admitted.

201.    The allegations contained in paragraph 201 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 201 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 201.

202.    The allegations contained in paragraph 202 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 202 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 202.

ANSWER TO<br>COUNT VIII

203.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

204.    The allegations contained in paragraph 204 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 204 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 204.

205.    The allegations contained in paragraph 205 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 205 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 205.

206.    The allegations contained in paragraph 206 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 206 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 206.

207.    The allegations contained in paragraph 207 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 207 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 207.

208.    The allegations contained in paragraph 208 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 208 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 208.

2639699-1

209.    The allegations contained in paragraph 209 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 209 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 209.

ANSWER TO
COUNT IX

210.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

211.    The allegations contained in paragraph 211 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 211 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 211.

212.    The allegations contained in paragraph 212 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 212 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 212.

213.    The allegations contained in paragraph 213 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 213 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 213.

214.    The allegations contained in paragraph 214 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 214 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 214.

215.    BHCP denies the allegations contained in paragraph 215.

216.    The allegations contained in paragraph 216 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 216 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 216.

2639699-1

217.    The allegations contained in paragraph 217 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 217 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 217.

218.    The allegations contained in paragraph 218 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 218 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 218.

219.    The allegations contained in paragraph 219 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 219 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 219.

220.    The allegations contained in paragraph 220 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 220 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 220.

221.    The allegations contained in paragraph 221 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 221 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 221.

222.    The allegations contained in paragraph 222 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 222 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 222.

223.    The allegations contained in paragraph 223 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 223 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 223.

224.   The allegations contained in paragraph 224 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 224 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 224.

225.   The allegations contained in paragraph 225 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 225 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 225.

226.   The allegations contained in paragraph 226 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 226 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 226.

227.   The allegations contained in paragraph 227 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 227 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 227.

228.   The allegations contained in paragraph 228 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 228 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies that BHCP advertised Xarelto®, and denies the allegations contained in paragraph 228 to the extent not specifically admitted.

229.     The allegations contained in paragraph 229 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 229 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 229.

230.     The allegations contained in paragraph 230 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 230 on behalf of any entity other than BHCP.  The allegations contained in paragraph 230 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP denies that BHCP marketed Xarelto® directly to consumers, and denies the remaining allegations contained in paragraph 230.  For a further response, BHCP states that appropriate information and warnings regarding the risks associated with the use of Xarelto® were provided.

231.     The allegations contained in paragraph 231 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 231 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 231.

232.     BHCP denies the allegations contained in paragraph 232.

233.     The allegations contained in paragraph 233 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 233 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 233.

<u>ANSWER TO</u>
<u>COUNT X</u>

234.     BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

235.    The allegations contained in paragraph 235 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 235 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 235.

236.    The allegations contained in paragraph 236 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 236 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 236, including all subparts.

237.    The allegations contained in paragraph 237 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 237 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 237.

238.    The allegations contained in paragraph 238 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 238 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 238.  BHCP further denies that Plaintiff has properly asserted claims under any laws to the extent that Plaintiff has not identified such laws.

239.    The allegations contained in paragraph 239 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 239 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 239.

240.    The allegations contained in paragraph 240 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 240 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 240.

2639699-1

241.    The allegations contained in paragraph 241 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 241 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 241.

<u>ANSWER TO</u>
<u>COUNT XI</u>

242.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

243.    The allegations contained in paragraph 243 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 243 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 243.

244.    The allegations contained in paragraph 244 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 244 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 244.

245.    The allegations contained in paragraph 245 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 245 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 245.

<u>ANSWER TO</u>
<u>COUNT XII</u>

246.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

247.    The allegations contained in paragraph 247 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 247 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 247.

248.   The allegations contained in paragraph 248 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 248 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 248.

249.   The allegations contained in paragraph 249 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 249 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 249.

250.   BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

<u>ANSWER TO</u>
<u>COUNT XIII.A</u>

251.   BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

252.  The allegations contained in paragraph 252 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies the allegations contained in paragraph 252 regarding the cited Act to the extent that they are inconsistent with the language of the Act or omit portions of the Act, or are inconsistent with case law interpreting the Act.  BHCP denies that BHCP engaged in any conduct prohibited by the cited Act, denies any violation of the Act, denies that Plaintiff is entitled to any relief under the Act, and denies the remaining allegations contained in paragraph 252.

