# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | ) | MDL No. 2592 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION:  L |
| SIDNEY A. WILLIAMS, JR, | ) | |
|     Plaintiff, | ) | JUDGE FALLON |
| | ) | |
| v. | ) | MAG. JUDGE NORTH |
| | ) | |
| JANSSEN RESEARCH & DEVELOPMENT | ) | C.A. No. 2:15-cv-00301-EEF-MBN |
| LLC F/K/A JOHNSON AND JOHNSON | ) | |
| PHARMACEUTICAL RESEARCH AND | ) | JURY TRIAL DEMANDED |
| DEVELOPMENT LLC, JANSSEN ORTHO LLC, | ) | |
| JANSSEN PHARMACEUTICALS, INC. | ) | |
| F/K/A JANSSEN PHARMACEUTICA INC. | ) | |
| F/K/A ORTHO-MCNEIL-JANSSEN | ) | |
| PHARMACEUTICALS, INC., BAYER | ) | |
| HEALTHCARE PHARMACEUTICALS, INC., | ) | |
| BAYER PHARMA AG, BAYER | ) | |
| CORPORATION, BAYER HEALTHCARE LLC, | ) | |
| BAYER HEALTHCARE AG, AND BAYER AG, | ) | |
|     Defendants. | ) | |
| _____ | ) | |

## ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT
## BAYER HEALTHCARE PHARMACEUTICALS INC. TO PLAINTIFF'S COMPLAINT

Defendant Bayer HealthCare Pharmaceuticals Inc. ("BHCP") serves its Answer and Additional Defenses to Plaintiff's Complaint (the "Complaint") and states as follows:

### ANSWER TO
### JURISDICTION AND VENUE

1.    To the extent that paragraph 1 states a legal conclusion, no response is required. To the extent a response is deemed required, BHCP admits that this Court has subject matter jurisdiction of this action under 28 U.S.C. §1332, that there is complete diversity of citizenship, and that Plaintiff claims more than $75,000.00 in damages.  BHCP denies any liability.

2.      To the extent that paragraph 2 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 2 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 2 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 regarding the propriety of venue under 28 U.S.C. § 1391, and therefore those allegations contained in paragraph 2 are denied.  BHCP affirmatively states that BHCP has conducted business in the state of Louisiana. BHCP denies the allegations contained in paragraph 2.

3.      To the extent that paragraph 3 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 3 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 3 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 3. BHCP affirmatively states that BHCP has conducted business in the state of Louisiana.

ANSWER TO
NATURE OF THE CASE

4.      BHCP admits that Xarelto®, also known as rivaroxaban, is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"), pulmonary embolism ("PE"), and for the reduction in the risk of recurrence of DVT and PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff used Xarelto®, and therefore that allegation contained in paragraph 4 is denied.  BHCP denies the allegations contained in paragraph 4 to the extent not specifically admitted.

2

5.     The allegations contained in paragraph 5 are directed to BHCP and other entities collectively referred to as "Defendants."  BHCP is not answering the Complaint on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold, or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 5 to the extent not specifically admitted.

6.     The allegations contained in paragraph 6 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 6 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 6.

7.     The allegations contained in paragraph 7 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 7 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 7.

8.     The allegations contained in paragraph 8 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 8 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 8.

9.     The allegations contained in paragraph 9 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 9 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 9.

10.     The allegations contained in paragraph 10 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 10 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 10.

11.     The allegations contained in paragraph 11 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 11 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 11.

12.     BHCP denies the allegations contained in paragraph 12.

<u>ANSWER TO</u>
<u>PARTY PLAINTIFF</u>

13.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore the allegations contained in paragraph 13 are denied.

14.     The allegations contained in paragraph 14 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 14 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 14.

15.     The allegations contained in paragraph 15 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 15 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 15.

<u>ANSWER TO</u>
<u>PARTY DEFENDANTS</u>

16.     The allegations contained in paragraph 16 are not directed to BHCP, and therefore no response is required.

17.     The allegations contained in paragraph 17 are not directed to BHCP, and therefore no response is required.

18.     The allegations contained in paragraph 18 are not directed to BHCP, and therefore no response is required.

2640666-1

19.     The allegations contained in paragraph 19 are not directed to BHCP, and therefore no response is required.

20.     The allegations contained in paragraph 20 are not directed to BHCP, and therefore no response is required.

21.     The allegations contained in paragraph 21 are not directed to BHCP, and therefore no response is required.

22.     The allegations contained in paragraph 22 are not directed to BHCP, and therefore no response is required.

23.     The allegations contained in paragraph 23 are not directed to BHCP, and therefore no response is required.

24.     The allegations contained in paragraph 24 are not directed to BHCP, and therefore no response is required.

25.     The allegations contained in paragraph 25 are not directed to BHCP, and therefore no response is required.

26.     The allegations contained in paragraph 26 are not directed to BHCP, and therefore no response is required.

27.     The allegations contained in paragraph 27 are not directed to BHCP, and therefore no response is required.

28.     The allegations contained in paragraph 28 are not directed to BHCP, and therefore no response is required.

29.     The allegations contained in paragraph 29 are not directed to BHCP, and therefore no response is required.

2640666-1

30.     The allegations contained in paragraph 30 are not directed to BHCP, and therefore no response is required.

31.     The allegations contained in paragraph 31 are not directed to BHCP, and therefore no response is required.

32.     The allegations contained in paragraph 32 are not directed to BHCP, and therefore no response is required.

33.     The allegations contained in paragraph 33 are not directed to BHCP, and therefore no response is required.

34.     BHCP admits that BHCP is a Delaware corporation with its principal place of business in New Jersey.  BHCP denies the allegations contained in paragraph 34 to the extent not specifically admitted.

35.     BHCP admits that BHCP was formerly known as Berlex, Inc., which was formerly known as Berlex Laboratories, Inc., and that BHCP is the same corporate entity as Berlex, Inc. and Berlex Laboratories, Inc.  BHCP denies the allegations contained in paragraph 35 to the extent not specifically admitted.

36.     BHCP admits that BHCP had some involvement in certain aspects of the research and development of Xarelto®, also known as rivaroxaban.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP sold Xarelto®.  BHCP denies the allegations contained in paragraph 36 to the extent not specifically admitted.

37.     BHCP admits that BHCP has conducted business in Louisiana.  BHCP denies the allegations contained in paragraph 37 to the extent not specifically admitted.

