**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| JOHN BEST and EDNA BEST, h/w, ROSETTA COOK and STANLEY COOK, h/w, CARL DETTMER and BONNIE DETTMER, h/w, BRIAN DOUGLAS and WENDY DOUGLAS, h/w, JOSEFA G. GUERRA, Executor of the Estate of HORACIO GUERRA, Deceased, BETTY HAWKINS and BILLY HAWKINS, h/w, SUSAN L. STEWART, as Guardian for EVELYN KENDRICK, an Incapacitated Person, BARBARA JO RANDLES and MONTE RANDLES, h/w, AND JANET WEIS and JOHN WEIS, h/w, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JUDGE: ELDON E. FALLON MAGISTRATE JUDGE: MICHAEL NORTH Civil Action No: 2:15-cv-03302 (Severed from Lead Action No. 2:15-cv-02830) JURY TRIAL DEMANDED |
| **Plaintiffs** | ) ) | |
| v. | ) ) | |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. **Defendants** | ) ) ) ) ) | |

**ANSWER AND ADDITIONAL DEFENSES OF**
**DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.**
**TO PLAINTIFFS' AMENDED JOINT COMPLAINT AS IT RELATES TO**
**THE CLAIMS OF PLAINTIFF JOSEFA G. GUERRA,**
**EXECUTOR OF THE ESTATE OF HORACIO GUERRA, DECEASED**

Defendant Bayer HealthCare Pharmaceuticals Inc. ("BHCP") serves its Answer and

Additional Defenses to Plaintiffs' Amended Joint Complaint (the "Complaint")[1] as it relates to

the claims asserted by Plaintiff Josefa G. Guerra, Executor of the Estate of Horacio Guerra,

Deceased (referred to herein collectively as the "Plaintiff") and states as follows[2]:

---

[1] Plaintiffs' Amended Joint Complaint was filed in *In Re Xarelto Products Liability*, MDL 2592 (Doc. No. 1178).

[2] Pursuant to Pre-Trial Order No. 11 ("PTO 11"), BHCP files an individual answer to the Complaint as to the claims asserted by Plaintiff Josefa G. Guerra, Executor of the Estate of Horacio Guerra, Deceased, as Horacio Guerra has

1

<u>ANSWER TO</u>
<u>I. PLAINTIFF SPECIFIC ALLEGATIONS</u>

1(a).    No response is required as to the allegations contained in paragraph 1(a).  To the extent a response is deemed required, BHCP denies that any of Plaintiff John Best's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1(a), and therefore those allegations are denied.

1(b).    No response is required as to the allegations contained in paragraph 1(b).  To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1(b) regarding Plaintiffs John Best and Edna Best's marital status, and therefore those allegations contained in paragraph 1(b) are denied.  BHCP denies the remaining allegations contained in paragraph 1(b).

2(a).    No response is required as to the allegations contained in paragraph 2(a).  To the extent a response is deemed required, BHCP denies that any of Plaintiff Rosetta Cook's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2(a), and therefore those allegations are denied.

2(b).    No response is required as to the allegations contained in paragraph 2(b).  To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2(b) regarding Plaintiffs Rosetta Cook and Stanley Cook's marital status, and therefore those allegations contained in paragraph 2(b) are denied.  BHCP denies the remaining allegations contained in paragraph 2(b).

---

been selected as part of the bellwether discovery pool.  Pursuant to PTO 11, BHCP's Omnibus Answer and Defenses is deemed as the operative answer and defenses for the remaining plaintiffs named in the Complaint.

3(a).    No response is required as to the allegations contained in paragraph 3(a).  To the extent a response is deemed required, BHCP denies that any of Plaintiff Carl Dettmer's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3(a), and therefore those allegations are denied.

3(b).    No response is required as to the allegations contained in paragraph 3(b).  To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3(b) regarding Plaintiffs Carl Dettmer and Bonnie Dettmer's marital status, and therefore those allegations contained in paragraph 3(b) are denied.  BHCP denies the remaining allegations contained in paragraph 3(b).

4(a).    No response is required as to the allegations contained in paragraph 4(a).  To the extent a response is deemed required, BHCP denies that any of Plaintiff Brian Douglas' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4(a), and therefore those allegations are denied.

4(b).    No response is required as to the allegations contained in paragraph 4(b).  To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4(b) regarding Plaintiffs Brian Douglas and Wendy Douglas' marital status, and therefore those allegations contained in paragraph 4(b) are denied.  BHCP denies the remaining allegations contained in paragraph 4(b).

5.    BHCP denies that any of Plaintiff Horacio Guerra's alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to

3

form a belief as to the truth of the remaining allegations contained in paragraph 5 and its subparagraphs, and therefore those allegations are denied.

6(a).    No response is required as to the allegations contained in paragraph 6(a).  To the extent a response is deemed required, BHCP denies that any of Plaintiff Betty Hawkins' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6(a), and therefore those allegations are denied.

6(b).    No response is required as to the allegations contained in paragraph 6(b).  To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6(b) regarding Plaintiffs Betty Hawkins and Billy Hawkins' marital status, and therefore those allegations contained in paragraph 6(b) are denied.  BHCP denies the remaining allegations contained in paragraph 6(b).

7.    No response is required as to the allegations contained in paragraph 7.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Evelyn Kendrick's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 and its subparagraphs, and therefore those allegations are denied.

8(a).    No response is required as to the allegations contained in paragraph 8(a).  To the extent a response is deemed required, BHCP denies that any of Plaintiff Barbara Jo Randles' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8(a), and therefore those allegations are denied.

2640441-1

8(b).    No response is required as to the allegations contained in paragraph 8(b).  To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8(b) regarding Plaintiffs Barbara Jo Randles and Monte Randles' marital status, and therefore those allegations contained in paragraph 8(b) are denied.  BHCP denies the remaining allegations contained in paragraph 8(b).

9(a).    No response is required as to the allegations contained in paragraph 9(a).  To the extent a response is deemed required, BHCP denies that any of Plaintiff Janet Weis' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9(a), and therefore those allegations are denied.

9(b).    No response is required as to the allegations contained in paragraph 9(b).  To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9(b) regarding Plaintiffs Janet Weis and John Weis' marital status, and therefore those allegations contained in paragraph 9(b) are denied.  BHCP denies the remaining allegations contained in paragraph 9(b).

<u>ANSWER TO</u>
<u>II. DEFENDANTS</u>

10.    The allegations contained in paragraph 10 are not directed to BHCP, and therefore no response is required.

11.    The allegations contained in paragraph 11 are not directed to BHCP, and therefore no response is required.

12.    The allegations contained in paragraph 12 are not directed to BHCP, and therefore no response is required.

5

13.     The allegations contained in paragraph 13 are not directed to BHCP, and therefore no response is required.

14.     The allegations contained in the first sentence in paragraph 14 are not directed to BHCP, and therefore no response is required.  The remainder of paragraph 14 contains no factual allegations and requires no response.

15.     The allegations contained in paragraph 15 are not directed to BHCP, and therefore no response is required.

16.     The allegations contained in paragraph 16 are not directed to BHCP, and therefore no response is required.

17.     The allegations contained in paragraph 17 are not directed to BHCP, and therefore no response is required.

18.     The allegations contained in paragraph 18 are not directed to BHCP, and therefore no response is required.

19.     The allegations contained in paragraph 19 are not directed to BHCP, and therefore no response is required.

20.     The allegations contained in paragraph 20 are not directed to BHCP, and therefore no response is required.

21.     The allegations contained in the first sentence in paragraph 21 are not directed to BHCP, and therefore no response is required.  The remainder of paragraph 21 contains no factual allegations and requires no response.

22.     BHCP admits that BHCP is a Delaware corporation with its principal place of business in New Jersey.  BHCP denies the allegations contained in paragraph 22 to the extent not specifically admitted.

6

23.     BHCP admits that BHCP had some involvement in certain aspects of the research and development of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP sold Xarelto®.  BHCP denies the allegations contained in paragraph 23 to the extent not specifically admitted.

24.     BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"), pulmonary embolism ("PE"), and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 24 to the extent not specifically admitted.

25.     The allegations contained in the first sentence in paragraph 25 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG is a German company with its principal place of business in Germany.  BHCP admits that Bayer Pharma AG is a pharmaceutical company.  BHCP denies the allegations contained in the first sentence in paragraph 25 to the extent not

7

specifically admitted.   The remainder of paragraph 25 contains no factual allegations and requires no response.

26.     The allegations contained in paragraph 26 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG was formerly known as Bayer Schering Pharma AG, which was formerly known as Schering AG, and that Bayer Pharma AG is the same corporate entity as Bayer Schering Pharma AG and Schering AG.  BHCP denies the allegations contained in paragraph 26 to the extent not specifically admitted.

