UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 SECTION: L |
| DAVID APPLEGATE, DAVID BASS, BETTY GLASMAN o/b/o LARRY GLASMAN, LANITA JACOBS, PENNY KESSLER, ERIC MERRITT, DENNIS MITCHELL, YOLANDA RAMSEY, JUDITH SCOTT, and GEORGE WENTSCH | ) ) ) ) ) ) ) ) | JUDGE: ELDON E. FALLON MAGISTRATE JUDGE: MICHAEL NORTH |
| Plaintiffs v. | ) ) ) ) | Civil Action No: 2:15-cv-06072 (Severed from Lead Action No. 2:15-cv-05759) |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. Defendants | ) | JURY TRIAL DEMANDED |

ANSWER AND ADDITIONAL DEFENSES OF
DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.
TO PLAINTIFFS' JOINT COMPLAINT AS IT RELATES TO
THE CLAIMS OF PLAINTIFF DAVID BASS

Defendant Bayer HealthCare Pharmaceuticals Inc. ("BHCP") serves its Answer and

Additional Defenses to Plaintiffs' Joint Complaint (the "Complaint") as it relates to the claims of

Plaintiff David Bass (the "Plaintiff") and states as follows[1]:

ANSWER TO
I. PLAINTIFF SPECIFIC ALLEGATIONS

1.      No response is required as to the allegations contained in paragraph 1.  To the

extent a response is deemed required, BHCP denies that any of Plaintiff David Applegate's

alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or

---

[1] Pursuant to Pre-Trial Order No. 11 ("PTO 11"), BHCP files an individual answer to the Complaint as to the claims of Plaintiff David Bass as Plaintiff David Bass has been selected as part of the bellwether discovery pool.  Pursuant to PTO 11, BHCP's Omnibus Answer and Defenses is deemed as the operative answer and defenses for the remaining plaintiffs named in the Complaint.

2640341-1

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 and its subparagraphs, and therefore those allegations are denied.

2.      BHCP denies that any of Plaintiff David Bass's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 and its subparagraphs, and therefore those allegations are denied.

3.      No response is required as to the allegations contained in paragraph 3.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Larry Glasman's or Plaintiff Betty Glasman o/b/o Larry Glasman's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 and its subparagraphs, and therefore those allegations are denied.

4.      No response is required as to the allegations contained in paragraph 4.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Lanita Jacobs's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and its subparagraphs, and therefore those allegations are denied.

5.      No response is required as to the allegations contained in paragraph 5.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Penny Kessler's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 and its subparagraphs, and therefore those allegations are denied.

2640341-1

6.      No response is required as to the allegations contained in paragraph 6.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Eric Merritt's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 and its subparagraphs, and therefore those allegations are denied.

7.      No response is required as to the allegations contained in paragraph 7.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Dennis Mitchell's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 and its subparagraphs, and therefore those allegations are denied.

8.      No response is required as to the allegations contained in paragraph 8.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Yolanda Ramsey's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and its subparagraphs, and therefore those allegations are denied.

9.      No response is required as to the allegations contained in paragraph 9.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Judith Scott's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 and its subparagraphs, and therefore those allegations are denied.

10.     No response is required as to the allegations contained in paragraph 10.  To the extent a response is deemed required, BHCP denies that any of Plaintiff George Wentsch's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 and its subparagraphs, and therefore those allegations are denied.

<u>ANSWER TO</u>
<u>II. DEFENDANTS</u>

3 [sic]. The allegations contained in the second paragraph numbered 3 are not directed to BHCP, and therefore no response is required.

4 [sic]. The allegations contained in the second paragraph numbered 4 are not directed to BHCP, and therefore no response is required.

5 [sic]. The allegations contained in the second paragraph numbered 5 are not directed to BHCP, and therefore no response is required.

6 [sic]. The allegations contained in the second paragraph numbered 6 are not directed to BHCP, and therefore no response is required.

7 [sic]. The allegations contained in the second paragraph numbered 7 are not directed to BHCP, and therefore no response is required.

8 [sic]. The allegations contained in the second paragraph numbered 8 are not directed to BHCP, and therefore no response is required.

9 [sic]. The allegations contained in the second paragraph numbered 9 are not directed to BHCP, and therefore no response is required.

10 [sic]. The allegations contained in the second paragraph numbered 10 are not directed to BHCP, and therefore no response is required.

11.     The allegations contained in paragraph 11 are not directed to BHCP, and therefore no response is required.

12.     The allegations contained in paragraph 12 are not directed to BHCP, and therefore no response is required.

4

13.     The allegations contained in paragraph 13 are not directed to BHCP, and therefore no response is required.

14.     The allegations contained in paragraph 14 are not directed to BHCP, and therefore no response is required.

15.     BHCP admits that BHCP is a Delaware corporation with its principal place of business in New Jersey.  BHCP denies the allegations contained in paragraph 15 to the extent not specifically admitted.

16.     BHCP admits that BHCP had some involvement in certain aspects of the research and development of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP sold Xarelto®.  BHCP denies the allegations contained in paragraph 16 to the extent not specifically admitted.

17.     BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"), pulmonary embolism ("PE"), and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement

surgery.  BHCP denies the allegations contained in paragraph 17 to the extent not specifically admitted.

18.     The allegations contained in paragraph 18 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG is a German company with its principal place of business in Germany. BHCP admits that Bayer Pharma AG is a pharmaceutical company.   BHCP denies the allegations contained in paragraph 18 to the extent not specifically admitted.

19.     The allegations contained in paragraph 19 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG was formerly known as Bayer Schering Pharma AG, which was formerly known as Schering AG, and that Bayer Pharma AG is the same corporate entity as Bayer Schering Pharma AG and Schering AG.  BHCP denies the allegations contained in paragraph 19 to the extent not specifically admitted.

20.     The allegations contained in paragraph 20 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Schering AG was renamed Bayer Schering Pharma AG effective December 29, 2006. BHCP denies the allegations contained in paragraph 20 to the extent not specifically admitted.

21.     The allegations contained in paragraph 21 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Schering Pharma AG was renamed Bayer Pharma AG effective July 1, 2011.  BHCP denies the allegations contained in paragraph 21 to the extent not specifically admitted.

22.     The allegations contained in paragraph 22 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits

that Bayer Pharma AG participated in the research and development of Xarelto®.  BHCP denies that Bayer Pharma AG sold or marketed Xarelto® in the United States.  BHCP denies the allegations contained in paragraph 22 to the extent not specifically admitted.

23.     The allegations contained in paragraph 23 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the design, research and testing of Xarelto®.  BHCP admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  BHCP denies that Bayer Pharma AG advertised, promoted, marketed, sold or distributed Xarelto® in the United States.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 23 to the extent not specifically admitted.

24.     The allegations contained in paragraph 24 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  BHCP denies the allegations contained in paragraph 24 to the extent not specifically admitted.

