# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| Shirley Adcock, Pete Agouridis, George Allman, Christopher Arocha, Christina Babnis, Donald Bannister, Patricia Beal, Kelly Bell, Jr., Ella Bidus, as Administrator for the Estate of Benedict Bidus, Pamela J. Downey as Administrator for the Estate of Evelyn Bolt, Ann Bommarito, Ronald Bompane, Rosemary Booker, Charles Brown, Bruce Cappadora, Richard Cary, Joyce Caudle, Phyllis Cavender as Administrator for the Estate of Terry Cavender, James Clark, Timothy Cooper, Tanya Creacy, Anthony Dombroski, Sharon Donnelly, Trentis Dorsey, James Embry, Sidney Enoch, John Farraro, Clarence Finlayson, Joseph Forbes, Lillian Frost, Carmine Gambale, Cheryl Garcia, Mary Garrod, John Gerlach, Gerald Girard, Alan Gluck, Norma Groenke as Administrator for the Estate of Arthur Groenke, Mirsada Gudic, Robert Halavat as Administrator for the Estate of Catherine Halavat, George Hamilton, Eddie Hardy Sr., Lori Hermosillo, Deborah Hunter, Thomas Jewell, Maybel Johnson, Willard Jones, Margaret Kemp, Elizabeth Kimberlin, Robert Lacey, Jacquelyn Larsen, Maria Law, Glen Litsinger, Barbara McCool, Donna Miller, Anastacio Molina, Roxanne Jacobs as Administrator for the Estate of Patrick Moriarty, James Neff, Charles Nielsen, Amy Nyeholt, Marilynne Olson, Nancy Perry, Georgia Rice, Patricia Rivera, Gloria Robinson as Administrator for the Estate of Margie Robinson, Arlene Ryan, Raymond Samek, Jerry Sammons as Administrator for the Estate of Sherrin Sammons, Glenda Schlabach, Stuart Siegel as Administrator for the Estate of Leah Shaffalo, Mylene Higginbotham, as Administrator for the Estate of Betty Smith, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JUDGE: ELDON E. FALLON<br><br>MAGISTRATE JUDGE: MICHAEL NORTH<br><br>Civil Action No: 2:15-cv-03515 (Severed from Lead Action No. 2:15-cv-03124)<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| **Donald Smith, Russell Smith, Jerome Spears,** | ) |
| **Donald Spires, Peggy St. Fort, Steven Stegman,** | |
| **Horace Tabor, Nancy Turner, Katherine** | ) |
| **Van Akin, Mary Viola, Delbert Wheeler,** | ) |
|     **Plaintiffs** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **Janssen Research & Development LLC, et al.** | ) |
|     **Defendants** | ) |
| | ) |
| | ) |

### ANSWER AND ADDITIONAL DEFENSES OF
### DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.
### TO PLAINTIFFS' JOINT COMPLAINT AS IT RELATES TO
### THE CLAIMS OF PLAINTIFF ANTHONY DOMBROSKI

Defendant Bayer HealthCare Pharmaceuticals Inc. ("BHCP") serves its Answer and Additional Defenses to Plaintiffs' Joint Complaint (the "Complaint") as it relates to the claims of Plaintiff Anthony Dombroski ("Plaintiff") and states as follows[1]:

### ANSWER TO
### I. PLAINTIFFS' ALLEGATIONS

1.      No response is required as to the allegations contained in paragraph 1.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Shirley Adcock's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1, and therefore those allegations are denied.

2.      No response is required as to the allegations contained in paragraph 2.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Pete Agouridis' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information

---

[1] Pursuant to Pre-Trial Order No. 11 ("PTO 11"), BHCP files an individual answer to the Complaint as to the claims of Plaintiff Anthony Dombroski as Plaintiff Anthony Dombroski has been selected as part of the bellwether discovery pool.  Pursuant to PTO 11, BHCP's Omnibus Answer and Defenses is deemed as the operative answer and defenses for the remaining plaintiffs named in the Complaint.

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2, and therefore those allegations are denied.

3.      No response is required as to the allegations contained in paragraph 3.  To the extent a response is deemed required, BHCP denies that any of Plaintiff George Allman's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3, and therefore those allegations are denied.

4.      No response is required as to the allegations contained in paragraph 4.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Christopher Arocha's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4, and therefore those allegations are denied.

5.      No response is required as to the allegations contained in paragraph 5.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Christina Babnis' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5, and therefore those allegations are denied.

6.      No response is required as to the allegations contained in paragraph 6.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Donald Bannister's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6, and therefore those allegations are denied.

2640476-1

7.     No response is required as to the allegations contained in paragraph 7.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Patricia Beal's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7, and therefore those allegations are denied.

8.     No response is required as to the allegations contained in paragraph 8.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Kelly Bell Jr.'s alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8, and therefore those allegations are denied.

9.     No response is required as to the allegations contained in paragraph 9.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Benedict Bidus' alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9, and therefore those allegations are denied.

10.     No response is required as to the allegations contained in paragraph 10.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Evelyn Bolt's alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10, and therefore those allegations are denied.

11.     No response is required as to the allegations contained in paragraph 11.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Ann Bommarito's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or

2640476-1

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11, and therefore those allegations are denied.

12.      No response is required as to the allegations contained in paragraph 12.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Ronald Bompane's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12, and therefore those allegations are denied.

13.      No response is required as to the allegations contained in paragraph 13.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Rosemary Booker's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13, and therefore those allegations are denied.

14.      No response is required as to the allegations contained in paragraph 14.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Charles Brown's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14, and therefore those allegations are denied.

15.      No response is required as to the allegations contained in paragraph 15.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Bruce Cappadora's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15, and therefore those allegations are denied.

16.     No response is required as to the allegations contained in paragraph 16.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Richard Cary's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16, and therefore those allegations are denied.

17.     No response is required as to the allegations contained in paragraph 17.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Joyce Caudle's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17, and therefore those allegations are denied.

18.     No response is required as to the allegations contained in paragraph 18.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Terry Cavender's alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18, and therefore those allegations are denied.

19.     No response is required as to the allegations contained in paragraph 19.  To the extent a response is deemed required, BHCP denies that any of Plaintiff James Clark's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19, and therefore those allegations are denied.

20.     No response is required as to the allegations contained in paragraph 20.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Timothy Cooper's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or

2640476-1

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20, and therefore those allegations are denied.

21.     No response is required as to the allegations contained in paragraph 21.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Tanya Creacy's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21, and therefore those allegations are denied.

22.     BHCP denies that any of Plaintiff Anthony Dombroski's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22, and therefore those allegations are denied.

23.     No response is required as to the allegations contained in paragraph 23.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Sharon Donnelly's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23, and therefore those allegations are denied.

24.     No response is required as to the allegations contained in paragraph 24.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Trentis Dorsey's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24, and therefore those allegations are denied.

25.     No response is required as to the allegations contained in paragraph 25.  To the extent a response is deemed required, BHCP denies that any of Plaintiff James Embry's alleged

injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25, and therefore those allegations are denied.

26.     No response is required as to the allegations contained in paragraph 26.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Sidney Enoch's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26, and therefore those allegations are denied.

27.     No response is required as to the allegations contained in paragraph 27.  To the extent a response is deemed required, BHCP denies that any of Plaintiff John Farraro's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27, and therefore those allegations are denied.

28.     No response is required as to the allegations contained in paragraph 28.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Clarence Finlayson's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28, and therefore those allegations are denied.

29.     No response is required as to the allegations contained in paragraph 29.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Joseph Forbes' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29, and therefore those allegations are denied.

30.     No response is required as to the allegations contained in paragraph 30.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Lillian Frost's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30, and therefore those allegations are denied.

31.     No response is required as to the allegations contained in paragraph 31.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Carmine Gambale's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31, and therefore those allegations are denied.

32.     No response is required as to the allegations contained in paragraph 32.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Cheryl Garcia's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32, and therefore those allegations are denied.

33.     No response is required as to the allegations contained in paragraph 33.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Mary Garrod's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33, and therefore those allegations are denied.

34.     No response is required as to the allegations contained in paragraph 34.  To the extent a response is deemed required, BHCP denies that any of Plaintiff John Gerlach's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34, and therefore those allegations are denied.

36. No response is required as to the allegations contained in paragraph 35. To the extent a response is deemed required, BHCP denies that any of Plaintiff Gerald Girard's alleged injuries were a result of the ingestion of Xarelto®. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35, and therefore those allegations are denied.

