**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| CONNIE ALLEN, JAIME AQUINO, RONALD ARNETT, SANDRA ARNOLD, EMILY BEATTY, LOWELL BELL, SHIRLEY BRAGG, BARBARA BUNCH, BILLY BURNSED, WILLIAM CASTLEBERRY, STEPHEN CHATELLE, KAREN COLLINS, SAMUEL CONCILLA, WILLIS CONNER, STEVEN DOSS, PATRICIA DUDGEON, TYRONE FINE, as Legal Representative of the ESTATE of JOYCE FINE , JERRY FLOYD, CLYDIA FONTENOT, KENNETH FREASE, KEVIN FREELS, as Legal Representative of the ESTATE of LEROY FREELS, JAMES FULLER, as Legal Representative of the ESTATE of EDNA FULLER , HAROLD GOANS, RUSSELL GREENE, THOMAS GREENWELL, LAMONA HAMILTON, WILBERT HAYES, CAROL HERING, ROSAMOND HEWIETT, GEORGE HICKS, THOMAS HOPKINS, BARBARA IEZZI, WILLIE JONES, DAVID KERR, ROY LEER, PALMA RUSS, as Legal Representative of the ESTATE of ROSINA LOMBARDI , BETTY LONG, MARY JANE MADDOX, THERESA MARINO, FRANCES MCANARNEY, HEATHER MCCOY, MARY MCKEE, ROSCOE MILLER, CAROLYN MILLS, THOMAS MUEHLENBECK, WILLIAM MYERS, SHARYN OVERMEYER, RITA PEPPER, JOSEPH POGUE, DORIS REPROGEL, DAVID SARGENT, as Legal Representative of the ESTATE of CATHERINE SARGENT, LENORE SCREEN, AGNES SEECH, GERALDINE STARKWEATHER, MARY STOKES, GLADYS THORNTON, DANIELLE THRONE, JACK TRANK, SARA TYSON, NANCY | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | JUDGE: ELDON E. FALLON<br><br>MAGISTRATE JUDGE: MICHAEL NORTH<br><br><br>Civil Action No: 2:15-cv-5282 (Severed from Lead Action No. 2:15-cv-004126)<br><br>JURY TRIAL DEMANDED |

1

2640685-1

**ULIBARRI, BARBARA WACKMAN,**       )
**MICHAEL WALSH, MATTIE**            )
**WILLIAMS, as Legal Representative of** )
**the ESTATE of MICHAEL WILLIAMS,**  )
**CARRIE WILLIAMS, NEIL**            )
**WILLIAMSON, AND LENA**             )
**WOODS,**                           )
      **Plaintiffs**                )
                                )
**v.**                              )
                                )
**JANSSEN RESEARCH &**               )
**DEVELOPMENT LLC, ET AL.**          )
      **Defendants**                )
_____     )

### ANSWER AND ADDITIONAL DEFENSES OF
### DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.
### TO PLAINTIFFS' JOINT COMPLAINT AS IT RELATES TO
### THE CLAIMS OF PLAINTIFF MARY MCKEE

Defendant Bayer HealthCare Pharmaceuticals Inc. ("BHCP") serves its Answer and

Additional Defenses to Plaintiffs' Joint Complaint (the "Complaint") as it relates to the claims of

Plaintiff Mary McKee (the "Plaintiff") and states as follows[1]:

### ANSWER TO
### PLAINTIFF SPECIFIC ALLEGATIONS

1.     No response is required as to the allegations contained in paragraph 1.  To the

extent a response is deemed required, BHCP denies that any of Plaintiff Connie Allen's alleged

injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1

and its subparagraphs, and therefore those allegations are denied.

---

[1] Pursuant to Pre-Trial Order No. 11 ("PTO 11"), BHCP files an individual answer to the Complaint as to the claims of Plaintiff  Mary McKee as Plaintiff Mary McKee has been selected as part of the bellwether discovery pool. Pursuant to PTO 11, BHCP's Omnibus Answer and Defenses is deemed as the operative answer and defenses for the remaining plaintiffs named in the Complaint.

2640685-1

2.      No response is required as to the allegations contained in paragraph 2.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Jamie Aquino's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 and its subparagraphs, and therefore those allegations are denied.

3.      No response is required as to the allegations contained in paragraph 3.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Ronald Arnett's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 and its subparagraphs, and therefore those allegations are denied.

4.      No response is required as to the allegations contained in paragraph 4.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Sandra Arnold's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and its subparagraphs, and therefore those allegations are denied.

5.      No response is required as to the allegations contained in paragraph 5.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Emily Beatty's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 and its subparagraphs, and therefore those allegations are denied.

6.      No response is required as to the allegations contained in paragraph 6.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Lowell Bell's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 and its subparagraphs, and therefore those allegations are denied.

7.      No response is required as to the allegations contained in paragraph 7.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Shirley Bragg's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 and its subparagraphs, and therefore those allegations are denied.

8.      No response is required as to the allegations contained in paragraph 8.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Barbara Bunch's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and its subparagraphs, and therefore those allegations are denied.

9.      No response is required as to the allegations contained in paragraph 9.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Billy Burnsed's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 and its subparagraphs, and therefore those allegations are denied.

10.      No response is required as to the allegations contained in paragraph 10.  To the extent a response is deemed required, BHCP denies that any of Plaintiff William Castleberry's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 and its subparagraphs, and therefore those allegations are denied.

2640685-1

11.     No response is required as to the allegations contained in paragraph 11.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Stephen Chatelle's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 and its subparagraphs, and therefore those allegations are denied.

12.     No response is required as to the allegations contained in paragraph 12.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Karen Collins' alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 and its subparagraphs, and therefore those allegations are denied.

13.     No response is required as to the allegations contained in paragraph 13.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Samuel Concilla's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 and its subparagraphs, and therefore those allegations are denied.

14.     No response is required as to the allegations contained in paragraph 14.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Willis Conner's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 and its subparagraphs, and therefore those allegations are denied.

15.     No response is required as to the allegations contained in paragraph 15.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Steven Doss' alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 and its subparagraphs, and therefore those allegations are denied.

16.     No response is required as to the allegations contained in paragraph 16.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Patricia Dudgeon's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 and its subparagraphs, and therefore those allegations are denied.

17.     No response is required as to the allegations contained in paragraph 17.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Joyce Fine's alleged injuries or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 and its subparagraphs, and therefore those allegations are denied.

18.     No response is required as to the allegations contained in paragraph 18.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Jerry Floyd's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 and its subparagraphs, and therefore those allegations are denied.

19.     No response is required as to the allegations contained in paragraph 19.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Clydia Fontenot's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 and its subparagraphs, and therefore those allegations are denied.

2640685-1

20.     No response is required as to the allegations contained in paragraph 20.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Kenneth Frease's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 and its subparagraphs, and therefore those allegations are denied.

21.     No response is required as to the allegations contained in paragraph 21.  To the extent a response is deemed required, BHCP denies that any of Plaintiff LeRoy Freels' alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 and its subparagraphs, and therefore those allegations are denied.

22.     No response is required as to the allegations contained in paragraph 22.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Edna Fuller's alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 and its subparagraphs, and therefore those allegations are denied.

23.     No response is required as to the allegations contained in paragraph 23.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Harold Goans' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 and its subparagraphs, and therefore those allegations are denied.

24.     No response is required as to the allegations contained in paragraph 24.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Russell Greene's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information

2640685-1

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 and its subparagraphs, and therefore those allegations are denied.

25.     No response is required as to the allegations contained in paragraph 25.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Thomas Greenwell's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 25 and its subparagraphs, and therefore those allegations are denied.

26.     No response is required as to the allegations contained in paragraph 26.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Lamona Hamilton's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 and its subparagraphs, and therefore those allegations are denied.

