**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) | MDL No. 2592 |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | SECTION:  L |
| JAMES J. BRIEN, SR. AND ) | |
| DOLLY S. BRIEN, ) | JUDGE FALLON |
| Plaintiffs, ) | |
| ) | MAG. JUDGE NORTH |
| v. ) | |
| ) | C.A. No. 2:14-cv-02014-EEF-MBN |
| JANSSEN RESEARCH & DEVELOPMENT ) | |
| LLC F/K/A JOHNSON AND JOHNSON ) | JURY TRIAL DEMANDED |
| PHARMACEUTICAL RESEARCH AND ) | |
| DEVELOPMENT LLC, JANSSEN ORTHO LLC, ) | |
| JANSSEN PHARMACEUTICALS, INC. ) | |
| F/K/A JANSSEN PHARMACEUTICA INC. ) | |
| F/K/A ORTHO-MCNEIL-JANSSEN ) | |
| PHARMACEUTICALS, INC., BAYER ) | |
| HEALTHCARE PHARMACEUTICALS, INC., ) | |
| BAYER PHARMA AG, BAYER ) | |
| CORPORATION, BAYER HEALTHCARE LLC, ) | |
| BAYER HEALTHCARE AG, AND BAYER AG, ) | |
| Defendants. ) | |
| _____ ) | |

<u>**AMENDED ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT**</u>
<u>**BAYER HEALTHCARE PHARMACEUTICALS INC. TO**</u>
<u>**PLAINTIFFS' AMENDED COMPLAINT**</u>

Defendant Bayer HealthCare Pharmaceuticals Inc. ("BHCP") serves its Amended

Answer and Additional Defenses (the "Answer") to Plaintiffs' Amended Complaint (the

"Complaint") and states as follows:

<u>ANSWER TO</u>
<u>JURISDICTION AND VENUE</u>

1.     To the extent that paragraph 1 states a legal conclusion, no response is required.

To the extent a response is deemed required, BHCP admits that this Court has subject matter

jurisdiction of this action under 28 U.S.C. §1332, that there is complete diversity of citizenship, and that Plaintiffs claim more than $75,000.00 in damages.  BHCP denies any liability.

2.      To the extent that paragraph 2 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 2 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 2 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 regarding the propriety of venue under 28 U.S.C. § 1391, and therefore those allegations contained in paragraph 2 are denied.  BHCP affirmatively states that BHCP has conducted business in the state of Louisiana. BHCP denies the allegations contained in paragraph 2 to the extent not specifically admitted.

3.      To the extent that paragraph 3 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 3 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 3 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 3. BHCP affirmatively states that BHCP has conducted business in the state of Louisiana.

<u>ANSWER TO</u>
<u>NATURE OF THE CASE</u>

4.      BHCP denies that any of Plaintiff James J. Brien, Sr.'s alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4, and therefore the remaining allegations contained in paragraph 4 are denied.

5.      The allegations contained in paragraph 5 are directed to BHCP and other entities collectively referred to as "Defendants."  BHCP is not answering the Complaint on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of

2

the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold, or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 5 to the extent not specifically admitted.

6.      The allegations contained in paragraph 6 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 6 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 6.

7.      The allegations contained in paragraph 7 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 7 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 7.

8.      The allegations contained in paragraph 8 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 8 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 8.

9.      The allegations contained in paragraph 9 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 9 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 9.

10.     The allegations contained in paragraph 10 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 10 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 10.

11.     The allegations contained in paragraph 11 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 11 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 11.

2641182-1

12.     The allegations contained in paragraph 12 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 12 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 12.

ANSWER TO
PARTY PLAINTIFF

13.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff James J. Brien, Sr. is a citizen and resident of Assumption Parish, Louisiana, and therefore that allegation is denied.  BHCP denies that Plaintiff James J. Brien, Sr. suffered any injuries as a result of his alleged use of Xarelto®.

14.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff Dolly S. Brien is a citizen and resident of Assumption Parish, Louisiana, and therefore that allegation is denied.  BHCP denies that Plaintiff Dolly S. Brien suffered any injuries as a result of her husband's alleged use of Xarelto®.

15.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore the allegations contained in paragraph 15 are denied.

16.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16, and therefore the allegations contained in paragraph 16 are denied.

17.     BHCP denies that any of Plaintiff James J. Brien, Sr.'s alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff experienced a left cerebellar intraparenchymal hemorrhage for which he was hospitalized for two days at Thibodaux Regional Medical Center," and therefore that allegation is denied.  BHCP lacks knowledge or information

2641182-1

sufficient to form a belief as to the truth of the allegation that "he required therapy for several months due to his temporary paralysis of his left side and had to use a can to walk," and therefore that allegation is denied.  BHCP denies the allegations contained in paragraph 17.

18.     The allegations contained in paragraph 18 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 18 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 18.

<u>ANSWER TO</u>
<u>PARTY DEFENDANTS</u>

19.     The allegations contained in paragraph 19 are not directed to BHCP, and therefore no response is required.

20.     The allegations contained in paragraph 20 are not directed to BHCP, and therefore no response is required.

21.     The allegations contained in paragraph 21 are not directed to BHCP, and therefore no response is required.

22.     The allegations contained in paragraph 22 are not directed to BHCP, and therefore no response is required.

23.     The allegations contained in paragraph 23 are not directed to BHCP, and therefore no response is required.

24.     The allegations contained in paragraph 24 are not directed to BHCP, and therefore no response is required.

25.     The allegations contained in paragraph 25 are not directed to BHCP, and therefore no response is required.

26.     The allegations contained in paragraph 26 are not directed to BHCP, and therefore no response is required.

2641182-1

27.     The allegations contained in paragraph 27 are not directed to BHCP, and therefore no response is required.

28.     The allegations contained in paragraph 28 are not directed to BHCP, and therefore no response is required.

29.     The allegations contained in paragraph 29 are not directed to BHCP, and therefore no response is required.

30.     The allegations contained in paragraph 30 are not directed to BHCP, and therefore no response is required.

31.     The allegations contained in paragraph 31 are not directed to BHCP, and therefore no response is required.

32.     The allegations contained in paragraph 32 are not directed to BHCP, and therefore no response is required.

33.     The allegations contained in paragraph 33 are not directed to BHCP, and therefore no response is required.

34.     The allegations contained in paragraph 34 are not directed to BHCP, and therefore no response is required.

35.     The allegations contained in paragraph 35 are not directed to BHCP, and therefore no response is required.

36.     The allegations contained in paragraph 36 are not directed to BHCP, and therefore no response is required.

37.     BHCP admits that BHCP is a Delaware corporation with its principal place of business in New Jersey.  BHCP denies the allegations contained in paragraph 37 to the extent not specifically admitted.

38.     BHCP admits that BHCP was formerly known as Berlex, Inc., which was formerly known as Berlex Laboratories, Inc., and that BHCP is the same corporate entity as Berlex, Inc. and Berlex Laboratories, Inc.  BHCP denies the allegations contained in paragraph 38 to the extent not specifically admitted.

39.     BHCP admits that BHCP had some involvement in certain aspects of the research and development of Xarelto®, also known as rivaroxaban.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP sold Xarelto®.  BHCP denies the allegations contained in paragraph 39 to the extent not specifically admitted.

