## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | ) | **MDL No. 2592** |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | **SECTION:  L** |
| JOSEPH J. BOUDREAUX, JR. AND | ) | |
| LORETTA BOUDREAUX, | ) | **JUDGE FALLON** |
| Plaintiffs, | ) | |
| | ) | **MAG. JUDGE NORTH** |
| v. | ) | |
| | ) | **C.A. No. 2:14-cv-02720-EEF-MBN** |
| JANSSEN RESEARCH & DEVELOPMENT | ) | |
| LLC F/K/A JOHNSON AND JOHNSON | ) | **JURY TRIAL DEMANDED** |
| PHARMACEUTICAL RESEARCH AND | ) | |
| DEVELOPMENT LLC, JANSSEN ORTHO LLC, | ) | |
| JANSSEN PHARMACEUTICALS, INC. | ) | |
| F/K/A JANSSEN PHARMACEUTICA INC. | ) | |
| F/K/A ORTHO-MCNEIL-JANSSEN | ) | |
| PHARMACEUTICALS, INC., BAYER | ) | |
| HEALTHCARE PHARMACEUTICALS, INC., | ) | |
| BAYER PHARMA AG, BAYER | ) | |
| CORPORATION, BAYER HEALTHCARE LLC, | ) | |
| BAYER HEALTHCARE AG, AND BAYER AG, | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT
## BAYER PHARMA AG TO PLAINTIFFS' COMPLAINT

Defendant Bayer Pharma AG serves its Answer and Additional Defenses to Plaintiffs' Complaint (the "Complaint") and states as follows:

## ANSWER TO
## JURISDICTION AND VENUE

1. To the extent that paragraph 1 states a legal conclusion, no response is required. To the extent a response is deemed required, Bayer Pharma AG admits that this Court has subject matter jurisdiction of this action under 28 U.S.C. §1332, that there is complete diversity of citizenship, and that Plaintiffs claim more than $75,000.00 in damages.  Bayer Pharma AG denies any liability.

1

2.      To the extent that paragraph 2 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 2 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 2 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 regarding the propriety of venue under 28 U.S.C. § 1391, and therefore those allegations contained in paragraph 2 are denied.  Bayer Pharma AG denies the allegations contained in paragraph 2.

3.      To the extent that paragraph 3 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 3 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 3 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 3.

<u>ANSWER TO</u>
<u>NATURE OF THE CASE</u>

4.      Bayer Pharma AG denies that any of Plaintiff Joseph J. Boudreaux, Jr.'s alleged injuries were a result of the ingestion of Xarelto®.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4, and therefore the remaining allegations contained in paragraph 4 are denied.

5.      The allegations contained in paragraph 5 are directed at Bayer Pharma AG and other entities collectively referred to as "Defendants."  Bayer Pharma AG is not answering the Complaint on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG admits that Bayer Pharma AG participated in the design, research and testing of Xarelto®. Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in

2

Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States. Bayer Pharma AG denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States. For a further response, Bayer Pharma AG states that, prior to December 30, 2008, there was a German company named Bayer HealthCare AG (the "company named Bayer HealthCare AG that existed prior to December 30, 2008"). Bayer Pharma AG further states that, effective December 30, 2008, the company named Bayer HealthCare AG that existed prior to December 30, 2008 was merged into Bayer Schering Pharma AG, now known as Bayer Pharma AG, and ceased to exist. Bayer Pharma AG responds to allegations contained in the Complaint on its own behalf and as successor by merger to the company named Bayer HealthCare AG that existed prior to December 30, 2008. Bayer Pharma AG further states that effective January 5, 2009, a separate German company that was created in February 2008 was renamed Bayer HealthCare AG (the "company now named Bayer HealthCare AG"). References in the Complaint to "Bayer HealthCare AG" are understood by Bayer Pharma AG to be referring to the company now named Bayer HealthCare AG, and Bayer Pharma AG responds accordingly. Bayer Pharma AG denies the allegations contained in paragraph 5 to the extent not specifically admitted.

6.      The allegations contained in paragraph 6 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 6 on behalf of any entity other than Bayer Pharma AG. Bayer Pharma AG denies the allegations contained in paragraph 6.

7.      The allegations contained in paragraph 7 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 7 on behalf of any

2641214-1

entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 7.

8.      The allegations contained in paragraph 8 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 8 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 8.

9.      The allegations contained in paragraph 9 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 9 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 9.

10.      The allegations contained in paragraph 10 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 10 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 10.

11.      The allegations contained in paragraph 11 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 11 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 11.

<u>ANSWER TO<br>THE PARTY PLAINTIFF</u>

12.      Bayer Pharma AG denies that Plaintiff Joseph J. Boudreaux, Jr. suffered any injuries as a result of Plaintiff Joseph J. Boudreaux, Jr.'s alleged use of Xarelto®.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 12, and therefore the allegations contained in paragraph 12 are denied.

13.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore the allegations contained in paragraph 13 are denied.

14.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore the allegations contained in paragraph 14 are denied.

15.     The allegations contained in paragraph 15 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 15 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that any of Plaintiff Joseph J. Boudreaux, Jr.'s alleged injuries were a result of the use of Xarelto®.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding Plaintiff Joseph J. Boudreaux, Jr.'s alleged injuries, and therefore those allegations contained in paragraph 15 are denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 15.

16.     The allegations contained in paragraph 16 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 16 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 16.

<u>ANSWER TO</u>
<u>PARTY DEFENDANTS</u>

17.     The allegations contained in paragraph 17 are not directed to Bayer Pharma AG, and therefore no response is required.

2641214-1

18.     The allegations contained in paragraph 18 are not directed to Bayer Pharma AG, and therefore no response is required.

19.     The allegations contained in paragraph 19 are not directed to Bayer Pharma AG, and therefore no response is required.

20.     The allegations contained in paragraph 20 are not directed to Bayer Pharma AG, and therefore no response is required.

21.     The allegations contained in paragraph 21 are not directed to Bayer Pharma AG, and therefore no response is required.

22.     The allegations contained in paragraph 22 are not directed to Bayer Pharma AG, and therefore no response is required.

23.     The allegations contained in paragraph 23 are not directed to Bayer Pharma AG, and therefore no response is required.

24.     The allegations contained in paragraph 24 are not directed to Bayer Pharma AG, and therefore no response is required.

25.     The allegations contained in paragraph 25 are not directed to Bayer Pharma AG, and therefore no response is required.

26.     The allegations contained in paragraph 26 are not directed to Bayer Pharma AG, and therefore no response is required.

27.     The allegations contained in paragraph 27 are not directed to Bayer Pharma AG, and therefore no response is required.

28.     The allegations contained in paragraph 28 are not directed to Bayer Pharma AG, and therefore no response is required.

29.     The allegations contained in paragraph 29 are not directed to Bayer Pharma AG, and therefore no response is required.

30.     The allegations contained in paragraph 30 are not directed to Bayer Pharma AG, and therefore no response is required.

31.     The allegations contained in paragraph 31 are not directed to Bayer Pharma AG, and therefore no response is required.

32.     The allegations contained in paragraph 32 are not directed to Bayer Pharma AG, and therefore no response is required.

33.     The allegations contained in paragraph 33 are not directed to Bayer Pharma AG, and therefore no response is required.

34.     The allegations contained in paragraph 34 are not directed to Bayer Pharma AG, and therefore no response is required.

35.     The allegations contained in paragraph 35 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in New Jersey.  Bayer Pharma AG denies the allegations contained in paragraph 35 to the extent not specifically admitted.

36.     The allegations contained in paragraph 36 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. was formerly known as Berlex, Inc., which was formerly known as Berlex Laboratories, Inc., and that Bayer HealthCare Pharmaceuticals Inc. is the same corporate entity as Berlex, Inc. and Berlex

7

Laboratories, Inc.  Bayer Pharma AG denies the allegations contained in paragraph 36 to the extent not specifically admitted.

