UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL NO. 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

**PRETRIAL ORDER NO. 23**
**(Deposition Guidelines)**

This Order shall govern the conduct of depositions for (1) cases directly filed in this Court pursuant to this Court's Direct Filing Order of March 24, 2015 (Pretrial Order No. 9 (Rec. Doc. 356)); (2) cases transferred to this Court by the Judicial Panel on Multidistrict Litigation; (3) any tag-along action subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation; and (4) all related cases originally filed in this Court or transferred or removed to this Court.

The Parties will submit modified protocols for case-specific and expert depositions.

I.  **GENERAL PROVISIONS**

   A.  **Cooperation**

   1. Counsel are expected to cooperate with and be courteous to each other and deponents in both scheduling and conducting depositions.

   2. Counsel are reminded that the Courts consider depositions to be official court procedures and the conduct of all participants in depositions shall be in accordance with the

1

customs and practices expected of lawyers and witnesses appearing before these Courts, as if each was appearing personally before the Courts at the time of the depositions.  Counsel shall not at any time conduct himself or herself in a manner not becoming an officer of the court and not in full compliance with the civil rules of practice and all other orders of the Courts.  Neither counsel nor witnesses shall, at any time, engage in conduct that impedes, delays, or frustrates the examination of the witness.  All counsel and the deponent must be treated with civility and respect.

**B.**     **Attendance**

3.     Who May be Present.  Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party (including in-house counsel), court reporters, videographers, the deponent, and counsel for the deponent.  Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the preceding sentence.  While the deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under an MDL – 2592 Protective Order shall be excluded from the deposition.

4.     Unnecessary Attendance.  Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.  Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel should elect not to attend.

5.     Notice of Intent to Attend a Deposition.  In order to make arrangements for adequate deposition space, Liaison Counsel for each party shall confer regarding the expected attendance in advance of the deposition.  Ten days prior to the deposition, the noticing party shall

provide the number of attendees. Three days prior to the deposition, the noticing party shall provide the names of the examining attorneys with the understanding that such names are provided in good faith and could be subject to change.

### C. Effectiveness

6. The MDL parties will use best efforts to cooperate on the entry of substantively identical deposition protocol orders in the MDL and Pennsylvania proceedings, which will become effective on the date docketed.

## II. CONDUCT OF DEPOSITIONS

### A. Examination

7. There shall be no more than one primary and one secondary examining attorney for Plaintiffs in MDL No. 2592. One examining attorney for Plaintiffs in the consolidated Philadelphia proceedings (Court of Common Pleas No. 2349) may also ask non-duplicative questions. Under no circumstances will plaintiffs' failure to allocate time among themselves or to enforce that allocation of time among themselves during a deposition result in an extension of the deposition.

8. Defendants' Lead or Liaison Counsel ordinarily shall designate one primary examiner for the Bayer Defendants and one primary examiner for the Janssen Defendants.

9. Counsel for plaintiffs who have individual or divergent positions, which cannot be resolved by good faith negotiations with Plaintiffs' Lead or Liaison Counsel, may examine a

deponent limited to matters not previously covered by MDL Counsel, provided said counsel do not have any cases in the MDL.

10. Once a witness has fully answered a question, that same or substantially the same question shall not be asked again.

11. The use of tobacco products by deponents or counsel during the deposition will not be permitted.

### B. Duration

12. Counsel should consult prior to a deposition to agree upon the time required to depose a particular witness. Absent agreement of the parties or order of this Court based on a showing of good cause, a deposition should not exceed two days. Defendants, collectively, shall be entitled to 15% of deposition time for examination of the witness. Plaintiffs shall be allowed to reserve an equal amount of time as Defendants for re-cross examination. However, absent agreement of the parties or an order of the Court, the deposition will not extend beyond the second day. The parties are instructed that the Court expects counsel conducting the depositions to be reasonable and allow such reasonable time as is necessary to complete the deposition without the unnecessary involvement of the Court. The subject matter of re-cross examination and re-direct examination, where appropriate, shall not go beyond the scope of matters previously covered.

13. In the event that a deposition involves a translator, the deposition shall be extended as reasonably necessary to conduct the examination, but not to exceed 3.5 days except by agreement of the parties, or by Court order for good cause. The time limits agreed to by the

parties shall be the actual time spent examining the witness. Time spent on breaks or lunch shall not be counted toward the time limits.

