**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| MELODIA BOLES, JACK D. HARRIS, TRAVIS HENRY, SR., ROY JACKSON, RAWLEIGH MITCHELL, GWENDOLYN SMITH, DEBORAH WILEY, JOANN WILLIAMS, AND GARY WILSON<br>　　　Plaintiffs | ) ) ) ) ) ) ) ) | JUDGE: ELDON E. FALLON<br><br>MAGISTRATE JUDGE: MICHAEL NORTH |
| v. | ) ) ) | Civil Action No: 2:15-cv-02493 (Severed from Lead Action No. 2:15-cv-02363) |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>　　　Defendants | ) ) ) ) | JURY TRIAL DEMANDED |

ANSWER AND ADDITIONAL DEFENSES OF
DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.
TO PLAINTIFFS' JOINT COMPLAINT AS IT RELATES TO
THE CLAIMS OF PLAINTIFFS RAWLEIGH MITCHELL AND BECKY MITCHELL

Defendant Bayer HealthCare Pharmaceuticals Inc. ("BHCP") serves its Answer and Additional Defenses to Plaintiffs' Joint Complaint (the "Complaint") as it relates to the claims of Plaintiffs Rawleigh Mitchell and Becky Mitchell ("Plaintiffs") and states as follows[1]:

ANSWER TO
PLAINTIFF SPECIFIC ALLEGATIONS

1.　　No response is required as to the allegations contained in paragraph 1. To the extent a response is deemed required, BHCP denies that any of Plaintiff Melodia Boles' alleged injuries were a result of the ingestion of Xarelto®. BHCP lacks knowledge or information

---

[1] Pursuant to Pre-Trial Order No. 11 ("PTO 11"), BHCP files an individual answer to the Complaint as to the claims of Plaintiffs Rawleigh Mitchell and Becky Mitchell as Plaintiff Rawleigh Mitchell has been selected as part of the bellwether discovery pool. Pursuant to PTO 11, BHCP's Omnibus Answer and Defenses is deemed as the operative answer and defenses for the remaining plaintiffs named in the Complaint.

2641349-1

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 and its subparagraphs, and therefore those allegations are denied.

2(a).    No response is required as to the allegations contained in paragraph 2(a).  To the extent a response is deemed required, BHCP denies that any of Plaintiff Jack D. Harris' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2(a), and therefore those allegations are denied.

2(b).    No response is required as to the allegations contained in paragraph 2(b).  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 2(b).

3(a).    No response is required as to the allegations contained in paragraph 3(a).  To the extent a response is deemed required, BHCP denies that any of Plaintiff Travis Henry Sr.'s alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3(a), and therefore those allegations are denied.

3(b).    No response is required as to the allegations contained in paragraph 3(b).  To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3(b) regarding Plaintiffs Travis Henry Sr. and Linda Henry's marital status, and therefore those allegations contained in paragraph 3(b) are denied.  BHCP denies the remaining allegations contained in paragraph 3(b).

4.    No response is required as to the allegations contained in paragraph 4.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Roy Jackson's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information

2

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and its subparagraphs, and therefore those allegations are denied.

5(a).    BHCP denies that any of Plaintiff Rawleigh Mitchell's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5(a), and therefore those allegations are denied.

5(b).    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5(b) regarding Plaintiffs Rawleigh Mitchell and Becky Mitchell's marital status, and therefore those allegations contained in paragraph 5(b) are denied. BHCP denies the remaining allegations contained in paragraph 5(b).

6.    No response is required as to the allegations contained in paragraph 6.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Gwendolyn Smith's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 and its subparagraphs, and therefore those allegations are denied.

7(a).    No response is required as to the allegations contained in paragraph 7(a).  To the extent a response is deemed required, BHCP denies that any of Plaintiff Deborah Wiley's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7(a), and therefore those allegations are denied.

7(b).    No response is required as to the allegations contained in paragraph 7(b).  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 7(b).

8.      No response is required as to the allegations contained in paragraph 8.  To the extent a response is deemed required, BHCP denies that any of Plaintiff Joann Williams' alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 and its subparagraphs, and therefore those allegations are denied.

9(a).   No response is required as to the allegations contained in paragraph 9(a).  To the extent a response is deemed required, BHCP denies that any of Plaintiff Gary Wilson's alleged injuries were a result of the ingestion of Xarelto®.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9(a), and therefore those allegations are denied.

9(b).   No response is required as to the allegations contained in paragraph 9(b).  To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9(b) regarding Plaintiffs Gary Wilson and Patricia L. Wilson's marital status, and therefore those allegations contained in paragraph 9(b) are denied.  BHCP denies the remaining allegations contained in paragraph 9(b).

<u>ANSWER TO</u>
<u>JURISDICTION AND VENUE</u>

1 [sic].  To the extent that the second paragraph numbered 1 states a legal conclusion, no response is required.  To the extent a response is deemed required, BHCP admits that this Court has subject matter jurisdiction of Plaintiffs Rawleigh Mitchell and Becky Mitchell's action under 28 U.S.C. §1332, that there is complete diversity of citizenship between Plaintiffs Rawleigh Mitchell and Becky Mitchell and Defendants, and that Plaintiffs claim more than $75,000.00 in damages.  BHCP denies any liability.

2641349-1

2 [sic].  To the extent that the second paragraph numbered 2 states a legal conclusion, no response is required.  To the extent a response is deemed required, the allegations contained in the second paragraph numbered 2 are directed to Defendants collectively.  BHCP is not answering the allegations contained in the second paragraph numbered 2 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in the second paragraph numbered 2.

3 [sic].  To the extent that the second paragraph numbered 3 states a legal conclusion, no response is required.  To the extent a response is deemed required, the allegations contained in the second paragraph numbered 3 are directed to Defendants collectively.  BHCP is not answering the allegations contained in the second paragraph numbered 3 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in the second paragraph numbered 3. BHCP affirmatively states that BHCP has conducted business in the state of Louisiana.

4 [sic].  Because Plaintiffs Rawleigh Mitchell and Becky Mitchell do not allege that the second paragraph numbered 4 applies to them, and to the extent that the second paragraph numbered 4 states a legal conclusion, no response is required.  To the extent a response is deemed required, the allegations contained in the second paragraph numbered 4 are directed to Defendants collectively.  BHCP is not answering the allegations contained in the second paragraph numbered 4 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in the second paragraph numbered 4.

5 [sic].  To the extent that the second paragraph numbered 5 states a legal conclusion, no response is required.  To the extent a response is deemed required, BHCP admits only that this action was filed in *In re: Xarelto (Rivaroxaban) Products Liability Litigation* for pretrial proceedings only, pursuant to Pretrial Orders 9 and 11.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second paragraph

numbered 5 regarding the propriety of venue under 28 U.S.C. §1391, and therefore those allegations are denied.   BHCP denies the allegations contained in the second paragraph numbered 5 to the extent not specifically admitted.

6 [sic].  Because Plaintiffs Rawleigh Mitchell and Becky Mitchell do not allege that the second paragraph numbered 6 applies to them, and to the extent that the second paragraph numbered 6 states a legal conclusion, no response is required.   To the extent a response is deemed required, the allegations contained in the second paragraph numbered 6 are directed to Defendants collectively.  BHCP is not answering the allegations contained in the second paragraph numbered 6 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second paragraph numbered 6 regarding the propriety of venue under 28 U.S.C. §1391 as to the claims of Plaintiffs Travis Henry Sr. and Roy Jackson, and therefore those allegations are denied. BHCP denies the allegations contained in the second paragraph numbered 6.

7 [sic].  Because Plaintiffs Rawleigh Mitchell and Becky Mitchell do not allege that the second paragraph numbered 7 applies to them, and to the extent that the second paragraph numbered 7 states a legal conclusion, no response is required.   To the extent a response is deemed required, the allegations contained in the second paragraph numbered 7 are directed to Defendants collectively.  BHCP is not answering the allegations contained in the second paragraph numbered 7 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second paragraph numbered 7 regarding the propriety of venue under 28 U.S.C. §1391 as to the claims of Plaintiff Deborah Wiley, and therefore those allegations are denied.   BHCP denies the allegations contained in the second paragraph numbered 7.

8 [sic].  Because Plaintiffs Rawleigh Mitchell and Becky Mitchell do not allege that the second paragraph numbered 8 applies to them, no response is required.  To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence in the second paragraph numbered 8, and therefore the allegations contained in the first sentence in the second paragraph numbered 8 are denied.  The allegations contained in the second sentence in the second paragraph numbered 8 contain no factual allegations and require no response.  To the extent a response is deemed required, BHCP denies the allegations contained in the second sentence in the second paragraph numbered 8.

<u>ANSWER TO</u>
<u>PARTY DEFENDANTS</u>

9 [sic].  The allegations contained in the second paragraph numbered 9 are not directed to BHCP, and therefore no response is required.

10.     The allegations contained in paragraph 10 are not directed to BHCP, and therefore no response is required.

11.     The allegations contained in paragraph 11 are not directed to BHCP, and therefore no response is required.

12.     The allegations contained in paragraph 12 are not directed to BHCP, and therefore no response is required.

13.     The allegations contained in paragraph 13 are not directed to BHCP, and therefore no response is required.

14.     The allegations contained in paragraph 14 are not directed to BHCP, and therefore no response is required.

2641349-1

15.     The allegations contained in paragraph 15 are not directed to BHCP, and therefore no response is required.

16.     The allegations contained in paragraph 16 are not directed to BHCP, and therefore no response is required.

17.     The allegations contained in paragraph 17 are not directed to BHCP, and therefore no response is required.

18.     The allegations contained in paragraph 18 are not directed to BHCP, and therefore no response is required.

19.     The allegations contained in paragraph 19 are not directed to BHCP, and therefore no response is required.

20.     The allegations contained in paragraph 20 are not directed to BHCP, and therefore no response is required.

21.     The allegations contained in paragraph 21 are not directed to BHCP, and therefore no response is required.

22.     The allegations contained in paragraph 22 are not directed to BHCP, and therefore no response is required.

23.     The allegations contained in paragraph 23 are not directed to BHCP, and therefore no response is required.

24.     The allegations contained in paragraph 24 are not directed to BHCP, and therefore no response is required.

25.     The allegations contained in paragraph 25 are not directed to BHCP, and therefore no response is required.

2641349-1

26.     The allegations contained in paragraph 26 are not directed to BHCP, and therefore no response is required.

27.     The allegations contained in paragraph 27 are not directed to BHCP, and therefore no response is required.

28.     The allegations contained in paragraph 28 are not directed to BHCP, and therefore no response is required.

29.     The allegations contained in paragraph 29 are not directed to BHCP, and therefore no response is required.

30.     The allegations contained in paragraph 30 are not directed to BHCP, and therefore no response is required.

31.     The allegations contained in paragraph 31 are not directed to BHCP, and therefore no response is required.

32.     BHCP admits that BHCP is a Delaware corporation with its principal place of business in New Jersey.  BHCP denies the allegations contained in paragraph 32 to the extent not specifically admitted.

33.     BHCP admits that BHCP had some involvement in certain aspects of the research and development of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP manufactured or sold Xarelto®.  BHCP denies the allegations contained in paragraph 33 to the extent not specifically admitted.

34.     BHCP admits that BHCP has conducted business in Louisiana and Alabama.  BHCP denies the allegations contained in paragraph 34 to the extent not specifically admitted.

35.     BHCP admits that BHCP has conducted business in Louisiana and Alabama. BHCP denies the allegations contained in paragraph 35 to the extent not specifically admitted.

36.     The allegations contained in paragraph 36 are vague and ambiguous.  As such, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36, and therefore the allegations contained in paragraph 36 are denied. BHCP affirmatively states that BHCP has conducted business in Louisiana and Alabama.

37.     BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP further admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"), pulmonary embolism ("PE"), and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 37 to the extent not specifically admitted.

38.     The allegations contained in paragraph 38 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG is a German company with its principal place of business in Germany. BHCP admits that Bayer Pharma AG is a pharmaceutical company.   BHCP denies the allegations contained in paragraph 38 to the extent not specifically admitted.

39.     The allegations contained in paragraph 39 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG was formerly known as Bayer Schering Pharma AG, which was formerly known as Schering AG, and that Bayer Pharma AG is the same corporate entity as Bayer Schering Pharma AG and Schering AG.  BHCP denies the allegations contained in paragraph 39 to the extent not specifically admitted.

40.     The allegations contained in paragraph 40 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Schering AG was renamed Bayer Schering Pharma AG effective December 29, 2006.  BHCP denies the allegations contained in paragraph 40 to the extent not specifically admitted.

41.     The allegations contained in paragraph 41 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Schering Pharma AG was renamed Bayer Pharma AG effective July 1, 2011.  BHCP denies the allegations contained in paragraph 41 to the extent not specifically admitted.

42.     The allegations contained in paragraph 42 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the research and development of Xarelto®.  BHCP denies that Bayer Pharma AG sold or marketed Xarelto® in the United States.  BHCP denies the allegations contained in paragraph 42 to the extent not specifically admitted.

43.     The allegations contained in paragraph 43 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 43.

2641349-1

44.     The allegations contained in paragraph 44 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 44.

45.     The allegations contained in paragraph 45 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 45.

46.     The allegations contained in paragraph 46 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Pharma AG participated in the design, research and testing of Xarelto®.  BHCP admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  BHCP denies that Bayer Pharma AG advertised, promoted, marketed, sold or distributed Xarelto® in the United States.  BHCP admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  BHCP denies the allegations contained in paragraph 46 to the extent not specifically admitted.

47.     The allegations contained in paragraph 47 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  BHCP denies the allegations contained in paragraph 47 to the extent not specifically admitted.

2641349-1

48.     The allegations contained in paragraph 48 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that all of the issued and outstanding shares of common stock of BHCP are owned by Schering Berlin Inc., that Schering Berlin Inc. is wholly owned by Bayer HealthCare Holdings LLC and that the sole member of Bayer HealthCare Holdings LLC is Bayer Corporation.  BHCP denies the allegations contained in paragraph 48 to the extent not specifically admitted.

49.     The allegations contained in paragraph 49 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since January 1, 2003, Bayer Corporation has been a holding company that does not conduct operations.  BHCP further states that before January 1, 2003, Bayer Corporation conducted operations through divisions.  BHCP denies that Bayer Corporation researched, developed, designed, licensed, manufactured, distributed, sold or marketed Xarelto®, except that BHCP admits that a former division of Bayer Corporation, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  For a further response, BHCP states that relevant documentation regarding work relating to Xarelto® of such former division is now held by BHCP.  BHCP denies the allegations contained in paragraph 49 to the extent not specifically admitted.

50.     The allegations contained in paragraph 50 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 50.

51.     The allegations contained in paragraph 51 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, the allegations contained in paragraph 51 are vague and ambiguous.  As such, BHCP lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 51, and therefore the allegations contained in paragraph 51 are denied.

52.     The allegations contained in paragraph 52 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer HealthCare LLC is a limited liability company formed in Delaware and that Bayer HealthCare LLC's principal place of business is in New Jersey.  BHCP admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205.  BHCP denies the allegations contained in paragraph 52 to the extent not specifically admitted.

53.     The allegations contained in paragraph 53 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer HealthCare LLC has conducted business in Louisiana and Alabama.  BHCP denies the allegations contained in paragraph 53 to the extent not specifically admitted.

54.     The allegations contained in paragraph 54 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, the allegations contained in paragraph 54 are vague and ambiguous.  As such, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and therefore the allegations contained in paragraph 54 are denied.  BHCP affirmatively states that Bayer HealthCare LLC has conducted business in Louisiana and Alabama.

55.     The allegations contained in paragraph 55 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies that Bayer HealthCare LLC designed, researched, manufactured, tested, advertised, promoted,

14

marketed, sold or distributed Xarelto®, and denies the remaining allegations contained in paragraph 55.

56.     The allegations contained in paragraph 56 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer HealthCare AG has its principal place of business in Germany.  BHCP denies the allegations contained in paragraph 56 to the extent not specifically admitted.

57.     The allegations contained in paragraph 57 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 57.

58.     The allegations contained in paragraph 58 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 58.

59.     The allegations contained in paragraph 59 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 59.

60.     The allegations contained in paragraph 60 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP admits that Bayer AG is a German company with its headquarters in Leverkusen, North Rhine-Westphalia, Germany.  BHCP admits that at all relevant times since October 1, 2003, Bayer AG was a holding company and that the business areas conducted by its various direct and indirect subsidiaries included material science, crop science and healthcare, including pharmaceuticals. BHCP denies the allegations contained in paragraph 60 to the extent not specifically admitted.

61.     The allegations contained in paragraph 61 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 61.

62.     The allegations contained in paragraph 62 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 62.

63.     The allegations contained in paragraph 63 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP denies the allegations contained in paragraph 63.

64.     The allegations contained in paragraph 64 are not directed to BHCP, and therefore do not require a response of BHCP.  To the extent a response is deemed required, BHCP states that since October 1, 2003, at all relevant times, Bayer AG was a holding company that did not conduct operations.  BHCP further states that before January 1, 2003, Bayer AG conducted its pharmaceutical operations through a division.  BHCP denies that Bayer AG designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®, except that BHCP admits that a former division of Bayer AG, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  Relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer Pharma AG. BHCP denies the allegations contained in paragraph 64 to the extent not specifically admitted.

65.     BHCP admits that the Complaint contains allegations referring to BHCP and other entities collectively as "Defendants" or otherwise, but BHCP is not answering the Complaint on behalf of any entity other than BHCP, and is not answering allegations that are

directed to any entity other than BHCP.  BHCP accordingly denies the allegations contained in paragraph 65.

66.    The allegations contained in paragraph 66 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 66 on behalf of any entity other than BHCP.  Because of the vagueness and ambiguity of the allegations contained in paragraph 66, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

67.    The allegations contained in paragraph 67 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 67 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 67.

68.    The allegations contained in paragraph 68 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 68 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the development of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, licensed, manufactured, distributed or sold Xarelto®.  BHCP denies the allegations contained in paragraph 68 to the extent not specifically admitted.

## ANSWER TO
## FACTUAL BACKGROUND

69.    The allegations contained in paragraph 69 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 69 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that

2641349-1

BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, sold or distributed Xarelto®.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff Rawleigh Mitchell ingested and used Xarelto®, and that Plaintiffs suffered the injuries or losses alleged, and therefore those allegations are denied.   BHCP denies that any of Plaintiffs' alleged injuries or losses were a result of the use of Xarelto®.   BHCP denies the allegations contained in paragraph 69 to the extent not specifically admitted.

70.     The allegations contained in paragraph 70 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 70 on behalf of any entity other than BHCP.   BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.   BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.   BHCP admits that Xarelto® is a factor Xa inhibitor indicated to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.   BHCP denies the allegations contained in paragraph 70 to the extent not specifically admitted.

71.     BHCP admits that on July 1, 2011, Xarelto® was approved by the United States Food and Drug Administration (the "FDA") for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery.   BHCP admits that Xarelto® belongs to a

2641349-1

class of medications sometimes referred to as new oral anticoagulants.   BHCP denies the allegations contained in paragraph 71 to the extent not specifically admitted.

72.   BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 regarding products other than Xarelto®, and therefore those allegations are denied.   BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.   BHCP admits that BHCP promoted Xarelto® consistent with the FDA-approved labeling.   BHCP denies that BHCP otherwise marketed or promoted Xarelto®.   Because Plaintiffs' allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.   BHCP denies the allegations contained in paragraph 72 to the extent not specifically admitted.

73.   BHCP admits that Xarelto® is an oral anticoagulant and a factor Xa inhibitor available by prescription.   BHCP further admits that Xarelto® is available in the following dosage: 20 mg tablets, 15 mg tablets, and 10 mg tablets.   BHCP denies the allegations contained in paragraph 73 to the extent not specifically admitted.

74.   The allegations contained in paragraph 74 are directed to Defendants collectively.   BHCP is not answering the allegations contained in paragraph 74 on behalf of any entity other than BHCP.   BHCP admits that on July 1, 2011, Xarelto® was approved by the FDA for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery.   BHCP denies the allegations contained in paragraph 74 to the extent not specifically admitted.

75.     BHCP admits that the Regulation of Coagulation in Orthopedic Surgery to Prevent Deep Venous Thrombosis and Pulmonary Embolism clinical trials (the "RECORD" clinical trials) were conducted and involved evaluating the use of Xarelto® for the prevention of venous thromboembolism in patients undergoing total knee replacement or total hip replacement. The results of the RECORD clinical trials, in their entirety, speak for themselves. The New England Journal of Medicine and Lancet articles referenced in paragraph 75, in their entirety, speak for themselves. BHCP denies the allegations contained in paragraph 75 to the extent not specifically admitted.

76.     BHCP denies the allegations contained in paragraph 76.

77.     The allegations contained in paragraph 77 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 77 on behalf of any entity other than BHCP. BHCP admits that on November 4, 2011, Xarelto® was approved by the FDA to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. BHCP admits that the Rivaroxaban Once Daily Oral Direct Factor Xa Inhibition Compared with Vitamin K Antagonism for Prevention of Stroke and Embolism Trial in Atrial Fibrillation clinical trial (the "ROCKET AF" clinical trial) was conducted and involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. The results of the ROCKET AF clinical trial, in their entirety, speak for themselves. BHCP denies the allegations contained in paragraph 77 to the extent not specifically admitted.

78.     BHCP admits that the ROCKET AF clinical trial involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. The results of the ROCKET AF clinical trial, in their entirety, speak for

themselves.  The New England Journal of Medicine article referenced in paragraph 78, in its entirety, speaks for itself.  BHCP denies the allegations contained in paragraph 78 to the extent not specifically admitted.

79.     The allegations contained in paragraph 79 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 79 on behalf of any entity other than BHCP.  BHCP admits that the ROCKET AF clinical trial compared the safety and efficacy of once-daily oral Xarelto® with adjusted-dose oral warfarin for the prevention of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  BHCP denies Plaintiffs' characterization of the ROCKET AF clinical trial.  BHCP denies the allegations contained in paragraph 79 to the extent not specifically admitted.

80.     BHCP denies the allegations contained in paragraph 80.

81.     BHCP denies the allegations contained in paragraph 81.  BHCP affirmatively states that Plaintiffs have excerpted and referenced a selected portion of an FDA Draft Briefing Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee.  The FDA Draft Briefing Document, in its entirety, speaks for itself.

82.     Plaintiffs attempt to excerpt a letter from Public Citizen, which is in writing and in its entirety speaks for itself.  BHCP denies Plaintiffs' characterization of the document and otherwise denies the allegations contained in paragraph 82.

83.     BHCP denies the allegations contained in paragraph 83.  BHCP affirmatively states that Plaintiffs have excerpted and referenced a selected portion of an FDA Draft Briefing Document for the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee.  The FDA Draft Briefing Document, in its entirety, speaks for itself.

84.     Plaintiffs have excerpted and referenced a selected portion of the transcript of the September 8, 2011 Meeting of the FDA's Cardiovascular and Renal Drugs Advisory Committee. The transcript of the September 8, 2011 Meeting, in its entirety, speaks for itself.  BHCP denies the remaining allegations contained in paragraph 84.

85.     The allegations contained in paragraph 85 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 85 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 85.  BHCP denies Plaintiffs' characterization of the FDA's Summary Review, which in its entirety speaks for itself.

86.     BHCP admits that on November 2, 2012, Xarelto® was approved by the FDA for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE, and that the Xarelto® labeling as of November 2012 reflected information regarding the indication for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and PE. BHCP denies the allegations contained in paragraph 86 to the extent not specifically admitted.

87.     BHCP admits that the clinical trial EINSTEIN-DVT was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of deep vein thrombosis in patients with confirmed acute symptomatic deep vein thrombosis without symptomatic pulmonary embolism.  BHCP admits that the clinical trial EINSTEIN-PE was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of pulmonary embolism in patients with confirmed acute symptomatic pulmonary embolism with or without symptomatic deep vein thrombosis.  BHCP admits that the clinical trial EINSTEIN-Extension was a comparative study conducted and that involved evaluating the use of Xarelto® for the long term prevention of recurrent symptomatic venous thromboembolism in patients with confirmed symptomatic deep vein thrombosis or pulmonary embolism and who had received

22

prior treatment with Xarelto® or a vitamin K antagonist before clinical trial enrollment. The results of the EINSTEIN-DVT, EINSTEIN-PE, and EINSTEIN-Extension clinical trials, in their entirety, speak for themselves. The New England Journal of Medicine articles referenced in paragraph 87, in their entirety, speak for themselves. Plaintiffs have cited an article entitled *Oral rivaroxaban after symptomatic venous thromboembolism: the continued treatment study*, from the Expert Review of Cardiovascular Therapy. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the accuracy of Plaintiffs' characterization of that article, and therefore Plaintiffs' characterization is denied. BHCP denies the allegations contained in paragraph 87 to the extent not specifically admitted.

88.    The allegations contained in paragraph 88 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 88 on behalf of any entity other than BHCP. BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies Plaintiffs' characterization of the promotional materials for Xarelto®. BHCP denies the allegations contained in paragraph 88 to the extent not specifically admitted.

89.    The allegations contained in paragraph 89 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 89 on behalf of any entity other than BHCP. BHCP admits that BHCP promoted Xarelto® consistent with the FDA-approved labeling. BHCP denies Plaintiffs' characterization of the marketing of Xarelto®. Because Plaintiffs' allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, BHCP lacks knowledge or information sufficient to

form a belief as to the truth of those allegations, and therefore those allegations are denied. BHCP denies the allegations contained in paragraph 89 to the extent not specifically admitted.

90.    The allegations contained in paragraph 90 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 90 on behalf of any entity other than BHCP.  At all times, BHCP's limited involvement in the promotion of Xarelto® to a certain limited number of United States healthcare professionals was in accordance with the FDA-approved labeling.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies the allegations contained in paragraph 90 to the extent not specifically admitted.

91.    BHCP denies the allegations contained in paragraph 91.

92.    BHCP admits that Plaintiffs have quoted selected excerpts from the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, regarding statements purportedly made by FDA reviewers regarding Xarelto®.  The October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, in its entirety, speaks for itself, and BHCP is not admitting the accuracy of any information or assertions in the QuarterWatch publication.  For a further response, the statements made by FDA reviewers regarding Xarelto®, in their entirety, speak for themselves.  BHCP denies the allegations contained in paragraph 92 to the extent not specifically admitted.

93.    The allegations contained in paragraph 93 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 93 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 93.

94.    BHCP admits that a specific reversal agent for Xarelto® is not available.  BHCP admits that the original Xarelto® label provided in the Overdosage section that a specific

reversal agent for Xarelto® is not available.  BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.  BHCP denies the allegations contained in paragraph 94 to the extent not specifically admitted.

95.     BHCP denies the allegations contained in paragraph 95.

96.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

97.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

98.     Plaintiffs fail to identify the specific publication that Plaintiffs purportedly quote from in paragraph 98.  BHCP denies the allegations contained in paragraph 98.

99.     BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99, and therefore those allegations are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an

2641349-1

admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  BHCP further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

100.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100, and therefore those allegations are denied.

101.    The allegations contained in paragraph 101 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 101 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 101.

102.    The allegations contained in paragraph 102 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 102 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 102, including all subparts.    For a further response, BHCP states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

103.    The allegations contained in paragraph 103 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 103 on behalf of any entity other than BHCP.   BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP labeled Xarelto®. For a further response, BHCP states that the original Xarelto® label was issued in July 2011 and has been supplemented at various times since then.  The Xarelto® labels, in their entirety, speak for themselves.   BHCP denies the allegations contained in paragraph 103 to the extent not

specifically admitted.   BHCP further responds that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

104.    The allegations contained in paragraph 104 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 104 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 104.

105.    The allegations contained in paragraph 105 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 105 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 105.

106.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106, and therefore those allegations are denied.

107.    The allegations contained in paragraph 107 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 107 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 107. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 107, and therefore the allegations in the second sentence in paragraph 107 are denied.

108.    The allegations contained in paragraph 108 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 108 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 108.

109.    The allegations contained in paragraph 109 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 109 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that

BHCP otherwise marketed or promoted Xarelto®.  BHCP denies the allegations contained in paragraph 109 to the extent not specifically admitted.

110.    The allegations contained in paragraph 110 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 110 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 110. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 110, and therefore the allegations in the second sentence in paragraph 110 are denied.

111.    The allegations contained in paragraph 111 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 111 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111, and therefore those allegations are denied.

112.    The allegations contained in paragraph 112 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 112 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 112.

113.    The allegations contained in paragraph 113 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 113 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 113.

114.    The allegations contained in paragraph 114 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 114 on behalf of any entity other than BHCP.  BHCP denies that the FDA Office of Prescription Drug Promotion ("OPDP") sent an untitled letter to BHCP regarding a print advertisement for Xarelto®.  For a

further response, BHCP states, on information and belief, that the OPDP sent an untitled letter to Johnson & Johnson International, Inc. on or about June 6, 2013.  BHCP denies the allegations contained in paragraph 114 regarding the contents of the letter from the OPDP regarding a print advertisement for Xarelto® to the extent that they are inconsistent with the language of the letter or omit portions of the letter.  The referenced OPDP letter, in its entirety, speaks for itself. BHCP denies the remaining allegations contained in paragraph 114.

115.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 115 regarding Plaintiffs' and/or Plaintiff Rawleigh Mitchell's physicians' awareness, and therefore those allegations are denied.  BHCP denies the remaining allegations contained in paragraph 115.

116.    The allegations contained in paragraph 116 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 116 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 regarding any materials or information received by Plaintiff Rawleigh Mitchell's prescribing physicians, and therefore those allegations are denied.  BHCP denies the allegations contained in paragraph 116 to the extent not specifically admitted.

117.    The allegations contained in paragraph 117 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 117 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 117 to the extent not specifically admitted.

118.    The allegations contained in paragraph 118 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 118 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 118.  For a further response, BHCP states that the Medication Guide for Xarelto®, in its entirety, speaks for itself.  BHCP further states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

119.    The allegations contained in paragraph 119 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 119 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 119.

120.    The allegations contained in paragraph 120 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 120 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 120, and therefore those allegations are denied.

121.    The allegations contained in paragraph 121 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 121 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 121.

122.    The allegations contained in paragraph 122 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 122 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 122.

123.    The allegations contained in paragraph 123 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 123 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 123.

124.    The allegations contained in paragraph 124 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 124 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 124.

125.    The allegations contained in paragraph 125 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 125 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 125.

126.    The allegations contained in paragraph 126 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 126 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 126.

127.    The allegations contained in paragraph 127 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 127 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 127.

128.    The allegations contained in paragraph 128 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 128 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 128.

129.    The allegations contained in paragraph 129 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 129 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 129.

130.    The allegations contained in paragraph 130 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 130 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 130.

ANSWER TO
FIRST CAUSE OF ACTION

131.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiffs' attempt in paragraph 131 to plead the First Cause of Action of the Complaint pursuant to unidentified states' laws is legally sufficient.  BHCP denies any and all claims that Plaintiffs may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiffs' claims, and the laws of the states of Defendants' principal places of business and incorporation.

132.    The allegations contained in paragraph 132 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 132 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed,

32

manufactured or sold Xarelto®.  BHCP denies the allegations contained in paragraph 132 to the extent not specifically admitted.

133.    The allegations contained in paragraph 133 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 133 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was distributed or sold.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that allegedly reached Plaintiff Rawleigh Mitchell, and therefore those allegations are denied.   BHCP denies that BHCP manufactured, distributed or sold Xarelto®.  BHCP denies the allegations contained in paragraph 133 to the extent not specifically admitted.

134.    The allegations contained in paragraph 134 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 134 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 134.

135.    The allegations contained in paragraph 135 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 135 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 135.

136.    BHCP denies the allegations contained in paragraph 136.

137.    The allegations contained in paragraph 137 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 137 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that was allegedly used by

Plaintiff Rawleigh Mitchell, and therefore those allegations are denied.  BHCP denies that BHCP manufactured, distributed or sold Xarelto®.  BHCP denies the remaining allegations contained in paragraph 137.

138.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138, and therefore those allegations are denied.

139.    BHCP denies the allegations contained in paragraph 139.

140.    The allegations contained in paragraph 140 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 140 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 140.

141.    BHCP denies the allegations contained in paragraph 141.

142.    BHCP denies the allegations contained in paragraph 142.

143.    The allegations contained in paragraph 143 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 143 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 143.

144.    BHCP denies the allegations contained in paragraph 144.

145.    BHCP denies the allegations contained in paragraph 145.

146.    BHCP denies the allegations contained in paragraph 146.

147.    The allegations contained in paragraph 147 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 147 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 147.

148.    BHCP denies the allegations contained in paragraph 148.

149.    BHCP denies the allegations contained in paragraph 149.

150.    The allegations contained in paragraph 150 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 150 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 150.

151.    BHCP denies the allegations contained in paragraph 151.

152.    The allegations contained in paragraph 152 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 152 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 152.

153.    BHCP denies the allegations contained in paragraph 153.

154.    The allegations contained in paragraph 154 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 154 on behalf of any entity other than BHCP.  The allegations contained in paragraph 154 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP denies the remaining allegations contained in paragraph 154.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.

155.    The allegations contained in paragraph 155 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 155 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 155.  For a further response, BHCP states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

156.    The allegations contained in paragraph 156 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 156 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 156.

157.    The allegations contained in paragraph 157 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 157 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 157.

158.    BHCP denies that it manufactured or labeled Xarelto®, and denies the remaining allegations contained in paragraph 158.  For a further response, BHCP states that the original Xarelto® label was issued in July 2011, and has been supplemented at various times since then. The Xarelto® labels, in their entirety, speak for themselves.  BHCP further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

159.    The allegations contained in paragraph 159 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 159 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 159.

160.    The allegations contained in paragraph 160 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 160 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160, and therefore those allegations are denied.

161.    BHCP denies the allegations contained in paragraph 161.  For a further response, BHCP states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

162.    The allegations contained in paragraph 162 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 162 on behalf of any entity other than BHCP.  The allegations contained in paragraph 162 state conclusions of law to

36

which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP manufactured or distributed Xarelto®.  Because of the vagueness and ambiguity of the remaining allegations contained in paragraph 162, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

163.    The allegations contained in paragraph 163 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 163 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 163.

164.    The allegations contained in paragraph 164 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 164 on behalf of any entity other than BHCP.  BHCP denies the allegations in the first sentence in paragraph 164. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 164, and therefore the allegations in the second sentence in paragraph 164 are denied.

165.    The allegations contained in paragraph 165 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 165 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 165.

166.    BHCP denies the allegations contained in paragraph 166.

167.    The allegations contained in paragraph 167 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 167 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 167.

168.     The allegations contained in paragraph 168 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 168 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 168.

169.     The allegations contained in paragraph 169 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 169 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 169.

<u>ANSWER TO</u>
<u>SECOND CAUSE OF ACTION</u>

170.     BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiffs' attempt in paragraph 170 to plead the Second Cause of Action of the Complaint pursuant to unidentified states' laws is legally sufficient.  BHCP denies any and all claims that Plaintiffs may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiffs' claims, and the laws of the states of Defendants' principal places of business and incorporation.

171.     The allegations contained in paragraph 171 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 171 on behalf of any entity other than BHCP.  The allegations contained in paragraph 171 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®, including any duty with respect to the design, manufacture, sale, labeling, marketing, promotion, or distribution of Xarelto®. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or

38

promoted Xarelto®.   BHCP denies that BHCP designed, manufactured, sold, labeled or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 171 to the extent not specifically admitted.

172.    The   allegations   contained   in   paragraph   172   are   directed   to   Defendants collectively.  BHCP is not answering the allegations contained in paragraph 172 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 172.

173.    The   allegations   contained   in   paragraph   173   are   directed   to   Defendants collectively.  BHCP is not answering the allegations contained in paragraph 173 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 173, including all subparts.

174.    The   allegations   contained   in   paragraph   174   are   directed   to   Defendants collectively.  BHCP is not answering the allegations contained in paragraph 174 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 174.

175.    The   allegations   contained   in   paragraph   175   are   directed   to   Defendants collectively.  BHCP is not answering the allegations contained in paragraph 175 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 175.

176.    The   allegations   contained   in   paragraph   176   are   directed   to   Defendants collectively.  BHCP is not answering the allegations contained in paragraph 176 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 176, including all subparts.

177.    The   allegations   contained   in   paragraph   177   are   directed   to   Defendants collectively.  BHCP is not answering the allegations contained in paragraph 177 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 177.

178.    The allegations contained in paragraph 178 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 178 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 178.

179.    The allegations contained in paragraph 179 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 179 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 179.

180.    The allegations contained in paragraph 180 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 180 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 180.

181.    The allegations contained in paragraph 181 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 181 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 181.

<u>ANSWER TO</u>
<u>THIRD CAUSE OF ACTION</u>

182.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiffs' attempt in paragraph 182 to plead the Third Cause of Action of the Complaint pursuant to unidentified states' laws is legally sufficient.  BHCP denies any and all claims that Plaintiffs may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiffs' claims, and the laws of the states of Defendants' principal places of business and incorporation.

2641349-1

183.    The allegations contained in paragraph 183 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 183 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 183.

184.    The allegations contained in paragraph 184 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 184 on behalf of any entity other than BHCP.  BHCP admits that BHCP had some involvement in certain aspects of the research and testing of Xarelto®.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP designed, manufactured, advertised, sold or distributed Xarelto®.  BHCP denies that BHCP has recently acquired any Defendant that designed, researched, manufactured, tested, advertised, promoted, marketed, sold or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 184 to the extent not specifically admitted.

185.    The allegations contained in paragraph 185 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 185 on behalf of any entity other than BHCP.  BHCP admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold or distributed.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP produced, manufactured, sold or distributed Xarelto®.  BHCP denies the allegations contained in paragraph 185 to the extent not specifically admitted.

186.    BHCP denies the allegations contained in paragraph 186.

187.    The allegations contained in paragraph 187 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 187 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 187.

188.    The allegations contained in paragraph 188 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 188 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 188.

189.    The allegations contained in paragraph 189 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 189 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 189.

190.    The allegations contained in paragraph 190 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 190 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 190.

191.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 191, and therefore those allegations are denied.

192.    The allegations contained in paragraph 192 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 192 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 192.

193.    The allegations contained in paragraph 193 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 193 on behalf of any entity other than BHCP.  The allegations contained in paragraph 193 state conclusions of law to which no response is required.  To the extent that a response is required, BHCP denies the allegations contained in paragraph 193.

194.    The allegations contained in paragraph 194 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 194 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 194.

195.    The allegations contained in paragraph 195 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 195 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 195.

196.    The allegations contained in paragraph 196 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 196 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 196.

197.    The allegations contained in paragraph 197 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 197 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 197.

198.    BHCP denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 198.

199.    The allegations contained in paragraph 199 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 199 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 199.

200.    The allegations contained in paragraph 200 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 200 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 200.

201.    The allegations contained in paragraph 201 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 201 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 201.

2641349-1

202.    The allegations contained in paragraph 202 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 202 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the condition of any Xarelto® that was allegedly ingested by Plaintiff Rawleigh Mitchell, and therefore those allegations are denied.  BHCP denies that BHCP manufactured, distributed or sold Xarelto®.  BHCP denies the remaining allegations contained in paragraph 202.

203.    The allegations contained in paragraph 203 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 203 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs did not misuse or alter any Xarelto® that was allegedly ingested by Plaintiff Rawleigh Mitchell, and therefore those allegations are denied.  BHCP denies the remaining allegations contained in paragraph 203.

204.    The allegations contained in paragraph 204 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 204 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 204, including all subparts.

205.    The allegations contained in paragraph 205 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 205 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 205.

206.    The allegations contained in paragraph 206 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 206 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 206.

207.    The allegations contained in paragraph 207 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 207 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 207.

208.    The allegations contained in paragraph 208 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 208 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 208.

209.    The allegations contained in paragraph 209 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 209 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 209.

<u>ANSWER TO</u>
<u>FOURTH CAUSE OF ACTION</u>

210.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiffs' attempt in paragraph 210 to plead the Fourth Cause of Action of the Complaint pursuant to unidentified states' laws is legally sufficient.  BHCP denies any and all claims that Plaintiffs may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiffs' claims, and the laws of the states of Defendants' principal places of business and incorporation.

211.    The allegations contained in paragraph 211 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 211 on behalf of any entity other than BHCP.  The allegations contained in paragraph 211 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United

45

States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies the allegations contained in paragraph 211 to the extent not specifically admitted.

212. The allegations contained in paragraph 212 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 212 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 212.

213. The allegations contained in paragraph 213 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 213 on behalf of any entity other than BHCP. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe and fit for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies the allegations contained in paragraph 213 to the extent not specifically admitted.

214. The allegations contained in paragraph 214 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 214 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 214.

215. BHCP denies the allegations contained in paragraph 215.

216.    The allegations contained in paragraph 216 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 216 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff Rawleigh Mitchell and Plaintiff Rawleigh Mitchell's healthcare providers relied upon and whether that alleged reliance was reasonable, and therefore those allegations are denied.  BHCP denies the remaining allegations contained in paragraph 216.

217.    The allegations contained in paragraph 217 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 217 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 217, including all subparts.

218.    The allegations contained in paragraph 218 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 218 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff Rawleigh Mitchell relied upon and whether that alleged reliance was reasonable, and the allegations that Plaintiff Rawleigh Mitchell purchased and used Xarelto®, and therefore those allegations are denied.  BHCP denies the remaining allegations contained in paragraph 218.

219.    The allegations contained in paragraph 219 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 219 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 219.

220.    The allegations contained in paragraph 220 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 220 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 220.

221.    The allegations contained in paragraph 221 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 221 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 221.

<u>ANSWER TO</u>
<u>FIFTH CAUSE OF ACTION</u>

222.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiffs' attempt in paragraph 222 to plead the Fifth Cause of Action of the Complaint pursuant to unidentified states' laws is legally sufficient.  BHCP denies any and all claims that Plaintiffs may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiffs' claims, and the laws of the states of Defendants' principal places of business and incorporation.

223.    The allegations contained in paragraph 223 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 223 on behalf of any entity other than BHCP.  The allegations contained in paragraph 223 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as fit for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP

48

otherwise marketed or promoted Xarelto®. BHCP denies that BHCP distributed or sold Xarelto®. BHCP denies the allegations contained in paragraph 223 to the extent not specifically admitted.

224. The allegations contained in paragraph 224 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 224 on behalf of any entity other than BHCP. The allegations contained in paragraph 224 state conclusions of law to which no response is required. To the extent that a response is deemed required, because of the vagueness and ambiguity of the allegations contained in paragraph 224, BHCP lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore those allegations are denied.

225. BHCP denies the allegations contained in paragraph 225.

226. The allegations contained in paragraph 226 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 226 on behalf of any entity other than BHCP. BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff Rawleigh Mitchell relied upon and whether that alleged reliance was reasonable, and therefore those allegations are denied. BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals. BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®. For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided. BHCP denies the allegations contained in paragraph 226 to the extent not specifically admitted.

227.    The allegations contained in paragraph 227 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 227 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 227.

228.    The allegations contained in paragraph 228 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 228 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, or sold Xarelto®.  BHCP denies that BHCP has recently acquired any Defendant that manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, promoted, or sold Xarelto®.  BHCP denies the allegations contained in paragraph 228 to the extent not specifically admitted.

229.    The allegations contained in paragraph 229 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 229 on behalf of any entity other than BHCP.  The allegations contained in paragraph 229 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP

50

otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 229 to the extent not specifically admitted.

230.    The allegations contained in paragraph 230 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 230 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 230.

231.    The allegations contained in paragraph 231 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 231 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 231.

232.    The allegations contained in paragraph 232 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 232 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 232.

233.    The allegations contained in paragraph 233 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 233 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 233.

<u>ANSWER TO</u>
<u>SIXTH CAUSE OF ACTION</u>

234.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiffs' attempt in paragraph 234 to plead the Sixth Cause of Action of the Complaint pursuant to unidentified states' laws is legally sufficient.  BHCP denies any and all claims that Plaintiffs may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to

Plaintiffs' claims, and the laws of the states of Defendants' principal places of business and incorporation.

235.    The allegations contained in paragraph 235 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 235 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 235.

236.    The allegations contained in paragraph 236 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 236 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 236.

237.    The allegations contained in paragraph 237 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 237 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 237.

238.    The allegations contained in paragraph 238 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 238 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 238.

239.    The allegations contained in paragraph 239 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 239 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 239.

240.    The allegations contained in paragraph 240 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 240 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 240.

<u>ANSWER TO</u>
<u>SEVENTH CAUSE OF ACTION</u>

241.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiffs' attempt in paragraph 241 to

plead the Seventh Cause of Action of the Complaint pursuant to unidentified states' laws is legally sufficient.  BHCP denies any and all claims that Plaintiffs may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiffs' claims, and the laws of the states of Defendants' principal places of business and incorporation.

242.    The allegations contained in paragraph 242 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 242 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 242.

243.    The allegations contained in paragraph 243 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 243 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 243.

244.    The allegations contained in paragraph 244 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 244 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 244.

245.    BHCP denies the allegations contained in paragraph 245.

246.    The allegations contained in paragraph 246 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 246 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 246.

247.    The allegations contained in paragraph 247 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 247 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 247.

2641349-1

248.    The allegations contained in paragraph 248 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 248 on behalf of any entity other than BHCP.  The allegations contained in paragraph 248 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP further denies that BHCP deceived the public, Plaintiff Rawleigh Mitchell, Plaintiff Rawleigh Mitchell's healthcare providers, or the FDA.  BHCP denies the allegations contained in paragraph 248.

249.    The allegations contained in paragraph 249 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 249 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 249.

250.    The allegations contained in paragraph 250 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 250 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 250.

251.    The allegations contained in paragraph 251 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 251 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 251.

252.    The allegations contained in paragraph 252 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 252 on behalf of any entity other than BHCP.  BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 252 regarding reliance by Plaintiff Rawleigh Mitchell and/or Plaintiff Rawleigh Mitchell's respective healthcare professionals, and therefore those allegations contained in paragraph 252 are denied.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by

physicians in accordance with the labeling and prescribing information approved by the FDA. BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 252 to the extent not specifically admitted.  BHCP denies any and all wrongdoing implied by Plaintiffs in paragraph 252.

253.   The allegations contained in paragraph 253 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 253 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 253.

254.   The allegations contained in paragraph 254 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 254 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 254.

255.   The allegations contained in paragraph 255 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 255 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 255.

256.   The allegations contained in paragraph 256 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 256 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 256.

257.   The allegations contained in paragraph 257 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 257 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 257.

2641349-1

258.    The allegations contained in paragraph 258 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 258 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 258.

259.    The allegations contained in paragraph 259 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 259 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 259.

260.    The allegations contained in paragraph 260 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 260 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 260.

261.    The allegations contained in paragraph 261 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 261 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 261.

262.    The allegations contained in paragraph 262 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 262 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 262.

263.    The allegations contained in paragraph 263 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 263 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 263.

264.    The allegations contained in paragraph 264 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 264 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 264.

265.    The allegations contained in paragraph 265 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 265 on behalf of any

entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe and effective for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies that BHCP advertised Xarelto®, and denies the allegations contained in paragraph 265 to the extent not specifically admitted.

266.    The allegations contained in paragraph 266 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 266 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 266.

267.    The allegations contained in paragraph 267 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 267 on behalf of any entity other than BHCP.  The allegations contained in paragraph 267 state conclusions of law to which no response is required.  To the extent that a response is deemed required, BHCP denies that BHCP violated any applicable duty relating to Xarelto®.  BHCP denies that BHCP marketed Xarelto® directly to consumers, and denies the remaining allegations contained in paragraph 267.  For a further response, BHCP states that appropriate information and warnings regarding the risks associated with the use of Xarelto® were provided.

268.    The allegations contained in paragraph 268 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 268 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 268.

269.     BHCP denies the allegations contained in paragraph 269.

270.     The allegations contained in paragraph 270 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 270 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 270.

271.     The allegations contained in paragraph 271 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 271 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 271.

272.     The allegations contained in paragraph 272 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 272 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 272.

273.     The allegations contained in paragraph 273 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 273 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 273.

<u>ANSWER TO</u>
<u>EIGHTH CAUSE OF ACTION</u>

274.     BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiffs' attempt in paragraph 274 to plead the Eighth Cause of Action of the Complaint pursuant to unidentified states' laws is legally sufficient.  BHCP denies any and all claims that Plaintiffs may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiffs' claims, and the laws of the states of Defendants' principal places of business and incorporation.

275.    The allegations contained in paragraph 275 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 275 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 275.

276.    The allegations contained in paragraph 276 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 276 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 276.

277.    The allegations contained in paragraph 277 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 277 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 277.

278.    The allegations contained in paragraph 278 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 278 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 278, including all subparts.

279.    The allegations contained in paragraph 279 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 279 on behalf of any entity other than BHCP.  The allegations contained in paragraph 279 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP denies that BHCP engaged in any unfair trade practices and denies that Plaintiffs are entitled to any relief under any statute alleged in paragraph 279.  BHCP denies the allegations contained in paragraph 279.

280.    The allegations contained in paragraph 280 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 280 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 280.

2641349-1

281.    The allegations contained in paragraph 281 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 281 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 281.

282.    The allegations contained in paragraph 282 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 282 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 282.

283.    The allegations contained in paragraph 283 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 283 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 283.

284.    The allegations contained in paragraph 284 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 284 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 284.

285.    The allegations contained in paragraph 285 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 285 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 285.

286.    The allegations contained in paragraph 286 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 286 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 286.

<u>ANSWER TO</u>
<u>NINTH CAUSE OF ACTION</u>

287.    BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiffs' attempt in paragraph 287 to plead the Ninth Cause of Action of the Complaint pursuant to unidentified states' laws is legally sufficient.  BHCP denies any and all claims that Plaintiffs may make and asserts all available

60

defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiffs' claims, and the laws of the states of Defendants' principal places of business and incorporation.

288.    The allegations contained in paragraph 288 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 288 on behalf of any entity other than BHCP.  The allegations contained in paragraph 288 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP manufactured or sold Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 288 to the extent not specifically admitted.

289.    BHCP denies the allegations contained in paragraph 289.

290.    The allegations contained in paragraph 290 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 290 on behalf of any entity other than BHCP.  The allegations contained in paragraph 290 state conclusions of law to which no response is required.  To the extent a response is deemed required, BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the

61

indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP manufactured or sold Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 290 to the extent not specifically admitted.

291.     The allegations contained in paragraph 291 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 291 on behalf of any entity other than BHCP.  BHCP admits that BHCP had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals.  BHCP admits that BHCP promoted Xarelto® as safe for the indications approved by the FDA, when prescribed to patients by physicians in accordance with the labeling and prescribing information approved by the FDA.  BHCP denies that BHCP otherwise marketed or promoted Xarelto®.  BHCP denies that BHCP manufactured or sold Xarelto®.  For a further response, BHCP states that appropriate warnings regarding the risks associated with the use of Xarelto® were provided.  BHCP denies the allegations contained in paragraph 291 to the extent not specifically admitted.

292.     BHCP denies the allegations contained in paragraph 292.

293.     The allegations contained in paragraph 293 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 293 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 293.

## ANSWER TO
## TENTH CAUSE OF ACTION

294.     BHCP incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.  BHCP denies that Plaintiffs' attempt in paragraph 294 to

plead the Tenth Cause of Action of the Complaint pursuant to unidentified states' laws is legally sufficient. BHCP denies any and all claims that Plaintiffs may make and asserts all available defenses that may be appropriate under applicable law, including without limitation all defenses set forth in this Answer, as well as all applicable defenses under the state laws applicable to Plaintiffs' claims, and the laws of the states of Defendants' principal places of business and incorporation.

295.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 295 as to whether Plaintiff Rawleigh Mitchell had a spouse, and therefore those allegations are denied. BHCP denies the remaining allegations contained in paragraph 295.

296.    No response is required as to the allegations contained in paragraph 296. To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 296, and therefore those allegations are denied.

297.    No response is required as to the allegations contained in paragraph 297. To the extent a response is deemed required, the allegations contained in paragraph 297 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 297 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 297.

298.    No response is required as to the allegations contained in paragraph 298. To the extent a response is deemed required, the allegations contained in paragraph 298 are directed to Defendants collectively. BHCP is not answering the allegations contained in paragraph 298 on behalf of any entity other than BHCP. BHCP denies the allegations contained in paragraph 298.

2641349-1

299.    BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 299, and therefore those allegations are denied.

300.    The allegations contained in paragraph 300 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 300 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 300.

301.    The allegations contained in paragraph 301 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 301 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 301.

302.    No response is required as to the allegations contained in paragraph 302.  To the extent a response is deemed required, BHCP lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 302, and therefore those allegations are denied.

303.    No response is required as to the allegations contained in paragraph 303.  To the extent a response is deemed required, the allegations contained in paragraph 303 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 303 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 303.

304.    No response is required as to the allegations contained in paragraph 304.  To the extent a response is deemed required, the allegations contained in paragraph 304 are directed to Defendants collectively.  BHCP is not answering the allegations contained in paragraph 304 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 304.

305.    No response is required as to the allegations contained in paragraph 305.  To the extent a response is deemed required, the allegations contained in paragraph 305 are directed to

Defendants collectively.  BHCP is not answering the allegations contained in paragraph 305 on behalf of any entity other than BHCP.  BHCP denies the allegations contained in paragraph 305.

ANSWER TO
PRAYER FOR RELIEF

BHCP denies the allegations contained in the unnumbered paragraph following paragraph 305 and its subparagraphs, and denies any wrongdoing whatsoever.  BHCP denies that it is liable to Plaintiffs, either for damages, and/or any other relief or costs or attorneys' fees or interest in any amount whatsoever.

BHCP requests that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiffs, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

ANSWER TO
DEMAND FOR JURY TRIAL

The paragraph under the heading "Demand for Jury Trial" contains no factual allegations and requires no response.  BHCP hereby demands a trial by jury on all issues so triable.

All allegations of the Complaint not expressly admitted are denied.

DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to BHCP in this matter.  BHCP accordingly asserts these separate defenses. Upon completion of discovery, if the facts warrant, BHCP may withdraw any of these defenses as may be appropriate.  By setting forth these defenses, BHCP does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiffs'

65

allegations.  BHCP further reserves the right to amend its Answer and Defenses, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of defenses, BHCP states as follows:

1.    Plaintiffs' Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.

2.    BHCP preserves lack of service of process or insufficiency of service of process to the extent BHCP has not been served properly either under the Federal Rules of Civil Procedure or under the alternative procedures for service of process stipulated by certain defendants in this Court.

3.    Pursuant to Fed. R. Civ. P. 12(b)(3), BHCP asserts the defense of improper venue, as venue may be improper in this district.

4.    This Court may not be the proper forum, and may be an inconvenient forum, for the just adjudication of Plaintiffs' claims.

5.    Some or all of Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

6.    Plaintiffs' claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

7.    Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate Plaintiffs' alleged damages.

8.    The acts and omissions of Plaintiffs caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence.  Plaintiffs' recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

9.      Plaintiffs' recovery, if any, is barred or must be reduced by the applicable states' contributory negligence and/or comparative negligence law.

10.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

11.     Plaintiffs' recovery, if any, against BHCP is subject to the applicable states' several or joint and several liability law.

12.     To the extent that BHCP is found jointly and severally liable, which is expressly denied, BHCP is entitled to contribution from other defendants and/or relies upon applicable states' law regarding contribution among tortfeasors.

13.     Plaintiffs' Complaint may fail to join indispensable parties necessary for the just adjudication of this matter.

14.     If Plaintiff Rawleigh Mitchell suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff Rawleigh Mitchell.  Plaintiffs' recovery accordingly is barred or should be reduced by Plaintiff Rawleigh Mitchell's assumption of the risk.

15.     If the injuries claimed by Plaintiffs were related to the use of Xarelto®, which is expressly denied, any such injuries were the result of an idiosyncratic or allergic reaction to Xarelto®.

16.     The injuries and damages claimed by Plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of BHCP was not the proximate and/or competent producing cause of such alleged injuries and damages.

17. The injuries and damages claimed by Plaintiffs, if any, are barred or must be reduced or apportioned, because those damages arose from the acts or omissions of persons or entities other than BHCP, for whom BHCP has no legal responsibility.

18. The alleged injuries sustained by Plaintiff Rawleigh Mitchell, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which BHCP has no legal responsibility.

19. If Plaintiffs sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®.  Plaintiffs' recovery is accordingly barred.

20. The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including BHCP.

21. Plaintiffs' claims are barred, because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

22. The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

23. Plaintiffs' Complaint fails to state a claim to the extent BHCP did not manufacture or distribute the product allegedly used by Plaintiff Rawleigh Mitchell.

24. BHCP owed no legal duty to Plaintiff Rawleigh Mitchell because BHCP did not manufacture or distribute Xarelto®.

25. Plaintiffs' Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion, and sale of Xarelto®, including, but not limited to, adequate warnings and

instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art.  Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time. Plaintiffs' recovery accordingly is barred.

26.     The methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of Xarelto®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package inserts and other literature, conformed to the applicable state of the art.  Such conformity creates a rebuttable presumption that Xarelto® was not defective and that there was no negligence.

27.     Plaintiffs' claims are barred, because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing, or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiffs' recovery.

28.     The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and instructions.

29.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of BHCP.

30.     Plaintiffs' causes of action are or may be barred in whole or in part by Plaintiffs' failure to assert a safer design for Xarelto®.

31.     Plaintiffs' product liability causes of action are or may be barred because Xarelto® was consistent with or exceeded physician or consumer expectations.

32.     Plaintiffs are barred from recovering any damages to the extent that there was no practical or technically feasible alternative design or formulation that would have prevented the

harm alleged by Plaintiffs without substantially impairing the usefulness or intended purpose of Xarelto®.

33.     Plaintiffs' claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts, including, but not limited to, the Restatement (Third) of Torts: Product Liability, § 6, comment f, and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

34.     Plaintiffs' claims are or may be barred, in whole or in part, by the applicable states' products liability law.

35.     BHCP asserts all defenses available to it under any applicable states' products liability law.

36.     BHCP gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, BHCP intends to rely upon same in defense of this action.

37.     The prescription drug Xarelto® complied with the applicable product safety regulations promulgated by the FDA.  Compliance with such regulations demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing, promotion, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiffs' recovery is accordingly barred.

38.     The prescription drug Xarelto® complied with the applicable federal and/or state safety codes, statutes, rules, regulations or standards.  Compliance with such codes, statutes, rules, regulations and standards demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that BHCP is

2641349-1

entitled to a presumption that the product is neither defective nor unreasonably dangerous.  Plaintiffs' claims and any recovery are accordingly barred.

39.     Any claims by Plaintiffs relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

40.     Plaintiffs' claims are barred, in whole or in part, because the commercial speech relating to Xarelto® is protected under the First Amendment and Fourteenth Amendment of the United States Constitution and the applicable state constitution.

41.     Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

42.     Plaintiffs' claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion, and labeling.

43.     To the extent that Plaintiffs' claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

44.     Plaintiffs cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs, because the remedy sought by Plaintiffs is subject to the exclusive regulation of the FDA.

45.     This Court should abstain from adjudicating Plaintiffs' claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

2641349-1

46.     Plaintiffs did not detrimentally rely on any labeling, warnings, or information concerning Xarelto®.

47.     BHCP did not misrepresent or conceal any fact or warranties material to Plaintiff Rawleigh Mitchell's treatment with Xarelto®.  Any opinions or commendations expressed by BHCP are not actionable as representations or warranties.

48.     Plaintiff Rawleigh Mitchell's prescribing physicians did not rely on any alleged misrepresentations or concealment by BHCP in treating Plaintiff Rawleigh Mitchell, or in states where the learned intermediary doctrine does not apply, Plaintiff Rawleigh Mitchell did not rely on any alleged misrepresentations or concealment by BHCP.

49.     Applicable law does not recognize a post-sale duty to warn in the present circumstances.  Accordingly, to the extent that Plaintiffs seek recovery for any alleged breach of a post-sale duty to warn, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

50.     Each item of economic loss alleged in the Complaint may have been or may be replaced or indemnified in whole or in part by collateral sources, and therefore is not recoverable in this action.

51.     To the extent that Plaintiffs' Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

52.     To the extent that Plaintiffs' claims have been settled or Plaintiffs will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of BHCP, if any, should be reduced accordingly.

53.     Plaintiffs' claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

54.     Plaintiffs' claims for breach of warranty are barred, because Plaintiffs failed to give timely notice of any alleged breach of warranty.

55.     BHCP did not sell or distribute Xarelto® to Plaintiff Rawleigh Mitchell, and Plaintiff Rawleigh Mitchell did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiffs' claims for breach of warranty, express or implied, are barred by lack of privity between Plaintiff Rawleigh Mitchell and BHCP.

56.     Plaintiffs' claims for breach of warranty, express or implied, are barred by the applicable states' Uniform Commercial Code or other applicable law.

57.     Plaintiffs fail to state a claim for express warranty because there was no affirmation of fact or promise made by BHCP relating to the product that was the basis of the bargain.

58.     Plaintiffs' Complaint fails to state a claim for fraud, and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure 9(b).

59.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

60.     No act or omission of BHCP caused or contributed to Plaintiffs' alleged injuries. Further, the Complaint fails to allege conduct by BHCP upon which an award of punitive or exemplary damages can be based.  No act or omission of BHCP qualifies Plaintiffs to punitive damages under any applicable states' punitive damages laws.  Accordingly, Plaintiffs' Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

61.     BHCP denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been or can be produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

62.     Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate BHCP's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution and similar state constitutional provisions, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and similar state constitutional provisions, and the prohibition against excessive fines in the United States Constitution and similar state constitutional provisions, and would contravene other provisions of the United States Constitution and any applicable state constitution.

63.     Plaintiffs cannot recover punitive or exemplary damages against BHCP, because such an award, which is penal in nature, would violate BHCP's constitutional rights under the United States Constitution and any applicable state constitution, unless BHCP is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

64.     Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution and similar state constitutional provisions, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

65.     Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*,

517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

66.     With respect to Plaintiffs' demand for punitive or exemplary damages, BHCP specifically reserves the right to assert any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under any state law that may be applicable to Plaintiffs' claims, including, but not limited to, New Jersey law, including the provisions of the Punitive Damages Act, N.J.S.A. 2A:15-5.9 et seq., and/or any other applicable state law.  BHCP reserves the right to seek bifurcation of Plaintiffs' punitive damages claims pursuant to any applicable law, including, but not limited to, N.J.S.A. 2A:15-5.13.

67.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the applicable states' law regarding punitive damages.

68.     Plaintiffs' claims for non-economic damages is limited by applicable states' law on non-economic damages.

69.     Plaintiffs' recovery, if any, is subject to the applicable states' limitations on damages.

70.     Plaintiffs' claims for recovery are limited by any applicable states' statutory and common law limitations on awards, caps on recovery, and set-offs.

71.     Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest, post-judgment interest, successor liability, agency, joint venture liability, or refunds.

72.    Plaintiffs' claims for costs, fees and/or interest are barred and/or limited for failure to comply with the requirements of the applicable states' law.

73.    Plaintiffs' claims for consortium-related damages are barred to the extent that any other claim contained in Plaintiffs' Complaint is or may be barred.

74.    If Plaintiffs have filed bankruptcy during the relevant time period of the events alleged in the Complaint or file for bankruptcy at some point in the future, the claims of Plaintiffs may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiffs, or, if not disclosed by Plaintiffs on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

75.    Plaintiffs' actions should be dismissed to the extent Plaintiffs have asserted the same claims in actions pending in other jurisdictions.

76.    Some or all of Plaintiffs' claims are barred, in whole or in part, by any prescription and/or peremption periods.

77.    Any claims for detrimental reliance are barred under Louisiana law.

78.    BHCP pleads the provisions and limitations of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq.* (the "LPLA"), and all the limitations and defenses set forth therein, including but not limited to, industry custom, technological feasibility, and compliance with standards and regulations.

79.    BHCP specifically pleads the applicability and exclusivity of the LPLA, and specifically avers that Plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the LPLA.

80.     Plaintiffs' claims are limited to those allowed under the LPLA, and Plaintiffs' relief, if any, is limited to relief allowed under the LPLA.   Plaintiffs' claims are barred by applicable provisions of the LPLA.

81.     Xarelto® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA.

82.     La. Rev. Stat. 9:2800.59 applies, and Xarelto® was designed, manufactured, packaged, labeled, sold and distributed in conformity with the then-existing reasonably available scientific and technological knowledge, and, therefore BHCP can have no liability in the premises.

83.     Plaintiffs' compensatory damages, if any, are limited to those permitted under Louisiana Civil Code Article 2315.

84.     Under Louisiana Civil Code Articles 2323 and 2324, BHCP is not liable for more than its own degree of fault, if any, and is not solidarily liable with other persons or entities for damages attributable to the fault of such persons or entities.

85.     Under Louisiana Civil Code Article 2323, Plaintiffs' claims are barred or limited by Plaintiffs' own negligence, carelessness, and/or comparative fault, which was a direct and proximate cause of Plaintiffs' injuries or damages, if any.

86.     With respect to each and every cause of action, Plaintiffs are not entitled to relief to the extent that Plaintiffs are unable to prove the identity of the manufacturer and/or supplier of the precise products used by Plaintiff Rawleigh Mitchell.

87.     Plaintiffs' demand for punitive damages is barred by the LPLA.

88.     Plaintiffs' Complaint fails to state a claim for unlawful conduct under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.*,

because BHCP completely complied with the applicable law in connection with the promotion of Xarelto®.

89.    Plaintiffs' Complaint fails to state a claim for misleading or unfair advertising or for deceptive business practices under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.,* because BHCP's promotion of Xarelto® was not misleading, unfair or deceptive.

90.    Plaintiffs' claims are barred in whole or in part because the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.*, is insufficiently definite to provide adequate or fair notice of the conduct proscribed, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the due process protections of the applicable state constitution.

91.    Plaintiffs' claims are barred in whole or in part because the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.,* unconstitutionally burdens interstate business practices relating to prescription drugs, which are heavily regulated by the FDA.

92.    Plaintiffs' action should be stayed or dismissed because Plaintiffs have not exhausted the administrative remedies as required under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.*

93.    Any civil penalties and remedies that Plaintiffs seek are barred as excessive fines or penalties prohibited under the Eighth and Fourteenth Amendments to the United States Constitution and the excessive fines and/or penalties clause of the applicable state constitution.

94.     Plaintiffs' claims under the Louisiana Unfair Trade Practices and Consumer Protection Law are barred by the exclusivity provisions of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq.*

95.     BHCP asserts all defenses and limitations under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.*

96.     Plaintiffs' claims under the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1401, *et seq.*, are barred to the extent that Plaintiffs' claims were brought more than one year after the alleged transaction or act which Plaintiffs allege gives rise to Plaintiffs' claim.

97.     BHCP did not breach any warranties created by law.  To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are barred for lack of privity with BHCP and/or for failure of Plaintiffs, or Plaintiffs' representative, to comply with all applicable requirements for a breach of warranty claim.

98.     BHCP did not sell or distribute the prescription drug Xarelto® to Plaintiff Rawleigh Mitchell, and Plaintiff Rawleigh Mitchell did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiffs' claims are therefore barred by lack of privity between Plaintiff Rawleigh Mitchell and BHCP.

99.     BHCP specifically denies that Xarelto® contained any redhibitory defect.

100.     BHCP specifically pleads that Plaintiffs' redhibition claim is proscribed under La. C.C. P. Art. 2534.

101.     BHCP specifically pleads that it owes no warranty for anything sold to Plaintiffs that contained any defect, any such defect being specifically denied, that was known to Plaintiffs at the time of the sale or that should have been discovered by a reasonably prudent buyer.

102.   BHCP affirmatively pleads that it was not aware, at any relevant time, of the existence of any defect in anything sold to Plaintiffs.

103.   BHCP has no liability to Plaintiffs under any theory of redhibition because Plaintiffs cannot establish that Xarelto® could not be used or was too inconvenient to use.

104.   BHCP has no liability to Plaintiffs under any theory of redhibition because Plaintiffs cannot establish that Xarelto® was not fit for its ordinary use.

105.   BHCP has no liability to Plaintiffs under any theory of redhibition to the extent that Plaintiffs failed to tender any product allegedly sold by BHCP that allegedly contained a redhibitory defect and has not made an amicable demand upon BHCP.

106.   BHCP has no liability to Plaintiffs under any theory of redhibition to the extent that Plaintiffs have waived Plaintiffs' redhibition rights.

107.   BHCP adopts all defenses available under the law which governs the action.

108.   BHCP adopts and incorporates by reference all defenses pled by other defendants except to the extent that they are inconsistent with BHCP's defenses pled in this Answer.

109.   BHCP expressly reserves the right to amend this Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

**WHEREFORE**, BHCP requests that Plaintiffs' Complaint be dismissed with prejudice, that judgment be entered in favor of BHCP and against Plaintiffs, and that BHCP be awarded the costs of this action, together with such other and further relief as may be appropriate.

2641349-1

<u>JURY DEMAND</u>

BHCP hereby demands a trial by jury on all issues so triable.

February 18, 2016.

Respectfully submitted,

*/s/ John F. Olinde*
John F. Olinde, #1515
Peter J. Rotolo, III, #21848
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Email: olinde@chaffe.com
Email: rotolo@chaffe.com

Steven Glickstein
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-7910
Telephone: (212)836-8485
Email: steven.glickstein@kayescholer.com

William Hoffman
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Telephone: (202) 682-3550
Email: William.hoffman@kayescholer.com

Pamela J. Yates
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6048
Telephone: (310) 788-1278
Email: pamela.yates@kayescholer.com

2641349-1

Fred M. Haston, III
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8303
Email: thaston@babc.com

*ATTORNEYS FOR BAYER HEALTHCARE PHARMACEUTICALS INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ John F. Olinde*

2641349-1