**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL No. 2592 |
| | ) | SECTION: L |
| WILLIAM HENRY, | ) | |
| Plaintiff, | ) | JUDGE FALLON |
| | ) | |
| v. | ) | MAG. JUDGE NORTH |
| | ) | |
| JANSSEN RESEARCH & DEVELOPMENT, | ) | C.A. No. 2:15-cv-00224-EEF-MBN |
| LLC F/K/A JOHNSON AND JOHNSON | ) | |
| PHARMACEUTICAL RESEARCH AND | ) | JURY TRIAL DEMANDED |
| DEVELOPMENT, LLC, JANSSEN ORTHO | ) | |
| LLC, JANSSEN PHARMACEUTICA, INC. | ) | |
| F/K/A ORTHO-MCNEIL-JANSSEN | ) | |
| PHARMACEUTICALS, INC., | ) | |
| BAYER HEALTHCARE | ) | |
| PHARMACEUTICALS, INC., | ) | |
| BAYER PHARMA AG, | ) | |
| BAYER CORPORATION, | ) | |
| BAYER HEALTHCARE, LLC, | ) | |
| BAYER HEALTHCARE AG AND BAYER AG, | ) | |
| Defendants. | ) | |

**ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT
BAYER PHARMA AG TO PLAINTIFF'S COMPLAINT**

Defendant Bayer Pharma AG serves its Answer and Additional Defenses to Plaintiff's

Complaint (the "Complaint") and states as follows:

ANSWER TO
JURISDICTION AND VENUE

1.      To the extent that paragraph 1 states a legal conclusion, no response is required.

To the extent a response is deemed required, Bayer Pharma AG admits that this Court has

subject matter jurisdiction of this action under 28 U.S.C. §1332, that there is complete diversity

of citizenship, and that Plaintiff claims more than $75,000.00 in damages.  Bayer Pharma AG denies any liability.

2.      To the extent that paragraph 2 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 2 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 2 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 regarding the propriety of venue under 28 U.S.C. § 1391, and therefore those allegations contained in paragraph 2 are denied.  Bayer Pharma AG denies the allegations contained in paragraph 2.

3.      To the extent that paragraph 3 states a legal conclusion, no response is required. To the extent a response is deemed required, the allegations contained in paragraph 3 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 3 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 3.

<u>ANSWER TO</u>
<u>NATURE OF THE CASE</u>

4.      Bayer Pharma AG admits that Xarelto®, also known as rivaroxaban, is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of deep vein thrombosis ("DVT"), pulmonary embolism ("PE"), and for the reduction in the risk of recurrence of DVT and PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff used Xarelto®, and therefore that allegation

2

contained in paragraph 4 is denied.  Bayer Pharma AG denies the allegations contained in paragraph 4 to the extent not specifically admitted.

5.     The allegations contained in paragraph 5 are directed at Bayer Pharma AG and other entities collectively referred to as "Defendants."  Bayer Pharma AG is not answering the Complaint on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG admits that Bayer Pharma AG participated in the design, research and testing of Xarelto®.  Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  Bayer Pharma AG denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States.  For a further response, Bayer Pharma AG states that, prior to December 30, 2008, there was a German company named Bayer HealthCare AG (the "company named Bayer HealthCare AG that existed prior to December 30, 2008").  Bayer Pharma AG further states that, effective December 30, 2008, the company named Bayer HealthCare AG that existed prior to December 30, 2008 was merged into Bayer Schering Pharma AG, now known as Bayer Pharma AG, and ceased to exist. Bayer Pharma AG responds to allegations contained in the Complaint on its own behalf and as successor by merger to the company named Bayer HealthCare AG that existed prior to December 30, 2008.  Bayer Pharma AG further states that effective January 5, 2009, a separate German company that was created in February 2008 was renamed Bayer HealthCare AG (the "company now named Bayer HealthCare AG").  References in the Complaint to "Bayer HealthCare AG" are understood by Bayer Pharma AG to be referring to the company now named Bayer HealthCare AG, and Bayer Pharma AG responds accordingly.  Bayer Pharma AG denies the allegations contained in paragraph 5 to the extent not specifically admitted.

2642483-1

6.      The allegations contained in paragraph 6 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 6 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 6.

7.      The allegations contained in paragraph 7 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 7 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 7.

8.      The allegations contained in paragraph 8 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 8 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 8.

9.      The allegations contained in paragraph 9 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 9 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 9.

10.      The allegations contained in paragraph 10 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 10 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 10.

11.      The allegations contained in paragraph 11 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 11 on behalf of any

entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 11.

12.     Bayer Pharma AG denies the allegations contained in paragraph 12.

<u>ANSWER TO</u>
<u>PARTY PLAINTIFF</u>

13.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and therefore the allegations contained in paragraph 13 are denied.

14.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore the allegations contained in paragraph 14 are denied.

15.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15, and therefore the allegations contained in paragraph 15 are denied.

16.     The allegations contained in paragraph 16 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 16 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 16.

17.     The allegations contained in paragraph 17 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 17 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 17.

2642483-1

<u>ANSWER TO</u>
<u>PARTY DEFENDANTS</u>

18.     The allegations contained in paragraph 18 are not directed to Bayer Pharma AG, and therefore no response is required.

19.     The allegations contained in paragraph 19 are not directed to Bayer Pharma AG, and therefore no response is required.

20.     The allegations contained in paragraph 20 are not directed to Bayer Pharma AG, and therefore no response is required.

21.     The allegations contained in paragraph 21 are not directed to Bayer Pharma AG, and therefore no response is required.

22.     The allegations contained in paragraph 22 are not directed to Bayer Pharma AG, and therefore no response is required.

23.     The allegations contained in paragraph 23 are not directed to Bayer Pharma AG, and therefore no response is required.

24.     The allegations contained in paragraph 24 are not directed to Bayer Pharma AG, and therefore no response is required.

25.     The allegations contained in paragraph 25 are not directed to Bayer Pharma AG, and therefore no response is required.

26.     The allegations contained in paragraph 26 are not directed to Bayer Pharma AG, and therefore no response is required.

27.     The allegations contained in paragraph 27 are not directed to Bayer Pharma AG, and therefore no response is required.

28.     The allegations contained in paragraph 28 are not directed to Bayer Pharma AG, and therefore no response is required.

2642483-1

29.     The allegations contained in paragraph 29 are not directed to Bayer Pharma AG, and therefore no response is required.

30.     The allegations contained in paragraph 30 are not directed to Bayer Pharma AG, and therefore no response is required.

31.     The allegations contained in paragraph 31 are not directed to Bayer Pharma AG, and therefore no response is required.

32.     The allegations contained in paragraph 32 are not directed to Bayer Pharma AG, and therefore no response is required.

33.     The allegations contained in paragraph 33 are not directed to Bayer Pharma AG, and therefore no response is required.

34.     The allegations contained in paragraph 34 are not directed to Bayer Pharma AG, and therefore no response is required.

35.     The allegations contained in paragraph 35 are not directed to Bayer Pharma AG, and therefore no response is required.

36.     The allegations contained in paragraph 36 are not directed to Bayer Pharma AG, and therefore no response is required.

37.     The allegations contained in paragraph 37 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in New Jersey.  Bayer Pharma AG denies the allegations contained in paragraph 37 to the extent not specifically admitted.

38.     The allegations contained in paragraph 38 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is

2642483-1

deemed required, Bayer Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. was formerly known as Berlex, Inc., which was formerly known as Berlex Laboratories, Inc., and that Bayer HealthCare Pharmaceuticals Inc. is the same corporate entity as Berlex, Inc. and Berlex Laboratories, Inc.  Bayer Pharma AG denies the allegations contained in paragraph 38 to the extent not specifically admitted.

39.     The allegations contained in paragraph 39 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. had some involvement in certain aspects of the research and development of Xarelto®, also known as rivaroxaban.  Bayer Pharma AG further admits that Bayer HealthCare Pharmaceuticals Inc. had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that Bayer HealthCare Pharmaceuticals Inc. otherwise marketed or promoted Xarelto®.   Bayer Pharma AG denies that Bayer HealthCare Pharmaceuticals Inc. sold Xarelto®.   Bayer Pharma AG denies the allegations contained in paragraph 39 to the extent not specifically admitted.

40.     The allegations contained in paragraph 40 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40, and therefore the allegations contained in paragraph 40 are denied.

41.     The allegations contained in paragraph 41 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG lacks knowledge or information sufficient to form a belief

2642483-1

as to the truth of the allegations contained in paragraph 41, and therefore the allegations contained in paragraph 41 are denied.

42.    The allegations contained in paragraph 42 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, the allegations contained in paragraph 42 are vague and ambiguous.  As such, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42, and therefore the allegations contained in paragraph 42 are denied.

43.    The allegations contained in paragraph 43 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG admits that Bayer HealthCare Pharmaceuticals Inc. had some involvement in certain aspects of the research and testing of Xarelto®.  Bayer Pharma AG further admits that Bayer HealthCare Pharmaceuticals Inc. had limited involvement in promoting Xarelto® to a certain limited number of United States healthcare professionals, and denies that Bayer HealthCare Pharmaceuticals Inc. otherwise marketed or promoted Xarelto®.  Bayer Pharma AG denies that Bayer HealthCare Pharmaceuticals Inc. designed, manufactured, advertised, sold, or distributed Xarelto®.  Bayer Pharma AG admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery.  Bayer Pharma AG denies the allegations contained in paragraph 43 to the extent not specifically admitted.

2642483-1

44.     Bayer Pharma AG admits that Bayer Pharma AG is a German company with its principal place of business in Germany.  Bayer Pharma AG admits that Bayer Pharma AG is a pharmaceutical company.  Bayer Pharma AG denies the allegations contained in paragraph 44 to the extent not specifically admitted.

45.     Bayer Pharma AG admits that Bayer Pharma AG was formerly known as Bayer Schering Pharma AG, which was formerly known as Schering AG, and that Bayer Pharma AG is the same corporate entity as Bayer Schering Pharma AG and Schering AG.  Bayer Pharma AG denies the allegations contained in paragraph 45 to the extent not specifically admitted.

46.     Bayer Pharma AG admits that Schering AG was renamed Bayer Schering Pharma AG effective December 29, 2006.  Bayer Pharma AG denies the allegations contained in paragraph 46 to the extent not specifically admitted.

47.     Bayer Pharma AG admits that Bayer Schering Pharma AG was renamed Bayer Pharma AG effective July 1, 2011.  Bayer Pharma AG denies the allegations contained in paragraph 47 to the extent not specifically admitted.

48.     Bayer Pharma AG admits that Bayer Pharma AG participated in the research and development of Xarelto®, also known as rivaroxaban.  Bayer Pharma AG denies that Bayer Pharma AG sold or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 48 to the extent not specifically admitted.

49.     Bayer Pharma AG denies the allegations contained in paragraph 49.

50.     Bayer Pharma AG denies the allegations contained in paragraph 50.

51.     Bayer Pharma AG denies the allegations contained in paragraph 51.

52.     Bayer Pharma AG admits that Bayer Pharma AG participated in the design, research, and testing of Xarelto®.  Bayer Pharma AG admits that Bayer Pharma AG

2642483-1

manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States. Bayer Pharma AG denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States. Bayer Pharma AG admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery. Bayer Pharma AG denies the allegations contained in paragraph 52 to the extent not specifically admitted.

53.     The allegations contained in paragraph 53 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG. To the extent a response is deemed required, Bayer Pharma AG admits that Bayer Corporation is an Indiana corporation with its principal place of business at 100 Bayer Road, Pittsburgh, Pennsylvania 15205. Bayer Pharma AG denies the allegations contained in paragraph 53 to the extent not specifically admitted.

54.     The allegations contained in paragraph 54 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG. To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in the first sentence in paragraph 54. Bayer Pharma AG states that all of the issued and outstanding shares of common stock of Bayer HealthCare Pharmaceuticals Inc. are owned by Schering Berlin Inc., that Schering Berlin Inc. is wholly owned by Bayer HealthCare Holdings LLC, and that the sole member of Bayer HealthCare Holdings LLC is Bayer Corporation. Because of the vagueness and ambiguity of the remaining allegations contained in paragraph 54, Bayer Pharma AG lacks knowledge or

information sufficient to form a belief as to the truth of those allegations, and therefore the remaining allegations contained in paragraph 54 are denied.

55. The allegations contained in paragraph 55 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG. To the extent a response is deemed required, Bayer Pharma AG states that since January 1, 2003, Bayer Corporation has been a holding company that does not conduct operations. Bayer Pharma AG further states that before January 1, 2003, Bayer Corporation conducted operations through divisions. Bayer Pharma AG denies that Bayer Corporation researched, developed, designed, licensed, manufactured, distributed, sold or marketed Xarelto®, except that Bayer Pharma AG admits that a former division of Bayer Corporation, as it was configured before January 1, 2003, participated in the early development of Xarelto®. For a further response, Bayer Pharma AG states that relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer HealthCare Pharmaceuticals Inc. Bayer Pharma AG denies the allegations contained in paragraph 55 to the extent not specifically admitted.

56. The allegations contained in paragraph 56 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG. To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 56.

57. The allegations contained in paragraph 57 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG. To the extent a response is deemed required, Bayer Pharma AG admits that Bayer HealthCare LLC is a limited liability company formed in Delaware and that Bayer HealthCare LLC's principal place of business is in New Jersey. Bayer Pharma AG denies the allegations contained in paragraph 57 to the extent not specifically admitted.

12

58.     The allegations contained in paragraph 58 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence in paragraph 58, and therefore those allegations contained in the first sentence in paragraph 58 are denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 58.

59.     The allegations contained in paragraph 59 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, the allegations contained in paragraph 59 are vague and ambiguous.  As such, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and therefore the allegations contained in paragraph 59 are denied.

60.     The allegations contained in paragraph 60 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG denies, on information and belief, the allegations contained in paragraph 60.

61.     The allegations contained in paragraph 61 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG admits that Bayer HealthCare AG has its principal place of business in Germany.  Bayer Pharma AG denies the allegations contained in paragraph 61 to the extent not specifically admitted.

62.     The allegations contained in paragraph 62 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 62.

63.     The allegations contained in paragraph 63 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 63.

64.     The allegations contained in paragraph 64 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 64.

65.     The allegations contained in paragraph 65 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG admits that Bayer AG is a German company with its headquarters in Leverkusen, North Rhine-Westphalia, Germany.   Bayer Pharma AG admits that at all relevant times since October 1, 2003, Bayer AG was a holding company and that the business areas conducted by its various direct and indirect subsidiaries included material science, crop science and healthcare, including pharmaceuticals.   Bayer Pharma AG denies the allegations contained in paragraph 65 to the extent not specifically admitted.

66.     The allegations contained in paragraph 66 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 66.

67.     The allegations contained in paragraph 67 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.   To the extent a response is deemed required, Bayer Pharma AG admits that Bayer Pharma AG and Bayer HealthCare AG

14

are wholly owned by Bayer AG and that Bayer HealthCare Pharmaceuticals Inc., Bayer Corporation, and Bayer HealthCare LLC are indirectly owned by Bayer AG.  Bayer Pharma AG denies the allegations contained in paragraph 67 to the extent not specifically admitted.

68.     The allegations contained in paragraph 68 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 68.

69.     The allegations contained in paragraph 69 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 69.

70.     The allegations contained in paragraph 70 are not directed to Bayer Pharma AG, and therefore do not require a response of Bayer Pharma AG.  To the extent a response is deemed required, Bayer Pharma AG states that since October 1, 2003, at all relevant times, Bayer AG was a holding company that did not conduct operations.  Bayer Pharma AG further states that before January 1, 2003, Bayer AG conducted its pharmaceutical operations through a division.  Bayer Pharma AG denies that Bayer AG designed, researched, manufactured, tested, advertised, promoted, marketed, sold, or distributed Xarelto®, except that Bayer Pharma AG admits that a former division of Bayer AG, as it was configured before January 1, 2003, participated in the early development of Xarelto®.  Relevant documentation regarding work relating to Xarelto® of such former division is now held by Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 70 to the extent not specifically admitted.

<u>ANSWER TO</u>
<u>FACTUAL BACKGROUND</u>

71.     The allegations contained in paragraph 71 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 71 on

behalf of any entity other than Bayer Pharma AG. Bayer Pharma AG admits that Bayer Pharma AG participated in the design, research and testing of Xarelto®. Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States. Bayer Pharma AG denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States. Bayer Pharma AG admits that Xarelto® is a factor Xa inhibitor indicated in the United States to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation; for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE; and for the prophylaxis of DVT, which may lead to PE in patients undergoing knee or hip replacement surgery. Bayer Pharma AG denies the allegations contained in paragraph 71 to the extent not specifically admitted.

72. The allegations contained in paragraph 72 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 72 on behalf of any entity other than Bayer Pharma AG. Bayer Pharma AG admits that on July 1, 2011, Xarelto®, also known as rivaroxaban, was approved by the FDA for the prophylaxis of DVT which may lead to PE in patients undergoing knee or hip replacement surgery. Bayer Pharma AG denies the allegations contained in paragraph 72 to the extent not specifically admitted.

73. The allegations contained in paragraph 73 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 73 on behalf of any entity other than Bayer Pharma AG. Bayer Pharma AG admits that on November 4, 2011, Xarelto® was approved by the FDA to reduce the risk of stroke and systemic embolism

in patients with nonvalvular atrial fibrillation.   Bayer Pharma AG denies the allegations contained in paragraph 73 to the extent not specifically admitted.

74.     Bayer Pharma AG admits that on November 2, 2012, Xarelto® was approved by the FDA for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and of PE, and that the Xarelto® labeling in the United States as of November 2012 reflected information regarding the indication for the treatment of DVT, PE, and for the reduction in the risk of recurrence of DVT and PE.   Bayer Pharma AG denies the allegations contained in paragraph 74 to the extent not specifically admitted.

75.     The allegations contained in paragraph 75 are directed to Defendants collectively. Bayer Pharma AG is not answering the allegations contained in paragraph 75 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG admits that Xarelto® was first available for prescription in the United States in 2011, by physicians in accordance with the labeling and prescribing information approved by the FDA.   Bayer Pharma AG denies the allegations contained in paragraph 75 to the extent not specifically admitted.

76.     Bayer Pharma AG admits that Xarelto® is an oral anticoagulant and a factor Xa inhibitor available in the United States by prescription.   Bayer Pharma AG further admits that Xarelto® is available in the United States in the following dosage: 20 mg tablets, 15 mg tablets, and 10 mg tablets.   Bayer Pharma AG denies the allegations contained in paragraph 76 to the extent not specifically admitted.

77.     Bayer Pharma AG admits that the Regulation of Coagulation in Orthopedic Surgery to Prevent Deep Venous Thrombosis and Pulmonary Embolism clinical trials (the "RECORD" clinical trials) were conducted and involved evaluating the use of Xarelto® for the prevention of venous thromboembolism in patients undergoing total knee replacement or total

17

hip replacement.  The results of the RECORD clinical trials, in their entirety, speak for themselves.  The New England Journal of Medicine and Lancet articles referenced in paragraph 77, in their entirety, speak for themselves.  Bayer Pharma AG denies the allegations contained in paragraph 77 to the extent not specifically admitted.

78.     Bayer Pharma AG admits that the Rivaroxaban Once Daily Oral Direct Factor Xa Inhibition Compared with Vitamin K Antagonism for Prevention of Stroke and Embolism Trial in Atrial Fibrillation clinical trial (the "ROCKET AF" clinical trial) was conducted and involved evaluating the use of Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The results of the ROCKET AF clinical trial, in their entirety, speak for themselves.  The New England Journal of Medicine article referenced in paragraph 78, in its entirety, speaks for itself.  Bayer Pharma AG denies the allegations contained in paragraph 78 to the extent not specifically admitted.

79.     Bayer Pharma AG admits that the clinical trial EINSTEIN-DVT was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of deep vein thrombosis in patients with confirmed acute symptomatic deep vein thrombosis without symptomatic pulmonary embolism.  Bayer Pharma AG admits that the clinical trial EINSTEIN-PE was a comparative study conducted and that involved evaluating the use of Xarelto® for the prevention of pulmonary embolism in patients with confirmed acute symptomatic pulmonary embolism with or without symptomatic deep vein thrombosis.  Bayer Pharma AG admits that the clinical trial EINSTEIN-Extension was a comparative study conducted and that involved evaluating the use of Xarelto® for the long term prevention of recurrent symptomatic venous thromboembolism in patients with confirmed symptomatic deep vein thrombosis or pulmonary embolism and who had received prior treatment with Xarelto® or

a vitamin K antagonist before clinical trial enrollment.  The results of the EINSTEIN-DVT, EINSTEIN-PE, and EINSTEIN-Extension clinical trials, in their entirety, speak for themselves.  The New England Journal of Medicine articles referenced in paragraph 79, in their entirety, speak for themselves.  Plaintiff has cited an article entitled *Oral rivaroxaban after symptomatic venous thromboembolism: the continued treatment study*, from the Expert Review of Cardiovascular Therapy.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the accuracy of Plaintiff's characterization of that article, and therefore Plaintiff's characterization is denied. Bayer Pharma AG denies the allegations contained in paragraph 79 to the extent not specifically admitted.

80.    The allegations contained in paragraph 80 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 80 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG promoted Xarelto® in the United States.   Bayer Pharma AG denies Plaintiff's characterization of the promotional materials for Xarelto®.   Bayer Pharma AG denies the remaining allegations contained in paragraph 80.  For a further response, Bayer Pharma AG states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

81.    The allegations contained in paragraph 81 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 81 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG marketed Xarelto® in the United States.  Because Plaintiff's allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of those allegations,

and therefore those allegations contained in paragraph 81 are denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 81.

82.     Bayer Pharma AG admits that Plaintiff has quoted selected excerpts from the October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, regarding statements purportedly made by FDA reviewers regarding Xarelto®.  The October 3, 2012, issue of QuarterWatch published by the Institute for Safe Medication Practices, in its entirety, speaks for itself, and Bayer Pharma AG is not admitting the accuracy of any information or assertions in the QuarterWatch publication.  For a further response, the statements made by FDA reviewers regarding Xarelto®, in their entirety, speak for themselves.  Bayer Pharma AG denies the allegations contained in paragraph 82 to the extent not specifically admitted.

83.     Bayer Pharma AG admits that a specific reversal agent for Xarelto® is not available.  Bayer Pharma AG admits that the original United States Xarelto® label provided in the Overdosage section that a specific reversal agent for Xarelto® is not available.  Bayer Pharma AG further states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.  Bayer Pharma AG denies the allegations contained in paragraph 83 to the extent not specifically admitted.

84.     The allegations contained in paragraph 84 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 84 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG promoted or advertised Xarelto® in the United States, and denies the remaining allegations contained in the first sentence in paragraph 84.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second

20

sentence in paragraph 84, and therefore the allegations contained in the second sentence in paragraph 84 are denied.

85.    The allegations contained in paragraph 85 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 85 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG marketed Xarelto® in the United States, and denies the remaining allegations contained in paragraph 85.

86.    The allegations contained in paragraph 86 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 86 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in the first sentence in paragraph 86 reference a website which Plaintiff fails to identify, denying Bayer Pharma AG information it needs to fully assess Plaintiff's allegations.  Therefore, Bayer Pharma AG denies the allegations contained in the first sentence in paragraph 86.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in paragraph 86, and therefore the allegations contained in the second sentence in paragraph 86 are denied.

87.    The allegations contained in paragraph 87 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 87 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 87 are vague, and in addition Plaintiff fails to identify their source material which prevents Bayer Pharma AG from fully assessing the allegations.  Bayer Pharma AG therefore denies those allegations.  Bayer Pharma AG affirmatively states that Xarelto® sales data for the years 2012 and 2013 is publicly available.

88.     The allegations contained in paragraph 88 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 88 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that it marketed or advertised Xarelto® in the United States, and denies the remaining allegations contained in paragraph 88.

89.     The allegations contained in paragraph 89 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 89 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 89.

90.     The allegations contained in paragraph 90 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 90 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that the FDA Office of Prescription Drug Promotion ("OPDP") sent an untitled letter to Bayer Pharma AG regarding a print advertisement for Xarelto®.  For a further response, Bayer Pharma AG states, on information and belief, that the OPDP sent an untitled letter to Johnson & Johnson International, Inc. on or about June 6, 2013.  Bayer Pharma AG denies the allegations contained in paragraph 90 regarding the contents of the letter from the OPDP regarding a print advertisement for Xarelto® to the extent that they are inconsistent with the language of the letter or omit portions of the letter.  The referenced OPDP letter, in its entirety, speaks for itself.  Bayer Pharma AG denies the remaining allegations contained in paragraph 90.

91.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 91 regarding Plaintiff's awareness, and

therefore that allegation contained in paragraph 91 is denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 91.

92.     The allegations contained in paragraph 92 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 92 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG promoted Xarelto® in the United States, and denies the remaining allegations contained in paragraph 92.

93.     The allegations contained in paragraph 93 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 93 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG marketed or promoted Xarelto® in the United States, and denies the remaining allegations contained in paragraph 93.

94.     The allegations contained in paragraph 94 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 94 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 94.  For a further response, Bayer Pharma AG states that the Medication Guide for Xarelto®, in its entirety, speaks for itself.  Bayer Pharma AG further states that appropriate warnings were provided regarding the risks associated with the use of Xarelto®.

95.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95, and therefore the allegations contained in paragraph 95 are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  Bayer Pharma AG further responds that

all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

96.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96, and therefore the allegations contained in paragraph 96 are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  Bayer Pharma AG further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

97.     Plaintiff fails to identify the specific publication that Plaintiff purportedly quotes from in paragraph 97.  Bayer Pharma AG denies the allegations contained in paragraph 97.

98.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98, and therefore the allegations contained in paragraph 98 are denied.  For a further response, the submission of a MedWatch form to the FDA does not constitute an admission or assertion that the use of Xarelto® caused or contributed to the event that is the subject of the MedWatch form.  Bayer Pharma AG further responds that all anticoagulants approved for use in the United States are associated with reports of adverse events, and that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

99.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99, and therefore the allegations contained in paragraph 99 are denied.

100.     The allegations contained in paragraph 100 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 100 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 100.

101.     The allegations contained in paragraph 101 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 101 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG labeled Xarelto® in the United States, and denies the remaining allegations contained in paragraph 101, including all subparts.  For a further response, Bayer Pharma AG states that the labeling for Xarelto® provided appropriate warnings regarding the risks associated with the use of Xarelto®.

102.     The allegations contained in paragraph 102 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 102 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG marketed or labeled Xarelto® in the United States, and denies the remaining allegations contained in paragraph 102.

103.     The allegations contained in paragraph 103 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 103 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 103.

104.    The allegations contained in paragraph 104 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 104 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 104.

105.    The allegations contained in paragraph 105 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 105 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 105.

106.    The allegations contained in paragraph 106 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 106 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 106.

107.    The allegations contained in paragraph 107 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 107 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 107.

108.    The allegations contained in paragraph 108 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 108 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 108.

2642483-1

ANSWER TO
FIRST CAUSE OF ACTION AS AGAINST THE DEFENDANTS
(NEGLIGENCE)

109.    Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

110.    The allegations contained in paragraph 110 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 110 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 110 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies that Bayer Pharma AG violated any applicable duty relating to Xarelto®, including any duty with respect to the design, research, manufacture, marketing, supply, promotion, packaging, sale, or distribution of Xarelto®.  Bayer Pharma AG admits that Bayer Pharma AG participated in the design and research of Xarelto®.  Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States, and denies that Bayer Pharma AG packaged Xarelto®, which was distributed in the United States.  Bayer Pharma AG denies that Bayer Pharma AG marketed, supplied, promoted, sold, or distributed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 110 to the extent not specifically admitted.

111.    The allegations contained in paragraph 111 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 111 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 111.

112.    The allegations contained in paragraph 112 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 112 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 112, including all subparts.

113.    The allegations contained in paragraph 113 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 113 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 113.

114.    The allegations contained in paragraph 114 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 114 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 114.

115.    The allegations contained in paragraph 115 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 115 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 115, including all subparts.

116.    The allegations contained in paragraph 116 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 116 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 116.

117.    The allegations contained in paragraph 117 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 117 on

behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 117.

118.   The allegations contained in paragraph 118 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 118 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 118.

119.   The allegations contained in paragraph 119 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 119 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 119.

<u>ANSWER TO</u>
<u>SECOND CAUSE OF ACTION AS AGAINST THE DEFENDANTS</u>
<u>(STRICT PRODUCTS LIABILITY)</u>

120.   Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

121.   The allegations contained in paragraph 121 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 121 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG admits that Bayer Pharma AG participated in the design, research and testing of Xarelto®.  Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  Bayer Pharma AG denies that Bayer Pharma AG advertised, promoted, marketed, sold, or distributed Xarelto® in the United States.  Bayer Pharma AG denies that Bayer Pharma AG has recently acquired any Defendant that designed, researched, manufactured, tested,

29

advertised, promoted, marketed, sold, or distributed Xarelto®.  Bayer Pharma AG denies the allegations contained in paragraph 121 to the extent not specifically admitted.

122.    The allegations contained in paragraph 122 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 122 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG admits that it expected Xarelto® to reach patients, who were prescribed Xarelto® by physicians in accordance with FDA-approved labeling, without substantial change from the condition in which Xarelto® was sold or distributed.  Bayer Pharma AG denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States, and denies that Bayer Pharma AG sold, distributed or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 122 to the extent not specifically admitted.

123.    Bayer Pharma AG denies the allegations contained in paragraph 123.

124.    The allegations contained in paragraph 124 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 124 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 124.

125.    The allegations contained in paragraph 125 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 125 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 125.

126.    The allegations contained in paragraph 126 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 126 on

behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 126.

127.     The allegations contained in paragraph 127 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 127 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 127.

128.     Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128, and therefore the allegations contained in paragraph 128 are denied.

129.     The allegations contained in paragraph 129 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 129 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 129.

130.     The allegations contained in paragraph 130 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 130 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 130 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies that Bayer Pharma AG violated any applicable duty relating to Xarelto®, and denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  Bayer Pharma AG denies that Xarelto® was dangerous, and denies the remaining allegations contained in paragraph 130.

131.     The allegations contained in paragraph 131 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 131 on

behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 131.

132.   The allegations contained in paragraph 132 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 132 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 132.

133.   The allegations contained in paragraph 133 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 133 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 133.

134.   The allegations contained in paragraph 134 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 134 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 134.

135.   Bayer Pharma AG denies that Xarelto® is defective or dangerous and denies the remaining allegations contained in paragraph 135.

136.   The allegations contained in paragraph 136 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 136 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 136.

137.   The allegations contained in paragraph 137 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 137 on

behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 137.

138.    The allegations contained in paragraph 138 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 138 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 138.

139.    The allegations contained in paragraph 139 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 139 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 139.

140.    The allegations contained in paragraph 140 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 140 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 140.

141.    The allegations contained in paragraph 141 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 141 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 141.

142.    The allegations contained in paragraph 142 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 142 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 142.

2642483-1

## ANSWER TO
## THIRD CAUSE OF ACTION AS AGAINST THE DEFENDANTS
## (BREACH OF EXPRESS WARRANTY)

143.    Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

144.    The allegations contained in paragraph 144 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 144 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 144 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 144 as they pertain to Bayer Pharma AG.  For a further response, Bayer Pharma AG states that Xarelto® was approved by the FDA for sale in the United States for the indications in its FDA-approved labeling, which labeling provided appropriate warnings regarding the risks associated with the use of Xarelto®.  Bayer Pharma AG denies any remaining allegations contained in paragraph 144.

145.    The allegations contained in paragraph 145 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 145 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 145.

146.    The allegations contained in paragraph 146 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 146 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 about what Plaintiff relied upon, and therefore those allegations contained in paragraph 146 are denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 146.

147.    The allegations contained in paragraph 147 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 147 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 about what "[m]embers of the medical community, including physicians and other healthcare professionals" relied upon, and therefore those allegations contained in paragraph 147 are denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 147.

148.    The allegations contained in paragraph 148 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 148 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 148.

149.    The allegations contained in paragraph 149 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 149 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 149 as they pertain to Bayer Pharma AG.  For a further response, Bayer Pharma AG states that Xarelto® was approved by the FDA for sale in the United States for the indications in its FDA-approved labeling, which labeling provided appropriate warnings regarding the risks associated with the use of Xarelto®.  Bayer Pharma AG denies any remaining allegations contained in paragraph 149.

150.    The allegations contained in paragraph 150 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 150 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 150.

151.    The allegations contained in paragraph 151 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 151 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 151.

152.    The allegations contained in paragraph 152 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 152 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 152.

ANSWER TO
FOURTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS
(BREACH OF IMPLIED WARRANTIES)

153.    Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

154.    The allegations contained in paragraph 154 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 154 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG admits that Bayer Pharma AG manufactured the active pharmaceutical ingredient in Xarelto®, but denies that Bayer Pharma AG manufactured finished product of Xarelto®, which was distributed in the United States.  Bayer Pharma AG denies that Bayer Pharma AG compounded, portrayed, distributed, recommended, merchandized, advertised, or sold Xarelto® in the United States.  Bayer Pharma AG denies that Bayer Pharma AG has recently acquired any Defendant that manufactured, compounded, portrayed, distributed, recommended, merchandized, advertised, promoted, or sold Xarelto®.  Bayer Pharma AG denies the allegations contained in paragraph 154 to the extent not specifically admitted.

2642483-1

155.    The allegations contained in paragraph 155 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 155 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 155 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 155 as they pertain to Bayer Pharma AG.  For a further response, Bayer Pharma AG states that Xarelto® was approved by the FDA for sale in the United States for the indications in its FDA-approved labeling, which labeling provided appropriate warnings regarding the risks associated with the use of Xarelto®. Bayer Pharma AG denies any remaining allegations contained in paragraph 155.

156.    The allegations contained in paragraph 156 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 156 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 156 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies the allegations contained in paragraph 156 as they pertain to Bayer Pharma AG.  For a further response, Bayer Pharma AG states that Xarelto® was approved by the FDA for sale in the United States for the indications in its FDA-approved labeling, which labeling provided appropriate warnings regarding the risks associated with the use of Xarelto®. Bayer Pharma AG denies any remaining allegations contained in paragraph 156.

157.    The allegations contained in paragraph 157 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 157 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 157.

158.    The allegations contained in paragraph 158 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 158 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 about what "Plaintiff, and/or members of the medical community and/or healthcare professionals" relied upon, and therefore those allegations contained in paragraph 158 are denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 158.

159.    The allegations contained in paragraph 159 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 159 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 about what "Plaintiff and Plaintiff's physicians and healthcare professionals" relied upon and whether that alleged reliance was reasonable, and therefore those allegations contained in paragraph 159 are denied.  Bayer Pharma AG denies the remaining allegations contained in paragraph 159.

160.    The allegations contained in paragraph 160 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 160 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 160.

161.    The allegations contained in paragraph 161 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 161 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 161.

2642483-1

162.     The allegations contained in paragraph 162 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 162 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 162.

163.     The allegations contained in paragraph 163 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 163 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 163.

<u>ANSWER TO</u>
<u>FIFTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS</u>
<u>(FRAUDULENT MISREPRESENTATION)</u>

164.     Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

165.     The allegations contained in paragraph 165 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 165 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 165.

166.     The allegations contained in paragraph 166 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 166 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 166.

167.     The allegations contained in paragraph 167 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 167 on

behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 167.

168.    The allegations contained in paragraph 168 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 168 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 168.

169.    The allegations contained in paragraph 169 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 169 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 169.

170.    The allegations contained in paragraph 170 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 170 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 170.

171.    The allegations contained in paragraph 171 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 171 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 171.

172.    The allegations contained in paragraph 172 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 172 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 172.

173.   The allegations contained in paragraph 173 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 173 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 173.

174.   The allegations contained in paragraph 174 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 174 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 174.

175.   The allegations contained in paragraph 175 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 175 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 175.

<u>ANSWER TO</u>
<u>SIXTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS</u>
<u>(FRAUDULENT CONCEALMENT)</u>

176.   Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

177.   The allegations contained in paragraph 177 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 177 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 177.

178.   The allegations contained in paragraph 178 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 178 on

behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 178.

179.    The allegations contained in paragraph 179 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 179 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 179, including all subparts.

180.    The allegations contained in paragraph 180 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 180 on behalf of any entity other than Bayer Pharma AG.   The allegations contained in paragraph 180 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies that Xarelto® was defective and denies the remaining allegations contained in paragraph 180.

181.    The allegations contained in paragraph 181 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 181 on behalf of any entity other than Bayer Pharma AG.   Bayer Pharma AG denies the allegations contained in paragraph 181.  Bayer Pharma AG denies that Xarelto® was defective.

182.    The allegations contained in paragraph 182 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 182 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 182.

183.    The allegations contained in paragraph 183 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 183 on

2642483-1

behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 183.

184.    The allegations contained in paragraph 184 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 184 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 184.

185.    The allegations contained in paragraph 185 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 185 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 185.

186.    The allegations contained in paragraph 186 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 186 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 186.

<u>ANSWER TO</u>
<u>SEVENTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS</u>
<u>(FRAUD AND DECEIT)</u>

187.    Bayer Pharma AG incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully set forth herein.

188.    The allegations contained in paragraph 188 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 188 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 188 are nonsensical, vague, and ambiguous.  Bayer Pharma AG lacks knowledge or information

2642483-1

sufficient to form a belief as to the truth of the allegations contained in paragraph 188, and therefore the allegations contained in paragraph 188 are denied.

189.    The allegations contained in paragraph 189 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 189 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 189.

190.    The allegations contained in paragraph 190 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 190 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 190.

191.    The allegations contained in paragraph 191 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 191 on behalf of any entity other than Bayer Pharma AG.  The allegations contained in paragraph 191 state conclusions of law to which no response is required.  To the extent a response is deemed required, Bayer Pharma AG denies that Bayer Pharma AG violated any applicable duty relating to Xarelto®.  Bayer Pharma AG further denies that Bayer Pharma AG deceived the public, Plaintiff, Plaintiff's healthcare providers, or the FDA.  Bayer Pharma AG denies the allegations contained in paragraph 191.

192.    The allegations contained in paragraph 192 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 192 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 192.

193.    The allegations contained in paragraph 193 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 193 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG made submissions regarding Xarelto® to the FDA and denies that Bayer Pharma AG advertised or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 193 regarding the contents of any information allegedly distributed or submitted by Bayer Pharma AG to the extent that they are inconsistent with any such distributions or submissions or omit portions of any such distributions or submissions.  Bayer Pharma AG denies the remaining allegations contained in paragraph 193.

194.    The allegations contained in paragraph 194 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 194 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 194.

195.    The allegations contained in paragraph 195 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 195 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 195.

196.    The allegations contained in paragraph 196 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 196 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 196.

197.    The allegations contained in paragraph 197 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 197 on

45

behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 197.

198.  The allegations contained in paragraph 198 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 198 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 198.

199.  The allegations contained in paragraph 199 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 199 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG made submissions regarding Xarelto® to the FDA and denies that Bayer Pharma AG advertised or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 199 regarding the contents of any information allegedly distributed or submitted by Bayer Pharma AG to the extent that they are inconsistent with any such distributions or submissions or omit portions of any such distributions or submissions.  Bayer Pharma AG denies the remaining allegations contained in paragraph 199.

200.  The allegations contained in paragraph 200 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 200 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG made submissions regarding Xarelto® to the FDA and denies that Bayer Pharma AG advertised or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 200 regarding the contents of any information allegedly distributed or submitted by Bayer Pharma AG to the extent that they are inconsistent with any such

distributions or submissions or omit portions of any such distributions or submissions.  Bayer Pharma AG denies the remaining allegations contained in paragraph 200.

201.   The allegations contained in paragraph 201 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 201 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 201.

202.   The allegations contained in paragraph 202 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 202 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 202.

203.   The allegations contained in paragraph 203 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 203 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 203.

204.   The allegations contained in paragraph 204 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 204 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG made submissions regarding Xarelto® to the FDA and denies that Bayer Pharma AG advertised or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 204 regarding the contents of any documents allegedly distributed or submitted by Bayer Pharma AG to the extent that they are inconsistent with any such documents or omit portions of any such documents.  Bayer Pharma AG denies the remaining allegations contained in paragraph 204.

205.    The allegations contained in paragraph 205 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 205 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG made submissions regarding Xarelto® to the FDA and denies that Bayer Pharma AG advertised or marketed Xarelto® in the United States.  Bayer Pharma AG denies the allegations contained in paragraph 205 regarding the contents of any documents allegedly distributed or submitted by Bayer Pharma AG to the extent that they are inconsistent with any such documents or omit portions of any such documents.  Bayer Pharma AG denies the remaining allegations contained in paragraph 205.

206.    The allegations contained in paragraph 206 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 206 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 206.

207.    The allegations contained in paragraph 207 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 207 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 207.

208.    The allegations contained in paragraph 208 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 208 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 208.

209.    The allegations contained in paragraph 209 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 209 on

behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 209.

210.    The allegations contained in paragraph 210 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 210 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 210.

211.    The allegations contained in paragraph 211 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 211 on behalf of any entity other than Bayer Pharma AG.  Because of the vagueness and ambiguity of the allegations contained in paragraph 211, Bayer Pharma AG lacks without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore the allegations contained in paragraph 211 are denied.

212.    The allegations contained in paragraph 212 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 212 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies that Bayer Pharma AG marketed, promoted or advertised Xarelto® in the United States, and denies the remaining allegations contained in paragraph 212.

213.    The allegations contained in paragraph 213 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 213 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 213 regarding reliance by Plaintiff and/or Plaintiff's respective healthcare professionals, and therefore those allegations contained in paragraph 213 are denied.  Bayer Pharma AG denies that

Bayer Pharma AG marketed or promoted Xarelto® in the United States, and denies the remaining allegations contained in paragraph 213.   Bayer Pharma AG denies any and all wrongdoing implied by Plaintiff in paragraph 213.

214.   The allegations contained in paragraph 214 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 214 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 214.

215.   The allegations contained in paragraph 215 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 215 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 215.

216.   The allegations contained in paragraph 216 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 216 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 216.

217.   The allegations contained in paragraph 217 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 217 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 217.

218.   The allegations contained in paragraph 218 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 218 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 218.

219.    The allegations contained in paragraph 219 are directed to Defendants collectively.  Bayer Pharma AG is not answering the allegations contained in paragraph 219 on behalf of any entity other than Bayer Pharma AG.  Bayer Pharma AG denies the allegations contained in paragraph 219.

ANSWER TO
PRAYER FOR RELIEF

220 – 228.    Bayer Pharma AG denies any allegations contained in paragraphs 220 through 228, and denies any wrongdoing whatsoever.  Bayer Pharma AG denies that it is liable to Plaintiff, either for damages, and/or any other relief or costs or attorneys' fees or interest in any amount whatsoever.

Bayer Pharma AG requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of Bayer Pharma AG and against Plaintiff, and that Bayer Pharma AG be awarded the costs of this action, together with such other and further relief as may be appropriate.

ANSWER TO
DEMAND FOR JURY TRIAL

The paragraph under the heading "Demand for Jury Trial" contains no factual allegations and requires no response.  Bayer Pharma AG hereby demands a trial by jury on all issues so triable.

All allegations of the Complaint not expressly admitted are denied.

DEFENSES

Discovery and investigation may reveal that one or more of the following defenses should be available to Bayer Pharma AG in this matter.  Bayer Pharma AG accordingly asserts these separate defenses.  Upon completion of discovery, if the facts warrant, Bayer Pharma AG

51

may withdraw any of these defenses as may be appropriate.  By setting forth these defenses, Bayer Pharma AG does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiff's allegations.  Bayer Pharma AG further reserves the right to amend its Answer and Defenses, and to assert additional defenses and other claims, as this matter proceeds.

Further answering, and by way of defenses, Bayer Pharma AG states as follows:

1.      Plaintiff's Complaint, and each and every count contained therein, fails to state a cause of action or claim upon which relief can be granted.

2.      The Court lacks personal jurisdiction over Bayer Pharma AG with respect to Plaintiff's claims.

3.      Bayer Pharma AG preserves lack of service of process or insufficiency of service of process to the extent Bayer Pharma AG has not been served properly either under the Federal Rules of Civil Procedure or under the alternative procedures for service of process stipulated by certain defendants in this Court.

4.      This Court is an improper venue for the trial of this action.

5.      This Court is not the proper forum for the trial of this action and is an inconvenient forum for the just adjudication of Plaintiff's claims.

6.      Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

7.      Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

8.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate Plaintiff's alleged damages.

9.      The acts and omissions of Plaintiff caused and/or contributed to the alleged damages, thereby barring or reducing the amount of recovery under the doctrines of contributory negligence and/or comparative negligence.  Plaintiff's recovery, if any, therefore is barred or should be apportioned in accordance with applicable law.

10.     Plaintiff's recovery, if any, is barred or must be reduced by the applicable states' contributory negligence and/or comparative negligence law.

11.     Plaintiff's Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

12.     Plaintiff's recovery, if any, against Bayer Pharma AG is subject to the applicable states' several or joint and several liability law.

13.     To the extent that Bayer Pharma AG is found jointly and severally liable, which is expressly denied, Bayer Pharma AG is entitled to contribution from other defendants and/or relies upon applicable states' law regarding contribution among tortfeasors.

14.     Plaintiff's Complaint may fail to join indispensable parties necessary for the just adjudication of this matter.

15.     If Plaintiff suffered injuries as alleged in the Complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiff.  Plaintiff's recovery accordingly is barred or should be reduced by Plaintiff's assumption of the risk.

2642483-1

16.     If the injuries claimed by Plaintiff were related to the use of Xarelto®, which is expressly denied, any such injuries were the result of an idiosyncratic or allergic reaction to Xarelto®.

17.     The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Bayer Pharma AG was not the proximate and/or competent producing cause of such alleged injuries and damages.

18.     The injuries and damages claimed by Plaintiff, if any, are barred or must be reduced or apportioned, because those damages arose from the acts or omissions of persons or entities other than Bayer Pharma AG, for whom Bayer Pharma AG has no legal responsibility.

19.     The alleged injuries sustained by Plaintiff, if any, were caused, in whole or in part, by pre-existing physical, medical, and/or physiological conditions, for which Bayer Pharma AG has no legal responsibility.

20.     If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse, or use inconsistent with the labeling of the prescription drug Xarelto®.  Plaintiff's recovery is accordingly barred.

21.     The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Bayer Pharma AG.

22.     Plaintiff's claims are barred, because the benefits of Xarelto® outweigh the risks, if any, that might be associated with the product.

23.     The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

54

24.     Plaintiff's Complaint fails to state a claim to the extent Bayer Pharma AG did not manufacture or distribute the product allegedly used by Plaintiff.

25.     Bayer Pharma AG owed no legal duty to Plaintiff because Bayer Pharma AG did not manufacture finished product of Xarelto®, which was distributed in the United States, and did not market or distribute Xarelto® in the United States.

26.     Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing, promotion, and sale of Xarelto®, including, but not limited to, adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art.  Xarelto®, including its labeling approved by the FDA, complied with the state of scientific and medical knowledge available at the time. Plaintiff's recovery accordingly is barred.

27.     The methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of Xarelto®, including but not limited to adequate warnings and instructions with respect to the product's use included in the product's package inserts and other literature, conformed to the applicable state of the art.  Such conformity creates a rebuttable presumption that Xarelto® was not defective and that there was no negligence.

28.     Plaintiff's claims are barred, because Xarelto® was neither defective nor unreasonably dangerous in its design, manufacture, marketing, or promotion and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiff's recovery.

29.     The warnings and instructions accompanying Xarelto® at the time of the occurrence or injuries alleged by Plaintiff were legally adequate warnings and instructions.

30. Plaintiff's alleged damages were not caused by any failure to warn on the part of Bayer Pharma AG.

31. Plaintiff's causes of action are or may be barred in whole or in part by Plaintiff's failure to assert a safer design for Xarelto®.

32. Plaintiff's product liability causes of action are or may be barred because Xarelto® was consistent with or exceeded physician or consumer expectations.

33. Plaintiff is barred from recovering any damages to the extent that there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by Plaintiff without substantially impairing the usefulness or intended purpose of Xarelto®.

34. Plaintiff's claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts, including, but not limited to, the Restatement (Third) of Torts: Product Liability, § 6, comment f, and the Restatement (Second) of Torts, including, but not limited to, § 402A, comment k.

35. Plaintiff's claims are or may be barred, in whole or in part, by the applicable states' products liability law.

36. Bayer Pharma AG asserts all defenses available to it under any applicable states' products liability law.

37. Bayer Pharma AG gives notice that to the extent that the sophisticated purchaser doctrine is applicable to any of the allegations in the Complaint, Bayer Pharma AG intends to rely upon same in defense of this action.

38. The prescription drug Xarelto® complied with the applicable product safety regulations promulgated by the FDA. Compliance with such regulations demonstrates that due

care was exercised with respect to the design, manufacture, testing, marketing, promotion, and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous. Plaintiff's recovery is accordingly barred.

39.     The prescription drug Xarelto® complied with the applicable federal and/or state safety codes, statutes, rules, regulations or standards.  Compliance with such codes, statutes, rules, regulations and standards demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that Bayer Pharma AG is entitled to a presumption that the product is neither defective nor unreasonably dangerous.  Plaintiff's claims and any recovery are accordingly barred.

40.     Any claims by Plaintiff relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First and Fourteenth Amendment rights to petition the government.

41.     Plaintiff's claims are barred, in whole or in part, because the commercial speech relating to Xarelto® is protected under the First Amendment and Fourteenth Amendment of the United States Constitution and the applicable state constitution.

42.     Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

43.     Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution by reason of the federal regulation of prescription drug manufacturing, testing, marketing, promotion, and labeling.

44.     To the extent that Plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.,* 531 U.S. 341 (2001).

45.     Plaintiff cannot state a claim upon which relief may be granted with regard to warnings and labeling for prescription drugs, because the remedy sought by Plaintiff is subject to the exclusive regulation of the FDA.

46.     This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the FDA.

47.     Plaintiff did not detrimentally rely on any labeling, warnings, or information concerning Xarelto®.

48.     Bayer Pharma AG did not make any representations of fact or warranties material to Plaintiff's treatment with Xarelto®.  Any opinions or commendations expressed by Bayer Pharma AG are not actionable as representations or warranties.

49.     Plaintiff's prescribing physicians did not rely on any representations by Bayer Pharma AG in treating Plaintiff, or in states where the learned intermediary doctrine does not apply, Plaintiff did not rely on any representations by Bayer Pharma AG.

50.     Applicable law does not recognize a post-sale duty to warn in the present circumstances.  Accordingly, to the extent that Plaintiff seeks recovery for any alleged breach of a post-sale duty to warn, the Complaint fails to state a claim upon which relief may be granted for inadequate post-sale marketing or post-sale duty to warn.

51.     Each item of economic loss alleged in the Complaint may have been or may be replaced or indemnified in whole or in part by collateral sources, and therefore is not recoverable in this action.

52.     To the extent that Plaintiff's Complaint seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

53.     To the extent that Plaintiff's claims have been settled or Plaintiff will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, the liability of Bayer Pharma AG, if any, should be reduced accordingly.

54.     Plaintiff's claims may be barred, in whole or in part, due to res judicata, collateral estoppel, or by release of claims.

55.     Plaintiff's claims for breach of warranty are barred, because Plaintiff failed to give timely notice of any alleged breach of warranty.

56.     Bayer Pharma AG did not sell or distribute Xarelto® to Plaintiff, and Plaintiff did not receive or rely upon any representations or warranties as alleged in the Complaint.  Plaintiff's claims for breach of warranty, express or implied, are barred by lack of privity between Plaintiff and Bayer Pharma AG.

57.     Plaintiff's claims for breach of warranty, express or implied, are barred by the applicable states' Uniform Commercial Code or other applicable law.

58.     Plaintiff fails to state a claim for express warranty because there was no affirmation of fact or promise made by Bayer Pharma AG relating to the product that was the basis of the bargain.

59. Plaintiff's Complaint fails to state a claim for fraud, and fails to allege the circumstances constituting fraud with the particularity required by the Federal Rules of Civil Procedure 9(b).

60. Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

61. No act or omission of Bayer Pharma AG caused or contributed to Plaintiff's alleged injuries. Further, the Complaint fails to allege conduct by Bayer Pharma AG upon which an award of punitive or exemplary damages can be based. No act or omission of Bayer Pharma AG qualifies Plaintiff to punitive damages under any applicable states' punitive damages laws. No act or omission of Bayer Pharma AG was fraudulent, malicious or grossly negligent. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive or exemplary damages.

62. Bayer Pharma AG denies any conduct for which punitive or exemplary damages could or should be awarded and denies that sufficient evidence has been or can be produced to support or sustain the imposition of punitive damages pursuant to the applicable standard(s) of proof.

63. Permitting recovery of punitive or exemplary damages in this case would be unconstitutionally vague and/or overbroad and would violate Bayer Pharma AG's constitutional rights as secured by the Fifth and Seventh Amendments to the United States Constitution and similar state constitutional provisions, would violate its rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and similar state constitutional provisions, and the prohibition against excessive fines in the United States

Constitution and similar state constitutional provisions, and would contravene other provisions of the United States Constitution and any applicable state constitution.

64.     Plaintiff cannot recover punitive or exemplary damages against Bayer Pharma AG, because such an award, which is penal in nature, would violate Bayer Pharma AG's constitutional rights under the United States Constitution and any applicable state constitution, unless Bayer Pharma AG is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

65.     Any imposition of punitive or exemplary damages in this case would contravene the Commerce Clause of the United States Constitution and similar state constitutional provisions, in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

66.     Any award of punitive or exemplary damages is barred to the extent that it is inconsistent with the standards and limitations set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

67.     With respect to Plaintiff's demand for punitive or exemplary damages, Bayer Pharma AG specifically reserves the right to assert any and all standards or limitations regarding the determination and enforceability of punitive or exemplary damages awards under any state law that may be applicable to Plaintiff's claims, including, but not limited to, New Jersey law, including the provisions of the Punitive Damages Act, N.J.S.A. 2A:15-5.9 et seq., and/or any

other applicable state law.  Bayer Pharma AG reserves the right to seek bifurcation of Plaintiff's punitive damages claims pursuant to any applicable law, including, but not limited to, <u>N.J.S.A.</u> 2A:15-5.13.

68.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the applicable states' law regarding punitive damages.

69.     Plaintiff's claims for non-economic damages is limited by applicable states' law on non-economic damages.

70.     Plaintiff's recovery, if any, is subject to the applicable states' limitations on damages.

71.     Plaintiff's claims for recovery are limited by any applicable states' statutory and common law limitations on awards, caps on recovery, and set-offs.

72.     Plaintiff's Complaint fails to state a claim upon which relief can be granted as to costs, attorneys' fees, pre-judgment interest, or post-judgment interest.

73.     Plaintiff's claims for costs, fees and/or interest are barred and/or limited for failure to comply with the requirements of the applicable states' law.

74.     If Plaintiff has filed bankruptcy during the relevant time period of the events alleged in the Complaint or file for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

75.     Plaintiff's actions should be dismissed to the extent Plaintiff has asserted the same claims in actions pending in other jurisdictions.

76.     Plaintiff's claims are barred, in whole or in part, and Bayer Pharma AG is entitled to a presumption of no liability under Texas Civil Practice and Remedies Code §§ 82.001 and 82.007.

77.     Bayer Pharma AG is unaware at this time of any settlements by any alleged joint tortfeasor.  In the event any settlement has been or will be made by any alleged joint tortfeasor, then Bayer Pharma AG is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Bayer Pharma AG makes known to the other parties and to the Court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.012 and 33.013.

78.     If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, Bayer Pharma AG is not required to reimburse any medical expenses that were neither reasonable nor necessary.

79.     If Plaintiff sustained the injuries or incurred the expenses as alleged, which is expressly denied, Plaintiff's recovery of any medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff, as required by Texas Civil Practice and Remedies Code § 41.0105.

80.     Bayer Pharma AG asserts all defenses and limitations contained in Texas Business and Commerce Code, Title 1 Texas Uniform Commercial Code, Chapters 1 and 2. TEX. BUS. & COM. §§ 1.01–2.725.

81.     Plaintiff's strict liability and negligence claims are barred because the acts and omissions of Plaintiff caused and/or contributed to the alleged damages, and such acts and omissions of Plaintiff are more than fifty percent responsible for any alleged injuries or damages suffered by Plaintiff.  TEX. CIV. PRAC. & REM. § 33.001.

82.     Plaintiff's claims for breach of warranty, express or implied, are barred by the Texas Business and Commerce Code or other applicable law.

83.     Plaintiff's Complaint, to the extent that it seeks recovery of punitive damages, violates Article I, Section 13 of the Texas Constitution, and it violates Bayer Pharma AG's rights to substantive and procedural due process as provided in Article I, Section 19 of the Texas Constitution and the Fifth and Fourteenth Amendments of the United States Constitution.  At a minimum, any award of punitive damages must be based upon clear and convincing evidence and proven beyond a reasonable doubt.

84.     Any judgment awarding punitive damages based on Bayer Pharma AG's dissimilar conduct or acts; any acts or conduct not aimed toward Plaintiff; any acts or conduct occurring outside the State of Texas that may have been lawful where they occurred; any acts or conduct, independent from the acts or conduct that allegedly harmed the plaintiff whose claims are being tried; or any acts or conduct lacking a nexus (or which bear no relation) to the specific harm alleged by the Plaintiff whose claims are being tried, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the due process provisions of the Texas Constitution, and the common law and public policies of the State of Texas.  Awarding punitive damages in this case based on any of those impermissible factors would effectively adjudicate the merits of other persons' hypothetical claims against Bayer Pharma AG; it would create the possibility of multiple punitive damages awards for the same conduct; and it would violate the United States Supreme Court's pronouncements in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

2642483-1

85.     Any judgment awarding punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Bayer Pharma AG's rights under Sections 10, 14 and 19 of Article I of the Texas Constitution.  In addition, the assessment of punitive damages, a remedy that is essentially criminal in nature, without the protections found in the Texas Code of Criminal Procedure and the Texas Penal Code, constitutes infliction of a criminal penalty without the proper safeguards in violation of Sections 10, 14 and 19 of Article I of the Texas Constitution.

86.     Unless the amount of punitive damages is required to be established by clear and convincing evidence under Texas law, any judgment awarding punitive damages would violate Bayer Pharma AG's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

87.     Jury instructions under Texas law are unconstitutional to the extent that they: (1) do not provide any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) do not instruct on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) do not expressly prohibit juries from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) permit juries to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) fail to instruct that any punitive damages juries may assess must bear a reasonable relationship to the harm caused to the plaintiff whose claims are being tried; (6) fail to instruct that punitive damages cannot be imposed for alleged harm to other plaintiffs or to non-parties; and (7) fail to instruct

that the amount of criminal fines or civil penalties set by statute or historically imposed for like misconduct should be considered as one indicator of an appropriate range of punishment.  Any judgment awarding punitive damages utilizing Texas statutory punitive damages instructions would violate Bayer Pharma AG's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

88.     An award of punitive damages based on conduct or acts committed by those who are not Bayer Pharma AG's vice-principals would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the due process provisions of the Texas Constitution, and the common law and public policies of the State of Texas and would be erroneous.

89.     To the extent that Plaintiff's pleas for punitive damages expose Bayer Pharma AG to double jeopardy or call for Bayer Pharma AG to be punished more than once for the same conduct, Plaintiff's pleas violate Bayer Pharma AG's rights under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 14 and 19 of the Texas Constitution.

90.     To the extent that Plaintiff seeks punitive damages, either unlimited or limited, the Complaint seeks excessive fines in violation of Bayer Pharma AG's rights provided in the Eighth and Fourteenth Amendments of the United States Constitution and in Article I, Sections 13 and 19 of the Texas Constitution.  Any award of punitive damages is also excessive under those constitutional provisions to the extent that it does not bear a reasonable relation to the injury, harm, and damages actually suffered by the Plaintiff.

91.     Any judgment imposing punitive damages would violate the open courts provision of the Texas Constitution, the supremacy clause of the United States Constitution

(Article VI), the prohibition against ex post facto and retroactive laws in Article I, Section 16 of the Texas Constitution, and the separation of powers doctrine embodied in the structure of the United States Constitution and in Article II, Section 1 of the Texas Constitution.

92.     To the extent that Texas law permits punishment to be measured by the net worth or financial status of Bayer Pharma AG and imposes greater punishment on defendants with larger net worth and/or engaged in substantial interstate commerce, any judgment awarding punitive damages would be unconstitutional insofar as Texas law: permits arbitrary, coercive, capricious and fundamentally unfair punishments; allows bias and prejudice to infect verdicts imposing punishment; does not significantly constrain a jury's or court's discretion in assessing and/or reviewing exemplary damages; does not meaningfully protect against excessive punitive damages awards; does not ensure reasonable proportionality between punitive damages awarded and legitimate state objectives for such damages; and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Texas and federal constitutions, as well as the Commerce Clause of the United States Constitution.

93.     Any award of punitive damages based on anything other than Bayer Pharma AG's conduct as alleged in Plaintiff's Complaint would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the due process provisions of the Texas Constitution, and the common law and public policies of the State of Texas.  Any other basis for awarding punitive damages in this case would not protect Bayer Pharma AG against impermissible multiple punishment for the same wrong.

94.     To the extent that Plaintiff's Complaint seeks recovery of punitive damages, it violates Bayer Pharma AG's rights to equal protection as provided in Article I, Section 3 of the Texas Constitution and the Fourteenth Amendment to the United States Constitution.

95.     To the extent that Plaintiff's Complaint seeks recovery of punitive damages, it also violates Bayer Pharma AG's rights to contract, as provided in Article I, Section 16 of the Texas Constitution and Article I, Section 10 of the United States Constitution.

96.     Plaintiff's plea for punitive damages violates the Supremacy Clause of the United States Constitution (Article I, Section 10, Clause 1) and Article I, Section 16 of the Texas Constitution.

97.     Plaintiff's plea for punitive damages violates the separation of powers doctrine embodied in Article VI of the United States Constitution and Article I, Section 1 of the Texas Constitution.

98.     Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Bayer Pharma AG is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

99.     Plaintiff's claims for punitive damages cannot be sustained to the extent that the damages sought are not subject to a predetermined limit (such as a maximum multiple of compensatory damages or a maximum amount) on the amount of punitive damages that a jury may impose.  Such an unrestricted award would violate Bayer Pharma AG's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, the Texas Constitution, and the common law and public policies of the State of Texas.

100.     Any judgment awarding exemplary damages must be limited in accordance with Texas Civil Practice & Remedies Code § 41.008.  Bayer Pharma AG asserts all defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41. Bayer Pharma AG also asserts that any judgment awarding exemplary damages may not exceed double the amount (if any) gained by Bayer Pharma AG or caused by it to be lost or damaged,

68

whichever is greater.  To the extent that Chapter 41 of the Texas Civil Practice and Remedies Code authorizes greater punishments, it is in conflict with Section 12.51(c) of the Texas Penal Code and also violates Bayer Pharma AG's constitutional rights to due process and the constitutional prohibitions against excessive fines.  To the extent that Chapter 41 authorizes jury consideration of (and judicial punishment based on) conduct that occurred in other states, it is unconstitutional not only under *BMW of North America v. Gore*, *State Farm v. Campbell*, *Philip Morris USA v. Williams*, and *Exxon Shipping Co. v. Baker*, but also under the Texas Supreme Court's analysis in *Coca Cola Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 679-688 (Tex. 2006).

101.    To the extent that Texas Civil Practice & Remedies Code § 41.008 does not apply to limit the amount of punitive damages, then the amount of punitive damages must be limited in accordance with Bayer Pharma AG's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution, and the amount of punitive damages must bear a reasonable relationship to compensatory damages.

102.    Any claims for punitive damages against Bayer Pharma AG cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Bayer Pharma AG's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

103.    To the extent any punitive damages can be awarded in this action, which is expressly denied, Bayer Pharma AG asserts that it is only liable for any award of punitive

69

damages made against it and no other defendant, as required by Texas Civil Practice and Remedies Code § 41.006.

104.    Some or all of Plaintiff's claims are barred, in whole or in part, by any prescription and/or peremption periods.

105.    Any claims for detrimental reliance are barred under Louisiana law.

106.    Bayer Pharma AG pleads the provisions and limitations of the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et seq.* (the "LPLA"), and all the limitations and defenses set forth therein, including but not limited to, industry custom, technological feasibility, and compliance with standards and regulations.

107.    Bayer Pharma AG specifically pleads the applicability and exclusivity of the LPLA, and specifically avers that Plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the LPLA.

108.    Plaintiff's claims are limited to those allowed under the LPLA, and Plaintiff's relief, if any, is limited to relief allowed under the LPLA.   Plaintiff's claims are barred by applicable provisions of the LPLA.

109.    Xarelto® possesses no characteristic that renders it unreasonably dangerous in a reasonably anticipated use as defined by the LPLA.

110.    La. Rev. Stat. 9:2800.59 applies, and Xarelto® was designed, manufactured, packaged, labeled, sold and distributed in conformity with the then-existing reasonably available scientific and technological knowledge, and, therefore Bayer Pharma AG can have no liability in the premises.

111.    Plaintiff's compensatory damages, if any, are limited to those permitted under Louisiana Civil Code Article 2315.

112.    Under Louisiana Civil Code Articles 2323 and 2324, Bayer Pharma AG is not liable for more than its own degree of fault, if any, and is not solidarily liable with other persons or entities for damages attributable to the fault of such persons or entities.

113.    Under Louisiana Civil Code Article 2323, Plaintiff's claims are barred or limited by Plaintiff's own negligence, carelessness, and/or comparative fault, which was a direct and proximate cause of Plaintiff's injuries or damages, if any.

114.    With respect to each and every cause of action, Plaintiff is not entitled to relief to the extent that Plaintiff is unable to prove the identity of the manufacturer and/or supplier of the precise products used by Plaintiff.

115.    Plaintiff's demand for punitive damages is barred by the LPLA.

116.    Bayer Pharma AG adopts all defenses available under the law which governs the action.

117.    Bayer Pharma AG adopts and incorporates by reference all defenses pled by other defendants except to the extent that they are inconsistent with Bayer Pharma AG's defenses pled in this Answer.

118.    Bayer Pharma AG expressly reserves the right to amend this Answer to assert additional defenses or to make additional claims for relief that become available or apparent during the course of investigation, preparation, or discovery.

**WHEREFORE**, Bayer Pharma AG requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in favor of Bayer Pharma AG and against Plaintiff, and that Bayer Pharma AG be awarded the costs of this action, together with such other and further relief as may be appropriate.

2642483-1

<u>JURY DEMAND</u>

Bayer Pharma AG hereby demands a trial by jury on all issues so triable.

February 19, 2016.

Respectfully submitted,

*/s/  John F. Olinde*

John F. Olinde, #1515
Peter J. Rotolo, III, #21848
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
Email: olinde@chaffe.com
Email: rotolo@chaffe.com

Steven Glickstein
KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-7910
Telephone: (212)836-8485
Email: steven.glickstein@kayescholer.com

William Hoffman
KAYE SCHOLER LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005-2327
Telephone: (202) 682-3550
Email: William.hoffman@kayescholer.com

Pamela J. Yates
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067-6048
Telephone: (310) 788-1278
Email: pamela.yates@kayescholer.com

2642483-1

Fred M. Haston, III
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8303
Email: thaston@babc.com

*ATTORNEYS FOR BAYER PHARMA AG*

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2016, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system which will send notification of such filing

to all attorneys of record.

*/s/  John F. Olinde*

73

2642483-1