# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH ORR, JR., JOSEPH ORR, III, | : | MDL NO.: 2592 |
| KELLY ORR WALKER, and | : | |
| KIM ORR DEAGANO, | : | SECTION: L |
| | : | JUDGE FALLON |
| | : | MAGISTRATE JUDGE NORTH |
| Plaintiffs, | : | |
| | : | Civil Action No.: 2:14-cv-03708 |
| -against- | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| JANSSEN RESEARCH & | : | |
| DEVELOPMENT, LLC, *et al.,* | : | |
| | : | |
| Defendants. | : | |

## AMENDED ANSWER OF DEFENDANTS JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, JANSSEN ORTHO LLC AND JOHNSON & JOHNSON AND AFFIRMATIVE DEFENSES

Defendants Janssen Pharmaceuticals, Inc. ("JPI"), Janssen Research & Development, LLC ("JRD"), and Janssen Ortho LLC ("Janssen Ortho") (collectively, the "Janssen Defendants") and Johnson & Johnson ("J&J") hereby respond to Plaintiffs' Complaint as follows.

## EXCLUSIVITY OF LOUISIANA PRODUCTS LIABILITY ACT ("LPLA")

Pursuant to Rule 12(b)(6), Defendants object to Plaintiffs' Complaint as it fails to state a claim upon which relief can be granted. This case is governed by the exclusive provisions of the Louisiana Products Liability Act ("LPLA") (La.-R.S. 9:2800.51 *et seq.*). Any theories of recovery that fall outside of the LPLA's provisions are therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## ANSWER TO COMPLAINT

The Janssen Defendants and J&J deny each and every allegation, statement, matter and thing contained in Plaintiffs' Complaint except as is hereinafter expressly admitted or averred.

## JURISDICTION AND VENUE

1.      The Janssen Defendants and J&J specifically deny that Plaintiffs are entitled to damages but admit that this Court has jurisdiction over this matter.  Defendants deny all remaining allegations contained in paragraph 1.

2.      The allegations in paragraph 2 of Plaintiffs' Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants admit that Janssen products are sold in Louisiana but deny the remaining allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.      The allegations in paragraph 3 of Plaintiffs' Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants admit that Janssen products are sold in Louisiana.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 3 of Plaintiffs' Complaint.

## PARTIES

4.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiffs' Complaint and therefore deny those allegations.

5.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of Plaintiffs' Complaint and therefore deny those allegations.

6.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of Plaintiffs' Complaint and therefore deny those allegations.

7.      The Janssen Defendants admit that JRD is a limited liability company existing under the laws of New Jersey and that JRD submitted the new drug applications ("NDAs") and supplemental new drug applications ("sNDAs") for Xarelto® to the FDA.   The Janssen defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in Titusville, New Jersey.   The Janssen and J&J Defendants deny all remaining allegations in paragraph 7 of Plaintiffs' Complaint.

8.      The Janssen Defendants admit that JRD is involved with research and development for Xarelto®.  The Janssen Defendants and J&J deny all remaining allegations in paragraph 8 of Plaintiffs' Complaint.

9.      The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana. The Janssen Defendants and J&J deny the remaining allegations in paragraph 9 of Plaintiffs' Complaint.

10.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana. The Janssen Defendants and J&J deny the remaining allegations in paragraph 10 of Plaintiffs' Complaint.

11.     The Janssen Defendants and J&J deny the allegations in paragraph 11 of Plaintiffs' Complaint.

12.      The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants and J&J deny all remaining allegations in paragraph 12 of Plaintiffs' Complaint.

13.     J&J admits that Johnson & Johnson is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey.  The Janssen Defendants and J&J deny the remaining allegations of paragraph 13 and specifically deny that J&J is involved in the research, manufacture, sale, distribution and marketing of Xarelto®.

14.     The Janssen Defendants admit that JRD submitted the new drug applications ("NDAs") and supplemental new drug applications ("sNDAs") for Xarelto® to the FDA.  The Janssen Defendants and J&J deny all remaining allegations in paragraph 14.

15.     The Janssen Defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in Titusville, New Jersey.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 15.

16.     The Janssen Defendants admit that Xarelto® is a product of JPI in the United States.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 16.

17.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 17 of Plaintiffs' Complaint.

18.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 18 of Plaintiffs' Complaint.

19.     The Janssen Defendants and J&J deny the allegations in paragraph 19 of Plaintiffs' Complaint.

20.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 20 of Plaintiffs' Complaint.

21.     The Janssen Defendants admit that Janssen Ortho is a Delaware limited liability company with its principal place of business in Puerto Rico.  The Janssen Defendants admit that the sole member of Janssen Ortho is OMJ PR Holdings, which is an Ireland corporation with its principal place of business in Bermuda.  The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 21 of Plaintiffs' Complaint.

22.     The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 23 of Plaintiffs' Complaint.

24.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 24 of Plaintiffs' Complaint.

25.     The Janssen Defendants and J&J deny the allegations in paragraph 25 of Plaintiffs' Complaint.

26.     The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.     J&J admits that Johnson & Johnson is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 27 of plaintiffs' complaint.

28.      The allegations of paragraph 28 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

29.      The allegations of paragraph 29 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

30.      The allegations of paragraph 30 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

31.      The allegations of paragraph 31 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

32.      The allegations of paragraph 32 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

33.      The allegations of paragraph 33 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

34.      The allegations of paragraph 34 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

35.      The allegations of paragraph 35 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

36.      The allegations of paragraph 36 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

37.      The allegations of paragraph 37 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

38.      The allegations of paragraph 38 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

39.     The allegations of paragraph 39 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

40.     The allegations of paragraph 40 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

41.     The allegations of paragraph 41 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

42.     The allegations of paragraph 42 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

43.     The allegations of paragraph 43 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

44.     The allegations of paragraph 44 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

45.     The allegations of paragraph 45 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

46.     The allegations of paragraph 46 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

47.     The allegations of paragraph 47 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

48.     The allegations of paragraph 48 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

49.     The allegations of paragraph 49 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

50.     The allegations of paragraph 50 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

51.     The allegations of paragraph 51 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

52.     The allegations of paragraph 52 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

53.     The allegations of paragraph 53 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

54.     The allegations of paragraph 54 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

55.     The allegations of paragraph 55 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

56.     The allegations of paragraph 56 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

57.     The allegations of paragraph 57 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

58.     The allegations of paragraph 58 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

59.     The allegations of paragraph 59 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

60.     The allegations of paragraph 60 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

61.     The Janssen Defendants and J&J deny the allegations in paragraph 61.

62.     The Janssen Defendants and J&J deny the allegations in paragraph 62.

63.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations in paragraph 63.

## NATURE OF THE CASE

64.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants also admit that the FDA-approved indications for Xarelto® are set forth in the package insert.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 64.

65.     The Janssen Defendants admit that an NDA for Xarelto® was submitted in July 2008.   The Janssen Defendants and J&J deny the remaining allegations of paragraph 65 of Plaintiffs' Complaint.

66.     The Janssen Defendants admit that the FDA first approved Xarelto® on July 1, 2011 for the prophylaxis of deep vein thrombosis (DVT) which may lead to pulmonary embolism (PE) in patients undergoing knee or hip replacement surgery.   The Janssen Defendants admit that, on November 4, 2011, the FDA approved Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.   The Janssen Defendants admit that, on November 2, 2012, the FDA approved Xarelto® for the treatment of deep vein thrombosis (DVT), pulmonary embolism (PE), and for the reduction in the risk of recurrence of

DVT and of PE.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 66 of Plaintiffs' Complaint.

67.    The Janssen Defendants state that the marketing and informational materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 67 of Plaintiffs' Complaint.

68.    The Janssen Defendants admit that there is a website for Xarelto®.   The information on that website speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 68 of Plaintiffs' Complaint.

69.    The Janssen Defendants state that advertising materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 69 of Plaintiffs' Complaint.

70.    The Janssen Defendants state that the marketing and informational materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 70 of Plaintiffs' Complaint.

71.    The Janssen Defendants state that the marketing and informational materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 71 of Plaintiffs' Complaint.

72.    The Janssen Defendants admit that per the current labeling, Xarelto®, also known as rivaroxaban, "is a selective inhibitor of FXa. It does not require a cofactor (such as Anti-thrombin III) for activity. Rivaroxaban inhibits free FXa and prothrombinase activity. Rivaroxaban has no direct effect on platelet aggregation, but indirectly inhibits platelet aggregation induced by thrombin. By inhibiting FXa, rivaroxaban decreases thrombin

generation." The Janssen Defendants and J&J deny the remaining allegations in paragraph 72 of Plaintiffs' Complaint.

73.     The Janssen Defendants and J&J deny the allegations in paragraph 73 of Plaintiffs' Complaint.

74.     The Janssen Defendants state that the marketing and informational materials for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 74 of Plaintiffs' Complaint.

75.     The Janssen Defendants state that the package insert for Xarelto® and Xarelto's website speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 75 of Plaintiffs' Complaint.

76.     The Janssen Defendants state that publications issued by the Institute for Safe Medication Practices speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 76.

77.     Janssen Defendants state that FDA documents and the FDA website speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 77 of Plaintiffs' Complaint.

78.     The Janssen Defendants state that FDA documents and the FDA website speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 78 of Plaintiffs' Complaint.

79.     The Janssen Defendants admit that there were advertisements for Xarelto®. The Janssen Defendants and J&J deny the remaining allegations in paragraph 79 of Plaintiffs' Complaint.

80.     The Janssen Defendants state that advertisements for Xarelto® and correspondence from the Office of Prescription Drug Promotion speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 80 of Plaintiffs' Complaint.

81.     The Janssen Defendants and J&J deny the allegations in paragraph 81 of Plaintiffs' Complaint.

82.     The Janssen Defendants and J&J deny the allegations in paragraph 82 of Plaintiffs' Complaint.

83.     The Janssen Defendants and J&J deny the allegations in paragraph 83 of Plaintiffs' Complaint.

84.     The Janssen Defendants and J&J deny the allegations in paragraph 84 of Plaintiffs' Complaint.

85.     The Janssen Defendants state that publications issued by the Institute for Safe Medication Practices speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 85 of Plaintiffs' Complaint.

86.     The Janssen Defendants state that publications issued by the Institute for Safe Medication Practices speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 86 of Plaintiffs' Complaint and expressly deny any wrongdoing.

87.     The Janssen Defendants and J&J deny the allegations in paragraph 87 of Plaintiffs' Complaint.

88.     The Janssen Defendants and J&J deny the allegations in paragraph 88 of Plaintiffs' Complaint.

89.     The Janssen Defendants and J&J deny the allegations in paragraph 89 of Plaintiffs' Complaint.

90.     The Janssen Defendants state that the package insert for Xarelto® speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 90 of Plaintiffs' Complaint.

91.     The Janssen Defendants state that JPI's communications to healthcare providers concerning Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 92 of Plaintiffs' Complaint.

92.     The Janssen Defendants and J&J deny the allegations in paragraph 92 of Plaintiffs' Complaint.

93.     The Janssen Defendants and J&J deny the allegations in paragraph 93 of Plaintiffs' Complaint.

94.     The Janssen Defendants and J&J deny the allegations in paragraph 94 of Plaintiffs' Complaint.

95.     The Janssen Defendants and J&J deny the allegations in paragraph 95 of Plaintiffs' Complaint.

96.     The Janssen Defendants and J&J deny the allegations in paragraph 96 of Plaintiffs' Complaint.

97.     The Janssen Defendants and J&J deny the allegations in paragraph 97 of Plaintiffs' Complaint.

98.     The Janssen Defendants state that postings in the World Preview Report speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 98 of Plaintiffs' Complaint.

99.     The Janssen Defendants and J&J deny the allegations in paragraph 99 of Plaintiffs' Complaint.

100.    The Janssen Defendants and J&J deny the allegations in paragraph 100 of Plaintiffs' Complaint.

101.    The Janssen Defendants and J&J deny the allegations in paragraph 101 of Plaintiffs' Complaint.

102.    The Janssen Defendants and J&J deny the allegations in paragraph 102 of Plaintiffs' Complaint.

103.    The Janssen Defendants and J&J deny the allegations in paragraph 103 of Plaintiffs' Complaint.

### Factual Allegations

104.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of Plaintiffs' Complaint and therefore deny those allegations.  The Janssen Defendants further deny that Xarelto® caused any injury to Plaintiff.

105.    The Janssen Defendants and J&J deny the allegations in paragraph 105 of Plaintiffs' Complaint.

106.    The Janssen Defendants and J&J deny the allegations in paragraph 106 of Plaintiffs' Complaint.

107.    The Janssen Defendants and J&J deny the allegations in paragraph 107 of Plaintiffs' Complaint.

### EQUITABLE TOLLING OF APPLICABLE STATUTES OF LIMITATION

108.    In response to the allegations in paragraph 108 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answer to each and every paragraph of Plaintiffs' Complaint.

109.    The Janssen Defendants and J&J deny the allegations in paragraph 109 of Plaintiffs' Complaint.

110.    The Janssen Defendants and J&J deny the allegations in paragraph 110 of Plaintiffs' Complaint.

111.    The Janssen Defendants and J&J deny the allegations in paragraph 111 of Plaintiffs' Complaint.

112.    The Janssen Defendants and J&J deny the allegations in paragraph 112 of Plaintiffs' Complaint.

**WHEREFORE,** the Janssen Defendants and J&J deny that that Plaintiffs are entitled to relief of any kind.

## COUNT I

113.    In response to the allegations in paragraph 113, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 113.

114.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants admit that Plaintiffs have initiated this action in connection with Decedent's alleged experiences with Xarelto®.  The Janssen Defendants are without knowledge or information sufficient to form a belief as to Decedent's alleged use of Xarelto® or as to Decedent's and/or Plaintiff's alleged injuries or losses.  The Janssen Defendants and J&J deny

the remaining allegations in paragraph 114 and further deny that Xarelto® caused any injuries to Decedent and/or Plaintiffs.

115.     The allegations in paragraph 115 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 115.

116.     The Janssen Defendants and J&J deny the allegations in paragraph 116 of Plaintiffs' Complaint, including the allegations contained in subparagraphs (a) through (d).

117.     The Janssen Defendants and J&J deny the allegations in paragraph 117 of Plaintiffs' Complaint.

118.     In response to paragraph 118 of Plaintiffs' Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary.   Responding further, the Janssen Defendants and J&J deny the remaining allegations contained in paragraph 118 of Plaintiffs' Complaint.

119.     The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of Plaintiffs' Complaint with regard to what information was communicated to the Plaintiffs and therefore deny those allegations.   The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 119 of Plaintiffs' Complaint.

120.     In response to paragraph 120 of Plaintiffs' Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary, but responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants and J&J beyond those required by law.

121.    The Janssen Defendants and J&J deny the allegations in paragraph 121 of Plaintiffs' Complaint.

122.    The Janssen Defendants and J&J deny the allegations in paragraph 122 of Plaintiffs' Complaint.

123.    The Janssen Defendants and J&J deny the allegations in paragraph 123 of Plaintiffs' Complaint.

124.    The Janssen Defendants and J&J deny the allegations in paragraph 124 of Plaintiffs' Complaint, including the allegations contained in subparagraphs (a) through (c) of Plaintiffs' Complaint.

125.    In response to paragraph 125 of Plaintiffs' Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary, but responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

126.    The Janssen Defendants and J&J deny the allegations in paragraph 126 of Plaintiffs' Complaint.

127.    The Janssen Defendants and J&J deny the allegations in paragraph 127 of Plaintiffs' Complaint.

128.    The Janssen Defendants and J&J deny the allegations in paragraph 128 of Plaintiffs' Complaint.

129.    The Janssen Defendants and J&J admit that Plaintiffs seek damages for alleged injuries in this action.  The Janssen Defendants and J&J deny that Xarelto® caused any injury to Plaintiff.

130.    The Janssen Defendants and J&J deny the allegations in paragraph 130 of Plaintiffs' Complaint.

**WHEREFORE,** the Janssen Defendants and J&J deny that Plaintiffs are entitled to relief of any kind.

## COUNT II

131.    In response to the allegations in paragraph 131 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answer to each and every paragraph of Plaintiffs' Complaint.

132.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations of paragraph 132 of Plaintiffs' Complaint and specifically deny that J&J is involved in the design, manufacture, testing, marketing, distribution or sales of Xarelto®.

133.    The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not Xarelto® did in fact reach patients in that condition and therefore deny those allegations. The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not plaintiff did in fact use Xarelto® as directed.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 133 of Plaintiffs' Complaint and specifically deny that that Xarelto® was defective.

134.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations of paragraph 134 of Plaintiffs' Complaint.

135.    In response to paragraph 135 of Plaintiffs' Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary, but responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants and J&J beyond those required by law.  To Janssen Defendants and J&J deny the remaining allegations in paragraph 135.

136.    The Janssen Defendants and J&J deny the allegations in paragraph 136 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

137.    The Janssen Defendants and J&J deny the allegations in paragraph 137 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

138.    The Janssen Defendants and J&J deny the allegations in paragraph 138 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

139.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 139.

140.    The Janssen Defendants and J&J deny the allegations in paragraph 140 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

141.    The Janssen Defendants and J&J admit that Plaintiffs seek damages for alleged injuries in this action.  The Janssen Defendants and J&J deny that Xarelto® caused any injury to Plaintiff.

142.    The Janssen Defendants and J&J deny the allegations in paragraph 142 of Plaintiffs' Complaint.

**WHEREFORE,** the Janssen Defendants and J&J deny that Plaintiffs are entitled to relief of any kind.

## COUNT III

143.    In response to the allegations in paragraph 143 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 143 of Plaintiffs' Complaint.

144.    The allegations in paragraph 144 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 144.

145.    The allegations in paragraph 145 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 145.

146.    In response to paragraph 146 of Plaintiffs' Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary, but responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants and J&J beyond those required by law.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 146.

147.    The Janssen Defendants and J&J deny the allegations in the second paragraph numbered 147, including the allegations in subparagraphs (a) through (j).

148.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 148.

149.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether Decedent consumed Xarelto® as directed and without change in its form or substance.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 149.

150.     The Janssen Defendants and J&J deny the allegations in paragraph 150.

151.     The Janssen Defendants state that the U.S. Food Drug and Cosmetic Act speaks for itself.  In further response to paragraph 151 of Plaintiffs' Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary, but responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants and J&J beyond those required by law.

152.     The Janssen Defendants and J&J deny the allegations in paragraph 152.

153.     The allegations in paragraph 153 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 153.

154.     The Janssen Defendants and J&J deny the allegations in paragraph 154.

155.     The Janssen Defendants and J&J deny the allegations in paragraph 155, including the allegations in subparagraphs (a) through (n).

156.     The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not Xarelto® did in fact reach patients in that condition and therefore deny those allegations. The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether

or not Plaintiff ingested Xarelto®.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 156.

157.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether Decedent consumed Xarelto® as directed and without change in its form or substance.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 157.

158.     The Janssen Defendants and J&J admit that Plaintiffs seek damages for alleged injuries in this action.  The Janssen Defendants and J&J deny that Xarelto® caused any injury to Plaintiff.

159.     The Janssen Defendants and J&J deny the allegations in paragraph 159 of Plaintiffs' Complaint.

160.     The Janssen Defendants and J&J deny the allegations in paragraph 160 of Plaintiffs' Complaint and specifically deny that Plaintiffs are entitled to relief.

161.     The Janssen Defendants and J&J deny the allegations in paragraph 161.

**WHEREFORE,** the Janssen Defendants and J&J deny that Plaintiffs are entitled to relief of any kind.

## COUNT IV

162.     In response to the allegations in paragraph 162 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 162 of Plaintiffs' Complaint.

163.     In response to paragraph 163 of Plaintiffs' Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary.  Responding further, the Janssen Defendants and J&J deny the remaining allegations contained in paragraph 163 of Plaintiffs' Complaint.

164.    The Janssen Defendants and J&J deny the allegations in paragraph 164 of Plaintiffs' Complaint.

165.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165 of Plaintiffs' Complaint and therefore deny those allegations.

166.    The Janssen Defendants and J&J deny the allegations in paragraph 166 of Plaintiffs' Complaint.

167.    The Janssen Defendants and J&J deny the allegations in paragraph 167 of Plaintiffs' Complaint.

168.    The Janssen Defendants and J&J deny the allegations in paragraph 168 of Plaintiffs' Complaint.

169.    The Janssen Defendants and J&J deny the allegations in paragraph 169 of Plaintiffs' Complaint.

170.    The Janssen Defendants and J&J deny that the warnings for Xarelto® were inadequate. Responding further, the Janssen Defendants and J&J deny these allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law. The Janssen Defendants and J&J deny the remaining allegations in paragraph 170 of Plaintiffs' Complaint.

171.    The Janssen Defendants and J&J deny that the warnings for Xarelto® were inadequate. Responding further, the Janssen Defendants and J&J deny these allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law. The Janssen Defendants and J&J deny the remaining allegations in paragraph 171 of Plaintiffs' Complaint.

172. The Janssen Defendants and J&J deny that the warnings for Xarelto® were inadequate. Responding further, The Janssen Defendants and J&J deny the remaining allegations in paragraph 172 of Plaintiffs' Complaint, including the allegations contained in subparagraphs (a) through (d).

173. The Janssen Defendants and J&J deny the remaining allegations in paragraph 173 of Plaintiffs' Complaint.

174. The Janssen Defendants and J&J deny the remaining allegations in paragraph 174 of Plaintiffs' Complaint.

175. The Janssen Defendants and J&J deny the remaining allegations in paragraph 175 of Plaintiffs' Complaint.

176. The Janssen Defendants and J&J admit that Plaintiffs seek damages for alleged injuries in this action. The Janssen Defendants and J&J deny that Xarelto® caused any injury to Plaintiff.

177. The Janssen Defendants and J&J deny the allegations in paragraph 177 of Plaintiffs' Complaint.

178. The Janssen Defendants and J&J deny the allegations in paragraph 178 of Plaintiffs' Complaint and specifically deny that Plaintiffs are entitled to relief.

**WHEREFORE,** the Janssen Defendants and J&J deny that Plaintiffs are entitled to relief of any kind.

## <u>COUNT V</u>

179. In response to the allegations in paragraph 179 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 179 of Plaintiffs' Complaint.

180.    The Janssen Defendants and J&J deny the allegations in paragraph 180 of Plaintiffs' Complaint.

181.    The Janssen Defendants and J&J deny the allegations in paragraph 181 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

182.    The Janssen Defendants and J&J deny the allegations in paragraph 182 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

183.    The Janssen Defendants and J&J deny the allegations in paragraph 183 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

184.    The Janssen Defendants and J&J deny the allegations in paragraph 184 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

185.    The Janssen Defendants and J&J deny the allegations in paragraph 185 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

186.    The Janssen Defendants and J&J deny the allegations in paragraph 186 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

187.    The Janssen Defendants and J&J admit that Plaintiffs seek damages for alleged injuries in this action.  The Janssen Defendants and J&J deny that Xarelto® caused any injury to Plaintiff.

188.    The Janssen Defendants and J&J deny the allegations in paragraph 188 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

**WHEREFORE,** the Janssen Defendants and J&J deny that Plaintiffs are entitled to relief of any kind.

## COUNT VI

189.    In response to the allegations in paragraph 189 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 189 of Plaintiffs' Complaint.

190.    The Janssen Defendants and J&J deny the allegations in paragraph 190 of Plaintiffs' Complaint.

191.    The Janssen Defendants and J&J deny the allegations in paragraph 191 of Plaintiffs' Complaint.

192.    The Janssen Defendants and J&J deny the allegations in paragraph 192 of Plaintiffs' Complaint.

193.    The Janssen Defendants and J&J deny the allegations in paragraph 193 of Plaintiffs' Complaint, including allegations contained in subparagraphs (a) through (d) of Plaintiffs' Complaint.

194.    The Janssen Defendants and J&J deny the allegations in paragraph 194 of Plaintiffs' Complaint.

195.    The Janssen Defendants and J&J deny the allegations in paragraph 195 of Plaintiffs' Complaint.

196.    The Janssen Defendants and J&J deny the allegations in paragraph 196 of Plaintiffs' Complaint.

197.    The Janssen Defendants and J&J deny that Xarelto® caused any injury to Plaintiff and further deny that Plaintiffs are entitled to relief.

**WHEREFORE,** the Janssen Defendants and J&J deny that Plaintiffs are entitled to relief of any kind.

## <u>COUNT VII</u>

198.    In response to the allegations in paragraph 198 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answer to each and every paragraph of Plaintiffs' Complaint.

199.    The Janssen Defendants admit that Xarelto® is a product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations of paragraph 199 of Plaintiffs' Complaint.

200.    The Janssen Defendants and J&J deny the allegations in paragraph 200 of Plaintiffs' Complaint.

201.    The Janssen Defendants and J&J deny the allegations in paragraph 201 of Plaintiffs' Complaint.

202.    The Janssen Defendants and J&J deny the allegations in paragraph 202 of Plaintiffs' Complaint.

203.    The Janssen Defendants and J&J deny the allegations in paragraph 203 of Plaintiffs' Complaint.

204.    The Janssen Defendants and J&J deny the allegations in paragraph 204 of Plaintiffs' Complaint.

**WHEREFORE,** the Janssen Defendants and J&J deny that Plaintiffs are entitled to relief of any kind.

## COUNT VIII

205.     In response to the allegations in paragraph 205 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answer to each and every paragraph of Plaintiffs' Complaint.

206.     The Janssen Defendants admit that Xarelto® is a product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations of paragraph 206 of Plaintiffs' Complaint.

207.     In response to paragraph 207 of Plaintiffs' Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants and J&J beyond those required by law.

208.     The Janssen Defendants and J&J deny the allegations in paragraph 208 of Plaintiffs' Complaint.

209.     The Janssen Defendants and J&J deny the allegations in paragraph 209 of Plaintiffs' Complaint.

210.     The Janssen Defendants and J&J deny the allegations in paragraph 210 of Plaintiffs' Complaint.

211.     The Janssen Defendants and J&J deny the allegations in paragraph 211 of Plaintiffs' Complaint.

**WHEREFORE,** the Janssen Defendants and J&J deny that Plaintiffs are entitled to relief of any kind.

## COUNT IX

212.     In response to the allegations in paragraph 212 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answer to each and every paragraph of Plaintiffs' Complaint.

213.     In response to paragraph 213 of Plaintiffs' Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants and J&J beyond those required by law.

214.     The Janssen Defendants and J&J deny the allegations in paragraph 214 of Plaintiffs' Complaint.

215.     The Janssen Defendants and J&J deny the allegations in paragraph 215 of Plaintiffs' Complaint.

216.     The Janssen Defendants and J&J deny the allegations in paragraph 216 of Plaintiffs' Complaint.

217.     The Janssen Defendants and J&J deny the allegations in paragraph 217 of Plaintiffs' Complaint.

218.     The Janssen Defendants and J&J deny the allegations in paragraph 218 of Plaintiffs' Complaint.

219.     The Janssen Defendants and J&J deny the allegations in paragraph 219 of Plaintiffs' Complaint.

220.     The Janssen Defendants and J&J deny the allegations in paragraph 220 of Plaintiffs' Complaint.

221.    The Janssen Defendants and J&J deny the allegations in paragraph 221 of Plaintiffs' Complaint.

222.    The Janssen Defendants and J&J deny the allegations in paragraph 222 of Plaintiffs' Complaint.

223.    The Janssen Defendants and J&J deny the allegations in paragraph 223 of Plaintiffs' Complaint.

**WHEREFORE,** the Janssen Defendants and J&J deny that Plaintiffs are entitled to relief of any kind.

## COUNT X

224.    In response to the allegations in paragraph 224 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answer to each and every paragraph of Plaintiffs' Complaint.

225.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 225 of Plaintiffs' Complaint with regard to the Plaintiff's alleged purchase and alleged use of Xarelto® and therefore deny those allegations.  The Janssen Defendants and J&J deny all remaining allegations in paragraph 225 of Plaintiffs' Complaint.

226.    In response to paragraph 226 of Plaintiffs' Complaint, the Janssen Defendants and J&J state that the allegations contained therein, including subparagraphs (a)-(c), call for legal conclusions to which no response is necessary.

227.    The Janssen Defendants and J&J deny the allegations in paragraph 227 of Plaintiffs' Complaint.

228.    The Janssen Defendants and J&J deny the allegations in paragraph 228 of Plaintiffs' Complaint.

229.    The Janssen Defendants and J&J deny the allegations in paragraph 229 of Plaintiffs' Complaint.

230.    The Janssen Defendants and J&J deny the allegations in paragraph 230 of Plaintiffs' Complaint.

**WHEREFORE,** the Janssen Defendants and J&J deny that Plaintiffs are entitled to relief of any kind.

## COUNT XI

231.    In response to the allegations in paragraph 231 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answer to each and every paragraph of Plaintiffs' Complaint.

232.    The Janssen Defendants and J&J deny the allegations of paragraph 232 of Plaintiffs' Complaint.

233.    The Janssen Defendants and J&J deny the allegations of paragraph 233 of Plaintiffs' Complaint.

234.    The Janssen Defendants and J&J deny the allegations of paragraph 234 of Plaintiffs' Complaint.

235.    The Janssen Defendants and J&J deny the allegations of paragraph 235 of Plaintiffs' Complaint.

236.    The Janssen Defendants and J&J deny the allegations of paragraph 236 of Plaintiffs' Complaint.

**WHEREFORE,** the Janssen Defendants and J&J deny that Plaintiffs are entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

The Janssen Defendants and J&J reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. By asserting the following affirmative defenses, the Janssen Defendants and J&J do not allege or admit that they have the burden of proof or the burden of persuasion with respect to any of these matters.   Further answering, and by way of affirmative defenses, the Janssen Defendants and J&J state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries attributable to the use of the products at issue in this case, if any, were not caused by the products at issue, but instead were caused by intervening and superseding causes or circumstances.

## FOURTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J did not make to Plaintiffs nor did they breach any express or implied warranties and/or breach any warranties created by law.  To the extent that Plaintiffs relied on any theory of breach of warranty, such claims are barred by applicable law,

and for lack of privity with the Defendants and/or for failure of Plaintiff, or Plaintiffs' representatives, to give timely notice to the Janssen Defendants and J&J of any alleged breach of warranty.  The Janssen Defendants and J&J further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future.

## FIFTH AFFIRMATIVE DEFENSE

At the time of sale or delivery, the products conformed to state-of-the-art for such products at that time.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the applicable statutes of limitation and/or prescriptive periods.

## SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons over whom the Janssen Defendants and J&J have no control or right of control.

## EIGHTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that recovery of punitive or exemplary damages in this case would violate the constitutional rights of the Janssen Defendants and J&J to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States and similar protections afforded by the Louisiana and New Jersey state constitutions, and any other state whose law is deemed to apply in this case, and that any law of the states of Louisiana or New Jersey, whether enacted by that state's legislature or founded upon a decision or decisions of the courts, or that of

any other state whose law is deemed to apply in this case, that would permit recovery of punitive or exemplary damages, is unconstitutional under these provisions.

## NINTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that the standards for granting and asserting punitive or exemplary damages do not prohibit other Plaintiffs from seeking and recovering such damages against the Janssen Defendants and J&J for the same allegations of defect in the same products, and as such constitute multiple punishments for the same alleged conduct resulting in deprivation of the Janssen Defendants' and J&J's property without due process of law and will result in unjustified windfalls for Plaintiffs and Plaintiffs' counsel, in violation of the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar protections afforded by the Louisiana  and New Jersey state constitutions, and that of any other state whose law is deemed to apply in this case.

## TENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J cannot be maintained because an award of punitive damages under current Louisiana and New Jersey law, and any other state's law deemed to apply to this action, would be void for vagueness, both facially and as applied.  Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and

discriminatory enforcement, all in violation of the due process clause of the Eighth and Fourteenth Amendments to the United States Constitution, the due process provisions of the Louisiana and New Jersey state constitutions, and the common law and public policies of the states of New Jersey and Louisiana, and similar protections afforded by any other state whose law is deemed to apply in this case.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the laws of Louisiana and New Jersey, and any other state whose law is deemed to apply in this case, permit punishment to be measured by the net worth or financial status of the Janssen Defendants and J&J and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of the Janssen Defendants and J&J in other states, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, the state laws and constitutional provisions of Louisiana and New Jersey, and similar protections afforded by any other state whose law is deemed to apply in this case.

### TWELFTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J is governed by the law of the State of New Jersey.  The Janssen Defendants are entitled to the protections and limitations afforded under the New Jersey Punitive Damages Act, N.J.S.A. §§ 2A:15-5.9, *et seq.* and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq.*  Further, any claim for punitive or exemplary damages against Janssen Defendants and J&J also cannot be maintained

because punitive damages are not recoverable under Louisiana law, and in particular, under the provisions of the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51 *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries are a result of a pre-existing and/or unrelated medical condition for which Defendants are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the Joint Tortfeasors Laws of any state whose law is deemed to apply.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Defendants' product is unsafe in any way, it is unavoidably unsafe. Plaintiffs' purported action is, therefore, barred by Comment K of §402A of the Restatement (Second) of Torts and/or other applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, with the exception of Plaintiffs' claims for punitive damages, are governed by the law of the home state of Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J are entitled to, and claims the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute in the state of Louisiana,

Plaintiff's alleged state of citizenship and residence, and any other state whose law is deemed to apply in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by the prescription medicine alleged to be at issue here, which is denied, the injuries are the result of an idiosyncratic reaction to the products.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead allegations of fraud, mistake, or deception with the specificity or detail required.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J specifically aver that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the Louisiana Products Liability Act (La. R.S. 9:2800.54).

## TWENTY-FOURTH SEPARATE DEFENSE

The Janssen Defendants and J&J assert all allowable defenses under the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, *et seq*, including but not limited to the

applicability of La. R.S. 9:2800.59 and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq*.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of informed consent, assumption of risk, release, and waiver. Additionally, if Plaintiffs have filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiffs on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries or damages sustained, if any, were caused in whole or part by Plaintiffs' own negligence, and accordingly, Plaintiffs are barred in whole or in part, from recovery.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Janssen Defendants and J&J affirmatively plead the applicability of the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51 *et seq*. and specifically aver that Plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Janssen Defendants and J&J hereby give notice that they intend to rely upon and incorporate by reference any affirmative defenses that may be asserted by any co-defendant in this lawsuit.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J reserve their rights to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

**WHEREFORE,** the Janssen Defendants and J&J demand judgment in their favor dismissing the Complaint with prejudice and for such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson request a trial by jury on all issues so triable.


Respectfully submitted,


DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*

James B. Irwin
Kim E. Moore
IRWIN FRITCHIE URQUHART
& MOORE LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile:  (504) 310-2120
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 19, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**