# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROBAXAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | MDL No. 2592 |
| | : | SECTION: L |
| JUDY MAROTTE, | : | JUDGE ELDON E. FALLON |
| | : | MAGISTRATE JUDGE: MICHAEL |
| | : | NORTH |
| Plaintiff, | : | |
| | : | Civil Action No.: 2:14-cv-05751 |
| -against- | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| JANSSEN RESEARCH & | : | |
| DEVELOPMENT, LLC, *et al.,* | : | |
| | : | |
| Defendants. | : | |

## AMENDED ANSWER OF DEFENDANTS JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, JANSSEN ORTHO LLC AND JOHNSON & JOHNSON AND AFFIRMATIVE DEFENSES

Defendants Janssen Pharmaceuticals, Inc. ("JPI"), Janssen Research & Development, LLC ("JRD"), and Janssen Ortho LLC ("Janssen Ortho") (collectively, the "Janssen Defendants") and Johnson & Johnson ("J&J") hereby respond to Plaintiff's Complaint as follows.

## EXCLUSIVITY OF LOUISIANA PRODUCTS LIABILITY ACT ("LPLA")

Pursuant to Rule 12(b)(6), Defendants object to Plaintiff's Complaint as it fails to state a claim upon which relief can be granted.  This case is governed by the exclusive provisions of the Louisiana Products Liability Act ("LPLA") (La.-R.S. 9:2800.51 *et seq.*).  Any theories of recovery that fall outside of the LPLA's provisions are therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## ANSWER TO COMPLAINT

The Janssen Defendants and J&J deny each and every allegation, statement, matter and thing contained in Plaintiff's Complaint except as is hereinafter expressly admitted or averred.

## JURISDICTION AND VENUE

1.      The Janssen Defendants and J&J specifically deny that Plaintiff entitled to damages but admit that this Court has jurisdiction over this matter.   Defendants deny all remaining allegations contained in paragraph 1.

2.      The allegations in paragraph 2 of Plaintiff's Complaint state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants admit that Janssen products are sold in Louisiana but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

3.      The allegations in paragraph 3 of Plaintiff's Complaint state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants admit that Janssen products are sold in Louisiana.   The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

## NATURE OF THE CASE

4.      The Janssen Defendants and J&J admit that Plaintiff brought an action in connection with Plaintiff's alleged experience with Xarelto®.   The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto®.   The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      To the extent the allegations in paragraph 5 are directed to the Janssen Defendants, the Janssen Defendants admit that Xarelto® is the product of JPI in the United

States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations of paragraph 5 of Plaintiff's Complaint.

6.      The Janssen Defendants and J&J deny the allegations in paragraph 6 of Plaintiff's Complaint.

7.      The Janssen Defendants and J&J deny the allegations in paragraph 7 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

8.      The Janssen and J&J Defendants deny the allegations in paragraph 8 of Plaintiff's Complaint.

9.      The Janssen Defendants and J&J deny the allegations in paragraph 9 of Plaintiff's Complaint.

10.     The Janssen Defendants and J&J deny the allegations in paragraph 10 of Plaintiff's Complaint.  The Janssen Defendants and J&J further deny that Xarelto® caused any injury to Plaintiff.

11.      The Janssen Defendants and J&J deny the allegations in paragraph 11 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

12.     The Janssen Defendants and J&J admit that Plaintiff seeks damages for alleged injuries in this action.  The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to Plaintiff's alleged medical condition and diagnosis.   The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 12 of Plaintiff's Complaint and further deny that Xarelto® caused any injury to Plaintiff.

**PARTY PLAINTIFF**

13.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of Plaintiff's Complaint and therefore deny those allegations.

14.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiff's Complaint and therefore deny those allegations.

15.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiff's Complaint and therefore deny those allegations.

16.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to Plaintiff's alleged medical condition and diagnosis and therefore deny those allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 16 of Plaintiff's Complaint and further deny that Xarelto® caused any injury to Plaintiff.

17.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to Plaintiff's alleged medical condition and diagnosis and therefore deny those allegations.   The Janssen Defendants deny the remaining allegations in paragraph 17 of Plaintiff's Complaint and further deny that Xarelto® caused any injury to Plaintiff.

18.     The Janssen Defendants and J&J deny the allegations in paragraph 18 of Plaintiff's Complaint.

**<u>PARTY DEFENDANTS</u>**

19.     The Janssen Defendants admit that JRD is a limited liability company existing under the laws of New Jersey and that JRD submitted the new drug applications ("NDAs") and supplemental new drug applications ("sNDAs") for Xarelto® to the FDA.   The Janssen

defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in Titusville, New Jersey. The Janssen Defendants and J&J deny all remaining allegations in paragraph 19.

20.     The Janssen Defendants admit that JRD is involved with research and development for Xarelto®.  The Janssen Defendants and J&J deny all remaining allegations in paragraph 20 of Plaintiff's Complaint.

21.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana. The Janssen Defendants and J&J deny the remaining allegations in paragraph 21 of Plaintiff's Complaint.

22.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana. The Janssen Defendants and J&J deny the remaining allegations in paragraph 22 of Plaintiff's Complaint.

23.     The Janssen Defendants deny the allegations in paragraph 23 of Plaintiff's Complaint.

24.      The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants and J&J deny all remaining allegations in paragraph 24 of Plaintiff's Complaint.

25.     The Janssen Defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in Titusville, New Jersey.

26.     The Janssen Defendants admit that Xarelto® is a product of JPI in the United States.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 27 of Plaintiff's Complaint.

28.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 28 of Plaintiff's Complaint.

29.     The Janssen Defendants and J&J deny the allegations in paragraph 29 of Plaintiff's Complaint.

30.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 30 of Plaintiff's Complaint.

31.     The Janssen Defendants admit that Janssen Ortho is a Delaware limited liability company with its principal place of business in Puerto Rico.  The Janssen Defendants admit that the sole member of Janssen Ortho is OMJ PR Holdings, which is an Ireland corporation with its principal place of business in Bermuda.  The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 31 of Plaintiff's Complaint.

32.     The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 33 of Plaintiff's Complaint.

34.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 34 of Plaintiff's Complaint.

35.     The Janssen Defendants and J&J deny the allegations in paragraph 35 of Plaintiff's Complaint.

36.     The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     J&J admits that Johnson & Johnson is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 37 of plaintiff's complaint.

38.     The Janssen Defendants and J&J deny the allegations in paragraph 38 and specifically deny that J&J is involved in the research, manufacture, sale, distribution and marketing of Xarelto®.

39.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 39 of Plaintiff's Complaint.

40.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 40 of Plaintiff's Complaint.

41.     The Janssen Defendants and J&J deny the allegations in paragraph 41 of Plaintiff's Complaint.

42.     The allegations of paragraph 42 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

43.     The allegations of paragraph 43 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

44.     The allegations of paragraph 44 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

45.     The allegations of paragraph 45 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

46.     The allegations of paragraph 46 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

47.     The allegations of paragraph 47 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

48.     The allegations of paragraph 48 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

49.     The allegations of paragraph 49 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

50.     The allegations of paragraph 50 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

51.     The allegations of paragraph 51 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

52.     The allegations of paragraph 52 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

53.     The allegations of paragraph 53 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

54.     The allegations of paragraph 54 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

55.     The allegations of paragraph 55 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

56.     The allegations of paragraph 56 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

57.     The allegations of paragraph 57 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

58.     The allegations of paragraph 58 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

59.     The allegations of paragraph 59 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

60.     The allegations of paragraph 60 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

61.     The allegations of paragraph 61 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

62.     The allegations of paragraph 62 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

63.     The allegations of paragraph 63 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

64.     The allegations of paragraph 64 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

65.     The allegations of paragraph 65 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

66.     The allegations of paragraph 66 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

67.     The allegations of paragraph 67 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

68.     The allegations of paragraph 68 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

69.     The allegations of paragraph 69 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

70.     The allegations of paragraph 70 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

71.     The allegations of paragraph 71 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

72.     The allegations of paragraph 72 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

73.     The allegations of paragraph 73 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

74.     The allegations of paragraph 74 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

75.     The allegations of paragraph 75 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

## FACTUAL BACKGROUND

76.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that the FDA-approved indications for Xarelto® are set forth in the package insert.  The Janssen Defendants and J&J deny the remaining allegations of paragraph 76 of Plaintiff's Complaint.

77.     The Janssen Defendants admit that the FDA first approved Xarelto® on July 1, 2011 for the prophylaxis of deep vein thrombosis (DVT) which may lead to pulmonary embolism (PE) in patients undergoing knee or hip replacement surgery.

78.     The Janssen Defendants admit that, on November 4, 2011, the FDA approved Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.

79.     The Janssen Defendants admit that, on November 2, 2012, the FDA approved Xarelto® for the treatment of deep vein thrombosis (DVT), pulmonary embolism (PE), and for the reduction in the risk of recurrence of DVT and of PE.

80.     The Janssen Defendants admit that Xarelto® was first approved by the FDA in July 2011, which was introduced in the U.S. market thereafter.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 80 of Plaintiff's Complaint as phrased.

81.     The Janssen Defendants admit that Xarelto® is a selective inhibitor of Factor Xa. The Janssen Defendants further admit that Xarelto® is available in 10mg, 15mg, and 20mg

tablets by prescription.    The Janssen Defendants and J&J deny the remaining allegations in paragraph 81 of Plaintiff's Complaint.

82.    The Janssen Defendants admit that Xarelto® was studied in the RECORD clinical trials.   The Janssen Defendants state that the publications in the New England Journal of Medicine and Lancet cited in paragraph 82 of Plaintiff's Complaint speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 82 of Plaintiff's Complaint.

83.    The Janssen Defendants admit that Xarelto® was studied in the ROCKET AF clinical trial.  The Janssen Defendants state that the publication in the New England Journal of Medicine cited in paragraph 83 of Plaintiff's Complaint speaks for itself.    The Janssen Defendants and J&J deny the remaining allegations in paragraph 83 of Plaintiff's Complaint.

84.    The Janssen Defendants admit that Xarelto® was studied in the EINSTEIN DVT, EINSTEIN PE and EINSTEIN Extension clinical trials.   The Janssen Defendants state that the publications in the New England Journal of Medicine and Expert Review of Cardiovascular Therapy cited in paragraph 84 of Plaintiff's Complaint speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 84 of Plaintiff's Complaint.

85.    The Janssen Defendants state that promotional materials and the website for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 85 of Plaintiff's Complaint.

86.    The Janssen Defendants state that marketing materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 86 of Plaintiff's Complaint.

87.     The Janssen Defendants state that publications issued by the Institute for Safe Medication Practices speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 87 of Plaintiff's Complaint.

88.     The Janssen Defendants admit that "[a] specific antidote for rivaroxaban is not available."  The Janssen Defendants further state that Xarelto®'s package inserts speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 88 of Plaintiff's Complaint.

89.     The Janssen Defendants and J&J deny the allegations in paragraph 89 of Plaintiff's Complaint as phrased and as incompletely and inaccurately presented.

90.     The Janssen Defendants and J&J deny the allegations in paragraph 90 of Plaintiff's Complaint.

91.     The Janssen Defendants state that Xarelto®'s website speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 91 of Plaintiff's Complaint.

92.     The Janssen Defendants and J&J deny the allegations in paragraph 92 of Plaintiff's Complaint.

93.     The Janssen Defendants state that advertising materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 93 of Plaintiff's Complaint.

94.     The Janssen Defendants and J&J deny the allegations in paragraph 94 of Plaintiff's Complaint.

95.     The Janssen Defendants state that the correspondence from the Office of Prescription Drug Promotion speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 95 of Plaintiff's Complaint.

96.     The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of Plaintiff's Complaint with regard to what information Plaintiff received and therefore deny those allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 96 of Plaintiff's Complaint.

97.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of Plaintiff's Complaint with regard to what information Plaintiff's prescribing physician received and therefore deny those allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 97 of Plaintiff's Complaint.

98.     The Janssen Defendants and J&J deny the allegations in paragraph 98 of Plaintiff's Complaint.

99.     The Janssen Defendants state that the Xarelto® Medication Guide speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 99 of Plaintiff's Complaint.

100.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 100 of Plaintiff's Complaint.

101.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 101 of Plaintiff's Complaint.

102.    The Janssen Defendants state that the ISMP materials speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 102 of Plaintiff's Complaint.

103.    The Janssen Defendants state that adverse event reports speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 103 of Plaintiff's Complaint.

104.    The Janssen Defendants state that reports received by German regulators speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 104 of Plaintiff's Complaint.

105.    The Janssen Defendants and J&J deny the allegations in paragraph 105 of Plaintiff's Complaint.

106.    The Janssen Defendants and J&J deny the allegations in paragraph 106, including the allegations contained in subparagraphs (a)-(o), of Plaintiff's Complaint.

107.    The Janssen Defendants admit that the package insert for Xarelto® has changed since the medication was first approved for use in the United States by the FDA in July 2011. The Janssen Defendants and J&J deny the remaining allegations in paragraph 107 of Plaintiff's Complaint.

108.    The Janssen Defendants and J&J deny the allegations in paragraph 108 of Plaintiff's Complaint.

109.    The Janssen Defendants and J&J deny the allegations in paragraph 109 of Plaintiff's Complaint.

110.    The Janssen Defendants and J&J deny the allegations in paragraph 110 of Plaintiff's Complaint.

111.    The Janssen Defendants and J&J deny the allegations in paragraph 111 of Plaintiff's Complaint.

112.    The Janssen Defendants and J&J deny the allegations in paragraph 112 of Plaintiff's Complaint.

113.    The Janssen Defendants and J&J deny the allegations in paragraph 113 of Plaintiff's Complaint.

114.    The Janssen Defendants and J&J deny the allegations in paragraph 114 of Plaintiff's Complaint.

115.    The Janssen Defendants and J&J deny the allegations in paragraph 115 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

116.    In response to the allegations in paragraph 116 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 116 of Plaintiff's Complaint.

117.    The allegations in paragraph 117 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 117.

118.    The Janssen Defendants and J&J deny the allegations in paragraph 118.

119.    The Janssen Defendants and J&J deny the allegations in the second paragraph numbered 119, including the allegations in subparagraphs (a) through (p).

120.    The Janssen Defendants deny the allegations in paragraph 120 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

121.    The Janssen Defendants and J&J deny the allegations in paragraph 121 of Plaintiff's Complaint.

122.    The Janssen Defendants and J&J deny the allegations in paragraph 122 of Plaintiff's Complaint, including the allegations in subparagraphs (a) through (h).

123.    The Janssen Defendants and J&J deny the allegations in paragraph 123 of Plaintiff's Complaint.

124.    The Janssen Defendants and J&J deny the allegations in paragraph 124 of Plaintiff's Complaint.

125.    The Janssen Defendants and J&J deny the allegations in paragraph 125 of Plaintiff's Complaint.

126.    The Janssen Defendants and J&J deny the allegations in paragraph 126 of Plaintiff's Complaint.

127.    The Janssen Defendants and J&J deny the allegations in paragraph 127 of Plaintiff's Complaint.

128.    The Janssen Defendants and J&J deny the allegations in paragraph 128 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

129.    In response to the allegations in paragraph 129 of Plaintiff's Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 129 of Plaintiff's Complaint.

130.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product.

The Janssen Defendants and J&J deny the remaining allegations in paragraph 130 of Plaintiff's Complaint.

131.    The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not Xarelto® did in fact reach patients in that condition and therefore deny those allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 131 of Plaintiff's Complaint.

132.    The Janssen Defendants and J&J deny the allegations in paragraph 132 and specifically deny that Xarelto® was defective.

133.    The Janssen Defendants and J&J deny the allegations in paragraph 133 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

134.    The Janssen Defendants and J&J deny the allegations in paragraph 134 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

135.    The Janssen Defendants and J&J deny the allegations in paragraph 135 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

136.    The Janssen Defendants and J&J deny the allegations in paragraph 136 and specifically deny that Xarelto® was defective.

137.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore deny those allegations.

138.    The Janssen Defendants and J&J deny the allegations in paragraph 138 and specifically deny that Xarelto® was dangerous.

139.    The allegations in paragraph 139 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 139.

140.    The Janssen Defendants and J&J deny the allegations in paragraph 140 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

141.    The Janssen Defendants and J&J deny the allegations in paragraph 141 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

142.    The Janssen Defendants and J&J deny the allegations in paragraph 142 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

143.    The Janssen Defendants and J&J deny the allegations in paragraph 143 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

144.    The Janssen Defendants and J&J deny that Xarelto® was defective and deny the remaining allegations in paragraph 144 of Plaintiff's Complaint.

145.    The Janssen Defendants and J&J deny the allegations in paragraph 145 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

146.    The Janssen Defendants and J&J deny the allegations in paragraph 146 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

147.    The Janssen Defendants and J&J deny the allegations in paragraph 147 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

148.    The Janssen Defendants and J&J deny the allegations in paragraph 148 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

149.    The Janssen Defendants and J&J deny the allegations in paragraph 149 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

150.    The Janssen Defendants and J&J deny the allegations in paragraph 150 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

151.    The Janssen Defendants and J&J deny the allegations in paragraph 151 of Plaintiff's Complaint.

152.    The Janssen Defendants and J&J deny the allegations in paragraph 152 of Plaintiff's Complaint.

153.    The Janssen Defendants and J&J deny the allegations in paragraph 153 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

154.    In response to the allegations in paragraph 154 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 154 of Plaintiff's Complaint.

155.    The allegations in paragraph 155 of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves.

156.    The Janssen Defendants and J&J deny the allegations in paragraph 156 of Plaintiff's Complaint.

157.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff relied upon.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 157 of Plaintiff's Complaint.

158.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what unidentified members of the medical community, including physicians and other healthcare professionals physicians relied upon in recommending, prescribing, and/or dispensing

Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 158 of Plaintiff's Complaint.

159.    The Janssen Defendants and J&J deny the allegations in paragraph 159 of Plaintiff's Complaint.

160.    The allegations in paragraph 160 of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 160.

161.    The Janssen Defendants and J&J deny the allegations in paragraph 161 of Plaintiff's Complaint.

162.    The Janssen Defendants and J&J deny the allegations in paragraph 162 of Plaintiff's Complaint.

163.    The Janssen Defendants and J&J deny the allegations in paragraph 163 of Plaintiff's Complaint.

164.    The Janssen Defendants and J&J deny the allegations in paragraph 164 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION

165.    In response to the allegations in paragraph 165 of Plaintiff's Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 165 of Plaintiff's Complaint.

166.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product.

The FDA-approved indications for Xarelto® speak for themselves.  The Janssen Defendants deny the remaining allegations of paragraph 166 of Plaintiff's Complaint.

167.    The allegations in paragraph 167 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 167 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

168.    The allegations in paragraph 168 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 168 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

169.    The Janssen Defendants and J&J deny the allegations in paragraph 169 of Plaintiff's Complaint.

170.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to what information Plaintiff and/or unidentified physicians and healthcare professionals relied upon and therefore deny these allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 170 of Plaintiff's Complaint.

171.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to what information Plaintiff and/or unidentified physicians and healthcare professionals relied upon and therefore deny these allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 171 of Plaintiff's Complaint.

172.    The Janssen Defendants and J&J deny the allegations in paragraph 172 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

173.    The Janssen Defendants and J&J deny the allegations in paragraph 173 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

174.    The Janssen Defendants and J&J deny the allegations in paragraph 174 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

175.    The Janssen Defendants and J&J deny the allegations in paragraph 175 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

176.    The Janssen Defendants and J&J deny the allegations in paragraph 176 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

## FIFTH CAUSE OF ACTION

177.    In response to the allegations in paragraph 177 of Plaintiff's Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 177 of Plaintiff's Complaint.

178.    The Janssen Defendants and J&J deny the allegations in paragraph 178 of Plaintiff's Complaint.

179.    The Janssen Defendants and J&J deny the allegations in paragraph 179 of Plaintiff's Complaint.

180.    The Janssen Defendants and J&J deny the allegations in paragraph 180 of Plaintiff's Complaint.

181.    The Janssen Defendants and J&J deny the allegations in paragraph 181 of Plaintiff's Complaint.

182.    The Janssen Defendants and J&J deny the allegations in paragraph 182 of Plaintiff's Complaint.

183.    The Janssen Defendants and J&J deny the allegations in paragraph 183 of Plaintiff's Complaint.

184.    The Janssen Defendants and J&J deny the allegations in paragraph 184 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

185.    The Janssen Defendants and J&J deny the allegations in paragraph 185 of Plaintiff's Complaint.

186.    The Janssen Defendants and J&J deny the allegations in paragraph 186 of Plaintiff's Complaint.

187.    The Janssen Defendants and J&J deny the allegations in paragraph 187 of Plaintiff's Complaint.

188.    The Janssen Defendants and J&J deny the allegations in paragraph 188 of Plaintiff's Complaint.

189.    The Janssen Defendants and J&J deny the allegations in paragraph 189 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION

190.    In response to the allegations in paragraph 190 of Plaintiff's Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 190 of Plaintiff's Complaint.

191.    The Janssen Defendants and J&J deny the allegations in paragraph 191 of Plaintiff's Complaint.

192.    The Janssen Defendants and J&J deny the allegations in paragraph 192 of Plaintiff's Complaint.

193.    The Janssen Defendants and J&J deny the allegations in paragraph 193 of Plaintiff's Complaint, including the allegations contained in subparagraphs (a) through (l) and specifically deny that Xarelto® is defective.

194.    In response to paragraph 194 of Plaintiff's Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.   The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 194 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

195.    The Janssen Defendants and J&J deny the allegations in paragraph 195 of Plaintiff's Complaint.

196.    The Janssen Defendants and J&J deny the allegations in paragraph 196 of Plaintiff's Complaint.

197.    The Janssen Defendants and J&J deny the allegations in paragraph 197 of Plaintiff's Complaint.

198.    The Janssen Defendants and J&J deny the allegations in paragraph 198 of Plaintiff's Complaint.

199.    The Janssen Defendants and J&J deny the allegations in paragraph 199 of Plaintiff's Complaint.

200.    The Janssen Defendants and J&J deny the allegations in paragraph 200 of Plaintiff's Complaint.

201.    The Janssen Defendants and J&J deny the allegations in paragraph 201 of Plaintiff's Complaint.

## SEVENTH CAUSE OF ACTION

202.    In response to the allegations in paragraph 202 of Plaintiff's Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 202 of Plaintiff's Complaint.

203.    In response to paragraph 203 of Plaintiff's Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants and J&J beyond those required by law.

204.    The Janssen Defendants and J&J deny the allegations in paragraph 204 of Plaintiff's Complaint.

205.    The Janssen Defendants and J&J deny the allegations in paragraph 205 of Plaintiff's Complaint.

206.    The Janssen Defendants and J&J deny the allegations in paragraph 206 of Plaintiff's Complaint.

207.    The Janssen Defendants and J&J deny the allegations in paragraph 207 of Plaintiff's Complaint.

208.    The Janssen Defendants and J&J deny the allegations in paragraph 208 of Plaintiff's Complaint.

209.    The Janssen Defendants and J&J deny the allegations in paragraph 209 of Plaintiff's Complaint.

## EIGHTH CAUSE OF ACTION

210.    In response to the allegations in paragraph 210 of Plaintiff's Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 210 of Plaintiff's Complaint.

211.    The allegations contained in paragraph 211 are unintelligible as stated, and therefore the Janssen Defendants and J&J deny those allegations.

212.    The Janssen Defendants and J&J deny the allegations in paragraph 212 of Plaintiff's Complaint.

213.    The Janssen Defendants and J&J deny the allegations in paragraph 213 of Plaintiff's Complaint.

214.    In response to paragraph 214 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants and J&J beyond those required by law.

215.    The Janssen Defendants state that the materials referenced in paragraph 215 of Plaintiff's Complaint speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 202 of Plaintiff's Complaint.

216.    The Janssen Defendants state that the materials referenced in paragraph 216 of Plaintiff's Complaint speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 216 of Plaintiff's Complaint.

217.    The Janssen Defendants state that the materials referenced in paragraph 217 of Plaintiff's Complaint speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 217 of Plaintiff's Complaint.

218.     The Janssen Defendants and J&J deny the allegations in paragraph 218 of Plaintiff's Complaint.

219.     The Janssen Defendants and J&J deny the allegations in paragraph 219 of Plaintiff's Complaint.

220.     The Janssen Defendants and J&J deny the allegations in paragraph 220 of Plaintiff's Complaint.

221.     The Janssen Defendants and J&J deny the allegations in paragraph 221 of Plaintiff's Complaint.

222.     The Janssen Defendants state that the materials referenced in paragraph 222 of Plaintiff's Complaint speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 222 of Plaintiff's Complaint.

223.     The Janssen Defendants state that the materials referenced in paragraph 223 of Plaintiff's Complaint speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 223 of Plaintiff's Complaint.

224.     The Janssen Defendants and J&J deny the allegations in paragraph 224 of Plaintiff's Complaint.

225.     The Janssen Defendants and J&J deny the allegations in paragraph 225 of Plaintiff's Complaint.

226.     The Janssen Defendants and J&J deny the allegations in paragraph 226 of Plaintiff's Complaint.

227.     The Janssen Defendants and J&J deny the allegations in paragraph 227 of Plaintiff's Complaint.

228.    The Janssen Defendants and J&J deny the allegations in paragraph 228 of Plaintiff's Complaint.

229.    The Janssen Defendants and J&J deny the allegations in paragraph 229 of Plaintiff's Complaint.

230.    The Janssen Defendants and J&J deny the allegations in paragraph 230 of Plaintiff's Complaint.

231.    The Janssen Defendants and J&J deny the allegations in paragraph 231 of Plaintiff's Complaint.

232.    The Janssen Defendants and J&J deny the allegations in paragraph 232 of Plaintiff's Complaint.

233.    The Janssen Defendants and J&J deny the allegations in paragraph 233 of Plaintiff's Complaint.

234.    The Janssen Defendants and J&J deny the allegations in paragraph 234 of Plaintiff's Complaint.

235.    The advertising materials for Xarelto® speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 235 of Plaintiff's Complaint.

236.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiff and/or unidentified physicians and healthcare professionals relied upon and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 236 of Plaintiff's Complaint.

237.    The Janssen Defendants and J&J deny the allegations in paragraph 237 of Plaintiff's Complaint.

238.    The Janssen Defendants and J&J deny the allegations in paragraph 238 of Plaintiff's Complaint.

239.    The Janssen Defendants and J&J deny the allegations in paragraph 239 of Plaintiff's Complaint.

240.    The Janssen Defendants and J&J deny the allegations in paragraph 240 of Plaintiff's Complaint.

241.    The Janssen Defendants and J&J deny the allegations in paragraph 241 of Plaintiff's Complaint.

242.    The Janssen Defendants and J&J deny the allegations in paragraph 242 of Plaintiff's Complaint.

243.    The Janssen Defendants and J&J deny the allegations in paragraph 243 of Plaintiff's Complaint.

## NINTH CAUSE OF ACTION

244.    In response to the allegations in paragraph 244 of Plaintiff's Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 244 of Plaintiff's Complaint.

245.    In response to paragraph 245 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants and J&J beyond those required by law.

246. The Janssen Defendants and J&J deny the allegations in paragraph 246 of Plaintiff's Complaint.

247. The Janssen Defendants and J&J deny the allegations in paragraph 247 of Plaintiff's Complaint, including the allegations in subparagraphs (a) through (c).

248. The Janssen Defendants and J&J deny the allegations in paragraph 248 of Plaintiff's Complaint.

249. The Janssen Defendants and J&J deny the allegations in paragraph 249 of Plaintiff's Complaint.

250. The Janssen Defendants and J&J deny the allegations in paragraph 250 of Plaintiff's Complaint.

251. The Janssen Defendants and J&J deny the allegations in paragraph 251 of Plaintiff's Complaint.

252. The Janssen Defendants and J&J deny the allegations in paragraph 252 of Plaintiff's Complaint.

253. The Janssen Defendants and J&J deny the allegations in paragraph 253 of Plaintiff's Complaint.

254. The Janssen Defendants and J&J deny the allegations in paragraph 254 of Plaintiff's Complaint.

255. The Janssen Defendants and J&J deny the allegations in paragraph 255 of Plaintiff's Complaint.

## **TENTH CAUSE OF ACTION**

256.   In response to the allegations in paragraph 256 of Plaintiff's Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 256 of Plaintiff's Complaint.

257.   The Janssen Defendants and J&J deny the allegations in paragraph 257 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

258.   The Janssen Defendants and J&J deny the allegations in paragraph 258 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

259.   The Janssen Defendants and J&J deny the allegations in paragraph 259 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

260.   The Janssen Defendants and J&J deny the allegations in paragraph 260 of Plaintiff's Complaint.

261.   The Janssen Defendants and J&J deny the allegations in paragraph 261 of Plaintiff's Complaint.

262.   The Janssen Defendants and J&J deny the allegations in paragraph 262 of Plaintiff's Complaint.

263.   The Janssen Defendants and J&J deny the allegations in paragraph 263 of Plaintiff's Complaint.

**WHEREFORE,** the Janssen Defendants and J&J deny that that Plaintiff is entitled to relief of any kind.

<u>**AFFIRMATIVE DEFENSES**</u>

The Janssen Defendants and J&J reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. By asserting the following

affirmative defenses, the Janssen Defendants and J&J do not allege or admit that they have the burden of proof or the burden of persuasion with respect to any of these matters. Further answering, and by way of affirmative defenses, the Janssen Defendants and J&J state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries attributable to the use of the products at issue in this case, if any, were not caused by the products at issue, but instead were caused by intervening and superseding causes or circumstances.

## FOURTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J did not make to Plaintiff nor did they breach any express or implied warranties and/or breach any warranties created by law. To the extent that Plaintiff relied on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with the Defendants and/or for failure of Plaintiff, or Plaintiff's representatives, to give timely notice to the Janssen Defendants and J&J of any alleged breach of warranty. The Janssen Defendants and J&J further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future.

## FIFTH AFFIRMATIVE DEFENSE

At the time of sale or delivery, the products conformed to state-of-the-art for such products at that time.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred by the applicable statutes of limitation and/or prescriptive periods.

**SEVENTH AFFIRMATIVE DEFENSE**

The injuries and damages claimed by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons over whom the Janssen Defendants and J&J have no control or right of control.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that recovery of punitive or exemplary damages in this case would violate the constitutional rights of the Janssen Defendants and J&J to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States and similar protections afforded by the Louisiana and New Jersey state constitutions, and any other state whose law is deemed to apply in this case, and that any law of the states of Louisiana or New Jersey, whether enacted by that state's legislature or founded upon a decision or decisions of the courts, or that of any other state whose law is deemed to apply in this case, that would permit recovery of punitive or exemplary damages, is unconstitutional under these provisions.

**NINTH AFFIRMATIVE DEFENSE**

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that the standards for granting and asserting punitive or exemplary damages do not prohibit other Plaintiff from seeking and recovering such damages against the Janssen

Defendants and J&J for the same allegations of defect in the same products, and as such constitute multiple punishments for the same alleged conduct resulting in deprivation of the Janssen Defendants' and J&J's property without due process of law and will result in unjustified windfalls for Plaintiff and Plaintiff's counsel, in violation of the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar protections afforded by the Louisiana and New Jersey state constitutions, and that of any other state whose law is deemed to apply in this case.

## TENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J cannot be maintained because an award of punitive damages under current Louisiana and New Jersey law, and any other state's law deemed to apply to this action, would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Eighth and Fourteenth Amendments to the United States Constitution, the due process provisions of the Louisiana and New Jersey state constitutions, and the common law and public policies of the states of New Jersey and Louisiana, and similar protections afforded by any other state whose law is deemed to apply in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the laws of Louisiana and New Jersey, and any other state whose law is deemed to apply in this case, permit punishment to be measured by the net worth or financial status of the Janssen Defendants and J&J and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of the Janssen Defendants and J&J in other states, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, the state laws and constitutional provisions of Louisiana and New Jersey, and similar protections afforded by any other state whose law is deemed to apply in this case.

## TWELFTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J is governed by the law of the State of New Jersey.  The Janssen Defendants are entitled to the protections and limitations afforded under the New Jersey Punitive Damages Act, N.J.S.A. §§ 2A:15-5.9, *et seq.* and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq.*  Further, any claim for punitive or exemplary damages against Janssen Defendants and J&J also cannot be maintained because punitive damages are not recoverable under Louisiana law, and in particular, under the provisions of the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51 *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries are a result of a pre-existing and/or unrelated medical condition for which Defendants are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the Joint Tortfeasors Laws of any state whose law is deemed to apply.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Defendants' product is unsafe in any way, it is unavoidably unsafe.  Plaintiff's purported action is, therefore, barred by Comment K of §402A of the Restatement (Second) of Torts and/or other applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, with the exception of Plaintiff's claims for punitive damages, are governed by the law of the home state of Plaintiff, i.e., Louisiana.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J are entitled to, and claims the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute in the state of Louisiana, Plaintiff's alleged state of citizenship and residence, and any other state whose law is deemed to apply in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by the prescription medicine alleged to be at issue here, which is denied, the injuries are the result of an idiosyncratic reaction to the products.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to plead allegations of fraud, mistake, or deception with the specificity or detail required.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J specifically aver that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the Louisiana Products Liability Act (La. R.S. 9:2800.54).

### TWENTY-FOURTH SEPARATE DEFENSE

The Janssen Defendants and J&J assert all allowable defenses under the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, *et seq*, including but not limited to the applicability of La. R.S. 9:2800.59 and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq.*

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of informed consent, assumption of risk, release, and waiver. Additionally, if Plaintiff had or has filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be

prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's injuries or damages sustained, if any, were caused in whole or part by Plaintiff's own negligence, and accordingly, Plaintiff are barred in whole or in part, from recovery.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Janssen Defendants and J&J affirmatively plead the applicability of the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51 *et seq.* and specifically aver that Plaintiff is not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Janssen Defendants and J&J hereby give notice that they intend to rely upon and incorporate by reference any affirmative defenses that may be asserted by any co-defendant in this lawsuit.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J reserve their rights to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

**WHEREFORE,** the Janssen Defendants and J&J demand judgment in their favor dismissing the Complaint with prejudice and for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson request a trial by jury on all issues so triable.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ Susan M. Sharko
    Susan M. Sharko
    DRINKER BIDDLE & REATH LLP
    600 Campus Drive
    Florham Park, NJ 07932-1047
    Telephone: (973) 549-7000
    Facsimile: (973) 360-9831
    susan.sharko@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ James B. Irwin
    James B. Irwin
    Kim E. Moore
    IRWIN FRITCHIE URQUHART
    & MOORE LLC
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 19, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**