UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : | MDL No. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH |

THIS DOCUMENT RELATES TO:

*Mary E. Bounds v. Janssen Research & Development, LLC, et al*, LAED USDC No. 15-4144;

*James N. Johnson v. Janssen Research & Development LLC, et al*, LAED USDC No. 15-4499;

*Kenneth Karl Kaiser and Linda Kaiser Riley obo Bobbie Kaiser v. Janssen Research & Development, LLC*, LAED USDC No. 15-4500;

*William Kouns and Billie Kouns v. Janssen Research & Development, LLC*, LAED USDC No. 15-4502;

*Linda Runyan, Karen Hamilton and Richard Robinson obo Richard T. Robinson v. Janssen Research & Development, LLC*, LAED USDC No. 15-4505;

*Randall Smith and Susan Smith v. Janssen Research & Development, LLC*, LAED USDC No. 15-4507;

*Imond Washington v. Janssen Research & Development, LLC*, LAED USDC No. 15-4510;

*Betty Wilcots v. Janssen Research & Development, LLC*, LAED USDC No. 15-4513.

### MEMORANDUM IN SUPPORT OF SECOND MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER PHARMA AG

MAY IT PLEASE THE COURT:

Plaintiffs in the above-listed actions, through undersigned counsel, respectfully request that this Court grant their Second Motion for Extension of Time Within Which to Serve Process on Bayer Pharma AG and issue an Order allowing them an additional thirty (30) days from the

1

date of the Court's Order to serve the Joint Complaint, the severance Order, the list of individual cases, the Short-Form Complaints, and the summonses on Bayer Pharma AG through the streamlined procedures for informal service of process set forth in Pre-Trial Order #10.

All of the foregoing actions have been filed and docketed into this consolidated proceeding, *In re: Xarelto (Rivaroxaban) Products Liability Litigation,* MDL No. 2592. On November 16, 2015, Plaintiffs served the Defendant, Bayer Pharma AG, with the Joint Complaint, the severance Order, the list of individual cases, the Short Form Complaints in the individual actions listed above, and the summons in all of the aforementioned actions via registered mail, return receipt requested.

On December 2, 2015, the Defendant, Bayer Pharma AG acknowledged receipt by registered mail of the Joint Complaint, the severance Order, the list of individual cases, the Short Form Complaints in the individual actions listed above, and the summons in all of the aforementioned actions. ***Thus, the Defendant, Bayer Pharma AG was actually served with all of the correct pleadings at least as of December 2, 2015, and as of that date, had actual possession of same.*** However, even though the Defendant, Bayer Pharma AG, acknowledged that it received all of the correct pleadings at least by December 2, 2015, Bayer Pharma AG claimed that service was not timely because it was not effected within sixty (60) days of the docketing of the Complaint in the MDL, as required by the Court's Pre-Trial Order No. 10.

Therefore, Plaintiffs filed their first Motion For Extension of Time Within Which to Serve Process on December 3, 2015. The Memorandum in Support of Plaintiffs' first Motion for Extension of Time expressly stated that Defendant Bayer Pharma AG had already been served with all pleadings, including summons, but the service on December 2, 2015 was not within 60 days of the docketing of the Complaint. The Plaintiffs' first Motion for Extension of

Time Within Which to Serve Process requested an extension of twenty (20) days from the time the Motion was filed, or until December 23, 2015, to effect service. *It is to be remembered that at the time the Motion for Extension of Time was filed, Bayer Pharma AG had already been served as of December 2, 2015 with all of the correct pleadings, so an extension until December 23, 2015 would have made the initial service timely.* Bayer Pharma AG opposed the Plaintiffs' first Motion for Extension of Time Within Which to Serve Process.

This Court issued an Order on January 6, 2016, granting to Plaintiffs an extension of time of twenty (20) days from the filing of Plaintiffs' Motion for Extension of Time Within Which to Serve Process to serve the Defendant, Bayer Pharma AG. Thus, this Court granted to Plaintiffs an extension of time to serve the Defendant, Bayer Pharma AG, until December 23, 2015, and in fact, Defendant Bayer Pharma AG was served within that time frame, as Bayer Pharma AG admitted receipt of service on December 2, 2015.

Now, however, Defendant Bayer Pharma AG claims that since the December 2, 2015 service occurred *before* the Court's January 6, 2016 Order (which granted an extension to serve until December 23, 2015), the December 2, 2015 service was not effective, even though the December 2, 2015 service was timely under the Court's Order extending the service period to December 23, 2015.

A second service was attempted on January 12, 2016, but Defendant Bayer Pharma AG now claims the second service was not timely as it was not effected before December 23, 2015, and the second service package inadvertently omitted the severance Order which Bayer Pharma AG already has and with which Bayer Pharma AG was already served.

Although Plaintiffs contend that Bayer Pharma AG was timely and correctly served on December 2, 2015 which was within the Court's extended service time period of December 23,

3

2015, in an abundance of caution, Plaintiffs request a Second Extension of Time Within Which to Serve Bayer Pharma AG of thirty (30) days from the date of this Court's Order.

Undersigned counsel has contacted counsel for Defendant Bayer Pharma AG, Lindy Brown, to request either Bayer Pharma AG's acquiescence to the December 2, 2015 service or a second extension of time to complete streamlined service, but counsel for the Bayer Pharma AG has indicated that Bayer Pharma AG will not acquiesce to the December 2, 2015 service nor will it consent to a second extension of time.

Thus, Plaintiffs respectfully request that this Court grant this Motion and allow them an additional thirty (30) days from the date of the Court's Order within which to effect service on the Defendant, Bayer Pharma AG, through the streamlined procedures for informal service of process as set forth in Pre-Trial Order #10.

Dated:  February 19, 2016.

                                                Respectfully submitted,

                                                /s/ Mekel S. Alvarez
                                              Morris Bart (LA Bar #02788)
                                              Mekel Alvarez (LA Bar #22157)
                                              Morris Bart, LLC
                                              909 Poydras Street, 20th Floor
                                              New Orleans, LA 70112
                                              Telephone: 504-525-8000
                                              Facsimile: 504-599-3392
                                              morrisbart@morrisbart.com
                                              malvarez@morrisbart.com

                                              **COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a complete copy of the foregoing pleading has been served upon all parties or their counsel of record in a manner authorized by Fed. R. Civ. P. 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality which will send notice of the electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17, on this the 19th day of February, 2016.

/s/ Mekel S. Alvarez
Mekel S. Alvarez