UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| STEPHEN BARRETTE<br>Plaintiff | ) ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants<br>_____ | ) ) ) ) ) | Civil Action No: 2:15-cv-06941-EEF-MBN |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| ANEL ESCOBAR<br>Plaintiff | ) ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants<br>_____ | ) ) ) ) ) | Civil Action No: 2:16-cv-01295-EEF-MBN |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| LISA GILBERT<br>Plaintiff | ) ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants<br>_____ | ) ) ) ) ) | Civil Action No: 2:16-cv-01296-EEF-MBN |

1

2644087-1

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| DAVID MALONE<br>Plaintiff | JUDGE: ELDON E. FALLON |
| v. | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | Civil Action No: 2:16-cv-01297-EEF-MBN |

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| CECILIA PAUL<br>Plaintiff | JUDGE: ELDON E. FALLON |
| v. | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | Civil Action No: 2:16-cv-01298-EEF-MBN |

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| BERNARD RICE<br>Plaintiff | JUDGE: ELDON E. FALLON |
| v. | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | Civil Action No: 2:16-cv-01301-EEF-MBN |

2644087-1

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> BERNADETTE SMITH, ET AL. ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> JANSSEN RESEARCH & ) <br> DEVELOPMENT LLC, ET AL. ) <br> Defendants ) <br> _____ ) | MDL NO. 2592 <br><br> SECTION: L <br><br> JUDGE: ELDON E. FALLON <br><br> MAGISTRATE JUDGE: MICHAEL NORTH <br><br> Civil Action No: 2:16-cv-01300-EEF-MBN |

### RESPONSE TO MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

Defendants Bayer HealthCare Pharmaceuticals Inc. ("BHCP") and Bayer Pharma AG, by and through counsel, appearing specially, and reserving all defenses including without limitation insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submit the instant response to Plaintiffs' motion for extension of time within which to serve process. In response, BHCP and Bayer Pharma AG state as follows:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on BHCP and Bayer Pharma AG. PTO 10 permits service of process in BHCP by certified mail, return receipt requested, upon the following representative of BHCP:

> SOP Department
> Corporation Service Company
> Suite 400
> 2711 Centerville Road
> Wilmington, DE 19808

PTO 10 permits service of process on Bayer Pharma AG by registered mail, return receipt requested, upon the following representative of Bayer Pharma AG:

3

2644087-1

>Bayer Pharma AG
>Attn: Eva Gardyan-Eisenlohr
>General Counsel
>Muellerstrasse 178
>13353 Berlin
>GERMANY

The joint complaint in *Stephen Barrette* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on December 18, 2015. The following actions were severed from the joint complaint in *Stephen Barrette: Anel Escobar, Lisa Gilbert, David Malone, Cecilia Paul, Bernard Rice*, and *Bernadette Smith, et al.*

On February 22, 2016, BHCP received a copy of the Complaint and a Summons by certified mail, through BHCP's representative. The documents are post-marked February 16, 2016. BHCP will accept the service received on February 22, 2016.

As to service on Bayer Pharma AG, Bayer Pharma AG received a copy of the Complaint and a Summons on February 19, 2016, by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. The service papers are post-marked February 5, 2016. Service was improper and therefore rejected by letter dated February 19, 2016. In the February 19, 2016, letter, Plaintiffs were granted 10 days to cure the deficiency.

PTO 10 only permits streamlined service of process on Bayer Pharma AG by registered mail, return receipt requested, and on BHCP by certified mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL." Outside of the streamlined service process, Federal Rule of Civil Procedure 4(m) sets out the time period by which service must be made after the Complaint is filed.

2644087-1

Bayer Pharma AG is a company organized under the laws of Germany.  Normally, service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h).  Under Federal Rules of Civil Procedure 4(h)(2), service upon a corporation is effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof."  Subdivision (f) provides that an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

Service of process by an American plaintiff on a German defendant in Germany is normally governed by international and German law.  The streamlined process for service on Bayer Pharma AG in PTO 10 is a departure from the requirements for service under international and German law and was a concession by Bayer Pharma AG.  If a plaintiff is to receive the benefit from this departure from normal service procedures, the plaintiff should, at the very least, be required to meet the conditions in PTO 10, including service within 60 days.

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)."  Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to service process "if the plaintiff shows good cause for the failure" to timely serve process.  Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the

5

part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified.'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiffs have failed to show good cause for their failure timely to serve process. The only explanation offered by Plaintiffs for their failure timely to serve process is "inadverten[ce]" by Plaintiffs' counsel. Such inadvertence by counsel does not entitle Plaintiff to an extension. *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process). The Court should deny Plaintiffs' motion for extension of time to serve process under the streamlined service process of PTO 10. BHCP will accept the service received on February 22, 2016. To the extent that Plaintiffs fail to serve process on BPAG within the 10 day cure period provided for in the February 19, 2016, letter, the Court should only allow Plaintiffs to serve Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiffs serve Bayer Pharma AG in accordance with international and German law pursuant to Rules (h)(2) and (f).

Bayer Pharma AG is entitled to some certainty as to whether it will be required to defend itself in a particular case pending in the MDL. Time limits on service provide some level of certainty. Otherwise, Bayer Pharma AG is subject to being brought into any case in the MDL at any time for any reason. With numerous cases pending in the MDL, this level of uncertainty places an undue burden on Bayer Pharma AG to continue to monitor all cases pending in the MDL.

Furthermore, PTO 11 provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served." However, once Bayer Pharma AG is

6

2644087-1

served in a particular case, Bayer Pharma AG's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed).  Service triggers the operation of Bayer Pharma AG's omnibus answer in a particular case without any action on the part of Bayer Pharma AG.  By delaying service, a plaintiff can delay the operation of Bayer Pharma AG's omnibus answer in a particular case.  Pre-Trial Order No. 11C provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint.  When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.
>
> If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her complaint.  Rather, the plaintiff can amend her complaint at any time for any reason.

WHEREFORE, BHCP and Bayer Pharma AG respectfully request that the Court deny Plaintiffs' request for an additional 30 days to serve process on BHCP and Bayer Pharma AG under the streamlined service process of PTO 10.  BHCP will accept the service received on February 22, 2016.  To the extent that Plaintiffs fail to serve process on Bayer Pharma AG within the 10 day cure period provided for in the February 19, 2016, letter, the Court should only allow Plaintiff to serve Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiffs serve Bayer Pharma AG in accordance with international and German law pursuant to Rules (h)(2) and (f).

February 23, 2016.

Respectfully submitted,

By: /s/ *Steven Glickstein*
Steven Glickstein
William Hoffman
Andrew K. Solow
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
sglickstein@kayescholer.com

By: /s/ *John F. Olinde*
John F. Olinde (LA Bar #1515)
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com
***Attorneys for Bayer Pharma AG and***
***Bayer HealthCare Pharmaceuticals Inc.***

## CERTIFICATE OF SERVICE

  I hereby certify that on February 23, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                             /s/   John F. Olinde

2644087-1