UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

**ANDY ARDIE**
Civil Action No.: 2:15-cv-05611

**SANDRA DUNN**
Civil Action No.: 2:15-cv-06968

**JANICE FLICK**
Civil Action No.: 2:15-cv-06970

**NANCY HALL**
Civil Action No.: 2:15-cv-07088

**CAROL HANNAH**
Civil Action No.: 2:15-cv-07090

**PAMELA HODGKINS**
Civil Action No.: 2:15-cv-07091

**ROBERT HOWARD**
Civil Action No.: 2:15-cv-07092

**JAMES GARDNER**
Civil Action No.: 2:15-cv-07093

**ABBIE NAPIER**
Civil Action No.: 2:15-cv-07094

**TAMMIE PEARSON**
Civil Action No.: 2:15-cv-07095

1

**ELAINE RUFFA**
**Civil Action No.: 2:15-cv-07096**

**MURPHY SMITH**
**Civil Action No.: 2:15-cv-07098**

**DAVID WHITE**
**Civil Action No.: 2:15-cv-07099**

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR EXTENSION OF TIME TO SERVE PROCESS TO DEFENDANT BAYER PHARMA AG**

Plaintiffs submit this memorandum in support of their motion for an order from this Court declaring their prior service on Defendant Bayer Pharma AG to have been effective, or alternatively, granting them thirty (30) days within which to serve process on Defendant Bayer Pharma AG through the streamlined process.

**I.    BACKGROUND**

The actions above were filed into the Xarelto Products Liability Litigation, MDL No. 2592, as part of a Joint Complaint, as permitted under PTO 11, on October 30, 2015 (Doc. 1). From December 26, 2015 to December 29, 2015, Plaintiffs timely filed their respective plaintiff fact sheets ("PFSs") on all Defendants through MDL Centrality, pursuant to PTO 13. Defendant Bayer Pharma AG was made fully aware of the facts and circumstances surrounding the claims being asserted by Plaintiff through these PFSs. However, during this time period, undersigned counsel inadvertently failed to timely issue formal service process on Defendant Bayer Pharma AG within the appropriate time frame.

Plaintiffs' counsel was delayed in passing on Plaintiffs' Complaints and Summons to their third-party process server due to the Christmas holiday. Plaintiffs' process server subsequently faced delays in mailing out the required documents due to the New Year's Eve holiday. Plaintiffs eventually made service on Bayer Pharma AG via Registered Mail on January

2

25, 2016, pursuant to the streamlined process enumerated in PTO 10. (Ex. A). On that same day, counsel for Bayer Pharma AG notified Plaintiffs' counsel by letter that Bayer Pharma AG considered the service attempts to be improper as beyond the 60 day time limit provided in PTO 10. (Ex. B). In this letter, Bayer Pharma AG acknowledged that Plaintiffs' Complaints and Summons had been received, and stated that they would be returning those documents to Plaintiffs' Counsel. (*Id.*).

## II.  ANALYSIS

FRCP 4 sets forth the procedure for notifying defendants that a federal lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 120 days[1] after the complaint is filed (or within the 60 days allowed under the streamlined process in PTO 10), Rule 4 instructs the court to "dismiss the action without prejudice against the defendant or order that service be made within a specified time." FRCP 4(m) expressly provides that the time limitation does not apply to service in a foreign country. In completing the respective PFSs, Plaintiffs have demonstrated that they have every intention of pursuing their claims, and it is purely due to oversight on the part of Plaintiffs' counsel that service was not perfected within the 60 days of filing required by PTO 10. "[T]he court has discretionary power to extend time for service" even in the absence of good cause. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). It would be appropriate for the Court to exercise its discretionary power in this circumstance.

This MDL involves cases filed by hundreds, if not thousands, of plaintiffs who have alleged claims that are virtually identical in that they involve similar injuries allegedly caused by the use of the same pharmaceutical, Xarelto. Therefore, no actual prejudice will occur to Bayer

---

[1] At the time that the subject joint complaint was filed, the allowable time frame was 120 days. FRCP 4 has since been amended to require service within 90 days.

Pharma AG if this Court grants the relief sought by the handful of Plaintiffs identified in the actions above.

Plaintiffs were not acting in "bad faith" in delaying service of their Complaint, as Defendant Bayer Pharma AG is fully aware of the pending litigation in this MDL, has been served with hundreds and hundreds of virtually identical complaints as those served in these actions, and has in fact received the individual PFS for each Plaintiff identified in this Motion. A permissive extension by the Court is appropriate under these circumstances to avoid issues regarding the statute of limitations for each Plaintiff's claim, although the original joint complaint was timely filed as to all Plaintiffs.

### III. CONCLUSION

In consideration of the above, Plaintiffs request an order from this Court declaring their prior service on Defendant Bayer Pharma AG to have been effective, or alternatively, granting them thirty (30) days within which to serve process on Defendant Bayer Pharma AG through the streamlined process. Plaintiffs demonstrate that no party will be prejudiced by the granting of the relief sought and that the progress of the MDL will not be affected.

Dated: February 25, 2016

        Respectfully submitted,

        KENNEDY HODGES, LLP

        By: /s/ Gabriel A. Assaad
        Gabriel A. Assaad
        gassaad@kennedyhodges.com
        711 W. Alabama St.
        Houston, TX 77006
        Telephone: (713) 523-0001
        Facsimile: (713) 523-1116

        ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    I hereby certify that that on the 25th of February, 2016, a copy of the foregoing Motion for Dismissal has contemporaneously been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Easter District of Louisiana, and via MDL Centrality, which will send notice of electronic filings in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                            /s/ Gabriel A. Assaad
                                              Gabriel A. Assaad