UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Mae Helen Jackson, Individually* | * | JUDGE ELDON E. FALLON |
| *and as Wrongful Death Heir of* | * | |
| *Russell Jackson, 15-5638* | * | MAG. JUDGE NORTH |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO MOTION
TO DISMISS WITHOUT PREJUDICE**

**MAY IT PLEASE THE COURT:**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants"), Johnson & Johnson ("J&J"), Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG ("Bayer Defendants") collectively referenced as "Defendants," through undersigned counsel, respectfully submit the instant Memorandum in Opposition to respond to Plaintiff's Motion to Dismiss Without Prejudice. (Rec. Doc. No. 1940). For the following reasons, Defendants respectfully request that the Court deny the Motion and that Plaintiff's case be dismissed with prejudice. Alternatively, Defendants request that if this Court is inclined to permit a Voluntary Dismissal Without Prejudice that the Court require that any refiling of the Complaint by the Plaintiff be in this federal Court so as to prevent forum shopping.

Federal Rule of Civil Procedure 41(a)(2) provides:

**(a) Voluntary Dismissal.**
…

- 1 -

> **(2) *By Court Order; Effect.*** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41.

The primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir. 2002) (internal citations omitted). "If a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) (citing 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364 (1971 & Supp. 1990)).

Moreover, "[a] district court's determination on . . . whether to grant or deny an unconditional dismissal is reviewed for abuse of discretion." *Elbaor*, 279 F.3d at 317 (citing *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991)). In *Elbaor*, the Fifth Circuit noted that, in exercising its discretion, the Court should evaluate factors such as whether the party has presented a "proper explanation" for its desire to dismiss, as well as the jurisdiction in which the plaintiff intends to subsequently file the case, which is necessary in order to determine whether defenses available to the defendants will be lost if the plaintiff refiles the suit. *Id.* at 319

(internal citations omitted).[1] The *Elbaor* Court further recognized that Rule 41(a)(2) "clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice." *Id.* at 320. Thus, this Court has both the authority and the discretion to dismiss a case w*ith prejudice* on a Motion to Dismiss Without Prejudice.

Plaintiff's Motion to Dismiss Without Prejudice fails to meet any of the threshold requirements for voluntary dismissal set forth in *Elbaor*, as it does nothing more than cite the conclusory language of Rule 41(a)(2). The Motion neither provides an explanation for the purported need for a dismissal without prejudice—as opposed to a stipulation of dismissal *with prejudice*, which Defendants do not oppose—nor does it identify the jurisdiction in which Plaintiff plans to refile, if that is Plaintiff's intent.

If Plaintiff is dismissing the case because it turns out that the complaint was improvidently filed and there is no evidence of usage of the product, or an event potentially related to the product, or both, then a dismissal "with prejudice" is the only just result. However, if Plaintiff is dismissing without prejudice to find a forum perceived to be more favorable, then this is not a legitimate use of process and the Defendants are prejudiced. Because Plaintiff's Motion fails to provide any of

---

[1] For example, the Fifth Circuit vacated an Order dismissing a pharmaceutical case without prejudice where the Defendants established that, if the case were refiled in New Jersey—as opposed to Texas, the state in which it was originally filed—Defendants would be stripped of the defenses available pursuant to the Texas statute of repose. *Hyde v. Hoffman-La Roche, Inc.*, 511 F.3d 506 (5th Cir. 2007).

the foregoing information, Defendants are unable to predict, specifically, the legal prejudice that they will suffer as a result of a dismissal without prejudice.[2]

Defendants' primary concern, however, is the protection of the federal forum in this litigation. If this Court grants Plaintiff's Motion to Dismiss Without Prejudice—as well as the numerous identical motions filed by other plaintiffs in MDL No. 2592—Defendants face the possibility of subsequently defending the same case in state court. Thus, regardless of the state in which Plaintiff refiles, Defendants will be deprived of the many benefits of consolidated pre-trial proceedings afforded by the MDL. Defendants will also be prejudiced by the expense of litigating cases in states across the country. Perhaps most importantly, however, Defendants will likely lose the ability to question their most important witness, Plaintiff's treating physician, live at trial on the matter.

Defendants therefore respectfully request that this Court deny Plaintiff's Motion for Voluntary Dismissal Without Prejudice and that Plaintiff's case be dismissed with prejudice. In the alternative, Defendants request that this Court condition a Voluntary Dismissal Without Prejudice on Plaintiff's refiling the instant case in federal court, as opposed to a state court forum. A division of this Court has recognized that although dismissal may be appropriate, a Court may condition the dismissal in order to avoid unfairness. *Drew v. Aucoin,* No. CIV. A. 94-3176, 1995

---

[2] After the filing of this Motion, undersigned counsel contacted counsel for Plaintiff to request a stipulation of dismissal with prejudice; however, Plaintiff's counsel declined the request.

WL 155663, at *1 (E.D. La. Apr. 4, 1995) (citing *Yoffee v. Keller Indus., Inc.,* 580 F.2d 126, 129–30 (5th Cir.1978)).

  Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion to Dismiss Without Prejudice and Dismiss the instant matter with prejudice. In the alternative, Defendants pray that this Court condition Plaintiff's Motion to Dismiss Without Prejudice on Plaintiff's refiling the case in federal court.

              Respectfully submitted,

                KAYE SCHOLER LLP

                By: /s/ *William Hoffman*
                  William Hoffman
                  Steven Glickstein
                  KAYE SCHOLER LLP
                  The McPherson Building
                  901 Fifteenth Street, NW
                  Washington, DC 20005
                  Telephone: (202) 682-3550
                  Facsimile: (202) 414-0355
                  william.hoffman@kayescholer.com

                DRINKER BIDDLE & REATH LLP

                By: /s/ *Susan M. Sharko*
                  Susan M. Sharko
                  DRINKER BIDDLE & REATH LLP
                  600 Campus Drive
                  Florham Park, NJ 07932-1047
                  Telephone: (973) 549-7000
                  Facsimile:  (973) 360-9831
                  susan.sharko@dbr.com

                IRWIN FRITCHIE URQUHART & MOORE LLC

                By: /s/ *James B. Irwin*
                    James B. Irwin
                    Kim E. Moore
                    IRWIN FRITCHIE URQUHART
                    & MOORE LLC
                    400 Poydras Street
                    Suite 2700
                    New Orleans, LA 70130
                    Telephone: (504) 310-2100
                    Facsimile:  (504) 310-2120
                    jirwin@irwinllc.com

                CHAFFE MCCALL L.L.P.

                By: /s/ *John F. Olinde*
                    John F. Olinde
                    CHAFFE McCALL L.L.P.
                    1100 Poydras Street
                    Suite 2300
                    New Orleans, LA 70163
                    Telephone: (504) 585-7241
                    Facsimile: (504) 544-6084
                    olinde@chaffe.com

                *Attorneys for Defendants*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 25, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                */s/ James B. Irwin*
                **James B. Irwin**