Patrick J. Mulligan, TX SBN 14651270
Charles G. Orr, TX SBN 00788148
**THE MULLIGAN LAW FIRM**
3710 Rawlins Street, #901
Dallas, TX 75219
Telephone: (214) 219-9779
Facsimile: (214) 520-8789

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) **MDL No. 2592** |
| | ) |
| | ) **SECTION:  L** |
| **This Document Relates To:** | ) **JUDGE FALLON** |
| | ) **MAG. JUDGE NORTH** |
| *Cases listed in Attached Schedule A* | ) |
| | ) |
| | ) |

## BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

Plaintiffs in the cases listed in attached Schedule A, through undersigned counsel, respectfully request that this Court grant their Motion for Extension of Time Within Which to Serve Process on Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc. (BHCP) through the streamlined procedures for informal service of process set forth in Pre-Trial Order No. 10.  Plaintiffs request that the Court grant them an additional 30 days to serve Bayer Pharma AG and BHCP.

### BACKGROUND

In April 2015, The Mulligan Law Firm (Firm) hired paralegal Ashley Chambers to serve as the Firm's dedicated paralegal for its Xarelto claimants and litigation.  *See* Declaration of Charles G. Orr (Orr Decl.), attached hereto as Exhibit A, at ¶ 2; Declaration of Ashley Chambers

(Chambers Decl.), attached hereto as Exhibit B, at ¶ 2.  Ms. Chambers worked nearly exclusively on Xarelto cases for the Firm for the next several months.  Orr Decl. at ¶ 2.  Her training included instruction on filing of complaints and proper service of process upon filing of complaints.  Orr Decl. at ¶ 2.

Beginning in mid-May 2015, Ms. Chambers assumed sole responsibility for filing of Xarelto complaints and effecting service of process for those complaints, under the supervision of the Firm's counsel of record in its Xarelto cases, Charles G. Orr.  Orr Decl. at ¶ 3.  Ms. Chambers and Mr. Orr went over the streamlined provisions for service of process on Bayer Pharma AG and BHCP contained in this Court's Pre-Trial Order 10 (PTO 10) and Mr. Orr satisfied himself that Ms. Chambers understood PTO 10's requirements.  Orr Decl. at ¶ 3.

In the course of effectuating this Court's procedures for filing of bundled complaints and subsequent filing of short form complaints after severance, Ms. Chambers and Mr. Orr had frequent conversations with Court staff to ensure that the Firm was filing its Xarelto cases in a manner consistent with the pertinent PTOs and how Court staff needed filings to be done.  Orr Decl. at ¶ 4.  Having worked closely with Ms. Chambers through the first two or three such filings, Mr. Orr reasonably believed that Ms. Chambers was doing what she was instructed to do by the Firm in the manner required by the Court and the clerk's office, including accomplishing service of process on Bayer Pharma AG and BHCP as set forth in PTO 10.  Orr Decl. at ¶ 4.

Over the next several months, through November 2015, Mr. Orr and Ms. Chambers worked together to timely complete Plaintiff Fact Sheets for all of the Firm's Xarelto cases.  Orr Decl. at ¶ 5.  Ms. Chambers proved quite competent in this process.  Orr Decl. at ¶ 5.  She interfaced with the Firm's Xarelto clients on a daily basis, kept the calendar for the Firm to ensure timely compliance, and assisted with the uploading to MDL Centrality of medical and

pharmacy records and other documents.  Orr Decl. at ¶ 5.  At no point during the several months that Ms. Chambers served as the paralegal on the Firm's Xarelto cases did Mr. Orr or anyone else with the Firm have any reason to question Ms. Chambers's performance.  Orr Decl. at ¶ 5.

Ms. Chambers voluntarily left the firm for personal reasons in November 2015.  Orr Decl. at ¶ 6; Chambers Decl. at ¶ 3.  The Firm had no reason at that time to believe that Ms. Chambers had not properly served process on Bayer Pharma AG and BHCP.  Orr Decl. at ¶ 6.  Indeed, at Mr. Orr's request, Ms. Chambers drafted a list of instructions for her successor at the Firm to follow for the proper filing and service of Xarelto bundled complaints and for ensuring timely completion and service of PFSs through MDL Centrality after a Xarelto case is filed.  Orr Decl. at ¶ 6.  These instructions raised no red flags for the Firm, and Firm paralegal Cindy Ensley, who has assumed primary responsibility for these functions in the Firm's Xarelto cases, relied on these instructions for the Firm's subsequently filed Xarelto bundled complaints and short form complaints.  Orr Decl. at ¶ 6.

Unbeknown to Mr. Orr or the Firm, however, Ms. Chambers apparently did not properly effect service of process on Bayer Pharma AG or BHCP after filing each bundled complaint and subsequent short form complaint for the Firm between May 2015 and November 2015.  Orr Decl. at ¶ 7.  Specifically, Ms Chambers was placing the bundled complaint and "bundled" summonses for the lead plaintiff in each bundled complaint in regular U.S. Mail to the addresses for Bayer Pharma AG and BHCP in PTO 10, while also emailing the same to the email address provided in paragraph II.C of PTO 10.  Chambers Decl. at ¶ 3.  Ms. Chambers believed (in good faith but erroneously) that this was sufficient to serve process on those two Bayer entities.  Chamber Decl. at ¶ 3.

**BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME**                              Page 3

The Firm was unaware that service of process was even an issue as to any of its Xarelto cases until well after Ms. Chambers left the Firm in November 2015.  More than two months later, after one of the Firm's Xarelto cases was randomly selected for discovery in the bellwether pool, counsel for Bayer Pharma AG sent an email to the Firm to advise of a service issue with the Firm's bellwether case.  Orr Decl. at ¶ 8.  This prompted the Firm to immediately do two things:  (1) reach out to counsel for Bayer Pharma AG (who also happen to be counsel for BHCP) to address the service issues; and (2) investigate the service procedures used by Ms. Chambers while she was at the Firm.  Orr Decl. at ¶ 8.

As it turns out, although Ms. Chambers was attempting to properly serve Bayer Pharma AG and BHCP, Ms. Chambers was failing to strictly adhere to the PTO 10 streamlined provisions.  Orr Decl. at ¶ 9.  Instead, as noted above, the Firm learned that Ms. Chambers was only sending the bundled complaint and "bundled" summonses for the lead plaintiff by regular mail to the two addresses in PTO 10.  Orr Decl. at ¶ 9.  The Firm recognizes that this manner of service is inconsistent with the requirements of PTO 10 and regrets our error in not strictly adhering to PTO 10's streamlined service process.  This error appears to have affected every case listed in Schedule A to this Motion and, accordingly, the Firm has not, to date, properly effectuated service on Bayer Pharma AG or BHCP in the cases listed in Schedule A.  The Firm is working diligently to serve process in the manner provided in PTO 10 for every such case and expects to have packages in the mail as specified in PTO 10 within days of the filing of this Motion.  Orr Decl. at ¶ 9.

The Firm had two telephonic meet-and-confers with counsel for Bayer Pharma AG regarding the service issues.  In the first such discussion, the Firm indicated that it was acting to promptly fix the service issue and asked if Bayer Pharma AG would accept service via the

streamlined PTO 10 process for any of the Firm's cases affected by the good faith errors of the Firm's former paralegal.  Orr Decl. at ¶ 10.  After taking some time to consider the Firm's request (and, presumably, to discuss the issue with Bayer), counsel for Bayer Pharma AG advised the Firm in the second meet-and-confer that neither Bayer Pharma AG nor BHCP could agree to accept service of process untimely.  Orr Decl. at ¶ 10.  This Motion followed.

ARGUMENT

PTO 10 provides:  "Failure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)."  PTO 10 at 3, ¶ II.D.  Federal Rule of Civil Procedure 4(m) provides that the defendant must be served within 90 days after the complaint is filed; PTO 10 shortens this time period for Bayer Pharma AG and BHCP to 60 days.  Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant.  *See, e.g.,* *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  If a plaintiff shows "good cause" for failure to timely serve a defendant with process, the court must extend the time for service.  Fed. R. Civ. P. 4(m).  A plaintiff shows "good cause" when the plaintiff "demonstrate[s] at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (internal quotation omitted).  Typically, a plaintiff must demonstrate "some reasonable basis for noncompliance within the time specified." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).  Even if a plaintiff fails to show "good cause," the court still has discretion to extend the time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

As this Court has stated, "Legitimate confusion about the service process constitutes good cause." *Jacob v. Barriere Constr. Co.*, No. 08-3795, 2009 WL 2390869, *3 (E.D. La. July

30, 2009). *Jacob* is instructive.  In that case, the plaintiffs filed a multi-plaintiff, multi-caption class action complaint that, after removal, this Court ordered to be re-filed as separate complaints.  *Id.* at *1.  Plaintiffs' counsel later claimed that they mistakenly believed that separate service of process for each of the re-filed separate complaints was not necessary based on language in the severance order and on the fact that defendants were aware of the litigation and were actively defending against all the plaintiffs' claims.  *Id.* at *3.  Under these circumstances, the Court denied the defendants' motion to dismiss for failure to timely serve process. *Id.* at *3-4.

Likewise here, all except two of the 79 Plaintiffs listed in Exhibit A[1] filed their claims, under Pretrial Order 11, as part of so-called "bundled complaints," followed by the filing of separate short form complaints for each individual Plaintiff after issuance by this Court of severance orders.  Especially with initial filing of bundled complaints, the exact contours of how such filings were to be accomplished were something of a work in progress, and this Firm was in frequent contact with the Clerk's office to ensure that we were filing our Xarelto cases correctly. In hindsight, it is apparent now that the mistakes we made early on that led to our current predicament unfortunately became part of our "rhythm" for each filing.  That is, the Firm wrongly believed we were doing things the right way and so every time we did them we repeated the same mistake with each new filing.  And as with the *Jacob* case, at least some of our confusion resulted from our misunderstanding of the orders creating the bundled complaint and severance process.

---

[1] The claims of two Plaintiffs were filed in single-plaintiff complaints.  These were Robert Craig, Individually and on Behalf of the Estate of Sylvia Craig, No. 2:15-cv-222, and Sherry Hawthorne, Individually and on Behalf of the Estate of Richard Hawthorne, 2:15-cv-5500.

**BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME**                    Page 6

Neither Bayer Pharma AG nor BHCP would be prejudiced by the granting of this Motion. Both Bayer entities have been ably represented in this MDL proceeding by counsel and, as the chart attached to the Orr Declaration in support of this Motion shows, have been actively litigating every case listed on Schedule A.[2] Of the 79 cases listed in Schedule A, "Defendants"[3] have uploaded to MDL Centrality PFS deficiency notices in 25 cases (nearly all of which have been responded to in some fashion by Plaintiffs' counsel). And in 57 cases, BHCP has served a Defendant Fact Sheet. It would inequitable now for the two Bayer entities at issue to refuse to accept service of process under these circumstances.

## CONCLUSION AND REQUEST FOR RELIEF

Plaintiffs have demonstrated good cause for this Court to grant their requested extension of time to serve process. Alternatively, even had good cause not been shown, the circumstances warrant this Court's exercising of its discretion to grant such an extension,. Accordingly, Plaintiffs listed in Schedule A respectfully request that this Court grant them an extension of time of 30 days within which to serve process on Bayer Pharma AG and BHCP. Plaintiffs request such other relief to which they may be justly entitled.

---

[2] Upon Plaintiffs' counsel's request, BrownGreer was able to generate a spreadsheet with the information shown in the chart attached to the Orr Declaration and transmit the spreadsheet to Plaintiffs' Counsel within 30 minutes of Plaintiffs' counsel's request. BrownGreer's ability to so quickly provide this information well illustrates the utility and efficiency of MDL Centrality. Plaintiffs' counsel made slight changes to the spreadsheet provided by BrownGreer and is solely responsible for its content. The spreadsheet shows litigation activity by Bayer – either the service of a PFS deficiency notice or service of a Defendant Fact Sheet – in every case subject to this Motion.

[3] Curiously, the deficiency notices are not on attorney letterhead or signed by any defense counsel, so it is not clear which "Defendants" are actually serving the deficiency notices. Plaintiffs note, however, that the deficiency notices in this litigation provide that any questions about the notices should be directed to XareltoMDL2592-PFSInquiries@babc.com. This email address is tied to the law firm Bradley Arent Boult Cummings (BABC). BABC represents Bayer Pharma AG and BHCP.

DATED:  February 26, 2016                 Respectfully submitted,

                              By:     /s/ *Charles G. Orr*
                                      Charles G. Orr, TX Bar No. 00788148
                                      THE MULLIGAN LAW FIRM
                                      3710 Rawlins Street, #901
                                      Dallas, Texas 75219
                                      Telephone: (214) 219-9779
                                      Facsimile: (214) 520-8789
                                      *Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


                              By:     /s/ Charles G. Orr
                                      Charles G. Orr
                                      Attorney for Plaintiff