# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

_____

|  |  |  |
|---|---|---|
| MARVIN BAUDER, *et al.*, | : | **MDL No. 2592** |
|  | : | **SECTION L** |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : | **JUDGE ELDON E. FALLON** |
|  | : | **MAGISTRATE JUDGE NORTH** |
|  | : |  |
| JANSSEN RESEARCH & | : |  |
| DEVELOPMENT, LLC, *et al.*, | : | **Docket No. 2:15-cv-02401** |
|  | : | **(Severed from Lead Action No. 02289)** |
| Defendants. | : |  |

_____

### ANSWER OF DEFENDANTS JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, JANSSEN ORTHO LLC AND JOHNSON & JOHNSON AND AFFIRMATIVE DEFENSES

Defendants Janssen Pharmaceuticals, Inc. ("JPI"), Janssen Research & Development, LLC ("JRD"), and Janssen Ortho LLC ("Janssen Ortho") (collectively, the "Janssen Defendants") and Johnson & Johnson (incorrectly named as Johnson & Johnson Company) ("J&J") hereby respond to Plaintiffs' Complaint as follows.[1]

## ANSWER TO COMPLAINT

The Janssen Defendants and J&J deny each and every allegation, statement, matter and thing contained in Plaintiffs' Complaint except as is hereinafter expressly admitted or averred.

---

[1] Pursuant to Pre-Trial Order No. 11 ("PTO 11"), the Janssen Defendants and J&J file an individual answer to the Complaint as to the claims of Plaintiff as Plaintiff David North has been selected as part of the bellwether discovery pool. Pursuant to PTO 11, The Janssen Defendants and J&J's Omnibus Answer and Defenses is deemed as the operative answer and defenses for the remaining plaintiffs named in the Complaint.

1.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 1 and specifically deny that Xarelto® caused injuries to Plaintiff.

2.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 2 and specifically deny that Xarelto® caused injuries to Plaintiff.

3.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 3 and specifically deny that Xarelto® caused injuries to Plaintiff.

4.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 4 and specifically deny that Xarelto® caused injuries to Plaintiff.

5.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 5 and specifically deny that Xarelto® caused injuries to Plaintiff.

6.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 6 and specifically deny that Xarelto® caused injuries to Plaintiff.

7.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 7 and specifically deny that Xarelto® caused injuries to Plaintiff.

8.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 8 and specifically deny that Xarelto® caused injuries to Plaintiff.

9.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 9 and specifically deny that Xarelto® caused injuries to Plaintiff.

10.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 10 and specifically deny that Xarelto® caused injuries to Plaintiff.

11.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 11 and specifically deny that Xarelto® caused injuries to Plaintiff.

12.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 12 and specifically deny that Xarelto® caused injuries to Plaintiff.

13.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 12 and specifically deny that Xarelto® caused injuries to Plaintiff.

14.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 14 and specifically deny that Xarelto® caused injuries to Plaintiff.

15.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 15 and specifically deny that Xarelto® caused injuries to Plaintiff.

16.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 16 and specifically deny that Xarelto® caused injuries to Plaintiff.

17.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 17 and specifically deny that Xarelto® caused injuries to Plaintiff.

18.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 18 and specifically deny that Xarelto® caused injuries to Plaintiff.

19.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 19 and specifically deny that Xarelto® caused injuries to Plaintiff.

20.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 20 and specifically deny that Xarelto® caused injuries to Plaintiff.

21.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 21 and specifically deny that Xarelto® caused injuries to Plaintiff.

22.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 22 and specifically deny that Xarelto® caused injuries to Plaintiff.

23.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 23 and specifically deny that Xarelto® caused injuries to Plaintiff.

24.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 24 and specifically deny that Xarelto® caused injuries to Plaintiff.

25.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 25 and specifically deny that Xarelto® caused injuries to Plaintiff.

26.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 26 and specifically deny that Xarelto® caused injuries to Plaintiff.

27.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 27 and specifically deny that Xarelto® caused injuries to Plaintiff.

1.     [*sic*] The Janssen Defendants admit that JRD is a limited liability company existing under the laws of New Jersey and that JRD submitted the new drug applications ("NDAs") and supplemental new drug applications ("sNDAs") for Xarelto® to the FDA.  The Janssen defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in New Jersey. The Janssen Defendants and J&J deny all remaining allegations in the second paragraph number 1.

2.     The Janssen Defendants admit that JRD is involved with research and development for Xarelto®.  The Janssen Defendants and J&J deny all remaining allegations in second paragraph number 2 of Plaintiffs' Complaint

3.     The Janssen Defendants admit that JRD submitted the new drug applications ("NDAs") and supplemental new drug applications ("sNDAs") for Xarelto® to the FDA.

4.     The Janssen Defendants admit that JRD did research, development and testing on Xarelto® and that the FDA-approved indications for Xarelto® speak for themselves.   The Janssen Defendants and J&J deny all remaining allegations in second paragraph number 4 of Plaintiffs' Complaint.

5.      The Janssen Defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in New Jersey.

6.      The Janssen Defendants admit that Xarelto® is a product of JPI in the United States.   The Janssen Defendants and J&J deny the remaining allegations contained in second paragraph number 6 of Plaintiffs' Complaint.

7.      The Janssen Defendants admit that Xarelto® is the product of JPI in the United States and that the FDA-approved indications for Xarelto® speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations in second paragraph number 7 of Plaintiffs' Complaint.

8.      The Janssen Defendants admit that Janssen Ortho is a Delaware limited liability company with its principal place of business in Puerto Rico.   The Janssen Defendants admit that the sole member of Janssen Ortho is OMJ PR Holdings, which is an Ireland corporation.   The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.   The Janssen Defendants and J&J deny the remaining allegations in second paragraph number 8 of Plaintiffs' Complaint.

9.      The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.   The Janssen Defendants and J&J deny the remaining allegations contained in second paragraph number 9 of Plaintiffs' Complaint.

10.      The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto® and that the FDA-approved indications for Xarelto® speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations contained in second paragraph number 10 of Plaintiffs' Complaint.

11.     J&J admits that Johnson & Johnson is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey.  The Janssen Defendants and J&J deny the remaining allegations in second paragraph number 11.

12.     The Janssen Defendants and J&J deny the allegations of second paragraph number 12 and specifically deny that J&J is involved in the research, development, sales or marketing of Xarelto®.

13.     The allegations the of second paragraph number 13 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

14.     The allegations the of second paragraph number 14 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

15.     The allegations the of second paragraph number 15 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

16.     The allegations the of second paragraph number 16 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

17.     The allegations the of second paragraph number 17 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

18.     The allegations of the second paragraph number 18 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

19.     The allegations of the second paragraph number 19 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

20.     The allegations of the second paragraph number 20 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

21.     The allegations of the second paragraph number 21 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

22.     The allegations of the second paragraph number 22 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

23.     The allegations of the second paragraph number 23 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

24.     The allegations of the second paragraph number 24 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

25.     The allegations of the second paragraph number 25 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

26.     The allegations of the second paragraph number 26 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

27.     The allegations of the second paragraph number 27 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

28.     The allegations of paragraph 28 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

29.     The allegations of paragraph 29 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

30.     The allegations of paragraph 30 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

31.     The allegations of paragraph 31 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

32.    No allegations are included in paragraph 32; accordingly, no response is necessary.

33.    The Janssen Defendants and J&J deny the allegations in paragraph 33.

34.    The Janssen Defendants and J&J deny the allegations in paragraph 34.

35.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations in paragraph 35.

36.    The Janssen Defendants and J&J specifically deny that Plaintiff entitled to damages but admit that the Court's jurisdiction is based on diversity of citizenship.  The Janssen Defendants and J&J deny all remaining allegations contained in paragraph 36.

37.    The allegations in paragraph 37 of Plaintiffs' Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants admit that Janssen products are prescribed, used and sold in Ohio but deny the remaining allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.    The allegations in paragraph 38 of Plaintiffs' Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

39.    The allegations in paragraph 39 of Plaintiffs' Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

40.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants admit that Plaintiffs have initiated actions in connection with alleged experiences with Xarelto®.  The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical conditions.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 40 and further deny that Xarelto® caused any injuries to Plaintiffs.

41.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants also admit that the FDA-approved indications for Xarelto® are set forth in the package insert.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 41.

42.     The Janssen Defendants admit that Xarelto® was first approved by the FDA on July 1, 2011, for the prophylaxis of deep vein thrombosis (DVT) which may lead to pulmonary embolism (PE) in patients undergoing knee or hip replacement surgery.  The Janssen Defendants admit that Xarelto® is sometimes referred to as a new oral anticoagulant ("NOAC").  The Janssen Defendants and J&J deny the remaining allegations in paragraph 42.

43.     Because Plaintiffs' allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, after reasonable investigation, the Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of those

allegations and therefore deny them.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 43.

44.     The Janssen Defendants admit that Xarelto® is an oral anticoagulant and a selective inhibitor of Factor Xa.  The Janssen Defendants further admit that Xarelto® is available in 10mg, 15mg, and 20mg tablets by prescription.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 44.

45.     The Janssen Defendants admit that the FDA first approved Xarelto® on July 1, 2011 for the prophylaxis of deep vein thrombosis (DVT) which may lead to pulmonary embolism (PE) in patients undergoing knee or hip replacement surgery.

46.     The Janssen Defendants admit that Xarelto® was studied in the RECORD clinical trials.  The Janssen Defendants state that the publications in the New England Journal of Medicine and Lancet cited in paragraph 45 speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 46.

47.     The Janssen Defendants and J&J deny the allegations in paragraph 47.

48.     The Janssen Defendants admit that on November 4, 2011, the FDA approved Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.   The Janssen Defendants admit that Xarelto® was studied in the ROCKET AF clinical trial.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 48.

49.     The Janssen Defendants state that the results of the ROCKET AF clinical trial speak for themselves and that the publication in the New England Journal of Medicine cited in paragraph 49 speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 49.

50.     The Janssen Defendants state that the ROCKET AF trial was designed to compare once-daily oral rivaroxaban with dose-adjusted warfarin for the prevention of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 50.

51.     The Janssen Defendants and J&J deny the allegations in paragraph 51.

52.     The Janssen Defendants state that the FDA Draft Briefing Document cited in paragraph 52 speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 52.

53.     The Janssen Defendants state that correspondence from Public Citizen speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 53.

54.     The Janssen Defendants state that the FDA Draft Briefing Document cited in paragraph 54 speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 54.

55.     The Janssen Defendants state that the FDA Advisory Meeting Transcript cited in paragraph 55 speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 55.

56.     The Janssen Defendants state that the FDA's Summary Review speaks for itself.  The Janssen Defendants and J&J deny the allegations in paragraph 56.

57.     The Janssen Defendants admit that, on November 2, 2012, the FDA approved Xarelto® for the treatment of deep vein thrombosis (DVT), pulmonary embolism (PE), and for the reduction in the risk of recurrence of DVT and of PE. The Janssen Defendants and J&J deny the allegations in paragraph 57.

58.     The Janssen Defendants admit that Xarelto® was studied in the EINSTEIN DVT, EINSTEIN PE and EINSTEIN Extension clinical trials.  The Janssen Defendants state that the publications in the New England Journal of Medicine and Expert Review of Cardiovascular Therapy cited in paragraph 58 speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 58.

59.     The Janssen Defendants state that promotional materials and the website for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 59.

60.     The Janssen Defendants state that marketing materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 60.

61.     The Janssen Defendants state that marketing materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 61.

62.     The Janssen Defendants and J&J deny the allegations in paragraph 62.

63.     The Janssen Defendants state that publications issued by the Institute for Safe Medication Practices speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 63.

64.     The Janssen Defendants and J&J deny the allegations in paragraph 64.

65.     The Janssen Defendants admit that "[a] specific antidote for rivaroxaban is not available."  The Janssen Defendants further state that Xarelto®'s package inserts speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 65.

66.     The Janssen Defendants and J&J deny the allegations in paragraph 66.

67.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 67.

68.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 68.

69.     The Janssen Defendants state that the ISMP materials speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 69.

70.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 70.

71.     The Janssen Defendants state that reports received by German regulators speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 71.

72.     The Janssen Defendants and J&J deny the allegations in paragraph 72.

73.     The Janssen Defendants and J&J deny the allegations in paragraph 73, including the allegations in subparagraphs (a)-(r).

74.     The Janssen Defendants admit that the package insert for Xarelto® has changed since the medication was first approved for use in the United States by the FDA in July 2011. The Janssen Defendants and J&J deny the remaining allegations in paragraph 74.

75.     The Janssen Defendants and J&J deny the allegations in paragraph 75.

76.     The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore deny those allegations.

77.     The Janssen Defendants and J&J deny the allegations in paragraph 77 as phrased and as incompletely and inaccurately presented.

78.     The Janssen Defendants and J&J deny the allegations in paragraph 78.

79.     The Janssen Defendants and J&J deny the allegations in paragraph 79.

80.     The Janssen Defendants state that Xarelto®'s website speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 80.

81.     The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore deny those allegations.

82.     The Janssen Defendants state that advertising materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 82.

83.     The Janssen Defendants and J&J deny the allegations in paragraph 83.

84.     The Janssen Defendants state that the correspondence from the Office of Prescription Drug Promotion speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 84.

85.     The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 and therefore deny those allegations.

86.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 with regard to what information unidentified prescribing physicians for Plaintiffs received and therefore deny those allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 86.

87.     The Janssen Defendants and J&J deny the allegations in paragraph 87.

88.     The Janssen Defendants state that the Xarelto® Medication Guide speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 88.

89.     The Janssen Defendants and J&J deny the allegations in paragraph 89.

90.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 with regard to what information unidentified prescribing physicians for Plaintiffs relied upon and whether or not Plaintiffs ingested Xarelto® and therefore deny those allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 90.

91.     The Janssen Defendants and J&J deny the allegations in paragraph 91.

92.     The Janssen Defendants and J&J deny the allegations in paragraph 92.

93.     The Janssen Defendants and J&J deny the allegations in paragraph 93.

94.     The Janssen Defendants and J&J deny the allegations in paragraph 94.

95.     The Janssen Defendants and J&J deny the allegations in paragraph 95.

96.     The Janssen Defendants and J&J deny the allegations in paragraph 96.

97.     The Janssen Defendants and J&J deny the allegations in paragraph 97.

98.     The Janssen Defendants and J&J deny the allegations in paragraph 98.

99.     The Janssen Defendants and J&J deny the allegations in paragraph 99.

100.    The Janssen Defendants and J&J deny the allegations in paragraph 100.

## ANSWER TO COUNT 1

101.    In response to the allegations in paragraph 101, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 101.

102.    The Janssen Defendants and J&J deny the allegations in paragraph 102 and specifically deny that Xarelto® was defective.

103.   The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations in paragraph 103.

104.   The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not Xarelto® did in fact reach patients in that condition and therefore deny those allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 104.

105.   The Janssen Defendants and J&J deny the allegations in paragraph 105 and specifically deny that Xarelto® was defective.

106.   The Janssen Defendants and J&J deny the allegations in paragraph 106 and specifically deny that Xarelto® was defective.

107.   The Janssen Defendants and J&J deny the allegations in paragraph 107 and specifically deny that Xarelto® was defective.

108.   The Janssen Defendants and J&J deny the allegations in paragraph 108 and specifically deny that Xarelto® was defective.

109.   The Janssen Defendants and J&J deny the allegations in paragraph 109 and specifically deny that Xarelto® was defective.

110.   The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110 and therefore deny those allegations.

111.     The Janssen Defendants and J&J deny the allegations in paragraph 111 and specifically deny that Xarelto® was dangerous.

112.     The allegations in paragraph 112 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 112 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

113.     The Janssen Defendants and J&J deny the allegations in paragraph 113 and specifically deny that Xarelto® was dangerous.

114.     The Janssen Defendants and J&J deny the allegations in paragraph 114 and specifically deny that Xarelto® was defective.

115.     The Janssen Defendants and J&J deny the allegations in paragraph 115 and specifically deny that Xarelto® was defective.

116.     The Janssen Defendants and J&J deny the allegations in paragraph 116 and specifically deny that Xarelto® was defective.

117.     The Janssen Defendants and J&J deny that Xarelto® was defective and deny the remaining allegations in paragraph 117.

118.     The Janssen Defendants and J&J deny the allegations in paragraph 118 and specifically deny that Xarelto® was defective.

119.     The Janssen Defendants and J&J deny the allegations in paragraph 119 and specifically deny that Xarelto® was defective.

120.     The Janssen Defendants and J&J deny the allegations in paragraph 120 and specifically deny that Xarelto® was defective.

121.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 and therefore deny those allegations.

122.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 and therefore deny those allegations.

123.    The Janssen Defendants and J&J deny the allegations in paragraph 123, including the allegations in subparagraphs (a)-(f).

124.    The Janssen Defendants and J&J deny the allegations in paragraph 124 and specifically deny that Xarelto® was defective.

125.    The Janssen Defendants and J&J deny the allegations in paragraph 125 and specifically deny that Xarelto® was defective.

126.    The Janssen Defendants and J&J deny the allegations in paragraph 126 and specifically deny that Xarelto® was defective.

127.    The Janssen Defendants and J&J deny the allegations in paragraph 127.

128.    The Janssen Defendants and J&J deny the allegations in paragraph 128.

## ANSWER TO COUNT II

129.    In response to the allegations in paragraph 129, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 129.

130.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on

Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations in paragraph 130.

131.   The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not Xarelto® did in fact reach patients in that condition and therefore deny those allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 131.

132.   The Janssen Defendants and J&J deny the allegations in paragraph 132 and specifically deny that Xarelto® was defective.

133.   The Janssen Defendants and J&J deny the allegations in paragraph 133.

134.   The Janssen Defendants lack knowledge or information sufficient to form a belief as to the condition in which Xarelto® allegedly reached Plaintiffs and therefore deny those allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 134.

135.   The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore deny those allegations.

136.   The Janssen Defendants and J&J deny the allegations in paragraph 136.

## ANSWER TO COUNT III

137.   In response to the allegations in paragraph 137, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 137.

138.   The Janssen Defendants and J&J deny the allegations in paragraph 138.

139.    The Janssen Defendants and J&J deny the allegations in paragraph 139.

140.    The Janssen Defendants and J&J deny the allegations in paragraph 140 and specifically deny that Xarelto® was defective.

141.    The Janssen Defendants and J&J deny the allegations in paragraph 141 and specifically deny that Xarelto® was defective.

142.    The Janssen Defendants and J&J deny the allegations in paragraph 142 and specifically deny that Xarelto® was defective.

143.    The Janssen Defendants and J&J deny the allegations in paragraph 143.

144.    The Janssen Defendants and J&J deny the allegations in paragraph 144.

145.    The Janssen Defendants and J&J deny the allegations in paragraph 145.

146.    The Janssen Defendants and J&J deny the allegations in paragraph 146.

147.    The Janssen Defendants and J&J deny the allegations in paragraph 147.

148.    The Janssen Defendants and J&J deny the allegations in paragraph 148.

149.    The Janssen Defendants and J&J deny the allegations in paragraph 149.

150.    The allegations in paragraph 150 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 150 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

151.    The Janssen Defendants and J&J deny the allegations in paragraph 151.

152.    The Janssen Defendants and J&J deny the allegations in paragraph 152.

153.    The Janssen Defendants and J&J deny the allegations in paragraph 153.

154.    The Janssen Defendants and J&J deny the allegations in paragraph 154.

## ANSWER TO COUNT IV

155.     In response to the allegations in paragraph 155, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 155.

156.     The allegations in paragraph 156 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 156.

157.     The Janssen Defendants and J&J deny the allegations in paragraph 157.

158.     The Janssen Defendants and J&J deny the allegations in paragraph 158.

159.     The Janssen Defendants and J&J deny the allegations in paragraph 159.

160.     The allegations in paragraph 160 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 160 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

161.     The Janssen Defendants and J&J deny the allegations in paragraph 161 and specifically deny that Xarelto® was defective.

162.     The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162 and therefore deny those allegations.

163.     The Janssen Defendants and J&J deny that Xarelto® was defective and deny the remaining allegations in paragraph 163.

164.    The allegations in paragraph 164 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 164 as stated.

165.    The Janssen Defendants and J&J deny the allegations in paragraph 165.

166.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs and unidentified physicians relied upon.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 166.

167.    The allegations in paragraph 167 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 167.

168.    The Janssen Defendants and J&J deny the allegations in paragraph 168.

169.    The Janssen Defendants and J&J deny the allegations in paragraph 169.

170.    The Janssen Defendants and J&J deny the allegations in paragraph 170.

## ANSWER TO COUNT V

171.    In response to the allegations in paragraph 178, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 171.

172.    The allegations in paragraph 172 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 172.

173.    The Janssen Defendants and J&J deny the allegations in paragraph 173.

174.    The Janssen Defendants and J&J deny the allegations in paragraph 174, including the allegations in subparagraphs (a) through (w).

175.    The Janssen Defendants and J&J deny the allegations in paragraph 175.

176.    The Janssen Defendants and J&J deny the allegations in paragraph 176.

177.    The Janssen Defendants and J&J deny the allegations in paragraph 177, including the allegations in subparagraphs (a) through (h).

178.    The Janssen Defendants and J&J deny the allegations in paragraph 178.

179.    The Janssen Defendants and J&J deny the allegations in paragraph 179.

180.    The Janssen Defendants and J&J deny the allegations in paragraph 180.

181.    The Janssen Defendants and J&J deny the allegations in paragraph 181.

182.    The Janssen Defendants and J&J deny the allegations in paragraph 182.

## ANSWER TO COUNT VI

183.    In response to the allegations in paragraph 183, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 183.

184.    The allegations in paragraph 184 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves.

185.    The Janssen Defendants and J&J deny the allegations in paragraph 185.

186.    The allegations in paragraph 186 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the

package inserts for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 186.

187.    The allegations in paragraph 187 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 187.

188.    The Janssen Defendants and J&J deny the allegations in paragraph 188.

189.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs and unidentified physicians relied upon.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 189.

190.    The Janssen Defendants and J&J deny the allegations in paragraph 190.

191.    The Janssen Defendants and J&J deny the allegations in paragraph 191, including the allegations in subparagraphs (a) through (d).

192.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiffs relied upon and therefore deny these allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 192.

193.    The Janssen Defendants and J&J deny the allegations in paragraph 193 and specifically deny that Xarelto® was defective.

194.    The Janssen Defendants and J&J deny the allegations in paragraph 194.

195.    The Janssen Defendants and J&J deny the allegations in paragraph 195.

## **ANSWER TO COUNT VII**

196.    In response to the allegations in paragraph 196, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully

set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 196.

197.   The allegations in paragraph 197 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 197 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

198.   The allegations in paragraph 198 state conclusions of law to which no response is required.

199.   The Janssen Defendants and J&J deny the allegations in paragraph 199.

200.   The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiffs relied upon and therefore deny these allegations in paragraph 200.  The Janssen Defendants state that the package inserts for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 200.

201.   The Janssen Defendants and J&J deny the allegations in paragraph 201.

202.   The Janssen Defendants and J&J deny the allegations in paragraph 202.

## ANSWER TO COUNT VIII

203.   In response to the allegations in paragraph 203, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 203.

204.   The Janssen Defendants and J&J deny the allegations in paragraph 204.

205.   The Janssen Defendants and J&J deny the allegations in paragraph 205.

206.   The Janssen Defendants and J&J deny the allegations in paragraph 206.

207.    The Janssen Defendants state that representations regarding Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 207 as phrased.

208.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiffs relied upon and therefore deny these allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 208.

209.    The Janssen Defendants and J&J deny the allegations in paragraph 209.

## ANSWER TO COUNT IX

210.    In response to the allegations in paragraph 210, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 210.

211.    The Janssen Defendants and J&J deny the allegations in paragraph 211.

212.    The Janssen Defendants state that the package inserts for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 212.

213.    The Janssen Defendants and J&J deny the allegations in paragraph 213.

214.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs relied upon.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 214.

215.    The Janssen Defendants and J&J deny the allegations in paragraph 215.

216.    The Janssen Defendants and J&J deny the allegations in paragraph 216 and specifically deny that Xarelto® was defective.

217.    The Janssen Defendants and J&J deny the allegations in paragraph 217.

218.    The Janssen Defendants and J&J deny the allegations in paragraph 218.

219.    The Janssen Defendants and J&J deny the allegations in paragraph 219.

220.    The Janssen Defendants and J&J deny the allegations in paragraph 220.

221.    The Janssen Defendants and J&J deny the allegations in paragraph 221.

222.    The Janssen Defendants and J&J deny the allegations in paragraph 222.

223.    The Janssen Defendants and J&J deny the allegations in paragraph 223.

224.    The Janssen Defendants and J&J deny the allegations in paragraph 224.

225.    The Janssen Defendants and J&J deny the allegations in paragraph 225.

226.    The Janssen Defendants and J&J deny the allegations in paragraph 226.

227.    The Janssen Defendants and J&J deny the allegations in paragraph 227.

228.    The Janssen Defendants state that advertising materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 228.

229.    The Janssen Defendants and J&J deny the allegations in paragraph 229.

230.    The allegations in paragraph 230 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 230 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

231.    The Janssen Defendants and J&J deny the allegations in paragraph 231.

232.    The Janssen Defendants and J&J deny the allegations in paragraph 232.

233.    The Janssen Defendants and J&J deny the allegations in paragraph 233.

## **ANSWER TO COUNT X**

234.    In response to the allegations in paragraph 234, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully

set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 234.

235.    The Janssen Defendants and J&J deny the allegations in paragraph 235.

236.    The Janssen Defendants and J&J deny the allegations in paragraph 2436, including the allegations in subparagraphs (a) through (c).

237.    The Janssen Defendants and J&J deny the allegations in paragraph 237.

238.    The Janssen Defendants and J&J deny the allegations in paragraph 238.

239.    The Janssen Defendants and J&J deny the allegations in paragraph 239.

240.    The Janssen Defendants and J&J deny the allegations in paragraph 240.

241.    The Janssen Defendants and J&J deny the allegations in paragraph 241.

## ANSWER TO COUNT XI

242.    In response to the allegations in paragraph 242, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 242.

243.    The Janssen Defendants and J&J deny the allegations in paragraph 243.

244.    The Janssen Defendants and J&J deny the allegations in paragraph 244.

245.    The Janssen Defendants and J&J deny the allegations in paragraph 245.

## ANSWER TO COUNT XII

246.    In response to the allegations in paragraph 246, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 246.

247.     The Janssen Defendants and J&J deny the allegations in paragraph 247.

248.     The Janssen Defendants and J&J deny the allegations in paragraph 248.

249.     The Janssen Defendants and J&J deny the allegations in paragraph 249.

250.     In response to the allegations in paragraph 250, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 250.

### ANSWER TO COUNT XIII

251.     In response to the allegations in paragraph 251, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 250.

252.     The allegations in paragraph 252 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 252 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

253.     The Janssen Defendants and J&J deny the allegations in paragraph 253.

254.     The Janssen Defendants and J&J deny the allegations in paragraph 254.

255.     The Janssen Defendants and J&J deny the allegations in paragraph 255.

256.     The Janssen Defendants and J&J deny the allegations in paragraph 256 as phrased.

257.     The Janssen Defendants and J&J deny the allegations in paragraph 257.

258.     The Janssen Defendants and J&J deny the allegations in paragraph 258.

259.     The Janssen Defendants and J&J deny the allegations in paragraph 259.

260.     The Janssen Defendants and J&J deny the allegations in paragraph 260.

261.     In response to the allegations in paragraph 261, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 261.

262.     The allegations in paragraph 262 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 262 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

263.     The Janssen Defendants and J&J deny the allegations in paragraph 263.

264.     The Janssen Defendants and J&J deny the allegations in paragraph 264.

265.     The Janssen Defendants and J&J deny the allegations in paragraph 265.

266.     The Janssen Defendants and J&J deny the allegations in paragraph 266.

267.     In response to the allegations in paragraph 267, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 267.

268.     The Janssen Defendants and J&J deny the allegations in paragraph 268.

269.     The Janssen Defendants and J&J deny the allegations in paragraph 269.

270.     The Janssen Defendants and J&J deny the allegations in paragraph 270.

271.     The Janssen Defendants and J&J deny the allegations in paragraph 271.

272.     In response to the allegations in paragraph 272, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 272.

273.     The allegations in paragraph 273 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 273.

274.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations in paragraph 274.

275.     The Janssen Defendants and J&J deny the allegations in paragraph 275 specifically deny that Xarelto® is defective.

276.     The Janssen Defendants and J&J deny the allegations in paragraph 276.

277.     The Janssen Defendants and J&J deny the allegations in paragraph 277.

278.     The Janssen Defendants and J&J deny the allegations in paragraph 278.

279.     The Janssen Defendants and J&J deny the allegations in paragraph 279.

280.     The Janssen Defendants and J&J deny the allegations in paragraph 280.

281.     The Janssen Defendants and J&J deny the allegations in paragraph 281.

282.     The Janssen Defendants and J&J deny the allegations in paragraph 282.

283.     In response to the allegations in paragraph 283, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully

set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 283.

284.    The Janssen Defendants and J&J deny the allegations in paragraph 284.

285.    The Janssen Defendants and J&J deny the allegations in paragraph 285.

286.    The Janssen Defendants and J&J deny the allegations in paragraph 286.

287.    The Janssen Defendants and J&J deny the allegations in paragraph 287.

288.    The Janssen Defendants and J&J deny the allegations in paragraph 288.

289.    The Janssen Defendants and J&J deny the allegations in paragraph 289.

290.    The Janssen Defendants and J&J deny the allegations in paragraph 290.

291.    The Janssen Defendants and J&J deny the allegations in paragraph 291.

292.    In response to the allegations in paragraph 292, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 292.

293.    The allegations in paragraph 293 state conclusions of law to which no response is required.

294.    The allegations in paragraph 294 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 294 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

295.    The allegations in paragraph 295 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 295.

296.    The allegations in paragraph 296 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 296 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

297.    The Janssen Defendants and J&J deny the allegations in paragraph 297.

298.    The Janssen Defendants and J&J deny the allegations in paragraph 298.

299.    The Janssen Defendants and J&J deny the allegations in paragraph 299.

300.    The Janssen Defendants and J&J deny the allegations in paragraph 200.

301.    The Janssen Defendants and J&J deny the allegations in paragraph 301 as phrased.

302.    The Janssen Defendants and J&J deny the allegations in paragraph 302.

303.    The Janssen Defendants and J&J deny the allegations in paragraph 303.

304.    The Janssen Defendants and J&J deny the allegations in paragraph 304.

305.    The Janssen Defendants and J&J deny the allegations in paragraph 305.

**WHEREFORE,** the Janssen Defendants and J&J deny that that Plaintiffs are entitled to relief of any kind.

## <u>AFFIRMATIVE DEFENSES</u>

The Janssen Defendants and J&J reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. By asserting the following affirmative defenses, the Janssen Defendants and J&J do not allege or admit that they have the burden of proof or the burden of persuasion with respect to any of these matters.   Further answering, and by way of affirmative defenses, the Janssen Defendants and J&J state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries attributable to the use of the products at issue in this case, if any, were not caused by the products at issue, but instead were caused by intervening and superseding causes or circumstances.

## FOURTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J did not make to Plaintiff nor did they breach any express or implied warranties and/or breach any warranties created by law.  To the extent that Plaintiff relied on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with the Defendants and/or for failure of Plaintiff, or Plaintiffs' representatives, to give timely notice to the Janssen Defendants and J&J of any alleged breach of warranty.  The Janssen Defendants and J&J further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future.

## FIFTH AFFIRMATIVE DEFENSE

At the time of sale or delivery, the products conformed to state-of-the-art for such products at that time.

84707577.1

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the applicable statutes of limitation and/or prescriptive periods.

## SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons over whom the Janssen Defendants and J&J have no control or right of control.

## EIGHTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that recovery of punitive or exemplary damages in this case would violate the constitutional rights of the Janssen Defendants and J&J to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States and similar protections afforded by the Ohio and New Jersey state constitutions, and any other state whose law is deemed to apply in this case, and that any law of the states of Ohio or New Jersey, whether enacted by that state's legislature or founded upon a decision or decisions of the courts, or that of any other state whose law is deemed to apply in this case, that would permit recovery of punitive or exemplary damages, is unconstitutional under these provisions.

## NINTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that the standards for granting and asserting punitive or exemplary damages do not prohibit other Plaintiff from seeking and recovering such damages against the Janssen Defendants and J&J for the same allegations of defect in the same products, and as such constitute multiple punishments for the same alleged conduct resulting in deprivation of the

Janssen Defendants' and J&J's property without due process of law and will result in unjustified windfalls for Plaintiff and Plaintiffs' counsel, in violation of the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar protections afforded by the Ohio  and New Jersey state constitutions, and that of any other state whose law is deemed to apply in this case.

### TENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J cannot be maintained because an award of punitive damages under current Ohio and New Jersey law, and any other state's law deemed to apply to this action, would be void for vagueness, both facially and as applied.  Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Eighth and Fourteenth Amendments to the United States Constitution, the due process provisions of the Ohio and New Jersey state constitutions, and the common law and public policies of the states of New Jersey and Ohio, and similar protections afforded by any other state whose law is deemed to apply in this case.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the laws of Ohio and New Jersey, and any other state whose law is deemed to apply in this case, permit punishment to be measured by the net worth or financial

status of the Janssen Defendants and J&J and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of the Janssen Defendants and J&J in other states, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, the state laws and constitutional provisions of Ohio and New Jersey, and similar protections afforded by any other state whose law is deemed to apply in this case.

## TWELFTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J is governed by the law of the State of New Jersey.  The Janssen Defendants are entitled to the protections and limitations afforded under the New Jersey Punitive Damages Act, N.J.S.A. §§ 2A:15-5.9, *et seq.* and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq.*  Further, any claim for punitive or exemplary damages against Janssen Defendants and J&J also cannot be maintained because punitive damages are not recoverable here under Ohio law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries are a result of a pre-existing and/or unrelated medical condition for which Defendants are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the Joint Tortfeasors Laws of any state whose law is deemed to apply.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Defendants' product is unsafe in any way, it is unavoidably unsafe.  Plaintiffs' purported action is, therefore, barred by Comment K of §402A of the Restatement (Second) of Torts and/or other applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, with the exception of Plaintiffs' claims for punitive damages, are governed by the law of the home state of Plaintiff, i.e., Ohio.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J are entitled to, and claims the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute in the state of Ohio, Plaintiffs' alleged state of citizenship and residence, and any other state whose law is deemed to apply in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by the prescription medicine alleged to be at issue here, which is denied, the injuries are the result of an idiosyncratic reaction to the products.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead allegations of fraud, mistake, or deception with the specificity or detail required.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J specifically aver that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use.

## TWENTY-FOURTH SEPARATE DEFENSE

The Janssen Defendants and J&J assert all allowable defenses under the Ohio Product Liability Act (R.C. §§ 2307.71–2307.80) and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq*.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of informed consent, assumption of risk, release, and waiver. Additionally, if Plaintiffs had or has filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the

schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries or damages sustained, if any, were caused in whole or part by Plaintiffs' own negligence, and accordingly, Plaintiff are barred in whole or in part, from recovery.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J affirmatively plead the applicability of the Ohio Products Liability Act and specifically aver that Plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J hereby give notice that they intend to rely upon and incorporate by reference any affirmative defenses asserted in their Omnibus Answer and/or by any co-defendant in this lawsuit.

## THIRTIETH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J reserve their rights to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

**WHEREFORE,** the Janssen Defendants and J&J demand judgment in their favor dismissing the Complaint with prejudice and for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson request a trial by jury on all issues so triable.

Respectfully Submitted:
DRINKER BIDDLE & REATH LLP
By: /s/ Susan M. Sharko
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC
By: /s/ James B. Irwin
James B. Irwin
Kim E. Moore
IRWIN FRITCHIE URQUHART
& MOORE LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2120
jirwin@irwinllc.com

*Attorneys for Defendants*
*Janssen Pharmaceuticals, Inc.,*
*Janssen Research & Development, LLC,*
*Janssen Ortho LLC and Johnson & Johnson*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17

/s/ James B. Irwin
**James B. Irwin**