# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | : | MDL No. 2592 |
| LEIGHTON B. DEMMING, JR., et al. | : | SECTION L |
| | : | JUDGE ELDON E. FALLON |
| Plaintiffs, | : | MAGISTRATE JUDGE NORTH |
| | : | |
| -against- | : | Civil Action No. 2:15-cv-03469 |
| | : | (Severed from Lead Action No. |
| | : | 2:15-cv-03367) |
| JANSSEN RESEARCH & | : | |
| DEVELOPMENT, LLC, *et al.,* | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

## ANSWER OF DEFENDANTS JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, JANSSEN ORTHO LLC AND JOHNSON & JOHNSON AND AFFIRMATIVE DEFENSES

Defendants Janssen Pharmaceuticals, Inc. ("JPI"), Janssen Research & Development, LLC ("JRD"), and Janssen Ortho LLC ("Janssen Ortho") (collectively, the "Janssen Defendants") and Johnson & Johnson (incorrectly named as Johnson & Johnson Company) ("J&J") hereby respond to Plaintiff's Complaint as follows.[1]

## ANSWER TO COMPLAINT

The Janssen Defendants and J&J deny each and every allegation, statement, matter and thing contained in Plaintiff's Complaint except as is hereinafter expressly admitted or averred.

1.      The Janssen Defendants and J&J deny the allegations in paragraph 1.

2.      The Janssen Defendants and J&J deny the allegations in paragraph 2.

---

[1]  Pursuant to Pre-Trial Order No. 11 ("PTO 11"), the Janssen Defendants and J&J file an individual answer to the Complaint as to the claims of Plaintiffs as Plaintiff Dora Mingo has been selected as part of the bellwether discovery pool. Pursuant to PTO 11, The Janssen Defendants and J&J's Omnibus Answer and Defenses is deemed as the operative answer and defenses for the remaining plaintiffs named in the Complaint.

00333638

3.      The Janssen Defendants and J&J deny the allegations in paragraph 3.

4.      The Janssen Defendants and J&J admit that Plaintiff seeks damages for alleged injuries in this action.   The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 4 and deny that Plaintiffs are entitled to relief.

5.      The Janssen Defendants and J&J specifically deny that Plaintiffs are entitled to damages but admit that the Court's jurisdiction is based on diversity of citizenship.  The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore deny those allegations.  .

6.      The allegations in paragraph 6 of Plaintiff's Complaint state conclusions of law to which no response is required.

7.      The Janssen Defendants admit that Janssen products, including Xarelto® are prescribed, used and sold in Mississippi.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 7.

8.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 8, including subparagraphs (a)–(e), of Plaintiffs' Complaint and therefore, these allegations are denied.   The Janssen Defendants and J&J deny the allegations in subparagraphs (f)-(h) and specifically deny that Xarelto® caused injuries to Plaintiff.

9.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 9, including subparagraphs (a)–(f), of Plaintiffs' Complaint and therefore, these allegations are denied.   The Janssen Defendants and J&J deny the allegations in subparagraphs (g)-(j) and specifically deny that Xarelto® caused injuries to Plaintiff.

10.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 10, including subparagraphs (a)–(g), of Plaintiffs' Complaint and therefore, these allegations are denied.   The Janssen Defendants and J&J deny the allegations in subparagraphs (h)-(k) and specifically deny that Xarelto® caused injuries to Plaintiff.

11.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 11, including subparagraphs (a)–(e), of Plaintiffs' Complaint and therefore, these allegations are denied.   The Janssen Defendants and J&J deny the allegations in subparagraphs (f)-(i) and specifically deny that Xarelto® caused injuries to Plaintiff.

12.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 12, including subparagraphs (a)–(d), of Plaintiffs' Complaint and therefore, these allegations are denied.   The Janssen Defendants and J&J deny the allegations in subparagraphs (e)-(h) and specifically deny that Xarelto® caused injuries to Plaintiff.

13.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 13, including subparagraphs (a)–(g), of Plaintiffs' Complaint and therefore, these allegations are denied.   The Janssen Defendants and J&J deny the allegations in subparagraphs (h)-(k) and specifically deny that Xarelto® caused injuries to Plaintiff.

14.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 14, including subparagraphs (a)–(e), of Plaintiffs' Complaint and therefore, these allegations are denied.   The Janssen

Defendants and J&J deny the allegations in subparagraphs (f)-(i) and specifically deny that Xarelto® caused injuries to Plaintiff.

15.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 15, including subparagraphs (a)–(d), of Plaintiffs' Complaint and therefore, these allegations are denied.   The Janssen Defendants and J&J deny the allegations in subparagraphs (e)-(h) and specifically deny that Xarelto® caused injuries to Plaintiff.

16.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 16, including subparagraphs (a)–(e), of Plaintiffs' Complaint and therefore, these allegations are denied.   The Janssen Defendants and J&J deny the allegations in subparagraphs (f)-(i) and specifically deny that Xarelto® caused injuries to Plaintiff.

17.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 17, including subparagraphs (a)–(f), of Plaintiffs' Complaint and therefore, these allegations are denied.   The Janssen Defendants and J&J deny the allegations in subparagraphs (h)-(k) and specifically deny that Xarelto® caused injuries to Plaintiff.

18.     The Janssen Defendants admit that JRD is a limited liability company existing under the laws of New Jersey, that JRD submitted the new drug applications ("NDAs") and supplemental new drug applications ("sNDAs") for Xarelto® to the FDA, and that JRD is involved with research and development for Xarelto®.   The Janssen Defendants admit that Centocor Research & Development, Inc., which is a Pennsylvania corporation with its principal

place of business located in Pennsylvania, is the sole member of JRD.  The Janssen Defendants and J&J deny all remaining allegations in paragraph 18.

19.     J&J admits that Johnson & Johnson is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey.  The Janssen Defendants and J&J deny the remaining allegations of paragraph 19 and specifically deny that J&J is involved in the research, manufacture, sale, distribution and marketing of Xarelto®.

20.     The Janssen Defendants admit that Janssen Ortho is a Delaware limited liability company with its principal place of business in Puerto Rico.  The Janssen Defendants admit that the sole member of Janssen Ortho is OMJ PR Holdings, which is an Ireland corporation.  The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 20 of Plaintiff's Complaint.

21.     The Janssen Defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in Titusville, New Jersey.  The Janssen Defendants admit that Xarelto® is a product of JPI in the United States.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     The allegations of paragraph 22 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

23.     The allegations of paragraph 23 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

24.     The allegations of paragraph 24 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

25.     The allegations of paragraph 25 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

26.     The allegations of paragraph 26 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

27.     The allegations of paragraph 27 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

28.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the States of Alabama, Arkansas, Georgia, California, Kentucky, Michigan, Mississippi, North Carolina, South Carolina and Tennessee. The Janssen Defendants and J&J deny the remaining allegations in paragraph 28 of Plaintiff's Complaint.

29.     Paragraph 29 of plaintiff's complaint contains no allegations to which a response is required.

30.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 30.

31.     The Janssen Defendants admit that the FDA first approved Xarelto® on July 1, 2011 for the prophylaxis of deep vein thrombosis (DVT) which may lead to pulmonary embolism (PE) in patients undergoing knee or hip replacement surgery.

32.      The Janssen Defendants admit that on November 4, 2011, the FDA approved Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.   The Janssen Defendants admit that Xarelto® was studied in the ROCKET AF clinical trial.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 32.

33.     The Janssen Defendants admit that, on November 2, 2012, the FDA approved Xarelto® for the treatment of deep vein thrombosis (DVT), pulmonary embolism (PE), and for the reduction in the risk of recurrence of DVT and of PE.

34.     The Janssen Defendants admit that Xarelto® was first approved by the FDA in July 2011 and was introduced in the U.S. market thereafter.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 34 of Plaintiff's Complaint.

35.     The Janssen Defendants admit that Xarelto® is an oral anticoagulant and a selective inhibitor of Factor Xa.  The Janssen Defendants further admit that Xarelto® is available in 10mg, 15mg, and 20mg tablets by prescription.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 35.

36.     The Janssen Defendants admit that Xarelto® was studied in the RECORD clinical trials.  The Janssen Defendants state that the publications in the New England Journal of Medicine and Lancet cited in paragraph 36 of Plaintiff's Complaint speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 36 of Plaintiff's Complaint.

37.     The Janssen Defendants admit that Xarelto® was studied in the RECORD clinical trials.  The Janssen Defendants state that the publications in the New England Journal of Medicine and Lancet cited in paragraph 37 of Plaintiff's Complaint speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 37 of Plaintiff's Complaint.

38.     The Janssen Defendants admit that Xarelto® was studied in the ROCKET AF clinical trial.  The Janssen Defendants state that the publication in the New England Journal of

Medicine cited in paragraph 38 of Plaintiff's Complaint speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 83 of Plaintiff's Complaint.

39.     The Janssen Defendants admit that Xarelto® was studied in the EINSTEIN DVT, EINSTEIN PE and EINSTEIN Extension clinical trials.   The Janssen Defendants state that the publications in the New England Journal of Medicine and Expert Review of Cardiovascular Therapy cited in paragraph 39 of Plaintiff's Complaint speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 39 of Plaintiff's Complaint.

40.     The Janssen Defendants state that promotional materials and the website for Xarelto® speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 40 of Plaintiff's Complaint.

41.     The Janssen Defendants state that marketing materials for Xarelto® speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 41 of Plaintiff's Complaint.

42.     The Janssen Defendants state that promotional materials and the website for Xarelto® speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 42 of Plaintiff's Complaint.

43.     The Janssen Defendants state that publications issued by the Institute for Safe Medication Practices speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 43 of Plaintiff's Complaint.

44.     The Janssen Defendants admit that "[a] specific antidote for rivaroxaban is not available."   The Janssen Defendants further state that Xarelto®'s package inserts speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 44 of Plaintiff's Complaint.

45.     The Janssen Defendants and J&J deny the allegations in paragraph 45 of Plaintiff's Complaint as phrased and as incompletely and inaccurately presented.

46.     The Janssen Defendants and J&J deny the allegations in paragraph 46 of Plaintiff's Complaint.

47.     The Janssen Defendants state that Xarelto®'s website speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 47 of Plaintiff's Complaint.

48.     The Janssen Defendants and J&J deny the allegations in paragraph 48 of Plaintiff's Complaint.

49.     The Janssen Defendants state that advertising materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 49 of Plaintiff's Complaint.

50.     The Janssen Defendants and J&J deny the allegations in paragraph 50 of Plaintiff's Complaint.

51.     The Janssen Defendants state that the correspondence from the Office of Prescription Drug Promotion speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 51 of Plaintiff's Complaint.

52.     The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of Plaintiff's Complaint with regard to what information Plaintiff received and therefore deny those allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 52 of Plaintiff's Complaint.

53.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of Plaintiff's Complaint with regard to what

information Plaintiff's prescribing physician received and therefore deny those allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 53 of Plaintiff's Complaint.

54.     The Janssen Defendants and J&J deny the allegations in paragraph 54 of Plaintiff's Complaint.

55.     The Janssen Defendants state that the Xarelto® Medication Guide speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 55 of Plaintiff's Complaint.

56.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 56 of Plaintiff's Complaint.

57.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 57 of Plaintiff's Complaint.

58.     The Janssen Defendants state that the ISMP materials speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 58 of Plaintiff's Complaint.

59.     The Janssen Defendants state that adverse event reports speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 59 of Plaintiff's Complaint.

60.     The Janssen Defendants state that reports received by German regulators speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 60 of Plaintiff's Complaint.

61.    The Janssen Defendants and J&J deny the allegations in paragraph 61 of Plaintiff's Complaint.

62.    The Janssen Defendants and J&J deny the allegations in paragraph 62, including the allegations contained in subparagraphs (a)-(n), of Plaintiff's Complaint.

63.    The Janssen Defendants admit that the package insert for Xarelto® has changed since the medication was first approved for use in the United States by the FDA in July 2011. The Janssen Defendants and J&J deny the remaining allegations in paragraph 63 of Plaintiff's Complaint.

64.    The Janssen Defendants and J&J deny the allegations in paragraph 64 of Plaintiff's Complaint.

65.    The Janssen Defendants and J&J deny the allegations in paragraph 65 of Plaintiff's Complaint.

66.    The Janssen Defendants and J&J deny the allegations in paragraph 66 of Plaintiff's Complaint.

67.    The Janssen Defendants and J&J deny the allegations in paragraph 67 of Plaintiff's Complaint.

68.    The Janssen Defendants and J&J deny the allegations in paragraph 68 of Plaintiff's Complaint.

69.    The Janssen Defendants and J&J deny the allegations in paragraph 69 of Plaintiff's Complaint.

## <u>COUNT I</u>

70.    In response to the allegations in paragraph 178, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully

set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 70.

71.     The allegations in paragraph 71 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 71.

72.     The Janssen Defendants and J&J deny the allegations in paragraph 72.

73.     The Janssen Defendants and J&J deny the allegations in paragraph 73, including the allegations in subparagraphs (a) through (p).

74.     The Janssen Defendants and J&J deny the allegations in paragraph 74.

75.     The Janssen Defendants and J&J deny the allegations in paragraph 75.

76.     The Janssen Defendants and J&J deny the allegations in paragraph 76, including the allegations in subparagraphs (a) through (g).

77.     The Janssen Defendants and J&J deny the allegations in paragraph 77.

78.     The Janssen Defendants and J&J deny the allegations in paragraph 78.

79.     The Janssen Defendants and J&J deny the allegations in paragraph 79.

80.     The Janssen Defendants and J&J deny the allegations in paragraph 80.

81.     The Janssen Defendants and J&J deny the allegations in paragraph 81.

82.     The Janssen Defendants and J&J deny the allegations in paragraph 82.

## COUNT II

83.     In response to the allegations in paragraph 83, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 83.

84.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations in paragraph 84.

85.     The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not Xarelto® did in fact reach patients in that condition and therefore deny those allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 85.

86.     The Janssen Defendants and J&J deny the allegations in paragraph 86 and specifically deny that Xarelto® was defective.

87.     The Janssen Defendants and J&J deny the allegations in paragraph 87 and specifically deny that Xarelto® was defective.

88.     The Janssen Defendants and J&J deny the allegations in paragraph 88 and specifically deny that Xarelto® was defective.

89.     The Janssen Defendants and J&J deny the allegations in paragraph 89 and specifically deny that Xarelto® was defective.

90.     The Janssen Defendants and J&J deny the allegations in paragraph 90 and specifically deny that Xarelto® was defective.

91.     The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore deny those allegations.

92.    The Janssen Defendants and J&J deny the allegations in paragraph 92 and specifically deny that Xarelto® was dangerous.

93.    The allegations in paragraph 93 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 93 to the extent they seek to impose obligations on the Janssen Defendants and J&J beyond what is required by law.

94.    The Janssen Defendants and J&J deny the allegations in paragraph 94 and specifically deny that Xarelto® was dangerous.

95.    The Janssen Defendants and J&J deny the allegations in paragraph 95 and specifically deny that Xarelto® was defective.

96.    The Janssen Defendants and J&J deny the allegations in paragraph 96 and specifically deny that Xarelto® was defective.

97.    The Janssen Defendants and J&J deny the allegations in paragraph 97 and specifically deny that Xarelto® was defective.

98.    The Janssen Defendants and J&J deny that Xarelto® was defective and deny the remaining allegations in paragraph 98.

99.    The Janssen Defendants and J&J deny the allegations in paragraph 99 and specifically deny that Xarelto® was defective.

100.    The Janssen Defendants and J&J deny the allegations in paragraph 100 and specifically deny that Xarelto® was defective.

101.    The Janssen Defendants and J&J deny the allegations in paragraph 101 and specifically deny that Xarelto® was defective.

102.     The Janssen Defendants and J&J deny the allegations in paragraph 102 and specifically deny that Xarelto® was defective.

103.     The Janssen Defendants and J&J deny the allegations in paragraph 103.

104.     The Janssen Defendants and J&J deny the allegations in paragraph 104.

105.     The Janssen Defendants and J&J deny the allegations in paragraph 105.

106.     The Janssen Defendants and J&J deny the allegations in paragraph 106.

## COUNT III

107.     In response to the allegations in paragraph 107 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 107 of Plaintiff's Complaint.

108.     The allegations in paragraph 108 of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves.

109.     The Janssen Defendants and J&J deny the allegations in paragraph 109 of Plaintiff's Complaint.

110.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to what Plaintiff relied upon.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 110 of Plaintiff's Complaint.

111.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to what unidentified members of the medical community, including physicians and other healthcare professionals physicians relied upon in recommending, prescribing, and/or dispensing Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 111 of Plaintiff's Complaint.

112.     The Janssen Defendants and J&J deny the allegations in paragraph 112 of Plaintiff's Complaint.

113.     The allegations in paragraph 113 of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 113.

114.     The Janssen Defendants and J&J deny the allegations in paragraph 114 of Plaintiff's Complaint.

115.     The Janssen Defendants and J&J deny the allegations in paragraph 115 of Plaintiff's Complaint.

116.     The Janssen Defendants and J&J deny the allegations in paragraph 116 of Plaintiff's Complaint.

117.     The Janssen Defendants and J&J deny the allegations in paragraph 117 of Plaintiff's Complaint.

## COUNT IV

118.     In response to the allegations in paragraph 118 of Plaintiff's Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 118 of Plaintiff's Complaint.

119.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The FDA-approved indications for Xarelto® speak for themselves.   The Janssen Defendants deny the remaining allegations of paragraph 119 of Plaintiff's Complaint.

120.    The allegations in paragraph 120 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 120 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

121.    The allegations in paragraph 121 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 121 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

122.    The Janssen Defendants and J&J deny the allegations in paragraph 122 of Plaintiff's Complaint.

123.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to what information Plaintiff and/or unidentified physicians and healthcare professionals relied upon and therefore deny these allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 123 of Plaintiff's Complaint.

124.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to what information Plaintiff and/or unidentified physicians and healthcare professionals relied upon and therefore deny these allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 124 of Plaintiff's Complaint.

125.    The Janssen Defendants and J&J deny the allegations in paragraph 125 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

126.    The Janssen Defendants and J&J deny the allegations in paragraph 126 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

127.    The Janssen Defendants and J&J deny the allegations in paragraph 127 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

128.    The Janssen Defendants and J&J deny the allegations in paragraph 128 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

129.    The Janssen Defendants and J&J deny the allegations in paragraph 129 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

## **COUNT V**

130.    In response to the allegations in paragraph 130 of Plaintiff's Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 130 of Plaintiff's Complaint.

131.    The Janssen Defendants and J&J deny the allegations in paragraph 131 of Plaintiff's Complaint.

132.    The Janssen Defendants and J&J deny the allegations in paragraph 132 of Plaintiff's Complaint.

133.    The Janssen Defendants and J&J deny the allegations in paragraph 133 of Plaintiff's Complaint.

134.    The Janssen Defendants and J&J deny the allegations in paragraph 134 of Plaintiff's Complaint.

135.    The Janssen Defendants and J&J deny the allegations in paragraph 135 of Plaintiff's Complaint.

136.    The Janssen Defendants and J&J deny the allegations in paragraph 136 of Plaintiff's Complaint.

137.    The Janssen Defendants and J&J deny the allegations in paragraph 137 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

138.    The Janssen Defendants and J&J deny the allegations in paragraph 138 of Plaintiff's Complaint.

139.    The Janssen Defendants and J&J deny the allegations in paragraph 139 of Plaintiff's Complaint.

140.    The Janssen Defendants and J&J deny the allegations in paragraph 140 of Plaintiff's Complaint.

141.    The Janssen Defendants and J&J deny the allegations in paragraph 141 of Plaintiff's Complaint.

142.    The Janssen Defendants and J&J deny the allegations in paragraph 142 of Plaintiff's Complaint.

## <u>COUNT VI</u>

143.    In response to the allegations in paragraph 143 of Plaintiff's Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 143 of Plaintiff's Complaint.

144.    The Janssen Defendants and J&J deny the allegations in paragraph 144 of Plaintiff's Complaint.

145.    The Janssen Defendants and J&J deny the allegations in paragraph 145 of Plaintiff's Complaint.

146.    The Janssen Defendants and J&J deny the allegations in paragraph 146 of Plaintiff's Complaint, including the allegations contained in subparagraphs (a) through (n) and specifically deny that Xarelto® is defective.

147.     In response to paragraph 147 of Plaintiff's Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.   The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 147 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

148.     The Janssen Defendants and J&J deny the allegations in paragraph 148 of Plaintiff's Complaint.

149.     The Janssen Defendants and J&J deny the allegations in paragraph 149 of Plaintiff's Complaint.

150.     The Janssen Defendants and J&J deny the allegations in paragraph 150 of Plaintiff's Complaint.

151.     The Janssen Defendants and J&J deny the allegations in paragraph 151 of Plaintiff's Complaint.

152.     The Janssen Defendants and J&J deny the allegations in paragraph 152 of Plaintiff's Complaint.

153.     The Janssen Defendants and J&J deny the allegations in paragraph 153 of Plaintiff's Complaint.

154.     The Janssen Defendants and J&J deny the allegations in paragraph 154 of Plaintiff's Complaint.

## COUNT VII

155.    In response to the allegations in paragraph 155 of Plaintiff's Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 155 of Plaintiff's Complaint.

156.    In response to paragraph 156 of Plaintiff's Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants and J&J beyond those required by law.

157.    The Janssen Defendants and J&J deny the allegations in paragraph 157 of Plaintiff's Complaint.

158.    The Janssen Defendants and J&J deny the allegations in paragraph 158 of Plaintiff's Complaint.

159.    The Janssen Defendants and J&J deny the allegations in paragraph 159 of Plaintiff's Complaint.

160.    The Janssen Defendants and J&J deny the allegations in paragraph 160 of Plaintiff's Complaint.

161.    The Janssen Defendants and J&J deny the allegations in paragraph 161 of Plaintiff's Complaint.

162.    The Janssen Defendants and J&J deny the allegations in paragraph 162 of Plaintiff's Complaint.

**WHEREFORE,** the Janssen Defendants and J&J deny that that Plaintiff is entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

The Janssen Defendants and J&J reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. By asserting the following affirmative defenses, the Janssen Defendants and J&J do not allege or admit that they have the burden of proof or the burden of persuasion with respect to any of these matters.   Further answering, and by way of affirmative defenses, the Janssen Defendants and J&J state as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries attributable to the use of the products at issue in this case, if any, were not caused by the products at issue, but instead were caused by intervening and superseding causes or circumstances.

### FOURTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J did not make to Plaintiff nor did they breach any express or implied warranties and/or breach any warranties created by law.  To the extent that Plaintiff relied on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with the Defendants and/or for failure of Plaintiff, or Plaintiff's representatives, to give timely notice to the Janssen Defendants and J&J of any alleged breach of

warranty. The Janssen Defendants and J&J further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future.

### FIFTH AFFIRMATIVE DEFENSE

At the time of sale or delivery, the products conformed to state-of-the-art for such products at that time.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the applicable statutes of limitation and/or prescriptive periods.

### SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons over whom the Janssen Defendants and J&J have no control or right of control.

### EIGHTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that recovery of punitive or exemplary damages in this case would violate the constitutional rights of the Janssen Defendants and J&J to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States and similar protections afforded by the Mississippi and New Jersey state constitutions, and any other state whose law is deemed to apply in this case, and that any law of the states of Mississippi or New Jersey law, whether enacted by that state's legislature or founded upon a decision or decisions of the courts, or that of any other state whose law is deemed to apply in this case, that would permit recovery of punitive or exemplary damages, is unconstitutional under these provisions.

## NINTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that the standards for granting and asserting punitive or exemplary damages do not prohibit other Plaintiff from seeking and recovering such damages against the Janssen Defendants and J&J for the same allegations of defect in the same products, and as such constitute multiple punishments for the same alleged conduct resulting in deprivation of the Janssen Defendants' and J&J's property without due process of law and will result in unjustified windfalls for Plaintiff and Plaintiff's counsel, in violation of the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar protections afforded by the Mississippi and New Jersey state constitutions, and that of any other state whose law is deemed to apply in this case.

## TENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J cannot be maintained because an award of punitive damages under current Mississippi and New Jersey law, and any other state's law deemed to apply to this action, would be void for vagueness, both facially and as applied.  Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Eighth and Fourteenth Amendments to the United States Constitution, the due process provisions of the

Mississippi and New Jersey state constitutions, and the common law and public policies of the states of Mississippi and New Jersey, and similar protections afforded by any other state whose law is deemed to apply in this case.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the laws of Mississippi and New Jersey, and any other state whose law is deemed to apply in this case, permit punishment to be measured by the net worth or financial status of the Janssen Defendants and J&J and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of the Janssen Defendants and J&J in other states, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, the state laws and constitutional provisions of Mississippi and New Jersey, and similar protections afforded by any other state whose law is deemed to apply in this case.

### TWELFTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J is governed by the law of the State of New Jersey.  The Janssen Defendants are entitled to the protections and limitations afforded under the New Jersey Punitive Damages Act, N.J.S.A. §§ 2A:15-5.9, *et seq.* and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq.*

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries are a result of a pre-existing and/or unrelated medical condition for which Defendants are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the Joint Tortfeasors Laws of any state whose law is deemed to apply.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Defendants' product is unsafe in any way, it is unavoidably unsafe.  Plaintiff's purported action is, therefore, barred by Comment K of §402A of the Restatement (Second) of Torts and/or other applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, with the exception of Plaintiff's claims for punitive damages, are governed by the law of the home state of Plaintiff Dora Mingo, i.e., Mississippi.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J are entitled to, and claims the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute in Plaintiff's alleged state of citizenship and residence, and any other state whose law is deemed to apply in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by the prescription medicine alleged to be at issue here, which is denied, the injuries are the result of an idiosyncratic reaction to the products.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to plead allegations of fraud, mistake, or deception with the specificity or detail required.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of informed consent, assumption of risk, release, and waiver. Additionally, if Plaintiff had or has filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries or damages sustained, if any, were caused in whole or part by Plaintiff's own negligence, and accordingly, Plaintiff are barred in whole or in part, from recovery.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Janssen Defendants and J&J hereby give notice that they intend to rely upon and incorporate by reference any affirmative defenses that are asserted in their Omnibus Answer or by any co-defendant in this lawsuit.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J reserve their rights to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

**WHEREFORE,** the Janssen Defendants and J&J demand judgment in their favor dismissing the Complaint with prejudice and for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson request a trial by jury on all issues so triable.

Respectfully Submitted:

DRINKER BIDDLE & REATH LLP

By: /s/ Susan M. Sharko
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ James B. Irwin
James B. Irwin
Kim E. Moore
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2120
jirwin@irwinllc.com


***Attorneys for Defendants Janssen
Pharmaceuticals, Inc., Janssen Research &
Development, LLC, Janssen Ortho LLC and
Johnson & Johnson***



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17

/s/ James B. Irwin
**James B. Irwin**