# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

---

|  |  |  |
|---|---|---|
| FRANCES MASCARO, *et al.*, | : | |
| | : | MDL NO. 2592 |
| Plaintiffs, | : | |
| | : | SECTION L |
| v. | : | |
| | : | JUDGE ELDON E. FALLON |
| | : | |
| JANSSEN RESEARCH & | : | MAG. JUDGE NORTH |
| DEVELOPMENT, LLC, *et al.,* | : | |
| | : | Civil Action No.: 2:15-cv-05060 |
| Defendants. | : | |
| | : | |

---

## ANSWER OF DEFENDANTS JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, JANSSEN ORTHO LLC AND JOHNSON & JOHNSON AND AFFIRMATIVE DEFENSES

Defendants Janssen Pharmaceuticals, Inc. ("JPI"), Janssen Research & Development, LLC ("JRD"), and Janssen Ortho LLC ("Janssen Ortho") (collectively, the "Janssen Defendants") and Johnson & Johnson (improperly named as Johnson & Johnson Company) ("J&J") hereby respond to Plaintiffs' Complaint as follows.[1]

## EXCLUSIVITY OF LOUISIANA PRODUCTS LIABILITY ACT ("LPLA")

Pursuant to Rule 12(b)(6), Defendants object to Plaintiffs' Complaint as it fails to state a claim upon which relief can be granted. This case is governed by the exclusive provisions of the Louisiana Products Liability Act ("LPLA") (La.-R.S. 9:2800.51 *et seq.*). Any theories of

---

[1]  Pursuant to Pre-Trial Order No. 11 ("PTO 11"), the Janssen Defendants and J&J file an individual answer to the Complaint as to the claims of Plaintiffs as Plaintiff Frances Mascaro has been selected as part of the bellwether discovery pool. Pursuant to PTO 11, the Janssen Defendants and J&J's Omnibus Answer and Defenses is deemed as the operative answer and defenses for the remaining plaintiffs named in the Complaint.

recovery that fall outside of the LPLA's provisions are therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## ANSWER TO COMPLAINT

The Janssen Defendants and J&J deny each and every allegation, statement, matter and thing contained in Plaintiffs' Complaint except as is hereinafter expressly admitted or averred.[2]

1.      a.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and medical history and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 1 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1(b) and therefore deny them.

2.      a.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and medical history and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 2 and specifically deny that Xarelto® caused injuries to Plaintiff.

3.      a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and medical history therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 3 and specifically deny that Xarelto® caused injuries to Plaintiff.

---

[2] Pursuant to Pre-Trial Order No. 11 ("PTO 11"), the Janssen Defendants and J&J file an individual answer to the Complaint as to the claims of Plaintiff Frances Mascaro as Plaintiff Frances Mascaro has been selected as part of the bellwether discovery pool. Pursuant to PTO 11, the Janssen Defendants and J&J's Omnibus Answer and Defenses is deemed as the operative answer and defenses for the remaining plaintiffs named in the Complaint.

1.      The Janssen Defendants and J&J specifically deny that Plaintiffs are entitled to damages but admit that the Court's jurisdiction is based on diversity of citizenship.  The Janssen Defendants and J&J deny all remaining allegations contained in paragraph 1.

2.      The allegations in paragraph number 2 of Plaintiffs' Complaint state conclusions of law to which no response is required.

3.      The allegations in paragraph number 3 of Plaintiffs' Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants admit that Janssen products are sold in Louisiana.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.      The allegations in paragraph 4 of Plaintiffs' Complaint state conclusions of law to which no response is required.

5.      The allegations in paragraph 5 of Plaintiffs' Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore the allegations are denied.

6.      The Janssen Defendants admit that JRD is a limited liability company existing under the laws of New Jersey and that JRD submitted the new drug applications ("NDAs") and supplemental new drug applications ("sNDAs") for Xarelto® to the FDA.  The Janssen Defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in New Jersey. The Janssen Defendants and J&J deny all remaining allegations in paragraph 6.

7.      The Janssen Defendants admit that JRD is involved with research and development for Xarelto®.  The Janssen Defendants and J&J deny all remaining allegations in paragraph 7 of Plaintiffs' Complaint.

8.      The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana. The Janssen Defendants and J&J deny the remaining allegations in paragraph 8 of Plaintiffs' Complaint.

9.      The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana. The Janssen Defendants and J&J deny the remaining allegations in paragraph 9 of Plaintiffs' Complaint.

10.     The Janssen Defendants and J&J deny the allegations in paragraph 10 of Plaintiffs' Complaint.

11.     The Janssen Defendants admit that JRD did research, development and testing on Xarelto®, whose FDA-approved indications speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 11 of Plaintiffs' Complaint.

12.     The Janssen Defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in New Jersey.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 12 of Plaintiffs' Complaint.

13.     The Janssen Defendants admit that Xarelto® is a product of JPI in the United States.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 14 of Plaintiffs' Complaint.

15.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 15 of Plaintiffs' Complaint.

16.     The Janssen Defendants and J&J deny the allegations in paragraph 16 of Plaintiffs' Complaint.

17.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States and that Xarelto®'s FDA-approved indications speak for themselves.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 17 of Plaintiffs' Complaint.

18.     The Janssen Defendants admit that Janssen Ortho is a Delaware limited liability company with its principal place of business in Puerto Rico.  The Janssen Defendants admit that the sole member of Janssen Ortho is OMJ PR Holdings, which is an Ireland corporation.  The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 18 of Plaintiffs' Complaint.

19.     The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.   The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 20 of Plaintiffs' Complaint.

21.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 21 of Plaintiffs' Complaint.

22.     The Janssen Defendants and J&J deny the allegations in paragraph 22 of Plaintiffs' Complaint.

23.     The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®, whose FDA-approved indications speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 23 of Plaintiffs' Complaint.

24.     J&J admits that Johnson & Johnson is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 24.

25.     The Janssen Defendants and J&J deny the allegations in paragraph 25 of Plaintiffs' Complaint and specifically deny that J&J is involved in the research, development, sales or marketing of Xarelto®. .

26.     The Janssen Defendants and J&J deny the allegations in paragraph 26 of Plaintiffs' Complaint.

27.     The Janssen Defendants and J&J deny the allegations in paragraph 27 of Plaintiffs' Complaint.

28.     The Janssen Defendants and J&J deny the allegations in paragraph 28 of Plaintiffs' Complaint.

29.     The allegations of paragraph 29 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

30.     The allegations of paragraph 30 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

31.     The allegations of paragraph 31 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

32.     The allegations of paragraph 32 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

33.     The allegations of paragraph 33 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

34.     The allegations of paragraph 34 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

35.     The allegations of paragraph 35 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

36.     The allegations of paragraph 36 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

37.     The allegations of paragraph 37 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

38.     The allegations of paragraph 38 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

39.     The allegations of paragraph 39 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

40.     The allegations of paragraph 40 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

41.     The allegations of paragraph 41 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

42.     The allegations of paragraph 42 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

43.     The allegations of paragraph 43 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

44.     The allegations of paragraph 44 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

45.     The allegations of paragraph 45 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

46.     The allegations of paragraph 46 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

47.     The allegations of paragraph 47 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

48.     The allegations of paragraph 48 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

49.     The allegations of paragraph 49 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

50.     The allegations of paragraph 50 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

51.     The allegations of paragraph 51 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

52.     The allegations of paragraph 52 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

53.     The allegations of paragraph 53 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

54.     The allegations of paragraph 54 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary

55.     The allegations of paragraph 55 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

56.     The allegations of paragraph 56 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

57.     The allegations of paragraph 57 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

58.     The allegations of paragraph 58 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

59.     The allegations of paragraph 59 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

60.     The allegations of paragraph 60 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

61.     The allegations of paragraph 61 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

62.     No allegations are included in paragraph 62; accordingly, no response is necessary.

63.     The Janssen Defendants and J&J deny the allegations in paragraph 63.

64.     The Janssen Defendants and J&J deny the allegations in paragraph 64.

65.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on

Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product.
The Janssen Defendants and J&J deny the remaining allegations in paragraph 65.

66.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United
States.  The Janssen Defendants admit that JRD did research, development and testing on
Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product.
The Janssen Defendants admit that Plaintiffs have initiated actions in connection with alleged
experiences with Xarelto®.  The Janssen Defendants are without knowledge or information
sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged
medical conditions.  The Janssen Defendants and J&J deny the remaining allegations in
paragraph 66 and further deny that Xarelto® caused any injuries to Plaintiffs.

67.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United
States.  The Janssen Defendants admit that JRD did research, development and testing on
Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product.
The Janssen Defendants also admit that the FDA-approved indications for Xarelto® are set forth
in the package insert.  The Janssen Defendants and J&J deny the remaining allegations in
paragraph 67.

68.     The Janssen Defendants admit that Xarelto® was first approved by the FDA on
July 1, 2011, for the prophylaxis of deep vein thrombosis (DVT) which may lead to pulmonary
embolism (PE) in patients undergoing knee or hip replacement surgery.  The Janssen Defendants
admit that Xarelto® is sometimes referred to as a new oral anticoagulant ("NOAC").  The
Janssen Defendants and J&J deny the remaining allegations in paragraph 68.

69.     Because Plaintiffs' allegations regarding the safety and efficacy of warfarin (also
known as Coumadin®) are vague and ambiguous, after reasonable investigation, the Janssen

Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny them. The Janssen Defendants and J&J deny the remaining allegations in paragraph 69.

70.     The Janssen Defendants admit that Xarelto® is an oral anticoagulant and a selective inhibitor of Factor Xa. The Janssen Defendants further admit that Xarelto® is available in 10mg, 15mg, and 20mg tablets by prescription. The Janssen Defendants and J&J deny the remaining allegations in paragraph 70.

71.     The Janssen Defendants admit that the FDA first approved Xarelto® on July 1, 2011 for the prophylaxis of deep vein thrombosis (DVT) which may lead to pulmonary embolism (PE) in patients undergoing knee or hip replacement surgery.

72.     The Janssen Defendants admit that Xarelto® was studied in the RECORD clinical trials. The Janssen Defendants state that the publications in the New England Journal of Medicine and Lancet cited in paragraph 72 speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 72.

73.     The Janssen Defendants and J&J deny the allegations in paragraph 73.

74.     The Janssen Defendants admit that on November 4, 2011, the FDA approved Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation. The Janssen Defendants admit that Xarelto® was studied in the ROCKET AF clinical trial. The Janssen Defendants and J&J deny the remaining allegations in paragraph 74.

75.     The Janssen Defendants state that the results of the ROCKET AF clinical trial speak for themselves and that the publication in the New England Journal of Medicine cited in paragraph 75 speaks for itself. The Janssen Defendants and J&J deny the remaining allegations in paragraph 75.

76.     The Janssen Defendants state that the ROCKET AF trial was designed to compare once-daily oral rivaroxaban with dose-adjusted warfarin for the prevention of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 76.

77.     The Janssen Defendants and J&J deny the allegations in paragraph 77.

78.     The Janssen Defendants state that the FDA Briefing Document cited in paragraph 78 speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 78.

79.     The Janssen Defendants state that correspondence from Public Citizen speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 79.

80.     The Janssen Defendants state that the FDA Briefing Document cited in paragraph 80 speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 80.

81.     The Janssen Defendants state that the FDA Advisory Meeting Transcript cited in paragraph 81 speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 81.

82.     The Janssen Defendants state that the FDA's Summary Review speaks for itself. The Janssen Defendants and J&J deny the allegations in paragraph 82.

83.     The Janssen Defendants admit that, on November 2, 2012, the FDA approved Xarelto® for the treatment of deep vein thrombosis (DVT), pulmonary embolism (PE), and for the reduction in the risk of recurrence of DVT and of PE.

84.     The Janssen Defendants admit that Xarelto® was studied in the EINSTEIN DVT, EINSTEIN PE and EINSTEIN Extension clinical trials.  The Janssen Defendants state that the

publications in the New England Journal of Medicine and Expert Review of Cardiovascular Therapy cited in paragraph 84 speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 84.

85.     The Janssen Defendants state that promotional materials and the website for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 85.

86.     The Janssen Defendants state that marketing materials for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 86.

87.     The Janssen Defendants state that marketing materials for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 87.

88.     The Janssen Defendants and J&J deny the allegations in paragraph 88.

89.     The Janssen Defendants state that publications issued by the Institute for Safe Medication Practices speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 89.

90.     The Janssen Defendants and J&J deny the allegations in paragraph 90.

91.     The Janssen Defendants admit that "[a] specific antidote for rivaroxaban is not available." The Janssen Defendants further state that Xarelto®'s package inserts speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 91.

92.     The Janssen Defendants and J&J deny the allegations in paragraph 92.

93.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 93.

94.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 94.

95.     The Janssen Defendants state that the ISMP materials speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 95.

96.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 96.

97.     The Janssen Defendants state that reports received by German regulators speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 97.

98.     The Janssen Defendants and J&J deny the allegations in paragraph 98.

99.     The Janssen Defendants and J&J deny the allegations in paragraph 99, including the allegations in subparagraphs (a)-(r).

100.    The Janssen Defendants admit that the package insert for Xarelto® has changed since the medication was first approved for use in the United States by the FDA in July 2011. The Janssen Defendants and J&J deny the remaining allegations in paragraph 100.

101.    The Janssen Defendants and J&J deny the allegations in paragraph 101.

102.    The Janssen Defendants and J&J deny the allegations in paragraph 102.

103.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 and therefore deny those allegations.

104.    The Janssen Defendants and J&J deny the allegations in paragraph 104 as phrased and as incompletely and inaccurately presented.

105.    The Janssen Defendants and J&J deny the allegations in paragraph 105.

106.    The Janssen Defendants and J&J deny the allegations in paragraph 106.

107.    The Janssen Defendants state that Xarelto®'s website speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 107.

108.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore deny those allegations.

109.    The Janssen Defendants state that advertising materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 109.

110.    The Janssen Defendants and J&J deny the allegations in paragraph 110.

111.    The Janssen Defendants state that the correspondence from the Office of Prescription Drug Promotion speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 111.

112.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore deny those allegations.

113.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113 with regard to what information unidentified prescribing physicians for Plaintiffs received and therefore deny those allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 113.

114.    The Janssen Defendants and J&J deny the allegations in paragraph 114.

115.    The Janssen Defendants state that the Xarelto® Medication Guide speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 115.

116.    The Janssen Defendants and J&J deny the allegations in paragraph 116.

117.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117 with regard to what information unidentified prescribing physicians for Plaintiffs relied upon and whether or not Plaintiffs ingested Xarelto® and therefore deny those allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 117.

118.    The Janssen Defendants and J&J deny the allegations in paragraph 118.

119.    The Janssen Defendants and J&J deny the allegations in paragraph 119.

120.    The Janssen Defendants and J&J deny the allegations in paragraph 120.

121.    The Janssen Defendants and J&J deny the allegations in paragraph 121.

122.    The Janssen Defendants and J&J deny the allegations in paragraph 122.

123.    The Janssen Defendants and J&J deny the allegations in paragraph 123.

124.    The Janssen Defendants and J&J deny the allegations in paragraph 124.

125.    The Janssen Defendants and J&J deny the allegations in paragraph 125.

126.    The Janssen Defendants and J&J deny the allegations in paragraph 126.

127.    The Janssen Defendants and J&J deny the allegations in paragraph 127.

**ANSWER TO FIRST CAUSE OF ACTION**

128.    In response to the allegations in paragraph 128, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 128.

129.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on

Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations in paragraph 129.

130.   The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not Xarelto® did in fact reach patients in that condition and therefore deny those allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 130.

131.   The Janssen Defendants and J&J deny the allegations in paragraph 131 of Plaintiffs' Complaint.

132.   The Janssen Defendants and J&J deny the allegations in paragraph 132 and specifically deny that Xarelto® was defective.

133.   The Janssen Defendants and J&J deny the allegations in paragraph 133.

134.   The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not Xarelto® did in fact reach patients in that condition and therefore deny those allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 134.

135.   The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore deny those allegations.

136.   The Janssen Defendants and J&J deny the allegations in paragraph 136.

137.   The Janssen Defendants and J&J deny the allegations in paragraph 137.

138.    The Janssen Defendants and J&J deny the allegations in paragraph 138 and specifically deny that Xarelto® was defective.

139.    The Janssen Defendants and J&J deny the allegations in paragraph 139 and specifically deny that Xarelto® was defective.

140.    The Janssen Defendants and J&J deny the allegations in paragraph 140 and specifically deny that Xarelto® was defective.

141.    The Janssen Defendants and J&J deny the allegations in paragraph 141.

142.    The Janssen Defendants and J&J deny the allegations in paragraph 142.

143.    The Janssen Defendants and J&J deny the allegations in paragraph 143.

144.    The Janssen Defendants and J&J deny the allegations in paragraph 144.

145.    The Janssen Defendants and J&J deny the allegations in paragraph 145.

146.    The Janssen Defendants and J&J deny the allegations in paragraph 146.

147.    The Janssen Defendants and J&J deny the allegations in paragraph 147 of Plaintiffs' Complaint.

148.    The Janssen Defendants and J&J deny the allegations in paragraph 148.

149.    The Janssen Defendants and J&J deny the allegations in paragraph 149.

150.    The Janssen Defendants and J&J deny the allegations in paragraph 150.

151.    The allegations in paragraph 151 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 151.

152.    The Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves.

153.    The Janssen Defendants and J&J deny the allegations in paragraph 153.

18

154.    The Janssen Defendants and J&J deny the allegations in paragraph 154.

155.    The Janssen Defendants state that the package inserts for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the allegations in paragraph 155.

156.    The Janssen Defendants and J&J deny the allegations in paragraph 156 of Plaintiffs' Complaint.

157.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157 and therefore deny those allegations.

158.    The Janssen Defendants and J&J deny the allegations in paragraph 158 of Plaintiffs' Complaint.

159.    The allegations in paragraph 159 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 159 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

160.    The Janssen Defendants and J&J deny the allegations in paragraph 160.

161.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to what Plaintiffs and unidentified physicians relied upon.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 161.

162.    The allegations in paragraph 162 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 162 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

163.    The Janssen Defendants and J&J deny the allegations in paragraph 163.

164.    The Janssen Defendants and J&J deny the allegations in paragraph 164 of Plaintiffs' Complaint.

165.    The Janssen Defendants and J&J deny the allegations in paragraph 165 of Plaintiffs' Complaint.

166.    The Janssen Defendants and J&J deny the allegations in paragraph 166.

## ANSWER TO SECOND CAUSE OF ACTION

167.    In response to the allegations in paragraph 167, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 167.

168.    The allegations in paragraph 168 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 168.

169.    The Janssen Defendants and J&J deny the allegations in paragraph 169.

170.    The Janssen Defendants and J&J deny the allegations in paragraph 170, including the allegations in subparagraphs (a) through (w).

171.    The Janssen Defendants and J&J deny the allegations in paragraph numbered 171.

172.    The Janssen Defendants and J&J deny the allegations in paragraph numbered 172.

173.    The Janssen Defendants and J&J deny the allegations in paragraph numbered 173, including the allegations in subparagraphs (1) through (8).

174.    The Janssen Defendants and J&J deny the allegations in paragraph 174.

175.    The Janssen Defendants and J&J deny the allegations in paragraph 175.

176.    The Janssen Defendants and J&J deny the allegations in paragraph 176.

177.     The Janssen Defendants and J&J deny the allegations in paragraph 177.

178.     The Janssen Defendants and J&J deny the allegations in paragraph 178.

## ANSWER TO THIRD CAUSE OF ACTION

179.     In response to the allegations in paragraph 179, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 179.

180.     The Janssen Defendants and J&J deny the allegations in paragraph 180 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

181.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations of paragraph 181 of Plaintiffs' Complaint

182.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 182 of Plaintiffs' Complaint and therefore deny those allegations.

183.     The Janssen Defendants and J&J deny the allegations in paragraph 183 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

184.     The Janssen Defendants and J&J deny the allegations in paragraph 184 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

185.     The Janssen Defendants and J&J deny the allegations in paragraph 185 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

186.    The Janssen Defendants and J&J deny the allegations in paragraph 186 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

187.    The Janssen Defendants and J&J deny the allegations in paragraph 187 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

188.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188 of Plaintiffs' Complaint and therefore deny those allegations.

189.    The Janssen Defendants and J&J deny the allegations in paragraph 189 of Plaintiffs' Complaint.

190.    In response to paragraph 190 of Plaintiffs' Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary.  Responding further, The Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

191.    The Janssen Defendants and J&J deny the allegations in paragraph 191 of Plaintiffs' Complaint.

192.    The Janssen Defendants and J&J deny the allegations in paragraph 192 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

193.    The Janssen Defendants and J&J deny the allegations in paragraph 193 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

194.    The Janssen Defendants and J&J deny the allegations in paragraph 194 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

195.    The Janssen Defendants and J&J deny the allegations in paragraph 195 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

196.    The Janssen Defendants and J&J deny the allegations in paragraph 196 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

197.    The Janssen Defendants and J&J deny the allegations in paragraph 197 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

198.    The Janssen Defendants and J&J deny the allegations in paragraph 198 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

199.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 199 and therefore deny those allegations.

200.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200 and therefore deny those allegations.

201.    The Janssen Defendants and J&J deny the allegations in paragraph 201, including the allegations in subparagraphs (a)-(f).

202.    The Janssen Defendants and J&J deny the allegations in paragraph 202 and specifically deny that Xarelto® was defective.

203.    The Janssen Defendants and J&J deny the allegations in paragraph 203 and specifically deny that Xarelto® was defective.

204.    The Janssen Defendants and J&J deny the allegations in paragraph 204 and specifically deny that Xarelto® was defective.

205.    The Janssen Defendants and J&J deny the allegations in paragraph 205 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

206.    The Janssen Defendants and J&J deny the allegations in paragraph 206.

## ANSWER TO FOURTH CAUSE OF ACTION

207.    In response to the allegations in paragraph 207, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 207.

208.    The allegations in paragraph 208 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 208.

209.    The Janssen Defendants and J&J deny the allegations in paragraph 209.

210.    The allegations in paragraph 210 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 210.

211.    The Janssen Defendants and J&J deny the allegations in paragraph 211.

212.    The Janssen Defendants and J&J deny the allegations in paragraph 212.

213.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs and unidentified physicians relied upon.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 213.

214.    The Janssen Defendants and J&J deny the allegations in paragraph 214, including the allegations in subparagraphs (a) through (d).

215.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiffs relied upon and therefore deny these allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 215.

216.    The Janssen Defendants and J&J deny the allegations in paragraph 216 and specifically deny that Xarelto® was defective.

217.    The Janssen Defendants and J&J deny the allegations in paragraph 217 of Plaintiffs' Complaint.

218.    The Janssen Defendants and J&J deny the allegations in paragraph 218.

## ANSWER TO FIFTH CAUSE OF ACTION

219.    In response to the allegations in paragraph 219, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 219.

220.    The allegations in paragraph 220 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 220 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

221.    The allegations in paragraph 221 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 221.

222.    The Janssen Defendants and J&J deny the allegations in paragraph 222.

223.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiffs relied upon and therefore deny these allegations in paragraph

223.   The Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 223.

224.   The Janssen Defendants and J&J deny the allegations in paragraph 224.

225.   The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants admit that the FDA-approved indications for Xarelto® are set forth in the package insert.   The Janssen Defendants and J&J deny the remaining allegations of paragraph 225 of Plaintiffs' Complaint.

226.   In response to paragraph 226 of Plaintiffs' Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, The Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

227.   The Janssen Defendants and J&J deny the allegations in paragraph 227 of Plaintiffs' Complaint.

228.   The Janssen Defendants and J&J deny the allegations in paragraph 228.

229.   The Janssen Defendants and J&J deny the allegations in paragraph 229 of Plaintiffs' Complaint.

230.   The Janssen Defendants and J&J deny the allegations in paragraph 230.

## **ANSWER TO SIXTH CAUSE OF ACTION**

231.   In response to the allegations in paragraph 231, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully

set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 231.

232.     The Janssen Defendants and J&J deny the allegations in paragraph 232.

233.     The Janssen Defendants and J&J deny the allegations in paragraph 233.

234.     The Janssen Defendants and J&J deny the allegations in paragraph 234.

235.     The Janssen Defendants and J&J deny the allegations in paragraph 235.

236.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiffs relied upon and therefore deny these allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 236.

237.     The Janssen Defendants and J&J deny the allegations in paragraph 237.

## ANSWER TO SEVENTH CAUSE OF ACTION

238.     In response to the allegations in paragraph 238, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 238.

239.     The Janssen Defendants and J&J deny the allegations in paragraph 239.

240.     The Janssen Defendants also admit that the FDA-approved indications for Xarelto® are set forth in the package insert.  The Janssen Defendants and J&J deny the characterizations of the representations identified in paragraph 240.

241.     The Janssen Defendants and J&J deny the allegations in paragraph 241.

242.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiffs relied upon and therefore deny these allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 242.

243.    The Janssen Defendants and J&J deny the allegations in paragraph 243.

244.    The Janssen Defendants state that the materials referenced in paragraph 244 of Plaintiffs' Complaint speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 244 of Plaintiffs' Complaint..

245.    In response to paragraph 245 of Plaintiffs' Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law. The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 245 of Plaintiffs' Complaint.

246.    The Janssen Defendants and J&J deny the allegations in paragraph 246.

247.    The Janssen Defendants and J&J deny the allegations in paragraph 247.

248.    The Janssen Defendants and J&J deny the allegations in paragraph 248.

249.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiffs and/or unidentified physicians and healthcare professionals relied upon and therefore deny these allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 249 of Plaintiffs' Complaint.

250.    The Janssen Defendants and J&J deny the allegations in paragraph 250.

251.    The Janssen Defendants and J&J deny the allegations in paragraph 251.

252.    The Janssen Defendants and J&J deny the allegations in paragraph 252.

253.    The Janssen Defendants and J&J deny the allegations in paragraph 253.

254.    The Janssen Defendants and J&J deny the allegations in paragraph 254.

255.    The Janssen Defendants and J&J deny the allegations in paragraph 255.

256. The Janssen Defendants and J&J deny the allegations in paragraph 256.

257. The Janssen Defendants and J&J deny the allegations in paragraph 257.

258. The Janssen Defendants and J&J deny the allegations in paragraph 258.

259. The Janssen Defendants and J&J deny the allegations in paragraph 259.

260. The Janssen Defendants and J&J deny the allegations in paragraph 260.

261. The Janssen Defendants and J&J deny the allegations in paragraph 261.

262. The Janssen Defendants and J&J deny the allegations in paragraph 262.

263. The Janssen Defendants state that the materials referenced in paragraph 263 of Plaintiffs' Complaint speak for themselves. The Janssen Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs relied upon. The Janssen Defendants and J&J deny the remaining allegations in paragraph 263 of Plaintiffs' Complaint.

264. The allegations in paragraph 264 state conclusions of law to which no response is required. To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 264 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

265. The Janssen Defendants and J&J deny the allegations in paragraph 265.

266. The Janssen Defendants and J&J deny the allegations in paragraph 266.

267. The Janssen Defendants and J&J deny the allegations in paragraph 267.

268. The Janssen Defendants and J&J deny the allegations in paragraph 268.

269. The Janssen Defendants and J&J deny the allegations in paragraph 269.

270. The Janssen Defendants and J&J deny the allegations in paragraph 270.

**ANSWER TO EIGHTH CAUSE OF ACTION**

271.    In response to the allegations in paragraph 271, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 271.

272.    The Janssen Defendants and J&J deny the allegations in paragraph 272.

273.    The Janssen Defendants and J&J deny the allegations in paragraph 273.

274.    The Janssen Defendants and J&J deny the allegations in paragraph 274.

275.    The Janssen Defendants and J&J deny the allegations in paragraph 275, including the allegations in subparagraphs (a) through (c).

276.    In response to paragraph 276 of Plaintiffs' Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

277.    The Janssen Defendants and J&J deny the allegations in paragraph 277.

278.    The Janssen Defendants and J&J deny the allegations in paragraph 278.

279.    The Janssen Defendants and J&J deny the allegations in paragraph 279.

280.    The Janssen Defendants and J&J deny the allegations in paragraph 280.

281.    The Janssen Defendants and J&J deny the allegations in paragraph 281.

282.    The Janssen Defendants and J&J deny the allegations in paragraph 282.

283.    The Janssen Defendants and J&J deny the allegations in paragraph 283.

### ANSWER TO NINTH CAUSE OF ACTION

284.    In response to the allegations in paragraph 284 of Plaintiffs' Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through the second 283 of Plaintiffs' Complaint.

285.    In response to paragraph 285 of Plaintiffs' Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law. The Janssen Defendants specifically deny that Xarelto® is defective.

286.    The Janssen Defendants and J&J deny the allegations in paragraph 286 of Plaintiffs' Complaint and specifically deny that Xarelto® is defective.

287.    In response to paragraph 287 of Plaintiffs' Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

288.    The Janssen Defendants and J&J deny the allegations in paragraph 288 of Plaintiffs' Complaint and specifically deny that Xarelto® is defective.

289.    The Janssen Defendants and J&J deny the allegations in paragraph 289 of Plaintiffs' Complaint.

290.    The Janssen Defendants and J&J deny the allegations contained in paragraph 290 of Plaintiffs' Complaint and specifically deny that Xarelto® is defective

### ANSWER TO TENTH CAUSE OF ACTION

291.    In response to the allegations in paragraph 291, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 291.

292.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 292 and therefore deny these allegations.

293.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 293 of Plaintiffs' Complaint, and therefore deny those allegations.

294.    The Janssen Defendants and J&J deny the allegations in paragraph 294 of Plaintiffs' Complaint..

295.    The Janssen Defendants and J&J deny the allegations in paragraph 295 of Plaintiffs' Complaint.

**WHEREFORE,** the Janssen Defendants and J&J deny that Plaintiffs are entitled to relief of any kind.

### AFFIRMATIVE DEFENSES

The Janssen Defendants and J&J reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. By asserting the following affirmative defenses, the Janssen Defendants and J&J do not allege or admit that they have the burden of proof or the burden of persuasion with respect to any of these matters.  Further answering, and by way of affirmative defenses, the Janssen Defendants and J&J state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries attributable to the use of the products at issue in this case, if any, were not caused by the products at issue, but instead were caused by intervening and superseding causes or circumstances.

## FOURTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J did not make to Plaintiffs nor did they breach any express or implied warranties and/or breach any warranties created by law.  To the extent that Plaintiffs relied on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with the Defendants and/or for failure of Plaintiff, or Plaintiffs' representatives, to give timely notice to the Janssen Defendants and J&J of any alleged breach of warranty.  The Janssen Defendants and J&J further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future.

## FIFTH AFFIRMATIVE DEFENSE

At the time of sale or delivery, the products conformed to state-of-the-art for such products at that time.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the applicable statutes of limitation and/or prescriptive periods.

## SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons over whom the Janssen Defendants and J&J have no control or right of control.

## EIGHTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that recovery of punitive or exemplary damages in this case would violate the constitutional rights of the Janssen Defendants and J&J to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States and similar protections afforded by the Louisiana and New Jersey state constitutions, and any other state whose law is deemed to apply in this case, and that any law of the states of Louisiana or New Jersey, whether enacted by that state's legislature or founded upon a decision or decisions of the courts, or that of any other state whose law is deemed to apply in this case, that would permit recovery of punitive or exemplary damages, is unconstitutional under these provisions.

## NINTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that the standards for granting and asserting punitive or exemplary damages do not prohibit other Plaintiffs from seeking and recovering such damages against the Janssen Defendants and J&J for the same allegations of defect in the same products, and as such constitute multiple punishments for the same alleged conduct resulting in deprivation of the

Janssen Defendants' and J&J's property without due process of law and will result in unjustified windfalls for Plaintiffs and Plaintiffs' counsel, in violation of the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar protections afforded by the Louisiana and New Jersey state constitutions, and that of any other state whose law is deemed to apply in this case.

## TENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J cannot be maintained because an award of punitive damages under current Louisiana and New Jersey law, and any other state's law deemed to apply to this action, would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Eighth and Fourteenth Amendments to the United States Constitution, the due process provisions of the Louisiana and New Jersey state constitutions, and the common law and public policies of the states of New Jersey and Louisiana, and similar protections afforded by any other state whose law is deemed to apply in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the laws of Louisiana and New Jersey, and any other state whose law is deemed to apply in this case, permit punishment to be measured by the net worth or financial

status of the Janssen Defendants and J&J and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of the Janssen Defendants and J&J in other states, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, the state laws and constitutional provisions of Louisiana and New Jersey, and similar protections afforded by any other state whose law is deemed to apply in this case.

## TWELFTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J is governed by the law of the State of New Jersey.  The Janssen Defendants are entitled to the protections and limitations afforded under the New Jersey Punitive Damages Act, N.J.S.A. §§ 2A:15-5.9, *et seq.* and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq.*  Further, any claim for punitive or exemplary damages against Janssen Defendants and J&J also cannot be maintained because punitive damages are not recoverable under Louisiana law, and in particular, under the provisions of the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51 *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries are a result of a pre-existing and/or unrelated medical condition for which Defendants are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the Joint Tortfeasors Laws of any state whose law is deemed to apply.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Defendants' product is unsafe in any way, it is unavoidably unsafe.  Plaintiffs' purported action is, therefore, barred by Comment K of §402A of the Restatement (Second) of Torts and/or other applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, with the exception of Plaintiffs' claims for punitive damages, are governed by the law of the home state of Plaintiff, i.e., Louisiana.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J are entitled to, and claims the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute in the state of Louisiana, Plaintiffs' alleged state of citizenship and residence, and any other state whose law is deemed to apply in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by the prescription medicine alleged to be at issue here, which is denied, the injuries are the result of an idiosyncratic reaction to the products.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead allegations of fraud, mistake, or deception with the specificity or detail required.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J specifically aver that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the Louisiana Products Liability Act (La. R.S. 9:2800.54).

### TWENTY-FOURTH SEPARATE DEFENSE

The Janssen Defendants and J&J assert all allowable defenses under the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, *et seq*, including but not limited to the applicability of La. R.S. 9:2800.59 and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq*.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of informed consent, assumption of risk, release, and waiver. Additionally, if Plaintiffs had or has filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for bankruptcy at some point in the

future, the claims of Plaintiffs may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiffs on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries or damages sustained, if any, were caused in whole or part by Plaintiffs' own negligence, and accordingly, Plaintiffs are barred in whole or in part, from recovery.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J affirmatively plead the applicability of the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51 *et seq.* and specifically aver that Plaintiffs are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J hereby give notice that they intend to rely upon and incorporate by reference any affirmative defenses asserted in their Omnibus Answer and/or by any co-defendant in this lawsuit.

## THIRTIETH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J reserve their rights to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

**WHEREFORE,** the Janssen Defendants and J&J demand judgment in their favor dismissing the Complaint with prejudice and for such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson request a trial by jury on all issues so triable.

Respectfully submitted

DRINKER BIDDLE & REATH LLP

By: /s/ Susan M. Sharko
      Susan M. Sharko
      DRINKER BIDDLE & REATH LLP
      600 Campus Drive
      Florham Park, NJ 07932-1047
      Telephone: (973) 549-7000
      Facsimile: (973) 360-9831
      susan.sharko@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ James B. Irwin
      James B. Irwin
      Kim E. Moore
      IRWIN FRITCHIE URQUHART
      & MOORE LLC
      400 Poydras Street
      Suite 2700
      New Orleans, LA 70130
      Telephone: (504) 310-2100
      Facsimile: (504) 310-2120
      jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 26, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiffs counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17

<u>/s/ <em>James B. Irwin</em></u><br><strong>James B. Irwin</strong>