## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

_____

|  |  |  |
|---|---|---|
| JOSEPH W. ERVIN, | : | MDL NO. 2592 |
|  | : |  |
| Plaintiff, | : | SECTION L |
|  | : |  |
| v. | : | JUDGE ELDON FALLON |
|  | : |  |
|  | : | MAG. JUDGE SHUSHAN |
| JANSSEN RESEARCH & | : |  |
| DEVELOPMENT, LLC, *et al.,* | : | Civil Action No: 2:15-cv-00440 |
|  | : |  |
| Defendants. | : | **JURY TRIAL DEMANDED** |

_____

### ANSWER OF DEFENDANTS JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, AND JANSSEN ORTHO LLC TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Janssen Pharmaceuticals, Inc. ("JPI"), Janssen Research & Development, LLC ("JRD"), and Janssen Ortho LLC ("Janssen Ortho") (collectively, the "Janssen Defendants") hereby respond to Plaintiff's Complaint as follows.

### EXCLUSIVITY OF LOUISIANA PRODUCTS LIABILITY ACT ("LPLA")

Pursuant to Rule 12(b)(6), the Janssen Defendants object to Plaintiff's Complaint as it fails to state a claim upon which relief can be granted. This case is governed by the exclusive provisions of the Louisiana Products Liability Act ("LPLA") (La.-R.S. 9:2800.51 *et seq.*). Any theories of recovery that fall outside of the LPLA's provisions are therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## ANSWER TO COMPLAINT

The Janssen Defendants deny each and every allegation, statement, matter and thing contained in Plaintiff's Complaint except as is hereinafter expressly admitted or averred.

1.      The Janssen Defendants specifically deny that Plaintiff is entitled to damages but admit that the Court's jurisdiction is based on diversity of citizenship.  The Janssen Defendants deny all remaining allegations contained in paragraph 1.

2.      The allegations in paragraph 2 of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

3.      The allegations in paragraph 3 of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants admit that Janssen products are prescribed, used and sold in Louisiana.  The Janssen Defendants deny the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      The Janssen Defendants admit that Plaintiff brought an action in connection with Joseph W. Ervin's alleged experience with Xarelto®.  The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff Joseph Ervin alleged use of Xarelto®.  The Janssen Defendants deny the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      To the extent the allegations in paragraph 5 are directed to the Janssen Defendants, the Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on

Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants deny the remaining allegations of paragraph 5 of Plaintiff's Complaint.

6.      The Janssen Defendants deny the allegations in paragraph 6 of Plaintiff's Complaint.

7.      The Janssen Defendants deny the allegations in paragraph 7 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

8.      The Janssen Defendants deny the allegations in paragraph 8 of Plaintiff's Complaint.

9.      The Janssen Defendants deny the allegations in paragraph 9 of Plaintiff's Complaint.

10.      The Janssen Defendants deny the allegations in paragraph 10 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

11.      The Janssen Defendants admit that Plaintiff seeks damages for alleged injuries in this action.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to Plaintiff Joseph Ervin's alleged medical condition and diagnosis.  The Janssen Defendants deny the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

## ANSWER TO PARTY PLAINTIFF

12.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's Complaint and therefore deny those allegations.  The Janssen Defendants further deny that Xarelto® caused any injury to Plaintiff.

13.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of Plaintiff's Complaint and therefore deny those allegations.

14.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiff's Complaint and therefore deny those allegations.  The Janssen Defendants further deny that Xarelto® caused any injury to Plaintiff.

15.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiff's Complaint and therefore deny those allegations.  The Janssen Defendants further deny that Xarelto® caused any injury to Plaintiff.

16.     The Janssen Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint.

17.     The Janssen Defendants deny the allegations in paragraph 17 of Plaintiff's Complaint.

18.     The Janssen Defendants admit that JRD is a limited liability company existing under the laws of New Jersey with its principal place of business in New Jersey and that JRD submitted the new drug applications ("NDAs") and supplemental new drug applications ("sNDAs") for Xarelto® to the FDA.  The Janssen Defendants deny all remaining allegations in paragraph 18 of Plaintiff's Complaint.

19.     The Janssen Defendants admit that JRD is involved with research, testing and development for Xarelto®.  The Janssen Defendants deny all remaining allegations in paragraph 19 of Plaintiff's Complaint.

20.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana. The Janssen Defendants deny the remaining allegations in paragraph 20 of Plaintiff's Complaint.

21.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana. The Janssen Defendants deny the remaining allegations in paragraph 21 of Plaintiff's Complaint.

22.     The Janssen Defendants deny the allegations in paragraph 22 of Plaintiff's Complaint.

23.      The Janssen Defendants admit that JRD did research, development and testing on Xarelto®, which is an oral anticoagulant.  The Janssen Defendants deny all remaining allegations in paragraph 23 of Plaintiff's Complaint.

24.     The Janssen Defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in Titusville, New Jersey.  The Janssen Defendants deny the remaining allegations in paragraph 24 of Plaintiff's Complaint.

25.     The Janssen Defendants admit that Xarelto® is a product of JPI in the United States.  The Janssen Defendants deny the remaining allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants deny the remaining allegations in paragraph 26 of Plaintiff's Complaint.

27.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants deny the remaining allegations in paragraph 27 of Plaintiff's Complaint.

28.     The Janssen Defendants deny the allegations in paragraph 28 of Plaintiff's Complaint.

29.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States and that Xarelto® is an oral anticoagulant.  The Janssen Defendants deny the remaining allegations in paragraph 29 of Plaintiff's Complaint.

30.     The Janssen Defendants admit that Janssen Ortho is a Delaware company with its principal place of business in Puerto Rico.  The Janssen Defendants deny the remaining allegations in paragraph 30 of Plaintiff's Complaint.

31.     The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants deny the remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants deny the remaining allegations in paragraph 32 of Plaintiff's Complaint.

33.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the State of Louisiana.  The Janssen Defendants deny the remaining allegations in paragraph 33 of Plaintiff's Complaint.

34.     The Janssen Defendants deny the allegations in paragraph 34 of Plaintiff's Complaint.

35.     The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®, which is an oral anticoagulant.  The Janssen Defendants deny the remaining allegations contained in paragraph 35 of Plaintiff's Complaint.

36.     The allegations of paragraph 36 are not directed to the Janssen Defendants; accordingly, no response is necessary.

37.     The allegations of paragraph 37 are not directed to the Janssen Defendants; accordingly, no response is necessary.

38.     The allegations of paragraph 38 are not directed to the Janssen Defendants; accordingly, no response is necessary.

39.     The allegations of paragraph 39 are not directed to the Janssen Defendants; accordingly, no response is necessary.

40.     The allegations of paragraph 40 are not directed to the Janssen Defendants; accordingly, no response is necessary.

41.     The allegations of paragraph 41 are not directed to the Janssen Defendants; accordingly, no response is necessary.

42.     The allegations of paragraph 42 are not directed to the Janssen Defendants; accordingly, no response is necessary.

43.     The allegations of paragraph 43 are not directed to the Janssen Defendants; accordingly, no response is necessary.

44.     The allegations of paragraph 44 are not directed to the Janssen Defendants; accordingly, no response is necessary.

45.     The allegations of paragraph 45 are not directed to the Janssen Defendants; accordingly, no response is necessary.

46.     The allegations of paragraph 46 are not directed to the Janssen Defendants; accordingly, no response is necessary.

47.     The allegations of paragraph 47 are not directed to the Janssen Defendants; accordingly, no response is necessary.

48.     The allegations of paragraph 48 are not directed to the Janssen Defendants; accordingly, no response is necessary.

49.     The allegations of paragraph 49 are not directed to the Janssen Defendants; accordingly, no response is necessary.

50.     The allegations of paragraph 50 are not directed to the Janssen Defendants; accordingly, no response is necessary.

51.     The allegations of paragraph 51 are not directed to the Janssen Defendants; accordingly, no response is necessary.

52.     The allegations of paragraph 52 are not directed to the Janssen Defendants; accordingly, no response is necessary.

53.     The allegations of paragraph 53 are not directed to the Janssen Defendants; accordingly, no response is necessary.

54.     The allegations of paragraph 54 are not directed to the Janssen Defendants; accordingly, no response is necessary.

55.     The allegations of paragraph 55 are not directed to the Janssen Defendants; accordingly, no response is necessary.

56.     The allegations of paragraph 56 are not directed to the Janssen Defendants; accordingly, no response is necessary.

57.     The allegations of paragraph 57 are not directed to the Janssen Defendants; accordingly, no response is necessary.

58.     The allegations of paragraph 58 are not directed to the Janssen Defendants; accordingly, no response is necessary.

59.     The allegations of paragraph 59 are not directed to the Janssen Defendants; accordingly, no response is necessary.

60.     The allegations of paragraph 60 are not directed to the Janssen Defendants; accordingly, no response is necessary.

61.     The allegations of paragraph 61 are not directed to the Janssen Defendants; accordingly, no response is necessary.

62.     The allegations of paragraph 62 are not directed to the Janssen Defendants; accordingly, no response is necessary.

63.     The allegations of paragraph 63 are not directed to the Janssen Defendants; accordingly, no response is necessary.

64.     The allegations of paragraph 64 are not directed to the Janssen Defendants; accordingly, no response is necessary.

65.     The allegations of paragraph 65 are not directed to the Janssen Defendants; accordingly, no response is necessary.

66.     The allegations of paragraph 66 are not directed to the Janssen Defendants; accordingly, no response is necessary.

67.     The allegations of paragraph 67 are not directed to the Janssen Defendants; accordingly, no response is necessary.

68.     The allegations of paragraph 68 are not directed to the Janssen Defendants; accordingly, no response is necessary.

69.     The allegations of paragraph 69 are not directed to the Janssen Defendants; accordingly, no response is necessary.

70.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants admit that the FDA-approved indications for Xarelto® are set forth in the package insert.  The Janssen Defendants deny the remaining allegations of paragraph 70 of Plaintiff's Complaint.

71.     The Janssen Defendants admit that JRD submitted the new drug applications ("NDAs") and supplemental new drug applications ("sNDAs") for Xarelto® to the FDA.  The Janssen Defendants deny the remaining allegations in paragraph 71 of Plaintiff's Complaint.

72.     The Janssen Defendants admit that the FDA first approved Xarelto® on July 1, 2011 for the prophylaxis of deep vein thrombosis (DVT) which may lead to pulmonary embolism (PE) in patients undergoing knee or hip replacement surgery.

73.      The Janssen Defendants admit that, on November 4, 2011, the FDA approved Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.

74.     The Janssen Defendants admit that, on November 2, 2012, the FDA approved Xarelto® for the treatment of deep vein thrombosis (DVT), pulmonary embolism (PE), and for the reduction in the risk of recurrence of DVT and of PE.

75.     The Janssen Defendants admit that Xarelto® was first approved by the FDA in July 2011, which was introduced in the U.S. market thereafter.  The Janssen Defendants deny the remaining allegations in paragraph 75 of Plaintiff's Complaint as phrased.

76.     The Janssen Defendants admit that Xarelto® is a selective inhibitor of Factor Xa. The Janssen Defendants further admit that Xarelto® is available in 10mg, 15mg, and 20mg tablets by prescription.   The Janssen Defendants deny the remaining allegations in paragraph 76 of Plaintiff's Complaint.

77.     The Janssen Defendants admit that Xarelto® was studied in the RECORD clinical trials.  The Janssen Defendants state that the publications in the New England Journal of Medicine and Lancet cited in paragraph 77 of Plaintiff's Complaint speak for themselves.  The Janssen Defendants deny the remaining allegations in paragraph 77 of Plaintiff's Complaint.

78.     The Janssen Defendants admit that Xarelto® was studied in the ROCKET AF clinical trial.  The Janssen Defendants state that the publication in the New England Journal of Medicine cited in paragraph 78 of Plaintiff's Complaint speaks for itself.   The Janssen Defendants deny the remaining allegations in paragraph 78 of Plaintiff's Complaint.

79.     The Janssen Defendants admit that Xarelto® was studied in the EINSTEIN DVT, EINSTEIN PE and EINSTEIN Extension clinical trials.  The Janssen Defendants state that the publications in the New England Journal of Medicine and Expert Review of Cardiovascular Therapy cited in paragraph 79 of Plaintiff's Complaint speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 79 of Plaintiff's Complaint.

80.     The Janssen Defendants state that promotional materials and the website for Xarelto® speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 80 of Plaintiff's Complaint.

81.     The Janssen Defendants state that marketing materials for Xarelto® speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 81 of Plaintiff's Complaint.

82.    The Janssen Defendants state that publications issued by the Institute for Safe Medication Practices speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 82 of Plaintiff's Complaint.

83.    The Janssen Defendants admit that "[a] specific antidote for rivaroxaban is not available."   The Janssen Defendants further state that Xarelto®'s package inserts speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 83 of Plaintiff's Complaint.

84.    The Janssen Defendants deny the allegations in paragraph 84 of Plaintiff's Complaint as phrased and as incompletely and inaccurately presented.

85.    The Janssen Defendants deny the allegations in paragraph 85 of Plaintiff's Complaint.

86.    The Janssen Defendants state that Xarelto®'s website speaks for itself.   The Janssen Defendants deny the remaining allegations in paragraph 86 of Plaintiff's Complaint.

87.    The Janssen Defendants deny the allegations in paragraph 87 of Plaintiff's Complaint.

88.    The Janssen Defendants state that advertising materials for Xarelto® speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 88 of Plaintiff's Complaint.

89.    The Janssen Defendants deny the allegations in paragraph 89 of Plaintiff's Complaint.

90.    The Janssen Defendants state that the correspondence from the Office of Prescription Drug Promotion speaks for itself.   The Janssen Defendants deny the remaining allegations in paragraph 90 of Plaintiff's Complaint.

91.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of Plaintiff's Complaint and therefore deny those allegations.

92.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of Plaintiff's Complaint with regard to what information Plaintiff's prescribing physician received and therefore deny those allegations.  The Janssen Defendants deny the remaining allegations in paragraph 92 of Plaintiff's Complaint.

93.    The Janssen Defendants deny the allegations in paragraph 93 of Plaintiff's Complaint.

94.    The Janssen Defendants state that the Xarelto® Medication Guide speaks for itself.  The Janssen Defendants deny the remaining allegations in paragraph 94 of Plaintiff's Complaint.

95.    The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants deny the remaining allegations in paragraph 95 of Plaintiff's Complaint.

96.    The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants deny the remaining allegations in paragraph 96 of Plaintiff's Complaint.

97.    The Janssen Defendants state that the ISMP materials speak for themselves.  The Janssen Defendants deny the remaining allegations in paragraph 97 of Plaintiff's Complaint.

98.    The Janssen Defendants state that the Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants deny the remaining allegations in paragraph 98 of Plaintiff's Complaint.

99.     The Janssen Defendants state that reports received by German regulators speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 99 of Plaintiff's Complaint.

100.     The Janssen Defendants deny the allegations in paragraph 100 of Plaintiff's Complaint.

101.     The Janssen Defendants deny the allegations in paragraph 101, including the allegations contained in subparagraphs (a)-(o), of Plaintiff's Complaint.

102.     The Janssen Defendants admit that the package insert for Xarelto® has changed since the medication was first approved for use in the United States by the FDA in July 2011. The Janssen Defendants deny the remaining allegations in paragraph 102 of Plaintiff's Complaint.

103.     The Janssen Defendants deny the allegations in paragraph 103 of Plaintiff's Complaint.

104.     The Janssen Defendants deny the allegations in paragraph 104 of Plaintiff's Complaint.

105.     The Janssen Defendants deny the allegations in paragraph 105 of Plaintiff's Complaint.

106.     The Janssen Defendants deny the allegations in paragraph 106 of Plaintiff's Complaint.

107.     The Janssen Defendants deny the allegations in paragraph 107 of Plaintiff's Complaint.

108.     The Janssen Defendants deny the allegations in paragraph 108 of Plaintiff's Complaint.

109.   The Janssen Defendants deny the allegations in paragraph 109 of Plaintiff's Complaint. .

## ANSWER TO FIRST CAUSE OF ACTION

110.   In response to the allegations in paragraph 110 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 109 of Plaintiff's Complaint.

111.   The Janssen Defendants deny the allegations in paragraph 111 of Plaintiff's Complaint.

112.   The Janssen Defendants deny the allegations in paragraph 112 of Plaintiff's Complaint.

113.   The Janssen Defendants deny the allegations in paragraph 113 of Plaintiff's Complaint.

114.   The Janssen Defendants deny the allegations in paragraph 114 of Plaintiff's Complaint.

115.   The Janssen Defendants deny the allegations in paragraph 115 of Plaintiff's Complaint.

116.   The Janssen Defendants deny the allegations in paragraph 116 of Plaintiff's Complaint.

117.   The Janssen Defendants deny the allegations in paragraph 117 of Plaintiff's Complaint.

118.   The Janssen Defendants deny the allegations in paragraph 118 of Plaintiff's Complaint.

Ervin Ind

119.    The Janssen Defendants deny the allegations in paragraph 119 of Plaintiff's Complaint.

120.    The Janssen Defendants deny the allegations in paragraph 120 of Plaintiff's Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

121.    In response to the allegations in paragraph 121 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 120 of Plaintiff's Complaint.

122.    In response to paragraph 122 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary.  Responding further, the Janssen Defendants deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

123.    The Janssen Defendants deny the allegations in paragraph 123 of Plaintiff's Complaint.

124.    The Janssen Defendants deny the allegations in paragraph 124, including the allegations contained in subparagraphs (a)-(s)(8), of Plaintiff's Complaint.

125.    The Janssen Defendants deny the allegations in paragraph 125 of Plaintiff's Complaint.

126.    The Janssen Defendants deny the allegations in paragraph 126 of Plaintiff's Complaint.

127.    The Janssen Defendants deny the allegations in paragraph 127 of Plaintiff's Complaint.

128.    The Janssen Defendants deny the allegations in paragraph 128 of Plaintiff's Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

129.    In response to the allegations in paragraph 129 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 128 of Plaintiff's Complaint.

130.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants deny the remaining allegations of paragraph 130 of Plaintiff's Complaint.

131.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of Plaintiff's Complaint and therefore deny those allegations.

132.    The Janssen Defendants deny the allegations in paragraph 132 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

133.    The Janssen Defendants deny the allegations in paragraph 133 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

134.    The Janssen Defendants deny the allegations in paragraph 134 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

135.    The Janssen Defendants deny the allegations in paragraph 135 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

136.    The Janssen Defendants deny the allegations in paragraph 136 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

137.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of Plaintiff's Complaint and therefore deny those allegations.

138.    The Janssen Defendants deny the allegations in paragraph 138 of Plaintiff's Complaint.

139.    In response to paragraph 139 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary.  Responding further, the Janssen Defendants deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

140.    The Janssen Defendants deny the allegations in paragraph 140 of Plaintiff's Complaint.

141.    The Janssen Defendants deny the allegations in paragraph 141 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

142.    The Janssen Defendants deny the allegations in paragraph 142 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

143.    The Janssen Defendants deny the allegations in paragraph 143 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

144.    The Janssen Defendants deny the allegations in paragraph 144 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

145.    The Janssen Defendants deny the allegations in paragraph 145 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

146.    The Janssen Defendants deny the allegations in paragraph 146 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

147.    The Janssen Defendants deny the allegations in paragraph 147 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

148.    The Janssen Defendants deny the allegations in paragraph 148 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

149.    The Janssen Defendants deny the allegations in paragraph 149 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

150.    The Janssen Defendants deny the allegations in paragraph 150 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

151.    The Janssen Defendants deny the allegations in paragraph 151 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

## ANSWER TO FOURTH CAUSE OF ACTION

152.    In response to the allegations in paragraph 152 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 151 of Plaintiff's Complaint.

153.    In response to paragraph 153 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

154.    The Janssen Defendants deny the allegations in paragraph 154 of Plaintiff's Complaint.

155.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiff relied upon and therefore deny these allegations.  The Janssen Defendants deny the remaining allegations in paragraph 155 of Plaintiff's Complaint.

156.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information unidentified physicians and healthcare professionals relied upon and therefore deny these allegations.  The Janssen Defendants deny the remaining allegations in paragraph 156 of Plaintiff's Complaint.

157.    The Janssen Defendants deny the allegations in paragraph 157 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

158.    The allegations contained in paragraph 158 of Plaintiff's Complaint call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny the allegations in paragraph 158 of Plaintiff's Complaint.

159.    The Janssen Defendants deny the allegations in paragraph 159 of Plaintiff's Complaint.

160.    The Janssen Defendants deny the allegations in paragraph 160 of Plaintiff's Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION

161.    In response to the allegations in paragraph 161 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 160 of Plaintiff's Complaint.

162.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product.

The Janssen Defendants admit that the FDA-approved indications for Xarelto® are set forth in the package insert.  The Janssen Defendants deny the remaining allegations of paragraph 162 of Plaintiff's Complaint.

163.    In response to paragraph 163 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

164.    In response to paragraph 164 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

165.    The Janssen Defendants deny the allegations in paragraph 165 of Plaintiff's Complaint.

166.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiff and/or unidentified physicians and healthcare professionals relied upon and therefore deny these allegations.  The Janssen Defendants deny the remaining allegations in paragraph 166 of Plaintiff's Complaint.

167.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiff and unidentified physicians and healthcare professionals relied upon and therefore deny these allegations.   The Janssen Defendants deny the remaining allegations in paragraph 167 of Plaintiff's Complaint.

168.    The Janssen Defendants deny the allegations in paragraph 168 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

169.    The Janssen Defendants deny the allegations in paragraph 169 of Plaintiff's Complaint.

170.    The Janssen Defendants deny the allegations in paragraph 170 of Plaintiff's Complaint.

## ANSWER TO SIXTH CAUSE OF ACTION

171.    In response to the allegations in paragraph 171 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 170 of Plaintiff's Complaint.

172.    The Janssen Defendants deny the allegations in paragraph 172 of Plaintiff's Complaint.

173.    The Janssen Defendants deny the allegations in paragraph 173 of Plaintiff's Complaint.

174.    The Janssen Defendants deny the allegations in paragraph 174 of Plaintiff's Complaint.

175.    The Janssen Defendants deny the allegations in paragraph 175 of Plaintiff's Complaint.

176.    The Janssen Defendants deny the allegations in paragraph 176 of Plaintiff's Complaint.

177.    The Janssen Defendants deny the allegations in paragraph 177 of Plaintiff's Complaint.

178.    The Janssen Defendants deny the allegations in paragraph 178 of Plaintiff's Complaint.

179.    The Janssen Defendants deny the allegations in paragraph 179 of Plaintiff's Complaint.

180.    The Janssen Defendants deny the allegations in paragraph 180 of Plaintiff's Complaint.

181.    The Janssen Defendants deny the allegations in paragraph 181 of Plaintiff's Complaint.

## ANSWER TO SEVENTH CAUSE OF ACTION

182.    In response to the allegations in paragraph 182 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 181 of Plaintiff's Complaint.

183.    The Janssen Defendants deny the allegations in paragraph 183 of Plaintiff's Complaint.

184.    The Janssen Defendants deny the allegations in paragraph 184 of Plaintiff's Complaint.

185.    The Janssen Defendants deny the allegations in paragraph 185, including the allegations contained in subparagraphs (a)-(l) of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

186.    In response to paragraph 186 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.   The Janssen Defendants deny the remaining allegations contained in paragraph 186 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

187.     The Janssen Defendants deny the allegations in paragraph 187 of Plaintiff's Complaint and specifically deny that Xarelto® was defective.

188.     The Janssen Defendants deny the allegations in paragraph 188 of Plaintiff's Complaint.

189.     The Janssen Defendants deny the allegations in paragraph 189 of Plaintiff's Complaint.

190.     The Janssen Defendants deny the allegations in paragraph 190 of Plaintiff's Complaint.

191.     The Janssen Defendants deny the allegations in paragraph 191 of Plaintiff's Complaint.

## ANSWER TO EIGHTH CAUSE OF ACTION

192.     In response to the allegations in paragraph 192 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 191 of Plaintiff's Complaint.

193.     In response to paragraph 193 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

194.     The Janssen Defendants deny the allegations in paragraph 194 of Plaintiff's Complaint.

195.     The Janssen Defendants deny the allegations in paragraph 195 of Plaintiff's Complaint.

196.     The Janssen Defendants deny the allegations in paragraph 196 of Plaintiff's Complaint.

197.     The Janssen Defendants deny the allegations in paragraph 197 of Plaintiff's Complaint.

## ANSWER TO NINTH CAUSE OF ACTION

198.     In response to the allegations in paragraph 198 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 197 of Plaintiff's Complaint.

199.     The allegations contained in paragraph 199 are unintelligible as stated, and therefore the Janssen Defendants deny those allegations.

200.     The Janssen Defendants deny the allegations in paragraph 200 of Plaintiff's Complaint.

201.     The Janssen Defendants deny the allegations in paragraph 201 of Plaintiff's Complaint.

202.     In response to paragraph 202 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

203.     The Janssen Defendants state that the materials referenced in paragraph 203 of Plaintiff's Complaint speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 203 of Plaintiff's Complaint.

204.    The Janssen Defendants state that the materials referenced in paragraph 204 of Plaintiff's Complaint speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 204 of Plaintiff's Complaint.

205.    The Janssen Defendants state that the materials referenced in paragraph 205 of Plaintiff's Complaint speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 205 of Plaintiff's Complaint.

206.    The Janssen Defendants deny the allegations in paragraph 206 of Plaintiff's Complaint.

207.    The Janssen Defendants deny the allegations in paragraph 207 of Plaintiff's Complaint.

208.    The Janssen Defendants deny the allegations in paragraph 208 of Plaintiff's Complaint.

209.    The Janssen Defendants deny the allegations in paragraph 209 of Plaintiff's Complaint.

210.    The Janssen Defendants state that the materials referenced in paragraph 210 of Plaintiff's Complaint speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 210 of Plaintiff's Complaint.

211.    The Janssen Defendants state that the materials referenced in paragraph 211 of Plaintiff's Complaint speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 211 of Plaintiff's Complaint.

212.    The Janssen Defendants deny the allegations in paragraph 212 of Plaintiff's Complaint.

213.    The Janssen Defendants deny the allegations in paragraph 213 of Plaintiff's Complaint.

214.    The Janssen Defendants deny the allegations in paragraph 214 of Plaintiff's Complaint.

215.    The Janssen Defendants deny the allegations in paragraph 215 of Plaintiff's Complaint.

216.    The Janssen Defendants deny the allegations in paragraph 216 of Plaintiff's Complaint.

217.    The Janssen Defendants deny the allegations in paragraph 217 of Plaintiff's Complaint.

218.    The Janssen Defendants deny the allegations in paragraph 218 of Plaintiff's Complaint.

219.    The Janssen Defendants deny the allegations in paragraph 219 of Plaintiff's Complaint.

220.    The Janssen Defendants deny the allegations in paragraph 220 of Plaintiff's Complaint.

221.    The Janssen Defendants deny the allegations in paragraph 221 of Plaintiff's Complaint.

222.    The Janssen Defendants deny the allegations in paragraph 222 of Plaintiff's Complaint.

223.    The advertising materials for Xarelto® speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 223 of Plaintiff's Complaint.

224.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiff and/or unidentified physicians and healthcare professionals relied upon and therefore deny these allegations.  The Janssen Defendants deny the remaining allegations in paragraph 224 of Plaintiff's Complaint.

225.    The Janssen Defendants deny the allegations in paragraph 225 of Plaintiff's Complaint.

226.    The Janssen Defendants deny the allegations in paragraph 226 of Plaintiff's Complaint.

227.    The Janssen Defendants deny the allegations in paragraph 227 of Plaintiff's Complaint.

228.    The Janssen Defendants deny the allegations in paragraph 228 of Plaintiff's Complaint.

229.    The Janssen Defendants deny the allegations in paragraph 229 of Plaintiff's Complaint.

## ANSWER TO TENTH CAUSE OF ACTION

230.    In response to the allegations in paragraph 230 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 229 of Plaintiff's Complaint.

231.    In response to paragraph 231 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

232.    The Janssen Defendants deny the allegations in paragraph 232 of Plaintiff's Complaint.

233.    The Janssen Defendants deny the allegations in paragraph 233 of Plaintiff's Complaint.

234.    The Janssen Defendants deny the allegations in paragraph 234 of Plaintiff's Complaint.

235.    The Janssen Defendants deny the allegations in paragraph 235 of Plaintiff's Complaint.

236.    The Janssen Defendants deny the allegations in paragraph 236 of Plaintiff's Complaint.

237.    The Janssen Defendants deny the allegations in paragraph 237 of Plaintiff's Complaint.

238.    The Janssen Defendants deny the allegations in paragraph 238 of Plaintiff's Complaint.

239.    The Janssen Defendants deny the allegations in paragraph 239 of Plaintiff's Complaint.

## ANSWER TO ELEVENTH CAUSE OF ACTION

240.    In response to the allegations in paragraph 240 of Plaintiff's Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 239 of Plaintiff's Complaint.

241.    In response to paragraph 241 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny those allegations to the extent they

seek to impose obligations on the Janssen Defendants beyond those required by law.   The Janssen Defendants specifically deny that Xarelto® is defective.

242.    The Janssen Defendants deny the allegations in paragraph 242 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

243.    In response to paragraph 243 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

244.    The Janssen Defendants deny the allegations in paragraph 244 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

245.    The Janssen Defendants deny the allegations in paragraph 245 of Plaintiff's Complaint.

246.    In response to paragraph 246 of Plaintiff's Complaint, the Janssen Defendants state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny the allegations contained in paragraph 246 of Plaintiff's Complaint and specifically deny that Xarelto® is defective.

**WHEREFORE,** the Janssen Defendants deny that Plaintiff is entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

The Janssen Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. By asserting the following affirmative defenses, the Janssen Defendants do not allege or admit that they have the burden of

proof or the burden of persuasion with respect to any of these matters.  Further answering, and by way of affirmative defenses, the Janssen Defendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries attributable to the use of the products at issue in this case, if any, were not caused by the products at issue, but instead were caused by intervening and superseding causes or circumstances.

## FOURTH AFFIRMATIVE DEFENSE

The Janssen Defendants did not make to Plaintiff nor did they breach any express or implied warranties and/or breach any warranties created by law.  To the extent that Plaintiff relied on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with the Defendants and/or for failure of Plaintiff, or Plaintiff's representatives, to give timely notice to the Janssen Defendants of any alleged breach of warranty.  The Janssen Defendants further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future.

## FIFTH AFFIRMATIVE DEFENSE

At the time of sale or delivery, the products conformed to state-of-the-art for such products at that time.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the applicable statutes of limitation and/or prescriptive periods.

## SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons over whom the Janssen Defendants have no control or right of control.

## EIGHTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants is unconstitutional in that recovery of punitive or exemplary damages in this case would violate the constitutional rights of the Janssen Defendants to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States and similar protections afforded by the Louisiana and New Jersey state constitutions, and any other state whose law is deemed to apply in this case, and that any law of the states of Louisiana or New Jersey, whether enacted by that state's legislature or founded upon a decision or decisions of the courts, or that of any other state whose law is deemed to apply in this case, that would permit recovery of punitive or exemplary damages, is unconstitutional under these provisions.

## NINTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants is unconstitutional in that the standards for granting and asserting punitive or exemplary damages do not prohibit other Plaintiff from seeking and recovering such damages against the Janssen Defendants for the same allegations of defect in the same products, and as such constitute multiple punishments for the same alleged conduct resulting in deprivation of the Janssen

Defendants' property without due process of law and will result in unjustified windfalls for Plaintiff and Plaintiff's counsel, in violation of the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar protections afforded by the Louisiana  and New Jersey state constitutions, and that of any other state whose law is deemed to apply in this case.

## TENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants cannot be maintained because an award of punitive damages under current Louisiana and New Jersey law, and any other state's law deemed to apply to this action, would be void for vagueness, both facially and as applied.  Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Eighth and Fourteenth Amendments to the United States Constitution, the due process provisions of the Louisiana and New Jersey state constitutions, and the common law and public policies of the states of New Jersey and Louisiana, and similar protections afforded by any other state whose law is deemed to apply in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the laws of Louisiana and New Jersey, and any other state whose law is deemed to apply in this case, permit punishment to be measured by the net worth or financial status of the Janssen Defendants and imposes greater punishment on defendants with larger net

worth, such an award would be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of the Janssen Defendants in other states, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, the state laws and constitutional provisions of Louisiana and New Jersey, and similar protections afforded by any other state whose law is deemed to apply in this case.

## TWELFTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants is governed by the law of the State of New Jersey.  The Janssen Defendants are entitled to the protections and limitations afforded under the New Jersey Punitive Damages Act, N.J.S.A. §§ 2A:15-5.9, *et seq.* and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq.*  Further, any claim for punitive or exemplary damages against Janssen Defendants also cannot be maintained because punitive damages are not recoverable under Louisiana law, and in particular, under the provisions of the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51 *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries are a result of a pre-existing and/or unrelated medical condition for which Defendants are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the Joint Tortfeasors Laws of any state whose law is deemed to apply.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Defendants' product is unsafe in any way, it is unavoidably unsafe.   Plaintiff's purported action is, therefore, barred by Comment K of §402A of the Restatement (Second) of Torts and/or other applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, with the exception of Plaintiff's claims for punitive damages, are governed by the law of the home state of Plaintiff, i.e., Louisiana.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Janssen Defendants are entitled to, and claims the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute in the state of Louisiana, Plaintiff's alleged state of citizenship and residence, and any other state whose law is deemed to apply in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by the prescription medicine alleged to be at issue here, which is denied, the injuries are the result of an idiosyncratic reaction to the products.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm*., 531 U.S. 341 (2001).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to plead allegations of fraud, mistake, or deception with the specificity or detail required.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Janssen Defendants specifically aver that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by the Louisiana Products Liability Act (La. R.S. 9:2800.54).

### TWENTY-FOURTH SEPARATE DEFENSE

The Janssen Defendants assert all allowable defenses under the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, *et seq*, including but not limited to the applicability of La. R.S. 9:2800.59 and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq*.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of informed consent, assumption of risk, release, and waiver. Additionally, if Plaintiff had or has filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff Joseph Ervin injuries or damages sustained, if any, were caused in whole or part by Plaintiff's own negligence, and accordingly, Plaintiff are barred in whole or in part, from recovery.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Janssen Defendants affirmatively plead the applicability of the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51 *et seq.* and specifically aver that Plaintiff are not entitled to recovery under any of the exclusive theories of liability set forth in the Act.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Janssen Defendants hereby give notice that they intend to rely upon and incorporate by reference any affirmative defenses asserted in their Omnibus Answer and/or by any co-defendant in this lawsuit.

## THIRTIETH AFFIRMATIVE DEFENSE

The Janssen Defendants reserve their rights to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

**WHEREFORE,** the Janssen Defendants demand judgment in their favor dismissing the Complaint with prejudice and for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and

Janssen Ortho LLC request a trial by jury on all issues so triable.


Respectfully submitted

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
    Susan M. Sharko
    DRINKER BIDDLE & REATH LLP
    600 Campus Drive
    Florham Park, NJ 07932-1047
    Telephone: (973) 549-7000
    Facsimile: (973) 360-9831
    susan.sharko@dbr.com


IRWIN FRITCHIE URQUHART &
MOORE LLC

By: /s/ *James B. Irwin*
    James B. Irwin
    Kim E. Moore
    IRWIN FRITCHIE URQUHART
    & MOORE LLC
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    jirwin@irwinllc.com

    *Attorneys for Defendants Janssen*
    *Pharmaceuticals, Inc., Janssen*
    *Research & Development, LLC, and*
    *Janssen Ortho LLC*

Ervin Ind

38

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 26, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiffs counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17

<u>/s/ James B. Irwin</u>
**James B. Irwin**

Ervin Ind