# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | |
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | MDL No. 2592 |
| | : | SECTION L |
| LILA ACHZIGER, et al. | : | JUDGE ELDON E. FALLON |
| | : | MAGISTRATE JUDGE NORTH |
| Plaintiffs, | : | |
| | : | Civil Action No. 2:15-cv-01845 |
| -against- | : | (Severed from Lead Action No. |
| | : | 2:15-cv-01537) |
| | : | |
| JANSSEN RESEARCH & | : | |
| DEVELOPMENT, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### ANSWER OF DEFENDANTS JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, JANSSEN ORTHO LLC AND JOHNSON & JOHNSON AND AFFIRMATIVE DEFENSES

Defendants Janssen Pharmaceuticals, Inc. ("JPI"), Janssen Research & Development, LLC ("JRD"), and Janssen Ortho LLC ("Janssen Ortho") (collectively, the "Janssen Defendants") and Johnson & Johnson ("J&J") hereby respond to Plaintiffs' Complaint as follows.[1]

### ANSWER TO COMPLAINT

The Janssen Defendants and J&J deny each and every allegation, statement, matter and thing contained in Plaintiffs' Complaint except as is hereinafter expressly admitted or averred.

    1.      The Janssen Defendants and J&J deny the allegations in paragraph 1.

---

[1] Pursuant to Pre-Trial Order No. 11 ("PTO 11"), the Janssen Defendants and J&J file an individual answer to the Complaint as to the claims of Plaintiffs as Plaintiff Rodney Hannah, as administrator of the estate of Tommie Lee Hannah has been selected as part of the bellwether discovery pool. Pursuant to PTO 11, The Janssen Defendants and J&J's Omnibus Answer and Defenses is deemed as the operative answer and defenses for the remaining plaintiffs named in the Complaint.

2.      The Janssen Defendants and J&J deny the allegations in paragraph 2.

3.      The Janssen Defendants and J&J deny the allegations in paragraph 3.

4.      The Janssen Defendants and J&J admit that Plaintiffs seek damages for alleged injuries in this action.   The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 4 and specifically deny that Plaintiffs are entitled to relief of any kind.

5.      The Janssen Defendants and J&J specifically deny that Plaintiffs are entitled to damages but admit that the Court's jurisdiction is based on diversity of citizenship.   The Janssen Defendants and J&J deny all remaining allegations contained in paragraph 5.

6.      The allegations in paragraph 6 of Plaintiffs' Complaint state conclusions of law to which no response is required.

7.      The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants admit that Janssen products are prescribed, used and sold in this judicial district.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 7.

8.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 8, including subparagraph (a) – (k) and further deny that Xarelto® caused any injuries to Plaintiffs.

9.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining

allegations in paragraph 9, including subparagraph (a) – (l) and further deny that Xarelto® caused any injuries to Plaintiffs.

10.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 10, including subparagraph (a) – (k) and further deny that Xarelto® caused any injuries to Plaintiffs.

11.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 11, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

12.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 12, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

13.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 13, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

14.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 14, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

15.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 15, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

16.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 16, including subparagraph (a) – (l) and further deny that Xarelto® caused any injuries to Plaintiffs.

17.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 17, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

18.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Decedent's alleged use of Xarelto® or as to Plaintiffs' or Decedent's alleged medical history and therefore deny these allegations.  The Janssen Defendants and J&J deny the

remaining allegations in paragraph 18, including subparagraph (a) – (m) and further deny that Xarelto® caused any injuries to Plaintiffs or Decedent.

19.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 19, including subparagraph (a) – (j) and further deny that Xarelto® caused any injuries to Plaintiffs.

20.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 20, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

21.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 21, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

22.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 22, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

23.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 23, including subparagraph (a) – (j) and further deny that Xarelto® caused any injuries to Plaintiffs.

24.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 24, including subparagraph (a) – (h) and further deny that Xarelto® caused any injuries to Plaintiffs.

25.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 25, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

26.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 26, including subparagraph (a) – (h) and further deny that Xarelto® caused any injuries to Plaintiffs.

27.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining

allegations in paragraph 27, including subparagraph (a) – (k) and further deny that Xarelto® caused any injuries to Plaintiffs.

28.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 28, including subparagraph (a) – (g) and further deny that Xarelto® caused any injuries to Plaintiffs.

29.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 29, including subparagraph (a) – (k) and further deny that Xarelto® caused any injuries to Plaintiffs.

30.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 30, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

31.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 31, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

32.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 32, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

33.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged medical history and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 33, including subparagraph (a) – (i) and further deny that Xarelto® caused any injuries to Plaintiffs.

## ANSWER TO DEFENDANTS

34.     The Janssen Defendants admit that JRD is a limited liability company existing under the laws of New Jersey and that JRD submitted the new drug applications ("NDAs") and supplemental new drug applications ("sNDAs") for Xarelto® to the FDA.   The Janssen defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in Titusville, New Jersey. The Janssen Defendants and J&J deny all remaining allegations in paragraph 34.

35.     J&J admits that Johnson & Johnson is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey.   The Janssen Defendants and J&J deny the remaining allegations of paragraph 35 and specifically deny that J&J is involved in the research, manufacture, sale, distribution and marketing of Xarelto®.

36.     The Janssen Defendants admit that Janssen Ortho is a Delaware limited liability company with its principal place of business in Puerto Rico.  The Janssen Defendants admit that

the sole member of Janssen Ortho is OMJ PR Holdings, which is an Ireland corporation with its principal place of business in Bermuda. The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®. The Janssen Defendants and J&J deny the remaining allegations in paragraph 36 of Plaintiffs' Complaint.

37.     The Janssen Defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in Titusville, New Jersey. The Janssen Defendants admit that Xarelto® is a product of JPI in the United States. The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     The allegations of paragraph 38 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

39.     The allegations of paragraph 39 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

40.     The allegations of paragraph 40 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

41.     The allegations of paragraph 41 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

42.     The allegations of paragraph 42 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

43.     The allegations of paragraph 43 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

44.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the States of Alabama, California, Georgia, Illinois, Kentucky, Maine, Michigan,

Mississippi, New York, North Carolina, Ohio, Tennessee and Washington. The Janssen Defendants and J&J deny the remaining allegations in paragraph 44 of Plaintiffs' Complaint.

45.     Paragraph 45 of Plaintiffs' complaint contains no allegations to which a response is required.

## ANSWER TO FACTUAL BACKGROUND

46.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants also admit that the FDA-approved indications for Xarelto® are set forth in the package insert.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 46.

47.     The Janssen Defendants admit that the FDA first approved Xarelto® on July 1, 2011 for the prophylaxis of deep vein thrombosis (DVT) which may lead to pulmonary embolism (PE) in patients undergoing knee or hip replacement surgery.

48.      The Janssen Defendants admit that on November 4, 2011, the FDA approved Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.   The Janssen Defendants admit that Xarelto® was studied in the ROCKET AF clinical trial.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 48.

49.     The Janssen Defendants admit that, on November 2, 2012, the FDA approved Xarelto® for the treatment of deep vein thrombosis (DVT), pulmonary embolism (PE), and for the reduction in the risk of recurrence of DVT and of PE.

50.     The Janssen Defendants admit that Xarelto® was first approved by the FDA in July 2011, which was introduced in the U.S. market thereafter.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 50 of Plaintiffs' Complaint as phrased.

51.     The Janssen Defendants admit that Xarelto® is an oral anticoagulant and a selective inhibitor of Factor Xa.  The Janssen Defendants further admit that Xarelto® is available in 10mg, 15mg, and 20mg tablets by prescription.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 51.

52.     The Janssen Defendants admit that Xarelto® was studied in the RECORD clinical trials.  The Janssen Defendants state that the publications in the New England Journal of Medicine and Lancet cited in paragraph 52 of Plaintiffs' Complaint speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 52 of Plaintiffs' Complaint.

53.     The Janssen Defendants admit that Xarelto® was studied in the ROCKET AF clinical trial.  The Janssen Defendants state that the publications in the New England Journal of Medicine and Lancet cited in paragraph 53 of Plaintiffs' Complaint speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 53 of Plaintiffs' Complaint.

54.     The Janssen Defendants admit that Xarelto® was studied in the ROCKET AF clinical trial.  The Janssen Defendants state that the publication in the New England Journal of Medicine cited in paragraph 54 of Plaintiffs' Complaint speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 54 of Plaintiffs' Complaint.

55.     The Janssen Defendants admit that Xarelto® was studied in the EINSTEIN DVT, EINSTEIN PE and EINSTEIN Extension clinical trials.  The Janssen Defendants state that the

publications in the New England Journal of Medicine and Expert Review of Cardiovascular Therapy cited in paragraph 55 of Plaintiffs' Complaint speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 55 of Plaintiffs' Complaint.

56.   The Janssen Defendants state that promotional materials and the website for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 56 of Plaintiffs' Complaint.

57.   The Janssen Defendants state that marketing materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 57 of Plaintiffs' Complaint.

58.   The Janssen Defendants state that promotional materials and the website for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 58 of Plaintiffs' Complaint.

59.   The Janssen Defendants state that publications issued by the Institute for Safe Medication Practices speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 59 of Plaintiffs' Complaint.

60.   The Janssen Defendants admit that "[a] specific antidote for rivaroxaban is not available."  The Janssen Defendants further state that Xarelto®'s package inserts speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 60 of Plaintiffs' Complaint.

61.   The Janssen Defendants and J&J deny the allegations in paragraph 61 of Plaintiffs' Complaint as phrased and as incompletely and inaccurately presented.

62.   The Janssen Defendants and J&J deny the allegations in paragraph 62 of Plaintiffs' Complaint.

63. The Janssen Defendants state that Xarelto®'s website speaks for itself. The Janssen Defendants and J&J deny the remaining allegations in paragraph 63 of Plaintiffs' Complaint.

64. The Janssen Defendants and J&J deny the allegations in paragraph 64 of Plaintiffs' Complaint.

65. The Janssen Defendants state that advertising materials for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 65 of Plaintiffs' Complaint.

66. The Janssen Defendants and J&J deny the allegations in paragraph 66 of Plaintiffs' Complaint.

67. The Janssen Defendants state that the correspondence from the Office of Prescription Drug Promotion speaks for itself. The Janssen Defendants and J&J deny the remaining allegations in paragraph 67 of Plaintiffs' Complaint.

68. The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of Plaintiffs' Complaint with regard to what information Plaintiffs received and therefore deny those allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 68 of Plaintiffs' Complaint.

69. The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of Plaintiffs' Complaint with regard to what information Plaintiffs' prescribing physician received and therefore deny those allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 69 of Plaintiffs' Complaint.

70.     The Janssen Defendants and J&J deny the allegations in paragraph 70 of Plaintiffs' Complaint.

71.     The Janssen Defendants state that the Xarelto® Medication Guide speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 71 of Plaintiffs' Complaint.

72.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 72 of Plaintiffs' Complaint.

73.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 73 of Plaintiffs' Complaint.

74.     The Janssen Defendants state that the ISMP materials speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 74 of Plaintiffs' Complaint.

75.     The Janssen Defendants state that adverse event reports speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 75 of Plaintiffs' Complaint.

76.     The Janssen Defendants state that reports received by German regulators speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 76 of Plaintiffs' Complaint.

77.     The Janssen Defendants and J&J deny the allegations in paragraph 77 of Plaintiffs' Complaint.

78.     The Janssen Defendants and J&J deny the allegations in paragraph 78, including the allegations contained in subparagraphs (a)-(n), of Plaintiffs' Complaint.

79.     The Janssen Defendants admit that the package insert for Xarelto® has changed since the medication was first approved for use in the United States by the FDA in July 2011. The Janssen Defendants and J&J deny the remaining allegations in paragraph 79 of Plaintiffs' Complaint.

80.     The Janssen Defendants and J&J deny the allegations in paragraph 80 of Plaintiffs' Complaint.

81.     The Janssen Defendants and J&J deny the allegations in paragraph 81 of Plaintiffs' Complaint.

82.     The Janssen Defendants and J&J deny the allegations in paragraph 82 of Plaintiffs' Complaint.

83.     The Janssen Defendants and J&J deny the allegations in paragraph 83 of Plaintiffs' Complaint.

84.     The Janssen Defendants and J&J deny the allegations in paragraph 84 of Plaintiffs' Complaint.

85.     The Janssen Defendants and J&J deny the allegations in paragraph 85 of Plaintiffs' Complaint.

## **ANSWER TO COUNT I**

86.     In response to the allegations in paragraph 86, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 86.

87.     The allegations in paragraph 87 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 87.

88.     The Janssen Defendants and J&J deny the allegations in paragraph 88.

89.     The Janssen Defendants and J&J deny the allegations in paragraph 89, including the allegations in subparagraphs (a) through (p).

90.     The Janssen Defendants and J&J deny the allegations in paragraph 90.

91.     The Janssen Defendants and J&J deny the allegations in paragraph numbered 91.

92.     The Janssen Defendants and J&J deny the allegations in the second paragraph 92, including the allegations in subparagraphs (a) through (g).

93.     The Janssen Defendants and J&J deny the allegations in paragraph 93.

94.     The Janssen Defendants and J&J deny the allegations in paragraph 94.

95.     The Janssen Defendants and J&J deny the allegations in paragraph 95.

96.     The Janssen Defendants and J&J deny the allegations in paragraph 96.

97.     The Janssen Defendants and J&J deny the allegations in paragraph 97.

98.     The Janssen Defendants and J&J deny the allegations in paragraph 98.

99.     The Janssen Defendants and J&J deny the allegations in paragraph 99.

## ANSWER TO COUNT II

100.     In response to the allegations in paragraph 100, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 100.

101.    The Janssen Defendants and J&J deny the allegations in paragraph 101 and specifically deny that Xarelto® was defective.

102.    The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not Xarelto® did in fact reach patients in that condition and therefore deny those allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 102.

103.    The Janssen Defendants and J&J deny the allegations in paragraph 103 and specifically deny that Xarelto® was defective.

104.    The Janssen Defendants and J&J deny the allegations in paragraph 104 and specifically deny that Xarelto® was defective.

105.    The Janssen Defendants and J&J deny the allegations in paragraph 105 and specifically deny that Xarelto® was defective.

106.    The Janssen Defendants and J&J deny the allegations in paragraph 106 and specifically deny that Xarelto® was defective.

107.    The Janssen Defendants and J&J deny the allegations in paragraph 107 and specifically deny that Xarelto® was defective.

108.    The Janssen Defendants and J&J deny the allegations in paragraph 108 and specifically deny that Xarelto® was defective.

109.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore deny those allegations.

110.     The Janssen Defendants and J&J deny the allegations in paragraph 110 and specifically deny that Xarelto® was dangerous.

111.     The allegations in paragraph 111 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 111.

112.     The Janssen Defendants and J&J deny the allegations in paragraph 112 and specifically deny that Xarelto® was dangerous.

113.     The Janssen Defendants and J&J deny the allegations in paragraph 113 and specifically deny that Xarelto® was defective.

114.     The Janssen Defendants and J&J deny the allegations in paragraph 114 and specifically deny that Xarelto® was defective.

115.     The Janssen Defendants and J&J deny the allegations in paragraph 115 and specifically deny that Xarelto® was defective.

116.     The Janssen Defendants and J&J deny that Xarelto® was defective and deny the remaining allegations in paragraph 116.

117.     The Janssen Defendants and J&J deny the allegations in paragraph 117 and specifically deny that Xarelto® was defective.

118.     The Janssen Defendants and J&J deny the allegations in paragraph 118 and specifically deny that Xarelto® was defective.

119.     The Janssen Defendants and J&J deny the allegations in paragraph 119 and specifically deny that Xarelto® was defective.

120.     The Janssen Defendants and J&J deny the allegations in paragraph 120 and specifically deny that Xarelto® was defective.

121.    The Janssen Defendants and J&J deny the allegations in paragraph 121.

122.    The Janssen Defendants and J&J deny the allegations in paragraph 122.

123.    The Janssen Defendants and J&J deny the allegations in paragraph 123.

124.    The Janssen Defendants and J&J deny the allegations in paragraph 124.

## ANSWER TO COUNT III

125.    In response to the allegations in paragraph 125 of Plaintiffs' Complaint, the Janssen Defendants restate and incorporate by reference their Answers to paragraphs 1 through 125 of Plaintiffs' Complaint.

126.    The allegations in paragraph 126 of Plaintiffs' Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves.

127.    The Janssen Defendants and J&J deny the allegations in paragraph 127 of Plaintiffs' Complaint.

128.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs relied upon.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 128 of Plaintiffs' Complaint.

129.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what unidentified members of the medical community, including physicians and other healthcare professionals physicians relied upon in recommending, prescribing, and/or dispensing Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 129 of Plaintiffs' Complaint.

130.    The Janssen Defendants and J&J deny the allegations in paragraph 130 of Plaintiffs' Complaint.

131.   The allegations in paragraph 131 of Plaintiffs' Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 131.

132.   The Janssen Defendants and J&J deny the allegations in paragraph 132 of Plaintiffs' Complaint.

133.   The Janssen Defendants and J&J deny the allegations in paragraph 133 of Plaintiffs' Complaint.

134.   The Janssen Defendants and J&J deny the allegations in paragraph 134 of Plaintiffs' Complaint.

135.   The Janssen Defendants and J&J deny the allegations in paragraph 135 of Plaintiffs' Complaint.

136.   The Janssen Defendants and J&J deny the allegations in paragraph 136 of Plaintiffs' Complaint.

## ANSWER TO COUNT IV

137.   In response to the allegations in paragraph 137 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 137 of Plaintiffs' Complaint.

138.   The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The FDA-approved indications for Xarelto® speak for themselves.  The Janssen Defendants deny the remaining allegations of paragraph 138 of Plaintiffs' Complaint.

139.    The allegations in paragraph 139 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 139 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

140.    The allegations in paragraph 140 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 140 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

141.    The Janssen Defendants and J&J deny the allegations in paragraph 141 of Plaintiffs' Complaint.

142.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to what information Plaintiffs and/or unidentified physicians and healthcare professionals relied upon and therefore deny these allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 142 of Plaintiffs' Complaint.

143.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to what information Plaintiffs and/or unidentified physicians and healthcare professionals relied upon and therefore deny these allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 143 of Plaintiffs' Complaint.

144.    The Janssen Defendants and J&J deny the allegations in paragraph 144 of Plaintiffs' Complaint and specifically deny that Xarelto® is defective.

145.    The Janssen Defendants and J&J deny the allegations in paragraph 145 of Plaintiffs' Complaint and specifically deny that Xarelto® is defective.

146.    The Janssen Defendants and J&J deny the allegations in paragraph 146 of Plaintiffs' Complaint and specifically deny that Xarelto® is defective.

147.    The Janssen Defendants and J&J deny the allegations in paragraph 147 of Plaintiffs' Complaint and specifically deny that Xarelto® is defective.

148.    The Janssen Defendants and J&J deny the allegations in paragraph 148 of Plaintiffs' Complaint and specifically deny that Xarelto® is defective.

149.    The Janssen Defendants and J&J deny the allegations in paragraph 149 of Plaintiffs' Complaint and specifically deny that Xarelto® is defective.

## ANSWER TO COUNT V

150.    In response to the allegations in paragraph 150 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 150 of Plaintiffs' Complaint.

151.    The Janssen Defendants and J&J deny the allegations in paragraph 151 of Plaintiffs' Complaint.

152.    The Janssen Defendants and J&J deny the allegations in paragraph 152 of Plaintiffs' Complaint.

153.    The Janssen Defendants and J&J deny the allegations in paragraph 153 of Plaintiffs' Complaint.

154.    The Janssen Defendants and J&J deny the allegations in paragraph 154 of Plaintiffs' Complaint.

155.    The Janssen Defendants and J&J deny the allegations in paragraph 155 of Plaintiffs' Complaint.

156.     The Janssen Defendants and J&J deny the allegations in paragraph 156 of Plaintiffs' Complaint.

157.     The Janssen Defendants and J&J deny the allegations in paragraph 157 of Plaintiffs' Complaint and specifically deny that Xarelto® is defective.

158.     The Janssen Defendants and J&J deny the allegations in paragraph 158 of Plaintiffs' Complaint.

159.     The Janssen Defendants and J&J deny the allegations in paragraph 159 of Plaintiffs' Complaint.

160.     The Janssen Defendants and J&J deny the allegations in paragraph 160 of Plaintiffs' Complaint.

161.     The Janssen Defendants and J&J deny the allegations in paragraph 161 of Plaintiffs' Complaint.

162.     The Janssen Defendants and J&J deny the allegations in paragraph 162 of Plaintiffs' Complaint.

163.     The Janssen Defendants and J&J deny the allegations in paragraph 163 of Plaintiffs' Complaint.

## <u>ANSWER TO COUNT VI</u>

164.     In response to the allegations in paragraph 164 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 164 of Plaintiffs' Complaint.

165.     The Janssen Defendants and J&J deny the allegations in paragraph 165 of Plaintiffs' Complaint.

166.     The Janssen Defendants and J&J deny the allegations in paragraph 166 of Plaintiffs' Complaint.

167.     The Janssen Defendants and J&J deny the allegations in paragraph 167 of Plaintiffs' Complaint, including the allegations contained in subparagraphs (a) through (n) and specifically deny that Xarelto® is defective.

168.     In response to paragraph 168 of Plaintiffs' Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants deny those allegations to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.   The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 168 of Plaintiffs' Complaint and specifically deny that Xarelto® was defective.

169.     The Janssen Defendants and J&J deny the allegations in paragraph 169 of Plaintiffs' Complaint.

170.     The Janssen Defendants and J&J deny the allegations in paragraph 170 of Plaintiffs' Complaint.

171.     The Janssen Defendants and J&J deny the allegations in paragraph 171 of Plaintiffs' Complaint.

172.     The Janssen Defendants and J&J deny the allegations in paragraph 172 of Plaintiffs' Complaint.

173.     The Janssen Defendants and J&J deny the allegations in paragraph 173 of Plaintiffs' Complaint.

174.     The Janssen Defendants and J&J deny the allegations in paragraph 174 of Plaintiffs' Complaint.

175.    The Janssen Defendants and J&J deny the allegations in paragraph 175 of Plaintiffs' Complaint.

176.    The Janssen Defendants and J&J deny the allegations in paragraph 176 of Plaintiffs' Complaint.

## ANSWER TO COUNT VII

177.    In response to the allegations in paragraph 177 of Plaintiffs' Complaint, the Janssen Defendants and J&J restate and incorporate by reference their Answers to paragraphs 1 through 177 of Plaintiffs' Complaint.

178.    In response to paragraph 178 of Plaintiffs' Complaint, the Janssen Defendants and J&J state that the allegations contained therein call for a legal conclusion to which no response is necessary; responding further, the Janssen Defendants and J&J deny those allegations to the extent they seek to impose obligations on the Janssen Defendants and J&J beyond those required by law.

179.    The Janssen Defendants and J&J deny the allegations in paragraph 179 of Plaintiffs' Complaint.

180.    The Janssen Defendants and J&J deny the allegations in paragraph 180 of Plaintiffs' Complaint.

181.    The Janssen Defendants and J&J deny the allegations in paragraph 181 of Plaintiffs' Complaint.

182.    The Janssen Defendants and J&J deny the allegations in paragraph 182 of Plaintiffs' Complaint.

183.    The Janssen Defendants and J&J deny the allegations in paragraph 183 of Plaintiffs' Complaint.

184.    The Janssen Defendants and J&J deny the allegations in paragraph 184 of Plaintiffs' Complaint.

185.    The Janssen Defendants and J&J deny the allegations in paragraph 185 of Plaintiffs' Complaint.

## ANSWER TO COUNT VIII

186.    In response to the allegations in paragraph 186, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 186.

187.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 187 and therefore deny them.

188.    The Janssen Defendants and J&J deny the allegations in paragraph 188.

189.    The Janssen Defendants and J&J deny the allegations in paragraph 189.

190.    The Janssen Defendants and J&J deny the allegations in paragraph 190.

**WHEREFORE,** the Janssen Defendants and J&J deny that that Plaintiffs are entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

The Janssen Defendants and J&J reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. By asserting the following affirmative defenses, the Janssen Defendants and J&J do not allege or admit that they have the burden of proof or the burden of persuasion with respect to any of these matters.  Further answering, and by way of affirmative defenses, the Janssen Defendants and J&J state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries attributable to the use of the products at issue in this case, if any, were not caused by the products at issue, but instead were caused by intervening and superseding causes or circumstances.

## FOURTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J did not make to Plaintiff nor did they breach any express or implied warranties and/or breach any warranties created by law.  To the extent that Plaintiff relied on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with the Defendants and/or for failure of Plaintiff, or Plaintiffs' representatives, to give timely notice to the Janssen Defendants and J&J of any alleged breach of warranty.  The Janssen Defendants and J&J further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future.

## FIFTH AFFIRMATIVE DEFENSE

At the time of sale or delivery, the products conformed to state-of-the-art for such products at that time.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the applicable statutes of limitation and/or prescriptive periods.

## SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons over whom the Janssen Defendants and J&J have no control or right of control.

## EIGHTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that recovery of punitive or exemplary damages in this case would violate the constitutional rights of the Janssen Defendants and J&J to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States and similar protections afforded by the Alabama and New Jersey state constitutions, and any other state whose law is deemed to apply in this case, and that any law of the states Alabama or New Jersey , whether enacted by that state's legislature or founded upon a decision or decisions of the courts, or that of any other state whose law is deemed to apply in this case, that would permit recovery of punitive or exemplary damages, is unconstitutional under these provisions.

## NINTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that the standards for granting and asserting punitive or exemplary damages do not prohibit other Plaintiff from seeking and recovering such damages against the Janssen Defendants and J&J for the same allegations of defect in the same products, and as such constitute multiple punishments for the same alleged conduct resulting in deprivation of the

Janssen Defendants' and J&J's property without due process of law and will result in unjustified windfalls for Plaintiff and Plaintiffs' counsel, in violation of the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar protections afforded by the Alabama and New Jersey state constitutions, and that of any other state whose law is deemed to apply in this case.

## TENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J cannot be maintained because an award of punitive damages under current Alabama and New Jersey law, and any other state's law deemed to apply to this action, would be void for vagueness, both facially and as applied.  Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Eighth and Fourteenth Amendments to the United States Constitution, the due process provisions of the Alabama and New Jersey state constitutions, and the common law and public policies of the states of New Jersey and Alabam, and similar protections afforded by any other state whose law is deemed to apply in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the laws of Alabama and New Jersey, and any other state whose law is deemed to apply in this case, permit punishment to be measured by the net worth or financial

status of the Janssen Defendants and J&J and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of the Janssen Defendants and J&J in other states, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, the state laws and constitutional provisions of Alabama and New Jersey, and similar protections afforded by any other state whose law is deemed to apply in this case.

## TWELFTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J is governed by the law of the State of New Jersey.  The Janssen Defendants are entitled to the protections and limitations afforded under the New Jersey Punitive Damages Act, N.J.S.A. §§ 2A:15-5.9, *et seq.* and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries are a result of a pre-existing and/or unrelated medical condition for which Defendants are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the Joint Tortfeasors Laws of any state whose law is deemed to apply.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Defendants' product is unsafe in any way, it is unavoidably unsafe.  Plaintiffs' purported action is, therefore, barred by Comment K of §402A of the Restatement (Second) of Torts and/or other applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, with the exception of Plaintiffs' claims for punitive damages, are governed by the law of the home state of Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J are entitled to, and claims the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute in Plaintiffs' alleged state of citizenship and residence, and any other state whose law is deemed to apply in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by the prescription medicine alleged to be at issue here, which is denied, the injuries are the result of an idiosyncratic reaction to the products.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to plead allegations of fraud, mistake, or deception with the specificity or detail required.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of informed consent, assumption of risk, release, and waiver. Additionally, if Plaintiff had or has filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries or damages sustained, if any, were caused in whole or part by Plaintiffs' own negligence, and accordingly, Plaintiff are barred in whole or in part, from recovery.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Janssen Defendants and J&J hereby give notice that they intend to rely upon and incorporate by reference any affirmative defenses asserted in their Omnibus Answer and/or by any co-defendant in this lawsuit.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J reserve their rights to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

**WHEREFORE,** the Janssen Defendants and J&J demand judgment in their favor dismissing the Complaint with prejudice and for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson request a trial by jury on all issues so triable.

Respectfully submitted

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
   Susan M. Sharko
   DRINKER BIDDLE & REATH LLP
   600 Campus Drive
   Florham Park, NJ 07932-1047
   Telephone: (973) 549-7000
   Facsimile: (973) 360-9831
   susan.sharko@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
   James B. Irwin
   Kim E. Moore
   IRWIN FRITCHIE URQUHART
   & MOORE LLC
   400 Poydras Street
   Suite 2700
   New Orleans, LA 70130
   Telephone: (504) 310-2100
   Facsimile: (504) 310-2120
   jirwin@irwinllc.com

   ***Attorneys for Defendants Janssen***
   ***Pharmaceuticals, Inc., Janssen***
   ***Research & Development, LLC,***
   ***Janssen Ortho LLC and Johnson &***
   ***Johnson***

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on February 26, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiffs counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17

   /s/ *James B. Irwin*
   **James B. Irwin**