# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| STEPHEN ADAMS, *et al.*, | : | |
| | : | MDL NO. 2592 |
| Plaintiffs, | : | |
| | : | SECTION: L |
| -against- | : | |
| | : | JUDGE ELDONE E. FALLON |
| | : | |
| JANSSEN RESEARCH & | : | MAG. JUDGE MICHAEL NORTH |
| DEVELOPMENT, LLC, *et al.*, | : | |
| | : | Civil Action No.: 2:15-cv-04091 |
| Defendants. | : | (Severed from Lead Case |
| | : | No.: 2:15-cv-03202) |

**ANSWER OF DEFENDANTS JANSSEN PHARMACEUTICALS, INC.,
JANSSEN RESEARCH & DEVELOPMENT, LLC, JANSSEN ORTHO LLC AND
JOHNSON & JOHNSON AND AFFIRMATIVE DEFENSES**

Defendants Janssen Pharmaceuticals, Inc. ("JPI"), Janssen Research & Development,
LLC ("JRD"), and Janssen Ortho LLC ("Janssen Ortho") (collectively, the "Janssen
Defendants") and Johnson & Johnson (improperly named as Johnson & Johnson Company)
("J&J") hereby respond to Plaintiffs' Complaint as follows.

## <u>ANSWER TO COMPLAINT</u>

The Janssen Defendants and J&J deny each and every allegation, statement, matter and
thing contained in Plaintiffs' Complaint except as is hereinafter expressly admitted or averred.[1]

---

[1] Pursuant to Pre-Trial Order No. 11 ("PTO 11"), the Janssen Defendants and J&J file an individual answer to the
Complaint as to the claims of Plaintiff Donnie Atwood as Plaintiff Donnie Atwood has been selected as part of the
bellwether discovery pool. Pursuant to PTO 11, the Janssen Defendants and J&J's Omnibus Answer and Defenses is
deemed as the operative answer and defenses for the remaining plaintiffs named in the Complaint

1.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 1 and specifically deny that Xarelto® caused injuries to Plaintiff.

       b.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore deny them.

2.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 2 and specifically deny that Xarelto® caused injuries to Plaintiff.

       b.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore deny them.

3.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 3 and specifically deny that Xarelto® caused injuries to Plaintiff.

4.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 4 and specifically deny that Xarelto® caused injuries to Plaintiff.

b. The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore deny them.

5. a. The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 5 and specifically deny that Xarelto® caused injuries to Plaintiff.

b. The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore deny them.

6. a. The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 6 and specifically deny that Xarelto® caused injuries to Plaintiff.

7. a. The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 7 and specifically deny that Xarelto® caused injuries to Plaintiff.

8. a. The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 8 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny them.

9.      a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 9 and specifically deny that Xarelto® caused injuries to Plaintiff.

10.      a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 10 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 and therefore deny them.

11.      a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 11 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore deny them.

12.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 12 and specifically deny that Xarelto® caused injuries to Plaintiff.

13.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 13 and specifically deny that Xarelto® caused injuries to Plaintiff.

        b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore deny them.

14.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 14 and specifically deny that Xarelto® caused injuries to Plaintiff.

15.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 15 and specifically deny that Xarelto® caused injuries to Plaintiff.

16.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 16 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore deny them.

17.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 17 and specifically deny that Xarelto® caused injuries to Plaintiff.

18.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 18 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore deny them.

19.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 19 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore deny them.

20.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 20 and specifically deny that Xarelto® caused injuries to Plaintiff.

21.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 21 and specifically deny that Xarelto® caused injuries to Plaintiff.

22.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 22 and specifically deny that Xarelto® caused injuries to Plaintiff.

23.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 23 and specifically deny that Xarelto® caused injuries to Plaintiff.

        b.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny them.

24.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 24 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny them.

25.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 25 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore deny them.

26.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 26 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore deny them.

27.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 27 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore deny them.

28.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 28 and specifically deny that Xarelto® caused injuries to Plaintiff.\

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore deny them.

29.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 29 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore deny them.

30.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 30 and specifically deny that Xarelto® caused injuries to Plaintiff.

31.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are

denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 31 and specifically deny that Xarelto® caused injuries to Plaintiff.

32. a. The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 32 and specifically deny that Xarelto® caused injuries to Plaintiff.

 b. The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore deny them.

33. a. The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 33 and specifically deny that Xarelto® caused injuries to Plaintiff.

34. a. The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 34 and specifically deny that Xarelto® caused injuries to Plaintiff.

 b. The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore deny them.

35. a. The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are

denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 35 and specifically deny that Xarelto® caused injuries to Plaintiff.

36.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 36 and specifically deny that Xarelto® caused injuries to Plaintiff.

37.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 37 and specifically deny that Xarelto® caused injuries to Plaintiff.

38.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 38 and specifically deny that Xarelto® caused injuries to Plaintiff.

39.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 39 and specifically deny that Xarelto® caused injuries to Plaintiff.

40.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 40 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore deny them.

41.   a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 41 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore deny them.

42.   a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 42 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore deny them.

43.   a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 43 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny them.

44.      a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 44 and specifically deny that Xarelto® caused injuries to Plaintiff.

45.      a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 45 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore deny them.

46.      a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 46 and specifically deny that Xarelto® caused injuries to Plaintiff.

47.      a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 47 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore deny them.

48.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 48 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore deny them.

49.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 49 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore deny them.

50.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 50 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore deny them.

51.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 51 and specifically deny that Xarelto® caused injuries to Plaintiff.

52.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 52 and specifically deny that Xarelto® caused injuries to Plaintiff.

53.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 53 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore deny them.

54.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 54 and specifically deny that Xarelto® caused injuries to Plaintiff.

55.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 55 and specifically deny that Xarelto® caused injuries to Plaintiff.

56.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 56 and specifically deny that Xarelto® caused injuries to Plaintiff.

57.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 57 and specifically deny that Xarelto® caused injuries to Plaintiff.

58.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 58 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore deny them.

59.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 59 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore deny them.

60.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 60 and specifically deny that Xarelto® caused injuries to Plaintiff.

61.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 61 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore deny them.

62.    a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 62 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore deny them.

63.   a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 63 and specifically deny that Xarelto® caused injuries to Plaintiff.

64.   a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 64 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore deny them.

65.   a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 65 and specifically deny that Xarelto® caused injuries to Plaintiff.

66.   a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 66 and specifically deny that Xarelto® caused injuries to Plaintiff.

67.   a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 67 and specifically deny that Xarelto® caused injuries to Plaintiff.

68.    a.    The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 68 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.    The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore deny them.

69.    a.    The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 69 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.    The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore deny them.

70.    a.    The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 70 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.    The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore deny them.

71.    a.    The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are

19

denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 71 and specifically deny that Xarelto® caused injuries to Plaintiff.

72. a. The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 72 and specifically deny that Xarelto® caused injuries to Plaintiff.

73. a. The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 73 and specifically deny that Xarelto® caused injuries to Plaintiff.

b. The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore deny them.

74. a. The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants and J&J deny the remaining allegations in paragraph 74 and specifically deny that Xarelto® caused injuries to Plaintiff.

b. The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore deny them.

75. a. The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are

denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 75 and specifically deny that Xarelto® caused injuries to Plaintiff.

76.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 76 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore deny them.

77.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 77 and specifically deny that Xarelto® caused injuries to Plaintiff.

78.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 78 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.     The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 and therefore deny them.

79.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are

denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 79 and specifically deny that Xarelto® caused injuries to Plaintiff.

        b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore deny them.

80.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 80 and specifically deny that Xarelto® caused injuries to Plaintiff.

81.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 81 and specifically deny that Xarelto® caused injuries to Plaintiff.

        b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore deny them.

82.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 82 and specifically deny that Xarelto® caused injuries to Plaintiff.

83.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® and therefore these allegations are

denied.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 83 and specifically deny that Xarelto® caused injuries to Plaintiff.

b.      The Janssen Defendants and J&J are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore deny them.

## ANSWER TO DEFENDANTS

84.    The Janssen Defendants admit that JRD is a limited liability company existing under the laws of New Jersey and that JRD submitted the new drug applications ("NDAs") and supplemental new drug applications ("sNDAs") for Xarelto® to the FDA.  The Janssen defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in New Jersey. The Janssen Defendants and J&J deny all remaining allegations in paragraph 84.

85.    The Janssen Defendants admit that JRD is involved with research and development for Xarelto®.  The Janssen Defendants and J&J deny all remaining allegations in paragraph 85 of Plaintiffs' Complaint

86.    The Janssen Defendants admit that JRD submitted the new drug applications ("NDAs") and supplemental new drug applications ("sNDAs") for Xarelto® to the FDA.

87.    The Janssen Defendants admit that JRD did research, development and testing on Xarelto® whose FDA-approved indications speak for themselves.  The Janssen Defendants and J&J deny all remaining allegations in paragraph 87 of Plaintiffs' Complaint

88.    The Janssen Defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in Titusville, New Jersey.

89.     The Janssen Defendants admit that Xarelto® is a product of JPI in the United States.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 89 of Plaintiffs' Complaint.

90.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States and that its FDA-approved indications speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 90 of Plaintiffs' Complaint.

91.     The Janssen Defendants admit that Janssen Ortho is a Delaware limited liability company with its principal place of business in Puerto Rico.  The Janssen Defendants admit that the sole member of Janssen Ortho is OMJ PR Holdings, which is an Ireland corporation.  The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 91 of Plaintiffs' Complaint.

92.     The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 92 of Plaintiffs' Complaint.

93.     The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto® whose FDA-approved indications speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations contained in paragraph 93 of Plaintiffs' Complaint.

94.     J&J admits that Johnson & Johnson is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 94.

95.     The Janssen Defendants and J&J deny the allegations of paragraph 95 and specifically deny that J&J is involved in the research, development, sales or marketing of Xarelto®.

96.     The allegations of paragraph 96 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

97.     The allegations of paragraph 97 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

98.     The allegations of paragraph 98 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

99.     The allegations of paragraph 99 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

100.    The allegations of paragraph 100 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

101.    The allegations of paragraph 101 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

102.    The allegations of paragraph 102 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

103.    The allegations of paragraph 103 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

104.    The allegations of paragraph 104 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

105.    The allegations of paragraph 105 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

106.    The allegations of paragraph 106 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

107.    The allegations of paragraph 107 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

108.    The allegations of paragraph 108 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

109.    The allegations of paragraph 109 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

110.    The allegations of paragraph 110 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

111.    The allegations of paragraph 111 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

112.    The allegations of paragraph 112 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

113.    The allegations of paragraph 113 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

114.    The allegations of paragraph 114 are not directed to the Janssen Defendants or J&J; accordingly, no response is necessary.

115.    No allegations are included in paragraph 115; accordingly, no response is necessary.

116.    The Janssen Defendants and J&J deny the allegations in paragraph 116.

117.    The Janssen Defendants and J&J deny the allegations in paragraph 117.

118.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations in paragraph 118.

119.    The Janssen Defendants and J&J specifically deny that Plaintiffs are entitled to damages but admit that the Court's jurisdiction is based on diversity of citizenship.   The Janssen Defendants and J&J deny all remaining allegations contained in paragraph 119.

120.    The allegations in paragraph 120 of Plaintiffs' Complaint state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants admit that Janssen products are prescribed, used and sold in Mississippi but deny the remaining allegations contained in paragraph 46 of Plaintiffs' Complaint.

121.    The allegations in paragraph 121 of Plaintiffs' Complaint state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny them.

122.    The allegations in paragraph 122 of Plaintiffs' Complaint state conclusions of law to which no response is required.

123.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants admit that Plaintiffs have initiated actions in connection with alleged experiences with Xarelto®.   The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto® or as to Plaintiffs' alleged

injuries or losses.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 123 and further deny that Xarelto® caused any injuries to Plaintiffs.

124.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants also admit that the FDA-approved indications for Xarelto® are set forth in the package insert.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 124.

125.    The Janssen Defendants admit that Xarelto® was first approved by the FDA on July 1, 2011, for the prophylaxis of deep vein thrombosis (DVT) which may lead to pulmonary embolism (PE) in patients undergoing knee or hip replacement surgery.  The Janssen Defendants admit that Xarelto® is sometimes referred to as a new oral anticoagulant ("NOAC").  The Janssen Defendants and J&J deny the remaining allegations in paragraph 125.

126.    Because Plaintiffs' allegations regarding the safety and efficacy of warfarin (also known as Coumadin®) are vague and ambiguous, after reasonable investigation, the Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny them.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 126.

127.    The Janssen Defendants admit that Xarelto® is an oral anticoagulant and a selective inhibitor of Factor Xa.  The Janssen Defendants further admit that Xarelto® is available in 10mg, 15mg, and 20mg tablets by prescription.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 127.

128.    The Janssen Defendants admit that the FDA first approved Xarelto® on July 1, 2011 for the prophylaxis of deep vein thrombosis (DVT) which may lead to pulmonary embolism (PE) in patients undergoing knee or hip replacement surgery.

129.    The Janssen Defendants admit that Xarelto® was studied in the RECORD clinical trials.  The Janssen Defendants state that the publications in the New England Journal of Medicine and Lancet cited in paragraph 129 speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 129.

130.    The Janssen Defendants and J&J deny the allegations in paragraph 130.

131.    The Janssen Defendants admit that on November 4, 2011, the FDA approved Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The Janssen Defendants admit that Xarelto® was studied in the ROCKET AF clinical trial.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 131.

132.    The Janssen Defendants state that the results of the ROCKET AF clinical trial speak for themselves and that the publication in the New England Journal of Medicine cited in paragraph 132 speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 132.

133.    The Janssen Defendants state that the ROCKET AF trial was designed to compare once-daily oral rivaroxaban with dose-adjusted warfarin for the prevention of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 133.

134.    The Janssen Defendants and J&J deny the allegations in paragraph 134.

135.    The Janssen Defendants state that the FDA Draft Briefing Document cited in paragraph 135 speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 135.

136.    The Janssen Defendants state that correspondence from Public Citizen speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 136.

137.    The Janssen Defendants state that the FDA Draft Briefing Document cited in paragraph 137 speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 137.

138.    The Janssen Defendants state that the FDA Advisory Meeting Transcript cited in paragraph 138 speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 138.

139.    The Janssen Defendants state that the FDA's Summary Review speaks for itself. The Janssen Defendants and J&J deny the allegations in paragraph 139.

140.    The Janssen Defendants admit that, on November 2, 2012, the FDA approved Xarelto® for the treatment of deep vein thrombosis (DVT), pulmonary embolism (PE), and for the reduction in the risk of recurrence of DVT and of PE.

141.    The Janssen Defendants admit that Xarelto® was studied in the EINSTEIN DVT, EINSTEIN PE and EINSTEIN Extension clinical trials.  The Janssen Defendants state that the publications in the New England Journal of Medicine and Expert Review of Cardiovascular Therapy cited in paragraph 141 speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 141.

142.    The Janssen Defendants state that promotional materials and the website for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 142.

143.    The Janssen Defendants state that marketing materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 143.

144.    The Janssen Defendants state that marketing materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 144.

145.    The Janssen Defendants and J&J deny the allegations in paragraph 145.

146.    The Janssen Defendants state that publications issued by the Institute for Safe Medication Practices speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 146.

147.    The Janssen Defendants and J&J deny the allegations in paragraph 147.

148.    The Janssen Defendants admit that "[a] specific antidote for rivaroxaban is not available."  The Janssen Defendants further state that Xarelto®'s package inserts speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 148.

149.    The Janssen Defendants and J&J deny the allegations in paragraph 149.

150.    The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 150.

151.    The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 151.

152.    The Janssen Defendants state that the ISMP materials speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 152.

153.    The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 153.

154.    The Janssen Defendants state that reports received by German regulators speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 154.

155.    The Janssen Defendants and J&J deny the allegations in paragraph 155.

156.    The Janssen Defendants and J&J deny the allegations in paragraph 156, including the allegations in subparagraphs (a)-(r).

157.    The Janssen Defendants admit that the package insert for Xarelto® has changed since the medication was first approved for use in the United States by the FDA in July 2011. The Janssen Defendants and J&J deny the remaining allegations in paragraph 157.

158.    The Janssen Defendants and J&J deny the allegations in paragraph 158.

159.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159 and therefore deny those allegations.

160.    The Janssen Defendants and J&J deny the allegations in paragraph 160 as phrased and as incompletely and inaccurately presented.

161.    The Janssen Defendants and J&J deny the allegations in paragraph 161.

162.    The Janssen Defendants and J&J deny the allegations in paragraph 162.

163.    The Janssen Defendants state that Xarelto®'s website speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 163.

164.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 164 and therefore deny those allegations.

165.    The Janssen Defendants state that advertising materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 165.

166.    The Janssen Defendants and J&J deny the allegations in paragraph 166.

167.    The Janssen Defendants state that the correspondence from the Office of Prescription Drug Promotion speaks for itself.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 167.

168.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168 and therefore deny those allegations.

169.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169 with regard to what information unidentified prescribing physicians for Plaintiffs received and therefore deny those allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 169.

170.    The Janssen Defendants and J&J deny the allegations in paragraph 170.

171.    The Janssen Defendants state that the Xarelto® Medication Guide speaks for itself.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 171.

172.    The Janssen Defendants and J&J deny the allegations in paragraph 172.

173.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 173 with regard to what information unidentified prescribing physicians for Plaintiffs relied upon and whether or not Plaintiffs ingested Xarelto®

and therefore deny those allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 173.

174.    The Janssen Defendants and J&J deny the allegations in paragraph 174.

175.    The Janssen Defendants and J&J deny the allegations in paragraph 175.

176.    The Janssen Defendants and J&J deny the allegations in paragraph 176.

177.    The Janssen Defendants and J&J deny the allegations in paragraph 177.

178.    The Janssen Defendants and J&J deny the allegations in paragraph 178.

179.    The Janssen Defendants and J&J deny the allegations in paragraph 179.

180.    The Janssen Defendants and J&J deny the allegations in paragraph 180.

181.    The Janssen Defendants and J&J deny the allegations in paragraph 181.

182.    The Janssen Defendants and J&J deny the allegations in paragraph 182.

183.    The Janssen Defendants and J&J deny the allegations in paragraph 183.

## ANSWER TO COUNT 1

184.    In response to the allegations in paragraph 184, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 184.

185.    The Janssen Defendants and J&J deny the allegations in paragraph 185 and specifically deny that Xarelto® was defective.

186.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.   The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations in paragraph 186.

187.     The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not Xarelto® did in fact reach patients in that condition and therefore deny those allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 187.

188.     The Janssen Defendants and J&J deny the allegations in paragraph 188 and specifically deny that Xarelto® was defective.

189.     The Janssen Defendants and J&J deny the allegations in paragraph 189 and specifically deny that Xarelto® was defective.

190.     The Janssen Defendants and J&J deny the allegations in paragraph 190 and specifically deny that Xarelto® was defective.

191.     The Janssen Defendants and J&J deny the allegations in paragraph 191 and specifically deny that Xarelto® was defective.

192.     The Janssen Defendants and J&J deny the allegations in paragraph 192 and specifically deny that Xarelto® was defective.

193.     The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193 and therefore deny those allegations.

194.     The Janssen Defendants and J&J deny the allegations in paragraph 194 and specifically deny that Xarelto® was dangerous.

195.     The allegations in paragraph 195 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 195.

196.     The Janssen Defendants and J&J deny the allegations in paragraph 196 and specifically deny that Xarelto® was dangerous.

197.     The Janssen Defendants and J&J deny the allegations in paragraph 197 and specifically deny that Xarelto® was defective.

198.     The Janssen Defendants and J&J deny the allegations in paragraph 198 and specifically deny that Xarelto® was defective.

199.     The Janssen Defendants and J&J deny the allegations in paragraph 199 and specifically deny that Xarelto® was defective.

200.     The Janssen Defendants and J&J deny that Xarelto® was defective and deny the remaining allegations in paragraph 200.

201.     The Janssen Defendants and J&J deny the allegations in paragraph 201 and specifically deny that Xarelto® was defective.

202.     The Janssen Defendants and J&J deny the allegations in paragraph 202 and specifically deny that Xarelto® was defective.

203.     The Janssen Defendants and J&J deny the allegations in paragraph 203 and specifically deny that Xarelto® was defective.

204.     The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 204 and therefore deny those allegations.

205.     The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205 and therefore deny those allegations.

206.     The Janssen Defendants and J&J deny the allegations in paragraph 206, including the allegations in subparagraphs (a)-(f).

207.     The Janssen Defendants and J&J deny the allegations in paragraph 207 and specifically deny that Xarelto® was defective.

208.     The Janssen Defendants and J&J deny the allegations in paragraph 208 and specifically deny that Xarelto® was defective.

209.     The Janssen Defendants and J&J deny the allegations in paragraph 209 and specifically deny that Xarelto® was defective.

210.     The Janssen Defendants and J&J deny the allegations in paragraph 210.

211.     The Janssen Defendants and J&J deny the allegations in paragraph 211.

## ANSWER TO COUNT II

212.     In response to the allegations in paragraph 212, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 212.

213.     The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants and J&J deny the remaining allegations in paragraph 213.

214.     The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or

not Xarelto® did in fact reach patients in that condition and therefore deny those allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 214.

215.    The Janssen Defendants and J&J deny the allegations in paragraph 215 and specifically deny that Xarelto® was defective.

216.    The Janssen Defendants and J&J deny the allegations in paragraph 216.

217.    The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not Xarelto® did in fact reach patients in that condition and therefore deny those allegations. The Janssen Defendants and J&J deny the remaining allegations in paragraph 217.

218.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218 and therefore deny those allegations.

219.    The Janssen Defendants and J&J deny the allegations in paragraph 219.

## ANSWER TO COUNT III

220.    In response to the allegations in paragraph 220, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 220.

221.    The Janssen Defendants and J&J deny the allegations in paragraph 221.

222.    The Janssen Defendants and J&J deny the allegations in paragraph 222.

223.    The Janssen Defendants and J&J deny the allegations in paragraph 223 and specifically deny that Xarelto® was defective.

224.     The Janssen Defendants and J&J deny the allegations in paragraph 224 and specifically deny that Xarelto® was defective.

225.     The Janssen Defendants and J&J deny the allegations in paragraph 225 and specifically deny that Xarelto® was defective.

226.     The Janssen Defendants and J&J deny the allegations in paragraph 226.

227.     The Janssen Defendants and J&J deny the allegations in paragraph 227.

228.     The Janssen Defendants and J&J deny the allegations in paragraph 228.

229.     The Janssen Defendants and J&J deny the allegations in paragraph 229.

230.     The Janssen Defendants and J&J deny the allegations in paragraph 230.

231.     The Janssen Defendants and J&J deny the allegations in paragraph 231.

232.     The Janssen Defendants and J&J deny the allegations in paragraph 232.

233.     The Janssen Defendants and J&J deny the allegations in paragraph 233.

234.     The Janssen Defendants and J&J deny the allegations in paragraph 234.

235.     The Janssen Defendants and J&J deny the allegations in paragraph 235.

236.     The Janssen Defendants and J&J deny the allegations in paragraph 236.

237.     The Janssen Defendants and J&J deny the allegations in paragraph 237.

**ANSWER TO COUNT IV**

238.     In response to the allegations in paragraph 238, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 238.

239.    The allegations in paragraph 239 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 239.

240.    The Janssen Defendants and J&J deny the allegations in paragraph 240.

241.    The Janssen Defendants and J&J deny the allegations in paragraph 241.

242.    The Janssen Defendants and J&J deny the allegations in paragraph 242.

243.    The Janssen Defendants state that the package inserts for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the allegations in paragraph 243.

244.    The Janssen Defendants and J&J deny the allegations in paragraph 244 and specifically deny that Xarelto® was defective.

245.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245 and therefore deny those allegations.

246.    The Janssen Defendants and J&J deny that Xarelto® was defective and deny the remaining allegations in paragraph 246.

247.    The allegations in paragraph 247 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 247 as stated.

248.    The Janssen Defendants and J&J deny the allegations in paragraph 248.

249.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs and unidentified physicians relied upon.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 249.

250.     The allegations in paragraph 250 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 250.

251.     The Janssen Defendants and J&J deny the allegations in paragraph 251.

252.     The Janssen Defendants and J&J deny the allegations in paragraph 252.

253.     The Janssen Defendants and J&J deny the allegations in paragraph 253.

## ANSWER TO COUNT V

254.     In response to the allegations in paragraph 254, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 254.

255.     The allegations in paragraph 255 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 255.

256.     The Janssen Defendants and J&J deny the allegations in paragraph 256.

257.     The Janssen Defendants and J&J deny the allegations in paragraph 257, including the allegations in subparagraphs (a) through (w).

258.     The Janssen Defendants and J&J deny the allegations in paragraph numbered 258.

259.     The Janssen Defendants and J&J deny the allegations in paragraph numbered 259.

260.     The Janssen Defendants and J&J deny the allegations in paragraph numbered 260, including the allegations in subparagraphs (a) through (h).

261.     The Janssen Defendants and J&J deny the allegations in paragraph 261.

262.     The Janssen Defendants and J&J deny the allegations in paragraph 262.

263.    The Janssen Defendants and J&J deny the allegations in paragraph 263.

264.    The Janssen Defendants and J&J deny the allegations in paragraph 264.

265.    The Janssen Defendants and J&J deny the allegations in paragraph 265.

**ANSWER TO COUNT VI**

266.    In response to the allegations in paragraph 266, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 266.

267.    The allegations in paragraph 267 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves.

268.    The Janssen Defendants and J&J deny the allegations in paragraph 268.

269.    The allegations in paragraph 269 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 269.

270.    The allegations in paragraph 270 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 270.

271.    The Janssen Defendants and J&J deny the allegations in paragraph 271.

272.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs and unidentified physicians relied upon.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 272.

273.    The Janssen Defendants and J&J deny the allegations in paragraph 273.

274.    The Janssen Defendants and J&J deny the allegations in paragraph 274, including the allegations in subparagraphs (a) through (d).

275.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiffs relied upon and therefore deny these allegations.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 275.

276.    The Janssen Defendants and J&J deny the allegations in paragraph 276 and specifically deny that Xarelto® was defective.

277.    The Janssen Defendants and J&J deny the allegations in paragraph 277.

278.    The Janssen Defendants and J&J deny the allegations in paragraph 278.

## ANSWER TO COUNT VII

279.    In response to the allegations in paragraph 279, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 279.

280.    The allegations in paragraph 280 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 280 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

43

281.     The allegations in paragraph 281 state conclusions of law to which no response is required.   To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 281.

282.     The Janssen Defendants and J&J deny the allegations in paragraph 282.

283.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiffs relied upon and therefore deny these allegations in paragraph 283.   The Janssen Defendants and J&J state that the package inserts for Xarelto® speak for themselves. The Janssen Defendants and J&J deny the remaining allegations in paragraph 283.

284.     The Janssen Defendants and J&J deny the allegations in paragraph 284

285.     The Janssen Defendants and J&J deny the allegations in paragraph 285.

## ANSWER TO COUNT VIII

286.     In response to the allegations in paragraph 286, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 286.

287.     The Janssen Defendants and J&J deny the allegations in paragraph 287.

288.     The Janssen Defendants and J&J deny the allegations in paragraph 288.

289.     The Janssen Defendants and J&J deny the allegations in paragraph 289.

290.     The Janssen Defendants and J&J deny the allegations in paragraph 290.

291.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiffs relied upon and therefore deny these allegations.   The Janssen Defendants and J&J deny the remaining allegations in paragraph 291.

292.     The Janssen Defendants and J&J deny the allegations in paragraph 292.

## ANSWER TO COUNT IX

293.    In response to the allegations in paragraph 293, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 293.

294.    The Janssen Defendants and J&J deny the allegations in paragraph 294.

295.    The Janssen Defendants and J&J deny the allegations in paragraph 295.

296.    The Janssen Defendants and J&J deny the allegations in paragraph 296.

297.    The Janssen Defendants and J&J deny the allegations in paragraph 297.

298.    The Janssen Defendants and J&J deny the allegations in paragraph 298.

299.    The Janssen Defendants and J&J deny the allegations in paragraph 299 and specifically deny that Xarelto® was defective.

300.    The Janssen Defendants and J&J deny the allegations in paragraph 300.

301.    The Janssen Defendants and J&J deny the allegations in paragraph 301.

302.    The Janssen Defendants and J&J deny the allegations in paragraph 302.

303.    The Janssen Defendants and J&J deny the allegations in paragraph 303.

304.    The Janssen Defendants and J&J deny the allegations in paragraph 304.

305.    The Janssen Defendants and J&J deny the allegations in paragraph 305.

306.    The Janssen Defendants and J&J deny the allegations in paragraph 306.

307.    The Janssen Defendants and J&J deny the allegations in paragraph 307.

308.    The Janssen Defendants and J&J deny the allegations in paragraph 308.

309.    The Janssen Defendants and J&J deny the allegations in paragraph 309.

310.    The Janssen Defendants and J&J deny the allegations in paragraph 310.

311.    The Janssen Defendants state that advertising materials for Xarelto® speak for themselves.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 311.

312.    The Janssen Defendants and J&J deny the allegations in paragraph 312.

313.    The allegations in paragraph 313 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants and J&J deny the allegations in paragraph 313 to the extent they seek to impose obligations on the Janssen Defendants or J&J beyond those required by law.

314.    The Janssen Defendants and J&J deny the allegations in paragraph 314.

315.    The Janssen Defendants and J&J deny the allegations in paragraph 315.

316.    The Janssen Defendants and J&J deny the allegations in paragraph 316.

## ANSWER TO COUNT X

317.    In response to the allegations in paragraph 317, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 317.

318.    The Janssen Defendants and J&J deny the allegations in paragraph 318.

319.    The Janssen Defendants and J&J deny the allegations in paragraph 319, including the allegations in subparagraphs (a) through (c).

320.    The Janssen Defendants and J&J deny the allegations in paragraph 320.

321.    The Janssen Defendants and J&J deny the allegations in paragraph 321.

322.    The Janssen Defendants and J&J deny the allegations in paragraph 322.

323.    The Janssen Defendants and J&J deny the allegations in paragraph 323.

324.    The Janssen Defendants and J&J deny the allegations in paragraph 324.

## ANSWER TO COUNT XI

325.    In response to the allegations in paragraph 325, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 325.

326.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 326 and therefore deny these allegations.

327.    The Janssen Defendants and J&J deny the allegations in paragraph 327.

328.    The Janssen Defendants and J&J deny the allegations in paragraph 328.

329.    The Janssen Defendants and J&J deny the allegations in paragraph 329.

330.    The Janssen Defendants and J&J deny the allegations in paragraph 330.

331.    The Janssen Defendants and J&J deny the allegations in paragraph 331.

## ANSWER TO COUNT XII

332.    In response to the allegations in paragraph 332, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 332.

333.    The Janssen Defendants and J&J lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 333 and therefore deny them.

334.    The Janssen Defendants and J&J deny the allegations in paragraph 334.

335.    The Janssen Defendants and J&J deny the allegations in paragraph 335.

## ANSWER TO COUNT XIII

336.     In response to the allegations in paragraph 336, the Janssen Defendants and J&J restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants and J&J deny the remaining allegations in paragraph 336.

337.     The Janssen Defendants and J&J deny the allegations in paragraph 337.

338.     The Janssen Defendants and J&J deny the allegations in paragraph 338.

339.     The Janssen Defendants and J&J deny the allegations in paragraph 339.

**WHEREFORE,** the Janssen Defendants and J&J deny that that Plaintiffs are entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

The Janssen Defendants and J&J reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. By asserting the following affirmative defenses, the Janssen Defendants and J&J do not allege or admit that they have the burden of proof or the burden of persuasion with respect to any of these matters.  Further answering, and by way of affirmative defenses, the Janssen Defendants and J&J state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate such damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries attributable to the use of the products at issue in this case, if any, were not caused by the products at issue, but instead were caused by intervening and superseding causes or circumstances.

## FOURTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J did not make to Plaintiff nor did they breach any express or implied warranties and/or breach any warranties created by law.  To the extent that Plaintiff relied on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with the Defendants and/or for failure of Plaintiff, or Plaintiff's representatives, to give timely notice to the Janssen Defendants and J&J of any alleged breach of warranty.  The Janssen Defendants and J&J further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future.

## FIFTH AFFIRMATIVE DEFENSE

At the time of sale or delivery, the products conformed to state-of-the-art for such products at that time.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred by the applicable statutes of limitation and/or prescriptive periods.

## SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons over whom the Janssen Defendants and J&J have no control or right of control.

49

## EIGHTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that recovery of punitive or exemplary damages in this case would violate the constitutional rights of the Janssen Defendants and J&J to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States and similar protections afforded by the Mississippi and New Jersey state constitutions, and any other state whose law is deemed to apply in this case, and that any law of the states of Mississippi or New Jersey law, whether enacted by that state's legislature or founded upon a decision or decisions of the courts, or that of any other state whose law is deemed to apply in this case, that would permit recovery of punitive or exemplary damages, is unconstitutional under these provisions.

## NINTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants and J&J is unconstitutional in that the standards for granting and asserting punitive or exemplary damages do not prohibit other Plaintiff from seeking and recovering such damages against the Janssen Defendants and J&J for the same allegations of defect in the same products, and as such constitute multiple punishments for the same alleged conduct resulting in deprivation of the Janssen Defendants' and J&J's property without due process of law and will result in unjustified windfalls for Plaintiff and Plaintiff's counsel, in violation of the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar protections afforded by the Mississippi and New Jersey state constitutions, and that of any other state whose law is deemed to apply in this case.

## TENTH AFFIRMATIVE DEFENSE

50

Any claim for punitive damages against the Janssen Defendants and J&J cannot be maintained because an award of punitive damages under current Mississippi and New Jersey law, and any other state's law deemed to apply to this action, would be void for vagueness, both facially and as applied.  Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Eighth and Fourteenth Amendments to the United States Constitution, the due process provisions of the Mississippi and New Jersey state constitutions, and the common law and public policies of the states of Mississippi and New Jersey, and similar protections afforded by any other state whose law is deemed to apply in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the laws of Mississippi and New Jersey, and any other state whose law is deemed to apply in this case, permit punishment to be measured by the net worth or financial status of the Janssen Defendants and J&J and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of the Janssen Defendants and J&J in other states, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the

51

Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, the state laws and constitutional provisions of Mississippi and New Jersey, and similar protections afforded by any other state whose law is deemed to apply in this case.

## TWELFTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants and J&J is governed by the law of the State of New Jersey.  The Janssen Defendants are entitled to the protections and limitations afforded under the New Jersey Punitive Damages Act, N.J.S.A. §§ 2A:15-5.9, *et seq.* and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries are a result of a pre-existing and/or unrelated medical condition for which Defendants are not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the Joint Tortfeasors Laws of any state whose law is deemed to apply.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Defendants' product is unsafe in any way, it is unavoidably unsafe.  Plaintiff's purported action is, therefore, barred by Comment K of §402A of the Restatement (Second) of Torts and/or other applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, with the exception of Plaintiff's claims for punitive damages, are governed by the law of the home state of Plaintiff, i.e., Mississippi.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Janssen Defendants and J&J are entitled to, and claims the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute in Plaintiff's alleged state of citizenship and residence, and any other state whose law is deemed to apply in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by the prescription medicine alleged to be at issue here, which is denied, the injuries are the result of an idiosyncratic reaction to the products.

## TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to plead allegations of fraud, mistake, or deception with the specificity or detail required.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of informed consent, assumption of risk, release, and waiver. Additionally, if Plaintiff had or has filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for bankruptcy at some point in the future, the claims of Plaintiff may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiff on the schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries or damages sustained, if any, were caused in whole or part by Plaintiff's own negligence, and accordingly, Plaintiff are barred in whole or in part, from recovery.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Janssen Defendants and J&J hereby give notice that they intend to rely upon and incorporate by reference any affirmative defenses that are asserted in their Omnibus Answer or by any co-defendant in this lawsuit.

54

## <u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

The Janssen Defendants and J&J reserve their rights to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

**WHEREFORE,** the Janssen Defendants and J&J demand judgment in their favor dismissing the Complaint with prejudice and for such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson request a trial by jury on all issues so triable.

Respectfully Submitted:

DRINKER BIDDLE & REATH LLP

By: /s/ Susan M. Sharko
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ James B. Irwin
James B. Irwin
Kim E. Moore
IRWIN FRITCHIE URQUHART
& MOORE LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2120
jirwin@irwinllc.com


**Attorneys for Defendants Janssen**
**Pharmaceuticals, Inc., Janssen Research &**
**Development, LLC, Janssen Ortho LLC and**
**Johnson & Johnson**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiffs counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17


/s/ James B. Irwin
**James B. Irwin**