# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | |
| CONNIE ALLEN, *et al.*, | : | |
| | : | MDL NO. 2592 |
| Plaintiffs, | : | |
| | : | SECTION L |
| -against- | : | |
| | : | JUDGE FALLON |
| | : | |
| JANSSEN RESEARCH & | : | MAG. JUDGE NORTH |
| DEVELOPMENT, LLC, *et al.*, | : | |
| | : | Civil Action No.: 2:15-cv-05282 |
| Defendants. | : | (Severed from lead case |
| | : | No. 2:15-cv-04126) |

## AMENDED ANSWER OF DEFENDANTS JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, AND JANSSEN ORTHO LLC AND AFFIRMATIVE DEFENSES

Defendants Janssen Pharmaceuticals, Inc. ("JPI"), Janssen Research & Development, LLC ("JRD"), and Janssen Ortho LLC ("Janssen Ortho") (collectively, the "Janssen Defendants") hereby respond to Plaintiffs' Complaint as follows

## ANSWER TO COMPLAINT

The Janssen Defendants deny each and every allegation, statement, matter and thing contained in Plaintiffs' Complaint except as is hereinafter expressly admitted or averred.[1]

---

[1] Pursuant to Pre-Trial Order No. 11 ("PTO 11"), the Janssen Defendants file an individual answer to the Complaint as to the claims of Plaintiff Mary McKee as Plaintiff Mary McKee has been selected as part of the bellwether discovery pool. Pursuant to PTO 11, the Janssen Defendants' Omnibus Answer and Defenses is deemed as the operative answer and defenses for the remaining plaintiffs named in the Complaint.

## ANSWER TO PLAINTIFF SPECIFIC ALLEGATIONS

1.      a,      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 1 and specifically deny that Xarelto® caused injuries to Plaintiff.

2.      a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 2 and specifically deny that Xarelto® caused injuries to Plaintiff.

3.      a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 3 and specifically deny that Xarelto® caused injuries to Plaintiff.

4.      a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 4 and specifically deny that Xarelto® caused injuries to Plaintiff.

5.      a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 5 and specifically deny that Xarelto® caused injuries to Plaintiff.

6.      a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are

denied.  The Janssen Defendants deny the remaining allegations in paragraph 6 and specifically deny that Xarelto® caused injuries to Plaintiff.

7.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 7 and specifically deny that Xarelto® caused injuries to Plaintiff.

8.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 8 and specifically deny that Xarelto® caused injuries to Plaintiff.

9.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 9 and specifically deny that Xarelto® caused injuries to Plaintiff.

10.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 10 and specifically deny that Xarelto® caused injuries to Plaintiff.

11.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 11 and specifically deny that Xarelto® caused injuries to Plaintiff.

12.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 12 and specifically deny that Xarelto® caused injuries to Plaintiff.

13.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 13 and specifically deny that Xarelto® caused injuries to Plaintiff.

14.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 14 and specifically deny that Xarelto® caused injuries to Plaintiff.

15.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 15 and specifically deny that Xarelto® caused injuries to Plaintiff.

16.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 16 and specifically deny that Xarelto® caused injuries to Plaintiff.

17.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are

denied.  The Janssen Defendants deny the remaining allegations in paragraph 17 and specifically deny that Xarelto® caused injuries to Plaintiff.

18.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 18 and specifically deny that Xarelto® caused injuries to Plaintiff.

19.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 19 and specifically deny that Xarelto® caused injuries to Plaintiff.

20.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 20 and specifically deny that Xarelto® caused injuries to Plaintiff.

21.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 21 and specifically deny that Xarelto® caused injuries to Plaintiff.

22.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 22 and specifically deny that Xarelto® caused injuries to Plaintiff.

23.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 23 and specifically deny that Xarelto® caused injuries to Plaintiff.

24.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 24 and specifically deny that Xarelto® caused injuries to Plaintiff.

25.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 25 and specifically deny that Xarelto® caused injuries to Plaintiff.

26.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 26 and specifically deny that Xarelto® caused injuries to Plaintiff.

27.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 27 and specifically deny that Xarelto® caused injuries to Plaintiff.

28.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are

denied.  The Janssen Defendants deny the remaining allegations in paragraph 28 and specifically deny that Xarelto® caused injuries to Plaintiff.

29.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 29 and specifically deny that Xarelto® caused injuries to Plaintiff.

30.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 30 and specifically deny that Xarelto® caused injuries to Plaintiff.

31.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 31 and specifically deny that Xarelto® caused injuries to Plaintiff.

32.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 32 and specifically deny that Xarelto® caused injuries to Plaintiff.

33.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 33 and specifically deny that Xarelto® caused injuries to Plaintiff.

34.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 34 and specifically deny that Xarelto® caused injuries to Plaintiff.

35.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 35 and specifically deny that Xarelto® caused injuries to Plaintiff.

36.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 36 and specifically deny that Xarelto® caused injuries to Plaintiff.

37.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 37 and specifically deny that Xarelto® caused injuries to Plaintiff.

38.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 38 and specifically deny that Xarelto® caused injuries to Plaintiff.

39.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are

denied.  The Janssen Defendants deny the remaining allegations in paragraph 39 and specifically deny that Xarelto® caused injuries to Plaintiff.

40.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 40 and specifically deny that Xarelto® caused injuries to Plaintiff.

41.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 41 and specifically deny that Xarelto® caused injuries to Plaintiff.

42.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 42 and specifically deny that Xarelto® caused injuries to Plaintiff.

43.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 43 and specifically deny that Xarelto® caused injuries to Plaintiff.

44.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 44 and specifically deny that Xarelto® caused injuries to Plaintiff.

45.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 45 and specifically deny that Xarelto® caused injuries to Plaintiff.

46.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 46 and specifically deny that Xarelto® caused injuries to Plaintiff.

47.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 47 and specifically deny that Xarelto® caused injuries to Plaintiff.

48.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 48 and specifically deny that Xarelto® caused injuries to Plaintiff.

49.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 49 and specifically deny that Xarelto® caused injuries to Plaintiff.

50.     a.      The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are

denied.  The Janssen Defendants deny the remaining allegations in paragraph 50 and specifically deny that Xarelto® caused injuries to Plaintiff.

51.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 51 and specifically deny that Xarelto® caused injuries to Plaintiff.

52.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 52 and specifically deny that Xarelto® caused injuries to Plaintiff.

53.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 53 and specifically deny that Xarelto® caused injuries to Plaintiff.

54.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 54 and specifically deny that Xarelto® caused injuries to Plaintiff.

55.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 55 and specifically deny that Xarelto® caused injuries to Plaintiff.

56.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants deny the remaining allegations in paragraph 56 and specifically deny that Xarelto® caused injuries to Plaintiff.

57.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants deny the remaining allegations in paragraph 57 and specifically deny that Xarelto® caused injuries to Plaintiff.

58.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants deny the remaining allegations in paragraph 58 and specifically deny that Xarelto® caused injuries to Plaintiff.

59.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants deny the remaining allegations in paragraph 59 and specifically deny that Xarelto® caused injuries to Plaintiff.

60.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied. The Janssen Defendants deny the remaining allegations in paragraph 60 and specifically deny that Xarelto® caused injuries to Plaintiff.

61.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are

denied.  The Janssen Defendants deny the remaining allegations in paragraph 61 and specifically deny that Xarelto® caused injuries to Plaintiff.

62.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 62 and specifically deny that Xarelto® caused injuries to Plaintiff.

63.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 63 and specifically deny that Xarelto® caused injuries to Plaintiff.

64.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 64 and specifically deny that Xarelto® caused injuries to Plaintiff.

65.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 65 and specifically deny that Xarelto® caused injuries to Plaintiff.

66.     a.     The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's alleged use of Xarelto® and therefore these allegations are denied.  The Janssen Defendants deny the remaining allegations in paragraph 66 and specifically deny that Xarelto® caused injuries to Plaintiff.

67.     The Janssen Defendants admit that JRD is a limited liability company existing under the laws of New Jersey and that JRD submitted the new drug applications ("NDAs") and supplemental new drug applications ("sNDAs") for Xarelto® to the FDA.   The Janssen defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in Titusville, New Jersey. The Janssen Defendants deny all remaining allegations in paragraph 67.

68.     The Janssen Defendants admit that JRD is involved with research and development for Xarelto®.  The Janssen Defendants deny all remaining allegations in paragraph 68 of Plaintiffs' Complaint.

69.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the States of Alabama, Arkansas, Arizona, California, Colorado, Florida, Georgia, Hawaii, Idaho, Kentucky, Louisiana, Michigan, Missouri, Mississippi, Montana, North Carolina, Nebraska, New Mexico, New York, Ohio, Oklahoma, Oregon and South Carolina. The Janssen Defendants deny the remaining allegations in paragraph 69 of Plaintiffs' Complaint.

70.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the States of Alabama, Arkansas, Arizona, California, Colorado, Florida, Georgia, Hawaii, Idaho, Kentucky, Louisiana, Michigan, Missouri, Mississippi, Montana, North Carolina, Nebraska, New Mexico, New York, Ohio, Oklahoma, Oregon and South Carolina. The Janssen Defendants deny the remaining allegations in paragraph 70 of Plaintiffs' Complaint.

71.     The Janssen Defendants deny the allegations in paragraph 71 of Plaintiffs' Complaint.

72.    The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants deny all remaining allegations in paragraph 72 of Plaintiffs' Complaint.

73.    The Janssen Defendants admit that JPI is a Pennsylvania corporation with its principal place of business located in Titusville, New Jersey.

74.    The Janssen Defendants admit that Xarelto® is a product of JPI in the United States.  The Janssen Defendants deny the remaining allegations contained in paragraph 74 of Plaintiffs' Complaint.

75.    The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the States of Alabama, Arkansas, Arizona, California, Colorado, Florida, Georgia, Hawaii, Idaho, Kentucky, Louisiana, Michigan, Missouri, Mississippi, Montana, North Carolina, Nebraska, New Mexico, New York, Ohio, Oklahoma, Oregon and South Carolina. The Janssen Defendants deny the remaining allegations in paragraph 75 of Plaintiffs' Complaint.

76.    The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the States of Alabama, Arkansas, Arizona, California, Colorado, Florida, Georgia, Hawaii, Idaho, Kentucky, Louisiana, Michigan, Missouri, Mississippi, Montana, North Carolina, Nebraska, New Mexico, New York, Ohio, Oklahoma, Oregon and South Carolina. The Janssen Defendants deny the remaining allegations in paragraph 76 of Plaintiffs' Complaint.

77.    The Janssen Defendants deny the allegations in paragraph 77 of Plaintiffs' Complaint.

78.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants deny the remaining allegations in paragraph 78 of Plaintiffs' Complaint.

15

79.     The Janssen Defendants admit that Janssen Ortho is a Delaware limited liability company with its principal place of business in Puerto Rico.  The Janssen Defendants admit that the sole member of Janssen Ortho is OMJ PR Holdings, which is an Ireland corporation.  The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants deny the remaining allegations in paragraph 79 of Plaintiffs' Complaint.

80.     The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants deny the remaining allegations contained in paragraph 80 of Plaintiffs' Complaint.

81.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the States of Alabama, Arkansas, Arizona, California, Colorado, Florida, Georgia, Hawaii, Idaho, Kentucky, Louisiana, Michigan, Missouri, Mississippi, Montana, North Carolina, Nebraska, New Mexico, New York, Ohio, Oklahoma, Oregon and South Carolina. The Janssen Defendants deny the remaining allegations in paragraph 81 of Plaintiffs' Complaint.

82.     The Janssen Defendants admit that Janssen products are prescribed, sold, and used in the States of Alabama, Arkansas, Arizona, California, Colorado, Florida, Georgia, Hawaii, Idaho, Kentucky, Louisiana, Michigan, Missouri, Mississippi, Montana, North Carolina, Nebraska, New Mexico, New York, Ohio, Oklahoma, Oregon and South Carolina. The Janssen Defendants deny the remaining allegations in paragraph 82 of Plaintiffs' Complaint.

83.     The Janssen Defendants deny the allegations in paragraph 83 of Plaintiffs' Complaint.

84.     The Janssen Defendants admit that Janssen Ortho manufactures finished product of Xarelto®.  The Janssen Defendants deny the remaining allegations contained in paragraph 84 of Plaintiffs' Complaint.

85.     The allegations of paragraph 85 are not directed to the Janssen Defendants; accordingly, no response is necessary.

86.     The allegations of paragraph 86 are not directed to the Janssen Defendants; accordingly, no response is necessary.

87.     The allegations of paragraph 87 are not directed to the Janssen Defendants; accordingly, no response is necessary.

88.     The allegations of paragraph 88 are not directed to the Janssen Defendants; accordingly, no response is necessary.

89.     The allegations of paragraph 89 are not directed to the Janssen Defendants; accordingly, no response is necessary.

90.     The allegations of paragraph 90 are not directed to the Janssen Defendants; accordingly, no response is necessary.

91.     The allegations of paragraph 91 are not directed to the Janssen Defendants; accordingly, no response is necessary.

92.     The allegations of paragraph 92 are not directed to the Janssen Defendants; accordingly, no response is necessary.

93.     The allegations of paragraph 93 are not directed to the Janssen Defendants; accordingly, no response is necessary.

94.     The allegations of paragraph 94 are not directed to the Janssen Defendants; accordingly, no response is necessary.

95.     The allegations of paragraph 95 are not directed to the Janssen Defendants; accordingly, no response is necessary.

96.     The allegations of paragraph 96 are not directed to the Janssen Defendants; accordingly, no response is necessary.

97.     The allegations of paragraph 97 are not directed to the Janssen Defendants; accordingly, no response is necessary.

98.     The allegations of paragraph 98 are not directed to the Janssen Defendants; accordingly, no response is necessary.

99.     The allegations of paragraph 99 are not directed to the Janssen Defendants; accordingly, no response is necessary.

100.    The allegations of paragraph 100 are not directed to the Janssen Defendants; accordingly, no response is necessary.

101.    The allegations of paragraph 101 are not directed to the Janssen Defendants; accordingly, no response is necessary.

102.    The allegations of paragraph 102 are not directed to the Janssen Defendants; accordingly, no response is necessary.

103.    The allegations of paragraph 103 are not directed to the Janssen Defendants; accordingly, no response is necessary.

104.    The allegations of paragraph 104 are not directed to the Janssen Defendants; accordingly, no response is necessary.

105.    The allegations of paragraph 105 are not directed to the Janssen Defendants; accordingly, no response is necessary.

106.    The allegations of paragraph 106 are not directed to the Janssen Defendants; accordingly, no response is necessary.

107.    The allegations of paragraph 107 are not directed to the Janssen Defendants; accordingly, no response is necessary.

108.    The allegations of paragraph 108 are not directed to the Janssen Defendants; accordingly, no response is necessary.

109.    The allegations of paragraph 109 are not directed to the Janssen Defendants; accordingly, no response is necessary.

110.    The allegations of paragraph 110 are not directed to the Janssen Defendants; accordingly, no response is necessary.

111.    The allegations of paragraph 111 are not directed to the Janssen Defendants; accordingly, no response is necessary.

112.    The allegations of paragraph 112 are not directed to the Janssen Defendants; accordingly, no response is necessary.

113.    The allegations of paragraph 113 are not directed to the Janssen Defendants; accordingly, no response is necessary.

114.    The allegations of paragraph 114 are not directed to the Janssen Defendants; accordingly, no response is necessary.

115.    The allegations of paragraph 115 are not directed to the Janssen Defendants; accordingly, no response is necessary.

116.    The allegations of paragraph 116 are not directed to the Janssen Defendants; accordingly, no response is necessary.

117.    The allegations of paragraph 117 are not directed to the Janssen Defendants; accordingly, no response is necessary.

118.    The allegations of paragraph 118 are not directed to the Janssen Defendants; accordingly, no response is necessary.

119.    The Janssen Defendants admit that Plaintiffs have initiated this action in connection with alleged experiences with Xarelto®.  The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto®. The Janssen Defendants deny the remaining allegations in paragraph 119 and further deny that Xarelto® caused any injuries to Plaintiffs.

120.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants deny the remaining allegations of paragraph 120 of Plaintiffs' Complaint.

121.    The Janssen Defendants and J&J specifically deny that Plaintiffs are entitled to damages but admit that the Court's jurisdiction is based on diversity of citizenship.  The Janssen Defendants and J&J deny all remaining allegations contained in paragraph 121.

122.    The allegations in paragraph 122 of Plaintiffs' Complaint state conclusions of law to which no response is required.

123.    The allegations in paragraph 123 of Plaintiffs' Complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants admit that Janssen products are sold in the United States.  The Janssen Defendants deny the remaining allegations contained in paragraph 123 of Plaintiffs' Complaint and further deny that Xarelto® caused any injuries to Plaintiffs.

124. The allegations in paragraph 124 of Plaintiffs' Complaint state conclusions of law to which no response is required.

125. The Janssen Defendants admit that Plaintiffs brought an action in connection with Plaintiffs' alleged experience with Xarelto®. The Janssen Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' alleged use of Xarelto®. The Janssen Defendants state that the FDA-approved indications for Xarelto® speak for themselves. The Janssen Defendants deny the remaining allegations contained in paragraph 125 of Plaintiffs' Complaint.

126. To the extent the allegations in paragraph 126 are directed to the Janssen Defendants, the Janssen Defendants admit that Xarelto® is the product of JPI in the United States. The Janssen Defendants admit that JRD did research, development and testing on Xarelto®. The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants deny the remaining allegations of paragraph 126 of Plaintiffs' Complaint.

127. The Janssen Defendants deny the allegations in paragraph 127 of Plaintiffs' Complaint.

128. The Janssen Defendants deny the allegations in paragraph 128 of Plaintiffs' Complaint and specifically deny that Xarelto® is defective.

129. The Janssen Defendants deny the allegations in paragraph 129 of Plaintiffs' Complaint.

130. The Janssen Defendants deny the allegations in paragraph 130 of Plaintiffs' Complaint.

21

131.    The Janssen Defendants deny the allegations in paragraph 131 of Plaintiffs' Complaint.  The Janssen Defendants further deny that Xarelto® caused any injury to Plaintiff.

132.     The Janssen Defendants deny the allegations in paragraph 132 of Plaintiffs' Complaint and specifically deny that Xarelto® is defective.

133.    The Janssen Defendants admit that Plaintiffs seek damages for alleged injuries in this action.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to Plaintiffs' alleged medical condition and diagnosis.   The Janssen Defendants deny the remaining allegations contained in paragraph 133 of Plaintiffs' Complaint and further deny that Xarelto® caused any injury to Plaintiffs.

## ANSWER TO FACTUAL BACKGROUND

134.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.   The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that the FDA-approved indications for Xarelto® are set forth in the package insert.   The Janssen Defendants deny the remaining allegations of paragraph 134 of Plaintiffs' Complaint.

135.    The Janssen Defendants admit that the FDA first approved Xarelto® on July 1, 2011 for the prophylaxis of deep vein thrombosis (DVT) which may lead to pulmonary embolism (PE) in patients undergoing knee or hip replacement surgery.

136.     The Janssen Defendants admit that, on November 4, 2011, the FDA approved Xarelto® to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation.

137.    The Janssen Defendants admit that, on November 2, 2012, the FDA approved Xarelto® for the treatment of deep vein thrombosis (DVT), pulmonary embolism (PE), and for the reduction in the risk of recurrence of DVT and of PE.

138.    The Janssen Defendants admit that Xarelto® was first approved by the FDA in July 2011, which was introduced in the U.S. market thereafter.  The Janssen Defendants deny the remaining allegations in paragraph 138 of Plaintiffs' Complaint as phrased.

139.    The Janssen Defendants admit that Xarelto® is a selective inhibitor of Factor Xa. The Janssen Defendants further admit that Xarelto® is available in 10mg, 15mg, and 20mg tablets by prescription.   The Janssen Defendants deny the remaining allegations in paragraph 139 of Plaintiffs' Complaint.

140.    The Janssen Defendants admit that Xarelto® was studied in the RECORD clinical trials.  The Janssen Defendants state that the publications in the New England Journal of Medicine and Lancet cited in paragraph 140 of Plaintiffs' Complaint speak for themselves.  The Janssen Defendants deny the remaining allegations in paragraph 140 of Plaintiffs' Complaint.

141.    The Janssen Defendants admit that Xarelto® was studied in the ROCKET AF clinical trial.  The Janssen Defendants state that the publication in the New England Journal of Medicine cited in paragraph 141 of Plaintiffs' Complaint speaks for itself.   The Janssen Defendants deny the remaining allegations in paragraph 141 of Plaintiffs' Complaint.

142.    The Janssen Defendants admit that Xarelto® was studied in the EINSTEIN DVT, EINSTEIN PE and EINSTEIN Extension clinical trials.  The Janssen Defendants state that the publications in the New England Journal of Medicine and Expert Review of Cardiovascular Therapy cited in paragraph 142 of Plaintiffs' Complaint speak for themselves.  The Janssen Defendants deny the remaining allegations in paragraph 142 of Plaintiffs' Complaint.

23

143.   The Janssen Defendants state that promotional materials and the website for Xarelto® speak for themselves.  The Janssen Defendants deny the remaining allegations in paragraph 143 of Plaintiffs' Complaint.

144.   The Janssen Defendants state that marketing materials for Xarelto® speak for themselves.  The Janssen Defendants deny the remaining allegations in paragraph 144 of Plaintiffs' Complaint.

145.   The Janssen Defendants state that publications issued by the Institute for Safe Medication Practices speak for themselves.  The Janssen Defendants deny the remaining allegations in paragraph 145 of Plaintiffs' Complaint.

146.   The Janssen Defendants admit that "[a] specific antidote for rivaroxaban is not available."  The Janssen Defendants further state that Xarelto®'s package inserts speak for themselves.  The Janssen Defendants deny the remaining allegations in paragraph 146 of Plaintiffs' Complaint.

147.   The Janssen Defendants deny the allegations in paragraph 147 of Plaintiffs' Complaint as phrased and as incompletely and inaccurately presented.

148.   The Janssen Defendants deny the allegations in paragraph 148 of Plaintiffs' Complaint.

149.   The Janssen Defendants state that Xarelto®'s website speaks for itself.  The Janssen Defendants deny the remaining allegations in paragraph 149 of Plaintiffs' Complaint.

150.   The Janssen Defendants deny the allegations in paragraph 150 of Plaintiffs' Complaint.

151.    The Janssen Defendants state that advertising materials for Xarelto® speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 151 of Plaintiffs' Complaint.

152.    The Janssen Defendants deny the allegations in paragraph 152 of Plaintiffs' Complaint.

153.    The Janssen Defendants state that the correspondence from the Office of Prescription Drug Promotion speaks for itself.   The Janssen Defendants deny the remaining allegations in paragraph 153 of Plaintiffs' Complaint.

154.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 154 of Plaintiffs' Complaint with regard to what information Plaintiffs received and therefore deny those allegations.   The Janssen Defendants deny the remaining allegations in paragraph 154 of Plaintiffs' Complaint.

155.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of Plaintiffs' Complaint with regard to what information Plaintiffs' prescribing physician received and therefore deny those allegations.   The Janssen Defendants deny the remaining allegations in paragraph 155 of Plaintiffs' Complaint.

156.    The Janssen Defendants deny the allegations in paragraph 156 of Plaintiffs' Complaint.

157.    The Janssen Defendants state that the Xarelto® Medication Guide speaks for itself.   The Janssen Defendants deny the remaining allegations in paragraph 157 of Plaintiffs' Complaint.

158.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 158 of Plaintiffs' Complaint.

159.     The Janssen Defendants state that Medwatch reports filed with the FDA speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 159 of Plaintiffs' Complaint.

160.     The Janssen Defendants state that the ISMP materials speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 160 of Plaintiffs' Complaint.

161.     The Janssen Defendants state that adverse event reports speak for themselves. The Janssen Defendants deny the remaining allegations in paragraph 161 of Plaintiffs' Complaint.

162.     The Janssen Defendants state that reports received by German regulators speak for themselves.   The Janssen Defendants deny the remaining allegations in paragraph 162 of Plaintiffs' Complaint.

163.     The Janssen Defendants deny the allegations in paragraph 163 of Plaintiffs' Complaint.

164.     The Janssen Defendants deny the allegations in paragraph 164, including the allegations contained in subparagraphs (a)-(n), of Plaintiffs' Complaint.

165.     The Janssen Defendants admit that the package insert for Xarelto® has changed since the medication was first approved for use in the United States by the FDA in July 2011. The Janssen Defendants deny the remaining allegations in paragraph 165 of Plaintiffs' Complaint.

26

166.    The Janssen Defendants deny the allegations in paragraph 166 of Plaintiffs' Complaint.

167.    The Janssen Defendants deny the allegations in paragraph 167 of Plaintiffs' Complaint.

168.    The Janssen Defendants deny the allegations in paragraph 168 of Plaintiffs' Complaint.

169.    The Janssen Defendants deny the allegations in paragraph 169 of Plaintiffs' Complaint.

170.    The Janssen Defendants deny the allegations in paragraph 170 of Plaintiffs' Complaint.

171.    The Janssen Defendants deny the allegations in paragraph 171 of Plaintiffs' Complaint.

172.    The Janssen Defendants deny the allegations in paragraph 172 of Plaintiffs' Complaint.

## **ANSWER TO COUNT I**

173.    In response to the allegations in paragraph 173 of Plaintiffs' complaint, the Janssen Defendants restate and incorporate by reference their Answers to all other paragraphs of Plaintiffs' complaint.

174.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on Xarelto®.  The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants deny the remaining allegations in paragraph 174 of Plaintiffs' complaint.

27

175.    The Janssen Defendants deny the allegations in paragraph 175 and specifically deny that Xarelto® was defective.

176.    The Janssen Defendants deny the allegations in paragraph 176 and specifically deny that Xarelto® was defective.

177.    The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed.  The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not Xarelto® did in fact reach patients in that condition and therefore deny those allegations.  The Janssen Defendants deny the remaining allegations in paragraph 177 of Plaintiffs' complaint.

178.    The Janssen Defendants deny the allegations in paragraph 178, including the allegations in subparagraphs (a) – (f) and specifically deny that Xarelto® was defective.

179.    The Janssen Defendants deny the allegations in paragraph 179.

180.    The Janssen Defendants deny the allegations in paragraph 180 and specifically deny that Xarelto® was defective.

**WHEREFORE,** the Janssen Defendants deny that Plaintiffs are entitled to relief of any kind.

## ANSWER TO COUNT II

181.    In response to the allegations in paragraph 181 of Plaintiffs' complaint, the Janssen Defendants restate and incorporate by reference their Answers to all other paragraphs of Plaintiffs' complaint.

182.    The Janssen Defendants admit that Xarelto® is the product of JPI in the United States.  The Janssen Defendants admit that JRD did research, development and testing on

Xarelto®. The Janssen Defendants admit that Janssen Ortho manufactured finished product. The Janssen Defendants deny the remaining allegations in paragraph 182.

183. The Janssen Defendants admit that Xarelto® was expected to reach patients without substantial change from the condition in which Xarelto® was sold or distributed. The Janssen Defendants lack knowledge or information sufficient to form a belief as to whether or not Xarelto® did in fact reach patients in that condition and therefore deny those allegations. The Janssen Defendants deny the remaining allegations in paragraph 183.

184. The Janssen Defendants deny the allegations in paragraph 184, including the allegations in subparagraphs (a) – (d) and specifically deny that Xarelto® was defective.

185. The Janssen Defendants deny the allegations in paragraph 185 and specifically deny that Xarelto® was defective.

**WHEREFORE,** the Janssen Defendants deny that Plaintiffs are entitled to relief of any kind.

## ANSWER TO COUNT III

186. In response to the allegations in paragraph 186 of Plaintiffs' complaint, the Janssen Defendants restate and incorporate by reference their Answers to all other paragraphs of Plaintiffs' complaint.

187. The Janssen Defendants deny the allegations in paragraph 187 and specifically deny that Xarelto® was defective.

188. The allegations in paragraph 188 state conclusions of law to which no response is required. To the extent a response is required, the Janssen Defendants deny the allegations in paragraph 188 to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law. The Janssen Defendants deny the remaining allegations in paragraph 188.

29

189.     The Janssen Defendants deny the allegations in paragraph 189.

190.     The Janssen Defendants deny the allegations in paragraph 190.

191.     The Janssen Defendants deny the allegations in paragraph 191

192.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192 and therefore deny those allegations.

193.     The Janssen Defendants deny that Xarelto® is defective and deny the remaining allegations in paragraph 193.

194.     The allegations in paragraph 194 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants deny the allegations in paragraph 194 as stated.

195.     The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195 and therefore deny those allegations.

196.     The Janssen Defendants deny the allegations in paragraph 196.

197.     The Janssen Defendants deny the allegations in paragraph 197 and specifically deny that Xarelto® was defective.

198.     The Janssen Defendants deny the allegations in paragraph 198.

199.     The Janssen Defendants deny the allegations in paragraph 199 and specifically deny that Xarelto® was defective.

**WHEREFORE,** the Janssen Defendants deny that Plaintiffs are entitled to relief of any kind.

## ANSWER TO COUNT IV

200.    In response to the allegations in paragraph 200 of Plaintiffs' complaint, the Janssen Defendants restate and incorporate by reference their Answers to all other paragraphs of Plaintiffs' complaint.

201.    The Janssen Defendants deny the allegations in paragraph 201.

202.    The allegations in paragraph 202 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants deny the allegations in paragraph 202 to the extent they seek to impose obligations on the Janssen Defendants beyond those required by law.

203.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what information Plaintiffs and/or unidentified physicians and healthcare professionals relied upon and therefore deny these allegations.  The Janssen Defendants deny the remaining allegations in paragraph 203 of Plaintiffs' complaint.

204.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 204 of Plaintiffs' complaint and therefore deny those allegations.

205.    The Janssen Defendants deny the allegations in paragraph 205.

206.    The Janssen Defendants deny the allegations in paragraph 206.

207.    The Janssen Defendants deny the allegations in paragraph 207.

**WHEREFORE,** the Janssen Defendants deny that Plaintiffs are entitled to relief of any kind.

## ANSWER TO COUNT V

208.    In response to the allegations in paragraph 208 of Plaintiffs' complaint, the Janssen Defendants restate and incorporate by reference their Answers to all other paragraphs of Plaintiffs' complaint.

209.    The allegations in paragraph 209 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants deny the allegations in paragraph 209.

210.    The Janssen Defendants deny the allegations in paragraph 210.

211.    The Janssen Defendants deny the allegations in paragraph 211, including the allegations in subparagraphs (a) through (h).

212.    The Janssen Defendants deny the allegations in paragraph 212.

213.    The Janssen Defendants deny the allegations in paragraph 213.

**WHEREFORE,** the Janssen Defendants deny that Plaintiffs are entitled to relief of any kind.

## ANSWER TO COUNT VI

214.    In response to the allegations in paragraph 214 of Plaintiffs' complaint, the Janssen Defendants restate and incorporate by reference their Answers to all other paragraphs of Plaintiffs' complaint.

215.    The allegations in paragraph 215 of Plaintiffs' complaint state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants state that the package inserts for Xarelto® speak for themselves.

216.    The allegations in paragraph 216 state conclusions of law to which no response is required.  To the extent a response is required, the Janssen Defendants deny the allegations in paragraph 216 as stated.

217.    The Janssen Defendants deny the allegations in paragraph 217.

218.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what unidentified members of the medical community, including physicians and other healthcare professionals physicians relied upon in recommending, prescribing, and/or dispensing Xarelto®.   The Janssen Defendants deny the remaining allegations in paragraph 218 of Plaintiffs' complaint.

219.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs relied upon.  The Janssen Defendants and deny the remaining allegations in paragraph 219 of Plaintiffs' complaint.

220.    The Janssen Defendants deny the allegations in paragraph 220 of Plaintiffs' complaint.

221.    The Janssen Defendants deny the allegations in paragraph 221 of Plaintiffs' complaint.

**WHEREFORE,** the Janssen Defendants deny that Plaintiffs are entitled to relief of any kind.

## ANSWER TO COUNT VII

222.    In response to the allegations in paragraph 222 of Plaintiffs' complaint, the Janssen Defendants restate and incorporate by reference their Answers to all other paragraphs of Plaintiffs' complaint.

223.   The Janssen Defendants deny the allegations in paragraph 223 of Plaintiffs' complaint.

224.   The Janssen Defendants deny the allegations in paragraph 224 of Plaintiffs' complaint.

225.   The Janssen Defendants deny the allegations in paragraph 225 of Plaintiffs' complaint.

226.   The Janssen Defendants deny the allegations in paragraph 226 of Plaintiffs' complaint.

227.   The Janssen Defendants deny the allegations in paragraph 227 of Plaintiffs' complaint.

228.   The Janssen Defendants state that the package inserts for Xarelto® speak for themselves. The Janssen Defendants deny the remaining allegations in paragraph 228.

229.   The Janssen Defendants deny the allegations in paragraph 229 of Plaintiffs' complaint.

**WHEREFORE,** the Janssen Defendants deny that Plaintiffs are entitled to relief of any kind.

## ANSWER TO COUNT VIII

230.   In response to the allegations in paragraph 230 of Plaintiffs' complaint, the Janssen Defendants restate and incorporate by reference their Answers to all other paragraphs of Plaintiffs' complaint.

231.   The Janssen Defendants deny the allegations in paragraph 231 of Plaintiffs' complaint.

34

232.    The Janssen Defendants deny the allegations in paragraph 232 of Plaintiffs' complaint.

233.    The Janssen Defendants deny the allegations in paragraph 233 of Plaintiffs' complaint.

234.    The Janssen Defendants deny the allegations in paragraph 234 of Plaintiffs' complaint.

235.    The Janssen Defendants deny the allegations in paragraph 235 of Plaintiffs' complaint.

236.    The Janssen Defendants deny the allegations in paragraph 236 of Plaintiffs' complaint and specifically deny that Xarelto® was defective.

237.    The Janssen Defendants deny the allegations in paragraph 237 of Plaintiffs' complaint.

238.    The Janssen Defendants deny the allegations in paragraph 238 of Plaintiffs' complaint.

239.    The Janssen Defendants deny the allegations in paragraph 239 of Plaintiffs' complaint.

240.    The Janssen Defendants deny the allegations in paragraph 240 of Plaintiffs' complaint.

**WHEREFORE,** the Janssen Defendants deny that Plaintiffs are entitled to relief of any kind.

## ANSWER TO COUNT IX

241.    In response to the allegations in paragraph 241, the Janssen Defendants restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants deny the remaining allegations in paragraph 241.

242.    The Janssen Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242 and therefore deny them.

243.    The Janssen Defendants deny the allegations in paragraph 243.

244.    The Janssen Defendants deny the allegations in paragraph 244.

**WHEREFORE,** the Janssen Defendants deny that Plaintiffs are entitled to relief of any kind.

## ANSWER TO COUNT X

245.    In response to the allegations in paragraph 245, the Janssen Defendants restate and incorporate by reference their responses to all paragraphs of the Complaint as if fully set forth herein.  The Janssen Defendants deny the remaining allegations in paragraph 245.

246.    The Janssen Defendants deny the allegations in paragraph 246.

247.    The Janssen Defendants deny the allegations in paragraph 247.

**WHEREFORE,** the Janssen Defendants deny that Plaintiffs are entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

The Janssen Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. By asserting the following affirmative defenses, the Janssen Defendants do not allege or admit that they have the burden of

proof or the burden of persuasion with respect to any of these matters.  Further answering, and by way of affirmative defenses, the Janssen Defendants state as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries attributable to the use of the products at issue in this case, if any, were not caused by the products at issue, but instead were caused by intervening and superseding causes or circumstances.

## FOURTH AFFIRMATIVE DEFENSE

The Janssen Defendants did not make to Plaintiffs nor did they breach any express or implied warranties and/or breach any warranties created by law.  To the extent that Plaintiffs relied on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with the Defendants and/or for failure of Plaintiff, or Plaintiffs' representatives, to give timely notice to the Janssen Defendants of any alleged breach of warranty.  The Janssen Defendants further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future.

## FIFTH AFFIRMATIVE DEFENSE

At the time of sale or delivery, the products conformed to state-of-the-art for such products at that time.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action are barred by the applicable statutes of limitation and/or prescriptive periods.

## SEVENTH AFFIRMATIVE DEFENSE

The injuries and damages claimed by Plaintiff, if any, were caused in whole or in part by the acts or omissions of persons over whom the Janssen Defendants have no control or right of control.

## EIGHTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants is unconstitutional in that recovery of punitive or exemplary damages in this case would violate the constitutional rights of the Janssen Defendants to due process and equal protection under the Fourteenth Amendment to the Constitution of the United States and similar protections afforded by the Mississippi and New Jersey state constitutions, and any other state whose law is deemed to apply in this case, and that any law of the states of Mississippi or New Jersey, whether enacted by that state's legislature or founded upon a decision or decisions of the courts, or that of any other state whose law is deemed to apply in this case, that would permit recovery of punitive or exemplary damages, is unconstitutional under these provisions.

## NINTH AFFIRMATIVE DEFENSE

Any claim for punitive or exemplary damages against the Janssen Defendants is unconstitutional in that the standards for granting and asserting punitive or exemplary damages do not prohibit other Plaintiffs from seeking and recovering such damages against the Janssen Defendants for the same allegations of defect in the same products, and as such constitute multiple punishments for the same alleged conduct resulting in deprivation of the Janssen

Defendants' property without due process of law and will result in unjustified windfalls for Plaintiffs and Plaintiffs' counsel, in violation of the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and similar protections afforded by the Mississippi  and New Jersey state constitutions, and that of any other state whose law is deemed to apply in this case.

## TENTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants cannot be maintained because an award of punitive damages under current Mississippi and New Jersey law, and any other state's law deemed to apply to this action, would be void for vagueness, both facially and as applied.  Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Eighth and Fourteenth Amendments to the United States Constitution, the due process provisions of the Mississippi and New Jersey state constitutions, and the common law and public policies of the states of New Jersey and Mississippi, and similar protections afforded by any other state whose law is deemed to apply in this case.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the laws of Mississippi and New Jersey, and any other state whose law is deemed to apply in this case, permit punishment to be measured by the net worth or financial

39

status of the Janssen Defendants and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious, and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of the Janssen Defendants in other states, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, the state laws and constitutional provisions of Mississippi and New Jersey, and similar protections afforded by any other state whose law is deemed to apply in this case.

## TWELFTH AFFIRMATIVE DEFENSE

Any claim for punitive damages against the Janssen Defendants is governed by the law of the State of New Jersey.  The Janssen Defendants are entitled to the protections and limitations afforded under the New Jersey Punitive Damages Act, N.J.S.A. §§ 2A:15-5.9, *et seq.* and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq.*  Further, any claim for punitive or exemplary damages against Janssen Defendants also cannot be maintained because punitive damages are not recoverable under Mississippi law, and in particular, under the provisions of the M.S. Code § 11-1-63 *et seq.*

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries are a result of a pre-existing and/or unrelated medical condition for which Defendants are not responsible.

40

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the Joint Tortfeasors Laws of any state whose law is deemed to apply.

### SIXTEENTH AFFIRMATIVE DEFENSE

If Defendants' product is unsafe in any way, it is unavoidably unsafe.  Plaintiffs' purported action is, therefore, barred by Comment K of §402A of the Restatement (Second) of Torts and/or other applicable law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, with the exception of Plaintiffs' claims for punitive damages, are governed by the law of the home state of Plaintiff, i.e., Mississippi.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Janssen Defendants are entitled to, and claims the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute in the state of Mississippi, Plaintiffs' alleged state of citizenship and residence, and any other state whose law is deemed to apply in this case.

### NINETEENTH AFFIRMATIVE DEFENSE

Upon information and belief, if the injuries referred to in the Complaint were caused by the prescription medicine alleged to be at issue here, which is denied, the injuries are the result of an idiosyncratic reaction to the products.

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint are barred in whole or in part by the learned intermediary doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead allegations of fraud, mistake, or deception with the specificity or detail required.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Janssen Defendants specifically aver that the product possessed no characteristic that rendered it unreasonably dangerous in a reasonably anticipated use as defined by M.S. Code § 11-1-63 *et seq.*

### TWENTY-FOURTH SEPARATE DEFENSE

The Janssen Defendants assert all allowable defenses under the M.S. Code § 11-1-*63 et seq.*, and the New Jersey Product Liability Act, N.J.S.A. §§ 2A:58C-1, *et seq.*

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of informed consent, assumption of risk, release, and waiver. Additionally, if Plaintiffs had or has filed bankruptcy during the relevant time period of the events alleged in the Complaint or files for bankruptcy at some point in the future, the claims of Plaintiffs may be "property of the bankruptcy estate" which should be prosecuted by the bankruptcy trustee rather than Plaintiff, or, if not disclosed by Plaintiffs on the

schedules and/or statement of financial affairs, may be barred by the doctrine of judicial estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries or damages sustained, if any, were caused in whole or part by Plaintiffs' own negligence, and accordingly, Plaintiffs are barred in whole or in part, from recovery.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Janssen Defendants hereby give notice that they intend to rely upon and incorporate by reference any affirmative defenses asserted in the Omnibus Answer or by any co-defendant in this lawsuit.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Janssen Defendants reserve their rights to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

**WHEREFORE,** the Janssen Defendants demand judgment in their favor dismissing the Complaint with prejudice and for such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC and Janssen Ortho LLC request a trial by jury on all issues so triable.

Respectfully submitted

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
     Susan M. Sharko
     DRINKER BIDDLE & REATH LLP
     600 Campus Drive
     Florham Park, NJ 07932-1047
     Telephone: (973) 549-7000
     Facsimile: (973) 360-9831
     susan.sharko@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
     James B. Irwin
     Kim E. Moore
     IRWIN FRITCHIE URQUHART
     & MOORE LLC
     400 Poydras Street
     Suite 2700
     New Orleans, LA 70130
     Telephone: (504) 310-2100
     Facsimile: (504) 310-2120
     jirwin@irwinllc.com

     ***Attorneys for Defendants Janssen***
     ***Pharmaceuticals, Inc., Janssen***
     ***Research & Development, LLC, and***
     ***Janssen Ortho LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 27, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiffs counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17

/s/ *James B. Irwin*
**James B. Irwin**