UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

| THIS DOCUMENT RELATES TO: | MDL NO. 2592 |
|---|---|
| *Ronald Helgeson, Sr. v. Janssen Research & Development LLC f/k/a Johnson & Johnson Pharmaceutical Research and Development, LLC, et al* | SECTION: L |
| | JUDGE: ELDON E. FALLON |
| | MAG. JUDGE: MICHAEL NORTH |
| No. 2:15-cv-06659 | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**

**MAY IT PLEASE THE COURT:**

The Plaintiff in the above-referenced Complaint hereby submits this Memorandum in support of his Motion for an Order from this Honorable Court granting him thirty (30) days within which to serve process on the Defendants, Bayer Pharma AG, through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

**I. BACKGROUND**

On November 19, 2015, Plaintiffs filed a Joint Complaint against Defendants and was assigned Case No. 2:15-cv-06118. On November 30, 2015, pursuant to PTO 11, the Joint Complaint was severed into separate individual cases. On December 10, 2015, Plaintiff Ronald Helgeson, Sr. filed a separate, short form complaint in accordance with PTO 11 and was assigned Case No. 2:15-cv-0659. Since the filing of the initial joint complaint, and within the parameters set forth by this Court, the Plaintiff timely filed and served his Plaintiff Fact Sheet ("PFS") on the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO 13. During this

initial time period, which Defendant Bayer Pharma AG was being made fully aware of the facts and circumstances surrounding the claim being asserted by the Plaintiff, the undersigned counsel failed to issue formal service of process of the initial complaint on Defendant Bayer Pharma AG within the required 60 day period pursuant to PTO 10.

On January 7, 2016, within 60 days from filing of the Complaint, Plaintiff herein served process on Bayer Pharma AG (via registered international mail) **(Return receipt attached hereto as Exhibit A)** via the streamlined process provided by PTO 10.[1] On January 7, 2016, Bayer Pharma AG's counsel sent the undersigned counsel correspondence stating that service was deficient. **(Correspondence attached hereto as Exhibit B).**

In good faith, Plaintiff made a second attempt to perfect service on Bayer Pharma AG and on January 21, 2016, more than 60 days after filing of the Complaint and/or transfer of the Complaint into the MDL, Plaintiff herein served process on Bayer Pharma AG (via registered international mail) **(Return receipt attached hereto as Ex. C)** via the streamlined process provided by PTO 10.[2]

On February 17, 2016, the undersigned counsel contacted Bayer Pharma AG's counsel inquiring as to whether Bayer Pharma AG would be challenging service in this case. **(Correspondence from Plaintiff's counsel to Bayer Pharma AG's counsel attached hereto as Ex. D).** On February 23, 2016, Plaintiff's counsel sent a second email inquiring again as to any challenges of service in this matter. **(*Id.*)** On February 23, 2016, Bayer Pharma AG's counsel responded and failed to confirm that Bayer Pharma AG would not be challenging service in this matter. **(*Id.*)**

---

[1] Plaintiff's Complaint was postmarked on December 21, 2015.
[2] Plaintiff's Complaint was postmarked on January 8, 2016.

Due to the prior deficiency letter that Bayer Pharma AG's counsel sent Plaintiff's counsel and the evasive response regarding Plaintiff's most recent service, the undersigned counsel is filing the instant motion.

## II.  LAW AND ANALYSIS

Fed.R.Civ.P 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after a complaint is filed (or in this case, within 60 days of the entry of PTO 10), Rule 4 instructs the Court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time.  If the Plaintiff shows good cause, the Court must extend the time for service for an appropriate period. Fed.R.Civ.P 4(m).

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id*.  Importantly, even if good cause is lacking, the court has discretionary power to extend time for service. *Id*.  In addition, such relief may be warranted, "for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) Advisory Committee's Note (1993).

Here, the Plaintiff has every intention of pursuing his claims and has demonstrated such to the Defendants, including Bayer Pharma AG.  It was purely through oversight that service of the Complaint was not **perfected** within 60 days of filing (to invoke the streamlined process of PTO 10) or within 120 days (to invoke the outer parameters). On January 7, 2016 the Complaint was

served on Bayer Pharma AG pursuant to PTO 10's streamlined process. On January 7, 2016, Counsel for Defendant notified the undersigned counsel that service was deficient. On January 8, 2016, in good faith, Plaintiff made a second attempt at service, mailing the Complaint out in accordance with the streamlined process of PTO 10. On January 21, 2016, the Complaint was served on Bayer Pharma AG pursuant to PTO 10's streamlined process, but outside of the required 60-day period. Subsequently, on February 17, 2016 and February 23, 2016, Plaintiff's counsel inquired as to whether Bayer Pharma AG would be challenging service in the instant case. To date, Bayer Pharma AG's counsel has failed to confirm that Bayer Pharma AG will not be challenging service in this matter.

The Plaintiff was not acting in bad faith here; rather, he was acting in good faith when he served her original complaint, which was postmarked on December 21, 2016 and again on January 8, 2016, both within 60 days of filing the original complaint. Plaintiff's Complaint was served on Bayer Pharma AG on January 7, 2016 and again on January 21, 2016. Plaintiff's multiple attempts at service have been made in good faith. Plaintiff was also acting in good faith when he sent email correspondence to Bayer Pharma AG's counsel inquiring as to any challenge by Bayer Pharma AG as to the sufficiency of service in this matter.

Further, Defendant Bayer Pharma AG is fully aware of the Plaintiff's claims having been served with hundreds, if not thousands, of identical complaints and individual PFS's. Because this MDL involves thousands of similarly situated Plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by the instant Plaintiff, no actual prejudice has or will occur to Defendant Bayer Pharma AG by the Court granting the relief sought herein. In addition, because discovery is ongoing in this particular case and Defendants have received this Plaintiff's Fact Sheet, HIPAA authorizations enabling them to

order medical records, Plaintiff's pharmacy records and medical records, significant work has already taken place on behalf of the Plaintiff and the interests of judicial efficiency support an extension of time to serve Bayer Pharma AG.

Plaintiff lastly points out that this permissive extension is appropriate under the circumstances to avoid any subsequent issues regarding the statute of limitations. Fed.R.Civ.P. 4(m) Advisory Committee's Note (1993).

## CONCLUSION

In light of the foregoing, the Plaintiff respectfully requests an Order from this Court declaring her prior service on Bayer Pharma AG to be effective, or alternatively, granting him thirty (30) days from the date the Order is entered within which to provide streamlined service of process on the Defendant Bayer Pharma AG.  Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.  Lastly, significant work has already taken place on behalf of the Plaintiff, such that a dismissal of the complaint at this stage would be counterproductive to the interests of judicial efficiency.

Dated: March 2, 2016

                                              Respectfully Submitted,

*Patrick O'Hara*

_____
**JACOBS O'HARA MCMULLEN, P.C.**
PATRICK O'HARA-TSB#: 24060353
J.D. MCMULLEN – TSB#: 24051694
RYAN NICOLE JACOBS-TSB#: 24058147
14340 Torrey Chase Blvd., Suite 360
Houston, Texas 77014

Tel.: (713) 824-8685
Fax: (713) 583-0306

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

This is the 2nd day of March 2016

*Patrick O'Hara*

_____

# EXHIBIT

# A

# EXHIBIT

# B

# EXHIBIT

# C

# EXHIBIT

# D