Patrick J. Mulligan, TX SBN 14651270
Charles G. Orr, TX SBN 00788148
**THE MULLIGAN LAW FIRM**
3710 Rawlins Street, #901
Dallas, TX 75219
Telephone: (214) 219-9779
Facsimile: (214) 520-8789

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) MDL No. 2592 ) |
| | ) |
| **This Document Relates To:** | ) SECTION:  L ) JUDGE FALLON |
| | ) MAG. JUDGE NORTH |
| *Cases listed in Attached Schedule A* | ) |
| | ) |

## DECLARATION OF CINDY ENSLEY IN SUPPORT OF SUPPLEMENT TO MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

I, Cindy Ensley, hereby declare as follows:

1.      I am currently employed as a paralegal with The Mulligan Law Firm.  If called as a witness I could and would competently testify to the following:

2.      Attached to this Declaration as Exhibit A is a true and correct copy of Pretrial Order 10 from the Xarelto MDL proceeding, No. 2:14-cv-2592, in the Eastern District of Louisiana.

3.      PTO 10 states in pertinent part that streamlined service of process can be effected on Bayer Healthcare Pharmaceuticals, Inc. (BHCP), "By **CERTIFIED** Mail, Return Receipt Requested, upon the following representative of BHCP:

**ENSLEY DECL ISO SUPPLEMENT TO MOTION FOR EXTENSION**                    Page 1

> SOP Department
> Corporation Service Company
> Suite 400
> 2711 Centerville Road
> Wilmington, DE 19808"

PTO 10 at II. C.1.

4.      PTO 10 further states that streamlined service of process can be effected on Bayer

Pharma AG, "By **REGISTERED** Mail, Return Receipt Requested, upon the following

representative of Bayer Pharma AG:

> Bayer Pharma AG
> Attn: Eva Gardyan-Eisenlohr
> General Counsel
> Muellerstrasse 178
> 13353 Berlin
> GERMANY"

PTO 10 at II. C.2.

5.      PTO 10 additionally provides, "Contemporaneous with mailing the Bayer Pharma

AG pleading, plaintiffs shall provide, by electronic mail, notice of service, including a copy of

the complaint, to the following address: xareltocomplaints@babc.com." PTO 10 at II.C.

6.      Finally, PTO 10 states:  "Service will be effective only if addressed as above

(including the notice of service provided via electronic mail).  General mailing or use of other

methods of transmission, including but not limited to Federal Express or email, will not be

sufficient to effect service.  Service will be effective ten (10) days after the date of delivery."

PTO 10 at II. D.

7.      Attached to this Declaration as Exhibit B is a true and correct copy of Pretrial

Order 11 from the Xarelto MDL proceeding.  PTO 11 states in pertinent part that, for bundled

complaints, "[s]ervice of the Joint Complaint, together with a copy of the applicable Severance

**ENSLEY DECL ISO SUPPLEMENT TO MOTION FOR EXTENSION**                    Page 2

Order and a list of the individual cases and their civil action numbers, shall be sufficient to effectuate service of process for each of the individual cases associated with the Joint Complaint." PTO 11 at 1.e.

8.     Attached to this Declaration as Exhibit C is a true and correct copy of Schedule A to the Motion for Extension of Time Within Which to Serve Process, Docket No. 2472 in the Xarelto MDL proceeding.  This schedule identifies each Plaintiff who sought additional time to serve process by way of the Motion for Extension of Time.

9.     On March 2, 2016, the same date I executed this Declaration, I placed in the U.S. Mail, by Certified Mail, Return Receipt Requested, to the address specified in section II. C.1 of PTO 10 for streamlined service of process on BHCP, the following items:

- A copy of each complaint referenced in Schedule A;

- A copy of the summons issued as to BHCP for each complaint referenced in Schedule A;

- A copy of the severance order for each bundled complaint referenced in Schedule A; and

- A list of the individual actions with their civil action numbers for each bundled complaint referenced in Schedule A.

Attached to this Declaration as Exhibit D is a true and correct copy of the proof of mailing of the above-identified items.

10.     On March 2, 2016, the same date I executed this Declaration, I placed in the U.S. Mail, by Registered Mail, Return Receipt Requested, to the address specified in section II. C.2 of PTO 10 for streamlined service of process on Bayer Pharma AG, the following items:

- A copy of each complaint referenced in Schedule A;

- A copy of the summons issued as to BHCP for each complaint referenced in Schedule A;

- A copy of the severance order for each bundled complaint referenced in Schedule A; and

**ENSLEY DECL ISO SUPPLEMENT TO MOTION FOR EXTENSION**          Page 3

- A list of the individual actions with their civil action numbers for each bundled complaint referenced in Schedule A.

Attached to this Declaration as Exhibit E is a true and correct copy of the proof of mailing of the above-identified items.

11.   On March 2, 2016, the same date I executed this Declaration, I also emailed to xareltocomplaints@babc.com a copy of every item I placed in the mail as identified in the preceding two paragraphs of this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed March 2, 2016 at Dallas, Texas.

Cindy Ensley

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: XARELTO (RIVAROXABAN)          *          **MDL NO. 2592**
PRODUCTS LIABILITY LITIGATION

                                      *          **SECTION L**

                                      *          **JUDGE ELDON E. FALLON**

                                      *          **MAG. JUDGE NORTH**

**********************************************
THIS DOCUMENT RELATES TO ALL CASES

**PRE-TRIAL ORDER NO. 10**
**(Streamlined Service on Certain Bayer Defendants)**

**I.      SCOPE OF THE ORDER**

        This Stipulated Order shall govern (1) cases transferred to this Court by the Judicial Panel

on Multidistrict Litigation, pursuant to its Order of December 12, 2014; (2) any tag-along actions

subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant

to Rule 7.1 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in

this Court or transferred or removed to this Court.  The Order only applies to claims brought by a

U.S. citizen or resident based on usage or purchase of Xarelto® in the United States.

**II.     STREAMLINED SERVICE OF PROCESS FOR CERTAIN BAYER**
**        DEFENDANTS**

        A.      Bayer Pharma AG and Bayer Healthcare Pharmaceuticals Inc. (BHCP) agree to

waive formal service of process under Federal Rule of Civil Procedure 4 and to accept service of

Xarelto cases that are properly commenced in, removed to, or transferred to this MDL.  By

waiving formal service of process, Bayer Pharma AG and BHCP do not waive any defenses

available to them.

B.      These procedures for informal service of process are not available in cases in which the plaintiff seeks remand to state court unless and until remand is denied.  For plaintiffs seeking remand, all deadlines set forth in this Order run from the date on which remand is denied.

C.      Plaintiffs whose Complaints are not subject to Paragraph B above and who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons.  For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order.   Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL.  The Complaint and a Summons shall be served as follows:

1.      By **CERTIFIED** Mail, Return Receipt Requested, upon the following representative of BHCP:

SOP Department
Corporation Service Company
Suite 400
2711 Centerville Road
Wilmington, DE 19808

2.      By **REGISTERED** Mail, Return Receipt Requested, upon the following representative of Bayer Pharma AG:

Bayer Pharma AG
Attn: Eva Gardyan-Eisenlohr
General Counsel
Muellerstrasse 178
13353 Berlin
GERMANY

Contemporaneous with mailing the Bayer Pharma AG pleading, plaintiffs shall provide, by electronic mail, notice of service, including a copy of the complaint, to the following address:

xareltocomplaints@babc.com.

D.      Service will be effective only if addressed as above (including the notice of

service provided via electronic mail).  General mailing or use of other methods of transmission, including but not limited to Federal Express or email, will not be sufficient to effect service. Service will be effective ten (10) days after the date of delivery.  Defendants who have consented to streamlined service under this procedure agree to provide 30 days notice before moving to dismiss for a technical defect in the service process described in this section.  Failure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m).  Other than those based on formal service of process, defendants reserve all other rights and defenses available to them under federal or state law and under applicable treaties and conventions.

E.      Certain other Bayer entities have been or may be named as defendants in these proceedings.  The term "other Bayer entities" as used in this Order includes but is not limited to Bayer HealthCare, LLC; Bayer Corporation; Bayer HealthCare AG; and Bayer AG.   The other Bayer entities have not agreed to streamlined service and are relieved of any obligation to answer complaints until further order of this Court.

F.      By entry of this Order, plaintiffs have not waived their rights to pursue discovery against the other Bayer entities.  If plaintiffs seek discovery from one or more of the other Bayer entities and/or seek to pursue one or more of the other Bayer entities as defendants, plaintiffs shall meet and confer with defendants concerning (a) whether the discovery can be obtained through BHCP or Bayer Pharma AG, (b) the scope of any discovery directed to the other Bayer entities, and (c) compliance with foreign data protection laws.  If no agreement is reached, the parties shall seek the Court's guidance before plaintiffs commence any such discovery.

G.      For cases in which plaintiffs have served BHCP or Bayer Pharma AG, any applicable limitations in Fed. R. Civ. P. 4(m) are extended such that plaintiffs need not serve the other Bayer entities until further order of the Court after a meet and confer of the parties.

Further, neither Bayer Pharma AG, BHCP, nor the other Bayer entities shall move to dismiss a complaint under Fed. R. Civ. P. 4(m) as to an unserved Bayer entity until further order of the Court after a meet and confer of the parties.

New Orleans, Louisiana, this 24th day of March, 2015.

Hon. Eldon E. Fallon
United States District Judge

4

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592 |
| | | SECTION L |
| | | JUDGE ELDON E. FALLON |
| | | MAG. JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO ALL CASES**

### PRE-TRIAL ORDER NO. 11
### (Bundling of Complaints and Answers)

The Court hereby Orders as follows[1]:

1. **Bundling of Complaints.**

   a. In an effort to minimize the expenses of all parties, and to promote judicial efficiency, the Court hereby authorizes claims of more than one plaintiff, and up to one hundred (100) plaintiffs, to be filed in a single Complaint with one filing fee for the Lead Plaintiff at the time of filing. The joined plaintiffs' (plaintiffs named in the Joint Complaint other than the Lead Plaintiff) responsibility for a filing fee will be suspended until the resolution of their respective claims, at which time the fee must be paid before the case can be dismissed and closed, unless otherwise ordered by the Court. This process shall henceforth be referred to as "Joint Complaints" or the filing of "Joint Complaints." The Plaintiff Fact Sheet ("PFS") obligations of

---

[1] Certain other Bayer entities have been named or may be named as defendants in these proceedings. These other Bayer entities include Bayer Healthcare, LLC; Bayer Corporation; Bayer HealthCare AG; and Bayer AG. Specific provisions relieving these other Bayer entities from answering are found at paragraph 8(c) pursuant to Pretrial Order No. 10. Possible discovery from these entities is governed by Pretrial Order No. 10 until further Order of this Court.

plaintiffs named in a "Joint Complaint" begin to run from the time the "Joint Complaint" is filed.

b. In the section of the Joint Complaint entitled "Plaintiff Specific Allegations," each individual plaintiff shall be listed alphabetically and in consecutively numbered paragraphs, and each paragraph shall include subsections containing case-specific allegations for each plaintiff. The case-specific allegations shall include the county and state of citizenship of the Plaintiff.

c. Once a Joint Complaint is filed, this Court will, *sua sponte*, issue an order severing the individual plaintiffs listed in the Plaintiff Specific Allegations (the "Severance Order"). Plaintiffs' counsel shall then file separate short form Complaints for each case, attaching the Severance Order as Attachment 1, and a list of the individual case captions for the plaintiffs named in the Joint Complaint as Attachment 2. Individual Civil Action Numbers and case captions will then be assigned for each individual case. Civil Cover Sheets will not be required for the severed civil actions. Instructions for filing individual severed Xarelto cases are attached to this Order.

d. Joint Complaints may be filed directly in this Court pursuant to this Court's previously entered Direct Filing Order.

e. Service of the Joint Complaint, together with a copy of the applicable Severance Order and a list of the individual cases and their civil action numbers, shall be sufficient to effectuate service of process for each of the individual cases associated with the Joint Complaint.

2. **Answers and Responsive Pleadings.**

a. Within forty-five (45) days from this Order, Defendants shall file an Omnibus Answer that shall be deemed as a denial of all allegations in any Complaint pending in the MDL prior to the filing of the Omnibus Answer. The Omnibus Answer shall also set out Defendants' Affirmative Defenses.

b. The Omnibus Answer shall not constitute an appearance as to any defendant that has not been served and shall be deemed as the answer with respect to a previously un-served defendant thirty (30) days after service on that defendant.

c. For each case filed in or transferred to the MDL after the filing of the Omnibus Answer, the Omnibus Answer shall be deemed as the operative Answer in each such case thirty (30) days after the case is docketed if an individual Answer is not filed prior to that time. Once the answer has been deemed as the operative answer, the requirements of Fed. R. Civ. P 15 shall attach for any amendments of the complaint and the requirements of Fed. R. Civ. P. 41(a) for a voluntary dismissal such that any dismissal shall occur only upon a stipulation of dismissal signed by all parties who have appeared or by Court Order after a properly noticed motion.

d. Certain other Bayer entities have been named or may be named as defendants in these proceedings. The term "other Bayer entities" as used in this Order includes but is not limited to Bayer Healthcare, LLC; Bayer Corporation; Bayer HealthCare AG; and Bayer AG. The "other Bayer entities" are relieved of any obligation to answer complaints pursuant to Pretrial Order No. 10 (Streamlined Service on Certain Bayer Defendants) (Rec. Doc. 357) until further order of this Court.

e. Other than the Omnibus Answer set out above, the Defendants' obligation to file any responsive pleading to a Complaint that is filed in or transferred to this

proceeding is hereby stayed until further Order of the Court.   The Court is specifically preserving the Defendants' right to file any motion pursuant to Fed. R. Civ. P. 12.

f.   Thirty (30) days after the bellwether discovery pool is selected, the Defendants' shall file individual Answers for each discovery pool plaintiff that will supersede and substitute for the Omnibus Answer and may file Rule 12 motions against any of the discovery pool plaintiffs.

g.   The individual plaintiffs will have thirty (30) days to file any response in opposition.

h.   After such period, the Court will decide whether oral argument is necessary.


New Orleans, Louisiana this 4th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE

## Filing Individual Severed Xarelto Cases

---

### Documents Needed

Have the following PDFs available before starting the severed civil case opening process:

- Short Form Complaint
- Severance Order
- List of the individual case captions for all plaintiffs named in the Joint Complaint

Note:  A civil cover sheet is not required

---

### Opening the Individual Severed Cases

Login to CMECF and select Civil on the main menu bar, then under Open a Case, click on the link **CIVIL CASE**.

- In the "Other Court Name" field enter "EDLA"
- In "Other court number" field enter the original case number of the Joint Complaint
- Jurisdiction is "4" (Diversity)
- For most cases, Cause of action is:  28:1332pl (Diversity - Personal Injury) .  If the case alleges "wrongful death", use Cause of Action: 28:1332wd (Wrongful Death)
- Nature of suit: 367 (Personal Injury: Health Care/Pharmaceutical Personal Injury Product Liability)
- Citizenship of 1st named pla: either 1-Citizen This State, or 2-Citizen Other State
- Citizenship of 1st named defendant: 5 - Incorporated/Principal Business Other State
- Jury demand "p" for plaintiff, no Class Action, no $ demand
- County is the Louisiana parish of residence for the 1st named plaintiff, or "Out of State", or "Out of Country"
- Add individual plaintiffs as listed in the Short Form Complaint
- Add defendants as listed in the Short Form Complaint

---

### Docketing the Lead Event/Individual Severed Complaint

- Select the link "Docket Lead Event", select the event "Complaint"
- Select the plaintiff(s) as the filer
- Create the attorney/party association
- Select the defendant(s) that this filing is against

The Short Form Complaint will be the **Main document** with  **Attachments** of:

- Severance Order
- List of the individual case captions for all plaintiffs named in the Joint Complaint

At the prompt for electronic payment of the fee,  select  "Prepayment of fee not required pursuant to 28:1916."   The clerk's office will modify the docket text to "Prepayment of fee not required pursuant to Pre-Trial Order No. 11."

---

# EXHIBIT C

**SCHEDULE A**

**List of Plaintiffs Seeking Extension of Time**
**To Effectuate Service of Process Under PTO 10**

| Case Number and Style of Bundled Complaint | Plaintiffs in Bundled Complaint with Individual Case Numbers |
|---|---|
| 2:15-cv-222, *Craig v. Janssen Research & Development LLC, et al.* | Robert Craig, Individually and on Behalf of Estate of Sylvia Craig, 2:15-cv-222 |
| 2:15-cv-1523, *Licata, et al. v. Janssen Research & Development LLC, et al.* | Margaret Licata, Individually and on Behalf of Estate of Elizabeth Danielson, 2:15-cv-1523 |
| | Margie Partin, 2:15-cv-1623 |
| | Natalie Ruff, 2:15-cv-1625 |
| 2:15-cv-2126, *Chianese, et al. v. Janssen Research & Development LLC, et al.* | Mary Chianese, 2:15-cv-2126 |
| | Carol Clark, 2:15-cv-2247 |
| | Patricia Olson, 2:15-cv-2249 |
| 2:15-cv-2431, *Evans, et al. v. Janssen Research & Development LLC, et al.* | Jimmie Evans, Individually and on Behalf of Estate of Sharon Evans, 2:15-cv-2431 |
| | Larry Moore, 2:15-cv-2558 |
| | Jimmy Niece, 2:15-cv-2559 |
| | Ralph Viola, 2:15-cv-2560 |
| | James Wierman, 2:15-cv-2561 |
| | David York, 2:15-cv-2562 |
| 2:15-cv-2605, *Abbott, et al. v. Janssen Research & Development LLC, et al.* | Daniel Abbott, 2:15-cv-2605 |
| | Candace Anderson, 2:15-cv-2923 |
| | Richard Anderson, 2:15-cv-2924 |
| | Sonja Arft, 2:15-cv-2928 |
| | Russell Ayers, 2:15-cv-2929 |
| | Martin Barber, 2:15-cv-2930 |
| | Ralph Barnes, 2:15-cv-2932 |
| | Thomas Beam, 2:15-cv-2936 |
| | Edward Boudreaux, Individually and on Behalf of Estate of Conchetta Boudreaux, 2:15-cv-2937 |
| | Elmer Braden, 2:15-cv-2939 |
| | Donzil Burlison, 2:15-cv-2940 |
| | Dorothy Burroughs, 2:15-cv-2942 |
| | Burton Ford, Sr., Individually and on Behalf of Estate of Nell Camp, 2:15-cv-2960 |
| | Kent Clampitt, 2:15-cv-2943 |
| | Ruth Cobbs, 2:15-cv-2945 |
| | Thomas Cocco, 2:15-cv-2946 |

| | |
|---|---|
| | Frances Coleman, 2:15-cv-2947 |
| | Diana Coyle, 2:15-cv-2949 |
| | Bill Crabtree, 2:15-cv-2950 |
| | Darlene Cress, Individually and on Behalf of Estate of Josef Feist, 2:15-cv-2951 |
| | Leonora Cunning, 2:15-cv-2592 |
| | Robert Deardorff, 2:15-cv-2593 |
| | James Dougherty, 2:15-cv-2954 |
| | Dewey Dupree, 2:15-cv-2596 |
| | Elaine Dzialo, 2:15-cv-2958 |
| | Florence Ellis, 2:15-cv-2959 |
| 2:15-cv-2833, *Feltz, et al. v. Janssen Research & Development LLC, et al.* | Robert Feltz, 2:15-cv-2833 |
| | Dennis Ford, 2:15-cv-2976 |
| | Robert Gagnon, 2:15-cv-2977 |
| | William Groth, 2:15-cv-2984 |
| | Charlotte Harding, 2:15-cv-2985 |
| | Carla Hawkins, 2:15-cv-2986 |
| | Peggy Heal, 2:15-cv-2988 |
| | Peter Hebert, Individually and on Behalf of Estate of Janet Hebert, 2:15-cv-2991 |
| | Julie Hixon, 2:15-cv-2992 |
| | Dorris Jacobsen, 2:15-cv-2993 |
| | John Jennings, 2:15-cv-2994 |
| | Barry Jensen, 2:15-cv-2995 |
| | Timothy Johnson, 2:15-cv-2997 |
| | Mary Kronberg, Individually and on Behalf of Estate of Alfred Kronberg, 2:15-cv-2998 |
| | Hector Lamas, 2:15-cv-2001 |
| | David Lang, 2:15-cv-2833 |
| | Madaline Lavine, 2:15-cv-3003 |
| | Patricia Lawlor, 2:15-cv-3004 |
| | Myron Levine, 2:15-cv-3005 |
| | Gene Mason, Individually and on Behalf of Estate of Clyde Mason, 2:15-cv-3007 |
| | Edward Montgomery, 2:15-cv-3008 |
| | Karen Mortensen, 2:15-cv-3009 |
| | Kathleen Pahls, Individually and on Behalf of Estate of James Pahls, 2:15-cv-3010 |
| | Beverly Palazzolo, Individually and on Behalf of Estate of Jerome Palazzolo, 2:15-cv-3011 |
| | Charles Plowman, 2:15-cv-3013 |
| 2:15-cv-3480, *Bell, et al. v. Janssen Research & Development LLC, et al.* | Olin Dunn, 2:15-cv-3735 |
| | Joseph Loughney, 2:15-cv-3740 |

| | |
|---|---|
| | Juliette Pitre, Individually and on Behalf of Estate of Timothy Pitre, 2:15-cv-3743 |
| | Kathryn Plosica, Individually and on Behalf of Estate of Caroline Wolgast, 2:15-cv-3747 |
| | Cheryl Poole, 2:15-cv-3752 |
| | Angela Schott, 2:15-cv-3757 |
| | Betty Thornton, 2:15-cv-3758 |
| | David Watt, 2:15-cv-3760 |
| 2:15-cv-4909, *Hawthorne v. Janssen Research & Development LLC, et al.* | Sherry Hawthorne, Individually and on Behalf of Estate of Richard Hawthorne, 2:15-cv-4909 |
| 2:15-cv-5500, *Abrams, et al. v. Janssen Research & Development LLC, et al.* | Michelle Abrams, 2:15-cv-5500 |
| | Billy Butler, 2:15-cv-5685 |
| | Donald DeVarco, 2:15-cv-5687 |
| | Judith McEntire, 2:15-cv-5684 |
| | Mary Anne Spraungel, Individually and on Behalf of Estate of Harland Spraungel, 2:15-cv-5686 |
| | Kimberly Stapleton, 2:15-cv-5679 |

# EXHIBIT D

# THE MULLIGAN LAW FIRM

3710 RAWLINS STREET, SUITE 901
DALLAS, TEXAS 75219
TELEPHONE: (214) 219-9779
TELECOPIER: (214) 520-8789
E-MAIL: office@mulliganlaw.com
WEB: www.mulliganlaw.com

March 02, 2016

Bayer Healthcare Pharmaceuticals, Inc.
Corporation Service Company
2177 Centerville Road, Suite 400
Wilmington, DE 19808

RE:   Xarelto Litigation

To Whom It May Concern:

Per PTO 10 and PTO 11, enclosed please find Joint Complaints, Severance Orders, List of Individual Case Numbers and Summons on the following cases:

- Jimmie Evans OBO the Estate of Sharon Evans et al
- Margaret Licata OBO Elizabeth Danielson et al
- Sherry Hawthorne OBO the Estate of Richard Hawthorne
- Robert Feltz et al
- Robert Craig OBO Estate of Sylvia Craig
- Mary Chianese et al
- Terry Bell et al
- Michelle Abrams et al
- Daniel Abbott et al
- Walter Macloed et al
- Kimberly Bowes et al

If you have any questions regarding the above information, please do not hesitate to contact me directly.

Very truly yours,

The Mulligan Law Firm

Cindy Ensley
Paralegal

ce/cke
Enclosure

# EXHIBIT E

# THE MULLIGAN LAW

3710 RAWLINS STREET, SUITE 901
DALLAS, TEXAS 75219
TELEPHONE: (214) 219-9779
TELECOPIER: (214) 520-8789
E-MAIL: office@mulliganlaw.com
WEB: www.mulliganlaw.com

Marc

Bayer Pharma AG
Attn: Eva Gardyan-Elsenlohr, General Coun
Muellerstrasse 178
13353 Berlin
Germany

RE:   General 15-000004Xarelto L

Dear Ms. Elsenlohr:

Per PTO 10 and PTO 11, enclosed please
of Individual Case Numbers and Summons on th

- **Jimmie Evans OB**
- **Margaret Licata**
- **Sherry Hawthorn**
- **Robert Feltz et al**
- **Robert Craig OB**
- **Mary Chianese et**
- **Terry Bell et al**
- **Michelle Abrams**
- **Daniel Abbott et**
- **Walter Macloed**
- **Kimberly Bowes**

If you have any questions regarding the a
contact me directly.

Very truly yours,
**The Mulligan Law Firm**

Cindy Ensley
Paralegal

ce/cke
Enclosure

Registered No.   LC458407244US
USPS® Customs Declaration — CN 22
IMPORTANT: The item/parcel may be opened officially. See Privacy Notice on reverse of Sender's instructions page. Please print in English and press firmly; you are making multiple copies.

From:
The Mulligan Law Firm
3710 Rawlins Street, Suite 901
Dallas, Texas 75219

To:
Bayer Pharma AG
Attn: Eva Gardyan-Eisenlohr
General Counsel
Muellerstrasse 178
13353 Berlin
GERMANY

Registered No.   LC458407235US
USPS® Customs Declaration — CN 22
IMPORTANT: The item/parcel may be opened officially. See Privacy Notice on reverse of Sender's instructions page. Please print in English and press firmly; you are making multiple copies.

From:
The Mulligan Law Firm
3710 Rawlins Street, Suite 901
Dallas, Texas 75219

To:
Bayer Pharma AG
Attn: Eva Gardyan-Eisenlohr
General Counsel
Muellerstrasse 178
13353 Berlin
GERMANY

3 - Shipping Label (left) and Customer Copy (right)
PS Form 3806, Registered Mail Receipt
April 2015, PSN 7530-02-000-9051
For domestic delivery information, visit our website at www.usps.com ®
(See Information on Reverse)