UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
CASE NO: 2:14-MD-02592-EEF-MBN

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

MDL NO. 2592

SECTION: L
JUDGE: ELDON E. FALLON
MAG. JUDGE MICHAEL NORTH

**THIS DOCUMENT RELATES TO:**
**CIVIL ACTION NO:  2:15-CV-05463**

TRINA BONNER

   Plaintiff,

v.

JANSSEN RESEARCH & DEVELOPMENT LLC
f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL
RESEARCH AND DEVELOPMENT LLC,
JANSSEN ORTHO LLC,
JANSSEN PHARMACEUTICALS, INC.
f/k/a JANSSEN PHARMACEUTICA INC.
f/k/a ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC.,
JOHNSON & JOHNSON,
BAYER HEALTHCARE PHARMACEUTICALS, INC.,
BAYER PHARMA AG,
BAYER CORPORATION,
BAYER HEALTHCARE LLC,
BAYER HEALTHCARE AG, and
BAYER AG

   Defendants.

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**
**FOR PLAINTIFF, TRINA BONNER**

TO THE HONORABLE COURT:

The Hayes Law Firm, P.C., along with Debra B. Hayes, and Joshua R. Leal, request leave

to withdraw as counsel for Plaintiff, Trina Bonner and will show unto the Court the following:

MOTION TO WITHDRAW  - 1

**I.  ARGUMENT**

The Movants are The Hayes Law Firm, P.C., Debra B. Hayes, and Joshua R. Leal (hereinafter collectively referred to as the "Firm"), who are the current legal counsel for Plaintiff, Trina Bonner.

In accordance with the Eastern District of Louisiana's Local Rule 83.2.11, the Firm seeks leave to withdraw as the counsel for Plaintiff, Trina Bonner, on the grounds that she has failed to communicate or cooperate with the Firm and failed to fulfill a material obligation with the Firm.

The Firm is unable to develop or prosecute Ms. Bonner's case without her cooperation or communication with the Firm.  Beginning late November and early December 2015, Ms. Bonner stopped cooperating and communicating with the firm. The firm has attempted to call Ms. Bonner on numerous occasions but she has failed to return phone calls.  Since that time, the firm has only been able to reach Ms. Bonner only once, which was on or about December 15, 2015, but Ms. Bonner made the phone call extremely short and the Firm could not obtain the information it needed to diligently prosecute the case.  The Firm has continued calling Ms. Bonner since that time until current date and has not received a response from Ms. Bonner.  The last attempt to call Ms. Bonner was made on March 1, 2016, in which the Firm left a voicemail as it has always done in the past, and Ms. Bonner has not responded.

In addition to the multiple phone calls to the client, the Firm sent the following correspondences to Ms. Bonner requesting that she contact the firm or respond with information as follows:

MOTION TO WITHDRAW  - 2

| Date | Correspondence to Client |
|---|---|
| 12/15/2015 | Email |
| 12/18/2015 | First Class & Certified Letter No: 7015 1730 0000 5427 0611 |
| 12/30/2015 | Email |
| 1/7/2016 | First Class Letter |
| 1/11/2016 | First Class & Certified Letter No:  7015 1730 0000 5427 2318 |
| 1/15/2016 | First Class & Certified Letter No:  7015 1730 0000 5427 2332 |
| 1/20/2016 | Email |
| 1/27/2016 | First Class & Certified Letter No:  7015 1730 0000 5427 2455 |

Ms. Bonner has never responded to any of the written communications.  In fact the certified letters were either unclaimed or notices were left at her residence regarding the communication.[1] Without waiving the attorney-client privilege, the Firm has advised Ms. Bonner in writing that a failure to communicate or cooperate with the Firm can result in the dismissal of the suit.  The warnings were contained in the letters dated December 18, 2015, January 11, 2015, and January 27, 2016.

The Firm requested the medical and pharmacy records for Ms. Bonner beginning on October 7, 2015.  However, the facilities responded with certain information that required further follow up with Ms. Bonner.  Since Ms. Bonner stopped communicating and cooperating with the Firm, the Firm is unable to obtain her complete medical records, nor the pharmacy records confirming the usage of Xarelto.

As a result, the Firm is unable to continue the development and prosecution of Ms.

---

[1] For all certified letters, the Firm also sends the same letter through first class mail to ensure delivery to the address.
MOTION TO WITHDRAW  - 3

Bonner's case.  The Firm requests permission to withdraw as Counsel and grant Ms. Bonner the additional time to obtain new Counsel.

Since Ms. Bonner does not communicate with the Firm, she has not given the Firm the permission to dismiss the case.

The Firm has advised Ms. Bonner in writing that the Firm is filing the Motion to Withdraw, advised her in writing that she has the right to object to the Motion, and sent her a copy of this motion by first class and certified mail.  The Firm has also advised Mr. Bonner in writing regarding the show cause hearing set for March 16, 2016, at 9:00 a.m. (D.E. 2424) regarding the failure to prove Xarelto use.  The Firm has also advised Ms. Bonner regarding any other pending deadlines, if any.

The last known address and telephone number for Trina Bonner is 2949 8th Avenue, Apt. 16-B, New York, NY 10039, Ph: 347-909-6583, email: ms.trinabonner@gmail.com.

### CONCLUSION

For all of these reasons, the Movants request for leave to withdraw as Counsel of Record.

Respectfully submitted,

The Hayes Law Firm, P.C.

/s/ Joshua R. Leal
Joshua R. Leal, TX Bar No: 24048609
Debra B. Hayes TX Bar No. 05656790
700 Rockmead, Suite 210
Kingwood, TX  77339
Telephone: (281) 815-4986
Fax: (832) 575-4759
jleal@dhayeslaw.com
dhayes@dhayeslaw.com
**MOVANTS**

MOTION TO WITHDRAW  - 4

**CERTIFICATE OF CONFERENCE**

I hereby certified that I emailed Defense Counsel before filing the Motion to determine whether they were opposed, and I have not received a response at this time.

/s/ Joshua R. Leal
Joshua R. Leal

**CERTIFICATE OF SERVICE**

I certify that on March 4, 2016, I electronically filed a copy of the above and foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record.

/s/ Joshua R. Leal
Joshua R. Leal

MOTION TO WITHDRAW  - 5