UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
CASE NO: 2:14-MD-02592-EEF-MBN

| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592<br><br>SECTION: L<br>JUDGE: ELDON E. FALLON<br>MAG. JUDGE MICHAEL NORTH |
|---|---|

**THIS DOCUMENT RELATES TO:**
**CIVIL ACTION NO: 2:15-CV-05463**

TRINA BONNER

      Plaintiff,

v.

JANSSEN RESEARCH & DEVELOPMENT LLC
f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL
RESEARCH AND DEVELOPMENT LLC,
JANSSEN ORTHO LLC,
JANSSEN PHARMACEUTICALS, INC.
f/k/a JANSSEN PHARMACEUTICA INC.
f/k/a ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC.,
JOHNSON & JOHNSON,
BAYER HEALTHCARE PHARMACEUTICALS, INC.,
BAYER PHARMA AG,
BAYER CORPORATION,
BAYER HEALTHCARE LLC,
BAYER HEALTHCARE AG, and
BAYER AG

      Defendants.

**PLAINTIFF, TRINA BONNER'S, RESPONSE TO THE**
**COURT'S ORDER (D.E. 2424)**
**TO SHOW CAUSE FOR FAILING TO PROVE XARELTO USE.**

TO THE HONORABLE COURT:

In response to the Court's Show Cause Order Document 2424, Legal Counsel for Trina Bonner sets forth the efforts to obtain proof of Xarelto use.

BONNER'S RESPONSE TO SHOW CAUSE - 1

Legal counsel for the Plaintiff, Trina Bonner, has attempted to obtain the pharmacy records of Ms. Bonner to confirm the usage of Xarelto. However, the Firm cannot take any further action to develop or prosecute the case since Ms. Bonner has stopped cooperating and communicating with her legal Counsel (hereinafter referred to as the "Firm"). As a result, the Firm is simultaneously filing a Motion to Withdraw in her individual case.

The Firm requested the medical and pharmacy records of Ms. Bonner beginning on October 7, 2015. However, the facilities responded with certain information that required further follow up with Ms. Bonner. Since Ms. Bonner stopped communicating and cooperating with the Firm, the Firm is unable to obtain her complete medical records, nor the pharmacy records confirming the usage of Xarelto.

Beginning late November and early December 2015, Ms. Bonner stopped cooperating and communicating with the firm. The firm has attempted to call Ms. Bonner on numerous occasions but she has failed to return phone calls. Since that time, the firm has only been able to reach Ms. Bonner only once, which was on or about December 15, 2015, but Ms. Bonner made the phone call extremely short and the Firm could not obtain the information it needed to diligently prosecute the case. The firm has continued calling Ms. Bonner since that time until current date and has not received a response from Ms. Bonner. The last attempt to call Ms. Bonner was made on March 1, 2016, in which the Firm left a voicemail as it has always done in the past, and Ms. Bonner has not responded.

In addition to the multiple phone calls to the client, the Firm sent the following correspondences to Ms. Bonner requesting that she contact the firm or respond with information as follows:

BONNER'S RESPONSE TO SHOW CAUSE - 2

| Date | Correspondence to Client |
|---|---|
| 12/15/2015 | Email |
| 12/18/2015 | First Class & Certified Letter No: 7015 1730 0000 5427 0611 |
| 12/30/2015 | Email |
| 1/7/2016 | First Class Letter |
| 1/11/2016 | First Class & Certified Letter No: 7015 1730 0000 5427 2318 |
| 1/15/2016 | First Class & Certified Letter No: 7015 1730 0000 5427 2332 |
| 1/20/2016 | Email |
| 1/27/2016 | First Class & Certified Letter No: 7015 1730 0000 5427 2455 |

Ms. Bonner has never responded to any of the written communications. In fact the certified letters were either unclaimed or notices were left at her residence regarding the communication.[1] Without waiving the attorney-client privilege, the Firm has advised Ms. Bonner in writing that a failure to communicate or cooperate with the Firm can result in the dismissal of the suit. The warnings were contained in the letters dated December 18, 2015, January 11, 2015, and January 27, 2016.

As a result, the Firm is unable to continue the development and prosecution of Ms. Bonner's case. Since Ms. Bonner does not communicate with the Firm, her legal Counsel does not have permission to dismiss the case.

The Firm requests permission to withdraw as Counsel, and grant Ms. Bonner the additional time to obtain new Counsel to prove her use of Xarelto, or allow Ms. Bonner to decide for herself whether she wishes to continue with her case.

---

[1] For all certified letters, the Firm also sends the same letter through first class mail to ensure delivery to the address.

BONNER'S RESPONSE TO SHOW CAUSE  - 3

The Firm has advised Ms. Bonner in writing that the Firm is filing the Motion to Withdraw, has advised her in writing that she has the right to object to the Motion, and sent her a copy of Motion to Withdraw, by certified and first class mail.  The Firm has also advised Mr. Bonner in writing regarding the show cause hearing set for March 16, 2016, at 9:00 a.m. (D.E. 2424) regarding the failure to prove Xarelto use.  The Firm has also advised Ms. Bonner regarding any other pending deadlines, if any.

Further and in the alternative, in the event the Court is inclined to dismiss the case (in which the Firm opposes as it must since Ms. Bonner has not given the Firm the permission to dismiss the case), then the Firm respectfully recommends that the case be dismissed without prejudice and upon the condition that the case cannot be refiled unless Ms. Bonner provides proof of her use of Xarelto and the time the new suit is filed.

The last known address and telephone number for Trina Bonner is 2949 8th Avenue, Apt. 16-B, New York, NY 10039, Ph: 347-909-6583, email: ms.trinabonner@gmail.com.

Respectfully submitted,

The Hayes Law Firm, P.C.

*/s/ Joshua R. Leal*
Joshua R. Leal, TX Bar No: 24048609
Debra B. Hayes TX Bar No. 05656790
700 Rockmead, Suite 210
Kingwood, TX  77339
Telephone: (281) 815-4986
Fax: (832) 575-4759
jleal@dhayeslaw.com
dhayes@dhayeslaw.com
ATTORNEYS FOR TRINA BONNER

BONNER'S RESPONSE TO SHOW CAUSE  - 4

**CERTIFICATE OF SERVICE**

    I certify that on March 4, 2016, I electronically filed a copy of the above and foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record.

                                            /s/ Joshua R. Leal
                                            Joshua R. Leal

BONNER'S RESPONSE TO SHOW CAUSE - 5