**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | MDL No. 2592 |
| | : | |
| | : | SECTION L |
| | : | |
| | : | JUDGE ELDON E. FALLON |
| | : | |
| _____ | : | MAGISTRATE JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

**LESLIE KEITH SHEFFIELD**
**Civil Action No.: 2:15-cv-07074**

**JANE TURMAN**
**Civil Action No.: 2:16-cv-00356**

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
## FOR EXTENSION OF TIME TO SERVE PROCESS
## TO DEFENDANT BAYER PHARMA AG

The Plaintiffs' in the above-referenced Complaint hereby submits this Memorandum in support of their Motion for an Order from this Honorable Court granting thirty (30) days within which to serve process on Defendant, Bayer Pharma AG, through the streamlined process as set for in this Court's Pre-Trial Order ("PTO") No. 10.

### I.       FACTUAL AND PROCEDURAL BACKGROUND

On December 23, 2015, Plaintiffs filed a Joint Complaint against Defendants and was assigned case no. 2:15-cv-07074.  On January 6, 2016, pursuant to Pre-Trial Order ("PTO") 11, the Joint Complaint was severed into separate individual cases.  On January 14, 2016, pursuant to PTO 11, Plaintiff Jane Turman, initially part of the Joint Complaint, filed a separate, short form complaint and was assigned case no. 2:16-cv-00356.

On January 22, 2016, Plaintiff served process on Bayer Pharma AG (via registered international mail) (Receipt for registered mail attached hereto as Exhibit A) via the streamlined process provided by PTO 10.  On February 12, 2016, counsel for Bayer Pharma AG sent the undersigned counsel a letter stating that service was deficient as the service of process did not include a summons.  (Letter from counsel for Bayer Pharma AG along with returned documents attached as Exhibit B).  The letter went on to state that the undersigned counsel had 10 days  from the date of the letter to correct service in this matter without regard to the 60-day period.

In good faith and in response to the letter dated February 12, 2016, the undersigned counsel served process on Bayer Pharma AG again (via registered international mail) (Receipt for registered mail attached hereto as Exhibit C) on February 19, 2016 which included the summons and complaint.  On March 1, 2016, counsel for Bayer Pharma AG sent the undersigned counsel a letter stating that service was deficient as the service of process did not include a copy of the Severance Order or a list of individual cases associated with the Joint Complaint per the instructions in PTO 11.  (Letter from counsel for Bayer Pharma AG along with returned documents attached as Exhibit D).

## II.    LEGAL STANDARD AND ANALYSIS

Fed. R. Civ. P 4 sets forth the procedures for notifying defendants that a lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond.  Fed. R. Civ. P. 4(m) goes on to state in part:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service by made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

However, "[T]he court has discretionary power to extend time for service" even in the absence of good cause. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  The Advisory Committee notes to the 1993 amendment state that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is not good cause shown."  Fed. R. Civ. P. 4, Advisory Committee Notes at 56 (2008).

Plaintiff's original service of process on January 22, 2016 inadvertently left out the summons which was simply an oversight.  However, the package did contain all other documents as required by PTO 11 which included the Joint Complaint, the Severance Order and the list of individual cases as indicated in Exhibit B.  When the undersigned counsel received the service deficiency letter dated February 12, 2016 from Bayer Pharma AG's counsel indicating that service of process was deficient due to lack of a summons, the undersigned counsel immediately mailed service of process again to Bayer Pharma AG as indicated in Exhibit C and included both a summons and complaint as provided in Exhibit D.  However, Bayer Pharma AG's letter of March 1, 2016 now states that service is untimely because the service of process package mailed on February 19, 2016 did not contain the Severance Order and list of the individual cases and their civil action numbers associated with the Joint Complaint.

Here Plaintiffs have demonstrated their intent to pursue their claims.  It was simply an oversight that the original service package of January 22, 2016 did not contain a summons.  The Plaintiffs have not acted in bad faith; rather, they were acting in good faith when they served the original complaint and then immediately worked to resolve the service deficiency when notified by letter on February 12, 2016.  Plaintiffs' multiple attempts at service were made in good faith and indicate Plaintiffs' intent to pursue their claims.  Plaintiffs' now respectfully request this Court

to grant a permissive extension of time as allowed by the Court's discretionary power provided by Rule 4(m).

## **CONCLUSION**

In consideration of the above, Plaintiffs respectfully request this honorable Court to declare the prior service on Bayer Pharma AG to be effective, or alternatively, grant thirty (30) days within which to provide service of process on the Defendant Bayer Pharma AG through the streamlined process pursuant to PTO 10.   Plaintiffs have shown that no party herein will be prejudiced by the extension and the progress of the MDL will not be affected.

Dated this 4th day of March, 2016

Respectfully submitted,

By: s/ Annesley H. DeGaris
Annesley H. DeGaris (ASB-9182-a63a)
DEGARIS LAW GROUP, LLC
3179 Green Valley Road 235
Birmingham, AL 35243
Telephone: (205) 281-5185
Email: adegaris@degarislaw.com

*ATTORNEY FOR PLAINTIFFS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on that 4th day of March, 2016, a copy of the foregoing has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

Dated this 4th day of March, 2016

s/ Annesley H. DeGaris
ANNESLEY H. DEGARIS