CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 16-675   DIVISON "B"

TIMOTHY MARTIN

VERSUS

3M COMPANY, ET AL.

FILED: _____   _____
  DEPUTY CLERK

## STATE COURT NOTICE OF REMOVAL

**NOTICE IS HEREBY GIVEN** under 28 U.S.C. § 1441, *et seq.*, that defendants, Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Bayer Corporation, Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., 3M Company, and Arizant Healthcare, Inc., filed a Notice of Removal of this suit in and to the United States District Court for the Eastern District of Louisiana, on the 17th day of February, 2016, a copy of which is attached. A copy of the Notice of Removal has been served on all counsel of record.

In accordance with the terms of 28 U.S.C. §1446(d), this Court shall proceed no further with the action bearing suit number 631612.

Respectfully submitted,

_____
JOHN F. OLINDE (#1515)
PETER J. ROTOLO, III (#21848)
CHAFFE McCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 585-7000
Fax: (504) 544-6095
olinde@chaffe.com
rotolo@chaffe.com
*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, and Bayer Corporation*

2641382-1



KELLY JUNEAU ROOKARD (#30573)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Fax: (504) 310-2101
kjuneau@irwinllc.com
*Attorney for Defendants 3M Company and Arizant Healthcare, Inc.*


JAMES B. IRWIN (#7172)
MEERA U. SOSSAMON (#34797)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Fax: (504) 310-2101
jirwin@irwinllc.com
msossamon@irwinllc.com
*Attorneys for Janssen Research & Development, LLC and Janssen Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 17th day of February, 2016, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by telefax and/or mailing the same by United States mail, properly addressed, and first class postage prepaid.

2641382-1

2

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

FILED
FEB 17 2016
CLERK'S OFFICE
CIVIL DISTRICT COURT

| | |
|---|---|
| TIMOTHY MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| 3M COMPANY; ARIZANT HEALTHCARE, ) | |
| INC; JANSSEN RESEARCH & ) | |
| DEVELOPMENT LLC f/k/a JOHNSON AND ) | |
| JOHNSON PHARMACEUTICAL ) | Case No: |
| RESEARCH AND DEVELOPMENT LLC; ) | |
| JANSEN PHARMACEUTICALS, INC. f/k/a ) | |
| ORTHO-MCNEIL-JANSSEN ) | |
| PHARMACEUTICALS, INCL.; BAYER ) | |
| HEALTHCARE PHARMACEUTICALS, ) | |
| INC.; BAYER CORPORATION; BAYER ) | |
| HEALTHCARE LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## NOTICE OF REMOVAL

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Bayer Corporation, Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., 3M Company, and Arizant Healthcare, Inc., (collectively, "Removing Defendants"), pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of this action from the Civil District Court for the Parish of Orleans, where it is currently pending, to the United States District Court for the Eastern District of Louisiana. As is addressed below, this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity among all joined and served parties, and it is plain from the face of the Petition that Plaintiff demands more than $75,000 for his alleged injuries. Petition ¶¶ 20, 33 (included in Exhibit A). In support of this removal, Removing Defendants state as follows:

2641401-1

## INTRODUCTION

1. Plaintiff Timothy Martin ("Plaintiff") initiated this action on January 20, 2016 by filing this Petition in the Civil District Court for the Parish of Orleans. The state-court action is Case No. 16-675. Copies of all pleadings, processes, and orders in the state-court action are attached hereto as Exhibits A and B. Plaintiff's Petition alleges that he suffered infections, bleeding, and required additional surgeries as a result of his ingestion of the prescription drug Xarelto®. Plaintiff's Petition also alleges that he suffered infections and required additional surgeries as a result of the use during his 2013 total knee replacement surgery of a 3M™ Bair Hugger™ System, which warms patients during surgery ("Bair Hugger warming system"). Petition ¶¶ 20, 33. Removing Defendants deny Plaintiff's allegations.

2. Plaintiff's Petition purports to allege a claim under the Louisiana Products Liability Act against Removing Defendants.

3. This is one of many products-liability lawsuits filed in federal and state courts around the country concerning Xarelto, a pharmaceutical product used to reduce the risk of stroke in patients with nonvalvular atrial fibrillation, treat deep vein thrombosis and pulmonary embolism, reduce the risk of recurrence of deep vein thrombosis and pulmonary embolism, and prevent blood clots following hip- and knee-replacement surgery. On December 12, 2014, the Judicial Panel on Multidistrict Litigation concluded that centralization in a single federal-court forum was appropriate for these claims and issued an order establishing MDL Proceeding No. 2592, captioned *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, in this District. The MDL is for federal actions involving "allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking Xarelto." JPML Transfer Order at 3 (Attached as Exhibit C). There are now more than 5,000 cases pending in MDL No. 2592.

4. Plaintiff likewise alleges claims related to the use of the Bair Hugger warming system by his surgeons during Plaintiff's total knee replacement surgery and subsequent related knee surgeries. Petition at ¶ 4. Plaintiff asserts that the Bair Hugger warming system caused the introduction of contaminants into his open surgical wound, resulting in infections and requiring additional surgeries. Petition ¶¶ 18–19, 61.

5. Plaintiff's claims that he suffered injuries due to infection caused by the Bair Hugger warming system mirror those of other products-liability lawsuits filed in federal and state courts around the country concerning the Bair Hugger product. On December 11, 2015, the Judicial Panel on Multidistrict Litigation issued an order establishing MDL proceeding No. 2666, captioned *In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation*, in the District of Minnesota. JPML Transfer Order at 3 (Attached as Exhibit D).

## GROUNDS FOR REMOVAL

6. This action may be removed under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this action under 28 U.S.C. §§ 1331(a)(1) and 1332(a)(2). There is complete diversity of citizenship between all parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### I. Removing Defendants Have Satisfied The Procedural Requirements For Removal.

7. Removal is timely because less than 30 days have passed since service of the Summons and Petition on Removing Defendants. *See* Returns of Service (Attached as Exhibit B). Bayer Corporation, Bayer HealthCare Pharmaceuticals Inc., 3M Company, and Arizant Healthcare, Inc. were each served on February 2, 2016. Janssen Pharmaceuticals, Inc. and Janssen Research & Development LLC were each served on January 27, 2016.

8. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.2, copies of all state-court pleadings, including the Petition, are attached hereto as Exhibit A.

9. The United States District Court for the Eastern District of Louisiana is within the parish in which the state court action was pending and thus this Court is a proper forum for this action pursuant to 28 U.S.C. §§ 98(a) and 1441(a).

10. No defendant is a citizen of the State of Louisiana, the State where this action was brought. *See* 28 U.S.C. § 1441(b).

11. No previous application has been made for the relief requested herein.

12. Pursuant to 28 U.S.C. § 1446(d) a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Court for the Civil District Court for Orleans Parish.

13. If any question arises regarding the propriety of the removal of this action, the Removing Defendants respectfully request the opportunity to present a brief and oral argument in support of the position that the case is removable.

## II. Removal Is Proper Because This Court Has Subject Matter Jurisdiction Pursuant To 28 U.S.C. §§ 1332 And 1441.

14. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 as this is a civil action in which there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There Is Complete Diversity Of Citizenship Between All Parties.

15. At the time Plaintiff commenced this civil action, and at all times since, Defendant Janssen Research & Development, LLC was and is a limited liability company whose sole member is (and was when the Petition was filed) Centocor Research & Development, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania. Accordingly,

4

2641401-1

Janssen Research & Development, LLC is, and was when the Petition was filed, a citizen of Pennsylvania for the purposes of determining diversity jurisdiction. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of a limited liability company is determined by the citizenship of its members).

16. At the time Plaintiff commenced this civil action, and at all times sine, Defendant Janssen Pharmaceuticals, Inc. was and is a Pennsylvania corporation with its principal place of business in New Jersey. Accordingly, Janssen Pharmaceuticals, Inc. is, and was when the Petition was filed, a citizen of Pennsylvania and New Jersey for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

17. At the time Plaintiff commenced this civil action, and at all times since, Defendant Bayer HealthCare Pharmaceuticals Inc. was and is a Delaware corporation with its principal place of business in New Jersey. Accordingly, Bayer HealthCare Pharmaceuticals Inc. is, and was when the Petition was filed, a citizen of Delaware and New Jersey for the purposes of diversity jurisdiction. *See id.*

18. At the time Plaintiff commenced this civil action, and at all times since, Defendant Bayer Corporation was and is an Indiana corporation with its principal place of business in Pennsylvania. Accordingly, Bayer Corporation is, and was when the Petition was filed, a citizen of Indiana and Pennsylvania for the purposes of diversity jurisdiction. *See id.*

19. Bayer HealthCare LLC is, and at the time the Petition was filed was, a limited liability company whose members are Bayer Medical Care Inc., NippoNex Inc., Bayer West Coast Corporation, Bayer Essure Inc., Bayer Consumer Care Holdings LLC, Dr. Scholl's LLC, Coppertone LLC, MiraLAX LLC, and Bayer HealthCare US Funding LLC, none of whom is, or at the time of the filing of the Petition were, citizens of Louisiana. At the time of filing, the

citizenship of each of the members of Defendant Bayer HealthCare LLC for purposes of determining diversity of citizenship (*see Harvey*, 542 F.3d at 1080) was as follows:

   a) Bayer Medical Care Inc., a Delaware corporation with its principal place of business in Pennsylvania;

   b) NippoNex Inc., a Delaware corporation with it principal place of business in New Jersey;

   c) Bayer West Coast Corporation, a Delaware corporation with its principal place of business in California;

   d) Bayer Essure Inc., a Delaware corporation with its principal place of business in California;

   e) Bayer Consumer Care Holdings LLC, a limited liability company, the sole member of which is Bayer East Coast LLC, whose sole member is Bayer US Holding LP, a limited partnership in which Bayer World Investments B.V. is the sole General Partner and Bayer Solution B.V. is the sole Limited Partner. Both Bayer World Investments B.V. and Bayer Solutions B.V. are Netherlands corporations with their principal places of business in the Netherlands;

   f) Dr. Scholl's LLC, a limited liability company, the sole member of which is Bayer Consumer Care Holdings LLC. *See* ¶ 18(e);

   g) Coppertone LLC, a limited liability company, the sole member of which is Bayer Consumer Care Holdings LLC. *See* ¶ 18(e);

   h) MiraLAX LLC is a limited liability company, the sole member of which is Bayer Consumer Care Holdings LLC. *See* ¶ 18(e);

   i) Bayer HealthCare US Funding LLC, a limited liability company, the sole member of which is Bayer AG, a German corporation with its principal place of business in Germany, Bayer HealthCare US Funding LLC is a citizen of Germany for purposes of determining diversity of citizenship.

Accordingly, Bayer HealthCare LLC is not, and at the time of the filing of the Petition was not, a citizen of Louisiana for the purposes of diversity jurisdiction.

20.   At the time Plaintiff commenced this civil action, and at all times since, Defendant 3M Company was and is a Delaware corporation with its principal place of business in Minnesota. Accordingly, 3M Company is, and was when the Petition was filed, a citizen of Delaware and Minnesota for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

6

2641401-1

21.     At the time Plaintiff commenced this civil action, and at all times since, Defendant Arizant Healthcare, Inc. was and is a Minnesota corporation with its principal place of business in Minnesota.  In reality, Arizant Healthcare, Inc. is a dissolved corporation. Accordingly, Arizant Healthcare, Inc. is, and was when the Petition was filed, a citizen of Minnesota for the purposes of diversity jurisdiction. *See id.*

22.     According to the Petition, Plaintiff is a resident of the State of Louisiana. *See* Petition ¶ 1.

23.     Accordingly, this action involves "citizens of different States." 28 U.S.C. § 1332(a)(1).  Plaintiff is a Louisiana citizen and all of the defendants are citizens of states other than Louisiana.  Further, because none of the defendants are citizens of the State of Louisiana, removal of this action is proper under 28 U.S.C. § 1441(b).

**B.     The Amount In Controversy Requirement Is Satisfied.**

24.     The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because, "by the preponderance of the evidence," it is clear from the face of Plaintiff's Petition "that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B); *see also id.* § 1332(a).

25.     Plaintiff alleges that due to his ingestion of Xarelto and use of the Bair Hugger warming system he suffered a "life-threatening bleed and multiple infections" along with other "severe and personal injuries, which are permanent and lasting in nature." Petition ¶ 115. Plaintiff's alleged injuries includes "physical pain and mental anguish, diminished enjoyment of life, and financial expenses for hospitalization and medical care." *Id.* Plaintiff further seeks recovery of past and future damages as well as attorneys' fees. *See id.* at Prayer for Relief.

7

Plaintiff's serious allegations make clear that Plaintiff seeks a recovery in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2).

26. Given that plaintiffs in Louisiana state court may not specify a numerical value for their claimed damages, a removing defendant may establish the amount in controversy "by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 333 F.3d 880, 882–83 (5th Cir. 2000) (citing *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999)).

27. Although Removing Defendants deny they are liable to Plaintiff, given the nature of his alleged "permanent and lasting" injuries, it is clear that the requirements for federal diversity jurisdiction are met. Courts in this District have concluded that diversity jurisdiction lies where plaintiffs allege serious and permanent injuries similar to those alleged by Plaintiff here. *See, e.g., Tobin v. Laboratory Corp. of America*, No. 15-1731, 2015 WL 4478072, at *3 (E.D. La. July 22, 2015) (denying motion to remand after finding that "severe, painful, and permanently debilitating damages" satisfied the jurisdictional threshold); *see also, e.g., Joseph v. Johnson*, No. 09-6853, 2010 WL 235002, at *1 (E.D. La. Jan. 15, 2010). Plaintiff alleges that he suffered severe, permanent, and life-threatening injuries, allegations which clearly satisfy the jurisdictional threshold.

28. Plaintiff alleges serious, permanent injuries, and courts in this District have found that similar allegations satisfy the amount-in-controversy requirement. As such, Removing Defendants have demonstrated that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2); *see also Gebbia*, 333 F.3d at 882–83.

WHEREFORE, Removing Defendants respectfully remove this action from the Civil District Court for the Parish of Orleans, Louisiana bearing Number 16-675, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

/s/ John F. Olinde
JOHN F. OLINDE (#1515)
PETER J. ROTOLO, III (#21848)
**CHAFFE McCALL, L.L.P.**
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 585-7000
Fax: (504) 544-6095
olinde@chaffe.com
rotolo@chaffe.com
*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, and Bayer Corporation*

/s/ Kelly Juneau Rookard
KELLY JUNEAU ROOKARD (#30573)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Fax: (504) 310-2101
kjuneau@irwinllc.com
*Attorney for Defendants 3M Company and Arizant Healthcare, Inc.*

/s/ James B. Irwin
JAMES B. IRWIN (#7172)
MEERA U. SOSSAMON (#34797)
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
jirwin@irwinllc.com
msossamon@irwinllc.com
*Attorneys for Janssen Research & Development,*
*LLC and Janssen Pharmaceuticals, Inc.*