UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| RONNIE D. KING<br>    Plaintiff | JUDGE: ELDON E. FALLON |
| v. | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>    Defendants | Civil Action No: 2:15-cv-06736-EEF-MBN |

**RESPONSE TO MOTION FOR EXTENSION OF TIME
WITHIN WHICH TO SERVE PROCESS**

Defendant Bayer Pharma AG, by and through counsel, appearing specially, and reserving all defenses including without limitation insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submits the instant response to Plaintiff's motion for extension of time within which to serve process. In response, Bayer Pharma AG states as follows:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on Bayer Pharma AG. PTO 10 permits service of process on Bayer Pharma AG by registered mail, return receipt requested, upon the following representative of Bayer Pharma AG:

    Bayer Pharma AG
    Attn: Eva Gardyan-Eisenlohr
    General Counsel
    Muellerstrasse 178
    13353 Berlin
    GERMANY

1

2650519-1

PTO 10 further provides that "[c]ontemporaneous with mailing the Bayer Pharma AG pleading, plaintiffs shall provide, by electronic mail, notice of service, including a copy of the complaint, to the following address: xareltocomplaints@babc.com."

This matter was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on December 11, 2015.

On January 19, 2016, Bayer Pharma AG received a copy of the Complaint and Summons by registered mail, return receipt requested, through this representative of Bayer Pharma AG. The documents are post-marked January 11, 2016. Plaintiff failed to send contemporenous notification by electronic mail to xareltocomplaints@babc.com. By letter dated January 19, 2016. Bayer Pharma AG agreed to accept service provided that notice of service, with a copy of the Complaint, was sent to xareltocomplaints@babc.com within two weeks. Plaintiff failed to provide a copy of the Complaint with notice of service by electronic mail within two weeks.

PTO 10 only permits streamlined service of process on Bayer Pharma AG by registered mail, return receipt requested under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG . . . shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL." PTO 10 also only permits streamlined service of process on Bayer Pharma AG if contemporanous notification of service is provided by electronic mail.

Plaintiff failed properly to serve process under the terms of PTO 10 within 60 days from the docketing of the Complaint in the MDL as required for streamlined service under PTO 10. Plaintiff acknowledges that he has failed to properly serve Bayer Pharma AG under the terms of PTO 10.

Bayer Pharma AG is a company organized under the laws of Germany.  Normally, service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h).  Under Federal Rules of Civil Procedure 4(h)(2), service upon a corporation is effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof."  Subdivision (f) provides that an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

Service of process by an American plaintiff on a German defendant in Germany is normally governed by international and German law.  The streamlined process for service on Bayer Pharma AG in PTO 10 is a departure from the requirements for service under international and German law and was a concession by Bayer Pharma AG.  If a plaintiff is to receive the benefit from this departure from normal service procedures, the plaintiff should, at the very least, be required to meet the conditions in PTO 10, including service within 60 days and electronic notification.

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)."  Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to service process "if the plaintiff shows good cause for the failure" to timely serve process.  Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of

counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified.'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiff has failed to show good cause for her failure to serve Bayer Pharma AG under the terms of PTO 10 within 60 days. An error by Plaintiff's counsel does not entitle Plaintiff to an extension. *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process). The Court should deny Plaintiff's motion for extension of time to serve process and require Plaintiff to serve Bayer Pharma AG in accordance with international and German law.

Bayer Pharma AG is entitled to some certainty as to whether it will be required to defend itself in a particular case pending in the MDL. Time limits on service provide some level of certainty. Otherwise, Bayer Pharma AG is subject to being brought into any case in the MDL at any time for any reason. With numerous cases pending in the MDL, this level of uncertainty places an undue burden on Bayer Pharma AG to continue to monitor all cases pending in the MDL.

Furthermore, Pre-Trial Order No. 11 ("PTO 11") provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served." However, once Bayer Pharma AG is served in a particular case, Bayer Pharma AG's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed). Service triggers the operation of Bayer Pharma AG's omnibus answer in a particular case without any action on

the part of Bayer Pharma AG.  By delaying service, a plaintiff can delay the operation of Bayer Pharma AG's omnibus answer in a particular case.  Pre-Trial Order No. 11C provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint.  When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.
>
>  If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her complaint.  Rather, the plaintiff can amend her complaint at any time for any reason.

WHEREFORE, Bayer Pharma AG respectfully requests that the Court deny Plaintiff's request for an additional 30 days to serve process on Bayer Pharma AG under the streamlined service process and require Plaintiff to serve Bayer Pharma AG in accordance with international and German law.

March 7, 2016

                                                Respectfully submitted,

                                                By: /s/ *Steven Glickstein*
                                                Steven Glickstein
                                                William Hoffman
                                                Andrew K. Solow
                                                KAYE SCHOLER LLP
                                                250 West 55th Street
                                                New York, New York 10019-9710
                                                Telephone: (212) 836-8485
                                                Facsimile: (212) 836-6485
                                                sglickstein@kayescholer.com

2650519-1

        By: */s/ John F. Olinde*
        John F. Olinde (LA Bar #1515)
        CHAFFE McCALL L.L.P.
        1100 Poydras Street
        Suite 2300
        New Orleans, LA 70163
        Telephone: (504) 585-7241
        Facsimile: (504) 544-6084
        olinde@chaffe.com
        ***Attorneys for Bayer Pharma AG***

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

        */s/     John F. Olinde*

6

2650519-1