UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL 2592 |
| | | SECTION L |
| THIS DOCUMENT RELATES TO ALL CASES | : : : | JUDGE ELDON E. FALLON |
| | : : | MAG. JUDGE NORTH |

**PLAINTIFFS' STEERING COMMITTEE'S RESPONSE TO
ORDER TO SHOW CAUSE REGARDING
PLAINTIFFS WHO HAVE FAILED TO PROVE PROOF OF USE**

The Plaintiffs' Steering Committee ("PSC") submits this response to this Court's Order to Show Cause Regarding Plaintiffs Who Have Failed to Prove Xarelto Use (Doc. No. 2424).[1]

**I.  BACKGROUND**

On May 4, 2015, this Court entered Case Management Order No. 1 ("CMO 1") and Pre-Trial Order No. 13 ("PTO 13"), which require each Plaintiff to submit a Plaintiff Fact Sheet, authorizations, and responsive documents (collectively, a "PFS"), within sixty days after his or her case is directly filed in, or transferred into, the MDL.[2] One component of the PFS is the provision of prescription and/or pharmacy records demonstrating use of Xarelto.[3] PTO 13 further requires Defendants' Liaison Counsel ("DLC") to send an e-mail notice, and provide a

---

[1] Individual Plaintiffs may also file additional responses to the Order to Show Cause. The legal issues in all but the last section of this response are identical to those in the response to the Order to Show Cause Regarding Plaintiffs Who Have Failed to Serve a Plaintiff Fact Sheet (Doc. No. 2425). The legal issues have been presented in each brief for the convenience of the court.

[2] See Doc. No. 891, at ¶ 4(a); Doc. No. 895, at ¶ 2.

[3] *See* CMO 1 (Doc. No. 891), at ¶ 4(b).

1

twenty-day cure period, to each Plaintiff who does not fully comply by the deadline, and states that a failure to comply may result in dismissal of the claim.[4]

Defendants have provided Plaintiffs' Liaison Counsel ("PLC") with a list of Plaintiffs who had failed to provide records demonstrating proof of use of Xarelto as required for their PFSs to be substantially complete, after which PLC communicated with counsel to encourage compliance.[5] Defendants have requested an order requiring numerous Plaintiffs to show cause why their actions should not be dismissed with prejudice for failure to timely serve proof of Xarelto use.[6] The PSC submits that any order issued by the Court based on a failure to show cause should enable a plaintiff to cure any defect and not result in dismissal with prejudice.

## II.  LEGAL STANDARDS

### A.  Rule 41(b)

Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action if the plaintiff fails to comply with a court order, and unless the dismissal states otherwise, the effect of the dismissal will be an adjudication on the merits.

The Fifth Circuit has observed that a dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. Cignarsi-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1985)). Consequently, the Fifth Circuit has limited the district court's discretion by allowing dismissal with prejudice only where: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that

---

[4] See Doc. No. 895, at ¶3.

[5] *See* Joint Report No. 13 of Plaintiffs' and Defendants' Liaison Counsel (Doc. No. 2351), at ¶ 5.

[6] *See Ex Parte* Motion for Order to Show Cause Regarding Plaintiffs Who Have Failed to Prove Xarelto Use (Doc. No. 2374).

lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citing *Callip,* 757 F.2d at 1519-21).

As to the first requirement, the Fifth Circuit has "repeatedly held that a plaintiff's failure to comply with a few court orders does not warrant dismissal with prejudice." *Mayes v. Fedex Freight Inc.,* 584 Fed. Appx. 278, 278 (5th Cir. 2014) (citing *Berry,* 975 F.2d at 1191 n.6) ("Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice.").

As to the second requirement, the Fifth Circuit has held that "[t]he court should describe the lesser sanctions it considered, and if the court concludes that lesser sanctions will not prompt diligent prosecution, it should explain why lesser sanctions would be inadequate." *Id.; Callip,* 757 F.2d at 1521 ("[W]e cannot affirm a dismissal unless the district court expressly considered alternative sanctions and determined that they would not be sufficient to prompt diligent prosecution or the record reveals that the district court employed lesser sanctions prior to dismissal . . . that in fact proved to be futile."). Lesser sanctions could include "[a]ssessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings." *Id.; Callip,* 757 F.2d at 1521. The court's findings on this point "must be spread upon the record for such findings of fact are essential for [the Fifth Circuit's] consideration of the inevitable argument that the dismissal was an abuse of discretion." *Mayes,* 584 Fed. Appx. at 278 (internal quotations and citations omitted).

Additionally, in most cases, the Fifth Circuit requires that dismissal with prejudice be substantiated with at least one of the following three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay

caused by intentional conduct." *Berry,* 975 F.2d at 1191 (citing *Price v. McGlathery,* 792 F.2d 472, 474 (5th Cir. 1976)).

      **B.**      <u>**Rule 37(b)(2)**</u>

Federal Rule of Civil Procedure 37(b)(2)(a)(v) authorizes a court to dismiss an action if the party fails to obey a discovery order. The Fifth Circuit has held that "[b]ecause the law favors the resolution of legal claims on the merits . . . and because dismissal is a severe sanction that implicates due process . . . , we have previously deemed dismissal with prejudice to be a 'draconian remedy' and a 'remedy of last resort.'" *FDIC v. Conner,* 20 F.3d 1376, 1380 (5th Cir. 1994) (citations omitted). The Court further noted that "sanctions should be used as a lethal weapon only under extreme circumstances." *Id.* (citations omitted).

In light of this, the Fifth Circuit has "articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order": (1) the violation must result "from willfulness or bad faith and [be] accompanied by bad faith and a clear record of delay or contumacious conduct;" (2) the violation "must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citing *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1032 (5th Cir. 1990)).

**III.**     **ARGUMENT**

      **A.**      <u>**The discovery violations do not support dismissal with prejudice.**</u>

Even without the benefit of individual responses from Plaintiffs' counsel, it is evident that the prerequisites for dismissal – deemed by the Fifth Circuit to be the extreme, draconian remedy of last resort – have not been met.

### 1.     There is no clear record of delay or contumacious conduct by Plaintiffs.

Not even one failure by one Plaintiff has been documented, because Defendants did not attach any deficiency notices or related correspondence to their motion.  This alone precludes dismissal with prejudice.  *See, e.g., In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* No. 09-8698, 2012 U.S. Dist. LEXIS 54871, at *7 (E.D. La. Apr. 18, 2012); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* No. 12-112, 2012 U.S. Dist. LEXIS 54873, at *7 (E.D. La. Apr. 18, 2012).

Even if evidentiary proof were not required, at most, each Plaintiff essentially committed only one discovery violation, by failing to comply with the deadline for the submission of proof of Xarelto use.   The fact that the deadline was set forth in two separate orders (CMO 1 and PTO 13) is a technicality only, because the two orders were issued almost simultaneously on the same day, and imposed the same duty.  Certainly, if "a plaintiff's failure to comply with a few court orders does not warrant a dismissal with prejudice," *Mayes,* 584 Fed. Appx. at 278, a failure to comply with only one court-ordered deadline cannot warrant a dismissal with prejudice.

### 2.     Lesser sanctions have not proven to be futile, or expressly determined to be futile.

No lesser sanction has been attempted, or even considered but rejected as unlikely to trigger compliance.  Other alternatives are available.  Further, there have been no conditional or non-prejudicial dismissals.  As stated above, attempts at, or at least express consideration of, lesser sanctions are essential to support a dismissal with prejudice.  *See Berry,* 975 F.2d at 1191; *Callip,* 757 F.2d at 1521; *Mayes,* 584 Fed. Appx. at 278.

Fifth Circuit precedent requires a finding of an abuse of discretion, and a reversal, if a dismissal with prejudice is based on only one or two violations, without any attempts at lesser

sanctions. *See, e.g., Berry,* 975 F.2d at 1191-92; *Keith v. Gutierrez,* 610 Fed. Appx. 428, 429 (5th Cir. 2015); *Mayes,* 584 Fed. Appx. at 278; *Farmer v. La. Elec. & Fin. Crimes Task Force,* 553 Fed. Appx. 386, 389-90 (5th Cir. 2014). The Fifth Circuit has affirmed dismissals with prejudice only after multiple violations were followed by failed attempts at lesser sanctions. *See, e.g., Callip,* 757 F.2d at 1519-22 (dismissal entered and affirmed after plaintiff failed to comply with nine deadlines throughout every stage of litigation, and compliance time was extended in five instances, and an assessment was imposed).

Federal courts in Louisiana similarly have declined to dismiss where lesser sanctions were not proven to be, or ruled out as, futile. *See, e.g., Campbell v. Fireman's Fund Ins. Co.,* No. 13-6115, 2015 U.S. Dist. LEXIS 3958, at *7 (E.D. La. Jan. 12, 2015) (Judge Fallon) (noted availability of lesser sanction of trial date continuance); *Mitchell v. State Farm Fire & Cas. Ins. Co.,* No. 09-519, 2010 U.S. Dist. LEXIS 21289, at *4-5 (E.D. La. Mar. 9, 2010) (Judge Duval) (issued warning after two discovery violations); *Daggs v. Lexington Ins. Co.,* No. 07-7991, 2009 U.S. Dist. LEXIS 101145, at *9 (E.D. La. Oct. 15, 2009) (Magistrate Judge Roby) (awarded fees/costs after discovery violation); *Torrengo v. Cross,* No. 06-6111, 2008 U.S. Dist. LEXIS 88280, at *7-8 (E.D. La. Oct. 21, 2008) (Judge Duval) (planned conference to discuss lesser sanction); *Avery v. USAF,* No. 05-3240, 2006 U.S. Dist. LEXIS 62699, at *5-7 (E.D. La. July 12, 2006) (Magistrate Judge Wilkinson) (warned, then fined, then gave last opportunity to comply and explain before dismissal), *approved,* 2006 U.S. Dist. LEXIS 58299 (E.D. La. Aug. 18, 2006) (Judge Berrigan) (dismissed with prejudice after last deadline passed with no compliance).

### 3. **There is no evidence that any violation was attributable to the client instead of the attorney.**

In the *FEMA Trailer* litigation, Judge Engelhardt dismissed cases with prejudice, and/or denied requests to vacate dismissals with prejudice, only where repeated violations resulted from

6

the plaintiffs' failure to respond to their attorneys' attempts at contact, or the plaintiffs' failure to maintain current information with their counsel to allow contacts.[7] No *FEMA Trailer* case was dismissed with prejudice unless the actual plaintiff was the cause for the basis of the dismissal.

The extreme case of dismissal with prejudice is only appropriate when the plaintiff intentionally causes a failure to comply with multiple attempts to discovery information about their claim. *See, e.g., Becker v. Toca,* No. 07-7202, 2008 U.S. Dist. LEXIS 109096, at *7-9 (E.D. La. June 16, 2009) (Judge Fallon) (default entered after experienced attorney-plaintiff with knowledge of discovery requirements failed for seven months to comply with two discovery orders); *Johnson v. Hous. Auth. of Jefferson Parish,* No. 04-1128, 2008 U.S. Dist. LEXIS 44347, at *3-4 (E.D. La. June 4, 2008) (Judge McNamara) (dismissed with prejudice because plaintiffs abandoned claims by not contacting counsel); *Johnson v. Astrue,* No. 10-1552, 2011 U.S. Dist. LEXIS 107577, at *2-4 (W.D. La. Aug. 11, 2011) (dismissed with prejudice where plaintiff was sent copy of notice and shared responsibility for failure to comply); *cf., Mitchell,* 2010 U.S. Dist. LEXIS 21289, at *4 (dismissal denied in part because no clear fault by plaintiffs); *Daggs,* 2009 U.S. Dist. LEXIS 101145, at *9 (same).

---

[7] *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* No. 09-4730, 2011 U.S. Dist. LEXIS 102048, at *9-10 (E.D. La. Sept. 9, 2011), *reconsideration denied,* 2011 U.S. Dist. LEXIS 131652 (E.D. La. Nov. 15, 2011); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* No. 09-7848, 2011 U.S. Dist. LEXIS 102142, at *8-10 (E.D. La. Sept. 9, 2011), *reconsideration denied,* 2011 U.S. Dist. LEXIS 131652 (E.D. La. Nov. 15, 2011); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* Nos. 09-3557, 09-4462, 09-5494, 2011 U.S. Dist. LEXIS 105581, at *16-18 (E.D. La. Sept. 16, 2011); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* No. 09-7109, 2011 U.S. Dist. LEXIS 109088, at *12-13 (E.D. La. Sept. 22, 2011); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* Nos. 09-7109, 10-3442, 2011 U.S. Dist. LEXIS 109189, at *7-9 (E.D. La. Sept. 23, 2011); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* No. 10-2248, 2011 U.S. Dist. LEXIS 115705, at *8-10 (E.D. La. Oct. 5, 2011), *vacated in part,* 2011 U.S. Dist. LEXIS 147441, at *20-22 (E.D. La. Dec. 21, 2011); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* No. 10-1261, 2011 U.S. Dist. LEXIS 139521, at *8-9 (E.D. La. Dec. 5, 2011); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* No. 10-2262, 2012 U.S. Dist. LEXIS 23518, at *9-10 (E.D. La. Feb. 24, 2012).

### 4. There is no evidence of intentional, willful, or bad faith conduct.

There is no evidence, or even claim, that any delay in submitting proof of Xarelto use is attributed to intentional, willful, or bad faith conduct. Additionally, there is no reason to assume that bad faith is at play, as opposed the need for more time to gather documents, or the limitations of over-extended staff, or even negligence. The latter is the more likely scenario. As stated above, without such evidence, discovery violations cannot support dismissal with prejudice in the Fifth Circuit. *See FDIC,* 20 F.3d at 1380-81; *see also Daggs,* 2009 U.S. Dist. LEXIS 101145, at *9 (dismissal denied in part because there was only a conclusory allegation of bad faith, with no demonstration of the actual reason for the delay).

### 5. There is no evidence of actual, substantial prejudice.

Likewise, there is no evidence, or even claim, that any Defendant has suffered actual, substantial prejudice as a result of the delay, and, in any event, a showing of prejudice sufficient to warrant dismissal at this early stage would be unlikely. Recalcitrance at much later stages of litigation more often result in prejudice justifying dismissal. *See, e.g., Becker,* 2008 U.S. Dist. LEXIS 109096, at *8-9 (actual prejudice where trial scheduled to begin in less than two months); *Avery,* 2006 U.S. Dist. LEXIS 62699, at *5 (prejudice where discovery deadline, final pretrial conference, and trial looming); *cf., Mitchell,* 2010 U.S. Dist. LEXIS 21289, at *4 (dismissal denied in part because court not persuaded on substantially prejudice); *Daggs,* 2009 U.S. Dist. LEXIS 101145, at *9 (dismissal denied in part because extent of prejudice unclear).

Furthermore, there is even less reason to dismiss any cases with prejudice due to the procedural posture of this litigation. The Court has entered Case Management Orders 2 (Rec. Doc. 1305), 3 (Rec. Doc. 1680-1) and 4 (Rec. Doc. 1785) setting forth bellwether cases. The bellwether pool has been selected for discovery (see Rec. Doc. 2626). Only the cases in the

bellwether pool are proceeding to be discovered at this time.  There is no discovery commencing on non-bellwether discovery pool claimants and therefore there is no basis for dismissal of cases with prejudice.

### B. Definitive proof of Xarelto use is not yet required to prevent dismissal.

At present, Plaintiffs have failed only to timely comply with their discovery obligation, to produce proof of Xarelto use within a set period.  Substantively, however, outside of the court's discovery order, there is no obligation to produce such proof of use at this stage of the litigation.

While it is conceded that no plaintiff can recover from a defendant without establishing that the defendant manufactured the product at issue, the time to establish that proof is not now.  For example, in *Moore v. BASF Corp.,* No. 11-1101, 2011 U.S. Dist. LEXIS 134848 (E.D. La. Nov. 21, 2011) (Judge Vance), the court denied a motion to dismiss based on insufficient product identification, even though the complaint had not identified the specific products used, and listed only the names of manufacturers, noting that the provision of exact information was not required at such an early stage in the litigation.  *Id.* at *17-18.

The obligation to present definitive proof of Xarelto use instead will arise when summary judgment motions are presented.  In affirming a summary judgment order that was based in part on the plaintiff's failure to establish product identification through more than an affidavit stating the defendant had "probably made" the product at issue, the Third Circuit confirmed that "[t]he function of intercepting factually insufficient claims is now assigned to the summary judgment. As the notes of the Advisory Committee on Civil Rules state, 'The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.").  *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1193, 1196 (5th Cir. 1986) (citations omitted).

Courts have traditionally waited until the summary judgment stage to focus on evidence relating to product identification. *See, e.g., Wagoner v. Exxon Mobil Corp.,* 813 F. Supp. 2d 771, 796-97 (E.D. La. 2011) (Judge Fallon) (evaluating sufficiency of product identification evidence at summary judgment stage); *Scaffidi v. Thompson-Hayward Chem.,* No. 94-3860, 1997 U.S. Dist. LEXIS 12366, at *8-9 (E.D. La. Aug. 12, 1997) (Judge Fallon) (case maintained until Plaintiffs failed to produce product identification evidence at summary judgment stage); *Cooper v. Wyeth,* No. 09-929, 2010 U.S. Dist. LEXIS 103198, at *4-6 (M.D. La. Sept. 28, 2010) (Judge Brady) (same); *Estate of Wilson v. Grow Group,* No. 94-307, 1996 U.S. Dist. LEXIS 3883, at *7-9 (E.D. La. Mar. 21, 1996) (Judge Vance), *aff'd,* 1996 U.S. App. LEXIS 43287 (5th Cir. 1996) (same); *Garcia v. Pfizer, Inc.,* 268 Fed. Appx. 270, 273-75 (5th Cir. 2008) (affirming summary judgment in case maintained until Plaintiff failed to produce sufficient product identification evidence in response to summary judgment motion).

## IV.    CONCLUSION

Failure to timely produce proof of Xarelto use at this stage of the litigation consists of nothing more than a discovery violation. The Fifth Circuit has unequivocally prohibited the dismissal of a case with prejudice based on a discovery violation without a showing of a pattern of repeated, contumacious, bad faith conduct attributed directly to the Plaintiff, followed by consideration of or attempts at lesser sanctions, resulting in actual, substantial prejudice to Defendants. No such showing has, or can, be made at this time. For this reason, the PSC respectfully requests that any order entered based on a failure to show cause impose a lesser sanction than dismissal with prejudice.

DATED:  March 8, 2016              Respectfully submitted,

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Facsimile: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENHAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone: (504) 522-2304
Facsimile: (504) 528-9973
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 8, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Leonard A. Davis
**LEONARD A. DAVIS**