UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN) : MDL No. 2592
PRODUCTS LIABILITY LITIGATION :
: SECTION L
:
: JUDGE ELDON E. FALLON
:
: MAGISTRATE JUDGE NORTH
:

THIS DOCUMENT RELATES TO:

*Mary E. Bounds v. Janssen Research & Development, LLC, et al ("Bounds"),* LAED USDC No. 15-4144;

*James N. Johnson v. Janssen Research & Development LLC, et al,* LAED USDC No. 15-4499;

*Kenneth Karl Kaiser and Linda Kaiser Riley obo Bobbie Kaiser v. Janssen Research & Development, LLC ("Kaiser"),* LAED USDC No. 15-4500;

*William Kouns and Billie Kouns v. Janssen Research & Development, LLC ("Kouns"),* LAED USDC No. 15-4502;

*Douglas Robinson, Linda Runyan, Karen Hamilton and Richard Robinson obo Richard T. Robinson v. Janssen Research & Development, LLC ("Robinson")* LAED USDC No. 15-4505;

*Randall Smith and Susan Smith v. Janssen Research & Development, LLC ("Smith"),* LAED USDC No. 15-4507;

*Imond Washington v. Janssen Research & Development, LLC ("Washington"),* LAED USDC No. 15-4510;

*Betty Wilcots v. Janssen Research & Development, LLC ("Wilcots"),* LAED USDC No. 15-4513.

**REPLY MEMORANDUM IN SUPPORT OF SECOND MOTION FOR
EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**

**MAY IT PLEASE THE COURT:**

Plaintiffs in the above-listed actions, through undersigned counsel, respectfully request that this Court grant their Second Motion for Extension of Time Within Which to Serve Process

("Motion") and issue an Order allowing them an additional thirty (30) days from the date of the Court's Order to serve the Joint Complaint, the Severance Order, the list of individual cases, the Short-Form Complaints, and the summonses on Bayer Pharma AG through the streamlined procedures for service of process set forth in Pre-Trial Order #10.

Defendant Bayer Pharma AG was served with the entire and complete package, including the Joint Complaint, the severance Order, the list of individual cases, the Short-Form Complaints, and the summonses for the above-captioned cases on or before December 2, 2015, and Bayer Pharma AG acknowledged receipt of these documents. (*See,* December 2, 2015 letter from Lindy Brown, counsel for Bayer Pharma AG, acknowledging receipt of the complete package, **Exhibit A.**)

In its December 2nd letter, Defendant Bayer Pharma AG admitted the receipt but contended the service was untimely pursuant to PTO #10. So, on December 3, 2015, Plaintiffs filed a Motion for Extension of Time which stated that Bayer Pharma AG had already been served, albeit not timely pursuant to PTO #10. Since Bayer Pharma AG had already been served on December 2nd, the Motion requested, and the Order granted, an extension of time to Plaintiffs which allowed Plaintiffs until December 23, 2015 (20 days after filing of the Motion) to serve Bayer Pharma AG, meaning that already-completed service of the entire package on December 2, 2015 would have been timely, even if the Court's Order retroactively granted the extension.

Significantly, in its Opposition to Plaintiffs' December 3, 2015 Motion for Extension, Defendant Bayer Pharma AG objected to the service which was not performed within the time deadlines of PTO #10, but did not state that even if Plaintiff's Motion and the extension were granted as requested, Bayer Pharma AG would continue to object to any service that was actually effected before December 23, 2015 since the Court's Order was after that time. In other words,

Bayer Pharma AG did not disclose to the Court that Plaintiffs' request would be deemed by Defendant to be futile, since the Court's Order was actually rendered after the December 23, 2015 extension date. Nevertheless, Bayer Pharma AG has now taken the position that since the December 2, 2015 service occurred <u>before</u> the Court's January 7, 2016 Order (which in effect retroactively granted an extension to serve until December 23, 2015), the December 2, 2015 service (which was clearly disclosed in the earlier Motion) was not effective.

In an attempt to satisfy Bayer Pharma AG, Plaintiffs attempted to re-serve, but Bayer Pharma AG then took the position that the re-service was not timely.

Defendants maintain that the extension of time for service places an undue burden upon them by creating a level of uncertainty in its ability to monitor the cases pending in the MDL. Plaintiffs contend that the Court has already weighed the reasonableness of the request for an extension against any perceived prejudice to the defendants and ruled on the extension pursuant to the excusable neglect standard under Fed. R. Civ. P 6(b) and that no additional burden is created by this motion.

Defendants cite the provisions of Pre-Trial Order No. 11C, which allows the plaintiff to amend the complaint ex parte within 21 days after service, as reason to deny the extension of time. Plaintiffs have made no attempt to amend their complaint, have no intention of doing so, and voluntarily waive the extension of the ex parte amendment deadline in order to ensure that defendants suffer no prejudice from the Court's ruling.

Plaintiffs in the above-captioned matters respectfully request that this Court grant this Motion and allow them an additional thirty (30) days from the date of the Court's Order to re-serve Bayer Pharma AG with the documents it admits it received on or before December 2, 2015; namely, the Joint Complaint, the Severance Order, the list of individual cases, the Short-

Form Complaints, and the summonses, through the streamlined procedures for service of process set forth in Pre-Trial Order #10.

Dated: March 9, 2016.

Respectfully submitted,

/s/ Mekel S. Alvarez
Morris Bart (LA Bar #02788)
Mekel Alvarez (LA Bar #22157)
Morris Bart, LLC
909 Poydras Street, 20th Floor
New Orleans, LA 70112
Telephone: 504-525-8000
Facsimile: 504-599-3392
morrisbart@morrisbart.com
malvarez@morrisbart.com

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a complete copy of the foregoing pleading has been served upon all parties or their counsel of record in a manner authorized by Fed. R. Civ. P. 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality which will send notice of the electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17, on this the 9th day of March, 2016.

/s/ Mekel S. Alvarez
Mekel S. Alvarez
