UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | *   MDL NO: 2592 * *   MASTER DOCKET CASE: *   2:14-md-02592 |
| THIS DOCUMENT RELATES TO: CASE NUMBER 2:15-cv-02427 | * * *   JUDGE: ELDON E. FALLON * *   MAG. JUDGE *   MICHAEL NORTH * *   JURY TRIAL DEMANDED |

*******************************************************************************

### RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO PROVE XARELTO USE

NOW INTO COURT comes Johnnie Mae Reynolds, represented through her heirs, and through counsel Scott, Sevin & Vicknair, APLC and Varadi, Hair & Checki, APLC, in case number 2:15-cv-02427, who in opposition to the Order to Show Cause Regarding Plaintiffs Who Have Failed to Prove Xarelto Use show as follows:

1. The complaint in this matter was filed on July 1, 2015 based upon a good faith belief and communications from the heirs of Johnnie Mae Reynolds that Ms. Reynolds was taking Xarelto at the time of her death.

2. Claimant and the undersigned counsel undertook to obtain all of the medical records and pharmacy records of the decedent prior to filing this suit.

3. Plaintiff and undersigned counsel have produced hundreds of medical records through MDL Centrality to the defendants on this claim.

1

4. Unfortunately, the pharmacy in which Ms. Reynolds filled prescriptions within the hospital facility that Ms. Reynolds was treated is no longer operating under the same owner.

5. Additionally, Walgreens, the other pharmacy in which Ms. Reynolds filled her prescriptions, needs sufficient proof of probate authority to release Ms. Reynolds pharmacy records.

6. Ms. Reynolds has eight (8) children, all who live in different areas of Mississippi and/or the country.

7. Ms. Reynolds estate was never formally probated as she had no real property or sufficient assets to necessitate formal probate.

8. Undersigned counsel has undertaken to fully complete a small succession affidavit pursuant to Mississippi law and has engaged local counsel to assist in this process.

9. To date, undersigned counsel has notarized receipts from 6 of the 8 heirs to Ms. Reynolds, which has been attached as *Exhibit 1.* Undersigned counsel is waiting on two more notarized signature pages to forward the fully completed small succession affidavit from Walgreens to obtain all of the pharmacy records of Ms. Reynolds and submit through MDL Centrality.

10. Undersigned counsel respectfully requests an additional sixty (60) days to complete the process of obtaining pharmacy records of Ms. Reynolds.

11. Given the difficulty of obtaining the pharmacy records from the in-house pharmacy which is no longer operating and the logistical and time constraints related to probating the estate, it is respectfully suggested to this Court that an additional grant of sixty (60) days to complete this process and removal of this matter from the Order to Show Cause list is warranted.

12. Contemporaneous with this filing, plaintiff will be filing a motion for extension of time to submit proof of Xarelto use and pharmacy records.

>Respectfully submitted,
>
>Scott, Sevin & Vicknair
>A Professional Law Corporation
>
>/s/ David P. Vicknair
>
>_____
>DAVID VICKNAIR, #34135
>3850 N. Causeway Blvd., Suite 1130
>Metairie, Louisiana 70002
>(504) 264-1057-Phone
>(504) 264-5557-Facsimile
>david@ssv-law.com
>
>-and-
>
>/s/ Galen M. Hair
>
>_____
>Galen M. Hair, T.A. (La. Bar No. 32865)
>Benjamin C. Varadi (La. Bar No. 33421)
>Varadi, Hair & Checki, LLC
>650 Poydras St., Ste. 1550
>New Orleans, LA 70130
>Facsimile: (504) 613-6351
>hair@vhclaw.com
>varadi@vhclaw.com
>
>**Attorneys for Plaintiff**