UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
CASE NO: 2:14-MD-02592-EEF-MBN

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

MDL NO. 2592

SECTION: L
JUDGE: ELDON E. FALLON
MAG. JUDGE MICHAEL NORTH

**THIS DOCUMENT RELATES TO:**
**CIVIL ACTION NO: 2:15-CV-05064**

PEGGY AUTREY

      Plaintiff,

v.

JANSSEN RESEARCH & DEVELOPMENT LLC
f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL
RESEARCH AND DEVELOPMENT LLC,
JANSSEN ORTHO LLC,
JANSSEN PHARMACEUTICALS, INC.
f/k/a JANSSEN PHARMACEUTICA INC.
f/k/a ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC.,
JOHNSON & JOHNSON,
BAYER HEALTHCARE PHARMACEUTICALS, INC.,
BAYER PHARMA AG,
BAYER CORPORATION,
BAYER HEALTHCARE LLC,
BAYER HEALTHCARE AG, and
BAYER AG

      Defendants.

**PLAINTIFF, PEGGY AUTREY'S, RESPONSE TO THE**
**COURT'S ORDER (D.E. 2424)**
**<u>TO SHOW CAUSE FOR FAILING TO PROVE XARELTO USE.</u>**

TO THE HONORABLE COURT:

In response to the Court's Show Cause Order Document 2424, Legal Counsel for Peggy Autrey sets forth the efforts to obtain proof of Xarelto use.

AUTREY'S RESPONSE TO SHOW CAUSE - 1

## ARGUMENT

Plaintiff seeks an additional 75 days to obtain the pharmacy records of Ms. Autrey to confirm her use of Xarelto. Counsel for Ms. Autrey have been diligent in their attempts to obtain signed medical authorizations from Ms. Autrey so that they may request her pharmacy records. Ms. Autrey finally sent the authorizations on February 23, 2016. Once Counsel received the authorizations, Counsel immediately requested the pharmacy records. In addition, Ms. Autrey claims she is going to the pharmacies herself to obtain a copy of the pharmacy records. As a result, Plaintiff seeks an additional 75 days to obtain confirmation of her use of Xarelto.

Legal Counsel has been diligent in asking Ms. Autrey to sign and return her medical authorizations. For a period of time, it was difficult to get a hold of Ms. Autrey since she would not respond to written correspondences and would not return phone calls. Legal Counsel sent several communications to Ms. Autrey to obtain the medical authorizations, and asked Ms. Autrey to contact the firm as follows:

| Date | Correspondence | Documents |
|---|---|---|
| 8/31/2015 | First Class Letter | Authorizations included |
| 11/5/2015 | First Class and Certified Letter No: 7014 2120 0000 3894 6980 | |
| 11/12/2015 | First Class and Certified Letter No: 7014 2120 0000 3894 6980 | |
| 12/18/2015 | First Class and Certified Letter No: 7015 1730 0000 5427 0598 | |
| 12/18/2015 | First Class and Certified Letter No: 7015 1730 0000 5427 0604 | Authorizations included |
| 12/30/2015 | First Class and Certified Letter No: 7015 1730 0000 5427 2288 | |
| 1/7/2016 | First Class Letter | |
| 1/11/2016 | First Class and Certified Letter No: 7015 1730 0000 5427 2295 | Authorizations included |

AUTREY'S RESPONSE TO SHOW CAUSE - 2

| | | |
|---|---|---|
| 2/9/2016 | First Class Letter | Authorizations included |
| 2/23/2016 | Firm received signed Authorizations | |

Without waiving the attorney-client privilege, the Firm has advised Ms. Autrey in writing that a failure to communicate or cooperate with the Firm can result in the dismissal of the suit. The warnings were contained in the letters dated November 5, November 12, both letters dated December 18, December 30, and January 11.

Legal Counsel remained diligent in their attempts to contact Ms. Autrey. Finally, on or about February 8, 2016, Legal Counsel was able to contact Ms. Autrey on the phone and was able to have a lengthy discussion. Ms. Autrey returned her medical authorizations on February 23, 2016, and Legal Counsel requested the pharmacy records on March 3, 2016.

Legal Counsel has informed Ms. Autrey regarding the show cause hearing set for March 16, 2016, at 2:00 p.m. (D.E. 2424) regarding the failure to prove Xarelto use. Ms. Autrey has represented that she is contacting her pharmacies directly to obtain her pharmacy records to confirm her use of Xarelto. Legal Counsel reserves all rights to file a motion to withdraw in the event the Client either continues or becomes uncooperative with her legal counsel, or fails to respond to inquiries by her Counsel.

Furthermore, a dismissal with prejudice is not warranted at this time. A dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005). Based on the evidence presented herein, legal counsel has been diligent in obtaining medical authorizations from the client, and remained diligent in trying to contact her. Any delay is not

AUTREY'S RESPONSE TO SHOW CAUSE - 3

the result of the efforts of Counsel. Furthermore, allowing the Plaintiff additional time to obtain her pharmacy records is a far less severe sanction than a dismissal with prejudice.

Now that Counsel has the necessary authorizations, Counsel requests additional time to request the records, and report back to the court its progress in obtaining the records at a later time, if necessary.

## CONCLUSION

Plaintiff respectfully requests another 75 days to obtain the pharmacy records. Medical facilities generally take approximately 60 days to respond to a request for medical/pharmacy records. Out of an abundance of caution, Plaintiffs requests 75 days so that Counsel may request the pharmacy records, in addition to Ms. Autrey requesting the pharmacy records herself directly from the provider.

Respectfully submitted,

The Hayes Law Firm, P.C.

*/s / Debra B. Hayes*
Debra B. Hayes TX Bar No. 05656790
Joshua R. Leal, TX Bar No: 24048609
700 Rockmead, Suite 210
Kingwood, TX  77339
Telephone: (281) 815-4986
Fax: (832) 575-4759
jleal@dhayeslaw.com
dhayes@dhayeslaw.com
**ATTORNEYS FOR PEGGY AUTREY**

## CERTIFICATE OF SERVICE

I certify that on March 14, 2016, I electronically filed a copy of the above and foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record.

*/s / Joshua R. Leal*
Joshua R. Leal

AUTREY'S RESPONSE TO SHOW CAUSE - 4