UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
CASE NO: 2:14-MD-02592-EEF-MBN

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592<br><br>SECTION: L<br>JUDGE: ELDON E. FALLON<br>MAG. JUDGE MICHAEL NORTH[Pleading Title] |

**THIS DOCUMENT RELATES TO:**
**CIVIL ACTION NO: 2:15-CV-05669**

MARK McDONALD

    Plaintiff,

v.

JANSSEN RESEARCH & DEVELOPMENT LLC
f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC,
JANSSEN ORTHO LLC,
JANSSEN PHARMACEUTICALS, INC.
f/k/a JANSSEN PHARMACEUTICA INC.
f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.,
JOHNSON & JOHNSON,
BAYER HEALTHCARE PHARMACEUTICALS, INC.,
BAYER PHARMA AG,
BAYER CORPORATION,
BAYER HEALTHCARE LLC,
BAYER HEALTHCARE AG, and
BAYER AG

    Defendants.

**PLAINTIFF, MARK McDONALD'S, RESPONSE TO THE**
**COURT'S ORDER (D.E. 2424)**
<u>**TO SHOW CAUSE FOR FAILING TO PROVE XARELTO USE**</u>

TO THE HONORABLE COURT:

MCDONALD'S RESPONSE TO SHOW CAUSE - 1

Plaintiff, Mark McDonald, respectfully requests for this Court to dismiss this case without prejudice, and with the condition that Mark McDonald cannot refile this suit unless Mark McDonald serves Defendants with proof of his use of Xarelto at the time the new suit, if any, is filed. Plaintiff, Mark McDonald, is simultaneously filing a Voluntary Stipulation of Dismissal along with this response.

Counsel for Plaintiff, Mark McDonald, was diligent in obtaining the medical and pharmacy records of Mr. McDonald. Counsel requested Mr. McDonald's records from the VA on October 7, 2015. The VA is the facility where Mr. McDonald obtained his medications. Counsel received the records from the VA recently on February 29, 2016. The records do not confirm a prescription for Xarelto for the time period requested.

In this case, Mr. McDonald may be not remember correctly the medications that he used, or the correct time period in which he used Xarelto. In either case, Mr. McDonald is willing to dismiss his claim without prejudice and is willing to stipulate that he cannot file a suit in the future without providing proof of using of Xarelto at the time the new suit, if any, is filed.

Plaintiff's Counsel has asked Defendants whether they are agreeable to a dismissal without prejudice and with the condition that proof of Xarelto must be supplied at the time the new suit, if any, is filed. Defendants will only agree to a dismissal with prejudice.

A dismissal with prejudice is not warranted. "A Rule 41(b) dismissal [for failure to prosecute] 'must be supported by a showing of unreasonable delay.' In addition, the district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

MCDONALD'S RESPONSE TO SHOW CAUSE - 2

disposition of cases on their merits and (5) the availability of less drastic sanctions.'"

*Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010).

"In most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Goodwin v. Reynolds*, 757 F.3d 1216, 1219 (11th Cir. 2014). "[I]t is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *Id.*

A dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005).

In this case, Counsel was diligent in obtaining the proof of using Xarelto. Pharmacy records were requested on October 7, 2015. Suit was filed on October 9, 2015 based upon the good faith belief that Mr. McDonald used Xarelto and suffered an injury. Mr. McDonald served his Plaintiff Fact Sheet on December 8, 2015. The VA records were received on February 29, 2016. Legal Counsel followed up with Mr. McDonald the next day on March 1, 2016. Legal Counsel emailed Defense Counsel on March 4, 2016 to determine if they were agreeable to a dismissal without prejudice. No agreement was reached.

Defendants will suffer no prejudice if the case is dismissed without prejudice. This case has been pending before this court for less than six months. Defendants have never served discovery on Mr. McDonald, never deposed him, never filed a motion regarding Mr. McDonald, and most importantly, Mr. McDonald was not selected as a bellwether case.

Furthermore, Mr. McDonald is willing to stipulate to the condition that he must serve

MCDONALD'S RESPONSE TO SHOW CAUSE - 3

Defendants with proof of using Xarelto if and when he files a new suit. This condition squarely addresses the reason for the Show Cause hearing. This also prevents an adjudication on the merits, which is not currently before the court.

## CONCLUSION

For all of these reasons, the Plaintiffs requests for the Court to dismiss the case without prejudice, and upon the condition that a new suit cannot be filed unless Plaintiff serves Defendants with proof of using Xarelto at the time any later suit is filed.

Respectfully submitted,

The Hayes Law Firm, P.C.

*/s/ Debra B. Hayes*
Debra B. Hayes TX Bar No. 05656790
Joshua R. Leal, TX Bar No: 24048609
700 Rockmead, Suite 210
Kingwood, TX  77339
Telephone: (281) 815-4986
Fax: (832) 575-4759
jleal@dhayeslaw.com
dhayes@dhayeslaw.com
**ATTORNEYS FOR MARK MCDONALD**

## CERTIFICATE OF SERVICE

I certify that on March 14, 2016, I electronically filed a copy of the above and foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record.

*/s/ Joshua R. Leal*
Joshua R. Leal

MCDONALD'S RESPONSE TO SHOW CAUSE - 4