UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No: 2592 |
| | SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |
| MAE HELEN JACKSON, INDIVIDUALLY, AND AS WRONGFUL DEATH HEIR OF RUSSELL JACKSON, DECEASED | |
| | Civil Action No.: 2:15-cv-05638 |
| Plaintiff, | |
| JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, ET AL, | |
| Defendants. | |

**RESPONSE TO ORDER TO SHOW CAUSE REGARDING
PLAINTIFFS WHO HAVE FAILED TO PROVE XARELTO USE**

Now comes Mae Helen Jackson, Individually, and as Wrongful Death Heir of Russell Jackson, Deceased, represented by Wagstaff & Cartmell, LLP in case number 2:15-cv-05638, through undersigned counsel who in opposition to the Order to Show Cause Regarding Plaintiffs Who Have Failed to Prove Xarelto Use show as follows:

1. The complaint in this matter was filed on October 30, 2015 based upon a good faith belief from the Plaintiff, spouse of the decedent claimant, that Russell Jackson had taken and ingested Xarelto and suffered an injury related thereto.

2. Plaintiff and undersigned counsel undertook the task of securing and obtaining medical and pharmacy records prior to the filing of the lawsuit.

3. Some medical and/or pharmacy records were received prior to the filing of the complaint however additional records were continuing to be secured.

4. After the receipt of additional records, undersigned counsel has been unable to verify that the claimant Russell Jackson ingested or took Xarelto.

5. Undersigned counsel has communicated with the spouse of Russell Jackson and advised that proof of ingestion and an injury relating to Xarelto must be obtained. Despite numerous efforts of undersigned counsel, the Plaintiff has been unable to provide such documentation.

6. As a result of the above and per the Plaintiff's request, undersigned counsel requested a dismissal without prejudice from the Defendants on December 22, 2015. See Exhibit A. The purpose of the dismissal without prejudice was to allow the Plaintiff to refile her claim within one year of dismissal per Ark. Code Ann. § 16-56-126 in the event new information came to light.

7. Following communication regarding the request, the Defendants declined to agree to dismissal without prejudice and would agree only to a dismissal with prejudice. See Exhibit B.

8. Following this communication, Plaintiff filed a Motion to Dismiss Without Prejudice on January 20, 2016. Docket Entry No. 1940. That Motion is currently pending and is scheduled to be considered by the Court at the March 16, 2016 Status Conference. Docket Entry No. 2519.

Dated: March 14, 2016

                                Respectfully submitted,

                                /s/ *Christopher L. Schnieders*
                                Christopher L. Schnieders, MO 57725
                                Wagstaff & Cartmell, LLP
                                4740 Grand Avenue, Suite 300
                                Missouri City, MO  64112
                                Phone: (816) 701-1100
                                Fax:  (816) 531-2372
                                cschnieders@wcllp.com
                                **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on March 14, 2016, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                /s/ *Christopher L. Schnieders*
                                Christopher L. Schnieders