**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

**GWYNN SMITH, Individually and on Behalf of the Estate of FANNIE DOGGETT**
**Civil Action No.: 2:15-cv-01249**

**RESPONSE TO ORDER TO SHOW CAUSE REGARDING**
**PLAINTIFFS WHO HAVE FAILED TO PROVE XARELTO USE**

Now comes Plaintiff Gwynn Smith, individually and on behalf of the estate of Fannie Doggett, identified as Claimant No. 93 in Defendants' Motion for Order to Show Cause Regarding Plaintiffs Who Have Failed to Prove Xarelto Use (Doc. 2374) and by and through undersigned counsel submits this, her response in opposition to the Order to Show Cause and shows as follows:

1. Ms. Gwynn Smith contacted undersigned counsel regarding a potential claim involving her mother Fannie Doggett's use of Xarelto and alleged subsequent injury.

2. Undersigned counsel undertook the task of securing and obtaining medical and pharmacy records prior to the filing of the lawsuit.

3. The complaint in this matter was filed on April 20, 2015 while record requests from providers were still pending. The complaint was filed in good faith before all records were received to comply with the statute of limitations for Ms. Doggett's claim.

4. Stratos Legal, undersigned counsel's medical records retrieval vendor, erroneously entered a submitted request for the wrong provider. Due to this clerical error, instead of ordering records from Grandview Medical Center in Dayton, Ohio, the facility where

Ms. Doggett was treated and ultimately passed away, records were ordered from Grand View Health in Sellersville, Pennsylvania, a facility that Ms. Doggett had never visited.

5. This error was not discovered until August 25, 2015. Upon discovering the error, records were requested from the correct facility.

6. This facility requested additional paperwork to complete the request, which required information from Ms. Smith.

7. A certified letter was sent to Ms. Smith in September of 2015 regarding additional information and documents needed to obtain the proper medical records. This letter was returned as undeliverable in early November.

8. Continuous efforts were made to contact Ms. Smith by telephone during this time, but these efforts were unsuccessful.

9. Upon being notified of the subject Show Cause Order, undersigned counsel sent a letter to Ms. Smith stating that her case was subject to being dismissed with prejudice if proof of the use of Xarelto could not be shown and requesting that she contact undersigned counsel immediately.

10. This letter was received by the Ms. Smith, who contacted undersigned counsel's office by telephone on Monday, March 7, 2016 to discuss what information was needed and which documents needed to be submitted.

11. During this phone conversation, Ms. Smith stated that she would look into obtaining records from the providers directly.

12. Ms. Smith is currently attempting to obtain records and any additional documentation that is deemed necessary.

Accordingly, undersigned counsel requests that Ms. Smith's claim not be dismissed with prejudice for failure to show use of Xarelto, and that Ms. Smith be given a reasonable amount of time to obtain the relevant records documenting use of Xarelto.

Dated: March 14, 2016

Respectfully submitted,

KENNEDY HODGES, LLP

By: /s/ Gabriel A. Assaad
Gabriel A. Assaad
gassaad@kennedyhodges.com
Donald C. Green II
dgreen@kennedyhodges.com
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that that on March 14, 2016, a copy of the foregoing Motion for Dismissal has contemporaneously been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Easter District of Louisiana, and via MDL Centrality, which will send notice of electronic filings in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Gabriel A. Assaad
Gabriel A. Assaad