UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : | MDL No. 2592 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE NORTH |

THIS DOCUMENT RELATES TO:

Larry Lynch

CA#2:15-cv-2204

## RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO SERVE A PLAINTIFF FACT SHEET

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals, Inc., and Bayer Pharma AG have requested that this Court issue an Order to Show Cause why certain actions, including the above-captioned action filed on behalf of Larry Lynch, should not be dismissed with prejudice for failure to serve a Plaintiff Fact Sheet in accordance with the time required by Case Management Order No. 1. Undersigned counsel responds to that order as follows:

As set forth in the Notice of Suggestion of Death filed pursuant to Federal Rule of Civil Procedure 25(a)(1) by undersigned counsel on February 24, 2016 (Rec. Doc. 2432), Counsel filed this suit in June 2015 out of an abundance of caution related to potential statute-of-limitations issues. Counsel later learned that Mr. Lynch had died on March 5, 2015, a few months before this lawsuit was initiated. Therefore, this action appears to be a nullity, as it is a case that was filed without a living plaintiff.

1

Moreover, for this same reason, should a representative of Mr. Lynch's estate choose to assert a claim on behalf of his estate – to date, the only such representative known to Counsel has not decided to do so – that representative could not substitute into this action and would have to initiate a new suit on behalf of Mr. Lynch's estate.

Accordingly, Counsel believes that this action should be terminated, but Counsel does not believe that it can stipulate to a voluntary dismissal with prejudice or move for dismissal without prejudice, as there is no plaintiff on whose behalf Counsel can make such a motion or stipulation. As best that Counsel can surmise, one way to resolve this issue would be to dismiss this action under Rule 25(a)(1) when 90 days have passed from the Notice of Suggestion of Death, but Counsel is open to further guidance from the Court as to the appropriate way to terminate this action and will do whatever the Court deems necessary and proper under the circumstances.

Respectfully submitted,

By:   /s/ Daniel J. Carr

Joseph C. Peiffer, La. Bar # 26459
Daniel J. Carr, La. Bar # 31088
PEIFFER ROSCA WOLF
ABDULLAH CARR & KANE
A Professional Law Corporation
201 St. Charles Avenue, Suite 4610
New Orleans, Louisiana  70170-4600
Telephone:  (504) 523-2434
Facsimile:  (504) 523-2464
Email: dcarr@prwlegal.com

Michael B. Lynch, Esq.
THE MICHAEL BRADY LYNCH FIRM
127 West Fairbanks Ave. #528
Winter Park, Florida 32789
Office: (877) 513-9517
Fax: (321) 972-3568
Cell: (321) 239-8026
Email: michael@mblynchfirm.com
*Attorneys for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2016, a copy of the above and foregoing has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                            /s/ *Daniel J. Carr*