UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN) :
PRODUCTS LIABILITY LITIGATION : MDL No. 2592
:
: SECTION L
:
: JUDGE ELDON E. FALLON
:
_____ : MAGISTRATE JUDGE NORTH

THIS DOCUMENT RELATES TO:

Michael Stackhouse

CA#2:15-cv-2208

**RESPONSE TO ORDER TO SHOW CAUSE REGARDING
PLAINTIFFS WHO HAVE FAILED TO PROVE XARELTO USE**

Plaintiff, Michael Stackhouse, through undersigned counsel, in response and opposition to the Order to Show Cause, states the following:

1. Plaintiff filed the above captioned proceeding as a bundled Complaint bearing the title *Juanita Brown, et al. vs. Janssen Research & Development, LLC et al.*, Civil Action No. 2:15-cv1937 on behalf of multiple plaintiffs on June 5, 2015, and thereafter filed a separate short form Complaint on June 17, 2015.

2. Plaintiff subsequently completed and submitted a Plaintiff Fact Sheet on or about November 23, 2015.

3. In response to question I(C) of the Plaintiff Fact Sheet, Plaintiff identified his prescribing physician as Dr. Nick Tselikis. In further response to that section's request for the "Name and Address of Pharmac(ies)," Plaintiff stated that he had taken "Samples" and did not identify a pharmacy at which he had filled a Xarelto prescription. *See* Exhibit 1.

1

4. Plaintiff provided medical records along with his PFS from Kmart Pharmacy, Dr. Tselikis and Mountainview Hospital.

5. Because Plaintiff received samples and did not fill a prescription, the Kmart records do not establish Xarelto use.

6. The records from Dr. Tselikis do contain a note from a visit in June 2013, however, stating that "In the interim, I have asked him to stay on the warfarin since Xarelto caused hematuria." *See* Exhibit 2.

7. Counsel is continuing to work with Plaintiff to obtain additional records from Dr. Tselikis and other facilities to further demonstrate the prescription and/or dispensing of Xarelto to Plaintiff, and Plaintiff will supplement the records provided to date with any additional proof of Xarelto use that he is able to obtain.

8. For present purposes, however, Defendants' request for a dismissal of Plaintiff's action with prejudice is wholly unwarranted. As noted in the response filed by the PSC to the Order to Show Cause (Rec. Doc. 2638), the Fifth Circuit has observed that a dismissal with prejudice Under Rule 41(b) "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. Cignarsi-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1985)). Consequently, the Fifth Circuit has limited the district court's discretion by allowing dismissal with prejudice only where: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citing *Callip,* 757 F.2d at 1519-21).

9. Plaintiff respectfully submits that neither of those elements are present in this case. Plaintiff has substantially complied in good faith with all of his obligations under CMO #1. Further, if the Court determines that more is required, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

10. As further noted in the PSC's response, the Fifth Circuit has held that a dismissal under Rule 37(b)(2) is also an extremely severe sanction: "[b]ecause the law favors the resolution of legal claims on the merits . . . and because dismissal is a severe sanction that implicates due process . . . , we have previously deemed dismissal with prejudice to be a 'draconian remedy' and a 'remedy of last resort.'" *FDIC v. Conner,* 20 F.3d 1376, 1380 (5th Cir. 1994) (citations omitted). The Court further noted that "sanctions should be used as a lethal weapon only under extreme circumstances." *Id.* (citations omitted). In light of this, the Fifth Circuit has "articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order": (1) the violation must result "from willfulness or bad faith and [be] accompanied by bad faith and a clear record of delay or contumacious conduct;" (2) the violation "must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citing *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1032 (5th Cir. 1990)).

11. Plaintiff maintains that none of those elements are present to warrant dismissal of this case. Plaintiff has substantially complied in good faith with all of his obligations under CMO #1. While counsel and Plaintiff continue to seek medical records further substantiating Plaintiff's claims, Plaintiff has cooperated in that pursuit in all respects. Further, Defendants have not articulated any "substantial prejudice" they have suffered as a result of the non-existence of

pharmacy records in this case. And finally, as noted above, if the Court determines that more is required of Plaintiff, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

12. Accordingly, Plaintiff respectfully requests that this Court deny Defendants' request to dismiss this action with prejudice. If the Court finds that further proof of Xarelto use is required to comply with CMO #1, Plaintiff respectfully requests a period of 90 days within which to obtain and provide that proof.

Respectfully submitted,

By:   /s/ Daniel J. Carr

Joseph C. Peiffer, La. Bar # 26459
Daniel J. Carr, La. Bar # 31088
PEIFFER ROSCA WOLF
ABDULLAH CARR & KANE
A Professional Law Corporation
201 St. Charles Avenue, Suite 4610
New Orleans, Louisiana  70170-4600
Telephone:  (504) 523-2434
Facsimile:  (504) 523-2464
Email: dcarr@prwlegal.com

Michael B. Lynch, Esq.
THE MICHAEL BRADY LYNCH FIRM
127 West Fairbanks Ave. #528
Winter Park, Florida 32789
Office: (877) 513-9517
Fax: (321) 972-3568
Cell: (321) 239-8026
Email: michael@mblynchfirm.com

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2016, a copy of the above and foregoing has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                        /s/ *Daniel J. Carr*