UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| THIS DOCUMENT RELATES TO: | SECTION:   L |
| | JUDGE:  ELDON E. FALLON |
| I.   *Robert Dewitt v. Janssen R&D, LLC, et al.*, No. 2:15-cv-03717;<br>II.  *Gerold Young v. Janssen R&D, LLC, et al.*, No. 2:15-cv-03754;<br>III. *Frank Borawski v. Janssen R&D, LLC, et al.*, No. 2:15-cv-03714;<br>IV. *Betty Elkins v. Janssen R&D, LLC, et al.*, No. 2:15-cv-03717; and<br>V.  *James Scott v. Janssen R&D, LLC, et al.*, No. 2:15-cv-03749. | MAGISTRATE JUDGE MICHAEL NORTH |

## **RESPONSE TO ORDERS TO SHOW CAUSE**

COME NOW, Plaintiffs in the above-listed causes, by and through their undersigned counsel, who respond to the Orders to Show Cause (doc. nos. 2424 and 2425) as follows.

**I.**   ***Robert Dewitt v. Janssen R&D, LLC, et al.*, No. 2:15-cv-03717**

1. Plaintiff Robert Dewitt opposes the Rule to Show Cause for Failure to Prove Xarelto Use (doc. no. 2424).

2. Mr. Dewitt's Complaint was filed on July 30, 2015, alleging that he ingested Xarelto from approximately April 2, 2013 through September 30, 2013 after being diagnosed with atrial fibrillation. On September 30, 2013, while on Xarelto treatment, Plaintiff was admitted to the emergency room for a severe rectal bleed.

1

3. Plaintiff has submitted a fact sheet in this MDL, accompanied by contemporaneous medical records of the Chandler Regional Medical Center reflecting his Xarelto use. Specifically, those records, which were uploaded to the MDL Centrality database on September 30, 2015, reflect physician Nicholas Caputo's impression that Mr. Dewitt "does have a history of atrial fibrillation and ***he is maintained on Betapace and Xarelto***." Upon Mr. Dewitt's admission to the intensive care unit, Dr. Caputo noted his assessment of Mr. Dewitt's condition as follows: "***Upper gastrointestinal bleed while on Xarelto*** with presyncope." The physician's treatment plan was "***Admission to intensive care unit***. Protonox drip, IV fluids, frequent hemoglobin and hematocrit, ***hold Xarelto***, GI consultation." (Emphasis added). These contemporaneous medical records from Plaintiff's inpatient hospital stay, coupled with Plaintiff's representations in his complaint and fact sheet, establish proof of his Xarelto use. By letter of November 25, 2015, Plaintiff's counsel advised defense counsel that Mr. Dewitt's medical records contained in MDL Centrality contained proof of his Xarelto use, and that additional pharmacy records were being sought.

4. Plaintiff's counsel have diligently been seeking to obtain additional pharmacy records reflecting Plaintiff's Xarelto prescriptions. Plaintiff has not been able to recall the specific pharmacy where he filled the prescriptions, so Plaintiff's counsel have been requesting records for various pharmacies in the locale of Plaintiff's residence.

5. Accordingly, Plaintiff requests that the Rule be dissolved.

II.     *Gerold Young v. Janssen R&D, LLC, et al.*, **No. 2:15-cv-03754**

1. Plaintiff Gerald Young responds to the Rule to Show Cause for Failure to Prove Xarelto Use (doc. no. 2424).

2. Mr. Young's Complaint was filed on July 30, 2015, alleging that, on September 21, 2013, while on Xarelto treatment, Mr. Young experienced severe weakness and light-headedness, and was rushed to the emergency room. His hemoglobin count was 5.7, and he was described as "critically ill." The hospital diagnosed him with a gastrointestinal bleed, and with acute hemorrhagic shock and anemia secondary to the bleed. He was immediately administered five units of blood. Mr. Young then had to have emergency surgery to stop the bleed.

3. Plaintiff's counsel has uploaded a fact sheet and contemporaneous medical records from Mr. Young's admission to American Fork Hospital. The hospital admission occurred on September 21, 2013. According to the medical records of that date, the attending physician, Dr. Joe Murdock, noted that Mr. Young "***was transitioned to Xarelto yesterday***" and he "presented back to the emergency department this evening from Alpine Valley after he was noted to have melena [bloody stools] that prior to admission in routine labs showed hematocrit of around 20 and subsequently brought to the ER for evaluation."  Dr. Murdock further listed "*Xarelto*" among Mr. Young's "***current home medications***" and diagnosed Mr. Young with an "upper gastrointestinal bleed" and noted that the "patient is critically ill" and "is being emergently admitted to the ICU."

4. The above-quoted contemporaneous medical records establish proof of Xarelto use. Additional records reflecting a filling of a prescription of Xarelto are not available. Mr. Young received samples of Xarelto from Alpine Valley rehabilitation facility, which is referenced in the contemporaneous medical records quoted immediately above. Plaintiff's counsel have requested records from the Alpine Valley facility but have not yet obtained additional evidence of Xarelto use.

5. Accordingly, Plaintiff requests that the Rule be dissolved.

III. *Frank Borawski v. Janssen R&D, LLC, et al.*, **No. 2:15-cv-03714**

1. Plaintiff Gerald Young responds to the Rule to Show Cause for Failure to Serve a Plaintiff Fact Sheet (doc. no. 2425).

2. On July 30, 2015, the undersigned filed a complaint in good faith reliance on plaintiff's representations and medical records reflecting plaintiff's Xarelto use and diagnosis of a gastrointestinal bleed requiring hospitalization on April 17, 2013. Since that time, counsel have learned that Plaintiff has passed away and have been unable to locate a candidate to serve as representative of plaintiff's estate, despite diligent effort.

3. Counsel have recently located contact information for a granddaughter of the decedent, but attempts to reach her have been unsuccessful.

4. Counsel request an additional sixty days to attempt to locate a suitable representative to proceed with the claim.

5. Accordingly, it is respectfully submitted that the Rule should be dissolved.

IV. *Betty Elkins v. Janssen R&D, LLC, et al.*, **No. 2:15-cv-03717.**

1. Plaintiff Betty Elkins responds to the Rule to Show Cause for Failure to Serve a Plaintiff Fact Sheet (doc. no. 2425).

2. On July 30, 2015, in view of a looming one-year statute of limitations deadline, the undersigned counsel filed a complaint on behalf of Ms. Elkins in good faith reliance on her representations that she was prescribed Xarelto from approximately the end of 2012 through August 2014, and suffered a brain bleed in August 2014.

3. After the complaint was filed, counsel have diligently attempted to locate Ms. Elkins. Counsel have been unable to locate her at the last known address provided by her or through independent research. Counsel have advised Ms. Elkins in writing that maintaining current contact information and communication are essential to her ability to maintain a claim in this litigation.

4. Counsel request an additional sixty days to continue to attempt to contact her.

5. Accordingly, it is respectfully submitted that the Rule be dissolved.

V. *James Scott v. Janssen R&D, LLC, et al.*, **No. 2:15-cv-03749**

1. Plaintiff James Scott responds to the Rule to Show Cause for Failure to Serve a Plaintiff Fact Sheet (doc. no. 2425).

2. On July 30, 2015, the undersigned filed a complaint in good faith reliance on plaintiff's representations and medical records reflecting plaintiff's Xarelto use and diagnosis of a gastrointestinal bleed requiring hospitalization on July 19, 2014. Since that time, counsel have learned that Plaintiff has passed away and have been unable to locate a candidate to serve as representative of plaintiff's estate, despite diligent effort.

3. Counsel recently located contact information for a son of the decedent, but attempts to reach him have been unsuccessful.

4. Counsel request an additional sixty days to attempt to locate a suitable representative to proceed with the claim.

5. Accordingly, it is respectfully submitted that the Rule should be dissolved.

Respectfully submitted,

Dated: March 14, 2015   **GRANT & EISENHOFER P.A.**

By: /s/ Thomas V. Ayala
Jay W. Eisenhofer
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY  10017
Telephone: 646-722-8500
Facsimile: 646-722-8501
jeisenhofer@gelaw.com

M. Elizabeth Graham
Thomas V. Ayala
Samantha Mertz
**GRANT & EISENHOFER P.A.**
123 Justison Street

Wilmington, DE 19801  
Tel: (302) 622-7000  
Fax: (302) 622-7100  
egraham@gelaw.com  
tayala@gelaw.com  
smertz@gelaw.com  

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Response to Order to Show Cause has contemporaneously with or before filing before been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Thomas V. Ayala  
Thomas V. Ayala, Esquire