UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : MDL No. 2592 |
| | : |
| | : SECTION L |
| | : |
| | : JUDGE ELDON E. FALLON |
| | : |
| _____ | : MAGISTRATE JUDGE NORTH |

THIS DOCUMENT RELATES TO:

LOUIS MESSIN AND SHARON MESSIN

CIVIL ACTION NO. 2:15-cv-4247

## RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO PROVE XARELTO USE

Plaintiffs, Louis Messin and Sharon Messin, through undersigned counsel, in response and opposition to the Order to Show Cause, state the following:

### BACKGROUND

1. Plaintiff filed the above captioned proceeding as a bundled Complaint bearing the title *Stephen Adams, et al. vs. Janssen Research & Development, LLC et al.*, Civil Action No. 2:15-cv-3202 on behalf of multiple plaintiffs on August 3, 2015, and thereafter filed a separate short form Complaint on September 10, 2015.

2. Plaintiff subsequently completed and submitted a Plaintiff Fact Sheet on or about November 5, 2015, and submitted an Amended Plaintiff Fact Sheet on November 23, 2015.

3. Plaintiff submitted records from Western Arizona Regional Medical Center

that show that Plaintiff had used Xarelto in documents labeled Medical Records in the November 5, 2015. *See* Exhibit 1.

4. Counsel after obtaining notice of deficiency from Defendants, resubmitted the documents highlighting the section where Dr. Ifram M. Mirza described Plaintiff, Louis Messin's use of Xarelto.

5. Meanwhile, Plaintiffs counsel continued diligently to obtain pharmacy records from CVS pharmacy to further demonstrate the prescription and/or dispensing of Xarelto to Plaintiff, and Plaintiff has supplemented the records provided with additional proof of Xarelto use from CVS Pharmacy on March 14, 2016. *See* Exhibit 2.

### ARGUMENT AND AUTHORITIES

6. For present purposes, however, Defendants' request for a dismissal of Plaintiff's action with prejudice is wholly unwarranted. As noted in the response filed by the PSC to the Order to Show Cause (Rec. Doc. 2638), the Fifth Circuit has observed that a dismissal with prejudice Under Rule 41(b) "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. Cignarsi-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1985)). Consequently, the Fifth Circuit has limited the district court's discretion by allowing dismissal with prejudice only where: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citing *Callip,* 757 F.2d at 1519-21).

7. Plaintiff respectfully submits that neither of those elements are present in this case. Plaintiff has substantially complied in good faith with all of his obligations under CMO #1. Further, if the Court determines that more is required, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

8. As further noted in the PSC's response, the Fifth Circuit has held that a dismissal under Rule 37(b)(2) is also an extremely severe sanction: "[b]ecause the law favors the resolution of legal claims on the merits . . . and because dismissal is a severe sanction that implicates due process . . . , we have previously deemed dismissal with prejudice to be a 'draconian remedy' and a 'remedy of last resort.'" *FDIC v. Conner,* 20 F.3d 1376, 1380 (5th Cir. 1994) (citations omitted). The Court further noted that "sanctions should be used as a lethal weapon only under extreme circumstances." *Id.* (citations omitted). In light of this, the Fifth Circuit has "articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order": (1) the violation must result "from willfulness or bad faith and [be] accompanied by bad faith and a clear record of delay or contumacious conduct;" (2) the violation "must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citing *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1032 (5th Cir. 1990)).

9. Plaintiff maintains that none of those elements are present to warrant dismissal of this case. Plaintiff has substantially complied in good faith with all of his obligations under CMO #1. While counsel and Plaintiff sought medical records to further

substantiate Plaintiff's claims, Plaintiff has cooperated in that pursuit in all respects. Also, as noted above, if the Court determines that more is required of Plaintiff, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

10. Accordingly, Plaintiffs respectfully request that this Court deny Defendants' request to dismiss this action with prejudice.

Respectfully submitted,

/S/ MATTHEW R. MCCARLEY
Matthew R. McCarley
Texas Bar No. 24041426
mccarley@fnlawfirm.com

FEARS NACHAWATI, PLLC
4925 Greenville Avenue, Suite 715
Dallas, Texas 75206
Tel. (214) 890-0711
Fax (214) 890-0712

ATTORNEY FOR THE PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Short Form Complaint has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/Matthew R. McCarley
Matthew R. McCarley