UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : MDL No. 2592 <br> : <br> : SECTION L <br> : <br> : JUDGE ELDON E. FALLON <br> : <br> : MAGISTRATE JUDGE NORTH |

THIS DOCUMENT RELATES TO:

TRACY GRAHAM

CIVIL ACTION NO. 2:15-cv-002647

### RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S DEFICIENT PLAINTIFF FACT SHEET

Plaintiff, Tracy Graham, through undersigned counsel, in response and opposition to the Order to Show Cause, state the following:

#### BACKGROUND

1. Plaintiff filed the above captioned proceeding as a bundled Complaint bearing the title *Tracy Graham, et al. vs. Janssen Research & Development, LLC et al.*, Civil Action No. 2:15-cv-002647 on behalf of multiple plaintiffs on July 16, 2015.

2. Plaintiff subsequently completed and submitted a Plaintiff Fact Sheet on or about September 14, 2015.

3. Plaintiff submitted documents from the VA Hospital in Dallas, Texas that showed that Plaintiff had used Xarelto and suffered an injury from said usage. *See* Exhibit 1.

4.      Plaintiff was not able to return signed authorizations due to a tornado that went through his town and destroyed his home. Counsel has attached pictures of said damage. *See* Exhibit 2.

## ARGUMENT AND AUTHORITIES

For present purposes, however, Defendants' request for a dismissal of Plaintiff's action with prejudice is wholly unwarranted. As noted in the response filed by the PSC to the Order to Show Cause (Rec. Doc. 2638), the Fifth Circuit has observed that a dismissal with prejudice Under Rule 41(b) "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. Cignarsi-Cigna*, 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985)). Consequently, the Fifth Circuit has limited the district court's discretion by allowing dismissal with prejudice only where: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citing *Callip*, 757 F.2d at 1519-21).

5.      Plaintiff respectfully submits that neither of those elements are present in this case. Plaintiff has substantially complied in good faith with all of his obligations under CMO #1. Further, if the Court determines that more is required, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

6. As further noted in the PSC's response, the Fifth Circuit has held that a dismissal under Rule 37(b)(2) is also an extremely severe sanction: "[b]ecause the law favors the resolution of legal claims on the merits . . . and because dismissal is a severe sanction that implicates due process . . . , we have previously deemed dismissal with prejudice to be a 'draconian remedy' and a 'remedy of last resort.'" *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994) (citations omitted). The Court further noted that "sanctions should be used as a lethal weapon only under extreme circumstances." *Id.* (citations omitted). In light of this, the Fifth Circuit has "articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order": (1) the violation must result "from willfulness or bad faith and [be] accompanied by bad faith and a clear record of delay or contumacious conduct;" (2) the violation "must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citing *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

7. Plaintiff maintains that none of those elements are present to warrant dismissal of this case. Plaintiff has substantially complied in good faith with all of his obligations under CMO #1. While counsel and Plaintiff sought medical records to substantiate Plaintiff's claims, Plaintiff has been unable to return his authorizations dues to a natural catastrophe.. Also, as noted above, if the Court determines that more is required of Plaintiff, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

Accordingly, Plaintiffs respectfully request that this Court deny Defendants' request to dismiss this action with prejudice.

Respectfully submitted,

By: _/s/Andre' P. LaPlace_____
Andre' P. LaPlace(#8039)
*Attorney for the Plaintiff*
2762 Continental Drive, Ste. 103
Baton Rouge, Louisiana 70808
Telephone No. (225)924-6898
Facsimile No. (225)924-6877
alaw@andrelaplace.com


By: _/s/Rebecca A. Cunard_____
Rebecca A. Cunard(#20154)
*Attorney for the Plaintiff*
Cunard Law Firm
9214 Interline Avenue
Baton Rouge, Louisiana 70809
Telephone No. (225)925-2978
Facsimile No. (225)925-8192
Rebecca@CunardLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Short Form Complaint has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/Andre' P. LaPlace
Andre' P. LaPlace