**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates To:**<br><br>Arsenaeau v., Janssen, et. al. - 2:15-cv-03798<br>Bailey v. Janssen, et. al. - 2:15-cv-04708<br>Bayless v. Janssen, et. al. – 2:15-cv-03646<br>Booker v. Janssen, et. al. – 2:15-cv-04028<br>Bernett v. Janssen, et. al. – 2:15-cv-03649<br>Clemons-Walker v. Janssen, et. al. – 2:15-cv-04672<br>Cosmillo v. Janssen, et. al. – 2:15-cv-04030<br>Dixon v. Janssen, et. al. – 2:15-cv-04676<br>Duran v. Janssen, et. al. – 2:15-cv-03650<br>Everett v. Janssen, et. al. – 2:15-cv-4742<br>Gionet v. Janssen, et. al. – 2:15-cv-04039<br>Gohl v. Janssen, et. al. – 2:15-cv-04040<br>Gotich v. Janssen, et. al. – 2:15-cv-4745<br>Grant v. Janssen, et. al. – 2:15-cv-04685<br>Humphries v. Janssen, et. al. – 2:15-cv-03654<br>Johnson v. Janssen, et. al. – 2:15-cv-04042<br>Kozecar v. Janssen, et. al. – 2:15-cv-04691<br>Mannhalter v. Janssen, et. al. – 2:15-cv-03148<br>Marzen v. Janssen, et. al. – 2:15-cv-04752<br>Mccullen v. Janssen, et. al. – 2:15-cv-04753<br>Montalvo v. Janssen, et. al. – 2:15-cv-04048<br>Moore v. Janssen, et. al. – 2:15-cv-04697<br>Morrow v. Janssen, et. al. – 2:15-cv-04050<br>Pennix v. Janssen, et. al. – 2:15-cv-04755<br>Perry v. Janssen, et. al. – 2:15-cv-3659<br>Phelps v. Janssen, et. al. – 2:15-cv-03660<br>Rodriguez v. Janssen, et. al. – 2:15-cv-04065<br>Sarmiento v. Janssen, et. al. – 2:15-cv-03663<br>Sharma v. Janssen, et. al. – 2:15-cv-03664<br>Thompson v. Janssen, et. al. – 2:15-cv-04758<br>Van Demark v. Janssen, et. al. – 2:15-cv-4760<br>West v. Janssen, et. al. – 2:15-cv-03669<br>Wiles v. Janssen, et. al. – 2:15-cv-04709<br>Womack v. Janssen, et. al. – 2:15-cv-04075<br>Woods v. Janssen, et. al. – 2:15-cv-00460<br>Wright v. Janssen, et. al. – 2:15-cv-04711 | MDL No. 2592<br><br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' EX PARTE MOTION FOR ORDER TO**

**SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO PROVIDE A FACT SHEET OR FAILED TO PROVE XARELTO USE.**

**I.     Regarding Plaintiff Fact Sheets**

  A. Plaintiffs in compliance with CMO #1 and PTO #13

  1. The following Plaintiffs have complied as of today's date and have served a fact sheet in compliance with CMO #1 and PTO #13.

     a. Yvonne Clemons-Walker - 2:15-cv-04672
     b. George Gionet - 2:15-cv-04039
     c. Jimmy Wiles - 2:15-cv-04709

  2. As these Plaintiffs have complied, Plaintiffs' cases should not be dismissed and respectfully request this Court to deny Defendant's Order to Show Cause.

  B. Plaintiffs that request additional time to comply with CMO #1 and PTO #13

  1. The following Plaintiffs request a sixty (60) day extension to be granted for the service of a fact sheet in compliance with this Court's Order.

     a. Michael Gohl - 2:15-cv-04040
     b. Deborah Marxen - 2:15-cv-04752
     c. Mary Mccullen - 2:15-cv-04753
     d. Allison Moore - 2:15-cv-04697
     e. Yesenia Rodriguez - 2:15-cv-04065
     f. Sandra Thompson - 2:15-cv-04758
     g. Barbara Womack - 2:15-cv-04075
     h. Veronica Wright - 2:15-cv-04711

  2. In order to comply with CMO #1 and PTO #13, counsel for the Plaintiffs made numerous attempts to obtain a completed PFS and executed authorizations from the Plaintiffs listed above, beginning from the date the cases were filed.

  3. Counsel was able to make contact with the above listed Plaintiffs initially, however, to date each has been unresponsive to our numerous attempts. Specifically, Counsel sent multiple letters to Plaintiffs' last known addresses via regular mail and certified mail, sent

emails and made phone calls. Phone calls were made to emergency contacts if any were on file.

4. To date, Plaintiffs have not complied with our requests for the information needed to provide a fact sheet pursuant to the Court orders nor did Plaintiffs contact us.

5. This Court's Order to show Cause was mailed and emailed to each Plaintiff listed above as well as phone calls made to the last known phone number. However, to date we have not received any contact from these clients.

6. For the reasons outlined above, Plaintiffs are requesting that these cases not be dismissed with prejudice as it is a harsh consequence.

7. Plaintiffs incorporate by reference Plaintiffs' Steering Committee's Response to Order to Show Cause Regarding Plaintiffs Who Have Failed to Serve a Plaintiff Fact Sheet [DE 2637] in requesting that this case not be dismissed with prejudice as in this case there is 1) no clear record of delay; 2) lesser sanctions have not proven futile, 3) there is no evidence of intentional, willful, or bad faith conduct, and 4) there is no evidence of actual, substantial prejudice to warrant dismissal at this early stage.

8. We respectfully request this Court to deny Defendant's Order to Show Cause and grant an extension of time of sixty (60) days to reach these Plaintiffs in order to attempt to comply with CMO #1 and PTO #13.

C. Plaintiff Joyce Mannhalter

1. On 07/31/2015 plaintiff was inadvertently included in the joint complaint filed for Gloria Saffell, et al. v. Janssen Research & Development LLC, et al.

2. On 7/31/2015 after the initial Joint Complaint was filed an amended Complaint was filed thereafter removing Joyce Mannhalter.

3. Plaintiff's complaint was never served on defense Counsel.

4. Plaintiff's Counsel did not file a short form Complaint for this Plaintiff.

5. On October 31, 2015 a Voluntary Stipulation of Dismissal without prejudice was filed for Joyce Mannhalter. To date, Counsel is unsure why Plaintiff Mannhalter's case was included in Defendant's Order to Show Cause for failure to serve a fact sheet.

6. In order to make sure Counsel covered their bases, Counsel filed a Motion to Dismiss Without Prejudice for Plaintiff Mannhalter's Complaint on March 14, 2016.

7. We respectfully request this Court to deny Defendant's Order to Show Cause and close Plaintiff's case as a Notice of Voluntary Dismissal was filed in October of 2015.

## II. Regarding Plaintiffs Xarelto Proof

A. Plaintiffs who have complied and provided Xarelto Proof

1. The following Plaintiff's cases should not be dismissed with prejudice for failure to provide prescription and/or pharmacy records demonstrating use of Xarelto.

    a. Donald Arseneau – 2:15-cv-03798
    b. Thearetta Bailey 2:15-cv-04708
    c. Philip Van Demark 2:15-cv-4760

2. Plaintiffs are in the process of requesting additional pharmacy records to comply with the CMO, however, Plaintiffs listed above provided medical records demonstrating Xarelto use. These medical records were uploaded to MDL Centrality accordingly.

3. Plaintiff incorporates by reference Plaintiffs' Steering Committee's Response to Order to Show Cause Regarding Plaintiffs Who Have Failed to Produce Xarelto Proof [DE 2638] in requesting that this case not be dismissed with prejudice as in this case there is 1) The alleged discovery violations do not support dismissal with prejudice; 2) There is no clear record of delay or contumacious conduct by Plaintiffs, 3) Lesser sanctions have not

      proven to be futile, or expressly determined to be futile. 4) There is no evidence that any violation was attributable to the client instead of the attorney 5) There is no evidence of intentional, willful, or bad faith conduct and 6) There is no evidence of actual, substantial prejudice.

4. We respectfully request this Court to deny Defendant's Order to Show Cause.

B. <u>Plaintiffs that request additional time to provide Xarelto proof</u>

1. The following Plaintiffs are in the process of obtaining additional information and/or medical records and/or additional facilities in order to comply with the CMO, providing Xarelto use. Counsel has attempted to contact each Representative on many occasions to assist in researching for additional proof. These Plaintiffs are deceased and each Representative is in the process of researching where the deceased filled their Xarelto prescriptions.

    a. Beverly Bayless, deceased 2:15-cv-03646
    b. Josephine Booker, deceased 2:15-cv-04028
    c. Percy Burnett, deceased 2:15-cv-03649
    d. Robert Kozecar, deceased 2:15-cv-04691
    e. Vickie Perry, deceased 2:15-cv-3659
    f. Mayra Montalvo, deceased 2:15-cv-04048

2. These Plaintiffs request an extension to comply with the Court's CMO to produce Xarelto proof.

3. Plaintiff incorporates by reference Plaintiffs' Steering Committee's Response to Order to Show Cause Regarding Plaintiff Who Have Failed to Produce Xarelto Proof [DE 2638] in requesting that this case not be dismissed with prejudice as in this case there is 1) The alleged discovery violations do not support dismissal with prejudice; 2) There is no clear record of delay or contumacious conduct by Plaintiffs, 3) Lesser sanctions have not proven to be futile, or expressly determined to be futile. 4) There is no evidence that any

    violation was attributable to the client instead of the attorney 5) There is no evidence of intentional, willful, or bad faith conduct and 6) There is no evidence of actual, substantial prejudice.

4. We respectfully request this Court to deny Defendant's Order to Show Cause.

5. The following Plaintiffs are in the process of obtaining additional medical records and additional pharmacy records. Counsel has attempted to contact each Representative on many occasions to assist in researching for additional proof. Plaintiffs have diligently been trying to obtain Xarelto proof, however, Plaintiffs need additional time to produce pharmacy records to comply with the CMO.

    a. Suzanne Cosmillo - 2:15-cv-04030
    b. Daniel Duran - 2:15-cv-03650
    c. Shonda Everett - 2:15-cv-4742
    d. Gisela Grant - 2:15-cv-04685
    e. Michael Johnson - 2:15-cv-04042
    f. Jasmine Morrow - 2:15-cv-04050
    g. Juan Sarmiento - 2:15-cv-03663
    h. Jennifer Sharma - 2:15-cv-03664
    i. Andre West - 2:15-cv-03669
    j. Sharon Woods - 2:15-cv-00460

6. These Plaintiffs request an extension to comply with the Court's CMO to produce Xarelto proof.

7. Plaintiff incorporates by reference Plaintiffs' Steering Committee's Response to Order to Show Cause Regarding Plaintiff Who Have Failed to Produce Xarelto Proof [DE 2638] in requesting that this case not be dismissed with prejudice as in this case there is 1) The alleged discovery violations do not support dismissal with prejudice; 2) There is no clear record of delay or contumacious conduct by Plaintiffs, 3) Lesser sanctions have not proven to be futile, or expressly determined to be futile. 4) There is no evidence that any violation was attributable to the client instead of the attorney 5) There is no evidence of

intentional, willful, or bad faith conduct and 6) There is no evidence of actual, substantial prejudice.

8. We respectfully request this Court to deny Defendant's Order to Show Cause.

C. <u>Pending Motions to Withdraw as Plaintiff's Counsel</u>

1. Counsel has filed motions to withdraw as counsel for the following Plaintiffs as an impasse has arisen.

    a. David Dixon - 2:15-cv-04676
    b. Heidi Gotich - 2:15-cv-4745
    c. Jessica Humphries - 2:15-cv-03654

2. We respectfully request this Court grant the motions to withdraw as Counsel related to the above listed Plaintiffs and to deny Defendant's Order to Show Cause to allow these Plaintiffs to pursue new counsel or proceed pro se.

3. A dismissal with prejudice is such a harsh remedy that operates as a rejection of the Plaintiff's claim on the merits, which has not been considered by this Court, and would preclude further federal litigation of Plaintiff's claims. Plaintiff prays that in the interest of justice, the Court does not dismiss Plaintiff's case with prejudice.

DATED: March 15, 2016

Respectfully submitted,

By:   /s/: Randi Kassan
SANDERS PHILLIPS GROSSMAN, LLC
Randi Kassan, Esq.
100 Garden City Plaza, Suite 500,
Garden City, NY 11530
Phone: 516-741-5600
Fax: 516-741-0128
Email: rkassan@thesandersfirm.com
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on today's date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                              Respectfully submitted,

                                        By:    /s/: Randi Kassan
                                        SANDERS PHILLIPS GROSSMAN, LLC
                                        Randi Kassan, Esq.
                                        100 Garden City Plaza, Suite 500,
                                        Garden City, NY 11530
                                        Phone: 516-741-5600
                                        Fax: 516-741-0128
                                        Email: rkassan@thesandersfirm.com
                                        Attorneys for Plaintiff