

**PROJECT ON GOVERNMENT OVERSIGHT**

Exposing Corruption. Exploring Solutions.

March 15, 2016

The Honorable Eldon E. Fallon
United States District Court Judge
Eastern District of Louisiana
500 Poydras Street
Room C456
New Orleans, LA  70130

Subject:    In Re: Xarelto (Rivaroxaban) Products Liability Litigation
            Case 2:14-md-02592-EEF-MBN

Your Honor:

I respectfully urge the court to unseal evidence in the Xarelto Products Liability Litigation to the maximum extent permitted by law.

I am writing on behalf of the Project On Government Oversight (www.pogo.org), a nonprofit watchdog organization in Washington, D.C., that does investigative reporting in the public interest and has reported extensively on the Xarelto clinical trial over the past several months.

This litigation entails matters of great public interest that could shed light on, among other things, the safety and efficacy of a drug that has been prescribed for millions of people. The evidence gathered in this case also could shed light on the conduct of:

●Bayer and Johnson & Johnson, two large makers of pharmaceuticals and other medical products with responsibilities to their customers and shareholders.

●Regulatory agencies in the United States and Europe that are responsible for protecting the public.

●The Duke Clinical Research Institute (DCRI), which coordinated the ROCKET AF clinical trial of Xarelto and plays a major role in the testing of medical products.

●Dr. Robert Califf, who co-chaired the executive committee of the clinical trial, helped make the case for Xarelto's approval by the FDA, and is today the commissioner of the U.S. Food and Drug Administration.

Public disclosure is all the more important because of the fundamental conflicts of interest involved in various efforts to determine whether ROCKET AF was compromised by faulty testing devices. In reanalyzing the results of the clinical trial, DCRI was essentially reviewing its own work. Bayer and Johnson & Johnson were assessing a product that contributes billions of dollars to their annual revenue. The FDA and its European counterpart, the European Medicines Agency, have been reviewing issues they apparently overlooked when they vetted Xarelto and ROCKET AF in 2011.

In the litigation before you, plaintiffs and defendants have given sharply divergent accounts of evidence that remains under seal, leaving all others to wonder which account if either is accurate. The press and the public should be permitted to see the evidence in this case and assess it for themselves.

All too often, class action lawsuits and the like raise important questions involving the public interest and are then resolved on terms that forever bury the answers. Please do not allow that to happen in this case. Please unseal the evidence as completely and expeditiously as possible.

Thank you for your consideration.

Sincerely,

David Hilzenrath
Editor-in-Chief



Letter to Judge Fallon from Project On Government Oversight re Xarelto Litigation
David Hilzenrath
to:
Thomas_Johnson
03/15/2016 11:46 AM
Cc:
Scott Amey
Hide Details
From: David Hilzenrath <dhilzenrath@pogo.org>
To: Thomas_Johnson@laed.uscourts.gov
Cc: Scott Amey <scott@pogo.org>

1 Attachment



Letter to Judge Fallon from POGO 3-15-2016.pdf

Dear Mr. Johnson,

Would you please convey to Judge Fallon the letter that appears lower in the body of this email and attached as a PDF?

Also, could you please let me know how I might access by phone tomorrow's court session at which a request to unseal evidence in the Xarelto litigation will be heard?

We have a journalistic interest in the proceedings.

Thank you for your consideration.

Sincerely,

David

--
David Hilzenrath
Editor-in-Chief
Project On Government Oversight (POGO)
240-304-7264 (mobile)
202-347-1122
www.pogo.org
dhilzenrath@pogo.org

@POGOBlog | @DavidHilzenrath

bio: http://www.pogo.org/about/board-staff/staff-profiles/david-hilzenrath.html

**LETTER FROM POGO TO JUDGE FALLON**

March 15, 2016

The Honorable Eldon E. Fallon

United States District Court Judge

        Subject:      In Re: Xarelto (Rivaroxaban) Products Liability Litigation

                      Case 2:14-md-02592-EEF-MBN

Your Honor:

I respectfully urge the court to unseal evidence in the Xarelto Products Liability Litigation to the maximum extent permitted by law.

I am writing on behalf of the Project On Government Oversight (www.pogo.org), a nonprofit watchdog organization in Washington, D.C., that does investigative reporting in the public interest and has reported extensively on the Xarelto clinical trial over the past several months.

This litigation entails matters of great public interest that could shed light on, among other things, the safety and efficacy of a drug that has been prescribed for millions of people. The evidence gathered in this case also could shed light on the conduct of:

- Bayer and Johnson & Johnson, two large makers of pharmaceuticals and other medical products with responsibilities to their customers and shareholders.

- Regulatory agencies in the United States and Europe that are responsible for protecting the public.

- The Duke Clinical Research Institute (DCRI), which coordinated the ROCKET AF clinical trial of Xarelto and plays a major role in the testing of medical products.

- Dr. Robert Califf, who co-chaired the executive committee of the clinical trial, helped make the case for Xarelto's approval by the FDA, and is today the commissioner of the U.S. Food and Drug Administration.

Public disclosure is all the more important because of the fundamental conflicts of interest involved in various efforts to determine whether ROCKET AF was compromised by faulty testing devices. In reanalyzing the results of the clinical trial, DCRI was essentially reviewing its own work. Bayer and Johnson & Johnson were assessing a product that contributes billions of dollars to their annual revenue. The FDA and its European counterpart, the European Medicines Agency, have been reviewing issues they apparently overlooked when they vetted Xarelto and ROCKET AF in 2011.

In the litigation before you, plaintiffs and defendants have given sharply divergent accounts of evidence that remains under seal, leaving all others to wonder which account if either is accurate. The press and

the public should be permitted to see the evidence in this case and assess it for themselves.

All too often, class action lawsuits and the like raise important questions involving the public interest and are then resolved on terms that forever bury the answers. Please do not allow that to happen in this case. Please unseal the evidence as completely and expeditiously as possible.

Thank you for your consideration.

Sincerely,


David Hilzenrath
Editor-in-Chief