UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| MARY DORIS DEPIN<br>Plaintiff | JUDGE: ELDON E. FALLON |
| v. | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | Civil Action No: 2:15-cv-06118-EEF-MBN |

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| RONALD HELGESON, SR.<br>Plaintiff | JUDGE: ELDON E. FALLON |
| v. | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | Civil Action No: 2:16-cv-06659-EEF-MBN |

**RESPONSE TO MOTION FOR EXTENSION OF TIME
WITHIN WHICH TO SERVE PROCESS**

Defendant Bayer Pharma AG, by and through counsel, appearing specially, and reserving all defenses including without limitation insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submits the instant response to Plaintiffs' motion for extension of time within which to serve process. In response, Bayer Pharma AG states as follows:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service"

1

2658393-1

process for service on Bayer Pharma AG.  PTO 10 permits service of process on Bayer Pharma AG by registered mail, return receipt requested, upon the following representative of Bayer Pharma AG:

> Bayer Pharma AG
> Attn: Eva Gardyan-Eisenlohr
> General Counsel
> Muellerstrasse 178
> 13353 Berlin
> GERMANY

The joint complaint in *Mary Doris Depin* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on November 19, 2015.  The following action was severed from the joint complaint in *Mary Doris Depin*: *Ronald Helgeson, Sr.*

On January 4, 2016, Bayer Pharma AG received a copy of the *Mary Doris Depin* Joint Complaint and a Summons issued in *Mary Doris Depin* case by USPS Priority Mail, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was improper and therefore rejected by letter dated January 4, 2016.  On January 7, 2016, Bayer Pharma AG received a copy of the *Mary Doris Depin* Joint Complaint, Severance Order, List of Individual Cases, and a Summons issued in the *Ronald Helgeson, Sr.* case by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was improper and therefore rejected by letter dated January 7, 2016.  On January 21, 2016, Bayer Pharma AG received a copy of the *Mary Doris Depin* Joint Complaint, the *Ronald Helgeson, Sr.* Short Form Complaint, the Severance Order, a List of Individual Cases, and Summonses issued in the *Mary Doris Depin* and *Ronald Helgeson, Sr.* cases by registered mail, through its representative, Eva Gardyan-Eisenlohr, in Germany.  The documents are post-marked January 8, 2016.  In response to an inquiry from Plaintiffs' counsel, counsel for Bayer Pharma AG informed Plaintiffs' counsel that at that time,

she did not anticipate that Bayer Pharma AG would challenge the service received on January 21, 2016.

At this time, Bayer Pharma AG does not anticipate that it will challenge the service received on January 21, 2016. With numerous cases pending in the MDL, Bayer Pharma AG, however, should not be required to confirm service in a particular case at the request of Plaintiffs' counsel. Such a requirement would place an undue burden on Bayer Pharma AG. If necessary in a particular case, Bayer Pharma AG will challenge service at the appropriate time.

In response to Plaintiffs request for additional time to serve process, PTO 10 only permits streamlined service of process on Bayer Pharma AG by registered mail, return receipt requested under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG . . . shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."

Bayer Pharma AG is a company organized under the laws of Germany. Normally, service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h). Under Federal Rules of Civil Procedure 4(h)(2), service upon a corporation is effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof." Subdivision (f) provides that an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

2658393-1

Service of process by an American plaintiff on a German defendant in Germany is normally governed by international and German law. The streamlined process for service on Bayer Pharma AG in PTO 10 is a departure from the requirements for service under international and German law and was a concession by Bayer Pharma AG. If a plaintiff is to receive the benefit from this departure from normal service procedures, the plaintiff should, at the very least, be required to meet the conditions in PTO 10, including service within 60 days.

Bayer Pharma AG is entitled to some certainty as to whether it will be required to defend itself in a particular case pending in the MDL. Time limits on service provide some level of certainty. Otherwise, Bayer Pharma AG is subject to being brought into any case in the MDL at any time for any reason. With numerous cases pending in the MDL, this level of uncertainty places an undue burden on Bayer Pharma AG to continue to monitor all cases pending in the MDL.

Furthermore, Pre-Trial Order No. 11 ("PTO 11") provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served." However, once Bayer Pharma AG is served in a particular case, Bayer Pharma AG's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed). Service triggers the operation of Bayer Pharma AG's omnibus answer in a particular case without any action on the part of Bayer Pharma AG. By delaying service, a plaintiff can delay the operation of Bayer Pharma AG's omnibus answer in a particular case. Pre-Trial Order No. 11C provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint. When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.

    If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her complaint. Rather, the plaintiff can amend her complaint at any time for any reason.

    WHEREFORE, Bayer Pharma AG respectfully requests that the Court deny Plaintiffs' request for an additional 30 days within which to serve process on Bayer Pharma AG under the streamlined service process, and require Plaintiffs to serve Bayer Pharma AG in accordance with international and German law, to the extent that the prior service on Bayer Pharma AG is ineffective.

March 21, 2016

                                    Respectfully submitted,

                                    By: */s/ Steven Glickstein*
                                  Steven Glickstein
                                  William Hoffman
                                  Andrew K. Solow
                                  KAYE SCHOLER LLP
                                  250 West 55th Street
                                  New York, New York 10019-9710
                                  Telephone: (212) 836-8485
                                  Facsimile: (212) 836-6485
                                  sglickstein@kayescholer.com

                                  By: */s/ John F. Olinde*
                                  John F. Olinde (LA Bar #1515)
                                  CHAFFE McCALL L.L.P.
                                  1100 Poydras Street
                                  Suite 2300
                                  New Orleans, LA 70163
                                  Telephone: (504) 585-7241
                                  Facsimile: (504) 544-6084
                                  olinde@chaffe.com
                                  ***Attorneys for Bayer Pharma AG***

2658393-1

## CERTIFICATE OF SERVICE

      I hereby certify that on March 21, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                      */s/     John F. Olinde*

2658393-1