UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)         :
PRODUCTS LIABILITY LITIGATION        :     MDL No. 2592
                                     :
                                     :     SECTION L
                                     :
                                     :     JUDGE ELDON E. FALLON
                                     :
_____:     MAGISTRATE JUDGE NORTH

THIS DOCUMENT RELATES TO:

LESLIE KEITH SHEFFIELD
Civil Action No.: 2:15-cv-07074

JANE TURMAN
Civil Action No.: 2:16-cv-00356

### PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO SERVE PROCESS TO DEFENDANT BAYER PHARMA AG

COME NOW Plaintiffs, by and through their undersigned counsel, in Response to Defendant Bayer Pharma AG's Response to Motion for Extension of Time within which to Serve Process, and requests that Defendant's Opposition to Motion for Extension of Time be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 23, 2015, Plaintiffs filed a Joint Complaint against Defendants and were assigned case no. 2:15-cv-07074. On January 6, 2016, pursuant to Pre-Trial Order ("PTO") 11, the Joint Complaint was severed into separate individual cases. On January 14, 2016, pursuant to PTO 11, Plaintiff Jane Turman, initially part of the Joint Complaint, filed a separate, short form complaint and was assigned case no. 2:16-cv-00356.

On January 22, 2016, Plaintiffs served process on Bayer Pharma AG (via registered international mail; Receipt for registered mail attached to Doc. 2592 as Exhibit A) via the

1

streamlined process provided by PTO 10. On February 12, 2016, counsel for Bayer Pharma AG sent the undersigned counsel a letter stating that service was deficient as the service of process did not include a summons. (Letter from counsel for Bayer Pharma AG along with returned documents attached as Exhibit B to Doc. 2592). The letter went on to state that the undersigned counsel had 10 days from the date of the letter to correct service in this matter without regard to the 60-day period.

In good faith and in response to the letter dated February 12, 2016, the undersigned counsel served process on Bayer Pharma AG again (via registered international mail; Receipt for registered mail attached to Doc. 2592 as Exhibit C) on February 19, 2016. This submission included the summons and complaint. On March 1, 2016, counsel for Bayer Pharma AG sent the undersigned counsel a letter stating the service was deficient as the service of process did not include a copy of the Severance Order or a list of individual cases associated with the Joint Complaint per the instructions in PTO 11. (Letter from counsel for Bayer Pharma AG along with returned documents attached as Exhibit D to Doc. 2592).

On March 4, 2016, Plaintiffs filed a Motion for Extension of Time to Serve Process to Defendant Bayer Pharma AG and a Memorandum in Support of Plaintiffs' Motion for Extension of Time to Serve Process to Defendant Bayer Pharma AG (Doc. 2592).

On March 21, 2016, Defendants filed a Response to Motion for Extension of Time within which to Service Process (Doc. 2843).

## **LEGAL STANDARD**

FED. R. CIV. P. 4(m) establishes the procedures for notifying defendants that a lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. FED. R. CIV. P. 4(m) then goes on to state in part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

However, "[T]he court has discretionary power to extend time for service" even in the absence of good cause. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The Advisory Committee notes to the 1993 amendment state that Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is not good cause shown." FED. R. CIV. P. 4, Advisory Committee Notes at 56 (2008).

When determining whether to extend the time limit for service, the Court must first determine if the Plaintiff has shown good cause for the failure to effectuate service. However, when good cause cannot be shown, Rule 4(m) allows the district court to exercise discretion and extend the time limit for service of process. The Advisory Committee's notes on Rule 4(m) discuss a court's discretionary power to excuse untimely service, stating: "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." FED. R. CIV. P. 4, Advisory Committee Notes at 56 (2008).

## DISCUSSION

Although the Plaintiffs' original service of process to the Defendant on January 22, 2016, inadvertently left out the summons, it was a simple oversight. The package did however contain all other documents required by PTO 11, including the Joint Complaint, the Severance Order and the list of individual cases as indicated in Exhibit B. When the undersigned counsel received the service deficiency letter dated February 12, 2016 from Bayer Pharma AG's counsel indicating that service of process was deficient due to the lack of summons, the undersigned counsel immediately

3

mailed service of process again to Bayer Pharma AG and included both a summons and complaint as provided in Exhibit D of Doc. 2592. In Bayer Pharma AG's letter on March 1, 2016, it stated that service was untimely because the service of process package mailed on February 19, 2016 did not contain the Severance Order and list of the individual cases and their civil action numbers with the Joint Complaint.  Although, both documents were contained in the original service package mailed on January 22, 2016.

Here, the Plaintiffs have more than adequately demonstrated their intent to pursue claims. It was simply an oversight that the original service package of January 22, 2016 did not contain a summons. Again, the Plaintiffs have not acted in bad faith, rather they were acting in good faith when they served the original complaint and then immediately worked to resolve the service deficiency when notified by letter on February 12, 2016. The Plaintiffs' multiple attempts at service were made in good faith and indicated their intent to pursue their claims. The Plaintiffs now respectfully request that this Honorable Court grant a permissive extension of time as allowed by the Court's discretionary power provided by Rule 4(m).

## CONCLUSION

In consideration of the above, Plaintiffs respectfully request this Honorable Court to deny Defendant Bayer Pharma AG's Response to Motion for Extension of Time within which to Service Process and declare the prior service on Bayer Pharma AG to be effective, or alternatively, to grant thirty (30) days within which to provide service of process on the Defendant Bayer Pharma AG through the streamlined process pursuant to PTO 10. Plaintiffs have shown that no party herein will be prejudiced by the extension.

Dated this 22ND day of March, 2016

        Respectfully submitted,

        By: s/ Annesley H. DeGaris
        Annesley H. DeGaris (ASB-9182-a63a)
        DEGARIS LAW GROUP, LLC
        3179 Green Valley Road 235
        Birmingham, AL 35243
        Telephone: (205) 281-5185
        Email: adegaris@degarislaw.com

*ATTORNEY FOR PLAINTIFFS*

## **CERTIFICATE OF SERVICE**

I hereby certify that on that 22nd day of March, 2016, a copy of the foregoing has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

Dated this 22nd day of March, 2016

                                             s/ Annesley H. DeGaris
                                             ANNESLEY H. DEGARIS