UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO | * | |
| ALL CASES | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * *

## PRETRIAL ORDER NO. 24
### (Dismissal Guidelines)

This joint stipulation and order shall govern the filing of Motions to Dismiss for reasons of subject matter jurisdiction.

1.     A case will be dismissed for lack of subject matter jurisdiction only upon a noticed motion or order to show cause in which the plaintiff bringing the action and the served defendants have an opportunity to be heard, or upon a stipulated order consented to by both the plaintiff bringing the action and the defendants who have been served in that action.  This paragraph does not intend to restrict the ability any plaintiff may otherwise have to voluntarily dismiss pursuant to Rule 41(a)(1);  provided however that paragraph 3 shall not apply to rule 41(a)(1) dismissals.  Further, plaintiffs continue to retain the right to individually dismiss certain named defendants without dismissing the entire action.  This stipulation pertains solely to dismissals of an entire action for lack of subject matter jurisdiction.

2.     Any dismissal of the entire action for lack of subject matter jurisdiction shall be without prejudice.  In addition, the provisions of PTO 11B shall apply to any such dismissal and the Clerk of Court shall not docket or close the case until the filing fee is paid if no such filing fee was previously paid due to the plaintiffs action being filed as part of a bundled complaint.

3.    Defendants stipulate that if any case filed in or transferred to this MDL is dismissed for lack of federal subject matter jurisdiction either by motion or order to show cause or stipulation as set forth in Paragraph 1, and if a new action is thereafter commenced in a court having jurisdiction in the state where plaintiff resided at the time he or she used Xarelto within 60 days of such dismissal, for statute of limitations purposes the new action shall be deemed to be commenced as of the date the dismissed federal action was commenced.  If the law of the state in which the action is re-commenced provides for a longer period than 60 days to re-file, the longer period provided by such state law shall apply.

4.    Paragraph 3 of this stipulation and order shall not apply as to any defendant that was not properly served with the summons and complaint in federal court pursuant to the federal rules and the time to complete such service has expired except that with respect to other Bayer entities as defined in PTO 10, paragraph 3 shall apply so long as Bayer Pharma AG and Bayer Pharmaceuticals Inc. were timely served.

5.    Paragraph 3 of this stipulation and order shall not apply if the plaintiff in the dismissed action fails to commence a new action in a court having jurisdiction in the state specified in paragraph 3 within 60 days of dismissal of the federal action for lack of subject matter jurisdiction;  provided, however, that if the dismissal of the federal action is timely appealed to a federal Court of Appeals, the new action may be filed within 60 days of the dismissal order becoming final following the issuance of mandate from the appellate court.

SO ORDERED

March 23rd 2016