UNITED STATES DISTRICT COURT
EASTERN DISCTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 <br><br> SECTION: L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE NORTH <br><br> JURY TRIAL DEMANDED |

**This Document Relates To:**

**ROBERTA LAWRENCE**
Case No. 2:16-cv-01063

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Roberta Lawrence, by and through her counsel of record, pursuant to Federal Rule of Civil Procedure 41(a)(2), and in accordance with her separately filed Motion for Voluntary Dismissal without Prejudice, hereby files this Memorandum in Support of her Motion for Voluntary Dismissal without Prejudice. For the following reasons, Plaintiff respectfully requests that the Court dismiss Plaintiff's case without prejudice.

Federal Rule of Civil Procedure 41(a)(2) provides:

> By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice. Federal Rule of Civil Procedure 41(B):

> Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal –or state court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

In support thereof, Plaintiff also states as follows:

1

a. On March 15, 2016, Plaintiff's counsel emailed defense counsel, James Irwin and Kelly E. Brilleaux, to request consent to file a Stipulation to Dismiss without Prejudice which was denied by defense counsel on March 18, 2016.

b. On March 21, 2016, Plaintiff's counsel suggested filing a dismissal without prejudice if the dismissal required filing in the MDL, if the case is ever refiled, which was again denied by defense counsel on March 21, 2016.

On March 24, 2016, undersigned counsel met all requirements by taking action to file the voluntary dismissal without prejudice, at the Plaintiff's request, against all defendants along with a proposed court order. There have been no counterclaims filed against Plaintiff. As such, Plaintiff asked Defendants to consent to filing this motion without prejudice or, in the alternative, Plaintiff also offered that the Court order if Plaintiff's cause of action is ever to be re-filed, that it will only be filed in the Federal Court/this MDL so as to alleviate Defendant's form shopping concerns.

Accordingly and for these reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Voluntary Dismissal without Prejudice or in the alternative, issue an order granting Plaintiff's Motion for Voluntary Dismissal without Prejudice and order that if Plaintiff's claims are ever reasserted, Plaintiff can only do so in federal court.

Dated this 24th day of March, 2016.                     Respectfully submitted,

By: /s/ *Derek H. Potts*
    Derek H. Potts
    The Potts Law Firm
    100 Waugh Drive Suite 350
    Houston, TX 77007
    (713) 963-8881
    DPotts@potts-law.com
    Counsel for Plaintiff

2

## CERTIFICATE OF SERVICE

      I hereby certify that on this 24th day of March, 2016, a copy of the foregoing Memorandum in Support of Plaintiff's Motion for Voluntary Dismissal has contemporaneously been served on all parties of their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana, and via MDL Centrality, which will send notice of electronic filings in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

Dated: March 24, 2016                                Respectfully submitted,

                                                               By: /s/ *Derek H. Potts*
                                                                Derek H. Potts
                                                                The Potts Law Firm
                                                                100 Waugh Drive Suite 350
                                                                Houston, TX 77007
                                                                (713) 963-8881
                                                                DPotts@potts-law.com
                                                                Counsel for Plaintiff