UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN) }  MDL No. 2592
}
PRODUCTS LIABILITY LITIGATION } SECTION L
} JUDGE FALLON
} MAG. JUDGE NORTH
}

This Document relates to:

   Ann B. Noonan, Administratrix of the estate of Christopher Fasoldt *v. Janssen Research & Development, LLC et al;*
   Civil Action No. 2:15-cv-1274

# MOTION FOR LEAVE OF COURT TO RE-SERVE BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG PURSUANT TO STREAMLINE ORDER PTO 10

Comes now Plaintiff, Ann Noonan, Administratrix of the Estate of Christopher Fasoldt, and states that when her Complaint was filed, she served Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG, pursuant to provisions of PTO 10.  Plaintiff's case was filed on April 6, 2015 and service was sent contemporaneously.  Thereafter, Defendants participated in the above referenced case through the sending of deficiency notices related to the Plaintiff Fact Sheet on November 3, 2015 and December 22, 2015.  Plaintiff cured all deficiencies related to the Fact Sheet on December 29, 2015.   More than eleven months after its Complaint was filed, and Defendant was served, on March 9, 2016, Plaintiff received notice that Defendant did not believe the Complaint and Summons had been received pursuant to the provisions of PTO 10.  Plaintiff, upon learning of Defendants contention, immediately re-served the entities pursuant to the provisions of PTO 10 (although outside of the 60 day window because by the time Defendants' letter had been received the 60 day period had expired.)  On March 29, 2016 Plaintiff received a letter from Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG stating that each Defendant was rejecting service, believing that it had only been served outside of the 60 days provided by PTO 10.

On March 30, 2016 Plaintiff contacted defense counsel informing them of its previous attempt to serve Defendants. Defense Counsel informed Plaintiff that it could not locate any prior

attempts at service.  When Defense Counsel was asked what they would propose to cure this issue since they had already been re-served after their March 9, 2016 letter, they stated that Plaintiff should get leave of Court to re-serve, which we now seek.  Plaintiff believes that this will render moot the dispute about whether or not it did in fact serve Defendant pursuant to PTO 10 when its case was filed in April of 2015.  Furthermore, Plaintiff believes that Defendants' litigation participation effectively waives the requirement that they be served, however, Plaintiff wishes to seek leave from the Court to re-serve the Defendants out of an abundance of caution.

WHEREFORE, Plaintiff prays that this Motion for leave to re-serve Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG pursuant to PTO 10 be granted.  Plaintiff requests that it be given 30 days to serve the Complaint and Summons on Bayer Pharma AG by registered mail and Bayer Healthcare Pharmaceuticals, Inc. by certified mail

Dated: March 31, 2016

Respectfully Submitted,

/s/ Jacob Levy

Jacob Levy
Gray & White
713 E. Market St. #200
Louisville, KY 40202

## CERTIFICATE OF SERVICE

I hereby certify that I have, this day, electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all counsel of record, on this 31st day of March 2016.

/s/ Jacob Levy
Gray & White