UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

**THIS DOCUMENT RELATES TO:**

**MDL NO. 2592**

SECTION: L

JUDGE: ELDON E. FALLON

MAG. JUDGE: MICHAEL NORTH

THIS DOCUMENT RELATES TO:

Sharnetta Bennett, et al., v. Janssen Research & Development, LLC, et al., 2:16-cv-00059
Alfonzio Hunter v. Janssen Research & Development, LLC, et al., 2:16-cv-00391
Urbano Salmon v. Janssen Research & Development, LLC, et al., 2:16-cv-00392
Robert Singleton v. Janssen Research & Development, LLC, et al., 2:16-cv-00393
Robbie Stanley v. Janssen Research & Development, LLC, et al., 2:16-cv-00394
Derrick Staples, et al., v. Janssen Research & Development, LLC, et al., 2:16-cv-00395
Michael Woods v. Janssen Research & Development, LLC, et al., 2:16-cv-00396

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER
PHARMA AG**

The Plaintiffs in the above-referenced Complaints hereby submit this Memorandum in support of their Motion for an Order from this Honorable Court granting them thirty (30) days within which to serve process on the Defendant, Bayer Pharma AG, through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

## I. BACKGROUND

On January 05, 2016, Plaintiffs filed a Joint Complaint against Defendants and were assigned Case No.: 2:16-cv-00059, Sharnetta Bennett, et al., v. Janssen Research & Development, LLC, *et al*. On January 7, 2016, pursuant to PTO No. 11, the Joint Complaint was severed into separate individual cases.

Thereafter, on January 17, 2016, Plaintiff Alfonzio Hunter filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:16-cv-00391. On January 17, 2016, Plaintiff Urbano Salmon filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:16-cv-00392. On January 17, 2016, Plaintiff Robert Singleton filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:16-cv-00393. On January 17, 2016, Plaintiff Robbie Stanley filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:16-cv-00394. On January 17, 2016, Plaintiff Derrick Staples, Individually and as the Administrator of the Estate of Jacqueline Staples filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:16-cv-00395. On January 17, 2016, Plaintiff Michael Woods filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:16-cv-00396.

Since the filing of the initial Joint Complaint, and within the parameters set forth by this Court, the Plaintiff timely filed and served their Plaintiff Fact Sheet ("PFS") on the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO No. 13.[1]  During this initial time period, while Defendant Bayer Pharma AG was being made fully aware of the facts and

---

[1] Plaintiff Robert Singleton has not served his PFS.

circumstances surrounding the claims the Plaintiffs asserted, the undersigned counsel failed to issue formal service of process of the initial Joint Complaint on Defendant Bayer Pharma AG within the required sixty (60) day period pursuant to PTO No. 10.

On March 10, 2016, which was within sixty (60) days from filing of the short form Complaints, Plaintiffs herein served process on Bayer Pharma AG via registered international mail and via email as required by the streamlined process provided by PTO No. 10. On March 29, 2016, Bayer Pharma AG's counsel sent the undersigned counsel correspondence stating that service was deficient.

The failure to serve within (60) days occurred solely because the service date was inadvertently calculated from the filing of the short form Complaints, and not from the date of the filing of the initial Joint Complaint, as required by PTO No. 10.

## II. LAW AND ANALYSIS

Fed. R. Civ. P. 4(m) establishes the procedures for notifying defendants that a lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within the proper time after the complaint is filed, Rule 4(m) instructs the Court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiff shows good cause, the Court must extend the time for an appropriate period. Fed. R. Civ. P. 4(m).

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been within 120 after a complaint is filed. *Thompson v. Brown,* 91 F.3d 20, 21(5th Cir. 1996.) However, if a plaintiff can establish good cause for failing to serve a

defendant, the court must allow additional time for service. *Id*. Importantly, even if good cause is lacking, the court has discretionary power to extend time for service. *Id*.

Here, the Plaintiffs have shown every intention of pursuing their claims and have demonstrated such to the Defendants, including Bayer Pharma AG. It was purely through inadvertent error, i.e., using the wrong filing date to calculate the service date, that service of the Complaint was not **perfected** within 60 days of filing to invoke the streamlined process of PTO No. 10. On March 10, 2016 the Complaint was served on Bayer Pharma AG pursuant to PTO No. 10's streamlined process, which was five (5) days past the deadline. On March 29, 2016, Counsel for Defendant notified the undersigned counsel that service was deficient.

The Plaintiffs were not acting in bad faith here; rather, they were acting in good faith when they served the original Complaints. Plaintiffs' Complaints were served on Bayer Pharma AG on March 10, 2016. Plaintiffs attempt at service have been made in good faith.

Further, Defendant Bayer Pharma AG is fully aware of the Plaintiffs' claims having been served with hundreds, if not thousands, of identical complaints and individual PFS's. Because this MDL involves thousands of similarly situated Plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by the instant Plaintiffs, no actual prejudice has or will occur to Defendant Bayer Pharma AG by the Court granting the relief sought herein. The Plaintiffs now respectfully request that this Honorable Court grant a permissive extension of time as allowed by the Court's discretionary power provided by Rule 4(m).

## III. CONCLUSION

In light of the foregoing, the Plaintiffs respectfully request an Order from this Court declaring their prior service on Bayer Pharma AG to be effective, or alternatively, granting them thirty (30) days from the date the Order is entered within which to provide streamlined service of process on the Defendant Bayer Pharma AG.  Plaintiffs have shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

Dated: March 31, 2016                                         Respectfully Submitted,

/s/ W. Todd Harvey
W. Todd Harvey
Camille L. Edwards
Burke Harvey, LLC
3535 Grandview Parkway
Suite 100
Birmingham, AL 35243
Telephone:   (205) 930-9091
Facsimile:   (205) 930-9054
Email: tharvey@burkeharvey.com
             cedwards@burkeharvey.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ W. Todd Harvey
W. Todd Harvey
