UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Laura Banks (15-3812)* | * * * | JUDGE ELDON E. FALLON |
| | * * | MAG. JUDGE NORTH |
| | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO MOTION FOR EXTENSION
OF TIME TO SATISFY PLAINTIFF FACT SHEET DEFICIENCIES**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants"), Johnson & Johnson ("J&J"), Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG ("Bayer Defendants") collectively referenced as "Defendants," through undersigned counsel, respectfully submit the instant Opposition to Plaintiff Laura Banks' ("Plaintiff") Third Motion for Extension of Time to Satisfy Plaintiff Fact Sheet Deficiencies. (Rec. Doc. No. 2875).

As explained *infra*, Plaintiff's third request for an extension of time to cure the PFS deficiencies due to "significant difficulty obtaining his [sic] complete medical records from providers" should be denied because, as repeatedly emphasized by the Court, (1) timely submission of the completed PFSs is *essential* to this litigation; and (2) at this point in the litigation, plaintiffs who have made claims now need to provide proof that they belong in this MDL.

- 1 -

First, the Court has repeatedly emphasized that the timely submission of Plaintiff Fact Sheets is an essential step in this litigation and that the failure to submit a completed PFS will result in the dismissal of the case. *See* November 20, 2015 Status Conf. Tr. at 8:15-19 ("**[I]f the fact sheets are not going to be filled out, then I will be dismissing cases. I will dismiss the case. My intent is to dismiss the case with prejudice, not without prejudice**."); October 21, 2015 Status Conf. Tr. at 6:1-6 (again noting that failure to timely file PFSs will result in dismissal of cases).

Furthermore, the Court has explicitly recognized the important role of plaintiff fact sheets in determining whether plaintiffs who have made claims in the MDL are properly in this litigation.

> Also, with the fact sheets, we find in some of these types of cases, particularly with the pharmaceutical drug cases, there are individuals who have made claims, but they haven't taken the drug. They may have taken another drug, and they may be entitled to be in another MDL proceeding, but not in this proceeding, and the fact sheets are helpful in determining that aspect of the situation, so that those cases can be moved out of the system.

*See* November 20, 2015 Status Conf. Tr. at 9:1-8.

Here, Plaintiff asserts that her bundled Complaint was filed on August 26, 2015, and that her short form Complaint was filed on September 3, 2015. (Rec. Doc. No. 2875-2, ¶1). Furthermore, Plaintiff's Memorandum in Support of her Motion demonstrates that, although her PFS was due and initially submitted in November of 2015, she was already allowed an extension by this Court to cure the PFS deficiencies. (Rec. Doc. No. 2875-2, ¶3). In fact, this is Plaintiff's third Motion for Extension of Time to Satisfy Plaintiff Fact Sheet Deficiencies, and Plaintiff has already been granted an extension of the PFS deadline by this Court on two separate occasions.

- 3 -

First, by Court Order dated December 4, 2015, and entered December 7, 2015, she was given until January 13, 2016, to upload her medical records and correct any PFS deficiencies (Rec. Doc. No. 1707). And subsequently, by Court Order dated March 8, 2016, she was allowed until March 23, 2016, to cure her PFS deficiencies. (Rec. Doc. No. 2648). Thus, despite the copious amount of time allowed by this Court to cure PFS deficiencies in this matter, there is still a clear absence of proof that Plaintiff belongs in this litigation.

Accordingly, Defendants respectfully request that the Court deny Plaintiff's Third Motion for Extension of Time to Satisfy Plaintiff Fact Sheet Deficiencies. (Rec. Doc. No. 2875).

- 4 -

        Respectfully submitted,

        KAYE SCHOLER LLP

        By: /s/ *William Hoffman*
            William Hoffman
            Steven Glickstein
            KAYE SCHOLER LLP
            The McPherson Building
            901 Fifteenth Street, NW
            Washington, DC 20005
            Telephone: (202) 682-3550
            Facsimile: (202) 414-0355
            william.hoffman@kayescholer.com

        DRINKER BIDDLE & REATH LLP

        By: /s/ *Susan M. Sharko*
            Susan M. Sharko
            DRINKER BIDDLE & REATH LLP
            600 Campus Drive
            Florham Park, NJ 07932-1047
            Telephone: (973) 549-7000
            Facsimile: (973) 360-9831
            susan.sharko@dbr.com

Irwin Fritchie Urquhart & Moore LLC

By: /s/ *James B. Irwin*
    James B. Irwin
    Kim E. Moore
    IRWIN FRITCHIE URQUHART
    & MOORE LLC
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    jirwin@irwinllc.com

Chaffe McCall L.L.P.

By: /s/ *John F. Olinde*
    John F. Olinde
    CHAFFE McCALL L.L.P.
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on April 5, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                */s/ James B. Irwin*
                                                **James B. Irwin**