

Steven Glickstein
+1 212 836 8485 office
steven.glickstein@kayescholer.com

250 West 55th Street
New York, NY 10019-9710
+1 212 836 8000 main
+1 212 836 8689 fax

March 23, 2016

The Honorable Eldon E. Fallon
United States District Court for the Eastern District of Louisiana
500 Poydras Street, Room C456
New Orleans, LA 70130

Re: **Defendants' Letter Brief in Support of Protection over Disclosure of Work Product Protected by the Attorney-Work-Product Doctrine, in MDL No. 2592, in *In re: Xarelto Products Liability Litigation***

Dear Judge Fallon:

Pursuant to the Court's March 17, 2016 order requesting letter briefing (Doc. 2830), Defendants submit this brief regarding a dispute that has arisen during recent depositions of Bayer witnesses. Plaintiffs have requested the identity of documents certain Bayer witnesses reviewed at the request of counsel in preparation for their depositions. Defendants have objected that the request inappropriately calls for the disclosure of opinion work product that is protected from disclosure by the attorney-work-product doctrine.

As background, Bayer recently produced four witnesses for deposition in Amsterdam over the course of several days (February 23–March 2, 2016). Pursuant to deposition notices issued in both jurisdictions, counsel for the MDL plaintiffs and the Pennsylvania plaintiffs appeared at the depositions and questioned the witnesses. At several of the depositions, Plaintiffs' counsel asked the witnesses to disclose whether they had reviewed a particular document with counsel, or to identify what documents Bayer's counsel had provided to them in preparation for their depositions. Bayer objected to those questions on work-product grounds and instructed the witnesses not to answer, consistent with PTO 23 ¶ II.L.36. The issue also arose in the deposition of a Janssen witness on March 3–4. Defense counsel likewise objected and directed the witness not to answer, but also invited Plaintiffs' counsel to lay a foundation, an invitation that was rejected.

Defendants respectfully request that the Court issue a declaratory ruling that the identity of produced documents shown by counsel to their clients during deposition preparation is protected from disclosure by the attorney-work-product doctrine, and enter a protective order that company witnesses do not have to disclose attorney work product at their depositions. As discussed in more detail below, the Fifth Circuit has refused a similar request for documents

The Honorable Eldon E. Fallon 2 March 23, 2016

reviewed by counsel with a witness in preparation for deposition, and courts both within this district and elsewhere—including the Third, Fourth, and Eighth Circuits—have held that a listing of documents counsel provided to his client in deposition preparation is attorney work product and not discoverable. *See Burns v. Exxon Corp.*, 158 F.3d 336, 339 (5th Cir. 1998); *Hanover Ins. Co. v. Plaquemines Par. Gov't*, 304 F.R.D. 494 (E.D. La. 2015); *Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*, No. CIV.A 03-1496, 2004 WL 1237450 (E.D. La. June 2, 2004) (Roby, M.J.); *see also, e.g., In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997); *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986); *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985).

All of the documents that defense counsel have provided to their witnesses to review in preparation for depositions already have been produced, or are otherwise publicly available. Plaintiffs simply want to know which documents defendants' counsel think are important, interesting, or otherwise worthy of discussion with a witness for a myriad of reasons. That is an inappropriate request. This Court should hold that Plaintiffs are not entitled to know which documents defense counsel selected and the witnesses reviewed in deposition preparation.

I. **Any collection of documents defense counsel provided for their witnesses to review in preparation for depositions is opinion work product that is protected from disclosure by the attorney-work-product doctrine.**

Just last year, Judge Milazzo of this Court held that the attorney-work-product doctrine protected from disclosure the list of documents that counsel had shown to its witness in deposition preparation. *See Hanover Ins. Co. v. Plaquemines Par. Gov't*, 304 F.R.D. 494 (E.D. La. 2015); *accord Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res., Inc.*, No. CIV.A 03-1496, 2004 WL 1237450 (E.D. La. June 2, 2004) (Roby, M.J.). This Court likewise should hold that defendants' opinion work product is protected here.

The attorney-work-product doctrine has long protected from disclosure an "attorney's mental impressions, conclusions, opinions, or legal theories." *Hickman v. Taylor*, 329 U.S. 495, 508 (1947). The Federal Rules of Civil Procedure likewise provide that a party "may not discover documents or tangible things that are prepared in anticipation of litigation or for trial by or for another party" unless the party is able to show both (1) "that it has a substantial need for the materials" and (2) that it would experience "undue hardship" without access to the work product. Fed. R. Civ. P. 26(b)(3)(A). At all events, courts "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney." *Id.* R. 26(b)(3)(B).

Since the inception of the now-well-settled attorney-work-product doctrine, courts have made clear that where the work product in any way discloses an attorney's opinion, that work product "enjoys near absolute protection" from disclosure in discovery. *Hanover Ins.*, 304 F.R.D. at 500; *see also In re E.E.O.C.*, 207 F. App'x 426, 433 (5th Cir. 2006) (affording heightened protection to opinion work product); *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 n.4 (7th Cir. 1996) (same); *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (opinion work product "enjoys a nearly absolute immunity and can be

discovered only in very rare and extraordinary circumstances"); *Boyer v. Gildea*, 257 F.R.D. 488, 491 n.1 (N.D. Ind. 2009) ("the immunity from discovery for opinion work product is absolute or nearly absolute").

Plaintiffs inappropriately seek to get at defense counsel's opinions. Disclosure of the list of documents counsel provided to witnesses for deposition preparation inappropriately forces defendants to provide insight into their counsel's opinion about what documents and issues are important in this litigation. As Judge Milazzo explained in *Hanover*, the universe of documents that counsel compiles for its clients to review in preparation for their depositions is protected by the attorney-work-product doctrine because disclosure of that compilation "necessarily reveals the attorney's opinions regarding the litigation":

> [T]he Court is convinced that the identity of any documents shown to the witness by counsel is, under the peculiar facts of this case, protected by the work-product privilege. According to counsel for the parties, over 20,000 documents have been produced in written discovery. Where, as here, an attorney culls through a large volume of documents and identifies those that she believes are important to the litigation, that selection of documents necessarily reveals the attorney's opinions regarding the litigation. Thus, asking a witness to identify all the documents that he was shown by the corporate attorney prior to the deposition necessarily asks the witness to reveal the thoughts and opinions of the corporate attorney. Given that opinion work product enjoys a near absolute protection, the Court has no difficulty holding that the identity of the documents is protected

*Hanover Ins.*, 304 F.R.D. at 500 (footnote call numbers omitted). Magistrate Judge Roby similarly has held that a party is not required to disclose which documents its witnesses reviewed in preparation for their depositions because "the only purpose that would be served by ordering [a witnesses] to identify the specific documents he reviewed of the total documents [the other side] has already obtained, would be to reveal the mental impressions of [the defending] counsel as to what is relevant or important from [defending counsel's] point of view." *Freeport-McMoran Sulphur*, 2004 WL 1237450, at *8. Magistrate Judge Roby noted that protection of this opinion work product is particularly appropriate where—as here—the documents included in the compilation "have previously been produced" in the litigation, or are otherwise publicly available. *Id.*; *see also, e.g., Aguinaga v. John Morrell & Co.*, 112 F.R.D. 671, 683–84 (D. Kan. 1986) (where the questioning party already had access to the documents, the only purpose behind the question concerning which documents had been shown would be to inform the opposing side of "the attorneys' process of selection and distillation of documents"; denying disclosure because "[d]iscovery would reveal nothing more than what documents the attorneys thought were relevant to the transactions").

Those decisions are consistent with Fifth Circuit precedent. In *Burns v. Exxon Corp.*, 158 F.3d 336, 339 (5th Cir. 1998), the Fifth Circuit similarly declined to compel Exxon to produce "documents reviewed by . . . a former Exxon employee[] in preparation for his deposition." The plaintiffs had "requested the documents for the purpose of questioning the witness, but Exxon refused, claiming the documents were protected" under the attorney-work-product doctrine. *Id.*

The Honorable Eldon E. Fallon            4            March 23, 2016

at 343. The district court had denied the plaintiffs' motion to compel, and the Fifth Circuit affirmed, holding that the plaintiffs had "failed to show that they have a substantial need for the documents or that production was necessary in the interests of justice." *Id.*[1]

Numerous other courts—including the Third, Fourth, and Eighth Circuits—likewise have held that parties are not required to disclose what documents their counsel provided to their witnesses to review in preparation for a deposition because counsel's compilation of those documents is opinion work product that is protected from disclosure. *See, e.g., In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997) (holding that attorney's "choice and arrangement" of documents for witness preparation "constitutes opinion work product because [counsel's] selection and compilation of these particular documents reveals her thought processes and theories regarding this litigation"); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986) ("In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more crucial than legal research. . . . We believe [counsel's] selective review of [her clients'] numerous documents was based on her professional judgment of the issues and defenses involved in this case."); *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("We believe that the selection and compilation of documents in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product.").[2]

---

[1] *Burns* presented the questions whether Exxon had waived the privilege by showing documents to a *former* employee, and whether Federal Rule of Evidence 612 required disclosure of the documents reviewed. Despite the Fifth Circuit's conclusion that the identity of the documents reviewed in deposition preparation was not discoverable, one district court, without citing *Burns* and without making the necessary burden findings, has suggested that the Fifth Circuit would adopt a different position. *See Fisher v. Halliburton*, No. CIV.A. H-05-1731, 2009 WL 483890, at *1–2 (S.D. Tex. Feb. 25, 2009) (requiring disclosure of documents counsel reviewed with witness in preparation for deposition). The *Fisher* court relied on what it called "dicta" from a prior decision in which the Fifth Circuit also *declined* to require production of counsel's compilation of documents, this time in connection with an investigative audit. *Id.* (citing *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982)). The *Fisher* decision is contrary to the Fifth Circuit's (and this district's) precedents.

[2] *See also, e.g., S.E.C. v. Brady*, 238 F.R.D. 429, 442 (N.D. Tex. 2006) ("[D]ocuments, including business records, that were specifically selected and compiled by a party or its representative in preparation for litigation are opinion work product because the mere acknowledgment of their selection would reveal mental impressions concerning the potential litigation."); *Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 647 (N.D. Ill. 1994) ("Selection of certain pieces of evidence from a mass of evidence is an important part of an attorney's preparations. Should an attorney's efforts to prepare not be kept private, the interest of the client would be ill-served because it would put the attorney to the choice of preparing adequately or revealing his strategies. Therefore, the attorney's selection process must be protected by the work product privilege."); *James Julian v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982) ("In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects

The Honorable Eldon E. Fallon                5                          March 23, 2016

The Third Circuit's decision in *Sporck* is particularly instructive. There, the plaintiffs sought "to compel identification and production" of documents that defense counsel selected—from among documents produced in the litigation—to be used in preparing a witness for his deposition. 759 F.2d at 314. Although the trial court initially granted plaintiffs access to that information, the Third Circuit reversed on mandamus review, holding that a compilation of documents prepared by counsel for its witnesses' deposition preparation "must be prevented to protect defense counsel's work product." *Id.* at 315. The Third Circuit protected the list of documents from disclosure because "identification of the documents as a group will reveal defense counsel's selection process, and thus his mental impressions," and "Rule 26(b)(3) place[s] an obligation on the trial court to protect against unjustified disclosure of defense counsel's selection process." *Id.* at 314, 317. The Fourth and Eighth Circuits likewise have protected from disclosure any list of produced documents prepared by counsel for purposes of its witnesses' deposition preparation. *See In re Allen*, 106 F.3d at 608; *Shelton*, 805 F.2d at 1329.[3]

---

of his understanding of the case."); *accord* David M. Greenwald et al., 1 *Testimonial Privileges* § 2:3 (3d ed. 2008) ("An attorney's selection of what she deems to be relevant case documents is a common type of opinion work product. Most courts recognize that when an attorney exercises professional skill in compiling selected documents while preparing the client's case, the documents (as compiled) may be held to be protected work product." (collecting cases)).

[3] Several courts—including courts within this district—have declined to apply *Sporck*, and the line of cases identified above, in factually distinguishable circumstances. To be clear, none of those cases affects the issue before the Court. Those courts distinguished *Sporck* on the very grounds that make *Sporck* directly on point here—namely, that it involved the disclosure of an attorney's opinions and mental impressions in the course of preparing his client and its witnesses for deposition. *See, e.g., In re San Juan Dupont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1018 (1st Cir. 1988) (ordering parties to disclose list of documents to be used as exhibits at each of the 2,000 depositions in the "sprawling litigation" because once "the deposition is held and examination commences, the questioner's document selection, and the stratagems it reveals, will become obvious to all"); *Castano v. Am. Tobacco Co.*, 896 F. Supp. 590, 596 (E.D. La. 1995) (Jones, J.) (declining to extend *Sporck* to protect from disclosure privilege log of documents that already had "been disclosed to the public"); *In re Shell Oil Refinery*, 125 F.R.D. 132, 133–34 (E.D. La. 1989) (Mentz, J.) (declining to extend *Sporck* to protect from disclosure the list of documents that plaintiffs wanted to print from defendant's document warehouse; held that any opinion would necessarily be disclosed once plaintiffs used the documents in the litigation); *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 539 (D. Kan. 1989) (declining to extend *Sporck* to shield plaintiff from having to respond to contention interrogatories asking for a list of documents on which plaintiff would rely). In each of those cases, the courts concluded that the documents would have otherwise been disclosed at some point in the litigation, unlike in *Sporck*—as here—where counsel's opinions were "never designed to see the light of day." *E.g., In re San Juan*, 859 F.2d at 1018.

The Honorable Eldon E. Fallon            6                          March 23, 2016

Defendants anticipate that Plaintiffs will make two "moves" in response, but neither of those arguments are compelling, and the Court should reject them here.

*First*, Plaintiffs are likely to point to the handful of decisions going the other way, and in particular the decisions from Judge David Herndon in the *YAZ/Yasmin* and *Pradaxa* MDLs, but those decisions are contrary to the Fifth Circuit's precedent and the line of cases discussed above, which are the better-reasoned majority. In short, Judge Herndon's decisions are plainly outliers. In *YAZ/Yasmin*, Judge Herndon first concluded that *Sporck* applied to prevent identification of which documents Bayer's counsel had provided to its witnesses for review because "[i]n selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case." *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Relevant Prods. Liab. Litig.*, MDL No. 2100, 2011 WL 2580764, at *3 (S.D. Ill. June 29, 2011). But the court allowed the plaintiffs "to inquire of Bayer's witnesses the complete list of documents and materials the witness reviewed prior to and in preparation for the deposition" because the witnesses had reviewed some documents independent of counsel in preparation for their depositions. *Id.* at *3–4. In *Pradaxa*, even though counsel for the defendant represented that "all of the documents reviewed by the company witnesses will have been selected by counsel," Judge Herndon required disclosure of the identity of those documents because "defense counsel voluntarily disclosed that information." *In re Pradaxa (Dabigatran Etexilate) Products Liab. Litig.*, MDL No. 2385, 2013 WL 1776433, at *2 (S.D. Ill. Apr. 25, 2013) ("If defense counsel had not gratuitously revealed this information, the documents reviewed by the witnesses in preparation for their depositions could have been disclosed (as they were in the Yasmin decision) without any risk of revealing attorney-work product.").

This Court should not follow Judge Herndon's outlier view. Defendants are aware of no court that has cited the *YAZ/Yasmin* or *Pradaxa* decisions, and, indeed, one court—the Southern District of California—recently expressly declined to follow the *Pradaxa* decision. *See Stevens v. Corelogic, Inc.*, No. 14CV1158 BAS (JLB), 2016 WL 397936, at *9 (S.D. Cal. Feb. 2, 2016) (ordering disclosure only of documents independently selected by the witness for deposition preparation) ("The Court does not agree that attorney work product protection should not apply to an attorney's selection of documents when the attorney 'gratuitously disclosed' the documents a deponent reviewed were selected by counsel. It is well known by attorneys that it is common practice for counsel to prepare their clients and their clients' witnesses for depositions. Such attorney preparation necessarily includes hand-selecting documents relevant to a case to review with the witnesses.").

*Second*, Plaintiffs are likely to argue that Federal Rule of Evidence 612 requires disclosure of any documents that witnesses reviewed to "refresh [the] witness's memory." Rule 612 gives a party certain options when a witness "uses a writing to refresh memory," but, for documents reviewed before the witness testifies, only "if the court decides that justice requires the party to have those options." Fed. R. Evid. 612(a)(2). Plaintiffs have not at this point established that witnesses reviewed the documents to refresh their memory, and they will not be able to show that justice requires that they get access to the identity of documents reviewed.

The Honorable Eldon E. Fallon                    7                         March 23, 2016

To satisfy that the witness reviewed the document to refresh recollection, the requesting party must be specific. Even Judge Herndon's *YAZ/Yasmin* decision recognizes that Rule 612 is not a "general discovery device." 2011 WL 2580764, at *3. Instead, Rule 612 applies in this scenario only when "during a deposition, deposing counsel elicits testimony demonstrating a loss of memory on the part of the witness and a specific document is used to refresh that memory for the purpose of testifying." *Id.* At the recent depositions, Plaintiffs' counsel did not ask questions (or elicit answers) sufficient to make that showing.

But even so, Fifth Circuit law is clear that Rule 612 only applies to compel documents reviewed in preparation for a deposition when the plaintiffs "show that they have a substantial need for the documents or that production was necessary in the interests of justice." *Burns*, 158 F.3d at 343. In *Burns*, the court declined to compel the defendant to produce documents that were used to prepare witnesses for deposition, even though those documents had been withheld from production on privilege grounds. That holding applies here *a fortiori*. Here, all of the documents that defense counsel has provided its witnesses to review in preparation for their depositions already have been produced to Plaintiffs or are otherwise publicly available. Plaintiffs cannot establish that have a "substantial need" to know which documents counsel used to prepare the witnesses, or that identification is "necessary in the interests of justice." Indeed, in the few depositions to this point, Plaintiffs already have marked hundreds of produced documents as exhibits. There is no compelling need for them to see which documents defense counsel think are important. *See Sporck*, 759 F.2d at 318 ("Rule 612 should never implicate an attorney's selection, in preparation for a witness' deposition, of a group of documents that he believes critical to a case."); *see also Hanover Ins.*, 304 F.R.D. at 500 (holding that requesting party "ha[d] not met its burden" to prove that justice required disclosure of compilation under Rule 612); *cf.* Wright & Miller, *Federal Practice & Procedure* § 6183 ("The language of Rule 612 and the Advisory Committee Note to that provision also make it hard to justify the conclusion that the rule applies at depositions" because "[i]t is very difficult for a court to know what justice requires until the witness has actually testified at trial, when the importance of his credibility is revealed in the context of all the evidence").

This is not to say that Plaintiffs are barred from attempting to establish the evidentiary foundation required by the Fifth Circuit under Rule 612 for production of documents reviewed by a witness before testifying at deposition. If Plaintiffs believe they have established such a foundation and Defendants agree, Defendants will provide Plaintiffs with notice of the document in question. If Plaintiffs believe they have established such a foundation and Defendants disagree, the dispute can be submitted to the Court either telephonically during the deposition or more formally afterwards, in which case the Court can rule based on a particularized factual record as contemplated by the Fifth Circuit. But unless and until such an evidentiary foundation is established, the Court should make clear that the general rule of non-production applies.

This Court should hold that Plaintiffs are not entitled to a roadmap of which among the almost 3.7 million documents that have been produced in this litigation defense counsel think are important, interesting, or otherwise worthy of discussion with a witness. Allowing Plaintiffs access to the list of produced documents that defense counsel prepared for review by their

| | | |
|---|---|---|
| The Honorable Eldon E. Fallon | 8 | March 23, 2016 |

witnesses in preparation for their depositions would give Plaintiffs just that. The Court should protect defense counsel's work product and affirm the privilege.

### II. This Court should decide this issue to maintain efficiency and consistency across the Xarelto litigation.

The issue presented in this motion also bears on the coordinated Pennsylvania proceedings pending before Judge New. Pursuant to PTO 23, counsel representing the Pennsylvania plaintiffs appeared at the recent depositions and asked questions. Pennsylvania counsel also raised objections about the identity of documents Bayer's counsel reviewed with the witnesses in deposition preparation.

Defendants of course have no objection to the Court coordinating with Judge New on this matter and involving him in its resolution as appropriate. Nonetheless, it is appropriate for this Court to resolve the issue to preserve efficiency and consistency in Xarelto actions, particularly in light of PTO 23 (¶ II.M.38), which contemplates that this Court will resolve any "disputes during or relating to depositions" taken in the MDL. *See, e.g.*, 28 U.S.C. § 1407 (MDL procedure exists to "promote the just and efficient conduct of [related] actions" and serve "the convenience of parties"); *Manual for Complex Litigation* (4th) § 20.313 (recognizing need for "coordinating rulings on discovery disputes").

\* \* \*

Defendants respectfully request that the Court order that the identity of produced documents shown by counsel to their clients during deposition preparation is protected from disclosure by the attorney-work-product doctrine, and enter a protective order that witnesses do not have to disclose attorney work product at their depositions.

Respectfully submitted,

*/s/ Steven Glickstein*

Steven Glickstein

cc:  MDL Lead and Liaison Counsel

63472002_1