

820 O'Keefe Avenue
New Orleans, Louisiana
70113-1116

p: (504) 581-4892
f: (504) 561-6024
e: info@hhklawfirm.com

hhklawfirm.com

Harry Herman (1914-1987)
Russ M. Herman*
Maury A. Herman*
Steven J. Lane
Leonard A. Davis*
James C. Klick[1]
Stephen J. Herman
Brian D. Katz
Soren E. Gisleson
Joseph E. Cain

Jennifer J. Greene[2]
John S. Creevy
Aaron Z. Ahlquist[3]
Craig M. Robinson
Mikalia M. Kott[4]
Danielle Treadaway Hufft
Patrick R. Busby[5]
Madelyn O. Breerwood
Alexandra E. Faia
Anne E. DeVaughn
Charles M. King

Of Counsel:
Herbert A. Cade
Morton H. Katz*
Joseph A. Kott, M.D., J.D.

This Firm and its Partners Are Also
Partners in Herman Gerel, LLP

* A Professional Law Corporation
[1] Also Admitted in Texas
[2] Also Admitted in Arkansas
[3] Also Admitted in Tennessee
[4] Also Admitted in Colorado
[5] Also Admitted in Alabama
& Oklahoma

March 23, 2016

*VIA EMAIL ONLY*

Honorable Eldon E. Fallon
c/o United States District Court
Eastern District of Louisiana
500 Poydras Street
Room C456
New Orleans, LA   70130

    Re:   <u>In re:   Xarelto (Rivaroxaban) Products Liability Litigation</u>
              **MDL 2592**

Dear Judge Fallon:

## I. INTRODUCTION

In the PSC depositions of company employee/witnesses, the latter have been asked to identify materials reviewed in advance of their deposition as part of the deposition preparation process. Defendants' counsel have objected to this line of questioning on attorney "work product" grounds, and a meet and confer process has not resolved the dispute.

The PSC is entitled to discover what materials a witness reviewed, and a simple listing of these materials provided in advance of depositions does not reveal the thought process of defense counsel. Moreover, when asked direct questions on this topic, employee/witnesses have either been unwilling or unable to answer the questions without the aid of such a list. For example, Andrea Derix, Bayer's Global Team Leader for Xarelto, could not provide even a reasonable estimate of the amount of materials she reviewed, stating that such a question is "really difficult to respond to." Derix at 258:11 – 260:8 (Exhibit A). Wolfgang Mueck, a Bayer pharmacologist who has worked on Xarelto for more than 10 years, testified in deposition to having reviewed documents for several days, but also could not state how many or which documents; upon a request for a list of these documents, defense counsel objected to providing same based upon a work product privilege. Mueck at 246:09 – 248:23 (Exhibit B). Dr. Andrea Horvat-Broeker, a Bayer medical doctor involved in global pharmacovigilance related to Xarelto for over 10 years, reviewed many documents to prepare for her deposition, affirmed that the documents refreshed her memory, but was instructed not to disclose those documents by her attorney who asserted a work product privilege. Horvat-Broeker at 449:9 – 450:1; 457:7 – 459:6 (Exhibit C).

March 23, 2016
PAGE 2

As a result of these witnesses' answers and the objection by defense counsel, the PSC has no way to discover and review the materials a witness relied upon in preparing for the deposition, much less question the witness about these documents. Accordingly, the PSC has requested in deposition notices going forward that a list of materials reviewed by the witnesses be provided in advance of the depositions. Defendants have indicated that they will not provide such a list and will maintain their work product objections. This issue is now ripe for resolution by the Court.

## II. ARGUMENT

The disclosure of a compilation of materials reviewed by a witness prior to his or her deposition poses no real danger of disclosing any litigation strategy or attorney thought processes of substance, and therefore such a list is not entitled to work product protection. Defendants' objection, coupled by the witnesses' inability to identify the materials during the depositions, prevents the PSC from obtaining this discoverable information. The PSC's request for a listing of the materials does not reveal who selected the materials (whether it was the witness, counsel, a combination of both or some other method), why the materials were selected, and any meaningful thought process or litigation strategy of defense counsel.

This issue has been addressed by other MDL Judges. For example, Bayer unsuccessfully raised this same issue in the *In re Trasylol Products Liability Litigation*. The plaintiffs had requested that Bayer produce items reviewed by a company executive in preparation for her deposition. Bayer raised the following work product argument:

> [I]ts attorneys selected only discrete individual documents from amongst the voluminous documents produced in this case thus far to prepare [the witness] for her deposition, and that act of culling and selection of a discreet number of documents constitutes Bayer's attorneys' opinion of the important issues in the case and necessarily reveals their trial strategy.

2009 WL 936597 at *3 (S.D. Fla. April 7, 2009). Judge Middlebrooks rejected this proposition, finding that disclosure of such documents did not "create[] a real, non-speculative danger of revealing counsel's thoughts" and Bayer's position "basically would extend the work-product privilege into the norm rather than the exception." *Id.* at *4.

In the Yaz/Yasmin Litigation, Judge Herndon of the Southern District of Illinois, faced with the same argument from Bayer, ordered that "Plaintiffs will be permitted to request [the] complete list [of documents and materials the witness reviewed prior to and in preparation for the deposition] prior to the start of each deposition and it will be produced no later than 72 hours before the start of the deposition and supplemented as needed up to the start of the deposition." *In re Yasmin and Yaz (Drospirenone)*

March 23, 2016
PAGE 3

*Marketing, Sales Practices and Relevant Products Liability Litig.*, 2011 WL 2580764 at *3 (S.D. Ill. June 29, 2011).

Judge Herndon followed the same procedure in the Pradaxa Products Liability Litigation (an MDL involving a drug in the same class as Xarelto) reasoning that:

> In the instant case, millions of documents have already been produced. Either party should be allowed to know what documents a witness reviewed prior to a deposition for purposes of efficacy. Neither side will be permitted to ask which, if any, of the documents reviewed were selected by counsel. To the extent that the defendants' voluntary disclosure regarding the selection of documents reveals attorney-client work product – they brought such a consequence on themselves.

*In re Pradaxa (Dabigatran Etexilate) Products Liability Litig.*, 2013 WL 1776433 at *3 (S.D. Ill. April 25, 2013).

Judge Conway reached a similar conclusion when this issue was brought before her as part of the discovery proceedings in *In re Seroquel Products Liability Litigation*, 2008 WL 591929 (M.D. Fla. Feb. 28, 2008). In approving the Magistrate's prior holding on the topic, Judge Conway indicated that otherwise non-privileged documents reviewed prior to a deposition were not entitled to work product protection. *Id.* at *3-4. Accordingly, the documents should have been identified and produced. *Id.*; *see also In re Seroquel Products Liability Litig.*, 2008 WL 215707 (M.D. Fla. Jan. 24, 2008).

The Fifth Circuit has not specifically ruled upon the application of the work product doctrine in the present context, but the Southern District of Texas did so and held that a list of documents reviewed in advance of depositions was not entitled to work product protection, and therefore was discoverable. *Fisher v. Halliburton*, 2009 WL 483890 at *1-2 (S.D. Tex. Feb. 25, 2009) ("[T]o imbue every compilation of documents reviewed by a witness before testifying – at trial or at deposition – with work product privilege protection would all but write Rule 612 of the Federal Rules of Evidence out of existence."). The *Fisher* Court concluded that the Fifth Circuit would support its holding, citing Fifth Circuit dicta from *In re International Systems & Controls Corp. Securities Litigation*, 693 F.2d 1235, 1240 (5th Cir. 1982) (binders of information developed in special investigation were not opinion work product as they were "not the mental impressions, conclusions, opinions or legal theories of an attorney")(internal quotes omitted). The Southern District of Texas distinguished the lack of protection attached to the identity of the documents reviewed in preparing for the deposition from the obviously privileged conversations between the witness and his counsel regarding the documents. 2009 WL 483890 at *2.

March 23, 2016
PAGE 4

The PSC is aware of a least one case that the Defendants may rely upon from the Third Circuit – *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985). *Sporck* was a split decision with a strong dissent. *See id.* at 319-320. The dissenting opinion has been followed by a number of Courts and the primary opinion has been described as a minority view. *See N. Natural Gas Co. v. Approximately 9117.53 Acres*, 289 F.R.D. 644 (D. Kan. March 5, 2013) (Mag. Bostwick); *see, e.g., In re San Juan DuPont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1015 (1st Cir. 1988); *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2008 WL 2548129 at *10 (D. Kan. June 23, 2008) ("This Court has previously held (in the context of an inquiry into what documents a deponent reviewed prior to a deposition) that the selection and grouping of information does not transform discoverable documents into work product.").

As Judge Seitz explained in *Sporck*, the risk of providing a list of materials reviewed divulging anything approaching work product is miniscule:

> The problem with petitioner's theory is that it assumes that one can extrapolate backwards from the results of a selection process to determine the reason a document was selected for review by the deponent. There are many reasons for showing a document or selected portions of a document to a witness. The most that can be said from the fact that the witness looked at a document is that someone thought that the document, or some portion of the document, might be useful for the preparation of the witness for his deposition. This is a far cry from the disclosure of a lawyer's opinion work product. Even assuming that the documents were selected by the petitioner's attorney, the subject matter is undifferentiated that its potential for invasion of work product is miniscule at best.

*Sporck*, 759 F.2d at 319 (Seitz, J., dissenting).

### III.   CONCLUSION

The Defendants and their employee/witnesses should be required to identify the documents these witnesses have reviewed in preparation for giving deposition testimony. This allows for the meaningful and efficient discovery of a witness's testimony by deposition, with no demonstrable exposure of the opinions or case strategy of any counsel who may have provided any or all of the material to the witness for review. As often as not, this material is selected in anticipation of the questions likely to be asked by plaintiffs' counsel, which cannot reasonably be equated to what the witness's own counsel considers important to a defense of the case. Therefore, the information requested, i.e. a mere listing of materials reviewed, is not the type of information that deserves work product protection, and clearly is discoverable. Specifically, the PSC proposes a procedure that requires that the Defendants' employee/witnesses simply provide a list of the materials that were reviewed in advance of a deposition, without revealing how, why,

March 23, 2016
PAGE 5

or by whom the documents were selected. This process further assures that the work product privilege is not in any way implicated.

          Sincerely,

          */s/ Leonard A. Davis*

          **LEONARD A. DAVIS**
          **Co-Plaintiffs' Liaison Counsel**

LAD:lmf
Attachments
cc:    Plaintiffs' Executive Committee *(via email)*
       Plaintiffs' Steering Committee *(via email)*
       James Irwin, Esq. *(via email)*
       John Olinde, Esq. *(via email)*
       Susan Sharko, Esq. *(via email)*
       Steven Glickstein, Esq. *(via email)*
       William Hoffman, Esq. *(via email)*
       Tim Coon, Esq. *(via email)*