# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | § § § § § § § | MDL NO. 14- MDL- 2592 |
| | | SECTION L-5 |
| | | JUDGE ELDON E. FALLON |
| | | MAG. JUDGE NORTH |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS DOCUMENT RELATES TO:**

| | | |
|---|---|---|
| ROBERT MURPHY, Individually and as Legal Representative of the ESTATE OF KATHLEEN MURPHY, deceased; SCOTT MURPHY; CHRISTINE MURPHY; and BRIAN MURPHY, | § § § § § § | |
| *Plaintiffs*, v. | § § § § | |
| JEROME M. KANE, MD; RELIANT REHABILITATION HOSPITAL MID-CITIES in its Assumed or Common Name; RELIANT REHABILITATION HOSPITAL MID-CITIES, L.P. d/b/a RELIANT REHABILITATION HOSPITAL MID-CITIES; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA, INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; JANSSEN RESEARCH AND DEVELOPMENT, LLC. f/k/a JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT, LLC; JANSSEN ORTHO, LLC; BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER PHARMA AG; BAYER CORPORATION; BAYER HEALTHCARE LLC; BAYER HEALTHCARE AG and BAYER AG, | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.: 2:16-cv-01066- EEF - MBN |
| *Defendants*. | § § | |

## PLAINTIFFS' MOTION FOR REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs Robert Murphy, Individually and as Legal Representative of the Estate of Kathleen Murphy (Deceased), Scott Murphy, Christine Murphy and Brian Murphy, (hereinafter referred to as "Plaintiffs") and file their Motion for Remand, and in support thereof, respectfully show the Court as follows:

## I. THE FEDERAL COURT LACKS SUBJECT MATTER JURISDICTION

1.      Upon a plaintiff's motion for remand, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Removal statutes are construed strictly against removal and for remand because "removal jurisdiction raises significant federalism concerns." *Willy v. Costal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988), *see also*, *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).  All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  All factual allegations are evaluated in the light most favorable to the plaintiff.  *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

2.      At the time this cause of action arose and this case was filed in state court, Plaintiffs Robert Murphy and Brian Murphy were citizens and residents of the State of Texas. These plaintiffs continue to reside in Texas. [App. at p. 3].

3.      At the time this cause of action arose and this case was filed in state court, Defendant Jerome M. Kane, MD was a licensed physician who resided in Keller, Tarrant County, Texas.  Dr. Kane continues to be a citizen of and reside in Texas. [App. at p. 3].

4.      At the time this cause of action arose and this case was filed in state court, Defendant Reliant Rehabilitation Hospital Mid-Cities, LP d/b/a Reliant Rehabilitation Hospital Mid-Cities was a limited partnership formed under the laws of the State of Texas whose principal office was located in Addison, Dallas County, Texas.  Reliant Rehabilitation Hospital Mid-Cities, LP remains a Texas limited partnership with its headquarters in Texas. [App. at p. 4].

5.      Despite the undisputed fact that this cause of action lacks the complete diversity necessary to confer jurisdiction upon the federal courts, Defendants Bayer HealthCare Pharmaceuticals, Inc., Bayer HealthCare, LLC, Bayer Corporation, Janssen Research & Development, LLC, Janssen Ortho, LLC, Janssen Pharmaceuticals, Inc., Johnson and Johnson, ("Removing Defendants"),[1] have now removed this case asserting that the nondiverse defendants Jerome M. Kane, MD and Reliant Rehabilitation Hospital Mid-Cities, LP d/b/a Reliant Rehabilitation Hospital Mid-Cities ("In-State Defendants ") were fraudulently joined by the Plaintiffs to prevent removal.  [App. at pp. 27, 28, 34 & 37].

6.      In their arguments for fraudulent joinder, the Removing Defendants do not allege that the improper joinder resulted from the Plaintiffs making any false allegations regarding jurisdictional facts.  Thus, the Court must examine whether the Removing Defendants have met their heavy burden of showing that there is no possibility that Plaintiffs may recover against the In-State Defendants under applicable state law. *Smallwood v. Illinois Central R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*); *see also, Glidewell v. Safeco Ins. Co.*, No. 3:13-CV-1099-G, 2015 U.S. Dist. LEXIS 106795, at *4-6 (N.D. Tex. August 13, 2015)(Fish, J), *Hutchens v. Smith & Nephews, Inc.*, No. 3-13-CV-4979, 2014 U.S. Dist. LEXIS 116839 at *7-8 (N.D. Tex. August

---

[1]      The Plaintiffs' state court petition also names Bayer AG, Bayer Bayer HealthCare AG and Bayer Pharma AG as defendants.  Bayer Pharma AG was served under the Hague Convention on 07/12/2015. The remaining German companies are still in the process of being served pursuant to the Hague Convention.

22, 2014)(Boyle, J), *Arana v. Allstate Texas Lloyds*, 2013 U.S. Dist. LEXIS 70033 at *4-5 (N.D. Tex. May 17, 2013)(Fitzwater, CJ).   "'If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder.' *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)*.   In other words, 'if there is even a possibility that a state court would find the complaint states a cause of action against any one of the resident defendants, the federal court must find the joinder was proper and remand the case to the state court.' *Triggs [v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998)]." *Hutchens*, 2014 U.S. Dist LEXIS 116839 at *8; *see also*, *Glidewell*, 2015 U.S. Dist LEXIS at *5-6.

7.     The Plaintiffs' allegations against the In-State Defendants go far beyond a mere conclusion that they failed to adequately warn the Plaintiffs.   In addition to the allegations that the manufacturing defendants withheld factual information regarding the risks and safety of Xarelto, the Murphys have pled specific acts and/or omissions by Dr. Kane and Reliant Hospital contributed to the Mrs. Murphy's death which present a reasonable possibility for holding them liable.  [App. pp. 11-15].

8.     Assuming, without agreeing, that the Fifth Circuit would consider the theory of "fraudulent misjoinder" as a possible ground to support a finding of improper joinder, the Removing Defendants have not and cannot prove that joining the medical malpractice claims against the physician who prescribed the Xarelto and the hospital that administered the drug is an "egregious" attempt to misjoin wholly distinct claims so devoid of any real connection with the controversy that their joinder borders on a sham. *See*, *Salazar v. Lopez*, No. 3:13-CV-118, 2013 U.S. Dist. LEXIS 36683 at *8-9 (March 13, 2013)(Lynn, J).

9.     The Plaintiffs' product liability claims and medical malpractice claims all arise from the same transaction and occurrence, the harm resulting from the introduction of Xarelto into Mrs. Murphy's body when she was recovering from brain surgery.  Therefore, the joinder of the In-State Defendants with the Removing Defendants is not an "egregious" attempt to misjoin wholly distinct claims so devoid of real connection with the controversy that their joinder borders on a sham. See, Fed. R. Civ. P 20(a), *Saviour v. Stravropoulos*, No. 15-5362, 2015 U.S. Dist. LEXIS 150793 (E.D. Pa., November 5, 2015), *Reuter v. Medtronic, Inc.,* No. 10-3019 (WJM), 2010 U.S. Dist. LEXIS 150793 (D. N.J., November 5, 2010), *Turner v. Ethicon Endo-Surgery*, No. 03-3334-C, 2003 U.S. Dist. LEXIS 21644 (E.D. La., December 2, 2003).

10.     The Removing Defendants have failed to meet their burden of proving any improper joinder and severance of the claims against the non-diverse, in-state defendants solely to create diversity jurisdiction would be improper and in conflict with Fed. R. Civ. P. 82.  There is no diversity and therefore this court does not have jurisdiction over this cause of action. Remand is mandated.  *Smallwood*, 385 F.3d at 575; *see also*, *Glidewell v. Safeco Ins. Co.*, 2015 U.S. Dist. LEXIS 106795 at *4-6.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court remand this case to the 68th Judicial District Court of Dallas County, Texas.

Respectfully submitted,

LAW OFFICES OF BEN C. MARTIN

*/s/ Thomas Wm. Arbon*
Ben C. Martin
State Bar No. 13052400
Thomas Wm. Arbon
State Bar No. 01284275
Jacob A. Boyd
State Bar No. 24090004
3219 McKinney Avenue, Suite 100

Dallas, Texas 75204
(214) 761-6614
(214) 744-7590 (facsimile)
bmartin@bencmartin.com
tarbon@bencmartin.com
jboyd@bencmartin.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 25, 2016, I conferred with counsel for the Removing Defendants and counsel stated his clients were opposed to the Plaintiffs' Motion for Remand. On April 5, 2016, I received an email from Defendants' Liaison counsel's office stating the MDL Defendants were opposed to the Plaintiff's Motion for remand. On that same date the Plaintiffs' Liaison Counsel stated the MDL Plaintiffs did not oppose granting of the Plaintiffs' Motion for Remand.

Given the Defendants' opposition, no agreement could be reached regarding the disposition of this motion and the matter is presented to the Court for resolution.

Certified to the 13TH day of April, 2016 by:

/s/ Thomas Wm. Arbon
Thomas Wm. Arbon

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2016, a copy of the *Plaintiffs' Motion for Remand* was served electronically and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter. Parties may access this filing through the Court's system.

/s/ Thomas Wm. Arbon
Thomas Wm. Arbon