UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * MDL NO. 2592 |
| | * SECTION L |
| | * JUDGE ELDON E. FALLON |
| | * MAG. JUDGE NORTH |
| ************************************************ | * |

**THIS DOCUMENT RELATES TO ALL CASES**

## ORDER

The Court received materials earlier today composed of Paul Herman's personnel files. The personnel files concern Herman's work performance as an employee of Defendant J&J during a time period pertinent to the litigation. The Court had an opportunity to review the files in great detail, weighing privacy interests against the Plaintiffs' right to discover relevant material.

Herman began working for the Xarelto marketing team in 2011. Herman's work concerned patient communications and advertising, including television commercials. He reported to Michael Moye and Neuman Shaw, and was not personally responsible for oversight of the Xarelto marketing team. Therefore, much of Herman's personnel file is relevant to claims and defenses as well as matters pertinent to cross-examination. The Court notes that the information in the personnel files is not embarrassing or an invasion of privacy; all of Herman's performance reviews are highly complimentary.

However, in view of Herman's somewhat limited responsibility and role, the salary information included in the personnel files raises discovery concerns. The salary information is of questionable admissibility under Rule 403 of the Federal Rules of Evidence. More

importantly, Herman's privacy interests as a lower level member of the marketing team outweigh the limited relevance of his salary information under the proportionality element of Rule 26(b). Therefore, Herman's salary information is not discoverable.

Regardless of the discovery interests at play, the personnel files relevant to the litigation also raise employee privacy interests. The material addresses personal goals, performance evaluations, and salary. Therefore, the personnel files must be placed under seal and used only for purposes of this litigation.

In summary, all material except for salary information is discoverable. The discoverable materials shall be presented forthwith.

**IT IS ORDERED** that the personnel file of Paul Herman shall be excised of all references to his salary information, as well as information which the parties jointly agreed shall be redacted pursuant to PTO 20. The personnel files shall then be produced to the PSC on or before Friday, April 15, 2016.

New Orleans, Louisiana this 14th day of April, 2016.

_____
UNITED STATES DISTRICT JUDGE