Patrick J. Mulligan, TX SBN 14651270
Charles G. Orr, TX SBN 00788148
**THE MULLIGAN LAW FIRM**
3710 Rawlins Street, #901
Dallas, TX  75219
Telephone: (214) 219-9779
Facsimile: (214) 520-8789

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates To:**<br><br>*MacLeod, et al. v. Janssen Research & Development, LLC, et al.*, No. 15-7153 | ) MDL No. 2592<br>)<br>) SECTION:  L<br>)<br>)<br>) JUDGE FALLON<br>)<br>) MAG. JUDGE NORTH<br>) |

**BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME
WITHIN WHICH TO SERVE PROCESS UNDER PTOs 10 AND 11**

Plaintiffs whose claims were included in the bundled complaint styled *MacLeod, et al. v. Janssen Research & Development, LLC, et al.*, No. 15-7153, respectfully request that this Court grant their Motion for Extension of Time Within Which to Serve Process Under PTOs 10 and 11. Plaintiffs request that the Court grant them an additional 30 days from the date of the Court's order granting the Motion to serve Bayer Pharma AG.

BACKGROUND

Plaintiffs filed *MacLeod* directly in the Xarelto MDL on December 30, 2015. Declaration of Charles G. Orr (Orr Decl.), ¶ 2.  The Court issued a severance order on January 6, 2016, and each plaintiff besides MacLeod filed a short form complaint.  Orr Decl. at ¶ 2.  On January 8, Plaintiffs' counsel mailed, by registered mail to Bayer Pharma AG at the address

BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME                                        Page 1

identified in section II. C.2 of PTO 10, a PTO 11 bundle, which included the complaint, the severance order, a summons, and a list of each individual case included in the bundled complaint with its newly assigned cause number following the filing of the short form complaints. Orr Decl. at ¶ 2.

Unfortunately, the summons included in this mailing was not executed by the clerk. Orr Decl. at ¶ 3. Plaintiffs' counsel learned of this clerical error on February 19, when he received a letter from Bayer Pharma AG's counsel advising of Bayer Pharma AG's position that "[P]laintiffs [in *MacLeod*] did not properly serve the Joint Complaint on Bayer Pharma AG because no issued Summons in the *Joan MacLeod* case was served on Bayer Pharma AG." Orr Decl. at ¶ 3, Ex. A (Feb. 19, 2016 letter from Lindy D. Brown, counsel for Bayer Pharma AG). Bayer Pharma AG's counsel offered to "accept corrected service in this matter without regard to the 60-day period [for service on Bayer Pharma AG in PTO 10] if the corrected service is postmarked within 10 days of the date of this letter." *Id.*

Plaintiffs' counsel re-served Bayer Pharma AG on March 2 with the *MacLeod* bundled complaint, this time including a clerk-executed summons. Orr Decl. at ¶ 4. This was, however, three days past the original 60-day deadline to serve process under PTO 10 and two days past the 10-day deadline in Bayer Pharma AG's counsel's February 19 letter for re-serving the complaint. Orr Decl. at ¶ 4. On March 14, Bayer Pharma AG's counsel sent a letter to Plaintiffs' counsel advising that because this attempted re-service was late, "service is improper [and] [w]e are returning the [service] documents to you." Orr Decl. at ¶ 5, Ex. B (March 14, 2016 letter from Lindy Brown).

Bayer Pharma AG and Defendant Bayer HealthCare Pharmaceuticals, Inc. (BHCP) are both represented by Bradley Arant Boult Cummings (BABC). Orr Decl. at ¶ 6. In this case,

BHCP, through a March 3 letter from BABC, raised the same defect in service (provision of a summons not executed by the clerk) as Bayer Pharma AG had raised in the February 19 letter referenced above. Orr Decl. at ¶ 6, Ex. C (March 3, 2016 letter from Lindy Brown). Plaintiffs, though, had already re-served BHCP by way of the March 2 mailing referenced above. Orr Decl. at ¶¶ 4, 6. Although Bayer Pharma AG, on March 14, rejected the March 2 re-service of the *MacLeod* complaint as untimely [Orr Decl. at ¶ 5, Ex. B], no such rejection has ever been made by BHCP. Orr Decl. at ¶ 6.

## ARGUMENT

PTO 10 provides: "Failure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)." PTO 10 at 3, ¶ II.D. Federal Rule of Civil Procedure 4(m) provides that the defendant must be served within 90 days after the complaint is filed; PTO 10 shortens this time period for Bayer Pharma AG and BHCP to 60 days. Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). If a plaintiff shows "good cause" for failure to timely serve a defendant with process, the court must extend the time for service. Fed. R. Civ. P. 4(m). A plaintiff shows "good cause" when the plaintiff "demonstrate[s] at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (internal quotation omitted). Typically, a plaintiff must demonstrate "some reasonable basis for noncompliance within the time specified." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Even if a plaintiff fails to show "good cause," the court still has discretion to extend the time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Good cause exists here.  Plaintiffs' counsel twice attempted service on Bayer Pharma AG under PTOs 10 and 11, but because of good faith clerical errors (inclusion of an unexecuted summons and missing the 60-day deadline by three days on attempted re-service) did not strictly comply with the terms of PTOs 10 and 11 as to Bayer Pharma AG.  Under these circumstances, the Court can and should grant the motion and allow Plaintiffs to re-serve Bayer Pharma AG.

Bayer Pharma AG would not be prejudiced by the granting of this Motion.  Bayer Pharma AG has been served twice already, and the absence of a signed summons is a technicality that has no bearing on Bayer Pharma AG's ability to defend itself.  Moreover, Bayer Pharma AG is represented by the same counsel as BHCP, which has been timely served, so Bayer Pharma AG's counsel is fully advised of the *MacLeod* litigation.  Finally, PFSs have been served for four of the six Plaintiffs included in the *MacLeod* bundled complaint, and medical and pharmacy records for the remaining two Plaintiffs have been served while the PFS is being completed.  Orr Decl. at ¶ 7.  Under these circumstances, Bayer Pharma AG would suffer no prejudice should this Court allow Plaintiffs to re-serve Bayer Pharma AG

## CONCLUSION AND REQUEST FOR RELIEF

Plaintiffs have demonstrated good cause for this Court to grant their requested extension of time to serve process.  Alternatively, even had good cause not been shown, the circumstances warrant this Court's exercising of its discretion to grant such an extension.  Accordingly, Plaintiffs respectfully request that this Court grant them an extension of time of 30 days from the date the Court grants the motion to serve process on Bayer Pharma AG.  Plaintiffs request such other relief to which they may be justly entitled.

DATED:  April 15, 2016					Respectfully submitted,

					By:	/s/ *Charles G. Orr*	
						Charles G. Orr, TX Bar No. 00788148
						THE MULLIGAN LAW FIRM
						3710 Rawlins Street, #901
						Dallas, Texas 75219
						Telephone: (214) 219-9779
						Facsimile: (214) 520-8789
						*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

					By:	/s/ Charles G. Orr	
						Charles G. Orr
						Attorney for Plaintiff