Patrick J. Mulligan, TX SBN 14651270
Charles G. Orr, TX SBN 00788148
**THE MULLIGAN LAW FIRM**
3710 Rawlins Street, #901
Dallas, TX  75219
Telephone: (214) 219-9779
Facsimile: (214) 520-8789

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) MDL No. 2592 )  ) SECTION:  L |
| **This Document Relates To:** | ) ) |
| *MacLeod, et al. v. Janssen Research & Development, LLC, et al.*, No. 15-7153 | ) JUDGE FALLON ) ) MAG. JUDGE NORTH |

**DECLARATION OF CHARLES G. ORR IN SUPPORT OF
BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME
WITHIN WHICH TO SERVE PROCESS
UNDER PTOs 10 AND 11**

I, Charles G. Orr, hereby declare as follows:

1.   I am an attorney with The Mulligan Law Firm, counsel for all Plaintiffs listed in Schedule A to Plaintiff's Motion for Extension of Time Within Which to Serve Process.  I am licensed to practice before all courts of the State of Texas.  If called as a witness I could and would competently testify to the following:

2.   Plaintiffs filed *MacLeod* directly in the Xarelto MDL on December 30, 2015.  The Court issued a severance order on January 6, 2016, and each plaintiff besides MacLeod filed a short form complaint.  On January 8, Plaintiffs' counsel mailed, by registered mail to Bayer Pharma AG at the address identified in section II. C.2 of PTO 10, a PTO 11 bundle, which

**ORR DECL ISO MOTION FOR EXTENSION**                                                                Page 1

included the complaint, the severance order, a summons, and a list of each individual case included in the bundled complaint with its newly assigned cause number following the filing of the short form complaints.

3. Unfortunately, the summons included in this mailing was not executed by the clerk. I learned of this clerical error on February 19, when I received a letter from Lindy Brown, Bayer Pharma AG's counsel, advising me of Bayer Pharma AG's position that "[P]laintiffs [in *MacLeod*] did not properly serve the Joint Complaint on Bayer Pharma AG because no issued Summons in the *Joan MacLeod* case was served on Bayer Pharma AG." A true and correct copy of Ms. Brown's Feb. 19, 2016 letter to me is attached to this Declaration as Exhibit A. On behalf of Bayer Pharma AG, Ms. Brown's letter offered to "accept corrected service in this matter without regard to the 60-day period [for service on Bayer Pharma AG in PTO 10] if the corrected service is post-marked within 10 days of the date of this letter."

4. In conjunction with my staff, I re-served Bayer Pharma AG on March 2 with the *MacLeod* bundled complaint, this time including a clerk-executed summons. This was, however, three days past the original 60-day deadline to serve process under PTO 10 and two days past the 10-day deadline in Ms. Brown's February 19 letter for re-serving the complaint.

5. On March 14, Ms. Brown sent me another letter advising that because this attempted re-service was late, "service is improper [and] [w]e are returning the [service] documents to you." A true and correct copy of Ms. Brown's March 14, 2016 letter to me is attached to this Declaration as Exhibit B.

6. Bayer Pharma AG and Defendant Bayer HealthCare Pharmaceuticals, Inc. (BHCP) are both represented by Bradley Arant Boult Cummings, Ms. Brown's firm. On behalf of BHCP, Ms. Brown sent me a letter on March 3 raising the same defect in service (provision of

a summons not executed by the clerk) that Bayer Pharma AG had raised in Ms. Brown's February 19 letter referenced above in paragraph 3 of this Declaration. A true and correct copy of Ms. Brown's March 3, 2016 letter to me is attached to this Declaration as Exhibit C. Plaintiffs, though, had already re-served BHCP by way of the March 2 mailing referenced above in paragraph 4 of this Declaration. Although Bayer Pharma AG, on March 14, rejected the March 2 re-service of the *MacLeod* complaint as untimely, no such rejection has ever been made by BHCP.

7. PFSs have been served for four of the six Plaintiffs included in the *MacLeod* bundled complaint, and medical and pharmacy records for the remaining two Plaintiffs have been served while the PFS is being completed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed April 15, 2016 at Dallas, Texas.

*/s/ Charles G. Orr*
Charles G. Orr

# EXHIBIT A


BRADLEY ARANT
BOULT CUMMINGS
LLP

Lindy D. Brown
*Attorney*
Direct: (601) 592-9905
Fax: (601) 592-1405
lbrown@babc.com

February 19, 2016

**BY ELECTRONIC MAIL (corr@mulliganlaw.com)**

Charles G. Orr
The Mulligan Law Firm
3710 Rawlings Street, Suite 901
Dallas, Texas 75219

Re:   Joan MacLeod, et al. v. Janssen Research & Development, LLC, et al.,
       Case No. 2:15-cv-07153 (E.D. La.) and 5 Severed Plaintiffs

Dear Mr. Orr:

   This firm, with others, represents Bayer Pharma AG in In re Xarelto (Rivaroxaban) Products Liability Litigation, MDL No. 2592 (E.D. La., 2:14-md-02592-EEF-MBN)(the "MDL"). Bayer Pharma AG has received the *Joan MacLeod* Joint Complaint, the severance order, a list of individual cases without civil action numbers, Summonses for the five severed plaintiffs, and a Summons in the *Joan MacLeod* case. This attempt at service is not effective since the Summons in the *Joan MacLeod* case was not issued by the Clerk of the Court. The Federal Rules of Civil Procedure require that a summons be issued by the Clerk of the Court. We are returning the documents to you.

   The informal service process established under Section II.C of Pre-Trial Order No. 10 ("PTO 10") in In re Xarelto (Rivaroxaban) Products Liability Litigation, MDL No. 2592 (E.D. La., 2:14-md-02592-EEF-MBN), does not eliminate the requirement that a summons be served in a format in accordance with the Federal Rules.

   Pre-Trial Order No. 11 in the MDL ("PTO 11") provides that proper service of the Joint Complaint, together with the Severance Order and the List of Individual Case Captions, would be sufficient to effectuate service of process for each of the individual cases associated with the Joint Complaint. However, plaintiffs did not properly serve the Joint Complaint on Bayer Pharma AG because no issued Summons in the *Joan MacLeod* case was served on Bayer Pharma AG.

   To the extent that the five plaintiffs in the individual severed actions purported to serve Bayer Pharma AG in their individual cases by use of the individual summonses, such service attempts were deficient as each plaintiff did not provide plaintiff's individual Short Form Complaint with exhibits, along with the individual Summons. Accordingly, such service attempts were improper.

   If you wish to serve Bayer Pharma AG with the Joint Complaint through PTO 11, then you must serve the Joint Complaint and an issued Summons in the *Joan MacLeod* case together with a copy of the Severance Order and the list of the individual cases with their civil action numbers.

   PTO 10 requires that plaintiffs make service on Bayer Pharma AG under PTO 10 within 60 days of docketing of the Complaint in the MDL. Bayer Pharma AG will accept corrected service in this matter without regard to the 60-day period if the corrected service is post-marked within 10 days of the date of this letter.

Sincerely,

*Lindy D Brown*

Lindy D. Brown

# EXHIBIT B



BRADLEY ARANT
BOULT CUMMINGS
LLP

Lindy D. Brown
*Attorney*
Direct: (601) 592-9905
Fax: (601) 592-1405
lbrown@babc.com

March 14, 2016

**Via Electronic Mail** (corr@mulliganlaw.com)

Charles G. Orr
The Mulligan Law Firm
3710 Rawlins St., Suite 901
Dallas, Texas 75219

      Re:    Joan MacLeod, et al. v. Janssen Research & Development LLC, et al.,
              Civil Action No. 2:15-cv-07153 (E.D. La.) and 5 Severed Plaintiffs

Dear Mr. Orr:

      This firm, with others, represents Bayer Pharma AG in *In re Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592 (E.D. La., 2:14-md-02592-EEF-MBN)(the "MDL"). Bayer Pharma AG received the *Joan MacLeod* Joint Complaint, the severance order, summonses and short form complaints for the five severed plaintiffs, and a Summons in the *Joan MacLeod* case by Registered Mail in a second attempt at service in the above-captioned action.

      Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592 permits streamlined service of process on Bayer Pharma AG by Registered Mail, Return Receipt Requested, and on Bayer HealthCare Pharmaceuticals Inc. ("BHCP") by Certified Mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."

      In my letter dated February 19, 2016, I noted that "PTO 10 requires that plaintiffs make service on Bayer Pharma AG under PTO 10 within 60 days of docketing of the Complaint in the MDL" but stated that "Bayer Pharma AG [would] accept corrected service in this matter without regard to the 60-day period if the corrected service [was] post-marked within 10 days of the date of this letter."

      Because Plaintiff attempted service on Bayer Pharma AG by Registered Mail through the streamlined service process more than 60 days after the Complaint was docketed in the MDL and more than 10 days after my letter dated February 19, 2016, service is improper. We are returning the documents to you.

                                            Sincerely,

                                            Lindy D. Brown

LDB/cfo

# EXHIBIT C


BRADLEY ARANT
BOULT CUMMINGS
LLP

Lindy D. Brown
*Attorney*
Direct: (601) 592-9905
Fax: (601) 592-1405
lbrown@babc.com

March 3, 2016

**BY ELECTRONIC MAIL (corr@mulliganlaw.com)**

Charles G. Orr
The Mulligan Law Firm
3710 Rawlings Street, Suite 901
Dallas, Texas 75219

Re:   Joan MacLeod, et al. v. Janssen Research & Development, LLC, et al.,
      Case No. 2:15-cv-07153 (E.D. La.) and 5 Severed Plaintiffs

Dear Mr. Orr:

This firm, with others, represents Bayer HealthCare Pharmaceuticals Inc. in In re Xarelto (Rivaroxaban) Products Liability Litigation, MDL No. 2592 (E.D. La., 2:14-md-02592-EEF-MBN)(the "MDL"). Bayer HealthCare Pharmaceuticals Inc. has received the *Joan MacLeod* Joint Complaint, the severance order, a list of individual cases without civil action numbers, Summonses for the five severed plaintiffs, and a Summons in the *Joan MacLeod* case. This attempt at service is not effective since the Summons in the *Joan MacLeod* case was not issued by the Clerk of the Court. The Federal Rules of Civil Procedure require that a summons be issued by the Clerk of the Court.

The informal service process established under Section II.C of Pre-Trial Order No. 10 ("PTO 10") in In re Xarelto (Rivaroxaban) Products Liability Litigation, MDL No. 2592 (E.D. La., 2:14-md-02592-EEF-MBN), does not eliminate the requirement that a summons be served in a format in accordance with the Federal Rules.

Pre-Trial Order No. 11 in the MDL ("PTO 11") provides that proper service of the Joint Complaint, together with the Severance Order and the List of Individual Case Captions, would be sufficient to effectuate service of process for each of the individual cases associated with the Joint Complaint. However, plaintiffs did not properly serve the Joint Complaint on Bayer HealthCare Pharmaceuticals Inc. because no issued Summons in the *Joan MacLeod* case was served on Bayer HealthCare Pharmaceuticals Inc.

To the extent that the five plaintiffs in the individual severed actions purported to serve Bayer HealthCare Pharmaceuticals Inc. in their individual cases by use of the individual summonses, such service attempts were deficient as each plaintiff did not provide plaintiff's individual Short Form Complaint with exhibits, along with the individual Summons. Accordingly, such service attempts were improper.

If you wish to serve Bayer HealthCare Pharmaceuticals Inc. with the Joint Complaint through PTO 11, then you must serve the Joint Complaint and an issued Summons in the *Joan MacLeod* case together with a copy of the Severance Order and the list of the individual cases with their civil action numbers.

PTO 10 requires that plaintiffs make service on Bayer HealthCare Pharmaceuticals Inc. under PTO 10 within 60 days of docketing of the Complaint in the MDL. Bayer HealthCare Pharmaceuticals Inc. will accept corrected service in this matter without regard to the 60-day period if the corrected service is postmarked within 10 days of the date of this letter.

Sincerely,

Lindy D. Brown