UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

_____

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) | MDL NO. 2592 |
| PRODUCT LIABILITY LITIGATION ) | |
| ) | SECTION L |
| ) | JUDGE FALLON |
| ) | MAG. JUDGE NORTH |
| TRACEY LOWE, ) | |
| As surviving spouse of ) | |
| JAMES RICHARD LOWE, JR., deceased, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:15-cv-03893-EEF-MBN |
| ) | |
| JANSSEN RESEARCH & DEVELOPMENT,) | |
| LLC, JOHNSON & JOHNSON COMPANY, ) | |
| JANSSEN ORTHO, LLC; ) | |
| JANSSEN PHARMACEUTICALS, INC., ) | |
| BAYER CORPORATION, BAYER AG, ) | |
| BAYER HEALTHCARE, LLC, ) | |
| BAYER HEALTHCARE ) | |
| PHARMACEUTICALS, INC., ) | |
| BAYER PHARMA AG, ) | |
| BAYER HEALTHCARE AG, ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS PURSUANT TO PTOs 10 AND 11**

Plaintiff, Tracey Lowe, through undersigned counsel, respectfully requests this Court grant their Motion for Extension of Time Within Which to Serve Process Under PTOs 10 and 11. Plaintiff requests that the Court grant her an additional thirty (30) days from the date of the Court's order granting this Motion to serve Defendants.

**BACKGROUND**

In support of her Motion, Plaintiff avers:

1. Plaintiff's former counsel filed her Complaint and two (2) Summons on August 28, 2015.

2. On October 29, 2015, Plaintiff notified Attorneys Michael Goetz and Joe Waechter by letter that she terminated their representation and hired new counsel, Attorneys Clinton L. Kelly and Patrick Flynn.

3. On November 11, 2015, Plaintiff's former counsel had a telephone conference with Plaintiff's new counsel wherein they discussed Plaintiff's case.

4. On November 11, 2015, Plaintiff filed a Consent Order Granting Substitution of Attorney and Motion for Extension of Time to File Plaintiff's Fact Sheet ("PFS").

5. On November 13, 2015, Plaintiff filed a request to issue eight (8) Summons for various Defendants.

6. The Court entered the Consent Order Granting Substitution of Attorney on December 7, 2015.

7. On December 11, 2015, Plaintiff filed a Motion for Issuance of two (2) Subpoenas *Duces Tecum* for medical records to complete her PFS; of which, the Court granted on December 14, 2015, and the Clerk issued on December 15, 2015.

8. Plaintiff submitted her PFS on December 7, 2015, and submitted a First Amended PFS on December 15, 2015.

9. On Friday, April 15, 2016, Plaintiff received an email from MDL Centrality Administrator (a copy of which is attached hereto as Exhibit A) which states, in part:

> Defendants have reviewed the Plaintiff Fact Sheet (PFS) for the plaintiff listed below for substantial completeness pursuant to

> PTOs 13 and 14 and have determined that the this lawsuit has not been served on one or both Defendants. As no lawsuit has been served, the submission of this Plaintiff Fact Sheet does not result in the creation of a deadline for submission of a Defendant Fact Sheet by the unserved Defendant(s). If the lawsuit is served, any applicable deadlines will run from the date of service.

10. Plaintiff's counsel's staff contacted the Clerk's office to see if there was any way to determine if Defendants had been served in light of the Court's issuing Pre-Trial Order No. 16 that orders that, "summons returns and waivers returned executed shall not be filed into any docket, master or member, unless filing the summons return becomes necessary (for example, in connection with a motion for default judgment)." The Clerk's Office stated there was not a way to track return on service since returns are not filed into the Court's record.

11. On April 19, 2016, Plaintiff's counsel's Paralegal researched the additional eight (8) Summons previously requested for issue on November 13, 2015, and discovered through a Pacer search that the Summons were issued on November 16, 2015; however, Plaintiff's counsel did not receive ECF Notice nor an email from MDL Centrality regarding the same.

12. On April 22, 2016, Plaintiff's counsel's Paralegal made a good faith effort to reach out to Plaintiff's former counsel (Attorneys Michael Goetz and Joe Waechter) via email wherein she requested, "I am writing to request your file copies of proof of service of process on Defendants in 2388498 Lowe, James (Deceased) - Xarelto: Lowe v. Janssen, Case No. 2:15-cv-3893 (Xarelto litigation). Thank you." To date, there has been no response received to the email and no receipt of any file or case materials from Plaintiff's prior counsel. A copy of the email is attached hereto as Exhibit B.

12. Plaintiff is not aware if her former counsel ever served the two (2) Summons they had issued and Plaintiff has not served the eight (8) Summons they requested issued for the reasons stated above.

## ARGUMENT

PTO 10 provides: "Failure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)." PTO 10 at 3, ¶ II.D.  Federal Rule of Civil Procedure 4(m) provides that the defendant must be served within 90 days after the complaint is filed; PTO 10 shortens this time period for Bayer Pharma AG and BHCP to 60 days. Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). If a plaintiff shows "good cause" for failure to timely serve a defendant with process, the court must extend the time for service. Fed. R. Civ. P. 4(m).  A plaintiff shows "good cause" when the plaintiff "demonstrate[s] at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (internal quotation omitted). Typically, a plaintiff must demonstrate "some reasonable basis for noncompliance within the time specified." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).  Even if a plaintiff fails to show "good cause," the court still has discretion to extend the time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Good cause exists here. Plaintiffs' counsel was under the impression that Plaintiff's former counsel had served the Summons they had issued.  Plaintiff's counsel did not receive an ECF Notice of email from MDL Centrality when their eight (8) additional Summons were issued.  Under these circumstances, the Court can and should grant the motion and allow Plaintiffs to serve Defendants.

Defendants would not be prejudiced by the granting of this Motion.  Plaintiff's PFS has been completed and submitted.  Due to the transition of counsel and all things considered, no party will be prejudiced nor will the progress of this MDL be adversely affected by the granting of the relief sought herein.

## CONCLUSION AND REQUEST FOR RELIEF

Plaintiff has demonstrated good cause for this Court to grant her requested extension of time to serve process. Alternatively, even had good cause not been shown, the circumstances warrant this Court's exercising of its discretion to grant such an extension. Accordingly, Plaintiff respectfully requests that this Court grant her an extension of thirty (30) days from the date the Court grants the motion to serve process on Defendants. Plaintiff requests such other relief to which she may be justly entitled.

WHEREFORE, Plaintiff respectfully requests that the Court grant her an additional thirty (30) days from the date of the Court's order granting this Motion to serve Defendants.

April 25, 2016                                                            Respectfully submitted,

**THE KELLY FIRM**

/s/ Clinton L. Kelly
F. Dulin Kelly, TN BPR No. 04085
Clinton L. Kelly, TN BPR No. 16171
629 East Main Street
Hendersonville, Tennessee 37075
Telephone: (615) 824-3703
Facsimile: (615) 824-2674
dulin@kellyfirm.net
clint@kellyfirm.net

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2016, that a copy of the above and foregoing document has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedure established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Clinton L. Kelly
Clinton L. Kelly