UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA JARMAN | MDL 2592 |
| Plaintiff | Section: L |
| | Judge: Eldon E. Fallon |
| | Mag. Judge Michael North |
| v. | |
| JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC *et. al* Defendants | Case no. 2:15-cv-05918 |

MOTION TO ENLARGE TIME
TO SERVE CERTAIN DEFENDANTS

Pursuant to Fed.R.Civ.P. 4(m), plaintiff Patricia Jarman ("Jarman") requests this Court to enlarge the time by which she can serve Johnson & Johnson and each of the six Bayer defendants to May 31, 2016.

Jarman filed this action on November 13, 2015. Shortly before that, the undersigned attorney (David Pearlman) had hired a new paralegal, who was instructed to serve all defendants. That paralegal did not do so, but rather just served the Janssen defendants. On or about April 6, 2016, Pearlman noticed the mistake and requested a summons for Bayer, which was issued by the Court. Pearlmann then promptly served Bayer with such summons. Yesterday (April 25, 2016) Pearlman received via email a letter from Bayer's counsel (attached), stating that service was improper because service was attempted outside the time specified by Rule 4(m). At the same time, Pearlman noticed that Johnson & Johnson Company ("J&J") had not been served.

Rule 4(m) states:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Accordingly, Jarmann requests that this Court enlarge the time to serve J&J and each Bayer defendant to May 31, 2016. *It is undisputed that none of the Bayer defendants will be prejudiced by such an enlargement of time.* When Jarmann filed this action, because of the MDL, Bayer's defense counsel immediately received notice that a complaint had been filed against the Bayer defendants. Pearlmann has complied with the deadlines for submitting a PFS and submitting medical records. As early as December 23, 2015, Pearlman's law firm started submitting information via MDL Centrality and Jarmann's file was completed shortly thereafter.

## RELIEF REQUESTED

1. That this Court instruct the Clerk to issue new summonses for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG; and

2. That this Court enlarge the time Jarman has to serve J&J and each Bayer defendant to May 31, 2016.

Date: April 27, 2016.

Respectfully Submitted,

By /s/ David A. Pearlman
David A. Pearlman
(# 671550)
HELMSDALE LAW, LLP
6 Consultant Place, Suite 100A
Durham, NC  27707-3598
Direct: (424) 249-7924
dpearlman@summitlawllp.com

Attorney for Plaintiff

## Certificate of Service

I hereby certify that on November 13, 2015 I electronically filed the foregoing document with the Eastern District of Louisiana by using the CM/ECF system. I certify that the counsel of record for each defendant are registered as ECF Filers and that they will be served by the CM/ECF system. In addition, I directly served via email the foregoing pleading on attorney Lindy D. Brown, counsel for Bayer, at her email address of lbrown@babc.com.

/s/ David A. Pearlman
David A. Pearlman

BRADLEY ARANT
BOULT CUMMINGS
LLP

Lindy D. Brown
*Attorney*
Direct: (601) 592-9905
Fax: (601) 592-1405
lbrown@babc.com

April 25, 2016

**Via Electronic Mail** (dpearlman@summitlawllp.com)

David A. Pearlman
Summit Law, LLP
Six Consultant Place, Suite 100-A
Durham, NC 27707

      Re:    Patricia Jarman v. Janssen Research & Development LLC, et al.,
               Civil Action No. 2:15-cv-05918 (E.D. La.)

Dear Mr. Pearlman:

      This firm, with others, represents Bayer HealthCare Pharmaceuticals Inc. in *In re Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592 (E.D. La., 2:14-md-02592-EEF-MBN)(the "MDL"). Bayer Healthcare Pharmaceuticals Inc. received the Complaint and Summons in the above-captioned action by Certified Mail.

      Because Plaintiff attempted service on Bayer HealthCare Pharmaceuticals Inc. outside of the time permitted for in Federal Rule of Civil Procedure 4(m), service is improper.

                                           Sincerely,

                                           Lindy D. Brown

LDB/cfo