UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO ALL CASES | JUDGE ELDON E. FALLON |
| | MAG. JUDGE NORTH |

**PRETRIAL ORDER NO. 28**
**(Regarding Contact with Physicians)**

Consistent with the Court's Order & Reasons, entered on March 9, 2016 [Doc. No. 2676] ("Order & Reasons"), the following will govern the parties' interactions with an MDL Plaintiff's prescribing and treating physicians. As used in this order, an "MDL Plaintiff's prescribing or treating physician" is a physician who has one or more patients who have filed a lawsuit (or whose representative has filed a lawsuit) pending in this MDL proceeding alleging that the patient sustained an injury caused by Xarelto. A "prescribing physician" is the physician identified in Plaintiffs' Fact Sheet as the physician who prescribed Xarelto to the plaintiff, as recorded in MDL Centrality; a "treating physician" is the physician who treated the injury alleged in the Plaintiffs' Fact Sheet, as recorded in MDL Centrality.

1. Plaintiffs' counsel may engage in *ex parte* communications with any MDL Plaintiff's prescribing or treating physician. With respect to any such *ex parte* communications, at least 48 hours before the deposition of the Plaintiff's prescribing or treating physician, Plaintiffs' counsel shall disclose to Defendants' counsel each of the following:

a. the date(s) of each such *ex parte* communication;

b. the approximate duration of each such *ex parte* communication;

c. the location of each such *ex parte* communication;

d. the participants in each such *ex parte* communication; and

e. the identity of the documents, photographs, or other materials that were shown or provided to the treating physician by Plaintiffs' counsel in connection with each such *ex parte* communication.

2. Defendants' counsel will not engage in *ex parte* communications with any MDL Plaintiff's prescribing or treating physician, except as permitted in paragraph 3 and its subdivisions. Nothing herein shall bar any employee, agent or representative of the Defendants from engaging in communications with physicians in the ordinary course of business.

3. Going forward from the date of this Order, Defendants' counsel may engage in *ex parte* communications with up to 30 MDL Plaintiffs' prescribing or treating physicians (to be divided between the Defendants, collectively) for the purpose of obtaining physician-experts with respect to the discovery pool Plaintiffs as identified in the Court's Order dated March 7, 2016 [Doc. No. 2626] (the "Discovery Pool Plaintiffs"). In addition, Defendants' counsel may retain as expert witnesses up to 15 MDL Plaintiffs' prescribing or treating physicians (to be divided between the Defendants, collectively), no matter when the physicians were initially contacted by Defendants' counsel.

a. All *ex parte* communications by Defendants' counsel with an MDL Plaintiff's prescribing or treating physician must be limited to non-substantive

discussions until the physician has affirmatively expressed a *bona fide* interest in being considered as a retained expert.

  b. Defendants' counsel shall not retain physician-experts who are prescribing or treating physicians, as recorded in MDL Centrality, of the Discovery Pool Plaintiffs until the trial or disposition of the first four bellwether cases.

  c. Defendants' counsel shall disclose to Plaintiffs' counsel on the date set forth in CMO 2 for disclosure of testifying experts, the name of any testifying expert who per MDL Centrality has patients who are plaintiffs in the MDL proceeding, and the experts themselves shall have no further affirmative disclosure obligations. No disclosures pursuant to CMO 2 are necessary for consulting experts until such time as an expert is identified as a testifying expert. Consulting experts contacted or retained by Defendants' counsel shall be subject to all of the requirements of this Order to the same extent as testifying experts, except that the disclosure requirements set forth in this sub-paragraph 3(c) shall not apply to consulting experts until they are identified as testifying experts.

  d. Defendants' counsel may communicate with a prospective physician-expert about his or her general clinical experiences with Xarelto, provided that Defendants' counsel shall not communicate with a physician-expert who has acted as a prescribing or treating physician about any of his or her specific patients who have taken Xarelto.

  e. The Defendants shall not use a physician as a consulting or testifying expert in a case where that physician's present or former patient is a plaintiff in

that case. The provisions of this subparagraph shall not apply to plaintiffs who are in a bundled complaint with Discovery Pool Plaintiffs but who are not themselves Discovery Pool Plaintiffs.

        f.     Defendants may rely on the disclosures in Plaintiffs' Fact Sheets as recorded in MDL Centrality at the time the physician-expert is retained, in determining whether a physician is an MDL Plaintiff's prescribing or treating physician. Subsequent disclosures in Plaintiffs' Fact Sheets as recorded in MDL Centrality shall not impact the count toward the cap in paragraph 3.

4. The numerical limit in paragraph 3 above is subject to modification by agreement of the parties or by court order for good cause shown. The limitation shall be subject to re-evaluation by the Court should any additional plaintiffs subsequently be selected for discovery or trial.

5. This order denies in part and grants in part Defendants' Motion for Entry of Proposed Order Regarding Contact with Physicians [Doc. No. 1844]. The Court overrules Defendants' and Plaintiffs' objections to the extent this order is inconsistent with the positions of either party as articulated in their written submissions or oral argument.

6.       This order denies in part and grants in part Defendants' Motion for Reconsideration [Doc. No. 2991]. The motion is granted to the extent that this Pretrial Order deviates from the Court's Order & Reasons Regarding Contact with Physicians [Doc. No. 1844]. The motion is otherwise denied.

NEW ORLEANS, LOUISIANA, this 26th day of __April__, 2016.

_____
UNITED STATES DISTRICT JUDGE