UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *ALL CASES* | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE NORTH |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' STEERING COMMITTEE'S REPLY BRIEF
IN SUPPORT OF MOTION TO COMPEL DISCOVERY OF
DEFENDANTS' GERMAN EMPLOYEES AND THEIR PERSONNEL FILES**

## I.  INTRODUCTION

In Defendant's response, Bayer opposes the Plaintiffs' Steering Committee's ("PSC") motion to compel discovery of German Employees and their personnel files by confecting a requirement in the German Data Protection Act (the "BDSG") that is not present in the act. Substituting legal fiction for fact, Bayer contends that the BDSG provides "heightened protection" to personnel files (over and above that which the BDSG affords to "personal data"), when it does not.  Bayer Brf. at 2.  Bayer also contends that the PSC's motion fails to meet the balancing test of *Societe Nationale Industrielle Aerospatiale v. District Court for the Southern District of Iowa*, 482 U.S. 522 (1987), when, in fact, it meets the test.

The PSC submits this reply to set the record straight.

## II.  ARGUMENT

### A.  THE EXCEPTION IN SECTION 4c (1) OF THE BDSG PERMITS BAYER TO PRODUCE RELEVANT PERSONAL DATA IN DEFENSE OF PLAINTIFFS' CLAIMS

The BDSG only protects "personal data," not personnel files.  *See* BDSG §3(1).  *See also* Moelle Declaration ¶¶21-23.  Nowhere in the BDSG are there special protections afforded to personal data contained in personnel files, or any other location.  To the contrary, Bayer's expert, Henning Moelle, acknowledges that the use of the term "personnel file" comes from the PSC's discovery, as it lacks textual support in the BDSG.[1]  Nevertheless, emphasizing that *personnel files* are "massive compilations" of personal data, Bayer suggests that German law cloaks them with greater protection.  Bayer Brf. at 10.  The underlying basis for this circular argument is Mr. Moelle's Declaration at ¶¶14, 35-36, whose opinions are solely derived from the BDSG, which statute he twice acknowledges provides exceptions from the same protections that Bayer argues should shield personnel files from discovery.  *See* Meolle Dec. at ¶17, citing §4(1) BDSG; and ¶25, citing §4c(1)(3) BDSG.[2]

Bayer has therefore failed to meet its burden that complying with the PSC's discovery request would violate German privacy law.  The BDSG clearly does not shield personal data from discovery, even if it is contained in a personnel file, provided its disclosure is required by

---

[1] After describing how the BDSG applies to any material that falls within the broad definition of personal data, Mr. Moelle states:

Moelle Dec. ¶14.

[2] Mr. Moelle not only attempts to describe the BDSG, he goes beyond the bounds of expert testimony by opining on the proper balance of privacy.  *Id.* ¶¶ 26- 37.  While, no doubt, foreign law experts are afforded some leeway in their opinions, such advocacy in the guise of conclusions of law are not appropriate.  "[I]t is well-established in the Fifth Circuit that Rule 704 does not permit an expert to render conclusions of law."  *United States v. $9,041,598.68*, 163 F.3d 238, 255 (5th Cir.1996) (citing *Snap-Drape, Inc. v. Comm'r of Internal Revenue*, 98 F.3d 194 (5th Cir.1996)); *see also Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999) (upholding district court's exclusion of an attorney expert on the grounds that the expert's proposed testimony offered only a legal opinion). This is because "there is one, but only one legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge." *Askanase v. Fatjo,*, 130 F.3d 657, 673 (5th Cir. 1997).

court order in the course of a legal defense.  Mr. Moelle is in complete agreement, because he states:



Moelle Dec. ¶25 (emphasis added).

Bayer's efforts to distance itself from its expert's concession -- by arguing that no court has ordered the production of personnel files -- is unavailing.  Personnel files are not the test; personal data is.  On that score, the PSC previously identified several courts that compelled the production of personal data over the objections of German defendants.  *See BrightEdge Tech., Inc. v. Searchmetrics GmbH,* No. 14-cv-01009, 2014 WL 3965062, *5 (N.D. Cal. Aug. 13, 2014);  *Accessdata Corp. v. Alste Techs.*, No. 2:08cv569, 2010 WL 318477, *2 (D. Utah Jan. 21, 2010); *Pershing Pacific West LLC v. Marinemax, Inc.*, No. 10-cv-1345, 2013 WL 941617 (S.D. Cal. Mar. 11, 2013).  Moreover, even if personnel files were the standard, the MDL court in *In re Baycol Prod. Liab. Litig.*, MDL No. 1431, 2003 WL 22023449, *6 (D. Minn. March 21, 2003), appeared ready to compel the production of personnel files but declined to do so because the plaintiffs in that case "made no showing" justifying the production.  Of course, this Court has recognized that the information sought is discoverable.  *See* Order of February 17, 2016 at 1 [Rec. Doc. 2282].  *See also* January 29, 2016 Hearing Transcript at 26:13-19 (previously provided as Exhibit A to the PSC's motion).

Thus, Bayer has failed to meet its burden of showing that it would violate German privacy laws if compelled to produce the personal data contained with the personnel files of its employees.

### B.  **THE BALANCING TEST OF *SOCIETE NATIONALE* IS MET HERE**

The PSC rejects Bayer's contentions that the balancing test of *Societe Nationale* was not satisfied under the circumstances presented by the instant motion. The PSC was careful to articulate the Plaintiffs' need for discovery of the defendants' foreign witnesses.  These witnesses are beyond the subpoena power of the Court and their attendance at trials in the United States is unlikely to occur except in the form of videotaped testimony.  Therefore, it is critical for the PSC to have all relevant documents available to challenge the *bona fides* of these witnesses to root out all of their biases and motivations (even if the production of documents for witnesses like Dr. Kubitza is made *after* the deposition has already occurred).[3]  More importantly, the five factors referenced in *Societe National*e factors for consideration, 482 U.S. at 544 n. 28, now present in the Restatement (Third) of Foreign Relations Law §442, weigh in favor of allowing such discovery:

(1)   <u>The degree of specificity of the request</u> -- The PSC has described with great particularity the involvement of Bayer's witnesses in the development of Xarelto, and the specific documents requested.  Nevertheless, Bayer attempts to sweep these proofs away by minimizing the influence these employees had in their roles as protagonists for the drug, even going so far as to dismiss Dr. Kubitza as a mere "scientist."  Bayer Brf. at 6 n.2.   But even Bayer's dissembling cannot camouflage the importance of these witnesses. Indeed, Bayer admits, "Drs. Kubitza and Misselwitz played a *central role* in the identification and development of Xarelto."  *Id.* at 6 (emphasis added).  Well aware of this Court's concern for "an individualized showing of relevancy, proportionality and particularity," *In re Xarelto Prod. Liab. Litig.*, MDL No. 2592, Order & Reasons at 8 (E.D. La. Jan. 26, 2016) [Rec. Doc. 1987], the PSC

---

[3] For this reason, Bayer's contention that plaintiffs' request for Dr. Kubitza's personnel file is too late is mistaken. The documents may be separately admissible at trial irrespective of the completion of Dr. Kubitza's deposition.

demonstrated the importance of these witnesses, the relevance of their performance incentives, how the production is utterly consistent with the new concerns for proportionality,[4] and the specific types of documents needed.   Similar showings have sufficed for production of the Defendants' domestic witnesses.  *See, e.g.,* Rec. Doc. Nos. 2103, 2282, 2837, 2847, and 2849. This factor therefore favors production.

(2)  <u>The availability of alternative means of securing the information</u> – Bayer contends that depositions are the more-than-reasonable alternative to the production of the relevant documents within the personnel files of Drs. Kubitza and Misselwitz.  Bayer Brf. at 15.  Bayer even supplies the testimony of Dr. Mueck to argue that plaintiffs are getting answers to questions about financial and performance review questions.  *See* Exhibit D to Bayer's Brf.  While the plaintiffs may be getting answers, the answers given are deficient because they incorporate performance evaluations that *have not been produced*.  Take Dr. Mueck's testimony as a case in point.   He testified:



*Id.,* Mueck Deposition at 94:13-22 (objection omitted).

Admittedly, without documentary evidence in hand, the ability of the defendant's witnesses to answer questions precisely is impossible.  *Id.* Thus, depositions alone are not the panacea that Bayer suggests because its witnesses can evade questions by referring to documents that they know the plaintiffs do not have in their possession.  Having no meaningful alternative

[4] Given the magnitude of this multidistrict litigation, and taking into consideration the number of cases, the amount in controversy of the overall litigation, the resources of the parties and the importance of discovery in resolving the issues, the discovery requested is easily proportional to the needs of the case.

means available to obtain this evidence, this factor weighs in favor of compelling document production.

(3)   <u>The importance to the investigation or litigation of the documents or other information requested</u>   --   The motivations for each of Bayer's witnesses to produce an anticoagulant that was labeled to meet marketing needs, rather than patient safety, is an important issue in this litigation.  Although the Supreme Court in *Societe Nationale* mentions only that the information requested must be "important," 482 U.S. at 544 n. 28, Bayer inflates this requirement to mean "absolutely essential to plaintiffs' case."  Bayer Brf. at 13, *citing In re Vitamins Antitrust Litig.,* No. 99-197-TFH, 2001 WL 1049433, *9 (D. D.C. June 20, 2001). Instead of the hyperbole employed by Bayer, most courts find that "[w]here the evidence is directly relevant" to the claims this factor will "weigh in favor of disclosure." *Richmark Corp. v. Timber Falling Consultants,* 959 F.2d 1468, 1475 (9th Cir. 1992); *Pershing Pacific West, LLC v. MarineMax, Inc.,* 2013 WL 941617, *7 (S.D. Cal. March 11, 2013)(quoting *Richmark*); *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16, 32 n. 8 (S.D.N.Y.1984) ("In ordering production of these documents, this Court does not need to find, nor can it find at this point, that the requested documents are 'vital'...."). This Court has previously determined that with the proper foundation material personnel files are relevant to the litigation and discoverable. *See* Order of February 17, 2016 at 1 [Rec. Doc. 2282].  Accordingly, this factor weighs in favor of compelling production.

(4)  <u>Whether the information originated in the United States</u> – The PSC does not dispute that the witnesses are German and that their personnel files originated in Germany. Nevertheless, the weight of this factor must be balanced against the competing concerns of plaintiffs' needs for discovery from foreign manufacturers who take advantage of the United

States market but simultaneously expect to avoid any of the burdens attendant to the marketplace.[5]   As a global company, Bayer has possession, control and custody of its subsidiaries documents across the globe and in particular, in the United States.  It should not be permitted to shirk this Court's authority by virtue of the fact that some documents are located outside the United States.  Accordingly, this factor is not determinative.

(5) <u>The extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located</u> – "'Blocking statutes' such as the BDSG do not deprive American courts of the power to order a party to produce evidence under the Federal Rules, although the production of the evidence may violate the statute and subject the defendant to penalties."  *Pershing Pacific*, 2013 WL 941617 at \*9, *citing Societe Nationale*, 482 U.S. at 543 n. 29.  In this case, Bayer's expert admits that Bayer may produce personnel files through an exception to the BDSG.  *See* Meolle Dec. at ¶17, citing §4(1) BDSG; and ¶25, citing §4c(1)(3) BDSG.  Under these circumstances, where the hardship to Bayer is not established, the PSC should be able to rely on the supremacy of the Federal Rules of Civil Procedure to compel Bayer to produce the personnel files for those witnesses where, as here, a proper foundation has been established.  It ill behooves Bayer to avoid compliance with the laws of the United States and the rules of this Court, when it purposely avails itself of the benefits of the commerce (and the profits) it enjoys from sales of its drugs in this country.

To be sure, Germany, through the BDSG, has expressed some concern for the privacy of

---

[5] This logic has not been lost on courts evaluating foreign discovery.  For example, in *Pershing Pacific,* the court held:  "Even if it were impossible to force a foreign entity to comply with a discovery order, this would not necessarily preclude ordering discovery under the Federal Rules. *Id.* '[A] clear statement that foreign corporations which avail themselves of business opportunities in the United States must abide by United States laws might have a substantial effect on the way [such] corporations do business in the United States in the future.'"  *Pershing Pacific*, 2013 WL 941617 at \*10.  With this reasoning in mind, the court in *Compagnie Francaise, supra,* declined to impose a vital importance requirement.

its citizens' personal data, but in the same law it recognizes that those concerns must accede to the needs of litigation.  Plaintiffs in the United States, therefore, clearly have a superior interest in obtaining relevant evidence needed to establish their claims, which can be done while still achieving the purpose of the BDSG through the protective order already in place in this MDL. *See* PTO No. 12.   The balance of this last factor clearly falls in favor of compelling production.

## III.   <u>CONCLUSION</u>

For the reasons set forth above, as well as in our opening brief, the PSC's motion to compel discovery should be granted.

Dated:  April 28, 2016

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
*HERMAN, HERMAN & KATZ, LLC*
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
*GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC*
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

8

## PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Andy D. Birchfield, Jr. (Co-Lead Counsel)<br>234 Commerce Street<br>Post Office Box 4160<br>Montgomery, Alabama 36103-4160<br>Phone: (334) 269-2343<br>Fax: (334) 954-7555<br>Email: Andy.Birchfield@BeasleyAllen.com | Bradley D. Honnold<br>11150 Overbrook Rd., Ste. 200<br>Leawood, KS 66211<br>Phone: (913) 266-2300<br>Fax: (913) 266-2366<br>Email: bhonnold@bflawfirm.com |
| Brian H. Barr (Co-Lead Counsel)<br>316 Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: (850) 435-7045<br>Fax: (850) 436-6044<br>Email: bbarr@levinlaw.com | Frederick S. Longer<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>Phone: (215) 592-1500<br>Fax: (215-592-4663<br>Email: flonger@lfsblaw.com |
| Russell T. Abney<br>2100 RiverEdge Parkway,<br>Suite 720<br>Atlanta, Georgia 30328<br>Email: rabney@lawyerworks.com | Jeffrey S. Grand<br>550 Broad Street, Suite 920<br>Newark, NJ 07102<br>Phone: (973) 639-9100<br>Fax: (973) 639-9393<br>Email: jgrand@seegerweiss.com |
| Dr. Mark Alan Hoffman<br>1650 Market Street, Suite 3450<br>Philadelphia, PA 19103<br>Phone: (215) 574-2000<br>Fax: (215) 574-3080<br>Email: mhoffman@rossfellercasey.com | Roger C. Denton<br>100 S. 4th Street<br>St. Louis, MO 63102<br>Phone: (314) 621-6115<br>Email: rdenton@uselaws.com |
| Michael Goetz<br>201 N. Franklin St., 7th Floor<br>Tampa, FL 33602<br>Phone: (813) 221-6581<br>Fax: (813) 222-4737<br>Email: MGoetz@ForThePeople.com | Dianne M. Nast<br>1101 Market Street, Suite 2801<br>Philadelphia, Pennsylvania 19107<br>Phone: (215) 923-9300<br>Email: dnast@nastlaw.com |
| Neil D. Overholtz<br>17 E. Main Street , Suite 200<br>Pensacola, Florida 32501<br>Phone: (850) 916-7450<br>Fax: (850) 916-7449<br>Email: noverholtz@awkolaw.com | Ellen Relkin<br>700 Broadway<br>New York, New York 10003<br>Phone: (212) 558-5500<br>Fax: (212) 344-5461<br>Email: Erelkin@weitzlux.com |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 28, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**