# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO:<br>*Robinson v. Janssen et al; 2:14-cv-2904* | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DEEM PRIOR SERVICE VALID OR FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

**MAY IT PLEASE THE COURT:**

Plaintiff submits this memorandum in support of his motion for an order from this Court declaring prior "streamlined" service to be valid or, alternatively, granting him thirty (30) days within which to serve process on the Defendants, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG, through the streamlined process.

### I. BACKGROUND

Present Plaintiff is the son of Hattie Goodwin, who died as the result of her taking Xeralto. His complaint was filed in In Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL No. 2592, on December 22, 2014 (Rec. Doc. 1). Service to Bayer Pharma AG, Bayer AG and Bayer Healthcare AG was attempted on January 28, 2015, but was declined since service was not done pursuant to the provisions of the Hague Convention. On March 29, 2016, Plaintiff served his plaintiff fact sheet ("PFS") on the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO 13 (Ex A).

Meanwhile, two other derivative claims have been filed on behalf of Ms. Goodwin. Her husband John Goodwin (2:15-cv-508) and her granddaughter Ashlie Fluitt (2:15-cv-5874) have also filed suit in this matter. Undersigned counsel also represents Ms. Fluitt and she has timely served her complaint through the streamlined process as provided in PTO 10 and filed a PFS. While Defendant Bayer was made fully aware of the facts and circumstances surrounding the claims being asserted by Ronald Robinson, undersigned counsel inadvertently failed to issue proper service process on Bayer Healthcare Pharmaceuticals, Inc. ("BHCP"), and Bayer Pharma AG.

On March 30, 2016, Plaintiff, Ronald Robinson, made service on BHCP (Via Certified Mail to its registered agent: Corporation Service Company) (Ex. B) and Bayer Pharma AG (via Registered Mail) (Ex C), respectively via the streamlined process as provided in PTO 10 (paragraph II. C. 1. and 2). (Rec. Doc. 357).

Subsequently, on April 6, 2016, and May 2, 2016, BHCP and Bayer Pharma AG, notified Plaintiff's counsel by letter that, while they acknowledged receipt of Robinson's Complaint and Summons, Bayer deemed these service attempts to be improper as they were beyond the 60 day limit provided in Pre Trial Order No. 10 (Ex D & E).

Wherefore, Plaintiff, Ronald Robinson, now files this Motion to Deem Prior Service Valid or for Extension of Time with Memo in Support and Notice of Submission. Opposing counsel has been contacted and wished to be heard in opposition.

'

## II. LAW AND ANALYSIS

FRCP 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after the complaint is filed (or in this case within 60 days of entry of PTO 10, viz. May 23, 2015), Rule 4 instructs the court to "dismiss the action without prejudice against the defendant -or- order that service be made within a specified time". If the plaintiff "shows good cause for the failure," the court must extend the time for service for an appropriate period. Fed.R.Civ.P. 4(m). As noted above, Plaintiff, Ronald Robinson, has every intention of pursuing his claim; it was purely through oversight on the part of counsel that service was not perfected before within 120 days of filing or 60 days of PTO 10.

If good cause is not found, two options remain for the court: 1) dismiss the action without prejudice, -or- 2) decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. *United States v. Ligas,* 549 F.3d 497, 501 (7th Cir.2008) (citing *Henderson v. United States,* 517 U.S. 654, 662–63, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996)). The Seventh Circuit explains that application of Rule 4(m) in the second manner is best determined by considering the "arguments and factors advanced by the plaintiff, and ... pay[ing] particular attention to a critical factor such as the running of a statute of limitations." *Cardenas v. City of Chi.,* 646 F.3d 1001, 1007 (7th Cir.2011) (citing *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 341 (7th Cir.1996)) (additional citations omitted). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir.1998). Ultimately, the court retains its discretion to allow an

extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas,* 646 F.3d at 1007 (quoting *Troxell,* 160 F.3d 381).

In light of the fact that this MDL involves hundreds of similarly situated Plaintiffs who have filed claims alleging facts, circumstances and theories of recovery virtually identical to the lawsuit filed by Ronald Robinson, no actual prejudice has or will occur to defendant, Bayer, by this court granting the relief sought herein.

Plaintiff shows that as a matter of law and fact, he was not in "bad faith" in delaying service of their Original Complaint; Defendant Bayer has fully aware of and served with hundreds of identical complaints. Plaintiff points out that this permissive extension is appropriate under the circumstances to avoid any subsequent issues regarding the running of Louisiana's one year statute of limitations, even though his original complaint was timely filed.

### III.    CONCLUSION

In light of the foregoing, the Plaintiff requests an order from this Court declaring that his prior service on Bayer to have been effective or alternatively, granting him thirty (30) days within which to serve process on the Defendants, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG, through the streamlined process. Plaintiff, Ronald Robinson, shows that all things considered, no party will be prejudiced nor will the progress of this MDL be adversely affected by the granting of the relief sought herein.

Respectfully submitted,

By: */s/ Elwood Stevens*
ELWOOD C. STEVENS, JR. (La. Bar No. 12,459)
556 Jefferson Street, Suite 500
Lafayette, LA 70501
Telephone:  (337) 233-3033
Telefax: (337) 232-8213
Email: elwoods@wrightroy.com
**ATTORNEYS FOR PLAINTIFF,**
**RONALD ROBINSON**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DEEM PRIOR SERVICE VALID OR FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b) (2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No.17.

This the 4th day of May, 2016.

*s/ Elwood C. Stevens, Jr.*
_____
ELWOOD C. STEVENS, JR.