IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| | JUDGE FALLON |
| | MAG. JUDGE NORTH |

**This Document Relates to:**

*Gary T. Allen, et al v. Janssen Research & Development, LLC, et al; LAED USDC NO. : 2:16-cv-1548-EEF-MBN (LEAD CASE)*

*Joan Belcher, et al v. Janssen Research & Development, LLC, et al; 2:16-cv-3698*
*James Bosch, et al v. Janssen Research & Development, LLC, et al; 2:16-cv-3699*
*Egdomilia Cruz, et al v. Janssen Research & Development, LLC, et al; 2:16-cv-3700*
*Thomas Frick, et al v. Janssen Research & Development, LLC, et al; 2:16-cv-3701*
*Ivan Juarbe, et al v. Janssen Research & Development, LLC, et al; 2:16-cv-3703*
*Steven White, et al v. Janssen Research & Development, LLC, et al; 2:16-cv-3704*

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO DEEM PRIOR SERVICE VALID, OR IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**

COMES NOW, Plaintiffs, by counsel, and for their Brief in Support of Plaintiffs' Motion for Extension of Time Within Which to Serve Process Pursuant to PTO 10, state as follows:

The above matters were filed directly in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592 (the "Xarelto MDL") as part of the bundled complaint: *Gary T. Allen, et al v. Janssen Research & Development, LLC, et al; LAED USDC NO. : 2:16-cv-1548-EEF-MBN,* filed on February 23, 2016. The Court entered an Order severing the case on February 25, 2016.

Prior to filing short form complaints for each of the bundled cases pursuant to Pre-Trial

Order No. 11, Plaintiffs counsel emailed Defendants' counsel Dierdre Kole to see if Defendants would consent to Plaintiffs Ivan Juarbe and Patricia Juarbe, Wife, voluntarily dismissing their claims from the bundled matter.  Ms. Kole indicated that she would raise the matter with her client and respond (see email string attached marked as Exhibit "A").    On April 8, 2016, April 12, 2016 and April 15, 2016, Plaintiffs' counsel followed up with Defendants' counsel regarding the request and received a response that the Defendants would send language, presumably for a consent order allowing the dismissal of Plaintiffs Juarbe's claims.   On April 25, 2016, Plaintiff's attempted to contact Defendants' counsel again and received an out of office reply stating that Attorney Kole would not return until May 2, 2016, after the sixty (60) days allowed by PTO 10 to serve Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc., via expedited service. (see email string marked as "Exhibit C").  Plaintiffs forwarded a proposed Motion to Extend the Time for Service to Defendants on April 25, 2016, and requested Defendants' consent, but did not receive a response that day, so filed the motion out of an abundance of caution (Dkt # 3152).  On April 26, 2016 Defendants' counsel informed Plaintiffs' counsel that they did not consent to an extension of time for service.   Plaintiffs filed short form complaints for each of the bundled Plaintiffs pursuant to Pre-Trial Order No. 11, and served Bayer Pharma AG via registered mail on April 27, 2016 (see attached Exhibit "D") and Bayer Healthcare Pharmaceuticals, Inc., via certified mail on April 29, 2016 (see attached Exhibit "E"), less than one week after the 60 day time limit granted by PTO 10 for expedited service.  Further, since that time, Defendants have consented to the dismissal of Plaintiffs Juarbe's claim. Plaintiffs respectfully request that their service of Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc., on April 27, 2016 and April 29, 2016, respectively, be deemed as valid under PTO # 10, or in the alternative, respectfully move for an order from this Court granting them twenty (20) days from the date of this motion to reserve

process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG via the expedited service set forth in PTO # 10.

Defendants have been made fully aware of the known facts and circumstances surrounding Plaintiff's claims and the time for service under Fed. R. Civ. P. 4 has not expired; therefore no prejudice will result to the Defendants by granting Plaintiffs' Motion.

WHEREFORE, for the above reasons, Plaintiffs respectfully request an Order from the Court deeming that the prior service of their complaint and summons on Defendant Bayer Healthcare Pharmaceuticals, Inc. and Defendant Bayer Pharma AG valid or granting them (20) days within which to serve process on the Defendants, Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG, through the streamlined process.

Respectfully submitted this the 6th day of May, 2016.

**MOTLEY RICE LLC**

/s/ Carmen S. Scott
Carmen S. Scott
cscott@motleyrice.com
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464
Phone: 843-216-9000
Fax: 843-216-9440

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a complete copy of the foregoing Brief in Support has been served upon all counsel of record by electronic filing via the CM/ECF filing system on this the 6th day of May, 2016.

s/ Carmen S. Scott