UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| ) | MDL 2592 |
| ) | |
| ) | Section: L |
| ) | |
| PATRICIA JARMAN ) | Judge: Eldon E. Fallon |
| ) | |
| ) | Mag. Judge Michael North |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| JANSSEN RESEARCH & DEVELOPMENT LLC ) | Case no. 2:15-cv-05918 |
| f/k/a JOHNSON AND JOHNSON ) | |
| PHARMACEUTICAL RESEARCH AND ) | |
| DEVELOPMENT LLC et. al ) | |
| Defendants ) | |
| ) | |

This document relates to:
Patricia Jarman v. Janssen Research & Development, LLC et al; LAED USDC No. 2:15-cv-05918

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
FOR EXTENSION OF TIME WITHIN WHICH
TO SERVE PROCESS ON CERTAIN DEFENDANTS

Plaintiff Patricia Jarman ("Jarman") respectfully requests that this Honorable Court enter an Order enlarging the time in which to serve all defendants except Janssen Research & Development LLC to thirty (30) days from the date this Court enters a suitable order. In addition, Jarman requests that new summonses be issued and that she be permitted to utilize the streamlined processes established in the Xarelto MultiDistrict Litigation for foreign defendants. In support of her motion, Plaintiff states as follows:

FACTS

1. Plaintiff's case was filed on 11/13/15.

2. Summons and Complaint were served upon Janssen Research & Development LLC on 12/8/15. (USPS return receipt requested postcard is attached as Exhibit. A)

3. Plaintiff's PFS and Medical records were shared with Defense Counsel via MDL Centrality on 12/23/15.

ARGUMENT

Rule 4(m) states:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court <u>must</u> extend the time for service for an appropriate period. (emphasis added)

In this case, undersigned counsel (David Pearlman) hired a new paralegal and diligently trained her. Before she was hired, Pearlman gave her numerous tests on attention to detail and office skills, which she passed with flying colors. It turned out this paralegal, because she was trained initially for service in a MDL that did not require multiple service, she did not realize that she had to serve defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG via the normal process and send a waiver of service to four of the other defendants as described in PTO 10.

In a very similar case in this MDL, *Sullivan v. Janssen Research & Development, LLC et al.,* C.A. No. 2:15-cv-03892-EEF-MBN, this Court allowed a very similar motion. *See* Order at 1749. In its response, Bayer argued:

> Bayer Pharma AG is entitled to some certainty as to whether it will be required to defend itself in a particular case pending in the MDL. Time imits on service provide some level of certainty. Otherwise, Bay Pharma AG is subject to being brought into any case in the MDL at any time for any reason.

Bayer's statement ignores reality in at least two ways. First, because this is an MDL case rather than a "single event case," whenever a case is filed in this MDL, defendants' counsel is automatically notified and sent a copy of the complaint. Second, unless a case is chosen to as a bellwether, for any particular case, defense counsel has remarkably little to do – the defendant does not even file an answer.

Other than the mixup in serving the defendants, Plaintiff has diligently proceeded with this case. The PFS was submitted through MDL Centrality 40 days after filing this case, and the medical records were uploaded on or before 12/23/15. None of the defendants have been prejudiced in any way.

Date: May 13, 2016.

RESPECTFULLY SUBMITTED,


By /s/ David A. Pearlman
David A. Pearlman
(# 671550)
HELMSDALE LAW, LLP
6 Consultant Place, Suite 100A
Durham, NC  27707-3598
Direct: (424) 249-7924
dpearlman@summitlawllp.com

Attorney for Plaintiff


<u>Certificate of Service</u>

I hereby certify that on May 13, 2016 I electronically filed the foregoing document with the Eastern District of Louisiana by using the CM/ECF system. I certify that the counsel of record for each defendant are registered as ECF Filers and that they will be served by the CM/ECF system. In addition, I directly served via email the foregoing pleading on attorney Lindy D. Brown, counsel for Bayer, at her email address of lbrown@babc.com.


/s/ David A. Pearlman
David A. Pearlman

EXHIBIT A

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Steva Vicu*  ☐ Agent  ☑ Addressee<br>B. Received by *(Printed Name)*     C. Date of Delivery |
| 1. Article Addressed to:<br><br>*Janssen*<br><br>*Titusville, NJ* | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below:  ☑ No |

9590 9403 0120 5077 5342 29

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☑ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☐ Return Receipt for Merchandise |
| ☐ Collect on Delivery | ☐ Signature Confirmation™ |
| ☐ Collect on Delivery Restricted Delivery | ☐ Signature Confirmation Restricted Delivery |
| ☐ Insured Mail | |
| ☐ ...ail Restricted Delivery )) | |

2. Article Number *(Transfer from service label)*

7014 2120 0000 2539 9966

PS Form 3811, April 2015 PSN 7530-02-000-9053   *P. Jarman*       Domestic Return Receipt