UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592 SECTION L JUDGE ELDON E. FALLON MAG. JUDGE NORTH |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| THIS DOCUMENT RELATES TO:<br><br>CAROLYN PARKER,<br><br>Plaintiff,<br><br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT, LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO, LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY, BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE, LLC, BAYER HEALTHCARE AG, and BAYER AG,<br><br>Defendants. | * * * * * * * * * * * * * * * * * * * * * * * * | CASE NO.: 2:15-cv-00511<br><br>JUDGE: E. FALLON<br><br>MAG. JUDGE: NORTH<br><br>JURY DEMAND |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO SUBSTITUTE PARTY PLAINTIFF AND FOR LEAVE TO AMEND COMPLAINT

MAY IT PLEASE THE COURT:

The Plaintiff, Carolyn Parker, a resident of Amite County, Mississippi, passed away on October 14, 2015. The Plaintiff has filed a Notice of Suggestion of Death of Plaintiff with this

1

Court on May 16th, 2016. Carolyn Parker's father, Beachman Williams, is her heir and Administrator of her Estate.

Carolyn Parker's claims survive her death and her father, Beachman Williams, her legal heir and Administrator of her Estate, is entitled to continue her causes of action. M.S. Code §15-1-55, *et seq*. In addition, Beachman Williams is entitled to assert a cause of action for Carolyn Parker's wrongful death pursuant to M.S. Code §11-7-13, *et seq*. and for loss of consortium. Finally, Federal Rule of Civil Procedure 25(a)(1) states that if a party dies and the claim is not extinguished due to the death, the court may order the substitution of parties.

Carolyn Parker was prescribed and ingested Xarelto, and as a result of that ingestion, Carolyn Parker sustained injuries including serious bleeding events for which she was hospitalized and transfused multiple units. Carolyn Parker and Beachman Williams suffered injuries for which they are entitled to pursue causes of action against Defendants, Janssen Research & Development, L.L.C. f/k/a Johnson and Johnson Pharmaceutical Research and Development, L.L.C., Janssen Ortho, L.L.C., Janssen Pharmaceuticals, Inc., f/k/a Janssen Pharmaceutica, Inc., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc., Johnson & Johnson Company, Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healthcare, L.L.C., Bayer Healthcare AG, and Bayer AG (collectively, "the Defendants"). Her death does not preclude or extinguish her cause of action against the Defendants. Carolyn Parker is entitled to have Beachman Williams, her father and legal heir and Administrator of her Estate, substituted as Plaintiff in this action.

Moreover, Plaintiff also desires to add Johnson & Johnson Company as a party Defendant pursuant to the Plaintiff Steering Committee's Joint Complaint and all of its allegations contained therein pursuant to PTO Nos. 11 and 11(A)-(D).

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend the party's pleading with the opposing party's written consent or the Court's leave when justice so requires. In this case, justice requires that Beachman Williams be allowed to amend the Complaint to include loss of consortium, wrongful death and survival action claims. Carolyn Parker did not pass away until after the filing of the original Complaint, and therefore, the wrongful death, loss of consortium, and survival action claims could not be made until this time. Further, Plaintiff did not discover the involvement of Johnson & Johnson in the events giving rise to the Complaint until recently when the Plaintiffs' Steering Committee filed their Joint Complaint.

## CONCLUSION

Despite her death, the Plaintiff Carolyn Parker is entitled to pursue her causes of action against Defendants. Therefore, the Plaintiff respectfully requests that Beachman Williams, her father and legal heir and Administrator of her Estate, be substituted as the Plaintiff in this action. In addition, justice requires that Beachman Williams be allowed to amend the Complaint to assert wrongful death, loss of consortium, and survival action claims and to add Johnson & Johnson as a party Defendant pursuant to the Plaintiff Steering Committee's Joint Complaint with all of the allegations claimed therein.

Respectfully Submitted,

/s/ Mekel S. Alvarez
Morris Bart (LA Bar #02788)
Mekel S. Alvarez (LA Bar #22157)
Morris Bart, LLC
909 Poydras Street, 20th Floor
New Orleans, LA 70112
Telephone: 504-525-8000
Facsimile: 504-599-3392
morrisbart@morrisbart.com
malvarez@morrisbart.com
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 16<u>th</u> day of May, 2016, a true copy of the foregoing Memorandum in Support of Unopposed Motion to Substitute Party Plaintiff and for Leave to Amend Complaint was filed electronically. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Mekel S. Alvarez