**EXHIBIT A**



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BENNETTA CHILES, ET AL.,      §
                              §
        Plaintiffs,           §
                              §
VS.                           §    NO. 4:03-CV-802-A
                              §
AMERICAN HOME PRODUCTS        §
CORPORATION, ET AL.,          §
                              §
        Defendants.           §

## ORDER

Came on for consideration the motion of plaintiffs, Bennetta
Chiles, individually and as next friend of Tony Chiles, a minor;
Holly Blackburn and Mark Blackburn, each individually and as next
friends of Mitchell Reed Blackburn, a minor; Lori M. Reed,
individually and as next friend of Ryan Joseph Reed, a minor; and
Krissy Fagan and Carl Fagan, each individually and as next
friends of Bradley Kole Fagan, a minor, to remand.  The court,
having considered the motion, the response of defendants Abbott
Laboratories, SmithKline Beecham Corporation d/b/a
GlaxoSmithKline, Aventis Pasteur, Inc., Merck & Co., Inc., Wyeth,
and Eli Lilly & Company, the reply, the record, and applicable
authorities, finds that the motion should be denied.

On June 30, 2003, plaintiffs filed their original petition
in the 96th Judicial District Court of Tarrant County, Texas.
The action was removed by notice of removal filed July 21, 2003.
Plaintiffs contend that they and their minor children were

injured as a result of the children having received vaccines containing Thimerosal.  Plaintiffs have sued the manufacturers and distributors of the vaccines that allegedly injured their children and have named their children's treating physicians, Marcia Sampson, M.D., Alfred Santesteban, M.D., John Chapman, M.D., and Richard Chiarello, M.D. ("physicians"), as defendants. The removing defendants maintain that the physicians have been fraudulently joined in order to defeat diversity.

In assessing a claim of fraudulent joinder, the court determines whether there is any reasonable basis for predicting that state law might impose liability on the facts involved. Travis v. Irby, 326 F.3d 644, 647-48 (5th Cir. 2003).  The possibility that state law might impose liability must be reasonable, not merely theoretical.  Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002).  As the Fifth Circuit has noted, "pleadings matter" when the court addresses fraudulent joinder.  Id. at 328.  The failure to specify a factual basis for recovery against a non-diverse party constitutes a failure to state a claim and fraudulent joinder of that party.  Waters v. State Farm Mut. Auto. Ins. Co., 158 F.R.D. 107, 109 (S.D. Tex. 1994).  Speculative and conclusory allegations do not state a cause of action without factual support.  Id. at 108.  Fraudulent joinder will be found where a plaintiff has failed to plead any specific acts of negligence

2

against the non-diverse defendant.  See, e.g., Griggs v. State

Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); Cavallini v.

State Farm Mut. Auto. Ins. Co., 44 F.3d 256, 260-61 (5th Cir.

1995); McIntire v. Rollins, Inc., 888 F. Supp. 68, 69 (S.D. Tex.

1995).

    In this case, plaintiffs' original petition does not set

forth any facts that would support a claim against the

physicians.  Under the heading "Liability of Healthcare

Defendants," plaintiffs allege:

> 11.02  The [physicians] are liable for their own
> distinct tortious conduct, separate and apart from the
> conduct of the Manufacturer Defendants, although they
> acted in concert with them.

> 11.03  The conduct of the [physicians] forms an
> independent basis for imposing liability on them for
> commission of the acts referenced above.

Pls.' Pet. at 16.  Plaintiffs also plead:

> 4.06  All of the Manufacturer Defendants
> deliberately or negligently misrepresented to the
> public the efficacy and safety of these products that
> contained Thimerosal.  Because of their failure, in all
> instances, to advise doctors or consumers that the
> usage of Thimerosal containing products could result in
> mercury poisoning, the result is that plaintiff's child
> [sic] has experienced severe bodily injury.

> 4.07  The Manufacturer Defendants purposely
> downplayed and understated the health hazards and risks
> associated with Thimerosal.  The Manufacturer
> Defendants through promotional literature, deceived
> potential users of these products by relaying positive
> information and manipulating statistics to suggest
> widespread safety, while downplaying the known adverse
> and serious health effects of ethyl mercury.  The
> Manufacturer Defendants falsely and fraudulently kept
> relevant information from potential users and minimized

3

user concern regarding the safety of the products that contained Thimerosal.

Id. at 11-12.[1]  Thus, they have affirmatively pleaded facts that negate any possible liability of the physicians.

Plaintiffs apparently recognize the inadequacy of their original petition to state claims against the physicians.  They have attempted to rectify this deficiency through the submission of affidavits in support of their reply to defendants' opposition to the motion to remand.  But, the conclusory allegations in the affidavits that each of the physicians would or should have been aware of Thimerosal's dangers are simply insufficient to rectify the pleading deficiency.  Having affirmatively pleaded that the manufacturer defendants deliberately or negligently deceived everyone else regarding the safety and efficacy of products containing Thimerosal, plaintiffs' speculation that the physicians knew or should have know of any danger is insufficient to support a cause of action.

Finally, the court notes that it is not relying on a common defense theory in determining that the physicians have been fraudulently joined.  Accordingly, Collins v. American Home Products Corporation, 2003 WL 21998574 (5th Cir. 2003), is not relevant to the court's decision.  See Pls.' Br. in Supp. of their Reply at 7.

---

[1] The pages in the original petition that should be numbered 10 and 11 are numbered 1 and 2.

4

The court ORDERS that plaintiffs' motion to remand be, and is hereby, denied.

SIGNED September 26, 2003.

JOHN McBRYDE
United States District Judge

5