# EXHIBIT B

Case 2:14-md-02592-EEF-MBN Document 3265-2 Filed 05/17/16 Page 2 of 8
Case 3:15-cv-03590-B Document 1-10 Filed 11/05/15 Page 2 of 8 PageID 246
8:13-cv-00290-LSC-TDT Doc # 1-2 Filed: 09/17/13 Page 2 of 8 - Page ID # 25

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

EDNA D. WHATLEY                                                    PLAINTIFF

VS.                                                CIVIL ACTION NO. 1:03cv162GR

NASTECH PHARMACEUTICAL CO., INC.;
BRISTOL-MYERS SQUIBB COMPANY;
APOTHECON, INC.; CEPHALON, INC.;
GREG A. REDMAN, M.D. GULF COAST
SAV-REX PHARMACY; and JOHN DOES 1-10           DEFENDANTS

## MEMORANDUM OPINION and ORDER

This cause is before the Court on the motion to remand [9-1] filed by plaintiff Edna Whatley pursuant to 28 U.S.C. § 1447. After due consideration of the evidence of record, the briefs of counsel, the applicable law, and being otherwise fully advised in the premises, the Court finds as follows.

### Statement of Facts

On November 20, 2002, Whatley filed her complaint in the Circuit Court of Jackson County, Mississippi. (Ct. R., Doc. 1, Exh. A.) On February 10, 2003, the defendants removed the action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, alleging fraudulent joinder of Greg Redman, M.D. and Sav-Rex Pharmacy [Sav-Rex] and asserting diversity jurisdiction under 28 U.S.C. § 1332.[1] (Ct. R., Doc. 1.) The defendants also assert bankruptcy jurisdiction. Whatley subsequently filed this motion to remand.

---

[1] The parties do not contest the sufficiency of the amount in controversy, and defendants sued under fictitious names are disregarded.

Case 2:14-md-02592-EEF-MBN Document 3265-2 Filed 05/17/16 Page 3 of 7
Case 3:15-cv-03590-B Document 1-10 Filed 11/05/15 Page 3 of 8 PageID 247
8:13-cv-00290-LSC-TDT Doc # 1-2 Filed: 09/17/13 Page 3 of 8 - Page ID # 26

### Standard of Review

The Fifth Circuit has stated that, "a motion to remand an action removed from state to federal court is a question of federal subject-matter jurisdiction and statutory construction." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995) (citation omitted). The removing party bears the ultimate burden of establishing federal jurisdiction over the state court suit. *Id.* Moreover, all doubts will be resolved against removal. *Id.* at 365-66.

In cases alleging fraudulent joinder, a heavy burden is placed on the removing party:

> In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Further, the trial court need not "decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). More accurately, "there must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).

### Legal Analysis

Whatley's complaint alleges claims against the defendants, including Sav-Rex, for negligence, strict liability, failure to warn and breach of express and implied warranties concerning the dispensation of the allegedly defective prescription drug Stadol. (Ct. R., Doc. 1, Exh. A.) A count of medical negligence is leveled solely against Redman. (Ct. R., Doc. 1, Exh.

2

Case 2:14-md-02592-EEF-MBN Document 3265-2 Filed 05/17/16 Page 4 of 8
Case 3:15-cv-03590-B Document 1-10 Filed 11/05/15 Page 4 of 8 PageID 248
8:13-cv-00290-LSC-TDT Doc # 1-2 Filed: 09/17/13 Page 4 of 8 - Page ID # 27

A, Count V.) The defendants argue that Redman and Sav-Rex were fraudulently joined to defeat diversity jurisdiction.

I. <u>Greg A. Redman, M.D.</u>

Whatley's complaint asserts a claim for medical negligence against Redman alleging that Redman breached his duty to "disclose and inform the Plaintiff of all risks and consequences of using Stadol . . . to monitor and evaluate her physiological responses and potential addiction to Stadol . . . to carefully monitor the number and frequency of prescriptions given to Plaintiff . . . [and] to obtain informed consent." (Ct. R., Doc. 1, Exh. A, Count V.) The defendants contend that given the penetrating fraud alleged by Whatley against the defendants regarding the manufacture and sale of Stadol, the allegations against Redman lack the necessary element of knowledge or reason to know inherent in a medical negligence claim. *See Brown v. Bristol-Myers Squibb, Co.*, No. 4:02cv301LN, slip op. at 11-12 (S.D. Miss. Dec. 2, 2002) (Lee, C.J.). Simply put, the defendants argue that given Whatley's contention that the defendant drug manufacturers and distributors made sure no one knew about the deficiencies and dangers of Stadol, how were the doctors supposed to know.

In her complaint, Whatley asserts that the defendants fraudulently concealed the true nature of Stadol and aggressively marketed the drug under false pretenses to increase prescriptions and profits. (Ct. R., Doc. 1, Exh. A.) Particularly, Whatley alleges that the defendants "[f]ailed to include adequate warnings with the drug that would alert consumers and physicians to the potential risks and serious side effects of the drug." In *Brown*, Chief Judge Lee addressed nearly identical issues involving a physician and a patient's use of Stadol wherein he found:

3

Case 2:14-md-02592-EEF-MBN Document 3265-2 Filed 05/17/16 Page 5 of 9
Case 3:15-cv-03590-B Document 1-10 Filed 11/05/15 Page 5 of 8 PageID 249
8:13-cv-00290-LSC-TDT Doc # 1-2 Filed: 09/17/13 Page 5 of 8 - Page ID # 28

> No facts are set forth in the complaint with respect to Dr. French, other than that he undertook to diagnose and treat Sandra Neely's "specific medical condition," and that he "failed to disclose to her the specific risks associated with the use of Stadol, to fully monitor and evaluate her progress and to do all things otherwise necessary and proper for her treatment." She charges that Dr. French therefore failed to obtain her informed consent to the use of Stadol, the lack of which proximately caused her injuries and damages.
>
> The premise of Neely's negligence claim against Dr. French is that he was fully knowledgeable about the challenged propensities of Stadol. However, plaintiffs consistently and repeatedly allege throughout the complaint that in the manufacturing defendants' aggressive marketing of Stadol, they failed to disclose all possible side effects associated with the use of Stadol, including, in particular, addiction, and specifically misrepresented the safety and effectiveness of Stadol. Thus, in terms of Dr. French's potential liability, Neely's allegation that he "did not fully disclose to her the specific risks associated with Stadol" is essentially meaningless, since there is no allegation or hint of an allegation in the complaint that Dr. French knew or should or could have known of the information that plaintiffs pointedly allege was withheld by the manufacturer defendants. The court thus concludes that based on the allegations of her complaint, Neely has no reasonable possibility of recovery against Dr. French and that he should be dismissed as fraudulently joined.

Slip op. at 11-12 (internal footnotes and citations omitted).

Judge Lee is not alone in his reasoning. In *In re: Rezulin Products Liability Litigation*, Pretrial Order No. 121, Judge Kaplan found that while it is permissible for a plaintiff to plead alternatively and inconsistently, if the plaintiff does not provide more specificity concerning claims against physicians the plaintiff runs the risk of not providing physicians sufficient notice of the claims against them. *In re: Rezulin Prods. Liab. Litig.*, No. 00 Civ. 2843 (LAK), 2002 U.S. Dist. LEXIS 24436 at * 7-9 (S.D.N.Y. Dec. 18, 2002). Judge Kaplan found that:

> the main tenor of plaintiffs' complaints is that Rezulin was an unsafe drug and that the manufacturers concealed its risks from the public, physicians, and others. In this context, an entirely conclusory allegation that the physicians failed to warn of the risks of Rezulin is insufficient. The pleadings shed no light on such matters as whether the defendant physicians allegedly failed to warn of concealed risks, known risks, or both, and how and when the physicians came to be aware of any

4

Case 2:14-md-02592-EEF-MBN Document 3265-2 Filed 05/17/16 Page 6 of 8
Case 3:15-cv-03590-B Document 1-10 Filed 11/05/15 Page 6 of 8 PageID 250
8:13-cv-00290-LSC-TDT Doc # 1-2 Filed: 09/17/13 Page 6 of 8 - Page ID # 29

such risks. Absent such information, plaintiffs cannot be said to have provided the defendant physicians adequate notice of the claims against them.

*Id.* at * 9 (internal footnotes and citations omitted).

Facing the issues again in Pretrial Order No. 122, Judge Kaplan found that:

> Plaintiff asserts three theories of negligence against the physician. First, plaintiff asserts that the defendant-physician negligently failed to warn him of the risks linked to Rezulin. As this Court recently found in PTO No. 121, in light of plaintiff's myriad allegations that the defendants withheld information concerning the risks of Rezulin from physicians and others, an entirely conclusory allegation that the physician failed to warn of risks of Rezulin is insufficient to provide the defendant sufficient notice of the claim against him.
> Plaintiff next alleges that the physician negligently "failed to test and monitor her [sic] liver functions." Once again, in light of plaintiff's other allegations that the defendants failed to timely warn of the need for liver function and other body system monitoring, plaintiff's conclusory allegation is insufficient. Plaintiff has failed to allege any basis for supposing that his physician should have conducted liver testing or even what information concerning the need for testing was available to medical professionals at the relevant time.
> Plaintiff's third claim of negligence against the physician likewise fails because it does not state on what basis the physician should have known the patient was unable to tolerate Rezulin.

*In re: Rezulin Prods. Liab. Litig.*, No. 00 Civ. 2843 (LAK), 2003 U.S. Dist. LEXIS 28 at * 1-4 (S.D.N.Y. Jan. 6, 2003) (internal footnotes and citations omitted). Whatley's complaint is little different from those cases cited above and contains conclusional allegations that fail to give notice of the basic events and circumstances of which Whatley complains. Consequently, the Court finds that Whatley has no reasonable possibility of recovery against Redman and that he should be dismissed as fraudulent joined.

5

Case 2:14-md-02592-EEF-MBN Document 3265-2 Filed 05/17/16 Page 7 of 8
Case 3:15-cv-03590-B Document 2-10 Filed 11/05/15 Page 7 of 8 PageID 251
8:13-cv-00290-LSC-TDT Doc # 1-2 Filed: 09/17/13 Page 7 of 8 - Page ID # 30

II.     Sav-Rex Pharmacy

In *Moore v. Mem'l Hosp.*, the Mississippi Supreme Court extended the learned intermediary doctrine[2] to pharmacies and pharmacists. 825 So. 2d 658 (Miss. 2002). Thus, pharmacists and pharmacies have no legal duty to warn in the context of prescription drugs in Mississippi. *Id.* at 664-65. The court, however, did note two exceptions to the learned intermediary doctrine as applicable to pharmacists:

> An exception to the learned intermediary doctrine, as applied to pharmacists, exists where it was undisputed that a plaintiff had informed the pharmacy of health problems which contraindicated the use of the drug in question.
>
> Another exception exists where pharmacists fill prescriptions in quantities inconsistent with the recommended dosage guidelines.

*Id.* at 665. Neither exception, however, is present in the instant case. Rather, Whatley seeks to hold Sav-Rex liable for merely filling her prescription for Stadol. Consequently, the Court finds that Whatley has no reasonable possibility of recovery against Sav-Rex and that it should be dismissed as fraudulently joined. It is therefore,

ORDERED that Whatley's motion to remand [9-1] be, and is hereby, denied. It is further,

ORDERED that George A Redman, M. D., be, and is hereby, dismissed as fraudulently joined. It is further,

ORDERED that Sav-Rex Pharmacy be, and is hereby, dismissed as fraudulently joined. It is further,

---

[2] "The 'learned intermediary doctrine' holds that pharmaceutical companies are required to warn only the prescribing physician of dangers inherent in its products because the prescribing physician acts as a 'learned intermediary' between the manufacturer and the consumer." *Moore*, 825 So. 2d at 662 n. 6.

6

Case 2:14-md-02592-EEF-MBN Document 3265-2 Filed 05/17/16 Page 8 of 8
Case 3:15-cv-03590-B Document 1-10 Filed 11/05/15 Page 8 of 8 PageID 252
8:13-cv-00290-LSC-TDT Doc # 1-2 Filed: 09/17/13 Page 8 of 8 - Page ID # 31

ORDERED that each party shall bear their respective costs in association with this motion.

SO ORDERED this the 20th day of June, 2003.

_____
UNITED STATES DISTRICT JUDGE

7