**EXHIBIT C**

Case 2:14-md-02592-EEF-MBN   Document 3265-3   Filed 05/17/16   Page 2 of 7
Case 3:15-cv-03590-B   Document 1-11   Filed 11/05/15   Page 2 of 7   PageID 254
8:13-cv-00290-LSC-TDT   Doc # 1-3   Filed: 09/17/13   Page 2 of 7 - Page ID # 33

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RICK WELBORN                                              PLAINTIFF

VS.                                    CIVIL ACTION NO. 4:04CV191LN

ASTRAZENECA PHARMACEUTICALS, LP;
ASTRAZENECA, LP; JATINDER SINGH,
M.D. AND JOHN DOES 1-10
                                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Rick Welborn to remand pursuant to 28 U.S.C. § 1447. Defendants Astrazeneca Pharmaceitucals, LP and Astrazeneca, LP (collectively Astrazeneca) have responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that plaintiffs' motion should be denied.

Plaintiff, a Mississippi resident, filed this action in the Circuit Court of Wayne County seeking to recover damages for injuries allegedly sustained as a result of his ingestion of the prescription drug Crestor. In addition to suing the non-resident manufacturer of the drug, Astrazeneca, plaintiff also named as a defendant Jatinder Singh, the resident physician who is alleged to have prescribed him the drug. Astrazeneca removed the case based on diversity jurisdiction, contending that Dr. Singh was fraudulently joined. Plaintiff promptly moved to remand.

Case 2:14-md-02592-EEF-MBN Document 3265-3 Filed 05/17/16 Page 3 of 5
Case 3:15-cv-03590-B Document 1-11 Filed 11/05/15 Page 3 of 7 PageID 255
8:13-cv-00290-LSC-TDT Doc # 1-3 Filed: 09/17/13 Page 3 of 7 - Page ID # 34

Plaintiffs' complaint is pled in eight counts. The first seven, which are directed solely against Astrazeneca, allege claims for strict liability, negligence, breach of express warranty, breach of implied warranty, joint liability of corporate affiliates, grossly negligent and/or negligent infliction of emotional distress and outrage. The final count is for medical malpractice directed against Dr. Singh.

In the "Facts" section of his complaint, plaintiff alleges that Crestor is in a class of drugs called "statins" that are believed to lower LDL cholesterol and triglycerides by inhibiting a certain liver enzyme necessary to the production of cholesterol. He alleges that the "seller defendants" (Astrazeneca) introduced Crestor for use in the United States in 2003 and marketed it as a safe and effective statin when, in fact, it is no more effective at its recommended dose than its competitors, and that Astrazeneca knew that it was not more effective at the approved dosages than other statin drugs already on the market. Plaintiff continues, alleging,

> Given the high rate of adverse event reports associated with the ingestion of Crestor, Seller Defendants knew or should have known that a significant portion of the adverse effects experienced were causally related to Crestor use because they were directly related to the adverse events that had occurred in controlled studies.

Plaintiff then alleges that after he was placed on Crestor by Dr. Singh in February 2004, he suffered a severe adverse reaction including muscle weakness and pain, resulting in the need for

2

Case 2:14-md-02592-EEF-MBN Document 3265-3 Filed 05/17/16 Page 4 of 7
Case 3:15-cv-03590-B Document 1-11 Filed 11/05/15 Page 4 of 7 PageID 256
8:13-cv-00290-LSC-TDT Doc # 1-3 Filed: 09/17/13 Page 4 of 7 - Page ID # 35

medical treatment, permanent injury, disability, pain and suffering, and continues to suffer such injuries from his use of Crestor.

In both the "Facts" section of the complaint, and in several of his various causes of action against Astrazeneca, plaintiff alleges not only that the manufacturer/seller knew that Crestor was a dangerous drug but that in order to maximize its sales and profits at the expense of the public health and safety, it "negligently and carelessly failed to warn and/or to adequately warn the physicians and consuming public . . . of all the true risks associated with the use of Crestor;" "expressly warranted . . . by and through statements made by Seller Defendants or their authorized agents or sales representatives, orally and in written publications, package inserts and other written materials intended for physicians, medical patients and the general public, that Crestor was safe, effective, fit and proper for its intended use;" and that Astrazeneca's conduct was "attended by circumstances of intentional concealment of material facts" concerning the dangers of the drug.

As for his claim against Dr. Singh, plaintiff alleges simply that as a physician, Dr. Singh owed him "a duty to disclose and inform him of all risks and consequences of using Crestor," and that Dr. Singh breached this duty when he failed to gain plaintiff's informed consent before prescribing him this hazardous

3

Case 2:14-md-02592-EEF-MBN Document 3265-3 Filed 05/17/16 Page 5 of 7
Case 3:15-cv-03590-B Document 1-11 Filed 11/05/15 Page 5 of 7 PageID 257
8:13-cv-00290-LSC-TDT Doc # 1-3 Filed: 09/17/13 Page 5 of 7 - Page ID # 36

drug. The question presented by the present motion is whether plaintiff has a reasonable possibility of recovery against Dr. Singh based on the allegations of his complaint.[1] See Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 405 (5th Cir. 2004) (question in fraudulent joinder analysis is "whether the plaintiff truly has a reasonable possibility of recovery in state court").

The theme of plaintiff's complaint is not that statins, as a class, pose particular risks that should have been disclosed by Dr. Singh, but rather that a particular drug, Crestor, poses risks of which plaintiff should have been, but was not informed by Dr. Singh. Plaintiff, however, has nowhere alleged that Dr. Singh was aware of any material risks which were not disclosed. On the contrary, plaintiff has alleged throughout his complaint that the manufacturer/seller misrepresented to physicians (presumably including Dr. Singh) that the drug was safe and effective, despite Astrazeneca's contrary knowledge, and failed to disclose the risks of the drug to physicians, electing, instead, to intentionally conceal this information. Given that plaintiff's complaint sets forth no facts that would support recovery from Dr. Singh, the

---

[1] Although in his briefs relating to the remand motion plaintiff suggests possible factual bases for relief in addition to what appears in the complaint, this court resolves motions to remand based on what is contained in the complaint itself and not on unpled theories of recover. See Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995).
xxx.

4

Case 2:14-md-02592-EEF-MBN Document 3265-3 Filed 05/17/16 Page 6 of 7
Case 3:15-cv-03590-B Document 1-11 Filed 11/05/15 Page 6 of 7 PageID 258
8:13-cv-00290-LSC-TDT Doc # 1-3 Filed: 09/17/13 Page 6 of 7 - Page ID # 37

court fails to perceive the requisite reasonable possibiltiy of recovery against the resident defendant. See Miles v. Catchings Clinic, 601 So. 2d 47, 50 (Miss. 1992) ("The question whether [a patient] gave informed consent revolves around whether [the patient] was adequately warned concerning the side effects of the drug."); see also Omobude v. Merck & Co., Civil Action No. 3:03CV528LN (S.D. Miss. Oct. 3, 2003) (recognizing that where "conclusory and contradictory allegations of knowledge, which [are] belied by the factual allegations of the complaint, demonstrate[] that the resident defendants against whom such allegations of knowledge were made" supports conclusion of fraudulent joidner); Brown v. Bristol Myers Squibb Co., Civ. Action No. 4:02CV301LN, slip op. at 11-12 (S.D. Miss. Dec. 2, 2002) (finding resident physician fraudulently joined where claim was asserted in conclusory terms and contradicted by allegations of the pharmaceutical manufacturer's concealment or misrepresentation of information); Louis v. Wyeth-Ayerst Pharmaceuticals, Inc., Civ. Action No. 5:02CV102LN (S.D. Miss. Sept. 25, 2000) (same with respect to resident pharmacy defendant).

The court would observe that if a plaintiff alleges what could reasonably and fairly be construed to be a potentially legitimate cause of action against his physician, this court would not hesitate to reject a charge of fraudulent joinder and order

5

Case 2:14-md-02592-EEF-MBN Document 3265-3 Filed 05/17/16 Page 7 of 7
Case 3:15-cv-03590-B Document 1-11 Filed 11/05/15 Page 7 of 7 PageID 259
8:13-cv-00290-LSC-TDT Doc # 1-3 Filed: 09/17/13 Page 7 of 7 - Page ID # 38

remand. In cases such as this, however, where the plaintiff has pled his putative claim against his physician in wholly conclusory terms, unsupported by an allegations of _fact_, and where, indeed, the only _facts_ the plaintiff has alleged are entirely inconsistent with his putative theory of liability against his physician, this court cannot in good conscience find other than that there has been fraudulent joinder of the physician.

Accordingly, it is ordered that plaintiff's motion to remand is denied, and Dr. Singh is dismissed from the action.

SO ORDERED this 28th day of January, 2005.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

6