# EXHIBIT H

Case 2:14-md-02592-EEF-MBN Document 3265-8 Filed 05/17/16 Page 2 of 4
Case 3:15-cv-03590-B Document 2-16 Filed 11/05/15 Page 2 of 4 PageID 301
8:13-cv-00290-LSC-TDT Doc # 1-8 Filed: 09/17/13 Page 2 of 4 - Page ID # 80

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 1 5 2004

Michael N. Milby, Clerk of Court

23

| | | |
|---|---|---|
| THE HEIRS OF THE ESTATE OF PABLO FLORES, INDIVIDUALLY AND ON BEHALF OF THE ESTATE | § § § § § | |
| v. | § | CIVIL ACTION NO. C-03-362 |
| MERCK & CO., INC. AND RANDY FUENTES, M.D. | § § § § | |

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND DISMISSING CLAIMS AGAINST DEFENDANT FUENTES

After careful consideration, the Court DENIES plaintiffs' Motion to Remand (D.E. 9) and DISMISSES all claims against defendant Fuentes.

*Fraudulent Joinder:*

Defendant Merck removed this action alleging fraudulent joinder of defendant Fuentes. Fraudulent joinder is established by showing (1) actual fraud in pleading jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse plaintiff. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The Court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). There must be a reasonable possibility of recovery, not merely a theoretical one. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003). "Although the Fifth Circuit has not drawn a bright-line distinction between a reasonable possibility and

1

Case 2:14-md-02592-EEF-MBN Document 2265-8 Filed 11/05/15 Page 3 of 4 PageID 362
Case 3:15-cv-03590-B Document 1-16 Filed 11/05/15 Page 3 of 4 PageID 82
8:13-cv-00290-LSC-TDT Doc # 1-8 Filed: 09/17/13 Page 3 of 4 - Page ID # 81

a theoretical one, it has held that, when plaintiffs make general allegations and fail to support them with specific, underlying facts, they have not established a reasonable basis for the Court to predict that relief may be granted." *Staples v. Merck & Co., Inc.*, 270 F.Supp.2d 833, 837 (N.D. Tex. 2003) (citing *Great Plains Trust Co.*, 313 F.3d at 329).

Plaintiffs' petition alleges negligence, strict liability, fraud, misrepresentation, breach of warranty, and derivative wrongful death and survival claims. The Court finds that there is not arguably a reasonable basis for predicting that state law might impose liability upon Fuentes for any of these claims. *Great Plains Trust Co.*, 313 F.3d at 312.

Plaintiffs make conclusory, general allegations of negligence against Fuentes which they fail to support with specific, underlying facts. In plaintiffs' petition, the only allegation that directly refers to Fuentes is that "Plaintiff Decedent was prescribed Vioxx® by defendant Dr. Fuentes. Decedent presented in part with a serious history of cardiac disease, hypertension and/or other risk factors contrary to the ingestion of Vioxx®." Yet, the plaintiffs later claim that Merck "failed to adequately and timely inform the health care industry of the risks of serious personal injury and death from Vioxx® ingestion." The Court finds that there is not arguably a reasonable basis for predicting that state law might impose liability upon Fuentes for negligence when the plaintiffs' own petition states that Fuentes, as a member of the health care industry, was not made aware of the risks of the ingestion of the drug.

2

Case 2:14-md-02592-EEF-MBN Document 3265-8 Filed 05/17/16 Page 4 of 4
Case 3:15-cv-03590-B Document 1-16 Filed 11/05/15 Page 4 of 4 PageID 303
8:13-cv-00290-LSC-TDT Doc # 1-8 Filed: 09/17/13 Page 4 of 4 - Page ID # 82

Also, the strict liability claim does not form an arguably reasonable basis for the imposition of state law liability.[1] Plaintiffs further fail to provide any factual support for their fraud or misrepresentation claims as they apply to Fuentes; they rely on speculative and conclusory allegations, which are insufficient to support these claims. *See, e.g., Staples*, 270 F.Supp.2d at 844. Also, the breach of warranty claim is asserted solely against Merck and not against Fuentes. Finally, it follows that the derivative claims fail to form a basis for the imposition of state law liability upon Fuentes as well. *See Schaefer v. Gulf Coast Regional Blood Center*, 10 F.3d 327, 330 (5th Cir. 1994) (Wrongful death and survival claims "are derivative actions and condition the plaintiff's ability to recover upon the decedent's theoretical ability to have brought an action had the decedent lived.").

As such, the Court concludes that Fuentes was fraudulently joined. Therefore, the Court DENIES plaintiffs' motion to remand and DISMISSES all claims against defendant Fuentes.

ORDERED this 12 day of March, 2004.

_____
HAYDEN HEAD
CHIEF JUDGE

---

[1] On the facts, it is extremely unlikely a Texas court would find Fuentes strictly liable for the prescription. *See, e.g., Cobb v. Dallas Forth Worth Medical Center-Grand Prairie*, 48 S.W.3d 820, 826 (Tex. App. 2001). Also, a strict liability claim would be time-barred under the two-year statute of limitations of Tex. Civ. Prac. & Rem. Code 16.003(b) (Vernon 2003) because decedent died on September 9, 2000 and plaintiffs did not file their action until March 6, 2003. *See also Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 668 (Tex. 1999) ("The statute of limitations is only . . . two years on a strict liability claim.") The agreed tolling stipulations do not affect this time bar as the stipulations between plaintiffs and Fuentes only refer to the 4590i claims and they cannot be interpreted as applying to any strict liability claims. D.E. 20, Ex. A.

3