# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 14- MDL- 2592 |
| | SECTION L-5 |
| | JUDGE ELDON E. FALLON |
| | MAG. JUDGE NORTH |

*****************************************

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| ROBERT MURPHY, Individually and as Legal Representative of the ESTATE OF KATHLEEN MURPHY, deceased; SCOTT MURPHY; CHRISTINE MURPHY; and BRIAN MURPHY, <br><br> *Plaintiffs*, <br> v. <br><br> JEROME M. KANE, MD; RELIANT REHABILITATION HOSPITAL MID-CITIES in its Assumed or Common Name; RELIANT REHABILITATION HOSPITAL MID-CITIES, L.P. d/b/a RELIANT REHABILITATION HOSPITAL MID-CITIES; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA, INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; JANSSEN RESEARCH AND DEVELOPMENT, LLC. f/k/a JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT, LLC; JANSSEN ORTHO, LLC; BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER PHARMA AG; BAYER CORPORATION; BAYER HEALTHCARE LLC; BAYER HEALTHCARE AG and BAYER AG, <br><br> *Defendants*. | CIVIL ACTION NO.: <br> 2:16-cv-01066-EEF-MBN |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION FOR REMAND**

COME NOW, Plaintiffs Robert Murphy, Individually and as Legal Representative of the Estate of Kathleen Murphy (Deceased), Scott Murphy, Christine Murphy and Brian Murphy, (hereinafter referred to as "Plaintiffs") and file this Reply Brief In Support of Their Motion for Remand, and would respectfully show the Court as follows:

### I. THE FEDERAL COURT LACKS SUBJECT MATTER JURISDICTION

1.1     This Court has no jurisdiction over the Plaintiffs' cause of action as there is no diversity and a federal question has not been raised by the pleadings. If "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed strictly against removal and for remand because "removal jurisdiction raises significant federalism concerns." *Willy v. Costal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988), *see also, Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc*., 200 F.3d 335, 339 (5th Cir. 2000).

1.2     The only way that this Court can assert jurisdiction in this case is if it creates diversity either by finding the Texas Healthcare Providers have been fraudulently or improperly joined or by severing the claims against the Texas Healthcare Providers from the claims brought against Removing Defendants. A finding of fraudulent or improper joinder requires that the Removing Defendants prove there is no possibility that Plaintiffs may recover against Dr. Kane or Reliant Hospital under applicable state law. *Smallwood v. Illinois Central R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*); *see also, Glidewell v. Safeco Ins. Co.*, No. 3:13-CV-1099-G, 2015 U.S. Dist. LEXIS 106795, at *4-6 (N.D. Tex. August 13, 2015), *Hutchens v. Smith & Nephews, Inc.*,

No. 3-13-CV-4979, 2014 U.S. Dist. LEXIS 116839 at *7-8 (N.D. Tex. August 22, 2014), *Arana v. Allstate Texas Lloyds*, 2013 U.S. Dist. LEXIS 70033 at *4-5 (N.D. Tex. May 17, 2013).

1.3    In this case, the Plaintiffs are alleging that Ms. Murphy died from an intracranial hemorrhage caused by Dr. Kane's order to give her a blood thinner when she was recovering from brain surgery and the staff at Reliant Hospital's administration of the blood thinner. Plaintiffs' petition clearly states that the prescribing and administering of a blood thinner to a patient recovering from brain surgery falls below the standard of care. *See* App. at pp. 11 -15. It is the actions of Dr. Kane and Reliant Rehabilitation Hospital Mid-Cities in prescribing and administering a blood thinner to Ms. Murphy while she was recovering from brain surgery that places liability on these Texas Healthcare Providers. *See* App. at pp. 66-69. These facts alone would justify a finding of liability against the Texas Healthcare Providers, whether the drug given was Xarelto or some other blood thinner in a different class like Coumadin. The fact the particular blood thinner prescribed was Xarelto only exacerbated the adverse effect of their negligent acts as that particular product has additional risks and dangers not presented by other blood thinners including its unique risk of an absence of an antidote.

1.4    In order to even make an argument that the Texas Healthcare Providers are not properly joined in this action, the Removing Defendants must rewrite the Plaintiffs' Petition. Under the Removing Defendants' version of the Plaintiffs' allegations, the Texas Healthcare Providers' only source of liability arises from what they knew or should have known about the dangers of the Xarelto brand medication, which is patently false. *See* Pharmaceutical Defendants' Response in Opposition to the Plaintiffs' Motion for Remand at pp. 8-9 ("Plaintiffs' claims against the in-state physicians have no 'reasonable possibility' of success because they allege that the Pharmaceutical Defendants misrepresented and concealed the very risks that the

3

Plaintiffs contend Ms. Murphy's physicians ignored. . ."). The Removing Defendants must rewrite the Plaintiffs' state court petition in this manner as it is the only way to make it fit into the narrow line of cases they have cited that have found in favor of a fraudulent joinder argument. None of the cases cited or attached to the Removal Defendants' Response address a case where the Plaintiffs allege the healthcare defendants violated a standard of care not related to their knowledge of the specific risks and dangers presented by the defective product – in other words this case.

1.5     The flaw in the manufacturer's argument is that the Texas Healthcare Providers' liability in this case is not alleged to be solely based on the Texas Healthcare Providers' knowledge of the risks and dangers of Xarelto. Dr. Kane's and Reliant Hospital's liability is based on their failure to meet the standard of care by prescribing a blood thinner, any blood thinner, to a patient recovering from brain surgery. These allegations are not negated by Plaintiffs' contentions that the Removing Defendants designed, manufactured, marketed and sold a defective product which increased the potential for Ms. Murphy to suffer a cerebral hemorrhage *and for which no reversal agent was available*.

1.6     The state court petition filed by the Plaintiffs clearly sets forth a viable medical malpractice claim against Dr. Kane and Reliant Hospital which meets the requirements of the state's "fair notice" pleading standard. The Plaintiffs' malpractice claim is not solely based upon the Texas Healthcare Providers' failure to disclose the risks and dangers of Xarelto to Ms. Murphy, but is based upon their violation of a basic standard of care - that a healthcare provider does not prescribe or give a blood thinner to a patient recovering from brain surgery. Having demonstrated that there is much more than just a possibility that the Plaintiffs may recover

against Dr. Kane or Reliant Hospital under applicable state law, there can be no finding of fraudulent or improper joinder. *See Smallwood,* 385 F.3d at 573.

1.7 As there is no fraudulent or improper joinder, there is no diversity of citizenship and thus no federal jurisdiction. If "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## II. SEVERANCE OF THE NON-DIVERSE DEFENDANTS IS NOT A PROPER BASIS FOR ASSERTING FEDERAL JURISDICTION AND WOULD BE HIGHLY PREJUDICIAL TO THE PLAINTIFFS.

2.1 The Supreme Court has cautioned that the court's severance power under Rule 21 "should be exercised sparingly." *Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826, 837 (1989) [the court "should carefully consider whether the dismissal of a nondiverse will prejudice any of the parties in the litigation."]. It is particularly important to exercise caution in the context of a case that involves removal of a lawsuit that was properly brought in state court and the severance of the non-diverse defendants is the only way to create federal jurisdiction. Plaintiffs' Brief in Support of their Motion to Remand has outlined the reasons why Removing Defendants' argument concerning severance is faulty. Plaintiffs will not restate those arguments in this Reply, however the Plaintiffs will now address Removing Defendants' assertions that the Texas Healthcare Providers are not "necessary" parties and severance would not be hardship on the Plaintiffs.

2.2 In this case, the Texas Healthcare Providers are necessary parties and the Plaintiffs would face great prejudice if the claims are severed. As pointed out by the Removing Defendants, a party is necessary if "complete relief cannot be given to existing parties in his absence" or "his absence would expose existing parties to substantial risk of double or inconsistent obligations."

*See* Pharmaceutical Defendants' Response in Opposition to the Plaintiffs' Motion for Remand at p. 11, *citing*, Fed. R. Civ. P 19(a).

2.3 Under Section 33.004(a) of the Texas Civil Practices and Remedies Code, Texas "Responsible Third Party" Law, "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. 'Responsible third party' means any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." Tex. Civ. Prac. & Rem Code § 33.011(6). Under Texas law, the trier of fact must assess a percentage of liability against each defendant and all responsible third parties and a defendant is only liable for the percentage of damages assessed against him by the trier of fact. *See* Tex. Civ. Prac. & Rem. Code §§ 33.003(a) & 33.013(a).

2.4 If the Court were to sever the Plaintiffs' cause of action against the Texas Healthcare Providers from the claims against the Removing Defendants, then under Texas Responsible Third Party statutes, the Healthcare Providers could name the Removing Defendants as responsible third parties and submit them in the jury charge for a determination of their percentage of responsibility in the state court action. The Removing Defendants could submit the Texas Healthcare Providers' percentage of fault to the jury in the federal court trial. The Plaintiffs would not be able to collect any damages from the Removing Defendants in the state court action regardless of the percentage of fault assessed and the same would be true as to the Texas Healthcare Providers in the federal trial. As a result, the Plaintiffs would face a very real possibility of receiving inconsistent verdicts in the two cases and could easily be denied

complete relief (after trying two cases, each with an "empty chair defendant"). There are numerous ways a severance could deny complete relief to the Plaintiffs in this case once the folly of severance were to occur exposing existing parties to substantial risk of inconsistent obligations.

2.5     The Texas State Court is the only forum that would permit the Plaintiffs to assert jurisdiction over all the defendants who are potentially liable for the Plaintiffs' damages. Clearly, severance for the purpose of creating diversity jurisdiction to preserve the convenience of the MDL process for the Removing Defendants is not justified. *See Saviour v. Stravropoulos*, No. 15-5362, 2015 U.S. Dist. LEXIS 150793 (E.D. Pa., November 5, 2015), *Slater v. Hoffman-La Roche Inc.*, 771 F. Supp. 2d 524, 530 (E.D. Pa. 2011) (DuBois, J.); *see also* Reuter v. Medtronic, Inc., No. 10-3019 (WJM), 2010 U.S. Dist. LEXIS 150793 (D. N.J., November 5, 2010) at *16 -*18 ("To the extent each defendant tries to shift liability, the design and manufacture of the product and Dr. Sarkara's conduct will be central issues. Severing the claims would result in the duplication of evidence, increase the cost of litigation and carries with it the potential for inconsistent verdicts.").

2.6     The Removing Defendants should not be rewarded for removing a case that was properly filed in the state court when there was no legal ground to do so. This Court should not create diversity where none existed for the purpose of imposing federal jurisdiction in the MDL in contravention of the Plaintiffs' chosen forum, the Texas State Court. By severing the non-diverse parties or "deferring" a ruling on the motion to remand, this Court would be extending federal jurisdiction beyond the limits imposed by 28 U.S.C. § 1332 and would be acting in contravention of Rule 82 of the Federal Rules of Civil Procedure. The Plaintiffs' Motion for

Remand should be granted and the Removing Defendants' request to have the claims against the non-diverse defendants "severed or dropped" should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court remand this case to the 68th District Court of Dallas County, Texas.

Respectfully submitted,

**LAW OFFICES OF BEN C. MARTIN**

*/s/ Thomas Wm. Arbon*
Ben C. Martin
State Bar No. 13052400
Thomas Wm. Arbon
State Bar No. 01284275
3219 McKinney Avenue, Suite 100
Dallas, Texas 75204
(214) 761-6614
(214) 744-7590 (facsimile)
bmartin@bencmartin.com
tarbon@bencmartin.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2016, a copy of the *Plaintiffs' Reply Brief in Support of Their Motion for Remand* was served electronically as an attachment to *Plaintiffs' Motion for Leave to File a Reply Brief* and notice of the service of this document will be sent to all parties by operation of the Court's electronic filing system to CM/ECF participants registered to receive service in this matter.

*/s/ Thomas Wm. Arbon*
Thomas Wm. Arbon