UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO | * | |
| ALL CASES | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

### JANSSEN DEFENDANTS' MOTION TO ENFORCE PRETRIAL ORDER NO. 12 AND FOR ENTRY OF A PROTECTIVE ORDER

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho, LLC ("Janssen Defendants") hereby submit this Motion to Enforce stipulated Pre-Trial Order No. 12 ("PTO 12") and For Entry of a Protective Order in response to the Plaintiffs' Steering Committee's ("PSC") challenge to the confidentiality designations of 157 documents[1] produced by the Janssen Defendants under PTO 12 as a "Protected Document." The PSC already has access to all of these documents to prepare their case for trial, yet they insist on disseminating this cherry-picked discovery material to try this case in the media. This motion follows the PSC's first set of challenges, in their Motion to De-Designate filed on February 22, 2016, to disclose numerous other documents to the U.S. Food and Drug Administration ("FDA") and to widely disseminate protected discovery materials in yet another attempt to garner media attention before a jury is selected and trial has commenced in this proceeding.

Under *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984), there is no First Amendment right to disseminate discovery materials outside of the terms of a protective order entered pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c). All of the challenged documents at issue fall under the definition of "Protected Document" as set forth in PTO 12 and

---

[1] The challenged documents are being submitted to the court under seal for in camera review.

00353471

should remain protected as confidential and commercially sensitive business information pursuant to FRCP 26(c) because there is "good cause" to continue the protections. The documents at issue fall within Rule 26(e) and constitute trade secrets and confidential information that should remain protected. For these and the reasons set forth more fully in the accompanying memorandum, Janssen Defendants' Motion to enforce PTO 12 and continued protection of these documents should be granted.

      WHEREFORE, Janssen Defendants respectfully pray that this Court grant its Motion to Enforce Pretrial Order No. 12 and for Entry of a Protective Order.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
  Susan M. Sharko
  DRINKER BIDDLE & REATH LLP
  600 Campus Drive
  Florham Park, NJ 07932-1047
  Telephone: (973) 549-7000
  Facsimile:  (973) 360-9831
  susan.sharko@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
  James B. Irwin
  Kim E. Moore
  IRWIN FRITCHIE URQUHART
  & MOORE LLC
  400 Poydras Street
  Suite 2700
  New Orleans, LA 70130
  Telephone: (504) 310-2100
  Facsimile:  (504) 310-2120
  jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on May 20, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                            */s/ James B. Irwin*
                                            **James B. Irwin**