UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) | MDL No. 2592 |
| ) | |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | SECTION L |
| ) | |
| ) | JUDGE ELDON E. FALLON |
| ) | |
| _____) | MAGISTRATE JUDGE NORTH |

**This Document Relates to:**

*Bernadette Murillo v. Janssen Research & Development, LLC, et al.*, 2:15-cv-02403
*Albert Wainscott v. Janssen Research & Development, LLC, et al.*, 2:15-cv-02405
*Michael E. Jordan*, *v. Janssen Research & Development, LLC, et al.*, 2:15-cv-02409

<u>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER
HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG**</u>

The Plaintiffs in the above-referenced Complaints hereby submit this Memorandum in Support of their Motion for an Order from this Honorable Court granting them thirty (30) days within which to serve process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG (sometimes hereinafter referred to as the Bayer Defendants), through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

## I. BACKGROUND

On May 14, 2015, Plaintiffs filed a Joint Complaint against Defendants and were assigned Case No. 2:15-cv-01640, *Roland Hayes, et al., v. Janssen Research & Development, LLC, et al.*[1] On May 15, 2015, pursuant to PTO No. 11, the Joint Complaint was severed into separate individual cases.

---

[1] The originally filed bundled Complaint contained Plaintiffs Roland Hayes and Beatrice Mabry. On October 2, 2015 this Court entered its Order granting Plaintiffs' counsels' Motion to Withdraw from their representation of Plaintiff Roland Hayes. The Court entered its Order granting Plaintiffs' counsels' Motion to Withdraw from their representation of Plaintiff Beatrice Mabry on August 6, 2015.

Thereafter, on June 30, 2015, Plaintiff Bernadette Murillo filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-02403. On June 30, 2015, Plaintiff Albert Wainscott filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-02405. On June 30, 2015, Plaintiff Michael E. Jordan filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-02409.

Plaintiffs timely served the initial Joint Complaint and subsequent short form complaints on Defendants Janssen Ortho, LLC, Janssen Pharmaceuticals, Inc., and Janssen Research & Development LLC. Additionally, since the filing of the initial Joint Complaint, and within the parameters set forth by this Court, the Plaintiffs timely filed and served their Plaintiff Fact Sheets on all of the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO No. 13.[2] During this initial time period, while the Bayer Defendants were being made fully aware of the facts and circumstances surrounding the claims asserted by Plaintiffs, and in some instances filed their own Fact Sheets,[3] the undersigned counsel inadvertently failed to issue formal service of process of the initial Joint Complaint and later individual short form Complaints on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG within the required sixty (60) day period pursuant to PTO No. 10.

On May 16, 2016, Plaintiffs discovered that they had not properly served Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG within the requisite time period. Plaintiff Albert Wainscott[4] filed a Motion for Extension of Time to effect service on Defendants

---

[2] Plaintiff Albert Wainscott filed his Fifth Amended PFS on September 24, 2015; Bernadette Murillo filed her Second Amended PFS on September 10, 2015; and Michael Jordan filed his First Amended PFS on September 9, 2015.
[3] Defendant Bayer filed its Fact Sheets with respect to Plaintiffs Murillo and Jordan on November 17, 2015.
[4] Plaintiffs Murillo and Jordan received Defendant Fact Sheets from Defendant Bayer and as such did not file a Motion for Extension of Time on May 17, 2016.

on May 17, 2016. The clerk immediately issued deficiencies and gave Plaintiffs until May 24, 2016 to correct their Motions.

## II.     LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id*. Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Situations where a discretionary extension may be granted include "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA General Insurance Co.*, 546 F.3d 321, 325 (5th Cir. 2008)(internal quotation marks omitted). Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. at 666.[5]

In *Zermeno*, *supra,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants'

---

[5] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id*. at 667. The court noted that "if defendants act so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id*.

Similarly, in *Millan*, *supra*, the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id*. However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id*. at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id*.

Here, Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG had notice of the claims against them despite the fact that Plaintiffs inadvertently failed to serve their complaints within 60 days. Plaintiffs moved along with their cases, most notably through the timely filing and service of their Plaintiff Fact Sheets. Not only did Plaintiffs timely file their Plaintiff Fact Sheets, Defendants did so as well as to two of the three remaining Plaintiffs. Nonetheless, Defendants have not raised the fact that they were not served within the 60 days required by PTO No. 10. As soon as Plaintiffs realized the Complaints had not been served they

requested and are requesting additional time. This Motion was not precipitated by any Motion of the Defendant.[6]

Setting aside Defendants familiarity with Plaintiffs' particular claims through their individual PFS's, Defendants are aware of the general facts, circumstances and theories of recovery underlying Plaintiffs' Complaints having been served with countless identical complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiffs, no actual prejudice has or will occur to Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG by the Court granting the discretionary relief sought herein.

Additionally, Plaintiffs point out that the dismissal of these cases could subject them to a statute of limitations defense in the future. Although Plaintiffs believe they would be able to overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiffs.

In light of the foregoing, Plaintiffs now respectfully request that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

### III.   CONCLUSION

In light of the foregoing, Plaintiffs respectfully request an Order from this Court granting them thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG. Plaintiffs have shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

---

[6] On May 18, 2016, the day after filing their original Motion for Extension of Time, Plaintiffs' counsel contacted Defendants' counsel to apprise them of the situation, at which time Defendants' counsel indicated that they would object to Plaintiffs' Motion.

Dated: May 24, 2016							Respectfully submitted,

									Goldblatt and Singer

									/s/ William K. Holland
									William K. Holland
									8182 Maryland Ave.
									Suite 801
									St. Louis, MO 63105
									(314) 231-4100
									Email: wholland@stlinjurylaw.com

									*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

									/s/ William K. Holland
									William K. Holland