UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | ) | MDL No. 2592 |
| | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION L |
| | ) | |
| | ) | JUDGE ELDON E. FALLON |
| | ) | |
| | ) | MAGISTRATE JUDGE NORTH |

**This Document Relates to:**

*Carol Hansen v. Janssen Research & Development, LLC, et al.*, 2:16-cv-01312

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG AND JOHNSON AND JOHNSON COMPANY

The Plaintiff in the above-referenced Complaint hereby submits this Memorandum in Support of her Motion for an Order from this Honorable Court granting her thirty (30) days within which to serve process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG (sometimes hereinafter referred to as the Bayer Defendants) and Johnson and Johnson Company through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

### I.     BACKGROUND

On February 16, 2016, Plaintiff filed a Complaint against Defendants and was assigned Case No. 2:16-cv-01312, *Carol Hansen v. Janssen Research & Development, LLC, et al*.

Plaintiff timely served the Complaint on Defendants Janssen Ortho, LLC, Janssen Pharmaceuticals, Inc., and Janssen Research & Development LLC. Additionally, since the filing of the Complaint, and within the parameters set forth by this Court, Plaintiff timely filed and served her Plaintiff Fact Sheet on all of the Defendants through Brown Greer's MDL Centrality,

pursuant to applicable PTO No. 13.[1] During this initial time period, while The Bayer Defendants and Johnson and Johnson Company were being made fully aware of the facts and circumstances surrounding the claims asserted by Plaintiff, the undersigned counsel inadvertently failed to issue formal service of process of the Complaint on Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG and Johnson and Johnson Company within the required sixty (60) day period pursuant to PTO No. 10.

On May 16, 2016, Plaintiff discovered that she had not properly served Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG and Johnson and Johnson Company within the requisite time period. Plaintiff filed a Motion for Extension of Time to effect service on Defendants on May 17, 2016. The clerk immediately issued a deficiency notice and gave Plaintiff until May 24, 2016 to correct her Motion.

## II.     LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id*. Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Situations where a discretionary extension may be granted include "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA*

---

[1] Plaintiff filed her Plaintiff Fact Sheet on April 7, 2016.

*General Insurance Co.*, 546 F.3d 321, 325 (5th Cir. 2008)(internal quotation marks omitted). Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. at 666.[2]

In *Zermeno*, *supra,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id*. at 667. The court noted that "if defendants act so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id*.

Similarly, in *Millan*, *supra*, the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id*. However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id*. at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id*.

---

[2] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

Here, Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG and Johnson and Johnson Company had notice of the claims against them despite the fact that Plaintiff inadvertently failed to serve her complaint within 60 days. Plaintiff moved along with her case, most notably through the timely filing and service of her Plaintiff Fact Sheet. Nonetheless, Defendants have not raised the fact that they were not served within the 60 days required by PTO No. 10. As soon as Plaintiff realized the Complaint had not been served she requested and is requesting additional time. This Motion was not precipitated by any Motion of the Defendant.[3]

Setting aside Defendants familiarity with Plaintiff's particular claims through her PFS, Defendants are aware of the general facts, circumstances and theories of recovery underlying Plaintiff's Complaint having been served with countless identical complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiff, no actual prejudice has or will occur to Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG and Johnson and Johnson Company by the Court granting the discretionary relief sought herein.

Additionally, Plaintiff points out that the dismissal of these cases could subject her to a statute of limitations defense in the future. Although Plaintiff believes she would be able to overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiff.

In light of the foregoing, Plaintiff now respectfully requests that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

---

[3] On May 18, 2016, the day after filing their original Motion for Extension of Time, Plaintiff's counsel contacted Defendants' counsel to apprise them of the situation, at which time Defendants' counsel indicated that they would object to Plaintiff's Motion.

### III.  CONCLUSION

In light of the foregoing, Plaintiff respectfully requests an Order from this Court granting her thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG and Johnson and Johnson Company. Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

Dated: May 24, 2016

Respectfully submitted,

Goldblatt and Singer

/s/ William K. Holland
William K. Holland
8182 Maryland Ave.
Suite 801
St. Louis, MO 63105
(314) 231-4100
Email: wholland@stlinjurylaw.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ William K. Holland
William K. Holland