UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
CASE NO: 2:14-MD-02592-EEF-MBN

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

MDL NO. 2592

SECTION: L
JUDGE: ELDON E. FALLON
MAG. JUDGE MICHAEL NORTH

**THIS DOCUMENT RELATES TO:
CIVIL ACTION NO:  2:15-CV-05497**

KENNETH D. CUNNINGHAM

      Plaintiff,

v.

JANSSEN RESEARCH & DEVELOPMENT LLC
f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL
RESEARCH AND DEVELOPMENT LLC,
JANSSEN ORTHO LLC,
JANSSEN PHARMACEUTICALS, INC.
f/k/a JANSSEN PHARMACEUTICA INC.
f/k/a ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC.,
JOHNSON & JOHNSON,
BAYER HEALTHCARE PHARMACEUTICALS, INC.,
BAYER PHARMA AG,
BAYER CORPORATION,
BAYER HEALTHCARE LLC,
BAYER HEALTHCARE AG, and
BAYER AG

      Defendants.

**PLAINTIFF, KENNETH D. CUNNINGHAM'S,
MEMORANDUM IN SUPPORT OF HIS
FIRST MOTION FOR EXTENSION OF TIME TO SATISFY
<u>PLAINTIFF FACT SHEET DEFICIENCIES</u>**

CUNNINGHAM'S MEMORANDUM - 1

Out of an abundance of caution, Plaintiff Kenneth Cunningham seeks an additional sixty days to obtain the remainder of his medical records to demonstrate his injuries resulting from his use of Xarelto. Currently, Plaintiff has already requested, but is waiting for the receipt of the medical records from Knox Community Hospital, OSU Hospital, Dr. Cush, and Dr. Fuller. Plaintiff also seeks additional time to request the records of any specialist identified in such records in the event that Mr. Cunningham was referred to and treated with such specialists outside a hospital setting.

Plaintiff, Kenneth Cunningham filed suit on October 9, 2015. On December 8, 2015, Plaintiff Kenneth Cunningham timely served his Plaintiff Fact Sheet, and has proven his use of Xarelto. Plaintiff has also timely responded to any deficiency notices sent by the Defendants. The case was not selected as a bellwether case and is not set for trial.

On May 9, 2016, Defendants sent a deficiency notice that the Plaintiff's medical records failed to demonstrate an alleged injury. Plaintiff disagrees. Plaintiff has produced the medical records confirming he went to the emergency room at Mt. Carmel, at which time he was prescribed Xarelto and experienced an adverse reaction such as "hypercoagulability" (Exhibit 1. Pg. 102)[1] and "ineffective anticoagulation" (Exhibit 1. Pg. 119). The records also state that "the potential adverse reaction to Xarelto is concerning," (Exhibit 1. Pg. 105) and that Mr. Cunningham is "prothrombic on xarelto" (Exhibit 1. Pg. 130). Mr. Cunningham obtained his records directly from Mt. Carmel and those documents were produced on January 27, 2016. See

---

[1] The page number is the reference to the bates-page number stated on the bottom right hand corner of the document. For example, bates-page "Cunningham-Xarelto 130" will be identified as pg. 130.

CUNNINGHAM'S MEMORANDUM - 2

the Cover Letter attached as Exhibit 2.   Counsel for Mr. Cunningham requested the entirety of the records from Mr. Carmel and those records were produced on March 3, 2016.

Since receiving the notice of deficiency, Plaintiff has also produced the medical records of Dr. Jesse Frank, D.O., that states that Mr. Cunningham had a severe reaction to taking Xarelto and developed "bleeding problems." See Exhibit 3, Pg. 657. Plaintiff has also produced the medical records from Ohio MedCentral that stated, "Xarelto, causing 'turns blood to mud.'"  See Exhibit 4, Pg. 906.  Plaintiff has also produced any other medical records that he has received as of current date including the records from Coshocton Community Hospital, and Dr. Denton.

Plaintiff takes the position the medial records produced as of current date fulfills Mr. Cunningham's obligation to demonstrate his injury resulting from Xarelto.  However, out of an abundance of caution, Plaintiff seeks additional time to provide the remainder of his medical records to supplement the evidence of his injuries resulting from Xarelto.  Specifically, Plaintiff has requested, but is waiting to receive the records from Knox Community Hospital and the Ohio State University Hospital.  These are the hospitals where Mr. Cunningham treated following his release from Mt. Carmel, where he had an adverse reaction to Xarelto.

Plaintiff requested the records from these providers on May 9, 2016, but the facilities have not provided the records as of current date.  More importantly, Plaintiff has retained a third party to retrieve these records and their progress can be tracked electronically.  Exhibits 5 and 6 shows that the third party has been actively seeking the medical records, has been following up with the medical providers, and has been calling the providers to get updates.  Furthermore, Knox Community Hospital required their own HIPAA, which resulted in a short delay since it was necessary to send the HIPAA to Mr. Cunningham and then had to be returned to Counsel.  However, Plaintiff promptly provided the HIPAA and now the request can be completed.

CUNNINGHAM'S MEMORANDUM - 3

Plaintiff expects to receive the records from Knox and OSU within the next couple of weeks. The records from these facilities are important to this case since these are the facilities that Mr. Cunningham visited following his adverse reaction to Xarelto.

In addition, it is possible that these medical records may prove that Mr. Cunningham treated with additional specialists in connection with his bleeding injuries. For example, on May 24, 2016, Plaintiff recently obtained the medical records from Dr. Frank and discovered that Dr. Frank recommended that Mr. Cunningham treat with Dr. Fuller in relation to his internal bleeding. Exhibit 3, P. 717-8. As a result, Plaintiff requested the records from Dr. Fuller upon this discovery. To the extent that the additional records from Knox or OSU identify any other doctors, Plaintiff seeks additional time to obtain those records. Therefore, Plaintiff seeks an additional sixty days to supplement the Plaintiff Fact Sheet and document production.

Plaintiff has contacted Defendant's Liason Counsel directly regarding an extension to obtain the medical records. At first, Kelly Brilleaux refused to provide an extension without providing a basis. Exhibit 7. Plaintiff then contacted James Irwin directly, sought an extension and also requested a meet and confer. Exhibit 8. Plaintiff also copied Plaintiff's Liason Counsel on the communication. *Id*. As of current date, Mr. Irwin has not responded to the extension or provided a date to meet and confer. As a result, it was necessary to file this motion. Plaintiff initially requested a thirty day extension. Since that date, Plaintiff's counsel has learned that Plaintiff may have treated with other specialists that were not previously identified by the Plaintiff and therefore it is necessary to request a sixty day extension to supplement the Plaintiff Fact Sheet with additional medical records.

## **CONCLUSION**

For all of these reasons, Plaintiff seeks an additional sixty days to supplement the Plaintiff Fact Sheet and document production.  The request is not sought for delay, but so that justice may be done.  The new deadline will be July 29, 2016.

Date:  May 27, 2016

                                    Respectfully submitted,

                                    The Hayes Law Firm, P.C.

                                    */s/ Debra B. Hayes*
                                    Debra B. Hayes
                                    TX Bar No. 05656790
                                700 Rockmead, Suite 210
                                Kingwood, TX  77339
                                Telephone: (281) 815-4986
                                Fax: (832) 575-4759
                                jleal@dhayeslaw.com
                                dhayes@dhayeslaw.com
                                **ATTORNEYS FOR KENNETH CUNNINGHAM**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Defendants' Liason Counsel and they are opposed to the extension.

                                    */s/ Joshua R. Leal*
                                    Joshua R. Leal

## CERTIFICATE OF SERVICE

I certify that on May 27, 2016, I electronically filed a copy of the above and foregoing with the Clerk of the Court using the ECF system, and will be served upon counsel of record through MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592.

                                    */s/ Joshua R. Leal*
                                    Joshua R. Leal