## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | ) | MDL No. 2592 |
| | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION L |
| | ) | |
| | ) | JUDGE ELDON E. FALLON |
| | ) | |
| | ) | MAGISTRATE JUDGE NORTH |

**This Document Relates to:**

*Estate of William Gravley v. Janssen Research & Development, LLC et al, 2:15-cv-03297*
*Louise Holbrook v. Janssen Research & development, LLC et al, 2:15-cv-03847*
*Tamara Hodgman v. Janssen Research & Development, LLC et al, 2:15-cv-03849*
*Mary Moss v. Janssen Research & Development, LLC et al, 2:15-cv-03851*
*Georgia Schreiner v. Janssen Research & Development, LLC et al, 2:15-cv-03853*
*Annie Seward v. Janssen Research & Development, LLC et al, 2:15-03855*

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
## FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER
## HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG

The Plaintiffs in the above-referenced Complaints hereby submit this Memorandum in Support of their Motion for an Order from this Honorable Court granting them thirty (30) days within which to serve process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG (sometimes hereinafter referred to as the Bayer Defendants), through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

## I.      BACKGROUND

On August 5, 2015, Plaintiffs filed a Joint Complaint against Defendants and were assigned Case No. 2:15-cv-03297, *Estate of William Gravley et al., v. Janssen Research & Development, LLC, et al*. On August 10, 2015, pursuant to PTO No. 11, the Joint Complaint was severed into separate individual cases.[1]

Thereafter, on August 27, 2015, Plaintiff Tamara Hodgman filed a separate, short form

---

[1] The Court's August 10, 2015 Order [Doc. 5] was filed on August 13, 2015.

Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-03849. On August 27, 2015, Plaintiff Louise Holbrook filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-03847. On August 27, 2015, Plaintiff Mary Moss filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-03581. On August 27, 2015, Plaintiff Georgia Schreiner filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-03853. On August 27, 2015, Plaintiff Annie Seward filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-03855.

Plaintiffs timely served the initial Joint Complaint and subsequent short form complaints on Defendants Janssen Ortho, LLC, Janssen Pharmaceuticals, Inc., and Janssen Research & Development LLC. Additionally, since the filing of the initial Joint Complaint, and within the parameters set forth by this Court, the Plaintiffs timely filed and served their Plaintiff Fact Sheets on all of the Defendants through Brown Greer's MDL Centrality, pursuant to PTO No. 13.[2] During this initial time period, while the Bayer Defendants were being made fully aware of the facts and circumstances surrounding the claims asserted by Plaintiffs, and in five (5) of the six (6) cases at issue in this Motion filed their own Defendant Fact Sheets[3], the undersigned counsel inadvertently failed to issue formal service of process of the initial Joint Complaint and later individual short form Complaints on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG within the required sixty (60) day period pursuant to PTO No. 10.  Plaintiffs did attempt to perfect streamlined service on said Defendants, but said attempt was made more than 60 days after the docketing of their complaints.

Plaintiffs discovered that Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer

---

[2] Plaintiff Estate of William Gravley filed his PFS on October 2, 2015; Plaintiff Louise Holbrook  filed her PFS on October 1, 2015, Mary Moss filed her PFS on October 2, 2015, Georgia Schreiner filed her PFS on October 2, 2015; and Annie Seward filed her PFS on October 2, 2015.

[3] Defendant Bayer filed its Fact Sheets with respect to Plaintiffs Estate of William Gravley on February 8, 2016, Louise Holbrook on November 30, 2015, Mary Moss on December 1, 2015, Georgia Schreiner on December 1, 2015; and Annie Seward on December 1, 2015.

Pharma AG had not accepted Plaintiffs' first attempt at service of process through a Letter from Defendants' Attorney, Lindy Brown of Bradley Arant Boult Cummings LLP, dated April 29, 2016. Plaintiffs then made a second attempt at service of Process on Bayer Healthcare Pharmaceuticals, Inc., this time pursuant to FRCP 4, at their registered agent in Georgia on May 17, 2016. Plaintiffs received another letter from Lindy Brown dated May 20, 2016, in which she asserted that such service was improper.

## II.   <u>LAW AND ANALYSIS</u>

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id*. Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Situations where a discretionary extension may be granted include "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA General Insurance Co.*, 546 F.3d 321, 325 (5th Cir. 2008)(internal quotation marks omitted). Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely

prejudiced if his complaint were dismissed." *Id*. at 666.[4]

In *Zermeno*, *supra,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id*. at 667. The court noted that "if defendants acts so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id*.

Similarly, in *Millan*, *supra*, the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id*. However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id*. at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id*.

Here, Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG had notice of the claims against them despite the fact that Plaintiffs inadvertently failed to serve their complaints within 60 days. Plaintiffs moved along with their cases, most notably through the timely filing and service of their Plaintiff Fact Sheets. Not only did Plaintiffs timely file their Plaintiff Fact Sheets, Defendants also filed Defendant Fact Sheets for five (5) of the six (6) Plaintiffs at issue in this Motion.  At no time prior to receipt of Plaintiffs' first and second attempts at service did Defendants assert or otherwise notify Plaintiffs that they were not served within the 60 days required by PTO No. 10.  As soon as Plaintiffs realized the Complaints had not been

---

[4] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

timely served, they attempted service pursuant to PTO 10, and then also attempted service pursuant to FRCP 4.  The present Motion was not precipitated by any Motion of the Defendants.

Setting aside Defendants' familiarity with Plaintiffs' particular claims through their individual PFS's, Defendants are aware of the general facts, circumstances and theories of recovery underlying Plaintiffs' Complaints having been served with countless identical complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiffs, no actual prejudice has or will occur to Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG by the Court granting the discretionary relief sought herein.

Additionally, Plaintiffs point out that the dismissal of these cases could subject them to a statute of limitations defense in the future. Although Plaintiffs believe they would be able to overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiffs.

In light of the foregoing, Plaintiffs respectfully request that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

### III.   <u>CONCLUSION</u>

For the reasons stated above, Plaintiffs respectfully request an Order from this Court granting them thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG. Plaintiffs have shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

Dated: May 27, 2016                    Respectfully submitted,

                                       /s/ C. Andrew Childers
                                        C. Andrew Childers
                                        Georgia Bar No. 124398
                                        **CHILDERS, SCHLUETER & SMITH, LLC**
                                        1932 North Druid Hills Road, NE
                                        Suite 100
                                        Atlanta, Georgia 30319
                                        (404) 419-9500 – telephone
                                        (404) 419-9501 – facsimile
                                        achilders@cssfirm.com
                                        *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 27, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

<u>/s/ C. Andrew Childers</u>
C. Andrew Childers