## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNIE RANDELL BATIE AND LORETTA LACY BATIE<br><br>    Plaintiffs,<br><br> v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, and BAYER AG,<br><br>    Defendants. | **Civil Action No 2:15-cv-06971** |

## MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

Plaintiffs, Johnnie Randell Batie and Loretta Lacy Batie, ("Plaintiffs") submit this memorandum in support of their motion for an order from this Court granting them twenty (20) days from the date of granting this motion within which to serve process on the Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc. through the informal service method prescribed in Pretrial Order ("PTO") 10 (Dkt No. 357).

## I.      BACKGROUND

On December 1, 2015 Plaintiffs' Joint Complaint for Plaintiffs Perez, Batie and English was filed. Cause No. 2:15-cv-06404. On December 7, 2015 the Severance Order issued. The Joint Complaint and original summons were sent to all Defendants by certified mail or registered mail on or about December 4, 2015 as well as by email as required by PTO 10 (Dkt. No. 357) to those parties requiring same on or about December 8, 2015. Thus, all Defendants were properly served with the original Joint Complaint and original summons in or about December, 2015. Specifically, Bayer Pharma AG was served on or about December 18, 2015. Bayer Healthcare Pharmaceuticals Inc. was served on or about December 11, 2015. See the service records attached as Exhibit A.

On December 15, 2015 counsel for Plaintiffs received a letter from Bayer Healthcare Pharmaceuticals, Inc. and Bayer Healthcare LLC (collectively referred to as "Bayer") stating that Plaintiffs did not include a copy of the Severance Order or list of individual cases associated with the Joint Complaint. On December 16, 2015 counsel for Plaintiffs received a letter from Bayer Corporation stating that Plaintiffs did not include a copy of the Severance Order or list of individual cases associated with the Joint Complaint. On December 18, 2015, counsel for Plaintiffs received a letter from Bayer Pharma AG stating that Plaintiffs did not include a copy of the Severance Order or list of individual cases associated with the Joint Complaint.

The severance order was issued on or about December 7, 2015. Shortly thereafter on or about December 21, 2015 the short form complaints for Plaintiffs Batie and English –no short form complaint was required for Plaintiff Perez because he kept the original cause number. On or about January 14, 2016 the short form Complaints for Batie and English via email on Bayer Pharma AG and Bayer Healthcare Pharmaceuticals along with the original Joint Complaint, Severance Order, List of Individual Cases and the original summons. See email records attached as Exhibit B.

On or about March 16, 2016 counsel for Plaintiffs received a notice through MDL Centrality stating "Bayer" had not been served and the submission of the Plaintiff Fact Sheet did not result in the creation of a deadline for submission of a Defendants Fact Sheet for Bayer. The notice failed to identify the Bayer entity objecting to service. Upon inquiry Counsel for Defendants referred back to the letters sent in December.

On or about March 22, 2016 the short form complaint for Plaintiffs was sent via registered mail to Bayer Pharma AG and by certified mail to Bayer Healthcare Pharmaceuticals, Inc. along with the List of individual cases associated with Joint Complaint, original Joint Complaint and original Summons. Those were served on Bayer Pharma AG on March 31, 2016 and to Bayer Healthcare Pharmaceuticals, Inc. on March 28, 2016. See service records attached as Exhibit C.

On March 28 and 31, 2016 counsel for Plaintiffs received a letter from Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG respectively stating that Plaintiffs service of process was improper because it was more than 60 days after complaint was docketed in the MDL.

## II.    LAW AND ANALYSIS

PTO 10 is not mandatory. Instead it merely provides a mechanism for informal service of "Certain Bayer Defendants".  As set forth in the order "Bayer Pharma AG and Bayer Healthcare Pharmaceuticals Inc. (BHCP) agree to waive formal service of process under Federal Rule of Civil Procedure 4 and to accept service of Xarelto cases that are properly commenced in, removed to, or transferred to this MDL." (PTO 10; Dkt No. 357; at p. 2, ¶ II. C. 2). The order makes clear that such service is an informal process that may be used in lieu of formal service under Fed. R. Civ. P. 4.  (PTO 10; Dkt No. 357; at p. 2, ¶ B)(referring to the prescribed method as "informal service").

PTO 10 does not specifically address service of short form complaints, severance orders and lists of individuals separate from the original joint complaint and summons. PTO 11 addresses the Bundling of Complaints and Answers. It states that service of the joint complaint with a copy

of the severance order and list of civil action numbers shall be sufficient to effectuate service for the individual cases. PTO 11, however, does not state this as the only way to effectuate service and does mention PTO 10 or purport to nullify any of its provisions. Thus it was not entirely clear at that time that proper and timely service of the Joint Complaint in compliance with PTO 10, as was done here, would not be sufficient.  And it was unclear that having complied with PTO 10 the original service of the Joint Complaint was null and void.

Plaintiffs in good faith emailed the missing parts as well as the short form complaints on January 14, 2016. Bayer then waited approximately two months—until after the 60 days allowed under PTO 10—to object to service of the missing parts. Shortly after learning of the objection Plaintiffs sent these items via certified and registered mail per PTO10. Bayer's complaint then is not that is did not receive the documents required for service under PTO 11 within the prescribed the 60 days because it did receive them by e-mail. Instead Bayer's objection is that it did not also receive these same items by certified mail within the 60 day period.

It is within the courts power to extend the time for formal service.

…the court has discretionary power to extend time for service. *Id.* Such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the Defendants is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note (1993).

*Newby v. Enron Corp.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008). By its actions of serving Bayer more than once and submitting the PFS and the information required thereunder Plaintiffs have put Bayer on notice of their intention to pursue their claims.  Bayer cannot claim surprise.  Further, Bayer is not prejudiced because it knows that PTO 10 addresses only informal service.  Plaintiffs are not precluded from formally serving Bayer under Fed. R. Civ. P. 4.

Moreover, this MDL is at its early stages with trials not scheduled to start until 2017.  New cases against the Defendants, including Bayer are being filed each day.  All of the cases filed in this

MDL involve similarly situated Plaintiffs who have filed claims alleging facts, circumstances and theories of recovery virtually identical to the lawsuit filed by Plaintiffs. Bayer cannot have any reasonable expectation that all litigants with claims have already filed suit or reasonably believe that many more claimants will not file their claims in this MDL in the future.

To rectify service Plaintiffs requested 20 days from the granting of this motion to further effect service under PTO 10. The extension of the time to accomplish informal service under PTO 10 is appropriate under the circumstances. First, while formal service on Bayer is still available under the rigors of the Hague Convention, to require same would cause needless and undue costs to Plaintiffs. Second, there simply is no useful purpose achieved by requiring Plaintiffs to comply with all the formalities of service in a foreign country, including costs of translation, when suing a Defendants manufacturer, fluent in English, whose products are widely distributed in the United States. *See e.g.* Fed. R. Civ. P. 4 Notes of Advisory Committee on Rules-1993 Amendments Subdivision (d). Third, the extension will avoid any subsequent issues regarding the potential running of the applicable statute of limitations, even though the original complaint was timely filed and served. Fourth, PTO 10 precludes pursuing dismissal absent leave of the Court.[1] Fifth, in a similar situation the Court recently granted an extension of time to effect informal service under PTO 10. *See e.g.* Order Granting Extension of Time. (Dkt. No. 1959). Finally, service must be effected on Bayer Pharma AG so they can no longer avoid answering the Complaint and taking part in discovery regarding Plaintiffs cases.

---

[1] As set forth in PTO 10:

For cases in which plaintiffs have served BHCP or Bayer Pharma AG, any applicable limitations in Fed. R. Civ. P. 4(m) are extended such that plaintiffs need not serve the other Bayer entities until further order of the Court after a meet and confer of the parties. Further, neither Bayer Pharma AG, BHCP, nor the other Bayer entities shall move to dismiss a complaint under Fed. R. Civ. P. 4(m) as to an unserved Bayer entity until further order of the Court after a meet and confer of the parties.

(Dkt. No. 357, p. 3, ¶ G).

Finally, Plaintiffs have been diligent in their efforts to address Bayer's objections as set forth above. And Plaintiffs further sought to address the issues regarding service by agreement in an effort to avoid the need for unnecessary motion practice and spare judicial resources. Counsel for Plaintiffs reached out to counsel for Bayer in April and May offering to once again serve Bayer and do so within 20 days of their agreement. See the email attached as Exhibit D.  No agreement could be reached.

## III.    CONCLUSION

In light of the foregoing, the Plaintiffs request an order from this Court granting them twenty (20) days from the entry of the Court's order granting this motion within which to serve process on the Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc., through the streamlined informal process. Plaintiffs show that all things considered, no party will be prejudiced nor will the progress of this MDL be adversely affected by the granting of the relief sought herein.

Respectfully submitted,

 /s/ Monte Bond
Monte Bond
Texas Bar No.02585625
Tautfest Bond PLLC
5151 Belt Line Road, Suite 1000
Dallas, Texas  75254
214-617-9980 (Phone)
214-617-9985 (Fax)
mbond@tautfestbond.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above foregoing MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b) (2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No.17.

This the 27th day of May, 2016.

/s/ Monte Bond_____
***Attorneys for Plaintiffs***