UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | ) | MDL No. 2592 |
| | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION L |
| | ) | |
| | ) | JUDGE ELDON E. FALLON |
| | ) | |
| | ) | MAGISTRATE JUDGE NORTH |

**This Document Relates to:**

*Gary Andersen v. Janssen Research & Development, LLC et al, 2:15-cv-03969*
*Mary Bodden v. Janssen Research & development, LLC et al, 2:15-cv-04409*
*Robert Emerson v. Janssen Research & Development, LLC et al,, 2:15-cv-04407*
*Orville Hood v. Janssen Research & Development, LLC et al, 2:15-cv-04416*
*Joseph Lamanna v. Janssen Research & Development, LLC et al, 2:15-cv-04417*
*Linda Martin v. Janssen Research & Development, LLC et al, 2:15-04419*
*Helena Miller v. Janssen Research & Development, LLC et al, 2:15-04421*
*Edith Paul v. Janssen Research & Development, LLC et al, 2:15-04426*
*Susan Roschel v. Janssen Research & Development, LLC et al, 2:15-00435*
*Martha Stubbs v. Janssen Research & Development, LLC et al, 2:15-04428*
*Bobbie Tawney v. Janssen Research & Development, LLC et al, 2:15-04429*
*Milan Vojnovich v. Janssen Research & Development, LLC et al, 2:15-04430*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER
HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG**

The Plaintiffs in the above-referenced Complaints hereby submit this Memorandum in Support of their Motion for an Order from this Honorable Court granting them thirty (30) days within which to serve process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG (sometimes hereinafter referred to as the Bayer Defendants), through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

## I.   BACKGROUND

On August 31, 2015, Plaintiffs filed a Joint Complaint against Defendants and were assigned Case No. 2:15-cv-03969, *Gary Andersen et al., v. Janssen Research & Development, LLC, et al*. On September 3, 2015, pursuant to PTO No. 11, the Joint Complaint was severed

into separate individual cases.[1]

Thereafter, on September 15, 2015, Plaintiff Mary Bodden filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-04409. On September 15, 2015, Plaintiff Robert Emerson filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-04407. On September 15, 2015, Plaintiff Orville Hood filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-04416. On September 15, 2015, Plaintiff Joseph Lamanna filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-04417. On August 27, 2015, Plaintiff Linda Martin filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-04419. On September 15, 2015, Plaintiff Helena Miller filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-04421. On September 16, 2015, Plaintiff Edith Paul filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-04426. On September 16, 2015, Plaintiff Susan Roschel filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-00435. On September 16, 2015, Plaintiff Martha Stubbs filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-04428. On September 16, 2015, Plaintiff Bobbie Tawney filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-04429. On September 16, 2015, Plaintiff Milan Vojnovich filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-04430.

Plaintiffs timely served the initial Joint Complaint and subsequent short form complaints on Defendants Janssen Ortho, LLC, Janssen Pharmaceuticals, Inc., and Janssen Research & Development LLC. Additionally, since the filing of the initial Joint Complaint, and within the parameters set forth by this Court, the Plaintiffs timely filed and served their Plaintiff Fact Sheets

---

[1] The Court's September 3, 2015 Severance Order [Doc. 5] was filed on September 4, 2015.

on all of the Defendants through Brown Greer's MDL Centrality, pursuant to PTO No. 13.[2] During this initial time period, while the Bayer Defendants were being made fully aware of the facts and circumstances surrounding the claims asserted by Plaintiffs, and in eleven (11) of the twelve (12) cases at issue in this Motion filed their own Defendant Fact Sheets[3], the undersigned counsel inadvertently failed to issue formal service of process of the initial Joint Complaint and later individual short form Complaints on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG within the required sixty (60) day period pursuant to PTO No. 10. Plaintiffs did attempt to perfect streamlined service on said Defendants, but said attempt was made more than 60 days after the docketing of their complaints.

Plaintiffs discovered that Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG had not accepted Plaintiffs' first attempt at service of process through a Letter from Defendants' Attorney, Lindy Brown of Bradley Arant Boult Cummings LLP, dated May 16, 2016. Plaintiffs then made a second attempt at service of Process on Bayer Healthcare Pharmaceuticals, Inc., this time pursuant to FRCP 4, at their registered agent in Georgia on May 17, 2016. Plaintiffs received another letter from Lindy Brown dated May 19, 2016, in which she asserted that such service was improper.

## II.    LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the

---

[2] Plaintiff Gary Andersen filed his PFS on October 30, 2015; Plaintiff Mary Bodden filed her PFS on October 30, 2015, Robert Emerson filed his PFS on October 30, 2015, Orville Hood filed his PFS on October 30, 2015, Joseph Lamanna filed his PFS on October 30, 2015 Linda Martin filed her PFS on October 30, 2015 Helena Miller filed her PFS on October 30, 2015, Edith Paul filed her PFS on October 30, 2015, Susan Roschel filed her PFS on October 30, 2015, Martha Stubbs filed her PFS on October 30, 2015, Bobbie Tawney filed her PFS on October 30, 2015; and Milan Vojnovich filed his PFS on October 30, 2015.

[3] Defendant Bayer filed its Fact Sheets with respect to Gary Andersen on December 29, 2015, Mary Bodden, on December 29, 2015, Orville Hood on December 29, 2015, Joseph Lamanna on December 30, 2015, Linda Martin on December 29, 2015, Helena Miller on December 29, 2015, Edith Paul on December 30, 2015, Susan Roschel on December 29, 2015, Martha Stubbs on December 30, 2015, Bobbie Tawney on December 30, 2015; and Milan Vojnovich on December 29, 2015.

6

court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id*. Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Situations where a discretionary extension may be granted include "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA General Insurance Co.*, 546 F.3d 321, 325 (5th Cir. 2008)(internal quotation marks omitted). Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. at 666.[4]

In *Zermeno*, *supra,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id*. at 667. The court noted that "if defendants acts so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id*.

Similarly, in *Millan*, *supra*, the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff

---

[4] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

named the wrong defendant in the original complaint. *Id*. However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id*. at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id*.

Here, Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG had notice of the claims against them despite the fact that Plaintiffs inadvertently failed to serve their complaints within 60 days. Plaintiffs moved along with their cases, most notably through the timely filing and service of their Plaintiff Fact Sheets. Not only did Plaintiffs timely file their Plaintiff Fact Sheets, Defendants also filed Defendant Fact Sheets for eleven (11) of the twelve (12) Plaintiffs at issue in this Motion. At no time prior to receipt of Plaintiffs' first and second attempts at service did Defendants assert or otherwise notify Plaintiffs that they were not served within the 60 days required by PTO No. 10. As soon as Plaintiffs realized the Complaints had not been timely served, they attempted service pursuant to PTO 10, and then also attempted service pursuant to FRCP 4. The present Motion was not precipitated by any Motion of the Defendants.

Setting aside Defendants' familiarity with Plaintiffs' particular claims through their individual PFS's, Defendants are aware of the general facts, circumstances and theories of recovery underlying Plaintiffs' Complaints having been served with countless identical complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiffs, no actual prejudice has or will occur to Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG by the Court granting the discretionary relief sought herein.

Additionally, Plaintiffs point out that the dismissal of these cases could subject them to a statute of limitations defense in the future. Although Plaintiffs believe they would be able to

overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiffs.

In light of the foregoing, Plaintiffs respectfully request that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

### III.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request an Order from this Court granting them thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG. Plaintiffs have shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

Dated: May 31, 2016                           Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ C. Andrew Childers
　　　　　　　　　　　　　　　　　　　　　　　C. Andrew Childers
　　　　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 124398
　　　　　　　　　　　　　　　　　　　　　　**CHILDERS, SCHLUETER & SMITH, LLC**
　　　　　　　　　　　　　　　　　　　　　　　1932 North Druid Hills Road, NE
　　　　　　　　　　　　　　　　　　　　　　　Suite 100
　　　　　　　　　　　　　　　　　　　　　　　Atlanta, Georgia 30319
　　　　　　　　　　　　　　　　　　　　　　　(404) 419-9500 – telephone
　　　　　　　　　　　　　　　　　　　　　　　(404) 419-9501 – facsimile
　　　　　　　　　　　　　　　　　　　　　　　achilders@cssfirm.com
　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ C. Andrew Childers
C. Andrew Childers
