UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

| | |
|---|---|
| *Carol Baird;* | *2:15-cv-05753* |
| *Wayne Bell and Beverly Bell;* | *2:15-cv-06135* |
| *August Blank and Rosalie Blank;* | *2:15-cv-06145* |
| *Danny Bowman and Kathleen Bowman;* | *2:15-cv-06147* |
| *Susan Cole, Individually and o/b/o Grady Cole;* | *2:15-cv-06152* |
| *Doreen Deock, Individually and o/b/o Dorothea Deock;* | *2:15-cv-06154* |
| *Francis Ellis, Individually and o/b/o Robert Ellis;* | *2:15-cv-06155* |
| *Lucy Falco;* | *2:15-cv-06157* |
| *Walter Green and Linda Green;* | *2:15-cv-06162* |
| *M. Evelyn Guertin;* | *2:15-cv-06163* |
| *Howard Helms, Individually and o/b/o Mamie Helms;* | *2:15-cv-06164* |
| *Kimberly Jackson and Donald Jackson;* | *2:15-cv-06165* |
| *Selina Jackson and James Jackson;* | *2:15-cv-06166* |
| *Thomas Luckern;* | *2:15-cv-06169* |
| *Adlai Mast and Sandra Mast;* | *2:15-cv-06170* |
| *Wilma Matthews;* | *2:15-cv-06171* |
| *David Harshbarger, Individually and o/b/o Noreen McMurray;* | *2:15-cv-06174* |
| *Patricia Reynolds* | *2:15-cv-06175* |
| *Louis Schell* | *2:15-cv-06176* |
| *William Schroff* | *2:15-cv-06178* |
| *Terry Senders and Gwen Senders* | *2:15-cv-06179* |
| *Cynthia Shaw* | *2:15-cv-06181* |
| *Richard Skinner and Mary Skinner* | *2:15-cv-06182* |
| *Genevieve Tartaglia* | *2:15-cv-06183* |
| *Lucy White* | *2:15-cv-06185* |
| *Robin White* | *2:15-cv-06187* |
| *Melvin Wilburn, Individually and o/b/o Becky Wilburn* | *2:15-cv-06188* |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANTS BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG**

The Plaintiffs in the above-referenced Complaints hereby submit this Memorandum in Support of their Motion for an Order from this Honorable Court granting them thirty (30) days

1

within which to serve process on Defendants **Bayer Healthcare Pharmaceuticals, Inc.** and **Bayer Pharma AG** (sometimes hereinafter referred to as the Bayer Defendants), through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

## I.     BACKGROUND

On November 6, 2015, Plaintiffs filed a Joint Complaint against Defendants and were assigned Case No. 2:15-cv-05753 *Carol Baird et al v. Janssen Research & Development, LLC et al.* On November 18, 2015, pursuant to PTO No. 11, the Joint Complaint was severed into separate individual cases.

Thereafter, on November 19, 2015, Plaintiffs Wayne Bell and Beverly Bell filed a separate, Short Form Complaint in accordance with PTO No. 11 and were assigned Case No.: 2:15-cv-06135. On November 19, 2015, Plaintiffs August Blank and Rosalie Blank filed a separate Short Form Complaint in accordance with PTO No. 11 and were assigned Case No.: 2:15-cv-06145. On November 19, 2015, Plaintiffs Danny Bowman and Kathleen Bowman filed a separate, Short Form Complaint in accordance with PTO No. 11 and were assigned Case No.: 2:15-cv-06147. On November 19, 2015, Plaintiff Susan Cole filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15- cv-06152. On November 19, 2015, Plaintiff Doreen Deock filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06154.  On November 19, 2015, Plaintiff Francis Ellis filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case  No.: 2:15-cv-06155.  On November 19, 2015, Plaintiff  Lucy Falco filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15- cv-06157. On November 20, 2015, Plaintiffs Walter Green and Linda Green filed a separate, Short Form Complaint in  accordance  with  PTO  No.  11  and  were  assigned

Case No.: 2:15-cv-06162. On November 20, 2015, Plaintiff M. Evelyn Guertin filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06163. On November 20, 2015, Plaintiff Howard Helms filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06164. On November 20, 2015, Plaintiffs Kimberly Jackson and Donald Jackson filed a separate, Short Form Complaint in accordance with PTO No. 11 and were assigned Case No.: 2:15-cv-06165. On November 20, 2015, Plaintiffs Selina Jackson and James Jackson filed a separate, Short Form Complaint in accordance with PTO No. 11 and were assigned Case No.: 2:15-cv-06166. On November 20, 2015, Plaintiff Thomas Luckern filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06169. On November 20, 2015, Plaintiffs Adlai Mast and Sandra Mast filed a separate, Short Form Complaint in accordance with PTO No. 11 and were assigned Case No.: 2:15-cv-06170. On November 20, 2015, Plaintiff Wilma Matthews filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06171. On November 20, 2015, Plaintiff David Harshbarger filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06174. On November 20, 2015, Plaintiff Patricia Reynolds filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06175. On November 20, 2015, Plaintiff Louis Schell filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06176. On November 20, 2015, Plaintiff William Schroff filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06178. On November 20, 2015, Plaintiffs Terry Senders and Gwen Senders filed a separate, Short Form Complaint in accordance with PTO No. 11 and were assigned Case No.: 2:15-cv-06179. On November 20, 2015, Plaintiff

Cynthia Shaw filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06181. On November 20, 2015, Plaintiffs Richard Skinner and Mary Skinner filed a separate, Short Form Complaint in accordance with PTO No. 11 and were assigned Case No.: 2:15-cv-06182. On November 20, 2015, Plaintiff Genevieve Tartaglia filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06183. On November 20, 2015, Plaintiff Lucy White filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06185. On November 20, 2015, Plaintiff Robin White filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06187. On November 20, 2015, Plaintiff Melvin Wilburn filed a separate, Short Form Complaint in accordance with PTO No. 11 and was assigned Case No.: 2:15-cv-06188.

Plaintiffs timely served the initial Joint Complaint on Defendants **Janssen Ortho LLC, Janssen Pharmaceuticals, Inc.**, **Janssen Research & Development LLC,** and **Johnson & Johnson Company**. Additionally, since the filing of the initial Joint Complaint, and within the parameters set forth by this Court, the Plaintiffs timely filed and served their Plaintiff Fact Sheets on all of the Defendants through Brown Greer's MDL Centrality, pursuant to PTO No. 13[1].

---

[1] Plaintiff Carol Baird filed her PFS on December 2, 2015; Plaintiff Wayne Bell filed his PFS on December 2, 2015; Plaintiff August Blank filed his PFS on December 2, 2015; Plaintiff Danny Bowman filed his PFS on December 3, 2015; Plaintiff Susan Cole filed her PFS on December 3, 2015; Plaintiff Doreen Deock filed her PFS on December 3, 2015; Plaintiff Francis Ellis filed her PFS on December 3, 2015; Plaintiff Lucy Falco filed her PFS on December 7, 2015; Plaintiff Walter Green filed his PFS on December 8, 2015; Plaintiff M. Evelyn Guertin filed her PFS on December 8, 2015; Plaintiff Howard Helms filed his PFS on December 8, 2015; Plaintiff Kimberly Jackson filed her PFS on December 9, 2015; Plaintiff Selina Jackson filed her PFS on December 9, 2015; Plaintiff Thomas Luckern filed his PFS on December 10, 2015; Plaintiff Adlai Mast filed his PFS on December 9, 2015; Plaintiff Wilma Matthews filed her PFS on June 1, 2016; Plaintiff David Harshbarger filed his PFS o December 11, 2015; Plaintiff Patricia Reynolds filed her PFS on December 11, 2015; Plaintiff Louis Schell filed his PFS on December 14, 2015; Plaintiff William Schroff filed his PFS on December 15, 2015; Plaintiff Terry Senders filed his PFS on December 15, 2015; Plaintiff Cynthia Shaw filed her PFS on December 16, 2015; Plaintiff Richard Skinner filed his PFS on December 15, 2015; Plaintiff Genevieve Tartaglia filed her PFS on December 16, 2015; Plaintiff Lucy White filed her PFS on December 17, 2015; Plaintiff Robin White filed her PFS on December 18, 2015; and Plaintiff Melvin Wilburn filed his PFS on December 22, 2015.

During this initial time period, while the Bayer Defendants were being made fully aware of the facts and circumstances surrounding the claims asserted by Plaintiffs, and in twelve (12) of the twenty-seven (27) cases at issue in this Motion filed their own Defendant Fact Sheets[2], the undersigned counsel inadvertently failed to issue formal service of process of the initial Joint Complaint and later individual Short Form Complaints on Defendants **Bayer Healthcare Pharmaceuticals, Inc.** and **Bayer Pharma AG** within the required sixty (60) day period pursuant to PTO No. 10. Plaintiffs did attempt to perfect streamlined service on said Defendants, but said attempt was made without the inclusion of the Short Form Complaints.

Plaintiffs discovered that Defendants **Bayer Healthcare Pharmaceuticals, Inc.** and **Bayer Pharma AG** had not accepted Plaintiffs' attempt at service of process through an electronic mail notification from Brown Greer's MDL Centrality dated May 20, 2016.

## II.    LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id*. Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Situations where a discretionary extension may be granted

---

[2] Defendant Bayer filed its Fact Sheets with respect to Danny Bowman on February 1, 2016, Lucy White on February 16, 2016, Robin White on February 16, 2016, Doreen Deock on February 16, 2016, Genevieve Tartaglia on February 16, 2016, Walter Green on February 16, 2016, Adlai Mast on February 18, 2016, Thomas Luckern on February 18, 2016, Lucy Falco on February 18, 2016, Kimberly Jackson on February 24, 2016, Cynthia Shaw on March 7, 2016, and Melvin Wilburn on March 10, 2016.

include "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA General Insurance Co.*, 546 F.3d 321, 325 (5th Cir. 2008)(internal quotation marks omitted). Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. at 666.[3]

In *Zermeno*, *supra,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the matter, and defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id*. at 667. The court noted that "if defendants acts so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id*.

Similarly, in *Millan*, *supra*, the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id*. However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id*. at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service

---

[3] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id*.

Here, Defendants **Bayer Healthcare Pharmaceuticals, Inc.** and **Bayer Pharma AG** had notice of the claims against them despite the fact that Plaintiffs inadvertently failed to serve their complaints within 60 days. Plaintiffs moved along with their cases, most notably through the timely filing and service of their Plaintiff Fact Sheets. Not only did Plaintiffs timely file their Plaintiff Fact Sheets, Defendants also filed Defendant Fact Sheets for twelve (12) of the twenty-seven (27) Plaintiffs at issue in this Motion. At no time prior to receipt of Plaintiffs' attempt at service did Defendants assert or otherwise notify Plaintiffs that they were not served within the 60 days required by PTO No. 10.

Setting aside Defendants' familiarity with Plaintiffs' particular claims through their individual PFS's, Defendants are aware of the general facts, circumstances and theories of recovery underlying Plaintiffs' Complaints having been served with countless identical complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiffs, no actual prejudice has or will occur to Defendants **Bayer Healthcare Pharmaceuticals, Inc.** and **Bayer Pharma AG** by the Court granting the discretionary relief sought herein.

Additionally, Plaintiffs point out that the dismissal of these cases could subject them to a statute of limitations defense in the future. Although Plaintiffs believe they would be able to overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiffs.

In light of the foregoing, Plaintiffs respectfully request that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

### III.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request an Order from this Court granting them thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendants **Bayer Healthcare Pharmaceuticals, Inc.** and **Bayer Pharma AG**. Plaintiffs have shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

Dated: June 1, 2016                                                Respectfully submitted,

                                                                                    MURPHY LAW FIRM

                                                                                    *s/Peyton P. Murphy*
                                                                                    PEYTON P. MURPHY (LA # 22125)
                                                                                    7035 Jefferson Highway
                                                                                    Baton Rouge, LA  70806
                                                                                    Telephone: (225) 928-8800
                                                                                    Facsimile: (225) 928-8802
                                                                                    Email: peyton@murphylawfirm.com

                                                                                    *s/Todd C. Comeaux*
                                                                                    TODD C. COMEAUX (LA # 23453)
                                                                                    4880 Bluebonnet Blvd., Suite A
                                                                                    Baton Rouge, LA  70809
                                                                                    Telephone: (225) 706-9000
                                                                                    Facsimile: (225) 706-9001
                                                                                    Email: tc@comeauxlawfirm.com

                                                                                    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2016 a copy of the above and foregoing has been filed electronically with the Clerk of Court using the CM/ECF system which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

    Respectfully submitted,

    *s/ Peyton P. Murphy*
    Peyton P. Murphy