UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 SECTION: L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

*Sharon Erler v. Janssen Research & Development, LLC, et al.*, 2:15-cv-04658
*Michael Davis v. Janssen Research & Development, LLC, et al.*, 2:15-cv-03201

### BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANTS BAYER PHARMA AG AND BAYER HEALTHCARE PHARMACEUTICALS, INC.

COME NOW Plaintiffs, through undersigned counsel, in the above-captioned actions and hereby submit their Brief in support of Plaintiffs' Motion for Extension of Time Within Which to Serve Process on Defendants Bayer Pharma AG and Bayer HealthCare Pharmaceuticals, Inc. ("Defendants"), for an additional thirty (30) days through the streamlined process set forth in Pre-Trial Order ("PTO") No. 10.

### I. BACKGROUND

On July 24, 2015, Plaintiffs filed a Joint Complaint against Defendants and were assigned Case No. 2:15-cv-03021, *Davis, et al., v. Janssen Research & Development, LLC, et al.* On August 8, 2015, pursuant to PTO No. 11, the Joint Complaint was severed into separate individual cases.

In accordance with PTO No. 11, Plaintiffs Sharon Erler and Michael Davis filed separate, Short Form Complaints on September 17 and 25, 2015, and were assigned the above-captioned case numbers.

Since the filing of the initial Joint Complaint, and within the parameters set forth by this Court, the Plaintiffs timely filed and served their Plaintiff Fact Sheets on the Defendants through Brown Greer's MDL Centrality, pursuant to PTO No. 13. Plaintiff Erler's Fact Sheet and medical records were submitted to MDL Centrality on November 18, 2015. Plaintiff Davis's Fact Sheet was submitted to MDL Centrality on November 22, 2015, with medical records submitted on November 19 and 20, 2015.

On April 20, 2016 and May 9, 2016, MDL Centrality notified undersigned counsel that service of process had not been properly effected for Plaintiff Erler and Plaintiff Davis.

On May 2, 2016 and May 10, 2016, service of process was attempted through the streamlined process set forth in PTO No. 10 in attempt to comply immediately. On May 9, 2016, and May 16, 2016, Defendants' Counsel notified the undersigned counsel through electronic correspondence that service was deficient and that waiver of proper service would not be waived. Undersigned counsel attempted to meet and confer regarding the service of process on May 17, 2016. Defendants' Counsel indicated they would not waive service of process, nor would they allow service through the streamlined process.

Throughout this time period, Defendants were made fully aware of all facts and circumstances surrounding the claims the Plaintiffs asserted. Undersigned counsel had undergone a staff change at the time the service of process and the Plaintiff Fact Sheets were due under PTOs No. 10 and 13. Through an inadvertence, the Plaintiff Fact Sheets and pertinent medical records for the above-captioned Plaintiffs were submitted and available to the Defendants for five months before notice that the service of process had not been effected properly.

## II. LAW AND ANALYSIS

Fed. R. Civ. P. 4(m) establishes the procedures for notifying defendants that a lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time with which to respond. If a defendant is not served within the proper time period after the complaint is filed, Rule 4(m) allows the Court to either dismiss the action without prejudice, or in the alternative, order that service be made within a specified time period. If the Plaintiff shows good cause, the Court may extend the time for an appropriate period. Fed. R. Civ. P 4(m). Additionally, Rule 4(m) has been interpreted to "broaden a district court's discretion by allowing it to extend the time for service even when a Plaintiff fails to shows good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The Plaintiffs have shown every intention to pursue their claim and have demonstrated such to the Defendants. It was purely through inadvertent error that it was believed that all requirements had been fulfilled at the time the Plaintiff Fact Sheets and medical records were submitted. Plaintiffs attempted every avenue to rectify the inadvertence by attempting service and attempting to meet and confer with Defendants.

The Plaintiffs were not acting in bad faith, rather the new staff attempted to continue to pursue claims on behalf of the Plaintiffs, as demonstrated by the timely filing of the Plaintiff Fact Sheets and medical records. Furthermore, Defendants have been served with hundreds, if not thousands, of identical complaints and PFS's. Because this MDL involves thousands of similarly situated Plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by these Plaintiffs, no actual prejudice has or will occur to Defendants by the Court granting relief sought herein. The Plaintiffs now respectfully request

that this Honorable Court grant a permissive extension of time as allowed by the Court's discretionary power provided by Rule 4(m).

### III. CONCLUSION

In light of the foregoing, the Plaintiffs respectfully request an Order from this Court granting them thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendants Bayer Pharma AG and Bayer HealthCare Pharmaceuticals, Inc. Plaintiffs have shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

Dated: June 3, 2016                     Respectfully submitted,

**CUTTER LAW, P.C.**

/s/ C. Brooks Cutter_____
C. Brooks Cutter
401 Watt Ave.
Sacramento, CA 95864
Telephone: (916) 290-9400
Facsimile: (916) 588-9330

*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of sub filing to all attorneys of record.

/s/ C. Brooks Cutter_____
C. Brooks Cutter