UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN)  PRODUCTS LIABILITY LITIGATION | * MDL NO. 2592 |
| | * SECTION L |
| | * JUDGE ELDON E. FALLON |
| | * MAG. JUDGE NORTH |
| ************************************************ | * |

THIS DOCUMENT RELATES TO ALL CASES

**ORDER**

The Court received materials composed of Gregg Ruppersberger's personnel files.  The personnel files concern Mr. Ruppersberger's work performance as an employee of Defendant Janssen during a time period pertinent to the litigation.  The Court had an opportunity to review the files in great detail, weighing privacy interests against the Plaintiffs' right to discover relevant material.

During his time with Janssen, Mr. Ruppersberger has served as a Senior Manager of Commercial Analytics, a Director of Business Analytics, and a Senior Director of Business Analytics.  Among other marketing-related projects, Mr. Ruppersberger led the development of Xarelto's marketing campaign involving the use of celebrity patients who have taken Xarelto.  The phrase, "Ask your doctor about Xarelto," is in part attributable to Mr. Ruppersberger.  Nevertheless, Mr. Ruppersberger did not participate in the development or testing of Xarelto.  He was involved with the sale and marketing of the drug.

In view of Mr. Ruppersberger's somewhat limited responsibility and role, the salary information included in the personnel files raises discovery concerns.  The salary information is of questionable admissibility under Rule 403 of the Federal Rules of Evidence.  More

[2]

importantly, Mr. Ruppersberger's privacy interests as a lower level member of the marketing team outweigh the limited relevance of his salary information under the proportionality element of Rule 26(b).

However, regardless of the discovery interests at play, the personnel files relevant to the litigation also raise employee privacy interests. Personnel files raise "special concerns" and therefore should be scrutinized and balanced between the interests of privacy and the importance and relevance of the information. *Poseidon Oil Pipeline Co., L.L.C. v. Transocean Sedco Forex, Inc.*, Civ. A. 00-760, 2002 WL 1919797, at *4 (E.D. La. Aug. 20, 2002). The material addresses personal goals and performance evaluations. Therefore, the personnel files must be placed under seal and used only for purposes of this litigation.

In summary, all material except for salary information is discoverable. The discoverable materials shall be presented forthwith.

**IT IS ORDERED** that the personnel file of Mr. Ruppersberger shall be excised of all information which the parties jointly agreed shall be redacted pursuant to PTO 20. The personnel files shall then be produced to the PSC as soon as possible.

New Orleans, Louisiana this 3rd day of June, 2016.

_____
UNITED STATES DISTRICT JUDGE