UNITED STATES DISTRICT COURT
EASTERN DISTRICT LOUISIANA

IN RE: XARELTO (RIVAROXABAN) :
PRODUCTS LIABILITY LITIGATION : MDL No. 2592
: SECTION L
: JUDGE ELDON E. FALLON
: MAGISTRATE JUDGE NORTH
:
: **JURY TRIAL DEMANDED**

**THIS DOCUMENT RELATES TO:**

*Stanley M. Elliot v. Janssen Research & Development, LLC et al, 2:16-cv-07492*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG**

The plaintiff in the above-referenced Complaint hereby submits this Memorandum in Support of his Motion for an Order from this Honorable Court granting him thirty (30) days within which to serve process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG (sometimes hereinafter referred to as the Bayer Defendants), through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

### I. BACKGROUND

On April 13, 2016, Plaintiff filed a Joint Complaint against Defendants and was assigned Case No. 2:16-cv-03057, *Joseph J. Connelly et al v. Janssen Research & Development, LLC, et al.* On April 15, 2016, pursuant to PTO No. 11, the Joint Complaint was severed into separate individual cases.

Thereafter, on May 31, 2016, Plaintiff Stanley M. Elliot filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No. 2:16-cv-07492.

On June 1, 2016, Plaintiff filed a Request for Summons with the Clerk of Courts for the Eastern District of Louisiana. At the time of filing the Request for Summons, Plaintiff's counsel had received Summons issued in other cases within a two to three (2-3) day time period and had no reason to believe it would be different in this case thereby allowing Plaintiff to serve the defendants within the proscribed time period. As of this time, Plaintiff has not yet received the Issuance of the Summons and the date for timely service is June 13, 2016. Plaintiff's counsel has spoken with the Clerk's office multiple times regarding the summons. Plaintiff is uncertain as to the date when the Summons will be issued but has a good faith belief that it won't be received from the Clerk by June 13, 2016 due to a backlog in the Clerk's office due to a significant number of bundled complaints file before the May 20, 2016 deadline.

## II.  LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within ninety (90) days of filing a complaint. If the plaintiff fails to do so, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule further provides that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id.* Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996). Situations where a discretionary extension may be granted include :for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA General*

*Insurance Co.,* 546 F.3d 321, 325 (5th Cir. 2008) (internal quotation marks omitted). Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas,* 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 666.

In *Zermeno, supra*, for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiff's counsel stating that he would be representing defendants in the matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id.* at 667. The court noted that "if defendants act so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id.*

Similarly, in *Millan, supra,* the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id.* However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id.* at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id.*

Defendants are aware of the general facts, circumstances and theories of recovery underlying Plaintiff's Complaint having been served with countless identical complaints and individual PFSs in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiff, no actual prejudice has or will occur to Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG by the Court granting the discretionary relief sought herein.

In light of the foregoing, Plaintiff respectfully requests that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

### III.   CONCLUSION

For the reasons stated above, Plaintiff respectfully requests and Order from this Court granting him thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG. Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

Dated: June 08, 2016                                           Respectfully Submitted,

*[signature]*
Elizabeth P. Kagan, Esquire
Florida Bar No: 330779
Kagan Legal Group
295 Palmas Inn Way, Suite 6
Humacao, PR  00791
(239) 410-8999 – telephone
(239) 466-7226 – facsimile
Liz@kaganlegalgroup.com
*Attorney for Plaintiff*