UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : | MDL No. 2592 |
| | | SECTION L |
| | | JUDGE ELDON E. FALLON |
| | | MAGISTRATE JUDGE NORTH |
| THIS DOCUMENT RELATES TO: | : : | |
| GREGORY K. BURT, Administrator of the Estate of WINONA G. BURT, dec., and GREGORY K. BURT, Individually and on Behalf of the Heirs-at-Law of WINONA G. BURT, dec.<br>Plaintiffs. | : : : : : : : : | CIVIL ACTION No. 16-cv-00338 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON
DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS, INC.**

Plaintiffs in the above-listed action hereby submits this Memorandum in Support of their Motion for an Order from this Honorable Court, granting them thirty (30) days within which to serve process on Defendant Bayer Healthcare Pharmaceuticals, Inc., through the streamlined service of process set forth in Pretrial Order ("PTO") No. 10.

**I. BACKGROUND**

On January 14, 2016, Plaintiffs filed a Joint Complaint against Defendants and was assigned Case No. 16-cv-00338, *Gregory Burt, et al., v. Janssen Research & Development, LLC, et al.* On January 21, 2016, pursuant to PTO No. 11, the Joint Complaint was severed into separate individual cases, and this Plaintiffs' case retained the original Case No. of 16-cv-00338.

1

Thereafter, on January 22, 2016, the remaining Plaintiffs in the Joint Complaint (Gale Gering, Case No. 16-cv-00530; Ginger Herrell, Case No. 16-cv-00533; George Hudson, Case No. 16-cv-00534; and Beverly Hutton, Case No. 16-cv-00535) filed separate Short Form Complaints and were assigned individual case numbers in accordance with PTO No. 11.

Plaintiffs in the original Joint Complaint timely served the Joint Complaint and Summons on Defendants Bayer Corporation on January 22, 2016; Jansen Ortho, LLC on January 25, 2016; Bayer Healthcare Pharmaceuticals, Inc., on January 26, 2016; Bayer Healthcare LLC on January 27, 2016; Bayer AG, Bayer Pharma AG and Bayer Healthcare AG on February 8, 2016.  Plaintiffs also filed Notices of Lawsuit and Requests to Waive Service of a Summons regarding Janssen Pharmaceuticals, Inc.; Janssen Ortho LLC; Janssen Research & Development LLC; and Johnson & Johnson on March 1, 2016.  Additionally, since the filing of the initial Joint Complaint and within the parameters set forth by this Court, Plaintiffs timely filed and served the Plaintiff Fact Sheet on all of the Defendants through Brown Greer's MDL Centrality on March 18, 2016, pursuant to PTO No. 13.

During this time period, while the Defendant was fully aware of the facts and circumstances surrounding the claims asserted by Plaintiffs, the undersigned counsel inadvertently failed to correctly issue streamlined service of process on Defendant Bayer Healthcare Pharmaceuticals, Inc., of the severed Joint Complaint for Plaintiffs within the required sixty (60) day period pursuant to PTO No. 10.

Plaintiffs first discovered that Defendant had not accepted Plaintiffs' attempted service of process though electronic mail notification from Lindy Brown of Bradley Arant Boult Cummings LLP to Plaintiffs' attorney, Andrew Hutton, dated May 10, 2016.  Additional failed

2

attempts to serve Defendant within 10 days of the May 10, 2016, letter resulted in additional deficiency letters dated May 16, 2016, May 26, 2016, and June 6, 2016.  In the June 6, 2016, letter, Ms. Brown indicated that the final service failed because the service was more than 60 days after the Complaint was docketed in the MDL.

## II.     LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint.  If plaintiff fails to do so, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process.  *Id*.  Additionally, "the plain language of Rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause."  *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996).  Situations where a discretionary extension may be granted include:  "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  *Millan v. USAA General Insurance Co.*, 546 F.3d 321, 325 (5th Cir. 2008)(internal quotation marks omitted).  Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective."  *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D. Tex 2003).  "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice

3

by the court extending the 120 day deadline; and the plaintiff would be severely prejudiced if his complaint was dismissed." *Id*. at 666.[1]/

In *Zermeno, supra,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the matter, and defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id.* at 667. The court noted that "if defendants acts so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id.*

Similarly, in *Millan, supra,* the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id.* However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id.* at 327 – 28. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id.*

Here, Defendant, Bayer Healthcare Pharmaceuticals, Inc., had notice of the claims against it despite the fact that Plaintiffs inadvertently failed to serve their severed complaint documents within 60 days. Plaintiffs moved along with their case, most notably through the timely filing and service of the Plaintiff Fact Sheet on March 18, 2016.

Setting aside Defendant's familiarity with Plaintiffs' particular claims through the original Joint Complaint and their individual Plaintiff Fact Sheet, Defendant is aware of the

---

[1]/  Rule 4(m) has since been amended to require service within 90 days, not 120 days.

4

general facts, circumstances and theories of recovery underlying Plaintiffs' Complaint having been served with countless identical complaints and individual Plaintiff Fact Sheets in this MDL. Because this MDL involves thousands of similarly situated plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiffs, no actual prejudice has or will occur to Defendant Bayer Healthcare Pharmaceuticals, Inc., by the Court granting the discretionary relief sought herein.

Additionally, Plaintiffs point out that the dismissal of their case could subject them to a statute of limitations defense in the future. Although Plaintiffs believe they would be able to overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it related to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiffs.

In light of the foregoing, Plaintiffs respectfully request this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

### III.  CONCLUSION

For the reasons stated above, Plaintiffs respectfully request an Order from the Court granting them thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendant Bayer Healthcare Pharmaceuticals, Inc. Plaintiffs have shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by granting of the relief sought herein.

Dated: June 13, 2016                    Respectfully submitted,

                                        HUTTON & HUTTON LAW Firm, L.L.C.

                                         s/ Andrew W. Hutton
                                        Andrew W. Hutton, KS Bar No. 10264
                                        8100 E. 22nd St. N., Bldg. 1200
                                        P. O. Box 638
                                        Wichita, KS 67201-0638
                                        (316) 688-1166 Telephone
                                        (316) 686-1077 Facsimile
                                        andrew.hutton@huttonlaw.com

                                        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on June 13, 2016, a copy of the foregoing Memorandum in Support of Plaintiffs' Motion for Extension of Time Within Which to Serve Process on Defendant Bayer Healthcare Pharmaceuticals, Inc., has been filed electronically with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to PTO No. 17.

                                         s/ Andrew W. Hutton
                                        Andrew W. Hutton, KS Bar No. 10264
                                        8100 E. 22nd St. N., Bldg. 1200
                                        P. O. Box 638
                                        Wichita, KS 67201-0638
                                        (316) 688-1166 Telephone
                                        (316) 686-1077 Facsimile
                                        andrew.hutton@huttonlaw.com

                                        *Attorneys for Plaintiffs*