UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| PATRICIA JARMAN<br>Plaintiff | JUDGE: ELDON E. FALLON |
| v. | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | Civil Action No: 2:15-cv-05918-EEF-MBN |

**RESPONSE TO MOTION FOR EXTENSION OF TIME
WITHIN WHICH TO SERVE PROCESS ON CERTAIN DEFENDANTS**

Defendants Bayer HealthCare Pharmaceuticals Inc. ("BHCP") and Bayer Pharma AG, by and through counsel, appearing specially, and reserving all defenses including, without limitation, insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submit the instant response to Plaintiff's motion for extension of time within which to serve process on certain defendants. In response, BHCP and Bayer Pharma AG state as follows:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on BHCP and Bayer Pharma AG. PTO 10 permits service of process on BHCP by certified mail, return receipt requested, upon the following representative of BHCP:

SOP Department
Corporation Service Company
Suite 400
2711 Centerville Road
Wilmington, DE 19808

1

2706348-1

PTO 10 permits service of process on Bayer Pharma AG by registered mail, return receipt requested, upon the following representative of Bayer Pharma AG:

> Bayer Pharma AG
> Attn: Eva Gardyan-Eisenlohr
> General Counsel
> Muellerstrasse 178
> 13353 Berlin
> GERMANY

The complaint was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on November 13, 2015.

Instead of utilizing the streamlined service of process for service on BHCP, Plaintiff sent by certified mail a copy of the Complaint and a Summons to BHCP in Whippany, New Jersey. The service papers were received April 12, 2016. Service was rejected as untimely under Federal Rule of Civil Procedure 4 by letter dated April 25, 2016.

To date, Bayer Pharma AG has not received a copy of the Complaint and a Summons.

To date, none of the "other Bayer entities" as defined in PTO 10 have received a copy of the Complaint and a Summons.

PTO 10 only permits streamlined service of process on Bayer Pharma AG by registered mail, return receipt requested, and on BHCP by certified mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."

Outside of the streamlined service process, Federal Rule of Civil Procedure 4 sets out the requirements for service after the Complaint is filed. To the extent a plaintiff fails to comply with

2

the conditions of Section G in PTO 10 regarding service on BHCP or Bayer Pharma AG, service on the "other Bayer entities" must comply with Federal Rule of Civil Procedure 4.

Plaintiff failed to serve process on BHCP and Bayer Pharma AG within 60 days from the docketing of the Complaint in the MDL as required for streamlined service under PTO 10.  The attempted service on BHCP failed to comply with the time period permitted in Federal Rule of Civil Procedure 4.

Bayer Pharma AG is a company organized under the laws of Germany.  Normally, service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h).  Under Federal Rules of Civil Procedure 4(h)(2), service upon a corporation is effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof."  Subdivision (f) provides that an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

Service of process by an American plaintiff on a German defendant in Germany is normally governed by international and German law.  The streamlined process for service on Bayer Pharma AG in PTO 10 is a departure from the requirements for service under international and German law and was a concession by Bayer Pharma AG.  If a plaintiff is to receive the benefit from this departure from normal service procedures, the plaintiff should, at the very least, be required to meet the conditions in PTO 10, including service within 60 days.

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)."  Federal Rule of Civil Procedure 4(m) instructs a

2706348-1

court to grant an extension of time to service process "if the plaintiff shows good cause for the failure" to timely serve process.  Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified.'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiff has failed to show good cause for her failure timely to serve process.  The only explanation offered by Plaintiff for her failure timely to serve process is a "mistake" by a staff member of Plaintiff's counsel.  Such a mistake does not entitle Plaintiff to an extension.  *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process).  The Court should deny Plaintiff's motion for extension of time to serve process under the streamlined service process of PTO 10 and require Plaintiff to serve BHCP and Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiff serve Bayer Pharma AG in accordance with international and German law pursuant to Rules (h)(2) and (f).  The Court should also deny Plaintiff's request for additional time to serve the "other Bayer entities."

BHCP and Bayer Pharma AG are entitled to some certainty as to whether they will be required to defend themselves in a particular case pending in the MDL.  Time limits on service provide some level of certainty.  Otherwise, BHCP and Bayer Pharma AG are subject to being

brought into any case in the MDL at any time for any reason.  With numerous cases pending in the MDL, this level of uncertainty places an undue burden on BHCP and Bayer Pharma AG to continue to monitor all cases pending in the MDL.

Furthermore, PTO 11 provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served."  However, once BHCP or Bayer Pharma AG is served in a particular case, BHCP or Bayer Pharma AG's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed).  Service triggers the operation of BHCP or Bayer Pharma AG's omnibus answer in a particular case without any action on the part of BHCP or Bayer Pharma AG.  By delaying service, a plaintiff can delay the operation of BHCP or Bayer Pharma AG's omnibus answer in a particular case.  Pre-Trial Order No. 11C provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint.  When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.
>
>  If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her complaint.  Rather, a plaintiff can amend her complaint at any time for any reason.

WHEREFORE, BHCP and Bayer Pharma AG respectfully request that the Court deny Plaintiff's request for additional time to serve process on BHCP and Bayer Pharma AG under the streamlined service process of PTO 10, require Plaintiff to serve BHCP and Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiff serve Bayer Pharma AG in accordance with international and German law pursuant to

Rules 4(h)(2) and (f). The Court should also deny Plaintiff's request for additional time to serve the "other Bayer entities."

June 13, 2016

>Respectfully submitted,
>
>By: /s/ *Steven Glickstein*
>Steven Glickstein
>William Hoffman
>Andrew K. Solow
>KAYE SCHOLER LLP
>250 West 55th Street
>New York, New York 10019-9710
>Telephone: (212) 836-8485
>Facsimile: (212) 836-6485
>sglickstein@kayescholer.com
>
>
>By: /s/ *John F. Olinde*
>John F. Olinde (LA Bar #1515)
>CHAFFE McCALL L.L.P.
>1100 Poydras Street
>Suite 2300
>New Orleans, LA 70163
>Telephone: (504) 585-7241
>Facsimile: (504) 544-6084
>olinde@chaffe.com
>*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 13, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

>/s/ John F. Olinde

2706348-1