UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * | MDL NO. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAG. JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

*Julius Wollfarth, Jr. on behalf of Julius Wollfarth, Sr.*
*v. Janssen Research & Development, et al.*

**Civil Action No. 2:15-cv-00298**

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW**

**I.     INTRODUCTION**

The law firm of Huber, Slack, Thomas, and Marcelle, L.L.P. and all associated counsel, through Charles M. Thomas represents Plaintiff Julius Wollfarth, Jr., on behalf of Julius Wollfarth, Sr., in this pharmaceutical products liability action presently pending before this Court. The action, which was filed on January 30, 2015 in the Eastern District of Louisiana, alleges that Julius Wollfarth, Sr. suffered personal injuries <u>inter alia</u>, life-threatening bleeding as a result of his alleged ingestion of Xarelto. The named Defendants, including Janssen Research & Development, LLC F/K/A Johnson and Johnson Pharmaceutical Research and Development, LLC, Janssen Ortho LLC, Janssen Pharmaceuticals, Inc. F/K/A Janssen Pharmaceutica Inc. F/K/A Ortho-Mcneil-Janssen Pharmaceuticals, Inc., Johnson & Johnson Company, Bayer Healthcare Pharmaceuticals, Inc. Bayer Pharma AG, Bayer Corporation, Bayer Healthcare LLC, Bayer Healthcare AG, and Bayer AG are the manufacturers and distributors of Xarelto.

Good cause exists for permitting withdrawal of your undersigned as counsel for Plaintiff in that a conflict has arisen between Plaintiff and his counsel, making it unreasonably difficult for the firm to continue to represent the client in this action, including as it pertains to complying with PTO 13. No case-specific discovery has yet been completed in this matter and no trial date has been set. Plaintiff will, therefore, not be prejudiced by the proposed withdrawal.

## II.     BACKGROUND

The basic facts and procedural history at issue in this motion are not in dispute. This action was filed in the Eastern District of Louisiana on January 30, 2015 as part of MDL No. 2592: *IN RE: Xarelto (Rivaroxaban) Products Liability Litigation.* Although general discovery relevuant to all cases pending in this MDL has been ongoing, discovery specific to this action has not yet commenced. On May 4, 2015, the court entered PTO 13 regarding the schedule for service of Plaintiff Fact Sheets and executed authorizations for the release of records upon Defendants.

## III.     LEGAL STANDARD

The American Bar Association Model Rules of Professional Conduct offer guidance for consideration of motion for leave to withdraw as attorney of record. Specifically, the ABA-AMRPC Rule 1.16(b) provides that a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client.

## IV.     ARGUMENT

The American Bar Association's Rules of Professional Conduct allow an attorney to withdraw from representing a client if:

1.  Withdrawal can be accomplished without material adverse effect on the interests of the client;

5.  the client fails substantially to fulfill an obligation to the lawyer regarding the

>lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
>---or

7.     other good cause for withdrawal exits.

As evidenced by the attached Declaration of Charles M. Thomas, good cause for withdrawal exists, as a conflict has arisen between Plaintiff and his counsel making it unreasonably difficult for the undersigned and our law firm to continue to represent the client, Julius Wollfarth, Jr.

In addition, withdrawal can be accomplished without material adverse effect on the interests of the client. No case-specific discovery has yet been completed in this matter and no trial is set in the present action. Therefore, your undersigned respectfully seeks leave of the Court to withdraw from this action now. Plaintiff has adequate time to find substitute counsel if he so desires, and withdrawal at this stage will not cause any delay or prejudice to Plaintiff.

Should the Court require specificity regarding the nature of the conflict that is the subject of this motion, Counsel of Plaintiff requests that the Court permit an *in camera* hearing to provide the Court with an additional information that the Court may deem necessary.

WHEREFORE, Huber, Slack, Thomas & Marcelle, L.L.P. and all associated counsel respectfully request that this Honorable Court grant it leave to withdraw as counsel of record for Plaintiff and that, should Plaintiff choose to continue to pursue this matter on his own or with new counsel, he be given 45 days from the day that he or his new counsel enter an appearance and as such other and further relief the Court deems just and appropriate under the circumstances.

DATED: June 14, 2016

Respectfully submitted,

**HUBER, SLACK, THOMAS & MARCELLE**

_s/ Charles M. Thomas_
**CHARLES M. THOMAS, BAR NO. 31989**
**TODD R. SLACK, BAR NO. 24647**
1100 Poydras Street, Suite 1405
New Orleans, LA 70163
Charlie@huberslack.com
Todd@huberslack.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that I have, this day, electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all counsel of record, on this 14th day of June, 2016.

_s/ Charles M. Thomas_
**CHARLES M. THOMAS**