

CLERK'S OFFICE
A TRUE COPY
Jun 15,2016

Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: XARELTO (RIVAROXABAN) PRODUCTS**
**LIABILITY LITIGATION**                                              MDL No. 2592

**TRANSFER ORDER**

**Before the Panel**:[*]  Plaintiffs in the three actions listed on Schedule A each move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to MDL No. 2592.  The Bayer and Janssen defendants[1] oppose the motions to vacate and support transfer.

After considering the argument of counsel, we find that these actions share common questions of fact with the actions previously transferred to MDL No. 2592, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  Like many of the already-centralized actions, these actions involve factual questions arising from allegations that Xarelto causes severe bleeding and other injuries and that defendants did not adequately warn prescribing physicians or consumers of the risks associated with Xarelto.  *See In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402 (J.P.M.L. 2014).

In support of the motions to vacate, movants principally argue that the actions were improperly removed to federal court, and motions for remand to state court are anticipated or pending.  The Panel often has held that jurisdictional issues do not present an impediment to transfer, as the parties can present such arguments to the transferee judge.[2]  *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).  Movants also argue that certain issues presented in their motions for remand are not raised in the actions pending in MDL No. 2592.  Section 1407 does not require a complete identity or even a majority of common factual and legal issues as a prerequisite to centralization.  *See In re: Satyam Computer Servs., Ltd.,*

---

[*]  Judge Lewis A. Kaplan and Judge Catherine D. Perry took no part in the decision of this matter.

[1]  Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Bayer Corporation, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson.

[2]  Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-2-

*Sec. Litig.*, 712 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles A. Breyer
Ellen Segal Huvelle          R. David Proctor

**IN RE: XARELTO (RIVAROXABAN) PRODUCTS**
**LIABILITY LITIGATION**                                     MDL No. 2592

## SCHEDULE A

**16-cv-10096 L(5)**

<u>Eastern District of Kentucky</u>

MORRIS, ET AL. v. BLAKE, ET AL., C.A. No. 5:16-00081

**16-cv-10098 L(5)**

<u>Eastern District of Missouri</u>

MOSBACHER, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL.,
C.A. No. 4:16-00232

**16-cv-10099 L(5)**

<u>Southern District of New York</u>

APONTE v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL.,
C.A. No. 1:16-01088