UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION * | |
| * | SECTION L |
| THIS DOCUMENT RELATES TO: * | |
| *ALL CASES* * | JUDGE ELDON E. FALLON |
| * | |
| * | MAG. JUDGE NORTH |
| * | |
| * * * * * * * * * * * * * * * * * * * * * * * | |

**THE PLAINTIFFS' STEERING COMMITTEE'S
RESPONSE IN OPPOSITION TO DEFENDANT BAYER AG'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL OPPOSITION
AND RELATED MOTION TO STRIKE**

The Plaintiffs' Steering Committee ("PSC") submits this response in opposition to Bayer's motion for leave to file a supplemental opposition to Plaintiffs' motion to compel production of the personnel files of German employees (Doc. No. 3386).  In relation to this response, the PSC also moves to strike Exhibits C through G of Bayer's Notice of Filing Privilege Logs (Doc. No. 3384), which are cited extensively throughout Bayer's proposed supplemental opposition.

**I.      INTRODUCTION**

Bayer's filings are nothing more than cloaked attempts to persuade this Court to reconsider an issue that already has been fully briefed, argued, and ruled upon.  There is no procedural mechanism to allow for such reconsideration, and even if there were, it would be unjustified, and it would subject Plaintiffs to unfair prejudice, and jeopardize closure and the current case management deadlines.

## II.   FACTUAL BACKGROUND

On April 1, 2016, the PSC filed its Motion to Compel Discovery of Defendants' German Employees and their Personnel Files. (Doc. No. 2951). On April 22, 2016, Bayer filed its opposition, comprised of an eighteen-page brief and four exhibits. One of the exhibits was a declaration from Dr. Henning Moelle, a German attorney, describing why he thought the requested productions would violate German data protection laws. (Doc. No. 3146). On April 29, 2016, the PSC filed its reply brief. (Doc. No. 3173). Bayer did not seek leave to submit any additional briefing or supporting materials after receiving the reply brief. The matter was addressed during oral arguments on May 10, 2016, and the Court issued its ruling the following week, on May 16, 2016. (Doc. No. 3237).

In the order, the Court entered into an eleven-page factual and legal analysis, and concluded that it needed to conduct a comity analysis using the factors set forth in *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa,* 482 U.S. 522 (1987). The Court determined that it needed a privacy log in order to conduct that analysis, so it ordered Bayer to produce the log within twenty-one days.

On the twenty-first day, Bayer produced not only the requested logs, but also: (1) a four-page declaration by Gudrun Lohkamp, Bayer's Head of the Human Resources Department in Germany, with seven exhibits totaling almost 160 pages; (2) a twenty-two page declaration by Gregor Thusing, a German professor; (3) a second declaration by Dr. Moelle, consisting of three pages; (4) a two-page declaration by Timothy Coon, Bayer's counsel in this litigation; and (5) an English translation of the German data protection law. Bayer also moved for leave to file a "supplemental opposition" to the motion that already had been ruled upon, to make additional arguments based on these hundreds of pages of new and extraneous materials that were submitted along with the one and only thing requested by the Court: four pages of privacy logs.

**III. ARGUMENT**

As noted above, the issue of whether certain categories of "personal data" from the personnel files of German witnesses should be produced already was fully briefed and argued, and ruled upon, an entire month ago. This Court's application of the already-determined law to the four pages of requested privacy logs is all that remains to be done.

Now that the legal determinations have been made, Bayer should not be permitted to bombard the Court with hundreds of pages of newly minted legal arguments and allegedly supportive materials that could have been submitted *before* the Court issued its ruling. Bayer's only intent in submitting these materials could be to try to convince the Court that its initial analysis was incorrect, but Bayer should not be permitted to keep revisiting the same issue, and causing the parties and the Court to spend additional time and expenses on a matter that already has been laid to rest.

**A. There is no procedural mechanism that allows for reconsideration.**

The Federal Rules of Civil Procedure do not provide for motions for reconsideration outside of the post-trial motion procedures that are addressed in Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from a final judgment, order or proceeding). *See Auto Servs. Co., Inc. v. KPMG, LLP,* 537 F.3d 853, 855 (8th Cir. 2008). None of the Xarelto cases are anywhere near the trial stage, let alone the post-trial stage.

As for a pre-trial, non-dispositive ruling such as the one at issue here, there is no mechanism for its reconsideration in federal court, outside of any local procedural rules that may exist. *See In re Greektown Holdings, LLC,* 728 F.3d 567, 573 (6th Cir. 2013). No such local rule exists in this Court. Consequently, leave should be refused for Bayer to file its improper "supplemental opposition."

**B.     The important, legitimate objectives of closure and the maintenance of case management pace would be at risk if the new and voluminous arguments and materials are considered.**

The time for Bayer to file its new legal arguments, and its new expert reports and other materials allegedly supporting its new legal arguments, was before the Court issued its ruling. Now that the ruling has been entered, they are untimely, and can be, and should be, stricken from the record. If they are not, closure always will be uncertain, because a precedent will be set of allowing a party who does not like an initial ruling to submit hundreds of pages of materials – even expert reports – post-ruling.

Federal courts in Louisiana do not favor such blatant disregard of deadlines. For example, in *Elwakin v. Target Media Partners Operating Co. LLC,* 901 F. Supp. 2d 730, 746-47 (E.D. La. 2012), the court struck new arguments that were presented in a reply brief, and in an attached affidavit and deposition exhibits, because the materials were filed after the motion had been noticed for submission. The motion at issue here not only was noticed for submission, but was also argued and ruled upon.

Additionally, in *Broussard v. Go-Devil Mfg. Co.,* No. 3:08-cv-00124, 2014 U.S. Dist. LEXIS 8580 (M.D. La. Jan. 23, 2014), the court struck an untimely "supplemental" expert report that provided additional reasons why the subject patents were invalid, holding that "supplements" should not be used as a means to extend deadlines for submitting information. *Id.* at *15-16. In so ruling, the court stressed the Fifth Circuit's prior rebuke of the practice:

> [T]he Firth Circuit Court of Appeals has admonished that such an offer of 'additional reasons' – i.e. *new* opinions – is *not* the purpose of a supplemental report. Rather, '[t]he purpose of rebuttal and supplementary disclosures is just that – to rebut and supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information.'

*Id.* at *15 (emphasis in original) (quoting *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.,* 73 F.3d 546, 571 (5th Cir. 1996). Similarly, in this case, expert reports should not be permitted to be submitted after the implicit deadline – before the initial motion was argued and ruled upon.

Even beyond that precedent, allowing the supplemental submissions would place the current deadlines at risk. Case Management Order No. 2 ("CMO 2") requires Bayer to complete its discovery productions by July 29, 2016, and Plaintiffs to complete their discovery depositions by September 23, 2016. *See* CMO 2 (Doc. No. 1305), at ¶ 3(a), (c). Those deadlines are only a little more than six and fourteen weeks away, respectively.

If Bayer's supplemental submissions on an already ruled-upon motion are allowed – and they should not be allowed – fairness would require that the PSC likewise be given twenty-days from the date of whatever order is entered to make its own supplemental submission. The matter then would need to be argued, again, and the Court would need to analyze the law, again, and issue a ruling, again. And after all of that is completed, discovery potentially would need to be compiled, produced and reviewed, and depositions would need to be taken. And given the importance of these depositions, they could lead to the need to collect additional discovery and take additional depositions. It is unlikely that all of this could be accomplished within the current schedule, which means that trial dates may be disturbed.

Moreover, a post-ruling procedure such as this would require the parties and the Court to spend additional time and money on issues that already have been decided. The PSC already has spent dozens of hours analyzing Bayer's new submissions and preparing this opposition, and if additional briefing is allowed, several dozen additional hours easily would be expended. The Court likewise would need to spend considerable time evaluating the new submissions. And, if

5

the PSC decides that to retain an expert to rebut the three new declarations that were just now submitted, post-ruling, thousands of additional dollars would be spent. This time and money would have been justified if the materials had been submitted before a ruling was entered, but now that a ruling has been issued, the interests of closure and maintaining the current schedule should prevail.

### C. The additional extraneous materials that were filed separately from Bayer's proposed "supplemental opposition" should be stricken.

It is not enough to deny leave for Bayer to file its proposed "supplemental opposition," because Bayer submitted the same legal arguments that were in its proposed brief as part of its "Notice of Filing Privilege Logs" by attaching the hundreds of pages of legal arguments and related materials to that notice. It is unclear why these materials were attached to the notice of filing the four-page privilege log submission, rather than as exhibits to Bayer's legal brief. Perhaps it was to increase the odds that the materials would be considered, even if leave to file the brief was denied. In any event, those post-ruling legal arguments should be prohibited through an order striking those exhibits from the privilege log submission, for the same reasons that Bayer's motion for leave to file its "supplemental opposition" should be denied.

## IV. CONCLUSION

For the reasons set forth above, the PSC respectfully requests that this Court deny Defendants' motion for leave to file a supplemental opposition to the motion that already has been ruled upon, and strike the exhibits that were improperly filed with its privilege logs.[1]

---

[1] In the event the Court grants Defendant leave to file its supplemental motion, the PSC respectfully requests that a briefing schedule be set to allow the PSC sufficient time to respond to the Defendant's supplemental motion.

| | Respectfully submitted, |
|---|---|
| Dated:  June 16, 2016 | */s/ Leonard A. Davis* <br> Leonard A. Davis, Esq. (Bar No. 14190) <br> ***HERMAN, HERMAN & KATZ, LLC*** <br> 820 O'Keefe Avenue <br> New Orleans, LA  70113 <br> Phone:  (504) 581-4892 <br> Fax:  (504) 561-6024 <br> Email:  ldavis@hhklawfirm.com <br><br> Gerald E. Meunier (Bar No. 9471) <br> ***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC*** <br> 2800 Energy Centre, 1100 Poydras Street <br> New Orleans, LA  70163-2800 <br> Phone:  (504) 522-2304 <br> Fax: (504) 528-9973 <br> Email:  gmeunier@gainsben.com <br><br> *Plaintiffs' Liaison Counsel* |

**PLAINTIFFS' STEERING COMMITTEE**

| | |
|---|---|
| Andy D. Birchfield, Jr. (Co-Lead Counsel) <br> 234 Commerce Street <br> Post Office Box 4160 <br> Montgomery, Alabama 36103-4160 <br> Phone: (334) 269-2343 <br> Fax: (334) 954-7555 <br> Email: Andy.Birchfield@BeasleyAllen.com | Bradley D. Honnold <br> 11150 Overbrook Rd., Ste. 200 <br> Leawood, KS 66211 <br> Phone: (913) 266-2300 <br> Fax: (913) 266-2366 <br> Email: bhonnold@bflawfirm.com |
| Brian H. Barr (Co-Lead Counsel) <br> 316 Baylen Street, Suite 600 <br> Pensacola, FL 32502 <br> Phone: (850) 435-7045 <br> Fax: (850) 436-6044 <br> Email: bbarr@levinlaw.com | Frederick S. Longer <br> 510 Walnut Street, Suite 500 <br> Philadelphia, PA 19106 <br> Phone: (215) 592-1500 <br> Fax: (215-592-4663 <br> Email: flonger@lfsblaw.com |
| Russell T. Abney <br> 2100 RiverEdge Parkway, <br> Suite 720 <br> Atlanta, Georgia 30328 <br> Email: rabney@lawyerworks.com | Jeffrey S. Grand <br> 550 Broad Street, Suite 920 <br> Newark, NJ 07102 <br> Phone: (973) 639-9100 <br> Fax: (973) 639-9393 <br> Email: jgrand@seegerweiss.com |

| | |
|---|---|
| Dr. Mark Alan Hoffman<br>1650 Market Street, Suite 3450<br>Philadelphia, PA 19103<br>Phone: (215) 574-2000<br>Fax: (215) 574-3080<br>Email: mhoffman@rossfellercasey.com | Roger C. Denton<br>100 S. 4th Street<br>St. Louis, MO 63102<br>Phone: (314) 621-6115<br>Email: rdenton@uselaws.com |
| Michael Goetz<br>201 N. Franklin St., 7th Floor<br>Tampa, FL 33602<br>Phone: (813) 221-6581<br>Fax: (813) 222-4737<br>Email: MGoetz@ForThePeople.com | Dianne M. Nast<br>1101 Market Street, Suite 2801<br>Philadelphia, Pennsylvania 19107<br>Phone: (215) 923-9300<br>Email: dnast@nastlaw.com |
| Neil D. Overholtz<br>17 E. Main Street , Suite 200<br>Pensacola, Florida 32501<br>Phone: (850) 916-7450<br>Fax: (850) 916-7449<br>Email: noverholtz@awkolaw.com | Ellen Relkin<br>700 Broadway<br>New York, New York 10003<br>Phone: (212) 558-5500<br>Fax: (212) 344-5461<br>Email: Erelkin@weitzlux.com |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 16, 2016, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other Plaintiffs' Counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

           */s/ Leonard A. Davis*
           **LEONARD A. DAVIS**