UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO ALL ACTIONS | JUDGE ELDON E. FALLON |
| | MAG. JUDGE NORTH |

**BAYER'S RESPONSE TO (1) PLAINTIFFS' MOTION FOR LEAVE TO FILE AND (2) PLAINTIFFS' MOTION TO STRIKE AND THEIR OPPOSITION TO BAYER'S SUPPLEMENTAL BRIEF**

**INTRODUCTION**

Bayer does not oppose the Plaintiffs' Steering Committee's Motion for Leave [Rec. Doc. 3468], but Bayer opposes the Motion to Strike and the request to deny Bayer leave to file its supplemental brief.  There are two reasons the Court should deny Plaintiffs' request  to strike the declarations and exhibits in Bayer Pharma AG 's ("Bayer") June 6, 2016 Notice of Filing [Rec. Doc. 3384], and should grant Bayer's motion for leave to file its supplemental brief [Rec. Doc. 3386] explaining those filings.

1. The materials are directly responsive to questions raised by the Court in its May 11, 2016 Order and Reasons ("Order"), and will assist the Court in reaching its decision; and

2. The Court has been extremely indulgent in permitting Plaintiffs to supplement the record on three separate occasions; and it would be both unfair and harsh to apply a stricter standard to defendants and deny them even one supplement.

1

Of course, Bayer has no objection to Plaintiffs' request for twenty (20) days to respond on the merits to its submission, and Bayer had previously expressed this to Plaintiffs.

## ARGUMENT

Defendants June 6, 2016, Notice of Filing contained the following exhibits:

A. Privacy log of Dr. Dagmar Kubitza

B. Privacy log of Dr. Frank Misselwitz

C. Declaration of Ms. Gudrun Lohkamp

D. Declaration of Prof. Gregor Thüsing

E. Declaration of Dr. Henning Moelle

F. Declaration of Mr. Timothy Coon

G. English language translation of German Data Protection Act.

In addition, Bayer submitted a short brief explaining the legal significance of the filings.

Plaintiffs are wrong to say that this Court has made a final determination of the merits of Plaintiffs' request to produce the German personnel files. To the contrary, the Court requested additional information in order to make a decision. All of Bayer's submissions are responsive to questions raised by the Court in its Order.

The Court states that it wants to better understand "character, nature and quantity" of the two doctors' personnel files without disclosing the content. Order at 9. The two logs provide a description of the documents and number of pages. Because those descriptions cannot disclose the substance and therefore are necessarily general, Ms. Lohkamp's declaration provides the Court with additional information that will help the Court understand the "character and nature" of the files. She does so by attaching blank templates of most of the documents referenced in the files (exhibits 1-6 of her declaration); by attaching the files of a US Bayer employee, Dr. Theodore

Spiro, whose file the Court already has seen in camera; and by explaining that "although the details of the information requested by Plaintiffs of each employee's personnel file differ, the documents contained in the personnel files are similar in format and contain the same categories of information as documents relating to Dr. Spiro that are attached as Exhibit 7." These exhibits should give the Court a clear idea of the character and nature of the information contained in the personnel files of Drs. Kubitza and Misselwitz.

The Court states it wants to review the information to determine whether the material contained in the personnel files "constitutes personal data covered by the German Data Protection Act" and if so the nature of the "foreign nation's interests" which must be balanced against those of the U.S. *See* Order at 9. The declarations of Prof. Thüsing and Dr. Moelle answer those precise questions in the context of the exemplar exhibits provided by Ms. Lohkamp, which describe the character and nature of the two doctors' personnel files. Prof. Thüsing's declaration also answers a question raised by the Court at oral argument and referenced by the Court at pages 7-8 of the Order concerning enforcement of the Data Protection Act.

The Court states that its review will help assess the importance of the files to the litigation and the availability of information from other sources. *See* Order at 9, 11. The declaration of Mr. Coon sheds light on that question by quantifying the huge amount of information Plaintiffs have obtained about Drs. Kubitza and Misselwitz and their activities relating to Xarelto from other sources. Each produced a custodial file of over 1 million pages, and in total there are over 3 million pages of documents from, to, or referencing each of them. This is in comparison to the minuscule quantity of documents in the personnel files. These numbers can be verified by Plaintiffs, and, we are sure, will not be disputed.

The Court's Order cites the English translation of the German Data Protection Act. Defendants merely put the translation into the record.

All of the above filings are responsive to information requested by the Court, and in particular to the Court's request to use "all available means" to be fully informed about the issues. *See* Order at 9. We cannot imagine the Court would want to deprive itself of this information.

Further, the Court has been incredibly indulgent of the Plaintiffs in permitting them to supplement the record on multiple occasions. In particular,

- On January 22, 2016, during oral argument on Plaintiffs' first motion to obtain the German personnel files, the Court stated: "I haven't heard anything that the plaintiffs have cited that interferes or contests or takes an opposite position on German law." Tr. at 30. But instead of denying the motion with prejudice, the Court permitted Plaintiffs to supplement.

- On January 29, 2016, the Court stated: "The defendants have given me an affidavit from a German attorney indicating the German law with great specificity and giving me his opinion. The defendants have also written a memorandum in support of their position. I haven't received anything from the plaintiffs responding to that, but we can talk about that aspect of the case too." Tr. at 5. In response, Mr. Barr stated the PSC was dropping the issue: "I can address the German thing quickly, and we can probably remove that from the table. We are not intending on filing anything additional on that." Tr. at 6. Nonetheless, the Court allowed Plaintiffs to change their mind and supplement. A second motion to compel the German personnel files ensued.

- On February 23, 2016, Plaintiffs withdrew their second motion on the German personnel files after the Court suggested in chambers that the motion was untimely and did not address the Societe Nationale/Restatement balancing test. But once again the Court allowed the

4

Plaintiffs to renew their motion and supplement. A third motion by Plaintiffs then ensued, which is now pending.

It is unbecoming of Plaintiffs to suggest that Bayer should have no opportunity to supplement, in response to a request by the Court for additional information, after the Court has been so gracious in permitting Plaintiffs to supplement multiple times. Indeed, if the rule the Plaintiffs espouse is applicable, they should not have been permitted to supplement even once. The Court allowed Plaintiffs to supplement multiple times undoubtedly because the Court felt it was more important for it to be fully informed and get the decision right than to procedurally default the Plaintiffs. We respectfully suggest that the same principle be applied to Bayer.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion and should further grant Bayer's motion for leave to file its supplemental brief explaining the legal significance of its filings.

       KAYE SCHOLER LLP

       By: /s/ *Steven Glickstein*
       Steven Glickstein
       William Hoffman
       Andrew Solow
       KAYE SCHOLER LLP
       250 West 55th Street
       New York, New York 10019-9710
       Telephone: (212) 836-8485
       Facsimile: (212) 836-6485
       sglickstein@kayescholer.com

       *Co-Lead Defense Counsel*

CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

*Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/       John F. Olinde*