# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXTENSION OF TIME IN WHICH TO SERVE PROCESS ON BAYER PHARMA AG

The Plaintiffs in the above-referenced action hereby submit this Memorandum of Law in Support of their Motion for an Order from this Honorable Court granting them thirty (30) days from the granting of this motion in which to serve process on Defendant Bayer Pharma AG (sometimes referred to as the "Bayer Defendant," through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

## I. BACKGROUND

On March 4, 2016, Plaintiffs filed a Joint Complaint against Defendants and were assigned Case No. 2:16-cv-01867, Charles Bryant v. Janssen Research & Development, LLC, et al. On March 9, 2016 the Joint Complaint was sent via registered mail, return receipt requested to Bayer Pharma AG at the address set forth in PTO 10. Two days later, on March 11, 2016, the undersigned received a Severance Order from the Court instructing that the Joint Complaint be severed and that Plaintiff should file separate, individual cases for each group of related Plaintiffs.

Thereafter, on March 16, 2016, Plaintiff James Busdeker filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-01867. On March 16, 2016, Plaintiff Elizabeth Chandler filed a separate, short form complaint in accordance with

PTO No. 11 and was assigned case No.:2:16-cv-02258. On March 16, 2016, Plaintiff Joanne Davis filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02261. On March 16, 2016, Plaintiff Constant Harris filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02265. On March 16, 2016, Plaintiff Linda Henry filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02269. On March 16, 2016, Plaintiff Larry Hoffman filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02273. On March 16, 2016, Plaintiff James Jones filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02284. On March 16, 2016, Plaintiff Violet Macsuga filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02285. On March 16, 2016, Plaintiff Harley Nelson filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02290. On March 16, 2016, Plaintiff Barry Paroff filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02295. On March 16, 2016, Plaintiff Ronda Pearson filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02299. On March 16, 2016, Plaintiff Dixie Peters filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02302. On March 16, 2016, Plaintiff Rebecca Roberts filed a separate, short form

complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02303. On March 16, 2016, Plaintiff Sandra Stearns filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02304. On March 16, 2016, Plaintiff Tonya Swinford filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02306. On March 16, 2016, Plaintiff Daryl Yue filed a separate, short form complaint in accordance with PTO No. 11 and was assigned case No.: 2:16-cv-02307.

Plaintiffs timely served the initial Joint Complaint and subsequent short form complaints on Defendants Janssen Ortho, LLC, Janssen Pharmaceuticals, Inc., and Janssen Research & Development LLC. Moreover, this Bayer Defendant had been made fully aware of the facts and circumstances of the Complaint by virtue of its the receipt of the Joint Complaint which was sent on March 9, 2016. A signed return receipt card confirming the Defendant's receipt of the package was returned to this office.

Subsequently, on March 11, 2016, a Severance Order was issued by the Court instructing that the Joint Complaint be severed and that Plaintiffs should file separate, individual cases for each group of related Plaintiffs. As set forth above, on March 16, 2016, the 14 cases comprising the Joint Complaint were severed and individual short form Complaints were filed in each matter against all Defendants.

On or about March 29, 2016, Counsel for Bayer Pharma AG sent correspondence, purportedly via electronic mail, to the undersigned noting certain infirmities with Plaintiffs' attempt at service through the streamlined process. However, the undersigned did not receive this email message in as and when sent, and it was not until much later that I became aware of it. Regardless, the very fact of this correspondence from the Bayer Defendant's counsel, as well as the signed return receipt, clearly show that the Defendant Bayer Pharma AG was fully aware of the existence and filing of the Joint Complaint.

In response to discovery of that March 29 correspondence (as received later), on May 24, 2016, as expeditiously as was possible, the Joint Complaint, Severance Order and List of Severed Cases was sent via registered mail to the address listed in PTO 10 and contemporaneously emailed to xareltocomplaints@ babc.com. Inadvertently, a Civil Cover Sheet and Waiver of Service of Summons, was included in the package, but a Summons was not. This was the second time that the Defendant was served with the same Joint Complaint and related service documents.

On June 8, 2016, the undersigned received another letter from counsel for Bayer Pharma AG, which this time was received on or about that date. In it, Defendant's counsel admits having received, *inter alia*, the Complaint, Severance Order and List of Cases. However, the Defendant stated that due to the lack of a summons and the fact that this second act of service was received

more than 60 days from the docketing of the Joint Complaint, it considered that service was improper. As a result, this Motion for Extension of Time is hereby filed. Given the fact that the Defendant Bayer Pharma AG had actual notice of the Joint Complaint by virtue of it being sent twice, as well as the acknowledgement of receipt through correspondence from counsel and a signed return receipt, it is clear that the Bayer Defendant had notice of the filing of the Complaint. In addition, as further evidence that Bayer Pharma AG had notice of the filing of the Complaint, Plaintiffs timely filed all of their Plaintiff Fact sheets on all Defendants, including Bayer Pharma AG, through Brown Greer's MDL Centrality, pursuant to PTO 13. In addition to all of the foregoing, it is clear that Plaintiffs made diligent, good faith efforts and multiple attempts to comply with requirements of PTO 10 and 11, in good faith, and that should this motion be granted Defendant will suffer no prejudice while, should it be denied, Plaintiffs will suffer great prejudice.

Accordingly, for all of these reasons, as well as those set forth below, Plaintiffs respectfully request that this Motion for additional time in which to serve Defendant Bayer Pharma AG pursuant to the streamlined process be granted.

## LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule furthers states that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id.* Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) When considering whether to extend the time for service, Courts take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the ... deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 666.[1]

---

[1] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

In *Zermeno, supra,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id.* at 667. The court noted that "if defendants acts so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id.* Here, Defendants' counsel clearly acknowledged receipt of the Complaints.

Similarly, in *Millan v. USAA General Insurance Co.,* 546 F3d 321, 325 (5th Cir. 2008), the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id.* However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id.* at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id.*

Here, Defendant Bayer Pharma AG had notice of the claims against it despite the fact that Plaintiffs inadvertently failed to serve their Complaints in full accordance with PTO 10 in that the summons was omitted and a waiver of summons and a civil cover sheet was included, and that the second attempt at service was outside 60 days of docketing for the reasons noted above. Plaintiffs moved along with their cases, most notably through preparing and filing their Plaintiff Fact Sheets and pursuing medical records requests.

Defendant Bayer Pharma AG is aware of the general facts, circumstances and theories of recovery underlying Plaintiffs' Complaints having been served with countless identical complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiffs, no actual prejudice has or will occur to Defendant Bayer Pharma AG by the Court granting the discretionary relief sought herein.

Additionally, Plaintiffs point out that the dismissal of these cases could subject them to a statute of limitations defense in the future. Although Plaintiffs believe they would be able to overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiffs.

In light of the foregoing, Plaintiffs respectfully request that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request an Order from this Court granting them thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG. Plaintiffs have shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

Dated: June 20, 2016               Respectfully submitted,

Neal L. Moskow
ct 04516
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
(203) 610-6393 – telephone
(203) 610-6399 – facsimile
Neal@urymoskow.com

*Attorney for Plaintiffs*