**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: XARELTO (RIVAROXABAN)  PRODUCTS      *   **MDL NO. 2592**
LIABILITY LITIGATION

                                                                  *   **SECTION L**
                                                                  *
                                                                  *   **JUDGE ELDON E. FALLON**
                                                                  *
                                                                  *   **MAG. JUDGE NORTH**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***      *

**THIS DOCUMENT RELATES TO:**
      **ALL CASES**

**<u>ORDER</u>**

      Upon review of the PSC's Opposition to Defendant Bayer AG's Motion for Leave to File

Supplemental Opposition and Related Motion to Strike, R. Doc. 3468-2, the Court finds it

appropriate to strike certain materials from the Record.  The Court's May 13, 2016, Order &

Reasons ordered Bayer to "detail the character and quantity of the personal data contained within

each file without disclosing its content."  R. Doc. 3237 at 11.  Bayer filed its Notice of Filing of

Privacy Logs on June 6, 2016.  R. Doc. 3384.  Numerous exhibits were attached to the Notice.

Additionally, Bayer filed a Motion for Leave to File Supplemental Opposition.  R. Doc. 3386.

The Court shall briefly discuss each of the attachments to the Notice as well as the Motion for

Leave to File Supplemental Opposition.

      Exhibit A is the privacy log of Dr. Dagmar Kubitza.  R. Doc. 3384-1.  The Court finds

this Exhibit responsive to its May 13, 2016, Order & Reasons.

      Exhibit B is the privacy log for Dr. Frank Misselwitz.  R. Doc. 3384-2.  The Court finds

this Exhibit responsive to its May 13, 2016, Order & Reasons.

Exhibit C contains the Declaration of Gudrun Lohkamp, the Head of Human Resources for Bayer.  R. Doc. 3384-3.  Exhibit C also contains blank templates of the documents referenced in the logs, as well as the personnel files of Dr. Theodore Spiro.  Ms. Lohkamp declares that these filled-out personnel files "are similar in format and contain the same categories of information" as the personnel files subject to German law.  The Court finds this Exhibit responsive to its May 13, 2016, Order & Reasons.

Exhibit D contains the Declaration of Gregor Thusing, a jurist and professor at the University of Bonn. R. Doc. 3384-4.  Mr. Thusing purports to be an expert on German employment law and data protection law.  Mr. Thusing elaborates on the German Data Protection Act's application to the personnel files at issue.  The Court finds this Exhibit unresponsive to its May 13, 2016, Order & Reasons.

Exhibit E contains the Declaration of Henning Moelle, a German attorney who specializes national and trans-border litigation.  R. Doc. 3384-5.  Mr. Moelle elaborates on the German Data Protection Act's application to the personnel files at issue.  The Court finds this Exhibit unresponsive to its May 13, 2016, Order & Reasons.

Exhibit F contains the Declaration of Timothy Coon, an attorney representing Bayer in this litigation.  R. Doc. 3384-6.  Mr. Coon planned and coordinated e-discovery and document production in the instant litigation.  Mr. Coon elaborates on the state of the production of custodial files in the litigation generally.  Mr. Coon also discusses the production of the custodial files of Dagmar Kubitza and Frank Misselwitz.  The Court finds this Exhibit unresponsive to its May 13, 2016, Order & Reasons.

Exhibit G is an English translation of the German Data Protection Act.  R. Doc. 3384-7. The Court finds this Exhibit unresponsive to its May 13, 2016, Order & Reasons.

Bayer's Proposed Supplemental Opposition, R. Doc. 3386-2, argues that production of the personnel files would violate the German Data Protection Act.  Bayer has extensively briefed the Court on this matter, as well as presented its position at oral argument.  The Court finds that the Supplemental Opposition is an attempt to reargue the motion rather than to inform the Court of the character and nature of the personnel files at issue.  Therefore, the Supplemental Opposition, R. Doc. 3386-2, is unresponsive to the Court's May 13, 2016, Order & Reasons.

With the preceding in mind,

**IT IS ORDERED** that Bayer's Motion for Leave to File Supplemental Opposition, R. Doc. 3386, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the PSC's Motion to Strike, R. Doc. 3468-2, is **GRANTED IN PART AND DENIED IN PART**.  Exhibits D, E, F, and G of Bayer's Notice of Filing of Privacy Logs are hereby **STRUCK**.

**IT IS FURTHER ORDERED** that the PSC may file a Response to the Notice of Filing of Privacy Logs on or before July 5, 2016.  The Response shall be strictly limited to a discussion of the "character and nature" of the privacy logs as well as the Declaration of Gudrun Lohkamp and any materials attached thereto.

New Orleans, Louisiana, this 23rd day of June, 2016.

_____
UNITED STATES DISTRICT JUDGE

[3]