UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO ALL CASES | * * | JUDGE ELDON E. FALLON |
| | * * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' STEERING COMMITTEE'S
MOTION TO COMPEL DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 37, the PSC respectfully moves to compel Pharmaceutical Research and Manufacturers of America (PhRMA) to produce documents in response to Plaintiffs' Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action.

**I.      INTRODUCTION**

On May 4, 2016, the Plaintiffs' Steering Committee ("PSC") served PhRMA with a Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, with a return date of June 1, 2016 [Rec. Doc. 3175]. On May 17, 2016, PhRMA served its Objections of Nonparty Pharmaceutical Research and Manufacturers of America (PhRMA) to Plaintiffs' Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action (Exhibit "A" attached hereto).

Numerous meets and confers have been undertaken between the parties. In the course of these discussions, the PSC advised that it was their understanding that PhRMA had prior dealings with both J&J/Janssen and the FDA concerning Xarelto, including but not limited to:

1

- During 2014 and 2015, and in conjunction with its reporting obligations to the FDA, the PhRMA's Office of Accountability collected information from Janssen regarding its direct-to-consumer advertising for Xarelto, including any comments it received on such promotions from consumers, healthcare professionals, and the FDA.  This information was purportedly compiled and submitted to the Agency.

- In 2014, PhMRA had a meeting with the FDA to discuss the regulations and guidelines governing promotions to physicians and specifically, Xarelto related materials.

- In 2011, PhMRA had discussions with the Agency concerning its approach to benefit-risk analysis in advance of the September 8, 2011 FDA Advisory Committee Meeting in which the approval of Xarelto was considered. .

In response to this information, PhRMA has advised the PSC that other than some summary information relating to direct-to-consumer advertising, it is unable to locate any documents within the organization relating to Xarelto or identify individuals that would have had involvement with Xarelto or novel oral anticoagulants ("NOACs").  PhRMA has not provided any detailed information regarding what efforts it undertook to find responsive documents.  The PSC's understanding is that PhMRA has not attempted to search its electronically-stored information, such as emails and word processing files, for Xarelto-related materials.

**II.     ARGUMENT**

Under Federal Rule of Civil Procedure 37(a), a party seeking discovery may move for an order compelling production if a party fails to produce documents requested under Rule 34. The Federal Rules grant the district court broad discretion in ruling on discovery matters such as a motion to compel.  *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011)

Federal courts have an established policy of liberal discovery.  Fed. R. Civ. P. 26(b); *Hickman v. Taylor,* 329 U.S. 495, 507 (1947); *Dollar v. Long Mfg. N.C., Inc.* 561 F.2d 613, 616 (5th Cir. 1977); *Intralox, L.L.C. v. Habasit Belting, Inc.*, 2004 WL 2999097, at *3 (E.D. La. Dec. 23, 2004).  As amended, effective December 1, 2015, Rule 26(b)(1) permits broad discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(1).[1]  The term "relevant" in Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

Here, Defendants do not attempt to base their refusal on an enumerated and recognized exception under Rule 26.  Defendants have not asserted privilege or any valid assertion of undue burden, cumulativeness, or availability of the evidence through more accessible means. *See* FRCP 26(b)(2)(C).  Nor have Defendants asserted that these documents are not relevant to Plaintiffs' claims. Instead, counsel has effectively said that despite inquiry, documents cannot be located.

The PSC has suggested that PhRMA produce for deposition the most knowledgeable person regarding Xarelto-related matters.  Attached hereto as Exhibit "B" is a draft Notice of 30(b)(6) Deposition.  The PSC contends that if PhRMA is unable to produce the documents set

---

[1] Rule 26(b)(1), as amended in 2015, states in full:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26.

forth in the original subpoena dated May 2, 2016, then PhRMA should produce a witness to testify in accordance with the attached Exhibit "B."

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel and enter an Order compelling PhRMA to promptly produce the documents requested in the Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action.

DATE:        June  28 , 2016                              Respectfully submitted,

/s/ Leonard A. Davis
Leonard A. Davis, Esq. (Bar No. 14190)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
GAINSBURGH    BENJAMIN    DAVID
MEUNIER &WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
PH: (504) 522-2304
FAX: (504) 528-9973
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Bradley D. Honnold
11150 Overbrook Rd., Ste. 200
Leawood, KS 66211
Phone: (913) 266-2300
Fax: (913) 266-2366
Email: bhonnold@bflawfirm.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Frederick S. Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Russell T. Abney
2100 RiverEdge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Jeffrey S. Grand
550 Broad Street, Suite 920
Newark, NJ 07102
Phone: (973) 639-9100
Fax: (973) 639-9393
Email: jgrand@seegerweiss.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

Michael Goetz
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: (813) 221-6581
Fax: (813) 222-4737
Email: MGoetz@ForThePeople.com

Dianne M. Nast
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Phone: (215) 923-9300
Email: dnast@nastlaw.com

Neil D. Overholtz
17 E. Main Street , Suite 200
Pensacola, Florida 32501
Phone: (850) 916-7450
Fax: (850) 916-7449
Email: noverholtz@awkolaw.com

Ellen Relkin
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 344-5461
Email: Erelkin@weitzlux.com