# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

|   |   |   |
|---|---|---|
| In re: Xarelto (Rivaroxaban) Prod. Liab. Litig. | ) ) ) ) ) ) ) | MDL No. 2592 |

**OBJECTIONS OF NONPARTY PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA (PhRMA) TO THE PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, nonparty Pharmaceutical Research and Manufacturers of America ("PhRMA") hereby objects to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("the Subpoena") served by the Plaintiffs in the above-captioned case as follows:

**GENERAL OBJECTIONS**

The general objections set forth below are incorporated by reference into PhRMA's response to Request No. 1 of the Subpoena below as though fully set forth therein.

1.  PhRMA objects to the Request to the extent that it seeks information protected by any relevant privilege or legal protection, including, without limitation, the attorney–client privilege, the work product doctrine, the associational privacy privilege, or any other privilege or immunity. Nothing contained in PhRMA's response to the Subpoena is intended to be, or should be considered as, a waiver of the protections from disclosure conferred by the attorney–client privilege, the attorney work product doctrine, the associational privacy privilege, or any other privilege or immunity.

2.      PhRMA objects to the Request to the extent that it seeks proprietary or confidential information, including information that is subject to protective orders, nondisclosure agreements, or other confidentiality agreements with third parties.  To the extent that any documents are produced in response to the Subpoena, PhRMA reserves the right to seek an appropriate protective order, or to seek modifications to any existing protective order, concerning such information before any such production.

3.      PhRMA reserves the right to request cost sharing pursuant to Federal Rules of Civil Procedure 26(d)(1), 26(d)(3)(C)(ii), and any other applicable authority in the event that any documents are produced pursuant to this Request.

4.      These objections are based on the information available to PhRMA at this time, and PhRMA reserves the right to supplement or modify these objections based on any new information or as otherwise permitted under the Federal Rules.

## **SPECIFIC OBJECTIONS**

**Request No. 1**

Any and all information concerning Pharmaceutical Research Manufacturers of America (PhRMA) and its members Bayer AG, Bayer Corporation, and Johnson & Johnson's activities and communications relating to anticoagulant medications, novel oral anticoagulants ("NOACs"), and Rivaraxoban (sold as "Xarelto") from 2005 to the present, including but not limited to the following:
   a. Communications, meetings, submissions, and presentations relating to the Food and Drug Administration ("FDA");
   b. Communications, meetings, submissions, and presentations relating to any Advisory Councils to the Food and Drug Administration ("FDA");
   c. Communications, meetings, submissions, and presentations relating to any domestic and/or foreign governmental body, representative, or agency;
   d. Communications, meetings, submissions, and presentations relating any legislator, healthcare provider, medical societies, and/or medical technology conferences; and
   f. Communications, meetings, submissions, and presentations relating to any public relations and/or media relations organizations.

**Objections to Request No. 1**

PhRMA objects to this Request, including all subparts thereof, as irrelevant to any claim or defense at issue in this multidistrict litigation. PhRMA is a non-profit trade association of the country's leading research-based pharmaceutical and biotechnology companies. PhRMA currently has thirty-one (31) member companies, excluding its Research Associates.[1] PhRMA advocates for public policies that encourage the discovery of important new medicines by pharmaceutical and biotech companies. PhRMA is not in the business of developing, manufacturing, marketing, advertising, or seeking regulatory approval for particular medicines. Given PhRMA's public policy advocacy role in the industry, it is not apparent how the requested documents, to the extent they exist, would be relevant to product liability and related claims against the companies that market Rivaroxaban ("Xarelto").

PhRMA further objects to this Request, including all subparts thereof, as vague and overbroad. The Request is not limited to any specified initiative, effort, or event with relevance to the litigation but instead appears to seek in broad–brush terms "any and all information" relating in any way, no matter how tangentially, to every anticoagulant medication marketed over the course of more than a decade.

PhRMA further objects to this Request, including all subparts thereof, as unduly burdensome and disproportionate to the needs of the case. Given the sheer breadth of the Request, questionable relevance of the information sought, and availability of party discovery, searching for any responsive information (if it exists) would impose an undue and

---

[1] A list of PhRMA's members is available at http://www.phrma.org/about/member-companies.

3

disproportionate burden for a nonparty.  This burden is magnified because PhRMA is not in the business of marketing or sponsoring particular medications or classes of medications, and accordingly does not organize and maintain its documents segregated by medication or medication class.

PhRMA further objects to this Request, including all subparts thereof, to the extent that it is duplicative or cumulative of other discovery already sought, or which could more easily be obtained, from parties to this litigation including Bayer AG, Bayer Corporation, and Johnson & Johnson (collectively, "Defendants").  To the extent that Defendants participated in any communications requested, any documents reflecting such communications should be available from Defendants without imposing a burden on nonparty PhRMA.  Conversely, to the extent that Defendants were not involved in the communications, it is unclear how documents reflecting such communications would be relevant in product liability litigation against those Defendants.

Dated:  May 17, 2016

           Respectfully submitted,

           /s/ Daniel Pariser
           Daniel S. Pariser
           ARNOLD & PORTER LLP
           601 Massachusetts Avenue, NW
           Washington, DC 20001
           Telephone:  202.942.5000
           Facsimile:  202.942.5999

           *Attorney for PhRMA*

## **CERTIFICATE OF SERVICE**

I, Daniel Pariser, hereby certify that on May 17, 2016, a true and correct copy of Objections of Nonparty Pharmaceutical Research and Manufacturers of America (PhRMA) to the Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action was served by Federal Express on Leonard A. Davis, 820 O'Keefe Avenue, New Orleans, LA 70113.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  May 17, 2016                                                                       /s/  Daniel Pariser