UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO:      *ALL CASES* | * * | JUDGE ELDON E. FALLON |
| | * * | MAGISTRATE JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THE PLAINTIFFS STEERING COMMITTEE'S RESPONSE
TO BAYER AG'S NOTICE OF FILING OF PRIVACY LOGS**

Pursuant to this Court's Order of June 24, 2016 [Rec. Doc. 3530], the Plaintiffs' Steering Committee ("PSC") submits this response to Bayer AG's ("Bayer") Notice of Filing of Privacy Logs.

Bayer's Privacy Logs provide only the barest of descriptions of the documents contained within the personnel files of Dr. Dagmar Kubitza and Dr. Frank Misselwitz. These minimal descriptions of documents in the abstract hardly permit the PSC to opine directly on the "character, nature, and quantity of the personal data contained in the files."[1]

Nor is the Declaration of Gudrun Lohkamp, Bayer Pharma AG's Head of the Human Resources Department, of much assistance. To the extent that it is relevant, only two of the five exemplars from Mr. Lohkamp match any of the documents described in Bayer's privacy logs.[2]

---

[1] *In re Xarelto Products Liab. Litig.*, MDL 2592, 2016 WL 2855221, *5 (E.D. La. May 16, 2016) [Rec.Doc. 3237].

[2] The PSC does not object to Gudrun Lohkamp's Declaration to the extent it provides information about his role at Bayer or his role in preparing his declaration. *See*, Lohkamp Declaration, at ¶¶ 1-5. The PSC also does not object to the extent his declaration provides substantive information about how Bayer generally sets and conveys salaries, incentives, performance awards, and performance evaluations. *Id.* at ¶¶ 5(a)-(f), 6. Finally, the PSC does not object to the extent his declaration describes what types of documents typically are contained within personnel files, or the persons who typically have access to the personnel files. *Id.* at ¶¶ 7, 9. However, the PSC does object to the extent the declaration deviates from those substantive purposes, and instead addresses Mr. Lohkamp's opinions regarding

1

Both of them -- the Compensation and Benefits Statements and the Performance Management Process ("PMP") -- promise to reveal witness biases, and appropriately fall within the parameters for production.[3] These documents, and others, should be produced.

Plainly, the Privacy Logs are not terribly revealing about the character and nature of the material they contain, *i.e.*, they do not "shed light on categories of personal data."[4] Nothing in the material provided by Bayer permits the PSC to disclaim the presence of any "personal data."[5] Nevertheless, to aid both the Court and Bayer, the PSC agrees that prior to production, Bayer may redact addresses, social security numbers, health information, or biometric data. The PSC is trying only to obtain factual data or meaningful, evaluative summaries that may be admissible at trial, not revelations of frivolous information that would be tawdry or improper. Of course, at all times, these matters will be subject to this Court's confidentiality order, PTO No. 12.

For the reasons set forth below, these documents or categories of documents should be produced:

1. **All Performance Management Process forms for Dr. Kubitza and Dr. Misselwitz (for every year, whether completed or partial)[6]:** Mr. Lohkamp testified that the PMPs are employed by Bayer executives to evaluate their annual performance by identifying "business objectives for the coming year and the

---

what is required or prohibited by law, or his unsubstantiated assumptions about the purpose for Bayer's internal procedures, or his conjecture about the impact of production. For example, paragraph 8 expresses his personal opinion about the application of German data protection laws to the personnel files of Drs. Misselwitz and Kubitz. Similarly, the first nine words of paragraph 9 express his assumption about why Bayer adopted its internal procedures about handling personnel file materials. Likewise, paragraph 10 expresses his personal opinion about whether production would violate rights, and his conjecture about what would happen if production were ordered. None of those personal opinions, assumptions, or conjectures were requested by the Court, and they should therefore be stricken as non-responsive, similar to the three other declarations that were stricken for the same reason.

[3] *Xarelto*, 2016 WL 2855221 at *2, *citing Coughlin v. Lee*, 946 F.2d 1152, 1155-57 (5th Cir. 1991).

[4] *Xarelto*, 2016 WL 2855221 at *5.

[5] "Personal data" is broadly defined by the BDSG to include "any information concerning the personal or material circumstances of an identified or identifiable natural person." *BDSG* § 3(1).

[6] These are all of the documents listed in the first group for Dr. Kubitza and Dr. Misselwitz.

measure for achieving those objectives." Lohkamp Dec. at ¶ 5(f). Such documents will shed light on Bayer's internal assessments and valuations of these employees' contributions, and will reflect the challenges and motivations Bayer faced in bringing Xarelto to market.

2. **All Compensation & Benefit Statements for Dr. Kubitza and Dr. Misselwitz (for every year)[7]:** Mr. Lohkamp testified that these statements cover benefits and "the base salary, incentives, and individual performance awards paid to that employee during the year." *Id.* at ¶ 5(e). These documents speak directly to any incentives or programs that may have had a tendency to influence the witnesses' work.

3. **Dr. Kubitza's two employment contracts, and the letter confirming her job position change and summarizing her compensation[8]:** These documents should be the best evidence of the terms of her employment.

4. **Dr. Kubitza's six Information Letters, and her application for a one-time payment[9]:** These documents will speak directly to any incentives or programs that may have had a tendency to influence her work.

5. **Dr. Misselwitz's four employment contracts, eighteen amendments to the employment contracts, three letters regarding the employment contracts, one application regarding the structure of salary payments, seven letters regarding the structure of salary payments, and one agreement on an**

---

[7] These are all of the documents listed in the second group for Dr. Kubitza and Dr. Misselwitz.
[8] These are all of the documents listed in the third group for Dr. Kubitza.
[9] These are all of the documents listed in the fourth group for Dr. Kubitza.

    **additional incentive opportunity**[10]:  These documents should be the best evidence of the terms of his employment.

6. **Dr. Misselwitz's one-time payment communications, including the two applications, the three information letters, the two screenshots, and the three sets of emails and email chains**[11]:  These documents will speak directly to any incentives or programs that may have had a tendency to influence his work.

7. **All of the remaining miscellaneous documents in Dr. Misselwitz's personnel file, including the three National Salary Increase Notifications, the four Merit Increase Information Letters, the Merit Increase Approval, the email regarding the Merit Increase, the two agreements on salary increases and additional incentives, the information letter regarding a short term incentive, the agreement regarding the retention program, the email regarding promotion, the job description, the various emails and supporting documents regarding a salary proposal, the approval of the salary proposal, the agreement on transferring benefit obligations, the application and information regarding the pension fund, the emails and documents regarding a company car, and the HR-internal employee profile and Global Leadership Membership Admission form**[12]:  These documents speak directly to any incentives or programs that may have had a tendency to influence Dr. Misselwitz. Given the vital role he played in leading Bayer's effort to gain regulatory approval for Xarelto's cardiovascular indications, including the indication for

---

[10] These are all of the documents listed in the third group for Dr. Misselwitz.

[11] These are all of the documents listed in the fourth group for Dr. Misselwitz.

[12] These are all of the documents listed in the fifth group for Dr. Misselwitz.

stroke prevention in atrial fibrillation patients, these materials will likely provide information that is relevant and proportional to the needs of this litigation.

In conclusion, given the intimacy that Dr. Kubitz and Dr. Misselwitz had with the development of Xarelto, and the tremendous responsibility they had in the Bayer organization, the importance of the materials in their personnel files in this nationally-prominent MDL is patent.  The character and nature of the documents identified in Bayer's Privacy Logs -- which will reveal the goals, objectives and financial incentives of the witnesses -- support the PSC's position that production of the documents should be compelled.  For these reasons, the PSC's Motion to Compel Discovery of Defendants' German Employees and their Personnel Files should be granted.

Dated: July 5, 2016

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Andy D. Birchfield, Jr. (Co-Lead Counsel)<br>234 Commerce Street<br>Post Office Box 4160<br>Montgomery, Alabama 36103-4160<br>Phone: (334) 269-2343<br>Fax: (334) 954-7555<br>Email: Andy.Birchfield@BeasleyAllen.com | Bradley D. Honnold<br>11150 Overbrook Rd., Ste. 200<br>Leawood, KS 66211<br>Phone: (913) 266-2300<br>Fax: (913) 266-2366<br>Email: bhonnold@bflawfirm.com |
| Brian H. Barr (Co-Lead Counsel)<br>316 Baylen Street, Suite 600<br>Pensacola, FL 32502<br>Phone: (850) 435-7045<br>Fax: (850) 436-6044<br>Email: bbarr@levinlaw.com | Frederick S. Longer<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>Phone: (215) 592-1500<br>Fax: (215-592-4663<br>Email: flonger@lfsblaw.com |
| Russell T. Abney<br>2100 RiverEdge Parkway,<br>Suite 720<br>Atlanta, Georgia 30328<br>Email: rabney@lawyerworks.com | Jeffrey S. Grand<br>550 Broad Street, Suite 920<br>Newark, NJ 07102<br>Phone: (973) 639-9100<br>Fax: (973) 639-9393<br>Email: jgrand@seegerweiss.com |
| Dr. Mark Alan Hoffman<br>1650 Market Street, Suite 3450<br>Philadelphia, PA 19103<br>Phone: (215) 574-2000<br>Fax: (215) 574-3080<br>Email: mhoffman@rossfellercasey.com | Roger C. Denton<br>100 S. 4th Street<br>St. Louis, MO 63102<br>Phone: (314) 621-6115<br>Email: rdenton@uselaws.com |
| Michael Goetz<br>201 N. Franklin St., 7th Floor<br>Tampa, FL 33602<br>Phone: (813) 221-6581<br>Fax: (813) 222-4737<br>Email: MGoetz@ForThePeople.com | Dianne M. Nast<br>1101 Market Street, Suite 2801<br>Philadelphia, Pennsylvania 19107<br>Phone: (215) 923-9300<br>Email: dnast@nastlaw.com |
| Neil D. Overholtz<br>17 E. Main Street , Suite 200<br>Pensacola, Florida 32501<br>Phone: (850) 916-7450<br>Fax: (850) 916-7449<br>Email: noverholtz@awkolaw.com | Ellen Relkin<br>700 Broadway<br>New York, New York 10003<br>Phone: (212) 558-5500<br>Fax: (212) 344-5461<br>Email: Erelkin@weitzlux.com |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 5, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                  */s/ Leonard A. Davis*
                                                  **LEONARD A. DAVIS**