UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO ALL CASES | * * | JUDGE ELDON E. FALLON |
| | * * | MAG. JUDGE NORTH |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' STEERING COMMITTEE'S
<u>MOTION TO COMPEL DISCOVERY</u>**

Pursuant to Federal Rule of Civil Procedure 37, the PSC respectfully moves to compel Portola Pharmaceuticals, Inc. ("Portola") to comply with Plaintiffs' Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action.

**I.    INTRODUCTION**

On May 9, 2016, the Plaintiffs' Steering Committee ("PSC") served Portola with a Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action (Exhibit "A"), with a return date of June 20, 2016, with an attached Notice of Oral and Videotaped Deposition *Duces Tecum* Pursuant to Fed.R.Civ.P. 30(b)(6) (Exhibit "B"). Portola is a company engaged in the development of a reversal agent (sometimes referred to as an "antidote") that could be used to reverse the anticoagulation effects of Xarelto in the case of a patient experiencing a bleeding event while on Xarelto. The reversal agent is known as Andexanet Alfa. Portola has entered into Collaborative Agreements with Janssen to develop the reversal agent since about 2013. Moreover, Portola is also engaged in the development of another Factor Xa anticoagulant which is an alternative design to Xarelto, known as Betrixaban.

1

The PSC has subpoenaed information in Portola's possession related to both Andexanet and Betrixaban.

Numerous meets and confers have been undertaken between the parties, with the most recent occurring on July 5, 2016. Counsel for Portola participating in the meet and confers has advised the PSC that Portola will not produce documents in response to the subpoena; instead asserting that the PSC should be limited to documents produced by Defendants which would include some emails from Portola's employees that were sent to Defendants' employees related to Andexanet Alfa and that it will produce no documents related to Betrixaban. In short, Portola asserts it has no obligation to produce documents within its possession responsive to the subpoena.

## II.    ARGUMENT

Under Federal Rule of Civil Procedure 37(a), a party seeking discovery may move for an order compelling production if a party fails to produce documents requested under Rule 34. A non-party witness is subject to the same scope of discovery under Rule 45 as that person would be as a party to whom a request is addressed pursuant to Rule 34. The Federal Rules grant the district court broad discretion in ruling on discovery matters such as a motion to compel. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011)

Federal courts have an established policy of liberal discovery. Fed. R. Civ. P. 26(b); *Hickman v. Taylor,* 329 U.S. 495, 507 (1947); *Dollar v. Long Mfg. N.C., Inc.* 561 F.2d 613, 616 (5th Cir. 1977); *Intralox, L.L.C. v. Habasit Belting, Inc.*, 2004 WL 2999097, at *3 (E.D. La. Dec. 23, 2004). As amended, effective December 1, 2015, Rule 26(b)(1) permits broad discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case." Rule 26(b)(1).[1]  The term "relevant" in Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

Here, Portola does not assert that the information is not discoverable under Rule 26. Portola has made vague claims during the meet and confers and counsel for Portola has been unwilling to disclose the volume of documents that would be responsive. Instead, counsel has effectively said that Plaintiffs should not seek the documents from Portola.  Rather, Portola contends the PSC should search through documents to be gathered in the discovery requests issued by the PSC to Defendants Janssen/J&J and/or Bayer.  However, the Federal Rules of Civil Procedure do not contemplate this course of action.  If it did, no third party discovery would need to take place.



Moreover, Portola is

---

[1] Rule 26(b)(1), as amended in 2015, states in full:

> Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26.

unwilling to even discuss the identity of its employees and source documents related to the development of Betrixaban.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel and enter an Order compelling Portola to promptly produce the documents requested in the Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action, or in the alternative, produce a witness to testify at a 30(b)(6) deposition.

DATE:	July 8, 2016	Respectfully submitted,

/s/ Leonard A. Davis
Leonard A. Davis, Esq. (Bar No. 14190)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
GAINSBURGH   BENJAMIN   DAVID
MEUNIER &WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
PH: (504) 522-2304
FAX: (504) 528-9973
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Russell T. Abney
2100 RiverEdge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Michael Goetz
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: (813) 221-6581
Fax: (813) 222-4737
Email: MGoetz@ForThePeople.com

Neil D. Overholtz
17 E. Main Street, Suite 200
Pensacola, Florida 32501
Phone: (850) 916-7450
Fax: (850) 916-7449
Email: noverholtz@awkolaw.com

Bradley D. Honnold
11150 Overbrook Rd., Ste. 200
Leawood, KS 66211
Phone: (913) 266-2300
Fax: (913) 266-2366
Email: bhonnold@bflawfirm.com

Frederick S. Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Jeffrey S. Grand
550 Broad Street, Suite 920
Newark, NJ 07102
Phone: (973) 639-9100
Fax: (973) 639-9393
Email: jgrand@seegerweiss.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

Dianne M. Nast
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Phone: (215) 923-9300
Email: dnast@nastlaw.com

Ellen Relkin
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 344-5461
Email: Erelkin@weitzlux.com