UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN), PRODUCTS LIABILITY LITIGATION<br>  Plaintiffs,<br><br>  v.<br><br>THIS DOCUMENT RELATES TO:<br><br>2:16-cv-06796<br>Franklin, et al; 2:15-cv-06796<br>Travis Franklin<br>Henry Niese<br>Dixie Martin<br>Tom Priestley | MDL NO. 2592<br><br>SECTION:   L<br><br>JUDGE:  ELDON E. FALLON<br><br>MAG. JUDGE MICHAEL NORTH<br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT PLAINTIFFS' MOTION TO DEEM PRIOR SERVICE VALID**

Plaintiffs submit this memorandum in support of their motion for an order from this Court declaring prior service to be valid.

**I.     BACKGROUND**

Plaintiffs' complaint was filed in Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL No. 2592, on December 15, 2015. Service to Bayer Pharma AG was attempted on January 22, 2016.  Plaintiff followed the instructions regarding streamline service outlined in PT0 #10, Section II C.  1 and 2; however inadvertently failed to send the electronic mail required at the end of Section C.  Defendant, Bayer Pharma AG declined service for this reason.

On March 25, 2016, Plaintiffs made service on Bayer Pharma AG via Registered Mail respectively via the streamline process as provided in PTO 10.

Subsequently, on April 19, 2016 and May 09, 2016, Bayer Pharma AG notified Plaintiff's counsel by letter that, while they acknowledged receipt of Franklin, et al's Complaint and Summons, Bayer deemed these service attempts to be improper as they were beyond the 60 day limit provided in PTO 10.

## II.     LAW AND ANALYSIS

FRCP 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after the complaint is filed (or in this case within 60 days according to PTO 10), Rule 4 instructs the court to "dismiss the action without prejudice against the defendant-or-order that service be made within a specified time".  If the Plaintiff "shows good cause for the failure, " the court must extend the time for service for an appropriate period. Fed. R. Civ.P. 4 (m). Plaintiffs have every intention of pursing their claims; it was purely through an oversight on the part of counsel that service was not perfected within the confines of PTO 10.

If a good cause is not found, two options remain for the court: 1) dismiss the action without prejudice, -or- 2) decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (*citing Henderson v. United States*, 517 U.S. 654, 662-63, 116 S.Ct. 1638, 134 L.Ed. 2nd 880 (1996)). The Seventh Circuit explains that application of Rule 4 (m) in the second manner is best determined by considering the "arguments and factors advanced by the plaintiff, and pay [ing] particular attention to the critical factor

such as the running of a statute of limitations. " *Cardenas v. City of Chi.*, 646 F. 3d 1001, 1007 (7th Cir. 2011) (*citing Panaras v. Liquid Crbonic Indus. Corp.*, 94 F.3d 338, 341 ((7th Cir. 1996) (additional citation omitted). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service. " *Troxell v. Fedders of N. Am.*, Inc., 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual finding that are clearly erroneous. " *Cardenas*; 646 F. 3d at 1007 (quoting *Troxell*, 160 F. 3d 381)

In light of the fact that his MDL involves hundreds of similarly situated Plaintiffs who have filed claims alleging facts, circumstances and theories of recovery virtually identical to the lawsuit filed by these plaintiffs , no actual prejudice has or will occur to defendant, Bayer, by this court granting the relief sought herein.

Plaintiffs show that as a matter of law and fact, they were not in "bad faith" in delaying service of their Original Complaint; Defendant Bayer is fully aware of and served with hundreds of identical complaints and has acknowledged the receipt of Plaintiffs' complaint in this matter. Plaintiffs point out that this permissive extension is appropriate under the circumstances to avoid any subsequent issue regarding the statute of limitations, because the original complaint was timely filed.

### III.  CONCLUSION

In light of the foregoing, the Plaintiffs request an order from this Court declaring this their prior service on Bayer to have been effective and that all things considered, no party will be prejudiced nor will the progress of this MDL be adversely affected by the granting of the relief sought herein.

Respectfully submitted,

By: /s/ Willard J. Moody, Jr.
Willard J. Moody, Jr. (VSB#: 22866)
The Moody Law Firm
500 Crawford Street, Suite 200
Portsmouth, VA 23704
Telephone: (757) 393-6020
Fax: (757) 399-3019
Email: will@moodyrrlaw.com

**CERTIFICATE OF SERVICE**

I, Willard J. Moody, Jr., certify that on July 08, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

/s/ Willard J. Moody, Jr.
Willard J. Moody, Jr.
THE MOODY LAW FIRM, INC.
500 Crawford St., Suite 200
P.O. Box 1138
Portsmouth, VA  23704
Tel:  757.393.6020
will@moodyrrlaw.com

*Counsel for Plaintiff*