UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TERI SPARKS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PHYLLIS MACIOCI<br><br>Plaintiffs,<br><br>v.<br><br><br>JANSSEN RESEARCH & DEVELOPMENT LLC; JOHNSON & JOHNSON COMPANY JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. BAYER CORPORATION, BAYER AG, BAYER HEALTHCARE<br><br>Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXTENSION OF TIME IN WHICH TO SERVE PROCESS ON BAYER HEALTHCARE PHARMACEUTICALS, INC.**

The Plaintiff in the above-referenced action hereby submit this Memorandum of Law in Support of their Motion for an Order from this Honorable Court granting them thirty (30) days from the granting of this motion in which to serve process on Defendant Bayer Healthcare

Pharmaceuticals, Inc. (sometimes referred to as the "BHCP," through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

## I. BACKGROUND

On January 19, 2016, Plaintiff's filed a Complaint against Defendants and was assigned Case No. 2:16-cv-00435, <u>Teri Sparks, Individually and as Representative of the Estate of Phyllis Macioci</u>. On January 20, 2016 the Complaint was sent via registered mail, return receipt requested to Bayer Healthcare Pharmaceuticals, Inc. at the address set forth in PTO 10. On or about February 8, 2016, the undersigned received a Rejection of Service of Process. On February 17, 2016, the Complaint was sent again via registered mail, return receipt requested to Bayer Healthcare Pharmaceuticals, Inc. This process was neither rejected nor returned.

Plaintiff timely served the Complaint on Bayer Healthcare Pharmaceuticals, Inc. Moreover, this Bayer Defendant had been made fully aware of the facts and circumstances of the Complaint by virtue of its receipt of the Complaint which was sent on January 20, 2016 and again on February 17, 2016. A signed return receipt card confirming the Defendant's receipt of the package was returned to this office.

Inadvertently, a Civil Cover Sheet and Waiver of Service of Summons, was included in the package, but a Summons was not. This was the second time that the Defendant was served with the same Complaint and related service documents. To date although the second attempt at

service was neither rejected or returned, no appearance has yet been filed. Plaintiff now believes it erroneously and inadvertently failed to include a summons. Apart from the summons the Complaint and all other documents was properly served – two times no less. Accordingly there has been no prejudice whatsoever to this Defendant.

As a result of the foregoing, this Motion for Extension of Time is hereby filed. Given the fact that the Defendant Bayer Healthcare Pharmaceuticals, Inc. had actual notice of the Complaint by virtue of it being sent twice, it is clear that Bayer Healthcare Pharmaceuticals, Inc. Defendant had notice of the filing of the Complaint. In addition, as further evidence that Bayer Healthcare Pharmaceuticals, Inc. had notice of the filing of the Complaint, Plaintiff timely filed their Plaintiff Fact sheet on all Defendants, including Bayer Healthcare Pharmaceuticals, Inc. through Brown Greer's MDL Centrality, pursuant to PTO 13. In addition to all of the foregoing, it is clear that Plaintiff's made diligent, good faith efforts and multiple attempts to comply with requirements of PTO 10 and 11, in good faith, and that should this motion be granted Defendant will suffer no prejudice while, should it be denied, Plaintiff's will suffer great prejudice.

Accordingly, for all of these reasons, as well as those set forth below, Plaintiff respectfully requests that this Motion for additional time in which to serve Defendant Bayer Healthcare Pharmaceuticals, Inc. pursuant to the streamlined process be granted.

## LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule furthers states that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id.* Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) When considering whether to extend the time for service, Courts take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the … deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 666.[1]

---

[1] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

In *Zermeno, supra,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id.* at 667. The court noted that "if defendants act so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id.* Here, Defendants' counsel clearly acknowledged receipt of the Complaints.

Similarly, in *Millan v. USAA General Insurance Co.,* 546 F3d 321, 325 (5th Cir. 2008), the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id.* However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id.* at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id.*

Here, Defendant Bayer Healthcare Pharmaceuticals, Inc. had notice of the claim against it despite the fact that Plaintiff inadvertently failed to serve all documents pertinent to the Complaint in full accordance with PTO 10 in that the summons was omitted and a waiver of summons and a civil cover sheet was included, and that the second attempt at service was within the 60 days of docketing. Plaintiff moved along with their cases, most notably through preparing and filing their Plaintiff Fact Sheets and pursuing medical records requests.

Defendant Bayer Healthcare Pharmaceuticals, Inc. is aware of the general facts, circumstances and theories of recovery underlying Plaintiff's Complaint having been served with countless identical complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiff who have filed lawsuits virtually identical to that filed by the instant Plaintiff, no actual prejudice has or will occur to Defendant Bayer Healthcare Pharmaceuticals, Inc. by the Court granting the discretionary relief sought herein.

Additionally, Plaintiff points out that the dismissal of this case could subject her to a statute of limitations defense in the future. Although Plaintiff believes she would be able to overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to the Plaintiff.

In light of the foregoing, Plaintiff respectfully requests that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests an Order from this Court granting them thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendant Bayer Healthcare Pharmaceuticals, Inc. Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

Dated: July 11, 2016

Respectfully submitted,

Neal L. Moskow
ct 04516
**URY & MOSKOW, LLC**
883 Black Rock Turnpike
Fairfield, CT 06825
(203) 610-6393 – telephone
(203) 610-6399 – facsimile
Neal@urymoskow.com

*Attorney for Plaintiffs*