UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592 |
| | | SECTION: L |
| | | JUDGE: FALLON |
| | | MAG. JUDGE: SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS DOCUMENT RELATES TO:
*Phillips v. Janssen Research & Development, LLC, et al; LAED USDC No. 2:15-cv-00006*

**MEMORDANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG**

The Plaintiff in the above-referenced Complaints hereby submits this Memorandum in Support of its Motion for an Order from this Honorable Court granting it thirty (30) days within which to serve process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG (sometimes hereinafter referred to as the Bayer Defendants), through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

**I. BACKGROUND**

On January 2, 2015, Plaintiff filed an individual complaint against Defendants and was assigned Case No. 2:15-cv-00006, *Emma Phillips, et al., v. Janssen Research & Development, LLC, et al*. Subsequent to the filing of the individual complaint, within the parameters set forth by this Court, Plaintiff filed and served its Plaintiff Fact Sheet on all of the Defendants through Brown

Greer's MDL Centrality, pursuant to applicable PTO No. 13.[1] During this initial time period, while the Bayer Defendants were being made fully aware of the facts and circumstances surrounding the claims asserted by Plaintiff, they filed their own Fact Sheets,[2] the undersigned counsel inadvertently failed to issue formal service of process of the initial individual complaint on Defendants within the requisite time period.

Plaintiff Emma Phillips passed away on June 19, 2015. On April 8, 2016, Plaintiff filed into the record a Suggestion of Death.[3] After numerous discussions with defense counsel and providing opposing counsel with a copy of the proposed amended complaint, on April 21, 2016, Plaintiff's counsel confirmed that Defendants had no opposition to the filing of a Supplemental and Amending Complaint to substitute the heirs and Estate of Emma Phillips as Plaintiff. On that same day, Plaintiff filed an "Ex Parte Motion for Leave to File First Supplemental and Amended Complaint."[4] Subsequent to the granting of this motion,[5] Plaintiff filed its First Amended Complaint.[6]

On May 2, 2016, Plaintiffs discovered that they had not properly served Defendants with the initial individual Complaint within the requisite time period. Therefore, pursuant to streamlined service procedures articulated in PTO No. 10, on May 2, 2016, Plaintiff served all Defendants. Service upon Bayer Defendants included Summons, the Original Complaint, and the First Amended Complaint. On May 23, 2016, Plaintiff received a letter from Bayer HealthCare Pharmaceutical, Inc. stating that "service was improper."[7] The Janssen Defendants executed the Waivers of Service on May 25, 2016.

---

[1] Plaintiff Emma Phillips heirs filed her Plaintiff Fact Sheet on October 20, 2015.
[2] Defendant Bayer filed its Defendant Fact Sheet on December 21, 2015. Defendant Janssen filed its Defendant Fact Sheet on January 12, 2016.
[3] *See* Rec. Doc. 3021.
[4] *See* Rec. Doc. 3114.
[5] Order issued April 29, 2016. *See* Rec. Doc. 3169
[6] Plaintiff filed its First Amended Complaint on April 29, 2016. *See* Rec. Doc. 3170.
[7] As of July 15, 2016, Plaintiff has yet to receive a rejection from Bayer Pharma AG.

## II. LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id*. Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Even in the absence of good cause, however, a district court has the discretion to extend the period of time for service. *Newby v. Enron Corp.*, 284 F. App'x 146 (5th Cir. 1996) Situations where a discretionary extension may be granted include, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA General Insurance Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (internal quotation marks omitted).

Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. at 666.[8]

---

[8] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

In *Zermeno*, *supra,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id*. at 667. The court noted that "if defendants act so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id*.

Similarly, in *Millan*, *supra*, the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id*. However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id*. at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id*.

Here, Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG had notice of the claims against them despite the fact that Plaintiff inadvertently failed to serve its complaint within 60 days. Plaintiff moved along with its case, most notably through the filing and service of its Plaintiff Fact Sheet. Not only did Plaintiff file its Plaintiff Fact Sheet, but Defendants did so as well. As soon as Plaintiff realized the initial Complaint had not been served, it acted to cure the defect. This Motion was not precipitated by any Motion of the Defendant.

Setting aside Defendants' familiarity with Plaintiff's particular claims through its individual PFS, Defendants are aware of the general facts, circumstances and theories of recovery

underlying Plaintiff's Complaints having been served with countless identical complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiff, no actual prejudice has or will occur to Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG by the Court granting the discretionary relief sought herein.

Additionally, Plaintiff respectfully point outs that the dismissal of this case could subject it to a statute of limitations defense in the future. Although Plaintiff believes it would be able to overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiff.

In light of the foregoing, Plaintiff respectfully requests that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

### III. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests an Order from this Court granting it thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG. Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

Respectfully submitted,

/s/ *Anthony D. Irpino*
ANTHONY D. IRPINO (#24727)
LOUISE C. HIGGINS (#31780)
KACIE F. GRAY (#36476)
Irpino Law Firm
2216 Magazine St.
New Orleans, Louisiana 70130
Telephone: (504) 525-1500
Facsimile: (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
kgray@irpinolaw.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15th, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: All counsel of record.

/s/ *Anthony D. Irpino*
Anthony D. Irpino