**UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) | **MDL NO. 2592** |
| ) | |
| **PRODUCTS LIABILITY LITIGATION** ) | **SECTION L** |
| ) | |
| ) | **JUDGE ELDON E. FALLON** |
| ) | |
| ) | **MAG. JUDGE NORTH** |
| ) ) ) | |

**This Document Relates to:**

**GINA RIPPLEY**

**INDIVIDUAL CIVIL ACTION NO.: 2:16-cv-01402-EEF-MBN**

**SUPPLEMENTAL CERTIFICATION IN SUPPORT OF MOTION TO WITHDRAW**

1. On April 1, 2016, this Firm filed a motion to withdraw as counsel for Plaintiff Gina Rippley due to Plaintiff's non-responsiveness to this Firm's request for pertinent information necessary to pursue this matter.

2. A Plaintiff Fact Sheet has not been served in this matter because we do not have the pertinent information necessary to complete same.

3. Pursuant to Pretrial Order No. 11B, a filing fee has been paid.

4. On June 15, 2016, Pretrial Order No. 30 was entered, which outlined additional procedures for motions for the withdrawal as counsel.

5. Accordingly, on June 20, 2016, defense counsel was emailed to request their position with regard to our motion to withdraw. A response was requested by July 5, 2016.

6. On July 6, 2016, Kelly E. Brilleaux, Esquire, from Irwin Fritchie Urquhart & Moore LLC, replied, via email, that Defendants opposed our motion to withdraw because it is their position that the case should be dismissed with prejudice.

7. My Firm does not have the authority from Plaintiff Rippley to dismiss her Complaint, with or without prejudice. Therefore, we were compelled to file a motion to withdraw.

8. On June 20, 2016, my Firm left a voicemail for Plaintiff Rippley, specifically advising of the motion to withdraw and requesting a callback to discuss her position. No callback was received.

9. On June 21, 2016, a letter was mailed to Plaintiff Rippley, via regular and certified mail, advising of the motion to withdraw and requesting that she contact us immediately to advise of her position and whether she intended to find alternate counsel. A response was requested by July 6, 2016. The letters were returned as "unable to forward."

10. On July 5, 2016, my Firm left another voicemail for Plaintiff Rippley regarding this matter and requested a callback. No callback was received.

11. On July 6, 2016, another letter was mailed to Plaintiff Rippley, via regular and certified mail, to a new address that she had previously provided to our Firm. A response was requested by July 21, 2016. Neither letter was returned to our office - the certified letter was delivered on July 9, 2016. A copy of the certified mail receipt is hereto attached as "Exhibit A." No response was received.

12. On July 21, 2016, my Firm left another voicemail for Plaintiff Rippley regarding this matter and requested a callback. No callback was received.

13. As outlined above and in the April 1, 2016, motion to withdraw, this Firm has made all reasonable efforts to contact and communicate with Plaintiff Rippley, to no avail.

I hereby declare that the foregoing statements are true and correct to the best of my knowledge pursuant to 28 U.S.C. §1746.

**WHEREFORE**, Stark & Stark, by and through undersigned counsel, respectfully requests this Court to grant its Motion for Leave to Withdraw and for any further orders deemed just and proper under the circumstances.

Signed: July 22, 2016

                                   **STARK & STARK**
                                   993 Lenox Drive
                                   Lawrenceville, NJ 08648
                                   Telephone: (609) 896-9060
                                   Fax: (609) 896-0629
                                   mschrama@stark-stark.com

                                   */s/ Martin P. Schrama*
                                   Martin P. Schrama
                                   New Jersey Bar No.: 039581997
                                   **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No.17.

I further certify, pursuant to Local Rule 83.2.11, that I caused this motion and related correspondence to be sent via certified mail to 1434 Sierra Lane, Stockton, CA 95205, notifying Plaintiff of all deadlines and court appearances.

This the 22nd day of July, 2016.

/s/ Martin P. Schrama

Martin P. Schrama