UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * MDL NO. 2592 <br> * SECTION L <br> * <br> * JUDGE ELDON E. FALLON <br> * <br> * MAG. JUDGE NORTH |
| ************************************************ | * |

THIS DOCUMENT RELATES TO ALL CASES

## ORDER

The Court received materials earlier today composed of Elizabeth Wood's personnel files. The personnel files concern Wood's work performance as an employee of Defendant Janssen Pharmaceuticals during a time period pertinent to the litigation. The Court had an opportunity to review the files in great detail, weighing privacy interests against the Plaintiffs' right to discover relevant material.

Wood began working as a Regional Business Director at Janssen in June 2011. Her work included overseeing district managers, who in turn supervise detail representatives who communicate with physicians about Xarelto. Wood is also part of the team that implements marketing and sales strategies. Therefore, much of Wood's personnel file is relevant to claims and defenses as well as matters pertinent to cross-examination. The Court notes that the information in the personnel files is not embarrassing or an invasion of privacy; all of Wood's performance reviews are highly complimentary.

However, in view of Wood's lack of input into the creation of policy, the salary information included in the personnel files raises discovery concerns. The salary information is of questionable admissibility under Rule 403 of the Federal Rules of Evidence. More

importantly, Wood's privacy interests as a lower level member of the marketing and sales team outweigh the limited relevance of much of her salary information under the proportionality element of Rule 26(b).  Therefore, Wood's salary information, except for her commissions and awards, is not discoverable.

Regardless of the discovery interests at play, the personnel files relevant to the litigation also raise employee privacy interests.  The material addresses personal goals, performance evaluations, and salary.  Therefore, the personnel files must be placed under seal and used only for purposes of this litigation.

In summary, all non-salary material is discoverable.  Salary information pertaining to commissions and awards is also discoverable, but the remainder of the salary information is not discoverable.  The discoverable materials shall be presented forthwith.

**IT IS ORDERED** that the personnel file of Elizabeth Wood shall be excised of all references to her salary information, except for her commissions and awards, as well as information which the parties jointly agreed shall be redacted pursuant to PTO 20.  The personnel files shall then be produced to the PSC on or before Wednesday, July 27, 2016.

New Orleans, Louisiana this 22nd day of July, 2016.

_____
UNITED STATES DISTRICT JUDGE

[2]