

# EXHIBIT C

COOLEY LLP
MARK LAMBERT (197410)
(mlambert@cooley.com)
MICHELLE RHYU (212922)
(rhyums@cooley.com)
HEATHER DUNN NAVARRO (238158)
(hdnavarro@cooley.com)
SHAWNA BENFIELD (290511)
sbenfield@cooley.com
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Non-Party
Portola Pharmaceuticals, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PROD. LIAB. | Case No. MDL 2593<br><br>**NON-PARTY PORTOLA PHARMACEUTICALS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

Portola Pharmaceuticals, Inc.'s ("Portola") objects and responds as follows to Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in A Civil Action and its attached Schedule A served May 9, 2016 (the "Subpoena"); a purported "Notice of Subpoena to Testify at Deposition in a Civil Action" (with Document Production Request) dated May 3, 2016; and a purported Notice of Oral and Videotaped Deposition *Duces Tecum* Pursuant to Fed. R. Civ. P. 30(b)(6) of Portola Pharmaceuticals, Inc. dated May 3, 2016 (collectively with the Subpoena, the "Requests").

//

//

## I. GENERAL RESPONSES

**1.** Portola's responses to the Subpoena and the Requests are made based on the knowledge reasonably available to and currently known or believed to be true by Portola at this time. This response is at all times subject to such additional or different information that discovery or further investigation may disclose. Without assuming any obligation to do so, and without waiving the objections asserted herein, Portola reserves the right to amend or supplement its response and make any further objections or responses that it deems appropriate as and when additional facts or documents are discovered or ascertained.

**2.** Portola reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever of this response and any document or thing produced in response to the Requests.

**3.** Portola will not produce documents that Portola or any party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Federal Rule of Civil Procedure 26(c)(1), the Federal Rules of Evidence, the California Evidence Code, the California Constitution, and/or any other applicable laws. Such information will be disclosed, if at all, only pursuant to a suitable protective order (not necessarily a protective order that has already been entered in the case) and, if appropriate, consent of relevant third parties.

## II. GENERAL OBJECTIONS

**1.** Portola objects to the Subpoena and the Requests to the extent they seek documents or information which are more readily available from parties to the litigation, or has already been produced in this litigation and is therefore duplicative. Portola is a non-party. As such, the scope of the documents and information requested is overbroad and unduly burdensome, especially because Portola is not a manufacturer, distributor, or retailer of Xarelto, the product at issue in this product liability litigation. A substantial majority of the documents and information sought in this subpoena includes documents that are in the possession, custody, and control of Defendants pursuant to a

collaboration agreement between Portola, Bayer Pharma AG, Jansen Pharmaceuticals Inc. Plaintiffs have not demonstrated that they have first sought this discovery from the defendants, and based upon its investigation, Portola understand that much of what is sought in this subpoena has already been produced, or is available for production, by the Defendants, to the extent that such material is in fact discoverable in accordance with the Federal Rules. As such, the Subpoena and Requests are unnecessarily duplicative, burdensome, and imposes an unnecessary burden on non-party Portola.

**2.** Portola objects to the Subpoena and the Requests to the extent that they seek documents and information that is available to Plaintiffs from other sources that would be more convenient or result in less burden or expense to Portola, including but not limited to the parties, public or industry sources, or other non-party sources.

**3.** Portola objects to the Subpoena and Requests to the extent they seek documents or information already in the possession, custody, or control of Plaintiffs.

**4.** Portola objects to the Subpoena and Requests to the extent they seek discovery of electronically stored information from sources not reasonably accessible because of undue burden or cost.

**5.** Portola objects to the Subpoena and the Requests to the extent that they call for disclosure of documents or information protected by the attorney-client privilege, the attorney work product doctrine, the right of privacy, and/or any other applicable law or statute protecting such information from disclosure. Such documents or information shall not be produced, and any inadvertent production thereof shall not be deemed a waiver of any relevant privilege or right with respect to such documents or information.

**6.** Portola objects to the Subpoena and the Requests to the extent they purport to impose obligations that are greater or more burdensome than or contradict those imposed by any applicable law.

**7.** Portola objects to the Subpoena and Requests to the extent that they call for production of documents on June 20, 2016 because that date does not provide Portola with adequate time to respond. On May 18, 2015, Portola's counsel notified Plaintiffs' counsel that Portola would be preparing and serving objections to the Subpoena and Requests. Plaintiffs' counsel granted an

extension for service of the objections to at least June 6, 2016, pending a meet and confer to take place on May 31, 2016, which was continued to June 3, 2016. Portola and Plaintiffs met and conferred on June 3, 2016, and have scheduled a further meet and confer for June 6, 2016. As of June 6, 2016, counsel for Plaintiffs have failed to demonstrate that they undertook any steps to investigate the production of materials by the parties to ascertain whether or to what extent the Plaintiffs have already obtained information sought by the Subpoena and Requests, or the extent to which Plaintiffs' diligent pursuit of such discovery from the parties could reduce or eliminate the need to impose burdens on Portola. Plaintiffs have failed to demonstrate compliance with Federal Rule of Civil Procedure 45(d)(1).

**8.** Portola objects to the Subpoena and the Requests to the extent that they call for attendance in South San Francisco on June 20, 2016 to testify at the taking of a deposition because that date does not provide Portola with adequate time to respond, would result in undue burden and expense, and counsel is not available on this date. On May 18, 2015, Portola's counsel notified Plaintiffs' counsel that Portola was not available. Plaintiffs' counsel agreed to take the deposition off-calendar, pending further meet and confer.

**9.** Portola objects to the definition of "Bayer" as overbroad, unduly burdensome, vague and ambiguous, and oppressive and will interpret that term as referring only to Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healthcare LLC, Bayer Healthcare AG, and Bayer AG and their present employees.

**10.** Portola objects to the definition of "Janssen/J&J" as overbroad, unduly burdensome, vague and ambiguous, and oppressive and will interpret that term as referring only to Janssen Research & Development LLC f/k/a Johnson and Johnson Pharmaceutical Research and Development, LLC, Janssen Ortho LLC, Janssen Pharmaceuticals, Inc. f/k/a Janssen Pharmaceuticals Inc. f/k/a Ortho-McNeil Janssen Pharmaceuticals, Inc., Johnson and Johnson, and their present employees.

**11.** Portola objects to the definition of the terms "relating to," "relate to," "refer to," "reflecting," "reflect," "concerning," or "concern" as overbroad, vague, ambiguous, and unintelligible. Portola further objects to the terms to the extent they require subjective judgment on

the part of Portola and its attorneys and would require a conclusion or opinion of counsel in violation of the attorney work product doctrine. Without waiving this objection, and subject to all other applicable objections or privileges stated herein, Portola will produce, in response to any Requests incorporating the terms "relating to," "relate to," "refer to," "reflecting," "reflect," "concerning," or "concern" documents that on their face expressly reflect or refer to information relevant to the specified subject.

**12.** Portola objects to the definition of "Request for Document" and "Records" to the extent they purport to require the production of original documents, unless original documents are not available. Portola will produce, in response to any Requests, copies of any responsive documents.

**13.** Portola objects to the definition of "Relevant Time Period" as overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the case. Portola was not formed until 2003. Xarelto, the drug at issue in this litigation, was not approved until July 1, 2011. Portola did not enter into any agreement with the Defendants regarding Xarelto until February 2013. Subject to the foregoing, and to the extent necessary, Portola will interpret the term "Relevant Time Period" as covering January 1, 2011 to the present.

**14.** Portola objects to the definition of "Xarelto" as overbroad, vague and ambiguous, unduly burdensome, and disproportionate to the needs of the case to the extent it includes "any predecessor or non-final derivation of the drug" without identifying any purported predecessors or non-final derivation of Xarelto. Portola will interpret the term "Xarelto" as Rivaroxaban, or the drug specimen sold under the brand name Xarelto.

**15.** Portola objects to the definition of "Betrixaban" as overbroad, vague and ambiguous, unduly burdensome, and disproportionate to the needs of the case to the extent it includes "any predecessor or non-final derivation of the same compound" without identifying any purported predecessors or non-final derivation of Betrixaban. Moreover, Portola objects to the Subpoena and Requests to the extent that they seek documents and information relating to Betrixaban as irrelevant to any claim or defense in this product liability litigation related to Xarelto (rivaroxaban). As such, Portola will not produce documents or information relating to Betrixaban.

**16.** Portola objects to the definition of "Andexanet Alfa" as overbroad, vague and ambiguous, unduly burdensome, and disproportionate to the needs of the case to the extent it includes "any predecessor or non-final derivation of the same compound" without identifying any purported predecessors or non-final derivation of Andexanet Alfa. Portola will interpret the term "Andexanet Alfa" as the Factor Xa inhibitor antidote for which Portola maintains the commercial rights outside of Japan.

**17.** Portola objects to the definition of "you" and "your" as vague, ambiguous, overbroad, unduly burdensome, oppressive, and disproportionate to the needs of the case and will interpret that term as referring only to Portola and its present employees.

## III. Specific Objections and Responses To Topics For Deposition

Portola incorporates its foregoing General Responses and Objections into each response to the topics for deposition below. Portola further objects on the ground that Plaintiffs have failed to comply with the Federal Rules of Civil Procedure in seeking deposition testimony from Portola, and the purported Notices of Deposition are null and void. Subject to and without waiving any of its General Objections, Portola makes the following specific objections and responses to the topics for deposition.

**Topic 1:**

The corporate structure and organization of Portola during the development and commercialization of Xarelto and the Factor Xa inhibitor antidote, Andexanet Alfa.

**Response To Topic 1:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it asserts that Portola was involved in the research, development or commercialization of Xarelto. Portola further objects to this Request on the grounds it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case, and counsel for Plaintiffs have failed to articulate justifications for the Request to the contrary. Portola further objects to this

Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 2:**

The purpose, function, and nature of Portola employees or representatives that have had any dealings with Bayer and/or Janssen during the development and commercialization of Xarelto and the Factor Xa inhibitor antidote, Andexanet Alfa.

**RESPONSE TO TOPIC 2:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it asserts that Portola was involved in the research, development or commercialization of Xarelto. Portola further objects to this Request as it seeks testimony that can be obtained from Defendants. Portola further objects that the terms "purpose," "function," and "nature" are vague and ambiguous, and interprets these terms as seeking information regarding Portola's employees or representatives responsibilities with respect to Bayer and/or Janssen. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 3:**

All dealings by and between Portola and Bayer relating to the development and commercialization of Factor Xa inhibitors as well as the Factor Xa inhibitor antidote, Andexanet Alfa.

//

**RESPONSE TO TOPIC 3:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as it seeks testimony that can be more readily obtained from Defendant Bayer. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs' regarding an appropriate scope of questioning, if any.

**TOPIC 4:**

All dealings by and between Portola and Janssen relating to the development and commercialization of Factor Xa inhibitors as well as the Factor Xa inhibitor antidote, Andexanet Alfa.

**RESPONSE TO TOPIC 4:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as it seeks testimony that can be more readily obtained from Defendant Janssen. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 5:**

All dealings by and between Portola with third party consultants, advisors, as well as contract research organizations, such as Lonza AG, relating to the development and commercialization of the Factor Xa inhibitor antidote, Andexanet Alfa.

**RESPONSE TO TOPIC 5:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it is not limited to the development and commercialization of Andexanet Alfa for use with Xarelto. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 6:**

Corporate agreement(s) between Portola with Bayer and/or Janssen, including relevant affiliate entities, pertaining to the development and commercialization of Xarelto and the Factor Xa inhibitor antidote, Andexanet Alfa, which includes discussions between Portola, Bayer, and/or Janssen pertaining to the same topic from their initial communications until the present day.

**RESPONSE TO TOPIC 6:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as

Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it asserts that Portola was involved in the research, development or commercialization of Xarelto. Portola further objects to this Request as it seeks testimony that can be more readily obtained from Defendants. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 7:**

The identity and description of the position of individuals at Portola who were either primarily, secondarily or incidentally in contact with Bayer and/or Janssen, including employees from relevant affiliate entities relating to the corporate relationship or corporate alliance.

**RESPONSE TO TOPIC 7:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as it seeks testimony that can be more readily obtained from Defendants. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 8:**

The use of advisory or consultant boards in the development and preparation for commercialization of Andexanet Alfa.

**RESPONSE TO TOPIC 8:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it is not related to Andexanet Alfa for use with Xarelto. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 9:**

The history of research and development of Andexanet Alfa.

**RESPONSE TO TOPIC 9:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it is not limited to information related to the development and commercialization of Andexanet Alfa for use with Xarelto. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 10:**

Any and all materials that describe both the size and the characteristics of the patient population for whom the drug was created and intended to treat.

**RESPONSE TO TOPIC 10:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as vague and ambiguous as it does not define the "drug" for which it seeks the size and characteristics of the intended patient population. Portola further objects to this Request to the extent it is not limited to information related to Andexanet Alfa for use with Xarelto. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 11:**

Materials and communications describing the desired magnitude of reversal by Andexanet Alfa, the desired pharmacokinetics of Andexanet Alfa, and the plasm concentration that Andexanet Alfa aimed to achieve upon reversal.

**RESPONSE TO TOPIC 11:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of

Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it is not limited to information related to Andexanet Alfa for use with Xarelto. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 12:**

Materials and communications relating to discussions between Portola, Bayer, and/or Janssen pertaining to the use of biomarkers in measuring plasma concentration of Xarelto in patients, including but not limited to Rivaroxaban diagnostic assays.

**RESPONSE TO TOPIC 12:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as it seeks testimony that can be more readily obtained from Defendants. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

//

//

**TOPIC 13:**

Materials and communications relating to discussions between Portola, Bayer, and/or Janssen on the relationship between Rivaroxaban levels and bleeding risk, including, but not limited to, Bayer and Janssen's assistance preparing PowerPoint slides on the same topic intended for Portola to send to the FDA on or around October 27, 2015.

**RESPONSE TO TOPIC 13:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as it seeks testimony that can be more readily obtained from Defendants. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 14:**

Materials and communications describing data collected by, on the behalf of, or at the direction of Portola pertaining to:

a. exposure response ranges of patient sub-populations administered Xarelto;

b. the degree of correlation between Xarelto concentration, whether or not measured through surrogate endpoints such as prothrombin time and thrombin generation inhibition, with safety endpoints, such as bleed risk;

c. analyses comparing anticoagulants, including Xarelto, Warfarin, Betrixaban, Dabigatran, and Apixaban;

d. ranges of plasma concentration observed in patients administered Xarelto;

e. therapeutic ranges of Xarelto, pertaining to peak and trough data,

f. therapeutic levels of Xarelto needed to achieve efficacy; and

g. therapeutic levels of Xarelto associated with safety outcomes, such as bleed risk.

**RESPONSE TO TOPIC 14:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it is not limited to information related to Andexanet Alfa for use with Xarelto. Portola further objects to this Request as it seeks testimony that can be more readily obtained from Defendants. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 15:**

External statements, whether materials or communications, made by Portola employees or agents for the purpose of investor, public, or healthcare provider relations, pertaining to Xarelto or Andexanet Alfa.

**RESPONSE TO TOPIC 15:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it

is not limited to information related to Andexanet Alfa for use with Xarelto. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 16:**

Coordinating activities with any and all third party public relations, consultancy, or marketing organization pertaining to the development and commercialization of Andexanet Alfa.

**RESPONSE TO TOPIC 16:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it is not limited to information related to Andexanet Alfa for use with Xarelto. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 17:**

Discussions between Portola, Bayer, and/or Janssen, relating to efforts to commercialize Andexanet Alfa.

//

**RESPONSE TO TOPIC 17:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as it seeks testimony that can be more readily obtained from Defendants. Portola further objects to this Request to the extent it is not limited to information related to Andexanet Alfa for use with Xarelto. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 18:**

Anticipated, annual sales revenue and anticipated annual profits projected to be derived from Andexanet Alfa both foreign and domestic, as well as anticipated and projected market share information.

**RESPONSE TO TOPIC 18:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it is not limited to information related to Andexanet Alfa for use with Xarelto. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola

further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 19:**

Portola's interaction with regulatory bodies, foreign and domestic, as pertaining to Andexanet Alfa as a Factor Xa inhibitor antidote, whether initiated for Portola or on Portola's behalf.

**RESPONSE TO TOPIC 19:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it is not limited to information related to Andexanet Alfa for use with Xarelto. Portola further objects to this Request as it seeks testimony that can be more readily obtained from Defendants. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs' regarding an appropriate scope of questioning, if any.

**TOPIC 20:**

Discussions between Portola, Bayer, and/or Janssen on efforts to prepare for interactions with regulatory bodies, foreign and domestic as pertaining to Andexanet Alfa as a Factor Xa inhibitor antidote.

//

//

**RESPONSE TO TOPIC 20:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it is not limited to information related to Andexanet Alfa for use with Xarelto. Portola further objects to this Request as it seeks testimony that can be more readily obtained from Defendants. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 21:**

Discussions between Portola, Bayer, and/or Janssen on regulatory strategy as pertaining to Andexanet Alfa as a Factor Xa inhibitor antidote.

**RESPONSE TO TOPIC 21:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it is not limited to information related to Andexanet Alfa for use with Xarelto. Portola further objects to this Request as it seeks testimony that can be more readily obtained from Defendants. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial

information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

**TOPIC 22:**

Discussions between Portola, Bayer, and/or Janssen on efforts to respond to statements or requests of regulatory bodies, foreign and domestic as pertaining to Andexanet Alfa as a Factor Xa inhibitor antidote.

**RESPONSE TO TOPIC 22:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it is not limited to information related to Andexanet Alfa for use with Xarelto. Portola further objects to this Request as it seeks testimony that can be more readily obtained from Defendants. Portola further objects to this Request because it is not relevant to any party's claims or defenses and is not proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks to question Portola regarding its confidential, proprietary, private, or financial information. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege protections.

Subject to the forgoing, Portola will meet and confer with counsel for Plaintiffs regarding an appropriate scope of questioning, if any.

## IV. SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

Portola incorporates its foregoing General Responses and Objections into each response to the document requests below. Subject to and without waiving those General Objections, Portola makes the following specific objections and responses to the Subpoena's document requests.

**REQUEST FOR PRODUCTION NO. 1:**

All documents, including rosters, organizational charts, PowerPoints, SharePoints, slide decks, meeting minutes and agenda, attendance lists, and databases that identify the structure and staffing applicable to the following:

a. Individuals, departments and divisions within Portola with responsibility development and commercialization of Andexanet Alfa.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad and unduly burdensome as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request to the extent it seeks to require production of documents neither relevant to any party's claims or defenses nor proportional to the needs of this product liability case. Portola further objects to this Request as overbroad, unduly burdensome, oppressive and disproportionate to the needs of the case to the extent it seeks "[a]ll documents" related to the identified category of documents. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege or protections. Portola further objects to this Request to the extent it seeks the production of confidential, proprietary, private, or financial information.

Subject to the foregoing, Portola states that it has already identified and provided information responsive to this Request to Plaintiffs, specifically, the names of the principal individuals within Portola that interact with individuals associated with Defendants on the development and commercialization of Andexanet Alfa for use with Xarelto (rivaroxaban).

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications relating to discussions between Portola, Bayer, and/or Janssen on efforts to commercialize Andexanet Alfa.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as

Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as it is not limited to efforts to commercialize Andexanet Alfa for use with Xarelto. Portola further objects to this Request on the grounds that it is duplicative or cumulative of discovery already sought from the Defendants in this matter or which could be more readily obtained from Defendants, without imposing upon non-party Portola the undue and costly burden of producing such documents. Further, Portola understands and believes that the individuals at Defendants that Portola principally interacts with regarding the development and commercialization of Andexanet Alfa for use with Xarelto (rivaroxaban) are already custodians in this case, and that such documents are in the possession of Defendants and can be obtained through party discovery should such information be discoverable in the case. Portola further objects to this Request to the extent it seeks to require production of documents neither relevant to any party's claims or defenses nor proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege or protections. Portola further objects to this Request to the extent it seeks the production of confidential, proprietary, private, or financial information.

Subject to the foregoing, Portola will continue to meet and confer with counsel for Plaintiffs concerning this request.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and communications relating to the initiation, completion, and any subsequent revisions of corporate relationships or corporate alliances Portola reached with Bayer and/or Janssen.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as it is not limited to efforts to commercialize Andexanet Alfa for use with Xarelto. Portola further objects to this Request on the grounds that it is duplicative or cumulative of discovery already sought from the

Defendants in this matter or which could be more readily obtained from Defendants, without imposing upon non-party Portola the undue and costly burden of producing such documents. Further, Portola understands and believes that the individuals at Defendants that Portola principally interacts with regarding the development and commercialization of Andexanet Alfa for use with Xarelto (rivaroxaban) are already custodians in this case, and that such documents are in the possession of Defendants and can be obtained through party discovery should such information be discoverable in the case.. Portola further objects to this Request to the extent it seeks to require production of documents neither relevant to any party's claims or defenses nor proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege or protections. Portola further objects to this Request to the extent it seeks the production of confidential, proprietary, private, or financial information.

Subject to the foregoing, Portola will continue to meet and confer with counsel for Plaintiffs concerning this request.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications relating to the use of advisory or consultant boards, including key opinion leaders, in the development and preparation for commercialization of Andexanet Alfa.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as it is not limited to efforts to commercialize Andexanet Alfa for use with Xarelto. To the extent this Request seeks documents related to Andexanet Alfa for use with Xarelto, Portola further objects to this Request on the grounds that it is duplicative or cumulative of discovery already sought from the Defendants in this matter or which could be more readily obtained from Defendants, without imposing upon non-party Portola the undue and costly burden of producing such documents.

Further, Portola understands and believes that the individuals at Defendants that Portola principally interacts with regarding the development and commercialization of Andexanet Alfa for use with Xarelto (rivaroxaban) are already custodians in this case, and that such documents are in the possession of Defendants and can be obtained through party discovery should such information be discoverable in the case. . Portola further objects to this Request to the extent it seeks to require production of documents neither relevant to any party's claims or defenses nor proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege or protections. Portola further objects to this Request to the extent it seeks the production of confidential, proprietary, private, or financial information.

Subject to the foregoing, Portola will continue to meet and confer with counsel for Plaintiffs concerning this request.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and communications relating to the research and development of Andexanet Alfa, including, but not limited to:

a. Materials and communications describing the desired magnitude of reversal by Andexanet Alfa, the desired pharmacokinetics of Andexanet Alfa, and the plasma concentration that Andexanet Alfa aimed to achieve upon reversal;

b. Materials and communications relating to discussions between Portola, Bayer, and/or Janssen pertaining to the use of biomarkers in measuring plasma concentration of Xarelto in patients, including but not limited to Rivaroxaban diagnostic assays;

c. Materials and communications relating to an association between Xarelto and stroke, hemorrhaging, severe bleeding events, thromboembolic complications, heart attacks, acute coronary syndrome and/or death, as well as any other severe injury.

d. Materials and communications responsive to the data sets described in topic 13, including all subparts therein.

//

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as it is not limited to efforts to commercialize Andexanet Alfa for use with Xarelto. Portola further objects to this Request on the grounds that it is duplicative or cumulative of discovery already sought from the Defendants in this matter or which could be more readily obtained from Defendants, without imposing upon non-party Portola the undue and costly burden of producing such documents. Further, Portola understands and believes that the individuals at Defendants that Portola principally interacts with regarding the development and commercialization of Andexanet Alfa for use with Xarelto (rivaroxaban) are already custodians in this case, and that such documents are in the possession of Defendants and can be obtained through party discovery should such information be discoverable in the case. Portola further objects to this Request to the extent it seeks to require production of documents neither relevant to any party's claims or defenses nor proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege or protections. Portola further objects to this Request to the extent it seeks the production of confidential, proprietary, private, or financial information.

Subject to the foregoing, Portola will continue to meet and confer with counsel for Plaintiffs concerning this request.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and communications relating to external communications, whether made by Portola employees or on Portola's behalf for the purpose of investor, public, or healthcare provider relations, pertaining to Xarelto or Andexanet Alfa.

//

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as it is not limited to efforts to commercialize Andexanet Alfa for use with Xarelto. Portola further objects to this Request on the grounds that it is duplicative or cumulative of discovery already sought from the Defendants in this matter or which could be more readily obtained from Defendants, without imposing upon non-party Portola the undue and costly burden of producing such documents. Further, Portola understands and believes that the individuals at Defendants that Portola principally interacts with regarding the development and commercialization of Andexanet Alfa for use with Xarelto (rivaroxaban) are already custodians in this case, and that such documents are in the possession of Defendants and can be obtained through party discovery should such information be discoverable in the case. Portola further objects to this Request to the extent it seeks to require production of documents neither relevant to any party's claims or defenses nor proportional to the needs of this product liability case. Portola further objects to the Request to the extent that it seeks publicly available documents and improperly seeks to impose an undue and costly burden of producing documents already available to the Plaintiffs. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege or protections. Portola further objects to this Request to the extent it seeks the production of confidential, proprietary, private, or financial information.

Subject to the foregoing, Portola will continue to meet and confer with counsel for Plaintiffs concerning this request.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications relating to the marketing and sale of Andexanet Alfa, including, but not limited to, coordinating activities with any and all third party public relations, consultancy, or marketing firms.

//

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this request as vague and ambiguous on the grounds that it has not received FDA or other regulatory approval for Andexanet Alfa and as such is not actively marketing or selling the product and thus, it is unclear what documents Plaintiffs seek, if any. Portola further objects to this Request as it is not limited to efforts to commercialize Andexanet Alfa for use with Xarelto. Portola further objects to this Request on the grounds that it is duplicative or cumulative of discovery already sought from the Defendants in this matter or which could be more readily obtained from Defendants, without imposing upon non-party Portola the undue and costly burden of producing such documents. Further, Portola understands and believes that the individuals at Defendants that Portola principally interacts with regarding the development and commercialization of Andexanet Alfa for use with Xarelto (rivaroxaban) are already custodians in this case, and that such documents are in the possession of Defendants and can be obtained through party discovery should such information be discoverable in the case. Portola further objects to this Request to the extent it seeks to require production of documents neither relevant to any party's claims or defenses nor proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege or protections. Portola further objects to this Request to the extent it seeks the production of confidential, proprietary, private, or financial information.

Subject to the foregoing, Portola will continue to meet and confer with counsel for Plaintiffs concerning this request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and communications relating to interactions with foreign and domestic regulatory bodies relating to Andexanet Alfa, including, but not limited to, discussions between

Portola, Bayer, and/or Janssen on regulatory strategy as well as efforts to prepare for and respond to said interactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as it is not limited to efforts to commercialize Andexanet Alfa for use with Xarelto. Portola further objects to this Request on the grounds that it is duplicative or cumulative of discovery already sought from the Defendants in this matter or which could be more readily obtained from Defendants, without imposing upon non-party Portola the undue and costly burden of producing such documents. Further, Portola understands and believes that the individuals at Defendants that Portola principally interacts with regarding the development and commercialization of Andexanet Alfa for use with Xarelto (rivaroxaban) are already custodians in this case, and that such documents are in the possession of Defendants and can be obtained through party discovery should such information be discoverable in the case. Portola further objects to this Request to the extent it seeks to require production of documents neither relevant to any party's claims or defenses nor proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege or protections. Portola further objects to this Request to the extent it seeks the production of confidential, proprietary, private, or financial information.

Subject to the foregoing, Portola will continue to meet and confer with counsel for Plaintiffs concerning this request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications relating to discussions between Portola, Bayer, and/or Janssen on the relationship between Rivaroxaban levels and bleeding risk, including, but not limited to, Bayer and Janssen's assistance preparing PowerPoint slides on the same topic intended for Portola to send to the FDA on or around October 27, 2015.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request on the grounds that it is duplicative or cumulative of discovery already sought from the Defendants in this matter or which could be more readily obtained from Defendants, without imposing upon non-party Portola the undue and costly burden of producing such documents. Further, Portola understands and believes that the individuals at Defendants that Portola principally interacts with regarding the development and commercialization of Andexanet Alfa for use with Xarelto (rivaroxaban) are already custodians in this case, and that such documents are in the possession of Defendants and can be obtained through party discovery should such information be discoverable in the case. Portola further objects to this Request to the extent it seeks to require production of documents neither relevant to any party's claims or defenses nor proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege or protections. Portola further objects to this Request to the extent it seeks the production of confidential, proprietary, private, or financial information.

Subject to the foregoing, Portola will continue to meet and confer with counsel for Plaintiffs concerning this request.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and communications relating to anticipated, annual sales revenue and anticipated annual profits projected to be derived from Andexanet Alfa both foreign and domestic, as well as anticipated and projected market share.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of

Xarelto, the product at issue in this litigation. Portola further objects to this request as vague and ambiguous on the grounds that it has not received FDA or other regulatory approval for Andexanet Alfa and as such is not actively marketing or selling the product and thus, it is unclear what documents Plaintiffs seek, if any. Portola further objects to this Request as it is not limited to efforts to commercialize Andexanet Alfa for use with Xarelto. Portola further objects to this Request on the grounds that it is duplicative or cumulative of discovery already sought from the Defendants in this matter or which could be more readily obtained from Defendants, without imposing upon non-party Portola the undue and costly burden of producing such documents. Further, Portola understands and believes that the individuals at Defendants that Portola principally interacts with regarding the development and commercialization of Andexanet Alfa for use with Xarelto (rivaroxaban) are already custodians in this case, and that such documents are in the possession of Defendants and can be obtained through party discovery should such information be discoverable in the case. Portola further objects to this Request to the extent it seeks to require production of documents neither relevant to any party's claims or defenses nor proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege or protections.

**REQUEST FOR PRODUCTION NO. 11:**

All documents from employees of Portola including but not limited to John Curnutte, Head of Research and Development at Portola, Jeet Mahal, Business Director at Portola, William "Bill" Lis Portola CEO that relate to Andexanet Alfa or Xarelto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Portola incorporates its general responses and objections stated above and further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case as Portola is not a party to this litigation. Portola is not the manufacturer, distributor, or retailer of Xarelto, the product at issue in this litigation. Portola further objects to this Request as it is not limited to efforts to commercialize Andexanet Alfa for use with Xarelto. Portola further objects to this Request on the grounds that it is duplicative or cumulative of discovery already sought from the Defendants in this matter or which could be more readily obtained from Defendants, without

imposing upon non-party Portola the undue and costly burden of producing such documents. Further, Portola understands and believes that the individuals at Defendants that Portola principally interacts with regarding the development and commercialization of Andexanet Alfa for use with Xarelto (rivaroxaban) are already custodians in this case, and that such documents are in the possession of Defendants and can be obtained through party discovery should such information be discoverable in the case. Portola further objects to this Request to the extent it seeks to require production of documents neither relevant to any party's claims or defenses nor proportional to the needs of this product liability case. Portola further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product immunity, and/or other applicable privilege or protections. Portola further objects to this Request to the extent it seeks the production of confidential, proprietary, private, or financial information.

Subject to the foregoing, Portola will continue to meet and confer with counsel for Plaintiffs concerning this request.

Dated: June 6, 2016

COOLEY LLP
MARK LAMBERT (197410)
MICHELLE RHYU (212922)
HEATHER DUNN NAVARRO (238158)
SHAWNA BENFIELD (290511)

By: ______________________
Heather Dunn Navarro (212922)

Attorneys for Non-Party Portola Pharmaceuticals, Inc.

Cooley LLP
MARK LAMBERT (197410)
(mlambert@cooley.com)
MICHELLE RHYU (212922)
(rhyums@cooley.com)
HEATHER DUNN NAVARRO (238158)
(hdnavarro@cooley.com)
SHAWNA BENFIELD (290511)
sbenfield@cooley.com
3175 Hanover Street
Palo Alto, CA 94304-1130
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

Attorneys for Non-Party
Portola Pharmaceuticals, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN) PROD. LIAB.

Case No. MDL 2593

**PROOF OF SERVICE**

**PROOF OF SERVICE**
**(FRCP 5)**

I am a citizen of the United States and a resident of the State of California. I am employed in Santa Clara County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of 18 years, and not a party to the within action. My business address is Cooley LLP, 3175 Hanover Street, Palo Alto, California 94304-1130. My e-mail address is sbenfield@cooley.com. On June 6, 2016, I served a copy of **NON-PARTY, PORTOLA PHARMACEUTICALS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** by first class mail and electronic mail on the following parties to this action:

**Plaintiffs' Liaison Counsel**

Gerald E. Meunier
Gainsburgh Benjamin David Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70130
Phone: 504-522-2304
Fax: 504-528-9973
Email: gmeunier@gainsben.com

Leonard A. Davis
Herman, Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: 504-581-4892
Fax: 504- 561-6024
Email: ldavis@hhklawfirm.com

**Defendants' Liaison Counsel**

James B. Irwin
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-310-2100
Fax: (504) 310-2120
Email: jirwin@irwinllc.com

Susan M. Sharko
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, New Jersey 07932-1047
Phone: (973) 549-7350
Fax: (973) 360-9831
Email: susan.sharko@dbr.com

Andrew K. Solow
Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
Phone: (212) 836-7740
Email: Andrew.solow@kayescholer.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 6, 2016, at Palo Alto, California.

Shawna Benfield

132754291 v1