# EXHIBIT D

**Correll, Julie**

---

| | |
|---|---|
| **From:** | Dunn Navarro, Heather |
| **Sent:** | Tuesday, July 05, 2016 3:58 PM |
| **To:** | Roger Denton; Lenny Davis |
| **Cc:** | Lambert, Mark; Benfield, Shawna; Sharko, Susan M; Solow, Andrew |
| **Subject:** | RE: Xarelto Litigation |

Counsel:

We write to follow-up on our conversation this morning and our request for a telephone conference with both Plaintiffs and Defendants counsel regarding the subpoena Plaintiffs have served on non-party Portola.  As we stated on our call today, we believe that a meet and confer with counsel for all parties will further our meet and confer efforts regarding the scope of the subpoena and are hopeful it will resolve or narrow outstanding issues related to the subpoena.  Accordingly, we have copied Defendants counsel on this email.

Portola has had multiple meet and confers with you regarding the subpoena and as we have explained each time, the requests in your subpoena seek documents that Portola must share with defendants Bayer and Janssen under the collaboration agreements that have already been produced in this case.  As such, we expect that the relevant documents Portola has in its possession will have already been produced by the Defendants.  To that end, on June 3rd, we provided the names of the Bayer and Janssen personnel that serve/served as Portola's principal points of contact, as well as the names of the Portola personnel that principally interact with Bayer and Janssen.

We understand from your statements this morning that Defendants have only produced 654 e-mails that "have a Portola email exchange."  However, because you will not share how you arrived at this number, we are unable to confirm whether your search would accurately capture the volume of email and non-email documents produced by the parties relating to Portola and its interactions and communications with Bayer and Janssen.  Moreover, you also refused to share the search terms that Defendants used to search for responsive documents in this case, making it impossible for us to determine if the documents sought by Plaintiffs' subpoena have already been requested and could be produced to Plaintiffs through party discovery.  Portola, as a third party, has a right to avoid unnecessary burdens that should be carried by the parties to the litigation.  To date, you have not demonstrated your efforts in that regard.

In addition, you have also refused to address the overbreadth of your subpoena.  As we have explained, the subpoena as written seeks <u>all</u> company documents related to Andexanet Alpha.  In essence, responding to this subpoena would require Portola to produce a third of the company's files as Andexanet Alpha development constitutes approximately one-third of the Company's overall business.  Thus, there is no question that your subpoena as written is overbroad and unduly burdensome.  Your subpoena also seeks documents that are in no way "relevant to any party's claim or defense and proportional to the needs of the case."  FRCP 26(b)(1).  It is undisputed that at the time Xarelto hit the market, no antidote existed, and the parties do not dispute the absence of an antidote.  Indeed, Portola's development of Andexanet Alpha did not occur until *after* Xarelto hit the market.  And, although we have asked you to articulate the legal basis as to relevancy for demanding internal Portola communications and documents related to Andexanet Alpha and/or Xarelto (as well as with documents Portola sent to or provided to Defendants), you have refused to do so.  Today, when we put that question to you again, you said: "when we see the documents, we might find out."  As such, the relevancy of the subpoena has never been established.

As we have repeated, Portola is willing to continue meeting and conferring towards a resolution of the subpoena without the need for Court intervention.  Portola is willing to produce documents once you have demonstrated a good faith effort to ensure that Portola is not being unduly burdened with discovery that is properly shouldered by the parties, as opposed to Portola.  As previously stated, we are willing to search the files of the key Portola employees that communicated with Defendants for their communications with the Defendants regarding Xarelto and Andexanet Alpha, to the extent they have not already been produced.  However, because you have not been willing to provide any detail regarding your efforts to reduce our third-party burdens, including what search terms have been used, we are faced

with an inappropriate and excessive burden that is out of step with the Rules.  Again, we believe it would be fruitful for all parties to participate in a meet and confer regarding the scope of the requested documents that have already been produced by the Defendants and the reasonable parameters for a production from non-party Portola.

Please let us know your availability for a call this week.
Thank you,
Heather

**Heather Dunn Navarro**
Cooley LLP
Direct: (650) 843-5649 • Fax: (650) 849-7400
Email: hdnavarro@cooley.com • www.cooley.com

---

**From:** Dunn Navarro, Heather
**Sent:** Wednesday, June 29, 2016 3:52 PM
**To:** Roger Denton; Lenny Davis; Benfield, Shawna
**Cc:** Lambert, Mark; Rhyu, Michelle; Lillian Flemming
**Subject:** RE: Xarelto Litigation

Roger,
We are not available on Tuesday at 11 am CT/9 am PT.  As noted below, we are available to speak on Tuesday, July 5 at 1 pm CT/11 am PT or after 5 pm CT/3 pm PT.  Alternatively, we are generally available on Wednesday, July 6.

Please let us know when you would like to speak within those windows of availability.
Thanks,
Heather

**Heather Dunn Navarro**
Cooley LLP
Direct: (650) 843-5649 • Fax: (650) 849-7400
Email: hdnavarro@cooley.com • www.cooley.com

---

**From:** Roger Denton [mailto:rdenton@uselaws.com]
**Sent:** Wednesday, June 29, 2016 3:44 PM
**To:** Lenny Davis; Benfield, Shawna
**Cc:** Lambert, Mark; Rhyu, Michelle; Dunn Navarro, Heather; Lillian Flemming
**Subject:** RE: Xarelto Litigation

11 central works for me. Thank you.


Roger C. Denton
**Schlichter, Bogard & Denton, LLP**
100 South Fourth Street, Ste 1200
St. Louis, MO 63102
314-621-6115     314-621-1365(fax)
http://www.uselaws.com

*This e-mail message is confidential, intended only for the named recipient(s) above and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at #314-621-6115 and delete this e-mail message from your computer. Thank you.*

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Wednesday, June 29, 2016 4:17 PM
**To:** 'Benfield, Shawna'; Roger Denton
**Cc:** Lambert, Mark; Rhyu, Michelle; Dunn Navarro, Heather; Lillian Flemming
**Subject:** RE: Xarelto Litigation

I can be available Tuesday. roger please select a time and lilian will circulate a call in number

Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

CONFIDENTIAL ATTORNEY WORK PRODUCT

---

**From:** Benfield, Shawna [mailto:sbenfield@cooley.com]
**Sent:** Wednesday, June 29, 2016 4:10 PM
**To:** Lenny Davis; 'Roger Denton'
**Cc:** Lambert, Mark; Rhyu, Michelle; Dunn Navarro, Heather
**Subject:** RE: Xarelto Litigation

Hi Lenny,

Unfortunately, due to holiday travel, we are not available on the dates you proposed. However, we are available next Tuesday, July 5 between 11-12 or after 3 PST. Alternatively, we are available on Wednesday, July 6. Please let us know what works for you and Roger.

In the meantime, as I requested in my June 6 and June 28 e-mails, would you please send us a copy of the search terms the parties agreed to prior to our meet and confer? We would like to make our meet and confer as productive as possible and need to have a chance to review the terms prior to our call in order to do so. In addition, would you please provide us with the reasons that plaintiffs cannot seek supplemental discovery from the defendants?

Thank you,
Shawna

**Shawna V. Benfield**
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Direct: +1 650 843 5995 • Fax: +1 650 849 7400
Email: sbenfield@cooley.com • www.cooley.com

**From:** Lenny Davis [mailto:LDAVIS@hhklawfirm.com]
**Sent:** Tuesday, June 28, 2016 7:40 AM
**To:** Benfield, Shawna; 'Roger Denton'
**Cc:** Lambert, Mark; Rhyu, Michelle; Dunn Navarro, Heather
**Subject:** RE: Xarelto Litigation

I have had an opportunity to regroup with Roger. He was out with an unexpected health issue. can we reset the call that we postponed from about 10 days ago. We are available June 29 at 1pm to 2:30 pm CT or June 30 at11 am to 1pm CT. please let us know when we can talk


Leonard A. Davis
Attorney at Law
Herman, Herman & Katz, L.L.C.
Herman  Gerel LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
504-581-4892
504-561-6024(fax)

*This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.*

CONFIDENTIAL ATTORNEY WORK PRODUCT


**From:** Benfield, Shawna [mailto:sbenfield@cooley.com]
**Sent:** Thursday, June 16, 2016 3:19 PM
**To:** Lenny Davis; 'Roger Denton'
**Cc:** Lambert, Mark; Rhyu, Michelle; Dunn Navarro, Heather
**Subject:** RE: Xarelto Litigation

Lenny and Roger,

As you know, we have a meet and confer set for tomorrow afternoon. As I mentioned in my e-mail below, in order to make our next meet and confer more efficient, we request that you provide us with the search terms agreed upon by the parties. Will you please send then at your earliest convenience?

Thank you,
Shawna


**Shawna V. Benfield**
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Direct: +1 650 843 5995 • Fax: +1 650 849 7400
Email: sbenfield@cooley.com • www.cooley.com


_____
**From:** Benfield, Shawna
**Sent:** Monday, June 06, 2016 6:36 PM
**To:** Lenny Davis; 'Roger Denton'

4

**Cc:** Lambert, Mark; Rhyu, Michelle; Dunn Navarro, Heather
**Subject:** Xarelto Litigation


Lenny and Roger,

Thank you for the call this afternoon.  We appreciate your providing us with further details regarding Plaintiffs' attempts to obtain the documents requested in the subpoena from the defendants.  My colleagues forwarded your earlier e-mail with the details of our upcoming June 17 call.  For future correspondence, please note that my e-mail address is sbenfield@cooley.com, not sbemfield@cooley.com.

As we discussed, you have confirmed that the collaboration agreements between Portola, Bayer, and Janssen have already been produced.  As we confirmed, these are the only agreements between Portola, Bayer, and Janssen.  Because Portola has complied with its extensive information sharing obligations to defendants under those agreements, and in light of our provision of the names of the Portola personnel who communicate with identified Bayer and Janssen personnel, it is our position that the plaintiffs already have, or should have, access to such information through party discovery.  We understand that you see things differently, but Portola stands by its rights to benefit from efforts by plaintiffs to minimize burdens.  We appreciate that you have agreed to do more follow up based on the information we have provided to you, and we look forward to hearing about that next week.

We understand that you are concerned that materials and communications sent from Portola to defendants might not have been captured by the search terms Janssen and Bayer agreed to run, and therefore, may not be in the production.  We asked whether you could augment the search term list and I believe you replied that "the train has left the station."  If the meaning of that statement was that plaintiffs believe they cannot seek supplemental discovery from the defendants, can you please explain why that is the case?  In order to make our next meet and confer more efficient, we request that you provide us with the search terms agreed upon by the parties.  We would appreciate if you would send us this information prior to our meet and confer.

Thank you,
Shawna

**Shawna V. Benfield**
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
Direct: +1 650 843 5995 • Fax: +1 650 849 7400
Email: sbenfield@cooley.com • www.cooley.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.