UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN) * MDL 2592
PRODUCTS LIABILITY LITIATION * *
* Section L
*
THIS DOCUMENT RELATES * July 6, 2016
TO ALL CASES *
* * * * * * * * * * * * * * * *

STATUS CONFERENCE PROCEEDINGS BEFORE THE
HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Appearances:

For Plaintiff
Herman Herman & Katz
LEONARD A . DAVIS
820 O'Keefe Avenue
New Orleans, Louisiana 70113 --

Beasley Allen Crow Methvin Portis & Miles
ANTHONY BIRCHFIELD, JR.
Post Office Box 4160
Montgomery, Alabama 36103

Barrios Kingsdorf & Casteix
DAWN M. BARRIOS
701 Poydras Street, Suite 3650
New Orleans, Louisiana 70139

For Defendant Liaison
Irwin Fritchie Urquhart & Moore
JAMES B. IRWIN, V
Texaco Center
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130

Official Court Reporter:
Donna A. Goree, RPR, CRR
500 Poydras Street, Room B-281
New Orleans, Louisiana 70130
(504) 589-7781

Proceedings recorded by mechanical stenography using computer-aided transcription software.

*** *STATUS CONFERENCE* ***

**(July 6, 2016)**

**DEPUTY CLERK:** 14-MD-2592, In re: Xarelto Products Liability Litigation.

**THE COURT:** Counsel, make appearances for the record, please.

**MR. DAVIS:** Good morning, Your Honor. Leonard Davis for Herman Herman & Katz, plaintiffs' co-liaison counsel.

**MR. IRWIN:** And Jim Irwin for defendants.

**THE COURT:** This is our monthly status conference. I had met a moment ago with the lead liaison counsel. I apologize for being a little late. We had a lot of discussion on the Bellwether selection and hopefully resolved that; but while we moved in the direction of accomplishing that, it took us a little longer than it usually does.

I'll hear from the parties as to the discussion.

**MR. BIRCHFIELD:** Good morning, Your Honor. This is Prejoint Report No. 17. The first order of business is pretrial order.

Since the last status conference there have been two new pretrial orders that have been issued, the first being Pretrial Order 10-A. What pretrial order 10-A does is extend the time to serve a complaint in essence to 90 days, which is set forth in the order. And that's a result of the clerk's office primarily being inundated.

**THE COURT:** Yep.

**MR. BIRCHFIELD:** I make this announcement so that folks, particularly those on the phone, are aware of that issue. We had a number of calls by plaintiff lawyers who were having issues with respect to service and wanted to make sure that it was done timely. But that is so that folks do know about that.

**THE COURT:** Yes, we did have to extend that, both at the clerk's office as well as to accommodate some counsel who had some issues. So, we extended that.

**MR. BIRCHFIELD:** The other pretrial order that is new is Pretrial Order No. 30, which sets forth the procedure for withdrawal of a plaintiff's counsel. And I suggest that anyone who is filing a motion to withdraw look closely at that order because it dovetails into the rules set forth in the federal rules and local rules.

The next two items, case management orders Nos. 2, 3, 4 and bellwether selection we can take together, which is in line with what Your Honor began by talking about, the bellwether selection process, which the parties have discussed and did discuss in the pre-conference. The parties will be working together to follow Your Honor's directives, and we will be presenting something to the Court in the near future with respect to a selection process.

**THE COURT:** I think we have a method for selecting,

and we may have to massage some of the discovery dates to accommodate that, but we will deal with that after the selection. I would like to get the draft of that order setting it forth within a week, ten days at most.

**MR. BIRCHFIELD:** Yes, Your Honor, the parties will do that, get together and submit something to you.

Next item is the counsel contact information form. That's a repeat. It's been at every conference, and all counsel are encouraged to look at PTO 4(a) and submit that. We continue to receive those on a regular basis, and anyone new to the litigation should make themselves familiar with the Court's website and get the pretrial orders and comply with them.

The next item I can take together, plaintiff factsheet and defendant fact sheets. Again PTO 27 deals with those issues with respect to new file cases, and I encourage parties to look at PTO 27 and complete profile forms as appropriate.

Item No. 7 on the agenda is bundling of complaints. As of May 26th there are no new filings of bundled complaints, and that is on the Court's website. Again if you look at Pretrial Order No. 11, in particular 11(e) dealing with that matter, there is nothing new on preservation order. There is nothing new on No. 9, the parties' interactions with MDL plaintiff prescriber and treatment physicians.

On discovery, which is Item 10, there are a

number of issues that are ongoing. We still have confidentiality challenges that are at issue. That's being dealt with. There is nothing to deal with at this time.

There was a recent 30(b)(6) notice of deposition and subpoena served on Janssen regarding study samples. That was done on June the 29th. There is nothing for the Court to do on that. That's just for informational purposes. We are proceeding with that.

On July the 5th -- this is not in the joint report. But on July the 5th the PSC filed a response to the Bayer Pharma German privilege or privacy log. That has been submitted to the Court. So, that information is now in the Court's possession; and that matter can proceed.

On June the 24th, the PSC served preemption interrogatories. Those will be due -- responses will be due in the near future. We await receipt of those. And the PSC is proceeding with other discovery, including those to third parties. That's my report on discovery.

With respect to No. 11, deposition guidelines, there is nothing new; and I might suggest that we can delete that from future reports if that's okay.

**MR. IRWIN:** (Nods affirmatively)

**MR. BIRCHFIELD:** On No. 12, on discovery issues to third parties, there was a recent filing on a motion to compel as to Pharma. That was filed on June the 28th. That matter is

set for hearing on July the 20th. We have had meet and confers with Pharma, and we await responses with Pharma, and we will deal with that as appropriate.

**THE COURT:** Just keep me in the loop on that. In case there is a hiccup there, I can weigh in on it.

**MR. BIRCHFIELD:** Will do, Your Honor.

I think the next item is No. 13, which is state and federal coordination, I believe. Ms. Barrios is present.

**MS. BARRIOS:** Good morning, Your Honor. Dawn Barrios for the state federal defendant. Excuse me. I want to thank the defense for continuing to timely provide us with the state court cases. We have prepared the stats as of 7-5. Nothing really has happened, Your Honor. The California judge has not been selected yet. There are no new judges that you need to concern yourself with.

The most important is just the increase in number of filings from our last status conference. There is an increase of 128 cases and an increase of 216 Xarelto users since our last conference.

**THE COURT:** Where is the increase, in Delaware?

**MS. BARRIOS:** A lot in Pennsylvania. Pennsylvania has 129, and then Missouri has 41. Delaware, as Your Honor remarked, those are the big -- the big states.

**THE COURT:** Okay.

**MS. BARRIOS:** And I will continue to keep you

updated, Your Honor. Thank you.

**THE COURT:** Thank you very much.

**MR. BIRCHFIELD:** Your Honor, I failed to mention something with respect to third party discovery. On June 30, PSC served a notice of deposition on Robert Cave; and that's been updated to centrality. That update is scheduled, and we'll report if necessary on that.

There are a couple of matters that are set for hearing following the status conference, and the only other thing is the next status conference dates.

**THE COURT:** Next status conference is August the 4th, and the following is September the 20th.

**DEPUTY CLERK:** Both at 9:00 o'clock, Judge.

**THE COURT:** Yeah, both at 9:00 o'clock; and I'll meet liaison here at 8:30.

Okay. Anything from anyone?

Let's go into the motions then. I have a trial starting in half an hour. So, let me take the motions. The motions -- the folks on the phone, who is on the phone?

**MR. PINEDO:** Your Honor, Chris Pinedo for the plaintiffs Hinton.

**THE COURT:** Okay. Anyone else on the phone for the motions?

**MR. BROOKS:** Yes, Your Honor, this is attorney Scott Brooks. Hello?

**THE COURT:** Yes, hello. Go ahead. Let's take the first case then. Let's take the first case. What's the first case that we are dealing with, Jim?

**MR. IRWIN:** I believe the first case, Your Honor, is Teresa Foret. It's No. 2-16, Civil Action 764.

**THE COURT:** Is the attorney for the plaintiff on the line? What is the motion?

**MR. IRWIN:** Your Honor, it is a motion to dismiss without prejudice. I can give you the history of the motion. It was filed on March 31, 2016. It was a motion on the Rule 41(a)(2). No memorandum was filed. No reasons were offered for the proposed dismissal without prejudice.

We opposed that motion on April 14, 2016, citing primarily the *Elbaor versus Tripath* case, the Fifth Circuit case, which requires an explanation of the reason that the "without prejudice" motion is sought and also information as to where it might be refiled, the jurisdiction in which it might be refiled.

On May 18, Your Honor entered Pretrial Order 24(a) which required with respect to this process, trying to make it a little more structured, that the plaintiff must say two things: No. 1, they have attempted to get consent from the defendant to file a motion; and No. 2, that they have explained where they will be refiling, the jurisdiction, and -- excuse me -- the payment of filing fees.

09:53 On June 2, 2016, you entered an order specifically enforcing PTO 24(a) with respect to this Teresa Foret case. On July 5, on yesterday, the plaintiffs refiled their March 31 motion to dismiss. They did attach a memo. They basically offered the same explanations. They have still not explained what the reason is for the dismissal. And so, we believe that under *Elbaor* they have not complied with the requirements of the Fifth Circuit, nor have they complied with PTO 24(a) or with the order of June 2, 2016.

**THE COURT:** Anybody on the phone for the Foret case?

**MR. BROOKS:** Yes, Your Honor.

**THE COURT:** Who is it?

**MR. BROOKS:** Can you hear me?

**THE COURT:** Yes. Give us your name, please.

**MR. BROOKS:** It's attorney Scott Brooks.

**THE COURT:** All right. What is the answer to that at this time?

**MR. BROOKS:** Essentially, Your Honor, when we received the defendant's memorandum in opposition of the motion, they offered an alternative as if they would have set the motion to dismiss without prejudice on the condition that the refiling of the incident case would be in federal court. We filed a reply to that memorandum agreeing to those terms; and then yesterday in the refiling the motion and addendum attached to it, we explained that we do accept those terms.

**MR. IRWIN:** Your Honor, if I can explain, we opposed their motion to dismiss without prejudice. This was before the entry of PTO 24(a). We suggested in the alternative, if the Court was inclined to grant the motion without prejudice, that the Court, with its power under *Elbaor*, could require that they indicate that they would refile in federal court. They did that.

Your Honor never signed that order. Your Honor never accepted that alternative argument that we made. All along we opposed the dismissal without prejudice primarily for the reason they never offered an explanation as to why they wanted to dismiss this case, and they still have not done that.

**THE COURT:** Why do you want to dismiss the case, sir?

**MR. BROOKS:** We have received further medical records; and as of right now we have the payee actually show up as a user, Mallie Akers, the mother of Susan Foret.

**THE COURT:** Go a little slower, please. We are having difficulty. I don't know whether you are on a cell phone or not, but you are not coming across totally.

**MR. BROOKS:** I apologize, yes. And so, we have received more medical records for Mallie Akers which is the Xeralto user in this case. That's the mother of Susan Foret. And after our nurses' review of the records, we found out that she did not have a qualifying injury with Xarelto. And so, that is why we are trying to dismiss.

09:56 **MR. IRWIN:** Your Honor, that is first time why we have heard that explanation and all the more reason why it should be dismissed with prejudice.

**THE COURT:** I've heard the motion. I'm going to dismiss it with prejudice and not without prejudice. Thank you very much. Let's take up the next case.

**MR. IRWIN:** Your Honor, next case is James Hinton. It's Civil Action No. 2:15-CV-6544.

**THE COURT:** Anybody on the phone for Mr. Hinton?

**MR. PINEDO:** Yes, Your Honor, Chris Pinedo for the plaintiffs Hinton. Your Honor, our motion -- may I explain the plaintiff's motion?

**THE COURT:** Yeah, sure, and give me the background.

**MR. PINEDO:** The plaintiff had requested us to file a lawsuit. We filed the lawsuit. Shortly thereafter he asked us to discontinue the lawsuit. Then shortly thereafter he asked us to reinstitute the lawsuit. We had not filed our motion to dismiss. Then he asked us to go ahead and dismiss the case. And we do not want to dismiss this case with prejudice. We request it without prejudice because our client is 81 years of age. He seems to have memory problems, and he goes back and forth on what his desires are.

If this Court dismisses it with prejudice and he changes his mind again, he will be ever forestalled from refiling the lawsuit. That is why we are requesting his case

to be dismissed without prejudice.  I think some of this might be due to his memory issues.  But that's the reason we are requesting this lawsuit to be dismissed without prejudice in case he changes his mind again or perhaps his memory is refreshed on circumstances and he can remember with greater specificity when the events took place related to his drug administration.

**MR. IRWIN:**  Your Honor, that's the first time we have heard that.  I'll give the Court the background very briefly.

They filed the motion on May 11th, 2016, again under 41(a)(2).  There was no memorandum in support of the motion.  No reasons were offered in support of the motion.  On May 18, Your Honor issued PTO 24(a) requiring them to advise if we had offered consent and a payment of filing fee.

On June 2, 2016, you specifically ordered them to comply with PTO 24(a).  On June 23, 2016, they filed an amended motion to dismiss without prejudice.  Once again, it did not offer any explanation or reason for doing this.  It did indicate that we had not advised them about consent.  I believe that was an inadvertent mistake on their part because we told them on June 15 -- and I have the e-mail -- that we did not agree because they have not given a reason.

We filed our opposition yesterday for the same reason that we did earlier, that there is no explanation for the reason and until this very moment, and no information about

refiling it. So, we believe under *Elbaor* and going back and forth and back and forth on this case, that this should be dismissed with prejudice.

**THE COURT:** I understand the issue. It's just a -- I've got to listen to the plaintiff. I mean the plaintiff wants this case dismissed. He instructs his lawyer. The lawyer vigorously has presented the matter to the Court. It's not the lawyer's fault. The lawyer is bound to carry out the wishes of the plaintiff, of his client. Notwithstanding that, the lawyer has done his best to preserve the claim for the plaintiff in the event the plaintiff changes his mind.

But that's not the way that it ought to be. If the plaintiff wants to -- the plaintiff now has said twice to the lawyer: Dismiss my case, I don't want to proceed. People want to move on with their lives and certainly an octogenarian has a right to do that. I'm going to dismiss this with prejudice over the strenuous objection of plaintiff's counsel, who has done his best to preserve his client's case.

**MR. IRWIN:** Thank you very much, Your Honor.

**THE COURT:** Is that the end of the motions? Okay. Thank you very much. We'll stand in recess.

**DEPUTY CLERK:** All rise.

(Proceeding adjourns.)

**CERTIFICATE**

I, Donna A. Goree, RPR, CRR, Official Court Reporter for the United States District Court, Eastern District of Louisiana, certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of proceedings in the above-entitled matter.

*s/ Donna A. Goree*
Donna A. Goree, RPR, CRR
Official Court Reporter