UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 SECTION L |
| | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE NORTH |
| THIS DOCUMENT RELATES TO: | **JURY TRIAL DEMANDED** |

THOMAS LIVELY
Civil Action No.: 2:16-cv-00569

## MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANTS

Plaintiff, Thomas Lively, through undersigned counsel, respectfully requests this Court grant their Motion for Extension of Time Within Which to Serve Process On Defendants. Plaintiff requests that the Court grant him an additional thirty (30) days from the date of the Court's order granting this Motion to serve Defendants as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

### BACKGROUND

On January 22, 2016, Plaintiff filed an individual complaint against Defendants and was assigned Case No. 2:16-cv-00569, *Thomas Lively, et al., v. Janssen Research & Development LLC, et al.* Subsequent to the filing of the individual complaint, within the parameters set forth by this Court, on March 21, 2016, Plaintiff filed and served its Plaintiff Fact Sheet on all of the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO No. 13. During this initial time period, the undersigned counsel inadvertently failed to issue formal service of process of the initial individual complaint on Defendants within the requisite time period.

On July 11, 2016, Plaintiff received an email from MDL Centrality Administrator (a copy of which is attached hereto as <u>Exhibit A</u>) which states, in part:

> As no lawsuit has been served, the submission of this Plaintiff Fact Sheet does not result in the creation of a deadline for submission of a Defendant Fact Sheet by the unserved Defendant(s). If the lawsuit is served, any applicable deadlines will run from the date of service. Defendants have reviewed the Plaintiff Fact Sheet (PFS) for the plaintiff listed below for substantial completeness pursuant to PTOs 13 and 14 and have determined that this lawsuit has not been served on Bayer or Janssen.

In conjunction with the filing of this motion, and in an attempt to remedy the inadequate service of Defendants, Plaintiffs served Defendants on the date of the filing of this motion.

**ARGUMENT**

PTO 10 provides: "Failure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)." PTO 10 at 3, ¶ II.D. Federal Rule of Civil Procedure 4(m) provides that if the plaintiff fails to serve its complaint on a defendant within the appropriate time period, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed R. Civ. P. 4(m). The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id*. Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Even in the absence of good cause, however, a district court has discretion to extend the period of time for service. *Newby v. Enron Corp.*, 284 F. App'x 146 (5th Cir. 1996). Situations where a discretionary extension may be granted include, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect

in attempted service." *Millan v. USAA General Insurance CO.*, 546 F.3d 321, 325 (5th Cir. 2008) (internal quotations marks omitted).

Here, Defendants had notice of the claims against them despite the fact that Plaintiff inadvertently failed to serve its complaint within 60 days. Plaintiff moved along with its case, most notably through the filing and service of its Plaintiff Fact Sheet. The email from MDL Centrality Administrator suggests that Defendants reviewed the Plaintiff Fact Sheet, suggesting that Defendants possess a familiarity with Plaintiff's particular claims. As soon as Plaintiff realized the initial Complaint had not been served, it acted to cure the defect. This Motion was not precipitated by any Motion of the Defendant.

Setting aside Defendants' familiarity with Plaintiff's particular claims through its individual PFS, Defendants are aware of the general facts, circumstances and theories of recovery underlying Plaintiff's Complaints having been served with countless identical complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiff, no actual prejudice has or will occur to Defendants by the Court granting the discretionary relief sought herein.

Additionally, Plaintiff respectfully notes that the dismissal of this case could subject it to a statute of limitations defense in the future. The granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiff.

In light of the foregoing, Plaintiff respectfully requests that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

## CONCLUSION

WHEREFORE, plaintiff respectfully requests an Order from this Court granting it thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendants. Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

August 1, 2016                                    Respectfully submitted,

**KENNEDY HODGES, LLP**

By: /s/ Gabriel A. Assaad
Gabriel A. Assaad
gassaad@kennedyhodges.com
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEY FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 1, 2016, that a copy of the above and foregoing document has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedure established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                       /s/ Gabriel A. Assaad_____

                                                       Gabriel A. Assaad