UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO | * | |
| ALL CASES | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' STEERING COMMITTEE'S REPLY MEMORANDUM
IN RESPONSE TO NON-PARTY PORTOLA PHARMACEUTICALS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

MAY IT PLEASE THE COURT:

The Plaintiffs' Steering Committee ("PSC") submits this Reply Memorandum in Response to Non-Party Portola Pharmaceutical ("Portola") Inc.'s Opposition to Plaintiffs' Motion to Compel.

## I.      INTRODUCTION

Portola is a company that collaborated with Defendants to develop a reversal agent; consequently, Portola possesses information related to the anticoagulation effect of Xarelto in the case of an adverse bleeding event.  The PSC issued a subpoena for documents relevant to Portola's involvement with Xarelto. Plaintiffs sought to obtain information from Portola limited to interactions with Defendants and related to the safety and efficacy of Xarelto. On July 8, 2016, after numerous but unsuccessful "meet and confer" discussions, the PSC filed a Motion to Compel Portola to comply with Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action [Rec. Doc. 3578].

On July 26, 2016, Non-Party Portola Pharmaceuticals, Inc. filed an Opposition to Plaintiffs' Motion to Compel, with Declarations and a Request for Oral Argument [Rec. Docs. 3716, 3717, 3718, 3719 and 3720].  Portola's opposition to the PSC's Motion to Compel,

1

however, is based on a misunderstanding of the events giving rise to this litigation and a mischaracterization of non-party discovery rules. As Portola understands it, the time period for discoverable information in this matter terminated upon Defendants' marketing of Xarelto to the public. Portola fails to consider that Defendants' legal duty is ongoing. In reality, Portola's opposition demonstrates the PSC's need for this withheld information. Defendants released Xarelto in 2011 yet did not enter into collaborative agreements to test for an antidote until 2013. Information surrounding Defendants' potentially delayed and/or inadequate testing bears on various claims alleged in Plaintiffs' complaint.

Furthermore, any burden imposed on Portola is not undue. Portola issues a blanket objection citing an undue burden without any specific showing. This is not sufficient under the Federal Rules of Civil Procedure.

As it stands, without information from Portola, Plaintiffs are unable to fully understand Defendants' intentions and efforts relevant to the testing of antidotes, an issue at the heart of their case.[1] Accordingly, Portola should comply with the motion to compel to assist the PSC in the development of their prima facie case and search for the truth.

**II.    ARGUMENT**

**1.  Documents Withheld by Portola are Related to Plaintiffs' Multiple Claims Concerning Defendants' Ongoing Duties**

Despite Portola's contentions, the relevancy provisions in Rule 26(b), as adopted by Rule 45, make no distinction between information in possession of a party and that held by a non-party. Fed. R. Civ. P. 26(b); Fed. R. Civ. P. 45; *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005). Relevancy under this rule has been liberally constructed to encompass "any possibility" that the information sought may be relevant to the claim or defense of any

---

[1] After a search on the database, the PSC only found 654 emails produced by Defendants from Portola.

party. *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC,* No. 1:06CV00889, 2007 WL 1726560, at 3 (M.D.N.C. June 13, 2007); Fed R. Civ. P. 26(b); *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed R. Civ. P. 26(b).  Under Rule 26, the court must focus on the claims and defenses involved in the action, and, where relevance is in doubt, the district court should be permissive. *AMTAX Holdings 2001-VV, LLC v. Warren Homes, LLC*, No. CIV.A. 14-2652-KDE-S, 2015 WL 222369, at 2 (E.D. La. Jan. 14, 2015); *In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 301 (S.D.N.Y. 2003).

Portola's objection to relevancy is based on the temporal relationship of Xarelto to . Andexanet Alfa. Portola assumes it possesses no discoverable material because Xarelto was released to the market in 2011, and Portola did not submit its IND for Andexanet Alfa until April 2012.  Portola further argues that it has no discoverable material because Defendants did not formally enter into a Collaborative Agreement with Portola to develop a reversal agent for excess bleeding until years after Xarelto's release for public use. Portola fails to consider the gambit of evidence that can support all of Plaintiffs' claims.

Plaintiffs' causes of action can and will be supported by evidence not limited to events preceding the release of Xarelto for public consumption. To the contrary, in their complaint Plaintiffs allege, among others, that Defendants knew of the risk of bleeding associated with Xarelto, concealed this risk, and failed to take precautions ***both before and after*** Xarelto became publically available. Accordingly, Defendants' ***ongoing*** duty to the public with regard to Xarelto's safety and efficacy is a critical issue.

3

Consequently, Portola's involvement with Defendants from the Collaborative Agreement forward is relevant for purposes of Plaintiffs' claims. *See, e.g,. Albany Molecular Research, Inc. v. Schloemer, 274 F.R.D. 22 (D.D.C. 2011)* (rejecting non-party's claim that subpoena was irrelevant because documents sought were not drafted contemporaneously with the litigation nor were they a direct result of the same*); Bailey Industries, Inc. v. CLJP, Inc., N.D. Fla. 2010, 270 F.R.D. 662* (finding relevant all correspondence between nonparty and defendant which revealed timeline of events showing nonparty's efforts to "hide the ball"). For example, one claim alleged is that Defendants did not adequately test for all possible reversal agents.[2] Internal communications between Defendants and Portola will likely lead to further information as to whether Defendants breached their duty by delaying testing for a potentially life-saving reversal agent until ***after the drug was released.*** Louisiana law makes clear that, even after a product has left the control of the manufacturer, there is a duty to warn owners and operators of any dangers of which the manufacturer subsequently learns. La. R.S. 9:2800.57 (C); *Benge Corp. v. GATX Corp.*, 557 So.2d 1376, 1384 (La. 1990); and *Winterrowd v. The Travelers Indemnity Co., et al*, 462 So.2d 639 (La. 1985).

With regard to Portola's opposition to producing Betrixaban related discovery, the only support cited is buried in a footnote. (*See* Portola's Mot. at 3). Far from setting forth any appropriate standard, Portola merely alleges that Betrixaban is exempt from discovery as it contains trade secret information, disclosure of which would be "highly prejudicial and harmful to Portola and could put Portola's intellectual property in jeopardy." (*Id).*

In its cursory analysis, Portola underestimates the burden required to restrict trade secret discovery.   The movant must show "a particular and specific demonstration of fact as

distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.,* 134 F.3d 302, 306 (5th Cir.1998). Furthermore, protection of trade secrets from discovery is not absolute; a court must balance the legitimate desire of a party requesting discovery with the opposing party's legitimate fear of financial ruin arising out of disclosure. Fed.Rules Civ.Proc.Rules 26, 45, 28 U.S.C.A. Typically, courts will balance the parties' interests by entering a protective order limiting disclosure of trade secrets to counsel or the parties. *Procter & Gamble Co. v. Be Well Mktg., Inc.*, No. 12-MC-392, 2013 WL 152801, at 2 (M.D. Pa. Jan. 15, 2013); *Procter & Gamble Co. v. Be Well Mktg., Inc.,* No. 12-MC-392, 2013 WL 152801, at 2 (M.D. Pa. Jan. 15, 2013) (finding that competition between Proctor and Gamble and third-party research company is insufficient to preclude research company from discovery).

Portola fails to provide the necessary explicit demonstration of fact to establish that these materials are trade secret and should be protected from disclosure. Likewise, Portola does not mention whether an appropriate protective order could mitigate any commercial injury. In any event, Plaintiffs' need for requested Betrixaban materials outweighs any harm that "***could***" put Portola's intellectual property in jeopardy. As a Factor Xa inhibitor, Betrixaban is an alternative design to Xarelto, and information regarding Betrixaban is essential to Plaintiffs' design defect claims and Defendants' defense. *Hunt v. McNeil Consumer Healthcare*, 297 F.R.D. 268 (E.D. La. 2014) (finding that dexibuprofen constituted an alternative design to ibuprofen required to support a design defect claim).

Comparative analyses of Betrixaban with Xarelto with respect to PK and PD parameters of the drug, efficacy, and safety, and bleeding risk are clearly relevant and discoverable. Portola also conducted analyses comparing Betrixaban with competing compounds, Apixaban (Eliquis®) and Rivaroxaban, based on each drugs' thrombin generation inhibition ("TGI")

profiles that were correlated with INR levels.  Portola made publically available this comparative

evaluation when seeking additional investment from prospective investors.   In fact, a slide

reflecting this analysis exists in a publically available PowerPoint and is incorporated herein:



**Figure 1;**
**https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=5&ved=0ahUKEwiCxej9iKHOAhVJMyYKHYY**
**qA_cQFghVMAQ&url=http%3A%2F%2Fphx.corporate-**
**ir.net%2FExternal.File%3Fitem%3DUGFyZW50SUQ9MjY2NTQ1fENoaWxkSUQ9LTF8VHlwZT0z%26t%3D1&usg=**
**AFQjCNFxmYd-RO_Zi9VHWqXJVbbRO8aEiQ&sig2=zECq96T7jWOME1bhwJ_H1A&bvm=bv.128617741,d.eWE**

To the extent Portola engaged in this and other efforts comparing Betrixiban with Rivaroxaban,

such comparisons are plainly discoverable and should not be withheld.

In short, Portola's relevancy contention is predicated on a temporal standard that is

inconsistent with the applicable law herein. Nor is it the discovery obligation of the PSC to

accommodate Portola by providing every search term or detailing with specificity the

relationship between Portola's materials and claims against Defendants. In actuality, district

courts are encouraged to rule permissively in terms of relevancy to further the goals of discovery.

*See Martin v. Fid. Nat. Title Ins. Co., No.* CIV.A. 09-4195, 2011 WL 1321630, at 3 (E.D. La.

Apr. 4, 2011).  Plaintiffs have achieved the requisite showing that there is "any possibility" of relevancy. Information withheld by Portola related to Andexanet Alfa and Betrixaban should be released so that Plaintiffs can obtain a full and accurate understanding of the true facts supporting their claims.

### 2. Portola Failed to Meet the Substantive Disproportional and Unduly Burdensome Standard Necessary to Resist Discovery

The party resisting discovery bears the onus of showing the subpoena is disproportional and imposes an undue burden. *Sterling Merchandising, Inc. v. Nestle, S.A.,* No. 06–1015(SEC), 2008 WL 1767092, at 2 (D.P.R. Apr. 15, 2008) (quoting 9A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2459 (2d ed.1995)); The opposing party may not rely on a mere assertion that compliance would be burdensome and onerous.  *Id.* Specificity as to the manner and extent of the injurious consequences upon compliance is required.  *Biological Processors of Alabama, Inc. v. North Georgia Environmental Servs., Inc.,* No. 09–3673, 2009 WL 1663102, at 1 (E.D. La. June 11, 2009).

Here, Portola makes no showing as to the nature and extent of the actual burden they would allegedly suffer in fulfilling requests within the subpoena. Rather, Portola argues the requests are unduly burdensome because it is a non-party and responding would required production of half of their company's documents. (Mahal Decl. ¶ 8).   This argument is  simply too vague and generalized to meet the substantive requirements of showing that compliance with a subpoena here constitutes a burden that is ***undue***. *See e.g. FTC v. U.S. Grant* (finding nonparty status alone is not sufficient for a finding of undue burden); *Mycogen Plant Sci., Inc. v. Monsanto Co.,* 164 F.R.D. 623 (E.D. Pa. 1996) (holding that production of *all* correspondence between nonparty and defendant regarding the patented gene at issue is burdensome, but not unduly so); *Biological Processors of Alabama, Inc. v. North Georgia Environmental Servs., Inc.,*

7

No. 09–3673, 2009 WL 1663102, at 1 (E.D. La. June 11, 2009) ("…assertions of a burden without specific estimates of staff hours needed to comply' are typically rejected").

Portola points to the ongoing nature of the Andexanet Alfa clinical trials as a separate reason to preclude discovery. This Honorable Court addressed a similar objection in the *Vioxx* MDL. *In re Vioxx Products Liab. Litig.,* 235 F.R.D. 334 (E.D. La. 2006).  In *Vioxx*, Plaintiffs sought to obtain discovery from non-party FDA. *Id*. at 335. The United States, on behalf of the FDA, contended that such discovery requests were unduly burdensome because compliance would cripple the FDA's time and resources. *Id*. at 346. Similarly, the same information could be found in materials produced by a party to the litigation. *Id*. This Court rejected both arguments. *Id*. at 347. Any burden on the part of the FDA would not outweigh the benefit of protecting the public and was therefore not undue. *Id*. at 346. In so finding, this Court explained that

> Litigation is a fact-finding device designed as a search for the truth. With this in mind, it is vitally important to every plaintiff in this litigation to know the truth surrounding VIoxx, including what the FDA knew, when the FDA knew it, what if anything was kept, intentionally or unintentionally, away from the FDA, and what, if anything, the FDA kept from the public. Similarly, this information is important to those people who used Vioxx…

> *In re Vioxx Products Liab. Litig.,* 235 F.R.D. 334, 346 (E.D. La. 2006).

Similar to the FDA in *Vioxx*, Portola objects to discovery based on general allegations that producing such discovery will lead to "possible, although presently nonexistent consequences*.*" 235 F.R.D. at 345. It is not sufficient that production of such discovery will divert Portola's time and resources. Moreover, Portola may not hide behind clinical trials with the FDA. As in *Vioxx*, protecting interests of the public generally, and the thousands of Plaintiffs in this case, outweigh any business inconvenience imposed by the subpoena issued to this third party.

**3. Plaintiffs' Subpoena is a Product of Proper Fact-finding and Sanctions are Both Unavailable and Inappropriate**

Before a court can issue sanctions for a failed motion to compel, the undue burden standard must be satisfied. Fed. R. Civ. Pro. 45(d)(1).   In determining this issue, no single factor is dispositive. *Leholdsgal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013). The District Court need not find an "undue burden" and impose sanctions every time it finds a subpoena overbroad; such overbreadth may sometimes result from normal advocacy. *Rockstar Consortium US LP*, 2015 WL 5972422 at 4 (D. Mass. Oct. 14, 2015). A finding of bad faith is often present when sanctions are awarded. *Hingle v. Bd. of Adm'rs of Tulane Edu. Fund*, No. CIV. A. 95-134, 1995 WL 617580, at 2 (E.D. La. Oct. 19, 1995).

As previously mentioned, Portola is unable to show with reasonable specificity that compliance with Plaintiffs' subpoena will subject it to an undue burden. Accordingly, sanctions are unavailable. Moreover, Plaintiffs have not requested information from Portola for any improper purpose.  All discovery requests made by Plaintiffs stem from a good faith effort to obtain documents relevant to the claims at issue.

**V. CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Compel should be granted.

DATE:          August 1, 2016                    Respectfully submitted,

                                                 /s/ Leonard A. Davis
                                                 Leonard A. Davis, Esq. (Bar No. 14190)
                                                 **HERMAN, HERMAN & KATZ, LLC**
                                                 820 O'Keefe Avenue
                                                 New Orleans, LA 70113
                                                 PH: (504) 581-4892
                                                 FAX: (504) 561-6024
                                                 Email: ldavis@hhklawfirm.com

9

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH   BENJAMIN   DAVID
MEUNIER &WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
PH: (504) 522-2304
FAX: (504) 528-9973
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Bradley D. Honnold
11150 Overbrook Rd., Ste. 200
Leawood, KS 66211
Phone: (913) 266-2300
Fax: (913) 266-2366
Email: bhonnold@bflawfirm.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Frederick S. Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Russell T. Abney
2100 RiverEdge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Jeffrey S. Grand
550 Broad Street, Suite 920
Newark, NJ 07102
Phone: (973) 639-9100
Fax: (973) 639-9393
Email: jgrand@seegerweiss.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

Michael Goetz
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: (813) 221-6581
Fax: (813) 222-4737
Email: MGoetz@ForThePeople.com

Neil D. Overholtz
17 E. Main Street , Suite 200
Pensacola, Florida 32501
Phone: (850) 916-7450
Fax: (850) 916-7449
Email: noverholtz@awkolaw.com

Dianne M. Nast
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Phone: (215) 923-9300
Email: dnast@nastlaw.com

Ellen Relkin
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 344-5461
Email: Erelkin@weitzlux.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 1, 2016, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**

11