MINUTE ENTRY
FALLON, J.
AUGUST 4, 2016

UNITED STATES DISTRICT

COURT EASTERN DISTRICT

OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO | * | |
| ALL CASES | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

A status conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  At the conference, Co-Plaintiffs' Liaison Counsel ("PLC"), Lenny Davis and Jerry Meunier, and Defendants' Liaison Counsel ("DLC"), James Irwin, reported to the Court on the topics set forth in the Proposed Agenda.  (Rec. Doc. 3071-1).  This status conference was transcribed by Ms. Lanie Smith, Official Court Reporter.  Counsel may contact Ms. Smith at (504) 589-7782 to request a copy of the transcript.  A summary of the status conference follows.

1. **PRE-TRIAL ORDERS**

The Court has issued the following Pre-Trial Orders:

**Pre-Trial Order No. 1 [Rec. Doc. 2]** entered December 17, 2014 – Setting initial conference;

**Pre-Trial Order No. 2 [Rec. Doc. 38]** entered January 16, 2015 – Appointing Plaintiffs' Liaison Counsel;

**Pre-Trial Order No. 3 [Rec. Doc. 39]** entered January 16, 2015 – Appointing Defendants' Liaison Counsel;

**Pre-Trial Order No. 4 [Rec. Doc. 61]** entered January 26, 2015 – Requiring Counsel to provide contact information to Liaison Counsel, and amending PTO No. 1 regarding docketing procedure;

JS10: 01:13

**Pre-Trial Order No. 4A [Rec. Doc. 62]** entered January 26, 2015 – Approving and attaching Counsel Contact Information Form;

**Pre-Trial Order No. 5 [Rec. Doc. 63]** entered January 26, 2015 – Clarifying duties of transferor court under MDL Rule 1.6;

**Pre-Trial Order No. 5A [Rec. Doc. 149]** entered February 3, 2015 – Amending PTO No. 5 to allow transferor court to retain original file;

**Pre-Trial Order No. 6 [Rec. Doc. 150]** entered February 3, 2015 – Appointing Defendants' Co-Lead Counsel;

**Pre-Trial Order No. 7 [Rec. Doc. 169]** entered February 9, 2015 – Appointing Plaintiffs' Steering Committee (PSC); Appointing Plaintiffs' Co-Lead Counsel; Ordering that PLC and Plaintiffs' Co-Lead Counsel shall comprise PSC Executive Committee; Appointing Chair of the State Liaison Committee, to be *ex-officio* member of PSC; and Listing responsibilities of PSC. On February 3, 2016, the Court issued a Minute Entry [Rec. Doc. 2077] reappointing the PSC members for another one year term from the date of the Minute Entry;

**Pre-Trial Order No. 7A [Rec. Doc. 830]** entered April 29, 2015 – Appointing Michael Weinkowitz, Daniel Gallucci, and Gibson Vance to serve on the State Liaison Committee;

**Pre-Trial Order No. 8 [Rec. Doc. 183]** entered February 13, 2015 – Establishing standards and procedures for counsel seeking reimbursement for common benefit fees and costs;

**Pre-Trial Order No. 9 [Rec. Doc. 356]** entered March 24, 2015 – Providing for the Direct Filing of Complaints in the MDL;

**Pre-Trial Order No. 10 [Rec. Doc. 357]** entered March 24, 2015 – Providing for the Streamlined Service on Certain Bayer Defendants;

**Pre-Trial Order No. 10A [Rec. Doc. 3528]** entered June 23, 2016 – Providing for the Streamlined Service on Certain Bayer Defendants;

**Pre-Trial Order No. 11 [Rec. Doc. 893]** entered May 4, 2015 – Providing for Bundling of Complaints, Answers and Responsive Pleadings, with attached Attorney Instructions for Filing Individual Severed Xarelto Cases [Rec. Doc. 893-1];

**Pre-Trial Order No. 11A [Rec. Doc. 923]** entered May 20, 2015 – Providing exemplar Joint Complaint and exemplar Short Form Complaint;

**Pre-Trial Order No. 11B [Rec. Doc. 1117]** entered July 14, 2015 – Governing a Joined Plaintiff's responsibility for a filing fee and modifies second sentence of paragraph 1(a) of Pre-Trial Order No. 11;

**Pre-Trial Order No. 11C [Rec. Doc. 1118]** entered July 14, 2015 – Clarification for some issues that have arisen since the Court issued Pre-Trial Order No. 11;

**Pre-Trial Order No. 11D [Rec. Doc. 2002]** entered January 27, 2016 – Updated Exemplar Joint Complaint;

**Pre-Trial Order No. 11E [Rec. Doc. 2850]** entered March 21, 2016 – Terminating Joint Complaint filing procedure;

**Pre-Trial Order No. 11F [Rec. Doc. 3065]** entered April 15, 2016 – Clarification of Pre-Trial Order No. 11E;

**Pre-Trial Order No. 12 [Rec. Doc. 894]** entered May 4, 2015 – Stipulated Protective Order;

**Pre-Trial Order No.12A [Rec. Doc. 3726]** entered July 28, 2016 – Amendment of Paragraph 19(1) of PTO 12 regarding Disclosure of Protected Documents to Prescribing and Treating Physicians of Bellwether Plaintiffs;

**Pre-Trial Order No. 13 [Rec. Doc. 895]** entered May 4, 2015 – Governing the Form and Schedule for Service of Plaintiff Fact Sheets and Executed Authorizations for Release of Records;

**Pre-Trial Order No. 14 [Rec. Doc. 896]** entered May 4, 2015 – Governing the Form and Schedule for Service of Defendant Fact Sheets;

**Pre-Trial Order No. 13A & 14A [Rec. Doc. 1040]** entered June 23, 2015 – Regarding Plaintiff Fact Sheets and Authorizations and Defendant Fact Sheets;

**Pre-Trial Order No. 14A [Rec. Doc. 1221]** entered August 17, 2015 – Regarding Defendants Fact Sheets with attached Consent Letter from IMS Health  Inc. for release of information and data;

**Pre-Trial Order No. 14B [Rec. Doc. 1847]** entered January 6, 2016 – Regarding Defendants Fact Sheets with attached Consent Letter from IMS Health Inc. for release of information and data;

**Pre-Trial Order No. 15 [Rec. Doc. 897]** entered May 4, 2015 – Consent Order Regarding the Preservation of Documents and Electronically Stored Information;

**Pre-Trial Order No. 15A [Rec. Doc. 1301]** entered September 17, 2015 – Consent Order Regarding Preservation of Voicemail, Text Messages and Instant  Messages; **[vacated by Pre-Trial Order No. 15B, *infra*]**

**Pre-Trial Order No. 15B [Rec. Doc. 1477]** entered October 21, 2015 – Consent Order Regarding Preservation of Voicemail, Text Messages, and  Instant  Messages;

**Pre-Trial Order No. 16 [Rec. Doc. 898]** entered May 4, 2015 – Filing Requests for Summons and Summons Returns;

**Pre-Trial Order No. 17 [Rec. Doc. 924]** entered May 20, 2015 – Electronic Service/MDL Centrality for Plaintiffs Only;

**Pre-Trial Order No. 18 [Rec. Doc. 925]** entered May 20, 2015 – Science Day;

**Pre-Trial Order No. 19 [Rec. Doc. 951]** entered June 4, 2015 – Protocol for Treatment of Privileged and Work Product Materials;

**Pre-Trial Order No. 20 [Rec. Doc. 1007]** entered June 15, 2015 – Regarding the Format for Production of Hardcopy Documents and Electronically Stored Information;

**Pre-Trial Order No. 21 [Rec. Doc. 1302]** entered September 17, 2015 – Consent Order Regarding Document Production Protocol;

**Pre-Trial Order No. 22 [Rec. Doc. 1745]** entered December 11, 2015 – Mailing Lists for Dear Doctor Letters;

**Pre-Trial Order No. 23 [Rec. Doc. 2283]** entered February 17, 2016 – Deposition Guidelines;

**Pre-Trial Order No. 24 [Rec. Doc. 2879]** entered March 23, 2016 – Dismissal Guidelines;

**Pre-Trial Order No. 24A [Rec. Doc. 3286]** entered May 18, 2016 – Supplemental Procedures for Voluntary Dismissal Motions;

**Pre-Trial Order No. 25 [Rec. Doc. 3038]** entered April 14, 2016 – Production of Materials Pursuant to Subpoenas to Third Parties;

**Pre-Trial Order No. 26 [Rec. Doc. 3093]** entered April 21, 2016 – Bellwether Deposition Protocol;

**Pre-Trial Order No. 27 [Rec. Doc. 3132]** entered April 22, 2016 – modifying PTO Nos. 13, 13A, 14, and 14A regarding Plaintiff Fact Sheets and Defendant Fact Sheets;

**Pre-Trial Order No. 28 [Rec. Doc. 3156]** entered April 28, 2016 – Regarding Contact with Physicians; and

**Pre-Trial Order No. 29 [Rec. Doc. 3287]** entered May 18, 2016 – Procedures for Notices of Voluntary Dismissals.

**Pre-Trial Order No. 30 [Rec. Doc. 3462]** entered June 14, 2016 – Procedures for Withdrawal of Plaintiff's Counsel.

**2.   <u>CASE MANAGEMENT ORDER NOS. 2, 3, 4 & 5:</u>**

On September 17, 2015, the Court entered Case Management Order No. 2 [Rec. Doc. 1305], on consent of the parties, which addressed the course of the proceedings in this litigation through the first four bellwether trials. On November 30, 2015, the Court issued Amended Case

Management Order No. 3, which addresses the process for selection into the bellwether discovery pool and the bellwether plaintiff cases. [Rec. Doc. 1680-1]. On December 17, 2015, the Court issued Case Management Order No. 4 [Rec. Doc. 1785], which sets forth the criteria for and selection of the bellwether discovery pool selection process and eligibility criteria.  On August 1, 2016, the Court issued Case Management Order No. 5 [Rec. Doc. 3745], which sets forth the process for selecting bellwether trial cases from the discovery pool.

### 3.      **BELLWETHER SELECTIONS**

On March 7, 2016, the Court entered an Order listing the 40 discovery pool plaintiffs. [Rec. Doc. 2626]. Discovery in the 40 discovery pool cases is proceeding. Following several meet and confer sessions among the parties on a proposed bellwether trial selection protocol, and after the Court heard from the parties and considered their written submissions, =the Court entered Case Management Order No. 5 on August 1, 2016 [Rec. Doc. 3745], which sets forth the process by which bellwether trial cases will be selected from the discovery pool. This Order provides for the selection of trial cases using the case categories described in Case Management Order No. 4.  The Order further provides that the Court will hear argument from the parties on Thursday, August 4, 2016, as to whether any cases in these categories should be removed from consideration prior to commencement of the selection process.

### 4.      **COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form attached to PTO No. 4A, and forward it to the appropriate Liaison Counsel. This information must be kept current by counsel providing the information, and will be relied upon throughout the litigation.

### 5.      **PLAINTIFF FACT SHEETS**

On May 4, 2015, the Court issued Pre-Trial Order No. 13 [Rec. Doc. 895], which governs the form and schedule for service of Plaintiff Fact Sheets ("PFSs"), as well as executed Authorizations for the release of records to be completed by plaintiffs in all individual cases.

Pre-Trial Order No. 13A and 14A [Rec. Doc. 1040] provides the procedure for the online submission and service of Fact Sheets and Authorization forms through the BrownGreer MDL Centrality System.

On January 4, 2016, Defendants provided to plaintiffs' counsel a listing of plaintiffs who have either: (1) failed to submit PFSs in accordance with the deadlines set by the Court; or (2) failed to provide records demonstrating proof of use of Xarelto® as required for their PFSs to be substantially complete. *See* PTO 14 ¶1. The PSC communicated with all counsel identified on the list to encourage compliance with PTO 14 on a timely basis. On February 19, 2016, Defendants filed two Motions for Orders to Show Cause Regarding: (1) Plaintiffs Who Have Failed to Prove Xarelto® Use [Rec. Doc. 2374]; and (2) Plaintiffs Who Have Failed to Serve a Plaintiff Fact Sheet [Rec. Doc. 2375]. The Court entered the Orders to Show Cause on February 24, 2016 [Rec. Docs. 2424 & 2425].  A hearing on the Orders to Show Cause took place after the March 16, 2016 status conference. Per the Court's decisions at the hearing, on April 6, 2016, various Orders were subsequently entered either dismissing the cases with prejudice, giving the Plaintiffs additional time to cure the deficiency, or removing cases from the Orders to Show Cause that had been subsequently resolved. Cases in which plaintiffs failed to cure their deficiencies by the April 18, 2016 or May 18, 2016 deadlines were dismissed with prejudice by Order of the Court.  [Rec. Docs. 3212 & 3433].

Prior to filing a Motion for Extension of PFS Deadlines, plaintiff's counsel should contact Defendants' Liaison Counsel to determine whether there is any opposition.

On April 21, 2016, the Court entered Pre-Trial Order No. 27, which modifies PTO Nos. 13, 13A, 14 and 14A. Plaintiffs' counsel in any filed cases as to which the PFS would be due after March 30, 2016 should consult Pre-Trial Order No. 27.

## 6.   **DEFENDANT FACT SHEETS**

On May 4, 2015, the Court issued Pre-Trial Order No. 14 [Rec. Doc. 896], which governs the form and schedule for service of Defendant Fact Sheets to be completed by defendant in all

individual cases. Pre-Trial Orders No. 13A, 14A, and 14B [Rec. Docs. 1040, 1221, & 1847] provide the procedure for the online submission and service of Fact Sheets and Authorization forms through the BrownGreer MDL Centrality System, as well as for the release of information and data from IMS Health, Inc.. Pursuant to paragraph 3 of PTO 14 [Rec. Doc. 896], it is the responsibility of the Plaintiffs' Liaison Counsel to send written notices of DFS deficiencies to counsel for Defendants. However, any needed follow-up addressing such deficiencies remains the responsibility of individual counsel for plaintiff (a responsibility which the PSC is coordinating with individual plaintiffs' counsel only as to the 40 selected discovery pool plaintiffs).

On April 21, 2016, the Court entered Pre-Trial Order No. 27, which modifies PTO Nos. 13, 13A, 14 and 14A. Defendants will complete a DFS for completed PFSs served as of March 30, 2016 and Defendants have no obligation to serve a DFS for any PFS served after March 30, 2016, except for the 40 discovery pool cases.

7.    **BUNDLING OF COMPLAINTS/ANSWERS/RESPONSIVE PLEADINGS**

On March 21, 2016, the Court issued Pre-Trial Order 11E [Rec. Doc. 2850], which announced that the filing of joint complaints will no longer be accepted by the Clerk's office as of May 20, 2016, and on April 15, 2016, the Court issued Pre-Trial Order 11F [Rec. Doc. 3065], which clarifies PTO 11E.

Any Plaintiffs' counsel who seeks to file a notice or motion of voluntary dismissal in any action should consult and comply with PTO Nos. 11 [Rec. Doc. 893], 24 [Rec. Doc. 2879], 24A [Rec.Doc.3286] and 29 [Rec. Doc. 3287], which have been issued by the Court.

8.    **PRESERVATION ORDER**

On May 4, 2015, the Court issued Pre-Trial Order No. 15 [Rec. Doc. 897], a Consent Order Regarding the Preservation of Documents and Electronically Stored Information. Pre-Trial Order No. 15 modifies paragraph 13 of Pre-Trial Order No. 1 relating to preservation of evidence. Further, the Court issued Pre-Trial Order No. 15B on October 21, 2015 [Rec. Doc.

1477] regarding the obligation of all parties to preserve voicemail, instant messages sent or received on an instant messaging system, or text messages sent or received on a cellular phone, smartphone, tablet or other mobile device. Pre-Trial Order 15B vacated previously entered Pre-Trial Order 15A. [Rec. Doc. 1301]. The parties discussed this matter at the August 4, 2016, status conference.

9.    **ORDER GOVERNING THE PARTIES' INTERACTIONS WITH MDL PLAINTIFFS' PRESCRIBING AND TREATING PHYSICIANS**

On April 6, 2016, the Defendants filed a Motion to Clarify, or in the Alternative, to Reconsider and Modify the Court's Order Regarding *Exparte* Contact With Physicians [Rec. Doc. 2991] and an Exparte Motion to Set Hearing Date of April 20, 2016 [Rec. Doc. 2992]. The matter was discussed with the Court and the parties on the bi-weekly discovery status conference call of April 7, 2016 and a telephonic hearing was held on the matter on April 26, 2016. [Rec. Doc. 3158]. On April 28, 2016, the Court entered Pre-Trial Order No. 28 [Rec. Doc. 3156] Regarding Contact with Physicians.

10.   **DISCOVERY**

On July 15, 2015, the Court issued an Order [Rec. Doc. 1119] setting telephone status conferences with Lead and Liaison Counsel of the parties on a bi-weekly basis. The purpose of these conferences is to report to the Court on discovery matters after the parties have met and conferred on these matters and have provided notice to the Court and to one another of the issues which remain to be addressed with the Court. The Court issued Pre-Trial Order No. 21 on September 17, 2015 [Rec. Doc. 1302]. The parties continue to participate in the Court's bi-weekly discovery telephone status conferences and the next conference is set for June 2, 2016. [Rec. Doc. 1842].

The parties continue to meet and confer regarding issues pertaining to Defendants' privilege logs and challenges made by the PSC in accordance with Pre-Trial Order No. 19. The parties discussed this further at the August 4, 2016 status conference.

The parties continue to meet and confer regarding the Defendants' preservation of biological samples for current Xarelto related studies and discussed the matter at the August 4, 2016 status conference.  On June 28, 2016, the PSC advised that it had no objection to Bayer's planned destruction of samples identified in correspondence received from counsel for Bayer dated June 17, 2016.  The PSC continues to have discussions with Janssen regarding preservation of biological samples.

On April 1, 2016, the PSC filed a Motion to Compel Discovery of Defendants' German Employees and Their Personnel files [Rec. Doc. 2951].  The Bayer Defendants filed a Response Under Seal on April 25, 2016. [Rec. Doc. 3146].  The PSC was granted to leave to file a Reply, which was entered on April 29, 2016. [Rec. Doc. 3173].  Oral argument on the matter was heard on May 10, 2016.  The Court issued an Order & Reasons on the Motion on May 16, 2016. [Rec. Doc. 3237].  On June 6, 2016, Bayer Pharma AG filed a Notice of Filing Privacy Logs [Rec. Doc. 3384] and a Motion for Leave to File Supplemental Opposition to Plaintiffs' Motion to Compel Production of Personnel Files of German Employees [Rec.Doc. 3386]. On June 16, 2016, the PSC filed a Motion for Leave to File Response in Opposition to Defendant Bayer AG's Motion for Leave to File Supplemental Opposition and Related Motion to Strike [Rec. Doc. 3468], leave was granted [Rec. Doc. 3512].  On June 17, 2016, Bayer filed its response [Rec. Doc. 3472], and on June 23, 2016 the Court issued an Order on the matter [Rec. Doc. 3530].  The PSC intends on filing a response to the Notice of Privacy Logs in accordance with the Court's Order.

Beginning April 26, 2016, the PSC began serving Contention Interrogatories on the Defendants in each of the 40 discovery pool cases. The parties discussed  this matter at the August 4, 2016 status conference.

On June 24, 2016, the PSC issued Plaintiffs' Interrogatories pertaining to Defendants' Affirmative Defense of Federal Preemption.  The Defendants have requested additional time to respond to the interrogatories and the parties continue to meet and confer to discuss this issue.

The parties reported to the Court on this matter at the August 4, 2016 status conference.

The PSC has adopted the Pennsylvania plaintiffs' discovery requests for information about marketing expenditures by the defendants. Bayer has served responses and Janssen expects to serve responses this week. If necessary Defendants will file motions for a protective order to quash the 30(b)(6) notice served and ask that this Court hear such a motion jointly with the Pennsylvania judge or discovery master at the September status conference.

## 11.   DISCOVERY ISSUED TO THIRD PARTIES

On April 22, 2015, the Plaintiffs' Steering Committee ("PSC") issued a subpoena duces tecum to the United States Food and Drug Administration ("FDA").  The parties have met and conferred with representatives of the FDA, and the FDA has begun producing documents responsive to the subpoena. On September 2, 2015, the parties had a follow up discussion with representatives of the agency during which counsel for plaintiffs explained that plaintiffs do not desire to receive duplicative FDA materials that have already been produced by Janssen and/or Bayer. On September 4, 2015, the FDA produced indices of its IND and NDA files of the FDA. The PSC intends on receiving additional materials from the FDA.

On June 4, 2015, the Plaintiffs' Steering Committee ("PSC") issued a Subpoena to Testify at Deposition to Duke Clinical Research Institute ("DCRI"). Representatives of the PSC and Defense Counsel met with representatives of DCRI on September 24, 2015. DCRI produced documents on November 10, 2015. The PSC has provided Defendants with copies of all documents produced by DCRI. The PSC discussed this matter at the August 4, 2016 status conference.

On December 16, 2015, the PSC issued a Subpoena to Testify at Deposition to Bernard "Bud" W. Chalecki, as well as filed a Notice of Subpoena [Rec. Doc. 1767]. Service was not successful and the matter is being addressed further by the PSC.

On March 31, 2016, the PSC issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises to Alere San Diego, Inc. Alere San Diego, Inc.

issued its Objections to the Subpoena on April 15, 2016. The parties continue to meet and confer with representatives of Alere San Diego, Inc., who is in the process of producing documents in response to the subpoena.

On May 2, 2016, the PSC issued, as well as filed [Rec. Doc. 3175] a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises to Pharmaceutical Research and Manufacturers of America (PhRMA). On June 28, 2016, the PSC filed a Motion to Compel [Rec. Doc. 3541]. PhRMA filed a response to the Motion to Compel on July 12, 2016 [Rec. Doc. 3634]. Oral argument on the Motion to Compel was heard July 28, 2016 at 2:30 p.m. [Rec. Doc. 3677]. At the hearing, the PSC identified some documents produced by Defendants as examples of areas that should assist PhRMA so it can respond to the subpoena. On July 28, 2016, the Court issued a Minute Entry [Rec. Doc. 3730] ordering that the PSC's Motion to Compel PhRMA is Granted in part and that the parties shall meet and confer regarding the exemplar documents presented by the PSC at oral argument and subsequent to oral argument in order to narrow the areas at issue and otherwise comply with the Court's instructions at the hearing, and further, that Jasnsen shall have input to further expedite the

matter. The Court further ordered that counsel for the PSC shall be prepared to discuss the progress of the PhRMA matter at the August monthly status conference. Thereafter, on July 29, 2016, counsel for Janssen provided to PhRMA's counsel the documents identified by the PSC at the July 28, 2016 hearing. The parties discussed the matter with the Court at the August 4, 2016 status conference.

On May 3, 2016, the PSC issued a Subpoena to Testify at Deposition with Document Production Request to Portola Pharmaceuticals, Inc., setting a videotaped deposition for June 20, 2016. On July 8, the PSC filed a Motion to Compel [Rec. Doc. 3578]. Portola Pharmaceuticals, Inc. filed a Response to the Motion to Compel on July 26, 2016 [Rec. Doc. 3716]. On August 1, 2016, the PSC filed a Motion for Leave to File Reply Memorandum in Response to Non-Party Portola Pharmaceuticals, Inc.'s Opposition to Plaintiffs' Motion to Compel [Rec. Doc. 3746]. The matter is set for oral argument on August 4, 2016, immediately following the status conference [Rec. Doc. 3729].

On May 3, 2016, the PSC issued a Subpoena to Testify at Deposition to with Document Production Request to Diagnostica Stago, Inc., setting a videotaped deposition for June 20, 2016. On May 26, 2016, counsel for Diagnostica Stago, Inc. provided a letter setting forth its position regarding the subpoena. Since that time, the PSC continues to meet and confer with counsel for Diagnostica Stago, Inc. to address the production of documents responsive to the subpoena.

The parties discussed all of these matters further with the Court at the August 4, 2016 status conference.

12.    **STATE/FEDERAL COORDINATION**

In accordance with Pre-Trial Orders No. 7 and 7A, as well as Case Management Order No. 1, PLC and DLC have had, and will continue to have, communications regarding the State Liaison Committee, as well as the status of coordination of MDL and state court actions. The parties reported to the Court on recent developments in state court cases brought in California and Delaware.

PLC and DLC reported to the Court on this matter at the August 4, 2016 Status Conference.

13.    **MATTERS SET FOR HEARING FOLLOWING STATUS CONFERENCE**

The Court heard oral argument from the parties regarding the merits of excluding bellwether plaintiffs from the bellwether discovery pool [Rec. Doc. 3730], pursuant to Case Management Order No. 5 [Rec. Doc. 3745].

The Court also heard oral argument regarding Plaintiffs' Motion to Compel Portola Pharmaceuticals, Inc. [Rec. Docs. 3578 & 3729].

14.    **NEXT STATUS CONFERENCE**

The Court announced that the next status conference will be on September 20, 2016 at 9:00 a.m. To audit the call, parties may use the following call-in information: telephone number (800) 683-4564; access code 930250.