UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALFREDO H. PEREZ and spouse HILDA PEREZ<br><br>        Plaintiffs,<br><br>   v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, and BAYER AG,<br><br>        Defendants. | MDL-2592<br><br><br><br><br><br><br><br>Civil Action No 2:15-cv-6404 |

### MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME WITHIN WHICH TO RE-SERVE CERTAIN DEFENDANTS WITH PROCESS

Plaintiffs, Alfredo H. Perez and Hilda Perez submit this memorandum in support of their motion for an order from this Court granting them twenty (20) days from the date of granting this motion within which to re-serve process on the Defendants Bayer Pharma AG, Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer Healthcare AG and Bayer AG through the informal service method prescribed in Pretrial Order ("PTO") 10 (Dkt No. 357).

I. BACKGROUND

On December 1, 2015, Plaintiffs' Joint Complaint for Plaintiffs Perez, Batie and English was filed. Cause No. 2:15-cv-06404 listing Mr. Perez as lead Plaintiff. On December 7, 2015, the Severance Order issued.

The Joint Complaint and original summons were sent to all Defendants by certified mail or registered mail on or about December 4, 2015 as well as by email as required by PTO 10 (Dkt. No. 357) to those parties requiring same on or about December 8, 2015. Thus, all Defendants were properly served with the original Joint Complaint and original summons in or about December 2015. Specifically, Bayer Pharma AG was served on or about December 18, 2015. Bayer Healthcare Pharmaceuticals Inc. was served on or about December 11, 2015. Bayer Healthcare LLC was served on or about December 11, 2015. Bayer Corporation was served on or about December 7, 2015. Bayer Healthcare AG and Bayer AG agreed to waive formal service of process under Federal Rule of Civil Procedure 4 and to accept service of Xarelto cases that are properly commenced in, removed to, or transferred to this MDL. See the service records attached as Exhibit A.

On December 15, 2015, counsel for Plaintiffs received a letter from Bayer Healthcare Pharmaceuticals, Inc. and Bayer Healthcare LLC (collectively referred to as "Bayer") stating that Plaintiffs did not include a copy of the Severance Order or list of individual cases associated with the Joint Complaint. On December 16, 2015, counsel for Plaintiffs received a letter from Bayer Corporation stating that Plaintiffs did not include a copy of the Severance Order or list of individual cases associated with the Joint Complaint. On December 18, 2015, counsel for Plaintiffs received a letter from Bayer Pharma AG stating that Plaintiffs did not include a copy of the Severance Order or list of individual cases associated with the Joint Complaint.

The severance order was issued on or about December 7, 2015. Shortly thereafter on or about December 21, 2015 the individual short form complaint for Plaintiffs Batie and English (two of the original Plaintiffs in the Joint Complaint) was served. None was prepared for Perez since he was the

lead Plaintiff and kept the original cause number and all Defendants had already been properly served with the Joint Complaint and Summons as stated above.

On or about March 16, 2016 counsel for Plaintiffs received a notice through MDL Centrality stating "Bayer" had not been served and the submission of the Plaintiff Batie Fact Sheet did not result in the creation of a deadline for submission of a Defendants Fact Sheet for Bayer. In order to avoid any issues Plaintiff Batie filed a motion for an extension of time in which to re-serve the complaining Bayer entities under PTO 10. (Dkt. No. 3340 incorporated herein by reference). On July 11, 2016 that motion was granted. (Dkt. No. 3619 incorporated herein by reference). Thereafter the Batie Complaint was properly under PTO 10.

On or about June 2, 2016, Defendants sent a letter complaining for the first time that "Bayer" had not been served and the submission of the Plaintiff Fact Sheet for Perez did not result in the creation of a deadline for submission of a Defendant Fact Sheet for Bayer. The notice failed to identify the Bayer entity objecting to service.

## II. LAW AND ANALYSIS

### A. Informal And Formal Service Is Allowed Under the PTO 10.

PTO 10 is not mandatory. Instead it merely provides a mechanism for informal service of "Certain Bayer Defendants". As set forth in the order "Bayer Pharma AG and Bayer Healthcare Pharmaceuticals Inc. (BHCP) agree to waive formal service of process under Federal Rule of Civil Procedure 4 and to accept service of Xarelto cases that are properly commenced in, removed to, or transferred to this MDL." (PTO 10; Dkt No. 357; at p. 2, ¶ II. C. 2). The order makes clear that such service is an informal process that may be used in lieu of formal service under Fed. R. Civ. P. 4. (PTO 10; Dkt No. 357; at p. 2, ¶ B) (referring to the prescribed method as "informal service"). Moreover, failure to serve within the 60 days prescribed by the order does not mean service cannot be effected or that a claim is waived or precluded. The order states as follows

> Failure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m). Other than those based on formal service of process, defendants reserve all other rights and defenses available to them under federal or state law and under applicable treaties and conventions.

(Dkt No. 357; at p. 3, ¶ D). Thus, service can still be accomplished albeit under the formal process for service under Fed. R. Civ. P. 4.

FRCP 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them. In general if a defendant is not served within 120 days after the complaint is filed Rule 4(m) instructs that is be dismissed "without prejudice" against the defendant or the court may "order that service be made within a specified time." However, FRCP 4(m) expressly provides that this time limitation does not apply to service in a foreign country.

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. <u>This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A). (Emphasis added).</u>

Fed. R. Civ. P. 4(m).

### B. Plaintiff Deadline For Service Under PTO 10.

The above styled case was the first bundled case filed by the undersigned in the present MDL and at the early stages of the MDL the original complaint was served via Certified Mail Return Receipt Requested—also required by PTO 10—and the Short Form Complaint was served via e-mail within the 60 day limit for informal service. This is further illustrated by the fact the other named Defendants were timely served under PTO 10.

### C. Bayer Pharma AG, Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer Healthcare AG and Bayer AG Did Make A Timely Objection to Service and Have Not and Will Not Suffer Any Prejudice By Extending the Time for Informal Service Under PTO 10.

It is within the courts power to extend the time for formal service.

> …the court has discretionary power to extend time for service. *Id.* Such relief may be

warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note (1993).

*Newby v. Enron Corp.*, 284 Fed. Appx. 146, 149 (5th Cir. 2008). As set forth above, Mr. Perez was lead Plaintiff in the originally filed and Joint Complaint and Summons and therefore kept the original cause number and all Defendants were properly served with same. Having been properly served Bayer's objection to service should be rejected. However, to avoid any further delay by Bayer Plaintiff Perez respectfully request and additional 20 days to re-serve the Bayer entities under PTO 10.

Moreover, the Bayer entities waited over six months to claim any defect in service by Plaintiff Perez. And by objecting to service by Plaintiff Batie three months prior to objecting to service by Plaintiff Perez, their actions indicated that they did not take issue with the service by Plaintiff Perez. The Bayer entities should not be heard to complain about the requested extension after laying behind the log for six months. For this reason alone, Plaintiff's request for a modest 20-day extension to re-serve the Bayer entities under PTO 10 should be granted.

By its actions of serving his Complaint on Bayer Pharma AG, Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer Healthcare AG and Bayer AG and submitting the PFS and the information required thereunder Plaintiff Perez has put Bayer Pharma AG, Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer Healthcare AG and Bayer AG on notice of his intention to pursue his claims. Bayer Pharma AG, Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer Healthcare AG and Bayer AG therefore cannot claim surprise. Further, Bayer Pharma AG, Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer Healthcare AG and Bayer AG is not prejudiced because it knows that PTO 10 addresses only informal service. Plaintiff is not precluded from formally serving Bayer Pharma AG, Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer Healthcare AG and Bayer AG under

Fed. R. Civ. P. 4.

Moreover, this MDL is at its early stages with trials not scheduled to start until 2017. New cases against the Defendants, including Bayer Pharma AG, Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer Healthcare AG and Bayer AG are being filed each day. All of the cases filed in this MDL involve similarly situated Plaintiffs who have filed claims alleging facts, circumstances and theories of recovery virtually identical to the lawsuit filed by Plaintiff. Bayer cannot have any reasonable expectation that all litigants with claims have already filed suit or reasonably believe that many more claimants will not file in this MDL in the future.

### III.  CONCLUSION

In light of the foregoing, the Plaintiff requests an order from this Court granting them twenty (20) days from the entry of the Court's order granting this motion within which to re-serve process on the Defendants Bayer Pharma AG, Bayer Corporation, Bayer Healthcare Pharmaceuticals, Inc., Bayer Healthcare LLC, Bayer Healthcare AG and Bayer AG, through the streamlined informal process. Plaintiff shows that all things considered, no party will be prejudiced nor will the progress of this MDL be adversely affected by the granting of the relief sought herein.

Respectfully submitted,

/s/ Monte Bond
Monte Bond
Texas Bar No.02585625
Tautfest Bond PLLC
5151 Belt Line Road, Suite 1000
Dallas, Texas 75254
214-617-9980 (Phone)
214-617-9985 (Fax)
mbond@tautfestbond.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above foregoing MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO RE-SERVE PROCESS has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b) (2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No.17.

This the 8th day of August, 2016.

/s/ Monte Bond
*Attorney for Plaintiff*