**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2592 |
| | * | SECTION L |
| | * | JUDGE ELDON E. FALLON |

******************************************
**THIS DOCUMENT RELATES TO**

*Titi v. Janssen Research & Development, LLC, et al., 16-cv-13782*
*Flynn v. Janssen Research & Development, LLC, et al., 16-cv-13761*

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANTS**

Plaintiffs in the above-styled action hereby submit this Memorandum of Law in Support of their Motion for an Order from this Honorable Court granting them an extension of time to and including September 18, 2016 within which to serve process on Defendants JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, and BAYER AG.

## I. BACKGROUND

On May 20, 2016, Plaintiffs Flynn and Titi filed a Joint Complaint against Defendants and were assigned Case No. 16-cv-06701. Thereafter, on August 10, 2016 and August 11, 2016,

respectively, Plaintiffs filed a separate, Short Form Complaint in accordance with PTO No. 11 and were assigned Case No. 16-cv-13761 (*Flynn*) and 16-cv-13782 (*Titi*), respectively.

According and pursuant to PTO No. 10A, service must be effectuated on Defendants with the Summons and Complaint, no later than ninety (90) days from the docketing of the Complaint in the MDL; however, due to the overwhelming number of recently-filed Complaints into MDL 2592, the Clerk's Office is overwhelmed and inundated, which has delayed the Clerk's entry of Summonses in recently-filed cases. As such, the summonses in the cases of *Flynn* and *Titi* have not yet been issued.

## II. LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id.* Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 f.3D 20, 21 (5TH Cir. 1996). Situations where a discretionary extension may be granted include "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted serve." *Millan v. USAA General Insurance Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (internal quotation marks omitted). Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v.*

*McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D. Tex. 2003). "[A] plaintiff … may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 666.[1]

In *Zermeno¸ supra,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiff's counsel stating that he would be representing defendants in the matter, and defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. Id*. at 667*. The court noted that "if defendants act so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id*.

Similarly, in *Millan, supra,* the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant I the original complaint. *Id*. However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact ent4ered an appearance on behalf of the incorrect defendant. *Id*. at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id.*

Defendants are aware of the general facts, circumstances and theories of recovery underlying plaintiff's complaints having been served with countless identical complaints.

---

[1] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

Because this MDL involves thousands of similarly situated plaintiffs who have filed lawsuits virtually identical to that filed by the instant plaintiffs, no actual prejudice has or will occur to defendants by the court granting the discretionary relief sought herein.

Additionally, plaintiffs point out that the dismissal of these cases could subject them to a statute of limitations defense in the future. Although plaintiffs believe they would be able to overcome any such defense, the granting of the instant motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to plaintiffs.

In light of the foregoing, plaintiffs respectfully request that this Honorable Court grant a permissive extension of time as allowed by the court's power under Rule 4(m).

### III.  CONCLUSION

For the reasons stated above, plaintiffs respectfully request an Order from this court granting them to and including September 18, 2016 within which to provide service of process on Defendants. Plaintiffs have shown that no party herein will be prejudiced, nor will any MDL process be adversely affected by the granting of the relief sought herein.

Dated: August 12, 2016                             Respectfully submitted,

**KELLEY UUSTAL, PLC**

By: */s Catherine C. Darlson*
Catherine C. Darlson, Esq.
Florida Bar No. 112440
500 N. Federal Highway, Suite 200
Fort Lauderdale, Florida 33301
Telephone: (954) 522-6601
Facsimile: (954) 522-6608
ccd@kulaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

WE HERBY CERTIFY that on August 12, 2016 a copy of the above and foregoing has been filed electronically with the Clerk of Court using the CM/ECF system which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

By: */s Catherine C. Darlson*
Catherine C. Darlson, Esq.