UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO ALL CASES | JUDGE ELDON E FALLON |
| | MAG. JUDGE NORTH |

## O R D E R

On August 4, 2016, counsel for the PSC and counsel for the Bayer Defendants met with the Court to discuss the production of certain documents from the personnel files of Drs. Frank Misselwitz and Dagmar Kubitza for *in camera* review as specified in this Court's July 21, 2016 Order and Reasons (Doc. 3688) and to further discuss the protections afforded those documents. After hearing from counsel, the Court finds it appropriate to enter the following order. Bayer and its employees may rely on the provisions of this Order in transferring the specified documents to the United States for *in camera* review by the Court.

1. The deadline of August 8, 2016 for *in camera* production (Doc. 3711) has been continued. Bayer shall produce the specified documents *in camera* three business days after the entry of this Order, subject to all restrictions imposed therein.

2. Production *in camera* shall not constitute a waiver of Bayer's objections to production to the plaintiffs.

3. Prior to *in camera* review by the Court, Bayer shall make the following redactions to the documents in addition to those set forth in the July 21, 2016 Order:

1

    a. The names of any individuals shall be redacted and substituted with an anonym, such as "Employee A," "Employee B," etc. Bayer will provide a separate list identifying by name those individuals whose names were redacted in the documents. That list shall be marked as "PROTECTED INFORMATION-HIGHLY PROTECTED" and/or "PROTECTED INFORMATION-DEFENDANT RESTRICTED" and given all the protection afforded those designations in the Stipulated Protective Order, PTO No. 12 (Doc.894); and

    b. The names and job titles of supervisors shall be redacted from the applications and the information letters regarding one-time payments made to these employees in 2002, 2003 and 2005. If over Bayer's objections the Court after *in camera* review orders production of any of the documents in this Paragraph 3b to plaintiffs, the redactions of the supervisor names and job titles will be without prejudice to the PSC's right to seek the identity or job title of the redacted names and to Bayer's right to oppose such identification.

4. If over Bayer's objections the Court after *in camera* review orders any document be produced to plaintiffs, such document (hereinafter "Disclosed Document") shall have the following further protections:

    a. The Disclosed Document shall be marked as "PROTECTED INFORMATION-HIGHLY PROTECTED" and/or "PROTECTED INFORMATION-DEFENDANT RESTRICTED" and given all the protection afforded those designations in the Stipulated Protective Order, PTO No. 12 (Doc. 894).

    b. The Disclosed Document, including all electronic or hard copies in the possession of counsel for plaintiffs, counsel for any defendant and any person who receives

      the Disclosed Document or copies pursuant to the Stipulated Protective Order, PTO No. 12, shall at all times and for all purposes be considered in the Court's possession, custody and control, and not in the possession, custody and control of any party. The fact that any such document shall be considered in the Court's possession, custody and control, however, shall not prejudice in any way the right of the Plaintiffs to seek the admission of the document into evidence, pursuant to paragraph 4(f) of this Order. Any dispute or matter regarding the production or disclosure of a Disclosed Document shall be resolved by this Court after hearing argument from the parties.

c. The Disclosed Document shall be redacted in accordance with the Court's July 21, 2016 Order as supplemented by Paragraph 3 above and subject to any further redactions the Court may order after *in camera* review.

d. Plaintiffs' Liaison Counsel shall maintain a list of the attorneys of record, plaintiff parties, witnesses, including expert witnesses, to whom any Disclosed Document is provided by plaintiffs. Such list shall not be discoverable by Defendants without a showing of good cause upon application to the Court.

e. Until and unless determined otherwise by the Court, a Disclosed Document is presumed to contain information that qualifies as personal data for the purposes of the German Data Protection Act. If plaintiffs seek to challenge any Disclosed Document as not containing information that qualifies as personal data for purposes of the German Data Protection Act, the PSC shall notify counsel for Bayer in writing of the challenge.. If after a meet-and-confer, the PSC and counsel for Bayer cannot resolve the challenge, both parties will notify the Court

      which will determine any further procedures necessary for resolving the challenge. To the extent the Court requires briefing, all references in motions or briefs to Disclosed Documents, or information included therein, shall be filed under seal. Upon application of a party, the Court may consider appointment of a neutral expert on the German Data Protection Act to assist the Court, subject to the right of the other party to be heard regarding the appropriateness of such appointment. To the maximum extent possible, any challenge should be resolved prior to trial.

f.    Before any Disclosed Document is sought to be introduced into evidence at trial by plaintiffs, counsel for Bayer shall be given reasonable prior notice of plaintiffs' intention and shall be given the opportunity to object or seek exclusion. The Court shall maintain the confidentiality of any Disclosed Document containing personal data under the German Data Protection Act admitted into evidence over objection and will take all appropriate action at trial to limit access to the Disclosed Document, or information derived from the Disclosed Document, to only the Court, the Court's personnel, the parties and their attorneys and staff, the witness(es) and the jurors.

g.    The provisions of this Order shall apply to the Disclosed Documents as well as the information derived therefrom.

**IT IS SO ORDERED.**

NEW ORLEANS, LOUISIANA, this __16th__ day of _____August_____, 2016.

_____
**HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE**