UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH |
| THIS DOCUMENT RELATES TO: | **JURY TRIAL DEMANDED** |

GLORIA ROBINSON
Civil Action No.: 2:15-cv-6937

**AFFIDAVIT IN SUPPORT OF AMENDED MOTION TO WITHDRAW AS COUNSEL**

Pursuant to 28 U.S.C. § 1746, the undersigned declares as follows:

1. My name is Gabriel Assaad. I am over 18 years of age, of sound mind and capable of making this declaration. The facts stated within this declaration are within my personal knowledge and are true and correct.

2. I am a managing partner with the law firm Kennedy Hodges, LLP.

3. Pursuant to Pretrial Order #30, Moving Counsel contacted Defendants' Lead and Liaison Counsel in writing fourteen (14) days prior to filing of the motion. All served Defendants have responded in writing that Defendants are opposed to Plaintiff's Motion to Withdraw as Counsel.

4. Plaintiff Gloria Robinson retained the services of Kennedy Hodges, LLP to represent her in a claim for her injuries resulting from her use of Xarelto.

5. On December 17, 2015, the undersigned filed a complaint under Case Number 2:15-cv-6937 in the Xarelto Products Liability Litigation in the United States District Court for the Eastern District of Louisiana.

6. Since the filing of Plaintiff's lawsuit, all reasonable efforts have been made to contact Plaintiff. Despite these efforts, counsel has been unable to make contact with Plaintiff and obtain information necessary to move forward with her case.

7. On December 28, 2015, Kennedy Hodges, LLP sent Plaintiff correspondence requesting that Plaintiff provide information essential to litigating her case.

8. On January 22, 2016, Counsel attempted to reach Plaintiff by phone and left a voicemail advising her that Counsel lacked requisite information to further prosecute her case.

9. On February 12, 2016, Counsel attempted to reach Plaintiff again by phone. Counsel left another voice message requesting Plaintiff provide the requested information.

10. On February 15, 2016, Counsel sent correspondence to Plaintiff via certified mail requesting that she contact Kennedy Hodges, LLP by February 26 regarding her claim and the provide the requested information. (See Ex. A).  Counsel advised Plaintiff that failure to respond could result in Kennedy Hodges, LLP being forced to withdraw as counsel on behalf of Plaintiff.

11. Further, on February 15, 2016, Counsel attempted to reach Plaintiff by phone. Counsel informed Plaintiff via voice message that if Plaintiff did not contact the firm, Counsel would be forced to withdraw from her case.

12. On February 25, 2016, Counsel called Plaintiff and left a voicemail requesting that Plaintiff contact Counsel, prior to Counsel withdrawing from her case.

13. On March 23, 2016, Counsel called Plaintiff to inform her Counsel will withdraw from her case. While Plaintiff answered the phone at this time, she hung up the phone on Counsel before Counsel was given the opportunity to discuss her claim. Therefore, Counsel was unsuccessful in communicating with Plaintiff.

14. On March 30, 2016, Counsel sent correspondence to Plaintiff via certified mail informing her of the law firm's decision to file a motion with the court to withdraw as her counsel of record. (See Ex. B).

15. To date, Plaintiff has not provided the information requested or otherwise responded to Counsel's correspondence or phone calls.

16. On February 15, 2016, Counsel electronically submitted Plaintiff's Fact Sheet through MDL Centrality pursuant to Pretrial Order No. 13. However, due to being out of communication with Plaintiff, the Plaintiff Fact Sheet is not complete.

17. Counsel has complied with Pretrial Order No. 11B; any applicable filing fee has been paid. (See Ex. C).

I, Gabriel Assaad, declare under penalty of perjury that the foregoing is true and correct.

Executed on _____8/19/2016_____ (date).



2