UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)   )   MDL NO.2592
PRODUCTS LIABILITY LITIGATION  )   SECTION:  L
                               )   JUDGE:ELDON E.
                               )         FALLON
                               )   MAG. JUDGE NORTH

THIS DOCUMENT RELATES TO:
Francisca Marquez v. Johnson & Johnson, et al; Case No. 2:15-cv 06128

**MOTION TO SUBSTITUE PARTY PLAINTIFF UNDER FED.R.CIV.P.25(a)  and for Leave to AMEND THE COMPLAINT UNDER FED. R. CIV. P. 15(a). (motion unopposed**

Undersigned Counsel for Plaintiff, pursuant to Fed.R.Civ.P. 25(a), moves to substitute deceased Plaintiff Francesca Marquez with her surviving son and Administrator , Orlando Ramos. Plaintiff moves for an order to substitute party plaintiff by substituting Orlando Ramos for Francesca Marquez on behalf of  Francesca Marquez,and pursuant to Fed.R.Civ.P.15(a) moves for leave to amend the complaint(Ex.AA) to add a wrongful death cause of action and to add JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS,INC and BAYER PHARMA AG as additional party defendants. In support of this of this motion Plaintiff states as follows:

1. Under Fed.R.Civ.P25(a)(1), "{i}f a party dies and the claim in not extinguished, the court may order substitution of the proper party. A  motion for substitution may be made by any party or by

decedent's successor or representative."

2. Plaintiff Francisca Marquezl passed away on October 25, 2015 (Ex.A).

3. Orlando Ramos was the Plaintiff's surviving son at the time of Plaintiff's death (Ex.A).

4. On May 9, 2016 a Decree was entered by the Kings County Surrogate appointing Orlando Ramos as Administrator of the Estate of Francisca Marquez (Ex. B).

5. Given that Orlando Ramos is the court appointed administrator he has the proper capacity to continue the suit as a party and successor and representative pursuant to Fed.R.Civ.P.25(a)(1).

6. Leave is requested to amend the complaint to add a cause of action for wrongful death as the plaintiff has since died from her injuries.

7. Leave is also requested to add JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS,INC and BAYER PHARMA AG; as additional party defendants.

8. Plaintiff alleges that she suffered life-ending bleeding as a result of her ingestion of Xarelto.

9. I have learned through the proceedings that they are necessary entities as they were involved in the manufacture, sale, distribution and design of Xarelto.

10. The proposed amendments are not the results of undue delay, bad faith, dilatory motive and/or repeated failures by plaintiff to cure deficiencies in prior amendments

11. In determining whether to grant leave to amend a pleading, it is appropriate for a court to consider judicial economy and the most expeditious way to dispose of merits of a litigation. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594 n(5th Cir. 1991). A Leave to amend should be freely granted when justice requires. @ See Financial Acquisition Partners LP v. Blackwell, 440 F.3d 278, 291 (5th Cir. 2006). Rule 15 (a) of the Federal Rules of Civil Procedure is in accord and requires that when leave of court is sought to file an amended complaint is should be freely given. @ Fed.R.Civ.P. 15(a). There is a strong presumption in favor of granting leave to amend a complaint. Id. A district court must possess a substantial reason to deny a request for leave to amend.@ Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir.2004). Indeed, when ruling on a motion to amend a complaint, the motion to amend should only be denied in very limited circumstances as the Fifth Circuit explained in Smith v. EMC Corp., supra.

WHEREFORE, for each and all of the foregoing reasons, Counsel for Plaintiff requests that an order to substitute party plaintiff be entered by substituting Orlando Ramos as Administrator of the Estate of Francisca Marquez for Francisca Marquez., for an order for leave to amend the

complaint to add a cause of action for wrongful death and for an order to add   JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS,INC And BAYER PHARMA AG; as party defendants.

Dated: August 26, 2016

Respectfully Submitted By,

        MICHAEL N. DAVID

<u>/s/ Michael N. David</u>
NY Bar  # 1972850
44 Wall Street, 12th Floor
New York, NY 10005
Tel.212-363-1997
Fax212-742-9869
Email: mdneglawl@aol.com

CERTIFICATE OF SERVICE

I, Michael N. David, hereby certify that a true and correct copy of the foregoing was served with the Clerk of the Court using the CM/ECF system which automatically sent notification of such filings to the Filling User(s) listed on the Court's Case List for CM/ECF service.

This document so filed is available for viewing and downloading on the ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on June 9, 2016, at Lafayette, Louisiana.

MICHAEL N. DAVID

/s/ Michael N. David
NY Bar # 1972850
44 Wall Street, 12th Floor
New York, NY 10005
Tel.212-363-1997
Fax212-742-9869
Email: mdneglawl@aol.com