UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> ) <br> ORLANDO RAMOS, as Administrator ) <br> Of THE ESTATE OF FRANCISCA ) <br> MARQUEZ, ) <br>    Plaintiffs, ) <br> ) <br> ) <br>    -against- ) <br> JOHNSON & JOHNSON, JANSSEN ) <br> PHARMACEUTICALS, INC., JANSSEN ) <br> RESEARCH & DEVELOPMENT LLC;JANSSEN ) <br> ORTHO LLC;BAYER HEALTHCARE ) <br> PHARMACEUTICALS,INC.;BAYER PHARMA ) <br> AG; and BAYER CORPORATION; ) <br>    Defendants. ) <br> ------------------------------------X | MDL NO. 2592 <br>  SECTION: L <br>  JUDGE: ELDON E. <br>  FALLON <br>  MAG. JUDGE NORTH <br> <br> <br> <br> <br>    AMENDED <br>    COMPLAINT <br>    and JURY DEMAND <br> <br>  Civil Action No. 2:15-cv 06128 |

   Plaintiff, by and Plaintiff, by and through the undersigned counsel, upon information and belief, at all times hereinafter mentioned, alleges as follows:

## JURISDICTION AND VENUE

   1. This Court has jurisdiction over this action pursuant to 28 U.S.C.

   $1332, because the amount in controversy as to the Plaintiff exceeds

   $75,000.00, exclusive of interest and costs, and because there is complete

   diversity of citizenship between the Plaintiff and the Defendants.

   2. Venue is proper in this jurisdiction pursuant to 28 U.S.C. $ 1391,

   because Defendants' conduct substantial business in this District.

   3. Venue is proper in the Eastern District of Louisiana pursuant to Pre-

   Trial Order No. 9 issued in MDL No. 2592 In re: Xarelto (Rivaroxaban)

     Products Liability Litigation on March 24, 2015.

**AS AND FOR A FIRST CAUSE OF ACTION**

4.  That on or about the 9th day of May 2016, the ,ORLANDO RAMOS , was duly appointed Administrator of the Estate of FRANCISCA MARQUEZ, deceased, by order of the Surrogate's Court of the County of KINGS, State of New York.

5. The plaintiff brings this Civil Action for damages arising from FRANCISCA MARQUEZ's ingestion of the drug marketed in the United States under the name XARELTO ("XARELTO").

6. In August 2015, as a result of the ingestion of XARELTO, FRANCISCA MARQUEZ developed serious and permanent injuries, including blood clots, embolism, hemorrhaging, stroke , and pain and suffering.

7. XARELTO has been linked to an increased risk of internal bleeding, blood clots, embolism, hemorrhaging and stroke in patients taking the medication.

8. After defendants' JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS,INC;BAYER PHARMA AG;BAYER CORPORATION's submission to the FDA, XARELTO was approved for marketing in 2011, and introduced to market later that year.  After obtaining FDA approval, defendants JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS,INC.;BAYER PHARMA AG;BAYER CORPORATION; increased the available dosages of XARELTO, and promoted the drug despite having knowledge and being aware of studies demonstrating injuries associated with ingestion and use of the drug, as well as continued adverse reactions.

9. Defendants JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS,INC;BAYER PHARMA AG;BAYER CORPORATION; minimized the risk of the injuries posed by XARELTO.

10. Upon information and belief XARELTO was and/or is a registered trademark of defendant JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS,INC.;BAYER PHARMA AG and BAYER CORPORATION.

11. The defendants JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS;INC.BAYER PHARMA AG and BAYER CORPORATION were in the business of manufacturing, promoting, marketing, researching, distributing , and selling prescription medications and non-prescription drugs, including XARELTO, in the State of New York.

12. Before, after, and at the time of the manufacture, promotion and sale of XARELTO to plaintiff, defendant JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS,INC.;BAYER PHARMA AG and BAYER CORPORATION; possessed detailed technical information and had knowledge that indicated XARELTO caused significant and harmful side effects , including but not limited : blood clots, embolism, hemorrhaging, stroke and was otherwise extremely hazardous.

13. The defendants JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS,INC.;BAYER PHARMA AG and BAYER CORPORATION;, ;  BAYER concealed this information from plaintiff FRANCISCA MARQUEZ.

14. The defendant JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS,INC.;BAYER PHARMA AG;BAYER CORPORATION;, ; BAYER publicly represented that XARELTO was safe and posed no significant health hazards to customers.

15. In reality XARELTO can be, and is, highly toxic and presents an unacceptable risk of harm to consumers.

16. The defendants JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS;INC.BAYER PHARMA AG; and BAYER CORPORATION unnecessarily put at risk and wrongfully caused FRANCISCA MARQUEZ harm, injury and death without full, proper, and/or timely disclosure, and without warning of the potential associated risks, hazards and/or benefits of XARELTO in a truthful way, and/or otherwise acted in such a way as to be negligent, reckless, strictly liable and otherwise liable to plaintiff for FRANCISCA MARQUEZ's injuries, associated damages and death.

17. That as a result of the injuries from XARELTO plaintiff

FRANCESCA MARQUEZ died on October 25, 2015.

18. That, because of th FRANCESCA MARQUEZ e fatal injuries sustained by the decedent, the Estate of FRANCESCA MARQUEZ has incurred medical, hospital and funeral expenses and pecuniary loss.

19. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

### AS AND FOR A SECOND CAUSE OF ACTION

20. The plaintiffs hereby adopt, repeat and realleges by reference herein all the allegations contained in paragraphs "1" through "19" as though more fully set forth herein.

21. Defendants either knew or should have known that XARELTO was dangerous and not as effective for its purpose as represented, and posed greater risks than disclosed.

22. Defendants were under duty to disclose this information to plaintiff, including FRANCISCA MARQUEZ, under laws requiring its not to engage in false and deceptive trade practices and as otherwise alleged in this Complaint, because defendant made representations and partial disclosures concerning the nature and quality of its product which it had a duty to correct, because defendant was in a superior position to know the true state of facts about the dangerous and defective nature of XARELTO and its known risks to FRANCISCA MARQUEZ and because the effects of XARELTO were latent.

23. As a direct and proximate result of the defendant's and other actionable conduct, described herein, FRANCISCA MARQUEZ was caused to suffer damages in August 2015 and thereafter, including but not limited to stroke, pain, suffering, permanent injury and loss in the quality of life and death.

24. As a direct and proximate result of the defendant's fraud and other actionable conduct, described herein, FRANCISCA MARQUEZ was caused to incur expenses for medical treatment and for non-medical care required in the wake of her injury, hospitalization and death.

25. The limitations on liability set forth in CPLR $ 1601 do not apply by reason of the exemption set forth in CPLR $ 1602 (2) and (7).

26. The amount of damages sought herein exceeds the jurisdictional limits of all lower Courts that would otherwise have jurisdiction in this matter.

### AS AND FOR A THIRD CAUSE OF ACTION

27. Plaintiffs incorporate by reference as it fully set forth herein each and every allegation set forth in paragraphs "1" through "26" as if more fully set forth at length. Plaintiffs, in the alternative, plead that the acts described as intentional, deliberate, outrageous or knowing were instead negligent and/or reckless.

28. The defendants are liable because it breached its duty to the plaintiffs, including FRANCISCA MARQUEZ. The defendants were negligent and/or reckless in the licensing, testing design, manufacturing, compounding, testing, inspecting, packaging, warning, advertising, promotion, distribution and sale of XARELTO.

29. The negligence of the defendants include but are not limited to negligence in the manufacturing, compounding, testing, inspecting, packaging, labeling, distributing, marketing, examining, and selling of XARELTO, as well as in failing to warn and/or to adequately warn the consuming public directly and through its prescribing physicians and medical professionals, of the unreasonably dangerous effects associated with XARELTO after defendants had knowledge of the same, thereby breaching the continuing duty to warn.

30. Defendants were likewise negligent in failing to accompany XARELTO with proper, adequate and necessarily timely warnings regarding the possible adverse side effects associated with its use and the comparative severity and duration of such side effects.

31. As a result for the foregoing, plaintiffs have been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction in this matter.

### AS AND FOR A FOURTH CAUSE OF ACTION

32. The plaintiffs hereby adopt and incorporate herein the allegations contained and set forth in paragraphs "1" through "30" as if more fully set forth herein.

33. Defendants JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS,INC.;BAYER PHARMA AG; and BAYER CORPORATION; at all times relevant hereto, was engaged in the marketing, promotion, formulation, manufacture, marketing, distribution and sale of XARELTO.

34. Defendants JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT LLC;JANSSEN ORTHO LLC;BAYER HEALTHCARE PHARMACEUTICALS,INC.;BAYER PHARMA AG;BAYER CORPORATION; are strictly liable in tort to the plaintiffs for injuries arising from the use of XARELTO.

35. XARELTO was defective, unsafe and unreasonably dangerous for its intended and/or foreseeable uses in that it causes blood clots, embolism, hemorrhaging and stroke in its users.

36. The XARELTO manufactured, distributed and/or supplied by the defendants were placed into the stream of commerce in a defective and unreasonably dangerous condition in that the foreseeable risks of XARELTO exceeded the benefits associated with its design or formulation.

37. As a result of the foregoing, plaintiffs have been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction in this matter.

### AS AND FOR A FIFTH CAUSE OF ACTION

38. Plaintiffs repeat, reiterate and reallege each and every cause of action as set forth in paragraphs "1" through "36" as if more fully set forth herein.

39. At all times material hereto, the defendants marketed, sold and distributed XARELTO, knew and promoted the use for which the aforesaid drug was being used by the plaintiffs and prescribing medical professionals, and impliedly warranted to plaintiff that XARELTO was of merchantable quality and safe for its intended use.

40. The plaintiffs and/or prescribing medical professionals reasonably relied upon the skill, expertise and judgment of the defendants XARELTO in its representations as to the fact that XARELTO was safe for its intended use and of merchantable quality.

41. The defendant XARELTO breached its implied warranty of merchantability in that XARELTO is defective and not fit for the ordinary purpose it is used: a blood thinner.

42. As a result of the foregoing, plaintiffs have been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction in this matter.

### AS AND FOR A SIXTH CAUSE OF ACTION

43. The plaintiffs repeat, reiterate and reallege each and every cause of action in paragraphs "1" through "41" as if more fully set forth herein.

44. The defendants expressly warranted that XARELTO was safe for its intended use. XARELTO did not conform to defendant's express representations including, but not limited to: the representation that it was well accepted in patient studies; the representation that it was safe; the representation that it did not have unacceptable levels of dangerous and life threatening side effects; representations set forth in this complaint as having been made by defendant; and representations made in the defendant's written materials. As previously alleged, at all times relevant to the events giving rise to the plaintiffs' causes of action, notice of the dangers of XARELTO have been presented to the defendant.

45. As a result of the foregoing, plaintiffs have been damaged in the sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction in this matter.

### AS AND FOR A SEVENTH CAUSE OF ACTION

46. The plaintiffs repeat, reiterate and reallege each and every cause of action in paragraphs "1" through "44" as if more fully set forth herein.

47. NY General Business Law Section Sec. 349(a) declares unlawful any deceptive acts or practices in the conduct of any business or in the furnishing of any service.

48. The aforementioned acts/ representations and/or omissions by the defendants were deceptive and misleading

practices and/or advertising within the meaning of New York's General Business Law.

49. As a result of the foregoing, plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction in this matter.

### AS AND FOR AN EIGHTH CAUSE OF ACTION

50. The plaintiff, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "48" inclusive, with the same force and effect as if set forth at length herein.

51. That as a result of said conduct, plaintiff's decedent through no fault, want or lack of care on his part, was severely injured and caused to experience excruciating conscious pain and suffering.

52. That solely by reason of the premises aforesaid, the plaintiff has sustained money damages in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiffs, on their causes of action demand judgment against the defendants in an amount to be determined upon trial of this action, with interest from August 1, 2015, together with costs and disbursements of this action.

**STATE OF NEW YORK  )**
                           **)  ss:**
**COUNTY OF NEW YORK )**

I, the undersigned, an attorney admitted to practice in the Courts of New York State, affirm that the following statements are true, under the penalties of perjury.

I am the attorney of record for the plaintiff in the within action.  I have read the foregoing Complaint and know the contents thereof.  The same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

The reason this verification is made by me and not by the plaintiff is that they do not reside in the county wherein deponent maintains his office.

The grounds of my belief as to all matters not stated upon my knowledge are as follows: records in deponent's possession as well as conversation with plaintiffs.

**Dated:** **New York, New York**
**August 25, 2016**                                   /S/Michael N. David
                                                      -------------------
                                                       **Michael N. David**