UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Gina Rippley* (16-1402) | * * * | JUDGE ELDON E. FALLON |
| | * * * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

**OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants"), Johnson & Johnson ("J&J"), Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG ("Bayer Defendants") collectively referenced as "Defendants," through undersigned counsel, respectfully submit the instant Opposition to the Motion to Withdraw as Counsel for Gina Rippley and the Supplemental Certification in Support of the Motion to Withdraw.  (Rec. Doc. No. 3697). For the following reasons, Defendants aver that the Motion should be denied.

"Attorneys normally are expected to work through the completion of a case." *Cooper v. Wal-Mart Transp., L.L.C.,* 2010 WL 763548 (S.D. Tex. Mar. 3, 2010) (citing *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir.1989)). "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir.1989).  Even where good cause for withdrawal exists, it is "incumbent on

the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan.1981).

The concerns regarding the disruption of a lawsuit due to withdrawal of counsel are even more significant in multidistrict litigation proceedings. For instance, a primary concern is that multiple plaintiffs will be left to prosecute their cases *pro se*, which would necessarily prejudice the other parties to the litigation. *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. MDL 07-1873, 2011 WL 4368719, at *2 (E.D. La. Sept. 16, 2011) (denying Motions to Withdraw as Counsel in an MLD on the basis that litigation would be delayed if its administration was "laden down with *pro se* plaintiffs who have been left *pro se* precisely because their attorneys found them uncommunicative and difficult to locate[,]" and thus holding that "the prejudice to the other parties in this case would be enormous were the Court to allow attorneys such as the movants to be relieved of representing hard-to-reach clients.").

Of particular concern in the instant litigation are plaintiffs who have not completed a plaintiff fact sheet ("PFS") at the time of their attorney's withdrawal as counsel of record. Without the submission of a completed PFS, there is an absence of proof that the plaintiffs belong in this litigation, and such cases should be dismissed if those plaintiffs are unable to retain additional counsel to assist them in prosecuting their claims.

Furthermore, in 2008, a division of this Court decided *Hayes v. Versatility Marine, LLC*, 2008 WL 4829380 (E.D. La. Nov. 4, 2008). In *Hayes*, the Court held that counsel seeking leave of a court to withdraw from representation must meet both the procedural requirements of Local Civil Rule 83.2.11 and the substantive requirements of the Louisiana Rules of Professional

Conduct.  Here, the Motion to Withdraw fails to meet the substantive requirements of the Louisiana Rules of Professional Conduct, as adopted by this District in Local Rule 83.2.3.  Rule 1.16(b) of the Rules of Professional Conduct states that "a lawyer may withdraw from representing a client if: . . .  withdrawal can be accomplished without material adverse effect on the interests of the client," or if "other good cause for withdrawal exists."[1]

In this matter, Plaintiff's counsel's Motion does nothing to address the effect of the withdrawal on the interests of the client, nor does it explain how any circumstance at issue would constitute "good cause for withdrawal."  Rather, the only reason identified in Plaintiff's counsel's Motion is the fact that counsel for Plaintiff had difficulty communicating with his client over a period of several weeks. (Rec. Doc. No. 3697). And, as set forth in the *In re FEMA Trailer Formaldehyde Prod. Liability Litigation* decision on this issue, discussed *supra*, the prejudicial effect of *pro se* plaintiffs "who have been left *pro se* precisely because their attorneys found them uncommunicative and difficult to locate[,]"  merits the denial of a Motion to Withdraw as Counsel of Record. 2011 WL 4368719, at *2 (E.D. La. Sept. 16, 2011). Thus, the reasons set forth in Plaintiff's counsel's Motion to Withdraw cannot constitute good cause for withdrawal as counsel of record pursuant to the Local Rules for the Eastern District of Louisiana and the Louisiana Rules of Professional Conduct.

Accordingly, Defendants respectfully request that the Court deny Plaintiffs' Motion to Withdraw as Counsel for Gina Rippley. (Rec. Doc. No. 3697).

---

[1] See also Rule 1.16(b) of the ABA Model Rules of Professional Conduct.

Respectfully submitted,

**KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
901 15th Street NW
Washington, D.C. 20005
Telephone: (202) 682-3500
Facsimile: (202) 682-3580
andrew.solow@kayescholer.com
william.hoffman@kayescholer.com

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *James B. Irwin*
  James B. Irwin
  Kim E. Moore
  IRWIN FRITCHIE URQUHART
  & MOORE LLC
  400 Poydras Street
  Suite 2700
  New Orleans, LA 70130
  Telephone: (504) 310-2100
  Facsimile: (504) 310-2120
  jirwin@irwinllc.com

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
  John F. Olinde
  CHAFFE McCALL L.L.P.
  1100 Poydras Street
  Suite 2300
  New Orleans, LA 70163
  Telephone: (504) 585-7241
  Facsimile: (504) 544-6084
  olinde@chaffe.com

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 12, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

  /s/ *James B. Irwin*
  **James B. Irwin**