**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) ) ) ) ) **THIS DOCUMENT RELATES TO:** ) ) *Shayne Potter v. Janssen Research &* ) *Development LLC, et al.* ) Civil Action No. 2:15-cv-7172 ) | MDL No. 2592 SECTION: L JUDGE ELDON E. FALLON MAG. JUDGE NORTH Civil Action No. 2:14-md-2592 |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Through counsel, Plaintiff hereby replies in support of his motion to dismiss all parties and claims *without prejudice* pursuant to Fed. R. Civ. P. 41(a)(2) and PTO No. 24A.

Counsel for Plaintiff reiterates that the reason dismissal *without prejudice* is requested is that undersigned counsel has not been retained to represent the decedent's Estate and does not represent any party that seeks to join this action and substitute as Plaintiff in the pending lawsuit. Defendants suggest that dismissal without prejudice is sought for some other reason such as forum shopping or to gain a tactical advantage over Defendants. On the contrary, dismissal without prejudice is requested to protect the rights of unknown and unidentified potential plaintiffs who are not parties to this action. Dismissal without prejudice preserves the rights of unknown and unidentified potential plaintiffs as those rights exist today. The Court can maintain those potential plaintiffs' rights and preserve the *status quo* by dismissing the current case without prejudice.

As stated by the Court of Appeals for the Fifth Circuit in *Elbaor v. Tripath Imaging, Inc.*, the primary case cited by Defendants, "[A]s a general rule, motions for voluntary dismissal

1

should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." 279 F.2d 314, 317 (5th Cir. 2002). The Fifth Circuit requires Defendants to identify the plain legal prejudice they will suffer. Defendants have failed to meet this standard. Instead, Defendants speculate about how they might be prejudiced. The mere speculation of prejudice is not the standard. Defendants will suffer no "plain legal prejudice" if the present Motion is granted; however, potential plaintiffs would be prejudiced if the Motion is denied. Therefore, we respectfully request that the Court grant the Plaintiff's Motion for Voluntary Dismissal Without Prejudice.

Dated: 9/16/2016

Respectfully submitted,

**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**

*/s/ Seth A. Katz*
Seth A. Katz
Attorney Registration Number: 37205 (CO)
40 Inverness Drive East
Englewood, CO  80112
Tel: (303) 792-5595
Fax: (303) 708-0527
skatz@burgsimpson.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Reply in Support of Plaintiff's Motion for Voluntary Dismissal Without Prejudice has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17

*/s/ Seth A. Katz*
Seth A. Katz