UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2592 |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |
| ********************************************* | * | |

**THIS DOCUMENT RELATES TO:**
*All Cases*

### ORDER & REASONS

In compliance with this Court's Order and Reasons (R. Doc. 3688 at 38-39), Defendant Bayer produced personnel files of Drs. Kubitza and Misselwitz to the Court for in camera review. The Court has carefully reviewed the personnel files and applied the five factors of the Third Restatement as suggested in *Societe Nationale*. *See Société Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*. 482 U.S. 522 (1987); Third Restatement of the Law of Foreign Relations, § 442 (Am. Law Inst. 1987) (hereinafter, "Third Restatement"). The application of this comity analysis and its legal basis are further elucidated in the Court's prior Order and Reasons. (R. Doc. 3688).

**Analysis of the *Société Nationale* Factors**

As is further elucidated in the Court's prior opinion, this Court finds that the five factors of the Third Restatement flesh out the Supreme Court's language in *Société Nationale*, and are applicable to the present matter.[1] In determining which personnel files the Court would produce

---

[1] The Court does not consider the five factors of the Third Restatement to be exhaustive. The Court is mindful that the Fifth Circuit chose not to adopt the Third Restatement standard wholesale. More importantly, the *Société Nationale* Court declined to "articulate specific rules to guide this delicate task of adjudication," in the same opinion in which it favorably cited the Third Restatement. *See Société Nationale*, 482 US. at 544 n. 28, 446. If the Supreme Court had intended the Third Restatement to be the definitive mechanism for "scrutiny in each case of the particular facts, sovereign interests, and likelihood that resort to [foreign discovery procedures] would prove effective," the Court would have adopted the Restatement rather than citing it in a footnote. Therefore, the use of additional factors may be prudent under appropriate circumstances. *See, e.g.*, *Richmark Corp. v. Timber Falling*

to the Plaintiffs Steering Committee (PSC) after in camera review, the Court weighed the five factors of the Third Restatement and redacted or deleted sections and pages determined not to weigh in favor of disclosure.

The Court determined that some of the personnel documents contained non-disclosable personal data as defined in the German Data Protection Act, including performance reviews, evaluations for promotion, and the data subject's own self-assessments. The Court did not find an applicable exception in these cases, but rather found that the subjects' interest in privacy overrode Bayer's interest in compliance with foreign discovery practice. The Court therefore either redacted the personal information or withheld the page altogether. Therefore, the Court now orders only certain pages and documents to be released to the PSC, with others to remain confidential.

The Court has carefully weighed the five factors of the Third Restatement and finds that certain documents weigh in favor of discovery and are to be released to the PSC. (1) The discoverable documents are important to the litigation because they provide "critical or compelling" evidence which is relevant to support of the PSC's claim that Xarelto was rushed to the market. *See Seoul Semiconductor Co. v. Nichia Corp.*, 590 F. Supp. 2d 832, 835 (E.D. Tex. 2008). (2) The PSC's request was highly specific; the PSC sought only specific personnel files of two employees. (3) As addressed in its earlier Order and Reasons, although the information requested did not originate in the United States and therefore weighs against production, this factor only carries limited weight and is not fatal to production. (4) The PSC has no other viable alternative means of uncovering evidence of rush to the market liability. While the PSC may uncover evidence of bias and employee evaluation through deposition, the Court is concerned by

---

*Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992) (citing *Société Nationale*, 357 U.S at 543–44 n.28) (applying the Third Restatement as well as two additional factors); *S.E.C. v. Stanford Int'l Bank, Ltd.*, 776 F. Supp. 2d 323, 330 (N.D. Tex. 2011).

the evasiveness exhibited by Bayer in certain depositions and is troubled by the possibility of further evasive responses by deponents. (5) Most importantly, the Court has balanced domestic discovery laws with foreign privacy interests. While Germany may have an unusually strong interest in protecting the personal data of its citizens, the quantity and character of the personal data at issue partially mitigates these concerns. The Court imposed meaningful protective measures to ensure the confidential status of produced data, and many irrelevant categories of personal data were redacted. Eventually, evidentiary hurdles such as Rules 401 and 403 of the Federal Rules of Evidence will prevent the admissibility of irrelevant or unduly prejudicial information at trial. Conversely, the United States has a substantial interest in "vindicating the rights of American plaintiffs." *Pershing*, 2013 WL 941617, at *8 (citing *Richmark*, 949 F.2d at 1477). As this is a nationwide MDL, the rights of thousands of American citizens hinge on the timely production of materials that fall within the scope of the Federal Rules of Civil Procedure. The rights of the states and state court Xarelto plaintiffs are implicated as well. It is no secret that federal MDL proceedings may influence the resolution of cases outside of the federal courts. The PSC also seeks these documents because they may contain evidence of aggressive compensation schemes or rush-to-the-market liability, which is vital to their case-in-chief. Certain personnel files were previously excluded in the courts earlier Order and Reasons. The Court has reviewed the produced files and redacted other information that weighed in Germany's favor. The production of other sensitive documents may be critical to a just outcome in this matter.

      For the aforementioned reasons, the balance of the factors leans towards the production of personnel file materials containing evidence relevant to the argument that Xarelto was rushed to the market. Such evidence may be found in these personnel files and warrant production to the PSC.

**CONCLUSION**

For the aforementioned reasons, **IT IS ORDERED** that certain personnel files produced by Bayer are to be delivered to the PSC. The court has returned the discoverable documents to Bayer's counsel to properly mark the documents and thereafter deliver them to the PSC.

New Orleans, Louisiana, this 16th day of September, 2016.

_____
UNITED STATES DISTRICT JUDGE

4