UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| THIS DOCUMENT RELATES TO: | SECTION:   L |
| | JUDGE:  ELDON E. FALLON |
| I.  *James Crowder v. Janssen R&D, LLC, et al.*, No. 2:16-cv-01136; <br> II.  *Mabie Mabon v. Janssen R&D, LLC, et al.*, No. 2:15-cv-06263; <br> III.  *Oscar Moore v. Janssen R&D, LLC, et al.*, No. 2:16-cv-01213; and <br> IV.  *Ozella Williams v. Janssen R&D, LLC, et al.*, No. 2:16-cv-01139 | MAGISTRATE JUDGE MICHAEL NORTH |

## RESPONSE TO ORDERS TO SHOW CAUSE

COME NOW, Plaintiffs in the above-listed causes, by and through their undersigned counsel, who respond to the Orders to Show Cause (doc. no. 4071) as follows.

**I.**     ***James Crowder v. Janssen R&D, LLC, et al.*, No. 2:16-cv-01136**

1. This filing responds to the Rule to Show Cause for Failure to Prove Xarelto Use (doc. no. 4071).

2. On December 11, 2015, the undersigned filed a complaint on behalf of Plaintiff in good faith reliance on Plaintiff's representations he suffered gastrointestinal bleeding and rectal bleeding requiring hospitalization, and medical records reflecting plaintiff's Xarelto use.

3. Since that time, counsel learned that Plaintiff had passed away before his Plaintiff Fact Sheet could be completed.  Counsel have been unable to locate a

1

        candidate to agree to serve as representative of plaintiff's estate, despite diligent effort.

4. Without a personal representative for the estate, Plaintiff's counsel are unaware of any further steps that can be taken to prosecute Plaintiff's case.

5. Accordingly, counsel requests an additional sixty days to locate a qualified representative who agrees to represent the estate.

II. *Mabie Mabon v. Janssen R&D, LLC, et al.*, **No. 2:15-cv-06263**

1. This filing responds to the Rule to Show Cause for Failure to Prove Xarelto Use (doc. no. 4070-2).

2. On November 13, 2015, the undersigned filed a complaint in good faith reliance on Plaintiff's representations she took Xarelto, and medical records reflecting her diagnosis of gastrointestinal bleeding requiring hospitalization.

3. Since that time, counsel learned that Plaintiff had passed away on February 26, 2016 before her Plaintiff Fact Sheet could be completed.

4. Counsel has been unable to locate a candidate who has agreed to serve as representative of plaintiff's estate, despite diligent effort.

5. Counsel request an additional sixty days to locate a representative who will agree to proceed with the claim.

**III.**     *Oscar Moore v. Janssen R&D, LLC, et al.*, **No. 2:16-cv-01213**

1. This filing responds to the Rule to Show Cause for Failure to Serve a Plaintiff Fact Sheet (doc. no. 4070-2).

2. On December 11, 2015, the undersigned filed a complaint in good faith reliance on Plaintiff's representations and medical records reflecting plaintiff's Xarelto use and diagnosis of gastrointestinal bleeding and hematuria requiring hospitalization.

3. After the complaint was filed, counsel have diligently attempted to contact Mr. Moore via phone and mail but he has been unresponsive. Counsel have been unable to locate him at his last known address provided by him or through independent research.

4. Counsel request an additional sixty days to continue to attempt to contact Mr. Moore and notify him of counsels' intent to discontinue representation if he does not respond.

**IV.**     *Ozella Williams v. Janssen R&D, LLC, et al.*, **No. 2:16-cv-01139**

1. This filing responds to the Rule to Show Cause for Failure to Prove Xarelto Use (doc. no. 4071).

2. On December 11, 2015, the undersigned filed a complaint in good faith reliance on Plaintiff's representations and medical records reflecting plaintiff's Xarelto use and diagnosis of gastrointestinal bleeding and acute post hemorrhagic anemia.

3. Since that time, counsel learned that Plaintiff had passed away on January 21, 2016 before her Plaintiff Fact Sheet could be completed. Counsel have been unable to locate a candidate to serve as representative of plaintiff's estate, despite diligent effort.

4. Without a personal representative for the estate, Plaintiff's counsel are unaware of any further steps that can be taken to prosecute Plaintiff's case.

5. Counsel request an additional sixty days to identify a representative who will agree to represent the estate.

Respectfully submitted,

Dated:  September 19, 2016            **GRANT & EISENHOFER P.A.**

By:   /s/ Thomas V. Ayala
Jay W. Eisenhofer
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue, 29th Floor
New York, NY  10017
Telephone: 646-722-8500
Facsimile:  646-722-8501
jeisenhofer@gelaw.com

M. Elizabeth Graham
Thomas V. Ayala
Samantha Mertz
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax:  (302) 622-7100
egraham@gelaw.com

4

tayala@gelaw.com  
smertz@gelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Response to Order to Show Cause has contemporaneously with or before filing before been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Thomas V. Ayala  
Thomas V. Ayala, Esquire