## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| **THIS DOCUMENT RELATES TO:** | SECTION: L |
| I. *Joseph Erler v. Janssen R&D, LLC, et al.*, No. 2:16-cv-01137; <br> II. *Susan Gelerter on behalf of the estate of Gerald Gelerter v. Janssen R&D, LLC, et al.*, No. 2:15-cv-07173; and <br> III. *Jacqueline Mcmillian v. Janssen R&D, LLC, et al.*, No. 2:15-cv-01138 | JUDGE: ELDON E. FALLON <br><br> MAGISTRATE JUDGE MICHAEL NORTH |

### RESPONSE TO ORDERS TO SHOW CAUSE

COME NOW, Plaintiffs in the above-listed causes, by and through their undersigned

counsel, who respond to the Orders to Show Cause (doc. nos. 2424 and 2425) as follows.

**I.** ***Joseph Erler v. Janssen R&D, LLC, et al.*, No. 2:16-cv-01137**

1.  Plaintiff Joseph Erler opposes the Rule to Show Cause for Failure to Prove

    Xarelto Use (doc. no. 4070-2).

2.  Mr. Erler's Complaint was filed on December 11, 2015, alleging that he ingested

    Xarelto between January 1, 2014 and February 8, 2014. While on Xarelto, Mr.

    Erler experienced gastrointestinal bleeding, stroke, and intracranial bleeding,

    leading to his death on February 8, 2014.

3.  Plaintiff has submitted a fact sheet in this MDL, accompanied by

    contemporaneous medical records of United Hospital. Upon information and

1

belief, Mr. Erler received his prescriptions from the Parksburg VA Hospital. He was admitted to Stonewall Jackson Memorial Hospital with shortness of breath and weakness, and then transferred to United Hospital where he passed away. Plaintiff's counsel has requested records for the Parksburg VA Hospital and Stonewall Jackson Memorial Hospital; however, they are still forthcoming.

4.    Plaintiff's counsel has diligently been seeking to obtain additional records reflecting Plaintiff's Xarelto prescriptions.

5.    Accordingly, Plaintiff requests that the Rule be dissolved or in the alternative, Plaintiffs request an additional sixty (60) days to obtain proof of use.

## II.   *Susan Gelerter on behalf of the estate of Gerald Gelerter v. Janssen R&D, LLC, et al.*, No. 2:15-cv-07173

1.    Plaintiff Gerald Gelerter responds to the Rule to Show Cause for Failure to Prove Xarelto Use (doc. no. 4070-2).

2.    Plaintiff's Complaint was filed on December 31, 2015. Plaintiff's counsel has uploaded a fact sheet and contemporaneous medical records from Hoag Hospital were uploaded September 15, 2016.

3.    Plaintiff died on April 9, 2014 after a series of hospitalizations for injuries in connection with his Xarelto use. Plaintiff was first admitted to Hoag Hospital on March 6, 2014 and diagnosed with upper gastrointestinal bleed. The admission record notes that Plaintiff was on Xarelto for treatment of DVT and Xarelto was

2

discontinued in the hospital.  The records further note that the medical history taken from Plaintiff's wife indicates she stated he was taking Xarelto at that time.

4.  The above-cited contemporaneous medical records establish proof of Xarelto use. Additional records reflecting a filling of a prescription of Xarelto are not yet available.  Plaintiff received Xarelto directly from the manufacturer through a mail order service.  Plaintiff's counsel are diligently attempting to obtain record of Plaintiff's prescriptions but have not yet obtained additional evidence of Xarelto use.

5.  Accordingly, Plaintiff requests that the Rule be dissolved or in the alternative, Plaintiffs request an additional sixty (60) days to obtain additional proof of use.

III.   *Jacqueline Mcmillian v. Janssen R&D, LLC, et al.*, No. 2:15-cv-01138

1.  Plaintiff Jacqueline Mcmillian responds to the Rule to Show Cause for Failure to Serve a Plaintiff Fact Sheet (doc. no. 4070-2).

2.  Plaintiff's Complaint was filed on December 11, 2015, alleging that Plaintiff suffered a severe bleeding event while taking Xarelto.

3.  Plaintiff's counsel has uploaded a fact sheet and contemporaneous medical records from Princeton Baptist Hospital, University of Alabama Birmingham Hospital, and Dr. David Sibley.  Dr. David Sibley's record of 2/08/2013 noted, "Will treat with Xarelto…BID 21 days and on 22nd day will switch to 20mg PO daily." On 2/19/2014 Dr. James Lott noted "Xarelto 20mg." On 8/2/2013, Dr. Sibley's record noted Xarelto in the medical history.

3

4.  The above-quoted contemporaneous medical records establish proof of Xarelto use.  Additional records reflecting a filling of a prescription of Xarelto are not available.  Plaintiff received Xarelto samples from Dr. Sibley and also filled her prescriptions from Defendants' CarePath program which mailed her prescriptions to her for no cost. Plaintiff's counsel is currently seeking records from CarePath but has not yet obtained additional evidence of Xarelto use.

5.  Accordingly, Plaintiff requests that the Rule be dissolved or in the alternative, Plaintiffs request an additional sixty (60) days to obtain additional proof of use.

Respectfully submitted,

Dated:  September 19, 2016          **GRANT & EISENHOFER P.A.**

By: /s/ Thomas V. Ayala
      Jay W. Eisenhofer
      **GRANT & EISENHOFER P.A.**
      485 Lexington Avenue, 29th Floor
      New York, NY  10017
      Telephone: 646-722-8500
      Facsimile:  646-722-8501
      jeisenhofer@gelaw.com

      M. Elizabeth Graham
      Thomas V. Ayala
      Samantha Mertz
      **GRANT & EISENHOFER P.A.**
      123 Justison Street
      Wilmington, DE 19801
      Tel: (302) 622-7000
      Fax:  (302) 622-7100
      egraham@gelaw.com
      tayala@gelaw.com
      smertz@gelaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Response to Order to Show Cause has contemporaneously with or before filing before been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana  and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.


/s/ Thomas V. Ayala
Thomas V. Ayala, Esquire