UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592<br><br>SECTION:   L<br><br>JUDGE:  ELDON E. FALLON<br>MAG. JUDGE MICHAEL NORTH |

**THIS DOCUMENT RELATES TO:**

TAMISHA VERNER
Civil Case No.: 2:16-cv-01468

### PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE

COMES NOW Plaintiff Tamisha Verner identified in Defendants' Motion for Order to Show Cause Regarding Plaintiffs Who Have Failed to Serve a Plaintiff Fact Sheet (Doc. 4139) and by and through undersigned counsel submits this response to the Court's Order to Show Cause and shows as follows:

1. Plaintiff Tamisha Verner contacted undersigned counsel regarding a potential claim involving use of Xarelto and alleged subsequent injury.

2. The Complaint in this matter was filed on February 16, 2016.

3. After many attempts, undersigned counsel has been unable to obtain and serve a completed Plaintiff Fact Sheet from Ms. Verner

4. From the outset, undersigned counsel has advised Ms. Verner regarding the need to serve a completed Plaintiff Fact Sheet in accordance with CMO 1 and PTO 13.

5. Despite this, undersigned counsel has been unable to serve such completed Plaintiff Fact Sheet to date for the reasons stated herein.

6. Undersigned counsel has been diligent in reaching out to Ms. Verner to underscore that her claim is subject to dismissal if a completed Plaintiff Fact Sheet is not served in accordance with CMO 1 and PTO 13.

7. However, undersigned counsel's diligent, sustained effort to receive responsive communication from Ms. Verner on this outstanding obligation has been unsuccessful to date.

8. In light of this fact, undersigned counsel is without any knowledge of what circumstances exist—such as a serious health issue—that may understandingly preclude Ms. Verner from responding to undersigned counsel or completing the Plaintiff Fact Sheet, itself.

9. Given this reasonable possibility, undersigned counsel believes that good faith has been shown that this case should not be dismissed without prejudice. To do otherwise at this time and with such little information would be unfair should it come to light that a reasonable circumstance did prevent Ms. Verner from being responsive.

10. In the interest of cooperation, undersigned counsel has reached out to counsel for Janssen and offered to enter into a stipulation to dismiss Ms. Verner's case <u>without prejudice</u> and awaits response.

11. Accordingly, for the reasons stated herein, undersigned counsel respectfully requests this Honorable Court dismiss this claim <u>without prejudice</u> given the inability to obtain sufficient information from Tamisha Verner and serve the Plaintiff Fact Sheet in compliance with CMO 1 and PTO 13.

Dated: _____.

                                        Respectfully submitted,

                                        By:  /s/ Neil D. Overholtz_____
                                        Florida Bar No.:  0188761
                                        Aylstock, Witkin, Kreis & Overholtz, PLLC
                                        17 East Main Street, Suite 200
                                        Pensacola, FL 32502-5998
                                        Telephone:  (850) 202-1010
                                        Fax:  (850) 916-7449
                                        Noverholtz@awkolaw.com

                                        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the _____ day of _____ 2016, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to all parties of record. This document was also served on the above referenced plaintiff by U.S. Postal Service at their last known address.

                                        /s/ Neil D. Overholtz