**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN)  PRODUCTS LIABILITY LITIGATION | * | **MDL NO. 2592** |
| | * | **SECTION L** |
| | * | |
| | * | **JUDGE ELDON E. FALLON** |
| | * | |
| | * | **MAG. JUDGE NORTH** |
| ********************************************* | * | |

**THIS DOCUMENT RELATES TO ALL CASES**

## ORDER

The Court received materials composed of Kimberly Nessel's personnel files.  The personnel files concern Ms. Nesssel's work performance as an employee of Defendant Janssen during a time period pertinent to the litigation.  The Court had an opportunity to review the files in great detail, weighing privacy interests against the Plaintiffs' right to discover relevant material.

During her time with Janssen, Ms. Nessel has served as an Associate Director, Global Tribe Manager; Associate Director, Project Clinical Scientist; Director of Strategic Business Improvements (unrelated to Xarelto); and Director, Clinical Scientist. She worked on the ROCKET AF trial for Xarelto and was responsible for managing the trial and external partners.

However, regardless of the discovery interests at play, the personnel files relevant to the litigation also raise employee privacy interests.  Personnel files raise "special concerns" and therefore should be scrutinized and balanced between the interests of privacy and the importance and relevance of the information.  *Poseidon Oil Pipeline Co., L.L.C. v. Transocean Sedco Forex, Inc.*, Civ. A. 00-760, 2002 WL 1919797, at *4 (E.D. La. Aug. 20, 2002).  The material addresses

personal goals and performance evaluations.  Therefore, the personnel files must be placed under seal and used only for purposes of this litigation.

After a review of the material and balancing the interest of privacy with the Plaintiffs' need for discovery, the Court concludes that all of the requested material is discoverable.  Ms. Nessel is a lead clinical scientist for the Rivaroxaban pediatric program and also took on managerial responsibilities. Additionally, the commentary about Ms. Nessel is largely laudatory. Furthermore, Ms. Nessel has reviewed the reports and signed off on them so there is no surprise as to their content. The discoverable material shall be presented forthwith.

**IT IS ORDERED** that the personnel file of Ms. Nessel shall be excised of all information which the parties jointly agreed shall be redacted pursuant to PTO 20.  The personnel files shall then be produced to the PSC as soon as possible.

New Orleans, Louisiana this 20th day of September, 2016.

UNITED STATES DISTRICT JUDGE