## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | **MDL NO.: 2592** |
| THIS DOCUMENT RELATES TO: | **SECTION L** |
| CIVIL ACTION NO.: 2:15-CV-02983 | **JUDGE ELDON E. FALLON** |
| BARBARA A. LOCKLEAR, | **MAGISTRATE JUDGE NORTH** |
| Plaintiff, | |
| v. | |
| JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, and BAYER AG, | |
| Defendants. | |

## MOTION FOR SUBSTITUTION OF PLAINTIFF

**NOW COMES** Keith Locklear and Alan Locklear, as Co-Executors of the Estate of Barbara Allen Lowry Locklear, deceased, by and through their counsel of record, and request that they be substituted for Barbara A. Locklear as Plaintiffs. This motion is brought pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. A *Suggestion of Death* has been submitted. In support of this motion, Keith Locklear and Alan Locklear state as follows:

1

1.     On July 27, 2015, Plaintiff Barbara A. Locklear instituted this cause of action by serving on Defendant Janssen Pharmaceuticals, Inc. ("Defendant Janssen"), Defendant Janssen Ortho, LLC ("Defendant Janssen Ortho"), Defendant Janssen Research & Development LLC f/k/a Johnson and Johnson Research & Development LLC (Defendant "Janssen R&D"), Defendant Bayer Healthcare Pharmaceuticals, Inc. (Defendant "Bayer"), and Defendant Bayer Pharma AG (Defendant "Bayer AG") a Summons and Complaint seeking damages resulting from injuries caused by the use of Xarelto. *See* Compl., ECF No. 1.

2.     In her Complaint, the Decedent, Barbara A. Locklear, alleged citizenship and residency in North Carolina. *See* Compl. ¶ 14, ECF No. 1.

3.     On July 15, 2016, Barbara A. Locklear was pronounced dead in Scotland County, North Carolina. *See* Ex. A, Death Certificate of Barbara Allen Locklear.

4.     The Decedent, Barbara A. Locklear, resided in North Carolina at the time of her death. *See id.*

5.     In North Carolina, § 28A-18-1 controls survival actions. It states that "[u]pon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person, except as provided in subsection (b) hereof, shall survive to and against the personal representative or collector of the person's estate." N.C. Gen. Stat. § 28A-18-1(a) (2011). However, subsection (b) states that "[t]he following rights of action in favor of a decedent do not survive: (1) [c]auses of action for libel and for slander, except slander of title; (2) [c]auses of action for false imprisonment; (3) [c]auses of action where the relief sought could not be enjoyed, or granting it would be nugatory after death." N.C. Gen. Stat. § 28A-18-1(b) (2011). In other words, upon a person's death in North Carolina, all causes of action existing in favor of such person, except causes of action for libel, slander, false

imprisonment, and those which could not be enjoyed after death, survives to the personal representative of the person's estate.

6.      North Carolina courts have specifically stated that "a civil action based upon personal injury survives the death of the plaintiff." *McGowen v. Rental Tool Co.*, 109 N.C. App. 688, 691, 428 S.E.2d 275, 276 (N.C. App. 1993) (citing *Fuquay v. R.R.*, 199 N.C. 499, 155 S.E. 167 (N.C. 1930)).

7.      Additionally, in North Carolina "it is well settled that all actions that survive a decedent must be brought by or against the personal representative." *Estate of Tallman v. City of Gastonia*, 200 N.C. App. 13, 22, 682 S.E.2d 428, 434 (N.C. App. 2009) (quoting 31 Am. Jur. 2d *Executors and Administrators* § 1118 (2008)).

8.      In North Carolina, the term "personal representative" includes both executors and administrators. N.C. Gen. Stat. § 28A-1-1(5) (2011).

9.      Therefore, pursuant to North Carolina law, the causes of action brought by Barbara A. Locklear in her complaint survive her death[1] and can be continued by her "personal representative," which is defined to include her executor or administrator.

10.      The Name of the Proposed Substitute Plaintiffs in the matter are Keith Locklear and Alan Locklear, the duly appointed Co-Executors of the Estate of Barbara Allen Lowry Locklear. *See* Ex. B, Letters of Testamentary issued by the Clerk of the Superior Ct. of Robeson County, North Carolina, *In The Matter of the Estate of Barbara Allen Lowry Locklear*.

11.      After Barbara A. Locklear's death on July 15, 2016, Plaintiff's counsel caused to be initiated proceedings to open an estate and obtain the appointment of an executor for the Plaintiff.

---

[1] Barbara A. Locklear did not allege or plead a cause of action for libel, slander, false imprisonment, or one which could not be enjoyed after death and therefore will not be addressed in this Motion.

12.     On August 11, 2016, the Clerk of the Superior Ct. of Robeson County, North Carolina qualified and appointed Keith Locklear and Alan Locklear as Co-Executors of the Estate of Barbara Allen Lowry Locklear. *See* Ex. B.

13.     Therefore, Keith Locklear and Alan Locklear are the proper parties for substitution because in North Carolina Barbara A. Locklear's civil action for personal injury against Defendants survives to and may be continued by her personal representatives, namely, Keith Locklear and Alan Locklear, as Co-Executors of Barbara Allen Lowry Locklear's estate.

**WHEREFORE**, Keith Locklear and Alan Locklear, as Co-Executors of the Estate of Barbara Allen Lowry Locklear, respectfully requests that they be substituted as Plaintiff in this cause of action and that the style of the action be changed to accurately reflect their status as Co-Executors of the Estate of Barbara Allen Lowry Locklear, namely: *Keith Locklear and Alan Locklear, as Co-Executors of the Estate of Barbara Allen Lowry Locklear, Deceased, Plaintiffs.*

**RESPECTFULLY SUBMITTED** this the 21st day of September, 2016.

WILSON LAW, P.A.

/s/ Kimberly Wilson White
Kimberly Wilson White
N.C. State Bar No. 30044
kim@wilsonlawpa.com
Marc C. Downing
N.C. State Bar No. 49169
marc@wilsonlawpa.com
1111 Haynes Street, Suite 103 (27604)
Post Office Box 10389
Raleigh, NC 27605
Tel:    (919) 890-0180
Fax:    (919) 882-1758
*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion has contemporaneously

with or before filing been served on all parties or their attorneys in a manner authorized by Fed.

R. Civ. P. 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality,

which will send notice of electronic filing in accordance with the procedures established in MDL

2592 pursuant to Pre-Trial Order No. 17.

DATED:        September 21, 2016


/s/ Kimberly Wilson White
Kimberly Wilson White
N.C. State Bar No. 30044
kim@wilsonlawpa.com
Marc C. Downing
N.C. State Bar No. 49169
marc@wilsonlawpa.com
1111 Haynes Street, Suite 103 (27604)
Post Office Box 10389
Raleigh, NC 27605
Tel:    (919) 890-0180
Fax:    (919) 882-1758
*Attorneys for Plaintiff*