**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

| THIS DOCUMENT RELATES TO: | MDL NO. 2592 |
|---|---|
| *Bruce Blackburn, Individually and as Representative of the Estate of Kathleen Blackburn* | SECTION: L |
| | JUDGE: ELDON E. FALLON |
| *v.* | MAG. JUDGE: MICHAEL NORTH |
| *Janssen Research & Development LLC f/k/a Johnson & Johnson Pharmaceutical Research and Development, LLC, et al* | |
| **No. 2:16-cv-12459** | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**

**I.     BACKGROUND**

On July 7, 2016, Plaintiff filed his Complaint against Defendants and was assigned Case

No. 2:16-cv-12459. Since the filing of the Complaint, and within the parameters set forth by this

Court, Plaintiff timely filed and served the Plaintiff Fact Sheet ("PFS") on the Defendants through

Brown Greer's MDL Centrality, pursuant to applicable PTO 13 and PTO 27.  During this initial

time period, which Defendant Bayer Pharma AG was being made fully aware of the facts and

circumstances surrounding the claim being asserted by the Plaintiff, the undersigned counsel has

also begun her attempts to serve process on Bayer Pharma AG, however is concerned that she will

fail to issue streamlined service of process of the initial complaint on Defendant Bayer Pharma AG

within the required 90 day period pursuant to PTO 10B.

Indeed, Plaintiff did not receive the signed summons from this Honorable Court until September 13, 2016. **(Attached hereto as Exhibit A).** Immediately thereafter, on September 14, 2016, within 90 days from filing of the Complaint, Plaintiff herein began her attempts at streamlined service of process on Bayer Pharma AG (via registered international mail) **(Registered Mail receipt attached hereto as Exhibit B)** via the streamlined process provided by PTO 10 and 10B.[1]

Although the time in which to serve process on Bayer Pharma AG has yet to expire, in an abundance of caution and in good faith efforts to fully comply with the federal rules of service of process, Plaintiff seeks an order from this Court extending the time in which Plaintiff can serve Bayer Pharma AG.

## II.    LAW AND ANALYSIS

Fed.R.Civ.P 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after a complaint is filed (or in this case, within 90 days from the entry of PTO 10B (which occurred on 8/18/16), Rule 4 instructs the Court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time.   If the Plaintiff shows good cause, the Court must extend the time for service for an appropriate period. Fed.R.Civ.P 4(m).

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed.  *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id*.  Importantly, even if good cause

---

[1] Plaintiff's Complaint was postmarked on September 14, 2016.

is lacking, the court has discretionary power to extend time for service. *Id*.  In addition, such relief may be warranted, "for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) Advisory Committee's Note (1993).

Here, Plaintiff has every intention of pursuing his claims and has demonstrated such to the Defendants, including Bayer Pharma AG.  As averred above, due to the backlog of summons with this Honorable Court, Plaintiff was not able to mail the Complaint and signed Summons until September 14, 2016. Due to this delay, service of the Complaint on Bayer Pharma AG will likely not be **perfected** within 90 days of the entry of PTO 10B (to invoke the streamlined service of process of PTO 10B) or within 120 days (to invoke the outer parameters).

The Plaintiff was not acting in bad faith here; rather, he has acted entirely in good faith in serving their original complaint, which was postmarked on September 14, 2016 immediately after receiving the signed summons from the Court.  Plaintiff's Complaint and Summons in en route to be served on Bayer Pharma AG in Germany.

Further, Defendant Bayer Pharma AG is fully aware of the Plaintiff's claims having been served with hundreds, if not thousands, of identical complaints and individual PFS's.  Because this MDL involves thousands of similarly situated Plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by the instant Plaintiff, no actual prejudice has or will occur to Defendant Bayer Pharma AG by the Court granting the relief sought herein.  In addition, because discovery is ongoing in this particular case and Defendants have received this Plaintiff's Fact Sheet, HIPAA authorizations enabling them to order medical records, Plaintiff's pharmacy records and medical records, significant work has already taken place on behalf of the Plaintiffs and the interests of judicial efficiency support an

extension of time to serve Bayer Pharma AG.

Plaintiff lastly points out that this permissive extension is appropriate under the circumstances to avoid any subsequent issues regarding the statute of limitations. Fed.R.Civ.P. 4(m) Advisory Committee's Note (1993).

### III.   CONCLUSION

In light of the foregoing, the Plaintiff respectfully requests an Order from this Court granting him sixty (60) days from the date the Order is entered within which to provide streamlined service of process on the Defendant Bayer Pharma AG.  Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.  Lastly, significant work has already taken place on behalf of the Plaintiff, such that a dismissal of the complaint at this stage would be counterproductive to the interests of judicial efficiency.

Dated: September 27, 2016

Respectfully Submitted,

_Patrick O'Hara_

_____
**JACOBS O'HARA MCMULLEN, P.C.**
J.D. MCMULLEN – TSB#: 24051694
RYAN NICOLE JACOBS-TSB#: 24058147
PATRICK O'HARA-TSB#: 24060353
14340 Torrey Chase Blvd., Suite 360
Houston, Texas 77014
Tel.: (281) 919-2073
Fax: (713) 583-0306
pjo@jomlawfirm.com
rnj@jomlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I have, this day, electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all Counsel of Record on this 27th day of September 2016.

Respectfully Submitted,

_Patrick O'Hara_

_____
**JACOBS O'HARA MCMULLEN, P.C.**