

CLERK'S OFFICE
A TRUE COPY
Oct 06 2016
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION                                                          MDL No. 2592

**TRANSFER ORDER**

    **Before the Panel:** Plaintiffs in the action listed on Schedule A (*McConnell*) move under Panel Rule 7.1 to vacate our order conditionally transferring their action to MDL No. 2592. Defendants oppose the motion to vacate.[1]

    In support of their motion to vacate, plaintiffs principally argue that the action was improperly removed, and a motion for remand to state court is pending. More specifically, plaintiffs contend that a number of judges in the Eastern District of Missouri have ordered remand of similar Xarelto cases removed to that district on the same theory invoked by defendants here. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present arguments regarding those issues to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Additionally, the Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus we often have ordered transfer of actions over the objection that remand is required under applicable precedent.[3] Transfer in these circumstances

---

    [1] Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, and Bayer Corporation (collectively, Bayer); and Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson (collectively, Janssen).

    [2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

    [3] *See In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, Transfer Order, Doc. No. 929, at 1 (J.P.M.L. Aug. 5, 2016) (transferring one action over plaintiffs' objection that judges in the transferor district had "ordered remand of similar cases removed to that district"). *See also In re: Plavix Mktg., Sales Practices and Prods. Liab. Litig. (No. II),* MDL No. 2418, Transfer Order, Doc. No. 428, at 1 (J.P.M.L. Apr. 3, 2015) (transferring two actions over plaintiffs' objection that a judge in the transferor district had ordered remand of factually similar cases that rested on the same removal theory); *In re: Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 1871, Transfer Order, Doc. No. 1159, at 1 (J.P.M.L. Oct. 2, 2013) (rejecting plaintiffs' argument that

(continued...)

-2-

comports with the well-established principle that "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).

After considering the argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 2592, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Plaintiffs do not dispute that their action shares questions of fact with MDL No. 2592. Like many of the already-centralized actions, *McConnell* involves factual questions arising from allegations that Xarelto causes severe bleeding and other injuries and that defendants did not adequately warn prescribing physicians or consumers of the risks associated with Xarelto. *See In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402 (J.P.M.L. 2014).

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

---

[3](...continued)
"remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").

**IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION**                                                        MDL No. 2592

## SCHEDULE A

<u>Western District of Missouri</u>

**16-15300 L(5)**   MCCONELL, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL.,
               C.A. No. 4:16-00794