UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  XARELTO (RIVAROXABAN)           *           MDL 2592
PRODUCTS LIABILITY LITIGATION           *
                                        *           SECTION L
                                        *
                                        *
                                        *           MAGISTRATE JUDGE NORTH
* * * * * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO:

| | |
|---|---|
| *Burkett v. Janssen Research & Development LLC, et al.* | (2:16-cv-06493-EFF-MBN) |
| *Davis v. Janssen Research & Development LLC, et al.* | (2:16-cv-07166-EEF-MBN) |
| *Dufrene v. Janssen Research & Development LLC, et al.* | (2:16-cv-07178-EEF-MBN) |
| *Fleishour v. Janssen Research & Development LLC, et al.* | (2:16-cv-07192-EEF-MBN) |
| *Johnson v. Janssen Research & Development LLC, et al.* | (2:16-cv-07201-EEF-MBN) |
| *Powers v. Janssen Research & Development LLC, et al.* | (2:16-cv-07207-EEF-MBN) |
| *Smith v. Janssen Research & Development LLC, et al.* | (2:16-cv-07218-EEF-MBN) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**

The Plaintiffs in the above-referenced actions hereby submit this Memorandum in Support of their Motion for an Order from this Honorable Court granting them thirty (30) days within which to serve process on Defendant Bayer Pharma AG through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

**BACKGROUND**

On May 18, 2016, Plaintiffs filed a Joint Complaint against Defendants and were assigned Case No. 2:16-cv-06493-EEF-MBN, *Lloyd C.  Burkett, et al. v. Janssen Research and Development LLC, et al.*  On May 27, 2016, pursuant to PTO No. 11, the Joint Complaint was severed into separate individual cases.

On May 27, 2016, Plaintiff Elzie Davis filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No. 2:16-cv-07166. On May 27, 2016, Plaintiff Ruby Dufrene filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No. 2:16-cv-07178. On May 27, 2016, Plaintiff Carol Fleishour filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No. 2:16-cv-07192. On May 27, 2016, Plaintiff Tom N. Thompson filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No. 2:16-cv-07201. On May 27, 2016, Plaintiff James D. Powers filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No. 2:16-cv-07207. On May 27, 2016, Plaintiff James Smith filed a separate, short form Complaint in accordance with PTO No. 11 and was assigned Case No. 2:16-cv-07218. All named plaintiffs have submitted Plaintiff Fact Sheets to MDL Centrality.

In each of these actions, on June 3, 2016, service of process was timely initiated through the streamline process set forth in PTO No. 10 on Bayer Pharma AG. Moreover, this Bayer Defendant had been made fully aware of the facts and circumstances of the Complaint by virtue of its receipt of the Complaint. The USPS tracking database confirms that Defendant received the registered mailing on July 7, 2016.[1]

On July 19, 2016, Plaintiff Burkett received a similar Notice of Unserved Complaint from MDL Centrality. On July 27, 2016, Plaintiff Fleishour received a similar Notice of Unserved Complaint from MDL Centrality. On August 8, 2016, Plaintiff Johnson received a similar Notice of Unserved Complaint from MDL Centrality.

---

[1] As of the date of this filing, the return registered mail signature card has not been received.

Upon investigation, Plaintiff's counsel discovered that a contemporaneous email was inadvertently not sent to xareltocomplaints@babc.com at the time service was initiated on Bayer Pharma AG via registered mail. This was due to a clerical oversight.

## **LAW AND ANALYSIS**

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its Complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court - on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule furthers states that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id.* Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). When considering whether to extend the time for service, Courts take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D. Tex. 2003). "[A] plaintiff ... may be required to show that the party to be served personally received actual notice of the lawsuit: the defendant would not suffer any prejudice by the court extending the ... deadline: and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 666.[2]

In *Zermeno,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the

---

[2] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id.* at 667. The court noted that "if defendants acts so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id.* Here, Defendants' counsel clearly acknowledged receipt of the Complaints and fact sheets..

Similarly, in *Millan v. USAA General Insurance Co.,* 546 F3d 321, 325 (5th Cir. 2008), the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id.* However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id.* at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id.*

Here, Defendant Bayer Pharma AG had notice of the claims against it despite the fact that Plaintiffs inadvertently failed to serve their Complaints in full accordance with PTO 10 in that an email was not sent contemporaneous to Bayer Pharma AG with the registered mailing. Plaintiffs moved along with their cases, most notably through preparing and filing their Plaintiff Fact Sheets and producing supporting documentation and medical records requests.

Defendant Bayer Pharma AG is aware of the general facts, circumstances and theories of recovery underlying Plaintiffs' Complaints having been served with countless substantially similar complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant

Plaintiffs, no actual prejudice has or will occur to Defendant Bayer Pharma AG by the Court granting the discretionary relief sought herein.

Additionally, Plaintiffs point out that the dismissal of these cases could subject them to a statute of limitations defense in the future.  Although Plaintiffs believe they would be able to overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiffs.

In light of the foregoing, Plaintiffs respectfully request that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request an Order from this Court granting them thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendants Bayer Pharma AG.  Plaintiffs have shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

Respectfully Submitted,

Dated: October 13, 2016        By*:*    /s/ *Thomas v. Ayala*

M. Elizabeth Graham
Thomas V. Ayala
Samantha Mertz
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax:  (302) 622-7100
egraham@gelaw.com
tayala@gelaw.com
smertz@gelaw.com