At a Surrogate's Court of the State of New York held in and for the County of Montgomery at Fonda, New York.

PRESENT: Hon. Guy P. Tomlinson, Surrogate

---

In the Matter of the Application for
Preliminary Letters Testamentary in the Estate of

**Edmund Kazlauskas**
aka Edmund J. Kazlauskas

Deceased.

---

**ORDER GRANTING
PRELIMINARY LETTERS
WITH LIMITATIONS**

File No. 2016-127/A

A verified petition having been filed by Louella Kazlauskas praying for a decree admitting to probate a written instrument dated April 8, 1984 propounded as the Last Will and Testament of the above-named decedent, and

An application having been filed by Louella Kazlauskas praying for an order granting Preliminary Letters Testamentary and it appearing to the satisfaction of this court that the petitioner is the executor named in the paper writing purporting to be the Last Will and Testament, duly filed in the court, and it appearing that it is in the best interest of the estate that Preliminary Letters Testamentary issue, now it is

ORDERED, that pursuant to SCPA 1412 Preliminary Letters Testamentary be issued to Louella Kazlauskas; and it is further

ORDERED, that the authority of such preliminary executor be restricted in accordance with, and that letters herein issued contain, the limitations as follows:

Limitations/Restrictions: The fiduciary's authority is limited to the following powers, except as further set forth in the decree: 1) Marshall, collect, maintain and preserve any and all assets and/or papers of, in and to which decedent had an interest or owned; 2) Not dispose of any property, real or personal, by sale, transfer, encumbrance or otherwise unless sold or disposed of by direction of the court; 3) Not lease nor enter into a lease of any realty or apartment for a period exceeding one year; 4) Defend, continue to defend and/or commence a suit at law on behalf of decedent. Any settlement or compromise must be with the consent and upon Order of the Surrogate's Court of Montgomery County; 5) Collect rents, pay utility bills, real estate taxes, water and sewer rents; 6) Determine if any income tax returns should be filed on behalf of the decedent or decedent's estate and, if such be the case, to arrange for the preparation and filing such returns and payment of any taxes that may be due thereon plus payment of any interest and penalties that may be due from the decedent's estate; 7) Establish an interest bearing savings account and/or a checking account on behalf of estate; 8) Pay any reasonable costs and expenses that may be due and payable in connection with administration of the estate;

DATED: October 12, 2016

_____
Guy P. Tomlinson
Surrogate

On the Date Written Below PRELIMINARY LETTERS TESTAMENTARY expiring on 04-12-2017 were granted by the Surrogate's Court of Montgomery County, New York as follows:

File #: 2016-127/A

Name of Decedent: **Edmund Kazlauskas**
AKA **Edmund J. Kazlauskas**

Date of Death: 06-17-2016

Domicile: **Village of St. Johnsville**

Type of Letters Issued: **PRELIMINARY LETTERS TESTAMENTARY**

Fiduciary Appointed: **Louella Kazlauskas**
24 Center Street
St Johnsville NY 13452

Limitations: The fiduciary's authority is limited to the following powers, except as further set forth in the decree: 1) Marshall, collect, maintain and preserve any and all assets and/or papers of, in and to which decedent had an interest or owned; 2) Not dispose of any property, real or personal, by sale, transfer, encumbrance or otherwise unless sold or disposed of by direction of the court; 3) Not lease nor enter into a lease of any realty or apartment for a period exceeding one year; 4) Defend, continue to defend and/or commence a suit at law on behalf of decedent. Any settlement or compromise must be with the consent and upon Order of the Surrogate's Court of Montgomery County; 5) Collect rents, pay utility bills, real estate taxes, water and sewer rents; 6) Determine if any income tax returns should be filed on behalf of the decedent or decedent's estate and, if such be the case, to arrange for the preparation and filing such returns and payment of any taxes that may be due thereon plus payment of any interest and penalties that may be due from the decedent's estate; 7) Establish an interest bearing savings account and/or a checking account on behalf of estate; 8) Pay any reasonable costs and expenses that may be due and payable in connection with administration of the estate;

THESE LETTERS, granted pursuant to a decree entered by the court, authorize and empower the above-named fiduciary or fiduciaries to perform all acts requisite to the proper administration and disposition of the estate/trust of the Decedent in accordance with the decree and the laws of New York State, subject to the limitations and restrictions, if any, as set forth above.

Dated: October 12, 2016

IN TESTIMONY WHEREOF, the seal of the Montgomery County Surrogate's Court has been affixed.

WITNESS, Hon Guy P. Tomlinson, Judge of the Montgomery County Surrogate's Court

_____
Alison C. Thomas, Chief Clerk

*These Letters are Not Valid Without the Raised Seal of the Montgomery County Surrogate's Court*

**Attorney:**
**Michelle H. Wildgrube**
**Cioffi Slezak Wildgrube P.C.**
2310 Nott Street East, Suite One
Niskayuna NY 12309