UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * * | MDL NO. 2592 <br> SECTION L <br> JUDGE ELDON E. FALLON <br> MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO ALL CASES

**PRETRIAL ORDER NO. 23A**
**(Expert Deposition Guidelines)**

This Order shall govern the conduct of expert depositions for experts disclosed under 26(a)(2)(B) for the first four bellwether trials.

The Parties previously submitted protocols for non-case-specific depositions, ordered by the Court in its Deposition Guidelines Order (Pretrial Order No. 23 (Rec. Doc. 2283) and for the bellwether deposition protocol, ordered by the Court in its Pretrial Order No. 26 (Rec. Doc 3093). Except where otherwise noted below, this Order hereby incorporates the protocols set forth regarding General Provisions and Conduct of Depositions in Sections I and II of Pretrial Order No. 23 (Deposition Guidelines).

I.  **CONDUCT OF DEPOSITIONS**

   A.  **Examination**

   For each expert witness in MDL No. 2592, there shall be no more than two primary examining attorneys for the Plaintiffs and no more than two primary examining attorneys for the Defendants, collectively. An expert witness or consultant of the party examining the witness may attend.

**B.     Materials to be Produced**

The parties shall produce the following materials:

(1) A list of documents and materials containing the facts or data relied upon by the witness in forming his/her opinions;

(a) The parties are not required to produce the actual documents or materials relied upon by the expert witnesses in forming his/her opinions. Rather, the parties shall provide a list of materials relied upon by each expert, and said list shall include the bates numbers for documents and materials, if available. The opposing party can request copies of documents and materials not already produced in this litigation or not reasonably available in the public domain;

(2) a list of any exhibits (including bates numbers if available) that will be used by the witness to summarize or support his/her opinions (excluding demonstratives that may be used at trial);

(3) the witness's current curriculum vitae, including a list of all publications authored by the witness in the previous 10 years;

(4) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(5) a statement of the compensation to be paid for the witness's study and testimony in the case, including the witness's invoices/bills for the work performed to date.

The materials above should be provided at the time the report is served (with the exception of the statement of the compensation to be paid for the witness's study and testimony in the case and the witness's invoices/bills for the work performed to date, which shall be

produced at the witness's deposition.).  To the extent such materials have not been provided or there are additional materials that fall within the documents listed above, they should be provided no later than ten days before the witness's deposition. Graphics or demonstratives that an expert may use at trial need not be disclosed at or prior to deposition, but shall be disclosed at least 36 hours prior to examination of the particular witness at trial.

    **C.**    **Duration**

It is expected that the parties will complete their examination of the expert in seven hours (excluding breaks in the deposition), and the parties will cooperate to complete the deposition in one sitting with a minimum of inconvenience to the witness and counsel.  This limitation assumes the proper cooperation and responsiveness of the witness and counsel.  Where examining counsel feel additional time is necessary, they will work cooperatively to agree on a reasonable extension of time and if are unable to agree will take the issue to the Court promptly, preferably before the deposition.

Experts providing reports for any of the initial Bellwether cases who offer generic testimony and case-specific testimony about one Bellwether plaintiff will be subject to the seven hour time limit set forth above plus three (3) hours (excluding breaks in the deposition) on a separate day.  However, it is expected that, if the same expert witness later offers case-specific testimony about additional plaintiffs, the witness will not be deposed for seven hours per plaintiff, but can be deposed in a much shorter time, presumptively three hours.  Where the expert's later reports concern more than one plaintiff, the parties will cooperate to schedule a deposition that will cover the opinions as to all the plaintiffs in the report where that is reasonable (taking into account the number of plaintiffs and when they are scheduled for trial).  Where an expert provides additional or new generic opinions in a new report or along with a report about additional plaintiffs, the witness may be deposed for additional time on the new or

additional generic opinions, up to an additional three hours beyond the time allowed for the expert's case-specific opinions.

        **D.**        **Scheduling**

At the time of the disclosure of expert reports, the disclosing party shall provide a proposed location and no less than three dates on which the witness is available for deposition. Counsel for the opposing party will notify opposing counsel expeditiously as to which of the offered deposition dates will be accepted. In the case of disclosures by plaintiffs, counsel for both defendants must confirm the acceptable deposition date. The parties will make every effort to accommodate one of the dates provided for the deposition; however, it is understood that conflicts can occur and that, at times, it may be necessary to request additional dates.

Each deposition notice shall include the name, address and telephone number of an attorney point of contact designated by the party noticing the deposition as well as the date, time and place of the deposition. The deposition notice shall generally be served seven (7) days prior to a scheduled deposition; said notice shall not be filed on the Court docket.

The parties will meet and confer on the location of depositions, taking into consideration the preference of the expert witness. Prior to issuing a deposition notice, absent extraordinary circumstances, counsel should consult in advance in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions.

After counsel, through consultation, have arrived on a mutually acceptable date and location for a deposition, the Noticing Party shall serve an amended Notice (if necessary) reflecting the agreed upon date and location; said notice shall not be filed on the Court docket.

### E. Translators

In the event an expert witness requires a translator, the time limits discussed in Section C will not apply. Rather, each witness requiring a translator is expected to be made available for double the amount of time indicated above in Section C.

Counsel will notify the opposing party of any expert witness whose examination will require the involvement of a translator at the time that deposition dates are offered.

The party offering an expert witness who requires a translator will incur all of the fees and costs of the translators.

## II. USE OF DEPOSITIONS

Depositions of expert witnesses are for the purpose of discovery of the expert's opinions. Absent an agreement between the parties, expert witnesses are expected to be available to testify live at trial. Depositions may not be used at trial in lieu of live testimony without agreement between the parties or by Court Order. Depositions may be used for purposes of impeachment of an expert in any Xarelto-related action in which the expert has been designated, including in state court to the extent permitted by that state's law and rules.

## III. FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE

The Federal Rules of Civil Procedure and Federal Rules of Evidence shall apply in all proceedings unless specifically modified herein.

New Orleans, Louisiana this 7th day of November, 2016

*[signature]*

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE