UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| * * * * * * * * * * * * * * * * * * * * | * * | SECTION L |
| THIS DOCUMENT RELATES TO: All Cases | * * * * * * * | JUDGE ELDON E. FALLON MAG. JUDGE NORTH |

**<u>PLAINTIFF STEERING COMMITTEE'S MEMORANDUM IN SUPPORT OF MOTION REGARDING THE SUFFICIENCY OF DEFENDANTS' OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS</u>**

Pursuant to Federal Rule of Civil Procedure 36, the Plaintiffs' Steering Committee ("PSC") respectfully moves to determine the sufficiency of Defendants Janssen Research & Development, LLC, Janssen Ortho, LLC, Janssen Pharmaceuticals, Inc., and Johnson & Johnson ("Janssen") and Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG ("Bayer") (collectively "the Defendants") responses to Plaintiffs' First Request for Admissions to Defendants or have the requests deemed admitted.

**I.   FACTUAL BACKGROUND**

In its Case Management Order No. 2 of September 17, 2015, this Court established the basic architecture and schedule for the bellwether trial process. In CMO No. 2, the initial bellwether trial was to begin on February 6, 2017. To meet that deadline, a regimented schedule of milestones was laid down, including the identity of exhibit lists by January 5, 2017. Although CMO No. 2 has been amended, for more than just the past year the parties have been on notice of the need to prepare for trial. Now, through CMO No. 2A, the trial date for the Boudreaux bellwether trial is set to begin on March 13, 2017. This modest extension, however, has not

extinguished the urgency or the need for the parties to prepare for trial. The PSC is well aware of the trial date and it has already implemented a number of measures to prepare for the initial trial.

One of the means by which the PSC intended to expedite their preparation for trial was to obtain admissions from the Defendants regarding the admissibility of certain documents. Through Pretrial Order No. 23 (regarding Deposition Guidelines), the parties agreed that unless objected to within 30 days, documents used at a deposition would be deemed authentic. *See* PTO No. 23 at ¶44. Plaintiffs served on the defendants Requests for Admission ("RFAs") regarding all of those documents previously used in depositions whose authenticity was already established by virtue of PTO 23. Plaintiffs sought to obtain admissions that these documents would also be admissible under the business records exception to the Hearsay Rule. *See* Fed.R.Evid. 803(6). A copy of the RFAs served on Janssen and Bayer is attached hereto as Exhibit "A." It was believed that the benefits of these admissions, would inure to the Plaintiffs by making their depositions of Defendants' experts more efficient, as well as the time of trial itself.

Rather than respond to the RFAs, Defendants waited 30 days and on November 7, 2016, provided only boilerplate objections. *See* Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC And Johnson & Johnson's Responses to Plaintiffs' First Request for Admissions and the Bayer Defendants Objections and Responses to Plaintiffs' First Request for Admissions to Defendants, attached hereto as Exhibit "B" and "C," respectively.

The Defendants' objections are unfounded. The Defendants can readily identify those documents which can be admitted as business records. Consequently, Plaintiffs now are required to file this Motion to determine the sufficiency of the Defendants' objections.

2

**II.     ARGUMENT**

"Rule 36 is not a discovery device, but is used to avoid the need to prove facts which the requesting party will doubtless be able to prove." *Agueros v. Vargas*, SA-07-CV-0904 XR, 2008 WL 2816091, *1 (W.D. Tex. July 21, 2008). The purpose of Rule 36 requests for admission is to allow the parties "to narrow the issues to be resolved at trial by identifying and eliminating those matters on which the parties agree." *American Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1121 (5th Cir. 1991).

Under Federal Rule of Civil Procedure 36(a)(6), "the requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." This clear and unambiguous language provides that only sufficient objections to Requests for Admission may pass muster. But when they fail to do so (as is the case here), the Court may either have the matters deemed admitted or require that an amended answer be served.

Here, the Defendants are unwilling to comply with the discovery obligations imposed on them by rule. Specifically, Fed.R.Civ.P. 36(a)(3) provides that answers or objections to an RFA must be provided within 30 days or the matter is deemed admitted. While the Defendants timely objected, their patently boilerplate objections are not sufficient. Plainly, the Defendants' objections were intended to stave off providing meaningful answers to the RFAs within the time allotted them by the Rule. During the parties' meet and confer session, the Defendants made clear their desire for additional time to respond to the PSC's RFAs. But time is in short supply. CMO No. 2, which issued almost 14 months ago, set the date of the initial bellwether trial for February 2017. That initial deadline is almost upon us, and the actual deadline of CMO 2A is only one

month further away.  The Defendants have long been on notice of these impending deadlines, and the need to comply with them becomes even more urgent as the final deadline approaches.

While the PSC is not opposed to reasonable extensions being afforded to the Defendants to answer the RFAs, we are adamantly opposed to granting any extensions without any assurances that meaningful admissions or denials will ultimately be provided.  "Trust but verify" comes to mind.  Plaintiffs therefore, in our meet & confer efforts to resolve this dispute, recommended that the Defendants produce their answers to the RFAs in stages, rather than receive bulk answers (or non-answers) only at the end of the extended time to respond.  The Defendants were unwilling to accede to this reasonable position.  Hence, this motion.

As the parties are unable to negotiate a reasonable extension of time in which the Defendants are to answer the PSC's RFAs, we respectfully request that this Court direct the Defendants to promptly respond to the matter, or have the RFAs deemed admitted.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Determine the Sufficiency of Defendants' Objections and order the Defendants to produce substantive answers to no less than half of Plaintiffs' RFAs within 15 days, with the remaining answers to RFAs due 30 days thereafter, or have all of Plaintiffs' RFAs deemed admitted.

DATE:    November 16, 2016

Respectfully submitted,

/s/ Leonard A. Davis

Leonard A. Davis, Esq. (Bar No. 14190)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
GAINSBURGH BENJAMIN DAVID MEUNIER &WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
PH: (504) 522-2304
FAX: (504) 528-9973
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Russell T. Abney
2100 River Edge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Bradley D. Honnold
11181 Overbrook Rd., Ste. 200
Leawood, KS 66211
Phone: (913) 266-2334
Email: bhonnold@gohonlaw.com

Frederick Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Jeffrey Grand
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Email: jgrand@seegerweiss.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

| | |
|---|---|
| Michael Goetz<br>201 N. Franklin St., 7th Floor<br>Tampa, FL 33602<br>Phone: (813) 221-6581<br>Fax: (813) 222-4737<br>Email: MGoetz@ForThePeople.com | Dianne M. Nast<br>1101 Market Street, Suite 2801<br>Philadelphia, Pennsylvania 19107<br>Phone: (215) 923-9300<br>Email: dnast@nastlaw.com |
| Neil D. Overholtz<br>17 E. Main Street, Suite 200<br>Pensacola, Florida 32501<br>Phone: (850) 916-7450<br>Fax: (850) 916-7449<br>Email: noverholtz@awkolaw.com | Ellen Relkin<br>700 Broadway<br>New York, New York 10003<br>Phone: (212) 558-5500<br>Fax: (212) 344-5461<br>Email: Erelkin@weitzlux.com |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 16, 2016, the foregoing pleading and its supporting memorandum of law were filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

                                                  */s/ Leonard A. Davis*
                                                  **LEONARD A. DAVIS**