# EXHIBIT "B"

DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 549-7000
Attorneys for Defendants
Janssen Pharmaceuticals, Inc.,
Janssen Research & Development, LLC,
Janssen Ortho LLC, and Johnson & Johnson

_____

| | | |
|---|---|---|
| **IN RE: XARELTO® PRODUCTS** | : | |
| **LIABILITY LITIGATION** | : | |
| | : | MDL No. 2592 |
| | : | |
| *This Documents Relates to All Bellwether* | : | SECTION L |
| *Cases Identified in the Order of March 7,* | : | |
| *2016 [Rec. Doc. No. 2626]* | : | JUDGE ELDON E. FALLON |
| | : | |
| | : | MAG. JUDGE NORTH |
| | : | |

_____

### DEFENDANTS JANSSEN PHARMACEUTICALS, INC., JANSSEN RESEARCH & DEVELOPMENT, LLC, JANSSEN ORTHO LLC AND JOHNSON & JOHNSON'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

Pursuant to the Federal Rules of Civil Procedure, Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC (collectively, the "Janssen Defendants") and Johnson & Johnson ("J&J") respond to the Plaintiffs' First Request for Admissions as follows:

### INTRODUCTORY STATEMENT

The Janssen Defendants and J&J object to Plaintiffs' Requests for Admission as premature. The parties stipulated to a schedule for resolving objections as to exhibits in Case Management Orders Nos. 2 and 2A ("CMO 2" and "CMO 2A"). Under the stipulated schedule, the parties' exhibit lists are due on February 10, 2017 and their objections to the opposing party's exhibit list are due on February 28, 2017. The parties' agreement to reserve the time for objections until close to the time of trial was an important part of the series of compromises that

led to an agreement on the schedule.   The parties recognized, among other things, that (1) an enormous amount of effort would be necessary to complete fact discovery, expert discovery and dispositive motions within very compressed deadlines and that addressing questions of admissibility of voluminous documents during the time reserved for those other tasks would unnecessarily and unfairly divert the parties resources from completion of those other tasks, and (2) the issues would narrow as the parties completed fact and expert discovery, briefed dispositive motions, and got closer to trial, so that exhibit lists could be refined to those documents genuinely needed for trial rather than each and every deposition exhibit marked at 67 days of depositions, which collectively total over 1,600 documents; consequently, the parties would be required to address admissibility and objections for a much more limited subset of documents.

Requiring the Janssen Defendants and J&J to address admissibility for over 1,600 documents at this time is inconsistent with and in violation of CMO 2A.   In addition, the Janssen Defendants and J&J object on the ground of undue burden and under the proportionality standard of Rule 26.   Footnote 1 of Plaintiffs' Request for Admissions states that Plaintiffs are reserving the right to submit additional requests for admissions regarding authenticity and admissibility of documents, over and above the more than 1,600 served in the present Request for Admissions, and presumably Plaintiffs expect the Janssen Defendants and J&J to go through this exercise again when Plaintiffs' final exhibit list is served in February 2017.  Massive discovery requests on this scale, even as discovery is proceeding to prepare for trial on other fronts, is the very definition of undue burden and is not proportional to the needs of this case.  The burden of responding to Requests for Admission as to over 1600 documents certainly outweighs the

benefit, especially given the procedure already agreed upon by the parties for exchange of exhibit lists.

Plaintiffs will not be prejudiced by addressing admissibility issues according to the timetable specified by CMO 2A.  First, there is inherently no prejudice in adhering to a schedule that is stipulated to; Plaintiffs had a full opportunity to evaluate the pros and cons of deferring admissibility questions until February 2017 and voluntarily agreed to that timetable.  Plaintiffs have not put forward any legitimate reason to relieve them from their stipulation.   Second, all of the approximately 1600 documents which are the subject of Plaintiffs' Requests for Admission are deposition exhibits.  Accordingly, Plaintiffs had a full and fair opportunity to establish the foundation for admissibility as to each of them.  Third, as to authenticity, the Defendants already are required by PTO No. 23 (Deposition Guidelines), paragraph 44, to make objections to the authenticity of  exhibits used in a deposition within thirty days from the conclusion of the deposition for any exhibits that were produced by Defendants.  If no objections are made, the exhibits are deemed authentic.  The Janssen Defendants and J&J have not challenged the authenticity of any deposition exhibits they produced, so this would appear to be a non-issue for the vast majority of documents subject to Plaintiffs' Requests for Admission.

When the Janssen Defendants and J&J receive Plaintiffs' final exhibit list, they will respond in good faith and evaluate those exhibits and make only objections that can be made in good faith.  Defendants recognize that the Court expects the parties to refrain from objections that are not well founded and Defendants will of course act professionally in that regard.

The Janssen Defendants and J&J further object on the grounds that J&J is a holding company.  J&J does not manufacture or sell Xarelto®.  J&J is providing responses to these Requests for Admission as required by Federal Rules of Civil Procedure, but in doing so does

not waive any objection or defense that it is not a proper party to the underlying case.

## GENERAL OBJECTIONS TO PLAINTIFFS' "INSTRUCTIONS" AND "DEFINITIONS"

1.     The Janssen Defendants and J&J object to the "INSTRUCTIONS" and "DEFINITIONS" contained in Plaintiffs' Requests for Admissions as vague and ambiguous, overly broad, unduly burdensome, not relevant to the subject matter of the action or to any party's claim or defense in this matter, and without reasonable limits with respect to time, scope, subject matter, or geography.

2.     The Janssen Defendants and J&J object to the "INSTRUCTIONS" and "DEFINITIONS" contained in Plaintiffs' Requests for Admissions to the extent that they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, or any other applicable laws or rules.

## SPECIFIC OBJECTIONS TO PLAINTIFFS' "INSTRUCTIONS" AND "DEFINITIONS"

1.     The Janssen Defendants and J&J object to Plaintiffs' Definitions of "Defendant(s)", "You" and "Your" as overly broad, unduly burdensome and vague, and further object to the extent the Definitions include third party entities, or documents or materials in the physical custody or control of another person or entity.   The Janssen Defendants and J&J will respond only for themselves and not for any other entities or any other defendants.

2.     The Janssen Defendants and J&J object to Plaintiffs' Definition of "Xarelto", "Anticoagulants" and "Blood-thinners" as overly broad, vague and not relevant to the subject matter of the action or to any party's claim or defense in this matter to the extent it refers to products that are not sold in the United States.  The Janssen Defendants and J&J shall assume

that all discovery requests contained herein seek information regarding Xarelto® sold in the United States and will limit their responses accordingly.

3.      The Janssen Defendants and J&J object to Plaintiffs' Definition of "documents" and "documentation" as overly broad, vague, and referring to items not in the Janssen Defendants and J&J's possession.

4.      The Janssen Defendants and J&J object to Plaintiffs' Definition of "Communication" and "correspondence" and to Plaintiffs' request for text messages, voice messages, instant messages and/or "any other exchange of information" as extremely burdensome and overbroad, vague and without reasonable limits with respect to time, scope, subject matter or geography, and not relevant to the subject matter of the action or to any party's claim or defense in this matter.

5.      The Janssen Defendants and J&J object to Plaintiffs' Definition of "Electronic data", "data" and "Electronic media" to the extent it demands native production of data and any non-identical copies of every kind, or other data such as file fragments, which are beyond the scope of the parties' agreement as to the format for production of documents and electronically stored information.

### GENERAL OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSIONS

1.      The information contained in these responses is provided pursuant to Federal Rules of Civil Procedure.  These responses are made without in any way waiving or intending to waive: (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, information or documents produced in response to these Requests for Admissions; (ii) the right to object on any ground to the use of any documents or information produced in response to these Requests for Admissions at any hearings or at trial; (iii) the right to

object on any ground at any time to a request for further responses to these Requests for Admissions; or (iv) the right to revise, correct, supplement, or clarify any of the responses contained herein.

2.      The Janssen Defendants and J&J object to these Requests for Admissions as unduly burdensome, not relevant to the subject matter of this litigation or to any party's claim or defense in this matter, and reserves all objections to use of these responses at trial.

3.      The Janssen Defendants and J&J object to Plaintiffs' Requests for Admissions to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure and all other applicable laws or rules.

4.      The Janssen Defendants and J&J object to Plaintiffs' Requests for Admissions as vague and ambiguous, overly broad, and without reasonable limits with respect to time, scope, subject matter, or geography.

5.      The Janssen Defendants and J&J object to these Requests for Admissions to the extent they seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, common interest privilege or any other applicable privilege or doctrine under federal or state statutory, constitutional or common law.

6.      The Janssen Defendants and J&J object to Plaintiffs' Requests to the extent they seek information available in the public domain and therefore equally accessible to Plaintiff as it is to the Janssen Defendants and J&J.

7.      The Janssen Defendants and J&J hereby incorporate the foregoing Introductory Statement, General and Specific Objections to Plaintiffs' "INSTRUCTIONS" and "DEFINITIONS", and these General Objections (collectively, "Objections") to Plaintiffs' Requests for Admissions into each and every one of the following Responses.  These Objections

may be restated in individual responses for emphasis, but their restatement does not negate the incorporation of these Objections to each of the following Responses.

## THE JANSSEN DEFENDANTS AND J&J'S RESPONSES TO
## PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**     Admit for each of the individual exhibits identified on the attached Exhibit "A" not produced by Defendants, that each is authentic pursuant to Fed.R.Evid. 901(a).[1]

**RESPONSE:**        The Janssen Defendants and J&J incorporate their Introductory Statement and General and Specific Objections herein.   For the reasons stated above, the Janssen Defendants and J&J object to this Request for Admission as premature under CMO 2 and CMO 2A, over broad and unduly burdensome.  The Janssen Defendants and J&J further object to this Request for Admission under the F.R.C.P. 26(b)(1) proportionality standard.   The Janssen Defendants and J&J will respond to and provide objections, if any, to Plaintiffs' final exhibit list in accordance with the schedule set forth in CMO 2A.

**REQUEST FOR ADMISSION NO. 2:**     Admit that each of the documents listed on the attached Exhibit "A" are business records within the meaning of Fed.R.Evid. 803(6).

**RESPONSE:**        The Janssen Defendants and J&J incorporate their Introductory Statement and General and Specific Objections herein.   For the reasons stated above, the Janssen Defendants and J&J object to this Request for Admission as premature under CMO 2 and CMO 2A, over broad and unduly burdensome.  The Janssen Defendants and J&J further object to this Request for Admission under the F.R.C.P. 26(b)(1) proportionality standard.   The Janssen Defendants and J&J will respond to and provide objections, if any, to Plaintiffs' final exhibit list in accordance with the schedule set forth in CMO 2A.

---

[1] 4.5. Pursuant to Pretrial Order No. 23, Paragraph 44, objections as to authenticity must be made "within thirty (30) days from the conclusion of the deposition for any exhibits that were produced by Defendants."

**REQUEST FOR ADMISSION NO. 3:**     For each document identified in Request for Admission No. 2, where your answer is other than an unqualified yes, admit the following:

a.     The document is a memorandum, report, record or data compilation of acts, events, conditions or opinions made at or near the time of the information reflected in the document;

b.     The document was prepared by a person with knowledge of the information in the document or was transmitted by a person with knowledge of the information in the document;

c.     The document was kept in the course of a regularly conducted business activity; and

d.     It was the regular practice of the business activity referred to in subpart (c) above to make the memorandum, report or record or data compilation.

**RESPONSE:**     The Janssen Defendants and J&J incorporate their Introductory Statement and General and Specific Objections herein.  For the reasons stated above, the Janssen Defendants and J&J object to this Request for Admission as premature under CMO 2 and CMO 2A, over broad and unduly burdensome.  The Janssen Defendants and J&J further object to this Request for Admission under the F.R.C.P. 26(b)(1) proportionality standard.  The Janssen Defendants and J&J will respond to and provide objections, if any, to Plaintiffs' final exhibit list in accordance with the schedule set forth in CMO 2A.

**REQUEST FOR ADMISSION NO. 4:**     For each document identified in Request for Admission No. 2 where your answer is other than an unqualified yes, or the document is highlighted in Orange, admit the following:

a.     The document is a record or statement of a public office as those terms are used in Fed.R.Evid. 803(8),or

b.     The document is a statement contained in a treatise, periodical, or pamphlet as those terms are used in Fed.R.Evid. 803(18), or

c.     The document is a statement by an opposing party as that term is defined by Fed.R.Evid. 801(d)(2).

**RESPONSE:**        The Janssen Defendants and J&J incorporate their Introductory Statement

and General and Specific Objections herein.   For the reasons stated above, the Janssen

Defendants and J&J object to this Request for Admission as premature under CMO 2 and CMO

2A, over broad and unduly burdensome.   The Janssen Defendants and J&J further object to this

Request for Admission under the F.R.C.P. 26(b)(1) proportionality standard.   The Janssen

Defendants and J&J will respond to and provide objections, if any, to Plaintiffs' final exhibit list

in accordance with the schedule set forth in CMO 2A.


DRINKER BIDDLE & REATH LLP
Attorneys for Defendants
Janssen Pharmaceuticals, Inc.,
Janssen Research & Development LLC,
Janssen Ortho LLC and Johnson & Johnson


By:    */s/ Susan M. Sharko*
      Susan M. Sharko
      Chanda A. Miller
      Jennifer La Mont


Dated:  November 7, 2016