# EXHIBIT "C"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2592 |
| This Document Relates to All Cases | * * * * | SECTION L |
| | * * | JUDGE ELDON E. FALLON |
| | * | MAG. JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO:
ALL CASES

## DEFENDANTS OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("FRCP"), Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG (collectively, "Bayer" or the "Bayer Defendants") hereby provide the following Objections and Responses to Plaintiffs' First Request for Admissions.

## PRELIMINARY STATEMENT

The information contained in these responses is provided pursuant to the applicable rules regarding discovery. These responses are made without in any way waiving or intending to waive: (i) the right to object on any ground to the use of the documents or information produced in response to these Requests for Admissions (the "Requests") at any hearings or at trial; or (ii) the right to object on any ground at any time for further responses to the Requests; or (iii) the right at any time to revise, correct, supplement, or clarify any of the responses contained herein.

63831462

The Bayer Defendants object to the Requests as premature. The parties stipulated to a schedule for resolving objections to exhibits in Case Management Orders Nos. 2 and 2A ("CMO 2" and "CMO 2A"). Under the stipulated schedule, the parties' exhibit lists are due on February 10, 2017 and their objections to the opposing party's exhibit list are due on February 28, 2017. The parties' agreement to reserve the time for objections until close to the time of trial was an important part of the series of compromises that led to an agreement on the schedule. The parties recognized, among other things, that (1) an enormous amount of effort would be necessary to complete fact discovery, expert discovery and dispositive motions within very compressed deadlines and that addressing questions of admissibility of voluminous documents during the time reserved for those other tasks would unnecessarily and unfairly divert the parties resources from completion of those other tasks, and (2) the issues would narrow as the parties completed fact and expert discovery, briefed dispositive motions, and got closer to trial, so that exhibit lists could be refined to those documents genuinely needed for trial rather than each and every deposition exhibit marked at 67 days of depositions, which collectively total over 1,600 documents; consequently, the parties would be required to address admissibility and objections for a much more limited subset of documents.

Requiring the Bayer Defendants to address admissibility for over 1,600 documents at this time is inconsistent with and in violation of CMO 2A. In addition, the Bayer Defendants object on the ground of undue burden and under the proportionality standard of FRCP 26. Footnote 1 of Plaintiffs' Request for Admissions states that Plaintiffs are reserving the right to submit additional requests for admissions regarding authenticity and admissibility of documents, over and above the more than 1,600 served in the present Request for Admissions, and presumably Plaintiffs expect the Bayer Defendants to go through this exercise again when

Plaintiffs' final exhibit list is served in February 2017. Massive discovery requests on this scale, even as discovery is proceeding to prepare for trial on other fronts, is the very definition of undue burden and is not proportional to the needs of this case. The burden of responding to Requests for Admission as to over 1600 documents certainly outweighs the benefit, especially given the procedure already agreed upon by the parties for exchange of exhibit lists.

Plaintiffs will not be prejudiced by addressing admissibility issues according to the timetable specified by CMO 2A. First, there is inherently no prejudice in adhering to a schedule that is stipulated to; plaintiffs had a full opportunity to evaluate the pros and cons of deferring admissibility questions until February 2017 and voluntarily agreed to that timetable. Plaintiffs have not put forward any legitimate reason to relieve them from their stipulation. Second, all of the approximately 1600 documents which are the subject of Plaintiffs' Requests for Admission are deposition exhibits. Accordingly, plaintiffs had a full and fair opportunity to establish the foundation for admissibility as to each of them. Third, as to authenticity, the Bayer Defendants already are required by Pre-Trial Order No. 23 (Deposition Guidelines) paragraph 44 to make objections to the authenticity of exhibits used in a deposition within thirty days from the conclusion of the deposition for any exhibits that were produced by the Bayer Defendants. If no objections are made, the exhibits are deemed authentic. The Bayer Defendants have not challenged the authenticity of any deposition exhibits they produced, so this would appear to be a non-issue for the vast majority of documents subject to Plaintiffs' Requests for Admission.

When the Bayer Defendants receive Plaintiffs final exhibit list, they will respond in good faith and evaluate those exhibits and make only objections that can be made in good faith. The Bayer Defendants recognize that the Court expects the parties to refrain from objections that are not well founded and will of course act professionally in that regard.

**GENERAL OBJECTIONS**

1. The Bayer Defendants object to each Request and to each definition and instruction as premature and wholly inconsistent with the agreed upon scheduling order.

2. The Bayer Defendants object to the Requests because they are over broad, unduly burdensome and unreasonable, and because they seek information that is neither relevant to the issues in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

3. The Bayer Defendants object to each Request and to the Instructions and the Definitions to the extent they seek to impose an obligation on the Bayer Defendants that is inconsistent with the Federal Rules of Civil Procedure and/or to the extent that they purport to expand, enlarge or alter their obligations under the Federal Rules of Procedure.

4. The Bayer Defendants object to each Request to the extent that the information sought by Plaintiffs is contained in documents or other materials produced during discovery that are already in Plaintiffs' possession, custody or control, or are equally available to Plaintiffs, on the grounds that such Requests are unreasonably cumulative and duplicative, and that the information or documents are obtainable from a source that is more convenient, less burdensome, and less expensive.

5. The Bayer Defendants object to the Definitions of "Document(s)", "Possession, custody or control", "You", "Your,", "Bayer" and "DEFENDANTS" as over broad, unduly burdensome, and imposing discovery obligations beyond those required under the Federal Rules of Civil Procedure to the extent that they purport to include or impose a duty to investigate, acquire and/or produce documents of or from persons or entities other than the Bayer Defendants and their employees. These objections and responses are made solely on behalf of the Bayer Defendants and no other persons or entities.

6. The Bayer Defendants object to the Definitions of "Computer", "Electronic Data", "Data", "Electronic Media", and "Native Electronic Format" and "Network" as over broad, unduly burdensome, and imposing discovery obligations beyond those required under the

Federal Rules of Civil Procedure, and to the extent they are inconsistent with the agreed terms concerning the format of document production and related matters as agreed by the parties and as set forth in the applicable PTO.

7. The Bayer Defendants object to the Definition of "identify" or "identity" as over broad and unduly burdensome and because it imposes an obligation beyond those required under the Federal Rules of Civil Procedure.

8. The Bayer Defendants hereby incorporate the foregoing Preliminary Statement and General Objections (collectively, "General Objections") into each and every one of the following responses. These General Objections may be restated in individual responses for emphasis, but such restatement does not negate the incorporation of these General Objections to each of the following responses.

### DEFENDANTS SPECIFIC RESPONSES AND OBJECTIONS TO PLAINTIFFS' REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSIONS NO. 1:**

Admit for each of the individual exhibits identified on the attached Exhibit "A" not produced by Defendants, that each is authentic pursuant to Fed. R. Evid. 901(a).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:**

The Bayer Defendants incorporate the foregoing Preliminary Statements and General Objections herein. The Bayer Defendants will endeavor to respond to and provide objections, if any, to Plaintiffs' final exhibit list in accordance with schedule set forth in CMO 2A.

**REQUEST FOR ADMISSIONS NO. 2:**

Admit that each of the documents listed on the attached Exhibit "A" are business records within the meaning of Fed. R. Evid. 803(6).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:**

The Bayer Defendants incorporate the foregoing Preliminary Statements and General Objections herein. The Bayer Defendants will endeavor to respond to and provide objections, if any, to Plaintiffs' final exhibit list in accordance with schedule set forth in CMO 2A.

**REQUEST FOR ADMISSIONS NO. 3:**

For each document identified in Request for Admission No. 2, where your answer is other than an unqualified yes, admit the following:

    a. The document is a memorandum, report, record or data compilation of acts, events, conditions or opinions made at or near the time of the information reflected in the document;

    b. The document was prepared by a person with knowledge of the information in the document or was transmitted by a person with knowledge of the information in the document;

    c. The document was kept in the course of a regularly conducted business activity; and

    d. It was the regular practice of the business activity referred to in subpart (c) above to make the memorandum, report or record or data compilation.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:**

The Bayer Defendants incorporate the foregoing Preliminary Statements and General Objections herein. The Bayer Defendants will endeavor to respond to and provide objections, if any, to Plaintiffs' final exhibit list in accordance with schedule set forth in CMO 2A.

**REQUEST FOR ADMISSIONS NO. 4:**

For each document identified in Request for Admission No. 2 where your answer is other than an unqualified yes, or the document is highlighted in Orange, admit the following:

    a. The document is a record or statement of a public office as those terms are used in Fed. R. Evid. 803(8),or

    b.    The document is a statement contained in a treatise, periodical, or pamphlet as those terms are used in Fed. R. Evid. 803(18), or

    c.    The document is a statement by an opposing party as that term is defined by Fed. R. Evid. 801(d)(2).

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

The Bayer Defendants incorporate the foregoing Preliminary Statements and General Objections herein. The Bayer Defendants will endeavor to respond to and provide objections, if any, to Plaintiffs' final exhibit list in accordance with schedule set forth in CMO 2A.

Date: November 7, 2016

**/s/ Andrew K. Solow**
Andrew K. Solow
Steven Glickstein
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
andrew.solow@kayescholer.com
steven.glickstein@kayescholer.com

Attorneys for Defendants
Bayer HealthCare Pharmaceuticals
Inc. and Bayer Pharma AG