UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
CASE NO: 2:14-MD-02592-EEF-MBN

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

MDL NO. 2592

SECTION: L
JUDGE: ELDON E. FALLON
MAG. JUDGE MICHAEL NORTH

**THIS DOCUMENT RELATES TO:**
**CIVIL ACTION NO:  2:15-CV-05497**

KENNETH CUNNINGHAM
                    Plaintiff,

v.

JANSSEN RESEARCH & DEVELOPMENT LLC
f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL
RESEARCH AND DEVELOPMENT LLC,
JANSSEN ORTHO LLC,
JANSSEN PHARMACEUTICALS, INC.
f/k/a JANSSEN PHARMACEUTICA INC.
f/k/a ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC.,
JOHNSON & JOHNSON,
BAYER HEALTHCARE PHARMACEUTICALS, INC.,
BAYER PHARMA AG,
BAYER CORPORATION,
BAYER HEALTHCARE LLC,
BAYER HEALTHCARE AG, and
BAYER AG
                    Defendants.

**MEMORANDUM IN SUPPORT OF MOVANT'S**
**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**
**FOR PLAINTIFF, KENNETH CUNNINGHAM**

TO THE HONORABLE COURT:

The Hayes Law Firm, P.C., along with Debra B. Hayes, and Joshua R. Leal, request leave

to withdraw as counsel for Plaintiff, Kenneth Cunningham and will show unto the Court the

MEMORANDUM  - 1

following:

## I. ARGUMENT

The Movants are The Hayes Law Firm, P.C., Debra B. Hayes[1], and Joshua R. Leal (hereinafter collectively referred to as the "Firm"), who are the current legal counsel for Plaintiff, Kenneth Cunningham.

In accordance with the Eastern District of Louisiana's Local Rule 83.2.11, the Firm seeks leave to withdraw as the counsel for Plaintiff, Kenneth Cunningham, on the grounds that he has failed to communicate or cooperate with the Firm, and has failed to fulfill a material obligation with the Firm.

The Firm is unable to develop or prosecute Mr. Cunningham's case without his cooperation or communication with the Firm.  The Firm last communicated with Mr. Cunningham on May 9, 2016, and the Firm has not heard from him since then.  The Firm has been diligent in attempting to reach Mr. Cunningham, but he has simply refused to contact the Firm.  The following attempts were made to contact Mr. Cunningham[2]:

| Date | Form of Contact | Delivery Method | Notes |
|------|-----------------|-----------------|-------|
| 5-09-16 | Phone | Na | Last spoke with client. Ex. 1, pg. 2. |
| 5-10-16 | Letter | First Class | Letter to client requesting information relating to case.  Ex. 2 pg. 1-2. |

---

[1] Debra Hayes is designated as the attorney of record.  Unfortunately, Debra Hayes has passed away.  However, Counsel, Joshua R. Leal, has solely handled this case since the inception of the case, and continued to handle the case after the passing of Ms. Hayes.  Counsel, Joshua R. Leal, is the only attorney that dealt with Mr. Cunningham on behalf of the Hayes Law Firm, and Mr. Cunningham ceased communicating and cooperating with the firm before the passing of Ms. Hayes.  Out of an abundance of caution, the movants are identified as the Hayes Law Firm, P.C., and Debra Hayes.  Although Counsel, Joshua R. Leal, is not the attorney of record, this Counsel also seeks to formally withdraw as well out of an abundance of caution.

[2] Counsel has redacted the contents of the letters since they are protected by the attorney/client privilege, but will submit unredacted letters the Court *in camera* if so ordered.  However, without waiving the attorney/client privilege, Counsel has provided a description of the letters' contents with respect to notifying the client regarding contacting the firm, withdrawing from the case, and possible dismissal of case.

MEMORANDUM  - 2

| | | | |
|---|---|---|---|
| 5-09-16-6-16-16 | Phone | Na | Left messages for the client to call the Firm.  Ex. 1, pg. 2. |
| 6-16-16 | Letter | Certified & First Class | Letter to client asking him to contact the Firm.  Ex. 2, pg. 3.  Client did not accept service of the certified mail.  Ex. 2, pg. 4. |
| 7-05-16 | Letter | Certified & First Class | Letter to client asking him to contact the Firm.  Ex. 2, pg. 5. The Firm also warned the client that the failure to communicate may result in the failure to comply with deadlines, and/or dismissal of the case.  Ex. 1, pg. 2.  Client did not accept service of the certified mail.  Ex. 2, pg. 6. |
| 7-13-16 | Letter | Certified & First Class | Letter to client's divorce attorney, and asked the attorney to please have the client contact the firm.  Ex. 2, pg. 7.  The attorney refused acceptance of the certified letter. Ex. 2, pg. 8. |
| 7-13-16 | Phone | Na | The Firm called the client's most recent phone number ending with 7447, and the operator stated it was disconnected.  Ex. 1, pg. 2.  The Firm called an alternate number for the client ending with 7655, and received a busy signal.  *Id.* |
| 7-13-16 | Text Msg | Na | The Firm sent a text a message to all known phone numbers for the client and asked the client to contact the Firm.  Ex. 2, pg. 9.  No response was received.  Ex. 1, pg. 2. |
| 7-13-16 | Letter | Certified & First Class | The Firm sent another letter asking the client to contact the Firm.  Ex. 2, pg. 10-11.  The Firm requested specific information relating to the case, advised the client of a deadline, advised of possible dismissal, and advised the client that the Firm would be forced to withdraw if he did not contact the Firm. Ex. 1, pg. 2.  USPS.com shows that the client has not accepted service of the certified letter as of current date.  Ex. 2, pg. 12. |
| 7-27-16 | Phone | Na | The Firm called the client's most recent phone number ending with 7447, and the operator stated it was disconnected.  Ex. 1, pg. 3.  The Firm called an alternate number for the client ending with 7655 and received a busy signal.  *Id.* |
| 7-27-16 | Text Msg | Na | The Firm sent a text message to all known phone numbers for the client and asked the client to contact the Firm.  Ex. 3, pg. 8.  No response was received.  Ex. 1, pg. 3. |
| 7-27-16 | Letter | Certified, First Class & Email | The Firm sent two letters to the client on this date.  One letter dealt with case specifics, and the second letter asked the client to contact us.  Ex. 1, pg. 3 & Ex. 3, pg. 1-7.  The second letter requested specific information relating to the case, advised the client of a deadline, advised of possible |

MEMORANDUM  - 3

| | | | |
|---|---|---|---|
| | | | dismissal, and advised the client that the Firm would be forced to withdraw if he did not contact the firm. Ex. 1, pg. 3. The client accepted both of the certified letters. Ex. 3, pg. 3 & 6. |
| 8-19-19 | Letter | Certified & First Class | The Firm sent a final letter to the client asking him to contact the Firm. Ex. 3, pg. 9. The firm stated in bold lettering, that was underlined, that the Firm would be withdrawing or the case may get dismissed if he did not contact us. Ex. 1, pg. 3. The client did not accept the certified letters. Ex. 3, pg. 11. |
| 11-17-16 | Phone | Na | Before filing the motion to withdraw, the Firm tried calling the client again. Ex. 1, pg. 3. The phone number ending with 7447 now gives a busy signal. *Id*. The phone number ending in 7655 now says the Verizon customer is not available. *Id*. |
| 11-17-16 | Letter | Certified, First Class & Email | The Firm sent one last letter advising the Client to contact the Firm, that Counsel is filing a motion to withdraw, that he has right to object to the motion, and his failure to communicate may result in the dismissal of his case. Ex. 1, pg. 4-5, & Ex. 5. |

For each letter that was sent on June 16, 2016 and thereafter, each letter was sent by regular mail to ensure the Client received the letters if he did not accept service of the certified letters. Ex. 1, pg. 3 & Ex. 3, pg. 12. Since the Client did in fact accept service of both certified letters sent on July 27, 2016 (Ex. 3, pg. 3 & 6), the Firm has confirmation that all letters were sent to the correct address, but that the client is refusing to communicate or cooperate with the Firm.

Additionally, Mr. Cunningham has the personal cell phone number for Mr. Leal, and Mr. Cunningham has previously contacted Mr. Leal several times on his cell phone. Ex. 1 at 4. Previously, Mr. Cunningham contacted Mr. Leal on his cell phone during the late evening hours to discuss his case. *Id*. Despite receiving the letters from the firm, Mr. Cunningham has not contacted Mr. Leal on the cell phone. *Id.*

Without waiving the attorney/client privilege, the Firm has also advised Mr. Cunningham

MEMORANDUM - 4

that his failure to communicate with the Firm can result in the failure to comply with deadlines, and/or the dismissal of his case.

Since Mr. Cunningham refuses to communicate with the Firm, the Firm is unable to continue the development and prosecution of his case.  The Firm requests permission to withdraw as Counsel and grant Mr. Cunningham the additional time to obtain new Counsel.

Since Mr. Cunningham does not communicate with the Firm, he has not given the Firm the permission to dismiss the case, or withdraw as counsel.  Further, the Firm is unaware of whether Mr. Cunningham wishes to seek new counsel, although such option was provided to Mr. Cunningham during a conversation with him. Ex. 1, pg. 1-2.  However, Mr. Cunningham has never expressed an intent to hire new counsel when he was communicating with the Firm.  *Id*.

The Firm has advised Mr. Cunningham in writing that the Firm is filing the Motion to Withdraw, advised him in writing that he has the right to object to the Motion, and sent him a copy of this motion by first class and certified mail. Ex. 1. at pg. 4-5.  The Firm has also advised Mr. Cunningham regarding any other pending deadlines, including the fact that the motion to withdraw will be heard by the Court following the monthly status conference to be held on December 20, 2016, at 9:00 a.m., and has also provided the Client with the Court's contact information. *Id*.

The last known address and telephone number for Kenneth Cunningham is 9004 N. Main St., Windham, OH 44288.  The last known phone numbers for Mr. Cunningham are 740-504-7447 (bad number) and 740-504-7655 (bad number).  The firm previously communicated with Mr. Cunningham by email to tbk77543@gmail.com, but Counsel believes this is an email address for an acquaintance of Mr. Cunningham, and not his personal email address.

Furthermore, Mr. Cunningham has timely submitted a Plaintiff Fact Sheet and signed

MEMORANDUM  - 5

authorizations on December 8, 2015, which was in compliance with PTO No. 13, and served the Plaintiff Fact Sheet within 60 days of filing the original complaint. Ex. 1, pg. 4.  Mr. Cunningham has also submitted Amended Plaintiff Fact Sheets on January 4, 2016, and May 27, 2016, and has produced his medical records through MDL Centrality.  *Id.*  All Plaintiff Fact Sheets were entered into MDL centrality.  *Id.*

Also, Plaintiff's counsel has responded to all notice of deficiencies sent by Defense Counsel regarding any Plaintiff Fact Sheet submitted by Mr. Cunningham.  *Id.* at 4.  Currently, there are no notices of deficiencies that are pending to which a response has not been provided. Further, there are no pending motions relating to Kenneth Cunningham.  *Id.* This Plaintiff has not been selected as part of the discovery pool, has not been selected as a bellwether Plaintiff, and there is no trial setting.  *Id.*

As a result, there is good cause to grant the motion to withdraw.  The motion is not sought for delay, but so that justice may be done.  Furthermore, the withdrawal of counsel is required under the Professional Rules of Conduct under these set of circumstances since the client has failed to substantially fulfill an obligation to his lawyers, and the representation of Mr. Cunningham has been rendered unreasonably difficult by him since he has failed to communicate or cooperate with the firm.  Although Plaintiff's counsel is located in Texas, the Client lives in Ohio, and the suit is pending in Louisiana, the Rules of Professional Conduct for all states are nearly the same.  For example, the Rules for Texas and Louisiana are verbatim identical and permits withdrawal where:

> (5)   *the client fails substantially to fulfill an obligation to the lawyer* regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

> (6)    *the representation* will result in an unreasonable financial burden on the lawyer

MEMORANDUM  - 6

or *has been rendered unreasonably difficult by the client*; or

(7)     other *good cause* for withdrawal exists.

TX ST RPC Rule 1.15 (b)(5)-(7) and LA ST BAR ART 16 RPC Rule 1.16 (b)(5)-(7)(emphasis added).

Similarly in Ohio, the Rules of Professional Conduct permit withdrawal where:

(5)     *the client fails substantially to fulfill an obligation*, financial *or otherwise, to the lawyer* regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; or

(9)     other *good cause* for withdrawal exists.

OH ST RPC Rule 1.16(b)(5)(emphasis added).

## CONCLUSION

For all of these reasons, the Movants request for leave to withdraw as Counsel of Record.

Dated November 21, 2016.

Respectfully submitted,

The Hayes Law Firm, P.C.

*/s/ Joshua R. Leal*

Joshua R. Leal, TX Bar No: 24048609
700 Rockmead, Suite 210
Kingwood, TX  77339
Telephone: (281) 815-4986
Fax: (832) 575-4759
jleal@dhayeslaw.com
**MOVANTS**

MEMORANDUM  - 7

## CERTIFICATE OF CONFERENCE

I hereby certify that I emailed Defendants' Lead and Liaison Counsel (on November 7, 2016) at least 14 days prior to the filing of this motion to determine whether they were opposed or unopposed to the motion.  Counsel for the Janssen Defendants stated in writing that they were opposed to the motion but did not set forth any basis for their opposition.  No other Counsel for the Defendants responded to my email.

*/s/ Joshua R. Leal*
Joshua R. Leal

## CERTIFICATE OF SERVICE

I certify that on November 21th, 2016, I electronically filed a copy of the above and foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to counsel of record.

*/s/ Joshua R. Leal*
Joshua R. Leal

MEMORANDUM  - 8