UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
CASE NO: 2:14-MD-02592-EEF-MBN

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

MDL NO. 2592

SECTION: L
JUDGE: ELDON E. FALLON
MAG. JUDGE MICHAEL NORTH

**THIS DOCUMENT RELATES TO:**
**CIVIL ACTION NO: 2:15-CV-05497**

KENNETH CUNNINGHAM

      Plaintiff,

v.

JANSSEN RESEARCH & DEVELOPMENT LLC, et al

## **DECLARATION OF JOSHUA R. LEAL**

I am an attorney currently employed by the Hayes Law Firm, P.C, which represents Kenneth Cunningham. I have been licensed in Texas since 2005 and I am licensed to practice in the Southern, Western and Eastern Federal District Court in Texas, along with all state courts in Texas. The following statements are within my personal knowledge and are true and correct:

I was the only attorney at the Firm dealing with Mr. Cunningham, and my last verbal communication with him took place on or about May 9, 2016. He stopped communicating or cooperating with the firm after that date. When Mr. Cunningham was communicating with the Firm, he never stated that he wanted to hire new counsel or that he was seeking new counsel, although I explained to Mr. Cunningham that the option was available to him. After Mr. Cunningham stopped communicating with the Firm, I never had the opportunity to ask Mr. Cunningham whether he consented to our withdrawal from the case or whether he wished to hire

1

new counsel.  The Firm has sent several letters to Mr. Cunningham advising him that the Firm would be forced to withdraw as counsel if he did not contact the firm.  However, Mr. Cunningham has never responded to the letters and has never expressed an objection to our withdrawal after the letters were sent.

Since May 9, 2016, the Firm has made all reasonable efforts to communicate with Mr. Cunningham, and he has refused to respond to any correspondences.  The following attempts were made to contact Mr. Cunningham:

| Date | Form of Contact | Delivery Method | Notes |
| --- | --- | --- | --- |
| 5-09-16 | Phone | Na | Last spoke with client. |
| 5-10-16 | Letter | First Class | Letter to client requesting information relating to case.  Ex. 2 pg. 1-2. |
| 5-09-16- 6-16-16 | Phone | Na | Left messages for the client to call the Firm. |
| 6-16-16 | Letter | Certified & First Class | Letter to client asking him to contact the Firm.  Ex. 2, pg. 3.  Client did not accept service of the certified mail.  Ex. 2, pg. 4. |
| 7-05-16 | Letter | Certified & First Class | Letter to client asking him to contact the Firm.  Ex. 2, pg. 5. The Firm also warned the client that the failure to communicate may result in the failure to comply with deadlines, and/or dismissal of the case.  Client did not accept service of the certified mail.  Ex. 2, pg. 6. |
| 7-13-16 | Letter | Certified & First Class | Letter to client's divorce attorney, and asked the attorney to please have the client contact the firm.  Ex. 2, pg. 7. The attorney refused acceptance of the certified letter. Ex. 2, pg. 8. |
| 7-13-16 | Phone | Na | I called the client's most recent phone number ending with 7447, and the operator stated it was disconnected.  I called an alternate number for the client ending with 7655, and received a busy signal. |
| 7-13-16 | Text Msg | Na | I sent a text message to all known phone numbers for the client and asked the client to contact the Firm.  Ex. 2, pg. 9. No response was received. |
| 7-13-16 | Letter | Certified & First Class | The Firm sent another letter asking the client to contact the Firm.  Ex. 2, pg. 10-11.  The Firm requested specific information relating to the case, advised the client of a deadline, advised of possible dismissal, and advised the client that the Firm would be forced to withdraw if he did not contact the Firm.   USPS.com shows that the client has |

2

| | | | |
|---|---|---|---|
| | | | not accepted service of the certified letter as of current date.  Ex. 2, pg. 12. |
| 7-27-16 | Phone | Na | I called the client's most recent phone number ending with 7447, and the operator stated it was disconnected.  I called an alternate number for the client ending with 7655 and received a busy signal. |
| 7-27-16 | Text Msg | Na | I sent a text message to all known phone numbers for the client and asked the client to contact the Firm.   No response was received.  Ex. 3, pg. 8. |
| 7-27-16 | Letter | Certified, First Class & Email | The Firm sent two letters to the client on this date.  One letter dealt with case specifics, and the second letter asked the client to contact us. Ex. 3, pg. 1-7.  The second letter requested specific information relating to the case, advised the client of a deadline, advised of possible dismissal, and advised the client that the Firm would be forced to withdraw if he did not contact the firm.  The client accepted both of the certified letters.  Ex. 3, pg. 3 & 6. |
| 8-19-19 | Letter | Certified & First Class | The Firm sent a final letter to the client asking him to contact the Firm.  Ex. 3, pg. 9.  The firm stated in bold lettering, that was underlined, that the Firm would be withdrawing or the case may get dismissed if he did not contact us.  The client did not accept the certified letters.  Ex. 3, pg. 11. |
| 11-17-16 | Phone | NA | Before filing the motion to withdraw, I tried calling the client again.  The phone number ending with 7447 now gives a busy signal.  The phone number ending in 7655 now says the Verizon customer is not available. |
| 11-17-16 | Letter | Certified, First Class & Email. | The Firm sent one last letter advising the Client to contact the Firm, that Counsel is filing a motion to withdraw, that he has right to object to the motion, and his failure to communicate may result in dismissal of his case.  Ex. 5. |

For each letter that was sent on June 16, 2016 and thereafter, each letter was sent by regular mail to ensure the Client received the letters if he did not accept service of the certified letters.  To the extent that a stamp was purchased through stamps.com, a true and correct copy of the records showing our proof of purchasing the stamps is attached.  See Ex. 3, pg. 12. Otherwise, the stamps were purchased from the post office.  After purchasing the stamps, the letters were sent in the ordinary course of business by the Hayes Law Firm.

3

In addition, the client does have my personal cell phone number since we have communicated several times on my cell phone. I have called the client on my cell phone, and he has called me on my cell phone several times. In fact, I recall a time where the client called me during the evening when I was at home with my family, and I took his call to answer his questions. Despite receiving the letters from the firm, Mr. Cunningham has not contacted me on the cell phone.

Furthermore, Mr. Cunningham has timely submitted a Plaintiff Fact Sheet and signed authorizations on December 8, 2015, which was in compliance with PTO No. 13, and served the Plaintiff Fact Sheet within 60 days of filing the original complaint. Mr. Cunningham has also submitted Amended Plaintiff Fact Sheets on January 4, 2016, and May 27, 2016, and has produced his medical records through MDL Centrality. All Plaintiff Fact Sheets were entered into MDL centrality.

Also, Plaintiff's counsel has responded to all notice of deficiencies sent by Defense Counsel regarding any Plaintiff Fact Sheet submitted by Mr. Cunningham. Currently, there are no notices of deficiencies that are pending to which a response has not been provided. Further, there are no pending motions relating to Kenneth Cunningham. This Plaintiff has not been selected as part of the discovery pool, has not been selected as a bellwether Plaintiff, and there is no trial setting. Additionally, the filing fees for Mr. Cunningham's case has been paid and written verification is provided in Exhibit 4.

I have also advised Mr. Cunningham in writing that the Firm is filing the Motion to Withdraw, advised him in writing that he has the right to object to the Motion, and sent him a copy of this motion by first class and certified mail. The Firm has also advised Mr. Cunningham regarding any other pending deadlines, including the fact that the motion to withdraw will be

heard by the Court following the monthly status conference to be held on December 20, 2016, at 9:00 a.m., and has also provided the Client with the Court's contact information.

Exhibit 2, 3 and 5 are true and correct copies of the letters sent by the Firm to Mr. Cunningham, along with true and correct copies of documents obtained from stamps.com, and usps.com. Exhibit 4 is a true and correct copy of a document showing that the filing fees were paid in Mr. Cunningham's case.

I declare under penalty and perjury of law that the foregoing above is true and correct and within my personal knowledge.

11-17-16
Date

_____
Joshua R. Leal