UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO | * | |
| ALL CASES | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

### JOINT REPORT NO. 21 OF PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") respectfully submit this Joint Report No. 21.  All Pre-Trial Orders are posted on the court's website located at www.laed.uscourts.gov/Xarelto. The Court's website also includes other postings relevant to the litigation.

1.      **PRE-TRIAL ORDERS**

        The Court has issued the following Pre-Trial Orders:

        **Pre-Trial Order No. 1 [Rec. Doc. 2]** entered December 17, 2014 – Setting initial conference;

        **Pre-Trial Order No. 2 [Rec. Doc. 38]** entered January 16, 2015 – Appointing Plaintiffs' Liaison Counsel;

        **Pre-Trial Order No. 3 [Rec. Doc. 39]** entered January 16, 2015 – Appointing Defendants' Liaison Counsel;

        **Pre-Trial Order No. 4 [Rec. Doc. 61]** entered January 26, 2015 – Requiring Counsel to provide contact information to Liaison Counsel, and amending PTO No. 1 regarding docketing procedure;

        **Pre-Trial Order No. 4A [Rec. Doc. 62]** entered January 26, 2015 – Approving and attaching Counsel Contact Information Form;

**Pre-Trial Order No. 5 [Rec. Doc. 63]** entered January 26, 2015 – Clarifying duties of transferor court under MDL Rule 1.6;

**Pre-Trial Order No. 5A [Rec. Doc. 149]** entered February 3, 2015 – Amending PTO No. 5 to allow transferor court to retain original file;

**Pre-Trial Order No. 6 [Rec. Doc. 150]** entered February 3, 2015 – Appointing Defendants' Co-Lead Counsel;

**Pre-Trial Order No. 7 [Rec. Doc. 169]** entered February 9, 2015 – Appointing Plaintiffs' Steering Committee (PSC); Appointing Plaintiffs' Co-Lead Counsel; Ordering that PLC and Plaintiffs' Co-Lead Counsel shall comprise PSC Executive Committee; Appointing Chair of the State Liaison Committee, to be *ex-officio* member of PSC; and Listing responsibilities of PSC.  On February 3, 2016, the Court issued a Minute Entry [Rec. Doc. 2077] reappointing the PSC members for another one year term from the date of the Minute Entry;

**Pre-Trial Order No. 7A [Rec. Doc. 830]** entered April 29, 2015 – Appointing Michael Weinkowitz, Daniel Gallucci, and Gibson Vance to serve on the State Liaison Committee;

**Pre-Trial Order No. 8 [Rec. Doc. 183]** entered February 13, 2015 – Establishing standards and procedures for counsel seeking reimbursement for common benefit fees and costs;

**Pre-Trial Order No. 9 [Rec. Doc. 356]** entered March 24, 2015 – Providing for the Direct Filing of Complaints in the MDL;

**Pre-Trial Order No. 10 [Rec. Doc. 357]** entered March 24, 2015 – Providing for the Streamlined Service on Certain Bayer Defendants;

**Pre-Trial Order No. 10A [Rec. Doc. 3528]** entered June 23, 2016 – Providing for Additional Time to Make  Service on  Certain Bayer Defendants under PTO No. 10;

**Pre-Trial Order No. 10B [Rec. Doc. 3894]** entered August 17, 2016 –Established a Later Docketing Date  for Cases in Which Additional Time is Provided to Make Service on Certain Bayer Defendants under PTO No. 10A;

**Pre-Trial Order No. 11 [Rec. Doc. 893]** entered May 4, 2015 – Providing for Bundling of Complaints, Answers and Responsive Pleadings, with attached Attorney Instructions for Filing Individual Severed Xarelto Cases [Rec. Doc. 893-1];

**Pre-Trial Order No. 11A [Rec. Doc. 923]** entered May 20, 2015 – Providing exemplar Joint Complaint and exemplar Short Form Complaint;

**Pre-Trial Order No. 11B [Rec. Doc. 1117]** entered July 14, 2015 – Governing a Joined Plaintiff's responsibility for a filing fee and modifies second sentence of paragraph 1(a) of Pre-Trial Order No. 11;

**Pre-Trial Order No. 11C [Rec. Doc. 1118]** entered July 14, 2015 – Clarification for some issues that have arisen since the Court issued Pre-Trial Order No. 11;

**Pre-Trial Order No. 11D [Rec. Doc. 2002]** entered January 27, 2016 – Updated Exemplar Joint Complaint;

**Pre-Trial Order No. 11E [Rec. Doc. 2850]** entered March 21, 2016 – Terminating Joint Complaint filing procedure;

**Pre-Trial Order No. 11F [Rec. Doc. 3065]** entered April 15, 2016 – Clarification of Pre-Trial Order No. 11E;

**Pre-Trial Order No. 12 [Rec. Doc. 894]** entered May 4, 2015 – Stipulated Protective Order;

**Pre-Trial Order No.12A [Rec. Doc. 3726]** entered July 28, 2016 – Amendment of Paragraph 19(1) of PTO 12 regarding Disclosure of Protected Documents to Prescribing and Treating Physicians of Bellwether Plaintiffs;

**Pre-Trial Order No. 12B [Rec. Doc. 4224]** entered September 22, 2016 – Stipulation and Order to Govern Non-Party Portola Pharmaceutical, Inc.'s Production of Documents;

**Pre-Trial Order No. 13 [Rec. Doc. 895]** entered May 4, 2015 – Governing the Form and Schedule for Service of Plaintiff Fact Sheets and Executed Authorizations for Release of Records;

**Pre-Trial Order No. 14 [Rec. Doc. 896]** entered May 4, 2015 – Governing the Form and Schedule for Service of Defendant Fact Sheets;

**Pre-Trial Order No. 13A & 14A [Rec. Doc. 1040]** entered June 23, 2015 – Regarding Plaintiff Fact Sheets and Authorizations and Defendant Fact Sheets;

**Pre-Trial Order No. 14A [Rec. Doc. 1221]** entered August 17, 2015 – Regarding Defendants Fact Sheets with attached Consent Letter from IMS Health Inc. for release of information and data;

**Pre-Trial Order No. 14B [Rec. Doc. 1847]** entered January 6, 2016 – Regarding Defendants Fact Sheets with attached Consent Letter from IMS Health Inc. for release of information and data;

**Pre-Trial Order No. 15 [Rec. Doc. 897]** entered May 4, 2015 – Consent Order Regarding the Preservation of Documents and Electronically Stored Information;

**Pre-Trial Order No. 15A [Rec. Doc. 1301]** entered September 17, 2015 – Consent Order Regarding Preservation of Voicemail, Text Messages and Instant Messages; **[vacated by Pre-Trial Order No. 15B, *infra*]**

**Pre-Trial Order No. 15B [Rec. Doc. 1477]** entered October 21, 2015 – Consent Order Regarding Preservation of Voicemail, Text Messages, and Instant Messages;

**Pre-Trial Order No. 16 [Rec. Doc. 898]** entered May 4, 2015 – Filing Requests for Summons and Summons Returns;

**Pre-Trial Order No. 17 [Rec. Doc. 924]** entered May 20, 2015 – Electronic Service/MDL Centrality for Plaintiffs Only;

**Pre-Trial Order No. 18 [Rec. Doc. 925]** entered May 20, 2015 – Science Day;

**Pre-Trial Order No. 19 [Rec. Doc. 951]** entered June 4, 2015 – Protocol for Treatment of Privileged and Work Product Materials;

**Pre-Trial Order No. 20 [Rec. Doc. 1007]** entered June 15, 2015 – Regarding the Format for Production of Hardcopy Documents and Electronically Stored Information;

**Pre-Trial Order No. 21 [Rec. Doc. 1302]** entered September 17, 2015 – Consent Order Regarding Document Production Protocol;

**Pre-Trial Order No. 22 [Rec. Doc. 1745]** entered December 11, 2015 – Mailing Lists for Dear Doctor Letters;

**Pre-Trial Order No. 23 [Rec. Doc. 2283]** entered February 17, 2016 – Deposition Guidelines;

**Pre-Trial Order No. 23A [Rec. Doc. 4455]** entered November 7, 2016 – Expert Deposition Guidelines.

**Pre-Trial Order No. 24 [Rec. Doc. 2879]** entered March 23, 2016 – Dismissal Guidelines;

**Pre-Trial Order No. 24A [Rec. Doc. 3286]** entered May 18, 2016 – Supplemental Procedures for Voluntary Dismissal Motions;

**Pre-Trial Order No. 25 [Rec. Doc. 3038]** entered April 14, 2016 – Production of Materials Pursuant to Subpoenas to Third Parties;

**Pre-Trial Order No. 26 [Rec. Doc. 3093]** entered April 21, 2016 – Bellwether Deposition Protocol;

**Pre-Trial Order No. 27 [Rec. Doc. 3132]** entered April 22, 2016 – modifying PTO Nos. 13, 13A, 14, and 14A regarding Plaintiff Fact Sheets and Defendant Fact Sheets;

**Pre-Trial Order No. 28 [Rec. Doc. 3156]** entered April 28, 2016 – Regarding Contact with Physicians;

**Pre-Trial Order No. 29 [Rec. Doc. 3287]** entered May 18, 2016 – Procedures for Notices of Voluntary Dismissals; and

**Pre-Trial Order No. 30 [Rec. Doc. 3462]** entered June 14, 2016 – Procedures for Withdrawal of Plaintiff's Counsel.

## 2.    CASE MANAGEMENT ORDER NOS. 2, 3, 4 & 5:

On September 17, 2015, the Court entered Case Management Order No. 2 [Rec. Doc. 1305], on consent of the parties, which addressed the course of the proceedings in this litigation through the first four bellwether trials.  On November 30, 2015, the Court issued Amended Case Management Order No. 3, which addresses the process for selection into the bellwether discovery pool and the bellwether plaintiff cases.  [Rec. Doc. 1680-1].  On December 17, 2015, the Court issued Case Management Order No. 4 [Rec. Doc. 1785], which sets forth the criteria for and selection of the bellwether discovery pool selection process and eligibility criteria.  On August 1, 2016, the Court issued Case Management Order No. 5 [Rec. Doc. 3745], which sets forth the process for selecting bellwether trial cases from the discovery pool.  On September 21, 2016, the Court entered Case Management Order 2A [Rec. Doc. 4223], amending CMO No. 2 to reset bellwether trial dates and deadlines.  On November 16, 2016, the Court entered Case Management Order 2B [Rec. Doc. 4510] regarding new deadlines with respect to the third and fourth bellwether trials.

3.     **BELLWETHER SELECTIONS**

On August 11, 2016, the Court issued an Order [Rec. Doc. 3856] naming the first bellwether trial (E.D. La. Afib + GI bleed) shall be the matter of Boudreaux, Joseph J., Jr., Case No. 2:14-cv-02720 and the second bellwether trial (E.D. La. Afib + Brain bleed) shall be the matter of Orr, Joseph, Jr., Case No. 2:15-cv-03708.

On August 15, 2016, the Court issued an Order [Rec. Doc. 3873] naming the third bellwether trial (Mississippi DVT/PE + GI Bleed) shall be the matter of Mingo, Dora, Case No. 2:15-cv-03469 and the fourth bellwether trial (Texas Afib + GI Bleed) shall be the matter of James Henry, Individually and as Executor of the Estate of William Henry, Case No. 2:15-cv-00224.

4.     **COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form attached to PTO No. 4A, and forward it to the appropriate Liaison Counsel. This information must be kept current by counsel providing the information, and will be relied upon throughout the litigation.

5.     **PLAINTIFF FACT SHEETS**

On May 4, 2015, the Court issued Pre-Trial Order No. 13 [Rec. Doc. 895], which governs the form and schedule for service of Plaintiff Fact Sheets ("PFSs"), as well as executed Authorizations for the release of records to be completed by plaintiffs in all individual cases. Pre-Trial Order No. 13A and 14A [Rec. Doc. 1040] provides the procedure for the online submission and service of Fact Sheets and Authorization forms through the BrownGreer MDL Centrality System.

Prior to filing a Motion for Extension of PFS Deadlines, plaintiff's counsel should contact Defendants' Liaison Counsel to determine whether there is any opposition.

On April 21, 2016, the Court entered Pre-Trial Order No. 27, which modifies PTO Nos. 13, 13A, 14 and 14A.  Plaintiffs' counsel in any filed cases as to which the PFS would be due after March 30, 2016 should consult Pre-Trial Order No. 27.

On September 6, 2016, Defendants filed a Motion for Order to Show Cause Regarding Plaintiffs Who Have Failed to Prove Xarelto Use [Rec. Doc. 4070] and a Motion for Order to Show Cause Regarding Plaintiffs Who Have Failed to Serve Plaintiff Fact Sheet [Rec. Doc. 4071]. The PSC worked with Defendants' counsel in regard to these motions and attempted to contact the various claimants' counsel that are subject to the motions.  On September 20, 2016, the Court heard the Motions for Orders to Show Cause and issued Orders on the Motions on September 30, 2016.  The Court dismissed 24 cases subject to the Motion with prejudice [Rec. Doc. 4269].  In the cases where the plaintiffs addressed and the parties resolved the alleged deficiencies identified by Defendants [Rec. Doc. 4266], the Court entered an order that the cases would proceed.  The Court also granted certain plaintiffs until October 20, 2016 [Rec. Doc. 4268], or November 21, 2016 [Rec. Doc. 4267] respectively, to address alleged deficiencies identified by Defendants.  On October 25, 2016, the Court conducted a hearing on fourteen (14) additional cases which were subject to the Motions for Orders to Show Cause filed on September 6, 2016 [Rec. Doc. 4270]. On November 16, 2016, the Court issued an Order allowing certain plaintiffs until November 29, 2016 to remedy Plaintiff Fact Sheets [Rec. Doc. 4498], Orders dismissing certain plaintiffs with prejudice [Rec. Doc. 4499, 4500 and 4501], an Order giving a plaintiff until December 20, 2016 to identify a decedent's representative [Rec. Doc. 4502], and an Order allowing certain plaintiffs to proceed [Rec. Doc. 4503].

On November 3, 2016, Defendants filed a Motion for Order to Show Cause Regarding Plaintiffs Who Have Failed to Serve Plaintiff Fact Sheet [Rec. Doc. 4432].  On November 18,

2016, the Court issued an Order giving the PSC additional time to contact the parties who are listed in the Motion. The Motion will not be heard at the November 29 status conference, but will be set at that time for a hearing at a later date.   [Rec. Doc. 4577].

6.   **DEFENDANT FACT SHEETS**

On May 4, 2015, the Court issued Pre-Trial Order No. 14 [Rec. Doc. 896], which governs the form and schedule for service of Defendant Fact Sheets to be completed by defendant in all individual cases.  Pre-Trial Orders No. 13A, 14A, and 14B [Rec. Docs. 1040, 1221, & 1847] provide the procedure for the online submission and service of Fact Sheets and Authorization forms through the BrownGreer MDL Centrality System, as well as for the release of information and data from IMS Health, Inc..  Pursuant to paragraph 3 of PTO 14 [Rec. Doc. 896], it is the responsibility of the Plaintiffs' Liaison Counsel to send written notices of DFS deficiencies to counsel for Defendants.  However, any needed follow-up addressing such deficiencies remains the responsibility of individual counsel for plaintiff (a responsibility which the PSC is coordinating with individual plaintiffs' counsel only as to the 40 selected discovery pool plaintiffs).

On April 21, 2016, the Court entered Pre-Trial Order No. 27, which modifies PTO Nos. 13, 13A, 14 and 14A.  Defendants will complete a DFS for completed PFSs served as of March 30, 2016 and Defendants have no obligation to serve a DFS for any PFS served after March 30, 2016, except for the 40 discovery pool cases.

7.   **SERVICE OF PROCESS ON CERTAIN BAYER DEFENDANTS**

On March 24, 2015, the Court issued Pre-Trial Order No. 10 which addressed streamlined service of process for certain Bayer Defendants.  On June 24, 2016, Pre-Trial Order No. 10(A) was entered and on August 18, 2016, Pre-Trial Order No. 10(B) was entered. Upon agreement and in light of delays in the Office of the Clerk of the Court in issuing summonses, the Court issued an

Order regarding service of complaints on September 20, 2016 [Rec. Doc. 4217], which extends the time period provided for the service of the summons and complaint in Rule 4(m) of the Federal Rules of Civil Procedure so as to run from the issuance of the summons by the Clerk of the Court rather than from the filing of the complaint, with respect to complaints filed on or before December 31, 2016.

**8.    BUNDLING OF COMPLAINTS/ANSWERS/RESPONSIVE PLEADINGS**

On March 21, 2016, the Court issued Pre-Trial Order 11E [Rec. Doc. 2850], which announced that the filing of joint complaints will no longer be accepted by the Clerk's office as of May 20, 2016, and on April 15, 2016, the Court issued Pre-Trial Order 11F [Rec. Doc. 3065], which clarifies PTO 11E.

Any Plaintiffs' counsel who seeks to file a notice or motion of voluntary dismissal in any action should consult and comply with PTO Nos. 11 [Rec. Doc. 893], 24 [Rec. Doc. 2879], 24A [Rec.Doc.3286] and 29 [Rec. Doc. 3287], which have been issued by the Court.

**9.    PRESERVATION ORDER**

On May 4, 2015, the Court issued Pre-Trial Order No. 15 [Rec. Doc. 897], a Consent Order Regarding the Preservation of Documents and Electronically Stored Information.  Pre-Trial Order No. 15 modifies paragraph 13 of Pre-Trial Order No. 1 relating to preservation of evidence. Further, the Court issued Pre-Trial Order No. 15B on October 21, 2015 [Rec. Doc. 1477] regarding the obligation of all parties to preserve voicemail, instant messages sent or received on an instant messaging system, or text messages sent or received on a cellular phone, smartphone, tablet or other mobile device.  Pre-Trial Order 15B vacated previously entered Pre-Trial Order 15A. [Rec. Doc. 1301].  The parties will be prepared to discuss this matter at the November 29, 2016 status conference.

10.   **ORDER GOVERNING THE PARTIES' INTERACTIONS WITH MDL PLAINTIFFS' PRESCRIBING AND TREATING PHYSICIANS**

On April 6, 2016, the Defendants filed a Motion to Clarify, or in the Alternative, to Reconsider and Modify the Court's Order Regarding *Exparte* Contact With Physicians [Rec. Doc. 2991] and an Exparte Motion to Set Hearing Date of April 20, 2016 [Rec. Doc. 2992]. The matter was discussed with the Court and the parties on the bi-weekly discovery status conference call of April 7, 2016 and a telephonic hearing was held on the matter on April 26, 2016. [Rec. Doc. 3158]. On April 28, 2016, the Court entered Pre-Trial Order No. 28 [Rec. Doc. 3156] Regarding Contact with Physicians. The parties will be prepared to discuss an extension of this Order at the November 29, 2016 status conference.

11.   **DISCOVERY**

On July 15, 2015, the Court issued an Order [Rec. Doc. 1119] setting telephone status conferences with Lead and Liaison Counsel of the parties on a bi-weekly basis. The purpose of these conferences is to report to the Court on discovery matters after the parties have met and conferred on these matters and have provided notice to the Court and to one another of the issues which remain to be addressed with the Court. The Court issued Pre-Trial Order No. 21 on September 17, 2015 [Rec. Doc. 1302]. The parties continue to participate in the Court's bi-weekly discovery telephone status conferences and the next conference is set for November 3, 2016.

The parties continue to meet and confer regarding issues pertaining to Defendants' privilege logs and challenges made by the PSC in accordance with Pre-Trial Order No. 19.

The parties continue to meet and confer regarding the Defendants' preservation of biological samples for current Xarelto related studies. On June 28, 2016, the PSC advised that it had no objection to Bayer's planned destruction of samples identified in correspondence received from counsel for Bayer dated June 17, 2016. On June 29, 2016, the PSC served a Rule 30(b)(6)

deposition notice on Janssen regarding stored samples from the completed Rocket and Einstein studies. On July 6, 2016, the PSC advised that it had no objection to the destruction of samples for the ongoing studies identified by Janssen in correspondence received from counsel for Janssen dated June 17, 2016. The parties will report further on this issue at the November 29, 2016 status conference.

On April 1, 2016, the PSC filed a Motion to Compel Discovery of Defendants' German Employees and Their Personnel files [Rec. Doc. 2951]. The Bayer Defendants filed a Response Under Seal on April 25, 2016. [Rec. Doc. 3146]. Oral argument on the matter was heard on May 10, 2016 and the Court issued an Order & Reasons on the Motion on May 16, 2016. [Rec. Doc. 3237]. On June 6, 2016, Bayer Pharma AG filed a Notice of Filing Privacy Logs [Rec. Doc. 3384] and a Motion for Leave to File Supplemental Opposition to Plaintiffs' Motion to Compel Production of Personnel Files of German Employees [Rec.Doc. 3386]. On June 16, 2016, the PSC filed a Motion for Leave to File Response in Opposition to Defendant Bayer AG's Motion for Leave to File Supplemental Opposition and Related Motion to Strike [Rec. Doc. 3468], leave was granted [Rec. Doc. 3512]. On June 17, 2016, Bayer filed its response [Rec. Doc. 3472], and on June 23, 2016 the Court issued an Order on the matter [Rec. Doc. 3530]. Plaintiffs filed a response to the Notice of Privacy Logs in accordance with the Court's Order [Rec. Doc. 3560]. The Court issued an Order & Reasons on the matter on July 21, 2016 [Rec. Doc. 3688]. The Court issued a second Order on July 26, 2016, continuing the deadline for *in camera* production of German personnel files to August 8, 2016 [Rec. Doc. 3711]. On August 16, 2016, the Court issued an Order [Rec. Doc. 2874] regarding specified documents for in camera review by the Court. On September 16, 2016, the Court issued an Order & Reasons [Rec. Doc. 4165] regarding production of certain documents.

Beginning April 26, 2016, the PSC began serving contention interrogatories on the Defendants in each of the 40 discovery pool cases.

On June 24, 2016, the PSC issued Plaintiffs' Interrogatories pertaining to Defendants' Affirmative Defense of Federal Preemption.  On August 9, 2016, the Bayer Defendants provided its objections and responses, and on August 12, 2016, the Janssen Defendants provided its responses.  The parties will report further to the Court on this matter at the November 29, 2016, 2016 status conference.

On August 18, 2016, the PSC issued Plaintiffs' Interrogatories Pertaining to Investigations Related to the Use of the Hemosense/Alere InRatio Point of Care Device.  The Janssen Defendants provided responses on September 27, 2016.  The PSC is in the process of reviewing the responses and the parties will report further to the Court on this matter at the November 29, 2016 status conference.

On August 8, 2016, Defendants issued First Set of Interrogatories and Requests for Production of Documents to Plaintiffs.  Plaintiffs provided responses on September 16, 2016.  The parties will report further to the Court on this matter at the November 29, 2016 status conference.

On September 2, 2016, Defendants served a First Set of Requests for Production of Documents Regarding Third Party Funding to Plaintiffs in the Joseph Orr, Jr. bellwether case (Case No. 2:15-cv-03708), in the James Henry (Case No. 2:15-cv-00224) bellwether case, in the Dora Mingo bellwether case (Case No. 2:15-cv-03469), and the Joseph Boudreaux bellwether case (Case No. 2:14-cv-02720).  The Plaintiffs responded with Objections to these Requests.  The Parties will report further to the Court on this matter at the November 29, 2016 status conference.

On September 30, 2016, the Defendants served a Request for Production of Documents and Tangible Things to Plaintiffs in the Joseph Boudreaux bellwether case (Case No. 2:14-cv-02720).

On October 7, 2016, the Defendants served a First Set of Requests for Production of Documents to Plaintiffs Regarding ROCKET AF or the Alere/Hemosense INRatio or INRation 2PT/INR Monitoring System.  There have been meet and confer discussions about Plaintiffs' responses to this discovery; and the parties are prepared to discuss this matter further at the November 29, 2016 status conference.  On September 20, 2016, the PSC propounded discovery regarding the defendants' "Collaborative Development and License Agreement."  Defendants filed responses and objections on October 20, 2016.  There have been meet and confer discussions about this matter, and the parties will be prepared to discuss it further with the Court at the November 29, 2016 status conference.

On September 14, 2016, Defendants propounded discovery regarding the financing of bellwether plaintiff cases.  Following discussions with the Court and meet and confer discussions among counsel, the parties have reached an agreement on responses to this discovery by plaintiffs.  They will be prepared to discuss it further with the Court at the November 29, 2016 conference.

On October 7, 2016, Defendants propounded a request for certain material regarding ROCKET AF or the Alere/HemoSense INRatio or INRatio 2 PT/INR Monitoring System.  There have been discussions with the Court about this matter as well as meet and confer discussions among counsel.  The parties will be prepared to discuss it further at the November 29, 2016 status conference.

On October 7, 2016, the Plaintiffs served its First Request for Admissions to Defendants. On November 7, 2016, the Janssen Defendants and the Bayer Defendants served their Objections and Responses.  On November 16, 2016, the PSC filed a Motion Regarding the Sufficiency of Defendants' Objections to Plaintiffs' First Request for Admissions to Defendants [Rec. Doc. 4509].  This matter is set for hearing following the November 29, 2016 monthly status conference.

The PSC has adopted the Pennsylvania plaintiffs' discovery requests for information about marketing expenditures by the defendants.  Bayer and Janssen have served responses.

The PSC produced expert reports to the Defendants on October 14, 2016.  Defendants produced expert reports on November 15, 2016.

Defendants have issued document requests in connection with the Notices of Deposition of Plaintiffs' experts.  Plaintiffs have objected to these requests, and Plaintiffs' counsel have instructed some expert witnesses not to answer questions relating to the document requests.  There have been discussions with the Court about this matter as well as meet and confer discussions among counsel.  The parties will be prepared to discuss it further at the November 29, 2016 status conference.

## 12.   <u>DISCOVERY ISSUED TO THIRD PARTIES</u>

On April 22, 2015, the Plaintiffs' Steering Committee ("PSC") issued a subpoena duces tecum to the United States Food and Drug Administration ("FDA").  The parties have met and conferred with representatives of the FDA and the FDA has begun producing documents responsive to the subpoena. On September 2, 2015, the parties had a follow up discussion with representatives of the agency during which counsel for plaintiffs explained that plaintiffs do not desire to receive duplicative FDA materials that have already been produced by Janssen and/or

Bayer. On September 4, 2015, the FDA produced indices of its IND and NDA files of the FDA. The PSC intends on receiving additional materials from the FDA.

On June 4, 2015, the Plaintiffs' Steering Committee ("PSC") issued a Subpoena to Testify at Deposition to Duke Clinical Research Institute ("DCRI"). Representatives of the PSC and Defense Counsel met with representatives of DCRI on September 24, 2015. DCRI produced documents on November 10, 2015. The PSC has had additional communication with representatives of DCRI to discuss DCRI's continued production of materials. The Notice of Oral and Videotaped Deposition and Subpoena issued by the PSC to Robert M. Califf, M.D. on June 30, 2016 has been withdrawn. The PSC will be prepared to discuss this matter at the November 29, 2016 status conference.

On March 31, 2016, the PSC issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises to Alere San Diego, Inc. Alere San Diego, Inc. issued its Objections to the Subpoena on April 15, 2016. The parties continue to meet and confer with representatives of Alere San Diego, Inc., who is in the process of producing documents in response to the subpoena.

On May 2, 2016, the PSC issued, as well as filed [Rec. Doc. 3175] a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises to Pharmaceutical Research and Manufacturers of America (PhRMA). On June 28, 2016, the PSC filed a Motion to Compel [Rec. Doc. 3541]. PhRMA filed a response to the Motion to Compel on July 12, 2016 [Rec. Doc. 3634]. Oral argument on the Motion to Compel was heard July 28, 2016 at 2:30 p.m. [Rec. Doc. 3677]. At the hearing, the PSC identified some documents produced by Defendants as examples of areas that should assist PhRMA so it can respond to the subpoena. On July 28, 2016, the Court issued a Minute Entry [Rec. Doc. 3730] ordering that the PSC's Motion to Compel

PhRMA is Granted in part and that the parties shall meet and confer regarding the exemplar documents presented by the PSC at oral argument and subsequent to oral argument in order to narrow the areas at issue and otherwise comply with the Court's instructions at the hearing, and further, that Janssen shall have input to further expedite the matter.  The parties met and conferred and after July 29, 2016, when counsel for Janssen provided to PhRMA's counsel the documents identified by the PSC at the July 28, 2016 hearing, the PSC and PhRMA continued to meet and confer.  The parties will be prepared to update the Court at the November 29, 2016 status conference.

On May 3, 2016, the PSC issued a Subpoena to Testify at Deposition with Document Production Request to Portola Pharmaceuticals, Inc., setting a videotaped deposition for June 20, 2016.  On July 8, the PSC filed a Motion to Compel [Rec. Doc. 3578].  Portola Pharmaceuticals, Inc. filed a Response to the Motion to Compel on July 26, 2016 [Rec. Doc. 3716].  On August 1, 2016, the PSC filed a Motion for Leave to File Reply Memorandum in Response to Non-Party Portola Pharmaceuticals, Inc.'s Opposition to Plaintiffs' Motion to Compel [Rec. Doc. 3746].  On August 4, 2016, the Court entered an Order [Rec. Doc. 3796].  On September 22, 2016, the Court entered PTO 12A, a Stipulation and Order to Govern Non-Party Portola Pharmaceutical, Inc.'s Production of Documents.   The parties will be prepared to update the Court on this matter at the November 29, 2016 status conference.

On May 3, 2016, the PSC issued a Subpoena to Testify at Deposition to with Document Production Request to Diagnostica Stago, Inc., setting a videotaped deposition for June 20, 2016.  On May 26, 2016, counsel for Diagnostica Stago, Inc. provided a letter setting forth its position regarding the subpoena.  Since that time, the PSC continues to meet and confer with counsel for Diagnostica Stago, Inc. to address the production of documents responsive to the subpoena.

On May 10, 2016, Defendants served a Notice of Deposition for Production of Records Only with a Subpoena to Woodward Design and Build regarding the David Lynn Yarnick bellwether case.

On September 12, 2016, Defendants served a Notice of 30(b)(6) Deposition (With Document Production Request) with a Subpoena Duces Tecum to Tulane University regarding the Sharyn M. Orr bellwether case.  Responsive documents were received and shared with Plaintiffs on September 30, 2016.

On September 13, 2016, Plaintiffs served a Notice of Deposition for Production of Records Only with a Subpoena Duces Tecum to the Kenner Police Department regarding the Sharyn M. Orr bellwether case.

The parties will be prepared to discuss all of these matters further with the Court at the November 29, 2016 status conference.

## 13.     STATE/FEDERAL COORDINATION

In accordance with Pre-Trial Orders No. 7 and 7A, as well as Case Management Order No. 1, PLC and DLC have had, and will continue to have, communications regarding the State Liaison Committee, as well as the status of coordination of MDL and state court actions.  The parties will report to the Court on recent developments in state court cases brought in California, Delaware, Missouri, and Pennsylvania.

PLC and DLC will report to the Court on this matter at the November 29, 2016 Status Conference.

## 14.     MATTERS SET FOR HEARING FOLLOWING STATUS CONFERENCE

Certain cases from Defendants' Motion for Order to Show Cause Regarding Plaintiffs Who Have Failed to Serve Plaintiff Fact Sheet which were given until November 21, 2016 or November

29, 2016 to remedy the Plaintiff Fact Sheet deficiency identified by Defendants and to report on such remedy to the Court [Rec. Docs. 4267 and 4498].

Plaintiffs' Motions for Voluntary Dismissal Without Prejudice [Rec. Docs. 4256, 4257, and 4259].

Plaintiffs' Motions to Withdraw as Attorney [Rec. Docs. 2742, 2825, 2839, 2840, 2906, 2938, 3447, 3861, 3891, 3929, 4069, and 4137].

PSC's Motion Regarding the Sufficiency of Defendants' Objections to Plaintiffs' First Request for Admissions to Defendants [Rec. Doc. 4509].

## 15. NEXT STATUS CONFERENCE

The next Status Conference is set for December 20, 2016 at 9:00 a.m.

Dated:  November 28, 2016

Respectfully Submitted,

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
ldavis@hhklawfirm.com
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX: (504) 561-6024

**Co-Plaintiffs' Liaison Counsel**

/s/ Gerald E. Meunier
Gerald E. Meunier (Bar No. 9471)
gmeunier@gainsben.com
**GAINSBURGH BENJAMIN DAVID MEUNIER**
  **& WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973

**Co-Plaintiffs' Liaison Counsel**

/s/ James B. Irwin
James B. Irwin (Bar No. 7172)
jirwin@irwinllc.com
**IRWIN FRITCHIE  URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
PH:  (504) 310-2100
FAX:  (504) 310-2120
**Defendants' Liaison Counsel**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 28, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/Leonard A. Davis*
**Leonard A. Davis**