UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION : : : THIS DOCUMENT RELATES TO: ALL CASES : : : : | MDL No. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES FROM PLAINTIFFS' EXPERTS

Pursuant to Federal Rule of Civil Procedure 37 (a)(B)(3) and Paragraph M of Pre-Trial Order 23 governing deposition conduct, Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG, (collectively, "Defendants"), hereby submit this Memorandum in Support of their Motion seeking an Order compelling Plaintiffs' Experts B. Burt Gertsman, Ph.D. and Henry I. Bussey, Pharm.D., FCCP (collectively, "Plaintiffs' Experts") to respond to deposition questions regarding work done in *In Re Pradaxa (Dabigatran Etexilate) Products Liability Litigation,* MDL 2385 ("Pradaxa MDL"). Despite seeking information within the scope of discovery under Fed. R. Civ. P. 26 (b), the PSC repeatedly instructed Plaintiffs' Experts not to answer any such questions during their depositions in this litigation—not only in violation of Federal Rule of Civil Procedure 30, but in contravention of this Court's Pre-Trial Order No. 23 ("PTO 23") governing the conduct of depositions. (Rec. Doc. 2283). As noted by this Court, [d]irections to a deponent not to answer a question can be even more disrupting than objections." *Landers v. Kevin Gros Offshore, L.L.C.*, No. CIV.A. 08-1293-MVL-S, 2009 WL

1

2046587, at *2 (E.D. La. July 13, 2009), quoting Fed. Rule Civ. P. 30(c) Advisory Committee's Note, 1993 amendments.

Under Fed. R. Civ. P. 30(c)(2), "[a] person may instruct a deponent not to answer **only when** necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."[1] (emphasis added). Here, the PSC's claim that the instruction not to answer is proper based on an Order in the *Pradaxa MDL* is without merit; as demonstrated more fully *infra*, none of the various *Pradaxa* CMOs, Minute Entry, and Special Master Report offered as the basis for the instruction not to answer provide support for the assertion by Plaintiffs' counsel during the deposition of Plaintiffs' expert Dr. Bussey—namely, that court orders require that there be "no discussion about the Pradaxa relationship, reports, consultations are to be part of any public record".[2] While the cited *Pradaxa* Orders address protection of confidential and highly confidential materials, the questions asked at depositions did not call for revelation of such information, and none of the Orders expressly designate expert reports as such protected material. This Court's PTO 23 expressly provides:

> **Counsel shall not direct or request that a witness refuse to answer a question**, unless that counsel has objected on the ground that the question seeks privileged information, information that the Court has ordered may not be discovered, or a deponent seeks to present a motion to the Court for termination or limitation of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent. If during a deposition a party in good faith intends to present an issue to the MDL judge by telephone pursuant to Paragraph O,[3] and if the MDL Judge is not

---

[1] Fed. R. Civ. P. 30(d)(3) provides: "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." FED. R. CIV. P. 30(d)(3).

[2] *Dep. Tr. of Henry I. Bussey, Pharm.D., FCCP on November 10, 2016* (hereinafter "Bussey Transcript") at p. 62:10-13, attached as Exhibit "A."

[3] It appears this should reference "Paragraph M" instead, which addresses "Disputes During or Relating to Depositions: Disputes between parties should be addressed to this Court. Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition,

>immediately available, the party may instruct the witness temporarily to defer answering the question until the MDL Judge is available to issue a ruling.

(Rec. Doc. 2283 at ¶ 36) (emphasis added).  The PSC's instruction not to answer Defendants' deposition questions fails to meet the criteria set forth in PTO 23 because it is not based on an objection that: (1) the question seeks privileged information; or (2) seeks information the Court has ordered may not be discovered.  And there is no basis here for a "motion to this Court for termination or limitation of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress them."[4]  *Compare with Landers v. Kevin Gros Offshore, L.L.C.*, No. 08–1293, 2009 WL 2046587, at *4 (E.D. La. July 13, 2009) (finding that instruction not to answer was permissible where counsel repeatedly interrupted a witness, posed improper questions, and conducted the deposition in a "tone of voice [that could] best be described as yelling.").

Moreover, this Court has already identified deposition questions regarding Plaintiffs' Experts' previous work on the *Pradaxa MDL* as seeking relevant information regarding the Experts' role in another multi-district anticoagulant products liability action:  "it seems to me that it's relevant, at least in discovery, **and the witness can be questioned on it.**"  *Tr. of Telephonic Status Conference Hearing on November 17, 2016*, at 12:8-9 (referring to questions regarding *Pradaxa MDL* expert reports).  Therefore, where the information sought is relevant and the request is proportional to the needs of the case (considering the Plaintiffs' greater access to the information sought and the issues at stake in this complex multi-district litigation), and the

---

shall be presented to the MDL Judge, Eldon E. Fallon by telephone (504-589-7545). If the MDL Judge is not available, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time. Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3), file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court."  Paragraph O addresses "Video Depositions."

[4] Nor have Plaintiffs indicated they intend to seek such a motion.

PSC has no valid grounds to instruct its Experts not to answer, this Court should Order Plaintiffs' Experts B. Burt Gertsman, Ph.D. and Henry I. Bussey, Pharm.D., FCCP to answer questions regarding their previous work in the *Pradaxa MDL*.

## I.     Deposition of Henry I. Bussey, Pharm.D., FCCP

During the deposition of Plaintiffs' Expert Dr. Bussey, Dr. Bussey admitted that he had prepared a report for the plaintiffs in the *Pradaxa* litigation, and Plaintiffs' counsel admitted that he had a copy. *See* Exhibit "A," Bussey Transcript at pp. 11:9-17; 12:10-11. Thereafter, the PSC objected to any questions regarding Dr. Bussey's involvement in the *Pradaxa* litigation, even questions as mundane as to how much Dr. Bussey billed for his work in *Pradaxa*:

> **Q**. Can you estimate for me how much money you billed for your - - to the plaintiffs' lawyers for your work on *Pradaxa*?
>
> **MR. DENTON**: I'm going to object.
>
> **MR. MCWILLIAMS**: **I'm going to instruct him not to answer that question**.[5]

In support of this spurious instruction not to answer, the PSC invoked an unidentified Order from the *Pradaxa MDL*, a copy of which was not provided during the deposition, for which no docket number was referenced, and with which apparently Dr. Bussey himself was unfamiliar:

> **MR. DENTON**: There's a court order in *Pradaxa* that none of this is supposed to be discussed, and I'm going to instruct him -- Dr. Bussey doesn't know about this, but I –
>
> **MR. COVEY**: I don't either.
>
> **MR. DENTON**: I know that. I was lead counsel on *Pradaxa*, and I can tell you there is a court order in effect that you weren't a party to, your clients weren't a party to –
>
> **MR. COVEY**: That's fine.

---

[5] *See* Exhibit "A," *Bussey Transcript,* at p. 61:11-18.

>**MR. DENTON**:-- and that no discussion about the *Pradaxa* relationship, reports, consultations are to be part of any public record. And I let it go a little bit, probably longer than I should, but just because of the unique relationship, I'm going to instruct this witness not to discuss anything more about any work related to any work that he may have done in the *Pradaxa* litigation. And I know that's an issue for you.[6]

Nonetheless, Defendants reserved their right to bring the matter before this Court:

>**MR. COVEY**: And I'm not conceding that that would, in any way, impact whether my questions are appropriate or how Judge Fallon might rule on it.
>
>**MR. DENTON**: I understand.
>
>**MR. COVEY**: I think what we'll do, if we're going to be reasonable, is you would object to a whole line of questions. I won't go through any more questions about that topic. To the extent that defendants wish to seek Judge Fallon's review of this and whether the questions were appropriate, should that happen and should Judge Fallon disagree with your position, then we'll work out some arrangement where we can ask the questions, telephone deposition or something else; fair enough?
>
>**MR. DENTON**:
>I think it's fair that all parties can reserve all rights based on whether you-all decide to take an issue to Judge Fallon, which would include what you suggested.[7]

Defendants' counsel then asked Dr. Bussey a question about his opinion on the Pradaxa label, after Dr. Bussey offered that it would "share some of the main criticisms . . . that I have for the Xarelto[,]"[8] and once again, the PSC instructed Dr. Bussey not to answer:

>**BY MR. COVEY**:  In your -- in your report to Mr. McWilliams, as an expert on the *Pradaxa* litigation, were you not critical of the Pradaxa package insert?
>
>**MR. MCWILLIAMS**: I'm going to object.
>
>**MR. DENTON**: Object to form.

---

[6] *See* Exhibit "A," *Bussey Transcript,* at pp. 61:20 – 62:20.
[7] *See* Exhibit "A," *Bussey Transcript,* at pp. 63:7 – 64:6.
[8] *See* Exhibit "A," *Bussey Transcript,* at p. 133:10-19.

5

>**MS. SAY**: Object.
>
>**MR. MCWILLIAMS**: **Instruct the witness not to answer, please**.[9]

## II.  Deposition of B. Burt Gertsman, Ph.D.

The deposition of Plaintiffs' Expert Dr. Gertsman followed not only Dr. Bussey's deposition, but also the Telephone Status Conference where the Court indicated that experts' previous reports in the *Pradaxa MDL* was a relevant area of deposition questioning. *Tr. of Telephonic Status Conference Hearing on November 17, 2016*, at 12:8-9.  Despite this, the PSC once again instructed its expert not to answer even the most basic and foundational questions about his work on *Pradaxa*, such as whether he reviewed materials similar to what he reviewed in *Xarelto* and whether he prepared a report.  In fact, the PSC instructed Dr. Gertsman "**not to answer any questions about the *Pradaxa* litigation**:"

>**Q**. You were retained in the Pradaxa litigation by Mr. McWilliams and by plaintiffs' counsel; correct?
>
>**A**. Yes.
>
>**Q**. Did you review materials and documents in the Pradaxa litigation similar to the documents and materials you reviewed in the Xarelto litigation?
>
>**MR. McWILLIAMS:** I'm going to object. **I'm going to instruct the witness not to answer any questions about the Pradaxa litigation. He was – I'll leave it at that**.[10]

The PSC reiterated its instruction not to answer any questions regarding work done on *Pradaxa*,[11] including whether or not a report was prepared—despite the Court's previous

---

[9] *See* Exhibit "A," *Bussey Transcript*, at p. 134:1-14.
[10] *Dep. Tr. of B. Burt Gertsman, Ph.D* on November 21, 2016 (hereinafter "Gertsman Transcript") at p. 61:11-18 (emphasis added), attached as Exhibit "B."
[11] *See* Exhibit "B," Gertsman Transcript, at pp.109:7-17; 111:7-15.

indication that this would be a relevant area of inquiry. And once again, Defendants preserved their rights to raise the issue with the Court via the instant motion:

> **Q**: . . . Did you prepare a report in the Pradaxa litigation?
>
> **MR. McWILLIAMS**: Same instructions. I'm going to instruct you not to answer that.
>
> **THE WITNESS**: I believe that's confidential information.
>
> **MR. McWILLIAMS**: Bud, please.
>
> **MR. ZELLERS**: **Mr. McWilliams, you are instructing the witness not to answer any questions with respect to work that he did in Pradaxa, including whether or not he prepared a report and a file report; is that correct?**
>
> **MR. McWILLIAMS**: **That's correct**.
>
> **MR. ZELLERS**: **I don't think we have to argue, but understand that defendants disagree with your instruction and your position.**
>
> **BY MR. ZELLERS:** Dr. Gerstman, are you following the instruction from Mr. McWilliams on any questions relating to the *Pradaxa* litigation and any report that you may or may not have prepared in that litigation?
>
> **DR. GERTZMAN [sic]:** Yes, because I do not understand the legal implications.[12]

And as in Dr. Bussey's deposition, the PSC instructed Dr. Gertsman not to answer a question as about compensation received for work in the *Pradaxa MDL*:

> **Q**: Are you -- are you able to give any estimate for the amount of income you've earned over the last four years from litigation consulting?
>
> **MR. McWILLIAMS**: And I'll – I'll instruct the witness to remind him to not include any compensation you may have received in your work on the *Pradaxa* matter.[13]

---

[12] *See* Exhibit "B," *Gertsman Transcript*, at pp.57:6 -58:4.
[13] *See* Exhibit "B," *Gertsman Transcript*, at p. 106:8-15.

7

### III. The PSC's Instructions Not to Answer Are Improper and Barred by Both the Federal Rules and PTO 23.

Notably, nowhere in the above deposition transcripts of Plaintiffs' Experts did the PSC claim that they were instructing the experts not to answer on the basis of privilege, or that the questions sought information held not discoverable by an Order of *this* Court. To the contrary, after the deposition of Dr. Bussey and prior to the deposition of Dr. Gertsman, this Court specifically identified questions about Plaintiffs' Experts' prior reports in the *Pradaxa MDL* as seeking relevant, discoverable information. *Tr. of Telephonic Status Conference Hearing on November 17, 2016*, at 12:8-9. Moreover, the *Pradaxa MDL* Orders invoked by Plaintiffs are not a bar to Defendants' questions regarding Plaintiffs' Experts' prior work in that litigation because none of the Orders cited by the PSC support such a broad protection. The Pradaxa MDL Orders cited by the PSC include:

- Amended Case Management Order (CMO) Number 2 regarding confidential and highly confidential information;
- CMO 71, which delayed serving plaintiffs' expert reports until May 20, 2014;
- CMO 72, which delayed serving plaintiffs' expert reports until May 21, 2014;
- CMO 73 staying the litigation on May 20, 2014 due to the parties entering into the Master Settlement Agreement (MSA);
- Minute Order 515 extending the stay indefinitely;
- CMO 95 regarding the destruction of confidential and highly confidential information (Common Benefit Materials) requested by plaintiffs' lawyers that were not a party to the MSA in Pradaxa. This Order also required plaintiffs to turn over the document repository and work product to the Special Master for destruction or retention; and
- Special Master's Report on the Destruction of Evidence.

First, CMOs 71, 72, 73, and Minute Order 515 are cited by the PSC to support the proposition that all of the plaintiff expert reports in the *Pradaxa MDL* are deemed "drafts" due to

the enactment of a permanent stay of the plaintiffs' expert report in light of the settlement agreement in the *Pradaxa* litigation. Yet *nothing* in the Orders makes such a finding. Second, Amended CMO 2, CMO 95, and the Special Masters Report are cited as support for the proposition that all of the *Pradaxa MDL* expert reports are protected as work product that was derived from confidential and highly confidential information. However, nothing in Amended CMO 2 expressly identifies expert reports as necessarily derivative of confidential information; likewise, CMO 95 does not expressly define expert reports as "work product" within the Order. And although the Special Master entered an Order indicating that "work product derived from Confidential or Highly Confidential discovery" were to be destroyed, the list of documents attached to the Special Masters Report does not identify what specific information was destroyed and does not reference expert reports; instead, the documents are referred to as the Special Master's "entire document repository and work product in [her] possession." Most importantly, *none* of the *Pradaxa* Orders cited support the broad prohibition—which was suggested by Plaintiffs' counsel during the depositions—on *any discussion* of the Plaintiffs' Experts' involvement in the *Pradaxa MDL*, such as compensation or questions regarding non-confidential materials reviewed (such as Pradaxa labeling).

      Finally, the deposition transcripts make clear that Defendants' questioning was *not* being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent, as was the case in *Landers*, 2009 WL 2046587, at *4. Therefore, the instructions not to answer issued by the PSC do not fall under one of the permissible instances provided by Fed. R. Civ. P. 30(c)(2); and, in fact, are expressly prohibited by Paragraph 36 of PTO 23.

## IV. Conclusion

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG's questions regarding Plaintiffs' Experts' previous work in the *Pradaxa MDL* seek relevant, discoverable information that is not protected by privilege or Court Order. These questions were not propounded in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the party or deponent. Defendants recognize that "draft" reports are not discoverable, as this Court noted. However, Defendants are entitled to know the facts regarding whether these reports were final and/or served, and if they are entitled to protection under the *Pradaxa* CMOs. Likewise, Defendants are entitled to the other information sought, which is not directed to the production of a draft.

Therefore, Defendants respectfully request an Order from this Court compelling Plaintiffs' Experts B. Burt Gertsman, Ph.D. and Henry I. Bussey, Pharm.D., FCCP to respond to deposition questions regarding work done in *In Re Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, MDL 2385 ("Pradaxa MDL").

Respectfully submitted,

KAYE SCHOLER LLP

By: /s/ *Andrew Solow*
Andrew Solow
Steve Glickstein
William Hoffman
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
sglickstein@kayescholer.com

*Counsel for Defendants Bayer Healthcare Pharmaceuticals Inc., and Bayer Pharma AG*

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
*A Delaware Limited Liability Partnership*
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
IRWIN FRITCHIE URQUHART
& MOORE LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile:  (504) 310-2120
jirwin@irwinllc.com

*Defendants' Co-Liaison Counsel*

CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

*Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 28, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**