UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN) :
PRODUCTS LIABILITY LITIGATION : MDL No. 2592
:
: SECTION L
: JUDGE ELDON E. FALLON
: MAGISTRATE JUDGE NORTH

This Document relates to:
Jerry McElroy v. Janssen Pharmaceuticals, Inc. et al
Case Number: **2:16-cv-2016**

## COUNSEL'S AFFIDAVIT IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF JERRY MCELROY

SCOTT D. LEVENSTEN, ESQUIRE, being duly sworn, deposes, and says:

1. I am the lead attorney at The Levensten Law Firm, P.C., attorneys for, as applicable, plaintiff, plaintiff's estate, and/or any derivative plaintiffs (hereinafter referred to as "plaintiff") as indicated in the caption above. I am primary counsel for all Xarelto products liability actions brought by The Levensten Law Firm, P.C. and, as such, am fully familiar with the facts and circumstances herein.

2. I am authorized to move this Court to withdraw representation on behalf of myself and all attorneys of The Levensten Law Firm, P.C. Counsel's motion is intended to relieve all affiliated counsel of the representation duties in this action and to permit plaintiff to retain alternative counsel or proceed *pro se*.

3. A long-standing inability to communicate with plaintiff is the basis for counsel's decision to withdraw from representation. Counsel believes that the stated inability to communicate with plaintiff constitutes a satisfactory reason for withdrawal under Local Civil Rule 83.2.11 and PTO 30.

4. I have fully complied with Local Rules by advising plaintiff(s) at the last two known addresses (29 West Point Road, Laceys Spring, AL 35754 and 34 Turtle Dove Drive, Laceys Spring, AL 35754), by certified mail, of my intention to withdraw from representation. Further, our courier and Federal Express have confirmed that at least one of these addresses is still valid by delivering letters and documents upon Plaintiff directly, and yet Plaintiff has continued to neglect and refuse all attempts at communication.

5. No filing fee is currently owed for Plaintiff's filing as it was paid in full at the time of original filing on March 10, 2016.

6. Plaintiff has not met the requirements of PTO 13. Despite numerous efforts on the part of Counsel, Plaintiff has not returned a Plaintiff Fact Sheet or the required authorizations. No deficiency notice has been issued as of the date of this filing.

7. Counsel has been unable to speak to Plaintiff regarding his case since May 2016. Since that time, Counsel has spoken to family members of Plaintiff's who also have been unable to get client to communicate with Counsel. Counsel has sent to multiple addresses numerous letters via Regular and Certified U.S. Mail, Federal Express, and Hand Delivery, in addition to emails and large numbers of telephone calls/voice

messages. As such, Counsel is unaware of whether Plaintiff intends on obtaining new counsel upon granting of this Motion to Withdraw.

8. Attached as Exhibit A to this Affidavit is an outline of efforts made to reach Plaintiff, including evidence of our efforts to reach Plaintiff by way of telephone calls, voice messages, emails, Regular and Certified U.S. Mail, Federal Express, and courier service. The evidence of telephone calls and voice mails in Exhibit A is not exhaustive as numerous attempts were made by our firm before and after hours, as well as on weekends that may not have made the list. Plaintiff has signed for two Federal Express packages, one at each address, and has accepted service by courier, but remains unwilling to communicate with Counsel.

9. Based upon stated inability to communicate with plaintiff, I respectfully request that pursuant to Local Civil Rule 83.2.11 and PTO 30, this Court grant counsel's motion to withdraw and permit plaintiff's action to proceed *pro se* if plaintiff does not find alternative counsel within six (6) weeks from the date of the granted Order for Withdrawal of Counsel.

10. If plaintiff does not find alternative counsel within six (6) weeks of the granting of the Order for Withdrawal of Counsel, plaintiff's case will proceed *pro se*. If plaintiff does not respond to further actions of the Court once her case has become *pro se*, the Court may dismiss plaintiff's case at the Court's discretion.

Date:   November 30, 2016

                                  /s/ Scott D. Levensten
                                  **Scott D. Levensten, Esq.**
                                  **THE LEVENSTEN LAW FIRM, P.C.**
                                  **1420 Walnut Street, Suite 1500**
                                  **Philadelphia, PA 19102**
                                  **Phone: (215) 545-5600**
                                  **Fax: (215) 545-5156**
                                  **SDL@LevenstenLawFirm.com**

                                  *Attorneys for Plaintiff*