

KIMBERLY LAMBERT ADAMS
BRIAN H. BARR
MICHAEL C. BIXBY
M. ROBERT BLANCHARD
BRANDON L. BOGLE
WESLEY A. BOWDEN
VIRGINIA M. BUCHANAN
WILLIAM F. CASH III
JEFF GADDY
RACHAEL R. GILMER
BEN W. GORDON, JR.
TRAVIS P. LEPICIER

FREDRIC G. LEVIN
MARTIN H. LEVIN
M. JUSTIN LUSKO
NEIL E. McWILLIAMS, JR.
CLAY MITCHELL
R. LARRY MORRIS
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN
MIKE PAPANTONIO
CHRISTOPHER G. PAULOS
EMMIE J. PAULOS

ROBERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
W. CAMERON STEPHENSON
LEO A. THOMAS
BRETT VIGODSKY
AARON L. WATSON

OF COUNSEL:
LAURA S. DUNNING
(LICENSED ONLY IN ALABAMA)

ROBERT F. KENNEDY, JR.
(LICENSED ONLY IN NEW YORK)
ROBERT M. LOEHR
PAGE A. POERSCHKE
(LICENSED ONLY IN ALABAMA)
A. RENEE PRESTON

LEFFERTS L. MABIE, JR. (1925-1
D.L. MIDDLEBROOKS (1926-199
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

November 25, 2016

**Via Email only**
Susan Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932

      Re: MDL 2592, *In re: Xarelto*, Draft Reports from the Pradaxa MDL

Dear Susan:

  As the PSC will set out below, there are number of reasons that seeking draft reports from PSC experts who may have also performed work in the *Pradaxa* litigation, or asking those experts any questions related thereto, is not allowed. We have attached the relevant orders of Judge Herndon for your review.

  Initially, any attempt to obtain draft Pradaxa expert reports would violate a number of CMOs entered by Judge Herndon from MDL 2385, *In re: Pradaxa Products Liability Litigation*, United States District Court for the Southern District of Illinois. Moreover, the Federal Rules prohibit the discovery of draft expert reports. *See* F.R.C.P. 26(b)(4)(B). Further, the PSC does not believe it is appropriate to seek a ruling from Judge Fallon on "this issue" at the November 29 Case Management Conference. The PSC is unaware of any actual motion pending seeking any type of relief, and, given that the production of these materials is covered and controlled by the orders of Judge Herndon, it would be inappropriate to attempt to elicit a ruling from Judge Fallon, particularly without briefing from the parties.

  In the *Pradaxa* MDL, Judge Herndon issued his Confidentiality Order to protect against the disclosure of Confidential information. *See* Amended Case Management Order No. 2 (June 10, 2013). As you can see, Amended CMO 2 restricted the ability to possess and/or review protected materials to only a limited group of persons.. In fact, the Xarelto PSC and its member firms are not authorized to obtain or review this material for any purposes beyond those related

to the *Pradaxa* MDL.  More importantly, competitors of Boehringer Ingelheim are clearly not within the limited number of persons allowed to review or receive protected information. Paragraph 13 of the Confidentiality Order specifically prohibits the disclosure of "Highly Confidential Information" to attorneys "affiliated with or employed by one of the Defendants' direct competitors . . . except upon a finding of this Court."  Thus, under Pradaxa's Amended CMO 2, Janssen's counsel and all other defense lawyers in the Xarelto litigation are affiliated with a direct competitor of Boehringer, and therefore Highly Confidential Information cannot be disclosed to you without a finding from Judge Herndon.  Given that any draft expert report in Pradaxa necessarily relied upon, referenced, quoted and/or cited information designated as protected in that case, any draft reports are necessarily derivative products of protected information and cannot be obtained by Janssen or Bayer without the approval of Judge Herndon.

In addition, paragraph 19 of Amended CMO No. 2, provides that both Confidential Information and Highly Confidential Information at the producing party's written request, must either be destroyed or surrendered at the conclusion of the *Pradaxa* litigation.  This order also applies to "any and all copies (electronic or otherwise), summaries, notes, compilations and memoranda related thereto . . ." which  necessarily included any draft expert reports.  Amended CMO 2 also makes clear that any use of this material was limited to the *Pradaxa* litigation and that the order remains in effect and survives the termination of the *Pradaxa* litigation.

Significantly, no expert reports were ever disclosed in the *Pradaxa* litigation.   CMOs No. 71 and 72 affirmatively ordered that plaintiffs' expert reports not be served  and shortly thereafter, Judge Herndon issued CMO No. 73  that stayed "all aspects of this matter," which would include the disclosure of expert reports and ordered counsel to appear in chambers to discuss the status of settlement discussions.  Within eight (8) days of CMO No. 73 staying the disclosure of expert reports, on May 28, 2014, Judge Herndon issued a Minute Order on the docket indicating that a Master Settlement Agreement was entered into between the parties that intended to cover all cases.  As such, draft expert reports were never disclosed.  Accordingly, all expert reports were draft reports and not discoverable by rule.  Fed.R.Civ.P. 26(b)(4)(B) protects from disclosure drafts of any report regardless of the firm in which the draft was recorded.  As no expert reports were produced in the *Pradaxa* MDL, all such reports are drafts and both the disclosure of such draft reports and any testimony on such drafts are prohibited under the Federal Rules.

At the conclusion of the *Pradaxa* litigation and as a condition of settlement, Boehringer asserted its rights under Paragraph 19 and required that "all work product and discovery must be returned or destroyed in accord with CMO 2."  *See* CMO 95 (Rec.Doc. 14310) at 6.  Judge Herndon required that the PSC "submit its document repositories, **including its work product**, on a hard drive or in other comparable storage device to the Special Master . . . ."  CMO 95 at 10.  Special Master Randi Ellis was ordered to destroy or return such materials pursuant to Paragraph 19 of CMO 2 upon termination of a series of appeals.  *Id.*  Judge Herndon's order did not limit itself to solely Confidential or Highly Confidential Information but expressly required

that any "work product derived from Confidential or Highly Confidential discovery must be destroyed or returned as contemplated by CMO 2." CMO 95 at 10-11.

In compliance with CMO 95, Special Master Ellis reported to Judge Herndon that all Confidential or Highly Confidential Information, including the PSC's work product derived from Confidential or Highly Confidential discovery was destroyed. *See* Special Master's Report on the Destruction of Evidence (Rec.Doc. 14394)(Dec. 15, 2015). As such, all such materials (including any draft expert reports) have been destroyed by order of the Court.

In conclusion, it is absolutely improper, and would be a violation of Judge Herndon's orders from the Pradaxa MDL, for Janssen or Bayer, and their counsel, to attempt to obtain draft Pradaxa reports of the PSC's experts in the Xarelto litigation. Moreover, the Federal Rules prohibit the discovery of these draft reports. Finally, seeking a ruling from Judge Fallon, without any motion pending and without briefing, to attempt to circumvent Judge Herndon's jurisdiction is improper.

Sincerely,

Brian Barr