UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2592 |
| This Document Relates to All Cases | * * | SECTION L |
| | * * | JUDGE ELDON E. FALLON |
| | * * | MAG. JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## STIPULATION AND ORDER

The parties, by their respective counsel, stipulate as follows:

1. As used in this stipulation and order, "Discovery Requests" shall mean Plaintiffs' Interrogatories and Request for Production of Documents pertaining to Defendants' Responsibilities with Respect to Product Liability Claims served on Defendants on October 3, 2016.

2. Within seven days after entry of this Stipulation and Order, and subject to the conditions and limitations of this stipulation, Defendants shall answer Interrogatories 1, 2, 3, 5 and 6 of the Discovery Requests.

    a. Interrogatory 3 is clarified as follows: "Have the parties reached any agreements concerning the indemnification provisions in the CDLA?"

    b. Interrogatory 4 is withdrawn.

    c. The responses shall be limited to agreements between the parties concerning the subject matter of the interrogatories. No response is required with respect to the parties' internal analyses or to communications between the parties not resulting in an agreement.

3. .Request for Production 1 of the Discovery Requests is held in abeyance pending plaintiffs' review of Defendants' responses. Plaintiffs reserve the right to seek and Defendants reserve the right to oppose production.

4. The responses provided pursuant to paragraph 2 above are subject to the following additional conditions and limitations:

   a. The responses will be in the form of a letter from Defendants' counsel. This is without prejudice of Plaintiffs' right to seek and Defendants' right to oppose a formal response.

   b. The response will not be deemed a waiver of any attorney client privilege, work product privilege, or joint defense or common interest privilege with respect to the subject matter, or a waiver of any other objection to the discovery.

   c. The responses will not be deemed a waiver of any objection to admissibility. Questions of admissibility are reserved for trial. Each party reserves the right to seek to admit the response into evidence or to oppose such admission; however, there will be no reference in the jury's presence to the response or to the information contained therein until and unless the Court has ruled that such is admissible.

   d. Any dispute concerning the adequacy of the responses will be determined by the Court; provided, however, that the parties first meet and confer in accordance with the Court's procedures.

   e. The responses to the Discovery Requests will be accurate as of the date of the response. Plaintiffs reserve the right to seek and Defendants reserve the right to oppose supplementation based on future developments. In the event of a future dispute concerning the discoverability of the subject matter, the matter will be determined by the Court *ab initio*;

Defendants' provision of a response pursuant to this stipulation shall not be deemed a precedent concerning the propriety of the Discovery Requests.

**IT IS SO ORDERED.**

NEW ORLEANS, LOUISIANA, this 6th day of December, 2016.

_____
**HONORABLE ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**