Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2325
Los Angeles, CA 90071
Tel:    (213) 514-5681
Fax:    (213) 514-5682

Louis J. Cutrone, SBN 185151
(lou@cutronelaw.com)
**CUTRONE & ASSOCIATES**
15260 Ventura Boulevard, Suite 670
Sherman Oaks, CA 91403
Tel:    (818) 344-1737
Fax:    (818) 921-7720

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION <br><br> This Document Relates to: <br><br> HEIDI RORICK-EVANS, an individual and as successor-in-interest of TERRENCE HOWARD EVANS, deceased, <br><br>　　　　　Plaintiff, <br><br> v. <br><br> JOHNSON & JOHNSON COMPANY; MCKESSON CORPORATION; AND DOES 1-100, inclusive, <br><br>　　　　　Defendants. | MDL No. 2592 <br><br> SECTION: L-5 <br> JUDGE Eldon E. Fallon <br> MAG. JUDGE NORTH <br><br> CASE NO.  2:16-cv-16699-EFF-MBN <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND** <br><br> Date:    January 18, 2017 <br> Time:    9:00 a.m. <br> Courtroom: C-468 <br> Honorable Eldon E. Fallon |

# **TABLE OF CONTENT**

I.   INTRODUCTION .................................................................................... 1

II.  STATEMENT OF FACTS ....................................................................... 2

III. STANDARD OF REVIEW ...................................................................... 3

   A.   Immediate Action is Mandated by 28 U.S.C. § 1446(c) ............................. 3

   B.   The Removal Statute is Strictly Construed Against Removal of State
        Complaints ......................................................................................... 4

IV.  REMOVAL IS IMPROPER BECAUSE DIVERSITY OF CITIZENSHIP IS
     ABSENT AND THIS COURT DOES NOT HAVE SUBJECT MATTER
     JURISDICTION PURSUANT TO 28 U.S.C. § 1332 ..................................... 5

   A.   McKesson Is Not A "Fraudulently Joined" Party........................................ 7

   B.   Plaintiff Has Alleged A Sufficient Factual Basis For The Claims   Against
        McKesson............................................................................................ 8

   C.   Plaintiffs Have Alleged A Sufficient Legal Basis For The Claims
        Against McKesson ................................................................................ 9

   1.   J&J Has Failed to Show That Plaintiffs Cannot Succeed Against
        McKesson on a Claim of Strict Liability ................................................. 9

   2.   J&J Has Failed To Show That Plaintiff Cannot Succeed Against
        McKesson On A Claim Of Negligence ..................................................... 12

   3.   Plaintiffs Have Stated Other Viable Claims Against McKesson ................. 13

   4.   Other Courts Have Previously Addressed The Identical Issues And Ruled
        That The Joinder Of McKesson In A California Drug Case Was Not
        "Fraudulent"........................................................................................ 13

V.   PRACTICAL CONCERNS RELATED TO JUDICIAL ECONOMY
     MILITATE IN FAVOR OF REMAND.................................................... 15

VI.  CONCLUSION .................................................................................... 15

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF AUTHORITIES**

Cases

*Anderson v. Owens-Corning Fiberglas Corp*.,
　53 Cal.3d 987, 810 P.2d 549 (Cal. 1991).......................................................... 10, 13

*Andrews v. Bayer Corp.,*
　2010 WL 234808, at *3 (C.D. Cal. Jan. 12, 2010).................................................... 8

*Aronis v. Merck & Co., Inc.*
　(E.D. Cal., May 3, 2005, No. CIV. S-05-0486WBSDAD) 2005 WL 5518485 .... 12

*Bailey v. Safeway, Inc.*, 199 Cal.App.4th 206, 213 (2011 ........................................ 10

*Barnhill v. Insurance Co. of North America* (D.S.C. 1990) 130 F.R.D. 46, 49 .......... 6

*Black v. Merck & Co., Inc.,* 2004 WL 5392660, at *3 (C.D. Cal. Mar. 3, 2004) ....... 8

*Bostick v. Flex Equipment Co., Inc.*
　147 Cal.App.4th 80 (Cal.App 2d Dist. 2007) .................................................... 10, 14

*Brown v. Superior Court*, 44 Cal.3d 1049 (1988) ......................................................... 9

*Burns v. Windsor Ins. Co*., 31 F.3d 1092 (7th Cir. 1994)............................................. 4

*Carlin v. Superior Court*, 13 Cal. 4th 1104 (1996) ............................................... 10, 12

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) ..................................................... 4

*Cavallini v. State Farm Mut. Auto Ins. Co*., 44 F.3d 256 (5th Cir. 1995)................ 12

*Cronin v. J.B.E. Olson Corp*. 8 Cal.3d 121 (Cal. 1972)............................................. 10

*Dodson v. Spiliada Maritime Corp*., 951 F.2d 40 (5th Cir. 1992) ............................. 7

*Emrich v. Touche Ross & Co*. 846 F.2d 1190 (9th Cir. 1988) .................................... 4

Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ........................................................ 4

*Jimenez v. Superior Court*, 29 Cal.4th 473 (Cal.2002) ............................................. 10

*Johnson v. Standard Brands Paint Co.*, 274 Cal. App. 2d 331 (1969) .................... 10

*Leeson v. Merck & Co.,* Case No. S-05-2240 WBS PAN, 2006 WL 3230047, at *3
    (E.D. Cal. Jan. 27, 2006. ...................................................................................... 11

*Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979) .......................... 4

*Maher v. Novartis* 2007 WL 2330713 (S.D. Cal. 2007) ............................................ 14

*Maher v. Novartis Pharmaceuticals Corp.*,
    2007 WL 2330713, at *4 (S.D. Cal. Aug. 13, 2007) ............................................... 8

*Maher v. Novartis Pharms. Corp.*, 2007 WL 2330713 (S.D. Cal. 2007)...... 11, 14, 15

*Maness v. Bayer Corp.* 2010 U.S. Dist. LEXIS 50076 ............................................ 11

*Mendez v. AstraZeneca Pharmaceuticals LP*,
    2012 WL 1911382, at *2 (E.D. Cal. May 25, 2012)................................................. 8

*Moorhouse v. Bayer Healthcare Pharmaceuticals, Inc.,* 2008 WL 2477389, at *6
    (N.D. Cal. Jun. 18, 2008) ........................................................................................ 8

*Moorhouse v. Bayer*, 2008 WL 2477389 (N.D. Cal. 2008) ................................ 13, 14

*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2001) ............................... 7

*Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1209, 1224 (9th Cir.2009) ........... 6

*Rivera v. AstraZeneca Pharmaceuticals LP*
    (C.D. Cal., June 5, 2012, No. CV 12-00493 GAF JEMX) ...................................... 8

*Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996)............ 5

*Skinner v. Warner-Lambert Co.,*
    No. CV 03-1643-R(RZX), 2003 WL 25598915 (C.D. Cal. Apr. 28, 2003).......... 11

Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand

*Snyder v. Harris*, 394 U.S. 332 (1969) .................................................................. 5

*Soule v. General Motors Corp.*, 8 Cal. 4th 548 (1994) ........................................ 10

*United Policyholders v. Provident Life & Accident Insurance Company*,
    1999 U.S. Dist. LEXIS 18546 (N.D. Cal. 1999) .............................................. 4, 5

*Vandermark v. Ford Motor Co.* 61 Cal.2d 256 (Cal. 1964) .................................. 10

*Zahn v. International Paper Co.*, 414 U.S. 291 (1973) ......................................... 5

Statutes

28 U.S.C. § 1332 ............................................................................................. 2, 5, 16

28 U.S.C. § 1441 ..................................................................................................... 4, 5

28 U.S.C. § 1446 (c)(4) ............................................................................................ 3

28 U.S.C. § 1447(c) ................................................................................................. 5

28 USC §1441(2) ...................................................................................................... 6

Bus. & Prof. Code § 17500 ...................................................................................... 3

Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>
<u>**IN SUPPORT OF MOTION TO REMAND TO STATE COURT**</u>

## I.   INTRODUCTION

This is a case that involves a non-diverse defendant that was improperly removed by Defendant Johnson & Johnson.  As such, this case should be remanded back to Los Angeles County Superior Court.

On November 7, 2016, Defendant Johnson & Johnson ("J&J") removed this case by claiming that Defendant McKesson Corporation ("McKesson"), the California-based Defendant, was "fraudulently joined" (thus not considered a party for purposes of determining the propriety of removal).  As set forth more fully below, J&J's s assertions are incorrect, warranting remand.

Plaintiff's Complaint outlines, in great detail, the nature of the case and the claims against both defendants J&J and McKesson.  Contrary to J&J's claims, the Complaint, on almost every page, references facts and claims related to both J&J *and* McKesson.  As allowed under applicable pleading rules, Plaintiff named McKesson for its role as distributor and marketer of Xarelto®.  (Declaration of Levi M. Plesset ("Plesset decl."), Exh. 1 (Complaint), ¶¶ 6, 31-63). As alleged in the Complaint, Defendants were aware of the damages associated with Xarelto®, but continued to manufacture, distribute and market the product despite these known dangers.  (Plesset decl., Exh. 1 (Complaint) ¶¶ 15-21.)  The Complaint then details seven causes of action against <u>both</u> J&J and McKesson.

Plaintiff brings this motion on several dispositive legal grounds as well as practical ones. Firstly, Plaintiff's Complaint contains adequate specificity of McKesson's actions and/or omissions giving rise to its potential for liability. Secondly, Defendant J&J has failed to adequately demonstrate diversity as it has not presented Defendant McKesson's state of incorporation nor principal place of

business.  Thirdly, Defendant J&J did not receive consent from the non-removing defendant (McKesson).

Lastly and as a practical concern, this action is rightly held by the Superior Court of Los Angeles County and the Judicial Council Of California Civil Case Coordination Proceeding ("JCCP") No. 4862 "Xarelto Cases" presided over by the Honorable William F. Highberger.  Indeed, Plaintiff filed a Notice of Related Case in Los Angeles Superior Court on October 11, 2016 to direct this action to JCCP 4862 for judicial economy purposes.  (Plesset decl., Exh. 3 (Notice Of Related Case).)

Because McKesson, the non-diverse defendant, is considered a party for the purpose of determining the propriety of removal in this action, J&J cannot show that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Accordingly, Plaintiff respectfully requests that this Court immediately remand this action to the Los Angeles County Superior Court, where it was properly filed.

## II.    STATEMENT OF FACTS

Xarelto® was widely promoted as a "one size fits all" anti-coagulant used to reduce the risk of stroke and systemic embolism in patients with non-valvular atrial fibrillation, and to treat and/or reduce the recurrence of deep vein thrombosis and pulmonary embolisms.  (Plesset decl., Exh. 1 (Complaint) ¶ 12.)  Importantly, McKesson is one of the distributors of Xarelto both inside and outside California. (Plesset decl., Exh. 1 (Complaint) ¶ 6.)

On September 29, 2016, Plaintiff filed a Complaint for Damages and Request for Jury Trial ("Complaint") in the Superior Court of the State of California for the County of Los Angeles for injuries resulting out of decedent Terrence Howard Evans' use of the prescription anti-coagulant product Xarelto®. Plaintiff's Complaint alleges

causes of action against the non-diverse defendant McKesson, a Delaware corporation with its principal place of business in San Francisco, California, along with Defendant J&J. (Plesset decl., Exh. 1 (Complaint) ¶¶ 5-29.)

Plaintiff asserts seven causes of action against both defendants (including McKesson) for: (1) Strict Products Liability; (2) Negligence; (3) Express Breach of Warranty; (4) Breach of Implied Warranty; (5) Violations of Cal. Bus. & Prof. Code § 17200; (6) Violations of Cal. Bus. & Prof. Code § 17500; and (7) Wrongful Death. (Plesset decl., Exh. 1 (Complaint) ¶¶ 30-104.)

On October 7, 2016, Plaintiffs served McKesson, the in-state defendant, with the Summons and Complaint. (Plesset decl., Exh. 2 (Proof of Service).) On November 7, 2016, J&J (without the required consent of Defendant McKesson) removed the case to this Court.

However, because McKesson was properly named as a co-defendant, removal is improper and Plaintiff's request for remand must be granted.

## III.   STANDARD OF REVIEW

### A.  Immediate Action is Mandated by 28 U.S.C. § 1446(c)

Removal jurisdiction is strictly construed, and immediate determination of jurisdiction is generally appropriate. 28 U.S.C. § 1446 (c)(4) and (5) mandate:

> (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

> (5) If the United States district court does not order the summary remand of such prosecution, it shall order an evidentiary hearing to be held promptly the prosecution of justice shall be permitted, it shall so notify the State court in which prosecution is pending, which shall proceed no further.

Plaintiff respectfully requests immediate consideration of this Motion to Remand because the purported removal is premised on entirely inaccurate propositions, and is intended by J&J to cause undue delay and prejudice. Under § 1446, this Court has the authority to immediately remand this action to the Los Angeles County Superior Court, where it was originally filed, and from where it was improperly removed.

### B.  The Removal Statute is Strictly Construed Against Removal of State Complaints

An action is removable only if the federal court would have had original jurisdiction had the action been brought in federal court in the first instance. (28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987); *United Policyholders v. Provident Life & Accident Insurance Company*, 1999 U.S. Dist. LEXIS 18546, *2 (N.D. Cal. 1999).)

Defendant bears the burden to establish that this Court has diversity jurisdiction upon removal. (*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ["Federal jurisdiction must be rejected if there is any doubt as to the right of removal. . . ."]; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) ["we look to federal law to determine whether the elements of removal jurisdiction have been established under the statutes, keeping in mind that removal statutes are strictly construed against removal"].) Regardless of the basis for removal, the party seeking removal bears the burden of establishing federal jurisdiction. (*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (7th Cir. 1994).) Further, the removal statute is strictly construed against removal. A defendant's limited "right" to remove, and a plaintiff's right to choose the forum are not equal: when the parties are in conflict over jurisdiction, any uncertainties are resolved in favor of remand. (*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195) (9th Cir. 1988).) Indeed, on a motion to remand,

- 4 -

the removing defendant faces a strong presumption against removal, and that party bears the burden of establishing that removal was proper by a preponderance of evidence.  (*Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996).)  A case removed from state court should be remanded if it appears that the case was removed improvidently or without jurisdiction.  (*See* 28 U.S.C. § 1447(c).)

As a threshold matter, in order for this Court to exercise jurisdiction upon removal, Defendant J&J must establish complete diversity of citizenship, and an amount in controversy in excess of $75,000 for the named Plaintiff.  (28 U.S.C. §§ 1332, 1441(a); *Zahn v. International Paper Co.*, 414 U.S. 291, 300 (1973); *Snyder v. Harris*, 394 U.S. 332 (1969).)   Any instance of common citizenship between opposing parties totally defeats federal diversity jurisdiction. (*United Policyholders*, 1999 U.S. Dist. LEXIS 18546, *2 (N.D. Cal. 1999).)

## IV.   REMOVAL IS IMPROPER BECAUSE DIVERSITY OF CITIZENSHIP IS ABSENT AND THIS COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

Defendant J&J has failed to satisfy the requirements for removal on multiple procedural grounds.[1]

McKesson has its principal place of business in California, has been joined as a defendant, and was properly served before the notice of removal. Indeed, a summons and complaint was properly served upon McKesson Corporation at its

---

[1] This is not the first time a defendant has attempted to improperly remove a California state Court case involving McKesson where diversity clearly does not exist.  In *Alarcon v. Organon USA, Inc.*, No. CV 13-6337 WL 4763875 (C.D. Cal. 2013), defendants attempted to remove the case filed in the Los Angeles Superior Court of California despite the fact that the McKesson defendant resided in California.  Defendants attempted this removal under 1332 and 1446(b), the same statutes they rely on here.  "Because McKesson is a citizen of California, there is no complete diversity of citizenship.  Furthermore, even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which action is brought."" (*Id* at 2.)  The Court held there was no instance of fraudulent joinder and found "[c]onstruing these allegations and facts in the light most favorable to Plaintiff, a trier of fact could find that McKesson benefitted financially from its role in the distributing and marketing of the NuvaRing®, that its representations and input were integral to bringing the product to the consumer market, and that it had an ability to influence to manufacturing or distribution process."  (*Id* at 4.)

Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand

registered agent on October 7, 2016.  (Plesset decl., Exh. 2 (Proof of Service).) McKesson was a properly served party and was also properly joined to this action. As such, pursuant to 28 USC §1441(2), this action may not be removed.

Secondly, J&J's removal must fail as it has not adequately demonstrated diversity by presenting McKesson's state of incorporation nor principal place of business.  (See *Barnhill v. Insurance Co. of North America* (D.S.C. 1990) 130 F.R.D. 46, 49.)  Indeed, J&J states that "[a]lthough McKesson is alleged to be a California corporation with its principal place of business in San Francisco [. . .] as set forth in more detail below, McKesson is a distributor that has been fraudulently joined and its citizenship can be disregarded for jurisdictional purposes."  (Notice of Removal, ¶ 22.)  This is improper as *Barnhill* holds that as to a removing party that fails to allege state of incorporation, its "jurisdictional allegations do not conform to the requirements of Rule 8(a), Fed.R.Civ.Proc., as that provision has been applied within the rubric of § 1332." (*Barnhill,* supra, 130 F.R.D. at 49.)

Further, this removal is procedurally defective in that J&J failed to obtain consent to removal from McKesson, a properly served co-defendant.  As stated above, McKesson was properly sued and served, and as such its consent should have been obtained prior to filing a removal action.  In a case involving multiple defendants, all defendants must join in the removal petition.  (*Proctor v. Vishay Intertechnology Inc.,* 584 F.3d 1209, 1224 (9th Cir.2009).)  J&J's failure to obtain consent by McKesson, a properly served defendant. constitutes a clear defect in removal, and as such, Plaintiffs are entitled to an Order of Remand.  Indeed, it's puzzling that J&J dismisses this procedural requirement by stating "consent from any unserved defendants is not required."  (Notice of Removal, ¶ 10.)  Here, a summons and complaint was properly served upon McKesson at its registered agent on October 7, 2016  (Plesset decl., Exh. 2 (Proof of Service), and thus J&J's removal is improper.

- 6 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**A.      McKesson Is Not A "Fraudulently Joined" Party.**

J&J also relies heavily on the entirely unsupported assertion that McKesson was a "fraudulently joined" party.  It is well-settled that a non-diverse defendant is fraudulently joined, and its citizenship ignored for purposes of determining the propriety of removal, only where a complaint "fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." (*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061,1067 (9th Cir. 2001).)  "There is a presumption against finding fraudulent joinder, and defendants who assert that [the] Plaintiffs have fraudulently joined a party carry a heavy burden of persuasion." (*Monteleone v DePuy Orthopadeics, Inc.,* 2015 WL1646430 at 2 (C.D. Cal. 2015), citing *Plute v. Roadway Package System, Inc.*, 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001).)  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'"  (*Plute*, supra, 141 F. Supp. 2d at 1008, quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992).)

J&J claims that McKesson was "fraudulently joined" because Plaintiff purportedly failed to make any material allegations against it.  In order for J&J to defeat Plaintiff's Motion to Remand, it must prove that there is <u>no reasonable possibility</u> that a state court could rule that Plaintiff has even a single cause of action against McKesson, the non-diverse defendant, for any of the seven causes of action pleaded in the Complaint.  For the reasons set forth below, J&J fails to meet its heavy burden.

At the outset, it should be noted that the courts within the Ninth Circuit and courts in other circuits have consistently rejected the exact same arguments made here by J&J.  J&J's claim of "fraudulent joinder" has been made not only by other defendants but even by J&J itself, and is routinely rejected, with significant case law

in support of the various courts' rulings.  Indeed, almost without exception, the district courts in California (and those courts ruling on California based cases) have repeatedly and unequivocally rejected the claim that naming McKesson or other pharmaceutical distributers, constitutes "fraudulent joinder." *Rivera v. AstraZeneca Pharmaceuticals LP* (C.D. Cal., June 5, 2012, No. CV 12-00493 GAF JEMX) 2012 WL 2031348, at *4 stated "[t]his precise issue has received extensive treatment by other courts in this jurisdiction, with the overwhelming weight of authority supporting McKesson's joinder."  (Citing *Mendez v. AstraZeneca Pharmaceuticals LP*, 2012 WL 1911382, at *2 (E.D. Cal. May 25, 2012); *AstraZeneca Pharmaceuticals LP,* 2012 WL 1944760, at *2-3 (S.D. Cal. May 30, 2012); *Andrews v. Bayer Corp.,* 2010 WL 234808, at *3 (C.D. Cal. Jan. 12, 2010); *Black v. Merck & Co., Inc.,* 2004 WL 5392660, at *3 (C.D. Cal. Mar. 3, 2004); *Maher v. Novartis Pharmaceuticals Corp.*, 2007 WL 2330713, at *4 (S.D. Cal. Aug. 13, 2007); *Moorhouse v. Bayer Healthcare Pharmaceuticals, Inc.,* 2008 WL 2477389, at *6 (N.D. Cal. Jun. 18, 2008); *Aaron v. Merck & Co., Inc.,* 2005 WL 5792361, at *2 (C.D. Cal. Jul.26, 2005).)

In short, J&J's arguments have already been rejected by other courts, and no attempt to minimize rulings by courts within the Ninth Circuit will suffice to overcome the heavy burden to create federal jurisdiction in this Court over this action. McKesson has been properly named and is an appropriate defendant.  As such, J&J's removal is improper and is a needless burden on this Court's docket.

## B.      Plaintiff Has Alleged A Sufficient Factual Basis For The Claims Against McKesson

In its Notice of Removal, J&J claims that Plaintiff has essentially failed to assert facts regarding McKesson in the Complaint. Yet J&J can make no argument, nor does it, that Plaintiff fails to assert appropriate facts-- other than suggesting that

Plaintiff cannot rely on the generalized "defendants" language in its Complaint (i.e., referring to defendants collectively). (Notice of Removal, ¶ 35.) Simply because J&J argues this does not make it so, as it is clear on the face of the Complaint that Plaintiff alleges that McKesson is a wholesale distributor that is in the business of "manufacturing, promoting, labeling, selling, marketing, packaging, re-packaging and distributing Xarelto used by Plaintiff." (Plesset decl., Exh. 1 (Complaint), ¶ 6.)

Moreover, as will be shown below, California law supports claims of Negligence and Strict Liability against manufacturers and distributors of a product, which McKesson is for Xarelto. Accordingly, Plaintiff's assertion that all "defendants" were negligent and are strictly liable to Plaintiff is entirely appropriate, and its claims in those areas apply to both J&J and McKesson.

**C.      Plaintiffs Have Alleged A Sufficient Legal Basis For The Claims Against McKesson**

**1.      J&J Has Failed to Show That Plaintiffs Cannot Succeed Against  McKesson on a Claim of Strict Liability**

As stated above, Plaintiff's Complaint alleges that the J&J and McKesson are both strictly liable for their failure to warn of known risk associated with the prescription product Xarelto®. (Plesset decl., Exh. 1 (Complaint), ¶¶ 31-43.) In California, manufacturers are held strictly liable for failure to warn of known risks. (*Brown v. Superior Court*, 44 Cal.3d 1049, 1065 (1988).) Strict liability has also been extended to retailers and wholesalers. (*Johnson v. Standard Brands Paint Co.*, 274 Cal. App. 2d 331, 337 (1969); *Soule v. General Motors Corp.*, 8 Cal. 4th 548, 560 (1994).)

As a seller and distributor of Xarelto®, McKesson is strictly liable for the injuries sustained by Plaintiff. Under California law, manufacturers of prescription drugs are *strictly liable* for a failure to warn. (*Carlin v. Superior Court*, 13 Cal. 4th

Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand

1104, 1113 (1996).)   It is also well-settled law in California that strict liability for failure to warn runs to distributors as well as manufacturers.  (*Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal.3d 987 (1991). This general rule dates back to the Supreme Court's ruling in *Vandermark v. Ford Motor Co.*  61 Cal.2d 256 (1964), where the Court stated:

> Retailers like manufacturers are engaged in the business of distributing goods to the public. They are an integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from defective products. In some cases the retailer may be the only member of that enterprise reasonably available to the injured plaintiff. (citations omitted).

(*Id.* at 262-263.)  Numerous other California Courts have followed *Vandermark* and found that a distributor of defective goods is strictly liable.  (*See e.g. Jimenez v. Superior Court*, 29 Cal.4th 473, 477-78 (2002) [distributors and suppliers strictly liable in tort for injuries caused by defective products]; *Cronin v. J.B.E. Olson Corp.* 8 Cal.3d 121, 130 (1972), citing *Vandermark*; *Bostick v. Flex Equipment Co., Inc.* 147 Cal.App.4th 80, 88 (2007) [distributors of defective products are strictly liable].) Stated differently, the doctrine of strict products liability imposes fault on all participants in the chain of distribution of a defective product.  (*Bailey v. Safeway, Inc.*, 199 Cal.App.4th 206, 213 (2011).)

Indeed, as the *Maness* Court summarized, virtually every court that has considered the precise legal issue now before this Court has concluded that California state law recognizes a products claim against a distributor, such as McKesson.

> The general rule in California is that both manufacturers and distributors are strictly liable for injuries caused by defective products.

(*Maness v. Bayer Corp.* 2010 U.S. Dist. LEXIS 50076 at p. 4. *See also, Maher v. Novartis*, 2007 U.S. Dist. LEXIS 58984 [remand case commenced against pharmaceutical manufacturer and its distributor, McKesson].)   In granting the remand, the *Maher* Court noted the general rule in California – that distributors and other "participants in the chain of distribution" are strictly liable for defective products.   The Court also noted that at least eleven other courts have remanded actions in which McKesson was named as a defendant under California law.

Despite J&J's reliance on several (unpublished) federal decisions in support of its claim that McKesson was fraudulently joined, such cases are eclipsed by the above-mentioned authority which supports remand.

J&J cites to *Skinner v. Warner-Lambert Co.,* No. CV 03-1643-R(RZX), 2003 WL 25598915 (C.D. Cal. Apr. 28, 2003) in support of its contention that Plaintiff has failed to state a viable cause of action for failure to warn against McKesson.  (Notice of Removal, ¶ 32.)  J&J further cites to *Leeson v. Merck & Co.,* Case No. S-05-2240 WBS PAN, 2006 WL 3230047, at *3 (E.D. Cal. Jan. 27, 2006.  (*Id.*)  Both of these cases hold that Plaintiff does not allege a viable cause of action against a pharmaceutical distributor when Plaintiff fails to allege that the distributor (here, McKesson) distributed the specific product that caused Plaintiff harm.  The *Skinner* opinion provides no facts upon which the Court relied, including whether the Plaintiff alleged that McKesson distributed Plaintiff Skinner's medication or whether Plaintiff alleged that McKesson was generally a distributor of the type of medication alleged to have caused Plaintiff Skinner's harm. Indeed, the Court in *Aronis v. Merck & Co., Inc.* (E.D. Cal., May 3, 2005, No. CIV. S-05-0486WBSDAD) 2005 WL 5518485, at *1 held that there was no viable cause of action stated against McKesson when all Plaintiff Aronis alleged was that "Vioxx is manufactured and distributed by defendants."  Similarly, in *Leeson*, the Court states that "the undersigned has denied

Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand

a similar motion to remand when the plaintiff failed to allege 'that McKesson [. . .] handled the specific pills that were allegedly the cause of [Plaintiff Leeson's] injuries," quoting *Aronis*.  Here, however, because Plaintiff states that McKesson is a wholesale distributor that is in the business of "manufacturing, promoting, labeling, selling, marketing, packaging, re-packaging and distributing Xarelto ***used by Plaintiff***" (Plesset decl., Exh. 1 (Complaint), ¶ 6, emphasis added), J&J's presented authority actually supports remand.

Here, the Court cannot rule that there is "absolutely no possibility" that Plaintiff could prevail on the strict liability claim against McKesson.  (*See Plute*, 141 F. Supp. 2d at 1008, 1012; *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995).)  As such, McKesson is not fraudulently joined in this action.

### 2.  J&J Has Failed To Show That Plaintiff Cannot Succeed Against McKesson On A Claim Of Negligence

Tellingly, J&J does not address the viability of Plaintiff's claim for negligence, for the simple reason that California law clearly recognizes that a plaintiff may succeed in an action against a distributor for negligence in a failure to warn case. Indeed, the California Supreme Court has held that "[n]egligence law in a failure-to-warn case requires Plaintiffs to prove that a manufacturer or distributor did not warn of a particular risk for reasons which fell below the acceptable standard of care." (*Carlin*, supra 13 Cal. 4th at 1112.)

In the Complaint, Plaintiff alleges that J&J and McKesson were negligent for failing to warn of known risks associated with the product Xarelto®, which Plaintiff's decedent used, and which Plaintiff claims caused the damages alleged.  (Plesset decl., Exh. 1 (Complaint) ¶¶ 45-51.)  As a distributor, McKesson knew or should have known that Xarelto®, which it distributed for substantial profit, was harmful to Plaintiff's decedent before Plaintiff's decedent ever used the product. Accordingly,

J&J has failed to show that Plaintiff cannot successfully state a claim for negligence against McKesson.

### 3.  Plaintiffs Have Stated Other Viable Claims Against McKesson

While J&J exhaustingly discusses Plaintiff's strict liability claim, even if the Court found that the claim cannot, under any circumstance, proceed under California law, Plaintiff has alleged, as allowed under California law, six other viable causes of action against J&J and McKesson.  Without question, these claims are legitimate, viable causes of action that California's courts recognize in pharmaceutical litigation. Accordingly, remand is required.

### 4.   Other Courts Have Previously Addressed The Identical Issues And Ruled That The Joinder Of McKesson In A California Drug Case Was Not "Fraudulent"

Again, under California law, strict liability for failure to warn runs to distributors as well as manufacturers.  (*Anderson v. Owens-Corning*, 53 Cal.3d 987 (1991).)  Federal courts have already applied this law to cases involving McKesson in other pharmaceutical cases where McKesson acts as a distributor and, as a result, issued remand orders.

In *Moorhouse v. Bayer*, 2008 WL 2477389 (N.D. Cal.), for example, Judge Saundra Brown Armstrong considered whether McKesson was "fraudulently joined" in a case involving a pharmaceutical drug.  In *Moorhouse*, the pharmaceutical manufacturer defendant removed the product liability suit from the Superior Court of California, San Francisco County, based on the assertion that drug distributor McKesson was "fraudulently joined" and, therefore (like this case) its California residency should be ignored for purposes of diversity.  (*Id* at *2.)  In remanding the case, the Court recognized that under California law, distributors of defective products *are* strictly liable.  (*Id*. at *3, citing *Bostick*, 147 Cal.App.4th at 88 (2007).)

In rejecting Defendant's argument regarding McKesson, the Court noted that the removing party "must establish that there is no possibility of recovery against a resident defendant according to the settled rules of the state."  (*Id.* at *5.)  The *Moorhouse* Court concluded that "in light of the general rule under California law that distributors of defective products are strictly liable, the lack of authority exempting distributors from liability for failure to warn in the prescription drug context inclines this Court against a finding of frivolity."  (*Id.* at *5.)

In another case holding that McKesson was not "fraudulently joined," Judge William Q. Hayes in *Maher v. Novartis* 2007 WL 2330713 (S.D. Cal. 2007) held that "[I]n the context of fraudulent joinder, a number of federal district courts have addressed whether a California distributor can be liable in a prescription drug case for failure to warn, and concluded that distributor defendants were not fraudulently joined because a distributor could possibly be liable for failure to warn in prescription drug cases under California law."  (*Id.* at *4.)

The *Maher* Court followed the holding of numerous other district courts, and ruled that "the general rule under California law is that distributors and other participants in the chain of distribution are strictly liable in defective product cases." (*Id.*)  In remanding the case, the Court held that it "has been unable to find, nor has either party cited, a case under California law which creates an exception in strict liability for distributors in prescription drug cases.  This court cannot conclude that it is obvious that the general rule of distributor liability does not apply under the allegations in this case."  (*Id.* at *3.)

So it is here. Plaintiff's entire Complaint in the instant matter is devoted to detailing the claims against both J&J and McKesson.  (Plesset decl., Exh. 1 (Complaint) ¶¶ 30-103.)  Consistent with California law, Plaintiff named McKesson as a Defendant for its role as the distributor of the PRODUCTS to Plaintiff's decedent.

In addition, Plaintiff properly asserts seven viable causes of action against both J&J and McKesson.  (*Id.*)

## V.   PRACTICAL CONCERNS RELATED TO JUDICIAL ECONOMY MILITATE IN FAVOR OF REMAND

This action is rightly presided over and adjudicated by the Superior Court of Los Angeles County and the Judicial Council Of California Civil Case Coordination Proceeding ("JCCP") No. 4862 "Xarelto Cases" presided over by the Honorable William F. Highberger.  Indeed, Plaintiff filed a Notice of Related Case in Los Angeles Superior Court on October 11, 2016 to direct this action to JCCP 4862 for judicial economy purposes.   (Plesset decl., Exh. 3 (Notice Of Related Case).) California's civil case coordination procedure allows two or more civil actions that share common questions of fact or law that are pending in different counties to be joined in one court.  Such coordination promotes justice, convenience of the parties and witnesses, avoids unnecessary duplication and is thus an efficient use of judicial resources, avoids inconsistent rulings in actions involving the same issues, and increases the likelihood of settlement.  Accordingly, this action should be coordinated with its peers under JCCP No. 4862 and heard in the Los Angeles Superior Court.

## VI.   CONCLUSION

J&J simply cannot show that there is no reasonable possibility that Plaintiff could succeed against McKesson for any of the seven causes of action pleaded in Plaintiff's Complaint.  J&J has therefore failed to meet its "heavy burden" of proving that McKesson was fraudulently joined.  Accordingly, because McKesson, the non-diverse defendant, must be considered a party for purposes of determining the propriety of removal in this action, diversity is absent, and J&J cannot show that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

1
2
3
4

        Accordingly, Plaintiff respectfully request that this Court immediately remand this action to the Los Angeles County Superior Court, where it was properly filed, and from where it was improperly removed.

5
6
7

Dated: December 8, 2016                    RESPECTFULLY SUBMITTED,
                                           **HAFFNER LAW PC**

8
9
10

                                   By: /s/ Joshua H. Haffner
                                       Joshua H. Haffner
                                       Attorneys for Plaintiffs

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Memorandum of Points and Authorities in Support of Plaintiff's Motion to Remand