UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  XARELTO (RIVAROXABAN)        *          MDL 2592
PRODUCTS LIABILITY LITIGATION        *
                                     *          SECTION L
THIS DOCUMENT RELATES TO:            *
*Kenneth Cunningham (15-05497)*       *          JUDGE ELDON E. FALLON
                                     *
                                     *          MAG. JUDGE NORTH
                                     *
* * * * * * * * * * * * * * * * * * * * * * * *

## OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants"), Johnson & Johnson ("J&J"), Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Bayer Defendants") collectively referenced as "Defendants," through undersigned counsel, respectfully submit the instant Opposition to the Motion to Withdraw as Counsel of Record for Kenneth Cunningham. (Rec. Doc. No. 4576). For the following reasons, Defendants aver that the Motion should be denied.

"Attorneys normally are expected to work through the completion of a case." *Cooper v. Wal-Mart Transp., L.L.C.,* 2010 WL 763548 (S.D. Tex. Mar. 3, 2010) (citing *Matter of Wynn,* 889 F.2d 644, 646 (5th Cir.1989)). "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn,* 889 F.2d 644, 646 (5th Cir.1989).  Even where good cause for withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss,* 634 F.2d 880, 882 (5th Cir. Jan. 1981).

- 1 -

The concerns regarding the disruption of a lawsuit due to withdrawal of counsel are even more significant in multidistrict litigation proceedings. For instance, a primary concern is that multiple plaintiffs will be left to prosecute their cases *pro se*, which would necessarily prejudice the other parties to the litigation. *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. MDL 07-1873, 2011 WL 4368719, at *2 (E.D. La. Sept. 16, 2011) (denying Motions to Withdraw as Counsel in an MLD on the basis that litigation would be delayed if its administration was *"*laden down with *pro se* plaintiffs who have been left *pro se* precisely because their attorneys found them uncommunicative and difficult to locate[,]" and thus holding that "the prejudice to the other parties in this case would be enormous were the Court to allow attorneys such as the movants to be relieved of representing hard-to-reach clients.").

Furthermore, in 2008, a division of this Court decided *Hayes v. Versatility Marine, LLC*, 2008 WL 4829380 (E.D. La. Nov. 4, 2008). In *Hayes*, the Court held that counsel seeking leave of a court to withdraw from representation must meet both the procedural requirements of Local Civil Rule 83.2.11 and the substantive requirements of the Louisiana Rules of Professional Conduct. Here, the Motion to Withdraw fails to meet the substantive requirements of the Louisiana Rules of Professional Conduct, as adopted by this District in Local Rule 83.2.3. Rule 1.16(b) of the Rules of Professional Conduct states that "a lawyer may withdraw from representing a client if: . . .  withdrawal can be accomplished without material adverse effect on the interests of the client," or if "other good cause for withdrawal exists."[1]

---

[1] *See also* Rule 1.16(b) of the ABA Model Rules of Professional Conduct.

In this matter, Plaintiff's counsel's Motion does nothing to address the effect of the withdrawal on the interests of the client, nor does it explain how any circumstance at issue would constitute "good cause for withdrawal."   Rather, the only reason identified in Plaintiff's counsel's Motion is the fact that Plaintiff has "failed to communicate" with counsel. (Rec. Doc. No. 4576-1). And, as set forth in the *In re FEMA Trailer Formaldehyde Prod. Liability Litigation* decision on this issue, discussed *supra*, the prejudicial effect of *pro se* plaintiffs "who have been left *pro se* precisely because their attorneys found them uncommunicative and difficult to locate[,]"  merits the denial of a Motion to Withdraw as Counsel of Record. 2011 WL 4368719, at *2 (E.D. La. Sept. 16, 2011). Thus, the reasons set forth in Plaintiff's counsel's Motion to Withdraw as Counsel of Record cannot constitute good cause for withdrawal as counsel of record pursuant to the Local Rules for the Eastern District of Louisiana and the Louisiana Rules of Professional Conduct.   Further, this Court has recently denied motions to withdraw brought by counsel alleging similar factual circumstances, instead, dismissing the cases with prejudice.  *See generally* November 29, 2016 Motion Hearing Tr.

Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion to Withdraw as Counsel of Record for Kenneth Cunningham. (Rec. Doc. No. 4576).

Respectfully submitted,

**KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
901 15th Street NW
Washington, D.C. 20005
Telephone: (202) 682-3500
Facsimile: (202) 682-3580
andrew.solow@kayescholer.com
william.hoffman@kayescholer.com

**DRINKER BIDDLE & REATH LLP**

By: /s/ Susan M. Sharko
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *James B. Irwin*
    James B. Irwin
    Kim E. Moore
    IRWIN FRITCHIE URQUHART
    & MOORE LLC
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    jirwin@irwinllc.com

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    CHAFFE McCALL L.L.P.
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 12, 2016, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

    /s/ *James B. Irwin*
    **James B. Irwin**