**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| LUCIUS D. BRANDON and ELOISE S. BRANDON<br><br>Plaintiffs,<br><br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, et al<br><br>**No. 2:16-cv-12467** | MDL NO. 2592<br><br>SECTION:   L<br><br>JUDGE:  ELDON E. FALLON<br><br>MAG. JUDGE MICHAEL NORTH<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**

**MAY IT PLEASE THE COURT:**

The Plaintiffs in the above-referenced Complaint hereby submit this Memorandum in support of their Motion for an Order from this Honorable Court granting them additional time within which to serve process on the Defendant, Bayer Pharma AG, through the streamlined process as set forth in this Court's Pre-Trial Orders ("PTO") Nos. 10 and 10B.

### I.   <u>BACKGROUND</u>

On September 21, 2016, Plaintiffs filed their Complaint against Defendants and were assigned Case No. 2:16-cv-14866. Due to confusion regarding the date that PTO No. 10 B expired, Counsel for Plaintiffs erroneously believed that they had 90 days from September 21, 2016 in which to serve the Complaint on Bayer Pharma AG.  However, this Complaint was filed four (4) days after September 16, 2016 when PTO No. 10 B expired and PTO No. 10 went back

1

in to effect. Under PTO No. 10, the Complaint was due to be served on November 21, 2016 (November 20, 2016 being a Sunday.) The Complaint was actually served on November 22, 2016.

On December 8, 2016, Counsel for Plaintiffs received a letter from Defendants indicating they would not accept streamlined service under PTO No. 10 because it was served one (1) day late. However, since the filing of the Complaint, and within the parameters set forth by this Court, the Plaintiffs timely filed and served the Plaintiff Fact Sheet ("PFS") on the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO 13 and PTO 27. Thus, Defendant Bayer Pharma AG was made fully aware of the facts and circumstances surrounding the claim being asserted by the Plaintiffs in a timely manner and would therefore suffer no prejudice if the time for service is extended as requested.

## II.     LAW AND ANALYSIS

Fed.R.Civ.P 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after a complaint is filed (or in this case, within 60 days from the entry of PTO 10) Rule 4 instructs the Court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiff shows good cause, the Court must extend the time for service for an appropriate period. Fed.R.Civ.P 4(m).

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id.* Importantly, even if good cause is

lacking, the court has discretionary power to extend time for service. *Id*. In addition, such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) Advisory Committee's Note (1993).

Here, the Plaintiffs have every intention of pursuing their claims and have demonstrated such to the Defendants, including Bayer Pharma AG. The Plaintiffs were not acting in bad faith here. As is clear, due to an innocent calendaring mistake, the Complaint was served one (1) day late.

Further, Defendant Bayer Pharma AG is fully aware of the Plaintiffs' claims having been served with hundreds, if not thousands, of identical complaints and individual PFSs. Because this MDL involves thousands of similarly situated Plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by the instant Plaintiff, no actual prejudice has or will occur to Defendant Bayer Pharma AG by the Court granting the relief sought herein. In addition, because discovery is ongoing in this particular case and Defendants have received this Plaintiff's Fact Sheet, HIPAA authorizations enabling them to order medical records, and Plaintiff's pharmacy records and medical records, significant work has already taken place on behalf of the Plaintiffs and the interests of judicial efficiency support an extension of time to serve Bayer Pharma AG.

In addition, Complaints filed just four (4) days earlier would qualify for streamlined service under PTO No. 10, with the plaintiff having an additional thirty days to serve Bayer Pharma AG. To dismiss Plaintiffs' claims here would elevate form over substance and deprive Plaintiffs of their day in court based on an error.

Plaintiffs lastly point out that this permissive extension is appropriate under the circumstances to avoid any subsequent issues regarding the statute of limitations. Fed.R.Civ.P. 4(m) Advisory Committee's Note (1993).

### III.  CONCLUSION

In light of the foregoing, Plaintiffs respectfully request an Order from this Court granting them sixty (60) days, or a reasonable time to be determined by the Court, from the date the Order is entered within which to provide streamlined service of process on Defendant Bayer Pharma AG. Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein. Lastly, significant work has already taken place on behalf of the Plaintiffs, such that a dismissal of the complaint at this stage would be counterproductive to the interests of judicial efficiency.

This 12th day of December, 2016.

By: */s/ Les Weisbrod*
**LES WEISBROD**
Texas Bar No. 21104900
**ALEXANDRA V. BOONE**
Texas Bar No. 00795259
**MILLER WEISBROD LLP**
11551 Forest Central Drive, Suite 300
Dallas, Texas  75243
Telephone:  (214) 987-0005
Fax:  (214) 987-2545
E-Mail:  lweisbrod@millerweisbrod.com
**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 12, 2016, the foregoing document was filed with the clerk via CM/ECF. Notice of this filing will be sent by operation of MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

By:   /s/ Les Weisbrod
Les Weisbrod
Alexandra Boone
**MILLER WEISBROD, LLP**
11551 Forest Central Drive, Ste. 300
Dallas, TX 75243
Phone: (214) 987-0005
lweisbrod@millerweisbrod.com
aboone@millerweisbrod.com
