UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD D. CALDWELL, <br><br> Plaintiff, <br> v. <br><br> JANSSEN RESEARCH & DEVELOPMENT, LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, et al. <br><br> No. 2:16-cv-14121 | MDL NO. 2592 <br><br> SECTION: L <br><br> JUDGE: ELDON E. FALLON <br><br> MAG. JUDGE MICHAEL NORTH <br><br> **JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**

**MAY IT PLEASE THE COURT:**

The Plaintiff in the above-reference Complaint hereby submits this Memorandum in support of his Motion for an Order from this Honorable Court granting him additional time within which to serve process on the Defendant, Bayer Healthcare Pharmaceuticals, Inc, through the streamlined process as set forth in this Court's Pre-Trial Orders ("PTO") Nos. 10 and 10B.

**I.     BACKGROUND**

On August 24, 2016, Plaintiff filed his Complaint against Defendants and it was assigned Case No. 2:16-cv-14121. (Docket No. 1), and on August 25, 2016 was assigned to Judge Eldon E. Fallon. (Docket No. 2).  Under PTO No. 10B, the Complaint was due to be served on or before November 22, 2016.  The Summons were not issued until October 13, 2016. (Docket No. 3)[1].  The Complaint was served the very next day on October 14, 2016, via email (See Declaration of Douglas R. Plymale ("Plymale Declaration") Ex. 1) and United States Postal Service Certified

---

[1] Another set of Summons was also issued on October 18, 2016. (Docket No. 5).

Mail, however, due to a clerical error, without a Return Receipt Request. (Plymale Declaration Ex. 2). The Complaint and Summons were delivered upon Defendant, Bayer Healthcare Pharmaceuticals, Inc. on October 17, 2016. (Plymale Declaration Ex. 3). After the clerical error to not include a Return Receipt Request was noticed, the Complaint and Summons were served again upon Defendant, Bayer Healthcare Pharmaceuticals, Inc., on December 1, 2016 via United States Postal Service Certified Mail, this time with a Return Receipt Request. (Plymale Declaration Ex. 4). On December 5, 2016, the Return Receipt Request card was signed by a representative of Defendant Bayer Healthcare Pharmaceuticals, Inc. (Plymale Declaration Ex. 5). On December 12, 2016, counsel for Plaintiff received a letter from counsel for Defendants indicating they would not accept streamlined service under PTO No. 10/10B because it was improperly served. (Plymale Declaration Ex. 6). However, since the filing of the Complaint, and within the parameters set forth by this Court, the Plaintiff timely filed and served the Plaintiff Fact Sheet ("PFS") on the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO 13 and PTO 27. Thus, Defendant Bayer Healthcare Pharmaceuticals, Inc. was made fully aware of the facts and circumstances surrounding the claim being asserted by the Plaintiff in a timely manner and would therefore suffer no prejudice if the time for service is extended as requested.

## II.   LAW AND ANALYSIS

Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after a complaint is filed (or in this case, within 60 days from the entry of PTO 10) Rule 4 instructs the Court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within

a specified time. If the Plaintiff shows good cause, the Court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id*. Importantly, even if good cause is lacking, the court has discretionary power to extend time for service. *Id*. In addition, such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P. 4(m) Advisory Committee's Note (1993).

Here, the Plaintiff has every intention of pursuing his claims and has demonstrated such to the Defendants, including Bayer Healthcare Pharmaceuticals, Inc. The Plaintiff was not acting in bad faith here. As is clear, due to an innocent clerical mistake, the Complaint and Summons were served timely, but without a Return Receipt Request. The Complaint and Summons were served a second time with a Return Receipt Request, only 13 days late, on December 5, 2016. Only after being served this second time did Defendant Bayer Pharmaceutical Healthcare, Inc., send a letter notifying of the deficiency.

Further, Defendant, Bayer Healthcare Pharmaceuticals, Inc., is fully aware of the Plaintiff's claims having been served with hundreds, if not thousands, of identical complaints and individual PFSs. Because this MDL involves thousands of similarly situated Plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by the instant Plaintiff, no actual prejudice has or will occur to Defendant Bayer Healthcare Pharmaceuticals, Inc. by the Court granting the relief sought herein. In addition, because discovery

is ongoing in this particular case and Defendants have received this Plaintiff's Fact Sheet, HIPAA authorizations enabling them to order medical records, and Plaintiff's pharmacy records and medical records documenting his Xarelto use and injury, significant work has already taken place on behalf of the Plaintiff and the interests of judicial efficiency support an extension of time to serve Bayer Healthcare Pharmaceuticals, Inc.

To dismiss Plaintiff's claims here would elevate form over substance and deprive Plaintiff of his day in court based on an error.

Plaintiff lastly points out that this permissive extension is appropriate under the circumstances to avoid any subsequent issues regarding the statute of limitations. Fed. R. Civ. P. 4(m) Advisory Committee's Note (1993).

### III. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests an Order from this Court granting him sixty (60) days, or a reasonable time to be determined by the Court, from the date the Order is entered within which to provide streamlined service of process on Defendant Bayer Healthcare Pharmaceuticals, Inc. Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.  Finally, significant work has already taken place on behalf of the Plaintiff, such that a dismissal of the complaint at this stage would be counterproductive to the interests of judicial efficiency.

In the alternative, Plaintiff requests the Court dismiss his case without prejudice pursuant to Fed. R. Civ.P. Rule 4, so that he can refile within the applicable statute of limitations, which have not yet expired, but may expire as soon as February 1, 2017.

Dated:  December 13, 2016

Respectfully submitted,

*/s/ Douglas R. Plymale*___
Douglas R. Plymale, Esq. (LSBA# 28409)
**PLYMALE LAW FIRM**
201 St. Charles Avenue, Suite #2500
New Orleans, LA 70170
Telephone: (504) 355-0092
Facsimile: (504) 662-3801
Email: drplymale@plymalelawfirm.com

*Counsel for Plaintiff*

**CERTICATE OF SERVICE**

  I hereby certify that on December 13, 2016, the foregoing document was filed with the clerk via CM/ECF. Notice of this filing will be sent by operation of MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                */s/ Douglas R. Plymale*___
                Douglas R. Plymale, Esq. (LSBA# 28409)
                **PLYMALE LAW FIRM**
                201 St. Charles Avenue, Suite #2500
                New Orleans, LA 70170
                Telephone: (504) 355-0092
                Facsimile: (504) 662-3801
                Email: drplymale@plymalelawfirm.com

                *Counsel for Plaintiff*