EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Luz Ramirez (16-06578)* | * * * | JUDGE ELDON E. FALLON |
| | * * | MAG. JUDGE NORTH |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiff, by and through undersigned counsel, hereby replies in support of his Motion for Voluntary Dismissal Without Prejudice, and states as follows:

The United States Court of Appeals for the Fifth Circuit has recognized that, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). This is because "[t]he primary purpose of Rule 41(a)(2) is to prevent voluntary dismissals which unfairly affect the other side . . . ." *Id.* (citations and quotations omitted). Accordingly, when "faced with a Rule 41(a)(2) motion the district court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice." *Id.* "If not, it should generally, absent some evidence of abuse by the movant, grant the motion." *Id.* at 317-18.

Plaintiff filed his Motion for Voluntary Dismissal without Prejudice, and Memorandum of Law in support thereof, on November 7, 2016. [D.E. 4454]. Defendant subsequently filed its Response in Opposition to Plaintiff's Motion on November 21, 2016. [D.E. 4580]. Defendant's

response does not identify <u>any legal prejudice</u> it would suffer if the Motion were granted.  Instead, Defendant's Response focuses solely on the sufficiency of Plaintiff's reason for seeking voluntary dismissal; specifically, that Plaintiff's counsel has been unable to contact Plaintiff during the pendency of the litigation.  [D.E. 4580, pp. 3-4].

As set forth above, the "first question" which must be "necessarily resolved" by the Court is "whether an unconditional dismissal would cause [Defendant] to suffer plaint legal prejudice." *Id.* In this case, the answer to that first question is "no," as Defendant itself has not even attempted to articulate any type of prejudice it would suffer if the Motion were granted.  Accordingly, Defendant has not and cannot make the threshold showing necessary to warrant the "harshest condition available" under a Rule 41(a)(2) Motion. *Id.* at 319-20 (holding that the District Court committed reversible by dismissing Plaintiff's claims for fraud and state business code violations, and reasoning that the defendant "did not demonstrate that it would be prejudiced by the unconditional dismissal of those claims"); *see also Clark v. Happy Days, LLC,* No. 10-0310, 2011 U.S. Dist. LEXIS 1968 (W.D. La. Jan. 6, 2011) (holding that the defendant's arguments that the plaintiff had failed to "comply with the scheduling order" or "engage in discovery" did not meet the requisite "legal prejudice" or "abuse" contemplated by the Fifth Circuit).

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Voluntary Dismissal without Prejudice.

Dated: December 15, 2016                                    Respectfully Submitted,

Newsome Melton, PA

/s/ William C. Ourand_____
**WILLIAM C. OURAND, ESQ.**
Florida Bar No.: 092503
**MICHELE L. REED, ESQUIRE**
Florida Bar No.:  124481
Newsome Melton
201 South Orange Avenue, Suite 1500
Orlando, Florida  32801

Telephone: (407) 648-5977
Facsimile: (407) 648-5282
*Attorneys for Plaintiff*
ourand@newsomelaw.com
reed@newsomelaw.com