UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | MDL No. 2592 |
| | : | |
| | : | SECTION L |
| | : | |
| | : | JUDGE ELDON E. FALLON |
| | : | |
| | : | MAGISTRATE JUDGE NORTH |

THIS DOCUMENT RELATES TO:  **JURY TRIAL DEMANDED**

**KATHLEEN ARNOTH, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ROBIN ARNOTH**

CIVIL ACTION NO.: 2:15-cv-06450

**PLAINTIFF'S RESPONSE TO MOTION TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO FILE A PLAINTIFF PROFILE FORM AND PROVE XARELTO USE (DOCUMENT 4498)**

COME NOW, Plaintiff Kathleen Arnoth, individually and on behalf of the estate of Robin Arnoth, in the above reference civil action, and by and through her counsel of records hereby files a Response to Motion to Show Cause Regarding Plaintiffs Who Have Failed to File a Plaintiff Profile Form and Prove Xarelto Use (Document 4498) and shows as follows:

1. Plaintiff Kathleen Arnoth contacted undersigned counsel regarding a potential claim involving use of Xarelto and alleged subsequent injury for her deceased mother Robin Arnoth.

2. The Complaint in this matter was filed on November 19, 2015. The complaint was filed in good faith in order to comply with the statute of limitations for Miss Arnoth's claim.

3. Undersigned counsel has communicated with Kathleen Arnoth on multiple occasions regarding the need to obtain and serve a completed Plaintiff Fact Sheet.

4. Miss Arnoth by and through her counsel, provided the Plaintiff Fact Sheet for Robin Arnoth on July 12, 2016. Said Fact Sheet did not include any medical records.

5. Plaintiff's counsel sought to procure the medical records for Robin Arnoth. However, the request was denied to due the lack of a formal estate being taken out for Robin Arnoth.

6. Plaintiff's counsel has been informed that Kathleen Arnoth does not have standing to be named administrator of the Estate of Robin Arnoth.

7. Upon the denial of Plaintiff's request for medical records, Plaintiff's counsel diligently sought to find someone to serve as administrator of the Estate of Robin Arnoth.

8. Plaintiff's counsel contacted relatives of Robin Arnoth to inquire if they would serve as administrator of the Estate. Plaintiff's counsel was informed those additional relatives were not qualified to serve as administrator or the Estate.

9. Plaintiff's counsel then attempted to contact additional relatives to serve as administrator of the Estate. Those additional relatives refused to serve as administrator of the Estate.

10. On November 15, 2016, Plaintiff's counsel was informed that the Suffolk County Public Administrator was named as the Temporary Administrator of the Estate of Robin Arnoth. Said Order was signed on November 14, 2016.

11. On November 16, 2016, Plaintiff's counsel contacted Suffolk County and requested the Suffolk County Public Administrator execute a HIPPA authorization for the procurement of medical records for Robin Arnoth.

12. Despite the urgency of the request, the Suffolk County public administrator did sign the authorization right away.

13. On November 28, 2016, Plaintiff's counsel emailed and also placed a telephone call to the Suffolk County Administrator and re-emphasized the urgency for the Suffolk County

Administrator to execute a signed HIPPA for Robin Arnoth.

14. On November 30, 2016, Plaintiff's counsel received a signed copy of the executed HIPPA for Robin Arnoth from the Suffolk County Public Administrator.

15. On November 30, 2016, Plaintiff's counsel ordered records from the appropriate providers in order to obtain proof of use and proof of injury with the authorization provided by the Administrator.

16. As of today's date, Plaintiff's counsel has not received any medical records.

17. Plaintiff's counsel continues to follow up 2 to 3 times a week on these requests but has yet to receive any records.

18. The records request are in process and Plaintiff's counsel has been diligent in trying to procure the records.

FOR THESE REASONS, undersigned counsel asks for more time to obtain and provide medical records supporting Xarelto usage and injury.

Plaintiff would respectfully request that the Court deny Defendant's request for dismissal with prejudice.

Date: December 19, 2016

>HILLIARD MUÑOZ GONZALES LLP
>By: /s/ Robert C. Hilliard
>    Robert C. Hilliard
>    Texas Bar No. 09677700
>    Catherine Tobin
>    Texas State Bar No. 24013642
>    T. Christopher Pinedo
>    Texas State Bar No. 00788935
>    John Martinez
>    Texas State Bar No. 24010212
>
>    719 S. Shoreline Boulevard, Suite 500
>    Corpus Christi, Texas 78401
>    361-882-1612 Office

361-882-3015 Fax
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : | MDL No. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**    <u>**JURY TRIAL DEMANDED**</u>

**KATHLEEN ARNOTH, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF ROBIN ARNOTH**
CIVIL ACTION NO.: 2:15-cv-06450

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing Plaintiff's Response in Opposition has contemporaneously with or before filing been served on all parties or their attorneys a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

> HILLIARD MUÑOZ GONZALES LLP
> By: /s/ Robert C. Hilliard
>     Robert C. Hilliard
>     Texas Bar No. 09677700
>     Catherine Tobin
>     Texas State Bar No. 24013642
>     T. Christopher Pinedo
>     Texas State Bar No. 00788935
>     John Martinez
>     Texas State Bar No. 24010212
>
>     719 S. Shoreline Boulevard, Suite 500
>     Corpus Christi, Texas 78401
>     361-882-1612 Office
>     361-882-3015 Fax
>     *Attorneys for Plaintiff*