## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br><br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |

THIS DOCUMENT RELATES TO:
*Tamara Muncy v. Janssen Research & Development LLC, et al.*
Civil Action No.: 2:16-cv-14588

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

**MAY IT PLEASE THE COURT:**

The Plaintiff in the above referenced Complaint hereby submits this Memorandum in support of their Motion for an Order from this Honorable Court granting them additional time within which to serve process on the Defendant, Bayer Pharma AG, through the streamlined process as set forth in this Court's Pre-Trial Order Nos. 10 and 10B.

**I.   BACKGROUND**

On September 9, 2016, Plaintiff filed their Complaint against Defendants and was assigned Case No. 2:16-cv-14588. Due to confusion and an improper reading of Pre-Trial Order 10B and its effective dates, counsel for Plaintiff erroneously believed they had 90 days from receipt of the summons to serve the Complaint on Bayer Pharma AG. However, this Complaint was filed one week prior to the expiration of Pre-Trial Order 10B. Under Pre-Trial Order 10B, the Complaint was due to be served on December 9, 2016, 90 days from the docketing of the Complaint in the MDL. The Complaint was actually served on December 19, 2016.

On December 27, 2016, counsel for Plaintiff received a letter from Defendants indicating that they would not accept streamlined service under Pre-Trial Order 10 because it was served late. Prior to the filing of this motion, Plaintiff has timely filed the Plaintiff Fact Sheet on the Defendants through MDL Centrality, and therefore Defendant Bayer Pharma AG is aware of the facts and circumstances regarding the claim and would suffer no prejudice if the time for service is extended as requested.

## II.   LAW AND ANALYSIS

Fed.R.Civ.P 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after a complaint is filed, Rule 4 instructs the Court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiff shows good cause, the Court must extend the time for service for an appropriate period. Fed.R.Civ.P 4(m).

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996). However, if a plaintiff can establish good cause for failing to serve the defendant, the court must allow additional time for service. Id. Further, even if good cause is lacking, the court has discretionary power to extend time for service. *Id.*

In the instant matter, Plaintiff has every intention of pursuing the claim and has demonstrated such to the Defendants, including Bayer Pharma AG. The Plaintiff was not acting in bad faith. Due to a mistake, the Complaint was served ten (10) days late.

Further, Defendant Bayer Pharma AG is fully aware of the Plaintiff's claim having been served with hundreds of identical complaints and fact statements. Because this MDL involves

thousands of similarly situated Plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery nearly identical to the suit filed by the instant Plaintiff, no prejudice has or will occur to Defendant Bayer Pharma AG by the Court granting the relief sought herein.

## III.   CONCLUSION

Based on the arguments and facts set forth herein, Plaintiff respectfully requests an Order from this Court granting them sixty (60) days, or a reasonable time to be determined by the Court, from the date the Order is entered within which to provide streamlined service of process on Defendant Bayer Pharma AG.  Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sough herein.

This 6th day of January, 2017

By:   */s/ Lauren Burbol*
Lauren Burbol
SLATER SLATER SCHULMAN LLP
445 Broadhollow Road, Suite 334
Melville, New York 11747
Phone: (212) 922-0906
Fax: (212) 922-0907
lburbol@sssfirm.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing document was filed with the clerk via CM/ECF. Notice of this filing will be sent via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to PreTrial Order No. 17, on this 6th day of January 2017.

                                                       */s/ Lauren E. Burbol*
                                                        Lauren E. Burbol