Case 2:14-md-02592-EEF-MBN Document 4977-2 Filed 01/09/17 Page 1 of 4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br><br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |

THIS DOCUMENT RELATES TO:
*Colin Towner v. Janssen Research & Development LLC, et al.*
Civil Action No.: 2:15-cv-03379

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS

**MAY IT PLEASE THE COURT:**

The Plaintiff in the above referenced Complaint hereby submits this Memorandum in support of their Motion for an Order from this Honorable Court granting them additional time within which to serve process on the Defendant, Bayer Healthcare Pharmaceuticals Inc., through the streamlined process as set forth in this Court's Pre-Trial Order Nos. 10 and 10B.

### I. BACKGROUND

On August 10, 2015, Plaintiff filed their Complaint against Defendants and was assigned Case No. 2:15-cv-03379. Due to the fact that the Complaint did not include the Severance Order as well as the Exhibit, the service of process has been considered "incomplete". Counsel for Plaintiff were not notified by the Defendant that the service of process was incomplete and that the summons would be rejected pursuant to Pretrial Order 10 and 10b.

On January 5, 2017, counsel for Plaintiff received an email from Defendants indicating that they will not accept streamlined service under Pre-Trial Order 10 because it is past the service of process deadline. Prior to the filing of this motion, Plaintiff has timely filed the Plaintiff Fact Sheet on the Defendants through MDL Centrality, and therefore Defendant Bayer Healthcare Pharmaceuticals Inc. is aware of the facts and circumstances regarding the claim and would suffer no prejudice if the time for service is extended as requested.

## II.     LAW AND ANALYSIS

Fed.R.Civ.P 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after a complaint is filed, Rule 4 instructs the Court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiff shows good cause, the Court must extend the time for service for an appropriate period. Fed.R.Civ.P 4(m).

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996). However, if a plaintiff can establish good cause for failing to serve the defendant, the court must allow additional time for service. Id. Further, even if good cause is lacking, the court has discretionary power to extend time for service. *Id*.

In the instant matter, Plaintiff has every intention of pursuing the claim and has demonstrated such to the Defendants, including Bayer Healthcare Pharmaceuticals Inc. The Plaintiff was not acting in bad faith. Due to a mistake, the Summons was served without the Severance Order and Exhibit.

Further, Defendant Bayer Healthcare Pharmaceuticals Inc. is fully aware of the Plaintiff's claim having been served with hundreds of identical complaints and fact statements. Because this MDL involves

thousands of similarly situated Plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery nearly identical to the suit filed by the instant Plaintiff, no prejudice has or will occur to Defendant Bayer Healthcare Pharmaceuticals, Inc. by the Court granting the relief sought herein.

### III. CONCLUSION

Based on the arguments and facts set forth herein, Plaintiff respectfully requests an Order from this Court granting them sixty (60) days, or a reasonable time to be determined by the Court, from the date the Order is entered within which to provide streamlined service of process on Defendant Bayer Healthcare Pharmaceuticals Inc. Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sough herein.

This 9th day of January, 2017

By: /s/ John Jewell Pace
**John Jewell Pace (Bar #1115)**
John Jewell Pace, A.P.L.C
P.O. Box 14209
Baton Rouge, LA 707898
Telephone: (225) 686-3000
Facsimile: (866) 912-2008
Email: jjp@johnjpacelaw.com
*Attorney for plaintiff Colin Towner*

By: /s/ Samuel C. Ward
**Samuel "Chuck" Ward**
**(Bar # 29508)**
Samuel C. Ward Jr., & Assoc.
660 Saint Ferdinand Street
Baton Rouge, LA 70802
Telephone: (225) 330- 6677
Facsimile: (225) 330-6680
Email: samuelcward@aol.com
*Attorney for plaintiff Colin Towner*

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing document was filed with the clerk via CM/ECF. Notice of this filing will be sent via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to PreTrial Order No. 17, on this 9th day of January 2017.

    */s/ John Jewell Pace*
    John Jewell Pace

    */s/ Samuel C. Ward*
    Samuel C. Ward