**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | ) | MDL No. 2592 |
| | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION L |
| | ) | |
| | ) | JUDGE ELDON E. FALLON |
| | ) | |
| _____ | ) | MAGISTRATE JUDGE NORTH |

**This Document Relates to:**

*BARBARA VAN FRADENBURG, Individually and as Executor De Son Tort of the ESTATE OF ROY VAN FRADENBURG v. Janssen Research & Development LLC, et al, 2:16-cv-15520*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER**
**PHARMA AG**

The Plaintiff in the above-referenced Complaint hereby submits this Memorandum in Support of her Motion for an Order from this Honorable Court granting her sixty (60) days within which to serve process on Defendant Bayer Pharma AG, through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

## I.   BACKGROUND

On October 13, 2016, Plaintiff filed a Complaint against Defendant and was assigned Case No. 2:16-cv-15520. Plaintiff timely served the Complaint on Defendants Janssen Ortho, LLC, Janssen Pharmaceuticals, Inc., Janssen Research & Development LLC, Bayer Healthcare Pharmaceuticals, Inc., and Johnson and Johnson Company. Unfortunately, although Plaintiff properly delivered a copy of the Summons and Complaint to Bayer AG by email (as required by PTO No. 10), they were  inadvertently served on Bayer Pharma AG by USPS Priority Mail Express instead of Registered Mail as required by PTO No. 10. On January 3, 2017, counsel for Bayer Pharma AG made Plaintiff aware of this problem by serving a deficiency on Plaintiff.

Significantly, there can be no prejudice to Bayer Pharma AG since it has been well aware of the filing of the Complaint through the properly sent email, the (improper) priority mail delivery it nevertheless received, and the fact that Plaintiff timely filed and served her Plaintiff Fact Sheet (PFS) on all of the Defendants through Brown Greer's MDL Centrality, pursuant to applicable PTO No. 13.

## II.     LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Pursuant to this Court's PTO No. 10, Plaintiff was afforded 60 days from the date of the issuance of the summons to serve Bayer AG. The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id*. Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Situations where a discretionary extension may be granted include "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA General Insurance Co.*, 546 F.3d 321, 325 (5th Cir. 2008)(internal quotation marks omitted).   Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally

received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. at 666.[1]

In *Zermeno*, *supra,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id*. at 667. The court noted that "if defendants act so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id*.

Similarly, in *Millan*, *supra*, the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id*. However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id*. at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id*.

Here, Defendant Bayer Pharma AG had notice of the claims against it despite the fact that Plaintiff inadvertently failed to serve her complaint within 60 days. Plaintiff moved along with her case, most notably through the timely filing and service of her Plaintiff Fact Sheet. As soon as Plaintiff received a notice of deficiency that the Complaint had not been served she requested

---

[1] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

and is requesting additional time.  This Motion was not precipitated by any Motion of the Defendant.

Setting aside Defendant's familiarity with Plaintiff's particular claims through her PFS, Defendant is aware of the general facts, circumstances and theories of recovery underlying Plaintiff's Complaint having been served with countless identical complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiff, no actual prejudice has or will occur to Defendant Bayer Pharma AG by the Court granting the discretionary relief sought herein.

Additionally, Plaintiff points out that the dismissal of her case could subject her to a statute of limitations defense in the future. Although Plaintiff believes she would be able to overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiff.

In light of the foregoing, Plaintiff now respectfully requests that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

### III.   CONCLUSION

In light of the foregoing, Plaintiff respectfully requests an Order from this Court granting her sixty (60) days from the date the Order is entered within which to provide streamlined service of process on Defendant Bayer Pharma AG. Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

Dated: January 10, 2017                                    Respectfully submitted,

Goldblatt and Singer

/s/ Jeffrey S. Singer
Jeffrey S. Singer #45570 MO
8182 Maryland Ave.
Suite 801
St. Louis, MO 63105
(314) 231-4100
Email: jsinger@stlinjurylaw.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ Jeffrey S. Singer
Jeffrey S. Singer