UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TINO M. TIMMONS,<br>    Plaintiff,<br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT, LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, et al.,<br>    Defendants.<br><br>**This Documents Relates to:**<br>**No. 2:16-cv-14949** | MDL NO. 2592<br><br>SECTION:  L<br><br>JUDGE: ELDON E. FALLON<br><br>MAG. JUDGE MICHAEL NORTH<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**<u>MEMORANDUM IN SUPPORT PLAINTIFF'S  MOTION TO DEEM PRIOR SERVICE VALID OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER HEALTHCARE PHARMACEUTICALS, INC.</u>**

Plaintiff submits this memorandum in support of their motion for an order from this Court, deeming prior service on Bayer Healthcare Pharmaceuticals, Inc. valid, or in the alternative to provide Plaintiff an additional thirty (30) days within which to service process on Defendant Bayer Healthcare Pharmaceuticals, Inc. through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A, and 10B.

### I.  BACKGROUND

On September 26, 2016, Plaintiff's complaint was filed in *Re: Xarelto (Rivaroxaban) Product Liability Litigation*, MDL No. 2592, Case No. 2:16-cv-14605. Sometime following the issuance of the summonses in the above-captioned matter, service to Bayer Healthcare Pharmaceuticals, Inc. was attempted on December 20, 2016.

Plaintiff made every attempt to follow the instructions regarding streamlined service as outlined in PTO No. 10; however, Plaintiff believes the delay in the issuance of summonses, as well as a delay in mailing, caused interruption in the service attempt.

Subsequently, on January 12, 2017, Defendant Bayer Healthcare Pharmaceuticals, Inc. notified Plaintiff's counsel by letter that, while they acknowledged receipt of the above-captioned complaint and summonses, Defendant deemed these service attempts to be improper as they were beyond the 60-day limit provided in PTO No. 10.

## II.  LAW AND ANALYSIS

Fed. R. Civ. R. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the Court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4 (m). Plaintiff has every intention of pursing their claims against Defendant; it was through delay in the issuances of summonses, as well as an oversight on the part of counsel, that service was not perfected within the confines of PTO No. 10.

Under Rule 4 (m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. *See United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (*citing Henderson v. United States*, 517 U.S. 654, 662-63,116 S.Ct. 1638, 134 L.Ed. 2nd 880 (1996)). Once more, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P.4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Rule 4 (m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff, and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chi.*, 646 F. 3d 1001,1007 (7th Cir. 2011) (*citing Panaras v. Liquid Crbonic Indus. Corp.*, 94 F.3d 338, 341 ((7th Cir.1996) (additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service. " *Troxell v. Fedders of N. Am.*, Inc., 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual finding that are clearly erroneous." *Cardenas*; 646 F. 3d at 1007 (quoting *Troxell*, 160 F. 3d 381)

Here, the Plaintiff has every intention of pursuing their claims and has demonstrated such to the Defendants, including Bayer Healthcare Pharmaceuticals, Inc.  The Plaintiff was not acting in bad faith. Plaintiff attempted serviced pursuant to PTO No. 10; further, Defendant acknowledged and received service.

Moreover, because this MDL involves hundreds of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by this Plaintiff, no actual prejudice has or will occur to Defendant by this court granting the relief sought herein.

Plaintiff shows that as a matter of law and fact, they were not in "bad faith" in delaying service of their complaint and summonses; Defendant is fully aware of and served with hundreds of identical complaints and has acknowledged the receipt of Plaintiff's complaint and summonses in this matter. To dismiss Plaintiff's claims here would elevate form over substance and deprive Plaintiff of their day in court based on an error.

Plaintiff points out that declaring prior service on Bayer Healthcare Pharmaceuticals, Inc. valid is appropriate under the circumstances to avoid any subsequent issue regarding the statute of limitations, because the original complaint was timely filed. However, if this Court is unwilling to declare prior service on Bayer Healthcare Pharmaceuticals, Inc. as valid, Plaintiff respectfully requests an extension of time in amount of thirty (30) days from the date an order is entered within which to provide streamlined service of process on Bayer Healthcare Pharmaceuticals, Inc.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order from this Court declare prior service on Bayer Healthcare Pharmaceuticals Inc. to be effective, or in the alternative, grant thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendant Bayer Healthcare Pharmaceuticals, Inc. No party herein will be prejudiced, nor will any MDL processes be adversely affected by granting the relief sought herein.

Dated: January 17, 2017  Respectfully submitted,

By: /s/ Alexandra W. Robertson, Esq.
Alexandra W. Robertson (MN 0395619)
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) -436-1886
Fax: (612) -436-1801
Email: ARobertson@JohnsonBecker.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I, Alexandra W. Robertson, certify that on January 16, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

        By: /s/ Alexandra W. Robertson, Esq.
        Alexandra W. Robertson
        Johnson Becker, PLLC
        444 Cedar Street, Suite 1800
        St. Paul, MN 55101
        Telephone: (612) -436-1886
        Fax: (612) -436-1801

        *Counsel for Plaintiff*