UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592 |
| | | SECTION: L |
| | | JUDGE: FALLON |
| | | MAG. JUDGE: SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS DOCUMENT RELATES TO:

*Linda Buffa, Special Administrator, on behalf of Charles Buffa, Deceased v. Janssen Research & Development LLC, et al.*, Civil Action No. 2:16-cv-15808 (E.D. La.)

*Billy Massey v. Janssen Research & Development LLC, et al.*, Civil Action No. 2: 16-cv-1581 0 (E. D. La.)

*Betty Mosteller v. Janssen Research & Development LLC, et al.*, Civil Action No. 2:16-cv-15803 (E.D. La.)

*Gregory Palmateer v. Janssen Research & Development LLC, et al.*, Civil Action No.2: 16-cv-15805 (E. D. La.)

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG**

Plaintiffs in the above-referenced actions hereby submit this Memorandum in Support of their Motion for an Order from this Honorable Court granting them thirty (30) days within which to serve process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG (sometimes hereinafter referred to as the Bayer Defendants), through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

**I. BACKGROUND**

On October 24, 2016, Plaintiffs filed individual complaints against Defendants and were assigned the following case captions:

*Linda Buffa, Special Administrator, on behalf of Charles Buffa, Deceased v. Janssen Research & Development LLC, et al.*, Civil Action No. 2:16-cv-15808 (E.D. La.)

*Billy Massey v. Janssen Research & Development LLC, et al.*, Civil Action No. 2: 16-cv-1581 0 (E. D. La.)

*Betty Mosteller v. Janssen Research & Development LLC, et al.*, Civil Action No. 2:16-cv-15803 (E.D. La.)

*Gregory Palmateer v. Janssen Research & Development LLC, et al.*, Civil Action No.2: 16-cv-15805 (E. D. La.)

Subsequent to the filing of these individual complaints and pursuant to streamlined service procedures articulated in PTO No. 10, on October 26, 2016, Plaintiffs attempted service upon both Bayer Defendants via Certified and Registered Mail. On January 10, 2017, Plaintiffs' Counsel was made aware that although the Bayer Defendants received copies of their complaints and Summonses via Certified and Registered Mail in the above-captioned cases, the Summonses forwarded were not those issued by the Clerk of Court. While Plaintiffs served Defendants with a copy of the conformed complaint, civil cover sheet, and Summons, the Plaintiffs failed to serve Defendants with copies of the *conformed* Summonses within the sixty (60) day delay allowed by PTO No. 10. Thus, Defendants argue that Plaintiffs' attempts at service are/were not effective.

## II. LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id*. Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the

time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Even in the absence of good cause, however, a district court has the discretion to extend the period of time for service. *Newby v. Enron Corp.*, 284 F. App'x 146 (5th Cir. 1996) Situations where a discretionary extension may be granted include, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA General Insurance Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (internal quotation marks omitted).

Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. at 666.[1]

In *Zermeno*, *supra,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id*. at 667. The court noted that "if defendants act so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id*.

---

[1] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

Similarly, in *Millan*, *supra*, the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id*. However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id*. at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id*.

Here, Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG had notice of the claims against them despite the fact that Plaintiffs' Counsel inadvertently included the non-conformed Summonses, rather than the Summonses issued by the Clerk of Court. Thus, while Plaintiffs served Defendants with a copy of the conformed complaint, civil cover sheet, and Summons, Plaintiffs failed to serve Defendants with a copy of the ***conformed*** Summonses within the sixty (60) day delay allowed by PTO #10. Further, Plaintiffs moved along with their cases, most notably through the filing and service of Plaintiff Fact Sheets.

In having received Plaintiffs' complaints in accordance with the streamlined service procedure articulated in PTO No. 10, no actual prejudice has or will occur to Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG by the Court granting the discretionary relief sought herein. In fact, the sole purpose of this Motion and Memorandum in Support thereof is to serve upon the Bayer Defendants an identical complaint and civil cover sheet with the addition of a conformed copy of the Summons issued by the Clerk of Court.

Additionally, Plaintiff respectfully notes that the dismissal of this case could subject it to a statute of limitations defense in the future. Although Plaintiff believes it would be able to overcome

any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiff.

In light of the foregoing, Plaintiff respectfully requests that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

### III. CONCLUSION

In light of the foregoing, Plaintiff respectfully requests an Order from this Court granting it thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG. Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

    Respectfully submitted,

/s/ *Anthony D. Irpino*
ANTHONY D. IRPINO (#24727)
LOUISE C. HIGGINS (#31780)
KACIE F. GRAY (#36476)
Irpino Law Firm
2216 Magazine St.
New Orleans, Louisiana 70130
Telephone: (504) 525-1500
Facsimile: (504) 525-1501
airpino@irpinolaw.com
lhiggins@irpinolaw.com
kgray@irpinolaw.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: All counsel of record.

/s/ *Anthony D. Irpino*
Anthony D. Irpino