UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO ALL CASES | * * * | JUDGE ELDON E. FALLON |
| | * * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * *

**JOINT REPORT NO. 23 OF PLAINTIFFS'
AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") respectfully submit this Joint Report No. 23. All Pre-Trial Orders are posted on the court's website located at www.laed.uscourts.gov/Xarelto. The Court's website also includes other postings relevant to the litigation.

1.  **PRE-TRIAL ORDERS**

    The Court has issued the following Pre-Trial Orders:

    **Pre-Trial Order No. 1 [Rec. Doc. 2]** entered December 17, 2014 – Setting initial conference;

    **Pre-Trial Order No. 2 [Rec. Doc. 38]** entered January 16, 2015 – Appointing Plaintiffs' Liaison Counsel;

    **Pre-Trial Order No. 3 [Rec. Doc. 39]** entered January 16, 2015 – Appointing Defendants' Liaison Counsel;

    **Pre-Trial Order No. 4 [Rec. Doc. 61]** entered January 26, 2015 – Requiring Counsel to provide contact information to Liaison Counsel, and amending PTO No. 1 regarding docketing procedure;

    **Pre-Trial Order No. 4A [Rec. Doc. 62]** entered January 26, 2015 – Approving and attaching Counsel Contact Information Form;

**Pre-Trial Order No. 5 [Rec. Doc. 63]** entered January 26, 2015 – Clarifying duties of transferor court under MDL Rule 1.6;

**Pre-Trial Order No. 5A [Rec. Doc. 149]** entered February 3, 2015 – Amending PTO No. 5 to allow transferor court to retain original file;

**Pre-Trial Order No. 6 [Rec. Doc. 150]** entered February 3, 2015 – Appointing Defendants' Co-Lead Counsel;

**Pre-Trial Order No. 7 [Rec. Doc. 169]** entered February 9, 2015 – Appointing Plaintiffs' Steering Committee (PSC); Appointing Plaintiffs' Co-Lead Counsel; Ordering that PLC and Plaintiffs' Co-Lead Counsel shall comprise PSC Executive Committee; Appointing Chair of the State Liaison Committee, to be *ex-officio* member of PSC; and Listing responsibilities of PSC. On February 3, 2016, the Court issued a Minute Entry [Rec. Doc. 2077] reappointing the PSC members for another one year term from the date of the Minute Entry;

**Pre-Trial Order No. 7A [Rec. Doc. 830]** entered April 29, 2015 – Appointing Michael Weinkowitz, Daniel Gallucci, and Gibson Vance to serve on the State Liaison Committee;

**Pre-Trial Order No. 8 [Rec. Doc. 183]** entered February 13, 2015 – Establishing standards and procedures for counsel seeking reimbursement for common benefit fees and costs;

**Pre-Trial Order No. 9 [Rec. Doc. 356]** entered March 24, 2015 – Providing for the Direct Filing of Complaints in the MDL;

**Pre-Trial Order No. 10 [Rec. Doc. 357]** entered March 24, 2015 – Providing for the Streamlined Service on Certain Bayer Defendants;

**Pre-Trial Order No. 10A [Rec. Doc. 3528]** entered June 23, 2016 – Providing for Additional Time to Make Service on Certain Bayer Defendants under PTO No. 10;

**Pre-Trial Order No. 10B [Rec. Doc. 3894]** entered August 17, 2016 –Established a Later Docketing Date for Cases in Which Additional Time is Provided to Make Service on Certain Bayer Defendants under PTO No. 10A;

**Pre-Trial Order No. 11 [Rec. Doc. 893]** entered May 4, 2015 – Providing for Bundling of Complaints, Answers and Responsive Pleadings, with attached Attorney Instructions for Filing Individual Severed Xarelto Cases [Rec. Doc. 893-1];

**Pre-Trial Order No. 11A [Rec. Doc. 923]** entered May 20, 2015 – Providing exemplar Joint Complaint and exemplar Short Form Complaint;

**Pre-Trial Order No. 11B [Rec. Doc. 1117]** entered July 14, 2015 – Governing a Joined Plaintiff's responsibility for a filing fee and modifies second sentence of paragraph 1(a) of Pre-Trial Order No. 11;

**Pre-Trial Order No. 11C [Rec. Doc. 1118]** entered July 14, 2015 – Clarification for some issues that have arisen since the Court issued Pre-Trial Order No. 11;

**Pre-Trial Order No. 11D [Rec. Doc. 2002]** entered January 27, 2016 – Updated Exemplar Joint Complaint;

**Pre-Trial Order No. 11E [Rec. Doc. 2850]** entered March 21, 2016 – Terminating Joint Complaint filing procedure;

**Pre-Trial Order No. 11F [Rec. Doc. 3065]** entered April 15, 2016 – Clarification of Pre-Trial Order No. 11E;

**Pre-Trial Order No. 12 [Rec. Doc. 894]** entered May 4, 2015 – Stipulated Protective Order;

**Pre-Trial Order No.12A [Rec. Doc. 3726]** entered July 28, 2016 – Amendment of Paragraph 19(1) of PTO 12 regarding Disclosure of Protected Documents to Prescribing and Treating Physicians of Bellwether Plaintiffs;

**Pre-Trial Order No. 12B [Rec. Doc. 4224]** entered September 22, 2016 – Stipulation and Order to Govern Non-Party Portola Pharmaceutical, Inc.'s Production of Documents;

**Pre-Trial Order No. 13 [Rec. Doc. 895]** entered May 4, 2015 – Governing the Form and Schedule for Service of Plaintiff Fact Sheets and Executed Authorizations for Release of Records;

**Pre-Trial Order No. 14 [Rec. Doc. 896]** entered May 4, 2015 – Governing the Form and Schedule for Service of Defendant Fact Sheets;

**Pre-Trial Order No. 13A & 14A [Rec. Doc. 1040]** entered June 23, 2015 – Regarding Plaintiff Fact Sheets and Authorizations and Defendant Fact Sheets;

**Pre-Trial Order No. 14A [Rec. Doc. 1221]** entered August 17, 2015 – Regarding Defendants Fact Sheets with attached Consent Letter from IMS Health Inc. for release of information and data;

**Pre-Trial Order No. 14B [Rec. Doc. 1847]** entered January 6, 2016 – Regarding Defendants Fact Sheets with attached Consent Letter from IMS Health Inc. for release of information and data;

**Pre-Trial Order No. 15 [Rec. Doc. 897]** entered May 4, 2015 – Consent Order Regarding the Preservation of Documents and Electronically Stored Information;

**Pre-Trial Order No. 15A [Rec. Doc. 1301]** entered September 17, 2015 – Consent Order Regarding Preservation of Voicemail, Text Messages and Instant Messages; **[vacated by Pre-Trial Order No. 15B,** *infra***]**

**Pre-Trial Order No. 15B [Rec. Doc. 1477]** entered October 21, 2015 – Consent Order Regarding Preservation of Voicemail, Text Messages, and Instant Messages;

**Pre-Trial Order No. 16 [Rec. Doc. 898]** entered May 4, 2015 – Filing Requests for Summons and Summons Returns;

**Pre-Trial Order No. 17 [Rec. Doc. 924]** entered May 20, 2015 – Electronic Service/MDL Centrality for Plaintiffs Only;

**Pre-Trial Order No. 18 [Rec. Doc. 925]** entered May 20, 2015 – Science Day;

**Pre-Trial Order No. 19 [Rec. Doc. 951]** entered June 4, 2015 – Protocol for Treatment of Privileged and Work Product Materials;

**Pre-Trial Order No. 20 [Rec. Doc. 1007]** entered June 15, 2015 – Regarding the Format for Production of Hardcopy Documents and Electronically Stored Information;

**Pre-Trial Order No. 21 [Rec. Doc. 1302]** entered September 17, 2015 – Consent Order Regarding Document Production Protocol;

**Pre-Trial Order No. 22 [Rec. Doc. 1745]** entered December 11, 2015 – Mailing Lists for Dear Doctor Letters;

**Pre-Trial Order No. 23 [Rec. Doc. 2283]** entered February 17, 2016 – Deposition Guidelines;

**Pre-Trial Order No. 23A [Rec. Doc. 4455]** entered November 7, 2016 – Expert Deposition Guidelines.

**Pre-Trial Order No. 24 [Rec. Doc. 2879]** entered March 23, 2016 – Dismissal Guidelines;

**Pre-Trial Order No. 24A [Rec. Doc. 3286]** entered May 18, 2016 – Supplemental Procedures for Voluntary Dismissal Motions;

**Pre-Trial Order No. 25 [Rec. Doc. 3038]** entered April 14, 2016 – Production of Materials Pursuant to Subpoenas to Third Parties;

**Pre-Trial Order No. 26 [Rec. Doc. 3093]** entered April 21, 2016 – Bellwether Deposition Protocol;

**Pre-Trial Order No. 27 [Rec. Doc. 3132]** entered April 22, 2016 – modifying PTO Nos. 13, 13A, 14, and 14A regarding Plaintiff Fact Sheets and Defendant Fact Sheets;

**Pre-Trial Order No. 28 [Rec. Doc. 3156]** entered April 28, 2016 – Regarding Contact with Physicians;

**Pre-Trial Order No. 28A [Rec. Doc. 5018]** entered January 10, 2017 – Regarding the parties' interactions with MDL Plaintiff's prescribing and treating physicians for the four bellwether cases through end of trial.

**Pre-Trial Order No. 29 [Rec. Doc. 3287]** entered May 18, 2016 – Procedures for Notices of Voluntary Dismissals; and

**Pre-Trial Order No. 30 [Rec. Doc. 3462]** entered June 14, 2016 – Procedures for Withdrawal of Plaintiff's Counsel.

2. **CASE MANAGEMENT ORDERS:**

The Court has issued the following Case Management Orders:

**Case Management Order No. 1 [Rec. Doc. 891]** entered May 4, 2015 – addresses certain discovery matters.

**Case Management Order No. 2 [Rec. Doc. 1305]** entered September 17, 2015 – addresses the course of the proceedings in this litigation through the first four bellwether trials.

**Case Management Order No. 2A [Rec. Doc. 4223]** entered September 21, 2016 – amends CMO No. 2 to reset bellwether trial dates and deadlines.

**Case Management Order No. 2B [Rec. Doc. 4510]** entered November 16, 2016 – regarding new deadlines with respect to the third and fourth bellwether trials.

**Case Management Order No. 2C [Rec. Doc. 4807]** entered December 20, 2016 – regarding the schedules for dispositive motions and certain *Daubert* motions for the first two bellwether trials.

**Case Management Order No. 3 [Rec. Doc. 1632]** entered November 20, 2015 – addresses certain bellwether matters.

**Amended Case Management Order No. 3 [Rec. Doc. 1680-1]** entered November 30, 2015 – clarifying Case Management Order No. 3.

**Case Management Order No. 4 [Rec. Doc. 1785]** entered December 17, 2015 – Bellwether Discovery Pool Selection Process and Eligibility Criteria.

**Case Management Order No. 5 [Rec. Doc. 3745]** entered August 1, 2016 – Bellwether Trial Selection Protocol.

The parties are finalizing a proposed Case Management Order No. 2D to submit to the Court which alters the trial dates and deadlines for the bellwether trials.

3. **BELLWETHER SELECTIONS**

On August 11, 2016, the Court issued an Order [Rec. Doc. 3856] naming the first bellwether trial (E.D. La. Afib + GI bleed) shall be the matter of Boudreaux, Joseph J., Jr., Case No. 2:14-cv-02720 and the second bellwether trial (E.D. La. Afib + Brain bleed) shall be the matter of Orr, Joseph, Jr., Case No. 2:15-cv-03708.

On August 15, 2016, the Court issued an Order [Rec. Doc. 3873] naming the third bellwether trial (Mississippi DVT/PE + GI Bleed) shall be the matter of Mingo, Dora, Case No. 2:15-cv-03469 and the fourth bellwether trial (Texas Afib + GI Bleed) shall be the matter of James Henry, Individually and as Executor of the Estate of William Henry, Case No. 2:15-cv-00224.

4. **COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form attached to PTO No. 4A, and forward it to the appropriate Liaison Counsel. This information must be kept current by counsel providing the information, and will be relied upon throughout the litigation.

5. **PLAINTIFF FACT SHEETS**

On May 4, 2015, the Court issued Pre-Trial Order No. 13 [Rec. Doc. 895], which governs the form and schedule for service of Plaintiff Fact Sheets ("PFSs"), as well as executed Authorizations for the release of records to be completed by plaintiffs in all individual cases. Pre-

Trial Order No. 13A and 14A [Rec. Doc. 1040] provides the procedure for the online submission and service of Fact Sheets and Authorization forms through the BrownGreer MDL Centrality System.

Prior to filing a Motion for Extension of PFS Deadlines, plaintiff's counsel should contact Defendants' Liaison Counsel to determine whether there is any opposition.

On April 21, 2016, the Court entered Pre-Trial Order No. 27, which modifies PTO Nos. 13, 13A, 14 and 14A.  Plaintiffs' counsel in any filed cases as to which the PFS would be due after March 30, 2016 should consult Pre-Trial Order No. 27.

On October 18, 2016, Defendants sent the PSC a list of Plaintiffs who had allegedly not submitted a PFS.  The PSC provided updates on October 31, 2016, and a revised list was sent on November 2, 2016.  On November 3, 2016, Defendants filed a Motion for Order to Show Cause Regarding Plaintiffs Who Have Failed to Serve Plaintiff Fact Sheet [Rec. Doc. 4432].  On November 18, 2016, the Court issued an Order giving the PSC additional time to contact the parties who are listed in the Motion.  On December 21, 2016, Defendants sent the PSC a revised list of Plaintiffs who had allegedly not submitted a PFS.  Again, the PSC provided updates, and on January 4, 2017, Defendants submitted a revised proposed order for cases to be heard on Defendants' Motion for Order to Show Cause Regarding Plaintiffs Who Have Failed to Serve Plaintiff Fact Sheet.  On January 5, 2017, the Court issued an Order [Rec. Doc. 4921] setting argument on Defendants' Motion following the January 20, 2017 status conference.

On December 1, 2016, Defendants sent the PSC a list of PFS that are allegedly core deficient.  A revised list was sent on December 27, 2016.  The PSC provided updates to this list on January 3, 2017, and on January 5, 2016, Defendants filed a Motion for Order to Show Cause Regarding Plaintiffs With Alleged Core Plaintiff Fact Sheet Deficiencies [Rec. Doc. 4926].

Pursuant to discussions with the Court, this motion will be submitted to the Court to be heard following the February case management conference.

On December 27, 2016, Defendants sent the PSC a list of Plaintiffs who had allegedly not served a PFS. Following comments from Plaintiffs, Defendants intend to file a Motion for Order to Show Cause Regarding Plaintiffs Who Have Failed to Serve Plaintiff Fact Sheet. Pursuant to discussions with the Court this motion will be submitted to the Court to be heard following the February case management conference.

The parties are finalizing the preparation of a proposed Pre-Trial Order to assist in addressing Plaintiff Fact Sheets which Defendants contend are not in compliance with Court Orders, and the parties will report on its status at the conference on January 20, 2017.

**6.    DEFENDANT FACT SHEETS**

On May 4, 2015, the Court issued Pre-Trial Order No. 14 [Rec. Doc. 896], which governs the form and schedule for service of Defendant Fact Sheets to be completed by defendant in all individual cases. Pre-Trial Orders No. 13A, 14A, and 14B [Rec. Docs. 1040, 1221, & 1847] provide the procedure for the online submission and service of Fact Sheets and Authorization forms through the BrownGreer MDL Centrality System, as well as for the release of information and data from IMS Health, Inc. Pursuant to paragraph 3 of PTO 14 [Rec. Doc. 896], it is the responsibility of the Plaintiffs' Liaison Counsel to send written notices of DFS deficiencies to counsel for Defendants. However, any needed follow-up addressing such deficiencies remains the responsibility of individual counsel for plaintiff (a responsibility which the PSC is coordinating with individual plaintiffs' counsel only as to the 40 selected discovery pool plaintiffs).

On April 21, 2016, the Court entered Pre-Trial Order No. 27, which modifies PTO Nos. 13, 13A, 14 and 14A. Defendants will complete a DFS for completed PFSs served as of March

30, 2016 and Defendants have no obligation to serve a DFS for any PFS served after March 30, 2016, except for the 40 discovery pool cases.

**7.     SERVICE OF PROCESS ON CERTAIN BAYER DEFENDANTS**

On March 24, 2015, the Court issued Pre-Trial Order No. 10 which addressed streamlined service of process for certain Bayer Defendants.  On June 24, 2016, Pre-Trial Order No. 10(A) was entered and on August 18, 2016, Pre-Trial Order No. 10(B) was entered.  Upon agreement and in light of delays in the Office of the Clerk of the Court in issuing summonses, the Court issued an Order regarding service of complaints on September 20, 2016 [Rec. Doc. 4217], which extends the time period provided for the service of the summons and complaint in Rule 4(m) of the Federal Rules of Civil Procedure so as to run from the issuance of the summons by the Clerk of the Court rather than from the filing of the complaint, with respect to complaints filed on or before December 31, 2016.

**8.     PRESERVATION ORDER**

On May 4, 2015, the Court issued Pre-Trial Order No. 15 [Rec. Doc. 897], a Consent Order Regarding the Preservation of Documents and Electronically Stored Information.  Pre-Trial Order No. 15 modifies paragraph 13 of Pre-Trial Order No. 1 relating to preservation of evidence. Further, the Court issued Pre-Trial Order No. 15B on October 21, 2015 [Rec. Doc. 1477] regarding the obligation of all parties to preserve voicemail, instant messages sent or received on an instant messaging system, or text messages sent or received on a cellular phone, smartphone, tablet or other mobile device.  Pre-Trial Order 15B vacated previously entered Pre-Trial Order 15A. [Rec. Doc. 1301].  The parties will be prepared to discuss this matter at the January 20, 2017 status conference.

**9.     ORDER GOVERNING THE PARTIES' INTERACTIONS WITH MDL PLAINTIFFS' PRESCRIBING AND TREATING PHYSICIANS**

On April 28, 2016, the Court entered Pre-Trial Order No. 28 [Rec. Doc. 3156] Regarding Contact with Physicians. On January 10, 2017, the Court entered Pre-Trial Order No. 28A [Rec. Doc. 5018] regarding the parties' interactions with MDL Plaintiff's prescribing and treating physicians for the four bellwether cases through end of trial. The parties will be prepared to discuss this Order at the January 20, 2017 status conference.

**10.    DISCOVERY**

On July 15, 2015, the Court issued an Order [Rec. Doc. 1119] setting telephone status conferences with Lead and Liaison Counsel of the parties on a bi-weekly basis. The purpose of these conferences is to report to the Court on discovery matters after the parties have met and conferred on these matters and have provided notice to the Court and to one another of the issues which remain to be addressed with the Court. The Court issued Pre-Trial Order No. 21 on September 17, 2015 [Rec. Doc. 1302]. The parties continue to participate in the Court's bi-weekly discovery telephone status conferences and the next conference is scheduled for January 25, 2017 at 2:30 p.m.

On September 2, 2016, Defendants served a First Set of Requests for Production of Documents Regarding Third Party Funding to Plaintiffs in the Joseph Orr, Jr. bellwether case (Case No. 2:15-cv-03708), in the James Henry (Case No. 2:15-cv-00224) bellwether case, in the Dora Mingo bellwether case (Case No. 2:15-cv-03469), and the Joseph Boudreaux bellwether case (Case No. 2:14-cv-02720). Following discussions with the Court and meet and confer discussions among counsel, the parties reached an agreement on responses to this discovery by plaintiffs. Plaintiffs served Supplemental Responses on November 16, 2016. Following discussions with the Court and meet and confer discussions among counsel, the parties reached an agreement on

responses to this discovery by Plaintiffs.  The Parties will report further to the Court on this matter at the January 20, 2017 status conference.

On September 20, 2016, the PSC propounded discovery regarding the defendants' "Collaborative Development and License Agreement."  Defendants served responses and objections on October 20, 2016.  The parties met and conferred on this matter and on December 7, 2016, the Court entered a Stipulation and Order regarding the PSC's discovery requests.  [Rec. Doc. 4697].  Pursuant to this Stipulation, Defendants have now provided responses to the discovery.

On October 7, 2016, the Defendants served a First Set of Requests for Production of Documents to Plaintiffs Regarding ROCKET AF or the Alere/Hemosense INRatio or INRatio 2PT/INR Monitoring System.  Plaintiffs served responses on November 23, 2016.  The parties will report further to the Court on this matter at the January 20, 2017 status conference.

On October 7, 2016, the Plaintiffs served its First Request for Admissions to Defendants. On November 7, 2016, the Janssen Defendants and the Bayer Defendants served their Objections and Responses.  On November 16, 2016, the PSC filed a Motion Regarding the Sufficiency of Defendants' Objections to Plaintiffs' First Request for Admissions to Defendants [Rec. Doc. 4509].  The parties continue to meet and confer on this issue and will prepared to report to the Court at the January 20, 2017 status conference.

The PSC produced expert reports to the Defendants on October 14, 2016.  Defendants produced expert reports on November 15, 2016.

Defendants have issued document requests in connection with the Notices of Deposition of Plaintiffs' experts.  Plaintiffs have objected to these requests, and Plaintiffs' counsel have instructed some expert witnesses not to answer questions relating to the document requests.  On

11

November 28, 2016, Defendants filed a Motion to Compel Responses from certain Plaintiff experts [Rec. Doc. 4632]. On December 7, 2016, the PSC filed an Opposition in response to Defendants' Motion to Compel [Rec. Doc. 4682]. The parties advised the Court that the issues were resolved and on December 16, 2016 the Court issued an Order [Rec. Doc. 4773] rendering the motion moot.

On December 14, 2016, the Plaintiffs filed a Motion to Compel and/or for a Protective Order to Require Complete Disclosure of Documents [Rec. Doc. 4742], regarding a File Processing Error by Vendor which the parties had discussed with the Court during a December 8, 2016 discovery teleconference. The Plaintiffs filed a Motion for Expedited Hearing on the Motion to Compel [Rec. Doc. 4743]. The parties await an Order from the Court setting a hearing date. Defendants filed a response to the Motion for Expedited Hearing on December 16, 2016. [Rec. Doc. 4761]. Following further meet and confer discussions among the parties, it was agreed the Court's intervention as to this matter may not be necessary. Accordingly, on January 10, 2017, the PSC filed a Motion to Withdraw Rec. Doc. 4742, Without Prejudice [Rec. Doc. 4984], and on January 11, 2017 an Order [Rec. Doc. 5003] was issued granting the motion.

11. **DISCOVERY ISSUED TO THIRD PARTIES**

On March 31, 2016, the PSC issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises to Alere San Diego, Inc. Alere San Diego, Inc. issued its Objections to the Subpoena on April 15, 2016. The parties continue to meet and confer with representatives of Alere San Diego, Inc., who is in the process of producing documents in response to the subpoena.

On May 2, 2016, the PSC issued, as well as filed [Rec. Doc. 3175] a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises to Pharmaceutical Research and Manufacturers of America (PhRMA). On June 28, 2016, the PSC filed a Motion to

Compel [Rec. Doc. 3541]. PhRMA filed a response to the Motion to Compel on July 12, 2016 [Rec. Doc. 3634]. Oral argument on the Motion to Compel was heard July 28, 2016 at 2:30 p.m. [Rec. Doc. 3677]. At the hearing, the PSC identified some documents produced by Defendants as examples of areas that should assist PhRMA so it can respond to the subpoena. On July 28, 2016, the Court issued a Minute Entry [Rec. Doc. 3730] ordering that the PSC's Motion to Compel PhRMA is Granted in part and that the parties shall meet and confer regarding the exemplar documents presented by the PSC at oral argument and subsequent to oral argument in order to narrow the areas at issue and otherwise comply with the Court's instructions at the hearing, and further, that Janssen shall have input to further expedite the matter. The parties met and conferred and after July 29, 2016, when counsel for Janssen provided to PhRMA's counsel the documents identified by the PSC at the July 28, 2016 hearing, the PSC and PhRMA continued to meet and confer. The parties will be prepared to update the Court at the January 20, 2017 status conference.

On May 3, 2016, the PSC issued a Subpoena to Testify at Deposition with Document Production Request to Portola Pharmaceuticals, Inc., setting a videotaped deposition for June 20, 2016. On July 8, the PSC filed a Motion to Compel [Rec. Doc. 3578]. Portola Pharmaceuticals, Inc. filed a Response to the Motion to Compel on July 26, 2016 [Rec. Doc. 3716]. On August 1, 2016, the PSC filed a Motion for Leave to File Reply Memorandum in Response to Non-Party Portola Pharmaceuticals, Inc.'s Opposition to Plaintiffs' Motion to Compel [Rec. Doc. 3746]. On August 4, 2016, the Court entered an Order [Rec. Doc. 3796]. On September 22, 2016, the Court entered PTO 12A, a Stipulation and Order to Govern Non-Party Portola Pharmaceutical, Inc.'s Production of Documents. The parties will be prepared to update the Court on this matter at the January 20, 2017 status conference.

On May 3, 2016, the PSC issued a Subpoena to Testify at Deposition to with Document Production Request to Diagnostica Stago, Inc., setting a videotaped deposition for June 20, 2016. On May 26, 2016, counsel for Diagnostica Stago, Inc. provided a letter setting forth its position regarding the subpoena. Since that time, the PSC continues to meet and confer with counsel for Diagnostica Stago, Inc. to address the production of documents responsive to the subpoena.

The parties will be prepared to discuss all of these matters further with the Court at the January 20, 2017 status conference.

**12.    STATE/FEDERAL COORDINATION**

In accordance with Pre-Trial Orders No. 7 and 7A, as well as Case Management Order No. 1, PLC and DLC have had, and will continue to have, communications regarding the State Liaison Committee, as well as the status of coordination of MDL and state court actions. The parties will report to the Court on recent developments in state court cases brought in California, Delaware, Missouri, and Pennsylvania.

PLC and DLC will report to the Court on this matter at the January 20, 2017 Status Conference.

**13.    MATTERS SET FOR HEARING FOLLOWING STATUS CONFERENCE**

1. Second Motion for Extension of Deadlines To Satisfy Alleged PFS Deficiencies [Rec. Doc. 4287].

2. Motion to Withdraw Jacob Levy, Matthew White, Mark Gray, Doris Kim, Law firm of Gray and White as Attorney [Rec. Doc. 4320].

3. Defendants Motion for Order to Show Cause [Rec. Doc. 4432] as outlined in the Court's Order dated January 5, 2017 [Rec. Doc. 4921].

4. Plaintiff's Motion to Remand [Rec. Doc. 4720].

5. Show Cause regarding plaintiff Abbie Napier (C.A. 15-7094) and plaintiff Robin Arnoth (C.A. 15-6450) (given 30 days from December 20, 2016 status conference) [Rec. Doc. 4639].

14

14.     **NEXT STATUS CONFERENCE**

The next Status Conference is set for February 10, 2017 at 9:00 a.m.

Dated:  January 17, 2017

Respectfully Submitted,

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
ldavis@hhklawfirm.com
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX: (504) 561-6024

**Co-Plaintiffs' Liaison Counsel**

/s/ Gerald E. Meunier
Gerald E. Meunier (Bar No. 9471)
gmeunier@gainsben.com
**GAINSBURGH BENJAMIN DAVID MEUNIER
   & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
**Co-Plaintiffs' Liaison Counsel**

/s/ James B. Irwin
James B. Irwin (Bar No. 7172)
jirwin@irwinllc.com
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
PH:  (504) 310-2100
FAX:  (504) 310-2120
**Defendants' Liaison Counsel**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 17, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                           */s/Leonard A. Davis*
                                           **Leonard A. Davis**