UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN) :
PRODUCTS LIABILITY LITIGATION : MDL No. 2592
:
: SECTION L
:
: JUDGE ELDON E. FALLON
:
_____: MAGISTRATE JUDGE NORTH

THIS DOCUMENT RELATES TO:

*Dawn A. Burton, Individually and as Representative of Leonard White, deceased v. Janssen Research & Development, LLC et al;*

Civil Action No. 2:15-cv-06139

## NOTICE OF AND SUGGESTION OF DEATH
## AND MOTION TO SUBSTITUTE PARTY PLAINTIFF

**TO ALL PARTIES AND ATTORNEYS OF RECORD, please take notice that:**

Undersigned counsel, pursuant to Federal Rule of Civil Procedure 25(a)(1), hereby informs this Honorable Court of the death of Plaintiff, Leonard White ("Decedent").

Dawn A. Burton moves the Court to substitute her as Plaintiff in place of Leonard White, Deceased, in this civil action and states as follows:

1. Leonard White ("Decedent") died testate on September 6, 2016. *See* **Exhibit A**, a true and correct copy of the Death Certificate.

2. A Notice Stating a Party's Death is contained herein and filed as part of this pleading.

3. Under Fed. R. Civ. P. 25(a)(1), upon the death of a party, the Court may substitute any party as the decedent's successor or representative within 90 days of the date of the Suggestion of Death. Fed. R. Civ. P. 25(a)(1). *Broyle v. Eagle Picher Ind., et al.*, 123 F.R.D. 230 (M.D. La.

1988) granting motion to substitute surviving spouse as plaintiff in the action under Rule 25 of the Federal Rules of Civil Procedure.

4. Specifically, Fed. R. Civ. P. 25(a)(1) states in relevant part: "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party . . . ." Fed. R. Civ. P. 25(a)(1).

5. Here, it is undisputed that Decedent's claims were not extinguished by reason of his death. Moreover, Plaintiff has a meritorious action for product liability against the Defendants.

6. In addition, Dawn A. Burton, as the proposed surviving heir of Leonard White and appointed Executrix of Leonard White's Estate, is the appropriate party to substitute as Plaintiff. *See Washington v. Louisiana*, Civ. A. No. 11-334, 2013 WL 4048561 *3 (M.D. La., Aug. 9, 2013).

7. Dawn A. Burton is Leonard White's surviving heir and appointed Executrix of Leonard White's Estate, she is authorized to make all decisions related to the Estate claims set forth in this civil action. Additionally, she will properly dispose of any damage awards or settlement proceeds which may be awarded as a result of Decedent's claim. Please see Leonard White's Last Will and Testament, attached as ***Exhibit B.***

8. Furthermore, Dawn A. Burton has filed her Motion within the specified time period set forth in the Rules.

9. Finally, Defendants will not be prejudiced by this substitution of parties.

WHEREFORE, Dawn A. Burton the and appointed Executrix of Leonard White's Estate, respectfully requests that this Court enter an Order consistent with the proposed form of Order substituting Dawn A. Burton as the Plaintiff in this action.

Respectfully submitted,

*[signature]*

**SOMMERMAN, MCCAFFITY & QUESADA, LLP**
Andrew B. Sommerman
Texas State Bar No. 18842150
3811 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219-4461
(214) 720-0720 (telephone)
(214) 720-0184 (facsimile)
andrew@textrial.com

ATTORNEY FOR PLAINTIFF

# Exhibit A

# STATE OF TEXAS
## CERTIFICATION OF VITAL RECORD

## DEPARTMENT OF STATE HEALTH SERVICES
## VITAL STATISTICS UNIT

TEXAS DEPARTMENT OF STATE HEALTH SERVICES - VITAL STATISTICS
SEP 13 2016

**STATE OF TEXAS — CERTIFICATE OF DEATH — STATE FILE NUMBER 142-16-130922**

1. LEGAL NAME OF DECEASED (Include AKA's, if any) (First, Middle, Last) (Maiden): **LEONARD LYLE WHITE**
2. DATE OF DEATH - ACTUAL OR PRESUMED (mm-dd-yyyy): **SEPTEMBER 6, 2016**
3. SEX: **MALE**
4. DATE OF BIRTH: **SEPTEMBER 24, 1932**
5. AGE-Last Birthday (Years): **83**
6. BIRTHPLACE (City & State or Foreign Country): **CURTIS, NE**
7. SOCIAL SECURITY NUMBER: **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**
8. MARITAL STATUS AT TIME OF DEATH: ☒ Married
9. SURVIVING SPOUSE'S NAME: **BETTY HAMILTON**
10a. RESIDENCE STREET ADDRESS: **306 HENDERSON STREET**
10c. CITY OR TOWN: **MOUNT PLEASANT**
10g. INSIDE CITY LIMITS? ☒ Yes
10d. COUNTY: **TITUS**
10e. STATE: **TEXAS**
10f. ZIP CODE: **75455**
11. FATHER'S NAME PRIOR TO FIRST MARRIAGE: **CLYDE WHITE**
12. MOTHER'S NAME PRIOR TO FIRST MARRIAGE: **CARRIE MORTENSON**
13. PLACE OF DEATH: ☒ Decedent's Home
14. COUNTY OF DEATH: **TITUS**
15. CITY/TOWN, ZIP: **MOUNT PLEASANT, 75455**
16. FACILITY NAME (street address): **306 HENDERSON STREET**
17. INFORMANT'S NAME & RELATIONSHIP TO DECEASED: **LETITIA HOWELL - DAUGHTER**
18. MAILING ADDRESS OF INFORMANT: **3104 FOREST AVENUE, FORT WORTH, TX 76112-7002**
19. METHOD OF DISPOSITION: ☒ Burial
20. SIGNATURE AND LICENSE NUMBER OF FUNERAL DIRECTOR: **JIM ORTNER, BY ELECTRONIC SIGNATURE - 112556**
21. Section: **DEVOTION**; Block: ; Lot: **83**; Space: **1**
22. PLACE OF DISPOSITION: **MOUNT OLIVET CEMETERY**
23. LOCATION: **FORT WORTH, TX**
24. NAME OF FUNERAL FACILITY: **GREENWOOD F H CREMATION - MOUNT OLIVET CHAPEL**
25. COMPLETE ADDRESS OF FUNERAL FACILITY: **2301 NORTH SYLVANIA AT N.E. 28TH ST, FORT WORTH, TX 76111**
26. CERTIFIER: ☒ Medical Examiner/Justice of the Peace
27. SIGNATURE OF CERTIFIER: **KAY MCNUTT, BY ELECTRONIC SIGNATURE**
28. DATE CERTIFIED: **SEPTEMBER 9, 2016**
29. LICENSE NUMBER:
30. TIME OF DEATH: **06:31 PM**
31. PRINTED NAME, ADDRESS OF CERTIFIER: **KAY MCNUTT, 100 S. MADISON, SUITE 100, MOUNT PLEASANT, TX 75455**
32. TITLE OF CERTIFIER: **JP**

33. PART 1. CHAIN OF EVENTS:
 a. IMMEDIATE CAUSE: **HYPERTENSION** — Approximate Interval: **UNKNOWN**
 b. Due to: **THROMBUS IN LEG** — **UNKNOWN**
 c.
 d.

PART 2. OTHER SIGNIFICANT CONDITIONS:
34. WAS AN AUTOPSY PERFORMED? ☒ No
35. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH?
36. MANNER OF DEATH: ☒ Natural
37. DID TOBACCO USE CONTRIBUTE TO DEATH? ☒ Unknown
38. IF FEMALE:
39. IF TRANSPORTATION INJURY:
40a. DATE OF INJURY:
40b. TIME OF INJURY:
40c. INJURY AT WORK?
40d. PLACE OF INJURY:
40e. LOCATION:
40f. COUNTY OF INJURY:
41. DESCRIBE HOW INJURY OCCURRED:

42a. REGISTRAR FILE NO.: **01-194**
42b. DATE RECEIVED BY LOCAL REGISTRAR: **SEPTEMBER 13, 2016**
42c. REGISTRAR: **REGISTRAR - TITUS COUNTY CLERK, ELECTRONICALLY FILED**
EDR NUMBER: **000001963776**

JLF

This is a true and correct reproduction of the original record as recorded in this office. Issued under authority of Section 191.051, Health and Safety Code.

ISSUED **SEP 14 2016**



**VICTOR A. FARINELLI**
ACTING STATE REGISTRAR



WARNING: THIS DOCUMENT HAS A DARK BLUE BORDER AND A COLORED BACKGROUND

# Exhibit B

FLANAGAN & FLANAGAN
ATTORNEYS AT LAW
P. O. BOX 1224
1312 SOUTH JEFFERSON
MT. PLEASANT, TEXAS 75456-1224

THE STATE OF TEXAS ()

COUNTY OF TITUS ()

KNOW ALL MEN BY THESE PRESENTS:

That I, L. LYLE WHITE, of Titus County, Texas, being of sound and disposing mind, memory and understanding, in view of the uncertainty of human life, and for the purposes of making the best disposition of my worldly affairs, do make, declare and publish this, my last will and testament, hereby revoking all wills and codicils at any time heretofore made by me.

I.

I hereby direct that all of my just debts and funeral expenses, as well as the costs and expenses of the administration of my estate, including, but not limited to cost of court, State Inheritance taxes and Federal Estate taxes, if any, be paid as soon as practicable after my demise.

II.

After payment of all my just debts as set forth in Paragraph No. I, I will and bequeath Ten Per Cent (10%) of my gross estate to my daughter, DAWN A. BURTON, as compensation for her services as Independent Executrix of my estate.

III.

After delivery of my special bequest in Paragraph No. II, I will and bequeath all of the rest and remainder of my property of whatsoever kind and character, real, personal and mixed and wheresoever located unto my beloved children, DAWN A. BURTON, LETITIA A. HOWELL and SCOTT ALDEN WHITE, equally, each to share and share alike.

IV.

I hereby direct that if either of my said children herein named should precede me in death, then and in such event, all of the property to which such deceased child would have received under the terms of this will, shall go to and vest in his/her child or children,

_____
L. LYLE WHITE