Patrick J. Mulligan, TX SBN 14651270
Charles G. Orr, TX SBN 00788148
**THE MULLIGAN LAW FIRM**
3710 Rawlins Street, #901
Dallas, TX  75219
Telephone: (214) 219-9779
Facsimile: (214) 520-8789

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) MDL No. 2592 ) ) SECTION:   L ) JUDGE FALLON ) MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO: *Charles Baker v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-03393 *Kimberly Bowes v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-00410 *Willie Campbell v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-13017 *Orlen Donnelly, Individually and on Behalf of the Estate of Mary Donnelly v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-03326 *Frances Gatins v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-13097 *Lorraine Perri, Individually and on Behalf of the Estate of Charles Grant v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-03367 *Devan Haben v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-11465 *William Locke v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-12818 | **RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFFS WITH  ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES** |

**Response to Show Cause Order**  Page 1

|  |  |
|---|---|
| *David Mann v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-12699 | ) ) ) |
| *Janet Matteson, Individually and on Behalf of the Estate of Harold Matteson v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-13250 | ) ) ) ) ) |
| *Cheryl Mitchell, Individually and on Behalf of the Estate of Wilma Mitchell v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-05780 | ) ) ) ) |
| *Garry Paxson v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-05781 | ) ) ) |
| *Kenneth Potier v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-12876 | ) ) ) |
| *Dorothy Ramirez, Individually and on Behalf of Maurice Ramirez v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-12885 | ) ) ) ) |
| *Natalie Ruff v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-01625 | ) ) ) |
| *Vivian Gray, Individually and on Behalf of the Estate of Mable Scarborough v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-02155 | ) ) ) ) |
| *Kenneth Scott v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-11986 | ) ) ) |
| *Thabet Warrad v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-12026 | ) ) ) |

Defendants moved for, and this Court entered, an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets (PFSs) should not be dismissed with prejudice. Eighteen plaintiffs represented by The Mulligan Law Firm appear on the show cause order. For purposes of responding, Mulligan has grouped these plaintiffs into four categories: (1) cases in which the alleged deficiencies do not exist; (2) cases in which the

**Response to Show Cause Order** Page 2

alleged deficiencies have been cured; (3) cases in which the alleged deficiencies have not been cured but Mulligan reasonably anticipates curing those deficiencies and seeks a modest extension of time to do so; and (4) cases in which Mulligan will not contest dismissal.

1. **Cases in which the alleged deficiencies do not exist and the show cause order should be dismissed.**

There are two cases about which Mulligan asserts that the deficiency or deficiencies alleged by Defendants have no basis:

- *Lorraine Perri, Individually and on Behalf of the Estate of Charles Grant* (Grant) (# 159 in the show cause order) (No. 2:16-cv-03367)

- *Dorothy Ramirez, Individually and on Behalf of the Estate of Maurice Ramirez* (Ramirez) (# 334 in the show cause order) (No. 2:16-cv-12885)

*Grant* – Defendants alleged (and therefore the show cause order reflects) two deficiencies in Mr. Grant's PFS. First, Defendants allege that Mr. Grant failed to provide copies of pharmacy or prescription records demonstrating use of Xarelto. Second, Defendants allege that Mr. Grant failed to provide the name of the physician who prescribed his Xarelto. As to the first alleged deficiency, Mr. Grant produced records from JFK Medical Center to Defendants evidencing Xarelto use. *See* Document ID 226941 at 5, 13, 20, and 22 (page references are to page of pdf uploaded at Document ID 226941; each reference to PID is boxed for ease of location). We have ordered pharmacy records that have not yet arrived but that we will promptly upload upon receipt. But even without those, the PID in Mr. Grant's medical records establishes that Mr. Grant used Xarelto. Accordingly, his case should not be dismissed for lack of product ID in pharmacy records. As to the second alleged deficiency, Mr. Grant's representative, Ms. Perri, does not know the name of the physician who prescribed Xarelto for Mr. Grant, so the PFS response for this question is as complete as it can be under the circumstances. A sworn "I don't

know or recall" response to the question asking the identity of the prescriber is not a core deficiency warranting dismissal of Mr. Grant's claims with prejudice.

*Ramirez* – Defendants allege (and therefore the show cause order reflects) one deficiency in Mr. Ramirez's PFS, namely, that he failed to provide copies of pharmacy or prescription records demonstrating use of Xarelto. Mr. Ramirez produced records from Desert Regional Medical Center to Defendants evidencing Xarelto use. *See* Document ID 266795 at 6, 8 (page references are to page of pdf uploaded at Document ID 226795; each reference to PID is boxed for ease of location). We have ordered pharmacy records that have not yet arrived but that we will promptly upload upon receipt. But even without those, the PID in Mr. Ramirez's medical records establishes that Mr. Ramirez used Xarelto. Accordingly, his case should not be dismissed for lack of product ID in pharmacy records.

For these reasons, we respectfully request that the show cause order be dismissed as to Grant and Ramirez.

**2. Cases in which the alleged deficiencies have been cured and the show cause order should be dismissed.**

There are four cases in which Mulligan has cured the alleged deficiencies:

- *Janet Matteson, Individually and on Behalf of the Estate of Harold Matteson v. Janssen Research & Development LLC, et al.* (Matteson) (# 254 in the show cause order) (No. 2:16-cv-13250)

- *Cheryl Mitchell, Individually and on Behalf of the Estate of Wilma Mitchell v. Janssen Research & Development LLC, et al.* (Mitchell) (# 281 in the show cause order) (No. 2:16-cv-05780)

- *Garry Paxson v. Janssen Research & Development LLC, et al.* (Paxson) (# 314 in the show cause order) (No. 2:16-cv-05781)

- *Kenneth Potier v. Janssen Research & Development LLC, et al.* (Potier) (#327 in the show cause order) (No. 2:16-cv-12876)

*Matteson* – The two alleged deficiencies in the show cause order are that Mr. Matteson failed to provide a response containing the city and state for each prescribing physician and that the medical records provided do not demonstrate the alleged injury. On January 5, 2017, before Defendants filed their show cause motion, Mr. Matterson served an amended PFS (Document ID 306329) that cured these alleged deficiencies.

*Mitchell* – The sole alleged deficiency in the show cause order is that the medical records provided do not demonstrate the alleged injury. Mitchell cured this alleged deficiency by serving an amended PFS (Document ID 305025) on December 28, 2016, before Defendants filed their show cause motion. Defendants served an amended deficiency notice on January 5, 2017, asserting the "medical records do not demonstrate alleged injury" deficiency. Mitchell promptly responded through her counsel, who submitted a letter that same date (again, before Defendants filed their show cause motion) identifying the document (and page number) containing the alleged injury (Document ID 254891, at 15).

*Paxson* – The sole alleged deficiency in the show cause order is that the medical records provided do not demonstrate the alleged injury. On January 5, 2017, before Defendants filed their show cause motion, Mr. Paxson served an amended PFS (Document ID 306336) that cured this alleged deficiency.

*Potier* – The sole alleged deficiency in the show cause order is that the medical records provided do not demonstrate the alleged injury. On December 28, 2016, before Defendants filed their show cause motion, Mr. Potier served medical records (Document ID 305031) and an amended PFS (Document ID 305033) that cured this alleged deficiency.

Because Plaintiffs Matteson, Mitchell, Paxson, and Potier all have cured the alleged deficiencies, we respectfully request that the show cause order be dismissed as to these cases.

3. **Cases in which the alleged deficiencies have not been cured but Mulligan reasonably anticipates doing so and requests a modest extension of time.**

There are eight cases in which the alleged deficiency is the absence of a signed declaration but Mulligan reasonably anticipates obtaining a signed declaration and requests a 60-day extension of time:

- *Kimberly Bowes v. Janssen Research & Development LLC, et al.* (Bowes) (# 44 in the show cause order) (No. 2:16-cv-00410)

- *Willie Campbell v. Janssen Research & Development LLC, et al.* (# 67 in the show cause order) (No. 2:16-cv-13017)

- *Frances Gatins v. Janssen Research & Development LLC, et al.* (# 146 in the show cause order) No. 2:16-cv-13097

- *Devan Haben v. Janssen Research & Development LLC, et al.* (# 169 in the show cause order) (No. 2:16-cv-11465)

- *William Locke v. Janssen Research & Development LLC, et al.* (# 238 in the show cause order) (No. 2:16-cv-12818)

- *David Mann v. Janssen Research & Development LLC, et al.* (Mann) (# 250 in the show cause order) (No. 2:16-cv-12699)

- *Kenneth Scott v. Janssen Research & Development LLC, et al.* (# 359 in the show cause order) (No. 2:16-cv-11986)

- *Thabet Warrad v. Janssen Research & Development LLC, et al.* (# 440 in the show cause order) (No. 2:16-cv-12026)

The alleged deficiency in each of these eight cases is the absence of a signed declaration from the plaintiff.[1]  Importantly, no substantive deficiency is alleged in any of these cases regarding product identification or proof of a Xarelto-related injury.  Indeed, in each of the eight cases, Mulligan produced a complete PFS including PID and injury records.  Mulligan was able to prepare each such PFS because each plaintiff cooperated with Mulligan in the obtaining of

---

[1] In Bowes, Defendants also asserted a deficiency for failure to provide executed HIPAA and other authorization forms.

**Response to Show Cause Order**                                                                                       Page 6

such records. In other words, these are not cases where the plaintiff failed to provide a PFS, which can be taken as evidence that the plaintiff is not interested in pursuing her Xarelto-related claims. Rather, these are instances where the plaintiffs have been temporarily non-responsive and Mulligan is taking all reasonable steps to obtain the needed signed declaration.[2]

Under these circumstances, Mulligan respectfully requests that the Court grant a 60-day extension of time to allow each of these eight plaintiffs to cure the deficiency.

**4. Cases in which Mulligan will not contest dismissal.**

There are four cases on the show cause order in which Mulligan will not contest dismissal:

- *Charles Baker v. Janssen Research & Development LLC, et al.* (# 15 on the show cause order) (No. 2:16-cv-03393)

- *Orlen Donnelly, Individually and on Behalf of the Estate of Mary Donnelly v. Janssen Research & Development LLC, et al.* (# 113 on the show cause order) (No. 2:16-cv-03326)

- *Natalie Ruff v. Janssen Research & Development LLC, et al.* (# 351 on the show cause order) (No. 2:15-cv-01625)

- *Vivian Gray, Individually and on Behalf of the Estate of Mable Scarborough v. Janssen Research & Development LLC, et al.* (# 356 on the show cause order) (No. 2:16-cv-02155)

In each of these four cases, the alleged deficiencies are substantive in nature and, despite the best efforts of counsel and the plaintiffs, the deficiencies cannot be cured. Mulligan does not have written permission from any of these claimants to agree to stipulate to the dismissal of these claims with prejudice. However, Mulligan has no basis to contest such a dismissal at this time and has so advised each of these plaintiffs.

---

[2] In the instance of David Mann, Mr. Mann unfortunately passed away last year before we could secure his signed declaration. We have been in contact with his heirs and are working toward filing a suggestion of death and a motion to substitute a representative of Mr. Mann's estate as the party plaintiff in his Xarelto case.

DATED:  January 20, 2017 THE MULLIGAN LAW FIRM

By: /s/ *Charles G. Orr*
Charles G. Orr
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2017, a copy of the above and foregoing document has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

By: /s/ *Charles G. Orr*
Charles G. Orr
Attorney for Plaintiffs