UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | |

### DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GROUND THAT FEDERAL LAW PREEMPTS PLAINTIFFS' DOSING, MONITORING, AND OTHER DESIGN-RELATED CLAIMS

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development LLC, Janssen Ortho LLC, and Johnson & Johnson (collectively, "Defendants") move for partial summary judgment on the ground that federal law preempts Plaintiffs' dosing, monitoring, and other design-related related claims. Defendants are contemporaneously filing under seal a memorandum in support that quotes from documents protected from public disclosure by PTO 12.

As relevant here, Plaintiffs contend that Xarelto's FDA-approved dosages are improper, that doctors should have been instructed to monitor their patients' Xarelto-related coagulation parameters for dose-adjustment purposes, and that Xarelto should have been designed for use with a reversal agent. Federal law preempts these design-related claims because they would require Defendants to take actions that they cannot lawfully take "independently."

**1.     Federal law preempts Plaintiffs' claim that Xarelto is unreasonably dangerous because the medicine's FDA-approved dosages are too high.** Plaintiffs contend (1) that Xarelto's cumulative daily dose should be lower than those approved by FDA, (2) that Xarelto

2845740-1

should be dosed twice daily rather than once, as indicated by FDA, and (3) that doctors should be instructed to adjust the FDA-approved doses according to the results of coagulation-monitoring tests. These dosing-related claims—all of which challenge Xarelto's FDA-approved design—are both contrary to law and dangerous to public health.

        a.     Under applicable FDA regulations and binding Supreme Court precedent, no prescription-drug manufacturer can change an approved medicine's design "independently" or "unilaterally," *i.e.*, without prior FDA approval. *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466, 2470–71 (2013). Were it to do so, "the altered chemical would be a new drug" requiring new FDA approval. *Id.* at 2475. And yet that is precisely what Plaintiffs here would have Defendants do—in particular, by altering the dosages that FDA approved for Xarelto. Because Defendants cannot "independently" change agency-approved dosages—and indeed are flatly prohibited from doing so—Plaintiffs dosing-related claims are preempted. *Bartlett*, 133 S. Ct. at 2470; *see also, e.g.*, *Yates v. Ortho-McNeil-Janssen*, 808 F.3d 281 (6th Cir. 2015).

        b.     As a public-health matter, that *must* be the law. Plaintiffs' contrary position threatens dangerous chaos. Neither Congress nor FDA could possibly have intended a regime in which, despite the agency's years-in-the-making determination that a 15 or 20 mg once-daily dose of Xarelto for atrial fibrillation patients appropriately balances the twin statutory objectives of safety and efficacy, Defendants could simply decide—on their own and without further authorization—that a different dosage would be better.

        2.     **Federal law preempts Plaintiffs' claim that Xarelto is unreasonably dangerous because it does not entail a requirement or recommendation that doctors monitor their patients' Xarelto-related coagulation parameters.** Relatedly, Plaintiffs assert that Xarelto should have specifically incorporated or entailed a requirement that doctors monitor their patients'

2

2845740-1

coagulation parameters for dose-adjustment purposes. That claim, too, is preempted.

    a. Defendants cannot "independently" alter Xarelto's design or labeling to incorporate a monitoring requirement or recommendation. Because no monitoring test or assay has been cleared or approved for use with Xarelto, any such recommendation would require fresh agency approval. *See* Guidance for Industry and FDA Staff: In Vitro Companion Diagnostic Devices at 10–12 (Aug. 6, 2014). And it would be passing strange to fault Defendants for failing to recommend an *unapproved* use of any existing test or assay.

    b. Moreover, even if Defendants could have independently added monitoring language to Xarelto's label, "clear evidence" demonstrates that FDA "would not have approved" (and in fact expressly rejected) the change. *Levine*, 555 U.S. at 571. Janssen, as the company vested with U.S. regulatory responsibility for Xarelto, specifically (and repeatedly) sought to include monitoring language, but FDA rejected it. That "clear evidence" satisfies the *Levine* standard and preempts Plaintiffs' claims.

   3. **Federal law preempts Plaintiffs' claim that Xarelto is unreasonably dangerous in the absence of a reversal agent.** Plaintiffs' assert that Xarelto is defectively designed and unreasonably dangerous because it was marketed (as its FDA-approved label unambiguously advises) without a reversal agent. That claim is preempted for the simple reason that Defendants cannot "independently" develop and market (or alter Xarelto's design to incorporate) a reversal agent—which, as a separate drug product, requires separate FDA pre-approval.

* * *

For the reasons outlined above and set forth more fully in the accompanying memorandum in support, federal law preempts Plaintiffs' dosing, monitoring, and other design-related claims. The Court should grant Defendants summary judgment on those claims.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com


Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com


Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com



IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC, and Johnson & Johnson*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: /s/ *Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com


CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
Chaffe McCall L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

4

2845740-1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of January, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system and a copy of the proposed documents to be placed under seal sent to Plaintiffs' Liaison Counsel by email transmission.

/s/    John F. Olinde