# Exhibit 19

Protected - Subject to Further Protective Review

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION         MDL No. 2592
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~        SECTION L

THIS DOCUMENT RELATES TO ALL          Judge Eldon E. Fallon
CASES                                 Mag. Judge North

- PROTECTED -

- SUBJECT TO FURTHER PROTECTIVE REVIEW -

THURSDAY, DECEMBER 8, 2016

SUZANNE PARISIAN, M.D.

       Videotaped deposition of SUZANNE PARISIAN,
M.D., held at the law offices of Burg Simpson, 2398
East Camelback Road, Suite 1010, Phoenix, Arizona,
commencing at 9:13 a.m., on the above date, before
Sommer E. Greene, a Certified Court Reporter and
Certified Realtime Reporter.

Protected - Subject to Further Protective Review

Page 2

```
 1    APPEARANCES OF COUNSEL
 2
 3         For Plaintiffs:
 4
              LEVIN, FISHBEIN, SEDRAN & BERMAN
 5            MICHAEL M. WEINKOWITZ, ESQ.
              510 Walnut Street, Suite 500
 6            Philadelphia, Pennsylvania 19106
              215.592.1500
 7            Mweinkowitz@lfsblaw.com
 8
              SCHLICHTER, BOGARD & DENTON
 9            ASHLEY BRITTAIN-LANDERS, ESQ.
              100 South Fourth Street, Suite 1200
10            St. Louis, Missouri 63102
              314.621.6115
11            Abrittain@uselaws.com
12
13         For Janssen Defendants:
14            BARNES & THORNBURG, LLP
              JAMES F. MURDICA, ESQ.
15            One North Wacker Drive, Suite 4400
              Chicago, Illinois 60606
16            312.357.1313
              Jmurdica@btlaw.com
17
18            BARNES & THORNBURG LLP
              SARAH E. JOHNSTON, ESQ.
19            2029 Century Park East, Suite 300
              Los Angeles, California 90067
20            310.284.3880
              Sjohnston@btlaw.com
21
22
23
24
25
```

Protected - Subject to Further Protective Review

Page 3

```
 1    APPEARANCES CONTINUED
 2
 3         For Janssen Defendants:
 4
              DRINKER BIDDLE & REATH, LLP
 5            JULIE L. TERSIGNI, ESQ.
              600 Campus Drive
 6            Florham Park, NJ 07392
              973.549.7106
 7            Julie.tersigni@dbr.com
 8
           For Bayer Defendants:
 9
              BARTLIT, BECK, HERMAN, PALENCHAR
10            & SCOTT
              STEVEN E. DERRINGER, ESQ.
11            54 West Hubbard Street, Suite 300
              Chicago, Illinois 60654
12            312.494.4415
              Steven.derringer@bartlit-beck.com
13
14
           Also Present:
15
              Videographer, Cody Warren
16
17
18
19
20
21
22
23
24
25
```

1  Q.  Okay.  Now, you just mentioned one section.  It
2  is also true that the highlights cannot be changed
3  without prior approval.  Correct?
4       A.  Right.
5       Q.  Okay.
6       A.  And those are -- highlights would tend to have
7  what the indications for use are, the patient population,
8  and so that actually came about in 2006.  And it's really
9  not -- it's really not been addressed, but the regulation
10 says that the highlights section should stay the same and
11 get FDA approval.
12      Q.  Okay.  And what you're referring to in 2006,
13 that's referred to as a PLR.  Right?
14      A.  Yes, physician's label.
15      Q.  And you were not at FDA at the time that the
16 PLR became effective.  Correct?
17      A.  No.  I left in 1995.
18      Q.  And the PLR changed 201.57.  Correct?
19      A.  It changed 201.57, moving 201.57 to 201.80
20 for -- pre-2006, and then it had a new 201.57.
21      Q.  And it also changed the contents of 201.57.
22 Correct?
23      A.  Well, it changed the format.  So the format had
24 changed, and so, yeah, it did.  Like warnings and
25 precautions were put together.  So there are certain

Protected - Subject to Further Protective Review

Page 56

1  2016 in the highlights section.  On the final page of the
2  exhibit, it says revised May 2016.
3     Q.    BY MR. MURDICA:  Dr. Parisian, are you ready to
4  proceed?
5     A.    Yes, sir.
6     Q.    Okay.  Dr. Parisian, does this appear to you to
7  be the current Xarelto label?
8     A.    Yes, sir.
9     Q.    What I'd like to do with you is to walk through
10 the different sections and have you just say yes,
11 requires a prior approval supplement to change, or no.
12 Okay?
13           So if you look at page 1, do you agree that
14 this is the highlights section?
15    A.    Yes, sir.
16    Q.    I believe you already testified changing this
17 requires prior approval supplement.  Correct?
18    A.    According to the regulations, yes, sir.
19    Q.    Okay.  And you're not going to disagree with
20 the regulations.  Correct, Doctor?
21    A.    No, sir.
22    Q.    Okay.
23    A.    Why would I?
24    Q.    Now, page 3, do you see where it says full
25 prescribing information?

Golkow Technologies, Inc. - 1.877.370.DEPS

Protected - Subject to Further Protective Review

Page 57

```
 1      A.    Yes, sir.
 2      Q.    All right.  Now, in this area, we see first a
 3   black-box warning.  Is that right?
 4      A.    Yes, sir.
 5      Q.    All right.  And we have agreement that this
 6   cannot be changed without a prior approval supplement.
 7   Correct?
 8      A.    It has -- that's correct.
 9      Q.    Okay.
10      A.    Because the company actually has to remove
11   this, and FDA said no, it has to stay in.  So it has
12   to -- FDA has to pass on this --
13      Q.    Okay.
14      A.    -- to remove it or put a new black-box warning.
15      Q.    Section number 1, which is also on page 3, you
16   see it says indications in usage, Dr. Parisian?
17      A.    Yes, sir.
18      Q.    I believe you testified earlier that to change
19   this section you also need prior approval.  Correct?
20      A.    Right, because this is what you can market the
21   drug for.
22      Q.    Okay.  Section number 2, dosage and
23   administration, another one that requires prior approval.
24   Correct?
25      A.    Yes.
```

Protected - Subject to Further Protective Review

Page 58

```
 1      Q.    Section 3, which is on page --
 2      A.    It depends, though.  It depends if the company
 3   were to know that they need to -- because they're allowed
 4   to improve or strengthen their warnings and their
 5   instructions for use.  So it depends on what the changes
 6   are that they're making, and these are the approved
 7   indications that the FDA has approved, but if the company
 8   knew that something was not correct, the CBE would permit
 9   that, and they'd have to provide the information to the
10   FDA.  So this is a depends.  Depends what the changes
11   they're making.
12      Q.    Okay.  Section 2, dosage and administration,
13   which -- that -- what we were on just now --
14      A.    Right.
15      Q.    -- on --
16      A.    Right.
17      Q.    -- page 4 where you just gave that answer?
18      A.    Yes, sir.
19      Q.    Your testimony is that dosage and
20   administration may be changed without prior approval.  Is
21   that correct?
22      A.    The dosage probably won't.  If there's
23   instructions that the manufacturer knows to improve the
24   -- the dosing, that would be allowed under CBE, but the
25   dose itself probably wouldn't.
```

Protected - Subject to Further Protective Review

Page 58

```
 1      Q.    Section 3, which is on page --
 2      A.    It depends, though.  It depends if the company
 3   were to know that they need to -- because they're allowed
 4   to improve or strengthen their warnings and their
 5   instructions for use.  So it depends on what the changes
 6   are that they're making, and these are the approved
 7   indications that the FDA has approved, but if the company
 8   knew that something was not correct, the CBE would permit
 9   that, and they'd have to provide the information to the
10   FDA.  So this is a depends.  Depends what the changes
11   they're making.
12      Q.    Okay.  Section 2, dosage and administration,
13   which -- that -- what we were on just now --
14      A.    Right.
15      Q.    -- on --
16      A.    Right.
17      Q.    -- page 4 where you just gave that answer?
18      A.    Yes, sir.
19      Q.    Your testimony is that dosage and
20   administration may be changed without prior approval.  Is
21   that correct?
22      A.    The dosage probably won't.  If there's
23   instructions that the manufacturer knows to improve the
24   -- the dosing, that would be allowed under CBE, but the
25   dose itself probably wouldn't.
```

Protected - Subject to Further Protective Review

Page 59

1     Q.    Okay.

2     A.    Okay.  Next.

3     Q.    Section 3, dosage, form and strength.  You
4 agree that that cannot be changed without prior approval.
5 Correct?

6     A.    Yes, that would be what's the approved dosage.

7     Q.    Okay.  Section 4, contraindications.  You
8 testified earlier that that cannot be changed without
9 prior FDA approval.  Correct?

10     A.    Typically, because that's considering changing
11 the patient population.

12     Q.    Okay.  Section 5, warnings and precautions.
13 That can be changed by CBE.  Correct?

14     A.    Yes, sir.

15     Q.    Section 6, adverse reactions.

16     A.    Adverse reactions can be changed with a CBE.

17     Q.    Section 7, drug interactions, cannot be
18 changed without prior approval.  Correct?

19     A.    I'm trying to think.  It depends.  It depends
20 on, again, if there was something that the company had
21 found out about in terms of instructions for use that
22 needed to be in there.  Typically, it's not changed, but
23 if there was some reason that the manufacturer needed to
24 change it, they could change that.

25     So we're up to 7?

Protected - Subject to Further Protective Review

Page 369

1 CERTIFICATE OF REPORTER
2 STATE OF ARIZONA )
 )
3 COUNTY OF MARICOPA )
4
5       I, Sommer E. Greene, a Certified Reporter in the
  State of Arizona, do hereby certify that the foregoing
6 deposition was taken before me in the County of Maricopa,
  State of Arizona; that an oath or affirmation was duly
7 administered to the witness, SUZANNE PARISIAN, M.D.,
  pursuant to A.R.S. 41-324(B); that the questions
8 propounded to the witness and the answers of the witness
  thereto were taken down by me in shorthand and thereafter
9 reduced to typewriting; that the transcript is a full,
  true and accurate record of the proceeding, all done to
10 the best of my skill and ability; and that the
  preparation, production and distribution of the
11 transcript and copies of the transcript comply with the
  Arizona Revised Statutes and ACJA 7-206(j)(1)(g)(1) and
12 (2).
          The witness herein, SUZANNE PARISIAN, M.D.,
13 has requested signature.
          I FURTHER CERTIFY that I am in no way related
14 to any of the parties nor am I in any way interested in
  the outcome hereof.
15
16          IN WITNESS WHEREOF, I have set my hand in my
  office in the County of Maricopa, State of Arizona, this
17 11th of December, 2016.
18
19
                                 ---------------------------------
20                               Sommer E. Greene, RPR, CRR
                                 Certified Reporter 50622
21
22
23
24
25

Golkow Technologies, Inc. - 1.877.370.DEPS

Page 372

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION        MDL No. 2592
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~       SECTION L

THIS DOCUMENT RELATES TO ALL         Judge Eldon E. Fallon
CASES                                Mag. Judge North

- PROTECTED -

- SUBJECT TO FURTHER PROTECTIVE REVIEW -

FRIDAY, DECEMBER 9, 2016

SUZANNE PARISIAN, M.D.
VOLUME II

        Videotaped deposition of SUZANNE PARISIAN,
M.D., held at the law offices of Burg Simpson, 2398
East Camelback Road, Suite 1010, Phoenix, Arizona,
commencing at 8:48 a.m., on the above date, before
Sommer E. Greene, a Certified Court Reporter and
Certified Realtime Reporter.

Protected - Subject to Further Protective Review

Page 373

```
 1    APPEARANCES OF COUNSEL
 2
 3         For Plaintiffs:
 4
              LEVIN, FISHBEIN, SEDRAN & BERMAN
 5            MICHAEL M. WEINKOWITZ, ESQ.
              510 Walnut Street, Suite 500
 6            Philadelphia, Pennsylvania 19106
              215.592.1500
 7            Mweinkowitz@lfsblaw.com
 8
              SCHLICHTER, BOGARD & DENTON
 9            ASHLEY BRITTAIN-LANDERS, ESQ.
              100 South Fourth Street, Suite 1200
10            St. Louis, Missouri 63102
              314.621.6115
11            Abrittain@uselaws.com
12
13         For Janssen Defendants:
14            BARNES & THORNBURG, LLP
              JAMES F. MURDICA, ESQ.
15            One North Wacker Drive, Suite 4400
              Chicago, Illinois 60606
16            312.357.1313
              Jmurdica@btlaw.com
17
18            BARNES & THORNBURG LLP
              SARAH E. JOHNSTON, ESQ.
19            2029 Century Park East, Suite 300
              Los Angeles, California 90067
20            310.284.3880
              Sjohnston@btlaw.com
21
22
23
24
25
```

Protected - Subject to Further Protective Review

Page 374

```
 1   APPEARANCES CONTINUED
 2
 3         For Janssen Defendants:
 4
               DRINKER BIDDLE & REATH, LLP
 5             JULIE L. TERSIGNI, ESQ.
               600 Campus Drive
 6             Florham Park, New Jersey 07932
               973.549.7106
 7             Julie.tersigni@dbr.com
 8
           For Bayer Defendants:
 9
               BARTLIT, BECK, HERMAN, PALENCHAR
10             & SCOTT, LLP
               STEVEN E. DERRINGER, ESQ.
11             54 West Hubbard Street, Suite 300
               Chicago, Illinois 60654
12             312.494.4415
               Steven.derringer@bartlit-beck.com
13
14
           Also Present:
15
               Videographer, Samantha Elliot
16
17
18
19
20
21
22
23
24
25
```

Protected - Subject to Further Protective Review

Page 480

```
 1   always that there was a lack of a reversal agent.  Right?
 2        A.    Well, that is opinion 4.
 3        Q.    14.
 4        A.    14.  Opinion 14.
 5        Q.    Look at the last sentence.
 6        A.    Well, I think this totally supports it.
 7   They're giving a mixed message.  Yes, the label --
 8        Q.    Remember my question, Dr. Parisian?
 9        A.    Yes.  Right.
10        Q.    We'll get to whether this supports it.
11        A.    But you asked me about a --
12        Q.    Remember my question.
13        A.    You asked me about opinion 14 and if I -- there
14   is in the label that there is no reversal agent.  I've
15   agreed to that.  But this is an example of a different
16   message, which is my opinion 14, about the lack of a
17   reversal agent to a pharmacist or a physician giving
18   methods suggested for treatment.  And FDA has not
19   approved any potential methods.  There's not data to
20   support any of this stuff.  And yet it's being told to
21   physicians, which then goes against what's in the label.
22        Q.    Do you --
23        A.    And so my opinion 14 I stand by, and I would
24   say that Exhibit 17 (sic) helps support it.
25        Q.    You stand by your opinion that defendants
```

Protected - Subject to Further Protective Review

Page 756

1                CERTIFICATE OF REPORTER
2    STATE OF ARIZONA      )
                           )
3    COUNTY OF MARICOPA    )
4
5           I, Sommer E. Greene, a Certified Reporter in the
     State of Arizona, do hereby certify that the foregoing
6    deposition was taken before me in the County of Maricopa,
     State of Arizona; that an oath or affirmation was duly
7    administered to the witness, SUZANNE PARISIAN, M.D.,
     pursuant to A.R.S. 41-324(B); that the questions
8    propounded to the witness and the answers of the witness
     thereto were taken down by me in shorthand and thereafter
9    reduced to typewriting; that the transcript is a full,
     true and accurate record of the proceeding, all done to
10   the best of my skill and ability; and that the
     preparation, production and distribution of the
11   transcript and copies of the transcript comply with the
     Arizona Revised Statutes and ACJA 7-206(j)(1)(g)(1) and
12   (2).
              The witness herein, SUZANNE PARISIAN, M.D.,
13   has requested signature.
              I FURTHER CERTIFY that I am in no way related
14   to any of the parties nor am I in any way interested in
     the outcome hereof.
15
16            IN WITNESS WHEREOF, I have set my hand in my
     office in the County of Maricopa, State of Arizona, this
17   10th of December, 2016.
18
19
                           ---------------------------------
20                         Sommer E. Greene, RPR, CRR
                           Certified Reporter 50622
21
22
23
24
25