# Exhibit 30

Protected - Subject to Further Protective Review

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE:  XARELTO (RIVAROXABAN):MDL 2592
PRODUCTS LIABILITY LITIGATION:
:SECTION L
THIS DOCUMENT RELATES TO     :
ALL CASES                   :JUDGE ELDON E. FALLON
:MAG. JUDGE NORTH

- - -

NOVEMBER 22, 2016

- - -

- PROTECTED -
- SUBJECT TO FURTHER PROTECTIVE REVIEW -

Videotaped deposition of ROBERT C. GOSSELIN, held at The Fairmont Hotel, 170 South Market Street, San Jose, California, on the above date, beginning at approximately 6:23 a.m., before Diane S. Martin, Certified Shorthand Reporter and Certified Realtime Reporter.

GOLKOW TECHNOLOGIES, INC.
877.370.3377 ph | 917.591.5672 fax
deps@golkow.com

Protected - Subject to Further Protective Review

Page 2

```
 1              A P P E A R A N C E S:
 2
 3    For the Plaintiffs:
 4          FERRER POIROT WANSBROUGH
            BY:  RUSS ABNEY, ESQ.
 5          2603 Oak Lawn, Suite 300
            Dallas, Texas 75219
 6          866-589-0257
            rabney@lawyerworks.com
 7
 8          LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY &
            PROCTOR, P.A.
 9          BY:  NED McWILLIAMS, ESQ.
            316 S. Baylen Street, Suite 600
10          Pensacola, Florida  32502
            850-435-7000
11          nmcwilliams@levinlaw.com
12
13
      For the Bayer defendants:
14
            NELSON MULLINS RILEY & SCARBOROUGH LLP
15          BY:  JANE T. DAVIS, ESQ.
            151 Meeting Street, Suite 600
16          Charleston, South Carolina  29401
            843-534-4317
17          jane.davis@nelsonmullins.com
18
      For the Janssen defendants:
19
            IRWIN FRITCHIE URQUHART & MOORE LLC
20          BY:  KIM E. MOORE, ESQ.
                 CARLOS A. BENACH, ESQ.
21          400 Poydras Street, Suite 2700
            New Orleans, Louisiana  70130
22          kmoore@irwinllc.com
            cbenach@irwinllc.com
23
24
25    The Videographer:       Joseph Mourgos
```

Golkow Technologies, Inc. - 1.877.370.DEPS

Protected - Subject to Further Protective Review

Page 305

1  Q. And, "3, knowledge of plasma concentrations
2  associated with increased thrombotic or hemorrhagic
3  risk"; correct?
4  A. That's what's written, correct.
5  Q. "Furthermore, clot-based and chromogenic
6  assays demonstrates variation between instrument
7  reagent systems and also lack specificity";
8  correct?
9  A. That's what's written.
10 Q. You stand by these opinions?
11 A. Yes.
12 Q. These problems that you talk about, with
13 these existing assays, would also apply to PT and
14 anti-Xa assays; correct?
15 A. I'm not sure about the PTs because we're
16 talking about quantitating DOACs.
17 Q. But certainly the anti-Xa assays; correct?
18 A. Since we're talking about quantitating
19 DOACs, not just the anti-Xas, but the ecarin
20 methods for dilute thrombin times for dabigatran as
21 well.
22 Q. Okay. Thank you.
23    And your own work demonstrates that although
24 there may be a need for this assay, no assay to date
25 has been FDA approved or has been consistent enough to

Protected - Subject to Further Protective Review

Page 306

1   validate rivaroxaban concentrations or associate
2   concentrations with hemorrhagic or thrombotic events;
3   correct?
4       A.  I'm not sure you read that verbatim, but --
5   but I would say what's written is correct.
6       Q.  So my question, sir, was that your own work
7   demonstrates there -- there may be a need for an assay?
8   You would agree with that?
9       A.  There are assays already available.
10      Q.  Okay.  But no assay to date has been FDA
11  approved or consistent enough to validate
12  rivaroxaban concentration or associate
13  concentrations with hemorrhagic or thrombotic
14  events; correct?
15          MR. ABNEY:  Object to form.
16          THE WITNESS:  Those are multiple issues,
17  and one is clinical.
18          And as far as the assays being FDA
19  approved, there are -- there are no FDA-approved
20  mass spec --
21          MS. MOORE:  We -- we --
22          THE WITNESS:  -- assays.
23          MS. MOORE:  -- covered that.
24          THE WITNESS:  No, we --
25          MR. ABNEY:  Don't interrupt the witness,

Protected - Subject to Further Protective Review

Page 307

1  please.  Let him finish his answer.
2           THE WITNESS:  We didn't cover mass spec.
3  Because most laboratories can perform mass spec
4  without getting FDA approval.  Those are lab
5  already developed tests.  There are no commercial
6  kits that are FDA approved for use --
7  BY MS. MOORE:
8      Q.  And that's --
9      A.  -- for measuring DOACs --
10     Q.  And so --
11          MR. ABNEY:  No, please don't interrupt
12 the --
13          MS. MOORE:  I --
14          MR. ABNEY:  -- witness.  Let him finish his
15 answer.
16          MS. MOORE:  I -- let -- calm down.  It's
17 okay.
18          I didn't mean to interrupt you at all.
19          MR. ABNEY:  Well, you've done it three
20 times in the middle --
21          MS. MOORE:  No.
22          MR. ABNEY:  -- of his answer.  So --
23          MS. MOORE:  I -- I just -- I'm sorry.  We're
24 trying to get through it.  It's late in the day.  It's
25 okay.

Protected - Subject to Further Protective Review

Page 374

1 REPORTER'S CERTIFICATE

2     The undersigned Certified Shorthand Reporter
3 licensed in the State of California does hereby
4 certify:
5     I am authorized to administer oaths or
6 affirmations pursuant to Code of Civil Procedure,
7 Section 2093(b), and prior to being examined, the
8 witness was duly administered an oath by me.
9     I am not a relative or employee or attorney or
10 counsel of any of the parties, nor am I a relative or
11 employee of such attorney or counsel, nor am I
   financially interested in the outcome of this action.
12     I am the deposition officer who
13 stenographically recorded the testimony in the
14 foregoing deposition, and the foregoing transcript is a
15 true record of the testimony given by the witness.
16     Before completion of the deposition, review of
17 the transcript [X] was [ ] was not requested.  If
18 requested, any changes made by the deponent (and
19 provided to the reporter) during the period allowed are
20 appended hereto.
21     In witness whereof, I have subscribed my name
22 this ____ day of _____, 2016.
23
24                              _____
25                              DIANE S. MARTIN, CSR No. 6464