UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | |

**DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE GROUND THAT FEDERAL LAW PREEMPTS PLAINTIFFS' FAILURE-TO-WARN CLAIMS**

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development LLC, Janssen Ortho LLC, and Johnson & Johnson (collectively, "Defendants") move for partial summary judgment on the ground that federal law preempts Plaintiffs' failure-to-warn claims. Defendants are filing under seal a memorandum in support that quotes from documents protected from public disclosure by PTO 12.

As recently as September 2016, FDA publicly reaffirmed Xarelto®'s favorable benefit-risk balance—and the adequacy of its label—after considering some of the same arguments that Plaintiffs advance in this litigation. In particular, after conducting an independent re-analysis of the data underlying the 14,000-patient ROCKET AF study that supported Xarelto's initial approval for treatment of atrial fibrillation patients, FDA (1) reaffirmed its finding (which underlay its initial approval) "that the benefits of rivaroxaban in patients with [atrial fibrillation] outweigh the risks," and also (2) reiterated its view that "[n]o changes in [the] rivaroxaban labeling . . . are warranted." FDA: Center for Drug Evaluation and Research, *ROCKET AF*

1

*Reanalysis Reviews* § 1.1.

Plaintiffs nonetheless contend that Xarelto's label is inadequate on the grounds that it failed to include the following information: (1) language advising that a point-of-care device used to measure warfarin patients' coagulation parameters in the ROCKET AF trial has since been recalled; (2) a chart summarizing the bleeding rates among U.S. patients in the ROCKET AF study; and (3) a "black box" warning that Xarelto carries a risk of bleeding.

For the reasons summarized below, and explained in detail in Defendants' accompanying memorandum of law, federal law preempts those claims.

1. Plaintiffs' contention that the Xarelto label should have been revised to include language about the recall of the point-of-care device is preempted because FDA's recent finding, following a full investigation, that the recall warranted "[n]o changes in [the] rivaroxaban labeling" constitutes "clear evidence" that FDA "would not have approved" such a change. *Wyeth v. Levine*, 555 U.S. 555, 571 (2009).

2. Plaintiffs' contention that Xarelto's label should have originally included a chart regarding bleeding results for various subgroups of participants in ROCKET AF, including the subgroup of U.S. participants, is likewise preempted, for two reasons.

    a. First, Janssen, as the company vested with U.S. regulatory responsibility for Xarelto, could not have "independently" (*i.e.*, without prior FDA approval) added U.S.-subgroup data to the Xarelto label because the data did not constitute "newly acquired information" within the meaning of the CBE regulation—those data had long before been submitted to FDA as part of the Xarelto initial New Drug Application. *See, e.g., In re Celexa & Lexapro Mktg. & Sales Practices Litig.*, 779 F.3d 34 (1st Cir. 2015); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 185 F. Supp. 3d 761 (D.S.C. 2016).

        b.      Second, during the approval process for Xarelto, FDA considered—and rejected—a proposal to add these very same data to Xarelto's label. That refusal constitutes "clear evidence" that FDA would not have permitted the change Plaintiffs advocate and thus preempts Plaintiffs' claims. *Levine*, 555 U.S. at 571.

**3.**      Plaintiffs' contention that Defendants failed to adequately warn of the bleeding risks associated with Xarelto because the product's label does not include a "black- box" warning is preempted because federal regulations make clear—and Plaintiffs' regulatory expert concedes—that a pharmaceutical company cannot independently add a boxed warning to a product's labeling. *See* 21 C.F.R. § 201.80(e); *see also* 21 C.F.R. § 201.57(c)(1); *cf. Ackerman v. Wyeth Pharms.*, 526 F.3d 203, 211 n.12 (5th Cir. 2008).

\* \* \*

For the reasons outlined above and set forth more fully in the accompanying memorandum in support, federal law preempts Plaintiffs' failure-to-warn claims. The Court should grant Defendants summary judgment on those claims.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC, and Johnson & Johnson*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com


CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
Chaffe McCall L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 20, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**