UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION

MDL No. 2592

SECTION L

THIS DOCUMENT RELATES TO:

JUDGE ELDON E. FALLON

Joseph J. Boudreaux, Jr., et al. v. Janssen et al.
Case No. 2:14-cv-02720

MAGISTRATE NORTH

Joseph Orr, Jr., et al. v. Janssen et al.
Case No. 2:15-cv-03708

### DEFENDANTS' *DAUBERT* MOTION TO EXCLUDE EXPERT OPINIONS AND TESTIMONY REGARDING UNAPPROVED DOSING AND MONITORING REGIMENS

Pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson (collectively, "Defendants") move to exclude speculative testimony and opinions from Plaintiffs' expert witnesses regarding unapproved dosing and monitoring regimens. Defendants are contemporaneously filing under seal a memorandum in support that quotes from documents protected from public disclosure by PTO 12.

Xarelto® is approved to reduce the risk of stroke in patients with atrial fibrillation, for which FDA has approved a fixed-dose regimen. Plaintiffs' experts opine that the risk of bleeding could be reduced if physicians monitored the concentration or anticoagulant effect of Xarelto and if the FDA-approved doses were changed. These opinions are due to be excluded. Plaintiffs' own experts concede that their theories are not supported by any clinical data; have not been tested, published, or peer reviewed; are not generally accepted in the scientific community; and, indeed, have not been implemented in their own clinical practices. Moreover, because Plaintiffs' experts'

2845729-1

theories are untested, their opinions have not been (and cannot be) evaluated under a known or potential rate of error.

In particular, Defendants' accompanying memorandum of law explains as follows:

1. Plaintiffs' experts admit that there are no data that show how monitoring Xarelto concentration or anticoagulation effect, for the purpose of adjusting a patient's treatment, would improve patient outcomes compared to Xarelto's FDA-approved fixed-dose regimen. That is conclusive, because "the existence of sufficient facts" to support an expert's opinion "is in all instances mandatory." *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007).

    a. Plaintiffs' experts propose that physicians use a prothrombin time ("PT") test to guide Xarelto therapy. But the experts admit that PT—a global clotting measurement that is not specific to or standardized for Xarelto—cannot reliably measure Xarelto concentration or anticoagulation effect for the purpose of making clinical judgments. Because there is "too great an analytical gap between the data and the opinion proffered," the experts' PT-based opinions are inadmissible. *In re Propulsid Prods. Liab. Litig.*, 261 F. Supp. 2d 603, 616 (E.D. La. 2003).

    b. Plaintiffs' experts' opinions further fail *Daubert*'s reliability requirement because the experts admit that their proposed monitoring regimens (i) are untested and unsupported by any actual data, (ii) are not accepted in the scientific community, and (iii) have not been implemented in their own clinical practices, but rather were developed solely for litigation. *See, e.g., Daubert*, 509 U.S. at 593; *Propulsid*, 261 F. Supp. 2d at 617.

2. Plaintiffs' experts admit that there are no clinical data demonstrating that dosing Xarelto twice daily rather than once daily, as indicated and approved by FDA, would improve the medicine's safety in atrial fibrillation patients. Plaintiffs cannot salvage their experts' unsupported opinions by faulting Defendants for failing to test twice-daily dosing in their clinical trials. *See,*

2845729-1

*e.g., Propulsid*, 261 F. Supp. 2d at 615–16 (recognizing "difficulties facing the plaintiff's experts in conducting their own tests and compiling data" but nonetheless excluding causality opinions for lack of testing); *In re Bextra & Celebrex*, 524 F. Supp. 2d 1166, 1181 (N.D. Cal. 2007).

3.   Plaintiffs' experts admit that there are no clinical data that support their speculative theory that Xarelto would be safer if it were prescribed at some unspecified total daily dose that is lower than the FDA-approved 15 or 20 mg dose for atrial fibrillation patients. Rather, as with their twice-daily-dosing theory, Plaintiffs' lower-dosage hypothesis amounts to an impermissible assertion that *Defendants* should have gathered data on the safety and efficacy of lower doses. Because Plaintiffs have not even attempted to identify an appropriate alternative dose for Xarelto, and because there are no data on the safety and efficacy of a lower dose, any testimony that the approved doses are too high, or that a lower dose would improve bleeding rates, is unreliable. *See Propulsid*, 261 F. Supp. 2d at 615–16; *Bextra & Celebrex*, 524 F. Supp. 2d at 1181.

\* \* \*

For the reasons outlined above and set forth more fully in the accompanying memorandum in support, the Court should exclude Plaintiffs' experts' monitoring and dosing opinions.

Respectfully submitted,

| | |
|---|---|
| DRINKER BIDDLE & REATH LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| By: /s/ *Susan M. Sharko* | By: /s/ *William Hoffman* |
| Susan M. Sharko | William Hoffman |
| Drinker Biddle & Reath LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| 600 Campus Drive | 601 Massachusetts Ave., NW |
| Florham Park, NJ 07932-1047 | Washington, D.C. 20001 |
| Telephone: (973) 549-7000 | Telephone: (202) 942-5000 |
| susan.sharko@dbr.com | william.hoffman@apks.com |

2845729-1

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC, and Johnson & Johnson*

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: /s/ *Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com

CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
Chaffe McCall L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of January, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system and a copy of the proposed documents to be placed under seal sent to Plaintiffs' Liaison Counsel by email transmission.

/s/      John F. Olinde

2845729-1