# Exhibit 21

# FILED UNDER SEAL

Protected - Subject to Further Protective Review

Page 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  XARELTO          )  MDL No.:  2593
(RIVAROXABAN) PRODUCTS   )  Section:  L
LIABILITY LITIGATION     )  Judge Eldon E. Fallon
                         )  Mag. Judge North
                         )
                         )
                         )
                         )
JOSEPH J. BOUDREAUX,     )  Case No.:  14-cv-2720
JR., ET AL               )

PROTECTED - SUBJECT TO FURTHER PROTECTIVE REVIEW

   Videotaped Deposition of CINDY A. LEISSINGER,

M.D., taken on Thursday, December 8, 2016, in the

office of The Lambert Firm, A.P.L.C., 701 Magazine

Street, New Orleans, Louisiana 70130, commencing

at 2:10 p.m.

Reported by:
AURORA M. PERRIEN
CERTIFIED COURT REPORTER
REGISTERED PROFESSIONAL REPORTER

Protected - Subject to Further Protective Review

Page 4

```
 1                A P P E A R A N C E S
 2   REPRESENTING JOSEPH J. BOUDREAUX, JR. AND
     LORETTA BOUDREAUX:
 3
            SCHLICHTER, BOGARD & DENTON, L.L.P.
 4          BY:  ROGER DENTON, ESQ.
            100 South 4th Street, Suite 1200
 5          St. Louis, Missouri 63102
            314.621.6115
 6          Rdenton@uselaws.com
 7          BARRIOS, KINGSDORF & CASTEIX, L.L.P.
            BY:  EMMA E. KINGSDORF, ESQ.
 8          701 Poydras Street, Suite 3650
            New Orleans, Louisiana 70139-3650
 9          504.524.3300
            Ekingsdorf@bkc-law.com
10
11
12   REPRESENTING JANSSEN PHARMACEUTICALS, INC.,
     JANSSEN RESEARCH & DEVELOPMENT, L.L.C., JANSSEN
13   ORTHO, L.L.C.:
14          IRWIN, FRITCHIE, URQUHART & MOORE,
            L.L.C.
15          BY:  KIM E. MOORE, ESQ.
            400 Poydras Street, Suite 2700
16          New Orleans, Louisiana 70130-3280
            504.310.2108
17          Kmoore@irwinllc.com
18          IRWIN, FRITCHIE, URQUHART & MOORE,
            L.L.C.
19          BY:  JEANETTE F. MILLS, ESQ.
            400 Convention Street, Suite 1001
20          Baton Rouge, Louisiana 70802
            504.310.2100
21          Jmills@irwinllc.com
22          BARRASSO, USDIN, KUPPERMAN, FREEMAN &
            SARVER, L.L.C
23          BY:  ANDREA M. PRICE, ESQ.
            909 Poydras Street, 24th Floor
24          New Orleans, Louisiana 70112
            504.589.9700
25          Aprice@barrassousdin.com
```

6546a0f0-4133-4b01-b977-d857a82888b3

```
                                                         Page 5
 1    REPRESENTING BAYER HEALTHCARE PHARMACEUTICALS,
      INC., and BAYER PHARMA AG:
 2
            KAYE SCHOLER, L.L.P.
 3          BY:  JULIE B. duPONT, ESQ.
            250 West 55th Street
 4          New York, New York 10019-9710
            212.836.8572
 5          Julie.dupont@kayescholer.com
 6
 7
      ALSO PRESENT:
 8
            MELISSA BARDWELL, VIDEOGRAPHER
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

6546a0f0-4133-4b01-b977-d857a82888b3

Protected - Subject to Further Protective Review

Page 214

1  have had a shorter hospitalization stay?
2          MR. DENTON:
3              Object to the form.
4          THE WITNESS:
5              That, I -- I really -- you know, I --
6          I couldn't say one way or the other.  I
7          mean, certainly we'd always like to catch
8          somebody earlier rather than later so they
9          don't get as anemic, as -- as at risk
10         of -- of other problems.  But yeah, I
11         mean, how long his hospitalization would
12         have been, I -- you know, I couldn't --
13         couldn't answer.
14   BY MS. duPONT:
15      Q.  You've said several times today that it's
16   your opinion that you can't monitor patients on
17   Xarelto.  Is that an accurate representation of
18   your --
19      A.  That we --
20      Q.  -- summary?
21      A.  That's -- that is an accurate
22   representation, that we cannot adequately monitor
23   patients on Xarelto.
24      Q.  So you could not have used PT to monitor
25   Mr. Boudreaux.  Fair?

1           MR. DENTON:
2               Object to the form.
3           THE WITNESS:
4               With our current knowledge and lack of
5           validation studies, we really can't.  But
6           there is a lot of evidence that -- that
7           PT, particularly using certain reagents,
8           could be adapted for use as a monitoring
9           tool.  Now, again, that's with proper
10          study and proper validation, etcetera.
11          And we -- we don't have that.  That has
12          not been done.  That information's not
13          available to us as physicians.
14     BY MS. duPONT:
15          Q.  So in 2014, when Mr. Boudreaux was
16     prescribed Xarelto, you could not have used PT to
17     monitor him?
18          MR. DENTON:
19              Well --
20          THE WITNESS:
21              I --
22          MR. DENTON:
23              -- object to --
24     BY MS. duPONT:
25          Q.  Fair?

6546a0f0-4133-4b01-b977-d857a82888b3

Protected - Subject to Further Protective Review

Page 216

1        MR. DENTON:
2            -- the form.
3        THE WITNESS:
4            I agree with that.
5  BY MS. duPONT:
6     Q.  You said earlier that there needs to be a
7  disruption or some sort of injury in the GI tract
8  in order for there to be a bleed; correct?
9        MR. DENTON:
10           Object to --
11       THE WITNESS:
12           "Injury" might be too strong a word,
13       but a disruption of some sort, you know,
14       caused by -- and, you know, again, a GI
15       doc could probably speak to this better
16       than I can.
17           But when -- when -- when we begin to
18       lose blood, it's because there is a
19       disruption in the -- the -- the blood
20       vessel -- the -- the wall of the blood
21       vessel that allows blood to escape.  So,
22       you know, something had to disrupt it.
23       Could it be something as simple as food
24       passing through or -- or material passing
25       through the GI tract?  I mean, again, you

C E R T I F I C A T E

    This certification is valid only for a transcript accompanied by my original signature and original seal on this page.

    I, AURORA M. PERRIEN, Registered Professional Reporter, Certified Court Reporter, in and for the State of Louisiana, as the officer before whom this testimony was taken, do hereby certify that CINDY A. LEISSINGER, M.D., after having been duly sworn by me upon the authority of R.S. 37:2554, did testify as hereinbefore set forth in the foregoing 235 pages; that this testimony was reported by me in the stenotype reporting method, was prepared and transcribed by me or under my personal direction and supervision, and is a true and correct transcript to the best of my ability and understanding; that the transcript has been prepared in compliance with transcript format guidelines required by statute or by rules of the board; and that I am informed about the complete arrangement, financial or otherwise, with the person or entity making arrangements for deposition services; that I have acted in compliance with the prohibition on contractual relationships, as defined by Louisiana Code of

1  Civil Procedure Article 1434 and in rules and
2  advisory opinions of the board; that I have no
3  actual knowledge of any prohibited employment or
4  contractual relationship, direct or indirect,
5  between a court reporting firm and any party
6  litigant in this matter nor is there any such
7  relationship between myself and a party litigant
8  in this matter.  I am not related to counsel or to
9  the parties herein, nor am I otherwise interested
10 in the outcome of this matter.
11
12
13
14
15                AURORA M. PERRIEN, CCR, RPR
16
17
18
19
20
21
22
23
24
25