# Exhibit 24

# FILED UNDER SEAL

Page 1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

- - -

| | | |
|---|---|---|
| IN RE:  XARELTO | : | MDL NO. 2592 |
| (RIVAROXABAN) PRODUCTS | : | |
| LITIGATION | : | SECTION L |
| | : | |
| THIS DOCUMENT RELATES | : | JUDGE ELDON |
| TO ALL CASES | : | E. FALLON |
| | : | |
| | : | |
| | : | MAG. JUDGE |
| | : | NORTH |

- - -

December 14, 2016

- - -

- PROTECTED -

- SUBJECT TO FURTHER PROTECTIVE REVIEW -

           Videotaped deposition of
HENRY MICHAEL RINDER, M.D., taken
pursuant to notice, was held at the law
offices of Douglas & London, 59 Maiden
Lane, New York, New York, beginning at
8:09 a.m., on the above date, before
Michelle L. Gray, a Registered
Professional Reporter, Certified
Shorthand Reporter,  Certified Realtime
Reporter and Notary Public.

          - - -

       GOLKOW TECHNOLOGIES, INC.
   877.370.3377 ph | 917.591.5672 fax
           deps@golkow.com

Protected - Subject to Further Protective Review

Page 2

```
1    APPEARANCES:
2
3        SCHLICHTER, BOGARD & DENTON, LLP
         BY:  ROGER C. DENTON, ESQ.
4        100 South Fourth Street
         Suite 1200
5        St. Louis, Missouri 63102
         (314) 621-6115
6        rdenton@uselaws.com
7            - and -
8        HERMAN HERMAN & KATZ
         BY: ANNE (BESS) E. DeVAUGHN, ESQ.
9        820 O'Keefe Avenue
         New Orleans, Louisiana 70113
10       (504) 581-4892
         bdevaughn@hhklawfirm.com
11
             - and -
12
         DOUGLAS & LONDON, PC
13       BY:  LARA J. SAY, ESQ.
         59 Maiden Lane, 6th Floor
14       New York, New York 10038
         (212) 566-7500
15       lsay@douglasandlondon.com
         Representing the Plaintiffs
16
17
18
19
20
21
22
23
24
```

Protected - Subject to Further Protective Review

```
                                                          Page 3
 1        APPEARANCES:  (Cont'd.)
 2
 3        WILKINSON WALSH & ESKOVITZ
          BY:  BRIAN L. STEKLOFF, ESQ.
 4        MEG LOFTUS, ESQ.
          1900 M Street, NW, Suite 800
 5        Washington, D.C. 20036
          (202) 847-4030
 6        bstekloff@wilkinsonwalsh.com
          mloftus@wilkinsonwalsh.com
 7        Representing Bayer Pharmaceuticals
 8
          BARRASSO, USDIN, KUPPERMAN, FREEMAN
 9        & SARVER, LLC
          BY:  RICHARD E. SARVER, ESQ.
10        MADISON A. SHARKO, ESQ.
          909 Poydras Street, Suite 2400
11        New Orleans, Louisiana 70112
          (504) 589-9700
12        rsarver@barrassousdin.com
          msharko@barrassousdin.com
13        Representing Janssen entities
14
15        VIDEOTAPE TECHNICIAN:
16            Henry Marte
17
18
19
20
21
22
23
24
```

Protected - Subject to Further Protective Review

Page 33

```
 1    specific reasonable and conservative
 2    cutoff point at which the PT -- strike
 3    that.  I'll reword it so my words don't
 4    get tangled.
 5           A.    No problem.
 6           Q.    I'm just -- you agree that
 7    there's no public health organization or
 8    regulatory body who has recommended a
 9    specific reasonable and conservative
10    cutoff point at which -- for which
11    Xarelto should be discontinued using PT,
12    right?
13                MR. DENTON:  Object to the
14          form.  Asked and answered.
15                THE WITNESS:  They have not
16          reached that conclusion as yet.
17    BY MR. STEKLOFF:
18          Q.    Are you aware of any
19    peer-reviewed literature in which another
20    doctor or scientist recommends a specific
21    reasonable and conservative cutoff point
22    at which Xarelto should be discontinued
23    using PT?
24          A.    I think that the -- there's
```

Page 49

1          MR. DENTON:  Object to the
2     form.  Asked and answered.
3          THE WITNESS:  I would say --
4     I would say the latter at a
5     national conference.  But we -- we
6     have had formal -- I mean, these
7     are formal meetings.  There are --
8     they are scheduled.  They are
9     regularly attended by clinical
10    staff and other interested
11    individuals.
12  BY MR. STEKLOFF:
13    Q.    Bad question.  I didn't
14  break it down enough.
15    A.    That's all right.
16    Q.    I'm going to break it down
17  again.
18          Can we agree that you have
19  not presented the opinion that Xarelto
20  should be discontinued in patients whose
21  PT is greater than 20 seconds at any
22  national conference?
23          MR. DENTON:  Objection to
24     form.

Protected - Subject to Further Protective Review

Page 50

1     THE WITNESS: We have not
2  yet presented that data or opinion
3  at a national conference.
4  BY MR. STEKLOFF:
5     Q.   Now, my understanding is
6  that your testimony a moment ago was that
7  you have discussed all NOACs and
8  monitoring and therapeutic ranges within
9  Yale and amongst colleagues. Is that
10 fair?
11    A.   As part of our normal
12 clinical management, these -- we have
13 patients on all NOACs, warfarin, and all
14 oral -- other oral anticoagulants.
15         And so it is a constant part
16 of our practice. So we are always
17 discussing management, monitoring, and
18 trying to figure out the best patient
19 care possible.
20    Q.   I'm not trying to trick you
21 here. The answer to my question was
22 simply a yes, right?
23         MR. DENTON: Object to the
24 form.

1  BY MR. STEKLOFF:
2      Q.   Including the risk of
3  stroke?
4           MR. DENTON:  Object to the
5       form.
6           THE WITNESS:  Certainly I
7       would include everything in my
8       assessment of overall mortality
9       and risk.
10 BY MR. STEKLOFF:
11     Q.   Do you believe to a
12 reasonable degree of medical certainty
13 that as a Xarelto patient's PT increases,
14 he or she is at a greater risk of a fatal
15 bleed?
16          MR. DENTON:  Object to the
17      form and context.
18          THE WITNESS:  So I -- I have
19      not seen data developed that would
20      be able to inform me to make a
21      knowledgeable decision about that
22      aspect.
23 BY MR. STEKLOFF:
24     Q.   And is that true if I asked

Protected - Subject to Further Protective Review

Page 437

CERTIFICATE

     I HEREBY CERTIFY that the witness was duly sworn by me and that the deposition is a true record of the testimony given by the witness.

     It was requested before completion of the deposition that the witness, HENRY MICHAEL RINDER, M.D., have the opportunity to read and sign the deposition transcript.

_____
MICHELLE L. GRAY,
A Registered Professional Reporter, Certified Shorthand Reporter, Certified Realtime Reporter and Notary Public
Dated: December 15, 2016

     (The foregoing certification of this transcript does not apply to any reproduction of the same by any means, unless under the direct control and/or supervision of the certifying reporter.)