UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | |

**DEFENDANTS' JOINT *DAUBERT* MOTION TO EXCLUDE OPINIONS AND TESTIMONY REGARDING THE EXPERTS' 20-SECOND PT CUT-OFF GUIDELINE IN THE ORR AND BOUDREAUX CASES**

Pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development LLC, Janssen Ortho LLC, and Johnson & Johnson (collectively, "Defendants") move to exclude testimony and opinions regarding unapproved monitoring regimens offered by Plaintiffs' expert witnesses in the cases brought by the Orr and Boudreaux plaintiffs.  Defendants are contemporaneously filing under seal a memorandum in support that quotes from documents protected from public disclosure by PTO 12.

Plaintiffs' experts speculate that if physicians monitored the concentration or anticoagulation effect of Xarelto® in their patients—particularly using prothrombin time ("PT"), a global clotting measurement that is not specific to or standardized for Xarelto—bleeding risk would be reduced.  In particular, Plaintiffs' experts opine that any patient with a PT over a particular threshold should be switched to an alternative medication, or prescribed a lower, unapproved dose of Xarelto.  Defendants have separately moved, in all cases and based solely on

Plaintiffs' experts' own admissions, to exclude these speculative monitoring opinions on the ground that they do not meet *Daubert*'s "reliability" criteria.

This motion contends that, even if the Court were to deem Plaintiffs' monitoring theories sufficiently reliable as a general matter, they should still be excluded in the Boudreaux and Orr cases because Plaintiffs cannot demonstrate that their experts' theories "fit" the facts of those cases, as separately required under *Daubert*'s "relevance" prong. *See Daubert*, 509 U.S. at 593; *see also In re Vioxx Prods. Liab. Litig.*, 414 F. Supp. 2d 574, 579 (E.D. La. 2006). The Court should exclude those opinions in these cases for two reasons.

1.     Mrs. Orr and Mr. Boudreaux underwent PT tests shortly before using Xarelto, and neither of those test results exceeded Plaintiffs' identified PT threshold. Accordingly, there is no basis to conclude—even under Plaintiffs' own theories—that either Mrs. Orr's or Mr. Boudreaux's clinical course would have been changed as a result of any proposed monitoring regimen. Without such evidence, Plaintiffs' experts' proffered theories cannot "properly . . . be applied to the facts in issue." *Daubert*, 509 U.S. at 593.

2.     Plaintiffs cannot salvage their defective monitoring opinions by pointing to the late-disclosed opinions of one of Plaintiffs' experts in the Boudreaux case, Dr. Henry Rinder. Dr. Rinder's new opinion lacks any scientific basis (per the sworn testimony of Plaintiffs' other experts), is not generally accepted, and was developed solely for the litigation. Because the "reasoning [and] methodology underlying [Dr. Rinder's] testimony is [not] scientifically valid," *Daubert*, 509 U.S. at 592–93, it must be excluded.

For these reasons and as set forth more fully in the accompanying memorandum in support, the Court should exclude Plaintiffs' experts' monitoring opinions in the cases brought by the Orr and Boudreaux plaintiffs.

2

2845704-1

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ Susan M. Sharko
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com


Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com


Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ James B. Irwin
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


*Attorneys for Defendants Janssen
Pharmaceuticals, Inc., Janssen Research &
Development, LLC, and Janssen Ortho LLC,
and Johnson & Johnson*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ William Hoffman
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: /s/ Kevin C. Newsom
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com


CHAFFE MCCALL L.L.P.

By: /s/ John F. Olinde
John F. Olinde
Chaffe McCall L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare
Pharmaceuticals Inc. and Bayer Pharma AG*

3

<u>**CERTIFICATE OF SERVICE**</u>

      The undersigned hereby certifies that on the 20th day of January, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system and a copy of the proposed documents to be placed under seal sent to Plaintiffs' Liaison Counsel by email transmission.

                               */s/     John F. Olinde*