# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | |

## DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PLAINTIFFS' DESIGN-DEFECT CLAIMS UNDER THE LOUISIANA PRODUCT LIABILITY ACT

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development LLC, Janssen Ortho LLC, and Johnson & Johnson (collectively, "Defendants") move for partial summary judgment on the ground that Plaintiffs' design-defect claims fail as a matter of law under the Louisiana Product Liability Act ("LPLA").  Defendants are contemporaneously filing under seal a memorandum in support that quotes from documents protected from public disclosure by PTO 12.

Plaintiffs assert claims against Defendants under the LPLA, including that Xarelto's FDA-approved design is defective in that it (1) has a fixed, 20-mg-once-daily dosing for the prevention of strokes in atrial fibrillation patients, (2) does not incorporate a test or assay to measure patients' Xarelto-related coagulation parameters, and (3) is not marketed in conjunction with a reversal agent.

Plaintiffs' design-defect claims fail under Louisiana law for three independent reasons.

1.      Plaintiffs' own expert testimony forecloses their ability to prove the threshold element under the LPLA, that "[t]here existed an alternative design" for Xarelto that was

1

"capable of preventing" their alleged injuries.  La. Rev. Stat. § 9:2800.56(1).  Plaintiffs offer two potential "alternative design" theories, but both fail for lack of a legally viable alternative design *and* for failure of proof that the substitute design would have prevented the alleged harm.

      a.    Plaintiffs first allege that other prescription medications—such as warfarin, Pradaxa®, or Eliquis®—constitute safer "alternative design[s]."  But under analogous LPLA precedent, pointing to a separate product is not a viable alternative-design theory.  *See, e.g.*, *Theriot v. Danek Med., Inc.*, 168 F.3d 253, 256 (5th Cir. 1999); *In re Propulsid Prod. Liab. Litig.*, No. MDL 1355, 2003 WL 367739, at *3 (E.D. La. 2003).  Moreover, and separately, Plaintiffs' experts admit that they cannot say that another anticoagulant would have prevented Plaintiffs' injuries.  Under the LPLA's plain language and the implementing case law, those admissions foreclose Plaintiffs' claims.  *See, e.g.*, *In re Propulsid*, 2003 WL 367739, at *3.

      b.    Plaintiffs separately assert that Xarelto, which their experts acknowledge to be "safe," would be even "safer" if it were redesigned to have a lower cumulative daily dose or a different dosing regimen, a coagulation-monitoring component, and a reversal agent.  As an initial matter, there is no requirement under Louisiana law to make a product "risk free."  *See, e.g.*, *Dixon v. Home Depot U.S.A.*, No. CIV.A. 13-2776, 2015 WL 4479682, at *2 (W.D. La. July 21, 2015).  Moreover, Plaintiffs' hypothesized alternatives have not been tested and lack the LPLA-required specificity and supporting data.  Finally, Plaintiffs' experts admit (again) that they have no evidence that another design would have prevented Plaintiffs' injuries.

    **2.**    Plaintiffs' design-defect claims fail for the additional reason that Plaintiffs have not met the LPLA's second, "risk-utility" component.  *See* La. Rev. Stat. § 9:2800.56(2).  Plaintiffs' own experts acknowledge that they cannot prove that any risk avoided through use of an alternative design would have exceeded both the cost of switching to the alternative and the

reduction in Xarelto's utility.  In the absence of such proof, Plaintiffs' design-defect claims fail as a matter of law.  *See, e.g.*, *Roman v. Western Mfg., Inc.*, 691 F.3d 686, 701 (5th Cir. 2012).

**3.**     Finally, to the extent that Plaintiffs are asserting "that [they] should be permitted to proceed to trial [because Defendants] cannot demonstrate that [they] adequately tested" Xarelto, that claim is foreclosed by binding Fifth Circuit precedent.  *Theriot*, 168 F.3d at 256.

\* \* \*

For the reasons outlined above and set forth more fully in the accompanying memorandum in support, Plaintiffs' design-defect claims fail as a matter of Louisiana law, and Defendants are entitled to summary judgment on those claims.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ Susan M. Sharko
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ James B. Irwin
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


*Attorneys for Defendants Janssen
Pharmaceuticals, Inc., Janssen Research &
Development, LLC, and Janssen Ortho LLC,
and Johnson & Johnson*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ William Hoffman
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: /s/ Kevin C. Newsom
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com


CHAFFE MCCALL L.L.P.

By: /s/ John F. Olinde
John F. Olinde
Chaffe McCall L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare
Pharmaceuticals Inc. and Bayer Pharma AG*

4

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 20, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**