UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph Orr, Jr. et al. v. Janssen et al. Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

### DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON THE LEARNED INTERMEDIARY DOCTRINE

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development LLC, Janssen Ortho LLC, and Johnson & Johnson (collectively, "Defendants") move for partial summary judgment on the ground that Plaintiffs' failure-to-warn claims are barred, as a matter of Louisiana law, by the learned-intermediary doctrine. Defendants are contemporaneously filing under seal a memorandum in support that quotes from documents protected from public disclosure by PTO 12.

Decedent Sharyn Orr used Xarelto® pursuant to the prescription of her cardiologist to treat the risk of stroke associated with her atrial fibrillation. Plaintiffs contend that Mrs. Orr's use of Xarelto caused her to experience an intracerebral hemorrhage that led to her death. They assert claims against Defendants under the Louisiana Product Liability Act, including that Xarelto is unreasonably dangerous because it was accompanied by inadequate warnings.

Plaintiffs' failure-to-warn claims fail under the learned intermediary doctrine for two separate and independent reasons.

1.  In light of Mrs. Orr's doctor's sworn deposition testimony, Plaintiffs cannot establish that "but for the [alleged] inadequate warning, the treating physician would not have used or prescribed the product." *Ferguson v. Proctor & Gamble Pharm., Inc.*, 353 F. Supp. 2d

674, 678 (E.D. La. 2004). Mrs. Orr's prescribing physician clearly and repeatedly testified that even knowing what he knows today, he still would have prescribed Xarelto for Mrs. Orr. Under analogous precedent, because "stronger warnings concerning the risk of [bleeding] would not have changed [Mrs. Orr's doctor's] decision to prescribe [Xarelto] in this case," Defendants are due summary judgment on Plaintiffs' failure to warn claims. *Allgood v. GlaxoSmithKline PLC*, No. 06-3506, 2008 WL 483574, at *4 (E.D. La. Feb. 20, 2008) (Fallon, J.); *see also Whitener v. PLIVA, Inc.*, No. 10-1552, 2014 WL 1276489 (E.D. La. Mar. 27, 2014) (Fallon, J.), *aff'd*, 606 F. App'x 762 (5th Cir 2015).

**2.**     The physician testimony also establishes that Xarelto's label is adequate as a matter of law. Mrs. Orr's doctor confirmed that he understood from the label that Xarelto carries a risk of bleeding, including serious and fatal bleeding. Because the physician testified "unequivocally" that he "was adequately informed of th[e] risk" of bleeding, and the Xarelto label informed him of the "specific ailment suffered by the plaintiff"—indeed, the label mentions the words "bleed" or "bleeding" more than 100 times—Plaintiffs' failure-to-warn claims fail as a matter of law. *Stahl v. Novartis Pharma. Corp.*, 283 F.3d 254, 267–68 (5th Cir. 2002); *see also Jackson v. Johnson & Johnson*, No. 10-cv-1113, 2012 WL 2428262, at *3–4 (W.D. La. June 25, 2012).

\* \* \*

For the reasons outlined above and set forth more fully in the accompanying memorandum in support, Plaintiffs' failure-to-warn claims fail as a matter of Louisiana law, under the learned intermediary doctrine. The Court should grant Defendants summary judgment on those claims.

2

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC, and Johnson & Johnson*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com


CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
Chaffe McCall L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on January 20, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                    */s/ James B. Irwin*
                                                    **James B. Irwin**