UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| WILLIE RUSH<br>        Plaintiff | ) ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>        Defendants<br>_____ | ) ) ) ) ) ) | Civil Action No: 2:16-cv-14964-EEF-MBN |

**RESPONSE TO PLAINTIFF'S MOTION TO DEEM PRIOR SERVICE VALID OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.**

Defendant Bayer HealthCare Pharmaceuticals Inc. ("BHCP"), by and through counsel, appearing specially, and reserving all defenses including, without limitation, insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submits the instant response to Plaintiff's Motion to Deem Prior Service Valid or in the Alternative for an Extension of Time Within Which to Serve Process on Defendant Bayer HealthCare Pharmaceuticals Inc. In response, BHCP states as follows:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on BHCP. PTO 10 permits service of process on BHCP by certified mail, return receipt requested, upon the following representative of BHCP:

SOP Department
Corporation Service Company
Suite 400
2711 Centerville Road
Wilmington, DE 19808

1

The Complaint was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on September 27, 2016.  According to the docket, the Summons for BHCP was issued on October 19, 2016.

On December 27, 2016, BHCP received a copy of the Complaint and Summons, by certified mail, through BHCP's representative.  The service papers were post-marked December 20, 2016.  Service was rejected by letter dated January 12, 2017, because service was untimely.

PTO 10 only permits streamlined service of process on BHCP by certified mail under the following conditions: "Plaintiffs . . . who have not already served . . . BHCP shall have 60 days to serve the Complaint with a Summons.  For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order.  Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."[1]  Plaintiff failed to serve process within 60 days from the docketing of the Complaint in the MDL.

The Court's September 20, 2016, Order regarding service of complaints provides that for complaints filed on or before December 31, 2016, the 60 day time period for streamlined service runs from the issuance of the summons.  Plaintiff failed to serve process within 60 days of issuance of the Summons.

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)."  Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to serve process "if the plaintiff shows good cause for the failure" to timely serve process.  Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be

---

[1] Pre-Trial Order No. 10A and Pre-Trial Order No. 10B are inapplicable because of the date of filing of the Complaint.

required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified.'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiff failed to show good cause for his failure to serve process within the required time period. Inadvertence by counsel does not entitle Plaintiff to an extension. *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process). The Court should deny Plaintiff's motion and require Plaintiff to serve BHCP pursuant to the provisions of Federal Rule of Civil Procedure 4.

BHCP is entitled to some certainty as to whether it will be required to defend itself in a particular case pending in the MDL. Time limits on service provide some level of certainty. Otherwise, BHCP is subject to being brought into any case in the MDL at any time for any reason. With numerous cases pending in the MDL, this level of uncertainty places an undue burden on BHCP to continue to monitor all cases pending in the MDL.

Furthermore, Pre-Trial Order No. 11 ("PTO 11") provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served." However, once BHCP is served in a particular case, BHCP's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed). Service triggers the operation of BHCP's omnibus answer in a particular case without any action on the part of BHCP. By delaying service, a plaintiff can delay the operation of BHCP's omnibus answer in a particular case. Pre-Trial Order No. 11C provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint. When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.
>
> If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her complaint. Rather, a plaintiff can amend her complaint at any time for any reason.

WHEREFORE, BHCP respectfully requests that the Court deny Plaintiff's request that prior service be deemed valid or in the alternative, for an additional 30 days to serve BHCP under the streamlined service process of PTO 10, and require Plaintiff to serve BHCP pursuant to the provisions of Federal Rule of Civil Procedure 4.

January 24, 2017.

Respectfully submitted,

By: /s/ *Steven Glickstein*
Steven Glickstein
Andrew K. Solow
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
william.hoffman@apks.com

        By: /s/ *John F. Olinde*
        John F. Olinde (LA Bar #1515)
        CHAFFE McCALL L.L.P.
        1100 Poydras Street
        Suite 2300
        New Orleans, LA 70163
        Telephone: (504) 585-7241
        Facsimile: (504) 544-6084
        olinde@chaffe.com
        ***Attorneys for Bayer HealthCare Pharmaceuticals Inc.***

## CERTIFICATE OF SERVICE

     I hereby certify that on January 24, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

        /s/    John F. Olinde