UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | MDL No. 2592 |
| | : | |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : | |
| ALL CASES | : | |
| | : | JUDGE ELDON E. FALLON |
| | : | |
| | : | MAGISTRATE JUDGE NORTH |

**PRE TRIAL ORDER NO. 31**
**(Protocol to Assist in Addressing Plaintiff Fact Sheets Which**
**Defendants Contend Are Not In Compliance with Court Orders)**

Defendants have requested that the Court enter a Pretrial Order setting forth the protocol with respect to assistance that the Plaintiffs' Steering Committee (PSC) has agreed to provide in addressing deficiencies alleged by Defendants in a Plaintiff Fact Sheet (PFS). The Court has previously addressed PFSs in Case Management Order No. 1 [Rec. Doc. 891], Pre-Trial Order No. 13 [Rec. Doc. 895], Pre-Trial Order No. 13A [Rec. Doc. 1040] and Pre-Trial Order No. 27 [Rec. Doc. 3132] (collectively the "PFS Orders"). In an effort to resolve instances where PFS do not comply with the Court's PFS Orders, the parties have agreed, and the Court so Orders, as follows:

1. When the Defendants allege either a failure to timely provide a PFS, or a deficiency in a timely-served PFS on the ground of non-compliance with the PFS Orders, the following procedure shall be utilized:

   a. In cases where it is alleged the PFS has not been timely provided, Defendants will send counsel for the Plaintiff (or in the event the claimant is *Pro se*, then directly to the *Pro se* claimant) a letter requesting that a PFS be served within 20 days;

b. In cases where a PFS is received timely but alleged by Defendants to be deficient because it does not comply with the PFS Orders, Defendants will send counsel for the Plaintiff a letter specifically outlining the deficiency at issue and requesting that the deficiency(ies) be cured within 20 days; and

c. On or before the first business day of each month, starting February 1, 2017, Defendants shall provide Plaintiffs' Liaison Counsel and its designee with one or all of the following three lists:

   i. A list of cases in which a PFS has allegedly not been timely served and 20 days have passed since the letter provided for in paragraph 1a was sent;

   ii. A list of cases in which a PFS allegedly fails to provide pharmacy or medical records indicating proof of use of Xarelto® (Defendant will indicate the nature of the deficieny(ies) on the list provided to Plaintiffs' Liaison Counsel and its designee) and 20 days have passed since the letter provided for in paragraph 1b was sent; and/or

   iii. A list of cases in which a PFS allegedly remains core deficient for reasons other than failure to provide proof of use of Xarelto® (Defendant will indicate the nature of the deficieny(ies) on the list provided to Plaintiffs' Liaison Counsel and its designee) and 20 days have passed since the letter provided for in paragraph 1b has been sent.

d. Thirty (30) days following receipt of the list(s) provided for in paragraph c above, Plaintiffs' Liaison Counsel or its designee will provide comments and/or objections to the aforementioned lists.

-3-

e. Five (5) days following receipt of comments from Plaintiffs' Liaison Counsel or its designee, Defendants shall file the list(s) provided for in paragraph c above as Motions for Orders to Show Cause as to why the cases should not be dismissed, to be returnable for the next schedule case management conference.

New Orleans, Louisiana, on this 24th day of January 2017.

_____
Eldon E. Fallon
United States District Judge