**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : **MDL No. 2592** <br> : <br> : **SECTION L** <br> : <br> : **JUDGE ELDON E. FALLON** <br> : <br> : **MAGISTRATE JUDGE NORTH** |

**THIS DOCUMENT RELATES TO:**

*Gregan v. Janssen Research & Development, LLC, et al.*, 2:16-cv-15426

## VERIFIED MEMORANDUM IN SUPPORT OF PLAINTIFFS' FIRST MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.

COMES NOW Plaintiff, Carol Gregan, by and through undersigned counsel of record, and in support of Plaintiff's First Motion for Extension of Time Within Which to Serve Process on Defendant Bayer HealthCare Pharmaceuticals Inc., states as follows:

1. Plaintiff's Complaint was filed October 11th, 2016 in the U.S. District Court Eastern District of Lousiana (2:16-cv-15426). The case was subsequently docketed in MDL 2592 on October 12th, 2016, and Summons were issued by the Court on October 20th, 2016.

2. Plaintiffs believed that PTO 10B applied to service of their Complaints on Defendants Bayer Pharma AG and Bayer HealthCare Pharmaceutical Inc., which permitted Plaintiffs ninety (90) days from the date of the issuance of the Summons to serve Defendants Bayer Pharma AG and Bayer HealthCare Pharmaceuticals Inc.

3. On December 16th, 2016, Plaintiff received correspondence from Defendant Bayer Pharma AG's Counsel in relation to other cases filed in this MDL.

4. On December 21st, 2016, Plaintiff contacted Defendant's Counsel, and was informed that Defendant Bayer Pharma AG would not accept service of Summons and Complaints more than 60 days after the Court's issuance of summons related to the case pursuant to PTO 10; and further that the deadline to serve the Complaint and Summons in this case had thus already passed on December 19th, 2016, and no extension would be granted. Additionally, Plaintiff had already sent the Complaint filed in this matter out via the instructions outlined in PTO 10 for streamlined service on Bayer HealthCare Pharmaceuticals on December 21st, 2016.

5. On December 26th, 2016, Plaintiff filed a Motion for Extension of deadlines to serve process on Defendant Bayer Pharma AG, which was granted on January 18th, 2017.

6. On January 12th, 2017, Defendant Bayer Pharmaceuticals sent correspondence indicating they were rejecting service of Plaintiff's Complaint as untimely. As Plaintiff didn't receive this correspondence until several weeks after filing a Motion for Extension to serve Bayer Pharma AG, they did not include Bayer HealthCare Pharmaceuticals Inc. in their Motion.

7. On January 26th, 2016, Plaintiff contacted Defendant Bayer HealthCare Pharmaceuticals Inc. and addressed their concerns about having already requested another extension from the Court for a different Defendant. Defendant Bayer HealthCare Pharmaceuticals Inc. indicated that regardless of the situation, they would not be willing to accept the service of the Complaint, and would not be willing to grant an informal extension.

8. Notably, Defendant Bayer HealthCare Pharmaceuticals Inc. has received thousands of Complaints and Summons related to the Xarelto litigation currently in MDL 2592. As such, no material prejudice or harm occurred in such a small window of time, especially since the Complaint was sent out only two (2) days after the required deadline as per PTO 10, as

Defendant was clearly aware of pending suits filed in this MDL, and has received notice of this particular suit within a reasonable amount of time.

9. No intentional delay has been made in serving process on Bayer HealthCare Pharmaceuticals Inc.

10. Under FRCP 4, if a Plaintiff can show good cause for failure to serve within the specified time, the Court should extend the time for service for an appropriate period. Fed. R. Civ. P. 4 (m).

11. Thousands of similarly situated plaintiffs have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by Plaintiff.

12. No actual prejudice has or will occur to Defendant Bayer HealthCare Pharmaceuticals Inc., by this Court granting the relief sought herein.

13. Plaintiffs show that as a matter of law and fact they were not delaying service of their original complaints in bad faith.

14. Plaintiff's Counsel asks the Court to grant an appropriate extension for Plaintiff Gregan to serve process on Bayer HealthCare Pharmaceuticals Inc. through the streamlined procedures outlined in PTO 10.

WHEREFORE, Plaintiff, by and through undersigned Counsel, respectfully requests this Court to grant her First Motion for Extension of Time Within Which to Serve Process on Defendant Bayer HealthCare Pharmaceuticals Inc. and for any further orders deemed just and proper under the circumstances.

I, Sarah Graziano, pursuant to the penalties of perjury verify the factual allegations contained herein are true and accurate.

    _s/ Sarah Graziano_____
Sarah Graziano

Signed: January 26th, 2016         Respectfully submitted,

**HENSLEY LEGAL GROUP, PC**

  _s/ Sarah Graziano_____
Sarah Graziano (IN Atty. #21650-49)
117 E. Washington Street, Suite 200
Indianapolis, IN 46204
Telephone: (317) 472-3333
Facsimile: (317) 473-3340
Email:  sgraziano@hensleylegal.com
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, on this 26th day of January, 2016.

**HENSLEY LEGAL GROUP, PC**

s/ Sarah Graziano_____
Sarah Graziano (IN Atty. #21650-49)
117 E. Washington Street, Suite 200
Indianapolis, IN 46204
Telephone: (317) 472-3333
Facsimile: (317) 473-3340
Email:  sgraziano@hensleylegal.com
*Attorney for Plaintiff*
