## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

| | |
|---|---|
| In re: | § MDL Docket No. 2:16-cv-13391-EEF-MBN |
| | § |
| XARELTO PRODUCTS LIABILITY | § MDL NO. 2592 |
| LITIGATION | § |
| | § |
| MENARD, | § SECTION:   L |
|         Plaintiff, | § |
| | § JUDGE:  ELDON E. FALLON |
|    vs. | § |
| | § MAG. JUDGE MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT, | § |
| et al. | § |
| | § |
|         Defendants. | § |

## PLAINTIFF'S MOTION TO EXPAND TIME
## TO BAYER DEFENDANTS

The plaintiff in the above styled case seeks an expansion of time on the service deadline to comply with the unique requirements insisted on by Bayer Healthcare Pharmaceuticals and Bayer Pharma AG.  The facts are as follows:

On July 28, 2016, Plaintiff filed a complaint and summons against the manufacturers of Xarelto in this MDL court. The MDL Docket  immediately issued file stamped copies of the summons and complaint. Within 11 days of filing, on August 9, 2016, plaintiff served Bayer Healthcare Pharmaceuticals and Bayer Pharma AG, by certified mail and registered mail, respectively, as well as by electronic mail. These services were done with the automated court file stamp across the top of summons. Both the certified and registered mail receipt cards were

returned from the Bayer defendants.  No further contact was initiated by defendant's counsel to indicate there were any issues.

On January 5, 2017, the Bayer Defendants issued an Unserved Complaint Notice, complaining that the served, file stamped copies of the summons were not sufficient because they did not have The Court's seal. However, the summons with The Court's seal were not available on the MDL Docket until September 27, 2016, and were, therefore, unavailable when service was completed on August 9, 2016 with the original file stamped version.

On January 10, 2017, plaintiff initiated a second service to both Bayer defendants, by both certified mail and registered mail, respectively. The Court's seal was affixed to the summons on the second service. Nevertheless, eight days later, on January 18, 2017, counsel for the Bayer defendants notified plaintiff's counsel that the summons were not served in a timely manner.

Plaintiff's counsel complied with the many requirements set forth in PTO 10, including electronic service on the Bayer clients.  Plaintiff's counsel served all defendants with the file stamped summonses before receiving the copies with the court's seal some 50 days later.  The only defendants that complain about this particular deficiency are the Bayer defendants.  After being notified by Bayer that they deemed the service deficient on January 5, 2017, Plaintiff's counsel rectified the error and served Bayer with the preferred summons with the court seal on January 10, 2017.

Plaintiff moves the court to expand the time for service up to and including January 10, 2017.  Plaintiff's counsel was not derelict in attempting service in that the first attempt was made *only 11 days* (into the allotted 90 days for service) after the case was filed.  The attempt to correct the technical deficiency in the original service was made within days of Plaintiff's counsel being notified of the deficiency by Bayer.

Finally, granting the requested extension will not prejudice Bayer given that: 1) Bayer was put on notice of the suit when Plaintiff served the summons bearing the file stamp, but not the court's seal 11 days after the case was filed; 2) the case is part of the MDL, which is progressing without regard for the timing of service in this individual case; and 3) even within the confines of this specific case, there has been no delay in progress as Plaintiff has proceeded with the PTOs under the assumption that service was proper including having timely provided Bayer with a completed factsheet.

For those reasons and for good cause shown, Plaintiff requests that the court extend the time for service to include January 10, 2017, the date service was perfected.

Respectfully submitted,

By: /s/ Christopher T. Kirchmer

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
Christopher T. Kirchmer
Texas Bar No. 00794099
490 Park Street
P. O. Box 4905
Beaumont, Texas 77704
(409) 835-6000 telephone
(409) 813-8614 facsimile
ckirchmer@pulf.com - email

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 31st day of January, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel registered in this case. Any counsel not registered for electronic notice of filing with the Clerk of Court will be mailed a copy of the above and foregoing, First Class U.S. Mail, postage prepaid and properly addressed.

/s/ Christopher T. Kirchmer
Christopher T. Kirchmer