UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 <br><br> Master Docket Case No. 2:14-md-02592 <br><br> JUDGE ELDON E. FALLON |
| THIS DOCUMENT RELATES TO: <br><br> ELEANOR B. DIXON, <br><br>     Plaintiff, <br><br> vs. <br><br> JANSSEN RESEARCH & DEVELOPMENT, LLC, f/k/a Johnson and Johnson Pharmaceutical Research and Development, LLC; JANSSEN ORTHO LLC; JANSSEN PHARMACEUTICALS, INC., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc., BAYER HEALTHCARE PHARMACEUTICALS, INC.: BAYER PHARMA AG; BAYER CORPORATION; BAYER HEALTHCARE, LLC; BAYER HEALTHCARE AG; and BAYER AG, <br><br>     Defendants. | MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE <br><br> Civil Action No.: 2:16-CV-15350-EEF-MBN |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

In support of Plaintiff's Motion to Dismiss Without Prejudice, Plaintiff states the following:

1. Plaintiff's counsel originally drafted the Complaint on Plaintiff's behalf in mid-September of 2016, and notified Plaintiff that counsel would be filing the Complaint on her behalf.

2. The Complaint was filed in this Court on October 6, 2016.

3. After filing, Plaintiff's counsel began the process of completing the PFS on Plaintiff's behalf and sent Plaintiff a copy of the completed PFS for review and confirmation.

4. On January 17, 2017, Plaintiff's counsel was notified by Plaintiff's sister that Ms. Dixon expired on September 28, 2016, approximately one week before the Complaint was filed, making the Complaint void ab initio.

5. The completed PFS in the currently pending (but void) action is due on January 31, 2017. Obviously the PFS cannot be completed by Plaintiff and this matter cannot proceed.

6. On January 27, 2017, Plaintiff's counsel initiated (through email, attached as Exhibit 1) a conferral with defense counsel regarding this matter. On January 30, 2017, the undersigned Plaintiff's counsel conferred by phone with Defense counsel identified in Exhibit 1 (attached). However, Plaintiff's counsel and Defense counsel were unable to reach an agreement concerning the nature of the dismissal. On January 31, 2017, Plaintiff's counsel again conferred with Defense counsel, and once again, Defense Counsel would not agree to a dismissal without prejudice. In light of Defense counsel's inability to stipulate to a dismissal without prejudice, Plaintiff's counsel advised Defense counsel of Plaintiff's intent to file this Motion on this date.

7. Rule 41(a)(2) of the Federal Rules of Civil Procedure provide that the action may be dismissed under these circumstances only by Court Order and that dismissal under this section is without prejudice unless otherwise stated.

WHEREFORE, Plaintiff's counsel requests this Court to issue an Order dismissing this matter without prejudice, as void ab initio, to allow the option for Plaintiff's Estate to refile the claim as a survival action, if the personal representative of Plaintiff's Estate so chooses.

Respectfully submitted, this the 31st day of January, 2017.

                                **THE COCHRAN FIRM-DOTHAN**

                                By: /s/ Joseph D. Lane
                                Joseph D. Lane
                                AL Bar ASB 9991 N75-J
                                111 E. Main Street
                                Dothan, AL 36301
                                phone: (334) 673-1555
                                fax: (334) 699-7229
                                e-mail: JoeLane@CochranFirm.com
                                *Counsel for plaintiffs*

## **CERTIFICATE OF CONFERRAL**

Undersigned Counsel certifies that on January 27, 2017, Plaintiff's counsel initiated (through email, attached as Exhibit 1) a conferral with defense counsel regarding this matter. On January 30, 2017, and again on January 31, 3017, the undersigned Plaintiff's counsel conferred by phone with Defense counsel identified in the attached Exhibit 1. However, Plaintiff's counsel and Defense counsel were unable to reach an agreement concerning the nature of the dismissal. Defense counsel was unable to agree to a Stipulation of Dismissal without Prejudice as requested in Plaintiff's counsel's January 27 email.

                                **THE COCHRAN FIRM-DOTHAN**

                                By: /s/ Joseph D. Lane
                                Joseph D. Lane
                                AL Bar ASB 9991 N75-J
                                111 E. Main Street
                                Dothan, AL 36301
                                phone: (334) 673-1555
                                fax: (334) 699-7229
                                e-mail: JoeLane@CochranFirm.com
                                *Counsel for plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all counsel of record, on this 31st day of January, 2017.

**THE COCHRAN FIRM-DOTHAN**

By: /s/ Joseph D. Lane
Joseph D. Lane
AL Bar ASB 9991 N75-J
111 E. Main Street
Dothan, AL 36301
phone: (334) 673-1555
fax: (334) 699-7229
e-mail: JoeLane@CochranFirm.com
*Counsel for plaintiffs*