UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2592<br><br>SECTION: L<br><br><br>JUDGE FALLON<br>MAG. JUDGE NORTH<br><br>RESPONSE TO DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES |

**THIS DOCUMENT RELATES TO:**

*Maryjo Burns Gay obo Carl P. Gay v. Janssen Research & Development LLC, et al; No. 2:16-cv-05452*

*Lena Butler obo Betty Taylor v. Janssen Research & Development LLC, et al; No. 2:16-cv-11922*

COMES NOW Counsel for Plaintiff in the above matters, and files this Response to the Defendants' Motion for Order to Show Cause Regarding Plaintiffs with Alleged Core Plaintiff Fact Sheet Deficiencies (Doc. 4926) filed on January 5, 2017 and set for submission on the Court's docket for February 10, 2017.

I.

Defendants moved for an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets (hereinafter referred to as PFSs) should not be dismissed with prejudice. Two Plaintiffs represented by The Gallagher Law Firm appear on Exhibit A (Doc. 4926-2) of Defendants' Motion as follows:

1

- *Maryjo Burns Gay obo Carl P. Gay v. Janssen Research & Development LLC, et al; No. 2:16-cv-05452* (#148 in the Defendants' Motion for Order to Show Cause)

Undersigned counsel has informed the Plaintiff Maryjo Burns of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants and advised of the deadlines within which to respond and cure said deficiencies.

Counsel for Plaintiff has made numerous attempts by telephone, email and written correspondence to contact Plaintiff in order to obtain the requisite estate documents that are necessary to obtain additional medical records pertaining to Mr. Gay's treatment. Counsel has also communicated directly with Plaintiff via email and has stressed the importance of providing the requested documents so that counsel can continue with the prosecution of her claim. To date, Plaintiff has not provided the required documentation and as a result, counsel is unable to respond and cure the core PFS deficiencies.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to assist Ms. Gay in complying with her obligations to cure the deficiencies in her PFS. Counsel does not have written permission from Plaintiff to agree to stipulate to the dismissal of her claim with prejudice. However, Counsel has no basis to contest such a dismissal at this time and Plaintiff has been advised that unless the requisite estate documents are provided, her case is subject to dismissal by the Court with prejudice.

- *Lena Butler obo Betty Taylor v. Janssen Research & Development LLC, et al; No. 2:16-cv-11922* (#405 in the Defendants Motion for Order to Show Cause)

Undersigned counsel has notified the Plaintiff Lena Butler of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided

Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants and advised of the deadlines within which to respond and cure said deficiencies.

Counsel for Plaintiff has made numerous attempts by telephone, email and written correspondence to contact Plaintiff in order to obtain the requisite HIPAA compliant authorizations and estate documents that are necessary to obtain records pertaining to Ms. Taylor's Xarelto usage and medical treatment. While Plaintiff has received some of Counsel's communications, she has not responded. Counsel's most recent correspondence sent to Plaintiff by Federal Express was returned as undeliverable. Counsel has attempted to ascertain the current location of Plaintiff but has not been able to locate her. She has not responded to emails or telephone messages from counsel. To date, Plaintiff has not responded and provided the required documentation and as a result, counsel is unable to respond and cure the core PFS deficiencies.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to assist Ms. Gay in complying with her obligations to cure the deficiencies in her PFS. Counsel does not have written permission from Plaintiff to agree to stipulate to the dismissal of her claim with prejudice. However, Counsel has no basis to contest such a dismissal at this time and Plaintiff has been advised that unless the requisite documents are provided, her case is subject to dismissal by the Court with prejudice.

Dated: February 2, 2017.                    Respectfully submitted,

                                            s/ Michael T. Gallagher
                                            MICHAEL T. GALLAGHER
                                            (Texas Bar #07586000)
                                            THE GALLAGHER LAW FIRM LLP
                                            2905 Sackett Street
                                            Houston, TX 77098

Telephone: (713) 222-8080
Facsimile (713) 222-0066
mike@gld-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing Response to Defendants' Motion for Order to Show Cause has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

      s/ Michael T. Gallagher
      Michael T. Gallagher