**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br><br>SECTION: L<br>JUDGE: ELDON E. FALLON<br>MAG. JUDGE MICHAEL NORTH |
| THIS DOCUMENT RELATES TO:<br><br>*Carolyn E. Holdren v. Janssen Research & Development, LLC, et al.*, No. 2:16-CV-10918 | **RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES** |

COMES NOW Plaintiff Carolyn E. Holdren, by counsel, and hereby submits Plaintiff's Response to this Court's Order to Show Cause Regarding Plaintiffs with Alleged Core Plaintiff Fact Sheet Deficiencies (R. Doc. 5085) and respectfully pleads as follows:

Defendants moved for, and this Court entered, an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets (PFSs) should not be dismissed with prejudice. Carolyn E. Holdren (Holdren) is a plaintiff that appears on the show cause order (R. Doc. 5085). Two of the alleged deficiencies in Holdren's case do not exist and the third alleged deficiency has been cured.

**I. Month and Year of Death**

First, Defendants allege Holdren failed to provide a response containing the month and year of her death. Holdren is not dead and, therefore, this is not a deficiency.

**II. Question in Section I**

Second, Defendants allege Holdren failed to respond to a question in Section I (Core Case Information). This alleged deficiency appears to relate to Holdren's failure to provide her place of death. Again, Holdren is not dead and, therefore, this is not a deficiency.



**III. Declaration**

Finally, Defendants allege Holdren failed to provide a Declaration signed by plaintiff, Xarelto user, or Xarelto user's representative.  Undersigned counsel acted in good faith to submit all information required in the PFS, but initially misunderstood the requirement of a Declaration.  Once informed of the requirement on January 31, 2017, undersigned counsel acted immediately to obtain the Declaration.  Holdren uploaded her Verification of PFS on February 1, 2017, thus curing this deficiency.

Holdren asserts that no alleged deficiencies remain and that permitting her claim to proceed will cause no prejudice to Defendants.

WHEREFORE, undersigned counsel respectfully requests that Plaintiff Carolyn E. Holdren's claim (Civil Action No. 2:16-cv-10918) be allowed to proceed.

Dated: February 2, 2017.        FRITH & ELLERMAN LAW FIRM, PC

By:   */s/ Lauren E. Davis*
      Counsel

T. Daniel Frith, III, Esquire (VSB # 22065)
Lauren M. Ellerman, Esquire (VSB # 68464)
Lauren E. Davis, Esquire (VSB # 74066)
Frith & Ellerman Law Firm, P.C.
P.O. Box 8248
Roanoke, VA 24014
Telephone:  540/985-0098
Facsimile:  540/985-9198
dfrith@frithlawfirm.com
lellerman@frithlawfirm.com
ldavis@frithlawfirm.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 2, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana, and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                         By:    /s/ Lauren E. Davis
                                 Counsel