IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| In re: | § MDL Docket No. 2:16-cv-09840-EEF-MBN |
| | § |
| XARELTO PRODUCTS LIABILITY LITIGATION | § MDL NO. 2592 |
| | § |
| | § |
| WELCH, | § SECTION:  L |
| Plaintiff, | § |
| | § JUDGE:  ELDON E. FALLON |
| vs. | § |
| | § MAG. JUDGE MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT, et al. | § |
| | § |
| | § |
| Defendants. | § |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO EXPAND TIME
TO BAYER DEFENDANTS**

Plaintiff seeks an expansion of the service deadline to comply with the unique requirements insisted on by Bayer Healthcare Pharmaceutical and Bayer Pharma AG.  The facts are as follows:

- Date Filed: 06/13/2016. The MDL court immediately issued file stamped copies of summons filed to this case.

- Originally served to Bayer Healthcare Pharmaceuticals and Bayer Pharma AG, by certified mail and registered mail, respectively, on June 30, 2016. These services were done with the automated court file stamp across the top of summons. Both the certified

1

- and registered mail receipt cards were returned from the Bayer defendants. No other contact was made by their counsel to indicate there was an issue.

- The MDL court issued the summons on August 4, 2016, with the court seal and files stamp to the MDL website.

- On January 4, 2017, the Bayer Defendants issued an Unserved Complaint Notice complaining that the served file stamped copy of the summons was not sufficient as it did not have the court's seal.

- On January 10, 2017, Plaintiff served Bayer Healthcare Pharmaceuticals and Bayer Pharma AG, by certified mail and registered mail, respectively, with the summons the court issued on August 4, 2016 with the file stamp and the court's seal.

- February 1, 2017, the counsel for Bayer Healthcare Pharmaceuticals notified Plaintiff's counsel that the Bayer defendants were not timely served due to the summons being sent to the wrong defendants, respectively (each other).

- February 1, 2017, Plaintiff served Bayer Healthcare Pharmaceuticals and Bayer Pharma AG, by certified mail and registered mail, respectively, with the summons bearing the file stamp and the court's seal.

Plaintiff's counsel complied with the many requirements set forth in PTO 10, including electronic service on the Bayer clients.  Plaintiff's counsel served all defendants with the file stamped summonses before receiving the copies with the court's seal some 30 plus days later. The only defendants that complain about this particular deficiency are the Bayer defendants. Shortly after being notified by Bayer that they deemed the service deficient on January 4, 2017, Plaintiff's counsel attempted to rectify the error by serving the Bayer defendants with the

summons with the court seal on January 10, 2017.  Unfortunately, Plaintiff switched the summonses for Bayer Healthcare Pharmaceuticals and Bayer Pharma AG.  That error was corrected on February 1, 2017, the day Plaintiff learned of the mix-up.  Service of the correct, file stamped summonses bearing the court's seal were sent to the proper defendants on that date.

Plaintiff has moved the court to expand the time for service until March 1, 2017 to allow enough time to ensure that the Bayer defendants receive service within the extended period.  Plaintiff's counsel was not derelict in attempting service in that the first attempt was made only 17 days after the case was filed and attempts to correct the technical deficiencies in the service attempts were made within days of Plaintiff's counsel being notified of the deficiencies by Bayer.

Finally, granting the requested extension will not prejudice Bayer given that: 1) Bayer was put on notice of the suit when Plaintiff served the summons bearing the file stamp, but not the court's seal 17 days after the case was filed; 2) the case is part of the MDL which is progressing without regard for the timing of service in this individual case; and 3) even within the confines of this specific case, there has been no delay in progress as Plaintiff has proceeded under the PTOs under the assumption that service was proper including having timely provided Bayer with a completed factsheet.

For those reasons and for good cause shown, Plaintiff believes the Court should grant Plaintiff's Motion for Extension of Time to Serve Defendants.

Respectfully submitted,

By: /s/ Christopher T. Kirchmer

**PROVOST ✯ UMPHREY LAW FIRM, L.L.P.**
Christopher T. Kirchmer
Texas Bar No. 00794099
490 Park Street
P. O. Box 4905
Beaumont, Texas 77704
(409) 835-6000 telephone
(409) 813-8614 facsimile
ckirchmer@pulf.com - email

### CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of February, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel registered in this case. Any counsel not registered for electronic notice of filing with the Clerk of Court will be mailed a copy of the above and foregoing, First Class U.S. Mail, postage prepaid and properly addressed.

　　　　　　　　　　　　　　　　　　　　/s/ Christopher T. Kirchmer
　　　　　　　　　　　　　　　　　　　　Christopher T. Kirchmer

4