William B. Curtis (Texas SBN 00783918)
WILLIAM B. CURTIS
12225 Greenville Ave., Suite 750
Dallas, Texas 75243
bcurtis@curtis-lawgroup.com
Telephone: (214) 890-1000
Facsimile: (214) 890-1010
Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ──────────────────────────── ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> *Charles Jackson v. Janssen Research &* ) <br> *Development LLC, et al.*, *No. 2:16-cv-08832* ) <br> ) <br> *Donald Jefferson v. Janssen Research &* ) <br> *Development LLC, et al.*, *No. 2:16-cv-00841* ) <br> ) <br> *Antonia Norris v. Janssen Research &* ) <br> *Development LLC, et al.*, *No. 2:16-cv-08850* ) <br> ) <br> *Catherine Strother v. Janssen Research &* ) <br> *Development LLC, et al.*, *No. 2:16-cv-08860* ) <br> ) <br> *Christal Turner v. Janssen Research &* ) <br> *Development LLC, et al.*, *No. 2:16-cv-08890* ) <br> ) <br> *Glenda Jo Bradfield v. Janssen Research &* ) <br> *Development LLC, et al.*, *No. 2:16-cv-06562* ) | MDL No. 2592 <br><br> SECTION:   L <br> JUDGE FALLON <br> MAG. JUDGE NORTH <br><br> **RESPONSE TO SHOW CAUSE** <br> **ORDER REGARDING PLAINTIFFS** <br> **WITH ALLEGED CORE FACT SHEET** <br> **DEFICIENCIES** |

Defendants moved for, and this Court entered, an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets ("PFSs") should not be dismissed with prejudice. Six plaintiffs represented by the Curtis Law Group appear on the

___

show cause order. For purposes of responding, Curtis has grouped these plaintiffs into two categories: (1) cases in which the alleged deficiencies have been cured; and (2) cases in which the alleged deficiencies have not been cured but Curtis reasonably anticipates curing those deficiencies and seeks a modest extension of time to do so.

1. **Cases in which the alleged deficiencies have been cured and the show cause order should be dismissed.**

    There are four cases in which Curtis cured the alleged deficiencies:

    - *Charles Jackson v. Janssen Research & Development, et al.* (#195 in the show cause order) (Docket No. 2:16-cv-0883)

    - *Christal Turner v. Janssen Research & Development, et al.* (#423 in the show cause order) (Docket No. 2:16-cv-08890)

    - *Catherine Strother v. Janssen Research & Development, et al.* (#397 in the show cause order) (Docket No. 2:16-cv-08860)

    - *Donald Jefferson v. Janssen Research & Development, et al.* (#201 in the show cause order) (No. 2:16-cv-0884)

    <u>Jackson</u> – The alleged deficiency is a failure to provide the declaration signed by Plaintiff, Xarelto user, or Xarelto user's representative. On December 13, 2016, before Defendants filed their Show Cause motion, the executed declaration was uploaded to MDL Centrality. As such, this alleged deficiency has been cured.

    <u>Turner</u> – The alleged deficiencies identified here are a failure to provide any medical records demonstrating an alleged injury and a failure to respond to question in Section I. On January 2, 2017, again before Defendants filed their Show Cause motion, the medical records were uploaded to MDL Centrality and, on that same date, the Section 1 question was answered.

    <u>Strother</u> – The alleged deficiencies identified here are failure to provide a signed Declaration and failure to respond to question in Section I. On February 1, 2017 this document

___

was uploaded to MDL Centrality and the response to the core question has been answered and, therefore, the deficiencies were cured.

*Jefferson* – The alleged deficiencies are the failure to provide any medical records, pharmacy records, signed declaration, and the failure to respond to a question in Section I. The medical records have come in since the time Defendant's motion was filed and were uploaded to MDL Centrality on February 1, 2017. The core questions were also answered on the same date.

2. **Cases in which the alleged deficiencies have not been cured but Curtis reasonably anticipates curing those deficiencies and seeks a modest extension of time to do so**

There are three cases in which the alleged deficiency is that the medical records provided do not demonstrate alleged injury and or a signed declaration was not provided, but Curtis reasonably anticipates obtaining these documents and requests a 60-day extension of time:

- *Antonia Norris v. Janssen Research & Development LLC, et al.*, (#298 in the show cause order) (Docket No. 2:16-cv-08850)

- *Glenda Jo Bradfield v. Janssen Research & Development LLC, et al.*, (#47 in the show cause order) (No. 2:16-cv-06562)

- *Donald Jefferson v. Janssen Research & Development, et al.* (#201 in the show cause order) (No. 2:16-cv-0884)

*Norris* – The alleged deficiencies are a failure to respond to a question in Section I and the allegation that the medical records provided do not demonstrate an injury. The records submitted indicate that Plaintiff has a history of gastrointestinal bleeding. Defendant was notified on December 30, 2016, in response to the notice of deficiency, that Plaintiff is in the process of gathering more information so that additional records may be obtained and supplemented. See Exhibit A attached hereto.

*Bradfield* – The alleged deficiency is that the medical records do not demonstrate the alleged injury. Defendant was notified on December 30, 2016, in response to the notice of

deficiency, that Curtis is in the process of locating additional records to confirm the injuries described by Plaintiff in her fact sheet. See Exhibit B attached hereto.

*Jefferson*– The alleged deficiency is that Plaintiff failed to provide a signed declaration. Curtis has answered the Core Case Information and produced injury records. Curtis was able to prepare the PFS because the plaintiff cooperated with Curtis in the obtaining the information. In other words, this is not a case where the plaintiff failed to provide a PFS, which can be taken as evidence that the plaintiff is not interested in pursuing his Xarelto-related claims. Rather, this is an instance where the plaintiff has been temporarily non-responsive and Curtis is taking all reasonable steps to obtain the needed signed declaration.

Under these circumstances, Curtis respectfully requests that the Court grant a 60-day extension of time to allow each of these three plaintiffs to cure the deficiency.

Dated:  February 2, 2017.                    CURTIS LAW GROUP

                                             By:   */s/ William Curtis*
                                                   William B. Curtis
                                                   Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2017, a copy of the above and foregoing document has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

By: */s/ William Curtis*
William B. Curtis
Attorneys for Plaintiffs

# EXHIBIT A



**WILLIAM B. CURTIS**
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization
BCurtis@Curtis-LawGroup.Com

December 30, 2016

<u>Via MDL Centrality</u>
Defense Counsel

    Re:   *Antonio Norris v. Janssen Research & Development, LLC, et al*
            *XARELTO MDL*

Dear Counsel:

    We are in receipt of Defendant's Fact Sheet Deficiency Notice, specifically noting Plaintiff was deficient in responding to PFS Section 1.D (Medical Records do not demonstrate alleged injury) and Section 1.C1 (Reason for Prescription).

    Plaintiff was prescribed Xarelto to prevent blood clots.

    Please be advised that Plaintiff submitted records from Memorial Hospital –West wherein the physician notes "history of poor anticoagulation candidate due to gastrointestinal bleeding."

    In addition, Plaintiff has submitted additional records from Memorial Hospital-Pembrook. Plaintiff is also in the process of obtaining additional medical records.

    Thank you.

                                            Very truly yours,

                                            *Josmary Gomez*

                                            Josmary A. Gomez
                                            Paralegal to William B. Curtis
                                            jgomez@curtis-lawgroup.com

/jg

# EXHIBIT B



**WILLIAM B. CURTIS**
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization
BCurtis@Curtis-LawGroup.Com

December 30, 2016

Via MDL Centrality
Defense Counsel

    Re:    *Glenda Bradfield v. Janssen Research & Development, LLC, et al*
              *XARELTO MDL*

Dear Counsel:

    We are in receipt of Defendant's Fact Sheet Deficiency Notice, specifically noting Plaintiff was deficient in responding to PFS Section 1.D (Medical Records do not demonstrate alleged injury).

    Please be advised that Plaintiff is in the process of obtaining additional medical records and will supplement PFS Section 1.D as that information becomes available.

    Thank you.

                                     Very truly yours,

                                      *Josmary Gomez*

                                      Josmary A. Gomez
                                      Paralegal to William B. Curtis
                                      jgomez@curtis-lawgroup.com

/jg

12225 Greenville Ave., Suite 750, Dallas, TX 75243| Tel: 214.890.1000|Fax: 214.890.1010 | Toll-Free: 800.890.7449|www.Curtis-LawGroup.com