**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | MDL NO. 2592 |
| **THIS DOCUMENT RELATES TO:** | SECTION:   L |
| | JUDGE:  ELDON E. FALLON |
| I.   *Robert Dewitt v. Janssen R&D, LLC, et al.*, No. 2:15-cv-03717; | MAGISTRATE JUDGE MICHAEL NORTH |
| II.  *Susan Gelerter on behalf of the estate of Gerald Gelerter v. Janssen R&D, LLC, et al.*, No. 2:15-cv-07173; | |
| III. *Barbara Jankowski v. Janssen R&D, LLC, et al.*, No. 2:15-cv-02099 | |
| IV.  *Mary Shearer v. Janssen R&D, LLC, et al.*, No. 2:15-cv-00353 | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION**
**FOR ORDER TO SHOW CAUSE**

COME NOW, Plaintiffs in the above-listed causes of action, by and through their undersigned counsel, who respond to Defendants' Motion for Order to Show Cause (doc. no. 4926) as follows.

**I.** *Robert Dewitt v. Janssen R&D, LLC, et al.***, No. 2:15-cv-03717**

1. Plaintiff Robert Dewitt opposes Defendants' Motion for Order to Show Cause for failure to prove Xarelto use as this Court has already ruled that this Plaintiff's contemporaneous treatmentrecords containing proof of Xarelto use uploaded to MDL Centrality are sufficient, and Plaintiff's claims may proceed. (*See* Order of April 5, 2016 attached hereto as *Exhibit* A)

1

2.  Mr. Dewitt's Complaint was filed on July 30, 2015, and Plaintiff subsequently completed and uploaded a fact sheet to MDL Centrality.

3.  On November, 6, 2015 Defendants served a deficiency notice stating that Plaintiff failed to provide copies of prescription and/or pharmacy records demonstrating use of Xarelto. By letter of November 25, 2015, Plaintiff's counsel advised defense counsel that Mr. Dewitt's medical records in MDL Centrality contained proof of his Xarelto use and listed the Bates number of the page where the proof was located.

4.  On February 19, 2016 Defendants filed a Motion for Rule to Show Cause listing plaintiffs whom they believe failed to prove Xarelto use. Plaintiff responded to Defendants' motion on March 14, 2016.[1]

5.  On April 5, 2016, this Court ordered that Plaintiff's evidence of Xarelto use sufficed for his[ claims to proceed. *See* Exhibit A.

6.  On December 14, 2016, Plaintiff received a second deficiency notice stating that Plaintiff failed to provide pharmacy records showing his Xarelto use. Plaintiff

---

[1] Plaintiff's response indicated Plaintiff had submitted a fact sheet in this MDL, accompanied by contemporaneous medical records of the Chandler Regional Medical Center reflecting his Xarelto use. Specifically, those records, which were uploaded to the MDL Centrality database on September 30, 2015, reflect physician Nicholas Caputo's impression that Mr. Dewitt "does have a history of atrial fibrillation and *he is maintained on Betapace and Xarelto*." Upon Mr. Dewitt's admission to the intensive care unit, Dr. Caputo noted his assessment of Mr. Dewitt's condition as follows: "*Upper gastrointestinal bleed while on Xarelto* with presyncope." The physician's treatment plan was "*Admission to intensive care unit*. Protonox drip, IV fluids, frequent hemoglobin and hematocrit, *hold Xarelto*, GI consultation." (Emphasis added). These contemporaneous medical records from Plaintiff's inpatient hospital stay, coupled with Plaintiff's representations in his complaint and fact sheet, evidence his Xarelto use.

responded to Defendants' deficiency notice via letter, again outlining Plaintiff's

hospital records and the references to Xarelto use therein.[2]

7. On January 5, 2017, Defendants filed this second Motion for Rule to Show Cause

alleging failure to provide copies of prescription and/or pharmacy records

demonstrating Plaintiff's use of Xarelto.

8. On January 20, 2017, Plaintiff received a third deficiency notice regarding

Plaintiff's failure to provide pharmacy records showing his Xarelto use.

9. In its Order of April 5, 2016, this Court already ruled that the records containing

proof of Xarelto use uploaded to MDL centrality are sufficient for Plaintiff's

claims may proceed.  *See* Exhibit A.

10. Accordingly, Plaintiff requests that the Rule be dissolved.

II.     *Susan Gelerter on behalf of the estate of Gerald Gelerter v. Janssen R&D, LLC, et al.*, **No. 2:15-cv-07173**

1. Plaintiff Susan Gelerter opposes Defendants' Motion for Order to Show Cause for

failure to prove Xarelto use as this Court has already ruled this Plaintiff's

contemporaneous treatment records containing proof of Xarelto use uploaded to

MDL centrality are sufficient, and Plaintiff's claims may proceed.

---

[2] There are no other deficiencies in this Plaintiff's fact sheet..

2. Plaintiff's Complaint was filed on December 31, 2015, and Plaintiff subsequently completed and uploaded a fact sheet to MDL Centrality.

3. On May 4, 2016, Defendants issued an amended deficiency notice that listed failure to provide copies of prescription and/or pharmacy records demonstrating Xarelto use as one of the deficiencies.[3]

4. On September 6, 2016, Defendants filed a motion for Order to Show Cause regarding Plaintiffs whom they believed failed to prove Xarelto use.

5. Hospital records evidencing Xarelto use were received by Plaintiff's counsel on September 15, 2016, and were uploaded to MDL centrality on the same day. Plaintiff responded to the motion to show cause on September 19, 2016.[4]

6. On September 25, 2016, Defendants' issued a second amended deficiency notice listing the same deficiencies as the previous notice.

7. On September 30, 2016, this Court ordered that Plaintiff's deficiencies were resolved, and the action may proceed *See* this Court's order of September 30, 2016 attached hereto as Exhibit B.

---

[3] All other fact sheet deficiencies for this Plaintiff have been cured.

[4] Plaintiff's response indicated Plaintiff had submitted a fact sheet in this MDL, accompanied by contemporaneous medical records from Hoag Hospital reflecting his Xarelto use. Plaintiff was first admitted to Hoag Hospital on March 6, 2014 and diagnosed with upper gastrointestinal bleed. The admission record notes that Plaintiff was on Xarelto for treatment for DVT, and Xarelto was discontinued in the hospital (MDL Centrality Document ID 280900, page 2134-2135, 2147-2148, 2151-2155). The records further note that the medical history taken from Plaintiff's wife indicates she stated he was taking Xarelto at that time. Plaintiff received Xarelto directly from the manufacturer through a mail order service and thus pharmacy records are not available.

4

8. On January 5, 2017, Defendants filed this second Motion for Rule to Show Cause alleging failure to provide copies of prescription and/or pharmacy records demonstrating Plaintiff's use of Xarelto.

9. This Court has already ruled the records containing proof of Xarelto use uploaded to MDL centrality are sufficient and Plaintiff's claims may proceed.

10. Accordingly, Plaintiff requests that the Rule be dissolved.

III.    *Barbara Jankowski v. Janssen R&D, LLC, et al.*, No. 2:16-cv-02099

1. Plaintiff Barbara Jankowski opposes Defendants' Motion for Order to Show Cause for failure to provide medical records demonstrating alleged injury and failure to submit a signed Declaration.

2. Plaintiff's complaint was filed on March 11, 2016. Plaintiff's fact sheet was subsequently submitted along with medical records reflecting plaintiff's Xarelto use and diagnosis of abdominal wall hematoma.

3. Defendants issued a deficiency notice on November 16, 2016 alleging failure to provide medical records demonstrating alleged injury and failure to submit a signed Declaration.

4. The medical records uploaded to MDL centrality (Document # 303259) show that Plaintiff was diagnosed with an abdominal wall hemaotoma, a Cat Scan of Plaintiff's abdomen confirmed the diagnosis, and Xarelto was discontinued in the hospital. (MDL Centrality Document ID 303259, pages 132, 169).

5. The above-referenced medical records establish proof of Plaintiff's injury secondary to Xarelto use.

6. In connection with completion of the fact sheet, counsel have diligently attempted to contact Ms. Jankowski to receive her signed Declaration, but she has not yet provided it.

7. Counsel request an additional sixty days to continue to attempt to contact Ms. Jankowski and provide the declaration.

IV.     *Mary Shearer v. Janssen R&D, LLC, et al.*, **No. 2:16-cv-00353**

1. Plaintiff Mary Shearer opposes Defendants' Motion for Order to Show Cause for failure to provide medical records demonstrating Plaintiff's alleged injury.

2. On January 14, 2016, the undersigned filed a complaint in good faith reliance on Plaintiff's representations and medical records reflecting plaintiff's Xarelto use and diagnosis of serious bleeding event with extreme swelling in her left leg.

3. Since that time, Plaintiff's counsel have diligently been seeking to obtain medical records reflecting Plaintiff's alleged injury. However, counsel is still awaiting records from Plaintiff's healthcare provider.

4.       Counsel request an additional sixty days to cure the deficient Plaintiff Fact Sheet.


Respectfully submitted,


Dated:  February 2, 2017                                    **GRANT & EISENHOFER P.A.**


By*:*        /s/ Thomas V. Ayala
            Jay W. Eisenhofer
            **GRANT & EISENHOFER P.A.**
            485 Lexington Avenue, 29th Floor
            New York, NY  10017
            Telephone: 646-722-8500
            Facsimile:  646-722-8501
            jeisenhofer@gelaw.com

            M. Elizabeth Graham
            Thomas V. Ayala
            Samantha Mertz
            **GRANT & EISENHOFER P.A.**
            123 Justison Street
            Wilmington, DE 19801
            Tel: (302) 622-7000
            Fax:  (302) 622-7100
            egraham@gelaw.com
            tayala@gelaw.com
            smertz@gelaw.com


7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Response to Defendants' Motion for Order to Show Cause has contemporaneously with or before filing before been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana  and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Thomas V. Ayala
Thomas V. Ayala, Esquire

8