UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN)<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>CASE NUMBER 2:15-cv-02427 | *  MDL NO: 2592<br>*<br>*  MASTER DOCKET CASE:<br>*  2:14-md-02592<br>*<br>*<br>*  JUDGE: ELDON E. FALLON<br>*<br>*  MAG. JUDGE<br>*  MICHAEL NORTH<br>*<br>*  <u>JURY TRIAL DEMANDED</u> |

*************************************************************************

### RESPONSE TO ORDER TO SHOW CAUSE REGARDING
### <u>PLAINTIFFS WHO HAVE FAILED TO PROVE XARELTO USE AND DEFICIENT</u>

NOW INTO COURT comes Johnnie Mae Reynolds, Louis Stern, and Carol Steinat, represented through counsel Scott, Vicknair, Hair & Checki, LLC, in case numbers 2:15-cv-02427, 2:15-cv-06435, 2:15-cv-06436, who in opposition to the Order to Show Cause, show as follows:

- **<u>Johnnie Mae Reynolds:</u>**

1. The complaint in this matter was filed on July 1, 2015 based upon a good faith belief and communications from the heirs of Johnnie Mae Reynolds that Ms. Reynolds was taking Xarelto at the time of her death.

2. Claimant and the undersigned counsel undertook to obtain all of the medical records and pharmacy records of the decedent prior to filing this suit.

3. Plaintiff and undersigned counsel have produced hundreds of medical records through MDL Centrality to the defendants on this claim.

1

4. Unfortunately, the pharmacy in which Ms. Reynolds filled prescriptions within the hospital facility that Ms. Reynolds was treated is no longer operating.

5. The plaintiffs have received medical records from Walgreens, the other pharmacy which Ms. Reynolds is believed to potentially have filled her prescription.

6. Ms. Reynolds has eight (8) children, all who live in different areas of Mississippi and/or the country.

7. Plaintiffs have previously submitted affidavits from one of the heirs, as well as staff, as to the above-mentioned facts and to establish that Ms. Reynolds had used Xarelto prior to her death, which are both attached as Exhibit A & B.

8. If it is the order of the Court, we can potentially receive more affidavits to establish Xarelto use from the other children and/or friends who had knowledge of Ms. Reynolds medical regimen prior to her death.

9. Additionally, plaintiff is working on an affidavit from her treating physician, Dr. Stephen Clark, but does not have one at this date.

10. Respectfully, plaintiff has cured any and all other deficiencies, and has submitted sufficient proof of Xarelto use which should prevent the dismissal with prejudice of this claim.

- **Louis Stern:**

All identified deficiencies have been remedied within MDL Centrality for this claimant at this time.

- **Carol Steinat:**

All identified deficiencies except for the HIPPA forms and signed declaration have been updated at this time within MDL Centrality. Ms. Steinat resides in Colorado and at the time of this filing has communicated she is sending counsel updated HIPPA forms and a signed declaration.

Plaintiffs respectfully request more time to receive and upload these additional documents to MDL Centrality.

>Respectfully submitted,
>
>SCOTT, VICKNAIR, HAIR & CHECKI, LLC
>
>*/s/ David P. Vicknair*
>
>_____
>DAVID VICKNAIR, #34135
>GALEN M. HAIR, #32865
>909 Poydras Street, Suite 1100
>New Orleans, LA 70002
>Facsimile: (504) 613-6351
>david@svhclaw.com
>hair@svhclaw.com
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served on counsel of record via CM/ECF this 6th day of February, 2017.

>/s/ David P. Vicknair
>
>_____
>DAVID VICKNAIR

3