UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Quonchita L. Johnson, individually and on* | * | JUDGE ELDON E. FALLON |
| *behalf of the Estate of Joann C. Burley* | * | |
| *(16-06638)* | * | |
| | * | MAG. JUDGE NORTH |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

**OPPOSITION TO SECOND MOTION FOR EXTENSION OF TIME UNDER PTO 27
TO PROVIDE MEDICAL RECORDS TO SATISFY PLAINTIFF FACT SHEET**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants"), Johnson & Johnson ("J&J"), Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Bayer Defendants") collectively referenced as "Defendants," through undersigned counsel, respectfully submit the instant Opposition to Plaintiff Quonchita L. Johnson, individually and on behalf of the Estate of Joann C. Burley's ("Plaintiff") Second Motion for Extension of Time Under PTO 27 to Provide Medical Records to Satisfy Plaintiff Fact Sheet. (Rec. Doc. No. 5252).

As explained *infra*, Plaintiffs' request for an extension of time to cure the PFS deficiencies should be denied because, as repeatedly emphasized by the Court, (1) timely submission of the completed PFSs is *essential* to this litigation; and (2) at this point in the

- 1 -

litigation, plaintiffs who have made claims now need to provide proof that they belong in this MDL.

First, the Court has repeatedly emphasized that the timely submission of Plaintiff Fact Sheets is an essential step in this litigation and that the failure to submit a completed PFS will result in the dismissal of the case. *See* November 20, 2015 Status Conf. Tr. at 8:15-19 ("**[I]f the fact sheets are not going to be filled out, then I will be dismissing cases. I will dismiss the case.  My intent is to dismiss the case with prejudice, not without prejudice**."); October 21, 2015 Status Conf. Tr. at 6:1-6 (again noting that failure to timely file PFSs will result in dismissal of cases). *See also*, September 20, 2016 Status Conf. Tr. at 5 ("If this information is not forthcoming, you need to know, folks, that I'm going to dismiss the cases with prejudice."). Jan 20, 2017 Status Conf. Tr. at 32:20-25 (And if you file a lawsuit, you have a responsibility to participate in the lawsuit. It's not something that you file and forget about. It's important that the parties participate and that the attorneys who represent these parties participate. And if they don't, I'll dismiss the cases with prejudice.).

Furthermore, the Court has explicitly recognized the important role of plaintiff fact sheets in determining whether plaintiffs who have made claims in the MDL are properly in this litigation.

> Also, with the fact sheets, we find in some of these types of cases, particularly with the pharmaceutical drug cases, there are individuals who have made claims, but they haven't taken the drug. They may have taken another drug, and they may be entitled to be in another MDL proceeding, but not in this proceeding, and the fact sheets are helpful in determining that aspect of the situation, so that those cases can be moved out of the system.

*See* November 20, 2015 Status Conf. Tr. at 9:1-8.

Here, Plaintiff's counsel asserts that the Plaintiff Fact Sheet in this matter was due on August 4, 2016, and that counsel has not yet received the pertinent medical records. (Rec. Doc. No. 5252-1). Thus, Plaintiff alleges, an extension of time is needed through May 1, 2017—which is nine months after the initial fact sheet was due, and almost one full year from when the complaint was first filed on May 10, 2016.

Notably, Plaintiff's initial Motion for Extension stated that "[a]lthough much of the Core Information for the Fact Sheet and medical records are in place, authorizations and signatures are still needed." (Rec. Doc. No. 5067-2). Plaintiff's initial Motion for Extension of Time was granted by this Court on December 6, 2016, making the deadline for submission of the Plaintiff Fact Sheet January 31, 2017—the date of the filing of the instant Motion. (Rec. Doc. 4688). Plaintiff's Memorandum in Support of the instant Motion, however, does not provide an explanation as to why the Plaintiff Fact Sheet has not yet been submitted, notwithstanding the missing medical records, which can be supplemented at a later date.

Further, this case was listed on Defendants' Motion for Order to Show Cause Regarding Plaintiffs Who Have Failed to Serve a Plaintiff Fact Sheet, which was filed on November 3, 2016. (Rec. Doc. No. 4432). Counsel for Plaintiff filed a Response to the Motion on November 10, 2016, noting the previous pending Motion for Extension. *See* Rec. Doc. No. 4489; Rec. Doc. 5067.

The instant matter was ultimately addressed in the context of Defendants' Order to Show Cause hearing following the January 20, 2017 Status Conference:

MS. DANIEL: The case next is Joann Burley. This firm filed a response to the order to show cause and asked for additional time to provide medical records. On December 6th, Your Honor, the Court ordered that the deadline to provide the medical records in connection with the plaintiff' s fact sheet is now January 31, 2017, so we do not think this case should be on the order to show cause this month, Your Honor. They are awaiting records and the Court has signed an order stating that they have additional time. **And while they have not submitted the fact sheet yet**, we think it's appropriate that they be allowed the additional time that was given to them by the Court so that they can complete and submit a fully completed fact sheet.

MS. MILLER: Your Honor, the complaint was filed in May of 2016. The plaintiff fact sheet was due in August of 2016. They received notice ten days later that they were late. They did get an extension to receive records, but, as Your Honor has previously indicated, it's really important that the plaintiff provide the information that they're able to. We see no basis why they couldn't have provided at least a partial plaintiff fact sheet. They've had, at this point, five months since the deadline to do so.

THE COURT: Yeah, they've got - - I understand if they can't supply information for the entire fact sheet, but if they can supply some information they have to do so. They have now gotten the records or they've made movement in getting the records. I'll continue this one. **But if they don't do anything on the fact sheet by the next time, I' m going to dismiss the case**.

MS. DANIEL: Thank you, Your Honor.

*See* Jan 20, 2017 Status Conf. Tr. at pp. 34:17-35:20 (emphasis added). Thus, this Court has

acknowledged that, if counsel does not proceed with submitting the Plaintiff Fact Sheet, the case

will be dismissed *with prejudice.*

In this litigation, the burden is on Plaintiffs to establish proof of use of the product and

proof of injury.  And although Plaintiff's counsel has alleged difficulty in obtaining certain

medical records to support Plaintiff's claim, counsel has provided no explanation as to why the

Plaintiff Fact Sheet itself has not yet been submitted for a Complaint that was filed almost eight

months ago in May 2016.   Accordingly, Defendants respectfully request that the Court deny Plaintiff's Second Motion for Extension of Time Under PTO 27 to Provide Medical Records to Satisfy Plaintiff Fact Sheet. (Rec. Doc. No. 5252).

Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**
By: /s/Susan M. Sharko
Susan Sharko
600 Campus Dr.
Florham Park, NJ 07932
Tel: (973) 549-7000
Susan.Sharko@dbr.com

Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson

**ARNOLD & PORTER KAYE SCHOLER LLP**
By: /s/ Andrew Solow
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Attorneys for Defendants Bayer HealthCare
Pharmaceuticals Inc., and Bayer Pharma AG

**IRWIN FRITCHIE URQUHART & MOORE
LLC**
By: /s/James B. Irwin
James B. Irwin
Kim E. Moore
400 Poydras St., Ste, 2700
New Orleans, LA 70130
(504) 310-2100
jirwin@irwinllc.com
kmoore@irwinllc.com

Liaison Counsel for Defendants

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

Liaison Counsel for Defendants

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on February 7, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**