# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

_____

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) | |
| PRODUCTS LIABILITY LITIGATION ) | MDL No. 2592 |
| ) | |
| ) | SECTION: L |
| ) | |
| ) | JUDGE ELDON E. FALLON |
| ) | |
| ) | MAGISTRATE JUDGE NORTH |
| _____) | |

**THIS DOCUMENT RELATES TO:**

*WENDY BAKER v. Janssen Research & Development LLC, et al.,* Civil Action No. 2:16-cv-10857
*CAROLYN BETHEA v. Janssen Research & Development LLC, et al.,* Civil Action No. 2:16-cv-10864
*VEATRICE GRAVITT v. Janssen Research & Development LLC, et al.,* Civil Action No. 2:16-cv-10951
*YVONNE LACROIX v. Janssen Research & Development LLC, et al.,* Civil Action No. 2:16-cv-11590
*THOMAS MALONE v. Janssen Research & Development LLC, et al.,* Civil Action No. 2:16-cv-11073
*YVETTE REYNOLDS v. Janssen Research & Development LLC, et al.,* Civil Action No. 2:16-cv-11102

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES (DOCUMENT 5085)

COMES NOW, Counsel for Plaintiffs Wendy Baker, Carolyn Bethea, Veatrice Gravitt, Yvonne Lacroix, Thomas Malone, and Yvette Reynolds, and files this response to the Order to Show Cause Regarding Plaintiffs with Alleged Core Plaintiff Fact Sheet (PFS) Deficiencies (Doc. 5085) issued by this Court on January 5, 2017:

1. Plaintiff Wendy Baker

    a. The complaint in this matter was filed on May 19, 2016.

b. Undersigned counsel informed Plaintiff that this claim is subject to dismissal if a completed PFS is not served and explained the implications of such dismissal. Plaintiff expressed understanding and agreed to return the completed PFS and authorizations.

c. Despite many attempts, counsel has been unable to obtain completed PFS from Plaintiff. Since April 11, 2016, approximately one hundred twenty-seven calls were made, approximately eighty-eight voice mails were left, and two text messages were sent in attempt to reach the plaintiff regarding the PFS.

d. On August 12, 2016, a LexisNexis search was conducted for additional contact information but attempts to reach Plaintiff Wendy Baker using information from that search were unsuccessful.

e. Since the original PFS was mailed to Plaintiff on April 13, 2016, nine additional letters were mailed asking Plaintiff to complete and return the PFS, advising that a PFS deficiency was received, and warning of the risk of dismissal of Plaintiff's lawsuit with prejudice if the PFS deficiency was not timely cured. One of these letters was sent via United States Postal Service (USPS) priority mail and another letter was sent via certified mail. On August 25, 2016, a signed return receipt arrived indicating Plaintiff received the certified letter.

f. Undersigned counsel does not have written permission to agree to stipulate to the dismissal of this claim with prejudice, but Counsel does not have a reasonable belief that the deficiency will be cured. If this Court deems dismissal of Plaintiff's case to be proper, undersigned counsel respectfully requests that this Court dismiss this claim without prejudice.

2. Plaintiff Carolyn Bethea

   a. The complaint in this matter was filed on May 19, 2016.

   b. Plaintiff Carolyn Bethea completed and returned the PFS to Counsel's office; however, one of the authorization forms was missing a witness signature.

   c. On August 17, 2016, undersigned counsel sent notice of the deficiency to Plaintiff and advised Plaintiff that this claim is subject to dismissal if a completed PFS is not served and the implications of such dismissal.

   d. On November 3, 2016, Plaintiff Carolyn Bethea's daughter, Keyonna Bethea, notified Counsel's office Plaintiff Carolyn Bethea died on September 15, 2016.  Counsel's office informed Keyonna Bethea that in order to continue the lawsuit on Plaintiff Carolyn Bethea's behalf, Keyonna would need to be appointed Personal Representative of Plaintiff Carolyn Bethea's estate, be substituted in as Plaintiff, and sign the PFS declaration and authorization forms.  Keyonna expressed understanding and agreed to take these steps. Paperwork was mailed to Keyonna's address the same day via FedEx overnight mail.  FedEx tracking shows the paperwork was delivered on November 4, 2016, but the return tracking shows the paperwork was never sent back to Counsel's office.

   e. A Notice and Suggestion of Death as to Plaintiff Carolyn Bethea was filed with this Court on December 22, 2016.

   f. Despite many attempts to contact Keyonna Bethea, undersigned counsel has not received any indication that she has taken any steps necessary to continue this lawsuit.  Since November 3, 2016 Counsel's office has called Keyonna Bethea approximately twenty times, left six voicemails, sent two text messages, sent a Facebook message, sent an email

which was returned undeliverable, and mailed three letters asking Keyonna to contact our office immediately and warning her of the risk of dismissal of Plaintiff Carolyn Bethea's lawsuit with prejudice if the PFS deficiency was not timely cured.

g. A LexisNexis search was conducted on July 28, 2016 for additional contact information but the search did not lead to any valid phone numbers.

h. A letter explaining the need for representative documents was sent to Keyonna Bethea via certified mail on December 21, 2016.  A signed return receipt arrived in Counsel's office on December 27, 2016.

i. Undersigned counsel has no reasonable belief that any heir will take the necessary steps to continue this lawsuit. If this Court deems dismissal of Plaintiff's case to be proper, undersigned counsel respectfully requests that this Court dismiss this claim without prejudice.

3. Plaintiff Veatrice Gravitt

a. The complaint in this matter was filed on May 19, 2016 in good faith before all records were received.

b. Undersigned counsel has been diligent in investigating this claim.  Counsel has informed Plaintiff that counsel exhausted all sources of information to obtain Xarelto usage and injury proof and the implications of not providing such documentation.

c. After additional requests for records, undersigned counsel has been unable to obtain proof of use and injury.

d. In an attempt to follow up on the missing proof, approximately thirty-six calls were made to Plaintiff Veatrice Gravitt, twenty-two voicemails were left, and two letters were mailed via USPS priority mail explaining the risk of dismissal of Plaintiff's lawsuit with

      prejudice. USPS tracking indicates the two dismissal warning letters were delivered on November 4, 2016 and December 23, 2016.

   e. On December 22, 2016, Plaintiff informed counsel that she would not be obtaining any records and could not give additional information to assist in the production of these records.

   f. Undersigned counsel has made Plaintiff aware of the motion to dismiss this case with prejudice and the implications of such dismissal. Plaintiff is trying to locate records to cure the deficiency. Counsel requests a modest extension of time to cure the deficiency. Nevertheless, if this Court deems dismissal of Plaintiff's case to be proper, undersigned counsel respectfully requests that this Court dismiss this claim without prejudice.

4. Plaintiff Yvonne Lacroix

   a. A deficiency was issued on September 27, 2016 for not providing medical records demonstrating the alleged injury. Counsel's office uploaded medical records on October 17, 2016 which cure the deficiency for proof of injury (Page 3 of Document 288111).

   b. An amended deficiency notice was received October 21, 2016 for the same issue.

   c. Undersigned counsel respectfully requests this deficiency be removed.

5. Plaintiff Thomas Malone

   a. The complaint in this matter was filed on May 19, 2016.

   b. On June 14, 2016, Plaintiff Thomas Malone's sister-in-law, Norma Packard, informed Counsel's office Plaintiff Thomas Malone died on June 1, 2016. Ms. Packard stated Plaintiff did not have any other surviving relatives that could be contacted. Counsel explained to Ms. Packard the requirements for moving forward with this case which included appointment as Personal Representative of Thomas Malone's Estate, signing a

retainer agreement, and submitting a PFS. Ms. Packard said she was willing to take the necessary steps to continue the lawsuit on behalf of the estate of Thomas Malone.

c. Since discussing Plaintiff Thomas Malone's passing with Ms. Packard on June 14, 2016, Counsel's office has called Ms. Packard approximately seventeen times and mailed three letters. Each time Counsel's office spoke to Ms. Packard she explained she understood what she needed to do and understood the risk of dismissal with prejudice, but she was too busy to be involved with Plaintiff Thomas Malone's lawsuit.

d. Notice and Suggestion of Death as to Thomas Malone was filed with this Court on December 22, 2016.

e. A LexisNexis search was conducted on August 17, 2016 in an attempt to locate Plaintiff's heirs. The search results revealed one potential relative, Myrtle Virginia Malone. However, this potential relative was listed as deceased.

f. Undersigned counsel has not been contacted by any heir willing to continue the lawsuit filed for Thomas Malone.

g. If this Court deems dismissal of Plaintiff's case to be proper, undersigned counsel respectfully requests that this Court dismiss this claim without prejudice.

6. Plaintiff Yvette Reynolds

a. The complaint in this matter was filed on May 19, 2016.

b. Undersigned counsel informed Plaintiff that this claim is subject to dismissal if a completed PFS is not served and explained the implications of such dismissal. Counsel's office spoke to Plaintiff Yvette Reynolds on May 23, 2016 and Plaintiff expressed understanding and agreed to return the completed PFS and authorizations.

c. Despite many attempts, undersigned counsel has been unable to obtain completed PFS from Plaintiff.

d. Since the PFS was initially mailed, Counsel's office has made approximately sixty-four phone calls, left twenty-one voicemails, sent three emails which were returned undeliverable, and mailed two letters to follow up on the PFS.

e. LexisNexis searches were completed on May 19, 2016, August 11, 2016, and November 9, 2016 to obtain additional contact information for Plaintiff but attempts to reach Plaintiff at any of the numbers returned by the searches were unsuccessful.

f. Of the sixty-four call attempts, Counsel's office was only able to reach Plaintiff Yvette Reynolds twice, on August 1, 2016 and August 10, 2016. During both of these conversations, Counsel's office explained to Plaintiff the urgency of completing and returning the PFS and the risk of dismissal of Plaintiff's lawsuit with prejudice if a completed PFS was not timely submitted. Plaintiff informed Counsel's office she had the PFS, would complete it, and would return the completed PFS the same day. Plaintiff has not answered any follow-up calls from Counsel's office since August 10, 2016.

g. Undersigned counsel does not have written permission to agree to stipulate to the dismissal of this claim with prejudice, but Counsel does not have a reasonable belief that the deficiency will be cured. If this Court deems dismissal of Plaintiff's case to be proper, undersigned counsel respectfully requests that this Court dismiss this claim without prejudice.

Date: February 10, 2017                             Respectfully submitted,

                                                    /s/ Russell T. Abney_____

                                                    Russell T. Abney, Esq.
                                                    Attorney I.D. No. 000875 (GA)
                                                    FERRER, POIROT & WANSBROUGH
                                                    2603 Oak Lawn Avenue Suite 300
                                                    Dallas, TX 75219
                                                    Telephone: 800.521.4492
                                                    Fax: 866.513.0115
                                                    rabney@lawyerworks.com
                                                    *Attorney for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing Response to Order to Show Cause Regarding Plaintiffs with Alleged Core Plaintiff Fact Sheet Deficiencies has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b) (2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No.17.

Dated: February 10, 2017                            Respectfully submitted,

                                                    /s/ Russell T. Abney_____
                                                    Russell T. Abney, Esq.
                                                    Attorney I.D. No. 000875 (GA)
                                                    FERRER, POIROT & WANSBROUGH
                                                    2603 Oak Lawn Avenue Suite 300
                                                    Dallas, TX 75219
                                                    Telephone: 800.521.4492
                                                    Fax: 866.513.0115
                                                    rabney@lawyerworks.com
                                                    *Attorney for the Plaintiffs*