**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JOHN BURGER AND KAREN BURGER | MDL NO. 2592 |
| Plaintiffs, | |
| v. | SECTION:   L |
| | |
| JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, and BAYER AG, | JUDGE:  ELDON E. FALLON  MAG. JUDGE MICHAEL NORTH |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DEEM PRIOR SERVICE VALID OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME TO SERVE PROCESS ON DEFENDANTS BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG**

Plaintiffs submit this memorandum in support of their motion for an order from this

Court, deeming prior service on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG

as valid, or in the alternative to provide Plaintiffs an additional thirty (30) days, or such other

timeframe this Court deems appropriate, within which to service process on Defendants Bayer

Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG (hereinafter referred to as Bayer)

through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A, and

10B.

## I.    BACKGROUND

On November 10, 2016, Plaintiffs' Complaint was filed in *Re: Xarelto (Rivaroxaban)*

*Product Liability Litigation,* MDL No. 2592, Case No. 2:16-cv-16287. The summonses were

issued on November 15, 2016, wherein service on Bayer would be due January 14, 2017. However,

due to clerical error and misunderstanding of PTO 10A, wherein it was believed that there were

90 days in which to serve Bayer, the deadline for service was mistakenly calendared as February

13, 2017. Theratter, service to Bayer was completed on February 2, 2017, approximately two (2)

weeks after the actual service deadline of January 14, 2017.

Subsequently, on February 8, 2017, Defendant Bayer Healthcare Pharmaceuticals, Inc.

notified Plaintiffs' counsel by letter that, while they acknowledge receipt of the above-captioned

complaint and summonses, Defendant deemed the attempted service as untimely and improper as

they were beyond the 60-day limit provided in PTO No. 10.

## II.    LAW AND ANALYSIS

Fed. R. Civ. R. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit

has been filed against them and requires a summons to alert defendants that they have a limited

time in which to respond.  If a defendant is not served within 120 days after the complaint is filed

(within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the Court to

either (1) dismiss the action without prejudice against the defendant or (2) order that service be

made within a specified time. If the plaintiff shows good cause for the failure, the court must

2

extend the time for service for an appropriate period.  Fed. R. Civ. P. 4(m).  Plaintiffs has every

intention of pursing their claims against Defendants; it was due to clerical error that service was

not perfected within the confines of PTO No. 10.

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a

defendant has not been served within 120 days after a complaint is filed. *See Thompson v. Brown*,

91 F.3d 20, 21 (5th Cir. 1996).

The court may also decide that a permissive extension is appropriate, as permitted in its

discretion, and order that service by made within a specified time. *See. United States v. Ligas*, 549

F.3d 497, 501 (7th Cir. 2008) (*citing Henderson v. United States,* 517 U.S. 654, 662-63, 116 S. Ct.

1638, 134 L.Ed. 2nd 880 (1996)).  Once more, if a plaintiff can establish good cause for failing to

serve defendant, the court must allow additional time for service, and even if good cause is lacking,

the court has discretionary power to extend time for service. *See Thompson v. Brown*, 91 F.3d 20,

21 (5th Cir. 1996).  In addition, such relief may be warranted, "for example, if the applicable statute

of limitations would bar the refiled action, or if the defendant is evading service or conceals a

defect in attempted service."  Fed R. Civ. P.4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Rule 4(m) as to extending time is best

determined by considering the "arguments and factors advanced by the plaintiff, and pay[ing]

particular attention to the critical factor such as the running of a statute of limitations." *Cardenas*

*v. City of Chi.,* 646 F.3d 1001, 1007 (7th Cir. 2011) (*citing Panaras v. Liquid Crbonic Indus. Corp.*,

94 F.md 338, 341 ((7th Cir. 1996) (additional citation omitted)).  A court may also consider other

relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual

service. "*Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998).  Ultimately, the

court retains its discretion to allow an extension as long as it "properly sets out the relevant law

and makes no factual finding that are clearly erroneous." *Cardenas;* 6456 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381)

Here, the Plaintiffs have every intention of pursing their claims and has demonstrated such to the Defendants, including Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG.  The Plaintiffs were not acting in bad faith.  Plaintiffs attempted service pursuant to PTO No. 10; further, Defendant Bayer Healthcare Pharmaceuticals, Inc. acknowledged and received service.

Moreover, because this MDL involves hundreds of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by these Plaintiffs, no actual prejudice had or will occur to Defendants by this court granting relief sought herein.

Plaintiffs show that as a matter of law and fact, they were not in "bad faith" in delaying service of their complaint and summonses; Defendant is fully aware of and served with hundreds of identical complaints and has acknowledged the receipt of Plaintiff's complaint and summonses in this matter.  To dismiss Plaintiffs' claims here would elevate form over substance and deprive Plaintiffs of their day in court based on an error.

Plaintiffs point out that declaring prior service on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG valid is appropriate under the circumstances to avoid any subsequent issue regarding the statute of limitation, because the original complaint was timely filed.  However, if this Court is unwilling to declare prior service on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG as valid, Plaintiffs respectfully requests an extension of time in amount of thirty (30) days from the date an order is entered, or such other timeframe this Court deems appropriate, within which to provide streamlined service of process on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG.

### III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an Order from this Court Declaring prior service on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG, to be effective, or in the alternative, grant thirty (30) days from the date of the Order entered, or such other length of time which the Court deems appropriate, within which to provide streamlined service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG. No party herein will be prejudiced, nor will any MDL processes be adversely affected by granting the relief sought herein.

Dated this 10th day of February, 2017.

Respectfully submitted,


 /s/ *Michael P. McGartland*
Michael P. McGartland (Tx Bar #13610800)
McGartland Law Firm, PLLC
University Centre I, Suite 500
1300 South University Drive
Fort Worth, Texas 76107
Telephone:     (817) 332-9300
Facsimile:      (817) 332-9301
mike@mcgartland.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of February, 2017, the foregoing document was filed with the clerk via CM/ECF. Notice of this filing will be sent by operation of MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

By:     /s/ *Michael P. McGartland*
Michael P. McGartland (Tx Bar #13610800)
McGartland Law Firm, PLLC
University Centre I, Suite 500
1300 South University Drive
Fort Worth, Texas 76107
Telephone:     (817) 332-9300
Facsimile:     (817) 332-9301
mike@mcgartland.com