## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL NO. 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L |
| | * | |
| | * | JUDGE:  FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |
| | * | |

**********************************************

THIS DOCUMENT RELATES TO:

*Lorenzo Walton, as the Personal Representative of the Estate of decedent, Marion Walton v. Janssen Research & Development LLC, et al.,* Civil Action No. 2:16-cv-12490

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DEEM PRIOR SERVICE VALID OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS OF DEFENDANTS BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG

Plaintiff submits this memorandum in support of his motion for an order from this Court, deeming prior service on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG valid, or in the alternative to provide Plaintiff an additional thirty (30) days within which to serve Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A and 10B.

### I.     BACKGROUND

On July 7, 2016, Plaintiff Lorenzo Walton, as the Personal Representative of the Estate of decedent, Marion Walton's complaint was filed in Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL No. 2592, Case No. 2:16-cv-12490.  On February 2, 2017, Plaintiff's counsel was made aware through the MDL Centrality in which Plaintiff submitted a completed Plaintiff Fact Sheet that service had not been made on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG.  Subsequently, service was attempted on February 3, 2017.  Plaintiffs were

also made aware that a previously employed paralegal had not performed service on a number of cases which were filed.

On February 13, 2017, Defendant Bayer Healthcare Pharmaceuticals Inc. notified Plaintiff's counsel by letter that, while they acknowledged receipt of the above-captioned complaints and summonses, Defendants deemed these service attempts to be improper as they were beyond the 60-day limit provided in PTO No. 10.

## II.    LAW AND ANALYSIS

Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond.  If a defendant is not served within 120 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time.  If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  Fed R. Civ. P. 4 (m).  Plaintiff has every intention of pursuing its claim against Defendants; it was through clerical error, as well as an oversight on the part of counsel, that service was not perfected within the confines of PTO No. 10.  Under Rule 4 (m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. See *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L.Ed. 2nd 880 (1996)).  Once more, if a plaintiff can establish good cause for

failing to serve defendant, that court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  In addition, such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Fed. R. Civ. P.4 (m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Rule 4 (m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff, and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chi.*, 646 F 3d 1001, 1007 (7th Cir. 2011) (citing *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 ((7th Cir. 1996) (additional citation omitted)).  A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual finding that are clearly erroneous." *Cardenas*; 646 F. 3d at 1007 (quoting *Troxell*, 160 F. 3d 381).

Good cause exists to extend the time to serve the summons or to acknowledge prior service, primarily for statute of limitations concerns.  Decedent Marion Walton suffered a bleeding event from Xarelto on July 18, 2014 in the State of California.  California has only a two year statute of limitations, and Plaintiff filed this case prior to the expiration of the statute of limitations.  However, were this Court not agree to extending the deadline to serve the summons or declare prior service valid, and instead dismiss the case, it could be argued that the statute of limitations has expired and Plaintiff cannot bring a cause of action.  Therefore, good cause exists

to declare prior service valid or extend the time to serve the summons on Defendants.

As further consideration, Plaintiff has every intention of pursuing his claim and has demonstrated such to the Defendants, including Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG.  The Plaintiff was not acting in bad faith, it was through a clerical error from a previously employed paralegal that the summons was not served.   Once Plaintiff's attorney learned of the error, Plaintiff's attempted service. Defendants acknowledged and received service, but disputed its timeliness.

Moreover, because the MDL involves hundreds of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by this Plaintiff, no actual prejudice has or will occur to Defendants by this court granting the relief sought herein.

Plaintiff shows that as a matter of law and fact, they were not in "bad faith" in delaying service of their complaint and summonses. Defendants are fully aware of and served with hundreds of identical complaints and has acknowledged the receipt of Plaintiffs' complaints and summonses in this matter.  To dismiss Plaintiff's claim here would elevate form over substance and deprive Plaintiff of their day in court based on a clerical error.

Plaintiff points out that declaring prior service on Bayer Healthcare Pharmaceutical Inc. and Bayer Pharma AG valid is appropriate under the circumstances to avoid any subsequent issue regarding the statute of limitations, because the original complaint was timely filed. However, if this Court is unwilling to declare prior service on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG as valid, Plaintiff respectfully requests an extension of time in the amount of thirty (30) days from the date an order is entered within which to provide streamlined service of process on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG.

### III.      CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests an order from this Court declaring prior service on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG to be effective, or in the alternative, grant thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG.  No party herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated:  February 14, 2017                      Respectfully submitted,

                                               **NIEMEYER, GREBEL & KRUSE, LLC**


                                   By:     */s/ Michael Kruse*                              
                                           Michael S. Kruse
                                           Mark R. Niemeyer
                                           10 S. Broadway, Suite 1125
                                           St. Louis, MO  63102
                                           314-241-1919 phone
                                           314-665-3017 fax
                                           kruse@ngklawfirm.com
                                           niemeyer@ngklawfirm.com

                                           *Attorneys for Plaintiffs*