# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2592 |
| | * | |
| | * | SECTION: L |
| | * | |
| | * | JUDGE: FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

*************************************************

THIS DOCUMENT RELATES TO:

*Aurania Sobczak v. Janssen Research & Development LLC, et al.,* Civil Action No. 2:16-cv-15293

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DEEM PRIOR SERVICE VALID IN THE ALTERNATIVE FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER PHARMA AG

Plaintiff submits this memorandum in support of her motion for an order from this Court, deeming prior service on Bayer Pharma AG valid, or in the alternative to provide Plaintiff an additional thirty (30) days within which to service process on Defendant Bayer Pharma AG through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A and 10B.

### I.    BACKGROUND

On October 6, 2016, Plaintiff's complaint was filed in *Re: Xarelto (Rivaroxaban) Product Liability Litigation*, MDL No. 2592, Case No. 2:16-cv-15293, Plaintiff Aurania Sobczak. Sometime following the issuance of the summons in the above-captioned matter, service to Bayer Pharma AG was attempted on January 9, 2016.    Plaintiff made every attempt to follow the instructions regarding streamlines service as outlined in PTO No. 10; however,

Plaintiffs believe the delay in the issuances of summonses, as well as an oversight on the part of counsel caused interruption in the service attempt.

Subsequently, on January 18, 2017 Defendant Bayer Pharma AG notified Plaintiff's counsel by letter that, while they acknowledged receipt of the above-captioned complaints and summonses, Defendants deemed these service attempts to be improper as they were beyond the 60-day limit provided in PTO No. 10.

## II.    LAW AND ANALYSIS

Fed. R. Civ. R. 4 sets forth the procedure for notifying defendants that federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond.  If a defendant is not served within 120 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time.  If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  Fed R. Civ. P. 4 (m).  Plaintiffs have every intention of pursing their claims against Defendants; it was through delay in the issuances of summonses, as well as an oversight on the part of counsel, that service was not perfected within the confines of PTO No. 10.

Under Rule 4 (m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed.  See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time.  See *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (*citing Henderson v. United States*, 517 U.S. 654, 662-63, 116

S. Ct. 1638, 134 L.Ed. 2nd 880 (1996)).  Once more, if a plaintiff can establish good cause for failing to serve defendant, that court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service.  See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P.4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Rule 4 (m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff, and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chi*., 646 F 3d 1001, 1007 (7th Cir. 2011) *(citing Panaras v. Liquid Carbonic Indus. Corp*., 94 F.3d 338, 341 (7th Cir. 1996) (additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service."*Troxell v. Fedders of N. Am., Inc*., 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual finding  that are clearly erroneous." *Cardenas*; 646 F. 3d at 1007 (quoting Troxell, 160 F. 3d 381).

Here the Plaintiff has every intention of pursuing their claim and has demonstrated such to the Defendants, including Bayer Pharma AG.  The Plaintiff was not acting in bad faith. further, Defendants acknowledged and received service.

Moreover, because MDL involves hundreds of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit

filed by this Plaintiff, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein.

Plaintiff shows that as a matter of law and fact, they were not in "bad faith" in delaying service of their complaint and summons; Defendant is fully aware of and served with hundreds of identical complaints and has acknowledged the receipt of Plaintiff's complaint and summons in this matter.  To dismiss Plaintiff's claims here would elevate form over substance and deprive Plaintiff of her day in court based on an error.

Plaintiff points out that declaring prior service on Bayer Pharma AG valid is appropriate under the circumstances to avoid any subsequent issue regarding the statute of limitations, because the original complaint was timely filed.  However, if this Court is unwilling to declare prior service on Bayer Pharma AG as valid, Plaintiff respectfully request an extension of time in the amount of thirty (30) days from the date an order is entered within which to provide streamlined service of process on Bayer Pharma AG.

### III.    CONCLUSION

For the forgoing reasons, Plaintiff respectfully request an order from this Court declaring prior service on Bayer Pharma AG to be effective, or in the alternative, grant thirty (30) days from the date the Order is entered within which to provide streamlines service of process on Defendant Bayer Pharma AG.  No party herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated:  February 14, 2017                    Respectfully submitted.

                                             By: /s/ Jeffrey D Meyer
                                             The Meyer Law Firm, PC
                                             6363 Woodway Dr., Ste. 720
                                             Houston, TX 77075
                                             Telephone: (713) 974-4100
                                             Email: jeff@meyerlawfirm.com


                                             *Counsel for Plaintiff*


## CERTIFICATE OF SERVICE


I, Jeffrey D. Meyer, certify that on February 14, 2017, I electronically filed the forgoing

document with the clerk of the Court using the CM/ECF system which will send notification of

such filing to the CM/ECF participants registered to receive service in this MDL.



                                             By: /s/ Jeffrey D Meyer
                                             The Meyer Law Firm, PC
                                             6363 Woodway Dr., Ste. 720
                                             Houston, TX 77075
                                             Telephone: (713) 974-4100
                                             Email: jeff@meyerlawfirm.com


                                             *Counsel for Plaintiff*