UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * * | JUDGE ELDON E. FALLON |
| *Joseph J. Boudreaux, Jr., et al. v. Janssen et al.* Case No. 2:14-cv-02720 | * * * * | MAG. JUDGE NORTH |
| *Joseph Orr, Jr., et al. v. Janssen et al.* Case No. 2:15-cv-03708 | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE CERTAIN OPINIONS OF JOHN E. MAGGIO, Ph.D., UNDER FEDERAL RULES OF CIVIL PROCEDURE 26 & 37**

Defendants have filed a motion *in limine* to exclude "reliance on or reference to" certain charts disclosed in Dr. Maggio's report.  These charts, and the data considered in creating them, are set out in Appendix F to the report.  *See* Appendix F to the Report of Dr. John Maggio (Attached as Exhibit A).  Despite the fact that Plaintiff offered to withdraw Appendix F from Dr. Maggio's report – the very remedy requested by Defendants – Plaintiffs are now forced to file a formal opposition to Defendants' motion as Plaintiffs rejected Defendants' additional demand to execute broadly worded stipulation, in addition to the withdrawal of Appendix F Plaintiffs' voluntary offer to withdraw Appendix F should have mooted this matter given that was the precise remedy requested.

It is important to note that Defendants are filing this motion pursuant to Rule 37(c) for an alleged failure to comply with the expert disclosure requirements of Rule 26(a).  Defendants have not moved to exclude Appendix F pursuant to Rule 702 – *Daubert*.  In fact, Defendants cannot file such a motion as the deadline for filing *Daubert* challenges has long since passed.  For experts

deposed prior to December 15, 2016 (which includes Dr. Maggio), *Daubert* briefs were ordered to be filed by December 30, 2016.  *See* PTO 2C.  Defendants have been in possession of Appendix F since October, 2016.  They deposed Dr. Maggio on these very issues on December 4, 2016.  Defendants were clearly aware of the support for Dr. Maggio's charts as they questioned him about them.  Despite claiming to be prejudiced, Defendants did nothing.

      A.  Defendants' Did Not Challenge Dr. Maggio's Opinions Pursuant to *Daubert*

Given the Defendants' failure to file a *Daubert* challenge, there is no present dispute that Appendix F complies with Rule 702.  Appendix F is therefore:

- Based on sufficient facts or data;
- The product of reliable principles and methods; and
- Dr. Maggio has reliably applied the principles and methods to the facts of the case.

*See* Federal Rule of Evidence 702.  As there is no dispute that Appendix F is "based on sufficient facts or data," a motion to exclude pursuant to Rule 37(c) on the basis that Dr. Maggio's report did not comply with Rule 26(a) disclosing "the facts or data considered" is not logically plausible.

Given the grave concerns expressed by Defendants and if Defendants truly believed that Appendix F was not supported by sufficient facts or data, the appropriate motion would have been a timely *Daubert* motion – not a motion under Rule 37(c).  Defendants have been aware of this alleged deficiency in disclosure since October 2016, and examined Dr. Maggio about Appendix F in December 2016, questioning him about the precise issues that are complained of in this motion.  Defendants failed to so move.  It was not until January 25, 2017, that Defendants finally reached out to Plaintiffs and improperly requested Dr. Maggio to conduct additional work for this alleged Rule 26(a) failure.

B. Defendants' Contention That Plaintiffs' Rule 26 Disclosures Are Insufficient Is Baseless

The only question before the Court is whether Appendix F within Dr. Maggio's report complies with Rule 26(a) and discloses the data in support. There is only one possible answer – "Yes". Appendix F contains a series of charts – known as box and whisker plots – that are contained both within the body of his report and within the Appendix. The charts were created by applying data Plaintiffs received from Defendants. Dr. Maggio did not create the data or find it from any other source; it came from the Defendants. The Defendants possess the data Dr. Maggio used as it is the data from their clinical trials produced by them in the course of discovery. There can be no failure to disclose the Defendants' own data.

It seems the real complaint of the Defendants is that their experts cannot *exactly* duplicate through re-creation Dr. Maggio's tables. Whether or not Defendants' experts can recreate the tables exactly is not a basis for arguing that Dr. Maggio's report does not meet the disclosure requirements under Rule 26(a). Given the adequacy of Plaintiffs' disclosures and the simple fact that the data is the Defendants' own data, Defendants cannot possibly meet the sanction standard under Rule 37(c).

Dr. Maggio set out a detailed report on the pharmacological properties of Xarelto. As part of this report, Dr. Maggio disclosed an Appendix F that contained a number of graphs and charts. Each of these graphs and charts were created based upon the clinical trial data Plaintiffs received from Defendants. It is simply not possible to argue that Defendants are unaware of the basis and support for the charts given that the charts reflect the Defendants' own data from their own studies. Dr. Maggio's work was not destroyed or lost. He explained in his deposition how the charts were derived. In fact, the derivation is readily apparent on the chart. Defendants' experts inability to

re-create Dr. Maggio's work is not a basis for exclusion. If anything, it is a basis for cross examination at trial.

The data being relied upon to create the charts in Appendix F is self-evident purely by looking at the title of the charts. An example of a chart from Appendix F best exemplifies the point:



The above chart references data from the Defendants' clinical trials and comes from Appendix F. It is illustrative of all of the charts in Appendix F. The specific data used to create this chart is self-evident on the face of the chart. It is data from Study 11527, all patients on the 20mg dose with a concentration taken at trough. There are a total of 230 data points. Given that these data points are all in the possession of the Defendants, it is simply not possible to assert that Dr. Maggio did not disclose the facts or data he considered.

Defendants clearly state in their brief, that Dr. Maggio accurately explained in his deposition how he created the charts. *See* Defendants Brief at Paragraph 7. Moreover, defendants concede in their motion that they were able to follow the same steps and have done so. Defendants argue that their results produced a "slightly different number of data points." Defendants' Brief at Paragraph 8. What Defendants actually want Dr. Maggio to do is to conduct their work for them;

however, he is under no obligation to do any more that what he has already done.  That Defendants' experts are apparently unable to recreate what Dr. Maggio did is of no moment.  If Defendants believe Dr. Maggio made an error, they can either cross-examine him or call one of their own experts to show that Dr. Maggio's charts are not accurate.  What Defendants cannot do is assert that Dr. Maggio did not comply with Rule 26(a).

Defendants cite a handful of unreported cases to attempt to support their argument.  The primary case Defendants cite is *Honey-Love v. United States*, No. 16-20080, 2016 WL 6109911 (5th Cir. Oct. 12, 2016).  *Honey-Love* pertains to a plaintiff's expert medical report that only generally disclosed that his opinions were based upon a review of the plaintiff's medical records and did not disclose any of the records to which he was referring.  He also failed to disclose any exhibits he would use in offering his opinions.  Honey-Love is not comparable.  Dr. Maggio fully disclosed the facts and data he was relying upon to develop Appendix F (the Defendants' own clinical data), created exhibits visually displaying the data, and titling each chart with the precise data that was used.  It is difficult to conceive a more complete disclosure.

While Defendants may prefer that Dr. Maggio would provide them an individual spreadsheet laying out the specific data points for each chart, there is no legal obligation to provide the supporting data to Defendants in the exact format in which they want it.  The legal obligation

under Rule 26(a) is to provide the facts and data supporting his opinions. Dr. Maggio has complied with Rule 26(a), and Defendants' motion should be denied.

Respectfully submitted,

Dated: February 24, 2017

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 24, 2017, the foregoing pleading and its supporting memorandum of law were filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**