# EXHIBIT-3

#0044
#0045

'IDDLE & REATH LLP
   imited Liability Partnership
  Jrive
 ...am Park, New Jersey 07932-1047
(973) 549-7000
Attorneys for Defendants Johnson & Johnson
and Janssen Pharmaceuticals, Inc.
(f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc.,
f/k/a Janssen Pharmaceutica Inc.)

**FILED**

DEC 16 2011

JUDGE JESSICA R. MAYER

---

IN RE: RISPERDAL/SEROQUEL/ : SUPERIOR COURT OF NEW JERSEY
ZYPREXA LITIGATION : LAW DIVISION : MIDDLESEX COUNTY

: CASE NO. 274

*Gary D. Skala v. Johnson & Johnson* : CIVIL ACTION
*Company, Janssen Pharmaceutica Products,* :
*L.P. a/k/a Janssen, L.P., a/k/a Janssen* :
*Pharmaceutica, L.P. a/k/a Janssen* :
*Pharmaceutica, Inc., et al.* :

Docket No. MID-L-6820-06

*Shon Laissen v. Johnson & Johnson,* :
*Company, Janssen Pharmaceutica Products,* :
*L.P. a/k/a Janssen, L.P., a/k/a Janssen* :
*Pharmaceutica, L.P. a/k/a Janssen* :
*Pharmaceutica, Inc.* :

Docket No. MID-L-6720-06

---

ORDER ON DEFENDANTS' MOTION *IN LIMINE*
TO LIMIT THE TESTIMONY OF PLAINTIFFS' EXPERT
LAURA M. PLUNKETT, Ph.D.

**THIS MATTER** having been brought before the Court by Drinker Biddle & Reath LLP,

counsel for defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc. (f/k/a Ortho-

McNeil-Janssen Pharmaceuticals, Inc., f/k/a Janssen Pharmaceutica Inc.), for an Order to limit

the testimony of Plaintiffs' expert Laura M. Plunkett, Ph.D. and the Court having considered the submissions of the parties and for good cause shown, ✱

IT IS on this __16th__ day of __December__, 2011,

ORDERED that the ~~motion~~ order to limit the testimony of Plaintiffs' expert Laura M. Plunkett, Ph.D. is ~~hereby GRANTED~~ as follows:

1. Dr. Plunkett is prohibited from offering "bad company" testimony and/or commentary about corporate ethics; — Granted

2. Dr. Plunkett is prohibited from offering state-of-mind-testimony; — Granted

3. Dr. Plunkett is prohibited from offering testimony about her legal interpretation of FDA regulations; — Denied

4. Dr. Plunkett is prohibited from offering testimony regarding FDA labeling regulations based on lack of qualifications; and — Denied

5. Dr. Plunkett is prohibited from offering testimony regarding Janssen's alleged failure to warn based on lack of qualifications. — Denied

IT IS FURTHER ORDERED that a copy of this Order shall be ~~served upon plaintiffs' counsel~~ posted on law within seven (7) days of the date of this Order.

**OPPOSED**

_____
JESSICA R. MAYER, J.S.C.

This motion was:

✓ Opposed

___ Unopposed

✱ The parties having consented to disposition of the motion on the papers and for the reasons set forth in the attached memorandum of decision.

-2-

**Memorandum of Decision on Defendants' motion *in limine* to limit the testimony of Dr. Plunkett.**

<u>Defendants' motion *in limine* to exclude Dr. Plunkett's bad company testimony and/or commentary about corporate ethics.</u>

Plaintiffs do not intend to have Dr. Plunkett testify that Janssen or Johnson & Johnson is a bad company or unethical. Therefore, this motion is **GRANTED**.

**Memorandum of Decision on Defendants' motion *in limine* to limit the testimony of Dr. Plunkett.**

Defendants' motion *in limine* to preclude Dr. Plunkett from offering state of mind testimony.

Plaintiffs do not intend to have Dr. Plunkett offer state of mind testimony. Issues regarding the state of mind, intent, motives or ethics of pharmaceutical companies or their employees are not the proper subjects of an expert opinion, but instead, matters to be argued by counsel based on the evidence. In re: Seroquel Products Liability Litig., Case No. 6:06-md-1769-Orl-22DAB at 7-8 (M.D. Fl. July 20, 2009). This court adopts the reasoning of the MDL judge on this issue. Dr. Plunkett will be precluded from offering state of mind testimony at trial including explanation of possible motives for Janssen's actions. Therefore, this motion is **GRANTED**.

**Memorandum of Decision on Defendants' motion *in limine* to limit the testimony of Dr. Plunkett.**

<u>Defendants' motion *in limine* to exclude Dr. Plunkett's legal interpretation of FDA standards and regulations.</u>

Plaintiffs agree that Dr. Plunkett will not offer legal conclusions about FDA regulations or any other subject matter. (Pl. Opp. Br. at 5). FDA's requirements are a legal matter to be explained to the jury by the court. The court will charge the jury on the applicable law at the conclusion of the testimony. Therefore, Plaintiffs' experts should not give legal explanations to the jurors.

Plaintiffs intend to have Dr. Plunkett testify regarding the content of FDA regulations. Dr. Plunkett is a pharmacologist, toxicologist and FDA regulatory specialist. She has served as an advisor to numerous entities regulated by the FDA. See State of South Carolina ex rel. Wilson v. Ortho-McNeil – Janssen Pharmaceuticals, Inc., et al., (Order of Feb. 25, 2011, No. 2007-CP-42-1438 at 14-15) and Caldwell ex rel. the State of Louisiana v. Janssen Pharmaceutica, Inc., Trial Tr., Nos. 04-C-3967-D, 04-C-3977-D, Trial Day 2 at 196-202 (La. 27th D. Ct. Sept. 29, 2010). Dr. Plunkett has the expertise necessary to opine on FDA regulations and the regulatory process. Therefore, this motion is **DENIED**.

**Memorandum of Decision on Defendants' motion *in limine* to limit the testimony of Dr. Plunkett.**

Defendants' motion *in limine* to exclude Dr. Plunkett's testimony regarding FDA labeling regulations based on her lack of qualifications.

Dr. Plunkett is a toxicologist and pharmacologist. Throughout her career she has worked with clients to develop regulatory strategies for prescription medications. She has also served as a consultant numerous times in the drafting of regulatory applications for prescription drug products. Based on this experience, Dr. Plunkett is qualified to offer testimony regarding FDA labeling regulations. See State of South Carolina ex rel. Wilson v. Ortho-McNeil – Janssen Pharmaceuticals, Inc., et al., (Order of Feb. 25, 2011, No. 2007-CP-42-1438 at 15). Defendants may cross-examine Dr. Plunkett as to her education, experience and the documents that she may or may not have considered in rendering her opinion on this issue. Therefore, this motion is **DENIED**.

**Memorandum of Decision on Defendants' motion *in limine* to limit the testimony of Dr. Plunkett.**

<u>Defendants' motion *in limine* to exclude testimony by Dr. Plunkett regarding Janssen's alleged failure to warn based on lack of qualifications.</u>

Dr. Plunkett can offer opinions regarding the adequacy of Risperdal®'s label based upon her experience, training and education. The MDL judge in the federal Seroquel® litigation held that Dr. Plunkett is an expert in FDA regulations, pharmacology and toxicology; thus qualifying her to testify on this issue. <u>In re: Seroquel Products Liability Litig.</u>, Case No. 6:06-md-1769-Orl-22DAB at 17 (M.D. Fl. July 20, 2009). As such, she is qualified to offer testimony on the effect Risperdal® has on a person's body and whether the drugs label adequately conveyed that message. Therefore, Defendants' motion is **DENIED**.

#0044
#0045

**DRINKER BIDDLE & REATH LLP**
*A Delaware Limited Liability Partnership*
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 549-7000
Attorneys for Defendants Johnson & Johnson
and Janssen Pharmaceuticals, Inc.
(f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc.,
f/k/a Janssen Pharmaceutica Inc.)

**FILED**

DEC 1 6 2011

JUDGE JESSICA R. MAYER

---

| | |
|---|---|
| IN RE: RISPERDAL/SEROQUEL/<br>ZYPREXA LITIGATION | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION : MIDDLESEX COUNTY |
| | CASE NO. 274 |
| *Gary D. Skala v. Johnson & Johnson*<br>*Company, Janssen Pharmaceutica Products,*<br>*L.P. a/k/a Janssen, L.P., a/k/a Janssen*<br>*Pharmaceutica, L.P. a/k/a Janssen*<br>*Pharmaceutica, Inc., et al.* | CIVIL ACTION |
| Docket No. MID-L-6820-06 | |
| *Shon Laissen v. Johnson & Johnson,*<br>*Company, Janssen Pharmaceutica Products,*<br>*L.P. a/k/a Janssen, L.P., a/k/a Janssen*<br>*Pharmaceutica, L.P. a/k/a Janssen*<br>*Pharmaceutica, Inc.* | |
| Docket No. MID-L-6720-06 | |

---

ORDER ON DEFENDANTS' MOTION *IN LIMINE*
TO LIMIT THE TESTIMONY OF PLAINTIFFS' EXPERT
LAURA M. PLUNKETT, Ph.D.

THIS MATTER having been brought before the Court by Drinker Biddle & Reath LLP, counsel for defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc. (f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc., f/k/a Janssen Pharmaceutica Inc.), for an Order to limit

the testimony of Plaintiffs' expert Laura M. Plunkett, Ph.D. and the Court having considered the submissions of the parties and for good cause shown,

IT IS on this 16th day of December, 2011,

ORDERED that the ~~motion~~ *rule* to limit the testimony of Plaintiffs' expert Laura M. Plunkett, Ph.D. is ~~hereby GRANTED~~ as follows:

1. Dr. Plunkett is prohibited from offering "bad company" testimony and/or commentary about corporate ethics; - *Granted*

2. Dr. Plunkett is prohibited from offering state-of-mind-testimony; - *Granted*

3. Dr. Plunkett is prohibited from offering testimony about her legal interpretation of FDA regulations; - *Denied*

4. Dr. Plunkett is prohibited from offering testimony regarding FDA labeling regulations based on lack of qualifications; and - *Denied*

5. Dr. Plunkett is prohibited from offering testimony regarding Janssen's alleged failure to warn based on lack of qualifications. - *Denied*

IT IS FURTHER ORDERED that a copy of this Order shall be *served public* ~~served upon plaintiffs' counsel~~ within seven (7) days of the date of this Order.

**OPPOSED**

_____
JESSICA R. MAYER, J.S.C.

This motion was:

✓ Opposed

___ Unopposed

\* The parties having consented to disposition of the motion on the papers and for the reasons set forth in the attached memorandum of decision.

-2-

Memorandum of Decision on Defendants' motion *in limine* to limit the testimony of Dr. Plunkett.

Defendants' motion *in limine* to exclude Dr. Plunkett's bad company testimony and/or commentary about corporate ethics.

Plaintiffs do not intend to have Dr. Plunkett testify that Janssen or Johnson & Johnson is a bad company or unethical. Therefore, this motion is **GRANTED**.

**Memorandum of Decision on Defendants' motion *in limine* to limit the testimony of Dr. Plunkett.**

<u>Defendants' motion *in limine* to preclude Dr. Plunkett from offering state of mind testimony.</u>

Plaintiffs do not intend to have Dr. Plunkett offer state of mind testimony. Issues regarding the state of mind, intent, motives or ethics of pharmaceutical companies or their employees are not the proper subjects of an expert opinion, but instead, matters to be argued by counsel based on the evidence. In re: Seroquel Products Liability Litig., Case No. 6:06-md-1769-Orl-22DAB at 7-8 (M.D. Fl. July 20, 2009). This court adopts the reasoning of the MDL judge on this issue. Dr. Plunkett will be precluded from offering state of mind testimony at trial including explanation of possible motives for Janssen's actions. Therefore, this motion is **GRANTED**.

**Memorandum of Decision on Defendants' motion *in limine* to limit the testimony of Dr. Plunkett.**

<u>Defendants' motion *in limine* to exclude Dr. Plunkett's legal interpretation of FDA standards and regulations.</u>

Plaintiffs agree that Dr. Plunkett will not offer legal conclusions about FDA regulations or any other subject matter. (Pl. Opp. Br. at 5). FDA's requirements are a legal matter to be explained to the jury by the court. The court will charge the jury on the applicable law at the conclusion of the testimony. Therefore, Plaintiffs' experts should not give legal explanations to the jurors.

Plaintiffs intend to have Dr. Plunkett testify regarding the content of FDA regulations. Dr. Plunkett is a pharmacologist, toxicologist and FDA regulatory specialist. She has served as an advisor to numerous entities regulated by the FDA. <u>See</u> <u>State of South Carolina ex rel. Wilson v. Ortho-McNeil – Janssen Pharmaceuticals, Inc., et al.</u>, (Order of Feb. 25, 2011, No. 2007-CP-42-1438 at 14-15) and <u>Caldwell ex rel. the State of Louisiana v. Janssen Pharmaceutica, Inc.</u>, Trial Tr., Nos. 04-C-3967-D, 04-C-3977-D, Trial Day 2 at 196-202 (La. 27th D. Ct. Sept. 29, 2010). Dr. Plunkett has the expertise necessary to opine on FDA regulations and the regulatory process. Therefore, this motion is **DENIED**.

**Memorandum of Decision on Defendants' motion *in limine* to limit the testimony of Dr. Plunkett.**

<u>Defendants' motion *in limine* to exclude Dr. Plunkett's testimony regarding FDA labeling regulations based on her lack of qualifications.</u>

Dr. Plunkett is a toxicologist and pharmacologist. Throughout her career she has worked with clients to develop regulatory strategies for prescription medications. She has also served as a consultant numerous times in the drafting of regulatory applications for prescription drug products. Based on this experience, Dr. Plunkett is qualified to offer testimony regarding FDA labeling regulations. See State of South Carolina ex rel. Wilson v. Ortho-McNeil – Janssen Pharmaceuticals, Inc., et al., (Order of Feb. 25, 2011, No. 2007-CP-42-1438 at 15). Defendants may cross-examine Dr. Plunkett as to her education, experience and the documents that she may or may not have considered in rendering her opinion on this issue. Therefore, this motion is **DENIED**.

Memorandum of Decision on Defendants' motion *in limine* to limit the testimony of Dr. Plunkett.

Defendants' motion *in limine* to exclude testimony by Dr. Plunkett regarding Janssen's alleged failure to warn based on lack of qualifications.

Dr. Plunkett can offer opinions regarding the adequacy of Risperdal®'s label based upon her experience, training and education. The MDL judge in the federal Seroquel® litigation held that Dr. Plunkett is an expert in FDA regulations, pharmacology and toxicology; thus qualifying her to testify on this issue. In re: Seroquel Products Liability Litig., Case No. 6:06-md-1769-Orl-22DAB at 17 (M.D. Fl. July 20, 2009). As such, she is qualified to offer testimony on the effect Risperdal® has on a person's body and whether the drugs label adequately conveyed that message. Therefore, Defendants' motion is **DENIED**.