UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)        :
PRODUCTS LIABILITY LITIGATION       :   MDL No. 2592
                                    :
                                    :   SECTION L
                                    :
                                    :   JUDGE ELDON E. FALLON
                                    :
                                    :   MAGISTRATE JUDGE NORTH
                                    :
                                    :

**THIS DOCUMENT RELATES TO:**

*Marion L. Allen, et al. v. Janssen Research & Development, LLC et al;* Civil Action No.: 2:16-cv-03909

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S EXPARTE MOTION TO DEEM PRIOR SERVICE VALID OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG

Plaintiff submits this memorandum in support of their motion for an Order from this Court deeming prior service on Bayer Healthcare Pharmaceuticals, Inc, Bayer HealthCare, LLC, Bayer Corporation, and Bayer Pharma AG valid, or in the alternative to provide Plaintiff an additional thirty (30) days within which to serve process on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A and 10B.

**I.     BACKGROUND**

1. On April 29, 2016, Plaintiff's Joint Complaint was filed in *Re: Xarelto (Rivaroxaban) Product Liability Litigation*, MDL No. 2592, *Marion L. Allen, et al. v. Janssen Research & Development, LLC et al;* Civil Action No.: 2:16-cv-03909.

2. The Severance Order for this Joint Complaint was issued on May 6, 2016.

3. The Summonses for the individual Defendants were issued on May 17, 2016.

4. Process of Service to all Defendants named in the Joint Complaint was attempted on or around May 18, 2016. Process of Service included the Joint Complaint, Severance Order, Summons and list of the individualized cases included in the Joint Complaint.

5. Plaintiff's Counsel later received the Certified Mail Receipts and Registered Mail Receipt from the individual Defendants signed and dated the following dates by the Defendants: Bayer Healthcare Pharmaceuticals- signed and dated May 23, 2016; Bayer HealthCare, LLC-signed and dated May 23, 2016; Bayer Corporation-signed and dated May 24, 2016, and Bayer Pharma AG-signed and dated June 6, 2016.

6. In keeping with other cases filed by Plaintiff's Counsel, he believed that Service had been perfected through the streamlined process as ordered by PTO Nos. 10 and 11.

7. Plaintiff Marion Allen, by and through the undersigned Counsel submitted her Plaintiff's Fact Sheet on September 13, 2016.

8. On January 4, 2017, Plaintiff received an Unserved Complaint Notice for Plaintiff Marion Allen delivered via MDL Centrality. This Unserved Complaint Notice informed Plaintiff "that this lawsuit has not been served on Bayer." The Notice stated that "If the lawsuit is served, any applicable deadlines will run from the date of service."

9. This was the first notice that Plaintiff's Counsel received regarding any issues with the service of the Joint Complaint that was served on or around May 18, 2016 and the first time Plaintiff became aware that of the Defendants' assertion that the Complaint in this matter had not been served. Plaintiff's Counsel has not received any additional Unserved Complaint Notices from MDL Centrality regarding any of the additional Plaintiffs named in the Joint Complaint.

10. On January 4, 2017 Plaintiff's Counsel then reached out to the Defendants via phone and email regarding the Unserved Complaint Notice. At this time the Defendants asserted that service to Bayer HealthCare Pharmaceuticals, Inc, Bayer Healthcare, LLC and Bayer Corporation was not in compliance with PTO No. 11. The Defendants acknowledged Plaintiff's attempts at service but deemed them ineffective.

11. On January 25, 2017, Plaintiff attempted to resend Service of Process to Defendants Bayer Corporation, Bayer HealthCare Pharmaceuticals, Inc., and Bayer Healthcare, LLC. in compliance with PTO No. 11. In an abundance of caution Plaintiff also attempted to resend Service of Process to Bayer Pharma AG in compliance with PTO No. 11.

12. Subsequently, on February 6, 2017, Defendants Bayer HealthCare Pharmaceuticals, Inc. and Bayer Pharma AG notified Plaintiff by letter that, while they acknowledge receipt of the Joint Complaint and Summonses, Defendants deemed these service attempts to be improper as they were beyond the time limits provided in PTO Nos. 10, 10A, and 10B.

13. On February 7, 2017, Plaintiff's Counsel reached out to the Defendants to request an extension of time to serve process. Defendants informed Plaintiff's Counsel that they were unable to agree to an extension of time.

## II.     LAW AND ANALYSIS

14. Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert the defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the

Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Plaintiff has every intention of pursuing her claims against Defendants; it was through delay in the notice that service was considered to be invalid that service was not perfected within the confines of PTO Nos. 10, 10A, and 10B.

15. Under Fed. R. Civ. P. 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

16. The Court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. See *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2nd 880 (1996)). Once more, if plaintiff can establish good cause for failing to serve defendant, that court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P 4(m) Advisory Committee's Note (1993).

17. The Seventh Circuit explains that application of Fed. R. Civ. P. 4(m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chicago.*, 646 F. 3d 1001, 1007 (7th Cir. 2011) (*citing Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 ((7th Cir. 1996) (additional

citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas*, 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

18. Here the Plaintiff has every intention of pursuing her claims and has demonstrated such to the Defendants, including Bayer HealthCare Pharmaceuticals, Inc. and Bayer Pharma AG. The Plaintiff has not acted in bad faith. Plaintiff attempted service pursuant to PTO Nos. 10, 10A, 10B and 11. The Defendants have received and acknowledged service; further, the Defendants have not raised service issues for the other cases that were included in the Joint Complaint.

19. Because the MDL involved hundreds of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by this Plaintiff, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein. This Court has granted similar relief to other plaintiffs as the Bayer Defendants have disputed service.

20. Plaintiff shows that as a matter of law and fact, she was not in "bad faith" in delaying service of the Joint Complaint and summonses. Defendants are fully aware of and are served with hundreds of identical complaints and have acknowledged receipt of the Joint Complaint and summonses in this matter. To Dismiss Plaintiff's claims here would elevate form over substance and deprive Plaintiff of her day in court based on an error.

21. Plaintiff points out that declaring prior service for all Plaintiffs named in the Joint

Complaint on Bayer Healthcare Pharmaceuticals, Inc, Bayer HealthCare, LLC, Bayer Corporation, and Bayer Pharma AG valid is appropriate under the circumstances to avoid any subsequent issue regarding the statute of limitations, because the original Joint Complaint was timely filed.  However, if this Court is unwilling to declare prior service of the Joint Complaint in this matter as valid, Plaintiff respectfully request an extension of time in the amount of thirty (30) days from the date an order is entered within which to provide streamlined service of process on Bayer HealthCare Pharmacuticals, Inc. and Bayer Pharma AG.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an Order from this Court declaring prior service on Bayer Healthcare Pharmaceuticals, Inc, Bayer HealthCare, LLC, Bayer Corporation, and Bayer Pharma AG of the Joint Complaint for *Marion L. Allen, et al. v. Janssen Research & Development, LLC et al;* Civil Action No.: 2:16-cv-03909 to be effective, or in the alternative, grant thirty (30) days from the date the Order is entered within which to provide streamline service of process on Defendants Bayer HealthCare Pharmaceuticals, Inc. and Bayer Pharma AG.  No party herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated:        March 2, 2017                                    /s/ W. Todd Harvey
                                                                               W. Todd Harvey

Of Counsel:

BURKE HARVEY, LLC
3535 Grandview Parkway
Suite 100
Birmingham, AL 35243
Telephone:    205-930-9091

Facsimile:	205-930-9054
Email:	tharvey@burkeharvey.com

Brian L. Kinsley, Esq.
CRUMLEY ROBERTS
2400 Freeman Mill Road
Greensboro, NC 27406
Telephone:	336-333-9899
Facsimile:	336-333-9894
Email:	BLKinsley@crumleyroberts.com

## CERTIFICATE OF SERVICE

I herby certify that on March 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send electronic notification of such filing to all CM/ECF participants.

*/s/ W. Todd Harvey*
Of Counsel