# **EXHIBIT-6**

IV A
#0052

**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

-and-

**HOLLINGSWORTH LLP**
1350 I Street, NW
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendant*
*Novartis Pharmaceuticals Corporation*

**FILED**

AUG 0 8 2012

JUDGE JESSICA R. MAYER

| | |
|---|---|
| BEVERLY MENG, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION – MIDDLESEX COUNTY |
| Plaintiff, | Docket No.: MID-L-7670-07-MT |
| v. | CASE NO. 278 |
| NOVARTIS PHARMACEUTICALS CORP., | CIVIL ACTION |
| | In Re Aredia® and Zometa® Litigation |
| Defendant. | REGARDING |
| | **ORDER ~~GRANTING~~ DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY NOT DISCLOSED IN PLAINTIFF'S EXPERT REPORTS OR INADMISSIBLE UNDER *KEMP*** |

THIS MATTER having been opened by the Court by Sills Cummis & Gross P.C., attorneys for defendant Novartis Pharmaceuticals Corporation ("NPC"), seeking an order to exclude expert testimony not disclosed in plaintiff's expert reports or inadmissible under *Kemp*, and the Court having reviewed the papers submitted and arguments of counsel, and for good cause shown;

IT IS on this 8th day of August 2012, ORDERED as follows:

1. NPC's motion is ~~granted~~ *denied* ★

   **DENIED**

2. Plaintiff is precluded from introducing any evidence or testimony from Dr. Suzanne Parisian regarding causation, including regulatory causation; and

3. A copy of this Order be ~~served upon all counsel of record~~ *posted online* within seven (7) days of the date hereof.

   _____
   Hon. Jessica R. Mayer, J.S.C.   5/5/1

This motion was:

___ Opposed

_X_ Unopposed

**OPPOSED**

★ *for the reasons set forth in the attached memorandum.*

2

### Defendant's Motion *In Limine* to Exclude Expert Testimony Not Disclosed in Plaintiff's Expert Reports or Inadmissible Under *Kemp*

## Motion to preclude Plaintiff from introducing any evidence or testimony from Dr. Suzanne Parisian regarding causation, including regulatory causation.

Dr. Parisian is offered as Plaintiff's expert regarding the regulation of prescription drugs and the role of the Federal Food and Drug Administration ("FDA"). Dr. Parisian is being proferred for her opinions as a regulatory expert, not a medical expert. Therefore, Dr. Parisian may not offer any opinions on medical causation. However, Dr. Parisian is permitted to opine on the significance of FDA regulations—including 21 C.F.R. § 201.57, which requires that a drug's labeling be revised to warn of a clinically significant hazard "as soon as there is reasonable evidence of a causal association with a drug; a causal relationship need not have been definitely established." 21 C.F.R. §201.57. Therefore, Defendant's motion to preclude Dr. Parisian from offering testimony regarding "regulatory causation" is **DENIED** as overly broad. Dr. Parisian may testify on causation limited to FDA regulatory compliance. The court notes that Plaintiff has a specific causation medical expert, Dr. Kraut, and a general causation medical expert, Dr. Marx, who are expected to testify to medical causation at trial in this case.