UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al.<br>Case No. 2:14-cv-02720 | MAGISTRATE NORTH |
| Joseph Orr, Jr., et al. v. Janssen Research & Development, LLC et al.<br>Case No. 2:15-cv-03708 | |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE SPECULATIVE EXPERT TESTIMONY ABOUT POTENTIAL OUTCOMES FROM OTHER ANTICOAGULANTS

This is the second of two motions[1] that Plaintiffs filed to exclude opinion testimony from defense experts that Plaintiffs' own experts agree is true – that there is no evidence that Joseph Boudreaux, Jr. or Sharyn Orr's alleged injuries would have been avoided had a different medicine been used. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

As set forth in Defendants' Opposition (R Doc. No. 5533) to Plaintiffs' first motion, incorporated fully herein, the undisputed opinion testimony from experts on both sides unequivocally demonstrates that Plaintiffs cannot satisfy their burden under the Louisiana Product Liability Act ("LPLA") to prove that other medicines would have been safer alternatives

---

[1] Plaintiff first motion was filed on January 20, 2017 and sought to exclude the opinion testimony of Drs. Vanessa Piazza, M.D.; Lionel A. Branch, Jr., M.D.; and James William Smith, M.D. Doc. 5121. Defendants' filed their Opposition on February 27, 2017. R. Doc. 5533.

for either Mr. Boudreaux or Ms. Orr. La Rev. Stat. Ann. § 9:2800.56. Rather, Plaintiffs seek to preclude defense experts from testifying based on their education, training and experience, as well as their extensive review of relevant studies, literature, medical records, that ▮

▮

▮

▮

▮. As set forth below, the opinions of Drs. Scott Boniol, M.D.; Colleen Johnson, M.D., M.S.; Marc J. Kahn, M.D. M.B.A.; Clement Eiswirth, M.D.; William Franklin Peacock, IV, M.D., F.A.C.E.P.; and Sammy Khatib, M.D. are highly relevant, reliable and admissible.

For these and the reasons set forth below, Plaintiffs' Motion should be denied.

## ARGUMENT

**I.    Defendants' incorporate their Opposition (R Doc. No. 5533) to Plaintiffs' first motion**

Plaintiffs' first motion sought to exclude the opinion testimony of Drs. Vanessa Piazza, M.D.; Lionel A. Branch, Jr., M.D.; and James William Smith, M.D. based on the same arguments asserted in the present motion. Doc. 5121. Although the present motion seeks to exclude the testimony of other experts whose specialties include different areas (Drs. Scott Boniol, M.D.; Colleen Johnson, M.D., M.S.; Marc J. Kahn, M.D. M.B.A.; Clement Eiswirth, M.D.; William Franklin Peacock, IV, M.D., F.A.C.E.P.; and Sammy Khatib, M.D), Plaintiffs' motion should be denied for the same reasons set forth in Defendants' Opposition (R Doc. 5533) to plaintiffs' first motion.

As set forth in Defendants' Opposition (*id.*), from the outset of this litigation, plaintiffs have pursued a general theory that Xarelto is unreasonably dangerous and is the least safe

anticoagulant medicine (*see* doc. 5121) – although not all of their experts agree.[2] ███

███

███

███████████████████████████████.

When Plaintiffs' experts who have rendered different opinions were pressed on their theory that other medicines are safer, ███

███

███ and their theory that other medicines constitute "safer alternatives" under the LPLA has been rejected by Louisiana courts. *Hornbeck v. Danek Med., Inc.*. No. 99-30966, 2000 WL 1028981, at * 1 (5th Cir. July 5, 2000); *see also Robertson v. AstraZeneca Pharms.*, LP, No. 15-438, 2015 WL 5823326, at *4 (E.D. La. Oct. 6, 2015) ("[T]he existence of alternate products does not demonstrate the existence of a specific alternative design."); *In re Propulsid Prods. Liab. Litig.*, No. MDL 1355, 2003 WL 367739, at *3 (Fallon, J.) (holding that plaintiff had "failed to prove the existence of an alternative design capable of preventing her damage" because expert testimony "show[ing] that there were alternative or different methods for treating her symptoms . . . is not sufficient to prove an alternative design" under the LPLA) (citing *Theriot v. Danek Med. Inc.*, 168 F.3d 253, 256 (5th Cir. 1999)).

As explained below, the opinions of Drs. Boniol, Johnson, Kahn, Eiswirth, Peacock, and Khatib – that all anticoagulants carry an increased risk of bleeding, ███

---

[2] ███████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████ – are highly relevant, reliable and admissible.

**II.     The opinions of Drs. Boniol, Johnson, Kahn, Eiswirth, Peacock, and Khatib relevant, reliable and admissible**

Plaintiffs do not dispute the qualifications of the defense experts to render opinions about anticoagulant medicines and their risks and benefits as relate to the care and treatment of Mr. Boudreux, Jr. and Ms. Orr, and as set forth below, their opinions based on their education, training, experience, as well as review of the medical records and literature, and therefore reliable and admissible under *Daubert*.

**A.     Dr. Boniol's opinions are admissible**

Dr. Boniol ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[3] ████████████████████████████████████████████
████████████████████████████████████████████████

███████████████████████████

████████████████

████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████.

**B.     Dr. Johnson's opinions are admissible**

Dr.  Johnson ████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████████████████████████████."

*Id.* at 9. Plaintiffs' own experts agree that this opinion is in fact true, and Dr. Johnson is imminently qualified to render the opinion.

    **C.**    **Dr. Kahn's opinions are admissible**

Dr. Kahn ███████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

███████████████. These opinions are clearly within Dr. Kahn's expertise and are undisputed by plaintiffs' experts.

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████. The assertion that Dr. Kahn's opinions have no reliable basis is clearly not supported by the record.

### D. Dr. Eiswirth's opinions are admissible

Dr. Eiswirth ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████. Based on his education, training and experience, Dr. Eiswirth is clearly qualified to render this opinion, and they are both relevant and reliable.

E. **Dr. Peacock's opinions are admissible**

Dr. Peacock ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████. Accordingly, Plaintiffs' motion to exclude the opinions of Dr. Peacock should be denied.

F. **Dr. Khatib's opinions are admissible**

Dr. Khatib ████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████



[redacted]

> [redacted]

> [redacted]

[redacted]

> [redacted]

. As a result, plaintiffs' assertion that Dr. Kahtib did not rely on proper studies has no merit, and his opinions are admissible.

Drs. Boniol, Johnson, Khan, Eisworth, Peacock, and Khatib are highly qualified physicians who have extensive experience with anticoagulant medicines and have rendered reliable opinions – which Plaintiffs' own experts do not dispute – that there is no evidence to rule out that Mr. Boudreaux and Orr would have experienced a bleeding event on another medicine. Thus, contrary to the assertion by Plaintiffs, Defendants' experts' opinion are not based on his subjective "feelings" or unsupported speculation.

### III. Plaintiffs' case law is inapposite

Plaintiffs' reliance on *Washington v. Armstrong World Industries, Inc.* to support exclusion of the defense experts' testimony is misplaced.  In *Washington*, the plaintiff alleged that her husband's colon cancer resulted from his exposure to asbestos. 839 F.2d 1121, 1122 (5th Cir. 1988).  The defendants filed a motion for summary judgment based on testimony of three of the defendants' treating doctors who affirmatively testified that there was no evidence of

asbestos fibers in any of the tissue that was examined and there was no evidence of asbestos exposure during any treatment of the plaintiff's husband. *Id.* The plaintiff submitted testimony from another doctor, who never examined her husband, and who based his findings on the possibility that had another test been done, then such a test would have found proof of exposure to asbestos. *Id.* The district court concluded this testimony was "pure speculation and unreliable" because it relied on possible tests that could have been done "rather than specific findings or evaluations of test results that were available," and excluded the testimony. *Id.*

In contrast, the defense experts' opinions are based on their extensive review of Mr. Boudreaux's and Mrs. Orr's medical history, as well as relevant medical literature and their experience. Plaintiffs' reliance on *Sweeney v. Chertoff*, 178 F. App'x 354, 355 (5th Cir. 2006), also does not result in a different conclusion. *Sweeney* is not a products liability case, but instead is a case brought under the Privacy Act. *Id.* at 355. The opinions in *Sweeny* were not based on underlying records or evidence but on "a hypothetical counterfactual situation" not supported by the record. *Id.* at 357-58. Therefore, *Sweeney*'s holding is inapplicable to the case at hand.[4]

### III. The opinions of Defendants' experts are highly relevant and exclusion would result in substantial prejudice.

Particularly in light of the LPLA's plain terms, which charges Plaintiffs with the burden of proving a safer alternative that was capable of preventing their alleged injuries, the opinions of Drs. Boniol, Johnson, Kahn, Eiswirth, Peacock, and Khatib are highly probative, and any perceived prejudice is minimal. Accordingly, Plaintiffs' request to exclude these opinions under Rule 403 should be denied. If Plaintiffs are permitted to pursue a theory under the LPLA based on the assertion that other anticoagulant medicines are safer alternatives, Defendants are entitled

---

[4] Similarly, Plaintiffs' reliance on *United States v. Settle*, 267 F. App'x 395 (5th Cir. 2008), is a without merit. *Settle* was a criminal action, and the defendant sought to present evidence of third-party guilt. It was in that context that the Fifth Circuit stated that the criminal defendant had to "demonstrate[] a nexus between the third party and the crime charged." *Id.* at 398.

to rebut those assertions by showing that Plaintiffs cannot rule out that Mr. Boudreaux and Mrs. Orr would have experienced a bleeding event on a different medicine. The exclusion of evidence under Rule 403 is limited to circumstances where the probative value of the evidence is outweighed by the undue prejudice. The fact that Plaintiffs cannot rule out a bleeding event on another medicine and that there are alternative explanations for Mr. Boudreaux and Ms. Orr's bleeding events and that they were predisposed to bleeding are highly relevant to the issues in these cases. Any potential prejudice perceived by Plaintiffs does not outweigh the probative value of this highly relevant evidence.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied.


Respectfully submitted,

| | |
|---|---|
| DRINKER BIDDLE & REATH LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| By: /s/ *Susan M. Sharko* <br> Susan M. Sharko <br> Drinker Biddle & Reath LLP <br> 600 Campus Drive <br> Florham Park, NJ 07932-1047 <br> Telephone: (973) 549-7000 <br> susan.sharko@dbr.com | By: /s/ *William Hoffman* <br> William Hoffman <br> ARNOLD & PORTER KAYE SCHOLER LLP <br> 601 Massachusetts Ave., NW <br> Washington, D.C. 20001 <br> Telephone: (202) 942-5000 <br> william.hoffman@apks.com |
| Rodney M. Hudson <br> DRINKER BIDDLE & REATH LLP <br> 50 Fremont Street, 20th Floor <br> San Francisco, CA 94105-2235 <br> Telephone: (415) 591-7500 <br> Rodney.hudson@dbr.com | Andrew K. Solow <br> Steven Glickstein <br> ARNOLD & PORTER KAYE SCHOLER LLP <br> 250 West 55th Street <br> New York, New York 10019-9710 <br> Telephone: (212) 836-8485 <br> andrew.solow@apks.com <br> steven.glickstein@apks.com |
| Chanda A. Miller <br> Drinker Biddle & Reath LLP <br> One Logan Square, Suite 2000 <br> Philadelphia, PA 19103-6996 <br> Telephone: (215) 988-2500 <br> Chanda.Miller@dbr.com | |

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC, and Johnson & Johnson*

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com

CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
Chaffe McCall L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on March 6, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                       */s/ James B. Irwin*
                                       **James B. Irwin**