# EXHIBIT A

PROTECTED - SUBJECT TO FURTHER PROTECTIVE REVIEW

1            UNITED STATES DISTRICT COURT

             EASTERN DISTRICT OF LOUISIANA

2

3

    IN RE:  XARELTO          )  MDL No.:  2593

4   (RIVAROXABAN) PRODUCTS   )  Section:  L

    LIABILITY LITIGATION     )  Judge Eldon E. Fallon

5                            )  Mag. Judge North

                             )

6                            )

                             )

7                            )

    JOSEPH J. BOUDREAUX,     )  Case No.:  14-cv-2720

8   JR., ET AL               )

9

10

11  PROTECTED - SUBJECT TO FURTHER PROTECTIVE REVIEW

12

13

14

15      Videotaped Deposition of CINDY A. LEISSINGER,

16  M.D., taken on Thursday, December 8, 2016, in the

17  office of The Lambert Firm, A.P.L.C., 701 Magazine

18  Street, New Orleans, Louisiana 70130, commencing

19  at 2:10 p.m.

20

21

22

23

    Reported by:

24  AURORA M. PERRIEN

    CERTIFIED COURT REPORTER

25  REGISTERED PROFESSIONAL REPORTER

PROTECTED - SUBJECT TO FURTHER PROTECTIVE REVIEW

1                    I N D E X
                                        Page
2
        Caption............................1
3
        Appearances........................4
4
        Agreement of Counsel...............6
5
        Witness' Certificate.............235
6
        Reporter's Certificate...........236
7
8
                E X A M I N A T I O N
9
        MS. MOORE..........................8
10
        MS. duPONT.......................205
11
12
13              E X H I B I T S
14      Exhibit No. 1......................9
        Defendants' Notice with Subpoena Duces
15      Tecum of Oral Videotaped Deposition...
16      Exhibit No. 2.....................23
        Expert Report of Cindy A. Leissinger,
17      M.D.
18      Exhibit No. 3.....................75
        Highlights of Prescribing Information
19
        Exhibit No. 4.....................80
20      Transcript of the Testimony of Videotaped
        Deposition of Kenneth Wong, M.D.
21
        Exhibit No. 5
22      STAH Emergency Department, Lab Results
        1/7/14 - 1/7/14,
23      JBoudreaux-OStAGH-MD-000032
24
25

PROTECTED - SUBJECT TO FURTHER PROTECTIVE REVIEW

```
 1            Exhibit No. 6.....................104
             STAH Emergency Department, Lab Results
 2           1/7/14 - 1/7/14,
             JBoudreaux-OstAGH-MD-000031
 3
             Exhibit No. 7.....................107
 4           STAH Emergency Department, Lab Results
             1/7/14 - 1/7/14,
 5           JBoudreaux-OStAGH-MD-000030
 6           Exhibit No. 8
             (Labs), JBoudreaux-PPR-000019
 7
             Exhibit No. 9
 8           STAH 3rd Flr Medical Surgical Unit,
             Progress Notes, Collection Time 1/9/14,
 9           JBoudreaux-OStAGH-MD-000073 - 000074
10           Exhibit No. 10
             STAH 3rd Flr Medical Surgical Unit,
11           History & Physical,
             JBoudreaux-OStAGH-MD-000054
12
             Exhibit No. 11....................143
13           STAH 3rd Floor Medical Surgical Unit,
             Radiology Results, 1/8/14 - 1/8/14,
14           JBoudreaux-OStAGH-MD-000117
15
16
              C E R T I F I E D   Q U E S T I O N S
17
                                         Page/Line
18
             MS. MOORE.......................46/16,
19               50/24, 59/23, 79/8, 185/16, 188/13
20           MS. duPONT.....................223/25
21
22
23
24
      Reporter's Note:  Exhibit Nos. 5, 8, 9, and 10
25    were marked but not identified on the record.
```

PROTECTED - SUBJECT TO FURTHER PROTECTIVE REVIEW

```
 1              A P P E A R A N C E S
 2   REPRESENTING JOSEPH J. BOUDREAUX, JR. AND
     LORETTA BOUDREAUX:
 3
          SCHLICHTER, BOGARD & DENTON, L.L.P.
 4        BY:  ROGER DENTON, ESQ.
          100 South 4th Street, Suite 1200
 5        St. Louis, Missouri 63102
          314.621.6115
 6        Rdenton@uselaws.com
 7        BARRIOS, KINGSDORF & CASTEIX, L.L.P.
          BY:  EMMA E. KINGSDORF, ESQ.
 8        701 Poydras Street, Suite 3650
          New Orleans, Louisiana 70139-3650
 9        504.524.3300
          Ekingsdorf@bkc-law.com
10
11
12   REPRESENTING JANSSEN PHARMACEUTICALS, INC.,
     JANSSEN RESEARCH & DEVELOPMENT, L.L.C., JANSSEN
13   ORTHO, L.L.C.:
14        IRWIN, FRITCHIE, URQUHART & MOORE,
          L.L.C.
15        BY:  KIM E. MOORE, ESQ.
          400 Poydras Street, Suite 2700
16        New Orleans, Louisiana 70130-3280
          504.310.2108
17        Kmoore@irwinllc.com
18        IRWIN, FRITCHIE, URQUHART & MOORE,
          L.L.C.
19        BY:  JEANETTE F. MILLS, ESQ.
          400 Convention Street, Suite 1001
20        Baton Rouge, Louisiana 70802
          504.310.2100
21        Jmills@irwinllc.com
22        BARRASSO, USDIN, KUPPERMAN, FREEMAN &
          SARVER, L.L.C
23        BY:  ANDREA M. PRICE, ESQ.
          909 Poydras Street, 24th Floor
24        New Orleans, Louisiana 70112
          504.589.9700
25        Aprice@barrassousdin.com
```

PROTECTED - SUBJECT TO FURTHER PROTECTIVE REVIEW

```
 1    REPRESENTING BAYER HEALTHCARE PHARMACEUTICALS,
      INC., and BAYER PHARMA AG:
 2
              KAYE SCHOLER, L.L.P.
 3            BY:  JULIE B. duPONT, ESQ.
              250 West 55th Street
 4            New York, New York 10019-9710
              212.836.8572
 5            Julie.dupont@kayescholer.com
 6
 7
      ALSO PRESENT:
 8
              MELISSA BARDWELL, VIDEOGRAPHER
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

PROTECTED - SUBJECT TO FURTHER PROTECTIVE REVIEW

```
 1                  S T I P U L A T I O N

 2      It is stipulated by and among Counsel that

 3   the videotaped deposition of CINDY A. LEISSINGER,

 4   M.D., is being taken under the Federal Rules of

 5   Civil Procedure for all purposes permitted under

 6   the law.

 7      The formalities of reading and signing are

 8   not waived.

 9      The formalities of sealing, certification

10   and filing are not hereby waived.  The party

11   responsible for services of the discovery material

12   shall retain the original.

13      All objections, except those as to the

14   form of the questions and/or the responsiveness of

15   the answers, are reserved until the time of the

16   trial of this cause.

17                *   *   *   *   *

18           Aurora M. Perrien, Certified Court

19   Reporter, Registered Professional Reporter, in and

20   for the State of Louisiana, officiated in

21   administering the oath to the witness.

22

23

24

25
```

PROTECTED - SUBJECT TO FURTHER PROTECTIVE REVIEW

```
 1                P R O C E E D I N G S

 2        THE VIDEOGRAPHER:

 3            We are now on the record.  My name is

 4        Melissa Bardwell, videographer here for

 5        Golkow Technologies.  The date today is

 6        December 8th, 2016.  The time is

 7        approximately 2:10 p.m.  This videotaped

 8        deposition is being held in New Orleans,

 9        Louisiana, in reference to the Xarelto

10        (rivaroxaban) Products Liability

11        Litigation.  The deponent today is

12        Dr. Cindy Leissinger.

13            Would counsel present please introduce

14        themselves and state their affiliations

15        for the record.

16        MR. DENTON:

17            Roger Denton on behalf of all the

18        plaintiffs all by himself.

19        MS. MOORE:

20            Kim Moore on behalf of the Janssen

21        defendants.

22        MS. MILLS:

23            Jeanette Mills on behalf of the

24        Janssen defendants.

25        MS. duPONT:
```

1   failure, hypertension, diabetes, and his age, that

2   he would have a CHADS score of 4, which translates

3   to a 4 percent rate of stroke per year?

4           MR. DENTON:

5               Object to form.

6           THE WITNESS:

7               So just to back up, there are a couple

8               different CHADS scores.

9   BY MS. MOORE:

10      Q.  It's the --

11      A.  The --

12      Q.  -- CHADS VASc.

13      A.  Yeah.  The CHADS2 is typically what I

14  think of.  So on a CHADS2 score, he's going -- and

15  -- and I -- this is -- you know, I'm just more

16  familiar with CHADS2.  So I think he would be a 3.

17  Seventy-five is usually the age cutoff for CHADS2.

18  But in -- in any event, the -- the answer is -- is

19  going to be similar, which is -- yeah, I mean, he

20  had a CHADS2 score of 3.  And as such, yeah, his

21  risk is around 4 percent.

22      Q.  And --

23      A.  Correct.

24      Q.  -- you would agree that it was appropriate

25  for a patient like Mr. Boudreaux to receive a

1    prescription of an anticoagulant?

2        A.  I do.

3        Q.  And that would have been of course

4    standard of care?

5        A.  That's right.

6        Q.  And of course the reason he received the

7    anticoagulant, Xarelto, was to assist in

8    preventing strokes associated with a-fib; correct?

9        A.  That's correct.

10       Q.  With respect to the dosage that Dr. Wong

11   -- Dr. Kenneth Wong is the cardiologist that

12   prescribed Xarelto for Mr. Boudreaux.

13           With respect to the dosage, you are aware

14   that he received 20 milligrams; correct?

15       A.  Uh-huh.

16       Q.  And you are aware that Dr. Wong, in fact,

17   tested Mr. Boudreaux's creatinine and it was

18   normal?

19       A.  Uh-huh.

20       Q.  And you have no questions about the dosage

21   that he was given on Xarelto; correct?

22           MR. DENTON:

23               Object to the form.

24           THE WITNESS:

25               I -- I -- again, I can't remember

PROTECTED - SUBJECT TO FURTHER PROTECTIVE REVIEW

```
 1            nothing.  I mean, the -- there -- but if
 2            you're asking me whether all other
 3            anticoagulants are -- carry the same risk
 4            of bleeding as Xarelto, I believe not.
 5  BY MS. MOORE:
 6       Q.  That's not --
 7       A.  But that's my opinion.
 8       Q.  Yes.  And I understand that.  My question
 9  is really very specific.
10            Can you say to a reasonable degree of
11  medical certainty that Mr. Boudreaux would not
12  have bled had he been on another anticoagulant?
13            MR. DENTON:
14                Well, I object to the form.
15            THE WITNESS:
16                So again, I -- I -- I cannot comment
17            on whether he may have bled or may not
18            have bled on any other --
19  BY MS. MOORE:
20       Q.  You just --
21       A.  -- drug.
22       Q.  -- can't say?
23            MR. DENTON:
24                No.
25            THE WITNESS:
```

PROTECTED - SUBJECT TO FURTHER PROTECTIVE REVIEW

```
 1              C E R T I F I C A T E

 2      This certification is valid only for

 3   a transcript accompanied by my original signature

 4   and original seal on this page.

 5      I, AURORA M. PERRIEN, Registered Professional

 6   Reporter, Certified Court Reporter, in and for the

 7   State of Louisiana, as the officer before whom

 8   this testimony was taken, do hereby certify that

 9   CINDY A. LEISSINGER, M.D., after having been duly

10   sworn by me upon the authority of R.S. 37:2554,

11   did testify as hereinbefore set forth in the

12   foregoing 235 pages; that this testimony was

13   reported by me in the stenotype reporting method,

14   was prepared and transcribed by me or under my

15   personal direction and supervision, and is a true

16   and correct transcript to the best of my ability

17   and understanding; that the transcript has been

18   prepared in compliance with transcript format

19   guidelines required by statute or by rules of the

20   board; and that I am informed about the complete

21   arrangement, financial or otherwise, with the

22   person or entity making arrangements for

23   deposition services; that I have acted in

24   compliance with the prohibition on contractual

25   relationships, as defined by Louisiana Code of
```

PROTECTED - SUBJECT TO FURTHER PROTECTIVE REVIEW

1   Civil Procedure Article 1434 and in rules and

2   advisory opinions of the board; that I have no

3   actual knowledge of any prohibited employment or

4   contractual relationship, direct or indirect,

5   between a court reporting firm and any party

6   litigant in this matter nor is there any such

7   relationship between myself and a party litigant

8   in this matter.  I am not related to counsel or to

9   the parties herein, nor am I otherwise interested

10  in the outcome of this matter.

11

12

13

14

15                    AURORA M. PERRIEN, CCR, RPR

16

17

18

19

20

21

22

23

24

25