# EXHIBIT L

Protected - Subject to Further Protective Review

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
 2

 3

     IN RE:  XARELTO          )    MDL No.:  2592
 4   (RIVAROXABAN) PRODUCTS   )    Section:  L
     LIABILITY LITIGATION     )    Judge Eldon E. Fallon
 5                            )    Mag. Judge North
                              )
 6                            )
                              )
 7   JOSEPH BOUDREAUX         )     No. 2:14-cv-02720
                              )
 8

 9

10   PROTECTED - SUBJECT TO FURTHER PROTECTIVE REVIEW

11

12

13          Videotaped deposition of COLLEEN JOHNSON,

14   M.D., M.S., taken on Monday, January 16, 2017, in the

15   offices of Chaffe McCall, 1100 Poydras Street, Suite

16   2300, New Orleans, Louisiana 70163, commencing at

17   4:05 p.m.

18

19

20

21

     Reported by:
22   RITA DEROUEN
     CERTIFIED COURT REPORTER
23   REGISTERED PROFESSIONAL REPORTER

24

25
```

Protected - Subject to Further Protective Review

```
 1                       I N D E X

 2                                                    Page

 3   Caption                                             1

 4   Appearances                                          3

 5   Agreement of Counsel                                 4

 6   Reporter's Certificate                         100, 101

 7

 8               E X A M I N A T I O N

 9   MR. CHILDERS                                         6

10

                 E X H I B I T S

11

12   Exhibit No. 1                                        6

         (Expert Report of Colleen Johnson, M.D.,

13       M.S.)

14   Exhibit No. 2                                       86

         (Progress Note 2-3-14, Bates

15       JBoudreaux-OMC-K-MD-000017)

16   Exhibit No. 3                                       96

         (The New England Journal of Medicine

17       Original Article, Idarucizumab for

         Dabigatran Reversal)

18

19

20

21

22

23

24

25
```

Protected - Subject to Further Protective Review

```
 1                  A P P E A R A N C E S
 2   REPRESENTING JOSEPH BOUDREAUX:
 3        CHILDERS, SCHLEUTER & SMITH, LLC
          BY:  C. ANDREW CHILDERS, ESQ.
 4        1932 North Druid Hills Road
          Suite 100
 5        Atlanta, Georgia  30319
          404-419-9500
 6        achilders@cssfirm.com
 7   REPRESENTING BAYER HEALTHCARE PHARMACEUTICALS, INC.,
     AND BAYER PHARMA AG:
 8
          KAYE SCHOLER, LLP
 9        BY:  BERT L. SLONIM, ESQ.
          250 West 55th Street
10        New York, New York  10019-9710
          bert.slonim@apks.com
11        212-836-8572
12             - AND -
13        WILKINSON WALSH & ESKOVITZ, LLP
          (BY:  JENNIFER L. SAULINO, ESQ.)
14        (BY:  KIM CHANNICK, ESQ.)
          1900 M Street, NW
15        Suite 800
          Washington, D.C.  20036
16        jsaulino@wilkinsonwalsh.com
          kchannick@wilkinsonwalsh.com
17        202-847-4009
18   REPRESENTING JANSSEN PHARMACEUTICALS, INC., JANSSEN
     RESEARCH & DEVELOPMENT, LLC, AND JANSSEN ORTHO, LLC:
19
          BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, LLC
20        BY:  RICHARD E. SARVER, ESQ.
          909 Poydras Street
21        24th Floor
          New Orleans, Louisiana  70112
22        rsarver@barrassousdin.com
          504-589-9764
23
     ALSO PRESENT:
24
          JACK VERWOERDT, CERTIFIED LEGAL VIDEOGRAPHER
25
```

Protected - Subject to Further Protective Review

```
 1                 S T I P U L A T I O N

 2

 3              It is stipulated by and among Counsel that

 4    the videotaped deposition of COLLEEN JOHNSON, M.D.,

 5    M.S., is being taken under the Federal Rules of Civil

 6    Procedure for all purposes permitted under the law.

 7              The formalities of reading and signing are

 8    reserved.

 9              The formalities of sealing, certification and

10    filing are hereby reserved.  The party responsible for

11    services of the discovery material shall retain the

12    original.

13              All objections, except those as to the form

14    of the question and/or the responsiveness of the

15    answers, are hereby reserved until the time of the

16    trial of this cause.

17                         *  *  *

18              Rita DeRouen, Certified Court Reporter,

19    Registered Professional Reporter, in and for the State

20    of Louisiana, officiated in administering the oath to

21    the witness.

22

23

24

25
```

Protected - Subject to Further Protective Review

```
 1                    P R O C E E D I N G S

 2                 THE VIDEOGRAPHER:  We are now on the

 3   record.  My name is Jack Verwoerdt.  Today's date is

 4   1-16 of '17, and the time is 4:05 p.m.

 5                 This videotaped deposition is being held

 6   in New Orleans, Louisiana, in the matter of Xarelto

 7   (rivaroxaban) Products Liability Litigation, as

 8   relating to Joseph Boudreaux; taken for the United

 9   States District Court for the Eastern District of

10   Louisiana.

11                 The deponent is Dr. Colleen Johnson.

12   The court reporter is Rita DeRouen.

13                 Would the attorneys please introduce

14   themselves for the record.

15                 MR. CHILDERS:  Andrew Childers on behalf

16   of the PSC.

17                 MR. SLONIM:  Bert Slonim on behalf of

18   Bayer.

19                 MS. SAULINO:  Jennifer Saulino on behalf

20   of Bayer.

21                 MS. CHANNICK:  Kim Channick on behalf of

22   Bayer.

23                 MR. SARVER:  Rich Sarver, Jannsen.

24                 THE VIDEOGRAPHER:  Can you please swear

25   in the witness.
```

```
1              COLLEEN JOHNSON, M.D., M.S.,

2    having been first duly sworn, was examined and

3    testified as follows:

4                    EXAMINATION

5    BY MR. CHILDERS:

6        Q.   Dr. Johnson, we've met before, so we don't

7    have to go through all that again.

8             I'm going to hand you first Exhibit 1, which

9    is your report in the case.

10            (Exhibit No. 1 was marked.)

11   BY MR. CHILDERS:

12       Q.   And today we're here to talk about the

13   Boudreaux case, correct?

14       A.   Yes.

15       Q.   Okay.  And you understand you're giving a

16   case-specific opinion in that case over and above the

17   generic opinion we talked about previously when we

18   were here?

19       A.   Yes.

20       Q.   Okay.  This report, I believe, if we look on

21   the second-to-last page dated November 15, 2016; is

22   that right?

23            I'm sorry, third-to-last page.

24       A.   Yes.

25       Q.   Okay.  Just so I understand, you haven't
```

Protected - Subject to Further Protective Review

 1   deposition stated that his team, which involves

 2   himself, nurse practitioners, others, that they choose

 3   medications based off of these factors, and that was

 4   how that medication was chosen.  And that was from his

 5   deposition, Dr. Wong's.

 6       Q.   And in your practice sometimes the same thing

 7   happens, right, with oral anticoagulants for your

 8   patients; it depends on what insurance they have as to

 9   sometimes what oral anticoagulant they get?

10       A.   That is true.

11       Q.   Okay.  I think we've touched on this briefly

12   before.  Do you know what a formulary is, a medication

13   formulary?

14       A.   Do you mean like a hospital's medication

15   formulary?

16       Q.   No.  An insurance company formulary.

17       A.   Yes, I do.

18       Q.   Can you explain that, as you understand it?

19       A.   My understanding is that a formulary --

20   different insurances will pay for certain -- certain

21   medications, and those medications are included in a

22   formulary, which is a list of the medications.

23            And the easiest one I can think of right now

24   is if you think Wal-Mart has a $4 medication list.  So

25   you don't have insurance; if you -- if that medication

Protected - Subject to Further Protective Review

```
 1    procedure to Mr. Boudreaux was accepted -- was

 2    acceptable, was within the realm of acceptable medical

 3    practice.

 4         Q.   Based on what happened to him, he was a

 5    patient who should not be taking oral anticoagulants

 6    at that point, right?

 7         A.   I think that depends on the physician taking

 8    care of the patient.  I will often, in my own

 9    practice, depending upon the bleed and the situation

10    around it, may retry systemic oral anticoagulations on

11    my patients.

12         Q.   And do you have any criticism of

13    Mr. Boudreaux's doctors for not doing that?

14         A.   I do not.  That's physician preference.

15         Q.   Okay.

16         A.   And patient -- I should say and patient

17    preference.  Some patients -- it's their decision

18    ultimately.

19         Q.   Okay.  Whether the risk of bleed from an oral

20    anticoagulant outweighed the risk of stroke for

21    Mr. Boudreaux, you agree that that's a decision

22    between him and his doctors, not one that we should

23    try to second-guess here today?

24         A.   Yes.

25         Q.   Okay.  The next paragraph you wrote,
```

Protected - Subject to Further Protective Review

```
 1               C E R T I F I C A T E

 2

 3          This certification is valid only for a

 4    transcript accompanied by my original signature and

 5    original seal on this page.

 6              I, RITA A. DEROUEN, Registered Professional

 7    Reporter, Certified Court Reporter, in and for the

 8    State of Louisiana, as the officer before whom this

 9    testimony was taken, do hereby certify that COLLEEN

10    JOHNSON, M.D., M.S., after having been duly sworn by

11    me upon the authority of R.S. 37:2554, did testify as

12    hereinbefore set forth in the foregoing 99 pages; that

13    this testimony was reported by me in the stenotype

14    reporting method, was prepared and transcribed by me

15    or under my personal direction and supervision, and is

16    a true and correct transcript to the best of my

17    ability and understanding; that the transcript has

18    been prepared in compliance with transcript format

19    guidelines required by statute or by rules of the

20    board; and that I am informed about the complete

21    arrangement, financial or otherwise, with the person

22    or entity making arrangements for deposition services;

23    that I have acted in compliance with the prohibition

24    on contractual relationships, as defined by Louisiana

25    Code of Civil Procedure Article 1434 and in rules and
```

Protected - Subject to Further Protective Review

 1   advisory opinions of the board; that I have no actual

 2   knowledge of any prohibited employment or contractual

 3   relationship, direct or indirect, between a court

 4   reporting firm and any party litigant in this matter

 5   nor is there any such relationship between myself and

 6   a party litigant in this matter.  I am not related to

 7   counsel or to the parties herein, nor am I otherwise

 8   interested in the outcome of this matter.

 9

10

11                     _____

12                          RITA A. DEROUEN, CCR, RPR

13

14

15

16

17

18

19

20

21

22

23

24

25