# EXHIBIT A

🅐 Neutral

As of: March 3, 2017 12:26 PM EST

# *Altier v. Worley Catastrophe Response, LLC*

United States District Court for the Eastern District of Louisiana

October 5, 2011, Decided; October 5, 2011, Filed

CIVIL ACTION NO. 11-241; 11-242

**Reporter**
2011 U.S. Dist. LEXIS 115497 *

JOHN J. ALTIER versus WORLEY CATASTROPHE RESPONSE, LLC ET AL.

**Subsequent History:** Settled by, Complaint dismissed at, Without prejudice, Motion denied by, Costs and fees proceeding at, Motion granted by, Judgment entered by, in part *Altier v. Worley Catastrophe Response, LLC, 2012 U.S. Dist. LEXIS 6391 (E.D. La., Jan. 18, 2012)*

**Prior History:** *Altier v. Worley Catastrophe Response, LLC, 2011 U.S. Dist. LEXIS 85696 (E.D. La., July 26, 2011)*

## Core Terms

sealing, proceedings, materials, common law right, judicial record, public access, public record, accompanied, certificate, disclosure, quotation, outweigh, parties, abuses

**Counsel:** [*1] For John J Altier, Individually and on behalf of all others similarly situated, Francine E Stewart, Michael Cambre, Lee F Hudson, Maurice Green, Billy Don Cannon, Albert Lynn, Roy E DeMauney, Teresa Hamilton, Timothy Menius, Lorrie Beno, Roberta Grace Murphey, Maria Erlinda Primera, Olga L Souders, John L Starkey, George Barton, Jennifer Bell, Nywanna Collins, Matthew Margetta, Michael Martin, Thomas William McCloskey, John Thompson, Marvin Uecker, Jr, Franz J Shriner, Cathy Milstead, Randy Powell, Phil Hays, Tami Peyton, Alba Lugo, Paul Martello, Jim Thomas, John Tatom, James Harris, James Sellers, Harold Windham, Vickie Millsap, Andrew Fraraccio, Vicky Cassady, Ernie Smith, Mary Sondgerath, Cynthia Ledet Smith, Joyce D Thomas, Terry Singleton, Sandra Brennan, Chris Conly, Donald Pipping, Ruston Asfar, Latasha Anders, Michael E Jay, Chris McDonald, Taneha Summers, David Ducote, Denise Miller, Clayton Campbell (2:11-cv-00241-JCW), Plaintiffs: J. P. Hughes, Jr., LEAD ATTORNEY, Hughes Brown, PLLC, Oxford, MS; April L. Walter, Michael A. Starzy, Raven R. Applebaum, Hessam Parzivand, PRO HAC VICE, Starzyk & Associates, PC, The Woodlands, TX;

John R. Linkosky, PRO HAC VICE, John Linkosky [*2] & Associates, Carnegie, PA; Joseph E. Fieschko, Jr., Fieschko & Associates, Inc., Pittsburg, PA.

For Thomas E Berry, Andria Antoine John Oden, Shavall Cornett, Plaintiffs: J. P. Hughes, Jr., LEAD ATTORNEY, Hughes Brown, PLLC, Oxford, MS; Michael A. Starzy, Starzyk & Associates, PC, The Woodlands, TX.

For Shavall Cornett, Plaintiff: J. P. Hughes, Jr., Hughes Brown, PLLC, Oxford, MS.

For Worley Catastrophe Response, LLC, Defendant: Jennifer Lynn Anderson, LEAD ATTORNEY, Jones Walker (Baton Rouge); James R. Lewis, Mary G. Erlingson, Crawford Lewis, PLLC (Baton Rouge), Baton Rouge, LA; Mary Margaret Spell, Jones Walker (New Orleans), New Orleans, LA.

For Worley Catastrophe Services, LLC, Defendant, Consol Defendant: Jennifer Lynn Anderson, Jones Walker (Baton Rouge).

For John J Altier, Individually and on behalf of all other similarly situated, Francine E Stewart, Michael Cambre, Lee F Hudson, Maurice Green, Billy Don Cannon, Albert Lynn, Roy E DeMauney, Teresa Hamilton, Timothy Menius, Lorrie Beno, Roberta Grace Murphey, Maria Erlinda Primera, Olga L Souders, John L Starkey, George Barton, Jennifer Bell, Nywanna Collins, Matthew Margetta, Michael Martin, Thomas William McCloskey, John Thompson, [*3] Marvin Uecker, Jr, Franz J Shriner, Cathy Milstead, Randy Powell, Phil Hays, Tami Peyton, Alba Lugo, Paul Martello, Jim Thomas, John Tatom, James Harris, James Sellers, Harold Windham, David Ducote, Andrew Fraraccio, Vicky Cassady, Ernie Smith, Mary Sondgerath, Cynthia Ledet Smith, Joyce D Thomas, Master Doc 90, Terry Singleton, Master Doc 91, Sandra Brennan, Chris Conly, Donald Pipping, Ruston Asfar, Michael E Jay (2:11-cv-00242-JCW), Plaintiffs: J. P. Hughes, Jr., LEAD ATTORNEY, Hughes Brown, PLLC, Oxford, MS;

John R. Linkosky, PRO HAC VICE, John Linkosky & Associates, Carnegie, PA; Joseph E. Fieschko, Jr., Fieschko & Associates, Inc., Pittsburg, PA; Michael A. Starzy, PRO HAC VICE, Starzyk & Associates, PC, The Woodlands, TX.

For Vickie Millsap, Plaintiff: J. P. Hughes, Jr., Hughes Brown, PLLC, Oxford, MS; John R. Linkosky, PRO HAC VICE, John Linkosky & Associates, Carnegie, PA; Joseph E. Fieschko, Jr., Fieschko & Associates, Inc., Pittsburg, PA; Michael A. Starzy, PRO HAC VICE, Starzyk & Associates, PC, The Woodlands, TX.

For Latasha Anders, Chris McDonald, Taneha Summers, Plaintiffs: J. P. Hughes, Jr., LEAD ATTORNEY, Hughes Brown, PLLC, Oxford, MS; April L. Walter, Hessam Parzivand, **[*4]** Raven R. Applebaum, Starzyk & Associates, PC, The Woodlands, TX; John R. Linkosky, PRO HAC VICE, John Linkosky & Associates, Carnegie, PA; Joseph E. Fieschko, Jr., Fieschko & Associates, Inc., Pittsburg, PA; Michael A. Starzy, PRO HAC VICE, Starzyk & Associates, PC, The Woodlands, TX.

For Denise Miller, Clayton Campbell, Plaintiffs: J. P. Hughes, Jr., LEAD ATTORNEY, Hughes Brown, PLLC, Oxford, MS; April L. Walter, Raven R. Applebaum, Starzyk & Associates, PC, The Woodlands, TX; Joseph E. Fieschko, Jr., Fieschko & Associates, Inc., Pittsburg, PA; Joseph E. Fieschko, Jr., Fieschko & Associates, Inc., Pittsburg, PA; Michael A. Starzy, PRO HAC VICE, Starzyk & Associates, PC, The Woodlands, TX.

For Andria Antoine, Brandon Heath, Plaintiffs: J. P. Hughes, Jr., LEAD ATTORNEY, Hughes Brown, PLLC, Oxford, MS.

For Worley Catastrophe Response, LLC, Defendant: Jennifer Lynn Anderson, LEAD ATTORNEY, Jones Walker (Baton Rouge), Baton Rouge, LA; James R. Lewis, Mary G. Erlingson, Crawford Lewis, PLLC (Baton Rouge), Baton Rouge, LA; Mary Margaret Spell, Jones Walker (New Orleans), New Orleans, LA.

**Judges:** JOSEPH C. WILKINSON, JR., UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** JOSEPH C. WILKINSON, JR.

# Opinion

**ORDER**

It appears that the **[*5]** parties are abusing the sealing procedures of their agreed protective order. As I have previously stated in this case, the court is a public forum. Its record is presumptively a public record, open to view by all, and requests to seal the court's record are not lightly granted or considered.

> To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against the interests favoring non-disclosure. Courts recognize a common law right to access judicial records and proceedings, but the right is not absolute. Public access serves to enhance the transparency and trustworthiness of the judicial process, to curb judicial abuses, and to allow the public to understand the judicial system better. It follows then that the district court's discretion to seal the record of judicial proceedings is to be exercised charily. Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption. The decision as to access is left to the discretion of the trial court, but any doubt must be construed in **[*6]** favor of disclosure.

*Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc., No. 04-2780, 2005 U.S. Dist. LEXIS 10368, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005)* (Vance, J.) (quotations omitted) (emphasis added) (citations omitted).

> The *First Amendment* presumes that there is a right of access to proceedings and documents which have historically been open to the public and where the disclosure of which would serve a significant role in the functioning of the process in question. This presumption is rebuttable upon demonstration that suppression "is essential to preserve higher values and is narrowly tailored to serve that interest."

*Grove Fresh Distribs., 24 F.3d at 897* (quoting *Press-Enter. Co. v. Superior Ct., 464 U.S. 501, 510, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984))* (additional quotation omitted) (emphasis added). As the Fifth Circuit has stated in another context, sealing items in the court's public record must be avoided where it "protects no legitimate privacy interest that would overcome the public's right to be informed." *In re: High Sulfur Content Gasoline Prods. Liab. Litig., 517 F.3d 220, 230 (5th Cir. 2008)*.

Accordingly, **IT IS ORDERED** that no further motions for sealing will be granted unless accompanied by (1) a certificate **[*7]** of counsel, stating that counsel for both parties have jointly reviewed the materials and agreed that the materials should be sealed in the record for reasons specifically cited in the certification of counsel justifying sealing, or (2) accompanied by evidence submitted by whichever party seeks to have the materials sealed, sufficient

to establish the criteria necessary for sealing, as set forth in Local Rule 5.6 and under the applicable substantive law.

New Orleans, Louisiana, this 5th day of October, 2011.

/s/ Joseph C. Wilkinson, Jr.

JOSEPH C. WILKINSON, JR.

UNITED STATES MAGISTRATE JUDGE

---

**End of Document**

Dana Hantack