# EXHIBIT 47

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | |

## PROPOSED ORDER ON ABANDONED CLAIMS

Dispositive and *Dabuert* briefing in these two cases reveals that Plaintiffs have abandoned several claims and theories of liability that they had previously alleged in their complaints or detailed in their expert reports. These liability theories were the subject of extensive discovery—including document production and pretrial depositions—and the viability of the theories was fully briefed before Plaintiffs abandoned them.

The role of the MDL court in addressing common issues is to provide a single, consistent ruling to guide future litigation. *See In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 767 F. Supp. 2d 649, 672 (E.D. La. 2011). Accordingly, in light of Plaintiffs' abandonment of certain claims and theories, and in the interests narrowing the issues for trial and streamlining the litigation more generally, the Court hereby **ORDERS** as follows:

1. Plaintiffs alleged in their complaints a claim that Defendants failed to properly "test" Xarelto before bringing it to market. *See Boudreaux* Compl. ¶¶ 9, 103–05, 107, 123 (No. 14-cv-02720, Doc. 1); *Orr* Compl. ¶¶ 147, 155, 184 (No. 15-cv-03708, Doc. 1). Plaintiffs have now abandoned that claim. *See* Pls.' Opp. To Defs.' LPLA Design Defect MSJ (Doc. 5606), at 10 n.30. Accordingly, any claim for "failure to test" is hereby **DISMISSED WITH PREJUDICE**.

2. Plaintiffs alleged in their complaints that Xarelto's label should have included a "black-box warning" regarding the risk of bleeding. *See Boudreaux* Compl. ¶ 100; *Orr* Compl. ¶¶ 75, 90. Plaintiffs have now abandoned that claim. *See* Pls.' Opp.

To Defs.' Warning Preemption MSJ (Doc. 5650), at 2 n.2. Accordingly, any claim premised on the absence of a "black-box warning" in Xarelto's label is hereby **DISMISSED WITH PREJUDICE**.

3. Plaintiffs alleged in their complaints that Xarelto's once-daily dosing regimen is unreasonably dangerous and that the medicine should instead be dosed twice daily. *See Boudreaux* Compl. ¶¶ 81, 100; *Orr* Compl. ¶¶ 70, 85, 128, 140, 158, 175. Plaintiffs have now abandoned that claim. *See* Pls.' Opp. To Defs.' Dosing, Monitoring, and Design Preemption MSJ (Doc. 5652), at 1–4; Pls.' Opp. To Defs.' Unapproved Dosing and Monitoring and 20-Second PT Cut-Off Guideline *Daubert* Motion (Doc. 5641), at 26–27. Accordingly, any claim premised on the allegation that Xarelto's once-daily dosing regimen is unreasonably dangerous is **DISMISSED WITH PREJUDICE**.

4. Plaintiffs alleged in their complaints that Xarelto's 15 or 20 mg cumulative daily dosage for atrial fibrillation patients is too high. *Boudreaux* Compl. ¶ 100; *Orr* Compl. ¶¶ 128, 140, 158, 175. Plaintiffs have now abandoned that claim. *See* Pls.' Opp. To Defs.' Dosing, Monitoring, and Design Preemption MSJ (Doc. 5652), at 1–4, 26; Pls.' Opp. To Defs.' Unapproved Dosing and Monitoring and 20-Second PT Cut-Off Guideline *Daubert* Motion (Doc. 5641), at 11, 26–27. Accordingly, any claim premised on the allegation that Xarelto's dosage strength renders the drug unreasonably dangerous is **DISMISSED WITH PREJUDICE**.

5. Plaintiffs alleged in their complaints that Xarelto's label should have included instructions to physicians to test patients' PT for the purpose of adjusting their doses. See Boudreaux Compl. ¶ 100; Orr Compl. ¶ 168. Plaintiffs have now abandoned that claim. *See* Pls.' Opp. To Defs.' Dosing, Monitoring, and Design Preemption MSJ (Doc. 5652), at 1–2, 11; Pls.' Opp. To Defs.' Warning Preemption MSJ (Doc. 5650), at 1; Pls.' Opp. To Defs.' Unapproved Dosing and Monitoring and 20-Second PT Cut-Off Guideline *Daubert* Motion (Doc. 5641), at 13, 15, 21–23; Pls.' Opp. To Defs.' LPLA Design Defect MSJ (Doc. 5606), at 2. Accordingly, any claim premised on the allegation that Xarelto's label should have instructed physicians to test patients' PT for dose-adjustment purposes is **DISMISSED WITH PREJUDICE**.

6. Plaintiffs alleged in their complaints that Xarelto's label should have instructed physicians to perform routine monitoring of patients' PT. *See Boudreaux* Compl. ¶¶ 123(s)(7), 184(f); *Orr* Compl. ¶¶ 70, 73–74, 83, 168. Plaintiffs have now abandoned that claim. *See* Pls.' Opp. To Defs.' Unapproved Dosing and Monitoring and 20-Second PT Cut-Off Guideline *Daubert* Motion (Doc. 5641), at 2, 21. Accordingly, any claim premised on the allegation that Xarelto requires routine PT monitoring is **DISMISSED WITH PREJUDICE**.

7. Plaintiffs alleged in their complaints that Xarelto's label did not adequately warn of the risk of bleeding. *See Boudreaux* Compl. ¶ 100, 104–07; *Orr* Compl. ¶ 116. Plaintiffs have now abandoned that claim. *See* Pls.' Opp. To Defs.' *Boudreaux* Learned Intermediary MSJ (Doc. 5629), at 8; Pls.' Opp. To Defs.' *Orr* Learned

Intermediary MSJ (Doc. 5608), at 9.  Accordingly, any claim premised on the allegation that Xarelto's label does not adequately warn about bleeding risk is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

                                                The \_\_\_\_\_ day of _____ 2017.

_____
UNITED STATES DISTRICT JUDGE