UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2592<br><br>SECTION: L<br><br><br>JUDGE FALLON<br>MAG. JUDGE NORTH<br><br>RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES |

**THIS DOCUMENT RELATES TO:**

*Julie Graham v. Janssen Research & Development LLC, et al; No. 2:16-cv-10035*

*James Kahl v. Janssen Research & Development LLC, et al; No. 2:16-cv-10062*

*Verna Settles and OJ Settles obo Charles Settles, Deceased v. Janssen Research & Development LLC, et al; No. 2:16-cv-14453*

*Dirtress Whitfield obo Paul Whitfield, Deceased v. Janssen Research & Development LLC, et al; No. 2:16-cv-10835*

COMES NOW Counsel for Plaintiffs in the above matters, and files this Response to the Order to Show Cause entered by the Court on March 7, 2017 (Doc. 5660) and would respectfully show the Court the following:

I.

Defendants moved for an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets (hereinafter referred to as PFSs) should not be dismissed with prejudice. The Court entered an Order to Show Cause on March 7, 2017 (Doc.

1

5660).  Four (4) Plaintiffs represented by The Gallagher Law Firm appear on Exhibit A (Doc. 5660-1) of the Court's Order to Show Cause as follows:

- *Julie Graham v. Janssen Research & Development LLC, et al; No. 2:16-cv-10035* (#33 in the Court's Order to Show Cause)

Undersigned counsel has ordered and obtained prescription/pharmacy and medical records pertaining to Ms. Graham's alleged injury related to her ingestion of Xarelto.  Ms. Graham has provided proof of prescription and usage of Xarelto. However, counsel for Plaintiff is still awaiting receipt of records from Dr. C. David Rios in order to confirm any Xarelto related injuries.  Plaintiff would respectfully request that this Court grant her the opportunity and additional time within which to obtain the requested records and cure the alleged core deficiencies in Plaintiff's Fact Sheet pertaining to her Xarelto related injury.

- *James Kahl v. Janssen Research & Development LLC, et al; No. 2:16-cv-10062* (#45 in the Court's Order to Show Cause)

Mr. Kahl has previously provided proof of prescription and use of Xarelto.  He recently amended his Plaintiff Fact Sheet through MDL Centrality on March 7, 2017 and contends that he has cured the alleged core deficiencies identified in the Court's Show Cause Order. In his recently uploaded Fact Sheet, Plaintiff provided medical records from Bethesda North Hospital and The Christ Hospital and identified the bleeding event(s) contained in on or both of those records that Plaintiff contends are related to his Xarelto usage.  Therefore, Plaintiff respectfully requests that this Court vacate its Show Cause Order and allow him to continue with a prosecution of his claim.

- *Verna Settles and O J Settles obo Charles Settles, Deceased v. Janssen Research & Development LLC, et al; No. 2:16-cv-14453* (#75 in the Court's Order to Show Cause)

Undersigned counsel has informed the Plaintiffs Verna and OJ Settles of their obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants and advised of the deadlines within which to respond and cure said deficiencies.

Thus far, counsel for Plaintiff has been unable to secure pharmacy and/or medical records that confirm the prescription and/or usage of Xarelto by decedent Charles Settles.  Counsel for Plaintiff has advised Plaintiffs of the inability to locate proof of Xarelto prescription and ingestion by decedent Charles Settles in the records obtained thus far and has requested that Plaintiffs provide counsel with any additional information in their possession pertaining to decedent's prescription and/or use of Xarelto that would assist counsel in obtaining any records that may exist which would confirm proof of prescription and usage of Xarelto by decedent. To date, no additional information has been provided by Plaintiffs and as a result, counsel is unable to respond and cure the core PFS deficiencies.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to assist the Plaintiffs in complying with their obligations to cure the deficiencies in her PFS. Counsel does not have written permission from Plaintiffs to agree to stipulate to the dismissal of their claim with prejudice. However, Counsel has no basis to contest such a dismissal as ordered by the Court at this time and Plaintiffs have been advised that unless the requisite information and/or documents are provided, their case is subject to dismissal by the Court with prejudice.

- *Dirtress Whitfield obo Paul Whitfield, Deceased  v. Janssen Research & Development LLC, et al; No. 2:16-cv-10835* (#92 in the Court's Order to Show Cause)

Undersigned counsel has informed the Plaintiff Dirtress Whitfield of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants and advised of the deadlines within which to respond and cure said deficiencies.

Counsel for Plaintiff has made numerous attempts by telephone, email and written correspondence to contact Plaintiff in order to obtain the requisite estate documents that are necessary to obtain additional medical records pertaining to Mr. Whitfield's treatment. Counsel has also communicated directly with Plaintiff and has stressed the importance of providing the requested documents so that counsel can continue with the prosecution of their claim. To date, Plaintiff has not provided the required documentation and as a result, counsel is unable to respond and cure the core PFS deficiencies.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to assist Plaintiff in complying with her obligations to cure the deficiencies in their PFS. Counsel has no basis to contest such a dismissal at this time and Plaintiffs has been advised that unless the requisite estate documents are provided, her case is subject to dismissal by the Court with prejudice.

Dated: March 11, 2017.

                Respectfully submitted,

                s/ Michael T. Gallagher
                MICHAEL T. GALLAGHER
                (Texas Bar #07586000)
                THE GALLAGHER LAW FIRM LLP
                2905 Sackett Street
                Houston, TX 77098
                Telephone: (713) 222-8080
                Facsimile (713) 222-0066
                mike@gld-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing Response to Defendants' Motion for Order to Show Cause has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                s/ Michael T. Gallagher
                                                Michael T. Gallagher