UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)          :
PRODUCTS LIABILITY LITIGATION         :     MDL No. 2592
                                      :
                                      :     SECTION L
                                      :
                                      :     JUDGE ELDON E. FALLON
                                      :
_____:     MAGISTRATE JUDGE NORTH

**THIS DOCUMENT RELATES TO:**

Patsy Barrington
CA#2:16-cv-1434

### RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHOSE FACT SHEETS ARE PURPORTEDLY DEFICIENT

Plaintiff, Patsy Barrington, through undersigned counsel, in response and opposition to the Order to Show Cause issued on January 19, 2017 (Rec. Doc. 5085), states the following:

1. Plaintiff filed the above captioned proceeding as a bundled Complaint bearing the title *Patsy Barrington, et al. vs. Janssen Research & Development, LLC et al.*, Civil Action No. 2:16-cv-1434 on behalf of multiple plaintiffs on February 19, 2016.

2. Plaintiff subsequently completed and submitted a Plaintiff Fact Sheet on or about April 30, 2016.

3. In response to question I(C) of the Plaintiff Fact Sheet, Plaintiff identified her prescribing physician as Dr. Henry Lucid. In further response to that section's request for the "Name and Address of Pharmac(ies)," Plaintiff originally identified the Walgreens pharmacy that she used for most prescriptions, but she clarified in Section III(A)(3) that she had only received Xarelto via samples from Dr. Lucid and did not identify a pharmacy at which he had filled a

1

Xarelto prescription. Plaintiff subsequently amended her response to Section I(C) of the PFS to clarify that she received samples only and did not get Xarelto at a pharmacy.

4. Plaintiff provided medical records along with her PFS from Dr. Lucid, Isle at Cedar Ridge, and Seton Medical Center.

5. Because Plaintiff received samples and did not fill a prescription, she did not provide pharmacy records.

6. The records from Seton Medical Center clearly indicate that Ms. Barrington was admitted to the hospital on February 19, 2014, and diagnosed with gastrointestinal blood loss. Those records also clearly indicate that Ms. Barrington was taking Xarelto at the time, and that the Xarelto was discontinued by hospital physicians. *See, e.g.*, Exhibit 1.

7. Further, although the records from Dr. Lucid do not make a note of him dispensing samples to Plaintiff, those records do contain a note from a visit on March 4, 2014, shortly after her hospitalization, in which the doctor notes that "She was started on Xeralto (sic) completing 90 days of therapy at which time she was hospitalized with a GI bleed." *See* Exhibit 2.

8. Counsel has worked with Plaintiff to obtain additional records from Dr. Lucid to document his dispensing of Xarelto to Plaintiff, but his office has indicated that he did not keep any records reflecting the samples that he gave her. Counsel notes that this is, unfortunately, not uncommon, as doctors apparently do not always keep detailed records of samples dispensed.

9. For present purposes, however, Defendants' request for a dismissal of Plaintiff's action with prejudice is wholly unwarranted. As noted in the response filed by the PSC in response to an earlier Order to Show Cause (Rec. Doc. 2638) based on the same kind of purported PFS deficiencies, the Fifth Circuit has observed that a dismissal with prejudice Under Rule 41(b) "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v.*

*Cignarsi-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1985)). Consequently, the Fifth Circuit has limited the district court's discretion by allowing dismissal with prejudice only where: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citing *Callip,* 757 F.2d at 1519-21).

10. Plaintiff respectfully submits that neither of those elements are present in this case. Plaintiff has substantially complied in good faith with all of her obligations under CMO #1. Further, if the Court determines that more is required, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

11. As further noted in the PSC's response, the Fifth Circuit has held that a dismissal under Rule 37(b)(2) is also an extremely severe sanction: "[b]ecause the law favors the resolution of legal claims on the merits . . . and because dismissal is a severe sanction that implicates due process . . . , we have previously deemed dismissal with prejudice to be a 'draconian remedy' and a 'remedy of last resort.'" *FDIC v. Conner,* 20 F.3d 1376, 1380 (5th Cir. 1994) (citations omitted). The Court further noted that "sanctions should be used as a lethal weapon only under extreme circumstances." *Id.* (citations omitted). In light of this, the Fifth Circuit has "articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order": (1) the violation must result "from willfulness or bad faith and [be] accompanied by bad faith and a clear record of delay or contumacious conduct;" (2) the violation "must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction [that] would substantially achieve

the desired deterrent effect." *Id.* at 1380-81 (citing *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1032 (5th Cir. 1990)).

12. Plaintiff maintains that none of those elements are present to warrant dismissal of this case. Plaintiff has substantially complied in good faith with all of her obligations under CMO #1. While counsel and Plaintiff have not been able to provide records of receiving Xarelto samples, Plaintiff has cooperated in that pursuit in all respects and has produced physician and hospital records demonstrating her use of Xarelto. Further, Defendants have not articulated any "substantial prejudice" they have suffered as a result of the non-existence of pharmacy records in this case. And finally, as noted above, if the Court determines that more is required of Plaintiff, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

13. Accordingly, Plaintiff respectfully requests that this Court deny Defendants' request to dismiss this action with prejudice.

Respectfully submitted,

   /s/ Daniel J. Carr
Joseph C. Peiffer, La. Bar # 26459
Daniel J. Carr, La. Bar # 31088
PEIFFER ROSCA WOLF
ABDULLAH CARR & KANE
A Professional Law Corporation
201 St. Charles Avenue, Suite 4610
New Orleans, Louisiana  70170-4600
Telephone:  (504) 523-2434
Facsimile:  (504) 523-2464
Email: dcarr@prwlegal.com

Michael B. Lynch, Esq.
THE MICHAEL BRADY LYNCH FIRM
127 West Fairbanks Ave. #528
Winter Park, Florida 32789
Office: (877) 513-9517
Fax: (321) 972-3568
Email: michael@mblynchfirm.com
*Attorneys for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2017, a copy of the above and foregoing has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                          /s/ *Daniel J. Carr*