**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  XARELTO (RIVAROXABAN)           *      **MDL NO. 2592**
**PRODUCTS LIABILITY LITIGATION**      *
                                           *      **SECTION L**
                                           *
                                           *      **JUDGE ELDON E. FALLON**
                                           *
                                           *      **MAGISTRATE JUDGE NORTH**

**************************************************

**THIS DOCUMENT RELATES TO:**
*(See cases listed in Exhibit A, Schedule of Actions)*

### RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES

Defendants moved for, and this Court entered, an Order to Show Cause (Rec. Doc. 5660) why certain cases in which defendants allege core deficiencies in Plaintiffs' Fact Sheets should not be dismissed with prejudice. Plaintiffs listed on Exhibit A and represented by The Driscoll Firm, P.C. appear on the Order. For purposes of their response, plaintiffs' counsel has grouped these plaintiffs into four categories: (1) cases which plaintiffs maintain are not deficient; (2) cases in which counsel for plaintiffs have previously agreed to stipulate to dismissal with prejudice; (3) cases in which counsel for plaintiffs will not oppose dismissal; and (4) cases in which an extension of time is requested.  These cases are listed on Exhibits B through E.

    1.    **Cases which plaintiffs maintain are not deficient and for which the Show Cause Order should therefore be dismissed.**

There are five cases which plaintiffs maintain are not deficient.  These cases are listed in Exhibit B.  For each case, plaintiffs have stated the reason(s) why they believe their fact sheet responses are not deficient including, as appropriate, references by page number to submitted documents that demonstrate proof of Xarelto use, Xarelto-related injury and/or documentation supporting authority of Xarelto user's representative to sign declaration on behalf of user.

Because the cases listed in Exhibit B do not have core Plaintiff Fact Sheet deficiencies, we respectfully request that the Show Cause Order be dismissed as to these cases.

2.     **Cases in which counsel for plaintiffs agreed to stipulate to dismissal.**

Counsel for plaintiffs previously agreed to stipulate to the prejudicial dismissal of five cases listed on the Show Cause Order. Plaintiffs' counsel sought consent from counsel for defendants to file stipulations of dismissal with prejudice in the cases listed on the attached Exhibit C (and multiple other cases) via electronic mail. Counsel for defendants requested that counsel for plaintiffs revise the some of the stipulations before returning them to defense counsel for review and filing. Counsel for plaintiffs did so; however, counsel for defendants have not yet had the opportunity to review and file the stipulations.

3.     **Cases in which counsel for plaintiffs will not oppose dismissal.**

There are eight cases on the Show Cause Order in which counsel for plaintiffs will not oppose dismissal. In each of the eight cases on attached Exhibit D, the alleged deficiencies are substantive in nature and, despite the best efforts of counsel and plaintiffs, the deficiencies cannot be cured.

4.     **Cases in which the alleged deficiencies have not been cured but counsel for plaintiffs reasonably anticipate doing so and request an extension.**

Exhibit E lists ten cases on the Show Cause Order in which the alleged deficiency has not yet been cured.  For each case, plaintiffs have included a response describing what attempts have been made to cure the deficiency and/or why plaintiffs require additional time to do so.  For example, plaintiffs in some cases either died or temporarily lost contact with their attorneys, thereby hindering our ability to obtain necessary documents and information.  In other cases, we only recently learned of additional sources of potentially relevant records and requests for those

records remain outstanding. Plaintiffs in these cases respectfully request that the Court grant them a 60-day extension, until May 15, 2017, to allow them to attempt to cure the deficiencies.


Signed: March 13, 2017                                     Respectfully submitted,


                                         By:     */s/ Christopher J. Quinn*_____
                                                 Christopher J. Quinn
                                                 THE DRISCOLL FIRM, P.C.
                                                 211 N. Broadway, 40th Floor
                                                 St. Louis, MO 63102
                                                 Tel: (314) 932-3232
                                                 Fax: (314) 932-3233
                                                 chris@thedriscollfirm.com

                                                 *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 13, 2017, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Christopher J. Quinn
Christopher J. Quinn
THE DRISCOLL FIRM, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Tel: (314) 932-3232
Fax: (314) 932-3233
chris@thedriscollfirm.com

Attorneys for Plaintiff