UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 SECTION L |
| | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE NORTH |

THIS DOCUMENT RELATES TO:

ANDY ARDIE v. JANSSEN PHARMACEUTICALS, et al.
Civil Action No.: 2:15-cv-05611

### RESPONSE TO ORDER TO SHOW CAUSE AS TO PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES

On January 19, 2017, this Court issued an Order to Show Cause as to Plaintiffs with Alleged Core Plaintiff Fact Sheet Deficiencies (Doc. 5085), requiring explanation as to why certain actions, including the above-captioned action, should not be dismissed with prejudice for failure to cure alleged core deficiencies. Mr. Ardie, by and through undersigned counsel submits this, his response to the Order to Show Cause and shows as follows:

1. Mr. Ardie initially provided detailed account of his use of Xarelto that suggested use of the pharmaceutical in the manner intended and an alleged injury consistent with the types of bleeding events which Xarelto is suspected to cause.

2. Soon after entering into an agreement to represent Mr. Ardie, undersigned counsel ordered medical records and pharmacy records from the providers he identified.

3. Records were obtained that confirmed that Mr. Ardie had used Xarelto. Records were also obtained from Mainland Medical Center in Texas City, Texas based on Mr. Ardie's representation that he was treated at that facility for a gastrointestinal bleed, consistent

with the type of injury that could allegedly be caused by use of Xarelto. These records did not demonstrate any bleeding event.

4. Records were also ordered from the Galveston County Health District and the Deke Slayton Cancer Center, with each provider stating that no records could be located for Mr. Ardie.

5. The complaint was filed on October 30, 2015, before records documenting injury were received, to comply with the statute of limitations for Mr. Ardie's claim. At that time, Counsel was of the belief that records documenting the injury could be obtained.

6. After following up with Mr. Ardie, records were ordered from Mainland Medical Center for a different timeframe. However, the provider reported on November 2, 2015, just after the complaint was filed, that no records were available for Mr. Ardie from the modified timeframe.

7. Concurrently with these efforts to obtain records, Counsel sent Mr. Ardie the Plaintiff Fact Sheet questionnaire. Mr. Ardie was informed of his obligations regarding completing and serving a Plaintiff Fact Sheet pursuant to CMO 1 and PTO 13.

8. Counsel received the Plaintiff Fact Sheet questionnaire from Mr. Ardie, but it did not address the missing treatment or provider information necessary.

9. Counsel sent a letter to Mr. Ardie on January 20, 2016 advising of the need for additional information needed to determine proof of injury and requesting that Mr. Ardie contact Counsel with information immediately.

10. Counsel spoke with Mr. Ardie over the phone on February 1, 2016 regarding the need to obtain additional records to document proof of injury. Mr. Ardie was unable to provide additional information about his treatment at that time.

11. A phone call with Mr. Ardie occurred on March 10, 2016, but Mr. Ardie could not provide additional information about his treatment at that time.

12. Another phone call with Mr. Ardie occurred on May 10, 2016, but again Mr. Ardie was unable to provide additional information regarding his treatment.

13. An additional phone call with Mr. Ardie occurred on August 17, 2016, and again Mr. Ardie was unable to provide additional information regarding his treatment.

14. Another letter was sent to Mr. Ardie on December 28, 2016 advising of the need for additional treatment or provider information to obtain the records necessary to show proof of injury. This letter was returned to Counsel as undeliverable on January 24, 2017.

Accordingly, undersigned counsel is unable to further assist Mr. Ardie in complying with his obligations to complete and serve a Plaintiff Fact Sheet as it pertains to the injury allegedly sustained by Mr. Ardie and to provide medical records documenting proof of injury. Nevertheless, if this Court deems dismissal of Mr. Ardie's case to be proper, undersigned counsel respectfully requests that this Court dismiss this claim without prejudice.

Dated: March 14, 2017                                   Respectfully submitted,

                                                        KENNEDY HODGES, LLP

                                                        By: /s/ Gabriel A. Assaad
                                                        David W. Hodges
                                                        dhodges@kennedyhodges.com
                                                        Gabriel A. Assaad
                                                        gassaad@kennedyhodges.com
                                                        4409 Montrose Blvd., Ste 200
                                                        Houston, TX 77006
                                                        Telephone: (713) 523-0001
                                                        Facsimile: (713) 523-1116

                                                        ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

3

I hereby certify that on March 14, 2017, a copy of the foregoing has contemporaneously been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Easter District of Louisiana, and via MDL Centrality, which will send notice of electronic filings in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

            <u>/s/ Gabriel A. Assaad</u>
            Gabriel A. Assaad