UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO:<br>    *ALL CASES* | * * | JUDGE ELDON E. FALLON |
| | * * | MAG. JUDGE NORTH |
| | * | |

* * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION
TO PRECLUDE EXPERT TESTIMONY FROM SCOTT BONIOL, M.D. AND
WILLIAM FRANKLIN PEACOCK, IV, MD, FACEP, ABOUT THE BENEFITS OF
EARLIER DETECTIONS FROM ANTICOAGULANT-RELATED BLEEDING EVENTS**

Defendants contend that causing patients to have life-threatening major bleeds is a ***benefit*** due to the remote, untested, unproven, and completely speculative chance that some unknown patient who will suffer a major bleed due to Xarelto may have a cancer or other condition detected while being treated for the bleed. To support this thesis, they offer Dr. Boniol and Dr. Peacock, whose opinions as to early detection remain bald assertions lacking any scientific support.

Defendants counter that "Dr. Boniol and Dr. Peacock cite literature supporting these opinions."[1] This statement is false. Both witnesses cite only one allegedly supportive article, the limitations of which were addressed in Plaintiffs' opening memorandum. If there were more articles to support their speculative opinions about earlier detections, Defendants surely would have recited each one in their response. Indeed, if Defendants were aware of evidence to support such a competitive advantage for their drug, they surely would be promoting Xarelto for the early

---

[1] *See* Defendants' Brief, at 3.

1

detection of cancer and other conditions. They do not, because there is no support for such a specious contention.

One would think that Defendants would agree that Dr. Boniol and Dr. Peacock could not present an opinion that has no basis in science and is extremely prejudicial. Yet they defend the earlier detection opinions by these witnesses. In contravention of Federal Rule of Evidence 702 and *Daubert,* their opinions have no basis in science, technology or other scientific knowledge; they are not based on ***any*** facts or data; there are no reliable principles or methods to support them; they have not been tested or subjected to peer review; and they have not been submitted to any publications or controlled studies.[2] At best, they are subjective opinions used to curry favor and compassion from the jury.

Defendants explain that the earlier detection opinions of Dr. Boniol and Dr. Peacock are presented to support their risk-utility analysis within the context of an alternative design claim that they alone perceive.[3] That may be the case (although, in reality, Plaintiffs disagree), but the reason *why* Defendants want to introduce the opinions does not solve the issue of *whether* they may introduce them. Again, such evidence (apart from being unsupported by any scientific analysis) is not relevant and does not fit the facts of the cases, as none of the bellwether Plaintiffs had a cancer or other condition detected as a result of bleeding caused by Xarelto. Both *Daubert* and Federal Rule of Evidence 402 clearly state that only helpful (*i.e.,* relevant) evidence shall be admitted, and irrelevant evidence – such as the earlier detection opinions of Dr. Boniol and Dr. Peacock – is not

---

[2] *See Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378-79 (5th Cir. 2010) (The court affirmed the inadmissibility of "baldly" stated opinions by three experts, for which they previously had admitted "no scientific basis existed to confirm their conclusions," holding that experts "must employ[ ] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."), *quoting Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152 (1999).

[3] For an accurate rendition of Plaintiffs' design defect claim, Plaintiffs adopt by reference Plaintiffs' Response in Opposition to Defendants' Joint Motion for Summary Judgment as to Plaintiffs' Design-Defect Claims Under the Louisiana Product Liability Act [Record Doc. 5606].

admissible. Therefore, not only is such opinion testimony exactly the kind that *Daubert* excludes, but it is also irrelevant and should be precluded by Federal Rule of Evidence 402.

Nevertheless, in light of the number of pretrial rulings already being asked of the Court, and considering the mutual benefit to the parties in discovering how bellwether trial juries will respond to certain matters in dispute, Plaintiffs respectfully withdraw from the present motion the testimony touching upon early cancer detection by Dr. Peacock. Plaintiffs continue to request the preclusion of testimony by Dr. Boniol about the alleged benefits of early detection, for the reasons stated above and in Plaintiffs' opening memorandum.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: March 15, 2017 | */s/ Leonard A. Davis*<br>Leonard A. Davis, Esq. (Bar No. 14190)<br>**HERMAN, HERMAN & KATZ, LLC**<br>820 O'Keefe Avenue<br>New Orleans, LA 70113<br>Phone: (504) 581-4892<br>Fax: (504) 561-6024<br>Email: ldavis@hhklawfirm.com |
|  | Gerald E. Meunier (Bar No. 9471)<br>**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**<br>2800 Energy Centre, 1100 Poydras Street<br>New Orleans, LA 70163-2800<br>Phone: (504) 522-2304<br>Fax: (504) 528-9973<br>Email: gmeunier@gainsben.com |
|  | ***Plaintiffs' Liaison Counsel*** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 15, 2017, the foregoing memorandum of law was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Leonard A. Davis
**LEONARD A. DAVIS**