UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

_____

IN RE: XARELTO (RIVAROXABAN)         )        MDL No. 2592
PRODUCTS LIABILITY LITIGATION        )
                                     )        SECTION: L
                                     )        JUDGE FALLON
                                     )        MAG. JUDGE NORTH

_____

*This Document Relates to:*

*Howard v. Janssen Research & Development, LLC, et al. 2:16-cv-17770*

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DEEM PRIOR SERVICE VALID OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANTS BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG

Plaintiff submits this memorandum in support of its motion for an order from this Court, deeming prior service on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG as valid, or in the alternative to provide Plaintiff an additional thirty (30) days, or such other time frame this Court deems appropriate, within which to service process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG (hereinafter referred to as Bayer) through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A, and 10B.

**I. BACKGROUND**

On December 23, 2016, Plaintiff's Complaint was filed in Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL No. 2592, Case No. 2:16-cv-17770. The summonses were issued on December 28, 2016, wherein service on Bayer would be due approximately February 28, 2017. However, due to clerical error, the summons apparently remained unserved until approximately March 9, 2017, approximately ten (10) days after the service deadline.

Subsequently, on March 10, 2017, Defendant Bayer Healthcare Pharmaceuticals, Inc. notified Plaintiff's counsel by letter that, while they acknowledge receipt of the above-captioned complaint and summonses, Defendant deemed the attempted service as untimely and improper as they were beyond the 60-day limit provided in PTO No. 10.

## II. LAW AND ANALYSIS

Fed. R. Civ. R. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 90 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the Court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). Plaintiff has every intention of pursuing his claims against Defendants; it was due to clerical error that service was not perfected within the confines of PTO No. 10.

The court may decide that a permissive extension is appropriate, as permitted in its discretion, and order that service by made within a specified time. *See. United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (*citing Henderson v. United States,* 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L.Ed. 2nd 880 (1996)). Once more, if a plaintiff can establish good cause for failing to serve defendant, the court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relief may be warranted, "for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." Fed R. Civ. P.4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Rule 4(m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff, and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chi.,* 646 F.3d 1001, 1007 (7th Cir. 2011) (*citing Panaras v. Liquid Crbonic Indus. Corp.*, 94 F.md 338, 341 ((7th Cir. 1996) (additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service. "*Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual finding that are clearly erroneous." *Cardenas;* 6456 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

Here, the Plaintiff has every intention of pursing its claims and has demonstrated such to the Defendants, including Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG. The Plaintiff was not acting in bad faith. Plaintiff attempted service pursuant to PTO No. 10; further, Defendant Bayer Healthcare Pharmaceuticals, Inc. acknowledged and received service.

Lastly, because this MDL involves hundreds of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by Plaintiff, no actual prejudice had or will occur to Defendants by this court granting relief sought herein.

Plaintiff shows that as a matter of law and fact, he was not in "bad faith" in delaying service of his complaint and summonses; Defendant is fully aware of and served with hundreds of identical complaints and has acknowledged the receipt of Plaintiff's complaint and summonses in this matter. To dismiss Plaintiff's claims here would elevate form over substance and deprive Plaintiff of its day in court based on an error.

Plaintiff points out that declaring prior service on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG valid is appropriate under the circumstances to avoid any subsequent issue regarding the statute of limitation, because the original complaint was timely filed. However, if this Court is unwilling to declare prior service on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG as valid, Plaintiff respectfully requests an extension of time in amount of thirty (30) days from the date an order is entered, or such other time frame this Court deems appropriate, within which to provide streamlined service of process on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests an Order from this Court declaring prior service on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG, to be effective, or in the alternative, grant thirty (30) days from the date of the Order entered, or such other length of time which the Court deems appropriate, within which to provide streamlined service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG. No party herein will be prejudiced, nor will any MDL processes be adversely affected by granting the relief sought herein.

DATED this 21st day of March, 2017

/s/ Joel L. DiLorenzo
Joel L. DiLorenzo, Esq.
Alabama Bar # 7575-J64D
THE DILORENZO LAW FIRM, LLC
505 20th Street North, Suite # 1275
Birmingham, AL 35203
Tel: (205) 212-9988
Fax (205) 212-9989
joel@dilorenzo-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of March, 2017, the foregoing document was filed with the clerk via CM/ECF. Notice of this filing will be sent by operation of MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

By:        /s/ Joel L. DiLorenzo
             Joel L. DiLorenzo, Esq.
             Alabama Bar # 7575-J64D
             THE DILORENZO LAW FIRM, LLC
             505 20th Street North, Suite # 1275
             Birmingham, AL 35203
             Tel: (205) 212-9988
             Fax (205) 212-9989
             joel@dilorenzo-law.com