UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IN RE: XARELTO (RIVAROXABAN)     *     MDL 2592 "L"
PRODUCTS LIABILITY LITIGATION    *
                                 *
                                 *     March 15, 2017
                                 *
                                 *
THIS DOCUMENT RELATES TO         *     Judge Eldon E. Fallon
ALL CASES                        *
                                 *
                                 *     Mag. Judge Michael North
*************************************************************************

        REPORTER'S OFFICIAL TRANSCRIPT OF THE MOTIONS HEARING
           BEFORE THE HONORABLE ELDON E. FALLON,
                  UNITED STATES JUDGE.

        *************************************************************************


**APPEARANCES:**


FOR THE PLAINTIFFS:                 BARON & BUDD
                                    BY: SINDHU DANIEL, ESQ.
                                    3102 OAK LAWN AVE., STE. 1100
                                    DALLAS, TX  75219


FOR THE DEFENDANTS:                 DRINKER, BIDDLE & REATH
                                    BY: CHANDA MILLER, ESQ.
                                    ONE LOGAN SQUARE
                                    18TH AND CHERRY STREETS
                                    PHILADELPHIA, PA  19103



**REPORTED BY:**       Mary V. Thompson, RMR, FCRR
                       500 Poydras Street
                       Box B2-13
                       New Orleans, LA  70130
                       (504) 589-7783
                       mary_v_thompson@laed.uscourts.gov

24

25

**OFFICIAL TRANSCRIPT**

**P R O C E E D I N G S**

THE COURT:  Let's start on the deficiency motions.

As I've mentioned on several occasions, cases of this sort allow for some culling initially.  And in order to cull initially, that really deals with very preliminary issues.

We've been dealing now with the issues primarily of people who haven't answered the fact sheets to show that they were taking the drug, which to me is just the ticket to admission in this particular case.  They may have a case in another court, but not in this case if they haven't taken the drug.

And I haven't dismissed it immediately.  I've given them opportunities to answer, to produce the information, but after a period of time and continuances and requests that they do it, I have no alternative but to dismiss the case.

We'll deal with the motions at this point.

MS. DANIEL:  Morning, Your Honor.  Sindhu Daniel for the plaintiffs.

MS. MILLER:  Chanda Miller for the defendants.

MS. DANIEL:  Your Honor, we wanted to follow the joint agenda schedule, so the first matter set was the case -- the order to show cause regarding Abbie Napier who was provided an extension until April 10th to clear the plaintiff fact sheet deficiency.  Plaintiffs and defendants agree that this case has been resolved.

**OFFICIAL TRANSCRIPT**

1          THE COURT:  Okay.

2          MS. DANIEL:  The second matter, Your Honor, is

3    defendants' motion for an order to show cause regarding 41

4    plaintiffs who were provided an extension until February 10th.

11:00:20    5    These are cases that were held over from previous order to show

6    cause hearings.

7          We can start with the cases that have been cured.  The

8    following 14 cases have been cured.  And I'll --

9          MS. MILLER:  This is from Record Doc No. 5294,

11:00:42   10    Your Honor.

11          THE COURT:  Right.  And it starts with Ronald Baker?

12          MS. MILLER:  That's correct.

13          MS. DANIEL:  That's correct, Your Honor.  And the

14    following 14 cases have been cured.

11:00:50   15          We provided the full list to the court reporter already

16    so I'm just going to read the names into the record.

17          Ronald Baker.

18          Allen Brandon.

19          Joann Burley.

11:01:00   20          Michael Chesner.

21          Angela DiMichele.

22          Frank Fallon.

23          Donald Jolley.

24          David King.

11:01:08   25          Janelle Matran.

**OFFICIAL TRANSCRIPT**

 1          Marissa Mello.

 2          Paul Mitala.

 3          Dwight Phelps.

 4          Hattie Robinson.

11:01:17  5          Kyesha Rodgers.

 6          The following four plaintiffs will agree to a

 7 stipulation of dismissal with prejudice:

 8          Charles Hall.

 9          Gabriel Paloma, Jr.

11:01:29 10          Dionicio Rodriguez.

11          And Virginia Way.

12          The following two plaintiffs will agree to a special

13 stipulation, since the case involves a dual representation

14 situation; and this stipulation will allow one case to be

11:01:44 15 dismissed with prejudice but will allow the other case to proceed

16 without issue.  Those are:

17          Ronald Hedtcke.

18          And John Smith, which was previously dismissed last

19 night via Document 5741.  That actually might have been at

11:02:00 20 12:01 a.m. this morning.

21          For the following 11 cases, the firms have done

22 everything in their power to locate the client, gather medical

23 information, or locate an heir but have not had success despite

24 their best efforts.  Due to the particular circumstances in each

11:02:14 25 of these cases, the firm does not have express consent from the

**OFFICIAL TRANSCRIPT**

1   plaintiff to dismiss the case, so the firm asks for a dismissal

2   without prejudice while being fully aware of the Court's position

3   on these types of dismissal.

4          I'll read them into the record and then the defendant

5   can object.

6          Helen Cleghorn.

7          Cindy Haggerty.

8          William Hartman.

9          Philip Morison.

10          Glenda Phillips.

11          Violet Robertson.

12          Samuel Rose.

13          Jennifer Russell.

14          Edgardo Trinidad.

15          Terry Vest.

16          And Cathleen Williams.

17          MS. MILLER:  Thank you, Your Honor.  For each of those,

18   for the reasons I'll articulate, the defendants oppose the

19   plaintiffs' requests for dismissals without prejudice and would

20   ask that they be dismissed with prejudice.

21          My understanding is that there's not counsel for any of

22   those plaintiffs on the phone, but I can provide you with

23   particulars in each --

24          THE COURT:  Yeah.  Just tell me, this is not the first

25   time that these individuals came before the Court, is it?

**OFFICIAL TRANSCRIPT**

1      MS. MILLER:  That is correct, Your Honor.  For all of

2 these cases, this motion was filed in December of 2016.  It was

3 originally heard in January of 2017.  All of the plaintiffs were

4 given an extension of 30 days to February.  The February CMC was

5 canceled so they received a *de facto* additional 30-day extension.

6      So, you know, they've been on notice, at least for four

7 months on the motions, and in every case longer for the actual

8 deficiency and failure to submit the plaintiff fact sheet.

9      THE COURT:  Right.  And with regard to the attorneys in

10 this case, they've done everything possible.  They've satisfied

11 their professional responsibility.

12      As I mentioned before, when someone hires an attorney,

13 they do have the responsibility for keeping in touch with the

14 attorney.  If they move, it's understandable, but they should

15 tell their attorney that they've moved.  But notwithstanding

16 that, these attorneys have tried to find the people.  They've

17 tried to talk with them, they've tried to discuss the issues with

18 them to secure all the information, and they have done their very

19 best to do it.  Notwithstanding that, they haven't been able to

20 get the cooperation required by the client.

21      And the Court, after giving a number of extensions --

22 extended the time for the plaintiffs to give an opportunity to

23 them, but at this time I have no alternative but to dismiss it

24 with prejudice.

25      I'll overrule the -- deny the plaintiffs' motion to

11:03:31

11:03:46

11:04:04

11:04:23

11:04:40

**OFFICIAL TRANSCRIPT**

1  dismiss without prejudice, grant the defendants' motion to

2  dismiss with prejudice.

3  　　　　　MS. DANIEL:  Thank you, Your Honor.

4  　　　　　Again, after numerous attempts to resolve the case, to

*11:04:53*　5  either locate the client, locate an appropriate heir, or medical

6  records, and despite their best efforts, counsel for these three

7  cases will not oppose dismissal with prejudice:

8  　　　　　Walter Huelster.

9  　　　　　Thomas Neis.

*11:05:04*　10  　　　　　And Julie Stevens.

11  　　　　　THE COURT:  Are we still on 5294?

12  　　　　　MS. DANIEL:  Yes, Your Honor.

13  　　　　　THE COURT:  Record document.  Okay.

14  　　　　　MS. MILLER:  Yes, Your Honor.

*11:05:13*　15  　　　　　As the plaintiffs have all agreed to dismissal with

16  prejudice, defendants obviously agree.

17  　　　　　THE COURT:  Granted.

18  　　　　　MS. DANIEL:  For Bernardo Maldonado, the firm filed a

19  motion to withdraw, but the plaintiff's new counsel has not yet

*11:05:27*　20  entered an appearance in this case, Your Honor.  We would ask for

21  an additional 30 days to confirm that new counsel enters their

22  appearance.

23  　　　　　THE COURT:  I'll grant that.

24  　　　　　MS. MILLER:  Your Honor, I would just like to point out

*11:05:35*　25  that for this case the plaintiff fact sheet is 15 months overdue,

**OFFICIAL TRANSCRIPT**

1  and at the January conference they asked for a 30-day extension

2  for new counsel to enter their appearance.  It's now been

3  60 days.

4          THE COURT:  Yeah.  Let's flag this one.  If it doesn't

*11:05:49*  5  work the next time, I'm going to dismiss this one.  We've given

6  this person extensive time.

7          MS. MILLER:  Okay.

8          THE COURT:  He doesn't have a lawyer now and I'll give

9  him an opportunity to get a lawyer.  If not, if he either doesn't

*11:06:03*  10  have a lawyer or the other lawyer comes in and can't get it,

11  we're going to have to dismiss the case with prejudice.

12          MS. DANIEL:  Thank you, Your Honor.

13          On Fidel Zabala Estrada, we've heard from this *pro se*

14  plaintiff who had some questions, and we would like the

*11:06:20*  15  opportunity to explain this process to the *pro se* plaintiff and

16  revisit the case again at the April conference, and the defendant

17  has already agreed to this extension as well.

18          THE COURT:  Okay.

19          MS. MILLER:  Your Honor, I would just note that while

*11:06:32*  20  defendants have agreed to an extension, Ms. Daniel referenced the

21  April conference which has not been set.  We understand that

22  there are a large number of plaintiffs who will be asking for

23  extensions until April.  We would ask for a date certain in April

24  for those extensions to be heard if they are granted.  It doesn't

*11:06:48*  25  have to be decided today, but we would want it to be on the

**OFFICIAL TRANSCRIPT**

1    papers.

2              THE COURT:  Okay.

3              MS. DANIEL:  Your Honor, we don't think a date certain

4    is necessary right now.  Like we have done in the past, just

5    whenever the next conference is.  We've stated 30 days just for

6    purposes of trying to move it to the next hearing.  But whatever

7    Your Honor decides to do, we certainly want to keep this process

8    moving along.

9              THE COURT:  Do we have a date, Dean, in April?

10             THE CASE MANAGER:  It's the one suspended because of

11   the trial, so --

12             THE COURT:  All right.  Let me see what I can do on

13   this one.  If I can give you a date, I'll do it.  If not, then

14   we'll have to do it another way.

15             MS. DANIEL:  Thank you, Your Honor.

16             Counsel would like to address the Court on the

17   following three cases and they are all with the same firm.

18             Is the Diez-Arguelles & Tejedor firm on the line?

19             (No response.)

20             THE COURT:  Hello.

21             (No response.)

22             MS. DANIEL:  I know they have e-mailed me even this

23   morning, Your Honor.  Perhaps they called in on the wrong line.

24             THE COURT:  Well, that's the Maldonado case?

25             MS. DANIEL:  That's Martinez-Hernandez, Aurea Morale,

11:06:58
11:07:14
11:07:30
11:07:44
11:07:59

**OFFICIAL TRANSCRIPT**

1  and Jose Zouain.

2         MS. MILLER:  Your Honor, in each of those cases the

3  plaintiff fact sheets are 15 months overdue in all three of

4  those.  We had expected counsel to appear at the last conference;

5  did not hear from them.  We have not heard from them in the

6  60 days since the last conference.

7         MS. DANIEL:  Your Honor, they did specifically e-mail

8  this morning.  Last night they called the court to get the

9  call-in number.

10         THE COURT:  Is anybody on the phone for the Diez law

11  firm?

12         (No response.)

13         OPERATOR:  Please press star, zero if you are on the

14  phone for that law firm.  Star, zero.

15         THE COURT:  What's the answer?  The Court hasn't

16  received -- the parties haven't received this information in

17  14 months.  I've continued these cases a number of times to get

18  the information; but notwithstanding that, the information is not

19  forthcoming.  What's the answer?

20         (No response.)

21         THE COURT:  Hello.

22         MS. TEJEDOR:  Hi.  I'm from the Diez-Arguelles &

23  Tejedor law firm.  I'm Maria Tejedor.  I've been listening to

24  everything but you guys apparently can't hear me.

25         MS. DANIEL:  We can hear you now.

11:08:19
11:08:31
11:08:45
11:09:04
11:09:19

**OFFICIAL TRANSCRIPT**

1        THE COURT:  No, I can hear you now.

2        MS. TEJEDOR:  Okay.  Thank you.  Thank you, Your Honor.

3        Yeah, briefly, our position on this -- on all of the

4  cases except for Bernardo Maldonado is that --

11:09:30  5        THE COURT:  Wait, wait, wait.  Could you slow it down a

6  little bit because we're taking this -- we're transcribing what

7  you're saying.

8        MS. TEJEDOR:  Sure, Your Honor.

9        THE COURT:  Good.  What's your name?

11:09:41  10        MS. TEJEDOR:  Maria.

11        THE COURT:  What is it?  What's your first name?

12        MS. TEJEDOR:  Maria.  And the last name is

13  T-e-j-e-d-o-r.

14        THE COURT:  Okay.

11:10:00  15        MS. TEJEDOR:  Your Honor, our position on all these

16  cases, except for the Maldonado case, is that, you know, we had

17  filed motions to withdraw as counsel of record.  We've notified

18  the clients both in writing, in letters.  I have received no

19  objections to that.

11:10:17  20        I think my position would just be that if there is a --

21  if there's a motion to dismiss or something like that, that it be

22  filed directly on the client, you know, in the event they want

23  alternative counsel or something.

24        But, you know, I have requested to withdraw and we've

11:10:34  25  let the clients know for some time already.  And we filed a

**OFFICIAL TRANSCRIPT**

1    motion with the Court and noticed the client as well I think back

2    in 2016, actually, Your Honor, back in March.

3              On the Maldonado case, it's a little different,

4    Your Honor.  Apparently we initially represented the client, and

11:10:52    5    then the client decided to find alternative counsel.  He didn't

6    notify us, but apparently he's filed a complaint with a different

7    law firm in the Eastern District and is currently represented by

8    a different law firm in the Eastern District.  And I think that

9    they are now involved and have filed plaintiff profile forms.

11:11:14    10              But we also filed a motion to withdraw as counsel on

11    that case, Your Honor, and we filed -- and I think we're going to

12    file a notice of lien and costs in the other case.

13              But I think any motions to dismiss probably would need

14    to be served on the new law firm.

11:11:31    15              THE COURT:  What's the defendants' position?

16              MS. MILLER:  For the Bernardo Maldonado case, we don't

17    have any record of a second filed case.  I think we'd already

18    agreed to pass that one to the next time.

19              THE COURT:  All right.

11:11:44    20              MS. MILLER:  For the other three, the complaints were

21    actually filed in September of 2015 so I don't believe motions to

22    withdraw would have been pending as of that point.

23              It sounds like counsel has done everything they can

24    over the last 15 months since the overdue notices on the PFSs

11:12:01    25    were due, and the plaintiff hasn't -- and the plaintiffs in those

**OFFICIAL TRANSCRIPT**

1   three cases, the Tatiana Martinez-Hernandez, Aurea Morale, and

2   Jose Zouain cases, have not demonstrated any evidence of wanting

3   to move forward with their cases, and we think they should be

4   dismissed with prejudice.

5   11:12:18   THE COURT:  Okay.

6   MS. TEJEDOR:  Your Honor, I don't necessarily object to

7   that.  I just think procedurally -- I just think procedurally I

8   think the most appropriate thing to do would be to notice them of

9   the motion to dismiss, I think, you know, and then just give them

10  11:12:33  20 days.  And it's unlikely I think any of them are going to

11  respond, but I think procedurally that's the right way to go

12  about it.  But obviously I would defer to the Court on that.

13  THE COURT:  I'll pass the Maldonado case, then.

14  With regard to the other ones, I recognize that you

15  11:12:50  have been doing a great job representing them.  You have done

16  everything you can to contact them.  You've gone above and beyond

17  your ethical responsibilities.  You've represented them

18  appropriately, and even today you're trying to help them out, but

19  notwithstanding that, they haven't cooperated so I'm going to

20  11:13:14  dismiss their cases with prejudice.

21  MS. TEJEDOR:  Yes, Your Honor.

22  THE COURT:  Thank you very much for being with us.

23  MS. TEJEDOR:  Thank you, Your Honor.

24  Just on the Maldonado case, I think -- I think

25  11:13:24  Mr. Carr -- Daniel Carr I think -- my understanding is he's

**OFFICIAL TRANSCRIPT**

1   representing those clients in a different case, but I think that

2   may be -- it just may be a -- I think it's a whole different case

3   number.

4          So I think in regard to this case number, I don't think

11:13:37   5   I would object to dismissal because there's no other lawyer in

6   this case so I don't have a problem with that.  And I guess if

7   there is another case, I'm sure defense counsel will deal with

8   them.

9          MS. DANIEL:  Thank you.

11:13:49   10          MS. MILLER:  I'm sorry, just to clarify.  So for the

11   Maldonado Case, No. 15-5194, you're not objecting to a dismissal

12   with prejudice at this time?

13          MS. TEJEDOR:  My understanding is that there's no other

14   lawyer on that file; is that correct?  No other lawyer has made

11:14:06   15   an appearance?

16          MS. DANIEL:  Not yet.

17          MS. TEJEDOR:  Okay.  Then I don't.  I mean, I don't

18   have any objection to that.  I've done everything I can.

19          THE COURT:  Okay.

11:14:15   20          MS. DANIEL:  We would like to clarify whether Daniel

21   Carr's firm is going to be taking this case over, because we

22   certainly would need a different stipulation at this point.

23          THE COURT:  Okay.  I will pass it, then.  We'll give

24   you-all an opportunity to deal with it.

11:14:26   25          Thank you very much for being with us.

**OFFICIAL TRANSCRIPT**

1     MS. TEJEDOR:  Thank you, Your Honor.  I appreciate you

2  letting me appear.  Thank you.  Bye-bye.

3     THE COURT:  Bye.

4     MS. DANIEL:  Thank you, Your Honor.

*11:14:33*
5     The following are *pro se* plaintiffs, and we're going to

6  check if they're on the line.

7     Teresa Betancourt.

8     Arsenio Farinas.

9     Are you on the line?

*11:14:43*
10    (No response.)

11    MS. DANIEL:  Your Honor, both of these plaintiffs have

12  received the mailings from the defendants.

13    MS. MILLER:  In both of these cases, Your Honor, the

14  plaintiff fact sheets were due in January 2016.  At this point

*11:14:59*
15  they are both 14 months overdue.  The *pro se* plaintiffs have

16  received multiple notices of the deficiency and of these motions

17  which were originally heard in January, passed to February, and

18  then now passed to March.

19    THE COURT:  Anyone on the phone for Betancourt or --

*11:15:18*
20  was it Farinas?

21    MS. DANIEL:  Yes.

22    (No response.)

23    THE COURT:  Nobody is on the phone, apparently, so I'll

24  dismiss those with prejudice.

*11:15:29*
25    MS. DANIEL:  Thank you, Your Honor.

**OFFICIAL TRANSCRIPT**

1       Before we jump into the next three order-to-show-cause

2   lists, we wanted to provide the Court with some information about

3   these lists.

4       The entire number of the plaintiffs on the three

5   original order-to-show-cause lists was 789 cases.  That number

6   broke down into two alleged core-deficiency lists of 524 and

7   132 cases, and one list of 133 plaintiffs who allegedly failed to

8   serve a fact sheet.

9       After following the order-to-show-cause protocol for

10  PTO 31, that number was reduced to 682.  After working

11  extensively on these lists, we were able to file joint amended

12  lists to the Court, which were filed last night, and as of right

13  now, we went from 789 to 348 cases, Your Honor, which is a

14  reduction of over 50 percent of the cases.

15      The reason for this large list is due to the fact that

16  there was a surge due to bundled complaints being filed in May.

17  And this is also the first time that the Court is having an

18  order-to-show-cause hearing on cases that are allegedly core

19  deficient for a multitude of reasons and not just for questions

20  of use, which we have dealt with previously.

21      Core criteria, as Your Honor is aware, is not just use

22  and injury, it also includes deficiencies such as failure to

23  provide a response containing a city and state; failure to

24  provide a new declaration for amended fact sheet, which is

25  different than another declaration; failure to provide month and

11:15:37
11:15:56
11:16:18
11:16:35
11:16:52

**OFFICIAL TRANSCRIPT**

1  year for each beginning and end date of use identified -- and I

2  could go on and on, but I'm quite sure you don't want me to, but

3  I think you get the understanding.

4          It is plaintiffs' position that while some of these

5  cases may, in fact, be deficient due to awaiting medical records,

6  they certainly do not rise to the level of an order-to-show-cause

7  hearing where the case could possibly be dismissed with

8  prejudice.  Unlike a failure to submit a fact sheet, the cases on

9  the alleged core-deficiency list all have fact sheets served and

10  counsel is trying to resolve any outstanding issues in all of

11  these cases.

12          MS. MILLER:  Just for the defendants' position,

13  Your Honor, for the three that are remaining, one is a failure to

14  serve a plaintiff fact sheet; and the other two, they are core

15  deficiencies.  But all the plaintiffs subject to the motions

16  today have core deficiencies such as failure to provide proof of

17  use, failure to provide proof of injury, failure to provide a

18  declaration by the plaintiff, or failure to provide proof that

19  the plaintiff is a representative that has been authorized by the

20  Court to proceed on the Xarelto user's behalf.

21          There are other deficiencies in some of them, but they

22  also have one of those four main core deficiencies that

23  Your Honor has previously addressed.

24          THE COURT:  Are these the first ones -- the first time

25  that we're contacting these individuals?  You said something

11:17:06
11:17:24
11:17:39
11:18:00
11:18:12

**OFFICIAL TRANSCRIPT**

1    about, it was the first.

2           MS. DANIEL:  This is the first time we're having a

3    hearing on core deficiency for a multitude of reasons.  We've

4    only had one time previous, in March 2016, where it was for use.

5    Other than that, it has always been about failure to provide a

6    fact sheet.

7           THE COURT:  Okay.  Go ahead.

8           MS. DANIEL:  In keeping with the joint agenda, the next

9    list is the defendants' motion for an order to show cause for

10   plaintiffs who have failed to submit a fact sheet.  And this list

11   was originally 133 plaintiffs, and it is currently now an amended

12   list of 35 cases.

13          And the following three cases were actually served.

14   They are:

15          Terrance Wayne Goss.

16          Johnnie Hamilton.

17          Victor Raymond Neisser.

18          In the following three cases, the firms have done

19   everything in their power to complete the fact sheet and locate

20   the client but have not had success despite their best efforts

21   and --

22          MS. MILLER:  I'm sorry, the defendants had a comment on

23   the others.  We agree that Terrance Goss and Victor Neisser have

24   served a plaintiff fact sheet and can proceed.

25          For Johnnie Hamilton, according to information we just

11:18:27

11:18:37

11:18:52

11:19:03

11:19:19

**OFFICIAL TRANSCRIPT**

1    received from plaintiffs' counsel, they are still waiting for
2    information from the representative of the estate which was just
3    appointed last month.  For the Johnnie Hamilton case, we don't
4    think it is sufficient to proceed, but in light of the
5    circumstances, we would agree to have it heard at the next
6    conference if there is a conference in April.
7            THE COURT:  Okay.
8            MS. DANIEL:  Your Honor, obviously that brings up a
9    concern about what is a core deficiency or what is a deficiency,
10   because part of it is use and injury.  And certainly not --
11   something that plaintiffs had to show is that they had to provide
12   some type of letters of administration or something like that in
13   these cases.  You know, that's certainly something that
14   plaintiffs' attorneys are obligated to do and it's their
15   obligation.  We didn't think it was the defendants' obligation to
16   do that in an order-to-show-cause hearing.  But I think we're
17   willing to pass it and we can discuss it --
18           THE COURT:  Let's pass it and see if we can work that
19   out.  If not, then I'll have to deal with it.  But we'll pass
20   those.
21           MS. DANIEL:  Okay.  For the following three cases, the
22   firms have done everything in their power to complete the fact
23   sheet and locate the client, but have not had success despite
24   their best efforts.  Therefore, plaintiffs' counsel has no basis
25   to oppose the dismissal.  They are:

11:19:41
11:19:50
11:20:08
11:20:22
11:20:35

**OFFICIAL TRANSCRIPT**

 1          Henry Schlesinger.

 2          Manning Tillery.

 3          James Winfree.

 4          For the following three cases --

11:20:47
 5          MS. MILLER:  I'm sorry, you're asking for dismissals

 6  with prejudice?

 7          MS. DANIEL:  Yes.

 8          MS. MILLER:  Okay.

 9          THE COURT:  I'll dismiss those with prejudice.

11:20:53
10          MS. DANIEL:  For the following three cases, the firms

11  have done everything in their power to complete the fact sheet

12  and locate the client or an appropriate heir but have not had

13  success, despite their best efforts.  As evidenced by their filed

14  responses to the orders to show cause, due to the particular

11:21:08
15  circumstances, in each case the firm did not have express consent

16  from the plaintiff to dismiss, so the firm asked for a

17  stipulation -- for a dismissal without prejudice.

18          And they are fully -- all these firms are fully aware

19  of the Court's position on these types of dismissals.  I will

11:21:23
20  read them into the record and then the defendant can object.

21          Jarrod Armbruster.

22          John Cox.

23          Judy Weiler.

24          MS. MILLER:  With respect to the Jarrod Armbruster

11:21:34
25  case, No. 16-14297, we understand that the plaintiff has passed

**OFFICIAL TRANSCRIPT**

1  away and that counsel has not been able to find a representative

2  to come forward to pursue the case.  They wanted an additional

3  30 days.  Defendants would not object, but object to a dismissal

4  without prejudice.

11:21:51  5      THE COURT:  Let's pass that one, then, for 30 days.

6      MS. DANIEL:  Thank you, Your Honor.

7      The following --

8      THE COURT:  With the others, we'll dismiss with

9  prejudice.

11:22:04  10      MS. MILLER:  For the John Cox and Judy Weiler, okay.

11      MS. DANIEL:  For the following 20 cases, Your Honor, we

12  would ask for 30 days in order to either locate client, gather

13  additional information, and/or gather medical records.

14      Again, I'll read these into the record and then the

11:22:19  15  defendant can object.

16      Sonja Ashby.

17      Mildred Bryant.

18      Lucretia Dudley.

19      Jimmy Duran.

11:22:27  20      Phyllis Nadine Eades.

21      Venecia Ellis.

22      Betty Gray.

23      Timothy Humber.

24      Devara Jackson.

11:22:36  25      Alice Kohan.

**OFFICIAL TRANSCRIPT**

1           Robert Kolar.

2           Elsie Legg.

3           Sylvia Leibowitz.

4           Henry Levin.

11:22:45    5           Charles Oelze.

6           Joseph Rotolo.

7           Charles Rowe.

8           Joseph Scioli.

9           Louis Sweetman.

11:22:55   10           Lewis Rogers Todd.

11           MS. MILLER:  Your Honor, in the last six hours

12   defendants have received 66 requests for extensions for 30 days

13   and 28 requests for extension of 60 days.  In none of those

14   instances did plaintiffs provide any basis regarding their

11:23:11   15   extension requests.  In each of those cases, the plaintiffs have

16   been on notice of the deficiencies for months.

17           For the particular motions at issue in Rec Doc

18   No. 5285, this motion was filed in January of 2017; originally

19   set for hearing in February of 2017, and due to the cancellation

11:23:31   20   of the February hearing, all of these plaintiffs have already

21   received a *de facto* 30-day extension.

22           In all of the instances the plaintiff fact sheet has

23   not been submitted whatsoever, and they are all months overdue,

24   as well as having had several months' notice that these motions

11:23:48   25   were coming.  We would oppose the extension requests in all of

**OFFICIAL TRANSCRIPT**

1    them.

2    THE COURT:  What do you hope to do in the 30 days or

3    whatever it is?

4    MS. DANIEL:  Your Honor, numerous -- I mean, every

5    single person has a special story, Your Honor.  It's the medical

6    records are outstanding, they're trying to gather additional

7    information, they're trying to locate heirs.

8    THE COURT:  Have they given anything at all to the

9    facts?  Any fact sheets?  Any information at all?

10   MS. MILLER:  No, Your Honor, not in the cases that were

11   just listed.

12   MS. DANIEL:  They haven't, Your Honor, but that's --

13   because I reached out to every single one of these plaintiffs,

14   and they've all spoken to me.  So this is about trying to further

15   the process.  We don't think there is any prejudicial effect with

16   the defendant.  There's no defense fact sheet obligation here or

17   any other type of -- any bellwether process that's going on.

18   THE COURT:  I'll do this for the -- this 30 days.  If

19   we don't get it next time, these people will be dismissed.

20   They've got to understand that.

21   MS. MILLER:  Then, Your Honor, again I would just renew

22   the request that we set them a date and hearing to hear these

23   motions.

24   THE COURT:  Yes.  I'll set it for 30 days hence.

25   MS. MILLER:  Okay.  Thank you.

**OFFICIAL TRANSCRIPT**

1          MS. DANIEL:  Your Honor, for the following three

2     plaintiffs we're asking for an additional 60 days to gather

3     appropriate medical records.  They all have providers who are

4     just difficult to get records from.

5          And I will read those into the record and then the

6     defendant can object.

7          Katina Butler.

8          Ruth Elaine Dial.

9          Barbara Carol Jenkins.

10          MS. MILLER:  For each of those, defendants do object to

11     the 60-day request.  We have no information for the basis for the

12     extension requests, no notice beyond a few hours for the

13     extension requests.  And in each of those instances, the

14     plaintiff fact sheets were due in the fall of 2016.  The

15     complaints were filed in the summer of 2016, and they've had, at

16     this point, you know, five to seven months to get records.  It

17     doesn't take quite that long.

18          THE COURT:  My concern is that they're not filling out

19     any of the fact sheets.  That's the problem.  If they'd fill out

20     some portion of it, it will get them passed.  But just to not

21     fill out anything because they want to wait until they get

22     everything --

23          MS. DANIEL:  Right.  We'll relay that to counsel,

24     Your Honor.  I think they were trying to fill out everything

25     appropriately as opposed to --

11:25:04
11:25:15
11:25:31
11:25:49
11:26:04

**OFFICIAL TRANSCRIPT**

1          THE COURT:  I'll pass it for 30 days, not 60 days.  But
2     they have to fill in something -- something -- not just say,
3     Well, I'm going to wait until I get everything and then fill it
4     in.  The cases will be over by that time.

11:26:18
5          MS. DANIEL:  Thank you, Your Honor.
6          Your Honor, for -- there are two clients, Ardis Hall-
7     Peterson and William Lower.  They were dismissals that were filed
8     in Pennsylvania, I guess incorrectly because the firm has a lot
9     of cases filed in Pennsylvania, and they were not appropriately

11:26:38
10    filed in EDLA.  So we would ask that we get 30 days to remedy
11    that filing of dismissals for those two cases.
12         THE COURT:  Who are they?
13         MS. DANIEL:  Artis Hall-Peterson and William Lower.
14         THE COURT:  Defendants have any position on that?

11:27:01
15         MS. MILLER:  We'll give them 30 days to cure the
16    dismissal or serve the fact sheet.
17         THE COURT:  Okay.
18         MS. DANIEL:  Your Honor, for Kelly Kling, is anyone
19    from Williamson, Fontenot, Campbell & Whittington on the call?

11:27:15
20         (No response.)
21         THE COURT:  Hello.
22         (No response.)
23         THE COURT:  What is the situation there?
24         MS. MILLER:  This was a complaint that was filed in

11:27:27
25    August of 2016.  The plaintiff fact sheet was due in November,

**OFFICIAL TRANSCRIPT**

1    the notice was sent in December, and this motion again was filed

2    in January, set for February, and then given an additional

3    30 days.  The plaintiff fact sheet is now three months overdue.

4    We've heard nothing whatsoever from the plaintiff's counsel or

5    the plaintiff.

6              THE COURT:  Anything from that firm?  Anybody on the

7    phone?

8              (No response.)

9              THE COURT:  Okay.  Then we'll dismiss the case with

10   prejudice.

11             MS. DANIEL:  Thank you, Your Honor.

12             The next case on the joint -- the next list on the

13   joint agenda is Document 5085, and it encompasses the first order

14   to show cause list for alleged core-criteria deficiencies for a

15   multitude of issues.  This first list, which was originally

16   524 cases, is now 217.

17             So the following six cases, according to plaintiffs'

18   counsel, are cured.  They are:

19             Linda Butler.

20             Sandra Dunn.

21             Walter Hedrick.

22             James Ray.

23             Don Trosper.

24             Beatrice Wilburn.

25             MS. MILLER:  We agree that Linda Butler is cured.

**OFFICIAL TRANSCRIPT**

1          Defendants do not agree that Sandra Dunn is cured.  The
2    deficiency is now 14 months overdue.  We do understand, though,
3    that new information was just uploaded, perhaps this morning.  In
4    that instance, we would agree to pass that for 30 days on
5    Sandra Dunn.
6          THE COURT:  How about the others?
7          MS. MILLER:  For Mr. Hedrick, we understand that -- we
8    don't have any information that that has been cured.  If
9    plaintiffs uploaded information this morning, we would need
10   30 days to evaluate it.  But as of last night we had no
11   information that that one had been cured.
12         Is counsel on the phone?
13         MR. MUNOZ:  Your Honor, good morning.
14         THE COURT:  Go ahead.
15         MR. MUNOZ:  This is Jose Luis Munoz for the plaintiff.
16         MS. DANIEL:  Which plaintiff?
17         MR. MUNOZ:  Hedrick, Walter Hedrick.
18         THE COURT:  Walter Hedrick, okay.
19         MR. MUNOZ:  Your Honor, we have submitted proof of
20   Xarelto use and bleed to MDL centrality.  Specifically, Page 0008
21   in the Summa Barberton Hospital records identified Mr. Hedrick's
22   Xarelto use and bleed.
23         And in addition, Your Honor had issued an order on
24   September 29th of 2016 where you specifically said this case
25   should is not be dismissed and should be permitted to proceed

**OFFICIAL TRANSCRIPT**

1    accordingly.

2            MS. DANIEL:  Your Honor, this has happened in all of

3    these.  I looked James Ray up, which is the next case on this

4    list, myself last night at 2:00 in the morning.  On Page 2

5    Xarelto was listed.  The deficiency stated there is no Xarelto

6    use.  So I think, Your Honor, we need to -- I think it's -- the

7    defendants could go back and check all of these and confirm that

8    they really are deficiencies.

9            MS. MILLER:  Well, for Walter Hedrick we'll go back and

10   check that.

11           For James Ray, which is the next one that was being

12   referred to by plaintiffs' counsel, the issue there is not lack

13   of use but the fact that we're still waiting for a declaration

14   signed by the Xarelto user as your -- or a representative for the

15   Xarelto user.

16           As Your Honor has previously indicated, the plaintiff

17   fact sheet serves in lieu of interrogatories.  That is why the

18   plaintiffs are required to sign a declaration verifying the

19   accuracy of the information in the plaintiff fact sheets.  And

20   for James Ray, that remains a deficiency.

21           MS. DANIEL:  I think it's an amended fact sheet --

22   amended declaration.  So they've already uploaded one

23   declaration, it's a matter of an amended one when they amend the

24   fact sheet.  So I think, you know, certainly not something --

25           MR. ARBON:  Your Honor --

**OFFICIAL TRANSCRIPT**

1              THE COURT:  Yes.

2              MR. ARBON:  I'm sorry to interrupt.  This is Tom Arbon.

3    I'm with Ben Martin's office.  I'm one of the attorneys

4    representing Mr. Ray.

11:31:43    5              THE COURT:  Okay.

6              MR. ARBON:  We filed a signature -- a signed

7    declaration paper this morning.  We received it from our client

8    by FedEx last night.

9              THE COURT:  Okay.

11:31:53   10              MS. MILLER:  We would pass that for 30 days so the

11   defendants have the opportunity to review it.

12              THE COURT:  Okay.  We'll pass that one, then, and see

13   what it is at this time.  We'll pass that for 30 days.  I won't

14   dismiss the case.

11:32:07   15              MR. ARBON:  Thank you, Your Honor.

16              THE COURT:  You bet.

17              MS. MILLER:  The next one is Don Trosper, 16-4681.

18   That deficiency has been cured and the case can proceed

19   accordingly.

11:32:16   20              The next one that Ms. Daniel identified was Beatrice

21   Wilburn.  New information was just uploaded to MDL centrality

22   regarding proof of injury, proof of use, and I think information

23   regarding the representative's ability to proceed, so defendants

24   need 30 days to evaluate the newly received information.

11:32:41   25              THE COURT:  All right.  Granted.

**OFFICIAL TRANSCRIPT**

|   |   |
|---|---|
| 1 | MS. DANIEL: Thank you, Your Honor. |
| 2 | There are an additional 13 cases that we believe are |
| 3 | cured, Your Honor, and if the defendant does not agree, we would |
| 4 | ask for 30 days to try and figure out how to cure these properly. |
| 5 | I'll read them into the record and then the defendant |
| 6 | can object. |
| 7 | MS. MILLER: Can you do them one by one? |
| 8 | MS. DANIEL: Sure. |
| 9 | David Banks. |
| 10 | MS. MILLER: In that instance we still do not have -- |
| 11 | defendants do not have a signed declaration. We don't |
| 12 | understand -- the information doesn't provide the reason for the |
| 13 | prescription. But primarily it's the signed declaration that |
| 14 | remains deficient. |
| 15 | MS. DANIEL: I'm not certain what a reason for |
| 16 | prescription is, but -- |
| 17 | THE COURT: Well, we'll give you another 30 days to do |
| 18 | that. |
| 19 | MS. DANIEL: Laura Banks. |
| 20 | MS. MILLER: Again, we don't have proof of injury. The |
| 21 | medical records demonstrate an injury that doesn't match up with |
| 22 | the injury that's alleged in the plaintiff fact sheet and doesn't |
| 23 | appear to be related to anything regarding Xarelto use so |
| 24 | defendants do allege insufficient proof of injury. |
| 25 | MS. DANIEL: Your Honor, this happens all the time. |

11:32:58
11:33:06
11:33:25
11:33:35
11:33:53

**OFFICIAL TRANSCRIPT**

1   They fill out the fact sheet.  It will say some type of bleed and

2   in the medical records there's a different corresponding injury.

3   That may be something that the plaintiff filled out.  Plaintiff

4   will say "bleeding" and it says "cerebral hemorrhage" or

5   something that like that.  So I think it's -- you know, that's

6   why we would like additional time to figure out how to remedy

7   these cases.

8          MS. MILLER:  If that truly is a deficiency, then it

9   would be a simple fix.  I mean, this has been on deficiency

10  status for nine months now.

11         THE COURT:  We're getting to the point with this one

12  where, you know, they're going to have to do something.  Let's

13  cut through it.  And I'll give you the 30 days on all of those,

14  but after 30 days, we're going to be dismissing the cases.  Tell

15  the people that this is the last 30 days.

16         MS. DANIEL:  Thank you, Your Honor.  I'm going to read

17  the full list, then, Your Honor.

18         So the Court has granted 30 days -- the last 30 days on

19  the following 13 cases:

20         David Banks.

21         Laura Banks.

22         Mary Brannen.

23         Robert Dewitt.

24         Gerald Gelerter.

25         Charles Grant.

**OFFICIAL TRANSCRIPT**

1         Glen Gray.

2         Lillian Pantone.

3         Maurice Ramirez.

4         Florencia Ramos.

5         Steven Stegman.

6         Curtis Sutton.

7         Jewel Tristano.

8         The additional 59 cases are also cured.  They are all

9    cases by the Driscoll firm.  They also filed a response to the

10   order to show cause which broke down pages and everything else.

11   I could read -- I will read the 59 into the record, and then if

12   the firm is on the phone, they can respond.

13        MS. MILLER:  I would just say for these 59, Your Honor,

14   this was a voluminous allegation of cure.  The defendants took a

15   look at those, and we think that defendants and this firm would

16   benefit from 30 days to meet and confer to further address what

17   actually remains as a deficiency and what needs to be addressed

18   with Your Honor.

19        THE COURT:  All right, I'll do that.  We'll pass that

20   for 30 days and you can meet and confer.

21        MS. DANIEL:  Your Honor, then I'll read them into the

22   record.  They are:

23        Chenette Anderson.

24        Stephen Balcerzak.

25        Joyce Barnes.

**OFFICIAL TRANSCRIPT**

|    |    |                          |
|----|----|--------------------------|
|    | 1  | Cecilia Barragan.        |
|    | 2  | Gary Bitetto.            |
|    | 3  | John Blaine.             |
|    | 4  | Georgia Bowling.         |
| 11:36:22 | 5 | Linda Broadwell.    |
|    | 6  | Gwendolyn Chuculate.     |
|    | 7  | Michael Curtis.          |
|    | 8  | Perry Cutshall.          |
|    | 9  | Fred Daniels.            |
| 11:36:31 | 10 | William Fowlkes.   |
|    | 11 | Bobby Gaddis.            |
|    | 12 | Elba Garcia.             |
|    | 13 | Mattie Glenn.            |
|    | 14 | Herbert Gomez.           |
| 11:36:39 | 15 | Ruben Gonzalez.    |
|    | 16 | David Herrington.        |
|    | 17 | Felicia Hogg.            |
|    | 18 | Barbara Kegel.           |
|    | 19 | Jewel Kelly.             |
| 11:36:48 | 20 | Janet Knaflich.    |
|    | 21 | Kent Kriedeman.          |
|    | 22 | Tommy Ladd.              |
|    | 23 | Dorothy Lamar.           |
|    | 24 | Richard Lambert.         |
| 11:36:54 | 25 | Darrell Lavette.   |

**OFFICIAL TRANSCRIPT**

|   |   |
|---|---|
| 1 | Angelise Lee. |
| 2 | Shelton Lewis. |
| 3 | Angela Malachino. |
| 4 | Irene Manfre. |
| 11:37:04  5 | John McAndrew. |
| 6 | Kathryn McKnight. |
| 7 | Melissa Moore. |
| 8 | Laquita Moran. |
| 9 | Frances Oney. |
| 11:37:13  10 | Florencia Paden. |
| 11 | Thomas Park. |
| 12 | Lezette Parsons. |
| 13 | Pedro Rodriguez. |
| 14 | Raul Rodriguez. |
| 11:37:22  15 | Peter Ruiz. |
| 16 | David Salvey. |
| 17 | Victor San. |
| 18 | Patricia Schiffman. |
| 19 | Robert Stokes. |
| 11:37:30  20 | Julie Sutek. |
| 21 | Marlene Tabor. |
| 22 | Jimmie Thomas. |
| 23 | Stacy Thomas. |
| 24 | Duane Thompson. |
| 11:37:39  25 | Betty Toler. |

**OFFICIAL TRANSCRIPT**

1          Donald Vail.

2          Gary Waddell.

3          Louise Warshauer.

4          Armer Williams.

5          Wilber Yates.

6          Donna Zerbian.

7          Your Honor, for the next 60 cases we would ask for

8    60 days for a multitude of reasons, Your Honor, to cure the

9    deficiency, a core deficiency, including gathering additional

10   medical records, locating the proper heir, locating clients.

11         In each one of these, there is a different story.  I'm

12   going to read them all into the record and then, Your Honor, the

13   defendant can object.

14         THE COURT:  Let me ask you this:  Have these been --

15   this is the first time or have they been around for a while?

16         MS. MILLER:  This is a list that was sent to plaintiffs

17   in early December of 2016, I believe on December 1st.  As of the

18   point that the list was sent to plaintiffs in December 2016, all

19   of the plaintiffs had received a deficiency notice.  More than

20   20 days had passed and in some instances it had already been

21   months.

22         We then, over December and January, met and conferred

23   with plaintiffs.  We filed the formal motion on January 5th.  The

24   motions were set for hearing in February, which, as I've said,

25   was canceled.  Since that original hearing date, we've continued

**OFFICIAL TRANSCRIPT**

1    to work and meet and confer with plaintiffs, and we're in March.

2    At this point there's been more than three months' notice of the

3    motion, four months' notice that we were bringing the motion, and

4    even longer of the deficiency.

11:39:12

5         We don't have, for these cases, particular

6    circumstances from the plaintiffs as to why they believe they

7    need 60 days, and so, en masse, we would oppose all of them

8    without understanding particularities of the circumstances.

9         MS. DANIEL:  Your Honor, I think this happens.  Quite

11:39:28

10   frankly, it is a core deficiency to find medical records.  It is

11   very difficult to gather all the medical records.

12        For example, in one of these cases, in

13   Johnnie Reynolds, the use of Xarelto is outstanding.  The firm

14   previously uploaded an affidavit from the daughter who witnessed

11:39:44

15   the decedent ingesting Xarelto, because it's a decedent case, and

16   it's allegedly samples or they got it from the hospital.  And the

17   hospital -- the firm's paralegal spoke to the hospital, but the

18   pharmacy is closed and the hospital no longer has records.  And

19   now they're waiting on the treating physician to do an affidavit.

11:40:04

20   The treating physician is out for three weeks and they're trying

21   to get an affidavit.

22        So each of these cases has a particular story, so we

23   would like to try to resolve them and not keep putting them back

24   on these order-to-show-cause lists and try to get them resolved

11:40:17

25   one way or another, which is why we're asking for 60 days to get

**OFFICIAL TRANSCRIPT**

1    these remedied.

2            And each particular case has a different story.  To try

3    to move the process in an efficient manner, we ask for these,

4    en masse, without dealing with every single one in particular.

5            MS. MILLER:  I think this highlights, Your Honor, why

6    defendants would ask for particularities for the extension

7    requests.

8            In the case of Johnnie Reynolds, defendants, having

9    heard that story, would likely confer and agree to a 30-day

10   extension.

11           You know, the first name that was mentioned, for

12   example, was Thomas Adams, they want 60 days.  In that instance,

13   the only information we have is that we sent a deficiency notice

14   in July of 2016 for failure to provide the declaration, and we've

15   heard nothing in the eight months since July 2016.

16           And for that reason the en masse extensions are --

17           THE COURT:  I'll do this, I'll pass them for 30 days.

18   And if for some reason they can't do it, let's be more specific

19   on the matters.  But I'll pass this for 30 days.

20           Counsel, you had an issue?

21           MR. HAIR:  Good morning, Your Honor.  Galen Hair from

22   Scott, Vicknair, Hair & Checki.

23           I only stood up because they mentioned Johnnie Mae

24   Reynolds, which is our case, Your Honor.

25           I just wanted to echo what Ms. Daniel said was

**OFFICIAL TRANSCRIPT**

1   100 percent correct, but it's even -- I do want to emphasize that
2   the pharmacy is closed, it's gone.  We're not going to get those
3   pharmacy records.  We may -- in a brightline scenario, we may be
4   able to get an affidavit from the physician, assuming he
5   cooperates.  If he chooses not to do one, of course he's out of
6   state so I'm also limited in what procedural mechanisms I have to
7   go get that right now by virtue of the MDL.
8          Now, what we have done is uploaded an affidavit that
9   does attest to the use of Xarelto.  And we believe -- it's our
10  personal position that we've done what we need to do to
11  establish -- keep in mind these are interrogatories and requests
12  for production at their core.  We've done enough to get ourself
13  past the 50 yard line, so to speak, to show that there was use of
14  Xarelto.
15         So we certainly don't oppose passing it, but we
16  actually believe we've even overcome the deficiency with respect
17  to Johnnie Mae Reynolds.
18         THE COURT:  I'll pass it for 30 days.  Let's see if you
19  can get some kind of record.  If you can't, if the pharmacy is
20  closed, just -- somebody do an affidavit saying that the pharmacy
21  is closed and there's no records available or something.
22         MR. HAIR:  I think we have done that, Your Honor.
23         What we're hoping is that we may be able to get an
24  affidavit or a declaration from the doctor saying, Hey, I
25  prescribed it to her.

11:41:48
11:42:04
11:42:18
11:42:30
11:42:46

**OFFICIAL TRANSCRIPT**

|   |   |
|---|---|
| | 1 |  THE COURT:  Yeah. |
| | 2 |  MR. HAIR:  Thank you, Your Honor. |
| | 3 |  THE COURT:  I'll pass it for 30 days then. |
| | 4 |  MS. DANIEL:  Thank you, Your Honor. |
| 11:42:52 | 5 |  Then I'm going to go ahead and read all of these names. |
| | 6 |  Thomas Adams. |
| | 7 |  Anthony Albergo. |
| | 8 |  Anthony Atkins. |
| | 9 |  George Bohlken. |
| 11:43:01 | 10 |  Kimberly Bowes. |
| | 11 |  Glenda Jo Bradfield. |
| | 12 |  Margaret Bray. |
| | 13 |  Willie Campbell. |
| | 14 |  Mary Conley. |
| 11:43:12 | 15 |  Dorothy Davis. |
| | 16 |  Charles Debord. |
| | 17 |  Gervasio Donatelli. |
| | 18 |  Edwina Felton. |
| | 19 |  Frances Gatins. |
| 11:43:20 | 20 |  Larry Gibson. |
| | 21 |  Helen Gilchrist. |
| | 22 |  Beatrice Gravitt. |
| | 23 |  Annette Gwynn. |
| | 24 |  Devan Haben. |
| 11:43:31 | 25 |  Mohammed Harun. |

**OFFICIAL TRANSCRIPT**

|      |          |                        |
|------|----------|------------------------|
|      | 1        | Charles Hedrick.       |
|      | 2        | Frederick Hoover.      |
|      | 3        | Artelia Jackson.       |
|      | 4        | Barbara Jankowski.     |
| 11:43:37 | 5    | Donald Jefferson.      |
|      | 6        | Robert Jones.          |
|      | 7        | Wilma Klineline.       |
|      | 8        | James Linder.          |
|      | 9        | William Locke.         |
| 11:43:45 | 10   | James Longardner.      |
|      | 11       | Thomas Malone.         |
|      | 12       | Doris McBrayer.        |
|      | 13       | Sherry McDaniel.       |
|      | 14       | Gloria McSwain.        |
| 11:43:54 | 15   | Brenda Moore.          |
|      | 16       | Rebecca Mouzon.        |
|      | 17       | Willena Natt.          |
|      | 18       | Antonia Norris.        |
|      | 19       | Carol Pauley.          |
| 11:44:01 | 20   | Don Pittman.           |
|      | 21       | Ida Presley.           |
|      | 22       | Johnnie Reynolds.      |
|      | 23       | Kenneth Scott.         |
|      | 24       | Mary Shearer.          |
| 11:44:10 | 25   | Cuevas Shelton.        |

**OFFICIAL TRANSCRIPT**

1          Carol Shoff.

2          Serena Simmons.

3          John Smith.

4          Charlie Spink.

11:44:18    5          Wencel Splichal.

6          Denise Stahlberg.

7          Donielle Swanson.

8          Doris Wallace.

9          Ralph Warne.

11:44:27   10          Thabet Warrad.

11          Rosemary White.

12          Triesa White.

13          Marglee Whitley.

14          Lillian Mae Wiles.

11:44:35   15          Patricia Young.

16          We ask Your Honor for an additional 30 days to cure the

17    following 40 cases.  Again, one of these cases, Your Honor, you

18    have already signed an order on March 1st allowing for a 30-day

19    extension.

11:44:51   20          Again, I'll read them into the record and the defendant

21    can object.

22          Roy Anderson.

23          Bruce Arndt.

24          Don Blackmon.

11:45:00   25          Arthur Burroughs.

**OFFICIAL TRANSCRIPT**

1           Joann Carlson.

2           Lois Clinkenbeard.

3           Ronald Cuahonte.

4           Henry Darna.

11:45:10    5           John Deng.

6           Linda Dickey.

7           Marilyn Edwards.

8           Bernell Farria.

9           Patricia Green.

11:45:18    10          Richard Howard.

11          Emma January.

12          Ira Johnson.

13          Sharon Maloney.

14          Isaac Mason.

11:45:26    15          Shanda Maye.

16          Glen McKesson.

17          Silas McDowell.

18          John Meer.

19          Tommy Merrell.

11:45:34    20          Robert Odle.

21          Annmarie Pascoe.

22          Joseph Percodani.

23          Emily Pigg.

24          Yesenia Rodriguez.

11:45:43    25          Betty Sanders.

**OFFICIAL TRANSCRIPT**

 1         Steven Schwarcz.

 2         Frank Shirley.

 3         Charles Simms.

 4         Shanna Smith.

11:45:52  5         Helen Suddreth.

 6         Paul Valentine.

 7         Anisia Whiting.

 8         Burke Williams.

 9         Marlene Wilson.

11:45:59  10        John Morgan Woods.

11        Martha Wright.

12         MS. MILLER:  Your Honor, defendants oppose each and

13    every one of the requests for extensions.  We don't have any

14    information for the basis of the extension requests.

11:46:12  15        Looking quickly at my information on these plaintiffs

16    as they were read into the record, for the majority of them, the

17    deficiency notices were sent six months ago or longer.  This is

18    the matter of the threshold issues of showing use, injury, having

19    a verified plaintiff fact sheet.

11:46:28  20        And in each of those instances again the deficiency

21    notice is sent.  There is a 20-day period, and then time passes

22    while we meet and confer and these motions are set and heard.

23    Because of what happened in February, they've already received a

24    30-day extension.  We think they should all come forward now with

11:46:49  25    the information the defendants have requested.

**OFFICIAL TRANSCRIPT**

1    MS. DANIEL:  Your Honor, there's no prejudice to the

2    defendant in extending this time.  We certainly don't see a

3    30-day period to gather medical records, to find an heir, or to

4    dismiss them, which we've done in a multiple number of these

11:47:03    5    cases.  They are dismissed or they find out that they didn't, in

6    fact, take the drug.

7            THE COURT:  Okay.  Let me do this.  I'll extend it for

8    30 days.

9            I'm going to have to meet with counsel for the

11:47:18    10    pretrial -- for the trial issues.  I'm going to have to terminate

11    this and we'll have to come back the next time.

12            MS. MILLER:  Okay.

13            MS. DANIEL:  Thank you, Your Honor.

14            THE COURT:  Okay.  All right.  Would you prepare the

11:47:31    15    motions for me to dismiss the --

16            MS. MILLER:  We will, Your Honor.  And should we confer

17    with the Court on a date for April?

18            THE COURT:  Yes.  What date, Dean?

19            THE CASE MANAGER:  So 30 days.  April?

11:47:42    20            THE COURT:  In-between --

21            THE CASE MANAGER:  There (indicating).

22            THE COURT:  Sometime during the week of the 12th.

23            THE CASE MANAGER:  I'm sorry.  The week of the 17th.

24            THE COURT:  I'm sorry, the 17th.

11:48:02    25            THE CASE MANAGER:  That's Easter on the 16th.

**OFFICIAL TRANSCRIPT**

```
 1              THE LAW CLERK:  The pretrial is the 18th.
 2              THE COURT:  Maybe we could do it in the afternoon,
 3    then, on the 19th.  Y'all are going to be here anyway.
 4              MS. MILLER:  Either one is fine with me, Your Honor.  I
 5    know the 18th may be a long day for Your Honor.  You can do
 6    whatever works for you.
 7              MS. DANIEL:  If we give them 30 days, Your Honor --
 8    what is the date today?
 9              MS. MILLER:  Today is the 15th.
10              MS. DANIEL:  Okay.  So that's 30 days.
11              THE COURT:  Does the 20th work, Dean?
12              THE CASE MANAGER:  We have criminal matters in the
13    afternoon.
14              THE COURT:  Okay.  In the morning on the 20th I can do
15    it if you-all are available.  April 20th.  Is that a problem?
16              MS. MILLER:  If the 19th is possible, that way it's not
17    three trips to New Orleans in a week.
18              MS. DANIEL:  I will check my schedule, Your Honor.
19              MS. MILLER:  And we could confer.
20              THE COURT:  Why don't y'all confer and we'll see if we
21    can do it on the 19th.
22              MS. DANIEL:  Thank you, Your Honor.
23              THE COURT:  Sorry.  Court will stand in recess.
24                           (Proceedings adjourned.)
25                             *  *  *  *
```

11:48:19
11:48:29
11:48:37
11:48:53

**OFFICIAL TRANSCRIPT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

### CERTIFICATE


  I hereby certify this 20th day of March, 2017, that the foregoing is, to the best of my ability and understanding, a true and correct transcript of the proceedings in the above-entitled matter.


         S/Mary V. Thompson
          Official Court Reporter

**OFFICIAL TRANSCRIPT**