UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *George Harold Bohlken (16-13493)* | * | JUDGE ELDON E. FALLON |
| *Charles D. Debord (16-13510)* | * | |
| *Wilma Klineline (16-13704)* | * | MAG. JUDGE NORTH |
| *Gloria McSwain (16-13736)* | * | |
| *Carol Shoff (16-14437)* | * | |
| *Rosemary White (16-14488)* | * | |
| *Lillian Wiles (16-14489)* | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**OPPOSITION TO SECOND MOTION FOR EXTENSION
OF TIME TO SATISFY PLAINTIFF FACT SHEET DEFICIENCIES**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants"), Johnson & Johnson ("J&J"), Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Bayer Defendants") collectively referenced as "Defendants," through undersigned counsel, respectfully submit the instant Opposition to the Motion for Extension of Time to Satisfy Plaintiff Fact Sheet Deficiencies filed on behalf of Plaintiffs George Harold Bohlken, Charles D. Debord, Wilma Klineline, Gloria McSwain, Carol Shoff, Rosemary White, and Lillian Wiles ("Plaintiffs"). (Rec. Doc. No. 5619). This is the second

Motion for Extension of Time to Satisfy Plaintiff Fact Sheet Deficiencies on behalf of these seven plaintiffs, the first of which was filed on December 27, 2016. (Rec. Doc. No. 4870).[1]

As explained *infra*, Plaintiffs' request for an extension of time to cure the PFS deficiencies should be denied because, as repeatedly emphasized by the Court, (1) timely submission of the completed PFSs is *essential* to this litigation; and (2) at this point in the litigation, plaintiffs who have made claims now need to provide proof that they belong in this MDL.

First, the Court has repeatedly emphasized that the timely submission of Plaintiff Fact Sheets is an essential step in this litigation and that the failure to submit a completed PFS will result in the dismissal of the case. *See* Nov. 20, 2015 Status Conf. Tr. at 8:15-19 ("[I]f the fact sheets are not going to be filled out, then I will be dismissing cases. I will dismiss the case. My intent is to dismiss the case with prejudice, not without prejudice."); Oct. 21, 2015 Status Conf. Tr. at 6:1-6 (again noting that failure to timely file PFSs will result in dismissal of cases); *see also* Sept. 20, 2016 Status Conf. Tr. at 5 ("If this information is not forthcoming, you need to know, folks, that I'm going to dismiss the cases with prejudice."); Jan. 20, 2017 Status Conf. Tr. at 32:20-25 (And if you file a lawsuit, you have a responsibility to participate in the lawsuit. It's not something that you file and forget about. It's important that the parties participate and that the attorneys who represent these parties participate. And if they don't, I'll dismiss the cases with prejudice.).

---

[1] Further, the Court granted an additional 30-day extension of time to cure PFS deficiencies at the hearing on Defendants' Order to Show Cause following the March 15, 2017 Status Conference in each of these matters.

Furthermore, the Court has explicitly recognized the important role of plaintiff fact sheets in determining whether plaintiffs who have made claims in the MDL are properly in this litigation.

> Also, with the fact sheets, we find in some of these types of cases, particularly with the pharmaceutical drug cases, there are individuals who have made claims, but they haven't taken the drug. They may have taken another drug, and they may be entitled to be in another MDL proceeding, but not in this proceeding, and the fact sheets are helpful in determining that aspect of the situation, so that those cases can be moved out of the system.

*See* Nov. 20, 2015 Status Conf. Tr. at 9:1-8.

Here, Plaintiffs' counsel asserts that, although Plaintiff Fact Sheets have been submitted for each of the Plaintiffs on whose behalf the instant Motion is filed—all of whom are deceased—additional time is needed in order to obtain records. (Rec. Doc. No. 5619-1). Accordingly, the Motion states, a 60-day extension of time—in addition to the 30-day extension of time already allowed by this Court—is needed to obtain "outstanding medical and/or prescription records that would support Plaintiffs' claim." *Id.* at ¶ 4.

In this litigation, however, the burden is on Plaintiffs to establish proof of use of the product and proof of injury. Thus, in this matter, there is a clear absence of proof that these Plaintiffs belong in this litigation. Accordingly, Defendants respectfully request that the Court deny Plaintiffs' Second Motion for Extension of Time to Satisfy Plaintiff Fact Sheet Deficiencies. (Rec. Doc. No. 5619).

Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**
By: /s/Susan M. Sharko
Susan Sharko
600 Campus Dr.
Florham Park, NJ 07932
Tel: (973) 549-7000
Susan.Sharko@dbr.com

Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson

**ARNOLD & PORTER KAYE SCHOLER LLP**
By: /s/ Andrew Solow
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/James B. Irwin
James B. Irwin
Kim E. Moore
400 Poydras St., Ste, 2700
New Orleans, LA 70130
(504) 310-2100
jirwin@irwinllc.com
kmoore@irwinllc.com

Liaison Counsel for Defendants

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

Liaison Counsel for Defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 28, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**