UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br>Section L<br>JUDGE ELDON E. FALLON<br>MAGISTRATE JUDGE NORTH |
|---|---|

**THIS DOCUMENT RELATES TO:**

Terry L. Sheppard, 2:16-cv-17786
Debra Swope, Trustee for the Heirs of Mary O. Davis, Deceased, 2:16-cv-17787
Richard H. Shawley, 2:16-cv-17792
Rebecca Schreffler, Trustee for the Heirs of Thomas W. Schreffler, Deceased, 2:16-cv-17799
Catherine Vocaturo, Trustee for the Heirs of George Vocaturo, Deceased, 2:16-cv-17803
Marie R. Wilson, 2:16-cv-17805
Rosemarie Rutledge, 2:16-cv-17806
Jean M. Resko, Trustee for the Heirs of Richard P. Resko, 2:16-cv-17809
Donald Lantermo, 2:16-cv-17812
Lawrence J. Jackson, 2:16-cv-17818
Robert Asplund, 2:16-cv-17847
Helen Thompson, 2:16-cv-17916
Susan Q. Walters, Trustee for the Heirs of Frederick Walters, Deceased, 2:16-cv-17960
Sharon Wright, 2:16-cv-17962
Jeffrey Roose, 2:16-cv-17964
Deloris Wyatte, 2:16-cv-17968
Kathleen Bush, Trustee for the Heirs of Christopher Bush, 2:17-cv-00077
Steven Stille, 2:17-cv-00080
Samuel N. Worgen, Trustee for the Estate of Norman Worgen, Deceased, 2:17-cv-00083
Nancy M. Longo, Trustee for the Estate of Frances Longo, Deceased, 2:17-cv-00159

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DEEM PRIOR SERVICE VALID OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG**

Plaintiffs submit this memorandum in support of their motion for an Order from this Court deeming prior service on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG valid, or in the alternative to provide Plaintiff an additional thirty (30) days within which to serve process on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A and 10B.

1

## BACKGROUND

1.      On March 24, 2015, this Court entered PTO 10, which created an informal streamlined service on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG. PTO 10 allowed Plaintiffs to informally serve a Complaint with a Summons on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG within 60 days from docketing of Complaint in this MDL.

2.      On August 18, 2016, this Court entered PTO 10B, which provided cases that had already been docketed in this MDL 90 days to serve the Complaint with a Summons on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG, due to the influx of Joint Complaints that had been filed prior to the deadline to file a Joint Complaint. PTO 10B also provided that any case docketed on or before September 16, 2016 shall have 90 days from the docketing of the Complaint in the MDL to serve a Complaint with a Summons on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG.

3.      Plaintiffs' Complaints were filed in *In: Re Xarelto (Rivaroxaban) Product Liability Litigation*, MDL No. 2592 between December 27, 2016, and January 6, 2017. The Summonses for the individual Defendants were issued between December 28, 2016 and January 9, 2017 for each respective case. Plaintiffs' respectfully refer this Court to Exhibit A of the Motion and Memorandum for the specific dates for filing of Complaint and issuance of Summons for each respective case.

4.      Process of Service to all Defendants[1] named in Plaintiffs' Complaints were attempted on or around March 1, 2017, March 3, 2017, March 10, 2017, and March 13, 2017 for

---

[1] All Defendants include Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Janssen Research & Development LLC, Janssen Ortho LLC, and Janssen Pharmaceuticals, Inc. This Court relieved the obligation to serve Defendants Bayer Healthcare AG and Bayer AG, pursuant to PTO 10.

the above-captioned matters.  Plaintiffs' respectfully refer this Court to Exhibit A for the specific date of service pursuant to PTO 10 for each respective case.  Process of Service included the Complaint with Summons by certified mail, return receipt requested upon Bayer Healthcare Pharmaceuticals, Inc., and by registered mail, return receipt requested upon Bayer Pharma AG for each of these respective Plaintiffs, as required by PTO 10.  Contemporaneous with mailing the Bayer Pharma AG pleading, Plaintiffs provided by electronic mail, notice of service, including a copy of the complaint to xareltocomplaints@babc.com.

     5.     In keeping with other cases filed by Plaintiff's Counsel, he believed that service of Plaintiffs' Complaints had been perfected through the streamlined process as ordered by PTO Nos. 10 on each of these respective matters.

     6.     The deadlines for a majority of the Plaintiff Fact Sheets have not yet come due.  To date, Plaintiff Fact Sheets have been served in all but four of the cases at issue in the instant motion, which has included production of over 2,500 pages of medical records.[2]

     7.     On March 10, 2017, Plaintiffs Robert Asplund, Lawrence J. Jackson, Donald Lantermo, Jean M. Resko, Rosemarie Rutledge, Rebecca Schreffler, Richard H. Shawley, Terry L. Sheppard, Debra Swope, Catherine Vocaturo, and Marie R. Wilson received correspondence dated March 10, 2017 from counsel for Defendant Bayer Healthcare Pharmaceuticals, Inc. acknowledging receipt of the attempted service and stated, "Plaintiffs' attempted service on Bayer Healthcare Pharmaceuticals Inc. by Certified Mail was untimely" and that service was "improper in these cases."  This was the first notice that Plaintiffs' counsel received regarding any issues with the service of the Complaints and Plaintiffs and their counsel became aware of an inadvertent clerical error in Plaintiffs' counsel's electronic system, which had inadvertently

---

[2] The deadline for the Plaintiff Fact Sheets in those four cases is not until April 5, 2017 and April 6, 2017.

calculated the deadline for 90 days after date of filing of Complaint, based on what had previously been allowed until PTO 10B for cases that had been filed prior to September 16, 2016.  It was due to this inadvertent clerical error in Plaintiffs' counsel's electronic system that was the cause of the service of Complaints with Summons to be untimely.

8. Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG has subsequently acknowledged receipt of the attempted service of all other cases included in the instant motion, and similarly stated that service was "untimely" and "improper in these cases."

9. It was only after correspondence from defense counsel on March 10, 2017 that Plaintiffs' counsel became aware of this error.  Immediately after discovering this clerical error, Plaintiffs' counsel diligently searched and identified additional Plaintiffs (included in this Motion) where service of Complaint with Summons was inadvertently served after 60 days from issuance of Summons.  Of those that were identified, Plaintiffs' counsel only identified two cases that had not yet been previously served at the time of receipt of the correspondence from counsel for Defendants, and immediately served the Complaint with Summons on March 13, 2017 in those two cases.

## LAW AND ANALYSIS

10. Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert the defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

Plaintiffs have every intention of pursuing their claims against Defendants; it was through an inadvertent clerical error in Plaintiffs' attorney's electronic system, which tracks deadlines for service of Complaints and Plaintiff Fact Sheets.

11. Under Fed. R. Civ. P. 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

12. The Court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. See *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2nd 880 (1996)). Once more, if plaintiff can establish good cause for failing to serve defendant, that court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P 4(m) Advisory Committee's Note (1993).

13. The Seventh Circuit explains that application of Fed. R. Civ. P. 4(m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chicago.*, 646 F. 3d 1001, 1007 (7th Cir. 2011) (citing *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 ((7th Cir. 1996) (additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383

(7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas*, 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

14. Here the Plaintiffs have every intention of pursuing their claims and have demonstrated such to the Defendants, including Bayer HealthCare Pharmaceuticals, Inc. and Bayer Pharma AG. Plaintiffs have not acted in bad faith. Plaintiffs attempted service pursuant to PTO Nos. 10, 10A, 10B and 11 was untimely solely due to a clerical error in Plaintiffs' counsel's electronic system which tracks deadlines for its cases. This clerical error was not discovered until March 10, 2017, when counsel received correspondence from defense counsel notifying that the attempted served Summons and Complaints were untimely.

15. Because the MDL involved thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by these Plaintiffs, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein. This Court has granted similar relief to other plaintiffs as the Bayer Defendants have disputed service.

16. Plaintiffs show that as a matter of law and fact, they were not in "bad faith" in delaying service of their respective Complaints and Summonses. Defendants are fully aware of and are served with hundreds of identical complaints and have acknowledged receipt of these Complaints and Summonses in these matters. To dismiss Plaintiffs' claims here would elevate form over substance and deprive Plaintiffs of their day in court based on an inadvertent clerical error.

17. Plaintiffs point out that declaring prior service for Plaintiffs on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG valid is appropriate under the circumstances.

Furthermore, Plaintiffs state that they have served Defendants with Plaintiff Fact Sheets in all but four of the cases in the present motion. The delay in serving Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG was caused by an inadvertent clerical error in Plaintiffs' counsel's electronic system, which the reason why this motion applies to this number of Plaintiffs. This clerical error has been corrected in Plaintiffs' counsel's electronic system. Plaintiffs' counsel is counsel of record in hundreds of cases in this MDL, and this is the first instance of counsel seeking relief from this court due to problems with service. However, if this Court is unwilling to declare prior service of the Complaints in these matters as valid, Plaintiffs respectfully request an extension of time in the amount of thirty (30) days from the date of an order is entered within which to provide streamlined service of process on Bayer HealthCare Pharmaceuticals, Inc. and Bayer Pharma AG.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request an Order from this Court declaring prior service on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG in these matters to be effective, or in the alternative, grant thirty (30) days from the date the Order is entered within which to provide streamline service of process on Defendants Bayer HealthCare Pharmaceuticals, Inc. and Bayer Pharma AG. No party herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated: <u>March 29, 2017</u>  LAW OFFICES OF CHARLES H. JOHNSON, PA

/s/ Charles H. Johnson
Charles H. Johnson, Esq. (#50696)
Jonathan R. Mencel, Esq. (#390056)
*Attorneys for Plaintiff*
2599 Mississippi Street
New Brighton, MN 55112-5060
Telephone: (651) 633-5685
Fax Phone: (651) 633-4442
bdehkes@charleshjohnsonlaw.com
jmencel@charleshjohnsonlaw.com

**COUNSEL FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send electronic notification of such filing to all CM/ECF participants.

*/s/ Charles H. Johnson*
Counsel for Plaintiffs