UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 4 REGARDING THE RELATIONSHIP BETWEEN PLAINTIFFS AND THEIR ATTORNEYS**

Plaintiffs haves moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or evidence about, the relationship between Plaintiffs and their attorneys, including how, when, why or under what circumstances Plaintiff chose or employed any of their attorneys.

More specifically, Plaintiffs seek to exclude any evidence or argument relating to any television commercials or other advertisements he saw about litigation involving patients who suffered from bleeding events after taking Xarelto, or the timing of his retention of counsel in relation to seeing such commercials or advertisements.  The manner in which Mr. Boudreaux and his wife learned about this litigation or their attorneys, and when or why they retained their attorneys to represent them, is wholly unrelated to whether Xarelto is a defective product, whether the warnings provided about Xarelto were adequate, or whether Defendants acted negligently. This information will have no tendency to make a fact that is of consequence in this action more or less probable than it would be without the evidence, and it is thus irrelevant, *see* Fed. R. Evid. 401, and inadmissible.  *See* Fed. R. Evid. 402.

Moreover, in the unlikely event that this information would have any arguable probative value, such value would be substantially outweighed by the dangers of unfair prejudice, undue delay and a waste of time, and it should be excluded on that ground as well.  *See* Fed. R. Evid. 403.  Presentation of this information would be an attempt by Defendants to argue that this litigation is attorney-driven, which would be an improper criticism of Plaintiffs' counsel, and would divert the jury's attention from the real issues at hand.

Numerous courts have granted similar motions to exclude this type of evidence.  For example, in *Rheinfrank v. Abbott Labs., Inc.,* No. 1:13-cv-144, 2015 U.S. Dist. LEXIS 120581, at *35-36 (S.D. Ohio Sept. 10, 2015), the court granted a motion to exclude evidence that the plaintiff "saw a Depakote commercial that informed her that Depakote was a bad drug, which [led] her to retain counsel," stating that the evidence was "irrelevant and therefore inadmissible."

Similar evidence was excluded in *Kaleta v. Abbott Labs., Inc. (In re Depakote),* No. 14-cv-847, 2015 U.S. Dist. LEXIS 108397, at *15 (S.D. Ill. Feb. 20, 2015).  The court held that "[w]hether Mrs. Kaleta contacted her lawyers because of a television advertisement or a friend's recommendation has nothing to do with her claims or her credibility."  *Id.*  The court added, "Moreover, any probative value of this evidence (which is minimal, if existent at all), is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time."  *Id.*

Likewise, in *In re: Yasmin & Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* No. 3:09-md-2100, 2011 U.S. Dist. LEXIS 147935, at *42 (S.D. Ill. Dec. 22, 2011), the court granted a motion to exclude evidence about "how, when or under what circumstances Plaintiff chose or employed any of her attorneys," holding that this evidence was "no more relevant

than how Bayer came to hire each of its lawyers. Whether a commercial played a role in it is likewise irrelevant."

Also, in *Esquivel v. Johnson & Johnson,* July Term 2010, No. 1322, slip op., at ¶ E (Phila. C.P. May 1, 2013) (attached as Exhibit 1), the court excluded evidence regarding "[t]he time or circumstances under which Plaintiff employed any attorneys in connection with these matters and the role of counsel's advice in Plaintiff's decision to file the claim." *See also Doherty v. Merck & Co., Inc.,* No. ATL-L-638-05, slip op., at ¶ h (N.J. Super. Ct. June 1, 2006) (attached as Exhibit 2) (granting motion to exclude "[a]ny comment about how, when or under what circumstances plaintiffs chose or employed any of their attorneys, the date or circumstances under which plaintiffs employed their attorneys, the name of any other lawyer retained or consulted by plaintiffs, whether or not such lawyers were the original attorneys of record and whether such lawyer or any other lawyer referred them to the undersigned attorneys"); *Cona v. Merck & Co., Inc.,* No. ATL-3553-05, slip op. at ¶ h (N.J. Super. Ct. Mar. 28, 2006) (attached as Exhibit 3) (same).

For these reasons, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony or evidence regarding: (1) how, when, why or under what circumstances Plaintiffs chose or employed any of their attorneys.

Dated:  March 29, 2017

Respectfully submitted,
*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

                    Gerald E. Meunier (Bar No. 9471)
                    *GAINSBURGH BENJAMIN DAVID MEUNIER*
                    *& WARSHAUER, LLC*
                    2800 Energy Centre, 1100 Poydras Street
                    New Orleans, LA  70163-2800
                    Telephone:  (504) 522-2304
                    Facsimile: (504) 528-9973
                    Email:   gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**