UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 7 REGARDING HEARSAY STATEMENTS FROM MEDICAL ASSOCIATIONS**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or evidence about, hearsay statements from medical associations.

"Position statements" from medical associations are inadmissible hearsay and do not fall within any exceptions to the hearsay rule.  *See* Fed. R. Evid. 801, 803(1)-(23).  Indeed, some of their statements contain multiple levels of hearsay.  There is no way to cross-examine a declarant at trial regarding these position statements, as they are not uttered by an individual, but rather are released "on behalf of" the association.  They are self-serving – aiming to supplant the legal standard of care with a manufactured standard – and they should not be exempt from the normal requirements of admissibility.

Further, these statements lack the "equivalent circumstantial guarantees of trustworthiness" necessary to fall within the residual hearsay exception of Federal Rule of Evidence 807.  Medical associations are not unbiased, independent organizations.  They function primarily as advocates for their member physicians, and their position statements are made in furtherance of this advocacy objective.  Their statements are not necessarily supported by data subject to the same rigorous

scientific scrutiny as other sources such as peer-reviewed medical journals.  In other words, their statements are not automatically endorsed by the scientific community or embraced by physicians.

Finally, the limited probative value of these statements is outweighed by their unfairly prejudicial effect and the substantial risk of juror confusion.  *See* Fed. R. Evid. 403.  Jurors may be unaware that medical associations are essentially physician advocacy groups, or that the position statements issued by those groups are not necessarily endorsed by group members or physicians in general.  Instead, the impressive sounding titles of these medical associations may mislead jurors into believing that they are scientific bodies and that their position statements speak to the current state of medical knowledge.  Jurors may mistakenly assume that the position statements of those medical associations have the full support of the scientific community and accord them disproportionate credibility and weight.

For these reasons, Plaintiff requests that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony or evidence regarding hearsay statements from medical associations.

Dated:  March 29, 2017                                    Respectfully submitted,

                                                          */s/ Leonard A. Davis*
                                                          Leonard A. Davis, Esq. (Bar No. 14190)
                                                          **HERMAN, HERMAN & KATZ, LLC**
                                                          820 O'Keefe Avenue
                                                          New Orleans, Louisiana  70113
                                                          Telephone:  (504) 581-4892
                                                          Facsimile:  (504) 561-6024
                                                          Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER
& WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:   gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**