UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 8 REGARDING PLAINTIFFS' COUNSELS' ADVERTISEMENTS**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or evidence about, Plaintiffs' counsels' advertisements.  More specifically, Plaintiff requests an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or evidence about: (1) Plaintiffs' counsel's advertisements, websites, public appearances, or other representations related to Xarelto; or (2) whether Plaintiffs' counsels' advertisements, websites, public appearances, or other representations may have caused a spike in adverse events and/or adverse event reporting related to Xarelto.

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence.  Fed. R. Evid. 401.  However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977). A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

Evidence about counsel's advertising efforts or websites commonly has been barred in litigation. *See, e.g., Hart v. RCI Hospitality Holdings, Inc.,* 90 F. Supp. 3d 250, 272 (S.D.N.Y. 2015) ("As to plaintiff's counsel's advertising efforts, this subject too is irrelevant. And evidence as to it would serve, potentially, to alienate the jury, by converting the trial into a referendum on lawful practices by plaintiffs' counsel."); *Esquivel v. Johnson & Johnson,* July Term 2010, No. 1322 (Phila. C.P. May 1, 2013) (attached as Exhibit 1) (precluding evidence about or references to "[a]ny advertisements or websites by attorneys").

Likewise, this Court and others have barred evidence about the purported effects of Plaintiffs' counsel's advertising. *See, e.g., Barnett v. Merck & Co., Inc. (In re: Vioxx),* No. 3:09-cv-10012, slip op., at ¶ 3(n) (E.D. La. Nov. 18, 2011) (attached as Exhibit 2) (citing Rule 401 in precluding "[a]ny reference that Vioxx was taken off the market due to 'media hype' caused by attorneys or the media itself"); *Dedrick v. Merck & Co., Inc. (In re: Vioxx),* No. 2:05-md-01657, slip op., at ¶ 3(n) (E.D. La. Nov. 22, 2006) (attached as Exhibit 3) (citing Rules 401 and 403 in precluding "[a]ny comment, evidence, testimony, inference or document mentioning, suggesting or inferring that Vioxx was taken off the market due to 'media hype' caused by attorneys or the media"); *Doherty v. Merck & Co., Inc.,* No. ATL-L-638-05, slip op., at ¶ y (N.J. Super. Ct. June

1, 2006) (attached as Exhibit 4) (same, but without citing a rule); *Cona v. Merck & Co., Inc.,* No. ATL-3553-05, slip op. at ¶ y (N.J. Super. Ct. Mar. 28, 2006) (attached as Exhibit 5) (same).

For these reasons, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony or evidence regarding: (1) Plaintiffs' counsel's advertisements, websites, public appearances, or other representations related to Xarelto; or (2) whether Plaintiffs' counsels' advertisements, websites, public appearances, or other representations may have caused a spike in adverse events and/or adverse event reporting related to Xarelto.

Dated: March 29, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**