UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 9 REGARDING PLAINTIFFS' COUNSELS' COMMUNICATIONS OR MEETINGS WITH MR. BOUDREAUX'S PRESCRIBING OR TREATING PHYSICIANS**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or evidence about, Plaintiffs' counsels' communications or meetings with Mr. Boudreaux's prescribing or treating physicians.

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence.  Fed. R. Evid. 401.  However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice.  *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir.

1977). A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

Plaintiffs anticipate that Defendants may attempt to present evidence of *ex parte* communications between Plaintiffs' counsel and Mr. Boudreaux's prescribing or treating physicians, suggesting that Plaintiffs' counsel may have influenced the physicians' testimony. However, this Court previously denied Defendants' request to impose restrictions on Plaintiffs' counsel's contact with Plaintiffs' prescribing and treating physicians, holding that such restrictions would be unenforceable, unreasonable, and impossible to police. *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.,* No. 2:14-md-02592, 2016 U.S. Dist. LEXIS 30822, at *11, 14 (E.D. La. Mar. 9, 2016). This Court also discounted the suggestion that physicians could be improperly influenced:

> [P]hysicians are learned professionals who have devoted themselves to the sciences. These individuals cannot be analogized to the cowed, reprimanded children referenced in the "woodshed" idiom. . . . And to suggest that highly trained physicians would be unduly influenced by the comments of Plaintiffs' counsel fails to account for the healthy skepticism which exists between the members of these professions. The Court cannot conclude based on Defendants' sparse anecdotal evidence that physicians are a vulnerable or dishonest population. Assuming otherwise would disserve the medical profession.

*Id.* at *16 (internal citations omitted).

As such, any evidence or suggestions about communications between Plaintiffs' counsel and Plaintiffs' prescribing or treating physicians will have no tendency to make a fact that is of consequence to this action more or less probable than it would be without the evidence, so it is irrelevant, *see* Fed. R. Evid. 401, and inadmissible. *See* Fed. R. Evid. 402.

Moreover, in the unlikely event that this information would have any arguable probative value, such value would be substantially outweighed by the dangers of unfair prejudice, undue delay and a waste of time, and it should be excluded on that ground as well. *See* Fed. R. Evid. 403. Presentation of this information would be an attempt by Defendants to unfairly discount any unfavorable evidence presented by Plaintiffs' physicians, and would divert the jury's attention from the real evidence and the real issues at hand.

For these reasons, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony or evidence regarding Plaintiffs' counsels' communications or meetings with Plaintiffs' prescribing or treating physicians.

Dated: March 29, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
Email: gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**