UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 10 REGARDING AN ALLEGED "LITIGATION CRISIS," "LAWSUIT CRISIS," "LAWSUIT ABUSE," OR "LAWYER-DRIVEN LITIGATION"**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or evidence about, an Alleged "Litigation Crisis," "Lawsuit Crisis," "Lawsuit Abuse" or "Lawyer-Driven Litigation."

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401.  However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir.

1977).  A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice.  *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

In the present case, Defendants may attempt to present argument or evidence suggesting that this lawsuit or the Xarelto litigation as a whole is lawyer-driven, fabricated or exaggerated by counsel who make money through product liability lawsuits.  Any suggestions to this effect would improperly and unjustifiably focus the trial on counsel's behavior, appealing to any bias jurors may have against the legal profession.

None of this evidence is related in any way to whether Xarelto is a defective product, whether the warnings provided about Xarelto were adequate, or whether Defendants acted negligently.  It will have no tendency to make a fact that is of consequence in this action more or less probable than it would be without the evidence, and it is thus irrelevant, *see* Fed. R. Evid. 401, and inadmissible.  *See* Fed. R. Evid. 402.  Moreover, in the event that this information would have any arguable probative value – which is unlikely – any such value would be substantially outweighed by the dangers of unfair prejudice, undue delay and a waste of time, and it should be excluded on that ground as well.  *See* Fed. R. Evid. 403.

To imply without any proof that any litigation is fabricated or exaggerated through the presentation of evidence of counsel's representation of another client in other, similar litigation is improper, and to allow it can constitute reversible error.  For example, in *Bufford v. Rowan Cos.,* 994 F.2d 155 (5th Cir. 1993), a judgment rendered upon a jury's verdict was reversed on grounds that the trial had been unfair, based in part on the allowance of an attack on opposing counsel through implication that the case was a fabricated "copycat" of a similar case that had been pursued by another client of plaintiff's counsel.  *Id.* at 157-58.

Likewise, statements about the motives for filing suit, or suggestions that there is a litigation crisis or that lawsuits are driven by lawyers, have been excluded by this Court. *See, e.g., Barnett v. Merck & Co., Inc. (In re: Vioxx),* No. 3:09-cv-10012, slip op., at ¶ 3k (E.D. La. Nov. 18, 2011) (attached as Exhibit 1) (precluding "[a]ny reference to 'litigation crisis,' 'lawsuit crisis,' 'lawsuit abuse,' or any other similar term or phrase"); *Dedrick v. Merck & Co., Inc. (In re: Vioxx),* No. 2:05-md-01657, slip op., at ¶ 3k (E.D. La. Nov. 22, 2006) (attached as Exhibit 2) (precluding "[a]ny mention of the purported 'litigation crisis,' 'lawsuit crisis,' 'lawsuit abuse,' or similar terms or phrases").

Other courts also have precluded this evidence. *See, e.g., Dixon v. Home Depot U.S.A.,* No. 13-cv-2776, 2015 U.S. Dist. LEXIS 79070, at *1-2 (W.D. La. June 10, 2015) (excluding any references to the "alleged motives of Plaintiff's counsel in prosecuting this or other similar lawsuits"); *Esquivel v. Johnson & Johnson,* July Term 2010, No. 1322, slip op. at ¶ D (Phila. C.P. May 1, 2013) (attached as Exhibit 3) (precluding suggestions "[t]hat a motive, purpose or result of this lawsuit is or will be to compensate Plaintiff's counsel"); *Doherty v. Merck & Co., Inc.,* No. ATL-L-638-05, slip op., at ¶ t (N.J. Super. Ct. June 1, 2006) (attached as Exhibit 4) (precluding "[a]ny mention of the purported litigation crisis, lawsuit crisis, lawsuit abuse, or similar terms or phrases"); *Cona v. Merck & Co., Inc.,* No. ATL-3553-05, slip op. at ¶ t (N.J. Super. Ct. Mar. 28, 2006) (attached as Exhibit 5) (same).

In fact, the impropriety of presenting such statements is so clear that pharmaceutical defendants have agreed to exclude them. *See, e.g., Terry v. McNeil-PPC, Inc. (In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prods. Liab. Litig.),* No. 2:12-cv-07263, 2016 U.S. Dist. LEXIS 72774, at *19 (E.D. Pa. June 3, 2016); *Robinson v. Wolters Kluwer Health, Inc.,* July Term 2011, No. 00778, Court-Approved Joint Stipulation at p.3, ¶ 2 (Phila. C.P. May 11, 2015)

(attached as Exhibit 6); *Kaleta v. Abbott Labs., Inc. (In re Depakote),* No. 14-CV-847, 2015 U.S. Dist. LEXIS 108397, at *9 (S.D. Ill. Feb. 20, 2015).

For these reasons, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony or evidence regarding an Alleged "Litigation Crisis," "Lawsuit Crisis," "Lawsuit Abuse" or "Lawyer-Driven Litigation."

Dated:  March 29, 2017	Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**