# EXHIBIT   2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | :    **MDL NO. 1657** |
| **IN RE: VIOXX** | : |
| **PRODUCTS LIABILITY LITIGATION** | :    **SECTION: L** |
| | : |
| | :    **JUDGE FALLON** |
| | :    **MAG. JUDGE KNOWLES** |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO**
   *Dedrick v. Merck & Co., Inc.*, 05-2524

### ORDER

Before the Court are several Motions in Limine filed by both the Plaintiff and Defendant.

The Court rules as indicated more fully on the attached documents.

New Orleans, Louisiana, this __22nd__ day of __November__, 2006.

UNITED STATES DISTRICT JUDGE

-1-

| **PLAINTIFF'S MOTIONS IN LIMINE** | **GRANTED OR DENIED** |
|---|---|
| **2. Reference to Mr. Dedrick's Left Anterior Descending Coronary Artery as a "Widow-Maker" (Rec. Doc. 8310)** | Granted - 403. Doctors should use medical terms and not street talk. |

The Plaintiff has filed a Motion in Limine to preclude Merck from referring to Mr. Dedrick's left anterior descending coronary artery as a "widow-maker." The basis for this motion is Rule 403.

**3. Miscellaneous Motion to Exclude Certain Subjects from Evidence at Trial (Rec. Doc. 8288)**

The Plaintiff has filed a Motion in Limine to exclude certain subjects from evidence at trial. The Plaintiff argues that any reference to the following matters would be improper, irrelevant, and/or unduly prejudicial.

| | |
|---|---|
| a. Any suggestion that a verdict for the Plaintiff will adversely impact pharmaceutical companies' incentive and/or ability to develop new medications. | Granted - 401/403 |
| b. Any comment, inference, testimony, or documents tending to suggest in any way that an award of damages in this case will adversely affect the ability of any member of the jury to purchase or receive medications in the future, adversely affect the cost of medication, or adversely affect the availability of pharmaceutical drugs to individuals or industries in the United States or worldwide. | Granted - 401/403 |

c.      Any comment, reference, or inference that this case or other Vioxx product liability litigation cases may have a negative impact on the stock price of Merck or any other publicly-traded pharmaceutical manufacturer.

Granted - 401/403

d.      Any comment, inference, evidence, testimony, or documents suggesting or referring to Health Canada or any other foreign regulatory agency's decision to allow the sale of Vioxx within their respective countries.

Granted - 401/403

e.      Any reference, comment, or inference that this case or any other Vioxx products liability case may cause an increase in the cost of purchasing or maintaining health insurance.

Granted - 401/403

f.      Any reference, comment, or inference that this case or any other Vioxx product liability case may cause an increase in the cost of pharmaceutical drugs to the public.

Granted - 401

g.      Any comment, evidence, testimony, inference, or document mentioning medical conditions of Plaintiff or Plaintiff's family that are unrelated to the injuries at issue in this lawsuit.

Deferred - "unrelated" may be a fact question for the jury.  The Court will rule if this comes up.

h.      Any comment, evidence, testimony, inference or document mentioning any non-criminal bad conduct of Plaintiff.  The Plaintiff was not specific.

Deferred - may be an issue of contributory negligence or may be an issue of credibility.  The Court will rule if this comes up.

i.      Any reference, comment, or disclosure, whether directly or indirectly, in any manner, that Plaintiff's medical bills were and will be paid in the future for or covered by TennCare, Plaintiff's health insurer.

Granted - 401/411

j.      Any comment, inference, evidence, testimony, or document tending to suggest in any way that an award of punitive damages in this case is unconstitutional, illegal, or not supported by the current state of the law.

Granted - 401/403

k.      Any mention of the purported "litigation crisis," "lawsuit crisis," "lawsuit abuse," or similar terms or phrases.

Granted - 401/403

l.      Any comment or inference that Plaintiff's attorneys and their law firm primarily represent plaintiffs in lawsuits or specialize in personal injury or product liability litigation.

Granted - 401/403

m.      Any comment, inference, or personal anecdote from any Merck witnesses or lawyer that they or their family members used Vioxx.

Deferred

n.      Any comment, evidence, testimony, inference or document mentioning, suggesting or inferring that Vioxx was taken off the market due to "media hype" caused by attorneys or the media.

Granted - 401/403

| | |
|---|---|
| o.     Any comment, evidence, testimony, inference or document that preemptively bolsters the unchallenged character or traits of Merck's current or former employees, managers, consultants, experts, agents, or fiduciaries. | Deferred - too vague. The Court will rule if this comes up. But see 608(a)(2) |
| p.     Any comment or reference to the medical conditions of Plaintiff's family members that are unrelated to the injuries in this case. Plaintiff specifically refers to the following: (1) Plaintiff's brother Kenny Dedrick's heart attack, heart disease, and smoking; and (2) Plaintiff's brother Phil Dedrick's heart disease and smoking. | Denied |
| q.     Any reference to Plaintiff's non-criminal bad conduct. Plaintiff specifically refers to: (1) his use of Viagra; and (2) his use of alcohol. | Denied |
| r.     Any comment or reference to opinions of healthcare personnel who are not witnesses at trial, either in person or by deposition. | Deferred - too broad |
| s.     Any reference, comment, or evidence that any members of the public or medical community desire that Vioxx be placed back on the market. | Granted - 401 |
| t.     Any comment, evidence, testimony, inference or document inferring that state product liability defect and/or failure-to-warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings to their labels in order to avoid lawsuits. | Granted - 401 |

Case 2:05-md-01657-EEF-MBK   Document 8387-1   Filed 03/22/06   Page 7 of 14

u.      Any comment, evidence, testimony, inference or document mentioning that state tort law undercuts the U.S. Food and Drug Administration's mission to require drug manufacturers to include only scientifically valid warnings on drug labels.

Deferred - too vague.  The Court will rule if this comes up.

v.      Any comment, evidence, testimony, inference or document mentioning that too many warnings of serious injuries will dilute the effectiveness of warnings generally.

Deferred - this requires context.

w.      Any comment, evidence, testimony, inference or document mentioning that state products liability law frustrates the FDA's protective regime.

Granted - 401

x.      Any reference, comment, or inference that FDA approval of Vioxx means that Merck met its standard of care and/or fulfilled its duty to warn as a matter of law.

Granted - this is argument, not fact.

y.      Any reference, comment, or inference to settlement negotiations or the lack thereof.

Granted

4. **Evidence or Discussion Concerning Defendant's Reputation and/or "Good Acts" (Rec Doc. 8314)**

Deferred - too broad.

The Plaintiff has filed a Motion in Limine to exclude evidence or discussion of the Defendant's reputation and/or "good acts." Specifically, the Plaintiff references the following: (1) Merck's Patient Assistance Program whereby uninsured individuals can obtain prescription medication at no cost or at a significantly reduced price; (2) That the Plaintiff was a recipient of free drugs pursuant to Merck's Patient Assistance Program; (3) Merck's donation of millions of dollars in HIV vaccines to Africa while working with Bill Gates and the government of Botswana; (4) Merck's donation of medications to combat "River Blindness," which is a disease that strikes rural villages in Africa, through the Mectizan program, in which Merck is partnered with Jimmy Carter and the Carter Foundation; and (5) the fact that Merck develops drugs that treat and cure disease. The Plaintiff's objections are based on Rule 401 relevance and Rule 403 prejudicial effect.

5. **Testimony by Merck Employees Regarding Their Personal Use of Vioxx (Rec Doc. 8319)**

Granted - 401/403

The Plaintiff has filed a Motion in Limine to exclude any evidence, discussion, or argument that Merck employees, former employees, or family members of Merck employees took Vioxx prior to the drug's withdrawal from the market on September 30, 2004. The Plaintiff argues that such evidence is irrelevant and unduly prejudicial.

**6.    Defendant's Argument that FDA
       Regulations Prohibited the
       Company from Making Label
       Changes Without Prior Agency
       Approval (Rec. Doc. 8311)**

The Plaintiff has filed a Motion in Limine to
exclude any evidence or argument that
Merck could not have changed the Vioxx
label to include warnings of cardiovascular
risks or reports of cardiovascular and other
adverse events without prior approval of the
FDA.  The Plaintiff asserts that this
testimony is false and misleading and should
be excluded.

Denied - this is a question of fact,
experts disagree about whether or not
Merck could make label changes
without prior approval.

**7.    Evidence Regarding the Number
       of Heart Attacks in the United
       States of America (Rec. Doc. 8308)**

Granted - 401/403

The Plaintiff has filed a Motion in Limine to
exclude evidence regarding the number of
heart attacks occurring in the United States
of America from the years 1999 to 2004.
The Plaintiff asks the Court to exclude
evidence that the number of heart attacks
occurring in the United States did not
increase while Vioxx was sold in the United
States.  The Plaintiff seeks to exclude this
evidence on three grounds: (1) Rule 401
Relevancy; (2) Hearsay; and (3) Rule 403
Prejudice.

**8.** **Annual Deaths Attributable to NSAID Gastropathy (Rec. Doc. 8316)**

The Plaintiff has filed a Motion in Limine to exclude testimony about the annual number of deaths attributable to NSAID gastrointestinal toxicity without appropriate qualifications and scientific support. The Plaintiff argues that such testimony is speculative and unsupported by the literature.

Denied - issue of fact

**9.** ***Daubert*-like challenge (Rec. Doc. 8309)**

The Plaintiff has filed a Motion in Limine to preclude Merck employees and former employee witnesses from offering opinion testimony which they are unqualified to offer, which has not previously been disclosed, and which lacks appropriate support under *Daubert*. The Plaintiff argues that Merck may try to use Rule 701, which allows employees to testify as to opinions rationally based upon the perception of the witness, as a *Daubert* loophole. Specifically, the Plaintiff argues that Dr. Briggs Morrison, an oncologist, should not be allowed to offer opinions in pharmacology and vascular biology because he lacks the requisite knowledge, skill, expertise, and training in these subjects.

Deferred - too vague

**10.** **Vioxx as a Potential Cure for Cancer (Rec. Doc. 8287)**

The Plaintiff has filed a Motion in Limine to exclude evidence, testimony, or argument that Vioxx is a potential cure for cancer. The Plaintiff argues that such evidence is irrelevant, unsupported by expert testimony, and outside the scope of this litigation.

Denied

**11.    FDA Preamble on Preemption
         (Rec. Doc. 8293)**

The Plaintiff has filed a Motion in Limine to          Granted - 401/403
exclude testimony or argument about the
preamble to 71 Federal Register § 3922-01
and any statement by the FDA regarding
preemption.  The Plaintiff argues that such
evidence has no probative value in this case,
would result in undue prejudice, would
mislead the jury, and cause undue delay.

**12.    The "Martin Report" (Rec. Doc.
         8283)**

                                                       Granted - 801/403

The Plaintiff has filed a Motion in Limine to
exclude the "Martin Report."  The Plaintiff
argues that this report is hearsay and does
not fall within any hearsay exception.

**13.    April 6, 2005 FDA Memorandum
         (Rec. Doc. 8324)**

                                                       Deferred - will decide if this comes in
                                                       depending on the context in which it
The Plaintiff has filed a Motion in Limine to          comes up.
exclude the April 6, 2005 FDA staff
memorandum and all evidence or testimony
that the FDA has concluded that there is a
"class effect" for all NSAIDS.  The Plaintiff
argues that this information is false and
overly prejudicial.

| **MERCK'S MOTIONS IN LIMINE** | **GRANTED OR DENIED** |
|---|---|

**1.**     **Evidence and Testimony Addressed in Motions Previously Considered by the Court (Rec. Doc. 8326)**

Merck has filed a Motion in Limine reasserting various motions it filed in *Mason v. Merck*, 06-810:

| | |
|---|---|
| a.     Merck has filed a Motion in Limine to exclude improper reference to Merck's defense of other Vioxx-related lawsuits or to the number of times Merck witnesses have testified previously. Merck argues that these references are irrelevant and prejudicial. | Deferred - likely inadmissible unless witness is being impeached with prior testimony or if issue is made of Plaintiff's experts testifying in other cases |
| b.     Merck has filed a Motion in Limine to exclude improper personal opinions of David Graham regarding the Food and Drug Administration. Merck argues that Dr. Graham's opinions concerning the rules of the FDA and that if more stringent standards were in place the FDA would never have approved Vioxx are irrelevant, misleading, prejudicial, and are not grounded in any established methodology as required by Rule 702. | Denied - for the reasons stated at the October 12, 2006 hearing in *Mason v. Merck*, 06-810 |
| c.     Merck has filed a Motion in Limine to exclude evidence or argument pertaining to Dr. David Graham's "excess events" calculation. | Denied |
| d.     Merck has filed a Motion in Limine to exclude testimony or argument that Merck (1) should or could have unilaterally changed the Vioxx label to include the VIGOR data; or (2) "Dragged Its Feet" to prevent the VIGOR data from being added to the Vioxx label. Merck argues that such evidence is irrelevant since Mr. Smith didn't start taking Vioxx until six months after the FDA approved a new Vioxx label incorporating the VIGOR data in April of 2002. | Denied |

e.      Merck has filed a Motion in Limine to                Deferred - too broad
exclude testimony or argument regarding "all-cause
mortality" data from Alzheimer's disease clinical
trials..


f.      Informal Communications from the FDA.               Denied


g.      Evidence relating to the "Expression of             Deferred - probably
Concern" published in the *New England Journal of*          admissible because of
*Medicine* in December 2005.                                influence and effect of original
                                                            article on giving treating
                                                            physicians comfort in
                                                            prescribing Vioxx


h.      Marketing and promotional materials                 Denied
unrelated to Mr. Dedrick or his prescribers.


i.      Use of adverse event reports and case               Denied
reports to prove causation or culpability


j.      Unreliable and irrelevant medical and               Deferred - too broad
scientific evidence.


k.      Testimony of Eric J. Topol, M.D.                    Denied

**2. Omnibus Motion for Order Excluding Evidence and Testimony Addressed in Motions Previously Granted by the Court (Rec. Doc. 8395)**

Merck has filed a Motion in Limine to exclude evidence and testimony on the following issues addressed in motions previously granted by the Court:

| | |
|---|---|
| a. Communications between Merck and the FDA in 2005 about the potential reintroduction of Vioxx to the market and/or any proposed black box warning. | Granted - 403/407 - might revisit if the issue of ability to reintroduce w/ black box comes up |
| b. The Fries Letter and related evidence. | Granted in part - the letter is inadmissible, but some related evidence may be admissible to show action or habit |
| c. Evidence of Motive and Evidence Relating to the Assets and Profitability of Merck or to the Compensation and Financial Decisions of its Employees | Deferred - may be admissible to show motive |