# EXHIBIT 6

|  |  |
|---|---|
| MIA ROBINSON, a minor, by RACHEL ROBINSON, Guardian, and RACHEL ROBINSON, Individually,<br><br>                                   Plaintiff,<br><br>v.<br><br>WOLTERS KLUWER HEALTH, INC., WOLTERS KLUWER UNITED STATES INC., and PFIZER, INC.,<br><br>                                   Defendants. | : <br>: <br>: **COURT OF COMMON PLEAS**<br>: **PHILADELPHIA COUNTY**<br>: <br>: <br>: **JULY TERM 2011, No. 00778**<br>: <br>: <br>: <br>: <br>: |

**ORDER APPROVING JOINT STIPULATION AS TO CERTAIN MOTIONS *IN LIMINE***

AND NOW, this _11th_ day of _May_, 2015, upon consideration of the parties' Joint Stipulation as to Certain Motions *in Limine*, it is hereby ORDERED that the Stipulation is APPROVED.

BY THE COURT:

_____ J.

Robinson Etal Vs Wolters Kluwer Health, Inc -ORDER

11070077800627

| | |
|---|---|
| MIA ROBINSON, a minor, by<br>RACHEL ROBINSON, Guardian, and<br>RACHEL ROBINSON, Individually,<br><br>                             Plaintiffs,<br><br>v.<br><br>WOLTERS KLUWER HEALTH, INC.,<br>WOLTERS KLUWER UNITED STATES<br>INC., and PFIZER, INC.,<br>                             Defendants. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>JULY TERM 2011, No. 00778 |

## JOINT STIPULATION AS TO CERTAIN MOTIONS *IN LIMINE*

Plaintiff Mia Robinson and Defendant Pfizer Inc. ("Pfizer") have agreed to the following Motions *in Limine*:

1. To preclude evidence or argument that Pfizer owed a duty to warn Rachel Robinson directly. The parties agree that Pfizer only owed a duty to warn prescribing physicians.

2. To preclude reference to the presence or the absence of a Pfizer corporate representative during trial.

3. To exclude evidence or argument regarding communications between Pfizer sales representatives and health care professionals other than Dr. Andaleon, and to exclude evidence or argument regarding communications between sales representatives and Dr. Andaleon after she stopped prescribing Zoloft to Ms. Robinson.

4. To preclude any allegation, argument, or evidence that Pfizer defrauded, deceived, or misled the FDA.

5. To exclude any reference to the following irrelevant governmental actions: (i) a 2008 investigation by U.S. Senator Charles Grassley into certain medical researchers who were recipients of National Institute of Health ("NIH") research grants; and (ii) a 2006 study by the Government Accountability Office commissioned to address the FDA's handling of post-marketing safety issues, which focused on four medications not at issue in this case—Arava, Baycol, Bextra, and Propulsid.

6. To exclude references to public or media relations firms employed by or associated with Pfizer, and to any press releases or communications by public relations firms.

7. To preclude any comment on the use of jury consultants by either Plaintiff or Pfizer.

8. To exclude evidence or argument regarding civil settlements or corporate integrity agreements entered into by Pfizer or any of its subsidiaries.

9. To exclude evidence or argument regarding pre-trial discovery disputes between the parties, including, but not limited to, claims that Pfizer failed to comply with its discovery obligations and assertions that Plaintiff wanted to present certain evidence to the jury but was prevented from doing so by Pfizer or by the Court. Further, Pfizer agrees not to present any evidence or argument regarding any pre-trial discovery disputes it had with Plaintiff.

10. To exclude evidence or argument regarding the forthcoming changes to FDA regulations or guidance regarding pregnancy categories and pregnancy-related information in prescription medicine labels.

Plaintiff does not oppose the following Motions *in Limine* filed by Pfizer:

1. Pfizer's Motion *in Limine* No. 5 To Preclude Reference To Other Lawsuits Involving Pharmaceutical Products. Should Plaintiff believe that Pfizer has opened the door to admission of evidence or argument covered by this motion *in limine*, Plaintiff agrees to raise the issue with the Court before making any attempt to offer such evidence or argument. Plaintiff and Pfizer agree that in the event either side wishes to use testimony from other lawsuits during the *Robinson* trial, the parties will present the testimony without referencing the specific Court or name of the lawsuit.

2. Pfizer's Motion *in Limine* No. 8 To Exclude Graphic Photographs of Mia Robinson's Surgery and Demonstrative Evidence of Surgery. Plaintiff agrees to consult with Pfizer and to raise the issue with the Court before seeking to introduce post-operative photographs of Mia Robinson or demonstrative evidence of surgery.

Pfizer does not oppose the following Motions *in Limine* filed by Plaintiff:

1. Plaintiff's Motion *in Limine* No. 1 To Exclude Any Evidence, Argument, and/or References Regarding Collateral Sources and Insurance.

2. Plaintiff's Motion *in Limine* No. 10 To Exclude Any Evidence, Argument, and/or References Regarding the Purported "Litigation Crisis," "Lawsuit Crisis," "Lawsuit Abuse," or Similar Terms or Phrases.

3. Plaintiff's Motion *in Limine* No. 17 To Exclude Evidence, Argument, and/or References to Child Support Payments Made by Lenard Wilson.

4. Plaintiff's Motion *in Limine* No. 18 To Exclude Evidence, Argument, and/or References to Alleged Cocaine and Marijuana Use by Rachel Robinson.

3

Respectfully submitted,

<table>
<tr><td>

_/s/ Scott A. Love_  
Scott A. Love, Esq.  
CLARK, LOVE & HUTSON, GP  
440 Louisiana, 16th Floor  
Houston TX 77002  
(713) 757-1400  

***Attorneys for Plaintiff***

</td><td>

_/s/ Robert C. Heim_  
Robert C. Heim, Esq.  
DECHERT LLP  
Cira Centre  
2929 Arch Street  
Philadelphia, PA 19104-2808  
(215) 994-4000  

***Attorneys for Defendant Pfizer Inc.***

</td></tr>
</table>

Dated: May 8, 2015

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic filing (ECF) and e-mail on May 8, 2015 on the following counsel for Plaintiff:

Rosemarie Pinto, Esquire
**Feldman & Pinto, P.C.**
1604 Locust St., 2R
Philadelphia, PA 19103
(215) 546-2604 Telephone
(215) 546-9904 Facsimile
rpinto@feldmanpinto.com
**Attorneys for Plaintiff**

Scott A. Love, Esquire
Clayton A. Clark, Esquire
**Clark, Love & Hutson, GP**
440 Louisiana, 16th Floor
Houston TX 77002
(713) 757-1400 Telephone
(713) 759-1217 Facsimile
slove@triallawfirm.com
cclark@triallawfirm.com
**Attorneys for Plaintiff**

Ernest F. Koschineg, Esq.
Carolyn Purwin, Esq.
**Cipriani & Werner**
450 Sentry Parkway Suite 200
Blue Bell, PA 19422
Phone: (610) 567-0700
Ekoschineg@c-wlaw.com
cpurwin@c-wlaw.com
**Attorneys for Wolters Kluwer Health Inc.**

Eric H. Weitz, Esquire
**Messa & Associates**
123 South 22nd Street
Philadelphia, PA 19103
(215)-568-3500 Telephone
EWeitz@messalaw.com
**Attorneys for Plaintiff**

Joseph J. Zonies
jzonies@rplaw.com
Reilly Pozner, LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
**Attorneys for Plaintiff**

*/s/ Christopher R. Boisvert*
Christopher R. Boisvert