UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 11 REGARDING PERSONAL USE OF XARELTO**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or evidence about, the personal use of Xarelto by any party's family members, employees, experts, or witnesses.

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977). A court should exclude relevant evidence if its probative value is substantially outweighed

by a danger of unfair prejudice. *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

Testimony about the personal use of Xarelto by a party's family members, employees, witnesses, or experts is wholly unrelated to whether Xarelto is a defective product, whether the warnings provided about Xarelto were adequate, or whether Defendants acted negligently. This information will have no tendency to make a fact that is of consequence in this action more or less probable than it would be without the evidence, and it is thus irrelevant, *see* Fed. R. Evid. 401, and inadmissible. *See* Fed. R. Evid. 402.

Moreover, in the unlikely event that this information would have any arguable probative value, such value would be substantially outweighed by the dangers of unfair prejudice, undue delay and a waste of time, and it should be excluded on that ground as well. *See* Fed. R. Evid. 403. Presentation of this information may cause confusion and can be used to unfairly suggest that personal use by those individuals somehow equates to product safety.

When this Court was faced with this issue, the evidence either was precluded, or noted to be generally inadmissible. *See, e.g., Dedrick v. Merck & Co., Inc. (In re: Vioxx),* No. 2:05-md-01657, slip op., at ¶ 5 (E.D. La. Nov. 22, 2006) (attached as Exhibit 1) (excluding "any evidence, discussion, or argument that Merck employees, former employees, or family members of Merck employees took Vioxx prior to the drug's withdrawal from the market");[1] *Barnett v. Merck & Co., Inc. (In re: Vioxx),* No. 3:09-cv-10012, slip op., at ¶¶ 3(m), 7 (E.D. La. Nov. 18, 2011) (attached as Exhibit 2) (deferring ruling, but noting in paragraph 7 that this evidence "generally will not be admissible since it is of no relevance since it depends on dosage, time taken, age, prior condition

---

[1] In the same order, however, the ruling was deferred on a motion to preclude "[a]ny comment, inference, or personal anecdote from any Merck witnesses or lawyer that they or their family members used Vioxx." *Id.* at ¶ 3(m).

2

of party, risk factors, etc., which may be different [and] result in a trial w/in a trial [and} . . . confuse jury.").

State courts in other *Vioxx* litigation have precluded the evidence, explaining its irrelevance and prejudicial effect:

> Merck is essentially arguing that their employees' actions spoke louder than their words because they would not have consumed the drug, or let their family, if they believed it had the cardiovascular risks the plaintiff claims it had. The individual decision made by a person in consultation with their doctor to take a drug is a personal decision which can be made for many reasons. People are willing to take different risks. Some people, depending on their medical condition, may have been willing to gamble on the cardiovascular risks even if they knew of the risk. The exploration at trial of each employee's personal decision would be prejudicial, confusing and time consuming.
>
> The court finds that evidence that Merck employees or their family members took VIOXX is substantially more prejudicial than probative and must be excluded during trial. Such evidence does not have any probative value in answering the ultimate issues in the failure to warn aspect of the litigation. Allowing Merck employees to testify that they or their family members took VIOXX would be highly prejudicial to plaintiffs' claims and would not demonstrate with any reliability that VIOXX was more or less safer than was being represented by Merck to the public.

*Humeston v. Merck & Co., Inc.,* No. ATL-L-2272-03, slip op. at 2-3 (N.J. Sup. Ct. Sept. 2, 2005) (attached as Exhibit 3). *See also Messerschmidt v. Merck & Co., Inc.,* No. ATL-L-5520-05 (N.J. Sup. Ct. Jan. 18, 2007) (attached as Exhibit 4); *Doherty v. Merck & Co., Inc.,* No. ATL-L-638-05, slip op., at ¶¶ x, bb (N.J. Super. Ct. June 1, 2006) (attached as Exhibit 5); *Cona v. Merck & Co., Inc.,* No. ATL-3553-05, slip op. at ¶¶ x, bb (N.J. Super. Ct. Mar. 28, 2006) (attached as Exhibit 6).

As noted above, the fact that a party's family members, employees, witnesses, or experts may have been willing to take Xarelto does nothing to alleviate the obligation that Defendants had

to provide a safe drug with adequate safety information so Mr. Boudreaux could have made an informed decision.  Testimony about use by others would invite the jury to conclude that all non-disclosed safety information must have been inconsequential since Defendants' own employees, witnesses and/or family members still took the products, despite presumably knowing everything that Defendants knew about the drug. Giving the jury the opportunity to wrongfully infer product safety is substantially and unfairly prejudicial, and this evidence should therefore be excluded at trial.

For these reasons, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony or evidence regarding the personal use of Xarelto by any party's family members, employees, experts, or witnesses.

Dated:  March 29, 2017

Respectfully submitted,
*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**