# EXHIBIT 5

LOCKS LAW FIRM, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
(856) 663-8200
(856) 661-8400
Attorneys for Plaintiffs
By: Michael A. Galpern, Esquire



FILED Jun 1 2006 4:31PM

JUN 01 2006

Carol E. Higbee, P.J.Cv.

|  |  |
|---|---|
| ELAINE M. DOHERTY and<br>DANIEL J. DOHERTY, her husband<br><br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, ATLANTIC COUNTY<br><br>Docket No. ATL-L- 638-05 - MT<br><br>VIOXX LITIGATION<br>Case Code Number: 619<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION IN LIMINE NO. 3 TO<br>EXCLUDE CERTAIN SUBJECTS FROM<br>EVIDENCE AT TRIAL** |

This matter having come before the Court by way of Plaintiff's Motion In Limine No. 3 for an Order to Exclude Certain Subjects from Evidence at Trial and the Court having considered the submissions of the parties and for good cause shown,

It is this ___1st___ day of ___June___, 2006 ORDERED that the motion to exclude certain subjects from evidence is Granted in Part and Denied in Part as follows:

    a) that a verdict for plaintiffs will adversely impact pharmaceutical companies incentive/ability to develop new medications is hereby GRANTED;

    b) any comment or inference, or submitting any evidence, testimony, or documents tending to suggest in any way that any award of damages in this case will adversely affect the ability of any member of the jury to purchase, or have available medications in the future, or affect the cost thereof, or have any adverse effect on the medical, or health products

available to individuals or industries in the United States or worldwide is hereby GRANTED.

c) Making reference that this case or other Vioxx product liability litigation cases may have a negative impact on the stock price of Merck or any other publicly traded pharmaceutical manufacturer is hereby GRANTED.

d) That this case or any other Vioxx products liability case may cause an increase in the cost of purchasing or maintaining insurance is hereby GRANTED.

e) That this case or any other Vioxx products liability case may cause an increase in the cost of purchasing medications for the public is hereby GRANTED.

f) That plaintiff has had unrelated, prior or subsequent claims, suits or settlements, or the amounts thereof is hereby GRANTED.

g) Any comment, evidence, testimony, inference or document mentioning medical conditions of plaintiff or plaintiff's family that are unrelated to the injuries at issue in this lawsuit is hereby DENIED as too broad.

h) Any comment about how, when or under what circumstances plaintiffs chose or employed any of their attorneys, the date or circumstances under which plaintiffs employed their attorneys, the name of any other lawyer retained or consulted by plaintiffs, whether or not such lawyers were the original attorneys of record and whether such lawyer or any other lawyer referred them to the undersigned attorneys is hereby GRANTED.

i) The date or circumstances under which plaintiffs employed their attorneys, the name of any other lawyer retained or consulted by plaintiffs, whether or not such lawyers were the original attorneys of record and whether such lawyer or any other lawyer referred them to the undersigned attorneys is hereby GRANTED.

j) Any comment or evidence about current or former ownership interest by

Plaintiff's counsel, Plaintiff's experts, Plaintiff or Plaintiff's family in the defendant is hereby GRANTED.

k) Any comment, inference, evidence, testimony, or document tending to suggest or in any way reflect the financial status or resources of any of plaintiff's attorneys or their law firms, or any of those attorneys other business or cases is hereby GRANTED

l) Any comment, evidence, testimony, inference or document mentioning unapproved or off-label use is hereby DENIED as overly broad.

m) Any comment, evidence, testimony, inference or document mentioning any non-criminal conduct of plaintiffs is hereby DENIED as overly broad.

n) Any comment, inference, evidence, testimony, or document regarding any settlement negotiation offered or demanded by the parties to this lawsuit is hereby GRANTED.

o) Any mention or disclosure, whether directly or indirectly, in any manner, that plaintiffs are covered by some form of insurance for the incident in question is hereby GRANTED.

p) Any indication that defendant may have to pay a judgment entered in this case, that defendant may have limited policy limits or cash, or the effect or results of such judgment upon the insurance rates, premiums, finances or ability of defendant to compete in the marketplace is hereby GRANTED.

q) Any suggestion that any recovery that plaintiffs may receive in this case in the way of damages awarded by a jury verdict, be subject to prejudgment interest or judgment interest is hereby GRANTED.

r) Any mention that Plaintiff's recovery will be increased or enhanced by operation of law is hereby GRANTED.

s) Any comment, inference, evidence, testimony, or document tending to suggest in any way that an award of punitive damages in this case is unconstitutional, illegal, or not supported by the current state of law is hereby GRANTED.

t) Any mention of the purported litigation crisis, lawsuit crisis, lawsuit abuse, or similar terms or phrases is hereby GRANTED.

u) That plaintiff's attorneys and their law firms primarily represent plaintiffs in lawsuits or specialize in personal injury or product liability litigation is hereby GRANTED

v) The plaintiff's fee arrangement and who is paying expenses or is responsible for expenses in connection with this litigation is hereby GRANTED.

w) Any comment, evidence, testimony, inference or document mentioning, suggesting or inferring that if defendant is made to pay a judgment that it may negatively affect the New Jersey economy or prompt or cause layoffs is hereby GRANTED.

x) Any comment or personal anecdote from any witness or lawyer for the defendant about themselves, or family members who have used Vioxx is hereby GRANTED.

y) Any comment, evidence, testimony, inference or document mentioning, suggesting or inferring that Vioxx was taken off the market due to media hype caused by attorneys or the media themselves is hereby GRANTED.

z) Any comment, evidence, testimony, inference or document that bolsters the unchallenged character (e.g., honest) or traits (e.g., generous) of the defendant's current or former employees, managers, consultants, experts, agents, or fiduciaries preemptively is hereby GRANTED.

aa) Any reference to complex diagnosis or opinions in the medical records of healthcare personnel that are not witnesses live or by deposition at trial is hereby GRANTED.

bb) That any of Plaintiff's family, friends, or acquaintances has taken Vioxx is hereby GRANTED.

cc) That any members of the public or medical community desire that Vioxx be placed back on the market is hereby GRANTED.

dd) Any comment, evidence, testimony, inference or document mentioning that state warning defect or failure-to-warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings in order to avoid lawsuits is hereby GRANTED.

ee) Any comment, evidence, testimony, inference or document mentioning that state tort law undercuts the FDA's mission to provide only scientifically valid warning is hereby GRANTED.

ff) Any comment, evidence, testimony, inference or document mentioning that too many warnings of serious injuries will dilute the effectiveness of warnings generally is hereby DENIED.

gg) Any comment, evidence, testimony, inference or document mentioning that state products liability law frustrates the FDA's protective regime is hereby GRANTED.

hh) Any comment, evidence, testimony, inference or document mentioning that defendant should not be exposed to fifty-one separate tort-law regimes is hereby GRANTED.

ii) Any comment, evidence, testimony, inference or document mentioning that state law must be preempted to protect the public from recklessly warning of unsubstantiated associations between drugs and health risks is hereby GRANTED.

And it is further ORDERED that plaintiffs shall serve a copy of this Order upon receipt.

_____
CAROL E. HIGBEE, P.J.Cv.