UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 12 REGARDING INDIVIDUAL CHARACTER EVIDENCE**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from making comments or references, or attempting to introduce or introducing testimony or evidence, to bolster the unchallenged character (e.g., honesty) or traits (e.g., generosity) of Defendants' current or former employees, managers, consultants, experts, agents, fiduciaries, or witnesses, but noting that bolstering character or trait evidence about those individuals may be presented if, but only if, their character or traits have been challenged.

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F.

Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977). A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

The only conceivable purpose for presenting evidence about the character or traits of witnesses whose character or traits have not been challenged is to purport show that those witnesses are good, honest, generous people who are simply incapable – or at least unlikely – to act badly or dishonestly. This is precisely the sort of propensity evidence that Federal Rules of Evidence 404(a)(1) and 608 are meant to bar, and so even assuming this type of evidence is relevant and not otherwise barred as unfairly prejudicial by Rule 403 – which is unlikely – it is explicitly barred by Rules 404(a)(1) and 608.

When faced with the issue of individual character evidence in the *Vioxx* litigation, this Court deferred ruling, but referenced Federal Rule of Evidence 608(a)(2). *See Barnett v. Merck & Co., Inc. (In re: Vioxx),* No. 3:09-cv-10012, slip op., at ¶¶ 3(o), (E.D. La. Nov. 18, 2011) (attached as Exhibit 1); *Dedrick v. Merck & Co., Inc. (In re: Vioxx),* No. 2:05-md-01657, slip op., at ¶ 3(o) (E.D. La. Nov. 22, 2006) (attached as Exhibit 2). Presumably this is intended to reference the second sentence of Rule 608(a), which states that "evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked."

Essentially the same view was taken by other courts when granting similar motions to preclude individual character evidence. For example, in the Tylenol MDL, the court granted a motion to preclude evidence bolstering the unchallenged character or traits of Defendants' witnesses, while noting the Defendants' right to defend after a witness's character or traits is attacked:

> The unchallenged character of the defendants' current or former employees is not relevant to their case-in-chief. I will **GRANT** this request for evidence regarding unchallenged character or character evidence offered preemptively. However, the defendants are entitled to present such evidence if the character/traits of one of the aforementioned witnesses are attacked by the plaintiff at trial.

*Terry v. McNeil-PPC, Inc. (In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prods. Liab. Litig.),* No. 2:12-cv-07263, 2016 U.S. Dist. LEXIS 72774, at *23-24 (E.D. Pa. June 3, 2016).

Similar rulings were entered in the *Tylenol* state court litigation and in the *Depakote* MDL. *See Lyles v. McNeil-PPC, Inc.,* No. ATL-L-8655-11, slip op. at ¶ 12(P) (N.J. Super. Ct. Aug. 21, 2014) (attached as Exhibit 3) (granting motion to preclude character testimony "subject to Defendant's right to defend its character as per Evidence Rule 404(c)"); *Kaleta v. Abbott Labs., Inc. (In re Depakote),* No. 14-CV-847, 2015 U.S. Dist. LEXIS 108397, at *13 (S.D. Ill. Feb. 20, 2015) (granting motion to preclude character evidence regarding Abbott while noting that "[i]f Plaintiffs open the door by attacking the character of Abbott's employees, Abbott may seek to admit testimony on the same issues. Otherwise, the evidence is likely not relevant.").

In order to supply the missing component that appears to have been responsible for denial of the requested preclusion in the federal *Vioxx* orders, and to align with the orders from the cases cited above where the requested preclusion was granted, Plaintiffs have tailored the proposed order in this case to include qualifying language about the right to defend the character or traits of a witness whose character or traits have been challenged.[1]

For these reasons, Plaintiffs request an order prohibiting all witnesses and counsel from making comments or references, or attempting to introduce or introducing testimony or evidence,

---

[1] Plaintiffs note, however, that this qualification was not part of the orders granting preclusion in the state *Vioxx* litigation, or in the preclusion agreement in the *Yaz* MDL. *See Doherty v. Merck & Co., Inc.,* No. ATL-L-638-05, slip op., at ¶ z (N.J. Super. Ct. June 1, 2006) (attached as Exhibit 4); *Cona v. Merck & Co., Inc.,* No. ATL-3553-05, slip op. at ¶ z (N.J. Super. Ct. Mar. 28, 2006) (attached as Exhibit 5); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* No. 3:09-md-2100, 2011 U.S. Dist. LEXIS 147935, at *42 (S.D. Ill. Dec. 22, 2011).

3

to bolster the unchallenged character (e.g., honesty) or traits (e.g., generosity) of Defendants' current or former employees, managers, consultants, experts, agents, fiduciaries, or witnesses, but noting that bolstering character or trait evidence about those individuals may be presented if, but only if, their character or traits have been challenged.

Dated:  March 29, 2017                                    Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**