# EXHIBIT 3

FILED

AUG 2 1 2014

NELSON C. JOHNSON, J.S.C.

**COURT INITIATED**

ANGELA LYLES, BOTH
INDIVIDUALLY AND ON BEHALF OF
THE ESTATE OF KIYANA LEMON,
DECEASED

PLAINTIFF(S)

VS

McNEIL-PPC, INC., McNEIL
CONSUMER HEALTHCARE and
JOHNSON & JOHNSON, INC.

DEFENDANT(S)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ATLANTIC COUNTY
DOCKET NO. ATL-L-8655-11

**ORDER ON
MOTIONS *IN LIMINE*** 

THIS MATTER having been brought before the Court on the *in limine* Motions of both Plaintiff and Defendant; and the Court having made careful consideration of the parties' pleadings and submissions; and counsel having been granted the opportunity to be heard at a hearing on August 14, 2014; and for the reasons stated in the Court's Memorandum of Decision of even date herewith, the terms of which may be referenced at trial to address those situations in which an Ev. R. 104 Hearing may be necessary; and for good cause shown;

IT IS ON THIS 21st day of AUGUST, 2014, ORDERED, as follows:

PLAINTIFF'S MOTION TO:

1. Exclude any evidence, argument or inference pertaining to character assassination of plaintiff, plaintiff's decedent and plaintiff's family is GRANTED.

2. Exclude any evidence, argument, inference pertaining to Kiyana Lemon's non-criminal juvenile conduct and juvenile court and law enforcement records is GRANTED.

3. Exclude any evidence, argument or inference pertaining to Kiyana Lemon's experimentation with alcohol, tobacco or illicit drugs is GRANTED in part; DENIED in part.

4. Preclude gratuitous reference to the fact that plaintiff is from out of state is GRANTED.

5. Exclude any evidence, argument, inference pertaining to Kiyana Lemon's sexual history is GRANTED.

6. Exclude any evidence, argument, inference pertaining to any settlement negotiations offered or demanded prior to or during trial is GRANTED.

7. Preclude defendants from engaging in certain pretrial advertising or otherwise engaging in reputation publicity is DENIED.

8. Exclude evidence relating to the personal use of Tylenol by any plaintiff and defendant employee, witness, expert witness and/or their family members is GRANTED.

9. Strike certain deposition testimony of AASLD R. 4:14-2(c) witness Sherrie Cathcart is DENIED.

10. Exclude any evidence, argument, inference pertaining to Facebook accounts of plaintiff and Kiyana Lemon is GRANTED.

11. Exclude any evidence, argument inference that Kiyana Lemon was depressed or suicidal before her acute liver failure is GRANTED in part; DENIED in part.

12. Exclude certain subjects of evidence at trial:

    A. Adverse Impact upon development of medications – GRANTED.
    B. Adverse Impact upon jurors' access to medications – GRANTED.
    C. Stock Value – GRANTED.
    D. Job Loss – GRANTED.
    E. Retention of Legal Counsel– GRANTED, subject to possible discussion upon proffer of relevance by defense counsel. The burden of persuasion will be quite demanding.
    F. Financial Status – GRANTED without any of the qualifications urged by defense; whether Defendant's financial status is relevant will be determined by the Court, if necessary. [NOTE: the Court does not have before it a "goose and a gander" but, rather, a goose and a rooster.]

      G. Jet Travel – GRANTED.
      H. Impact of Judgment – GRANTED.
      I. Interest on Judgment – GRANTED.
      J. Punitive Damages – GRANTED. There will be no discussion of punitive damages until the Court determines it is warranted following an appropriate finding by the jury.
      K. Litigation Crisis – GRANTED.
      L. Seminars – GRANTED.
      M. Fee Arrangement – GRANTED, subject to qualification that this issue may be revisited upon submission of a "specific illustration." The burden of persuasion will be quite demanding.
      N. Insurance – GRANTED, subject to the Court's authority to "mold" any jury award to prevent a double recovery.
      O. New Jersey Economy – GRANTED.
      P. Character Testimony – GRANTED, subject to Defendant's right to defend its character as per Evidence Rule 404(c).
      Q. Societal Good – GRANTED.
      R. Pressure on Drug Manufacturers – DENIED, without prejudice. Based upon the comments of counsel at oral argument, Plaintiff's counsel has the burden of persuasion.
      S. FDA's Mission – GRANTED as presented. Nonetheless, the Court and all counsel recognize that the FDA's "Mission" will be relevant to portions of the issues raised in this litigation.
      T. Dilute Warnings – DENIED. Nonetheless, all expert testimony will be subject to the Court's discretion.
      U. Compliance with FDA – DENIED. See answer to "T" above.
      V. Removal of Tylenol – GRANTED.
      W. New Liver – GRANTED.
      X. Good Acts - GRANTED, subject to Defendant's right to defend its character as per Evidence Rule 404(c).

13. Exclude the presentation of defendant's counter-designations during plaintiff's case-in-chief is DENIED.

14. Exclude evidence on certain FDA issues is GRANTED in part; DENIED in part. See Rulings at #12, "S" and "T" hereinabove.

15. De-designate certain documents designated as confidential or highly confidential is DENIED.

DEFENDANT'S MOTION TO:

1. Exclude evidence of, or reference to, Adverse Event Reports is DENIED.

2. Exclude defendants' draft company documents and internal reports that were not disseminated is GRANTED.

3

3. Exclude evidence or argument about alleged ghostwriting is GRANTED.

4. Prevent argument relating to confidentiality designations is GRANTED.

5. Preclude reference to witnesses not called is GRANTED.

6. Exclude testimony of defendant's former employees elicited through leading questions is DENIED.

7. Exclude evidence, argument relating to defendant's profit margins, net worth & other financial information is GRANTED.

8. Exclude, argument relating to liability insurance is GRANTED.

9. Exclude evidence, argument relating to employee compensation is DENIED.

10. Preclude any "Golden Rule" argument is GRANTED.

11. Exclude testimony regarding Defendant's state of mind is DENIED.

12. Exclude evidence, argument relating to fraud on the FDA is DENIED.

13. Exclude evidence, argument relating to alleged inadequacy of the FDA's regulatory process is GRANTED.

14. Close the court room during testimony pertaining to highly confidential information is DENIED.

15. Exclude evidence of manufacturing & production matters involving McNeil products & related testimony before congress is GRANTED in part; DENIED in part.

16. Exclude evidence & other lawsuits, settlements, government investigation & unrelated recalls is DENIED.

17. Exclude FDA 483 communications and corrective preventative action plans is DENIED.

18. Exclude evidence, argument concerning FDA prescription labeling for acetaminophen products is GRANTED.

19. Exclude evidence, argument regarding any document events labeling changes post-date decedents 9-09 liver failure is GRANTED.

20. Exclude evidence, argument regarding what the FDA may do in the future is GRANTED.

21. Exclude evidence, argument related to the 06-09 advisory committee meeting is GRANTED.

22. Exclude evidence, argument based on defendant's exercise of their constitutional protected right to petition government is GRANTED.

23. Exclude evidence, argument related to foreign labeling and foreign regulatory actions is GRANTED.

24. Exclude marketing & promotional materials is DENIED.

25. Exclude media reports relating to Tylenol is GRANTED in part; DENIED in part.

26. Exclude evidence, testimony by Neil Kaplowitz regarding anecdotal injuries of his patients is DENIED.

27. Exclude highly confidential information/reference to content of disclosure of highly confidential information to expert witness is DENIED.

28. Exclude "3rd party witnesses" Dr. William Lee and Dr. Melissa Lai Becker is GRANTED, subject to the terms of the Court's letter to counsel dated August 6, 2014, the terms of which are incorporated herein by reference.

29. Exclude testimony regarding inapplicable "risk factors" is GRANTED.

30. Exclude inapplicable "narrow therapeutic to toxic range" regarding acetaminophen is DENIED.

31. Exclude evidence and argument related to statements submitted by the American Association for the study of liver diseases to the FDA and the 2006 press release issued by the American Liver Foundation is GRANTED in part; DENIED in part.

32. Quash/enjoin enforcement of Plaintiff's subpoena served on non-party Colleen Goggins is GRANTED.

33. Exclude evidence and argument related to 2002 advisory committee meeting is GRANTED in part; DENIED in part.

34. Strike Affidavit of Gerald Rachanow is DENIED.

35. Request Rule 104(A) hearing is GRANTED.

    IT IS FURTHER ORDERED that a copy of this Order shall be served upon all parties within seven (7) days of its receipt.

_/s/ Nelson C. John__ 8-21-14_
NELSON C. JOHNSON, J.S.C.

6