UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Boudreaux v. Bayer Corp., et al.* | * | JUDGE ELDON E. FALLON |
| Case No. 2:14-cv-02720 | * | |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 13 REGARDING DEFENDANTS' CORPORATE CHARACTER AND GOOD ACTS

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or evidence about, Defendants' corporate character, reputation, good acts, or charitable contributions, or the societal good performed by their manufacture of pharmaceuticals.  Alternatively, if Defendants are permitted to introduce evidence of their "good" character, then Plaintiffs should be permitted to offer evidence of Defendants' "bad" character.

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence.  Fed. R. Evid. 401.  However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F.

Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977).  A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice.  *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

Plaintiffs anticipate that Defendants may attempt to argue or suggest to the jury during trial that they are "good" companies that benefit society by making drugs that either improve or save people's lives, or by making charitable contributions or engaging in other good acts.  The only conceivable purpose for such evidence would be to purport that Defendants are "good companies" that are simply incapable – or at least unlikely – to make harmful products or irresponsible decisions.  This is precisely the sort of propensity evidence that Federal Rule of Evidence 404(a)(1) is meant to bar, and so even assuming this type of evidence is relevant and not otherwise barred as unfairly prejudicial by Rule 403 – which is unlikely – it is explicitly barred by Rule 404(a)(1).

Evidence to this effect, albeit more specific evidence to this effect, has been precluded by this and other courts.  *See, e.g., Barnett v. Merck & Co., Inc. (In re: Vioxx),* No. 3:09-cv-10012, slip op., at ¶ 4 (E.D. La. Nov. 18, 2011) (attached as Exhibit 1);[1] *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* No. 3:09-md-2100, 2011 U.S. Dist. LEXIS 147935, at *42 (S.D. Ill. Dec. 22, 2011).

Alternatively, if this Court permits introduction of Defendants' alleged "good acts," Plaintiff should be permitted to present rebuttal evidence about Defendants' "bad acts." Defendants cannot use their business practices as both a sword and a shield, so if they were permitted to attempt to sway jurors' emotions in their favor by use of improper character evidence, they would open the door to Plaintiffs' use of contrary evidence to show the jury the substantial

---

[1] A similar motion had been denied five years earlier in *Dedrick v. Merck & Co., Inc. (In re: Vioxx),* No. 2:05-md-01657, slip op., at ¶ 4 (E.D. La. Nov. 22, 2006) (attached as Exhibit 2).

harms their other products have wrought on consumers.  Such contrary evidence would include the following:

- In as early as 1848, Bayer Pharmaceutical Products trademarked the opiate diacetylmorphine, gave it the name heroin, and was the first company to mass produce it.  Bayer advertised heroin as a cough medicine for children, saying it was harmless and helped cure colic.  *See* Exhibit 3.

- Bayer's parent company, I.G. Farben, manufactured Zyklon B, a gas used in Nazi extermination camps.  Inmates worked as slave labor, and when they were too tired to continue to work, they were gassed to death.  The International War Crimes Tribunal pronounced the company guilty for its share of responsibility in the war and the crimes of the Nazi dictatorship.  *See* Exhibit 4.

- Bayer knowingly sold a blood-clotting medication that was tainted with HIV+ blood cells, infecting hemophiliacs with the AIDS virus.  Bayer was able to fix the problem, but continued to sell the old formulas to overseas third world countries until the supply ran out.  *See* Exhibit 5.

- In the 1990s, Bayer advertised that a regular aspirin regimen would prevent heart attacks and strokes in the general adult population.  The Federal Trade Commission pointed out that these claims were unsubstantiated and that daily doses of aspirin may be harmful to some adults.  In 2000, Bayer entered into a consent decree with the United States Government to settle this matter.  *See* Exhibit 6.

- Between 1998 through 2000, Bayer was using college students in England as guinea pics in a pesticide study, in contravention of the Nuremberg Code, which bans the use of human testing for poisonous substances where the risk exceeds the benefit to humanity.  Bayer paid the students roughly $450 each to ingest Baygon pesticide.  After the students showed no short-term ill effects, Bayer argued that the British government should loosen its restrictions on the use of pesticide, despite the long-term effects of cancer and birth defects in offspring.  *See* Exhibit 7.

- Bayer and GlaxoSmithKline pled guilty to defrauding the Medicare system.  Their scheme involved both deliberate and complex: lying to the federal government, providing false pricing information for prescription drugs, and preventing Medicare from obtaining discount prices.  *See* Exhibit 8.

This is not a comprehensive history of the actions taken by Bayer, but serves as examples of the bad character evidence that Plaintiffs may introduce if Defendants present evidence of their good character.

For these reasons, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony or evidence regarding Defendants' corporate character, reputation, good acts, or charitable contributions, or the societal good performed by their manufacture of pharmaceuticals.  Alternatively, if Defendants are permitted to introduce evidence of their "good" character, Plaintiffs request permission to offer evidence of Defendants' "bad" character.

Dated:  March 29, 2017

Respectfully submitted,
*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**