# EXHIBIT 6

ROBERT J. CLEARY
United States Attorney

Assistant United States Attorney
Peter W. Rodino Federal Building
7th Floor
970 Broad Street
Newark, NJ 07102

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA, Plaintiff,
v.
BAYER CORPORATION, a corporation, Defendant.

CIV. ACTION NO.

CONSENT DECREE

WHEREAS: Plaintiff, the United States of America, has commenced this action by filing the Complaint herein; defendant, Bayer Corporation, has waived service of the Summons and Complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law and without defendant admitting liability for any of the matters alleged in the Complaint;

THEREFORE, on the joint motion of plaintiff and defendant, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. This Court has jurisdiction over the subject matter and the parties.

2. The Complaint states a claim upon which relief may be granted against defendant under Sections 5(l), 9, 13(b) and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(l), 49, 53(b) and 56(a).

## DEFINITIONS

3. For purposes of this Consent Decree, "Commission's Order" shall mean the Federal Trade Commission ("Commission") Order in FTC Docket No. 8919, a copy of which is attached as Appendix A to this Consent Decree.

4. For purposes of this Consent Decree, "clearly and prominently" shall mean as follows:

> A. In an advertisement communicated through an electronic medium (such as television, video, radio and interactive media such as the Internet and online services), the disclosure shall be presented simultaneously in both the audio and video portions of the advertisement. *Provided, however*, that in any advertisement presented solely through video or audio means, the disclosure may be made through the same means in which the ad is presented. The audio disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it. The video disclosure shall be of a size and shade, and shall appear on the screen for a duration, sufficient for an ordinary consumer to read and comprehend it. In addition to the foregoing, in interactive media the disclosure shall also be unavoidable.

> B. In a print advertisement or promotional material, the disclosure shall be in a type size and location sufficiently noticeable so that an ordinary consumer will read and comprehend it, in print that contrasts with the background against which it appears. In multi-page documents, the disclosure shall appear on the cover or first page.

5. For purposes of this Consent Decree, "competent and reliable scientific evidence" shall mean tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

## CONSUMER EDUCATION

6. Defendant Bayer Corporation, its successors and assigns, shall conduct a consumer education program that includes dissemination of print advertisements and brochures as set forth in Appendices B, C and D. The cost of this consumer education program is estimated to be $1 million.

7. Within sixty (60) days after complying with paragraph 6 above, defendant shall provide to Commission staff a written report detailing defendant's compliance with paragraph 6 above.

## INJUNCTION

8. Defendant Bayer Corporation, its successors and assigns, and their officers, agents, representatives and employees, and all persons in active concert or participation with any one or more of them who receive actual notice of this Consent Decree by personal service or otherwise, are hereby permanently enjoined from ever, directly or through any corporation, subsidiary, division, or other device, violating any provision of the Commission's Order.

9. Defendant Bayer Corporation, its successors and assigns, and their officers, agents, representatives and employees, and all persons in active concert or participation with any one or more of them who receive actual notice of this Consent Decree by personal service or otherwise, in connection with the manufacturing, advertising, promotion, offering for sale, sale or distribution of any aspirin product, in or affecting commerce, as "commerce" is defined in the FTC Act, are hereby permanently enjoined from ever, directly or through any corporation, subsidiary, division, or other device, making any representation, in any manner, expressly or by implication, about the benefits of regular aspirin use, including, but not limited to, the prevention of heart attacks, transient ischemic attacks and strokes, unless:

> A. At the time such representation is made, defendant possesses and relies upon competent and reliable scientific evidence that substantiates the representation; and
>
> B. Defendant makes the following disclosure, clearly and prominently, and in close proximity to the representation:
>
>> Aspirin is not appropriate for everyone, so be sure to talk to your doctor before you begin an aspirin regimen.
>
> *Provided, however*, that when a representation about the benefits of regular aspirin use is made in any television or video advertisement that has a duration of 15 seconds or less, defendant may comply with subparagraph 9.B. by making the following disclosure, clearly and prominently, and in immediate conjunction with the representation:
>
>> Be sure to talk to your doctor before you begin an aspirin regimen.
>
> *Provided further*, that subparagraph 9.B. shall not apply to any representation for aspirin, or a combination of aspirin and other over-the-counter drugs, that is permitted in over-the-counter labeling for any such drug under any tentative final or final standard promulgated by the Food and Drug Administration, or any new drug application approved by the Food and Drug Administration.
>
> *Provided further*, that subparagraph 9.B. shall not apply to the brochure attached hereto as Appendix C.

10. In the event that the Commission's Order is hereafter modified, defendant's compliance with such Order as so modified shall not be deemed a violation of this injunction.

## PERSONS AFFECTED; CONTINUING JURISDICTION

11. Defendant Bayer Corporation, shall, within thirty (30) days after the entry of this Consent Decree, provide a copy of the Commission's Order and a copy of this Consent Decree to each of its officers, and to each of its agents and employees responsible for the advertising or promotion of any nonprescription internal analgesic product. Within ten (10) days of complying with this paragraph, defendant shall file an affidavit with the Court and serve the Commission, by mailing a copy thereof, to the Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, Washington, D.C. 20580, setting forth the fact and manner of its compliance, including the name and title of each person to whom a copy of the Commission's Order and this Consent Decree has been provided.

12. For a period of five (5) years from the date of entry of this Consent Decree, defendant, its successors and assigns, shall maintain and, upon request, make available to the Commission, copies of all business records demonstrating compliance with the terms and provisions of this Consent Decree.

13. This Court shall retain jurisdiction of this matter for the purpose of enabling any of the parties to this Consent Decree to apply to the Court at any time for such further orders or directives as may be necessary or appropriate for the interpretation or modification of this Consent Decree, for the enforcement of compliance therewith, for the redress of any violations thereof, or for the punishment of any violations thereof.

JUDGMENT IS THEREFORE ENTERED in favor of plaintiff and against defendant, pursuant to all the terms and conditions recited above.

Dated this _____ day of _____, 2000.

_____
United States District Judge

The parties, by their respective counsel, hereby consent to the terms and conditions of the Consent Decree as set forth above and consent to the entry thereof. Defendant waives any rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412, *amended by* Pub. L. 104-21, 110 Stat. 847, 863-64 (1996).

FOR THE UNITED STATES OF AMERICA:

DAVID W. OGDEN
Acting Assistant Attorney General
Civil Division
United States Department of Justice


ROBERT J. CLEARY
United States Attorney
District of New Jersey

By:

_____
Assistant United States Attorney
Peter W. Rodino Federal Building
7th Floor
970 Broad Street
Newark, NJ 07102
(973) 645-2700

EUGENE M. THIROLF
Director
Office of Consumer Litigation


_____
Attorney
Office of Consumer Litigation
Civil Division
U.S. Department of Justice
Washington, D.C. 20530
(202)

FOR THE FEDERAL TRADE COMMISSION:

ELAINE D. KOLISH
Associate Director for Enforcement

MARY K. ENGLE
Assistant Director for Enforcement


JOEL C. WINSTON
Assistant Director for Advertising Practices

LOUISE R. JUNG<br>
Attorney<br>
Division of Enforcement<br>
Bureau of Consumer Protection<br>
Federal Trade Commission<br>
Washington, D.C. 20580<br>
(202) 326-2989

FOR THE DEFENDANT:

BAYER CORPORATION

By:

GARY S. BALKEMA
Executive Vice President

By:

WILLIAM E. HAWXHURST
Vice President and Assistant General Counsel
Attorney for Defendant

## APPENDIX B

## UNITED STATES v. BAYER CORPORATION

## CONSUMER EDUCATION

### Background

1. Pursuant to Paragraph 6 of the Consent Decree, Bayer Corporation shall implement a national consumer education campaign. The goal is to provide consumers with information about

(a) benefits and risks associated with an aspirin regimen for prevention of heart attacks and strokes, and (b) the need to consult a doctor prior to beginning an aspirin regimen.

### Consumer Brochure

2. As described below, Bayer Corporation shall distribute a consumer brochure, attached to the Consent Decree as Appendix C (hereinafter "brochure").

### Internet Availability of Consumer Brochure

3. For a period of one (1) year beginning February 1, 2000, Bayer Corporation will place, clearly and prominently, a link to the full text of the consumer brochure on the home page of Bayer Corporation's primary web site for Bayer aspirin products (currently www.bayeraspirin.com). The link to this brochure shall be "Aspirin Regimen Therapy - Is It Right for You?"

### Print Advertisements for Consumer Brochure

4. Bayer Corporation shall place a full page print advertisement, attached to the Consent Decree as Appendix D, in the following publications from February to May 2000:

    a. *Prevention*: publications for the months of February and May;

    b. *Newsweek* 50+: publications for the weeks of February 21, March 20 and May 15;

    c. *McCalls* Primetime: publications for the months February, April and May;

d. *TV Guide* Mature: publications for the weeks of February 14, March 13 and April 10,

5. If Bayer Corporation, from February 1 through June 30, 2000, disseminates any other print advertisement that contains any representation, directly or by implication, about aspirin's cardiovascular benefits (for example, help save lives, prevent heart attack or stroke, reduce the risk of death from a heart attack, depiction of an EKG trace), Bayer Corporation shall include the following statement, clearly and prominently, in said print advertisement: "For a free brochure on aspirin, heart attack and stroke, call 1-800-332-2253."

## Toll-free Number for Consumers

6. For a period of one (1) year beginning February 1, 2000, Bayer Corporation shall provide a toll-free number, reasonably accessible 24 hours/day, for consumers to call and leave a message requesting free copies of the brochure. Bayer Corporation shall list this toll-free number in the above-mentioned print advertisements, as well as in the above-mentioned brochure.

7. Within seven (7) calendar days after receiving a consumer's request for brochures, Bayer Corporation shall mail the requested brochures to the consumer. Bayer Corporation shall fulfill all requests for one (1) to twenty-five (25) copies of the brochure, but may, at its own discretion, limit the number of brochures sent to an individual consumer to a total of twenty-five (25).

## Distribution of Consumer Brochures to Physicians and Others

8. Within six (6) months after the effective date of the Consent Decree, Bayer Corporation, through its medical sales force, shall deliver, by hand or mail, 625,000 copies of the brochure to approximately 25,000 physicians, including cardiologists, general practitioners and obstetricians/gynecologists. Approximately twenty-five (25) copies of the brochure will be delivered to each physician.

9. Within one (1) year after the effective date of the Consent Decree, Bayer Corporation shall distribute an additional 50,000 copies of the brochure through its consumer relations efforts and ad hoc sampling opportunities, which may include NASCAR events, Walking for Wellness, trade shows, etc.