UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 14 REGARDING PREEMPTION AND STATE TORT LAWS

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence, or introducing testimony or evidence, suggesting that state law should be preempted by federal law, or that Defendants should not be subjected to fifty-one separate tort law regimes.

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence.  Fed. R. Evid. 401.  However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice.  *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977).  A court should exclude relevant evidence if its probative value is substantially outweighed

by a danger of unfair prejudice. *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

Under *Wyeth v. Levine*, 555 U.S. 555 (2009), federal law does not preempt failure-to-warn claims against a branded drug manufacturer. The only exception to this is when the manufacturer establishes that changing its warning to comply with its state law duty to warn was impossible, because federal law prohibited the company from doing so. *Id.* at 573. In the branded drug context, a manufacturer's update to its warning is rarely impossible because federal law allows manufacturers to add or strengthen warnings to their labels without prior FDA approval. *See* 21 C.F.R. §§ 314.70(c)(6)(iii)(A), (C). Therefore, even where the FDA has already approved the text of a label, the manufacturer is free to update the label based on new information or reanalysis of existing information. *See Wyeth*, 555 U.S. at 568.

Here, under 21 C.F.R. §§ 314.70(c)(6)(iii)(A), (C), Defendants had the ability to update Xarelto's label, without prior FDA approval, to reflect newly acquired information to (1) add or strengthen a warning, precaution, or adverse reaction or (2) add or strengthen an instruction about dosage and administration that is intended to increase the safe use of Xarelto. Defendants thus were able to instruct physicians and patients on the need for a monitoring and dose adjustment protocol to reduce the risks of major bleeding events. In its review of the Xarelto new drug application, for example, the FDA reviewer noted that Defendants *elected* not to offer a blood monitoring and dose adjustment instruction:

> *Desirability of Monitoring for Adjustment of XARELTO Dose*
> The clinical pharmacology and clinical reviewers demonstrated that there is a linear correlation between rivaroxaban levels and prothrombin time (PT). They also demonstrated that there is also a correlation between PT and risk of bleeding. ***This applicant has not chosen to utilize this information***. In fact, so far as we are aware, none of the other manufacturers/sponsors of other oral anticoagulants that inhibit single coagulation factors have chosen to

2

> utilize pharmacokinetic/pharmacodynamic information to explore adjusting dose to optimize safety and efficacy. ***It is convenient for patients to be able to dispense with the at least monthly monitoring required for warfarin (perhaps increasing the willingness of health care providers to prescribe and patients to take an anticoagulant). However, infrequent monitoring (perhaps at initiation and yearly thereafter) to assure appropriate dosing of drugs that prevent stroke and cause bleeding may improve outcomes and be acceptable to patients***.

FDA Summary Review, Application No. 202439Orig1s000, at p. 9 (Nov. 4, 2011) (attached as Exhibit 1) (emphasis added).

Because Defendants were clearly able under federal law to update their label to instruct physicians and patients about an appropriate monitoring and dosing regimen, and because they have never attempted to do so, preemption is not an issue in this case. Any effort by Defendants to offer evidence or argue preemption to the jury, therefore, would only serve to confuse the issues, unfairly prejudice Plaintiffs, and waste time.

Additionally, any reference to preemption inevitably would invade the province of the Court to charge the jury on the controlling law, confuse jurors as to the law they will apply to the evidence, and create a risk that jurors will incorrectly perceive the FDA's approval of Xarelto's label as having a binding legal effect upon the Plaintiffs' case. Plaintiffs would be forced to put on rebuttal evidence and testimony on what is clearly a non-issue, resulting in delay and an unnecessary consumption of time.

Related to this is the issue of whether Defendants should be subjected to fifty-one separate tort law regimes. The United States Supreme Court has put that issue to rest:

> The FDA has limited resources to monitor the 11,000 drugs on the market, and manufacturers have superior access to information about their drugs, especially in the postmarketing phase as new risks emerge. State tort suits uncover unknown drug hazards and provide incentives for drug manufacturers to disclose safety risks promptly. They also serve a distinct compensatory function that may motivate

3

> injured persons to come forward with information. Failure-to-warn actions, in particular, lend force to the FDCA's premise that manufacturers, not the FDA, bear primary responsibility for their drug labeling at all times. ***Thus, the FDA long maintained that state law offers an additional, and important, layer of consumer protection that complements FDA regulation***.

*Wyeth,* 55 U.S. at 578-79 (emphasis added). Because state law governs the claims in this action, and because it is the province of this Court to charge the jury on the law, testimony or argument asserting that Defendants should not be subjected to state tort law regimes should be precluded. It would be confusing and prejudicial, and would usurp the role of the Court.

This Court and others have precluded similar evidence. *See, e.g., Dedrick v. Merck & Co., Inc. (In re: Vioxx),* No. 2:05-md-01657, slip op., at ¶ 11 (E.D. La. Nov. 22, 2006) (attached as Exhibit 2) (precluding statements by the FDA regarding preemption); *Doherty v. Merck & Co., Inc.,* No. ATL-L-638-05, slip op., at ¶¶ hh, ii (N.J. Super. Ct. June 1, 2006) (attached as Exhibit 3) (precluding any suggestion that the defendant should not be exposed to fifty-one separate tort law regimes or that state law must be preempted); *Cona v. Merck & Co., Inc.,* No. ATL-3553-05, slip op. at ¶¶ hh, ii (N.J. Super. Ct. Mar. 28, 2006) (attached as Exhibit 4) (same); *Kaleta v. Abbott Labs., Inc. (In re Depakote),* No. 14-CV-847, 2015 U.S. Dist. LEXIS 108397, at *12-13 (S.D. Ill. Feb. 20, 2015).

Pharmaceutical defendants also have stipulated to precluding this evidence. For example, in *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* No. 3:09-md-2100, 2011 U.S. Dist. LEXIS 147935, at *66-67 (S.D. Ill. Dec. 22, 2011), the parties agreed to preclude evidence or argument that Bayer should not be exposed to fifty-one separate tort-law regimes, or that state laws must be preempted. The defendant, however, reserved the right to advance legal arguments on these matters outside the presence of the jury. *Id.*

For these reasons, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony or evidence suggesting that state law should be preempted by federal law, or that Defendants should not be subjected to fifty-one separate tort law regimes.

Dated:  March 29, 2017					Respectfully submitted,

											*/s/ Leonard A. Davis*
											Leonard A. Davis, Esq. (Bar No. 14190)
											***HERMAN, HERMAN & KATZ, LLC***
											820 O'Keefe Avenue
											New Orleans, Louisiana  70113
											Telephone:  (504) 581-4892
											Facsimile:  (504) 561-6024
											Email:  ldavis@hhklawfirm.com

											Gerald E. Meunier (Bar No. 9471)
											***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
											2800 Energy Centre, 1100 Poydras Street
											New Orleans, LA  70163-2800
											Telephone:  (504) 522-2304
											Facsimile: (504) 528-9973
											Email:  gmeunier@gainsben.com

											*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

                                                  */s/ Leonard A. Davis*
                                                  **LEONARD A. DAVIS**