UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 16 REGARDING THE EFFECT OF STATE TORT LAWS**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence, or introducing testimony or evidence, suggesting that state tort laws undercut the FDA's mission to provide only scientifically valid warnings, or frustrate the FDA's protective regime, or pressure drug manufacturers to add unsubstantiated, false or invalid warnings in order to avoid lawsuits.

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir.

1977).  A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice.  *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

Far from undercutting the FDA's goals, state tort laws have long been understood to operate in tandem with federal laws and regulations to promote consumer safety.  "For instance, in 1998, the FDA said that it did 'not believe that the evolution of state tort law [would] cause the development of standards that would be at odds with the agency's regulations.'"  *Wyeth v. Levine*, 555 U.S. 555, 578 (2009), *quoting* 63 Fed. Reg. 66384.  "It further noted that, in establishing 'minimal standards' for drug labels, it did not intend 'to preclude the states from imposing additional labeling requirements.'"  *Id., quoting* 63 Fed. Reg. 66384.

To the contrary, when Congress enlarged the FDA's powers to protect public health and safety, it took care to preserve state law, and declined to enact an express preemption provision for prescription drugs.  *See id.* at 567.  State tort law acts as a complementary form of drug regulation and reflects a realistic understanding of the limitations of federal regulatory review:

> The FDA has limited resources to monitor the 11,000 drugs on the market, and manufacturers have superior access to information about their drugs, especially in the postmarketing phase as new risks emerge.  State tort suits uncover unknown drug hazards and provide incentives for drug manufacturers to disclose safety risks promptly.  They also serve a distinct compensatory function that may motivate injured persons to come forward with information.  Failure-to-warn actions, in particular, lend force to the FDCA's premise that manufacturers, not the FDA, bear primary responsibility for their drug labeling at all times.  Thus, the FDA long maintained that state law offers an additional, and important, layer of consumer protection that complements FDA regulation.

*Id.* at 578–79.  In light of the FDA's heavy reliance on manufacturers for post-marketing information about pharmaceutical products and its limited resources to enforce federal regulations, state tort laws aim to ensure that manufacturers fulfill their responsibilities.

Thus, it would be improper for Defendants to suggest that state tort laws undercut the FDA's mission to provide only scientifically valid warnings, or frustrate the FDA's protective regime, or pressure drug manufacturers to add unsubstantiated, false or invalid warnings in order to avoid lawsuits.  Such arguments or inferences are wholly unrelated to whether Xarelto is a defective product, whether the warnings provided about Xarelto were adequate, or whether Defendants acted negligently.  They will have no tendency to make a fact that is of consequence in this action more or less probable than it would be without the evidence, and for that reason, they should be precluded.  Independent of that, such suggestions should be precluded because they would be unfairly prejudicial, and would serve no purpose other than to cause delay and waste time while confusing, misleading and distracting the jury from the relevant issues.

Some pharmaceutical defendants have stipulated to the preclusion of this evidence in other MDLs.  *See, e.g., Kaleta v. Abbott Labs., Inc. (In re Depakote),* No. 14-CV-847, 2015 U.S. Dist. LEXIS 108397, at *14-15 (S.D. Ill. Feb. 20, 2015); *In re: Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.,* No. 3:09-md-2100, 2011 U.S. Dist. LEXIS 147935, at *42 (S.D. Ill. Dec. 22, 2011)

This Court and others also have granted similar motions. *See, e.g., Barnett v. Merck & Co., Inc. (In re: Vioxx),* No. 3:09-cv-10012, slip op., at ¶¶ 3(r), 3(u) (E.D. La. Nov. 18, 2011) (attached as Exhibit 1) (precluding references to pressuring drug manufacturers or frustrating the FDA's protective regime); *Dedrick v. Merck & Co., Inc. (In re: Vioxx),* No. 2:05-md-01657, slip op., at ¶¶ 3(t), 3(w) (E.D. La. Nov. 22, 2006) (attached as Exhibit 2) (same); *Doherty v. Merck & Co., Inc.,* No. ATL-L-638-05, slip op., at ¶¶ dd, ee, gg (N.J. Super. Ct. June 1, 2006) (attached as Exhibit 3) (precluding references to undercutting the FDA's mission, frustrating its protective regime, or pressuring drug manufacturers); *Cona v. Merck & Co., Inc.,* No. ATL-3553-05, slip op. at ¶¶ dd,

ee, gg (N.J. Super. Ct. Mar. 28, 2006) (attached as Exhibit 4) (same); *Terry v. McNeil-PPC, Inc. (In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prods. Liab. Litig.),* No. 2:12-CV-07263, 2016 U.S. Dist. LEXIS 72774, at *25 (E.D. Pa. June 3, 2016) (precluding references to undercutting the FDA's mission or frustrating its protective regime).[1]

For these reasons, Plaintiffs request that all witnesses and counsel be precluded from offering, or trying to offer, any comments, references, testimony or evidence, suggesting that state tort laws undercut the FDA's mission to provide only scientifically valid warnings, or frustrate the FDA's protective regime, or pressure drug manufacturers to add unsubstantiated, false or invalid warnings in order to avoid lawsuits.

Dated:  March 29, 2017

Respectfully submitted,
*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

---

[1] Some courts deferred or denied part of the requested relief.  *See Barnett* (Exhibit 1), at ¶ 3(s) (court deferred ruling on motion regarding references to undercutting the FDA's mission, noting it was vague); *Dedrick* (Exhibit 2), at ¶ 3(u) (same); *Terry,* 2016 U.S. Dist. LEXIS 72774, at *24-25 (court denied motion regarding references to the pressure on manufacturers because it was unclear what would be precluded, explaining that it had ruled that state claims were not precluded and that it "would expect the defendants would not make arguments that would counter Supreme Court precedent and my rulings in this case").

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**