# EXHIBIT 1

Case 2:14-md-02592-EEF-MBN   Document 5929-2   Filed 03/29/17   Page 2 of 12
Case 3:09-cv-10012-DRH-PMF   Document 153-3   Filed 11/16/12   Page 2 of 12   Page ID #8035
Case 2:05-md-01657-EEF-DEK   Document 5611   Filed 06/28/06   Page 1 of 11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 28 P 3:14

LORETTA G. WHYTE
CLERK

MDL NO. 1657

IN RE: VIOXX

PRODUCTS LIABILITY LITIGATION : SECTION: L

: JUDGE FALLON

: MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO
*Barnett v. Merck & Co., Inc.*, 06-485

## ORDER

Before the Court are several Motions in Limine filed by both the Plaintiff and Defendant.

The Court rules as indicated more fully on the attached documents.

New Orleans, Louisiana, this __28th__ day of __June__, 2006.

_____
UNITED STATES DISTRICT JUDGE

-1-

\_\_ Fee_____
\_\_ Process_____
X Dktd_____
✓ CtRmDep_____
\_\_ Doc. No_____

Case 2:14-md-02592-EEF-MBN   Document 5920-2   Filed 03/29/17   Page 3 of 12
Case 3:09-cv-10012-DRH-PMF   Document 153-3   Filed 11/16/12   Page 3 of 12   Page ID #8036
Case 2:05-md-01657-EEF-DEK   Document 5611   Filed 06/28/06   Page 2 of 11

## PLAINTIFF'S MOTIONS IN LIMINE

**GRANTED OR DENIED**

1.  **Number of Heart Attacks in the United States**

    The Plaintiff has filed a Motion in Limine to exclude evidence that the number of heart attacks occurring in the United States did not increase while Vioxx was sold in the United States. The Plaintiff seeks to exclude this evidence on three grounds: (1) Rule 401 Relevancy; (2) Hearsay; and (3) Rule 403 Prejudice.

    Granted
    (1) irrelevant – 401
    (2) confusing + misleading 403
    (3) opens door to hearsay + matters which could consume the trial. – 403

2.  **"Widow-Maker" Reference**

    The Plaintiff filed a Motion in Limine to exclude any use of the term "widow-maker" in reference to the left anterior descending artery. The basis for this motion is Rule 403.

    Granted doctors should use medical terms + not street talk. – 403

3.  **Various Topics**

    The Plaintiff filed a Motion in Limine to exclude various topics based on Rule 401, 402, and 403.

    Granted – 401

    a.  Any reference that a verdict for the Plaintiff will adversely impact pharmaceutical companies' incentive/ability to develop new medicines.

    b.  Any reference that a verdict for the Plaintiff will adversely affect the ability of any member of the jury to purchase or have available medications in the future, the cost of medicine, or the viability of the pharmaceutical industry.

    Granted – 401

Case 2:14-md-02592-EEF-MBN   Document 5920-2   Filed 03/29/17   Page 4 of 12
Case 3:09-cv-10012-DRH-PMF   Document 153-3   Filed 11/16/11   Page 4 of 12   Page ID #8037
Case 2:05-md-01657-EEF-DEK   Document 5611   Filed 06/28/06   Page 3 of 11

c.   Any reference that this case or any Vioxx case may have a negative impact on Merck's stock price or any other publicly traded pharmaceutical manufacturer.

Granted - 401-403

d.   Any reference to Health Canada or any other foreign regulatory agency's decision to allow the sale of Vioxx within their respective country.

Granted - 401-403

e.   Any reference that this case or any Vioxx case may cause an increase in the cost of purchasing or maintaining insurance.

Granted - 401-403

f.   Any reference that this case or any other Vioxx case may cause an increase in the cost of purchasing medication for the public.

Granted - 401

g.   Any reference to the medical condition of the Plaintiff or the Plaintiff's family that is unrelated to the injuries at issue in this case. The Plaintiff was not specific.

Deferred — "unrelated" may be fact Q & may be for jury, will decide if comes up

h.   Any reference to the Plaintiff's non-criminal bad conduct. The Plaintiff was not specific.

Deferred — may be issue of control, negl. or may be issue of credibility. Will rule if it comes up.

Case 2:14-md-02592-EEF-MBN Document 5929-2 Filed 03/29/17 Page 5 of 12
Case 3:09-cv-10012-DRH-PMF Document 153-3 Filed 11/16/12 Page 5 of 12 Page ID #8038
Case 2:05-md-01657-EEF-DEK Document 5611 Filed 06/28/06 Page 4 of 11

i. Any reference to whether the Plaintiff is covered by some form of insurance for the incident in question.

Granted 401 + 411

j. Any reference that an award of punitive damages is unconstitutional, illegal, or not supported by law.

Granted 401-403

k. Any reference to "litigation crisis," "lawsuit crisis," "lawsuit abuse," or any other similar term or phrase.

Granted 401 - 403

l. Any reference that the Plaintiff's attorneys specialize in representing plaintiffs in personal injury or products liability litigation.

Granted 401-403

m. Any comment or personal anecdote from any witness or lawyer for the Defendant that they have or a family member has used Vioxx.

Reserve ruling

n. Any reference that Vioxx was taken off the market due to "media hype" caused by attorneys or the media itself.

Granted — 401

Case 2:14-md-02592-EEF-MBN   Document 5920-2   Filed 03/29/17   Page 6 of 12
Case 3:09-cv-10012-DRH-PMF   Document 153-3   Filed 11/16/12   Page 6 of 12   Page ID #8039
Case 2:05-md-01657-EEF-DEK   Document 5611   Filed 06/28/06   Page 5 of 11

o. Any reference that preemptively bolsters the unchallenged character or traits of the Defendant's current or former employees, managers, consultants, experts, agents, or fiduciaries.

*Deferred* Too vague will decide if it comes up. But see 608(a)(2)

p. Any reference to opinions in the medical records of healthcare personnel that are not witnesses in person or deposition at trial.

*Deferred* Too vague or broad. But opinions are generally inadmissible in records — not all e.g. 803(8) + in limited fashion only; see 803(4)

q. Any reference that any members of the public or medical community desire that Vioxx be placed back on the market.

*Granted* 401

r. Any reference that state defect or failure to warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings in order to avoid lawsuits.

*Granted* 401

s. Any reference that state tort laws undercut the FDA's mission to provide only scientifically valid warnings.

*Deferred* too vague or general, will deal with it at trial if it comes up

Case 2:14-md-02592-EEF-MBN Document 5929-2 Filed 03/29/17 Page 7 of 12
Case 3:09-cv-10012-DRH-PMF Document 153-3 Filed 11/16/12 Page 7 of 12 Page ID #8040
Case 2:05-md-01657-EEF-DEK Document 5611 Filed 06/28/06 Page 6 of 11

t. Any reference that too many warnings of serious injury will dilute the effectiveness of warnings generally.

*Deferred. Reserve ruling. This requires context.*

u. Any reference that state products liability laws frustrate the FDA's protective regime.

*Granted 401*

### 4. Defendant's Reputation and/or "Good Acts"

The Plaintiff has filed a Motion in Limine to exclude any evidence or testimony as to the Defendant's good reputation and/or other good acts. Specifically, the Plaintiff references the following: (1) Merck's Patient Assistance Program whereby uninsured individuals can obtain prescription medication at no cost or at a significantly reduced price; (2) Merck's donation of millions of dollars in HIV vaccines to Africa while working with Bill Gates and the government of Botswana; (3) Merck's donation of medications to combat "River Blindness," which is a disease that strikes rural villages in Africa, to all impacted villages through the Mectizan program, in which Merck is partnered with Jimmy Carter and the Carter Foundation; and (4) the fact that Merck develops drugs that treat and cure disease. The Plaintiff's objections are based on Rule 401 relevance and Rule 403 prejudicial effect.

*Granted 401*

Case 2:14-md-02592-EEF-MBN   Document 5929-2   Filed 03/29/17   Page 8 of 12
Case 3:09-cv-10012-DRH-PMF   Document 153-3   Filed 11/16/12   Page 8 of 12   Page ID #8041
Case 2:05-md-01657-EEF-DEK   Document 5611   Filed 06/28/06   Page 7 of 11

5.  **FDA's Conclusion that there is a "Class Effect" for all NSAIDs**

    The Plaintiff has filed a Motion in Limine to exclude a Food and Drug Administration ("FDA") April 6, 2005 Memorandum and all evidence or testimony that the FDA has concluded that there is a "class-effect" for all NSAIDs. The Plaintiff claims that this information is false and overly prejudicial.

    *Deferred*

    Reserve ruling. Will decide if this comes up & context in which it comes up.

6.  **Amendment of Vioxx Label Without FDA Approval**

    The Plaintiff has filed a Motion in Limine to exclude any testimony that the Defendant could not have amended the Vioxx label to include warnings of cardiovascular risk or reports of cardiovascular and other adverse events, without prior approval of the FDA. The Plaintiff asserts that this testimony is false.

    *Denied*

    This is defamational. I've heard testimony going both ways. Seems to depend on nature, type, scope, time & location on label.

7.  **Merck Employees or Family Members of Merck Employees Took Vioxx**

    The Plaintiff has filed a Motion in Limine to Exclude any evidence that Merck employees, former employees, or family members of Merck employees took Vioxx prior to the drug's withdrawal from the market on September 30, 2004. The Plaintiff claims that this evidence is irrelevant and overly prejudicial.

    *Reserve ruling*

    To some extent it depends on context. But generally will not be admissible since it is of no relevance since it depends on dosage, time taken, age, prior condition of party, risk factors, etc which may be different & result in a trial w/in a trial & only confuse jury.

    401 & 403

Case 2:14-md-02592-EEF-MBN   Document 5929-2   Filed 03/29/17   Page 9 of 12
Case 3:09-cv-10012-DRH-PMF   Document 153-3   Filed 11/16/12   Page 9 of 12   Page ID #8042
Case 2:05-md-01657-EEF-DEK   Document 5611   Filed 06/28/06   Page 8 of 11

8. **Annual Number of Deaths Atrributable to NSAID Gastrointestinal Toxicity Without Appropriate Qualifications and Scientific Support**

The Plaintiff has filed a Motion in Limine to exclude any testimony about the annual number of deaths attributable to NSAID gastrointestinal toxicity without appropriate qualifications and scientific support. The Plaintiff challenges the testimony because it is speculative and offered without support or citation.

*[Handwritten: Deferred. Reserve ruling. Q. of scope of proof & relevance]*

9. ***Daubert*-Like Challenge**

The Plaintiff has filed a Motion in Limine to preclude any Merck employee of former Merck employee from testifying to opinions which they are unqualified to render, which have not been previously disclosed, and which lack appropriate support under *Daubert*.

*[Handwritten: Deferred. In general this is a correct statement but the way it is framed is too broad & vague. Will have to rule on each witness]*

10. **Personal Matters**

The Plaintiff has filed a Motion in Limine to exclude evidence or discussion that Vioxx is a potential cure for cancer. The Plaintiff contends that this testimony is irrelevant, unsupported by expert testimony, outside the scope of this litigation, and a waste of time.

*[Handwritten: Granted generally. But this may be contextual & need to be reviewed if the need arises.]*

Case 2:14-md-02592-EEF-MBN   Document 5920-2   Filed 03/29/17   Page 10 of 12
Case 3:09-cv-10012-DRH-PMF   Document 153-3   Filed 11/16/12   Page 10 of 12   Page ID #8043
Case 2:05-md-01657-EEF-DEK   Document 5611   Filed 06/28/06   Page 9 of 11

| MERCK'S MOTIONS IN LIMINE | GRANTED OR DENIED |
|---|---|
| 1. **Evidence of Motive and Evidence Relating to the Assets and Profitability of Merck or to the Compensation and Financial Decisions of it Employees** <br><br> Merck has filed a Motion in Limine to exclude evidence of motive and evidence relating to the assets and profitability of Merck or to the compensation and financial decisions of its employees. Merck claims that this evidence is irrelevant and overly prejudicial. | Reserve ruling. It may be relevant to explain Merck's actions or inactions. May also be relevant under cross if other motives are suggested. |
| 2. **Informal Communications from the Food and Drug Administration ("FDA") Concerning Promotional Materials** <br><br> Merck has filed a Motion in Limine to exclude informal communications from the FDA concerning promotional materials, including Plaintiff's Exhibit 1.0006, a "Warning Letter" dated September 17, 2001 from the FDA to Merck. Merck claims that this evidence is irrelevant, overly prejudicial, and hearsay. | Denied. This has relevance to Merck's knowledge. It may also have relevance as to its advertisements, Dear Dr. letters & its duty regarding its sales force. 401 & 402, 607, 803(3) |
| 3. **January 9, 2001 Letter from Dr. James Fries to Raymond Gilmartin** <br><br> Merck has filed a Motion in Limine to exclude Plaintiff's Exhibit 1.0176, a January 9, 2001 letter from Dr. James Fries to Raymond Gilmartin. Merck claims that this evidence is irrelevant, overly prejudicial, and hearsay. | Granted. This is a 4 page letter. It is a bit rambling. It contains hearsay & hearsay within hearsay. See 403 & 801. |

Case 2:14-md-02592-EEF-MBN Document 5920-2 Filed 03/29/17 Page 11 of 12
Case 3:09-cv-10012-DRH-PMF Document 153-3 Filed 11/16/12 Page 11 of 12 Page ID #8044
Case 2:05-md-01657-EEF-DEK Document 5512 Filed 06/28/06 Page 10 of 11

### 4. *New England Journal of Medicine's December 2005 "Expression of Concern"*

Merck has filed a Motion in Limine to exclude the New England Journal of Medicine's December 2005 "Expression of Concern." Merck claims that this evidence is irrelevant, overly prejudicial, and hearsay.

*[handwritten margin note: may go to credibility & also have some relevance as to what Merck knew & when. But its relevance is in rebuttal or cross. For example, during Plunkett trial(s) one or more Merck witnesses noted that the Vigor study article was accepted & published by the New England Journal & suggested that this supported its credibility. The "Expression of Concern" responds to that.]*

### 5. Eric J. Topol, M.D.

Merck has filed a Motion in Limine to exclude the testimony of Eric J. Topol, M.D. on: (1) matters that post-date the Plaintiff's September 2002 injury; and (2) subjects outside the realm of Dr. Topol's expertise, including FDA labeling and marketing. As to matters post-dating the Plaintiff's September 2002 injury, Merck claims that these matters are irrelevant and overly prejudicial. Included in this category are Merck's suggested edits to Dr. Topol's *JAMA* article. As to subjects outside the realm of Dr. Topol's expertise, Merck claims that these matters fail to meet the standards set forth under Rule 702. Included in this category are Dr. Topol's opinion on regulatory issues and Merck's marketing of Vioxx.

*[handwritten: to be heard on July 6, 2006]*

### 6. David Graham, M.D.

Merck has filed a Motion in Limine to exclude any testimony of David Graham, M.D. that concerns: (1) opinions Dr. Graham never vocalized publicly prior to his deposition; (2) testimony and opinions by Dr. Graham that are entirely irrelevant to this litigation and are unduly prejudicial; (3) testimony criticizing the FDA; and (4) evidence of or reference to Dr. Graham's estimate of the number of excess heart attacks and deaths allegedly caused by Vioxx. As to

*[handwritten: to be heard on July 6, 2006]*

Case 2:14-md-02592-EEF-MBN   Document 5920-2   Filed 03/29/17   Page 12 of 12
Case 3:09-cv-10012-DRH-PMF   Document 153-3   Filed 11/16/12   Page 12 of 12   Page ID #8045
Case 2:05-md-01657-EEF-DEK   Document 5611   Filed 06/28/06   Page 11 of 11

opinions never vocalized before Dr. Graham's deposition, Merck claims that this evidence is irrelevant, overly prejudicial, and beyond the limited scope of his deposition. As to Dr. Graham's testimony criticizing the FDA, Merck claims that this evidence is irrelevant and overly prejudicial. Lastly, as to Dr. Graham's estimate of the number of excess heart attacks and deaths allegedly caused by Vioxx, Merck claims that this evidence is irrelevant, overly prejudicial, scientifically unreliable, and based on flawed methodology.