UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Boudreaux v. Bayer Corp., et al.* | * | JUDGE ELDON E. FALLON |
| Case No. 2:14-cv-02720 | * | |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 17 REGARDING POTENTIAL ADVERSE EFFECTS OF A PLAINTIFFS' VERDICT**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence, or introducing testimony or evidence, suggesting that a verdict for Plaintiffs could have any potential adverse effects. This includes, but is not limited to, suggestions about a verdict's potential effect on the pharmaceutical industry, manufacturers' incentive or ability to develop drugs, the ability of doctors to choose which drugs to prescribe for their patients, insurance rates or premiums, drug costs, the ability to purchase drugs, the economy, Defendants' finances or stock values, Defendants' ability to compete, layoffs or lost jobs.

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977). A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

Testimony or evidence regarding the potential adverse effects of a Plaintiff's verdict is wholly unrelated to whether Xarelto is a defective product, whether the instructions and warnings provided about Xarelto were adequate, or whether Defendants acted negligently. Such statements will have no tendency to make a fact that is of consequence in this action more or less probable than it would be without the evidence, and it is thus irrelevant and should be precluded. S*ee* Fed. R. Evid. 401, 402. In addition, in the unlikely event that evidence relating to the potential adverse effects of a Plaintiffs' verdict would have any probative value, such value would be substantially outweighed by the dangers of unfair prejudice, undue delay, and a waste of time, and it should be excluded on that ground as well. *See* Fed. R. Evid. 403.

The Fifth Circuit Court of Appeals has condemned such appeals to "community conscience" as improper:

> This us-against-them plea can have no appeal other than prejudice by pitting 'the community' against a nonresident corporation. Such argument is an improper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial. . . . Our condemnation of a 'community conscience' argument is not limited to the use of those specific words; it extends to all impassioned and prejudicial pleas intended to evoke a sense of community loyalty, duty and expectation. Such appeals serve no proper purpose and carry the potential of substantial injustice.

*Westbrook v. General Tire & Rubber Co.,* 754 F.2d 1233, 1238-39 (5th Cir. 1985).

Likewise, in *Gray v. Energy XXI Gom LLC*, Case No. 12-165, 2013 U.S. Dist. LEXIS 109459 (M.D. La. Aug. 5, 2013), the judge ruled that "[n]o statement, reference, or appeal may be made to the jury that they serve as the 'conscience of the community,' or that the jury should render a verdict that will make the community proud." *Id.* at *16, *citing Westbrook,* 754 F.2d at 1238.

Additionally, this Court has excluded evidence of the potential adverse effects of a Plaintiffs' verdict under Federal Rules of Evidence 401-403. *See, e.g., Barnett v. Merck & Co., Inc. (In re: Vioxx),* No. 3:09-cv-10012, slip op., at ¶¶ 3(a), (b), (c), (e), (f) (E.D. La. Nov. 18, 2011) (attached as Exhibit 1); *Dedrick v. Merck & Co., Inc. (In re: Vioxx),* No. 2:05-md-01657, slip op., ¶¶ 3(a), (b), (c), (e), (f) (E.D. La. Nov. 22, 2006) (attached as Exhibit 2); *Plunkett v. Merck & Co., Inc. (In re: Vioxx)*, No. 2:05-md-04046, slip op., at ¶¶ 3 (a), (b), (c), (e), (f) (E.D. La. Nov. 18, 2005) (attached as Exhibit 3). Specifically, in these orders, this Court excluded suggestions that a verdict for the Plaintiff will adversely impact pharmaceutical companies' incentive and/or ability to develop new medications, the ability of any member of the jury to purchase or receive medications in the future, the cost of medication, the availability of pharmaceutical drugs to individuals or industries in the United States or worldwide, the stock price of Merck or any other publicly-traded manufacturer, the cost of purchasing or maintaining health insurance, or the cost of pharmaceutical drugs to the public. *Id.*

Similar evidence has been precluded by other courts. *See, e.g., Powell v. Geekie,* No. 5:09-CV-188, 2010 U.S. Dist. LEXIS 90831, at *5 (M.D. Ga. Sept. 1, 2010); *Doherty v. Merck & Co., Inc.,* No. ATL-L-638-05, slip op., at ¶¶ a, b, c, d e, p, w (N.J. Super. Ct. June 1, 2006) (attached as Exhibit 4); *Cona v. Merck & Co., Inc.,* No. ATL-3553-05, slip op. at ¶¶ a, b, c, d, e, p, w (N.J. Super. Ct. Mar. 28, 2006) (attached as Exhibit 5).

For these reasons, Plaintiffs request that all witnesses and counsel be precluded from offering, or trying to offer, any comments, references, testimony or evidence, suggesting that a verdict for Plaintiffs could have any potential adverse effects.

Dated:  March 29, 2017                                          Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

>*/s/ Leonard A. Davis*
>**LEONARD A. DAVIS**