UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |

### DEFENDANTS' JOINT MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING MARKETING, ADVERTISING, OR PROMOTIONAL MATERIALS NOT RELIED ON BY PLAINTIFF'S PRESCRIBING PHYSICIAN

Pursuant to Federal Rules of Evidence 401, 402 and 403, Plaintiffs should be precluded from presenting evidence and argument regarding marketing, advertising, or promotional materials[1] not relied on by Dr. Kenneth Wong, Joseph Boudreaux, Jr.'s prescribing physician, in deciding to prescribe Xarelto®. There is no evidence that Dr. Wong relied on *any* marketing, advertising, or promotional materials in making his prescribing decision, and therefore these materials are irrelevant to Plaintiffs' claims under the Louisiana Product Liability Act ("LPLA"). Moreover, introduction of these materials at trial would only cause Defendants undue prejudice, confuse the issues, mislead the jury, and waste time on collateral matters that would not inform any question that the jury will be asked to decide.

---

[1] *E.g.*, Plaintiffs' Exhibit Nos. 1349483 ("Brian Vickers Storyboard"); 1357254 ("Jim on the Road Storyboard"); 1843037 ("Afib Rome Storyboard"); 1843828 ("Do you know there is a prescription option called Xarelto to reduce the risk of an atrial fibrillation related stroke"); 1856427 ("Bob's Storyboard").

**ARGUMENT**

**I.     Under Rules 401 and 402, the Court should exclude as irrelevant any materials not read or relied on by Dr. Wong in making the decision to prescribe Xarelto to Mr. Boudreaux.**

"Relevancy is the threshold determination in any decision regarding the admissibility of evidence." *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1139 (5th Cir. 1991) (internal quotation omitted). Evidence is relevant if it has a tendency to make a fact that is of consequence to the determination of an action more or less probable than without the evidence. Fed. R. Evid. 401; *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir. 1988); *Kennedy v. Magnolia Marin Transp. Co.*, 189 F. Supp. 3d 610, 619 (E.D. La. 2016). Evidence lacking probative value is properly excluded as irrelevant. Fed. R. Evid. 402.

Advertisements, marketing, and promotional materials not relied on by Dr. Wong in deciding to prescribe Xarelto to Mr. Boudreaux are not relevant to the issues in this case—*i.e.*, whether Xarelto was defective (as alleged by Plaintiffs), and whether any alleged defect caused harm to Mr. Boudreaux. *See* La. Rev. Stat. Ann. § 9:2800.54(B). To prove a failure-to-warn claim under the LPLA, *see* La. Rev. Stat. § 9:280057.57, in a case involving a prescription medicine,[2] a plaintiff must prove: (1) that the defendant failed to warn the physician of a risk associated with the use of the product that was not otherwise known to the physician, and (2) that the failure to warn the physician was both a cause-in-fact and the proximate cause of the plaintiff's injury. *See Stahl v. Novartis Pharma. Corp.*, 283 F.3d 254, 265-66 (5th Cir. 2002); *Willet v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098 (5th Cir. 1991); *Zachary v. Dow Corning Corp.*, 884 F. Supp. 1061, 1065 (M.D. La. 1995). Thus, to establish their claim based on an alleged

---

[2] Advertisements, marketing, and promotional materials could not possibly be relevant to Plaintiffs' design-defect claim. And, even if they could be, neither Dr. Wong nor Mr. Boudreaux ever relied on any such materials in deciding on treatment with Xarelto. *See infra*.

inadequate warning, Plaintiffs must demonstrate a causal connection between the alleged statement—*e.g.*, in marketing, advertisement, or promotional materials—and the alleged harm.

Specifically, in the case of prescription medicines such as Xarelto, that causal connection necessarily involves Mr. Boudreaux's prescribing physician, Dr. Wong. Under the learned intermediary doctrine adopted in Louisiana, the duty to warn runs to the prescribing physician, and not directly to the patient. *Stahl*, 283 F.3d at 265. Louisiana applies the learned intermediary doctrine regardless of whether or not there has been direct-to-consumer advertising, and as set forth below, there is no evidence that any such advertising impacted Dr. Wong's decision to prescribe Xarelto. *See Allgood v. GlaxoSmithKlinePLC*, No. 06-3506, 2008 WL 483574, at *3 (E.D. La. Feb. 20, 2008) (Fallon, J.) (refusing to recognize an exception to the learned intermediary doctrine based on direct-to-consumer advertising); *Bell v. Danek Med., Inc.*, No. 96-1393, 1999 WL 335612, at *4 (E.D. La. May 24, 1999) ("[P]laintiff presents no case law from this state to stand for the proposition that the learned intermediary doctrine can be defeated by a manufacturer's overpromotion . . . .").

In the failure-to-warn context, including under the learned intermediary doctrine, courts repeatedly have recognized that if a physician neither read nor relied on a defendant's alleged marketing, advertising, or promotional materials in making the prescription decision, then the materials clearly played no role in the physician's treatment decision, and therefore those materials are irrelevant to the underlying claims. *See Vienne v. Am. Honda Motor Co.*, No. 99-3716, 2001 WL 83260, at *4 (E.D. La. Jan. 26, 2001) (finding owner's manual and advertisements not seen by plaintiff irrelevant in failure-to-warn context); *see also Wolfe v. McNeil-PPC, Inc.*, No. 07-348, 2012 WL 38694, at *8 (E.D. Pa. Jan. 9, 2012) (granting motion to exclude evidence of marketing materials on which plaintiff and her family did not rely in birth

3

control case); *Smith v. Pfizer Inc.*, 714 F. Supp. 2d 845, 853 (M.D. Tenn. 2010) (finding that marketing material that was not seen by the plaintiffs' prescribing doctor was irrelevant to failure-to-warn claim); *Miller v. Pfizer Inc.*, 196 F. Supp. 2d 1095, 1122 n.92 (D. Kan. 2002) (noting that marketing materials not seen by prescribing physician are irrelevant); *In re Norplant Contraceptive Prods. Liab. Litig.*, No. MDL 1038, 1997 WL 81092, at *1 (E.D. Tex. Feb. 21, 1997) (finding promotional and advertising material "not relevant evidence" without "evidence that the physicians were exposed" to that material).

In this case, Mr. Boudreaux was first prescribed Xarelto on January 8, 2014 (Boudreaux 4th Am. Plf. Fact Sheet at 2 (Exh. A)), and there is no evidence that Dr. Wong read or relied on *any* marketing, advertising, or promotional materials in deciding to prescribe Xarelto. These materials are categorically irrelevant because they did not affect Dr. Wong's decisions to prescribe Xarelto to Mr. Boudreaux. Thus, because there could be no causal nexus between these materials and any harm to Mr. Boudreaux, these materials are irrelevant and inadmissible.[3]

## II. Under Rule 403, the Court should exclude marketing, advertising, and promotional materials as unfairly prejudicial to Defendants, misleading to the jury, and wasteful of time and resources.

A court also may exclude proffered evidence, even if it is relevant, if its probative value is substantially outweighed by its potential for undue prejudice, confusion of the issues, misleading the jury, or undue delay. Fed. R. Evid. 403; *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 672-73 (5th Cir. 1999) (excluding evidence of reports from state regulatory agency as cumulative and unduly prejudicial). Trial courts are given broad discretion in balancing the

---

[3] Similarly, Mr. Boudreaux does not recall observing any particular advertisements for Xarelto, and testified that, if he later saw any commercials—after his bleed—it was only after he had stopped using Xarelto. *See* Boudreaux 4th Am. Plf. Fact Sheet at 9; Boudreaux Jr. Dep. 192:2-13, June 23, 2016 (Exh. B). Mr. Boudreaux's wife also testified that she did not see any advertisements for Xarelto until after her husband stopped using the medicine. Boudreaux Dep. 103:22-104:1, Sept. 13, 2016 (Exh. C). As a result, there is no basis to establish that these materials are in any way relevant to Plaintiffs' claims. Accordingly, no evidence of marketing, advertising or promotional materials are relevant to Plaintiffs' claims and should be excluded.

probative value against the risks of unfair prejudice. *McGonigal*, 851 F.2d at 778; *Randle v. Tregre*, 147 F. Supp. 3d 581, 598-99 (E.D. La. 2015) (Africk, J.).

"'Unfair prejudice' within this context means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Cook*, 557 F.2d 1149, 1154 (5th Cir. 1977) (citing to Fed. R. Evid. 403 advisory committee's notes); *see also Saacks v. Privilege Underwriters Reciprocal Exch.*, No. 16-1149, 2017 U.S. Dist. LEXIS 14531, at *15 (E.D. La. Feb. 2, 2017) (Fallon, J.).

It is well-established that a trial court should exclude evidence which has a tendency to distract the jury from its main inquiry or confuse the issue. *See, e.g.*, *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1139 n.11 (5th Cir. 1983) (noting that where evidence, "though of some relevance, may lead to confusing and time-consuming disputes with respect to collateral issues the trial judge may properly reject or limit it under Rule 403") (internal quotation and citation omitted).

Evidence or argument related to marketing, advertising, and promotional materials not relied on by Dr. Wong clearly implicates the concerns contained in Rule 403. Any such evidence or argument would unfairly prejudice Defendants because of the potential that the jury may improperly infer that Dr. Wong could have possibly relied on these materials—when, in fact, there is *no* evidence that he relied on any marketing, advertising, or promotional materials, or even saw any such materials. *See Wolfe*, 2012 WL 38694, at *8 ("The jury might wrongly presume plaintiff saw the advertisements at issue . . . ."). Such confusion by the jury would manifestly prejudice Defendants.

Plaintiffs' use of these materials also would unnecessarily lengthen the trial with mini-trials in which Defendants would provide testimony and other evidence explaining each

marketing, advertising, or promotional document, as well as the context for its creation. Moreover, jurors would likely be confused and distracted by the lengthy presentations from both sides on materials that did not even affect the decision by Dr. Wong to prescribe Xarelto to Mr. Boudreaux.

## CONCLUSION

For the foregoing reasons, the Court should exclude all evidence and argument regarding advertising, marketing, and promotional materials.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com

| | |
|---|---|
| IRWIN FRITCHIE URQUHART & MOORE LLC | CHAFFE MCCALL L.L.P. |
| By: /s/ *James B. Irwin* <br> James B. Irwin <br> Kim E. Moore <br> Irwin Fritchie Urquhart & Moore LLC <br> 400 Poydras Street, Suite 2700 <br> New Orleans, LA 70130 <br> Telephone: (504) 310-2100 <br> jirwin@irwinllc.com | By: /s/ *John F. Olinde* <br> John F. Olinde <br> Chaffe McCall L.L.P. <br> 1100 Poydras Street, Suite 2300 <br> New Orleans, LA 70163 <br> Telephone: (504) 585-7241 <br> olinde@chaffe.com |
| *Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC, and Johnson & Johnson* | *Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG* |

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on March 29, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                 */s/ James B. Irwin*
                                                 **James B. Irwin**