UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |

**DEFENDANTS' JOINT MOTION *IN LIMINE* NO. 7 TO EXCLUDE EVIDENCE OR ARGUMENT THAT THE XARELTO LABEL SHOULD HAVE INCLUDED INFORMATION ABOUT THE INRATIO DEVICE RECALL USED IN ROCKET AF OR THAT IS INCONSISTENT WITH FDA'S SEPTEMBER 2016 REANALYSIS THAT THE RECALL DID NOT IMPACT THE RESULTS OF ROCKET AF**

**INTRODCUTION**

Defendants hereby move *in limine* to exclude any and all evidence and argument (1) that Defendants "defrauded the FDA," (2) that Defendants should have included information in the Xarelto® label about the recall of the INRatio device used in the clinical trial ROCKET AF or reported the recall earlier, or (3) that is inconsistent with FDA's extensive and comprehensive review of the impact of the recall on ROCKET AF, issued in September 2016 and entitled "Impact of use of the INRatio® device in ROCKET AF." Center for Drug Evaluation and Research, NDA 202439–Rivaroxaban (Xarelto): Impact of use of the INRatio® device in ROCKET AF, September 26, 2016, ("FDA Reanalysis") (Ex. A). In its analysis, FDA concluded:

> [T]he conclusion we made in 2011 that the benefits of rivaroxaban in patients with non-valvular atrial fibrillation outweigh its risks should not be changed.
>
> . . . .

> [N]o changes in rivaroxaban labeling to reflect the impact of use of the INRatio device in ROCKET are warranted. No other major regulatory action should be taken with respect to rivaroxaban.

*Id.* at 1.

Any attempt to argue otherwise or to introduce contrary evidence is irrelevant because FDA has already considered the very same issue, and any claim based thereon or on a theory of "fraud on the FDA" is preempted as a matter of federal law. Argument or evidence second-guessing FDA's analysis about the INRatio recall is substantially outweighed by the risk of undue prejudice and the substantial likelihood that this evidence and argument would mislead the jury, cause confusion, and result in an unnecessary waste of time.

## RELEVANT FACTS AND BACKGROUND

On November 4, 2011, FDA gave final approval for use of Xarelto® in a 20 mg once-daily dose (15 mg for those with impaired renal function) in patients with non-valvular atrial fibrillation ("AFib") to reduce the risk of stroke and systemic embolism. Xarelto Label, Approved November 4, 2011 (Ex. B); FDA Reanalysis at 1, 5. The primary clinical study that was submitted to FDA in connection with the New Drug Application for the atrial fibrillation indication was ROCKET AF, "a randomized, double-blind, event-driven, confirmatory trial of rivaroxaban vs. dose-adjusted warfarin." FDA Reanalysis, at 5; *see, e.g.*, *Boudreaux* Compl. ¶ 77 ("Approval of Xarelto for reducing the risk of stroke and systemic embolism in patients with non-valvular atrial fibrillation in the U.S. was based on a clinical trial known as [ROCKET AF]."). ROCKET AF was extensively reviewed by FDA prior to Xarelto's approval and, as explained below, was more recently the subject of a comprehensive post-approval review in 2016.

In September 2015, years after Xarelto was approved for AFib patients and subsequent to Mr. Bordereaux's alleged Xarelto use and injuries,[1] Janssen Research and Development, LLC ("JRD") learned that Alere had instituted a Class 1 recall of the INRatio devices. September 29, 2015 Letter from JRD to FDA, XARELTO_JANSSEN_16378492, at 3 (Ex. C). The recall notice stated that "[i]n certain cases," the device "may provide an INR result that is clinically significantly lower than a result obtained using a reference INR system (laboratory method)." FDA Reanalysis, at 13. Upon learning of the recall, JRD advised FDA that devices similar to those used in ROCKET AF had been recalled. September 29, 2015 Letter from JRD to FDA, at 3. FDA then "independently performed a variety of analyses intended to characterize the impact of use of the INRatio device on the safety and efficacy results of ROCKET." FDA Reanalysis, at 1.

On September 26, 2016, FDA issued a comprehensive analysis entitled "ROCKET AF Reanalysis Review," which reaffirmed ROCKET AF's findings, Xarelto's positive benefit-risk profile, and the adequacy of the product labeling. *See* Ex. A.

Shortly after publication of its official report, FDA posted a public statement on its official website stating:

> The Agency has determined that the effects on strokes or bleeding, including bleeding in the head were minimal. The FDA concludes that *Xarelto is a safe and effective alternative to warfarin in patients with atrial fibrillation*.

October 11, 2016 FDA Public Statement, "FDA analyses conclude that Xarelto clinical trial results were not affected by faulty monitoring device," *available at* http://www.fda.gov/Drugs/DrugSafety/ucm524678.htm (Ex. D) (emphasis added).

---

[1] Mr. Boudreaux alleges he was injured on February 3, 2014, following his Xarelto use from January to February 2014. *Boudreaux* Compl. ¶ 14.

3

## ARGUMENT

**I.   Evidence or argument that Defendants should have included information about the the INRatio device recall in the label or that is inconsistent with FDA's analysis is not relevant to any issue the jury will decide.**

Any evidence or argument that Defendants committed "fraud on the FDA," should have reported the recall earlier, or should have revised the Xarelto label to include information about the INRatio device recall—including but not limited to the INRatio device's purported effect on ROCKET AF—is irrelevant because FDA expressly concluded in September 2016 that the recall did not impact ROCKET AF, that a label change was not warranted, and that Xarelto's risk-benefit profile remained the same.

Here, where evidence is offered to "explore and challenge the administrative decision-making process of [FDA]," it is irrelevant. *Bouchard v. Am. Home Prods. Corp.*, 213 F. Supp. 2d 802, 812 (N.D. Ohio 2002) (citing *Kemp v. Medtronic, Inc.*, 231 F.3d 216, 238 (6th Cir. 2000)); *Cytori Therapeutics, Inc. v. FDA*, 715 F.3d 922, 927 (D.C. Cir. 2013) (refusing to overturn FDA finding that medical device was "not substantially similar under § 510(k) because "[a] court is ill-equipped to second-guess that kind of agency scientific judgment").

Under Rule 403's relevancy analysis, because it is not the role of the jury to second-guess a finding already made by FDA on the *very same* issues that are the subject of the claims alleged, the evidence is irrelevant, and therefore inadmissible. As set forth in Defendants' Motion for Summary Judgment Based on Labeling Preemption, any claim that the label should have reflected the INRatio device recall—before or after September 2016—is preempted as a matter of law. Any argument or evidence that contradicts a finding of FDA has no tendency to make a fact that is of consequence to the determination of this action more or less probable than without

the evidence. Fed. R. Evid. 401; *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir. 1988); *Kennedy v. Magnolia Marin Transp. Co.*, 189 F. Supp. 3d 610, 619 (E.D. La. 2016).

Similarly, any assertion that Defendants failed to timely report the recall to FDA under federal regulations is irrelevant. The Supreme Court's decision in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001) "informs the relevance analysis" and confirms that state tort law claims that the defendants failed to disclose information to FDA (*i.e.*, "fraud on the FDA") is preempted as a matter of law, and therefore is irrelevant to any issue the jury may decide. *In re Trasylol Prods. Liab. Litig.*, 763 F. Supp. 2d 1312, 1329 (S.D. Fla. 2010) ("The Court must decide whether testimony or evidence that [the defendant] failed to adequately or timely provide information to the FDA is relevant to Plaintiff's state-law claims rather than to a fraud-on-the-FDA claim that would be preempted by *Buckman*.").

Accordingly, evidence or argument that Defendants "defrauded FDA," should have reported the recall earlier, or included information about the recall in the label is irrelevant to Plaintiffs' state-law tort claims. Because FDA has already concluded that the INRatio device did not impact the results of ROCKET AF, any evidence to the contrary also is irrelevant and should be excluded.

**II.     Any perceived probative value to an argument regarding the INRatio device recall or any evidence or argument that is inconsistent with FDA's findings is substantially outweighed by the probability that it will cause undue prejudice, confuse issues, mislead the jury and waste time.**

Any evidence or argument alleging "fraud on the FDA" or that is inconsistent with FDA's Reanalysis also should be excluded because any perceived "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, [and causing] undue delay, wasting of time, or needlessly presenting . . . cumulative evidence." Fed. R. Evid. 403; *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 672–73 (5th Cir.

1999) (excluding evidence of reports from state regulatory agency as cumulative and unduly prejudicial). Trial courts are given broad discretion in balancing the probative value against the risks of unfair prejudice. *McGonigal*, 851 F.2d at 778. "'Unfair prejudice' within this context means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Cook*, 557 F.2d 1149, 1154 (5th Cir. 1977) (citing to Fed. R. Evid. 403 Advisory Committee's Notes).

Argument or evidence contrary to FDA's findings would present a substantial risk of unfair prejudice to Defendants and confusion of the issues by misleading the jury into believing that Defendants acted improperly, when FDA concluded otherwise. Such argument or evidence also would mislead the jury because jurors may be led to believe that FDA's decisions are not controlling and that Janssen should have undertaken a label change or some other act when FDA has expressly concluded that one was not warranted, and reaffirmed the risk-benefit profile for Xarelto.

## CONCLUSION

For the forgoing reasons, Defendants' Motion *in Limine* should be granted and any evidence that the INRatio device recall should have been included in the label or disclosed to the FDA earlier should be excluded.

Respectfully submitted,

| | |
|---|---|
| DRINKER BIDDLE & REATH LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| By: /s/ *Susan M. Sharko* | By: /s/ *William Hoffman* |
| Susan M. Sharko | William Hoffman |
| Drinker Biddle & Reath LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| 600 Campus Drive | 601 Massachusetts Ave., NW |
| Florham Park, NJ 07932-1047 | Washington, D.C. 20001 |
| Telephone: (973) 549-7000 | Telephone: (202) 942-5000 |
| susan.sharko@dbr.com | william.hoffman@apks.com |

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC, and Johnson & Johnson*

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: /s/ *Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com

CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
Chaffe McCall L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**