UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |

### DEFENDANTS' JOINT MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT RELATED TO USE OF XARELTO FOR TREATMENT OF ACUTE CORONARY SYNDROME

### INTRODUCTION

Defendants hereby move *in limine* to exclude all evidence and argument related to the use of Xarelto for the treatment of Acute Coronary Syndrome ("ACS"), a medical syndrome associated with sudden, reduced blood flow to the heart. Mr. Boudreaux was not diagnosed with ACS. Instead, Mr. Boudreaux was diagnosed with atrial fibrillation, a separate and distinct medical condition, and was prescribed Xarelto® to reduce the risk of stroke and embolism associated with that condition. As such, any evidence related to ACS—and Defendants' attempts to seek approval from the FDA for the use of Xarelto to treat ACS—is not relevant, and any perceived probative value that Plaintiffs may attach to such evidence is substantially outweighed by its potential to unduly prejudice Defendants, confuse the issues, and cause delay.

### BACKGROUND

It is undisputed that Mr. Boudreaux was prescribed Xarelto to prevent strokes incident to his atrial fibrillation. Mr. Boudreaux did not have ACS, and his physician did not prescribe Xarelto to treat ACS. Nevertheless, Plaintiffs' Exhibit List includes documents relating to Defendants' submissions—and FDA's denial—of supplemental new drug applications seeking

approval for the use of Xarelto to treat patients with ACS.[1] On their exhibit list, for example, Plaintiffs have identified categories of documents, including the following:

- Transcripts, FDA and Janssen Briefing Books, summary minutes, and presentations from the May 23, 2012 Cardio Renal Advisory Committee Meeting where FDA voted against approval of Xarelto "to reduce the risk of thrombotic cardiovascular events in patients with acute coronary syndrome (ACS) [ST elevation myocardial infarction (STEMI), non-ST elevation myocardial infarction (NSTEMI), or unstable angina (UA)] in combination with aspirin alone or with aspirin plus clopidogrel or ticlopidine." *See* Pltff. Ex. Nos. 5768692, 5768695, 5768696, 5768699, 5768701, 5768703, 5768706, 5768710, 5768714, 5768717-5768718, 5768720, 5768722, 5768725, 5768726, 5768728, 5768734, 5768736, 5768885, 5768891.

- Transcripts, FDA and Janssen Briefing books, summary minutes and presentations from the January 16, 2014 Cardio Renal Advisory Committee Meeting where FDA voted against approval of Xarelto "to reduce the risk of thrombotic cardiovascular events in patients in the first 90 days after suffering acute coronary syndrome (ACS) [ST elevation myocardial infarction (STEMI), non-ST elevation myocardial infarction (NSTEMI), or unstable angina (UA)]." S*ee* Pltff. Ex. Nos. 5768607, 5768609, 5768610, 5768612, 5768614, 5768616, 5768618, 5768620, 5768622, 5768624-5768625, 5768627-5768628, 5768890.

- Internal company emails and draft documents discussing and responding to FDA's actions related to the supplemental new drug applications for the use of Xarelto in patients with ACS. *See* Pltff. Ex. Nos. 882432, 1110014, 88137, 1217813, 1229496, 1745197, 117892, 117893.

- Documents discussing meetings between Janssen, Bayer, and FDA regarding the use of Xarelto in patients with ACS. *See* Pltff. Ex. Nos. 193796, 1231686, 1745196, 611472, 643708, 1374482, 1389084.

- Label working group documents and emails regarding mentioning ACS in the AFib label. *See* 485941, 4629259.

- Presentations, clinical trial protocol and data submissions. *See* Pltff. Ex. Nos. 3663005, 3668403, 33708397.

- ACS Topline Meeting and planning meeting discussions. *See* Pltff. Ex. Nos. 724326, 1217813, 1217814.

---

[1] Xarelto has been approved to treat ACS in numerous other countries, including Europe, but not in the United States.

# ARGUMENT

## I.     Evidence or argument related to ACS is irrelevant

"Relevancy is the threshold determination in any decision regarding the admissibility of evidence." *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1139 (5th Cir. 1991) (internal quotation omitted).  Evidence is relevant if it has a tendency to make a fact that is of consequence to the determination of an action more or less probable than it would be without the evidence.  Fed. R. Evid. 401; *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir. 1988); *Kennedy v. Magnolia Marine Transp. Co.*, 189 F. Supp. 3d 610, 619 (E.D. La. May 17, 2016).  Evidence that lacks probative value is properly excluded as irrelevant.  Fed. R. Evid. 402.

This case is about Mr. Boudreaux's use of Xarelto to prevent strokes incident to his atrial fibrillation.  Plaintiffs' exhibit list suggests a planned effort to introduce evidence of regulatory proceedings in connection with JRD's application to obtain FDA approval for Xarelto in a *separate indication*, to treat *a separate medical condition*.[2]  The ACS regulatory story is unrelated to atrial fibrillation, Mr. Boudreaux's prescription, or his injuries, and have no bearing on the issues that will be presented to the jury.  ACS documents are not relevant and should be excluded.

## II.    Evidence or argument related to ACS is unduly prejudicial, will mislead the jury, confuse the issues and result in undue consumption of time

A court also may exclude the proffered evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403; *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 672–73 (5th Cir. 1999) (excluding evidence of

---

[2] Additionally, Plaintiff's expert witnesses, Suzanne Parisian, M.D., and David Kessler, M.D., purport to render opinions about the regulatory history of Xarelto involving the ACS indication. *See e.g.,* Parisian Rep. at 10, 287–95 (Exh. A); Kessler Rep. at pp. 129 –30 (Exh. B).

reports from state regulatory agency as cumulative and unduly prejudicial); *Randle v. Tregre*, 147 F. Supp. 3d 581, 598–99 (E.D. La. 2015) (Africk, J.).  Trial courts are given broad discretion to balance the probative value against the risks of unfair prejudice.  *McGonigal*, 851 F.2d at 778.

"'Unfair prejudice' within this context means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Cook*, 557 F.2d 1149, 1154 (5th Cir. 1977) (citing to Fed. R. Evid. 403 advisory committee's notes); *see also Saacks v. Privilege Underwriters Reciprocal Exch.*, CIVIL ACTION NO. 16-1149, 2017 WL 480581, at *2–3 (E.D. La. Feb. 2, 2017) (Fallon, J.).  It is well established that a trial court should exclude evidence that has a tendency to distract the jury from its main inquiry or to confuse the issue.  *See, e.g.*, *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1139 n.11 (5th Cir. 1983) (noting that where evidence, "though of some relevance, may lead to confusing and time-consuming disputes with respect to collateral issues the trial judge may properly reject or limit it under Rule 403" (internal quotation and citation omitted)).

Any evidence or argument related to JRD's unsuccessful efforts to obtain FDA approval for the use of Xarelto to treat ACS in the U.S. will cause undue prejudice by creating the false suggestion that Xarelto is not safe and effective for use in the prevention of strokes in patients with atrial fibrillation, Mr. Boudreaux's condition.  Admitting evidence related to ACS also will waste time, as Defendants will need to explain ACS (and how it differs from atrial fibrillation), the background and history of submissions to FDA regarding treatment of ACS, and why this information is not relevant to the claims of Mr. Boudreaux.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that all evidence and argument related to JRD's attempts to obtain FDA approval for the use of Xarelto to treat ACS in the United States be excluded at trial.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
rodney.hudson@dbr.com

Chanda A. Miller
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
chanda.miller@dbr.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com

| | |
|---|---|
| IRWIN FRITCHIE URQUHART & MOORE LLC | CHAFFE MCCALL L.L.P. |
| By: /s/ *James B. Irwin* <br> James B. Irwin <br> Kim E. Moore <br> IRWIN FRITCHIE URQUHART & MOORE LLC <br> 400 Poydras Street, Suite 2700 <br> New Orleans, LA  70130 <br> Telephone:  (504) 310-2100 <br> jirwin@irwinllc.com | By: /s/ *John F. Olinde* <br> John F. Olinde <br> CHAFFE MCCALL L.L.P. <br> 1100 Poydras Street, Suite 2300 <br> New Orleans, LA  70163 <br> Telephone:  (504) 585-7241 <br> olinde@chaffe.com |
| *Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC, and Johnson & Johnson* | *Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**

00403917