UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 22 REGARDING DEFENDANTS' LACK OF PERMISSION TO CHANGE THE LABEL OF XARELTO WITHOUT PRIOR FDA APPROVAL**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence, or introducing testimony or evidence, that Defendants were not permitted to change the label for Xarelto without prior FDA approval. Any such evidence must be excluded as irrelevant, unduly prejudicial, and confusing to the jury because FDA regulations and clear Supreme Court precedent establish that such evidence is false. Therefore, Plaintiff submits that such evidence should be excluded and Defendants should be precluded from offering any such evidence, testimony, comment, inference and/or document at the time of trial

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977). A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

Finally, where evidence, argument and/or testimony are designed to sway a jury through the garnering of sympathy, such evidence, argument and/or testimony is highly prejudicial, impermissible and should be excluded. "Evidence poses a danger of 'unfair prejudice' if it has 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one'." *United States v. Rogers*, 587 F.3d 816, 822 (7th Cir. 2009) (citing Advisory Committee's Notes on Fed. R. Evid. 403).

Plaintiffs anticipate that Defendants will offer evidence and argument at trial that they were prohibited from adding additional warnings or instructions about usage to the label for Xarelto without prior FDA approval. Such evidence is false, contrary to the law, irrelevant, unduly prejudicial, and would confuse the jury. A branded drug manufacturer is able to update or improve its drug's label without prior FDA approval.

The Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 *et*. *seq*., (FDCA) expressly requires a drug manufacturer to immediately inform the public of newly discovered dangers rather than waiting for the FDA to act. It is the legal obligation of a branded drug manufacturer to promptly take steps to strengthen its warning to physicians and consumers of newly discovered dangers and

risks of an approved product.[1]  *See Wyeth v. Levine*, 555 U.S. 555, 570-71 (2009).  Thus, any argument that the manufacturers could not change the Xarelto label should be excluded.

The intention of the FDCA is to protect consumers from dangerous products. *See United States v. Sullivan*, 332 U.S. 689, 696 (1948).  Consistent with its purpose, the FDA and its regulations explicitly permit a manufacturer to unilaterally strengthen a warning label at any time without first seeking regulatory approval.

In *Wyeth*, *supra*, the United States Supreme Court evaluated this regulatory scheme and held that the manufacturer, not the FDA, bears responsibility for the content of its label at all times and that the manufacturer may issue a warning without prior FDA approval when it learns of newly acquired information affecting the safety of its product.  The Court supported its reasoning by referencing 21 C.F.R. § 314.70(c)(6)(iii)(A) and (C), which permits a manufacturer to "add or strengthen a contraindication, warning, precaution or adverse reaction," or "add or strengthen an instruction about dosage and administration" and that it may do so "upon filing its supplemental application with the FDA" and "need not wait for the FDA approval."[2]  Thus, any argument that the Defendants were prohibited from changing their label would be false and the jury should not be presented with such unsupported arguments.

Moreover, because it is the manufacturer and not the FDA who bears responsibility for the content of its label, any argument that the FDA could have mandated a change to the label should

---

[1] "Newly acquired information" is defined as data, analyses, or other information not previously submitted to the agency, which may also include "new analyses of previously submitted data if the studies, events or analyses reveal risks of a different type or greater severity or frequency than previously included in submissions to FDA." 21 C.F.R. § 314.3.

[2] For a more in-depth discussion regarding Plaintiffs' failure-to-warn claims in the context of federal law *see* Plaintiffs' Response In Opposition To Defendants' Joint Motion For Partial Summary Judgment On the Ground That Federal Law Preempts Plaintiffs' Failure To Warn Claims [Rec. Doc. 5650].

not be permitted.[3]  Such evidence is unduly prejudicial and irrelevant and it will confuse the jury because our regulatory system provides that the manufacturer has the obligation to amend its own label.

For these reasons, Plaintiffs requests that all witnesses and counsel be precluded from commenting on, referring to, attempting to introduce testimony or evidence, or introducing testimony or evidence that Defendants were not permitted to change the label for Xarelto without prior FDA approval or that the FDA could have mandated a change.

Dated:  March 29, 2017  Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

---

[3] *Wyeth, supra* at 571 (drug manufacturer, not FDA, is charged with "crafting adequate label and with ensuring that its warnings remain adequate as long as the drug is on the market").

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

>	*/s/ Leonard A. Davis*
>	**LEONARD A. DAVIS**