UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 23
REGARDING DILUTED WARNINGS**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or evidence about, the alleged potential for too many warnings of serious injuries to dilute the general effectiveness of warnings.

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977). A court should exclude relevant evidence if its probative value is substantially outweighed

by a danger of unfair prejudice.  *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

Testimony about the alleged potential for too many warnings to dilute the general effectiveness of warnings is speculative and unsupported by the record. This information will have no tendency to make a fact that is of consequence in this action more or less probable than it would be without the evidence, and it is thus irrelevant, *see* Fed. R. Evid. 401, and inadmissible.  *See* Fed. R. Evid. 402.

Moreover, in the unlikely event that this information would have any arguable probative value, such value would be substantially outweighed by the dangers of unfair prejudice, undue delay and a waste of time, and it should be excluded on that ground as well.  *See* Fed. R. Evid. 403.  Presentation of this information is highly prejudicial and may cause confusion, and is calculated play on juror biases with regard to lawyers or the alleged need for tort reform.

For these reasons, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony or evidence regarding the alleged potential for too many warnings of serious injuries to dilute the general effectiveness of warnings.

Dated:  March 29, 2017                                          Respectfully submitted,

        */s/ Leonard A. Davis*
        Leonard A. Davis, Esq. (Bar No. 14190)
        **HERMAN, HERMAN & KATZ, LLC**
        820 O'Keefe Avenue
        New Orleans, Louisiana  70113
        Telephone:  (504) 581-4892
        Facsimile:  (504) 561-6024
        Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER
& WARSHAUER*, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:   gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**