UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 26 REGARDING COMPENSATION OF DR. KESSLER**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, introducing testimony or evidence, attempting to elicit testimony of, or arguing, the following matters in the presence of the jury, whether directly or indirectly, and whether at *voir dire* or during trial:

(A)   Any argument or reference to the compensation arrangement of David A. Kessler, M.D. with the University of California regarding the California Health Services Compensation Plan; or

(B)   Any argument or reference to Dr. Kessler's spending, billing and/or expenses as FDA Commissioner.

This evidence is not related in any way to whether Xarelto is a defective product, whether the warnings provided about Xarelto were adequate, or whether Defendants acted negligently. It will have no tendency to make a fact that is of consequence in this action more or less probable than it would be without the evidence, and it is thus irrelevant, *see* Fed. R. Evid. 401, and inadmissible. *See* Fed. R. Evid. 402.

At his deposition, Dr. Kessler was interrogated about his income stream from academic resources, including his participation in the California Health Services Compensation Plan ("the

Plan") as a faculty member at the University of California. *See* Deposition of David Kessler, M.D. at 386–390 [Attached hereto as Exhibit 1].

The University of California has a policy on faculty members' conflict of commitment and outside activities and the disposition of income earned from outside professional activities, which imposes reporting obligations and limits on outside income. *See* Conflict of Commitment and Outside Activities of Health Sciences Compensation Plan Participants, available at http://www.ucop.edu/academic-personnel-programs/_files/apm/apm-671.pdf. Judging by the questions posed at Dr. Kessler's deposition, the Defendants intend to question Dr. Kessler at trial about his compliance with the Plan. However, as Dr. Kessler testified, upon being hired as Dean of Medicine at the University of California – San Diego he was granted an exemption from the Plan.[1] Therefore, any questioning or testimony about his "outside income" and whether such income is in contravention to the Plan is improper as Dr. Kessler was and is exempt from that mandate. Moreover, such evidence is irrelevant and prejudicial as it strays far from any evidence that may be related in any way to the safety of Xarelto and would only serve to inflame and confuse the jury.[2]

---

[1] If necessary, Dr. Kessler is prepared to provide the Court for *in camera* inspection a letter from University of California Office of the Associate Vice-President – Human Resources and Benefits, which confirms this testimony.

[2] *See Behler v. Hanlon*, 199 F.R.D. 553, 562 (D. Md. 2001) ("Rule 26(a)(2)(B) requires disclosure of the compensation received by a retained expert in the particular case at issue, and counsel routinely bring this out during cross-examination when questioning an opposing expert witness. However, permitting routine disclosure of the expert's gross compensation, from all sources—including those unrelated to litigation activities—would provide the jury with little information relevant to a fair assessment of the expert's credibility, while concomitantly introducing the real possibility of creating confusion, distraction and even prejudice."); *Campos v. MTD Prod., Inc.*, No. 2:07-0029, 2009 WL 920337, at *5 (M.D. Tenn. Apr. 1, 2009) (exact amount of income expert makes, either from work as an expert or otherwise, would not substantially add meaningful information to case); *Reed v. Cline*, No. 1:08-CV-00473-SEB, 2010 WL 3829459, at *2 (S.D. Ind. Sept. 24, 2010) (denying motion to compel after considering the personal nature of the information or the possibility of confusion, distraction, and prejudice).

Finally, Dr. Kessler was interrogated about expenditures and billing practices while he was FDA Commissioner, over 20 years ago. *See* Kessler Depo. at 422 – 427. Defense counsel questioned Dr. Kessler about allegations of fraudulent billing, which never amounted to any actual criminal charges, convictions, suspension or formal reprimands. This ancient history is entirely irrelevant to the instant lawsuit because: 1) it is unrelated to his actual opinions in this litigation; and 2) it does not involve any facts or is it within the time period relevant to this case. In addition to the obvious lack of probative value, the Plaintiffs would be severely prejudiced if evidence of Dr. Kessler's historical expenses as FDA Commissioner were allowed, and Plaintiffs' limited time had to be wasted redressing an issue that amounts to nothing more than a clerical oversight.[3] Finally, such testimony is inadmissible as it even fails to meet the standards under Federal Rule of Evidence 609, for impeachment purposes, because there was no conviction, and it was more than 10 years ago.

For these reasons, Plaintiffs request that the Defendants be precluded from interrogating Dr. Kessler about his compliance with the Plan or the silly kerfuffle about cab fares that occurred while he was FDA Commissioner in 1996.

Dated: March 29, 2017

Respectfully submitted,
*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

---

[3] In 1996, Dr. Kessler, as head of the FDA, reimbursed the Government $850 for possible excess cab fares. An audit showed there had been both over- and under-reimbursements in Dr. Kessler's expenses amounting to $230 in a total over-reimbursements. Nonetheless, Dr. Kessler wrote a check of $850 "to assure that any other amount uncovered in the audit would be covered." http://www.nytimes.com/1996/11/03/us/fda-head-reimburses-agency-for-cab-fares.html.

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**