UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |

### DEFENDANTS' JOINT MOTION *IN LIMINE* NO. 6 TO EXCLUDE ARGUMENT OR EVIDENCE REGARDING THE LACK OF A REVERSAL AGENT FOR XARELTO

#### INTRODUCTION

Defendants move *in limine* to preclude Plaintiffs from presenting any evidence or argument regarding the lack of a reversal agent (or "antidote") for Xarelto®. Plaintiffs' experts have testified that a reversal agent "*would have served no purpose*" for Mr. Boudreaux. Winstead Dep. 114:21-22 (Dec. 12, 2016) (Exh. A). Accordingly, Plaintiffs have abandoned their claim that a reversal agent would have made Xarelto safer, and any evidence or argument regarding the lack of such a reversal agent is irrelevant, and would be unduly prejudicial, confuse the issues, and waste trial time, and thus is inadmissible at trial under Federal Rules of Evidence 401-02 and 403.

#### LEGAL STANDARD

"Relevancy is the threshold determination in any decision regarding the admissibility of evidence." *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1139 (5th Cir. 1991) (internal quotation omitted). Evidence is relevant if it has a tendency to make a fact that is of consequence to the determination of an action more or less probable than without the evidence. Fed. R. Evid. 401; *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir. 1988); *Kennedy v. Magnolia Marin Transp. Co.*, 189 F. Supp. 3d 610, 619 (E.D. La. May 17, 2016). Evidence lacking probative value is properly excluded as irrelevant. Fed. R. Evid. 402.

A court also may exclude the proffered evidence, even if relevant, if its probative value is substantially outweighed by its potential for undue prejudice, confusion of the issues, misleading the jury, or undue delay. Fed. R. Evid. 403; *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 672-73 (5th Cir. 1999) (excluding evidence of reports from state regulatory agency as cumulative and unduly prejudicial). Trial courts are given broad discretion in balancing the probative value against the risks of unfair prejudice. *McGonigal*, 851 F.2d at 778; *Randle v. Tregre*, 147 F. Supp. 3d 581, 598–99 (E.D. La. 2015) (Africk, J.).

"'Unfair prejudice' within this context means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Cook*, 557 F.2d 1149, 1154 (5th Cir. 1977) (citing to Fed. R. Evid. 403 advisory committee's notes); *see also Saacks v. Privilege Underwriters Reciprocal Exch.*, No. 16-1149, 2017 U.S. Dist. LEXIS 14531, at *15 (E.D. La. Feb. 2, 2017) (Fallon, J.).

It is well-established that a trial court should exclude evidence which has a tendency to distract the jury from its main inquiry or confuse the issues. *See, e.g., Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1139 n.11 (5th Cir. 1983) (noting that where evidence, "though of some relevance, may lead to confusing and time-consuming disputes with respect to collateral issues the trial judge may properly reject or limit it under Rule 403") (internal quotation and citation omitted).

## ARGUMENT

Any evidence or argument that Xarelto is unreasonably dangerous in its design or warnings because it was not sold with a reversal agent is not relevant to Plaintiffs' claims. Plaintiffs' experts testified that, even if a reversal agent had been available for Xarelto, it would have made no difference in the case of Mr. Boudreaux. Dr. Winstead confirmed, "I agree that in this particular case that an antidote *would have served no purpose*." Winstead Dep. 114:21-22

2

(emphasis added).  Likewise, Plaintiffs' expert, Dr. Leissinger testified, "I don't know" whether "a reversal agent would not have made a difference" for Mr. Boudreaux.  Leissinger Dep. 154:5-21 (Dec. 8, 2016) (Exh. B).  Mr. Boudreaux's treating physicians confirmed that his gastrointestinal bleed had ceased by the time he was examined at the hospital, and therefore a reversal agent—designed to reverse the anticoagulant effects of a medicine—would have been clinically unnecessary.  Masri Dep. 167:19-168:18 (July 18, 2016) (Exh. C).

Under the LPLA, Plaintiffs must show that their proposed alternative design was "capable of preventing" Mr. Boudreaux's alleged injuries. *See* La. Rev. Stat. Ann. § 9:2800.56.  Evidence of a reversal agent is not relevant to Plaintiffs' claim that Xarelto was unreasonably dangerous because it is undisputed that a reversal agent would not have prevented Mr. Boudreaux's injuries and was not a necessary treatment option.  Any evidence or argument to the contrary is irrelevant, and should be excluded under Rule 402.  Nor is there any other purpose for which evidence or argument related to a lack of reversal agent would be relevant to this case—as the question for the jury to decide is whether a safer alternative design for Xarelto would have avoided his alleged injuries.

The Court also should exclude any evidence or argument related to a reversal agent under Rule 403.  Given the lack of relevance, any such evidence would create a "substantial[]" "danger" of "unfair prejudice, confusing the issues, [and] misleading the jury."  Fed. R. Evid. 403.  Admitting evidence or permitting argument regarding the lack of a Xarelto-specific reversal agent only would confuse the issues and improperly suggest to the jury that Xarelto was defectively designed—on account of the lack of a reversal agent—when Plaintiffs' own experts have testified that a reversal agent would not have been used, even if one had existed.  Evidence related to a lack of a reversal agent also would unnecessarily lengthen the trial by requiring

Defendants to explain why a reversal agent is not necessary and in any event would have made no difference for Mr. Boudreaux.

## CONCLUSION

For the reasons stated above, the Court should exclude any evidence or argument related to the lack of a reversal agent (or antidote) for Xarelto.

Respectfully Submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC, and Johnson & Johnson*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com

CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
Chaffe McCall L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**