UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| **_Boudreaux v. Bayer Corp., et al._** | * | JUDGE ELDON E. FALLON |
| **Case No. 2:14-cv-02720** | * | |
| | * | MAGISTRATE JUDGE NORTH |
| * * * * * * * * * * * * * * * * * * * * * * | | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 28
REGARDING XARELTO'S ABILITY TO SAVE LIVES**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or evidence about how Xarelto has saved lives by preventing strokes.  Alternatively, if Defendants are permitted to introduce evidence of Xarelto's life-saving abilities, then Plaintiffs should be permitted to offer evidence of the numerous pending lawsuits filed as a result of those injured by taking Xarelto.

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401.  However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. _See Sprint v. Mendelsohn,_ 552 U.S. 379, 384 (2008); _Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,_ 175 F.

Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977).  A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice.  *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

Plaintiffs anticipates that Defendants may attempt to argue or suggest to the jury during trial that Xarelto has saved numerous people's lives by preventing strokes.  The only conceivable purpose for such evidence would be to purport that Xarelto is a benefit to society, and it is not likely that it would cause harm to anyone.  This is precisely the sort of propensity evidence that Federal Rule of Evidence 404(a)(1) is meant to bar, and so even assuming this type of evidence is relevant and not otherwise barred as unfairly prejudicial by Rule 403 – which is unlikely – it is explicitly barred by Rule 404(a)(1).

Alternatively, if this Court permits introduction of evidence and testimony of Xarelto's alleged life-saving abilities, Plaintiffs should be permitted to present rebuttal evidence.  In addition to the many studies demonstrating the deficiency of rivaroxaban, Plaintiffs should also be permitted to show the harms brought about by the drug as well.  This would entail such evidence as the myriad of lawsuits pending in the MDL and elsewhere as a result of injuries from major bleeds by individuals who have taken Xarelto.

For these reasons, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony or evidence regarding how Xarelto has saved lives, by preventing strokes.  Alternatively, if Defendants are permitted to introduce evidence of Xarelto's life-saving abilities, then Plaintiffs should be permitted to offer evidence of the numerous pending lawsuits filed as a result of those injured by taking Xarelto.

Dated:  March 29, 2017                                      Respectfully submitted,


                                                            */s/ Leonard A. Davis*
                                                            Leonard A. Davis, Esq. (Bar No. 14190)
                                                            **HERMAN, HERMAN & KATZ, LLC**
                                                            820 O'Keefe Avenue
                                                            New Orleans, Louisiana  70113
                                                            Telephone:  (504) 581-4892
                                                            Facsimile:  (504) 561-6024
                                                            Email:  ldavis@hhklawfirm.com

                                                            Gerald E. Meunier (Bar No. 9471)
                                                            **GAINSBURGH BENJAMIN DAVID MEUNIER
                                                            & WARSHAUER, LLC**
                                                            2800 Energy Centre, 1100 Poydras Street
                                                            New Orleans, LA  70163-2800
                                                            Telephone:  (504) 522-2304
                                                            Facsimile: (504) 528-9973
                                                            Email:  gmeunier@gainsben.com

                                                            **Plaintiffs' Liaison Counsel**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**