UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 24 REGARDING REFERENCES TO ADVERTISING OR CHOICE OF COUNSEL**

### I.   FACTUAL BACKGROUND

Plaintiffs filed suit on December 1, 2014 in the United States District Court for the Eastern District of Louisiana. Plaintiffs subsequently were selected as bellwether Plaintiffs in MDL-2720, the Xarelto Products Liability Litigation. Plaintiffs' choice of counsel, including why or how counsel was retained, are not matters relevant to the trial of this matter, as choice of counsel and any advertising done by Plaintiffs' counsel have absolutely no bearing on the liability or damages issues before this Court. The prejudice and confusion arising from those matters being discussed or referred to at trial far outweighs any speculative probative value of their introduction.

### II.   ARGUMENT

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977). A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

Further, evidence about counsel's advertising efforts or websites commonly has been barred in litigation. *See, e.g., Hart v. RCI Hospitality Holdings, Inc.,* 90 F. Supp. 3d 250, 272 (S.D.N.Y. 2015) ("As to plaintiff's counsel's advertising efforts, this subject too is irrelevant. And evidence as to it would serve, potentially, to alienate the jury, by converting the trial into a referendum on lawful practices by plaintiffs' counsel."); *Esquivel v. Johnson & Johnson,* July Term 2010, No. 1322 (Phila. C.P. May 1, 2013) (attached as Exhibit 1) (precluding evidence about or references to "[a]ny advertisements or websites by attorneys").

Additionally, Defendants should not be allowed to discuss Plaintiffs' choice of counsel, why that counsel was retained, nor reference counsel's advertising, whether said advertising concerns Xarelto or any other case, product or service. Those matters do not relate to any element of liability or damages, and referencing those matters can only serve to confuse the jury, distract from the issues that a bellwether case is designed to address, and result in unfair prejudice to Plaintiffs.

### III. <u>CONCLUSION</u>

For these reasons, Plaintiffs request an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing

testimony or evidence about Plaintiffs' choice of Counsel, including any related advertisements, websites, public appearances, or other representations related to Xarelto.

Dated:  March 29, 2017                                     Respectfully submitted,


*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**