UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Boudreaux v. Bayer Corp., et al.* | * | JUDGE ELDON E. FALLON |
| Case No. 2:14-cv-02720 | * | |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 27
REGARDING MR. JOSEPH BOUDREAUX'S OTHER PRESCRIPTIONS**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, introducing testimony or evidence about, attempting to elicit testimony about, or arguing, the following matters in the presence of the jury, whether directly or indirectly, and whether at *voir dire* or during trial:

(A)     Mr. Joseph Boudreaux's Indocin prescription, which had been prescribed, but was taken during the time period when he suffered his major bleed; and

(B)     Mr. Boudreaux's Metformin prescription, which he was taking at the time of his gastrointestinal bleed, but is not suggestive of contributing to his major bleed.

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence.  Fed. R. Evid. 401.  However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

This Court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice.  *See Sprint v.*

*Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977). A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

With this standard in mind, Defendants should be precluded from offering evidence or argument suggesting that the use of Indocin contributed to Mr. Boudreaux's major bleeding event as there is no evidence he was taking Indocin around the time he actually suffered his major bleed from Xarelto. Defendants and their experts emphasize Mr. Boudreaux's possible use of Indocin, which they state increases the risk of gastrointestinal bleeding,[1] but Mr. Boudreaux was not taking Indocin at the time of his injury. To be admissible testimony, Defendants' experts must opine that Indocin was more likely than not a substantial factor in causing Mr. Boudreaux's bleed. But without proof of Mr. Boudreaux's use of Indocin, they cannot blithely opine on this point.

In 2004, Mr. Boudreaux was prescribed Indocin, which is an anti-inflammatory medication that he takes *as needed* to treat any gout attacks.[2] He explained that he has a prescription for Indocin *just in case* a gout attack happens.[3] His wife, Loretta, stated that Mr. Boudreaux had not suffered a gout attack since sometime in 2010 or 2011.[4] Mr. Boudreaux was instructed to take it *as needed* and he had not suffered from any gout attack while he was taking Xarelto; thus, he was

---

[1] *See* Exhibit 1, Expert Report of Dr. Steven Deitelzweig, at 7 ("Bleeding risk can be elevated further as a result of ingesting an antiplatelet, and possibly Indocin and other NSAIDs."); Exhibit 2, Expert Report of Dr. James William Smith, at 22 ("Mr. Boudreaux had risk factors for a GI bleed, including his . . . use of Indocin which increase the risk of a GI bleed.")

[2] *See* Exhibit 3, Deposition of Joseph Boudreaux, at 133:24-134:6; *see also* Exhibit 4, Deposition of Dr. Kenneth Wong, at 70:21-25.

[3] *See* Exhibit 3, Boudreaux Dep., at 102: 22-103:13.

[4] *See* Exhibit 5, Deposition of Loretta Boudreaux, at 181:6-13.

not taking Indocin at the time of his gastrointestinal bleed.[5]  Therefore, any testimony and/or evidence regarding Mr. Boudreaux's Indocin use is not only irrelevant, but also prejudicial, as it was unnecessary for Mr. Boudreaux to take any Indocin at or near the time of his gastrointestinal bleed.  Alternatively, Defendants should be required to make an offer of proof regarding Mr. Boudreaux's use of Indocin before their experts are permitted to opine on its possible effect on Mr. Boudreaux's bleeding injury.

Second, the current record accurately reflects that Mr. Boudreaux has been taking Metformin daily for the past five years to treat his diabetes.[6]  He was taking the Metformin for his diabetes in January of 2014, when he suffered his gastrointestinal bleed.[7]   He continued to take Metformin after his major bleed to continue to treat his diabetes.[8]  Mr. Boudreaux has consistently been compliant in taking Metformin.

Defendants should be precluded from referencing Mr. Boudreaux's Metformin use, as such a reference would be irrelevant because there is no evidence that Metformin bears any relation to Mr. Boudreaux's gastrointestinal bleed or that it is contraindicated to Xarelto. In fact, Mr. Boudreaux was told to keep taking it after his gastrointestinal bleed.[9]  Moreover, there is no indication that he was non-compliant in taking the Metformin to treat his diabetes.

For these reasons, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony or evidence regarding Mr. Joseph Boudreaux's Indocin and/or Metformin prescriptions or use.

---

[5] *See* Exhibit 3, Boudreaux Dep., at 46:25-47:1; 206:21-23; Exhibit 4, Wong Dep., at 103:21-25; 134:20-25; Exhibit 1, Deitelzweig Report, at 3.

[6] *See* Exhibit 3, Boudreaux Dep., at 42:17-24; 43:11-13.

[7] *Id*. at 103: 17-19; 138:22-25; 165:11-12.

[8] *See* Exhibit 6, Expert Report of Dr. Marc Kahn, at 7.

[9] *Id.*

Dated:  March 29, 2017                          Respectfully submitted,


                                                */s/ Leonard A. Davis*
                                                Leonard A. Davis, Esq. (Bar No. 14190)
                                                **HERMAN, HERMAN & KATZ, LLC**
                                                820 O'Keefe Avenue
                                                New Orleans, Louisiana  70113
                                                Telephone:  (504) 581-4892
                                                Facsimile:  (504) 561-6024
                                                Email:  ldavis@hhklawfirm.com

                                                Gerald E. Meunier (Bar No. 9471)
                                                **GAINSBURGH BENJAMIN DAVID MEUNIER
                                                & WARSHAUER, LLC**
                                                2800 Energy Centre, 1100 Poydras Street
                                                New Orleans, LA  70163-2800
                                                Telephone:  (504) 522-2304
                                                Facsimile: (504) 528-9973
                                                Email:  gmeunier@gainsben.com

                                                **Plaintiffs' Liaison Counsel**


4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 29, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**