UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * * | JUDGE ELDON E. FALLON |
| *Joseph Orr, Jr., et al. v. Janssen et al.* Case No. 2:15-cv-03708 | * * * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR LEAVE TO AMEND PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiffs submit this Memorandum of Law in support of their motion for leave to amend the Plaintiffs' Complaint and state as follows:

**BACKGROUND**

This case was filed in the United States District Court for the Eastern District of Louisiana, Xarelto MDL, on August 24, 2015. The Complaint has never been previously amended.

**MEMORANDUM OF LAW**

Plaintiffs seek to amend their Complaint to include additional allegations making explicit Sharyn Orr's right to recover her "Lost Chance of Survival" damages under Louisiana law. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Rule 15(a) "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Lowry v. Texas A & M University System*, 117 F.3d 242 (5th Cir. 1997). "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of

pleading. Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Bayou Steel Corp. v. Danieli Corp.,* No. CIV.A. 99-3440, 2001 WL 25662, at *1 (Mag. J. Shushan) (E.D. La. Jan. 9, 2001).

Courts look to whether an amendment will cause undue delay, bad faith, whether there is a dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party and futility of the amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Plaintiffs merely seek to unify the pleadings with the facts that both Plaintiffs and Defendants were apprised of during discovery; therefore, at most the amendment is a "house cleaning" procedure and will not prejudice Defendants. See *Mellon Bank, N.A. v. Gen. Elec. Credit Corp.*, 724 F. Supp. 360, 366 (W.D. Pa. 1989) (amendment of pleadings may be permitted to conform to evidence).

Moreover, no such negative impact will befall Defendants by Plaintiffs' requested amendment. Pursuant to E.D.La. L.R. 7.6, on April 5, 2017, the parties met and conferred regarding the amendment and Defendants were therefore on notice that Plaintiffs sought the amendment. Plaintiffs advised that "loss of chance" is not a separate cause of action under Louisiana law and therefore does not have to be specifically pled, nor will there be any additional evidence that needs to be developed in order to support this form of recoverable damages. Because there is no new evidence, defendants suffer no undue prejudice or surprise because they are already in possession of the expert reports that support Plaintiffs' Lost Chance of Survival allegations. *See Air Prod. & Chemicals, Inc. v. Eaton Metal Prod. Co.*, 256 F. Supp. 2d 329, 332 (E.D. Pa. 2003) ("In order to make the requisite showing of prejudice, the adverse party 'is required to demonstrate that its ability to present its case would be seriously impaired were the amendment allowed.'").

Finally, because there is no prejudice to Defendants to allow plaintiffs to conform their pleading to the facts established during discovery, they will be hard pressed to prove that the amendment is untimely. *See Kellis v. Alpha & Omega Fin. Servs., Inc.,* No. 1:09 CV 1626, 2010 WL 4279384, at *2 (N.D. Ohio Oct. 25, 2010), *citing Donovan v. Gillmor*, 535 F. Supp. 154, 157 (N.D. Ohio 1982) (mere fact that party seeks to amend pleading at late stage of litigation is not enough to bar such amendment, without a specific showing that the other party is prejudiced). *See also Smith v. Guar. Serv. Corp.*, 51 F.R.D. 289, 293 (N.D. Cal. 1970) ("while prejudice to the opposing party is obviously a major factor, the passage of time, without more, is not a sufficient basis for denying a motion to amend.").

## CONCLUSION

WHEREFORE Plaintiffs respectfully request that for the reasons set forth above, this Honorable Court grant Plaintiffs' Motion for Leave to Amend Plaintiffs' Complaint and deem the Amended Complaint as filed as of the date of entry of the Court's Order.

Respectfully submitted,

Dated:  April 7, 2017

/s/ Leonard A. Davis
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH: (504) 581-4892
FAX: (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
PH: (504) 522-2304
FAX: (504) 528-99\73
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 7, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**
