**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | ) ) | MAG. JUDGE NORTH |

**DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' MOTION *IN LIMINE* NO. 9
REGARDING PLAINTIFFS' COUNSEL'S
COMMUNICATIONS OR MEETINGS WITH
MR. BOUDREAUX'S PRESCRIBING OR TREATING PHYSICIANS**

Defendants hereby oppose Plaintiffs' Motion *in Limine* No. 9 regarding Plaintiffs' Counsel's Communications or Meetings with Mr. Boudreaux's Prescribing or Treating Physicians (Doc. 5922).

Earlier in this case, in response to a motion that attempted to limit Plaintiffs' counsel's *ex parte* communications with prescribing and treating physicians, Plaintiffs argued that having unrestricted contact with those physicians was "necessary" to their case preparation. *See* PSC Opp. to Defs' Mot. for Entry of a Proposed Order Regarding Contact with Physicians ("Physician Contact Opp.") (Doc. 2044-2), at 20–21. In that same response, Plaintiffs' counsel reassured the Court that "cross-examination by Defendants' counsel would quickly expose" any improper "woodshedding" conduct on their part. *Id.* at 2–3. Now that their attorneys have been allowed to engage in unrestricted *ex parte* communications with prescribing and treating physicians, Plaintiffs seek to deprive Defendants of that very cross-examination opportunity by asserting that any "evidence or suggestions" about contact with prescribing or treating physicians should be excluded from trial because it is irrelevant and unfairly prejudicial. Doc. 5922-1, at 2. Plaintiffs should not

be allowed to have it both ways.  Evidence about Plaintiffs' *ex parte* contact with physicians is relevant to those witnesses' potential prejudice or bias, and is not unfairly prejudicial, particularly in light of Plaintiffs' earlier argument in support of allowing such contact.  In any event, Plaintiffs' motion—which seeks to exclude "any evidence or suggestions about communications between Plaintiffs' counsel and Plaintiffs' prescribing or treating physicians," *id.* at 2—should be denied because it is overly broad and vague.

## ARGUMENT

The Court previously denied Defendants' request for a protective order that would have limited Plaintiffs' counsel's *ex parte* contact with physicians to issues of patient diagnosis and treatment, and prohibited discussion of liability theories.  *See* Order & Reasons (Doc. 2676) (Mar. 9, 2016) ("Order on Physician Contact").  In that ruling, the Court noted that allowing Plaintiffs' counsel unlimited *ex parte* contact with physicians "is especially prudent where the potential for abuse can be largely mitigated through cross-examination."  *Id.* at 12.

In the present motion *in limine*, Plaintiffs incorrectly assert that evidence concerning *ex parte* physician contact is irrelevant because, according to Plaintiffs, the Court's earlier order regarding *ex parte* physician contact "discounted the suggestion that physicians could be improperly influenced."  Doc. 5922-1, at 2.  Although the Court did note that physicians generally are not "a vulnerable or dishonest population," it went on to explain that "nothing prevents Defendants from scheduling depositions, or from discovering the nature of Plaintiffs' *ex parte* contacts if they stray beyond the bounds of the physician-patient privilege."   Order on Physician Contact at 10–12. The Court explained that "this remedy"—*i.e.*, cross-examination—was "more appropriate than imposing a burden on the physician-patient relationship" by limiting the subjects that Plaintiffs' counsel could discuss with physicians.  *Id.* at 12; *see also In re Ethicon, Inc. Pelvic*

*Repair Sys. Prod. Liab. Litig.*, MDL No. 2327, 2015 U.S. Dist. LEXIS 139926, at *3288 (S.D. W. Va. Oct. 13, 2015) (denying motion to limit scope of topics covered in *ex parte* meetings with physicians, noting that the defendant was "not left entirely without recourse. [Defendant]'s counsel . . . may impeach the credibility of the physicians on the basis of influence, bias, or personal interest.").

In sum, evidence regarding Plaintiffs' counsel's *ex parte* contacts with prescribing or treating physicians, including evidence of what documents, if any, were discussed during those meetings, is relevant to issues of witness credibility, including potential bias or improper influence. That cross-examination opportunity will be particularly important should any healthcare provider's trial testimony differ from his or her deposition testimony. Nothing in this Court's previous ruling on *ex parte* physician contact limits Defendants' ability to explore those issues on cross-examination; indeed, the order expressly *contemplates* that Defendants may cross-examine witnesses in order to safeguard against any improper influence. *See* Order on Physician Contact at 12.[1] Nor would evidence concerning Plaintiffs' counsel's *ex parte* contacts with physicians be unfairly prejudicial, particularly in light of Plaintiffs' previous argument that their counsel's contact with physicians should not be limited, in part because "vigorous cross-examination is sufficient to reveal improper 'woodshedding.'" Physician Contact Opp. at 14–15.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion *in limine* No. 9.

---

[1] This line of questioning also is relevant because under Louisiana's learned intermediary doctrine, the relevant question is whether Plaintiffs' proposed warning would have changed the physician's prescribing decision. *See, e.g., Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098–99 (5th Cir. 1991). In order to say whether or not the Plaintiffs' proposed warning would have changed his decision, the prescriber necessarily would have to be informed of Plaintiffs' theory of the case. In other words, the prescribing physician's understanding of Plaintiffs' theory of the case regarding warnings is central to the learned intermediary doctrine, and the jury is entitled to hear how and in what manner the prescriber came to know about Plaintiffs' theory.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | WILKINSON WALSH + ESKOVITZ LLP |
| By: /s/ *Richard E. Sarver*<br>Richard E. Sarver<br>Celeste R. Coco-Ewing<br>BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.<br>909 Poydras Street, 24th Floor<br>New Orleans, Louisiana  70112<br>Telephone:  (504) 589-9700<br>rsarver@barrassousdin.com<br>ccoco-ewing@barrassousdin.com | By: /s/ *Beth A. Wilkinson*<br>Beth A. Wilkinson<br>Jennifer L. Saulino<br>Jeremy Barber<br>WILKINSON WALSH + ESKOVITZ LLP<br>1900 M. Street NW, Suite 800<br>Washington, DC 20036<br>Telephone: (202) 847-4000<br>bwilkinson@wilkinsonwalsh.com<br>jsaulino@wilkinsonwalsh.com<br>jbarber@wilkinsonwalsh.com |
| DRINKER BIDDLE & REATH LLP | NELSON MULLINS RILEY & SCARBOROUGH LLP |
| By: /s/ *Susan M. Sharko*<br>Susan M. Sharko<br>Drinker Biddle & Reath LLP<br>600 Campus Drive<br>Florham Park, NJ 07932-1047<br>Telephone: (973) 549-7000<br>susan.sharko@dbr.com | By: */s/ David E. Dukes*<br>David E. Dukes<br>J. Mark Jones<br>NELSON MULLINS RILEY & SCARBOROUGH LLP<br>1320 Main Street, 17th Floor<br>Columbia, SC 29201<br>Telephone: (803) 799-2000<br>David.Dukes@nelsonmullins.com<br>Mark.Jones@nelsonmullins.com |
| Rodney M. Hudson<br>DRINKER BIDDLE & REATH LLP<br>50 Fremont Street, 20th Floor<br>San Francisco, CA 94105-2235<br>Telephone: (415) 591-7500<br>Rodney.hudson@dbr.com | |
| | ARNOLD & PORTER KAYE SCHOLER LLP |
| Chanda A. Miller<br>Drinker Biddle & Reath LLP<br>One Logan Square, Suite 2000<br>Philadelphia, PA 19103-6996<br>Telephone: (215) 988-2700<br>Chanda.Miller@dbr.com | By: /s/ *Andrew K. Solow*<br>Andrew K. Solow<br>Steven Glickstein<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>Telephone: (212) 836-8485<br>andrew.solow@apks.com<br>steven.glickstein@apks.com |
| IRWIN FRITCHIE URQUHART & MOORE LLC | William Hoffman<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>601 Massachusetts Ave., NW<br>Washington, D.C. 20001<br>Telephone: (202) 942-5000<br>william.hoffman@apks.com |
| By: /s/ *James B. Irwin*<br>James B. Irwin<br>Kim E. Moore<br>Irwin Fritchie Urquhart & Moore LLC<br>400 Poydras Street, Suite 2700 | |

New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on the 12th day of April, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system and a copy of the proposed documents to be placed under seal sent to Plaintiffs' Liaison Counsel by email transmission.

              _/s/  John F. Olinde_