UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION IN LIMINE NO. 23 REGARDING DILUTED WARNINGS

Defendants oppose Plaintiffs' Motion *in Lim*ine No. 23 to exclude evidence that would support the proposition that "too many warnings of serious injuries [may] dilute the general effectiveness of warnings." Plfs.' Mem. (Doc No. 5944-1 at 1). Numerous courts have recognized that the potential for dilution is relevant and highly probative of a plaintiffs' claim based on alleged failure to warn. The same rationale applies here to Plaintiffs' claim that Xarelto's label failed to adequately disclose the risk of bleeding and instruct physicians to monitor coagulation levels through "off label" use of prothrombin time testing.

The adequacy of Xarelto's labeling is one of the central disputed issues in this case. Xarelto's label clearly and repeatedly warns of the risk of bleeding, Mr. Boudreaux's claimed injury, mentioning the terms "bleed" or "bleeding" more than 100 times. *See, e.g.*, Aug. 2013 USPI Highlights of Prescribing Information: Warnings and Precautions (Exh. A) (warning of "serious or fatal bleeding"); *id.* at § 5.2 (Warnings and Precautions) (same); Medication Guide (Exh. B) (warning that "**Xarelto can cause bleeding** which can be serious, and rarely may lead to death"). Despite this fact, Plaintiffs assert that Xarelto's label did not adequately warn of the risk of bleeding (i.e. failed to disclose alleged increased bleeding risk in U.S. subgroup data and as a result of INRatio device) and should have instructed physicians on the "off label" use of a

particular test to measure prothrombin time – Neoplastin® PT – that has not been approved for use with Xarelto. *See* Compl. ¶ 100. Defendants are entitled to present their full defense regarding the adequacy of Xarelto's labeling. This evidence necessarily includes the potential risk of information overload due to "overwarning," which is a well-recognized concern for pharmaceutical labeling. *See, e.g., Mason v. SmithKline Beecham Corp.*, 596 F.3d 387, 392 (7th Cir. 2010) ("While it is important for a manufacturer to warn of potential side effects, it is equally important that it not overwarn because overwarning can deter potentially beneficial uses of the drug by making it seem riskier than warranted and can dilute the effectiveness of valid warnings."). Therefore, this information is both relevant and highly probative.

As implicitly acknowledged by Plaintiffs given their lack of case law support for their Motion, courts in pharmaceutical products liability cases routinely deny motions seeking the relief requested here. In *Hogan v. Novartis Pharmaceuticals Corp.*, the plaintiff alleged that the defendant failed to warn of the risk of developing osteonecrosis of the jaw ("ONJ") from use of Zometa. *See* No. 06 Civ. 0260, 2011 WL 1533467, at *1 (E.D.N.Y. Apr. 24, 2011). The plaintiff filed a motion *in limine* similar to the motion requested here – to "exclude any suggestion that mentioning too many warnings of serious injuries would have 'dilute[d] the effectiveness of warnings generally.'" *Id.* at *14. The court denied the motion: "Unlike the previous motions, this goes to the heart of the case – whether the risk of developing ONJ was sufficiently high to warrant adding yet another warning to the label." *Id.*

Likewise, in *Mahaney v. Novartis Pharmaceuticals Corp.*, another products liability case where the plaintiff asserted that the defendant did not adequately warn of the risk of developing ONJ from use of Zometa, the plaintiff requested that the court "exclude any arguments, insinuations, or testimony that too many warnings on Zometa would have diluted the

effectiveness of the label's precautions." 835 F. Supp. 2d 299, 321 (W.D. Ky. 2011). In denying the motion, the court found that "[o]verwarning, or warning fatigue, is a legitimate concern of manufacturers when creating labels for consumers," and allowed the defendant to present such evidence to the jury. *Id.*

Similarly, in *In re: Tylenol (Acetaminophen) Marketing, Sales Practices & Products Liability Litigation*, the court denied plaintiffs' motion and found that evidence "mentioning that too many warnings of serious injuries will dilute the effectiveness of warnings, generally . . . may be relevant to the case." *In re: Tylenol*, No. 2:13-md-02436, 2016 WL 3125428, at *9 (E.D. Pa. June 3, 2016); *see also In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & PMF Prods. Liab. Litig.*, No. 3:09-md-210-DRH, 2011 WL 6740391, at *16 (S.D. Ill. Dec. 22, 2011) (denying similar motion and stating, "This is a matter for the fact finder to determine and the subject of fair argument."); *In re Vioxx Prods. Liab. Litig.*, No. MDL 1657, 2005 WL 3164251, at *1 (E.D. La. Nov. 18, 2005) (reserving ruling on similar motion).

Just as in *Hogan*, *Mahaney*, *In re: Tylenol*, and *Yasmin*, the adequacy of the warning – and the related issue of the potential for overwarning – is highly relevant and probative of the claims alleged here. As noted above, at the time that Mr. Boudreaux was prescribed Xarelto, the label already made over 100 references to "bleed" or "bleeding," and the proposed *additional* warning about "off label" use of a PT test not approved by FDA for use with Xarelto clearly raises questions about overwarning. Thus, such evidence is both highly relevant and probative to this matter.

3

**CONCLUSION**

For these reasons, Plaintiffs' Motion *in Limine* No. 23 should be denied.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | WILKINSON WALSH + ESKOVITZ LLP |
| By: /s/ *Richard E. Sarver* | By: /s/ *Beth A. Wilkinson* |
| Richard E. Sarver | Beth A. Wilkinson |
| Celeste R. Coco-Ewing | Jennifer L. Saulino |
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | Jeremy Barber |
| 909 Poydras Street, 24th Floor | WILKINSON WALSH + ESKOVITZ LLP |
| New Orleans, Louisiana 70112 | 1900 M. Street NW, Suite 800 |
| Telephone: (504) 589-9700 | Washington, DC 20036 |
| rsarver@barrassousdin.com | Telephone: (202) 847-4000 |
| ccoco-ewing@barrassousdin.com | bwilkinson@wilkinsonwalsh.com |
| | jsaulino@wilkinsonwalsh.com |
| | jbarber@wilkinsonwalsh.com |
| DRINKER BIDDLE & REATH LLP | NELSON MULLINS RILEY & SCARBOROUGH LLP |
| By: /s/ *Susan M. Sharko* | By: */s/ David E. Dukes* |
| Susan M. Sharko | David E. Dukes |
| Drinker Biddle & Reath LLP | J. Mark Jones |
| 600 Campus Drive | NELSON MULLINS RILEY & SCARBOROUGH LLP |
| Florham Park, NJ 07932-1047 | 1320 Main Street, 17th Floor |
| Telephone: (973) 549-7000 | Columbia, SC 29201 |
| susan.sharko@dbr.com | Telephone: (803) 799-2000 |
| | David.Dukes@nelsonmullins.com |
| Rodney M. Hudson | Mark.Jones@nelsonmullins.com |
| DRINKER BIDDLE & REATH LLP | |
| 50 Fremont Street, 20th Floor | |
| San Francisco, CA 94105-2235 | ARNOLD & PORTER KAYE SCHOLER LLP |
| Telephone: (415) 591-7500 | |
| Rodney.hudson@dbr.com | By: /s/ *Andrew K. Solow* |
| | Andrew K. Solow |
| Chanda A. Miller | Steven Glickstein |
| Drinker Biddle & Reath LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| One Logan Square, Suite 2000 | 250 West 55th Street |
| Philadelphia, PA 19103-6996 | New York, New York 10019-9710 |
| Telephone: (215) 988-2700 | Telephone: (212) 836-8485 |
| Chanda.Miller@dbr.com | andrew.solow@apks.com |
| | steven.glickstein@apks.com |

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com


CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on April 12, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                          */s/ James B. Irwin*
                                          **James B. Irwin**