UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL 2592 |
| | | SECTION L |
| | | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | | MAG. JUDGE NORTH |

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS'
MOTION *IN LIMINE* NO. 12 REGARDING INDIVIDUAL CHARACTER EVIDENCE**

Defendants hereby oppose Plaintiffs' Motion *in Limine* No. 12 Regarding Individual Character Evidence (Doc. 5925).

Plaintiffs have not identified any specific evidence or concrete testimony that they wish to exclude, but instead broadly seek to exclude, under Rules 404 and 608, any evidence intended to "bolster the unchallenged character . . . or traits" of Defendants' "current or former employees, managers, consultants, experts, agents, fiduciaries, or witnesses" unless those individuals' character has been challenged. Doc. 5925-1, at 1. In effect, Plaintiffs request a pretrial order instructing Defendants to comply with the Federal Rules of Evidence. This Court has seen such a request before—in *Vioxx*, the plaintiffs filed an almost identical motion, and the Court concluded that the motion was "too vague" and deferred any ruling until trial. *See In re Vioxx Prods. Liab. Litig.*, MDL No. 1657, 2005 WL 3164251, at *1 ¶ 3(o) (E.D. La. Nov. 18, 2005) (deferring ruling on motion *in limine* seeking to exclude "[a]ny reference that bolsters the unchallenged character or traits of the Defendant's current or former employees, managers, consultants, experts, agents, or fiduciaries preemptively" because such a motion is "[t]oo vague"). The Court should likewise deny, or at the least defer, Plaintiffs' motion here.

**ARGUMENT**

Courts in the Fifth Circuit have recognized that the purpose of a motion *in limine* "is not to re-iterate matters which are set forth elsewhere in the . . . Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *King v. Cole's Poultry, LLC*, No. 1:14-cv-00088, MPM-DAS, 2017 WL 532284, at *1 (N.D. Miss. Feb. 9, 2017) (internal quotation marks omitted). This is so because evidentiary challenges to "broad classes of evidence[] should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Looney Ricks Kiss Architects, Inc. v. Bryan*, No. 07-752, 2010 WL 5174418, at *1 (W.D. La. Dec. 15, 2010). Thus, a motion *in limine* that essentially asks the Court to ensure that the parties comply with the Federal Rules of Evidence should be denied. *See Snider v. N.H. Ins. Co.*, No. 14-2132, 2016 WL 3278865, at *2 (E.D. La. June 15, 2016) (denying as "overly broad and vague" a party's motions *in limine* that generally tracked the language of the Federal Rules and explaining that "the Court will enforce the Federal Rules of Evidence"); *Ferguson v. Lehman-Robert Co.*, No. 3:01CV153, 2005 WL 1871168, at *2 (N.D. Miss. Aug. 5, 2005) ("It is not this court's duty to redundantly re-affirm principles of law prior to trial which are already adequately set forth in the rules of evidence . . . .").

Plaintiffs have attempted to do that very thing here by broadly moving to exclude any evidence offered to "bolster" the unchallenged character of Defendants' "current or former employees, managers, consultants, experts, agent, fiduciaries, or witnesses." Doc. 5925-1, at 1. Such evidence, Plaintiffs contend, would be inadmissible propensity evidence because it could be introduced only to show that these witnesses "are good, honest, generous people who are simply incapable—or at least unlikely—to act badly or dishonestly." *Id.* at 2. But Plaintiffs cite no

particular evidence, no specific witness, and no concrete testimony that they wish to exclude. The motion is, in essence, a "redundant recitation[] of [the] rules of evidence," which is exactly the type of vague and overly broad motion *in limine* that should be denied. *Ferguson*, 2005 WL 1871168, at *2; *see also In re OMI Envtl. Sols.*, Nos. 12-2298 & 12-2366, 2014 WL 12539338, at *1 (E.D. La. May 23, 2014) ("[T]he motion in limine provides almost no examples of specific testimony or evidence likely to be offered at this phase of trial . . . . Therefore, the motion raises no concrete evidentiary disputes for the Court to decide. Needless to say, the court will apply the Rules of Evidence and Civil Procedure at trial . . . .").[1]

This Court and others have denied (or deferred for trial) similar motions *in limine* that preemptively seek to exclude evidence of any witness's "good" character. *See, e.g.*, *In re Vioxx*, 2005 WL 3164251, at *1 ¶ 3(o); *Martinez v. City of Chi.*, No. 14-cv-369, 2016 WL 3538823, at *15–16 (N.D. Ill. June 29, 2016) (denying motion *in limine* seeking to exclude evidence bolstering the plaintiff's "good character" as "premature" and explaining that the movants could raise the issue at trial); *Weitz Co., LLC v. MH Wash., LLC*, No. 06-0559-CV-W-DGK, 2008 WL 8625900, at *3 (W.D. Mo. Sept. 15, 2008) (denying motion *in limine* seeking "to prohibit all mention of character evidence" and to "prohibit attorney opinion or testimony attempting to bolster the honesty of Plaintiff or Plaintiff's witnesses" where the motion failed to "identify what specific evidence [movants] seek to exclude").

---

[1] *See also, e.g.*, *Crain v. Schlumberger Tech. Co.*, No. 15-1777, 2016 WL 4508335, at *3 (E.D. La. Aug. 29, 2016) (explaining that the movant's requests were "overly broad" and "failed to provide th[e] Court with sufficient specificity to allow it to rule" and noting that "[t]he Federal Rules of Evidence cannot be applied except in the context of specific evidence" (citation omitted)); *Estate of Wilson v. Mariner Health Care, Inc.*, No. 2:07cv55, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008) ("[M]otions in limine should be *narrowly tailored* to address issues which will likely arise at trial and which require a pre-trial ruling due to their complexity and/or the possibility of prejudice if raised in a contemporaneous objection." (citation and internal quotation marks omitted) (emphasis added)).

Because Plaintiffs have not identified any specific evidence they believe should be excluded but instead have asked for a preemptive ruling that Defendants should abide by the Federal Rules of Evidence, Plaintiffs' motion *in limine* should not be granted.

## CONCLUSION

For the foregoing reasons, the Court should deny or otherwise defer ruling on Plaintiffs' motion *in limine* No. 12.

Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.

By: /s/ *Richard E. Sarver*
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*

Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com


CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of April, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system and a copy of the proposed documents to be placed under seal sent to Plaintiffs' Liaison Counsel by email transmission.

/s/      John F. Olinde