UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL 2592 |
| | | SECTION L |
| | | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | | MAG. JUDGE NORTH |

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 13 REGARDING DEFENDANTS' CORPORATE CHARACTER AND GOOD ACTS**

Defendants hereby oppose Plaintiffs' Motion *in Limine* No. 13 Regarding Defendants' Corporate Character And Good Acts (Doc. 5926).

**ARGUMENT**

**A. Plaintiffs' motion should be denied because it is overly broad, vague, and premature.**

Plaintiffs seek to exclude evidence about "Defendants' corporate character, reputation, good acts, or charitable contributions, or the societal good performed by their manufacture of pharmaceuticals." Doc. 5926-1, at 1. Plaintiffs have not identified any specific character evidence that they seek to exclude. Absent that context, the Court should deny Plaintiffs' motion because it is overly broad, vague, and premature. *See*, *e.g.*, *Snider v. N.H. Ins. Co.*, No. 14-2132, 2016 WL 3278865, at *2 (E.D. La. June 15, 2016) (denying motions *in limine* that did not identify specific evidence as "overly broad and vague"); *In re OMI Envtl. Sols.*, Nos. 12-2298, 12-2366, 2014 WL 12539338, at *1 (E.D. La. May 23, 2014) ("[T]he motion in limine provides almost no examples of specific testimony or evidence likely to be offered at this phase of trial" and, therefore, "raises no concrete evidentiary disputes for the Court to decide."); *Sellers v. Canada Life Assur. Co.*, No. Civ.A. 00-1388, 2002 WL 58542, at *1 (E.D. La. Jan. 11, 2002) (denying motion *in limine* that

"does not provide enough detail about specific items [defendant] believes should be excluded"). The Court can address such evidence in context—if Defendants offer any—at trial.

**B.   Plaintiffs' motion should be denied because some evidence that could be deemed "character" evidence may be necessary in rebuttal or during *voir dire*.**

Plaintiffs' motion also should be denied because some evidence that could be deemed "character" evidence may be needed to respond to Plaintiffs' presentation of their case. In particular, Plaintiffs may argue that Defendants and their employees prioritized profits over safety and concealed safety information from patients and doctors. Those allegations are attacks on Defendants and their employees. If Plaintiffs pursue those arguments, Defendants may need to rebut them.

Plaintiffs reference evidence of or argument about "the societal good performed by [Defendants'] manufacture of pharmaceuticals" (Doc. 5926-1, at 1), but it is unclear what precisely Plaintiffs intend to exclude in this regard. To be clear, Defendants do not intend to introduce evidence about their other medicines. However, Defendants may need to explore in *voir dire* whether prospective jurors have been treated with Defendants' medicines and, if so, the prospective jurors' experience with the medicine(s) (good or bad) that might influence their views of the case.

**C.   In any event, Plaintiffs' motion should be denied to the extent that Plaintiffs propose to present evidence of centuries- and decades-old alleged "bad acts" of Bayer and its affiliates.**

Regardless of how the Court resolves Plaintiffs' request to exclude evidence of Defendants' corporate character and good acts, the Court should deny Plaintiffs' proposed alternative relief, which proposes that if Defendants are permitted to submit character evidence, Plaintiffs should be permitted to submit evidence of alleged "bad acts" of Bayer or its affiliates, dating back centuries and decades. *See* Doc. 5926-1, at 2–3 (referencing alleged conduct in 1848,

World War II, and the 1990s). That "evidence"—consisting primarily of hearsay allegations reported in the media—should be excluded at trial under any circumstances.

This case is about whether Xarelto® was unreasonably dangerous, as a matter of warnings or design, when it left Defendants' control and, if so, whether that caused Plaintiffs' damage. *See* La. Rev. Stat. Ann. § 9:2800.54. Any facts or arguments relating to conduct in 1848, during World War II, or during any other period in the last century has no bearing on this case and, therefore, is inadmissible. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

Evidence and argument about Bayer's alleged corporate history also is inadmissible because any marginal probative value would be "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time . . . ." Fed. R. Evid. 403. Rule 403 requires exclusion of evidence and argument about Bayer's corporate history because any possible probative value—and there is none—of the alleged conduct 150 years ago, during World War II, and consent decrees relating to marketing in the 1990s would be drastically outweighed by the unfair prejudice to Defendants. This highly prejudicial evidence would invite the jury to make a "decision on an improper basis," such as "an emotional one." *United States v. Cook*, 557 F.2d 1149, 1153 (5th Cir. 1977) (citing Fed. R. Evid. 403 advisory committee's notes); *see also Granger v. Bisso Marine*, No. 15-477, 2016 WL 4621501, at *6 (E.D. La. Sept. 6, 2016) (Fallon, J.) (excluding "any evidence or testimony related to Plaintiff's arrest" under Rule 403).

Such evidence and argument also would result in undue delay because Bayer would be compelled to contest Plaintiffs' extraneous accusations to demonstrate that it did not commit and is not legally responsible for the actions that Plaintiffs have identified. Such delay is specifically contemplated by Rule 403 as an independent reason to exclude the evidence. *See*, *e.g.*, *Plemer v.*

*Parsons-Gilbane*, 713 F.2d 1127, 1139 n.11 (5th Cir. 1983) (noting that where evidence, "though of some relevance, may lead to confusing and time-consuming disputes with respect to collateral issues the trial judge may properly reject or limit it under Rule 403" (internal quotation and citation omitted)).

Accordingly, the Court should exclude the type of evidence that Plaintiffs have identified for any purpose.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion *in limine* No. 13 regarding Defendants' corporate character and good acts.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | WILKINSON WALSH + ESKOVITZ LLP |
| By: /s/ *Richard E. Sarver* <br> Richard E. Sarver <br> Celeste R. Coco-Ewing <br> BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. <br> 909 Poydras Street, 24th Floor <br> New Orleans, Louisiana  70112 <br> Telephone:  (504) 589-9700 <br> rsarver@barrassousdin.com <br> ccoco-ewing@barrassousdin.com | By: /s/ *Beth A. Wilkinson* <br> Beth A. Wilkinson <br> Jennifer L. Saulino <br> Jeremy Barber <br> WILKINSON WALSH + ESKOVITZ LLP <br> 1900 M. Street NW, Suite 800 <br> Washington, DC 20036 <br> Telephone: (202) 847-4000 <br> bwilkinson@wilkinsonwalsh.com <br> jsaulino@wilkinsonwalsh.com <br> jbarber@wilkinsonwalsh.com |
| DRINKER BIDDLE & REATH LLP | NELSON MULLINS RILEY & SCARBOROUGH LLP |
| By: /s/ *Susan M. Sharko* <br> Susan M. Sharko <br> Drinker Biddle & Reath LLP <br> 600 Campus Drive <br> Florham Park, NJ 07932-1047 <br> Telephone: (973) 549-7000 <br> susan.sharko@dbr.com <br><br> Rodney M. Hudson | By: /s/ *David E. Dukes* <br> David E. Dukes <br> J. Mark Jones <br> NELSON MULLINS RILEY & SCARBOROUGH LLP <br> 1320 Main Street, 17th Floor <br> Columbia, SC 29201 <br> Telephone: (803) 799-2000 <br> David.Dukes@nelsonmullins.com <br> Mark.Jones@nelsonmullins.com |

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of April, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system and a copy of the proposed documents to be placed under seal sent to Plaintiffs' Liaison Counsel by email transmission.

                                             */s/      John F. Olinde*