UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL 2592 |
| | | SECTION L |
| | | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | | MAG. JUDGE NORTH |

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 17 REGARDING POTENTIAL ADVERSE EFFECTS OF A PLAINTIFFS' VERDICT**

Defendants hereby oppose Plaintiffs' Motion *in Limine* No. 17 Regarding Potential Adverse Effects Of A Plaintiffs' Verdict (Doc. 5930).

Plaintiffs' motion vaguely requests a blanket order "prohibiting all witnesses and counsel from commenting on, referring to, [or] attempting to introduce testimony or evidence" that would "suggest[] that a verdict for Plaintiffs could have any potential adverse effects." Doc. 5930-1, at 1. Their supporting brief identifies some objectionable topics, but expressly states that Plaintiffs' motion only "includes, but is not limited to," those identified topics. *Id.* For some of Plaintiffs' identified objectionable topics, Defendants agree that they will not present any such argument or evidence; accordingly, on those topics, Plaintiffs' motion should be denied as moot. *See infra* Part A.

But Plaintiffs' motion otherwise should be denied on the remaining topics identified in their motion, all of which are vague and overly broad. Indeed, some of these topics are squarely relevant to this case—*e.g.*, "the ability of doctors to choose which drugs to prescribe for their patients" (Doc. 5930-1, at 1). Moreover, beyond the topics that Plaintiffs identify as non-exclusive examples, Plaintiffs' blanket request is impermissibly broad in scope and imprecise. The motion should be denied, or at the least deferred until trial on that basis alone. *See, e.g., Snider v. N.H.*

*Ins. Co.*, No. 14-2132, 2016 WL 3278865, at *2 (E.D. La. June 15, 2016) (denying motions *in limine* that did not identify specific evidence as "overly broad and vague"). A host of other topics that may conceivably be covered by Plaintiffs' motion require more specificity; whether a specific argument or evidence that falls within Plaintiffs' broad request is relevant or not depends on the nature of the evidence and the context in which it arises during the trial. *See infra* Part B.

Accordingly, the Court should deny Plaintiffs' motion as moot on the topics that Defendants agree not to pursue at trial. The Court should otherwise deny Plaintiffs' motion or, in the alternative, decline to enter a blanket order and instead defer until trial ruling on the admissibility of specific evidence or argument that may be covered by Plaintiffs' broad motion.

## ARGUMENT

### A. The Court should deny as moot Plaintiffs' argument on certain topics identified in Plaintiffs' motion on which Defendants agree not to present argument or evidence.

Despite Plaintiffs' request for a blanket order prohibiting any evidence or argument that would "suggest[] that a verdict for Plaintiffs could have any potential adverse effects," Plaintiffs' motion identifies some areas of objectionable evidence or argument. Doc. 5930-1, at 1. On several of those topics, the parties can agree. For purposes of trial, Defendants agree not to present evidence or argument to the jury about the following topics listed in Plaintiffs' motion: evidence or argument about a Plaintiffs' verdict's potential effect on (1) "the pharmaceutical industry" as a whole; (2) "insurance rates or premiums"; (3) "drug costs"; (4) "the ability to purchase drugs"; (5) "Defendants' finances or stock values"; and (6) "layoffs or lost jobs." Accordingly, the Court should deny Plaintiffs' motion as moot as to those topics because there is no genuine dispute between the parties.

2

**B.    The Court should otherwise deny Plaintiffs' motion or, at the least, defer until trial any ruling on Plaintiffs' vague blanket request.**

Aside from the areas of agreement between the parties, the Court should deny or at least defer ruling on the remainder of Plaintiffs' motion.

**1.**    Plaintiffs' motion identifies several broad, vaguely described topics that very well may include plainly relevant evidence, depending on the context:

**a.**    Plaintiffs request to exclude "suggestions about a verdict's potential effect on . . . the ability of doctors to choose which drugs to prescribe for their patients" (Doc. 5930-1, at 1; *see also id.* (same, regarding "Defendants' ability to compete," presumably in the market with other anticoagulants)), but that would exclude evidence that is plainly relevant to this case. Indeed, the availability of Xarelto® among other anticoagulation options goes to the very heart of this case. Plaintiffs contend that Xarelto should have been marketed alongside an anti-Factor Xa assay and/or a reversal agent, but neither of those "adjunct" products—*i.e.*, neither a Xarelto-specific anti-Factor Xa assay nor a reversal agent for Xarelto—has been approved by FDA, so Xarelto still would not be on the market today if Plaintiffs' theory were correct. And without Xarelto on the market, doctors—like Mr. Boudreaux's prescribing physician—would be left without an anticoagulation option that they continue to prescribe, and that FDA and independent medical associations continue to recommend. *See* Defs.' Learned Intermediary MSJ (*Boudreaux*) (Doc. 5118), at 4–5, 7–8 (discussing Dr. Wong's continued prescriptions of Xarelto and the importance to him of having different anticoagulation options available). Accordingly, unless the Court concludes that federal law preempts Plaintiffs' claims, Defendants must be permitted to introduce evidence and argument bearing on a logical consequence of Plaintiffs' theory,

3

particularly in light of the fact that Plaintiffs' own experts concede that Xarelto is "safe and effective." *See* Defs.' LPLA Design Defect MSJ (Doc.5115), at 15–16 (quoting Plaintiffs' experts); Defs.' LPLA Design Defect MSJ Reply Br. (Doc.5679), at 3 n.2 (same).

**b.** Plaintiffs contend that Defendants should not be able to present evidence or argument that would suggest that a Plaintiffs' verdict could affect "the economy." Doc. 5930-1, at 1. It is unclear what Plaintiffs mean by "the economy," or what evidence and argument Plaintiffs seek to exclude on this point.

**c.** Similarly, Plaintiffs reference the potential effect on "manufacturers' incentive or ability to develop drugs" (*id.*), but it is unclear exactly what evidence and argument Plaintiffs seek to exclude. Plaintiffs' design-defect claims rest on the allegation "that the absence of an anti-Factor Xa assay and/or a reversal agent rendered Xarelto unreasonably dangerous under the LPLA." Pls.' Opp. to Defs.' LPLA Design Defect MSJ (Doc. 5524), at 1; *see also id.* at 2, 5 (similar). As already explained, evidence of Defendants' incentive or ability to develop those "adjunct" products is plainly relevant to this case, and admission of such evidence will necessarily depend on the context in which it is offered. Plaintiffs' blanket request for exclusion is too broad.

**2.** Going beyond the topics identified by Plaintiffs, it becomes clear just how overly broad their blanket request is. Plaintiffs want an order excluding *any* "suggest[ion] that a verdict for Plaintiffs could have any potential adverse effects." Doc. 5930-1, at 1. That could conceivably cover a host of evidence and argument that is context specific, such as whether a verdict may affect physicians' prescribing habits or patients' medication compliance. There is no basis for a blanket order excluding the whole range of possible evidence without seeing its context in the course of trial. Plaintiffs' motion should be denied, or at least deferred, as vague and overly broad. *See*

4

*Snider*, 2016 WL 3278865, at *2; *see also, e.g.*, *In re OMI Envtl. Sols.*, Nos. 12-2298, 12-2366, 2014 WL 12539338, at *1 (E.D. La. May 23, 2014) ("[T]he motion in limine provides almost no examples of specific testimony or evidence likely to be offered at this phase of trial" and, therefore, "raises no concrete evidentiary disputes for the Court to decide."); *Sellers v. Canada Life Assur. Co.*, No. Civ.A. 00-1388, 2002 WL 58542, at *1 (E.D. La. Jan. 11, 2002) (denying motion *in limine*, which "does not provide enough detail about specific items [defendant] believes should be excluded").

* * *

For all of these reasons, a blanket ruling of the sort requested by Plaintiffs is inappropriate. Whether specific evidence that falls within the broad request for relief are relevant depends on the nature of the evidence and the context in which it arises during trial.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion *in limine* No. 17.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | WILKINSON WALSH + ESKOVITZ LLP |
| By: /s/ *Richard E. Sarver* | By: /s/ *Beth A. Wilkinson* |
| Richard E. Sarver | Beth A. Wilkinson |
| Celeste R. Coco-Ewing | Jennifer L. Saulino |
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | Jeremy Barber |
| 909 Poydras Street, 24th Floor | WILKINSON WALSH + ESKOVITZ LLP |
| New Orleans, Louisiana 70112 | 1900 M. Street NW, Suite 800 |
| Telephone: (504) 589-9700 | Washington, DC 20036 |
| rsarver@barrassousdin.com | Telephone: (202) 847-4000 |
| ccoco-ewing@barrassousdin.com | bwilkinson@wilkinsonwalsh.com |
| | jsaulino@wilkinsonwalsh.com |
| | jbarber@wilkinsonwalsh.com |

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of April, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system and a copy of the proposed documents to be placed under seal sent to Plaintiffs' Liaison Counsel by email transmission.

/s/     *John F. Olinde*