**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | MDL No. 2592 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| | |
| *Joseph J. Boudreaux, Jr., et al. v. Janssen et al.* | MAGISTRATE NORTH |
| Case No. 2:14-cv-02720 | |

**DEFENDANTS' JOINT OPPOSITION TO**
**PLAINTIFFS' MOTION *IN LIMINE* NO. 14 (REGARDING PREEMPTION AND**
**STATE TORT LAW CLAIMS) AND MOTION *IN LIMINE* NO. 22 (REGARDING**
**DEFENDANTS' LACK OF PERMISSION TO CHANGE THE LABEL OF XARELTO**
<u>**WITHOUT PRIOR FDA APPROVAL)**</u>

Defendants hereby oppose – as both moot and misdirected – Plaintiffs' Motions *in Limine* Nos. 14 and 22 broadly seeking to exclude evidence and argument (1) that federal law preempts state tort law (Pl. MIL 14), (2) that FDA could have mandated the label changes requested by Plaintiffs (Pl. MIL 22), or (3) that Defendants could not have "unilaterally" and without prior FDA approval changed the Xarelto® label to reflect Plaintiffs' proposed label changes (Pl. MIL 22).

In seeking to preclude this evidence and argument, Plaintiffs improperly conflate the legal question of preemption to be decided by the Court—and not the jury—with the admissibility of evidence pertaining to their underlying tort claims.  For the reasons set forth below, Plaintiffs' Motions should be denied.

***First***, the question whether Plaintiffs' claims are preempted by federal law, including whether Defendants could have "unilaterally" and without prior FDA approval changed the Xarelto label, is a legal question to be decided by the Court as a matter of law.  This issue was

extensively briefed in Defendants' motions for partial summary judgment on the grounds that federal law preempts Plaintiffs' design, dosing and monitoring-related claims (Doc. 5109) and failure to warn claims (Doc. 5110).  Defendants do not intend to argue that the jury should decide the legal question of federal preemption, and therefore to the extent that Plaintiffs' Motions seek to preclude argument or evidence related to this issue, they should be denied as moot.

*Second*, Plaintiffs' current position is flatly contrary to the position they took at the oral argument on Defendants' summary judgment motions.  There, Plaintiffs contended that preemption is a question to be decided by the jury based on the Third Circuit's decision in *In re Fosamax (Alendronate Sodium) Products Liability Litigation*, No. 14-1900, 2017 WL 1075047 (3d Cir., Mar. 22, 2017).  But now, for purposes of the present motions, Plaintiffs argue that evidence of federal preemption is not even relevant.[1]  If this Court were to conclude that the jury should decide whether Defendants could have changed the design or labeling without prior FDA approval under federal regulations, then Defendants would surely be entitled to present evidence and argument on both this question and whether there is "clear evidence" that FDA would not have approved the proposed label changes here.

*Third*, setting aside the question of preemption per se, Defendants are unquestionably entitled to present evidence and argument that they complied with government regulations and

---

[1] As set forth in Defendants' Motions for Summary Judgment, the vast majority of courts, including the Fifth Circuit, have held that federal preemption is a legal question for the court to decide.  *See* Def. Mot. for Partial Summary Judgment Based on Federal Preemption of Design, Dosing and Monitoring Related Claims (Doc. 5109), at 10; Def. Reply ISO Mot. for Partial Summary Judgment Based on Federal Preemption of Labeling Claims (Doc. 5110) at 4 n.3.  Contrary to Plaintiffs' assertion otherwise, preemption is a pure question of law to be decided by the Court.  *Lofton v. McNeil*, 672 F.3d 372 (5th Cir. 2012); *see also, e.g.*, *Cerveny v. Aventis, Inc.*, 155 F. Supp. 3d 1203, 1210 (D. Utah 2016), *appeal docketed*, No. 16–4050 (10th Cir. Apr. 12, 2016) (applying clear evidence standard and determining that "[w]hether federal law preempts a plaintiff's state tort law claims presents a pure question of law"); *In re Incretin-Based Therapies Prods. Liab. Litig.*, 142 F. Supp. 3d 1108, 1120 (S.D. Cal. 2015), *appeal docketed*, No. 15–56997 (9th Cir. Dec. 31, 2015) (rejecting plaintiff's argument that clear evidence standard should involve questions of fact because "preemption presents purely a question of law").

guidelines, including offering evidence of FDA's findings and conclusions with respect to the proposed label changes in question.  This evidence is highly relevant and admissible to respond to Plaintiffs' allegations that the Defendants were negligent or otherwise failed to comply with the law and that Xarelto's design and labeling are unreasonably dangerous.  Accordingly, this Court should deny Plaintiffs' Motions *in Limine* Nos. 14 and 22.

**ARGUMENT**

I.      **The issues of whether Defendants could have changed the Xarelto label without FDA's prior approval and whether FDA would have approved a label change are questions of law for the Court to decide.**

The question whether federal law preempts state law tort claims is a legal question to be decided by the Court.  *Cerveny v. Aventis, Inc.*, 155 F. Supp. 3d 1203, 1210 (D. Utah 2016), *appeal docketed*, No. 16–4050 (10th Cir. Apr. 12, 2016), ("Whether federal law preempts a plaintiff's state tort law claims presents a pure question of law. . . ."); *In re Incretin-Based Therapies Prods. Liab. Litig.*, 142 F. Supp. 3d 1108, 1120 (S.D. Cal. 2015), *appeal docketed*, No. 15–56997 (9th Cir. Dec. 31, 2015) ("[P]reemption presents purely a question of law. . . ."). As explained in Defendants' Motions for Summary Judgment, this Court—not a jury—must determine whether Defendants could have unilaterally changed the label without prior FDA approval, and if so, whether "FDA would not have approved" Plaintiffs' suggested labeling changes had they been proposed."  *Wyeth v. Levine*, 555 U.S. 555, 571–72 (2009); *see also, e.g.*, *Seufert v. Merck Sharp & Dohme Corp.*, 187 F. Supp. 3d 1163, 1169 (S.D. Cal. 2016) (relevant inquiry is whether FDA "would have rejected" a label change).  Holding true to the *Levine* decision, the Fifth Circuit in *Lofton v. McNeil*, 672 F.3d 372 (5th Cir. 2012), and the Sixth Circuit in *Rheinfrank v. Abbott Laboratories, Inc.*, No. 16-3347, 2017 WL 680349, at *13 (6th Cir., Feb. 21, 2017), have held that preemption is purely a legal question to be decided by the Court as a matter of law.

To the extent that Plaintiffs' motion is an attempt to circumvent through an evidentiary motion issues that have already been briefed in Defendants' Motions for Summary Judgment, the relief should be denied. *Painter v. Suire*, No. 12-CV-00511-SDD-SCR, 2014 WL 4925522, at *1 (M.D. La. Sept. 30, 2014) ("*[M]otions in limine* serve the purpose of addressing threshold evidentiary concerns before trial begins; such motions do not to address matters redressable through a 12(b)(6) motion to dismiss or a motion for summary judgment."), *aff'd in part*, 650 F. App'x 219 (5th Cir. 2016).

## II.   Plaintiffs' motion is inconsistent with their position on summary judgment and should be denied.

Plaintiffs' current position is also flatly inconsistent with the position they took in opposing Defendants' summary judgment motions.  Plaintiffs asserted at oral argument in response to Defendants' motions that at least one preemption issue—whether there is "clear evidence" that FDA would have rejected a label change had Defendants proposed one—is a question of fact for the jury to decide.  Yet they now assert that evidence and argument related to this very issue should be excluded at trial.  *See* Pl. Mot. No. 22 at 4 (arguing that evidence or argument that "Defendants were not permitted to change the label for Xarelto without prior FDA approval or that the FDA could have mandated a change to the label" should be excluded).   If Plaintiffs are permitted to offer evidence or argument that the Defendants could have unilaterally changed the label without prior FDA approval, then Defendants are most assuredly entitled to respond to those assertions with evidence and argument demonstrating otherwise.  The merits of whether or not a label change would have been permitted were extensively addressed in Defendants' Motions for Summary Judgment, which are fully incorporated herein.

**III.    To the extent that Plaintiffs' motions seek to preclude evidence of Defendants' compliance with federal regulations and FDA's review of the same alleged safety issues, the motion should be denied.**

Defendants also are entitled to offer evidence relevant to their compliance with governmental regulations and FDA's views on the safety issues that Plaintiffs assert warranted a label change here, namely that:

- FDA approved Xarelto without requiring that it be accompanied by an anti-Factor-Xa assay, a reversal agent, or any instruction about using a PT test to make clinical decisions;

- FDA conducted an independent analysis and concluded that the recall of the INRatio device did not affect ROCKET AF's findings and, therefore, no revision to Xarelto's label was required;

- FDA reviewed all of the data regarding the U.S.-subgroup in ROCKET AF at the time the initial Xarelto label for the indication for atrial fibrillation was approved, and decided not to include the information;

- FDA rejected a proposal to add PT-monitoring language to Xarelto's label at the time of approval.

Plaintiffs' argument that any evidence offered at trial that Defendants were prohibited from changing the label is "false, contrary to law, irrelevant, unduly prejudicial and would confuse the jury" is simply not true and is illogical.  FDA approval of a medicine as safe and effective and compliance with government regulations is highly relevant to Plaintiffs' claims as it shows that Defendants complied with regulatory standards and satisfied their state-law duties. In approving Xarelto for sale, FDA considered the data submitted related to clinical trials, the design of the product, and the language that appears in a package insert.  *See Wyeth v. Levine*, 555 U.S. at 568 ("The FDA's premarket approval of a new drug application includes the approval of the exact text in the proposed label." (citing 21 U.S.C. § 355; 21 C.F.R. § 314.105(b))).  When FDA approves a product and the particular language used in a label, FDA makes a determination that the medicine is safe and effective and that the language in the label is

not false and misleading based on the information submitted to FDA. *See Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1235 (S.D. Fla. 2007) ("The information included in the labeling of a new drug reflects a determination by the FDA that the information is not 'false or misleading.'" (citing 21 C.F.R. § 314.125(b)(6))). Defendants are entitled to present this evidence that FDA approved Xarelto and its labeling under the applicable federal regulations.

Courts overseeing pharmaceutical cases routinely permit the introduction of evidence and argument related to FDA approval in order to assist the jury in determining whether the defendant acted reasonably and assessing the safety of a prescription medicine. *See, e.g.*, *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 191 (S.D.N.Y. 2009) (admitting testimony on FDA regulations to help jurors assess reasonableness of manufacturer's conduct); *Smith v. Wyeth-Ayerst Labs. Co.*, 278 F. Supp. 2d 684, 702 (W.D.N.C. 2003) (allowing testimony regarding regulatory standards); *see also Corrigan v. Methodist Hosp.*, 874 F. Supp. 657, 658 (E.D. Pa. 1995) (evidence regarding FDA regulatory status of pedicle screw admissible). The overwhelming majority of courts also find that "a product's compliance with an applicable product safety statute or administrative regulation is properly considered in determining whether the product is defective . . . ." Rest. (3d) of Torts: Prod. Liab. § 4(b) (1998). Courts also generally consider evidence of compliance with federal standards admissible evidence of a defendant's reasonableness. *See id.*, reporter's notes to comment 3 ("The overwhelming majority of jurisdictions hold that compliance with product safety regulation is relevant and admissible on the question of defectiveness, but is not necessarily controlling."); *see also Rader v. Teva Parental Medicines, Inc.*, 795 F. Supp. 2d 1143, 1150 (D. Nev. 2011) ("[S]ince the claims . . . involve . . . the reasonableness of their actions . . . evidence of compliance with FDA regulations is admissible."); *Mahaney ex rel. Estate of Kyle v. Novartis Pharmaceuticals Corp.*,

835 F. Supp. 2d 299, 320-21 (W.D. Ky. 2011) (compliance with FDA requirements "both relevant and probative" of the pharmaceutical manufacturer's defenses, and noting that "other courts have used compliance with the FDA as proof of due care by a pharmaceutical company"); *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d at 191 (concluding expert testimony on regulatory compliance would assist the jury in determining whether Merck acted as a reasonably prudent pharmaceutical manufacturer); *see also Dill v. State, Dept. of Transp. and Dev.*, 545 So.2d 994 (1989).

Plaintiffs' placed these topics directly at issue in their oppositions to Defendants' Motions for Partial Summary Judgment and have retained experts to render opinions on these very same issues. ██████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████.

Defendants are entitled to introduce evidence and testimony of the very position taken by FDA itself to dispute these allegations. Plaintiffs cannot dispute the relevance of information that was before FDA and what FDA has done with the same information. Plaintiffs' attempt to unilaterally present evidence regarding their theory of Defendants' obligations under Federal law, while simultaneously attempting to preclude Defendants from defending against those arguments, should be rejected.

**CONCLUSION**

For the forgoing reasons, Plaintiffs' Motions *in Limine* Nos. 14 and 22 should be denied.


Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN &
SARVER, L.L.C.

By: */s/ Richard E. Sarver*
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN &
SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com



DRINKER BIDDLE & REATH LLP

By: */s/ Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

WILKINSON WALSH + ESKOVITZ LLP

By: */s/ Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com


NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com


ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ James B. Irwin
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


*Attorneys for Defendants Janssen
Pharmaceuticals, Inc., Janssen Research &
Development, LLC, and Janssen Ortho LLC*

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: /s/ Kevin C. Newsom
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com


CHAFFE MCCALL L.L.P.
By: /s/ John F. Olinde
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare
Pharmaceuticals Inc. and Bayer Pharma AG*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 12, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**

00407193