**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL 2592 |
| | | SECTION L |
| | | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | | MAG. JUDGE NORTH |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 28 REGARDING XARELTO'S ABILITY TO SAVE LIVES**

Defendants hereby oppose Plaintiffs' Motion *in Limine* No. 28 Regarding Xarelto®'s Ability to Save Lives (Doc. 5949).

Plaintiffs seek to prohibit all witnesses and counsel from "commenting on, referring to, . . . or introducing testimony or evidence about how Xarelto has saved lives by preventing strokes." Doc. 5949-1, at 1.  Alternatively, Plaintiffs contend that, if Defendants are permitted "to introduce evidence of Xarelto's life-saving abilities," then Plaintiffs should be permitted "to offer evidence of the numerous pending lawsuits filed as a result of those injured by taking Xarelto." *Id.*  Plaintiffs have not identified any specific examples of testimony or evidence that they claim is inadmissible, which alone is enough to deny the motion.  *See, e.g.*, *In re OMI Envtl. Sols.*, Nos. 12-2298, 12-2366, 2014 WL 12539338, at *1 (E.D. La. May 23, 2014) ("[T]he motion in limine provides almost no examples of specific testimony or evidence likely to be offered at this phase of trial" and, therefore, "raises no concrete evidentiary disputes for the Court to decide."); *Sellers v. Canada Life Assur. Co.*, No. Civ.A. 00-1388, 2002 WL 58542, at *1 (E.D. La. Jan. 11, 2002) (denying motion *in limine*, which "does not provide enough detail about specific items [defendant] believes should be excluded").

1

Plaintiffs haven't presented two sides of the same coin.  FDA approval of prescription medications is based on evidence of *both* safety *and* efficacy.  And evidence of Xarelto's efficacy is unquestionably relevant to key elements of Plaintiffs' product-liability claims—*i.e.*, whether the benefits of taking Xarelto outweigh its risks (as FDA has concluded), and whether Mr. Boudreaux's prescribing physician was adequately informed such that he could make the benefit/risk calculation necessary to make an informed prescribing decision.  By contrast, Plaintiffs' proposed evidence of other lawsuits does not tend to make any fact in the benefit/risk calculation any more or less likely.  The fact that other lawsuits exist reflects only that allegations have been made by other plaintiffs claiming to have been injured by Xarelto under completely different sets of facts and circumstances.  That sort of evidence has routinely been excluded by other courts and is inadmissible for the host of reasons set forth in Defendants' Omnibus Motion *in Limine* No. 2 (Doc. 5956-1, at 17).  Instead, the right side of the comparative coin to evidence of Xarelto's efficacy is data regarding Xarelto's bleeding risk, which Plaintiffs no doubt will seek to introduce and Defendants do not dispute is relevant or admissible.  The Court should deny Plaintiffs' attempt to show the jury only one side of the evidentiary coin.

Plaintiffs also summarily challenge evidence about Xarelto's efficacy under Rule 403 and Rule 404(a), but they have not offered any support for those arguments.  Plaintiffs' motion *in limine* should be denied.

## ARGUMENT

### A.     Evidence of Xarelto's efficacy is relevant under Rule 402.

Plaintiffs have only two claims—for design defect and failure to warn—both of which arise under the LPLA.  To prove their design-defect claim, Plaintiffs must prove (1) that there existed an alternative design for the product that was capable of preventing the alleged harm; and (2) that the likelihood that the product's design would cause the injury and the gravity of that injury

outweighed the burden on the manufacturer of adopting such an alternative design, and the adverse effect, if any, of such alternative design on the utility of the product. *See* La. Rev. Stat. Ann. § 9:2800.56. That claim plainly requires a jury to assess both the risk of the product *and* its utility—here, Xarelto's effectiveness in preventing strokes. *See Johnson v. Teva Pharm. USA, Inc.*, 758 F.3d 605, 612 (5th Cir. 2014) (noting that the LPLA involves a risk-utility analysis).

To prove their failure-to-warn claim, Plaintiffs must prove that "'a proper warning would have changed the decision of the treating physician, *i.e.* that but for the inadequate warning, the treating physician would not have used or prescribed the product.'" *Ferguson v. Proctor & Gamble Pharm., Inc.*, 353 F. Supp. 2d 674, 679 (E.D. La. 2004) (quoting *Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1099 (5th Cir. 1991)). All agree that a prescribing physician's decision is made by weighing the risks *and* benefits of a medication—and that is precisely what Mr. Boudreaux's prescribing physician did when prescribing Xarelto here. *See* Wong Dep. 97:17–21, 112:20–113:2 (Exh. 1; filed under seal). Defendants must be permitted to explain to the jury, for example, why it is that Mr. Boudreaux needed to take an anticoagulant and to elicit testimony from his prescribing physician as to why he prescribed Xarelto. Evidence of Xarelto's benefit as an FDA-approved prescription medication to prevent strokes is plainly relevant to this case.[1]

### B. Evidence of Xarelto's efficacy is not prejudicial to Plaintiffs, much less unduly so under Rule 403.

Plaintiffs summarily assert that it would be prejudicial to admit evidence of both sides of the benefit/risk equation for Xarelto and that the prejudice of that evidence would outweigh its probative value (Doc. 5949-1, at 1–2), but they offer no support for that assertion. Nor could they,

---

[1] By contrast, evidence related to "the myriad of lawsuits" (Doc. 5949-1, at 2) filed by plaintiffs claiming that they suffered injuries as the result of taking Xarelto is not relevant or admissible on the issue of whether the risks of taking Xarelto outweighed the harms for Mr. Boudreaux. *See* Defs.' Omnibus Motion in Limine, No. 2 (Doc. 5956-1), D22 at 15–17.

given that evidence of a prescription medication's benefit is central to FDA's decision-making, a physician's prescribing decision, and, indeed, to the issues in this case. The cases that Plaintiffs have cited are inapposite—they merely identify the relevant balancing standard for Rule 403, which is not in dispute. *Cf. Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387–88 (2008) (recognizing that the Rule 403 balancing of relevance and prejudice should be conducted by the district court, not the court of appeals, the court remanded for further proceedings in an employment discrimination case); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888–89 (W.D. La. 2001) (in a case alleging the defendant's product was contaminated with listeria, the court excluded as unfairly prejudicial evidence of a product recall of a different product manufactured at a different facility across the country); *United States v. Duncan*, 919 F.2d 981, 987–88 (5th Cir. 1990) (recognizing that relevant evidence is "inherently prejudicial," the court upheld the trial court's decision to admit relevant evidence in a mail fraud case where there was no unfair prejudice). Plaintiffs cannot point to any precedent to support their argument that admitting evidence of Xarelto's effectiveness in preventing strokes would be prejudicial, much less that it would be so prejudicial that it is inadmissible.

### C. Plaintiffs' invocation of Rule 404(a)(1) is inapposite.

Similarly, although Plaintiffs baldly assert that evidence of Xarelto's benefits is "precisely the sort of propensity evidence that Federal Rule of Evidence 404(a)(1) is meant to bar" (Doc. 5949-1, at 2), Plaintiffs again offer no legal or factual support for their argument. Indeed, they have not cited a single authority on this point. To be clear, evidence of Xarelto's benefits would be offered to rebut specific elements of Plaintiffs' claims. *See, e.g., Willett,* 929 F.2d at 1097–99 (granting summary judgment for the defendant on the plaintiff's defective design and failure-to-warn claims where the undisputed evidence showed that the life-saving benefit of the medical device at issue clearly outweighed its risks).

4

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion *in limine* No. 28.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.<br>By: /s/ *Richard E. Sarver*<br>Richard E. Sarver<br>Celeste R. Coco-Ewing<br>BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.<br>909 Poydras Street, 24th Floor<br>New Orleans, Louisiana  70112<br>Telephone:  (504) 589-9700<br>rsarver@barrassousdin.com<br>ccoco-ewing@barrassousdin.com | WILKINSON WALSH + ESKOVITZ LLP<br>By: /s/ *Beth A. Wilkinson*<br>Beth A. Wilkinson<br>Jennifer L. Saulino<br>Jeremy Barber<br>WILKINSON WALSH + ESKOVITZ LLP<br>1900 M. Street NW, Suite 800<br>Washington, DC 20036<br>Telephone: (202) 847-4000<br>bwilkinson@wilkinsonwalsh.com<br>jsaulino@wilkinsonwalsh.com<br>jbarber@wilkinsonwalsh.com |
| DRINKER BIDDLE & REATH LLP<br>By: /s/ *Susan M. Sharko*<br>Susan M. Sharko<br>Drinker Biddle & Reath LLP<br>600 Campus Drive<br>Florham Park, NJ 07932-1047<br>Telephone: (973) 549-7000<br>susan.sharko@dbr.com<br>Rodney M. Hudson<br>DRINKER BIDDLE & REATH LLP<br>50 Fremont Street, 20th Floor<br>San Francisco, CA 94105-2235<br>Telephone: (415) 591-7500<br>Rodney.hudson@dbr.com<br>Chanda A. Miller<br>Drinker Biddle & Reath LLP<br>One Logan Square, Suite 2000<br>Philadelphia, PA 19103-6996<br>Telephone: (215) 988-2700<br>Chanda.Miller@dbr.com | NELSON MULLINS RILEY & SCARBOROUGH LLP<br>By: */s/ David E. Dukes*<br>David E. Dukes<br>J. Mark Jones<br>NELSON MULLINS RILEY & SCARBOROUGH LLP<br>1320 Main Street, 17th Floor<br>Columbia, SC 29201<br>Telephone: (803) 799-2000<br>David.Dukes@nelsonmullins.com<br>Mark.Jones@nelsonmullins.com<br><br>ARNOLD & PORTER KAYE SCHOLER LLP<br>By: /s/ *Andrew K. Solow*<br>Andrew K. Solow<br>Steven Glickstein<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>Telephone: (212) 836-8485<br>andrew.solow@apks.com<br>steven.glickstein@apks.com |
| IRWIN FRITCHIE URQUHART & MOORE LLC<br>By: /s/ *James B. Irwin* | |

James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP
By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: */s/ John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on the 12th day of April, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system and a copy of the proposed documents to be placed under seal sent to Plaintiffs' Liaison Counsel by email transmission.

                */s/      John F. Olinde*