**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS'**
**MOTION *IN LIMINE* NO. 16 REGARDING THE EFFECT OF STATE TORT LAWS**

**INTRODUCTION**

Defendants oppose Plaintiffs' Motion *in Limine* No. 16 to preclude argument and evidence that state tort law undercuts FDA's mission and, more broadly, to limit or exclude evidence regarding the role, responsibilities and function of the U.S. Food and Drug Administration ("FDA").  Evidence to pertaining to all of those issues is admissible.

Insofar as the present Motion attempts to limit evidence or argument related to the question of federal preemption, as explained in Defendants' opposition to Plaintiffs' Motions *in Limine* Nos. 14, 19 and 22, whether a claim is preempted by federal law is a legal question that should be decided by the Court, not the jury.  The preemption issues have already been subject to extensive briefing on Defendants' preemption-based motions for partial summary judgment.

The present Motion, though, appears to go farther, to preclude evidence and argument more generally about FDA's mission, roles, and responsibilities.  This evidence is relevant to rebut Plaintiffs' sweeping allegations of alleged wrongdoing and negligence on the part of Defendants in connection with Xarelto, including allegations that Xarelto is unsafe and unreasonably dangerous and was not properly researched and developed, and that Defendants failed to comply with FDA regulations and defrauded the Agency.  *See* Compl. ¶ 6 (filed Dec. 1,

2014) ("When warning of safety and risks of Xarelto, the Defendants negligently and/or fraudulently represented to . . . the Food and Drug Administration, . . . that Xarelto had been tested and was found to be safe and/or effective for its indicated use.")

FDA's comprehensive regulatory scheme governs virtually every aspect of Defendants' conduct in the design, sale, and labeling of prescription medicines.[1]  Indeed, Plaintiffs rely extensively on regulatory experts, such as David A. Kessler, M.D. (former Commissioner of FDA), Suzanne Parisian, M.D., and Laura Plunkett, M.D., to opine ███████████████████ ███████████████████████████████████████.  If evidence about FDA's role were truly irrelevant and prejudicial in this litigation, then the testimony of Plaintiffs' FDA and regulatory experts should likewise be excluded.  Plaintiffs' request to preclude evidence regarding FDA's mission should be denied, as Plaintiffs themselves have placed FDA's determinations at issue.

<h3 align="center">STATEMENT OF FACTS</h3>

Under the Federal Food, Drug, and Cosmetic Act (the "Act"), FDA is the expert federal public health agency charged by Congress with ensuring that, *inter alia*, prescription drugs are safe and effective and that their labeling adequately informs users of the risks and benefits of the product and is not misleading.  *See* 21 U.S.C. ch. 9.  Under the Act and federal regulations, FDA makes determinations about a drug's safety and effectiveness based on comprehensive scientific evaluations of the product's risks and benefits under the conditions of use as indicated in the drug's labeling.  *See* 21 U.S.C. § 355(d).  FDA considers not only complex clinical issues related to the use of the product in the proposed study populations, but also important and practical public health issues pertaining to the use of the product in day-to-day clinical practice, including

---

[1] *See* Plfs.' MIL No. 15 Regarding FDA Approval [Rec. Doc. 5929]; Plfs.' MIL No. 19 Regarding FDA Approval [Rec. Doc. 5931]; Plfs.' MIL No. 22 Regarding Defendants' Lack of Permission to Change the Label of Xarelto Without Prior FDA Approval.

the practical realities confronted by healthcare providers in balancing the drug's benefit-risk profile for their patients. *See, e.g.*, 21 C.F.R. §§ 14.171, 314.50, 601.2(a).  Drug labeling is one of FDA's risk-management tools.  FDA carefully evaluates the content of labeling for prescription drugs, and continuously works with manufacturers and the medical community to evaluate the latest available scientific information to monitor the safety of products in order to determine the appropriateness of adding additional information into the product's labeling.

## ARGUMENT

To the extent Plaintiffs are seeking to preclude Defendants from introducing evidence as to the role, function, competence, and expertise of the FDA, their request is improper, both because FDA's role is critical to evaluating the propriety of Defendants' conduct and because Plaintiffs have attempted to downplay FDA's regulatory role and, indeed, have alleged that Defendants defrauded the Agency in connection with Xarelto's approval.  For example, Plaintiffs allege that Defendants negligently and/or fraudulently represented to FDA that "Xarelto has been tested and was found to be safe and/or effective for its indicated use." Compl. ¶ 6.

As alleged support for their allegations, Plaintiffs have retained Dr. Kessler as an expert to render opinions about FDA and Defendants' conduct in relation to FDA.  Plaintiffs now assert that any reference to the operation between state tort law and FDA's mission are both irrelevant and "would serve no purpose other than to cause delay and waste time while confusing, misleading and distracting the jury from the relevant issues." Plfs.' Mem. at 3.  However, Plaintiffs have hired Dr. Kessler to opine on these very issues. *See, e.g.*, Kessler Expert Rep. ¶ 79 (Exh. A) ██████████████████████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████████████).

Plaintiffs' belief that Dr. Kessler's opinions about FDA could be rendered on direct and cross-examination without reference to the FDA's objectives or missions defies logic.  Dr. Kessler's opinions, if permitted, have placed FDA's role at issue, and Plaintiffs cannot avoid evidence that contradicts Dr. Kessler's opinions simply because it conflicts with their litigation theory.

In response to Plaintiffs' claims, and to assist the jury in understanding the role of the FDA, Defendants intend to present expert testimony on FDA's evaluation of Xarelto.  For example, Defendants may present the testimony of their regulatory expert, Dr. Dena R. Hixon, M.D., who will opine on, among things, the FDA's role, function and competence:



Hixon Rep. at 4-7 (Exh. B).  Such testimony will assist the jury.[2]

In sum, Plaintiffs have directly placed at issue the very topic – FDA's role and responsibilities – on which they now seek to preclude evidence.  This Court should therefore deny their request for an exclusion order as it impermissibly seeks to overly restrict what constitutes relevant evidence.  Plaintiffs cannot place FDA's role and its interaction with state

---

[2] Despite Plaintiffs' argument, *Wyeth v. Levine*, 555 U.S. 555 (2009), resolves nothing.  *See* Plfs.' Mem. at 2.  *Wyeth* did not address any evidentiary issue, but rather the issue of federal preemption.  The Supreme Court's statement that a "manufacturer bears responsibility for the content of its label at all times" certainly did not eliminate FDA's critical role in ensuring pharmaceutical products' safety and efficacy.  *Wyeth*, 555 U.S. at 570-71.

tort law at issue, and then attempt to limit evidence which disproves the very allegations raised in

this action.  The only prejudice that would result from the exclusion of such evidence would be

to Defendants.

## CONCLUSION

For these reasons, Plaintiffs' Motion should be denied.

Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN &
SARVER, L.L.C.


By: /s/ Richard E. Sarver
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN &
SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com



DRINKER BIDDLE & REATH LLP

By: /s/ Susan M. Sharko
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

WILKINSON WALSH + ESKOVITZ LLP


By: /s/ Beth A. Wilkinson
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com



NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ David E. Dukes
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ James B. Irwin
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


*Attorneys for Defendants Janssen
Pharmaceuticals, Inc., Janssen Research &
Development, LLC, and Janssen Ortho LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ Andrew K. Solow
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: /s/ Kevin C. Newsom
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com


CHAFFE MCCALL L.L.P.
By: /s/ John F. Olinde
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare
Pharmaceuticals Inc. and Bayer Pharma AG*

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 12, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**

00407193