UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux, Jr., et al. v. Janssen et al.* Case No. 2:14-cv-02720 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION IN LIMINE NO. 6 TO EXCLUDE ARGUMENT OR EVIDENCE REGARDING THE LACK OF A REVERSAL AGENT FOR XARELTO**

---

**I.     INTRODUCTION**

The Defendants continue to misstate Plaintiffs' claims, and thus seek preclusion of matters that have not been "abandoned" from the litigation. The faulty premise upon which the Defendants base their Joint Motion in Limine No. 6 to Exclude Argument or Evidence Regarding the Lack of a Reversal Agent for Xarelto (Rec. Doc. 5947) assumes that a reversal agent must be associated with the treatment of Mr. Boudreaux's injury to be relevant. That is not the proper inquiry. As discussed in further detail below, Defendants' motion overreaches and should be denied.

**II.    ARGUMENT**

At the March 23, 2017 Hearing on the Defendants' dispositive motions, Plaintiffs previously responded to similar "abandonment" arguments raised by the Defendants. *See* March 23, 2017 Hearing Transcript at 24-25. As noted there, and applicable here, Plaintiffs have not abandoned their claims based on the theories of design defect or failure to warn/instruct about the use of Neoplastin PT. Both causes of action are supported by a myriad of facts. Defendants

1

erroneously contend that they can preclude the introduction of factual allegations that remain relevant to Plaintiffs' legal claims, despite the fact that liability based on these claims is informed by, without necessarily being established by, the challenged factual allegations, *e.g.*, once-a-day dosing, higher dosing, lack of a reversal agent.[1]

The instant motion focuses on the lack of a reversal agent. Plaintiffs have alleged that Xarelto was defectively designed, in part, because it was not accompanied by a reversal agent.[2] The Defendants counter that because Plaintiffs' experts acknowledged that a reversal agent would not have impacted Mr. Boudreaux's course of treatment, Mr. Boudreaux's injury could not have been prevented by one and therefore the introduction of the absence of a reversal agent has no bearing on Plaintiffs' design defect claim. This myopic view of the case overlooks Plaintiffs' failure to warn claim. Simply put, Defendants fail to consider that the absence of a reversal agent inform significantly the risk profile of this drug, and thus heightens the need to instruct physicians of the need to test their patients with Neoplastin PT. In other words, because the drug has no antidote, it must be administered with special care. The failure of the Defendants to warn about the proper use of Xarelto, by use of the Neoplastin PT measurement, is made more significant precisely because there is no other means for a physician to avoid or even ameliorate a patients' bleeding injury through resort to a reversal agent.

Thus, Defendants are mistaken that there is no relevance or purpose for evidence addressing the lack of a reversal agent. Their alternative argument under Rule 403, addressed to

---

[1] For a further discussion regarding the fallacy of Defendants' position, *see* Plaintiffs' Response in Opposition to Defendants'' Joint Motion for an Order (1) Dismissing with Prejudice Claims Based on Allegations that Plaintiffs have Abandoned and (2) Barring Scientific Evidence Based on Waiver of *Daubert* Arguments) (filed simultaneously).

[2] Plaintiffs' Opposition to Defendants' Joint Motion for Partial Summary Judgment on the Ground that Federal Law Preempts Plaintiffs' Dosing, Monitoring, and Other Design Related Claims (Rec. Doc. 5531), explicates in detail how Plaintiffs' design defect claims also embraces the absence of an anti-Factor Xa assay specific to rivaroxaban.

unfair prejudice, is equally unpersuasive in light of the importance of the Defendants' flawed development of the drug, both from a design perspective and from a labeling perspective. On this score, the Defendants are only prejudiced from these facts because these are facts which tend to prove their liability. All such facts are prejudicial; but only *unfairly* prejudicial evidence can be excluded, and Defendants have not been able to meet their burden of proof to justify exclusion.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion should be denied.

Dated:  April 12, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 12, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

> */s/ Leonard A. Davis*
> **LEONARD A. DAVIS**