UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| ***Boudreaux, et al. v. Bayer Corp., et al.*** | * | JUDGE ELDON E. FALLON |
| **Case No. 2:14-cv-02720** | * | |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION IN
LIMINE NO. 10 TO EXCLUDE DR. CUCULICH AND DR. SMART'S TESTIMONY
REGARDING DEFENDANTS' DETAIL REPRESENTATIVES**

I.   <u>**INTRODUCTION**</u>

Plaintiffs oppose Defendants' motion *in limine* to exclude the testimony of Dr. Phillip Cuculich and Dr. Frank Smart regarding their opinions about Defendants' marketing practices and their personal experiences with Defendants' detail representatives [Rec. Doc. 5937]. Defendants argue that the doctors' testimony is improper hearsay, irrelevant and has no probative value.  Drs. Cuculich's and Smart's opinions are based on permissible evidence under the Federal Rules of Evidence.  Defendants also improperly characterize the testimony the doctors plan to provide as a "referendum on Defendants' promotional practices."   However, that aspect of the doctors' testimony is being offered for their general opinions as practitioners as it relates to their experience and clinical use of rivaroxaban.  As discussed below, this testimony is admissible.

II.   <u>**ARGUMENT**</u>

Federal Rule of Evidence 702 provides that an expert is qualified to provide his specialized opinions based on his knowledge, skill, **experience**, training or education.  Experience in conjunction with other knowledge, skill, training or education may provide sufficient foundation

for expert testimony.  Fed. R. Evid. 702 Advisory Committee Note to (2000).  "The text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony." *Id. See, e.g., Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) (stating that "no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience.").

Moreover, "an expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993).  If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703.  "Unlike an ordinary witness an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert*, 509 U.S. at 592.  "[*Daubert*'s gatekeeping requirements] make certain that an expert, whether basing testimony upon professional studies **or personal experience**, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999) (emphasis added).

*Daubert* expressly permits experts to provide opinions, despite not having firsthand knowledge of the parties.  *Daubert*, 509 U.S. at 592.  Therefore, it is immaterial to the admissibility of their opinions whether Drs. Cuculich and Smart personally treated Joseph Boudreaux.  Further, the fact that Dr. Wong was the doctor who personally treated Mr. Boudreaux, in no way limits or minimizes Drs. Cuculich's and Smart's ability to provide relevant evidence as objective prescribers.  Instead the purpose of their respective opinions is to provide the jury with an understanding of how a doctor treats a patient who needs an anticoagulant, how a doctor may come

to prescribe Xarelto, what a doctors' experience has been in treating patients with Xarelto, and what their experience is with Defendants' representatives who promote and market Xarelto. Having personal practical field experience affords these experts the ability to provide such relevant testimony.

Thus, not only are Drs. Cuculich and Smart's education and training as licensed physicians integral to their opinion, but their "boots on the ground" experience with patients and Defendants' detail representatives provides an important perspective as objective prescribers. Dr. Cuculich's Expert Report provides that he will "offer general opinions regarding the risk related to the clinical use of rivaroxaban." Excerpts of Expert Report of Phillip S. Cuculich, MD (Defendants' Exhibit A, at 1). Additionally, he states that he will "rely on [his] background, education, training and clinical experience." *Id.* He therefore can opine that "[a] major component of my daily practice involves the treatment of patients with atrial fibrillation. I am routinely asked to evaluate patients' candidacy for oral anticoagulation or cardiac procedures to prevent AF-related strokes." *Id.* Likewise, Dr. Smart states that his experience is "based on personal experience with prescribing Xarelto and other NOACs, as well as warfarin to [his] patients with non-valvular atrial fibrillation, deep vein thrombosis, (DVT); and pulmonary embolism, (PE)." Excerpts of Opinion of Frank W. Smart, MD, FACC, FACP (Defendants' Exhibit C, at 1). It is unlikely that the trier of fact has the common experience or knowledge about treating patients with anticoagulants and the safe administration of rivaroxaban; therefore, to the extent that Drs. Cuculich and Smart's testimony explains customary industry practices and safety considerations for treating patients with rivaroxaban, such evidence is relevant and admissible.

Defendants improperly depict Drs. Cuculich's and Smart's opinions as being offered to establish that Defendants engaged in deceptive marketing based on their opinions and deposition

testimony regarding detail representatives and marketing material they received from Defendants. As discussed above, Dr. Cuculich's opinion regarding marketing materials is based on his experience ("To help my patients make the best decisions about the appropriateness and safety of rivaroxaban, I counsel them using . . . information received from Bayer/Janssen representatives") Excerpts of Cuculich Report at 3.  He also appropriately speaks from experience about how the drug was marketed, and what he and similarly situated practitioners felt with the introduction of a new anticoagulant.  Remarkably, Defendants raise exception to the doctor's references to detail representatives, but it was the attorneys for Defendants that opened the door by initiating questions regarding the communications between the representatives and Drs. Cuculich and Smart.  Excerpts of Deposition of Phillip Cuculich, MD (Defendants' Exhibit B, at 265:1-4); Excerpts of Deposition of Frank W. Smart, MD, FACC, FACP (Defendants' Exhibit D, at 115:13).  Moreover, Dr. Cuculich stated that while he would have liked to have known ways to test Xarelto's effect through Neoplastin PT, he understood that it was not the sales representative's job to get him that information.  Excerpts of Cuculich Deposition, at 268:18-269:8.  Similarly, when questioned about the discussions, Dr. Smart stated that he did not discuss any concerns with the detail representatives because "they are not scientists."  Excerpts of Smart Deposition at 115:18-21.  Therefore, Defendants mistakenly characterize the doctors' testimony as criticizing the information they received from detail representatives; however, both doctors readily admit that they do not expect to get technical advice from the representatives nor do they rely on them for their expert opinions.

### III.    <u>CONCLUSION</u>

For the reasons set forth above, Defendants' motion should be denied.


Dated:  April 12, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:  gmeunier@gainsben.com

**Plaintiffs' Liaison Counsel**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on April 12, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

<u>*/s/ Leonard A. Davis*</u>
**LEONARD A. DAVIS**