UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| ***Boudreaux, Jr., et al. v. Janssen et al.*** | * | JUDGE ELDON E. FALLON |
| ***Case No. 2:14-cv-02720*** | * | |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
JOINT MOTION FOR AN ORDER (1) DISMISSING WITH PREJUDICE CLAIMS
BASED ON ALLEGATIONS THAT PLAINTIFFS HAVE ABANDONED
AND (2) BARRING SCIENTIFIC EVIDENCE BASED
ON WAIVER OF *DAUBERT* ARGUMENTS**

## I.    <u>INTRODUCTION</u>

In aberrant fashion, Defendants have filed a motion to dismiss allegations (Rec. Doc. 5957), not claims from Plaintiffs' complaint.  Defendants' motion is procedurally defective as it fails to even identify the basis by which the relief requested may be granted.  Regardless, since a judgment can only be entered on a "claim for relief," Fed.R.Civ.P. 54(b), it is paradoxical at best and certainly improper for Defendants to seek dismissal of facts.  Substantively, Defendants' motion fares no better as the so-called "abandoned facts" they identify have a real place in the case, being relevant to the history and safety profile of Xarelto.  Thus, in all events, the motion should be denied.

II.     **ARGUMENT**

   A.     **Partial Summary Judgment Is Only Available to Dismiss Claims, Not to Preclude Facts**

   Although filed on the deadline for submission of motions *in limine*, Defendants' instant motion seeks to dismiss with prejudice claims based on allegations that Plaintiffs have abandoned. Therefore, it is a dispositive motion, not a motion *in limine*. The deadline for dispositive motions, however, passed on January 20, 2017.  *See* CMO 2D (Rec. Doc. 5201).  Thus, the Defendants' motion is untimely.

   The motion to dismiss also suffers from the additional procedural defect of seeking what at best amounts to a flawed partial summary judgment under Fed.R.Civ.P. 56.  The obvious flaw is that Defendants seek a partial ruling that only addresses so-called "abandoned allegations," not claims.[1] While a party may move for summary judgment on part of a claim, the term "'part' is best understood as relating to either the entirety of liability, or damages, or at least a discrete element of damages." *Rasmussen v. City of New York*, 766 F. Supp. 2d 399, 404 (E.D.N.Y. 2011) (*quoting Hamblin v. British Airways PLC*, 717 F. Supp. 2d 303, 306–09 (E.D.N.Y.2010)). The Defendants' motion to dismiss does not fall into any of these categories because the allegations they seek to dismiss do not focus on liability or damages, but evidentiary aspects of Plaintiffs' Louisiana Products Liability Act indivisible claims for failure to warn/instruct and design defect, La. R.S. §§ 9:2800.56; 9:2800.57.  The Defendants contend that several "facts" have been abandoned and they are therefore entitled to have these facts dismissed with prejudice.  Thus, what Defendants are

---

[1] The allegations that Defendants mistakenly suggest were abandoned by Plaintiffs include:  "(1) that Xarelto's labeling should have included a "black box" warning regarding bleeding risk; (2) that Defendants failed to properly test Xarelto before bringing it to market; (3) that Xarelto's once-daily dosing regimen is unreasonably dangerous; (4) that Xarelto's 15  mg or 20 mg dose is too high: (5) that Xarelto's labeling should have instructed physicians to monitor PT for the purpose of adjusting doses; (6) that Xarelto's labeling should have instructed physicians to perform routine monitoring of patients' PT; and (7) that Xarelto's labeling did not adequately warn of bleeding risk."  Def. Brf. at 1.

seeking "is the elimination of particular facts from the jury's consideration" which is not permitted through a motion for partial summary judgment. *Id.*[2] *See also Air Express International v. Log-Net, Inc.,* Civil Action No. 12-1732 (MAS) (TJB), 2016 WL 533465, *6 (D. N.J. Sept. 22, 2106) ("a number of courts have concluded that a motion for summary judgment may not properly seek to dispose of only a factual allegation or element of a single indivisible claim for relief."); *Franklin-Mason v. Penn*, 259 F.R.D. 9, 11 (D.D.C. 2009) ("a party may not file a motion for partial summary judgment on a fact or an element of a claim.").

Not surprisingly, Defendants' motion is devoid of any meaningful authority supporting their fatally flawed position. Unsupported by any legal authority on point, the motion cannot be sustained.[3]

---

[2] To obtain relief to exclude evidence, Defendants were obliged to file a motion *in limine*. Of course the standard for granting such exclusion is too high, and the relief requested is not available to the Defendants in this case. *See Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir.1980), where the Fifth Circuit observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Therefore, evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds. *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D.Ill.1993) (*citing Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should therefore be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975); *see also Starling v. Union Pac. R.R. Co.*, 203 F.R.D. 468, 482 (D. Kan. 2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there.") (citations omitted). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Hawthorne Partners*, 813 F. Supp. at 1401.

[3] Defendants' reliance on *Cologne v. Shell Oil Co.,* Civil Action No. 12-735, 2013 WL 5781705, *3 (E.D. La. Oct. 25, 2013), is misplaced. In that case, plaintiffs acquiesced to defendants' motion for partial summary judgment, and the Court merely implemented the parties' agreement. *Id.* ("In light of the parties' agreement on this point, TDPI's motion for summary judgment is granted as to the theories involving exposure to radiation and welding fumes."). No such agreement is present here. Likewise, *Overpeck v. Roger's Supermarket, LLC*, No. 12-124, 2013 WL 4500469 (N.D. Miss. Aug. 21, 2013), is distinguishable as summary judgment was granted on those parts of defendants' motion to which the plaintiff failed to respond at all. Here, all of Defendants' motions have been fully addressed by Plaintiffs' Responses in Opposition.

B.   **The Allegations Defendants Seek to Dismiss Because they were Subject to an Inapposite *Daubert* Challenge are Relevant and Admissible to Prove Plaintiffs' Claims, and therefore Should not be Dismissed**

Just as Defendants' motion for partial summary judgment is deficient, so too is their alternative argument that their prior *Daubert* challenges to theories of liability that Plaintiffs are not pursuing, makes evidence of facts regarding: (1) doctors' decisions to prescribe lower doses to Xarelto patients based on Neoplastin PT testing; (2) that Xarelto would be safer if dosed twice daily; and (3) that Xarelto's dosage was too high, subject to dismissal. But partial summary judgment is equally inappropriately applied to these facts as any others that do not address liability or damages. *See Rasmussen, supra.* Accordingly, Defendants' *Daubert* challenges to facts supporting plaintiffs' actual failure to warn or design defect claims, not those straw-man arguments confected by Defendants, remain pertinent and admissible at trial.

III.   **CONCLUSION**

For the reasons set forth above, Defendants' motion should be denied.

Respectfully submitted,

Dated:  April 12, 2017

/s/ Leonard A. Davis
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
*GAINSBURGH BENJAMIN DAVID MEUNIER*
*& WARSHAUER, LLC*
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 12, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**