UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL 2592 |
| | | SECTION L |
| | | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | | MAG. JUDGE NORTH |

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION
*IN LIMINE* NO. 11 REGARDING PERSONAL USE OF XARELTO**

Defendants hereby oppose Plaintiffs' Motion *In Limine* No. 11 Regarding Personal Use of Xarelto (Doc. 5924).[1]

Plaintiffs seek to prohibit all witnesses and counsel from discussing, eliciting testimony, or introducing evidence regarding the personal use of Xarelto "by any party's family members, employees, experts, or witnesses." Doc. 5924-1, at 1. But evidence may be excluded on a motion *in limine* only if it is inadmissible on all potential grounds. *Auenson v. Lewis*, No. CIV. A. 94-2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996). Defendants request that the Court deny Plaintiffs' motion, or at least defer until trial any ruling on the admissibility of personal-use evidence because its admissibility cannot be determined in the abstract. *See, e.g.*, *Reeves v. Wyeth*, No. 4:05-cv-00163, Order at 3 ¶ 6(h) [ECF No. 287] (E.D. Ark. July 26, 2006) (Exh. 1) (denying similar motion *in limine* as "more appropriately addressed at trial"). Among other things, such evidence may rebut claims that a witness knew or believed Xarelto was unsafe, support a witness's credibility, or otherwise provide important context.

---

[1] This brief quotes from documents that are protected from public disclosure by PTO 12. Accordingly, Defendants are filing this brief under seal and publicly filing a version of the brief that redacts the protected information. Any exhibits protected from public disclosure by PTO 12 also are being filed under seal, as noted below.

**ARGUMENT**

Contrary to Plaintiffs' contentions, a witness's personal experiences with Xarelto may be both relevant to issues raised at trial and not unduly prejudicial. A core theme in Plaintiffs' case is that Defendants developed Xarelto with the sole purpose of maximizing profits without concern for the health and safety of patients.[2] Evidence that a company employee, or his or her family member, used Xarelto would directly rebut those allegations. *See, e.g.*, Nov. 1, 2006 Hearing Tr., *Appell v. Merck & Co., Inc.*, No. BC328858 (Cal. Super., Los Angeles Cty.) (Exh. 6) at 177–81 (holding personal-use evidence was relevant to plaintiff's allegations that the company was aware of a drug's risks and therefore admissible).

This is particularly true if Plaintiffs open the door to the subject of personal use. Plaintiffs, for example, have designated testimony discussing an email from Dr. Robert Califf, the then-head of Duke Clinical Research Institute (which helped run the ROCKET AF clinical trial), which could be read to express reservations about putting his mother on Xarelto. *See* Dep. of Peter DiBattiste (Vol. I), Apr. 12, 2016 (Exh. 7; filed under seal) at 310:13–311:7; Email from Robert Califf, Aug. 6, 2012 (Exh. 8; filed under seal) at 1. In light of this motion, Defendants assume that Plaintiffs will not seek to introduce this testimony or the underlying document, which would not be admissible for the limited purposes described in this opposition. But, if Plaintiffs do so, that email is both misleading and unduly prejudicial without reference to a later email from Dr. Califf, in which he stated that his mother was taking Xarelto and doing well. *See* Email from Robert Califf, Apr.

---

[2] *See* Dep. of Scott Berkowitz (Vol. I), Oct. 19, 2016 (Exh. 2; filed under seal) at 345:10–23 (███); *id.* at 354:2–8 (same); Dep. of Frank Misselwitz, Nov. 9, 2016 (Exh. 3; filed under seal) at 163:4–19 (███); *id.* at 174:16–20 (███); Dep. of Michael A. Moye (Vol. II), Feb. 11, 2016 (Exh. 4; filed under seal) at 591:16–19 (███); Dep. of Patricia Torr, Oct. 18, 2016 (Exh. 5; filed under seal) at 106:2–7 (███).

26, 2014 (Exh. 9; filed under seal) at 1.  If Plaintiffs seek to admit the former email, or any similar evidence, Defendants should be permitted to admit evidence of the latter email, or any similar evidence.

This Court has previously ruled in *Vioxx* that the personal use of a drug may be admissible to rehabilitate a witness's credibility if challenged on cross examination.  *See, e.g.*, Feb. 15, 2006 Trial Tr., *Plunkett v. Merck & Co., Inc.*, No. 05-4046 (E.D. La.) (Exh. 10) at 2053–54 (admitting evidence of a witness's personal use of Vioxx because it was relevant to their credibility at trial); Dec. 5, 2005 Trial Tr., *Plunkett v. Merck & Co., Inc.*, No. 05-4046 (E.D. La.) (Exh. 11) at 1182–86 (same); Sept. 21, 2006 Trial Tr., *Smith v. Merck & Co., Inc.*, No. 05-cv- 4379-L (E.D. La.) (Exh. 12) at 2505–-07 (same).  The Court should not prejudge before the trial of this case whether such evidence may be admissible for such a purpose.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion *in Limine* No. 11.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | WILKINSON WALSH + ESKOVITZ LLP |
| By: /s/ *Richard E. Sarver* | By: /s/ *Beth A. Wilkinson* |
| Richard E. Sarver | Beth A. Wilkinson |
| Celeste R. Coco-Ewing | Jennifer L. Saulino |
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | Jeremy Barber |
| 909 Poydras Street, 24th Floor | WILKINSON WALSH + ESKOVITZ LLP |
| New Orleans, Louisiana  70112 | 1900 M. Street NW, Suite 800 |
| Telephone:  (504) 589-9700 | Washington, DC 20036 |
| rsarver@barrassousdin.com | Telephone: (202) 847-4000 |
| ccoco-ewing@barrassousdin.com | bwilkinson@wilkinsonwalsh.com |
| | jsaulino@wilkinsonwalsh.com |
| | jbarber@wilkinsonwalsh.com |

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com


ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on the 12th day of April, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system and a copy of the proposed documents to be placed under seal sent to Plaintiffs' Liaison Counsel by email transmission.

             */s/  John F. Olinde*