UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 4 REGARDING THE RELATIONSHIP BETWEEN PLAINTIFFS AND THEIR ATTORNEYS AND MOTION IN LIMINE NO. 24 REGARDING REFERENCES TO ADVERTISING AND CHOICE OF COUNSEL**

INTRODUCTION

Defendants hereby oppose Plaintiffs' Motions *in Lim*ine Nos. 4 and 24 seeking a broad ruling to preclude evidence or argument regarding the circumstances that led Plaintiff Joseph Boudreaux, Jr. ("Plaintiff" or "Mr. Boudreaux") to retain an attorney. Pl. MIL 4 at 1; Pl. MIL 24 at 1. Plaintiffs' motion is broadly cast to include "how, when, why, or under what circumstances Plaintiff chose or employed any of his attorneys," including "evidence or argument relating to any television commercial or other advertisements he saw about litigation involving patients who suffered from bleedings events after taking Xarelto, or the timing of his retention of counsel in relation to seeing such commercials." *Id.*

As set forth in Defendants' Opposition to Plaintiffs' Motions *in Limine* Nos. 8 and 10, evidence of lawyer involvement is highly relevant to multiple issues in the present action, including the circumstances leading up to the filing of this action. Plaintiff Joseph Boudreaux, Jr. testified that he filed his lawsuit after he saw attorney advertising. *See* Ex. A, Boudreaux Dep. 181:25–182:3

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ As explained below, evidence of lawyer advertising and the circumstances that led to the filing of this lawsuit are clearly relevant.

Plaintiffs' motions should be denied for two reasons: (1) Plaintiffs' motions fail to adequately specify what evidence Plaintiff seeks to exclude; and (2) to the extent Plaintiffs' motions seek to include information concerning the reasons that Plaintiffs filed suit against Defendants, such evidence is relevant non-privileged information and is not unduly prejudicial. Defendants are entitled to present to the jury non-privileged lawyer involvement, including lawyer advertisements that were the impetus for filing this lawsuit.

For these and the reasons set forth below, the Court should deny Plaintiffs' Motions *in Limine* Nos. 4 and 24.

▆▆▆▆▆▆▆▆▆▆

I.  **Plaintiffs' motions are overbroad and fail to adequately specify the evidence and testimony they seek to exclude**

Plaintiffs' Motions do not identify any particular lawyer involvement and are vastly overbroad. Plaintiffs' failure to adequately specify the precise evidence they seek to exclude, by itself, warrants denial of his motion. *See, e.g., Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise."); *see also Broadus v. CSX Transp., Inc.*, No. 08-1201, 2009 WL 1402025, at *2 (E.D. La. May 14, 2009) (denying motion *in limine* for failure to "specify any testimony in particular it wish[ed] the Court to exclude," noting that "[s]uch a vague, overly broad motion that is not tailored to an actual dispute in the case is a waste of the Court's time and resources"). In *In re Levaquin Prods. Liab. Litig.*, MDL No. 08-1943 (JRD), No. 08-5743 (JRT),

2

2010 WL 4628566 (D. Minn. Nov. 8, 2010), the plaintiffs' brought a similar motion to exclude evidence of plaintiffs' relationship with counsel.  In denying plaintiffs' motion, the court held the "motion [was] too broad and encompasses evidence not covered by the attorney-client privilege."  *Id.* at *2 (citations omitted); *see also Nappa v. Wynn Las Vegas, LLC*, No. 12A665378, 2015 WL 11199744, at *7 (D. Nev. Feb. 3, 2015) (denying plaintiff's motion to exclude evidence of when plaintiff hired counsel).  Defendants do not intend to offer evidence protected by the attorney-client privilege, but, as explained below, Plaintiffs' decision to file suit after seeing lawyer advertising on television and the reasons he believed that he had a viable claim – when the label disclosed the risk of bleeding more than 100 times – are relevant and not privileged.  Accordingly, Plaintiffs' motions should be denied.

## II.     The timing and circumstances surrounding Plaintiffs' retention of counsel are highly relevant

Plaintiffs' expansive preclusion request also should be rejected because Plaintiffs have not satisfied their burden of establishing that there is no relevance to the evidence they seek to preclude at trial.  "In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on *all* potential grounds."  *Ariza v. Loomis Armored US, LLC*, No. 3:13-00419-JWD-EWD, 2016 WL 297702, at*1 (M.D. La. Jan. 22, 2016) (quoting *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010)) (emphasis in original).  "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground.  Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context."  *Gonzalez*, 718 F. Supp. 2d at 1345 (internal citation and quotation omitted).

"Relevancy is the threshold determination in any decision regarding the admissibility of evidence." *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1139 (5th Cir. 1991) (internal quotation omitted). Evidence is relevant if it has a tendency to make a fact that is of consequence to the determination of an action more or less probable than it would be without the evidence. Fed. R. Evid. 401; *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir. 1988); *Kennedy v. Magnolia Marine Transp. Co.*, 189 F. Supp. 3d 610, 619 (E.D. La. May 17, 2016).

Defendants are entitled to offer evidence of Plaintiffs' motive and intent in filing a lawsuit and the manner in which the lawsuit was filed. The circumstances of Mr. Boudreaux's lawsuit are that he suffered a gastrointestinal bleed allegedly as a result of taking Xarelto, and decided to file a lawsuit after seeing aggressive and pervasive lawyer advertising. Defendants are entitled to explain these circumstances and that lawyers have been involved in this litigation from the beginning. In *Herrera v. Eli Lilly & Co.*, No.2:13-cv-02702-SVW-MAN, 2015 U.S. Dist. LEXIS 187117, at *12 (C.D. Cal. Aug. 3, 2015), the court rejected a similar motion seeking to exclude references to lawyer advertising and "lawyer-driven litigation." The court held that "insofar as [the] motion concerns evidence relating to Plaintiffs' decision to file the case at bar," "[s]uch evidence is potentially relevant to Plaintiffs' credibility." *Id.* The fact that Plaintiff sought out legal counsel after viewing lawyer advertisements is admissible and highly relevant to his motive, interest, and credibility as to the severity of his alleged injuries and damages.

Plaintiffs make the blanket assertion that they would be prejudiced if this evidence is admitted. However, Plaintiffs have provided no explanation why this evidence would be unfairly prejudicial. While evidence of the relationship between Plaintiffs and their attorneys may be viewed with disfavor by some, it is highly probative of the circumstances under which

this lawsuit was filed. The jurors should be provided with a full and complete explanation of the circumstances that led plaintiff to seek legal counsel, without disclosing privileged information. *In re Welding Fume Prods. Liab. Litig.*, No. 1:03-CV-17000, MDL No. 1535, 2010 WL 7699456, at *66 (N.D. Ohio June 4, 2010) ("[D]efendants are also correct that the spark leading to the great number of recent *Welding Fume* lawsuits is the combination of the advertising and screening processes used by plaintiffs' counsel to identify potential claimants. As defendants point out, moreover, the validity of the claims asserted in those cases remains mostly untested."). The mere fact that this evidence may be unfavorable to Plaintiffs does not justify its exclusion. Accordingly, Plaintiffs' motions should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion *in Limine* No. 4.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | WILKINSON WALSH + ESKOVITZ LLP |
| By: /s/ *Richard E. Sarver* | By: /s/ *Beth A. Wilkinson* |
| Richard E. Sarver | Beth A. Wilkinson |
| Celeste R. Coco-Ewing | Jennifer L. Saulino |
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | Jeremy Barber |
| 909 Poydras Street, 24th Floor | WILKINSON WALSH + ESKOVITZ LLP |
| New Orleans, Louisiana 70112 | 1900 M. Street NW, Suite 800 |
| Telephone: (504) 589-9700 | Washington, DC 20036 |
| rsarver@barrassousdin.com | Telephone: (202) 847-4000 |
| ccoco-ewing@barrassousdin.com | bwilkinson@wilkinsonwalsh.com |
| | jsaulino@wilkinsonwalsh.com |
| | jbarber@wilkinsonwalsh.com |

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 12, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**