UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | ) ) | MAG. JUDGE NORTH |

### DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 27 REGARDING MR. JOSEPH BOUDREAUX'S OTHER PRESCRIPTIONS

Defendants hereby oppose Plaintiffs' Motion *in Limine* No. 27 Regarding Mr. Joseph Boudreaux's Other Prescriptions (Doc. 5952).

At the time of his bleeding event, Mr. Boudreaux had a number of other health conditions—including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—and was taking a variety of prescription medications for those conditions. *See* JBoudreaux-OStAGH-MD-02–06 (Exh. 1; filed under seal); JBoudreaux-OStAGH-MD-07–12 (Exh. 2; filed under seal); PFS, § III.B. at 10 (Exh. 3; filed under seal). Plaintiffs have singled out two of those prescription medications (▮▮▮▮▮▮▮▮) and asked the Court to exclude any reference to or evidence of them. Plaintiffs' motion should be denied—Mr. Boudreaux's pre-existing health conditions and medications are relevant and admissible. Plaintiffs should not be permitted to pick and choose the parts of Mr. Boudreaux's medical history that will be considered by the jury.

### ARGUMENT

As this Court recognized in the *Vioxx* litigation, evidence of a Plaintiffs' use of other prescription medications may be relevant and admissible. *See In re Vioxx Prod. Liab. Litig.*, No. 2:05-md-01657, Order (Doc. 7993-1), at 5 (E.D. La. Oct. 16, 2016) (Exh. 4) (denying the plaintiffs' motion *in limine* to exclude reference to the plaintiff's use of Viagra); *In re Vioxx Prod. Liab.*

*Litig.*, No. 2:05-md-01657 Order (Doc. 8887-1), at 4 (E.D. La. Nov. 22, 2006) (Exh. 5) (same). The Court should rule the same way here and deny Plaintiffs' motion.

1. ████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

██████████████████

    ████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

███████   █████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

—————————————————
[1] ████████████████████████████
████████████████████████████████
████████████████████████████████

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ . . . ."). Whether Mr. Boudreaux was taking Indocin at the time of his bleeding event is a question for the jury.

Defendants therefore should be allowed to introduce evidence of Mr. Boudreaux's ▇▇ prescription, and they should not be required to "make an offer of proof regarding Mr. Boudreaux's use of ▇▇" before any expert testifies on that subject, as Plaintiffs suggest. Doc. 5952-1, at 3. To the extent Plaintiffs wish to argue that Mr. Boudreaux had not actually taken ▇▇ around the time of his bleeding event, that is an issue for cross-examination, not a motion *in limine*. *See, e.g., Howard v. Offshore Liftboats, LLC*, No. 13-4811, 2016 WL 392676, at *2 (E.D. La. Feb. 2, 2016) (challenges to the bases underlying an expert's opinion "should be addressed, not via a motion *in limine*, but on cross-examination in light of the factual record developed at trial.").

**2.** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Doc. 5952-1, at 3. Indeed, Plaintiffs readily admit that Mr. Boudreaux took ▇▇ both before and after his bleeding event. *See id.* ("▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇"). It is unclear on what basis Plaintiffs seek to exclude evidence of Mr. Boudreaux's ▇▇ prescription and use, or why Plaintiffs have sought to exclude evidence of the ▇▇ prescriptions, but not any of Mr. Boudreaux's other prescriptions. In any event, Mr. Boudreaux's pre-existing health conditions before and after his Xarelto® use and bleeding event, and the medications he took for those conditions—including ▇▇—are relevant to material issues in this case, including damages, and are admissible evidence.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion *in limine* No. 27.

Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.

By: /s/ *Richard E. Sarver*
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com


CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on the 12th day of April, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system and a copy of the proposed documents to be placed under seal sent to Plaintiffs' Liaison Counsel by email transmission.

               */s/  John F. Olinde*