UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br>SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| *Joseph J. Boudreaux, Jr., et al. v. Janssen et al.*<br>Case No. 2:14-cv-02720 | MAGISTRATE NORTH |

### DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' <u>MOTION *IN LIMINE* NO. 19 REGARDING FDA APPOVAL</u>

### INTRODUCTION

Defendants oppose Plaintiffs' Motion *in Limine* No. 19 ("Motion") to exclude evidence and argument of FDA's request that manufactures develop Novel Oral Anticoagulants ("NOACs") as an alternative to older generation medications such as warfarin. Plaintiffs' assertion that this evidence may be construed by the jury as suggesting that FDA gave carte blanche approval that all NOACs are safe and effective is largely based on a misperception of the evidence and, in any event, is belied (and superseded) by FDA's rigorous review and subsequent approval and determination that Xarelto is "safe and effective," specifically for use in patients with atrial fibrillation, such as Joseph Boudreaux, Jr. FDA's communications with manufacturers about the development of NOACs and the Agency's subsequent review and approval of Xarelto as "safe and effective" is highly relevant and probative to Plaintiffs' assertions that Xarelto was not properly tested, was rushed to market, was developed solely for profits and is unreasonably dangerous. Under Plaintiffs' theory, Xarelto would not have been on the market at all, even though FDA invited manufacturers, including Defendants, to develop Xarelto as an important, life-saving medication for many patients. The jury should not hear just Plaintiffs' half of the story, but the full story. There is no prejudice to Plaintiffs from allowing

this evidence to be introduced at trial, but excluding this evidence would result in substantial prejudice to Defendants. Accordingly, Plaintiffs' Motion should be denied.

## ARGUMENT

Evidence that FDA requested that manufacturers develop NOACs is clearly relevant to Plaintiffs' claims alleged here. Pls.' Mem. at 2–3. Plaintiffs' claims are based on broad allegations of wrongdoing, including that Defendants rushed Xarelto to market without adequate testing and defrauded FDA in obtaining approval of Xarelto as designed and labeled. As support for these assertions, Plaintiffs offer purported opinion testimony from retained experts who assert that Defendants engaged in wrongdoing and sold an unreasonably dangerous product. In doing so, these experts purport to divine the intent of what the FDA meant when it approved Xarelto and purport to know the Defendants' state of mind.

In order to properly defend against Plaintiffs' claims, Defendants intend to introduce evidence that FDA invited manufacturers to develop alternative anticoagulant therapies to older generation products such as warfarin. Admitting evidence of FDA's own views of the importance of NOACs is neither unfairly prejudicial nor confusing, and indeed, is necessary to address Plaintiffs' allegations. Plaintiffs' assertion that FDA's request to develop NOACs could be misconstrued as an actual determination that Xarelto is "safe and effective" rests on a mischaracterization of the evidence, and in any event is belied—and superseded—by FDA's subsequent and more specific determination, as part of its approval decision, that Xarelto is indeed "safe and effective" for use in Afib patients. Pls.' Mem. at 4. Indeed, Plaintiffs have admitted that Xarelto is a safe and effective medicine. Pl. Opp. to Def. MSJ Based on Learned Intermediary Doctrine, at 9 (acknowledging that the product itself is safe, but that additional instructions in the label "would have allowed for safe *use* of Xarelto." (emphasis added)).

Defendants do not intend to argue that FDA's request that drug manufacturers develop NOACs should somehow be deemed an implicit determination that Xarelto was safe and effective before FDA explicitly approved Xarelto as "safe and effective" in 2011.  Evidence related to FDA's view of the need for anticoagulant medicines and subsequent review and conclusion that Xarelto is safe and effective, however, is unquestionably relevant to counter Plaintiffs' various allegations of alleged wrongdoing both in connection with Defendants' communications with FDA and with the development, design, and labeling of Xarelto.  Courts overseeing pharmaceutical cases routinely permit the introduction of evidence and argument related to FDA approval in order to assist the jury in determining whether the defendant acted reasonably and assessing the safety of a prescription medicine.  *See, e.g.*, *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 191 (S.D.N.Y. 2009) (admitting testimony on FDA regulations to help jurors assess reasonableness of manufacturer's conduct); *Smith v. Wyeth-Ayerst Labs. Co.*, 278 F. Supp. 2d 684, 702 (W.D.N.C. 2003) (allowing testimony regarding regulatory standards); *see also Corrigan v. Methodist Hosp.*, 874 F. Supp. 657, 658 (E.D. Pa. 1995) (evidence regarding FDA regulatory status of pedicle screw admissible).  The overwhelming majority of courts also find that "a product's compliance with an applicable product safety statute or administrative regulation is properly considered in determining whether the product is defective. . . ." Rest. (3d) of Torts: Prod. Liab. § 4(b) (1998).  Courts also generally consider evidence of compliance with federal standards admissible evidence of a defendant's reasonableness.  *See id.*, reporter's notes to comment 3 ("The overwhelming majority of jurisdictions hold that compliance with product safety regulation is relevant and admissible on the question of defectiveness, but is not necessarily controlling."); *see also Rader v. Teva Parental Medicines, Inc.*, 795 F. Supp. 2d 1143, 1150 (D. Nev. 2011) ("[S]ince the claims . . .

involve . . . the reasonableness of their actions . . . evidence of compliance with FDA regulations is admissible."); *Mahaney ex rel. Estate of Kyle v. Novartis Pharmaceuticals Corp.*, 835 F. Supp. 2d 299, 320-21 (W.D. Ky. 2011) (compliance with FDA requirements "both relevant and probative" of the pharmaceutical manufacturer's defenses, and noting that "other courts have used compliance with the FDA as proof of due care by a pharmaceutical company"); *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d at 191 (concluding that expert testimony on regulatory compliance would assist the jury in determining whether Merck acted as a reasonably prudent pharmaceutical manufacturer); *see also Dill v. State, Dept. of Transp. and Dev.*, 545 So.2d 994 (1989).

Even a cursory review of the allegations in Plaintiffs' complaint establishes that Plaintiffs have directly placed at issue the safety and efficacy of Xarelto. Compl. ¶¶ 6, 171, 192, 199, 203. As such, evidence of FDA's desire for manufacturers to develop other NOACs, as well as the Agency's subsequent approval of Xarelto as safe and effective, is highly relevant. *See, e.g.*, *McGonigal*, 851 F.2d at 778 ("Relevant evidence is defined as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" (quoting Fed. R. Evid. 401)).

Finally, Plaintiffs' assertion that this evidence would have some prejudicial effect is not supported by the record. Pls.' Mem. at 4. Plaintiffs cannot selectively introduce evidence and opinion testimony from FDA experts suggesting that Xarelto is not safe and effective while at the same time attempt to preclude Defendants from offering evidence to rebut those claims and establish that Xarelto is and was safe and effective for use as designed and labeled with approval by FDA.

**CONCLUSION**

For the forgoing reasons, Plaintiffs' Motion *in Limine* No. 19 should be denied.

Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.

By: /s/ *Richard E. Sarver*
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com


DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com


NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com


ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com


CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

6

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on April 12, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**

00407193