## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:  XARELTO (RIVAROXABAN)            MDL No. 2592
PRODUCTS LIABILITY LITIGATION

SECTION L

THIS DOCUMENT RELATES TO:                JUDGE ELDON E. FALLON

MAGISTRATE NORTH

Joseph J. Boudreaux, Jr., et al. v. Janssen et al.
Case No. 2:14-cv-02720

---

**DEFENDANTS' REPLY IN SUPPORT OF THEIR JOINT MOTION FOR AN ORDER
(1) DISMISSING WITH PREJUDICE CLAIMS BASED ON ALLEGATIONS THAT
PLAINTIFFS HAVE ABANDONED AND (2) BARRING SCIENTIFIC EVIDENCE
BASED ON WAIVER OF *DAUBERT* ARGUMENTS**

In support of their Joint Motion For An Order (1) Dismissing With Prejudice Claims Based

On Allegations That Plaintiffs Have Abandoned And (2) Barring Scientific Evidence Based On

Waiver Of *Daubert* Arguments (Doc. 5957), Defendants hereby submit this reply brief to respond

to  two points from Plaintiffs' opposition.

***First***, as to Defendants' motion to dismiss Plaintiffs' claims to the extent that they are

based on abandoned allegations, Plaintiffs initially identified in their complaint and expert reports

many characteristics of Xarelto that they alleged rendered Xarelto unreasonably dangerous—an

essential element of their claims against Defendants.  After the parties took depositions (including

expert depositions) and dispositive and *Daubert* motions were filed, Plaintiffs narrowed their

allegations considerably:

- As the Court has correctly observed, Plaintiffs now press just three theories in
  support of their design-defect claim under La. Rev. Stat. Ann. § 9:2800.56—in
  particular, that "Xarelto is unreasonably dangerous in design because (1) Defendants
  should have designed, but failed to design, a Xarelto-specific Anti-Factor Xa assay so
  doctors could monitor Xarelto's anticoagulation effect on each patient and could, along
  with the patient, weigh the risks and determine whether to continue taking Xarelto; (2)
  because Defendants have not designed and marketed an antidote to counteract a major
  bleeding event; and (3) in the absence of a Xarelto-specific Anti-Factor Xa assay,

Xarelto's label should have warned doctors about the availability of the Neoplastin PT test to measure patient's anticoagulation."  Order Denying Defs.' Dosing & Monitoring Preemption MSJ (Doc. 6196), slip op. at 2.

- Likewise, as the Court has correctly observed, Plaintiffs now press only three theories in support of their failure-to-warn claim under La. Rev. Stat. § 9:2800.57— "that Xarelto's label should have [1] instructed physicians that Neoplastin PT tests can be used to identify plaintiffs with high risk of bleeding, [2] to inform treaters that the INRatio device used in the ROCKET AF trial was recalled, and [3] to advise prescribing doctors about U.S.-specific bleeding risk."  Order Denying Defs.' Labeling Preemption MSJ (Doc. 6197), slip op. at 2.

Defendants' motion sensibly requests that the Court enter an order dismissing all claims to the extent that they are based on Plaintiffs' previously-asserted-but-now-abandoned theories.  *See* Defs.' Br. (Doc. 5957-1), at 2–5.  This is necessary because it is clear from motion *in limine* briefing, as well as Plaintiffs' exhibit list and deposition designations, that Plaintiffs want to spend a considerable amount of trial time on issues that they have explicitly disclaimed as a basis on which they will ask the jury to find liability, while they have at the same time—by virtue of their concessions—successfully shielded these claims from judicial review under the law of preemption and *Daubert*.  The Court should enter summary judgment on those abandoned theories, as a means of narrowing the case for trial, to avoid juror confusion, and to prevent prejudice to Defendants in the event that Plaintiffs seek to resurrect those theories again on the eve of (or during) trial.

Plaintiffs have not—indeed they cannot—dispute that the law is settled that when a plaintiff abandons a particular theory of liability, summary judgment is appropriate to the extent that any claim in the case is based on that abandoned theory.  *See* Defs.' Br. at 5 (citing cases); *cf. also, e.g.*, *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002) ("Even an issue raised in the complaint but ignored at summary judgment may be deemed waived.  If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived . . . .").

For example, in *Cologne v. Shell Oil Co.*, No. 12-735, 2013 WL 5781705 (E.D. La. Oct. 25, 2013) (Fallon, J.), the plaintiff sued for negligence, strict liability, and fraud on the basis that

2

he had developed cancer after being exposed to either (1) benzene-containing substances, (2) welding fumes, and/or (3) radioactive material.  After discovery, it was clear that the plaintiff was alleging only that benzene-containing substances caused his injury—and had abandoned the theories that his injuries were caused by either welding fumes or radioactive material. Accordingly, the defendant moved for partial summary judgment "as to the theories involving exposure to radiation and welding fumes."  *Id.* at *2–3.  This Court granted the defendant's motion and entered summary judgment to the extent that the plaintiff's theories were based on those abandoned theories.  *Id.*  Plaintiffs here attempt to distinguish *Cologne* because the plaintiff there "acquiesced to defendants' motion for partial summary judgment" (Pls.' Opp. (Doc. 6167), at 3 n.3), but Plaintiffs cannot (and do not) dispute that *Cologne* aptly proves Defendants' point.

Similarly, in *Overpeck v. Roger's Supermarket, LLC*, No. 12-124, 2013 WL 4500469 (N.D. Miss. Aug. 21, 2013), the plaintiff initially alleged that he could establish the "knowledge" component of his slip-and-fall claim by showing that the defendant had either constructive knowledge or actual knowledge of the alleged dangerous condition.  But the plaintiff's "response to the motion for summary judgment focuse[d] only on Defendant's own negligence and Defendant's actual knowledge of the condition."  *Id.* at *4.  Accordingly, the court "consider[ed] Plaintiff's constructive knowledge theory abandoned and grant[ed] Defendant's motion for summary judgment as to that contention."  *Id.*  Plaintiffs here contend that *Overpeck* is distinguishable because the court there entered summary judgment "on those parts of defendants' motion to which the plaintiff failed to respond at all" (Pls.' Opp. at 3 n.3), but of course that is just what happened here.  Rather than respond to the arguments in Defendants' motions for summary judgment, Plaintiffs renounced and abandoned various theories that they had once advocated, and instead narrowed their claims considerably.

The upshot of cases like *Cologne* and *Overpeck* is that whatever evidence comes in during trial, a plaintiff who has abandoned certain liability theories cannot argue to the jury that he has met his burden of proof by pointing to facts in support of those abandoned theories.  Just so here, to narrow the issues for trial and to ensure against prejudice to Defendants, the Court should hold Plaintiffs to their narrowing of their claims by entering an order that dismisses any claims to the extent they are based on liability theories that Plaintiffs at one time pressed but have now abandoned.

**Second**, as to Defendants' motion to exclude any scientific expert testimony concerning their abandoned claims because Plaintiffs waived their *Daubert* arguments, Plaintiffs have simply failed to respond.  Accordingly, Plaintiffs' arguments are now *triply* waived.  In response to Defendants' *Daubert* challenges, Plaintiffs did not even *attempt* to argue that the scientific theories that their experts advanced on these issues were admissible.  Accordingly, as Defendants explained in their *Daubert* reply brief, Plaintiffs have waived their opposition to those challenges, and the Court should exclude all scientific expert testimony concerning them.  *See* Defs.' Dosing & Monitoring *Daubert* Reply Br. (Doc. No. 5688) at 2–3 & n.2; *see also*, *e.g.*, *Jenkins v. Slidella LLC*, No. 05-370, 2008 WL 2649510, at *6 (E.D. La. June 27, 2008) (excluding testimony under *Daubert* when party failed to respond to arguments); *cf. Centerpoint Energy Houston Elec. LLC v. Harris Cnty. Toll Rd. Auth.*, 246 F. App'x 286, 289 (5th Cir. 2007) (district court correctly awarded prejudgment interest "based on its view that [plaintiff's] request was 'unopposed' and 'undisputed'" when defendant failed to respond to plaintiff's argument); *Cain v. Transocean Offshore Deep Water Drilling, Inc.*, No. 03-1372, 2008 WL 4360881, at *6 n.3 (W.D. La. Sept. 24, 2008) (plaintiff "concede[d] the point" when he failed to respond).

Now, in response to Defendants' motion to exclude that testimony on the basis of their

waiver, Plaintiffs have waived those arguments all the more, by failing either to offer a substantive *Daubert* response or to provide any justification for failing to respond.  The Court should enter an order excluding any scientific expert testimony regarding Plaintiffs' abandoned claims, both to streamline for the context of this trial and to preserve consistency across the litigation.  *See In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 767 F. Supp. 2d 649, 672 (E.D. La. 2011) (resolving claims in a "consistent and efficient fashion," including by "prevent[ing] duplicative and inconsistent rulings" is the "very basis of 28 U.S.C. § 1407" allowing consolidated actions managed by the MDL judge).

## CONCLUSION

For the foregoing reasons, the Court should enter an order (1) dismissing any of Plaintiffs' causes of action that are based on their abandoned allegations, and (2) excluding scientific expert testimony regarding any abandoned allegations.

Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.

By: /s/ *Richard E. Sarver*
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *David E. Dukes*
David E. Dukes
J. Mark Jones

Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ James B. Irwin
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen
Pharmaceuticals, Inc., Janssen Research &
Development, LLC, and Janssen Ortho LLC*

NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ Andrew K. Solow
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: /s/ Kevin C. Newsom
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ John F. Olinde
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241

6

olinde@chaffe.com

*Attorneys for Bayer HealthCare*
*Pharmaceuticals Inc. and Bayer Pharma AG*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of April, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

*/s/      John F. Olinde*