# EXHIBIT 1

1  INFERENCES FROM THE TESTIMONY AND THE EXHIBITS AS YOU FEEL ARE
2  JUSTIFIED IN THE LIGHT OF YOUR COMMON EXPERIENCE.  IN OTHER
3  WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSION THAT REASON
4  AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN
5  ESTABLISHED BY THE TESTIMONY AND THE EVIDENCE IN THIS CASE.
6            YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL
7  EVIDENCE.  NOW, DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO
8  ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS.
9  CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND
10 CIRCUMSTANCES INDICATING A FACT TO BE PROVED.  THE LAW MAKES NO
11 DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR
12 CIRCUMSTANTIAL EVIDENCE.
13           IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE
14 YOUR GOOD SENSE.  GIVE THE EVIDENCE AND THE TESTIMONY OF THE
15 WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT OF
16 YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.
17           IN WEIGHING THE TESTIMONY AND IN DETERMINING THE
18 CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE
19 WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR HER
20 PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY, AND
21 HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE
22 OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS HE OR SHE MAY HAVE
23 SHOWN, AND ANY PARTIALITY THAT HE OR SHE MAY HAVE DEMONSTRATED.
24           IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY
25 CONCERNING ANY MATERIAL MATTER, YOU, THE JURY, HAVE A RIGHT TO

1  DISTRUST SUCH WITNESS' TESTIMONY ON OTHER MATTERS, AND YOU MAY

2  DISTRUST ALL OF THE TESTIMONY OF THAT WITNESS.

3              YOU SHOULD KEEP IN MIND, OF COURSE, THAT A

4  SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE

5  WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT,

6  BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS

7  INACCURATELY.  SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU

8  NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL

9  FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE

10 SIGNIFICANCE OF THAT MAY WELL DEPEND ON WHETHER IT HAS TO DO

11 WITH AN IMPORTANT FACT OR ONLY AN UNIMPORTANT DETAIL.

12             THE TESTIMONY OF A SINGLE WITNESS MAY BE

13 SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF

14 WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF, AFTER

15 CONSIDERING ALL THE OTHER EVIDENCE, YOU, THE JURY, BELIEVE THAT

16 SINGLE WITNESS.

17             NOW, WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER

18 MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING

19 OR EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN

20 EXPERT WITNESS AND IS PERMITTED TO STATE HIS OR HER OPINION ON

21 THOSE TECHNICAL MATTERS.  SUCH WITNESSES HAVE TESTIFIED IN THIS

22 CASE.  YOU ARE NOT, HOWEVER, ARE NOT REQUIRED TO ACCEPT THAT

23 OPINION.  AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE

24 WHETHER TO RELY UPON IT.

25             IF YOU SHOULD DECIDE THAT THE OPINION OF AN

1  EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR
2  EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN
3  SUPPORT OF THE OPINION ARE NOT SOUND OR THAT THE OPINION IS
4  OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THAT
5  OPINION ENTIRELY.
6            IN DECIDING WHETHER TO ACCEPT OR TO RELY UPON
7  THE OPINION OF AN EXPERT WITNESS, YOU, THE JURY, MAY CONSIDER
8  ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM
9  EVIDENCE, THAT THE EXPERT WITNESS HAS AN ECONOMIC, A
10 PHILOSOPHICAL, OR OTHER INTEREST IN THE OUTCOME OF THE CASE.
11           CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU BY
12 VIDEO DEPOSITIONS.  A DEPOSITION, AS I MENTIONED BEFORE, IS THE
13 SWORN, RECORDED ANSWER TO QUESTIONS ASKED TO A WITNESS IN
14 ADVANCE OF TRIAL.  UPON SOME CIRCUMSTANCES, IF A WITNESS CANNOT
15 BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS'
16 TESTIMONY MAY BE PRESENTED UNDER OATH IN THE FORM OF A
17 DEPOSITION.
18           SOMETIME BEFORE TRIAL, THE ATTORNEYS
19 REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THE WITNESS
20 UNDER OATH.  A COURT REPORTER WAS PRESENT AND RECORDED THE
21 TESTIMONY.  THE QUESTIONS AND ANSWERS WERE PRESENTED BY VIDEO
22 TO YOU.  THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME
23 CONSIDERATION, IS TO BE JUDGED BY YOU AS TO CREDIBILITY, AND
24 WEIGHED AND OTHERWISE CONSIDERED BY YOU, INSOFAR AS POSSIBLE,
25 IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD