# EXHIBIT 3

1  MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND
2  COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN
3  ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.  YOU MAY
4  CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.
5           NOW, DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO
6  ASSERTS ACTUAL KNOWLEDGE OF THE FACTS, SUCH AS AN EYEWITNESS.
7  CIRCUMSTANTIAL EVIDENCE IS THE PROOF OF A CHAIN OF
8  CIRCUMSTANCES INDICATING A FACT TO BE PROVED.  THE LAW MAKES NO
9  DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR
10 CIRCUMSTANTIAL EVIDENCE.
11          NOW, IN DECIDING THIS CASE, YOU'RE EXPECTED TO
12 USE YOUR GOOD SENSE.  GIVE THE EVIDENCE AND THE TESTIMONY OF
13 THE WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT
14 OF YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.
15 IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OF
16 ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE WITNESS, HIS
17 OR HER BEARING ON THE WITNESS STAND, HIS OR HER PERSONAL
18 FEELINGS AS COMMON DEMONSTRATED BY HIS OR HER TESTIMONY, AND
19 HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE
20 OUTCOME OF THE CASE, ANY PREJUDICE OR ANY BIAS HE OR SHE MAY
21 HAVE SHOWN, AND ANY PARTIALITY HE OR SHE MAY HAVE DEMONSTRATED.
22          IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY
23 CONCERNING ANY MATERIAL MATTER, YOU HAVE THE RIGHT TO DISTRUST
24 SUCH WITNESS' TESTIMONY ON OTHER MATTERS, AND YOU MAY DISTRUST
25 ALL OF THE TESTIMONY OF THAT WITNESS.  YOU SHOULD KEEP IN MIND,

```
 1   HOWEVER, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT
 2   NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS
 3   HE OR SHE REMEMBERS IT BECAUSE PEOPLE MAY FORGET SOME THINGS OR
 4   REMEMBER OTHER THINGS INACCURATELY.  SO IF A WITNESS HAS MADE A
 5   MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT
 6   WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF
 7   MEMORY, AND THE SIGNIFICANCE OF THAT MAY WELL DEPEND ON WHETHER
 8   IT HAS TO DO WITH AN IMPORTANT FACT OR AN UNIMPORTANT DETAIL.
 9                 THE TESTIMONY OF A SINGLE WITNESS MAY BE
10   SUFFICIENT TO PROVE ANY FACT EVEN IF A GREATER NUMBER OF
11   WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY IF, AFTER
12   CONSIDERING ALL OF THE EVIDENCE, YOU, THE JURY, BELIEVE THAT
13   SINGLE WITNESS.
14                 WHEN KNOWLEDGE OF A TECHNICAL SUBJECT MATTER MAY
15   BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR
16   EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN EXPERT
17   WITNESS AND IS PERMITTED TO STATE HIS OR HER OPINION ON THOSE
18   TECHNICAL MATTERS.  SUCH WITNESSES HAVE TESTIFIED IN THIS CASE.
19   AS I MENTIONED BEFORE, HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT
20   THAT OPINION.  AS WITH ANY OTHER WITNESS, IT IS UP TO YOU, THE
21   JURY, TO DECIDE WHETHER TO RELY UPON IT.
22                 IF YOU SHOULD DECIDE THAT THE OPINION OF AN
23   EXPERT IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE OR
24   IF YOU SHOULD CONCLUDE THAT THE FACTS THE EXPERT RELIED UPON
25   ARE INCORRECT, THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION
```

Page 2735

```
 1    ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER
 2    EVIDENCE, THEN YOU MAY DISREGARD THAT OPINION ENTIRELY.  IN
 3    DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN
 4    EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS,
 5    INCLUDING ANY BIAS YOU MAY INFER FROM THE EVIDENCE THAT THE
 6    EXPERT WITNESS HAS AN ECONOMIC, PHILOSOPHICAL, OR ANY OTHER
 7    INTEREST IN THE OUTCOME OF THE CASE.
 8                 CERTAIN TESTIMONY WAS PRESENTED TO YOU BY WAY OF
 9    VIDEO DEPOSITION.  A DEPOSITION IS THE SWORN, RECORDED ANSWERS
10    TO QUESTIONS ASKED TO A WITNESS IN ADVANCE OF TRIAL.  UNDER
11    SOME CIRCUMSTANCES, IF THE WITNESS CANNOT BE PRESENT AT TRIAL
12    FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY WAS PRESENTED
13    UNDER OATH IN THE FORM OF A DEPOSITION.  SOMETIME BEFORE THIS
14    TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE
15    QUESTIONED THE WITNESS UNDER OATH.  A COURT REPORTER WAS
16    PRESENT AND RECORDED THE TESTIMONY.  THE QUESTIONS AND ANSWERS
17    WERE PRESENTED BY VIDEO TO YOU.  THE DEPOSITION TESTIMONY IS
18    ENTITLED TO THE SAME CONSIDERATION AND IS TO BE JUDGED BY YOU
19    AS TO CREDIBILITY AND WEIGHED AND OTHERWISE CONSIDERED BY YOU,
20    INSOFAR AS POSSIBLE, IN THE SAME WAY AS IF THE WITNESS HAD BEEN
21    PRESENT AND TESTIFIED FROM THE WITNESS STAND IN COURT.
22                 DURING THE COURSE OF THE TRIAL, YOU WILL HAVE
23    HEARD OBJECTIONS TO THE EVIDENCE.  SOMETIMES THESE HAVE BEEN
24    ARGUED OUT OF THE HEARING OF THE JURY.  IT IS THE DUTY OF THE
25    ATTORNEY FOR EACH SIDE TO OBJECT WHEN THE OTHER SIDE OFFERS
```

M006B54819