# EXHIBIT 4

Page 3013

1     AFTERNOON SESSION
2     (SEPTEMBER 26, 2006)
3     (WHEREUPON, THE FOLLOWING PROCEEDINGS WERE
4  TRANSCRIBED BY CATHY PEPPER, CCR, RPR, CRR, OFFICIAL COURT
5  REPORTER.)
6     THE COURT: MEMBERS OF THE JURY, YOU HAVE NOW HEARD
7  ALL THE EVIDENCE IN THIS CASE AS WELL AS THE FINAL ARGUMENT.
8  IT BECOMES MY DUTY TO INSTRUCT YOU ON THE RULES OF LAW THAT YOU
9  MUST FOLLOW AND APPLY IN ARRIVING AT YOUR DECISION IN THIS
10 CASE. AS I MENTIONED SEVERAL TIMES, IN ANY JURY TRIAL, THERE
11 ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER
12 IS YOU, THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND
13 DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER
14 THE LAW FOR YOUR CONSIDERATION.
15     IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO
16 INSTRUCT YOU ON THE LAW APPLICABLE TO THE CASE. YOU, AS
17 JURORS, ARE JUDGES, JUDGES OF THE FACTS. BUT IN DETERMINING
18 WHAT ACTUALLY HAPPENED IN THIS CASE, THAT IS, IN REACHING YOUR
19 DECISION AS TO THE FACTS, IT IS YOUR SWORN DUTY TO FOLLOW THE
20 LAW AS I AM NOW IN THE PROCESS OF DEFINING FOR YOU, AND YOU
21 MUST FOLLOW MY INSTRUCTIONS AS A WHOLE. YOU HAVE NO RIGHT TO
22 DISREGARD OR GIVE SPECIAL ATTENTION TO ANY INSTRUCTION, ANY ONE
23 INSTRUCTION, OR QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE
24 I MAY STATE TO YOU; THAT IS, YOU MUST NOT SUBSTITUTE OR FOLLOW
25 YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO

Page 3014

1  BE. IT IS YOUR DUTY TO APPLY THE LAW AS I GIVE IT TO YOU,
2  REGARDLESS OF THE CONSEQUENCES.
3     BY THE SAME TOKEN, IT IS ALSO YOUR DUTY TO BASE
4  YOUR VERDICT SOLELY ON THE TESTIMONY AND OTHER EVIDENCE IN THE
5  CASE WITHOUT PREJUDICE AND WITHOUT SYMPATHY. THAT WAS THE
6  PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY
7  THE PARTIES AS JURORS IN THIS CASE, AND THEY AND THE COURT HAVE
8  A RIGHT TO EXPECT NOTHING LESS FROM YOU. THIS CASE SHOULD BE
9  DECIDED AND CONSIDERED BY YOU AS AN ACTION BETWEEN PERSONS OF
10 EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING
11 THE SAME OR SIMILAR STATIONS IN LIFE. ALL PERSONS, ALL
12 CORPORATIONS, OR PUBLIC ENTITIES STAND EQUAL BEFORE THE LAW AND
13 ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.
14     AS I STATED EARLIER, IT IS YOUR DUTY TO
15 DETERMINE THE FACTS; AND IN SO DOING, YOU MUST CONSIDER ONLY
16 THE EVIDENCE I HAVE ADMITTED IN THE CASE. NOW, THE TERM
17 "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES AND
18 THE EXHIBITS ADMITTED INTO THE RECORD. REMEMBER THAT ANY
19 STATEMENTS, OBJECTIONS, OR ARGUMENTS MADE BY THE LAWYERS ARE
20 NOT EVIDENCE IN THE CASE. THE FUNCTION OF THE LAWYER IS TO
21 POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT AND MOST
22 HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING, TO CALL
23 YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT THEY ARE
24 PARTICULARLY CONCERNED THAT YOU, THE JURY, RECALL. IN THE
25 FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND

Page 3015

1  INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THIS CASE.
2  WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.
3     ALSO, DURING THE COURSE OF TRIAL, I HAVE
4  OCCASIONALLY MADE A COMMENT TO A LAWYER OR ASKED A QUESTION OF
5  A WITNESS OR ADMONISHED A WITNESS CONCERNING THE MANNER IN
6  WHICH HE OR SHE SHOULD RESPOND TO A QUESTION OF COUNSEL. DO
7  NOT ASSUME FROM ANYTHING I MAY HAVE SAID THAT I HAVE ANY
8  OPINION CONCERNING ANY OF THE FACTS IN THIS CASE. IN ARRIVING
9  AT YOUR FINDINGS AS TO THE FACTS, YOU SHOULD DISREGARD ANYTHING
10 I MAY HAVE SAID DURING THE TRIAL, EXCEPT FOR MY INSTRUCTIONS ON
11 THE LAW.
12     NOW, THE LAW OF THE UNITED STATES PERMITS THE
13 JUDGE TO COMMENT ON THE EVIDENCE PRESENTED DURING A CASE. I DO
14 NOT BELIEVE I HAVE MADE ANY COMMENTS ON THE EVIDENCE IN THIS
15 CASE. IF YOU COULD POSSIBLY CONSTRUE ANY REMARKS WHICH I HAVE
16 MADE DURING THE COURSE OF THE TRIAL, HOWEVER, AS A COMMENT ON
17 THE EVIDENCE, THEN I INSTRUCT YOU THAT SUCH COMMENT ON MY PART
18 IS ONLY AN EXPRESSION OF MY OPINION AS TO THE FACTS, AND YOU,
19 THE JURY, MAY DISREGARD ANY SUCH COMMENTS ENTIRELY, SINCE YOU,
20 AS JURORS, ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE.
21     NOW, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE
22 IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE
23 INFERENCES FROM THE TESTIMONY AND THE EXHIBITS THAT YOU, THE
24 JURY, FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR COMMON
25 EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH

Page 3016

1  CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM
2  THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND THE
3  EVIDENCE IN THIS CASE.
4     YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL
5  EVIDENCE. DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO ASSERTS
6  ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS.
7  CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND
8  CIRCUMSTANCES INDICATING A FACT TO BE PROVED. THE LAW MAKES NO
9  DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR
10 CIRCUMSTANTIAL EVIDENCE.
11     NOW, IN DECIDING THIS CASE, YOU ARE EXPECTED TO
12 USE YOUR GOOD SENSE. GIVE THE EVIDENCE AND THE TESTIMONY OF
13 THE WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT
14 OF YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.
15 IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OF
16 ANY WITNESS, YOU, THE JURY, MAY CONSIDER THE CONDUCT OF THE
17 WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR HER
18 PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY, AND
19 HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE
20 OUTCOME OF THE CASE, ANY PREJUDICE OR ANY BIAS HE OR SHE MAY
21 HAVE SHOWN, OR ANY PARTIALITY HE OR SHE MAY HAVE DEMONSTRATED.
22     IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY
23 CONCERNING ANY MATERIAL MATTER, YOU HAVE THE RIGHT TO DISTRUST
24 SUCH WITNESS' TESTIMONY ON OTHER MATTERS AND YOU MAY DISTRUST
25 ALL OF THE TESTIMONY OF THAT PARTICULAR WITNESS. YOU SHOULD

DAILY COPY

df31aa62-9caf-4507-8cb7-069b69745580

M00A124135

Page 3017

1  KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS
2  DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE
3  TRUTH AS HE OR SHE REMEMBERS IT BECAUSE PEOPLE MAY FORGET SOME
4  THINGS OR REMEMBER OTHER THINGS INACCURATELY.
5      SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU
6  NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL
7  FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE
8  SIGNIFICANCE OF THAT MAY WELL DEPEND ON WHETHER IT HAS TO DO
9  WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.
10     THE TESTIMONY OF A SINGLE WITNESS MAY BE
11 SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF
12 WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF, AFTER
13 CONSIDERING ALL OF THE OTHER EVIDENCE, YOU BELIEVE THAT SINGLE
14 WITNESS.
15     NOW, WHEN KNOWLEDGE OF A TECHNICAL SUBJECT
16 MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL
17 TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS
18 AN EXPERT WITNESS AND IS PERMITTED TO STATE HIS OR HER OPINION
19 ON THOSE TECHNICAL MATTERS. SUCH WITNESSES HAVE TESTIFIED IN
20 THIS CASE. YOU ARE NOT, HOWEVER, REQUIRED TO ACCEPT THAT
21 OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU, THE JURY,
22 TO DECIDE WHETHER TO RELY UPON IT.
23     IF YOU SHOULD DECIDE THAT THE OPINION OF AN
24 EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR
25 EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN

Page 3018

1  SUPPORT OF THE OPINIONS ARE NOT SOUND, OR THAT THE OPINION IS
2  OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE
3  OPINION ENTIRELY. IN DECIDING WHETHER TO ACCEPT OR RELY UPON
4  THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF
5  THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE
6  THAT THE EXPERT WITNESS HAS AN ECONOMIC, PHILOSOPHICAL, OR ANY
7  OTHER INTEREST IN THE OUTCOME OF THE CASE.
8      NOW, CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU
9  THROUGH VIDEO DEPOSITIONS. AS I MENTIONED, A DEPOSITION IS THE
10 SWORN, RECORDED ANSWERS TO QUESTIONS GIVEN OR ASKED TO A
11 WITNESS IN ADVANCE OF TRIAL. UNDER SOME CIRCUMSTANCES, IF A
12 WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND,
13 THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE
14 FORM OF A DEPOSITION.
15     SOMETIME BEFORE THIS TRIAL, ATTORNEYS
16 REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THE WITNESS
17 UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE
18 TESTIMONY. THE QUESTIONS AND ANSWERS WERE PRESENTED BY VIDEO
19 TO YOU. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME
20 CONSIDERATION, IS TO BE JUDGED BY YOU AS TO CREDIBILITY AND
21 WEIGHED AND OTHERWISE CONSIDERED BY YOU, INSOFAR AS POSSIBLE,
22 IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD
23 TESTIFIED FROM THE WITNESS STAND IN PERSON HERE IN COURT.
24     DURING THE COURSE OF THE TRIAL, YOU WILL HAVE
25 HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED

Page 3019

1  OUT OF THE HEARING OF THE JURY. IT IS THE DUTY OF THE ATTORNEY
2  FOR EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS
3  TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT
4  PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST
5  OR SHOW ANY PREJUDICE AGAINST AN ATTORNEY OR HIS CLIENT BECAUSE
6  OF THE MAKING OF AN OBJECTION.
7      UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE
8  INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES
9  NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE
10 WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU, THE
11 JURY, ARE INDEED THE SOLE JUDGES OF THE CREDIBILITY OF ALL
12 WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE. WHEN THE
13 COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A
14 WITNESS, THE JURY MUST DISREGARD THAT QUESTION ENTIRELY AND MAY
15 DRAW NO INFERENCES FROM THE WORDING OF IT OR SPECULATE AS TO
16 WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE
17 QUESTION.
18     DURING THE COURSE OF THE TRIAL, I HAVE
19 OCCASIONALLY ASKED A QUESTION OF A WITNESS IN ORDER TO BRING
20 OUT FACTS NOT THEN COVERED IN THE TESTIMONY. AGAIN, DO NOT
21 ASSUME THAT I HOLD ANY OPINION AS TO THE FACTS TO WHICH THE
22 QUESTION MAY HAVE BEEN DIRECTED. REMEMBER AT ALL TIMES, YOU,
23 AS JURORS, ARE THE SOLE JUDGES OF THE FACTS.
24     ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL
25 ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR

Page 3020

1  NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT YOUR NOTES. THE
2  NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU
3  SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE
4  AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER
5  JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE
6  RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.
7      NOW, THIS LAWSUIT, LADIES AND GENTLEMEN, ARISES
8  OUT OF ROBERT GARRY SMITH'S USE OF VIOXX. MERCK MANUFACTURED
9  VIOXX. THE PLAINTIFF, GARRY SMITH, CONTENDS THAT HE SUFFERED A
10 HEART ATTACK AS A RESULT OF HIS USE OF VIOXX. THE PLAINTIFF
11 SEEKS COMPENSATORY DAMAGES PROXIMATELY CAUSED BY HIS INJURY.
12 HE SEEKS RECOVERY UNDER ANY OF SEVERAL SEPARATE THEORIES OF
13 LIABILITY.
14     FIRST, THE PLAINTIFF ALLEGES THAT MERCK FAILED TO
15 WARN, OR INADEQUATELY WARNED, HIS TREATING PHYSICIAN OF A RISK
16 ASSOCIATED WITH VIOXX. THE PLAINTIFF ASSERTS HIS CLAIM UNDER
17 BOTH A STRICT LIABILITY THEORY AND A NEGLIGENCE THEORY.
18 SECOND, THE PLAINTIFF ALLEGES THAT MERCK IS LIABLE FOR FRAUD
19 BECAUSE IT KNOWINGLY FAILED TO DISCLOSE CERTAIN KNOWN RISKS
20 ASSOCIATED WITH VIOXX TO GARRY SMITH'S TREATING PHYSICIAN.
21     MERCK CONTENDS THAT ITS WARNING TO GARRY SMITH'S
22 PRESCRIBING PHYSICIAN WAS ADEQUATE AND COMPLIED WITH THE RULES
23 OF THE FDA. MERCK ALSO ASSERTS THAT IT ACTED REASONABLY AND
24 THAT IT DISCLOSED TO THE FDA AND THE MEDICAL COMMUNITY ALL
25 RELEVANT VIOXX SAFETY DATA AND RISK INFORMATION AVAILABLE AT

DAILY COPY

df31aa62-9caf-4507-8cb7-069b69745580

M00A124136