UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | MDL No. 2592 |
| | : | |
| | : | SECTION L |
| | : | |
| | : | JUDGE ELDON E. FALLON |
| | : | |
| | : | MAGISTRATE JUDGE NORTH |
| | : | |

THIS DOCUMENT RELATES TO:

***ASHCRAFT V. JANSSEN RESEARCH & DEVELOPMENT, LLC ET AL***
**Civil Action No.: 2:16-cv-13587**

## AMENDED RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO SERVE A PLAINTIFF FACT SHEET

COMES NOW, Wendy C. Elsey of Matthews & Associates, and files this amended response to the Order to Show Cause (Doc. 4921) issued by this Court on January 5, 2017:

1.  Plaintiffs' Joint Complaint was filed in In Re Xarelto Products Liability, MDL 2592 (E.D.La) pursuant to Pretrial Order No. 11. Plaintiffs' Joint Complaint was filed on May 18, 2016 and captioned 2:16-cv-06494; *Arce et al v. Janssen Research & Development LLC et al*.

2.  On August 4, 2016, pursuant to the Court's Order for severance, a Short Form Complaint was filed and this case was assigned cause number 2:16-cv-13587, *James Ashcraft, IV v. Janssen Research & Development LLC et al.*

3.  Case Management Orders ("CMO") No. 1 and 13 require all Plaintiffs to submit a Plaintiff Fact Sheet ("PFS") to the defendants using MDL Centrality within 60 days from the date each plaintiff's case is filed, if filed directly in this Court, or within 60 days of the date the case is transferred to the Court.

1

4.  In order to comply with CMOs No. 1 and 13, counsel for Plaintiff made numerous attempts to obtain a completed PFS and executed authorization from the Plaintiff, James Ashcraft, IV, beginning in August of 2016.

5.  Specifically, multiple letters, phone calls, and e-mail correspondence were sent to Mr. Ashcraft beginning in August 2016 to his last known addresses and phone number.

6.  In late September 2016, upon receipt of returned mail and failure to make contact by telephone and email, counsel performed a Lexis search in an attempt to locate Mr. Ashcraft and learned at that time that Mr. Ashcraft had possibly passed away. Attempts were made to contact next of kin using information obtained through the Lexis search and counsel was subsequently able to confirm that Mr. Ashcraft had in fact died on December 11, 2015.

7.  A Suggestion of Death was filed in this case on November 17, 2016.

8.  Greg Powers, probate counsel working to initiate probate proceedings for Mr. Ashcraft's estate, confirmed the named executor of Mr. Ashcraft's estate was James L. Foster.  Counsel was advised by Mr. Powers that Mr. Foster intended to proceed with this products liability action on behalf of the Estate of James Ashcraft, IV. Accordingly, a motion for substitution of party was filed with the Court on January 16, 2017.  On January 17, 2017, the Court granted the Motion for Substitution of Party of James L. Foster.

9.  Upon receipt of the Court's Order granting the motion for substitution of Mr. Foster, counsel notified Mr. Powers of the Court's Order and the need for Mr. Foster to complete the PFS.  At that time, counsel was informed that Mr. Foster had changed

his mind and no longer wanted to pursue this litigation on behalf of Mr. Ashcraft's estate.

10. Since first learning of Mr. Foster's decision that he no longer wished to pursue this litigation, counsel has made numerous attempts to confirm same in writing and obtain permission to dismiss this case.  Specifically, multiple telephone calls and e-mails were forwarded to Mr. Foster's probate counsel, Greg Powers, in January, February, March and April requesting written confirmation of Mr. Foster's intention not to proceed with this litigation on behalf of the estate.  To date, despite counsel's repeated attempts to obtain same, both Mr. Foster and Mr. Powers have been unresponsive.

11. Due to the lack of any response from Plaintiff Foster, undersigned counsel does not have written permission from Plaintiff Foster to agree to stipulate to the dismissal of this claim with prejudice.  However, counsel has no basis to contest such a dismissal as ordered by the Court at this time.

Dated:  <u>April 18, 2017</u>                    Respectfully submitted,


<u>/s/ David P. Matthews</u>
DAVID P. MATTHEWS
Texas Bar No.: 13206200
WENDY C. ELSEY
Texas Bar No.: 24053186
Matthews & Associates
2905 Sackett St.
Houston, TX  77098
713.222.8080
713.535.7184 – facsimile
dmatthews@dpmlawfirm.com
welsey@dpmlawfirm.com

ATTORNEYS FOR PLAINTIFF

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 18, 2017, the foregoing document was filed electronically with the Clerk of the Court via the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other counsel of record via MDL Centrality, which will send notice of the electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ David P. Matthews
David P. Matthews
