UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL NO: 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | MASTER DOCKET CASE: |
| | * | 2:14-md-02592 |
| THIS DOCUMENT RELATES TO: | * | |
| CASE NUMBER 2:15-cv-02427 | * | |
| | * | JUDGE: ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE |
| | * | MICHAEL NORTH |
| | * | |
| | * | JURY TRIAL DEMANDED |

*************************************************************************

**SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO PROVE XARELTO USE AND DEFICIENT**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Johnnie Mae Reynolds, who files this Supplemental Response to Order to Show Cause Regarding Plaintiffs Who Have Failed to Prove Xarelto Use and Deficient, and respectfully submits the following updates to the Court since the filing of Plaintiffs' Response to Order to Show Cause Regarding Plaintiffs Who Have Failed to Prove Xarelto Use and Deficient on February 6, 2017.

Since February 6, 2017, Plaintiff, through undersigned counsel, has attempted to contact her treating physician, Dr. Stephen Clark, about executing an affidavit attesting to Plaintiff's Xarelto use. In total, Plaintiff has contacted Dr. Clark's office approximately ten (10) times through various means of communication including telephone, facsimile, U.S. First Class Mail,

and U.S. Certified Mail. To date, Dr. Stephen Clark has not responded to any of Plaintiff's communications.[1]

Nevertheless, the evidence in the Record is sufficient to prevent dismissal of Plaintiff's claims. Plaintiff purports to demonstrate her Xarelto use through the testimony of her daughter, Cathy Johnson Harris. Ms. Harris attests in her sworn affidavit[2] that, as a caregiver to Plaintiff, she personally witnessed Plaintiff ingest Xarelto as part of her normal medical routine. Moreover, Plaintiff's medical records allow for the reasonable inference that Plaintiff may have been prescribed Xarelto.[3] Specifically, Plaintiff's medical records demonstrate that on June 28, 2013, Plaintiff received anticoagulation therapy associated with deep vein thrombosis ("DVT").[4] These records coupled with Ms. Harris' sworn testimony create the possibility that a reasonable juror could find that Plaintiff was in fact prescribed, and then used, Xarelto.

**WHEREFORE**, Plaintiff respectfully moves this Honorable Court to deny Defendants' motion to dismiss Plaintiff's claim.

Respectfully submitted,

SCOTT, VICKNAIR, HAIR & CHECKI, LLC

*/s/ David P. Vicknair*

_____
DAVID VICKNAIR, #34135
GALEN M. HAIR, #32865
909 Poydras Street, Suite 1100
New Orleans, LA 70002
T: (504) 684-5200

---

[1] *See* Affidavit of Kassie Richbourg (Apr. 18, 2017), attached hereto as Exhibit A.

[2] Ms. Harris' affidavit has already been uploaded to MDL Centrality and also attached as an exhibit to Plaintiffs' Response to Order to Show Cause Regarding Plaintiffs Who Have Failed to Prove Xarelto Use and Deficient, filed on February 6, 2017.

[3] All of Plaintiff's medical records have already been uploaded to MDL Centrality.

[4] *See* Medical Records, attached hereto as Exhibit B.

                                                    F: (504) 613-6351
                                                    david@svhclaw.com
                                                    hair@svhclaw.com

                                                   *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

       I hereby certify that a copy of the above and foregoing pleading has been served on counsel of record via CM/ECF on April 18, 2017.

                                                   */s/ David P. Vicknair*
                                                   _____
                                                   DAVID VICKNAIR