UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) | MDL No. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

THIS DOCUMENT RELATES TO:

*Frances Eisel, as Personal Representative of the Estate of Robert Grimes, Deceased v. Janssen Research & Development LLC, et al., Case No. 2:16-cv-17978*

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE DEFENDANT BAYER PHARMA AG

Plaintiff, Frances Eisel, as Personal Representative of the Estate of Robert Grimes, Deceased, hereby submits this Memorandum in Support of her motion and for an Order from this Court granting her an additional thirty (30) days within which to serve process on Defendant Bayer Pharma AG as set forth in this Court's Pre-Trial Order ("PTO") No. 10. In support, Plaintiff states as follows:

1. On December 30, 2016, Plaintiff filed an individual complaint against Defendants Janssen Research & Development, LLC, Janssen Ortho, LLC, Janssen Pharmaceuticals, Inc., Johnson & Johnson, Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healthcare AG, and Bayer AG. Plaintiff's complaint was assigned Case No. 2:16-cv-17978.

2. The Office of the Clerk for this case issued the summonses as to all Defendants on January 3, 2017. *See* Exhibit A.

3. On January 5, 2017, Plaintiff electronically mailed to xareltocomplaints@babc.com the Notice of Service with a copy of the Complaint pursuant to PTO 10(II)(C). *See* Exhibit B.

4. Contemporaneously therewith on January 6, 2017, Plaintiff also sent via registered mail with return receipt requested to Bayer Pharma AG a letter enclosing a copy of the Complaint and Summons pursuant to PTO 10(II)(C-D). *See* Exhibit C.

5. The U.S. Postal Office tracking system indicates that on January 13, 2017, the letter enclosing the Complaint and Summons departed an airport in Frankfort, Germany on its way to the destination. As of April 17, 2017, the U.S. Postal Office has not indicated that the letter was delivered to Bayer Pharma AG, nor has this office received the requested executed Return of Service.

6. On April 14, 2017, Plaintiff's counsel attempted service for the second time by sending via registered mail to Bayer Pharma AG another letter enclosing a copy of the Complaint and Summons pursuant to PTO 10(II)(C-D). *See* Exhibit D.

7. The "Order Regarding Service of Complaints", as entered by the Court on September 20, 2016, allows that "[f]or complaints filed on or before December 31, 2016, the time periods provided for service of the summons and complaint in Rule 4(m) of the Federal Rules of Civil Procedure (90 days applicable to all U.S. defendants under the normal rules for service) and Paragraph II.C. of Pretrial Order No. 10 (60 days applicable to Bayer Pharma AG and Bayer HealthCare Pharmaceuticals Inc. if streamlined service is desired), shall be extended so as to run from the issuance of the summons by the Clerk of the Court rather than from the filing of the complaint."

8. The above referenced case (*Frances Eisel, et al. v. Janssen Research & Development LLC, et al.,* Case No. 2:16-cv-17978) falls under the Court's "Order Regarding Service of Complaints" so that Plaintiff has until March 4, 2017 to effectuate service. However, in light of the fact service could not be effectuated to date for reasons outside of the control of Plaintiff's counsel, the deadline for service, and the lengthy time it takes to effectuate service via certified mail pursuant to PTO No. 10, Plaintiff respectfully requests an extension of time to serve Defendant Bayer Pharma AG.

9. Pursuant to Fed. R. Civ. P. 4(m), if a plaintiff can show good cause for failure to serve within a specified time, "the Court must extend the time for service for an appropriate period." The court may also exercise its discretionary power to extend time for service. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (noting that "[i]f good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service.") (emphasis in original).

10. Plaintiff has properly attempted to effectuate service of process on Defendant Bayer Pharma AG in accordance with PTO 10(II)(C-D).

11. Defendant Bayer Pharma AG has received thousands of complaints filed in this MDL thus far. As such, Defendant Bayer Pharma AG is aware of pending lawsuits filed against it in this MDL and therefore, no material prejudice or harm has occurred.

12. Defendant Bayer Pharma AG will not be prejudiced, nor will this proceeding be unduly delayed, by the granting of this Motion.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court grant her an additional thirty (30) days from the date of the Court's Order granting this Motion to serve Defendant Bayer Pharma AG as set forth in this Court's PTO No. 10.


Date:   April 18, 2017                                  Respectfully submitted,

                                                     /s/ Roger C. Denton
                                                   Roger C. Denton, Esq.
                                                   SCHLICHTER, BOGARD & DENTON, LLP
                                                   100 South 4th Street
                                                   Saint Louis, MO 63102
                                                   314-621-6115
                                                   314-621-7151 (fax)
                                                   dhantack@uselaws.com

                                                  ***Attorney for the Plaintiff***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served electronically via the Court's ECF system and served on all counsel of record electronically as a result thereof on the 18th day of April, 2017.

By: /s/ *Roger C. Denton*