UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO QUASH SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION**

Plaintiffs have issued a subpoena to an employee of Defendants that is invalid because it attempts to require the witness to travel out-of-state and more than 100 miles to testify at trial. The subpoena cannot be modified to require that such testimony be presented by contemporaneous transmission from a different location because doing so would circumvent the Federal Rules' geographic limits on compelling live trial testimony. Thus, the subpoena must be quashed pursuant to the Federal Rules of Civil Procedure.

**I.      RELEVANT FACTS**

Plaintiffs have issued a subpoena out of the United States District Court for the Eastern District of Louisiana for trial testimony of Defendants' employee Dr. Gary Peters. Subpoena to Appear & Testify at a Hr'g or Trial in a Civil Action to Gary Peters ("Peters Subpoena") (Exh. A). The subpoena commands Dr. Peters to provide live testimony in courtroom C468 at the United States District Court for the Eastern District of Louisiana, located at 500 Poydras Street, New Orleans, Louisiana. *Id.*

Dr. Peters is Senior Director of Cardiovascular and Metabolism for Janssen Research and Development, LLC. Peters Decl. ¶ 1 (Exh. B).  He neither lives, works, nor regularly transacts business in the state of Louisiana or within 100 miles of the Eastern District of Louisiana court

house. *Id.* ¶¶ 3-4.  Instead, Dr. Peters is a resident of West Chester, Pennsylvania, and works in Spring House, Pennsylvania.  *Id.* ¶ 5.

Plaintiffs took the videotaped deposition of Dr. Peters in connection with this matter on April 20, 2016, in Philadelphia, Pennsylvania.  *Id.* ¶ 6.  Dr. Peters' deposition lasted over nine hours and produced a 550-page transcript. *Id.*

## II.     ARGUMENT

### A.     The Peters Subpoena is defective because it requires him to travel out-of-state and more than 100 miles to testify at trial.

Federal Rule 45(c)(1) governs the place of compliance for a trial, and states:

> A subpoena may command a person to attend a trial, . . .: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

Federal Rule 45(d)(3)(A)(ii) states that a court "must" quash or modify a subpoena that "requires a person to comply beyond the[se] geographical limits."  Thus, the Federal Rules mandate that a court cannot compel live testimony of a party's employee at trial if that employee resides or works out-of-state and more than 100 miles from the court house. *See Williams v. Arctic Cat, Inc.*, No. 3:11-cv-445, 2014 WL 1028476, at *4 (N.D.N.Y. Mar. 13, 2014).

Dr. Peters cannot be compelled pursuant to the Federal Rules to provide live trial testimony at the Eastern District of Louisiana courthouse in New Orleans.  He does not reside, work, or regularly transact business within 100 miles of the Eastern District of Louisiana courthouse.  Peters Decl. ¶ 4.  Thus, he cannot be compelled to attend trial pursuant to the geographical limits of Federal Rule of Civil Procedure 45(c)(1)(A).  While Defendants do not concede that Dr. Peters is an officer of a party or that he would not incur substantial expense if commanded to attend trial, even if that were true, he cannot be compelled to attend trial pursuant

to the geographical limits of Federal Rule of Civil Procedure 45(c)(1)(B) because he does not reside, is not employed, nor regularly transacts business in Louisiana. Peters Decl. ¶ 3.

*In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006), is inapplicable here. In *Vioxx*, this Court ruled that Federal Rule of Civil Procedure 45 permits a court to subpoena a party's officer to testify at trial outside of the 100 mile geographical limit. *Id.* at 668. However, following this ruling, in December 2013, Federal Rule of Civil Procedure 45 was amended, as recited above, to clarify that the 100 mile rule does apply to parties and officers of parties. The Advisory Committee Notes that accompany the December 2013 amendment specify that under the old rule, there was a split in decisions regarding subpoenaing parties and officers, and it cites to the *Vioxx* decision. The Advisory Committee Notes then state, "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." Thus, the *Vioxx* ruling has been superseded by the change to the Federal Rules. *See Ishee v. Fed. Nat'l Mortg. Assoc.*, No. 2:13-cv-234-KS-MTP, 2014 WL 12638499, at *2 (S.D. Miss. Nov. 13, 2014) (recognizing that the 2013 amendments were "intended to circumscribe the Court's authority to compel parties and officers to travel to faraway trials" (citation omitted)).

Because the Peters Subpoena does not comply with the geographical limits specified in Federal Rule of Civil Procedure 45(c), it must either be quashed or modified pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(ii).[1]

---

[1] *See In re Urethane Antitrust Litig.*, Civ. No. 2:08-5169, 2016 WL 723014, at *1 (D.N.J. Feb. 22, 2016) (refusing defendants' motion to compel eight of plaintiffs' current employees, who were beyond the 100-mile limit, to testify live at trial, either in court or by video); *Twyman v. S&M Auto Brokers*, No 16 C 4182, 2016 WL 6082357, at *5 (N.D. Ill. Oct. 18, 2016) (recognizing that the plaintiff could not "compel [the witness] to appear for trial" where he "live[d] more than 100 miles from the Northern District of Illinois, and as such, is outside the trial subpoena power of the Court"); *Passmore v. Barrett*, No. 2:13-cv-290, 2016 WL 1253541, at *1, 3 (N.D. Ind. Mar. 31, 2016) (refusing plaintiff's motion to compel individual defendant, who lived more than 1,300 miles from the courthouse,

### B. The Peters Subpoena should not be modified to comply with the Federal Rules, and, therefore, must be quashed.

In order for the Peters Subpoena to comply with the Federal Rules, it would have to be modified to require testimony either within a state that he resides, works, or regularly transacts business, or within 100 miles of where he resides, works, or regularly transacts business. In an effort to satisfy these geographic restrictions, Plaintiffs may assert that the Court should modify the subpoena to require contemporaneous transmission of live testimony from a location outside of the Eastern District of Louisiana courthouse pursuant to Federal Rule of Civil Procedure 43. The Court should not do so. Rule 45(c) prohibits Dr. Peters' live appearance at trial, and its geographic limitations apply with equal force to testimony through live video feed under Rule 43(a).

Federal Rule of Civil Procedure 43(a) states, "For good cause in compelling circumstances and with appropriate safeguards, the court may *permit* testimony in open court by contemporaneous transmission from a different location." (emphasis added). But for two independent reasons, Rule 43(a) does not allow Plaintiffs to *compel* Dr. Peters to testify here. *First*, because allowing contemporaneous transmission in this case would be solely for the purposes of evading the geographical limitations of Federal Rule of Civil Procedure 45, it should not—and cannot—be permitted and the subpoena should be quashed. *Second*, Plaintiffs have not demonstrated good cause and compelling circumstances because Dr. Peters' unavailability was not unexpected and his nine-hour videotaped deposition is available for use at trial, as evidenced by Plaintiffs' extensive designations from his deposition.

---

to appear at trial); *E.E.O.C. v. JetStream Ground Servs., Inc.*, No. 13-cv-02340-CMA-KMT, 2016 WL 1178668, at *3 & n.5 (D. Colo. Mar. 28, 2016) ("It is clear that, at least after the 2013 amendments, this Court is not authorized to compel [the witness's] presence under Rule 45, despite the fact that he is the Vice President and co-owner of [the defendant]."); *Ishee*, 2014 WL 12638499, at *2 (quashing plaintiff's trial subpoena for defendant's employee who lived nearly 500 miles from site of trial.

### 1. Rule 45(c)'s geographic limitations on a trial subpoena apply to subpoenas for video testimony.

Rule 43(a) "presupposes a witness willing or compelled to testify at trial" and does not independently extend a court's subpoena power. *See Roundtree v. Chase Bank*, No. 13–239 MJP, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014); *see also Ping-Kuo Lin v. Horan Capital Mgmt. LLC*, No. 14 Civ. 5202, 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014) (explaining that Rule 43(a) "does not operate to extend the range or requirements of a subpoena"). Accordingly, where a witness is unwilling to testify at trial and is outside the 100-mile reach of the court's Rule 45(c) subpoena power, Rule 43(a) simply does not apply. *See Roundtree*, 2014 WL 2480259, at *2.[2]

District courts in the Fifth Circuit have recognized that Rule 43(a) "does not expand the reach of the subpoena power outlined in Rule 45." *Lea v. Wyeth LLC*, No. 1:03-CV-1339, ECF No. 228 at *2 (E.D. Tex. Nov. 22, 2011) (Exh. C). In *Lea*, the Eastern District of Texas rejected a plaintiff's attempt to use Rule 43(a) to compel the remote trial testimony of the defendants' former employees. *See id.* Although the witnesses were outside the geographic reach of a trial subpoena, the plaintiff contended that Rule 43(a) granted the court the authority to subpoena the witnesses to testify remotely through live video feed, but the court rejected this contention, explaining that "nothing in the language of Rule 43(a) . . . permits this court to compel the testimony of an individual who is indisputably outside the reach of its subpoena power." *Id.* at *2. The court thus agreed that the "permissive" language of Rule 43(a) "does not expand the reach of the subpoena power outlined in Rule 45." *Id.*

---

[2] *See also Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, No. 12-cv-05847-WHO, 2015 U.S. Dist. LEXIS 92776, at *20–21 (N.D. Cal. July 16, 2015) ("Where a proposed witness is both unwilling to testify and beyond the court's subpoena power, the rule does not provide a backdoor means of presenting his or her testimony at trial."); *Ping-Kuo Lin*, 2014 WL 3974585, at *1–2 (denying motion to compel video testimony because the witness was "unwilling" to testify and was outside the reach of the court's subpoena power).

5

MDL courts have also adopted this view regarding Federal Rule of Civil Procedure 43(a) when denying a party's request to require contemporaneous transmission of trial testimony of witnesses outside of the court's subpoena power. In *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, the court was presented with the same issue as the Court is presented with here – whether a party can use Rule 43(a) to circumvent the geographical limitations of Rule 45(c). MDL No. 1358, 2009 WL 1840882, at *1 (S.D.N.Y. June 24, 2009). The *MTBE* court found, "Rule 45(b)(2) describes the circumstances under which a subpoena may be served. This rule is exhaustive and a district court is not empowered to permit service in a manner that would circumvent this rule." *Id.* The court addressed the defendant's argument for allowing service of a subpoena outside of the court's geographical limitations pursuant to Federal Rule 43(a). *Id.* The defendants argued that the witnesses were required to be within 100 miles of the place specified on the subpoena, which was the place of the remote contemporaneous transmission. *Id.* The court disagreed, and found that "these are trial subpoenas and trial will be held in New York, so 'the place specified for the . . . trial' is the Southern District of New York, which, *ex hypothesi*, is more than 100 miles from the place of service." *Id.* Therefore, the court found that the subpoenas were not proper. *Id.*

While the version of Rule 45 that was in effect at the time of the *MTBE* court's ruling focused on the place of service of the subpoena as opposed to the witness's location, the reasoning is equally applicable to this case and Rule 45 as it is written today. Federal Rule of Civil Procedure 45(c)(1) is entitled "Place of Compliance" and regulates attendance at a trial. Because the trial here will be held at the Eastern District of Louisiana court house, then the witness must be within 100 miles of or in the same state as that court house, not the place of remote contemporaneous transmission.

        **2.**       **This Court should not follow those decisions that have compelled live video testimony of distant witnesses under Rule 43(a).**

Case law in MDL courts finding that Federal Rule of Civil Procedure 43(a) allows a witness to be compelled to testify via contemporaneous transmission even if they reside, work, or regularly transact business more than 100 miles from or in a different state than the courthouse where the trial will be conducted are inapposite.

        **a.**       **This Court's decision in *Vioxx* predates the 2013 amendments to Rule 45, which clarified the range of a trial subpoena.**

In *In re Vioxx Products Liability Litigation*, 439 F. Supp. 2d 640 (E.D. La. 2006), this Court held that a party's officer that resides, works, or regularly transacts business more than 100 miles from the court house and in a different state than the court house could be compelled to testify via contemporaneous transmission. *Id.* at 644. However, as discussed above, the *Vioxx* court interpreted the version of Rule 45 that was in effect at that time to allow for a party's officer to be compelled to testify live at the courthouse even if he or she was not within 100 miles of the courthouse. *Id.* at 642. Those recent amendments make clear that where, as here, a company witness is not within 100 miles of the trial, Rule 45 does not allow a subpoena to be issued in the first instance. And importantly, nothing in Rule 43(a) confers subpoena power where it otherwise does not exist. *See Ping-Kuo Lin*, 2014 WL 3974585, at *1 (holding that Rule 43(a) "does not operate to extend the range or requirements of a subpoena"); *Roundtree*, 2014 WL 2480259, at *2 (holding that Rule 43(a) applies if a witness is willing to testify or is otherwise within the 100-mile reach of Rule 45).

> b. **The *Actos* and *DePuy* decisions ignore Rule 45(c)'s clear geographic limitations on a trial subpoena.**

Further, in *In re Actos (Pioglitazone) Products Liability Litigation*, MDL No. 6:11-md-229, 2014 WL 107153 (W.D. La. Jan. 8, 2014), the court found good cause existed to allow contemporaneous transmission of testimony of the defendants' employees who could not be subpoenaed to testify live. *Id.* at *11. However, the court placed great weight on a requirement in the Scheduling Order for "both parties to assist trial preparation by bringing as many witnesses to trial as possible, rather than relying on depositions." *Id.* at *4. Specifically, the Scheduling Order stated, "In an effort to streamline trial preparation as much as possible, the Court expects the parties to make significant efforts to produce witnesses for trial rather than relying on deposition testimony." *Id.* (emphasis omitted). The court stated, "This Court sees the use of live trial testimony as an essential aspect of trial, thus its early instruction to counsel to facilitate such live testimony." *Id.* at *5. It was in this context that the court granted the plaintiffs' motion to allow testimony via contemporaneous transmission. *Id.* at *11.

The Court in this litigation has placed no such expectations upon the parties. On the contrary, the parties have both expected that testimony of witnesses that could not be compelled to testify live pursuant to Federal Rule of Civil Procedure 45(c) would be presented to the jury via deposition pursuant to Federal Rule of Civil Procedure 32. Plaintiffs have already designated the testimony of Dr. Peters that they wish to present if neither appears for trial. Plfs.' Affirmative Dep. Designations at 45-52 (Exh. D). Accordingly, unlike in *Actos*, it is the expectation in this litigation that testimony of witnesses outside of the subpoena power will proceed as discussed in the Advisory Committee Notes to Federal Rule of Civil Procedure 43(a) – through deposition testimony rather than contemporaneous transmission. *See also Williams*, 2014 WL 1028476 at *5

(denying request to allow contemporaneous transmission because the witnesses' testimony could be presented through depositions).

Furthermore, the *Actos* court misapplied Rules 43(a) and 45(c) by rejecting the defendants' argument that using Rule 43(a) to compel testimony via live video feed enlarged the scope of Rule 45(c)'s subpoena power. *Id.* The court acknowledged that Rule 45 "makes no mention of transmission of testimony *via* video to a courtroom." *Id.* at *9. But Rule 43(a) "allows for appearance 'in open court' by . . . contemporaneous transmission," and Rule 45, the court reasoned, "provides the mechanism to secure such appearance." *Id.* The *Actos* court thus held that Rules 43 and 45 "embrace and address the concept of appearance at 'trial' to include contemporaneous live transmission from another location at the location of the Court." *Id.*

This reading is flawed because it completely ignores the limitations on the geographic scope of a trial subpoena—limitations that the Rules Committee, the Supreme Court, and Congress recently underscored in amending Rule 45. As amended, Rule 45(c) applies to all witnesses—including parties and their officers—and restricts the court's the authority to "command a person to attend a trial" to instances in which the trial is held "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Employing a live video feed does not change the fact that the witness remains more than 100 miles from the site of the trial itself and thus outside Rule 45(c)'s 100-mile reach.[3] *See Roundtree*, 2014 WL 2480259, at *2. Plaintiffs' interpretation of Rule 43(a)—to authorize a live

---

[3] For this reason, the *Actos* court's analogy to the use of deposition testimony is inapt. There, the court stated: "One would not argue that when using a written deposition or video deposition the witness is not appearing at trial 'by way of deposition,' at the location of the trial, notwithstanding the fact that the deposition was taken at another location. Nor would one argue Rule 45 would not allow the use of a subpoena to assure that 'appearance by deposition.'" 2014 WL 107153, at *9. But Rule 45(c) specifically provides that a subpoena may "command a person to attend a . . . deposition" that is held "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). Such a subpoena may properly be issued under Rule 45(c).

video feed whenever a witness is beyond the subpoena power—renders Rule 45(c)'s carefully crafted (and recently reiterated) limitations a dead letter. *See Aranda v. Caribbean Cruise Line, Inc.*, No. 1:12-cv-04069, ECF No. 471, at *1–2 (N.D. Ill. Aug. 30, 2016) (Exh. E) (explaining that Rule 45 does not permit the court to "engage in the fiction" that testimony via live video feed transports the site of trial such that the Rule's geographic requirements are met); *Roundtree*, 2014 WL 2480259, at *2 (concluding that plaintiff could not "avoid the geographic limits of [Rule] 45(c)" by asserting that live video testimony effectively transferred the site of trial). Moreover, because Rule 43(a)'s language is permissive, nothing in it supersedes the more-recently-enacted mandatory geographic limits that Rule 45 imposes on a trial subpoena. Regardless of whether Rule 43(a) permits the use of live video feed, it does not—and indeed, cannot—authorize a court to issue a subpoena inconsistent with Rule 45(c).[4]

Nor should this Court follow the decision in *Andrews v. DePuy Orthopaedics Inc.*, No. 3:15-cv-03484-K, ECF No. 83 (N.D. Tex. Sep. 20, 2016) (Exh. F). There, the court found that Rule 43(a) granted it the authority to compel the defendants' witnesses to testify at trial via live video feed so long as the plaintiffs demonstrated "good cause in compelling circumstances." *Id.*, slip op. at 2. Although the court cited Rule 45, it did not consider whether Rule 45(c) had any effect on whether live video testimony should or could be ordered for a witness residing or working more than 100 miles from the site of the trial. *See id.*, slip op. at 3. *Andrews* does not recognize that Rule 45(c) sets the outer boundaries of the court's trial subpoena power, and, as a

---

[4] In addition, requiring a willing or non-distant witness is in accord with the limited role of Rule 43(a) in the context of the Federal Rules. Rule 45(c) provides that a subpoena may command a witness to attend a deposition subject to the Rule's geographic limitations. If that witness is unavailable or unwilling to attend trial, Rule 32(a)(4)(B) allows that deposition to be used at trial instead. *See Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 219 (E.D. La. 2008) ("Rule 32 explicitly provides for the use of depositions when a witness is unavailable . . . because that witness lives more than 100 miles from the place of the [trial]."). And Rule 43's commentary recognizes that such a deposition is the "superior means" of providing testimony for an unavailable witness. This interplay shows that Rule 43's function is a narrow one: permitting contemporaneous transmission when a witness's inability to attend trial arises unexpectedly.

result, it effectively—and impermissibly—holds that a witness may be compelled to testify from anywhere in the United States. Not only is this flatly contrary to the intent of the 2013 amendments to Rule 45—which further restricted courts' subpoena powers—but it also subverts the Rule's clear geographic limitations by expanding Rule 43(a) well beyond its traditional scope.

Because Rule 45(c), rather than Rule 43(a), establishes the permissible range of a trial subpoena, *Actos* and *Andrews* erroneously held that distant witnesses could be compelled to testify at trial via live video feed. In fact, one Fifth Circuit judge, Judge Jolly, has already signaled that such broad orders compelling testimony via live video feed misapply Rules 43(a) and 45(c). *See In re DePuy Orthopaedics*, No. 16-11419, ECF No. 3, at *2 (5th Cir. Sept. 27, 2016) (Jolly, J., concurring) ("Although the district court misapplied Rules 43(a) and 45(c), I concur in the denial of the petition for a writ of mandamus.") (Exh. G). This Court should not repeat that misapplication.

> **3.  In any event, Plaintiffs cannot demonstrate that good cause and compelling circumstances justify receiving Dr. Peters' testimony through live video feed.**

The Advisory Committee Notes accompanying the 1996 amendment to Rule 43(a) to allow for contemporaneous transmission of testimony state, "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." The Advisory Committee Notes continue, "Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses." Thus, the Advisory Committee did not envision Rule 43(a) to be

11

used for the purpose it is presented here – to secure trial testimony of witnesses who were previously deposed and are outside of the court's trial subpoena power.

*First*, Dr. Peters' absence was not unexpected, and "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of their circumstances." *Id.*; *see also Eller v. Trans Union, LLC*, 739 F.3d 467, 478–79 (10th Cir. 2013) (noting that "unexpected reasons" are "typically required in a showing of good cause"); *Prideaux v. Tyson Foods, Inc.*, 387 F. App'x 474, 479 (5th Cir. 2010) ("[A] party who could 'reasonably foresee the circumstances offered to justify the transmission of testimony' will have difficulty in establishing good cause or compelling circumstances." (citation omitted)).

Plaintiffs here have known from the early stages of this litigation that Dr. Peters would be outside the reach of this Court's Rule 45 trial subpoena power and might not appear at trial. This fact alone creates a strong presumption against the use of remote testimony because Rule 43(a) envisions the presence of unforeseen circumstances. *See, e.g.*, *Sille v. Parball Corp.*, No. 2:07-cv-00901-KJD-LRL, 2011 WL 2680560, at *1 (D. Nev. July 8, 2011) ("There is nothing unexpected concerning the ability of [the] witnesses to attend. Norway and New York have remained the same distance from Las Vegas, Nevada, during the entire pendency of this action."). The majority of courts to address this issue have found that Rule 43(a)'s good cause and compelling circumstances requirements are unmet in this circumstance.[5]

---

[5] *Accord In re Prograf Antitrust Litig.*, MDL No. 2242, 2014 WL 7641156, at *5 (D. Mass. Dec. 23, 2014) ("Plaintiffs do not contend . . . that it was unforeseen that these witnesses would be outside this court's trial subpoena power."); *Sec. & Exch. Comm'n v. Yang*, No. 12 C 2473, 2014 WL 1303547, at *6 (N.D. Ill. Mar. 30, 2014) (observing that reasons for witnesses' absence were "known, or at least knowable with due diligence, while discovery was proceeding" and explaining that party should have "take[n] the appropriate steps to take and preserve their testimony"); *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970-PAB-KMT, 2014 WL 358866, at *4 (D. Colo. Jan. 31, 2014) (noting that party "was aware of [the witnesses'] location in advance of trial and was not surprised by 'unexpected reasons' for their unavailability"); *Niemeyer v. Ford Motor Co.*, No. 2:09–CV–2091 JCM (PAL), 2012 WL 5199145, at *3 (D. Nev. Oct. 18, 2012) (denying motion to permit remote video testimony

*Second*, Plaintiffs have taken and designated portions of Dr. Peters' nine-hour videotaped deposition, and accordingly, cannot demonstrate that good cause justifies receiving his testimony through live video feed.  The Advisory Committee has expressed a preference for the use of depositions over the use of live video testimony, explaining that "depositions, including video depositions, provide a superior means of securing the testimony" of an unavailable witness.  *See* Fed. R. Civ. P. 43 Advisory Committee Notes to 1996 Amendments.  A request for live video testimony should thus be denied where a party could instead introduce the witness's deposition.  *See, e.g.*, *Passmore*, 2016 WL 1253541, at *3 (finding that "requiring [the witness] to appear via video-conferencing would [not] allow the jury to assess his testimony any better than by watching his video deposition").

Furthermore, because "the overriding purpose" of the Rules Enabling Act—and thus the Federal Rules—is "to provide for a *uniform* system of practice and procedure in federal courts," *Affholder, Inc. v. S. Rock, Inc.*, 746 F.2d 305, 310 (5th Cir. 1984) (emphasis added), the fact that this is an MDL bellwether trial does not justify a departure from the Advisory Committee's guidance.  *Cf. Marek v. Chesny*, 473 U.S. 1, 19 (1985) (Brennan, J., dissenting) ("[T]he drafters intended [the Federal Rules] to have a uniform, consistent application in *all* proceedings in federal court.").  Indeed, the "very basis of 28 U.S.C. § 1407" is to provide uniformity and to "prevent duplicative" litigation.  *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 767 F. Supp. 2d 649, 672 (E.D. La. 2011).  This Court should not set a precedent that would (as a practical matter) require Dr. Peters (or, for that matter, any of Defendants' witnesses) to testify remotely multiple times in multiple trials.  *See Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971, 2012 WL 3704922, at *3 (E.D. Cal. Aug. 24, 2012) ("This Court is loath to set a precedent that

---

where, *inter alia*, witness's absence was "not due to an unexpected reason"); *Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971, 2012 WL 3704922, at *2–3 (E.D. Cal. Aug. 24, 2012) (denying Rule 43(a) motion where "circumstances confronting Plaintiffs [could] hardly be construed as unforeseen").

would permit the use of alternative testimony on essentially a carte blanche basis simply given the nature of the claims being pursued in a given action.").[6]

Dr. Peters' videotaped deposition testimony is available, foreclosing Plaintiffs' ability to demonstrate the required good cause and compelling circumstances.[7]

### 4. Requiring Dr. Peters to testify remotely is burdensome and prejudicial.

As demonstrated above, Dr. Peters is outside the range of a trial subpoena and Plaintiffs have not demonstrated good cause and compelling circumstances. Either of those facts provides a sufficient basis to reject Plaintiffs' proposal for video testimony. But in any event, compelling Dr. Peters to testify via live video feed is improper here for an additional reason: it would serve only to prejudice Defendants and to create unnecessary burdens and additional expense.

Requiring Dr. Peters to testify via live video feed prejudices Defendants' trial preparation and strategy. For example, if Dr. Peters is required to testify remotely, defense counsel would be forced to divide between Pennsylvania and New Orleans during trial in order to adequately

---

[6] As numerous courts have recognized, such remote testimony is to be "the exception, not the rule." *Humbert v. O'Malley*, 303 F.R.D. 461, 466 n.24 (D. Md. 2014); *see also Lenius*, 2014 WL 6879311, at *6 (recognizing that "remote testimony is justified" only in "rare cases"); *Thomas v. O'Brien*, No. 5:08-cv-0318 (DEP), 2011 WL 5452012, at *4 n.8 (N.D.N.Y. Nov. 8, 2011) (recognizing that remote transmission "seems to be regarded as the exception and not the rule"); *United States v. Thompson*, 599 F.3d 595, n.4 (7th Cir. 2010) (explaining that Rule 43 "suggests that videoconferencing is the exception rather than the rule"); *Gulino v. Bd. of Educ. of City Sch. Dist. Of N.Y.*, 2003 WL 1191349, at *1 (S.D.N.Y. Mar. 13, 2003) ("[P]ermission [to testify remotely] should not be granted lightly.").

[7] *See In re Urethane Antitrust Litig.*, No. 2:08-5169 (WJM-MF), 2016 WL 723014, at *1–2 (D.N.J. Feb. 22, 2016) (recognizing the advisory committee's note that depositions ordinarily "provide the superior means" of securing the testimony of a distant witness and holding that there were no "compelling circumstances" justifying remote testimony where the witnesses' deposition testimony could be introduced by other party); *Prograf*, 2014 WL 7641156, at *5 (denying Rule 43(a) request and explaining that plaintiffs could introduce testimony from distant witnesses "through their deposition videos"); *In re Nexium (Esomeprazole Magnesium) Antitrust Litig.*, No. 2:14-mc-00225-PD, ECF No. 18, at *1–2 (E.D. Pa. Oct. 3, 2014) (quashing plaintiffs' subpoenas for defendants' witnesses for whom video depositions had already been taken); *Union Pac. R. Co.*, 2013 WL 6795031, at *1; *Matovski v. Matovski*, No. 06 Civ. 4259(PKC), 2007 WL 1575253, at *2 (S.D.N.Y. May 31, 2007) ("The Notes to Rule 43 describe deposition testimony as 'superior' to contemporaneous transmission."), *see also EEOC v. Jetstream Ground Servs., Inc.*, No. 13-cv-02340-CMA-KMT, 2016 WL 1178668, at *5 n.8 (D. Colo. Mar. 28, 2016) (allowing additional pre-trial deposition of witness and declining to consider whether plaintiffs met Rule 43(a) standard "especially because the Rule's drafters have indicated a preference for deposition testimony").

prepare and defend Dr. Peters for examination. That would be particularly wasteful in light of the fact that, given Plaintiffs' extensive designations from Dr. Peters' deposition and Defendants' counter-designations, preparations for the introduction at trial of Dr. Peters' deposition testimony would be minimal.

Further, Dr. Peters himself would be unduly burdened because he would again be forced to spend time away from his regular job duties to testify, even though he has already given a nine-hour deposition. There is no need to create additional burden and expense for the witness and defense counsel to provide testimony that has already been secured through the "superior means" of a deposition. Fed. R. Civ. P. 43(a) Advisory Committee Notes to 1996 Amendments.

Testimony by live video feed also is problematic because information technology issues could arise, particularly due to the need to arrange for and effectively manage the transmission of testimony. *See RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 01 Civ. 1290 (CSH), 2005 WL 578917, at *7 (S.D.N.Y. Mar. 11, 2005) ("The greater distance between court and witness also leads to a greater likelihood of technical problems arising, which would interfere with the flow of the trial and cause unnecessary delays—problems which might better be handled in a deposition rather than during trial."); *see also* Fed. R. Civ. P. 43(a) Advisory Committee Notes to 1996 Amendments ("Accurate transmission must likewise be assured."). Technical difficulties are not rare and—even aside from the fact that "examination by live video streaming is awkward and inefficient," *Taghleef Indus. v. Henriquez*, 2016 WL 879054, at *1 (Del. Ch. Mar. 8, 2016)—could lead to any number of problems, including the need to reschedule or reorder the introduction of evidence at trial.[8] The Court need not risk these technical complications in an

---

[8] *See, e.g.*, *In re G.R.*, No. 15-1200, 2016 WL 1456168, at *3 (W. Va. Apr. 12, 2016) (noting two adjudicatory hearings rescheduled due to "technical issues surrounding video conferencing capabilities in the courtroom"); 27 No. 6 Int'l Enforcement L. Rep. 754 (June 2011) (noting that "[t]echnical problems made the video testimony difficult, as the video connection broke down repeatedly" in 2006 airplane crash trial); *see also, e.g.*, Brian Lyman,

15

effort to obtain Dr. Peters' live video testimony because live video feed does not "allow the jury to assess [his] testimony any better than [does] watching his video deposition." *Passmore*, 2016 WL 1253541, at *3.

The benefits of live video testimony, limited as they are, do not outweigh these practical concerns. Dr. Peters has already provided nine hours of video deposition testimony in this case. The Advisory Committee left no doubt that when faced with a choice between allowing testimony via live video feed and using previously-secured deposition testimony, courts should choose the latter. Fed. R. Civ. P. 43(a) Advisory Committee Notes to 1996 Amendments; *see also In re Urethane Antitrust Litig.*, 2016 WL 723014, at *2 (no compelling circumstances where depositions are available). There is thus no reason to risk complications at trial or to create additional expense and burden by ordering testimony via live video feed here

Given that modification of the Peters Subpoena is inappropriate, the Court must quash the subpoena.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Quash Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action.

Respectfully submitted,

---

*Doctor: Abortion Safer Than Getting a Shot of Penicillin*, MONTGOMERY ADVISER (May 21, 2014), http://www.montgomeryadvertiser.com/story/news/politics/southunionstreet/2014/05/21/doctor-abortion-safer-than-getting-shot-of-penicillin/9378081/ (describing "technical problems" in State of Alabama calling expert via video conference); Claire Duffet, *In a high profile Florida murder trial, pranksters disrupt witness' Skype testimony*, LEGALTECH NEWS (Oct. 1, 2013), http://www.legaltechnews.com/id=1202621463840?keywords=Tech+Glitches+in+Zimmerman+Trial+Were+&slreturn=20170317105931 (describing the problems with remote questioning via Skype in the George Zimmerman murder trial).

BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.

By: /s/ *Richard E. Sarver*
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com


DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com


NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com


ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Case 2:14-md-02592-EEF-MBN   Document 6277-1   Filed 04/19/17   Page 18 of 19

jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com


CHAFFE MCCALL L.L.P.
By: */s/ John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

18

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on April 19, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

            */s/ James B. Irwin*
            **James B. Irwin**