UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux, Jr., et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' REQUEST FOR A LIMITING INSTRUCTION OBJECTION REGARDING FDA'S RESPONSE TO JANSSEN'S LABELING SUBMISSION

Plaintiffs have requested a limiting instruction that would erroneously instruct the jury during the course of trial that they are prohibited by law from considering Defendants' Exhibit No. DX5548—which the court has already ruled is admissible—"as proof that FDA either refused to approve, or would not have approved, language for the Xarelto label which the Plaintiffs' claim was needed. . . "  The  exhibit clearly  shows this precise point, that, in pre-approval discussions between FDA and Janssen regarding Xarelto's labeling, FDA struck proposed language that would have advised physicians that, when "considered necessary," Neoplastin PT could be used to "assess[] the pharmacodynamic effect of rivaroxaban."  The Court should deny Plaintiffs' request for the limiting instruction for at least three reasons.

*First*, and most fundamentally, the jury is entitled to give weight to evidence that FDA declined to adopt a proposed label—prior to approval of the AFib indication—that is substantially similar to the label proposed by Plaintiffs here.  As the Supreme Court noted in *Wyeth v. Levine*, 555 U.S. 555, 568 (2009), "[t]he FDA's premarket approval of a new drug application includes the approval of the exact text in the proposed label."  It would be error to instruct the jury to disregard this exhibit as proof of what FDA actually did – decline to adopt the label.

***Second***, Plaintiffs' proposed limiting instruction purports to be based on the Supreme Court's decision in *Wyeth v. Levine*, 555 U.S. 555 (2009). But as Defendants have explained on numerous occasions, the jury is entitled to weigh evidence of the regulatory history of Xarelto and FDA's approval of the medicine as safe and effective as set forth in its initial labeling. This is true even where courts have treated preemption as a question of law, including deciding as a matter of law whether there is "clear evidence" under *Levine* that FDA would have later rejected a different warning, or whether there is "newly acquired information" under FDA's CBE regulations such that Defendants could have unilaterally amended Xarelto's labeling after the fact. *See, e.g.*, Docs. 5109, 5110, 5678, 5689. The Court's rulings denying Defendants' motions for partial summary judgment suggested that preemption involves questions of fact and declined to rule on the issue as a matter of law. *See* Docs. 6196, 6197. Conversely, in the Court's ruling on the motions *in limine*, the Court sustained Plaintiffs' motion *in limine* No. 14 "Regarding Preemption and State Tort Laws" because it sought to prohibit "a question of law that is not appropriate for consideration by the finder of fact." Doc. 6254, at 5. Given these inconsistent rulings, there is uncertainty about the Court's view as to whether facts need to be presented to the jury on preemption. *See See* 4/21/17 Hr'g Tr. 32:21–23 (Mr. Meunier: "The elephant in the room is preemption, and you ruled as a matter of law there is no preemption."). In light of that uncertainty, Plaintiffs cannot now argue that the jury should be shielded from considering the very conduct of FDA that demonstrates that FDA rejected substantially the same label that Plaintiffs claim should have been adopted in this case.

***Third***, the limiting instruction should be rejected because, on Plaintiffs' view, this sort of limiting instruction could apply to much of the evidence in this case, introduced by both sides. Indeed, the first paragraph of Plaintiffs' proposed limiting instruction acknowledges that reality

2

by proposing to tell the jury that it can give Defendants' Exhibit No. DX5548 "whatever weight or significance you believe it deserves, including none, *as is true with all documents admitted into evidence*." No limiting instruction is needed here. As the Court already has ruled in holding that Defendants' Exhibit No. DX5548 is admissible evidence, evidence of FDA's rejection of PT language very similar what Plaintiffs now say that Xarelto's label should have included is relevant to this case—both to the adequacy of Xarelto's label, which Plaintiffs' failure-to-warn claim puts in question, as well as the deference owed by FDA review and approval. That evidence is no different in kind than any other evidence in the case and should be treated as such.

The Court should deny Plaintiffs' request for a limiting instruction.

Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.

By: /s/ *Richard E. Sarver*
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

3

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th of April, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

                                                           */s/  John F. Olinde*