**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**

**MDL No. 2592**
**SECTION L**

**THIS DOCUMENT RELATES TO:**

**JUDGE ELDON E. FALLON**

***Joseph J. Boudreaux, Jr., et al. v. Janssen et al.***
**Case No. 2:14-cv-02720**

**MAGISTRATE NORTH**

**DEFENDANTS' MOTION TO STRIKE THE EXPERT TESTIMONY OF DR. DAVID KESSLER**

Defendants hereby move to strike the conclusory *ipse dixit* opinion of Plaintiffs' expert Dr. David Kessler that it would be "helpful" for the Xarelto label to instruct physicians to monitor blood coagulation levels with a Neoplastin PT test. Dr. Kessler's opinion was not rendered to the degree of medical or scientific probability required by *Daubert* and Louisiana law, and was not based on any medical or scientific evidence that use of a Neoplastin PT test provides the type of reliable and clinically significant information that would enable a physician to make treatment decisions about the risk of bleeding. Dr. Kessler simply assumed – without any explanation or basis – that because certain data from ROCKET AF, gathered using Neoplastin PT, showed a linear correlation between elevated prothrombin time and bleeding risks, Neoplastin PT could be "helpful" to physicians. But the Neoplastin PT test used in ROCKET AF was not for the purpose of making treatment or clinical decisions, and Dr. Kessler provided no opinion to a reasonable degree of certainty, based on science or medicine, that Neoplastin PT could reliably be used for this purpose in patients using Xarelto.

Nor did Dr. Kessler cite any literature or other information that the science supports use of Neoplastin PT to reliably make treatment decisions in this patient population. Dr. Kessler simply opined that:

> A. . . . So you asked me, is – can the information be helpful? Sure. Do a PT and, you know, give docs and patients that information and then they can have a sense of what their bleeding risk is.

4/25/2017 Transcript at 280:22-25. The unexplained premise of Dr. Kessler's opinion – never articulated – assumes that Neoplastin PT is an appropriate test to make treatment decisions. Dr. Kessler provided no testimony to a reasonable degree of certainty that use of Neoplastin PT test is appropriate to make treatment decisions. Experts may not offer speculative opinions or opinions that are not supported by sound science. *Black v. Food Lion, Inc.*, 171 F.3d 308, 314 (5th Cir. 1999) (excluding expert testimony that "was unsupported by a specific methodology that could be relied upon in this case and contradicted by the general level of current medical knowledge."); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 279 (5th Cir. 1998) (excluding "speculative testimony as lacking any scientific validity" where the testimony had "not been tested," "not been subjected to peer review or publication," and "had not been generally accepted in the scientific community.").

Nor can Dr. Kessler avoid providing a reliable medical or scientific basis for his opinion that the test would be "helpful" to physicians. In rendering his opinion, Dr. Kessler relied on 21 C.F.R. § 201.57(c)(6)(iii), which states as follows:

> *Monitoring: Laboratory tests.* This section must identify any laboratory tests helpful in following the patient's response or in identifying possible adverse reactions. If appropriate, information must be provided on such factors as the range of normal and abnormal values expected in the particular situation and the recommended frequency with which tests should be performed before, during, and after therapy.

But whether or not a test is "helpful" and can reasonably be relied on by a physician in making treatment decisions requires underlying science and data to support use of the test in clinical practice for that purpose. Dr. Kessler provided no basis for the clinical use of a Neoplastin PT test for use with Xarelto patients. It is well settled that "[s]cientific testimony is relevant only if the expert's reasoning or methodology can be properly applied to the facts at issue, meaning there is an appropriate fit between the scientific testimony and the specific facts of the case." *Plunkett v. Merck & Co. (In re Vioxx Pods. Liabl. Litig.)*, 401 F. Supp. 565, 587 (E.D. La. 2005) (Fallon, J.) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593 (1993)). "Scientific testimony is irrelevant, however, when there is too great an analytical gap between the data and the opinions proffered." *In re Vioxx Prods. Liab. Litig.*, 401 F. Supp. at 587. The proponent of the expert testimony must demonstrate that the testimony satisfied these requirements, *Moore*, 151 F.3d at 276, and "the court need not take the expert's word for it," *In re Vioxx Prods. Liab. Litig.*, 401 F. Supp. at 587. Accordingly, experts are limited to opinions that are present to a reasonable degree of medical or scientific probability. *Black*, 171 F.3d at 311.

As a result, Dr. Kessler's opinions should be stricken. His conclusory statements – as former Commissioner of FDA – that he thinks it would be "helpful" to instruct physicians were purely based on *ipse dixit* and insufficient to satisfy *Daubert* and the standards for failure to warn under the Louisiana Product Liability Act. *See e.g. Huss v. Gayden*, 579 F.3d 442 (5th Cir. 2009) (finding an experts vague statements that a drug led to cardiovascular complications that were based on anecdotes and not accepted in the scientific community not supported by a reasonable degree of medical certainty); *Savage v. Pilot Travel Centers, LLC*, No. 3:10CV208 TSL-FKB, 2011 WL 2135682, at *3 (S.D. Miss. May 19, 2011), *aff'd sub nom. Savage v. Pilot*

*Travel Centers, L.L.C.*, 464 F. App'x 288 (5th Cir. 2012); *Stewart v. Capital Safety USA*, 2016 U.S. Dist. LEXIS 1110211 (W.D. La. Aug. 19, 2016).

Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.

By: /s/ *Richard E. Sarver*
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 26, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**