UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| | JUDGE: ELDON E. FALLON |
| CAROL PAULEY | MAG. JUDGE MICHAEL NORTH |
| Plaintiff, | Civil Action No: 2:16:cv-08694 |
| v. | |
| JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY, BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, and BAYER AG, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**

**REINSTATEMENT OF CASE**

COMES NOW, Plaintiff, CAROL PAULEY, in the above-referenced civil action, and by and through her counsel of record, hereby files Plaintiff's Motion for Reinstatement of her action.

This is a Xarelto action that was filed in this court on or about May 25. 2016. A Plaintiffs fact sheet was prepared and timely filed on or about July 18, 2016. A notice of deficiency was sent to plaintiffs counsel on September 25, 2016. Counsel immediately began attempting to contact Plaintiff who is single and lives alone. Counsel is now aware that Plaintiff has been transferred to multiple nursing homes while her case has been pending. Plaintiff's counsel has attempted to contact Ms. Pauley on multiple occasions at the nursing home where she resided, and by calling her phone number to obtain information regarding her medical records, the dates of usage of Xarelto, and to obtain her updated declaration.

On or about January 11, 2017, a representative of the Murphy Medical Center Nursing Home advised Plaintiff's counsel that she had been transferred to another facility. During the entire month of January, Plaintiff's counsel was engaged in a federal trial. On March 1, 2017, Plaintiff's counsel requested further time to contact Plaintiff which was granted. On March 22, 2017, Plaintiff's counsel tried to contact Ms. Pauley's phone number; however, it had been disconnected. At this time, an attempt was made to contact Ms. Pauley's son, and a voicemail was left. On March 24, 2017, Plaintiff's counsel tried to contact her next of kin to no avail. A contact was reached; however, he did not know to which nursing home she had been relocated. Further calls were made to the nursing home and thereafter, on March 28, 2017, a representative from the nursing home advised that Ms. Pauley was transferred, but refused to provide any further details.

Convinced that Ms. Pauley could not be reached and thus any deficiencies cured, plaintiff moved to dismiss Ms. Pauley's case on April 20, 2017. Plaintiff counsel was advised by liaison counsel that all dismissals must be made with prejudice. Based on that representation, counsel proceeded with a dismissal with prejudice.

On or about April 22, 2017 or April 23, 2017, Ms. Pauley was finally able to contact Plaintiff's counsel, and left a voicemail.  On April 24, 2017, Plaintiff's counsel immediately called Ms. Pauley.  At this time, Plaintiff's counsel had to explain to her that her case had been dismissed due to deficiencies, and that the defense counsel and the Court would not allow a dismissal of her case without prejudice.  Plaintiff explained that her cell phone had been turned off for at least a month and a half and she was unable to use the nursing home's phone to contact Plaintiff's counsel.  She also stated that her paperwork from Plaintiff's counsel had been removed without her permission. Additionally, Plaintiff advised that she had given specific instructions to the nursing home to provide information to Plaintiff's counsel if she received a phone call.  Plaintiff's counsel contacted the nursing home on at least three occasions after January 11, 2017, and was advised that they had no other information other than she had been transferred to another nursing home.  Plaintiff's counsel now requests that in the interests of justice that her case be reinstated.

The Stipulation for Dismissal of this Case without prejudice was only filed April 20, 2017.[1] Plaintiff's counsel has filed this instant motion immediately and requests that the Court reinstate this case.  Plaintiff's counsel had attempted to file a Stipulation for Dismissal without prejudice; however, on April 16, 2017, defense counsel advised that they would oppose this Stipulation being filed without prejudice.

WHEREFORE, Plaintiff Carol Pauley requests that her claim against Defendants in this action be reinstated in the interest of justice.

---

[1] This Stipulation was filed as Document Number 6280.

Respectfully submitted,

**THE MORRIS LAW FIRM**

By: /s/ James A. Morris
JAMES A. MORRIS, JR.
CA Bar No.: 296852
6310 San Vicente, STE 360
Los Angeles, CA 90048
(323) 302-9488
(323) 931-4990– facsimile
jmorris@jamlawyers.com

ATTORNEYS FOR PLAINTIFF
Dated April 27, 2017

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on April 27, 2017, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Shane E. Greenberg