O – Overruled
S – Sustained

**Torr Designation Exhibits**

| Depo Exhibit No. | Plaintiffs' Exhibit No. | Document Description | Date | Objection | Plaintiff Responses to Objections |
|---|---|---|---|---|---|
| Torr 03 | 307611 | Email Re Xarelto JSC June 26, 2012: final minutes | 8/7/2012 | The document is hearsay; unapproved meeting minutes are not a statement of the company. *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2012*, MDL 2179, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012) (Deepwater Horizon). The document addresses foreign regulatory and labeling and is not relevant for the reasons set forth in Defendants MIL regarding same. (*See* Defendants' MIL [Doc. 5954]). The document addresses market share and is not admissible under the Court's ruling on Defendant's Omnibus MIL No. 1 [Doc. 5955]. The document addresses non-approved indications and is not relevant (COMMANDER, COMPASS, ACS). The document is more prejudicial than probative under Rule 403. | Document is a business record received by the witness in the ordinary course of business. This is the transmittal email for the following exhibit and provides context (date, recipients, etc.) for the jury. 401, 602, 607 |
| Torr 04 | 307612 | Joint Steering Committee Meeting Minutes | 6/26/2012 | The document is hearsay; unapproved meeting minutes are not a statement of the company. *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2012*, MDL 2179, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012) (Deepwater Horizon). The document addresses foreign regulatory and labeling and is not relevant for the reasons set forth in Defendants MIL regarding same. (*See* Defendants' MIL [Doc. 5954]). The document addresses market share and is not admissible under the Court's ruling on Defendant's Omnibus MIL No. 1 [Doc. 5955]. The document addresses non-approved indications and is not relevant. The document is more prejudicial than probative under Rule 403. | Document contains minutes of the Joint Steering Comm. for Xarelto and is a business record received by the witness in the ordinary course of business. Document further contains party admissions. Evidence relates to competitive concerns in SPAF market and the need to avoid inferior label and to address concerns about once a day and bleeding profile. To the extent the document contains unreferenced information pertaining to unapproved indications or foreign regulatory discussions, this information can be easily redacted. |
| Torr 05 | 1482662 | Email Re FW: confidential | 3/1/2012 | The document is hearsay; a request for others to review and provide suggested response related to an email from an outside party that Torr was not initially copied on or sent is not a business record and not a statement of the company. *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2012*, MDL 2179, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012) (Deepwater Horizon). It is also hearsay as not an opposing party statement; Dr. Califf from DCRI is not a party to this litigation. This document is not relevant as it relates to ROCKET 2 for the reasons set forth in Defendants' MIL 24 [Rec. Doc. 5950]; it is not relevant to the extent this email and ROCKET 2 relate to the dose being too high, once a day dosing, or failure to test Xarelto as Plaintiffs have abandoned these claims. (*See* Pls.' Opp to Def's Dosing, Monitoring and Design Preemption MSJ [Rec. Doc. 5652] at 2; Pls.' Opp to Def's LPLA Design Defect MSJ [Rec. Doc. 5606] at 10 n.30). This testimony is not related to the issues Plaintiffs present in this case regarding whether there was a warning with respect to PT testing. The document is more prejudicial than probative under Rule 403; emails relating to ROCKET2 or the need to do this study to go head to head with apixaban are misleading and prejudicial, because they suggest to the jury that ROCKET-AF and defendants' dosing trials were inadequate and need to be supplemented with additional studies on dosing. As plaintiffs have dropped these claims, they should not be permitted to put on this evidence. *United States v. Cook*, 557 F.2d 1149, 1154 (5th Cir. 1977) (citing Fed. R. Evid. 403 advisory committee's notes); *see also* Saacks v. Privilege Underwriters Reciprocal Exch., No. 16-1149, 2017 U.S. Dist. LEXIS 14531, at *15 (E.D. La. Feb. 2, 2017) (Fallon, J.). | Ruling reserved on ROCKET 2 issue. The document is an email discussing need to respond to study proposal by the lead investigator for ROCKET and a paid consultant to Defendants. The evidence is relevant to Plaintiff's failure to warn claim. It establishes that Defendants knew they might not have the safest dose for patients with Afib which made it even more important to instruct physicians about the advisability of measuring and the ability to measure, the anticoagulant effect of Xarelto using Neoplastin PT and or to include in its design of Xarleto an anti-Factor Xa assay and reversal agent. This evidence is also relevant to plaintiffs' claim that competitive interests took precedence over patient safety and defendants were on notice that dose was too high for some patients who were at heightened bleeding risk. Document is a business record received in the ordinary course of business and contains party admissions. |

401, 602(c), 803(6), 801(d)(2)

401, 607, 801(d)(2), knowledge, intent, credibility, motive, plan

| Torr Designation Exhibits | | | | | |
|---|---|---|---|---|---|
| Depo Exhibit No. | Plaintiffs' Exhibit No. | Document Description | Date | Objection | Plaintiff Responses to Objections |
| Torr 06 | 1482663 | Rivaroxaban and Atrial Fibrillation: The Need for ROCKET AF Booster | 2/24/2012 | The document is hearsay; it is a draft document written by Dr. Califf from DCRI who is not a party to this litigation thus it is not a business record nor an admission by a party opponent. This document is not admissible to the extent Torr does not have personal knowledge of Dr. Califf's statements as made in his proposal and to the extent Torr never communicated with Dr. Califf on this issue. (*See* Transcript 71:12-72:13). This document is not relevant as it relates to ROCKET 2 for the reasons set forth in Defendants' MIL 24 [Rec. Doc. 5950]; it is not relevant to the extent this email and ROCKET 2 relate to the dose being too high, once a day dosing, or failure to test Xarelto as Plaintiffs have abandoned these claims. (*See* Pls.' Opp to Def's Dosing, Monitoring and Design Preemption MSJ [Rec. Doc. 5652] at 2; Pls.' Opp to Def's LPLA Design Defect MSJ [Rec. Doc. 5606] at 10 n.30). This testimony is not related to the issues Plaintiffs present in this case regarding whether there was a warning with respect to PT testing. The document is more prejudicial than probative under Rule 403; Califf's comments regarding ROCKET 2 or needing to do this study to go head to head with apixaban is misleading and prejudicial, because it suggests to the jury that ROCKET-AF and defendants' dosing trials were inadequate and need to be supplemented with additional studies on dosing. As plaintiffs have dropped these claims, they should not be permitted to put on this evidence. | Ruling reserved on ROCKET 2 issue. The document is and attachment to the prior email above and a study proposal by the lead investigator for ROCKET and a paid consultant to Defendants. The evidence is relevant to Plaintiff's failure to warn claim. It establishes that Defendants knew they might not have the safest dose for patients with Afib which made it even more important to instruct physicians about the advisability of measuring and the ability to measure, the anticoagulant effect of Xarelto using Neoplastin PT and or to include in its design of Xarleto an anti-Factor Xa assay and reversal agent . This evidence is also relevant to plaintiffs' claim that competitive interests took precedence over patient safety and defendants were on notice that dose was too high for some patients who were at heightened bleeding risk. Document is a business record received in the ordinary course of business and contains party admissions. |
| Torr 07 | 311045 | Email Re RE: LCM - J&J pre-meeting | 1/10/2012 | The document is hearsay; it is not a business record nor an admission by a party opponent as another employee is providing "quickly a few thoughts" on various topics to be discussed in a meeting from "[his] perspective" and not a statement by the company. *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2012*, MDL 2179, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012) (Deepwater Horizon). This document is not admissible to the extent Torr does not have personal knowledge of Dr. Califf's statements as made in his proposal and to the extent Torr never communicated with Dr. Califf on this issue. (*See* Transcript 107:15-19). This document is not relevant as it relates to ROCKET 2 for the reasons set forth in Defendants' MIL 24 [Rec. Doc. 5950]; it is not relevant to the extent this email and ROCKET 2 relate to the dose being too high, once a day dosing, or failure to test Xarelto as Plaintiffs have abandoned these claims. (*See* Pls.' Opp to Def's Dosing, Monitoring and Design Preemption MSJ [Rec. Doc. 5652] at 2; Pls.' Opp to Def's LPLA Design Defect MSJ [Rec. Doc. 5606] at 10 n.30). Further, this testimony is not related to the issues Plaintiffs present in this case regarding whether there was a warning with respect to PT testing. This document is not relevant as it relates to studies regarding ACS or medically ill, indications which are not approved and which were studied in completely different patient populations unrelated to Plaintiffs' AF claims. (*See* Defendants' MIL 5 regarding ACS [Doc 5942]). The document is more prejudicial than probative under Rule 403; emails relating to ROCKET2 are misleading and prejudicial, because they suggest to the jury that ROCKET-AF and defendants' dosing trials were inadequate and need to be supplemented with additional studies on dosing. As plaintiffs have dropped these claims, they should not be permitted to put on this evidence. | Ruling reserved on ROCKET 2 issue. The evidence is an email among Janssen scientists and commercial team regarding a study proposal and is relevant to Plaintiff's failure to warn claim. It establishes that Defendants knew they might not have the safest dose for patients with Afib which made it even more important to instruct physicians about the advisability of measuring and the ability to measure, the anticoagulant effect of Xarelto using Neoplastin PT and or to include in its design of Xarleto an anti-Factor Xa assay and reversal agent . This evidence is also relevant to plaintiffs' claim that competitive interests took precedence over patient safety and defendants were on notice that dose was too high for some patients who were at heightened bleeding risk. Document is a business record received in the ordinary course of business and contains party admissions. |

401 607 602

401 607 602

**Torr Designation Exhibits**

| Depo Exhibit No. | Plaintiffs' Exhibit No. | Document Description | Date | Objection | Plaintiff Responses to Objections |
|---|---|---|---|---|---|
| Torr 08 | 2501312 | Email Re Fw: LCM - J&J pre-meeting | 1/10/2012 | The document is hearsay; it is not a business record nor an admission by a party opponent as Torr is simply stating she wants to get details and discuss t he proposal of Dr. Califf (who is from DCRI and not a party to this litigation) with other employees. *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2012*, MDL 2179, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012) (Deepwater Horizon). This document is not relevant as it relates to ROCKET 2 for the reasons set forth in Defendants' MIL 24 [Rec. Doc. 5950]; it is not relevant to the extent this email and ROCKET 2 relate to the dose being too high, once a day dosing, or failure to test Xarelto as Plaintiffs have abandoned these claims. (*See* Pls.' Opp to Def's Dosing, Monitoring and Design Preemption MSJ [Rec. Doc. 5652] at 2; Pls.' Opp to Def's LPLA Design Defect MSJ [Rec. Doc. 5606] at 10 n.30). Further, this testimony is not related to the issues Plaintiffs present in this case regarding whether there was a warning with respect to PT testing. To the extent this document refers to Dr. Califf's proposal related to ROCKET 2, it should be excluded as Torr did not have personal knowledge of this proposal at the time she wrote this email and Dr. Califf's statements are hearsay. (*See* Transcript 93:12-15). The document is more prejudicial than probative under Rule 403; emails relating to ROCKET2 are misleading and prejudicial, because they suggest to the jury that ROCKET-AF and defendants' dosing trials were inadequate and need to be supplemented with additional studies on dosing. As plaintiffs have dropped these claims, they should not be permitted to put on this evidence. | Ruling reserved on ROCKET 2 issue. The evidence is an email among Janssen scientists and commercial team regarding a study proposal and is relevant to Plaintiff's failure to warn claim. It establishes that Defendants knew they might not have the safest dose for patients with Afib which made it even more important to instruct physicians about the advisability of measuring and the ability to measure, the anticoagulant effect of Xarelto using Neoplastin PT and or to include in its design of Xarleto an anti-Factor Xa assay and reversal agent . This evidence is also relevant to plaintiffs' claim that competitive interests took precedence over patient safety and defendants were on notice that dose was too high for some patients who were at heightened bleeding risk. Document is a business record received in the ordinary course of business and contains party admissions. 401, not 403 / 607 / 801(d)(2) knowledge / intent / motive / plan |
| Torr 09 | 1428185 | Email Re RE: LCM - J&J pre-meeting | 1/10/2012 | The document is hearsay; it is not a business record nor an admission by a party opponent as Moye and Torr are having an informal discussion related to a proposal from Dr. Califf (who is from DCRI and not a party to this litigation). *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2012, MDL 2179, 2012 WL 85447*, at *3 (E.D. La. Jan. 11, 2012) (Deepwater Horizon). This document is not relevant as it relates to ROCKET 2 for the reasons set forth in Defendants' MIL 24 [Rec. Doc. 5950]; it is not relevant to the extent this email and ROCKET 2 relate to the dose being too high, once a day dosing, or failure to test Xarelto as Plaintiffs have abandoned these claims. (*See* Pls.' Opp to Def's Dosing, Monitoring and Design Preemption MSJ [Rec. Doc. 5652] at 2; Pls.' Opp to Def's LPLA Design Defect MSJ [Rec. Doc. 5606] at 10 n.30). Further, this testimony is not related to the issues Plaintiffs present in this case regarding whether there was a warning with respect to PT testing. To the extent this document refers to Moye's statements to Torr, this should be excluded as Torr does not have personal knowledge with respect to what Moye was thinking at the time he made the statements in his email. (*See* Transcript 93:12-15). The document is more prejudicial than probative under Rule 403; emails relating to ROCKET2 are misleading and prejudicial, because they suggest to the jury that ROCKET-AF and defendants' dosing trials were inadequate and need to be supplemented with additional studies on dosing. As plaintiffs have dropped these claims, they should not be permitted to put on this evidence. | Ruling reserved on ROCKET 2 issue. The evidence is an email among Janssen scientists and commercial team regarding a study proposal and is relevant to Plaintiff's failure to warn claim. It establishes that Defendants knew they might not have the safest dose for patients with Afib which made it even more important to instruct physicians about the advisability of measuring and the ability to measure, the anticoagulant effect of Xarelto using Neoplastin PT and or to include in its design of Xarleto an anti-Factor Xa assay and reversal agent . This evidence is also relevant to plaintiffs' claim that competitive interests took precedence over patient safety and defendants were on notice that dose was too high for some patients who were at heightened bleeding risk. Document is a business record received in the ordinary course of business and contains party admissions. 401 / 602 / 801(d)(2) / 607 |

| Torr Designation Exhibits | | | | | |
|---|---|---|---|---|---|
| **Depo Exhibit No.** | **Plaintiffs' Exhibit No.** | **Document Description** | **Date** | **Objection** | **Plaintiff Responses to Objections** |
| Torr 10 | 259501 | Email Re RE: LCM - J&J pre-meeting | 1/10/2012 | The document is hearsay; it is not a business record nor an admission by a party opponent as Torr is simply providing "a few comments . . . to consider" to the group regarding issues managed by a committee that Torr is not a part of; such statements are not the statements of a Company. (*See* Transcript 118:6-11). *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2012*, MDL 2179, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012) (Deepwater Horizon). It should be excluded to extent it refers to a ROCKET 2 proposal that Torr had not yet seen as of the date of her statements in this document of which she had no personal knowledge. (*See* Transcript 110:22-111:7). This document is not relevant as it relates to ROCKET 2 for the reasons set forth in Defendants' MIL 24 [Rec. Doc. 5950]; it is not relevant to the extent it and ROCKET 2 relate to the dose being too high, once a day dosing, or failure to test Xarelto as Plaintiffs have abandoned these claims. (*See* Pls.' Opp to Def's Dosing, Monitoring and Design Preemption MSJ [Rec. Doc. 5652] at 2; Pls.' Opp to Def's LPLA Design Defect MSJ [Rec. Doc. 5606] at 10 n.30). Further, this testimony is not related to the issues Plaintiffs present in this case regarding whether there was a warning with respect to PT testing and should be excluded as Plaintiffs' have dismissed their claims related to design defect. The document is more prejudicial than probative under Rule 403; emails relating to ROCKET2 are misleading and prejudicial, because they suggest to the jury that ROCKET-AF and defendants' dosing trials were inadequate and need to be supplemented with additional studies on dosing. As plaintiffs have dropped these claims, they should not be permitted to put on this evidence. | Ruling reserved on ROCKET 2 issue. The evidence is an email among Janssen scientists and commercial team regarding a study proposal and is relevant to Plaintiff's failure to warn claim. It establishes that Defendants knew they might not have the safest dose for patients with Afib which made it even more important to instruct physicians about the advisability of measuring and the ability to measure, the anticoagulant effect of Xarelto using Neoplastin PT and or to include in its design of Xarleto an anti-Factor Xa assay and reversal agent. This evidence is also relevant to plaintiffs' claim that competitive interests took precedence over patient safety and defendants were on notice that dose was too high for some patients who were at heightened bleeding risk. Document is a business record received in the ordinary course of business and contains party admissions.<br>401, 602, 801(d)(2), 607 |
| Torr 11 | 2579936 | Email Re Re: GDC | 12/12/2013 | This document is hearsay; it is not a business record made in the ordinary course of business nor is it a statement of a party opponent intended to bind the company. (*See* Exhibit Torr 11 "on my way back, quickly typing form I Phone"). *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2012*, MDL 2179, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012) (Deepwater Horizon). This document is not relevant as it relates to ROCKET 2 for the reasons set forth in Defendants' MIL 24 [Rec. Doc. 5950]; it is not relevant to the extent this email and ROCKET 2 relate to the dose being too high, once a day dosing, or failure to test Xarelto as Plaintiffs have abandoned these claims. (See Pls.' Opp to Def's Dosing, Monitoring and Design Preemption MSJ [Rec. Doc. 5652] at 2; Pls.' Opp to Def's LPLA Design Defect MSJ [Rec. Doc. 5606] at 10 n.30). This document is not relevant to the extent it refers to a reversal agent/antidote for Xarelto as Plaintiffs have abandoned this claim. (*See* Defendants MIL No. 6 regarding reversal agents [Doc. 5947]). Similarly, due to the dismissal of Plaintiffs' design defect claim, this testimony is not relevant to Plaintiffs current theory with respect to whether there was a warning regarding PT testing. The document is more prejudicial than probative under Rule 403. | Ruling reserved on ROCKET 2 issue. The evidence is an email among commercial team detailing discussion that occurred at a Global Development Committee meeting, and is relevant to Plaintiff's failure to warn claim. It establishes that Defendants knew they might not have the safest dose for patients with Afib which made it even more important to instruct physicians about the advisability of measuring and the ability to measure, the anticoagulant effect of Xarelto using Neoplastin PT and or to include in its design of Xarleto an anti-Factor Xa assay and reversal agent. This evidence is also relevant to plaintiffs' claim that competitive interests took precedence over patient safety and defendants were on notice that dose was too high for some patients who were at heightened bleeding risk. Document is a business record received in the ordinary course of business and contains party admissions.<br>401, 602, 607 motive/intent/knowledge |

**Torr Designation Exhibits**

| Depo Exhibit No. | Plaintiffs' Exhibit No. | Document Description | Date | Objection | Plaintiff Responses to Objections |
|---|---|---|---|---|---|
| Torr 16 | 2563469 | Email Re RIVAROXABAN: PPT template white | 8/27/2008 | This document is hearsay; it is not a business record made in the ordinary course of business nor is it a statement of a party opponent intended to bind the company, rather it is just an email from Torr attaching a PowerPoint presentation. *In re Oil Spill by the Oil Rig DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2012*, MDL 2179, 2012 WL 85447, at *3 (E.D. La. Jan. 11, 2012) (Deepwater Horizon). This document, and its attachment are not relevant as post-date Plaintiffs' injury. This email is not relevant to the extent its attachment: is not a business record made in the ordinary course of business; is not relevant as it discusses warfarin, which Plaintiff did not take; is not relevant as it refers to ACS and ATLAS, which are non-approved indications studied in different patient populations unrelated to Plaintiffs' AF claims; is not relevant to the extent it relates to ROCKET 2, the dose being too high, once a day dosing, or failure to test Xarelto as Plaintiffs have abandoned these claims, (*see* Pls.' Opp to Def's Dosing, Monitoring and Design Preemption MSJ [Rec. Doc. 5652] at 2; Pls.' Opp to Def's LPLA Design Defect MSJ [Rec. Doc. 5606] at 10 n.30; ); and is not relevant as it discusses Market Share for the reasons set forth in Defendants Omnibus MIL regarding market share, (*see* Defendants MIL 1 [Doc. 5955]) | Document is a business record received by the witness in the ordinary course of business. This is the transmittal email for the following exhibit and provides context (date, recipients, etc.) for the jury.<br>401 |
| Torr 17 | 2564467 | MARS Background | 2/24/2014 | This document is hearsay; it is not a business record made in the ordinary course of business or intended to bind the company. It is not relevant as it is dated February 24, 2014, which is after the time of Plaintiffs' injury. It is not relevant as it discusses warfarin, which Plaintiff was not on. It is not relevant as it refers to ACS and ATLAS, which are non-approved indications studied in different patient populations unrelated to Plaintiffs' AF claims. This document is not to the extent it relates to ROCKET 2, the dose being too high, once a day dosing, or failure to test Xarelto as Plaintiffs have abandoned these claims. (See Pls.' Opp to Def's Dosing, Monitoring and Design Preemption MSJ [Rec. Doc. 5652] at 2; Pls.' Opp to Def's LPLA Design Defect MSJ [Rec. Doc. 5606] at 10 n.30). The document addresses market share and is not admissible under the Court's ruling on Defendant's Omnibus MIL No. 1 [Doc. 5955]. The document is more prejudicial than probative under Rule 403. | Ruling reserved on ROCKET 2 issue. The evidence is a powerpoint given at a life cycle management (LCM) meeting concerning Xarelto. This evidence is also relevant to plaintiffs' claim that competitive interests took precedence over patient safety. Relates to plaintiffs' claim that defendants were on notice that dose was too high for some patients who were at heightened bleeding risk, and yet, elected not to proceed with study that would provide guidance to doctors on dosing adjustments or proper dosing due to competitive interestes. Document is a business record received in the ordinary course of business and contains party admissions. To the extent it contains specific marketing spend/profit figures, it can be easily redacted. |

401, 602, 607, 803(6)