UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| THIS DOCUMENT RELATES TO: | * * | SECTION L |
| *Joseph J. Boudreaux, Jr., et al. v. Janssen et al.* Case No. 2:14-cv-02720 | * * * | JUDGE ELDON E. FALLON MAG. JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE EXPERT TESTIMONY OF DR. DAVID KESSLER

Like a bridge over troubled waters, Defendants' Motion to Strike the Expert Testimony of Dr. David Kessler (Rec. Doc. 6319) should be laid down. For the third time in this case, Defendants request that Dr. Kessler's opinion -- that it would be helpful to physicians that the Xarelto label contain a warning instructing physicians to use a simple test to measure blood coagulation levels with Neoplastin PT – should be stricken pursuant to Fed.R.Evid. 702 and *Daubert*.[1] Twice already the Defendants have raised the exact same issue, and twice already this Court has denied the Defendants' requests to exclude Dr. Kessler's opinions. At some point the Defendants should accept the Court's rulings as the Orders they are, not mere suggestions. Plaintiffs submit that time has already passed.

Strike One. In Paragraph 15 of Dr. Kessler's October 13, 2016 Expert Report,[2] the former FDA Commissioner disclosed that he would opine at trial that "any laboratory test that is helpful in identifying patients at risk for serious adverse events based upon a patient's response to a drug should be disclosed in the Warnings and Precautions section of the drug label." This

---

[1] *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993).
[2] Exhibit A to the Memorandum of Law in Support of Defendants' Motion in Limine to Exclude Certain Opinions of David A. Kessler, MD, Under Federal Rule of Evidence 702 [Rec. Doc. 5111].

1

opinion, among others, was the subject of the Defendants' Motion in Limine to Exclude Certain Opinions of David A. Kessler, MD, Under Federal Rule of Evidence 702 [Rec. Doc. 5111]. Under the rubric of Rule 702 and *Daubert* and its progeny, Defendants sought to preclude Dr. Kessler from testifying to this opinion. On April 13, 2017, this Court issued its Order & Reasons denying Defendants' motion to exclude Dr. Kessler, by holding:

> The Court finds Dr. Kessler is well qualified by virtue of his education and prior positions to render expert opinions. He bases his opinions on medical literature, federal regulations, and his experience. He uses appropriate methodology in forming his opinions. The objections Defendants argue in their motion are better reserved for cross-examination at trial. Accordingly, Defendants' Motion (R. Doc. 5111) is DENIED.

*In re Xarelto Prod. Liab. Litig.*, MDL No. 2592, Order & Reasons at 5 (E.D. La. April 13, 2017) [Rec. Doc. 6198].

Strike Two. The first bellwether trial involving Mr. and Mrs. Boudreaux began on April 24, 2017. On the first day of the trial, Plaintiffs called Dr. Kessler to the stand. Following Plaintiffs qualifying their expert, Defendants waived any challenge to Dr. Kessler's qualifications. *In re Xarelto Prod. Liab. Litig.*, MDL No. 2592, Trial Transcript at 217:1-3 (E.D. La. April 24, 2017) ("THE COURT: All right. Any questions on his qualifications? MR. DUKES: No, Your Honor."). Thereafter, during Plaintiffs' examination of their properly accepted expert on regulatory matters, Defendants renewed their *Daubert* motion for a second time. *Id*. at 233:13-15. Defendants specifically requested that Dr. Kessler's opinion addressing whether an instruction regarding the use of PT Neoplastin would be helpful should be stricken. The trial record states:

> MR. DUKES: With regards to the third opinion, which is, any laboratory test that could be helpful in identifying patients at increased risk of bleeding from Xarelto use should be identified in the warnings and precautions section of the drug label. I have an objection it's a legal opinion, and a 702 objection, it's not

2

>proper expert opinion.
>THE COURT: Okay. The problem is that he's an
>expert. I'll overrule that objection.

*Id.* at 234:21 – 235:2.

Strike Three.  For the third time, the Defendants repeat their twice considered arguments that Dr. Kessler should not be permitted to testify to matters that are clearly within his knowledge, training, and experience, and therefore properly considered within his expertise.[3]  Defendants' tired and hackneyed arguments have not improved with age.  To the contrary, they are confected arguments of lawyers, reflecting not evidence, but the *ipse dixit* of counsel, which are improper in the context of this evidentiary hearing.  *See Torres v. S.G.E. Management*, 838 F.3d 629, 644 (5th Cir. 2016) (en banc) (rejecting "extra-record attorney speculation").

Wherefore, for the reasons set forth above, and in Plaintiffs' Response to Defendants' original *Daubert* motion, which is incorporated herein by reference, the instant motion should be DENIED.

Dated: April 28, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
_____
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113

---

[3] To the extent that Defendants' suggestion that Dr. Kessler's opinion was not rendered to the degree of medical or scientific probability by *Daubert* and Louisiana law, that argument fails.  Dr. Kessler was not rendering any medical causation opinions; he was instead opining on regulatory matters.  Moreover, "magic words" are not required for an expert to opine to a reasonable probability.  *See e.g. Lasha v. Olin Corp.*, 625 So. 2d 1002 (La. 1993); *Estate of Sanders v. United States*, 736 F.3d 430, 437 (5th Cir. 2013); *Nagle v. Gusman,* No. 12-cv-1910, 2016 WL 560688, at *6 (E.D. La. Feb. 12, 2016) (Vance, J.); La. Prac. Civ. Trial § 7:62.

PH: (504) 581-4892
FAX: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
*GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC*
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
PH: (504) 522-2304
FAX: (504) 528-9973
Email:gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## **PLAINTIFFS' STEERING COMMITTEE**

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Russell T. Abney
2100 RiverEdge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Michael Goetz
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: (813) 221-6581
Fax: (813) 222-4737
Email: MGoetz@ForThePeople.com

Neil D. Overholtz
17 E. Main Street , Suite 200
Pensacola, Florida 32501
Phone: (850) 916-7450
Fax: (850) 916-7449
Email: noverholtz@awkolaw.com

Bradley D. Honnold
11150 Overbrook Rd., Ste. 200
Leawood, KS 66211
Phone: (913) 266-2300
Fax: (913) 266-2366
Email: bhonnold@bflawfirm.com

Frederick Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Jeffrey S. Grand
Seeger Weiss
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: jgrand@seegerweiss.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

Dianne M. Nast
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Phone: (215) 923-9300
Email: dnast@nastlaw.com

Ellen Relkin
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 344-5461
Email: Erelkin@weitzlux.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2017 a copy of the above and foregoing Plaintiffs' Response in Opposition to Defendants' Motion to Strike Testimony of Dr. David A. Kessler has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Leonard A. Davis*
**Leonard A. Davis**