UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL 2592 |
| | | SECTION L |
| | | JUDGE ELDON E. FALLON |
| *Joseph J. Boudreaux, Jr., et al. v. Janssen et al.*, Case No. 2:14-cv-02720 | | MAG. JUDGE NORTH |

**DEFENDANTS' SECOND MOTION FOR JUDGMENT AS A MATTER OF LAW
AT THE CLOSE OF PLAINTIFFS' CASE**

As the Court expressly provided on the record at the end of the trial day on Friday, April 28, Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG (collectively, "Defendants"), pursuant to Rule 50(a), hereby move the Court, at the close of Plaintiffs' case-in-chief, for judgment as a matter of law on Plaintiffs' sole remaining cause of action on the following grounds.[1]

1. Plaintiffs have only one remaining cause of action—namely, that Xarelto was unreasonably dangerous because of inadequate warning or instruction, under La. Rev. Stat. Ann. § 2800.57. *See* Stipulation & Order (Doc. 5340); Stipulation & Order (Doc. 6298).

2. There is not a legally sufficient evidentiary basis for a reasonable jury to find that Defendants failed to use reasonable care to provide an adequate warning of a product characteristic that might cause damage, and that characteristic was not otherwise known to Mr. Boudreaux's prescribing physician, Dr. Wong.

---

[1] Defendants have separately moved for judgment as a matter of law on three discrete grounds, which are reiterated in this motion as well. Defendants make this motion at the close of Plaintiffs' case-in-chief without waiver of their right to move for judgment as a matter of law more broadly—including but not limited to the arguments in this motion—at the close of all evidence. *See, e.g.*, *Gonzales v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 750–52 (5th Cir. 1993) (holding that defendant may move for judgment as a matter of law on fewer than all issues at the close of plaintiffs' case, and then move more broadly at the close of all evidence).

3. There is not a legally sufficient evidentiary basis for a reasonable jury to find that Defendants failed to adequately instruct Dr. Wong how to safely use Xarelto.

4. There is not a legally sufficient evidentiary basis for a reasonable jury to find that any alleged failure to adequately warn or instruct Dr. Wong altered Dr. Wong's prescribing decision or otherwise proximately caused Mr. Boudreaux's injuries.

5. Because there is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on any of the grounds asserted in paragraphs 2 through 4, Plaintiffs' failure-to-warn claim fails as a matter of law. *See Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 675 (5th Cir. 1999).

6. The opinion of Plaintiffs' regulatory expert witness, Dr. David Kessler, that a Neoplastin PT test would have been "helpful" for physicians should have been excluded because it was not rendered to the degree of medical and scientific probability as required by *Daubert* and Louisiana law. Accordingly, there is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the issue whether Defendants failed to adequately warn or instruct.[2]

7. The opinions of Plaintiffs' expert witnesses, Dr. Kessler and Dr. Cindy Leissinger, (a) that Xarelto patients should be switched to unapproved new doses based on PT or other monitoring results, (b) that Xarelto would be safer if dosed twice daily rather than the FDA-approved once-daily dose, and (c) that the FDA-approved total daily dose of Xarelto is too high should have been excluded for the reasons previously identified by Defendants—including that those theories fail under *Daubert*, that Plaintiffs have abandoned those theories, and that Plaintiffs have waived their opposition to Defendants' *Daubert* motion to exclude those theories.

---

[2] Defendants incorporate by reference their arguments in support of their Motion to Strike the Expert Testimony of Dr. David Kessler (Doc. 6319), and all other arguments to exclude all or any part of Dr. Kessler's testimony that Defendants have made in these proceedings—whether orally (as reflected in the transcript) or in writing.

Accordingly, there is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the issue whether Defendants failed to adequately warn or instruct.[3]

8. Defendants are entitled to judgment as a matter of law because Plaintiffs have not submitted any admissible expert testimony in support of their failure-to-warn claim. *See, e.g.*, *Zachary v. Dow Corning Corp.*, 884 F. Supp. 1061 (M.D. La. 1995).[4]

9. Defendants are entitled to judgment as a matter of law because federal law preempts Plaintiffs' failure-to-warn claim. *See, e.g.*, *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013); *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011); *Wyeth v. Levine*, 555 U.S. 555 (2009); 21 C.F.R. § 201.57(a); 21 C.F.R. § 314.70; 21 C.F.R. § 807.81; 21 C.F.R. § 814.39; 21 C.F.R. § 864.7750(a); *see also, e.g.*, Guidance for Industry and Food and Drug Administration Staff: In Vitro Companion Diagnostic Devices (Aug. 6, 2014).[5]

10. Defendants are entitled to judgment as a matter of law as to the following theories of liability that Plaintiffs previously asserted but have since abandoned.[6]

---

[3] Defendants incorporate by reference their arguments in support of their *Daubert* Motion to Exclude Expert Opinions and Testimony Regarding Unapproved Dosing and Monitoring Regimens (Docs. 5113, 5114, 5688), their Motion For An Order (1) Dismissing With Prejudice Claims Based on Allegations that Plaintiffs Have Abandoned and (2) Barring Scientific Evidence Based on Waiver of *Daubert* Arguments (Docs. 5957, 6227), and all other arguments to exclude those opinions or related testimony that Defendants have made in these proceedings—whether orally (as reflected in the transcript) or in writing.

[4] Defendants incorporate by reference their arguments in support of their *Daubert* Motion to Exclude Expert Opinions and Testimony Regarding Unapproved Dosing and Monitoring Regimens (Docs. 5113, 5114, 5688), their Motion For An Order (1) Dismissing With Prejudice Claims Based on Allegations that Plaintiffs Have Abandoned and (2) Barring Scientific Evidence Based on Waiver of *Daubert* Arguments (Docs. 5957, 6227), and all other arguments to exclude those opinions or related testimony that Defendants have made in these proceedings—whether orally (as reflected in the transcript) or in writing.

[5] Defendants incorporate by reference their arguments in support of their Motion for Partial Summary Judgment on the Ground that Federal Law Preempts Plaintiffs' Dosing, Monitoring, and Other Design-Related Claims (Docs. 5109, 5678, 5904, 5988), their Motion for Partial Summary Judgment ono the Ground that Federal Law Preempts Plaintiffs' Failure-To-Warn Claims (Docs. 5110, 5689), and all other related arguments that Defendants have made in these proceedings—whether orally (as reflected in the transcript) or in writing.

[6] Defendants incorporate by reference their arguments in support of their Motion For An Order (1) Dismissing With Prejudice Claims Based on Allegations that Plaintiffs Have Abandoned and (2) Barring Scientific Evidence Based on Waiver of *Daubert* Arguments (Docs. 5957, 6227), and all other related arguments that Defendants have made in these proceedings—whether orally (as reflected in the transcript) or in writing.

a. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's label should have included a "black-box warning" regarding bleeding risk because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it.

b. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Defendants failed to properly "test" Xarelto before bringing it to market because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it.

c. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's label should have instructed physicians to perform routine monitoring of patients' PT because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it.

d. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's label did not adequately warn of the risk of bleeding because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it.

e. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's label should have included before September 2015 a chart quantifying bleeding rates specifically among U.S. participants in the 14,000-patient ROCKET AF clinical trial, the clinical trial that supported FDA's approval of Xarelto's atrial-fibrillation indication,

because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it.

  f. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's label should have included language advising of alleged problems with the INRatio device used to measure warfarin patients' coagulation parameters in ROCKET AF because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it.

  g. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's label failed to adequately warn about Xarelto's lack of a reversal agent because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it.

  h. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's once-daily-dosing regimen is unreasonably dangerous because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it. Indeed, Plaintiffs' allegations regarding Xarelto's dosing regimen sound in design, and Plaintiffs have dismissed with prejudice any design-defect claim in this case. *See* Stipulation & Order (Doc. 6298).

  i. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's 15 or 20 mg cumulative dose is too high because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it. Indeed, Plaintiffs' allegations regarding

Xarelto's cumulative dose sound in design, and Plaintiffs have dismissed with prejudice any design-defect claim in this case. *See* Stipulation & Order (Doc. 6298).

j.  There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's label should have included instructions to physicians to monitor patients' PT for the purpose of adjusting doses because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it. Indeed, Plaintiffs' allegations regarding the use of PT for the purpose of adjusting doses sound in design, and Plaintiffs have dismissed with prejudice any design-defect claim in this case. *See* Stipulation & Order (Doc. 6298).

WHEREFORE, for the reasons stated above, Defendants ask this Court to grant its Motion For Judgement As A Matter Of Law, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.<br><br>By: /s/ *Richard E. Sarver*<br>Richard E. Sarver<br>Celeste R. Coco-Ewing<br>BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.<br>909 Poydras Street, 24th Floor<br>New Orleans, Louisiana 70112<br>Telephone: (504) 589-9700<br>rsarver@barrassousdin.com<br>ccoco-ewing@barrassousdin.com | WILKINSON WALSH + ESKOVITZ LLP<br><br>By: /s/ *Beth A. Wilkinson*<br>Beth A. Wilkinson<br>Jennifer L. Saulino<br>Jeremy Barber<br>WILKINSON WALSH + ESKOVITZ LLP<br>1900 M. Street NW, Suite 800<br>Washington, DC 20036<br>Telephone: (202) 847-4000<br>bwilkinson@wilkinsonwalsh.com<br>jsaulino@wilkinsonwalsh.com<br>jbarber@wilkinsonwalsh.com |
| DRINKER BIDDLE & REATH LLP<br><br>By: /s/ *Susan M. Sharko* | NELSON MULLINS RILEY & SCARBOROUGH LLP<br><br>By: /s/ *David E. Dukes*<br>David E. Dukes<br>J. Mark Jones |

Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com


ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com


CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241

7

olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 29th of April, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

                                      */s/     John F. Olinde*