UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Boudreaux v. Bayer Corp., et al.* | * | JUDGE ELDON E. FALLON |
| **Case No. 2:14-cv-02720** | * | |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Dated:  April 30, 2017

Respectfully submitted,
*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
*HERMAN, HERMAN & KATZ, LLC*
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
Email:  ldavis@hhklawfirm.com


*/s/ Gerald E. Meunier*
Gerald E. Meunier (Bar No. 9471)
*GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC*
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## PLAINTIFFS' PROPOSED (INTRODUCTORY) INSTRUCTION NO. 1

Members of the Jury:

You have now heard all the evidence in this case as well as the final argument. Therefore, it has now become my duty to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial, there are, in effect, two judges. I am one of the judges; the other is you, the jury. It is my duty to preside over the trial and determine what testimony and other evidence is admissible under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

It is your duty to follow the law as I give it to you. It is your sworn duty to follow the law I am now in the process of defining for you, and you must follow my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

On the other hand, you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of the trial or make in these instructions as an indication that I have any opinion about the facts in this case. It is also your duty to base your verdict solely on the testimony and other evidence in the case, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. They are intended only to assist the jury in understanding the evidence and

2

the parties' contentions.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and, in so doing, to call your attention to certain facts or inferences that they want you to recall.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case.  What the lawyers say is not binding on you.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Let your answers to each question determine this. Your answer and your verdict must be unanimous.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons and corporations or public entities stand equal before the law and are to be dealt with as equals in the court of justice.

During the course of trial, you heard objections to evidence.  Sometimes these objections were argued out of the hearing of the jury.  It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not draw any inference against or show any prejudice against a lawyer or his client because of the making of an objection.

Upon allowing testimony or other evidence to be introduced over the objections of an attorney, this Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.  As stated before, you, the jury, are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When I have sustained an objection to a question addressed to a witness, you must disregard the question entirely, and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer the question.

Certain testimony has been presented to you through video depositions. A deposition is comprised of the sworn, recorded answers to questions asked to a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, the witness's testimony may be presented, under oath, in the form of a deposition.  At some point before the trial, attorneys representing the parties in this case questioned the witness under oath. A court reporter was present and recorded the testimony.  This deposition testimony is to be judged by you as to credibility, and weighed and otherwise considered by you, in the same way as if the witness had been present and had testified from the witness stand in court.

In weighing the testimony and in determining the credibility of any witness, you may consider the conduct of the witness, his or her bearing and appearance, his or her personal feelings as demonstrated by his or her testimony and actions, any interest he or she may have in the outcome of the case, any prejudice or bias he or she may have shown, and any partiality he or she may have demonstrated.

In determining the weight to give the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may

4

forget some things or remember other things inaccurately.   So, if a witness has made a misstatement, you need to consider whether the misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence, you believe that single witness.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.   In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.   In deciding this case, you are expected to use your good sense.   Give the evidence and the testimony of witnesses a reasonable and fair interpretation in the light of your knowledge of the natural tendencies of human beings.

While knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – called an expert witness – is permitted to state his or her opinion of those technical matters.   Such witnesses have testified in this case. However, you are not required to accept their opinions simply because they testified as expert witnesses.   As with any other witnesses, it is up to you to decide whether or not, or how much, to rely upon them.   If you should decide that the opinion of an expert witness is not based on sufficient education or experience, or that the facts the expert relied on are incorrect, or that the reasons given in support of his or her opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.   In deciding whether to accept or rely upon the

testimony of any expert witness, you also may consider his or her bias, including any bias you may infer from evidence that the expert witness has economic, philosophical or any other interest in the outcome of the case.

Any notes that you have taken during the trial are only aides in memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollections of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Do not assume from anything I may have said during trial that I have any opinions concerning any of the facts in this case.  In arriving at your own findings as to the facts, you should disregard anything I may have said during the trial, except for my instructions to you on the law.

The law of the United States permits the judge to comment on evidence presented during a case. If you could possibly construe any remarks which I have made during the course of this trial, however, as a comment on the evidence, then I instruct you that any such comment on my part is only an expression of my opinion as to the facts, and you, the jury, may disregard such comment or comments entirely since you, as jurors, are the sole judges of the facts of this case.

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 2

This is not a criminal case, in which there must be proof of guilt beyond a reasonable doubt.  This is a civil case, with a lesser burden of proof.  The burden of proof on a plaintiff in a civil action such as this one, is to prove his claims by a "preponderance of the evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim by a preponderance of the evidence means to prove that the claim is more likely so than not so.

In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

18 La. Civ. L. Treatise, Civil Jury Instructions 11:3 (3d ed.) (burden of proof is a preponderance of the evidence); *Dedrick v. Merck & Co., Inc. (In re: Vioxx),* Nos. 2:05-cv-2524, 2:05-md-1657, Jury Charge at 8 (E.D. La. Dec. 13, 2006) (as modified) (defining preponderance of the evidence); *Mason v. Merck & Co., Inc. (In re: Vioxx),* Nos. 2:05-cv-810, 2:05-md-1657, Jury Charge at 7-8 (E.D. La. Nov. 15, 2006) (as modified) (same); *Smith v. Merck & Co., Inc. (In re: Vioxx),* Nos. 2:05-cv-05-4379, 2:05-md-1657, Jury Charge at 7-8 (E.D. La. Sept. 26, 2006) (as modified) (same); *Barnett v. Merck & Co., Inc. (In re: Vioxx),* Nos. 06-cv-485, 2:05-1657, Jury Charge at 8 (E.D. La. Aug. 16, 2016) (as modified) (same).


GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 3

The law allows two types of evidence: direct and circumstantial.  Both are to be considered by you in determining whether the Plaintiffs have met their burden of proof.

Direct evidence is testimony by a witness as to what he or she saw or heard, or physical evidence of the fact itself. Circumstantial evidence is the proof of circumstances which indicate the existence of certain other facts.  For example, if the weather in a certain area was rainy at a time close to an accident, you might conclude from this circumstance that rain made the road surface wet at the time of the accident.

The law treats both direct and circumstantial evidence as permissible; and, again, proof by either direct or circumstantial evidence, or a combination of both, may constitute a preponderance of the evidence when the evidence is taken as a whole.


GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 4**

The law does not require that only certain phrases or words are appropriate for a medical or scientific opinion to be expressed.  Hence, there is no legal requirement that a medical or scientific expert express an opinion to a degree of medical or scientific "certainty."  Since any fact which an expert opinion seeks to establish must be shown to exist by a preponderance of the evidence, it is sufficient that the medical or scientific expert opinion be based on a reasonable "probability."

*Lasha v. Olin Corp.*, 625 So. 2d 1002 (La. 1993); *Estate of Sanders v. United States*, 736 F.3d 430, 437 (5th Cir. 2013); *Nagle v. Gusman,* No. 12-cv-1910, 2016 WL 560688, at *6 (E.D. La. Feb. 12, 2016) (Vance, J.); La. Prac. Civ. Trial § 7:62.

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 5

This is a Products Liability action brought under a law known as the Louisiana Products Liability Act or "LPLA."  The LPLA provides that the manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders it unreasonably dangerous.  The Plaintiffs in this case must show that (1) their damages were proximately caused by a failure to instruct about a characteristic of the product that renders it unreasonably dangerous, and that (2) these damages arose from a reasonably anticipated use of the product.[1]

It has been stipulated and agreed upon in this case, and therefore you may consider it to be established, that both the Janssen and Bayer defendants in this case are all manufacturers of Xarelto within the meaning of the LPLA.  Where there is a relationship between manufacturers, and a plaintiff is injured by a product that may be deemed "manufactured" by more than one manufacturer, these manufacturers are collectively responsible to the plaintiff.[2]

A "reasonably anticipated use" of a product means a use or handling of a product that the manufacturer should reasonably expect, in this case by a prescribing physician.[3]


GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

---

[1] LSA-R.S. §9:2800.54; *Kampen v. American Isuzu Motors*, 157 F.3d 306, (5th Cir. 1998); *State Farm Mut. Uto. Ins. Co. v. Wrap-On Co., Inc.,* 626 So.2d 874, 876 (La. Ct. App. 1993).
[2] 18 Civ. L. Treatise, Civil Jury Instructions §§11:8, 11:9 (3d ed.) (as modified); LSA-R.S. §9:2800.57(A); LSA-R.S. §9:2800.53(1)(a-c); *Martin v. David*, 685 So.2d 158, (La. Ct. App. 1996).
[3] LSA-R.S. §9:2800.53(7); *Dunn v. Wal-Mart Stores, Inc.,* 679 So.2d 1034 (La. App. 1 Cir. 1966).

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 6

In order for Plaintiffs to prevail, they must establish that the lack of adequate instructions in the Xarelto label was a "proximate cause" of Joseph Boudreaux's injuries.  The "proximate cause" of the Plaintiffs' injuries is that which is shown to be either a cause or a substantial contributing factor in leading to those injuries.

This means that Plaintiffs must show by a preponderance of the evidence that (1) but for the Defendants' failure to provide adequate instructions to Dr. Wong in the Xarelto label the injuries to Mr. Boudreaux likely would not have occurred and (2) this failure to provide adequate instructions was the most probable cause of, or a substantial contributing factor in causing, Mr. Boudreax's injuries.  The Defendants' failure to provide adequate instructions in the Xarelto label need not be the sole cause of these injuries, but must be a substantial factor in contributing to the injuries. In other words, it is not necessary for the Plaintiffs to negate all other contributing factors or causes of his injuries, provided he shows that the Defendants' failure to provide adequate instructions in the Xarelto label substantially contributed to his injuries.

This proof of causation may be shown not only by direct but also by circumstantial evidence.

*Brown v. Parker-Hannifin Corp.*, 919 F. 2d 308 (5th Cir. 1990); *Mazant v. Visioneering Inc.*, 250 F. App'x 60, 63 (5th Cir. 2007); *In re Manguno*, 961 F.2d 533 (5th Cir. 1992); *Weber v. Fidelity & Casualty Ins. Co.*, 250 So.2d 754 (La. 1971); *Naquin v. Marquette Cas. Co.*, 153 So.2d 395 (La. 1963); LSA-R.S.9:2800.57 (A).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

11

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 7**

An "adequate warning" under the LPLA is defined as a "warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made."

The lack of adequate instructions for the safe use of the product, may include inadequacies in recommended assessment, testing, or screening techniques.  Here, Plaintiffs contend that the Xarelto label should have included instructions for the use of a Neoplastin PT test to assess Mr. Boudreaux's risk of bleeding on Xarelto.

LSA-R.S. §9:2800.53(9); *Stahl v. Novartis Phar. Corp.,* 283 F.3d 254 (5th Cir. 2002).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 8**

A mere reference to an adverse effect of a drug is not necessarily an adequate warning or instruction under the LPLA.  The label must contain language that is adequate to reasonably inform the prescribing physician about how "to use…the product in such a manner as to avoid the damage for which the claim is made."

LSA-R.S. §9:2800.53(a); *Stahl v. Novartis Pharm. Corp*., 283 F.3d 254, 259 (5th Cir. 2002).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 9**

The Plaintiffs claim that Mr. Boudreaux's prescribing physician, Dr. Kenneth Wong, was not provided with adequate instructions in the Xarelto label, because the label failed to advise Dr. Wong that a laboratory test was available to identify possible adverse events which might occur if a patient such as Mr. Boudreaux was given Xarelto.

Under Louisiana law, Plaintiffs must prove by a preponderance of the evidence that 1) at the time the product was produced, Xarelto possessed one or more characteristics that might cause harm to patients, and (2) the Defendants failed to use reasonable care to provide adequate instructions in the label to address such characteristics and the associated dangers to certain patients.

LSA-R.S. §9:2800.57(A).


GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 10

An inadequate instruction claim under the LPLA can appropriately be based on inadequate information as to recommended testing.  Here, the Plaintiffs must demonstrate that Xarelto's label did not instruct Dr. Wong to enable him to use needed testing information in a way that would have avoided harm to Mr. Boudreaux.

*Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 259 (5th Cir. 2002).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

15

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 11**

A manufacturer has a duty to warn or instruct not only about what it actually knew concerning the risks of its product, but also what it reasonably should have known in light of the available scientific and technical knowledge existing at the time the product was produced.

LSA-R.S. §9:2800.57; *Bunge Corp. v. GATX Corp.,* 557 So.2d 1376, 1384 (La. 1990).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

16

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 12**

Under the law, a manufacturer of a product has a continuing duty to provide adequate instructions for the safe use of the product.  If, after the product has been produced, the manufacturer acquires knowledge of a means to make the product safer to use, or if the manufacturer would have acquired such knowledge had it acted as a reasonably prudent manufacturer, it may be liable for damage caused by its subsequent failure to provide adequate instructions to anticipated users of the product.

LSA-R.S. §9:2800.57(c); 21 CFR §314.70(c)(6)(iii).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

—

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 13**

Under the federal regulations applicable in this case, the manufacturer of a drug which has been approved by the FDA is allowed and authorized without further FDA approval to "add or strengthen…warning, precaution, or adverse reaction" information about the drug in the drug's label.

21 CFR §314.70(c)(6)(iii).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 14

A manufacturer's duty to provide instructions for the safe use of its product, is based on the manufacturer's knowledge of its own product; and the law holds a manufacturer to the knowledge and skill of an expert about its own products.

Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §4:2.

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 15**

The absence of appropriate instructions regarding the safe use of a drug product may render it unreasonably dangerous in normal use, because the manufacturer has a duty to provide instructions which, if followed, would make the drug product reasonably safe for users. To comply with this duty, the manufacturer must give due consideration to the likelihood of harm in the use of the drug product, and the seriousness of consequences from the failure to give clear instructions.

*Weber v. Fidelity and Casualty Co. of New York*, 250 So.2d 754 (La. 1971); Louisiana Jury Instruction, Civil, p. 199; *Chappins v. Sears*, 358 So.2d 296 (La 1978).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

20

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 16

Under the law, a prescription drug manufacturer has a duty to warn and instruct not the patient directly but rather the prescribing physician, about the potential risks or dangers associated with the use of the drug.  This is called the "learned intermediary" rule or doctrine.

To successfully maintain a claim for failure to provide instructions under the Louisiana Products Liability Act, therefore, a plaintiff must show that the manufacturer failed to use reasonable care to provide to the prescribing physician, adequate instructions about the safe use of a drug being prescribed.

Plaintiffs must prove by a preponderance of the evidence that the Defendants' Xarelto label failed to provide  to Dr. Wong information not otherwise known to him, namely, instructions about the use of a Neoplastin PT test to assess Mr. Boudreaux's risk of bleeding on Xarelto, and that, had Dr. Wong been given these instructions about the use of Xarelto, the course of treatment for Mr. Boudreaux would have changed and Mr. Boudreaux's gastrointestinal bleed of February 3, 2014 more likely than not would have been avoided.

In considering the "learned intermediary" rule in this case, you are instructed that the law also imposes a "heeding presumption" in the case of prescribing doctors.  This means that the law assumes that an adequate warning or instruction provided to a prescribing doctor would have been considered and followed by the doctor if it had been provided.  This is a presumption which can be rebutted by Defendants with evidence to the contrary.

.

*Kampmann v. Mason*, 921 So. 2d 1093, 1094 (La. App. 5th Cir. 2006); *Kampmann v. Mason*, 921 So. 2d 1093, 1094 (La. App. 5th Cir. 2006).  *Guidry v. Aventis Pharm., Inc.*, 418 F. Supp. 2d 835, 840-41 (M.D. La. 2006); *Ferguson v. Proctor & Gamble Pharm., Inc.*, 353 F. Supp. 2d 674, 679 (E.D. La. 2004); *Gross v. Gynecare*, 2016 WL 1192556, at *16 (N.J. Super. Ct. App. Div. Mar. 29, 2016), *citing Perez v. Wyeth Labs. Inc.,* 734 A.2d 1245 (N.J. 1999).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 17

Louisiana recognizes the "learned intermediary" doctrine, a defense which allows a drug manufacturer to fulfill its duty to warn and instruct by informing the prescribing professional of the potential risks from the drug's reasonably anticipated use in accurate, clear, and unambiguous language so the physician may intelligently decide on its use with a particular patient.  However, where the Defendants are shown to have failed to adequately warn or instruct a prescribing doctor about a drug, the learned intermediary doctrine does not relieve the manufacturer of legal responsibility.  In other words, in that circumstance the prescribing doctor cannot be said to be a "learned" intermediary because he was not adequately informed by the manufacturer.

*Guidry v. Aventis Pharm., Inc.*, 418 F. Supp. 2d 835, 840-41 (M.D. La. 2006); *Ferguson v. Proctor & Gamble Pharm., Inc.*, 353 F. Supp. 2d 674, 679 (E.D. La. 2004); *Gross v. Gynecare*, 2016 WL 1192556, at *16 (N.J. Super. Ct. App. Div. Mar. 29, 2016), *citing Perez v. Wyeth Labs. Inc.,* 734 A.2d 1245 (N.J. 1999).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 18**

Under the law (including federal regulations) applicable to this case, drug manufacturers have the responsibility for drafting the initial labeling for their product, and for assuring that the labeling continues to reflect the current knowledge concerning the risks posed by the drug.

*See Wyeth v. Levine,* 555 U.S. 555 (2009); 21 CFR §314.80.


GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 19**

You are instructed that certain federal regulations applicable to this case provide that the

warnings section of a prescription drug label:

> "…must identify any laboratory tests helpful in following the patient's response or in
> identifying possible adverse reactions. If appropriate, information must be provided on
> such factors as the range of normal and abnormal values expected in the particular
> situation and the recommended frequency with which tests should be performed before,
> during, and after therapy."

21 CFR §201.57(c)(6)(iii).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

25

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 20**

While a manufacturer's violation of one or more FDA regulations designed to protect consumers is not conclusive evidence that a product is unreasonably dangerous, violation of such standards may be considered as evidence of the appropriate standard when determining whether the instructions provided to the treating physician were inadequate.

*Coates v. AC and S, Inc*., 844 F. Supp. 1126 (E.D. La. 1994); *Manchack v. Willamette Industries, Inc.*, 621 So. 2d 649 (La. App. 2 Cir. 1993); *Melerine v. Avondale Shipyards, Inc.*, 659 F. 2d 706, 709 (5th Cir. 1981), *citing Marshall v. Isthmian Lines, Inc.*, 334 F. 2d 131, 134 (5th Cir. 1964).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 21

The FDA approval of a prescription drug establishes that the manufacturer has met the appropriate minimum standards for a drug to be found safe and effective enough to be made available to prescribers.   However, FDA approval does not in and of itself absolve the manufacturer of liability under the law, nor does it establish in this case that the warnings or instructions provided with Xarelto were adequate under the LPLA.   Therefore, even if the Defendants have met all governmental regulations and requirements to obtain FDA approval of Xarelto, this compliance and approval are relevant, but are not sufficient to establish that the Defendants have taken the steps necessary under the law of Louisiana which applies in this case.

In addition, if you find that the Defendants failed to inform treating physicians of risks concerning Xarelto which became known or should have become known after the FDA approved Xarelto's label, then FDA approval of the drug is not a defense in this case.

*Mason v. Merck & Co., Inc. (In re: Vioxx),* Nos. 2:05-cv-810, 2:05-md-1657, Jury Charge at 14-15 (E.D. La. Nov. 15, 2006) (as modified); *Smith v. Merck & Co., Inc. (In re: Vioxx),* Nos. 2:05-cv-05-4379, 2:05-md-1657, Jury Charge at 13-14 (E.D. La. Sept. 26, 2006) (as modified).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 22

You have heard testimony and a document is in evidence concerning certain language proposed by the Defendants which was not included in the Xarelto label approved by the FDA. You may give this evidence and this document whatever weight or significance you believe is deserved, including none at all, as is true with all other testimony or documents in evidence in this case.  I further instruct you, however, that you are not to consider this testimony or this document as proof that the FDA either refused to approve, or would not have approved, language for the Xarelto label which the Plaintiffs claim was needed to properly instruct Mr. Boudreaux's prescribing doctor about the dangers or safe use of Xarelto.

*Wyeth v. Levine,* 555 U.S. 555 (2009); Standard Jury Instructions on Weighing of Evidence.

[Note: This proposed jury instruction is based upon Plaintiffs' Proffer No. 1, submitted during trial as a proposed limiting instruction to the jury].

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 23**

**[ONLY IF THE DEFENSE OF FEDERAL PREEMPTION WILL
BE CONSIDERED BY THE JURY]**

In order to show that the FDA prevented them from including in the Xarelto label certain instructions which the Plaintiffs claim should have been included under the LPLA, the Defendants were required to present "clear evidence" that the FDA would not have approved the label instructions which the Plaintiffs claim were necessary and appropriate in this case.

This "clear evidence" burden of proof is greater than the "preponderance of the evidence" burden of proof.  To establish that the FDA would not have included or approved language in the Xarelto label which Plaintiffs contend was needed, the Defendants must show that it was not only probable, but "highly probable" and "reasonably certain" that the FDA would not have done so.

U.S.C.A. Const. Art. 6, cl. 2.; *Maryland v. Louisiana,* 451 U.S. 725, 746 (1981); *Altria Group v. Good,* 555 U.S. 70 (2008); *Wyeth v. Levine,* 555 U.S. 555 (2009); *IN re Fosamax (Alemdronate Sodium) Prod. Liab. Litig.,* 852 F.3d 268 (3rd Cir. 2017).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

29

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 24

If the Plaintiffs have proven their claim against the Defendants by a preponderance of the evidence, you must determine the damages to which Plaintiffs are entitled.

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the Plaintiffs should, or should not, recover in this case. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that Plaintiffs are entitled to recover damages from the Defendants.

If you find that the Defendants are liable to Plaintiffs, then you must determine dollar amounts that are fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole -- that is, to compensate Plaintiffs for what they have suffered.

If you decide to award compensatory damages, you should be guided by common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of all their damages with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Some of these damages, that is, medical expenses, maybe calculated precisely.  However, the other damages claimed by Plaintiffs in this case refer to intangible things about which no evidence of precise value is required.  In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate Plaintiffs for their injuries. There is

no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award that you make must be fair in light of the evidence.

Suggestions as to the amount of damages that should be awarded are mere arguments of counsel.  You may consider them and use them only as guidance to whatever extent they may aid you in arriving at a reasonable and just award in view of the evidence.  But you are in no way bound by, nor should you use, any rigid mathematical formula.  The determination of damages is solely your function, and it must be based on competent evidence.

Fifth Circuit Pattern Jury Instructions (Civil Cases) (2014) §§ 4.8, 15.1, 15.2, 15.3 (as modified); La. Rev. Stat. § 9:2800.53(5).

GRANTED_____        DENIED_____        MODIFIED_____

WITHDRAWN_____        DEFENDANT OBJ_____

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 25**

You should consider the following elements of damages for the Plaintiff Joseph Boudreaux, to the extent you find that they have been established by a preponderance of the evidence:

        (1)     Mr. Boudreaux's physical pain and suffering;

        (3)     his mental anguish and emotional distress; and

        (4)     his past medical expenses related to his injuries.

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

32

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 26**

In considering compensation for the Plaintiff Joseph Boudreaux's injuries, the fact that a person's reaction to a harmful event was more severe than that of other, healthier people, does not lessen the responsibility of a Defendant which has caused or contributed to the harmful event, and neither does it lessen the legal duty of Defendants, if at fault, to compensate the injured person.

This is because, under our laws, the Defendant takes the victim as it finds him. The age and pre-existing health of a plaintiff prior to his injury should not discount the amount of the compensation he receives for an injury.  Therefore, if Mr. Boudreaux had a preexisting health condition which made him more susceptible to his injuries, this does not disqualify Mr. or Mrs. Boudreaux from being compensated in full for the damages they suffered. The Defendants are responsible for all natural consequences of Mr. Boudreaux's injuries, provided you conclude by a preponderance of the evidence that they resulted from the lack of adequate instructions for the safe use of Xarelto, as he alleges.

*Wheat v. Pfizer, Inc.*, 31 F.3d 340, 342 (5th Cir. 1994); *Cage v. Caruso*, 611 So. 2d 704, 708 (La. Ct. App. 1992); *Daigle v. Coastal Marine, Inc.,* 500 So. 2d 823, 827 (La. Ct. App. 1986); *Davis v. Allstate Ins. Co.*, 476 So. 2d 1111, 1117 (La. Ct. App. 1985); *Sepulvado v. Willis-Knighton Med. Ctr., Inc.,* 459 So. 2d 152, 157 (La. Ct. App. 1984); *Berthelot v. Lines,* 459 So. 2d 1384, 1388 (La. Ct. App. 1984); *Perniciaro v. Brinch,* 384 So. 2d 392, 393 (La. 1980).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

33

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 27**

If you find that the Plaintiff Joseph Boudreaux is entitled to recover for his injuries, then you also may consider whether the Plaintiff Loretta Boudreaux should be compensated for damages as a result of her husband's injuries.  In this regard, the law allows you to compensate Mrs. Boudreaux for two elements of harm:

First, Mrs. Boudreaux may recover for what the law calls her "bystander" injury or damages.  This refers to her mental anguish or emotional distress suffered as a result of her husband's injuries.  To recover such damages, it must be shown by a preponderance of the evidence that Mrs. Boudreaux witnessed the injuries suffered by her husband, or was present soon thereafter. It also must be shown by a preponderance of the evidence that Mrs. Boudreaux suffered mental anguish or emotional distress that was at the time severe, debilitating and foreseeable.[1]

In addition, Mrs. Boudreaux may recover for what the law calls the "loss of consortium." To recover such damages, it must be shown by a preponderance of the evidence that she suffered the lessening or impairment of her husband's loving companionship as a spouse, and/or the loss or impairment of material services, aid or assistance, provided by her husband prior to his injuries.[2] Mrs. Boudreaux may recover even if such loss or impairment was temporary in nature.

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

---

[1] La. Civil Code, Art. 2315.6; *Cooper v. Patra*, 2017 WL 603995, at p. 3, (La. App. 2nd Cir. 2/15/17).
[2] *Kistner v. King,* 726 So.2d 68 (La. Ct. App. 1998); *Seagers v. Pailet,* 656 So.2d 700, 713 (La. Ct. App. 1995); *Finley v. Bass,* 478 So.2d 608 (La. Ct. App. 1985); La. Civ. Code art. 231(B); *Iorio v. Grossie*, 663 So.2d 366 (La. App. 3rd Cir. 1995); *Morrison v. Kappa Alpha Psi Fraternity*, 738 So.2d 1105 (La. App. 2nd Cir. 1999).

**PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 28**

If you find the Defendants liable, they are responsible for the full payment of all medical

expenses reasonably incurred in the treatment of Mr. Boudreaux's injuries.

*Andrews v. Louisiana Coca Cola Bottling Co, Ltd*., 454 So. 2d 1193 (La. App. 4th Cir.), writ denied, 459 So. 2d 544 (La. 1984); *Revel v. Snow*, 664 So. 2d 655, 661 (La. App. 3d Cir. 1995), writ denied, 666 So. 2d 1984 (La. 1996).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 29

It is your sworn duty as jurors to discuss the case with one another in an effort to reach a unanimous agreement, if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinions and change your mind if you become convinced that you are wrong. Do not, however, give up your honest beliefs solely because the others think differently or because you want to finish the case.

Remember that in a very real way you are the judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

*Dedrick v. Merck & Co., Inc. (In re: Vioxx),* Nos. 2:05-cv-2524, 2:05-md-1657, Jury Charge at 17-18 (E.D. La. Dec. 13, 2006) (as modified); *Mason v. Merck & Co., Inc. (In re: Vioxx),* Nos. 2:05-cv-810, 2:05-md-1657, Jury Charge at 17 (E.D. La. Nov. 15, 2006) (as modified); *Smith v. Merck & Co., Inc. (In re: Vioxx),* Nos. 2:05-cv-05-4379, 2:05-md-1657, Jury Charge at 17 (E.D. La. Sept. 26, 2006) (as modified); *Barnett v. Merck & Co., Inc. (In re: Vioxx),* Nos. 06-cv-485, 2:05-1657, Jury Charge at 19 (E.D. La. Aug. 16, 2016) (as modified).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 30

I have prepared a special verdict form for your convenience, to aid you in reaching a unanimous decision. You will take the form with you to the jury room. The verdict must represent the considered judgment of each juror.

You will note that the form contains several interrogatories or questions. The answer to each question must be the unanimous answer of the jury. In the space provided below each question, you will find directions which instruct you either to answer the next question, to answer some other question, or to stop and return to the courtroom with your verdict. You must carefully follow these directions as you complete the form.

[READ THE VERDICT FORM.]

When you retire to the jury room to deliberate on your verdict, you may take this charge, as well as the exhibits which this Court has admitted into evidence.

In the jury room, first select your foreperson, and then conduct your deliberations. If you recess during your deliberations, follow all of the instructions that this Court has given about your conduct during the trial. After you have reached your unanimous verdict, your foreperson is to fill in your answers to the questions on the form. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, even to me, any numerical division on any question.

If you want to communicate with me at any time, please give a signed written message or question to the Marshall, who will bring it to me. I will then respond as promptly as possible, either in writing or by having you brought into the courtroom so I can address you orally. I always will first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case, unless this Court instructs you otherwise.  You may now retire to the jury room to conduct your deliberations.

*Dedrick v. Merck & Co., Inc. (In re: Vioxx),* Nos. 2:05-cv-2524, 2:05-md-1657, Jury Charge at 18-19 (E.D. La. Dec. 13, 2006) (as modified); *Mason v. Merck & Co., Inc. (In re: Vioxx),* Nos. 2:05-cv-810, 2:05-md-1657, Jury Charge at 18-19 (E.D. La. Nov. 15, 2006) (as modified); *Smith v. Merck & Co., Inc. (In re: Vioxx),* Nos. 2:05-cv-05-4379, 2:05-md-1657, Jury Charge at 18-19 (E.D. La. Sept. 26, 2006) (as modified); *Barnett v. Merck & Co., Inc. (In re: Vioxx),* Nos. 06-cv-485, 2:05-1657, Jury Charge at 19-20 (E.D. La. Aug. 16, 2016) (as modified).

GRANTED_____          DENIED_____          MODIFIED_____

WITHDRAWN_____          DEFENDANT OBJ_____