UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Lakesha Loftin (15-6620)* | * * * | JUDGE ELDON E. FALLON |
| | * * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO MOTION
TO DISMISS WITHOUT PREJUDICE**

**MAY IT PLEASE THE COURT:**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants"), Johnson & Johnson ("J&J"), Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Bayer Defendants") collectively referenced as "Defendants," through undersigned counsel, respectfully submit the instant Memorandum in Opposition to respond to the Motion to Dismiss Without Prejudice filed on behalf of Lakesha Loftin ("Plaintiff"). (Rec. Doc. No. 6257). For the following reasons, Defendants respectfully request that the Court deny the Motion and that Plaintiff's case be dismissed with prejudice. Alternatively, Defendants request that, if this Court is inclined to permit a Voluntary Dismissal Without Prejudice, that the Court require that any refiling of the Complaint by the Plaintiff be in this federal Court so as to prevent forum shopping.

Federal Rule of Civil Procedure 41(a)(2) provides:

- 1 -

> **(a) Voluntary Dismissal.**
> …
> **(2) *By Court Order; Effect.*** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41.

The primary purpose of Rule 41(a)(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 (5th Cir. 2002) (internal citations omitted). "If a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) (citing 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2364 (1971 & Supp. 1990)).

Moreover, "[a] district court's determination on . . . whether to grant or deny an unconditional dismissal is reviewed for abuse of discretion." *Elbaor*, 279 F.3d at 317 (citing *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5th Cir. 1991)). In *Elbaor*, the Fifth Circuit noted that, in exercising its discretion, the Court should evaluate factors such as whether the party has presented a "proper explanation" for its desire to dismiss, as well as the jurisdiction in which the plaintiff intends to subsequently file the case, which is necessary in order to determine whether defenses available to the defendants will be lost if the plaintiff refiles the suit. *Id.* at 319

(internal citations omitted).[1] The *Elbaor* Court further recognized that Rule 41(a)(2) "clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice." *Id.* at 320. Thus, this Court has both the authority and the discretion to dismiss a case w*ith prejudice* on a Motion to Dismiss Without Prejudice.

Here, Plaintiff's Motion to Dismiss Without Prejudice fails to meet any of the threshold requirements for voluntary dismissal set forth in *Elbaor*. Counsel for Plaintiff submitted a Memorandum in Support of the Motion, which merely lists the dates on which counsel for Plaintiff has attempted to locate their client. *See* Rec. Doc. No. 6257-1. Other than listing these dates, the Memorandum does nothing more than cite Rule 41(a)(2) and, further, it neither provides an explanation for the purported need for a dismissal without prejudice—as opposed to a stipulation of dismissal *with prejudice*, which Defendants do not oppose—nor does it identify the jurisdiction in which Plaintiff plans to refile, if that is Plaintiff's intent. *See* Rec. Doc. No. 6257-1. Finally, Plaintiff's Motion fails to comply with the procedural requirements set forth in PTO 24A, as Plaintiffs did not contact counsel for Defendants at least fourteen (14) days prior to the filing of the Motion to obtain a statement of consent or intended opposition, as required by the Order. (Rec. Doc. 3286). Accordingly, Plaintiff did not provide the required certification with the filing of the instant Motion. *See* Rec. Doc. No. 6257.

---

[1] For example, the Fifth Circuit vacated an Order dismissing a pharmaceutical case without prejudice where the Defendants established that, if the case were refiled in New Jersey—as opposed to Texas, the state in which it was originally filed—Defendants would be stripped of the defenses available pursuant to the Texas statute of repose. *Hyde v. Hoffman-La Roche, Inc.*, 511 F.3d 506 (5th Cir. 2007).

Defendants therefore respectfully request that this Court deny Plaintiff's Motion for Voluntary Dismissal Without Prejudice and that Plaintiff's case be dismissed with prejudice. In the alternative, Defendants request that this Court condition a Voluntary Dismissal Without Prejudice on Plaintiff's estate refiling the instant case in federal court, as opposed to a state court forum. A division of this Court has recognized that although dismissal may be appropriate, a Court may condition the dismissal in order to avoid unfairness. *Drew v. Aucoin,* No. CIV. A. 94-3176, 1995 WL 155663, at *1 (E.D. La. Apr. 4, 1995) (citing *Yoffee v. Keller Indus., Inc.,* 580 F.2d 126, 129–30 (5th Cir. 1978)).

Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion to Dismiss Without Prejudice and Dismiss the instant matter with prejudice. In the alternative, Defendants pray that this Court condition Plaintiff's Motion to Dismiss Without Prejudice on Plaintiff's refiling the case in federal court.

Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**

By: /s/Susan M. Sharko
Susan Sharko
600 Campus Dr.
Florham Park, NJ 07932
Tel: (973) 549-7000
Susan.Sharko@dbr.com

Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/ Andrew Solow
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/James B. Irwin
James B. Irwin
Kim E. Moore
400 Poydras St., Ste, 2700
New Orleans, LA 70130
(504) 310-2100
jirwin@irwinllc.com
kmoore@irwinllc.com

Liaison Counsel for Defendants


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

Liaison Counsel for Defendants

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on May 2, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

      */s/ James B. Irwin*
      **James B. Irwin**