**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL NO. 2592 SECTION: L JUDGE FALLON MAG. JUDGE NORTH |

**THIS DOCUMENT RELATES TO**
*Boudreaux et al. v. Janssen et al.*, 14-2720

**DEFENDANTS' OBJECTIONS TO THE COURT'S**
**FINAL JURY INSTRUCTIONS**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG (collectively, "Defendants") submit the following objections to the Court's Jury Instructions. (For the Court's convenience, page and line references are to the Court's May 2, 2017 final instructions.)

**I.       Objections To Charges Included In Court's Final Jury Instructions.**

<u>LPLA (p. 14, line 21 – p. 15, line 11; p. 17, lines 8–16)</u>:  Defendants object to this instruction because it does not incorporate the full warnings-causation standard expressed in the case law, including that Plaintiffs' damages were proximately caused by Defendants' failure to use reasonable care (a) to provide an adequate warning or instruction to the physician of a product characteristic that might cause damage *"that was not otherwise known to the physician,"* or (b) to adequately instruct the physician on how to safely use the product. *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 265–66 (5th Cir. 2002) (citing *Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098–99 (5th Cir. 1991)); *see also* La. Rev. Stat. Ann. § 9:2800.54(A) & (D); *id.* § 9:2800.57.

<u>Labeling and federal regulations (p. 22, line 15 – p. 23, line 18)</u>:  Defendants object to this instruction because it gives insufficient attention to—and obscures—the relevance of FDA's approval of Xarelto and Defendants' compliance with regulatory standards, which (while not

1

conclusive) bear directly on the non-defectiveness of a product, the adequacy of the product's label, and the reasonableness of Defendants' conduct. *See* 21 U.S.C. § 355; 21 C.F.R. § 314.125; *see also, e.g.*, *Crotwell v. Wal-Mart La., LLC*, No. CIV.A. 06-909-C, 2009 WL 1146612, at *7 (M.D. La. Apr. 27, 2009) (compliance with regulatory standards is "relevant for consideration"); *Dunne v. Wal-Mart Stores, Inc.*, 679 So. 2d 1034, 1037 (La. Ct. App. 1996) (same); *Newman ex rel. Newman v. McNeil Consumer Healthcare*, No. 10 C 1541, 2013 WL 4460011, at *7 (N.D. Ill. Mar. 29, 2013) (explaining that "FDA review and approval . . . may be relevant to the reasonableness of the warnings on Defendants' [drug] labels"). The instruction unfairly minimizes the significance of FDA approval. The instruction references the relevance of FDA approval only in passing fashion, in comma phrases—*e.g.*, "though relevant"—but goes to great lengths to emphasize that FDA and other regulatory regulations are merely "minimum standards" that are not "conclusive," do not "absolve" Defendants of liability, and do not "foreclose a claim." Defendants request that the Court give Defendants' proposed FDA instruction, as described below.

Legal cause—foreseeability (p. 24, line 17 – p. 25, line 8): Defendants object to this instruction and request that it be stricken because foreseeability is not at issue in this case and the instruction could therefore confuse jurors.

Proximate cause—warnings-causation and learned intermediary (p. 22, lines 1–9; p. 26, lines 7–16): Defendants object to this instruction because it misstates the warnings-causation standard by requiring Plaintiffs to prove that Mr. Boudreaux's prescribing physician "would have altered his prescribing behavior." The correct standard is "the plaintiff must show that a proper warning would have changed the decision of the treating physician, *i.e.* that but for the inadequate warning, the treating physician would not have used or prescribed the product." *Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098–99 (5th Cir. 1991); *see also, e.g.*, *Allgood v. GlaxoSmithKline*

2

*PLC*, No. 06-3506, 2008 WL 483574, at *4 (E.D. La. Feb. 20, 2008) (Fallon, J.) (granting summary judgment on a plaintiff's failure-to-warn claims because the prescribing physician's testimony "clearly reveal[ed] that stronger warnings concerning the risk of suicide would not have changed his decision to prescribe Paxil in this case"); *Whitener v. PLIVA, Inc.,* No. 10-1552, 2014 WL 1276489 (E.D. La. Mar. 27, 2014) (Fallon, J.), *aff'd*, 606 F. App'x 762 (5th Cir 2015).

<u>Substantial factor test (p. 25, line 9 – p. 26, line 6)</u>: Defendants object to this instruction, which seems to have been adapted from the charge in the *Vioxx* cases, none of which involved the law of Louisiana (but rather Florida, Kentucky, South Carolina, Tennessee, and Utah law). Louisiana law does not provide for a substantial-factor instruction in a case like this. Under Louisiana law, the substantial-factor test replaces the "but for" test only "[w]here an injury is caused by two sufficient . . . defects." *See Brown v. Parker-Hannifin Corp.*, 919 F.2d 308, 311 & n.10 (5th Cir. 1990); *In re Manguano*, 961 F.2d 53 (5th Cir. 1992) (trial court improperly instructed jury on "but for" cause in asbestos case, because "a 'but for' definition of causation is inappropriate in a concurrent cause case"). Because substantial factor is a replacement for the but-for test in cases where there are two *independently sufficient* causes—which is not the case here—it is inappropriate in this case.

## II. Objections To Court's Refusal To Give Instructions Proposed By Defendants.

<u>Proximate Cause—Warning (Defendants' Request No. 23)</u>: Defendants object to the Court's refusal to give the Defendants' proposed instruction regarding the proximate cause standard in a pharmaceutical failure-to-warn action, which states as follows:

> To recover for failure to warn, Plaintiffs must prove by a preponderance of the evidence that an inadequate warning itself—in addition to the medication—was the proximate cause of Mr. Boudreaux's alleged injury. When I say "proximate cause," I mean that Plaintiffs must prove by a preponderance of the evidence that, if a different warning had accompanied Xarelto, then Dr. Wong would have changed his prescribing decision and Mr. Boudreaux would not have suffered his alleged

3

injury. If the doctor was already aware of the risk, then you must find the Defendants not liable for failure to warn.

Defendants respectfully submit that this proposed instruction accurately states Louisiana law, whereas the learned intermediary instructions in the Court's final jury instructions on pages 22 (lines 6–9) and 26 (lines 11–16)—referring vaguely to "prescribing behavior"—do not. *See, e.g., Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098–99 (5th Cir. 1991) ("[T]he plaintiff must show that a proper warning would have changed the decision of the treating physician, i.e. that but for the inadequate warning, the treating physician would not have used or prescribed the product."); *Allgood v. GlaxoSmithKline PLC*, No. 06-3506, 2008 WL 483574, at *4 (E.D. La. Feb. 20, 2008) (Fallon, J.) (granting summary judgment on a plaintiff's failure-to-warn claims because the prescribing physician's testimony "clearly reveal[ed] that stronger warnings concerning the risk of suicide would not have changed his decision to prescribe Paxil in this case"); *Whitener v. PLIVA, Inc.,* No. 10-1552, 2014 WL 1276489 (E.D. La. Mar. 27, 2014) (Fallon, J.), *aff'd*, 606 F. App'x 762 (5th Cir 2015) (granting summary judgment for defendants because it was "clear … that [the doctor] relied principally on his own experience"—not any alleged off-label promotion—and "even knowing everything he knows today, he would have still prescribe [the medication] to [plaintiff]").

FDA Approval (Defendants' Request No. 16): Defendants object to the Court's refusal to give the Defendants' proposed instruction regarding FDA approval, which states as follows:

> Before a prescription medicine may be sold, its design and label must be approved by the Federal Food and Drug Administration, or FDA. In approving medicines for sale, the FDA takes into consideration the fact that a medicine has some risks, including some unknown risks, and balances that fact against the medicine's beneficial uses. The FDA approved Xarelto's design and its label. You may consider the FDA's approval as evidence that Defendants exercised the ordinary care that a reasonable manufacturer would have under the circumstances, and as evidence that the warnings given by Defendants in connection with Xarelto were adequate.

4

Defendants respectfully submit that this proposed instruction provides an accurate and balanced explanation of the significance of FDA approval, whereas that the Court's charge on labeling and federal regulations (p. 22, line 15 – p. 23, line 18) does not, as explained above. *See* 21 U.S.C. § 355; 21 C.F.R. § 314.125; *see also, e.g.*, *Crotwell v. Wal-Mart La., LLC*, No. CIV.A. 06-909-C, 2009 WL 1146612, at *7 (M.D. La. Apr. 27, 2009) (compliance with regulatory standards is "relevant for consideration"); *Dunne v. Wal-Mart Stores, Inc.*, 679 So. 2d 1034, 1037 (La. Ct. App. 1996) (same); *Newman ex rel. Newman v. McNeil Consumer Healthcare*, No. 10 C 1541, 2013 WL 4460011, at *7 (N.D. Ill. Mar. 29, 2013) (explaining that "FDA review and approval . . . may be relevant to the reasonableness of the warnings on Defendants' [drug] labels").

<u>Off label</u>.  Defendants object to the Court's refusal to give Defendants' proposed charge to address Plaintiffs' argument regarding Neoplastin PT, which was proposed in response to draft 1 of the Court's jury instructions:

> You also have heard evidence that the test that Plaintiffs believe should have been used with Xarelto was not approved by FDA for use with Xarelto.  The lack of FDA approval for use of the test with Xarelto is not a basis for finding liability against the Defendants.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | WILKINSON WALSH + ESKOVITZ LLP |
| By: /s/ *Richard E. Sarver* | By: /s/ *Beth A. Wilkinson* |
| Richard E. Sarver | Beth A. Wilkinson |
| Celeste R. Coco-Ewing | Jennifer L. Saulino |
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | Jeremy Barber |
| 909 Poydras Street, 24th Floor | WILKINSON WALSH + ESKOVITZ LLP |
| New Orleans, Louisiana 70112 | 1900 M. Street NW, Suite 800 |
| Telephone: (504) 589-9700 | Washington, DC 20036 |
| rsarver@barrassousdin.com | Telephone: (202) 847-4000 |
| ccoco-ewing@barrassousdin.com | bwilkinson@wilkinsonwalsh.com |
| | jsaulino@wilkinsonwalsh.com |
| | jbarber@wilkinsonwalsh.com |

D<span></span>RINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com


ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com


CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd of May, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.


/s/      John F. Olinde