UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR JUDGMENT
AS A MATTER OF LAW AT THE CLOSE OF DEFENDANTS' CASE**

## I.  INTRODUCTION

Plaintiffs, Joseph and Loretta Boudreaux, at the close of evidence of Defendants' case, move pursuant to Fed.R.Civ.P. 50, for judgment as a matter of law that Defendants' affirmative defenses of comparative fault and preemption be denied. Based on the trial record, the law and facts entitle Plaintiffs to judgment being entered in their favor as neither defense was established.

## II.  ARGUMENT

### A. PLAINTIFFS ARE ENTITLED TO JUDGMENT AGAINST DEFENDANTS' AFFIRMATIVE DEFENSE OF COMPARATIVE FAULT

Prior to trial, to streamline the trial, the parties conferred about parties and claims to be tried before the jury. *See* Rec. Doc. No. 5340. During those discussions, Defendants insisted on maintaining their affirmative defense of comparative fault against the Boudreauxs. As the trial approached, the deadline for presenting proposed jury instructions and verdict sheet arrived. The Defendants' proposed jury instructions and verdict sheet made no mention of comparative fault. At the trial itself, neither of the Boudreauxs were cross-examined by Defendants. In fact, no evidence of comparative fault was introduced by the Defendants at trial.

Accordingly, no reasonable jury would have a legally sufficient evidentiary basis to find for the Defendants on their affirmative defense of comparative fault. Judgment as a matter of law should be entered on this defense against the Defendants and in favor of Plaintiffs that the matter was not established.

### B. PLAINTIFFS ARE ENTITLED TO JUDGMENT AGAINST DEFENDANTS' AFFIRMATIVE DEFENSE OF PREEMPTION

*Wyeth v. Levine,* 555 US 555 (2009), confirmed that preemption is an affirmative defense. The Defendants have the burden of proving this affirmative defense by "clear evidence." This "demanding defense" has a heightened standard of proof in excess of the typical preponderance of evidence standard applicable to plaintiffs' claims. *Id.* at 573. Under the law, Defendants were obliged to show that it was not only probable, but "highly probable" and "reasonably certain" that the FDA would *not* have included or approved language in the Xarelto label that Plaintiffs contend was needed. *In re Fosamax (Alendronate Sodium) Prod. Liab. Litig.,* 852 F.3d 268, 285-86 (3d Cir. 2017).

Here, Plaintiffs have produced sufficient evidence for a reasonable jury to conclude that the FDA would have approved a properly-worded warning about an instruction for the safe use of Xarelto —or at the very least, to conclude that the odds of FDA rejection were less than highly probable. More importantly, Defendants have utterly abdicated their obligation to produce any facts to support their affirmative defense. Consider:

> 1) Defendants presented no regulatory expert to opine on the subject. Defendants' regulatory expert, Dr. Hixon, was never called to testify to the impossibility to change the label.
>
> 2) During the examination of Dr. Peters by Mr. Sarver, all the witness spoke to was the provenance of redlines on DX6009, an exhibit about which Dr. Peters testified that the Hematology Division at FDA, which was reviewing the orthopedic NDA,

struck language regarding PT and Riva Plasma concentration being closely correlated.  *See* April 28, 2017 Trial Transcript at 1103:24-1104:19:

Q. All right. Do you see the Section 12.2, "Pharmacodynamics"?
 A. Yes, I do.
Q. And there appears to be a strike-through on some of the language.
Do you see that?
A. Yes, I do.
Q. Where did that strike-through come from?
A. That strike-through came from FDA.
Q. Let's take a look at the language, then, that the FDA struck out of the label that Janssen proposed. Read along with me.
Now, the language the FDA chose to strike out says, "The relationship between PT and riva plasma concentration is linear and closely correlated. If assessment of the pharmacodynamics effect of rivaroxaban is considered necessary, in individual cases PT (measured in seconds) is recommended."
Is that what the FDA chose to strike out of the Janssen label?
A. Yes, they -- they struck out that part and the parts that follow.

3)      Dr. Peter concedes that only months after the FDA struck the proposed language regarding the absence of a relationship between PT and blood plasma concentration, the FDA using data from the Rocket study found such a relationship, in fact, existed. *Id.* at 1125.  Despite this about-face by the FDA, the Defendants made no effort in kind to revisit the issue to revise the label to warn or instruct about PT and Bleed risk.

4)      Moreover, Dr. Peters testified that the Defendants would never have produced an instruction that approached one suggested by the Plaintiffs.  *Id.* at 1126:8-13:

Q. And you've never seen a single document that showed that language proposed about PT and bleed risk related to ROCKET has
ever either been proposed or stricken by the FDA; correct?
A. It would never have been proposed because there's --
there's no relationship between the PT to be able to predict bleeding risk.

    4) No other competent evidence was provided that FDA would act one way or the other if presented with the proposed label giving appropriate instruction.

Since Defendants have abdicated any opportunity to produce Proposed Jury Instructions or a Verdict Sheet requesting that the jury make findings on this matter, they have conceded this affirmative defense.  Their position is that this a matter to be determined as a matter of law.  But this Court denied the Defendants' Summary Judgment motions on the defense of preemption on the ground that the matters were factually pregnant.  (Rec. Doc. Nos. 6196 & 6197).  Having been put to proofs of which none were given, Defendants have failed to satisfy their demanding burden.

Based on the non-existent evidence on the trial record, no reasonable jury would have a legally sufficient evidentiary basis to find for the Defendants.  Judgment as a matter of law should therefore be entered on Defendants' preemption defense.

### III. CONCLUSION

 For the reasons set forth above, Plaintiffs' motion should be granted.

Dated:  May 2, 2017         Respectfully submitted,

                   */s/ Leonard A. Davis*
                   Leonard A. Davis, Esq. (Bar No. 14190)
                   ***HERMAN, HERMAN & KATZ, LLC***
                   820 O'Keefe Avenue
                   New Orleans, LA  70113
                   PH:  (504) 581-4892
                   FAX:  (504) 561-6024
                   Email:  ldavis@hhklawfirm.com

/s/ Gerald E. Meunier
Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
PH: (504) 522-2304
FAX: (504) 528-9973
Email: gmeunier@gainsben.com
**Plaintiffs' Liaison Counsel**

## PLAINTIFFS' STEERING COMMITTEE

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Russell T. Abney
2100 RiverEdge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Bradley D. Honnold
11150 Overbrook Rd., Ste. 250
Leawood, KS 66211
Phone: (913) 451-3433
Email: bhonnold@gohonlaw.com

Frederick Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Jeffrey S. Grand
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: jgrand@seegerweiss.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

Michael Goetz
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: (813) 221-6581
Fax: (813) 222-4737
Email: MGoetz@ForThePeople.com

Dianne M. Nast
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Phone: (215) 923-9300
Email: dnast@nastlaw.com

Neil D. Overholtz
17 E. Main Street , Suite 200
Pensacola, Florida 32501
Phone: (850) 916-7450
Fax: (850) 916-7449
Email: noverholtz@awkolaw.com

Ellen Relkin
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 344-5461
Email: Erelkin@weitzlux.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2017 a copy of the above and foregoing Plaintiffs' Motion for Judgment As A Matter of law at the Close of Defendants' Case, has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Leonard A. Davis
**Leonard A. Davis**