UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO STRIKE FDA REDLINED DOCUMENTS, OR, IN THE
ALTERNATIVE, INSTRUCT THE JURY TO DISREGARD THE DOCUMENTS AND
PRECLUDE ARGUMENT REGARDING FDA ACTIONS**

I.   **INTRODUCTION**

Plaintiffs, Joseph and Loretta Boudreaux, move to strike FDA Redlined Documents (DX5548 and DX6009), which were improperly admitted into evidence as their probative value is far outweighed by the prejudice to Plaintiffs. These mirror-image versions are of a document containing "track changes" purportedly belonging to the FDA regarding the Xarelto label submitted with NDA 22406, which addresses Xarelto's orthopedic indication. Since this litigation involves the NDA for an atrial fibrillation indication, which was reviewed by a different division of FDA, the documents are not even directly relevant to these proceedings. More importantly, the relevance of these documents is far outweighed by their prejudicial value, as the Defendants appear to have given up their affirmative defense of preemption, of which these documents directly pertain. Absent any requirement by the jury to resolve the "factually pregnant" issues related to Plaintiffs' failure to warn/instruct claims under the Louisiana Products Liability Act,[1] these documents can only serve to needlessly confuse the jury about actions taken by the FDA on a label

---

[1] *See In re Xarelto Prod. Liab. Litig.,* MDL 2592, Order & Reasons at 8 (E.D. La. Apr. 13, 2017) (Rec. Doc. 6197).

that is not at issue, based on the RECORD study, about a decision another division of the FDA only months later came to an opposite conclusion based on the ROCKET study. Given the extraordinary prejudice to plaintiffs that accompany these documents, they should be stricken from the record. Alternatively, the jury should be instructed to disregard all evidence related to the documents and the Defendants should be precluded from referencing the documents in closing arguments.

II. **ARGUMENT**

During the testimony of Dr. David Kessler, Defendants presented the former FDA Commissioner with DX5548, a red-lined document that was purportedly attached to a June 13, 2011 email. Not being the author of the document, Dr. Kessler rightfully disclaimed any ability to address the provenance of the document, including whose red-lines belonged to whom. *See* Trial Transcript at 447:8-13 (April 25, 2017) ("this is like walking into a track-changes document done by X number of people and trying to figure out who made what comments. . . . So I just don't want to be the one representing who struck what."). Defendants repeatedly questioned Dr. Kessler about FDA "strike throughs," even though there was no foundation for the assertion. On four separate occasions the Court either corrected Defense counsel's misstatement of the record or sustained Plaintiffs' objections regarding the improper characterization of the document. *Id*. at 449:16-23; 450:23-25; 452:3-8; 455:6-11. As to the last, this Court instructed the jury that: "its really up to you to determine the value of this language. You're the jury. You've heard everything. It's up to you to decide the significance of this language." Despite the controversy surrounding DX5548 which even required a jury instruction, the Court allowed Exhibit DX5548 to be admitted as evidence. *Id.* at 447:19.

Recognizing their evidentiary shortfall, when the Plaintiffs called Dr. Gary Peters to testify remotely under subpoena from Philadelphia, under re-direct, Dr. Peters was questioned about a different version of the same document, DX6009. During the examination of Dr. Peters by Mr. Sarver, all the witness spoke to was the provenance of redlines on DX6009. Dr. Peters testified that the Hematology Division at FDA, which was reviewing the orthopedic NDA, struck language regarding PT and Riva Plasma concentration being closely correlated. *See* April 28, 2017 Trial Transcript at 1103:24-1104:19:

> **Q.** All right. Do you see the Section 12.2, "Pharmacodynamics"?
> **A.** Yes, I do.
> **Q.** And there appears to be a strike-through on some of the language.
> Do you see that?
> **A.** Yes, I do.
> **Q.** Where did that strike-through come from?
> **A.** That strike-through came from FDA.
> **Q.** Let's take a look at the language, then, that the FDA struck out of the label that Janssen proposed. Read along with me.
> Now, the language the FDA chose to strike out says,
> "The relationship between PT and riva plasma concentration is linear and closely correlated. If assessment of the pharmacodynamics effect of rivaroxaban is considered necessary, in individual cases PT (measured in seconds) is recommended."
> Is that what the FDA chose to strike out of the Janssen label?
> **A.** Yes, they -- they struck out that part and the parts that follow.

While this testimony purportedly addresses the Defendants' evidentiary shortfall, since the Defendants take the position that preemption is a matter of law which is not to be decided by the jury, the relevance of this document pales in comparison to the incredible prejudice it imparts on the Plaintiffs. If these exhibits remain in evidence and available to the Defendants to utilize at closing, the jury may be misled into believing that the FDA refused to allow language regarding

the PT testing, which is at the very heart of Plaintiffs' claims. Since the jury will not be charged with Defendants' affirmative defense regarding impossibility preemption, pursuant to *Wyeth v. Levine*, 555 U.S. 555 (2009), they have no reason to review FDA's criticism of the proposed orthopedic label's language and are left to speculate as to why the redline appears.

Under Fed.R.Civ.P. 403, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. A trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977).

Relevant evidence should be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403. "The less probative a piece of evidence is, and thus the less the benefit to the truth-determining function of the jury of admitting it at trial, and the more trial time the presentation of the evidence would consume and the likelier the evidence would be to confuse the jurors by distracting them from more probative evidence, the stronger the argument for exclusion." *United States v. Seals,* 419 F.3d 600, 613 (7th Cir. 2005) (citations omitted).

In light of the extreme prejudice presented by this evidence, and the absence of any jury instruction (as of the drafting of this motion), the exhibits should be stricken from the record, and the jury informed of the ruling.

Alternatively, pursuant to Fed.R.Civ.P. 51(a)(2), this Court may after the close of evidence permit an instruction on "issues that could not reasonably have been anticipated" or "any issue." In the event this Court chooses not to strike Exhibits DX5548 and DX6009, Plaintiffs submit that the jury be instructed to disregard the documents, and that counsel be precluded from addressing the exhibits during closing arguments.

III.   **CONCLUSION**

For the reasons set forth above, Plaintiffs' motion should be granted.

Dated:  May 3, 2017

Respectfully submitted,
*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

## PLAINTIFFS' STEERING COMMITTEE

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Russell T. Abney
2100 RiverEdge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Bradley D. Honnold
11150 Overbrook Rd., Ste. 250
Leawood, KS 66211
Phone: (913) 451-3433
Email: bhonnold@gohonlaw.com

Frederick Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Jeffrey S. Grand
77 Water Street
New York, NY  10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: jgrand@seegerweiss.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

Michael Goetz
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: (813) 221-6581
Fax: (813) 222-4737
Email: MGoetz@ForThePeople.com

Neil D. Overholtz
17 E. Main Street , Suite 200
Pensacola, Florida 32501
Phone: (850) 916-7450
Fax: (850) 916-7449
Email: noverholtz@awkolaw.com

Dianne M. Nast
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Phone: (215) 923-9300
Email: dnast@nastlaw.com

Ellen Relkin
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 344-5461
Email: Erelkin@weitzlux.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2017 a copy of the above and foregoing Plaintiffs' Motion for Judgment As A Matter of law at the Close of Defendants' Case, has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                */s/ Leonard A. Davis*
                                                **Leonard A. Davis**