**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
|  | **:** | **MDL NO. 2592** |
| **IN RE: XARELTO (RIVAROXABAN)** | **:** |  |
| **PRODUCTS LIABILITY LITIGATION** | **:** | **SECTION: L** |
|  | **:** |  |
|  | **:** | **JUDGE FALLON** |
|  | **:** | **MAG. JUDGE NORTH** |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO**
  *Boudreaux et al. v. Janssen et al.*, 14-2720

**JURY INSTRUCTIONS**

MEMBERS OF THE JURY:

YOU HAVE NOW HEARD ALL THE EVIDENCE IN THIS CASE AS WELL AS THE FINAL ARGUMENT.

IT BECOMES MY DUTY, THEREFORE, TO INSTRUCT YOU ON THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR DECISION IN THIS CASE.

I WILL FIRST GIVE YOU SOME GENERAL INSTRUCTIONS WHICH APPLY IN ALL CASES, AND THEN I WILL GIVE YOU SOME SPECIAL INSTRUCTIONS SPECIFIC TO THIS CASE.

**I. GENERAL INSTRUCTIONS**

IN ANY JURY TRIAL, THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS YOU, THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR

CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THE CASE.

YOU, AS JURORS, ARE THE JUDGES OF THE FACTS. BUT IN DETERMINING WHAT ACTUALLY HAPPENED IN THIS CASE—THAT IS, IN REACHING YOUR DECISION AS TO THE FACTS—IT IS YOUR SWORN DUTY TO FOLLOW THE LAW I AM NOW IN THE PROCESS OF DEFINING FOR YOU AND YOU MUST FOLLOW MY INSTRUCTIONS AS A WHOLE. YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU. THAT IS, YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE. IT IS YOUR DUTY TO APPLY THE LAW AS I GIVE IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

BY THE SAME TOKEN, IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE TESTIMONY AND OTHER EVIDENCE IN THE CASE WITHOUT PREJUDICE OR SYMPATHY. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS IN THIS CASE, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. ALL PERSONS AND CORPORATIONS OR PUBLIC ENTITIES STAND EQUAL BEFORE THE LAW AND ARE TO BE DEALT WITH AS EQUALS IN THE COURT OF JUSTICE.

AS I STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE. THE TERM "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES AND THE EXHIBITS ADMITTED INTO THE RECORD.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS, OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE IN THE CASE. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT THEY ARE PARTICULARLY CONCERNED THAT YOU RECALL. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION

OF THE EVIDENCE THAT CONTROLS IN THIS CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

ALSO, DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY MADE COMMENTS TO THE LAWYERS, OR ASKED A QUESTION OF A WITNESS, OR ADMONISHED A WITNESS CONCERNING THE MANNER IN WHICH HE OR SHE SHOULD RESPOND TO THE QUESTIONS OF COUNSEL. DO NOT ASSUME FROM ANYTHING I MAY HAVE SAID THAT I HAVE ANY OPINION CONCERNING ANY OF THE FACTS IN THIS CASE. IN ARRIVING AT YOUR OWN FINDINGS AS TO THE FACTS, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL, EXCEPT FOR MY INSTRUCTIONS TO YOU ON THE LAW.

THE LAW OF THE UNITED STATES PERMITS THE JUDGE TO COMMENT ON EVIDENCE PRESENTED DURING A CASE. I DO NOT BELIEVE THAT I HAVE MADE ANY COMMENTS ON THE EVIDENCE IN THIS CASE. HOWEVER, IF YOU COULD POSSIBLY CONSTRUE ANY REMARKS WHICH I HAVE MADE DURING THE COURSE OF THIS TRIAL AS A COMMENT ON THE EVIDENCE, THEN I INSTRUCT YOU THAT ANY SUCH COMMENT ON MY PART IS ONLY AN EXPRESSION OF MY OPINION AS TO THE FACTS, AND YOU, THE JURY, MAY DISREGARD

SUCH COMMENT OR COMMENTS ENTIRELY SINCE YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE.

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND THE EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THIS CASE.

YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. "DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS. "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES INDICATING A FACT TO BE PROVED. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE YOUR GOOD SENSE. GIVE THE EVIDENCE AND THE TESTIMONY OF THE WITNESSES A REASONABLE AND FAIR INTERPRETATION IN LIGHT OF

YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.

IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR HER PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY AND ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS HE OR SHE MAY HAVE SHOWN, AND ANY PARTIALITY HE OR SHE MAY HAVE DEMONSTRATED.

IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST SUCH WITNESS'S TESTIMONY ON OTHER MATTERS AND YOU MAY DISTRUST ALL OF THE TESTIMONY OF THAT WITNESS.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT

MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN

INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT

MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT

FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO

PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY

HAVE TESTIFIED TO THE CONTRARY, IF, AFTER CONSIDERING ALL

THE OTHER EVIDENCE, YOU BELIEVE THAT SINGLE WITNESS.

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE

HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR

EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN

EXPERT WITNESS AND IS PERMITTED TO STATE HIS OR HER OPINION

ON THOSE TECHNICAL MATTERS. SUCH WITNESSES HAVE TESTIFIED

IN THIS CASE. YOU ARE NOT, HOWEVER, REQUIRED TO ACCEPT THAT

OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE

WHETHER TO RELY UPON IT.

IF YOU SHOULD DECIDE THAT THE OPINION OF AN EXPERT

WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION AND

EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE FACTS THE

EXPERT RELIED UPON ARE INCORRECT, THAT THE REASONS GIVEN

IN SUPPORT OF THE OPINION ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE OPINION ENTIRELY.

IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS ECONOMIC, PHILOSOPHICAL, OR ANY OTHER INTEREST IN THE OUTCOME OF THE CASE.

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU THROUGH VIDEO DEPOSITIONS. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED TO A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THE WITNESS UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY. THE QUESTIONS AND ANSWERS WERE PRESENTED BY VIDEO TO YOU. THIS DEPOSITION TESTIMONY IS

ENTITLED TO THE SAME CONSIDERATION, IS TO BE JUDGED BY YOU AS TO CREDIBILITY, AND IS TO BE WEIGHED AND OTHERWISE CONSIDERED BY YOU, INSOFAR AS IT IS POSSIBLE, IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

DURING THE COURSE OF TRIAL, YOU WILL HAVE HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF THE JURY.

IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU, THE JURY, ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY ASKED A QUESTION OF A WITNESS IN ORDER TO BRING OUT FACTS NOT THEN FULLY COVERED IN THE TESTIMONY. DO NOT ASSUME THAT I HOLD ANY OPINION ON THE FACTS TO WHICH MY QUESTION OR QUESTIONS MAY HAVE RELATED. REMEMBER AT ALL TIMES, YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS.

STATEMENTS AND ARGUMENTS OF THE LAWYERS ARE NOT EVIDENCE IN THE CASE, UNLESS MADE AS AN ADMISSION OR STIPULATION OF FACT. A "STIPULATION" IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY. WHEN THE LAWYERS ON BOTH SIDES STIPULATE OR AGREE TO THE EXISTENCE OF A FACT, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AS EVIDENCE, AND REGARD THAT FACT AS PROVED.

FINALLY, CERTAIN MATERIALS HAVE BEEN SHOWN TO YOU SOLELY AS AN AID TO HELP EXPLAIN THE FACTS DISCLOSED BY EVIDENCE (TESTIMONY, RECORDS, AND OTHER DOCUMENTS) IN THE CASE. THIS IS WHAT WE REFER TO AS "DEMONSTRATIVE EVIDENCE" BECAUSE IT IS OFFERED MERELY TO DEMONSTRATE OR ILLUSTRATE A POINT RATHER THAN AS ACTUAL PROOF OF THAT POINT. DEMONSTRATIVE EVIDENCE IS NOT ADMITTED EVIDENCE OR PROOF OF ANY FACTS. YOU SHOULD DETERMINE THE FACTS FROM THE EVIDENCE THAT IS ADMITTED.

REMEMBER, THE DEMONSTRATIVE EVIDENCE IS ONLY AS GOOD AS THE UNDERLYING TESTIMONY, DATA, ASSUMPTIONS, AND OPINIONS THAT SERVE AS THE BASIS FOR IT, AND THE MAXIM, "GARBAGE IN, GARBAGE OUT," APPLIES. LIKE ALL OTHER EVIDENCE IN THE CASE, YOU MAY ACCEPT IT OR REJECT IT IN WHOLE OR IN PART.

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT

RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY
INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT
ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR
IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

## II.    SPECIFIC INSTRUCTIONS

LET ME NOW DISCUSS THE LAW SPECIFICALLY APPLICABLE TO
THIS CASE.

AS YOU KNOW, THIS ACTION ARISES OUT OF JOSEPH
BOUDREAUX'S USE OF XARELTO. THE JANSSEN AND BAYER
DEFENDANTS MANUFACTURE XARELTO. MR. BOUDREAUX
CONTENDS THAT HE SUFFERED A GASTROINTESTINAL BLEED, OR GI
BLEED, AS A RESULT OF HIS USE OF XARELTO. HE CLAIMS THAT
DEFENDANTS FAILED TO PROPERLY INSTRUCT HIS PRESCRIBING
DOCTOR, DR. KENNETH WONG, ABOUT THE SAFE USE OF XARELTO,
SPECIFICALLY THE AVAILABILITY OF A TEST TO DETERMINE HIS
BLEED RISK. MR. BOUDREAUX CLAIMS THAT, HAD DR. WONG BEEN
PROPERLY INSTRUCTED, HE WOULD HAVE FOLLOWED THAT
INSTRUCTION AND MR. BOUDREAUX'S GI BLEED WOULD HAVE BEEN
PREVENTED. MR. BOUDREAUX AND HIS WIFE, LORETTA
BOUDREAUX, SEEK MONETARY DAMAGES PROXIMATELY CAUSED
BY HIS INJURY.

THE DEFENDANTS DENY ALL OF THESE ALLEGATIONS. THEY
CONTEND THAT XARELTO'S WARNINGS AND INSTRUCTIONS WERE
ADEQUATE AND THAT ANY ALLEGED INADEQUACY IN THE
INSTRUCTIONS DID NOT PROXIMATELY CAUSE MR. BOUDREAUX'S
INJURY.

THE MERE FACT THAT THE PLAINTIFFS MAY HAVE BEEN
INJURED, STANDING ALONE, DOES NOT PERMIT YOU, THE JURY, TO
DRAW ANY INFERENCE THAT SUCH INJURIES WERE CAUSED BY THE
DEFENDANTS.

THE BURDEN OF PROOF IS ON THE PLAINTIFFS IN A CIVIL
ACTION, SUCH AS THIS ONE, TO PROVE EVERY ESSENTIAL ELEMENT
OF THEIR CLAIM BY A "PREPONDERANCE OF THE EVIDENCE." A
PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS,
WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT,
HAS MORE CONVINCING FORCE AND PRODUCES IN YOUR MINDS A
BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE
THAN NOT TRUE. IN OTHER WORDS, TO ESTABLISH A CLAIM BY A
"PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE THAT THE
CLAIM IS MORE LIKELY SO THAN NOT SO.

IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A
"PREPONDERANCE OF THE EVIDENCE" IN THIS CASE, YOU MAY,
UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF
ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM,
AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO
MAY HAVE PRODUCED THEM. IF THE PLAINTIFFS FAIL TO ESTABLISH
ANY ESSENTIAL ELEMENT OF THEIR CLAIM BY A PREPONDERANCE
OF THE EVIDENCE, YOU, THE JURY, SHOULD FIND FOR THE
DEFENDANT. THE PLAINTIFFS NEED NOT PRODUCE EVERY POSSIBLE
WITNESS, AND THEY NEED NOT PROVE THEIR CLAIM BEYOND A
REASONABLE DOUBT, AS IS NECESSARY IN A CRIMINAL
PROSECUTION. BUT SPECULATION OR MERE POSSIBILITY AND EVEN
UNSUPPORTED PROBABILITY IS NOT SUFFICIENT TO SUPPORT A
JUDGMENT IN THEIR FAVOR.

LET ME NOW DISCUSS THE LAW APPLICABLE TO THE
PLAINTIFFS' THEORY OF RECOVERY.

### A.    LPLA

THE LAW APPLICABLE TO THIS CASE IS THE LAW OF
LOUISIANA. IN LOUISIANA, A PRODUCTS LIABILITY ACTION SUCH AS
THIS ONE IS GOVERNED BY THE LOUISIANA PRODUCTS LIABILITY
ACT OR "LPLA." THE LPLA PROVIDES THAT THE MANUFACTURER OF

A PRODUCT SHALL BE LIABLE TO A CLAIMANT FOR DAMAGE
PROXIMATELY CAUSED BY A CHARACTERISTIC OF THE PRODUCT
THAT RENDERS IT UNREASONABLY DANGEROUS. ONE OF THE WAYS
IN WHICH A DRUG CAN BE UNREASONABLY DANGEROUS IS BY
FAILING TO INCLUDE PROPER INSTRUCTIONS. IN ORDER TO
RECOVER, THE PLAINTIFFS IN THIS CASE MUST SHOW THAT (1) THEIR
DAMAGES WERE PROXIMATELY CAUSED BY DEFENDANTS' FAILURE
TO PROVIDE ADEQUATE INSTRUCTIONS ABOUT A CHARACTERISTIC
OF THE PRODUCT THAT RENDERS IT UNREASONABLY DANGEROUS,
AND THAT (2) THEIR DAMAGES AROSE FROM A REASONABLY
ANTICIPATED USE OF THE PRODUCT.

IT HAS BEEN STIPULATED AND AGREED UPON IN THIS CASE,
AND THEREFORE YOU MAY CONSIDER IT TO BE ESTABLISHED, THAT
BOTH THE JANSSEN AND BAYER DEFENDANTS IN THIS CASE ARE
MANUFACTURERS OF XARELTO WITHIN THE MEANING OF THE LPLA.
WHERE THERE IS A RELATIONSHIP BETWEEN MANUFACTURERS, AND
A PLAINTIFF IS INJURED BY A PRODUCT THAT MAY BE DEEMED
"MANUFACTURED" BY MORE THAN ONE MANUFACTURER, THESE
MANUFACTURERS ARE COLLECTIVELY RESPONSIBLE TO THE
PLAINTIFF. XARELTO IS THE BRAND NAME OF RIVAROXABAN.

XARELTO IS A PRESCRIPTION DRUG. THAT IS TO SAY, A MEDICAL

PROVIDER OR DOCTOR MUST PRESCRIBE THE DRUG.

A "REASONABLY ANTICIPATED USE" OF A PRODUCT MEANS A

USE OR HANDLING OF A PRODUCT THAT THE MANUFACTURER

SHOULD REASONABLY EXPECT, IN THIS CASE BY A PRESCRIBING

PHYSICIAN.

**B.     FAILURE TO WARN AND INSTRUCT**

I WILL NOW DISCUSS WITH YOU THE LAW GOVERNING THE

PLAINTIFFS' CLAIM FOR FAILURE TO WARN AND INSTRUCT.

IN ORDER TO DECIDE THE PLAINTIFFS' FAILURE-TO-WARN-

AND-INSTRUCT CLAIM, YOU MUST DETERMINE WHETHER THE

PLAINTIFFS HAVE PROVEN BY A PREPONDERANCE OF THE EVIDENCE

THAT THE DEFENDANTS FAILED TO ADEQUATELY WARN AND/OR

PROPERLY INSTRUCT MR. BOUDREAUX'S TREATING PHYSICIAN, DR.

WONG, ABOUT THE PROPER USE OF XARELTO AND, IF SO, WHETHER

THE DEFENDANTS' FAILURE TO WARN OR INSTRUCT WAS A

PROXIMATE CAUSE OF THE PLAINTIFFS' INJURIES.

PRESCRIPTION DRUGS OFTEN CAUSE UNWANTED SIDE EFFECTS

DESPITE THE FACT THAT THEY HAVE BEEN CAREFULLY DESIGNED

AND PROPERLY MANUFACTURED. THE LAW DEEMS SUCH PRODUCTS

"UNAVOIDABLY UNSAFE," BUT THEY ARE NOT DEFECTIVE, NOR

UNREASONABLY DANGEROUS, IF THEY INCLUDE ADEQUATE INSTRUCTIONS FOR THE SAFE USE OF THE DRUG.

THE PLAINTIFFS CLAIM THAT XARELTO WAS UNREASONABLY DANGEROUS BECAUSE OF INADEQUATE WARNINGS OR INSTRUCTIONS ABOUT ITS POTENTIAL RISKS WHEN TAKEN ON THE RECOMMENDED DOSING SCHEDULE WITHOUT AN ASSESSMENT OF THE PATIENT'S "PT" TIME.

IN ORDER TO BE SUCCESSFUL, PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT: (1) THE PRODUCT HAD A POTENTIALLY DAMAGE-CAUSING CHARACTERISTIC; (2) THE DEFENDANTS FAILED TO USE REASONABLE CARE TO PROVIDE AN ADEQUATE WARNING OR INSTRUCTION TO THE PRESCRIBING PHYSICIAN ABOUT THIS CHARACTERISTIC AND ITS ASSOCIATED DANGER; AND (3) THE INJURY WHICH MR. BOUDREAUX SUFFERED WAS PROXIMATELY CAUSED BY THE INADEQUATE WARNING OR INSTRUCTION.

AN "ADEQUATE WARNING" UNDER THE LPLA IS DEFINED AS A "WARNING OR INSTRUCTION THAT WOULD LEAD AN ORDINARY REASONABLE USER OR HANDLER OF A PRODUCT TO CONTEMPLATE THE DANGER IN USING OR HANDLING THE PRODUCT AND EITHER TO

DECLINE TO USE OR HANDLE THE PRODUCT OR, IF POSSIBLE, TO USE OR HANDLE THE PRODUCT IN SUCH A MANNER AS TO AVOID THE DAMAGE FOR WHICH THE CLAIM IS MADE." THE LACK OF ADEQUATE INSTRUCTIONS FOR SAFE USE OF THE PRODUCT MAY INCLUDE INADEQUACIES IN RECOMMENDED ASSESSMENT, TESTING, OR SCREENING TECHNIQUES.

UNDER THE APPLICABLE LAW, A PRESCRIPTION DRUG MANUFACTURER ONLY HAS A DUTY TO WARN AND INSTRUCT A "LEARNED INTERMEDIARY," SUCH AS THE PRESCRIBING PHYSICIAN, OF THE POTENTIAL RISKS OR DANGERS INHERENT IN A PRODUCT. IT DOES NOT HAVE A DUTY TO WARN OR INSTRUCT THE CONSUMER DIRECTLY. THIS IS BECAUSE PHYSICIANS ARE GENERALLY IN A SUPERIOR POSITION TO EVALUATE THE WARNING AND INSTRUCTION AND TO IMPART SUCH WARNING AND INSTRUCTION TO THE PATIENT, AND CAN PROVIDE AN INDEPENDENT MEDICAL DECISION AS TO WHETHER USE OF THE DRUG IS APPROPRIATE FOR A PARTICULAR PATIENT. ALTHOUGH A PRESCRIPTION DRUG MANUFACTURER'S DUTY TO WARN OF AND INSTRUCT ABOUT THE POTENTIAL RISKS OF ITS PRODUCT IS DIRECTED ONLY TO THE REASONABLY PRUDENT PRESCRIBER AND NOT TO THE CONSUMER,

THE MANUFACTURER IS DIRECTLY LIABLE TO THE PATIENT FOR

BREACH OF SUCH DUTY.

WHEN A PRESCRIPTION DRUG MANUFACTURER PROVIDES A

WARNING OR INSTRUCTION, IT MAY REASONABLY ASSUME THAT IT

WILL BE READ AND HEEDED BY THE PRESCRIBER. IT IS A

PHYSICIAN'S DUTY TO REMAIN ABREAST OF DRUG'S

CHARACTERISTICS AND TO TAKE INTO ACCOUNT THE INFORMATION

CONTAINED IN A PRESCRIPTION DRUG'S LABEL. THE DRUG

MANUFACTURER MAY REASONABLY ASSUME THAT THE

PRESCRIBER WILL APPLY THE SAME KNOWLEDGE, PROFESSIONAL

EXPERTISE, AND GOOD JUDGMENT THAT A REASONABLE PHYSICIAN

WOULD APPLY IN USING THE PRODUCT. PROVIDING AN ADEQUATE

WARNING OR ADEQUATE INSTRUCTIONS TO THE PRESCRIBING

DOCTOR RELIEVES THE MANUFACTURER OF ITS DUTY TO WARN THE

PATIENT REGARDLESS OF HOW OR IF THE PRESCRIBER WARNS THE

PATIENT.

A WARNING OR INSTRUCTION IS INADEQUATE IF THE

MANUFACTURER FAILS TO GIVE A REASONABLY PRUDENT

PRESCRIBER WARNING OF OR INSTRUCTIONS ABOUT A PARTICULAR

RISK THAT WAS KNOWN OR KNOWABLE TO THE MANUFACTURER IN

LIGHT OF THE GENERALLY-RECOGNIZED AND PREVAILING BEST
SCIENTIFIC AND MEDICAL KNOWLEDGE AVAILABLE AT THE TIME OF
MANUFACTURE AND DISTRIBUTION. THE DRUG MANUFACTURER
HAS A DUTY TO TAKE REASONABLE PRECAUTIONS TO PROVIDE AN
ADEQUATE WARNING OR INSTRUCTION IN ITS LABEL THAT WOULD
PLACE A PRESCRIBER ON GUARD AGAINST THE HARMFUL
CONSEQUENCES THAT MIGHT RESULT FROM USE OF THE PRODUCT.
THE LABEL MUST CONTAIN LANGUAGE THAT IS ADEQUATE TO
REASONABLY INFORM THE PRESCRIBING PHYSICIAN ABOUT HOW TO
USE THE PRODUCT IN SUCH A MANNER AS TO AVOID THE DAMAGE
FOR WHICH THE CLAIM IS MADE.

THE MANUFACTURER MAY COMMUNICATE A WARNING OR
INSTRUCTION THROUGH A LABEL OR PACKAGE INSERT, OR OTHER
COMMUNICATIONS OR LITERATURE. IN DETERMINING THE SCOPE OF
A MANUFACTURER'S DUTY TO WARN OF DANGERS AND PROVIDE
INSTRUCTIONS ASSOCIATED WITH THE USE OF ITS PRODUCT, THE
MANUFACTURER IS HELD TO THE KNOWLEDGE AND SKILL OF AN
EXPERT IN ITS FIELD. THE MANUFACTURER MUST KEEP UP WITH
SCIENTIFIC KNOWLEDGE, DISCOVERIES, AND ADVANCES AND IS
PRESUMED TO KNOW WHAT COULD BE LEARNED BY DOING SO. THIS

DUTY IS CONTINUING. IF THE MANUFACTURER LEARNS OF A
CHARACTERISTIC OR DANGER THAT MAY CAUSE INJURY AFTER ITS
PRODUCT IS ON THE MARKET, THE MANUFACTURER HAS A
CONTINUING DUTY TO USE REASONABLE CARE TO PROVIDE
ADEQUATE WARNING OR INSTRUCTIONS TO PRESCRIBERS OF ITS
PRODUCT CONCERNING SUCH LATER-DISCOVERED MATTERS. THAT
IS TO SAY, UNDER THE LAW (INCLUDING FEDERAL REGULATIONS)
APPLICABLE TO THIS CASE, DRUG MANUFACTURERS HAVE THE
RESPONSIBILITY FOR DRAFTING THE INITIAL LABELING FOR THEIR
PRODUCT, AND FOR ASSURING THAT THE LABELING CONTINUES TO
REFLECT THE CURRENT KNOWLEDGE CONCERNING THE RISKS
POSED BY THE DRUG.

WHERE THE DEFENDANTS ARE SHOWN TO HAVE FAILED TO
ADEQUATELY WARN OR INSTRUCT A PRESCRIBING DOCTOR ABOUT
A DRUG, THE LEARNED INTERMEDIARY DOCTRINE DOES NOT
RELIEVE THE MANUFACTURER OF LEGAL RESPONSIBILITY. IN OTHER
WORDS, IN THAT CIRCUMSTANCE THE PRESCRIBING DOCTOR
CANNOT BE SAID TO BE A "LEARNED" INTERMEDIARY BECAUSE HE
WAS NOT ADEQUATELY INFORMED BY THE DEFENDANTS.

IN ORDER TO PROVE THEIR FAILURE-TO-WARN-OR-INSTRUCT CLAIM, THE PLAINTIFFS MUST NOT ONLY PROVE THAT DEFENDANTS' WARNINGS OR INSTRUCTIONS REGARDING XARELTO WERE INADEQUATE, BUT ALSO THAT SUCH INADEQUACY AFFECTED THE DECISION OR DECISIONS OF THE PRESCRIBING PHYSICIAN WITH REGARDS TO XARELTO. IN OTHER WORDS, YOU MUST DETERMINE IF DR. WONG WOULD HAVE ALTERED HIS PRESCRIBING BEHAVIOR AND MR. BOUDREAUX WOULD NOT HAVE SUFFERED HIS INJURY HAD THE DOCTOR BEEN PROVIDED WITH ADEQUATE INSTRUCTIONS.

IF THE GREATER WEIGHT OF THE EVIDENCE DOES NOT SUPPORT THE PLAINTIFFS' CLAIM, YOUR VERDICT SHOULD BE FOR THE DEFENDANTS. IF THE GREATER WEIGHT OF THE EVIDENCE, HOWEVER, DOES SUPPORT THE PLAINTIFFS' CLAIM, THEN YOUR VERDICT SHOULD BE FOR THE PLAINTIFFS.

### C.    LABELING AND FEDERAL REGULATIONS

AS I PREVIOUSLY MENTIONED, XARELTO IS A BRAND-NAME DRUG. THE FDA APPROVED BOTH XARELTO AND ITS LABEL. YOU MAY CONSIDER THIS FACT IN WEIGHING THE EVIDENCE IN THIS CASE IN DETERMINING THE LIABILITY OF THE DEFENDANTS.

HOWEVER, FDA APPROVAL, ALTHOUGH RELEVANT, DOES NOT IN AND OF ITSELF ABSOLVE THE DEFENDANTS OF ALL LIABILITY,

NOR DOES IT ESTABLISH THAT THE WARNINGS OR INSTRUCTIONS

PROVIDED WITH THE DRUG WERE ADEQUATE UNDER THE

STANDARDS OF LOUISIANA LAW. IN FACT, ANY ACTION OR

INACTION ON THE PART OF THE FDA, THOUGH RELEVANT, DOES NOT

FORECLOSE A CLAIM UNDER LOUISIANA LAW. THEREFORE, EVEN IF

THE DEFENDANTS HAVE MET ALL THE APPROPRIATE MINIMUM

STANDARDS FOR FDA APPROVAL AND GOVERNMENTAL

REGULATIONS AND REQUIREMENTS TO OBTAIN FDA APPROVAL,

THIS COMPLIANCE AND APPROVAL, THOUGH RELEVANT, IS NOT

SUFFICIENT TO CONCLUSIVELY ESTABLISH THAT THE DEFENDANTS

HAVE TAKEN THE STEPS NECESSARY UNDER THE LAW WHICH

APPLIES IN THIS CASE. MORE SPECIFICALLY, IF YOU FIND THAT THE

DEFENDANTS FAILED TO APPRISE TREATING PHYSICIANS OF

APPROPRIATE TESTING TO ADDRESS RISKS THAT THEY        KNEW OR

SHOULD HAVE KNOWN PRIOR TO FDA APPROVAL OR BECAME

KNOWN OR SHOULD HAVE BECOME KNOWN AFTER THE FDA

APPROVED XARELTO'S LABEL, THEN FDA APPROVAL OF THE DRUG

IS NOT CONCLUSIVE.

### D.    CAUSATION

IN ORDER FOR PLAINTIFFS TO PREVAIL ON THEIR CLAIMS, THEY

MUST ESTABLISH THAT THE INADEQUATE INSTRUCTION OR

WARNING, WAS THE "PROXIMATE CAUSE" OF JOSEPH BOUDREAUX'S
ALLEGED INJURIES.

PROXIMATE CAUSE MEANS THE EFFICIENT CAUSE OR DIRECT
CAUSE. THE LAW DEFINES PROXIMATE CAUSE AS SOMETHING THAT
PRODUCES A NATURAL CHAIN OF EVENTS WHICH, IN THE END,
BRING ABOUT THE INJURY. IN OTHER WORDS, PROXIMATE CAUSE IS
THE CAUSE WITHOUT WHICH THE INJURY WOULD NOT HAVE
OCCURRED. PROXIMATE CAUSE REQUIRES PROOF OF BOTH
CAUSATION-IN-FACT AND LEGAL CAUSE.

CAUSATION-IN-FACT IS PROVED BY ESTABLISHING THAT A
PLAINTIFF'S INJURY WOULD NOT HAVE OCCURRED "BUT FOR" THE
DEFENDANTS' ACTIONS. IN ORDER TO PROVE CAUSE-IN-FACT IN THIS
CASE, THE PLAINTIFFS MUST SHOW TO A REASONABLE DEGREE OF
MEDICAL PROBABILITY BOTH THAT XARELTO CAN CAUSE BLEEDING
AND THAT THE FAILURE TO INSTRUCT DR. WONG WAS THE CAUSE
OF HIS INJURY.

LEGAL CAUSE IS PROVED BY ESTABLISHING FORESEEABILITY.
THE TEST OF FORESEEABILITY IS WHETHER SOME INJURY TO
ANOTHER IS THE NATURAL AND PROBABLE CONSEQUENCE OF THE
COMPLAINED OF CONDUCT. THE LAW REQUIRES ONLY REASONABLE

FORESIGHT. IT IS NOT NECESSARY FOR THE PLAINTIFFS TO
DEMONSTRATE THAT THE DEFENDANT SHOULD HAVE FORESEEN
THE PARTICULAR EVENT WHICH OCCURRED, BUT MERELY THAT THE
DEFENDANT SHOULD HAVE FORESEEN THAT ITS ACTIONS WOULD
PROBABLY CAUSE INJURY TO SOMEONE. THE PLAINTIFFS PROVE
LEGAL CAUSE BY ESTABLISHING THAT THE INJURY IN QUESTION
OCCURRED AS A NATURAL AND PROBABLE CONSEQUENCE OF THE
DEFENDANTS' ACTIONS OR INACTIONS.

PROXIMATE CAUSE DOES NOT MEAN THE SOLE CAUSE. THE
DEFENDANTS' CONDUCT CAN BE A PROXIMATE CAUSE IF IT WAS AT
LEAST ONE OF THE DIRECT, CONCURRING CAUSES OF THE ALLEGED
INJURY. HOWEVER, THE PLAINTIFFS MUST SHOW THAT THE
CONDUCT OF THE DEFENDANTS WAS A SUBSTANTIAL
CONTRIBUTING FACTOR IN BRINGING ABOUT THE RESULT. IN OTHER
WORDS, IT IS NOT NECESSARY FOR THE PLAINTIFFS TO NEGATE ALL
OTHER CONTRIBUTING FACTORS OR CAUSES OF HIS INJURIES,
PROVIDED THEY SHOW THAT THE DEFENDANTS' FAILURE TO
PROVIDE ADEQUATE INSTRUCTIONS IN THE XARELTO LABEL
SUBSTANTIALLY CONTRIBUTED TO HIS INJURIES. WHERE TWO OR
MORE POSSIBLE CAUSES FOR AN INJURY ARE IDENTIFIED, THE

PLAINTIFFS MUST ESTABLISH WITH REASONABLE PROBABILITY THAT HIS INJURY RESULTED FROM A CAUSE FOR WHICH THE DEFENDANTS WOULD BE LIABLE. MOREOVER, THE PLAINTIFFS MUST PROFFER A COMPETENT MEDICAL EXPERT TO TESTIFY TO A REASONABLE DEGREE OF MEDICAL PROBABILITY THAT XARELTO WAS A PROXIMATE CAUSE OF HIS INJURIES.

TO RECOVER FOR THE FAILURE-TO-WARN-OR-INSTRUCT CLAIM, PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT AN INADEQUATE INSTRUCTION ITSELF—IN ADDITION TO THE MEDICATION—WAS THE PROXIMATE CAUSE OF MR. BOUDREAUX'S ALLEGED INJURY. WHEN I SAY "PROXIMATE CAUSE," I MEAN THAT PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT, IF AN ADEQUATE WARNING OR INSTRUCTION HAD ACCOMPANIED XARELTO, THEN DR. WONG WOULD HAVE ALTERED HIS PRESCRIBING BEHAVIOR AND MR. BOUDREAUX WOULD NOT HAVE SUFFERED HIS ALLEGED INJURY.

E.   DAMAGES

NOW LET ME SPEAK WITH YOU ABOUT DAMAGES. "DAMAGES" IS THE TERM USED TO INDICATE IN DOLLARS AND CENTS WHAT, IF ANY, MONETARY LOSSES THE PLAINTIFFS HAVE SUSTAINED.

IF YOU FIND THAT PLAINTIFFS HAVE PROVEN THEIR CLAIM

AGAINST THE DEFENDANTS BY A PREPONDERANCE OF THE

EVIDENCE, YOU MUST THEN DETERMINE THE AMOUNT OF

DAMAGES, IF ANY, TO WHICH THEY ARE ENTITLED. YOU SHOULD

NOT INTERPRET THE FACT THAT I AM GIVING YOU INSTRUCTIONS

ABOUT PLAINTIFFS' DAMAGES AS AN INDICATION IN ANY WAY THAT

I BELIEVE THAT PLAINTIFFS SHOULD, OR SHOULD NOT, WIN THIS

CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER THE PLAINTIFFS

SUFFERED DAMAGES AS A RESULT OF THE FAULT OF THE

DEFENDANTS. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT

YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT

PLAINTIFFS PROVED THAT THEY SUSTAINED DAMAGES AS A RESULT

OF THE FAULT OF THE DEFENDANTS AND THAT THEY ARE ENTITLED

TO RECOVER MONEY FROM THE DEFENDANTS. PLAINTIFFS MUST

PROVE THEIR DAMAGES WITH REASONABLE CERTAINTY AND

CANNOT BE AWARDED ON THE BASIS OF SPECULATION AND

CONJECTURE.

IF YOU FIND THAT THE DEFENDANTS ARE LIABLE TO THE

PLAINTIFFS, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR

COMPENSATION FOR THE PLAINTIFFS' DAMAGES. THESE DAMAGES

ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFFS WHOLE– THAT IS, TO COMPENSATE THE PLAINTIFFS FOR THE DAMAGES THEY SUFFERED. UNDER THE APPLICABLE LAW, YOU MAY NOT AWARD VINDICTIVE, PUNITIVE, OR EXEMPLARY DAMAGES IN THIS CASE; ONLY COMPENSATORY DAMAGES MAY BE AWARDED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT THE PLAINTIFFS PROVE WERE CAUSED BY DEFENDANTS' WRONGFUL CONDUCT.

THE DAMAGES YOU AWARD MUST BE FAIR COMPENSATION FOR THE PLAINTIFFS' DAMAGES, NO MORE AND NO LESS. COMPENSATORY DAMAGES ARE NOT ALLOWED AS PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE THE DEFENDANTS. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICH THE PLAINTIFFS ACTUALLY SUSTAINED.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. THAT IS TO SAY, YOU SHOULD NOT BE AFFECTED BY SYMPATHY, COMPASSION, PREJUDICE, OR BIAS. COMPUTING DAMAGES MAY BE DIFFICULT, BUT

YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN

ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT

REQUIRE THAT THE PLAINTIFFS PROVE THE AMOUNT OF THEIR

LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH

DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF

DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND

THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN

EVIDENCE.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF

DAMAGES TO THE EXTENT YOU FIND THAT PLAINTIFFS HAVE

ESTABLISHED THEM:

(1) MR. BOUDREAUX'S PAST PHYSICAL PAIN AND SUFFERING

AND MENTAL ANGUISH;

(2) MR. BOUDREAUX'S PAST MEDICAL EXPENSES; AND

(3) MRS. BOUDREAUX'S LOSS OF CONSORTIUM.

SOME OF THESE DAMAGES, SUCH AS MENTAL OR PHYSICAL

PAIN AND SUFFERING, ARE INTANGIBLE THINGS ABOUT WHICH NO

EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES,

YOU ARE NOT DETERMINING VALUE, BUT YOU SHOULD AWARD AN

AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR HIS INJURIES. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE MUST BE FAIR IN LIGHT OF THE EVIDENCE.

**PAST PAIN AND SUFFERING:** YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY SUSTAINED AS A RESULT OF XARELTO AND ANY PAIN, SUFFERING, DISABILITY, INCONVENIENCE AND/OR LOSS OF CAPACITY FOR ENJOYMENT OF LIFE THAT THE PLAINTIFF EXPERIENCED AS A RESULT OF HIS INJURIES. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, NEED BE INTRODUCED. YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE THE PLAINTIFF FOR THE DAMAGES HE SUFFERED. THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE. ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE.

UNDER OUR LAWS, THE DEFENDANTS TAKE THE VICTIM AS THEY FIND HIM. THE AGE AND PRE-EXISTING HEALTH OF A

PLAINTIFF PRIOR TO HIS INJURY SHOULD NOT DISCOUNT THE AMOUNT OF THE COMPENSATION HE RECEIVES FOR AN INJURY.

IN THE EVENT YOU FIND THAT THE PLAINTIFF IS ENTITLED TO RECEIVE AN AWARD FOR MENTAL AND/OR PHYSICAL PAIN AND SUFFERING, I INSTRUCT YOU THAT SUCH AN AWARD IS NOT SUBJECT TO INCOME TAX; NEITHER THE STATE NOR FEDERAL GOVERNMENT WILL TAX IT. THEREFORE, YOU SHOULD DETERMINE THE AMOUNT THAT THE PLAINTIFFS ARE ENTITLED TO RECEIVE WITHOUT CONSIDERING THE EFFECT OF TAXES UPON IT.

**MEDICAL EXPENSES:** A PLAINTIFF MAY RECOVER PAST EXPENSES IF HE ESTABLISHES THAT HE INCURRED PAST MEDICAL EXPENSES IN GOOD FAITH AS A RESULT OF HIS INJURY.

**MENTAL ANGUISH:** THE LAW RECOGNIZES THAT A PLAINTIFF MAY SUFFER MENTAL DISTRESS AND ANGUISH AS A RESULT OF AN INCIDENT AS WELL AS PHYSICAL PAIN AND SUFFERING. YOU ARE PERMITTED TO CONSIDER SUCH CONSEQUENCES AS A PART OF THE GENERAL DAMAGES WHICH YOU MAY AWARD. BY "MENTAL DISTRESS AND ANGUISH," I MEAN SUBSTANTIAL WORRY OR CONCERN, GRIEF AND THE LIKE.

**LOSS OF CONSORTIUM**: MRS. BOUDREAUX MAY RECOVER FOR LOSS OF CONSORTIUM IF THE EVIDENCE DEMONSTRATES THAT XARELTO CAUSED THIS LOSS. CONSORTIUM INCLUDES LOVE AND AFFECTION, SOCIETY AND COMPANIONSHIP, SUPPORT, AID AND ASSISTANCE, FELICITY, AND PERFORMANCE OF MATERIAL SERVICES, E.G., UNCOMPENSATED WORK AROUND THE HOME. A PLAINTIFF NEED NOT PROVE ALL OF THESE THINGS TO SUPPORT AN AWARD FOR LOSS OF CONSORTIUM.

AGAIN, THE MERE FACT THAT I HAVE GIVEN YOU INSTRUCTIONS ON THE LAW OF DAMAGES DOES NOT IN ANY WAY SUGGEST THAT I BELIEVE THAT ANY DAMAGES ARE DUE IN THIS CASE. PLAINTIFFS MUST PROVE THEIR DAMAGES WITH REASONABLE CERTAINTY AND CANNOT BE AWARDED DAMAGES ON THE BASIS OF SPECULATION. WHETHER OR NOT PLAINTIFFS ARE ENTITLED TO RECOVER AND WHETHER OR NOT THEY HAVE PROVEN THAT ANY DAMAGES ARE DUE IS FOR YOU TO DECIDE.

## III.   CONCLUSION

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH A UNANIMOUS AGREEMENT, IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF

THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. DO NOT, HOWEVER, GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY OR MERELY TO FINISH THE CASE.

REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES—JUDGES OF THE FACTS. YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.

YOU WILL NOTE THAT THE FORM CONTAINS SEVERAL INTERROGATORIES OR QUESTIONS. THE ANSWER TO EACH QUESTION MUST BE THE UNANIMOUS ANSWER OF THE JURY. IN THE SPACE PROVIDED BELOW EACH QUESTION, YOU WILL FIND DIRECTIONS WHICH INSTRUCT YOU EITHER TO ANSWER THE NEXT QUESTION, TO ANSWER SOME OTHER QUESTION, OR TO STOP AND

RETURN TO THE COURTROOM WITH YOUR VERDICT. YOU MUST
CAREFULLY FOLLOW THESE DIRECTIONS AS YOU COMPLETE THE
FORM.

**[READ THE VERDICT FORM.]**

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON
YOUR VERDICT, YOU MAY TAKE THIS CHARGE WITH YOU AS WELL
AS EXHIBITS WHICH I HAVE ADMITTED INTO EVIDENCE. FIRST,
SELECT YOUR FOREPERSON AND THEN CONDUCT YOUR
DELIBERATIONS. IF YOU RECESS DURING YOUR DELIBERATIONS,
FOLLOW ALL OF THE INSTRUCTIONS THAT THE COURT HAS GIVEN
ABOUT YOUR CONDUCT DURING THE TRIAL. AFTER YOU HAVE
REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON IS TO
FILL IN ON THE FORM YOUR ANSWERS TO THE QUESTIONS. DO NOT
REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE
DISCHARGED, UNLESS OTHERWISE DIRECTED BY ME. YOU MUST
NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, ANY NUMERICAL
DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME,
PLEASE GIVE A SIGNED WRITTEN MESSAGE OR QUESTION TO THE
MARSHAL, WHO WILL BRING IT TO ME. I WILL THEN RESPOND AS

PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU BROUGHT INTO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I WILL ALWAYS FIRST DISCLOSE TO THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS I ORDER OTHERWISE. YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.