**UNITED STATES DISTICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL NO. 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *JOSEPH ORR, ET AL V.* | * | |
| *JANSSEN RESEARCH, ET AL* | * | MAG. JUDGE NORTH |
| *NO. 15-03708* | * | |
| | * | |
| *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  * | | |

**PLAINTIFFS' STEERING COMMITTEE'S MEMORANDUM IN REPLY TO**
**DEFENDANTS' OPPOSITION TO PLAINTIFFS'**
**MOTON TO AMEND THE COMPLAINT**

MAY IT PLEASE THE COURT:

Defendants' memorandum in opposition to Plaintiffs' Motion to Amend

Complaint fails to establish that the assertion of a "loss of a chance" damages recovery as

part of Plaintiffs' survival action would be either prejudicial or futile.  Accordingly,

pursuant to the longstanding principle that amendments to complaints under FRCP 15

should be freely allowed when justice requires, Plaintiffs' motion should be granted,

allowing this "loss of a chance" of survival claim to be adjudicated on its merits.

Recovery for the loss of a chance of survival is available under the Louisiana

Products Liability Act, based on that statute's inclusive definition of damages.  The Act

expressly provides that a plaintiff alleging harm from a product may seek "survival and

wrongful death damages for which Civil Code Articles 2315, 2315.1 and 2315.2 allow

recovery."  La. Rev. Stat. § 9:2800.53(5).  Article 2315.1 in turn extends to plaintiffs in

survival actions "the right to recover all damages for injury to [the deceased] person, his

property or otherwise." Harm done to a decedent based on the diminished or lost chance

1

of survival, where that harm is allegedly caused by a defective product, thus should be compensable when the statutory definition of damages and the provision of Article 2315.1 are viewed together.

Neither are Defendants correct in averring that survival actions seeking "loss of a chance" damages must proceed only in medical malpractice actions.  In *Smith v. State, Dept. of Health and Hospitals*, 95-0038 (La. 6/25/96), 676 So. 2d 543, 547 n.7, the Louisiana Supreme Court simply affirmed that such damages are available in a medical malpractice case <u>and</u> declined to address the question whether "loss of a chance" recovery could be pursued in other tort actions besides medical malpractice.  *See id.* More importantly, it did so while making clear that such recovery in other types of actions was "not foreclosed" by its decision.  *Id.*[1]

This decision not to foreclose "loss of a chance" recovery outside of medical malpractice actions, however, also must be seen against the backdrop of a decision by the same Louisiana Supreme Court two years prior to *Smith*.  In *Weber v. State,* 93-0062 (La. 4/11/94), 635 So. 2d 188, the lower courts had concluded that the recovery theory was not cognizable outside of medical malpractice cases, and on this basis dismissed a claim for the lost chance of survival brought against the decedent's employer for refusing to pay for certain medical expenses.  The Supreme Court reinstated and remanded the case. *Id.* at 194.  It held that the claim for "loss of a chance" damages was to be addressed by the finder of fact through a trial on the merits.

---

[1] *Bach v. Trident Steamship Co., Inc.,* 920 F. 2d 322 (5th Cir. 1991), *Certiorari Granted, Judgment Vacated by Bach v. Trident S.S. Co., Inc.,* 500 U.S. 949 (1991)("We decline the invitation to apply this doctrine in this section 905(b) case, well beyond the context in which it has been developed.")

The Defendants thus are in error to suggest that to this Court "the Louisiana Supreme Court has not extended the doctrine outside the medical-malpractice context." *See* Defendants' Opp. Memo., at p. 4 (Rec. Doc. 6389).

Moreover, one of the cases cited by Defendants is actually supportive of Plaintiffs' position.  In *Pelas v. Golden Rule Ins. Co.,* No. Civ. A. 97-3779, 1999 WL 438478 (E.D. La. 1999), the Hon. Mary Ann Lemmon recognized that damages for the loss of a chance of survival <u>could</u> be recovered in a context other than medical malpractice.  Plaintiffs in that matter alleged such a loss based on the refusal of the defendant insurer to provide coverage for a bone marrow transplant.  *Id.* at *1.  Defendant argued "there can be no recovery of damages under Louisiana law for loss of chance of survival beyond the medical malpractice context."  *Id.*  But in a well-reasoned analysis, Judge Lemmon determined that "if the Supreme Court of Louisiana were presented with this issue, it would not strictly limit the loss of chance of survival doctrine to medical malpractice cases," since there was no rational or policy-based foundation for such a restriction.  *See id.* at *3.

Judge Lemmon further observed that, outside of Louisiana, the loss of a chance of survival is a damage recovery theory that actually originated outside of medical malpractice.  *See Pelas*, *supra,* at p. 2 [citing *Gardner v. National Bulk Carriers*, 310 F. 2d 284, 287 (4th Cir. 1962].[2]  The same has been noted in scholarly writing on the issue.

---

[2] For example, in *Kansas City, M. & O. Ry. Co. v. Bell*, 197 S.W. 322 (Tex. Civ. App. 1917), a Texas court recognized the loss of chance of a hog to win first place in a contest when the shipment of the hog was delayed.  The doctrine also has been recognized in federal jurisprudence involving the negligent failure to rescue.  *See Blinzler v. Marriot Intern., Inc.*, 81 F. 3d 1148 (1st Cir. 1996) [loss of chance of survival caused by hotel employee's failure to summon help for a guest suffering a heart attack]; *Gardner v. National Bulk Carriers, Inc.*, 333 F. 2d 676 (4th Cir. 1964) [seaman was deprived of chance of survival when ship's master refused to attempt to rescue].

*See* Joseph H. King, Jr.*, Causation, Valuation, and Chance in Personal Injury Torts Involving Preexisting Conditions and Future Consequences*, 90 Yale L.J. 1353 (1981).

Finally, Defendants' argument that they are surprised, and thus prejudiced, by this claim being asserted in Plaintiffs' survival action, is nothing short of disingenuous. The fundamental causation dispute in this case has centered on the question whether Mrs. Orr had a better chance of surviving her brain hemorrhage if surgical intervention had not been delayed due to uncertainty whether she had Xarelto in her system. Counsel as well as medical and expert witnesses retained on both sides in the case have addressed this very question, and presumably are prepared to do so at trial. No new or additional expert witnesses need be added by virtue of this claim. No new or additional defense is required in response to the claim. It has been the position of Defendants throughout the discovery in this case, and through their identified experts, that earlier surgical intervention for Mrs. Orr would have been futile to save her.

This Court therefore should allow the requested amendment, concluding as Judge Lemmon has that a Louisiana Court would not limit "loss of a chance" damages to medical malpractice cases. Such survival damages are allowable under the LPLA's definition of recoverable "damages," and it would be both appropriate and instructive in this bellwether trial to have a jury decide whether there is evidence to support the claim on the merits.

Dated:  May 8, 2017

Respectfully submitted,

| | |
|---|---|
| */s/ Leonard A. Davis*<br>Leonard A. Davis, Esq. (Bar No. 14190)<br>Herman, Herman & Katz, LLC<br>820 O'Keefe Avenue<br>New Orleans, LA  70113<br>Phone:  504-581-4892<br>Fax:     504-561-6024<br>Email:  ldavis@hhklawfirm.com<br>***Plaintiffs' Co-Liaison Counsel*** | */s/ Gerald E. Meunier*<br>Gerald E. Meunier (Bar No. 9471)<br>*Gainsburgh Benjamin David Meunier &*<br>*Warshauer, LLC*<br>2800 Energy Centre<br>1100 Poydras Street<br>New Orleans, LA  70163-2800<br>Phone: 504-522-2304<br>Fax:     504-528-9973<br>Email:  gmeunier@gainsben.com<br>***Plaintiffs' Co-Liaison Counsel*** |

## **PLAINTIFFS' STEERING COMMITTEE**

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Bradley D. Honnold
11150 Overbrook Rd., Ste. 250
Leawood, KS 66211
Phone: (913) 451-3433
Email: bhonnold@gohonlaw.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Frederick Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Russell T. Abney
2100 RiverEdge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Jeffrey S. Grand
77 Water Street
New York, NY  10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: jgrand@seegerweiss.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

Michael Goetz  
201 N. Franklin St., 7th Floor  
Tampa, FL 33602  
Phone: (813) 221-6581  
Fax: (813) 222-4737  
Email: MGoetz@ForThePeople.com

Dianne M. Nast  
1101 Market Street, Suite 2801  
Philadelphia, Pennsylvania 19107  
Phone: (215) 923-9300  
Email: dnast@nastlaw.com

Neil D. Overholtz  
17 E. Main Street , Suite 200  
Pensacola, Florida 32501  
Phone: (850) 916-7450  
Fax: (850) 916-7449  
Email: noverholtz@awkolaw.com

Ellen Relkin  
700 Broadway  
New York, New York 10003  
Phone: (212) 558-5500  
Fax: (212) 344-5461  
Email: Erelkin@weitzlux.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2017 a copy of the above and foregoing Plaintiffs'
Steering Committee's Memorandum in Reply to Defendants' Opposition to Plaintiffs'
Motion to Amend Complaint, has contemporaneously with or before filing been served
on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1
of the Eastern District of Louisiana and via MDL Centrality, which will send notice of
electronic filing in accordance with the procedures established in MDL 2592 pursuant to
Pre-Trial Order No. 17.

/s/ Gerald E. Meunier
**Gerald E. Meunier**