UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)  :
PRODUCTS LIABILITY LITIGATION  :  MDL No. 2592
                               :
                               :  SECTION L
                               :
                               :  JUDGE ELDON E. FALLON
                               :
                               :  MAGISTRATE JUDGE NORTH
                               :
                               :

**THIS DOCUMENT RELATES TO:**

*Gene Mumford v. Janssen Research & Development, LLC et al; Civil Action No.: 2:17-cv-01192*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DEEM PRIOR SERVICE VALID OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER PHARMA AG**

Plaintiff submits this memorandum in support of his motion for an Order from this Court deeming prior service on Bayer Pharma AG valid, or in the alternative to provide Plaintiff an additional thirty (30) days within which to serve process on Defendant Bayer Pharma AG through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A and 10B.

**BACKGROUND**

1.  On March 24, 2015, this Court entered PTO 10, which created an informal streamlined service on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG. PTO 10 allowed Plaintiffs to informally serve a Complaint with a Summons on

Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG within 60 days from docketing of Complaint in this MDL.

2. On August 18, 2016, this Court entered PTO 10B, which provided cases that had already been docketed in this MDL 90 days to serve the Complaint with a Summons on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG, due to the influx of Joint Complaints that had been filed prior to the deadline to file a Joint Complaint. PTO 10B also provided that any case docketed on or before September 16, 2016 shall have 90 days from the docketing of the Complaint in the MDL to serve a Complaint with a Summons on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG.

3. Plaintiff's Complaint was filed in In: Re Xarelto (Rivaroxaban) Product Liability Litigation, MDL No. 2592 on February 10, 2017. The Summonses for the individual Defendants were issued between February 13, 2017 and March 17, 2017.

4. Service of Process to all Defendant Bayer Pharma AG was attempted on or around April 18, 2017 by registered mail, return receipt requested, as required by PTO 10 for the above-captioned matter.

5. In keeping with other cases filed by Plaintiff's Counsel, he believed that service of Plaintiffs' Complaints had been perfected through the streamlined process as ordered by PTO Nos. 10 on the above-captioned matter.

6. On April 28, 2017, Plaintiff received correspondence dated April 28, 2017 from counsel for Defendant Bayer Pharma AG acknowledging receipt of the attempted service and stated, "Plaintiffs' attempted service on Bayer Pharma AG by Registered Mail was untimely" and that service was "improper in these cases." The letter further

stated "Plaintiff did not send notice of service to the required email address, either contemporaneously or at any other time." This was the first notice that Plaintiff's counsel received regarding any issues with the service of the Complaints and Plaintiff and his counsel became aware of an inadvertent clerical error, and the deadline had been mistakenly calculated for 90 days after date of filing of Complaint, based on what had previously been allowed until PTO 10B for cases that had been filed prior to September 16, 2016. It was due to this inadvertent clerical error that was the cause of the service of Complaints with Summons to be untimely.[1]

## LAW AND ANALYSIS

7.  Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert the defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Plaintiffs have every intention of pursuing their claims against Defendants; it was through an inadvertent clerical error that service was not perfected within the confines of PTO Nos. 10, 10A, and 10B.

8.  Under Fed. R. Civ. P. 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

---

[1] The deadline for service upon Bayer Pharma AG was on April 11, 2017.

9. The Court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. See *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2nd 880 (1996)). Once more, if plaintiff can establish good cause for failing to serve defendant, that court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P 4(m) Advisory Committee's Note (1993).

10. The Seventh Circuit explains that application of Fed. R. Civ. P. 4(m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chicago*., 646 F. 3d 1001, 1007 (7th Cir. 2011) (citing *Panaras v. Liquid Carbonic Indus. Corp*., 94 F.3d 338, 341 ((7th Cir. 1996) (additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas*, 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

11. Here, the Plaintiff has every intention of pursuing his claims and has demonstrated such to the Defendants, including Bayer Pharma AG. Plaintiff has not acted

in bad faith. Plaintiff's attempted service pursuant to PTO Nos. 10, 10A, 10B and 11 was untimely solely due to a clerical error which resulted in the deadline to be miscalculated for 90 days after the docketing of the Complaint. This clerical error was not discovered until April 28, 2017, when counsel received correspondence from defense counsel notifying that the attempted served Summons and Complaints were untimely.

12. Because the MDL involved thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by these Plaintiffs, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein. This Court has granted similar relief to other plaintiffs as the Bayer Defendants have disputed service.

13. Plaintiff shows that as a matter of law and fact, they were not in "bad faith" in delaying service of their respective Complaints and Summonses. Defendants are fully aware of and are served with hundreds of identical complaints and have acknowledged receipt of these Complaints and Summonses in these matters. To dismiss Plaintiff's claims here would elevate form over substance and deprive Plaintiff of his day in court based on an inadvertent clerical error.

14. Plaintiff points out that declaring prior service for Plaintiffs on Bayer Pharma AG valid is appropriate under the circumstances. However, if this Court is unwilling to declare prior service of the Complaint in this matter as valid, Plaintiff respectfully requests an extension of time in the amount of thirty (30) days from the date of an order is entered within which to provide streamlined service of process on Bayer Pharma AG.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an Order from this Court declaring prior service on Bayer Pharma AG in this matter to be effective, or in the alternative, grant thirty (30) days from the date the Order is entered within which to provide streamline service of process on Defendant Bayer Pharma AG. No party herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated: May 8, 2017

                              Respectfully submitted,

                              /s/ Thomas M. Kollin
                              THOMAS M. KOLLIN
                              (Ohio State Bar No.: 0066964)
                              THE KOLLIN FIRM, LLC
                              2372 Lakeview Drive, Ste. H
                              Beavercreek, OH 45431-2566
                              (937) 490-4700 (telephone)
                              (937) 490-4666 (facsimile)
                              kollin@kollinfirm.com
                              ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall sent electronic notification of such filing to all CM/ECF participants.

                              /s/ Thomas M. Kollin
                              THOMAS M. KOLLIN