# Exhibit H



**FILED**
SEP 02 2005
**CAROL E. HIGBEE, J.S.C.**

<u>**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE COMMITTEE ON OPINIONS**</u>

## SUPERIOR COURT OF NEW JERSEY
COUNTIES OF
ATLANTIC AND CAPE MAY

CAROL E. HIGBEE, J.S.C.

1201 Bacharach Boulevard
Atlantic City, NJ 08401-4527
(609) 343-2190

<u>MEMORANDUM OF DECISION ON MOTION</u>
Pursuant to Rule 1:6-2(f)

| | |
|---|---|
| *CASE:* | Humeston, et al v. Merck & Co., Inc. |
| *DOCKET #:* | ATL-L-2272-03-MT |
| *RETURN DATE:* | September 9, 2005 |
| *MOTION:* | Exclude Evidence of Prejudicial Issues |
| *ATTORNEYS:* | Diane P. Sullivan – Defendant |
| | Stephen D. Raber – Defendant |
| | Christy Jones – Defendant |
| | David R. Buchanan – Plaintiff |
| | Christopher A. Seeger – Plaintiff |

Having carefully reviewed the papers submitted and any response filed, I have ruled on the above Motion as follows:

Both parties have brought numerous motions *in limine* in order to obtain a preliminary ruling regarding certain evidentiary issues that are likely to arise during the trial of this matter which is presently scheduled to commence on September 12, 2005. Defendant Merck & Co., Inc. ("Merck") has brought thirteen different motions *in limine* and plaintiffs Frederick Humeston & Mary Jackson Humeston have brought seven. The motions have been fully briefed and oral arguments have been heard. Decisions on most of the motions were issued from the bench, on the record at the conclusion of each oral argument. This memorandum of decision will

*"The Judiciary of New Jersey is an equal Opportunity/Affirmative Action Employer"*

address two particular issues. Specifically, the court will address plaintiffs' motion to exclude evidence that Merck employees or family members of Merck employees took VIOXX® and Merck's motion to exclude evidence relating to the assets and profitability of Merck or to the compensation and financial decisions of its employees.

N.J.R.E. 403 holds that: "except as otherwise provided by these rules or other law, relevant evidence may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury or (b) undue delay, waste of time, or needless presentation of cumulative evidence." The party seeking to exclude the evidence has the burden of establishing that this rule should be applied. Rosenblit v. Zimmerman, 166 N.J. 391, 410 (2001). Evidence should only be excluded under this rule where the probative value of the evidence "is so significantly outweighed by [its] inherently inflammatory potential as to have a probable capacity to divert the minds of the jurors from a reasonable and fair evaluation" of the basic issues of the case. State v. Thompson, 59 N.J. 396, 421 (1971). It is the duty of the trial judge to perform the weighing process of whether to exclude evidence under N.J.R.E. 403 and the judge is given broad discretion in exercising this duty. State v. Sands, 76 N.J. 127, 144 (1978). Under N.J.R.E. 403, the "more attenuated and the less probative the evidence, the more appropriate it is for a judge to exclude it." State v. Medina, 201 N.J. Super. 565, 580 (App. Div.), certif. den. 102 N.J. 298 (1985).

### I. Plaintiff's Motion to Exclude Evidence that Merck Employees or Family Members of Merck Employees Took VIOXX®

Plaintiffs assert that allowing evidence that Merck employees or family members of Merck employees ingested VIOXX® is irrelevant and unduly prejudicial, especially because plaintiffs do not have the ability to verify if such people actually consumed the drug or to

2

determine the circumstances surrounding the alleged consumption. Merck acknowledges it cannot obtain its employees or their families' personal medical records. Merck argues that this information is both highly relevant and probative to show that Merck employees did not believe the risk of taking VIOXX® was as great as plaintiffs claim it to be. Merck is essentially arguing that their employees' actions spoke louder than their words because they would not have consumed the drug, or let their family, if they believed it had the cardiovascular risks the plaintiff claims it had. The individual decision made by a person in consultation with their doctor to take a drug is a personal decision which can be made for many reasons. People are willing to take different risks. Some people, depending on their medical condition, may have been willing to gamble on the cardiovascular risks even if they knew of the risk. The exploration at trial of each employee's personal decision would be prejudicial, confusing and time consuming.

The court finds that evidence that Merck employees or their family members took VIOXX® is substantially more prejudicial than probative and must be excluded during trial. Such evidence does not have any probative value in answering the ultimate issues in the failure to warn aspect of this litigation. Allowing Merck employees to testify that they or their family members took VIOXX® would be highly prejudicial to plaintiffs' claims and would not demonstrate with any reliability that VIOXX® was more or less safer than was being represented by Merck to the public.

## II. Merck's Motion to Exclude Evidence Relating to the Compensation and Financial Decisions of Merck Employees

Merck seeks to exclude evidence that certain officials within the company exercised Merck stock options after studies revealing negative information about VIOXX® became known but prior to their release to the public. Plaintiffs claim that this information is highly probative as

3

to what Merck officials knew about VIOXX® and demonstrates that corporate officials were more interested in generating a profit than providing a safe and effective drug. In a role reversal from the previous issue discussed, here, plaintiffs' are essentially arguing that the actions of Merck employees spoke louder than their words because they would not have sold the stock if they truly believed VIOXX® did not pose any increased adverse health risks.

The court finds that evidence relating to the sale of Merck stock by Merck employees is substantially more prejudicial than probative. This information does not go to answering any of the essential issues in this litigation mentioned above. First, plaintiffs are indicating that Merck employees engaged in insider trading, a criminal activity that would be extremely prejudicial to defendant. These stock sales are not "company actions." They are personal to each employee and are based on personal decisions. Next, it has very little, if any, probative value. The stock options could have been exercised for a multitude of reasons that would not have any bearing on this litigation. In order to explain their personal choices the official would have to testify to their personal financial information. Such evidence would require considerable inquiry from both parties into the reasons and motives for such activity and would ultimately be a time consuming distraction to the claims at issue in this litigation. The prejudice far outweighs the probative value.

**Conclusion**

For the foregoing reasons, the court has determined that the evidence discussed would be inappropriate at trial. During the course of trial information may emerge that would alter the circumstances for this decision and render such evidence appropriate for a jury to see. If, such an event occurs, counsel for the parties should renew these arguments with the court, outside of

4

the presence of the jury. Under no circumstances should this evidence be presented to the jury without first requesting permission of the court.

_____
CAROL E. HIGBEE, P.J.Cv.