# Exhibit L

DOCKETED
COMPLEX LIT CENTER
MAR 17 2017
J. STEWART

Engleman Vs Gynecare Etal-ORDER

14030538400128

| | |
|---|---|
| IN RE: PELVIC MESH LITIGATION | PHILADELPHIA COUNTY COURT OF COMMON PLEAS TRIAL DIVISION |
| Margaret Engleman, | |
| Plaintiff, | MARCH TERM, 2014 No. 5384 |
| v. | |
| Ethicon, Inc., et al., | |
| Defendants. | |

## MOTIONS IN LIMINE DEEMING ORDER

AND NOW, this 17th day of March, 2017, upon agreement of the parties and with approval of the Court, the following shall apply in the above-captioned case:

All parties are instructed to tell each witness that they expect to call at trial about the contents of this Order.

### PLAINTIFFS' MOTIONS *IN LIMINE*

1. Plaintiffs filed a motion *in limine* to preclude Defendants from introducing evidence or argument regarding supposed "complication rates" associated with TVT. *See* Pls.' Mot. *in Limine* No. 3 to Preclude Evidence or Argument Regarding "Complication Rates" of TVT, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122847). Defendants opposed the motion. *See* Defs.' Opp. to Pls.' Mot. *in Limine* No. 3 to Preclude Evidence or Argument Regarding "Complication Rates" of TVT, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122847). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed and the principles and legal authority cited therein apply with equal force to all TVT products, including but not limited to the TVT-Secur

device used in Ms. Engleman's case, and the motion is DENIED without prejudice. This Order does not preclude objections at trial.

2. Plaintiffs filed a motion *in limine* to preclude Defendants from introducing evidence or argument that certain alternatives to surgical mesh for SUI treatment are not taught, or rarely taught, in medical schools. *See* Pls.' Mot. *in Limine* No. 4 to Exclude Claims that Certain Alternatives to Surgical Mesh for SUI Treatment Are Not Taught, or Are Rarely Taught, in Medical Schools, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122849). Defendants opposed the motion. *See* Defs.' Opp. to Pls.' Mot. *in Limine* No. 4 to Exclude Claims that Certain Alternatives to Surgical Mesh for SUI Treatment Are Not Taught, or Are Rarely Taught, in Medical School, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122849). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed, and the motion is DENIED.

3. Plaintiffs filed a motion *in limine* to preclude Defendants from introducing argument or evidence referring or relating to statements by physician trade associations or organizations, including the American Urogynecologic Society (AUGS), American College of Obstetrics and Gynecologists (ACOG), American Urological Association (AUA) or Society of Urodynamics, Female Pelvic Medicine & Urogenital Reconstruction (SUFU). *See* Pls.' Mot. *in Limine* No. 5 to Preclude Evidence of Certain Position Statements by Physician Trade Associations or Organizations, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122851). Defendants opposed the motion. *See* Defs.' Opp. to Pls.' Mot. *in Limine* No. 5 to Preclude Evidence of Certain Position Statements by Physician Trade Associations or Organizations, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13,

2016 (Control No. 15122851). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed, and the motion is DENIED without prejudice. This Order does not preclude objections at trial as to relevance and hearsay.

4. Plaintiffs filed a motion *in limine* to preclude Defendants from introducing evidence or argument regarding Defendants' prior good acts or good reputation. *See* Pls.' Mot. *in Limine* No. 8 to Preclude All Evidence or Argument Regarding Defendants' Prior Good Acts or Good Reputation, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122854). Defendants opposed the motion. *See* Defs.' Opp. to Pls.' Mot. *in Limine* No. 8 to Preclude Evidence or Argument Regarding Defendants' Prior Good Acts or Good Reputation, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122854). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed, and the motion is GRANTED, and Defendants may not introduce evidence or argument referring or relating to any good acts performed by them and/or their good reputation in the community.

5. Plaintiffs filed motions *in limine* to preclude Defendants and/or their counsel from offering certain comments or presenting evidence and/or argument on the following: (1) that the transvaginal mesh litigation is "lawyer-driven"; (2) the nature and extent of advertising by attorneys seeking to represent women injured by transvaginal mesh products; (3) any evidence or argument referring or relating to tort reform, a litigation crisis, and/or (4) increases in the cost of health care related to litigation. *See* Pls.' Mot. *in Limine* No. 9 to Preclude Evidence, Testimony, or Argument on Increasing Health Care Costs, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122855); Pls.' Mot. *in Limine* No. 10 to Preclude

Certain Comments by Defense Counsel, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122856). Defendants opposed the motions. *See* Defs.' Opp. to Pls.' Mot. *in Limine* No. 9 to Preclude Evidence, Testimony, or Argument on Increasing Health Care Costs, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122855); Defs.' Opp. to Pls.' Mot. *in Limine* No. 10 to Preclude Certain Comments by Defense Counsel, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122856). The parties agree and the Court hereby rules that these motions and oppositions, and any and all attachments and appendices to those submissions, are deemed filed and it is hereby ORDERED and DECREED that:

> 1. Plaintiffs' Motion in Limine No. 9 to preclude evidence, argument, testimony or reference regarding an alleged increase in the costs of healthcare is GRANTED, and Defendants may not introduce evidence or argument referring or relating to any alleged increasing costs of healthcare.
>
> 2. Plaintiffs' Motion *in Limine* No. 10 to preclude certain comments by Defense counsel is DENIED without prejudice. This Order does not preclude objections at trial.

This Order does not preclude Plaintiff from filing a separate Motion *in Limine* as to the portions of Motion in *Limine* No. 9 not addressed by the *Carlino* ruling.

6.  Plaintiffs filed a motion *in limine* to preclude Defendants from introducing testimony from their employees, other lay witnesses, or experts regarding their own personal experiences with pelvic or transvaginal mesh devices or experiences of their friends and/or family members with pelvic or transvaginal mesh devices and whether such devices are appropriate for themselves or a family member. *See* Pls.' Mot. *in Limine* No. 11 to Exclude Evidence Relating to Personal Experiences of Defendants' Employees or Experts Regarding Use of TVT, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122857). Defendants opposed the motion. *See* Defs.' Opp. to Pls.' Mot. *in Limine* No. 11 to

4

Exclude Evidence Relating to Personal Experiences of Defendants' Employees or Experts Regarding Use of TVT, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122857). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed and the principles and legal authority cited therein apply with equal force to all TVT products, including but not limited to the TVT-Secur device used in Ms. Engleman's case, and the motion is GRANTED regarding the specific personal experience testimony described in the motion filed.

7. Plaintiffs filed a motion *in limine* to preclude Defendants from presenting any evidence or argument regarding the number of women allegedly implanted with TVT. *See* Pls.' Mot. *in Limine* No. 13 to Preclude Evidence or Argument Regarding How Many Women Have Allegedly Been Implanted with the TVT, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122859). Defendants opposed the motion. *See* Defs.' Opp. to Pls.' Mot. *in Limine* No. 13 to Preclude Any Evidence or Argument at Trial Regarding the Number of Women Allegedly Implanted with the TVT Device, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122859). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed and the principles and legal authority cited therein apply with equal force to all TVT products, including but not limited to the TVT-Secur device used in Ms. Engleman's case, and the motion is DENIED.

8. Plaintiffs filed a motion *in limine* to preclude Defendants from introducing any argument, evidence, or testimony relating to the number or percentage of doctors who use mesh or tape. *See* Pls.' Mot. *in Limine* No. 15 to Preclude Evidence of The Numbers of Physicians

5

Who Use Mesh, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122861). Defendants opposed the motion. *See* Defs.' Opp. to Pls.' Mot. *in Limine* No. 15 to Preclude Any Argument, Evidence, or Testimony Relating to The Number or Percentage of Doctors Who Use Mesh or Tape, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122861). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed, and the motion is DENIED.

9. Plaintiffs filed a motion *in limine* to preclude Defendants from advancing improper defenses at trial, including but not limited to: (1) that physicians knew about undisclosed risks of the TVT procedure; (2) what was taught to physicians generally during medical education and training; and (3) the physician's personal "success" with TVT or other mesh devices. *See* Pls.' Mot. *in Limine* No. 16 to Preclude Defendants from Advancing Improper Defenses, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122862). Defendants opposed the motion. *See* Defs.' Opp. to Pls.' Mot. *in Limine* No. 16 to Preclude Defendants From Advancing Improper Defenses, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122862). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed and the principles and legal authority cited therein apply with equal force to all TVT products, including but not limited to the TVT-Secur device used in Ms. Engleman's case, and the motion is DENIED.

10. Plaintiffs filed a motion *in limine* to preclude Defendants from introducing duplicative deposition testimony from defense experts, agents, employees, and/or corporate designees. *See* Pls.' Mot. *in Limine* No. 21 to Preclude Duplicative Testimony, *Carlino v.*

6

*Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122872). Defendants opposed the motion. *See* Defs.' Opp. to Pls.' Mot. *in Limine* No. 21 to Preclude Duplicative Testimony, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122872). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed, and the motion is DENIED without prejudice. Objections will be ruled on at trial if made.

## DEFENDANTS' MOTIONS *IN LIMINE*

11.   Defendants filed a motion *in limine* to preclude Plaintiffs from introducing evidence or argument relating to anecdotal case reports, case series, articles and medical device reports. *See* Defs.' Mot. *in Limine* No. 1 to Exclude Medical Device Reports, Case Reports, and Case Series, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122835). Plaintiffs opposed the motion. *See* Pls.' Opp. to Defs.' Mot. in Limine No. 1 to Exclude Medical Device Reports, Case Reports and Case Series, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122835). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed and the principles and legal authority cited therein apply with equal force to all TVT products, including but not limited to the TVT-Secur device used in Ms. Engleman's case, and the motion is DENIED.

12.   Defendants filed a motion *in limine* to preclude Plaintiffs from introducing evidence or argument concerning other lawsuits or claims and other unrelated investigations of Defendants. *See* Defs.' Mot. *in Limine* No. 2 to Exclude Evidence and Argument Concerning Other Lawsuits or Claims and Other Unrelated Investigations of Defendants, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122838). Plaintiffs opposed the motion. *See* Pls.' Opp. to Defs.' Mot. *in Limine* No. 2 to Exclude Evidence or Argument

7

Concerning Other Lawsuits or Claims and Other Unrelated Investigations of Defendants, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122838). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed, and the motion is GRANTED. Plaintiffs are hereby precluded from presenting evidence or argument concerning the following: (1) other transvaginal mesh lawsuits or claims involving Defendants; and (2) criminal or other governmental investigations, consent decrees, settlements, fines, recalls, or guilty pleas involving Johnson & Johnson companies.

13. Defendants filed a motion *in limine* to preclude Plaintiffs from introducing evidence and/or referencing certain Material Safety Data Sheets ("MSDSs") used during the depositions of company witnesses. *See* Defs.' Mot. *in Limine* No. 4 to Exclude Material Safety Data Sheets, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122840). Plaintiffs opposed the motion. *See* Pls.' Opp. to Defs.' Mot. *in Limine* No. 4 to Exclude Evidence or Argument Concerning Material Safety Data Sheets, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122840). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed and the principles and legal authority cited therein apply with equal force to all TVT products, including but not limited to the TVT-Secur device used in Ms. Engleman's case, and the motion is DENIED.

14. Defendants filed a motion *in limine* to preclude Plaintiffs from introducing certain evidence and argument regarding Defendants' duty to warn. *See* Defs.' Mot. *in Limine* No. 5 to Exclude Certain Evidence and Argument Related to Ethicon's Duty to Warn, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122841). Plaintiffs opposed

8

the motion. *See* Pls.' Opp. to Defs.' Mot. *in Limine* No. 5 to Exclude Certain Evidence and Argument Related to Ethicon's Duty to Warn, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122841). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed and the principles and legal authority cited therein apply with equal force to Ms. Engleman's case, and the motion is DENIED.

15. Defendants filed a motion *in limine* to preclude Plaintiffs from introducing evidence or argument that the TVT IFU and/or the patient brochure accompanying the device needed to include frequency, incidence, and/or severity rates for certain adverse events, including but not limited to erosion. *See* Defs.' Mot. *in Limine* No. 6 to Exclude Evidence and Argument That the TVT Instructions for Use or Patient Brochures Needed to Include Frequency, Incidence, or Severity Rates of Adverse Events, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122842). Plaintiffs opposed the motion. *See* Pls.' Opp. to Defs.' Mot. *in Limine* No. 6 to Exclude Evidence and Argument That the TVT Instructions for Use or Patient Brochures Needed to Include Frequency, Incidence, or Severity of Adverse Events, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122842). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed and the principles and legal authority cited therein apply with equal force to all TVT products, including but not limited to the TVT-Secur device used in Ms. Engleman's case, and her specific alleged injuries, and the motion is DENIED.

16. Defendants filed a motion *in limine* to preclude Plaintiffs from introducing (A) unfairly prejudicial emails; (B) irrelevant, off-color emails; (C) photographic or video

depictions of TVT surgical training; (D) evidence or argument relating to the PA Consulting Group Report, *Investigating Mesh Erosion in Pelvic Floor Repair*; (E) the DVD concerning Kugel Composix hernia mesh; (F) an internal marketing PowerPoint prepared by Brian Luscombe; and (G) evidence of payments under the 1997 License and Supply Agreement between Medscand and Johnson & Johnson International. *See* Defs.' Mot. *in Limine* No. 10 to Exclude Internal Documents, Video or Other Evidence That is Irrelevant and Otherwise Excludable, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122864). Plaintiffs opposed the motion. Pls.' Opp. to Defs.' Mot. *in Limine* No. 10 to Exclude to Exclude Internal Documents, Video or Other Evidence That is Irrelevant and Otherwise Excludable, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122864). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed and the principles and legal authority cited therein apply with equal force to Ms. Engleman's case involving TVT-Secur, and it is hereby ORDERED and DECREED that:

    1.    Motion in Limine 10-A relating to "irrelevant and unfairly prejudicial emails" is DENIED without prejudice. This Order does not preclude objections at trial.

    2.    Motion in Limine 10-B relating to "an off-color email string" is DENIED as moot since plaintiffs indicated they did not plan to use at trial.

    3.    Motion in Limine 10-D relating to "the PA Consulting Group Report" is DENIED without prejudice. This Order does not preclude objections at trial.

    4.    Motion in Limine 10-E relating to "the DVD concerning Kugel Composix Hernia Mesh" is DENIED as moot since plaintiffs indicated they did not plan to use at trial.

    5.    Motion in Limine 10-F relating to "Brian Luscombe's internal marketing presentation" is GRANTED.

    6.  Motion in Limine 10-G relating to "payments under the 1997 License and Supply Agreement" is DENIED.

  17.  Defendants filed a motion *in limine* to preclude Plaintiffs from introducing evidence or argument regarding Defendants' profitability, sales figures, and alleged improper profit motive, as well as the financial disparity between the parties. *See* Defs.' Mot. *in Limine* No. 12 to Exclude Evidence or Argument Regarding (1) Defendants' Profitability, Sales Figures, and Alleged Improper Profit Motive, and (2) the Financial Disparity Between the Parties, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122873). Plaintiffs opposed the motion. *See* Pls.' Opp. to Defs.' Mot. *in Limine* No. 12 to Exclude Evidence or Argument Regarding (1) Defendants' Profitability, Sales Figures, and Alleged Improper Profit Motive, and (2) the Financial Disparity Between the Parties, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122873). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed and the principles and legal authority cited therein apply with equal force to Ms. Engleman's case involving TVT-Secur, and it is hereby ORDERED and DECREED as to profitability, sales figures, and alleged improper profit motive ONLY:

    1.  The motion is DENIED as to evidence of Defendants' profitability, sales figures, and alleged improper profit motive concerning TVT in cases where punitive damages claims remain.

    2.  The motion is DENIED without prejudice as to evidence of Defendants' employee compensation, which shall be subject to rulings on admissibility and objections at trial.

  18.  Defendant filed a motion *in limine* to preclude Plaintiffs from making certain inappropriate arguments or engage in certain inappropriate conduct during trial, including but not limited to: (1) offering commentary about witnesses not called at trial; (2) offering commentary

about the lack of an Ethicon corporate representative at trial; (3) referring to internal company documents produced during discovery as "secret" or "confidential"; (4) offering commentary about the foreign status of witnesses; (5) referring to Meng Chen as a whistleblower; (6) arguing that Ethicon violated the "Golden Rule" or other "safety principles" or "safety rules"; (7) introducing evidence or argument concerning payments, compensation, or other benefits provided to "key opinion leaders" who worked as consultants for Ethicon; and (8) introducing evidence or argument implying Ethicon violated standards for the disclosure of payments to authors. *See* Defs.' Mot. *in Limine* No. 13 to Prohibit Inappropriate Argument or Conduct by Plaintiffs' Counsel, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122933). Plaintiffs opposed the motion. *See* Pls.' Opp. to Defs.' Mot. *in Limine* No. 13 to Prohibit Inappropriate Argument or Conduct by Plaintiffs' Counsel, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122933). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed, and the motion is DENIED without prejudice. This Order does not preclude objections at trial.

19. Defendants filed a motion *in limine* to preclude Plaintiffs from using certain improper trial procedures, including but not limited to: (A) demonstrating and manipulating exemplar TVT devices in court; (B) showing videos during opening statement; (C) showing video deposition designations of the testimony of witnesses who testify live at trial; (D) showing videos featuring other witnesses during a particular witness's examination; (E) eliciting lay opinion testimony from Plaintiffs or other non-expert witnesses as to the cause of Plaintiff's alleged injuries; and (F) eliciting testimony from identified expert witnesses that exceeds the scope of the opinions rendered in the witnesses' respective reports and depositions. *See* Defs.'

Mot. *in Limine* No. 14 to Preclude Improper Trial Procedure, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122874). Plaintiffs opposed the motion. *See* Pls.' Opp. to Defs.' Mot. *in Limine* No. 14 to Preclude Improper Trial Procedure, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122874). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed and the principles and legal authority cited therein apply with equal force to Ms. Engleman's case involving TVT-Secur, and it is hereby ORDERED and DECREED that:

1. Motion in Limine 14-A to exclude the TVT-Secur from evidence and limit its use as a demonstrative is DENIED.

2. Motion in Limine 14-C to preclude the use of video deposition designations of the testimony of any witness who testifies live at trial is GRANTED by agreement.

3. Motion in Limine 14-D to preclude the use of video or deposition excerpts of other witnesses during the examination of the witness on the stand is DENIED.

4. Motion in Limine 14-E to exclude any opinion testimony by Plaintiffs and their lay witnesses regarding causation is GRANTED by agreement. However, causation testimony by Plaintiff's treating physicians based on their differential diagnoses at the time of their care and treatment of Plaintiff are not subject to this agreement.

5. Motion in Limine 14-F to limit expert testimony to opinions expressed in reports and depositions in DENIED. Reasonable inferences may be drawn from their opinion subject to the Court's decisions on admissibility.

This Order does not preclude objections at trial.

20. Defendants filed a motion *in limine* to preclude Plaintiffs from presenting evidence or argument about the recall of ProteGen, a device manufactured and marketed by Boston Scientific Corporation. *See* Defs.' Mot. *in Limine* No. 16 to Exclude Any Evidence of the

Recall of the ProteGen Device Made by Boston Scientific, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Dec. 21, 2015 (Control No. 15122876). Plaintiffs opposed the motion. *See* Pls.' Opp. to Defs.' Mot. *in Limine* No. 16 to Exclude Any Evidence of the Recall of the ProteGen Device Made by Boston Scientific, *Carlino v. Ethicon, Inc.*, June Term 2013, No. 3470, filed Jan. 13, 2016 (Control No. 15122876). The parties agree and the Court hereby rules that this motion and opposition, and any and all attachments and appendices to those submissions, are deemed filed and the principles and legal authority cited therein apply with equal force to Ms. Engleman's case involving TVT-Secur, and the motion is GRANTED. Plaintiffs are hereby precluded from presenting any evidence or argument concerning the recall of the ProteGen device made by Boston Scientific. Plaintiffs are instructed to tell each witness they expect to call at trial about the contents of this Order.

21. Nothing in this Order shall be construed as a forfeiture or waiver of, or to otherwise preclude, appellate review.

22. The parties reserve the right to seek amendment of this Deeming Order based upon the parties' ongoing meet and confer regarding a stipulation as to the introduction of certain FDA-related evidence.

23. The motions and responses referenced above are all deemed to have been filed in the instant docket and are part of the record of this case, and therefore are part of the record on appeal, in the event of an appeal. These materials are not attached to the instant order. Instead, if necessary, the parties shall file these materials in a separate submission.

By the Court:

_____
Arnold L. New, J.