UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| | * | JUDGE ELDON E. FALLON |
| *Joseph Orr, Jr., et al. v. Janssen et al.* | * | MAG. JUDGE NORTH |
| Case No. 2:15-cv-03708 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * ****

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 25
REGARDING REFERENCES TO FICTION ALLEGEDLY AUTHORED BY
SUZANNE PARISIAN, M.D.

Plaintiffs move *in limine* and before jury selection, for an Order by this Court to prohibit counsel for Defendants Janssen Research & Development, LLC, Janssen Ortho, LLC, Janssen Pharmaceuticals, Inc., and Johnson & Johnson ("Janssen") and Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG ("Bayer") (collectively "the Defendants"), from commenting on, referring to, introducing testimony or evidence, attempting to elicit testimony of, or arguing, the following matters in the presence of the jury, whether directly or indirectly, and whether at *voir dire* or during trial:

- Any argument or reference to fictional literature allegedly authored by Suzanne Parisian, M.D.

I.    **LEGAL STANDARD**

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or

more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

Even if evidence is relevant under the standards set forth by Rule of Evidence 401, the Court may still exclude the evidence. This Court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977).  Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "[U]nfairly" prejudicial "does not mean the damage to the opponent's case that results from the legitimate probative force of the evidence; rather, it refers to the unfair advantage that results from the capacity of the evidence to persuade by illegitimate means." *United States v. Dumas*, 1987 U.S. App. LEXIS 16905, at *6 (6th Cir. 1987). The object of Rule 403 is to eliminate "illegitimate emotional appeal." *Id.* In general, "the less probative a piece of evidence is, and thus the less the benefit to the truth-determining function of the jury of admitting it at trial, and the more trial time the presentation of the evidence would consume and the likelier the evidence would be to confuse the jurors by distracting them from more probative evidence, the stronger the argument for exclusion." *United States v. Seals*, 419 F.3d 600, 613 (7th Cir. 2005) (internal citations omitted).

Further, Federal Rule of Evidence 404(b) provides, in pertinent part, that "[e]vidence of other... acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).

## II.   <u>ARGUMENT</u>

### A.   **Pursuant to Federal Rule of Evidence 401, Defendants Should Be Precluded From Arguing, Inferring, Commenting On, Or Offering Any Evidence of Dr. Parisian's Fiction Book**

Dr. Parisian is Plaintiffs' FDA regulatory expert in this matter. Previously, during a deposition of Dr. Parisian she was questioned concerning a fictional book that she allegedly authored, "Twin Cubs of the White Wolf." Dr. Parisian wrote the book under a pseudonym, but the company who published the book made substantial changes to the material that she did not approve; nor did she ask that it be published after the changes.

As they did during Dr. Parisian's deposition,[1] Defendants may attempt to use this book, as published, to show "bad" character of Dr. Parisian for authoring a book that may be described as "pornographic" or as "smut." This evidence is clearly irrelevant to any issue in this case. *See* Fed. R. Evid. 401 ("Rule 401").[2] Furthermore, this constitutes improper character impeachment under Fed. R. Evid. 404.

### B.   **Pursuant to Federal Rule of Evidence 403, Defendants Should Be Precluded from Arguing, Inferring, Commenting On, or Offering Any Evidence About Dr. Parisian's Fictional Book As It Would be Unfairly Prejudicial, While Wasting Time, Causing Undue Delay, and <u>Confusing the Jury</u>**

Evidence is unfairly prejudicial where it "will induce the jury to decide the case on an improper basis, commonly an emotional one, rather than on the evidence presented." *Cook v. Hoppin*, 783 F.2d 684, 689 (7th Cir. 1986). "Evidence that appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human

---

[1]Parisian dep. at 196:18-198:11.

[2]Evidence is relevant if it has any "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401. Conversely, evidence is irrelevant when it has no tendency to prove or disprove any fact that is of consequence to the case. *Id.*

action may cause a jury to base its decision on something other than the established propositions in the case." *Id.* (internal quotation and citations omitted).

The only possible reason that Defendants would seek to use this information in conjunction with her qualifications and her testimony, is to embarrass Dr. Parisian and/or prejudice the jury, and thus the Plaintiff, in contravention of Fed. R. Evid. 403. The prejudice to the Plaintiff by the introduction of this evidence cannot be cured by an instruction.  Furthermore, there is no doubt that the probative value of this argument or evidence is substantially outweighed by the effort to confuse and mislead the jury and that the introduction of this evidence will waste the Court's time. *Id*.  Therefore, this evidence should be excluded.

III.    **CONCLUSION**

Based upon the foregoing, Plaintiffs respectfully request that Defendants be ordered to refrain from any comment, allusion, question, suggestion, or reference to any of the subject matters or areas as specified above, and for such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

Dated: May 12, 2017

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
*HERMAN, HERMAN & KATZ, LLC*
820 O'Keefe Avenue
New Orleans, LA  70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
GAINSBURGH BENJAMIN DAVID MEUNIER
& WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 12, 2017 the foregoing pleading and its supporting memorandum of law were filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**