UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)          *     MDL 2592
PRODUCTS LIABILITY LITIGATION         *
                                      *     SECTION L
THIS DOCUMENT RELATES TO:             *
                                      *     JUDGE ELDON E. FALLON
 *Joseph Orr, Jr., et al. v. Janssen et al.*   *     MAG. JUDGE NORTH
*Case No. 2:15-cv-03708*              *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 31
REGARDING HOMEOPATHIC TREATMENTS
AND USE OF SUPPLEMENTS

I.      **INTRODUCTION**

        Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting

on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or

evidence about, homeopathic treatments and use of supplements.

II.     **ARGUMENT**

        Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial.

Evidence is relevant if it tends to make a fact of consequence to the litigation more or less probable

than it would be without the evidence.  Fed. R. Evid. 401.  However, even relevant evidence can

be excluded "if its probative value is substantially outweighed by a danger of one or more of the

following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time,

or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

        This Court has broad discretion in assessing the probative value of evidence and

determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v.*

*Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F.

Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir.

1977).  A court should exclude relevant evidence if its probative value is substantially outweighed

by a danger of unfair prejudice.  *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing*

Fed. R. Evid. 403.

> **A.**   **Evidence Relating to Homeopathic Treatments and Use of Supplements by Sharyn Orr is Irrelevant.**

Prior to her death, Sharyn Orr consulted with a homeopathic physician, Dr. Kashmir Rai,

to supplement the medical care she was receiving from her traditional medical doctors.  Part of her

treatment included the use of various homeopathic treatments and supplements.  Only one of

Defendants' experts – Dr. Marc Kahn – opined that the ingredients in some supplements, such as

curcumin and ginger, have been associated with platelet dysfunction, and could not be ruled out

as a cause of Mrs. Orr's intracranial hemorrhage ("ICH").[1]  Dr. Kahn did not state which of the

supplements taken included either curcumin or ginger, however, or whether such supplements, if

any, were taken on or about the date of Mrs. Orr's ICH in amounts sufficient to affect platelet

dysfunction.  Dr. Kahn thus has not provided sufficient evidence to support his opinion that a

supplement could have played a role in Mrs. Orr's ICH.

Additionally, no expert has claimed that any other homeopathic treatment – such as the

photon detox chamber – or any other supplement not containing curcumin and/or ginger, played

any role in Mrs. Orr's ICH.  It is thus clear that evidence about any other homeopathic treatment,

or any supplement not containing curcumin and/or ginger, is irrelevant and should be precluded

from evidence.

---

[1] *See* Exhibit 1, Report of Dr. Marc J. Kahn, MD, MBA, at 10 [filed under seal].

**B.**     **Evidence Relating to Homeopathic Treatments and Use of Supplements by Kimberly Orr DeAgano is Irrelevant.**

Mrs. Orr consulted with Dr. Rai at the behest of her daughter, Kimberly Orr DeAgano, who had experienced relief from injuries suffered as a result of environmental toxin poisoning from the BP oil spill following treatment with Dr. Rai, and her own personal use of homeopathic treatments and supplements.[2]  Neither Ms. DeAgano nor anyone else has suggested that Ms. DeAgano's injuries or treatments have impacted her perception, or her memory, or her ability to tell the truth about what she had witnessed in terms of her mother's medical conditions and care.  It is thus clear that evidence about Ms. DeAgano's injuries and related treatments, or any litigation related to her injuries and related treatments, is irrelevant and should be precluded from evidence.

**C.**     **Evidence Relating to Issues Pertaining to the License of Dr. Rai is Irrelevant.**

To the extent any evidence about the homeopathic treatments or use of supplements by Mrs. Orr and/or Ms. DeAgano is admitted – and it should not be admitted – any evidence about issues pertaining to the license of the prescribing physician, Dr. Rai, should not be admitted.  Dr. Rai was precluded from prescribing Schedule II and Schedule III drugs for a three-year period, had to check in which a parole officer for a limited period, had her board certification for family medicine rescinded, and paid a $3,000 fine, because she had not performed monthly monitoring on a patient for whom she had prescribed amphetamines for the treatment of chronic fatigue syndrome.[3]  Dr. Rai signed a consent order because she did not have the financial capability to proceed.[4]

---

[2] A separate motion relating to Ms. DeAgano's involvement in the BP Oil Spill Litigation has been filed.

[3] *See* Exhibit 2, Deposition of Kashmir Rai, M.D., at 70:5-75:24 [filed under seal]

[4] *Id.* at 98:11-99:3.

There is no contention that Mrs. Orr or Ms. DeAgano were prescribed amphetamines, or any other Schedule II or Schedule III drug, by Dr. Rai, either during the probationary period or any other time.  There also is on contention that Dr. Rai failed to adequately monitor Mrs. Orr or Ms. DeAgano.  Thus, nothing about the consent order or the effects of the consent order on Dr. Rai's medical license has any bearing on any matter of consequence to this litigation, so any evidence about those issues are irrelevant and should be precluded from evidence.

### D.   **Any Probative Value of Evidence Relating to Homeopathic Treatments and the Use of Supplements by Mrs. Orr or Ms. DeAgano, and/or Issues Pertaining to the License of Dr. Rai, would be Substantially Outweighed by Unfair Prejudice.**

Moreover, in the unlikely event that any of the information described above would have any arguable probative value, such value would be substantially outweighed by the dangers of unfair prejudice, undue delay, and a waste of time, and should be excluded on that ground as well. *See* Fed. R. Evid. 403.  Presentation of any of this information would be an attempt by Defendants to play on prejudices and biases that jurors may have against homeopathic and other non-traditional medicine, and physicians who provide and patients who obtain such care, which would divert the jury's attention from the real issues at hand.

### III.   **CONCLUSION**

For these reasons, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony, or evidence regarding Sharyn Orr's homeopathic treatments and use of supplements.  In the alternative, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony, or evidence regarding: (1) Sharyn Orr's homeopathic treatments; (2) Sharyn Orr's use of supplements, other than those containing curcumin or ginger; and/or (3) issues pertaining to the license of Dr. Rai.

Dated:  May 12, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2800
Telephone: (504) 522-2304
Facsimile:(504) 528-9973
Email: gmeunier@gainsben.com

**Plaintiffs' Liaison Counsel**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on May 12, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pretrial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**