UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * * | |
| | * | JUDGE ELDON E. FALLON |
| *Joseph Orr, Jr., et al. v. Janssen et al.* | * | MAG. JUDGE NORTH |
| Case No. 2:15-cv-03708 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 32
CONCERNING UNRELATED LITIGATION**

**I.   INTRODUCTION**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or evidence about, the following matters in the presence of the jury, whether directly or indirectly, and whether at *voir dire* or during trial:

(A)   Kimberly Orr DeAgano filing suit or being in a position to recover monies related to her involvement in the unrelated BP Oil Spill Litigation against other defendants.

(B)   The pleadings, discovery, and/or documents in the unrelated BP Oil Spill Litigation.

**II.   LEGAL STANDARD**

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it tends to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the

1

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

This Court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977). A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

### III.  ARGUMENT

Kimberly Orr DeAgano, Sharon Orr's daughter, was asked by defense counsel whether she has ever been involved in any lawsuits besides the present matter.[1] She stated that she was currently involved in a "lawsuit against BP for the oil spill."[2] Plaintiffs expect that Defendants will attempt to introduce evidence of Ms. DeAgano's involvement in the unrelated BP Oil Spill Litigation ("Unrelated Litigation"). Plaintiffs move to exclude such evidence because it is irrelevant to the issues in this case, it would be unduly prejudicial and confusing to the jury, and it is inadmissible hearsay.

*First,* evidence regarding the tort-based Unrelated Litigation is irrelevant to the products liability design defect and failure-to-warn claims asserted against Defendants. The two litigations do not share common factual allegations, nor do they share common questions or issues of law. Plaintiffs filed suit against Defendants for injuries related to Sharyn Orr taking Xarelto. Whereas

---

[1] Deposition of Kimberly Orr DeAgano, 9/15/16, 24:15-25:1.

[2] *Id*. at 25:2-19.

in the Unrelated Litigation, Ms. DeAgano, Sharyn Orr's daughter, filed suit against BP and other defendants over her and her son's health problems caused by the presence of oil and toxic chemicals on or near their property. The abject differences of these two cases demonstrate that the Unrelated Litigation is irrelevant to the facts and issues that will be presented at the trial of Plaintiffs' claims against Defendants. Additionally, neither Ms. DeAgano nor anyone else has suggested that her injuries or treatments relating to the BP oil spill have impacted her perception, or her memory, or her ability to tell the truth about what she had witnessed in terms of her mother's medical conditions and care. Because the evidence of the Unrelated Litigation is irrelevant and inadmissible, it should be excluded.

*Second,* the introduction of evidence from or reference to the Unrelated Litigation will violate Federal Rule of Evidence 403 and inflict unfair prejudice on Plaintiffs. In *Weiss v. Allstate Ins. Co.,* 512 F. Supp. 2d 463 (E.D. La. 2007) (Judge Vance), the Court considered both the relevancy and the prejudicial effect of admitting evidence pertaining to unrelated litigation. In addition to finding the lawsuits filed against the non-party irrelevant, the court also excluded the evidence under Federal Rule of Evidence 403 and noted, "any probative value [the lawsuits] may have is substantially outweighed by unfair prejudice and considerations of delays and time-wasting on collateral issues." *Id*. at 472-473.

Here, the prejudicial nature of the Unrelated Litigation substantially outweighs any faint probative value that Defendants could suggest exists. As noted, the Unrelated Litigation is irrelevant to the current proceeding as the facts and legal issues comprising the irrelevant lawsuit are entirely distinct from the relevant facts at issue in this lawsuit. Additionally, the defendants in the Unrelated Litigation are not parties in this matter.

Presentation of any information about the Unrelated Litigation would be an attempt by Defendants to play on prejudices and biases that jurors may have against participants in mass tort litigation, which would divert the jury's attention from the real issues at hand. This would prejudice and confuse Plaintiffs' claim in this proceeding by diverting the jury from the true nature of this lawsuit – the injury and death Sharyn Orr sustained as a result of taking Xarelto. If Defendants are allowed to reference and introduce evidence of the Unrelated Litigation, Plaintiffs will be placed in the untenable position of having to conduct what would essentially be a "mini-trial" of the Unrelated Litigation to demonstrate its inapplicability to this case.

*Finally*, the evidence Defendants will seek to introduce regarding the Unrelated Litigation constitutes inadmissible hearsay. Federal Rules of Evidence 801(C) and 802 provide that a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted, is inadmissible. The pleadings, discovery, and documents filed by Ms. DeAgano in the Unrelated Litigation are statements made out of court and, as such, are hearsay and cannot be admitted at trial. Moreover, such evidence fails to meet the party-opponent exception to the hearsay doctrine, as courts find that alternative and hypothetical pleadings are not admissions and are inadmissible at the trial of another proceeding. *See Continental Ins. Co. of New York v. Sherman,* 439 F.2d 1294 (5th Cir.1971).

**IV.   CONCLUSION**

For these reasons, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony or evidence regarding Kimberly Orr DeAgano's involvement in the unrelated BP Oil Spill Litigation.

Dated: May 12, 2017                                    Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
Email: gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 12, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pretrial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**