UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * * | |
| *Joseph Orr, Jr., et al. v. Janssen et al.* Case No. 2:15-cv-03708 | * * * | JUDGE ELDON E. FALLON MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 33
REGARDING THE FDA'S ALLEGED REJECTION OF
DEFENDANTS' ATTEMPTS TO MODIFY THE XARELTO LABEL**

**I.   INTRODUCTION**

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or introducing testimony or evidence about, the FDA's alleged rejection of Defendants' attempts to modify the Xarelto label to include information relating to the utility of a PT test, including evidence of redlined or tracked changes to the Xarelto label and related emails. In the alternative, Plaintiffs have moved for an order outlining procedural requirements and safeguards in the event such evidence is permitted to be presented in support of the affirmative defense of impossibility preemption.

**II.   ARGUMENT**

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it tends to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

This Court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977). A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

### A.   **If preemption is to be decided as a matter of law, evidence about any redlines from the FDA is irrelevant.**

Defendants adamantly took the position at trial that impossibility preemption is a matter of law to be decided by the Court, and the Court agreed. For example, in the context of Rule 50(a) arguments after the close of evidence, the following statements were made:

> MR. NEWSOM: Second, as Your Honor knows, our position is that plaintiffs' claim is preempted by federal law. As Your Honor has now repeatedly held and stated, preemption is a question of law for the court. We have debated preemption in the summary judgment papers. We have renewed those arguments in our motion filed today on the docket. We renew and incorporate the summary judgment motions into that paper.[1]

> * * *

> MR. NEWSOM: I think, at this point, as Your Honor has reiterated time and time again, preemption is a question of law for the Court, as we have briefed in summary judgment and on our JML motion. To even entertain a motion at this stage of the case that there are insufficient facts to demonstrate preemption would be changing the rules after the game has begun.

---

[1] *See Boudreaux* Trial Transcript, Volume III, at 1524:11-17.

2

>THE COURT: Right. Yes.
>
>MR. NEWSOM: So we object even to the entertainment of the motion, let alone granting of the motion.
>
>THE COURT: Okay.
>
>MR. NEWSOM: Thank you, Your Honor.
>
>THE COURT: I agree with that.[2]

If Defendants and this Court continue to take the position that impossibility preemption is a matter of law which is not to be decided by the jury, it will not matter what the FDA would or would not have done in relation to any proposed changes to the labels. In that instance, the redlines would not bear on any matter of consequence to the litigation, and thus should be precluded as irrelevant.

At the *Boudreaux* trial, however, this Court opined that the evidence might otherwise be relevant for purposes of establishing the motive and intent of the parties, and that any prejudice from its presentation would be essentially cured by a jury charge stating it does not matter what the FDA would or would not have done from the standpoint of the law of the case.[3] Defense counsel, however, side-stepped the Court's guidance in its closing argument, turning attention to what the FDA would have done:

>We put language in the draft label and proposed it to the FDA…. We said, "The relationship between PT and rivaroxaban plasma concentration is linear and closely correlated." … And then we even said an assessment of the pharmacodynamic effect of Xarelto is considered necessary in individual cases. Pt measured in seconds is recommended. So we tried to put that in the label. That's what we were thinking. **What did we think the FDA thought of that? Well, we know, right, because the FDA sent back the language. You saw that.**[4]

---

[2] *Id.* at 1531:8-20.

[3] *Id.* at 1530:19-1531:1.

[4] *Id.* at 1608:11-12, 17-18; 1609:2-9.

3

Because of this, the jury was left to speculate as to why the redlines appeared, when, in fact, it did not matter why they appeared. If these documents are not precluded from the *Orr* trial, Plaintiffs will need to anticipate the same side-step by defense counsel, and will need to present a plethora of evidence to prevent adverse speculation. This would include evidence addressing the uncertainty surrounding the actual source of the redlines. It also would include evidence showing the redlines were made solely in the context of submitting Xarelto's orthopedic indication based on RECORD, and not in the context of submitting Xarelto's atrial fibrillation ("a-fib") indication based on ROCKET, which is the indication at issue in Mrs. Orr's case. In fact, a completely different division of the FDA reviewed the labeling materials for the a-fib indication. Plaintiffs also could present evidence showing the FDA later determined that there was, indeed, a connection between PT levels and coagulable states.

This would result in a mini-trial on the precise issue that this Court said was not pertinent: what the FDA would or would not have done. This would result in confusing and misleading the jury, undue delay, and a waste of time, all of which would substantially outweigh any probative value, given that evidence about tracked changes purportedly made by the FDA in reviewing the Xarelto label for a completely different indication has very little, if any, probative value. Thus, even if this evidence is deemed relevant – and it should not be deemed relevant – it nonetheless should be precluded under Federal Rule of Evidence 403.

**B.  If preemption is to be decided as a matter of fact, procedures and safeguards should be implemented.**

It is conceivable that this Court may reconsider its position in the next trial, and determine that impossibility preemption is a matter of fact to be assessed by the jury. This would be consistent with this Court's opinion rejecting the request to enter summary judgment on the failure

to warn claims based on preemption, wherein this Court ruled that "these issues in the instant case are factually pregnant and inappropriate for summary judgment."[5]  This would also be consistent with the Third Circuit's ruling in *In re Fosamax Alendronate Sodium Prods. Liab. Litig.,* No. 14-cv-1900, 2017 U.S. App. LEXIS 5075, at *44 (3d Cir. Mar. 22, 2017) ("[T]he task of assessing the probability that the FDA would have rejected a particular warning is a factual inquiry rather than a legal one.").

If that were to occur, procedures and safeguards would need to be put into place.  First, Defendants would need to pursue that affirmative defense in all respects, in terms of addressing preemption in their proposed jury instructions, adding determinations with regard to preemption in their proposed verdict form, and presenting evidence relating to preemption in their defense.  If that were to occur, Plaintiffs would have the opportunity to present contrary evidence, such as that described above, so the jury could make an informed decision based on all pertinent evidence from all sides.  The jury would have an opportunity to weigh the evidence, based on instructions provided by the Court, and enter its determination on the verdict form as to whether Defendants had met its "demanding" duty to present "clear evidence" that the FDA would have rejected the changes to the label proposed by Plaintiffs.

Without these procedures in place, Defendants would have the benefit of presenting evidence purportedly showing the FDA had rejected language similar to that being presented as essential, without the risk of facing countervailing evidence, or the risk of the jury properly weighing the evidence in the context of appropriate instructions and entering a specific ruling on the issue.  That would be patently unfair, and unduly prejudicial, pursuant to Fed. R. Evid. 403.

---

[5] *See* Doc. No. 6197, at 8.

### III.    CONCLUSION

For these reasons, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony, or evidence regarding the FDA's alleged rejection of Defendants' attempts to modify the Xarelto label to include information relating to the utility of a PT test, including evidence of redlined or tracked changes to the Xarelto label and related emails.  In the alternative, Plaintiffs request an order outlining procedural requirements in the event such evidence is permitted to be presented in support of the affirmative defense of impossibility preemption.

Dated:  May 12, 2017                                          Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163-2800
Telephone: (504) 522-2304
Facsimile:(504) 528-9973
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 12, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pretrial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**