**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * * | |
| *Joseph Orr, Jr., et al. v. Janssen et al.* Case No. 2:15-cv-03708 | * * * | JUDGE ELDON E. FALLON MAG. JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE NO. 30 TO PRECLUDE TESTIMONY AND ARGUMENT THAT PLAINTIFFS' EXPERTS HAVE NOT PUBLICIZED / PUBLISHED OR SUBMITTED THEIR OPINIONS TO THE FDA OR ANY OTHER ORGANIZATION**
**(THE "YELLING IT OUT FROM THE ROOF-TOPS MOTION")**

### I.  INTRODUCTION

Plaintiffs move for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence about, or arguing that any of Plaintiff's expert witnesses have failed to publicize or publish any of their opinions or have failed to submit them to the FDA or any other organization.

### II.  FACTUAL BACKGROUND

During the Defendants' opening statement at the *Boudreaux* trial, defense counsel played a video-clip of Plaintiff's expert Dr. Cindy Lessinger testifying at her deposition that she had not published her expert opinions. Defense counsel did so knowing full-well that PTO No. 12, the Stipulated Protective Order in this litigation, prohibited Dr. Lessinger and any other expert from

publicizing their opinions based upon information learned from documents identified as confidential.[1] Defense counsel then made the following duplicitous argument:

> So if you thought there was a test and you're a doctor who cares about your patients, which I'm sure she does, if you thought that test would help you determine -- and more importantly, help other doctors determine whether someone could be injured on a medication, wouldn't you be yelling about it from the rooftops? Wouldn't you be publishing it and going to doctor conventions and talking to the folks who just wrote that other article and saying, "No, you're wrong"?
>
> Not only does she not publish it, not only has she put it a peer-reviewed journal --[2]

Similarly, during the deposition of Plaintiff's regulatory expert, Dr. Suzanne Parisian, defense counsel interrogated Dr. Parsian *ad nauseum* about whether she was "concerned enough" to convey her opinions to the FDA.[3] Dr. Parisian explained that she had signed the acknowledgement to PTO 12, and she had not done so because the documents and testimony that she relied were confidential.[4] Not satisfied with her answer, defense counsel then condescendingly asked Dr. Parisian: "And that would be the same excuse for why you haven't tried to publish your opinion in a scientific journal.  Correct?"[5] Dr. Parisian answered that "It's not an excuse.  It's the reality as a regulatory expert. I don't know of regulatory experts involved in litigation that would take confidential documents to support their opinions and publish them.  I don't believe that's -- I

---

[1] *See* Pretrial order no. 12, para. 19(i) (Stipulated Protective Order) which requires retained experts to treat documents as confidential.

[2] *Boudreaux* 04/24/2017 Tr. at 126:22-129:25 attached as Exhibit 1.

[3] Parisian dep. at 220:4-226:7, Exhibit 2. During this questioning, defense counsel was asked but refused to waive the protective order so that Dr. Parisian could publish her opinions.

[4] *Id*. at 220:6-220:10.

[5] *Id.* at 225:15-225:24.

don't think I know of any regulatory expert that would do that."[6]  Defense counsel then conceded on the record:

> **BY MR. MURDICA:  I would agree you would violate the protective order to take confidential documents.[7]**

Similarly, other Plaintiff experts have been subjected to similar disingenuous cross-examination to paint them in the same false light as was employed at the *Boudreaux* trial for not "yelling about it from the rooftops" and publishing their opinions in this case.[8]

### III. TESTIMONY AND ARGUMENT ABOUT THE PLAINTIFFS EXPERTS' ALLEGED FAILURE TO PUBLICIZE OR PUBLISH THEIR OPINIONS IS NOT ONLY IRRELEVANT BUT ITS BASED ON A FALSE PREMISE AND ANY PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, CONFUSION, AND THAT THE JURY WILL BE MISLED

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it tends to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

---

[6]*Id.*

[7]*Id.* at 225:25-226:2.

[8]For example, counsel for Bayer repeatedly badgered Plaintiffs' expert, Dr. Curt Furberg about whether he expressed the views contained in his report to his colleagues at Wake Forest. ("Q. Have you expressed any of your views about Xarelto in the EINSTEIN study program to anybody at the formulary – Wake Forest formulary committee?"). Dr. Furberg answered by informing counsel that he had not done so specifically because this material was confidential. ("I've said over and over again, my views are in the report. I have not talked about the report with anyone outside [Plaintiffs' counsel] and the lawyers. And I'm obliged - - it's a confidentiality thing.".) Despite this answer, Dr. Furberg continued to be interrogated about complying with a court order. *See* Furberg dep. at 130:12-133:12, Exhibit 3; *see also* Kessler dep. at 128:18-130:18, Exhibit 4; Cuculich dep. at 227:13-18 and 257:4-20, Exhibit 5; and Plunkett dep. at 161:16-25 and 508:7-15, Exhibit 6; Frank Smart, M.D. dep. at 259:2 –261:4, Exhibit 7; Henry Rinder, M.D. dep. at 29:8–30:15; 47:18- 57:10, Exhibit 8.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977). A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

The Defendants should be prohibited from arguing that Plaintiffs' experts have not published or otherwise publicized their opinions or submitted them to the FDA or any other body. The introduction of this testimony and argument has no probative value because it is based on a false premise – that an expert could do what the Defendants suggest when they are prohibited by Court order. Even defense counsel conceded this point. Any argument by the Defense that it is not impossible for the expert to publish their findings because just a few days before this motion was filed, by Order dated May 9, 2017 (Rec. Doc. 6424), the Court lifted the seal on the dispositive and expert motions, is without merit. It would be impossible, even if an expert wanted to submit a paper to a medical journal to complete such a work and have it published in just the few short weeks before the start of the *Orr* trial.

Finally, giving the jury the opportunity to wrongfully infer that an expert did not "yell it out from the rooftops" is substantially and unfairly prejudicial. This evidence should therefore be excluded at trial.

4

## IV.     CONCLUSION

For these reasons set forth above, Plaintiff request that Defendants and their counsel be precluded from arguing that any of Plaintiff's expert witnesses have failed to publicize or publish any of their opinions or failed to submit them to the FDA or any other organization.

Dated:  May 12, 2017                                    Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 12, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**