**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| | * | JUDGE ELDON E. FALLON |
| *Joseph Orr, Jr., et al. v. Janssen et al.* | * | MAG. JUDGE NORTH |
| *Case No. 2:15-cv-03708* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 15
REGARDING FDA APPROVAL[1]**

## I.      INTRODUCTION

Plaintiffs have moved for an order prohibiting all witnesses and counsel from commenting on, referring to, attempting to introduce testimony or evidence, or introducing testimony or evidence, suggesting that the FDA's approval of Xarelto or Defendants' compliance with FDA regulations absolves Defendants of liability or establishes that Xarelto is "safe and effective." Such evidence is irrelevant, and any probative value would be greatly outweighed by the dangers of unfair prejudice, confusion of the issues, misleading the jury, undue delay and a waste of time.

## II.      STANDARD OF REVIEW

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it has a tendency to make a fact of consequence to the litigation more or less probable than it would be without the evidence.  Fed. R. Evid. 401. However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or

---

[1] The Court declined to rule on this motion [MIL 15] in *Boudreaux, et al. v. Janssen, et al.*, 14-2720 [Rec.Doc. 6254], and reserved its right to rule at trial.

more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice.  *See Sprint v. Mendelsohn,* 552 U.S. 379, 384 (2008); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.,* 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v. Johnson,* 558 F.2d 744, 746 (5th Cir. 1977).  A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice.  *United States v. Duncan,* 919 F.2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

## III.  ARGUMENT

### A.  Defendants should be precluded from offering evidence or argument suggesting that Defendants could not have been negligent or are absolved from liability because Xarelto was approved by the FDA

The FDA's permission to market a drug has never been regarded as a final stamp of approval of the drug's safety.  The United States Supreme Court has held that "it has remained a central premise of federal drug regulation that the manufacturer bears responsibility for the content of its label at all times."  *Wyeth v. Levine*, 555 U.S. 555, 570-71 (2009).  A drug manufacturer is "charged both with crafting an adequate label and with ensuring that its warnings remain adequate as long as the drug is on the market."  *Id.* at 571, *citing* 21 C.F.R. § 201.80(e) (requiring a manufacturer to revise its label "to include a warning as soon as there is reasonable evidence of an association of a serious hazard with a drug"); 21 C.F.R. § 314.80(b) (placing responsibility for post-marketing surveillance on the manufacturer); 73 Fed. Reg. 49605 ("Manufacturers continue to have a responsibility under Federal law ... to maintain their labeling and update the labeling with new safety information").

2

Further, FDA regulations are only "minimal standards" for drug labeling and are the floor upon which states can build tort law to promote health and safety. *Id.* at 577–78. The Court expressly rejected the idea that once the FDA has approved a drug's label, a state law verdict may not deem the label inadequate, *id.* at 573-74, and in fact, the Court clarified that "state law offers an additional, and important, layer of consumer protection that complements FDA regulation." *Id.* at 579.[2] Thus, Defendants owed an independent and defined legal duty to Plaintiff that was not diminished by the FDA's approval of their drug.

The issue in this case is not whether the FDA approved this drug, or whether Defendants complied with FDA regulations. It is whether Defendants acted reasonably in their testing, warning and marketing of Xarelto. Even if evidence about FDA approval or compliance was relevant – and it is not – its presentation would result in unfair prejudice and confusion of the issues. The jury could conclude – improperly – that FDA approval translates into a drug that is not unreasonably dangerous, or inappropriately marketed, or accompanied by insufficient warnings or instructions, and a manufacturer that cannot be held responsible for injuries resulting from use of the drug. Such evidence is likely to confuse the jury about the appropriate standard by which to judge Defendants' actions.

Additionally, such evidence would result in undue delay and a waste of time, because Plaintiffs would need to rebut it with evidence that the FDA does not perform drug testing, and instead relies on pharmaceutical manufacturers for information, and has little practical authority to force them to change their warnings or perform further testing after the drug is on the market.

---

[2]Further, the Louisiana Product Liability Act does not foreclose failure to warn claims regarding FDA-approved products. *See* La. Rev. Stat. Ann. § 9:2800.54.

A similar issue was raised before this Court in *Dedrick v. Merck & Co., Inc. (In re: Vioxx)*, No. 2:05-md-01657, slip op. (E.D. La. Nov. 22, 2006) (attached as Exhibit 1).  The plaintiff in that case moved to preclude "[a]ny reference, comment, or inference that FDA approval of Vioxx means that Merck met its standard of care and/or fulfilled its duty to warn as a matter of law."  *Id.* at ¶ 3(x).  This Court granted the motion, noting that "this is argument, not fact."

      **B.**     **<u>Defendants should be precluded from offering evidence or argument suggesting that FDA approval establishes that Xarelto is "safe and effective."</u>**

The term "safe and effective" is a term of art under federal regulatory law.  It means only that, at the time of approval, the FDA determined based on then-available information provided by the manufacturer that the drug met the minimum safety and efficacy standards for approval for marketing under 21 U.S.C. 355(b).  It does not mean that the drug has met any standard for absolute safety or efficacy under all circumstances, for all time.  As described above, after a drug is initially approved, FDA regulations require manufacturers to ensure the continued safety and efficacy of the drug in the face of real world experiences with the drug and the company's superior access to data concerning its safety and efficacy.  Defendants can still be held liable for a product that was originally deemed "safe and effective" if the drug is later found to be unreasonably dangerous, inappropriately marketed, or accompanied by insufficient warnings or instructions.

Allowing use of the phrase "safe and effective" would be unduly prejudicial and would cause confusion for the jury because it could lead the jury to unreasonably conclude: (1) that the FDA had determined the drug to be safe for all purposes and for all time; or (2) that what is required for general recognition as "safe and effective" for licensing is the same as what is required in terms of safety and efficacy under state tort laws.  A jury could be misled to believe that because the FDA is an official government agency, its statements on the "safety and efficacy" of Xarelto would

necessarily include a determination as to the adequacy of the label, or the reasonableness of Defendants' conduct under state laws.  This simply is not the case.

IV.    **CONCLUSION**

For these reasons, Plaintiffs request that all witnesses and counsel be precluded from offering evidence, argument, inference or eliciting testimony that the FDA's approval of Xarelto or Defendants' compliance with FDA regulations absolves them of liability or establishes that Xarelto is "safe and effective."

Dated:  May 12, 2017                          Respectfully submitted,

                                              */s/ Leonard A. Davis*
                                              Leonard A. Davis, Esq. (Bar No. 14190)
                                              **HERMAN, HERMAN & KATZ, LLC**
                                              820 O'Keefe Avenue
                                              New Orleans, Louisiana  70113
                                              Telephone:  (504) 581-4892
                                              Facsimile:  (504) 561-6024
                                              Email:  ldavis@hhklawfirm.com

                                              Gerald E. Meunier (Bar No. 9471)
                                              **GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
                                              2800 Energy Centre, 1100 Poydras Street
                                              New Orleans, LA  70163-2800
                                              Telephone: (504) 522-2304
                                              Facsimile: (504) 528-9973
                                              Email:  gmeunier@gainsben.com

                                              **Plaintiffs' Liaison Counsel**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 12, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**