UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| THIS DOCUMENT RELATES TO: | * * | SECTION L |
| *Joseph Orr, Jr., et al. v. Janssen et al.* Case No. 2:15-cv-03708 | * * * * | JUDGE ELDON E. FALLON MAG. JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE NO. 36 TO PRECLUDE EVIDENCE OR ARGUMENT SUGGESTING THAT PLAINTIFF, JOSEPH ORR, JR., HAS DATED SINCE HIS WIFE'S DEATH**

## I. INTRODUCTION

Plaintiffs move for an order prohibiting all witnesses from testifying, and any counsel referring to the fact that Plaintiff, Joseph Orr, Jr., has dated someone since his wife's death. Any such evidence has been considered irrelevant and/or unduly prejudicial under Louisiana jurisprudence, and it should be deemed inadmissible.

## II. STANDARD OF REVIEW

Under Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Evidence is relevant if it tends to make a fact of consequence to the litigation more or less probable than it would be without the evidence. Fed. R. Evid. 401. However, even relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The trial court has broad discretion in assessing the probative value of evidence and determining if it is significantly outweighed by the risk of undue prejudice. *See Sprint v. Mendelsohn*, 552 U.S. 379, 384 (2009); *Verzwyvelt v. St. Paul Fire & Marine Ins. Co.*, 175 F. Supp. 2d 881, 888 (W.D. La. 2001), *citing United States v Johnson*, 558 F. 2d 744, 746 (5th Cir. 1977). A court should exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice. *United States v. Duncan*, 919 F. 2d 981, 987 (5th Cir. 1990), *citing* Fed. R. Evid. 403.

### III.  ARGUMENT

Defendants may seek to offer evidence at trial that Plaintiff, Joseph Orr, Jr., has dated someone since his wife's death, presumably in order to reduce Mr. Orr's recoverable damages for loss of society in this wrongful death action. But testimony or evidence about a surviving spouse dating since the wrongful death at issue in a trial, is wholly unrelated "to the consideration of the damages to which such spouse is entitled." *Hightower v. Dr. Pepper Bottling Co.* of Shreveport, 117 So. 2d 642, 651-52 (La. App. 2 Cir. 1959). This information will have no tendency to make a fact that is of consequence in this action more or less probable than it would be without the evidence. It thus is irrelevant, *see* Fed. R. Evid. 401, and inadmissible. *See* Fed. R. Evid. 402. Moreover, in the unlikely event that this information is viewed as having probative value, that value would be substantially outweighed by the unfair prejudice, and/or undue delay, in addressing whether the surviving spouse's new relationship truly diminishes his wrongful death damage recovery. *See* Fed. R. Evid. 403. Presentation of this information would be an improper and would divert the jury's attention from the real issues at hand.

Numerous courts have granted similar motions to exclude this type of evidence. For example, in *Brossette v. Swift Transp. Co., Inc.*, No. 07-0888, 2008 WL 4809411, at *2 (W.D. La.

Oct. 29, 2008), the court granted a motion to exclude "any evidence, statement, or inference regarding allegations that Plaintiff [] has dated men since her husband's death," determining that the potential probative value of such evidence is slight." The court stated "because [Plaintiff's] cause of action arose at the time of her husband's death, her recovery may not be reduced by evidence that she succeeding in 'acquir[ing] the…affection of another.'" *Id., citing McFarland v. Illinois Cent. R.R.*, 127 So. 2d 183, 185-97 (La. 1961). Defendants argued evidence of Plaintiff's romantic relationships should be admitted to establish Plaintiff was involved in romantic relationships both before and after her husband's death, and to impeach Plaintiff's credibility as a witness because she denied any affair. *Id.* at *2-3. "In light of its determination that such evidence is barred under Louisiana law," the court "conclude[d] that any potential probative value is substantially outweighed by the risk of unfair prejudice to Plaintiff." *Id.* at *2, *citing* Fed. R. Evid. 403. The court held evidence that [Plaintiff] has dated men since her husband's death is not admissible for the purpose of impeachment (or any other purpose). *Id.* at *3.

This same reasoning even supports the inadmissibility of evidence in a wrongful death case that a surviving spouse has actually remarried. *See McFarland*, 127 So. 2d at 185; *Moore v. Chrysler Corp.*, 596 So. 2d 225, 240 (La. App. 2 Cir. 1992); *Lofton v. Cade*, 359 So. 2d 1074 (La. App. 3 Cir. 1978).

> The reason for such doctrine appears to be that the loss suffered by the surviving spouse is determinable by conditions existing as of the date of the wrongful death, such being the time when a right and a cause of action for the damages arises; and that the wrongdoer will not be permitted to show and rely on, and hence to benefit from, a remarriage in seeking a reduction of damages for which he was responsible.

*McFarland*, 127 So. 2d at 186.  The Fifth Circuit has recognized and affirmed this Louisiana law excluding remarriage evidence.  *Calderera v. Eastern Airlines, Inc.*, 705 F. 2d 778, 782 (5th Cir. 1988).

Likewise, in *Jones v. Kansas City Southern Ry. Co.*, 137 La. 178 (1915), *rev'd on other grounds, Kansas City Southern Ry. Co. v. Jones*, 46 S. Ct. 513 (1916), the court determined evidence of a surviving spouse's engagement was irrelevant and inadmissible in the wrongful death action.  The court in *Jones* gave "recognition and approval to the above discussed and generally accepted doctrine, notwithstanding that therein no actual marriage was involved." *Id.* Additionally, in *Gant v. Aetna Cas. Sur. Co.*, 234 So. 2d 776 (La. App. 1 Cir. 1970), 780, *citing McFarland*, 127 So. 2d 183, the court stated "the tort-feasor will not be permitted to use the probability of or even the actual marriage of the surviving spouse in mitigation of damages."

The same reasoning articulated in the above-mentioned cases applies here. The plaintiff Joseph Orr's wrongful death damages relate to a loss that occurred at the time Mrs. Orr passed away, and not to a later point in time.  Even if Mr. Orr were engaged or remarried, such evidence would be excluded under the applicable law.  Similarly, evidence of his dating someone since his wife's death is irrelevant to any claim to be considered by the jury.[1]

## IV.   CONCLUSION

For these reasons, Plaintiffs request that all witnesses and counsel be precluded from commenting on, referring to, and/or attempting to introduce testimony or evidence regarding, the fact that the Plaintiff Joseph Orr, Jr. has dated someone since his wife's death.

---

[1] Defendants may argue that the "door could be opened" to such evidence for credibility purposes.  However Plaintiffs do not intend to introduce evidence or argument that Mr. Orr has been unable to form relationships with others since his wife's death.

Dated: May 12, 2017                                Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, Louisiana  70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER
& WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 12, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**