UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE DR. CUONG BUI'S TESTIMONY REGARDING THE XARELTO LABEL

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., and Janssen Research & Development, LLC (collectively, "Defendants") move *in limine* to exclude any testimony from Dr. Cuong Bui regarding the Xarelto® label or any alleged inadequacies in the label because Dr. Bui was not Mrs. Orr's prescribing physician. A drug manufacturer's duty to warn under Louisiana law runs only to the prescribing physician. As a result, any testimony from Dr. Bui—a neurosurgeon who does not prescribe Xarelto or rely on the Xarelto label in his practice—regarding what he knew or didn't know about Xarelto based on its label is irrelevant and would risk confusing the issues and misleading the jury. Separately, even if the duty to warn extends beyond prescribing physicians, any testimony from Dr. Bui about the Xarelto label is irrelevant because Dr. Bui testified that he is not familiar with the Xarelto label, and thus any changes to the label would not have affected his treatment of Mrs. Orr.

### ARGUMENT

Under Louisiana's learned intermediary doctrine, a drug manufacturer's duty to warn runs only to the prescribing physician. *See Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 265 (5th Cir. 2002) ("Under [the learned intermediary] doctrine, a drug manufacturer discharges its duty to

1

consumers by reasonably informing *prescribing physicians* of the dangers of harm from a drug." (emphasis added)). The Louisiana Products Liability Act (LPLA) states that a manufacturer's duty to warn applies "to users and handlers of the product," *i.e.*, to the persons who make the decisions about whether and how to use the product. La. Rev. Stat. Ann. § 9:2800.57(A). Accordingly, cases applying the LPLA in the context of prescription medicines focus on the decision-making of the physician who decided to prescribe or use the product. *See Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098–99 (5th Cir. 1991) ("[T]he plaintiff must show that a proper warning would have changed the decision of the treating physician, *i.e.*, that but for the inadequate warning, the treating physician *would not have used or prescribed the product*." (emphasis added)); *Wheat v. Pfizer, Inc.*, 31 F.3d 340, 343 (5th Cir. 1994) (same); *Zachary v. Dow Corning Corp.*, 884 F. Supp. 1061, 1065 (M.D. La. 1995) (same).

Dr. Bui is a neurosurgeon who treated Mrs. Orr's intracranial hemorrhage. He did not prescribe Xarelto for Mrs. Orr, and his deposition testimony confirms that he was not familiar with the Xarelto label because he does not prescribe Xarelto in his practice. Specifically, Dr. Bui testified that he is "not aware of the label," because he is "not a primary provider that uses Xarelto." Deposition of Dr. Cuong Bui (Exh. 1) at 189:1–7; 191:2–13. Dr. Bui explained that he "wouldn't be the first line" for "that type of information." *Id.* at 191:11–15. Instead, that information would be directed to "the cardiologist, the primary care physicians, or the vascular neurologist." *Id.* at 191:11–18.

Because Dr. Bui did not prescribe Xarelto to Mrs. Orr, Defendants' duty to provide an adequate warning did not run to him, and any evidence or testimony regarding what Dr. Bui did or didn't know about Xarelto based on its label is irrelevant. *See* Fed. R. Evid. 401–02. Moreover, any such evidence or testimony from Dr. Bui about the Xarelto label should be excluded because

any probative value would be outweighed by the danger of confusing the issues and misleading the jury.  *See* Fed. R. Evid. 403.  Allowing Plaintiffs to present evidence or question Dr. Bui regarding the Xarelto label could confuse or mislead the jury into believing that Defendants had a duty to provide warnings to non-prescribing, treating physicians such as Dr. Bui, who does not prescribe anticoagulants to his patients.  Finally, Plaintiffs have never explained what instructions or warnings should have been given to a treating physician like Dr. Bui who does not prescribe Xarelto, so Defendants would be prejudiced by having to respond to Plaintiffs' novel instruct-the-treater theory for the first time at trial.

Separately, even if there is a duty to warn treating physicians like Dr. Bui, a plaintiff's failure-to-warn claim still fails as a matter of law if the physician did not read the warning label at issue.  *See, e.g., Hall v. Sinn, Inc.*, 102 F. App'x 846, 849–50 (5th Cir. 2004) (plaintiffs' failure-to-warn claim failed as a matter of law where prescribing physician "acknowledge[d] that he never read the warning and that he was aware of the risks of the drug independently of [the defendant]'s labels"); *Dykes v. Johnson & Johnson*, Civ. No. 09-5909, 2011 WL 2003407, at *5 (E.D. La. May 20, 2011) (Duval, J.) (plaintiffs' failure-to-warn claim failed as a matter of law where physician "never read the warning, and thus the warning played no role in the events leading to plaintiff's injury"); *see also Whitener v. PLIVA, Inc.*, Civ. No. 10-1552, 2014 WL 1276489, at *6 (E.D. La. Mar. 27, 2014) (Fallon, J.) (plaintiffs' claim failed as a matter of law because it was "clear . . . that [the doctor] relied principally on his own experience"—not any alleged conduct of the defendant).  As noted above, Dr. Bui testified that he is "not aware of the label" for Xarelto because he does not prescribe it in his practice, nor does he reply upon the label in his practice.  Accordingly, any testimony from Dr. Bui about the Xarelto label is irrelevant because it is clear that Dr. Bui did not

read the Xarelto label, and he therefore would not have acted differently based on any information in the label.

## CONCLUSION

For the foregoing reasons, the Court should exclude any testimony from Dr. Bui about the Xarelto label.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | WILKINSON WALSH + ESKOVITZ LLP |
| By: /s/ *Richard E. Sarver* <br> Richard E. Sarver <br> Celeste R. Coco-Ewing <br> BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. <br> 909 Poydras Street, 24th Floor <br> New Orleans, Louisiana 70112 <br> Telephone: (504) 589-9700 <br> rsarver@barrassousdin.com <br> ccoco-ewing@barrassousdin.com | By: /s/ *Beth A. Wilkinson* <br> Beth A. Wilkinson <br> Jennifer L. Saulino <br> Jeremy Barber <br> WILKINSON WALSH + ESKOVITZ LLP <br> 1900 M. Street NW, Suite 800 <br> Washington, DC 20036 <br> Telephone: (202) 847-4000 <br> bwilkinson@wilkinsonwalsh.com <br> jsaulino@wilkinsonwalsh.com <br> jbarber@wilkinsonwalsh.com |
| DRINKER BIDDLE & REATH LLP | NELSON MULLINS RILEY & SCARBOROUGH LLP |
| By: /s/ *Susan M. Sharko* <br> Susan M. Sharko <br> Drinker Biddle & Reath LLP <br> 600 Campus Drive <br> Florham Park, NJ 07932-1047 <br> Telephone: (973) 549-7000 <br> susan.sharko@dbr.com <br><br> Rodney M. Hudson <br> DRINKER BIDDLE & REATH LLP <br> 50 Fremont Street, 20th Floor <br> San Francisco, CA 94105-2235 <br> Telephone: (415) 591-7500 <br> Rodney.hudson@dbr.com <br><br> Chanda A. Miller <br> Drinker Biddle & Reath LLP <br> One Logan Square, Suite 2000 | By: /s/ *David E. Dukes* <br> David E. Dukes <br> J. Mark Jones <br> NELSON MULLINS RILEY & SCARBOROUGH LLP <br> 1320 Main Street, 17th Floor <br> Columbia, SC 29201 <br> Telephone: (803) 799-2000 <br> David.Dukes@nelsonmullins.com <br> Mark.Jones@nelsonmullins.com <br><br> ARNOLD & PORTER KAYE SCHOLER LLP <br><br> By: /s/ *Andrew K. Solow* <br> Andrew K. Solow <br> Steven Glickstein <br> ARNOLD & PORTER KAYE SCHOLER LLP <br> 250 West 55th Street |

Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com



CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of May, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

*/s/      John F. Olinde*