UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * MDL NO. 2592 |
| | * SECTION L |
| | * |
| | * JUDGE ELDON E. FALLON |
| | * |
| | * MAG. JUDGE NORTH |
| ********************************************* | * |

**THIS DOCUMENT RELATES TO:**
*Orr et al. No. 15-3708*

## ORDER & REASONS

Before the Court is a Motion for Leave to Amend Complaint filed by the Plaintiffs' Steering Committee. (R. Doc. 6112). Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

I.      **BACKGROUND**

This matter arises from damages Plaintiffs claim to have suffered from the manufacture, sale, distribution, and/or use of the medication known as Xarelto, an anti-coagulant used for a variety of blood-thinning medical purposes. The Plaintiffs have filed suits in federal courts throughout the nation against Defendants, Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare AG, Bayer Pharma AG, and Bayer AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson. The Plaintiffs specifically allege that they or their family members suffered severe bleeding and other injuries due to Xarelto's allegedly inadequate warning label.

This case was filed in the United States District Court for the Eastern District of Louisiana, Xarelto MDL, on August 24, 2015. This case will be the second bellwether trial heard in this Court. Trial is scheduled to begin on May 30, 2017.

## II. THE PRESENT MOTION

Plaintiffs have moved for leave to amend the operative complaint to include additional allegations making explicit Sharyn Orr's right to recover her "Lost Chance of Survival" damages under Louisiana law. (R. Doc. 6112). Defendants oppose the motion, arguing the amendment is futile, untimely, and prejudicial. (R. Doc. 6389).

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The Fifth Circuit has strictly followed this rule, stating that "leave to amend complaint should be granted liberally . . . ." *Robertson v. Plano City of Texas*, 70 F.3d 21, 22 (5th Cir.1995). However, it is left to the court's discretion to decide whether granting leave to amend is in the interest of justice and fairness. In this case, Plaintiffs seek to amend the complaint in the interest of clarity and unity – they do not seek to add a new cause of action but rather to assert a specific type of damage. Plaintiffs argue that recovery for the loss of a chance of survival is available under the Louisiana Products Liability Act ("LPLA"), which specifically incorporates "the right to recover all damages for injury to [the deceased] person, his property or otherwise." La. Civ. Code 2315.1.

In this instance, the Court finds that Plaintiffs' attempt to amend the complaint comes too late. Trial in this matter begins in less than three weeks, and the Court does not find it prudent to re-open pleadings at this time. Because, as Plaintiffs admit, lost change of survival is not a separate cause of action, it does not need to be specifically pled and the complaint need not be amended to specify the recovery of damages for such loss. It should be noted that this holding does not necessarily foreclose this element of damage and should not be construed as a finding that this item of damages is not recoverable under the LPLA. The Court defers its ruling as to whether lost chance of survival is recoverable in this case.

## III. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that the Plaintiffs' Motion to Amend Complaint (R. Doc. 6112) is hereby **DENIED**.

New Orleans, Louisiana, this 12th day of May, 2017.

                                                            _____
                                                            UNITED STATES DISTRICT JUDGE