UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE TESTIMONY FROM PREVIOUSLY UNDISCLOSED WITNESSES

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., and Janssen Research & Development, LLC (collectively, "Defendants") move *in limine* to exclude any testimony from Dr. Greg Sossaman and Karen Bullock, who were listed as "may call" witnesses on Plaintiffs' May 5, 2017 witness list. The Court should preclude Plaintiffs from calling these individuals at trial because they were not properly disclosed to Defendants according to the procedures set out in the Federal Rules of Civil Procedure and the CMOs governing this litigation.[1]

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, parties generally are required to disclose "the name, and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1). The parties did not file initial disclosures in this litigation; instead, the Court

---

[1] Defendants have informally asked the PSC to withdraw these witnesses, but at the time of filing this brief, the PSC has not responded to that request or otherwise agreed to withdraw these witnesses.

1

established specific procedures by which the parties were to provide the required disclosures on a particular schedule and in a more detailed fashion.

CMO 1 "suspended" the parties' obligation to file initial disclosures on the schedule and in the form established by Rule 26 in light of "the discovery obligations undertaken by both Plaintiffs and Defendants." Plaintiffs instead were required to submit a Plaintiff Fact Sheet ("PFS") "in the form to be approved by this Court," "within 60 days from the date [] each Plaintiffs' case is filed, if filed directly in this Court, within 60 days of the date the case is transferred to this Court, if filed elsewhere, or within 60 days from entry of an order approving the PFS form, whichever is longer." CMO 1. The PFS instructions require Plaintiffs to "complete[ the PFS] pursuant to the FRCP governing discovery." PTO 13 Exh. A. Those instructions further provide that Plaintiffs must identify any health care provider "involved in the evaluation, diagnosis, care, and/or treatment of the plaintiff or plaintiff's decedent." *Id.* Plaintiffs also were obligated to identify any potential "fact witnesses"—that is, "all persons" who Plaintiffs "believe possess information concerning your alleged injuries and current medical conditions." *Id.* ¶ VII.A. Plaintiffs had a duty to "supplement [their] responses if [they] learn that they are incomplete or incorrect in any material respect." *Id.* at 1.

Failure to comply with the deadline for disclosure requirements results in mandatory and automatic exclusion under Federal Rule of Civil Procedure 37(c)(1), and the party is not allowed to use "that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1); *Rea v. Wisconsin Coach Lines*, Civ. No. 12-1252, 2014 WL 4981803, at *3 (E.D. La. Oct. 3, 2014) (Duval, J.) (citing *Red Dot Bldgs. v. Jacob Technology, Inc.*, Civ. No. 11-1142, 2012 WL 2061904, at *3 (E.D. La. June 7, 2012)).

**ARGUMENT**

The Court should preclude the following individuals from offering any testimony in this case because they were not properly disclosed pursuant to the Federal Rules of Civil Procedure and the CMOs applicable to this case, and Plaintiffs' failure to disclose was not substantially justified and is not harmless.

1. *Dr. Greg Sossaman*. Dr. Sossaman appears to be the Chairman of the Department of Pathology and Laboratory Medicine as Ochsner Medical Center. Dr. Sossaman was never disclosed as a treating physician in the PFS for this case. *See Orr* PFS ¶ IV.A (attached as Exhibit 1); *Orr* First Amended PFS ¶ IV.A (attached as Exhibit 2); *Orr* Second Amended PFS ¶ IV.A (attached as Exhibit 3). Nor was Dr. Sossaman ever disclosed as a potential fact witness likely to have discoverable information. *See id.* ¶ VII.A. And Plaintiffs never disclosed Dr. Sossaman as an expert witness, and Dr. Sossaman has not provided an expert report or given a deposition. *See* CMO 2A (requiring Plaintiffs to "designate and provide reports by their expert witnesses for the bellwether trials" by October 14, 2016).

2. *Karen Bullock*. Ms. Bullock appears to be a lab director at Ochsner Medical Center. As with Dr. Sossaman, Ms. Bullock was never disclosed as a treating health care provider, as a potential fact witness, or as an expert witness in this case.

\* \* \*

In sum, Plaintiffs never disclosed these witnesses, despite their obligation (1) to "complete [the PFS] pursuant to the FRCP governing discovery," which requires the disclosure of all persons likely to have discoverable information; (2) to disclose any health care providers "involved in the evaluation, diagnosis, care, and/or treatment of the Plaintiff"; and (3) to identify "all persons who you believe possess information concerning your alleged injuries and current medical conditions."

3

Nor did Plaintiffs disclose any of these individuals as expert witnesses by providing a written report, as required by Rule 26 and CMO 2A.

Plaintiffs' failure to disclose these witnesses is not cured by the parties' later agreement reserving the right to depose previously un-deposed case-specific fact witnesses listed on a party's trial witness list—namely, that "if either party discloses a case-specific fact witness as a trial witness that has not been deposed, or in the event that new additional fact witnesses arise in the future, the party listing such a witness as a trial witness will allow the opposing party a reasonable opportunity to depose said witness before they are called at trial." Sept. 22–23, 2016 email exchange between A.Birchfield and A.Solow (attached as Exhibit 4). Notably, that agreement did not absolve the parties of their obligation to supplement their disclosures in the fact sheets pursuant to PTO 13 or to permit them to engage in trial by ambush. The agreement was instead intended to facilitate discovery and to provide the parties "a reasonable opportunity" to depose trial witnesses either who the parties both knew about but decided not to depose, or who later become known to both parties through the production of medical records. Neither Dr. Sossaman nor Karen Bullock meet those criteria.[2] Moreover, it is unclear whether Dr. Sossaman or Ms. Bullock are "case-specific fact witnesses" for the *Orr* trial—such that they have specific knowledge about the facts regarding Mrs. Orr—or if Plaintiffs have disclosed them for some other purpose. But even if they are case-specific fact witnesses, Plaintiffs have not provided Defendants a reasonable opportunity to depose these individuals before trial, in violation of the parties' agreement.

---

[2] Dr. Sossaman is listed on just two of Mrs. Orr's medical records, so far as Defendants can discern, and even on those occasions is listed merely as the director of one of the laboratories where testing was performed on Mrs. Orr's blood. There is no indication that Dr. Sossaman provided medical treatment for Mrs. Orr. Karen Bullock is not listed on any of Mrs. Orr's medical records so far as Defendants can discern.

Plaintiffs' failure to properly disclose these witnesses was not substantially justified—they have had months to prepare the case—and it is not harmless. Plaintiffs' surprise disclosure of these potential witnesses mere weeks before trial is prejudicial to Defendants, who have no indication of these witnesses' potential testimony and will not have had a reasonable opportunity to depose them. Accordingly, these witnesses should be precluded from testifying at trial. *See* Fed. R. Civ. P. 37(c)(1); *Rea*, 2014 WL 4981803, at *3.

## CONCLUSION

For the foregoing reasons, the Court should preclude Plaintiffs from calling Dr. Greg Sossaman and Karen Bullock.

Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.

By: /s/ *Richard E. Sarver*
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com


DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com


NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com


CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of May, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

*/s/     John F. Olinde*