UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO DR. ROBERT CALIFF AS FDA COMMISSIONER UNDER FEDERAL RULES OF EVIDENCE 402 & 403**

INTRODUCTION

Defendants move to exclude, under Federal Rules of Evidence 402 and 403, any evidence, argument or attempt to attribute non-party Dr. Robert Califf's emails prior to his being appointed FDA Commissioner as views held by FDA. Dr. Califf played a lead role in the ROCKET AF Study when he worked at the Duke Clinical Research Institute ("DCRI) and his internal emails in that capacity were produced by both the Defendants and by DCRI. In January 2015, Dr. Califf was appointed as the Deputy Commissioner of FDA's Office of Medical Products and Tobacco and served in that role until February 2016, when he was nominated and confirmed as FDA Commissioner. Dr. Califf was FDA Commissioner from February 2016 until January 2017.

Defendants anticipate that Plaintiffs will attempt to introduce emails and other documents that Dr. Califf wrote as a private citizen to infer that those emails represent the views of the FDA as was done in the *Boudreaux* trial. Allowing reference or argument attempting to attribute Dr. Califf's views expressed in private emails as a position held by FDAwould be highly prejudicial, as it may cause the jury to improperly infer that the ideas of Dr. Califf expressed before he

00413072

became FDA Commissioner were in fact representative of the FDA's position. Any perceived probative value that Plaintiffs may attach to evidence is substantially outweighed by the undue prejudice Defendants, confusion of the issues, and cause delay. For these and the reasons set forth below, this evidence should be excluded at trial.

## ARGUMENT

**I.    Evidence or argument that Dr. Califf was FDA Commissioner is irrelevant.**

The Federal Rules of Evidence make clear that only relevant evidence is admissible. "Relevancy is the threshold determination in any decision regarding the admissibility of evidence." *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1139 (5th Cir. 1991) (internal quotation omitted). Evidence is only relevant if it has a tendency to make a fact that is of consequence to the determination of an action more or less probable than without the evidence. Fed. R. Evid. 401; *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir. 1988); *Kennedy v. Magnolia Marin Transp. Co.*, 189 F. Supp. 3d 610, 619 (E.D. La. May 17, 2016). Evidence lacking probative value is properly excluded as irrelevant. Fed. R. Evid. 402.

Dr. Califf's appointment as FDA Commissioner after his work on ROCKET AF is only relevant to the extent that he expressed views in the capacity of Commissioner. *See* Fed. R. Evid. 401. The emails from Dr. Califf that Plaintiffs seek to introduce were written when he worked for DCRI, and not FDA. *See* Shah Dep. at 363:2-18 (Ex. A) ("Q. At this time he was not the commissioner of the FDA, but he was the person who conducted the primary trial that supports the Afib indication ROCKET, correct? A. He was. And he was also leading the Duke Clinical Research Institute, which obviously conducted clinical trials for a living. . . . I would say that that's probably one of his motives, was to conduct another trial, because it was part of the way that DCRI made money."). Dr. Califf's personal views expressed at that time do not

represent the opinions of FDA, and his later appointment as FDA Commissioner is not relevant to his views held at any earlier point in time. .

II. **Argument or reference to Dr. Califf's position as the former FDA Commissioner would cause unfair prejudice and jury confusion.**

Argument or suggestion that Dr. Califf's prior emails could be attributed to the position of FDA also will likely cause the jury to afford undue weight to the emails he drafted while at DCRI simply because Dr. Califf was later appointed FDA Commissioner. Plaintiffs' experts made clear that Plaintiffs plan to use Dr. Califf's position as FDA Commissioner to emphasize the weight of emails that he wrote well before joining the FDA. *See* Ex. B. Backes Report VII. B. ("[T]he current commissioner of the FDA and co-principal investigator of ROCKET . . . stated that the doses currently sold for the atrial fibrillation indication were too high . . . ."). Doing so will be highly prejudicial to the Defendants and is improper. *See* Fed. R. Evid. 403; *Vice v. N. Telecom, Inc.*, Civ. A. No. 94-1235, 1996 WL 507340, at *2 (E.D. La. Sept. 6, 1996) (excluding OSHA citations on the grounds that their probative value was "substantially outweighed by the danger that the jury would ascribe unfair weight to the citation because of its 'governmental' source"). Accordingly, Plaintiffs should be precluded from arguing or suggesting that Dr. Califf's earlier emails represent the views of FDA.

## CONCLUSION

For the foregoing reasons, the Court should exclude evidence or argument attempting to attribute earlier emails written by Dr. Califf as FDA's position. .

Respectfully submitted,

| | |
|---|---|
| DRINKER BIDDLE & REATH LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| | |
| By: /s/ *Susan M. Sharko* | By: /s/ *William Hoffman* |
| Susan M. Sharko | William Hoffman |
| DRINKER BIDDLE & REATH LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| 600 Campus Drive | 601 Massachusetts Ave., NW |
| Florham Park, NJ 07932-1047 | Washington, D.C. 20001 |
| Telephone: (973) 549-7000 | Telephone: (202) 942-5000 |
| susan.sharko@dbr.com | william.hoffman@apks.com |
| | |
| Rodney M. Hudson | Andrew K. Solow |
| DRINKER BIDDLE & REATH LLP | Steven Glickstein |
| 50 Fremont Street, 20th Floor | ARNOLD & PORTER KAYE SCHOLER LLP |
| San Francisco, CA 94105-2235 | 250 West 55th Street |
| Telephone: (415) 591-7500 | New York, New York 10019-9710 |
| Rodney.hudson@dbr.com | Telephone: (212) 836-8485 |
| | andrew.solow@apks.com |
| Chanda A. Miller | steven.glickstein@apks.com |

DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000           BRADLEY ARANT BOULT CUMMINGS LLP
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500              By: /s/ *Kevin C. Newsom*
Chanda.Miller@dbr.com                  Kevin C. Newsom
                                       Lindsey C Boney IV
IRWIN FRITCHIE URQUHART & MOORE LLC    BRADLEY ARANT BOULT CUMMINGS LLP
                                       One Federal Place, 1819 Fifth Avenue North
By: /s/ *James B. Irwin*               Birmingham, AL 35203-2119
James B. Irwin                         Telephone: (205) 521-8803
Kim E. Moore                           knewsom@bradley.com
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700         CHAFFE MCCALL L.L.P.
New Orleans, LA 70130
Telephone: (504) 310-2100              By: /s/ *John F. Olinde*
jirwin@irwinllc.com                    John F. Olinde
                                       CHAFFE MCCALL L.L.P.
*Attorneys for Defendants Janssen*     1100 Poydras Street, Suite 2300
*Pharmaceuticals, Inc., Janssen Research &*  New Orleans, LA 70163
*Development, LLC, and Janssen Ortho LLC*    Telephone: (504) 585-7241
                                       olinde@chaffe.com

                                       *Attorneys for Bayer HealthCare*
                                       *Pharmaceuticals Inc. and Bayer Pharma AG*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on May 12, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                               */s/ James B. Irwin*
                               **James B. Irwin**