## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:  XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

MDL No. 2592

SECTION L

THIS DOCUMENT RELATES TO:

JUDGE ELDON E. FALLON

Joseph Orr, Jr., et al. v. Janssen et al.
Case No. 2:15-cv-03708

MAGISTRATE NORTH

### DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTIONS
### AND VERDICT FORM

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen

Pharmaceuticals, Inc., and Janssen Research & Development, LLC (collectively, "Defendants")

submit the following proposed jury instructions and verdict form in the above-captioned case.

These submissions are based on Louisiana substantive law and Fifth Circuit procedural law.

Defendants reserve their right to supplement and amend these proposed jury instructions and the

accompanying verdict form based on rulings of the Court before or during trial and on evidence

actually admitted at trial.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com
*Attorneys for Defendants Janssen*
*Pharmaceuticals, Inc. and Janssen Research &*
*Development, LLC*

jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare*
*Pharmaceuticals Inc. and Bayer Pharma AG*

May 16, 2017

# I.
## DEFENDANTS' REQUEST NO. 1
### (Instructions for Beginning of Trial)

Members of the jury panel, if you have a cell phone or other electronic device with you, please take it out now and turn it off.  Do not turn it to vibrate or silent; power it down.  During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone, including your fellow jurors, about the case until it is time to deliberate.  I understand you may want to tell you family, close friends, and other people that you have been called for jury service so that you can explain when you are required to be in court.  You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case.  For example, do not talk face-to-face or communicate any information to anyone electronically about this case until I accept your verdict or until you have been excused as a juror.  This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.  Some of the people you encounter may have some connection to the case.  If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

1

I. Preliminary Instructions

Third, do not do any research—on the Internet, in libraries, in books, in newspapers, in magazines, or using any other source or method.  Do not make any investigation about this case on your own.  Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.  If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court.  If you do any research, investigation, or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination.  It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case.  Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process.  If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice.  It is very important that you abide by these rules.  Failure to follow these instructions could result in the case having to be retried.

<u>Authority</u>:     Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 1.1 (2014).

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ_____

2

**DEFENDANTS' REQUEST NO. 2**
**(Preliminary Instructions to Jury)**

You have now been sworn as the jury to try this case.  As the judge, I will decide all questions of law and procedure.  As the jury, you are the judges of the facts.  At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial.  Do not allow your note-taking to distract you from listening to the testimony.  Your notes are an aid to your memory.  If your memory should later be different from your notes, you should rely on your memory.  Do not be unduly influenced by the notes of other jurors.  A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence.  This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day.  During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology.  For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry PDA, computer, the internet, any internet service, any text or instant messaging service, any internet chat room, blog, or website such as Facebook or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate.  It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other.  The parties, the witnesses, the attorneys, and persons

associated with the case are not allowed to communicate with you.  And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case.  You must rely solely on what you see and hear in this courtroom.  Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case.  Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it.  In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss.  These issues are not part of what you must decide and they are not properly discussed in your presence.  To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing.  When I confer with the attorneys at the bench, please do not listen to what we are discussing.  If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues.  I will try to keep these interruptions as few and as brief as possible.

The trial will now begin.  Lawyers for each side will make an opening statement.  Opening statements are intended to assist you in understanding the significance of the evidence that will be presented.  The opening statements are not evidence.

After the opening statements, the Plaintiffs will present their case through witness testimony and documentary or other evidence.  Next, the Defendants will have an opportunity to present their case.  The Plaintiffs may then present rebuttal evidence.  After all the evidence is

introduced, the lawyers will make closing arguments.  Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown.  I will then instruct you on the law that applies to this case.  Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial.  Do not decide the case until you have heard all of the evidence, the closing arguments, and my instructions.

It is now time for the opening statements.

Authority:      Fifth Circuit Pattern Jury Instructions (Civil Cases), § 1.2 (2014).

GRANTED _____     DENIED _____          MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**II.**
**DEFENDANTS' REQUEST NO. 3**
**(First Recess)**

We are about to take our first break in this trial.  Remember, until the trial is over, you are not to discuss this case with anyone, including your fellow jurors.  If anyone approaches you and tries to talk to you about the case, advise me about it immediately.  Do not read or listen to any news reports of the trial or use any technology tools to do independent research.  Remember to keep an open mind until all the evidence has been received.  Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

<u>Authority</u>:      Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.1 (2014).

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

**III.A.**
**DEFENDANTS' REQUEST NO. 4**
**(Preliminary Charge)**

Members of the jury:

You have now heard all the evidence in the case as well as the final argument. It is my duty to instruct you on the law you must follow and apply in arriving at your decision in this case.

In any jury trial, there are, in effect, two judges: I am one of the judges; the other is you the jury. It is my duty to preside over the trial and to determine what testimony and other evidence is admissible under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

You, as jurors, are the judges of the facts; but in determining what actually happened in this case—that is, in reaching your decision as to the facts—it is your sworn duty to follow the law I am now in the process of defining for you.

You should consider all of the instructions about the law as a whole. You have no right to disregard or give special attention to any one instruction or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token, it is also your duty to base your verdict solely upon the testimony and other evidence in the case without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less from you.

Authority:     Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.1 (2014).

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 5**
**(Corporations Equal before the Law)**

This case should be considered and decided by you as an action between persons of equal standing in the community and of equal worth.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Authority:       Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.16 (2014).

GRANTED _____       DENIED _____       MODIFIED _____

WITHDRAWN _____       PLAINTIFF OBJ _____

9

**DEFENDANTS' REQUEST NO. 6**
**(Evidence)**

As I stated earlier, it is your duty to determine the facts. In so doing, you must consider only the evidence I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted into the record.

Any statements, objections, or arguments by the lawyers are not evidence in the case. The function of the attorneys is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that they are particularly concerned that you, the jury, recall. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case. What the lawyers say is not binding upon you.

Also, during the course of the trial, I may have occasionally made a comment to a lawyer or perhaps asked a question of a witness or admonished the witness concerning the manner in which he or she should respond to the question. Do not assume from anything I may have said that I have any opinion concerning any of the facts of this case. In arriving at your finding as to the facts, you should disregard anything that I may have said during the trial except, of course, my instructions to you on the law.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I

may have said or done during the trial in arriving at your verdict because you, the jury, are indeed the sole judges of the facts in this case.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and the exhibits as you feel are justified in the light of your common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and the evidence in this case.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

<u>Authority</u>:      Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), §§ 3.1; 3.3 (2014).

GRANTED _____      DENIED _____          MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 7**
**(Charts and Summaries)**

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the records and other documents that are in evidence.  These charts and summaries are not evidence or proof of any facts.  You should determine the facts from the evidence.

<u>Authority</u>:      Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.7 (2014).

GRANTED _____     DENIED _____        MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

12

**DEFENDANTS' REQUEST NO. 8**
**(Witnesses)**

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony and in determining the credibility of any witness, you may consider the conduct of the witness, the way he or she behaves on the witness stand, his or her personal feelings as demonstrated by his or her testimony and his or her actions, any interest he or she may have in the outcome of the case, and any prejudice or bias he or she may have shown.  You must give the testimony of each witness the credibility that you think it deserves.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Authority:     Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.4 (2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF OBJ _____

## DEFENDANTS' REQUEST NO. 9
### (Impeachment by Witness's Inconsistent Statements)

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

If a witness is shown to have testified falsely concerning any material matter, you, the jury, have a right to distrust such witness's testimony on other matters, and you may distrust all of the testimony of that witness.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory.  The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority:    Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.11 (2014); *see also* Transcript of Record at 2649-50, *Barnett v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-485 (E.D. La. 2006) (Ex. 1); Transcript of Record at 3145, *Dedrick v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-2545 (E.D. La. 2006) (Ex. 2); Transcript of Record at 2733, *Mason v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-810 (E.D. La. 2006) (Ex. 3); Transcript of Record at 3016, *Smith v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-4379 (E.D. La. 2006) (Ex. 4).

GRANTED _____        DENIED _____            MODIFIED _____

WITHDRAWN _____       PLAINTIFF OBJ _____

14

## DEFENDANTS' REQUEST NO. 10
### (Expert Witnesses)

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters.  Such witnesses have testified in this case.  However, you are not required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely on it.

If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound or that the opinion is outweighed by other evidence, then you may disregard that opinion entirely.

In deciding whether to accept or to rely upon the opinion of an expert witness, you, the jury, may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has a financial, philosophical, or other interest in the outcome of the case.

Authority:     Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.5 (2014); Transcript of Record at 2650-51, *Barnett v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-485 (E.D. La. 2006) (Ex. 1); Transcript of Record at 3146, *Dedrick v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-2545 (E.D. La. 2006) (Ex. 2); Transcript of Record at 2734-35, *Mason v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-810 (E.D. La. 2006) (Ex. 3); Transcript of Record at 3017-18, *Smith v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-4379 (E.D. La. 2006) (Ex. 4).

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 11**
**(Deposition Testimony)**

Certain testimony has been presented to you through a deposition.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Sometime before this trial, attorneys representing the parties in this case questioned the witness under oath.  A court reporter was present and recorded testimony.  The questions and answers have been shown to you during the trial.  This deposition testimony is entitled to the same consideration and is to be weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

Authority:     Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.13 (2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF OBJ _____

16

## DEFENDANTS' REQUEST NO. 12
### (Objections to Evidence)

During the course of trial, you will have heard objections to evidence.  Sometimes these have been argued out of the hearing of the jury.

It is the duty of the attorneys for each side to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not draw any inference against or show any prejudice against an attorney or his client because of the making of an objection.

Upon allowing the testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.  As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer the question.

Authority:    Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions, § 1:1 (West 3d ed. 2016).

GRANTED _____    DENIED _____    MODIFIED _____

WITHDRAWN _____    PLAINTIFF OBJ _____

17

**DEFENDANTS' REQUEST NO. 13**
**(Notes)**

You have been allowed to take notes during this trial.  Any notes that you took during this trial are only aids to memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors.  Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

<u>Authority</u>      Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.7 (2014).

GRANTED _____       DENIED _____       MODIFIED _____

WITHDRAWN _____       PLAINTIFF OBJ _____

**III.B.**
**DEFENDANTS' REQUEST NO. 14**
**(Introduction to Claims)**

This lawsuit arises out of Sharyn Orr's use of a prescription medicine called Xarelto. Plaintiffs contend that Mrs. Orr's use of Xarelto caused her to suffer a bleeding event, and her husband, Joseph Orr, Jr., and their children, Joseph Orr, III, Kelli Orr Walker, and Kim Orr Deagano, seek a monetary award for damages that they claim resulted from that event. They are attempting to recover under two separate theories of liability. First, the Plaintiffs allege that Xarelto was sold with inadequate warnings. Second, the Plaintiffs allege that Xarelto had a defective design.

Defendants deny all of these allegations. They contend that Xarelto's warnings to Mrs. Orr's doctor were adequate and that any alleged inadequacy in the warning did not cause Mrs. Orr's injury. They further contend that Xarelto's design was not defective and that any alleged defect did not cause Mrs. Orr's injury

Although the Plaintiffs' two theories of recovery have been tried together, they are separate from one another, and each party is entitled to have you separately consider the two claims. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, just as you would be doing if each claim had been tried to you separately.

GRANTED _____     DENIED _____          MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

## DEFENDANTS' REQUEST NO. 15
### (FDA Approval)

Before a prescription medicine may be sold, its design and label must be approved by the Federal Food and Drug Administration, or FDA.  In approving medicines for sale, the FDA takes into consideration the fact that a medicine has some risks, including some unknown risks, and balances that fact against the medicine's beneficial uses.  The FDA approved Xarelto's design and its label. You may consider the FDA's approval as evidence that Defendants exercised the ordinary care that a reasonable manufacturer would have under the circumstances, and as evidence that the warnings given by Defendants in connection with Xarelto were adequate.

Authority:   21 U.S.C. § 355; 21 C.F.R. § 314.105; 21 C.F.R. § 314.125; *cf. Crotwell v. Wal-Mart La., LLC*, No. CIV.A. 06-909-C, 2009 WL 1146612, at *7 (M.D. La. Apr. 27, 2009); *Dunne v. Wal-Mart Stores, Inc.*, 679 So. 2d 1034, 1037 (La. Ct. App. 1996).

GRANTED _____     DENIED _____         MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 16**
**(Unavoidably Unsafe Products)**

Prescription drugs often cause unwanted side effects despite the fact that they have been carefully designed and properly manufactured. The law deems such products "unavoidably unsafe," but they are not defective, nor unreasonably dangerous, if they include adequate warnings instructions for the safe use of the drug.

Authority:    Transcript of Record at 1642, *Boudreaux v. Janssen Research & Dev., et al. (In Re Xarelto (Rivaroxaban) Prods. Liab. Litig.)*, No. 14-2720 (E.D. La. 2017) (Ex. 5); *see also* Transcript of Record at 2656–57, *Barnett v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-485 (E.D. La. 2006) (Ex. 1); Transcript of Record at 3151, *Dedrick v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-2545 (E.D. La. 2006) (Ex. 2); Transcript of Record at 2740, *Mason v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-810 (E.D. La. 2006) (Ex. 3); Transcript of Record at 3023, *Smith v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-4379 (E.D. La. 2006) (Ex. 4).

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 17**
**(No Inference from Filing Suit)**

The fact that the Plaintiffs brought a lawsuit and are in court seeking damages creates no

inference that they are entitled to a judgment.  Anyone may make a claim and file a lawsuit.  The

act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and

is not evidence.

Authority:      Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.6 (2014).

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 18**
**(Burden of Proof)**

The burden of proof is on the Plaintiffs to prove every essential element of their claims by what is known as a preponderance of the evidence.  To establish a claim by a preponderance of the evidence means to prove that the claim is more likely so than not so.

In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider all the testimony of all the witnesses, regardless of who may have called them.  You may also consider all exhibits received in evidence, regardless of who may have produced them.  If the proof should fail to establish any essential element of any of the Plaintiffs' claims by a preponderance of the evidence, you, the jury, should find for the Defendants as to that claim.

Plaintiffs need not prove or produce every possible witness, and need not prove their claims beyond a reasonable doubt as is necessary in a criminal prosecution.  But speculation or mere possibility or even unsupported probability is not sufficient to support a judgment in favor of the Plaintiffs.

<u>Authority</u>:    Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 2:4 (West 3d ed. 2016).

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 19**
**(Medical Causation)**

The mere fact that a person may have been injured, standing alone, does not permit you, the jury, to draw any inference that such injuries were caused by the Defendants. To recover for either failure to warn or defective design, Plaintiffs must prove by a preponderance of the evidence that Xarelto was the medical cause-in-fact of Mrs. Orr's injury. Such a product is a medical cause if the harm would not have occurred without the product's use. To prove medical causation, it is not sufficient for Plaintiffs simply to prove that Mrs. Orr was taking Xarelto at the time of her injury. If the Plaintiffs do not prove that Mrs. Orr's bleeding event would not have occurred without use of Xarelto, the Defendants cannot be held liable.

Authority:    La. Rev. Stat. Ann. § 9:2800.54(A) ("The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous . . . ."); *Sharkey v. Sterling Drug, Inc.*, 600 So. 2d 701, 712 (La. Ct. App. 1992) (holding that plaintiff bears the burden of showing medical causation by a preponderance of the evidence).

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 20**
**(Liability Based on Inadequate Warning)**

I will now discuss the law specifically governing the Plaintiffs' two claims.  The Plaintiffs' first claim is that Xarelto had an allegedly inadequate warning about its potential risks.  In order to be successful on such a claim, Plaintiffs must prove by a preponderance of the evidence that:

(1)  The product had a characteristic that might cause damage;

(2)  Defendants failed to use reasonable care to provide an adequate warning of that characteristic and its danger to Mrs. Orr's prescribing physician, Dr. St. Martin; and

(3) The injury which Mrs. Orr suffered was proximately caused by the allegedly inadequate warning.

Authority:   Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 11:3 (West 3d ed. 2016).  *See also* La. Rev. Stat. Ann. § 9:2800.54(D) (plaintiff has burden of proving product is unreasonably dangerous); *id.* § 9:2800.57(A) ("A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product."); *id.* § 9:2800.54(A) (manufacturer is liable "for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant").

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

25

## DEFENDANTS' REQUEST NO. 21
### (Learned Intermediary Doctrine)

Louisiana applies the "learned intermediary" doctrine to products liability cases involving prescription medicines.  A drug manufacturer generally has no obligation to warn consumers directly of any risks associated with a medicine.  This is because prescribing physicians generally are in a superior position to evaluate the warning and instruction and to impart such warning and instruction to the patient, and can provide an independent medical decision as to whether use of the drug is appropriate for a particular patient.  A manufacturer's obligation to the consumer is fulfilled when the prescribing physician, in this case, Dr. St. Martin, is informed of any potential side effects or risks from the drug's use so that he may intelligently decide on its use and advise the patient.  The prescribing doctor acts as an informed intermediary, and the decision to use a particular drug in a particular circumstance rests with the prescribing doctor, not with the manufacturer.

Authority:    *Mikell v. Hoffman-LaRoche, Inc.*, 649 So. 2d 75, 79–80 (La. Ct. App. 1994) ("The obligation to the consumer is fulfilled when the prescribing or treating physician is informed of any potential side effects or risks from the drug's use so that they may intelligently decide on its use and advise the patient.  The doctor acts as an informed intermediary, and the decision to use the drug in a particular circumstance rests with the doctor and the patient, not the manufacturer." (citations omitted)); *see also Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 267–68 (5th Cir. 2002) (citing *Mikell*, 649 So. 2d at 80); *Calhoun v. Hoffman LaRoche*, 768 So. 2d 57, 61 (La. Ct. App. 2000); *Stahl*, 283 F.3d at 265 ("Under [the learned intermediary] doctrine, a drug manufacturer discharges its duty to consumers by reasonably informing *prescribing physicians* of the dangers of harm from a drug." (emphasis added)).

GRANTED _____     DENIED _____          MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 22**
**(Definition of Adequate Warning)**

When I use the term "adequate warning," I mean a warning or instruction that would lead a doctor prescribing a particular medication to think about and understand the risks in using that drug, and then to make an informed decision either to not prescribe it, or, if possible, to use the drug in such a manner as to avoid the injury claimed by the plaintiff.  An adequate warning does not have to be perfect, only reasonable.  You should consider whether the warning was a reasonable warning, not whether it was the best possible warning.

Authority:     Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 11:3 (West 3d ed. 2016).  *See also* La. Rev. Stat. Ann. § 9:2800.53(9) ("'Adequate warning' means a warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the damage for which the claim is made."); *Grenier v. Med. Eng'g Corp.*, 99 F. Supp. 2d 759, 766 (W.D. La. 2000) ("Warnings need not use specific language to convey every possible existing danger—the law only requires them to be adequate."), *aff'd*, 243 F.3d 200 (5th Cir. 2001).

GRANTED _____       DENIED _____       MODIFIED _____

WITHDRAWN _____       PLAINTIFF OBJ _____

27

**DEFENDANTS' REQUEST NO. 23**
**(Proximate Cause -- Warning)**

To recover for failure to warn, Plaintiffs must prove by a preponderance of the evidence that an inadequate warning itself—in addition to the medication—was the proximate cause of Mrs. Orr's alleged injury.  When I say "proximate cause," I mean that Plaintiffs must prove by a preponderance of the evidence that, if a different warning had accompanied Xarelto, then Dr. St. Martin would have changed his prescribing decision and Mrs. Orr would not have suffered her alleged injury.  If the doctor was already aware of the risk, then you must find the Defendants not liable for failure to warn.

Authority:    *Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098–99 (5th Cir. 1991) (applying Louisiana law) ("Because the defective aspect of the product must cause the injury, the plaintiff must show that a proper warning would have changed the decision of the treating physician, *i.e.* that but for the inadequate warning, the treating physician would not have used or prescribed the product." (footnote omitted)); *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 271 (5th Cir. 2002) ("[I]n order to prevail on an inadequate instruction claim for a prescription drug, a plaintiff must demonstrate that the instructions provided did not enable the treating physician to 'use or handle the [drug] . . . in such a manner as to avoid the damage for which the claim is made.'" (alterations in original) (quoting La. Rev. Stat. Ann. § 9:2800.53(9))).

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 24**
**(Off Label)**

Plaintiffs have alleged that the Xarelto label should have instructed physicians to use a Neoplastin Prothombin Time test with Xarelto, which would be an "off label" use of the Neoplastin Prothrombin Time test.  The term "off label" is defined by federal law and means that the FDA has not approved the product for this use.  The Neoplastin Prothrombin Time test is not a product of the Defendants.  The fact that the FDA has not approved this test for use with Xarelto is not a basis for finding liability against the Defendants.

Authority:     *Buckman Co. v. Pls.' Legal Comm.*, 531 U.S. 341, 350 (2001).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF OBJ _____

29

## DEFENDANTS' REQUEST NO. 25
### (Liability Based on Defective Design)

The Plaintiffs' second claim is that Xarelto was unreasonably dangerous because it had a defective design.   In order to be successful on such a claim, Plaintiffs must prove by a preponderance of the evidence that:

(1) there existed an alternative design for Xarelto that could have prevented Mrs. Orr's injury;

(2) The design of Xarelto was unreasonably dangerous; and

(3) The injury which Mrs. Orr's suffered was proximately caused by the product's defective design.

Authority:     Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 11:2 (West 3d ed. 2016) (citing La. Rev. Stat. Ann. § 9:2800.54(D) (burden of proof); *id.* § 9:2800.56 (definition of unreasonably dangerous in design); *id.* § 9:2800.54(A) (proximate cause).

GRANTED _____     DENIED _____          MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

30

**DEFENDANTS' REQUEST NO. 26**
**(Unreasonably Dangerous Design)**

If you find that the Plaintiffs *have not shown* by a preponderance of the evidence that there existed an alternative design for Xarelto that could have prevented Mrs. Orr's injury, then the Plaintiffs cannot recover on their claim for defective design.

However, if you find that the Plaintiffs *have shown* by a preponderance of the evidence that there existed an alternative design for Xarelto that could have prevented Mrs. Orr's injury, then you must determine whether the design was "unreasonably dangerous." In deciding whether the design of Xarelto was unreasonably dangerous, you must decide whether the likelihood and seriousness of any potential injury outweighed the burden on the manufacture of adopting such alternative design and the negative effects of using that alternative design on the utility of the product. In addition, if you find that Defendants used reasonable care to provide an adequate warning about the risks of Xarelto, then you must consider the effect of that warning in determining whether the product was unreasonably dangerous.

In weighing those factors, keep in mind that Louisiana law does not require that a product be incapable of doing harm. Some products, like prescription medications, have inherent risks, but nonetheless are useful products.

Authority:     *Andrews v. Dufour*, 882 So. 2d 15, 26 (La. Ct. App. 2004) (plaintiff's "fail[ure] to prove that an existing feasible alternative design could have prevented her injuries . . . pretermits a review of the sufficiency of proof as to" the risk-utility element); *Gauthier v. Sperry Rand, Inc.*, 252 So. 2d 129, 132 (La. Ct. App. 1971) (manufacturer is not required to make its products "accident proof"); H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 11.2 (West 3d ed. 2016) ("If you find that the defendant has used reasonable care to provide an adequate warning to the users of the product, then you must consider the effect of

that warning in deciding the likelihood that the design of the product would cause the plaintiff's injury." (citing La. Rev. Stat. Ann. § 9:2800.56(2); *id.* § 9:2800.53(9))).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 27**
**(Proximate Cause – Defective Design)**

To recover for defective design, the Plaintiffs must prove that a defective design was the proximate cause of the alleged injury.  When I say "proximate cause," I mean that the Plaintiffs must prove by a preponderance of the evidence that had Plaintiffs' proposed alternative design for the product been used, then Mrs. Orr's alleged injury would not have occurred.

Authority:     *Miles v. Olin Corp.*, 922 F.2d 1221, 1226 (5th Cir. 1991) (to recover under the LPLA, plaintiffs must show that his purported alternative design "would have prevented the plaintiffs' damage" (citing La. Rev. Stat. Ann. § 9:2800.56)).

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

33

**III.C**

**DEFENDANTS' REQUEST NO. 28**
**(Damages—General Instruction)**

If you decide that the Plaintiffs have established the other elements of their case by a preponderance of the evidence, you must decide the question of whether there has been damage to Plaintiffs and if so, the amount of that damage.

Louisiana law suggests simple reparation is a just and adequate compensation for injuries. Your award should be designed to fully and fairly compensate the Plaintiffs for their injury, if you find one has occurred, and should not go beyond such reparation.

The law recognizes the difficulty of translating personal injuries into a dollars and cents figure, but that is what must be done if you decide Plaintiffs have proven their claims by a preponderance of the evidence. You must arrive at a figure that will fairly and adequately compensate the Plaintiffs for damages they have suffered. In estimating such damages, you may take into consideration the following elements:

(1) physical injury suffered;

(2) pain and suffering, both physical and mental;

(3) loss of enjoyment of life;

(4) permanent disability, if any;

(5) loss of earnings, if any, both past and present;

(6) medical expenses, both past and future.

Like other parts of the Plaintiffs' case, these damages must be established by a preponderance of the evidence. This means, on the one hand, that you are not entitled to award speculative damages for injuries which you think the Plaintiffs might have suffered or might suffer in the future. On the other hand, it means that you may make an effort to reasonably approximate the damages which the Plaintiffs have proved are more probable than not, even though they cannot be computed with mathematical certainty.

In reaching a verdict on the question of damages, I caution you not to include anything for the payment of court costs and attorney fees; the law does not consider these as damages suffered by the Plaintiffs. Also, any amount which you might award to the Plaintiffs is *not* income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes. In other words, if you find that the Plaintiffs are entitled to damages, the amount which you award should be the sum that you think will fully and fairly compensate the Plaintiffs for their injuries without regard to what they may pay their attorneys or the amount that you might think would be paid in income taxes.

Finally, let me say that the fact that I have given you these statements about the law of damages does not in any way imply or suggest that I feel or do not feel that any damages are due in this case. Whether or not damages are due is solely for you to determine.

Authority:      Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury
                Instructions § 18:1 (West 3d ed. 2016).

GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 29**
**(No Punitive Damages)**

The Plaintiffs have agreed that they are not seeking an award of punitive damages in this case.  That is to say, the Plaintiffs are not seeking an award as punishment for any injuries that they may have suffered.  Accordingly, punitive damages cannot be awarded, even if you might feel that the Defendants should be punished.  Any award made in this case must be limited to a reasonable compensation for the items claimed as damages resulting from the injury.

Authority:     Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury
               Instructions § 18:11 (West 3d ed. 2016).

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 30**
**(Statements by Counsel as to Damage)**

Statements of any attorney in this case as to his or her estimate of dollar amounts to be awarded for any claims such as pain and suffering or similar claims, are not evidence and you should disregard them.  The determination of damages is solely your function, and your decision must be based upon competent evidence, and not upon figures suggested by an attorney.

<u>Authority</u>:      H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 1:4 (West 3d ed. 2016).

GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 31**
**(Medical Expenses)**

In determining any award that you might make for medical expenses, you should consider

the evidence to decide the reasonable value or expense of medical, nursing, and hospital care and

treatment which was reasonable and necessary for Mrs. Orr's condition.

Authority:      Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury
                Instructions § 18:5 (West 3d ed. 2016).

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 32**
**(Loss of Consortium)**

A claim has also been made in this case by Plaintiffs for their own damage from Mrs. Orr's injuries, due to the loss of "consortium, service and society" previously enjoyed with Mrs. Orr.

This term needs some further definition.  When a person is injured, the law permits you to make an award to certain relatives if you choose to do so.

"Loss of consortium" is the term which the law uses to describe the loss of love, companionship, comfort, and services which a family member might have provided if she had not been injured.  You may consider the following factors in making this determination: loss of love and affection, loss of companionship and moral support, decreased sexual relations, plaintiff's decreased ability to perform household services, and decreased aid and assistance in the family unit.

You are not required to make an award in this case to Plaintiffs merely because Mrs. Orr was injured.  You should award damages to them only if you determine that they have proven that there has been a loss of consortium, as I have described it to you, resulting from the injury.

Authority:     Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury
               Instructions § 18:8 (West 3d ed. 2016).

GRANTED _____     DENIED _____          MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 33**
**(Mental Anguish)**

The law recognizes that a plaintiff may suffer mental distress and anguish as a result of an incident as well as physical pain and suffering.  You are permitted to consider such consequences as a part of the general damages which you may award.  By "mental distress and anguish," I mean substantial worry or concern, grief and the like.

Though the law recognizes a possible recovery for mental distress, it requires that you carefully scrutinize the evidence presented on this point to assure yourselves that such injury has been proven by the Plaintiffs.

Authority:    H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions
             § 18:12 (West 3d ed. 2016).

GRANTED _____     DENIED _____          MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

40

**III.D.**
**DEFENDANTS' REQUEST NO. 34**
**(Duty to Deliberate)**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

<u>Authority</u>:      Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.7 (2014).

GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  XARELTO (RIVAROXABAN)                  MDL No. 2592
PRODUCTS LIABILITY LITIGATION
                                                                                SECTION L

THIS DOCUMENT RELATES TO:                   JUDGE ELDON E. FALLON

Joseph Orr, Jr., et al. v. Janssen et al.              MAGISTRATE NORTH
Case No. 2:15-cv-03708


<u>**VERDICT FORM**</u>

<u>**MEDICAL CAUSATION**</u>

    <u>**Question 1:**</u>

    Did Plaintiffs prove by a preponderance of the evidence that Mrs. Orr's bleeding event would not have occurred without the use of Xarelto?

    Yes ___          No. ___

    **If you answered "no" to this question, skip all the remaining questions, and sign and date this form.**

<u>**COUNT I – FAILURE TO WARN CLAIM**</u>

    <u>**Question 2:**</u>

    Did Plaintiffs prove by a preponderance of the evidence that Xarelto had an inadequate warning?

    Yes ___          No ___

    <u>**Question 3:**</u>

    **Skip this question if you answered "no" to Question 2.**

    Did Plaintiffs prove by a preponderance of the evidence that a different warning would both have changed Dr. St. Martin's prescribing decision and prevented Mrs. Orr's alleged injury?

    Yes ___          No ___

1

**COUNT II – DESIGN DEFECT CLAIM**

    **Question 4:**

Did Plaintiffs prove by a preponderance of the evidence that Xarelto has a defective design?

Yes ___         No ___

    **Question 5:**

**Skip this question if you answered "no" to Question 4.**

    Did Plaintiffs prove by a preponderance of the evidence that Xarelto's defective design proximately caused Mrs. Orr's alleged injury?

Yes ___         No __

**DAMAGES**

    **Question 6:**

**If you answered "no" to Question 2 or Question 3 AND answered "no" to Question 4 or Question 5, skip this question, and sign and date this form.**

    What amount of money, if any, did Plaintiffs prove by a preponderance of the evidence would compensate Plaintiffs for Mrs. Orr's alleged injury?

    $_____

Please date and sign the verdict form, inform the Marshal that a verdict has been reached, and return to the courtroom.

    New Orleans, Louisiana, this ___ day of _____, 2017.

                        _____
                        Jury Foreperson