# EXHIBIT 2

Page 3143

1  THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT
2  ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE,
3  AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR
4  INFERENCES THAT THEY ARE PARTICULARLY CONCERNED THAT YOU
5  RECALL. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN
6  RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS
7  IN THE CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.
8       ALSO, DURING THE COURSE OF THE TRIAL, I MAY HAVE
9  OCCASIONALLY MADE A COMMENT OR EVEN ASKED A QUESTION OF A
10 WITNESS OR ADMONISHED A WITNESS CONCERNING THE MANNER IN WHICH
11 HE OR SHE SHOULD RESPOND TO THE QUESTIONS OF COUNSEL. DO NOT
12 ASSUME FROM ANYTHING THAT I MAY HAVE SAID THAT I HAVE ANY
13 OPINION CONCERNING ANY OF THE FACTS IN THIS CASE. IN ARRIVING
14 AT YOUR OWN FINDINGS AS TO THE FACTS, YOU SHOULD DISREGARD
15 ANYTHING I MAY HAVE SAID DURING THE TRIAL EXCEPT FOR MY
16 INSTRUCTIONS AS TO THE LAW.
17      THE LAW OF THE UNITED STATES PERMITS THE JUDGE
18 TO COMMENT ON THE EVIDENCE PRESENTED DURING A CASE. I DO NOT
19 BELIEVE THAT I MADE ANY COMMENTS ON THE EVIDENCE IN THIS CASE.
20 IF YOU COULD POSSIBLY CONSTRUE, HOWEVER, ANY REMARK WHICH I
21 HAVE MADE DURING THE COURSE OF THE TRIAL AS A COMMENT ON THE
22 EVIDENCE, THEN I INSTRUCT YOU THAT ANY SUCH COMMENT ON MY PART
23 IS ONLY AN EXPRESSION OF MY OPINION AS TO THE FACTS AND THAT
24 YOU, THE JURY, MAY DISREGARD SUCH COMMENT OR COMMENTS ENTIRELY
25 SINCE YOU, AS I MENTIONED, AS JURORS, ARE INDEED THE SOLE

Page 3144

1  JUDGES OF THE FACTS IN THIS CASE.
2       NOW, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE
3  IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE
4  INFERENCES FROM THE TESTIMONY AND THE EXHIBITS THAT YOU FEEL
5  ARE JUSTIFIED IN LIGHT OF YOUR COMMON EXPERIENCE. IN OTHER
6  WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT
7  REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT
8  HAVE BEEN ESTABLISHED BY THE TESTIMONY AND THE EVIDENCE IN THIS
9  CASE.
10      YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL
11 EVIDENCE. DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO ASSERTS
12 ACTUAL KNOWLEDGE OF A FACT SUCH AS AN EYEWITNESS.
13 CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND
14 CIRCUMSTANCES INDICATING A FACT TO BE PROVED. THE LAW MAKES NO
15 DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR
16 CIRCUMSTANTIAL EVIDENCE.
17      IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE
18 YOUR GOOD SENSE. GIVE THE EVIDENCE AND THE TESTIMONY OF THE
19 WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT OF
20 YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.
21      IN WEIGHING THE TESTIMONY AND IN DETERMINING THE
22 CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE
23 WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR HER
24 PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY AND
25 HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE

Page 3145

1  OUTCOME OF THE CASE, ANY PREJUDICE OR ANY BIAS HE OR SHE MAY
2  HAVE SHOWN, AND ANY PARTIALITY HE OR SHE MAY HAVE DEMONSTRATED.
3       IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY
4  CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST
5  SUCH WITNESS' TESTIMONY ON OTHER MATTERS AND YOU MAY DISREGARD
6  OR DISTRUST ANY OF THE TESTIMONY OF THAT WITNESS.
7       YOU SHOULD KEEP IN MIND, OF COURSE, THAT A
8  SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE
9  WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT
10 BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS
11 INACCURATELY. SO IF A WITNESS HAS MADE A MISSTATEMENT, YOU
12 NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL
13 FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE
14 SIGNIFICANCE OF THAT MAY WELL DEPEND ON WHETHER IT HAS TO DO
15 WITH AN IMPORTANT FACT OR SIMPLY AN UNIMPORTANT DETAIL.
16      IN WEIGHING THE CREDIBILITY OF A WITNESS, YOU
17 MAY CONSIDER THE FACT THAT HE HAS PREVIOUSLY BEEN CONVICTED OF
18 A CRIME INVOLVING DISHONESTY OR FALSE STATEMENT. THE PARTIES
19 HAVE STIPULATED, OR AGREED, THAT ANTHONY DEDRICK WAS CONVICTED
20 ON FIVE SEPARATE OCCASIONS OF THE CRIME OF PASSING BAD CHECKS.
21 YOU MUST, THEREFORE, TREAT THIS FACT AS HAVING BEEN PROVED.
22 SUCH A CONVICTION DOES NOT NECESSARILY DESTROY ANTHONY
23 DEDRICK'S CREDIBILITY, BUT IT IS ONE OF THE CIRCUMSTANCES YOU
24 MAY TAKE INTO ACCOUNT IN DETERMINING THE WEIGHT TO GIVE TO HIS
25 TESTIMONY.

Page 3146

1       NOW, THE TESTIMONY OF A SINGLE WITNESS MAY BE
2  SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF
3  WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER
4  CONSIDERING ALL OF THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE
5  WITNESS.
6       WHEN KNOWLEDGE OF A TECHNICAL SUBJECT MATTER MAY
7  BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR
8  EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN EXPERT
9  WITNESS AND IS PERMITTED TO STATE HIS OPINION ON THOSE
10 TECHNICAL MATTERS. SUCH WITNESSES HAVE TESTIFIED IN THIS CASE.
11 YOU ARE NOT, HOWEVER, REQUIRED TO ACCEPT THAT OPINION. AS WITH
12 ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY
13 UPON IT.
14      IF YOU SHOULD DECIDE THAT THE OPINION OF AN
15 EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR
16 EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE FACTS THAT THE
17 EXPERT RELIED UPON ARE INCORRECT, THAT THE REASONS GIVEN IN
18 SUPPORT OF THE OPINION ARE NOT SOUND, OR THAT THE OPINION IS
19 OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE
20 OPINION ENTIRELY.
21      IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE
22 OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE
23 WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT
24 THE WITNESS HAS AN ECONOMIC, A PHILOSOPHICAL, OR ANY OTHER
25 INTEREST IN THE OUTCOME OF THE CASE.