# EXHIBIT 5

```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


****************************************************************

IN RE:  XARELTO
(RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION

                              CIVIL ACTION NO. 14-MD-2592
                              SECTION "L"
                              NEW ORLEANS, LOUISIANA
                              WEDNESDAY, MAY 3, 2017

THIS DOCUMENT RELATES TO:
```
*Joseph J. Boudreaux, Jr.*
*V. Janssen Research &*
*Development, et. al.,*
Case No.:  14-CV-2720

****************************************************************


            VOLUME VIII - MORNING AND AFTERNOON SESSION
         TRANSCRIPT OF BELLWETHER JURY TRIAL PROCEEDINGS
           HEARD BEFORE THE HONORABLE ELDON E. FALLON
                    UNITED STATES DISTRICT JUDGE


APPEARANCES:


FOR THE PLAINTIFFS'
LIAISON COUNSEL:           LEVIN PAPANTONIO THOMAS MITCHELL
                           RAFFERTY & PROCTOR
                           BY:  BRIAN H. BARR, ESQ.
                           316 SOUTH BAYLEN STREET, SUITE 600
                           PENSACOLA, FLORIDA 32502



                           BEASLEY ALLEN CROW METHVIN
                           PORTIS & MILES
                           BY:  ANTHONY BIRCHFIELD JR., ESQ.
                           POST OFFICE BOX 4160
                           MONTGOMERY, ALABAMA  36103


                        ***OFFICIAL TRANSCRIPT***

```
11:45:55  1  instructions.  In order to recover, the plaintiffs in this case
11:45:58  2  must show that, first, their damages were proximately caused by
11:46:03  3  the defendants' failure to provide adequate instructions about
11:46:07  4  a characteristic of the product that renders it unreasonably
11:46:12  5  dangerous, and, two, that damages arose from a reasonably
11:46:19  6  anticipated use of the product.
11:46:21  7              Now, it has been stipulated and agreed upon in
11:46:25  8  this case, and therefore, you may consider it to be
11:46:29  9  established, that both Janssen and Bayer, defendants in the
11:46:33 10  case, are the manufacturers of Xarelto within the meaning of
11:46:39 11  the LPLA.  Where there a relationship between manufacturers,
11:46:45 12  and a plaintiff is injured by a product that may be deemed
11:46:50 13  manufactured by more than one manufacturer, these manufacturers
11:46:54 14  are collectively responsible to the plaintiff.  Xarelto is the
11:46:59 15  brand name of rivaroxaban.  Xarelto is a prescription drug,
11:47:05 16  that is to say, a medical provider or doctor must prescribe the
11:47:11 17  drug.
11:47:11 18              A "reasonably anticipated use" of a product means
11:47:16 19  a use or handling of a product that the manufacturer should
11:47:20 20  reasonably expect, in this case by a prescribing doctor.
11:47:26 21              I will discuss with you the law governing the
11:47:31 22  plaintiffs' claim for failure to warn and instruct.
11:47:34 23              In order to decide the plaintiffs' failure to
11:47:37 24  warn and instruct claim, you must determine whether the
11:47:41 25  plaintiffs have proven by a preponderance of the evidence that
```

*OFFICIAL TRANSCRIPT*

|   |   |
|---|---|
| 11:47:45 1 | the defendant failed to adequately warn and/or properly |
| 11:47:49 2 | instruct Mr. Boudreaux's treating physician, Dr. Wong, about |
| 11:47:54 3 | the proper use of Xarelto, and, if so, whether the defendants' |
| 11:48:02 4 | failure to warn or instruct was a proximate cause of the |
| 11:48:05 5 | plaintiffs' injuries. |
| 11:48:07 6 | Prescription drugs often cause unwanted side |
| 11:48:13 7 | effects despite the fact that they have been carefully designed |
| 11:48:17 8 | and properly manufactured.  The law deems such products |
| 11:48:22 9 | unavoidably unsafe, but they are not defective, nor |
| 11:48:28 10 | unreasonably dangerous, if they include adequate instructions |
| 11:48:32 11 | for the safe use of the drug. |
| 11:48:33 12 | The plaintiffs claim that Xarelto was |
| 11:48:36 13 | unreasonably dangerous because of inadequate warnings or |
| 11:48:41 14 | instructions about its potential risks when taken on the |
| 11:48:46 15 | recommended dosing schedule without an assessment of the |
| 11:48:49 16 | patient's "PT" time. |
| 11:48:55 17 | In order to be successful, plaintiffs must prove |
| 11:48:58 18 | by a preponderance of the evidence that, first, the product had |
| 11:49:00 19 | a potentially damage-causing characteristic; second, that the |
| 11:49:05 20 | defendant failed to use reasonable care to provide an adequate |
| 11:49:11 21 | warning or instruction to the prescribing physician about this |
| 11:49:16 22 | characteristic and the associated danger; and, third, that the |
| 11:49:20 23 | injury which Mr. Boudreaux suffered was proximately caused by |
| 11:49:27 24 | the inadequate warning or instruction. |
| 11:49:31 25 | Now, an "adequate warning," under the LPLA, is |

defined as a warning or instruction that would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product, and either to decline to use or handle the product or, if possible, to use or handle the product in such a manner as to avoid the danger for which the claim is made. The lack of adequate instructions for safe use of the product may include inadequacies in recommended assessment, testing or screening techniques.

Under the applicable law, a prescription drug manufacturer only has a duty to warn and instruct a learned intermediary, such as a prescribing physician, of the potential risks or damages inherent in the product. It does not have a duty to warn or instruct the consumer directly. This is because physicians are generally in a superior position to evaluate the warning and instruct and impart such warning and instructions to the patient, and can provide an independent medical decision as to whether use of the drug is appropriate for a particular patient.

Although a prescription drug manufacturer's duty to warn of and instruct about the potential risks of its product is directed only to the reasonably prudent prescriber and not to the consumer, the manufacturer is directly liable to the patient for a breach of such duty.

When a prescription drug manufacturer provides a warning or instruction, it may reasonably assume that it will

*OFFICIAL TRANSCRIPT*