UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br><br>Master Docket Case No. 2:14-md-02592<br><br>JUDGE ELDON E. FALLON |
| THIS DOCUMENT RELATES TO:<br><br>ELEANOR B. DIXON,<br><br>   Plaintiff,<br><br>vs.<br><br>JANSSEN RESEARCH & DEVELOPMENT, LLC, f/k/a Johnson and Johnson Pharmaceutical<br>Research and Development, LLC;<br>JANSSEN ORTHO LLC;<br>JANSSEN PHARMACEUTICALS, INC., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc.,<br>BAYER HEALTHCARE PHARMACEUTICALS,<br>INC.: BAYER PHARMA AG; BAYER CORPORATION; BAYER HEALTHCARE, LLC; BAYER HEALTHCARE AG; and BAYER AG,<br><br>   Defendants. | MEMORANDUM IN RESPONSE TO COURT'S SHOW CAUSE ORDER (Rec. Doc. No. 6203)<br><br>Civil Action No.: 2:16-CV-15350-EEF-MBN |

**MEMORANDUM IN RESPONSE TO COURT'S SHOW CAUSE ORDER**
**(Rec. Doc. No. 6203)**

On April 13, 2017, the Court issued an Order to Show Cause regarding plaintiffs who have

failed to serve a Plaintiff Fact Sheet within 60 days from the date each plaintiff's case was filed. The

Order directed that in the absence of a showing of good cause, Plaintiff's case may be dismissed with prejudice. Plaintiff's counsel does not deny that Plaintiff has been unable to serve the required completed and verified PFS, however, Plaintiff's counsel submits the following Good cause explanation as to why this matter should NOT be dismissed WITH PREJUDICE.

## SUMMARY ARGUMENT

**This matter should NOT be dismissed WITH PREJUDICE.** The core procedural issue preventing the service of the PFS was first raised in late January when Plaintiff's counsel first learned that Plaintiff Eleanor Dixon died on September 28, 2016. Plaintiff's counsel learned of this fact from Plaintiff's sister after failed attempts to have Plaintiff verify the PFS that had been prepared for her. Shortly thereafter, Plaintiff's counsel corresponded and spoke with defense counsel advising them of the situation, and that Plaintiff could not verify or complete the PFS. Plaintiff's counsel explained that the Complaint that counsel drafted in mid-September and sent to Plaintiff for review was actually filed on October 6, 2016, approximately one week after Plaintiff died. It was Plaintiff's counsel's position that the Complaint was technically void under these circumstances. Consequently, Plaintiff asked defense counsel for permission to dismiss the case WITHOUT PREJUDICE, to avoid any procedural bars to the decedent's personal representative refiling the claim as a survival action. Defense counsel refused to allow the dismissal WITHOUT PREJUDICE. So, on January 31, Plaintiff's Counsel filed a Motion to Dismiss Without Prejudice (Rec. Doc. No. 5257). That Motion was set to be heard on March 15, 2017, but was not reached on that date. The Court issued its Show Cause Order on April 13. As originally requested in Plaintiff's Motion to Dismiss Without Prejudice, Plaintiff's counsel has no objection to Dismissal of this case WITHOUT PREJUDICE, but for good cause shown, this matter should NOT be dismissed WITH PREJUDICE.

## CHRONOLOGY OF OPERATIVE FACTS AND ARGUMENT

1. Plaintiff's counsel originally drafted the Complaint on Plaintiff's behalf in mid-September of 2016, and notified Plaintiff that counsel would be filing the Complaint on her behalf.

2. The Complaint was filed in this Court on October 6, 2016.

3. After filing, Plaintiff's counsel began the process of completing the PFS on Plaintiff's behalf and sent Plaintiff a copy of the completed PFS for review and confirmation.

4. On January 17, 2017, Plaintiff's counsel was notified by Plaintiff's sister that Ms. Dixon expired on September 28, 2016, approximately one week before the Complaint was filed, making the Complaint void ab initio.

5. The completed PFS in the currently pending (but void) action was due on January 31, 2017. Obviously the PFS could not be completed by Plaintiff preventing the matter from progressing.

6. On January 27, 2017, Plaintiff's counsel initiated (through email, Rec. Docs. No. 5257-2) a conferral with defense counsel regarding this matter. On January 30, 2017, the undersigned Plaintiff's counsel conferred by phone with Defense counsel identified in Rec. Docs. No. 5257-2. However, Plaintiff's counsel and Defense counsel were unable to reach an agreement concerning the nature of the dismissal. On January 31, 2017, Plaintiff's counsel again conferred with Defense counsel, and once again, Defense Counsel would not agree to a dismissal without prejudice. In light of Defense counsel's inability to stipulate to a dismissal without prejudice, Plaintiff's counsel advised Defense counsel of Plaintiff's intent to file this Motion on this date.

7. On January 31, 2017, Plaintiff's counsel filed Plaintiff's Motion to Dismiss Without Prejudice (Rec. Docs. No. 5257, 5257-1), requesting that the mater be dismissed without prejudice so that Plaintiff/Decedent's personal representative could refile the action as personal representative.

8. The Motion was set for hearing on March 15, 2017. However, the Motion was not reached on that date.

9. On April 13, the Court issued its Show Cause Order for failure to submit a PFS, warning of potential dismissal with prejudice for failure to show good cause.

10. Plaintiff's counsel has since submitted the unverified PFS that was prepared for Plaintiff's review and verification. However, procedurally, Plaintiff cannot substitute a personal representative in the current matter due to the original invalidity of the Complaint filed one-week after Plaintiff's death.

11. Plaintiff's counsel has also filed a Suggestion of Death in the current matter, although procedurally, Plaintiff's counsel is unable to substitute the Personal Representative as the party Plaintiff due to the invalidity of the original Complaint.

12. Rule 41(a)(2) of the Federal Rules of Civil Procedure provide that the action may be dismissed under these circumstances only by Court Order and that dismissal under this section is without prejudice unless otherwise stated.

WHEREFORE, Plaintiff's counsel has shown good cause why this matter should NOT be dismissed WITH PREJUDICE, and has shown that Plaintiff's Motion to Dismiss WITHOUT PREJUDICE (Rec. Doc. No. 5257) should be granted to allow this matter to be refiled by Plaintiff/Decedent's personal representative as a survival action. Defendants will suffer no prejudice by the granting of Plaintiff's Motion to Dismiss Without Prejudice.

Respectfully submitted, this 18th day of May, 2017.

**THE COCHRAN FIRM-DOTHAN**

By: /s/ Joseph D. Lane
Joseph D. Lane
AL Bar ASB 9991 N75-J
111 E. Main Street
Dothan, AL 36301
phone: (334) 673-1555
fax: (334) 699-7229
e-mail: JoeLane@CochranFirm.com
*Counsel for plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all counsel of record, on this 18th day of May, 2017.

**THE COCHRAN FIRM-DOTHAN**

By: /s/ Joseph D. Lane
Joseph D. Lane
AL Bar ASB 9991 N75-J
111 E. Main Street
Dothan, AL 36301
phone: (334) 673-1555
fax: (334) 699-7229
e-mail: JoeLane@CochranFirm.com
*Counsel for plaintiffs*