UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| | * | JUDGE ELDON E. FALLON |
| *Joseph Orr, Jr., et al. v. Janssen et al.* | * | MAG. JUDGE NORTH |
| Case No. 2:15-cv-03708 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' EXPEDITED MOTION IN LIMINE NO. 11 TO PRECLUDE TESTIMONY AND ARGUMENT ABOUT THE PERSONAL USE OF ANTICOAGULANTS INCLUDING XARELTO BY DEFENDANTS' EXPERTS, EMPLOYEES AND/OR FAMILY MEMBERS OR, IN THE ALTERNATIVE, IF SUCH TESTIMONY IS ALLOWED, TO COMPEL THE PRODUCTION OF RELEVANT MEDICAL RECORDS AND/OR MEDICAL AUTHORIZATIONS AND DEPOSITIONS**

Plaintiffs submit this short reply to Defendants' response to *Plaintiffs' Expedited Motion In Limine No. 11 to Preclude Testimony and Argument about The Personal Use Of Anticoagulants Including Xarelto By Defendants' Experts, Employees and/or Family Members Or, In The Alternative, If Such Testimony Is Allowed, To Compel The Production of Relevant Medical Records and/or Medical Authorizations and Depositions*.

**ARGUMENT**

**IF THE COURT PERMITS PERSONAL USE EVIDENCE BECAUSE IT IS RELEVANT TO THE WITNESSES' CREDIBILITY, PLAINTIFFS SHOULD BE ALLOWED TO INTRODUCE TESTIMONY ABOUT THE EXTENT TO WHICH EXECUTIVES OR EMPLOYEE WITNESSES HOLD FINANCIAL STAKES IN DEFENDANTS' COMPANIES, AS THIS INFORMATION IS RELEVANT TO THEIR CREDIBILITY AND BIAS**

As the Supreme Court has stated, "[p]roof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence

which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984). "Without question, the bias, corruption or interest of a witness is not a collateral matter, and extrinsic evidence is admissible to prove that a witness has a motive to testify falsely." *United States v. Hively*, 547 F. Supp. 318, 320 (M.D. Pa. 1982), citing *United States v. James*, 609 F.2d 36, 46 (2d Cir. 1979), cert. denied, 445 U.S. 905 (1980); *United States v. Frankenthal*, 582 F.2d 1102, 1106 (7th Cir. 1978); *United States v. Robinson*, 530 F.2d 1076, 1079 (D.C.Cir. 1976).

In the *Tylenol* MDL, Judge Stengel has held that the compensation of Johnson & Johnson Executives and employees is relevant to show bias or conflict of interest. "For example, an employee's bonus structure may further implicate a particular bias towards a profit motive. The various ways in which an employee was compensated may be relevant." *In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prod. Liab. Litig.*, 181 F. Supp. 3d 278, 294 (E.D. Pa. 2016). *See also In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prod. Liab. Litig.*, MDL 2346, Order (E.D. Pa. 2014) (Rec. Doc. 123) (plaintiffs are permitted to discover information regarding compensation of employee witnesses of defendants) (Exhibit "1").

It is beyond dispute that Defendants' Executives have profited extensively from Defendants' Xarelto sales. They have compensation packages and bonus schemes that include performance-based incentives, implicitly designed to encourage prioritization of sales in decision-making situations. As such, evidence about compensation is relevant and admissible to evaluate the veracity of Defendants' Executive or other employee witnesses. If Defendants are permitted to introduce evidence that their witnesses' relatives are using Xarelto because this allegedly bolsters their credibility in defending the product, then surely Plaintiffs should be allowed to explore all other reasons why the witness would be defending the product, including financial incentives enjoyed through that product promotion. "The partiality of a witness is subject to exploration at

trial, and is always relevant as discrediting the witness and affecting the weight of his testimony." *Davis v. Alaska*, 415 U.S. 308, 316 (1974) (citation and internal quotations omitted).[1]

## CONCLUSION

For the reasons set forth in Plaintiffs' original motion and above, Plaintiffs request that all parties and witnesses be precluded from offering, or trying to offer, any comments, references, testimony or evidence regarding the personal use of anticoagulants including Xarelto by any party's family members, employees, experts, or witnesses.

Alternatively, if the Court is inclined to allow such evidence as it did during *Boudreaux*, Plaintiffs respectfully request that the Defendants be compelled to produce the medical records and/or medical authorizations necessary to retrieve the relevant records of any witness whose anticoagulant use is made at issue. Additionally, Plaintiffs should be allowed introduce testimony about the extent to which Executives or employee witnesses hold financial stakes in Defendants' companies, as this information is relevant to their credibility and bias.

---

[1] *See also Central Truck Lines, Inc. v. Lott,* 249 F.2d 722, 724 (5th Cir. 1957) ("The interest of a witness in the result of the suit may always be considered in passing on his credibility; and [t]he fact that a witness is an employee of one of the parties is a proper matter to be considered by the jury in passing upon his credibility."). Evidence of bias or interest, moreover, has been repeatedly found to be "always relevant." *See Davis,* 415 U.S. at 316; *U.S. v. Turner*, 19 F.3d 425, 429 n.2 (4th Cir. 1999) ("The partiality of a witness is always relevant as discrediting the witness and affecting the weight of his testimony"); *Henry v. Speckard*, 22 F.3d 1209, 1214 (2d Cir. 1994) ("The motivation of a witness in testifying, including her possible self-interest and any bias or prejudice against the defendant, is one of the principal subjects for cross- examination"); *Stevens v. Bordenkircher*, 746 F.2d 342, 346 (6th Cir. 1984) ("cross-examination concerning the partiality of a witness is always relevant"); *U.S. v. Frankenthal*, 582 F.2d 1102, 1106 (7th Cir. 1978) ("Because of the importance of evidence of bias or interest, inquiry into the area is never collateral"); *Village of Bellwood v. Dwayne Realty*, 482 F.Supp. 1321 (N.D. Ill. 1979) ("Bias or prejudice in a witness is always relevant, and the general rule, both in civil and criminal cases is that a witness may be discredited by showing his bias or prejudice"); *Arnall Mills v. Smallwood,* 68 F.2d 57 (5th Cir. 1933) (witnesses' employment by defendant may be considered on credibility).

Dated:  May 19, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 19, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**