# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: TYLENOL (ACETAMINOPHEN) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>*THIS DOCUMENT RELATES TO ALL CASES* | § § § § § § § § § § § MDL NO. 2436<br><br>2:13-md-02436<br><br>HON. LAWRENCE F. STENGEL |

# O R D E R

**AND NOW**, this 26th day of February, 2014, upon consideration of letter briefing by the parties in accord with CMO 6 (Doc. No. 30) regarding plaintiffs' request for **compensation information for witnesses** and after a telephone conference with the court and counsel for the parties on February 24, 2014, it is hereby **ORDERED** that:

1) The plaintiffs shall be permitted to discover information regarding the compensation of witnesses who are employees or former employees of Johnson & Johnson, McNeil, or a Johnson & Johnson subsidiary.[1]

---

[1] The defendants argue that the employment relationship alone is enough to show a witness's bias. They cite to Haynes v. Shoney, 1991 U.S. Dist. LEXIS 20612 (N.D. Fla. September 27, 1991), Morrow v. Greensouth, 2010 U.S. Dist. LEXIS 1336412, at *5 (N.D. Fla. December 7, 2010), and Porter v. Hamilton Beach/Proctor Silex Inc., 2003 U.S. Dist. LEXIS 8571, at *5 (W.D. Tenn. Aug. 27, 2003), to support this argument. I do not find this precedent to be persuasive or on point with the issues in this case. Haynes is very fact specific and relates to a motion for summary judgment in a less complex case. Morrow and Porter deal with employees who are serving as experts; the corporate witnesses in this case are not serving as experts but instead are testifying to the merits of the case. In addition, this case includes a claim for punitive damages. Thereby, the extent to which witnesses may have been biased by their compensation and performance incentives could affect this claim. The compensation paid or payable to the employees, or former employees, of Johnson & Johnson and/or McNeil is clearly relevant to credibility issues, at least.

2)  This compensation information shall be limited to salary, bonuses, stock options, deferred compensation, consultancy fees/agreements, and any other performance-based incentives.[2]

3)  Information about a witness's compensation shall be limited to periods when the individual has served as an executive for the defendants—that is, as an official with decision-making authority which could affect the Tylenol brand.[3]

4)  Witnesses will not be required to submit IRS Authorizations to the plaintiffs, as have been requested.[4]

5)  This compensation information may be obtained through the production of the witness's custodial file and/or through questioning during a witness's deposition.

---

[2] The plaintiffs have agreed to compromise on their initial compensation information requests and defer requests for information regarding employee 401k and pension benefits at this time. Discoverable compensation information also does not include healthcare benefits or other fringe benefits that may be available to employees of the defendants, which are not performance-based (i.e. discounts on products, access to corporate jet, etc.).

[3] This decision is consistent with my previous ruling in a telephone conference with counsel during the deposition of Ashley McEvoy, former President of McNeil. After hearing arguments from counsel, I determined that Ms. McEvoy's compensation was discoverable because "her financial stake or her interest in the company would be relevant and certainly it does go to bias." See MICHAEL GRAHAM, HANDBOOK OF FEDERAL EVIDENCE, § 607.7 (4th ed.1996)(explaining how examples of bias include "love, hate, fear, family relationship, sexual preference, *financial interest in outcome*, *business relationship,* membership in an organization, shared beliefs, payment by a party such as that made to an expert witness, and in criminal matters the fact that the witness has not been charged with a crime, been granted immunity or is currently awaiting sentence")(emphasis added).

My ruling was based on the fact that Ms. McEvoy, a former McNeil executive and current executive at Johnson & Johnson, is and was "a high-ranking executive," whose compensation package is generally tied to performance. As I explained in making my ruling, compensation structures for executives may be related to the sales of Tylenol and also may be used to show the witness's bias. In addition, a former employee's compensation package may go to bias; compensation packages that include stock options, deferred compensation, or consultancy agreements may allow an employee to still benefit from that compensation post-employment.

[4] This request seems extreme at this time. If the plaintiffs find that witnesses are not forthcoming with their compensation information, then this issue may be revisited.

2

6)  This compensation information shall be produced no less than **seven (7) days** before any corporate witness deposition.[5]

7)  Any testimony elicited or documents obtained by the plaintiffs, which relate to specific employee compensation and/or benefits, shall be deemed "Confidential" under the court's Amended Protective Order (Amended CMO 1)(Doc. No. 104), such that the testimony or documents are subject to confidentiality procedures.

                          BY THE COURT:

                          /s/Lawrence F. Stengel
                          LAWRENCE F. STENGEL, J.

---

[5] This provision applies to depositions scheduled more than seven (7) days after the date of this Order. For depositions scheduled within the week following the entry of this Order, this information shall be produced as soon as may be possible, but no less than one day before the deposition is to take place.