UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph Orr, Jr., et al. v. Janssen et al.<br>Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 36 TO PRECLUDE EVIDENCE OR ARGUMENT SUGGESTING THAT PLAINTIFF, JOSEPH ORR, JR., HAS DATED SINCE HIS WIFE'S DEATH**

## INTRODUCTION

Defendants hereby oppose Plaintiffs' Motion *in Lim*ine No. 36, which seeks a premature ruling to preclude evidence or argument suggesting that Plaintiff Joseph Orr, Jr. ("Plaintiff" or "Mr. Orr") has dated since the death of Sharyn Orr. *See* Doc. 6477-1.

The Court should deny Plaintiffs' motion for two reasons. *First*, Plaintiff seeks damages for loss of consortium, and evidence of Mr. Orr's dating status may be admissible and relevant to his claim for loss of society and companionship. Instead of addressing the admissibility of that evidence in the abstract, the Court should decide any such matters as they arise, in light of all the relevant facts and circumstances presented at trial. *Second*, Plaintiffs have failed to demonstrate that evidence of Mr. Orr's dating status is unfairly prejudicial or will mislead the jury.

For these and the reasons set forth below, the Court should deny Plaintiffs' Motion *in Limine* No. 36.

88635011.2

**ARGUMENT**

I. **Evidence of Mr. Orr's dating status will be relevant to his claim for loss of consortium if he opens the door regarding the degree of his emotional loss.**

Mr. Orr seeks damages for loss of consortium,[1] and his personal relationships subsequent to his wife's death are directly relevant to the degree of his emotional loss. Contrary to Plaintiffs' assertion (*see* Doc. 6477-1, at 4) there is no absolute bar on evidence of a plaintiff's romantic relationships subsequent to his or her spouse's death. Under Louisiana law, although a plaintiff's remarriage or dating status does not mitigate the damages he can recover for the loss of a spouse, courts have allowed testimony at trial regarding a plaintiff's romantic relationships if the plaintiff "opens the door" to this line of questioning.

For example, in *In re Air Crash Disaster near New Orleans*, 767 F.2d 1151 (5th Cir. 1985), the Fifth Circuit affirmed the lower court's decision to admit evidence of plaintiff's remarriage. The plaintiff widower obtained a ruling in *limine* that his remarriage was not admissible on the issue of mitigation of damages. But at trial, the plaintiff presented evidence, including damage witnesses, that "opened the door" to evidence of the remarriage: the plaintiff was depicted as a "broken man" and had introduced testimony that he was unable to function emotionally, or to form or maintain relationships with others. *Id.* at 1154. The Fifth Circuit held that "Louisiana decisions forbidding the introduction of evidence of remarriage of the surviving spouse are primarily concerned that a defendant might use this evidence to attempt to mitigate the emotional damages occasioned by the loss of the spouse, which are considered to be fixed at the time of loss." *Id*. Upon deciding to admit evidence of the plaintiff's remarriage, the district court had "immediately cautioned the jury that this evidence is was not to be used in any fashion to mitigate damages." *Id.* In affirming that ruling, the Fifth Circuit explained:

---

[1] *See* Compl. at ¶ 197, and Request for Relief. Plaintiff does not, and cannot, bring a separate loss of consortium claim, but may only pursue damages for loss of consortium with his wrongful death claim. *Id.*

> The district court watching the drama of the trial unfold was in a much better position than are we to evaluate whether and at what point [defendant] should have been permitted to disclose this evidence to rebut plaintiff's evidence of his inability to function emotionally and to form and maintain relationships with others.

*Id.* The court concluded that there was "no abuse of discretion in the district court's cautious handling of this delicate subject matter." *Id.*; *see also Caldarera v. E. Airlines, Inc.*, 705 F.2d 778, 782 (5th Cir. 1983) (a district court's decision to exclude evidence of a remarriage "is not subject to scrutiny by an appellate Bureau of Weights and Standards that balances the factors gram for gram.").

Under Fifth Circuit precedent, the Court may admit evidence of Mr. Orr's dating relationship, depending on the evidence adduced by Plaintiffs in support of Mr. Orr's claim for loss of society and companionship. Should Mr. Orr offer any testimony at the time of trial that could be impeached by the fact that he has dated after his wife's death, Defendants should be permitted to pursue this line of questioning.

Even if the jury cannot consider Mr. Orr's dating status in determining the amount of his damages, a limiting instruction is sufficient to confine the evidence to its proper purpose, as other courts have recognized. *See, e.g.*, *In re Air Crash Disaster*, 767 F.2d at 1154 (admitting evidence of remarriage, with a limiting instruction, to rebut depiction of plaintiff as "broken man" unable to maintain relationships). Accordingly, Plaintiffs' motion seeking an absolute bar should be denied.

## II. Plaintiffs have failed to demonstrate that evidence of Mr. Orr's dating status is unfairly prejudicial.

Plaintiffs have not demonstrated that evidence regarding Mr. Orr's dating status would be unfairly prejudicial or mislead the jury. Plaintiffs seek to recover damages for loss of society and companionship due to the death of Mrs. Orr, and therefore, place factors that affect the

degree of Mr. Orr's emotional loss at issue. These factors include, but are not limited to, Mr. Orr's dating status and the romantic relationships he has developed since Mrs. Orr's death. Because evidence of Mr. Orr's dating status is relevant if he places it at issue and its probative value is not outweighed by danger of unfair prejudice, confusion of the issues, or misleading of the jury, it should be admitted. Fed. R. Evid. 403. Accordingly, Plaintiffs' motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion *in Limine* No. 36.

Respectfully Submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on May 22, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**