**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| *Joseph Orr, et al. v. Janssen et al.* Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

**DEFENDANTS' JOINT MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* NO. 32 REGARDING PLAINTIFFS' INVOLVEMENT IN THE BP OIL SPILL LITIGATION**

Defendants oppose Plaintiffs' overbroad Motion *in Limine* No. 32, which seeks a pretrial ruling to exclude all evidence about, or testimony regarding, Kimberly Orr DeAgano's lawsuit related to the *BP Oil Spill Litigation*. *See* Doc. 6471-1. Under the Federal Rules of Evidence and Louisiana law, evidence of prior lawsuits is relevant and admissible, and therefore Plaintiffs' motion should be denied. *See, e.g.*, *Oyefuson v. City of New Orleans*, CIV. A. 98-3283, 2001 WL 175233, at *1 (E.D. La. Feb. 16, 2001)*; Gongora v. Snay*, 626 So. 2d 759 (La. App. 5th Cir. 1993); *Ronquillo v. Belle Chase Marine Transp., Inc.*, 629 So. 2d 1359 (La. App. 4th Cir. 1993).

Ms. DeAgano's lawsuit in the *BP Oil Spill Litigation* remains pending and seeks to recover for physical injuries and emotional distress—injuries that she alleges were caused by the oil spill. Defendants are entitled to present evidence of the prior lawsuit to show that Plaintiffs have pursued other litigation for pre-existing emotional distress and other alleged injuries that cannot be attributed to Defendants here. For these and the reasons set forth below, Plaintiffs' motion should be denied.

**ARGUMENT**

In their Motion, Plaintiffs seek to preclude all witnesses and counsel from "commenting on, referring to, . . . or introducing testimony or evidence about" "(A) Kimberly Orr DeAgano filing suit or being in a position to recover monies related to her involvement in the unrelated BP Oil Spill Litigation . . ." and "(B) The pleadings, discovery, and/or documents in the unrelated BP Oil Spill Litigation." Pl. MIL 32 at 1. Evidence of other lawsuits filed by Plaintiff Kimberly Orr DeAgano alleging personal injuries, however, is relevant and admissible. *See Oyefuson*, 2001 WL 175233, at *1 (finding that evidence of prior accidents, lawsuits, or claims is relevant to the determination of injuries and possibly as impeachment evidence).

Courts in the Eastern District of Louisiana have held that evidence of prior lawsuits is relevant to the determination of a plaintiff's damages and is potentially relevant for impeachment purposes. *See, e.g., Oyefuson*, 2001 WL 175233, at *1 ("The Court finds evidence of plaintiff's prior injuries and claims for damages to be relevant to a determination of plaintiff's injuries in this suit.").[1] Other courts have similarly held that evidence of prior lawsuits is relevant and admissible. *See, e.g.*, *Gower v. Ikon Office Solutions, Inc.*, 177 F. Supp. 2d 1224, 1236 (D. Kan. 2001) (finding that evidence of previous shareholder derivative lawsuits were relevant to establish plaintiff's state of mind); *Donnelly Corp. v. Gentex Corp.*, 918 F. Supp. 1126, 1133 (W.D. Mich. 1996) (holding that prior litigation is highly relevant to the damage issues in the current case); *Pratt v. Culpepper*, 162 So. 3d 616, 624 (La. App. 2d Cir. 2015), *reh'g denied* (Apr. 9, 2015) ("Evidence of prior injury and claims is admissible insofar as it bears on any issue before the court, including credibility.").

---

[1] The only case Plaintiffs cite, *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463 (E.D. La. 2007), is an insurance case in which the court excluded evidence of various lawsuits by non-parties against non-parties because "the mere fact that nonparties may have filed lawsuits against [other non-parties] is irrelevant to the underlying issues in this case."

Because Ms. DeAgano testifies to or claims pain and suffering, loss of consortium, and other damages in this lawsuit, her alleged personal injuries and damages from the previous lawsuit are relevant. ▮

▮

▮

▮

▮

▮

▮ DeAgano *BP Oil Spill Litig*. Compl. IV. 27. (Exh. B) ("As a result of Defendants' act or omissions, Plaintiff[] Kim DeAgano . . . [has] suffered . . . a) Past, present and future pain and suffering, . . . f) Past, present, and future mental anguish and emotional trauma; g) Past, present, and future loss of enjoyment of life . . . j) Other damages itemized at the trial of this matter."). The jury should not hear testimony of Ms. DeAgano's emotional status and alleged injuries in this case without also hearing evidence of the extent and nature of the claims that she attributes to the oil spill, for which Defendants in this case are not liable. As other courts have acknowledged, a plaintiff's prior injuries and related lawsuits are relevant to later claimed injuries. *Oyefuson*, 2001 WL 175233, at *1; Pratt, 162 So. 3d at 624.

Similarly, the claims made by Ms. DeAgano in her prior lawsuit may be admissible for impeachment and other purposes depending on how Plaintiffs try their case. Ms. DeAgano cannot testify that she was free of any pain and suffering before her mother's death, or that her mental and physical well-being are solely attributed to Defendants here. Courts have found "that

3

pleadings filed by plaintiffs in other actions are admissible, substantive evidence as judicial admissions, or as nonhearsay admissions of a party opponent under Rule 801(d)(2)." *Smith v. Surjaamadja & Halburton Energy Servs., Inc.*, CIV.A. 02-2994, 2003 WL 21790196, at *2 (E.D. La. Aug. 1, 2003); *Sanford v. Johns-Manville Sales Corp.*, 923 F.2d 1142, 1148 (5th Cir. 1991) ("The assertion made by plaintiffs in their pleadings constituted judicial admissions."); *Pope v. Allis*, 115 U.S. 363, 370 (1885) ("When a bill or answer in equity or a pleading in an action at law is sworn to by the party, it is competent evidence against him in another suit as a solemn admission by him of the truth of the facts stated."). The Court should not exclude pretrial evidence of Ms. DeAgano's prior lawsuit, without the context of how Plaintiffs decide to try their case here.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion.

| | |
|---|---|
| IRWIN FRITCHIE URQUHART & MOORE LLC | WILKINSON WALSH + ESKOVITZ LLP |
| By: /s/ *James B. Irwin* <br> James B. Irwin <br> Kim E. Moore <br> Irwin Fritchie Urquhart & Moore LLC <br> 400 Poydras Street, Suite 2700 <br> New Orleans, LA 70130 <br> Telephone: (504) 310-2100 <br> jirwin@irwinllc.com | By: /s/ *Beth A. Wilkinson* <br> Beth A. Wilkinson <br> Jennifer L. Saulino <br> Jeremy Barber <br> WILKINSON WALSH + ESKOVITZ LLP <br> 1900 M. Street NW, Suite 800 <br> Washington, DC 20036 <br> Telephone: (202) 847-4000 <br> bwilkinson@wilkinsonwalsh.com <br> jsaulino@wilkinsonwalsh.com <br> jbarber@wilkinsonwalsh.com |

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., and Janssen Research & Development, LLC*

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on May 22, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**