# EXHIBIT B

| **PLAINTIFF'S MOTIONS IN LIMINE** | **GRANTED OR DENIED** |
|---|---|

**2.    Reference to Mr. Dedrick's Left Anterior Descending Coronary Artery as a "Widow-Maker" (Rec. Doc. 8310)**

Granted - 403.  Doctors should use medical terms and not street talk.

The Plaintiff has filed a Motion in Limine to preclude Merck from referring to Mr. Dedrick's left anterior descending coronary artery as a "widow-maker."  The basis for this motion is Rule 403.

**3.    Miscellaneous Motion to Exclude Certain Subjects from Evidence at Trial (Rec. Doc. 8288)**

The Plaintiff has filed a Motion in Limine to exclude certain subjects from evidence at trial. The Plaintiff argues that any reference to the following matters would be improper, irrelevant, and/or unduly prejudicial.

a.    Any suggestion that a verdict for the Plaintiff will adversely impact pharmaceutical companies' incentive and/or ability to develop new medications.

Granted - 401/403

b.    Any comment, inference, testimony, or documents tending to suggest in any way that an award of damages in this case will adversely affect the ability of any member of the jury to purchase or receive medications in the future, adversely affect the cost of medication, or adversely affect the availability of pharmaceutical drugs to individuals or industries in the United States or worldwide.

Granted - 401/403

c.      Any comment, reference, or inference
that this case or other Vioxx product liability
litigation cases may have a negative impact on          Granted - 401/403
the stock price of Merck or any other publicly-
traded pharmaceutical manufacturer.


d.      Any comment, inference, evidence,
testimony, or documents suggesting or referring
to Health Canada or any other foreign regulatory        Granted - 401/403
agency's decision to allow the sale of Vioxx
within their respective countries.


e.      Any reference, comment, or inference
that this case or any other Vioxx products
liability case may cause an increase in the cost of     Granted - 401/403
purchasing or maintaining health insurance.


f.      Any reference, comment, or inference
that this case or any other Vioxx product liability
case may cause an increase in the cost of               Granted - 401
pharmaceutical drugs to the public.


g.      Any comment, evidence, testimony,              Deferred - "unrelated" may be a
inference, or document mentioning medical               fact question for the jury. The
conditions of Plaintiff or Plaintiff's family that      Court will rule if this comes up.
are unrelated to the injuries at issue in this
lawsuit.


h.      Any comment, evidence, testimony,              Deferred - may be an issue of
inference or document mentioning any non-               contributory negligence or may be
criminal bad conduct of Plaintiff. The Plaintiff        an issue of credibility. The Court
was not specific.                                       will rule if this comes up.

i.     Any reference, comment, or disclosure,
whether directly or indirectly, in any manner, that            Granted - 401/411
Plaintiff's medical bills were and will be paid in
the future for or covered by TennCare, Plaintiff's
health insurer.

j.     Any comment, inference, evidence,
testimony, or document tending to suggest in any               Granted - 401/403
way that an award of punitive damages in this
case is unconstitutional, illegal, or not supported
by the current state of the law.

k.     Any mention of the purported "litigation                Granted - 401/403
crisis," "lawsuit crisis," "lawsuit abuse," or
similar terms or phrases.

l.     Any comment or inference that Plaintiff's
attorneys and their law firm primarily represent               Granted - 401/403
plaintiffs in lawsuits or specialize in personal
injury or product liability litigation.

m.     Any comment, inference, or personal                     Deferred
anecdote from any Merck witnesses or lawyer
that they or their family members used Vioxx.

n.     Any comment, evidence, testimony,
inference or document mentioning, suggesting or                Granted - 401/403
inferring that Vioxx was taken off the market due
to "media hype" caused by attorneys or the
media.

o.      Any comment, evidence, testimony, inference or document that preemptively bolsters the unchallenged character or traits of Merck's current or former employees, managers, consultants, experts, agents, or fiduciaries.

Deferred - too vague. The Court will rule if this comes up. But see 608(a)(2)

p.      Any comment or reference to the medical conditions of Plaintiff's family members that are unrelated to the injuries in this case. Plaintiff specifically refers to the following: (1) Plaintiff's brother Kenny Dedrick's heart attack, heart disease, and smoking; and (2) Plaintiff's brother Phil Dedrick's heart disease and smoking.

Denied

q.      Any reference to Plaintiff's non-criminal bad conduct. Plaintiff specifically refers to: (1) his use of Viagra; and (2) his use of alcohol.

Denied

r.      Any comment or reference to opinions of healthcare personnel who are not witnesses at trial, either in person or by deposition.

Deferred - too broad

s.      Any reference, comment, or evidence that any members of the public or medical community desire that Vioxx be placed back on the market.

Granted - 401

t.      Any comment, evidence, testimony, inference or document inferring that state product liability defect and/or failure-to-warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings to their labels in order to avoid lawsuits.

Granted - 401

u.      Any comment, evidence, testimony, inference or document mentioning that state tort law undercuts the U.S. Food and Drug Administration's mission to require drug manufacturers to include only scientifically valid warnings on drug labels.

Deferred - too vague.  The Court will rule if this comes up.

v.      Any comment, evidence, testimony, inference or document mentioning that too many warnings of serious injuries will dilute the effectiveness of warnings generally.

Deferred - this requires context.

w.      Any comment, evidence, testimony, inference or document mentioning that state products liability law frustrates the FDA's protective regime.

Granted - 401

x.      Any reference, comment, or inference that FDA approval of Vioxx means that Merck met its standard of care and/or fulfilled its duty to warn as a matter of law.

Granted - this is argument, not fact.

y.      Any reference, comment, or inference to settlement negotiations or the lack thereof.

Granted

**4.    Evidence or Discussion Concerning
       Defendant's Reputation and/or "Good
       Acts" (Rec Doc. 8314)**

Deferred - too broad.

The Plaintiff has filed a Motion in Limine to
exclude evidence or discussion of the
Defendant's reputation and/or "good acts."
Specifically, the Plaintiff references the
following:  (1) Merck's Patient Assistance
Program whereby uninsured individuals can
obtain prescription medication at no cost or at a
significantly reduced price; (2) That the Plaintiff
was a recipient of free drugs pursuant to Merck's
Patient Assistance Program; (3) Merck's
donation of millions of dollars in HIV vaccines
to Africa while working with Bill Gates and the
government of Botswana; (4) Merck's donation
of medications to combat "River Blindness,"
which is a disease that strikes rural villages in
Africa, through the Mectizan program, in which
Merck is partnered with Jimmy Carter and the
Carter Foundation; and (5) the fact that Merck
develops drugs that treat and cure disease.  The
Plaintiff's objections are based on Rule 401
relevance and Rule 403 prejudicial effect.

**5.    Testimony by Merck Employees
       Regarding Their Personal Use of Vioxx
       (Rec Doc. 8319)**

Granted - 401/403

The Plaintiff has filed a Motion in Limine to
exclude any evidence, discussion, or argument
that Merck employees, former employees, or
family members of Merck employees took Vioxx
prior to the drug's withdrawal from the market
on September 30, 2004.  The Plaintiff argues that
such evidence is irrelevant and unduly
prejudicial.

6.      **Defendant's Argument that FDA
        Regulations Prohibited the
        Company from Making Label
        Changes Without Prior Agency
        Approval (Rec. Doc. 8311)**

The Plaintiff has filed a Motion in Limine to
exclude any evidence or argument that
Merck could not have changed the Vioxx
label to include warnings of cardiovascular
risks or reports of cardiovascular and other
adverse events without prior approval of the
FDA. The Plaintiff asserts that this
testimony is false and misleading and should
be excluded.

Denied - this is a question of fact,
experts disagree about whether or not
Merck could make label changes
without prior approval.

7.      **Evidence Regarding the Number
        of Heart Attacks in the United
        States of America (Rec. Doc. 8308)**

The Plaintiff has filed a Motion in Limine to
exclude evidence regarding the number of
heart attacks occurring in the United States
of America from the years 1999 to 2004.
The Plaintiff asks the Court to exclude
evidence that the number of heart attacks
occurring in the United States did not
increase while Vioxx was sold in the United
States. The Plaintiff seeks to exclude this
evidence on three grounds: (1) Rule 401
Relevancy; (2) Hearsay; and (3) Rule 403
Prejudice.

Granted - 401/403

8.    **Annual Deaths Attributable to**
      **NSAID Gastropathy (Rec. Doc.**
      **8316)**

The Plaintiff has filed a Motion in Limine to          Denied - issue of fact
exclude testimony about the annual number
of deaths attributable to NSAID
gastrointestinal toxicity without appropriate
qualifications and scientific support.  The
Plaintiff argues that such testimony is
speculative and unsupported by the
literature.

9.    ***Daubert*-like challenge (Rec. Doc.**
      **8309)**

The Plaintiff has filed a Motion in Limine to          Deferred - too vague
preclude Merck employees and former
employee witnesses from offering opinion
testimony which they are unqualified to
offer, which has not previously been
disclosed, and which lacks appropriate
support under *Daubert*.  The Plaintiff argues
that Merck may try to use Rule 701, which
allows employees to testify as to opinions
rationally based upon the perception of the
witness, as a *Daubert* loophole.
Specifically, the Plaintiff argues that Dr.
Briggs Morrison, an oncologist, should not
be allowed to offer opinions in
pharmacology and vascular biology because
he lacks the requisite knowledge, skill,
expertise, and training in these subjects.

10.   **Vioxx as a Potential Cure for**
      **Cancer (Rec. Doc. 8287)**

The Plaintiff has filed a Motion in Limine to          Denied
exclude evidence, testimony, or argument
that Vioxx is a potential cure for cancer.
The Plaintiff argues that such evidence is
irrelevant, unsupported by expert testimony,
and outside the scope of this litigation.

**11.    FDA Preamble on Preemption
(Rec. Doc. 8293)**

The Plaintiff has filed a Motion in Limine to
exclude testimony or argument about the
preamble to 71 Federal Register § 3922-01
and any statement by the FDA regarding
preemption. The Plaintiff argues that such
evidence has no probative value in this case,
would result in undue prejudice, would
mislead the jury, and cause undue delay.

Granted - 401/403

**12.    The "Martin Report" (Rec. Doc.
8283)**

The Plaintiff has filed a Motion in Limine to
exclude the "Martin Report." The Plaintiff
argues that this report is hearsay and does
not fall within any hearsay exception.

Granted - 801/403

**13.    April 6, 2005 FDA Memorandum
(Rec. Doc. 8324)**

The Plaintiff has filed a Motion in Limine to
exclude the April 6, 2005 FDA staff
memorandum and all evidence or testimony
that the FDA has concluded that there is a
"class effect" for all NSAIDS. The Plaintiff
argues that this information is false and
overly prejudicial.

Deferred - will decide if this comes in
depending on the context in which it
comes up.