UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * * | JUDGE ELDON E. FALLON |
| *Joseph Orr, Jr., et al. v. Janssen et al.* Case No. 2:15-cv-03708 | * * | MAG. JUDGE NORTH |
| | * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
JOINT MOTION FOR AN ORDER (1) DISMISSING WITH PREJUDICE
CLAIMS BASED ON ALLEGATIONS THAT PLAINTIFFS HAVE
ABANDONED AND (2) BARRING SCIENTIFIC EVIDENCE BASED
ON WAIVER OF *DAUBERT* ARGUMENTS**

## I.   INTRODUCTION

Once again Defendants have filed a motion to dismiss Plaintiffs' allegations, not claims from Plaintiffs' complaint (Rec. Doc. 6485).  Defendants filed a similar motion in the first bellwether trial involving Joseph Boudreaux (Rec. Doc. 5957), about which this Court initially reserved ruling.  (Rec. Doc. 6254).   However, over the course of the *Boudreaux* trial, the Court consistently overruled Defendants' objections relating to the introduction of evidence on matters involving Plaintiffs' so-called "abandoned claims" of dosing, reversal agents, black box warnings, etc.[1]  Further, after Plaintiffs' case-in-chief, the Court denied Defendants' Motion for judgment as a matter of law based on the same "abandoned claim" contention.  *See* May 1, 2017 Order (Rec.

---

[1] *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig. (Boudreaux)*, MDL 2592, Trial Transcript (4/26/17 PM Session) at 764: 12 (regarding the objection to testimony about the absence of a black box warning the court ruled, "I'll overrule the objection and allow it."); *In re Xarelto (Rivaroxaban) Prod. Liab. Litig. (Boudreaux),* MDL 2592, Trial Transcript (4/27/17 AM Session) at 944:16 – 946:25 (addressing Defendants' objections to testimony regarding the lack of a reversal agent, the Court permitted the testimony and ruled, "I think both sides will have an opportunity  to argue the situation, we will have to do it that like.").

1

Doc. 6362). Based on these rulings and the fact that Defendants' motion is procedurally defective because it fails to even identify the basis by which the relief requested may be granted, the matter *sub judice* should be denied.

Since a judgment can only be entered on a claim for relief under Fed.R.Civ.P. 54, it is paradoxical at best and certainly improper for Defendants to seek dismissal of facts. Substantively, Defendants' motion fares no better as the so-called "abandoned facts" they identify have a real place in the case, and are relevant to the history and safety profile of Xarelto, as demonstrated by this Court's rulings throughout the Boudreaux trial. Therefore, Defendants' contention that they must "guess" at the substance of Plaintiffs' claims is baseless. The Louisiana Products Liability Act ("LPLA") defines the parameters of Plaintiffs' failure to warn/instruct and defective design claims. These issues were the subject of extensive briefing involving dispositive motions. Consequently, there is no legitimate basis for Defendants to claim uncertainty, apart from their desire to obtain Plaintiffs' ultimate trial strategy and expected evidentiary proofs. That, however, is not a proper basis for the motion.

Thus, in all events, the motion should be denied.

## II.  ARGUMENT

### A. Partial Summary Judgment Is Only Available to Dismiss Claims, Not to Preclude Facts

Although filed as a motion *in limine*, Defendants' instant motion seeks to dismiss with prejudice claims based on allegations that Plaintiffs have "abandoned." Therefore, it is a dispositive motion, not a motion *in limine*. The deadline for dispositive motions, however, passed on January 20, 2017. *See* CMO 2D (Rec. Doc. 5201). Thus, Defendants' motion is untimely.

Defendants' motion also suffers from the additional procedural defect of seeking what, at best, amounts to a flawed partial summary judgment under Fed.R.Civ.P. 56. The obvious flaw is that Defendants seek a partial ruling that only addresses so-called "abandoned allegations," not claims.[2] While a party may move for summary judgment on part of a claim, the term "'part' is best understood as relating to either the entirety of liability, or damages, or at least a discrete element of damages." *Rasmussen v. City of New York*, 766 F.Supp. 2d 399, 404 (E.D.N.Y. 2011) (quoting *Hamblin v. British Airways PLC*, 717 F.Supp.2d 303, 306–09 (E.D.N.Y.2010)). Defendants' motion to dismiss does not fall into any of these categories because the allegations they seek to dismiss do not focus on liability or damages, but evidentiary aspects of Plaintiffs' LPLA claims for failure to warn/instruct and design defect, La. R.S. §§ 9:2800.56, 9:2800.57. Defendants contend that several "facts" have been "abandoned" and they are therefore entitled to having these facts dismissed. Thus, what Defendants are seeking "is the elimination of particular facts from the jury's consideration" which is not permitted through a motion for partial summary judgment. *Id.*[3]

---

[2] The allegations that Defendants suggest were abandoned by Plaintiffs include: "(1) that Xarelto's labeling should have included a "black box" warning regarding bleeding risk; (2) that Defendants failed to properly test Xarelto before bringing it to market; (3) that Xarelto's once-daily dosing regimen is unreasonably dangerous; (4) that Xarelto's 15 mg or 20 mg dose is too high: (5) that Xarelto's labeling should have instructed physicians to monitor PT for the purpose of adjusting doses; (6) that Xarelto's labeling should have instructed physicians to perform routine monitoring of patients' PT; and (7) that Xarelto's labeling did not adequately warn of bleeding risk." Def. Brf. at 4-5.

[3] To obtain relief to exclude evidence, Defendants were obliged to file a motion *in limine*. Of course the standard for granting such exclusion is too high, and the relief requested is not available to the Defendants in this case. *See Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir.1980), where the Fifth Circuit observed that "[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." Therefore, evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds. *Hawthorne Partners v. AT & T Tech., Inc*., 831 F. Supp. 1398, 1400 (N.D.Ill.1993) (citing *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984)). Evidentiary rulings, especially those addressing broad classes of evidence, should therefore be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *See Sperberg v. Goodyear Tire & Rubber Co*., 519 F.2d 708, 712 (6th Cir.1975); *see also Starling v. Union Pac. R.R. Co*., 203 F.R.D. 468, 482 (D.Kan.2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there.") (citations omitted). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Hawthorne Partners*, 813 F.Supp. at 1401.


Not surprisingly, Defendants' motion is devoid of any authority supporting their fatally flawed position. Unsupported by any legal authority on point, the motion cannot be sustained.[4]

### B. The Allegations Defendants Seek to Dismiss Because they were Subject to an Inapposite *Daubert* Challenge are Relevant and Admissible to Prove Plaintiffs' Claims, and therefore Should not be Dismissed

Just as Defendants' motion for partial summary judgment is deficient, so too is their alternative argument that their prior *Daubert* challenges to theories of liability that Plaintiffs are not pursuing, makes evidence of facts regarding: (1) doctors' decisions to prescribe lower doses to Xarelto patients based on Neoplastin PT testing; (2) that Xarelto would be safer if dosed twice daily; and (3) that Xarelto's dosage was too high, subject to dismissal.  But partial summary judgment is equally inappropriately applied to these facts as any others that do not address liability or damages. *See Rasmussen, supra.*  Accordingly, Defendants' *Daubert* challenges to facts supporting plaintiffs' actual failure to warn claim, not those straw-man arguments confected by Defendants, remain pertinent and admissible at trial.

---

[4] Defendants' reliance on *Cologne v. Shell Oil Co.,* Civil Action No. 12-735, 2013 WL 5781705, *3 (E.D. La. Oct. 25, 2013), is misplaced.  In that case, plaintiffs acquiesced to Defendants' motion for partial summary judgment, and the Court merely implemented the parties' agreement. *Id.*  ("In light of the parties' agreement on this point, TDPI's motion for summary judgment is granted as to the theories involving exposure to radiation and welding fumes.").  No such agreement is present here.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion should be denied.

Dated: May 23, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 23, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**