UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br>SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| *Joseph Orr, et al. v. Janssen et al.*<br>Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

**DEFENDANTS' JOINT OPPOSITION TO
PLAINTIFFS' MOTION *IN LIMINE* NO. 22 (REGARDING DEFENDANTS' LACK OF
PERMISSION TO CHANGE THE LABEL OF XARELTO
<u>WITHOUT PRIOR FDA APPROVAL</u>)**

Plaintiffs' Motion *in Limine* No. 22 is the same motion that they filed in *Boudreaux*, 2:14-cv-02720 (R. Doc. 5943). There, this Court reserved ruling for trial on the basis that evidence of FDA actions is relevant and admissible. R. Doc. 6254 at 10. Plaintiffs' argument has not changed, and their motion here should again be either denied outright or reserved for trial. Plaintiffs' motion also makes arguments similar to those asserted in their new Motion *in Limine* No. 33 "Regarding The FDA's Alleged Rejection of Defendants' Attempts to Modify the Xarelto Label" (Doc. 6472), which Defendants also have opposed based on the Court's rulings during the *Boudreaux* trial.

Plaintiffs' Motion *in Limine* No. 22 is misdirected. Plaintiffs broadly seek to exclude evidence and argument (1) that Defendants could not have "unilaterally" and without prior FDA approval changed the Xarelto® label to reflect Plaintiffs' proposed label changes, and (2) that FDA could have mandated the label changes that Plaintiffs request.[1] Although their argument is

---

[1] At this time, Defendants are still unsure as to precisely what warning or instruction Plaintiffs would have wanted Defendants to include in the label. This has never been clearly laid out, but for a brief suggestion during closing arguments in the *Boudreaux* trial.

difficult to discern, Plaintiffs seem to believe that the following exchange during the *Boudreaux* trial should change the evidentiary landscape:

> MR. NEWSOM: And without ruining the suspense, do you yet know whether you're intending to charge the jury on the clear evidence preemption issue? Neither party proposed the instruction initially, and I think the plaintiffs have now supplemented. We're happy to provide you with supplemental as well if you think it's going down that road.
>
> THE COURT: I really hadn't planned on going down that road.
>
> MR. BARR: And ours was only in the event the Court felt it was for the jury.
>
> MR. NEWSOM: Of course.
>
> THE COURT: I think that's a question of law, not for the jury. I'm not even sure they know what preemption is.

Ex. A (May 1, 2017 Transcript) at 1147:3-15.

Quite the contrary. The Court's ruling that preemption is a question of law in no way changes the fact (recognized during the *Boudreaux* trial) that Defendants are unquestionably entitled to present (just as they did during there) evidence and argument regarding FDA's views on Xarelto's label in assessing the reasonableness of the defendants' conduct, the adequacy of the label, and the fact that Defendants complied with FDA regulations and guidelines. For the reasons explained below and in Defendants' response to Plaintiffs Motion *in Limine* No. 33, this evidence is highly relevant and admissible to respond to Plaintiffs' allegations that Defendants were negligent or otherwise failed to comply with the law, and that Xarelto's design and labeling are unreasonably dangerous. Accordingly, this Court should deny Plaintiffs' Motion.

## ARGUMENT

Defendants are entitled to offer evidence of the FDA's views on both the safety issues that Plaintiffs assert warranted a label change here, as well as evidence relating to Defendants' compliance with FDA regulations. This Court recognized as much when instructing the jury in

*Boudreaux*. *See Boudreaux* Jury Instructions (Doc. 6393), at 23 (explaining that "any action or inaction on the part of the FDA" is "relevant"); *see also, e.g., Newman ex rel. Newman v. McNeil Consumer Healthcare*, No. 10 C 1541, 2013 WL 4460011, at *7 (N.D. Ill. Mar. 29, 2013) (explaining that "FDA review and approval . . . may be relevant to the reasonableness of the warnings on Defendants' [drug] labels"). Moreover, jurors are entitled to hear evidence that would allow them to assess how much deference to give FDA's decisions and ultimate approval of Xarelto. *See, e.g., Winter v. Novartis Pharm. Corp.*, 2012 WL 827305, at *4 (W.D. Mo. Mar. 8, 2012) (observing that "the adequacy of warning and labeling . . . must be viewed, in part, in the context of the FDA's role in the approval and marketing of pharmaceuticals" (internal quotation marks and citation omitted)); *Zeneca Inc. v. Eli Lilly & Co.*, 1999 WL 509471, at *3 (S.D.N.Y. July 19 1999) (concluding that FDA documents regarding "what the FDA said to Eli Lilly about Evista . . . and the meaning of the language in the Evista label" was "relevant to Eli Lilly's contention concerning the FDA's interpretation of [the clinical trial data] and the meaning of the language on Evista's label").

In this case, Defendants are entitled to present to the jury evidence that is unquestionably relevant and admissible regarding FDA's views of Xarelto, including the following:

- FDA approved Xarelto without requiring that it be accompanied by an anti-Factor-Xa assay, a reversal agent, or any instruction about using a PT test to make clinical decisions;

- FDA conducted an independent analysis and concluded that the recall of the INRatio device did not affect ROCKET AF's findings and, therefore, no revision to Xarelto's label was required;

- FDA reviewed all of the data regarding the U.S.-subgroup in ROCKET AF at the time the initial Xarelto label for the indication for atrial fibrillation was approved, and decided not to include the information;

- FDA rejected a proposal to add PT-monitoring language to Xarelto's label at the time of approval.

3

FDA's approval of a medicine as safe and effective and Defendants' compliance with FDA regulations are highly relevant to Plaintiffs' claims because that evidence shows that Defendants' conduct was reasonable. In approving Xarelto, FDA considered the data submitted related to clinical trials, the design of the product, and the language that appears in a package insert. *See Wyeth v. Levine*, 555 U.S. at 568 ("The FDA's premarket approval of a new drug application includes the approval of the exact text in the proposed label." (citing 21 U.S.C. § 355; 21 C.F.R. § 314.105(b))). When FDA approves a product and the particular language used in a label, FDA makes a determination that the medicine is safe and effective and that the language in the label is not false and misleading based on the information submitted to FDA. *See Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1235 (S.D. Fla. 2007) ("The information included in the labeling of a new drug reflects a determination by the FDA that the information is not 'false or misleading.'" (citing 21 C.F.R. § 314.125(b)(6))). Defendants are entitled to present this evidence that FDA approved Xarelto and its labeling under the applicable federal regulations.

Courts overseeing pharmaceutical cases routinely permit the introduction of evidence and argument related to FDA approval in order to assist the jury in determining whether the defendant acted reasonably and in order to assess the safety of a prescription medicine. *See, e.g.*, *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 191 (S.D.N.Y. 2009) (admitting testimony on FDA regulations to help jurors assess reasonableness of manufacturer's conduct); *Smith v. Wyeth-Ayerst Labs. Co.*, 278 F. Supp. 2d 684, 702 (W.D.N.C. 2003) (allowing testimony regarding regulatory standards); *see also Corrigan v. Methodist Hosp.*, 874 F. Supp. 657, 658 (E.D. Pa. 1995) (evidence regarding FDA regulatory status of pedicle screw admissible). The overwhelming majority of courts also find that "a product's compliance with

an applicable product safety statute or administrative regulation is properly considered in determining whether the product is defective . . . ." *Rest. (3d) of Torts: Prod. Liab.* § 4(b) (1998). Courts also generally consider evidence of compliance with federal standards admissible evidence of a defendant's reasonableness. *See id.*, reporter's notes to comment 3 ("The overwhelming majority of jurisdictions hold that compliance with product safety regulation is relevant and admissible on the question of defectiveness, but is not necessarily controlling."); *see also Rader v. Teva Parental Medicines, Inc.*, 795 F. Supp. 2d 1143, 1150 (D. Nev. 2011) ("[S]ince the claims . . . involve . . . the reasonableness of their actions . . . evidence of compliance with FDA regulations is admissible."); *Mahaney ex rel. Estate of Kyle v. Novartis Pharmaceuticals Corp.*, 835 F. Supp. 2d 299, 320-21 (W.D. Ky. 2011) (compliance with FDA requirements "both relevant and probative" of the pharmaceutical manufacturer's defenses, and noting that "other courts have used compliance with the FDA as proof of due care by a pharmaceutical company"); *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d at 191 (concluding expert testimony on regulatory compliance would assist the jury in determining whether Merck acted as a reasonably prudent pharmaceutical manufacturer); *see also Dill v. State, Dept. of Transp. and Dev.*, 545 So.2d 994 (1989).

Plaintiffs joined issue on these topics directly in their oppositions to Defendants' Motions for Partial Summary Judgment and have retained experts to render opinions on these very same issues, who are expected to testify at trial. *See, e.g.*, Expert Report of Suzanne Parisian (Ex. A), at 11 ("FDA's drug labeling requires a manufacturer to identify any laboratory tests helpful in following the patient's response or in identifying possible adverse reactions. Defendants have not provided an adequate label with updated laboratory and risk information."); *id.* at 13 ("The XARELTO label is inadequate in the following ways . . . [i]t fails to include adequate instructions on helpful laboratory testing (e.g., prothrombin time). . .").

Defendants are entitled to introduce evidence and testimony of the very position taken by FDA on exactly these issues to dispute these allegations. Plaintiffs' attempt to unilaterally present evidence regarding their theory of Defendants' obligations under federal law, while simultaneously attempting to preclude Defendants from defending against those arguments, should be rejected.

## CONCLUSION

For the forgoing reasons, Plaintiffs' Motion *in Limine* No. 22 should be denied.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com


NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com


CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

7

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on May 23, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                 */s/ James B. Irwin*
                                                 **James B. Irwin**