UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)     *     MDL
2592 PRODUCTS LIABILITY LITIGATION *
                                        *     SECTION L
                                        *
                                        *     JUDGE ELDON E. FALON
                                        *     MAGISTRATE JUDGE NORTH
* * * * * * * * * * * * * * * * * * * * * * * * *
THIS DOCUMENT RELATES TO:

*Sims v. Janssen Research & Development LLC, et al.*     (2:16-cv-17291)

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**

Plaintiff in the above-referenced action hereby submits this Memorandum in Support of his Motion for an Order from this Honorable Court granting him thirty (30) days from the granting of this Motion within which to perfect service of process on Bayer Pharma, AG through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10.

## BACKGROUND

On December 13, 2016, Plaintiff filed a Complaint against Defendants and was assigned Case No. 2:16-cv-17291.

On April 5, 2017, Plaintiff submitted his Plaintiff Fact Sheet ("PFS"). On April 13, 2017, Plaintiff received a Notice of Unserved Complaint. Shortly after, upon investigation, Plaintiff discovered that he had not properly served Bayer Defendants within the required time period.

On April 20, 2017, service of process was initiated through the streamline procedures set forth in PTO No. 10 on the Bayer Defendants via certified and registered mail, as well as a contemporaneous email sent to xareltocomplaints@babc.com. The USPS tracking

database confirms that Bayer Pharma AG received the registered mailing with a copy of the Complaint and Summons on April 28, 2017, and Bayer Healthcare Pharmaceutical, Inc. received same by certified mail on April 24, 2017. Thus, Bayer Defendants have been made fully aware of the facts and circumstances of the Complaint by virtue of receipt of the Complaint as set forth above.

## LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its Complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court - on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule furthers states that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id.* Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). When considering whether to extend the time for service, Courts take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D. Tex. 2003). "[A] plaintiff ... may be required to show that the party to be served personally received actual notice of the lawsuit: the defendant would not suffer any prejudice by the court extending the ... deadline: and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 666.[1]

In *Zermeno,* for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the

matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id.* at 667. The court noted that "if defendants act so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id.* Here, Defendants' counsel clearly acknowledged receipt of the Complaints and fact sheets.

Similarly, in *Millan v. USAA General Insurance Co.,* 546 F3d 321, 325 (5th Cir. 2008), the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id.* However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id.* at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id.*

Here, Defendants had notice of the claims against them despite the fact that Plaintiff inadvertently failed to properly serve his Complaint via email in a timely manner, because Defendants received the registered mailing with a copy of the Summons and Complaint. Moreover, Defendants are aware of the general facts, circumstances and theories of recovery underlying Plaintiffs' Complaints having been served with countless substantially similar complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiff, no actual prejudice has or will occur to Bayer Pharma AG by the Court granting the discretionary relief sought herein.

---

[1] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

Additionally, Plaintiff points out that the dismissal of his case could subject him to a statute of limitations defense in the future. Although Plaintiff believes he would be able to overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiff.

In light of the foregoing, Plaintiff respectfully requests that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests an Order from this Court granting him thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Bayer Healthcare Pharmaceutical, Inc. and Bayer Pharma AG.

Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

Dated: May 24, 2017                                         Respectfully Submitted,

By:   */s/ Nancy A. Mismash*

Nancy A. Mismash
**ROBERT J. DEBRY & ASSOCIATES**
4252 South 700 East
Salt Lake City, UT 84107
Tel: (801) 262-8915
Fax: (801) 262-8995
nmismash@robertdebery.com