# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * MDL NO. 2592<br>* SECTION L<br>* JUDGE ELDON E. FALLON<br>* MAG. JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**
*Orr et al. No. 15-3708*

## ORDER AND REASONS

Before the Court is Defendants' Motion to Quash the Subpoena for Sanjay Jalota to Appear and Testify at a Hearing or Trial in a Civil Action. (R. Doc. 6556). Plaintiffs oppose the motion. (R. Doc. 6571). Having reviewed the parties' briefs and applicable law and having heard the parties on oral argument the Court now issues this Order and Reasons.

## I. BACKGROUND

Plaintiffs have issued a subpoena out of this Court to Sanjay Jalota, the Senior Director of Global Regulatory Affairs at Janssen Research & Development, ordering him to appear at Federal Court in New Jersey to give live video testimony for a trial in New Orleans. Mr. Jalota lives and works in New Jersey. On March 3 and 4, 2016, Plaintiffs took a videotaped deposition of Mr. Jalota that lasted over sixteen hours. They now seek to have Mr. Jalota testify at trial via live video testimony from New Jersey.

Recognizing this Court's earlier ruling in the *Boudreaux* trial, Defendants filed this Motion to Quash Subpoena, arguing that (1) Plaintiffs attempt to require a witness to travel out of state and more than 100 miles to testify is in contravention of federal rules, and (2) that a

video testimony, which would be streamed to New Orleans, would circumvent the federal rules' geographic limits on compelling live trial testimony. (R. Doc. 6556).

Plaintiffs oppose the Motion, arguing the subpoena is complaint with the federal rules and highlighting Mr. Jalota's important role in the development of Xarelto including due diligence for the development and regulatory approval of Xarelto. (R. Doc 6286).

## II.   PRESENT MOTION

Federal Rule of Civil Procedure 45 governs the place of compliance for a trial, and states that the court "must quash or modify a subpoena that . . . requires a person comply beyond the geographical limits specified in Rule 45(c)." Rule 45(c) states:

> (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>> 
>> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>>> (i) is a party or a party's officer; or
>>> 
>>> (ii) is commanded to attend a trial and would not incur substantial expense.

Defendants first note that this Court is not within 100 miles of where Mr. Jalota resides, is employed, or regularly transacts business. Accordingly, Mr. Jalota cannot be compelled to testify in this Court under either section (A) or (B). While Defendants acknowledge this Court's prior ruling in *Vioxx* that essentially holds the opposite, they note that the federal rules were changed post-*Vioxx* – and specifically referencing the holding in *Vioxx* – to clarify that even section (B) is subject to the 100-mile restriction.[1]

---

[1] *See, e.g.*, "The recent amendments to Rule 45 . . . were intended to circumscribe the Court's authority to compel parties and officers to travel to faraway trials. The Advisory Committee's notes on the 2013 amendments to Rule 45 indicate that the changes made to the rule 'resolve a conflict that arose ... about a court's authority to compel a party or party officer to travel long distances to testify at trial; such testimony may not be required only as specified in new Rule 45(c).' Fed. R. Civ. P. 45 advisory committee's note (emphasis added)." *Ishee v. Fed. Nat'l Mortg. Ass'n*,

2

Plaintiffs clarify that Mr. Jalota would not be required to travel out of state or more than 100 miles to testify, but will serve a modified subpoena directing him to the District of New Jersey (in Newark, NJ) which is near where he lives and works.

Defendants next argue that Mr. Jalota should not be required to testify via video testimony in Newark, New Jersey, which is within 100 miles of where Mr. Jalota resides, is employed, and regularly transacts business. Defendants contend that the geographical limitations in Rule 45(c) apply with equal force to live video feed under Fed R. Civ. P. 43(a). Rule 43(a) permits contemporaneous transmission of testimony but does not compel that testimony. The permissive language of 43(a) does not expand the subpoena power beyond that outlined in Rule 45.

Defendants argue that this video testimony is only for the purpose of evading the geographical limitations of Rule 45, and cite to various district courts which have found the same.[2] They further argue that Plaintiffs have not offered good cause or compelling

---

No. 2:13-CV-234-KS-MTP, 2014 WL 12638499, at *2 (S.D. Miss. Nov. 13, 2014) (citing Havens v. Mar. Commc'ns/Land Mobile, LLC, Civ. No. 11-993, 2014 U.S. Dist. LEXIS 68786, at *8 (D.N.J. May 20, 2014)); *In re Urethane Antitrust Litig.*, Civ. No. 2:08-5169, 2016 WL 723014, at *1 (D.N.J. Feb. 22, 2016) (refusing defendants' motion to compel eight of plaintiffs' current employees, who were beyond the 100-mile limit, to testify live at trial, either in court or by video); *Twyman v. S&M Auto Brokers*, No 16 C 4182, 2016 WL 6082357, at *5 (N.D. Ill. Oct. 18, 2016) (recognizing that the plaintiff could not "compel [the witness] to appear for trial" where he "live[d] more than 100 miles from the Northern District of Illinois, and as such, is outside the trial subpoena power of the Court"); *Passmore v. Barrett*, No. 2:13-cv-290, 2016 WL 1253541, at *1, 3 (N.D. Ind. Mar. 31, 2016) (refusing plaintiff's motion to compel individual defendant, who lived more than 1,300 miles from the courthouse, to appear at trial); *E.E.O.C. v. JetStream Ground Servs., Inc.*, No. 13-cv-02340-CMA-KMT, 2016 WL 1178668, at *3 & n.5 (D. Colo. Mar. 28, 2016) ("It is clear that, at least after the 2013 amendments, this Court is not authorized to compel [the witness's] presence under Rule 45, despite the fact that he is the Vice President and co-owner of [the defendant].").

Plaintiffs argue these cases are not persuasive. In some, remote testimony via live video was not given as an option. In others, rejection of video testimony was due to its inferiority to live testimony, not deposition video. Finally, some of the cases suggest the ruling may have been different if it were an MDL case. *See, e.g.*, *Aranda v. Caribbean Cruise Line, Inc.*, No. 12-cv-4069, slip op. at 2 (N.D. Ill. Aug. 30, 2016) (attached); *Williams v. arctic Cat, Inc.*, No. 11-cv-445, 2014 WL 1028476, at *5.

[2] See *Roundtree v. Chase Bank*, No. 13–239 MJP, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014); see also *Ping-Kuo Lin v. Horan Capital Mgmt. LLC*, No. 14 Civ. 5202, 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014) (explaining that Rule 43(a) "does not operate to extend the range or requirements of a subpoena").

circumstances under Rule 43(a) to permit such video testimony. Defendants point out that Plaintiffs have always known Mr. Jalota would be unavailable for subpoena at trial and that they can and should use his previously-recorded video deposition. The Advisory Committee Notes to Rule 43(a) suggest that depositions, including video depositions, are the superior and preferred way to secure testimony of witnesses beyond the subpoena power of the Court. To be valid, subpoenas must always comply with Rule 45, regardless of what is permitted under Rule 43. Accordingly, Defendants argue Plaintiffs subpoena of Mr. Jalota should be quashed.

Both parties address *In re Actos* MDL. In *In re Actos (Pioglitazone) Products Liability Litigation*, the court found good cause existed to allow contemporaneous transmission of testimony of the defendants' employees who could not be subpoenaed to testify live. MDL No. 6:11-md-229, 2014 WL 107153 at *11 (W.D. La. Jan. 8, 2014). Defendants argue the case is in apposite because the judge in *Actos* placed great weight on the Scheduling Order which required "both parties to assist trial preparation by bringing as many witnesses to trial as possible, rather than relying on depositions." *Id.* at *4. That is not the case here. Further, Defendants argue, the *Actos* Court's allowance of live video feed is incorrect because it completely ignores the limitations of the geographic scope of a trial subpoena – limitations that the Rules Committee, the Supreme Court, and Congress recently underscored in amending Rule 45. Plaintiffs disagree, arguing that this Court should follow *Actos*' reasoning that Rules 43 and 45 should be read together to allow video testimony of witnesses outside the Court's subpoena power. The purpose of Rule 45, they argue, is to avoid undue expense and inconvenience on a witness – Rule 43 allows for testimony while avoiding undue expense.

Plaintiffs contend that other courts have found live video feed to be testimony at trial that was not prejudicial to the opposing party. A plain reading of both the Rules and 46 U.S.C.

§ 1407, Plaintiffs argue, supports their contention that this Court is empowered to subpoena Mr. Jalota to testify via videoconference from a location within the 100-mile radius of his home.

Defendants aver that this case presents even more compelling reasons to quash. Mr. Jalota was previously deposed in this litigation for more than 16 hours. Over the course of that 16-hour, two-day videotaped deposition, Plaintiffs presented Mr. Jalota with 74 different exhibits. Before the Boudreaux trial, Plaintiffs designated more than an hour of Mr. Jalota's deposition testimony but decided not to play it for the jury. Defendants argue they could designate part of Mr. Jalota's deposition to be played at the *Orr* trial as well, obviating the need for live video testimony.

Plaintiffs argue that good cause and compelling circumstances exist, and there will be no unfair burden or prejudice to Defendants in compelling Mr. Jalota to testify. Live testimony is preferable to deposition. *See, e.g.*, *Ramada Worldwide, Inc. v. Bellmark Sarasota Airport,* No. 05-cv-2309, 2006 WL 1675067 at *4 (D.N.J. June 15, 2006); Fed. R. Civ. P. 43, Advisory Committee Note to the 1996 Amendment ("The very ceremony of trial and the presence of the factfinder may exert a powerful force for truth telling."). This fact, along with Mr. Jalota's importance in the Xarelto process, are good cause and compelling circumstances under Rule 43. Plaintiffs cite to this Court's opinion in *Vioxx* that laid out five factors to consider when determining good cause and compelling circumstances:

> (1) the control exerted over the witness by the defendant; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation.

Plaintiffs argue all five factors weigh in their favor. First, as Janssen's employee, Janssen may exert significant control over Mr. Jalota. Second, the complexity of the MDL. Third and Fourth,

5

Plaintiffs argue Defendants' objection is merely tactical; no real prejudice results from Mr. Jalota's testifying. Fifth, Plaintiffs contend live video testimony will promote comprehensiveness and coherency, especially as opposed to a spliced video deposition that was taken over a year ago.

Finally, Defendants argue that allowing Mr. Jalota to testify from New Jersey would be burdensome and prejudicial. Defendants argue they would be forced to divide their trial team between the two locations, and Mr. Jalota would be forced to take more time away from his job and life to testify after already giving a lengthy deposition. Further, live video testimony poses potential IT problems that could impact the testimony and perhaps require postponing the witness or trial. They point to various IT issues that occurred in the live video deposition of Dr. Gary Peters in the *Boudreaux* trial. There is no reason, Defendants aver, to risk that issue.

Plaintiffs disagree, pointing out that playing a video deposition also poses possible IT problems. They also contend that Defendants are over stating the IT issues in the *Boudreaux* trial. Further, they argue Defendants may send an attorney to sit with Mr. Jalota, but that is a normal trial expense.

## III. ANALYSIS

As stated above, Federal Rule of Civil Procedure 45 governs the place of compliance for a trial, and states that the court "must quash or modify a subpoena that . . . requires a person comply beyond the geographical limits specified in Rule 45(c)." Rule 45(c) states:

> (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>>> (i) is a party or a party's officer; or

> (ii) is commanded to attend a trial and would not incur substantial expense.

As an initial matter, this Court points out that the Plaintiffs do not seek to compel Mr. Jalota to testify at a location beyond the 100-mile geographical reach contemplated in section (A). Plaintiffs instead have subpoenaed Mr. Jalota to testify in Newark, NJ, within 50 miles from his home and place of business. Accordingly, Plaintiffs' subpoena is within the bounds of section (A).

After taking into consideration the different factors contemplated in this Motion, this Court nevertheless finds it appropriate to deny the Motion to Quash for the same reasons Defendants' Motion to Quash was denied on the record in the *Boudreaux* trial. While this Court recognizes the significant amount of time Mr. Jalota spent being deposed for this case, that deposition was taken over a year ago. At that time, Plaintiffs' theories of the case were based on design defect and included additional claims that Plaintiffs no longer assert in the instant case. After a year of discovery, dozens of depositions, and multiple motions, Plaintiffs have narrowed their theory and have entered stipulations saying the same. This Court has read Mr. Jalota's deposition and finds that much of his deposition is irrelevant to Plaintiffs' present, more narrowed theory of the case.

This trial is the second bellwether case, following the *Boudreaux* case that completed in this Court several weeks ago. One of the purposes of bellwether cases is to inform the parties on the future course of this entire litigation. Mr. Jalota is a company executive who was at one time in charge of interfacing with the FDA with regards to Xarelto. This factor as well as the objective of bellwether trials tilts the balance, albeit slight, in favor of allowing live deposition of Mr. Jalota in this case. While the Court recognizes that Mr. Jalota's testimony will not be truly live,

but over video feed, this method is still preferable to a year-old video deposition that is, en masse, unrelated to the present case.

## IV.   CONCLUSION

Accordingly, for the reasons stated on the record and for the reasons stated above, **IT IS ORDERED** that Defendants' Motion to Quash (R. Doc. 6556) is **DENIED**. Mr. Sanjay Jalota is compelled to appear at trial of this matter as a witness in the United States Courthouse for the District of New Jersey, located at Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, where he shall attend the trial in this matter by remote transmission. Further information regarding the time and logistics of this testimony will be forthcoming.

New Orleans, Louisiana, this 25th day of May, 2017.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE