**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | * | **MDL 2592** |
| | * | **SECTION L** |
| **THIS DOCUMENT RELATES TO:** | * | |
| | * | **JUDGE ELDON E. FALLON** |
| ***Joseph Orr, Jr., et al. v. Janssen et al.*** ***Case No. 2:15-cv-03708*** | * | **MAG. JUDGE NORTH** |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN RESPONSE AND OPPOSITION TO DEFENDANTS' JOINT MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE OR ARGUMENT THAT THE XARELTO LABEL SHOULD HAVE INCLUDED INFORMATION ABOUT THE INRATIO DEVICE RECALL USED IN ROCKET AF OR THAT IS INCONSISTENT WITH FDA'S SEPTEMBER 2016 REANALYSIS THAT THE RECALL DID NOT IMPACT THE RESULTS OF ROCKET AF**

## I. INTRODUCTION

Plaintiffs file this supplemental response regarding the issues raised in Defendants' letter brief of May 23, 2017 regarding the INRatio device used in the ROCKET AF clinical trial. Plaintiffs contend that Defendants' letter brief represents nothing more than an attempted third bite at the apple regarding preemption. For these reasons set forth below and in the prior briefs filed by Plaintiff on this issue, this Court should – again – reject Defendants' objections to testimony about the INRatio device.

## II. PROCEDURAL BACKGROUND

Defendants first raised the issue in Defendants' *Joint Motion for Partial Summary Judgment on the Ground that Federal Law Preempts Plaintiffs' Failure to Warn Claims* in *Boudreaux* and *Orr* [Record Doc. No. 5110]. Plaintiffs filed a response [Rec. Doc. 5532-2], and

this Court subsequently ruled against preemption, noting that "issues of fact remain as to whether the Defendants could have warned doctors about the INRatio recall, either through the label or through other means." *See* Rec. Doc. No. 6197, at 8. Inherent in this ruling was an implied recognition that evidence about the INRatio recall might be relevant and admissible at trial.

Defendants raised the issue a second time in Defendants' *Joint Motion in Limine No. 7 to Exclude Evidence or Argument that the Xarelto Label Should Have Included Information About the INRatio Device Recall Used in ROCKET AF or That is Inconsistent with FDA's September 2016 Reanalysis that the Recall Did Not Impact the Results of ROCKET AF* in *Boudreaux* [Record Doc. No. 5940]. Plaintiffs filed a response [Rec. Doc. No. 6162-2], and this Court subsequently declined to rule on whether evidence about the INRatio recall was admissible, reserving its ruling for trial. *See* Rec. Doc. No. 6254, at 9. Since the parties have stipulated to the application of the *Boudreaux* motion in limine rulings in this case, albeit with a reservation of rights, this Court's reservation on the matter remains in effect.

Nonetheless, Defendants are now raising the issue a third time, presenting nothing new, except an out of context excerpt of testimony from one witness about the INRatio recall. Defendants' arguments, presented now for a third time, continue to miss the point.

## III. FACTUAL BACKGROUND

As stated in more detail in Plaintiffs' briefs, which are cited above, and which are incorporated by reference, Janssen knew *before* the ROCKET trial began enrolling patients that the INRatio device it intended to use to manage the warfarin arm was inaccurately measuring the INR of warfarin patients. Specifically, Janssen knew the FDA had issued two Warning Letters about the device wrongly informing patients their INR was in the therapeutic range when, in fact, the patients were over anti-coagulated. Despite this information, Janssen moved forward with

using the defective INRatio device in the ROCKET study, but never informed the clinical trial investigators, Bayer (its collaboration partner on ROCKET), or the FDA. Even after receiving reports of device malfunctions and developing a program to re-check discrepant results (known as the Covance Recheck Program), Janssen said nothing.

Years later, the INRatio device was recalled for reporting artificially low values, which could lead to over-dosing patients and thus increasing their bleeding risk. Still, Janssen said nothing. Janssen instead waited ten more months before reporting to the FDA that it had confirmed that the INRatio devices used in the ROCKET study were part of the recall. In light of this fact, patients in ROCKET who were treated with warfarin received higher doses of warfarin than were appropriate, which increased the incidence of bleeding events in that group by 7% to 10% and skewed the comparison of bleeding rates between warfarin and Xarelto users in favor of Xarelto. Consequently, this calls into question whether Xarelto actually was non-inferior – no better and no worse – than warfarin, as reported in ROCKET.

## IV. ARGUMENT

Plaintiffs' experts should be permitted to comment on this important safety issue, which clearly relates to their failure to warn claim. Inexplicably, Defendants ignore this failure to warn claim that actually is being pursued, and instead base two out of their three stated grounds for exclusion on a "failure to test" claim that has not been alleged, and does not even exist under the Louisiana Products Liability Act. As such, those two stated grounds are moot points.

As to the only remaining stated ground, Defendants again contend that the FDA's consideration of the defects in INRatio device in connection with the ROCKET Reanalysis renders all of the above-referenced facts about the device irrelevant. However, as stated in Plaintiffs' prior briefs, the FDA's conclusions are never the be-all or end-all of litigation addressing an approved

drug - every successful pharmaceutical failure-to-warn case necessarily has entailed a jury decision not necessarily consistent with regulatory "analysis."

Defendants attempt to support their flawed argument through reliance on *Buckman Co. v. Plaintiffs Legal Comm*., 531 U.S. 341 (2001); *In re Trasylol Prods. Liab. Litig.*, 763 F. Supp. 2d 1312 (S.D. Fla. 2010), and *Bouchard v. American Home Prod. Corp.*, 213 F.Supp.2d 802 (N.D. Ohio 2002). But *Buckman* and *Trasylol* are claim preemption cases (*i.e.*, "fraud on the FDA"), and not evidence exclusion cases. As such, this Court and others have consistently rejected attempts to extend them in the fashion demanded by Defendants. Instead, they have held that evidence of a company's failure to disclose significant and relevant information to the FDA is admissible in traditional products liability cases.[1]

*Bouchard* is equally as distinguishable, as it refutes Defendants' position. In that case, the plaintiff asserted a claim of "direct fraud against her and her healthcare provider." *Bouchard*, 213 F.Supp.2d at 812. The court deferred ruling on the evidence pertinent to those state law claims by allowing that "objections may be made at trial." *Id.*

Unwilling to recognize the flaw in their *Buckman* preemption analysis, Defendants suggest that any evidence that is inconsistent with the FDA's Reanalysis should be precluded under Federal

[1]*See In re Vioxx Prod. Liab. Litig.*, 401 F. Supp. 2d 565, 587 (E.D. La. 2005) (In ruling on Merck's attempt to preclude testimony about the company-FDA interactions, this Court determined: *Buckman* "is completely inapplicable to the issue at hand."); *Bush v. Thoratec Corp.*, 837 F. Supp. 2d 603, 608 (E.D. La. 2011) ("Buckman does not impliedly preclude a 'tort claim based on the underlying state duty to warn about the dangers or risks of product,'" *quoting Hughes v. Boston Scientific Corp*., 631 F.3d 762, 775 (5th Cir. 2011)). *See also In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*, 3:09-MD-02100-DRH, 2011 WL 6302287, at *11 (S.D. Ill. Dec. 16, 2011) ("federal law does not prevent judges and juries in failure to warn cases from considering a drug [company's] compliance with FDA regulations."); *In re Tylenol*, 181 F. Supp. 3d 278, 289 n.9 (E.D. Pa. 2016) ("whether the evidence related to the defendants' interactions with the FDA is admissible for purposes other than establishing liability for breach of duty. That is a different inquiry than whether the plaintiff's claims are preempted."); *Mahaney ex rel. estate of Kyle v. Novartis Pharm. Corp.*, 835 F. Supp. 2d 299, 318 (W.D. Ky. 2011) ("'[P]laintiffs may use evidence-if they are able to produce it-of [a pharmaceutical company's] effort to manipulate the [FDA] regulatory process in order to prove their negligence and strict liability claims'") (*quoting In re Medtronic, Inc., Implantable Defibrillators Litig*., 465 F. Supp. 2d 886, 900 (D. Minn. 2006)).

Rule of Evidence 403 as being more prejudicial than probative. Since the underlying premise of Defendants' argument is incorrect, so too is their claim regarding prejudice.

It is a well-established principle that simply because evidence may be damaging to a defendant because it demonstrates liability is not the same as being prejudicial. All evidence which tends to prove guilt or liability is prejudicial or damaging to a defendant's case. The stronger the evidence, the more it is prejudicial. The legal prejudice referred to in Rule 403 applies to evidence which uniquely tends to suggest a decision on an improper basis. *See, e.g., Dollar v. Long Mfg.*, 561 F.2d 613, 618 (5th Cir. 1977) (only unfair evidence may be excluded because virtually all evidence is prejudicial or it isn't material). Here, none of the facts surrounding the INRatio debacle are unfair. The entire controversy over the need to reanalyze ROCKET was because of Defendants' doing. They should not be heard to minimize this problem of their own making by saying it is too demonstrative of their ineptitude.

## V. CONCLUSION

For these reasons, this Court should – again – reject Defendants' objections to testimony about the INRatio device.

Dated: May 24 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
Email: gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 24 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**