UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Orr v. Bayer Corp., et al.* Case No. 2:15-cv-03708 | * * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO PRESENT TESTIMONY OF DR. CUONG BUI BY PRIOR VIDEOTAPED DEPOSITION

**MAY IT PLEASE THE COURT:**

On July 7, 2016, Dr. Bui sat for a seven hour deposition. About 70% of the questioning was performed by Defense counsel, with the questioning from Plaintiffs' counsel covering approximately 70 pages, and the questioning from counsel for the Bayer and Janssen Defendants covering approximately 160 pages.

The *Notice of Deposition* stated the purpose of the deposition as follows: "The deposition shall be taken for purposes of discovery, **for use at trial**[1], or for such other purposes as are permitted under the Federal Rules of Civil Procedure."[2] Consistent with this, prior to the start of testimony, the court reporter read the following stipulation into evidence: "It is stipulated and agreed by and between counsel for the parties hereto that the deposition of the aforementioned witness is hereby being taken **for all purposes allowed under the Federal Rules of Civil Procedure,** in accordance with law, pursuant to notice.[3]

---

[1] The federal rules do not distinguish between discovery and trial depositions. *Tatman v. Collins,* 938 F.2d 509, 510-11 (4th Cir. 1991).

[2] *See* Exhibit 1, Notice of Deposition of Treating Physician Cuong J. Bui, MD, at 1 (emphasis added).

[3] *See* Exhibit 2, Videotaped Deposition of Cuong Bui, MD, at 6:3-9 (emphasis added).

1

Plaintiffs initially intended to call Dr. Bui to testify live at trial; however, after serving the subpoena on Dr. Bui,[4] they were informed by telephone that Dr. Bui would not be available to testify in court.[5] Dr. Bui subsequently submitted a letter, stating that he is unable to attend the trial on June 1, 2017 (the date specified in his trial subpoena), because he has four surgeries scheduled that day.  In his letter, Dr. Bui offered to participate in a "video conference" on May 31, 2017 at Ochsner Hospital.[6] This alternative is not feasible, however, because May 31st is the only date on which Plaintiffs' expert, Frank W. Smart, MC, FACC, FACP, is available to testify.  Since this is the only date offered by Dr. Bui, and since at this time it remains unclear whether any other trial appearance dates are both available for the witness and feasible for plaintiffs, plaintiffs respectfully ask the Court to invoke the provisions of the FRCP authorizing the trial testimony of a witness through a previously-conducted deposition.

While live testimony at trial is the preferred means of presenting evidence to the jury, the evidentiary rules recognize that this is not always possible. For this reason, Federal Rule of Civil Procedure 32(a)(4)(E) permits the presentation of testimony via deposition when "exceptional circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court – to permit the deposition to be used." Such circumstances exist here, where Dr. Bui has confirmed his unavailability to appear in court to testify at trial. Many courts have allowed the presentation of past videotaped deposition in light of similar circumstances.

---

[4] *See* Exhibit 3, Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action to Cuong Bui, MD.

[5] *See* Exhibit 4, Letter from Dr. Bui.

[6] *Id.*

For example, in *Hague v. Celebrity Cruises, Inc.,* No. 95-cv-4648, 2001 WL 546519 (D.N.Y. May 23, 2001), the court ruled that the videotaped deposition of a treating physician who practiced within one hundred miles of the courthouse was admissible at trial due to the existence of three circumstances that likewise exist in this case: (1) the physician's busy schedule and responsibilities to his patients; (2) counsel's prior understanding that the deposition could later be admissible as evidence at trial; and (3) the fact that the deposition had been videotaped. *Id.* at *2. As to the significance of the videotape, the court stated as follows:

> Videotaped testimony prepared specifically for use at trial mitigates the concerns militating against the use of depositions in lieu of live testimony. First, although the witness is not physically present in the courtroom, the jury has the opportunity to observe his manner and hear his voice during the testimony. Second, the witness is questioned just as he would be at trial by counsel for both parties.

*Id.* (citation omitted).

The identical circumstances exist here, where: (1) Dr. Bui, a neurosurgeon, has confirmed his busy schedule and his responsibilities to his patients, (2) the deposition notice and the stipulation read prior to the start of testimony confirmed that the deposition was being taken, at least in part, for use at trial; and (3) the videotape of the deposition will provide the jury with an opportunity observe the physician's manner and hear his voice, and contains questioning by counsel for both parties.

Similar circumstances existed in *McDaniel v. BSN Medical, Inc.,* No. 4:07-cv-36, 2010 WL 2464970 (W.D. Ky. June 15, 2010), where the treating physician submitted an affidavit about his busy schedule and the difficulties it would present to his patients if he had to reschedule in order to appear at trial to testify, *Id.* at *3. In allowing the physician's testimony to be presented via prior deposition testimony, the court pointed to the physician's busy schedule

and the fact that the videotape would allow the jury to make observations. *Id.* at *4-5. The court also pointed to one additional circumstance: the fact that the medical treatment itself was not being called into question. *Id.* at *4. The same is true here, where neither party has suggested that Dr. Bui's treatment of Mrs. Orr was inappropriate in any way.

Other courts have allowed physician testimony via a prior videotaped deposition due to one or more of the circumstances described above. *See, e.g., Reber v. GMC,* 669 F. Supp. 717 (1987) (allowing the presentation of deposition testimony because of the physician's schedule, the pre-deposition agreement to permit its use at trial, and the existence of a videotape that would allow for assessments of credibility); *Buck v. Fairpoint Commc'ns, Inc.,* 2:14-CV-157, 2016 WL 7665785, at *3 (D. Vt. Oct. 27, 2016) (D. Vt. Oct. 26, 2016) (noting that if the physician's schedule remained busy, his deposition testimony could be used at trial); *Melore v. Great Lakes Dredge & Dock Co.,* No. 95-cv-7644, 1996 WL 548142, at *3-4 (E.D. Pa. Sept. 20, 1996) (allowing the physician's extensive deposition testimony to be presented in lieu of live testimony at trial due to the physician's schedule, even where there was no explicit pre-deposition statement confirming the deposition would be used for trial, because counsel always is on notice of that possibility).

While Dr. Bui has presented the alternative method of presenting his testimony through live videoconference on May 31, 2017, as noted above, that date is not available, because it is the only date on which Plaintiffs' expert, Dr. Smart, is available to testify. There will be no prejudice in using the prior deposition transcript over testimony via videoconference because counsel for each party had ample time to exhaustively question Dr. Bui during the seven hours that he set aside for his deposition. This is especially true of Defense counsel, who performed about 70% of

the questioning. Moreover, since Dr. Bui was deposed, there has been no new evidence or factual developments in the case to explore with this particular witness.

For the reasons set forth above, this Court should grant leave for the testimony of treating neurosurgeon Dr. Cuong Bui to be presented via his previously videotaped deposition.

Dated: May 27, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## **PLAINTIFFS' STEERING COMMITTEE**

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Russell T. Abney
2100 RiverEdge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Michael Goetz
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: (813) 221-6581
Fax: (813) 222-4737
Email: MGoetz@ForThePeople.com

Neil D. Overholtz
17 E. Main Street, Suite 200
Pensacola, Florida 32501
Phone: (850) 916-7450
Fax: (850) 916-7449
Email: noverholtz@awkolaw.com

Bradley D. Honnold
11150 Overbrook Rd., Ste. 250
Leawood, KS 66211
Phone: (913) 451-3433
Email: bhonnold@gohonlaw.com

Frederick Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Jeffrey S. Grand
77 Water Street
New York, NY 10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: jgrand@seegerweiss.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

Dianne M. Nast
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Phone: (215) 923-9300
Email: dnast@nastlaw.com

Ellen Relkin
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 344-5461
Email: Erelkin@weitzlux.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 27, 2017 a copy of the above and foregoing Plaintiffs' Memorandum in Support of Motion to Present Testimony of Dr. Cuong Bui by Prior Videotaped Deposition, has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                          */s/ Gerald E. Meunier*
                                                          **Gerald E. Meunier**