UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

### DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO PRESENT TESTIMONY OF DR. CUONG BUI BY PRIOR VIDEOTAPED DEPOSITION

Defendants hereby oppose Plaintiffs' Motion to Present Testimony of Dr. Cuong Bui by Prior Videotaped Deposition. *See* Doc. 6648.

Plaintiffs seek to introduce in lieu of live testimony the video deposition of Dr. Cuong Bui, the surgeon who treated Mrs. Orr's intracranial hemorrhage. Plaintiffs request this relief in light of the fact that Dr. Bui has a full surgery schedule on June 1, the day that they want him to testify. Dr. Bui has confirmed that he is available to testify on May 31, but Plaintiffs assert that this date is inconvenient for them because they wish to have Dr. Frank Smart testify on that day instead. S*ee* Pls.' Mem. (Doc. 6648-1), at 2. Plaintiffs further state that "it remains unclear whether any other trial appearance dates are both available for the witness and feasible for plaintiffs" (*id.*), but they do not offer any affirmative evidence that Dr. Bui is unavailable for the remainder of trial.

Plaintiffs have failed to demonstrate that exceptional circumstances exist that "overcome the judicial system's preference for live testimony." *Fuller v. United States*, No. Civ. A. 00-2791, 2002 WL 291122, at *1 (E.D. La. Feb. 26, 2002); *see also* Pls.' Opp. to Motion to Quash Jalota Subpoena (Doc. 6571), at 6–7 (arguing that live testimony is preferable to deposition testimony). Courts have routinely held that a witness's work obligations—even those of a busy physician— are insufficient justifications for the use of deposition testimony over live testimony at trial. In

1

any event, Plaintiffs have identified only one day during the two weeks of trial that Dr. Bui contends that his schedule precludes him from testifying. That is insufficient for Plaintiffs to show, as they must, that it would be "extremely difficult or virtually impossible" for Dr. Bui to appear live at any point during the trial. *Jauch v. Corley*, 830 F.2d 47, 49 (5th Cir. 1987). Moreover, if Plaintiffs do not call Dr. Bui live during their case in chief, Defendants intend to issue a subpoena for Dr. Bui to testify.

Accordingly, because Plaintiffs have not met their burden to show the existence of exceptional circumstances—and because Defendants intend to call Dr. Bui to testify if Plaintiffs do not call him live—the Court should deny their motion to play Dr. Bui's deposition testimony at trial.

## FACTUAL BACKGROUND

1. Dr. Bui is a physician at Ochsner Medical Center in New Orleans who treated Mrs. Orr's intracranial hemorrhage. *See* Pls.' Exh. 4 (Doc. 6648-5). Because he works within 100 miles of the courthouse, he is subject to the subpoena power of the Court. *See* Fed. R. Civ. P. 45.

2. Plaintiffs issued a subpoena to Dr. Bui on May 4, 2017, commanding his testimony in the trial of this matter on June 1, 2017. *See* Pls.' Exh. 3 (Doc. 6648-4). The subpoena was served on Dr. Bui on May 8, 2017. *See id.* Dr. Bui has never moved to quash the subpoena.

3. On May 10, 2017, Plaintiffs sent Dr. Bui a letter stating that "trial in this case is scheduled to begin in New Orleans on May 30, 2017 and is expected to last at least through June 9, 2017." Pls.' May 10, 2017 Ltr. to Dr. Bui (attached as Exhibit 1). The letter also stated that Plaintiffs "expect that you may be subpoenaed to testify during this trial" and that they anticipated his "testimony should take no longer than half a day." *Id.*

4. Dr. Bui provided Plaintiffs' counsel Emily Jeffcott a letter on May 25, 2017—more than two weeks after service of the subpoena and Plaintiffs' letter advising Dr. Bui that Plaintiffs would

request his half-day testimony sometime between May 30 and June 9—stating that he would be "unable to attend the trial . . . on June 1, 2017" because he has four surgeries scheduled for that day.  *See* Pls.' Exh. 4 (Doc. 6648-5).  The letter stated that Dr. Bui is available to testify on May 31.  *See id.*

5. During the time between the service of the subpoena and Dr. Bui's May 25 letter, Plaintiffs have apparently met with Dr. Bui to discuss this case.  In fact, Dr. Bui's letter informing Plaintiffs' counsel of his June 1 schedule is addressed to Emily Jeffcott rather than the lawyers listed on the subpoena or in Plaintiffs' May 10 letter.  *See* Exh. 1; Pls. Exh. 4 (Doc. 6648-5).

**ARGUMENT**

Federal Rule of Civil Procedure 32(a) "limits the use of a deposition" at trial.  *Jauch*, 830 F.2d at 49.  Under Rule 32(a), a party may introduce a deposition "into the record at a trial or hearing" only if "the witness is unavailable or exceptional circumstances justify its admission." *Id.* at 50; *see also* Fed. R. Civ. P. 32(a).  Plaintiffs—as "the part[ies] seeking to introduce [Dr. Bui's] deposition"—must demonstrate the existence of "exceptional circumstances."  *Jauch*, 830 F.2d at 50; *accord Moore v. Miss. Valley State Univ.*, 871 F.2d 545, 552 (5th Cir. 1989).  In light of the "well-established principle that live testimony is preferred at trial," *Howard v. Offshore Liftboats, LLC*, No. No. 13-4811, 2016 WL 232251, at *2 (E.D. La. Jan. 19, 2016), this is necessarily a heavy burden.[1]  In fact, as the Fifth Circuit has explained, "[a] deposition is an acceptable substitute for oral testimony when in-court observation of the witness is *extremely difficult or virtually impossible.*"  *Jauch*, 830 F.2d at 50 (emphasis added); *accord Fuller*, 2002 WL 291122, at *1.

---

[1] *See* 8A Wright & Miller, *Fed. Prac. & Proc.* § 2142 (3d ed.) ("The restrictions imposed by Rule 32 make it clear that the federal rules have not changed the long-established principle that testimony by deposition is less desirable than oral testimony . . . Indeed, Rule 32(a)(4)(E) refers directly to 'the importance of live testimony in open court.'").

### I.     Plaintiffs have not established that Dr. Bui is unavailable on June 1.

Plaintiffs rest their claim of "exceptional circumstances" solely on the fact that Dr. Bui has four surgeries scheduled for June 1—the date on which Plaintiffs would prefer to call him at trial. *See* Pls.' Mem., at 2.  There is no provision in the Federal Rules that allows for unavailability to be established simply because the witness is unavailable on the one particular day that the party wants to call him during the anticipated weeks of trial.  But even on June 1, the argument fails. Numerous courts have held that a physician's work responsibilities or professional obligations do not qualify as exceptional circumstances justifying the introduction of deposition testimony under Rule 32(a)(4).  Rather, "the Federal Rules make clear that live testimony is important—with no exceptions made for doctors."  *Whyte v. United States Postal Serv.*, 280 F.R.D. 700, 701 (S.D. Fla. 2012); *see also Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990) (holding that a witness is not "automatically unavailable" because he is a doctor and requiring "more persuasive evidence of unavailability").

The Tenth Circuit, for example, has rejected a physician's "extremely busy" schedule as a sufficient justification for the use of deposition testimony.  *See Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 963 (10th Cir. 1993).  In *Angelo*, although the plaintiffs subpoenaed the treating physician, he declined to appear because "his partner would be out of the office and he would be 'extremely busy' during the time scheduled for his testimony."  *Id.*  The district court offered to accommodate the physician's schedule, but the plaintiffs were ultimately unable to secure the physician's appearance.  *Id.*  The plaintiffs then sought to introduce the physician's deposition testimony, but the district court concluded that the physician's "excuse was not a sufficient basis for excusing him from [the] subpoena."  *Id.* (internal quotation marks omitted).  The Tenth Circuit found this exclusion proper, noting that the only "exceptional circumstance[]" that the plaintiffs relied on was the physician's "refusal to appear."  *Id.*

In fact, as courts have recognized, to allow a physician's work commitments to qualify as exceptional circumstances would "result[] in essentially a per se rule that doctors are unavailable to testify because of the nature of their profession." *See Bell v. CSX Transp., Inc.*, No. 00-40264, 2002 WL 34714566, at *3 (E.D. Mich. Apr. 4, 2002); *see also Flores v. NJ Transit Rail Operations, Inc.*, No. Civ. A. 96-3237, 1998 WL 1107871, at *4 (D.N.J. Nov. 2, 1998). In *Bell*, the plaintiff argued that exceptional circumstances existed because the physician-witness would have "to close her office for the day and cancel appointments." *Id.* The court rejected these contentions as sufficient to establish unavailability, recognizing that they would "appear to apply to almost every doctor." *Id.* The *Flores* court similarly rejected a plaintiff's assertion that a physician's outside professional obligations were sufficient to justify the introduction of deposition testimony. 1998 WL 1107871, at *4. There, the plaintiff argued that the "medical expert witnesses are neurosurgeons and a neurologist who have 'busy medical schedules.'" *Id.* But as the court explained, "to accept that [physicians' busy schedules] constitute 'exceptional circumstances' would eviscerate the presumption in our jurisprudence favoring live testimony."[2] *Id.* at *5. And "similar arguments," the court recognized, "could be routinely employed on behalf of others in occupations and professions." *Id.* Under those analogous precedents, Plaintiffs have not established Dr. Bui's unavailability on June 1 simply because Dr. Bui has four surgeries scheduled on one of approximately 10 trial days.[3]

Furthermore, Plaintiffs cannot rely on the Notice of Deposition to meet this burden. Although Plaintiffs assert that the parties contemplated that Dr. Bui's deposition would be used at

---

[2] *See also Hegwood v. Ross Stores, Inc.*, No. 3:04-cv-2674-BH(G), 2007 WL 102994, at *2 (N.D. Tex. Jan. 16, 2007) (concluding that "inconvenience to [the physician's] patients . . . is not an exceptional circumstance" where there was "ample time to notify [the physician] of the trial date and for [him] to reschedule any appointments, if necessary").

[3] Plaintiffs' citation to *McDaniel v. BSN Medical, Inc.*, No. 4:07-cv-36, 2010 WL 2464970 (W.D. Ky. June 15, 2010), is distinguishable because there the physician "submitted an affidavit about his busy schedule and the difficulties it would present to his patients if he had to reschedule." Pls.' Mem., at 3. Dr. Bui has made no such showing here.

5

trial (*see* Pls.' Mem., at 1), this does not relieve them of the burden of meeting the strict requirements of Rule 32(a).  *See Evans v. Intel Corp.*, No. 03-809 RHS/WDS, 2004 WL 5499530, at *1 (D.N.M. Oct. 29, 2004) (precluding use of trial deposition where plaintiffs failed to demonstrate exceptional circumstances under Rule 32(a)); *see also McDermott v. Liberty Maritime Corp.*, 2011 WL 2650200, at *2 (E.D.N.Y. July 6, 2011) (recognizing that "Rule 32(a) governs the uses of depositions in trial" and "draws no distinction between depositions taken for purposes of discovery and those taken for use at trial").

## II.     Plaintiffs have not established that Dr. Bui is unavailable on other days at trial.

But even assuming that Dr. Bui's work schedule were a sufficient reason to excuse his appearance on June 1, Plaintiffs have not demonstrated that he is unavailable at other times during trial.  Plaintiffs have not shown, for example, that Dr. Bui could not testify on May 30 or any other day during the trial.  In fact, Dr. Bui's letter confirms his availability on May 31.  *See* Pls.' Exh. 4 (Doc. 6648-5).  Plaintiffs assert only that it is "unclear whether any other trial appearance dates are both available for the witness and feasible for plaintiffs." Pls.' Mem., at 2.  This lack of clarity (and Plaintiffs' personal preference) cannot "overcome the judicial system's preference for live testimony."  *See Fuller*, 2002 WL 291122, at *1.  Although Plaintiffs may wish to call Dr. Bui on a certain day, their preferred trial strategy does not constitute an exceptional circumstance.  And given the course of the *Boudreaux* trial, there is no reason to believe that two witnesses cannot testify on May 31, when both Dr. Bui and Plaintiffs' expert, Dr. Smart are both available.  Indeed, Plaintiffs have represented to Dr. Bui that his testimony would take only a half-day.

In short, the Federal Rules require Plaintiffs to demonstrate that it would be "extremely difficult or virtually impossible" for Dr. Bui to appear during trial.  *Jauch*, 830 F.2d at 50.  They have not done so.  Faced with a similar situation—*i.e.*, where the physician had a prior commitment on a single day during the scheduled trial—the Northern District of Texas has concluded that Rule

6

32(a)'s requirements were unsatisfied. *See Hegwood*, 2007 WL 102994, at *2. As the *Hegwood* court explained, the physician's obligation to appear elsewhere was "neither a conflict nor an exceptional circumstance" because he could simply testify on a different day "or his testimony could be scheduled around the [other] matter." *Id.*; *see also Angelo*, 11 F.3d at 963 (affirming exclusion of deposition testimony where district court offered to allow the physician to testify at a "more convenient" time but plaintiffs still failed to secure his appearance); *cf. Williams v. Hughes Helicopters, Inc.*, 806 F.2d 1387, 1393 (9th Cir. 1986) (deposition testimony admissible where physician was out of the country "at the time of trial *and would not return until after the trial ended*" (emphasis added)).

So too here. Plaintiffs have not demonstrated that it would be extremely difficult or virtually impossible to arrange Dr. Bui's testimony for another day, and Rule 32 is therefore unsatisfied.

### III. If Plaintiffs do not call Dr. Bui live, Defendants intend to issue a subpoena for Dr. Bui to testify during Defendants' case.

Finally, the Court should deny Plaintiffs' motion because if Plaintiffs do not call Dr. Bui live, Defendants intend to issue a subpoena to Dr. Bui and to call him live during their case. There is no reason for Plaintiffs to play Dr. Bui's deposition in light of that fact.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion.

7

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com


*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com


NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com


ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com


CHAFFE MCCALL L.L.P.
By: */s/ John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29h day of May, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

/s/     *John F. Olinde*