UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| *Edward Davidson v. Janssen Research & Development, LLC, et al.*, Case No. 2:17-cv-03464 | MAGISTRATE NORTH |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER 145**

Defendants Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc. and Janssen Ortho LLC (collectively, "Defendants") hereby oppose the Motion to Vacate Conditional Transfer Order 145 filed by Plaintiff Edward Davidson ("Plaintiff"). (Doc. 6412.).

**INTRODUCTION**

On April 4, 2017, the Judicial Panel on Multi-District Litigation ("JPML") issued Conditional Transfer Order 145 ("CTO-145"), conditionally transferring this action to *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL 2592, pending before the Honorable Eldon Fallon in the Eastern District of Louisiana. The JPML issued a briefing schedule requiring any opposition to transfer to be filed by April 11, 2017. Having received no objection, the JPML finalized CTO-145 on April 12, 2017 and transferred this action to MDL 2592. Plaintiff failed to timely oppose CTO-145, and now seeks relief from this Court for an untimely request to vacate the JPML's order transferring this action to the MDL proceedings.

Plaintiff's Motion to Vacate should be denied for numerous reasons. First, Plaintiff failed to follow the rules and procedures set forth by the JPML for objecting to transfer. Second, only the JPML is vested with authority to vacate conditional transfer orders issued pursuant to 28

U.S.C. § 1407. Third, 28 U.S.C. § 1407(e) only permits the court of appeals for the transferee court to review the JPML's transfer decision via the issuance of an extraordinary writ pursuant to 28 U.S.C. § 1651. Thus, this Court does not have jurisdiction to review the JPML order transferring this action to MDL 2592. Plaintiff's assertion that this action was improperly removed to federal court is not an issue properly raised before this Court. Plaintiff did not file a Motion to Remand in the transferor court prior to transfer of this action to MDL 2592, and has not filed one in this Court. Accordingly, the issue of remand has not been properly raised before this Court and is not ripe for consideration.

For these and the reasons set forth below, Plaintiff's Motion to Vacate CTO-145 should be denied.

## II.    BACKGROUND

1.    On December 12, 2014, the JPML issued its initial Transfer Order establishing an MDL proceeding in the Eastern District of Louisiana to coordinate actions arising from "allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking Xarelto (rivaroxaban) and that defendants did not adequately warn prescribing physicians or consumers of the risks associated with Xarelto." *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, 65 F. Supp. 3d 1402, 1405 (J.P.M.L. Dec. 12, 2014). The JPML assigned the MDL proceeding to Judge Eldon Fallon in the Eastern District of Louisiana. *See id.* at 1405–06.

2.    On February 6, 2017, Plaintiff filed this action against Defendants in California state court in Los Angeles County Superior Court. (*See* C.D. Cal. Doc. 1-1.)[1] Plaintiff alleges that he was injured as a result of using the prescription medication Xarelto®. Plaintiff asserts causes of action for strict liability, negligence, breach of express and implied warranties and

---

[1] "C.D. Cal. Doc." refers to an entry on the docket in *Edward Davidson v. Janssen Research & Development, LLC, et al.*, No. 2:17-cv-02509-MWF-DTB in the Central District of California. This case was "closed" in the Central District of California on April 20, 2017.

other claims against Defendant. (*Id.*) Plaintiff's Complaint in this action alleges the same or similar facts, and the same or similar causes of action, that are alleged in other Xarelto actions pending in MDL 2592.

3. On March 31, 2017, Defendants timely removed this action from state court to the U.S. District Court for the Central District of California. (C.D. Cal. Doc. 1.) Defendants demonstrated that the federal district court had diversity jurisdiction under 28 U.S.C. § 1332 when disregarding the claims of the fraudulently joined distributor Defendant McKesson Corporation.

4. On April 3, 2017, Defendants notified the JPML of this action and requested that it be transferred to MDL 2592. (Doc. 1178.)

5. On April 4, 2017, the JPML issued CTO-145, a conditional transfer order for this action. (Doc. 1179, attached as Exhibit A.) The JPML noted that this action "involve[s] questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Fallon." (*Id.*) The deadline for opposing CTO-145 as April 11, 2017. (Doc. 1180, attached as Exhibit B.)

6. On April 12, 2017, having received no objection to CTO-145, the JPML finalized the conditional transfer order and transferred this action to MDL 2592. (Doc. 1194, attached as Exhibit C.)

7. On May 5, 2017, Plaintiff filed this untimely Motion to Vacate CTO-145 and a supporting brief, arguing that the Court should remand this action back to the Central District of California. (Doc. 6412.) Plaintiff argued that the parties lack diverse citizenship because Defendant McKesson is not fraudulently joined and has its principal place of business in California. (*Id.*) No Motion to Remand has been filed in this Court or in the transferor Court.

### III.     ARGUMENT

A.     **Plaintiff's Motion to Vacate CTO-145 Is Untimely and Disregards the Procedures Set Forth by the JPML.**

Plaintiff's Motion to Vacate CTO-145 should be denied. As an initial matter, Plaintiff failed to follow the proper procedure for challenging the conditional transfer order issued for this action. The JPML Rules of Procedure expressly provide that "[a]ny party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the 7-day period." J.P.M.L. Rule 7.1(c). "In such event, the Clerk of the Panel shall not transfer the transfer order to the clerk of the transferee district court, but shall notify the parties of the briefing schedule." *Id.* The Rules further provide that "[f]ailure to respond to a CTO shall be treated as that party's *acquiescence*." J.P.M.L. Rule 7.1(d) (emphasis added).

Consistent with these rules, CTO-145 set a deadline of April 11, 2017 for Plaintiff to file a notice of opposition to the transfer of this action to MDL 2592. (*See* Ex. B.) Plaintiff did not file a notice of opposition, and CTO-145 became effective on April 12, 2017. (*See* Ex. C.) As a result, this action is now properly pending in MDL 2592. Under the applicable rules, Plaintiff's failure to respond to CTO-145 constituted acquiescence to transfer. *See* J.P.M.L. Rule 7.1(d). Plaintiff waited two weeks after the conditional transfer order was finalized to bring this untimely motion in the MDL Court rather than present the issue to the JPML. Because Plaintiff failed to follow the proper procedure for objecting to transfer of this action, this Motion to Vacate CTO-145 should be denied. In any event, a motion to vacate is baseless. The JPML has repeatedly rejected similar attempts to avoid MDL transfer. *See* Transfer Order, MDL 1592, Doc. 1183 (J.P.M.L. Apr. 5, 2017), attached as Exhibit D (In denying the motions to vacate, the JPML noted that "[j]urisdictional issues do not present an impediment to transfer, as plaintiffs can present arguments to the transferee judge"). Notwithstanding Plaintiff's disregard for the

4

rules and procedures set forth by the JPML, Plaintiff's Motion to Vacate also fails because it is procedurally defective, as set forth below.

**B.   Only the JPML Has The Authority To Vacate A Conditional Transfer Order Issued Pursuant to 28 U.S.C. § 1407.**

Courts have recognized that "Congress granted substantial authority to the Panel to decide how the cases under its jurisdiction should be coordinated." *In re Collins*, 233 F.3d 809, 812 (3d Cir. 2000). "Section 1407 was intended to promote the 'just and efficient conduct' of the actions transferred." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (citation omitted). Pursuant to its authority under 28 U.S.C. § 1407, the JPML issued CTO-145 on April 4, 2017, conditionally transferring this action to MDL 2592. (Ex. A.) As the JPML recognized in CTO-145, this action "involve[s] questions of fact that are common to the actions previously transferred to the Eastern District of Louisiana and assigned to Judge Fallon." (*See id*.) The JPML provided Plaintiff an opportunity to object to the transfer of this action, but Plaintiff failed to timely oppose. Plaintiff now requests that this Court vacate an order it did not issue. However, only the JPML can vacate a conditional transfer order issued pursuant to 28 U.S.C. § 1407. This Court does not have jurisdiction to vacate the JPML's transfer order, and as set forth below, does not have jurisdiction to review the JPML's transfer order.

**C.   Plaintiff's Request for Review of the JPML Transfer Order is Procedurally Defective and Should be Denied.**

Plaintiff's Motion to Vacate CTO-145 should be denied because it is procedurally defective. Section 1407(e) expressly provides:

> No proceedings for review of any order of the panel may be permitted except by extraordinary writ pursuant to the provisions of title 28, section 1651, United States Code. … Petitions for an extraordinary writ to review an order to transfer or orders subsequent to transfer shall be filed only in the court of appeals having jurisdiction over the transferee district.

28 U.S.C. § 1407(e); *see also Grispino v. New Eng. Mut. Life Ins. Co.*, 358 F.3d 16, 19 (1st Cir. 2004) ("The language of 28 U.S.C. § 1407(e) only permits the court of appeals for the transferee court to review the MDL panel's transfer decision via the issuance of an extraordinary writ pursuant to 28 U.S.C. § 1651 …."); *In re Patenaude*, 210 F.3d 135, 140–41 (3d Cir. 2000) ("Section 1407(e) provides that JPML order may be reviewed only by extraordinary writ pursuant to 28 U.S.C. § 1651."); *Robinson v. Am. Home Mortg. Servicing, Inc. (In re Mortg. Elec. Registration Sys.)*, 754 F.3d 772, 780 (9th Cir. 2014) ("Mandamus is the exclusive mechanism for reviewing JPML orders."); *Lopez v. Fed. Hous. Fin. Agency*, 578 F. App'x 701, 702 (9th Cir. 2014) ("We lack jurisdiction to review the JPML's order because Plaintiffs have not sought a writ of mandamus."); *Streeter v. Walden Univ.*, No. 17-1004, 2017 U.S. App. LEXIS 9120, at *1 (4th Cir. May 25, 2017) ("[T]his court may review orders from the JPML only when petitioned by extraordinary writ, and then only in certain circumstances not present here … we dismiss the appeal for lack of jurisdiction."). Plaintiff has not sought a writ of mandamus, and the JPML transfer order at issue can only be reviewed by the Fifth Circuit Court of Appeals. Accordingly, this Court does not have jurisdiction to review the JPML's order transferring this action to MDL 2592.

Plaintiff asserts that the federal courts lack jurisdiction over this action and essentially argues for remand. However, Plaintiff has not filed a motion to remand. As noted in Plaintiff's Motion to Vacate, "Plaintiff *prepared* a Motion Remand" (Pl. Mot. at 1), but did not file a Motion to Remand in the transferor court prior to transfer, and has not filed a Motion to Remand here. (Emphasis added). Therefore, the issue of remand has not been properly raised before this Court and is not ripe for consideration.

Because Plaintiff failed to timely object to transfer before the JPML, and because this Court does not have jurisdiction to review the JPML's Transfer Order, Plaintiff's Motion to Vacate CTO-145 should be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Vacate CTO-145 should be denied, as this action was appropriately transferred to MDL 2592 in the Eastern District of Louisiana.

Respectfully Submitted,

/s/ Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
*susan.sharko@dbr.com*

Attorney for Defendants Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc. and Janssen Ortho LLC

**IRWIN FRITCHIE URQUHART & MOORE LLC**
By: /s/James B. Irwin
James B. Irwin
Kim E. Moore
400 Poydras St., Ste, 2700
New Orleans, LA 70130
(504) 310-2100
jirwin@irwinllc.com
kmoore@irwinllc.com

Liaison Counsel for Defendants

7

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on May 30, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

      */s/ James B. Irwin*
      **James B. Irwin**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on May 30, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

      */s/ James B. Irwin*
      **James B. Irwin**