# EXHIBIT D

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION                                                                 MDL No. 2592

TRANSFER ORDER

**Before the Panel**: Plaintiffs in the actions listed on Schedule A (*Craig, Breaud, Colbert-Threats,* and *Daniels*) move under Panel Rule 7.1 to vacate our orders conditionally transferring their actions to MDL No. 2592. Defendants oppose the motion to vacate.[1]

After considering the argument of counsel, we find that these actions share common questions of fact with the actions transferred to MDL No. 2592, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Movants do not dispute that the actions listed on Schedule A share questions of fact with MDL No. 2592. Like many of the already-centralized actions, these actions involve factual questions arising from allegations that Xarelto causes severe bleeding and other injuries and that defendants did not adequately warn prescribing physicians or consumers of the risks associated with Xarelto. *See In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402 (J.P.M.L. 2014).

In support of their motions to vacate, plaintiffs principally argue that the actions were improperly removed, and motions for remand to state court are pending or anticipated. More specifically, plaintiffs contend that a number of judges in their respective districts have ordered remand of Xarelto and similar product liability cases removed on the same theories invoked by defendants here. Jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Additionally, the Panel does not have the authority to determine the applicability of a judge's remand ruling in one case to other arguably similar cases, and thus we regularly order transfer of actions over the objection that remand

---

[1] Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc. (collectively, Bayer); and Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, and Johnson & Johnson (collectively, Janssen).

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

is required under applicable precedent.³ Transfer in these circumstances comports with the well-established principle that "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).⁴

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Lewis A. Kaplan              Ellen Segal Huvelle
R. David Proctor             Catherine D. Perry

---

³ *See, e.g., In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, Transfer Order, Doc. No. 1040, at 1 (J.P.M.L. Dec. 7, 2016) (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar cases removed to that district"); *In re: Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 1871, Transfer Order, Doc. No. 1159, at 1 (J.P.M.L. Oct. 2, 2013) (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").

⁴ For the same reason, the Panel also rejects the suggestion of the *Daniels* plaintiffs that transfer should be denied because a prior order remanding their *original* complaint to state court should be applied to their subsequently removed amended complaint. Although plaintiffs believe that remand in the circumstances presented is inevitable, the Panel lacks the authority to make that determination.

**IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION**  MDL No. 2592

## SCHEDULE A

<u>Central District of California</u>

CRAIG, ET AL. v. JANSSEN RESEARCH AND DEVELOPMENT, LLC, ET AL.,
    C.A. No. 5:17-00022

<u>Eastern District of California</u>

BREAUD v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL.,
    C.A. No. 1:16-01932

<u>Eastern District of Missouri</u>

COLBERT-THREATS, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC,
    ET AL., C.A. No. 4:16-01888
DANIELS, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL.,
    C.A. No. 4:16-02162