UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| ***Orr v. Bayer Corp., et al.*** | * | JUDGE ELDON E. FALLON |
| **Case No. 2:15-cv-03708** | * | |
| | * | MAGISTRATE JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION TO PRECLUDE EXPERT TESTIMONY FROM DR. CUONG BUI**

## I.     INTRODUCTION

Plaintiffs move the Court for an order precluding Sharyn Orr's treating neurosurgeon, Dr. Cuong Bui, from presenting expert opinion testimony during trial because no expert disclosures for his testimony have been made pursuant to Federal Rule of Civil Procedure 26(a)(2)(C).

## II.     ARGUMENT

By this motion, Plaintiffs seek to preclude any kind of expert testimony from Dr. Bui that Defendants might be contemplating presenting. This includes, but is not limited to, causation testimony, such as testimony about what would have resulted if Mrs. Orr had received earlier intervention. *See, e.g., Sheppard v. Liberty Mut. Ins. Co.,* No. 16-cv-2401, 2017 WL 467092, at \*2 (E.D. La. Feb. 2, 2017) (any testimony regarding causation is an expert opinion under Rule 702, requiring an expert report or disclosure); *Smith v. Progressive County Mut. Ins. Co.,* No. 11-cv-872, 2012 WL 702061, at \*2-3 (E.D. La. Mar. 1, 2012) (same); *Hooks v. Nationwide Housing Sys., LLC,* No. 15-cv-729, 2016 WL 3667134, at \*5 (E.D. La. July 11, 2016) (treating physicians who intend to testify as to causation must submit

an expert report or disclosure); *Patton v. Jacobs Engineering Group, LLC*, 2016 WL 1090566 (M.D. La. 2016).

Plaintiffs acknowledge that because Dr. Bui is a treating physician, and not a witness specially employed by Defendants to provide expert testimony in this case, any anticipated expert testimony from him would not be subject to the stringent disclosure requirements of Federal Rule of Civil Procedure 26(a)(2)(B). However, a disclosure regarding any anticipated expert testimony from Dr. Bui is required to meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(C), which provides that for each non-retained expert, a party must submit a disclosure stating: (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts and opinions to which the expert is expected to testify. The 2010 Advisory Committee Notes pertaining to this subsection confirm its applicability to "physicians or other health care professionals . . . who do not regularly provide expert testimony," which encompasses treating physicians. *See, e.g., Sheppard,* 2017 WL 467092, at *1; *Stone v. U.S.,* No. 15-cv-382, 2017 WL 1927719, at *2 (E.D. La. May 9, 2017); *Hooks,* 2016 WL 3667134, at *3-4.

Additionally, all expert disclosures, regardless of whether the expert was specially employed as an expert or was a non-retained expert such as Dr. Bui, were due at the time and in the sequence that the court orders. *See* Fed. R. Civ. P. 26(a)(D). The 2010 Advisory Committee Notes pertaining to this subsection likewise confirm that this deadline applies both to expert reports under Rule 26(a)(2)(B) and expert disclosures for non-retained experts under Rule 26(a)(2)(C). In this case, those disclosures were due more than six months ago, on November 15, 2016. *See* Case Management Order 2A [Rec. Doc. No. 4223], at ¶ 8(b).

To this day – less than two full days before Dr. Bui is scheduled to testify – no disclosure has been made with regard to any expert testimony by Dr. Bui. While Dr. Bui is on Defendants' *Amended Witness List*[1] as a witness that Defendants "May Call." Defendants list Dr. Bui and provide his address but do not provide the required Rule 26(a)(2)(C) disclosure stating: (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts and opinions to which the expert is expected to testify.[2] Defense counsel might attempt to cite to Dr. Bui's medical records as the disclosure, courts have made it clear that "disclosures consisting of medical records alone are insufficient to satisfy the disclosure standard of Rule 26(a)(2)(C)." *See, e.g., Sheppard,* 2017 WL 467092, at *2 (citations omitted); *Hooks,* 2016 WL 3667134, at *5 (citations omitted). Thus, it cannot be disputed that no expert disclosures have been made for any expert testimony by Dr. Bui.

"Failure to comply with the deadline for disclosure requirements results in 'mandatory and automatic' exclusion under Federal Rule of Civil Procedure 37(c)(1)." *Sheppard,* 2017 WL 467092, at *2 (citations omitted); *see also Hooks,* 2016 WL 3667134, at *4 (citations omitted). Excluded witnesses or information may not be used "to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or was harmless." *Sheppard,* 2017 WL 467092, at *2 (citations omitted); *Hooks,* 2016 WL 3667134, at *4 (citations omitted).

"In evaluating whether to exclude expert testimony, the Fifth Circuit instructs courts to consider four factors: (1) the explanation of the party for its failure to identify the witness; (2) the importance of the excluded testimony; (3) the potential prejudice that would arise from

---

[1] Exhibit 1.

[2] *Id.*

3

allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hooks*, 2016 WL 3667134, at *4, *citing Betzel v. State Farm Lloyds,* 480 F.3d 704, 707 (5th Cir. 2007) (additional citation omitted); *see also Smith*, 2012 WL 702061, at *3, *citing Betzel,* 480 F.3d at 707.

All four factors weight in favor of precluding expert testimony, such as causation testimony, from Dr. Bui. As to the first factor, Defense counsel have provided no explanation for their failure to provide expert disclosures for Dr. Bui, and given that they have made disclosures with regard to other experts, their awareness of their duty may be assumed. *See Smith,* 2012 WL 702061, at *3. As to the second factor, the testimony would be minimally important, if important at all, because both parties have disclosed reports for retained experts who will opine on causation at trial. *See id.* As to the third and fourth factors, the prejudice to Plaintiffs' counsel would be significant, because they would have no time to prepare to counteract such testimony, and no opportunity to cure that prejudice through a continuance, since the trial is in progress.

Since these factors weigh in favor of preclusion, Dr. Bui should be precluded from offering any expert testimony on any matter, including but not limited to causation. *See, e.g., Smith,* 2012 WL 702061, at *3 (granting motion to preclude where no explanation was provided, and other experts were available to testify on the same issue); *see also Hooks,* 2016 WL 3667134 (granting motion to preclude expert testimony from two treating physicians for whom disclosures had not been made, noting the parties had not addressed the four factors); *Sheppard,* 2017 WL 467092, at *2 (granting motion to exclude expert testimony from treating physician for whom no disclosures had been made).

III. __CONCLUSION__

For the reasons set forth above, this Court should preclude Dr. Bui from presenting expert testimony on any matter, including but not limited to testimony about what would have resulted if Mrs. Orr had received earlier treatment.

Dated: May 31, 2017

Respectfully submitted,

/s/ Leonard A. Davis
Leonard A. Davis, Esq. (Bar No. 14190)
*HERMAN, HERMAN & KATZ, LLC*
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
*GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC*
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Russell T. Abney
2100 RiverEdge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Michael Goetz
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: (813) 221-6581
Fax: (813) 222-4737
Email: MGoetz@ForThePeople.com

Neil D. Overholtz
17 E. Main Street , Suite 200
Pensacola, Florida 32501
Phone: (850) 916-7450
Fax: (850) 916-7449
Email: noverholtz@awkolaw.com

Bradley D. Honnold
11150 Overbrook Rd., Ste. 250
Leawood, KS 66211
Phone: (913) 451-3433
Email: bhonnold@gohonlaw.com

Frederick Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Jeffrey S. Grand
77 Water Street
New York, NY  10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: jgrand@seegerweiss.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

Dianne M. Nast
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Phone: (215) 923-9300
Email: dnast@nastlaw.com

Ellen Relkin
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 344-5461
Email: Erelkin@weitzlux.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2017 a copy of the above and foregoing Plaintiffs'

Motion to Preclude Testimony from Dr. Cuong Bui, has contemporaneously with or before filing

been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule

5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of

electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-

Trial Order No. 17.

*/s/ Gerald E. Meunier*
**Gerald E. Meunier**