UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

**DEFENDANTS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO PRECLUDE EXPERT TESTIMONY FROM DR. CUONG BUI**

Defendants oppose Plaintiffs' Motion to Preclude Expert Testimony from Dr. Cuong Bui (Doc. 6678). Dr. Cuong Bui is the neurosurgeon who treated Sharyn Orr when she presented to the emergency room at Ochsner Baptist Hospital on April 24 and 25, 2015.

In their opening statement, Plaintiffs highlighted Dr. Bui's treatment in connection with their argument that earlier surgical intervention would have made a difference to Mrs. Orr's outcome:

> Dr. Bui thought all he could do was wait because he didn't know that Ms. Orr's normal PT test meant he could immediately go back to surgery. He didn't know because Bayer and Janssen didn't tell him the truth. They told him he had to wait 24 hours from her last use of the drug and that Sharyn's normal PT test result was meaningless and he didn't need to consider it when deciding whether or not to go back to surgery.
>
> If Dr. Bui had been told the truth, he could have immediately gone to surgery and saved her life.

Ex. A, May 30, 2017 Trial Tr. 121:18–122:1. Now, having raised Dr. Bui's treatment of Mrs. Orr as central to their so-called "lost chance" theory of damages—which Plaintiffs sought leave to add in March 2017, mere months ago—Plaintiffs seek to preclude Defendants from eliciting his testimony on this very issue. But this Court's order on *ex parte* communications with treating

physicians prohibited Defendants from contacting treating physicians like Dr. Bui. *See* PTO 28 ¶ 2 (explaining that "Defendants' counsel will not engage in *ex parte* communications with any MDL Plaintiff's prescribing or treating physicians").[1]

The Court should deny Plaintiffs' motion for three reasons. ***First***, Plaintiffs opened the door to this testimony by virtue of their opening statement. ***Second***, Plaintiffs are not prejudiced by any such testimony from Dr. Bui—they have been on notice of Dr. Bui's opinions since his deposition was taken last year, they met with Dr. Bui *ex parte* just three weeks ago, and last week, Plaintiffs designated testimony from Dr. Bui's deposition where he offered opinions on the same topics that they now assert should be excluded. ***Third***, and in any event, Defendants properly disclosed—based on the theories and claims alleged at the time Rule 26 disclosures were due—that treating physicians (who Defendants are barred from contacting *ex parte*) may be called to testify at trial, based on the testimony provided in their depositions.

## ARGUMENT

**I.    Plaintiffs' opening statement invited Dr. Bui's opinion testimony.**

Plaintiffs sought to amend their complaint in March 2017—well after expert disclosures were due—to assert that they were pursuing a claim and/or damages for lost chance of survival. This Court denied Plaintiffs' Motion for Leave to Amend to add such a claim on May 12, 2017, but left open the question as to whether those damages would be recoverable at trial.

In Plaintiffs' opening statements, Plaintiffs' counsel attempted to resurrect their lost chance of survival theory, and tied it to Dr. Bui by claiming that "all he could do was wait" and "[i]f Dr.

---

[1] Notably, all of the cases which Plaintiffs cited regarding the opinions of treating physicians involved those plaintiffs' own treating physicians offering opinion testimony on behalf of the plaintiff—on whom no such bar on *ex parte* contact exists in this case.

Bui had been told the truth, he could have immediately gone to surgery and saved her life." Ex. A, 121:18–122:1.

These arguments that a delay in surgery caused Mrs. Orr's harm clearly open the door to Dr. Bui's opinions regarding whether earlier surgical intervention would have made a difference to Mrs. Orr's outcome based on her poor prognosis when she presented to the Ochsner Hospital. *Cf. United States v. Mireles*, 442 F. App'x 988, 995 (5th Cir. 2011) ("It is widely recognized that a party who raises a subject in an opening statement 'opens the door' to admission of evidence on that same subject by the opposing party." (quoting *United States v. Chavez*, 229 F.3d 946, 952 (10th Cir. 2000))). Further, the very cases that Plaintiffs' counsel cite in their briefs make clear that "a treating physician may offer testimony as a non-retained expert if the testimony is confined to those facts or data **that the physician learned during actual treatment of the plaintiff**." *Hooks v. Nationwide Hous. Sys. LLC*, No. CV 15-759, 2016 WL 3667134, at *3 (E.D. La. July 11, 2016); *Stone v. United States*, No. CV 15-382, 2017 WL 1927719, at *2 (E.D. La. May 9, 2017). Here, the opinions of Dr. Bui are based on the four corners of his care and treatment of Mrs. Orr and are therefore clearly relevant and admissible.

**II.     Plaintiffs are not prejudiced by the introduction of Dr. Bui's testimony.**

In any event, Plaintiffs cannot demonstrate, as they must, prejudice from the introduction of Dr. Bui's testimony. This Court has held that "expert testimony is not to be excluded if there is no prejudice to the opposing party." *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 813 (E.D. La. 2011) (Fallon, J.). The Fifth Circuit has likewise confirmed that "the basic purpose of [Rule 26 is to] prevent[] prejudice and surprise." *Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013) (alterations in original). Following this same rationale, courts have declined to exclude evidence when exclusion does not further those goals. *See, e.g., BASF Corp.*

*v. Man Diesel & Turbo N. Am., Inc.*, No. 13-42-JWD-RLB, 2016 WL 590465, at *2 (M.D. La. Feb. 11, 2016).  Plaintiffs cannot show prejudice here.

The testimony that Plaintiffs contend may cause prejudice, and that they seek to exclude, was given by Dr. Bui during his deposition taken on July 7, 2016, after extensive examination by Plaintiffs' counsel.  Plaintiffs' counsel met with Dr. Bui *ex parte* on multiple occasions in advance of the deposition and questioned him at length about his care and treatment of Mrs. Orr, her prognosis, and Dr. Bui's opinions that it is uncertain whether Mrs. Orr's outcome would have been different if surgery had been performed earlier.  Ex. B (Deposition of Cuong Bui, M.D. (July 7, 2016) at 42:25-46:3).  Dr. Bui testified that at the time that Mrs. Orr presented at Oschner her prognosis and condition were poor due to her hemorrhage.  *Id.* at 103:12-15 ("Q. Mrs. Orr's prognosis when she came in with a large right intraventricular hemorrhage was poor from the beginning; is that correct? A. Yes, that's correct. "); 119:12-15 ("Q.  So by the time Mrs. Orr got to the hospital and got to neurosurgery, she had a poor prognosis - -  A. Yes.").

Plaintiffs have been on notice of Dr. Bui's testimony for more than ten months and previously filed a Motion to Present Testimony of Dr. Cuong Bui by Prior Videotaped Deposition (Doc. 6648), which was later withdrawn.  At the same time, Plaintiffs served deposition designations on May 25, 2017, designating testimony from Dr. Bui elicited during questioning from Plaintiffs' counsel on the same topics that they now seek to exclude, including Dr. Bui's testimony that "long-term outcome after such a massive hemorrhage, that's uncertain."  Ex. C (Pl. Dep. Desig., Bui PA on 5-25-17, lines 23:16-24:4).  Based on topics covered by Plaintiffs' counsel during the deposition, Dr. Bui further clarified that:

> Q.  Doctor, when Mr. Abney, plaintiffs' counsel, was asking you some questions, I think that you referred to Mrs. Orr's bleed at the time she came to the Ochsner ER as a massive bleed; is that correct?

> A. Yes.
>
> …
>
> Q. And you also said that it was uncertain whether any different procedure at any time would have made any difference in her outcome; is that correct?
>
> …
>
> A. Yes, sir. I said that I think that I'm uncertain that any intervention would have made a long-term difference neurologically, yes –

Ex. B at 37:15–38:10.

Dr. Bui explained that "when I talked about outcome, I was talking about whether it would have made any difference in her neurologic outcome in terms of whether she'd have been a, quote/unquote, vegetable or in a persistent coma for a very long time versus death." *Id.* at 39:2-10.

Because Plaintiffs' counsel questioned Dr. Bui at length during his deposition regarding Mrs. Orr's prognosis, they cannot now claim that this and other testimony is a surprise. The Middle District's decision in *BASF Corporation* is instructive. There, the Court found a party's failure to strictly comply with the Rule 26(a)(2)(C) disclosure requirements to be harmless, noting that (1) the testimony was "unquestionably important" to its offeror; (2) the opposing party had previously had time to rebut the testimony; and (3) the explanation that the testimony was for "rebuttal" was not unreasonable. 2016 WL 590465, at *2. The court explained that the opposing party had previously had ample time to depose the witness or otherwise rebut the testimony given. *Id.*

So too here. There is no prejudice to Plaintiffs because they have been on notice of Dr. Bui's opinions for more than ten months and have, in fact, met with Dr. Bui and had more than ample opportunity to prepare their case for trial since that time. Further, the four-factor test Plaintiffs cite on page four of their brief weighs in favor of allowing Dr. Bui's testimony: (1) as explained below, Defendants disclosed treating physicians in their Rule 26 expert disclosures; (2)

Dr. Bui's testimony about outcome with earlier intervention is "unquestionably important," as her treating neurosurgeon who actually made the decision about when to place the drains, as noted in Plaintiffs' own opening statements (*see* part I, *supra*); (3) and there is no element of prejudice or "surprise," as evidenced by the fact that: (a) Plaintiffs' had *ex parte* contact with Dr. Bui yet again on May 17, 2017, just three weeks ago (*See* Ex. D, Plaintiffs' Disclosure of Ex Parte Communications with Dr. Bui, noting a 30-40 minute meeting with Dr. Bui); and (b) they identify twice in their brief Dr. Bui's opinions on outcome which they wish to exclude.  Moreover, Plaintiffs' claim that "they would have no time to prepare to counteract such testimony" is without merit, as Plaintiffs specifically referenced their own neurosurgeon expert's opinion on earlier intervention and survival during opening statements.  (*See* Ex. A at 132:24–133:8).  Plaintiffs will not be prejudiced by the introduction of Dr. Bui's testimony.

**III.    In any event, Defendants complied with the Rule 26 disclosure requirements.**

Finally, Defendants complied with Rule 26 as to Dr. Bui's opinions.  Defendants' expert disclosures, which were served on Plaintiffs' counsel on November 15, 2016, stated as follows:

> **TREATING PHYSICIANS**
>
> Out of an abundance of caution, Janssen reserves the right to call Plaintiffs' treating physicians who have been deposed in this litigation pursuant to Fed. R. Civ. P. 26(A)(2)(C). The treating physicians may offer a mixture of fact and opinion testimony expressed in their depositions and consistent with their knowledge, experience, and expertise.

Ex. E, Janssen's Disclosure of Expert Witnesses.

> **TREATING PHYSICIANS**
>
> Out of an abundance of caution, Bayer reserves the right to call Plaintiffs' treating physicians who have been deposed in this litigation pursuant to Fed. R. Civ. P. 26(A)(2)(C). The treating physicians may offer a mixture of fact and opinion testimony expressed in their depositions and consistent with their knowledge, experience, and expertise.

Ex. F, Bayer's Disclosure of Expert Witnesses.

Defendants' disclosures are sufficient to satisfy non-retained expert notice requirements, particularly in light of the restrictions on defense counsel from contacting treating physicians *ex parte* to discuss those opinions. *See* PTO 28, ¶ 2. It was Plaintiffs' counsel—not defense counsel—who had multiple *ex parte* discussions with Dr. Bui in advance of his deposition, where Dr. Bui provided the relevant testimony, and in advance of trial. And, as explained above, Dr. Bui testified in his deposition as to his opinions regarding Mrs. Orr's prognosis. Rule 26 is therefore satisfied. *See DiSalvatore v. Foretravel, Inc.*, No. 9:14-CV-00150, 2016 WL 7742824, at *9 (E.D. Tex. July 20, 2016) (explaining that the opposing party could not "legitimately argue prejudice or surprise related to the non-retained experts given the history of this case" and concluding that the "non-retained experts satisfy the liberal disclosure standard of Rule 26(a)(2)(C)").

## CONCLUSION

For these reasons, Plaintiffs' Motion should be denied.

Respectfully Submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com
NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *David E. Dukes*

Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., and Janssen Research & Development, LLC*

David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

        CHAFFE MCCALL L.L.P.
        By: /s/ *John F. Olinde*
        John F. Olinde
        CHAFFE MCCALL L.L.P.
        1100 Poydras Street, Suite 2300
        New Orleans, LA 70163
        Telephone: (504) 585-7241
        olinde@chaffe.com

        *Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 1, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

        */s/ James B. Irwin*
        **James B. Irwin**