UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| *Joseph Orr, et al. v. Janssen et al.* Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO EXCLUDE IRRELEVANT AND PREJUDICIAL OPINIONS OF DR. PETER LIECHTY BASED ON ALLEGED DESIGN-DEFECT
<u>CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE</u>**

**INTRODUCTION**

Defendants hereby move to preclude Plaintiffs' expert, Dr. Peter G. Liechty, M.D., from rendering causation opinions about design-defect theories of liability that have been dismissed with prejudice. *See* Doc. 6601 ("the only Louisiana Product Liability Act (LPLA) cause of action asserted and reserved by the Plaintiffs. . . is unreasonably dangerous because of inadequate warnings, pursuant to La. Rev. Stat. Ann. § 2800.57. All other causes of action under the LPLA are dismissed with prejudice.").

In particular, Dr. Liechty seeks to tell the jury (1) if a reversal agent had been used, or (2) if Mrs. Orr had been using an anticoagulant that could be readily reversed (namely, warfarin), then Mrs. Orr's chance of survival would have been increased. These opinions go solely to Xarelto's design—indeed, a warning Xarelto's lack of a reversal agent features prominently in Xarelto's label, and has been in the label from the initial approval. *See* USPI § 5.2 ("A specific antidote for rivaroxaban is not available."); *see also* Pls.' Opp. to Defs.' Dosing & Monitoring Preemption MSJ (Doc. 5531), at 3 ("Plaintiffs also claim that the failure to design a reversal agent renders the drug unreasonably dangerous as well."). And, particularly, they go to whether

1

an alternative design would have prevented Mrs. Orr's injuries.  In light of Plaintiffs' dismissal of their design-defect claim (Doc. 6601), these opinions about the ability to reverse Mrs. Orr's anticoagulation—and what result Dr. Liechty thinks would have ensued—are irrelevant to this case.

In his expert report, Dr. Liechty offers the following opinions that relate to Plaintiffs' lack-of-reversal theory:

- "It is also important to emphasize how the treatment plan for Mrs. Orr would have been significantly different had she presented with an intraventricular hemorrhage while taking warfarin." (Exhibit A, Liechty Report at 11);

- "[I]t is my opinion to a reasonable degree of medical certainty that if Mrs. Orr had presented with an IVH while on warfarin, then EVD placement like that performed by Dr. Bui would have been accomplished at least twelve hours sooner.  Such earlier treatment most probably would have saved Mrs. Orr's life." (Liechty Report at 11);

- "If Mrs. Orr had developed a similar IVH on warfarin, INR testing and INR normalization would have been undertaken and surgical intervention would have proceeded much earlier on April 25, 2015." (Liechty Report at 12);

- "If Mrs. Orr had experienced a similar IVH while on Warfarin, earlier surgical intervention could have been accomplished and would have most probably saved Mrs. Orr's life." (Liechty Report at 13);

- "[I]f a reversal agent was readily available, a reasonable surgeon like Dr. Bui would have ordered it was well." (Liechty Report at 8).

None of these opinions are relevant to the remaining failure-to-warn claim that the Xarelto label failed to instruct Dr. Cuong Bui to use a Prothombin Time ("PT") test to evaluate whether Mrs. Orr had recently taken Xarelto so that he could have performed surgery sooner. Allowing Plaintiffs to introduce causation opinions on dismissed design-defect theories would be highly prejudicial and misleading and would cause substantial juror confusion.

That's what makes these proposed opinions different from the generic opinions that the Court allowed from Dr. Frank Smart, over Defendants' objection, about Xarelto's dose and

dosing regimen as evidence of Xarelto's "characteristics." Dr. Liechty's design-defect opinions go far beyond generic proof of Xarelto's "characteristics"—they are specific opinions about whether a differently designed product *would have changed* Mrs. Orr's prognosis. These opinions go not just to—as Dr. Smart's dosing opinions did—an alternative design, but to *causation* on a design-defect claim. They are offered to address the elements and merits of a design-defect claim that has been dismissed. That is a bridge too far. The only purpose for such evidence is to inflame and confuse the jury. No jury instruction or verdict form could cure the significant prejudice that would result if this "design causation" evidence is admitted.

For these and the reasons set forth below, Defendants' Motion should be granted.

## ARGUMENT

**A.     Under Rules 401 and 402, this Court should exclude as irrelevant Dr. Liechty's design-defect opinions.**

Because Plaintiffs dismissed their design defect claims with prejudice (Doc. 6601), the question now is whether Dr. Liechty's design-defect causation opinions are relevant to Plaintiffs' failure-to-warn claim. They clearly are not. To prove a failure to warn claim involving a prescription medicine, a plaintiff must prove: (1) that the defendant failed to warn the physician of a risk associated with the use of the product that was not otherwise known to the physician, and (2) that the failure to warn the physician was both a cause-in-fact and the proximate cause of the plaintiff's injury. *See Stahl v. Novartix Pharma. Corp.*, 283 F.3d 254, 265-66 (5th Cir. 2002); *Willet v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098 (5th Cir. 1991).

The only failure-to-warn claim asserted here is that Xarelto's label should have instructed physicians to use a PT test that would have allowed them to determine if Mrs. Orr had recently used Xarelto, which allegedly would have informed a decision about when to perform surgery. Although under Plaintiffs' *design* theory, there may be some relevance to opinions about the

3

potential effect of a reversal agent or Mrs. Orr's hypothetical use of an anticoagulant that is able to be readily reversed, those opinions plainly are *not* relevant to Plaintiffs' currently articulated failure-to-instruct, PT theory.

**B.   Under Rule 403, the Court should exclude Dr. Liechty's irrelevant design-defect opinions.**

"'Unfair prejudice' [under Rule 403] means an undue tendency to suggest a decision on an improper basis, commonly, though not necessary, an emotional one." *United States v. Cook* 557 F.2d 1149, 1154 (5th Cir. 1977) (citing to Fed. R. Evid. 403 advisory committee's notes); *see also Saacks v. Privilege Underwriters Reciprocal Exch.*, No. 16-1149, 2017 U.S. Dist. LEXIS 14531, at * 15 (E.D. La. Feb. 2, 2017) (Fallon, J.).

It is well-established that a trial court should exclude evidence which has a tendency to distract the jury from its main inquiry or confuse the issue. *See, e.g., Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1139 n. 11 (5th Cir. 1983) (noting that where evidence, "though some relevance, may lead to confusing and time-consuming disputes with respect to collateral issues the trial judge may properly reject or limit it under Rule 403") (internal quotation and citation omitted).

As has been demonstrated throughout this case, Plaintiffs' design-defect and failure-to-warn theories have constantly evolved. In response to Defendants' Motions for Partial Summary Judgment, Plaintiffs substantially narrowed their claims and later dismissed all of their design-defect claims with prejudice (Doc. 6601). As this Court is aware, Plaintiffs also disclaimed that they were pursuing a "black box" warning claim, yet offered at trial the opinion testimony of Dr. Smart that Xarelto should have included a black box warning, which the Court later instructed the jury not to consider. *Orr* Trial Tr. at 511:14–518:15, [LIMITING INSTRUCTION].

So too here. Plaintiffs previously disclaimed the liability theories that are the subject of Dr. Liechty's design causation opinions related to the ability to reverse Xarelto's anticoagulation

4

effect. Those opinions are irrelevant to a failure to warn. Presenting this collateral and irrelevant evidence to the jury in order to portray Defendants in an unfavorable light would be highly prejudicial and misleading, and the Court should exclude Dr. Liechty's design-defect causation opinions.

## CONCLUSION

For the foregoing reasons, Defendants' Motion should be granted.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com


*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th of June, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system and a copy of the proposed documents to be placed under seal sent to Plaintiffs' Liaison Counsel by email transmission.

*/s/ James B. Irwin*