UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Joseph Orr, Jr., et al. v. Janssen et al.* *Case No. 2:15-cv-03708* | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
JOINT MOTION TO EXCLUDE ALLEGED DESIGN DEFECT OPINIONS OF
DR. LIECHTY**

---

**I.   INTRODUCTION**

Defendants move to exclude Dr. Leichty's testimony of Xarelto's drug profile based on their unremitting theory that such claims are "abandoned" so that discussion of a reversal agent is a "bridge too far" from Plaintiffs' failure to warn claims pending before this Court. (Rec. Doc. 6706). Defendants are mistaken. Far from being abandoned, Plaintiffs have continually alleged that the absence of a reversal agent heightens the need for manufacturers to instruct physicians with special care because without such agent there is no other means to avoid or ameliorate a patient's bleeding injury. Notwithstanding Defendants' motion, Defendants have already opened the door for Dr. Leichty to testify about reversal agents through cross-examination of Plaintiffs' treating neurosurgeon, Dr. Bui, on the very topic. As detailed further below, Dr. Liechty's testimony is relevant and necessary to Plaintiffs' failure to warn claims, and Defendants' motion should be denied.

**II.     ARGUMENT**

The Louisiana Products Liability Act ("LPLA") necessitates an analysis that the product possessed an unreasonably dangerous characteristic to determine the manufacturer's reasonableness in warning of such characteristic. La. Rev. Stat. Ann. § 9:2800.57. Dr. Liechty's opinions are directly related to the ***unreasonably dangerous characteristics*** of Xarelto. Dr. Liechty specifically opined the need for heightened warnings in his report: "[i]n my experience and opinion, the lack of an identified laboratory test to measure anticoagulation status and reversal agent represents a significant hazard and danger with Xarelto use, particularly in patients like Sharon Orr." (Ex. A, Liechty Report at pg. 8). Now, through this last ditch attempt to limit the opinions of Plaintiffs' retained expert witness, Defendants assert several unpersuasive claims to limit these clearly relevant opinions.

**A.     A product's characteristic evidence is relevant in failure to warn claims**

In order to be relevant, evidence must pertain to a fact that "is of consequence in determining the action." *See* Fed. R. Evid. 401. *Dunmiles v. Jubilee Towing, LLC*, No. CV 16-14325, 2017 WL 1212091, at 1 (E.D. La. Apr. 3, 2017). The standard of relevance in an evidentiary context is not a steep or a difficult one to satisfy. *Gobert v. Atl. Sounding*, No. CV 15-650, 2017 WL 479215, at 2 (E.D. La. Feb. 6, 2017). The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Here, Defendants assert that Plaintiffs are precluded from admitting evidence of Xarelto's design characteristics because Plaintiffs have "abandoned" their design defect claims. Defendants fail, *once again*, to understand Plaintiffs' failure to warn claim and that Dr. Liechty's

opinions fit squarely within them. In denying Defendants' motion for partial summary judgment on the grounds of preemption, this Court correctly summarized Plaintiffs' claims as follows:

> Xarelto markets itself as a one-size-fits-all anticoagulant. Patients take one 20-milligram dose of Xarelto once a day and do not need to undergo routine monitoring. Plaintiffs contend that, because each person processes and metabolizes Xarelto at a highly-individualized rate, each patient's reaction to the drug is decidedly variable, causing some patients to experience major bleeding events. Plaintiffs acknowledge that the Food and Drug Administration (the "FDA") approved Xarelto's dosing and monitoring scheme. However, they claim that, given the high inter-patient variability, Xarelto is unreasonably dangerous in design because (1) Defendants should have designed, but failed to design, a Xarelto-specific Anti-Factor Xa assay so doctors could monitor Xarelto's anticoagulation effect on each patient and could, along with the patient, weigh the risks and determine whether to continue taking Xarelto; (2) because Defendants have not designed and marketed an antidote to counteract a major bleeding event; and (3) in the absence of a Xarelto-specific Anti-Factor Xa assay, Xarelto's label should have warned doctors about the availability of the Neoplastin PT test to measure patient's anticoagulation. Because Defendants did not take any of the above three actions, Plaintiffs claim Xarelto is unreasonably dangerous under the LPLA.[2]

The design of Xarelto is inextricably intertwined with its warning because the absence of a reversal agent significantly affects the risk profile of this drug and thus intensifies the need to instruct physicians of the need to test their patients with Neoplastin PT. The testimony that Dr. Liechty intends to offer at trial, including that Xarelto's lack of a reversal agent, which exposes a broad spectrum of patients, particularly those with advancing age and declining renal function, to excessive bleeding risk, is just one piece of the overall evidence that Plaintiffs will proffer in their failure to warn case.

### B. Defendants opened the door for Dr. Leichty to testify about reversal agents

Defendants assert that the jury will be unfairly prejudiced by testimony from Dr. Liechty regarding the lack of a reversal agent. Rather than provide an example of potential juror prejudice, Defendants cite to Dr. Smart's isolated "black-box warning" testimony. Such a paltry

---

[2] Doc No. 6196.

showing by Defendants fails to meet the standard required to preclude expert testimony under the Federal Rules of Evidence. Indeed, Defendants opened the door to such testimony from Dr. Liechty.

Defendants have repeatedly stated that Mrs. Orr's outcome would have been the same if she had been on warfarin. Indeed, during their cross-examination of Plaintiffs' treating physician Dr. Bui, Defendants specifically asked:

- "But insofar as Mrs. Orr's condition is concerned, you can't say that her event or its outcome would have been any different had she been on warfarin; is that correct?" (Exhibit B, Tr. at 816:14 to 816:16) (Cross-examination of Dr. Bui)

- "So a reversal agent is a helpful thing to have for you in a setting like this, but when we're talking about Mrs. Orr and when we talk about her and the size of her bleed and its location, you cannot state that a reversal agent for her, had she been on warfarin, would have made any difference; is that correct?" (Tr. at 816:18 to 816:23).[3]

By asking Dr. Bui questions about Ms. Orr's chances had a reversal agent been available, Defendants opened the door to testimony addressing this very same question from Dr. Liechty. Because Defendants did not like Dr. Bui's answer—namely, that Dr. Bui would have given Mrs. Orr a reversal agent had she been on warfarin and offered the family the option of EVDs earlier—Defendants now seek to prevent Dr. Liechty from answering essentially the same question they asked of Dr. Bui.

---

[3] "In response, Dr. Bui stated: I don't know, because if she was on warfarin, I would have given her a reversal agent, and we likely would have had a compensation [sic] for intervention invasive earlier." (Tr. at 816:24-817:3).

4

### III. **CONCLUSION**

For the reasons set forth above, Defendants' motion should be denied.

Dated:  June 5, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

*/s/ Gerald E. Meunier*
Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:  gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 5, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Gerald E. Meunier*
**GERALD E. MEUNIER**