UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION L |
| This Document relates to: Kathy Cobb, as Surviving Heir of Doris Smith, Deceased v. Janssen Research & Development, LLC E.D. La. No. 2:17-cv-01017 | JUDGE ELDON E. FALLON |
| | MAG. JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DEEM PRIOR SERVICE VALID OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER PHARMA AG**

Plaintiff submits this memorandum in support of her motion for an Order from this Court deeming prior service on Bayer Pharma AG valid, or in the alternative to provide Plaintiff an additional thirty (30) days within which to serve process on Defendant Bayer Pharma AG through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A, and 10B.

**BACKGROUND**

On March 24, 2015, this Court entered PTO 10, which created an informal streamlined service on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG. PTO 10 allowed Plaintiffs to informally serve a complaint with a Summons on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG within 60 days from docketing of Complaint in this MDL.

Plaintiff's Complaint was filed in In Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL. No. 2592 on February 3, 2017. The Summonses for the individual Defendants were issued on February 13, 2017.

Service of Process to Defendant Bayer Pharma AG was attempted on March 24, 2017 by registered mail, return receipt requested, as required by PTO 10 for the above-captioned matter.

In keeping with other cases filed by Plaintiff's Counsel, she believed that service of Plaintiffs' Complaints had been perfected through the streamlined process as ordered by PTO Nos. 10, 10A, and 10B.

Pursuant to CMO 1, on March 4, 2017, a Plaintiff Fact Sheet and authorizations were submitted via MDL Centrality.

On April 5, 2017, Plaintiff received correspondence from counsel for Defendant Bayer Pharma AG acknowledging receipt of the attempted service and advising that Plaintiff had not sent notice of service to the designated email address, contemporaneously or at any other time in compliance with PTO Nos. 10, 10A, and 10B. Defendant Bayer Pharma AG rejected attempted service and agreed to accept service without regard to the 60-day period if the corrected service is post-marked within 10 days of the date of the April 5, 2017 letter.

This was the first notice that Plaintiff's counsel received regarding any issues with the service of the Complaint and Plaintiff and her counsel became aware of the clerical omission that caused the attempted service to not comply with PTO 10.

Service of Process to Defendant Bayer Pharma AG was then attempted on April 18, 2017 by registered mail, return receipt requested, with the contemporaneous e-mail notification as required by PTO 10..

On May 3, 2017, Plaintiff received correspondence from counsel for Defendant Bayer Pharma AG acknowledging receipt of the attempted service and stated that Plaintiff did not send notice of service within 10 days of previous letter and rejected service because it was untimely.

## **LAW AND ANALYSIS**

Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert the defendants that they have a limited time in which to respond. If a defendant is not served within 120 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Plaintiffs have every intention of pursuing their claims against Defendants; it was through an inadvertent clerical omission of the required email sent contemporaneously with the mailed summons that service was not perfected within the confines of PTO Nos. 10, 10A, and 10B.

Under Fed. R. Civ. P. 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m).

The Court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. See *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2nd 880 (1996)). Once more, if plaintiff can establish good cause for failing to serve defendant, that court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P 4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Fed. R. Civ. P. 4(m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff and

pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chicago*., 646 F. 3d 1001, 1007 (7th Cir. 2011) (citing *Panaras v. Liquid Carbonic Indus. Corp*., 94 F.3d 338, 341 (7th Cir. 1996) (additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas*, 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

Here, the Plaintiff has every intention of pursuing her claims and has demonstrated such to the Defendants, including Bayer Pharma AG. Plaintiff has not acted in bad faith. Plaintiff's attempted service pursuant to PTO Nos. 10, 10A, 10B and 11 was untimely solely due to a clerical omission.

In addition, Plaintiff has demonstrated her intention to pursue this action by the timely filing of her Plaintiff Fact Sheet, on March 4, 2017.

Because the MDL involves thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by these Plaintiffs, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein. This Court has granted similar relief to other plaintiffs as the Bayer Defendants have disputed service.

Plaintiff shows that as a matter of law and fact, she was not in "bad faith" in delaying service of her Complaint and Summons. Defendants are fully aware of and are served with thousands of identical complaints and have acknowledged receipt of these Complaints and

Summonses in these matters. To dismiss Plaintiff's claims here would elevate form over substance and deprive Plaintiff of her day in court based on an inadvertent omission.

Plaintiff points out that declaring prior service for Plaintiffs on Bayer Pharma AG valid is appropriate under the circumstances. However, if this Court is unwilling to declare prior service of the Complaint in this matter as valid, Plaintiff respectfully requests an extension of time in the amount of thirty (30) days from the date of an order is entered within which to provide streamlined service of process on Bayer Pharma AG.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an Order from this Court declaring prior service on Bayer Pharma AG in this matter to be effective, or in the alternative, grant thirty (30) days from the date the Order is entered within which to provide streamline service of process on Defendant Bayer Pharma AG. No party herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated: May 31, 2017

Respectfully submitted,
By:  /s/ Aimee Robert
Aimee Robert
Scott Brooks
JOHNSON LAW GROUP
2925 Richmond Avenue
Suite 1700
Houston, TX 77098
Telephone: (713) 626- 9336
*Attorneys for Plaintiff*