DOC. 68, 4/12/99

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HAYWARD J. MITCHELL AND<br>CAROLYN E. MITCHELL | * <br> * <br> * | CIVIL ACTION NO. 98-1898 |
| VERSUS | * <br> * | SECTION "R" |
| ST. PAUL FIRE AND MARINE<br>INSURANCE COMPANY, LOUISIANA<br>MEDICAL MUTUAL INSURANCE<br>COMPANY, TENET HEALTHSYSTEM<br>HOSPITALS, INC., D/B/A<br>NORTHSHORE REGIONAL MEDICAL<br>CENTER, MADAELIL G. THOMAS,<br>M.D., AND JAMES M. HOUSER, M.D. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | MAGISTRATE "2" |

## PLAINTIFFS' REQUESTED JURY INTERROGATORIES

Plaintiffs request that the following interrogatories be propounded to the jury:

1.

Have the plaintiffs proved by a preponderance of the evidence that Dr. Madaelil G. Thomas breached the standard of care and was thereby negligent in connection with his diagnosis, care or treatment of Mr. Hayward J. Mitchell?

Yes  _____

No   _____

Proceed to question #2.

2.

Have the plaintiffs proved by a preponderance of the evidence that Dr. James M. Houser breached the standard of care and was thereby negligent in his diagnosis, care or treatment of

EXHIBIT A

Hayward J. Mitchell?

    Yes _____

    No  _____

    Proceed to question #3.

3.

Have the plaintiffs proved by a preponderance of the evidence that Northshore Regional Medical Center breached the standard of care and was thereby negligent in its diagnosis, care or treatment of Mr. Hayward J. Mitchell?

    Yes _____

    No  _____

If your answers to questions #'s 1, 2 and 3 are "no" have the foreperson sign and date the jury verdict form and return it to the bailiff.

If your answer to questions #'s 1, 2 or 3 was (were) "yes" then proceed to question #4.

4.

Only answer this question if your answer to question #1 was "yes." If your answer to question #1 was "no," proceed to question #5.

Have the plaintiffs proved by a preponderance of the evidence that Dr. Madaelil G. Thomas' negligence was the legal cause of Mr. Mitchell's suffering either a stroke, or a greater severity of injury caused by the stroke, or the loss of a chance of avoiding a stroke or the greater severity of injury caused by

the stroke?

Yes _____

No _____

If your answer to this question is "yes" and your answer to question #'s 2 and 3 were "no," proceed to question #7.

If your answer to this question is "yes" or "no" and your answer to question #'s 2 or 3 was "yes" proceed to question #5.

If your answer to this question is "no" and your answer to question #'s 2 and 3 were "no," have the foreperson sign and date the jury verdict form and return it to the bailiff.

5.

Only answer this question if your answer to question #2 was "yes."

Have the plaintiffs proved by a preponderance of the evidence that Dr. Houser's negligence was the legal cause of Mr. Mitchell's suffering either a stroke, or a greater severity of injury caused by the stroke, or the loss of a chance of avoiding a stroke or the greater severity of injury caused by the stroke?

Yes _____

No _____

If your answer to this question is "yes" and your answer to question #3 was "no" proceed to question #7.

If your answer to this question is "yes" or "no" and your answer to question #3 was "yes" proceed to question #6.

If your answer to this question is "no" and your answer to

question #'s 1 or 4 was "no" and your answer to question #3 was "no," have the foreperson sign and date the jury verdict form and return it to the bailiff.

If your answer to this question is "no" and your answer to questions #'s 1 and 4 were "yes" proceed to question #7.

6.

Only answer this question if your answer to question #3 was "yes."

Have the plaintiffs proved by a preponderance of the evidence that Northshore Regional Medical Center's negligence was the legal cause of Mr. Mitchell's suffering either a stroke, or a greater severity of injury caused by the stroke, or the loss of a chance of avoiding a stroke or the greater severity of injury caused by the stroke?

Yes  _____

No   _____

If your answer to this question is "yes," then proceed to question #7.

If your answer to this question is "no" and your answers to questions #'s 1 or 4 and 2 or 5 were "no," have the foreperson sign and date the jury verdict form and return it to the bailiff.

If your answer to this question is "no" and your answers to questions #'s 1 and 4 or 2 and 5 were "yes" proceed to question #7.

7.

Was Mr. Hayward J. Mitchell negligent?

Yes _____

No _____

If your answer to this question is "yes," proceed to question #8.

If your answer to this question if "no" proceed to question #9.

8.

Was Mr. Hayward J. Mitchell's negligence a legal cause of Mr. Mitchell's suffering either a stroke, or a greater severity of injury caused by the stroke, or the loss of a chance of avoiding a stroke or the greater severity of injury caused by the stroke?

Yes _____

No _____

Proceed to question #9.

9.

Expressed in terms of percentage, to what extent did the fault of each party contribute to Mr. Mitchell's suffering either a stroke, or a greater severity of injury caused by the stroke, or of the loss of a chance of avoiding a stroke or the greater severity of injury caused by the stroke?

(YOUR ANSWER MUST ADD UP TO 100%)

a.  Dr.  Madaelil G. Thomas _____ %

[If your answers to questions #'s 1 and 4 were "yes."]

b.  Dr. James M. Houser                                    _____ %

[If your answers to questions #'s 2 and 5 were "yes."]

c.  Northshore Regional Medical Center                     _____ %

[If your answers to questions #'s 3 and 6 were "yes."]

d.  Mr. Hayward J. Mitchell                                _____ %

[If your answers to questions #'s 7 and 8 were "yes."]

                                              TOTAL:

                                                              100%

Proceed to question #10.


                                10.

Fill in the amounts that will adequately and fairly compensate plaintiffs for their damages, without any reduction for negligence, if any, on the part of Mr. Hayward J. Mitchell.

   a.  The amount Hayward J. Mitchell is due for his loss of a
       chance to avoid the stroke or the greater severity of
       injury caused by the stroke?  $_____

   b.  The amount Hayward J. Mitchell is due for his past and
       future pain and suffering and mental anguish and
       emotional distress?                $_____

   c.  The amount Hayward J. Mitchell is due for his permanent
       impairments and disabilities?      $_____

   d.  The amount Hayward J. Mitchell is due for the past
       medical, hospital and medication expenses he incurred

   before this trial?  $_____

e. The amount Hayward J. Mitchell is due for his future medical expenses and life care? $_____

f. The amount Hayward J. Mitchell is due for his loss of earning capacity as a result of his injury caused by defendants?

            $_____

g. The amount Carolyn E. Mitchell is due for her loss of love, affection, companionship, society and consortium?

            $_____

h. The amount Carolyn E. Mitchell is due for the custodial care she has rendered to Mr. Mitchell?

            $_____

i. The amount Carolyn E. Mitchell is due for the loss of services which Hayward J. Mitchell would have performed for the family household? $_____

Sign and date this form and return to the courtroom.

_____  _____
DATE                   FOREPERSON

         GAINSBURGH, BENJAMIN, DAVID,
         MEUNIER, & WARSHAUER

       BY:_____
         IRVING J. WARSHAUER
         BAR NO. 13252
         2800 Energy Centre

1100 Poydras Street  
New Orleans, LA 70163  
Telephone: (504) 522-2304  
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid, this _____ day of _____ _____, 1999.

_____  
IRVING J. WARSHAUER