UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph J. Boudreaux Jr. et al. v. Janssen et al. Case No. 2:14-cv-02720 | MAGISTRATE NORTH |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO VACATE APRIL 13, 2017 ORDER ON PREEMPTION OF PLAINTIFFS' DESIGN-DEFECT CLAIMS

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., and Janssen Research and Development, LLC (collectively, "Defendants") hereby file this memorandum in support of their motion to vacate the Court's April 13, 2017 Order denying Defendants' motion for partial summary judgment based on federal preemption of Plaintiffs' dosing, monitoring, and other design-related claims (Doc. 6196). In support of this motion, Defendants state as follows:

1. Defendants filed a motion for partial summary judgment arguing that federal law preempts Plaintiffs' design-defect claims in these two cases, *Boudreaux v. Janssen et al.*, No. 2:14-cv-02720, and *Orr v. Janssen et al.*, No. 2:15-cv-03708. *See* Defs.' Dosing, Monitoring and Design Preemption MSJ (Doc. 5109). Plaintiffs opposed the motion and narrowed their liability theories. *See* Pls.' Opp. to Defs.' Dosing, Monitoring and Design Preemption MSJ (Doc. 5652). In that response, Plaintiffs stated that they would pursue two design-defect theories—namely, that Xarelto is defectively designed because, at the time that FDA initially approved Xarelto,

Defendants did not develop or design (a) an antidote/reversal agent or (b) a Xarelto-specific anti-Factor Xa assay that could be used with and/or marketed alongside Xarelto. *See id.* Defendants filed a reply brief explaining that federal law also preempts a design-defect claim premised on either of those theories. *See* Doc. 5678.

2. On April 13, 2017, this Court entered an Order denying Defendants' Motion for Partial Summary Judgment. *See* Order & Reasons (Doc. 6196). As relevant here, the Court addressed Plaintiffs' claim that "Xarelto was unreasonably dangerous because it was defectively designed" and ruled that the design-defect claim was not preempted because it was akin to the so-called "pre-approval" design-defect claim that was held to be not preempted in *Guidry v. Janssen Pharmaceuticals, Inc.*, 206 F. Supp. 3d 1187 (E.D. La. 2016). Doc. 6196, at 2–3, 6–7.

3. Not long thereafter, on April 24, 2017, Plaintiffs in the *Boudreaux* case dismissed with prejudice their design-defect claim. *See* Doc. 6298. On May 24, 2017, Plaintiffs in the *Orr* case dismissed with prejudice their design-defect claim. *See* Doc. 6601. In other words, Plaintiffs' dismissals of their design-defect claims have rendered meaningless the parties' briefing—and the Court's April 13, 2017 Order—on the question whether federal law preempts Plaintiffs' design-defect claims.

4. The Court should vacate its April 13 Order in light of Plaintiffs' decision to dismiss their design-defect claims with prejudice only after obtaining the benefit of the Order. In opposing Defendants' Motion for Partial Summary Judgment, Plaintiffs' counsel represented that they intended to pursue design-defect claims at trial. Once they obtained a legal ruling in their favor— a ruling that plaintiffs in related state-court litigation thereafter immediately touted—Plaintiffs' counsel abruptly reversed course and dismissed those claims with prejudice. *See supra* ¶ 3; *see also* Order And Reasons (Doc. 6640), at 7 ("After a year of discovery, dozens of depositions, and

2

multiple motions, Plaintiffs have narrowed their theory and have entered stipulations saying the same.").

5.      As a result of the dismissals, the Court's April 13 Order has no effect on any issue in these cases. It is now simply an advisory opinion. Nevertheless, plaintiffs in other jurisdictions have already cited the Order against Defendants and will undoubtedly do so in other cases.[1] An advisory order on such an important legal issue should not remain in place—to be cited by these Plaintiffs' counsel or others in similar litigation. That is particularly true since the Order was interlocutory, thus depriving Defendants of any opportunity to obtain review of that Order. And leaving the Order in place could create perverse incentives in future cases—plaintiffs with no intention of pursing certain claims at trial could, with impunity, oppose summary judgment relying on this interlocutory, advisory order, knowing that a loss makes them no worse off, while a win could be used as a sword in other cases.

6.      Because there is no need for the April 13 Order to remain in place *in these cases*—because these Plaintiffs have dismissed their design-defect claims with prejudice—there is no reason why that order should remain in place *at all*.[2] Defendants should be able to litigate similar preemption issues in other cases (where plaintiffs actually pursue design-defect claims) based on a clean slate. *Cf. In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 767 F. Supp. 2d 649, 672 (E.D. La. 2011) (resolving claims in a "consistent and efficient fashion," including by

---

[1] *See* Apr. 13, 2017 Email from M.Weinkowitz to Judge New, notifying the court of the Order for purposes of the consolidated PCCP proceedings (attached as Exh. 1).

[2] In an analogous situation, where a case becomes moot during the pendency of an appeal, federal appellate courts must not only dismiss the appeal, but also vacate the challenged judgment. *See Great W. Sugar Co. v. Nelson*, 442 U.S. 92 (1979) (per curiam); *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950) (explaining that vacatur of the challenged judgment "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance" and is the appropriate way "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences"). Here, the Order is rendered moot because Plaintiffs withdrew their design-defect claims.

"prevent[ing] duplicative and inconsistent rulings" is the "very basis of 28 U.S.C. § 1407" allowing consolidated actions managed by the MDL judge).

7. This Court has authority to vacate its April 13 Order for any reason it deems sufficient, and here there is good reason not to allow these Plaintiffs' counsel or other plaintiffs in related litigation to make use of the Order against Defendants. *See Stoffels ex rel. SBC Tel. Concession Plan v. SBC Communications, Inc.*, 677 F.3d 720, 726-27 (5th Cir. 2012); *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210 (5th Cir. 2010); *Smith v. Brown*, No. CV-15-2784, at *2 (E.D. La. Mar. 23, 2017).

WHEREFORE, Defendants respectfully request that the Court vacate its April 13, 2017 Order denying Defendants' Joint Motion For Partial Summary Judgment On The Ground That Federal Law Preempts Plaintiffs' Dosing, Monitoring, And Other Design-Related Claims (Doc. 6196).

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC
By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

DRINKER BIDDLE & REATH LLP
By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

WILKINSON WALSH + ESKOVITZ LLP
By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com

NELSON MULLINS RILEY & SCARBOROUGH LLP
By: /s/ *David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP
By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP
By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

5

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on the 6th of June, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

              */s/*  *John F. Olinde*