UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Orr v. Bayer Corp., et al.* | * | JUDGE ELDON E. FALLON |
| Case No. 2:15-cv-03708 | * | |
| | * | MAGISTRATE JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' BENCH MEMORANDUM IN SUPPORT OF
THE INCLUSION OF THE "OBJECTIVE" EVIDENCE STANDARD IN
THE SECOND (CAUSATION) PRONG OF THE "LEARNED INTERMEDIARY"
DOCTRINE IN THE JURY INSTRUCTIONS**

**MAY IT PLEASE THE COURT:**

Plaintiffs respectfully submit this bench memorandum in support of the inclusion of jury instructions regarding the use of objective evidence as to the second (causation) prong of the "learned intermediary" doctrine.

A two-pronged test governs the application of the "learned intermediary" doctrine in warnings cases under the LPLA: (1) Plaintiff must show that the Defendant manufacturer failed to communicate to one or more doctors as learned intermediaries, adequate information by way of warnings and instructions about the risks of its drug not otherwise known to the doctor(s); and (2) Plaintiff must show that this failure to warn or instruct was a proximate cause of Plaintiffs' harm. *See* Jury Charge given in *Boudreaux* (R.D. 6393 at pp. 18-22); *Allgood v. GlaxoKline, PLC,* 2008 WL 483574 (2008) [citing the Fifth Circuit decision in *Stahl v. Novartis Pharm Corp.,* 283 F.3d 254 (5th Cir. 2012)]. Based upon pretrial cross-motions for summary judgment, this Court in *Allgood* dismissed an LPLA warnings case for the failure to satisfy the second, causation prong of this proof requirement. There, the Plaintiffs' prescribing doctor had testified

1

in his deposition that stronger or different label warnings would not have altered his decision to prescribe the drug Paxil to Plaintiffs' deceased family member.  The Court, however, noted that this subjective testimony by the actual prescribing doctor need not have been fatal to Plaintiffs' case:

> For better or for worse, cases governed by the learned intermediary doctrine often turn on the testimony of the prescribing physician, and on his or her speculation as to what may have been "done differently" in various hypothetical situations [citation omitted]. And <u>while it would appear that in this Circuit, a Plaintiff may be able to supplement such "subjective" testimony with "objective evidence of how a reasonable physician would have responded to an adequate warning</u>," *Thomas v. Hoffman-LaRoche, Inc.*, 949 F.2d 806, 812 (5th Cir. 1992) [discussing Mississippi law and relying upon *Hermes v. Pfizer, Inc.*, 848 F.2d 66, 69-70 (5th Cir. 1988)], the Plaintiffs have produced no such additional evidence in this case.

*See Allgood,* 2008 WL 483574 at p. 8 n.6.

In the Fifth Circuit *Thomas* case cited by the Court, the personal injury claims of Plaintiffs (brought under Mississippi product liability law) were dismissed by the district judge on a Judgment NOV.  Affirming this result in reference to the causation prong of the learned intermediary doctrine, however, the appellate court made it clear that either "subjective" or "objective" evidence would suffice for purposes of learned intermediary causation:

> To satisfy the burden of establishing warnings causation, a plaintiff may introduce either objective evidence of how a reasonable physician would have responded to an adequate warning, or subjective evidence of how the treating physician would have responded.

*See Thomas, supra*, 949 F.2d at 812 [citations in footnotes omitted].  Indeed, it was the insufficiency of <u>objective</u> evidence which the Fifth Circuit in *Thomas* found dispositive.  After the actual prescriber's own testimony offered no opinion on whether a different warning would have altered his prescription decision, the Plaintiff "….failed to introduce evidence of even a

2

single physician who actually changed his or her practice concerning Accutane based on the release of the seizure information." *See id.* at p. 817. This confirms that a different outcome may have followed in *Thomas* had the Plaintiffs introduced "objective evidence" as to the likely prescribing decisions of reasonable physicians, even where no subjective opinion from the actual prescribing doctor was presented.

Since *Thomas*, the Fifth Circuit also has had occasion to confirm the relevance of "objective" evidence under the learned intermediary doctrine in cases governed by the LPLA. In *Grenier v. Medical Engineering Corp.*, 243 F.3d 200 (5th Cir. 2001), the Court affirmed the summary judgment dismissal of LPLA design and warnings claims brought against the manufacturer of silicone gel breast implants; and, in finding that the district court properly dismissed the inadequate warnings claim, the Court cited with approval the district judge's statement that learned intermediary causation proof may be presented through both subjective and objective evidence of a physician's response to a proper warning. The proof in that case was insufficient precisely because the Plaintiff presented only the testimony of an expert as to what he personally would have done, as opposed to "objective evidence of how a <u>reasonable</u> physician would have responded to an adequate warning." *See Grenier, supra,* 243 F.3d at 208 n.4 [emphasis added].

The rationale for allowing objective evidence of learned intermediary causation is further illustrated in a Louisiana state court decision, even though it addressed the first prong (the adequacy of a label's content) of the learned intermediary test and not the second, causation prong itself. In *Calhoun v. Hoffman-LaRoche, Inc.,* 768 So.2d 57 (La. App. 2000), the Court rejected Plaintiff's argument that an issue of fact had been created as to the adequacy of a drug label warning, solely on the ground that the prescribing physician testified that he was not made

3

personally aware of the risk communicated in the label. The Court observed that Plaintiffs "have not cited us to nor have we found, any jurisprudential support for their contention that the test of whether a warning is adequate is subjective, based solely on the opinion of the prescribing physician." *See Calhoun, supra,* 768 So.2d at 62.

It stands to reason that the causation prong of the learned intermediary doctrine likewise should not be "based solely on the opinion" of the actual prescriber or treater in a given case. The appellate court in *Calhoun* correctly discerned the problem inherent in affording dispositive weight to what is necessarily the subjective opinion of one prescribing doctor offered in retrospect. Such testimony surely is relevant, but it should not be controlling. Rather, the jury must be allowed to consider what a reasonable physician likely would have done in response to adequate warnings or instructions.

As the Court noted in *Allgood*, evidence as to the causation prong of the learned intermediary doctrine is always "speculative" by nature. Indeed, hindsight is called for, which makes this so. The hypothetical presented is whether different treatment would have resulted if a proper, adequate warning had been provided. But, since some speculation and hindsight are embedded in the required proof of the answer to this question, there is all the more reason not to limit jurors to the subjective opinion of the actual learned intermediary. By allowing jurors to consider evidence of what a reasonable physician would have done in the same or similar circumstances, the fact-finding exercise required by learned intermediary causation is better informed; and the ability of a Plaintiff to recover damages for inadequate warnings is not made to rise or fall on one doctor's subjective and retrospective opinion. Such subjective evidence is particularly undeserving of dispositive impact where (1) the opinion of the actual prescriber or treater is unclear or unconvincing to a jury, and/or (2) the prescriber's or treater's subjective

view is contradicted by competent proof/testimony that one or more reasonable physicians would have responded differently under the same circumstances.

     For the foregoing reasons, Plaintiffs respectfully request that the Court's instruction allowing objective evidence in proof of the second (causation) prong of the Learned Intermediary Doctrine be included in the charges to the jury in this matter.

                                                     Respectfully submitted,

Dated: June 6, 2017

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Email: ldavis@hhklawfirm.com

*/s/ Gerald E. Meunier*
Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
Email: gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

## PLAINTIFFS' STEERING COMMITTEE

Andy D. Birchfield, Jr. (Co-Lead Counsel)
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone: (334) 269-2343
Fax: (334) 954-7555
Email: Andy.Birchfield@BeasleyAllen.com

Brian H. Barr (Co-Lead Counsel)
316 Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7045
Fax: (850) 436-6044
Email: bbarr@levinlaw.com

Russell T. Abney
2100 RiverEdge Parkway,
Suite 720
Atlanta, Georgia 30328
Email: rabney@lawyerworks.com

Dr. Mark Alan Hoffman
1650 Market Street, Suite 3450
Philadelphia, PA 19103
Phone: (215) 574-2000
Fax: (215) 574-3080
Email: mhoffman@rossfellercasey.com

Michael Goetz
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Phone: (813) 221-6581
Fax: (813) 222-4737
Email: MGoetz@ForThePeople.com

Neil D. Overholtz
17 E. Main Street , Suite 200
Pensacola, Florida 32501
Phone: (850) 916-7450
Fax: (850) 916-7449
Email: noverholtz@awkolaw.com

Bradley D. Honnold
11150 Overbrook Rd., Ste. 250
Leawood, KS 66211
Phone: (913) 451-3433
Email: bhonnold@gohonlaw.com

Frederick Longer
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215-592-4663
Email: flonger@lfsblaw.com

Jeffrey S. Grand
77 Water Street
New York, NY  10005
Phone: (212) 584-0700
Fax: (212) 584-0799
Email: jgrand@seegerweiss.com

Roger C. Denton
100 S. 4th Street
St. Louis, MO 63102
Phone: (314) 621-6115
Email: rdenton@uselaws.com

Dianne M. Nast
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Phone: (215) 923-9300
Email: dnast@nastlaw.com

Ellen Relkin
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 344-5461
Email: Erelkin@weitzlux.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 6, 2017 a copy of the above and foregoing Plaintiffs' Bench Memorandum in Support of the Inclusion of the "Objective" Evidence Standard in the Second (Causation) Prong of the "Learned Intermediary" Doctrine in the Jury Instructions, has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                                 */s/ Gerald E. Meunier*
                                                                 **Gerald E. Meunier**