UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Joseph J. Boudreaux, Jr. et al.* | * | |
| *V. Janssen et al.* | * | |
| Case No. 2:14-cv-02720 | * | |
| | * | JUDGE ELDON E. FALLON |
| *Joseph Orr, Jr. et al v. Janssen* | * | |
| *Research & Development, LLC,* | * | MAG. JUDGE NORTH |
| *et al. Case No. 2:15-cv-3708* | * | |
| | * | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO VACATE APRIL 13, 2017 ORDER ON PREEMPTION OF PLAINTIFFS'
DESIGN-DEFECT CLAIMS**

### I.  INTRODUCTION

Plaintiffs submit this response in opposition to Defendants' Motion to Vacate April 13, 2017 Order on Preemption of Plaintiffs' Design-Defect Claims [Rec. Doc. 6729]. Therein, Defendants jointly contend that this Court's ruling on Defendants' motion for partial summary judgment based on federal preemption of Plaintiffs' dosing, monitoring, and other design-related claims should be vacated to negate other courts' ability to rely on the reasoning therein. To support their motion, Defendants principally rely upon case law interpreting vacatur of interlocutory orders under Fed.R.Civ.P. 54(b), ignoring altogether the fact that a final judgment has, at the Defendants' insistence, already been entered in the *Boudreaux* matter. Defendants also make ancillary arguments that the Court's ruling is an "advisory opinion," Def. Brf. at 3, even though an actual case or controversy existed at the time of

1

adjudication; and, that they should be entitled to make repetitive filings of duplicative motions in other cases. Since none of these arguments are well founded, the motion should be denied.

## II.     ARGUMENT

The Defendants' motion for partial summary judgment at issue was captioned as relating to the two initial bellwether cases of *Boudreaux* and *Orr*. (Rec. Doc. 5109). In kind, Plaintiffs related their Response in Opposition to those two cases. (Rec. Doc. 5652). Nevertheless, when the Court issued its Order of April 13, 2017 (Rec. Doc. 6196),[1] the Court related its Order to "All Cases." Plaintiffs presume the Court intended its rulings to have MDL-wide effect, and that the Court's order would therefore preclude the need for repetitive, duplicative motion practice in the thousands of other individual cases filed in the MDL consistent with the *Manual for Complex Litigation, Fourth*, §22.315 (2004). Defendants disagree.

Their motion contends that the impact of the Court's ruling is limited to only two cases – *Boudreaux* and *Orr*. They argue this Court has authority to vacate its ruling entirely based upon *Stoffels v. SBC Communications, Inc.*, 677 F.3d 720 (5th Cir. 2012); *Saqui v. Pride Central America, LLC*, 595 F.3d 206 (5th Cir. 2010); and *Smith v. Brown*, Civ. No. 15-2784, 2017 WL 1128496 (E.D. La. Mar. 23, 2017). But these cases are inapposite considering the procedural posture of the *Boudreaux* case. Defendants' authority merely supports the proposition that *interlocutory* orders may be vacated prior to a final judgment.[2] As the Court will recall, Plaintiffs sought to delay the entry of judgment in the

---

[1] The opinion has since become publicly available on the Westlaw database as *In re Xarelto Prod. Liab. Litig.*, MDL No. 2592, 2017 WL 1395312 (E.D. La. Apr. 13, 2017).

[2] *See Stoffes*, 677 F.3d at 726 ("Rule 54 provides district court judges with authority to vacate their own findings. Fed.R.Civ.P. 54(b) ("Any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised *at any time before the entry of a judgment* adjudicating all the claims and all the parties' rights and liabilities.")." (emphasis added)); *Saqui*, 595 F.3d at 210-11 ("when a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.' *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)."); *Smith,* 2017 WL 1128496 at *2 ("Pursuant to

*Boudreaux* matter until the conclusion of the *Orr* case, but the Defendants insisted that entry of judgment should not be delayed. Therefore, a Final Judgment and Amended Final Judgment were entered in *Boudreaux* on May 15, 2017 and May 16, 2017 (Rec. Doc. Nos. 6497 & 6522). Since the April 13, 2017 Order at a minimum applies to both cases, the judgment in *Boudreaux* has terminated this Court's authority under Rule 54(b) to reconsider, rescind or modify its April 13, 2017 Order.[3] As a result, the motivating purpose of avoiding the precedential nature of the Court's ruling which animates the Defendants' motion is negated.[4]

Furthermore, Defendants' argument that the Court's April 13, 2017 Ruling was rendered merely an advisory opinion because the plaintiffs never pursued their design defect claims to verdict is equally incorrect. At all times even to the present, a real, concrete case or controversy has been present in both the *Boudreaux* and *Orr* cases. None of the parties ever sought an advisory opinion. When parties are seeking an advisory opinion, no justiciable case or controversy exists. *See Flast v. Cohen*, 392 U.S. 83, 95 (1968). Under Article III, courts are required to address cases or controversies. That is, a court's judgment "must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." *Preiser v. Newkirk*, 422 U.S. 395, 401(1975) (citation omitted). It is beyond

---

Rule 54, a district court 'possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'").

[3] Presumably, the Court could still vacate the order in the *Orr* case alone, but that would have no impact on the precedential nature of the order as it relates to *Boudreaux*.

[4] Defendants' efforts to castigate Mr. Weinkowitz for simply forwarding rulings of this Court that are available to the public at large on the Westlaw database is itself subject to rebuke. It should be noted that the Pennsylvania litigation regularly coordinates with this MDL litigation.  Indeed, at one point consideration took place as to whether Judge New would attend the same hearing at which Defendants' Preemption motion was argued to address the related *Daubert* motions. For Judge New not to be advised of this Court's rulings on the related matters as Defendants suggest, borders on concealment or suppression, which Plaintiffs refuse to willingly participate in or condone. Furthermore, this Court has a history of coordinating with other jurists on related matters, *e.g.,* working collaboratively with Judges Higbee, Chaney and Wilson in *Vioxx* or Judges Hall and Farina in *Chinese Drywall*.  Even though each jurisdiction may confront a similar issue, the mere fact of this Court's ruling has no bearing on the independence of another jurist reaching the same or contrary ruling based on their applicable jurisprudence. To that end, this Court's opinion (even if vacated) is merely persuasive authority, not controlling, but one which the Defendants must be willing to address, not conceal.

dispute that the April 13, 2017 Order addressed a real and substantial controversy. The mere fact that the plaintiffs thereafter voluntarily did not pursue their design defect claims to verdict does not render their claim moot, and even mootness does not automatically require vacatur. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 24 - 26 (1994). *See also Murphy v. Fort Worth Indep. Sch. Dist.*, 334 F.3d 470, 471 (5th Cir. 2003) ("Vacatur of the lower court's judgment is warranted only where mootness has occurred through happenstance, rather than through voluntary action of the losing party.").

Accordingly, Defendants' request that the ruling be vacated under such tenuous mootness grounds is doubtful. "Vacatur is thus an extraordinary equitable remedy and not an automatic right." *Hall v. State*, Civ. No. 12–00657–BAJ–RLB, 2015 WL 5025268, *3 (M.D. La. Aug. 25, 2015) (Jackson, C.J.)  Further, as Chief Judge Jackson noted in *Hall*: "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur. The possibility that this Court's judgment could influence litigation in the future is not in itself a reason for vacatur, or else the argument would apply to every case that became moot pending appeal and vacatur would not be an extraordinary remedy at all." *Id*. at *4 (citations omitted). *See also Factor King, LLC v. Block Builders, LLC*, 318 F.R.D. 585, 586 (M.D. La. 2016) (Jackson, C.J.) (refusing to vacate prior order despite settlement). This Court's well-reasoned opinion has tremendous public value to the entire legal community.  Under these circumstances, the reasoning of Defendants' motion is flawed, incorrect and not sustainable.

### III. <u>CONCLUSION</u>

For the reasons set forth above, the PSC respectfully requests that this Court deny Defendants' motion.

Dated:  June 7, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

*/s/ Gerald E. Meunier*
Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:  gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 7, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                                  */s/ Gerald E. Meunier*
                                                                  **GERALD E. MEUNIER**