UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Dora Mingo v. Janssen Research & Development, LLC et al. Case No. 2:15-cv-03469 | MAGISTRATE NORTH |

## DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' NON-MPLA CLAIMS

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., and Janssen Research & Development LLC (collectively, "Defendants") move for summary judgment on all claims that fall outside of the Mississippi Products Liability Act ("MPLA"), Miss. Code Ann. § 11-1-63, which provides the exclusive basis for relief in a product-liability case governed by Mississippi law.

## INTRODUCTION

Plaintiff Dora Mingo alleges that she experienced gastrointestinal bleeding as a result of taking Xarelto®. Compl. (Doc. 1) ¶ 10, No. 2:15-cv-03367. She seeks damages and other relief based on seven causes of action: (1) negligence (Count I, *id*. ¶¶ 70–82); (2) strict products liability (Count II, *id*. ¶¶ 83–106); (3) breach of express warranty (Count III, *id*. ¶¶ 107–17); (4) breach of implied warranties (Count IV, *id*. ¶¶ 118–29); (5) fraudulent misrepresentation (Count V, *id*. ¶¶ 130–42); (6) fraudulent concealment (Count VI, *id*. ¶¶ 143–54); and (7) negligent misrepresentation (Count VII, *id*. ¶¶ 155–62). Ms. Mingo contends that Defendants are responsible for their injuries because they were "in the business of and did design, research,

manufacture, test, package, label, advertise, promote, market, sell and distribute Xarelto." *Id.* ¶ 30.

The MPLA is the exclusive remedy for all product-liability claims arising under Mississippi law, and it authorizes only four statutory theories of liability: (1) manufacturing defect; (2) inadequate warnings or instructions; (3) design defect; and (4) breach of express warranty. Miss. Code Ann. § 11-1-63(a)(i)(1)–(4); *see also Elliott v. El Paso Corp.*, 181 So. 3d 263, 269 (Miss. 2015) (holding that the MPLA "is the exclusive remedy" for claims brought against a manufacturer, designer, or seller of a product where the claims are "based on the damages purportedly caused by alleged defects in" the product). Plaintiffs do not expressly plead any claim under the MPLA. Instead, four of Plaintiffs' seven asserted causes of action are premised on other now-displaced common-law theories of liability that are not cognizable under Mississippi law. And two of the asserted causes of action include now-displaced common-law theories interspersed with potential MPLA theories.

The Court should dismiss Plaintiffs' claims for breach of implied warranties (Count IV), fraudulent misrepresentation (Count V), fraudulent concealment (Count VI), and negligent misrepresentation (Count VII) because those claims do not fall under the MPLA's four recognized theories. Moreover, the Court should dismiss the portions of Plaintiffs' claims for negligence (Count I) and strict liability (Count II) that assert theories of liability (for testing, quality control, and distribution) that are entirely outside the MPLA. The only theories that can possibly move forward are the MPLA's four statutory theories of liability.

## LEGAL STANDARD

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).  Summary judgment is proper where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Summary judgment is particularly appropriate to resolve pure questions of law, where the relevant facts are not in genuine dispute.  *See Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tex. Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976).

## ARGUMENT

**I.      The MPLA is the exclusive remedy for product-liability claims under Mississippi law.**

In Mississippi, the MPLA controls "any action for damages caused by a product, including, but not limited to, any action based on a theory of strict liability in tort, negligence or breach of implied warranty, except for commercial damage to the product itself."  Miss. Code Ann. § 11-1-63.  "The manufacturer, designer or seller of [a] product shall not be liable if the claimant does not prove" one of the MPLA's four defined theories.  *Id*. § 11-1-63(a).  The MPLA "is the exclusive remedy" for claims against a manufacturer, designer, or seller that are based on an alleged defect in a product.  *Elliott*, 181 So. 3d at 269; *see Young v. Bristol–Myers Squibb Co.*, No. 4:16-cv-00108-DMB-JMV, 2017 WL 706320, at *3 (N.D. Miss. Feb. 22, 2017) ("Common law claims for damages caused by a product which seek to impose liability outside the MPLA's framework must be dismissed for failure to state a claim."); *Williams v. Manitowoc Cranes*, LLC, No. 1:14-cv-383-HSO-JCG, 2016 WL 7665907, at *2 n.1 (S.D. Miss. Sept. 30, 2016) (explaining that "all

negligence and strict-liability claims are subsumed by the MPLA[,]" which "provides the exclusive remedy for products-liability claims in Mississippi").[1]

Accordingly, Plaintiffs have just four claims: (1) manufacturing defect; (2) inadequate warnings or instructions; (3) design defect; and (4) breach of express warranty. The first three are asserted within Counts I and II, combined with other theories that must be dismissed. The fourth is asserted in Count III.

## II.   The Court should dismiss all of Plaintiffs' non-MPLA claims.

Where a common-law theory "is asserted 'as an independent tort claim outside the scope of the MPLA,' the count must be dismissed for failure to state a claim." *Young*, 2017 WL 706320, at *4 (quoting *Arnoult v. CL Med. SARL*, No. 1:14-cv-271-KS-MTP, 2015 WL 5554301, at *3 (S.D. Miss. Sep. 21, 2015) (dismissing counts for strict liability, negligence, implied warranty, negligent misrepresentation, and fraud); *see Gill v. CL Med. SARL*, No. 2:14-cv-109-KS-MTP, 2015 WL 5521866, at *3 (S.D. Miss. Sept. 18, 2015) (dismissing counts for negligence, implied warranties, fraud, fraudulent concealment, negligent misrepresentation, negligent infliction of emotional distress); *Hill v. Forest Labs., Inc.*, No. 2:06-cv-244-KS-MTP, 2014 WL 2558756, at *2 (S.D. Miss. June 6, 2014) (dismissing counts based on negligence).

Plaintiffs' Counts IV, V, and VI, and VII are asserted as independent torts outside the MPLA and should be dismissed. Moreover, the Court should dismiss the portions of Counts I and II that assert something other than a manufacturing defect, inadequate warnings or instructions, or design-defect claim, which—again—are the only cognizable theories under the MPLA.

---

[1] Although courts once disagreed over whether the MPLA barred independent common-law claims, the Mississippi Legislature put that dispute to rest in 2014 by amending the MPLA to make clear that plaintiffs could not plead around the MPLA by labeling their claims "negligence," "implied warranty," etc. *See* 2014 Miss. Laws ch. 383, § 1 (H.B. 680) (Supp. 2013) (adding that the MPLA's exclusivity provision includes, but is not limited to, "any action based on a theory of strict liability in tort, negligence or breach of implied warranty"); *Cross v. Forest Labs.*, No. 1:05-CV-170-MPM-SAA, 2014 WL 11430933, at *1–3 (N.D. Miss. May 12, 2014).

4

1.      Count IV alleges that Defendants violated various implied warranties.  Compl. ¶¶ 121–22.  The MPLA, however, does not authorize an implied-warranty theory of liability. *Elliott*, 181 So. 3d at 269 n.24 ("[I]n a case involving a product defect, even a claim for breach of an implied warranty would seem to be subsumed by the MPLA.").  Ms. Mingo does not—and cannot—assert an implied-warranty claim under the MPLA.  Consequently, the Court should dismiss the implied-warranty claim.

2.      Counts V (fraudulent misrepresentation), VI (fraudulent concealment), and VII (negligent misrepresentation) all allege that Defendants made fraudulent or negligent misrepresentations (or omitted representations) regarding Xarelto.  Compl. ¶¶ 131, 144–46, 156–57.  Because these alleged representations and omissions are all related to Xarelto's alleged defects, they too must fit within one of the MPLA's four theories of liability.  *See Young*, 2017 WL 706320, at *4 ("In a products liability action, negligent misrepresentation and fraud claims are subsumed by the MPLA unless the claims are 'unrelated to the [product's] alleged defects.'") (quoting *Elliott*, 181 So. 3d at 269) (alteration in original).  Ms. Mingo, however, makes no attempt to fit these theories within the MPLA.  She cannot plead fraud- or misrepresentation-based independent torts outside of the MPLA's four exclusive theories of liability.

3.      The Court also should dismiss the portions of Counts I (negligence) and II (strict liability) that assert independent common-law claims outside the MPLA's scope.  *See Williams*, 2016 WL 7665907, at *2 n.1 (recognizing that "all negligence and strict-liability claims are subsumed by the MPLA").  Counts I and II include allegations of wrongful "testing," "quality control," and "distribution," which are not among the MPLA's four theories of liability.  The Court should dismiss these allegations for not stating a claim for relief recognized under Mississippi law.

4.  All that remains are allegations in Counts I and II (the portions alleging a manufacturing defect, inadequate warnings or instructions, or design defect claim) and Count III (which asserts a claim for breach of express warranty). Although Plaintiffs do not reference the MPLA by name, they presumably intended to plead the only manufacturing defect, inadequate warnings or instructions, design defect, or express warranty cause of action available to them, which arises under the MPLA. Defendants dispute these claims but do not contest that Plaintiffs may theoretically pursue such claims under the MPLA.

## CONCLUSION

For the foregoing reasons, the Court should dismiss all claims that fall outside the MPLA, including Counts IV, V, VI, and VII, and portions of Counts I and II.

Respectfully submitted,

| DRINKER BIDDLE & REATH LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
|---|---|
| By: /s/ *Susan M. Sharko* | By: /s/ *William Hoffman* |
| Susan M. Sharko | William Hoffman |
| Drinker Biddle & Reath LLP | ARNOLD & PORTER KAYE SCHOLER LLP |
| 600 Campus Drive | 601 Massachusetts Ave., NW |
| Florham Park, NJ 07932-1047 | Washington, D.C. 20001 |
| Telephone: (973) 549-7000 | Telephone: (202) 942-5000 |
| susan.sharko@dbr.com | william.hoffman@apks.com |
| Rodney M. Hudson | Andrew K. Solow |
| DRINKER BIDDLE & REATH LLP | Steven Glickstein |
| 50 Fremont Street, 20th Floor | ARNOLD & PORTER KAYE SCHOLER LLP |
| San Francisco, CA 94105-2235 | 250 West 55th Street |
| Telephone: (415) 591-7500 | New York, New York 10019-9710 |
| Rodney.hudson@dbr.com | Telephone: (212) 836-8485 |
| Chanda A. Miller | andrew.solow@apks.com |
| Drinker Biddle & Reath LLP | steven.glickstein@apks.com |
| One Logan Square, Suite 2000 | |
| Philadelphia, PA 19103-6996 | |
| Telephone: (215) 988-2500 | BRADLEY ARANT BOULT CUMMINGS LLP |
| Chanda.Miller@dbr.com | |
| | By: /s/ *Kevin C. Newsom* |
| | Kevin C. Newsom |

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
Chaffe McCall L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on the 7th of June, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

                                             */s/     John F. Olinde*