UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | MDL No. 2592 |
| | : | |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO ALL | : | |
| CASES ON ATTACHED EXHIBIT LIST | : | |
| | : | JUDGE ELDON E. FALLON |
| | : | |
| | : | MAGISTRATE JUDGE NORTH |

**ORDER TO SHOW CAUSE**
**REGARDING PLAINTIFFS WITH ALLEGED**
**CORE PLAINTIFF FACT SHEET DEFICIENCIES**

Plaintiffs on the attached Exhibit A have filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. The same plaintiffs have failed to provide one or more of the following: (1) records demonstrating proof of use of Xarelto®; (2) medical records demonstrating the injury alleged; and/or (3) a signed declaration and, thus, have failed to provide the documentation required by paragraph 4 of Case Management Order No. 1, Pretrial Order No. 31, and Sections I and X of the Plaintiff Fact Sheet.

The most basic elements of any products liability case include the proof of use of the product that allegedly caused the plaintiff's alleged injury, as well as the damage allegedly caused by the use of the product. For example, under the Louisiana Products Liability Act, a plaintiff must establish: "(1) that the defendant is a manufacturer of the product; (2) that the [plaintiff's] damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that the [plaintiff's] damage arose from a reasonably anticipated use of the product by the [plaintiff] or someone else." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260-61 (5th Cir. 2002) (quoting La. Rev. Stat. Ann. § 9:2800.54(A)). Without proof

1

that plaintiff used the product that allegedly caused his or her injury—as well as proof of the alleged injury itself—plaintiff certainly cannot show that any damage was proximately caused by a characteristic of the product and that this damage arose from a reasonably anticipated use of the product. And verification of the information contained in and documents attached to the Plaintiff Fact Sheet is required for plaintiff to proceed with his or her claim. Therefore, any plaintiff who fails to provide (1) records demonstrating proof of use of Xarelto®; (2) medical records demonstrating the injury alleged; and/or (3) a signed declaration cannot maintain a products liability action against the defendants in this case.

Plaintiffs on the attached Exhibit A have failed to provide at least one of the foregoing items as required by paragraph 4 of Case Management Order No. 1, Pretrial Order No. 31, and Sections I and X of the Plaintiff Fact Sheet.  Plaintiffs shall be ordered to show cause on June 28, 2017, before Judge Fallon as to why their case should not be dismissed with prejudice.

Failure to show cause by appearing before this Court at 9:30 am, on June 28, 2017, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of plaintiff's case with prejudice.

Upon entry of the Order to Show Cause, Defendants shall serve a copy of this Order by electronic mail on counsel for plaintiffs on the attached Exhibit A.

New Orleans, Louisiana, on this 7th day of _____June_____ 2017.

_____
United States District Judge