# EXHIBIT 2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  XARELTO (RIVAROXABAN)      *
PRODUCTS LIABILITY LITIGATION      *     Docket No. 14-MD-2592
                                   *
                                   *     Section L
THIS DOCUMENT RELATES TO:          *
                                   *     New Orleans, Louisiana
*Joseph Orr, et al.*               *
*v. Janssen Research &*            *     May 30, 2017
*Development, et. al.*,            *
Case No. 15-CV-3708                *
                                   *
* * * * * * * * * * * * * * * * *

TRANSCRIPT OF JURY TRIAL
BEFORE THE HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE
VOLUME I - AFTERNOON SESSION

<u>Appearances:</u>

For the Plaintiffs:          Levin Papantonio Thomas Mitchell
                               Rafferty & Proctor, P.A.
                             BY:  BRIAN H. BARR, ESQ.
                             316 South Baylen Street, Suite 600
                             Pensacola, Florida   32502

For the Plaintiffs:          Beasley Allen Crow Methvin
                               Portis & Miles, PC
                             BY:  ANDY BIRCHFIELD, ESQ.
                             Post Office Box 4160
                             Montgomery, Alabama 36103

For the Plaintiffs:          Gainsburgh Benjamin David
                               Meunier & Warshauer, LLC
                             BY:  GERALD E. MEUNIER, ESQ.
                             1100 Poydras Street, Suite 2800
                             New Orleans, Louisiana 70163

Appearances:

| | |
|---|---|
| For the Plaintiffs: | Goza & Honnold, LLC<br>BY: BRADLEY D. HONNOLD, ESQ.<br>11181 Overbrook Road, Suite 200<br>Leawood, Kansas 66211 |
| For the Plaintiffs: | The Lambert Firm<br>BY: EMILY C. JEFFCOTT, ESQ.<br>701 Magazine Street<br>New Orleans, Louisiana 70130 |
| For Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG: | Wilkinson Walsh + Eskovitz, LLP<br>BY: BETH A. WILKINSON, ESQ.<br>1900 M Street NW, Suite 800<br>Washington, DC 20036 |
| For Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG: | Nelson Mullins Riley & Scarborough, LLP<br>BY: DAVID E. DUKES, ESQ.<br>1320 Main Street, 17th Floor<br>Columbia, South Carolina 29201 |
| For Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC: | Irwin Fritchie Urquhart & Moore, LLC<br>BY: JAMES B. IRWIN, ESQ.<br>400 Poydras Street, Suite 2700<br>New Orleans, Louisiana 70130 |
| Official Court Reporter: | Toni Doyle Tusa, CCR, FCRR<br>500 Poydras Street, Room B-275<br>New Orleans, Louisiana 70130<br>(504) 589-7778 |

Proceedings recorded by mechanical stenography, transcript produced by computer.

01:04    1    to hear this is what Dr. Bui understood about Xarelto.  You are
         2    also going to see that this statement is false.  It's not true.
         3              The defendants know now, knew then, and have
         4    known for years that PT is a simple indicator test that a
         5    doctor can order to indicate whether it's safe to proceed to
         6    emergency surgery, the same test that was perfectly normal for
         7    Ms. Orr the night she went to the ER.
         8              But doctors have to be told the truth.  They
         9    have to be told the test can be used with Xarelto and not be
        10    told there is no test or that the test is meaningless.
        11              Now, PT isn't perfect.  You are not going to
        12    hear us say it's a perfect test.  There's no such thing as a
        13    perfect test in medicine.  But it doesn't need to be perfect.
        14    It only needs to be helpful, to be useful to doctors making
        15    clinical decisions for patients.  PT is a good, helpful test.
        16              The defendants aren't honest about how to use
        17    it.  A helpful test, you will hear, the defendants are legally
        18    required to put it into the label.  That's because, according
        19    to the law, helpful laboratory testing not only should be, it
        20    must be in the warning section of the drug label.  You will see
        21    that at no point have these defendants ever proposed or
        22    suggested that doctors should actually use the PT test to
        23    measure the thinness of the blood to conduct emergency surgery.
        24    Defendants have never proposed such language in the
        25    United States.

```
04:58   1   are saying there should be a claim for liability on the basis
        2   of a black box warning.  We would renew the motion that that
        3   claim is preempted.
        4           THE COURT:  Okay.  I understand it.  I'm not going to
        5   tell the jury -- I'm not going to tell them to disregard the
        6   material about the dosing, because I do think that has
        7   something to do with the characteristics.  But I think the
        8   black box is different.  I am going to tell them to disregard
        9   testimony regarding the black box warning.
       10           Thank you very much.
       11           MR. MEUNIER:  Your Honor, just to be clear,
       12   Dr. Smart's testimony about inadequate warning was not limited
       13   to a black box reference.
       14           THE COURT:  I understand.  I'm not going to -- I will
       15   talk only about the black box.
       16           MR. MEUNIER:  Thank you.
       17           THE COURT:  Thank you very much.
       18           Court will stand in recess.  I will see you all
       19   at 8:15 tomorrow.
       20                              * * *
       21           (The following proceedings were held outside the
       22   presence of the jury.)
       23           MR. OVERHOLTZ:  I will read them in, then we'll
       24   handle them.  The plaintiffs are going to introduce as
       25   Plaintiffs' Trial Exhibit 9 Record Number 690562, which was the
```

| | |
|---|---|
| 1 | **P R O C E E D I N G S** |
| 2 | (THURSDAY, JUNE 1, 2017) |
| 3 | (MORNING SESSION) |
| 4 | (Call to order of the court.) |
| 5 | |
| 6 | THE COURT: Be seated, please. |
| 7 | Good morning, ladies and gentlemen. |
| 8 | Just a couple of matters before we begin. |
| 9 | Yesterday a witness made reference to a black box. That was |
| 10 | Dr. Smart. |
| 11 | You are to disregard any reference to any black |
| 12 | box. A black box or testimony about a black box has no part |
| 13 | and should play no part in this trial or your deliberations. |
| 14 | So please disregard anything about a black box. |
| 15 | Secondly, I want to talk to you about a |
| 16 | deposition today. The Plaintiffs are going to start off with a |
| 17 | deposition. |
| 18 | This deposition is -- part of it is a |
| 19 | translation. The witness speaks only German. So they had to |
| 20 | translate. So it will be a little difficult, but I know |
| 21 | you-all can handle it. |
| 22 | So let's start, please. Call your next witness. |
| 23 | MR. BIRCHFIELD: Yes, Your Honor. At this time we |
| 24 | present the videotape deposition of Dr. Bernhard Glombitza. |
| 25 | The deposition was taken on September the 13th and 14th of 2016 |

**CERTIFICATE**

I, Toni Doyle Tusa, CCR, FCRR, Official Court Reporter for the United States District Court, Eastern District of Louisiana, certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of proceedings in the above-entitled matter.

*s/ Toni Doyle Tusa*
Toni Doyle Tusa, CCR, FCRR
Official Court Reporter