# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| *Mingo v. Janssen Research & Dev. LLC et al.* Case No. 2:15-cv-03469 | MAGISTRATE NORTH |

## DECLARATION OF KEITH R. ABRAMS

I, Keith R. Abrams, do hereby swear and affirm as follows:

1. I am Vice President, Head of Corporate Law, and Assistant Secretary for Defendant Bayer Corporation ("Bayer Corp."). In addition, I hold the position of Assistant Secretary for Defendants Bayer HealthCare LLC ("BHC LLC") and Bayer HealthCare Pharmaceuticals Inc. ("BHCP"). I am also an attorney licensed to practice in the Commonwealth of Pennsylvania. I submit this declaration in support of certain motions to be filed by Defendants in the above-referenced action.

2. I understand that plaintiffs' allegations in the above-captioned litigation relate to injuries purportedly caused by the purchase and use of Xarelto in 2015. I further understand that plaintiffs have named as defendants the following Bayer entities: BHCP, Bayer Corp., BHC LLC, Bayer Pharma AG ("BPAG"), Bayer AG, and Bayer HealthCare AG ("BHC AG") (collectively, the "Named Bayer Defendants"), along with Johnson & Johnson and/or several Janssen-related entities (together, "Janssen"). My job responsibilities require me to be familiar with the organizational structure and corporate relationships between and among Bayer Corp. and the other Named Bayer Defendants. I am also familiar with the roles that the Named Bayer

Defendants play, or not, as the case may be, with respect to the development, research, testing, manufacture, marketing, promotion, sale, and distribution of Xarelto.

3. As it relates to the Named Bayer Defendants, Bayer's corporate structure is as follows:

a. Bayer AG is a German company headquartered in Germany that is the ultimate parent of all of the other Named Bayer Defendants. From 2003 until December 31, 2015, Bayer AG was a non-operating holding company.

b. BPAG is a German company headquartered in Germany that is wholly owned by Bayer AG. On January 1, 2017, BPAG's operational functions and employees were shifted to Bayer AG, and BPAG no longer conducts an active trade or business. Prior to that date, BPAG was engaged in the pharmaceuticals business. Since that date, Bayer AG has been conducting the pharmaceutical operations that had been conducted by BPAG immediately prior thereto.

c. From its formation in February 2008 until July 1, 2016, BHC AG was a German company headquartered in Germany and wholly-owned by Bayer AG. On July 1, 2016, BHC AG was merged into Bayer AG, with Bayer AG as the surviving entity (with retroactive effect to January 1, 2016). BHC AG no longer exists as a separate legal entity. BHC AG had served as the holding company for the global health care business.

d. Bayer Corp., BHC LLC, and BHCP are U.S.-based companies that are indirectly owned by Bayer AG. Bayer Corp. is incorporated in Indiana with its principal place of business in Whippany, New Jersey, although prior to January 1, 2017, its principal place of business was in Pennsylvania. Bayer Corp. has been a non-operating holding company since January 1, 2003. BHCP is incorporated in Delaware, with its

principal place of business in New Jersey. BHC LLC is organized in Delaware, with its principal place of business in New Jersey. Both BHCP and BHC LLC are indirect subsidiaries of Bayer Corp.

4. The Named Bayer Defendants are distinct legal entities for which corporate formalities are observed, with the exception of BHC AG, which no longer exists as a separate entity. Prior to its merger into Bayer AG on July 1, 2016, BHC AG was a distinct legal entity for which corporate formalities were observed.

5. Prior to January 1, 2003, both the pharmaceuticals division of Bayer Corp. and the pharmaceuticals business area of Bayer AG were involved in the early development of Xarelto. Once Bayer Corp. and Bayer AG became non-operating holding companies, the operations of their respective pharmaceuticals businesses were transferred to separate and distinct legal entities. Through a series of internal restructurings, the former pharmaceuticals division of Bayer Corp. and the former pharmaceuticals business area of Bayer AG that were involved in the early development of Xarelto were transferred to BHCP and BPAG, respectively, and BHCP and BPAG participated in the development, research, and testing of Xarelto. Relevant documentation regarding that early development work also was transferred to and is now held by BHCP and BPAG, respectively. As of January 1, 2017, BPAG and Bayer AG entered into a lease agreement in connection with the shift in operations of the pharmaceuticals business to Bayer AG. That agreement provides that BPAG and Bayer AG will have joint control of pre-January 1, 2017 documents previously held by BPAG.

6. Since Xarelto was first introduced into the U.S. market by Janssen, its manufacture, marketing, promotion, sale, and distribution in the U.S. has been principally accomplished by Janssen pursuant to licensing agreements to which BPAG and/or BHCP are

parties. Those licensing agreements specify that Janssen has the exclusive right to sell and market Xarelto in the U.S. Bayer may only sell and market Xarelto outside the U.S.

7. Prior to January 1, 2017, with respect to the manufacture, marketing, promotion, sale, and distribution of Xarelto in the U.S., BPAG was the manufacturer for Xarelto's active ingredient, rivaroxaban, but BPAG did not otherwise manufacture, market, promote, sell, or distribute the Xarelto that is sold in the U.S. BPAG manufactured the untableted active ingredient in Germany. On January 1, 2017, BPAG's pharmaceuticals business was leased to Bayer AG.

8. From July 2011 until late 2012, BHCP promoted Xarelto to certain hospitals and hospital-based cardiovascular physicians, and from November 2013 until October 2015, BHCP promoted Xarelto to certain community-based cardiovascular physicians. BHCP has not and does not otherwise manufacture, market, promote, sell, or distribute the Xarelto that is sold in the U.S.

9. Except as stated above, none of the Named Bayer Defendants manufacture, market, promote, sell, or distribute the Xarelto that is sold in the U.S.

10. Finally, I understand that, although the above-referenced action is pending in Louisiana federal court, plaintiffs are Mississippi residents (or were during the time period relevant to the litigation) and allege injuries purportedly caused by the purchase and use of Xarelto in Mississippi. The extent of the Named Bayer Defendants' contacts with Mississippi is as follows:

    a. Bayer Corp. is registered to do business in Mississippi but does not in fact conduct business in Mississippi and did not conduct business in Mississippi during the time period relevant to the above-referenced litigation. Bayer Corp. did not pay any

property taxes to tax jurisdictions in Mississippi during the time period relevant to the above-referenced litigation. Bayer Corp. does not presently have facilities, records, or employees in Mississippi, although it did have at least one active employee working in Mississippi and one inactive employee located in Mississippi during the time period relevant to the above-referenced litigation. But, as noted above, Bayer Corp. does not market, promote, sell, or distribute Xarelto in the U.S., nor does it manufacture the Xarelto that is sold in the U.S., and it was not involved in the development, research, and testing of Xarelto.

      b.    BHC LLC has paid personal property taxes to tax jurisdictions in Mississippi for inventory and equipment, had employees residing in Mississippi during the time period relevant to the above-referenced litigation (but not presently), and has been involved in the marketing and sale of products other than Xarelto in Mississippi. But, as noted above, BHC LLC does not market, promote, sell, or distribute Xarelto in the U.S., nor does it manufacture the Xarelto that is sold in the U.S., and it was not involved in the development, research, and testing of Xarelto.

      c.    BHCP has paid personal property taxes to tax jurisdictions in Mississippi for inventory. Although BHCP had at least one active employee residing in Mississippi during the time period relevant to the above-referenced litigation, it does not currently have any.

      d.    Bayer AG, BHC AG, and BPAG are not registered to do business in Mississippi, and none of them has conducted business in Mississippi. None of these entities has facilities, records, or employees in Mississippi, nor did they have facilities,

records, or employees in Mississippi during the time period relevant to the above-referenced litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 6, 2017 in Pittsburgh, PA.

                                                /s/ Keith R. Abrams
                                                Keith R. Abrams