## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

**DEFENDANTS' BENCH MEMORANDUM IN OPPOSITION TO THE INCLUSION OF THE "OBJECTIVE" EVIDENCE STANDARD IN THE SECOND (CAUSATION) PRONG OF THE "LEARNED INTERMEDIARY" DOCTRINE IN JURY INSTRUCTIONS**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Bayer HealthCare Pharmaceuticals, Inc., and Bayer Pharma AG (collectively, "Defendants") respectfully submit this bench memorandum in opposition to Plaintiffs' proposed inclusion of jury instructions regarding the use of objective evidence to satisfy their burden to prove causation under the "learned intermediary" doctrine. Specifically, the following charges in Plaintiffs' Revised and Supplemental Proposed Jury Instructions (Doc. 6732) incorporate this error:

- Pls.' No. 4 (Plaintiffs "claim that adequate warnings or instructions would have caused Dr. St. Martin, or a reasonable prescribing physician in his circumstances, not to prescribe Xarelto in the case of Mrs. Orr, and they claim that adequate warnings or instructions would have caused Dr. Bui, or a reasonable treating physician in his circumstances, to perform emergency surgery sooner in the case of Mrs. Orr.").

- Pls.' No. 9 (Plaintiffs must show that allegedly inadequate warning "affected the medical decision or decisions of the prescribing and treating physicians with regard to Mrs. Orr, or likely would have affected the decisions of reasonable physicians in their circumstances. In other words, for Plaintiffs to prevail, you must determine if either or both these physicians, Dr. St. Martin and/or Dr. Bui, or reasonable physicians in their circumstances, likely would have altered their prescribing or treating decisions . . . .").

- Pls.' No. 25 ("To decide this, you may consider not only the testimony of what the actual prescribing or treating physicians in this case (Drs. St. Martin and Bui), may have done differently," but also "all other evidence in this case,

including evidence of how reasonable physicians in the circumstances of either
Dr. St. Martin or Dr. Bui would have responded to adequate warnings . . . .").

## INTRODUCTION

Under Louisiana law, a plaintiff asserting a failure-to-warn claim under the Louisiana Product Liability Act (LPLA) must show both "that the defendant failed to warn (or inadequately warned) the physician of a risk associated with the product that was not otherwise known to the physician" and "that this failure to warn the physician was both a cause in fact and *the proximate cause* of the plaintiff's injury." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 265–66 (5th Cir. 2002) (emphasis added).  Plaintiffs cannot meet this causation burden under Louisiana law, and they cannot point to objective evidence to get around their failure of proof.

Dr. St. Martin prescribed Xarelto to Mrs. Orr and—assuming he testifies (in Defendants' case) consistent with his deposition testimony—has made clear that his prescribing decision would not change.[1]  *See* St. Martin Dep. 299:14–301:4 ("Q. You would still make [the prescribing decision] today. You would not change it? A. Right. Like many decisions we make in medicine."). And although Defendants owed no duty to provide any warning or instruction to Dr. Bui, Mrs. Orr's treating physician, Dr. Bui testified that he never read the Xarelto label.  *See* 6/2/17 AM Trial Tr. 772:20–23 ("Q. As of April 25th, 2015 [*i.e.*, the date of Mrs. Orr's surgery], had you ever looked at the Xarelto label?  A. No.").  Faced with a prescribing physician who would not have changed his prescribing decision regarding Xarelto and with a treating physician who never read Xarelto's label, Plaintiffs cannot establish—as they *must* as a precondition to recovery under the

---

[1] Although the Court previously found that Plaintiffs did "not contend that prescribing physicians never should have prescribed Xarelto," Doc. 6232, at  5, Plaintiffs' proposed jury instructions show that Plaintiffs have now attempted to revive their claim that a different warning would have changed Dr. St. Martin's prescribing decision. *See, e.g.*, Doc. 6732, at 5 (Pls.' Proposed Jury Instruction No. 4) ("[Plaintiffs] claim that inadequate warnings or instructions would have caused Dr. St. Martin . . . not to prescribe Xarelto in the case of Mrs. Orr . . . .").

LPLA—that allegedly inadequate warnings or instructions proximately caused Mrs. Orr's alleged injuries.

Plaintiffs now seek to evade these physicians' testimony through what they call "objective evidence" of what a "reasonable physician" would have done. That is improper. Louisiana law is clear that causation fails as a matter of law unless there is proof that *the plaintiff's physician—i.e.*, his or her actual prescribing physician—would have altered his conduct in response to a different warning. Even if "objective evidence" may be used to *supplement* the testimony of the plaintiff's physician, Plaintiffs are trying to use such evidence for a different (and improper) purpose—namely, to contradict the sworn testimony of Plaintiffs' actual physicians or as a substitute for that testimony.

## ARGUMENT

Under the LPLA, a plaintiff must prove that the manufacturer's alleged "failure to warn the physician was both a cause in fact and the proximate cause of the plaintiff's injury." *Stahl*, 283 F.3d at 266. To meet this burden, a plaintiff must demonstrate that given an adequate warning, "the treating physician would not have used or prescribed the product." *Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098–99 (5th Cir. 1991). In other words, where there is proof that the physician would not have changed his prescribing or treating decision—or, conversely, no proof that he would have—a showing of causation is foreclosed. *See, e.g.*, *Ferguson v. Procter & Gamble Pharms., Inc.*, 353 F. Supp. 2d 674, 679 (E.D. La. 2004) (plaintiff could not show causation where physician testified that "he nevertheless would have prescribed the drug").

**I.     A plaintiff cannot demonstrate causation where there is no evidence that a different warning would have altered the physician's prescribing or treatment decision.**

As this Court has recognized, "cases governed by [Louisiana's] learned-intermediary doctrine often turn on the testimony of the prescribing physician, and on his or her speculation as

to what may have been done differently in various hypothetical situations." *Allgood v. GlaxoSmithKline PLC*, No. 06-3506, 2008 WL 483574, at *6 n.6 (E.D. La. Feb. 20, 2008) (Fallon, J.). This is so because causation requires a showing that a proposed warning "would have changed the decision of *the treating physician*." *Willett*, 929 F.2d at 1099 (emphasis added). Accordingly, where the evidence indicates that a different warning would not or could not have altered the actions of the plaintiff's physician, there is no causation as a matter of law. *See, e.g.*, *Rhodes v. Bayer Healthcare Pharm., Inc.*, No. 10-1695, 2013 WL 1282450, at *3 (W.D. La. Mar. 28, 2013) (observing that "the record contains no affirmative evidence that [plaintiff's] treating physician would have changed *his decision* to prescribe [the drug] . . . had a different warning been given" and explaining that this "utter lack of evidence" rendered summary judgment appropriate (emphasis added)); *Dykes v. Johnson & Johnson*, Civ. No. 09-5909, 2011 WL 2003407, at *5 (E.D. La. May 20, 2011) (plaintiffs' failure-to-warn claim failed as a matter of law where physician "never read the warning, and thus the warning played no role in the events leading to plaintiff's injury"); *Hall v. Sinn, Inc.*, 102 F. App'x 846, 849–50 (5th Cir. 2004) (applying Louisiana law) (plaintiffs' warning claim failed as a matter of law where prescribing physician "acknowledge[d] that he never read the warning and that he was aware of the risks of the drug independently of [the defendant's] labels"); *Hebert v. Miles Pharm.*, Civ. A. No. 92-4290, 1994 WL 10184, at *4 (E.D. La. Jan. 13, 1994) (where "[t]here is an utter lack of evidence" that "a different warning would have changed *plaintiff's mother's physician* [decision] to prescribe [the drug]," summary judgment is appropriate (emphasis added)); *Felice v. Valleylab, Inc.*, 520 So. 2d 920, 926–27 (La. Ct. App. 1987) (holding that an adequate instruction would have been "futile" where treating physician "admitted that she had never read the warning label on the device itself, and that she had never read the manual").

4

That is precisely the situation here.  Plaintiffs' prescribing physician would not have changed his decision to prescribe Xarelto, and although Defendants owed no duty to the treating physician, his testimony has made clear that he never read the Xarelto label.[2]  Under Louisiana law, Plaintiffs cannot demonstrate that their proposed labeling instruction would matter in this case.  *See, e.g.*, *Ferguson*, 353 F. Supp. 2d at 679; *Hall*, 102 F. App'x at 849–50.

## II.    A plaintiff cannot satisfy her burden of proof to establish causation by "rebutting" her physician's testimony.

Although Dr. St. Martin would not have altered his conduct and Dr. Bui never read Xarelto's label, Plaintiffs point to this Court's decision in *Allgood* and the Fifth Circuit's decision in *Thomas v. Hoffman-LaRoche, Inc.*, 949 F.2d 806 (5th Cir. 1992), as suggesting that they can rely on "objective evidence" of what a "reasonable physician" would have done to prove causation. The jury should not be limited to the "opinion of the actual learned intermediary," Plaintiffs say, because "the ability of a Plaintiff to recover damages for inadequate warnings [would] rise or fall on one doctor's subjective and retrospective action."  Doc. 6731, at 4.

That is the law,[3] as Plaintiffs seem to acknowledge.  *See id.* ("The hypothetical presented [by the learned intermediary doctrine] is whether different treatment *would have resulted* if a proper, adequate warning had been provided." (emphasis added)).  Indeed, Plaintiffs have not cited a single case that applies the causation standard that they request here—*i.e.*, one where a jury can disregard the testimony of the actual prescribing physician and find that a different outcome would

---

[2] Dr. Bui never testified that any of his knowledge about Xarelto came from the Defendants. *See Whitener v. PLIVA, Inc.*, Civ. No. 10-1552, 2014 WL 1276489, at *6 (E.D. La. Mar. 27, 2014) (Fallon, J.) (plaintiffs' claim failed as a matter of law because it was "clear . . . that [the doctor] relied principally on his own experience"—not any alleged conduct of the defendants).

[3] *See, e.g.*, *Lewis v. Baxter Int'l Inc.*, No. 16-16391, 2017 WL 661324, at *4 (E.D. La. Feb. 17, 2017) (Fallon, J.) ("In order to demonstrate causation, 'the plaintiff must show that a proper warning would have changed the decision of the treating physician, *i.e.* that but for the inadequate warning, *the treating physician* would not have used or prescribed the product." (emphasis added)); *Willett*, 929 F.2d at 1099 (must show that "the treating physician would not have used or prescribed the product")

have resulted, based on some other standard.  In short, where there is affirmative evidence that the proposed warning *would not have changed* the treatment decision of *the plaintiff's physician*, evidence of what a "reasonable physician" would have done is insufficient to raise a jury question as to causation.  Plaintiffs' reliance on *Thomas* and *Allgood* is therefore misplaced.  As explained below, neither case suggests that a jury may disregard the testimony of Plaintiffs' physicians and find causation based on what a hypothetical "reasonable" physician—one with no actual connection to Mrs. Orr—may have possibly done.

Plaintiffs quote the Fifth Circuit's decision in *Thomas* as holding that "a plaintiff may introduce either objective evidence of how a reasonable physician would have responded to an adequate warning, or subjective evidence of how the treating physician would have responded." 949 F.2d at 812.  But *Thomas*'s very next sentence belies Plaintiffs' argument here.  In the next sentence, the Fifth Circuit clarified that, "to create a jury question, the evidence introduced must be of sufficient weight to establish, by the preponderance of the evidence, *at least some reasonable likelihood that an adequate warning would have prevented the plaintiff from receiving the drug*." *Id.* (emphasis added).  In other words, under *Thomas*, the causation inquiry focuses ultimately on the decision of the treating physician and requires the plaintiff to show that her treatment would have changed with a different warning.  *Id.* at 817 (failure of causation where the record evidence "eliminate[d] any reasonable possibility that [different warnings] would have changed the decision of Dr. Myers [the specific prescribing physician] to prescribe the [drug]").  *Grenier v. Medical Engineering Corp.*, 243 F.3d 200 (5th Cir. 2001), also cited by Plaintiffs, is no different.  *Id.* at 205 n.4 (affidavit from surgeon who was not plaintiff's physician stating that "he would not have recommended [procedure] of [defendants] had warned" about possible dangers "cannot suffice to prove causation under the learned intermediary doctrine").

6

Indeed, this Court's decision in *Allgood* makes the point plainly. As in numerous other cases considering failure-to-warn claims under the LPLA, this Court in *Allgood* granted summary judgment precisely because "[the physician] still would have prescribed Paxil." 2008 WL 483574, at *6. The Court suggested that, under *Thomas*, it "appear[s] . . . a plaintiff *may* be able to *supplement* [prescriber] testimony with 'objective evidence of how a reasonable physician would have responded to an adequate warning.'" *Id.* at *6 n.6 (emphasis added). But "supplement" does not mean "contradict." Nothing in this Court's opinion suggests that objective evidence could be used as Plaintiffs propose here—as an effort to establish causation despite her physicians' testimony that they would not have altered their treatment decisions or that they did not read the label.

This is unsurprising: the ultimate inquiry under Louisiana law is whether the plaintiff's physician—not some "objective" physician—would have acted differently. *See Willett*, 929 F.2d at 1099–1100. Where the physician testifies that he would not or could not have acted differently, "objective" evidence simply cannot show causation. *Cf. Thomas*, 949 F.2d at 817–18 (recognizing that, ultimately, "[t]he plaintiff must show that an adequate warning would have convinced the prescribing physician not to prescribe the drug for the plaintiff" and concluding that "[n]o reasonable jury could conclude that [the physician] would not have prescribed [the drug] for [the plaintiff]").

Because the question is how the plaintiff's physician would have responded to the proposed warning, *see Willett*, 929 F.2d at 1099, courts have routinely held that the treating physician's testimony cannot be rebutted by evidence of what a purportedly "reasonable physician" would have done. To hold otherwise would require courts "to take the rather curious action of ignoring what the treating physician says he would have done given a certain factual setting for no other

7

reason than the fact that he is not an 'objective' physician, *i.e.*, any physician other than the actual physician who diagnosed, treated, and prescribed medication to the patient." *Woulfe v. Eli Lilly & Co.*, 965 F. Supp. 1478, 1484 (E.D. Okla. 1997).  This standard, the court explained, would improperly disregard what "the actual treating physician would have done." *Id.*; *see also Stafford v. Wyeth*, 411 F. Supp. 2d 1318, 1322 (W.D. Okla. 2006) ("plaintiff's argument regarding what a reasonable physician would do" was irrelevant where actual prescriber testified that he would have still prescribed the drug).

## CONCLUSION

Plaintiffs here seek to point to "objective evidence" in an effort to contradict—rather than to supplement—the testimony of Mrs. Orr's physicians.  They may not do so.  As the Fifth Circuit's decision in *Thomas* and this Court's decision in *Allgood* make clear, causation ultimately turns on the decisions of the plaintiff's actual physician.

For the foregoing reasons, Defendants object to Plaintiffs' proposed instruction regarding objective evidence and respectfully request that the proposed instruction not be given.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

*Attorneys for Defendants Janssen*
*Pharmaceuticals, Inc. and Janssen Research*
*& Development, LLC*

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: */s/ John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare*
*Pharmaceuticals Inc. and Bayer Pharma AG*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 7th day of June, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

*/s/      John F. Olinde*