UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

### DEFENDANTS' BENCH MEMORANDUM IN OPPOSITION TO PLAINTIFFS' PROPOSED INSTRUCTIONS SUGGESTING THAT DEFENDANTS HAD A DUTY TO WARN DR. BUI

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Bayer HealthCare Pharmaceuticals, Inc., and Bayer Pharma AG (collectively, "Defendants") respectfully submit this bench memorandum in opposition to Plaintiffs' proposed jury instructions suggesting that Defendants had a duty to warn the treating physician, Dr. Bui.

### INTRODUCTION

Plaintiffs have proposed a number of charges (*see* Doc. 6732) that would instruct the jury that Defendants had a duty to provide an adequate warning to Dr. Bui:

- Pls.' No. 4 ("Plaintiffs in this case allege that Xarelto was defective, or "unreasonably dangerous;" because of the Defendants' failure to provide adequate warnings or instructions to Mrs. Sharyn Orr's physicians, Drs. St. Martin and Bui.").

- Pls.' No. 5 (Plaintiffs must show that Defendants' "failed to use reasonable care to provide adequate warnings and instructions to Mrs. Sharyn Orr's prescribing and treating physicians . . . .").

- Pls.' No. 8 (under learned intermediary doctrine, manufacturer may "fulfill its duty to warn and instruct by informing the prescribing or treating physician of the potential risks . . . .").

- Pls.' No. 9 (Plaintiffs must show that inadequate warnings "likely affected the medical decision or decisions of the prescribing and treating physicians").

- Pls.' No. 14 ("In your consideration of the law that a drug manufacturer's duty to warn or instruct is owed not to patients but to their doctors as 'learned intermediaries,' you are to consider not only the Plaintiffs' prescribing physician, Dr. St. Martin, but also her treating physician Dr. Bui.").

- Pls.' No. 15 ("The treating physician's knowledge about a prescription drug being used is thus the focus of inquiry when such a failure to warn or instruct claim is made.").

- Pls.' No. 16 ("The obligation to the consumer is fulfilled when the prescribing or treating physician is informed of any potential side effects or risks from the drug's use so that they may intelligently decide on its use and advise the patient.").

- Pls.' No. 18 (Plaintiffs must show "that the instructions provided did not enable the treating physician to 'use or handle the [drug] . . . in such a manner as to avoid the damage for which the claim is made").

- Pls.' No. 19 ("A prescription drug warning or instruction is inadequate if the manufacturer fails to give a reasonably prudent prescriber or treater warnings of or instructions about a danger or risk either known or knowable to the manufacturer.").

- Pls.' No. 24 ("[Y]ou may assume that a prescribing or treating physician would have read and followed (or 'heeded') such a warning or instruction had it been provided.").

- Pls.' No. 25 ("[Y]ou may consider . . . the testimony of what the actual prescribing or treating physicians in this case (Drs. St. Martin and Bui), may have done differently . . . .").

Plaintiffs' repeated suggestion that Defendants were required to provide an adequate warning to Dr. Bui fails because, as someone who does not prescribe or use Xarelto in his practice, Defendants owed no duty to warn him. Accordingly, Plaintiffs' proposed instructions regarding Dr. Bui are improper, and Defendants hereby object to those instructions.

**ARGUMENT**

Under Louisiana's learned intermediary doctrine, a drug manufacturer's duty to warn runs only to the prescribing physician. *See Stahl*, 283 F.3d at 265 ("Under [the learned intermediary] doctrine, a drug manufacturer discharges its duty to consumers by reasonably informing *prescribing physicians* of the dangers of harm from a drug." (emphasis added)). The LPLA states that a manufacturer's duty to warn applies to "users and handlers of the product," *i.e.*, to the persons who make the decisions about whether and how to use the product. La. Rev. Stat. Ann. § 9:2800.57(A). Accordingly, in the context of prescription medicines, only the decision-making of the physician who decided to prescribe or use the product is relevant to a failure-to-warn claim.[1] *See Willett*, 929 F.2d at 1098–99 ("[T]he plaintiff must show that a proper warning would have changed the decision of the treating physician, *i.e.*, that but for the inadequate warning, the treating physician *would not have used or prescribed the product*." (emphasis added)). The cases Plaintiffs cite in support of their proposed instruction number 14 regarding an alleged duty to treating physicians do not support that proposal. *Stahl* involved a warning to a prescribing physician, not a later "treating" physician, and the other cases cited do not apply Louisiana law.

Because Dr. Bui was not Mrs. Orr's prescribing physician, (*see* 6/2/17 AM Trial Tr. 800:15–19), Defendants had no duty to provide him with any warning or instruction. Although Plaintiffs suggest that Defendants should have provided instructions to physicians like Dr. Bui who neither use nor prescribe Xarelto in their practice, Louisiana has recognized no such duty. In fact, the causation aspect of the learned intermediary doctrine undermines such a theory—to

---

[1] *See also, e.g.*, *Frischhertz v. SmithKline Beecham Corp.*, No. 10-2125, 2012 WL 2952427, at *3 (E.D. La. July 19, 2012) ("Under the learned intermediary doctrine, a drug manufacturer discharges its duty to consumers by providing an adequate warning to prescribing physicians."); *Brown v. Glaxo, Inc.*, 790 So. 2d 35, 38–39 (La. Ct. App. 2000) (explaining that the manufacturer's "duty is fulfilled when the *prescribing doctor* is informed of the potential risks from the drug's reasonably anticipated use so that the physician may intelligently decide on its use with the particular patient" (emphasis added)).

prevail on a failure-to-warn claim, a plaintiff must prove that "the treating physician would not have used or prescribed the product." *See Willett*, 929 F.2d at 1099. With respect to a physician who does not use or prescribe a particular drug, a plaintiff can never meet this burden. Furthermore, Plaintiffs' theory that manufacturers owe a duty to treating physicians who neither use nor prescribe a prescription drug—as with many of their theories in this litigation—has not been adopted by Louisiana's courts. It should fail on that basis alone. *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 317–18 (5th Cir. 2002) (refusing to recognize new state-law duty where plaintiff "d[id] not point to a court decision that indicates that . . . [the state]" would do so, because "[f]ederal courts in *Erie* cases do not 'create or modify' state law" (citation omitted)). Defendants therefore object to Plaintiffs' proposed instructions that suggest that Defendants had a duty to warn Dr. Bui because no such duty existed.

## CONCLUSION

For the foregoing reasons, Defendants object to Plaintiffs' proposed instructions that suggest that Defendants had a duty to warn Dr. Bui.


Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com

NELSON MULLINS RILEY & SCARBOROUGH LLP

600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: */s/ John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163

5

Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare
Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of June, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

*/s/     John F. Olinde*