**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | **MDL No. 2592** |
| | **SECTION L** |
| **THIS DOCUMENT RELATES TO:** | **JUDGE ELDON E. FALLON** |
| **Joseph Orr, Jr., et al. v. Janssen et al.** **Case No. 2:15-cv-03708** | **MAGISTRATE NORTH** |

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' REVISED AND SUPPLEMENTAL PROPOSED INSTRUCTIONS**

Defendants Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., and Janssen Research & Development, LLC (collectively, "Defendants") make the following objections to Plaintiffs' "Revised and Supplemental Proposed Jury Instructions." (Doc. 6732). In particular, Defendants object to Plaintiffs' proposed instructions (1) that are identical (or nearly so) to instructions proposed and rejected by this Court in *Boudreaux*, (2) that provide misleading or inaccurate statements of the law, and (3) that were given in *Boudreaux* over Defendants' objections.[1]

## I. Defendants Object To Plaintiffs' Proposed Instructions That Are Identical (Or Virtually Identical) To Instructions Proposed And Rejected By This Court in *Boudreaux*.

Plaintiffs have proposed several instructions that are identical (or virtually identical) to instructions that were proposed and rejected by this Court in *Boudreaux*. Defendants object to those proposed instructions and request that the Court decline to give them for the same reasons as in *Boudreaux*.

[1] Defendants have also filed separate bench memoranda which set out their objections to Plaintiffs' proposed instructions that (1) purport to instruct the jury on loss of chance, (2) include an "objective" evidence standard in the causation prong of the learned intermediary doctrine, and (3) suggest to the jury that Defendants had a duty to warn the treating physician, Dr. Bui.

Plaintiffs' Proposed Jury Instruction No. 2. This instruction is identical to Plaintiffs' Proposed Jury Instruction No. 4 that was rejected in *Boudreaux*. *See* Doc. 6348. Defendants object to this instruction and request that it not be given here because it is likely to confuse the jury.

Plaintiffs' Proposed Jury Instruction No. 7. This instruction is virtually identical to the last sentence of Plaintiffs' Proposed Jury Instruction No. 15 that was rejected in *Boudreaux*. *See* Doc. 6348. Defendants object to this instruction and request that it not be given here because it is not a correct statement of Louisiana law.

Plaintiffs' Proposed Jury Instruction No. 8. The first sentence of this instruction is virtually identical to the first sentence of Plaintiffs' Proposed Jury Instruction No. 17 that was rejected in *Boudreaux*. *See* Doc. 6348. Defendants object to this instruction and request that it not be given here because it is not a correct statement of Louisiana law.

Plaintiffs' Proposed Jury Instruction No. 10. This instruction is identical to Plaintiffs' Proposed Jury Instruction No. 8 that was rejected in *Boudreaux*. *See* Doc. 6348. Defendants object to this instruction and request that it not be given here because it is not relevant to any of Plaintiffs' arguments and is likely to confuse the jury.

Plaintiffs' Proposed Jury Instruction No. 12. This instruction is identical to Plaintiffs' Proposed Jury Instruction No. 19 that was rejected in *Boudreaux*. *See* Doc. 6348. Defendants object to this instruction and request that it not be given here because Plaintiffs are not asserting any private right of action for violation of any regulation. Accordingly, instructing the jury about regulations would be highly misleading and confusing to the jury.

Plaintiffs' Proposed Jury Instruction No. 13. This instruction is identical to Plaintiffs' Proposed Jury Instruction No. 20 that was rejected in *Boudreaux*. *See* Doc. 6348. Defendants object to this instruction and request that it not be given here because Plaintiffs are not asserting

any private right of action for violation of any regulation. Accordingly, the proposed instruction would be misleading and confusing to the jury.

Plaintiffs' Proposed Jury Instruction No. 27. This instruction is virtually identical to Plaintiffs' Proposed Jury Instruction No. 22 that was rejected in *Boudreaux*. *See* Doc. 6348. Defendants object to this instruction and request that it not be given here because there is no reason to treat the FDA strikethrough document any differently than any other piece of evidence.

## II. Defendants Object To Plaintiffs' Proposed Instructions That Provide Misleading Or Inaccurate Statements Of The Law.

Plaintiffs have proposed certain instructions that provide misleading or inaccurate statements of the law. Defendants object to those instructions and request that the Court decline to give them for the reasons stated below.

Plaintiffs' Proposed Jury Instruction No. 11. The second paragraph of this instruction purports to quote federal regulations. This Court refused to give similar instructions in *Boudreaux* that merely quoted regulations, and the Court should do the same here.

Plaintiffs' Proposed Jury Instruction No. 20. This instruction purports to be based on La. Rev. Stat. § 9:2800.57(c), but includes language that goes beyond the text of the statute. For example, the statute does not refer to a manufacturer "acquir[ing] knowledge of a means to make the product safer to use." This instruction also purports to be based on a federal regulation, but as explained above, this Court refused to give similar instructions in *Boudreaux*, and should do the same here.

Plaintiffs' Proposed Jury Instruction No. 28. This proposed charge would instruct the jury about the "clear evidence" standard applicable to a federal preemption analysis. Because this Court has made clear that preemption is a question of law, not a question of fact for the jury, this instruction is not appropriate. *See, e.g.*, Order and Reasons (Apr. 18, 2017), at 5 (Doc. 6254)

(holding that preemption is "a question of law that is not appropriate for consideration by the finder of fact"); *Boudreaux* Tr. at 1147:14–15 (stating that preemption is "a question of law, not for the jury" when asked by Defendants' counsel whether the Court intended to charge the jury on preemption); *id.* at 1531:8–20.

## III. Defendants Object To Plaintiffs' Proposed Instructions That Were Given In *Boudreaux* Over Defendants' Objections.

Plaintiffs have also proposed instructions that are similar to instructions that were given in *Boudreaux* over Defendants' objections. Defendants object to those instructions here and request that the Court decline to give them for the reasons stated below.

Plaintiffs' Proposed Jury Instruction No. 26. This instruction incorporates much of the language used in the Court's final instruction on "Labeling and Federal Regulations" in *Boudreaux*. *See* Doc. 6393, at 22–23. Defendants object to this proposal because, like the Court's instruction in *Boudreaux*, Plaintiffs' proposed instruction gives insufficient attention to—and obscures—the relevance of FDA's approval of Xarelto and Defendants' compliance with regulatory standards, which (while not conclusive) bear directly on the non-defectiveness of a product, the adequacy of the product's label, and the reasonableness of Defendants' conduct. *See* 21 U.S.C. § 355; 21 C.F.R. § 314.125; *see also, e.g.*, *Crotwell v. Wal-Mart La., LLC*, No. CIV.A. 06-909-C, 2009 WL 1146612, at *7 (M.D. La. Apr. 27, 2009) (compliance with regulatory standards is "relevant for consideration"); *Dunne v. Wal-Mart Stores, Inc.*, 679 So. 2d 1034, 1037 (La. Ct. App. 1996) (same); *Newman ex rel. Newman v. McNeil Consumer Healthcare*, No. 10 C 1541, 2013 WL 4460011, at *7 (N.D. Ill. Mar. 29, 2013) (explaining that "FDA review and approval . . . may be relevant to the reasonableness of the warnings on Defendants' [drug] labels"). The instruction unfairly minimizes the significance of FDA approval. The instruction references the relevance of FDA approval only in passing fashion, in comma phrases—*e.g.*, "though

relevant"—but goes to great lengths to emphasize that FDA and other regulatory regulations are merely "minimum standards" that do not "absolve" Defendants of liability, and do not "foreclose a claim."

Plaintiffs' Proposed Instruction No. 29. This instruction incorporates much of the language from the Court's final instructions on causation in *Boudreaux*. *See* Doc. 6393 at 23–26. Defendants object to Plaintiffs' proposal here for two reasons. First, the instruction refers to foreseeability, but that is not at issue in this case. Second, the instruction refers to a substantial-factor test, which does not apply to this case. Under Louisiana law, the substantial-factor test replaces the "but for" test only "[w]here an injury is caused by two sufficient . . . defects." *See Brown v. Parker-Hannifin Corp*., 919 F.2d 308, 311 & n.10 (5th Cir. 1990); *In re Manguano*, 961 F.2d 53 (5th Cir. 1992) (trial court improperly instructed jury on "but for" cause in asbestos case, because "a 'but for' definition of causation is inappropriate in a concurrent cause case"). Because substantial factor is a replacement for the but-for test in cases where there are two *independently sufficient* causes—which is not the case here—it is inappropriate in this case.

**CONCLUSION**

Defendants object to the above-referenced revised and supplemental jury instructions proposed by Plaintiffs and request that the Court decline to give those instructions to the jury.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

By: */s/ James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

DRINKER BIDDLE & REATH LLP

By: */s/ Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

WILKINSON WALSH + ESKOVITZ LLP

By: */s/ Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: *<u>/s/ Lindsey C Boney IV</u>*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: <u>/s/ *John F. Olinde*</u>
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 7th day of June, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

*/s/ John F. Olinde*