UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

**DEFENDANTS' MOTION FOR JUDGMENT
AS A MATTER OF LAW AT THE CLOSE OF PLAINTIFFS' CASE**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Bayer HealthCare Pharmaceuticals, Inc., and Bayer Pharma AG (collectively, "Defendants"), pursuant to Rule 50(a), hereby move the Court, at the close of Plaintiffs' case-in-chief, for judgment as a matter of law on Plaintiffs' sole remaining cause of action on the following grounds.[1]

1.  Plaintiffs have only one remaining cause of action—namely, that Xarelto is unreasonably dangerous because of inadequate warning or instruction, under La. Rev. Stat. Ann. § 2800.57. *See* Stipulation & Order (Doc. 5340); Stipulation & Order (Doc. 6601).

2.  There is not a legally sufficient evidentiary basis for a reasonable jury to find that Plaintiffs have demonstrated specific medical causation on their claim that Xarelto more probably than not caused Mrs. Orr's hemorrhage. Dr. Liechty testified that he could not say to a reasonable probability whether Xarelto caused Mrs. Orr's hemorrhage, and Plaintiffs' claim fails as a matter law.

---

[1] Defendants make this motion at the close of Plaintiffs' case-in-chief without waiver of their right to move for judgment as a matter of law more broadly—including but not limited to the arguments in this motion—at the close of all evidence. *See, e.g., Gonzales v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 750–52 (5th Cir. 1993) (holding that defendant may move for judgment as a matter of law on fewer than all issues at the close of plaintiffs' case, and then move more broadly at the close of all evidence).

3. Plaintiffs did not call Dr. St. Martin in their case-in-chief, and therefore there is not a legally sufficient evidentiary basis for a reasonable jury to find that Defendants failed to use reasonable care to provide an adequate warning of a product characteristic that might cause damage, and that characteristic was not otherwise known to Mrs. Orr's prescribing physician, Dr. St. Martin.

4. Because Plaintiffs did not call Dr. St. Martin in their case-in-chief, there is not a legally sufficient evidentiary basis for a reasonable jury to find that Defendants failed to adequately instruct Dr. St. Martin how to safely use Xarelto.

5. Because Plaintiffs did not call Dr. St. Martin in their case-in-chief, there is not a legally sufficient evidentiary basis for a reasonable jury to find that any alleged failure to adequately warn or instruct Dr. St. Martin altered Dr. St. Martin's prescribing decision or otherwise proximately caused Mrs. Orr's injuries.

6. Because there is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on any of the grounds asserted in paragraphs 3 through 5, Plaintiffs' failure-to-warn claim fails as a matter of law. *See Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 675 (5th Cir. 1999).

7. Under Louisiana law, Defendants owed no duty to provide a warning or instruction to Dr. Bui.

8. Even if the learned intermediary doctrine did apply to treating physicians like Dr. Bui, there is not a legally sufficient evidentiary basis for a reasonable jury to find that Defendants failed to use reasonable care to provide an adequate warning of a product characteristic that might cause damage, and that characteristic was not otherwise known to Mrs. Orr's treating physician, Dr. Bui.

9. Even if the learned intermediary doctrine did apply to treating physicians like Dr. Bui, there is not a legally sufficient evidentiary basis for a reasonable jury to find that Defendants failed to adequately instruct Dr. Bui how to safely use Xarelto. Defendants owed no duty to instruct Dr. Bui under Louisiana law.

10. Even if the learned intermediary doctrine did apply to treating physicians like Dr. Bui, there is not a legally sufficient evidentiary basis for a reasonable jury to find that any alleged failure to adequately warn or instruct Dr. Bui altered Dr. Bui's treatment decision or otherwise proximately caused Mrs. Orr's injuries. In fact, Dr. Bui testified unequivocally that he *never read*—much less relied on—the Xarelto label. Accordingly, Defendants are due judgment as a matter of law. *See Hall v. Sinn, Inc.*, 102 F. App'x 846, 849–50 (5th Cir. 2004).

11. Because there is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on any of the grounds asserted in paragraphs 8 through 10, Plaintiffs' failure-to-warn claim fails as a matter of law. *See Curtis*, 174 F.3d at 675.

12. Defendants are entitled to judgment as a matter of law because federal law preempts Plaintiffs' failure-to-warn claim. *See, e.g.*, *Mut. Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013); *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011); *Wyeth v. Levine*, 555 U.S. 555 (2009); 21 C.F.R § 201.57(a); 21 C.F.R. § 314.70; 21 C.F.R. § 807.81; 21 C.F.R. § 814.39; 21 C.F.R § 864.7750(a); *see also, e.g.*, Guidance for Industry and Food and Drug Administration Staff: In Vitro Companion Diagnostic Devices (Aug. 6, 2014).[2]

---

[2] Defendants incorporate by reference their arguments in support of their Motion for Partial Summary Judgment on the Ground that Federal Law Preempts Plaintiffs' Dosing, Monitoring, and Other Design-Related Claims (Docs. 5109, 5678, 5904, 5988), their Motion for Partial Summary Judgment on the Ground that Federal Law Preempts Plaintiffs' Failure-to-Warn Claims (Docs. 5110, 5689), and all other related arguments that Defendants have made in these proceedings—whether orally (as reflected in the transcript) or in writing.

13. There is not a legally sufficient evidentiary basis for a jury to award damages based on Mrs. Orr's alleged lost chance of survival.

    a. Plaintiffs are not entitled to recover lost-chance damages in a product-liability action under the Louisiana Product Liability Act ("LPLA"), because (i) no Louisiana court has ever applied the lost-chance doctrine to an LPLA claim, (ii) the doctrine applies only to the rendition of services, not products, and (iii) the doctrine does not apply where the defendant is alleged to have caused the plaintiff's initial injury.

    b. Even if lost-chance damages are recoverable in an LPLA action, there is not a legally sufficient evidentiary basis for the jury to find that Mrs. Orr had a less-than-even chance of survival when she presented to Ochsner Hospital. The lost-chance doctrine is relevant only in cases where a plaintiff has a less-than-even chance of survival. Plaintiffs have not presented any expert testimony to demonstrate that Mrs. Orr ever had a less-than-even chance of survival. Furthermore, the opinion of Plaintiffs' expert Dr. Liechty is speculative, unreliable, and does not fit the facts of this case. Plaintiffs have therefore not presented any expert testimony of Mrs. Orr's chances of survival if there had been surgical intervention at the time she arrived at Ochsner Baptist. Plaintiffs thus may not recover.

    c. Plaintiffs' late assertion of lost-chance damages was untimely and unfairly prejudicial to Defendants.

14. Defendants are entitled to judgment as a matter of law because Plaintiffs have not introduced reliable expert testimony in support of their failure-to-warn claim. *See, e.g.*, *Zachary v. Dow Corning Corp.*, 884 F. Supp. 1061 (M.D. La. 1995).[3]

---

[3] Defendants incorporate by reference their arguments in support of their *Daubert* Motion to Exclude Expert Opinions and Testimony Regarding Unapproved Dosing and Monitoring Regimens (Docs. 5113, 5114, 5688), their Motion For An Order (1) Dismissing With Prejudice Claims Based on Allegations that Plaintiffs Have Abandoned and (2) Barring Scientific Evidence Based on Waiver of *Daubert* Arguments (Doc. 6485), and Defendants' Renewed Motion to

a. The opinions of Plaintiffs' expert witness Dr. Smart (a) that Xarelto would be safer if dosed twice daily rather than the FDA-approved once-daily dose and (b) that the FDA-approved total daily dose of Xarelto is too high should have been excluded for the reasons previously identified by Defendants—including that these theories fail under *Daubert*, that Plaintiffs have abandoned those theories, and that Plaintiffs have waived their opposition to Defendants' *Daubert* motion to exclude those theories. Accordingly, there is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the issue whether Defendants failed to adequately warn or instruct.[4]

b. The opinions of Plaintiffs' expert witness Dr. Liechty regarding PT, including his opinion that a PT test should or could be used to reliably assess Xarelto concentration or activity, are inadmissible under *Daubert* because that opinion is speculative, not based on sufficient data, and based on an unreliable methodology.[5] In fact, none of Plaintiffs' experts has ever offered an opinion—with supporting facts and data—that a PT test can be used for emergency purposes. Accordingly, there is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the issue whether Defendants failed to adequately warn or instruct.

15. Defendants are entitled to judgment as a matter of law to the extent Plaintiffs claim that Xarelto's label should have included a black-box warning or that Xarelto's label failed to warn

---

Exclude Certain Dosing-Related Opinions of Dr. Smart MD, FACC, FACP (Doc. 6673), and all other arguments to exclude those opinions or related testimony that Defendants have made in these proceedings—whether orally (as reflected in the transcript) or in writing.

[4] Defendants incorporate by reference their arguments in support of their *Daubert* Motion to Exclude Expert Opinions and Testimony Regarding Unapproved Dosing and Monitoring Regimens (Docs. 5113, 5114, 5688), their Motion For An Order (1) Dismissing With Prejudice Claims Based on Allegations that Plaintiffs Have Abandoned and (2) Barring Scientific Evidence Based on Waiver of *Daubert* Arguments (Doc. 6485), and Defendants' Renewed Motion to Exclude Certain Dosing-Related Opinions of Dr. Smart MD, FACC, FACP (Doc. 6673), and all other arguments to exclude those opinions or related testimony that Defendants have made in these proceedings—whether orally (as reflected in the transcript) or in writing.

[5] Defendants incorporate by reference their arguments in support of their *Daubert* Motion to Exclude Expert Opinions and Testimony Regarding Unapproved Dosing and Monitoring Regimens (Docs. 5113, 5114, 5688).

about the lack of an "antidote" or reversal agent. Plaintiffs have expressly abandoned these theories of liability, and even if these theories had not been abandoned, they fail for lack of expert testimony.

16. Defendants are entitled to judgment as a matter of law as to the following other theories of liability that Plaintiffs previously asserted but have since abandoned.[6]

    a. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Defendants failed to properly "test" Xarelto before bringing it to market because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it.

    b. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's label should have instructed physicians to perform routine monitoring of patients' PT because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it.

    c. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's label did not adequately warn of the risk of bleeding because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it.

    d. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's

---

[6] Defendants incorporate by reference their arguments in support of their Motion For An Order (1) Dismissing With Prejudice Claims Based on Allegations that Plaintiffs Have Abandoned and (2) Barring Scientific Evidence Based on Waiver of *Daubert* Arguments (Doc. 6485), Defendants' Renewed Motion to Exclude Certain Dosing-Related Opinions of Dr. Smart MD, FACC, FACP (Doc. 6673), and all other arguments to exclude those opinions or related testimony that Defendants have made in these proceedings—whether orally (as reflected in the transcript) or in writing

6

label should have included before September 2015 a chart quantifying bleeding rates specifically among U.S. participants in the 14,000-patient ROCKET AF clinical trial, the clinical trial that supported FDA's approval of Xarelto's atrial-fibrillation indication, because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it.

  e. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's label should have included language advising of alleged problems with the INRatio device used to measure warfarin patients' coagulation parameters in ROCKET AF because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it.

  f. There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiffs on the previously alleged—but since abandoned—theory that Xarelto's label should have included instructions to physicians to monitor patients' PT for the purpose of adjusting doses because Plaintiffs have abandoned this theory of liability and presented no evidence in support of it. Indeed, Plaintiffs' allegations regarding the use of PT for the purpose of adjusting doses sound in design, and Plaintiffs have dismissed with prejudice any design-defect claim in this case. *See* Stipulation & Order (Doc. 6601).

## CONCLUSION

For the foregoing reasons, and for the reasons more fully set forth in Defendants' accompany briefs in support, Defendants respectfully request that the Court grant their motion for judgment as a matter of law.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com


NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of June, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

*/s/      John F. Olinde*