UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

**RUBY HAMMOND**
**Civil Action No.: 2:16-cv-16727**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**<u>MOTION FOR EXTENSION OF TIME TO SERVE PROCESS</u>**

Plaintiff submits this memorandum in support of her motion for an order from this Court granting her sixty (60) days within which to serve process on Defendants.

**I.   BACKGROUND**

The action above was filed into the Xarelto Products Liability Litigation, MDL No. 2592, on November 30, 2016 (Doc. 1). On December 12, 2016, Kennedy Hodges, LLP, Counsel for Plaintiff, submitted a request for service to Stratos Legal for service on all Defendants for which summons was requested[1] (Ex. A, Affidavit of Liza Vera, ¶ 4). Stratos Legal is the process service company used by Kennedy Hodges, LLP, and has served numerous defendants on behalf of Kennedy Hodges, LLP without issue over the last several years, including for several dozen complaints filed within this Xarelto MDL (Ex. A, ¶ 3). Given the familiarity of Stratos with the Defendants involved and the lack of previous issues with service, Counsel does not typically follow up with Stratos on service requests.

---

[1] Contemporaneously with this request to Stratos for physical service to all Defendants, Counsel also submitted electronic notice of service via email to xareltocomplaints@babc.com for certain Bayer Defendants as outlined in PTO 10.

1

On May 15, 2017, Plaintiff received an "Unserved Complaint Notice" for the above-mentioned case. Upon a review of Plaintiff's file, Counsel determined that a request for service had been sent to Stratos on December 12, 2016. On the morning of May 17, 2017, Counsel informed Stratos that the unserved complaint notice was received and requested that Stratos investigate the matter further (Ex. A, ¶ 6). After a thorough review, Stratos determined that the request for service was received but was never processed (Ex. A, ¶ 7). As a result, Defendants were not served (Ex. A, ¶ 8).

## II.    ANALYSIS

FRCP 4 sets forth the procedure for notifying defendants that a federal lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 90 days after the complaint is filed (or within the 60 days allowed under the streamlined process in PTO 10), Rule 4 instructs the court to "dismiss the action without prejudice against the defendant or order that service be made within a specified time." In formally requesting service with Stratos Legal and concurrently submitting electronic notice pursuant to PTO 10, as well as timely submitting a completed Plaintiff Fact Sheet, Plaintiff has demonstrated that she had every intention of pursuing her claim. It is purely due to the apparent mishandling of service on the part of Stratos Legal that service was not perfected within the 60 days of filing required by PTO 10, or 90 days allowed under FRCP 4. "[T]he court has discretionary power to extend time for service" even in the absence of good cause. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). It would be appropriate for the Court to exercise its discretionary power in this circumstance.

This MDL involves cases filed by thousands of plaintiffs who have alleged claims that are virtually identical in that they involve similar injuries allegedly caused by use of the same

pharmaceutical, Xarelto. Therefore, no actual prejudice will occur to Defendants if this Court grants the relief sought by the Plaintiff identified in the action above.

Plaintiff was not acting in "bad faith" in delaying service of their Complaint, as Defendants were fully aware of the pending litigation in this MDL, have been served with thousands of virtually identical complaints as the one served here, and have in fact received the completed PFS for the Plaintiff identified in this Motion. A permissive extension by the Court is appropriate under these circumstances to avoid issues regarding the statute of limitations for Plaintiff's claim, although the original complaint was timely filed as to Plaintiff.

### III.  CONCLUSION

In consideration of the above, Plaintiff requests an order from this Court granting her sixty (60) days within which to serve process on Defendant. Plaintiff demonstrates that no party will be prejudiced by the granting of the relief sought and that the progress of the MDL will not be affected.

Dated: June 9, 2017

Respectfully submitted,

KENNEDY HODGES, LLP

By: /s/ Donald C. Green II
David W. Hodges
dhodges@kennedyhodges.com
Gabriel A. Assaad
gassaad@kennedyhodges.com
Donald C. Green II
dgreen@kennedyhodges.com
4409 Montrose Blvd., Ste 200.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 9th of June, 2017, a copy of the foregoing Memorandum in Support has contemporaneously been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Easter District of Louisiana, and via MDL Centrality, which will send notice of electronic filings in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                   /s/ Donald C. Green II
                                                    Donald C. Green II