## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:  XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

Joseph Orr, Jr., et al. v. Janssen et al.
Case No. 2:15-cv-03708

MDL No. 2592

SECTION L

JUDGE ELDON E. FALLON

MAGISTRATE NORTH

## DEFENDANTS' SECOND REVISED AND SUPPLEMENTAL JURY INSTRUCTIONS AND VERDICT FORM

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., and Janssen Research & Development, LLC (collectively, "Defendants") submit the following Second Revised Proposed Verdict Form in the above-captioned case.  These submissions are based on Louisiana substantive law and Fifth Circuit procedural law.  Defendants submit these instructions and verdict form to preserve their objections to the Court's Final Jury Instructions and Verdict Form.

Defendants file this Second Revised Proposed Jury Instructions and Verdict Form without prejudice to and subject to their objections to (1) any suggestion that Defendants owed any duty to Mrs. Orr's treating physician, Dr. Cuong Bui, (2) any suggestion that Louisiana law allows for damages for a "loss of chance of survival" in a product-liability case like this one (or that Plaintiffs are entitled to such damages in any event), or (3) Defendants' other objections previously stated, which will be filed on the record before the jury is charged including that all claims under the

Louisiana Product Liability Act (LPLA) require proof that the product was the medical cause of the plaintiff's injuries.[1]

Respectfully submitted,

June 11, 2017

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com


DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com


Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com


NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com

---

[1] Defendants previously filed a bench memorandum in opposition to Plaintiffs' proposed instructions suggesting that Defendants had a duty to warn Dr. Bui (Doc. 6765), as well as a motion in *limine* on this basis—and on the basis that Dr. Bui did not read Xarelto's label—to exclude Dr. Bui's testimony regarding the Xarelto label (Doc. 6482). Defendants have also incorporated their arguments regarding Dr. Bui in their motion for judgment as a matter of law. Doc. 6776. Defendants continue to assert that Defendants owed no duty to warn Dr. Bui. However, if the Court rejects those arguments, Defendants request that the Court provide the jury with the proposed verdict form herein.

Defendants also continue to object to the application of the "loss of chance" doctrine in this case—and to the inclusion of any jury instructions or questions on the verdict form pertaining to "lost chance" or "loss of chance" damages—for the reasons explained before, including that Plaintiffs attempted to add these damages on the eve of trial despite having previously "stipulate[d] that all claims and causes of action falling outside of the exclusive theories of recovery and damages allowed by the LPLA are hereby dismissed with prejudice." Doc. 5341 ¶ 4; *see also* Defs.' Opp. To Pls.' Mot. To Amend Compl. (Doc. 6389); Defs.' Bench Memo. In Opp. To Loss Of Chance Of Survival (Doc. 6762); Defs.' Bench Brief In Support Of Their Objection To The Court's Refusal To Include A Medical Causation Question On The Verdict Form (filed contemporaneously herewith). However, if the Court rejects those arguments, Defendants request that the Court provide the jury with the proposed verdict form herein.

Telephone: (215) 988-2700
Chanda.Miller@dbr.com

*Attorneys for Defendants Janssen
Pharmaceuticals, Inc. and Janssen Research &
Development, LLC*

Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: */s/ Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: */s/ John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare
Pharmaceuticals Inc. and Bayer Pharma AG*

iii

## DEFENDANTS' REQUEST NO. 1
### (Preliminary Charge)

Members of the jury:

You have now heard all the evidence in the case as well as the final argument.  It is my duty to instruct you on the law you must follow and apply in arriving at your decision in this case.

In any jury trial, there are, in effect, two judges: I am one of the judges; the other is you the jury.  It is my duty to preside over the trial and to determine what testimony and other evidence is admissible under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to the case.

You, as jurors, are the judges of the facts; but in determining what actually happened in this case—that is, in reaching your decision as to the facts—it is your sworn duty to follow the law I am now in the process of defining for you.

You should consider all of the instructions about the law as a whole.  You have no right to disregard or give special attention to any one instruction or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token, it is also your duty to base your verdict solely upon the testimony and other evidence in the case without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less from you.

<u>Authority</u>:      Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.1 (2014).

GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 2**
**(Corporations Equal before the Law)**

This case should be considered and decided by you as an action between persons of equal standing in the community and of equal worth.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

<u>Authority</u>:      Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.16 (2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF OBJ _____

## DEFENDANTS' REQUEST NO. 3
### (Evidence)

As I stated earlier, it is your duty to determine the facts. In so doing, you must consider only the evidence I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted into the record.

Any statements, objections, or arguments by the lawyers are not evidence in the case. The function of the attorneys is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that they are particularly concerned that you, the jury, recall. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case. What the lawyers say is not binding upon you.

Also, during the course of the trial, I may have occasionally made a comment to a lawyer or perhaps asked a question of a witness or admonished the witness concerning the manner in which he or she should respond to the question. Do not assume from anything I may have said that I have any opinion concerning any of the facts of this case. In arriving at your finding as to the facts, you should disregard anything that I may have said during the trial except, of course, my instructions to you on the law.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict because you, the jury, are indeed the sole judges of the facts in this case.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and the exhibits as you feel are justified in the light of your common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and the evidence in this case.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Authority:     Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), §§ 3.1; 3.3 (2014).

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 4**
**(Charts and Summaries)**

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the records and other documents that are in evidence.  These charts and summaries are not evidence or proof of any facts.  You should determine the facts from the evidence.

<u>Authority</u>:      Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.7 (2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 5**
**(Witnesses)**

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony and in determining the credibility of any witness, you may consider the conduct of the witness, the way he or she behaves on the witness stand, his or her personal feelings as demonstrated by his or her testimony and his or her actions, any interest he or she may have in the outcome of the case, and any prejudice or bias he or she may have shown.  You must give the testimony of each witness the credibility that you think it deserves.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Authority:     Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.4 (2014).

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 6**
**(Impeachment by Witness's Inconsistent Statements)**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

If a witness is shown to have testified falsely concerning any material matter, you, the jury, have a right to distrust such witness's testimony on other matters, and you may distrust all of the testimony of that witness.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority:     Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.11 (2014); *see also* Transcript of Record at 2649-50, *Barnett v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-485 (E.D. La. 2006) (Ex. 1); Transcript of Record at 3145, *Dedrick v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-2545 (E.D. La. 2006) (Ex. 2); Transcript of Record at 2733, *Mason v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-810 (E.D. La. 2006) (Ex. 3); Transcript of Record at 3016, *Smith v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-4379 (E.D. La. 2006) (Ex. 4).

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

## DEFENDANTS' REQUEST NO. 7
### (Expert Witnesses)

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. Such witnesses have testified in this case. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound or that the opinion is outweighed by other evidence, then you may disregard that opinion entirely.

In deciding whether to accept or to rely upon the opinion of an expert witness, you, the jury, may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has a financial, philosophical, or other interest in the outcome of the case.

<u>Authority</u>:    Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.5 (2014); Transcript of Record at 2650-51, *Barnett v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-485 (E.D. La. 2006) (Ex. 1); Transcript of Record at 3146, *Dedrick v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-2545 (E.D. La. 2006) (Ex. 2); Transcript of Record at 2734-35, *Mason v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-810 (E.D. La. 2006) (Ex. 3); Transcript of Record at 3017-18, *Smith v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-4379 (E.D. La. 2006) (Ex. 4).

GRANTED _____    DENIED _____    MODIFIED _____

WITHDRAWN _____    PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 8**
**(Deposition Testimony)**

Certain testimony has been presented to you through a deposition.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Sometime before this trial, attorneys representing the parties in this case questioned the witness under oath.  A court reporter was present and recorded testimony.  The questions and answers have been shown to you during the trial.  This deposition testimony is entitled to the same consideration and is to be weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

Authority:      Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.13 (2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF OBJ _____

### DEFENDANTS' REQUEST NO. 9
#### (Objections to Evidence)

During the course of trial, you will have heard objections to evidence.  Sometimes these have been argued out of the hearing of the jury.

It is the duty of the attorneys for each side to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  You should not draw any inference against or show any prejudice against an attorney or his client because of the making of an objection.

Upon allowing the testimony or other evidence to be introduced over the objection of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence.  As stated before, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer the question.

Authority:     Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury
                    Instructions, § 1:1 (West 3d ed. 2016).


GRANTED _____        DENIED _____            MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 10**
**(Notes)**

You have been allowed to take notes during this trial.  Any notes that you took during this trial are only aids to memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors.  Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

<u>Authority</u>       Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.7 (2014).

GRANTED _____       DENIED _____       MODIFIED _____

WITHDRAWN _____       PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 11**
**(Introduction to Claims)**

This lawsuit arises out of Sharyn Orr's use of a prescription medicine called Xarelto. Plaintiffs contend that Mrs. Orr's use of Xarelto caused her to suffer a bleeding event, and her husband, Joseph Orr, Jr., and their children, Joseph Orr, III, Kelli Orr Walker, and Kim Orr Deagano, seek a monetary award for damages that they claim resulted from that event. The Plaintiffs allege that Xarelto was sold with inadequate warnings.

Defendants deny these allegations. They contend that Xarelto's warnings to Mrs. Orr's doctor were adequate and that any alleged inadequacy in the warning did not cause Mrs. Orr's injury.

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 12**
**(FDA Approval)**

The FDA approved both Xarelto and its label.  You may consider this fact in weighing the evidence in this case in determining the liability of the Defendants.  In particular, you may consider Defendants' compliance with FDA regulations as some evidence that Xarelto's label provided an adequate warning.

However, FDA approval, although relevant, does not necessarily absolve the Defendants of all liability, nor does it necessarily establish that the warnings or instructions provided with the drug were adequate under the standards of Louisiana law  In fact, any action or inaction on the part of the FDA, though relevant, does not foreclose a claim under Louisiana law, therefore, even if the Defendants have met all the appropriate standards for FDA approval and governmental regulations and requirements to obtain FDA approval, this compliance and approval, though relevant, is not necessarily sufficient to conclusively establish that the Defendants have taken the steps necessary under the law applicable to this case.  More specifically, if you find that the Defendants failed to apprise the prescribing physician[2] of appropriate testing to address risks that they knew or should have known prior to FDA approval or became known or should have become known after the FDA approved Xarelto's label, then FDA approval of the drug, though relevant, is not conclusive.

On the other hand, if the evidence shows that the FDA's regulations and its review and approval of Xarelto and its label was sufficient to adequately apprise physicians of appropriate testing to address risks that the Defendants knew or should have known after FDA approved

---

[2] Defendants have previously objected to any instruction suggesting that Defendants owed a duty to the treating physician, Dr. Bui.  Without waiving that objection, Defendants request that the phrase "the prescribing physician" be replaced with "the prescribing or treating physician" if the Court intends to instruct the jury that a duty was owed to Dr. Bui.

Xarelto's label, then you may take Defendant's compliance with FDA regulations into account when considering whether Defendants satisfied their duty to warn under Louisiana law.

It is for you, the jury, to decide, based on the evidence presented in this case, how much weight to give the fact that FDA approved Xarelto and its label, in determining whether Defendants satisfied their duty to warn under Louisiana law.

Authority:     Jury Instructions, *Boudreaux v. Janssen et al*, No. 14-2720, at 22–23 (Doc. 6393). 21 U.S.C. § 355; 21 C.F.R. § 314.105; 21 C.F.R. § 314.125; *cf. Crotwell v. Wal-Mart La., LLC*, No. CIV.A. 06-909-C, 2009 WL 1146612, at *7 (M.D. La. Apr. 27, 2009); *Dunne v. Wal-Mart Stores, Inc.*, 679 So. 2d 1034, 1037 (La. Ct. App. 1996).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 13[3]**
**(CBE Regulation)**

Specific federal regulations authorize the manufacturer of a drug which has been approved by the FDA to "add or strengthen . . . warning, precaution, or adverse reaction" information about the drug in the drug's label based on "newly acquired information."  Those changes can be made without first obtaining FDA approval.  However, any change made by the Defendants without first obtaining FDA approval must still comply with FDA label requirements and must still be submitted to FDA after the change has been made for FDA's ultimate approval.  FDA may accept, modify, or reject any change made by the manufacturer.

Authority:      21 C.F.R. § 314.70(c)(6).

GRANTED _____      DENIED _____          MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

---

[3] As explained in Defendants' Motion to Strike, or in the Alternative, To Amend Instructions Regarding Chances Being Effected Regulation, Defendants object to the Court's charge instructing the jury about the CBE regulation and request that it be stricken.  In the alternative, however, Defendants request that the Court give the following instruction, which gives a more complete statement of the regulation's content.

**DEFENDANTS' REQUEST NO. 14**
**(Unavoidably Unsafe Products)**

Prescription drugs often cause unwanted side effects despite the fact that they have been carefully designed and properly manufactured. The law deems such products "unavoidably unsafe," but they are not defective, nor unreasonably dangerous, if they include adequate warnings instructions for the safe use of the drug.

Authority:    Transcript of Record at 1642, *Boudreaux v. Janssen Research & Dev., et al. (In Re Xarelto (Rivaroxaban) Prods. Liab. Litig.)*, No. 14-2720 (E.D. La. 2017) (Ex. 5); *see also* Transcript of Record at 2656–57, *Barnett v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-485 (E.D. La. 2006) (Ex. 1); Transcript of Record at 3151, *Dedrick v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-2545 (E.D. La. 2006) (Ex. 2); Transcript of Record at 2740, *Mason v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-810 (E.D. La. 2006) (Ex. 3); Transcript of Record at 3023, *Smith v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-4379 (E.D. La. 2006) (Ex. 4).

GRANTED _____    DENIED _____    MODIFIED _____

WITHDRAWN _____    PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 15**
**(No Inference from Filing Suit)**

The fact that the Plaintiffs brought a lawsuit and are in court seeking damages creates no inference that they are entitled to a judgment.  Anyone may make a claim and file a lawsuit.  The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

<u>Authority</u>:      Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.6 (2014).

GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

## DEFENDANTS' REQUEST NO. 16
### (Burden of Proof)

The burden of proof is on the Plaintiffs to prove every essential element of their claims by what is known as a preponderance of the evidence.  To establish a claim by a preponderance of the evidence means to prove that the claim is more likely so than not so.

In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider all the testimony of all the witnesses, regardless of who may have called them.  You may also consider all exhibits received in evidence, regardless of who may have produced them.  If the proof should fail to establish any essential element of any of the Plaintiffs' claims by a preponderance of the evidence, you, the jury, should find for the Defendants as to that claim.

Plaintiffs need not prove or produce every possible witness, and need not prove their claims beyond a reasonable doubt as is necessary in a criminal prosecution.  But speculation or mere possibility or even unsupported probability is not sufficient to support a judgment in favor of the Plaintiffs.

<u>Authority</u>:     Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 2:4 (West 3d ed. 2016).

GRANTED _____     DENIED _____          MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 17**
**(Medical Causation)**

The mere fact that a person may have been injured, standing alone, does not permit you, the jury, to draw any inference that such injuries were caused by the Defendants.  To recover for failure to warn, Plaintiffs must prove by a preponderance of the evidence that Xarelto was the medical cause-in-fact of Mrs. Orr's injury.  Such a product is a medical cause if the harm would not have occurred without the product's use.  To prove medical causation, it is not sufficient for Plaintiffs simply to prove that Mrs. Orr was taking Xarelto at the time of her injury.  If the Plaintiffs do not prove that Mrs. Orr's bleeding event would not have occurred without use of Xarelto, the Defendants cannot be held liable.

Authority:    La. Rev. Stat. Ann. § 9:2800.54(A) ("The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous . . . ."); *Sharkey v. Sterling Drug, Inc.*, 600 So. 2d 701, 712 (La. Ct. App. 1992) (holding that plaintiff bears the burden of showing medical causation by a preponderance of the evidence).

GRANTED _____        DENIED _____              MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

## DEFENDANTS' REQUEST NO. 18
### (Liability Based on Inadequate Warning)

I will now discuss the law specifically governing the Plaintiffs' claim that Xarelto had an allegedly inadequate warning about its potential risks.  In order to be successful on such a claim, Plaintiffs must prove by a preponderance of the evidence that:

(1)  The product had a characteristic that might cause damage;

(2)  Defendants failed to use reasonable care to provide an adequate warning of that characteristic and its danger to Mrs. Orr's prescribing physician, Dr. St. Martin; and

(3) The injury which Mrs. Orr suffered was proximately caused by the allegedly inadequate warning.

Authority:     Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 11:3 (West 3d ed. 2016).  *See also* La. Rev. Stat. Ann. § 9:2800.54(D) (plaintiff has burden of proving product is unreasonably dangerous); *id.* § 9:2800.57(A) ("A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product."); *id.* § 9:2800.54(A) (manufacturer is liable "for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant").

GRANTED _____        DENIED _____              MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 19**
**(Learned Intermediary Doctrine)**

Louisiana applies the "learned intermediary" doctrine to products liability cases involving prescription medicines.  A drug manufacturer generally has no obligation to warn consumers directly of any risks associated with a medicine.  This is because prescribing physicians generally are in a superior position to evaluate the warning and instruction and to impart such warning and instruction to the patient, and can provide an independent medical decision as to whether use of the drug is appropriate for a particular patient.  A manufacturer's obligation to the consumer is fulfilled when the prescribing physician, in this case, Dr. St. Martin, is informed of any potential side effects or risks from the drug's use so that he may intelligently decide on its use and advise the patient.  The prescribing doctor acts as an informed intermediary, and the decision to use a particular drug in a particular circumstance rests with the prescribing doctor, not with the manufacturer.

Authority:     *Mikell v. Hoffman-LaRoche, Inc.*, 649 So. 2d 75, 79–80 (La. Ct. App. 1994) ("The obligation to the consumer is fulfilled when the prescribing or treating physician is informed of any potential side effects or risks from the drug's use so that they may intelligently decide on its use and advise the patient.  The doctor acts as an informed intermediary, and the decision to use the drug in a particular circumstance rests with the doctor and the patient, not the manufacturer." (citations omitted)); *see also Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 267–68 (5th Cir. 2002) (citing *Mikell*, 649 So. 2d at 80); *Calhoun v. Hoffman LaRoche*, 768 So. 2d 57, 61 (La. Ct. App. 2000); *Stahl*, 283 F.3d at 265 ("Under [the learned intermediary] doctrine, a drug manufacturer discharges its duty to consumers by reasonably informing *prescribing physicians* of the dangers of harm from a drug." (emphasis added)).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF OBJ _____

25

**DEFENDANTS' REQUEST NO. 20**
**(Definition of Adequate Warning)**

When I use the term "adequate warning," I mean a warning or instruction that would lead

a doctor prescribing a particular medication to think about and understand the risks in using that

drug, and then to make an informed decision either to not prescribe it, or, if possible, to use the

drug in such a manner as to avoid the injury claimed by the plaintiff.  An adequate warning does

not have to be perfect, only reasonable.  You should consider whether the warning was a reasonable

warning, not whether it was the best possible warning.

Authority:      Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury
                Instructions § 11:3 (West 3d ed. 2016).  *See also* La. Rev. Stat. Ann. § 9:2800.53(9)
                ("'Adequate warning' means a warning or instruction that would lead an ordinary
                reasonable user or handler of a product to contemplate the danger in using or
                handling the product and either to decline to use or handle the product or, if
                possible, to use or handle the product in such a manner as to avoid the damage for
                which the claim is made."); *Grenier v. Med. Eng'g Corp.*, 99 F. Supp. 2d 759, 766
                (W.D. La. 2000) ("Warnings need not use specific language to convey every
                possible existing danger—the law only requires them to be adequate."), *aff'd*, 243
                F.3d 200 (5th Cir. 2001).

GRANTED _____        DENIED _____              MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

## DEFENDANTS' REQUEST NO. 21
### (Proximate Cause -- Warning)

To recover for failure to warn, Plaintiffs must prove by a preponderance of the evidence that an inadequate warning itself—in addition to the medication—was the proximate cause of Mrs. Orr's alleged injury.  When I say "proximate cause," I mean that Plaintiffs must prove by a preponderance of the evidence that, if a different warning had accompanied Xarelto, then Dr. St. Martin would have changed his prescribing decision and Mrs. Orr would not have suffered her alleged injury.  If the doctor was already aware of the risk, then you must find the Defendants not liable for failure to warn.

Authority:  *Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1098–99 (5th Cir. 1991) (applying Louisiana law) ("Because the defective aspect of the product must cause the injury, the plaintiff must show that a proper warning would have changed the decision of the treating physician, *i.e.* that but for the inadequate warning, the treating physician would not have used or prescribed the product." (footnote omitted)); *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 271 (5th Cir. 2002) ("[I]n order to prevail on an inadequate instruction claim for a prescription drug, a plaintiff must demonstrate that the instructions provided did not enable the treating physician to 'use or handle the [drug] . . . in such a manner as to avoid the damage for which the claim is made.'" (alterations in original) (quoting La. Rev. Stat. Ann. § 9:2800.53(9))).

GRANTED _____     DENIED _____          MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 22**
**(Abandoned Theories)**

You have heard testimony from some of Plaintiffs' witnesses regarding Xarelto's dose, dosing regimen, and lack of a reversal agent.  You may not consider any testimony about Xarelto's dose or dosing regimen as evidence of a defect in the product, nor may you consider the fact that there is no reversal agent for Xarelto as a defect in the product.

Authority:    *See* Stipulation & Order (Doc. 6601) (dismissing with prejudice any design-defect claim); Pls.' Opp. to Defs.' Dosing, Monitoring and Design Preemption MSJ (Doc. 5531) at 2 (Plaintiffs expressly stated that they were "not asserting that the Defendants should unilaterally lower the approved dose of Xarelto to provide a different dosing regimen without FDA approval"); Pls.' Opp. to Defs.' LPLA MSJ (Doc. 5524), at 1 ("Plaintiffs' design defect claims . . . posit that the absence of . . . a reversal agent rendered Xarelto unreasonably dangerous under the LPLA."); *see also Liu v. Boehringer Ingelheim Pharms., Inc.*, No. 1:14-cv-13234-WGY, ECF No. 148 (D. Mass. June 2, 2017) (Exh. 6) (electronic order granting motion in limine "to Exclude Evidence Related to the 110 Milligram Dose of Pradaxa"); *Liu v. Boehringer Ingelheim Pharms., Inc.*, No. 1:14-cv-13234-WGY, ECF No. 150 (D. Mass. June 2, 2017) (Exh. 7) (electronic order granting motion in limine "to Exclude Evidence or Argument Related to Pradaxa's Initial Lack of a Reversal Agent and Subsequent Approval of a Reversal Agent").

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 23**
**(Off Label)**

Plaintiffs have alleged that the Xarelto label should have instructed physicians to use a Neoplastin Prothombin Time test with Xarelto, which would be an "off label" use of the Neoplastin Prothrombin Time test. The term "off label" is defined by federal law and means that the FDA has not approved the product for this use. The Neoplastin Prothrombin Time test is not a product of the Defendants. The fact that the FDA has not approved this test for use with Xarelto is not a basis for finding liability against the Defendants.

Authority:    *Buckman Co. v. Pls.' Legal Comm.*, 531 U.S. 341, 350 (2001).

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 24**
**(Damages—General Instruction)**

If you decide that the Plaintiffs have established the other elements of their case by a preponderance of the evidence, you must decide the question of whether there has been damage to Plaintiffs and if so, the amount of that damage.

Louisiana law suggests simple reparation is a just and adequate compensation for injuries. Your award should be designed to fully and fairly compensate the Plaintiffs for their injury, if you find one has occurred, and should not go beyond such reparation.

The law recognizes the difficulty of translating personal injuries into a dollars and cents figure, but that is what must be done if you decide Plaintiffs have proven their claims by a preponderance of the evidence. You must arrive at a figure that will fairly and adequately compensate the Plaintiffs for damages they have suffered. In estimating such damages, you may take into consideration the following elements:

(1) physical injury suffered;

(2) pain and suffering, both physical and mental;

(3) loss of enjoyment of life;

(4) permanent disability, if any;

(5) loss of earnings, if any, both past and present;

(6) medical expenses, both past and future.

Like other parts of the Plaintiffs' case, these damages must be established by a preponderance of the evidence.  This means, on the one hand, that you are not entitled to award speculative damages for injuries which you think the Plaintiffs might have suffered or might suffer in the future.  On the other hand, it means that you may make an effort to reasonably approximate the damages which the Plaintiffs have proved are more probable than not, even though they cannot be computed with mathematical certainty.

In reaching a verdict on the question of damages, I caution you not to include anything for the payment of court costs and attorney fees; the law does not consider these as damages suffered by the Plaintiffs.  Also, any amount which you might award to the Plaintiffs is *not* income within the meaning of the income tax laws.  If you decide to make an award, follow the instructions I have given you, and do not add or subtract from that award on account of federal or state income taxes.  In other words, if you find that the Plaintiffs are entitled to damages, the amount which you award should be the sum that you think will fully and fairly compensate the Plaintiffs for their injuries without regard to what they may pay their attorneys or the amount that you might think would be paid in income taxes.

Finally, let me say that the fact that I have given you these statements about the law of damages does not in any way imply or suggest that I feel or do not feel that any damages are due in this case.  Whether or not damages are due is solely for you to determine.

<u>Authority</u>:    Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 18:1 (West 3d ed. 2016).

GRANTED _____        DENIED _____            MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 25**
**(No Punitive Damages)**

The Plaintiffs have agreed that they are not seeking an award of punitive damages in this case.  That is to say, the Plaintiffs are not seeking an award as punishment for any injuries that they may have suffered.  Accordingly, punitive damages cannot be awarded, even if you might feel that the Defendants should be punished.  Any award made in this case must be limited to a reasonable compensation for the items claimed as damages resulting from the injury.

Authority:      Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 18:11 (West 3d ed. 2016).

GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 26**
**(Statements by Counsel as to Damage)**

Statements of any attorney in this case as to his or her estimate of dollar amounts to be awarded for any claims such as pain and suffering or similar claims, are not evidence and you should disregard them.  The determination of damages is solely your function, and your decision must be based upon competent evidence, and not upon figures suggested by an attorney.

<u>Authority</u>:     H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 1:4 (West 3d ed. 2016).

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 27**
**(Lost Chance of Survival[4])**

Plaintiffs ask for damages for loss of a chance of survival.  You are to reach this question only if you determine that Mrs. Orr's initial injury—in other words, her brain hemorrhage—was not caused by her use of Xarelto.  To recover damages for a lost chance of survival, plaintiffs first must prove all other elements of their claim of inadequate warning under the Louisiana Product Liability Act.  If plaintiffs have not proven all other elements of their claim under the Louisiana Product Liability Act, you cannot award damages for lost chance of survival.  In addition, plaintiffs must prove that (1) the plaintiff had a chance of survival at the time of the proven inadequate warning, (2) the chance of survival was less than 50%, (3) the proven inadequate warning deprived the plaintiff of all or part of that chance of survival, and (4) the value of the lost chance, which is the only item of damages at issue in the case.

Authority:     *Gordy Smith v. State throught Dept. of Health & Human Res. Admin.*, 523 So. 2d 815 (La. 1988); *Rachel Smith v. State Dept. of Health & Hosps.*, 676 So. 2d 543 (La. 1996); *Deykin v. Ochsner Clinic Found.*, __ So. 3d __, 2017 WL 1488855 (La. Ct. App. Apr. 26, 2017)

GRANTED _____        DENIED _____           MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

---

[4] As explained in Defendants' prior briefing, (*see* Docs. 6389, 6762, 6770, 6776), Defendants object to the Court's charge instructing the jury about lost chance of survival in an LPLA case—particularly where, as here, Plaintiffs "stipulate[d] that all claims and causes of action falling outside of the exclusive theories of recovery and damages allowed by the LPLA are hereby dismissed with prejudice," Doc. 5341 ¶ 4—and request that the instruction be stricken.  In the alternative, however, Defendants request that the Court give the following instruction, which gives a more accurate statement of the law.

**DEFENDANTS' REQUEST NO. 28**
**(Medical Expenses)**

In determining any award that you might make for medical expenses, you should consider the evidence to decide the reasonable value or expense of medical, nursing, and hospital care and treatment which was reasonable and necessary for Mrs. Orr's condition.

Authority:     Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury
               Instructions § 18:5 (West 3d ed. 2016).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF OBJ _____

35

## DEFENDANTS' REQUEST NO. 29
### (Loss of Consortium)

A claim has also been made in this case by Plaintiffs for their own damage from Mrs. Orr's injuries, due to the loss of "consortium, service and society" previously enjoyed with Mrs. Orr.

This term needs some further definition.  When a person is injured, the law permits you to make an award to certain relatives if you choose to do so.

"Loss of consortium" is the term which the law uses to describe the loss of love, companionship, comfort, and services which a family member might have provided if she had not been injured.  You may consider the following factors in making this determination: loss of love and affection, loss of companionship and moral support, decreased sexual relations, plaintiff's decreased ability to perform household services, and decreased aid and assistance in the family unit.

You are not required to make an award in this case to Plaintiffs merely because Mrs. Orr was injured.  You should award damages to them only if you determine that they have proven that there has been a loss of consortium, as I have described it to you, resulting from the injury.

Authority:    Adapted from H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury
              Instructions § 18:8 (West 3d ed. 2016).

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____       PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 30**
**(Mental Anguish)**

The law recognizes that a plaintiff may suffer mental distress and anguish as a result of an incident as well as physical pain and suffering.  You are permitted to consider such consequences as a part of the general damages which you may award.  By "mental distress and anguish," I mean substantial worry or concern, grief and the like.

Though the law recognizes a possible recovery for mental distress, it requires that you carefully scrutinize the evidence presented on this point to assure yourselves that such injury has been proven by the Plaintiffs.

<u>Authority</u>:      H. Alston Johnson, III, 18 Louisiana Civil Law Treatise, Civil Jury Instructions § 18:12 (West 3d ed. 2016).

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF OBJ _____

**DEFENDANTS' REQUEST NO. 31**
**(Duty to Deliberate)**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong.  But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes.  You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous.  After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it.  After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

<u>Authority</u>:      Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.7 (2014).

GRANTED _____      DENIED _____      MODIFIED _____

WITHDRAWN _____      PLAINTIFF OBJ _____

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  XARELTO (RIVAROXABAN)               MDL No. 2592
PRODUCTS LIABILITY LITIGATION

                                                        SECTION L

THIS DOCUMENT RELATES TO:                    JUDGE ELDON E. FALLON

Joseph Orr, Jr., et al. v. Janssen et al.           MAGISTRATE NORTH
Case No. 2:15-cv-03708


**VERDICT FORM**


**QUESTION 1**

Do you find by a preponderance of the evidence that Mrs. Orr's bleeding event would not have occurred without the use of Xarelto?

YES _____          NO _____

> ➢   *If you answered "yes" to this question, please proceed to Questions #2(a) and (b).*
> ➢   *If you answered "no" to this question, please proceed to Question #2(b).*


**QUESTION 2**

Do you find by a preponderance of the evidence that Defendants failed to provide adequate warnings and instructions for the safe use of Xarelto to either or both of Mrs. Sharyn Orr's physicians:

    a) Dr. Maurice St. Martin          YES _____          NO _____

    b) Dr. Cuong Bui                        YES _____          NO _____

> ➢   *If you answered "no" to Question #1 and "yes" to Question #2(b), please proceed to Question #3.*
> ➢   *If you answered "yes" to either #2(a) or both #2(a) and #2(b), please proceed to Question #5.*
> ➢   *If you answered "no" to both #2(a) and #2(b), please skip all remaining questions, date, and sign this verdict form where indicated on the last page, and inform the Marshal that you have reached a verdict.*

**QUESTION 3**

Do you find by a preponderance of the evidence that the Defendants' failure to provide adequate warnings and instructions to Dr. Cuong Bui deprived Mrs. Sharyn Orr of a chance of survival?

YES _____       NO _____

> ➤ *If you answered "yes" to this question, please proceed to Question #4.*
> ➤ *If you answered "no" to this question, please skip all remaining questions, date, and sign this verdict form where indicated on the last page, and inform the Marshal that you have reached a verdict.*

**QUESTION 4**

Please state the amounts which you find by a preponderance of the evidence will fairly and adequately compensate Plaintiffs for the following elements of damages.

       The loss of a chance of Mrs. Sharyn      $_____
          Orr's survival

> ➤ *Please date and sign this verdict form where indicated on the last page and inform the Marshal that you have reached a verdict.*

## QUESTION 5

Do you find by a preponderance of the evidence that the Defendants' failure to provide adequate warnings and instructions was a proximate cause of Mrs. Orr's death?

YES _____          NO _____

> ➤   *If you answered "yes" to this question, please proceed to Question #6.*
> ➤   *If you answered "no" to this question, please skip all remaining questions, date, and sign this verdict form where indicated on the last page, and inform the Marshal that you have reached a verdict.*

**QUESTION 6**

Please state the amounts which you find by a preponderance of the evidence will fairly and adequately compensate Plaintiffs for the following elements of damages.

    1.   Mrs. Sharyn Orr's conscious pain and    $_____
suffering prior to her death.

    2.   Medical bills for the treatment of    $_____
Mrs. Orr prior to her death.

    3.   Funeral and burial expenses    $_____
associated with Mrs. Orr's death.

    4.   Joseph Orr, Jr.'s:

        a.  loss of his wife's love, affection    $_____
and society;

        b.  loss of his wife's financial    $_____
support; and

        c.  loss of his wife's material    $_____
services.

    5.   Joseph Orr, III's loss of his mother's    $_____
love, affection and society

    6.   Kelli Orr Walker's loss of her    $_____
mother's love, affection and society.

    7.   Kim Orr DeAgano's loss of her    $_____
mother's love, affection and society.

   ➢    *Please date and sign this verdict form where indicated on the last page and inform the Marshal that you have reached a verdict.*

Please date and sign the verdict form, inform the Marshal that a verdict has been reached, and return to the courtroom.

New Orleans, Louisiana, this ____ day of _____, 2017.

_____
Jury Foreperson

# EXHIBIT 1

1   INFERENCES FROM THE TESTIMONY AND THE EXHIBITS AS YOU FEEL ARE

2   JUSTIFIED IN THE LIGHT OF YOUR COMMON EXPERIENCE.   IN OTHER

3   WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSION THAT REASON

4   AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN

5   ESTABLISHED BY THE TESTIMONY AND THE EVIDENCE IN THIS CASE.

6               YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL

7   EVIDENCE.   NOW, DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO

8   ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS.

9   CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND

10  CIRCUMSTANCES INDICATING A FACT TO BE PROVED.   THE LAW MAKES NO

11  DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR

12  CIRCUMSTANTIAL EVIDENCE.

13              IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE

14  YOUR GOOD SENSE.   GIVE THE EVIDENCE AND THE TESTIMONY OF THE

15  WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT OF

16  YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.

17              IN WEIGHING THE TESTIMONY AND IN DETERMINING THE

18  CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE

19  WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR HER

20  PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY, AND

21  HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE

22  OUTCOME OF THE CASE, ANY PREJUDICE OR BIAS HE OR SHE MAY HAVE

23  SHOWN, AND ANY PARTIALITY THAT HE OR SHE MAY HAVE DEMONSTRATED.

24              IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY

25  CONCERNING ANY MATERIAL MATTER, YOU, THE JURY, HAVE A RIGHT TO

8e57af85-8815-440a-b62f-d386426b46b5

Page 2650

1    DISTRUST SUCH WITNESS' TESTIMONY ON OTHER MATTERS, AND YOU MAY

2    DISTRUST ALL OF THE TESTIMONY OF THAT WITNESS.

3              YOU SHOULD KEEP IN MIND, OF COURSE, THAT A

4    SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE

5    WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT,

6    BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS

7    INACCURATELY.  SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU

8    NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL

9    FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE

10   SIGNIFICANCE OF THAT MAY WELL DEPEND ON WHETHER IT HAS TO DO

11   WITH AN IMPORTANT FACT OR ONLY AN UNIMPORTANT DETAIL.

12             THE TESTIMONY OF A SINGLE WITNESS MAY BE

13   SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF

14   WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF, AFTER

15   CONSIDERING ALL THE OTHER EVIDENCE, YOU, THE JURY, BELIEVE THAT

16   SINGLE WITNESS.

17             NOW, WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER

18   MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING

19   OR EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN

20   EXPERT WITNESS AND IS PERMITTED TO STATE HIS OR HER OPINION ON

21   THOSE TECHNICAL MATTERS.  SUCH WITNESSES HAVE TESTIFIED IN THIS

22   CASE.  YOU ARE NOT, HOWEVER, ARE NOT REQUIRED TO ACCEPT THAT

23   OPINION.  AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE

24   WHETHER TO RELY UPON IT.

25             IF YOU SHOULD DECIDE THAT THE OPINION OF AN

DAILY COPY

8e57af85-8815-440a-b62f-d386426b46b5

M007D38360

1   EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR

2   EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN

3   SUPPORT OF THE OPINION ARE NOT SOUND OR THAT THE OPINION IS

4   OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THAT

5   OPINION ENTIRELY.

6             IN DECIDING WHETHER TO ACCEPT OR TO RELY UPON

7   THE OPINION OF AN EXPERT WITNESS, YOU, THE JURY, MAY CONSIDER

8   ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM

9   EVIDENCE, THAT THE EXPERT WITNESS HAS AN ECONOMIC, A

10  PHILOSOPHICAL, OR OTHER INTEREST IN THE OUTCOME OF THE CASE.

11            CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU BY

12  VIDEO DEPOSITIONS.  A DEPOSITION, AS I MENTIONED BEFORE, IS THE

13  SWORN, RECORDED ANSWER TO QUESTIONS ASKED TO A WITNESS IN

14  ADVANCE OF TRIAL.  UPON SOME CIRCUMSTANCES, IF A WITNESS CANNOT

15  BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS'

16  TESTIMONY MAY BE PRESENTED UNDER OATH IN THE FORM OF A

17  DEPOSITION.

18            SOMETIME BEFORE TRIAL, THE ATTORNEYS

19  REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THE WITNESS

20  UNDER OATH.  A COURT REPORTER WAS PRESENT AND RECORDED THE

21  TESTIMONY.  THE QUESTIONS AND ANSWERS WERE PRESENTED BY VIDEO

22  TO YOU.  THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME

23  CONSIDERATION, IS TO BE JUDGED BY YOU AS TO CREDIBILITY, AND

24  WEIGHED AND OTHERWISE CONSIDERED BY YOU, INSOFAR AS POSSIBLE,

25  IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD

M007D38361

8e57af85-8815-440a-b62f-d386426b46b5

# EXHIBIT 2

## Page 3143

1  THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT
2  ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE,
3  AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR
4  INFERENCES THAT THEY ARE PARTICULARLY CONCERNED THAT YOU
5  RECALL.  IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN
6  RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS
7  IN THE CASE.  WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.
8       ALSO, DURING THE COURSE OF THE TRIAL, I MAY HAVE
9  OCCASIONALLY MADE A COMMENT OR EVEN ASKED A QUESTION OF A
10  WITNESS OR ADMONISHED A WITNESS CONCERNING THE MANNER IN WHICH
11  HE OR SHE SHOULD RESPOND TO THE QUESTIONS OF COUNSEL.  DO NOT
12  ASSUME FROM ANYTHING THAT I MAY HAVE SAID THAT I HAVE ANY
13  OPINION CONCERNING ANY OF THE FACTS IN THIS CASE.  IN ARRIVING
14  AT YOUR OWN FINDINGS AS TO THE FACTS, YOU SHOULD DISREGARD
15  ANYTHING I MAY HAVE SAID DURING THE TRIAL EXCEPT FOR MY
16  INSTRUCTIONS AS TO THE LAW.
17       THE LAW OF THE UNITED STATES PERMITS THE JUDGE
18  TO COMMENT ON THE EVIDENCE PRESENTED DURING A CASE.  I DO NOT
19  BELIEVE THAT I HAVE MADE ANY COMMENTS ON THE EVIDENCE IN THIS CASE.
20  IF YOU COULD POSSIBLY CONSTRUE, HOWEVER, ANY REMARK WHICH I
21  HAVE MADE DURING THE COURSE OF THE TRIAL AS A COMMENT ON THE
22  EVIDENCE, THEN I INSTRUCT YOU THAT ANY SUCH COMMENT ON MY PART
23  IS ONLY AN EXPRESSION OF MY OPINION AS TO THE FACTS AND THAT
24  YOU, THE JURY, MAY DISREGARD SUCH COMMENT OR COMMENTS ENTIRELY
25  SINCE YOU, AS I MENTIONED, AS JURORS, ARE INDEED THE SOLE

## Page 3144

1  JUDGES OF THE FACTS IN THIS CASE.
2       NOW, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE
3  IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE
4  INFERENCES FROM THE TESTIMONY AND THE EXHIBITS THAT YOU FEEL
5  ARE JUSTIFIED IN LIGHT OF YOUR COMMON EXPERIENCE. IN OTHER
6  WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT
7  REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT
8  HAVE BEEN ESTABLISHED BY THE TESTIMONY AND THE EVIDENCE IN THIS
9  CASE.
10       YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL
11  EVIDENCE.  DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO ASSERTS
12  ACTUAL KNOWLEDGE OF A FACT SUCH AS AN EYEWITNESS.
13  CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND
14  CIRCUMSTANCES INDICATING A FACT TO BE PROVED.  THE LAW MAKES NO
15  DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR
16  CIRCUMSTANTIAL EVIDENCE.
17       IN DECIDING THIS CASE, YOU ARE EXPECTED TO USE
18  YOUR GOOD SENSE.  GIVE THE EVIDENCE AND THE TESTIMONY OF THE
19  WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT OF
20  YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.
21       IN WEIGHING THE TESTIMONY AND IN DETERMINING THE
22  CREDIBILITY OF ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE
23  WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR HER
24  PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY AND
25  HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE

## Page 3145

1  OUTCOME OF THE CASE, ANY PREJUDICE OR ANY BIAS HE OR SHE MAY
2  HAVE SHOWN, AND ANY PARTIALITY HE OR SHE MAY HAVE DEMONSTRATED.
3       IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY
4  CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST
5  SUCH WITNESS TESTIMONY ON OTHER MATTERS AND YOU MAY DISREGARD
6  OR DISTRUST ANY OF THE TESTIMONY OF THAT WITNESS.
7       YOU SHOULD KEEP IN MIND, OF COURSE, THAT A
8  SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE
9  WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT
10  BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS
11  INACCURATELY.  SO IF A WITNESS HAS MADE A MISSTATEMENT, YOU
12  NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL
13  FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE
14  SIGNIFICANCE OF THAT MAY WELL DEPEND ON WHETHER IT HAS TO DO
15  WITH AN IMPORTANT FACT OR SIMPLY AN UNIMPORTANT DETAIL.
16       IN WEIGHING THE CREDIBILITY OF A WITNESS, YOU
17  MAY CONSIDER THE FACT THAT HE HAS PREVIOUSLY BEEN CONVICTED OF
18  A CRIME INVOLVING DISHONESTY OR FALSE STATEMENT.  THE PARTIES
19  HAVE STIPULATED, OR AGREED, THAT ANTHONY DEDRICK WAS CONVICTED
20  ON FIVE SEPARATE OCCASIONS OF THE CRIME OF PASSING BAD CHECKS.
21  YOU MUST, THEREFORE, TREAT THIS FACT AS HAVING BEEN PROVED.
22  SUCH A CONVICTION DOES NOT NECESSARILY DESTROY ANTHONY
23  DEDRICK'S CREDIBILITY, BUT IT IS ONE OF THE CIRCUMSTANCES YOU
24  MAY TAKE INTO ACCOUNT IN DETERMINING THE WEIGHT TO GIVE TO HIS
25  TESTIMONY.

## Page 3146

1  NOW, THE TESTIMONY OF A SINGLE WITNESS MAY BE
2  SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF
3  WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER
4  CONSIDERING ALL OF THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE
5  WITNESS.
6       WHEN KNOWLEDGE OF A TECHNICAL SUBJECT MATTER MAY
7  BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR
8  EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN EXPERT
9  WITNESS AND IS PERMITTED TO STATE HIS OPINION ON THOSE
10  TECHNICAL MATTERS.  SUCH WITNESSES HAVE TESTIFIED IN THIS CASE.
11  YOU ARE NOT, HOWEVER, REQUIRED TO ACCEPT THAT OPINION.  AS WITH
12  ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY
13  UPON IT.
14       IF YOU SHOULD DECIDE THAT THE OPINION OF AN
15  EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR
16  EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE FACTS THAT THE
17  EXPERT RELIED UPON ARE INCORRECT, THAT THE REASONS GIVEN IN
18  SUPPORT OF THE OPINION ARE NOT SOUND, OR THAT THE OPINION IS
19  OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE
20  OPINION ENTIRELY.
21       IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE
22  OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE
23  WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT
24  THE WITNESS HAS AN ECONOMIC, A PHILOSOPHICAL, OR ANY OTHER
25  INTEREST IN THE OUTCOME OF THE CASE.

30  (Pages 3143 to 3146)

DAILY COPY

M00B736854

# EXHIBIT 3

1  MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND

2  COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS THAT HAVE BEEN

3  ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.  YOU MAY

4  CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

5         NOW, DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO

6  ASSERTS ACTUAL KNOWLEDGE OF THE FACTS, SUCH AS AN EYEWITNESS.

7  CIRCUMSTANTIAL EVIDENCE IS THE PROOF OF A CHAIN OF

8  CIRCUMSTANCES INDICATING A FACT TO BE PROVED.  THE LAW MAKES NO

9  DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR

10  CIRCUMSTANTIAL EVIDENCE.

11         NOW, IN DECIDING THIS CASE, YOU'RE EXPECTED TO

12  USE YOUR GOOD SENSE.  GIVE THE EVIDENCE AND THE TESTIMONY OF

13  THE WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT

14  OF YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.

15  IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OF

16  ANY WITNESS, YOU MAY CONSIDER THE CONDUCT OF THE WITNESS, HIS

17  OR HER BEARING ON THE WITNESS STAND, HIS OR HER PERSONAL

18  FEELINGS AS COMMON DEMONSTRATED BY HIS OR HER TESTIMONY, AND

19  HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE

20  OUTCOME OF THE CASE, ANY PREJUDICE OR ANY BIAS HE OR SHE MAY

21  HAVE SHOWN, AND ANY PARTIALITY HE OR SHE MAY HAVE DEMONSTRATED.

22         IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY

23  CONCERNING ANY MATERIAL MATTER, YOU HAVE THE RIGHT TO DISTRUST

24  SUCH WITNESS' TESTIMONY ON OTHER MATTERS, AND YOU MAY DISTRUST

25  ALL OF THE TESTIMONY OF THAT WITNESS.  YOU SHOULD KEEP IN MIND,

M006B54817

Page 2734

1    HOWEVER, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT

2    NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS

3    HE OR SHE REMEMBERS IT BECAUSE PEOPLE MAY FORGET SOME THINGS OR

4    REMEMBER OTHER THINGS INACCURATELY.  SO IF A WITNESS HAS MADE A

5    MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT

6    WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF

7    MEMORY, AND THE SIGNIFICANCE OF THAT MAY WELL DEPEND ON WHETHER

8    IT HAS TO DO WITH AN IMPORTANT FACT OR AN UNIMPORTANT DETAIL.

9            THE TESTIMONY OF A SINGLE WITNESS MAY BE

10   SUFFICIENT TO PROVE ANY FACT EVEN IF A GREATER NUMBER OF

11   WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY IF, AFTER

12   CONSIDERING ALL OF THE EVIDENCE, YOU, THE JURY, BELIEVE THAT

13   SINGLE WITNESS.

14           WHEN KNOWLEDGE OF A TECHNICAL SUBJECT MATTER MAY

15   BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR

16   EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS AN EXPERT

17   WITNESS AND IS PERMITTED TO STATE HIS OR HER OPINION ON THOSE

18   TECHNICAL MATTERS.  SUCH WITNESSES HAVE TESTIFIED IN THIS CASE.

19   AS I MENTIONED BEFORE, HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT

20   THAT OPINION.  AS WITH ANY OTHER WITNESS, IT IS UP TO YOU, THE

21   JURY, TO DECIDE WHETHER TO RELY UPON IT.

22           IF YOU SHOULD DECIDE THAT THE OPINION OF AN

23   EXPERT IS NOT BASED UPON SUFFICIENT EDUCATION AND EXPERIENCE OR

24   IF YOU SHOULD CONCLUDE THAT THE FACTS THE EXPERT RELIED UPON

25   ARE INCORRECT, THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION

M00EB54818

1   ARE NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER

2   EVIDENCE, THEN YOU MAY DISREGARD THAT OPINION ENTIRELY.   IN

3   DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN

4   EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS,

5   INCLUDING ANY BIAS YOU MAY INFER FROM THE EVIDENCE THAT THE

6   EXPERT WITNESS HAS AN ECONOMIC, PHILOSOPHICAL, OR ANY OTHER

7   INTEREST IN THE OUTCOME OF THE CASE.

8                    CERTAIN TESTIMONY WAS PRESENTED TO YOU BY WAY OF

9   VIDEO DEPOSITION.   A DEPOSITION IS THE SWORN, RECORDED ANSWERS

10  TO QUESTIONS ASKED TO A WITNESS IN ADVANCE OF TRIAL.   UNDER

11  SOME CIRCUMSTANCES, IF THE WITNESS CANNOT BE PRESENT AT TRIAL

12  FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY WAS PRESENTED

13  UNDER OATH IN THE FORM OF A DEPOSITION.   SOMETIME BEFORE THIS

14  TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE

15  QUESTIONED THE WITNESS UNDER OATH.   A COURT REPORTER WAS

16  PRESENT AND RECORDED THE TESTIMONY.   THE QUESTIONS AND ANSWERS

17  WERE PRESENTED BY VIDEO TO YOU.   THE DEPOSITION TESTIMONY IS

18  ENTITLED TO THE SAME CONSIDERATION AND IS TO BE JUDGED BY YOU

19  AS TO CREDIBILITY AND WEIGHED AND OTHERWISE CONSIDERED BY YOU,

20  INSOFAR AS POSSIBLE, IN THE SAME WAY AS IF THE WITNESS HAD BEEN

21  PRESENT AND TESTIFIED FROM THE WITNESS STAND IN COURT.

22                    DURING THE COURSE OF THE TRIAL, YOU WILL HAVE

23  HEARD OBJECTIONS TO THE EVIDENCE.   SOMETIMES THESE HAVE BEEN

24  ARGUED OUT OF THE HEARING OF THE JURY.   IT IS THE DUTY OF THE

25  ATTORNEY FOR EACH SIDE TO OBJECT WHEN THE OTHER SIDE OFFERS

M00EB54819

# EXHIBIT 4

Page 3013

1    AFTERNOON SESSION
2    (SEPTEMBER 26, 2006)
3    (WHEREUPON, THE FOLLOWING PROCEEDINGS WERE
4    TRANSCRIBED BY CATHY PEPPER, CCR, RPR, CRR, OFFICIAL COURT
5    REPORTER.)
6    THE COURT:  MEMBERS OF THE JURY, YOU HAVE NOW HEARD
7    ALL THE EVIDENCE IN THIS CASE AS WELL AS THE FINAL ARGUMENT.
8    IT BECOMES MY DUTY TO INSTRUCT YOU ON THE RULES OF LAW THAT YOU
9    MUST FOLLOW AND APPLY IN ARRIVING AT YOUR DECISION IN THIS
10   CASE.  AS I MENTIONED SEVERAL TIMES, IN ANY JURY TRIAL, THERE
11   ARE, IN EFFECT, TWO JUDGES.  I AM ONE OF THE JUDGES; THE OTHER
12   IS YOU, THE JURY.  IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND
13   DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER
14   THE LAW FOR YOUR CONSIDERATION.
15   IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO
16   INSTRUCT YOU ON THE LAW APPLICABLE TO THE CASE.  YOU, AS
17   JURORS, ARE JUDGES, JUDGES OF THE FACTS.  BUT IN DETERMINING
18   WHAT ACTUALLY HAPPENED IN THIS CASE, THAT IS, IN REACHING YOUR
19   DECISION AS TO THE FACTS, IT IS YOUR SWORN DUTY TO FOLLOW THE
20   LAW AS I AM NOW IN THE PROCESS OF DEFINING FOR YOU, AND YOU
21   MUST FOLLOW MY INSTRUCTIONS AS A WHOLE.  YOU HAVE NO RIGHT TO
22   DISREGARD OR GIVE SPECIAL ATTENTION TO ANY INSTRUCTION, ANY ONE
23   INSTRUCTION, OR QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE
24   I MAY STATE TO YOU; THAT IS, YOU MUST NOT SUBSTITUTE OR FOLLOW
25   YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO

Page 3014

1    BE.  IT IS YOUR DUTY TO APPLY THE LAW AS I GIVE IT TO YOU,
2    REGARDLESS OF THE CONSEQUENCES.
3    BY THE SAME TOKEN, IT IS ALSO YOUR DUTY TO BASE
4    YOUR VERDICT SOLELY ON THE TESTIMONY AND OTHER EVIDENCE IN THE
5    CASE WITHOUT PREJUDICE AND WITHOUT SYMPATHY.  THAT WAS THE
6    PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY
7    THE PARTIES AS JURORS IN THIS CASE, AND THEY AND THE COURT HAVE
8    A RIGHT TO EXPECT NOTHING LESS FROM YOU.  THIS CASE SHOULD BE
9    DECIDED AND CONSIDERED BY YOU AS AN ACTION BETWEEN PERSONS OF
10   EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING
11   THE SAME OR SIMILAR STATIONS IN LIFE.  ALL PERSONS, ALL
12   CORPORATIONS, OR PUBLIC ENTITIES STAND EQUAL BEFORE THE LAW AND
13   ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.
14   AS I STATED EARLIER, IT IS YOUR DUTY TO
15   DETERMINE THE FACTS; AND IN SO DOING, YOU MUST CONSIDER ONLY
16   THE EVIDENCE I HAVE ADMITTED IN THE CASE.  NOW, THE TERM
17   "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES AND
18   THE EXHIBITS ADMITTED INTO THE RECORD.  REMEMBER THAT ANY
19   STATEMENTS, OBJECTIONS, OR ARGUMENTS MADE BY THE LAWYERS ARE
20   NOT EVIDENCE IN THE CASE.  THE FUNCTION OF THE LAWYER IS TO
21   POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT AND MOST
22   HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING, TO CALL
23   YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT THEY ARE
24   PARTICULARLY CONCERNED THAT YOU, THE JURY, RECALL.  IN THE
25   FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND

Page 3015

1    INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THIS CASE.
2    WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.
3    ALSO, DURING THE COURSE OF TRIAL, I HAVE
4    OCCASIONALLY MADE A COMMENT TO A LAWYER OR ASKED A QUESTION OF
5    A WITNESS OR ADMONISHED A WITNESS CONCERNING THE MANNER IN
6    WHICH HE OR SHE SHOULD RESPOND TO A QUESTION OF COUNSEL.  DO
7    NOT ASSUME FROM ANYTHING I MAY HAVE SAID THAT I HAVE ANY
8    OPINION CONCERNING ANY OF THE FACTS IN THIS CASE.  IN ARRIVING
9    AT YOUR FINDINGS AS TO THE FACTS, YOU SHOULD DISREGARD ANYTHING
10   I MAY HAVE SAID DURING THE TRIAL, EXCEPT FOR MY INSTRUCTIONS ON
11   THE LAW.
12   NOW, THE LAW OF THE UNITED STATES PERMITS THE
13   JUDGE TO COMMENT ON THE EVIDENCE PRESENTED DURING A CASE.  I DO
14   NOT BELIEVE I HAVE MADE ANY COMMENTS ON THE EVIDENCE IN THIS
15   CASE.  IF YOU COULD POSSIBLY CONSTRUE ANY REMARKS WHICH I HAVE
16   MADE DURING THE COURSE OF THE TRIAL, HOWEVER, AS A COMMENT ON
17   THE EVIDENCE, THEN I INSTRUCT YOU THAT SUCH COMMENT ON MY PART
18   IS ONLY AN EXPRESSION OF MY OPINION AS TO THE FACTS, AND YOU,
19   THE JURY, MAY DISREGARD ANY SUCH COMMENTS ENTIRELY, SINCE YOU,
20   AS JURORS, ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE.
21   NOW, WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE
22   IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE
23   INFERENCES FROM THE TESTIMONY AND THE EXHIBITS THAT YOU, THE
24   JURY, FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR COMMON
25   EXPERIENCE.  IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH

Page 3016

1    CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM
2    THE FACTS THAT HAVE BEEN ESTABLISHED BY THE TESTIMONY AND THE
3    EVIDENCE IN THIS CASE.
4    YOU MAY CONSIDER EITHER DIRECT OR CIRCUMSTANTIAL
5    EVIDENCE.  DIRECT EVIDENCE IS THE TESTIMONY OF ONE WHO ASSERTS
6    ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYEWITNESS.
7    CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS AND
8    CIRCUMSTANCES INDICATING A FACT TO BE PROVED.  THE LAW MAKES NO
9    DISTINCTION BETWEEN THE WEIGHT TO BE GIVEN TO EITHER DIRECT OR
10   CIRCUMSTANTIAL EVIDENCE.
11   NOW, IN DECIDING THIS CASE, YOU ARE EXPECTED TO
12   USE YOUR GOOD SENSE.  GIVE THE EVIDENCE AND THE TESTIMONY OF
13   THE WITNESSES A REASONABLE AND FAIR INTERPRETATION IN THE LIGHT
14   OF YOUR KNOWLEDGE OF THE NATURAL TENDENCIES OF HUMAN BEINGS.
15   IN WEIGHING THE TESTIMONY AND IN DETERMINING THE CREDIBILITY OF
16   ANY WITNESS, YOU, THE JURY, MAY CONSIDER THE CONDUCT OF THE
17   WITNESS, HIS OR HER BEARING ON THE WITNESS STAND, HIS OR HER
18   PERSONAL FEELINGS AS DEMONSTRATED BY HIS OR HER TESTIMONY, AND
19   HIS OR HER ACTIONS, ANY INTEREST HE OR SHE MAY HAVE IN THE
20   OUTCOME OF THE CASE, ANY PREJUDICE OR ANY BIAS HE OR SHE MAY
21   HAVE SHOWN, OR ANY PARTIALITY HE OR SHE MAY HAVE DEMONSTRATED.
22   IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY
23   CONCERNING ANY MATERIAL MATTER, YOU HAVE THE RIGHT TO DISTRUST
24   SUCH WITNESS' TESTIMONY ON OTHER MATTERS AND YOU MAY DISTRUST
25   ALL OF THE TESTIMONY OF THAT PARTICULAR WITNESS.  YOU SHOULD

33  (Pages 3013 to 3016)

DAILY COPY

df31aa62-9caf-4507-8cb7-069b69745580

M00A12135

## Page 3017

1  KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS
2  DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE
3  TRUTH AS HE OR SHE REMEMBERS IT BECAUSE PEOPLE MAY FORGET SOME
4  THINGS OR REMEMBER OTHER THINGS INACCURATELY.
5       SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU
6  NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL
7  FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE
8  SIGNIFICANCE OF THAT MAY WELL DEPEND ON WHETHER IT HAS TO DO
9  WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.
10      THE TESTIMONY OF A SINGLE WITNESS MAY BE
11 SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF
12 WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF, AFTER
13 CONSIDERING ALL OF THE OTHER EVIDENCE, YOU BELIEVE THAT SINGLE
14 WITNESS.
15      NOW, WHEN KNOWLEDGE OF A TECHNICAL SUBJECT
16 MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL
17 TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD MAY BE CALLED AS
18 AN EXPERT WITNESS AND IS PERMITTED TO STATE HIS OR HER OPINION
19 ON THOSE TECHNICAL MATTERS. SUCH WITNESSES HAVE TESTIFIED IN
20 THIS CASE. YOU ARE NOT, HOWEVER, REQUIRED TO ACCEPT THAT
21 OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU, THE JURY,
22 TO DECIDE WHETHER TO RELY UPON IT.
23      IF YOU SHOULD DECIDE THAT THE OPINION OF AN
24 EXPERT WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR
25 EXPERIENCE, OR IF YOU SHOULD CONCLUDE THAT THE REASONS GIVEN IN

## Page 3018

1  SUPPORT OF THE OPINIONS ARE NOT SOUND, OR THAT THE OPINION IS
2  OUTWEIGHED BY OTHER EVIDENCE, THEN YOU MAY DISREGARD THE
3  OPINION ENTIRELY. IN DECIDING WHETHER TO ACCEPT OR RELY UPON
4  THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF
5  THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE
6  THAT THE EXPERT WITNESS HAS AN ECONOMIC, PHILOSOPHICAL, OR ANY
7  OTHER INTEREST IN THE OUTCOME OF THE CASE.
8       NOW, CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU
9  THROUGH VIDEO DEPOSITIONS. AS I MENTIONED, A DEPOSITION IS THE
10 SWORN, RECORDED ANSWERS TO QUESTIONS GIVEN OR ASKED TO A
11 WITNESS IN ADVANCE OF TRIAL. UNDER SOME CIRCUMSTANCES, IF A
12 WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND.
13 THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE
14 FORM OF A DEPOSITION.
15      SOMETIME BEFORE THIS TRIAL, ATTORNEYS
16 REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THE WITNESS
17 UNDER OATH. A COURT REPORTER WAS PRESENT AND RECORDED THE
18 TESTIMONY. THE QUESTIONS AND ANSWERS WERE PRESENTED BY VIDEO
19 TO YOU. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME
20 CONSIDERATION, IS TO BE JUDGED BY YOU AS TO CREDIBILITY AND
21 WEIGHED AND OTHERWISE CONSIDERED BY YOU, INSOFAR AS POSSIBLE,
22 IN THE SAME WAY AS IF THE WITNESS HAD BEEN PRESENT AND HAD
23 TESTIFIED FROM THE WITNESS STAND IN PERSON HERE IN COURT.
24      DURING THE COURSE OF THE TRIAL, YOU WILL HAVE
25 HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED

## Page 3019

1  OUT OF THE HEARING OF THE JURY. IT IS THE DUTY OF THE ATTORNEY
2  FOR EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS
3  TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT
4  PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST
5  OR SHOW ANY PREJUDICE AGAINST AN ATTORNEY OR HIS CLIENT BECAUSE
6  OF THE MAKING OF AN OBJECTION.
7       UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE
8  INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES
9  NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE
10 WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU, THE
11 JURY, ARE INDEED THE SOLE JUDGES OF THE CREDIBILITY OF ALL
12 WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE. WHEN THE
13 COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A
14 WITNESS, THE JURY MUST DISREGARD THAT QUESTION ENTIRELY AND MAY
15 DRAW NO INFERENCES FROM THE WORDING OF IT OR SPECULATE AS TO
16 WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE
17 QUESTION.
18      DURING THE COURSE OF THE TRIAL, I HAVE
19 OCCASIONALLY ASKED A QUESTION OF A WITNESS IN ORDER TO BRING
20 OUT FACTS NOT THEN COVERED IN THE TESTIMONY. AGAIN, DO NOT
21 ASSUME THAT I HOLD ANY OPINION AS TO THE FACTS TO WHICH THE
22 QUESTION MAY HAVE BEEN DIRECTED. REMEMBER AT ALL TIMES, YOU,
23 AS JURORS, ARE THE SOLE JUDGES OF THE FACTS.
24      ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL
25 ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR

## Page 3020

1  NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT YOUR NOTES. THE
2  NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU
3  SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE
4  AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER
5  JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE
6  RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.
7       NOW, THIS LAWSUIT, LADIES AND GENTLEMEN, ARISES
8  OUT OF ROBERT GARRY SMITH'S USE OF VIOXX. MERCK MANUFACTURED
9  VIOXX. THE PLAINTIFF, GARRY SMITH, CONTENDS THAT HE SUFFERED A
10 HEART ATTACK AS A RESULT OF HIS USE OF VIOXX. THE PLAINTIFF
11 SEEKS COMPENSATORY DAMAGES PROXIMATELY CAUSED BY HIS INJURY.
12 HE SEEKS RECOVERY UNDER ANY OF SEVERAL SEPARATE THEORIES OF
13 LIABILITY.
14      FIRST, THE PLAINTIFF ALLEGES THAT MERCK FAILED TO
15 WARN, OR INADEQUATELY WARNED, HIS TREATING PHYSICIAN OF A RISK
16 ASSOCIATED WITH VIOXX. THE PLAINTIFF ASSERTS HIS CLAIM UNDER
17 BOTH A STRICT LIABILITY THEORY AND A NEGLIGENCE THEORY.
18 SECOND, THE PLAINTIFF ALLEGES THAT MERCK IS LIABLE FOR FRAUD
19 BECAUSE IT KNOWINGLY FAILED TO DISCLOSE CERTAIN KNOWN RISKS
20 ASSOCIATED WITH VIOXX TO GARRY SMITH'S TREATING PHYSICIAN.
21      MERCK CONTENDS THAT ITS WARNING TO GARRY SMITH'S
22 PRESCRIBING PHYSICIAN WAS ADEQUATE AND COMPLIED WITH THE RULES
23 OF THE FDA. MERCK ALSO ASSERTS THAT IT ACTED REASONABLY AND
24 THAT IT DISCLOSED TO THE FDA AND THE MEDICAL COMMUNITY ALL
25 RELEVANT VIOXX SAFETY DATA AND RISK INFORMATION AVAILABLE AT

34  (Pages 3017 to 3020)

DAILY COPY

df31aa62-9caf-4507-8cb7-069b69745580

M00A12436

# EXHIBIT 5

1          UNITED STATES DISTRICT COURT

2         EASTERN DISTRICT OF LOUISIANA

3

****************************************************************

4

IN RE:  XARELTO

5   (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION

6
                              CIVIL ACTION NO. 14-MD-2592
7                              SECTION "L"
                              NEW ORLEANS, LOUISIANA
07:41:16  8                    WEDNESDAY, MAY 3, 2017

9   THIS DOCUMENT RELATES TO:
    *Joseph J. Boudreaux, Jr.*
10  *V. Janssen Research &*
    *Development, et. al.,*
11  Case No.:  14-CV-2720

12  ****************************************************************

13

                VOLUME VIII - MORNING AND AFTERNOON SESSION
14          TRANSCRIPT OF BELLWETHER JURY TRIAL PROCEEDINGS
               HEARD BEFORE THE HONORABLE ELDON E. FALLON
15                  UNITED STATES DISTRICT JUDGE

16

    APPEARANCES:

17

18  FOR THE PLAINTIFFS'
    LIAISON COUNSEL:              LEVIN PAPANTONIO THOMAS MITCHELL
19                                RAFFERTY & PROCTOR
                                  BY:  BRIAN H. BARR, ESQ.
20                                316 SOUTH BAYLEN STREET, SUITE 600
                                  PENSACOLA, FLORIDA 32502

21

22                                BEASLEY ALLEN CROW METHVIN
23                                PORTIS & MILES
                                  BY:  ANTHONY BIRCHFIELD JR., ESQ.
24                                POST OFFICE BOX 4160
                                  MONTGOMERY, ALABAMA  36103

25

                    *OFFICIAL TRANSCRIPT*

11:45:55  1   instructions.  In order to recover, the plaintiffs in this case

11:45:58  2   must show that, first, their damages were proximately caused by

11:46:03  3   the defendants' failure to provide adequate instructions about

11:46:07  4   a characteristic of the product that renders it unreasonably

11:46:12  5   dangerous, and, two, that damages arose from a reasonably

11:46:19  6   anticipated use of the product.

11:46:21  7            Now, it has been stipulated and agreed upon in

11:46:25  8   this case, and therefore, you may consider it to be

11:46:29  9   established, that both Janssen and Bayer, defendants in the

11:46:33 10   case, are the manufacturers of Xarelto within the meaning of

11:46:39 11   the LPLA.  Where there a relationship between manufacturers,

11:46:45 12   and a plaintiff is injured by a product that may be deemed

11:46:50 13   manufactured by more than one manufacturer, these manufacturers

11:46:54 14   are collectively responsible to the plaintiff.  Xarelto is the

11:46:59 15   brand name of rivaroxaban.  Xarelto is a prescription drug,

11:47:05 16   that is to say, a medical provider or doctor must prescribe the

11:47:11 17   drug.

11:47:11 18            A "reasonably anticipated use" of a product means

11:47:16 19   a use or handling of a product that the manufacturer should

11:47:20 20   reasonably expect, in this case by a prescribing doctor.

11:47:26 21            I will discuss with you the law governing the

11:47:31 22   plaintiffs' claim for failure to warn and instruct.

11:47:34 23            In order to decide the plaintiffs' failure to

11:47:37 24   warn and instruct claim, you must determine whether the

11:47:41 25   plaintiffs have proven by a preponderance of the evidence that

*OFFICIAL TRANSCRIPT*

11:47:45  1   the defendant failed to adequately warn and/or properly

11:47:49  2   instruct Mr. Boudreaux's treating physician, Dr. Wong, about

11:47:54  3   the proper use of Xarelto, and, if so, whether the defendants'

11:48:02  4   failure to warn or instruct was a proximate cause of the

11:48:05  5   plaintiffs' injuries.

11:48:07  6          Prescription drugs often cause unwanted side

11:48:13  7   effects despite the fact that they have been carefully designed

11:48:17  8   and properly manufactured.  The law deems such products

11:48:22  9   unavoidably unsafe, but they are not defective, nor

11:48:28 10   unreasonably dangerous, if they include adequate instructions

11:48:32 11   for the safe use of the drug.

11:48:33 12          The plaintiffs claim that Xarelto was

11:48:36 13   unreasonably dangerous because of inadequate warnings or

11:48:41 14   instructions about its potential risks when taken on the

11:48:46 15   recommended dosing schedule without an assessment of the

11:48:49 16   patient's "PT" time.

11:48:55 17          In order to be successful, plaintiffs must prove

11:48:58 18   by a preponderance of the evidence that, first, the product had

11:49:00 19   a potentially damage-causing characteristic; second, that the

11:49:05 20   defendant failed to use reasonable care to provide an adequate

11:49:11 21   warning or instruction to the prescribing physician about this

11:49:16 22   characteristic and the associated danger; and, third, that the

11:49:20 23   injury which Mr. Boudreaux suffered was proximately caused by

11:49:27 24   the inadequate warning or instruction.

11:49:31 25          Now, an "adequate warning," under the LPLA, is

*OFFICIAL TRANSCRIPT*

11:49:36  1   defined as a warning or instruction that would lead an ordinary

11:49:40  2   reasonable user or handler of a product to contemplate the

11:49:45  3   danger in using or handling the product, and either to decline

11:49:52  4   to use or handle the product or, if possible, to use or handle

11:49:56  5   the product in such a manner as to avoid the danger for which

11:50:01  6   the claim is made.  The lack of adequate instructions for safe

11:50:06  7   use of the product may include inadequacies in recommended

11:50:11  8   assessment, testing or screening techniques.

11:50:14  9          Under the applicable law, a prescription drug

11:50:19 10   manufacturer only has a duty to warn and instruct a learned

11:50:25 11   intermediary, such as a prescribing physician, of the potential

11:50:30 12   risks or damages inherent in the product.  It does not have a

11:50:35 13   duty to warn or instruct the consumer directly.  This is

11:50:40 14   because physicians are generally in a superior position to

11:50:44 15   evaluate the warning and instruct and impart such warning and

11:50:51 16   instructions to the patient, and can provide an independent

11:50:55 17   medical decision as to whether use of the drug is appropriate

11:50:59 18   for a particular patient.

11:51:01 19          Although a prescription drug manufacturer's duty

11:51:05 20   to warn of and instruct about the potential risks of its

11:51:10 21   product is directed only to the reasonably prudent prescriber

11:51:14 22   and not to the consumer, the manufacturer is directly liable to

11:51:21 23   the patient for a breach of such duty.

11:51:24 24          When a prescription drug manufacturer provides a

11:51:27 25   warning or instruction, it may reasonably assume that it will

*OFFICIAL TRANSCRIPT*

EXHIBIT 6

ADR,CLOSED

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:14-cv-13234-WGY

Liu et al v. BOEHRINGER INGELHEIM PHARMACEUTICALS
INC. et al
Assigned to: Judge William G. Young
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 08/05/2014
Date Terminated: 06/09/2017
Jury Demand: Both
Nature of Suit: 367 Personal Injury: Health
Care/Pharmaceutical Personal Injury Product
Liability
Jurisdiction: Diversity

**Plaintiff**

**Li Liu**
*co-administrator of the estate of Dr.*
*Zhensheng Liu and personal representatives*
*of the heirs at law of Dr. Liu*

represented by **Alex H. MacDonald**
MacDonald Law Group LLC
1 Bowdoin Square
8th Fl.
Boston, MA 02114
617-747-7550
Fax: 617-747-7551
Email: amacdonald@mlglegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Lurie**
MacDonald Law Group LLC
One Bowdoin Square
8th Floor
Boston, MA 02114
617-747-7550
Fax: 617-747-7551
Email: mlurie@mlglegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rebecca A.G. Robertson**
MacDonald Law Group LLC
One Bowdoin Square, 8th Flr.
Boston, MA 02114
617-747-7550
Fax: 617-747-7551
Email: rrobertson@mlglegal.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| 06/01/2017 | 145 | Judge William G. Young: ELECTRONIC ORDER entered granting 135 MOTION in Limine #2 REGARDING THE TRIAL TESTIMONY OF DEFENDANTS DESIGNATED EMPLOYEE WITNESSES. (Paine, Matthew) (Entered: 06/01/2017) |
| --- | --- | --- |
| 06/01/2017 | 146 | MOTION for Hearing by BOEHRINGER INGELHEIM PHARMACEUTICALS INC., Boehringer Ingelheim Corporation, Boehringer Ingelheim International GMBH, Boehringer Ingelheim USA Corporation.(Jones, Phyllis) (Entered: 06/01/2017) |
| 06/02/2017 | 147 | Letter/request (non-motion) from BOEHRINGER INGELHEIM PHARMACEUTICALS INC., Boehringer Ingelheim Corporation, Boehringer Ingelheim International GMBH, Boehringer Ingelheim USA Corporation, *Requesting Clarification on 145 Court's Ruling on Plaintiffs' Motion in Limine No. 2.* (Jones, Phyllis) (Entered: 06/02/2017) |
| 06/02/2017 | 148 | Judge William G. Young: ELECTRONIC ORDER entered granting 96 MOTION in Limine No. 1 to Exclude Evidence Related to the 110 Milligram Dose of Pradaxa (Paine, Matthew) (Entered: 06/02/2017) |
| 06/02/2017 | 149 | Judge William G. Young: ELECTRONIC ORDER entered granting 97 MOTION in Limine No. 2 to Exclude Argument and Evidence Related to Pradaxa Blood Plasma Concentrations (Paine, Matthew) (Entered: 06/02/2017) |
| 06/02/2017 | 150 | Judge William G. Young: ELECTRONIC ORDER entered granting 98 MOTION in Limine No. 3 to Exclude Evidence or Argument Related to Pradaxa's Initial Lack of a Reversal Agent and Subsequent Approval of a Reversal Agent. (Paine, Matthew) (Entered: 06/02/2017) |
| 06/02/2017 | 151 | Judge William G. Young: ELECTRONIC ORDER entered: Motion denied as unnecessary re 146 Motion for Hearing (Paine, Matthew) (Entered: 06/02/2017) |
| 06/02/2017 | 152 | MOTION in Limine *#5 FOR LEAVE TO DESIGNATE VIDEOTAPED DEPOSITION TESTIMONY GIVEN BY BOEHRINGER INGELHEIM EMPLOYEE WITNESSES AT DEPOSITIONS RECENTLY TAKEN IN THE CONNECTICUT CONSOLIDATED PRADAXA LITIGATION* by Emily Liu, Li Liu.(Lurie, Michael) (Entered: 06/02/2017) |
| 06/05/2017 | 153 | Judge William G. Young: ELECTRONIC ORDER entered re 142 Fourth MOTION in Limine to admit the Past Recollection Recorded Video Testimony of Dr. Julia Song.<br><br>The following portions of the December 4, 2014 video interview may be played at the plaintiffs option -<br><br>"I am very happy<br><br>...<br><br>We just meet [to the conclusion of the interview where she is crying]"<br><br>(Paine, Matthew) (Entered: 06/05/2017) |
| 06/05/2017 | 154 | Judge William G. Young: ELECTRONIC ORDER entered re 105 MOTION in Limine No. 5 to Exclude Evidence of Irrelevant Company Conduct, Litigation, and Financial Matters.<br><br>Motion allowed to the extent of forbidding the plaintiffs from adverting to any of these matters in opening. Beyond that the Court expresses no opinion. We will see how the case develops. |

EXHIBIT 7

ADR,CLOSED

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:14-cv-13234-WGY

Liu et al v. BOEHRINGER INGELHEIM PHARMACEUTICALS
INC. et al
Assigned to: Judge William G. Young
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 08/05/2014
Date Terminated: 06/09/2017
Jury Demand: Both
Nature of Suit: 367 Personal Injury: Health
Care/Pharmaceutical Personal Injury Product
Liability
Jurisdiction: Diversity

**Plaintiff**

**Li Liu**
*co-administrator of the estate of Dr.*
*Zhensheng Liu and personal representatives*
*of the heirs at law of Dr. Liu*

represented by **Alex H. MacDonald**
MacDonald Law Group LLC
1 Bowdoin Square
8th Fl.
Boston, MA 02114
617-747-7550
Fax: 617-747-7551
Email: amacdonald@mlglegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael D. Lurie**
MacDonald Law Group LLC
One Bowdoin Square
8th Floor
Boston, MA 02114
617-747-7550
Fax: 617-747-7551
Email: mlurie@mlglegal.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rebecca A.G. Robertson**
MacDonald Law Group LLC
One Bowdoin Square, 8th Flr.
Boston, MA 02114
617-747-7550
Fax: 617-747-7551
Email: rrobertson@mlglegal.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| | | (Paine, Matthew) (Entered: 06/01/2017) |
| 06/01/2017 | 145 | Judge William G. Young: ELECTRONIC ORDER entered granting 135 MOTION in Limine #2 REGARDING THE TRIAL TESTIMONY OF DEFENDANTS DESIGNATED EMPLOYEE WITNESSES. (Paine, Matthew) (Entered: 06/01/2017) |
| 06/01/2017 | 146 | MOTION for Hearing by BOEHRINGER INGELHEIM PHARMACEUTICALS INC., Boehringer Ingelheim Corporation, Boehringer Ingelheim International GMBH, Boehringer Ingelheim USA Corporation.(Jones, Phyllis) (Entered: 06/01/2017) |
| 06/02/2017 | 147 | Letter/request (non-motion) from BOEHRINGER INGELHEIM PHARMACEUTICALS INC., Boehringer Ingelheim Corporation, Boehringer Ingelheim International GMBH, Boehringer Ingelheim USA Corporation, *Requesting Clarification on 145 Court's Ruling on Plaintiffs' Motion in Limine No. 2.* (Jones, Phyllis) (Entered: 06/02/2017) |
| 06/02/2017 | 148 | Judge William G. Young: ELECTRONIC ORDER entered granting 96 MOTION in Limine No. 1 to Exclude Evidence Related to the 110 Milligram Dose of Pradaxa (Paine, Matthew) (Entered: 06/02/2017) |
| 06/02/2017 | 149 | Judge William G. Young: ELECTRONIC ORDER entered granting 97 MOTION in Limine No. 2 to Exclude Argument and Evidence Related to Pradaxa Blood Plasma Concentrations (Paine, Matthew) (Entered: 06/02/2017) |
| 06/02/2017 | 150 | Judge William G. Young: ELECTRONIC ORDER entered granting 98 MOTION in Limine No. 3 to Exclude Evidence or Argument Related to Pradaxa's Initial Lack of a Reversal Agent and Subsequent Approval of a Reversal Agent. (Paine, Matthew) (Entered: 06/02/2017) |
| 06/02/2017 | 151 | Judge William G. Young: ELECTRONIC ORDER entered: Motion denied as unnecessary re 146 Motion for Hearing (Paine, Matthew) (Entered: 06/02/2017) |
| 06/02/2017 | 152 | MOTION in Limine *#5 FOR LEAVE TO DESIGNATE VIDEOTAPED DEPOSITION TESTIMONY GIVEN BY BOEHRINGER INGELHEIM EMPLOYEE WITNESSES AT DEPOSITIONS RECENTLY TAKEN IN THE CONNECTICUT CONSOLIDATED PRADAXA LITIGATION* by Emily Liu, Li Liu.(Lurie, Michael) (Entered: 06/02/2017) |
| 06/05/2017 | 153 | Judge William G. Young: ELECTRONIC ORDER entered re 142 Fourth MOTION in Limine to admit the Past Recollection Recorded Video Testimony of Dr. Julia Song. The following portions of the December 4, 2014 video interview may be played at the plaintiffs option - "I am very happy ... We just meet [to the conclusion of the interview where she is crying]" (Paine, Matthew) (Entered: 06/05/2017) |
| 06/05/2017 | 154 | Judge William G. Young: ELECTRONIC ORDER entered re 105 MOTION in Limine No. 5 to Exclude Evidence of Irrelevant Company Conduct, Litigation, and Financial Matters. Motion allowed to the extent of forbidding the plaintiffs from adverting to any of these matters in opening. Beyond that the Court expresses no opinion. We will see how the case develops. |