# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Joseph Orr, Jr., et al. v. Janssen et al. Case No. 2:15-cv-03708 | MAGISTRATE NORTH |

### DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, TO COMPLETE INSTRUCTIONS REGARDING FDA'S "CHANGES BEING EFFECTED" REGULATION

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Bayer HealthCare Pharmaceuticals, Inc., and Bayer Pharma AG (collectively, "Defendants") respectfully request that the Court strike its intended jury instruction regarding the Changes Being Effected ("CBE") regulation, or at the least, revise the instruction, in the interest of completeness, to include a more comprehensive and accurate statement of the regulation.

Defendants respectfully submit that the Court's current instruction[1]—adopted from Plaintiffs' Proposed Jury Instruction No. 11 (*see* Doc. 6732, at 12)—is a prejudicially inaccurate, incomplete, and misleading statement of the law because it does not (1) explain that FDA must approve, and may ultimately reject, a manufacturer's labeling change or (2) acknowledge that a manufacturer may implement a unilateral labeling change only if the change is based on "newly acquired information."  In the *Boudreaux* case, the Court declined to include—despite Plaintiffs' repeated requests (*see* Doc. 6348, at 18)—any regulations in its final jury instructions.  The Court

---

[1] The sentence in question is as follows: "SPECIFIC FEDERAL REGULATIONS AUTHORIZE THE MANUFACTURER OF A DRUG WHICH HAS BEEN APPROVED BY THE FDA TO 'ADD OR STRENGTHEN…WARNING, PRECAUTION, OR ADVERSE REACTION' INFORMATION ABOUT THE DRUG IN THE DRUG'S LABEL, AND TO DO SO WITHOUT THE NEED FOR FURTHER FDA APPROVAL." Court's Final Jury Instructions, at 26.

should follow that course again here.  Moreover, Plaintiffs' efforts to inject into the jury charge selective quotations of regulations that bear on Defendants' preemption defense is an attempt to circumvent this Court's conclusion that preemption is a question of the law for the Court and not a question for the jury.

Because a jury instruction that is "inadequate and incomplete statement" of the law must be rejected, *e.g.*, *FDIC v. Henderson*, 61 F.3d 421, 428–29 (5th Cir. 1995)—and, indeed, such an instruction "dictates reversal," *Thomas v. Tex. Dept. of Criminal Justice*, 297 F.3d 361, 365 (5th Cir. 2002)—Defendants request that the Court strike its CBE instruction.  Alternatively, the Court should amend the instruction to provide a fully accurate statement of the law.

1.     The Court stated on numerous occasions that federal preemption is a question of law.  *See* Order and Reasons (Apr. 18, 2017), at 5 (Doc. 6254) (holding that preemption is "a question of law that is not appropriate for consideration by the finder of fact"); *Boudreaux* Trial Tr. at 1147:3–15 (stating that preemption is "a question of law, not for the jury"); *id.* at 1531:5–20.  As the Court knows, the CBE regulation bears directly on Defendants' federal-preemption defenses.  *See* Doc. 6197, at 6–8 (discussing CBE regulation in context of federal preemption).  Accordingly, the Court declined to include quotations from federal regulations in its *Boudreaux* jury charge despite Plaintiffs' request for a substantively identical instruction there.  *See* Doc. 6348, at 18 ("Under the federal regulations applicable in this case, the manufacturer of a drug which has been approved by the FDA is allowed and authorized without further FDA approval to 'add or strengthen…warning, precaution, or adverse reaction' information about the drug in the drug's label.").

2.     Nonetheless, the Court has included, at Plaintiffs' request, an instruction regarding the CBE regulation in this case: "SPECIFIC FEDERAL REGULATIONS AUTHORIZE THE

MANUFACTURER OF A DRUG WHICH HAS BEEN APPROVED BY THE FDA TO 'ADD OR STRENGTHEN … WARNING, PRECAUTION, OR ADVERSE REACTION' INFORMATION ABOUT THE DRUG IN THE DRUG'S LABEL, AND TO DO SO WITHOUT THE NEED FOR FURTHER FDA APPROVAL."   Court's Final Jury Instructions, at 26. Defendants renew their previous objection to this instruction, and request that it be stricken for the previously-asserted reasons.  Plaintiffs are not asserting any private right of action for violation of federal regulations, a claim that would be preempted under *Buckman v. Plaintiffs Legal Committee*, 531 U.S. 341 (2001) in any event.  And any quotation of this regulation would not only confuse jurors into thinking that such a claim is in this case, but also invites the jury to consider the legal question whether or not Defendants could have unilaterally changed Xarelto's labeling.

**3.** There also is no need for the added CBE language because it is duplicative of another portion of the Court's instructions (*see* p. 23):

> IF THE MANUFACTURER LEARNS OF A CHARACTERISTIC OR DANGER THAT MAY CAUSE INJURY AFTER ITS PRODUCT IS ON THE MARKET, THE MANUFACTURER HAS A CONTINUING DUTY TO USE REASONABLE CARE TO PROVIDE ADEQUATE WARNING OR INSTRUCTIONS TO PRESCRIBERS AND TREATERS CONCERNING SUCH LATER-DISCOVERED MATTERS.  THAT IS TO SAY, UNDER THE LAW (INCLUDING FEDERAL REGULATIONS) APPLICABLE TO THIS CASE, DRUG MANUFACTURERS ARE RESPONSIBLE TO DRAFT THE INITIAL LABEL FOR THEIR PRODUCT, AND TO ASSURE THAT THE LABEL CONTINUES TO REFLECT THE CURRENT KNOWLEDGE CONCERNING THE RISKS POSED BY THE DRUG.

**4.** Moreover, and as explained below, the instruction, as currently drafted, is an incomplete and misleading statement of the regulatory requirements.  Under the CBE regulation, 21 C.F.R. § 314.70(c)(6)(iii), a drug manufacturer can only make certain changes in certain circumstances, and any change still requires FDA's ultimate approval.  Respectfully, the Court's current instruction materially misstates the CBE regulation.

a. The CBE regulation does not allow a manufacturer to add or strengthen warnings in the drug's label "without the need for further FDA approval." Instead, it provides that the manufacturer "may commence distribution of the drug product involved upon receipt by the agency of a supplement for the change." 21 C.F.R. § 314.70(c)(6). In other words, the manufacturer can implement the labeling change without *advance* FDA approval—but FDA must still ultimately approve, and may, in fact, reject the manufacturer's implemented change. *See id.*, 21 C.F.R. § 314.70(c)(7); *Wyeth v. Levine*, 555 U.S. 555, 571 (2009) ("[T]he FDA retains authority to reject labeling changes made pursuant to the CBE regulation in its review of the manufacturer's supplemental application."). The current CBE instruction is thus inconsistent with the regulatory text and contrary to Supreme Court precedent.

b. Furthermore, the CBE regulation authorizes the manufacturer of an FDA-approved drug to "add or strengthen . . . warning, precaution, or adverse reaction" information about the drug in the label *only* if the change is based upon "newly acquired information." 21 C.F.R. § 314.70(c)(6)(iii). The manufacturer may not unilaterally change its labeling on any other basis under the CBE regulation.

c. Accordingly, the Court's current instruction does not include any of the express limitations that FDA has imposed on manufacturers seeking to implement unilateral label changes, such as the requirement of newly acquired information and the need for ultimate FDA approval. The Court should strike the instruction regarding the CBE regulation, or, in the interest of completeness and accuracy, amend it to more accurately describe the relevant federal regulation. *See Bank One, Tex., N.A. v. Taylor*, 970 F.2d 16, 30 (5th Cir. 1992) (although a trial court has discretion in fashioning jury

4

instructions, they must be "fundamentally accurate and not misleading"); *Corey v. Jones*, 650 F.2d 803, 805–06 (5th Cir. Unit B 1981) (agreeing that "the district court's instruction, [though it] may have been correct as far as it went, was, nevertheless, an incomplete statement of the law").

5.      Under Fifth Circuit precedent, Plaintiffs' proposed instruction No. 11 should have been rejected as an "inadequate and incomplete statement" of the law.  *FDIC v. Henderson*, 61 F.3d 421, 428–29 (5th Cir. 1995); *cf. United States v. Allouche*, 659 F. App'x 766, 771 (5th Cir. 2016) (requested instruction that referenced only some of a statute's elements "would not only have been incomplete, but would have posed a substantial risk of misleading and confusing the jury" because it "fail[ed] to fully inform the jury about the relevant law").

6.      Furthermore, the Fifth Circuit has recognized that the inclusion of an inaccurate or incomplete statement of the law in a jury instruction "dictates reversal" unless (1) "the instructions as a whole properly express the law," *Thomas v. Tex. Dept. of Criminal Justice*, 297 F.3d 361, 365 (5th Cir. 2002), and (2) "the challenged instruction could not have affected the outcome of the case," *Deines v. Tex. Dept. of Protective & Regulatory Servs.*, 164 F.3d 277, 279 (5th Cir. 1999); *see also Ware v. Reed*, 709 F.2d 345, 351 (5th Cir. 1983) ("An instruction cannot stand if it has 'a tendency to confuse or to mislead the jury.'" (citation omitted)).

7.      As demonstrated above, the current CBE instruction does not properly or completely express the law, and the instruction has the serious potential to mislead the jury and influence the outcome of this case.  At issue here, as in any failure-to-warn case under the Louisiana Product Liability Act, is whether "the manufacturer failed to use reasonable care to provide an adequate warning of [a characteristic that may cause damage]."  La Rev. Stat. Ann. § 9:2800.57(A).  The current CBE instruction inaccurately informs the jury that a manufacturer

has no limitations on its ability to change its FDA-approved label, and the jury could accordingly

conclude that a reasonable manufacturer would add whatever information it could.  This potential

for confusion is amplified here, because the Court's immediately preceding instruction explains

that FDA approval is "relevant" but "not conclusive" if certain risks became known to Defendants

after FDA approved Xarelto's label.  This instruction could thus materially influence the jury's

consideration of whether Defendants used reasonable care and affect the outcome of the case.

> **8.**      Accordingly the Court should strike the CBE language (identified in footnote 1

above) from its final charge, or instead include Defendants' Proposed Instruction No. 13, which

states as follows:

> Specific federal regulations authorize the manufacturer of a drug which has been approved
> by the FDA to "add or strengthen . . . warning, precaution, or adverse reaction" information
> about the drug in the drug's label based on "newly acquired information."  Those changes
> can be made without first obtaining FDA approval.  However, any change made by the
> Defendants without first obtaining FDA approval must still comply with FDA label
> requirements and must still be submitted to FDA after the change has been made for FDA's
> ultimate approval.  FDA may accept, modify, or reject any change made by the
> manufacturer.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike, or at the

very least amend, the instruction regarding the CBE regulation.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

*Attorneys for Defendants Janssen*
*Pharmaceuticals, Inc. and Janssen Research*
*& Development, LLC*

WILKINSON WALSH + ESKOVITZ LLP

By: /s/ *Beth A. Wilkinson*
Beth A. Wilkinson
Jennifer L. Saulino
Jeremy Barber
WILKINSON WALSH + ESKOVITZ LLP
1900 M. Street NW, Suite 800
Washington, DC 20036
Telephone: (202) 847-4000
bwilkinson@wilkinsonwalsh.com
jsaulino@wilkinsonwalsh.com
jbarber@wilkinsonwalsh.com

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: /s/ *David E. Dukes*
David E. Dukes
J. Mark Jones
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
Telephone: (803) 799-2000
David.Dukes@nelsonmullins.com
Mark.Jones@nelsonmullins.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Andrew K. Solow*
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com
lboney@bradley.com

CHAFFE MCCALL L.L.P.
By: */s/ John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare*
*Pharmaceuticals Inc. and Bayer Pharma AG*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 11th day of June, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

*/s/      John F. Olinde*