# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * MDL NO. 2592 |
| | * SECTION L |
| | * JUDGE ELDON E. FALLON |
| | * MAG. JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**
*Boudreaux et al. No. 14-2720*
*Orr et al. No. 15-3708*

## ORDER AND REASONS

Before the Court is Defendants' Motion to Vacate. (R. Doc. 6729). Plaintiffs oppose the motion. (R. Doc. 6737). Having reviewed the parties' briefs and applicable law the Court now issues this Order and Reasons.

**I.    BACKGROUND**

In advance of the first two bellwether trials in the Xarelto MDL, Defendants filed a motion for partial summary judgment arguing that federal law preempts Plaintiffs' design-defect claims. That motion specifically contemplated the two bellwether cases, *Boudreaux et al. v. Janssen et al.*, No. 14-2720, and *Orr et al. v. Janssen et al.*, No. 15-3708. (R. Doc. 5109). Plaintiffs opposed the motion. (R. Doc. 5652). On April 13, 2017, this Court denied Defendants' Motion. (R. Doc. 6196). Plaintiffs in both cases later dismissed their design-defect claims. (R. Docs. 6298, 6601).

**II.   PRESENT MOTION**

Defendants now file this Motion asking the Court to vacate its order denying summary judgment on Plaintiffs' design-defect claims, arguing the opinion is an advisory opinion given

Plaintiffs' later abandonment of their design-defect claims. (R. Doc. 6729 at 3). Defendants argue they should be allowed to litigate similar preemption issues in later cases, and the Court should exercise its authority to vacate its order. *Id*. at 3-4.

Plaintiffs oppose the Motion, arguing vacatur would be untimely under Fed. R. Civ. P. 54(b) because a final judgment has already been entered in the *Boudreax* case. (R. Doc. 6737 at 1). Further, they contend the Court's order was not an advisory opinion because an actual case or controversy existed at the time of the Court's ruling. *Id*. at 1-2.

Under Fed. R. Civ. P. 54(b), "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, . . . any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). This Court understands that its prior ruling has been rendered moot by the Plaintiffs' abandonment of their design-defect claims. While that abandonment means the Court's order has no real effect on the *Boudreaux* and *Orr* cases, such abandonment does not make the Court's order an advisory opinion; a real case and controversy existed at the time of the ruling. *Flast v. Cohen*, 392 U.S. 83, 95 (1968).

This Court declines to vacate its prior decision regarding a justiciable case or controversy. However, this Court does acknowledge its inadvertent error in the caption of its prior order. The Motion was submitted in regards to only the first two bellwether cases: *Boudreaux* and *Orr*. The Opposition to that Motion also only contemplated the two bellwether cases. Accordingly, it is proper for this Court's ruling to be limited in precedential value to those

two cases. The caption in its order will therefore be changed to reflect its relation to Boudreaux et al. No. 14-2720 and Orr et al. No. 15-3708, rather than to "All Cases."

### III. CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** that Defendants' Motion to Vacate (R. Doc. 6729) is **DENIED**.

**IT IS FURTHER ORDERED** that this Court's prior order (R. Doc. 6196) be amended. The caption to that order should read:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | * | **MDL NO. 2592** |
| | * | **SECTION L** |
| | * | |
| | * | **JUDGE ELDON E. FALLON** |
| | * | |
| | * | **MAG. JUDGE NORTH** |
| ********************************************* | * | |

**THIS DOCUMENT RELATES TO:**
*Boudreaux et al. No. 14-2720*
*Orr et al. No. 15-3708*

New Orleans, Louisiana, this 12th day of June, 2017.

_____
UNITED STATES DISTRICT JUDGE

3