UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Boudreaux v. Bayer Corp., et al.* Case No. 2:14-cv-02720 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

# EXHIBIT 16 TO
# PLAINTIFFS' MEMORANDUM IN SUPPORT OF RULE 59 MOTION FOR A NEW TRIAL

```
 1                      UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF LOUISIANA
 2
     ******************************************************************
 3

     IN RE:  XARELTO (RIVAROXABAN)
 4   PRODUCTS LIABILITY LITIGATION         Docket No. 14-MD-2592
                                           Section "L"
 5                                         New Orleans, Louisiana
     THIS DOCUMENT RELATES TO:             Monday, June 6, 2017
 6   Joseph Orr, et al
     v. Janssen Research &
 7   Development, et. al.,
     Case No. 15-CV-3708
 8
     ******************************************************************
 9
                       TRANSCRIPT OF TRIAL PROCEEDINGS
10               HEARD BEFORE THE HONORABLE ELDON E. FALLON
                        UNITED STATES DISTRICT JUDGE
11                    VOLUME VI - AFTERNOON SESSION

12
     APPEARANCES:
13
     FOR THE PLAINTIFFS'
14   LIAISON COUNSEL:              LEVIN PAPANTONIO
                                   BRIAN H. BARR, ESQ.
15                                 316 Baylen Street, Suite 600
                                   Pensacola, FL 32502
16
                                   BEASLEY ALLEN
17                                 BY:  ANDY BIRCHFIELD, ESQ.
                                   P.O. Box 4160
18                                 Montgomery, AL 36103

19                                 GAINSBURGH BENJAMIN DAVID
                                   MEUNIER & WARSHAUER
20                                 BY:  GERALD E. MEUNIER, ESQ.
                                   2800 Energy Centre
21                                 1100 Poydras Street
                                   New Orleans, LA 70163
22
                                   GOZA & HONNOLD, LLC
23                                 BY:  BRADLEY D. HONNOLD, ESQ.
                                   11181 Overbrook Road, Suite 200
24                                 Leawood, Kansas 66211

25
```

OFFICIAL TRANSCRIPT

```
 1                                      THE LAMBERT FIRM, PLC
                                        BY:  EMILY JEFFCOTT, ESQ.
 2                                      701 Magazine Street
                                        New Orleans, Louisiana 70130
 3

 4   FOR THE DEFENDANT BAYER
     HEALTHCARE PHARMACEUTICALS
 5   INC. and BAYER PHARMA AG:          WILKINSON WALSH & ESKOVITZ, LLP
                                        BY:  BETH A. WILKINSON, ESQ.
 6                                      1900 M Street NW, Suite 800
                                        Washington, DC 20036
 7
                                        Nelson Mullins Riley
 8                                      & Scarborough, LLP
                                        BY:  DAVID E. DUKES, ESQ.
 9                                      Meridian, 17th Floor
                                        1320 Main Street
10                                      Columbia, SC 29201

11
     FOR JANSSEN PHARMACEUTICALS,
12   INC. AND JANSSEN RESEARCH &
     DEVELOPMENT, LLC:                  IRWIN FRITCHIE URQUHART & MOORE
13                                      BY:  JAMES B. IRWIN, ESQ.
                                        400 Poydras St., Suite 2700
14                                      New Orleans, LA 70130

15

16   Official Court Reporter:           Karen A. Ibos, CCR, RPR, CRR, RMR
                                        500 Poydras Street, B-275
17                                      New Orleans, Louisiana 70130
                                        (504) 589-7776
18

19      Proceedings recorded by mechanical stenography, transcript
     produced by computer.
20

21

22

23

24

25
```

I N D E X

WITNESSES FOR THE PLAINTIFF:                              PAGE/LINE:

PETER LIECHTY
   Cross-Examination by Ms. Wilkinson              1046/11
   Redirect Examination by Mr. Honnold             1144/11

VIDEO DEPOSITION OF SCOTT D. BERKOWITZ                    1164/10

17:27:17  1    In short, it seems to me the defendant suggests that
17:27:20  2  there is no such test and that the defendants know of no such test
17:27:27  3  or any test.  This is consistent, frankly, with what the
17:27:32  4  defendant's position is, that there is no test and they don't know
17:27:37  5  of any.
17:27:37  6    Yet they told the Canadian authorities the following:
17:27:42  7  "Although there is no need to monitor clinical practice in certain
17:27:49  8  in-treatment situations such as an overdose, acute bleeding, or
17:27:54  9  urgent surgery, in cases of suspected or noncompliance, I assume
17:27:59 10  not taking the drug, or in other unusual circumstances, assessment
17:28:06 11  of the anticoagulant effect of rivaroxaban may be appropriate."
17:28:12 12  "Accordingly," they say, "measuring PT may be useful to inform
17:28:19 13  clinical decisions in these circumstances."
17:28:23 14    The significant issue in the case, it seems to me, is
17:28:26 15  what the defendant knew, when they knew it, and whether or not any
17:28:34 16  prior statements that conflict with their position is admissible.
17:28:40 17    I am concerned about the fact that this is a statement
17:28:44 18  made in connection, I assume, with the approval of the label by
17:28:52 19  Canada.  Canada, like Europe, has a different process and they do
17:28:57 20  have a different process and, therefore, I had felt that it was
17:29:04 21  confusing, at best, to perhaps not even relevant under 401, but if
17:29:12 22  relevant, certainly not admissible under 403 to allow labels from
17:29:18 23  Canada to come into the litigation or labels from Europe to come
17:29:22 24  into the litigation.
17:29:25 25    But this is a statement made, and it's at least arguably

17:29:33  1   inconsistent with what the position of the defendant is.  It's
17:29:42  2   certainly an 801(d)(2) situation where it would be admissible, even
17:29:48  3   though it's a prior statement; it would also be admissible under
17:29:54  4   613 as a prior statement.
17:29:57  5              So I am going to allow it, but I will instruct the jury
17:30:03  6   that it's only relevant to what the defendant knew or when they
17:30:08  7   knew it.  Knowledge of the defendant.
17:30:13  8              Any reference to any Canadian label, I am going to tell
17:30:19  9   them to disregard.  I would hope I wouldn't have to do that because
17:30:22 10   I hope that doesn't come up from the plaintiff's standpoint.  I am
17:30:25 11   not interested in what the label is or any reference to the label.
17:30:31 12   If a reference does come into -- mentioning the label, I am going
17:30:36 13   to instruct the jury to disregard that and to only consider it
17:30:41 14   insofar as a statement is made regarding when the defendant knew
17:30:47 15   the information and what they knew.
17:30:51 16              So that's going to be my ruling.  I will allow it, but I
17:30:55 17   will -- I may have to have an instruction to the jury to that
17:30:59 18   effect.
17:31:00 19              MR. MEUNIER:  Your Honor, I understand the Court's
17:31:03 20   ruling, and there will be reference to the label, so I think that
17:31:05 21   limiting instruction you mentioned --
17:31:07 22              THE COURT:  Well, I will instruct the jury then to
17:31:09 23   disregard.  And I'll explain why.  The label reference can be
17:31:14 24   confusing, and I am going to have to surgically remove that.
17:31:20 25              I wish I didn't have to, but it's a situation where the