

CLERK'S OFFICE
A TRUE COPY

Jun 13 2017

Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION                                    MDL No. 2592

**TRANSFER ORDER**

**Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*Mory*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2592. Defendants Bayer and Janssen oppose the motion to vacate.[1]

After considering the argument of counsel, we find this action involves common questions of fact with the actions transferred to MDL No. 2592, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Movant does not dispute that her action shares questions of fact with MDL No. 2592. Like many of the already-centralized actions, *Mory* involves factual questions arising from allegations that Xarelto causes severe bleeding and other injuries and that defendants did not adequately warn prescribing physicians or consumers of the risks associated with Xarelto. *See In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402 (J.P.M.L. 2014).

In support of the motion to vacate, plaintiff argues that *Mory* was improperly removed and the transferor court should decide the issues presented in her motion for remand to state court prior to transfer. The Panel often has held that jurisdictional issues do not present an impediment to transfer, as plaintiffs can present arguments regarding those issues to the transferee judge.[2] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] Bayer Corporation; Bayer HealthCare LLC; Bayer HealthCare Pharmaceuticals Inc.; Janssen Research & Development, LLC; and Janssen Pharmaceuticals, Inc.

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so. Here, the transferor judge denied plaintiff's motion to remand without prejudice to renewal on April 12, 2017.

-2-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

**IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION**        MDL No. 2592

## SCHEDULE A

<u>Central District of California</u>

17-5746 L(5)     MORY v. JANSSEN RESEARCH AND DEVELOPMENT, LLC, ET AL.,
                     C.A. No. 2:17-01954