## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION L |
| This Document relates to: Glenn Fox, as Surviving Spouse of Annie Fox, Deceased v. Janssen Research & Development, LLC E.D. La. No. 2:16-cv-17986 | JUDGE ELDON E. FALLON |
| | MAG. JUDGE NORTH |
| Scharmaine Foster, as Surviving Heir of Willie Mae Foster, Deceased v. Janssen Research & Development, LLC E.D. La. No. 2:17-cv-834 | |
| Elliott Chavez, as Surviving Heir of Anita Munoz, Deceased v. Janssen Research & Development, LLC E.D. La. No. 2:17-cv-1084 | |
| April Phillips-Bosley v. Janssen Research & Development, LLC E.D. La. No. 2:17-cv-1342 | |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER PHARMA AG AND BAYER HEALTHCARE PHARMACEUTICALS

Plaintiffs submit this memorandum in support of their motion for an Order from this Court to provide Plaintiffs an additional thirty (30) days within which to serve process on Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A, and 10B.

## BACKGROUND

On March 24, 2015, this Court entered PTO 10, which created an informal streamlined service on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG. PTO 10 allowed Plaintiffs to informally serve a complaint with a Summons on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG within 60 days from docketing of Complaint in this MDL.

Plaintiffs' Complaints were filed in In Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL. No. 2592 on December 30, 2016, January 31, 2017, and February 7, 2017, February 15, 2017, respectfully.

Pursuant to CMO 1, on February 28, 2017, March 31, 2017, and May 23, 2017, a Plaintiff Fact Sheet and authorizations were submitted.

Sometime after the Plaintiff Fact Sheet and authorizations were submitted, Plaintiffs received correspondence from MDL Centrality acknowledging receipt of the Plaintiff Fact Sheets. The correspondence also inform Plaintiffs that the respective lawsuits had not been served on Bayer.

This was the first notice that Plaintiffs' counsel received regarding any issues with the service of the Complaint and Plaintiffs and their counsel became aware.

Plaintiffs' counsel sent an email to counsel for Bayer Pharma AG and Bayer Healthcare Pharmaceuticals acknowledging the incomplete service and requesting that counsel accept service without regard to the 60-day period if the service if post-marked within 10 days of the agreement. Counsel for Bayer Pharma AG and Bayer Healthcare Pharmaceuticals declined Plaintiffs' request.

## LAW AND ANALYSIS

Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert the defendants that they have a limited

time in which to respond. If a defendant is not served within 90 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Plaintiffs have every intention of pursuing their claims against Defendants; it was through an inadvertent clerical omission of the required email sent contemporaneously with the mailed summons that service was not perfected within the confines of PTO Nos. 10, 10A, and 10B.

Under Fed. R. Civ. P. 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m).

The Court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. See *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2nd 880 (1996)). Once more, if plaintiff can establish good cause for failing to serve defendant, that court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P 4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Fed. R. Civ. P. 4(m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chicago.*, 646 F. 3d 1001, 1007 (7th Cir. 2011) (citing *Panaras v. Liquid*

*Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) (additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas*, 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

Here, the Plaintiffs have every intention of pursuing their claims and have demonstrated such to the Defendants, including Bayer Pharma AG. Plaintiffs have not acted in bad faith.

In addition, Plaintiffs have demonstrated their intention to pursue this action by the timely filing of the Plaintiff Fact Sheets.

Because the MDL involved thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by these Plaintiffs, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein. This Court has granted similar relief to other plaintiffs as the Bayer Defendants have disputed service.

Plaintiffs show that as a matter of law and fact, they were not in "bad faith" in delaying service of the Complaint and Summons. Defendants are fully aware of and are served with thousands of identical complaints and have acknowledged receipt of these Complaints and Summonses in these matters. To dismiss Plaintiffs' claims here would elevate form over substance and deprive Plaintiffs of their day in court based on an inadvertent omission.

Plaintiffs respectfully request an extension of time in the amount of thirty (30) days from the date of an order is entered within which to provide streamlined service of process on Bayer Pharma AG.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully requests an Order from this Court granting thirty (30) days from the date the Order is entered within which to provide streamline service of process on Defendant Bayer Pharma AG. No party herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated: June 14, 2017

Respectfully submitted,
By: */s/ Aimee Robert*
Aimee Robert
Scott Brooks
JOHNSON LAW GROUP
2925 Richmond Avenue
Suite 1700
Houston, TX 77098
Telephone: (713) 626- 9336
*Attorneys for Plaintiff*