UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| | JUDGE: ELDON E. FALLON |
| | MAG. JUDGE: MICHAEL NORTH |

**THIS DOCUMENT RELATES TO:**

*Allen, et al. v. Janssen Research & Development, LLC, et al., 15-3241 L (5)*

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF PLAINTIFF' MOTION TO DEEM PRIOR SERVICE VALID OR IN THE ALTERNATIVE FOR AN EXTENSION OF TIME TO SERVE PROCESS ON DEFENDANTS BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG

Plaintiffs Brenda Allen, et al., in the above-referenced action, hereby submits this Memorandum in Support of their Motion for an Order from this Honorable Court, deeming prior service on Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma, AG and as valid through the streamlined process as set forth in this Court's Pre-Trial Order ("PTO") No. 10 or in the alternative for an extension of time to serve process on Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma, AG.

### I.      BACKGROUND

On August 4, 2015, Plaintiffs, Brenda Allen, Deborah Beckles, George Boustania, Connie J. Bradley as the administrator of estate for Ronnie Dale Bradley, John Brakey, Dennis Cohen individually, as an heir, and as successor-in-interest to the estate of Myra Cohen, Mitchell Cohen, Randy Cohen, James Craver, Luther Davis, Robin Eaves, Martha, Erickson, Timothy J. Hogan, Mollie McCormick, Michael Mouskourie, Warren Norman, Eileen Stevens and Clifton White

1

#420768

filed a bundled complaint and Jury Demand.

On August 8, 2015, Plaintiffs served the complaint and summons on Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma, AG in compliance with Pre-Trial Order No. 10 by serving the requisite documents to xareltocomplaints@babc.com after serving the Allen Complaint on the Bayer Defendants via Certified U.S. Mail and Registered U.S. Mail.  A Notice of Service was also included.  (Exhibit 1)  Due to a clerical error, Plaintiffs served the Complaint prematurely as the service failed to include the severance order and a list of the individual cases and their civil action numbers as set forth in Pre-Trial Order No. 11.  The Severance Order was issued on August 10, 2015 and was filed on August 13, 2015.  On May 12, 2017, Plaintiffs' was informed for the first apprised that letters were emailed to Brian D. Depew, Esq. of Engstrom, Lipscomb & Lack on August 31, 2015 notifying Mr. Depew that because the applicable Severance Order and a list of the individual cases with their civil action numbers was not included, the Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma, AG did not consider service to be effective.  (Exhibit 2)  Mr. Depew has no record of receiving this email communication.[1]

On August 26, 2015, in accordance with Pre-Trial Order ("PTO" No. 11), Short Form Complaints were filed for the following cases:  Deborah Beckles, George Boustania, Ronnie Dale Bradley, John Brakey, Myra Cohen, , James Craver, Luther Davis, Robin Eaves, Martha, Erickson, Timothy J. Hogan, Mollie McCormick, Michael Mouskourie, Warren Norman, Eileen Stevens and Clifton White.

---

[1] On August 12, 2015, counsel for Plaintiffs, Brenda Allen, et al.,  filed a Joint Motion to Withdraw and Substitute Counsel.  Seeking to withdraw as attorney of record were Brian D. Depew, Elizabeth L. Crooke of Engstrom, Lipscomb & Lack and Timothy M. Clark who had resigned from Engstrom, Lipscomb & Lack.  Seeking to be substituted as counsel of record were Brian J. Leinbach and Ann A. Howitt.  Although Mr. Depew was no longer counsel of record on August 31, 2015, had he received the email, he would have forwarded it to the current counsel of record.

2

#420768

In September and October 2015, Plaintiff Fact Sheets were served for all of the Allen Plaintiff cases.  In October 2015, Deficiency notices were received by our office in on the following cases Tim Hogan; Michael Mouskourie; Eileen Stevens; Deborah Beckles and Luther Davis.[2]  Our office didn't receive deficiency notices for Ronnie Bradley, Mollie McCormick, and Brenda Allen.  Defendant BHCP served Defense Fact Sheets for the cases involving Plaintiffs Plaintiffs  Deborah Beckles, George Boustania, John Brakey, Estate of Myra Cohen, James Craver, Robin Eaves, Martha, Erickson, Timothy J. Hogan, Michael Mouskourie, Warren Norman and Clifton White .

On April 3, 2017, Plaintiffs' counsel received notice for the first time that there were deficiency notices for the following Plaintiffs from the Allen Complaint:   Mollie A. McCormick, Ronnie Bradley and Brenda Allen.  Plaintiffs' counsel was apprised via a summary sent by MDL Centrality.  (Exhibit 3)  Our office had not previously received notification of these deficiencies via email.  Upon receipt of this summary document, our office notified MDL Centrality that we had not received the deficiency notices in the past.  Our office promptly cured the deficiencies.

On Friday, April 28, 2017, Plaintiffs received Notice of Unserved Complaint for the Ronnie D. Bradley case and the Brenda Allen case. (Exhibit 4) This was the first time our office had received any such Notice.  Bayer HealthCare Pharmaceuticals Inc. had previously served Defense Fact Sheets for most of the cases bundled in the Brenda Allen, et al. complaint.  On Monday, May 1, 2017, Mary Langi of our office responded that the required documents had been served per PTO No. 10 to xareltocomplaints@babc.com after serving the Allen Complaint on certain Bayer Defendants via Certified U.S. Mail and Registered U.S. Mail.  (Exhibit 5)

---

[2] Our office didn't receive deficiency notices for Ronnie Bradley, Mollie McCormick, and Brenda Allen at this time.  It was not until April 3, 2017 that we received an email notification showing a deficiency notice served in these cases.

3

#420768

On May 12, 2017, our office received an email from Maegan A. McCollum, Esq. with Bradley Arant Boult Cummings LLP, counsel for BHCP and BPAG, attaching two letters sent to Brian Depew on August 31, 2015 rejecting previous attempts at service on BHCP and BPAG in the Brenda Allen joint complaint.  The two letters indicate that they were sent via electronic mail to Mr. Depew.  (Exhibit 6)

On May 16, 2017, Plaintiffs' counsel responded to Ms. McCollum, advising that we have no record of receiving the two letters dated August 31, 2015 and were unaware that BHCP and BPAG had rejected service of the Allen Complaint.  (Exhibit 7)  Additionally, Plaintiffs' counsel advised that we would be reserving the complaint with the applicable Severance Oder and a list of the individual cases and their civil action numbers.  *Id.*

On May 16, 2017, Lindy Brown of Bradley Arant Boult Cummings responded via email forwarding the email transmittal to Brian Depew sent on August 31, 2015.  (Exhibit 2)  Ms. Brown also copied Ann Howitt and Mary Langi of our office.  This email went to Ms. Howitt's junk mail and Ms. Langi didn't receive it at all.  Prior to April 28, 2017, our office had never received a notice of unserved complaint.

Our office has re-served the requisite documents.  The bundled complaint and summons were timely served in this case; however, the severance order and list of individual cases and civil action numbers associated with the Joint complaint were not timely served.  Plaintiffs' counsel was not aware that the service had been rejected until May 12, 2017 when we received the letter addressed to Mr. Depew.

## II.    LAW AND ANALYSIS

In this MDL, per Pre-Trial Order ("PTO") No. 10 the Court established a streamlined process for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma, AG.  PTO No. 10 provides that Plaintiffs shall have 60 days from docketing their complaint in the MDL.  PTO 10

4

#420768

provides that "Defendants who have consented to streamlined service under this procedure agree to provide 30 days notice before moving to dismiss for a technical defect in the service process described in this section. " PTO 10 further states that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)."

PTO No. 11 (Bundling of Complaints and Answers) 1(e) states "Service of the Joint Complaint, together with a copy of the applicable Severance Order and a list of the individual cases and their civil action numbers, shall be sufficient to effectuate service of process for each of the individual cases associated with the Joint Complaint."

In this case, Plaintiffs complied with PTO No. 10 with respect to service, but due to clerical error did not include the Severance Order and a list of individual cases and their civil action numbers. As set forth above, Plaintiffs did not receive notice of the rejection of service until May 12, 2017. Plaintiffs believe that the August 31, 2015 notice may have gone to Mr. Depew's junk mail as the email from Ms. Brown copied to Ms. Howitt went into junk mail or into the spam filter since Ms. Langi similarly didn't receive Ms. Brown's May 16, 2016 email. The August letters came to light when Plaintiffs received a notice of unserved complaint.

Under Federal Rule of Civil Procedure 4(c) the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id*. Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996). When considering whether to extend the time for service, Courts take into consideration whether the defendant had notice of the claims against it. *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D. Tex. 2003). The Court in *Zermeno* also looks to see if the Defendants would suffer any prejudice by extending time for service and whether the plaintiff would be severely prejudiced if his or her complaint was dismissed. *Id.* at

666. Further, the Court in *Zermeno* held that "if defendants act so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id*. at 667.

In the case *Millan v. USAA General Insurance Col*, 346 F.3d 321, 325 (5th Cir. 2008), the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the requisite time period. The Court also found that although the conduct may have been negligent it did not amount to "contumacious conduct." *Id.* at 327. There, plaintiff named the wrong defendant in the original complaint. *Id.* The Court found that the correct defendant had received notice of the claims against it within the days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id.* at 327-328.

The Plaintiffs named in the Brenda Allen complaint complied with the streamlined service requirements set forth in PTO No. 10 as the complaint was filed on August 4, 2015 and the requisite documents set forth per PTO 10 were served on August 8, 2015. However, due to a clerical error, the severance order and a list of the individual cases and their civil action numbers were not included. Although counsel for Defendant sent an email to Brian Depew, Esq. at Engstrom, Lipscomb & Lack, notifying him of this error, Mr. Depew didn't receive the email. Plaintiffs' counsel was only made aware of this notice after communication with defense counsel upon receipt of notice of unserved complaint for the Ronnie D. Bradley case and Brenda Allen case. Defendants had served Plaintiffs with deficiency notices with respect to certain Plaintiff Fact Sheets. Plaintiffs cured the deficiencies. Defendant BHCP served Defense Fact Sheets with respect to the majority of the Plaintiffs. Defendants have not been prejudiced as they had notice of Plaintiffs' complaints when Plaintiffs served Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma, AG with the Complaint in August 2015. Defendants have notice of the severed

6

complaints as Plaintiffs served the short form complaints and the Plaintiff Fact Sheets as reflected by the Defense Fact Sheets served by Sheets and the Defense Fact Sheets served by BHCP Plaintiffs will be severely prejudiced if their complaints are dismissed because the statute of limitations may arguably have run for certain plaintiffs.

### III.   CONCLUSIONS

For the reasons stated above, Plaintiffs respectfully request an Order from this Court deeming Plaintiffs' prior service valid or in the alternative this Court grant Plaintiffs thirty (30) days from the date the Order is entered within which to provide streamlined service of process on Bayer Healthcare Pharmaceutical, Inc. and Bayer Pharma AG.

Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by granting of the relief sought herein.

Respectfully submitted,

Dated: June 14, 2017

/s/ Brian J. Leinbach
WALTER J. LACK
BRIAN J. LEINBACH
ANN A. HOWITT
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2017 the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                          /s/ Brian J. Leinbach
                                                      BRIAN J. LEINBACH

#420768