UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| RUBY HAMMOND Plaintiff | ) ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. Defendants | ) ) ) ) ) ) | Civil Action No: 2:16-cv-16727-EEF-MBN |

### RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE PROCESS

Defendants Bayer HealthCare Pharmaceuticals Inc. ("BHCP") and Bayer Pharma AG, by and through counsel, appearing specially, and reserving all defenses including, without limitation, the defenses of insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submit their Response to Plaintiff's Motion for Extension of Time to Serve Process, and state the following:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on BHCP and Bayer Pharma AG.  PTO 10 permits service of process on BHCP by certified mail, return receipt requested, upon the following representative of BHCP:

SOP Department
Corporation Service Company
Suite 400
2711 Centerville Road
Wilmington, DE 19808

PTO 10 permits service of process on Bayer Pharma AG by registered mail, return receipt requested, upon the following representative of Bayer Pharma AG:

1

>Bayer Pharma AG
>Attn: Eva Gardyan-Eisenlohr
>General Counsel
>Muellerstrasse 178
>13353 Berlin
>GERMANY

The Complaint was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on November 30, 2016. According to the docket, the Summonses for BHCP and Bayer Pharma AG were issued on December 8, 2016.

To date, BHCP and Bayer Pharma AG have not received copies of the Complaint and Summons.

PTO 10 only permits streamlined service of process on Bayer Pharma AG by registered mail, return receipt requested, and on BHCP by certified mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."[1] Plaintiff failed to serve process within 60 days from the docketing of the Complaint in the MDL.

The Court's September 20, 2016, Order regarding service of complaints provides that for complaints filed on or before December 31, 2016, the 60 day time period for streamlined service runs from the issuance of the summons. Plaintiff failed to serve process within 60 days of issuance of the Summonses.

Bayer Pharma AG is a company organized under the laws of Germany. Normally, service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h). Under Federal

---

[1] Pre-Trial Order No. 10A and Pre-Trial Order No. 10B are inapplicable because of the date of filing of the Complaint.

2

Rules of Civil Procedure 4(h)(2), service upon a corporation is effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof." Subdivision (f) provides that an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

Service of process by an American plaintiff on a German defendant in Germany is normally governed by international and German law. The streamlined process for service on Bayer Pharma AG in PTO 10 is a departure from the requirements for service under international and German law and was a concession by Bayer Pharma AG. If a plaintiff is to receive the benefit from this departure from normal service procedures, the plaintiff should, at the very least, be required to meet the conditions in PTO 10.

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)." Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to serve process "if the plaintiff shows good cause for the failure" to timely serve process. Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time

specified."'"" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. LEXIS 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiff has failed to show good cause for her failure to serve process within the required time period. Inadvertence by counsel does not entitle Plaintiff to an extension. *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process). The Court should deny Plaintiff's motion for extension of time to serve process under the streamlined service process of PTO 10 and require Plaintiff to serve BHCP and Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiff serve Bayer Pharma AG in accordance with international and German law pursuant to Rules (h)(2) and (f).

BHCP and Bayer Pharma AG are entitled to some certainty as to whether they will be required to defend themselves in a particular case pending in the MDL. Time limits on service provide some level of certainty. Otherwise, BHCP and Bayer Pharma AG are subject to being brought into any case in the MDL at any time for any reason. With numerous cases pending in the MDL, this level of uncertainty places an undue burden on BHCP and Bayer Pharma AG to continue to monitor all cases pending in the MDL.

Furthermore, PTO 11 provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served." However, once BHCP or Bayer Pharma AG is served in a particular case, BHCP or Bayer Pharma AG's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed). Service triggers the operation of BHCP or Bayer Pharma AG's omnibus answer in a particular case without any action on the part of BHCP or Bayer Pharma AG. By delaying service, a plaintiff can delay the operation

of BHCP or Bayer Pharma AG's omnibus answer in a particular case.  Pre-Trial Order No. 11C provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint.  When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.
>
>  If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her complaint.  Rather, the plaintiff can amend her complaint at any time for any reason.

WHEREFORE, BHCP and Bayer Pharma AG respectfully request that the Court deny Plaintiff's request for an additional 60 days to serve process on BHCP and Bayer Pharma AG under the streamlined service process of PTO 10, require Plaintiff to serve BHCP and Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiff serve Bayer Pharma AG in accordance with international and German law pursuant to Rules (h)(2) and (f).

June 27, 2017.

Respectfully submitted,

By: /s/ *Steven Glickstein*
Steven Glickstein
Andrew K. Solow
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
william.hoffman@apks.com


By: */s/ Kevin C. Newsom*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com


By: /s/ *John F. Olinde*
John F. Olinde (LA Bar #1515)
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com
***Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG***


**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ John F. Olinde*