**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | |
|---|---|
| In re: XARELTO PRODUCTS LIABILITY LITIGATION | § MDL NO. 2592 § § SECTION:   L § § JUDGE:  ELDON E. FALLON § § MAG. JUDGE MICHAEL NORTH § § |
| _____ § | |

**THIS DOCUMENT RELATES TO:**

Barnett v. Janssen Research & Developement, LLC et al; 2:15-cv-00220;

Brown v. Janssen Research & Development LLC et al; 2:15-cv-00201;

Welch v. Janssen Research & Development LLC et al; 2:16-cv-09840;

Larkins v. Janssen Research & Developement, LLC et al; 2:15-cv-03679;

Menard v. Janssen Research & Development LLC, et al; 2:16-cv-13391;

Allensworth v. Janssen Research & Development LLC et al; 2:15-cv-00221;

Smith v. Janssen Research & Development LLC, et al; 2:16-cv-13311;

Eikenhorst v. Janssen Research & Development LLC et al; 2:17-cv-02046;

Easley v. Janssen Research & Development LLC et al; 2:16-cv-06004*;

Davis v. Janssen Research & Development LLC et al; 2:16-cv-05988*;

Gilchrist v. Janssen Research & Development LLC et al; 2:16-cv-06016*;

Rozell v. Janssen Research & Development LLC et al; 2:16-cv-06032*;

Sterling v. Janssen Research & Development LLC et al; 2:16-cv-06042*;

Treat v. Janssen Research & Development LLC, et al; 2:16-cv-06111*;

Willey v. Janssen Research & Development LLC, et al; 2:16-cv-06120*;

Randolph v. Janssen Research & Development LLC, et al; 2:16-cv-06128*.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION TO EXPAND TIME**
**TO BAYER DEFENDANTS**

Plaintiff seeks an expansion of the service deadline to comply with the unique requirements insisted on by Bayer Healthcare Pharmaceutical and Bayer Pharma AG.  The facts are as follows:

- All of the above cases have been properly filed into the MDL court;
- Service by Registered Mail to Germany to Defendant Bayer Pharma AG was performed timely in all the above cases;
- Among the reasons listed for incomplete/improper service by Bayer Pharma AG are:
    1. Defendant was not issued a file-stamp summons with Court seal (they were issued summons which were file-stamped, issued from The Court through Pacer);
    2. Defendant was not issued a contemporaneous service email to accompany the Registered Mail service to Germany;
- All of the above cases have complied with all other forms of service with every other Defendant and the submission of Plaintiff Fact Sheets has been timely;
- The cases with an * by their caption, were part of the group filing process, which has since been abandoned for individual filings.

2

Plaintiff's counsel has actively tried to comply with the many requirements set forth in PTO 10.  Time and time again, it is only this one Defendant, Bayer Pharma AG, that continues to complain about these particular deficiencies. They actually sign for, and receive, Registered Mail service in Berlin, Germany, containing a file stamped summons and file stamped complaint from the MDL court, only to have their US counsel in Jackson, MS *email* us a letter, stating service was not performed timely because it either did not have The Court seal or that they did not receive a contemporaneous email of the service. Along with the *emailed* letter from Bayer Pharma AG's US counsel in Mississippi are copies of the Registered Mail receipt they signed for in Berlin, Germany.

*NOTE: All the post-service communication with Defendant Bayer Pharma AG's counsel  is being done domestically and by email.*

Plaintiff has moved the court to expand the time for service in the above styled cases for 60 days. In that time, Plaintiff's counsel will fully get into compliance with PTO 10, providing Bayer Pharma AG with both new service via Registered Mail to Berlin Germany (with court-sealed summons) and contemporaneous emails of the same. Plaintiff's counsel was not purposely out of compliance with the many requirements of this one Defendant, Bayer Pharma AG.

Finally, granting the requested extension will not prejudice Bayer Pharma AG given that: 1) Bayer Pharma AG was put on notice of the suit when Plaintiff served the summons bearing the file stamp; 2) the case is part of the MDL which is progressing without regard for the timing of service in this individual case; and 3) even within the confines of this specific case, there has been no delay in progress as Plaintiff has proceeded under the PTOs under the assumption that service was proper including having timely provided Bayer Pharma AG with a completed factsheet.

For those reasons and for good cause shown, Plaintiff believes the Court should grant Plaintiff's Motion for Extension of Time of sixty (60) days to Serve Defendants.

Respectfully submitted,

By: /s/ Christopher T. Kirchmer

**PROVOST ✭ UMPHREY LAW FIRM, L.L.P.**
Christopher T. Kirchmer
Texas Bar No. 00794099
490 Park Street
P. O. Box 4905
Beaumont, Texas 77704
(409) 835-6000 telephone
(409) 813-8614 facsimile
ckirchmer@pulf.com - email

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel registered in this case. Any counsel not registered for electronic notice of filing with the Clerk of Court will be mailed a copy of the above and foregoing, First Class U.S. Mail, postage prepaid and properly addressed.

  /s/ Christopher T. Kirchmer
Christopher T. Kirchmer