## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br>Section: L |
| **THIS DOCUMENT RELATES TO:** | JUDGE: ELDON E. FALLON<br>MAG. JUDGE MICHAEL NORTH |
| **DORIS PHELPS, INDIVIDUALLY AND AS THE SURVIVING SPOUSE OF LAWRENCE PHELPS**, | |
| Civil Action No. 2:17-cv-03425 | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE DEFENDANT BAYER PHARMA AG**

COMES NOW Plaintiff, Doris Phelps, individually and as the Surviving Spouse of Lawrence Phelps, through undersigned counsel, and submits this Memorandum in Support of her Motion for an Order from this Honorable Court granting her thirty (30) days within which to serve process on Defendant Bayer Pharma AG.

### I.   BACKGROUND

This matter was filed into the In Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL No., 2592, on April 13, 2017.  Plaintiff attempted service via registered mail and e-mail on June 19, 2017. Through an honest oversight and administrative error, Plaintiff failed to serve Defendant Bayer Pharma AG within the timeframe provided by the Court in PTO 10. Plaintiff was unaware of the error until receiving notice from counsel for Defendant Bayer Pharma AG on June 30, 2017 that service was rejected as untimely.

### II.   ANALYSIS

Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal lawsuit has been filed against them, and requires service of a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 90 days after the complaint is filed (or within 60 days under the streamlined process provided in PTO 10 in this MDL), Rule 4 allows the court at its discretion to order that service be made within a specific time. Under the circumstances presented herein, Plaintiff submits it is appropriate for the Court to exercise its discretionary power and grant a slight extension of time for service on Defendant Bayer Pharma AG. Defendant Bayer Pharma AG will suffer no prejudice if this Court grants the relief sought by Plaintiff.

Courts have the power to exercise discretion to grant an extension for service, and order that service be made within a specified time. *See United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63 (1996)). If the plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P 4(m) Advisory Committee's Note (1993).

Plaintiff has every intention of pursuing her claims against Bayer Pharma AG. Plaintiff has not acted in bad faith. Plaintiff's attempted service pursuant to PTO Nos. 10, 10A, 10B and 11 was untimely solely due to an administrative calendaring error which resulted in the deadline for service being miscalculated for 90 days after the docketing of the Complaint rather than 60 days. This administrative error was not discovered until June 30, 2017, when Plaintiff's counsel

received correspondence from counsel for Defendant Bayer Pharma AG stating that the

attempted service of the summons and complaint was rejected as untimely.

Plaintiff did not purposely or in "bad faith" delay the service of the subject complaint and

summons. Defendant Bayer Pharma AG is fully aware of and has been served with thousands of

complaints in this matter, and therefore cannot be said to be prejudiced in any manner by a slight

thirty (30) day extension of the service deadline. To dismiss Plaintiff's claims against Defendant

Bayer Pharma AG would elevate form over substance, and deprive Plaintiff of her day in court

against Defendant Bayer Pharma AG based on an inadvertent administrative error.

### III.    CONCLUSION

In consideration of the above, Plaintiff respectfully requests an Order from this Honorable

Court granting her thirty (30) days within which to provide streamlined service of process on Bayer

Pharma AG. Plaintiff further states that no party will be prejudiced by the granting of the relief

sought and that the progress of the MDL will not be affected.

Dated: July 6, 2017                                   Respectfully submitted,

                                                      /s/ Amanda K. Klevorn
                                                      Korey A. Nelson (LA #30002)
                                                      Amanda K. Klevorn (LA #35193)
                                                      **BURNS CHAREST LLP**
                                                      365 Canal Street, Suite 1170
                                                      New Orleans, Louisiana 70130
                                                      T: 504.799.2845
                                                      F: 504.881.1765
                                                      E: aklevorn@burnscharest.com
                                                         knelson@burnscharest.com

                                                      **AND**

                                                      Warren T. Burns (TX #24053119)
                                                      Daniel H. Charest (TX #24057803)
                                                      Spencer M. Cox (TX #24097540)

**BURNS CHAREST LLP**
900 Jackson Street, Suite 500
Dallas, Texas 75202
T: 469.904.4550
F: 469.444.5002
E: wburns@burnscharest.com
   dcharest@burnscharest.com
   scox@burnscharest.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing was served electronically via the Court's ECF system and served on all counsel of record electronically as a result thereof on the 6th day of July, 2017.

/s/ Amanda K. Klevorn
Amanda K. Klevorn