UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Mingo v. Bayer Corp., et al.* | * | JUDGE ELDON E. FALLON |
| **Case No. 2:15-cv-03469** | * | |
| | * | MAGISTRATE JUDGE NORTH |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO BAYER'S MOTION (1) TO ENFORCE STIPULATED CASE MANAGEMENT ORDER AND (2) TO QUASH UNTIMELY 30(b)(6) DEPOSITION NOTICE TO BAYER DEFENDANTS

### I.     INTRODUCTION

Plaintiffs submit this response in opposition to Bayer's motion (1) to enforce stipulated case management order and (2) to quash untimely 30(b)(6) deposition notice to Bayer Defendants (Rec. Doc. 6978). As demonstrated below, good cause exists to permit Plaintiffs to depose a corporate representative of Bayer limited to the discrete topics set forth in the Plaintiffs' Notice of Deposition.[1]

### II.     ARGUMENT

In the first bellwether trial in MDL 2592, Defendants brazenly misrepresented to the jury that Neoplastin PT was useless, reckless, dangerous, and did not work as a test to evaluate a Xarelto patient's bleed risk.[2] This false narrative stands in direct contradiction to statements Bayer makes

---

[1] A copy of the Notice of Deposition is attached as Exhibit 1 to Defendants' motion (Rec. Doc. 6978-2).

[2] *See, e.g.*, Plaintiffs' Memorandum in Support of Rule 59 Motion for a New Trial at 3 (addressing counsel's fraudulent declaration during summation that "outside of this courtroom, nobody thinks this test works."), quoting Boudreaux Trial Transcript, at 1600:5-17 [Rec. Doc. 6818].

to regulatory authorities outside of the United States – in particular, Canadian regulatory authorities.

To avoid this same false narrative from being repeated at the *Orr* trial, Plaintiffs moved in limine to allow for the introduction of statements Bayer made to regulatory authorities outside the United States on the clinical application of the PT test, and on May 26, 2017, the Court sustained the motion finding that "anything the Defendants have said to anyone, even foreign regulatory bodies, should be admissible."[3]  Accompanying this ruling was a caveat that "what the defendants did or put into their labels in other countries in order to comply with foreign regulatory bodies or agencies" was not admissible.[4]  This new and unanticipated restriction on plaintiffs' ability to present relevant evidence severely handicapped Plaintiff's ability to refute the falsehood perpetrated by the Defendants that Neoplastin PT testing was not predictive of bleed risk. Compliance with the order of the Court is difficult as it requires Plaintiffs to thread a needle between statements made to regulatory authorities (typically about statements that belong in the drug label) and statements actually made in the Xarelto label.[5]

The result of the Court's order was the admission of a trial exhibit (Plaintiffs PX190) that was so heavily redacted that no juror could truly understand the document's importance or that the document set out that it was a "summary of all information known to [Bayer] relevant" to the issues of the ability to "determine the steady-state anticoagulant effect of the drug at trough."  The statements made by Bayer in response to the Canadian regulatory authority directly contradict the positions Bayer takes in open court as Bayer currently represents to doctors in Canada that

---

[3] *See In re Xarelto (Rivaroxaban) Prod. Liab. Litig.,* MDL No. 2592, Order and Reasons at 12 (E.D. La. May 26, 2017).

[4] *Id.*

[5] *See Orr* Trial Transcript at 1220-1222 (June 6, 2017) ("So I am going to allow it, but I will instruct the jury that it's only relevant to what the defendant knew or when they knew it. Knowledge of the defendant.").

"measuring PT using the Neoplastin Reagent or Factor-Xa assay using rivaroxaban-specific calibrators and controls, *may be useful* to inform clinical decisions" to assess the anticoagulation effect of Xarelto.[6]

To meet the Court's recent evidentiary restrictions for the next trial of Dora Mingo, on July 2, 2017, Plaintiffs served the disputed Notice of Deposition of a Corporate Representative of the Bayer Defendants pursuant to Rule 30(b)(6).  Plaintiffs sought a witness who was knowledgeable about the Canadian Monograph and capable of testifying to Bayer's knowledge of the use of PT testing in connection with Xarelto therapy consistent with the Product Monograph and to provide evidence and testimony related to statements made to regulators that are separate and apart from statements made in the actual label.  Having this testimony is essential to navigate the redaction-laden, narrow shoals that first presented themselves at the *Orr* trial because of this Court's evidentiary rulings.

In response to Plaintiffs' Notice of Deposition, Defendants invent prejudice where none exists.  Currently, the Bayer Defendants are willingly preparing a witness (Dr. Anthonie Lensing) to testify on the eve of the Mingo trial.  Yet here, they object to "defending a deposition" and the "time and expense on Bayer's part to prepare" the proposed corporate witness "less than a month before trial."  Def. Brf. at 8.  This doublespeak is repeated in Defendants' contention that Plaintiffs' deposition notice for the corporate representative is out of time under CMO 2A.  CMO 2A

---

[6] *See* Xarelto Product Monograph at 10, available at https://pdf.hres.ca/dpd_pm/00032074.PDF (emphasis added).  It is also worth noting that Canada, like the United States, solely imposes responsibility for the safety and adequacy of a drug or device on its manufacturer.  *See e.g., Attis v. Canada (Minister of Health)*, 93 O.R. (3d) 35, ¶57 (Ct. App. Ontario Sept. 30, 2008) ("The government, like the consumer, depends on the manufacturer to ensure product safety."), available at https://www.canlii.org/en/on/onca/doc/2008/2008onca660/2008onca660.html; Food and Drugs Act (R.S.C., 1985, c. F-27), Section 8, available at  http://laws-lois.justice.gc.ca/eng/acts/f-27/page-2.html#docCont.

incorporates CMO 2, which expressly recognizes the ability of the parties to seek to modify deadlines consistent with the Federal Rules of Civil Procedure.[7]  Indeed, the Defendants as much acknowledge the Plaintiffs' ability to seek to modify the deadlines of CMO 2A by denying that good cause is present to allow the noticed deposition from proceeding.  Def. Brf. at 7.

As set forth above, however, good cause plainly exists.  Plaintiffs are the parties more prejudiced by the Defendants' unwillingness to waive *Lexecon*, or make readily available at trial corporate witnesses (possibly from Germany) who can testify to Bayer's prior inconsistent statements made throughout Canada to the effect that measuring PT in Xarelto patients may be useful.  Further, given the prominence of these bellwether trials to the remaining plaintiffs who have yet to undergo discovery, to obtain truly representative results, plaintiffs should be permitted to extend discovery obtained under deadlines that pre-existed this Court's May 27, 2017 evidentiary ruling in order to meet that unforeseen limitation.[8]

---

[7] *See* CMO 2A, ¶B ("All provisions of CMO No. 2 other than those amended shall remain unchanged and in full force and effect."); CMO 2, ¶1 ("The Federal Rules of Civil Procedure shall apply to these proceedings, subject to provisions permitting Court orders or stipulations by the parties to make appropriate modifications.").

[8] *See generally*, Eldon E. Fallon, *Bellwether Trials in Multidistrict Litigation*, 82 TULANE L. REV. 2323, 2366 (2008) (recognizing that "tactical opportunities can arise for trial counsel to become familiar with the rulings, expectations, customs, and practices of one transferee judge.")

## II.   <u>CONCLUSION</u>

For the reasons set forth above, this Court should deny Defendants' motion.

Dated: July 7, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
Email: gmeunier@gainsben.com

***Plaintiffs' Liaison Counsel***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 7, 2017 the foregoing pleading and its supporting memorandum of law were filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**