UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Charles Henson as Personal Representative of the Estate of Ernestine Grinstead, and Charles Henson, Individually* (17-04203) | * * * * * | JUDGE ELDON E. FALLON |
| | * * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * *

## OPPOSITION TO MOTION FOR EXTENSION OF TIME TO SUBMIT PLAINTIFF FACT SHEET

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants"), Johnson & Johnson ("J&J"), Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Bayer Defendants") collectively referenced as "Defendants," through undersigned counsel, respectfully submit the instant Opposition to Plaintiff Charles Henson as Personal Representative of the Estate of Ernestine Grinstead, and Charles Henson, Individually's (Plaintiff") Motion for Extension of Time to Submit Plaintiff Fact Sheet. (Rec. Doc. No. 6963).

As explained *infra*, Plaintiff's request for an extension of time to serve the Plaintiff Fact Sheet should be denied because, as repeatedly emphasized by the Court, (1) timely submission of completed PFSs is *essential* to this litigation; and (2) at this point in the litigation, plaintiffs who have made claims now need to provide proof that they belong in this MDL.

First, the Court has repeatedly emphasized that the timely submission of Plaintiff Fact Sheets is an essential step in this litigation and that the failure to submit a completed PFS will result in the dismissal of the case. *See* Nov. 20, 2015 Status Conf. Tr. at 8:15-19 ("[I]f the fact sheets are not going to be filled out, then I will be dismissing cases. I will dismiss the case. My intent is to dismiss the case with prejudice, not without prejudice."); Oct. 21, 2015 Status Conf. Tr. at 6:1-6 (again noting that failure to timely file PFSs will result in dismissal of cases); *see also* Sept. 20, 2016 Status Conf. Tr. at 5 ("If this information is not forthcoming, you need to know, folks, that I'm going to dismiss the cases with prejudice."); Jan. 20, 2017 Status Conf. Tr. at 32:20-25 (And if you file a lawsuit, you have a responsibility to participate in the lawsuit. It's not something that you file and forget about. It's important that the parties participate and that the attorneys who represent these parties participate. And if they don't, I'll dismiss the cases with prejudice.).

Furthermore, the Court has explicitly recognized the important role of Plaintiff Fact Sheets in determining whether plaintiffs who have made claims in the MDL are properly in this litigation.

> Also, with the fact sheets, we find in some of these types of cases, particularly with the pharmaceutical drug cases, there are individuals who have made claims, but they haven't taken the drug. They may have taken another drug, and they may be entitled to be in another MDL proceeding, but not in this proceeding, and the fact sheets are helpful in determining that aspect of the situation, so that those cases can be moved out of the system.

*See* Nov. 20, 2015 Status Conf. Tr. at 9:1-8.

Here, Plaintiff's counsel asserts that, after sending the Plaintiff Fact Sheet to the decedent's representative for completion, she was informed that the decedent's daughter was taking the place

of the initial representative Plaintiff.  (Rec. Doc. No. 6963-1). Plaintiff's Memorandum asserts that a 60-day extension is needed to locate the new representative Plaintiff in this matter. *Id.*

In this litigation, the burden is on Plaintiffs to establish proof of use of the product and proof of injury and, furthermore, a declaration from each Plaintiff is required in order to verify the information contained in each Plaintiff Fact Sheet. Here, Plaintiff has failed to serve *any part* of the Plaintiff Fact Sheet to date. Accordingly, in this matter, there is a clear absence of proof that this Plaintiff belongs in this litigation. Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion for Extension of Time to Submit Plaintiff Fact Sheet. (Rec. Doc. No. 6963).

Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**
By: /s/Susan M. Sharko
Susan Sharko
600 Campus Dr.
Florham Park, NJ 07932
Tel: (973) 549-7000
Susan.Sharko@dbr.com

Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson

**ARNOLD & PORTER KAYE SCHOLER LLP**
By: /s/ Andrew Solow
Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG

- 5 -

**IRWIN FRITCHIE URQUHART & MOORE LLC**
By: /s/James B. Irwin
James B. Irwin
Kim E. Moore
400 Poydras St., Ste, 2700
New Orleans, LA 70130
(504) 310-2100
jirwin@irwinllc.com
kmoore@irwinllc.com

Liaison Counsel for Defendants

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

Liaison Counsel for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 11, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**