# Exhibit 2

                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


IN RE:  XARELTO (RIVAROXABAN)     *
PRODUCTS LIABILITY LITIGATION     *    Docket No. 14-MD-2592
                                  *
                                  *    Section L
THIS DOCUMENT RELATES TO:         *
                                  *    New Orleans, Louisiana
*Joseph Orr, et al.*              *
*v. Janssen Research &*           *    May 31, 2017
*Development, et. al.*,           *
Case No. 15-CV-3708               *
                                  *
* * * * * * * * * * * * * * * *


                       TRANSCRIPT OF JURY TRIAL
                 BEFORE THE HONORABLE ELDON E. FALLON
                     UNITED STATES DISTRICT JUDGE
                     VOLUME II - AFTERNOON SESSION


Appearances:


For the Plaintiffs:          Levin Papantonio Thomas Mitchell
                               Rafferty & Proctor, P.A.
                             BY:  BRIAN H. BARR, ESQ.
                                  NEIL E. MCWILLIAMS, JR., ESQ.
                             316 South Baylen Street, Suite 600
                             Pensacola, Florida  32502


For the Plaintiffs:          Beasley Allen Crow Methvin
                               Portis & Miles, PC
                             BY:  ANDY BIRCHFIELD, ESQ.
                             Post Office Box 4160
                             Montgomery, Alabama  36103


For the Plaintiffs:          Gainsburgh Benjamin David
                               Meunier & Warshauer, LLC
                             BY:  GERALD E. MEUNIER, ESQ.
                             1100 Poydras Street, Suite 2800
                             New Orleans, Louisiana  70163

Appearances:

| | |
|---|---|
| For the Plaintiffs: | Goza & Honnold, LLC<br>BY: BRADLEY D. HONNOLD, ESQ.<br>11181 Overbrook Road, Suite 200<br>Leawood, Kansas 66211 |
| For the Plaintiffs: | The Lambert Firm<br>BY: EMILY C. JEFFCOTT, ESQ.<br>701 Magazine Street<br>New Orleans, Louisiana 70130 |
| For Bayer Healthcare<br>Pharmaceuticals, Inc.<br>and Bayer Pharma AG: | Wilkinson Walsh + Eskovitz, LLP<br>BY: BETH A. WILKINSON, ESQ.<br>1900 M Street NW, Suite 800<br>Washington, DC 20036 |
| For Bayer Healthcare<br>Pharmaceuticals, Inc.<br>and Bayer Pharma AG: | Nelson Mullins Riley &<br>  Scarborough, LLP<br>BY: DAVID E. DUKES, ESQ.<br>1320 Main Street, 17th Floor<br>Columbia, South Carolina 29201 |
| For Janssen Pharmaceuticals,<br>Inc. and Janssen Research &<br>Development, LLC: | Irwin Fritchie Urquhart<br>  & Moore, LLC<br>BY: JAMES B. IRWIN, ESQ.<br>400 Poydras Street, Suite 2700<br>New Orleans, Louisiana 70130 |
| Official Court Reporter: | Toni Doyle Tusa, CCR, FCRR<br>500 Poydras Street, Room B-275<br>New Orleans, Louisiana 70130<br>(504) 589-7778 |

Proceedings recorded by mechanical stenography, transcript produced by computer.

```
04:49    1   show that a product possessed one or more characteristics
         2   which, in the words of the statute, quote, "may cause damage,"
         3   close quote, to a foreseeable user.
         4             Second, we must show that in light of those
         5   characteristics, the manufacturer failed to use reasonable care
         6   to warn about the risks or dangers posed by such
         7   characteristics.
         8             Of course, under the learned intermediary
         9   doctrine in a prescription drug case, this duty to warn, as the
        10   Court has confirmed, extends both to prescribers and to
        11   treaters of the patient, in particular those who are in a
        12   position to make different medical decisions to avoid harm if
        13   an adequate warning had been provided.
        14             Dr. Smart's opinion testimony in this trial has
        15   addressed both prongs of the statutory road map for proof of
        16   failure to warn.  He has testified that the warnings associated
        17   with the drug Xarelto are inadequate.  He has expressed further
        18   opinions that certain characteristics of Xarelto, specifically
        19   its worst-in-class status among NOACs and its once-daily
        20   20-milligram dosing regimen, are characteristics which pose the
        21   risk of harm to the plaintiffs -- or to patients.
        22             The dosing criticism of Dr. Smart, in other
        23   words, is not predicated or presented in this case to the jury
        24   in support of a stand-alone design defect theory.  Rather, it
        25   is relevant to and a predicate for his opinion that the
```

```
04:51   1   warnings given about Xarelto are not adequate in light of those
        2   characteristics.
        3               Your Honor, he was clear in his testimony that
        4   there is support for his criticism of the dosing regimen of
        5   Xarelto, both in the FDA materials and in published literature,
        6   and the jury heard him refer to the charts in the Canadian
        7   article which for him was the aha! moment, when he saw the
        8   dosing with the drug was problematic.
        9               Your Honor, in Louisiana Tort Law there is a
       10   bedrock relationship between risk and duty.  We call it
       11   duty/risk, but it's the same relationship.  The greater the
       12   risk, the more heightened the duty.  If there is a risk with
       13   certain characteristics of this drug, including its dosing
       14   regimen, those risks inform the duty to warn.  Those risks need
       15   to be assessed in order to inform the duty to warn and in order
       16   to inform the jury about how heightened a duty to warn there
       17   was.  The jury simply has to understand what the dangerous
       18   characteristics of the drug are in order to get to an
       19   assessment of whether there was a failure to use reasonable
       20   care in the duty to warn.
       21               And risk, which is what these dangerous
       22   characteristics that Dr. Smart testified about, are also
       23   relevant to the first cousin of duty, which is foreseeability.
       24   Because if it's shown that the manufacturer knew or should have
       25   known about a dosing regimen that put plaintiffs more at risk,
```

04:54

that goes in a black box.  I think that was the context in which that discussion took place.

There's been no secret about what Dr. Smart was going to say.  It is in his report.  You heard the reference to his report.  There was extensive cross-examination.  He was always going to talk about the dosing issues concerning Xarelto.  So there's no issue about that.

The issue is:  Have we surprised the defendants with a warnings case which, among other things, will identify the dosing problems as a dangerous characteristic?  I think we have.

Judge, the *Daubert* Court -- it's often forgotten, but it went to great lengths to say, You know, we have to be careful with our gatekeeper responsibilities not to confuse admissibility with weight.

One of the great cures of any concerns about an expert's opinion is cross-examination.  There was vigorous cross-examination today which will allow this jury to properly assess the testimony of Dr. Smart when it comes to dosing and other characteristics of the drug.

We respectfully submit that the motion to exclude that testimony is not properly founded.  There's been no surprise.  We never abandoned any discussion about dosing. We never abandoned Dr. Smart's expert opinion about dosing.

It is in the context of the statutory twofold

**CERTIFICATE**

     I, Toni Doyle Tusa, CCR, FCRR, Official Court Reporter for the United States District Court, Eastern District of Louisiana, certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of proceedings in the above-entitled matter.

                                    *s/ Toni Doyle Tusa*
                                    Toni Doyle Tusa, CCR, FCRR
                                    Official Court Reporter