UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * * | JUDGE ELDON E. FALLON |
| *Mingo v. Janssen Research & Development, LLC, et al* Case No. 2:15-cv-03367 | * * * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE*
TO EXCLUDE "STRIKETHROUGH" EXHIBITS AND RELATED TESTIMONY**

**I.   INTRODUCTION**

Pursuant to Federal Rules of Evidence 403, 602, 801 and 901, Plaintiffs object to the introduction of Defendants Exhibits DX 5548 and DX 5222, also referred to as the "Strikethrough" document, and move *in limine* to prevent its use, reference or introduction into evidence by Defendants in the Mingo bellwether trial.[1]   The document is a non-business record document, containing hearsay, and hearsay within hearsay, for which no proper foundation can be laid, and for which the authenticity of the document cannot be established.

**II.   ARGUMENT**

In both *Boudreaux* and *Orr* trials, Defendants sought the admission of a redline Microsoft Word document, which is an edited version of the June 2011 draft labeling for the VTE prevention

---

[1] Plaintiffs' Motion is inclusive of other iterations of the same edits described herein to the extent there exists documents with these edits beyond those admitted in the *Boudreaux* trial as Defense Trial Exhibit 28 and in the *Orr* trial as Defense Trial Exhibit 22.

indication.[2] The Word document was admitted along with an email string wherein Janssen Regulatory employee, Andrea Kollath, forwards the document to her colleagues which was purportedly sent to her from FDA Regulatory Health Project Manager, Tyree Newman.[3] However, Defendants never produced the original email between Ms. Kollath and Mr. Newman, producing instead only subsequent emails forwarding the original email with an attachment. Without the original email, there exists no way to determine whether the document forwarded by Ms. Kollath was, in fact, the same document originally sent by Mr. Newman. As set forth more fully herein, Defendants are unable to establish grounds for the document's admissibility.

The 2011 draft labeling document reflects language struck through in "redline" form by "author,"[4] relating to the reporting of the 5th and 95th Percentile PT values from the RECORD studies, as well as basic guidance that if measurement of pharmacodynamics effect is desired, the Neoplastin PT test could be used:

---

[2] In *Boudreaux*, the "redline" document was admitted as Defense trial exhibit 28 (DX 5548) along with the attaching email, which was admitted as Defense trial exhibit 27 (DX 5547). In *Orr*, the "redline" document was admitted as Defense trial exhibit 22 (DX 5222) along with the attaching email, which was admitted as Defense trial exhibit 26 (DX 5221). A copy of each document is attached hereto as Exhibits 1 – 4, respectively. The "redline" document was the same in both trials, although there were two different Andrea Kollath emails put into evidence by Defense in each trial.

[3] At the relevant time in June 2011, Mr. Newman was an FDA Regulatory Health Project Manager who had been hired with the FDA six months previously. *See* https://www.linkedin.com/in/tyree-newman-2531589 (last viewed July 17, 2017) (setting forth his past experience in the pharmaceutical industry both at MedImmune and Sucamp).

[4] The redline notes provided below representing changes by "author" are only viewable through the native Word Document and do not appear in a PDF format such the exhibits to this Motion. Accordingly, Plaintiffs have incorporated images of the notes into the body of this Memorandum.



*See* Boudreaux Defense Trial Exhibit 28 [DX 5548], pg. 30; Orr Defense Trial Exhibit 22 [DX 5222], pg. 30.

As demonstrated in the above excerpt, it appears that the "author" has deleted this language. Further, as shown below, the "author" has added a sentence related to the fact that "[t]he predictive value of these coagulation parameters for bleeding risk or efficacy has not been adequately studied:

3

*See* Boudreaux Defense Trial Exhibit 28 [DX 5548], pg. 30; Orr Defense Trial Exhibit 22 [DX 5222], pg. 30. Additionally, in the same paragraph the word "relevant" is struck-through or "deleted" again by "author:"

> Dose-dependent inhibition of factor Xa activity was observed in humans and the prothrombin time (PT), activated partial thromboplastin time (aPTT) and HepTest® are prolonged dose-dependently. Anti-factor Xa activity is also influenced by rivaroxaban. ~~The relationship between PT and rivaroxaban plasma concentration is linear and closely correlated. If assessment of the pharmacodynamic effect of rivaroxaban is considered necessary in individual cases, PT (measured in seconds) is recommended. The Neoplastin® PT assay was measured in the RECORD program and the median (with 5/95 percentiles) for PT (Neoplastin®) 2 to 4 hours after tablet intake (i.e., at the time of maximum effect) was 18 (13 to 26) seconds. International Normalized Ratio (INR) should not be used for measuring rivaroxaban pharmacodynamic effect~~ The predictive value of these coagulation parameters for ~~relevant~~ bleeding risk or efficacy has not been adequately studied.
>
> ~~Cardiac Electrophysiology: In a thorough QT study in healthy men and women aged 50 years and older, no QTc prolonging effects were observed for XARELTO® (15 mg and 45 mg, single dose).~~

[Author deleted: relevant]

*See* Boudreaux Defense Trial Exhibit 28 [DX 5548], pg. 30; Orr Defense Trial Exhibit 22 [DX 5222], pg. 30. There simply is no way to determine if these changes existed in the document originally sent by Mr. Newman.

Without the original email and document sent by Mr. Newman (which has never been produced in the course of discovery), Defendants cannot lay a foundation or establish the authenticity of the redline document. Federal Rule of Evidence 901 requires Defendants to produce sufficient evidence to support a finding that the item is what the proponent claims it is. What the Defendants will do to admit the email and attachment is to rely on the email Ms. Kollath forwards to her colleagues <u>as if it was the same</u> document originally sent to her from Mr. Newman. It is not. Ms. Kollath could have just as easily forwarded the email text from Mr. Newman but replaced the attachment with a version that differed in some way from that originally sent to her. Since the original email and attachment from Mr. Newman has never been produced, however, Defendants are unable to establish that the document and redline changes were the same as what

was sent to Ms. Kollath. The failure to produce an undeniably discoverable document like a regulatory communication raises many problematic issues related to evidentiary preservation obligations, as the Company had a duty to preserve all FDA communications, including emails. Still, whatever the reason for it not being produced, without it, Defendants cannot establish that the redline document is what they claim it represents—the version originally sent by Mr. Newman to Ms. Kollath.

Further, without the original email and attachment from Mr. Newman, Defendants are unable to supply a sufficient predicate for the document's admissibility. As stated above, the original email and attachment sent from Mr. Newman to Ms. Kollath has never been produced—whether lost, spoliated or otherwise improperly withheld. One can only glean that the edits existed in the document forwarded by Ms. Kollath to her colleagues. Defendants are therefore not only unable to lay a foundation for the strike-through of the Section 12.2 language, but they are also unable to lay a foundation for the language added or language deleted from the document.

Beyond these deficiencies of authenticity and foundation, the redline changes themselves represent hearsay within hearsay for which no exception or basis for admissibility exists. Defendants cannot establish that the document sent by Ms. Kollath or the redline changes contained therein are business records or represent any form of company admission. Without determining whether the document Mr. Newman sent Ms. Kollath was the same as what she sent to her colleagues, there only exists serious potential for juror confusion and prejudice to Plaintiffs. This document then stands only to convey inadmissible hearsay, which is unhelpful to the jurors' role as the fact finder.

Thus, without the original email and attachment sent to Ms. Kollath by Mr. Newman, there is no way to determine whether the document forwarded by Ms. Kollath was the same as the one originally sent by Mr. Newman.

### III. CONCLUSION

In conclusion, Defendants are unable to lay a foundation for the document or establish its authenticity. Further, the edits are hearsay within hearsay for which no exception applies. Accordingly, Defendants should be prohibited *in limine* from offering evidence or testimony pertaining to Defendants Exhibits DX 5548 and DX 5222 referred to as the "Strikethrough" document.

For the reasons set forth above, Plaintiffs' Motion should be granted.

Dated: July 17, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 17, 2017 the foregoing pleading and its supporting memorandum of law were filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**