UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| *Dora Mingo v. Janssen Research & Development, LLC, et al.* | MAGISTRATE NORTH |
| Case No. 2:15-cv-03469 | |

**DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT THAT THE XARELTO LABEL SHOULD HAVE INCLUDED INFORMATION ABOUT THE INRATIO DEVICE USED IN ROCKET AF OR THE U.S. SUBGROUP DATA FROM ROCKET AF**

Defendants hereby move *in limine* to exclude any and all evidence and argument that the Defendants should have included, or failed to include, information in the Xarelto label (1) about the impact of the use of the INRatio device in ROCKET AF, the clinical study supporting the stroke prevention in atrial fibrillation ("AFib") indication, or (2) regarding the U.S. subgroup data from ROCKET AF that was added to Xarelto's label in September, 2015. Defendants expressly incorporate their prior Joint Motions *in Limine* Nos. 7 and 8 filed in *Boudreaux* and *Orr* regarding the recall of the INRatio device (Docs. 5940, attached hereto as Exhibit A without exhibits, 6535, attached hereto as Exhibit B) and the U.S. subgroup data (Docs. 5935, attached hereto as Exhibit C without exhibits, 6535, attached hereto as Exhibit B).[1]

This evidence is irrelevant and prejudicial in this case for multiple reasons. Unlike the plaintiffs in the first two bellwether trials, who used Xarelto to treat AFib, Plaintiff Dora Mingo

---

[1] In *Boudreaux*, the Court reserved its rulings on Motions *in Limine* Nos. 7 and 8, for trial. Ex. D, April 18, 2017 Order and Reasons at 7–9. In *Orr*, the parties stipulated that all motions *in limine* and related documents filed in *Boudreaux* were considered filed in *Orr*, including Defendants' Motions *in Limine* Nos. 7 and 8, and that the Court's April 18, 2017 Order and Reasons would apply at trial. *See* Ex. B.

used Xarelto to treat a different condition, deep vein thrombosis ("DVT"), which she developed after the anticoagulation therapy that she was using (Lovenox and aspirin) following her hip replacement surgery failed. The clinical trial that supported FDA's approval of Xarelto's DVT indication is known as EINSTEIN. As a result, any evidence or argument that the later recall of the INRatio device by its manufacturer or the U.S. subgroup data from ROCKET AF should have been included in the label is not relevant to Plaintiff Mingo's claims here involving DVT. (That is particularly true in light of the fact that Plaintiffs are no longer pursuing a failure-to-warn/instruct claim on either of these bases. *See* Defs.' Labeling Preemption MSJ Reply Br.) Moreover, Ms. Mingo's prescribing physician testified that additional information regarding the U.S. subgroup data from the ROCKET AF trial would not have changed his decision to prescribe Xarelto to treat Ms. Mingo's DVT. Any evidence or argument of an alleged failure to include information about ROCKET AF in the Xarelto label also would be misleading, cause juror confusion and waste time. Accordingly, Defendants' motion should be granted.

## ARGUMENT

I.  **Evidence or argument that Defendants should have included information in the Xarelto label regarding the use of the INRatio device or U.S. subgroup data from ROCKET AF is irrelevant**

"Relevancy is the threshold determination in any decision regarding the admissibility of evidence." *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1139 (5th Cir. 1991) (internal quotation omitted); Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Evidence is relevant if it has a tendency to make a fact that is of consequence to the determination of an action more or less probable than without the evidence. Fed. R. Evid. 401; *McGonigal v. Gearhart Indus., Inc.*, 851 F.2d 774, 778 (5th Cir. 1988); *Kennedy v. Magnolia Marin Transp. Co.*, 189 F. Supp. 3d 610, 619 (E.D. La. 2016).

A.  **Evidence and argument regarding the impact of the use of the INRatio device in ROCKET AF is irrelevant**

Plaintiff's claims are based on Ms. Mingo's use of Xarelto to treat her DVT, an indication that was approved by FDA based on EINSTEIN. Any evidence or argument that the Xarelto label should have included additional information about the recall of the INRatio device that was used to monitor warfarin patients in ROCKET AF is not relevant to Ms. Mingo's claims here, and such an argument would be inconsistent with FDA's position that no label changes were necessary as a result of the recall of the INRatio device. As set forth in Defendants' Joint Motion *in Limine* No. 7 (Doc. 5935), filed in *Boudreaux* and incorporated herein, on September 26, 2016, FDA issued a comprehensive analysis entitled "ROCKET AF Reanalysis Review," which reaffirmed ROCKET AF's findings, Xarelto's positive benefit-risk profile, and the adequacy of the product labeling. Ex. E, Center for Drug Evaluation and Research, NDA 202439–Rivaroxaban (Xarelto): Impact of use of the INRatio® device in ROCKET AF, September 26, 2016, ("FDA Reanalysis"). In its analysis, FDA concluded:

> [T]he conclusion we made in 2011 that the benefits of rivaroxaban in patients with non-valvular atrial fibrillation outweigh its risks should not be changed.
>
> [N]o changes in rivaroxaban labeling to reflect the impact of use of the INRatio device in ROCKET are warranted. No other major regulatory action should be taken with respect to rivaroxaban.

*Id.* at 1.

Shortly after publication of its official report, FDA posted a public statement on its official website stating:

> The Agency has determined that the effects on strokes or bleeding, including bleeding in the head were minimal. The FDA concludes that *Xarelto is a safe and effective alternative to warfarin in patients with atrial fibrillation*.

October 11, 2016 FDA Public Statement, "FDA analyses conclude that Xarelto clinical trial results were not affected by faulty monitoring device," *available at* http://www.fda.gov/Drugs/DrugSafety/ucm524678.htm (emphasis added).

Here, evidence or argument to "explore and challenge the administrative decisionmaking process of [FDA]" is irrelevant. *Bouchard v. Am. Home Prods. Corp.*, 213 F. Supp. 2d 802, 812 (N.D. Ohio 2002) (citing *Kemp v. Medtronic, Inc.*, 231 F.3d 216, 238 (6th Cir. 2000)); *Cytori Therapeutics, Inc. v. FDA*, 715 F.3d 922, 927 (D.C. Cir. 2013) (refusing to overturn FDA finding that medical device was "not substantially similar under § 510(k) because "[a] court is ill-equipped to second-guess that kind of agency scientific judgment"). Under Rule 401's relevancy analysis, because it is not the role of the jury to second-guess a finding already made by FDA on the *very same* issues that are the subject of the claims alleged, the evidence is irrelevant, and therefore inadmissible. Any argument or evidence that contradicts a finding of FDA has no tendency to make a fact that is of consequence to the determination of this action more or less probable than without the evidence.

Moreover, evidence regarding the INRatio device is particularly attenuated in this case that involves Ms. Mingo's use of Xarelto to treat her DVT, a use that was not studied in the ROCKET AF trial. Instead, the DVT indication is supported by a different clinical trial (EINSTEIN) that did not use the INRatio device—indeed, no such device was needed because that clinical trial did not use warfarin as the comparator drug. Accordingly, for all of these reasons, any evidence regarding the INRatio device is irrelevant to this case.

      B.    **Evidence or argument related to the U.S. subgroup data from ROCKET AF is irrelevant.**

Similarly, as set forth in Defendants' Joint Motion *in Limine* No. 8 (Doc. 5935) filed in *Boudreaux* and deemed filed in *Orr* (Doc. 6535), evidence or argument related to the September

2015 label change not in effect when Ms. Mingo used Xarelto is irrelevant.[2] Evidence of a label not read or relied on by a prescribing physician and that would not have changed the prescribing physician's decision to prescribe a medicine is not relevant. Under Mississippi law, the learned-intermediary doctrine applies to personal-injury cases involving prescription drugs, and therefore the duty to warn runs to the prescribing physician. *See Wyeth Labs., Inc. v. Fortenberry*, 530 So. 2d 688, 691 (Miss. 1988).

Here, the September 2015 label was not in effect at the time that Dr. Jordon, Ms. Mingo's prescribing physicians, prescribed her Xarelto. Nor is there any evidence that the information in the September, 2015 label would have changed his prescription decision. Despite being educated on Plaintiffs' theory of the case,[3] Dr. Jordon testified that the information he was presented with at his deposition about the ROCKET AF U.S. subgroup data would not have affected his treatment decision. Ex. F, Jordon Dep. 209:22–25 ("Q. And today, as we sit here, then you would have no reason to rethink or reconsider your prescription for Ms. Mingo? A. No."); 226:24–227:4 ("Q. Right. And so after everything we've discussed today, you still stand by your decision to prescribe or offer Xarelto to [Ms. Mingo] to treat her blood clot in her leg? A. As I sit here today, there's nothing that we talked about that changed my view on that, no.").

---

[2] Defendants also incorporate their argument that the September 2015 label constitutes a subsequent remedial measure under Federal Rule of Evidence 407 and is inadmissible to show that Defendants engaged in any negligent or other culpable conduct by not adding the U.S.-subgroup data to the Xarelto label before the alleged harm to Ms. Mingo. The label in effect at the time of Ms. Mingo's alleged injury was approved by FDA, which had previously considered and decided against the inclusion of North American subgroup information. In January 2014, FDA initiated its effort to harmonize the safety and efficacy data in the labels for all recently approved NOACs. On September 10, 2015, FDA approved the Xarelto label containing a new chart regarding bleeding risks of various patient subgroups studied in ROCKET AF, including the U.S.-subgroup. This label included additional information about bleeding risks, which only was approved *after* Ms. Mingo's allegedly experienced a bleeding event. This is exactly the type of evidence that is inadmissible pursuant to Rule 407. The exclusion of this evidence is also consistent with the Rule's underlying policy, which seeks to encourage defendants to take steps to improve safety without concern that such actions could later be used against them in litigation. Fed. R. Evid. 407, Advisory Committee's Note.

[3] During his deposition, Plaintiffs' counsel educated Dr. Jordon on counsel's view of the U.S. subgroup data. *See, e.g.*, Jordon Dep. 36:3–20, 65:20–69:15, 72:24–74:1.

As a result, the information contained in the September, 2015 label not read or relied upon by Dr. Jordon in prescribing Xarelto to Ms. Mingo should be excluded.

## II.  Evidence or argument that the label should have included information about the recall of the INRatio device or the U.S. subgroup data would be misleading, cause undue prejudice and waste time

Any evidence or argument that is inconsistent with FDA's Reanalysis or evidence or argument about FDA's later decision to add ROCKET AF U.S. subgroup data to the label also should be excluded because any perceived "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, [and causing] undue delay, wasting of time, or needlessly presenting . . . cumulative evidence." Fed. R. Evid. 403; *see also Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 672–73 (5th Cir.1999) (excluding evidence of reports from state regulatory agency as cumulative and unduly prejudicial). Trial courts are given broad discretion in balancing the probative value against the risks of unfair prejudice. *McGonigal*, 851 F.2d at 778. "'Unfair prejudice' within this context means an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Cook*, 557 F.2d 1149, 1154 (5th Cir. 1977) (citing to Fed. R. Evid. 403 Advisory Committee's Notes).

Argument or evidence related to ROCKET AF that are contrary to FDA's findings regarding the impact of the INRatio device or regarding the addition of ROCKET AF U.S. subgroup data would present a substantial risk of unfair prejudice to Defendants and confusion of the issues by misleading the jury into believing that Defendants acted improperly, when FDA concluded otherwise. Such argument or evidence also would mislead the jury because jurors may be led to believe these materials had some relevance to Dr. Jordon's prescription decision (when it did not), that FDA's decisions are not controlling, or that Defendants should have

undertaken a label change or some other act when FDA has expressly concluded that one was not warranted, and reaffirmed the risk-benefit profile for Xarelto.

## CONCLUSION

For the forgoing reasons, Defendants' Motion *in Limine* should be granted and any evidence and argument about the INRatio device recall or the ROCKET AF U.S. subgroup data, or that these items should have been included in the label at the time Ms. Mingo was prescribed Xarelto, should be excluded.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C. |
| BY: /s/ *Richard E. Sarver* | By: */s/ Lyn P. Pruitt* |
| Richard E. Sarver | Lyn P. Pruitt |
| Celeste R. Coco-Ewing | Adria W. Conklin |
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | Benjamin D. Brenner |
| 909 Poydras Street, 24th Floor | Mary Catherine Way |
| New Orleans, Louisiana 70112 | MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C. |
| Telephone: (504) 589-9700 | 425 West Capitol Ave., Suite 1800 |
| rsarver@barrassousdin.com | Little Rock, AR 72201 |
| ccoco-ewing@barrassousdin.com | Telephone: (501) 688-8800 |
| | lpruitt@mwlaw.com |
| DRINKER BIDDLE & REATH LLP | aconklin@mwlaw.com |
| | bbrenner@mwlaw.com |
| By: /s/ *Susan M. Sharko* | mway@mwlaw.com |
| Susan M. Sharko | |
| DRINKER BIDDLE & REATH LLP | |
| 600 Campus Drive | WATKINS & EAGER PLLC |
| Florham Park, NJ 07932-1047 | |
| Telephone: (973) 549-7000 | By: */s/ Walter T. Johnson* |
| susan.sharko@dbr.com | Walter T. Johnson |
| | WATKINS & EAGER PLLC |
| Rodney M. Hudson | The Emporium Building |
| DRINKER BIDDLE & REATH LLP | 400 East Capitol Street |
| 50 Fremont Street, 20th Floor | Jackson, Mississippi 39201 |
| San Francisco, CA 94105-2235 | Telephone: (601) 965-1846 |
| Telephone: (415) 591-7500 | wjohnson@watkinseager.com |
| Rodney.hudson@dbr.com | |

Chanda A. Miller
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C. Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com



CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 17, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**