UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Dora Mingo et al. v. Janssen et al. Case No. 2:15-cv-03469 | MAGISTRATE NORTH |

### DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE DORA MINGO'S HEARSAY TESTIMONY, UNDER FEDERAL RULES OF EVIDENCE 802 AND 403

Pursuant to Federal Rule of Evidence 802 and 403, Defendants hereby move *in limine* to exclude Plaintiff Dora Mingo's testimony that while she was in the hospital, she overheard an unidentified doctor state in passing: "Who in the hell put her on Xarelto?" Exh. A, Deposition of Dora Mingo ("Mingo Dep.") at 31:10-17, 153:20-154:9. Such testimony, along with other testimony by Ms. Mingo about what another physician allegedly said, is purely hearsay, purportedly offered to portray Xarelto as a medicine that should not be prescribed. Ms. Mingo's testimony does not fall within any exception to the hearsay rule, lacks credibility, and is the type of evidence that the hearsay rules are intended to exclude. Moreover, any perceived probative value that Plaintiff attaches to this self-serving testimony is substantially outweighed by undue prejudice. Accordingly, Defendants' motion should be granted, and this testimony should be excluded.

### ARGUMENT

**I. Ms. Mingo's testimony regarding an alleged statement from an unidentified doctor is inadmissible hearsay.**

Federal Rule of Evidence 802 precludes as hearsay out-of-court statements offered to prove the truth of the matter asserted. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 329 (5th Cir.

2004) (affirming exclusion of expert testimony regarding survey results); *Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 850 (N.D. Tex. 2009) (excluding customer complaint emails as inadmissible hearsay). Ms. Mingo's testimony is clearly hearsay, and as set forth below does not fall within any exception to the rule.

      **A.**    **Ms. Mingo's testimony does not fall within the exception that permits individuals to testify about their own statements to physicians under Rule 803(4)**

Plaintiffs may assert that Ms. Mingo's testimony qualifies for an exception to the hearsay rules under Federal Rule of Evidence 803 but the only exception that could arguably be relevant is Federal Rule of Evidence 803(4), which permits, under certain circumstances, statements made for the purpose of medical diagnosis or treatment to be admitted. Courts have narrowly interpreted Rule 803(4) to apply to hearsay statements made by individuals to healthcare providers in seeking medical treatment, not statements made by healthcare professionals themselves. *Gray v. Energy XXI GOM LLC*, CIV. A. 12-165-JJB, 2013 WL 4011990, at *6 (M.D. La. Aug. 5, 2013) (citing *Field v. Trigg County Hosp., Inc.*, 386 F.3d 729, 735–36 (6th Cir. 2004); *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 564 (7th Cir. 1996); *Stull v. Fuqua Industries, Inc.*, 906 F.2d 1271, 1273 (8th Cir. 1990); *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1316 (9th Cir. 1985))

*Phillips v. Troy Industries, Inc.*, 3:13CV272-SA-JMV, 2015 WL 13019638, at *2 (N.D. Miss. Mar. 23, 2015), is directly on point here. In *Phillips*, Defendants moved *in limine* seeking to exclude the plaintiff's testimony regarding a conversation he had with his treating physician in which the physician allegedly stated that the plaintiff was "legally blind" in his injured eye. The plaintiff argued that the statement was not hearsay, or if it was, it qualified for the hearsay exception for statements made for the purpose of medical diagnosis or treatment. In granting the

defendant's motion to exclude the evidence, the court held that the testimony was in fact hearsay and that it did not qualify for the hearsay exception for statements made for the purpose of medical diagnosis or treatment. *Id.* The Court confirmed that the exception contained in Rule 803(4) for medical diagnosis and treatment is limited to statements made by the person seeking medical treatment or care and does not extend to communications from medical professionals to patients. *Id.*

Ms. Mingo's hearsay testimony does not relate to any statement that *she made* to any physician for medical care but is instead testimony purportedly repeating what an unidentified physician said. Ms. Mingo's testimony does not concern a statement by any treating physician about her health condition or diagnosis, much less her own statement about her health condition, and as a result, the statement is not probative of any issue in the case. In fact, Ms. Mingo's treating physician recommended that she continue to take Xarelto after discharge from the hospital to treat her deep vein thrombosis. Exh. B, Dr. Renie Armstrong Jordon Dep. at 154:20-155:2 ("A. . . . Well, from the record, Dr. Zevallos discharged her from the hospital. Q. And did Dr. Zevallos order or continue the order on Xarelto? A. Yes. Q. And is that indicated in the medical records? A. Yes."). The rationale behind the exception set forth in Rule 803(4) is that statements made for medical diagnosis or treatment carry with them enhanced reliability because there is a strong incentive for an individual seeking treatment to tell the truth. *See White v. Illinois*, 502 U.S. 346, 355–56 (1992). That incentive is not present here – where Ms. Mingo attempts to offer self-serving testimony about what another person might have said. Similarly, Ms. Mingo testimony allegedly repeating what another physician, Dr. Stephen Keith, said about the potential causes of her condition also constitutes hearsay and does not fall within the exception in Rule 803(4). Ex. A, Mingo Dep. at 161:6-161:12. As a result, Ms. Mingo's

testimony about what others may have said is inadmissible hearsay and does not qualify for the medical diagnosis or treatment hearsay exception.

### B. Ms. Mingo's testimony is not covered by the "catch-all" exception

The only other exception Plaintiffs could rely on is the "catch-all" hearsay exception in Federal Rule of Evidence 807, but Ms. Mingo's testimony also does not qualify for that exception. The Fifth Circuit has confirmed that the "catch-all" exception should be "used only rarely in truly exceptional cases." *United States v. Thevis*, 665 F.3d 616, 629 (5th Cir. 1982). This is not such an exceptional case. Admitting evidence of Ms. Mingo's self-serving recollection of what an unknown doctor said while she was hospitalized would not qualify for admission under this exception to the hearsay rule. As the Fifth Circuit has observed:

> The statement in itself must be made under such circumstances as to provide the court with a high degree of confidence that the statement is free from the risk of inaccuracy and untrustworthiness . . . evidence suggests that [Plaintiff] had a motive to fabricate such a statement; these facts would create a risk of untrustworthiness that would undercut any security we might be able to wring from admissions found within the statement.

*Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 282-83 (5th Cir. 1991). Such a self-serving statement "simply cannot provide the 'circumstantial guarantees of trustworthiness' required by the residual hearsay exceptions." *Id.* at 283.

Ms. Mingo's self-serving testimony clearly describes an out of court statement allegedly overheard by Ms. Mingo that is intended to portray Xarelto as a medicine that should not have been prescribed. The testimony lacks credibility and is the type of evidence that the hearsay rules are intended to exclude—unreliable information that cannot be verified through cross-examination. This Court should follow the Fifth Circuit's interpretation of the "catch-all" exception and exclude this testimony as inadmissible hearsay at trial.

## II. Any perceived probative value is substantially outweighed by the probability that Ms. Mingo's testimony will cause undue prejudice.

Ms. Mingo's testimony also should be excluded because any purported probative value is substantially outweighed by the risk of undue prejudice. Even if Ms. Mingo's testimony were admissible, a court may exclude the proffered evidence if its probative value is substantially outweighed by its potential for undue prejudice, confusion of the issues, misleading the jury, or undue delay. Fed. R. Evid. 403; *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 672-73 (5th Cir. 1999) (excluding evidence of reports from state regulatory agency as cumulative and unduly prejudicial).

Ms. Mingo's testimony, if admitted into evidence, would unfairly prejudice Defendants and would have a tendency to distract the jury from its main inquiry without providing any real probative value. Ms. Mingo's testimony suggests that an unidentified doctor had a negative reaction when the doctor became aware Ms. Mingo was prescribed Xarelto. Regardless of the likely inaccuracies between the words allegedly used by the doctor and Ms. Mingo's recollection, Ms. Mingo's self-serving statement is highly prejudicial to Defendants because it suggests that Ms. Mingo should not have been using Xarelto. But all agree that Ms. Mingo needed to be anticoagulated, and her physician re-prescribed Ms. Mingo Xarelto after her bleeding event. It would be unduly prejudicial for Plaintiff to suggest otherwise. This statement is further prejudicial because the doctor was never identified and Defendants were unable to depose the physician who allegedly made the statement. As a result, the lack of reliability and inability to probe the accuracy of Ms. Mingo's version of the events and self-serving statement is highly prejudicial to Defendants and should be excluded at trial.

## CONCLUSION

For the foregoing reasons, Defendants' Motion *in Limine* should be granted and any evidence regarding Ms. Mingo's testimony about statements allegedly made by an unidentified physician should be excluded.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C. |
| BY: /s/ *Richard E. Sarver* <br> Richard E. Sarver <br> Celeste R. Coco-Ewing <br> BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. <br> 909 Poydras Street, 24th Floor <br> New Orleans, Louisiana 70112 <br> Telephone: (504) 589-9700 <br> rsarver@barrassousdin.com <br> ccoco-ewing@barrassousdin.com | By: */s/ Lyn P. Pruitt* <br> Lyn P. Pruitt <br> Adria W. Conklin <br> Benjamin D. Brenner <br> Mary Catherine Way <br> MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C. <br> 425 West Capitol Ave., Suite 1800 <br> Little Rock, AR 72201 <br> Telephone: (501) 688-8800 <br> lpruitt@mwlaw.com <br> aconklin@mwlaw.com <br> bbrenner@mwlaw.com <br> mway@mwlaw.com |
| DRINKER BIDDLE & REATH LLP | WATKINS & EAGER PLLC |
| By: /s/ *Susan M. Sharko* <br> Susan M. Sharko <br> DRINKER BIDDLE & REATH LLP <br> 600 Campus Drive <br> Florham Park, NJ 07932-1047 <br> Telephone: (973) 549-7000 <br> susan.sharko@dbr.com | By: */s/ Walter T. Johnson* <br> Walter T. Johnson <br> WATKINS & EAGER PLLC <br> The Emporium Building <br> 400 East Capitol Street <br> Jackson, Mississippi 39201 <br> Telephone: (601) 965-1846 <br> wjohnson@watkinseager.com |
| Rodney M. Hudson <br> DRINKER BIDDLE & REATH LLP <br> 50 Fremont Street, 20th Floor <br> San Francisco, CA 94105-2235 <br> Telephone: (415) 591-7500 <br> Rodney.hudson@dbr.com | |

Chanda A. Miller
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C. Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com



CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 17, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**