UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Dora Mingo et al. v. Janssen et al. Case No. 2:15-cv-03469 | MAGISTRATE NORTH |

**DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF LOST WAGES**

Defendants bring this motion *in limine* to exclude all evidence and arguments that relate to any prospective wages allegedly lost by Plaintiff Dora Mingo as a result of any injuries she attributes to Xarelto. Plaintiff has expressly stated in three different Plaintiff Fact Sheets ("PFS") that she is not pursuing any claim for lost wages. Ms. Mingo vaguely referenced lost wages during her deposition, but that testimony is legally insufficient to support a claim for lost wages. Accordingly, such evidence should be excluded at trial.

**BACKGROUND FACTS**

Plaintiff Dora Mingo alleges that she was hospitalized February 13–15, 2015, after she experienced gastrointestinal bleeding and anemia. Ms. Mingo alleges that Xarelto caused her bleeding event. Pursuant to the consolidated discovery procedure established by this Court for MDL No. 2592, Plaintiff served a Plaintiff Fact Sheet ("PFS") on October 6, 2015. *See* Plaintiff Fact Sheet, Oct. 6, 2015 (attached hereto as Exhibit A) at 1. In response to the question "Are you making a claim for lost wages or lost earning capacity?" the Plaintiff responded "No." *Id.* On February 25, 2016, Plaintiff filed a First Amended Plaintiff Fact Sheet (attached hereto as Exhibit B). Again, in response to the question "Are you making a claim for lost wages or lost

earning capacity?" Plaintiff responded "No." *Id.* at 6. Finally, on June 17, 2016, three days before Plaintiff was deposed, she filed a Second Amended Plaintiff Fact Sheet (attached hereto as Exhibit C) and in response to the question, "Are you making a claim for lost wages or lost earning capacity?" Plaintiff again stated "No." *Id.* at 6.

At her June 20, 2016 deposition, Plaintiff was asked: "As a part of this lawsuit, you're not seeking lost wages, are you?" *See* Deposition of Dora Mingo, June 20, 2016 (attached hereto in relevant part as Exhibit D) at 52:1-2. Contrary to all three PFS's filed by Plaintiff, she answered "Yes, I am." *Id*. at 52:3. She further testified that she was seeking lost wages for substitute teaching opportunities she allegedly missed between January and May 2015. *Id.* at 52:8-10. However, when asked why Xarelto prevented her from pursuing substitute teaching opportunities during that time period, she simply stated "I didn't try because I was sick. Xarelto. I was sick." *Id.* at 54:13-14. And when asked if she had any documentation of the specific times she was offered substitute teaching opportunities, she stated "I got the calendar to mark down the days." *Id*. at 55:17-21.

To date, Plaintiff has not produced any such calendar or other evidence of lost wages. Plaintiff also has not produced any testimonial evidence that the alleged injuries that she attributes to Xarelto prevented her from substitute teaching during this time period. Plaintiff has not produced any evidence establishing how many times she would otherwise have worked, or how much she would have earned for substitute teaching at that time. Plaintiff has not produced any expert testimony establishing the value of the employment opportunities she allegedly missed.

**ARGUMENT**

I. **Plaintiff's repeated statements that she is not seeking damages for lost wages precludes her from seeking such relief at trial**

Plaintiff has admitted under oath on three different occasions in PFS's that she does not seek damages for lost wages. As set forth below, under Fifth Circuit case law, the statements in the PFS's should be recognized as judicial admissions which are binding, and prohibit the Plaintiff from offering testimony to the contrary. As such, Plaintiff is foreclosed from pursuing such a claim at trial, and any evidence regarding lost wages is irrelevant.

As part of the consolidated discovery proceedings before this Court, all plaintiffs are required to complete the court-approved PFS, which is to be completed under oath pursuant to the Federal Rules of Civil Procedure. Each PFS is accompanied by a declaration, "[p]ursuant to 28 U.S.C. § 1746, . . . under penalty of perjury that all of the information provided in this Plaintiff Fact Sheet is true and correct . . ." *See* Ex. A at 20.

Under Fifth Circuit case law, "a judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001). Examples of judicial admissions include pleadings, Rule 36 admissions, stipulations drafted by counsel for trial, and waivers made by counsel at trial all constitute binding judicial admissions. *See Armour v. Knowles*, 512 F.3d 147, 154, n. 13 (5th Cir. 2007). The purpose of recognizing the binding nature of judicial admissions is that it "conserves judicial resources by avoiding the need for disputatious discovery on every conceivable question of fact." *Id.* Courts distinguish binding judicial admissions from a non-binding evidentiary admission, which is "merely a statement of assertion or concession made for some independent purpose." *Martinez,* 244 F.3d at 476-77.

The admissions in each of Plaintiff's three PFS's should be recognized as judicial admissions because they were each formal concessions, filed under oath, indicating that the Plaintiff would not pursue claims of lost wages. Like the other examples of binding admissions, the question in the PFS was clearly intended to limit the issues pursued in discovery, and Defendants should be entitled to rely upon it. Indeed, Plaintiff's own failure to produce evidence substantiating any lost-wages claim—including expert testimony or other evidence establishing the value of any lost wages—further supports the Defendants' position that such an admission was intended to limit the scope of issues at trial. Plaintiff should not be allowed to revoke her admission at the eleventh hour.

Further, if Plaintiff had indeed decided to pursue a claim of lost wages after her deposition testimony, she had over a year to file a third amended PFS and revoke her judicial admission. She has failed to do so. As such, any evidence regarding lost wages should be excluded at trial.

## II. Plaintiff has not produced any evidence of lost wages during discovery to pursue a claim at trial.

Even if the Court were to find that Plaintiff's PFS answers are not binding judicial admissions, Plaintiff has failed to produce sufficient evidence of lost wages to meet the evidentiary threshold for presenting a claim to a jury. Under Fifth Circuit case law, speculative evidence of lost wages is insufficient as a matter of law. As such, Plaintiff's minimal testimony of lost wages should be excluded.

It is well-settled law in the Fifth Circuit that awards for lost wages cannot be based on speculation or conjecture. *See, e.g., Martinez v. Offshore Specialty Fabricators, Inc.*, 481 Fed. Appx. 942, 950 (5th Cir. 2012); *see also Masinter v. Tenneco Oil Co.*, 929 F.2d 191, 194 (5th

Cir. 1991) ("an award for damages cannot stand when the evidence to support it is speculative or purely conjectural").

Further, in seeking to recover damages for a specific claim, where a plaintiff makes a concession in their discovery responses and fails to provide evidence to the contrary, there is no genuine issue of fact as a matter of law. In *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 527 (5th Cir. 2010), the plaintiffs sought to recover on a claim of uncompensated loss of contents. In their answers to interrogatories, they provided a value for the loss. However, in response to the motion for summary judgment, the plaintiffs then tried to argue that there was an issue of fact as to the value of the loss. The court rejected the plaintiffs' argument, holding that "[t]he failure to advance any Rule 56(c) proof, together with the concession in their interrogatory response, demonstrates that no genuine issue of material fact exists as to the value of the lost contents." *Id.*

Absent evidence establishing how many substitute teaching jobs the Plaintiff declined, how much each job would have paid, and how Xarelto was the cause of the Plaintiff declining each job, the testimony provided by Plaintiff is impermissibly speculative and conjectural. As in *Bradley*, Plaintiff has made a clear assertion in her discovery responses that she does not seek to recover lost wages, and since then, she has failed to produce any evidence by which a reasonable jury could conclude she is now actually entitled to recover for any lost wages. As such, there is no genuine issue of material fact with respect to any claim of lost wages on the part of Plaintiff.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that all evidence relating to lost wages be excluded and that Plaintiff be precluded from referencing, discussing, or arguing at trial about any alleged lost wages.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C. |
| BY: /s/ *Richard E. Sarver* <br> Richard E. Sarver <br> Celeste R. Coco-Ewing <br> BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. <br> 909 Poydras Street, 24th Floor <br> New Orleans, Louisiana 70112 <br> Telephone: (504) 589-9700 <br> rsarver@barrassousdin.com <br> ccoco-ewing@barrassousdin.com | By: /s/ *Lyn P. Pruitt* <br> Lyn P. Pruitt <br> Adria W. Conklin <br> Benjamin D. Brenner <br> Mary Catherine Way <br> MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C. <br> 425 West Capitol Ave., Suite 1800 <br> Little Rock, AR 72201 <br> Telephone: (501) 688-8800 <br> lpruitt@mwlaw.com <br> aconklin@mwlaw.com <br> bbrenner@mwlaw.com <br> mway@mwlaw.com |
| DRINKER BIDDLE & REATH LLP <br><br> By: /s/ *Susan M. Sharko* <br> Susan M. Sharko <br> DRINKER BIDDLE & REATH LLP <br> 600 Campus Drive <br> Florham Park, NJ 07932-1047 <br> Telephone: (973) 549-7000 <br> susan.sharko@dbr.com <br><br> Rodney M. Hudson <br> DRINKER BIDDLE & REATH LLP <br> 50 Fremont Street, 20th Floor <br> San Francisco, CA 94105-2235 <br> Telephone: (415) 591-7500 <br> Rodney.hudson@dbr.com | WATKINS & EAGER PLLC <br><br> By: /s/ *Walter T. Johnson* <br> Walter T. Johnson <br> WATKINS & EAGER PLLC <br> The Emporium Building <br> 400 East Capitol Street <br> Jackson, Mississippi 39201 <br> Telephone: (601) 965-1846 <br> wjohnson@watkinseager.com |

Chanda A. Miller
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C. Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com



CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 17, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**