UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) | MDL NO. 2592 |
| ) | |
| PRODUCTS LIABILITY LITIGATION ) | SECTION L |
| ) | |
| ) | JUDGE ELDON E. FALLON |
| ) | |
| ) | MAG. JUDGE NORTH |
| ) | |

**This Document relates to:**

*Jean Larie Simon and Lynette Simon, et al v. Janssen Research & Development, LLC, et al.,*

*Action No. 2:17-cv-04162*

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER PHARMA AG

Plaintiffs, Jean Larie Simon and Lynette Simon, submit this memorandum in support of their motion for an Order from this Court allowing Plaintiffs an additional thirty (30) days within which to serve process on Defendant Bayer Pharma AG through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A, and 10B.

### BACKGROUND

On March 24, 2015, this Court entered PTO 10, which allowed Plaintiffs to informally serve a complaint with a Summons on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG within 60 days from docketing of Complaint in this MDL.

Plaintiffs' Complaint was filed *In Re: Xarelto (Rivaroxaban) Product Liability Litigation*, MDL No. 2592 on April 28, 2017. Service of the summons and complaint was not sent to the foreign defendants via registered mail until June 28, 2017, one day after the deadline set by PTO

10. Plaintiffs' brief tardiness was through no fault of the Simons. Counsel for Plaintiff inadvertently put Plaintiffs' complaint in a pile to be served with other Xarelto complaints filed on May 1, 2017. It was not until an electronic correspondence was received from defense counsel on July 5, 2017, stating that the lawsuit had not been properly served on Bayer Pharma AG that counsel for Plaintiffs realized the mistake. Plaintiffs' counsel immediately contacted defense counsel about a resolution, but they politely refused a request for a short extension of time to perfect service under Fed. R. Civ. P. 4, despite a lack of prejudice to their clients.

## LAW AND ANALYSIS

Under Fed. R. Civ. P. 4, if a plaintiff shows good cause for failure to serve within the specified time period, the Court can extend the time for service for an appropriate period of time. Notably, Rule 4(m) allows a plaintiff 90 days to serve a defendant after a complaint is filed before dismissal without prejudice is even considered. Alternatively, the courts may issue an order that service be made within a specified time. Fed. R. Civ. P. 4(m). However this statutory deadline does not generally apply to service in a foreign country. Fed. R. Civ. P. 4(f), 4(h)(2). *See Lozano v. Bosdet*, 693 F.3d 485, 486 (5th Cir. 2012) ("Most courts faced with a challenge to the timeliness of foreign service have applied a 'flexible due diligence' standard to determine whether the delay should be excused. This view has been endorsed by the United States Court of Appeals for the Seventh Circuit, by the First Circuit, as well as by many district courts. Judging it the most sound interpretation, the United States Court of Appeals for the Fifth Circuit expressly adopts it.")

Additionally, the court has discretion to decide that a permissive extension is appropriate. *See United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116S. Ct. 1638, 134 L.Ed. 2nd 880 (1996)). If a plaintiff can establish good cause for failing to serve defendant, that court should allow additional time for service, and even

if good cause is lacking, the court has discretionary power to extend time for service. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Such relief may be warranted by consideration of the "arguments and factors advanced by the plaintiff, and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chi.*, 646 F 3d 1001, 1007 (7th Cir. 2011) (citing *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) (additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998).

Plaintiffs have every intention of pursuing their claims against Defendants; it was through an inadvertent clerical omission that service was made one day outside the confines of PTO Nos. 10, 10A, and 10B. Plaintiffs have demonstrated their intention of pursuing their claims to the foreign Defendants, and wish to do so in a timely manner without running the risk of raising any statute of limitations issues. Plaintiffs have certainly not acted in bad faith.

Because the Xarelto MDL involved thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by these Plaintiffs, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein. This Court has granted similar relief to other plaintiffs' cases in which the Bayer Defendants have disputed service. Plaintiffs show that as a matter of law and fact, they were not in "bad faith" in delaying service of the Complaint and Summons. Defendants are fully aware of and are served with thousands of identical complaints and have acknowledged receipt of these Complaints and Summonses in these matters, many of them from counsel for Plaintiffs. Further, Plaintiffs are still well within the 90 day limit to serve set by Rule 4. To dismiss Plaintiffs' claims

here would elevate form over substance and deprive them of their day in court based on an inadvertent omission.

## CONCLUSION

Plaintiffs respectfully request an Order from this Court granting thirty (30) days from the date the Order is entered within which to provide service of process on Defendant Bayer Pharma AG. No party herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated: July 20, 2017                                               Respectfully submitted,

By: */s/ Barrett Beasley*
Barrett Beasley, Esq.
LA Bar Roll No. 25984
SALIM-BEASLEY, LLC
1901 Texas Street
Natchitoches, LA 71457
Phone: (800) 491-1817
Facsimile: (318) 354-1227
bbeasley@salim-beasley.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion for Extension of Time Within Which to Serve Process on Defendant Bayer Pharma AG has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order. No.17.

Dated: July 20, 2017                                               */s/ Barrett Beasley*

                                              Barrett Beasley, Esq.  
                                              LA Bar Roll No. 25984  
                                              SALIM-BEASLEY, LLC  
                                              1901 Texas Street  
                                              Natchitoches, LA 71457  
                                              Phone: (800) 491-1817  
                                              Facsimile: (318) 354-1227  
                                              bbeasley@salim-beasley.com  
                                              Attorney for Plaintiffs