UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Dora Mingo, No. 2:15-cv-03469 | MAGISTRATE NORTH |

**STIPULATION and ORDER**

NOW INTO COURT, through undersigned counsel, come Dora Mingo ("Plaintiff"), and Defendants, Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG and Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson, who stipulate as follows:

I.

Plaintiff dismisses with prejudice defendants Johnson & Johnson; Janssen Ortho LLC; Bayer Healthcare LLC; Bayer Corporation; Bayer AG; and Bayer Healthcare AG.

II.

For the purposes of trial, Defendants Bayer Healthcare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., and Janssen Research & Development, LLC (collectively "Remaining Defendants") are deemed "manufacturers" within the meaning of the Mississippi Products Liability Act, Mississippi Code Annotated Section 11-1-63; and no

1

Remaining Defendant shall assert that a Dismissed Defendant is a necessary or proper Defendant for the purposes of trial.

III.

All claims and defenses are otherwise preserved and not waived..

IV.

This Stipulation and Order is not intended to expand or limit the admissibility of evidence at trial.  The Parties agree that a document will not be considered admissible or inadmissible solely because it was produced by a Dismissed Defendant.  The Parties retain their respective rights to seek or oppose evidence concerning the reputation of corporate entities affiliated with the Remaining Defendants; any such proposed evidence will not be considered admissible or inadmissible solely because it relates to a Dismissed Defendant.  The Parties agree that no financial information, including net worth or earnings, of the Dismissed Defendants will be admissible at trial.

V.

The verdict form proposed by the parties for trial purposes with respect to compensatory damages shall not ask the jury to determine liability, causation, compensatory damages or allocation of fault with respect to any individual Remaining Defendant, but shall instead ask the jury to make such determinations with respect to the product Xarelto or the Defendants collectively, as appropriate.  The sequence of the proposed verdict form questions and the exact wording of the questions will be addressed at a later time.

VI.

All Remaining Defendants will be answerable, *in solido*, for compensatory damages awarded to Plaintiff in a judgment if a judgment is rendered in favor of Plaintiff. All Remaining Defendants will be entitled to the benefit of any judgment rendered in favor of the Defendants.

VII.

All jury instructions, to the greatest extent possible, shall refer to the product Xarelto or to the "Defendants" collectively rather than an individual Defendant entity.

VIII.

This Stipulation and Order is not intended to expand or limit the ability of any Remaining Defendant's right to participate in the trial (open, close, examine witnesses, etc.)

IX.

This Stipulation and Order relates solely to the lawsuit filed by Plaintiff and shall have no effect on any other lawsuit unless a stipulation is reached by the parties in that other lawsuit. The provisions of this Stipulation and Order shall not bind the parties or have any res judicata, collateral estoppel or precedential effect in any other lawsuit. The Plaintiffs' Steering Committee and Defendants preserve and do not waive rights in any other lawsuit.

X.

This Stipulation and Order, with the exception of numbered paragraphs V–VII above, shall apply both to the compensatory-damages aspect of trial of the above-captioned matter and to the punitive-damages aspect of the trial, if any. The numbered paragraphs V–VII above shall apply to the compensatory damages aspect of the trial and the parties expressly reserve their

respective positions on these issues as they relate to the punitive-damages aspect of the trial, if any, and to the imposition of punitive damages, if any such damages are awarded.

**IT IS ORDERED**.

NEW ORLEANS, LOUISIANA, this 19th day of July, 2017.

_____
**HONORABLE ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**


Respectfully submitted:

**BEASLEY ALLEN CROW METHVIN PORTIS & MILES, P.C.**

By: /s/ Andy D. Birchfield, Jr.
Andy D. Birchfield, Jr.
Carl Gibson Vance
David Bryson Byrne, III
218 Commerce St.
P. O. Box 4160
Montgomery, AL  36103-4160
Telephone:  (334) 269-2343
Andy.birchfield@beasleyallen.com
*Counsel for Plaintiff Dora Mingo*

*HERMAN, HERMAN & KATZ, LLC*

By: /s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
820 O'Keefe Avenue
New Orleans, LA  70113
Telephone:  (504) 581-4892
ldavis@hhklawfirm.com
*Co-Plaintiffs' Liaison Counsel*

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/ *Andrew Solow*
Andrew Solow
Steve Glickstein
William Hoffman
250 West 55th Street
New York, NY   10019-9710
Telephone: (212) 836-8485
sglickstein@apks.com
*Counsel for Defendants Bayer Healthcare Pharmaceuticals Inc., and Bayer Pharma AG*

**Drinker Biddle & Reath LLP**
*A Delaware Limited Liability Partnership*

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com
*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

*GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC*

By: /s/ *Gerald E. Meunier*
Gerald E. Meunier (Bar No. 9471)
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
Telephone:  (504) 522-2304
*Co-Plaintiffs' Liaison Counsel*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
John F. Olinde
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Defendants' Co-Liaison Counsel*