## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Dora Mingo et al. v. Janssen et al. Case No. 2:15-cv-03469 | MAGISTRATE NORTH |

### DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO QUASH SUBPOENAS TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION

Defendants move to quash trial subpoenas directed to numerous current and former employees of Janssen who were recently identified on Plaintiff's Witness List, served just a few weeks before trial of this action.  The Witness List is supposed to represent counsel's good faith representation of the witnesses they expect to call and they may need to call to prove their case. It is not to be the first clue in a long treasure hunt to find the hidden ball.  Here, less than one month before trial, Plaintiffs' Witness List identified eight "Will Call" witnesses, including two current Janssen employees, and nineteen "May Call" witnesses, including ten current and former Janssen employees, all of whom who live and work at least two plane rides away from Mississippi.  Plaintiffs have deposed all of these witnesses, and have designated more than twenty hours of videotaped testimony of company witnesses (more than an hour of which from the witnesses at issue in this Motion), with more surely to come.  The lack of good faith presented here is manifest and will result in significant prejudice to Janssen and Defendants' trial strategy, and may well disrupt these witnesses' long-planned vacations and work obligations.

To spare the current Janssen employees and their families the harassment of process servers, trial subpoenas have been accepted for these witnesses without waiver of all objections, subject to this Motion to quash and conditioned on Plaintiffs not insisting that the employees be

00428893

forced to testify during long planned and well deserved family vacations.  The same offer was made regarding the former Janssen employees (Mr. Moye and Ms. Torr) by counsel for their current employer, but Plaintiffs did not take counsel up on that offer, and process servers continue to stalk Mr. Moye and Ms. Torr.

To be clear, Janssen has agreed to bring to Jackson, Mississippi to testify live at trial on August 8, the two Mississippi-based detail representatives that Plaintiffs have identified on their "Will Call" list.  This is unprecedented over the last two trials.  Janssen now moves to quash the trial subpoenas directed to four other current employees and two former employees – all of whom live outside of Mississippi - and submits this brief in opposition.[1]

All of the witnesses subject to this Motion have given extensive videotaped deposition testimony, and all have vacation plans and important work obligations which will interfere with preparation for trial testimony and then testimony itself.  Plaintiffs refuse to limit their witness list further, notwithstanding the Court's instruction at the July 21 pretrial conference to do so, and the obvious impossibility of Plaintiffs cramming testimony from twenty witnesses, more than twenty hours of videotaped testimony and then the defense case into ten trial days.  Apart from being harassing, the subpoenas are invalid because they attempt to require the witnesses, all of whom live and work more than 100 miles from the courthouse and outside of the state of Mississippi, to testify live at trial.  The subpoenas cannot be modified to require that such testimony be presented by contemporaneous transmission from a different location because doing so would circumvent the Federal Rules' geographic limits on compelling live trial testimony.  The subpoenas are further invalid as to the former employees Mr. Moye and Ms.

---

[1] Plaintiffs have withdrawn the request for two additional Janssen employees on their "May Call" list (Drs. Peters and Jalota) and two former Janssen employees (Ms. Brady and Mr. Sherman) and also have withdrawn two of plaintiffs' own experts (Dr. Leissinger and Dr. Cuculich).

Torr, over whom this Court has no jurisdiction.  For all of these reasons, the subpoenas must be quashed pursuant to the Federal Rules of Civil Procedure.

## I.      RELEVANT FACTS

### A.      Timeline of Negotiations Regarding Company Witnesses.

Extensive depositions that Plaintiffs clearly planned and intended to be used at trial were completed in 2016.  Defense counsel made the point repeatedly over the last two years of litigation that August is when Janssen's New Jersey-based employees typically go on vacation. A specific request was made not to have trial in August, which was initially honored.  When the schedule changed and the third trial was moved, defense counsel once again raised the potential unavailability of company witnesses.  Plaintiffs waited and said nothing, saying not a word that they would seek to have any Janssen employee, current or former, testify live or by video streaming, until July 7 when Plaintiffs served their witness list.  It included twenty-seven people, twelve of whom are current and former Jansen employees, in addition to what we now know is more than twenty hours of videotape deposition designations.  Defendants agreed to produce the two Janssen employees on Plaintiffs' will call list live at trial, and promptly accepted subpoenas for them and worked out dates for their testimony.  Both Mississippi-based detail representatives on Plaintiffs' list, Angela Seifert and Shawn Collier, will appear live to testify at trial on August 8th.

The parties continued to discuss the issues surrounding the remaining current and former employees on Plaintiffs' witness list.  Not until July 20th did Plaintiff narrow their list to the two employees that will voluntarily appear live, as well as the six they have now subpoenaed.  Of the twenty-seven people who were originally on their list, Plaintiffs have only withdrawn two of their experts, three current Janssen employees, and two former Janssen employees.  Despite the

Court's request that Plaintiffs' narrow their list further, they still have twenty-two people on their witness list, eight of whom are Janssen current or former employees, and an additional twenty hours of videotaped deposition designations to date, all for a two-week trial.  Defense counsel contacted Plaintiffs' counsel prior to filing this Motion, and Plaintiffs' counsel refused to narrow the list until after this Motion is decided.

> **B.     The Issued Subpoenas.**

Plaintiffs have issued subpoenas out of the United States District Court for the Southern District of Mississippi for trial testimony of Defendants' employees Dr. Shujian Wu, Nauman M. Shah, Dr. Christopher Major, and Susan Geiger. *See* Subpoenas to Appear & Testify at a Hr'g or Trial in a Civil Action ("Issued Subpoenas") (Exh. A).  Plaintiffs have also indicated that they are attempting to serve subpoenas on Defendants' former employees Michael Moye and Patricia Torr.  The subpoenas command the proposed witnesses to provide live testimony in courtroom 6B at the United States District Court for the Southern District of Mississippi, located at 501 East Court Street, Jackson, Mississippi. *Id.*

**Dr. Shujian Wu** is a Medical Safety Officer in the Global Medical Organization at Janssen Research & Development, LLC.  Wu Decl. ¶ 1 (Exh. B).  He neither lives, works, nor regularly transacts business in the state of Mississippi or within 100 miles of the Southern District of Mississippi courthouse.  *Id.* ¶¶ 3-4.  Instead, Dr. Wu is a resident of Doylestown, Pennsylvania and works in Horsham, Pennsylvania.  *Id.* ¶ 5.  Plaintiffs took the videotaped deposition of Dr. Wu in connection with this matter on September 1 and 2, 2016 in Princeton, New Jersey. *Id.* ¶ 6.  It lasted more than fourteen hours and produced a 702-page transcript.  *Id.* Dr. Wu will be on vacation from July 28-August 7, 2017. *Id.* ¶ 8.  Dr. Wu was not listed as a witness at the first two trials and none of his videotaped deposition was used.  Plaintiffs listing of

Dr. Wu as a trial witness  comes out of the blue.  He works in pharmacovigilance, and there have never been any pharmacovigilance issues raised by Plaintiffs' experts, for this case or any other case.

**Mr. Nauman Shah** is the Vice President of Enterprise Program Office Management at Johnson & Johnson.  Shah Decl. ¶ 1 (Exh. C).  He neither lives, works, nor regularly transacts business in the state of Mississippi or within 100 miles of the Southern District of Mississippi court house.  *Id.* ¶¶ 3-4.  Instead, Mr. Shah is a resident of Flemington, New Jersey and works in New Brunswick, New Jersey.  *Id.* ¶ 5.  Plaintiffs took the videotaped deposition of Mr. Shah on August 3 and 4, 2016 in Princeton, New Jersey.  *Id.* ¶ 6.  It lasted more than sixteen hours and produced a 926-page transcript.  *Id.*  Mr. Shah is on a long planned family vacation the week of August 7th, out of state with his twin daughters on the eve of their starting high school.  The trip includes a visit to his elderly parents, whom he has not seen in about six months. *Id.* ¶ 8.  This is his only week of vacation alone with his twin girls for the year.  *Id.*  Plaintiffs have designated approximately twenty minutes of videotaped deposition testimony for Mr. Shah, as they did for the last two trials.  There is no reason the Plaintiffs also cannot rely on the deposition testimony for this trial.

**Dr. Christopher Major** is the Director of Product Development for Janssen Research & Development.   Major Decl. ¶ 1 (Exh. D).  He neither lives, works, nor regularly transacts business in the state of Mississippi or within 100 miles of the Southern District of Mississippi court house.  *Id.* ¶¶ 3-4.  Instead, Dr. Major is a resident of Nazareth, Pennsylvania and works in Raritan, New Jersey.  *Id.* ¶ 5.  Plaintiffs took the videotaped deposition of Dr. Major on August 23 and 24, 2016 in Philadelphia, Pennsylvania.  *Id.* ¶ 6.  It lasted more than fourteen hours and

produced an 721-page transcript. *Id.*  There is no reason to require Dr. Major to testify live. Indeed, Dr. Major has not worked on Xarelto® since shortly after his deposition was completed.

**Ms. Susan Geiger** is the Director of Marketing, Strategic Solutions for Johnson & Johnson Health Care Systems.  Geiger Decl. ¶ 1 (Exh. E).  She neither lives, works, nor regularly transacts business in the state of Mississippi or within 100 miles of the Southern District of Mississippi court house.  *Id.*¶¶ 3-4.  Instead, Ms. Geiger is a resident of Washington, New Jersey, and works in Titusville, New Jersey.  Plaintiffs took the videotaped deposition of Ms. Geiger on April 25 and 26, 2016 in Florham Park, New Jersey. *Id.*¶ 6.  It lasted more than twenty hours and produced a 1,074-page transcript.  *Id.*  Indeed, Plaintiffs requested and were given extra time for Ms. Geiger's deposition.  Ms. Geiger is traveling out-of-state by plane on vacation with her two young children from August 16-21, 2017. *Id.* ¶ 8.  Plaintiffs have designated more than 40 minutes of videotaped testimony from Ms. Geiger to be shown to the jury, as they did in the last two trials.  In fact, on July 21, Plaintiffs submitted to the Court their deposition designations for Ms. Geiger and Defendants' objections thereto so that Ms. Geiger's videotaped deposition testimony would be ready to play at trial.  There is no reason to require Ms. Geiger to testify live.  Indeed, Ms. Geiger has not worked directly on Xarelto May 2013.

**Mr. Michael Moye** is a former employee of Janssen.  He left in March 2017, and upon information and belief, he lives in New Jersey and is now working for Shire based in Lexington, Massachusetts.  Upon information and belief, he neither lives, works, nor regularly transacts business in the state of Mississippi or within 100 miles of the Southern District of Mississippi court house.  Plaintiffs took the videotaped deposition of Mr. Moye on February 10 and 11, 2016 in Florham Park, New Jersey.  It lasted more than seventeen hours and produced a 782-page transcript, none of which was used at either trial.  There is no reason to require Mr. Moye to

testify live.  Plaintiffs were advised on information and belief that Mr. Moye has an out of state family vacation planned for August 5-12.

**Ms. Patricia Torr** is a former employee of Janssen.  She left in March 2017, and upon information and belief, she lives in Pennsylvania and is now working for Shire based in Chicago, Illinois.  Upon information and belief, she neither lives, works, nor regularly transacts business in the state of Mississippi or within 100 miles of the Southern District of Mississippi court house. Plaintiffs took the videotaped deposition of Ms. Torr on October 18, 2016 in Philadelphia, Pennsylvania.  It lasted more than six hours and produced a 233-page transcript.  During the last two trials, Plaintiffs designated and played to the jury approximately 30 minutes of videotaped testimony from Ms. Torr.  There is no reason to require Ms. Torr to testify live.  Further, as Plaintiffs have been advised, she has an out of state family vacation planned for the week of August 7th.

## II.   ARGUMENT

### A.   The Issued Subpoenas are defective and void because they require the proposed witnesses to testify at trial more than 100 miles from where they work and reside.

Federal Rule 45(c)(1) governs the place of compliance for a trial, and states as follows:

> A subpoena may command a person to attend a trial, . . .: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

Federal Rule 45(d)(3)(A)(ii) states that a court "must" quash or modify a subpoena that "requires a person to comply beyond the[se] geographical limits."  Thus, the Federal Rules mandate that a court cannot compel live testimony of a party's current or former employee at trial if that employee resides or works out-of-state and more than 100 miles from the courthouse.  *See*

*Williams v. Arctic Cat, Inc.*, No. 3:11-cv-445, 2014 WL 1028476, at *4 (N.D.N.Y. Mar. 13, 2014).

The proposed witnesses cannot be compelled pursuant to the Federal Rules to provide live trial testimony at the Southern District of Mississippi courthouse in Jackson. They do not reside, work, or regularly transact business within 100 miles of the Southern District of Mississippi courthouse. Wu Decl. ¶ 4; Shah Decl. ¶ 4; Major Decl. ¶ 4; Geiger Decl. ¶ 4. Accordingly, they cannot be compelled to attend trial pursuant to the geographical limits of Federal Rule of Civil Procedure 45(c)(1)(A). While Defendants do not concede that the proposed witnesses are officers of a party (indeed Mr. Moye and Ms. Torr are not even current employees) or that they would not incur substantial expense if commanded to attend trial, they cannot be compelled to attend trial pursuant to the geographical limits of Federal Rule of Civil Procedure 45(c)(1)(B) because they do not reside, are not employed, nor regularly transacts business in Mississippi. Wu Decl. ¶ 3; Shah Decl. ¶ 3; Major Decl. ¶ 3; Geiger Decl. ¶ 3.

The Court's decision in *In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006), was decided before important revisions to the Federal Rules of Civil Procedure and is inapplicable here. In *Vioxx*, this Court ruled that Federal Rule of Civil Procedure 45 permits a court to subpoena a party's officer to testify at trial outside of the 100 mile geographical limit. *Id.* at 668. However, following this ruling, in December 2013, Federal Rule of Civil Procedure 45 was amended, as recited above, to clarify that the 100 mile rule does apply to parties and officers of parties. The Advisory Committee Notes that accompany the December 2013 amendment specify that under the old rule, there was a split in decisions regarding subpoenaing parties and officers, and it cites to the *Vioxx* decision. The Advisory Committee Notes then state, "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or

party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state."   Thus, the *Vioxx* ruling has been superseded by the change to the Federal Rules.  *See Ishee v. Fed. Nat'l Mortg. Assoc.*, No. 2:13-cv-234-KS-MTP, 2014 WL 12638499, at *2 (S.D. Miss. Nov. 13, 2014) (recognizing that the 2013 amendments were "intended to circumscribe the Court's authority to compel parties and officers to travel to faraway trials" (citation omitted)).

Because the Issued Subpoenas do not comply with the geographical limits specified in Federal Rule of Civil Procedure 45(c), they must be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(ii).[2]

> **B.   The Issued Subpoenas should not be modified to comply with the Federal Rules, and, therefore, must be quashed.**

In order for the Issued Subpoenas to comply with the Federal Rules, they would have to be modified to require testimony either within a state that the proposed witnesses reside, work, or regularly transact business, or within 100 miles of where the proposed witnesses reside, work, or regularly transact business.  In an effort to satisfy these geographic restrictions, Plaintiffs may assert that the Court should modify the subpoena to require contemporaneous transmission of live testimony from a location outside of the Southern District of Mississippi courthouse pursuant to Federal Rule of Civil Procedure 43.  Under a fair reading of the rule as applied to the

---

[2] *See In re Urethane Antitrust Litig.*, Civ. No. 2:08-5169, 2016 WL 723014, at *1 (D.N.J. Feb. 22, 2016) (refusing defendants' motion to compel eight of plaintiffs' current employees, who were beyond the 100-mile limit, to testify live at trial, either in court or by video); *Twyman v. S&M Auto Brokers*, No 16 C 4182, 2016 WL 6082357, at *5 (N.D. Ill. Oct. 18, 2016) (recognizing that the plaintiff could not "compel [the witness] to appear for trial" where he "live[d] more than 100 miles from the Northern District of Illinois, and as such, is outside the trial subpoena power of the Court"); *Passmore v. Barrett*, No. 2:13-cv-290, 2016 WL 1253541, at *1, 3 (N.D. Ind. Mar. 31, 2016) (refusing plaintiff's motion to compel individual defendant, who lived more than 1,300 miles from the courthouse, to appear at trial); *E.E.O.C. v. JetStream Ground Servs., Inc.*, No. 13-cv-02340-CMA-KMT, 2016 WL 1178668, at *3 & n.5 (D. Colo. Mar. 28, 2016) ("It is clear that, at least after the 2013 amendments, this Court is not authorized to compel [the witness's] presence under Rule 45, despite the fact that he is the Vice President and co-owner of [the defendant].");  *Ishee*, 2014 WL 12638499, at *2 (quashing plaintiff's trial subpoena for defendant's employee who lived nearly 500 miles from site of trial.

fact here, the Court should not do so.   Rule 45(c) prohibits the proposed witnesses' live appearance at trial, and its geographic limitations apply with equal force to testimony through live video feed under Rule 43(a).

Federal Rule of Civil Procedure 43(a) states, "For good cause in compelling circumstances and with appropriate safeguards, the court may *permit* testimony in open court by contemporaneous transmission from a different location." (emphasis added).   For two separate and independent reasons, Rule 43(a) does not allow Plaintiffs to *compel* the proposed witnesses to testify here.   *First*, because allowing contemporaneous transmission in this case would be solely for the purposes of circumventing the geographical limitations of Federal Rule of Civil Procedure 45, it should not—and cannot—be permitted and the subpoenas should be quashed. *Second*, Plaintiffs have not demonstrated good cause and compelling circumstances because the proposed witnesses' unavailability was not unexpected and their extensive videotaped depositions are available for use at trial.

> **1.     This Court does not have jurisdiction to modify the subpoenas and compel Defendants' former employees to testify at trial by videoconference.**

As an initial matter, two of the six subpoenas have been issued to former employees of Defendants, Mr. Moye and Ms. Torr.   As discussed above, as is true of all of the proposed witnesses, Mr. Moye and Ms. Torr cannot be compelled to testify live in Mississippi pursuant to the geographical limitations of Federal Rule of Civil Procedure 45.   Further, this Court does not have jurisdiction to modify the subpoenas to Mr. Moye and Ms. Torr to require videoconference testimony because they are not parties and are not current employees of Defendants.   *See Beaton v. SpeedyPC Software*, No. 13-cv-08389, 2015 WL 3573601, at * (N.D. Ill. June 5, 2015) ("Because those witnesses are no longer employees of SpeedyPC and live [outside of the

jurisdictional limits of Rule 45], this Court would not be able to compel these former employees to appear at trial."); *Red Star Co. v. AAL FosterGrant, Inc.,* No. 3:99-cv-0402, 1999 WL 721967, at *2 (N.D. Tex. Sept. 15, 1999) (recognizing that former employees of defendant that reside outside geographical limitations of Rule 45 could not be compelled to attend trial); *Gardipee v. Petroleum Helicopters, Inc.*, 49 F. Supp. 2d 925, (E.D. Tex. 1999) (finding that a plaintiff cannot compel the attendance of non-party, former employees of defendant at trial).   Thus, the subpoenas to Mr. Moye and Ms. Torr must be quashed.

## 2. Rule 45(c)'s geographic limitations on a trial subpoena apply to subpoenas for video testimony.

Rule 43(a) "presupposes a witness willing or compelled to testify at trial" and does not independently extend a court's subpoena power.  *See Roundtree v. Chase Bank*, No. 13–239 MJP, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014); *see also Ping-Kuo Lin v. Horan Capital Mgmt. LLC*, No. 14 Civ. 5202, 2014 WL 3974585, at *1 (S.D.N.Y. Aug. 13, 2014) (explaining that Rule 43(a) "does not operate to extend the range or requirements of a subpoena"). Accordingly, where a nonparty witness is unwilling to testify at trial and is outside the 100-mile reach of the court's Rule 45(c) subpoena power, Rule 43(a) simply does not apply.  *See Roundtree*, 2014 WL 2480259, at *2.[3]

District courts in the Fifth Circuit have recognized that Rule 43(a) "does not expand the reach of the subpoena power outlined in Rule 45."  *Lea v. Wyeth LLC*, No. 1:03-CV-1339, ECF No. 228 at *2 (E.D. Tex. Nov. 22, 2011) (Exh. F).  In *Lea*, the Eastern District of Texas rejected a plaintiff's attempt to use Rule 43(a) to compel the remote trial testimony of the defendants'

---

[3] *See also Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, No. 12-cv-05847-WHO, 2015 U.S. Dist. LEXIS 92776, at *20–21 (N.D. Cal. July 16, 2015) ("Where a proposed witness is both unwilling to testify and beyond the court's subpoena power, the rule does not provide a backdoor means of presenting his or her testimony at trial."); *Ping-Kuo Lin*, 2014 WL 3974585, at *1–2 (denying motion to compel video testimony because the witness was "unwilling" to testify and was outside the reach of the court's subpoena power).

former employees.  *See id.*  Although the witnesses were outside the geographic reach of a trial subpoena, the plaintiff contended that Rule 43(a) granted the court the authority to subpoena the witnesses to testify remotely through live video feed, but the court rejected this contention, explaining that "nothing in the language of Rule 43(a) . . . permits this court to compel the testimony of an individual who is indisputably outside the reach of its subpoena power."  *Id.* at *2.  The court thus agreed that the "permissive" language of Rule 43(a) "does not expand the reach of the subpoena power outlined in Rule 45."  *Id.*

MDL courts have also adopted this interpretation of Federal Rule of Civil Procedure 43(a) in denying a party's request to require contemporaneous transmission of trial testimony of witnesses outside of the court's subpoena power.   In *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, the court was presented with the same issue as the Court is presented with here – whether a party can use Rule 43(a) to circumvent the geographical limitations of Rule 45(c). MDL No. 1358, 2009 WL 1840882, at *1 (S.D.N.Y. June 24, 2009). The *MTBE* court found, "Rule 45(b)(2) describes the circumstances under which a subpoena may be served.  This rule is exhaustive and a district court is not empowered to permit service in a manner that would circumvent this rule."  *Id.*  The court addressed the defendant's argument for allowing service of a subpoena outside of the court's geographical limitations pursuant to Federal Rule 43(a). *Id.*  The defendants argued that the witnesses were required to be within 100 miles of the place specified on the subpoena, which was the place of the remote contemporaneous transmission. *Id.*   The court disagreed, and found that "these are trial subpoenas and trial will be held in New York, so 'the place specified for the . . . trial' is the Southern District of New York, which, *ex hypothesi*, is more than 100 miles from the place of service."  *Id.*  Therefore, the court found that the subpoenas were not proper. *Id.*

While the version of Rule 45 that was in effect at the time of the *MTBE* court's ruling focused on the place of service of the subpoena as opposed to the witness's location, the reasoning is equally applicable to this case and Rule 45 as it is written today. Federal Rule of Civil Procedure 45(c)(1) is entitled "Place of Compliance" and regulates attendance at a trial. Because the trial here will be held at the Eastern District of Louisiana court house, then the witness must be within 100 miles of or in the same state as that court house, not the place of remote contemporaneous transmission.

> **3.**     **This Court should not follow those decisions that have compelled live video testimony of distant witnesses under Rule 43(a).**

This Court's prior rulings in *Boudreaux* and *Orr* are distinguishable from the present case. Case law in MDL courts finding that Federal Rule of Civil Procedure 43(a) allows a witness to be compelled to testify via contemporaneous transmission even if they reside, work, or regularly transact business more than 100 miles from or in a different state than the courthouse where the trial will be conducted are inapposite.

> **a.**     **The facts of this case are different from those in *Boudreaux* and *Orr*.**

In *Boudreaux* and *Orr*, the first two bellwether cases in this MDL, the Court denied Defendants' motions to quash similar subpoenas to testify at trial. However, the facts of this case differ greatly from *Boudreaux* and *Orr*, and these facts support granting Defendants' Motion.

Plaintiffs' previously had only requested that one company witness testify remotely pretrial. Notice was not an issue. In contrast, Plaintiffs are now requesting that ***six*** Janssen current and former employees be compelled to testify in Mississippi live at trial on short notice at a time when Plaintiffs' counsel were long warned the witnesses would be on vacation. Further

here, unlike in *Boudreaux* and *Orr*, Defendants have agreed to produce two company witnesses live at trial. It is clear that Plaintiffs, emboldened by the rulings in *Boudreaux* and *Orr*, have overreached, and must be reined in now in order to prevent the extreme prejudice to not only Defendants, but also the proposed witnesses.

> **b.     This Court's decision in *Vioxx* predates the 2013 amendments to Rule 45, which clarified the range of a trial subpoena.**

As set forth above, in *In re Vioxx Products Liability Litigation*, 439 F. Supp. 2d 640 (E.D. La. 2006), this Court held that a party's officer who resides, works, or regularly transacts business more than 100 miles from the courthouse and in a different state than the courthouse could be compelled to testify via contemporaneous transmission. *Id.* at 644. However, the court there interpreted the version of Rule 45 that was in effect at that time to allow for a party's officer to be compelled to testify live at the courthouse even if he or she was not within 100 miles of the courthouse. *Id.* at 642. The recent amendments adopted after the *Vioxx* decision make clear that where, as here, a company witness is not within 100 miles of the trial, Rule 45 does not allow a subpoena to be issued in the first instance. And importantly, nothing in Rule 43(a) confers subpoena power where it otherwise does not exist. *See Ping-Kuo Lin*, 2014 WL 3974585, at *1 (holding that Rule 43(a) "does not operate to extend the range or requirements of a subpoena"); *Roundtree*, 2014 WL 2480259, at *2 (holding that Rule 43(a) applies if a witness is willing to testify or is otherwise within the 100-mile reach of Rule 45).

> **c.     The *Actos* and *DePuy* decisions ignore Rule 45(c)'s clear geographic limitations on a trial subpoena.**

Further, in *In re Actos (Pioglitazone) Products Liability Litigation*, MDL No. 6:11-md-229, 2014 WL 107153 (W.D. La. Jan. 8, 2014), the court found good cause existed to allow

contemporaneous transmission of testimony of the defendants' current and former employees[4] who could not be subpoenaed to testify live. *Id.* at *11. However, the court placed great weight on a requirement in the Scheduling Order for "both parties to assist trial preparation by bringing as many witnesses to trial as possible, rather than relying on depositions." *Id.* at *4. Specifically, the Scheduling Order stated, "[i]n an effort to streamline trial preparation as much as possible, the Court expects the parties to make significant efforts to produce witnesses for trial rather than relying on deposition testimony." *Id.* (emphasis omitted). The court stated, "[t]his Court sees the use of live trial testimony as an essential aspect of trial, thus its early instruction to counsel to facilitate such live testimony." *Id.* at *5. It was in this context that the court granted the plaintiffs' motion to allow testimony via contemporaneous transmission. *Id.* at *11.

The Court in this litigation has placed no such expectations upon the parties, and testimony is already available via videotaped depositions. The parties have both expected that testimony of witnesses that could not be compelled to testify live pursuant to Federal Rule of Civil Procedure 45(c) would be presented to the jury via deposition pursuant to Federal Rule of Civil Procedure 32. In the prior bellwether trials, Plaintiffs used videotaped deposition testimony of all of these employees except for Dr. Wu and Dr. Major at trial, and they have already designated testimony from many of them to be shown in this trial. Accordingly, unlike in *Actos*, it is the expectation in this litigation that testimony of witnesses outside of the subpoena power will proceed as discussed in the Advisory Committee Notes to Federal Rule of Civil Procedure 43(a) – through deposition testimony rather than contemporaneous transmission. *See also Williams*, 2014 WL 1028476 at *5 (denying request to allow contemporaneous transmission because the witnesses' testimony could be presented through depositions).

---

[4] Interestingly, the *Actos* court did not address at all whether it had jurisdiction to compel testimony of former employees. As discussed above, the court likely did not.

Furthermore, the *Actos* court misapplied Rules 43(a) and 45(c) by rejecting the defendants' argument that using Rule 43(a) to compel testimony via live video feed enlarged the scope of Rule 45(c)'s subpoena power.  *Id.*  The court acknowledged that Rule 45 "makes no mention of transmission of testimony *via* video to a courtroom."  *Id.* at *9.  But Rule 43(a) "allows for appearance 'in open court' by . . . contemporaneous transmission," and Rule 45, the court reasoned, "provides the mechanism to secure such appearance."  *Id.*  The *Actos* court thus held that Rules 43 and 45 "embrace and address the concept of appearance at 'trial' to include contemporaneous live transmission from another location at the location of the Court."  *Id.*

This reading is flawed because it completely ignores the limitations on the geographic scope of a trial subpoena—limitations that the Rules Committee, the Supreme Court, and Congress recently underscored in amending Rule 45.  As amended, Rule 45(c) applies to all witnesses—including parties and their officers—and restricts the court's the authority to "command a person to attend a trial" to instances in which the trial is held "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(1)(A).  Employing a live video feed does not change the fact that the witness remains more than 100 miles from the site of the trial itself and thus outside Rule 45(c)'s 100-mile reach.[5]  *See Roundtree*, 2014 WL 2480259, at *2.  Plaintiffs' interpretation of Rule 43(a)—to authorize a live video feed whenever a witness is beyond the subpoena power—renders Rule 45(c)'s carefully crafted (and recently reiterated) limitations a dead letter.  *See Aranda v. Caribbean Cruise Line,*

---

[5] For this reason, the *Actos* court's analogy to the use of deposition testimony is inapt.  There, the court stated: "One would not argue that when using a written deposition or video deposition the witness is not appearing at trial 'by way of deposition,' at the location of the trial, notwithstanding the fact that the deposition was taken at another location. Nor would one argue Rule 45 would not allow the use of a subpoena to assure that 'appearance by deposition.'"  2014 WL 107153, at *9.  But Rule 45(c) specifically provides that a subpoena may "command a person to attend a . . . deposition" that is held "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(1)(A).  Such a subpoena may properly be issued under Rule 45(c).

*Inc.*, No. 1:12-cv-04069, ECF No. 471, at *1–2 (N.D. Ill. Aug. 30, 2016) (Exh. G) (explaining that Rule 45 does not permit the court to "engage in the fiction" that testimony via live video feed transports the site of trial such that the Rule's geographic requirements are met); *Roundtree*, 2014 WL 2480259, at *2 (concluding that plaintiff could not "avoid the geographic limits of [Rule] 45(c)" by asserting that live video testimony effectively transferred the site of trial). Moreover, because Rule 43(a)'s language is permissive, nothing in it supersedes the more-recently-enacted mandatory geographic limits that Rule 45 imposes on a trial subpoena. Regardless of whether Rule 43(a) permits the use of live video feed, it does not—and indeed, cannot—authorize a court to issue a subpoena inconsistent with Rule 45(c).[6]

Nor should this Court follow the decision in *Andrews v. DePuy Orthopaedics Inc.*, No. 3:15-cv-03484-K, ECF No. 83 (N.D. Tex. Sep. 20, 2016) (Exh. H) (appeal pending). There, the court found that Rule 43(a) granted it the authority to compel the defendants' witnesses to testify at trial via live video feed so long as the plaintiffs demonstrated "good cause in compelling circumstances." *Id.*, slip op. at 2. Although the court cited Rule 45, it did not consider whether Rule 45(c) had any effect on whether live video testimony should or could be ordered for a witness residing or working more than 100 miles from the site of the trial. *See id.*, slip op. at 3. *Andrews* does not recognize that Rule 45(c) sets the outer boundaries of the court's trial subpoena power, and, as a result, it effectively—and impermissibly—holds that a witness may be compelled to testify from anywhere in the United States. Not only is this flatly contrary to the

---

[6] In addition, requiring a willing or non-distant witness is in accord with the limited role of Rule 43(a) in the context of the Federal Rules. Rule 45(c) provides that a subpoena may command a witness to attend a deposition subject to the Rule's geographic limitations. If that witness is unavailable or unwilling to attend trial, Rule 32(a)(4)(B) allows that deposition to be used at trial instead. *See Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 219 (E.D. La. 2008) ("Rule 32 explicitly provides for the use of depositions when a witness is unavailable . . . because that witness lives more than 100 miles from the place of the [trial]."). And Rule 43's commentary recognizes that such a deposition is the "superior means" of providing testimony for an unavailable witness. This interplay shows that Rule 43's function is a narrow one: permitting contemporaneous transmission when a witness's inability to attend trial arises unexpectedly.

intent of the 2013 amendments to Rule 45—which further restricted courts' subpoena powers—but it also subverts the Rule's clear geographic limitations by expanding Rule 43(a) well beyond its traditional scope.  It also ignores fundamental concepts of personal jurisdiction.  Regardless of what the Federal Rules of Civil Procedure provide, they cannot expand personal jurisdiction beyond constitutional limits or override protections against improper interference with a person's liberty interests.

Because Rule 45(c), rather than Rule 43(a), establishes the permissible range of a trial subpoena, *Actos* and *Andrews* erroneously held that distant witnesses could be compelled to testify at trial via live video feed.  In fact, one Fifth Circuit judge, Judge Jolly, has already signaled that such broad orders compelling testimony via live video feed misapply Rules 43(a) and 45(c).  *See In re DePuy Orthopaedics*, No. 16-11419, ECF No. 3, at *2 (5th Cir. Sept. 27, 2016) (Jolly, J., concurring) ("Although the district court misapplied Rules 43(a) and 45(c), I concur in the denial of the petition for a writ of mandamus.") (Exh. I).  This Court should not repeat that misapplication.

4.     **In any event, Plaintiffs cannot demonstrate that good cause and compelling circumstances justify receiving the proposed witnesses' testimony through live video feed.**

The Advisory Committee Notes accompanying the 1996 amendment to Rule 43(a) to allow for contemporaneous transmission of testimony state, "The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place."  The Advisory Committee Notes continue, "Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena, or of resolving difficulties in scheduling a trial that can be attended by all witnesses."  Thus, the Advisory Committee did not envision Rule 43(a) to be

used for the purpose it is presented here – to secure trial testimony of witnesses who were previously deposed and are outside of the court's trial subpoena power.

*First*, the proposed witnesses' absence was not unexpected, and "[a] party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of their circumstances." *Id.*; *see also Eller v. Trans Union, LLC*, 739 F.3d 467, 478–79 (10th Cir. 2013) (noting that "unexpected reasons" are "typically required in a showing of good cause"); *Prideaux v. Tyson Foods, Inc.*, 387 F. App'x 474, 479 (5th Cir. 2010) ("[A] party who could 'reasonably foresee the circumstances offered to justify the transmission of testimony' will have difficulty in establishing good cause or compelling circumstances." (citation omitted)).

Plaintiffs here have known for more than two years – from the early stages of this litigation – that each of the proposed witnesses would be outside the reach of this Court's Rule 45 trial subpoena power and might not appear at trial, and that the Janssen witnesses would likely be on vacation during the month of August. This fact alone creates a strong presumption against the use of remote testimony because Rule 43(a) envisions the presence of unforeseen circumstances. *See, e.g.*, *Sille v. Parball Corp.*, No. 2:07-cv-00901-KJD-LRL, 2011 WL 2680560, at *1 (D. Nev. July 8, 2011) ("There is nothing unexpected concerning the ability of [the] witnesses to attend. Norway and New York have remained the same distance from Las Vegas, Nevada, during the entire pendency of this action."). The majority of courts to address this issue have found that Rule 43(a)'s good cause and compelling circumstances requirements are unmet in this circumstance.[7]

---

[7] *Accord In re Prograf Antitrust Litig.*, MDL No. 2242, 2014 WL 7641156, at *5 (D. Mass. Dec. 23, 2014) ("Plaintiffs do not contend . . . that it was unforeseen that these witnesses would be outside this court's trial subpoena power."); *Sec. & Exch. Comm'n v. Yang*, No. 12 C 2473, 2014 WL 1303547, at *6 (N.D. Ill. Mar. 30, 2014) (observing that reasons for witnesses' absence were "known, or at least knowable with due diligence, while

*Second*, Plaintiffs took extensive videotaped deposition of the proposed witnesses, most of which lasted two days and exceeded ten total hours, and can introduce their testimony through deposition designations.  Accordingly, Plaintiffs cannot demonstrate that good cause justifies receiving their testimony through live video feed.  The Advisory Committee has expressed a preference for the use of depositions over the use of live video testimony, explaining that "depositions, including video depositions, provide a superior means of securing the testimony" of an unavailable witness.  *See* Fed. R. Civ. P. 43 Advisory Committee Notes to 1996 Amendments.  A request for live video testimony should thus be denied where a party could instead introduce the witness's deposition.  *See, e.g., Passmore*, 2016 WL 1253541, at *3 (finding that "requiring [the witness] to appear via video-conferencing would [not] allow the jury to assess his testimony any better than by watching his video deposition").  The fact that deposition testimony exists is particularly relevant here where five of the six proposed witnesses (Mr. Shah, Dr. Major, Ms. Geiger, Mr. Moye, and Ms. Torr) do not currently work on Xarelto, and haven't for some time.  Plaintiffs have made no showing that the testimony of any of these witnesses has changed in the time between their recent depositions last year and now. Furthermore, because "the overriding purpose" of the Rules Enabling Act—and thus the Federal Rules—is "to provide for a *uniform* system of practice and procedure in federal courts," *Affholder, Inc. v. S. Rock, Inc.*, 746 F.2d 305, 310 (5th Cir. 1984) (emphasis added), the fact that this is an MDL bellwether trial does not justify a departure from the Advisory Committee's

---

discovery was proceeding" and explaining that party should have "take[n] the appropriate steps to take and preserve their testimony"); *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970-PAB-KMT, 2014 WL 358866, at *4 (D. Colo. Jan. 31, 2014) (noting that party "was aware of [the witnesses'] location in advance of trial and was not surprised by 'unexpected reasons' for their unavailability"); *Niemeyer v. Ford Motor Co.*, No. 2:09–CV–2091 JCM (PAL), 2012 WL 5199145, at *3 (D. Nev. Oct. 18, 2012) (denying motion to permit remote video testimony where, *inter alia*, witness's absence was "not due to an unexpected reason"); *Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971, 2012 WL 3704922, at *2–3 (E.D. Cal. Aug. 24, 2012) (denying Rule 43(a) motion where "circumstances confronting Plaintiffs [could] hardly be construed as unforeseen").

guidance.  *Cf. Marek v. Chesny*, 473 U.S. 1, 19 (1985) (Brennan, J., dissenting) ("[T]he drafters intended [the Federal Rules] to have a uniform, consistent application in *all* proceedings in federal court.").  Indeed, the "very basis of 28 U.S.C. § 1407" is to provide uniformity and to "prevent duplicative" litigation.  *In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 767 F. Supp. 2d 649, 672 (E.D. La. 2011).  This Court should not set a precedent that would (as a practical matter) require the proposed witnesses (or, for that matter, any of Defendants' witnesses) to testify remotely multiple times in multiple trials.  *See Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971, 2012 WL 3704922, at *3 (E.D. Cal. Aug. 24, 2012) ("This Court is loath to set a precedent that would permit the use of alternative testimony on essentially a carte blanche basis simply given the nature of the claims being pursued in a given action.").[8]

The proposed witnesses' videotaped deposition testimony is available, foreclosing Plaintiffs' ability to demonstrate the required good cause and compelling circumstances.[9]

---

[8] As numerous courts have recognized, such remote testimony is to be "the exception, not the rule."  *Humbert v. O'Malley*, 303 F.R.D. 461, 466 n.24 (D. Md. 2014); *see also Lenius*, 2014 WL 6879311, at *6 (recognizing that "remote testimony is justified" only in "rare cases"); *Thomas v. O'Brien*, No. 5:08-cv-0318 (DEP), 2011 WL 5452012, at *4 n.8 (N.D.N.Y. Nov. 8, 2011) (recognizing that remote transmission "seems to be regarded as the exception and not the rule"); *United States v. Thompson*, 599 F.3d 595, n.4 (7th Cir. 2010) (explaining that Rule 43 "suggests that videoconferencing is the exception rather than the rule"); *Gulino v. Bd. of Educ. of City Sch. Dist. Of N.Y.*, 2003 WL 1191349, at *1 (S.D.N.Y. Mar. 13, 2003) ("[P]ermission [to testify remotely] should not be granted lightly.").

[9] *See In re Urethane Antitrust Litig.*, No. 2:08-5169 (WJM-MF), 2016 WL 723014, at *1–2 (D.N.J. Feb. 22, 2016) (recognizing the advisory committee's note that depositions ordinarily "provide the superior means" of securing the testimony of a distant witness and holding that there were no "compelling circumstances" justifying remote testimony where the witnesses' deposition testimony could be introduced by other party); *Prograf*, 2014 WL 7641156, at *5 (denying Rule 43(a) request and explaining that plaintiffs could introduce testimony from distant witnesses "through their deposition videos"); *In re Nexium (Esomeprazole Magnesium) Antitrust Litig.*, No. 2:14-mc-00225-PD, ECF No. 18, at *1–2 (E.D. Pa. Oct. 3, 2014) (quashing plaintiffs' subpoenas for defendants' witnesses for whom video depositions had already been taken); *Union Pac. R. Co.*, 2013 WL 6795031, at *1; *Matovski v. Matovski*, No. 06 Civ. 4259(PKC), 2007 WL 1575253, at *2 (S.D.N.Y. May 31, 2007) ("The Notes to Rule 43 describe deposition testimony as 'superior' to contemporaneous transmission."), *see also EEOC v. Jetstream Ground Servs., Inc.*, No. 13-cv-02340-CMA-KMT, 2016 WL 1178668, at *5 n.8 (D. Colo. Mar. 28, 2016) (allowing additional pre-trial deposition of witness and declining to consider whether plaintiffs met Rule 43(a) standard "especially because the Rule's drafters have indicated a preference for deposition testimony").

5.      **Requiring the proposed witnesses to testify remotely is burdensome and prejudicial.**

Because the proposed witnesses are outside the range of a trial subpoena and have personal and work commitments made long before the service or attempt to serve subpoenas, Plaintiffs cannot demonstrate good cause and compelling circumstances that warrant enforcement of their defective and belated trial subpoenas. The facts and circumstances here are compelling to reject Plaintiffs' proposal for video testimony. Compelling the proposed witnesses to testify via live video feed is improper here for an additional reason: it would serve only to prejudice both Defendants and the proposed witnesses, and create unnecessary burdens and additional expense.

Requiring the proposed witnesses to testify via live video feed prejudices Defendants' trial preparation and strategy. For example, if the proposed witnesses are required to testify remotely, defense counsel would be forced to divide between the remote district courts (likely in New Jersey and Pennsylvania) and the courthouse in Jackson during trial in order to adequately prepare and defend the proposed witnesses for examination. And because of the short notice and vacation schedules, there is essentially no time to prepare the employees for the grueling act of testifying at trial, which is exacerbated by the fact that most of them no longer work on Xarelto and the relevant facts for this trial occurred several years ago.

Defendants are particularly prejudiced in light of the timing if Plaintiffs are proposing to have the proposed witnesses testify remotely. Plaintiffs' original witness list said nothing about the proposed witnesses testifying via live video feed. By delaying until to the eve of trial to disclose their intentions, Plaintiffs have deprived Defendants of the opportunity to adequately prepare the proposed witnesses to testify live at trial. The Advisory Committee explained that "[n]otice of a desire to transmit testimony from a different location should be given as soon as

the reasons are known." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendments.  As has been demonstrated, Plaintiffs have known during the entire pendency of this litigation that the proposed witnesses are outside the Court's subpoena power, and accordingly, they have "unjustifiably delay[ed]" in filing this request.  *See Szollosy v. Hyatt*, No. Civ.A. 399CV870CFD, 2005 WL 3116095, at *1 (D. Conn. Nov. 15, 2005).  As court have recognized, a request for video testimony made at this "late a date" "disrupt[s] the preparation and trial of th[e] case (and work[s] resultant prejudice to the other parties)."  *Id.*; *see also Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-cv-658, 2014 WL 4181958, at *3 (E.D. Va. Aug. 21, 2014) (rejecting request for live video testimony where its proponent "had plenty of time to make this request . . . and chose not to do so until just before trial and after this case's contentious discovery had closed").[10]  Further, the proposed witnesses would be unduly burdened.   Many of these witnesses have vacations planned for extended periods directly preceding and during the trial. Wu Decl. ¶ 8; Shah Decl. ¶ 8; Geiger Decl. ¶ 8.  They would again be forced to spend time away from their regular job duties to testify, even though they have already given a multi-day depositions.   If the proposed witnesses are required to testify in person in Mississippi, they would have to allocate three days – one to travel there, one for testimony, and one to travel back – just to provide a few hours of testimony that is readily available through deposition designations.   There is no need to create additional burden and expense for the witnesses and defense counsel to provide testimony that has already been secured through the "superior means" of a deposition.  Fed. R. Civ. P. 43(a) Advisory Committee Notes to 1996 Amendments.

---

[10] *Accord Yang*, 2014 WL 1303457, at *6 (explaining that the potential importance of the witnesses' testimony "ought to have spurred defendants to take the appropriate steps to take and preserve their testimony far sooner than the eve of trial"); *Air Turbine Tech., Inc. v. Atlas Copco AB*, 217 F.R.D. 545, 546 (S.D. Fla. 2003) (rejecting request for video testimony where, *inter alia*, the request was filed after "[d]epositions of the witnesses in question ha[d] been taken and  [where] th[e] case [was] one month from the scheduled trial date").

Testimony by live video feed also is problematic because information technology issues will arise, particularly due to the need to arrange for and effectively manage the transmission of testimony. *See RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 01 Civ. 1290 (CSH), 2005 WL 578917, at *7 (S.D.N.Y. Mar. 11, 2005) ("The greater distance between court and witness also leads to a greater likelihood of technical problems arising, which would interfere with the flow of the trial and cause unnecessary delays—problems which might better be handled in a deposition rather than during trial."); *see also* Fed. R. Civ. P. 43(a) Advisory Committee Notes to 1996 Amendments ("Accurate transmission must likewise be assured."). Technical difficulties are not rare and—even aside from the fact that "examination by live video streaming is awkward and inefficient," *Taghleef Indus. v. Henriquez*, 2016 WL 879054, at *1 (Del. Ch. Mar. 8, 2016)—could lead to any number of problems, including the need to reschedule or reorder the introduction of evidence at trial.[11]  This was manifest in the last two trials. The Court need not risk these technical complications in an effort to obtain the proposed witnesses' live video testimony because live video feed does not "allow the jury to assess [his] testimony any better than [does] watching his video deposition." *Passmore*, 2016 WL 1253541, at *3. Indeed, there were numerous technical difficulties in both the *Boudreaux* and *Orr* trials related to the live-transmission testimony of Dr. Peters and Dr. Jalota. The potential for technical difficulties is

---

[11] *See, e.g.*, *In re G.R.*, No. 15-1200, 2016 WL 1456168, at *3 (W. Va. Apr. 12, 2016) (noting two adjudicatory hearings rescheduled due to "technical issues surrounding video conferencing capabilities in the courtroom"); 27 No. 6 Int'l Enforcement L. Rep. 754 (June 2011) (noting that "[t]echnical problems made the video testimony difficult, as the video connection broke down repeatedly" in 2006 airplane crash trial); *see also, e.g.*, Brian Lyman, *Doctor: Abortion Safer Than Getting a Shot of Penicillin*, MONTGOMERY ADVISER (May 21, 2014), http://www.montgomeryadvertiser.com/story/news/politics/southunionstreet/2014/05/21/doctor-abortion-safer-than-getting-shot-of-penicillin/9378081/ (describing "technical problems" in State of Alabama calling expert via video conference); Claire Duffet, *In a high profile Florida murder trial, pranksters disrupt witness' Skype testimony*, LEGALTECH NEWS (Oct. 1, 2013), http://www.legaltechnews.com/id=1202621463840?keywords=Tech+Glitches+in+Zimmerman+Trial+Were+&slret urn=20170317105931 (describing the problems with remote questioning via Skype in the George Zimmerman murder trial).

even more acute in this case, where the trial will be held outside the Court's normal courthouse with its known technology and technology staff.

The benefits of live video testimony, limited as they are, do not outweigh these practical concerns. The proposed witnesses have already provided hours of video deposition testimony in this case. The Advisory Committee left no doubt that when faced with a choice between allowing testimony via live video feed and using previously-secured deposition testimony, courts should choose the latter. Fed. R. Civ. P. 43(a) Advisory Committee Notes to 1996 Amendments; *see also In re Urethane Antitrust Litig.*, 2016 WL 723014, at *2 (no compelling circumstances where depositions are available). There is thus no reason to risk complications at trial or to create additional expense and burden by ordering testimony via live video feed here

Finally, there is no evidence at all that these witnesses are even necessary to Plaintiffs' case – they appear in a list of nineteen individuals on the "May Call" list. This bespeaks harassment, not need. Given that the Issued Subpoenas are defective, the Court must quash the subpoenas.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion to Quash Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action.

Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN &
SARVER, L.L.C.

BY: /s/ Richard E. Sarver
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN &
SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com

DRINKER BIDDLE & REATH LLP

By: /s/ Susan M. Sharko
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ James B. Irwin
James B. Irwin
Kim E. Moore

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.

By: /s/ Lyn P. Pruitt
Lyn P. Pruitt
Adria W. Conklin
Benjamin D. Brenner
Mary Catherine Way
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, AR  72201
Telephone: (501) 688-8800
lpruitt@mwlaw.com
aconklin@mwlaw.com
bbrenner@mwlaw.com
mway@mwlaw.com

WATKINS & EAGER PLLC

By: /s/ Walter T. Johnson
Walter T. Johnson
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 965-1846
wjohnson@watkinseager.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ William Hoffman
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street

00428893                               26

IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen
Pharmaceuticals, Inc. and Janssen Research
& Development, LLC*

New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C. Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com


CHAFFE MCCALL L.L.P.

By: */s/ John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare
Pharmaceuticals Inc. and Bayer Pharma AG*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 26, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**

00428893

27