# EXHIBIT F

## UNITED STATES DISTRICT COURT    EASTERN DISTRICT OF TEXAS

JEAN LEA,                          §
                                   §
          Plaintiff,               §
                                   §
*versus*                           §    CIVIL ACTION NO. 1:03-CV-1339
                                   §
WYETH LLC, PHARMACIA & UPJOHN      §
COMPANY LLC, and PHARMACIA         §
CORPORATION,                       §
                                   §
          Defendants.              §

### MEMORANDUM AND ORDER

Pending before the court are Plaintiff Jean Lea's ("Lea") Motion to Compel the Trial Testimony of Four Former Employees of Defendants Via Contemporaneous Transmission (#175) and Amended Motion to Compel the Trial Testimony of Four Former Employees of Defendants via Contemporaneous Transmission (#220), wherein Lea moves the court to command four former Wyeth LLC ("Wyeth") and Pharmacia & Upjohn Company, LLC ("Upjohn") employees,[1] each of whom live outside this judicial district, to appear through video transmission for live testimony at trial. Defendants oppose Lea's request and assert that the court lacks subpoena power under Federal Rule of Civil Procedure 45 to compel the individuals' testimony.

Here, it is undisputed that the four potential witnesses at issue live in Pennsylvania, New Jersey, and Nevada and, thus, are outside the geographical reach of this court's subpoena power. *See* Fed. R. Civ. P. 45(c)(3) (protecting non-party witnesses from subpoena when they live more than 100 miles from the courthouse). Nonetheless, Lea argues that the court may subpoena these

---

[1] Specifically, Lea asks the court to compel the testimony of James Pickar, Justin Victoria, and Jeanne Marie Durocher, former Wyeth employees, and Peter Philander, who once worked for Upjohn.

individuals to appear live at trial via video transmission pursuant to Federal Rule of Civil Procedure 43(a), which provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." FED. R. CIV. P. 43(a). Lea contends that such good cause exists in this case because: (1) live testimony is preferable to "stale deposition testimony" and (2) Defendants have listed these individuals as potential expert and corporate witnesses and, thus, their testimony is important and relevant. Defendants respond that their former employees are merely independent litigation consultants who are under no obligation to cooperate with the defense. Moreover, Defendants maintain that the language of Rule 43(a) is permissive and, therefore, does not expand the reach of the subpoena power outlined in Rule 45. The court agrees.

There is nothing in the language of Rule 43(a) that permits this court to compel the testimony of an individual who is indisputably outside the reach of its subpoena power. *See Cross v. Wyeth Pharm., Inc.*, No. 8:06-CV-429-T-23AEP, 2011 WL 2517211, at *8 (M.D. Fla. June 23, 2011) (denying identical motion by plaintiff in hormone replacement therapy litigation); *accord In re Methyl Butyl Ether Prod. Liab. Litig.*, No. 04-CV-3417, 2009 WL 1840882, at *1 (S.D.N.Y. June 24, 2009) (noting that the subpoena power conferred by Rule 45 is exhaustive). In any event, even if this court could circumvent Rule 45's requirements, Lea has failed to show the good cause and compelling circumstances mandated by Rule 43(a) in regard to contemporaneous testimony. Specifically, the commentary to the rule's 1996 amendments notes that where the circumstances offered to justify video transmission are foreseeable, a party will have difficulty showing good cause and the compelling nature of the circumstances. *See Air Turbine Tech., Inc. v. Atlas Copco AB*, 217 F.R.D. 545, 546 (S.D. Fla. 2003) (referring to Rule

2

43(a) commentary when denying motion for contemporaneous transmission). Here, Lea has known from this action's early stages that these individuals are no longer employed by Wyeth and Upjohn and that they live far distant from this judicial district. In short, she has failed to make the required good cause showing. *See Air Turbine Tech., Inc.*, 217 F.R.D. at 546 (stating that good cause was lacking under Rule 43(a) where plaintiff could foresee witness's unavailability at trial).

Finally, Lea's contention that she will be disadvantaged by presenting the deposition testimony of a witness whom Defendants may later call to the stand in their own case lacks merit. "This circumstance occurs all the time and does not present a 'compelling circumstance.'" *Air Turbine Tech., Inc.*, 217 F.R.D. at 546; *see also Cross*, 2011 WL 2517211, at * 8 (rejecting plaintiff's assertion that live testimony of former Wyeth employees was necessary and concluding that she could proffer their deposition testimony at trial). If such a situation transpires, Lea may cross-examine these individuals live in front of the jury. *Air Turbine Tech., Inc.*, 217 F.R.D. at 546. Accordingly, Lea's motions are DENIED.

SIGNED at Beaumont, Texas, this 22nd day of November, 2011.

*Marcia A. Crone*
_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

3