# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GERARDO ARANDA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )     **Case No. 12 C 4069** |
| | ) |
| CARIBBEAN CRUISE LINE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFFS' MOTION TO PERMIT
<u>LIVE TESTIMONY BY VIDEO CONFERENCE</u>**

The plaintiffs in this class action case, which is set for a jury trial to begin on September 12, 2016, have moved for an order requiring certain officers and employees of the defendants who live and work in Florida to testify by video conference from locations in the federal districts where they live. The seven witnesses are all listed by plaintiffs in their proposed draft of the final pretrial order. Defendants have agreed to bring only one of them (Rebecca Foster) to testify live at trial. Plaintiffs then proposed to have the other six testify by video conference from Florida. Defendants declined. Plaintiffs then filed the present motion.

Plaintiffs first contend that Federal Rule of Civil Procedure 43 permits the Court to require these witnesses to appear in the districts where they live to testify by video conference feed to a trial here in Chicago, irrespective of the limits that Federal Rule of Civil Procedure 45 imposes on a federal court's subpoena power. The Court disagrees. Under Rule 45(c), a subpoena may command a person to attend a trial, hearing, or deposition only within 100 miles of where the person resides, is employed, or regularly transacts business in person, or if the person is a party or its officer (or in other limited circumstances) within the state where the person resides, is employed, or regularly transacts business. Here the trial is in Chicago, and the witnesses are in Florida, which is more than 100 miles from Chicago. Nothing in the Rule permits the Court to engage in the fiction that because the witnesses would be appearing in Florida to testify via

video conference hookup to Chicago, the trial is effectively in Florida and Rule 45's requirements are met.

In addition, Rule 43 does not permit an end run around Rule 45's limits. Rule 43(a) says that testimony must be taken in open court unless a statute, the rules of evidence, or the rules of civil procedure provide otherwise—which they do not, in this situation. Rule 43(a) also says that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). But this rule "presupposes a witness willing or compelled to testify at trial," *Roundtree v. Chase Bank USA, N.A.*, No. 13-239 MJP, 2014 WL 2480259, at *2 (W.D. Wash. June 3, 2014); it does not expand the geographical limits found in Rule 45. *See Lin v. Horan Capital Mgmt., LLC*, No. 14 Civ. 5202(LLS), 2014 WL 3974585, at *1-2 (S.D.N.Y. Aug. 13, 2014). There are cases suggesting a broader application of this Rule in the context of bellwether trials in multidistrict litigation, but this is not such a case.

Plaintiffs' second argument fares better, at least for some of the witnesses. This case represents a combination of several putative class actions, some of which were filed in other districts and were then transferred here. One of those cases was *Wright v. The Berkley Group, Inc. and Vacation Ownership Marketing Tours, Inc.*, which was filed in the Southern District of Florida, where all of the witnesses in question live. The plaintiff and the defendants in *Wright* jointly moved the court in that district to transfer the case here. Their motion addressed the factors for transfer under 28 U.S.C. § 1404(a). One of those concerns the convenience of witnesses. The joint motion stated the following:

> Finally, there is no indication that the Parties will be unable to obtain necessary documents and witnesses through the Northern District's compulsory process. Namely, as the majority of the relevant witnesses are likely to be either employees of Defendants in this litigation, or employees of the defendants in Birchmeier, they will be subject to the Court's jurisdiction, without subpoena, should their testimony become necessary. *See Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, No. 10-20715-CIV, 2010 WL 3056600, at *6 (S.D. Fla. Aug. 4, 2010) ("Processes to compel a witness's presence are less necessary for employee-witnesses who are controlled by one of the litigants.") (citing *Burger King Corp. v. Thomas*, 755 F. Supp. 1026, 1030–31 (S.D. Fla.1991)).

2

Pls.' Reply, Ex. A (*Wright* Jt. Mot. to Transfer) at 10-11. The district judge who granted the joint motion to transfer the *Wright* case relied on this representation; she quoted the parties' statement that "there is no indication that [they] will be unable to obtain the necessary documents and witnesses through the Northern District's compulsory process." *Id.*, Ex. B (*Wright* transfer order) at 8.

The parties who represented that the defendants' employees would be "subject to the Court's jurisdiction, without subpoena" and successfully persuaded plaintiffs and the Florida court to rely on it have to live with it now. They are estopped from taking a contrary position, because allowing them to do so would work an injustice on plaintiffs, who were entitled to rely on those parties' representation. *Cf. New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (explaining the doctrine of judicial estoppel); *Wells v. Coker*, 707 F.3d 756, 760 (7th Cir. 2013) (same). Alternatively, these parties have forfeited any basis to argue that Rule 45 does not permit the Court to compel the appearance of their personnel.

But the representation was made only on behalf of Berkley and VOMT, the two defendants in the *Wright* case. Though those defendants' commitment also referenced the employees of Caribbean Cruise Line, Inc., the Court sees no basis in the record to saddle CCL with a commitment that others made. Thus Berkley and VOMT's commitment covers the following witnesses whom plaintiffs intend to call to testify: Larry Hierholzer, Berkley's vice president of marketing; Mark Landau, Berkley's chief financial officer; Bruce Polansky, Berkley's director of sales; and Dan Lambert, an officer of VOMT. It does not cover Jennifer Poole or Robert Mitchell, who are identified only as personnel of CCL.

Rule 43(a) also requires, as a prerequisite to permitting remote video testimony, a showing of good cause and compelling circumstances. Defendants argue that this does not exist because the relevance of these witnesses was predictable, and plaintiffs should have taken their depositions. What was not predictable, however, was that Berkley and VOMT would do an about-face on their commitment to have the witnesses testify in this district. Plaintiffs, like the district judge who transferred the case here, were entitled to rely on defendants living up to their commitment and thus to forego taking the depositions of these persons: live testimony is, after all, far preferable at trial

to deposition testimony.  Defendants' change of position supplies a sufficient basis for a finding of good cause and compelling circumstances.  The Court is hopeful, of course, that Berkley and VOMT will see fit to live up to their earlier commitment and bring the witnesses to Chicago to testify.  But if they do not do so, Berkley and VOMT will be required to produce the witnesses at an appropriate site in the Southern District of Florida, at dates and times directed by the Court, to testify via video conference.

The I.T. staff of this court has consulted with the I.T. staff of the Southern District of Florida and has ascertained that each of the courthouses in that district discussed at the hearing on this motion—West Palm Beach, Fort Lauderdale, and Miami—has video conference equipment that is compatible with this court's equipment and that can be used to transmit the testimony.  The Court will discuss this with counsel further at tomorrow's telephone status hearing.

### Conclusion

For the reasons stated above, the Court grants plaintiffs' motion to permit live testimony of out of state witnesses by video conference as to witnesses Larry Hierholzer, Mark Landau, Bruce Polansky, and Dan Lambert, but denies the motion as to witnesses Jennifer Poole and Robert Mitchell.

Date:  August 30, 2016

_____

MATTHEW F. KENNELLY
United States District Judge