# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: DEPUY ORTHOPAEDICS, INC. PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION | § § § § § | MDL Docket No.  3:11-MD-2244-K |
| -------------------------------------------------- | § § | |
| This Order Relates to:  *Andrews* – 3:15-cv-03484-K  *Davis* – 3:15-cv-01767-K  *Metzler* – 3:12-cv-02066-K  *Rodriguez* – 3:13-cv-03938-K  *Standerfer* – 3:14-cv-01730-K  *Wesier* – 3:13-cv-03631-K | § § § § § § § § | |
| -------------------------------------------------- | § | |

**ORDER GRANTING PLAINTIFFS' MOTION TO ALLOW LIVE TESTIMONY VIA CONTEMPORANEOUS TRANSMISSION**

Before the Court is Plaintiffs' Motion to Allow Live Testimony via Contemporaneous Transmission. After considering the Motion [*Andrews*, 3:15-cv-3484-K, Doc. 43; *Davis*, 3:15-cv-1767-K, Doc. 47; *Metzler*, 3:12-cv-2066-K, Doc. 44; *Rodriguez*, 3:13-cv-3938-K, Doc. 42; *Standerfer*, 3:14-cv-1730-K, Doc. 41; *Weiser*, 3:13-cv-3631-K, Doc. 42] and Defendants' Response [*Andrews*, 3:15-cv-3484-K, Doc. 55; *Davis*, 3:15-cv-1767-K, Doc. 58; *Metzler*, 3:12-cv-2066-K, Doc. 55; *Rodriguez*, 3:13-cv-3938-K, Doc. 53; *Standerfer*, 3:14-cv-1730-K, Doc. 52; *Weiser,* 3:13-cv-3631-K, Doc. 53], Plaintiffs' Motion is GRANTED.

## Background

Pursuant to 28 U.S.C. § 1407, the United States Judicial Panel on Multidistrict Litigation ordered coordinated or consolidated pretrial proceedings in this Court of all actions involving the Pinnacle Acetabular Cup System hip implants ("Pinnacle Device") manufactured by Defendant DePuy Orthopaedics, Inc. ("DePuy"). Since then over 8,000 cases have been filed or consolidated to this district for pretrial proceedings. The third bellwether trial in this MDL is set to begin the week of September 26, 2016. Plaintiffs move for leave of Court to present testimony via contemporaneous video transmission for certain witnesses under Defendants' control that are unavailable to testify in the Northern District of Texas.

## Analysis

Rule 43 of the Federal Rules of Civil Procedure provides that although it is preferred for trial testimony to be in open court, testimony "by contemporaneous transmission from a different location" is acceptable. Thus, the Court has the authority to grant Plaintiffs' request, upon a showing of good cause in compelling circumstances with the appropriate safeguards in place. Courts generally consider five factors to determine when testimony by contemporaneous transmission is appropriate. *In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006) (citing *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, MDL No. 551, 1988 WL 525314 (W.D. Wash. Aug. 9, 1988)). Those five factors include: (1) the control exerted over the witness by the defendant; (2) the complex multi-party, multi-

state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation. *Id.* Once a Court determines that contemporaneous transmission of witness testimony is justified, the requesting party must secure the witness's cooperation by either (a) voluntary agreement, or (b) a subpoena compelling the witness to appear.

Rule 45 of the Federal Rules of Civil Procedure provides that a subpoena may issue to command a person to appear at a trial: (a) within 100 miles of where the person resides, is employed, or regularly transacts business; or, (b) within the state where the person resides, is employed, or regularly transacts business in person . . . Fed. R. Civ. P. 45.

Live, in-court testimony is the preferred manner of presenting a case to a jury. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947), *superseded by statute on other grounds, as explained in Am. Dredging Co. v. Miller*, 510 U.S. 443, 449, n.2 (1994); *In re Vioxx*, 439 F. Supp.at 644; *In re Wash. Pub. Power Supply*, 1988 WL 525314 at *2 (W.D. Wash. Aug. 9, 1988). This is because it allows for the fact-finder to "see the live witness along with 'his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration.'" *In re Actos (Pioglitazone) Prods. Liab. Litig.*, No. 12-cv-00064, 2014 WL 107153, at *8 (W.D. La. Jan. 8, 2014) (quoting *Vioxx*, 439 F. Supp. 2d at 644).

Plaintiffs do not seek to employ Rules 43 and 45 to obtain contemporaneous transmission of live testimony *in lieu* of in-court testimony. Rather, Plaintiffs seek to compel contemporaneous transmission of live testimony where a witness under Defendants' control is unable to appear live in court. Without this contemporaneous transmission to provide live testimony, the jury would be left with less reliable deposition transcripts and video. Plaintiffs' motion serves the inherent goal of Rule 43, which is to provide the jury with a more truthful witness. *See* Fed. R. Civ. P. 43 advisory committee's note (1996 amendment) ("The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.").

Application of the five factors set forth by the *Vioxx* court also favors allowing contemporaneous transmission. The witnesses at issue are all under Defendants' control, an MDL case by its very nature is complex, and flexibility is required to manage a nationwide docket consisting of over 8,000 cases. There is also no true prejudice to Defendants; they will be required to prepare for cross examination of these witnesses just as they would if the witness were testifying in person. In fact, had this MDL been consolidated in another district, the witnesses at issue may have been within subpoena range. Finally, there is very little if any real inconvenience to the witnesses to require them to appear at a district court within 100 miles of their residence or in their home state, in accordance with Rule 45.

The Court holds that Plaintiffs have made a showing of good cause, and Plaintiffs' Motion to Allow Live Testimony via Contemporaneous Transmission is

hereby, GRANTED. The Parties are further ORDERED to present a joint proposed case management order to the Special Master, within three days of entry of this order, providing guidelines for the protocol to be used in generating contemporaneous transmission.

**SO ORDERED.**

Signed September 20, 2016.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE