UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Dora Mingo v. Janssen Research & Development, LLC et al.* | * * | JUDGE ELDON E. FALLON |
| Case No. 2:15-cv-03469 | * | |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION IN LIMINE TO EXCLUDE ARGUMENT OR EVIDENCE REGARDING THE LACK OF A REVERSAL AGENT FOR XARELTO**

**I. INTRODUCTION**

The Defendants continue to misstate Plaintiff's claims, and thus continue their effort to limit Plaintiff's ability to introduce relevant evidence. The faulty premise upon which the Defendants base their Joint Motion in Limine to Exclude Argument or Evidence Regarding the Lack of a Reversal Agent for Xarelto (Rec. Doc. 7054) assumes that a reversal agent must be associated with the treatment of Ms. Mingo's injury to be relevant. That is not the proper inquiry. As discussed in further detail below, Defendants' motion overreaches and should be denied.

**II. ARGUMENT**

At the March 23, 2017 Hearing on the Defendants' dispositive motions, The Boudreaux Plaintiffs previously responded to similar "abandonment" arguments raised by the Defendants. *See* March 23, 2017 Hearing Transcript at 24-25. As noted there, and applicable here, Ms. Mingo has not abandoned her claims based on the theories of design defect or failure to warn/instruct about the use of Neoplastin PT. Both causes of action are supported by a myriad of facts.

1

Defendants erroneously contend that they can preclude the introduction of factual allegations that remain relevant to Plaintiffs' legal claims, despite the fact that liability based on these claims is informed by, without necessarily being established by, the challenged factual allegations, *e.g.*, higher dosing, lack of a reversal agent. *See* July 21, 2017 Order and Reasons at 11-12 (Rec.Doc. 7112).

The instant motion focuses on the lack of a reversal agent. Plaintiff asserts that Xarelto possesses dangerous characteristics which support her Mississippi Product Liability Act claims, in part, because the drug was not accompanied by a reversal agent. The Defendants counter that because Plaintiff is not pursuing a design defect claim addressing the lack of a reversal agent, the introduction of the absence of a reversal agent has no bearing on her case. This myopic view of the lawsuit overlooks Plaintiff's failure to warn claim. Simply put, Defendants fail to consider that the absence of a reversal agent informs the risk profile of this drug, and thus heightens the need to instruct physicians of the need to test their patients with Neoplastin PT. In other words, because the drug has no antidote, it must be administered with special care. The failure of the Defendants to warn about the proper use of Xarelto, by use of the Neoplastin PT measurement, is made more significant precisely because there is no other means for a physician to avoid or even ameliorate a patients' bleeding injury through resort to a reversal agent. This is true even when, as here, Dr. Jordon, Ms. Mingo's prescribing physician knew a reversal agent was not yet available for the drug. Previously, this Court agreed that similar arguments were sufficient to justify reserving ruling on the matter. *See* April 18, 2017 Order at 11 (Rec. Doc. 6254).

Thus, Defendants are mistaken that there is no relevance or purpose for evidence addressing the lack of a reversal agent. Their alternative argument under Rule 403, addressed to unfair prejudice, is equally unpersuasive in light of the importance of the Defendants' flawed

development of the drug, both from a design perspective and from a labeling perspective. On this score, the Defendants are only prejudiced from these facts because these are facts which tend to prove their liability. All such facts are prejudicial; but only *unfairly* prejudicial evidence can be excluded, and Defendants have not been able to meet their burden of proof to justify exclusion.

### III.     CONCLUSION

For the reasons set forth above, Defendants' motion should be denied, or, at a minimum, held under reserve until presented at trial.

Dated: July 28, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
***HERMAN, HERMAN & KATZ, LLC***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 28, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

>  */s/ Leonard A. Davis*
>  **LEONARD A. DAVIS**