UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Dora Mingo v. Janssen Research & Development, LLC et al.* Case No. 2:15-cv-03469 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF FOREIGN LABELING AND REGULATORY ACTIONS**

## I.  INTRODUCTION

Defendants have filed a motion in limine to blanketly preclude the introduction of any evidence of foreign labeling and regulatory actions under Federal Rules of Evidence 402 and 403 (Rec. Doc. 7052). This motion largely repeats the same arguments they previously presented in advance of the *Boudreaux* trial, for which this Court held in reserve its ruling "because context or rebuttal may have to be considered."[1] Defendants' current motion is embellished somewhat from the experience of the *Orr* trial, where the Court allowed Plaintiffs to employ a redacted document, PX 190, that contained a statement by the Bayer Defendants reflecting the company's knowledge of the usefulness of PT Neoplastin to assess Xarelto patients' level of anticoagulation. Recognizing that statements reflecting Defendants' state of mind are admissible, the Court permitted this

---

[1] April 18, 2017 Order and Reasons at 14 (Rec. Doc. 6254).

1

document in redacted form to be admitted.[2] Although sunlight is supposedly the greatest disinfectant, even the sliver of light permitted by the Court's ruling is too much for Defendants, who prefer to keep the jury in total darkness. They seek to extend the Court's rulings in *Boudreaux* and *Orr* to exclude *all* evidence of foreign labeling and regulatory actions, including PX 190. Plaintiff opposes the motion.

II. **ARGUMENT**

   A. **Foreign Labeling and Foreign Regulatory Evidence Is Not Irrelevant to the Extent it Provides Context to Prior Inconsistent Statements Made by Defendants.**

Previously, this Court ruled that foreign labeling and foreign regulatory evidence is ordinarily "not admissible, not relevant."[3] Plaintiff continues to dispute this Court's rulings and have recently filed a motion in limine to prohibit objectively false testimony that PT Neoplastin is not useful, does not work, or that having such a warning in the Xarelto label would be reckless, inappropriate or dangerous (Rec. Doc. 7059) [incorporated herein by reference].[4] Therein, Plaintiff noted that this Court had permitted the introduction of prior inconsistent statements Defendants made to regulatory agencies pursuant to Fed. R. Evid. 801(d)(2). The comments to the 1997 Amendment to that Rule recognize "the context in which the statement was made" is relevant to the document's admissibility. Therefore, despite this Court's concern that the document may be irrelevant and inadmissible standing alone, because of the inconsistent statement contained therein, to provide appropriate context to the jury, Rule 801(d)(2) demands that the entire document be

---

[2] May 26, 2017 Order and Reasons at 13 (Rec.Doc. 6645).

[3] *See* Transcript of Telephone Status Conference, 7/10/17, at 14. *See also* May 26, 2017 Order and Reasons at 11-13 (Rec.Doc.6645).

[4] *See* Pltfs. Brf. at 4 fn. 12 (Rec.Doc. 7059).

2

admissible. Only in this fashion will the jury be provided the information necessary to connect the dots and understand the significance of the document.

Plaintiff further takes issue with Defendants' motion based upon the additional grounds set forth in Plaintiff's competing motion in limine, *supra.* Defendants' foreign labels provided notice and expressed the knowledge of Defendants regarding their drug. As the manufacturers of Xarelto, Defendants are deemed to be the experts on the drug and its label.[5] They should be wed to that knowledge not only with regard to the label used in the United States, but also to labels used regarding the drug around the world. Defendants should be prohibited from introducing objectively false testimony that PT Neoplastin is not useful, does not work, or that having such a warning in the Xarelto label would be reckless, inappropriate or dangerous, in light of the fact that they have expressed prior inconsistent statements elsewhere.

### B. Rule 403 Does Not Justify Exclusion of Evidence About Defendants' Prior Inconsistent Statements in Foreign Labels and Foreign Regulatory Materials.

"'Unfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party." *Dollar v. Long Mfg.,* 561 F.2d 613, 618 (5th Cir. 1977). "Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" *Id.* "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See* Fed. R. Evid. 403, Notes of Advisory Committee on Rules. "[B]ecause Rule 403 operates to exclude relevant evidence, application of the rule must be cautious and sparing." *Brady v. Fort Bend County,* 145 F.3d 691, 715 (5th Cir. 1998) (citations and internal quotations omitted).

---

[5] *See Wyeth v. Levine,* 555 U.S. 555, 570-71 (2009) ("[T]he manufacturer bears responsibility for the content of its label at all times [and] is charged both with crafting an adequate label and with ensuring that its warnings remain adequate as long as the drug is on the market.").

It is true that evidence of Defendants' prior inconsistent statements may be prejudicial against Defendants because they are unfavorable, but it is not *unfairly* so. They are relevant and probative to the ultimate issue in this case: the adequacy of Defendants' instructions for safely using Xarelto. This evidence is material, not collateral, and will cause no confusion or distractions or delays.[6]

### III. CONCLUSION

For the reasons set forth above, Plaintiff disagrees that foreign labeling and foreign regulatory materials are inadmissible and irrelevant. To the contrary, for the reasons set forth in Plaintiff's motion in limine, *supra*, the material is necessary to establish context for Defendants' prior inconsistent statements. Accordingly, Defendants' motion in limine should be denied.

Dated:  July 28, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA 70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

---

[6] Defendants' remaining argument that the documents used at trial contain quotes from Canadian labeling and should therefore be precluded is overreaching. Defendants' words are Defendants' words, irrespective of whether they appear in another label or not, or whether they are addressed to a foreign regulatory agency or not. The mere fact that the context occurs under these circumstances does not and should not result in their exclusion.

Gerald E. Meunier (Bar No. 9471)
***GAINSBURGH BENJAMIN DAVID MEUNIER
& WARSHAUER, LLC***
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:   gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 28, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

>*/s/ Leonard A. Davis*
>**LEONARD A. DAVIS**