UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Mingo v. Janssen Research* | * | JUDGE ELDON E. FALLON |
| *& Dev., LLC, at al.* | * | |
| Case No. 2:15-cv-03469 | * | MAGISTRATE JUDGE NORTH |
| | * | |

* * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' JOINT MOTION *IN LIMINE* TO EXCLUDE
ARGUMENT THAT THE LABEL SHOULD HAVE INCLUDED
INFORMATION ABOUT THE INRATIO DEVICE USED IN ROCKET AF
OR THE U.S. SUBGROUP DATA FROM ROCKET AF**

**I.   INTRODUCTION**

Plaintiff submits this memorandum in opposition to Defendants' motion *in limine* to exclude argument that the label should have included information about the INRatio Device Used in ROCKET AF or the U.S. Subgroup Data from ROCKET AF [Rec. Doc. 7073-1]. Defendants' motion renews arguments that have been raised, and rejected, many times throughout the course of this litigation. This Court should again reject Defendants' arguments, and deny Defendants' motion.

**II.   ARGUMENT**

    **A.   Evidence about the INRatio Device is Admissible.**

This motion represents Defendants' fourth attempt at excluding evidence about the INRatio device recall. Defendants first raised the issue in Defendants' Joint Motion for Partial Summary Judgment on the Ground that Federal Law Preempts Plaintiffs' Failure to Warn Claims in

1

*Boudreaux* and *Orr* [Record Doc. 5110]. Plaintiffs filed a response,[1] which is incorporated herein by reference. This Court ruled against preemption, noting that "issues of fact remain as to whether the Defendants could have warned doctors about the INRatio recall, either through the label or through other means."[2] Inherent in this ruling was an implied recognition that evidence about the INRatio recall might be relevant and admissible at trial.

Defendants raised the issue a second time in *Boudreaux,* in Defendants' Joint Motion *in Limine* No. 7 to Exclude Evidence or Argument that the Xarelto Label Should Have Included Information about the INRatio Device Recall Used in ROCKET AF or That is Inconsistent with FDA's September 2016 Reanalysis that the Recall Did Not Impact the Results of ROCKET AF [Record Doc. 5940]. Plaintiffs filed a response,[3] which is incorporated herein by reference. This Court subsequently declined to rule on whether evidence about the INRatio recall was admissible, reserving its ruling for trial.[4] The issue did not arise during trial.

The same motion was then deemed filed again in *Orr,* without the need for any additional briefing.[5] Since this included a stipulation to the application of the *Boudreaux* motion *in limine* rulings in *Orr,* this Court's reservation of ruling remained in effect. Defendants, however, subsequently submitted (but did not file) a letter brief,[6] raising the issue for third time. Plaintiffs

---

[1] *See* Plaintiffs' Response in Opposition to Defendants' Joint Motion for Partial Summary Judgment on the Ground that Federal Law Preempts Plaintiffs' Failure to Warn Claims [Record Doc. 5650].

[2] *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.,* No. 14-cv-2592, slip op. (Apr. 13, 2017) [Record Doc. 6197], at 8.

[3] *See* Plaintiffs' Response in Opposition to Defendants' Joint Motion in *Limine* No. 7 to Exclude Evidence or Argument that the Xarelto Label Should Have Included Information about the INRatio Device Recall Used in ROCKET AF or That is Inconsistent with FDA's September 2016 Reanalysis that the Recall Did Not Impact the Results of ROCKET AF [Record Doc. 6235].

[4] *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.,* No. 14-md-2592, slip op. (Apr. 18, 2017) [Record Doc. 6254], at 8-9.

[5] *See* Joint Stipulation on Motion *in Limine* Filings and Rulings [Record Doc. 6535], at ¶ I(A)(6).

[6] *See* Exhibit 1.

filed a response,[7] which is incorporated herein by reference. This Court did not enter another order, thereby continuing to leave its prior reservation from *Boudreaux* in effect. At trial, significant testimony about the INRatio device recall was presented.[8]

Defendants are now attempting to take a fourth bite at the apple, presenting essentially the same arguments as before, even though there is no need, given the stipulation in place that again carries forward all prior briefing and rulings on this issue.[9] In response, Plaintiff relies upon the prior briefs that have been cited and incorporated above. In short: (1) the FDA's statement on the INRatio device recall is not determinative; (2) evidence about the failure to disclose significant and relevant information to the FDA is admissible in traditional products liability cases, and is not precluded by any of the claim preclusion cases cited by Defendants; and (3) there is nothing unfair about any prejudice resulting from that evidence.

### B. Evidence about the U.S. Subgroup Data from ROCKET AF is Admissible.

Defendants have attempted to exclude evidence about the U.S. subgroup data from ROCKET AF at least twice before. Defendants first raised the issue in Defendants' Joint Motion for Partial Summary Judgment on the Ground that Federal Law Preempts Plaintiffs' Failure to Warn Claims in *Boudreaux* and *Orr* [Record Doc. 5110]. Plaintiffs filed a response,[10] which is incorporated herein by reference.

---

[7] *See* Plaintiffs' Supplemental Memorandum in Response and Opposition to Defendants' Joint Motion *in Limine* No. 7 to Exclude Evidence or Argument that the Xarelto Label Should Have Included Information about the INRatio Device Recall Used in ROCKET AF or That is Inconsistent with FDA's September 2016 Reanalysis that the Recall Did Not Impact the Results of ROCKET AF [Record Doc. 6643].

[8] *See, e.g., Orr* Trial Transcript at 239:1-243:18, 1565:8-1581:7 (attached as Exhibit 2).

[9] *See* Joint Stipulation on Motion *in Limine* Filings and Rulings [Record Doc. 7079], at ¶ I(A)(6).

[10] *See* Plaintiffs' Response in Opposition to Defendants' Joint Motion for Partial Summary Judgment on the Ground that Federal Law Preempts Plaintiffs' Failure to Warn Claims [Record Doc. 5650].

This Court ruled against preemption, noting that it was not "altogether clear" if "the FDA's refusal to add Defendants' proposed subgroup information … indicates the FDA also would have refused to approve a similar label change under the CBE."[11] This Court continued, saying that "Defendants bear the responsibility for their label and may have been able to include U.S.-specific data at the outset or after post-market data was released showing high instances of bleeding."[12] Inherent in this ruling was an implied recognition that evidence about the U.S. subgroup data might be relevant and admissible at trial.

Defendants raised the issue a second time in Defendants' Joint Motion *in Limine* No. 8 to Exclude Evidence or Argument Regarding the September 2015 Xarelto Label and/or Related Correspondence [Record Doc. 5935], which was deemed filed again in *Orr*[13] Plaintiffs filed a response,[14] which is incorporated herein by reference. This Court subsequently declined to rule on whether evidence about the U.S. subgroup data was admissible, reserving its ruling for trial,[15] and the evidence was subsequently admitted at trial.[16]

Defendants are now raising the issue a third time, presenting essentially the same arguments as before, even though there is no need, given the stipulation in place that again carries forward all prior briefing and rulings on this issue.[17] In response, Plaintiff relies upon the prior

---

[11] *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.,* No. 14-cv-2592, slip op. (Apr. 13, 2017) [Record Doc. 6197], at 7.

[12] *See id.* at 8.

[13] *See* Joint Stipulation on Motion *in Limine* Filings and Rulings [Record Doc. 6535], at ¶ I(A)(7).

[14] *See* Plaintiffs' Response in Opposition to Defendants' Joint Motion in *Limine* No. 8 to Exclude Evidence or Argument Regarding the September 2015 Xarelto Label and/or Related Correspondence [Record Doc. 6145].

[15] *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.,* No. 14-md-2592, slip op. (Apr. 18, 2017) [Record Doc. 6254], at 7-8.

[16] *See, e.g., Orr* Trial Transcript at 1747:9-1756:25 (attached as Exhibit 2).

[17] *See* Joint Stipulation on Motion *in Limine* Filings and Rulings [Record Doc. 7079], at ¶ I(A)(7).

4

briefs that have been cited and incorporated above. In short: (1) the FDA did not consider and reject the inclusion of information about the U.S. subgroup data in the pre-approval label; (2) the September 2015 label does not constitute a subsequent remedial measure because Defendants had not initiated the label change; (3) even if the September 2015 label were considered to reflect a subsequent remedial measure, and thus were inadmissible to establish causation, it would be admissible for the alternate purpose of establishing the feasibility of precautionary measures; and (4) there is nothing unfair about any prejudice resulting from that evidence.

Defendants have added one new argument on this issue: that the evidence is inadmissible because Dr. Jordon testified that additional information about the U.S. subgroup data would not have changed his decision to prescribe Xarelto. This argument fails for two reasons.

First, Defendants have overreached in their summary of Dr. Jordan's testimony. While Dr. Jordon testified generically that he stands by his decision to prescribe Xarelto for Ms. Mingo, he also discussed the role the U.S. subgroup data would have played in his decision-making process.[18] More specifically, he testified that this information was important, that he would have liked to have had this information when he was prescribing Xarelto to Ms. Mingo, that he would have considered this information in his risk/benefit analysis when prescribing Xarelto to Ms. Mingo, that he would have conveyed this information to Ms. Mingo, and that he would have honored Ms. Mingo's request if she had subsequently asked not to be put on Xarelto.[19]

Second, even if this testimony did not exist, whether Dr. Jordon's decision would have been affected is a question of fact for the jury. This is because in Mississippi, a plaintiff may satisfy her burden of establishing causation for failure to adequately instruct by introducing either

---

[18] *See* Exhibit 3, Deposition of Renie Armstrong Jordon, MD, at 71:8-82:15.

[19] *See id.* at 80:6-82:15.

subjective evidence of how her treating physician would have responded, or objective evidence of how a reasonable physician would have responded to an adequate instruction. *Bennett v. Madakasira,* 821 So. 2d 794, 808 (Miss. 2002); *Thomas v. Hoffman-LaRoche, Inc.,* 949 F.2d 806, 812 (5th Cir. 1992). Thus, causation on this point may still be established through objective evidence.

### C. The Relevance of Evidence about the INRatio Device Recall and the U.S. Subgroup Data is not Dependent Upon the Indication for Which Xarelto is Prescribed.

In this motion, Defendants have added the argument that any evidence about the ROCKET AF clinical trial for the atrial fibrillation indication – including any evidence about the INRatio device used in that trial and the U.S. subgroup data compiled from that trial – is inadmissible because Ms. Mingo was prescribed Xarelto for a different indication (DVT), which was approved based on different studies (EINSTEIN).

This carries forward with the same theme from a motion in *limine* filed in *Boudreaux,*[20] and deemed filed again in *Orr,*[21] seeking to exclude evidence about the RECORD 4 clinical trial for the hip or knee replacement indication and a related article by Charles Seife, on grounds that Mr. Boudreaux and Mrs. Orr were prescribed Xarelto for a different indication (atrial fibrillation), which indication was approved based on a different study (ROCKET AF). Indeed, Defendants have filed another similar motion about RECORD 4 and Seife here.[22] This Court initially reserved

---

[20] *See* Defendants' Memorandum of Law in Support of Motion *in Limine* No. 4 Regarding the RECORD 4 Clinical Trial and Seife 2015 [Record Doc. 5958-1].

[21] *See* Joint Stipulation on Motion *in Limine* Filings and Rulings [Record Doc. 6535], at ¶ I(A)(3).

[22] *See* Defendants' Motion *in Limine* No. 4 Regarding the RECORD 4 Clinical Trial and Seife 2015 [Record Doc. 7053].

6

ruling,[23] but at trial, Defendants' objections relating to the introduction of this evidence were overruled.[24]

As to this argument, Plaintiff incorporates by reference the arguments in the opposition filed in *Boudreaux*, and in the opposition filed today in *Mingo*.[25] Essentially, evidence about studies for other indications relates to the credibility of Defendants, and can be used for impeachment purposes if Defendants tout the number of great studies performed in relation to Xarelto and the great data allegedly obtained from those studies. Additionally, in all clinical trials, regardless of indication, bleeding risk was evaluated, and bleeding risk is relevant to Ms. Mingo's claims.

### III.     CONCLUSION

For these reasons, and the reasons stated in the many prior briefs and oral arguments on this issue, Defendants motion should – again – be denied.

Dated: July 28, 2017                                                       Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Email: ldavis@hhklawfirm.com

---

[23] *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.,* No. 14-md-2592, slip op. (Apr. 18, 2017) [Record Doc. 6254], at 16.

[24] *See* Deposition Designations for Susan Geiger in *Boudreaux* [Record Doc. 6314], at 26-28; Deposition Designations for Susan Geiger in *Orr* [Record Doc. 6727], at 26-29.

[25] *See* Plaintiffs' Response in Opposition to Defendants' Motion in Limine No. 4 Regarding the RECORD 4 Clinical Trial and Seife 2015 in *Boudreaux* [Record Doc. 6228]; Plaintiffs' Response in Opposition to Defendants' Motion in Limine No. 4 Regarding the RECORD 4 Clinical Trial and Seife 2015 in *Mingo* (filed today).

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**