# EXHIBIT "1"

# IRWIN FRITCHIE
# URQUHART & MOORE LLC

— COUNSELORS AT LAW —

JAMES B. IRWIN
DIRECT DIAL: 504-310-2105
JIRWIN@IRWINLLC.COM

400 POYDRAS STREET · SUITE 2700
NEW ORLEANS, LOUISIANA 70130
TELEPHONE 504.310.2100
FACSIMILE 504.310.2101
www.irwinllc.com

May 23, 2017

Honorable Eldon E. Fallon
500 Poydras Street
Room C456
New Orleans, LA 70130

      In Re: *Xarelto (Rivaroxaban) Products Liability Litigation*
           *MDL 2592*

Dear Judge Fallon,

    We are writing in connection with Plaintiffs' disclosure of more than 5 total hours of deposition testimony of several witnesses—namely, Dr. William Byra, Kimberly Nessel, and Bernadette O'Brien—related to the recall of the INRatio device used in the ROCKET AF clinical trial. This morning, Plaintiffs submitted to the Court more than 2 hours of such testimony from the deposition of Ms. Nessel that they intend to play at trial. Plaintiffs are attempting to use the testimony to improperly infer that Defendants are liable because of alleged inadequacies in ROCKET AF due to the recall of the INRatio device. As set forth in Defendants' Motion *in Limine* No. 7 (Doc. 5940-1),[1] Defendants object to the introduction of such testimony as irrelevant, misleading, and unduly prejudicial.

    In *Boudreaux*, the Court reserved ruling on Defendants' motion but ultimately was never confronted with this issue at trial because Plaintiffs never sought to introduce evidence regarding the recall of the INRatio device. Thus, the issue is being presented to the Court for the first time by way of the attached deposition testimony. For example, Plaintiffs' counsel questioned Ms. Nessel at length about voluminous documents produced by Alere that she had never seen or read before the deposition:

> Q. I'm going to hand you a document I'm sure you probably have never seen, Schwabe-Nessel-4 I reached out to Alere, and I found out about their performance characteristics. It's Alere, ALRX, ALRX_00033563. Take a look at that, please. I'm sorry, it's heavy.

---

[1] The parties have stipulated that Motion *in Limine* No. 7, like other Motions *in Limine* filed in *Boudreaux,* is filed in this action.

00414866

> A. Sir, you would like me to look at all these documents?
>
> Q. No, I'll go through it with you.

Deposition of Kimberly Nessel, (Sept. 22, 2016), at 405:10-18. Counsel further questioned Ms. Nessel about Alere documents and information as follows:

> Q. Did you know about all these adverse events, all these reports of discrepant results to INRatio during this period of time, serious injuries and death?
>
> MS. MOORE: Object to the form of the question.
>
> THE WITNESS: No, sir. This is Alere's information.
>
> BY MR. DENTON:
>
> Q. Exactly.
>
> A. This is not a Janssen document that you're asking me to review.
>
> Q. Right, that's my point. In your due diligence from when you decided to use the device in the first instance or to continue to use it after the warning letters, no one, you, no one at Janssen reached out to HemoSense to find out what the device was actually doing in the field, did you?
>
> MS. MOORE: Move to strike comments of counsel. Object to the form of the question.
>
> THE WITNESS: Sir, this is all information that the FDA would be privy to, if these are, you know -- and, again, I don't know what's on all of these pages, I have to go by what you're telling me; however, this is something that would be in Alere's purview to report to the FDA. So at that time the FDA would have had this information.

*Id.* at 413:5-414:10.

Defendants object to the designation of such testimony, as set forth in the individual objections included on the attached script report, on the following grounds.

***First***, Plaintiffs should not be permitted to introduce evidence that second-guesses FDA's September 26, 2016 conclusion reaffirming that "the benefits of rivaroxaban in patients with non-valvular atrial fibrillation outweigh its risks" despite the concerns raised by the use of the INRatio device in ROCKET AF. Doc. 5940-2, Ex. A ("FDA Reanalysis"). Indeed, shortly after publishing its official report, FDA posted on its official website that it had "determined that the effects on strokes or bleeding, including bleeding in the head were minimal" and concluding yet

again that "*Xarelto is a safe and effective alternative to warfarin in patients with atrial fibrillation.*" Doc. 5940-5, Ex. D (October 11, 2016 FDA Public Statement, "FDA analyses conclude that Xarelto clinical trial results were not affected by faulty monitoring device," (emphasis added)).

Because it is not the role of the jury to second-guess a finding already made by FDA, Plaintiffs' designated testimony regarding the INRatio device recall is irrelevant to this case. As courts have acknowledged, evidence that is used to "explore and challenge the administrative decision-making process of [FDA]" is irrelevant. *Bouchard v. Am. Home Prods. Corp.*, 213 F. Supp. 2d 802, 812 (N.D. Ohio 2002) (citing *Kemp v. Medtronic, Inc.*, 231 F.3d 216, 238 (6th Cir. 2000)); *Cytori Therapeutics, Inc. v. FDA*, 715 F.3d 922, 927 (D.C. Cir. 2013) (refusing to overturn FDA finding that medical device was "not substantially similar under § 510(k) because "[a] court is ill-equipped to second-guess that kind of agency scientific judgment").[2]

Further, any evidence or argument inconsistent with FDA's Reanalysis should be excluded because any probative value of this evidence is substantially outweighed by unfair prejudice to Defendants. *See* Fed. R. Evid. 403. FDA's final, conclusive assessment, based on an independent review, that the INRatio device recall did not affect the results of the ROCKET AF clinical trial should be the end of the matter. Plaintiffs can only intend to use the designated testimony in an attempt to cast Defendants as bad actors or to confuse or mislead the jury, and the introduction of it would only waste time. *See also, e.g., Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 672–73 (5th Cir. 1999) (excluding evidence of reports from state regulatory agency as cumulative and unduly prejudicial).

***Second***, evidence about the INRatio device is likewise irrelevant because there is no cause of action under the Louisiana Product Liability Act ("LPLA") for an alleged "failure to test." *See Theriot v. Danek Medical, Inc.*, 168 F.3d 253, 256 ("There is no basis in the LPLA or case law for such a rule" that defendants failed to undertake a test.); *see also, e.g., Linsley v. C.R. Bard, Inc.*, No. Civ. A-98-2007, 2000 WL 343358, at *6 (E.D. La. Mar. 30, 2000) (granting summary judgment when plaintiff was "only left with the argument that Bard did not adequately test its product").

***Third***, Plaintiffs have explicitly abandoned any theory based on any alleged failure to test Xarelto, arising out of ROCKET AF or otherwise. Pls.' Opp. To Defs.' LPLA Design Defect MSJ (Doc. 5524), at 10 n.30 ("[T]he failure to test theory is not being presented by Mr. Boudreaux or Mrs. Orr.")

---

[2] Any claim based on alleged failure to disclose information to FDA or on a theory of "fraud on the FDA" is preempted as a matter of federal law. The Supreme Court's decision in *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001) "informs the relevance analysis" and confirms that state tort law claims that the defendants failed to disclose information to FDA (*i.e.*, "fraud on the FDA") is preempted as a matter of law, and therefore is irrelevant to any issue the jury may decide. *In re Trasylol Prods. Liab. Litig.*, 763 F. Supp.2d 1312, 1329 (S.D. Fla. May 10, 2010).

00414866     3

Respectfully,

James B. Irwin

JBI/MUS
cc(via e-mail): Susan M. Sharko
Steven Glickstein
William Hoffman
John F. Olinde
Leonard A. Davis
Gerald E. Meunier
Andy D. Birchfield, Jr.
Brian H. Barr
Brad Honnold
Emily Jeffcott
Beth Wilkinson
David Dukes

84612433.1