UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 <br><br> Master Docket Case No. 2:14-md-02592 <br><br> JUDGE ELDON E. FALLON |

THIS DOCUMENT RELATES TO:

Janice Paladino v. Janssen Research & Development LLC, et al.,
LAED USDC No. 2:17-cv-02074

David Cobb v. Janssen Research & Development LLC, et al.,
LAED USDC No. 2:17-cv-02153

John Newsome v. Janssen Research & Development LLC, et al.,
LAED USDC No. 2:17-cv-02237

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR AN EXTENSION OF TIME WITHIN WHICH
TO SERVE PROCESS ON DEFENDANT BAYER PHARMA AG**

Plaintiffs submit this memorandum in support of their motion for an Order from this Court to provide Plaintiffs an additional thirty (30) days within which to serve process on Defendant Bayer Pharma AG through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A, and 10B. The plaintiffs in each case referenced above served Bayer Pharma AG by Registered Mail at the proper address in Germany but inadvertently served it within 90 days (rather than 60 days prescribed by PTO 10) and did not provide, by electronic mail, notice of service and a copy of the complaint to xareltocomplaints@babc.com. Although Plaintiffs inadvertently served Bayer Pharma AG outside the streamline process sanctioned by the Court, Plaintiffs have nevertheless exercised due diligence and have not unduly delayed in attempting to correct service of process. Moreover, an extension of 30 days will not prejudice

1

Defendant.  Accordingly, Plaintiffs respectfully request the Court to extend the time to complete service of process.

### A. PROCEDURAL BACKGROUND AND STATEMENT OF FACTS

On March 24, 2015, this Court entered PTO 10, which created an informal streamlined service on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG. PTO 10 allowed Plaintiffs to informally serve a complaint with a Summons on German Defendant Bayer Pharma AG within 60 days from docketing of Complaint in this MDL.  Specifically, plaintiffs are required to serve the Complaint by Registered Mail, Return Receipt Requested.  For service to be complete, plaintiffs are also required to provide, contemporaneous with mailing the Bayer Pharma AG pleading, notice of service, including a copy of the complaint, by electronic mail to xareltocomplaints@babc.com.

For each of the three cases referred to above, Plaintiffs inadvertently served the foreign defendant Bayer Pharma AG by Registered Mail within 90 days of filing the Complaint—i.e., the time allotted by Federal Rule of Civil Procedure 4—rather than the 60 days prescribed by PTO 10 and inadvertently failed to serve the documents contemporaneously by electronic mail. Plaintiffs' counsel independently discovered their inadvertent failure to serve the complaints within 60 days and to serve the complaint by electronic mail yesterday (July 27) after initiating an audit of all their Xarelto cases filed in the Eastern District of Louisiana.  Upon learning of the oversight, Plaintiffs' counsel immediately contacted defense counsel and requested an extension of time to re-serve the foreign defendant by registered and electronic mail.  During their telephone conference, the parties determined that, unbeknownst to plaintiffs' counsel, defense counsel had already sent two deficiency notices by electronic mail on June 16, 2017, in which

defense counsel advised of the oversights in two of the instant actions (Cobb v. Janssen et al., 17-cv-02153, and Paladino v. Janssen et al., 17-cv-02074).[1] Defense counsel politely refused to extend the time for Plaintiffs' counsel to re-serve the Complaints, but following the telephone conference, defense counsel resent the deficiency notices dated June 16, 2017, to Plaintiffs' counsel. Plaintiffs' counsel was then able to track down the original deficiency notices and determined that although counsel had in fact received the deficiency notices by electronic mail on July 16, both e-mails had been inadvertently deleted before being read.[2]

Importantly, in each of these cases:

- the defendant Bayer Pharma AG received the Complaint by Registered Mail within 90 days;
- the statute of limitations has not expired; and,
- the Plaintiff Fact Sheets were timely filed.

In short, the foreign defendant Bayer Pharma AG has been on notice of Plaintiffs' intent to pursue these cases and no prejudice will result from an extension of time to reserve defendant Bayer Pharma AG by Registered and electronic mail.

---

[1] Defendant's deficiency letter did not indicate that Newsome v. Janssen et al, 2:17-cv-02237, had not been served within 60 days. However, in a separate deficiency letter sent on that same day, (June 16, 2017) Defendant advised that the Newsome complaint had not been served contemporaneously by electronic mail. Upon Plaintiffs' counsel's audit, Plaintiffs' counsel determine that the Newsome complaint was filed on March 18, 2017, and served on June 5, 2017.

[2] As a matter of standard operating procedure The Cochran Firm-Dothan, PC, includes *at least* two recipients (an attorney and paralegal) on all court registrations. This redundancy is a practice designed to prevent inadvertent errors that sometimes occur when dealing with electronic mail (e.g., mail routed to a spam folder, mail inadvertently deleted, etc.). Unfortunately, in this instance, defense counsel's deficiency notices were addressed to only one recipient and were only sent by electronic mail (no hard copy sent by regular mail). Plaintiffs' counsel has requested defense counsel include a paralegal on any future communications sent by e-mail.

**B. LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 4, if a plaintiff shows good cause for failure to serve within the specified time period, the Court can extend the time for service for an appropriate period of time. Notably, Rule 4(m) allows a plaintiff 90 days to serve a defendant after a complaint is filed before dismissal without prejudice is even considered. Alternatively, the courts may issue an order that service be made within a specified time. Fed. R. Civ. P. 4(m). However, this statutory deadline does not generally apply to service in a foreign country. Fed. R. Civ. P. 4(f), 4(h)(2). *See Lozano v. Bosdet,* 693 F.3d 485, 486 (5th Cir. 2012)("Most courts faced with a challenge to the timeliness of foreign service have applied a 'flexible due diligence' standard to determine whether the delay should be excused. This view has been endorsed by the United States Court of Appeals for the Seventh Circuit, by the First Circuit, as well as by many district courts. Judging it the most sound interpretation, the United State Court of Appeals for the Fifth Circuit expressly adopts it.").

Additionally, the court has discretion to decide that a permissive extension is appropriate. *See United States v. Ligas,* 549 F.3d 497, 501 (7th Cir. 2008)(citing *Henderson v. United States*, 517 U.S. 654, 662-63 (1996)). If a plaintiff can establish good cause for failing to serve defendant, the court should allow additional time for service and, even if good cause is lacking, the court has discretionary power to extend time for service. *See Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1991).

Such relief may be warranted by consideration of the "arguments and factors advanced by the plaintiff, and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chicago,* 646 F.3d 1001, 1007 (7th Cir. 2011)(citing *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996)(additional citation

omitted)).  A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998).

In the instant actions, foreign defendant Bayer Pharma AG has suffered no prejudice. Because the Xarelto MDL involves thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances and theories of recovery virtually identical to the lawsuit filed by these Plaintiffs, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein.  The Defendant has been on notice of each of these instant actions through service by mail.  Moreover, in each of the instant cases, the injured plaintiff has filed a Plaintiff's Fact Sheet in a timely fashion (well before the deadlines for those fact sheets), in which each Plaintiff's claims are set out in detail.  Furthermore, the statute of limitations expired in any of the instant cases.

The Court has granted similar relief to other plaintiffs' cases in which the Bayer Defendants have disputed service.  Plaintiffs show that as a matter of law and fact, they were not in "bad faith" in delaying service of the Complaint and Summons and have been diligent in their filings.

C. **CONCLUSION**

Plaintiffs respectfully request an Order from this Court granting 30 days from the date of the Order is entered within which to perfect service of process on foreign defendant Bayer Pharma AG.  No party will be prejudiced nor will any MDL process be adversely affected by granting the relief sought.

Respectfully submitted this the 28th day of July, 2017.

        **THE COCHRAN FIRM-DOTHAN, PC**

        By: /s/ Angela J. Mason
        Angela J. Mason
        AL Bar ASB 8428280A
        Joseph D. Lane
        AL Bar ASB 9991N75J
        J. Farrest Taylor
        AL Bar ASB 5755R5J
        111 E. Main Street
        Dothan, AL 36301
        Phone: (334) 673-1555
        Fax: (334) 699-7229
        E-mail: AngelaMason@CochranFirm.com,
        JoeLane@CochranFirm.com,
        FarrestTaylor@CochranFirm.com
        *Counsel for plaintiffs*

## CERTIFICATE OF CONFERRAL

Undersigned Counsel certifies that on July 27, 2017, Plaintiff's counsel initiated a conferral with defense counsel regarding this matter. Defense counsel was unable to agree to an extension of time.

        By: /s/ Angela J. Mason
        **THE COCHRAN FIRM-DOTHAN, PC**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all counsel of record, on this 28th day of July, 2017.

        By: /s/ Angela J. Mason
        **THE COCHRAN FIRM-DOTHAN, PC**