253.   The allegations contained in paragraph 253 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 253 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 253.

254.   The allegations contained in paragraph 254 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 254 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 254.

255.   The allegations contained in paragraph 255 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 255 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 255.

256.   The allegations contained in paragraph 256 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 256 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 256.

257.   The allegations contained in paragraph 257 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 257 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 257.

258.   The allegations contained in paragraph 258 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 258 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 258.

259.   The allegations contained in paragraph 259 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 259 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 259.

260.   The allegations contained in paragraph 260 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 260 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 260.

2639699-1

ANSWER TO
COUNT XIII.B

261.    Because Plaintiff Rose Sutton does not allege that paragraphs 261 through 266 of the Complaint apply to her, no response is required to COUNT XIII.B of the Complaint.  To the extent a response is deemed required, BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

262.    Because Plaintiff Rose Sutton does not allege that paragraphs 261 through 266 of the Complaint apply to her, no response is required to COUNT XIII.B of the Complaint. Further, the allegations contained in paragraph 262 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies the allegations contained in paragraph 262 regarding the cited Act to the extent that they are inconsistent with the language of the Act or omit portions of the Act, or are inconsistent with case law interpreting the Act.  BHCP denies that BHCP engaged in any conduct prohibited by the cited Act, denies any violation of the Act, denies that Plaintiff is entitled to any relief under the Act, and denies the remaining allegations contained in paragraph 262.

263.    Because Plaintiff Rose Sutton does not allege that paragraphs 261 through 266 of the Complaint apply to her, no response is required to COUNT XIII.B of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 263 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 263 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 263.

264.    Because Plaintiff Rose Sutton does not allege that paragraphs 261 through 266 of the Complaint apply to her, no response is required to COUNT XIII.B of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 264 are directed to

Defendants collectively.  BHCP is not answering the allegations contained in paragraph 264 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 264.

265.    Because Plaintiff Rose Sutton does not allege that paragraphs 261 through 266 of the Complaint apply to her, no response is required to COUNT XIII.B of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 265 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 265 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 265.

266.    Because Plaintiff Rose Sutton does not allege that paragraphs 261 through 266 of the Complaint apply to her, no response is required to COUNT XIII.B of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 266 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 266 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 266.

<u>ANSWER TO</u>
<u>COUNT XIII.C</u>

267.    Because Plaintiff Rose Sutton does not allege that paragraphs 267 through 271 of the Complaint apply to her, no response is required to COUNT XIII.C of the Complaint.  To the extent a response is deemed required, BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

268.    Because Plaintiff Rose Sutton does not allege that paragraphs 267 through 271 of the Complaint apply to her, no response is required to COUNT XIII.C of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 268 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 268 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 268.

269.    Because Plaintiff Rose Sutton does not allege that paragraphs 267 through 271 of the Complaint apply to her, no response is required to COUNT XIII.C of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 269 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 269 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 269.

270.    Because Plaintiff Rose Sutton does not allege that paragraphs 267 through 271 of the Complaint apply to her, no response is required to COUNT XIII.C of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 270 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 270 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 270.

271.    Because Plaintiff Rose Sutton does not allege that paragraphs 267 through 271 of the Complaint apply to her, no response is required to COUNT XIII.C of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 271 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 271 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 271.

<u>ANSWER TO</u>
<u>COUNT XIII.D</u>

272.    Because Plaintiff Rose Sutton does not allege that paragraphs 272 through 282 of the Complaint apply to her, no response is required to COUNT XIII.D of the Complaint.  To the extent a response is deemed required, BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

273.    Because Plaintiff Rose Sutton does not allege that paragraphs 272 through 282 of the Complaint apply to her, no response is required to COUNT XIII.D of the Complaint.  Further, the allegations contained in paragraph 273 state conclusions of law to which no response

59

is required.   To the extent that a response is deemed required, BHCP denies the allegations contained in paragraph 273.

274.    Because Plaintiff Rose Sutton does not allege that paragraphs 272 through 282 of the Complaint apply to her, no response is required to COUNT XIII.D of the Complaint.   To the extent a response is deemed required, the allegations contained in paragraph 274 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 274 on behalf of any entity other than BHCP.   BHCP admits that BHCP had some involvement in certain aspects of the development of Xarelto®.   BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, sold or distributed Xarelto®.   BHCP denies the allegations contained in paragraph 274 to the extent not specifically admitted.

275.    Because Plaintiff Rose Sutton does not allege that paragraphs 272 through 282 of the Complaint apply to her, no response is required to COUNT XIII.D of the Complaint.   To the extent a response is deemed required, the allegations contained in paragraph 275 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 275 on behalf of any entity other than BHCP.   BHCP denies the allegations contained in paragraph 275.

276.    Because Plaintiff Rose Sutton does not allege that paragraphs 272 through 282 of the Complaint apply to her, no response is required to COUNT XIII.D of the Complaint.   To the extent a response is deemed required, the allegations contained in paragraph 276 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 276 on behalf of any entity other than BHCP.   BHCP denies the allegations contained in paragraph 276.

60

277.    Because Plaintiff Rose Sutton does not allege that paragraphs 272 through 282 of the Complaint apply to her, no response is required to COUNT XIII.D of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 277 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 277 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 277.

278.    Because Plaintiff Rose Sutton does not allege that paragraphs 272 through 282 of the Complaint apply to her, no response is required to COUNT XIII.D of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 278 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 278 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 278.

279.    Because Plaintiff Rose Sutton does not allege that paragraphs 272 through 282 of the Complaint apply to her, no response is required to COUNT XIII.D of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 279 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 279 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 279.

280.    Because Plaintiff Rose Sutton does not allege that paragraphs 272 through 282 of the Complaint apply to her, no response is required to COUNT XIII.D of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 280 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 280 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 280.

281.    Because Plaintiff Rose Sutton does not allege that paragraphs 272 through 282 of the Complaint apply to her, no response is required to COUNT XIII.D of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 281 are directed to

61

2639699-1

Defendants collectively.  BHCP is not answering the allegations contained in paragraph 281 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 281.

282.    Because Plaintiff Rose Sutton does not allege that paragraphs 272 through 282 of the Complaint apply to her, no response is required to COUNT XIII.D of the Complaint.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 282.

<u>ANSWER TO</u>
<u>COUNT XIII.E</u>

283.    Because Plaintiff Rose Sutton does not allege that paragraphs 283 through 291 of the Complaint apply to her, no response is required to COUNT XIII.E of the Complaint.  To the extent a response is deemed required, BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

284.    Because Plaintiff Rose Sutton does not allege that paragraphs 283 through 291 of the Complaint apply to her, no response is required to COUNT XIII.E of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 284 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 284 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 284.

285.    Because Plaintiff Rose Sutton does not allege that paragraphs 283 through 291 of the Complaint apply to her, no response is required to COUNT XIII.E of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 285 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 285 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 285.

286.    Because Plaintiff Rose Sutton does not allege that paragraphs 283 through 291 of the Complaint apply to her, no response is required to COUNT XIII.E of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 286 are directed to

2639699-1

Defendants collectively.  BHCP is not answering the allegations contained in paragraph 286 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 286.

287.    Because Plaintiff Rose Sutton does not allege that paragraphs 283 through 291 of the Complaint apply to her, no response is required to COUNT XIII.E of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 287 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 287 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 287.

288.    Because Plaintiff Rose Sutton does not allege that paragraphs 283 through 291 of the Complaint apply to her, no response is required to COUNT XIII.E of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 288 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 288 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 288.

289.    Because Plaintiff Rose Sutton does not allege that paragraphs 283 through 291 of the Complaint apply to her, no response is required to COUNT XIII.E of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 289 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 289 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 289.

290.    Because Plaintiff Rose Sutton does not allege that paragraphs 283 through 291 of the Complaint apply to her, no response is required to COUNT XIII.E of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 290 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 290 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 290.

291.    Because Plaintiff Rose Sutton does not allege that paragraphs 283 through 291 of the Complaint apply to her, no response is required to COUNT XIII.E of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 291 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 291 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 291.

ANSWER TO<br/>COUNT XIII.F

292.    Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  To the extent a response is deemed required, BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

293.    Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  To the extent a response is deemed required, BHCP denies that the allegations contained in COUNT XIII.F state a claim upon which relief can be granted under the cited Act, and denies the remaining allegations contained in paragraph 293.

294.    Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  Further, the allegations contained in paragraph 294 state conclusions of law to which no response is required.   To the extent that a response is deemed required, the allegations contained in paragraph 294 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 294 on behalf of any entity other than BHCP.  BHCP denies that BHCP supplied Xarelto®, and denies the remaining allegations contained in paragraph 294.

295.     Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  Further, the allegations contained in paragraph 295 state conclusions of law to which no response is required.   To the extent that a response is deemed required, BHCP denies the allegations contained in paragraph 295.

296.     Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  Further, the allegations contained in paragraph 296 state conclusions of law to which no response is required.   To the extent that a response is deemed required, BHCP denies the allegations contained in paragraph 296 regarding the cited Act to the extent that they are inconsistent with the language of the Act or omit portions of the Act, or are inconsistent with case law interpreting the Act.  BHCP denies that BHCP engaged in any conduct prohibited by the cited Act, denies any violation of the Act, denies that Plaintiff is entitled to any relief under the Act, and denies the remaining allegations contained in paragraph 296.

297.     Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 297 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 297 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 297.

298.     Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 298 are directed to

Defendants collectively.  BHCP is not answering the allegations contained in paragraph 298 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 298.

299.   Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 299 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 299 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 299.

300.   Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 300 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 300 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 300.

301.   Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 301 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 301 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 301.

302.   Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 302 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 302 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 302.

2639699-1

303.    Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 303 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 303 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 303.

304.    Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 304 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 304 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 304.

305.    Because Plaintiff Rose Sutton does not allege that paragraphs 292 through 305 of the Complaint apply to her, no response is required to COUNT XIII.F of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 305 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 305 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 305.

ANSWER TO
XIV. JURY TRIAL DEMANDED

The paragraph under the heading "Jury Trial Demanded" contains no factual allegations and requires no response.  BHCP hereby demands a trial by jury on all issues so triable.

ANSWER TO
XV. PRAYER FOR RELIEF

BHCP denies the allegations contained in the unnumbered paragraph under the heading "Prayer for Relief" and its subparagraphs, and denies any wrongdoing whatsoever.  BHCP

67

denies that it is liable to Plaintiff, either for damages, and/or any other relief or costs or attorneys' fees or interest in any amount whatsoever.

BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

All allegations of the Complaint not expressly admitted are denied.

<u>DEFENSES</u>

Discovery and investigation may reveal that one or more of the following defenses should be available to BHCP in this matter.  BHCP accordingly asserts these separate defenses. Upon completion of discovery, if the facts warrant, BHCP may withdraw any of these defenses as may be appropriate.  By setting forth these defenses, BHCP does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiff's allegations.  BHCP further reserves the right to amend its Answer and Defenses, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of defenses, BHCP states as follows:

1.      Plaintiff's Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.

2.      The Court lacks personal jurisdiction over BHCP with respect to Plaintiff's claims.

3.      BHCP preserves lack of service of process or insufficiency of service of process to the extent BHCP has not been served properly either under the Federal Rules of Civil

Procedure or under the alternative procedures for service of process stipulated by certain defendants in this Court.

4. This Court is an improper venue for the trial of this action.

5. This Court is not the proper forum for the trial of this action and is an inconvenient forum for the just adjudication of Plaintiff's claims.

6. Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

7. Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

8. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate Plaintiff's alleged damages.

9. The acts and omissions of Plaintiff caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence. Plaintiff's recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

10. Plaintiff's recovery, if any, is barred or must be reduced by the applicable states' contributory negligence and/or comparative negligence law.

11. Plaintiff's Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

12. Plaintiff's recovery, if any, against BHCP is subject to the applicable states' several or joint and several liability law.

2639699-1

13.     To the extent that BHCP is found jointly and severally liable, which is expressly denied, BHCP is entitled to contribution from other defendants and/or relies upon applicable states' law regarding contribution among tortfeasors.

14.     Plaintiff's Complaint may fail to join indispensable parties necessary for the just adjudication of this matter.

15.     If Plaintiff suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff.   Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's assumption of the risk.

16.     If the injuries claimed by Plaintiff were related to the use of Xarelto®, which is expressly denied, any such injuries were the result of an idiosyncratic or allergic reaction to Xarelto®.

17.     The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of BHCP was not the proximate and/or competent producing cause of such alleged injuries and damages.

18.     The injuries and damages claimed by Plaintiff, if any, are barred or must be reduced or apportioned, because those damages arose from the acts or omissions of persons or entities other than BHCP, for whom BHCP has no legal responsibility.

19.     The alleged injuries sustained by Plaintiff, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which BHCP has no legal responsibility.

20.     If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper

2639699-1

handling, or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®.  Plaintiff's recovery is accordingly barred.

21.     The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including BHCP.

22.     Plaintiff's claims are barred, because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

23.     The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

24.     Plaintiff's Complaint fails to state a claim to the extent BHCP did not manufacture or distribute the product allegedly used by Plaintiff.

25.     BHCP owed no legal duty to Plaintiff because BHCP did not manufacture or distribute Xarelto®.

26.     Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion, and sale of Xarelto®, including, but not limited to, adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art.  Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time. Plaintiff's recovery accordingly is barred.

27.     The methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of Xarelto®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package

inserts and other literature, conformed to the applicable state of the art.  Such conformity creates a rebuttable presumption that Xarelto® was not defective and that there was no negligence.

28.     Plaintiff's claims are barred, because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing, or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiff's recovery.

29.     The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

30.     Plaintiff's alleged damages were not caused by any failure to warn on the part of BHCP.

31.     Plaintiff's causes of action are or may be barred in whole or in part by Plaintiff's failure to assert a safer design for Xarelto®.

32.     Plaintiff's product liability causes of action are or may be barred because Xarelto® was consistent with or exceeded physician or consumer expectations.

33.     Plaintiff is barred from recovering any damages to the extent that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by Plaintiff without substantially impairing the usefulness or intended purpose of Xarelto®.

34.     Plaintiff's claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts, including, but not limited to, the Restatement (Third) of Torts: Product Liability, § 6, comment f, and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

35.     Plaintiff's claims are or may be barred, in whole or in part, by the applicable states' products liability law.

36.     BHCP asserts all defenses available to it under any applicable states' products liability law.

37.     BHCP gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, BHCP intends to rely upon same in defense of this action.

38.     The prescription drug Xarelto® complied with the applicable product safety regulations promulgated by the FDA.  Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing, promotion, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiff's recovery is accordingly barred.

39.     The prescription drug Xarelto® complied with the applicable federal and/or state safety codes, statutes, rules, regulations or standards.  Compliance with such codes, statutes, rules, regulations and standards demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that BHCP is entitled to a presumption that the product is neither defective nor unreasonably dangerous.  Plaintiff's claims and any recovery are accordingly barred.

40.     Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

41.     Plaintiff's claims are barred, in whole or in part, because the commercial speech relating to Xarelto® is protected under the First Amendment and Fourteenth Amendment of the United States Constitution and the applicable state constitution.

42.     Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

43.     Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion, and labeling.

44.     To the extent that Plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

45.     Plaintiff cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs, because the remedy sought by Plaintiff is subject to the exclusive regulation of the FDA.

46.     This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

47.     Plaintiff did not detrimentally rely on any labeling, warnings, or information concerning Xarelto®.

48.     BHCP did not misrepresent or conceal any fact or warranties material to Plaintiff's treatment with Xarelto®.  Any opinions or commendations expressed by BHCP are not actionable as representations or warranties.

49.     Plaintiff's prescribing physicians did not rely on any alleged misrepresentations or concealment by BHCP in treating Plaintiff, or in states where the learned intermediary doctrine

does not apply, Plaintiff did not rely on any alleged misrepresentations or concealment by BHCP.

50.     Applicable law does not recognize a post-sale duty to warn in the present circumstances.  Accordingly, to the extent that Plaintiff seeks recovery for any alleged breach of a post-sale duty to warn, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

51.     Each item of economic loss alleged in the Complaint may have been or may be replaced or indemnified in whole or in part by collateral sources, and therefore is not recoverable in this action.

52.     To the extent that Plaintiff's Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

53.     To the extent that Plaintiff's claims have been settled or Plaintiff will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of BHCP, if any, should be reduced accordingly.

54.     Plaintiff's claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

55.     Plaintiff's claims for breach of warranty are barred, because Plaintiff failed to give timely notice of any alleged breach of warranty.

56.     BHCP did not sell or distribute Xarelto® to Plaintiff, and Plaintiff did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiff's claims for breach of warranty, express or implied, are barred by lack of privity between Plaintiff and BHCP.

2639699-1

57.     Plaintiff's claims for breach of warranty, express or implied, are barred by the applicable states' Uniform Commercial Code or other applicable law.

58.     Plaintiff fails to state a claim for express warranty because there was no affirmation of fact or promise made by BHCP relating to the product that was the basis of the bargain.

59.     Plaintiff's Complaint fails to state a claim for fraud, and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure 9(b).

60.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

61.     No act or omission of BHCP caused or contributed to Plaintiff's alleged injuries. Further, the Complaint fails to allege conduct by BHCP upon which an award of punitive or exemplary damages can be based.  No act or omission of BHCP qualifies Plaintiff to punitive damages under any applicable states' punitive damages laws.  No act or omission of BHCP was fraudulent, malicious, willful or wanton.  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

62.     BHCP denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been or can be produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

63.     Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate BHCP's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution and similar state constitutional provisions, would violate its rights to due process and equal protection under the

Fourteenth Amendment of the United States Constitution and similar state constitutional provisions, and the prohibition against excessive fines in the United States Constitution and similar state constitutional provisions, and would contravene other provisions of the United States Constitution and any applicable state constitution.

64.    Plaintiff cannot recover punitive or exemplary damages against BHCP, because such an award, which is penal in nature, would violate BHCP's constitutional rights under the United States Constitution and any applicable state constitution, unless BHCP is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

65.    Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution and similar state constitutional provisions, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

66.    Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

67.    With respect to Plaintiff's demand for punitive or exemplary damages, BHCP specifically reserves the right to assert any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under any state law that may be applicable to Plaintiff's claims, including, but not limited to, New Jersey law,

including the provisions of the Punitive Damages Act, <u>N.J.S.A.</u> 2A:15-5.9 et seq., and/or any other applicable state law. BHCP reserves the right to seek bifurcation of Plaintiff's punitive damages claims pursuant to any applicable law, including, but not limited to, <u>N.J.S.A.</u> 2A:15-5.13.

68. Plaintiff's claims for punitive damages are barred, in whole or in part, by the applicable states' law regarding punitive damages.

69. Plaintiff's claims for non-economic damages is limited by applicable states' law on non-economic damages.

70. Plaintiff's recovery, if any, is subject to the applicable states' limitations on damages.

71. Plaintiff's claims for recovery are limited by any applicable states' statutory and common law limitations on awards, caps on recovery, and set-offs.

72. Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest, post-judgment interest, successor liability, agency, joint venture liability, treble damages, unjust enrichment, disgorgement, or restitution.

73. Plaintiff's claims for costs, fees and/or interest are barred and/or limited for failure to comply with the requirements of the applicable states' law.

74. Plaintiff's claims for equitable relief are barred because there is an adequate remedy at law.

75. Plaintiff's Complaint fails to state a claim for unlawful conduct under any applicable "consumer fraud law" and "consumer protection law," because BHCP completely complied with the applicable law in connection with the promotion of Xarelto®.

2639699-1

76.     Plaintiff's Complaint fails to state a claim for false or misleading business practices under any applicable "consumer fraud law" and "consumer protection law," because BHCP's promotion of Xarelto® was not false or misleading.

77.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred, in whole or in part, because the applicable "consumer fraud law" and "consumer protection law" are insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

78.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred, in whole or in part, because the applicable "consumer fraud law" and "consumer protection law" unconstitutionally burden interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

79.     Insofar as any applicable "consumer fraud law" and "consumer protection law" require exhaustion of administrative or other remedies, the claims asserted in the Complaint under the applicable "consumer fraud law" and "consumer protection law" should be stayed or dismissed because, on information and belief, Plaintiff has not exhausted those administrative or other remedies.

80.     Plaintiff's Complaint fails to properly plead Plaintiff's claims under any applicable "consumer fraud law" or "consumer protection law" with sufficient particularity.

81.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred because the Complaint does not allege proximate causation for Plaintiff's alleged injuries.

82.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent reliance is required.

83.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that knowledge or intent to deceive is required.

84.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that notice is required.

85.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that Plaintiff must have suffered an "ascertainable loss," i.e., an actual loss that is susceptible to reasonably precise calculation.

86.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that "actual damages" are required.

87.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that no private right of action is available.

88.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that under such law claims can only be brought with respect to transactions or conduct that occurred exclusively or primarily within the state and the transactions and conduct at issue occurred outside of the state.

89.     A prescription pharmaceutical is not a consumer product or transaction, or is otherwise not the type of product or transaction covered by the applicable state consumer protection and trade practices law, or consumer fraud law.

90.     Plaintiff's Complaint fails to state a claim under any applicable states' consumer protection law, consumer fraud law, and trade practices law.

2639699-1

91.     BHCP asserts any other rights or defenses accorded it under any applicable states' consumer protection law and trade practices law.

92.     If Plaintiff has filed bankruptcy during the relevant time period of the events alleged in the Complaint or file for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

93.     Plaintiff's actions should be dismissed to the extent Plaintiff has asserted the same claims in actions pending in other jurisdictions.

94.     If it is determined that the prescription drug Xarelto® was altered, modified or in some way changed after it left the possession and control of the manufacturer, and said alteration, modification or change to the prescription drug Xarelto® was a proximate cause of the damages alleged by Plaintiff, then the provisions of North Carolina General Statute § 99B-3 are pled as a complete bar of Plaintiff's right to recover herein against BHCP.

95.     If it is determined that Plaintiff's use of the prescription drug Xarelto® was contrary to the express and adequate instructions and warnings delivered with, appearing on and/or attached to the prescription drug Xarelto® or on its original container or wrappings, which instructions or warnings were known to the users or should have been known to the users in the exercise of reasonable and diligent care, then the provisions of North Carolina General Statute § 99B-4(1) are pled as a complete bar of Plaintiff's right to recover against BHCP.

96.     If the evidence reveals that Plaintiff knew of or discovered a defect or dangerous condition of the prescription drug Xarelto®, such defect or dangerous condition being expressly denied, that was inconsistent with the safe use of the prescription drug Xarelto®, and if Plaintiff

then unreasonably and voluntarily exposed Plaintiff to the alleged danger and was injured by or caused injury with the use of the prescription drug Xarelto®, then the provisions of North Carolina General Statute § 99B-4(2) are pled as a complete bar of Plaintiff's right to recover against BHCP.

97.     If it is discovered that Plaintiff failed to exercise reasonable care under the circumstances in the use of the prescription drug Xarelto®, and this failure was a proximate cause of Plaintiff's alleged injuries, then the provisions of North Carolina General Statute § 99B-4(3) are pled as a complete bar of Plaintiff's right to recover against BHCP.

98.     The warnings and instructions provided with the prescription drug Xarelto® were at all times adequate and appropriate, and the provisions of North Carolina General Statute § 99B-5(a) are pled as a complete bar of Plaintiff's right to recover against BHCP.

99.     Adequate warnings and instructions were provided regarding the prescription drug Xarelto® to physicians or other legally authorized persons who prescribe or dispense prescription drugs.  Therefore, the provisions of North Carolina General Statute § 99B-5(c) are pled as a complete bar of Plaintiff's right to recover against BHCP.

100.    The design and formulation of the prescription drug Xarelto® were at all times adequate and appropriate, and the provisions of North Carolina General Statute  § 99B-6(a) are pled as a complete bar of Plaintiff's right to recover against BHCP.

101.    The design and formulation of the prescription drug Xarelto® were reasonable, and the provisions of North Carolina General Statute § 99B-6(b) are pled as a complete bar of Plaintiff's right to recover against BHCP.

102.    Plaintiff's claims are barred because they are based on an inherent characteristic of the prescription drug Xarelto® that cannot be eliminated without substantially compromising

the usefulness or desirability of the prescription drug Xarelto®. The provisions of North Carolina General Statute § 99B-6(c), therefore, are pled as a complete bar of Plaintiff's right to recover against BHCP.

103. Adequate warnings and instructions were provided regarding the prescription drug Xarelto®. If it is shown that there is some aspect of the prescription drug Xarelto® that is unavoidably unsafe, which BHCP expressly denies, then the provisions of North Carolina General Statute § 99B-6(d) are pled as a complete bar to Plaintiff's right to recover against BHCP.

104. BHCP pleads as an additional defense all the applicable defenses provided in North Carolina General Statute Ch. 99B, and other applicable North Carolina law.

105. Plaintiff is barred from recovering damages for medical expenses other than those authorized by Section 8-58.1 of the North Carolina General Statutes.

106. With respect to Plaintiff's demand for punitive or exemplary damages, BHCP specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under North Carolina law, including the standards and limitations set forth in North Carolina General Statute § 1D-15, the punitive damages cap provided under North Carolina General Statute §§ 1D-25(b) and (c), and any other applicable state law. Further, punitive or exemplary damages are not recoverable for Plaintiff's breach of warranty claims.

107. Plaintiff's Complaint fails to state a claim for unlawful conduct under Section 75-1.1 *et seq.* of the North Carolina General Statutes because BHCP completely complied with the applicable law in connection with the promotion of Xarelto®.

108.   Plaintiff's Complaint fails to state a claim for misleading, unfair or deceptive business practices under Section 75-1.1 *et seq.* of the North Carolina General Statutes because BHCP's promotion of Xarelto® was not misleading, unfair or deceptive.

109.   Plaintiff's claims are barred in whole or in part because Section 75-1.1 *et seq.* of the North Carolina General Statutes is insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

110.   Plaintiff's claims are barred in whole or in part because Section 75-1.1 *et seq.* of the North Carolina General Statutes unconstitutionally burdens interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

111.   Plaintiff's claims under Section 75-1.1 *et seq.* of the North Carolina General Statutes fail to state a claim upon which relief can be granted against BHCP because of the failure to allege with sufficient particularity any acts that were deceitful and that had a substantial potential to deceive and in fact did deceive.

112.   Some or all of Plaintiff's claims are barred, in whole or in part, by any prescription and/or peremption periods.

113.   Any claims for detrimental reliance are barred under Louisiana law.

114.   BHCP pleads the provisions and limitations of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq.* (the "LPLA"), and all the limitations and defenses set forth therein, including but not limited to, industry custom, technological feasibility, and compliance with standards and regulations.

115.     BHCP specifically pleads the applicability and exclusivity of the LPLA, and specifically avers that Plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the LPLA.

116.     Plaintiff's claims are limited to those allowed under the LPLA, and Plaintiff's relief, if any, is limited to relief allowed under the LPLA.  Plaintiff's claims are barred by applicable provisions of the LPLA.

117.     Xarelto® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA.

118.     La. Rev. Stat. 9:2800.59 applies, and Xarelto® was designed, manufactured, packaged, labeled, sold and distributed in conformity with the then-existing reasonably available scientific and technological knowledge, and, therefore BHCP can have no liability in the premises.

119.     Plaintiff's compensatory damages, if any, are limited to those permitted under Louisiana Civil Code Article 2315.

120.     Under Louisiana Civil Code Articles 2323 and 2324, BHCP is not liable for more than its own degree of fault, if any, and is not solidarily liable with other persons or entities for damages attributable to the fault of such persons or entities.

121.     Under Louisiana Civil Code Article 2323, Plaintiff's claims are barred or limited by Plaintiff's own negligence, carelessness, and/or comparative fault, which was a direct and proximate cause of Plaintiff's injuries or damages, if any.

122.     With respect to each and every cause of action, Plaintiff is not entitled to relief to the extent that Plaintiff is unable to prove the identity of the manufacturer and/or supplier of the precise products used by Plaintiff.

123.   Plaintiff's demand for punitive damages is barred by the LPLA.

124.   BHCP adopts all defenses available under the law which governs the action.

125.   BHCP adopts and incorporates by reference all defenses pled by other defendants except to the extent that they are inconsistent with BHCP's defenses pled in this Answer.

126.   BHCP expressly reserves the right to amend this Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

**WHEREFORE**, BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

<u>JURY DEMAND</u>

BHCP hereby demands a trial by jury on all issues so triable.

February 16, 2016.

Respectfully submitted,
*/s/ John F. Olinde*
John F. Olinde, #1515
Peter J. Rotolo, III, #21848
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Email: olinde@chaffe.com
Email: rotolo@chaffe.com

Steven Glickstein
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-7910
Telephone: (212)836-8485
Email: steven.glickstein@kayescholer.com

William Hoffman

2639699-1

KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Telephone: (202) 682-3550
Email: William.hoffman@kayescholer.com

Pamela J. Yates
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6048
Telephone: (310) 788-1278
Email: pamela.yates@kayescholer.com

Fred M. Haston, III
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8303
Email: thaston@babc.com

*ATTORNEYS FOR BAYER HEALTHCARE
PHARMACEUTICALS INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ John F. Olinde*

2639699-1