2640666-1

38.     BHCP admits that BHCP has conducted business in Louisiana.  BHCP denies the allegations contained in paragraph 38 to the extent not specifically admitted.

39.     The allegations contained in paragraph 39 are vague and ambiguous.  As such, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and therefore the allegations contained in paragraph 39 are denied. BHCP affirmatively states that BHCP has conducted business in Louisiana.

40.     BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, advertised, sold, or distributed Xarelto®.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.   BHCP denies the allegations contained in paragraph 40 to the extent not specifically admitted.

41.     The allegations contained in paragraph 41 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG is a German company with its principal place of business in Germany. BHCP admits that Bayer Pharma AG is a pharmaceutical company.   BHCP denies the allegations contained in paragraph 41 to the extent not specifically admitted.

42.     The allegations contained in paragraph 42 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits

that Bayer Pharma AG was formerly known as Bayer Schering Pharma AG, which was formerly known as Schering AG, and that Bayer Pharma AG is the same corporate entity as Bayer Schering Pharma AG and Schering AG.  BHCP denies the allegations contained in paragraph 42 to the extent not specifically admitted.

43.     The allegations contained in paragraph 43 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Schering AG was renamed Bayer Schering Pharma AG effective December 29, 2006. BHCP denies the allegations contained in paragraph 43 to the extent not specifically admitted.

44.     The allegations contained in paragraph 44 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Schering Pharma AG was renamed Bayer Pharma AG effective July 1, 2011.  BHCP denies the allegations contained in paragraph 44 to the extent not specifically admitted.

45.     The allegations contained in paragraph 45 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the research and development of Xarelto®, also known as rivaroxaban.  BHCP denies that Bayer Pharma AG sold or marketed Xarelto® in the United States.  BHCP denies the allegations contained in paragraph 45 to the extent not specifically admitted.

46.     The allegations contained in paragraph 46 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 46.

2640666-1

47.     The allegations contained in paragraph 47 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 47.

48.     The allegations contained in paragraph 48 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 48.

49.     The allegations contained in paragraph 49 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the design, research, and testing of Xarelto®.  BHCP admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  BHCP denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 49 to the extent not specifically admitted.

50.     The allegations contained in paragraph 50 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  BHCP denies the allegations contained in paragraph 50 to the extent not specifically admitted.

51.     The allegations contained in paragraph 51 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in the first sentence in paragraph 51.  BHCP states that all of the issued and outstanding shares of common stock of BHCP are owned by Schering Berlin Inc., that Schering Berlin Inc. is wholly owned by Bayer HealthCare Holdings LLC, and that the sole member of Bayer HealthCare Holdings LLC is Bayer Corporation.  Because of the vagueness and ambiguity of the remaining allegations contained in paragraph 51, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore the remaining allegations contained in paragraph 51 are denied.

52.     The allegations contained in paragraph 52 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since January 1, 2003, Bayer Corporation has been a holding company that does not conduct operations.  BHCP further states that before January 1, 2003, Bayer Corporation conducted operations through divisions.  BHCP denies that Bayer Corporation researched, developed, designed, licensed, manufactured, distributed, sold or marketed Xarelto®, except that BHCP admits that a former division of Bayer Corporation, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  For a further response, BHCP states that relevant documentation regarding work relating to Xarelto® of such former division is now held by BHCP.  BHCP denies the allegations contained in paragraph 52 to the extent not specifically admitted.

53.     The allegations contained in paragraph 53 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 53.

2640666-1

54.     The allegations contained in paragraph 54 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer HealthCare LLC is a limited liability company formed in Delaware and that Bayer HealthCare LLC's principal place of business is in New Jersey.  BHCP admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  BHCP denies the allegations contained in paragraph 54 to the extent not specifically admitted.

55.     The allegations contained in paragraph 55 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer HealthCare LLC has conducted business in Louisiana.  BHCP denies the remaining allegations contained in paragraph 55.

56.     The allegations contained in paragraph 56 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, the allegations contained in paragraph 56 are vague and ambiguous.  As such, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56, and therefore the allegations contained in paragraph 56 are denied.  BHCP affirmatively states that Bayer HealthCare LLC has conducted business in Louisiana.

57.     The allegations contained in paragraph 57 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 57.

58.     The allegations contained in paragraph 58 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits

that Bayer HealthCare AG has its principal place of business in Germany.  BHCP denies the allegations contained in paragraph 58 to the extent not specifically admitted.

59.     The allegations contained in paragraph 59 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 59.

60.     The allegations contained in paragraph 60 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 60.

61.     The allegations contained in paragraph 61 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 61.

62.     The allegations contained in paragraph 62 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer AG is a German company with its headquarters in Leverkusen, North Rhine-Westphalia, Germany.  BHCP admits that at all relevant times since October 1, 2003, Bayer AG was a holding company and that the business areas conducted by its various direct and indirect subsidiaries included material science, crop science and healthcare, including pharmaceuticals. BHCP denies the allegations contained in paragraph 62 to the extent not specifically admitted.

63.     The allegations contained in paragraph 63 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 63.

64.     The allegations contained in paragraph 64 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits

that Bayer Pharma AG and Bayer HealthCare AG are wholly owned by Bayer AG and that BHCP, Bayer Corporation, and Bayer HealthCare LLC are indirectly owned by Bayer AG. BHCP denies the allegations contained in paragraph 64 to the extent not specifically admitted.

65.    The allegations contained in paragraph 65 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 65.

66.    The allegations contained in paragraph 66 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 66.

67.    The allegations contained in paragraph 67 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since October 1, 2003, at all relevant times, Bayer AG was a holding company that did not conduct operations.  BHCP further states that before January 1, 2003, Bayer AG conducted its pharmaceutical operations through a division.  BHCP denies that Bayer AG designed, researched, manufactured, tested, advertised, promoted, marketed, sold, or distributed Xarelto®, except that BHCP admits that a former division of Bayer AG, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  Relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer Pharma AG. BHCP denies the allegations contained in paragraph 67 to the extent not specifically admitted.

<u>ANSWER TO<br>FACTUAL BACKGROUND</u>

68.    The allegations contained in paragraph 68 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 68 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research

and testing of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold, or distributed Xarelto®.  BHCP further admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 68 to the extent not specifically admitted.

69.     The allegations contained in paragraph 69 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 69 on behalf of any entity other than BHCP.  BHCP admits that on July 1, 2011, Xarelto®, also known as rivaroxaban, was approved by the FDA for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 69 to the extent not specifically admitted.

70.     The allegations contained in paragraph 70 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 70 on behalf of any entity other than BHCP.  BHCP admits that on November 4, 2011, Xarelto® was approved by the FDA to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. BHCP denies the allegations contained in paragraph 70 to the extent not specifically admitted.

71.     BHCP admits that on November 2, 2012, Xarelto® was approved by the FDA for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE, and that the Xarelto® labeling as of November 2012 reflected information regarding the indication

for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and PE. BHCP denies the allegations contained in paragraph 71 to the extent not specifically admitted.

72.     The allegations contained in paragraph 72 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 72 on behalf of any entity other than BHCP.  BHCP admits that Xarelto® was first available for prescription in the United States in 2011, by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies the allegations contained in paragraph 72 to the extent not specifically admitted.

73.     BHCP admits that Xarelto® is an oral anticoagulant and a factor Xa inhibitor available by prescription.   BHCP further admits that Xarelto® is available in the following dosage: 20 mg tablets, 15 mg tablets, and 10 mg tablets.  BHCP denies the allegations contained in paragraph 73 to the extent not specifically admitted.

74.     BHCP admits that the Regulation of Coagulation in Orthopedic Surgery to Prevent Deep Venous Thrombosis and Pulmonary Embolism clinical trials (the "RECORD" clinical trials) were conducted and involved evaluating the use of Xarelto® for the prevention of venous thromboembolism in patients undergoing total knee replacement or total hip replacement.  The results of the RECORD clinical trials, in their entirety, speak for themselves. The New England Journal of Medicine and Lancet articles referenced in paragraph 74, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 74 to the extent not specifically admitted.

75.     BHCP admits that the Rivaroxaban Once Daily Oral Direct Factor Xa Inhibition Compared with Vitamin K Antagonism for Prevention of Stroke and Embolism Trial in Atrial Fibrillation clinical trial (the "ROCKET AF" clinical trial) was conducted and involved

evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The results of the ROCKET AF clinical trial, in their entirety, speak for themselves.  The New England Journal of Medicine article referenced in paragraph 75, in its entirety, speaks for itself.  BHCP denies the allegations contained in paragraph 75 to the extent not specifically admitted.

76.     BHCP admits that the clinical trial EINSTEIN-DVT was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of deep vein thrombosis in patients with confirmed acute symptomatic deep vein thrombosis without symptomatic pulmonary embolism.  BHCP admits that the clinical trial EINSTEIN-PE was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of pulmonary embolism in patients with confirmed acute symptomatic pulmonary embolism with or without symptomatic deep vein thrombosis.  BHCP admits that the clinical trial EINSTEIN-Extension was a comparative study conducted and that involved evaluating the use of Xarelto® for the long term prevention of recurrent symptomatic venous thromboembolism in patients with confirmed symptomatic deep vein thrombosis or pulmonary embolism and who had received prior treatment with Xarelto® or a vitamin K antagonist before clinical trial enrollment.  The results of the EINSTEIN-DVT, EINSTEIN-PE, and EINSTEIN-Extension clinical trials, in their entirety, speak for themselves.  The New England Journal of Medicine articles referenced in paragraph 76, in their entirety, speak for themselves.  Plaintiff has cited an article entitled *Oral rivaroxaban after symptomatic venous thromboembolism: the continued treatment study*, from the Expert Review of Cardiovascular Therapy.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the accuracy of Plaintiff's characterization of that article, and

16

therefore Plaintiff's characterization is denied. BHCP denies the allegations contained in paragraph 76 to the extent not specifically admitted.

77. The allegations contained in paragraph 77 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 77 on behalf of any entity other than BHCP. BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies Plaintiff's characterization of the promotional materials for Xarelto®. BHCP denies the allegations contained in paragraph 77 to the extent not specifically admitted.

78. The allegations contained in paragraph 78 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 78 on behalf of any entity other than BHCP. BHCP admits that BHCP promoted Xarelto® consistent with the FDA-approved labeling. BHCP denies Plaintiff's characterization of the marketing of Xarelto®. Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied. BHCP denies the allegations contained in paragraph 78 to the extent not specifically admitted.

79. BHCP admits that Plaintiff has quoted selected excerpts from the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, regarding statements purportedly made by FDA reviewers regarding Xarelto®. The October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, in its entirety, speaks for itself, and BHCP is not admitting the accuracy of any information or assertions in the

17

QuarterWatch publication.  For a further response, the statements made by FDA reviewers regarding Xarelto®, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 79 to the extent not specifically admitted.

80.     BHCP admits that a specific reversal agent for Xarelto® is not available.  BHCP admits that the original Xarelto® label provided in the Overdosage section that a specific reversal agent for Xarelto® is not available.  BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.  BHCP denies the allegations contained in paragraph 80 to the extent not specifically admitted.

81.     The allegations contained in paragraph 81 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 81 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in the first sentence in paragraph 81.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in paragraph 81, and therefore the allegations contained in the second sentence in paragraph 81 are denied.

82.     The allegations contained in paragraph 82 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 82 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies the allegations contained in paragraph 82 to the extent not specifically admitted.

83.     The allegations contained in paragraph 83 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 83 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in the first sentence in paragraph 83.  BHCP

18

lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in paragraph 83, and therefore the allegations contained in the second sentence in paragraph 83 are denied.

84.     The allegations contained in paragraph 84 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 84 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84, and therefore the allegations contained in paragraph 84 are denied.

85.     The allegations contained in paragraph 85 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 85 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 85.

86.     The allegations contained in paragraph 86 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 86 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 86.

87.     The allegations contained in paragraph 87 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 87 on behalf of any entity other than BHCP.  BHCP denies that the FDA Office of Prescription Drug Promotion ("OPDP") sent an untitled letter to BHCP regarding a print advertisement for Xarelto®.  For a further response, BHCP states, on information and belief, that the OPDP sent an untitled letter to Johnson & Johnson International, Inc. on or about June 6, 2013.  BHCP denies the allegations contained in paragraph 87 regarding the contents of the letter from the OPDP regarding a print advertisement for Xarelto® to the extent that they are inconsistent with the language of the letter or omit

portions of the letter.  The referenced OPDP letter, in its entirety, speaks for itself.  BHCP denies the remaining allegations contained in paragraph 87.

88.     The allegations contained in paragraph 88 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 88 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 regarding any materials or information received by Plaintiff's prescribing physician, and therefore those allegations contained in paragraph 88 are denied.  BHCP denies the allegations contained in paragraph 88 to the extent not specifically admitted.

89.     The allegations contained in paragraph 89 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 89 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto®

20

were provided.   BHCP denies the allegations contained in paragraph 89 to the extent not specifically admitted.

90.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90, and therefore the allegations contained in paragraph 90 are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

91.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91, and therefore the allegations contained in paragraph 91 are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

92.     Plaintiff fails to identify the specific publication that Plaintiff purportedly quotes from in paragraph 92.  BHCP denies the allegations contained in paragraph 92.

93.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93, and therefore the allegations contained in paragraph 93 are denied.  For a further response, the submission of a MedWatch form to the FDA does not

21

constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form. BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

94. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94, and therefore the allegations contained in paragraph 94 are denied.

95. The allegations contained in paragraph 95 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 95 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 95. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.

96. The allegations contained in paragraph 96 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 96 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 96, including all subparts. For a further response, BHCP states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

97. The allegations contained in paragraph 97 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 97 on behalf of any entity other than BHCP. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP labeled Xarelto®. In

response to the first sentence in paragraph 97, BHCP affirmatively states the original Xarelto® label was issued in July 2011, and has been supplemented at various times since then. The Xarelto® labels, in their entirety, speak for themselves. BHCP denies the allegations contained in paragraph 97 to the extent not specifically admitted. BHCP further responds that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

98. The allegations contained in paragraph 98 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 98 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 98.

99. The allegations contained in paragraph 99 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 99 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 99.

100. The allegations contained in paragraph 100 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 100 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 100.

101. The allegations contained in paragraph 101 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 101 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 101.

102. The allegations contained in paragraph 102 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 102 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 102.

103.    The allegations contained in paragraph 103 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 103 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 103.

104.    The allegations contained in paragraph 104 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 104 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 104.

105.    The allegations contained in paragraph 105 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 105 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 105.

106.    The allegations contained in paragraph 106 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 106 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 106.

<u>ANSWER TO</u>
<u>FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS</u>
<u>(LOUISIANA PRODUCTS LIABILITY ACT)</u>

107.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

108.    The allegations contained in paragraph 108 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 108 on behalf of any entity other than BHCP.  The allegations contained in paragraph 108 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®, including any duty with respect to the design, research, manufacture, marketing, supply, promotion, packaging, sale, or distribution of Xarelto®.  BHCP admits that BHCP had some involvement in certain aspects of the research of

Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, supplied, packaged, sold, or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 108 to the extent not specifically admitted.

109.    The allegations contained in paragraph 109 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 109 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 109.

110.    The allegations contained in paragraph 110 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 110 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 110, including all subparts.

111.    The allegations contained in paragraph 111 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 111 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 111.

112.    The allegations contained in paragraph 112 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 112 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 112.

113.    The allegations contained in paragraph 113 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 113 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 113, including all subparts.

114.    The allegations contained in paragraph 114 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 114 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 114.

115.    The allegations contained in paragraph 115 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 115 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 115.

116.    The allegations contained in paragraph 116 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 116 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 116.

117.    The allegations contained in paragraph 117 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 117 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 117.

**ANSWER TO**
**SECOND CAUSE OF ACTION AGAINST THE DEFENDANTS**
**(STRICT PRODUCTS LIABILITY)**

118.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

119.    The allegations contained in paragraph 119 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 119 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold, or distributed Xarelto®.  BHCP denies that BHCP has

26

recently acquired any Defendant that designed, researched, tested, advertised, promoted, marketed, sold, or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 119 to the extent not specifically admitted.

120.    The allegations contained in paragraph 120 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 120 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold or distributed.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP produced, manufactured, sold, or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 120 to the extent not specifically admitted.

121.    BHCP denies the allegations contained in paragraph 121.

122.    The allegations contained in paragraph 122 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 122 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 122.

123.    The allegations contained in paragraph 123 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 123 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 123.

124.    The allegations contained in paragraph 124 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 124 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 124.

125.    The allegations contained in paragraph 125 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 125 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 125.

126.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126, and therefore the allegations contained in paragraph 126 are denied.

127.    The allegations contained in paragraph 127 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 127 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 127.

128.    The allegations contained in paragraph 128 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 128 on behalf of any entity other than BHCP.  The allegations contained in paragraph 128 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 128.

129.    The allegations contained in paragraph 129 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 129 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 129.

130.    The allegations contained in paragraph 130 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 130 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 130.

131.    The allegations contained in paragraph 131 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 131 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 131.

2640666-1

132.    The allegations contained in paragraph 132 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 132 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 132.

133.    BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 133.

134.    The allegations contained in paragraph 134 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 134 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 134.

135.    The allegations contained in paragraph 135 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 135 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 135.

136.    The allegations contained in paragraph 136 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 136 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 136.

137.    The allegations contained in paragraph 137 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 137 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 137.

138.    The allegations contained in paragraph 138 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 138 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 138.

139.    The allegations contained in paragraph 139 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 139 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 139.

140.   The allegations contained in paragraph 140 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 140 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 140.

ANSWER TO
THIRD CAUSE OF ACTION AGAINST THE DEFENDANTS
(BREACH OF EXPRESS WARRANTY)

141.   BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

142.   The allegations contained in paragraph 142 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 142 on behalf of any entity other than BHCP.  The allegations contained in paragraph 142 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 142 to the extent not specifically admitted.

143.   The allegations contained in paragraph 143 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 143 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 143.

144.   The allegations contained in paragraph 144 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 144 on behalf of any

2640666-1

entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 about what Plaintiff relied upon, and therefore those allegations contained in paragraph 144 are denied.  BHCP denies the remaining allegations contained in paragraph 144.

145.    The allegations contained in paragraph 145 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 145 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 about what "[m]embers of the medical community, including physicians and other healthcare professionals" relied upon, and therefore those allegations contained in paragraph 145 are denied.  BHCP denies the remaining allegations contained in paragraph 145.

146.    The allegations contained in paragraph 146 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 146 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 146.

147.    The allegations contained in paragraph 147 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 147 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of

Xarelto® were provided.  BHCP denies the allegations contained in paragraph 147 to the extent not specifically admitted.

148.   The allegations contained in paragraph 148 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 148 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 148.

149.   The allegations contained in paragraph 149 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 149 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 149.

150.   The allegations contained in paragraph 150 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 150 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 150.

<u>ANSWER TO</u>
<u>FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS</u>
<u>(BREACH OF IMPLIED WARRANTIES)</u>

151.   BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

152.   The allegations contained in paragraph 152 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 152 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP manufactured, compounded, portrayed, distributed, recommended, merchandized,

advertised, or sold Xarelto®.  BHCP denies that BHCP has recently acquired any Defendant that manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, promoted, or sold Xarelto®.  BHCP denies the allegations contained in paragraph 152 to the extent not specifically admitted.

153.    The allegations contained in paragraph 153 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 153 on behalf of any entity other than BHCP.  The allegations contained in paragraph 153 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 153 to the extent not specifically admitted.

154.    The allegations contained in paragraph 154 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 154 on behalf of any entity other than BHCP.  The allegations contained in paragraph 154 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP

otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 154 to the extent not specifically admitted.

155.   The allegations contained in paragraph 155 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 155 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 155.

156.   The allegations contained in paragraph 156 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 156 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 about what "Plaintiff, and/or members of the medical community and/or healthcare professionals" relied upon, and therefore those allegations contained in paragraph 156 are denied.  BHCP denies the remaining allegations contained in paragraph 156.

157.   The allegations contained in paragraph 157 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 157 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157, and therefore the allegations contained in paragraph 157 are denied.

158.   The allegations contained in paragraph 158 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 158 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 158.

34

159.    The allegations contained in paragraph 159 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 159 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 159.

160.    The allegations contained in paragraph 160 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 160 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 160.

ANSWER TO
FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS
(FRAUDULENT MISREPRESENTATION)

161.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

162.    The allegations contained in paragraph 162 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 162 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 162.

163.    The allegations contained in paragraph 163 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 163 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 163.

164.    The allegations contained in paragraph 164 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 164 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 164.

165.    The allegations contained in paragraph 165 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 165 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 165.

166.    The allegations contained in paragraph 166 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 166 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 166.

167.    The allegations contained in paragraph 167 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 167 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 167.

168.    The allegations contained in paragraph 168 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 168 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 168.

169.    The allegations contained in paragraph 169 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 169 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 169.

170.    The allegations contained in paragraph 170 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 170 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 170.

171.    The allegations contained in paragraph 171 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 171 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 171.

172.    The allegations contained in paragraph 172 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 172 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 172.

2640666-1

ANSWER TO
SIXTH CAUSE OF ACTION AGAINST THE DEFENDANTS
(FRAUDULENT CONCEALMENT)

173.     BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

174.     The allegations contained in paragraph 174 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 174 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 174.

175.     The allegations contained in paragraph 175 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 175 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 175.

176.     The allegations contained in paragraph 176 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 176 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 176, including all subparts.

177.     The allegations contained in paragraph 177 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 177 on behalf of any entity other than BHCP.  The allegations contained in paragraph 177 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies that Xarelto® was defective and denies the remaining allegations contained in paragraph 177.

178.     The allegations contained in paragraph 178 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 178 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 178.  BHCP denies that Xarelto® was defective.

2640666-1

179.    The allegations contained in paragraph 179 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 179 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 179.

180.    The allegations contained in paragraph 180 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 180 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 180.

181.    The allegations contained in paragraph 181 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 181 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 181.

182.    The allegations contained in paragraph 182 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 182 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 182.

183.    The allegations contained in paragraph 183 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 183 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 183.

<u>ANSWER TO</u>
<u>SEVENTH CAUSE OF ACTION AGAINST THE DEFENDANTS</u>
<u>(NEGLIGENT MISREPRESENTATION)</u>

184.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

185.    The allegations contained in paragraph 185 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 185 on behalf of any entity other than BHCP.  The allegations contained in paragraph 185 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies that

BHCP violated any applicable duty relating to Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 185 to the extent not specifically admitted.

186.   The allegations contained in paragraph 186 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 186 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 186.

187.   The allegations contained in paragraph 187 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 187 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 187 to the extent not specifically admitted.

188.     The allegations contained in paragraph 188 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 188 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 188.

189.     The allegations contained in paragraph 189 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 189 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 189.

190.     The allegations contained in paragraph 190 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 190 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 190.

<u>ANSWER TO</u>
<u>EIGHTH CAUSE OF ACTION AGAINST THE DEFENDANTS</u>
<u>(FRAUD AND DECEIT)</u>

191.     BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

192.     The allegations contained in paragraph 192 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 192 on behalf of any entity other than BHCP.  The allegations contained in paragraph 192 are vague and ambiguous.  As such, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192, and therefore the allegations contained in paragraph 192 are denied.

193.     The allegations contained in paragraph 193 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 193 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement

40

in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 193 to the extent not specifically admitted.

194.    The allegations contained in paragraph 194 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 194 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 194 to the extent not specifically admitted.

195.    The allegations contained in paragraph 195 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 195 on behalf of any entity other than BHCP.  The allegations contained in paragraph 195 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP further denies that BHCP

deceived the public, Plaintiff, Plaintiff's healthcare providers, or the FDA.  BHCP denies the allegations contained in paragraph 195.

196.    The allegations contained in paragraph 196 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 196 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 196 to the extent not specifically admitted.

197.    The allegations contained in paragraph 197 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 197 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 197 to the extent not specifically admitted.

198.   The allegations contained in paragraph 198 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 198 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 198 to the extent not specifically admitted.

199.   The allegations contained in paragraph 199 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 199 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 199 to the extent not specifically admitted.

200.   The allegations contained in paragraph 200 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 200 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting

Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 200 to the extent not specifically admitted.

201.    The allegations contained in paragraph 201 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 201 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 201.

202.    The allegations contained in paragraph 202 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 202 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 202.

203.    The allegations contained in paragraph 203 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 203 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 203 to the extent not specifically admitted.

204.    The allegations contained in paragraph 204 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 204 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 204 to the extent not specifically admitted.

205.    The allegations contained in paragraph 205 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 205 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 205.

206.    The allegations contained in paragraph 206 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 206 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 206 to the extent not specifically admitted.

207.    The allegations contained in paragraph 207 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 207 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 207 to the extent not specifically admitted.

208.    The allegations contained in paragraph 208 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 208 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 208 to the extent not specifically admitted.

209.    The allegations contained in paragraph 209 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 209 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting

2640666-1

Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 209 to the extent not specifically admitted.

210.    The allegations contained in paragraph 210 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 210 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 210.

211.    The allegations contained in paragraph 211 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 211 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 211 to the extent not specifically admitted.

212.    The allegations contained in paragraph 212 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 212 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting

Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 212 to the extent not specifically admitted.

213.    The allegations contained in paragraph 213 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 213 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 213.

214.    The allegations contained in paragraph 214 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 214 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 214 to the extent not specifically admitted.

215.    The allegations contained in paragraph 215 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 215 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting

Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 215 to the extent not specifically admitted.

216.   The allegations contained in paragraph 216 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 216 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 216.

217.   The allegations contained in paragraph 217 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 217 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 217 regarding reliance by Plaintiff and/or Plaintiff's respective healthcare professionals, and therefore those allegations contained in paragraph 217 are denied.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 217 to the extent not specifically admitted.  BHCP denies any and all wrongdoing implied by Plaintiff in paragraph 217.

218.    The allegations contained in paragraph 218 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 218 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 218 to the extent not specifically admitted.

219.    The allegations contained in paragraph 219 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 219 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 219 to the extent not specifically admitted.

220.    The allegations contained in paragraph 220 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 220 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting

Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 220 to the extent not specifically admitted.

221.   The allegations contained in paragraph 221 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 221 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 221.

222.   The allegations contained in paragraph 222 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 222 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 222.

223.   The allegations contained in paragraph 223 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 223 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 223.

<u>ANSWER TO</u>
<u>NINTH CAUSE OF ACTION AGAINST THE DEFENDANTS</u>
<u>(LOUISIANA PRODUCTS LIABILITY ACT [LPLA])</u>

224.   BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.  The allegations contained in the second sentence in paragraph 224 are directed to Defendants collectively.  BHCP is not answering the allegations contained in the second sentence in paragraph 224 on behalf of any entity other than BHCP.  BHCP denies that Plaintiff has valid claims under the cited Act, and denies that Plaintiff is

entitled to any relief under the Act.   BHCP denies the allegations contained in the second sentence in paragraph 224.

225.   The allegations contained in paragraph 225 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 225 on behalf of any entity other than BHCP.  BHCP denies that Plaintiff has valid claims under the cited Act, and denies that Plaintiff is entitled to any relief under the Act.   BHCP denies the allegations contained in paragraph 225.

226.   The allegations contained in paragraph 226 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 226 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the development and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, packaged, distributed, labeled, or sold Xarelto®. BHCP denies the allegations contained in paragraph 226 to the extent not specifically admitted.

227.   The allegations contained in paragraph 227 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 227 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 227, and therefore those allegations are denied.

228.    The allegations contained in paragraph 228 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 228 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the development and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, packaged, distributed, labeled, or sold Xarelto®. BHCP denies the allegations contained in paragraph 228, including all subparts, to the extent not specifically admitted.

229.    The allegations contained in paragraph 229 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 229 on behalf of any entity other than BHCP.  BHCP denies that BHCP manufactured or supplied Xarelto®.  BHCP denies the allegations contained in paragraph 229.

230.    BHCP denies the allegations contained in paragraph 230.

231.    The allegations contained in paragraph 231 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 231 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the development and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, packaged, distributed, labeled, or sold Xarelto®. BHCP denies the allegations contained in paragraph 231, including all subparts, to the extent not specifically admitted.

232.    The allegations contained in paragraph 232 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 232 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 232.

233.    The allegations contained in paragraph 233 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 233 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 233.

234.    The allegations contained in paragraph 234 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 234 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 234.

235.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 235, and therefore the allegations contained in paragraph 235 are denied.

236.    The allegations contained in paragraph 236 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 236 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 236.

237.    The allegations contained in paragraph 237 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 237 on behalf of any entity other than BHCP.  The allegations contained in paragraph 237 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 237.

238.    The allegations contained in paragraph 238 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 238 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 238.

2640666-1

239.    The allegations contained in paragraph 239 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 239 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 239.

240.    The allegations contained in paragraph 240 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 240 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 240.

241.    The allegations contained in paragraph 241 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 241 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 241.

242.    BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 242.

243.    The allegations contained in paragraph 243 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 243 on behalf of any entity other than BHCP.  BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 243.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.

244.    The allegations contained in paragraph 244 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 244 on behalf of any entity other than BHCP.  BHCP denies that BHCP manufactured or supplied Xarelto®.  BHCP denies the allegations contained in paragraph 244.

245.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 245, and therefore the allegations contained in paragraph 245 are denied.

246.     BHCP denies that Xarelto® is defective and denies the remaining allegations contained in paragraph 246.

247.     The allegations contained in paragraph 247 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 247 on behalf of any entity other than BHCP.  The allegations contained in paragraph 247 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies that BHCP manufactured or distributed Xarelto®.  Because of the vagueness and ambiguity of the remaining allegations contained in paragraph 247, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

248.     The allegations contained in paragraph 248 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 248 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 248.

249.      The allegations contained in paragraph 249 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 249 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 249.

250.     The allegations contained in paragraph 250 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 250 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 250, and therefore the allegations contained in paragraph 250 are denied.

251.    The allegations contained in paragraph 251 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 251 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 251.

252.    The allegations contained in paragraph 252 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 252 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, or sold Xarelto®.  BHCP denies that BHCP has recently acquired any Defendant that manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, promoted, or sold Xarelto®.  BHCP denies the allegations contained in paragraph 252 to the extent not specifically admitted.

253.    The allegations contained in paragraph 253 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 253 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of

57

Xarelto® were provided.  BHCP denies the allegations contained in paragraph 253 to the extent not specifically admitted.

254.    The allegations contained in paragraph 254 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 254 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 254.

255.    The allegations contained in paragraph 255 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 255 on behalf of any entity other than BHCP.  The allegations contained in paragraph 255 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 255 to the extent not specifically admitted.

256.    The allegations contained in paragraph 256 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 256 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 256.

257.    BHCP denies the allegations contained in paragraph 257.

258.    The allegations contained in paragraph 258 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 258 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 258 about what "Plaintiff, other consumers, and the medical community" relied upon, and therefore those allegations contained in paragraph 258 are denied. BHCP denies the remaining allegations contained in paragraph 258.

259. The allegations contained in paragraph 259 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 259 on behalf of any entity other than BHCP. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 259 about what "[m]embers of the medical community, including physicians and other healthcare professionals" relied upon, and therefore those allegations contained in paragraph 259 are denied. BHCP denies the remaining allegations contained in paragraph 259.

260. The allegations contained in paragraph 260 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 260 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 260.

261. The allegations contained in paragraph 261 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 261 on behalf of any entity other than BHCP. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies the allegations contained in paragraph 261 to the extent not specifically admitted.

262.    The allegations contained in paragraph 262 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 262 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 262.

263.    The allegations contained in paragraph 263 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 263 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 263.

ANSWER TO
PRAYER FOR RELIEF

BHCP denies the allegations contained in the unnumbered paragraph following paragraph 263 and its subparagraphs, and denies any wrongdoing whatsoever.  BHCP denies that it is liable to Plaintiff, either for damages, and/or any other relief or costs or attorneys' fees or interest in any amount whatsoever.

BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

ANSWER TO
DEMAND FOR JURY TRIAL

The paragraph under the heading "Demand for Jury Trial" contains no factual allegations and requires no response.  BHCP hereby demands a trial by jury on all issues so triable.

All allegations of the Complaint not expressly admitted are denied.

DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to BHCP in this matter.  BHCP accordingly asserts these separate defenses.  Upon completion of discovery, if the facts warrant, BHCP may withdraw any of these defenses

60

as may be appropriate.  By setting forth these defenses, BHCP does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.   Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiff's allegations.  BHCP further reserves the right to amend its Answer and Defenses, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of defenses, BHCP states as follows:

1.      Plaintiff's Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.

2.      BHCP preserves lack of service of process or insufficiency of service of process to the extent BHCP has not been served properly either under the Federal Rules of Civil Procedure or under the alternative procedures for service of process stipulated by certain defendants in this Court.

3.      Pursuant to Fed. R. Civ. P. 12(b)(3), BHCP asserts the defense of improper venue, as venue may be improper in this district.

4.      This Court may not be the proper forum, and may be an inconvenient forum, for the just adjudication of Plaintiff's claims.

5.      Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

6.      Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

7.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate Plaintiff's alleged damages.

2640666-1

8.      The acts and omissions of Plaintiff caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence.  Plaintiff's recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

9.      Plaintiff's recovery, if any, is barred or must be reduced by the applicable states' contributory negligence and/or comparative negligence law.

10.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

11.     Plaintiff's recovery, if any, against BHCP is subject to the applicable states' several or joint and several liability law.

12.     To the extent that BHCP is found jointly and severally liable, which is expressly denied, BHCP is entitled to contribution from other defendants and/or relies upon applicable states' law regarding contribution among tortfeasors.

13.     Plaintiff's Complaint may fail to join indispensable parties necessary for the just adjudication of this matter.

14.     If Plaintiff suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff.  Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's assumption of the risk.

15.     If the injuries claimed by Plaintiff were related to the use of Xarelto®, which is expressly denied, any such injuries were the result of an idiosyncratic or allergic reaction to Xarelto®.

16.     The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of BHCP was not the proximate and/or competent producing cause of such alleged injuries and damages.

17.     The injuries and damages claimed by Plaintiff, if any, are barred or must be reduced or apportioned, because those damages arose from the acts or omissions of persons or entities other than BHCP, for whom BHCP has no legal responsibility.

18.     The alleged injuries sustained by Plaintiff, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which BHCP has no legal responsibility.

19.     If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®.  Plaintiff's recovery is accordingly barred.

20.     The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including BHCP.

21.     Plaintiff's claims are barred, because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

22.     The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

23.     Plaintiff's Complaint fails to state a claim to the extent BHCP did not manufacture or distribute the product allegedly used by Plaintiff.

24.     BHCP owed no legal duty to Plaintiff because BHCP did not manufacture or distribute Xarelto®.

2640666-1

25.     Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion, and sale of Xarelto®, including, but not limited to, adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art.  Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time. Plaintiff's recovery accordingly is barred.

26.     The methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of Xarelto®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package inserts and other literature, conformed to the applicable state of the art.  Such conformity creates a rebuttable presumption that Xarelto® was not defective and that there was no negligence.

27.     Plaintiff's claims are barred, because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing, or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiff's recovery.

28.     The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

29.     Plaintiff's alleged damages were not caused by any failure to warn on the part of BHCP.

30.     Plaintiff's causes of action are or may be barred in whole or in part by Plaintiff's failure to assert a safer design for Xarelto®.

31.     Plaintiff's product liability causes of action are or may be barred because Xarelto® was consistent with or exceeded physician or consumer expectations.

32.     Plaintiff is barred from recovering any damages to the extent that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by Plaintiff without substantially impairing the usefulness or intended purpose of Xarelto®.

33.     Plaintiff's claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts, including, but not limited to, the Restatement (Third) of Torts: Product Liability, § 6, comment f, and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

34.     Plaintiff's claims are or may be barred, in whole or in part, by the applicable states' products liability law.

35.     BHCP asserts all defenses available to it under any applicable states' products liability law.

36.     BHCP gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, BHCP intends to rely upon same in defense of this action.

37.     The prescription drug Xarelto® complied with the applicable product safety regulations promulgated by the FDA.  Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing, promotion, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiff's recovery is accordingly barred.

38.     The prescription drug Xarelto® complied with the applicable federal and/or state safety codes, statutes, rules, regulations or standards.  Compliance with such codes, statutes, rules, regulations and standards demonstrates that due care was exercised with respect to the

design, manufacture, testing, marketing and sale of this prescription drug, and that BHCP is entitled to a presumption that the product is neither defective nor unreasonably dangerous. Plaintiff's claims and any recovery are accordingly barred.

39.     Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

40.     Plaintiff's claims are barred, in whole or in part, because the commercial speech relating to Xarelto® is protected under the First Amendment and Fourteenth Amendment of the United States Constitution and the applicable state constitution.

41.     Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

42.     Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion, and labeling.

43.     To the extent that Plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

44.     Plaintiff cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs, because the remedy sought by Plaintiff is subject to the exclusive regulation of the FDA.

45.     This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

46.     Plaintiff did not detrimentally rely on any labeling, warnings, or information concerning Xarelto®.

47.     BHCP did not misrepresent or conceal any fact or warranties material to Plaintiff's treatment with Xarelto®.  Any opinions or commendations expressed by BHCP are not actionable as representations or warranties.

48.     Plaintiff's prescribing physicians did not rely on any alleged misrepresentations or concealment by BHCP in treating Plaintiff, or in states where the learned intermediary doctrine does not apply, Plaintiff did not rely on any alleged misrepresentations or concealment by BHCP.

49.     Applicable law does not recognize a post-sale duty to warn in the present circumstances.  Accordingly, to the extent that Plaintiff seeks recovery for any alleged breach of a post-sale duty to warn, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

50.     Each item of economic loss alleged in the Complaint may have been or may be replaced or indemnified in whole or in part by collateral sources, and therefore is not recoverable in this action.

51.     To the extent that Plaintiff's Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

52.     To the extent that Plaintiff's claims have been settled or Plaintiff will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of BHCP, if any, should be reduced accordingly.

53.     Plaintiff's claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

54.     Plaintiff's claims for breach of warranty are barred, because Plaintiff failed to give timely notice of any alleged breach of warranty.

55.     BHCP did not sell or distribute Xarelto® to Plaintiff, and Plaintiff did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiff's claims for breach of warranty, express or implied, are barred by lack of privity between Plaintiff and BHCP.

56.     Plaintiff's claims for breach of warranty, express or implied, are barred by the applicable states' Uniform Commercial Code or other applicable law.

57.     Plaintiff fails to state a claim for express warranty because there was no affirmation of fact or promise made by BHCP relating to the product that was the basis of the bargain.

58.     Plaintiff's Complaint fails to state a claim for fraud, and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure 9(b).

59.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

60.     No act or omission of BHCP caused or contributed to Plaintiff's alleged injuries. Further, the Complaint fails to allege conduct by BHCP upon which an award of punitive or

68

exemplary damages can be based.  No act or omission of BHCP qualifies Plaintiff to punitive damages under any applicable states' punitive damages laws.  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

61.    BHCP denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been or can be produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

62.    Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate BHCP's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution and similar state constitutional provisions, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and similar state constitutional provisions, and the prohibition against excessive fines in the United States Constitution and similar state constitutional provisions, and would contravene other provisions of the United States Constitution and any applicable state constitution.

63.    Plaintiff cannot recover punitive or exemplary damages against BHCP, because such an award, which is penal in nature, would violate BHCP's constitutional rights under the United States Constitution and any applicable state constitution, unless BHCP is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

64.    Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution and similar state constitutional

provisions, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

65.     Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

66.     With respect to Plaintiff's demand for punitive or exemplary damages, BHCP specifically reserves the right to assert any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under any state law that may be applicable to Plaintiff's claims, including, but not limited to, New Jersey law, including the provisions of the Punitive Damages Act, N.J.S.A. 2A:15-5.9 et seq., and/or any other applicable state law.  BHCP reserves the right to seek bifurcation of Plaintiff's punitive damages claims pursuant to any applicable law, including, but not limited to, N.J.S.A. 2A:15-5.13.

67.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the applicable states' law regarding punitive damages.

68.     Plaintiff's claims for non-economic damages is limited by applicable states' law on non-economic damages.

69.     Plaintiff's recovery, if any, is subject to the applicable states' limitations on damages.

70.     Plaintiff's claims for recovery are limited by any applicable states' statutory and common law limitations on awards, caps on recovery, and set-offs.

71.     Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest, or post-judgment interest.

72.     Plaintiff's claims for costs, fees and/or interest are barred and/or limited for failure to comply with the requirements of the applicable states' law.

73.     If Plaintiff has filed bankruptcy during the relevant time period of the events alleged in the Complaint or file for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

74.     Plaintiff's actions should be dismissed to the extent Plaintiff has asserted the same claims in actions pending in other jurisdictions.

75.     Some or all of Plaintiff's claims are barred, in whole or in part, by any prescription and/or peremption periods.

76.     Any claims for detrimental reliance are barred under Louisiana law.

77.     BHCP pleads the provisions and limitations of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq*. (the "LPLA"), and all the limitations and defenses set forth therein, including but not limited to, industry custom, technological feasibility, and compliance with standards and regulations.

78.     BHCP specifically pleads the applicability and exclusivity of the LPLA, and specifically avers that Plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the LPLA.

79.     Plaintiff's claims are limited to those allowed under the LPLA, and Plaintiff's relief, if any, is limited to relief allowed under the LPLA.  Plaintiff's claims are barred by applicable provisions of the LPLA.

80.     Xarelto® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA.

81.     La. Rev. Stat. 9:2800.59 applies, and Xarelto® was designed, manufactured, packaged, labeled, sold and distributed in conformity with the then-existing reasonably available scientific and technological knowledge, and, therefore BHCP can have no liability in the premises.

82.     Plaintiff's compensatory damages, if any, are limited to those permitted under Louisiana Civil Code Article 2315.

83.     Under Louisiana Civil Code Articles 2323 and 2324, BHCP is not liable for more than its own degree of fault, if any, and is not solidarily liable with other persons or entities for damages attributable to the fault of such persons or entities.

84.     Under Louisiana Civil Code Article 2323, Plaintiff's claims are barred or limited by Plaintiff's own negligence, carelessness, and/or comparative fault, which was a direct and proximate cause of Plaintiff's injuries or damages, if any.

85.     With respect to each and every cause of action, Plaintiff is not entitled to relief to the extent that Plaintiff is unable to prove the identity of the manufacturer and/or supplier of the precise products used by Plaintiff.

86.     Plaintiff's demand for punitive damages is barred by the LPLA.

87.     BHCP adopts all defenses available under the law which governs the action.

2640666-1

88.     BHCP adopts and incorporates by reference all defenses pled by other defendants except to the extent that they are inconsistent with BHCP's defenses pled in this Answer.

89.     BHCP expressly reserves the right to amend this Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

**WHEREFORE**, BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

<u>JURY DEMAND</u>

BHCP hereby demands a trial by jury on all issues so triable.

February 17, 2016.

Respectfully submitted,

*/s/ John F. Olinde*
John F. Olinde, #1515
Peter J. Rotolo, III, #21848
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Email: olinde@chaffe.com
Email: rotolo@chaffe.com

Steven Glickstein
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-7910
Telephone: (212)836-8485
Email: steven.glickstein@kayescholer.com

73

William Hoffman
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Telephone: (202) 682-3550
Email: William.hoffman@kayescholer.com

Pamela J. Yates
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6048
Telephone: (310) 788-1278
Email: pamela.yates@kayescholer.com

Fred M. Haston, III
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8303
Email: thaston@babc.com

*ATTORNEYS FOR BAYER HEALTHCARE
PHARMACEUTICALS INC.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2016, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to all attorneys of record.

*/s/ John F. Olinde*