27.     The allegations contained in paragraph 27 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Schering AG was renamed Bayer Schering Pharma AG effective December 29, 2006. BHCP denies the allegations contained in paragraph 27 to the extent not specifically admitted.

28.     The allegations contained in paragraph 28 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Schering Pharma AG was renamed Bayer Pharma AG effective July 1, 2011.  BHCP denies the allegations contained in paragraph 28 to the extent not specifically admitted.

29.     The allegations contained in paragraph 29 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the research and development of Xarelto®.  BHCP denies that Bayer Pharma AG sold or marketed Xarelto® in the United States.   BHCP denies the allegations contained in paragraph 29 to the extent not specifically admitted.

30.     The allegations contained in paragraph 30 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits

that Bayer Pharma AG participated in the design, research and testing of Xarelto®.  BHCP admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  BHCP denies that Bayer Pharma AG advertised, promoted, marketed, sold or distributed Xarelto® in the United States.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 30 to the extent not specifically admitted.

31.     The allegations contained in paragraph 31 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  BHCP denies the allegations contained in paragraph 31 to the extent not specifically admitted.

32.     The allegations contained in paragraph 32 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that all of the issued and outstanding shares of common stock of BHCP are owned by Schering Berlin Inc., that Schering Berlin Inc. is wholly owned by Bayer HealthCare Holdings LLC and that the sole member of Bayer HealthCare Holdings LLC is Bayer Corporation.  BHCP denies the allegations contained in paragraph 32 to the extent not specifically admitted.

33.     The allegations contained in paragraph 33 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states

that since January 1, 2003, Bayer Corporation has been a holding company that does not conduct operations. BHCP further states that before January 1, 2003, Bayer Corporation conducted operations through divisions. BHCP denies that Bayer Corporation researched, developed, designed, licensed, manufactured, distributed, sold or marketed Xarelto®, except that BHCP admits that a former division of Bayer Corporation, as it was configured before January 1, 2003, participated in the early development of Xarelto®. For a further response, BHCP states that relevant documentation regarding work relating to Xarelto® of such former division is now held by BHCP. BHCP denies the allegations contained in paragraph 33 to the extent not specifically admitted.

34.     The allegations contained in paragraph 34 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP admits that Bayer HealthCare LLC is a limited liability company formed in Delaware and that Bayer HealthCare LLC's principal place of business is in New Jersey. BHCP admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205. BHCP denies the allegations contained in paragraph 34 to the extent not specifically admitted.

35.     The allegations contained in paragraph 35 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP denies that Bayer HealthCare LLC designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®, and denies the remaining allegations contained in paragraph 35.

36.     The allegations contained in paragraph 36 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP admits

2640441-1

that Bayer HealthCare AG has its principal place of business in Germany.  BHCP denies the allegations contained in paragraph 36 to the extent not specifically admitted.

37.     The allegations contained in paragraph 37 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 37.

38.     The allegations contained in paragraph 38 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer AG is a German company with its headquarters in Leverkusen, North Rhine-Westphalia, Germany.  BHCP admits that at all relevant times since October 1, 2003, Bayer AG was a holding company and that the business areas conducted by its various direct and indirect subsidiaries included material science, crop science and healthcare, including pharmaceuticals. BHCP denies the allegations contained in paragraph 38 to the extent not specifically admitted.

39.     The allegations contained in paragraph 39 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 39.

40.     The allegations contained in paragraph 40 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since October 1, 2003, at all relevant times, Bayer AG was a holding company that did not conduct operations.  BHCP further states that before January 1, 2003, Bayer AG conducted its pharmaceutical operations through a division.   BHCP denies that Bayer AG designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®, except that BHCP admits that a former division of Bayer AG, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  Relevant documentation

11

regarding work relating to Xarelto® of such former division is now held by Bayer Pharma AG. BHCP denies the allegations contained in paragraph 40 to the extent not specifically admitted.

41.     BHCP admits that the Complaint contains allegations referring to BHCP and other entities collectively as "Defendants" or otherwise, but BHCP is not answering the Complaint on behalf of any entity other than BHCP, and is not answering allegations that are directed to any entity other than BHCP.  BHCP accordingly denies the allegations contained in paragraph 41.

42.     The allegations contained in paragraph 42 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 42 on behalf of any entity other than BHCP.  Because of the vagueness and ambiguity of the allegations contained in paragraph 42, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

43.     The allegations contained in paragraph 43 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 43 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 43.

44.     The allegations contained in paragraph 44 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 44 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the development of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, licensed, manufactured, distributed or sold Xarelto®.  BHCP denies the allegations contained in paragraph 44 to the extent not specifically admitted.

<u>ANSWER TO</u>
<u>III. JURISDICTION AND VENUE</u>

45.    To the extent that paragraph 45 states a legal conclusion, no response is required. To the extent a response is deemed required, BHCP admits that this Court has subject matter jurisdiction of Plaintiff's action under 28 U.S.C. §1332, that there is complete diversity of citizenship between Plaintiff and Defendants, and that Plaintiff claims more than $75,000.00 in damages.  BHCP denies any liability.

46.    To the extent that paragraph 46 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 46 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 46 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 46.

47.    To the extent that paragraph 47 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 47 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 47 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 regarding the propriety of venue under 28 U.S.C. §1391, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 47.

48.    To the extent that paragraph 48 states a legal conclusion, no response is required. To the extent a response is deemed required, BHCP admits only that this action was filed in *In re: Xarelto (Rivaroxaban) Products Liability Litigation* for pretrial proceedings only, pursuant to Pretrial Order 11.  BHCP denies the allegations contained in paragraph 48 to the extent not specifically admitted.

13

2640441-1

ANSWER TO
IV. FACTUAL ALLEGATIONS

49.     The allegations contained in paragraph 49 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 49 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, sold or distributed Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff ingested and used Xarelto®, and that Plaintiff suffered the injuries, death or losses alleged, and therefore those allegations are denied. BHCP denies that any of Plaintiff's alleged injuries, death or losses were a result of the use of Xarelto®.  BHCP denies the allegations contained in paragraph 49 to the extent not specifically admitted.

50.     The allegations contained in paragraph 50 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 50 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in

patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 50 to the extent not specifically admitted.

51.     BHCP admits that on July 1, 2011, Xarelto® was approved by the United States Food and Drug Administration (the "FDA") for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP admits that Xarelto® belongs to a class of medications sometimes referred to as new oral anticoagulants.  BHCP denies the allegations contained in paragraph 51 to the extent not specifically admitted.

52.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 regarding products other than Xarelto®, and therefore those allegations are denied.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® consistent with the FDA-approved labeling.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 52 to the extent not specifically admitted.

53.     BHCP admits that Xarelto® is an oral anticoagulant and a factor Xa inhibitor available by prescription.  BHCP further admits that Xarelto® is available in the following dosage: 20 mg tablets, 15 mg tablets, and 10 mg tablets.  BHCP denies the allegations contained in paragraph 53 to the extent not specifically admitted.

54.     The allegations contained in paragraph 54 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 54 on behalf of any

entity other than BHCP.  BHCP admits that on July 1, 2011, Xarelto® was approved by the FDA for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 54 to the extent not specifically admitted.

55.     BHCP admits that the Regulation of Coagulation in Orthopedic Surgery to Prevent Deep Venous Thrombosis and Pulmonary Embolism clinical trials (the "RECORD" clinical trials) were conducted and involved evaluating the use of Xarelto® for the prevention of venous thromboembolism in patients undergoing total knee replacement or total hip replacement.  The results of the RECORD clinical trials, in their entirety, speak for themselves.  The New England Journal of Medicine and Lancet articles referenced in paragraph 55, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 55 to the extent not specifically admitted.

56.     BHCP denies the allegations contained in paragraph 56.

57.     The allegations contained in paragraph 57 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 57 on behalf of any entity other than BHCP.  BHCP admits that on November 4, 2011, Xarelto® was approved by the FDA to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  BHCP admits that the Rivaroxaban Once Daily Oral Direct Factor Xa Inhibition Compared with Vitamin K Antagonism for Prevention of Stroke and Embolism Trial in Atrial Fibrillation clinical trial (the "ROCKET AF" clinical trial) was conducted and involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The results of the ROCKET AF clinical trial, in their

16

entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 57 to the extent not specifically admitted.

58.     BHCP admits that the ROCKET AF clinical trial involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The results of the ROCKET AF clinical trial, in their entirety, speak for themselves.  The New England Journal of Medicine article referenced in paragraph 58, in its entirety, speaks for itself.  BHCP denies the allegations contained in paragraph 58 to the extent not specifically admitted.

59.     The allegations contained in paragraph 59 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 59 on behalf of any entity other than BHCP.  BHCP admits that the ROCKET AF clinical trial compared the safety and efficacy of once-daily oral Xarelto® with adjusted-dose oral warfarin for the prevention of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  BHCP denies Plaintiff's characterization of the ROCKET AF clinical trial.  BHCP denies the allegations contained in paragraph 59 to the extent not specifically admitted.

60.     BHCP denies the allegations contained in paragraph 60.

61.     BHCP denies the allegations contained in paragraph 61.  BHCP affirmatively states that Plaintiff has excerpted and referenced a selected portion of an FDA Draft Briefing Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee.  The FDA Draft Briefing Document, in its entirety, speaks for itself.

62.     Plaintiff attempts to excerpt a letter from Public Citizen, which is in writing and in its entirety speaks for itself.  BHCP denies Plaintiff's characterization of the document and otherwise denies the allegations contained in paragraph 62.

63.     BHCP denies the allegations contained in paragraph 63.  BHCP affirmatively states that Plaintiff has excerpted and referenced a selected portion of an FDA Draft Briefing Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee.  The FDA Draft Briefing Document, in its entirety, speaks for itself.

64.     Plaintiff has excerpted and referenced a selected portion of the transcript of the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee. The transcript of the September 8, 2011 Meeting, in its entirety, speaks for itself.  BHCP denies the remaining allegations contained in paragraph 64.

65.     The allegations contained in paragraph 65 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 65 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 65.  BHCP denies Plaintiff's characterization of the FDA's Summary Review, which in its entirety speaks for itself.

66.     BHCP admits that on November 2, 2012, Xarelto® was approved by the FDA for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE, and that the Xarelto® labeling as of November 2012 reflected information regarding the indication for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and PE. BHCP denies the allegations contained in paragraph 66 to the extent not specifically admitted.

67.     BHCP admits that the clinical trial EINSTEIN-DVT was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of deep vein thrombosis in patients with confirmed acute symptomatic deep vein thrombosis without symptomatic pulmonary embolism.  BHCP admits that the clinical trial EINSTEIN-PE was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of pulmonary embolism in patients with confirmed acute symptomatic pulmonary embolism with

or without symptomatic deep vein thrombosis.  BHCP admits that the clinical trial EINSTEIN-Extension was a comparative study conducted and that involved evaluating the use of Xarelto® for the long term prevention of recurrent symptomatic venous thromboembolism in patients with confirmed symptomatic deep vein thrombosis or pulmonary embolism and who had received prior treatment with Xarelto® or a vitamin K antagonist before clinical trial enrollment.  The results of the EINSTEIN-DVT, EINSTEIN-PE, and EINSTEIN-Extension clinical trials, in their entirety, speak for themselves.  The New England Journal of Medicine articles referenced in paragraph 67, in their entirety, speak for themselves.  Plaintiff has cited an article entitled *Oral rivaroxaban after symptomatic venous thromboembolism: the continued treatment study*, from the Expert Review of Cardiovascular Therapy.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the accuracy of Plaintiff's characterization of that article, and therefore Plaintiff's characterization is denied. BHCP denies the allegations contained in paragraph 67 to the extent not specifically admitted.

68.    The allegations contained in paragraph 68 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 68 on behalf of any entity other than BHCP.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies Plaintiff's characterization of the promotional materials for Xarelto®.  BHCP denies the allegations contained in paragraph 68 to the extent not specifically admitted.

69.    The allegations contained in paragraph 69 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 69 on behalf of any

entity other than BHCP.  BHCP admits that BHCP promoted Xarelto® consistent with the FDA-approved labeling.  BHCP denies Plaintiff's characterization of the marketing of Xarelto®. Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied. BHCP denies the allegations contained in paragraph 69 to the extent not specifically admitted.

70.     The allegations contained in paragraph 70 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 70 on behalf of any entity other than BHCP.   At all times, BHCP's limited involvement in the promotion of Xarelto® to a certain limited number of United States healthcare professionals was in accordance with the FDA-approved labeling.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies the allegations contained in paragraph 70 to the extent not specifically admitted.

71.     BHCP denies the allegations contained in paragraph 71.

72.     BHCP admits that Plaintiff has quoted selected excerpts from the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, regarding statements purportedly made by FDA reviewers regarding Xarelto®.  The October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, in its entirety, speaks for itself, and BHCP is not admitting the accuracy of any information or assertions in the QuarterWatch publication.  For a further response, the statements made by FDA reviewers regarding Xarelto®, in their entirety, speak for themselves.   BHCP denies the allegations contained in paragraph 72 to the extent not specifically admitted.

73.     The allegations contained in paragraph 73 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 73 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 73.

74.     BHCP admits that a specific reversal agent for Xarelto® is not available.  BHCP admits that the original Xarelto® label provided in the Overdosage section that a specific reversal agent for Xarelto® is not available.  BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.  BHCP denies the allegations contained in paragraph 74 to the extent not specifically admitted.

75.     BHCP denies the allegations contained in paragraph 75.

76.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

77.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

78.     Plaintiff fails to identify the specific publication that Plaintiff purportedly quotes from in paragraph 78.  BHCP denies the allegations contained in paragraph 78.

79.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

80.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80, and therefore those allegations are denied.

81.     The allegations contained in paragraph 81 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 81 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 81.

82.     The allegations contained in paragraph 82 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 82 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 82, including all subparts.   For a further response, BHCP states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

83.     The allegations contained in paragraph 83 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 83 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that

22

BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP labeled Xarelto®. For a further response, BHCP states that the original Xarelto® label was issued in July 2011 and has been supplemented at various times since then.  The Xarelto® labels, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 83 to the extent not specifically admitted.  BHCP further responds that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

84.     The allegations contained in paragraph 84 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 84 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 84.

85.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85, and therefore those allegations are denied.

86.     The allegations contained in paragraph 86 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 86 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 86. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 86, and therefore the allegations in the second sentence in paragraph 86 are denied.

87.     The allegations contained in paragraph 87 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 87 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 87.

88.     The allegations contained in paragraph 88 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 88 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting

Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies the allegations contained in paragraph 88 to the extent not specifically admitted.

89.    The allegations contained in paragraph 89 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 89 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 89. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 89, and therefore the allegations in the second sentence in paragraph 89 are denied.

90.    The allegations contained in paragraph 90 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 90 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90, and therefore those allegations are denied.

91.    The allegations contained in paragraph 91 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 91 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 91.

92.    The allegations contained in paragraph 92 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 92 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 92.

93.    The allegations contained in paragraph 93 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 93 on behalf of any entity other than BHCP.  BHCP denies that the FDA Office of Prescription Drug Promotion ("OPDP") sent an untitled letter to BHCP regarding a print advertisement for Xarelto®.  For a

24

further response, BHCP states, on information and belief, that the OPDP sent an untitled letter to Johnson & Johnson International, Inc. on or about June 6, 2013.  BHCP denies the allegations contained in paragraph 93 regarding the contents of the letter from the OPDP regarding a print advertisement for Xarelto® to the extent that they are inconsistent with the language of the letter or omit portions of the letter.  The referenced OPDP letter, in its entirety, speaks for itself. BHCP denies the remaining allegations contained in paragraph 93.

94.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 94 regarding Plaintiff's awareness, and therefore those allegations are denied.  BHCP denies the remaining allegations contained in paragraph 94.

95.     The allegations contained in paragraph 95 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 95 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 regarding any materials or information received by Plaintiff's prescribing physicians, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 95 to the extent not specifically admitted.

96.     The allegations contained in paragraph 96 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 96 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 96 to the extent not specifically admitted.

97.     The allegations contained in paragraph 97 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 97 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 97.  For a further response, BHCP states that the Medication Guide for Xarelto®, in its entirety, speaks for itself.  BHCP further states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

98.     The allegations contained in paragraph 98 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 98 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 98.

99.     The allegations contained in paragraph 99 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 99 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99, and therefore those allegations are denied.

100.    The allegations contained in paragraph 100 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 100 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 100.

101.    The allegations contained in paragraph 101 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 101 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 101.

102.    The allegations contained in paragraph 102 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 102 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 102.

103.    The allegations contained in paragraph 103 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 103 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 103.

104.    The allegations contained in paragraph 104 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 104 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 104.

105.    The allegations contained in paragraph 105 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 105 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 105.

106.    The allegations contained in paragraph 106 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 106 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 106.

107.    The allegations contained in paragraph 107 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 107 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 107.

108.    The allegations contained in paragraph 108 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 108 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 108.

109.    The allegations contained in paragraph 109 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 109 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 109.

ANSWER TO
V. CLAIMS FOR RELIEF

ANSWER TO
COUNT I

110.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 110 to plead Count I of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

111.    The allegations contained in paragraph 111 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 111 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 111.

28

112.    The allegations contained in paragraph 112 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 112 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.  BHCP denies that BHCP has recently acquired any Defendant that designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 112 to the extent not specifically admitted.

113.    The allegations contained in paragraph 113 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 113 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold or distributed.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP produced, manufactured, sold or distributed Xarelto®. BHCP denies the allegations contained in paragraph 113 to the extent not specifically admitted.

114.    BHCP denies the allegations contained in paragraph 114.

115.    The allegations contained in paragraph 115 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 115 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 115.

116.    The allegations contained in paragraph 116 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 116 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 116.

117.    The allegations contained in paragraph 117 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 117 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 117.

118.    The allegations contained in paragraph 118 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 118 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 118.

119.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119, and therefore those allegations are denied.

120.    The allegations contained in paragraph 120 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 120 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 120.

121.    The allegations contained in paragraph 121 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 121 on behalf of any entity other than BHCP.  The allegations contained in paragraph 121 state conclusions of law to which no response is required.  To the extent that a response is required, BHCP denies the allegations contained in paragraph 121.

122.    The allegations contained in paragraph 122 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 122 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 122.

2640441-1

123.    The allegations contained in paragraph 123 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 123 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 123.

124.    The allegations contained in paragraph 124 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 124 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 124.

125.    The allegations contained in paragraph 125 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 125 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 125.

126.    BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 126.

127.    The allegations contained in paragraph 127 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 127 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 127.

128.    The allegations contained in paragraph 128 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 128 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 128.

129.    The allegations contained in paragraph 129 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 129 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 129.

130.    The allegations contained in paragraph 130 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 130 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to

2640441-1

the truth of the allegations regarding the condition of any Xarelto® that was allegedly ingested by Plaintiff, and therefore those allegations are denied.  BHCP denies that BHCP manufactured, distributed or sold Xarelto®.  BHCP denies the remaining allegations contained in paragraph 130.

131.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131, and therefore those allegations are denied.

132.    The allegations contained in paragraph 132 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 132 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 132, including all subparts.

133.    The allegations contained in paragraph 133 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 133 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 133.

134.    The allegations contained in paragraph 134 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 134 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 134.

135.    The allegations contained in paragraph 135 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 135 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 135.

136.    The allegations contained in paragraph 136 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 136 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 136.

137.    The  allegations  contained  in  paragraph  137  are  directed  to  Defendants collectively.  BHCP is not answering the allegations contained in paragraph 137 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 137.

ANSWER TO
COUNT II

138.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 138 to plead Count II of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate  under  applicable  law,  including  without  limitation  all  defenses  set  forth  in  this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

139.    The  allegations  contained  in  paragraph  139  are  directed  to  Defendants collectively.  BHCP is not answering the allegations contained in paragraph 139 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP  otherwise  marketed  or  promoted  Xarelto®.    BHCP  denies  that  BHCP  designed, manufactured or sold Xarelto®.  BHCP denies the allegations contained in paragraph 139 to the extent not specifically admitted.

140.    The  allegations  contained  in  paragraph  140  are  directed  to  Defendants collectively.  BHCP is not answering the allegations contained in paragraph 140 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was distributed or sold.  BHCP lacks

knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that allegedly reached Plaintiff, and therefore those allegations are denied.  BHCP denies that BHCP manufactured, distributed or sold Xarelto®.  BHCP denies the allegations contained in paragraph 140 to the extent not specifically admitted.

141.    The allegations contained in paragraph 141 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 141 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 141.

142.    BHCP denies the allegations contained in paragraph 142.

143.    The allegations contained in paragraph 143 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 143 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that was allegedly used by Plaintiff, and therefore those allegations are denied.  BHCP denies that BHCP manufactured, distributed or sold Xarelto®.  BHCP denies the remaining allegations contained in paragraph 143.

144.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144, and therefore those allegations are denied.

145.    BHCP denies the allegations contained in paragraph 145.

<u>ANSWER TO
COUNT III</u>

146.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 146 to plead Count III of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be

34

appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

147.     BHCP denies the allegations contained in paragraph 147.

148.     The allegations contained in paragraph 148 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 148 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 148.

149.     BHCP denies the allegations contained in paragraph 149.

150.     The allegations contained in paragraph 150 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 150 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 150.

151.     The allegations contained in paragraph 151 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 151 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 151.

152.     BHCP denies the allegations contained in paragraph 152.

153.     BHCP denies the allegations contained in paragraph 153.

154.     BHCP denies the allegations contained in paragraph 154.

155.     The allegations contained in paragraph 155 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 155 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 155.

156.     BHCP denies the allegations contained in paragraph 156.

157.     BHCP denies the allegations contained in paragraph 157.

158.    The allegations contained in paragraph 158 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 158 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 158.

159.    BHCP denies the allegations contained in paragraph 159.

160.    The allegations contained in paragraph 160 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 160 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 160.

161.    BHCP denies the allegations contained in paragraph 161.

162.    The allegations contained in paragraph 162 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 162 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 162.

163.    BHCP denies that Plaintiff's attempt in paragraph 163 to plead Count III of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

<u>ANSWER TO</u>
<u>COUNT IV</u>

164.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 164 to plead Count IV of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this

36

Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

165.     The allegations contained in paragraph 165 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 165 on behalf of any entity other than BHCP.  The allegations contained in paragraph 165 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP denies the remaining allegations contained in paragraph 165.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.

166.     The allegations contained in paragraph 166 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 166 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 166.  For a further response, BHCP states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

167.     The allegations contained in paragraph 167 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 167 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 167.

168.     The allegations contained in paragraph 168 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 168 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 168.

169.     BHCP denies that it manufactured or labeled Xarelto®, and denies the remaining allegations contained in paragraph 169.  For a further response, BHCP states that the original Xarelto® label was issued in July 2011, and has been supplemented at various times since then.

The Xarelto® labels, in their entirety, speak for themselves.  BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

170.   The allegations contained in paragraph 170 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 170 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 170.

171.   The allegations contained in paragraph 171 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 171 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171, and therefore those allegations are denied.

172.   BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 172.  For a further response, BHCP states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

173.   The allegations contained in paragraph 173 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 173 on behalf of any entity other than BHCP.  The allegations contained in paragraph 173 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP manufactured or distributed Xarelto®.  Because of the vagueness and ambiguity of the remaining allegations contained in paragraph 173, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

174.    The allegations contained in paragraph 174 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 174 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 174.

175.    The allegations contained in paragraph 175 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 175 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 175. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 175, and therefore the allegations in the second sentence in paragraph 175 are denied.

176.    The allegations contained in paragraph 176 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 176 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 176.

177.    BHCP denies the allegations contained in paragraph 177.

178.    The allegations contained in paragraph 178 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 178 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 178.

179.    The allegations contained in paragraph 179 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 179 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 179.

<u>ANSWER TO</u>
<u>COUNT V</u>

180.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 180 to plead Count V of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP

denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

181.    The allegations contained in paragraph 181 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 181 on behalf of any entity other than BHCP.  The allegations contained in paragraph 181 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®, including any duty with respect to the design, manufacture, sale, labeling, marketing, promotion, or distribution of Xarelto®. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, sold, labeled or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 181 to the extent not specifically admitted.

182.    The allegations contained in paragraph 182 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 182 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 182.

183.    The allegations contained in paragraph 183 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 183 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 183, including all subparts.

184.    The allegations contained in paragraph 184 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 184 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 184.

185.    The allegations contained in paragraph 185 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 185 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 185.

186.    The allegations contained in paragraph 186 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 186 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 186, including all subparts.

187.    The allegations contained in paragraph 187 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 187 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 187.

188.    The allegations contained in paragraph 188 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 188 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 188.

189.    The allegations contained in paragraph 189 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 189 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 189.

190.    The allegations contained in paragraph 190 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 190 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 190.

191.    The allegations contained in paragraph 191 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 191 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 191.

ANSWER TO<br>COUNT VI

192.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 192 to plead Count VI of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

193.    The allegations contained in paragraph 193 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 193 on behalf of any entity other than BHCP.  The allegations contained in paragraph 193 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 193 to the extent not specifically admitted.

194.    The allegations contained in paragraph 194 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 194 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 194.

195.    The allegations contained in paragraph 195 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 195 on behalf of any entity other than BHCP.  The allegations contained in paragraph 195 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 195 to the extent not specifically admitted.

196.    The allegations contained in paragraph 196 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 196 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and fit for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the

use of Xarelto® were provided. BHCP denies the allegations contained in paragraph 196 to the extent not specifically admitted.

197. The allegations contained in paragraph 197 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 197 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 197.

198. The allegations contained in paragraph 198 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 198 on behalf of any entity other than BHCP. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff and Plaintiff's healthcare providers relied upon and whether that alleged reliance was reasonable, and therefore those allegations are denied. BHCP denies the remaining allegations contained in paragraph 198.

199. BHCP denies the allegations contained in paragraph 199.

200. The allegations contained in paragraph 200 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 200 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 200, including all subparts.

201. The allegations contained in paragraph 201 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 201 on behalf of any entity other than BHCP. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff relied upon and whether that alleged reliance was reasonable, and the allegations that Plaintiff purchased and used Xarelto®, and therefore those allegations are denied. BHCP denies the remaining allegations contained in paragraph 201.

202.    The allegations contained in paragraph 202 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 202 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 202.

203.    The allegations contained in paragraph 203 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 203 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 203.

204.    The allegations contained in paragraph 204 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 204 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 204.

<u>ANSWER TO</u>
<u>COUNT VII</u>

205.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 205 to plead Count VII of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

206.    The allegations contained in paragraph 206 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 206 on behalf of any entity other than BHCP.  The allegations contained in paragraph 206 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as fit for the

indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP distributed or sold Xarelto®.  BHCP denies the allegations contained in paragraph 206 to the extent not specifically admitted.

207.    The allegations contained in paragraph 207 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 207 on behalf of any entity other than BHCP.  The allegations contained in paragraph 207 state conclusions of law to which no response is required.  To the extent that a response is deemed required, because of the vagueness and ambiguity of the allegations contained in paragraph 207, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

208.    BHCP denies the allegations contained in paragraph 208.

209.    The allegations contained in paragraph 209 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 209 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff relied upon and whether that alleged reliance was reasonable, and therefore those allegations are denied.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the

46

risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 209 to the extent not specifically admitted.

210.    The allegations contained in paragraph 210 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 210 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 210.

211.    The allegations contained in paragraph 211 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 211 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 211.

<u>ANSWER TO</u>
<u>COUNT VIII</u>

212.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 212 to plead Count VIII of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

213.    The allegations contained in paragraph 213 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 213 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 213.

214.    The allegations contained in paragraph 214 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 214 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 214.

215.    The allegations contained in paragraph 215 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 215 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 215.

216.    The allegations contained in paragraph 216 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 216 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 216.

217.    The allegations contained in paragraph 217 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 217 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 217.

218.    The allegations contained in paragraph 218 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 218 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 218.

ANSWER TO
COUNT IX

219.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 219 to plead Count IX of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

220.    The allegations contained in paragraph 220 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 220 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 220.

48

221.     The allegations contained in paragraph 221 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 221 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 221.

222.     The allegations contained in paragraph 222 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 222 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 222.

223.     The allegations contained in paragraph 223 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 223 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 223.

224.     BHCP denies the allegations contained in paragraph 224.

225.     The allegations contained in paragraph 225 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 225 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 225.

226.     The allegations contained in paragraph 226 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 226 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 226.

227.     The allegations contained in paragraph 227 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 227 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 227.

228.     The allegations contained in paragraph 228 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 228 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 228.

229.     The allegations contained in paragraph 229 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 229 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 229.

230.     The allegations contained in paragraph 230 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 230 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 230.

231.     The allegations contained in paragraph 231 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 231 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 231.

232.     The allegations contained in paragraph 232 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 232 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 232.

233.     The allegations contained in paragraph 233 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 233 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 233.

234.     The allegations contained in paragraph 234 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 234 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 234.

235.     The allegations contained in paragraph 235 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 235 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 235.

2640441-1

236.   The allegations contained in paragraph 236 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 236 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 236.

237.   The allegations contained in paragraph 237 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 237 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies that BHCP advertised Xarelto®, and denies the allegations contained in paragraph 237 to the extent not specifically admitted.

238.   The allegations contained in paragraph 238 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 238 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 238.

239.   The allegations contained in paragraph 239 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 239 on behalf of any entity other than BHCP.  The allegations contained in paragraph 239 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP denies that BHCP marketed Xarelto® directly to consumers, and denies the remaining allegations contained in

51

paragraph 239.  For a further response, BHCP states that appropriate information and warnings regarding the risks associated with the use of Xarelto® were provided.

240.    The allegations contained in paragraph 240 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 240 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 240.

241.    BHCP denies the allegations contained in paragraph 241.

242.    The allegations contained in paragraph 242 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 242 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 242.

<u>ANSWER TO</u>
<u>COUNT X</u>

243.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 243 to plead Count X of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.  BHCP further denies that Plaintiff has properly asserted claims under any "consumer protection laws" or "consumer fraud laws."

244.    The allegations contained in paragraph 244 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 244 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 244.

245.    The allegations contained in paragraph 245 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 245 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 245, including all subparts.

246.    The allegations contained in paragraph 246 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 246 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 246.

247.    The allegations contained in paragraph 247 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 247 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 247.  BHCP further denies that Plaintiff has properly asserted claims under any laws to the extent that Plaintiff has not identified such laws.

248.    The allegations contained in paragraph 248 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 248 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 248.

249.    The allegations contained in paragraph 249 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 249 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 249.

250.    The allegations contained in paragraph 250 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 250 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 250.

ANSWER TO
COUNT XI

251.    Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have individually asserted claims relating to Plaintiff Horacio Guerra's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 251 to plead Count XI of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

252.    Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have individually asserted claims relating to Plaintiff Horacio Guerra's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 252 as to whether Plaintiff had spouses and/or family members, and therefore those allegations are denied.  BHCP denies the remaining allegations contained in paragraph 252.

253.    Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have individually asserted claims relating to Plaintiff Horacio Guerra's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 253 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 253 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 253.

54

254.    Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have individually asserted claims relating to Plaintiff Horacio Guerra's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 254 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 254 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 254.

255.    Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have individually asserted claims relating to Plaintiff Horacio Guerra's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 255.

256.    Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have individually asserted claims relating to Plaintiff Horacio Guerra's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 256.

257.    Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have individually asserted claims relating to Plaintiff Horacio Guerra's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 257 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 257 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 257.

<u>ANSWER TO</u>
<u>COUNT XII</u>

258.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 258 to plead Count

XII of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

259.    BHCP denies that Plaintiff has valid claims, on behalf of any Estate, Plaintiff Decedent's beneficiaries or otherwise, against BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 259, and therefore those allegations are denied.

260.    The allegations contained in paragraph 260 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 260 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 260.

261.    The allegations contained in paragraph 261 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 261 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 261.

<u>ANSWER TO
COUNT XIII</u>

262.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 262 to plead Count XIII of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

263.    The allegations contained in paragraph 263 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 263 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 263.

264.    The allegations contained in paragraph 264 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 264 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 264.

265.    The allegations contained in paragraph 265 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 265 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 265.

<u>ANSWER TO</u>
<u>COUNT XIV</u>

266.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 266 to plead Count XIV of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

267.    The allegations contained in paragraph 267 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 267 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 267.

268.    Because Plaintiff does not allege that paragraph 268 of the Complaint applies to Plaintiff, no response is required.  To the extent a response is deemed required, the allegations contained in paragraph 268 are directed to Defendants collectively.  BHCP is not answering the

allegations contained in paragraph 268 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 268.

269.     Because Plaintiff does not allege that paragraph 269 of the Complaint applies to Plaintiff, no response is required.  To the extent a response is deemed required, the allegations contained in paragraph 269 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 269 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 269.

270.     Because Plaintiff does not allege that paragraph 270 of the Complaint applies to Plaintiff, no response is required.  To the extent a response is deemed required, the allegations contained in paragraph 270 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 270 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 270.

271.     Because Plaintiff does not allege that paragraph 271 of the Complaint applies to Plaintiff, no response is required.  To the extent a response is deemed required, the allegations contained in paragraph 271 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 271 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 271.

272.     Because Plaintiff does not allege that paragraph 272 of the Complaint applies to Plaintiff, no response is required.  To the extent a response is deemed required, the allegations contained in paragraph 272 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 272 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 272.

2640441-1

273.     Because Plaintiff does not allege that paragraph 273 of the Complaint applies to Plaintiff, no response is required.  To the extent a response is deemed required, the allegations contained in paragraph 273 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 273 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 273.

274.     The allegations contained in paragraph 274 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 274 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 274.

275.     Because Plaintiff does not allege that paragraph 275 of the Complaint applies to Plaintiff, no response is required.  To the extent a response is deemed required, the allegations contained in paragraph 275 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 275 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 275.

276.     Because Plaintiff does not allege that paragraph 276 of the Complaint applies to Plaintiff, no response is required.  To the extent a response is deemed required, the allegations contained in paragraph 276 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 276 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 276.

277.     The allegations contained in paragraph 277 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 277 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 277.

ANSWER TO
VI. JURY TRIAL DEMANDED

The paragraph under the heading "Jury Trial Demanded" contains no factual allegations and requires no response.  BHCP hereby demands a trial by jury on all issues so triable.

ANSWER TO
VII. PRAYER FOR RELIEF

BHCP denies the allegations contained in the unnumbered paragraph under the heading "Prayer for Relief" and its subparagraphs, and denies any wrongdoing whatsoever.  BHCP denies that it is liable to Plaintiff, either for damages, and/or any other relief or costs or attorneys' fees or interest in any amount whatsoever.

BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

All allegations of the Complaint not expressly admitted are denied.

DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to BHCP in this matter.  BHCP accordingly asserts these separate defenses. Upon completion of discovery, if the facts warrant, BHCP may withdraw any of these defenses as may be appropriate.  By setting forth these defenses, BHCP does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiff's allegations.  BHCP further reserves the right to amend its Answer and Defenses, and to assert additional defenses and other claims, as this matter proceeds.

2640441-1

Further answering, and by way of defenses, BHCP states as follows:

1.      Plaintiff's Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.

2.      The Court lacks personal jurisdiction over BHCP with respect to Plaintiff's claims.

3.      Plaintiff may not be the real party in interest or lack the capacity and/or standing to bring Plaintiff's claims.

4.      BHCP preserves lack of service of process or insufficiency of service of process to the extent BHCP has not been served properly either under the Federal Rules of Civil Procedure or under the alternative procedures for service of process stipulated by certain defendants in this Court.

5.      This Court is an improper venue for the trial of this action.

6.      This Court is not the proper forum for the trial of this action and is an inconvenient forum for the just adjudication of Plaintiff's claims.

7.      Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

8.      Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

9.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate Plaintiff's alleged damages.

10.     The acts and omissions of Plaintiff caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory

negligence and/or comparative negligence.  Plaintiff's recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

11.     Plaintiff's recovery, if any, is barred or must be reduced by the applicable states' contributory negligence and/or comparative negligence law.

12.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

13.     Plaintiff's recovery, if any, against BHCP is subject to the applicable states' several or joint and several liability law.

14.     To the extent that BHCP is found jointly and severally liable, which is expressly denied, BHCP is entitled to contribution from other defendants and/or relies upon applicable states' law regarding contribution among tortfeasors.

15.     Plaintiff's Complaint may fail to join indispensable parties necessary for the just adjudication of this matter.

16.     If Plaintiff suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff.  Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's assumption of the risk.

17.     If the injuries claimed by Plaintiff were related to the use of Xarelto®, which is expressly denied, any such injuries were the result of an idiosyncratic or allergic reaction to Xarelto®.

18.     The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of BHCP was not the proximate and/or competent producing cause of such alleged injuries and damages.

2640441-1

19.     The injuries and damages claimed by Plaintiff, if any, are barred or must be reduced or apportioned, because those damages arose from the acts or omissions of persons or entities other than BHCP, for whom BHCP has no legal responsibility.

20.     The alleged injuries sustained by Plaintiff, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which BHCP has no legal responsibility.

21.     If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®.  Plaintiff's recovery is accordingly barred.

22.     The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including BHCP.

23.     Plaintiff's claims are barred, because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

24.     The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

25.     Plaintiff's Complaint fails to state a claim to the extent BHCP did not manufacture or distribute the product allegedly used by Plaintiff.

26.     BHCP owed no legal duty to Plaintiff because BHCP did not manufacture or distribute Xarelto®.

27.     Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion, and sale of Xarelto®, including, but not limited to, adequate warnings and

63

instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art.  Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time. Plaintiff's recovery accordingly is barred.

28.     The methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of Xarelto®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package inserts and other literature, conformed to the applicable state of the art.  Such conformity creates a rebuttable presumption that Xarelto® was not defective and that there was no negligence.

29.     Plaintiff's claims are barred, because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing, or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiff's recovery.

30.     The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

31.     Plaintiff's alleged damages were not caused by any failure to warn on the part of BHCP.

32.     Plaintiff's causes of action are or may be barred in whole or in part by Plaintiff's failure to assert a safer design for Xarelto®.

33.     Plaintiff's product liability causes of action are or may be barred because Xarelto® was consistent with or exceeded physician or consumer expectations.

34.     Plaintiff is barred from recovering any damages to the extent that there was no practical or technically feasible alternative design or formulation that would have prevented the

harm alleged by Plaintiff without substantially impairing the usefulness or intended purpose of Xarelto®.

35.     Plaintiff's claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts, including, but not limited to, the Restatement (Third) of Torts: Product Liability, § 6, comment f, and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

36.     Plaintiff's claims are or may be barred, in whole or in part, by the applicable states' products liability law.

37.     BHCP asserts all defenses available to it under any applicable states' products liability law.

38.     BHCP gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, BHCP intends to rely upon same in defense of this action.

39.     The prescription drug Xarelto® complied with the applicable product safety regulations promulgated by the FDA. Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing, promotion, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiff's recovery is accordingly barred.

40.     The prescription drug Xarelto® complied with the applicable federal and/or state safety codes, statutes, rules, regulations or standards. Compliance with such codes, statutes, rules, regulations and standards demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that BHCP is

entitled to a presumption that the product is neither defective nor unreasonably dangerous. Plaintiff's claims and any recovery are accordingly barred.

41.     Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

42.     Plaintiff's claims are barred, in whole or in part, because the commercial speech relating to Xarelto® is protected under the First Amendment and Fourteenth Amendment of the United States Constitution and the applicable state constitution.

43.     Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

44.     Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion, and labeling.

45.     To the extent that Plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

46.     Plaintiff cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs, because the remedy sought by Plaintiff is subject to the exclusive regulation of the FDA.

47.     This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

48.     Plaintiff did not detrimentally rely on any labeling, warnings, or information concerning Xarelto®.

49.     BHCP did not misrepresent or conceal any fact or warranties material to Plaintiff's treatment with Xarelto®.  Any opinions or commendations expressed by BHCP are not actionable as representations or warranties.

50.     Plaintiff's prescribing physicians did not rely on any alleged misrepresentations or concealment by BHCP in treating Plaintiff, or in states where the learned intermediary doctrine does not apply, Plaintiff did not rely on any alleged misrepresentations or concealment by BHCP.

51.     Applicable law does not recognize a post-sale duty to warn in the present circumstances.  Accordingly, to the extent that Plaintiff seeks recovery for any alleged breach of a post-sale duty to warn, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

52.     Each item of economic loss alleged in the Complaint may have been or may be replaced or indemnified in whole or in part by collateral sources, and therefore is not recoverable in this action.

53.     To the extent that Plaintiff's Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

54.     To the extent that Plaintiff's claims have been settled or Plaintiff will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of BHCP, if any, should be reduced accordingly.

55.     Plaintiff's claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

56.     Plaintiff's claims for breach of warranty are barred, because Plaintiff failed to give timely notice of any alleged breach of warranty.

57.     BHCP did not sell or distribute Xarelto® to Plaintiff, and Plaintiff did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiff's claims for breach of warranty, express or implied, are barred by lack of privity between Plaintiff and BHCP.

58.     Plaintiff's claims for breach of warranty, express or implied, are barred by the applicable states' Uniform Commercial Code or other applicable law.

59.     Plaintiff fails to state a claim for express warranty because there was no affirmation of fact or promise made by BHCP relating to the product that was the basis of the bargain.

60.     Plaintiff's Complaint fails to state a claim for fraud, and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure 9(b).

61.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

62.     No act or omission of BHCP caused or contributed to Plaintiff's alleged injuries. Further, the Complaint fails to allege conduct by BHCP upon which an award of punitive or exemplary damages can be based.  No act or omission of BHCP qualifies Plaintiff to punitive damages under any applicable states' punitive damages laws.  No act or omission of BHCP was

fraudulent, malicious or grossly negligent.  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

63.    BHCP denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been or can be produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

64.    Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate BHCP's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution and similar state constitutional provisions, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and similar state constitutional provisions, and the prohibition against excessive fines in the United States Constitution and similar state constitutional provisions, and would contravene other provisions of the United States Constitution and any applicable state constitution.

65.    Plaintiff cannot recover punitive or exemplary damages against BHCP, because such an award, which is penal in nature, would violate BHCP's constitutional rights under the United States Constitution and any applicable state constitution, unless BHCP is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

66.    Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution and similar state constitutional provisions, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

67.    Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

68.    With respect to Plaintiff's demand for punitive or exemplary damages, BHCP specifically reserves the right to assert any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under any state law that may be applicable to Plaintiff's claims, including, but not limited to, New Jersey law, including the provisions of the Punitive Damages Act, N.J.S.A. 2A:15-5.9 et seq., and/or any other applicable state law.  BHCP reserves the right to seek bifurcation of Plaintiff's punitive damages claims pursuant to any applicable law, including, but not limited to, N.J.S.A. 2A:15-5.13.

69.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the applicable states' law regarding punitive damages.

70.    Plaintiff's claims for non-economic damages is limited by applicable states' law on non-economic damages.

71.    Plaintiff's recovery, if any, is subject to the applicable states' limitations on damages.

72.    Plaintiff's claims for recovery are limited by any applicable states' statutory and common law limitations on awards, caps on recovery, and set-offs.

73.     Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest, post-judgment interest, successor liability, agency, or joint venture liability.

74.     Plaintiff's claims for costs, fees and/or interest are barred and/or limited for failure to comply with the requirements of the applicable states' law.

75.     Plaintiff's Complaint fails to state a claim for unlawful conduct under any applicable "consumer fraud law" and "consumer protection law," because BHCP completely complied with the applicable law in connection with the promotion of Xarelto®.

76.     Plaintiff's Complaint fails to state a claim for false or misleading business practices under any applicable "consumer fraud law" and "consumer protection law," because BHCP's promotion of Xarelto® was not false or misleading.

77.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred, in whole or in part, because the applicable "consumer fraud law" and "consumer protection law" are insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

78.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred, in whole or in part, because the applicable "consumer fraud law" and "consumer protection law" unconstitutionally burden interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

79.     Insofar as any applicable "consumer fraud law" and "consumer protection law" require exhaustion of administrative or other remedies, the claims asserted in the Complaint

71

under the applicable "consumer fraud law" and "consumer protection law" should be stayed or dismissed because, on information and belief, Plaintiff has not exhausted those administrative or other remedies.

80.     Plaintiff's Complaint fails to properly plead Plaintiff's claims under any applicable "consumer fraud law" or "consumer protection law" with sufficient particularity.

81.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred because the Complaint does not allege proximate causation for Plaintiff's alleged injuries.

82.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent reliance is required.

83.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that knowledge or intent to deceive is required.

84.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that notice is required.

85.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that Plaintiff must have suffered an "ascertainable loss," i.e., an actual loss that is susceptible to reasonably precise calculation.

86.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that "actual damages" are required.

87.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that no private right of action is available.

88.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that under such law claims can only be brought with respect to transactions or conduct that occurred exclusively or primarily within the state and the transactions and conduct at issue occurred outside of the state.

89.     A prescription pharmaceutical is not a consumer product or transaction, or is otherwise not the type of product or transaction covered by the applicable state consumer protection and trade practices law, or consumer fraud law.

90.     Plaintiff's Complaint fails to state a claim under any applicable states' consumer protection law, consumer fraud law, and trade practices law.

91.     BHCP asserts any other rights or defenses accorded it under any applicable states' consumer protection law and trade practices law.

92.     Plaintiff's right to recover damages in this action, if any, may be statutorily limited by the applicable states' wrongful death and/or survival law.

93.     BHCP asserts any other procedural and substantive defenses available under the applicable states' wrongful death and survival laws.

94.     If Plaintiff has filed bankruptcy during the relevant time period of the events alleged in the Complaint or file for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

95.     Plaintiff's actions should be dismissed to the extent Plaintiff has asserted the same claims in actions pending in other jurisdictions.

96.     Plaintiff's claims are barred, in whole or in part, and BHCP is entitled to a presumption of no liability under Texas Civil Practice and Remedies Code §§ 82.001 and 82.007.

97.     BHCP is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement has been or will be made by any alleged joint tortfeasor, then BHCP is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and BHCP makes known to the other parties and to the Court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.012 and 33.013.

98.     If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, BHCP is not required to reimburse any medical expenses that were neither reasonable nor necessary.

99.     If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, Plaintiff's recovery of any medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff, as required by Texas Civil Practice and Remedies Code § 41.0105.

100.     BHCP asserts all defenses and limitations contained in Texas Business and Commerce Code, Title 1 Texas Uniform Commercial Code, Chapters 1 and 2.  Tex. Bus. & Com. §§ 1.01–2.725.

101.     Plaintiff's strict liability and negligence claims are barred because the acts and omissions of Plaintiff caused and/or contributed to the alleged damages, and such acts and omissions of Plaintiff are more than fifty percent responsible for any alleged injuries or damages suffered by Plaintiff.  Tex. Civ. Prac. & Rem. § 33.001.

102.    Plaintiff's claims for breach of warranty, express or implied, are barred by the Texas Business and Commerce Code or other applicable law.

103.    Plaintiff's Complaint, to the extent that it seeks recovery of punitive damages, violates Article I, Section 13 of the Texas Constitution, and it violates BHCP's rights to substantive and procedural due process as provided in Article I, Section 19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.  At a minimum, any award of punitive damages must be based upon clear and convincing evidence and proven beyond a reasonable doubt.

104.    Any judgment awarding punitive damages based on BHCP's dissimilar conduct or acts; any acts or conduct not aimed toward Plaintiff; any acts or conduct occurring outside the State of Texas that may have been lawful where they occurred; any acts or conduct, independent from the acts or conduct that allegedly harmed the plaintiff whose claims are being tried; or any acts or conduct lacking a nexus (or which bear no relation) to the specific harm alleged by the Plaintiff whose claims are being tried, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the due process provisions of the Texas Constitution, and the common law and public policies of the State of Texas.  Awarding punitive damages in this case based on any of those impermissible factors would effectively adjudicate the merits of other persons' hypothetical claims against BHCP; it would create the possibility of multiple punitive damages awards for the same conduct; and it would violate the United States Supreme Court's pronouncements in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

105.    Any judgment awarding punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate BHCP's rights under Sections 10, 14 and 19 of Article I of the Texas Constitution.  In addition, the assessment of punitive damages, a remedy that is essentially criminal in nature, without the protections found in the Texas Code of Criminal Procedure and the Texas Penal Code, constitutes infliction of a criminal penalty without the proper safeguards in violation of Sections 10, 14 and 19 of Article I of the Texas Constitution.

106.    Unless the amount of punitive damages is required to be established by clear and convincing evidence under Texas law, any judgment awarding punitive damages would violate BHCP's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

107.    Jury instructions under Texas law are unconstitutional to the extent that they: (1) do not provide any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) do not instruct on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) do not expressly prohibit juries from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) permit juries to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) fail to instruct that any punitive damages juries may assess must bear a reasonable relationship to the harm caused to the plaintiff whose claims are being tried; (6) fail to instruct that punitive damages cannot be imposed for alleged harm to other plaintiffs or to non-parties; and (7) fail to instruct

that the amount of criminal fines or civil penalties set by statute or historically imposed for like misconduct should be considered as one indicator of an appropriate range of punishment.  Any judgment awarding punitive damages utilizing Texas statutory punitive damages instructions would violate BHCP's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

108.   An award of punitive damages based on conduct or acts committed by those who are not BHCP's vice-principals would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the due process provisions of the Texas Constitution, and the common law and public policies of the State of Texas and would be erroneous.

109.   To the extent that Plaintiff's pleas for punitive damages expose BHCP to double jeopardy or call for BHCP to be punished more than once for the same conduct, Plaintiff's pleas violate BHCP's rights under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 14 and 19 of the Texas Constitution.

110.   To the extent that Plaintiff seeks punitive damages, either unlimited or limited, the Complaint seeks excessive fines in violation of BHCP's rights provided in the Eighth and Fourteenth Amendments of the United States Constitution and in Article I, Sections 13 and 19 of the Texas Constitution.   Any award of punitive damages is also excessive under those constitutional provisions to the extent that it does not bear a reasonable relation to the injury, harm, and damages actually suffered by the Plaintiff.

111.   Any judgment imposing punitive damages would violate the open courts provision of the Texas Constitution, the supremacy clause of the United States Constitution (Article VI), the prohibition against ex post facto and retroactive laws in Article I, Section 16 of

the Texas Constitution, and the separation of powers doctrine embodied in the structure of the United States Constitution and in Article II, Section 1 of the Texas Constitution.

112.    To the extent that Texas law permits punishment to be measured by the net worth or financial status of BHCP and imposes greater punishment on defendants with larger net worth and/or engaged in substantial interstate commerce, any judgment awarding punitive damages would be unconstitutional insofar as Texas law: permits arbitrary, coercive, capricious and fundamentally unfair punishments; allows bias and prejudice to infect verdicts imposing punishment; does not significantly constrain a jury's or court's discretion in assessing and/or reviewing exemplary damages; does not meaningfully protect against excessive punitive damages awards; does not ensure reasonable proportionality between punitive damages awarded and legitimate state objectives for such damages; and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Texas and federal constitutions, as well as the Commerce Clause of the United States Constitution.

113.    Any award of punitive damages based on anything other than BHCP's conduct as alleged in Plaintiff's Complaint would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the due process provisions of the Texas Constitution, and the common law and public policies of the State of Texas.  Any other basis for awarding punitive damages in this case would not protect BHCP against impermissible multiple punishment for the same wrong.

114.    To the extent that Plaintiff's Complaint seeks recovery of punitive damages, it violates BHCP's rights to equal protection as provided in Article I, Section 3 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution.

115.     To the extent that Plaintiff's Complaint seeks recovery of punitive damages, it also violates BHCP's rights to contract, as provided in Article I, Section 16 of the Texas Constitution and Article I, Section 10 of the United States Constitution.

116.     Plaintiff's plea for punitive damages violates the Supremacy Clause of the United States Constitution (Article I, Section 10, Clause 1) and Article I, Section 16 of the Texas Constitution.

117.     Plaintiff's plea for punitive damages violates the separation of powers doctrine embodied in Article VI of the United States Constitution and Article I, Section 1 of the Texas Constitution.

118.     Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because BHCP is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

119.     Plaintiff's claims for punitive damages cannot be sustained to the extent that the damages sought are not subject to a predetermined limit (such as a maximum multiple of compensatory damages or a maximum amount) on the amount of punitive damages that a jury may impose.  Such an unrestricted award would violate BHCP's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, the Texas Constitution, and the common law and public policies of the State of Texas.

120.     Any judgment awarding exemplary damages must be limited in accordance with Texas Civil Practice & Remedies Code § 41.008.  BHCP asserts all defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.  BHCP also asserts that any judgment awarding exemplary damages may not exceed double the amount (if any) gained by BHCP or caused by it to be lost or damaged, whichever is greater.  To the extent

that Chapter 41 of the Texas Civil Practice and Remedies Code authorizes greater punishments, it is in conflict with Section 12.51(c) of the Texas Penal Code and also violates BHCP's constitutional rights to due process and the constitutional prohibitions against excessive fines. To the extent that Chapter 41 authorizes jury consideration of (and judicial punishment based on) conduct that occurred in other states, it is unconstitutional not only under *BMW of North America v. Gore*, *State Farm v. Campbell*, *Philip Morris USA v. Williams*, and *Exxon Shipping Co. v. Baker*, but also under the Texas Supreme Court's analysis in *Coca Cola Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 679-688 (Tex. 2006).

121.    To the extent that Texas Civil Practice & Remedies Code § 41.008 does not apply to limit the amount of punitive damages, then the amount of punitive damages must be limited in accordance with BHCP's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution, and the amount of punitive damages must bear a reasonable relationship to compensatory damages.

122.    Any claims for punitive damages against BHCP cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate BHCP's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

123.    To the extent any punitive damages can be awarded in this action, which is expressly denied, BHCP asserts that it is only liable for any award of punitive damages made against it and no other defendant, as required by Texas Civil Practice and Remedies Code § 41.006.

124.     Plaintiff's right to recover damages in this action, if any, is statutorily limited by Texas's wrongful death and survival statutes, as well as the law interpreting those statutes.

125.     Plaintiff's Complaint fails to state a claim upon which relief can be granted under the Texas Deceptive Trade Practices Act because of the exemption contained in § 17.49(e) of the Texas Business and Commerce Code.

126.     Plaintiff's Complaint fails to state a claim for unlawful conduct under the Texas Deceptive Trade Practices Act because BHCP completely complied with the applicable law in connection with the promotion of Xarelto®.

127.     Plaintiff's Complaint fails to state a claim for misleading or unfair advertising or for deceptive business practices under the Texas Deceptive Trade Practices Act because BHCP's promotion of Xarelto® was not misleading, unfair or deceptive.

128.     Plaintiff's claims are barred in whole or in part because the Texas Deceptive Trade Practices Act is insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

129.     Plaintiff's claims are barred in whole or in part because the Texas Deceptive Trade Practices Act unconstitutionally burdens interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

130.     Plaintiff's action should be stayed or dismissed because Plaintiff has not exhausted the administrative remedies as required under the Texas Deceptive Trade Practices Act.

131.    Plaintiff's claims under the Texas Deceptive Trade Practices Act are barred in whole or in part because there was no intentional or knowing conduct which would allow an award of mental anguish damages to Plaintiff under § 17.50(b) of the Texas Business and Commerce Code.

132.    Plaintiff failed to provide sixty-day pre-suit notice as required by § 17.505(a) of the Texas Business and Commerce Code.

133.    To the extent that Plaintiff brings claims for punitive damages under the Texas Deceptive Trade Practices Act, those claims are barred.   Tex. Bus. & Com. § 17.45(11).

134.    In the event that Plaintiff may be awarded any damages under the Texas Deceptive Trade Practices Act in addition to any economic damages, all of which is expressly denied, Plaintiff may not recover punitive damages.  Tex. Civ. Prac. & Rem. § 41.004(b).

135.    Some or all of Plaintiff's claims are barred, in whole or in part, by any prescription and/or peremption periods.

136.    Any claims for detrimental reliance are barred under Louisiana law.

137.    BHCP pleads the provisions and limitations of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq*. (the "LPLA"), and all the limitations and defenses set forth therein, including but not limited to, industry custom, technological feasibility, and compliance with standards and regulations.

138.    BHCP specifically pleads the applicability and exclusivity of the LPLA, and specifically avers that Plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the LPLA.

139.    Plaintiff's claims are limited to those allowed under the LPLA, and Plaintiff's relief, if any, is limited to relief allowed under the LPLA.  Plaintiff's claims are barred by applicable provisions of the LPLA.

140.    Xarelto® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA.

141.    La. Rev. Stat. 9:2800.59 applies, and Xarelto® was designed, manufactured, packaged, labeled, sold and distributed in conformity with the then-existing reasonably available scientific and technological knowledge, and, therefore BHCP can have no liability in the premises.

142.    Plaintiff's compensatory damages, if any, are limited to those permitted under Louisiana Civil Code Article 2315.

143.    Under Louisiana Civil Code Articles 2323 and 2324, BHCP is not liable for more than its own degree of fault, if any, and is not solidarily liable with other persons or entities for damages attributable to the fault of such persons or entities.

144.    Under Louisiana Civil Code Article 2323, Plaintiff's claims are barred or limited by Plaintiff's own negligence, carelessness, and/or comparative fault, which was a direct and proximate cause of Plaintiff's injuries or damages, if any.

145.    With respect to each and every cause of action, Plaintiff is not entitled to relief to the extent that Plaintiff is unable to prove the identity of the manufacturer and/or supplier of the precise products used by Plaintiff.

146.    Plaintiff's demand for punitive damages is barred by the LPLA.

147.    BHCP adopts all defenses available under the law which governs the action.

148.   BHCP adopts and incorporates by reference all defenses pled by other defendants except to the extent that they are inconsistent with BHCP's defenses pled in this Answer.

149.   BHCP expressly reserves the right to amend this Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

**WHEREFORE**, BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

<u>JURY DEMAND</u>

BHCP hereby demands a trial by jury on all issues so triable.

February 17, 2016.

Respectfully submitted,

*/s/ John F. Olinde*
John F. Olinde, #1515
Peter J. Rotolo, III, #21848
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Email: olinde@chaffe.com
Email: rotolo@chaffe.com

Steven Glickstein
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-7910
Telephone: (212)836-8485
Email: steven.glickstein@kayescholer.com

William Hoffman
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW

84

2640441-1

Washington, DC 20005-2327
Telephone: (202) 682-3550
Email: William.hoffman@kayescholer.com

Pamela J. Yates
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6048
Telephone: (310) 788-1278
Email: pamela.yates@kayescholer.com

Fred M. Haston, III
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8303
Email: thaston@babc.com

*ATTORNEYS FOR BAYER HEALTHCARE PHARMACEUTICALS INC.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ John F. Olinde*