25.     The allegations contained in paragraph 25 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that all of the issued and outstanding shares of common stock of BHCP are owned by Schering

7

Berlin Inc., that Schering Berlin Inc. is wholly owned by Bayer HealthCare Holdings LLC and that the sole member of Bayer HealthCare Holdings LLC is Bayer Corporation.  BHCP denies the allegations contained in paragraph 25 to the extent not specifically admitted.

26.     The allegations contained in paragraph 26 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since January 1, 2003, Bayer Corporation has been a holding company that does not conduct operations.  BHCP further states that before January 1, 2003, Bayer Corporation conducted operations through divisions.  BHCP denies that Bayer Corporation researched, developed, designed, licensed, manufactured, distributed, sold or marketed Xarelto®, except that BHCP admits that a former division of Bayer Corporation, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  For a further response, BHCP states that relevant documentation regarding work relating to Xarelto® of such former division is now held by BHCP.   BHCP denies the allegations contained in paragraph 26 to the extent not specifically admitted.

27.     The allegations contained in paragraph 27 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer HealthCare LLC is a limited liability company formed in Delaware and that Bayer HealthCare LLC's principal place of business is in New Jersey.   BHCP admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  BHCP denies the allegations contained in paragraph 27 to the extent not specifically admitted.

28.     The allegations contained in paragraph 28 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies

2640341-1

that Bayer HealthCare LLC designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®, and denies the remaining allegations contained in paragraph 28.

29.     The allegations contained in paragraph 29 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer HealthCare AG has its principal place of business in Germany.  BHCP denies the allegations contained in paragraph 29 to the extent not specifically admitted.

30.     The allegations contained in paragraph 30 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 30.

31.     The allegations contained in paragraph 31 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer AG is a German company with its headquarters in Leverkusen, North Rhine-Westphalia, Germany.  BHCP admits that at all relevant times since October 1, 2003, Bayer AG was a holding company and that the business areas conducted by its various direct and indirect subsidiaries included material science, crop science and healthcare, including pharmaceuticals. BHCP denies the allegations contained in paragraph 31 to the extent not specifically admitted.

32.     The allegations contained in paragraph 32 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 32.

33.     The allegations contained in paragraph 33 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since October 1, 2003, at all relevant times, Bayer AG was a holding company that did not

conduct operations.  BHCP further states that before January 1, 2003, Bayer AG conducted its pharmaceutical operations through a division.  BHCP denies that Bayer AG designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®, except that BHCP admits that a former division of Bayer AG, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  Relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer Pharma AG. BHCP denies the allegations contained in paragraph 33 to the extent not specifically admitted.

34.   BHCP admits that the Complaint contains allegations referring to BHCP and other entities collectively as "Defendants" or otherwise, but BHCP is not answering the Complaint on behalf of any entity other than BHCP, and is not answering allegations that are directed to any entity other than BHCP.  BHCP accordingly denies the allegations contained in paragraph 34.

35.   The allegations contained in paragraph 35 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 35 on behalf of any entity other than BHCP.  Because of the vagueness and ambiguity of the allegations contained in paragraph 35, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

36.   The allegations contained in paragraph 36 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 36 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 36.

37.   The allegations contained in paragraph 37 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 37 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of

the development of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting

Xarelto® to a certain limited number of United States healthcare professionals, and denies that

BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, licensed,

manufactured, distributed or sold Xarelto®.  BHCP denies the allegations contained in paragraph

37 to the extent not specifically admitted.

ANSWER TO<br>
III. JURISDICTION AND VENUE

38.     To the extent that paragraph 38 states a legal conclusion, no response is required.

To the extent a response is deemed required, BHCP admits that this Court has subject matter

jurisdiction of Plaintiff's action under 28 U.S.C. §1332, that there is complete diversity of

citizenship between Plaintiff and Defendants, and that Plaintiff claims more than $75,000.00 in

damages.  BHCP denies any liability.

39.     To the extent that paragraph 39 states a legal conclusion, no response is required.

To the extent a response is deemed required, the allegations contained in paragraph 39 are

directed to Defendants collectively.  BHCP is not answering the allegations contained in

paragraph 39 on behalf of any entity other than BHCP.  BHCP denies the allegations contained

in paragraph 39.

40.     To the extent that paragraph 40 states a legal conclusion, no response is required.

To the extent a response is deemed required, the allegations contained in paragraph 40 are

directed to Defendants collectively.  BHCP is not answering the allegations contained in

paragraph 40 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 40 regarding

the propriety of venue under 28 U.S.C. §1391, and therefore those allegations are denied.  BHCP

denies the allegations contained in paragraph 40.

41.     To the extent that paragraph 41 states a legal conclusion, no response is required. To the extent a response is deemed required, BHCP admits only that this action was filed in *In re: Xarelto (Rivaroxaban) Products Liability Litigation* for pretrial proceedings only, pursuant to Pretrial Order 11.   BHCP denies the allegations contained in paragraph 41 to the extent not specifically admitted.

<u>ANSWER TO</u>
<u>IV. FACTUAL ALLEGATIONS</u>

42.     The allegations contained in paragraph 42 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 42 on behalf of any entity other than BHCP.   BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, sold or distributed Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff ingested and used Xarelto®, and that Plaintiff suffered the injuries or losses alleged, and therefore those allegations are denied.   BHCP denies that any of Plaintiff's alleged injuries or losses were a result of the use of Xarelto®. BHCP denies the allegations contained in paragraph 42 to the extent not specifically admitted.

43.     The allegations contained in paragraph 43 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 43 on behalf of any entity other than BHCP.   BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.   BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.   BHCP admits that Xarelto® is

12

a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 43 to the extent not specifically admitted.

44.     BHCP admits that on July 1, 2011, Xarelto® was approved by the United States Food and Drug Administration (the "FDA") for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP admits that Xarelto® belongs to a class of medications sometimes referred to as new oral anticoagulants.  BHCP denies the allegations contained in paragraph 44 to the extent not specifically admitted.

45.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 regarding products other than Xarelto®, and therefore those allegations are denied.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® consistent with the FDA-approved labeling.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 45 to the extent not specifically admitted.

46.     BHCP admits that Xarelto® is an oral anticoagulant and a factor Xa inhibitor available by prescription.  BHCP further admits that Xarelto® is available in the following

dosage: 20 mg tablets, 15 mg tablets, and 10 mg tablets. BHCP denies the allegations contained in paragraph 46 to the extent not specifically admitted.

47. The allegations contained in paragraph 47 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 47 on behalf of any entity other than BHCP. BHCP admits that on July 1, 2011, Xarelto® was approved by the FDA for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery. BHCP denies the allegations contained in paragraph 47 to the extent not specifically admitted.

48. BHCP admits that the Regulation of Coagulation in Orthopedic Surgery to Prevent Deep Venous Thrombosis and Pulmonary Embolism clinical trials (the "RECORD" clinical trials) were conducted and involved evaluating the use of Xarelto® for the prevention of venous thromboembolism in patients undergoing total knee replacement or total hip replacement. The results of the RECORD clinical trials, in their entirety, speak for themselves. The New England Journal of Medicine and Lancet articles referenced in paragraph 48, in their entirety, speak for themselves. BHCP denies the allegations contained in paragraph 48 to the extent not specifically admitted.

49. BHCP denies the allegations contained in paragraph 49.

50. The allegations contained in paragraph 50 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 50 on behalf of any entity other than BHCP. BHCP admits that on November 4, 2011, Xarelto® was approved by the FDA to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. BHCP admits that the Rivaroxaban Once Daily Oral Direct Factor Xa Inhibition Compared with Vitamin K Antagonism for Prevention of Stroke and Embolism Trial in Atrial

14

Fibrillation clinical trial (the "ROCKET AF" clinical trial) was conducted and involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The results of the ROCKET AF clinical trial, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 50 to the extent not specifically admitted.

51.     BHCP admits that the ROCKET AF clinical trial involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The results of the ROCKET AF clinical trial, in their entirety, speak for themselves.  The New England Journal of Medicine article referenced in paragraph 51, in its entirety, speaks for itself.   BHCP denies the allegations contained in paragraph 51 to the extent not specifically admitted.

52.     The allegations contained in paragraph 52 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 52 on behalf of any entity other than BHCP.  BHCP admits that the ROCKET AF clinical trial compared the safety and efficacy of once-daily oral Xarelto® with adjusted-dose oral warfarin for the prevention of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  BHCP denies Plaintiff's characterization of the ROCKET AF clinical trial.  BHCP denies the allegations contained in paragraph 52 to the extent not specifically admitted.

53.     BHCP denies the allegations contained in paragraph 53.

54.     BHCP denies the allegations contained in paragraph 54.  BHCP affirmatively states that Plaintiff has excerpted and referenced a selected portion of an FDA Draft Briefing Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee.  The FDA Draft Briefing Document, in its entirety, speaks for itself.

2640341-1

55.     Plaintiff attempts to excerpt a letter from Public Citizen, which is in writing and in its entirety speaks for itself.  BHCP denies Plaintiff's characterization of the document and otherwise denies the allegations contained in paragraph 55.

56.     BHCP denies the allegations contained in paragraph 56.  BHCP affirmatively states that Plaintiff has excerpted and referenced a selected portion of an FDA Draft Briefing Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee.  The FDA Draft Briefing Document, in its entirety, speaks for itself.

57.     Plaintiff has excerpted and referenced a selected portion of the transcript of the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee. The transcript of the September 8, 2011 Meeting, in its entirety, speaks for itself.  BHCP denies the remaining allegations contained in paragraph 57.

58.     The allegations contained in paragraph 58 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 58 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 58.  BHCP denies Plaintiff's characterization of the FDA's Summary Review, which in its entirety speaks for itself.

59.     BHCP admits that on November 2, 2012, Xarelto® was approved by the FDA for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE, and that the Xarelto® labeling as of November 2012 reflected information regarding the indication for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and PE. BHCP denies the allegations contained in paragraph 59 to the extent not specifically admitted.

60.     BHCP admits that the clinical trial EINSTEIN-DVT was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of deep vein thrombosis in patients with confirmed acute symptomatic deep vein thrombosis without

16

symptomatic pulmonary embolism.  BHCP admits that the clinical trial EINSTEIN-PE was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of pulmonary embolism in patients with confirmed acute symptomatic pulmonary embolism with or without symptomatic deep vein thrombosis.  BHCP admits that the clinical trial EINSTEIN-Extension was a comparative study conducted and that involved evaluating the use of Xarelto® for the long term prevention of recurrent symptomatic venous thromboembolism in patients with confirmed symptomatic deep vein thrombosis or pulmonary embolism and who had received prior treatment with Xarelto® or a vitamin K antagonist before clinical trial enrollment.  The results of the EINSTEIN-DVT, EINSTEIN-PE, and EINSTEIN-Extension clinical trials, in their entirety, speak for themselves.  The New England Journal of Medicine articles referenced in paragraph 60, in their entirety, speak for themselves.  Plaintiff has cited an article entitled *Oral rivaroxaban after symptomatic venous thromboembolism: the continued treatment study*, from the Expert Review of Cardiovascular Therapy.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the accuracy of Plaintiff's characterization of that article, and therefore Plaintiff's characterization is denied. BHCP denies the allegations contained in paragraph 60 to the extent not specifically admitted.

61.     The allegations contained in paragraph 61 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 61 on behalf of any entity other than BHCP.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.

BHCP denies Plaintiff's characterization of the promotional materials for Xarelto®.   BHCP denies the allegations contained in paragraph 61 to the extent not specifically admitted.

62.   The allegations contained in paragraph 62 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 62 on behalf of any entity other than BHCP.   BHCP admits that BHCP promoted Xarelto® consistent with the FDA-approved labeling.   BHCP denies Plaintiff's characterization of the marketing of Xarelto®. Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied. BHCP denies the allegations contained in paragraph 62 to the extent not specifically admitted.

63.   The allegations contained in paragraph 63 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 63 on behalf of any entity other than BHCP.   At all times, BHCP's limited involvement in the promotion of Xarelto® to a certain limited number of United States healthcare professionals was in accordance with the FDA-approved labeling.   BHCP denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies the allegations contained in paragraph 63 to the extent not specifically admitted.

64.   BHCP denies the allegations contained in paragraph 64.

65.   BHCP admits that Plaintiff has quoted selected excerpts from the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, regarding statements purportedly made by FDA reviewers regarding Xarelto®.   The October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, in its entirety, speaks for itself, and BHCP is not admitting the accuracy of any information or assertions in the

QuarterWatch publication.  For a further response, the statements made by FDA reviewers regarding Xarelto®, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 65 to the extent not specifically admitted.

66.    The allegations contained in paragraph 66 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 66 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 66.

67.    BHCP admits that a specific reversal agent for Xarelto® is not available.  BHCP admits that the original Xarelto® label provided in the Overdosage section that a specific reversal agent for Xarelto® is not available.  BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.  BHCP denies the allegations contained in paragraph 67 to the extent not specifically admitted.

68.    BHCP denies the allegations contained in paragraph 68.

69.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

70.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the

subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

71.     Plaintiff fails to identify the specific publication that Plaintiff purportedly quotes from in paragraph 71.  BHCP denies the allegations contained in paragraph 71.

72.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

73.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73, and therefore those allegations are denied.

74.     The allegations contained in paragraph 74 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 74 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 74.

75.     The allegations contained in paragraph 75 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 75 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 75, including all subparts.   For a further response, BHCP states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

2640341-1

76.     The allegations contained in paragraph 76 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 76 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP labeled Xarelto®.  For a further response, BHCP states that the original Xarelto® label was issued in July 2011 and has been supplemented at various times since then.  The Xarelto® labels, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 76 to the extent not specifically admitted.  BHCP further responds that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

77.     The allegations contained in paragraph 77 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 77 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 77.

78.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78, and therefore those allegations are denied.

79.     The allegations contained in paragraph 79 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 79 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 79.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 79, and therefore the allegations in the second sentence in paragraph 79 are denied.

80.     The allegations contained in paragraph 80 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 80 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 80.

81.     The allegations contained in paragraph 81 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 81 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies the allegations contained in paragraph 81 to the extent not specifically admitted.

82.     The allegations contained in paragraph 82 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 82 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 82. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 82, and therefore the allegations in the second sentence in paragraph 82 are denied.

83.     The allegations contained in paragraph 83 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 83 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83, and therefore those allegations are denied.

84.     The allegations contained in paragraph 84 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 84 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 84.

85.     The allegations contained in paragraph 85 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 85 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 85.

86.     The allegations contained in paragraph 86 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 86 on behalf of any entity other than BHCP.  BHCP denies that the FDA Office of Prescription Drug Promotion ("OPDP") sent an untitled letter to BHCP regarding a print advertisement for Xarelto®.  For a further response, BHCP states, on information and belief, that the OPDP sent an untitled letter to Johnson & Johnson International, Inc. on or about June 6, 2013.  BHCP denies the allegations contained in paragraph 86 regarding the contents of the letter from the OPDP regarding a print advertisement for Xarelto® to the extent that they are inconsistent with the language of the letter or omit portions of the letter.  The referenced OPDP letter, in its entirety, speaks for itself. BHCP denies the remaining allegations contained in paragraph 86.

87.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 87 regarding Plaintiff's awareness, and therefore those allegations are denied.  BHCP denies the remaining allegations contained in paragraph 87.

88.     The allegations contained in paragraph 88 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 88 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted

Xarelto®.   For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 regarding any materials or information received by Plaintiff's prescribing physicians, and therefore those allegations are denied.   BHCP denies the allegations contained in paragraph 88 to the extent not specifically admitted.

89.    The allegations contained in paragraph 89 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 89 on behalf of any entity other than BHCP.   BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.   BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.   BHCP denies that BHCP otherwise marketed or promoted Xarelto®.   For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.   BHCP denies the allegations contained in paragraph 89 to the extent not specifically admitted.

90.    The allegations contained in paragraph 90 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 90 on behalf of any entity other than BHCP.   BHCP denies the allegations contained in paragraph 90.   For a further response, BHCP states that the Medication Guide for Xarelto®, in its entirety, speaks for itself. BHCP further states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

91.     The allegations contained in paragraph 91 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 91 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 91.

92.     The allegations contained in paragraph 92 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 92 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92, and therefore those allegations are denied.

93.     The allegations contained in paragraph 93 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 93 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 93.

94.     The allegations contained in paragraph 94 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 94 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 94.

95.     The allegations contained in paragraph 95 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 95 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 95.

96.     The allegations contained in paragraph 96 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 96 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 96.

97.     The allegations contained in paragraph 97 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 97 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 97.

98.     The allegations contained in paragraph 98 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 98 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 98.

99.     The allegations contained in paragraph 99 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 99 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 99.

100.    The allegations contained in paragraph 100 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 100 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 100.

101.    The allegations contained in paragraph 101 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 101 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 101.

102.    The allegations contained in paragraph 102 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 102 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 102.

<u>ANSWER TO</u>
<u>V. CLAIMS FOR RELIEF</u>

<u>ANSWER TO</u>
<u>COUNT I</u>

103.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 103 to plead Count I of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this

Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

104.    The allegations contained in paragraph 104 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 104 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 104.

105.    The allegations contained in paragraph 105 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 105 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.  BHCP denies that BHCP has recently acquired any Defendant that designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 105 to the extent not specifically admitted.

106.    The allegations contained in paragraph 106 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 106 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold or distributed.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted

2640341-1

Xarelto®.   BHCP denies that BHCP produced, manufactured, sold or distributed Xarelto®. BHCP denies the allegations contained in paragraph 106 to the extent not specifically admitted.

107.    BHCP denies the allegations contained in paragraph 107.

108.    The allegations contained in paragraph 108 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 108 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 108.

109.    The allegations contained in paragraph 109 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 109 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 109.

110.    The allegations contained in paragraph 110 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 110 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 110.

111.    The allegations contained in paragraph 111 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 111 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 111.

112.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112, and therefore those allegations are denied.

113.    The allegations contained in paragraph 113 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 113 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 113.

114.    The allegations contained in paragraph 114 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 114 on behalf of any entity other than BHCP.  The allegations contained in paragraph 114 state conclusions of law to

which no response is required.  To the extent that a response is required, BHCP denies the allegations contained in paragraph 114.

115.    The allegations contained in paragraph 115 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 115 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 115.

116.    The allegations contained in paragraph 116 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 116 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 116.

117.    The allegations contained in paragraph 117 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 117 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 117.

118.    The allegations contained in paragraph 118 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 118 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 118.

119.    BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 119.

120.    The allegations contained in paragraph 120 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 120 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 120.

121.     The allegations contained in paragraph 121 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 121 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 121.

122.     The allegations contained in paragraph 122 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 122 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 122.

123.     The allegations contained in paragraph 123 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 123 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that was allegedly ingested by Plaintiff, and therefore those allegations are denied.  BHCP denies that BHCP manufactured, distributed or sold Xarelto®.  BHCP denies the remaining allegations contained in paragraph 123.

124.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124, and therefore those allegations are denied.

125.     The allegations contained in paragraph 125 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 125 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 125, including all subparts.

126.     The allegations contained in paragraph 126 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 126 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 126.

127.    The allegations contained in paragraph 127 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 127 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 127.

128.    The allegations contained in paragraph 128 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 128 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 128.

129.    The allegations contained in paragraph 129 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 129 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 129.

130.    The allegations contained in paragraph 130 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 130 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 130.

<u>ANSWER TO</u>
<u>COUNT II</u>

131.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 131 to plead Count II of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

132.    The allegations contained in paragraph 132 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 132 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting

31

Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP designed, manufactured or sold Xarelto®. BHCP denies the allegations contained in paragraph 132 to the extent not specifically admitted.

133. The allegations contained in paragraph 133 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 133 on behalf of any entity other than BHCP. BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was distributed or sold. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that allegedly reached Plaintiff, and therefore those allegations are denied. BHCP denies that BHCP manufactured, distributed or sold Xarelto®. BHCP denies the allegations contained in paragraph 133 to the extent not specifically admitted.

134. The allegations contained in paragraph 134 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 134 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 134.

135. BHCP denies the allegations contained in paragraph 135.

136. The allegations contained in paragraph 136 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 136 on behalf of any entity other than BHCP. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that was allegedly used by Plaintiff, and therefore those allegations are denied. BHCP denies that BHCP manufactured,

32

distributed or sold Xarelto®.  BHCP denies the remaining allegations contained in paragraph 136.

137.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137, and therefore those allegations are denied.

138.    BHCP denies the allegations contained in paragraph 138.

<u>ANSWER TO</u>
<u>COUNT III</u>

139.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 139 to plead Count III of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

140.    BHCP denies the allegations contained in paragraph 140.

141.    The allegations contained in paragraph 141 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 141 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 141.

142.    BHCP denies the allegations contained in paragraph 142.

143.    The allegations contained in paragraph 143 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 143 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 143.

2640341-1

144.    The allegations contained in paragraph 144 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 144 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 144.

145.    BHCP denies the allegations contained in paragraph 145.

146.    BHCP denies the allegations contained in paragraph 146.

147.    BHCP denies the allegations contained in paragraph 147.

148.    The allegations contained in paragraph 148 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 148 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 148.

149.    BHCP denies the allegations contained in paragraph 149.

150.    BHCP denies the allegations contained in paragraph 150.

151.    The allegations contained in paragraph 151 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 151 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 151.

152.    BHCP denies the allegations contained in paragraph 152.

153.    The allegations contained in paragraph 153 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 153 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 153.

154.    BHCP denies the allegations contained in paragraph 154.

155.    The allegations contained in paragraph 155 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 155 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 155.

2640341-1

156.    BHCP denies that Plaintiff's attempt in paragraph 156 to plead Count III of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

ANSWER TO<br>COUNT IV

157.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 157 to plead Count IV of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

158.    The allegations contained in paragraph 158 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 158 on behalf of any entity other than BHCP.  The allegations contained in paragraph 158 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP denies the remaining allegations contained in paragraph 158.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.

159.    The allegations contained in paragraph 159 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 159 on behalf of any

35

entity other than BHCP.  BHCP denies the allegations contained in paragraph 159.  For a further response, BHCP states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

160.    The allegations contained in paragraph 160 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 160 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 160.

161.    The allegations contained in paragraph 161 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 161 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 161.

162.    BHCP denies that it manufactured or labeled Xarelto®, and denies the remaining allegations contained in paragraph 162.  For a further response, BHCP states that the original Xarelto® label was issued in July 2011, and has been supplemented at various times since then.  The Xarelto® labels, in their entirety, speak for themselves.   BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

163.    The allegations contained in paragraph 163 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 163 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 163.

164.    The allegations contained in paragraph 164 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 164 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164, and therefore those allegations are denied.

2640341-1

165.    BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 165.  For a further response, BHCP states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

166.    The allegations contained in paragraph 166 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 166 on behalf of any entity other than BHCP.  The allegations contained in paragraph 166 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP manufactured or distributed Xarelto®.  Because of the vagueness and ambiguity of the remaining allegations contained in paragraph 166, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

167.    The allegations contained in paragraph 167 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 167 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 167.

168.    The allegations contained in paragraph 168 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 168 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 168. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 168, and therefore the allegations in the second sentence in paragraph 168 are denied.

169.    The allegations contained in paragraph 169 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 169 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 169.

170.     BHCP denies the allegations contained in paragraph 170.

171.     The allegations contained in paragraph 171 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 171 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 171.

172.     The allegations contained in paragraph 172 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 172 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 172.

<u>ANSWER TO</u>
<u>COUNT V</u>

173.     BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 173 to plead Count V of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

174.     The allegations contained in paragraph 174 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 174 on behalf of any entity other than BHCP.  The allegations contained in paragraph 174 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®, including any duty with respect to the design, manufacture, sale, labeling, marketing, promotion, or distribution of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or

38

promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, sold, labeled or distributed Xarelto®.   BHCP denies the allegations contained in paragraph 174 to the extent not specifically admitted.

175.   The allegations contained in paragraph 175 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 175 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 175.

176.   The allegations contained in paragraph 176 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 176 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 176, including all subparts.

177.   The allegations contained in paragraph 177 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 177 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 177.

178.   The allegations contained in paragraph 178 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 178 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 178.

179.   The allegations contained in paragraph 179 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 179 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 179, including all subparts.

180.   The allegations contained in paragraph 180 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 180 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 180.

2640341-1

181.    The allegations contained in paragraph 181 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 181 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 181.

182.    The allegations contained in paragraph 182 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 182 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 182.

183.    The allegations contained in paragraph 183 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 183 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 183.

184.    The allegations contained in paragraph 184 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 184 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 184.

**ANSWER TO
COUNT VI**

185.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 185 to plead Count VI of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

186.    The allegations contained in paragraph 186 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 186 on behalf of any entity other than BHCP.  The allegations contained in paragraph 186 state conclusions of law to

40

which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 186 to the extent not specifically admitted.

187.    The allegations contained in paragraph 187 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 187 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 187.

188.    The allegations contained in paragraph 188 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 188 on behalf of any entity other than BHCP.  The allegations contained in paragraph 188 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 188 to the extent not specifically admitted.

189.   The allegations contained in paragraph 189 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 189 on behalf of any entity other than BHCP.   BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.   BHCP admits that BHCP promoted Xarelto® as safe and fit for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.   BHCP denies that BHCP otherwise marketed or promoted Xarelto®. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 189 to the extent not specifically admitted.

190.   The allegations contained in paragraph 190 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 190 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 190.

191.   The allegations contained in paragraph 191 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 191 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff and Plaintiff's healthcare providers relied upon and whether that alleged reliance was reasonable, and therefore those allegations are denied.  BHCP denies the remaining allegations contained in paragraph 191.

192.   BHCP denies the allegations contained in paragraph 192.

193.   The allegations contained in paragraph 193 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 193 on behalf of any

42

entity other than BHCP.  BHCP denies the allegations contained in paragraph 193, including all subparts.

194.    The allegations contained in paragraph 194 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 194 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff relied upon and whether that alleged reliance was reasonable, and the allegations that Plaintiff purchased and used Xarelto®, and therefore those allegations are denied.    BHCP denies the remaining allegations contained in paragraph 194.

195.    The allegations contained in paragraph 195 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 195 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 195.

196.    The allegations contained in paragraph 196 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 196 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 196.

197.    The allegations contained in paragraph 197 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 197 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 197.

<u>ANSWER TO</u>
<u>COUNT VII</u>

198.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 198 to plead Count VII of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that

may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

199.     The allegations contained in paragraph 199 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 199 on behalf of any entity other than BHCP.  The allegations contained in paragraph 199 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as fit for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP distributed or sold Xarelto®.  BHCP denies the allegations contained in paragraph 199 to the extent not specifically admitted.

200.     The allegations contained in paragraph 200 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 200 on behalf of any entity other than BHCP.  The allegations contained in paragraph 200 state conclusions of law to which no response is required.  To the extent that a response is deemed required, because of the vagueness and ambiguity of the allegations contained in paragraph 200, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

201.     BHCP denies the allegations contained in paragraph 201.

2640341-1

202.    The allegations contained in paragraph 202 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 202 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff relied upon and whether that alleged reliance was reasonable, and therefore those allegations are denied.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 202 to the extent not specifically admitted.

203.    The allegations contained in paragraph 203 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 203 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 203.

204.    The allegations contained in paragraph 204 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 204 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 204.

<u>ANSWER TO</u>
<u>COUNT VIII</u>

205.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 205 to plead Count VIII of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that

may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

206.     The allegations contained in paragraph 206 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 206 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 206.

207.     The allegations contained in paragraph 207 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 207 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 207.

208.     The allegations contained in paragraph 208 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 208 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 208.

209.     The allegations contained in paragraph 209 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 209 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 209.

210.     The allegations contained in paragraph 210 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 210 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 210.

211.     The allegations contained in paragraph 211 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 211 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 211.

<u>ANSWER TO</u>
<u>COUNT IX</u>

212.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 212 to plead Count IX of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

213.    The allegations contained in paragraph 213 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 213 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 213.

214.    The allegations contained in paragraph 214 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 214 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 214.

215.    The allegations contained in paragraph 215 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 215 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 215.

216.    The allegations contained in paragraph 216 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 216 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 216.

217.    BHCP denies the allegations contained in paragraph 217.

2640341-1

218.    The allegations contained in paragraph 218 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 218 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 218.

219.    The allegations contained in paragraph 219 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 219 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 219.

220.    The allegations contained in paragraph 220 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 220 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 220.

221.    The allegations contained in paragraph 221 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 221 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 221.

222.    The allegations contained in paragraph 222 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 222 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 222.

223.    The allegations contained in paragraph 223 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 223 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 223.

224.    The allegations contained in paragraph 224 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 224 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 224.

225.   The allegations contained in paragraph 225 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 225 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 225.

226.   The allegations contained in paragraph 226 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 226 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 226.

227.   The allegations contained in paragraph 227 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 227 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 227.

228.   The allegations contained in paragraph 228 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 228 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 228.

229.   The allegations contained in paragraph 229 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 229 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 229.

230.   The allegations contained in paragraph 230 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 230 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks

49

associated with the use of Xarelto® were provided.   BHCP denies that BHCP advertised Xarelto®, and denies the allegations contained in paragraph 230 to the extent not specifically admitted.

231.    The allegations contained in paragraph 231 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 231 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 231.

232.    The allegations contained in paragraph 232 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 232 on behalf of any entity other than BHCP.  The allegations contained in paragraph 232 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.   BHCP denies that BHCP marketed Xarelto® directly to consumers, and denies the remaining allegations contained in paragraph 232.  For a further response, BHCP states that appropriate information and warnings regarding the risks associated with the use of Xarelto® were provided.

233.    The allegations contained in paragraph 233 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 233 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 233.

234.    BHCP denies the allegations contained in paragraph 234.

235.    The allegations contained in paragraph 235 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 235 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 235.

ANSWER TO
COUNT X

236.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 236 to plead Count X of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.  BHCP further denies that Plaintiff has properly asserted claims under any "consumer protection laws" or "consumer fraud laws."

237.    The allegations contained in paragraph 237 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 237 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 237.

238.    The allegations contained in paragraph 238 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 238 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 238, including all subparts.

239.    The allegations contained in paragraph 239 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 239 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 239.

240.    The allegations contained in paragraph 240 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 240 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 240.  BHCP

51

further denies that Plaintiff has properly asserted claims under any laws to the extent that Plaintiff has not identified such laws.

241.    The allegations contained in paragraph 241 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 241 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 241.

242.    The allegations contained in paragraph 242 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 242 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 242.

243.    The allegations contained in paragraph 243 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 243 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 243.

<u>ANSWER TO</u>
<u>COUNT XI</u>

244.    Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have asserted claims relating to Plaintiff David Bass's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 244 to plead Count XI of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

245.    Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have asserted claims relating to Plaintiff David Bass's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 245 as to whether Plaintiff had spouses and/or family members, and therefore those allegations are denied. BHCP denies the remaining allegations contained in paragraph 245.

246.    Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have asserted claims relating to Plaintiff David Bass's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 246 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 246 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 246.

247.    Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have asserted claims relating to Plaintiff David Bass's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 247 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 247 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 247.

248.    Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have asserted claims relating to Plaintiff David Bass's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 248.

249.     Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have asserted claims relating to Plaintiff David Bass's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 249.

250.     Because no "Spouse Plaintiff" or "Family Member Plaintiffs" have asserted claims relating to Plaintiff David Bass's claim, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 250 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 250 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 250.

<u>ANSWER TO<br>COUNT XII</u>

251.     BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

252.     The allegations contained in paragraph 252 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 252 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 252.

253.     The allegations contained in paragraph 253 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 253 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 253.

254.     The allegations in paragraph 254 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 254 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 254.  BHCP denies that BHCP marketed or promoted Xarelto® directly to consumers, and denies the remaining

54

allegations in paragraph 254, except that BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff's physician relied upon and whether that alleged reliance was reasonable, and therefore those allegations are denied.  For a further response, BHCP states that, in its limited promotion of Xarelto® to a certain limited number of United States healthcare professionals, BHCP provided appropriate information and warnings regarding the risks associated with the use of Xarelto®.

255.    The allegations contained in paragraph 255 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 255 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 255.

ANSWER TO
VI. JURY TRIAL DEMANDED

The paragraph under the heading "Jury Trial Demanded" contains no factual allegations and requires no response.  BHCP hereby demands a trial by jury on all issues so triable.

ANSWER TO
VII. PRAYER FOR RELIEF

BHCP denies the allegations contained in the unnumbered paragraph under the heading "Prayer for Relief" and its subparagraphs, and denies any wrongdoing whatsoever.  BHCP denies that it is liable to Plaintiff, either for damages, and/or any other relief or costs or attorneys' fees or interest in any amount whatsoever.

BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

All allegations of the Complaint not expressly admitted are denied.

## DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to BHCP in this matter.  BHCP accordingly asserts these separate defenses. Upon completion of discovery, if the facts warrant, BHCP may withdraw any of these defenses as may be appropriate.  By setting forth these defenses, BHCP does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.   Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiff's allegations.  BHCP further reserves the right to amend its Answer and Defenses, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of defenses, BHCP states as follows:

1.      Plaintiff's Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.

2.      The Court lacks personal jurisdiction over BHCP with respect to Plaintiff's claims.

3.      BHCP preserves lack of service of process or insufficiency of service of process to the extent BHCP has not been served properly either under the Federal Rules of Civil Procedure or under the alternative procedures for service of process stipulated by certain defendants in this Court.

4.      This Court is an improper venue for the trial of this action.

5.      This Court is not the proper forum for the trial of this action and is an inconvenient forum for the just adjudication of Plaintiff's claims.

6.      Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

7.      Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

8.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate Plaintiff's alleged damages.

9.      The acts and omissions of Plaintiff caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence.   Plaintiff's recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

10.     Plaintiff's recovery, if any, is barred or must be reduced by the applicable states' contributory negligence and/or comparative negligence law.

11.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

12.     Plaintiff's recovery, if any, against BHCP is subject to the applicable states' several or joint and several liability law.

13.     To the extent that BHCP is found jointly and severally liable, which is expressly denied, BHCP is entitled to contribution from other defendants and/or relies upon applicable states' law regarding contribution among tortfeasors.

14.     Plaintiff's Complaint may fail to join indispensable parties necessary for the just adjudication of this matter.

15.     If Plaintiff suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly

assumed by Plaintiff.   Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's assumption of the risk.

16.     If the injuries claimed by Plaintiff were related to the use of Xarelto®, which is expressly denied, any such injuries were the result of an idiosyncratic or allergic reaction to Xarelto®.

17.     The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of BHCP was not the proximate and/or competent producing cause of such alleged injuries and damages.

18.     The injuries and damages claimed by Plaintiff, if any, are barred or must be reduced or apportioned, because those damages arose from the acts or omissions of persons or entities other than BHCP, for whom BHCP has no legal responsibility.

19.     The alleged injuries sustained by Plaintiff, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which BHCP has no legal responsibility.

20.     If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®.  Plaintiff's recovery is accordingly barred.

21.     The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including BHCP.

22.     Plaintiff's claims are barred, because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

23.     The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

24.     Plaintiff's Complaint fails to state a claim to the extent BHCP did not manufacture or distribute the product allegedly used by Plaintiff.

25.     BHCP owed no legal duty to Plaintiff because BHCP did not manufacture or distribute Xarelto®.

26.     Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion, and sale of Xarelto®, including, but not limited to, adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art.  Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time. Plaintiff's recovery accordingly is barred.

27.     The methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of Xarelto®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package inserts and other literature, conformed to the applicable state of the art.  Such conformity creates a rebuttable presumption that Xarelto® was not defective and that there was no negligence.

28.     Plaintiff's claims are barred, because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing, or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiff's recovery.

29.     The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

30.     Plaintiff's alleged damages were not caused by any failure to warn on the part of BHCP.

31.     Plaintiff's causes of action are or may be barred in whole or in part by Plaintiff's failure to assert a safer design for Xarelto®.

32.     Plaintiff's product liability causes of action are or may be barred because Xarelto® was consistent with or exceeded physician or consumer expectations.

33.     Plaintiff is barred from recovering any damages to the extent that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by Plaintiff without substantially impairing the usefulness or intended purpose of Xarelto®.

34.     Plaintiff's claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts, including, but not limited to, the Restatement (Third) of Torts: Product Liability, § 6, comment f, and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

35.     Plaintiff's claims are or may be barred, in whole or in part, by the applicable states' products liability law.

36.     BHCP asserts all defenses available to it under any applicable states' products liability law.

37.     BHCP gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, BHCP intends to rely upon same in defense of this action.

38.     The prescription drug Xarelto® complied with the applicable product safety regulations promulgated by the FDA.  Compliance with such regulations demonstrates that due

care was exercised with respect to the design, manufacture, testing, marketing, promotion, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiff's recovery is accordingly barred.

39.     The prescription drug Xarelto® complied with the applicable federal and/or state safety codes, statutes, rules, regulations or standards.  Compliance with such codes, statutes, rules, regulations and standards demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that BHCP is entitled to a presumption that the product is neither defective nor unreasonably dangerous.  Plaintiff's claims and any recovery are accordingly barred.

40.     Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

41.     Plaintiff's claims are barred, in whole or in part, because the commercial speech relating to Xarelto® is protected under the First Amendment and Fourteenth Amendment of the United States Constitution and the applicable state constitution.

42.     Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

43.     Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion, and labeling.

44.     To the extent that Plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

45.     Plaintiff cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs, because the remedy sought by Plaintiff is subject to the exclusive regulation of the FDA.

46.     This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

47.     Plaintiff did not detrimentally rely on any labeling, warnings, or information concerning Xarelto®.

48.     BHCP did not misrepresent or conceal any fact or warranties material to Plaintiff's treatment with Xarelto®.  Any opinions or commendations expressed by BHCP are not actionable as representations or warranties.

49.     Plaintiff's prescribing physicians did not rely on any alleged misrepresentations or concealment by BHCP in treating Plaintiff, or in states where the learned intermediary doctrine does not apply, Plaintiff did not rely on any alleged misrepresentations or concealment by BHCP.

50.     Applicable law does not recognize a post-sale duty to warn in the present circumstances.  Accordingly, to the extent that Plaintiff seeks recovery for any alleged breach of a post-sale duty to warn, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

51.     Each item of economic loss alleged in the Complaint may have been or may be replaced or indemnified in whole or in part by collateral sources, and therefore is not recoverable in this action.

52.     To the extent that Plaintiff's Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

53.     To the extent that Plaintiff's claims have been settled or Plaintiff will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of BHCP, if any, should be reduced accordingly.

54.     Plaintiff's claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

55.     Plaintiff's claims for breach of warranty are barred, because Plaintiff failed to give timely notice of any alleged breach of warranty.

56.     BHCP did not sell or distribute Xarelto® to Plaintiff, and Plaintiff did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiff's claims for breach of warranty, express or implied, are barred by lack of privity between Plaintiff and BHCP.

57.     Plaintiff's claims for breach of warranty, express or implied, are barred by the applicable states' Uniform Commercial Code or other applicable law.

58.     Plaintiff fails to state a claim for express warranty because there was no affirmation of fact or promise made by BHCP relating to the product that was the basis of the bargain.

59.     Plaintiff's Complaint fails to state a claim for fraud, and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure 9(b).

60.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

61.     No act or omission of BHCP caused or contributed to Plaintiff's alleged injuries. Further, the Complaint fails to allege conduct by BHCP upon which an award of punitive or exemplary damages can be based.  No act or omission of BHCP qualifies Plaintiff to punitive damages under any applicable states' punitive damages laws.  No act or omission of BHCP was grossly negligent, fraudulent, willful, wanton, reckless or with actual malice or evidences a willful, wanton or reckless disregard for the safety of others.  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

62.     BHCP denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been or can be produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

63.     Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate BHCP's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution and similar state constitutional provisions, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and similar state constitutional provisions, and the prohibition against excessive fines in the United States Constitution and similar state constitutional provisions, and would contravene other provisions of the United States Constitution and any applicable state constitution.

64.     Plaintiff cannot recover punitive or exemplary damages against BHCP, because such an award, which is penal in nature, would violate BHCP's constitutional rights under the United States Constitution and any applicable state constitution, unless BHCP is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

65.     Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution and similar state constitutional provisions, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

66.     Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

67.     With respect to Plaintiff's demand for punitive or exemplary damages, BHCP specifically reserves the right to assert any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under any state law that may be applicable to Plaintiff's claims, including, but not limited to, New Jersey law, including the provisions of the Punitive Damages Act, N.J.S.A. 2A:15-5.9 et seq., and/or any other applicable state law.  BHCP reserves the right to seek bifurcation of Plaintiff's punitive damages claims pursuant to any applicable law, including, but not limited to, N.J.S.A. 2A:15-5.13.

65

68.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the applicable states' law regarding punitive damages.

69.     Plaintiff's claims for non-economic damages is limited by applicable states' law on non-economic damages.

70.     Plaintiff's recovery, if any, is subject to the applicable states' limitations on damages.

71.     Plaintiff's claims for recovery are limited by any applicable states' statutory and common law limitations on awards, caps on recovery, and set-offs.

72.     Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest, post-judgment interest, successor liability, agency, or joint venture liability.

73.     Plaintiff's claims for costs, fees and/or interest are barred and/or limited for failure to comply with the requirements of the applicable states' law.

74.     Plaintiff's Complaint fails to state a claim for unlawful conduct under any applicable "consumer fraud law" and "consumer protection law," because BHCP completely complied with the applicable law in connection with the promotion of Xarelto®.

75.     Plaintiff's Complaint fails to state a claim for false or misleading business practices under any applicable "consumer fraud law" and "consumer protection law," because BHCP's promotion of Xarelto® was not false or misleading.

76.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred, in whole or in part, because the applicable "consumer fraud law" and "consumer protection law" are insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and

66

Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

77.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred, in whole or in part, because the applicable "consumer fraud law" and "consumer protection law" unconstitutionally burden interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

78.     Insofar as any applicable "consumer fraud law" and "consumer protection law" require exhaustion of administrative or other remedies, the claims asserted in the Complaint under the applicable "consumer fraud law" and "consumer protection law" should be stayed or dismissed because, on information and belief, Plaintiff has not exhausted those administrative or other remedies.

79.     Plaintiff's Complaint fails to properly plead Plaintiff's claims under any applicable "consumer fraud law" or "consumer protection law" with sufficient particularity.

80.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred because the Complaint does not allege proximate causation for Plaintiff's alleged injuries.

81.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent reliance is required.

82.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that knowledge or intent to deceive is required.

83.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that notice is required.

84.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that Plaintiff must have suffered an "ascertainable loss," i.e., an actual loss that is susceptible to reasonably precise calculation.

85.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that "actual damages" are required.

86.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that no private right of action is available.

87.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that under such law claims can only be brought with respect to transactions or conduct that occurred exclusively or primarily within the state and the transactions and conduct at issue occurred outside of the state.

88.     A prescription pharmaceutical is not a consumer product or transaction, or is otherwise not the type of product or transaction covered by the applicable state consumer protection and trade practices law, or consumer fraud law.

89.     Plaintiff's Complaint fails to state a claim under any applicable states' consumer protection law, consumer fraud law, and trade practices law.

90.     BHCP asserts any other rights or defenses accorded it under any applicable states' consumer protection law and trade practices law.

91.     If Plaintiff has filed bankruptcy during the relevant time period of the events alleged in the Complaint or file for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

92. Plaintiff's actions should be dismissed to the extent Plaintiff has asserted the same claims in actions pending in other jurisdictions.

93. BHCP adopts all defenses available to it under the Mississippi Civil Justice Reform Act, including but not limited to Miss. Code Ann. §§ 11-1-60, 11-1-63, 11-1-65 and 85-5-7.

94. BHCP adopts all defenses available to it under the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63.

95. Although it is denied that Plaintiff is entitled to judgment in any amount against it, BHCP would show that any judgment against it is limited to the applicable amount or percentage of its liability under the provisions of Miss. Code Ann. § 85-5-7.

96. Plaintiff's recovery, if any, must be reduced, in whole or in part, pursuant to Miss. Code Ann. § 11-7-15.

97. Plaintiff's Complaint seeks damages in excess of those permitted by law.

98. BHCP denies making any express or implied warranties to Plaintiff. Any and all warranties that may form a basis for Plaintiff's claims were adequately disclaimed. In the alternative, Plaintiff failed to give timely notice of the breach of warranty claims, as required by Miss. Code Ann. § 75-2-607(3)(a), and Plaintiff is therefore barred from any recovery in this action.

99. BHCP asserts any statutory or judicial protection from punitive or exemplary damages that is available under the applicable law, and any award of punitive or exemplary damages is barred.

100. Some or all of Plaintiff's claims are barred, in whole or in part, by any prescription and/or peremption periods.

101.    Any claims for detrimental reliance are barred under Louisiana law.

102.    BHCP pleads the provisions and limitations of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq.* (the "LPLA"), and all the limitations and defenses set forth therein, including but not limited to, industry custom, technological feasibility, and compliance with standards and regulations.

103.    BHCP specifically pleads the applicability and exclusivity of the LPLA, and specifically avers that Plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the LPLA.

104.    Plaintiff's claims are limited to those allowed under the LPLA, and Plaintiff's relief, if any, is limited to relief allowed under the LPLA.  Plaintiff's claims are barred by applicable provisions of the LPLA.

105.    Xarelto® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA.

106.    La. Rev. Stat. 9:2800.59 applies, and Xarelto® was designed, manufactured, packaged, labeled, sold and distributed in conformity with the then-existing reasonably available scientific and technological knowledge, and, therefore BHCP can have no liability in the premises.

107.    Plaintiff's compensatory damages, if any, are limited to those permitted under Louisiana Civil Code Article 2315.

108.    Under Louisiana Civil Code Articles 2323 and 2324, BHCP is not liable for more than its own degree of fault, if any, and is not solidarily liable with other persons or entities for damages attributable to the fault of such persons or entities.

109.    Under Louisiana Civil Code Article 2323, Plaintiff's claims are barred or limited by Plaintiff's own negligence, carelessness, and/or comparative fault, which was a direct and proximate cause of Plaintiff's injuries or damages, if any.

110.    With respect to each and every cause of action, Plaintiff is not entitled to relief to the extent that Plaintiff is unable to prove the identity of the manufacturer and/or supplier of the precise products used by Plaintiff.

111.    Plaintiff's demand for punitive damages is barred by the LPLA.

112.    BHCP adopts all defenses available under the law which governs the action.

113.    BHCP adopts and incorporates by reference all defenses pled by other defendants except to the extent that they are inconsistent with BHCP's defenses pled in this Answer.

114.    BHCP expressly reserves the right to amend this Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

**WHEREFORE**, BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

JURY DEMAND

BHCP hereby demands a trial by jury on all issues so triable.

February 17, 2016.

Respectfully submitted,

*/s/ John F. Olinde*

John F. Olinde, #1515
Peter J. Rotolo, III, #21848
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street

71

2640341-1

New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Email: olinde@chaffe.com
Email: rotolo@chaffe.com

Steven Glickstein
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-7910
Telephone: (212)836-8485
Email: steven.glickstein@kayescholer.com

William Hoffman
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Telephone: (202) 682-3550
Email: William.hoffman@kayescholer.com

Pamela J. Yates
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6048
Telephone: (310) 788-1278
Email: pamela.yates@kayescholer.com

Fred M. Haston, III
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8303
Email: thaston@babc.com

*ATTORNEYS FOR BAYER HEALTHCARE
PHARMACEUTICALS INC.*

2640341-1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

<u>*/s/ John F. Olinde*</u>

2640341-1