36. No response is required as to the allegations contained in paragraph 36. To the extent a response is deemed required, BHCP denies that any of Plaintiff Alan Gluck's alleged injuries were a result of the ingestion of Xarelto®. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36, and therefore those allegations are denied.

37. No response is required as to the allegations contained in paragraph 37. To the extent a response is deemed required, BHCP denies that any of Plaintiff Arthur Groenke's alleged injuries and/or death were a result of the ingestion of Xarelto®. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37, and therefore those allegations are denied.

38. No response is required as to the allegations contained in paragraph 38. To the extent a response is deemed required, BHCP denies that any of Plaintiff Mirsada Gudic's alleged injuries were a result of the ingestion of Xarelto®. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38, and therefore those allegations are denied.

39.     No response is required as to the allegations contained in paragraph 39.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Catherine Halavat's alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39, and therefore those allegations are denied.

40.     No response is required as to the allegations contained in paragraph 40.  To the extent a response is deemed required, BHCP denies that any of Plaintiff George Hamilton's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40, and therefore those allegations are denied.

41.     No response is required as to the allegations contained in paragraph 41.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Eddie Hardy's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41, and therefore those allegations are denied.

42.     No response is required as to the allegations contained in paragraph 42.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Lori Hermosillo's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42, and therefore those allegations are denied.

43.     No response is required as to the allegations contained in paragraph 43.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Deborah Hunter's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or

2640476-1

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43, and therefore those allegations are denied.

44.     No response is required as to the allegations contained in paragraph 44.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Thomas Jewell's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44, and therefore those allegations are denied.

45.     No response is required as to the allegations contained in paragraph 45.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Maybel Johnson's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45, and therefore those allegations are denied.

46.     No response is required as to the allegations contained in paragraph 46.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Willard Jones' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46, and therefore those allegations are denied.

47.     No response is required as to the allegations contained in paragraph 47.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Margaret Kemp's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47, and therefore those allegations are denied.

48.     No response is required as to the allegations contained in paragraph 48.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Elizabeth Kimberlin's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48, and therefore those allegations are denied.

49.     No response is required as to the allegations contained in paragraph 49.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Robert Lacey's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49, and therefore those allegations are denied.

50.     No response is required as to the allegations contained in paragraph 50.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Jacquelyn Larsen's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50, and therefore those allegations are denied.

51.     No response is required as to the allegations contained in paragraph 51.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Maria Law's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51, and therefore those allegations are denied.

52.     No response is required as to the allegations contained in paragraph 52.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Glen Litsinger's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52, and therefore those allegations are denied.

53.     No response is required as to the allegations contained in paragraph 53.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Barbara McCool's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53, and therefore those allegations are denied.

54.     No response is required as to the allegations contained in paragraph 54.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Donna Miller's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54, and therefore those allegations are denied.

55.     No response is required as to the allegations contained in paragraph 55.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Anastacio Molina's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55, and therefore those allegations are denied.

56.     No response is required as to the allegations contained in paragraph 56.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Patrick Moriarty's alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56, and therefore those allegations are denied.

2640476-1

57.     No response is required as to the allegations contained in paragraph 57.  To the extent a response is deemed required, BHCP denies that any of Plaintiff James Neff's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57, and therefore those allegations are denied.

58.     No response is required as to the allegations contained in paragraph 58.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Charles Nielson's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58, and therefore those allegations are denied.

59.     No response is required as to the allegations contained in paragraph 59.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Amy Nyeholt's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59, and therefore those allegations are denied.

60.     No response is required as to the allegations contained in paragraph 60.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Marilynne Olson's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60, and therefore those allegations are denied.

61.     No response is required as to the allegations contained in paragraph 61.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Nancy Perry's alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or

15

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61, and therefore those allegations are denied.

62.    No response is required as to the allegations contained in paragraph 62.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Georgia Rice's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62, and therefore those allegations are denied.

63.    No response is required as to the allegations contained in paragraph 63.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Patricia Rivera's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63, and therefore those allegations are denied.

64.    No response is required as to the allegations contained in paragraph 64.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Margie Robinson's alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64, and therefore those allegations are denied.

65.    No response is required as to the allegations contained in paragraph 65.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Arlene Ryan's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65, and therefore those allegations are denied.

66.     No response is required as to the allegations contained in paragraph 66.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Raymond Samek's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66, and therefore those allegations are denied.

67.     No response is required as to the allegations contained in paragraph 67.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Sherrin Sammons' alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67, and therefore those allegations are denied.

68.     No response is required as to the allegations contained in paragraph 68.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Glenda Schlabach's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68, and therefore those allegations are denied.

69.     No response is required as to the allegations contained in paragraph 69.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Leah Shaffalo's alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69, and therefore those allegations are denied.

70.     No response is required as to the allegations contained in paragraph 70.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Mylene Higginbotham's alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge

17

or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 70, and therefore those allegations are denied.

71.     No response is required as to the allegations contained in paragraph 71.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Donald Smith's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71, and therefore those allegations are denied.

72.     No response is required as to the allegations contained in paragraph 72.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Russell Smith's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 72, and therefore those allegations are denied.

73.     No response is required as to the allegations contained in paragraph 73.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Jerome Spears' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 73, and therefore those allegations are denied.

74.     No response is required as to the allegations contained in paragraph 74.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Donald Spires' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 74, and therefore those allegations are denied.

2640476-1

75.     No response is required as to the allegations contained in paragraph 75.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Peggy St. Fort's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 75, and therefore those allegations are denied.

76.     No response is required as to the allegations contained in paragraph 76.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Steven Stegman's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 76, and therefore those allegations are denied.

77.     No response is required as to the allegations contained in paragraph 77.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Horace Tabor's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 77, and therefore those allegations are denied.

78.     No response is required as to the allegations contained in paragraph 78.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Nancy Turner's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 78, and therefore those allegations are denied.

79.     No response is required as to the allegations contained in paragraph 79.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Katherine Van Akin's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 79, and therefore those allegations are denied.

80.     No response is required as to the allegations contained in paragraph 80.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Mary Viola's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 80, and therefore those allegations are denied.

81.     No response is required as to the allegations contained in paragraph 81.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Delbert Wheeler's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 81, and therefore those allegations are denied.

<u>ANSWER TO</u>
<u>II. DEFENDANTS</u>

82.     The allegations contained in paragraph 82 are not directed to BHCP, and therefore no response is required.

83.     The allegations contained in paragraph 83 are not directed to BHCP, and therefore no response is required.

84.     The allegations contained in paragraph 84 are not directed to BHCP, and therefore no response is required.

85.     The allegations contained in paragraph 85 are not directed to BHCP, and therefore no response is required.

86.     The allegations contained in paragraph 86 are not directed to BHCP, and therefore no response is required.

2640476-1

87.     The allegations contained in paragraph 87 are not directed to BHCP, and therefore no response is required.

88.     The allegations contained in paragraph 88 are not directed to BHCP, and therefore no response is required.

89.     The allegations contained in paragraph 89 are not directed to BHCP, and therefore no response is required.

90.     The allegations contained in paragraph 90 are not directed to BHCP, and therefore no response is required.

91.     The allegations contained in paragraph 91 are not directed to BHCP, and therefore no response is required.

92.     The allegations contained in paragraph 92 are not directed to BHCP, and therefore no response is required.

93.     The allegations contained in paragraph 93 are not directed to BHCP, and therefore no response is required.

94.     BHCP admits that BHCP is a Delaware corporation with its principal place of business in New Jersey.  BHCP denies the allegations contained in paragraph 94 to the extent not specifically admitted.

95.     BHCP admits that BHCP had some involvement in certain aspects of the research and development of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP sold Xarelto®.  BHCP denies the allegations contained in paragraph 95 to the extent not specifically admitted.

2640476-1

96.     BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"), pulmonary embolism ("PE"), and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 96 to the extent not specifically admitted.

97.     The allegations contained in paragraph 97 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG is a German company with its principal place of business in Germany.  BHCP admits that Bayer Pharma AG is a pharmaceutical company.   BHCP denies the allegations contained in paragraph 97 to the extent not specifically admitted.

98.     The allegations contained in paragraph 98 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG was formerly known as Bayer Schering Pharma AG, which was formerly known as Schering AG, and that Bayer Pharma AG is the same corporate entity as Bayer Schering Pharma AG and Schering AG.  BHCP denies the allegations contained in paragraph 98 to the extent not specifically admitted.

99.     The allegations contained in paragraph 99 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Schering AG was renamed Bayer Schering Pharma AG effective December 29, 2006. BHCP denies the allegations contained in paragraph 99 to the extent not specifically admitted.

100.    The allegations contained in paragraph 100 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Schering Pharma AG was renamed Bayer Pharma AG effective July 1, 2011.  BHCP denies the allegations contained in paragraph 100 to the extent not specifically admitted.

101.    The allegations contained in paragraph 101 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the research and development of Xarelto®.  BHCP denies that Bayer Pharma AG sold or marketed Xarelto® in the United States. BHCP denies the allegations contained in paragraph 101 to the extent not specifically admitted.

102.    The allegations contained in paragraph 102 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the design, research and testing of Xarelto®.   BHCP admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  BHCP denies that Bayer Pharma AG advertised, promoted, marketed, sold or distributed Xarelto® in the United States.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT,

PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 102 to the extent not specifically admitted.

103.   The allegations contained in paragraph 103 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  BHCP denies the allegations contained in paragraph 103 to the extent not specifically admitted.

104.   The allegations contained in paragraph 104 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that all of the issued and outstanding shares of common stock of BHCP are owned by Schering Berlin Inc., that Schering Berlin Inc. is wholly owned by Bayer HealthCare Holdings LLC and that the sole member of Bayer HealthCare Holdings LLC is Bayer Corporation.   BHCP denies the allegations contained in paragraph 104 to the extent not specifically admitted.

105.   The allegations contained in paragraph 105 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since January 1, 2003, Bayer Corporation has been a holding company that does not conduct operations.  BHCP further states that before January 1, 2003, Bayer Corporation conducted operations through divisions.  BHCP denies that Bayer Corporation researched, developed, designed, licensed, manufactured, distributed, sold or marketed Xarelto®, except that BHCP admits that a former division of Bayer Corporation, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  For a further

response, BHCP states that relevant documentation regarding work relating to Xarelto® of such former division is now held by BHCP.   BHCP denies the allegations contained in paragraph 105 to the extent not specifically admitted.

106.   The allegations contained in paragraph 106 are not directed to BHCP, and therefore do not require a response of BHCP.   To the extent a response is deemed required, BHCP admits that Bayer HealthCare LLC is a limited liability company formed in Delaware and that Bayer HealthCare LLC's principal place of business is in New Jersey.   BHCP admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.   BHCP denies the allegations contained in paragraph 106 to the extent not specifically admitted.

107.   The allegations contained in paragraph 107 are not directed to BHCP, and therefore do not require a response of BHCP.   To the extent a response is deemed required, BHCP denies that Bayer HealthCare LLC designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®, and denies the remaining allegations contained in paragraph 107.

108.   The allegations contained in paragraph 108 are not directed to BHCP, and therefore do not require a response of BHCP.   To the extent a response is deemed required, BHCP admits that Bayer HealthCare AG has its principal place of business in Germany.   BHCP denies the allegations contained in paragraph 108 to the extent not specifically admitted.

109.   The allegations contained in paragraph 109 are not directed to BHCP, and therefore do not require a response of BHCP.   To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 109.

2640476-1

110.    The allegations contained in paragraph 110 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer AG is a German company with its headquarters in Leverkusen, North Rhine-Westphalia, Germany.  BHCP admits that at all relevant times since October 1, 2003, Bayer AG was a holding company and that the business areas conducted by its various direct and indirect subsidiaries included material science, crop science and healthcare, including pharmaceuticals.  BHCP denies the allegations contained in paragraph 110 to the extent not specifically admitted.

111.    The allegations contained in paragraph 111 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 111.

112.    The allegations contained in paragraph 112 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since October 1, 2003, at all relevant times, Bayer AG was a holding company that did not conduct operations.  BHCP further states that before January 1, 2003, Bayer AG conducted its pharmaceutical operations through a division.  BHCP denies that Bayer AG designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®, except that BHCP admits that a former division of Bayer AG, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  Relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer Pharma AG.  BHCP denies the allegations contained in paragraph 112 to the extent not specifically admitted.

113.    BHCP admits that the Complaint contains allegations referring to BHCP and other entities collectively as "Defendants" or otherwise, but BHCP is not answering the Complaint on behalf of any entity other than BHCP, and is not answering allegations that are directed to any entity other than BHCP.  BHCP accordingly denies the allegations contained in paragraph 113.

114.    The allegations contained in paragraph 114 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 114 on behalf of any entity other than BHCP.  Because of the vagueness and ambiguity of the allegations contained in paragraph 114, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

115.    The allegations contained in paragraph 115 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 115 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 115.

116.    The allegations contained in paragraph 116 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 116 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the development of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, licensed, manufactured, distributed or sold Xarelto®.  BHCP denies the allegations contained in paragraph 116 to the extent not specifically admitted.

27

ANSWER TO
III. JURISDICTION AND VENUE

117.    To the extent that paragraph 117 states a legal conclusion, no response is required. To the extent a response is deemed required, BHCP admits that this Court has subject matter jurisdiction of Plaintiff's action under 28 U.S.C. §1332, that there is complete diversity of citizenship between Plaintiff and Defendants, and that Plaintiff claims more than $75,000.00 in damages.  BHCP denies any liability.

118.    To the extent that paragraph 118 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 118 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 118 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 118.

119.    To the extent that paragraph 119 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 119 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 119 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 regarding the propriety of venue under 28 U.S.C. §1391, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 119.

120.    To the extent that paragraph 120 states a legal conclusion, no response is required. To the extent a response is deemed required, BHCP admits only that this action was filed in *In re: Xarelto (Rivaroxaban) Products Liability Litigation* for pretrial proceedings only, pursuant to Pretrial Order 11.  BHCP denies the allegations contained in paragraph 120 to the extent not specifically admitted.

ANSWER TO
IV. FACTUAL ALLEGATIONS

121.   The allegations contained in paragraph 121 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 121 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, sold or distributed Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff ingested and used Xarelto®, and that Plaintiff suffered the injuries or losses alleged, and therefore those allegations are denied.  BHCP denies that any of Plaintiff's alleged injuries or losses were a result of the use of Xarelto®. BHCP denies the allegations contained in paragraph 121 to the extent not specifically admitted.

122.   The allegations contained in paragraph 122 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 122 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 122 to the extent not specifically admitted.

29

123.     BHCP admits that on July 1, 2011, Xarelto® was approved by the United States Food and Drug Administration (the "FDA") for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP admits that Xarelto® belongs to a class of medications sometimes referred to as new oral anticoagulants.  BHCP denies the allegations contained in paragraph 123 to the extent not specifically admitted.

124.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 regarding products other than Xarelto®, and therefore those allegations are denied.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® consistent with the FDA-approved labeling.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 124 to the extent not specifically admitted.

125.     BHCP admits that Xarelto® is an oral anticoagulant and a factor Xa inhibitor available by prescription.  BHCP further admits that Xarelto® is available in the following dosage: 20 mg tablets, 15 mg tablets, and 10 mg tablets.  BHCP denies the allegations contained in paragraph 125 to the extent not specifically admitted.

126.     The allegations contained in paragraph 126 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 126 on behalf of any entity other than BHCP.  BHCP admits that on July 1, 2011, Xarelto® was approved by the FDA for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip

2640476-1

replacement surgery.  BHCP denies the allegations contained in paragraph 126 to the extent not specifically admitted.

127.    BHCP admits that the Regulation of Coagulation in Orthopedic Surgery to Prevent Deep Venous Thrombosis and Pulmonary Embolism clinical trials (the "RECORD" clinical trials) were conducted and involved evaluating the use of Xarelto® for the prevention of venous thromboembolism in patients undergoing total knee replacement or total hip replacement.  The results of the RECORD clinical trials, in their entirety, speak for themselves.  The New England Journal of Medicine and Lancet articles referenced in paragraph 127, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 127 to the extent not specifically admitted.

128.    BHCP denies the allegations contained in paragraph 128.

129.    The allegations contained in paragraph 129 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 129 on behalf of any entity other than BHCP.  BHCP admits that on November 4, 2011, Xarelto® was approved by the FDA to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  BHCP admits that the Rivaroxaban Once Daily Oral Direct Factor Xa Inhibition Compared with Vitamin K Antagonism for Prevention of Stroke and Embolism Trial in Atrial Fibrillation clinical trial (the "ROCKET AF" clinical trial) was conducted and involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The results of the ROCKET AF clinical trial, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 129 to the extent not specifically admitted.

130.    BHCP admits that the ROCKET AF clinical trial involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.   The results of the ROCKET AF clinical trial, in their entirety, speak for themselves.   The New England Journal of Medicine article referenced in paragraph 130, in its entirety, speaks for itself.   BHCP denies the allegations contained in paragraph 130 to the extent not specifically admitted.

131.    The allegations contained in paragraph 131 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 131 on behalf of any entity other than BHCP.   BHCP admits that the ROCKET AF clinical trial compared the safety and efficacy of once-daily oral Xarelto® with adjusted-dose oral warfarin for the prevention of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.   BHCP denies Plaintiff's characterization of the ROCKET AF clinical trial.   BHCP denies the allegations contained in paragraph 131 to the extent not specifically admitted.

132.    BHCP denies the allegations contained in paragraph 132.

133.    BHCP denies the allegations contained in paragraph 133.   BHCP affirmatively states that Plaintiff has excerpted and referenced a selected portion of an FDA Draft Briefing Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee.   The FDA Draft Briefing Document, in its entirety, speaks for itself.

134.    Plaintiff attempts to excerpt a letter from Public Citizen, which is in writing and in its entirety speaks for itself.   BHCP denies Plaintiff's characterization of the document and otherwise denies the allegations contained in paragraph 134.

135.    BHCP denies the allegations contained in paragraph 135.   BHCP affirmatively states that Plaintiff has excerpted and referenced a selected portion of an FDA Draft Briefing

Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee.  The FDA Draft Briefing Document, in its entirety, speaks for itself.

136.    Plaintiff has excerpted and referenced a selected portion of the transcript of the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee. The transcript of the September 8, 2011 Meeting, in its entirety, speaks for itself.  BHCP denies the remaining allegations contained in paragraph 136.

137.    The allegations contained in paragraph 137 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 137 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 137.  BHCP denies Plaintiff's characterization of the FDA's Summary Review, which in its entirety speaks for itself.

138.    BHCP admits that on November 2, 2012, Xarelto® was approved by the FDA for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE, and that the Xarelto® labeling as of November 2012 reflected information regarding the indication for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and PE. BHCP denies the allegations contained in paragraph 138 to the extent not specifically admitted.

139.    BHCP admits that the clinical trial EINSTEIN-DVT was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of deep vein thrombosis in patients with confirmed acute symptomatic deep vein thrombosis without symptomatic pulmonary embolism.  BHCP admits that the clinical trial EINSTEIN-PE was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of pulmonary embolism in patients with confirmed acute symptomatic pulmonary embolism with or without symptomatic deep vein thrombosis.  BHCP admits that the clinical trial EINSTEIN-Extension was a comparative study conducted and that involved evaluating the use of Xarelto®

for the long term prevention of recurrent symptomatic venous thromboembolism in patients with confirmed symptomatic deep vein thrombosis or pulmonary embolism and who had received prior treatment with Xarelto® or a vitamin K antagonist before clinical trial enrollment.  The results of the EINSTEIN-DVT, EINSTEIN-PE, and EINSTEIN-Extension clinical trials, in their entirety, speak for themselves.  The New England Journal of Medicine articles referenced in paragraph 139, in their entirety, speak for themselves.  Plaintiff has cited an article entitled *Oral rivaroxaban after symptomatic venous thromboembolism: the continued treatment study*, from the Expert Review of Cardiovascular Therapy.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the accuracy of Plaintiff's characterization of that article, and therefore Plaintiff's characterization is denied.  BHCP denies the allegations contained in paragraph 139 to the extent not specifically admitted.

140.    The allegations contained in paragraph 140 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 140 on behalf of any entity other than BHCP.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies Plaintiff's characterization of the promotional materials for Xarelto®.  BHCP denies the allegations contained in paragraph 140 to the extent not specifically admitted.

141.    The allegations contained in paragraph 141 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 141 on behalf of any entity other than BHCP.  BHCP admits that BHCP promoted Xarelto® consistent with the FDA-approved labeling.  BHCP denies Plaintiff's characterization of the marketing of Xarelto®.

Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied. BHCP denies the allegations contained in paragraph 141 to the extent not specifically admitted.

142.    The allegations contained in paragraph 142 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 142 on behalf of any entity other than BHCP.   At all times, BHCP's limited involvement in the promotion of Xarelto® to a certain limited number of United States healthcare professionals was in accordance with the FDA-approved labeling.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies the allegations contained in paragraph 142 to the extent not specifically admitted.

143.    BHCP denies the allegations contained in paragraph 143.

144.    BHCP admits that Plaintiff has quoted selected excerpts from the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, regarding statements purportedly made by FDA reviewers regarding Xarelto®.  The October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, in its entirety, speaks for itself, and BHCP is not admitting the accuracy of any information or assertions in the QuarterWatch publication.  For a further response, the statements made by FDA reviewers regarding Xarelto®, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 144 to the extent not specifically admitted.

145.    The allegations contained in paragraph 145 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 145 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 145.

146.     BHCP admits that a specific reversal agent for Xarelto® is not available.  BHCP admits that the original Xarelto® label provided in the Overdosage section that a specific reversal agent for Xarelto® is not available.  BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.  BHCP denies the allegations contained in paragraph 146 to the extent not specifically admitted.

147.     BHCP denies the allegations contained in paragraph 147.

148.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

149.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

150.     Plaintiff fails to identify the specific publication that Plaintiff purportedly quotes from in paragraph 150.  BHCP denies the allegations contained in paragraph 150.

2640476-1

151.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

152.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152, and therefore those allegations are denied.

153.     The allegations contained in paragraph 153 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 153 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 153.

154.     The allegations contained in paragraph 154 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 154 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 154, including all subparts.   For a further response, BHCP states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

155.     The allegations contained in paragraph 155 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 155 on behalf of any entity other than BHCP.   BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP labeled Xarelto®. For a further response, BHCP states that the original Xarelto® label was issued in July 2011 and

has been supplemented at various times since then.  The Xarelto® labels, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 155 to the extent not specifically admitted.  BHCP further responds that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

156.    The allegations contained in paragraph 156 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 156 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 156.

157.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157, and therefore those allegations are denied.

158.    The allegations contained in paragraph 158 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 158 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 158. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 158, and therefore the allegations in the second sentence in paragraph 158 are denied.

159.    The allegations contained in paragraph 159 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 159 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 159.

160.    The allegations contained in paragraph 160 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 160 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that

BHCP otherwise marketed or promoted Xarelto®.  BHCP denies the allegations contained in paragraph 160 to the extent not specifically admitted.

161.    The allegations contained in paragraph 161 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 161 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 161. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 161, and therefore the allegations in the second sentence in paragraph 161 are denied.

162.    The allegations contained in paragraph 162 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 162 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162, and therefore those allegations are denied.

163.    The allegations contained in paragraph 163 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 163 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 163.

164.    The allegations contained in paragraph 164 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 164 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 164.

165.    The allegations contained in paragraph 165 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 165 on behalf of any entity other than BHCP.  BHCP denies that the FDA Office of Prescription Drug Promotion ("OPDP") sent an untitled letter to BHCP regarding a print advertisement for Xarelto®.  For a

further response, BHCP states, on information and belief, that the OPDP sent an untitled letter to Johnson & Johnson International, Inc. on or about June 6, 2013.  BHCP denies the allegations contained in paragraph 165 regarding the contents of the letter from the OPDP regarding a print advertisement for Xarelto® to the extent that they are inconsistent with the language of the letter or omit portions of the letter.  The referenced OPDP letter, in its entirety, speaks for itself. BHCP denies the remaining allegations contained in paragraph 165.

166.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 166 regarding Plaintiff's awareness, and therefore those allegations are denied.  BHCP denies the remaining allegations contained in paragraph 166.

167.    The allegations contained in paragraph 167 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 167 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.   For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 regarding any materials or information received by Plaintiff's prescribing physicians, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 167 to the extent not specifically admitted.

168.    The allegations contained in paragraph 168 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 168 on behalf of any entity other than BHCP.   BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.   For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 168 to the extent not specifically admitted.

169.    The allegations contained in paragraph 169 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 169 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 169.  For a further response, BHCP states that the Medication Guide for Xarelto®, in its entirety, speaks for itself. BHCP further states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

170.    The allegations contained in paragraph 170 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 170 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 170.

171.    The allegations contained in paragraph 171 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 171 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 171, and therefore those allegations are denied.

172.    The allegations contained in paragraph 172 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 172 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 172.

173.    The allegations contained in paragraph 173 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 173 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 173.

174.    The allegations contained in paragraph 174 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 174 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 174.

175.    The allegations contained in paragraph 175 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 175 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 175.

176.    The allegations contained in paragraph 176 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 176 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 176.

177.    The allegations contained in paragraph 177 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 177 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 177.

178.    The allegations contained in paragraph 178 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 178 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 178.

2640476-1

179.     The allegations contained in paragraph 179 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 179 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 179.

180.     The allegations contained in paragraph 180 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 180 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 180.

181.     The allegations contained in paragraph 181 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 181 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 181.

ANSWER TO
V. CLAIMS FOR RELIEF

ANSWER TO
COUNT I

In response to the unnumbered paragraph following paragraph 181, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in the unnumbered paragraph following paragraph 181 to plead Count I of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

182.     The allegations contained in paragraph 182 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 182 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 182.

43

183.    The allegations contained in paragraph 183 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 183 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.  BHCP denies that BHCP has recently acquired any Defendant that designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 183 to the extent not specifically admitted.

184.    The allegations contained in paragraph 184 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 184 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold or distributed.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP produced, manufactured, sold or distributed Xarelto®. BHCP denies the allegations contained in paragraph 184 to the extent not specifically admitted.

185.    BHCP denies the allegations contained in paragraph 185.

186.    The allegations contained in paragraph 186 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 186 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 186.

44

187.    The allegations contained in paragraph 187 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 187 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 187.

188.    The allegations contained in paragraph 188 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 188 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 188.

189.    The allegations contained in paragraph 189 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 189 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 189.

190.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 190, and therefore those allegations are denied.

191.    The allegations contained in paragraph 191 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 191 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 191.

192.    The allegations contained in paragraph 192 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 192 on behalf of any entity other than BHCP.  The allegations contained in paragraph 192 state conclusions of law to which no response is required.   To the extent that a response is required, BHCP denies the allegations contained in paragraph 192.

193.    The allegations contained in paragraph 193 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 193 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 193.

194.    The allegations contained in paragraph 194 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 194 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 194.

195.    The allegations contained in paragraph 195 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 195 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 195.

196.    The allegations contained in paragraph 196 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 196 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 196.

197.    BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 197.

198.    The allegations contained in paragraph 198 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 198 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 198.

199.    The allegations contained in paragraph 199 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 199 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 199.

200.    The allegations contained in paragraph 200 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 200 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 200.

201.    The allegations contained in paragraph 201 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 201 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to

46

the truth of the allegations regarding the condition of any Xarelto® that was allegedly ingested by Plaintiff, and therefore those allegations are denied.  BHCP denies that BHCP manufactured, distributed or sold Xarelto®.  BHCP denies the remaining allegations contained in paragraph 201.

202.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 202, and therefore those allegations are denied.

203.    The allegations contained in paragraph 203 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 203 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 203, including all subparts.

204.    The allegations contained in paragraph 204 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 204 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 204.

205.    The allegations contained in paragraph 205 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 205 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 205.

206.    The allegations contained in paragraph 206 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 206 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 206.

207.    The allegations contained in paragraph 207 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 207 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 207.

208.    The allegations contained in paragraph 208 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 208 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 208.

ANSWER TO
COUNT II

In response to the unnumbered paragraph following paragraph 208, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in the unnumbered paragraph following paragraph 208 to plead Count II of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

209.    The allegations contained in paragraph 209 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 209 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured or sold Xarelto®.  BHCP denies the allegations contained in paragraph 209 to the extent not specifically admitted.

210.    The allegations contained in paragraph 210 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 210 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without

48

substantial change from the condition in which Xarelto® was distributed or sold. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that allegedly reached Plaintiff, and therefore those allegations are denied. BHCP denies that BHCP manufactured, distributed or sold Xarelto®. BHCP denies the allegations contained in paragraph 210 to the extent not specifically admitted.

211.    The allegations contained in paragraph 211 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 211 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 211.

212.    BHCP denies the allegations contained in paragraph 212.

213.    The allegations contained in paragraph 213 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 213 on behalf of any entity other than BHCP. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that was allegedly used by Plaintiff, and therefore those allegations are denied. BHCP denies that BHCP manufactured, distributed or sold Xarelto®. BHCP denies the remaining allegations contained in paragraph 213.

214.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 214, and therefore those allegations are denied.

215.    BHCP denies the allegations contained in paragraph 215.

ANSWER TO<br>COUNT III

In response to the unnumbered paragraph following paragraph 215, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein. BHCP denies that Plaintiff's attempt in the unnumbered paragraph following paragraph 215 to plead

2640476-1

Count III of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

216.   BHCP denies the allegations contained in paragraph 216.

217.   The allegations contained in paragraph 217 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 217 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 217.

218.   BHCP denies the allegations contained in paragraph 218.

219.   The allegations contained in paragraph 219 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 219 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 219.

220.   The allegations contained in paragraph 220 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 220 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 220.

221.   BHCP denies the allegations contained in paragraph 221.

222.   BHCP denies the allegations contained in paragraph 222.

223.   BHCP denies the allegations contained in paragraph 223.

224.   The allegations contained in paragraph 224 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 224 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 224.

225.   BHCP denies the allegations contained in paragraph 225.

226.    BHCP denies the allegations contained in paragraph 226.

227.    The allegations contained in paragraph 227 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 227 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 227.

228.    BHCP denies the allegations contained in paragraph 228.

229.    The allegations contained in paragraph 229 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 229 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 229.

230.    BHCP denies the allegations contained in paragraph 230.

231.    The allegations contained in paragraph 231 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 231 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 231.

232.    BHCP denies that Plaintiff's attempt in paragraph 232 to plead Count III of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

<u>ANSWER TO</u>
<u>COUNT IV</u>

In response to the unnumbered paragraph following paragraph 232, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in the unnumbered paragraph following paragraph 232 to plead Count IV of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.

51

2640476-1

BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

233.   The allegations contained in paragraph 233 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 233 on behalf of any entity other than BHCP.  The allegations contained in paragraph 233 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP denies the remaining allegations contained in paragraph 233.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.

234.   The allegations contained in paragraph 234 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 234 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 234.  For a further response, BHCP states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

235.   The allegations contained in paragraph 235 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 235 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 235.

236.   The allegations contained in paragraph 236 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 236 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 236.

237.    BHCP denies that it manufactured or labeled Xarelto®, and denies the remaining allegations contained in paragraph 237.  For a further response, BHCP states that the original Xarelto® label was issued in July 2011, and has been supplemented at various times since then. The Xarelto® labels, in their entirety, speak for themselves.   BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

238.    The allegations contained in paragraph 238 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 238 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 238.

239.    The allegations contained in paragraph 239 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 239 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 239, and therefore those allegations are denied.

240.    BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 240.  For a further response, BHCP states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

241.    The allegations contained in paragraph 241 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 241 on behalf of any entity other than BHCP.  The allegations contained in paragraph 241 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP manufactured or distributed Xarelto®.  Because of the vagueness and ambiguity of the remaining allegations contained in paragraph 241, BHCP lacks knowledge or information

sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

242.     The allegations contained in paragraph 242 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 242 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 242.

243.     The allegations contained in paragraph 243 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 243 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 243. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 243, and therefore the allegations in the second sentence in paragraph 243 are denied.

244.     The allegations contained in paragraph 244 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 244 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 244.

245.     BHCP denies the allegations contained in paragraph 245.

246.     The allegations contained in paragraph 246 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 246 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 246.

247.     The allegations contained in paragraph 247 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 247 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 247.

## ANSWER TO
## COUNT V

In response to the unnumbered paragraph following paragraph 247, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in the unnumbered paragraph following paragraph 247 to plead Count V of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

248.   The allegations contained in paragraph 248 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 248 on behalf of any entity other than BHCP.  The allegations contained in paragraph 248 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®, including any duty with respect to the design, manufacture, sale, labeling, marketing, promotion, or distribution of Xarelto®. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, sold, labeled or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 248 to the extent not specifically admitted.

249.   The allegations contained in paragraph 249 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 249 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 249.

2640476-1

250.    The allegations contained in paragraph 250 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 250 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 250, including all subparts.

251.    The allegations contained in paragraph 251 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 251 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 251.

252.    The allegations contained in paragraph 252 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 252 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 252.

253.    The allegations contained in paragraph 253 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 253 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 253, including all subparts.

254.    The allegations contained in paragraph 254 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 254 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 254.

255.    The allegations contained in paragraph 255 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 255 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 255.

256.    The allegations contained in paragraph 256 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 256 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 256.

257.   The allegations contained in paragraph 257 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 257 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 257.

258.   The allegations contained in paragraph 258 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 258 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 258.

<u>ANSWER TO</u>
<u>COUNT VI</u>

In response to the unnumbered paragraph following paragraph 258, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in the unnumbered paragraph following paragraph 258 to plead Count VI of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

259.   The allegations contained in paragraph 259 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 259 on behalf of any entity other than BHCP.  The allegations contained in paragraph 259 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies

that BHCP otherwise marketed or promoted Xarelto®.   For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies the allegations contained in paragraph 259 to the extent not specifically admitted.

260.   The allegations contained in paragraph 260 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 260 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 260.

261.   The allegations contained in paragraph 261 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 261 on behalf of any entity other than BHCP.  The allegations contained in paragraph 261 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.   BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.   BHCP denies that BHCP otherwise marketed or promoted Xarelto®.   For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies the allegations contained in paragraph 261 to the extent not specifically admitted.

262.   The allegations contained in paragraph 262 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 262 on behalf of any entity other than BHCP.   BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and fit for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information

2640476-1

approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.

For a further response, BHCP states that appropriate warnings regarding the risks associated with

the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 262 to

the extent not specifically admitted.

263.    The allegations contained in paragraph 263 are directed to Defendants

collectively.  BHCP is not answering the allegations contained in paragraph 263 on behalf of any

entity other than BHCP.  BHCP denies the allegations contained in paragraph 263.

264.    The allegations contained in paragraph 264 are directed to Defendants

collectively.  BHCP is not answering the allegations contained in paragraph 264 on behalf of any

entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to

the truth of the allegations regarding what Plaintiff and Plaintiff's healthcare providers relied

upon and whether that alleged reliance was reasonable, and therefore those allegations are

denied.  BHCP denies the remaining allegations contained in paragraph 264.

265.    BHCP denies the allegations contained in paragraph 265.

266.    The allegations contained in paragraph 266 are directed to Defendants

collectively.  BHCP is not answering the allegations contained in paragraph 266 on behalf of any

entity other than BHCP.  BHCP denies the allegations contained in paragraph 266, including all

subparts.

267.    The allegations contained in paragraph 267 are directed to Defendants

collectively.  BHCP is not answering the allegations contained in paragraph 267 on behalf of any

entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to

the truth of the allegations regarding what Plaintiff relied upon and whether that alleged reliance

was reasonable, and the allegations that Plaintiff purchased and used Xarelto®, and therefore

those allegations are denied.     BHCP denies the remaining allegations contained in paragraph 267.

268.    The allegations contained in paragraph 268 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 268 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 268.

269.    The allegations contained in paragraph 269 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 269 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 269.

270.    The allegations contained in paragraph 270 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 270 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 270.

<u>ANSWER TO<br>COUNT VII</u>

In response to the unnumbered paragraph following paragraph 270, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in the unnumbered paragraph following paragraph 270 to plead Count VII of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

271.    The allegations contained in paragraph 271 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 271 on behalf of any entity other than BHCP.  The allegations contained in paragraph 271 state conclusions of law to

2640476-1

which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as fit for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP distributed or sold Xarelto®.  BHCP denies the allegations contained in paragraph 271 to the extent not specifically admitted.

272.    The allegations contained in paragraph 272 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 272 on behalf of any entity other than BHCP.  The allegations contained in paragraph 272 state conclusions of law to which no response is required.  To the extent that a response is deemed required, because of the vagueness and ambiguity of the allegations contained in paragraph 272, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

273.    BHCP denies the allegations contained in paragraph 273.

274.    The allegations contained in paragraph 274 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 274 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff relied upon and whether that alleged reliance was reasonable, and therefore those allegations are denied.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved

by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 274 to the extent not specifically admitted.

275.   The allegations contained in paragraph 275 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 275 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 275.

276.   The allegations contained in paragraph 276 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 276 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 276.

<u>ANSWER TO</u>
<u>COUNT VIII</u>

In response to the unnumbered paragraph following paragraph 276, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in the unnumbered paragraph following paragraph 276 to plead Count VIII of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

277.    The allegations contained in paragraph 277 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 277 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 277.

278.    The allegations contained in paragraph 278 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 278 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 278.

279.    The allegations contained in paragraph 279 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 279 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 279.

280.    The allegations contained in paragraph 280 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 280 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 280.

281.    The allegations contained in paragraph 281 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 281 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 281.

282.    The allegations contained in paragraph 282 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 282 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 282.

<u>ANSWER TO</u>
<u>COUNT IX</u>

In response to the unnumbered paragraph following paragraph 282, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in the unnumbered paragraph following paragraph 282 to plead Count IX of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.

2640476-1

BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

283.    The allegations contained in paragraph 283 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 283 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 283.

284.    The allegations contained in paragraph 284 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 284 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 284.

285.    The allegations contained in paragraph 285 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 285 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 285.

286.    The allegations contained in paragraph 286 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 286 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 286.

287.    BHCP denies the allegations contained in paragraph 287.

288.    The allegations contained in paragraph 288 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 288 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 288.

289.    The allegations contained in paragraph 289 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 289 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 289.

290.    The allegations contained in paragraph 290 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 290 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 290.

291.    The allegations contained in paragraph 291 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 291 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 291.

292.    The allegations contained in paragraph 292 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 292 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 292.

293.    The allegations contained in paragraph 293 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 293 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 293.

294.    The allegations contained in paragraph 294 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 294 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 294.

295.    The allegations contained in paragraph 295 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 295 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 295.

296.    The allegations contained in paragraph 296 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 296 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 296.

297.   The allegations contained in paragraph 297 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 297 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 297.

298.   The allegations contained in paragraph 298 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 298 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 298.

299.   The allegations contained in paragraph 299 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 299 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 299.

300.   The allegations contained in paragraph 300 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 300 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies that BHCP advertised Xarelto®, and denies the allegations contained in paragraph 300 to the extent not specifically admitted.

301.   The allegations contained in paragraph 301 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 301 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 301.

66

302.    The allegations contained in paragraph 302 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 302 on behalf of any entity other than BHCP.  The allegations contained in paragraph 302 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP denies that BHCP marketed Xarelto® directly to consumers, and denies the remaining allegations contained in paragraph 302.  For a further response, BHCP states that appropriate information and warnings regarding the risks associated with the use of Xarelto® were provided.

303.    The allegations contained in paragraph 303 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 303 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 303.

304.    BHCP denies the allegations contained in paragraph 304.

305.    The allegations contained in paragraph 305 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 305 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 305.

<u>ANSWER TO</u>
<u>COUNT X</u>

In response to the unnumbered paragraph following paragraph 305, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in the unnumbered paragraph following paragraph 305 to plead Count X of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's

claims, and the laws of the states of Defendants' principal places of business and incorporation. BHCP further denies that Plaintiff has properly asserted claims under any "consumer protection laws" or "consumer fraud laws."

306.   The allegations contained in paragraph 306 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 306 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 306.

307.   The allegations contained in paragraph 307 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 307 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 307, including all subparts.

308.   The allegations contained in paragraph 308 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 308 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 308.

309.   The allegations contained in paragraph 309 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 309 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 309.  BHCP further denies that Plaintiff has properly asserted claims under any laws to the extent that Plaintiff has not identified such laws.

310.   The allegations contained in paragraph 310 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 310 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 310.

2640476-1

311.    The allegations contained in paragraph 311 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 311 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 311.

312.    The allegations contained in paragraph 312 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 312 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 312.

ANSWER TO<br>COUNT XI

Because Plaintiff Anthony Dombroski does not allege a death from the alleged injuries, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, in response to the unnumbered paragraph following paragraph 312, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in the unnumbered paragraph following paragraph 312 to plead Count XI of the Complaint pursuant to unidentified states' substantive laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

313.    Because Plaintiff Anthony Dombroski does not allege a death from the alleged injuries, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, BHCP denies that Plaintiff has valid claims, on behalf of any Estate, Plaintiff's Decedent's beneficiaries or otherwise, against BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 313, and therefore those allegations are denied.

69

314.    Because Plaintiff Anthony Dombroski does not allege a death from the alleged injuries, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 314 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 314 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 314.

315.    Because Plaintiff Anthony Dombroski does not allege a death from the alleged injuries, no response is required to COUNT XI of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 315 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 315 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 315.

ANSWER TO
COUNT XII

Because Plaintiff Anthony Dombroski does not allege a death from the alleged injuries, no response is required to COUNT XII of the Complaint.  To the extent a response is deemed required, in response to the unnumbered paragraph following paragraph 315, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in the unnumbered paragraph following paragraph 315 to plead Count XII of the Complaint pursuant to unidentified states' substantive laws is legally sufficient. BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

316.    Because Plaintiff Anthony Dombroski does not allege a death from the alleged injuries, no response is required to COUNT XII of the Complaint.  To the extent a response is

70

deemed required, the allegations contained in paragraph 316 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 316 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 316.

317. Because Plaintiff Anthony Dombroski does not allege a death from the alleged injuries, no response is required to COUNT XII of the Complaint. To the extent a response is deemed required, the allegations contained in paragraph 317 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 317 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 317.

318. Because Plaintiff Anthony Dombroski does not allege a death from the alleged injuries, no response is required to COUNT XII of the Complaint. To the extent a response is deemed required, the allegations contained in paragraph 318 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 318 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 318.

## ANSWER TO
## VI. JURY TRIAL DEMANDED

The paragraph under the heading "Jury Trial Demanded" contains no factual allegations and requires no response. BHCP hereby demands a trial by jury on all issues so triable.

## ANSWER TO
## VII. PRAYER FOR RELIEF

BHCP denies the allegations contained in the unnumbered paragraph under the heading "Prayer for Relief" and its subparagraphs, and denies any wrongdoing whatsoever. BHCP denies that it is liable to Plaintiff, either for damages, and/or any other relief or costs or attorneys' fees or interest in any amount whatsoever.

BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

All allegations of the Complaint not expressly admitted are denied.

## DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to BHCP in this matter. BHCP accordingly asserts these separate defenses. Upon completion of discovery, if the facts warrant, BHCP may withdraw any of these defenses as may be appropriate. By setting forth these defenses, BHCP does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiff's allegations. BHCP further reserves the right to amend its Answer and Defenses, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of defenses, BHCP states as follows:

1. Plaintiff's Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.

2. The Court lacks personal jurisdiction over BHCP with respect to Plaintiff's claims.

3. BHCP preserves lack of service of process or insufficiency of service of process to the extent BHCP has not been served properly either under the Federal Rules of Civil Procedure or under the alternative procedures for service of process stipulated by certain defendants in this Court.

2640476-1

4.      This Court is an improper venue for the trial of this action.

5.      This Court is not the proper forum for the trial of this action and is an inconvenient forum for the just adjudication of Plaintiff's claims.

6.      Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

7.      Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

8.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate Plaintiff's alleged damages.

9.      The acts and omissions of Plaintiff caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence.  Plaintiff's recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

10.      Plaintiff's recovery, if any, is barred or must be reduced by the applicable states' contributory negligence and/or comparative negligence law.

11.      Plaintiff's Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

12.      Plaintiff's recovery, if any, against BHCP is subject to the applicable states' several or joint and several liability law.

13.      To the extent that BHCP is found jointly and severally liable, which is expressly denied, BHCP is entitled to contribution from other defendants and/or relies upon applicable states' law regarding contribution among tortfeasors.

2640476-1

14.     Plaintiff's Complaint may fail to join indispensable parties necessary for the just adjudication of this matter.

15.     If Plaintiff suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff.  Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's assumption of the risk.

16.     If the injuries claimed by Plaintiff were related to the use of Xarelto®, which is expressly denied, any such injuries were the result of an idiosyncratic or allergic reaction to Xarelto®.

17.     The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of BHCP was not the proximate and/or competent producing cause of such alleged injuries and damages.

18.     The injuries and damages claimed by Plaintiff, if any, are barred or must be reduced or apportioned, because those damages arose from the acts or omissions of persons or entities other than BHCP, for whom BHCP has no legal responsibility.

19.     The alleged injuries sustained by Plaintiff, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which BHCP has no legal responsibility.

20.     If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®.  Plaintiff's recovery is accordingly barred.

2640476-1

21. The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including BHCP.

22. Plaintiff's claims are barred, because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

23. The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

24. Plaintiff's Complaint fails to state a claim to the extent BHCP did not manufacture or distribute the product allegedly used by Plaintiff.

25. BHCP owed no legal duty to Plaintiff because BHCP did not manufacture or distribute Xarelto®.

26. Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion, and sale of Xarelto®, including, but not limited to, adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art.  Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time.  Plaintiff's recovery accordingly is barred.

27. The methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of Xarelto®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package inserts and other literature, conformed to the applicable state of the art.  Such conformity creates a rebuttable presumption that Xarelto® was not defective and that there was no negligence.

28.     Plaintiff's claims are barred, because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing, or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiff's recovery.

29.     The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

30.     Plaintiff's alleged damages were not caused by any failure to warn on the part of BHCP.

31.     Plaintiff's causes of action are or may be barred in whole or in part by Plaintiff's failure to assert a safer design for Xarelto®.

32.     Plaintiff's product liability causes of action are or may be barred because Xarelto® was consistent with or exceeded physician or consumer expectations.

33.     Plaintiff is barred from recovering any damages to the extent that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by Plaintiff without substantially impairing the usefulness or intended purpose of Xarelto®.

34.     Plaintiff's claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts, including, but not limited to, the Restatement (Third) of Torts: Product Liability, § 6, comment f, and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

35.     Plaintiff's claims are or may be barred, in whole or in part, by the applicable states' products liability law.

36.     BHCP asserts all defenses available to it under any applicable states' products liability law.

37.     BHCP gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, BHCP intends to rely upon same in defense of this action.

38.     The prescription drug Xarelto® complied with the applicable product safety regulations promulgated by the FDA.  Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing, promotion, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiff's recovery is accordingly barred.

39.     The prescription drug Xarelto® complied with the applicable federal and/or state safety codes, statutes, rules, regulations or standards.  Compliance with such codes, statutes, rules, regulations and standards demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that BHCP is entitled to a presumption that the product is neither defective nor unreasonably dangerous.  Plaintiff's claims and any recovery are accordingly barred.

40.     Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

41.     Plaintiff's claims are barred, in whole or in part, because the commercial speech relating to Xarelto® is protected under the First Amendment and Fourteenth Amendment of the United States Constitution and the applicable state constitution.

42.     Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

2640476-1

43.     Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion, and labeling.

44.     To the extent that Plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

45.     Plaintiff cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs, because the remedy sought by Plaintiff is subject to the exclusive regulation of the FDA.

46.     This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

47.     Plaintiff did not detrimentally rely on any labeling, warnings, or information concerning Xarelto®.

48.     BHCP did not misrepresent or conceal any fact or warranties material to Plaintiff's treatment with Xarelto®.  Any opinions or commendations expressed by BHCP are not actionable as representations or warranties.

49.     Plaintiff's prescribing physicians did not rely on any alleged misrepresentations or concealment by BHCP in treating Plaintiff, or in states where the learned intermediary doctrine does not apply, Plaintiff did not rely on any alleged misrepresentations or concealment by BHCP.

50.     Applicable law does not recognize a post-sale duty to warn in the present circumstances.  Accordingly, to the extent that Plaintiff seeks recovery for any alleged breach of

a post-sale duty to warn, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

51.    Each item of economic loss alleged in the Complaint may have been or may be replaced or indemnified in whole or in part by collateral sources, and therefore is not recoverable in this action.

52.    To the extent that Plaintiff's Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

53.    To the extent that Plaintiff's claims have been settled or Plaintiff will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of BHCP, if any, should be reduced accordingly.

54.    Plaintiff's claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

55.    Plaintiff's claims for breach of warranty are barred, because Plaintiff failed to give timely notice of any alleged breach of warranty.

56.    BHCP did not sell or distribute Xarelto® to Plaintiff, and Plaintiff did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiff's claims for breach of warranty, express or implied, are barred by lack of privity between Plaintiff and BHCP.

57.    Plaintiff's claims for breach of warranty, express or implied, are barred by the applicable states' Uniform Commercial Code or other applicable law.

58.     Plaintiff fails to state a claim for express warranty because there was no affirmation of fact or promise made by BHCP relating to the product that was the basis of the bargain.

59.     Plaintiff's Complaint fails to state a claim for fraud, and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure 9(b).

60.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

61.     No act or omission of BHCP caused or contributed to Plaintiff's alleged injuries. Further, the Complaint fails to allege conduct by BHCP upon which an award of punitive or exemplary damages can be based.  No act or omission of BHCP qualifies Plaintiff to punitive damages under any applicable states' punitive damages laws.  No act or omission of BHCP was intentional, willful, wanton, oppressive, malicious, fraudulent and/or reckless, or done with reckless disregard for the safety of Plaintiff, or with conscious disregard and indifference to the rights, safety and welfare of Plaintiff, or evidencing that entire want of care which would raise the presumption of conscious indifference to the consequences.  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

62.     BHCP denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been or can be produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

63.     Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate BHCP's constitutional rights as

secured by the Fifth and Seventh Amendments to the United States Constitution and similar state constitutional provisions, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and similar state constitutional provisions, and the prohibition against excessive fines in the United States Constitution and similar state constitutional provisions, and would contravene other provisions of the United States Constitution and any applicable state constitution.

64.     Plaintiff cannot recover punitive or exemplary damages against BHCP, because such an award, which is penal in nature, would violate BHCP's constitutional rights under the United States Constitution and any applicable state constitution, unless BHCP is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

65.     Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution and similar state constitutional provisions, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

66.     Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

67.     With respect to Plaintiff's demand for punitive or exemplary damages, BHCP specifically reserves the right to assert any and all standards or limitations regarding the

determination and enforceability of punitive or exemplary damages awards under any state law that may be applicable to Plaintiff's claims, including, but not limited to, New Jersey law, including the provisions of the Punitive Damages Act, N.J.S.A. 2A:15-5.9 et seq., and/or any other applicable state law.  BHCP reserves the right to seek bifurcation of Plaintiff's punitive damages claims pursuant to any applicable law, including, but not limited to, N.J.S.A. 2A:15-5.13.

68.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the applicable states' law regarding punitive damages.

69.     Plaintiff's claims for non-economic damages is limited by applicable states' law on non-economic damages.

70.     Plaintiff's recovery, if any, is subject to the applicable states' limitations on damages.

71.     Plaintiff's claims for recovery are limited by any applicable states' statutory and common law limitations on awards, caps on recovery, and set-offs.

72.     Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest, post-judgment interest, successor liability, agency, or joint venture liability.

73.     Plaintiff's claims for costs, fees and/or interest are barred and/or limited for failure to comply with the requirements of the applicable states' law.

74.     Plaintiff's Complaint fails to state a claim for unlawful conduct under any applicable "consumer fraud law" and "consumer protection law," because BHCP completely complied with the applicable law in connection with the promotion of Xarelto®.

2640476-1

75.     Plaintiff's Complaint fails to state a claim for false or misleading business practices under any applicable "consumer fraud law" and "consumer protection law," because BHCP's promotion of Xarelto® was not false or misleading.

76.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred, in whole or in part, because the applicable "consumer fraud law" and "consumer protection law" are insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

77.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred, in whole or in part, because the applicable "consumer fraud law" and "consumer protection law" unconstitutionally burden interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

78.     Insofar as any applicable "consumer fraud law" and "consumer protection law" require exhaustion of administrative or other remedies, the claims asserted in the Complaint under the applicable "consumer fraud law" and "consumer protection law" should be stayed or dismissed because, on information and belief, Plaintiff has not exhausted those administrative or other remedies.

79.     Plaintiff's Complaint fails to properly plead Plaintiff's claims under any applicable "consumer fraud law" or "consumer protection law" with sufficient particularity.

80.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred because the Complaint does not allege proximate causation for Plaintiff's alleged injuries.

2640476-1

81.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent reliance is required.

82.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that knowledge or intent to deceive is required.

83.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that notice is required.

84.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that Plaintiff must have suffered an "ascertainable loss," i.e., an actual loss that is susceptible to reasonably precise calculation.

85.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that "actual damages" are required.

86.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that no private right of action is available.

87.     The claims asserted in the Complaint under any applicable "consumer fraud law" and "consumer protection law" are barred to the extent that under such law claims can only be brought with respect to transactions or conduct that occurred exclusively or primarily within the state and the transactions and conduct at issue occurred outside of the state.

88.     A prescription pharmaceutical is not a consumer product or transaction, or is otherwise not the type of product or transaction covered by the applicable state consumer protection and trade practices law, or consumer fraud law.

89.     Plaintiff's Complaint fails to state a claim under any applicable states' consumer protection law, consumer fraud law, and trade practices law.

90.     BHCP asserts any other rights or defenses accorded it under any applicable states' consumer protection law and trade practices law.

91.     If Plaintiff has filed bankruptcy during the relevant time period of the events alleged in the Complaint or file for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

92.     Plaintiff's actions should be dismissed to the extent Plaintiff has asserted the same claims in actions pending in other jurisdictions.

93.     Plaintiff's claims are barred by the doctrine of avoidable consequences.

94.     Xarelto® is not defective or unreasonably dangerous within the meaning of the Georgia Products Liability Act and common law.

95.     Plaintiff's claims are subject to the provisions, limitations, and defenses applicable to Georgia product liability actions, O.C.G.A. § 51-1-11 *et seq.*

96.     If Plaintiff, or any independent third party, has failed to preserve evidence, and as a result of such spoliation BHCP has been prejudiced, then Plaintiff's causes of action should be barred.

97.     Plaintiff's claim for non-economic damages is limited by applicable law.

98.     Plaintiff's recovery, if any, and BHCP's liability, if any, are subject to the provisions and limitations of O.C.G.A. § 51-12-30 *et seq.*

99.     Plaintiff's claims for breach of warranty are barred by the learned intermediary doctrine and/or because any alleged warranty was disclaimed.

100.    Plaintiff's claim for punitive damages against BHCP cannot be sustained under O.C.G.A. § 51-12-5.1(e)(1) to the extent that, before the entry of any judgment or award in this case, an award of punitive damages has been recovered from BHCP in a court of this state relating to Xarelto®.

101.    Plaintiff's claim for punitive damages against BHCP cannot be sustained because any award of punitive damages without bifurcating the trial and trying all punitive damages issues only if, and after, liability on the merits has been found, would violate BHCP's due process rights guaranteed by the United States and Georgia Constitutions, and would be improper under the common law and public policies of Georgia law.

102.    Some or all of Plaintiff's claims are barred, in whole or in part, by any prescription and/or peremption periods.

103.    Any claims for detrimental reliance are barred under Louisiana law.

104.    BHCP pleads the provisions and limitations of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq*. (the "LPLA"), and all the limitations and defenses set forth therein, including but not limited to, industry custom, technological feasibility, and compliance with standards and regulations.

105.    BHCP specifically pleads the applicability and exclusivity of the LPLA, and specifically avers that Plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the LPLA.

106.    Plaintiff's claims are limited to those allowed under the LPLA, and Plaintiff's relief, if any, is limited to relief allowed under the LPLA.  Plaintiff's claims are barred by applicable provisions of the LPLA.

107.    Xarelto® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA.

108.    La. Rev. Stat. 9:2800.59 applies, and Xarelto® was designed, manufactured, packaged, labeled, sold and distributed in conformity with the then-existing reasonably available scientific and technological knowledge, and, therefore BHCP can have no liability in the premises.

109.    Plaintiff's compensatory damages, if any, are limited to those permitted under Louisiana Civil Code Article 2315.

110.    Under Louisiana Civil Code Articles 2323 and 2324, BHCP is not liable for more than its own degree of fault, if any, and is not solidarily liable with other persons or entities for damages attributable to the fault of such persons or entities.

111.    Under Louisiana Civil Code Article 2323, Plaintiff's claims are barred or limited by Plaintiff's own negligence, carelessness, and/or comparative fault, which was a direct and proximate cause of Plaintiff's injuries or damages, if any.

112.    With respect to each and every cause of action, Plaintiff is not entitled to relief to the extent that Plaintiff is unable to prove the identity of the manufacturer and/or supplier of the precise products used by Plaintiff.

113.    Plaintiff's demand for punitive damages is barred by the LPLA.

114.    BHCP adopts all defenses available under the law which governs the action.

115.    BHCP adopts and incorporates by reference all defenses pled by other defendants except to the extent that they are inconsistent with BHCP's defenses pled in this Answer.

2640476-1

116.    BHCP expressly reserves the right to amend this Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

**WHEREFORE**, BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

<u>JURY DEMAND</u>

BHCP hereby demands a trial by jury on all issues so triable.

February 17, 2016.

Respectfully submitted,

*/s/ John F. Olinde*
John F. Olinde, #1515
Peter J. Rotolo, III, #21848
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Email: olinde@chaffe.com
Email: rotolo@chaffe.com

Steven Glickstein
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-7910
Telephone: (212)836-8485
Email: steven.glickstein@kayescholer.com

William Hoffman
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Telephone: (202) 682-3550
Email: William.hoffman@kayescholer.com

2640476-1

Pamela J. Yates
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6048
Telephone: (310) 788-1278
Email: pamela.yates@kayescholer.com

Fred M. Haston, III
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8303
Email: thaston@babc.com

*ATTORNEYS FOR BAYER HEALTHCARE PHARMACEUTICALS INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ John F. Olinde*

2640476-1