27.     No response is required as to the allegations contained in paragraph 27.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Wilbert Hayes' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 and its subparagraphs, and therefore those allegations are denied.

28.     No response is required as to the allegations contained in paragraph 28.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Carol Hering's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 and its subparagraphs, and therefore those allegations are denied.

29.     No response is required as to the allegations contained in paragraph 29.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Rosamond Hewiett's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 and its subparagraphs, and therefore those allegations are denied.

30.     No response is required as to the allegations contained in paragraph 30.  To the extent a response is deemed required, BHCP denies that any of Plaintiff George Hick's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 30 and its subparagraphs, and therefore those allegations are denied.

31.     No response is required as to the allegations contained in paragraph 31.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Thomas Hopkins' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 and its subparagraphs, and therefore those allegations are denied.

32.     No response is required as to the allegations contained in paragraph 32.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Barbara Iezzi's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 and its subparagraphs, and therefore those allegations are denied.

33.     No response is required as to the allegations contained in paragraph 33.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Willie Jones' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information

2640685-1

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 33 and its subparagraphs, and therefore those allegations are denied.

34.      No response is required as to the allegations contained in paragraph 34.  To the extent a response is deemed required, BHCP denies that any of Plaintiff David Kerr's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 and its subparagraphs, and therefore those allegations are denied.

35.      No response is required as to the allegations contained in paragraph 35.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Roy Leer's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 and its subparagraphs, and therefore those allegations are denied.

36.      No response is required as to the allegations contained in paragraph 36.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Rosina Lombardi's alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 and its subparagraphs, and therefore those allegations are denied.

37.      No response is required as to the allegations contained in paragraph 37.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Betty Long's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 and its subparagraphs, and therefore those allegations are denied.

38.     No response is required as to the allegations contained in paragraph 38.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Mary Jane Maddox's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 and its subparagraphs, and therefore those allegations are denied.

39.     No response is required as to the allegations contained in paragraph 39.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Theresa Marino's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 and its subparagraphs, and therefore those allegations are denied.

40.     No response is required as to the allegations contained in paragraph 40.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Frances McAnarney's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 and its subparagraphs, and therefore those allegations are denied.

41.     No response is required as to the allegations contained in paragraph 41.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Heather McCoy's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 and its subparagraphs, and therefore those allegations are denied.

42.     BHCP denies that any of Plaintiff Mary McKee's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations contained in paragraph 42 and its subparagraphs, and therefore those allegations are denied.

43.     No response is required as to the allegations contained in paragraph 43.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Roscoe Miller's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 and its subparagraphs, and therefore those allegations are denied.

44.     No response is required as to the allegations contained in paragraph 44.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Carolyn Mills' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 and its subparagraphs, and therefore those allegations are denied.

45.     No response is required as to the allegations contained in paragraph 45.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Thomas Muehlenbeck's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 and its subparagraphs, and therefore those allegations are denied.

46.     No response is required as to the allegations contained in paragraph 46.  To the extent a response is deemed required, BHCP denies that any of Plaintiff William Myers' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 and its subparagraphs, and therefore those allegations are denied.

47.     No response is required as to the allegations contained in paragraph 47.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Sharyn Overmeyer's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 and its subparagraphs, and therefore those allegations are denied.

48.     No response is required as to the allegations contained in paragraph 48.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Rita Pepper's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 and its subparagraphs, and therefore those allegations are denied.

49.     No response is required as to the allegations contained in paragraph 49.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Joseph Pogue's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 and its subparagraphs, and therefore those allegations are denied.

50.     No response is required as to the allegations contained in paragraph 50.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Doris Reprogel's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 and its subparagraphs, and therefore those allegations are denied.

51.     No response is required as to the allegations contained in paragraph 51.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Catherine Sargent's alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 and its subparagraphs, and therefore those allegations are denied.

52.     No response is required as to the allegations contained in paragraph 52.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Lenore Screen's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 and its subparagraphs, and therefore those allegations are denied.

53.     No response is required as to the allegations contained in paragraph 53.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Agnes Seech's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 and its subparagraphs, and therefore those allegations are denied.

54.     No response is required as to the allegations contained in paragraph 54.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Geraldine Starkweather's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 and its subparagraphs, and therefore those allegations are denied.

55.     No response is required as to the allegations contained in paragraph 55.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Mary Stokes' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 and its subparagraphs, and therefore those allegations are denied.

56.     No response is required as to the allegations contained in paragraph 56.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Gladys Thornton's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 and its subparagraphs, and therefore those allegations are denied.

57.     No response is required as to the allegations contained in paragraph 57.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Danielle Throne's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 and its subparagraphs, and therefore those allegations are denied.

58.     No response is required as to the allegations contained in paragraph 58.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Jack Trank's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 and its subparagraphs, and therefore those allegations are denied.

59.     No response is required as to the allegations contained in paragraph 59.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Sara Tyson's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 and its subparagraphs, and therefore those allegations are denied.

60.     No response is required as to the allegations contained in paragraph 60.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Nancy Ulibarri's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information

2640685-1

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 and its subparagraphs, and therefore those allegations are denied.

61.     No response is required as to the allegations contained in paragraph 61.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Barbara Wackman's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 and its subparagraphs, and therefore those allegations are denied.

62.     No response is required as to the allegations contained in paragraph 62.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Michael Walsh's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62 and its subparagraphs, and therefore those allegations are denied.

63.     No response is required as to the allegations contained in paragraph 63.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Michael Williams' alleged injuries and/or death were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 and its subparagraphs, and therefore those allegations are denied.

64.     No response is required as to the allegations contained in paragraph 64.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Carrie Williams' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64 and its subparagraphs, and therefore those allegations are denied.

2640685-1

65.     No response is required as to the allegations contained in paragraph 65.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Neil Williamson's alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65 and its subparagraphs, and therefore those allegations are denied.

66.     No response is required as to the allegations contained in paragraph 66.   To the extent a response is deemed required, BHCP denies that any of Plaintiff Lena Woods' alleged injuries were a result of the ingestion of Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 66 and its subparagraphs, and therefore those allegations are denied.

<u>ANSWER TO<br>PARTY DEFENDANTS</u>

67.     The allegations contained in paragraph 67 are not directed to BHCP, and therefore no response is required.

68.     The allegations contained in paragraph 68 are not directed to BHCP, and therefore no response is required.

69.     The allegations contained in paragraph 69 are not directed to BHCP, and therefore no response is required.

70.     The allegations contained in paragraph 70 are not directed to BHCP, and therefore no response is required.

71.     The allegations contained in paragraph 71 are not directed to BHCP, and therefore no response is required.

72.     The allegations contained in paragraph 72 are not directed to BHCP, and therefore no response is required.

2640685-1

73.     The allegations contained in paragraph 73 are not directed to BHCP, and therefore no response is required.

74.     The allegations contained in paragraph 74 are not directed to BHCP, and therefore no response is required.

75.     The allegations contained in paragraph 75 are not directed to BHCP, and therefore no response is required.

76.     The allegations contained in paragraph 76 are not directed to BHCP, and therefore no response is required.

77.     The allegations contained in paragraph 77 are not directed to BHCP, and therefore no response is required.

78.     The allegations contained in paragraph 78 are not directed to BHCP, and therefore no response is required.

79.     The allegations contained in paragraph 79 are not directed to BHCP, and therefore no response is required.

80.     The allegations contained in paragraph 80 are not directed to BHCP, and therefore no response is required.

81.     The allegations contained in paragraph 81 are not directed to BHCP, and therefore no response is required.

82.     The allegations contained in paragraph 82 are not directed to BHCP, and therefore no response is required.

83.     The allegations contained in paragraph 83 are not directed to BHCP, and therefore no response is required.

2640685-1

84.     The allegations contained in paragraph 84 are not directed to BHCP, and therefore no response is required.

85.     BHCP admits that BHCP is a Delaware corporation with its principal place of business in New Jersey.  BHCP denies the allegations contained in paragraph 85 to the extent not specifically admitted.

86.     BHCP admits that BHCP was formerly known as Berlex, Inc., which was formerly known as Berlex Laboratories, Inc., and that BHCP is the same corporate entity as Berlex, Inc. and Berlex Laboratories, Inc.  BHCP denies the allegations contained in paragraph 86 to the extent not specifically admitted.

87.     BHCP admits that BHCP had some involvement in certain aspects of the research and development of Xarelto®, also known as rivaroxaban.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP sold Xarelto®.  BHCP denies the allegations contained in paragraph 87 to the extent not specifically admitted.

88.     BHCP admits that BHCP has conducted business in various states, including Mississippi, the state where Plaintiff allegedly resides.  BHCP denies the allegations contained in paragraph 88 to the extent not specifically admitted.

89.     BHCP admits that BHCP has conducted business in various states, including Mississippi, the state where Plaintiff allegedly resides.  BHCP denies the allegations contained in paragraph 89 to the extent not specifically admitted.

90.     BHCP states that the allegations contained in paragraph 90 are vague and ambiguous.  As such, BHCP lacks knowledge or information sufficient to form a belief as to the

2640685-1

truth of the allegations contained in paragraph 90, and therefore the allegations contained in paragraph 90 are denied.  BHCP affirmatively states that BHCP has conducted business in various states, including Mississippi, the state where Plaintiff allegedly resides.

91.     BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, advertised, sold, or distributed Xarelto®.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"), pulmonary embolism ("PE"), and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 91 to the extent not specifically admitted.

92.     The allegations contained in paragraph 92 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG is a German company with its principal place of business in Germany. BHCP admits that Bayer Pharma AG is a pharmaceutical company.   BHCP denies the allegations contained in paragraph 92 to the extent not specifically admitted.

93.     The allegations contained in paragraph 93 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG was formerly known as Bayer Schering Pharma AG, which was formerly known as Schering AG, and that Bayer Pharma AG is the same corporate entity as Bayer

Schering Pharma AG and Schering AG.  BHCP denies the allegations contained in paragraph 93 to the extent not specifically admitted.

94.    The allegations contained in paragraph 94 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Schering AG was renamed Bayer Schering Pharma AG effective December 29, 2006. BHCP denies the allegations contained in paragraph 94 to the extent not specifically admitted.

95.    The allegations contained in paragraph 95 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Schering Pharma AG was renamed Bayer Pharma AG effective July 1, 2011.  BHCP denies the allegations contained in paragraph 95 to the extent not specifically admitted.

96.    The allegations contained in paragraph 96 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the research and development of Xarelto®, also known as rivaroxaban.  BHCP denies that Bayer Pharma AG sold or marketed Xarelto® in the United States.  BHCP denies the allegations contained in paragraph 96 to the extent not specifically admitted.

97.    The allegations contained in paragraph 97 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 97.

98.    The allegations contained in paragraph 98 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 98.

99. The allegations contained in paragraph 99 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 99.

100. The allegations contained in paragraph 100 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the design, research, and testing of Xarelto®. BHCP admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States. BHCP denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States. BHCP admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery. BHCP denies the allegations contained in paragraph 100 to the extent not specifically admitted.

101. The allegations contained in paragraph 101 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP admits that Bayer Corporation is a corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205. BHCP denies the allegations contained in paragraph 101 to the extent not specifically admitted.

102. The allegations contained in paragraph 102 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required,

22

2640685-1

BHCP denies the allegations contained in the first sentence in paragraph 102. BHCP states that all of the issued and outstanding shares of common stock of BHCP are owned by Schering Berlin Inc., that Schering Berlin Inc. is wholly owned by Bayer HealthCare Holdings LLC, and that the sole member of Bayer HealthCare Holdings LLC is Bayer Corporation. Because of the vagueness and ambiguity of the remaining allegations contained in paragraph 102, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore the remaining allegations contained in paragraph 102 are denied.

103. The allegations contained in paragraph 103 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP states that since January 1, 2003, Bayer Corporation has been a holding company that does not conduct operations. BHCP further states that before January 1, 2003, Bayer Corporation conducted operations through divisions. BHCP denies that Bayer Corporation researched, developed, designed, licensed, manufactured, distributed, sold or marketed Xarelto®, except that BHCP admits that a former division of Bayer Corporation, as it was configured before January 1, 2003, participated in the early development of Xarelto®. For a further response, BHCP states that relevant documentation regarding work relating to Xarelto® of such former division is now held by BHCP. BHCP denies the allegations contained in paragraph 103 to the extent not specifically admitted.

104. The allegations contained in paragraph 104 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 104.

105. The allegations contained in paragraph 105 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required,

BHCP admits that Bayer HealthCare LLC is a limited liability company formed in Delaware and that Bayer HealthCare LLC's principal place of business is in New Jersey.  BHCP admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  BHCP denies the allegations contained in paragraph 105 to the extent not specifically admitted.

106.    The allegations contained in paragraph 106 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer HealthCare LLC has conducted business in various states, including Mississippi, the state where Plaintiff allegedly resides.  BHCP denies the allegations contained in paragraph 106 to the extent not specifically admitted.

107.    The allegations contained in paragraph 107 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, the allegations contained in paragraph 107 are vague and ambiguous.  As such, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107, and therefore the allegations contained in paragraph 107 are denied.  BHCP affirmatively states that Bayer HealthCare LLC has conducted business in various states, including Mississippi, the state where Plaintiff allegedly resides.

108.    The allegations contained in paragraph 108 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 108.

109.    The allegations contained in paragraph 109 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required,

BHCP admits that Bayer HealthCare AG has its principal place of business in Germany.  BHCP denies the allegations contained in paragraph 109 to the extent not specifically admitted.

110.    The allegations contained in paragraph 110 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 110.

111.    The allegations contained in paragraph 111 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 111.

112.    The allegations contained in paragraph 112 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 112.

113.    The allegations contained in paragraph 113 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer AG is a German company with its headquarters in Leverkusen, North Rhine-Westphalia, Germany.  BHCP admits that at all relevant times since October 1, 2003, Bayer AG was a holding company and that the business areas conducted by its various direct and indirect subsidiaries included material science, crop science and healthcare, including pharmaceuticals.  BHCP denies the allegations contained in paragraph 113 to the extent not specifically admitted.

114.    The allegations contained in paragraph 114 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 114.

2640685-1

115.    The allegations contained in paragraph 115 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG and Bayer HealthCare AG are wholly owned by Bayer AG and that BHCP, Bayer Corporation, and Bayer HealthCare LLC are indirectly owned by Bayer AG.  BHCP denies the allegations contained in paragraph 115 to the extent not specifically admitted.

116.    The allegations contained in paragraph 116 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 116.

117.    The allegations contained in paragraph 117 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 117.

118.    The allegations contained in paragraph 118 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since October 1, 2003, at all relevant times, Bayer AG was a holding company that did not conduct operations.  BHCP further states that before January 1, 2003, Bayer AG conducted its pharmaceutical operations through a division.  BHCP denies that Bayer AG designed, researched, manufactured, tested, advertised, promoted, marketed, sold, or distributed Xarelto®, except that BHCP admits that a former division of Bayer AG, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  Relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer Pharma AG.  BHCP denies the allegations contained in paragraph 118 to the extent specifically admitted.

## ANSWER TO
## BACKGROUND

119.    BHCP denies the allegations contained in paragraph 119.

120.    The allegations contained in paragraph 120 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 120 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the development and testing of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, packaged, distributed, labeled, or sold Xarelto®.  BHCP denies the allegations contained in paragraph 120 to the extent not specifically admitted.

## ANSWER TO
## JURISDICTION AND VENUE

121.    To the extent that paragraph 121 states a legal conclusion, no response is required. To the extent a response is deemed required, BHCP admits that this Court has subject matter jurisdiction of Plaintiff's action under 28 U.S.C. §1332, that there is complete diversity of citizenship between Plaintiff and Defendants, and that Plaintiff claims more than $75,000.00 in damages.  BHCP denies any liability.

122.    To the extent that paragraph 122 states a legal conclusion, no response is required. To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 122.

123.    To the extent that paragraph 123 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 123 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 123 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information

27

sufficient to form a belief as to the truth of the allegations contained in paragraph 123 regarding the propriety of venue under 28 U.S.C. §1391, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 123.

124.    To the extent that paragraph 124 states a legal conclusion, no response is required. To the extent a response is deemed required, BHCP admits only that this action was filed in *In re: Xarelto (Rivaroxaban) Products Liability Litigation* for pretrial proceedings only, pursuant to Pretrial Order 11.  BHCP denies the allegations contained in paragraph 124 to the extent not specifically admitted.

<u>ANSWER TO</u>
<u>FACTUAL ALLEGATIONS</u>

125.    BHCP admits that Xarelto®, also known as rivaroxaban, is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff used Xarelto®, and therefore that allegation contained in paragraph 125 is denied.  BHCP denies the allegations contained in paragraph 125 to the extent not specifically admitted.

126.    The allegations contained in paragraph 126 are directed to BHCP and other entities collectively referred to as "Defendants."   BHCP is not answering the Complaint on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.

28

BHCP denies that BHCP designed, manufactured, advertised, sold, or distributed Xarelto®. BHCP denies the allegations contained in paragraph 126 to the extent not specifically admitted.

127.   The allegations contained in paragraph 127 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 127 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 127.

128.   The allegations contained in paragraph 128 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 128 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 128.

129.   The allegations contained in paragraph 129 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 129 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 129.

130.   The allegations contained in paragraph 130 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 130 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 130.

131.   The allegations contained in paragraph 131 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 131 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 131.

132.   The allegations contained in paragraph 132 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 132 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 132.

133.   BHCP denies the allegations contained in paragraph 133.

ANSWER TO
FACTUAL BACKGROUND

134.     The allegations contained in paragraph 134 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 134 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold, or distributed Xarelto®.  BHCP further admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 134 to the extent not specifically admitted.

135.     The allegations contained in paragraph 135 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 135 on behalf of any entity other than BHCP.   BHCP admits that on July 1, 2011, Xarelto®, also known as rivaroxaban, was approved by the FDA for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 135 to the extent not specifically admitted.

136.     The allegations contained in paragraph 136 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 136 on behalf of any entity other than BHCP.  BHCP admits that on November 4, 2011, Xarelto® was approved by the FDA to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial

fibrillation.  BHCP denies the allegations contained in paragraph 136 to the extent not specifically admitted.

137.    BHCP admits that on November 2, 2012, Xarelto® was approved by the FDA for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE, and that the Xarelto® labeling as of November 2012 reflected information regarding the indication for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and PE. BHCP denies the allegations contained in paragraph 137 to the extent not specifically admitted.

138.    The allegations contained in paragraph 138 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 138 on behalf of any entity other than BHCP.   BHCP admits that Xarelto® was first available for prescription in the United States in 2011, by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies the allegations contained in paragraph 138 to the extent not specifically admitted.

139.    BHCP admits that Xarelto® is an oral anticoagulant and a factor Xa inhibitor available by prescription.  BHCP further admits that Xarelto® is available in the following dosage: 20 mg tablets, 15 mg tablets, and 10 mg tablets.  BHCP denies the allegations contained in paragraph 139 to the extent not specifically admitted.

140.    BHCP admits that the Regulation of Coagulation in Orthopedic Surgery to Prevent Deep Venous Thrombosis and Pulmonary Embolism clinical trials (the "RECORD" clinical trials) were conducted and involved evaluating the use of Xarelto® for the prevention of venous thromboembolism in patients undergoing total knee replacement or total hip replacement.  The results of the RECORD clinical trials, in their entirety, speak for themselves.  The New England Journal of Medicine and Lancet articles referenced in paragraph

140, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 140 to the extent not specifically admitted.

141.   BHCP admits that the Rivaroxaban Once Daily Oral Direct Factor Xa Inhibition Compared with Vitamin K Antagonism for Prevention of Stroke and Embolism Trial in Atrial Fibrillation clinical trial (the "ROCKET AF" clinical trial) was conducted and involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The results of the ROCKET AF clinical trial, in their entirety, speak for themselves.  The New England Journal of Medicine article referenced in paragraph 141, in its entirety, speaks for itself.   BHCP denies the allegations contained in paragraph 141 to the extent not specifically admitted.

142.   BHCP admits that the clinical trial EINSTEIN-DVT was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of deep vein thrombosis in patients with confirmed acute symptomatic deep vein thrombosis without symptomatic pulmonary embolism.  BHCP admits that the clinical trial EINSTEIN-PE was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of pulmonary embolism in patients with confirmed acute symptomatic pulmonary embolism with or without symptomatic deep vein thrombosis.  BHCP admits that the clinical trial EINSTEIN-Extension was a comparative study conducted and that involved evaluating the use of Xarelto® for the long term prevention of recurrent symptomatic venous thromboembolism in patients with confirmed symptomatic deep vein thrombosis or pulmonary embolism and who had received prior treatment with Xarelto® or a vitamin K antagonist before clinical trial enrollment.  The results of the EINSTEIN-DVT, EINSTEIN-PE, and EINSTEIN-Extension clinical trials, in their entirety, speak for themselves.  The New England Journal of Medicine articles referenced in

paragraph 142, in their entirety, speak for themselves.  Plaintiff has cited an article entitled *Oral rivaroxaban after symptomatic venous thromboembolism: the continued treatment study*, from the Expert Review of Cardiovascular Therapy.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the accuracy of Plaintiff's characterization of that article, and therefore Plaintiff's characterization is denied. BHCP denies the allegations contained in paragraph 142 to the extent not specifically admitted.

143.    The allegations contained in paragraph 143 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 143 on behalf of any entity other than BHCP.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies Plaintiff's characterization of the promotional materials for Xarelto®.  BHCP denies the allegations contained in paragraph 143 to the extent not specifically admitted.

144.    The allegations contained in paragraph 144 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 144 on behalf of any entity other than BHCP.  BHCP admits that BHCP promoted Xarelto® consistent with the FDA-approved labeling.   BHCP denies Plaintiff's characterization of the marketing of Xarelto®. Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied. BHCP denies the allegations contained in paragraph 144 to the extent not specifically admitted.

145.    BHCP admits that Plaintiff has quoted selected excerpts from the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, regarding statements purportedly made by FDA reviewers regarding Xarelto®.  The October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, in its entirety, speaks for itself, and BHCP is not admitting the accuracy of any information or assertions in the QuarterWatch publication.  For a further response, the statements made by FDA reviewers regarding Xarelto®, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 145 to the extent not specifically admitted.

146.    BHCP admits that a specific reversal agent for Xarelto® is not available.  BHCP admits that the original Xarelto® label provided in the Overdosage section that a specific reversal agent for Xarelto® is not available.  BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.  BHCP denies the allegations contained in paragraph 146 to the extent not specifically admitted.

147.    The allegations contained in paragraph 147 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 147 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in the first sentence in paragraph 147.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in paragraph 147, and therefore the allegations contained in the second sentence in paragraph 147 are denied.

148.    The allegations contained in paragraph 148 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 148 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies

34

2640685-1

that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies the allegations contained in paragraph 148 to the extent not specifically admitted.

149.    The allegations contained in paragraph 149 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 149 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in the first sentence in paragraph 149.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in paragraph 149, and therefore the allegations contained in the second sentence in paragraph 149 are denied.

150.    The allegations contained in paragraph 150 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 150 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150, and therefore the allegations contained in paragraph 150 are denied.

151.    The allegations contained in paragraph 151 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 151 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 151.

152.    The allegations contained in paragraph 152 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 152 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 152.

153.    The allegations contained in paragraph 153 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 153 on behalf of any entity other than BHCP.  BHCP denies that the FDA Office of Prescription Drug Promotion ("OPDP") sent an untitled letter to BHCP regarding a print advertisement for Xarelto®.  For a

further response, BHCP states, on information and belief, that the OPDP sent an untitled letter to Johnson & Johnson International, Inc. on or about June 6, 2013.  BHCP denies the allegations contained in paragraph 153 regarding the contents of the letter from the OPDP regarding a print advertisement for Xarelto® to the extent that they are inconsistent with the language of the letter or omit portions of the letter.  The referenced OPDP letter, in its entirety, speaks for itself. BHCP denies the remaining allegations contained in paragraph 153.

154.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 154 regarding Plaintiff's awareness, and therefore that allegation contained in paragraph 154 is denied.  BHCP denies the remaining allegations contained in paragraph 154.

155.    The allegations contained in paragraph 155 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 155 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155 regarding any materials or information received by Plaintiff's prescribing physician, and therefore those allegations contained in paragraph 155 are denied.  BHCP denies the allegations contained in paragraph 155 to the extent not specifically admitted.

156.    The allegations contained in paragraph 156 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 156 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 156 to the extent not specifically admitted.

157.    The allegations contained in paragraph 157 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 157 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 157.  For a further response, BHCP states that the Medication Guide for Xarelto®, in its entirety, speaks for itself. BHCP further states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

158.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158, and therefore the allegations contained in paragraph 158 are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the

2640685-1

labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

159.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159, and therefore the allegations contained in paragraph 159 are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.   BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

160.   Plaintiff fails to identify the specific publication that Plaintiff purportedly quotes from in paragraph 160.  BHCP denies the allegations contained in paragraph 160.

161.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161, and therefore the allegations contained in paragraph 161 are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.   BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

162.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162, and therefore the allegations contained in paragraph 162 are denied.

163.    The allegations contained in paragraph 163 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 163 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 163.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.

164.    The allegations contained in paragraph 164 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 164 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 164, including all subparts.   For a further response, BHCP states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

165.    The allegations contained in paragraph 165 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 165 on behalf of any entity other than BHCP. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP labeled Xarelto®.   In response to the first sentence in paragraph 165, BHCP affirmatively states the original Xarelto® label was issued in July 2011, and has been supplemented at various times since then.   The Xarelto® labels, in their entirety, speak for themselves.   BHCP denies the allegations contained in paragraph 165 to the extent not specifically admitted.   BHCP further responds that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

2640685-1

166.    The allegations contained in paragraph 166 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 166 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 166.

167.    The allegations contained in paragraph 167 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 167 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 167.

168.    The allegations contained in paragraph 168 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 168 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 168.

169.    The allegations contained in paragraph 169 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 169 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 169.

170.    The allegations contained in paragraph 170 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 170 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 170.

171.     The allegations contained in paragraph 171 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 171 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 171.

172.    The allegations contained in paragraph 172 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 172 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 172.

ANSWER TO
COUNT I

173.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

174.    The allegations contained in paragraph 174 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 174 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the development and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, packaged, distributed, labeled, or sold Xarelto®.  BHCP denies the allegations contained in paragraph 174 to the extent not specifically admitted.

175.    BHCP denies the allegations contained in paragraph 175.

176.    BHCP denies the allegations contained in paragraph 176.

177.    The allegations contained in paragraph 177 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 177 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 177, and therefore those allegations are denied.

178.    The allegations contained in paragraph 178 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 178 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of

41

2640685-1

the development and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, packaged, distributed, labeled, or sold Xarelto®.  BHCP denies the allegations contained in paragraph 178, including all subparts, to the extent not specifically admitted.

179.   The allegations contained in paragraph 179 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 179 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 179.

180.   The allegations contained in paragraph 180 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 180 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 180.

<u>ANSWER TO</u>
<u>COUNT II</u>

181.   BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

182.   The allegations contained in paragraph 182 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 182 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the development and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, packaged, distributed, labeled, or sold Xarelto®.  BHCP denies the allegations contained in paragraph 182 to the extent not specifically admitted.

2640685-1

183.    The allegations contained in paragraph 183 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 183 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 183, and therefore those allegations are denied.

184.    The allegations contained in paragraph 184 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 184 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the development and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, packaged, distributed, labeled, or sold Xarelto®.  BHCP denies the allegations contained in paragraph 184, including all subparts, to the extent not specifically admitted.

185.    The allegations contained in paragraph 185 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 185 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 185.

<u>ANSWER TO</u>
<u>COUNT III</u>

186.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

187.    The allegations contained in paragraph 187 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 187 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 187.

188.    The allegations contained in paragraph 188 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 188 on behalf of any entity other than BHCP.  The allegations contained in paragraph 188 state conclusions of law to which no response is required.  To the extent that a response is required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP admits that BHCP had some involvement in certain aspects of the research, development, and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies that BHCP designed, manufactured, inspected, labeled, distributed, sold, or advertised Xarelto®.  BHCP denies the allegations contained in paragraph 188 to the extent not specifically admitted.

189.    The allegations contained in paragraph 189 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 189 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 189.

190.    The allegations contained in paragraph 190 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 190 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 190.

191.    The allegations contained in paragraph 191 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 191 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 191.

192.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192, and therefore those allegations are denied.

193.    BHCP denies that Xarelto® is defective and denies the remaining allegations contained in paragraph 193.

194.    The allegations contained in paragraph 194 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 194 on behalf of any entity other than BHCP.  The allegations contained in paragraph 194 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies that BHCP manufactured Xarelto®, and denies the remaining allegations contained in paragraph 194.

195.    The allegations contained in paragraph 195 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 195 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 regarding Plaintiff's knowledge and any alleged communications to Plaintiff's physician(s), and therefore those allegations are denied.  BHCP admits that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 195 to the extent not specifically admitted.

196.    The allegations contained in paragraph 196 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 196 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 196.

2640685-1

197.    The allegations contained in paragraph 197 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 197 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 197.

198.    The allegations contained in paragraph 198 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 198 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 198.

199.    The allegations contained in paragraph 199 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 199 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 199.

<u>ANSWER TO</u>
<u>COUNT IV</u>

200.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

201.    The allegations contained in paragraph 201 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 201 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 201.

202.    The allegations contained in paragraph 202 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 202 on behalf of any entity other than BHCP.  The allegations contained in paragraph 202 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and fit for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP

46

otherwise marketed or promoted Xarelto®.   For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.   BHCP denies that BHCP manufactured, distributed, supplied or sold Xarelto®.   BHCP denies the allegations contained in paragraph 202 to the extent not specifically admitted.

203.    The allegations contained in paragraph 203 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 203 on behalf of any entity other than BHCP.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 203, and therefore the allegations contained in paragraph 203 are denied.

204.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 204, and therefore those allegations are denied.

205.    The allegations contained in paragraph 205 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 205 on behalf of any entity other than BHCP.   BHCP denies the allegations contained in paragraph 205.

206.    BHCP denies the allegations contained in paragraph 206.

207.    The allegations contained in paragraph 207 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 207 on behalf of any entity other than BHCP.   BHCP denies the allegations contained in paragraph 207.

<u>ANSWER TO</u>
<u>COUNT V</u>

208.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

209.    The allegations contained in paragraph 209 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 209 on behalf of any

entity other than BHCP.  The allegations contained in paragraph 209 state conclusions of law to which no response is required.  To the extent that a response is required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®, including any duty with respect to the design, development, manufacture, testing, inspection, packaging, promotion, marketing, distribution, labeling, or sale of Xarelto®.  BHCP admits that BHCP had some involvement in certain aspects of the development and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®. BHCP denies that BHCP designed, manufactured, inspected, packaged, distributed, labeled, or sold Xarelto®.  BHCP denies the allegations contained in paragraph 209 to the extent not specifically admitted.

210.    The allegations contained in paragraph 210 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 210 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 210.

211.    The allegations contained in paragraph 211 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 211 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 211, including all subparts.

212.    The allegations contained in paragraph 212 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 212 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 212.

213.     The allegations contained in paragraph 213 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 213 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 213.

ANSWER TO
COUNT VI

214.     BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

215.     The allegations contained in paragraph 215 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 215 on behalf of any entity other than BHCP.  The allegations contained in paragraph 215 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and fit for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 215 to the extent not specifically admitted.

216.     The allegations contained in paragraph 216 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 216 on behalf of any entity other than BHCP.  The allegations contained in paragraph 216 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as fit, safe and

49

effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.   For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies the allegations contained in paragraph 216 to the extent not specifically admitted.

217.   The allegations contained in paragraph 217 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 217 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 217.

218.   The allegations contained in paragraph 218 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 218 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 218 about what "[m]embers of the medical community" or Plaintiff's physicians relied upon and whether that alleged reliance was reasonable, and therefore those allegations contained in paragraph 218 are denied. BHCP denies the remaining allegations contained in paragraph 218.

219.   The allegations contained in paragraph 219 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 219 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 219 about what Plaintiff relied upon, and therefore those allegations contained in paragraph 219 are denied. BHCP denies the remaining allegations contained in paragraph 219.

2640685-1

220.    The allegations contained in paragraph 220 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 220 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 220.

221.    The allegations contained in paragraph 221 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 221 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 221.

ANSWER TO<br>COUNT VII

222.    BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

223.    The allegations contained in paragraph 223 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 223 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 223.

224.    The allegations contained in paragraph 224 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 224 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 224.

225.    The allegations contained in paragraph 225 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 225 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 225.

226.    The allegations contained in paragraph 226 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 226 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 226.

227.     The   allegations   contained   in   paragraph   227   are   directed   to   Defendants collectively.  BHCP is not answering the allegations contained in paragraph 227 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 227.

228.     The   allegations   contained   in   paragraph   228   are   directed   to   Defendants collectively.  BHCP is not answering the allegations contained in paragraph 228 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 228.

229.     The   allegations   contained   in   paragraph   229   are   directed   to   Defendants collectively.  BHCP is not answering the allegations contained in paragraph 229 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 229.

ANSWER TO
COUNT VIII

230.     BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

231.     The   allegations   contained   in   paragraph   231   are   directed   to   Defendants collectively.  BHCP is not answering the allegations contained in paragraph 231 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 231.

232.     The   allegations   contained   in   paragraph   232   are   directed   to   Defendants collectively.  BHCP is not answering the allegations contained in paragraph 232 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 232.

233.     The   allegations   contained   in   paragraph   233   are   directed   to   Defendants collectively.  BHCP is not answering the allegations contained in paragraph 233 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 233.

234.    The allegations contained in paragraph 234 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 234 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 234.

235.    The allegations contained in paragraph 235 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 235 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 235.

236.    The allegations contained in paragraph 236 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 236 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 236.

237.    The allegations contained in paragraph 237 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 237 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 237.

238.    The allegations contained in paragraph 238 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 238 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 238.

239.    The allegations contained in paragraph 239 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 239 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 239.

240.    The allegations contained in paragraph 240 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 240 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 240.

ANSWER TO
COUNT IX

241.    Because Plaintiff Mary McKee does not allege a death from the alleged injuries, no response is required to COUNT IX of the Complaint.  To the extent a response is deemed required, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 241 to plead Count IX of the Complaint pursuant to unidentified states' laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

242.    Because Plaintiff Mary McKee does not allege a death from the alleged injuries, no response is required to COUNT IX of the Complaint.  To the extent a response is deemed required, BHCP denies that Plaintiff has valid claims, on behalf of any Estate, Plaintiff's Decedent's beneficiaries or otherwise, against BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 242, and therefore those allegations are denied.

243.    Because Plaintiff Mary McKee does not allege a death from the alleged injuries, no response is required to COUNT IX of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 243 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 243 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 243.

244.    Because Plaintiff Mary McKee does not allege a death from the alleged injuries, no response is required to COUNT IX of the Complaint.  To the extent a response is deemed

54

required, the allegations contained in paragraph 244 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 244 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 244.

<u>ANSWER TO</u>
<u>COUNT X</u>

245.    Because Plaintiff Mary McKee does not allege a death from the alleged injuries, no response is required to COUNT X of the Complaint.  To the extent a response is deemed required, BHCP incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiff's attempt in paragraph 245 to plead Count X of the Complaint pursuant to unidentified states' laws is legally sufficient.  BHCP denies any and all claims that Plaintiff may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiff's claims, and the laws of the states of Defendants' principal places of business and incorporation.

246.    Because Plaintiff Mary McKee does not allege a death from the alleged injuries, no response is required to COUNT X of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 246 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 246 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 246.

247.    Because Plaintiff Mary McKee does not allege a death from the alleged injuries, no response is required to COUNT X of the Complaint.  To the extent a response is deemed required, the allegations contained in paragraph 247 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 247 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 247.

## ANSWER TO
## PRAYER FOR RELIEF

BHCP denies the allegations contained in the unnumbered paragraph under the heading "Prayer for Relief" and its subparagraphs, and denies any wrongdoing whatsoever.  BHCP denies that it is liable to Plaintiff, either for damages, and/or any other relief or costs or attorneys' fees or interest in any amount whatsoever.

BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

All allegations of the Complaint not expressly admitted are denied.

## ANSWER TO
## DEMAND FOR JURY TRIAL

The paragraph under the heading "Demand for Jury Trial" contains no factual allegations and requires no response.  BHCP hereby demands a trial by jury on all issues so triable.

## DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to BHCP in this matter.  BHCP accordingly asserts these separate defenses. Upon completion of discovery, if the facts warrant, BHCP may withdraw any of these defenses as may be appropriate.  By setting forth these defenses, BHCP does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.   Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiff's allegations.  BHCP further reserves the right to amend its Answer and Defenses, and to assert additional defenses and other claims, as this matter proceeds.

2640685-1

Further answering, and by way of defenses, BHCP states as follows:

1.     Plaintiff's Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.

2.     The Court lacks personal jurisdiction over BHCP with respect to Plaintiff's claims.

3.     BHCP preserves lack of service of process or insufficiency of service of process to the extent BHCP has not been served properly either under the Federal Rules of Civil Procedure or under the alternative procedures for service of process stipulated by certain defendants in this Court.

4.     This Court is an improper venue for the trial of this action.

5.     This Court is not the proper forum for the trial of this action and is an inconvenient forum for the just adjudication of Plaintiff's claims.

6.     Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

7.     Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

8.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate Plaintiff's alleged damages.

9.     The acts and omissions of Plaintiff caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence.  Plaintiff's recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

2640685-1

10.     Plaintiff's recovery, if any, is barred or must be reduced by the applicable states' contributory negligence and/or comparative negligence law.

11.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

12.     Plaintiff's recovery, if any, against BHCP is subject to the applicable states' several or joint and several liability law.

13.     To the extent that BHCP is found jointly and severally liable, which is expressly denied, BHCP is entitled to contribution from other defendants and/or relies upon applicable states' law regarding contribution among tortfeasors.

14.     Plaintiff's Complaint may fail to join indispensable parties necessary for the just adjudication of this matter.

15.     If Plaintiff suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff.   Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's assumption of the risk.

16.     If the injuries claimed by Plaintiff were related to the use of Xarelto®, which is expressly denied, any such injuries were the result of an idiosyncratic or allergic reaction to Xarelto®.

17.     The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of BHCP was not the proximate and/or competent producing cause of such alleged injuries and damages.

18.     The injuries and damages claimed by Plaintiff, if any, are barred or must be reduced or apportioned, because those damages arose from the acts or omissions of persons or entities other than BHCP, for whom BHCP has no legal responsibility.

19.     The alleged injuries sustained by Plaintiff, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which BHCP has no legal responsibility.

20.     If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®.  Plaintiff's recovery is accordingly barred.

21.     The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including BHCP.

22.     Plaintiff's claims are barred, because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

23.     The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

24.     Plaintiff's Complaint fails to state a claim to the extent BHCP did not manufacture or distribute the product allegedly used by Plaintiff.

25.     BHCP owed no legal duty to Plaintiff because BHCP did not manufacture or distribute Xarelto®.

26.     Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion, and sale of Xarelto®, including, but not limited to, adequate warnings and

instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art. Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time. Plaintiff's recovery accordingly is barred.

27.     The methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of Xarelto®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package inserts and other literature, conformed to the applicable state of the art. Such conformity creates a rebuttable presumption that Xarelto® was not defective and that there was no negligence.

28.     Plaintiff's claims are barred, because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing, or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiff's recovery.

29.     The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

30.     Plaintiff's alleged damages were not caused by any failure to warn on the part of BHCP.

31.     Plaintiff's causes of action are or may be barred in whole or in part by Plaintiff's failure to assert a safer design for Xarelto®.

32.     Plaintiff's product liability causes of action are or may be barred because Xarelto® was consistent with or exceeded physician or consumer expectations.

33.     Plaintiff is barred from recovering any damages to the extent that there was no practical or technically feasible alternative design or formulation that would have prevented the

harm alleged by Plaintiff without substantially impairing the usefulness or intended purpose of Xarelto®.

34.    Plaintiff's claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts, including, but not limited to, the Restatement (Third) of Torts: Product Liability, § 6, comment f, and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

35.    Plaintiff's claims are or may be barred, in whole or in part, by the applicable states' products liability law.

36.    BHCP asserts all defenses available to it under any applicable states' products liability law.

37.    BHCP gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, BHCP intends to rely upon same in defense of this action.

38.    The prescription drug Xarelto® complied with the applicable product safety regulations promulgated by the FDA.  Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing, promotion, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiff's recovery is accordingly barred.

39.    The prescription drug Xarelto® complied with the applicable federal and/or state safety codes, statutes, rules, regulations or standards.  Compliance with such codes, statutes, rules, regulations and standards demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that BHCP is

entitled to a presumption that the product is neither defective nor unreasonably dangerous. Plaintiff's claims and any recovery are accordingly barred.

40.     Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

41.     Plaintiff's claims are barred, in whole or in part, because the commercial speech relating to Xarelto® is protected under the First Amendment and Fourteenth Amendment of the United States Constitution and the applicable state constitution.

42.     Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

43.     Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion, and labeling.

44.     To the extent that Plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

45.     Plaintiff cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs, because the remedy sought by Plaintiff is subject to the exclusive regulation of the FDA.

46.     This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

47.     Plaintiff did not detrimentally rely on any labeling, warnings, or information concerning Xarelto®.

48.     BHCP did not misrepresent or conceal any fact or warranties material to Plaintiff's treatment with Xarelto®.  Any opinions or commendations expressed by BHCP are not actionable as representations or warranties.

49.     Plaintiff's prescribing physicians did not rely on any alleged misrepresentations or concealment by BHCP in treating Plaintiff, or in states where the learned intermediary doctrine does not apply, Plaintiff did not rely on any alleged misrepresentations or concealment by BHCP.

50.     Applicable law does not recognize a post-sale duty to warn in the present circumstances.  Accordingly, to the extent that Plaintiff seeks recovery for any alleged breach of a post-sale duty to warn, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

51.     Each item of economic loss alleged in the Complaint may have been or may be replaced or indemnified in whole or in part by collateral sources, and therefore is not recoverable in this action.

52.     To the extent that Plaintiff's Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

53.     To the extent that Plaintiff's claims have been settled or Plaintiff will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of BHCP, if any, should be reduced accordingly.

54.     Plaintiff's claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

55.     Plaintiff's claims for breach of warranty are barred, because Plaintiff failed to give timely notice of any alleged breach of warranty.

56.     BHCP did not sell or distribute Xarelto® to Plaintiff, and Plaintiff did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiff's claims for breach of warranty, express or implied, are barred by lack of privity between Plaintiff and BHCP.

57.     Plaintiff's claims for breach of warranty, express or implied, are barred by the applicable states' Uniform Commercial Code or other applicable law.

58.     Plaintiff fails to state a claim for express warranty because there was no affirmation of fact or promise made by BHCP relating to the product that was the basis of the bargain.

59.     Plaintiff's Complaint fails to state a claim for fraud, and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure 9(b).

60.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

61.     No act or omission of BHCP caused or contributed to Plaintiff's alleged injuries. Further, the Complaint fails to allege conduct by BHCP upon which an award of punitive or exemplary damages can be based.  No act or omission of BHCP qualifies Plaintiff to punitive damages under any applicable states' punitive damages laws.  No act or omission of BHCP was grossly negligent, fraudulent, willful, wanton, reckless or with actual malice or evidences a

64

willful, wanton or reckless disregard for the safety of others.  Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

62.     BHCP denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been or can be produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

63.     Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate BHCP's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution and similar state constitutional provisions, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and similar state constitutional provisions, and the prohibition against excessive fines in the United States Constitution and similar state constitutional provisions, and would contravene other provisions of the United States Constitution and any applicable state constitution.

64.     Plaintiff cannot recover punitive or exemplary damages against BHCP, because such an award, which is penal in nature, would violate BHCP's constitutional rights under the United States Constitution and any applicable state constitution, unless BHCP is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

65.     Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution and similar state constitutional provisions, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

66.     Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

67.     With respect to Plaintiff's demand for punitive or exemplary damages, BHCP specifically reserves the right to assert any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under any state law that may be applicable to Plaintiff's claims, including, but not limited to, New Jersey law, including the provisions of the Punitive Damages Act, N.J.S.A. 2A:15-5.9 et seq., and/or any other applicable state law.  BHCP reserves the right to seek bifurcation of Plaintiff's punitive damages claims pursuant to any applicable law, including, but not limited to, N.J.S.A. 2A:15-5.13.

68.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the applicable states' law regarding punitive damages.

69.     Plaintiff's claims for non-economic damages is limited by applicable states' law on non-economic damages.

70.     Plaintiff's recovery, if any, is subject to the applicable states' limitations on damages.

71.     Plaintiff's claims for recovery are limited by any applicable states' statutory and common law limitations on awards, caps on recovery, and set-offs.

72.     Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest, post-judgment interest, or treble damages.

73.     Plaintiff's claims for costs, fees and/or interest are barred and/or limited for failure to comply with the requirements of the applicable states' law.

74.     Plaintiff's claims for equitable or declarative relief are barred because there is an adequate remedy at law.

75.     Count VII for "Consumer Fraud" fails to state a claim for unlawful conduct, because BHCP completely complied with the applicable law in connection with the promotion of Xarelto®.

76.     Count VII for "Consumer Fraud" fails to state a claim for false or misleading business practices, because BHCP's promotion of Xarelto® was not false or misleading.

77.     The claims asserted in Count VII for "Consumer Fraud" are barred, in whole or in part, because any "Consumer Fraud" law under which this Count is purportedly brought is insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

78.     The claims asserted in Count VII for "Consumer Fraud" are barred, in whole or in part, because any "Consumer Fraud" law under which this Count is purportedly brought unconstitutionally burdens interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

79.     Insofar as any "Consumer Fraud" law under which Count VII is purportedly brought requires exhaustion of administrative or other remedies, the claims asserted in Count VII should be stayed or dismissed because, on information and belief, Plaintiff has not exhausted those administrative or other remedies.

80.     Plaintiff's Complaint fails to properly plead Plaintiff's claims asserted in Count VII for "Consumer Fraud" with sufficient particularity.

81.     Plaintiff's claims asserted in Count VII for "Consumer Fraud" are barred because the Complaint does not allege proximate causation for Plaintiff's alleged injuries.

82.     Plaintiff's claims asserted in Count VII are barred to the extent reliance is required by any "Consumer Fraud" law under which this Count is purportedly brought.

83.     Plaintiff's claims asserted in Count VII are barred to the extent that knowledge or intent to deceive is required by any "Consumer Fraud" law under which this Count is purportedly brought.

84.     Plaintiff's claims asserted in Count VII are barred to the extent that notice is required by any "Consumer Fraud" law under which this Count is purportedly brought.

85.     Plaintiff's claims asserted in Count VII are barred to the extent that Plaintiff must have suffered an "ascertainable loss," i.e., an actual loss that is susceptible to reasonably precise calculation, under any "Consumer Fraud" law under which this Count is purportedly brought.

86.     Plaintiff's claims asserted in Count VII are barred to the extent that "actual damages" are required by any "Consumer Fraud" law under which this Count is purportedly brought.

87.     Plaintiff's claims asserted in Count VII are barred to the extent that no private right of action is available under any "Consumer Fraud" law under which this Count is purportedly brought.

88.     Plaintiff's claims asserted in Count VII are barred to the extent that any "Consumer Fraud" law under which Count VII is purportedly brought requires that claims can

only be brought with respect to transactions or conduct that occurred exclusively or primarily within the state and the transactions and conduct at issue occurred outside of the state.

89.     A prescription pharmaceutical is not a consumer product or transaction, or is otherwise not the type of product or transaction covered by any applicable state consumer protection and trade practices law, or consumer fraud law.

90.     Plaintiff's Complaint fails to state a claim under any applicable states' consumer protection law, consumer fraud law, and trade practices law.

91.     BHCP asserts any other rights or defenses accorded it under any applicable states' consumer protection law and trade practices law.

92.     If Plaintiff has filed bankruptcy during the relevant time period of the events alleged in the Complaint or file for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

93.     Plaintiff's actions should be dismissed to the extent Plaintiff has asserted the same claims in actions pending in other jurisdictions.

94.     BHCP adopts all defenses available to it under the Mississippi Civil Justice Reform Act, including but not limited to Miss. Code Ann. §§ 11-1-60, 11-1-63, 11-1-65 and 85-5-7.

95.     BHCP adopts all defenses available to it under the Mississippi Product Liability Act, Miss. Code Ann. § 11-1-63.

96.     Although it is denied that Plaintiff is entitled to judgment in any amount against it, BHCP would show that any judgment against it is limited to the applicable amount or percentage of its liability under the provisions of Miss. Code Ann. § 85-5-7.

97.     Plaintiff's recovery, if any, must be reduced, in whole or in part, pursuant to Miss. Code Ann. § 11-7-15.

98.     Plaintiff's Complaint seeks damages in excess of those permitted by law.

99.     BHCP denies making any express or implied warranties to Plaintiff.  Any and all warranties that may form a basis for Plaintiff's claims were adequately disclaimed.   In the alternative, Plaintiff failed to give timely notice of the breach of warranty claims, as required by Miss. Code Ann. § 75-2-607(3)(a), and Plaintiff is therefore barred from any recovery in this action.

100.    BHCP asserts any statutory or judicial protection from punitive or exemplary damages that is available under the applicable law, and any award of punitive or exemplary damages is barred.

101.    Some or all of Plaintiff's claims are barred, in whole or in part, by any prescription and/or peremption periods.

102.    Any claims for detrimental reliance are barred under Louisiana law.

103.    BHCP pleads the provisions and limitations of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq.* (the "LPLA"), and all the limitations and defenses set forth therein, including but not limited to, industry custom, technological feasibility, and compliance with standards and regulations.

70

104.    BHCP specifically pleads the applicability and exclusivity of the LPLA, and specifically avers that Plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the LPLA.

105.    Plaintiff's claims are limited to those allowed under the LPLA, and Plaintiff's relief, if any, is limited to relief allowed under the LPLA.   Plaintiff's claims are barred by applicable provisions of the LPLA.

106.    Xarelto® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA.

107.    La. Rev. Stat. 9:2800.59 applies, and Xarelto® was designed, manufactured, packaged, labeled, sold and distributed in conformity with the then-existing reasonably available scientific and technological knowledge, and, therefore BHCP can have no liability in the premises.

108.    Plaintiff's compensatory damages, if any, are limited to those permitted under Louisiana Civil Code Article 2315.

109.    Under Louisiana Civil Code Articles 2323 and 2324, BHCP is not liable for more than its own degree of fault, if any, and is not solidarily liable with other persons or entities for damages attributable to the fault of such persons or entities.

110.    Under Louisiana Civil Code Article 2323, Plaintiff's claims are barred or limited by Plaintiff's own negligence, carelessness, and/or comparative fault, which was a direct and proximate cause of Plaintiff's injuries or damages, if any.

111.    With respect to each and every cause of action, Plaintiff is not entitled to relief to the extent that Plaintiff is unable to prove the identity of the manufacturer and/or supplier of the precise products used by Plaintiff.

2640685-1

112.    Plaintiff's demand for punitive damages is barred by the LPLA.

113.    BHCP adopts all defenses available under the law which governs the action.

114.    BHCP adopts and incorporates by reference all defenses pled by other defendants except to the extent that they are inconsistent with BHCP's defenses pled in this Answer.

115.    BHCP expressly reserves the right to amend this Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

**WHEREFORE**, BHCP requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiff, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

<u>JURY DEMAND</u>

BHCP hereby demands a trial by jury on all issues so triable.

February 17, 2016.

                                        Respectfully submitted,

                                        */s/ John F. Olinde*
                                        John F. Olinde, #1515
                                        Peter J. Rotolo, III, #21848
                                        CHAFFE McCALL, L.L.P.
                                        2300 Energy Centre
                                        1100 Poydras Street
                                        New Orleans, Louisiana 70163-2300
                                        Telephone: (504) 585-7000
                                        Email: olinde@chaffe.com
                                        Email: rotolo@chaffe.com

                                        Steven Glickstein
                                        KAYE SCHOLER LLP
                                        250 West 55th Street
                                        New York, NY 10019-7910
                                        Telephone: (212)836-8485
                                        Email: steven.glickstein@kayescholer.com

William Hoffman
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Telephone: (202) 682-3550
Email: William.hoffman@kayescholer.com

Pamela J. Yates
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6048
Telephone: (310) 788-1278
Email: pamela.yates@kayescholer.com

Fred M. Haston, III
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8303
Email: thaston@babc.com

*ATTORNEYS FOR BAYER HEALTHCARE*
*PHARMACEUTICALS INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ John F. Olinde*

2640685-1