40.     BHCP admits that BHCP has conducted business in Louisiana.  BHCP denies the allegations contained in paragraph 40 to the extent not specifically admitted.

41.     BHCP admits that BHCP has conducted business in Louisiana.  BHCP denies the allegations contained in paragraph 41 to the extent not specifically admitted.

42.     The allegations contained in paragraph 42 are vague and ambiguous.  As such, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and therefore the allegations contained in paragraph 42 are denied.  BHCP affirmatively states that BHCP has conducted business in Louisiana.

43.     BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold, or distributed Xarelto®.  BHCP admits that Xarelto® is a factor

Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"), pulmonary embolism ("PE"), and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 43 to the extent not specifically admitted.

44.     The allegations contained in paragraph 44 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG is a German company with its principal place of business in Germany.  BHCP admits that Bayer Pharma AG is a pharmaceutical company.   BHCP denies the allegations contained in paragraph 44 to the extent not specifically admitted.

45.     The allegations contained in paragraph 45 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG was formerly known as Bayer Schering Pharma AG, which was formerly known as Schering AG, and that Bayer Pharma AG is the same corporate entity as Bayer Schering Pharma AG and Schering AG.  BHCP denies the allegations contained in paragraph 45 to the extent not specifically admitted.

46.     The allegations contained in paragraph 46 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Schering AG was renamed Bayer Schering Pharma AG effective December 29, 2006.  BHCP denies the allegations contained in paragraph 46 to the extent not specifically admitted.

47.     The allegations contained in paragraph 47 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits

8

that Bayer Schering Pharma AG was renamed Bayer Pharma AG effective July 1, 2011.  BHCP denies the allegations contained in paragraph 47 to the extent not specifically admitted.

48.     The allegations contained in paragraph 48 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the research and development of Xarelto®, also known as rivaroxaban.  BHCP denies that Bayer Pharma AG sold or marketed Xarelto® in the United States.  BHCP denies the allegations contained in paragraph 48 to the extent not specifically admitted.

49.     The allegations contained in paragraph 49 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 49.

50.     The allegations contained in paragraph 50 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 50.

51.     The allegations contained in paragraph 51 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 51.

52.     The allegations contained in paragraph 52 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the design, research, and testing of Xarelto®.  BHCP admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  BHCP denies that Bayer Pharma AG advertised, promoted,

marketed, sold, or distributed Xarelto® in the United States.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 52 to the extent not specifically admitted.

53.     The allegations contained in paragraph 53 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  BHCP denies the allegations contained in paragraph 53 to the extent not specifically admitted.

54.     The allegations contained in paragraph 54 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in the first sentence in paragraph 54.  BHCP states that all of the issued and outstanding shares of common stock of BHCP are owned by Schering Berlin Inc., that Schering Berlin Inc. is wholly owned by Bayer HealthCare Holdings LLC, and that the sole member of Bayer HealthCare Holdings LLC is Bayer Corporation.  Because of the vagueness and ambiguity of the remaining allegations contained in paragraph 54, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore the remaining allegations contained in paragraph 54 are denied.

55.     The allegations contained in paragraph 55 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since January 1, 2003, Bayer Corporation has been a holding company that does not conduct

2641182-1

operations.  BHCP further states that before January 1, 2003, Bayer Corporation conducted operations through divisions.  BHCP denies that Bayer Corporation researched, developed, designed, licensed, manufactured, distributed, sold or marketed Xarelto®, except that BHCP admits that a former division of Bayer Corporation, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  For a further response, BHCP states that relevant documentation regarding work relating to Xarelto® of such former division is now held by BHCP.   BHCP denies the allegations contained in paragraph 55 to the extent not specifically admitted.

56.     The allegations contained in paragraph 56 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 56.

57.     The allegations contained in paragraph 57 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer HealthCare LLC is a limited liability company formed in Delaware and that Bayer HealthCare LLC's principal place of business is in New Jersey.  BHCP denies the allegations contained in paragraph 57 to the extent not specifically admitted.

58.     The allegations contained in paragraph 58 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer HealthCare LLC has conducted business in Louisiana. BHCP denies the remaining allegations contained in paragraph 58.

59.     The allegations contained in paragraph 59 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, the allegations contained in paragraph 59 are vague and ambiguous.  As such, BHCP lacks knowledge or

11

information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and therefore the allegations contained in paragraph 59 are denied. BHCP affirmatively states that Bayer HealthCare LLC has conducted business in Louisiana.

60. The allegations contained in paragraph 60 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 60.

61. The allegations contained in paragraph 61 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP admits that Bayer HealthCare AG has its principal place of business in Germany. BHCP denies the allegations contained in paragraph 61 to the extent not specifically admitted.

62. The allegations contained in paragraph 62 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 62.

63. The allegations contained in paragraph 63 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 63.

64. The allegations contained in paragraph 64 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 64.

65. The allegations contained in paragraph 65 are not directed to BHCP, and therefore do not require a response of BHCP. To the extent a response is deemed required, BHCP admits that Bayer AG is a German company with its headquarters in Leverkusen, North Rhine-Westphalia, Germany. BHCP admits that at all relevant times since October 1, 2003, Bayer AG

2641182-1

was a holding company and that the business areas conducted by its various direct and indirect subsidiaries included material science, crop science and healthcare, including pharmaceuticals. BHCP denies the allegations contained in paragraph 65 to the extent not specifically admitted.

66.     The allegations contained in paragraph 66 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 66.

67.     The allegations contained in paragraph 67 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG and Bayer HealthCare AG are wholly owned by Bayer AG and that BHCP, Bayer Corporation, and Bayer HealthCare LLC are indirectly owned by Bayer AG. BHCP denies the allegations contained in paragraph 67 to the extent not specifically admitted.

68.     The allegations contained in paragraph 68 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 68.

69.     The allegations contained in paragraph 69 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 69.

70.     The allegations contained in paragraph 70 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since October 1, 2003, at all relevant times, Bayer AG was a holding company that did not conduct operations.  BHCP further states that before January 1, 2003, Bayer AG conducted its pharmaceutical operations through a division.   BHCP denies that Bayer AG designed, researched, manufactured, tested, advertised, promoted, marketed, sold, or distributed Xarelto®,

except that BHCP admits that a former division of Bayer AG, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  Relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer Pharma AG. BHCP denies the allegations contained in paragraph 70 to the extent not specifically admitted.

ANSWER TO<br>FACTUAL BACKGROUND

71.     The allegations contained in paragraph 71 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 71 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the testing of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, distributed, labeled, or sold Xarelto®.  BHCP further admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.   BHCP denies the allegations contained in paragraph 71 to the extent not specifically admitted.

72.     The allegations contained in paragraph 72 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 72 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 72.  BHCP is informed and believes that Janssen Research & Development, LLC, formerly known as Johnson and Johnson Pharmaceutical Research and Development, LLC, submitted NDA number 022406 for Xarelto® to the FDA in July 2008.

14

73.     BHCP admits that on July 1, 2011, Xarelto®, also known as rivaroxaban, was approved by the FDA for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP further admits that on November 4, 2011, Xarelto® was approved by the FDA to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  BHCP admits that on November 2, 2012, Xarelto® was approved by the FDA for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE.  BHCP denies the allegations contained in paragraph 73 to the extent not specifically admitted.

74.     The allegations contained in paragraph 74 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 74 on behalf of any entity other than BHCP.  BHCP denies that BHCP marketed Xarelto® directly to consumers, and denies that BHCP disseminated informational materials regarding Xarelto® to the consuming public. Plaintiffs fail to identify with specificity the "marketing and informational materials" referenced in paragraph 74.  BHCP denies the allegations contained in paragraph 74 regarding the contents of referenced marketing and informational materials regarding Xarelto® to the extent that they are inconsistent with the language of the referenced marketing and informational materials or omit portions of the referenced marketing and informational materials.   BHCP denies the allegations contained in paragraph 74 to the extent not specifically admitted.

75.     The allegations contained in paragraph 75 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 75 on behalf of any entity other than BHCP.   BHCP denies that the website referenced in the footnote to paragraph 75, http://www.xarelto-us.com/how-xarelto-works, is BHCP's website.  BHCP denies the allegations contained in paragraph 75 regarding the contents of that website to the extent that they are

inconsistent with the language of the website, or omit portions of the website.  The content of the website, in its entirety, speaks for itself.  BHCP denies the allegations contained in paragraph 75 to the extent not specifically admitted.

76.     The allegations contained in paragraph 76 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 76 on behalf of any entity other than BHCP.   BHCP denies that the website referenced in the footnote to paragraph 76, http://www.xarelto-us.com/dvt-pe/treatment-of-dvt-pe, is BHCP's website.   BHCP denies the allegations contained in paragraph 76 regarding the contents of that website to the extent that they are inconsistent with the language of the website, or omit portions of the website.  The content of the website, in its entirety, speaks for itself.  BHCP denies the allegations contained in paragraph 76 to the extent not specifically admitted.

77.     The allegations contained in paragraph 77 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 77 on behalf of any entity other than BHCP.   BHCP denies that the websites referenced in the footnote to paragraph 77, http://www.xarelto-us.com/dvt-pe/xarelto-difference#         and         http://www.xarelto-us.com/howxarelto-is-different, are BHCP's websites.  BHCP denies the allegations contained in paragraph 77 regarding the contents of those websites to the extent that they are inconsistent with the language of the websites or omit portions of the websites.  The content of each website, in its entirety, speaks for itself.  BHCP denies the allegations contained in paragraph 77 to the extent not specifically admitted.

78.     The allegations contained in paragraph 78 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 78 on behalf of any entity other than BHCP.   BHCP denies that the website referenced in the footnote to paragraph 78,

http://www.xarelto-us.com/knowing-your-stroke-risk, is BHCP's website.   BHCP denies the allegations contained in paragraph 78 regarding the contents of that website to the extent that they are inconsistent with the language of the website, or omit portions of the website.  The content of the website, in its entirety, speaks for itself.  BHCP denies the allegations contained in paragraph 78 to the extent not specifically admitted.

79.   BHCP denies the allegations contained in paragraph 79 as stated.  BHCP admits only that per the current labeling, Xarelto®, also known as rivaroxaban, "is a selective inhibitor of FXa. It does not require a cofactor (such as Anti-thrombin III) for activity. Rivaroxaban inhibits free FXa and prothrombinase activity. Rivaroxaban has no direct effect on platelet aggregation, but indirectly inhibits platelet aggregation induced by thrombin. By inhibiting FXa, rivaroxaban decreases thrombin generation."   BHCP denies the allegations contained in paragraph 79 to the extent not specifically admitted.

80.   The allegations contained in paragraph 80 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 80 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 80.

81.    The allegations contained in paragraph 81 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 81 on behalf of any entity other than BHCP.  Plaintiffs fail to identify with specificity the marketing materials referenced in paragraph 81.  BHCP denies the allegations contained in paragraph 81 regarding the contents of the referenced marketing materials regarding Xarelto® to the extent that they are inconsistent with the language of the referenced marketing materials, or omit portions of the referenced marketing materials.  BHCP denies the allegations contained in paragraph 81 to the extent not specifically admitted.

82.     The allegations contained in paragraph 82 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 82 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 82.  For a further response, BHCP states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

83.     BHCP admits that Plaintiffs have quoted selected excerpts from the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices.  BHCP is not admitting the accuracy of any information in the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices and identified by Plaintiffs in paragraph 83.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the referenced QuarterWatch report, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 83 to the extent not specifically admitted.

84.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding a statement purportedly made at an unidentified time by unidentified "FDA clinical reviewers," and therefore those allegations are denied.  BHCP admits that Plaintiffs have quoted selected excerpts from the FDA website referenced in the footnote to paragraph 84.  The content of the referenced website, in its entirety, must be considered.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the information contained in the referenced website, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 84 to the extent not specifically admitted.

85.     The allegations contained in paragraph 85 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 85 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 85.

86.     The allegations contained in paragraph 86 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 86 on behalf of any entity other than BHCP.   BHCP denies that BHCP placed an advertisement for Xarelto® in the January/February 2013 issue of WebMD magazine, and denies that the FDA Office of Prescription Drug Promotion sent an untitled letter to BHCP regarding a print advertisement for Xarelto®.  BHCP is informed and believes that the FDA Office of Prescription Drug Promotion sent an untitled letter to Johnson & Johnson International, Inc. on or about June 6, 2013.  BHCP denies the allegations contained in paragraph 86 regarding the contents of the letter from the FDA Office of Prescription Drug Promotion regarding a print advertisement for Xarelto® in the January/February 2013 issue of WebMD magazine to the extent that they are inconsistent with the language of the letter or omit portions of the letter.   The referenced FDA Office of Prescription Drug Promotion letter, in its entirety, speaks for itself.  BHCP denies the allegations contained in paragraph 86 to the extent not specifically admitted.

87.     The allegations contained in paragraph 87 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 87 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 87.

88.     The allegations contained in paragraph 88 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 88 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 88.

89.     The allegations contained in paragraph 89 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 89 on behalf of any entity other than BHCP.   BHCP denies the allegations contained in the first and second sentences in paragraph 89.   In paragraph 89 of Plaintiffs' Complaint, Plaintiffs apparently attempt to quote selected excerpts from an article published by Huffpost Healthy Living and referenced in the footnote to paragraph 89.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the referenced article, and therefore those allegations are denied.   BHCP denies the allegations contained in paragraph 89 to the extent not specifically admitted.

90.     The allegations contained in paragraph 90 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 90 on behalf of any entity other than BHCP.   BHCP denies the allegations contained in paragraph 90.

91.      BHCP admits that Plaintiffs have quoted selected excerpts from the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices.   BHCP is not admitting the accuracy of any information in the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices and identified by Plaintiffs in paragraph 91.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the referenced QuarterWatch report, and therefore those allegations are denied.   BHCP denies the allegations contained in paragraph 91 to the extent not specifically admitted.

92.     The allegations contained in paragraph 92 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 92 on behalf of any entity other than BHCP.   BHCP admits that Plaintiffs have quoted selected excerpts from the October 3,

2012, issue of QuarterWatch published by the Institute for Safe Medication Practices.  BHCP is not admitting the accuracy of any information in the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices and identified by Plaintiffs in paragraph 92.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the referenced QuarterWatch report, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 92 to the extent not specifically admitted.

93.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

94.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

95.     Plaintiffs fail to identify the specific publication that Plaintiffs purportedly quote from in paragraph 95.  BHCP denies the allegations contained in paragraph 95.

2641182-1

96.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

97.     The allegations contained in paragraph 97 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 97 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 97.

98.     The allegations contained in paragraph 98 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 98 on behalf of any entity other than BHCP.  BHCP denies that BHCP labeled Xarelto®.  Plaintiffs do not state with specificity the label they are referring to in paragraph 98.  The Xarelto® labels, in their entirety, speak for themselves.   BHCP admits that Plaintiffs have accurately quoted selected excerpts from Xarelto® labeling.   BHCP denies the allegations contained in paragraph 98 to the extent not specifically admitted.

99.     BHCP admits that Plaintiffs have accurately quoted from selected excerpts from the Xarelto® Label Revised 08/2013.  BHCP denies the allegations contained in paragraph 99 regarding the labeling for Xarelto® to the extent that they are inconsistent with the language of the labeling or omit portions of the labeling.  The Xarelto® labeling, in its entirety, speaks for itself.  For a further response, BHCP states that the labeling for Xarelto® provided appropriate

warnings regarding the risks associated with the use of Xarelto®.  BHCP denies the allegations contained in paragraph 99 to the extent not specifically admitted.

100.  The allegations contained in paragraph 100 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 100 on behalf of any entity other than BHCP.  BHCP admits that Plaintiffs have accurately quoted from selected excerpts from the Xarelto® Label Revised 08/2013.  BHCP denies the allegations contained in paragraph 100 regarding the labeling for Xarelto® to the extent that they are inconsistent with the language of the labeling or omit portions of the labeling.  The Xarelto® labeling, in its entirety, speaks for itself.  For a further response, BHCP states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.  BHCP denies the allegations contained in paragraph 100 to the extent not specifically admitted.

101.  The allegations contained in paragraph 101 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 101 on behalf of any entity other than BHCP.  BHCP denies that insufficient warnings or information were provided to healthcare professionals regarding Xarelto®.  BHCP further denies that BHCP issued the September 2013 Dear Healthcare Professional letter regarding Xarelto®.  The content of the September 2013 letter, in its entirety, speaks for itself.  BHCP denies the allegations contained in paragraph 101 regarding the contents of the September 2013 Dear Healthcare Professional letter regarding Xarelto® to the extent that they are inconsistent with the language of the letter or omit portions of the letter.  For a further response, BHCP states that the September 2013 Dear Healthcare Professional letter directed the healthcare professional to read the enclosed Prescribing Information and Medication Guide for a complete description of the risks associated with the use of Xarelto®, and that the enclosed Prescribing Information and Medication Guide

23

provided appropriate warnings and information regarding the risks associated with the use of Xarelto®.  BHCP denies the allegations contained in paragraph 101 to the extent not specifically admitted.

102.  The allegations contained in paragraph 102 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 102 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 102.

103.  The allegations contained in paragraph 103 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 103 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 103.

104.  The allegations contained in paragraph 104 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 104 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 104.

105.  The allegations contained in paragraph 105 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 105 on behalf of any entity other than BHCP.  BHCP denies that BHCP manufactured or distributed Xarelto®, and denies the remaining allegations contained in paragraph 105.

106.  The allegations contained in paragraph 106 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 106 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 106.  For a further response, BHCP states that BHCP appropriately promoted Xarelto® to a certain limited number of United States healthcare professionals as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  For a further response, BHCP states that BHCP provided

appropriate warnings regarding the risks associated with the use of Xarelto®. BHCP denies that BHCP marketed or promoted Xarelto® directly to consumers.

107. The allegations contained in paragraph 107 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 107 on behalf of any entity other than BHCP. BHCP admits that Plaintiffs have quoted selected excerpts from an article from drugwatch.com referenced in the footnote to paragraph 107. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the referenced article, and therefore those allegations are denied. BHCP denies the allegations contained in paragraph 107 to the extent not specifically admitted.

108. The allegations contained in paragraph 108 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 108 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 108.

109. BHCP is currently without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff James J. Brien, Sr., used Xarelto®, and therefore that allegation is denied. BHCP denies the allegations contained in paragraph 109.

110. The allegations contained in paragraph 110 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 110 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 110.

111. The allegations contained in paragraph 111 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 111 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 111.

2641182-1

**ANSWER TO**
**FIRST CAUSE OF ACTION AS AGAINST THE DEFENDANTS**
**(NEGLIGENCE)**

112.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

113.    The allegations contained in paragraph 113 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 113 on behalf of any entity other than BHCP.  The allegations contained in paragraph 113 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®, including any duty with respect to the design, research, manufacture, marketing, supply, promotion, packaging, sale, or distribution of Xarelto®.  BHCP admits that BHCP had some involvement in certain aspects of the research of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, supplied, packaged, sold, or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 113 to the extent not specifically admitted.

114.    The allegations contained in paragraph 114 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 114 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 114.

115.    The allegations contained in paragraph 115 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 115 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 115, including all subparts.

116.    The allegations contained in paragraph 116 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 116 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 116.

117.    The allegations contained in paragraph 117 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 117 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 117.

118.    The allegations contained in paragraph 118 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 118 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 118.

119.    The allegations contained in paragraph 119 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 119 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 119.

**ANSWER TO
SECOND CAUSE OF ACTION AS AGAINST THE DEFENDANTS
(STRICT PRODUCTS LIABILITY)**

120.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

121.    The allegations contained in paragraph 121 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 121 on behalf of any entity other than BHCP.   BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold, or distributed Xarelto®.  BHCP denies that BHCP has

27

recently acquired any Defendant that designed, researched, manufactured, tested, advertised, promoted, marketed, sold, or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 121 to the extent not specifically admitted.

122.    The allegations contained in paragraph 122 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 122 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold or distributed.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP produced, manufactured, sold, or distributed Xarelto®. BHCP denies the allegations contained in paragraph 122 to the extent not specifically admitted.

123.    BHCP denies the allegations contained in paragraph 123.

124.    The allegations contained in paragraph 124 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 124 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 124.

125.    The allegations contained in paragraph 125 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 125 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 125.

126.    The allegations contained in paragraph 126 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 126 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 126.

127.    The allegations contained in paragraph 127 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 127 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 127.

128.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128, and therefore the allegations contained in paragraph 128 are denied.

129.    The allegations contained in paragraph 129 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 129 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 129.

130.    The allegations contained in paragraph 130 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 130 on behalf of any entity other than BHCP.  The allegations contained in paragraph 130 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 130.

131.    The allegations contained in paragraph 131 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 131 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 131.

132.    The allegations contained in paragraph 132 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 132 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 132.

133.    The allegations contained in paragraph 133 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 133 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 133.

2641182-1

134.    The allegations contained in paragraph 134 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 134 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 134.

135.    BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 135.

136.    The allegations contained in paragraph 136 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 136 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 136.

137.    The allegations contained in paragraph 137 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 137 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 137.

138.    The allegations contained in paragraph 138 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 138 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 138.

139.    The allegations contained in paragraph 139 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 139 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 139.

140.    The allegations contained in paragraph 140 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 140 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 140.

141.    The allegations contained in paragraph 141 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 141 on behalf of any entity other than BHCP.   BHCP denies the allegations contained in paragraph 141.

142.    The allegations contained in paragraph 142 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 142 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 142.

ANSWER TO
THIRD CAUSE OF ACTION AS AGAINST THE DEFENDANTS
(LOUISIANA PRODUCT LIABILITY ACT) La. R.S. 9:2800.51, *et. seq.*

143.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

144.    BHCP denies the allegations contained in paragraph 144.

145.    The allegations contained in paragraph 145 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 145 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 145.

146.    The allegations contained in paragraph 146 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 146 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 146.

147.    The allegations contained in paragraph 147 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 147 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 147.

148.    BHCP denies the allegations contained in paragraph 148.

149.    The allegations contained in paragraph 149 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 149 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 149.

150.    The allegations contained in paragraph 150 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 150 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 150.

151.    The allegations contained in paragraph 151 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 151 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 151.

152.    The allegations contained in paragraph 152 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 152 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 152.

153.    The allegations contained in paragraph 153 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 153 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 153.

ANSWER TO
FOURTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS
(BREACH OF EXPRESS WARRANTY) La. R.S. 9:2800.58

154.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

155.    The allegations contained in paragraph 155 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 155 on behalf of any entity other than BHCP.  The allegations contained in paragraph 155 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with

32

the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 155 to the extent not specifically admitted.

156.   The allegations contained in paragraph 156 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 156 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 156.

157.   The allegations contained in paragraph 157 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 157 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 about what Plaintiffs relied upon, and therefore those allegations contained in paragraph 157 are denied.  BHCP denies the remaining allegations contained in paragraph 157.

158.   The allegations contained in paragraph 158 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 158 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 about what "[m]embers of the medical community, including physicians and other healthcare professionals" relied upon, and therefore those allegations contained in paragraph 158 are denied.  BHCP denies the remaining allegations contained in paragraph 158.

159.   The allegations contained in paragraph 159 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 159 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 159.

160.   The allegations contained in paragraph 160 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 160 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 160 to the extent not specifically admitted.

161.   The allegations contained in paragraph 161 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 161 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 161.

162.   The allegations contained in paragraph 162 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 162 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 162.

ANSWER TO
FIFTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS
(BREACH OF IMPLIED WARRANTIES) La. C.C. art. 2524

163.   BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

164.   The allegations contained in paragraph 164 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 164 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting

34

Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.   BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, or sold Xarelto®.  BHCP denies that BHCP has recently acquired any Defendant that manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, promoted, or sold Xarelto®.  BHCP denies the allegations contained in paragraph 164 to the extent not specifically admitted.

165.    The allegations contained in paragraph 165 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 165 on behalf of any entity other than BHCP.  The allegations contained in paragraph 165 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.   BHCP denies that BHCP otherwise marketed or promoted Xarelto®.   For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 165 to the extent not specifically admitted.

166.    The allegations contained in paragraph 166 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 166 on behalf of any entity other than BHCP.  The allegations contained in paragraph 166 state conclusions of law to

which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 166 to the extent not specifically admitted.

167.  The allegations contained in paragraph 167 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 167 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 167.

168.  The allegations contained in paragraph 168 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 168 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168 about what "Plaintiffs, and/or members of the medical community and/or healthcare professionals" relied upon, and therefore those allegations contained in paragraph 168 are denied.  BHCP denies the remaining allegations contained in paragraph 168.

169.  The allegations contained in paragraph 169 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 169 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169, and therefore the allegations contained in paragraph 169 are denied.

170.    The allegations contained in paragraph 170 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 170 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 170.

171.    The allegations contained in paragraph 171 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 171 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 171.

172.    The allegations contained in paragraph 172 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 172 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 172.

ANSWER TO
SIXTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS
(FRAUDULENT MISREPRESENTATION)

173.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

174.    The allegations contained in paragraph 174 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 174 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 174.

175.    The allegations contained in paragraph 175 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 175 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 175.

176.    The allegations contained in paragraph 176 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 176 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 176.

177.    The allegations contained in paragraph 177 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 177 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 177.

178.    The allegations contained in paragraph 178 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 178 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 178.

179.    The allegations contained in paragraph 179 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 179 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 179.

180.    The allegations contained in paragraph 180 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 180 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 180.

181.    The allegations contained in paragraph 181 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 181 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 181.

182.    The allegations contained in paragraph 182 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 182 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 182.

183.    The allegations contained in paragraph 183 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 183 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 183.

<u>ANSWER TO</u>
<u>SEVENTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS</u>
<u>(FRAUDULENT CONCEALMENT)</u>

184.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

185.    The allegations contained in paragraph 185 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 185 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 185.

186.    The allegations contained in paragraph 186 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 186 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 186.

187.    The allegations contained in paragraph 187 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 187 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 187, including all subparts.

188.    The allegations contained in paragraph 188 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 188 on behalf of any entity other than BHCP.   The allegations contained in paragraph 188 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies that Xarelto® was defective and denies the remaining allegations contained in paragraph 188.

189.    The allegations contained in paragraph 189 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 189 on behalf of any entity other than BHCP.    BHCP denies the allegations contained in paragraph 189.  BHCP denies that Xarelto® was defective.

2641182-1

190.    The allegations contained in paragraph 190 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 190 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 190.

191.    The allegations contained in paragraph 191 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 191 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 191.

192.    The allegations contained in paragraph 192 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 192 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 192.

193.    The allegations contained in paragraph 193 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 193 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 193.

<u>ANSWER TO</u>
<u>EIGHTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS</u>
<u>(NEGLIGENT MISREPRESENTATION)</u>

194.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

195.    The allegations contained in paragraph 195 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 195 on behalf of any entity other than BHCP.  The allegations contained in paragraph 195 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved

by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 195 to the extent not specifically admitted.

196.    The allegations contained in paragraph 196 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 196 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 196.

197.    The allegations contained in paragraph 197 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 197 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 197 to the extent not specifically admitted.

198.    The allegations contained in paragraph 198 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 198 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 198.

2641182-1

199.    The allegations contained in paragraph 199 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 199 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 199.

<u>ANSWER TO</u>
<u>NINTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS</u>
<u>(FRAUD AND DECEIT)</u>

200.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

201.    The allegations contained in paragraph 201 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 201 on behalf of any entity other than BHCP.  The allegations contained in paragraph 201 are nonsensical, vague, and ambiguous.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 201, and therefore the allegations contained in paragraph 201 are denied.

202.    The allegations contained in paragraph 202 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 202 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks

associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 202 to the extent not specifically admitted.

203.    The allegations contained in paragraph 203 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 203 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 203 to the extent not specifically admitted.

204.    The allegations contained in paragraph 204 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 204 on behalf of any entity other than BHCP.  The allegations contained in paragraph 204 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP further denies that BHCP deceived the public, Plaintiffs, Plaintiff James J. Brien, Sr.'s healthcare providers, or the FDA. BHCP denies the allegations contained in paragraph 204.

205.    The allegations contained in paragraph 205 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 205 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting

43

Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 205 to the extent not specifically admitted.

206.   The allegations contained in paragraph 206 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 206 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 206 to the extent not specifically admitted.

207.   The allegations contained in paragraph 207 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 207 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved

2641182-1

by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 207 to the extent not specifically admitted.

208.    The allegations contained in paragraph 208 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 208 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 208 to the extent not specifically admitted.

209.    The allegations contained in paragraph 209 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 209 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of

2641182-1

Xarelto® were provided.  BHCP denies the allegations contained in paragraph 209 to the extent not specifically admitted.

210.   The allegations contained in paragraph 210 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 210 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 210.

211.   The allegations contained in paragraph 211 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 211 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 211.

212.   The allegations contained in paragraph 212 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 212 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 212 to the extent not specifically admitted.

213.   The allegations contained in paragraph 213 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 213 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed

to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 213 to the extent not specifically admitted.

214.    The allegations contained in paragraph 214 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 214 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 214.

215.    The allegations contained in paragraph 215 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 215 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 215 to the extent not specifically admitted.

216.    The allegations contained in paragraph 216 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 216 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed

47

to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 216 to the extent not specifically admitted.

217.    The allegations contained in paragraph 217 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 217 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 217 to the extent not specifically admitted.

218.    The allegations contained in paragraph 218 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 218 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of

Xarelto® were provided.  BHCP denies the allegations contained in paragraph 218 to the extent not specifically admitted.

219.   The allegations contained in paragraph 219 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 219 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 219.

220.   The allegations contained in paragraph 220 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 220 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 220 to the extent not specifically admitted.

221.   The allegations contained in paragraph 221 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 221 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of

Xarelto® were provided.  BHCP denies the allegations contained in paragraph 221 to the extent not specifically admitted.

222.    The allegations contained in paragraph 222 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 222 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 222.

223.    The allegations contained in paragraph 223 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 223 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 223 to the extent not specifically admitted.

224.    The allegations contained in paragraph 224 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 224 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of

50

Xarelto® were provided.  BHCP denies the allegations contained in paragraph 224 to the extent not specifically admitted.

225.    The allegations contained in paragraph 225 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 225 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 225.

226.    The allegations contained in paragraph 226 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 226 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 226 regarding reliance by Plaintiffs and/or Plaintiff James J. Brien, Sr.'s respective healthcare professionals, and therefore those allegations contained in paragraph 226 are denied.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 226 to the extent not specifically admitted.  BHCP denies any and all wrongdoing implied by Plaintiffs in paragraph 226.

227.    The allegations contained in paragraph 227 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 227 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved

by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 227 to the extent not specifically admitted.

228.   The allegations contained in paragraph 228 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 228 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 228 to the extent not specifically admitted.

229.   The allegations contained in paragraph 229 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 229 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of

Xarelto® were provided.  BHCP denies the allegations contained in paragraph 229 to the extent not specifically admitted.

230.    The allegations contained in paragraph 230 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 230 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 230.

231.    The allegations contained in paragraph 231 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 231 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 231.

<u>ANSWER TO</u>
<u>TENTH CAUSE OF ACTION: LOSS OF CONSORTIUM</u>

232.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

233.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 233, and therefore the allegations contained in paragraph 233 are denied.

234.    The allegations contained in paragraph 234 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 234 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 234.

235.    The allegations contained in paragraph 235 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 235 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 235.

236.    BHCP denies the allegations contained in paragraph 236.

ANSWER TO
ELEVENTH CAUSE OF ACTION: VIOLATION OF UNFAIR TRADE PRACTICES
AND CONSUMER PROTECTION LAW § 51:1401, *et. seq.*

237.     BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

238.     The allegations contained in paragraph 238 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 238 on behalf of any entity other than BHCP.  The allegations contained in paragraph 238 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies that BHCP engaged in any unfair trade practices and denies that Plaintiffs are entitled to any relief under any statute alleged in paragraph 238.  BHCP denies the allegations contained in paragraph 238.

239.     The allegations contained in paragraph 239 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 239 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 239.

240.     The allegations contained in paragraph 240 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 240 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 240.

241.     The allegations contained in paragraph 241 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 241 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 241.

242.     The allegations contained in paragraph 242 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 242 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 242.

2641182-1

243.    The allegations contained in paragraph 243 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 243 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 243.

244.    The allegations contained in paragraph 244 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 244 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 244.

245.    The allegations contained in paragraph 245 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 245 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 245.

246.    The allegations contained in paragraph 246 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 246 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 246.

ANSWER TO
TWELFTH CAUSE OF ACTION: REDHIBITION (La. C.C.P. 2520)

247.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

248.    The allegations contained in paragraph 248 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 248 on behalf of any entity other than BHCP.  The allegations contained in paragraph 248 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP

55

otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP manufactured or sold Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 248 to the extent not specifically admitted.

249.    BHCP denies the allegations contained in paragraph 249.

250.    The allegations contained in paragraph 250 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 250 on behalf of any entity other than BHCP.  The allegations contained in paragraph 250 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP manufactured or sold Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 250 to the extent not specifically admitted.

251.    The allegations contained in paragraph 251 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 251 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved

2641182-1

by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP manufactured or sold Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 251 to the extent not specifically admitted.

252.    BHCP denies the allegations contained in paragraph 252.

253.    The allegations contained in paragraph 253 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 253 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 253.

ANSWER TO
PRAYER FOR RELIEF

BHCP denies the allegations contained in the unnumbered paragraph following paragraph 253 and its subparagraphs, and denies any wrongdoing whatsoever.  BHCP denies that it is liable to Plaintiffs, either for damages, and/or any other relief or costs or attorneys' fees or interest in any amount whatsoever.

BHCP requests that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiffs, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

ANSWER TO
DEMAND FOR JURY TRIAL

The paragraph under the heading "Demand for Jury Trial" contains no factual allegations and requires no response.  BHCP hereby demands a trial by jury on all issues so triable.

All allegations of the Complaint not expressly admitted are denied.

57

## DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to BHCP in this matter.  BHCP accordingly asserts these separate defenses. Upon completion of discovery, if the facts warrant, BHCP may withdraw any of these defenses as may be appropriate.  By setting forth these defenses, BHCP does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.   Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiffs' allegations.  BHCP further reserves the right to amend its Answer and Defenses, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of defenses, BHCP states as follows:

1.      Plaintiffs' Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.

2.      BHCP preserves lack of service of process or insufficiency of service of process to the extent BHCP has not been served properly either under the Federal Rules of Civil Procedure or under the alternative procedures for service of process stipulated by certain defendants in this Court.

3.      Pursuant to Fed. R. Civ. P. 12(b)(3), BHCP asserts the defense of improper venue, as venue may be improper in this district.

4.      This Court may not be the proper forum, and may be an inconvenient forum, for the just adjudication of Plaintiffs' claims.

5.      Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

2641182-1

6. Plaintiffs' claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

7. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate Plaintiffs' alleged damages.

8. The acts and omissions of Plaintiffs caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence. Plaintiffs' recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

9. Plaintiffs' recovery, if any, is barred or must be reduced by the applicable states' contributory negligence and/or comparative negligence law.

10. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

11. Plaintiffs' recovery, if any, against BHCP is subject to the applicable states' several or joint and several liability law.

12. To the extent that BHCP is found jointly and severally liable, which is expressly denied, BHCP is entitled to contribution from other defendants and/or relies upon applicable states' law regarding contribution among tortfeasors.

13. Plaintiffs' Complaint may fail to join indispensable parties necessary for the just adjudication of this matter.

14. If Plaintiff James J. Brien, Sr. suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff James J. Brien, Sr. Plaintiffs' recovery accordingly is barred or should be reduced by Plaintiff James J. Brien, Sr.'s assumption of the risk.

15.     If the injuries claimed by Plaintiffs were related to the use of Xarelto®, which is expressly denied, any such injuries were the result of an idiosyncratic or allergic reaction to Xarelto®.

16.     The injuries and damages claimed by Plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of BHCP was not the proximate and/or competent producing cause of such alleged injuries and damages.

17.     The injuries and damages claimed by Plaintiffs, if any, are barred or must be reduced or apportioned, because those damages arose from the acts or omissions of persons or entities other than BHCP, for whom BHCP has no legal responsibility.

18.     The alleged injuries sustained by Plaintiff James J. Brien, Sr., if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which BHCP has no legal responsibility.

19.     If Plaintiffs sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®.  Plaintiffs' recovery is accordingly barred.

20.     The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including BHCP.

21.     Plaintiffs' claims are barred, because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

22.     The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

23.     Plaintiffs' Complaint fails to state a claim to the extent BHCP did not manufacture or distribute the product allegedly used by Plaintiff James J. Brien, Sr.

24.     BHCP owed no legal duty to Plaintiff James J. Brien, Sr. because BHCP did not manufacture or distribute Xarelto®.

25.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion, and sale of Xarelto®, including, but not limited to, adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art.  Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time. Plaintiffs' recovery accordingly is barred.

26.     The methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of Xarelto®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package inserts and other literature, conformed to the applicable state of the art.  Such conformity creates a rebuttable presumption that Xarelto® was not defective and that there was no negligence.

27.     Plaintiffs' claims are barred, because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing, or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiffs' recovery.

28.     The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and instructions.

29.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of BHCP.

30.     Plaintiffs' causes of action are or may be barred in whole or in part by Plaintiffs' failure to assert a safer design for Xarelto®.

31.     Plaintiffs' product liability causes of action are or may be barred because Xarelto® was consistent with or exceeded physician or consumer expectations.

32.     Plaintiffs are barred from recovering any damages to the extent that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by Plaintiffs without substantially impairing the usefulness or intended purpose of Xarelto®.

33.     Plaintiffs' claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts, including, but not limited to, the Restatement (Third) of Torts: Product Liability, § 6, comment f, and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

34.     Plaintiffs' claims are or may be barred, in whole or in part, by the applicable states' products liability law.

35.     BHCP asserts all defenses available to it under any applicable states' products liability law.

36.     BHCP gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, BHCP intends to rely upon same in defense of this action.

37.     The prescription drug Xarelto® complied with the applicable product safety regulations promulgated by the FDA.  Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing, promotion, and

sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiffs' recovery is accordingly barred.

38.     The prescription drug Xarelto® complied with the applicable federal and/or state safety codes, statutes, rules, regulations or standards.  Compliance with such codes, statutes, rules, regulations and standards demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that BHCP is entitled to a presumption that the product is neither defective nor unreasonably dangerous. Plaintiffs' claims and any recovery are accordingly barred.

39.     Any claims by Plaintiffs relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

40.     Plaintiffs' claims are barred, in whole or in part, because the commercial speech relating to Xarelto® is protected under the First Amendment and Fourteenth Amendment of the United States Constitution and the applicable state constitution.

41.     Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

42.     Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion, and labeling.

43.     To the extent that Plaintiffs' claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

2641182-1

44. Plaintiffs cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs, because the remedy sought by Plaintiffs is subject to the exclusive regulation of the FDA.

45. This Court should abstain from adjudicating Plaintiffs' claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

46. Plaintiffs did not detrimentally rely on any labeling, warnings, or information concerning Xarelto®.

47. BHCP did not misrepresent or conceal any fact or warranties material to Plaintiff James J. Brien, Sr.'s treatment with Xarelto®.  Any opinions or commendations expressed by BHCP are not actionable as representations or warranties.

48. Plaintiff James J. Brien, Sr.'s prescribing physicians did not rely on any alleged misrepresentations or concealment by BHCP in treating Plaintiff James J. Brien, Sr., or in states where the learned intermediary doctrine does not apply, Plaintiff James J. Brien, Sr. did not rely on any alleged misrepresentations or concealment by BHCP.

49. Applicable law does not recognize a post-sale duty to warn in the present circumstances.  Accordingly, to the extent that Plaintiffs seek recovery for any alleged breach of a post-sale duty to warn, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

50. Each item of economic loss alleged in the Complaint may have been or may be replaced or indemnified in whole or in part by collateral sources, and therefore is not recoverable in this action.

51.     To the extent that Plaintiffs' Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

52.     To the extent that Plaintiffs' claims have been settled or Plaintiffs will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of BHCP, if any, should be reduced accordingly.

53.     Plaintiffs' claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

54.     Plaintiffs' claims for breach of warranty are barred, because Plaintiffs failed to give timely notice of any alleged breach of warranty.

55.     BHCP did not sell or distribute Xarelto® to Plaintiff James J. Brien, Sr., and Plaintiff James J. Brien, Sr. did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiffs' claims for breach of warranty, express or implied, are barred by lack of privity between Plaintiff James J. Brien, Sr. and BHCP.

56.     Plaintiffs' claims for breach of warranty, express or implied, are barred by the applicable states' Uniform Commercial Code or other applicable law.

57.     Plaintiffs fail to state a claim for express warranty because there was no affirmation of fact or promise made by BHCP relating to the product that was the basis of the bargain.

58.     Plaintiffs' Complaint fails to state a claim for fraud, and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure 9(b).

59.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

60.     No act or omission of BHCP caused or contributed to Plaintiffs' alleged injuries. Further, the Complaint fails to allege conduct by BHCP upon which an award of punitive or exemplary damages can be based.  No act or omission of BHCP qualifies Plaintiffs to punitive damages under any applicable states' punitive damages laws.  Accordingly, Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

61.     BHCP denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been or can be produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

62.     Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate BHCP's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution and similar state constitutional provisions, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and similar state constitutional provisions, and the prohibition against excessive fines in the United States Constitution and similar state constitutional provisions, and would contravene other provisions of the United States Constitution and any applicable state constitution.

63.     Plaintiffs cannot recover punitive or exemplary damages against BHCP, because such an award, which is penal in nature, would violate BHCP's constitutional rights under the United States Constitution and any applicable state constitution, unless BHCP is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to

avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

64.     Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution and similar state constitutional provisions, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

65.     Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

66.     With respect to Plaintiffs' demand for punitive or exemplary damages, BHCP specifically reserves the right to assert any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under any state law that may be applicable to Plaintiffs' claims, including, but not limited to, New Jersey law, including the provisions of the Punitive Damages Act, N.J.S.A. 2A:15-5.9 et seq., and/or any other applicable state law.  BHCP reserves the right to seek bifurcation of Plaintiffs' punitive damages claims pursuant to any applicable law, including, but not limited to, N.J.S.A. 2A:15-5.13.

67.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the applicable states' law regarding punitive damages.

68.     Plaintiffs' claims for non-economic damages is limited by applicable states' law on non-economic damages.

69.     Plaintiffs' recovery, if any, is subject to the applicable states' limitations on damages.

70.     Plaintiffs' claims for recovery are limited by any applicable states' statutory and common law limitations on awards, caps on recovery, and set-offs.

71.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest or post-judgment interest.

72.     Plaintiffs' claims for costs, fees and/or interest are barred and/or limited for failure to comply with the requirements of the applicable states' law.

73.     Plaintiffs' claims for consortium-related damages are barred to the extent that any other claim contained in Plaintiffs' Complaint is or may be barred.

74.     If Plaintiffs have filed bankruptcy during the relevant time period of the events alleged in the Complaint or file for bankruptcy at some point in the future, the claims of Plaintiffs may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiffs, or, if not disclosed by Plaintiffs on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

75.     Plaintiffs' actions should be dismissed to the extent Plaintiffs have asserted the same claims in actions pending in other jurisdictions.

76.     Some or all of Plaintiffs' claims are barred, in whole or in part, by any prescription and/or peremption periods.

77.     Any claims for detrimental reliance are barred under Louisiana law.

78.     BHCP pleads the provisions and limitations of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq*. (the "LPLA"), and all the limitations and defenses set forth

therein, including but not limited to, industry custom, technological feasibility, and compliance with standards and regulations.

79.     BHCP specifically pleads the applicability and exclusivity of the LPLA, and specifically avers that Plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the LPLA.

80.     Plaintiffs' claims are limited to those allowed under the LPLA, and Plaintiffs' relief, if any, is limited to relief allowed under the LPLA.  Plaintiffs' claims are barred by applicable provisions of the LPLA.

81.     Xarelto® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA.

82.     La. Rev. Stat. 9:2800.59 applies, and Xarelto® was designed, manufactured, packaged, labeled, sold and distributed in conformity with the then-existing reasonably available scientific and technological knowledge, and, therefore BHCP can have no liability in the premises.

83.     Plaintiffs' compensatory damages, if any, are limited to those permitted under Louisiana Civil Code Article 2315.

84.     Under Louisiana Civil Code Articles 2323 and 2324, BHCP is not liable for more than its own degree of fault, if any, and is not solidarily liable with other persons or entities for damages attributable to the fault of such persons or entities.

85.     Under Louisiana Civil Code Article 2323, Plaintiffs' claims are barred or limited by Plaintiffs' own negligence, carelessness, and/or comparative fault, which was a direct and proximate cause of Plaintiffs' injuries or damages, if any.

86.     With respect to each and every cause of action, Plaintiffs are not entitled to relief to the extent that Plaintiffs are unable to prove the identity of the manufacturer and/or supplier of the precise products used by Plaintiff James J. Brien, Sr.

87.     Plaintiffs' demand for punitive damages is barred by the LPLA.

88.     Plaintiffs' Complaint fails to state a claim for unlawful conduct under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*., because BHCP completely complied with the applicable law in connection with the promotion of Xarelto®.

89.     Plaintiffs' Complaint fails to state a claim for misleading or unfair advertising or for deceptive business practices under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.,* because BHCP's promotion of Xarelto® was not misleading, unfair or deceptive.

90.     Plaintiffs' claims are barred in whole or in part because the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*., is insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

91.     Plaintiffs' claims are barred in whole or in part because the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.,* unconstitutionally burdens interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

92.     Plaintiffs' action should be stayed or dismissed because Plaintiffs have not exhausted the administrative remedies as required under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*.

93.     Any civil penalties and remedies that Plaintiffs seek are barred as excessive fines or penalties prohibited under the Eighth and Fourteenth Amendments to the United States Constitution and the excessive fines and/or penalties clause of the applicable state constitution.

94.     Plaintiffs' claims under the Louisiana Unfair Trade Practices and Consumer Protection Law are barred by the exclusivity provisions of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq*.

95.     BHCP asserts all defenses and limitations under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*.

96.     Plaintiffs' claims under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*., are barred to the extent that Plaintiffs' claims were brought more than one year after the alleged transaction or act which Plaintiffs allege gives rise to Plaintiffs' claim.

97.     BHCP did not breach any warranties created by law.  To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are barred for lack of privity with BHCP and/or for failure of Plaintiffs, or Plaintiffs' representative, to comply with all applicable requirements for a breach of warranty claim.

98.     BHCP did not sell or distribute the prescription drug Xarelto® to Plaintiff James J. Brien, Sr., and Plaintiff James J. Brien, Sr. did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiffs' claims are therefore barred by lack of privity between Plaintiff James J. Brien, Sr. and BHCP.

99.     BHCP specifically denies that Xarelto® contained any redhibitory defect.

100.     BHCP specifically pleads that Plaintiffs' redhibition claim is proscribed under La. C.C. P. Art. 2534.

101.     BHCP specifically pleads that it owes no warranty for anything sold to Plaintiffs that contained any defect, any such defect being specifically denied, that was known to Plaintiffs at the time of the sale or that should have been discovered by a reasonably prudent buyer.

102.     BHCP affirmatively pleads that it was not aware, at any relevant time, of the existence of any defect in anything sold to Plaintiffs.

103.     BHCP has no liability to Plaintiffs under any theory of redhibition because Plaintiffs cannot establish that Xarelto® could not be used or was too inconvenient to use.

104.     BHCP has no liability to Plaintiffs under any theory of redhibition because Plaintiffs cannot establish that Xarelto® was not fit for its ordinary use.

105.     BHCP has no liability to Plaintiffs under any theory of redhibition to the extent that Plaintiffs failed to tender any product allegedly sold by BHCP that allegedly contained a redhibitory defect and has not made an amicable demand upon BHCP.

106.     BHCP has no liability to Plaintiffs under any theory of redhibition to the extent that Plaintiffs have waived Plaintiffs' redhibition rights.

107.     BHCP adopts all defenses available under the law which governs the action.

108.     BHCP adopts and incorporates by reference all defenses pled by other defendants except to the extent that they are inconsistent with BHCP's defenses pled in this Answer.

109.     BHCP expressly reserves the right to amend this Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

**WHEREFORE**, BHCP requests that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiffs, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

JURY DEMAND

BHCP hereby demands a trial by jury on all issues so triable.

February 17, 2016.

Respectfully submitted,

*/s/ John F. Olinde*
John F. Olinde, #1515
Peter J. Rotolo, III, #21848
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Email: olinde@chaffe.com
Email: rotolo@chaffe.com

Steven Glickstein
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-7910
Telephone: (212)836-8485
Email: steven.glickstein@kayescholer.com

William Hoffman
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Telephone: (202) 682-3550
Email: William.hoffman@kayescholer.com

Pamela J. Yates
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6048
Telephone: (310) 788-1278
Email: pamela.yates@kayescholer.com

2641182-1

Fred M. Haston, III
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8303
Email: thaston@babc.com

*ATTORNEYS FOR BAYER HEALTHCARE
PHARMACEUTICALS INC.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2016, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to all attorneys of record.

*/s/ John F. Olinde*

2641182-1