37.     The allegations contained in paragraph 37 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. had some involvement in certain aspects of the research and development of Xarelto®, also known as rivaroxaban.  Bayer Pharma AG further admits that Bayer HealthCare Pharmaceuticals Inc. had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that Bayer HealthCare Pharmaceuticals Inc. otherwise marketed or promoted Xarelto®.   Bayer Pharma AG denies that Bayer HealthCare Pharmaceuticals Inc. sold Xarelto®.  Bayer Pharma AG denies the allegations contained in paragraph 37 to the extent not specifically admitted.

38.     The allegations contained in paragraph 38 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38, and therefore the allegations contained in paragraph 38 are denied.

39.     The allegations contained in paragraph 39 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39, and therefore the allegations contained in paragraph 39 are denied.

40.     The allegations contained in paragraph 40 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, the allegations contained in paragraph 40 are vague and ambiguous.  As such, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and therefore the allegations contained in paragraph 40 are denied.

41.     The allegations contained in paragraph 41 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. had some involvement in certain aspects of the research and testing of Xarelto®.  Bayer Pharma AG further admits that Bayer HealthCare Pharmaceuticals Inc. had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that Bayer HealthCare Pharmaceuticals Inc. otherwise marketed or promoted Xarelto®.  Bayer Pharma AG denies that Bayer HealthCare Pharmaceuticals Inc. designed, manufactured, advertised, sold, or distributed Xarelto®.  Bayer Pharma AG admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"), pulmonary embolism ("PE"), and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  Bayer Pharma AG denies the allegations contained in paragraph 41 to the extent not specifically admitted.

42.     Bayer Pharma AG admits that Bayer Pharma AG is a German company with its principal place of business in Germany.  Bayer Pharma AG admits that Bayer Pharma AG is a

2641214-1

pharmaceutical company.  Bayer Pharma AG denies the allegations contained in paragraph 42 to the extent not specifically admitted.

43.     Bayer Pharma AG admits that Bayer Pharma AG was formerly known as Bayer Schering Pharma AG, which was formerly known as Schering AG, and that Bayer Pharma AG is the same corporate entity as Bayer Schering Pharma AG and Schering AG.  Bayer Pharma AG denies the allegations contained in paragraph 43 to the extent not specifically admitted.

44.     Bayer Pharma AG admits that Schering AG was renamed Bayer Schering Pharma AG effective December 29, 2006.  Bayer Pharma AG denies the allegations contained in paragraph 44 to the extent not specifically admitted.

45.     Bayer Pharma AG admits that Bayer Schering Pharma AG was renamed Bayer Pharma AG effective July 1, 2011.  Bayer Pharma AG denies the allegations contained in paragraph 45 to the extent not specifically admitted.

46.     Bayer Pharma AG admits that Bayer Pharma AG participated in the design, research, testing, and development of Xarelto®, also known as rivaroxaban.  Bayer Pharma AG denies that Bayer Pharma AG sold or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 46 to the extent not specifically admitted.

47.     Bayer Pharma AG denies the allegations contained in paragraph 47.

48.     Bayer Pharma AG denies the allegations contained in paragraph 48.

49.     Bayer Pharma AG denies the allegations contained in paragraph 49.

50.     Bayer Pharma AG admits that Bayer Pharma AG participated in the design, research, testing, and development of Xarelto®.  Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United

2641214-1

States.  Bayer Pharma AG denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States.  Bayer Pharma AG admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  Bayer Pharma AG denies the allegations contained in paragraph 50 to the extent not specifically admitted.

51.     The allegations contained in paragraph 51 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  Bayer Pharma AG denies the allegations contained in paragraph 51 to the extent not specifically admitted.

52.     The allegations contained in paragraph 52 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in the first sentence in paragraph 52.  Bayer Pharma AG states that all of the issued and outstanding shares of common stock of Bayer HealthCare Pharmaceuticals Inc. are owned by Schering Berlin Inc., that Schering Berlin Inc. is wholly owned by Bayer HealthCare Holdings LLC, and that the sole member of Bayer HealthCare Holdings LLC is Bayer Corporation.  Because of the vagueness and ambiguity of the remaining allegations contained in paragraph 52, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore the remaining allegations contained in paragraph 52 are denied.

11

53.     The allegations contained in paragraph 53 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG states that since January 1, 2003, Bayer Corporation has been a holding company that does not conduct operations.  Bayer Pharma AG further states that before January 1, 2003, Bayer Corporation conducted operations through divisions.  Bayer Pharma AG denies that Bayer Corporation researched, developed, designed, licensed, manufactured, distributed, sold or marketed Xarelto®, except that Bayer Pharma AG admits that a former division of Bayer Corporation, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  For a further response, Bayer Pharma AG states that relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer HealthCare Pharmaceuticals Inc.   Bayer Pharma AG denies the allegations contained in paragraph 53 to the extent not specifically admitted.

54.     The allegations contained in paragraph 54 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 54.

55.     The allegations contained in paragraph 55 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG admits that Bayer HealthCare LLC is a limited liability company formed in Delaware and that Bayer HealthCare LLC's principal place of business is in New Jersey.  Bayer Pharma AG denies the allegations contained in paragraph 55 to the extent not specifically admitted.

56.     The allegations contained in paragraph 56 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is

deemed required, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence in paragraph 56, and therefore those allegations contained in the first sentence in paragraph 56 are denied.  Bayer Pharma AG admits that all of the issued and outstanding shares of common stock of Bayer HealthCare Pharmaceuticals Inc. are owned by Schering Berlin Inc.  Bayer Pharma AG denies the remaining allegations contained in paragraph 56.

57.     The allegations contained in paragraph 57 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, the allegations contained in paragraph 57 are vague and ambiguous.  As such, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57, and therefore the allegations contained in paragraph 57 are denied.

58.     The allegations contained in paragraph 58 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG denies, on information and belief, the allegations contained in paragraph 58.

59.     The allegations contained in paragraph 59 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG admits that Bayer HealthCare AG has its principal place of business in Germany.  Bayer Pharma AG denies the allegations contained in paragraph 59 to the extent not specifically admitted.

2641214-1

60.    The allegations contained in paragraph 60 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 60.

61.    The allegations contained in paragraph 61 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 61.

62.    The allegations contained in paragraph 62 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 62.

63.    The allegations contained in paragraph 63 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG admits that Bayer AG is a German company with its headquarters in Leverkusen, North Rhine-Westphalia, Germany.  Bayer Pharma AG admits that at all relevant times since October 1, 2003, Bayer AG was a holding company and that the business areas conducted by its various direct and indirect subsidiaries included material science, crop science and healthcare, including pharmaceuticals.   Bayer Pharma AG denies the allegations contained in paragraph 63 to the extent not specifically admitted.

64.    The allegations contained in paragraph 64 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 64.

65.    The allegations contained in paragraph 65 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG admits that Bayer Pharma AG and Bayer HealthCare AG

14

are wholly owned by Bayer AG and that Bayer HealthCare Pharmaceuticals Inc., Bayer Corporation, and Bayer HealthCare LLC are indirectly owned by Bayer AG.  Bayer Pharma AG denies the allegations contained in paragraph 65 to the extent not specifically admitted.

66.     The allegations contained in paragraph 66 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 66.

67.     The allegations contained in paragraph 67 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 67.

68.     The allegations contained in paragraph 68 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG states that since October 1, 2003, at all relevant times, Bayer AG was a holding company that did not conduct operations.  Bayer Pharma AG further states that before January 1, 2003, Bayer AG conducted its pharmaceutical operations through a division.  Bayer Pharma AG denies that Bayer AG designed, researched, manufactured, tested, advertised, promoted, marketed, sold, or distributed Xarelto®, except that Bayer Pharma AG admits that a former division of Bayer AG, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  Relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 68 to the extent not specifically admitted.

<u>ANSWER TO</u>
<u>FACTUAL BACKGROUND</u>

69.     The allegations contained in paragraph 69 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 69 on behalf of any

entity other than Bayer Pharma AG.   Bayer Pharma AG admits that Bayer Pharma AG participated in the design, research and testing of Xarelto®.   Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.   Bayer Pharma AG denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States.   Bayer Pharma AG admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.   Bayer Pharma AG denies the allegations contained in paragraph 69 to the extent not specifically admitted.

70.     The allegations contained in paragraph 70 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 70 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG is informed and believes that Janssen Research & Development, LLC, formerly known as Johnson and Johnson Pharmaceutical Research and Development, LLC, submitted NDA number 022406 for Xarelto® to the FDA in July 2008.   Bayer Pharma AG denies the allegations contained in paragraph 70 to the extent not specifically admitted.

71.     The allegations contained in paragraph 71 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 71 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG admits that on July 1, 2011, Xarelto®, also known as rivaroxaban, was approved by the FDA for the prophylaxis of DVT which may

16

lead to PE in patients undergoing knee or hip replacement surgery.  Bayer Pharma AG denies the allegations contained in paragraph 71 to the extent not specifically admitted.

72.     The allegations contained in paragraph 72 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 72 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG admits that on November 4, 2011, Xarelto® was approved by the FDA to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  Bayer Pharma AG denies the allegations contained in paragraph 72 to the extent not specifically admitted.

73.     Bayer Pharma AG admits that on November 2, 2012, Xarelto® was approved by the FDA for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE, and that the Xarelto® labeling in the United States as of November 2012 reflected information regarding the indication for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and PE.  Bayer Pharma AG denies the allegations contained in paragraph 73 to the extent not specifically admitted.

74.     The allegations contained in paragraph 74 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 74 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG admits that Xarelto® was first available for prescription in the United States in 2011, by physicians in accordance with the labeling and prescribing information approved by the FDA.   Bayer Pharma AG denies the allegations contained in paragraph 74 to the extent not specifically admitted.

75.     Bayer Pharma AG admits that Xarelto® is an oral anticoagulant and a factor Xa inhibitor available in the United States by prescription.  Bayer Pharma AG further admits that Xarelto® is available in the United States in the following dosage: 20 mg tablets, 15 mg tablets,

2641214-1

and 10 mg tablets.  Bayer Pharma AG denies the allegations contained in paragraph 75 to the extent not specifically admitted.

76.     Bayer Pharma AG admits that the Regulation of Coagulation in Orthopedic Surgery to Prevent Deep Venous Thrombosis and Pulmonary Embolism clinical trials (the "RECORD" clinical trials) were conducted and involved evaluating the use of Xarelto® for the prevention of venous thromboembolism in patients undergoing total knee replacement or total hip replacement.  The results of the RECORD clinical trials, in their entirety, speak for themselves.  The New England Journal of Medicine and Lancet articles referenced in paragraph 76, in their entirety, speak for themselves.  Bayer Pharma AG denies the allegations contained in paragraph 76 to the extent not specifically admitted.

77.     Bayer Pharma AG admits that the Rivaroxaban Once Daily Oral Direct Factor Xa Inhibition Compared with Vitamin K Antagonism for Prevention of Stroke and Embolism Trial in Atrial Fibrillation clinical trial (the "ROCKET AF" clinical trial) was conducted and involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The results of the ROCKET AF clinical trial, in their entirety, speak for themselves.  The New England Journal of Medicine article referenced in paragraph 77, in its entirety, speaks for itself.   Bayer Pharma AG denies the allegations contained in paragraph 77 to the extent not specifically admitted.

78.     Bayer Pharma AG admits that the clinical trial EINSTEIN-DVT was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of deep vein thrombosis in patients with confirmed acute symptomatic deep vein thrombosis without symptomatic pulmonary embolism.  Bayer Pharma AG admits that the clinical trial EINSTEIN-PE was a comparative study conducted and that involved evaluating the use of

18

Xarelto® for the prevention of pulmonary embolism in patients with confirmed acute symptomatic pulmonary embolism with or without symptomatic deep vein thrombosis. Bayer Pharma AG admits that the clinical trial EINSTEIN-Extension was a comparative study conducted and that involved evaluating the use of Xarelto® for the long term prevention of recurrent symptomatic venous thromboembolism in patients with confirmed symptomatic deep vein thrombosis or pulmonary embolism and who had received prior treatment with Xarelto® or a vitamin K antagonist before clinical trial enrollment. The results of the EINSTEIN-DVT, EINSTEIN-PE, and EINSTEIN-Extension clinical trials, in their entirety, speak for themselves. The New England Journal of Medicine articles referenced in paragraph 78, in their entirety, speak for themselves. Plaintiffs have cited an article entitled *Oral rivaroxaban after symptomatic venous thromboembolism: the continued treatment study*, from the Expert Review of Cardiovascular Therapy. Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the accuracy of Plaintiffs' characterization of that article, and therefore Plaintiffs' characterization is denied. Bayer Pharma AG denies the allegations contained in paragraph 78 to the extent not specifically admitted.

79.     The allegations contained in paragraph 79 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 79 on behalf of any entity other than Bayer Pharma AG. Bayer Pharma AG denies that Bayer Pharma AG promoted Xarelto® in the United States. Bayer Pharma AG denies Plaintiffs' characterization of the promotional materials for Xarelto®. Bayer Pharma AG denies the remaining allegations contained in paragraph 79. For a further response, Bayer Pharma AG states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

2641214-1

80.     The allegations contained in paragraph 80 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 80 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG marketed Xarelto® in the United States.  Because Plaintiffs' allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations contained in paragraph 80 are denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 80.

81.     Bayer Pharma AG admits that Plaintiffs have quoted selected excerpts from the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, regarding statements purportedly made by FDA reviewers regarding Xarelto®.  The October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, in its entirety, speaks for itself, and Bayer Pharma AG is not admitting the accuracy of any information or assertions in the QuarterWatch publication.  For a further response, the statements made by FDA reviewers regarding Xarelto®, in their entirety, speak for themselves.  Bayer Pharma AG denies the allegations contained in paragraph 81 to the extent not specifically admitted.

82.     Bayer Pharma AG admits that a specific reversal agent for Xarelto® is not available.  Bayer Pharma AG admits that the original United States Xarelto® label provided in the Overdosage section that a specific reversal agent for Xarelto® is not available.  Bayer Pharma AG further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.  Bayer Pharma AG denies the allegations contained in paragraph 82 to the extent not specifically admitted.

2641214-1

83.     The allegations contained in paragraph 83 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 83 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG promoted or advertised Xarelto® in the United States, and denies the remaining allegations contained in the first sentence in paragraph 83.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in paragraph 83, and therefore the allegations contained in the second sentence in paragraph 83 are denied.

84.     The allegations contained in paragraph 84 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 84 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG marketed Xarelto® in the United States, and denies the remaining allegations contained in paragraph 84.

85.     The allegations contained in paragraph 85 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 85 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in the first sentence in paragraph 85 reference a website which Plaintiffs fail to identify, denying Bayer Pharma AG information it needs to fully assess Plaintiffs' allegations.  Therefore, Bayer Pharma AG denies the allegations contained in the first sentence in paragraph 85.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in paragraph 85, and therefore the allegations contained in the second sentence in paragraph 85 are denied.

86.     The allegations contained in paragraph 86 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 86 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 86 are vague, and in

2641214-1

addition Plaintiffs fail to identify Plaintiffs' source material which prevents Bayer Pharma AG from fully assessing the allegations.  Bayer Pharma AG therefore denies those allegations.  Bayer Pharma AG affirmatively states that Xarelto® sales data for the years 2012 and 2013 is publicly available.

87.  The allegations contained in paragraph 87 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 87 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that it marketed or advertised Xarelto® in the United States, and denies the remaining allegations contained in paragraph 87.

88.  The allegations contained in paragraph 88 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 88 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 88.

89.  The allegations contained in paragraph 89 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 89 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that the FDA Office of Prescription Drug Promotion ("OPDP") sent an untitled letter to Bayer Pharma AG regarding a print advertisement for Xarelto®.  For a further response, Bayer Pharma AG states, on information and belief, that the OPDP sent an untitled letter to Johnson & Johnson International, Inc. on or about June 6, 2013.  Bayer Pharma AG denies the allegations contained in paragraph 89 regarding the contents of the letter from the OPDP regarding a print advertisement for Xarelto® to the extent that they are inconsistent with the language of the letter or omit portions of the letter.  The referenced OPDP letter, in its entirety, speaks for itself.  Bayer Pharma AG denies the remaining allegations contained in paragraph 89.

22

2641214-1

90.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 90 regarding Plaintiffs' and/or Plaintiff Joseph J. Boudreaux, Jr.'s physician's awareness, and therefore that allegation contained in paragraph 90 is denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 90.

91.     The allegations contained in paragraph 91 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 91 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG promoted Xarelto® in the United States, and denies the remaining allegations contained in paragraph 91.

92.     The allegations contained in paragraph 92 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 92 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG marketed or promoted Xarelto® in the United States, and denies the remaining allegations contained in paragraph 92.

93.     The allegations contained in paragraph 93 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 93 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 93.  For a further response, Bayer Pharma AG states that the Medication Guide for Xarelto®, in its entirety, speaks for itself.  Bayer Pharma AG further states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

94.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94, and therefore the allegations contained in paragraph 94 are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed

to the event that is the subject of the MedWatch form.  Bayer Pharma AG further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

95.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95, and therefore the allegations contained in paragraph 95 are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  Bayer Pharma AG further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

96.     Plaintiffs fail to identify the specific publication that Plaintiffs purportedly quote from in paragraph 96.  Bayer Pharma AG denies the allegations contained in paragraph 96.

97.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97, and therefore the allegations contained in paragraph 97 are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  Bayer Pharma AG further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

98.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98, and therefore the allegations contained in paragraph 98 are denied.

99.     The allegations contained in paragraph 99 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 99 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 99.

100.    The allegations contained in paragraph 100 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 100 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG labeled Xarelto® in the United States, and denies the remaining allegations contained in paragraph 100, including all subparts.  For a further response, Bayer Pharma AG states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

101.    The allegations contained in paragraph 101 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 101 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG marketed or labeled Xarelto® in the United States, and denies the remaining allegations contained in paragraph 101.

102.    The allegations contained in paragraph 102 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 102 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 102.

103.     The allegations contained in paragraph 103 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 103 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 103.

104.     The allegations contained in paragraph 104 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 104 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 104.

105.     The allegations contained in paragraph 105 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 105 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 105.

106.     The allegations contained in paragraph 106 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 106 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 106.

107.     The allegations contained in paragraph 107 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 107 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 107.

108.     The allegations contained in paragraph 108 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 108 on

behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 108.

ANSWER TO
FIRST CAUSE OF ACTION AS AGAINST THE DEFENDANTS
(LOUISIANA PRODUCT LIABILITY ACT) LA. R.S. 9:2800.51, ET SEQ.

109.    Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

110.    Bayer Pharma AG denies the allegations contained in paragraph 110.

111.    The allegations contained in paragraph 111 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 111 on behalf of any entity other than Bayer Pharma AG.     Bayer Pharma AG denies the allegations contained in paragraph 111.

112.    The allegations contained in paragraph 112 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 112 on behalf of any entity other than Bayer Pharma AG.     Bayer Pharma AG denies the allegations contained in paragraph 112.

113.    The allegations contained in paragraph 113 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 113 on behalf of any entity other than Bayer Pharma AG.     Bayer Pharma AG denies the allegations contained in paragraph 113.

114.    Bayer Pharma AG denies the allegations contained in paragraph 114.

115.    The allegations contained in paragraph 115 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 115 on

2641214-1

behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 115.

116.   The allegations contained in paragraph 116 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 116 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 116.

117.   The allegations contained in paragraph 117 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 117 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 117.

118.   The allegations contained in paragraph 118 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 118 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 118.

119.   The allegations contained in paragraph 119 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 119 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 119.

<u>ANSWER TO</u>
<u>SECOND CAUSE OF ACTION AS AGAINST THE DEFENDANTS</u>
<u>(NEGLIGENCE)</u>

120.   Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

2641214-1

121.    The  allegations  contained  in  paragraph  121  are  directed  to  Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 121 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 121 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies that Bayer Pharma AG violated any applicable duty relating to Xarelto®, including any duty with respect to the design, research, manufacture, marketing, supply, promotion, packaging, sale, or distribution of Xarelto®.  Bayer Pharma AG admits that Bayer Pharma AG participated in the design and research of Xarelto®.  Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States, and denies that Bayer Pharma AG packaged Xarelto®, which was distributed in the United States.  Bayer Pharma AG denies that Bayer Pharma AG marketed, supplied, promoted, sold, or distributed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 121 to the extent not specifically admitted.

122.    The  allegations  contained  in  paragraph  122  are  directed  to  Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 122 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 122.

123.    The  allegations  contained  in  paragraph  123  are  directed  to  Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 123 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 123, including all subparts.

2641214-1

124.    The allegations contained in paragraph 124 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 124 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 124.

125.    The allegations contained in paragraph 125 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 125 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 125.

126.    The allegations contained in paragraph 126 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 126 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 126.

127.    The allegations contained in paragraph 127 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 127 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 127.

<u>ANSWER TO</u>
<u>THIRD CAUSE OF ACTION AS AGAINST THE DEFENDANTS</u>
<u>(STRICT PRODUCTS LIABILITY)</u>

128.    Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

129.    The allegations contained in paragraph 129 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 129 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG admits that Bayer Pharma

30

AG participated in the design, research and testing of Xarelto®.  Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  Bayer Pharma AG denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States.  Bayer Pharma AG denies that Bayer Pharma AG has recently acquired any Defendant that designed, researched, manufactured, tested, advertised, promoted, marketed, sold, or distributed Xarelto®.  Bayer Pharma AG denies the allegations contained in paragraph 129 to the extent not specifically admitted.

130.   The allegations contained in paragraph 130 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 130 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold or distributed.  Bayer Pharma AG denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States, and denies that Bayer Pharma AG sold, distributed or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 130 to the extent not specifically admitted.

131.   Bayer Pharma AG denies the allegations contained in paragraph 131.

132.   The allegations contained in paragraph 132 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 132 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 132.

133.    The allegations contained in paragraph 133 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 133 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 133.

134.    The allegations contained in paragraph 134 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 134 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 134.

135.    The allegations contained in paragraph 135 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 135 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 135.

136.    Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136, and therefore the allegations contained in paragraph 136 are denied.

137.    The allegations contained in paragraph 137 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 137 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 137.

138.    The allegations contained in paragraph 138 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 138 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 138 state conclusions of law to which no response is required.  To the extent a response is deemed

required, Bayer Pharma AG denies that Bayer Pharma AG violated any applicable duty relating to Xarelto®, and denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.   Bayer Pharma AG denies that Xarelto® was dangerous, and denies the remaining allegations contained in paragraph 138.

139.   The allegations contained in paragraph 139 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 139 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 139.

140.   The allegations contained in paragraph 140 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 140 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 140.

141.   The allegations contained in paragraph 141 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 141 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 141.

142.   The allegations contained in paragraph 142 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 142 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 142.

143.   Bayer Pharma AG denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 143.

2641214-1

144.    The allegations contained in paragraph 144 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 144 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 144.

145.    The allegations contained in paragraph 145 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 145 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 145.

146.    The allegations contained in paragraph 146 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 146 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 146.

147.    The allegations contained in paragraph 147 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 147 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 147.

148.    The allegations contained in paragraph 148 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 148 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 148.

149.    The allegations contained in paragraph 149 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 149 on

behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 149.

150.   The allegations contained in paragraph 150 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 150 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 150.

ANSWER TO
FOURTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS
(BREACH OF EXPRESS WARRANTY) La. R.S. 9:2800.58

151.   Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

152.   The allegations contained in paragraph 152 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 152 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 152 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 152 as they pertain to Bayer Pharma AG.  For a further response, Bayer Pharma AG states that Xarelto® was approved by the FDA for sale in the United States for the indications in its FDA-approved labeling, which labeling provided appropriate warnings regarding the risks associated with the use of Xarelto®. Bayer Pharma AG denies any remaining allegations contained in paragraph 152.

153.   The allegations contained in paragraph 153 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 153 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 153.

2641214-1

154.    The allegations contained in paragraph 154 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 154 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154 about what Plaintiffs relied upon, and therefore those allegations contained in paragraph 154 are denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 154.

155.    The allegations contained in paragraph 155 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 155 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155 about what "[m]embers of the medical community, including physicians and other healthcare professionals" relied upon, and therefore those allegations contained in paragraph 155 are denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 155.

156.    The allegations contained in paragraph 156 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 156 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 156.

157.    The allegations contained in paragraph 157 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 157 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 157 as they pertain to Bayer Pharma AG.  For a further response, Bayer Pharma AG states that Xarelto® was approved by the FDA for sale in the United States for the indications in its FDA-approved labeling, which labeling provided appropriate warnings

36

regarding the risks associated with the use of Xarelto®.  Bayer Pharma AG denies any remaining allegations contained in paragraph 157.

158.    The allegations contained in paragraph 158 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 158 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 158.

159.    The allegations contained in paragraph 159 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 159 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 159.

**ANSWER TO**
**FIFTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS**
**(BREACH OF IMPLIED WARRANTIES) La. C.C. art. 2524**

160.    Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

161.    The allegations contained in paragraph 161 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 161 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  Bayer Pharma AG denies that Bayer Pharma AG compounded, portrayed, distributed, recommended, merchandized, advertised, or sold Xarelto® in the United States.  Bayer Pharma AG denies that Bayer Pharma AG has recently acquired any Defendant that manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, promoted, or sold

37

Xarelto®.  Bayer Pharma AG denies the allegations contained in paragraph 161 to the extent not specifically admitted.

162.    The allegations contained in paragraph 162 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 162 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 162 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 162 as they pertain to Bayer Pharma AG.  For a further response, Bayer Pharma AG states that Xarelto® was approved by the FDA for sale in the United States for the indications in its FDA-approved labeling, which labeling provided appropriate warnings regarding the risks associated with the use of Xarelto®. Bayer Pharma AG denies any remaining allegations contained in paragraph 162.

163.    The allegations contained in paragraph 163 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 163 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 163 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 163 as they pertain to Bayer Pharma AG.  For a further response, Bayer Pharma AG states that Xarelto® was approved by the FDA for sale in the United States for the indications in its FDA-approved labeling, which labeling provided appropriate warnings regarding the risks associated with the use of Xarelto®. Bayer Pharma AG denies any remaining allegations contained in paragraph 163.

164.    The allegations contained in paragraph 164 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 164 on

behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 164.

165.    The allegations contained in paragraph 165 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 165 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165 about what "Plaintiff, and/or members of the medical community and/or healthcare professionals" relied upon, and therefore those allegations contained in paragraph 165 are denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 165.

166.    The allegations contained in paragraph 166 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 166 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166 about what "Plaintiffs and Plaintiff's physicians and healthcare professionals" relied upon and whether that alleged reliance was reasonable, and therefore those allegations contained in paragraph 166 are denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 166.

167.    The allegations contained in paragraph 167 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 167 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 167.

168.    The allegations contained in paragraph 168 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 168 on

behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 168.

169.    The allegations contained in paragraph 169 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 169 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 169.

<u>ANSWER TO</u>
<u>SIXTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS</u>
<u>(FRAUDULENT MISREPRESENTATION)</u>

170.    Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

171.    The allegations contained in paragraph 171 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 171 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 171.

172.    The allegations contained in paragraph 172 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 172 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 172.

173.    The allegations contained in paragraph 173 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 173 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 173.

174.    The allegations contained in paragraph 174 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 174 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 174.

175.    The allegations contained in paragraph 175 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 175 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 175.

176.    The allegations contained in paragraph 176 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 176 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 176.

177.    The allegations contained in paragraph 177 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 177 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 177.

178.    The allegations contained in paragraph 178 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 178 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 178.

179.    The allegations contained in paragraph 179 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 179 on

behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 179.

180.    The allegations contained in paragraph 180 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 180 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 180.

**ANSWER TO
SEVENTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS
(FRAUDULENT CONCEALMENT)**

181.    Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

182.    The allegations contained in paragraph 182 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 182 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 182.

183.    The allegations contained in paragraph 183 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 183 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 183.

184.    The allegations contained in paragraph 184 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 184 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 184, including all subparts.

42

185.   The allegations contained in paragraph 185 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 185 on behalf of any entity other than Bayer Pharma AG.   The allegations contained in paragraph 185 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies that Xarelto® was defective and denies the remaining allegations contained in paragraph 185.

186.   The allegations contained in paragraph 186 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 186 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 186.  Bayer Pharma AG denies that Xarelto® was defective.

187.   The allegations contained in paragraph 187 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 187 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 187.

188.   The allegations contained in paragraph 188 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 188 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 188.

189.   The allegations contained in paragraph 189 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 189 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 189.

190.    The allegations contained in paragraph 190 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 190 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 190.

ANSWER TO
EIGHTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS
(NEGLIGENT MISREPRESENTATION)

191.    Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

192.    The allegations contained in paragraph 192 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 192 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in the first sentence in paragraph 192 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies that Bayer Pharma AG violated any applicable duty relating to Xarelto®.  Bayer Pharma AG denies that Bayer Pharma AG made submissions regarding Xarelto® to the FDA and denies that Bayer Pharma AG advertised or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 192 regarding the contents of any information allegedly distributed or submitted by Bayer Pharma AG to the extent that they are inconsistent with any such distributions or submissions or omit portions of any such distributions or submissions.  Bayer Pharma AG denies the remaining allegations contained in paragraph 192.

193.    The allegations contained in paragraph 193 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 193 on

behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 193.

194.   The allegations contained in paragraph 194 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 194 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 194.

195.   The allegations contained in paragraph 195 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 195 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 195.

196.   The allegations contained in paragraph 196 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 196 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 196.

<u>ANSWER TO</u>
<u>NINTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS</u>
<u>(FRAUD AND DECEIT)</u>

197.   Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

198.   The allegations contained in paragraph 198 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 198 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 198 are nonsensical, vague, and ambiguous.  Bayer Pharma AG lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 198, and therefore the allegations contained in paragraph 198 are denied.

199.   The allegations contained in paragraph 199 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 199 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 199.

200.   The allegations contained in paragraph 200 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 200 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 200.

201.   The allegations contained in paragraph 201 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 201 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 201 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies that Bayer Pharma AG violated any applicable duty relating to Xarelto®.  Bayer Pharma AG further denies that Bayer Pharma AG deceived the public, Plaintiffs, Plaintiff Joseph J. Boudreaux, Jr.'s healthcare providers, or the FDA.  Bayer Pharma AG denies the allegations contained in paragraph 201.

202.   The allegations contained in paragraph 202 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 202 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 202.

46

203.    The allegations contained in paragraph 203 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 203 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG made submissions regarding Xarelto® to the FDA and denies that Bayer Pharma AG advertised or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 203 regarding the contents of any information allegedly distributed or submitted by Bayer Pharma AG to the extent that they are inconsistent with any such distributions or submissions or omit portions of any such distributions or submissions.  Bayer Pharma AG denies the remaining allegations contained in paragraph 203.

204.    The allegations contained in paragraph 204 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 204 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 204.

205.    The allegations contained in paragraph 205 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 205 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 205.

206.    The allegations contained in paragraph 206 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 206 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 206.

207.    The allegations contained in paragraph 207 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 207 on

47

behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 207.

208.    The allegations contained in paragraph 208 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 208 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 208.

209.    The allegations contained in paragraph 209 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 209 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG made submissions regarding Xarelto® to the FDA and denies that Bayer Pharma AG advertised or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 209 regarding the contents of any information allegedly distributed or submitted by Bayer Pharma AG to the extent that they are inconsistent with any such distributions or submissions or omit portions of any such distributions or submissions.  Bayer Pharma AG denies the remaining allegations contained in paragraph 209.

210.    The allegations contained in paragraph 210 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 210 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG made submissions regarding Xarelto® to the FDA and denies that Bayer Pharma AG advertised or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 210 regarding the contents of any information allegedly distributed or submitted by Bayer Pharma AG to the extent that they are inconsistent with any such

distributions or submissions or omit portions of any such distributions or submissions.  Bayer Pharma AG denies the remaining allegations contained in paragraph 210.

211.    The allegations contained in paragraph 211 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 211 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 211.

212.    The allegations contained in paragraph 212 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 212 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 212.

213.    The allegations contained in paragraph 213 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 213 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 213.

214.    The allegations contained in paragraph 214 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 214 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG made submissions regarding Xarelto® to the FDA and denies that Bayer Pharma AG advertised or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 214 regarding the contents of any documents allegedly distributed or submitted by Bayer Pharma AG to the extent that they are inconsistent with any such documents or omit portions of any such documents.  Bayer Pharma AG denies the remaining allegations contained in paragraph 214.

215.    The allegations contained in paragraph 215 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 215 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG made submissions regarding Xarelto® to the FDA and denies that Bayer Pharma AG advertised or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 215 regarding the contents of any documents allegedly distributed or submitted by Bayer Pharma AG to the extent that they are inconsistent with any such documents or omit portions of any such documents.  Bayer Pharma AG denies the remaining allegations contained in paragraph 215.

216.    The allegations contained in paragraph 216 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 216 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 216.

217.    The allegations contained in paragraph 217 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 217 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 217.

218.    The allegations contained in paragraph 218 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 218 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 218.

219.    The allegations contained in paragraph 219 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 219 on

behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 219.

220.    The allegations contained in paragraph 220 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 220 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 220.

221.    The allegations contained in paragraph 221 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 221 on behalf of any entity other than Bayer Pharma AG.  Because of the vagueness and ambiguity of the allegations contained in paragraph 221, Bayer Pharma AG lacks without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore the allegations contained in paragraph 221 are denied.

222.    The allegations contained in paragraph 222 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 222 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG marketed, promoted or advertised Xarelto® in the United States, and denies the remaining allegations contained in paragraph 222.

223.    The allegations contained in paragraph 223 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 223 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 223 regarding reliance by Plaintiffs and/or Plaintiff Joseph J. Boudreaux, Jr.'s respective healthcare professionals, and therefore those allegations contained in paragraph 223 are denied.

Bayer Pharma AG denies that Bayer Pharma AG marketed or promoted Xarelto® in the United States, and denies the remaining allegations contained in paragraph 223.  Bayer Pharma AG denies any and all wrongdoing implied by Plaintiffs in paragraph 223.

224.    The allegations contained in paragraph 224 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 224 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 224.

225.    The allegations contained in paragraph 225 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 225 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 225.

226.    The allegations contained in paragraph 226 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 226 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 226.

227.    The allegations contained in paragraph 227 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 227 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 227.

228.    The allegations contained in paragraph 228 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 228 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 228.

ANSWER TO
TENTH CAUSE OF ACTION:  VIOLATION OF UNFAIR TRADE PRACTICES AND
CONSUMER PROTECTION LAW § 51:1401, ET SEQ.

229.    Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

230.    The allegations contained in paragraph 230 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 230 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 230 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG  denies that Bayer Pharma AG  engaged in any unfair trade practices and denies that Plaintiffs are entitled to any relief under any statute alleged in paragraph 230. Bayer Pharma AG denies the allegations contained in paragraph 230.

231.    The allegations contained in paragraph 231 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 231 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 231.

232.    The allegations contained in paragraph 232 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 232 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 232.

233.    The allegations contained in paragraph 233 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 233 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 233.

234.    The allegations contained in paragraph 234 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 234 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 234.

235.    The allegations contained in paragraph 235 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 235 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 235.

236.    The allegations contained in paragraph 236 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 236 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 236.

237.    The allegations contained in paragraph 237 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 237 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 237.

238.    The allegations contained in paragraph 238 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 238 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 238.

<u>ANSWER TO</u>
<u>ELEVENTH CAUSE OF ACTION: LOSS OF CONSORTIUM</u>

239.    Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

2641214-1

240.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 240, and therefore the allegations contained in paragraph 240 are denied.

241.     The allegations contained in paragraph 241 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 241 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 241.

242.     The allegations contained in paragraph 242 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 242 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 242.

243.     The allegations contained in paragraph 243 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 243 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 243.

ANSWER TO<br>TWELFTH CAUSE OF ACTION: REDHIBITION (La. C.C.P. 2520, <em>et seq.</em>)

244.     Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

245.     The allegations contained in paragraph 245 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 245 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 245 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG admits that Bayer Pharma AG manufactured the active

pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  Bayer Pharma AG denies that Bayer Pharma AG sold Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 245 to the extent not specifically admitted.

246.    Bayer Pharma AG denies the allegations contained in paragraph 246.

247.    The allegations contained in paragraph 247 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 247 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 247 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  Bayer Pharma AG denies that Bayer Pharma AG sold or promoted Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 247 to the extent not specifically admitted.

248.    The allegations contained in paragraph 248 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 248 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  Bayer Pharma AG denies that Bayer Pharma AG sold or promoted Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 248 to the extent not specifically admitted.

249.    Bayer Pharma AG denies the allegations contained in paragraph 249.

250.    The allegations contained in paragraph 250 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 250 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 250.

ANSWER TO
PRAYER FOR RELIEF

Bayer Pharma AG denies the allegations contained in the unnumbered paragraph following paragraph 250 and its subparagraphs, and denies any wrongdoing whatsoever.  Bayer Pharma AG denies that it is liable to Plaintiffs, either for damages, and/or any other relief or costs or attorneys' fees or interest in any amount whatsoever.

Bayer Pharma AG requests that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered in favor of Bayer Pharma AG and against Plaintiffs, and that Bayer Pharma AG be awarded the costs of this action, together with such other and further relief as may be appropriate.

ANSWER TO
DEMAND FOR JURY TRIAL

The paragraph under the heading "Demand for Jury Trial" contains no factual allegations and requires no response.  Bayer Pharma AG hereby demands a trial by jury on all issues so triable.

All allegations of the Complaint not expressly admitted are denied.

DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to Bayer Pharma AG in this matter.  Bayer Pharma AG accordingly asserts these separate defenses.  Upon completion of discovery, if the facts warrant, Bayer Pharma AG

57

may withdraw any of these defenses as may be appropriate.  By setting forth these defenses, Bayer Pharma AG does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiffs' allegations.  Bayer Pharma AG further reserves the right to amend its Answer and Defenses, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of defenses, Bayer Pharma AG states as follows:

1.     Plaintiffs' Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.

2.     The Court lacks personal jurisdiction over Bayer Pharma AG with respect to Plaintiffs' claims.

3.     Bayer Pharma AG preserves lack of service of process or insufficiency of service of process to the extent Bayer Pharma AG has not been served properly either under the Federal Rules of Civil Procedure or under the alternative procedures for service of process stipulated by certain defendants in this Court.

4.     Pursuant to Fed. R. Civ. P. 12(b)(3), Bayer Pharma AG asserts the defense of improper venue, as venue may be improper in this district.

5.     This Court may not be the proper forum, and may be an inconvenient forum, for the just adjudication of Plaintiffs' claims.

6.     Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

7.     Plaintiffs' claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

8.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate Plaintiffs' alleged damages.

9.     The acts and omissions of Plaintiffs caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence.  Plaintiffs' recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

10.     Plaintiffs' recovery, if any, is barred or must be reduced by the applicable states' contributory negligence and/or comparative negligence law.

11.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

12.     Plaintiffs' recovery, if any, against Bayer Pharma AG is subject to the applicable states' several or joint and several liability law.

13.     To the extent that Bayer Pharma AG is found jointly and severally liable, which is expressly denied, Bayer Pharma AG is entitled to contribution from other defendants and/or relies upon applicable states' law regarding contribution among tortfeasors.

14.     Plaintiffs' Complaint may fail to join indispensable parties necessary for the just adjudication of this matter.

15.     If Plaintiff Joseph J. Boudreaux, Jr. suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff Joseph J. Boudreaux, Jr.   Plaintiffs' recovery

accordingly is barred or should be reduced by Plaintiff Joseph J. Boudreaux, Jr.'s assumption of the risk.

16.     If the injuries claimed by Plaintiffs were related to the use of Xarelto®, which is expressly denied, any such injuries were the result of an idiosyncratic or allergic reaction to Xarelto®.

17.     The injuries and damages claimed by Plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Bayer Pharma AG was not the proximate and/or competent producing cause of such alleged injuries and damages.

18.     The injuries and damages claimed by Plaintiffs, if any, are barred or must be reduced or apportioned, because those damages arose from the acts or omissions of persons or entities other than Bayer Pharma AG, for whom Bayer Pharma AG has no legal responsibility.

19.     The alleged injuries sustained by Plaintiff Joseph J. Boudreaux, Jr., if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which Bayer Pharma AG has no legal responsibility.

20.     If Plaintiffs sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®.  Plaintiffs' recovery is accordingly barred.

21.     The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Bayer Pharma AG.

22.     Plaintiffs' claims are barred, because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

2641214-1

23.     The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

24.     Plaintiffs' Complaint fails to state a claim to the extent Bayer Pharma AG did not manufacture or distribute the product allegedly used by Plaintiff Joseph J. Boudreaux, Jr.

25.     Bayer Pharma AG owed no legal duty to Plaintiff Joseph J. Boudreaux, Jr. because Bayer Pharma AG did not manufacture finished product of Xarelto®, which was distributed in the United States, and did not market or distribute Xarelto® in the United States.

26.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion, and sale of Xarelto®, including, but not limited to, adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art.  Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time. Plaintiffs' recovery accordingly is barred.

27.     The methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of Xarelto®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package inserts and other literature, conformed to the applicable state of the art.  Such conformity creates a rebuttable presumption that Xarelto® was not defective and that there was no negligence.

28.     Plaintiffs' claims are barred, because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing, or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiffs' recovery.

2641214-1

29.     The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and instructions.

30.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of Bayer Pharma AG.

31.     Plaintiffs' causes of action are or may be barred in whole or in part by Plaintiffs' failure to assert a safer design for Xarelto®.

32.     Plaintiffs' product liability causes of action are or may be barred because Xarelto® was consistent with or exceeded physician or consumer expectations.

33.     Plaintiffs are barred from recovering any damages to the extent that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by Plaintiffs without substantially impairing the usefulness or intended purpose of Xarelto®.

34.     Plaintiffs' claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts, including, but not limited to, the Restatement (Third) of Torts: Product Liability, § 6, comment f, and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

35.     Plaintiffs' claims are or may be barred, in whole or in part, by the applicable states' products liability law.

36.     Bayer Pharma AG asserts all defenses available to it under any applicable states' products liability law.

37.     Bayer Pharma AG gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, Bayer Pharma AG intends to rely upon same in defense of this action.

38.     The prescription drug Xarelto® complied with the applicable product safety regulations promulgated by the FDA.  Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing, promotion, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiffs' recovery is accordingly barred.

39.     The prescription drug Xarelto® complied with the applicable federal and/or state safety codes, statutes, rules, regulations or standards.  Compliance with such codes, statutes, rules, regulations and standards demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that Bayer Pharma AG is entitled to a presumption that the product is neither defective nor unreasonably dangerous. Plaintiffs' claims and any recovery are accordingly barred.

40.     Any claims by Plaintiffs relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

41.     Plaintiffs' claims are barred, in whole or in part, because the commercial speech relating to Xarelto® is protected under the First Amendment and Fourteenth Amendment of the United States Constitution and the applicable state constitution.

42.     Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

43.     Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion, and labeling.

44.     To the extent that Plaintiffs' claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

45.     Plaintiffs cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs, because the remedy sought by Plaintiffs is subject to the exclusive regulation of the FDA.

46.     This Court should abstain from adjudicating Plaintiffs' claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

47.     Plaintiffs did not detrimentally rely on any labeling, warnings, or information concerning Xarelto®.

48.     Bayer Pharma AG did not make any representations of fact or warranties material to Plaintiff Joseph J. Boudreaux, Jr.'s treatment with Xarelto®.  Any opinions or commendations expressed by Bayer Pharma AG are not actionable as representations or warranties.

49.     Plaintiff Joseph J. Boudreaux, Jr.'s prescribing physicians did not rely on any representations by Bayer Pharma AG in treating Plaintiff Joseph J. Boudreaux, Jr., or in states where the learned intermediary doctrine does not apply, Plaintiff Joseph J. Boudreaux, Jr. did not rely on any representations by Bayer Pharma AG.

50.     Applicable law does not recognize a post-sale duty to warn in the present circumstances.  Accordingly, to the extent that Plaintiffs seek recovery for any alleged breach of a post-sale duty to warn, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

2641214-1

51.     Each item of economic loss alleged in the Complaint may have been or may be replaced or indemnified in whole or in part by collateral sources, and therefore is not recoverable in this action.

52.     To the extent that Plaintiffs' Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

53.     To the extent that Plaintiffs' claims have been settled or Plaintiffs will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of Bayer Pharma AG, if any, should be reduced accordingly.

54.     Plaintiffs' claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

55.     Plaintiffs' claims for breach of warranty are barred, because Plaintiffs failed to give timely notice of any alleged breach of warranty.

56.     Bayer Pharma AG did not sell or distribute Xarelto® to Plaintiff Joseph J. Boudreaux, Jr., and Plaintiff Joseph J. Boudreaux, Jr. did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiffs' claims for breach of warranty, express or implied, are barred by lack of privity between Plaintiff Joseph J. Boudreaux, Jr. and Bayer Pharma AG.

57.     Plaintiffs' claims for breach of warranty, express or implied, are barred by the applicable states' Uniform Commercial Code or other applicable law.

58.     Plaintiffs fail to state a claim for express warranty because there was no affirmation of fact or promise made by Bayer Pharma AG relating to the product that was the basis of the bargain.

59.     Plaintiffs' Complaint fails to state a claim for fraud, and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure 9(b).

60.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

61.     No act or omission of Bayer Pharma AG caused or contributed to Plaintiffs' alleged injuries.  Further, the Complaint fails to allege conduct by Bayer Pharma AG upon which an award of punitive or exemplary damages can be based.  Accordingly, Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

62.     Bayer Pharma AG denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been or can be produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

63.     Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate Bayer Pharma AG's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution and similar state constitutional provisions, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and similar state constitutional provisions, and the prohibition against excessive fines in the United States Constitution and similar state constitutional provisions, and would contravene other provisions of the United States Constitution and any applicable state constitution.

64.     Plaintiffs cannot recover punitive or exemplary damages against Bayer Pharma AG, because such an award, which is penal in nature, would violate Bayer Pharma AG's

constitutional rights under the United States Constitution and any applicable state constitution, unless Bayer Pharma AG is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

65.     Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution and similar state constitutional provisions, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

66.     Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

67.     With respect to Plaintiffs' demand for punitive or exemplary damages, Bayer Pharma AG specifically reserves the right to assert any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under any state law that may be applicable to Plaintiffs' claims, including, but not limited to, New Jersey law, including the provisions of the Punitive Damages Act, N.J.S.A. 2A:15-5.9 et seq., and/or any other applicable state law.  Bayer Pharma AG reserves the right to seek bifurcation of Plaintiffs' punitive damages claims pursuant to any applicable law, including, but not limited to, N.J.S.A. 2A:15-5.13.

68.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the applicable states' law regarding punitive damages.

69.     Plaintiffs' claims for non-economic damages is limited by applicable states' law on non-economic damages.

70.     Plaintiffs' recovery, if any, is subject to the applicable states' limitations on damages.

71.     Plaintiffs' claims for recovery are limited by any applicable states' statutory and common law limitations on awards, caps on recovery, and set-offs.

72.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest, post-judgment interest, or refunds.

73.     Plaintiffs' claims for costs, fees and/or interest are barred and/or limited for failure to comply with the requirements of the applicable states' law.

74.     Plaintiffs' claims for consortium-related damages are barred to the extent that any other claim contained in Plaintiffs' Complaint is or may be barred.

75.     If Plaintiffs have filed bankruptcy during the relevant time period of the events alleged in the Complaint or file for bankruptcy at some point in the future, the claims of Plaintiffs may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiffs, or, if not disclosed by Plaintiffs on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

76.     Plaintiffs' actions should be dismissed to the extent Plaintiffs have asserted the same claims in actions pending in other jurisdictions.

77.     Some or all of Plaintiffs' claims are barred, in whole or in part, by any prescription and/or peremption periods.

78.     Any claims for detrimental reliance are barred under Louisiana law.

79.     Bayer Pharma AG pleads the provisions and limitations of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq*. (the "LPLA"), and all the limitations and defenses set forth therein, including but not limited to, industry custom, technological feasibility, and compliance with standards and regulations.

80.     Bayer Pharma AG specifically pleads the applicability and exclusivity of the LPLA, and specifically avers that Plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the LPLA.

81.     Plaintiffs' claims are limited to those allowed under the LPLA, and Plaintiffs' relief, if any, is limited to relief allowed under the LPLA.  Plaintiffs' claims are barred by applicable provisions of the LPLA.

82.     Xarelto® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA.

83.     La. Rev. Stat. 9:2800.59 applies, and Xarelto® was designed, manufactured, packaged, labeled, sold and distributed in conformity with the then-existing reasonably available scientific and technological knowledge, and, therefore Bayer Pharma AG can have no liability in the premises.

84.     Plaintiffs' compensatory damages, if any, are limited to those permitted under Louisiana Civil Code Article 2315.

85.     Under Louisiana Civil Code Articles 2323 and 2324, Bayer Pharma AG is not liable for more than its own degree of fault, if any, and is not solidarily liable with other persons or entities for damages attributable to the fault of such persons or entities.

2641214-1

86.     Under Louisiana Civil Code Article 2323, Plaintiffs' claims are barred or limited by Plaintiffs' own negligence, carelessness, and/or comparative fault, which was a direct and proximate cause of Plaintiffs' injuries or damages, if any.

87.     With respect to each and every cause of action, Plaintiffs are not entitled to relief to the extent that Plaintiffs are unable to prove the identity of the manufacturer and/or supplier of the precise products used by Plaintiff Joseph J. Boudreaux, Jr.

88.     Plaintiffs' demand for punitive damages is barred by the LPLA.

89.     Plaintiffs' Complaint fails to state a claim for unlawful conduct under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.*, because Bayer Pharma AG did not market, sell, label or advertise Xarelto® in the United States, and no act or omission of Bayer Pharma AG was unlawful.

90.     Plaintiffs' Complaint fails to state a claim for misleading or unfair advertising or for deceptive business practices under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.,* because Bayer Pharma AG did not market, sell, label or advertise Xarelto® in the United States, and no act or omission of Bayer Pharma AG was misleading, unfair or deceptive.

91.     Plaintiffs' claims are barred in whole or in part because the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.*, is insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

92.     Plaintiffs' claims are barred in whole or in part because the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.,* unconstitutionally

burdens interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

93.     Plaintiffs' action should be stayed or dismissed because Plaintiffs have not exhausted the administrative remedies as required under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*.

94.     Any civil penalties and remedies that Plaintiffs seek are barred as excessive fines or penalties prohibited under the Eighth and Fourteenth Amendments to the United States Constitution and the excessive fines and/or penalties clause of the applicable state constitution.

95.     Plaintiffs' claims under the Louisiana Unfair Trade Practices and Consumer Protection Law are barred by the exclusivity provisions of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq*.

96.     Bayer Pharma AG asserts all defenses and limitations under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*.

97.     Plaintiffs' claims under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq*., are barred to the extent that Plaintiffs' claims were brought more than one year after the alleged transaction or act which Plaintiffs allege gives rise to Plaintiffs' claim.

98.     Bayer Pharma AG did not breach any warranties created by law.  To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are barred for lack of privity with Bayer Pharma AG and/or for failure of Plaintiffs, or Plaintiffs' representative, to comply with all applicable requirements for a breach of warranty claim.

99.     Bayer Pharma AG did not sell or distribute the prescription drug Xarelto® to Plaintiff Joseph J. Boudreaux, Jr., and Plaintiff Joseph J. Boudreaux, Jr. did not receive or rely

upon any representations or warranties as alleged in the Complaint.  Plaintiffs' claims are therefore barred by lack of privity between Plaintiff Joseph J. Boudreaux, Jr. and Bayer Pharma AG.

100.    Bayer Pharma AG specifically denies that Xarelto® contained any redhibitory defect.

101.    Bayer Pharma AG specifically pleads that Plaintiffs' redhibition claim is proscribed under La. C.C. P. Art. 2534.

102.    Bayer Pharma AG specifically pleads that it owes no warranty for anything sold to Plaintiffs that contained any defect, any such defect being specifically denied, that was known to Plaintiffs at the time of the sale or that should have been discovered by a reasonably prudent buyer.

103.    Bayer Pharma AG affirmatively pleads that it was not aware, at any relevant time, of the existence of any defect in anything sold to Plaintiffs.

104.    Bayer Pharma AG has no liability to Plaintiffs under any theory of redhibition because Plaintiffs cannot establish that Xarelto® could not be used or was too inconvenient to use.

105.    Bayer Pharma AG has no liability to Plaintiffs under any theory of redhibition because Plaintiffs cannot establish that Xarelto® was not fit for its ordinary use.

106.    Bayer Pharma AG has no liability to Plaintiffs under any theory of redhibition to the extent that Plaintiffs failed to tender any product allegedly sold by Bayer Pharma AG that allegedly contained a redhibitory defect and has not made an amicable demand upon Bayer Pharma AG.

107.    Bayer Pharma AG has no liability to Plaintiffs under any theory of redhibition to the extent that Plaintiffs have waived Plaintiffs' redhibition rights.

108.    Bayer Pharma AG adopts all defenses available under the law which governs the action.

109.    Bayer Pharma AG adopts and incorporates by reference all defenses pled by other defendants except to the extent that they are inconsistent with Bayer Pharma AG's defenses pled in this Answer.

110.    Bayer Pharma AG expressly reserves the right to amend this Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

**WHEREFORE**, Bayer Pharma AG requests that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered in favor of Bayer Pharma AG and against Plaintiffs, and that Bayer Pharma AG be awarded the costs of this action, together with such other and further relief as may be appropriate.

<u>JURY DEMAND</u>

Bayer Pharma AG hereby demands a trial by jury on all issues so triable.

February 17, 2016.

Respectfully submitted,

*/s/ John F. Olinde*
John F. Olinde, #1515
Peter J. Rotolo, III, #21848
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Email: olinde@chaffe.com
Email: rotolo@chaffe.com

2641214-1

Steven Glickstein
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-7910
Telephone: (212)836-8485
Email: steven.glickstein@kayescholer.com

William Hoffman
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Telephone: (202) 682-3550
Email: William.hoffman@kayescholer.com

Pamela J. Yates
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6048
Telephone: (310) 788-1278
Email: pamela.yates@kayescholer.com

Fred M. Haston, III
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8303
Email: thaston@babc.com

*ATTORNEYS FOR BAYER PHARMA AG*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 17, 2016, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to all attorneys of record.

*/s/ John F. Olinde*