### C. Means of Recording

14. <u>Stenographic Recording</u>. A certified Court reporter shall stenographically record all deposition proceedings and testimony with "real time feed" capabilities. The Court reporter shall administer the oath or affirmation to the deponent. A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) and similar state court rules addressing filing, retention, certification and the like.

15. Deposition notices shall state whether the deposition is to be videotaped. All videotape depositions shall proceed pursuant to the provision of section R, *infra*.

16. Each side shall bear its own costs in securing copies of the deposition transcript, videotape or DVD.

17. Subject to the terms of the Protective Order entered in these proceedings, any party may at its own expense obtain a copy of the videotape and the stenographic transcript by contacting the court reporter.

### D. Scheduling

18. Each deposition notice shall include the name, address and telephone number of an attorney point of contact designated by the party noticing the deposition as well as the date, time

and place of the deposition. The deposition notice shall generally be served thirty (30) days prior to a scheduled deposition; said notice shall not be filed on the Court docket.

19. Plaintiffs' counsel from all jurisdictions shall use best efforts to coordinate in the scheduling and taking of depositions. Prior to issuing a deposition notice, absent extraordinary circumstances, counsel should consult in advance with opposing counsel and counsel for the proposed deponents in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions.

20. After counsel, through consultation, have arrived on a mutually acceptable date and location for a deposition, the Noticing Party shall serve an amended Notice (if necessary) reflecting the agreed upon date and location; said notice shall not be filed on the Court docket.

### E. Deposition Day

21. A deposition shall commence at 9:00 a.m. and terminate no later than 5:30 p.m. local time, unless breaks total more than one hour and 30 minutes, in which case the end time may be extended accordingly. Modest variations in this schedule may be made by agreement of counsel who noticed the deposition and counsel for the witness. There shall be at least a 15 minute morning break and a 15 minute afternoon break, with one (1) hour for lunch. Additional reasonable breaks may be taken, in which case the end time may be extended accordingly. Counsel should be efficient in depositions.

### F. Location of Depositions

22. The Court expects counsel to mutually agree upon deposition locations. In the absence of agreement, depositions of witnesses located in the United States will take place in the

deponent's home district. The location of the deposition shall be as consistent as possible within each city so that videotape equipment, if being used, can be left in place.

23. Witnesses who are domiciled in Germany, where domestic law prohibits the taking of depositions, will be deposed in Amsterdam unless all parties agree to another location.

### G. Translators

24. Where a witness indicates his or her intention to respond to questions in a language other than English, neutral translators will be employed to interpret and translate between the foreign language and English. Three translators will be employed to allow for rotation of translators. The parties shall meet and confer to agree upon the translators prior to the deposition. Each translator will swear under oath or affirm prior to each deposition to provide honest and truthful translations. A monitor displaying "real time" transcription will be placed in front of the translator to assist in the translation.

25. Counsel for Defendants will notify the plaintiffs at least 15 days in advance of the deposition of any present or former employee whose examination will require the involvement of a translator. Subject to their being informed of the terms of this Order, counsel for third party witnesses will notify counsel for the party who noticed the deposition at least 15 days in advance of the deposition that the examination will require the involvement of a translator. In the event the

noticing party receives such a notice from a third party or his/her counsel, then the noticing party shall inform Defendants' counsel within 24 hours of receiving such notice.

26.  Defendants and plaintiffs will share the fees and costs of the translators equally.

27.  Objections as to the accuracy of any translations of deposition testimony shall be reserved.

### H.  Custodial Files

28.  Subject to the limitations set forth in Case Management Order No. 2 as to the number of depositions to be conducted, the custodial file of an employee, or former employee, shall be produced in advance of a deposition as set forth in the Document Production Protocol (PTO 21), including Paragraphs 10 and 16.  The parties shall meet and confer regarding the impact, if any, on the scheduled deposition if further documents are produced less than 14 days from the scheduled deposition.  If the parties cannot agree, the matter shall be resolved by the Court.

### I.  Coordination with State Actions

29.  Plaintiffs' counsel in the MDL shall use their best efforts to coordinate the scheduling of depositions with state court plaintiffs in order to minimize the number of times that a witness shall appear for a deposition.  In a coordinated deposition, the Court expects counsel for plaintiffs in the MDL and plaintiffs' counsel in a coordinated state court proceeding to cooperate in selecting a primary examiner.  Upon conclusion of the examination by the primary examiner, other counsel may ask non-duplicative additional questions prior to the completion of the deposition, pursuant to the provisions contained in II.A. of this Order.  It is the intent of this Order

that counsel for MDL Plaintiffs shall be the primary examiner in depositions coordinated with a state court proceeding.

### J. Cross-Noticing

30. The parties and all courts desire to minimize the expense and inconvenience of this litigation by, *inter alia*, providing for a single deposition of witnesses within the time limits set forth in this Order in all litigations relating to Xarelto. Any witness deposition noticed in this MDL proceeding may be cross-noticed by any party in any related action pending in any state court. To the extent practicable, the parties shall endeavor to allow for full participation by all jurisdictions in each deposition.

31. If a deposition originally noticed in this MDL proceeding has been cross-noticed in another state court subject to this Order, then a party may not take a subsequent deposition of that witness over objection of the opposing party or the witness except for good cause shown. Any disputes among the parties under this provision shall be resolved, and good cause determined by the MDL court. Any subsequent deposition shall be restricted to such additional inquiry stipulated to by the parties or as permitted by the courts.

### K. Postponement

32. Once a deposition has been scheduled, it shall not be taken off the calendar, rescheduled or relocated less than three (3) calendar days in advance of the date it is scheduled to occur, except upon agreement between Lead and/or Liaison Counsel for each side or counsel for

the witness (if the witness is not a party or a current or former employee) or by leave of Court for good cause.

### L.     Objections and Directions Not to Answer

33.     Counsel shall comply with Fed. R. Civ. P. 30(c)(2).  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of the communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.  Any objection made at a deposition shall be deemed to have been made on behalf of all other parties.   All objections, except those as to form, are reserved.

34.     Counsel shall refrain from engaging in colloquy during the deposition.  The phrase "objection as to form" or similar language as contemplated by Fed. R. Civ. P. 30(c)(2) shall be sufficient to preserve all objections as to form until the deposition is sought to be used, and counsel stating such an objection shall do so concisely in a nonargumentative and nonsuggestive manner. If requested by the examining attorney, the objecting party shall provide a sufficient explanation for the objection to allow the deposing party to rephrase the question.

35.     Counsel shall not make objections or statements which might suggest an answer to a witness.

36.     Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent seeks to present a motion to the Court for termination or limitation of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent.

If during a deposition a party in good faith intends to present an issue to the MDL Judge by telephone pursuant to paragraph O, and if the MDL Judge is not immediately available, the party may instruct the witness temporarily to defer answering the question until the MDL Judge is available to issue a ruling.

37. Private consultations between deponents and their attorneys during the actual taking of the deposition are improper, except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, consultations may be held during normal recesses, adjournments, or if there is a break in the normal course of interrogation and no questions are pending..

### M. Disputes During or Relating to Depositions

38. Disputes between parties should be addressed to this Court. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to the MDL Judge, Eldon E. Fallon by telephone (504-589-7545). If the MDL Judge is not available, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time. Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3), file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court.

### N. Documents Used in Connection with Depositions

39. Production of Documents. Third-party witnesses subpoenaed to produce documents shall, to the extent possible, be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition, with a copy of the subpoena served as required by

11

Fed. R. Civ. P. 45.  Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the examination commences.

40. Copies.  Extra copies of documents about which deposing counsel expects to examine a deponent should be provided to primary counsel for the parties and the deponent during the course of the deposition.

41. Marking of Deposition Exhibits.  Each document referred to at a deposition shall be referred to by its alpha-numeric production number except in the case of documents which have not yet received production numbering at the time of the deposition.  Documents that are produced in native format shall have the slip sheet with the Bates number affixed to the front of the document.  Once an exhibit has been numbered, it shall retain that number throughout the case. The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition.  The court reporter shall assign exhibit number blocks for each deposition and shall make sure that duplicative or overlapping exhibit numbers are not assigned.

42. Objections to Documents.  Objections to the relevance or admissibility of documents used as deposition exhibits are not waived and are reserved for later ruling by the Court or by the trial judge.

43. Translation of Documents.  Objections as to the accuracy of any translations of documents shall be reserved unless a stipulation is reached by the parties in advance of the deposition.

44. Authenticity of Exhibits.  Any objection to the authenticity of an exhibit used in the deposition must be made by defendants within thirty (30) days from the conclusion of the deposition for any exhibits that were produced by Defendants.  If no objection is made to such an

exhibit, the exhibit will be deemed to be authentic. If the Defendants subsequently obtain information that an exhibit is not authentic, it will promptly notify the PSC.

### O. Video Depositions

45. By so indicating in its notice of a deposition, a party may record a deposition by videotape or digitally-recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

    a) *Video Operator*. The operator(s) of the video record equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

    b) *Index*. The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which an interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

    c) *Attendance*. Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition.

    d) *Standards*. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent. Sound levels will be altered only as

necessary to record satisfactorily the voices of counsel and the deponent. The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a bible, medical equipment, or other props.

      e)      <u>Additional Cameras.</u>  Pursuant to the Court's Order dated January 25, 2016 [Rec. Doc. 1970], any party, at its own expense and with notice 24 hours in advance of the deposition to opposing counsel, may arrange for an additional camera to film the examining attorney.  If more than one camera is employed, the party arranging for the additional camera shall pay for the expense of synchronization of the videotapes from the additional camera if the party intends to show videotape from the additional camera at trial.  Nothing in this order shall be construed as a ruling whether the videotapes of the lawyers may be shown at trial.  Counsel's objections to showing the videotape of counsel at the time of trial are reserved.

      f)      <u>Filing</u>.  After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

      **P.**      <u>**Telephone Depositions**</u>

46.      By indicating in its notice of deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(4). Unless an objection is filed and served within ten (10) calendar days after such notice is received, the Court shall be deemed to have granted the motion.  Other parties may examine the deponent telephonically or in person.  However, all persons present with the deponent shall be identified in

the deposition and shall not by word, sign or otherwise coach or suggest answers to the deponent. The court reporter shall be in the same room with the deponent.

### Q. Correcting and Signing Depositions

47. Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature, and shall be corrected and signed within thirty (30) days after receiving the final transcript of the completed deposition. If no corrections are made during this time, the transcript will be presumed accurate.

48. Parties in jurisdictions where rules do not provide for correction and signing of a deposition transcript reserve their objections to corrections made pursuant to this procedure.

## III. USE OF DEPOSITIONS

49. Depositions of employees and former employees of Defendants taken in this MDL proceeding or in any state action relating to Xarelto in which any Defendant is a party may be used in this proceeding in accordance with the Federal Rules of Civil Procedure and Evidence and case law by or against any person (including parties later added and parties in cases subsequently filed in, removed to or transferred to this Court as part of this litigation):

   a) who is a party to this litigation;

   b) who was present or represented in the deposition;

   c) who was served with prior notice of the deposition or otherwise had reasonable notice thereof, or

   d) who, within thirty (30) calendar days after the transcription of the deposition (or, if later, within sixty (60) calendar days after becoming a party in this

Court in any action that is part of this MDL proceeding), fails to show just cause why such deposition should not be useable against such party.

50. Depositions may be used in any Xarelto-related action in state court to the extent permitted by that state's law and rules.

### IV. TIMING OF TRIAL PRESERVATION DEPOSITION AFTER DISCOVERY **DEPOSITION**

51. To the extent a party wishes to conduct a preservation deposition for trial, the deposing party shall provide at least thirty (30) days' notice of the intent to take the preservation deposition and, if the witness has not previously been deposed, provide opposing counsel an opportunity to take a discovery deposition of that witness, absent agreement of the parties to shorten the time or by Court order for good cause. In the event the opposing party chooses to take a discovery deposition of the witness, the preservation deposition shall not commence any sooner than seventy-two (72) hours after the completion of the discovery deposition, unless the parties agree otherwise.

### V. **FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE**

52. The Federal Rules of Civil Procedure and Federal Rules of Evidence shall apply in all proceedings unless specifically modified herein.

New Orleans, Louisiana this 17th day of February, 2016

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE