UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Dora Mingo, et al. v. Janssen Research & Development, LLC et al. | MAGISTRATE NORTH |
| Case No. 2:15-cv-03469 | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE "STRIKETHROUGH" EXHIBITS AND RELATED TESTIMONY**

This is the third time that Plaintiffs have attempted to exclude evidence of the U.S. Food and Drug Administration's ("FDA") "strikethrough" of proposed language in the Xarelto label that would have informed doctors that there is a linear correlation between prothrombin time and plasma concentrations of Xarelto and recommended use of a Neoplastin PT test with Xarelto. In the *Boudreaux* trial, the Court denied Plaintiffs' motion to strike the FDA strikethrough documents from the record and rejected Plaintiffs' request for "an instruction that the defendants are not permitted to address these matters in regards to the FDA strikethrough and the import of that information." *Boudreaux* Trial Tr. 1532:19–24 (Exh. A); *see also id.* at 1533:19–1534:12. Before the *Orr* trial, this Court denied Plaintiffs' motion *in limine* regarding the FDA strikethrough, concluding that it "finds no justification for keeping the evidence out when Plaintiffs contend such label changes should have been made." Doc. 6645 at 7.

Plaintiffs' present Motion seeks to exclude this same evidence for a different – yet equally unavailing – reason. Plaintiffs assert that because the "original email" that Janssen received from FDA in encrypted form has not been produced, the accuracy and authenticity of

FDA's position cannot be properly verified. Plaintiffs' Motion lacks any merit whatsoever. There is more than sufficient evidence to authenticate the email and attached strikethrough document – both of which constitute business and public records under the Federal Rules of Evidence. Specifically, the Janssen employee who received the "original email" has verified the authenticity of the produced documents. What's more, the email and attachment produced by the Janssen Defendants is substantively identical to a certified copy of the email and attached strikethrough document provided by and authenticated by FDA pursuant to a request under the Freedom of Information Act ("FOIA").

Plaintiffs' other argument—that the email and attached strikethrough document are inadmissible hearsay—is equally incorrect. The email and attachment produced by Janssen were admitted as business records under Federal Rule of Evidence 803(4) in both *Boudreaux* and *Orr*, and they are admissible for the same reason in this trial. Similarly, the email and attachment produced by FDA constitute public records pursuant to Federal Rule of Evidence 803(8) because they represent FDA's activities and also were reported by individuals under a legal duty to communicate with the Janssen Defendants. For these and the following reasons, Plaintiffs' Motion is wholly without merit and should be denied.

## STATEMENT OF FACTS

The email at issue was from Tyree Newman, Regulatory Project Manager for the FDA, to Andrea Kollath, with a carbon copy to Sanjay Jalota, and is dated June 13, 2013 at 11:22 a.m. The "subject" line reads, "NDA 22406 FDA label review" and the email states:

> Good morning, Andrea, please see the attached redline version of the label regarding NDA 22406 for review and comments. Please accept changes you agree to and for changes you do not, keep in track changes.
>
> Please provide your response by Thursday, COB, June 16, 2011.

*Orr* DX 5547, 5548 (Exh. B); *Orr*, DX 5221, 5222 (Exh. C).  Attached to the email was a Microsoft Word version of the Xarelto labeling, entitled "NDA 22406 label comments_6 13 11.doc" showing edits in "track changes."  *Id.*  The attachment to Mr. Newman's email – as produced by the Janssen Defendants – shows "track change" edits by the FDA rejecting proposed labeling changes in "Section 12.2 Pharmacodynamics" that there is a linear relationship between prothrombin time and rivaroxaban concentration and recommending use of Neoplastin prothrombin time testing with Xarelto.  *Orr* DX 5548 at 30; *Orr* 5222 at 30.

Pursuant to FDA policies, the original email sent by Mr. Newman to Ms. Kollath and Mr. Jalota was encrypted in a manner that restricted the recipients who could read and access the communication from the FDA.  It also restricted Janssen's ability to produce the document in a readable form.  Upon receipt, Ms. Kollath read the email and then unencrypted the email and attachment and forwarded them, without any edits to the attachment, to Judy Kinaszczuk to be maintained in the normal course of business as a record communication received by FDA.  Kollath Decl. ¶¶ 3-4 (Exh. D); *Orr* DX 5221, 5222.  Although Plaintiffs now claim that Defendants were required to produce the "original email" instead of the unencrypted email forwarded to Ms. Kinaszczuk, FDA's encryption of the "original email" made the document unreadable in the form received.

Contrary to Plaintiffs' assertions, however, there is more than sufficient evidence to authenticate the produced email and attachment.  Specifically, Ms. Kollath, one of the Janssen employees who received the "original email," has verified the authenticity of the produced email and attachment.  *See* Kollath Decl. ¶¶ 3-4.  What's more, the FDA provided a certified copy of the "original" email and attachment as sent to Ms. Kollath and Mr. Jalota, which is substantively identical to the produced documents, on June 26, 2017, in response to a FOIA request.  In

response to the request, David Konigstein, the Consumer Safety Officer, Division of Information Disclosure Policy, Center for Drug Evaluation and Research, U.S. FDA, provided an affidavit stating as follows:

> Attached hereto is a true and correct copy of the June 13, 2011, email communication, with attachment from, Tyree Newman of FDA to Andrea Kollath of Janssen, with the subject entitled "NDA 22406 FDA label review" and including an attachment entitled "NDA 22406 label comments_6 13 11.doc. . . ."

*Mingo* DX 6100 at 2 (Exh. E).  The FDA affidavit further states that the email and attachment are "part of the official records of the United States Food and Drug Administration." *Id.*

The content of the FDA email and attachment are identical to the documents produced by the Janssen Defendants, with the only difference being the form in which the "track changes" appear in the attachment.  The certified copy provided by FDA shows the same "track change" edits based on the settings on Mr. Newman's computer, with "bubble" deletions and comments in the right hand margin of the document.  *Id.* at 18.  The Janssen document reflects the exact same "track change" edits with settings on Ms. Kollath and Mr. Jalota's computers, showing the redline edits embedded in the text itself.  *Orr* DX 5548 at 30; *Orr* DX 5222 at 30.  The substance of the edits are *exactly* the same on both documents – showing FDA's deletion of the language.  *Orr* DX 5548 at 30; *Orr* DX 5222 at 30; Mingo, DX 6100.  The attachments produced by both the Janssen Defendants and FDA show that the following language was <u>stricken</u> from the proposed labeling:

> The relationship between PT and rivaroxaban plasma concentration is linear and closely correlated.  If assessment of the pharmacodynamics effect of rivaroxaban is considered necessary in individual cases, PT (measured in seconds) is recommended.

4

*Orr* DX 5548 at 30; *Orr* DX 5222 at 30; *Mingo* DX 6100 at 18. Accordingly, Plaintiffs' assertions that these documents lack authenticity or accuracy have absolutely no merit whatsoever.

## ARGUMENT

Plaintiffs' primary assertion—that the email and attached strikethrough cannot be authenticated—is incorrect. Defendants, as the proponents of this evidence, need only "produce evidence sufficient to support a finding that the item is what the proponent claims it is." *See* Fed. R. Evid. 901(a). Defendants more than meet that standard, as described above. Moreover, Plaintiff's other assertion—that the documents are inadmissible hearsay—is equally incorrect.

### A. The documents produced by the Janssen Defendants are admissible as business records.

As reflected in the accompanying Declaration of Andrea Kollath (Ex. D), both the email and the attachment received by Janssen from FDA constitute business records that are maintained in the normal course of regularly conducted business activity of the Janssen Defendants. Specifically, the original email – sent by Mr. Newman in encrypted format to Janssen employees pursuant to FDA policies – was received and read by Ms. Kollath and Mr. Jalota and then forwarded, without any edits, in unencrypted format to another Janssen employee, Judy Kinaszczuk, as well as JoAnn Chittenden to be maintained as a business record as part of the GRAIL database – which houses the New Drug Application for Xarelto. Kollath Decl. ¶ 2; *Orr* DX 5547, 5548; *Orr* DX 5221, 5222. That original email could not be processed and produced by Janssen's document vendor because of its encryption, but Janssen has the original document in the form received by FDA. As set forth in the accompanying Declaration of Andrea Kollath, the email and attachment are part of regularly conducted business activity of

Janssen, and documents received by FDA are maintained in the normal course of business as produced in this litigation. Kollath Decl. ¶¶ 3-4.

As such, the email and attachment qualify as business records defined in Federal Rule of Evidence 803(6), which states as follows:

> **(6)** *Records of a Regularly Conducted Activity*. A record of an act, event, condition, opinion, or diagnosis if:
> **(A)** the record was made at or near the time by — or from information transmitted by — someone with knowledge;
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> **(C)** making the record was a regular practice of that activity;
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

The same reasoning supported the admission of the email and strikethrough document in both *Boudreaux* and *Orr*. Dr. Gary Peters in the *Boudreaux* trial and Mr. Jalota in the *Orr* trial testified that the FDA's edits in "track changes" were documents that they received and that are maintained by the company in the normal course of business. Dr. Peters testified that he received an email with edits showing that FDA struck the PT language from the proposed labeling:

> Q. Does this e-mail actually provide, as part of it, what the FDA did to Janssen's suggested language?
>
> A. Yes. The e-mail in the attachment, it says, "See all four attached." This was -- we had submitted our labels, and FDA had provided their comments. They have some comment boxes and they have some changes. And then we need to -- going on from what's not highlighted, we need to accept the changes we agree to; and for changes we do not, keep in track changes. Because this goes back and forth between the company and FDA at this point until the approval and the final label is actually determined.
>
> Q. Okay. Let's turn to page 33 of the attachment, if we could. Are you able to see that, Dr. Peters? Take your time.

> A. I -- yes, I can see that.
>
> Q. All right. Do you see the Section 12.2, "Pharmacodynamics"?
>
> A. Yes, I do.
>
> Q. And there appears to be a strike-through on some of the language. Do you see that?
>
> A. Yes, I do.
>
> Q. Where did that strike-through come from?
>
> A. That strike-through came from FDA.
>
> Q. Let's take a look at the language, then, that the FDA struck out of the label that Janssen proposed. Read along with me.
>
> Now, the language the FDA chose to strike out says, "The relationship between PT and riva plasma concentration is linear and closely correlated. If assessment of the pharmacodynamics effect of rivaroxaban is considered necessary, in individual cases PT (measured in seconds) is recommended."
>
> Is that what the FDA chose to strike out of the Janssen label?
>
> A. Yes, they -- they struck out that part and the parts that follow.
>
> Q. All right. So is there any question in your mind, Dr. Peters, that Janssen proposed language to the FDA about the label about PT and the FDA struck it out?
>
> A. No doubt in my mind at all, no.

*Boudreaux* Trial Tr. 1103:10-1104:23.

In the *Orr* trial, Mr. Jalota also testified to his receipt of the strikethrough changes and accompanying FDA edits in the normal course of business:

> Q. Let's pull up the e-mail Defense Exhibit 21, which is an e-mail first on June 13, 2011, from Tyree Newman at the FDA to Andrea Kollath, your assistant, with a copy to you. Can you identify that e-mail, Mr. Jalota?
>
> A. Yes. That is an e-mail received from Tyree Newman, a project manager at the FDA.

> Q. And can you read this paragraph that begins, "Good morning, Andrea"?
>
> . . . .
>
> Q. And are you going to next show us -- when I pull up the document -- where the FDA struck out the language that we've been talking about in Section 12.2?
>
> A. I will.
>
> Q. And let's please pull that up. Defense Exhibit 22, Section 12.2.
>
> Mr. Jalota, is this the same section in the label that we've looked at earlier that was submitted five times by the company?
>
> A. That is correct.
>
> Q. And so would you please read what has been stricken out?
>
> A. The agency struck out the sentence that was highlighted earlier. "The relationship between PT and rivaroxaban plasma concentration is linear and closely correlated. If assessment of the pharmacodynamic effect of rivaroxaban is considered necessary in individual cases, PT (measured in seconds) is recommended."

*Orr* Trial Tr. 1385:21-1387:2 (Exh. F).

As demonstrated in the Declaration of Andrea Kollath and confirmed through the testimony of Dr. Peters and Mr. Jalota, clearly the email and attachment reflecting the FDA's edits constitutes an event that was recorded by Janssen in the normal course of business. Accordingly, the email and attachment qualify as business records and are admissible.

**B.     The certified copies provided by FDA are admissible as public records.**

Separately, the email and attachment produced by FDA also fall within the public records exception to the hearsay rule set forth in Federal Rule of Evidence 803(8). A record qualifies as a public record if it contains "[a] record or statement of a public office if: (A) it sets out: (i) the office's activities; [or] (ii) a matter observed while under a legal duty to report . . . ." Fed. R.

Evid. 803(8). The email and attachment reflect an act and event of FDA to reject changes to the Xarelto label that use of Xarelto has a linear correlation with plasma concentrations and recommending use of Neoplastin with Xarelto. *E.g.*, *Ellis v. Int'l Playtex, Inc.* 745 F.2d 292, 301 (4th Cir. 1984) (reversing a trial court decision to exclude a Centers for Disease Control scientific/epidemiological report on the grounds that the public records exception would apply and that the report possessed ample indicia of trustworthiness, including that it was written by those highly skilled in the study of epidemiology, uniform scientific procedures and methods were applied, and there was no evidence of partiality of the authors); *Zeneca Inc. v. Eli Lilly & Co.*, No. 99-cv-1452(JGK), 1999 WL 509471, at *3-4 (S.D.N.Y. July 19, 1999) (FDA documents admissible because minutes "were the result of a timely review," the FDA had authority to conduct the review, the investigators had "technical skill and expertise and were unbiased," and the excluding party failed to otherwise demonstrate why or how the minutes were not trustworthy); *Sabel v. Mead Johnson & Co.* 737 F. Supp. 135, 141-42 (D. Mass. 1990) (letter from FDA to manufacturer including labelling recommendations for the manufacturer's consideration was relevant and admissible under public records exception to hearsay rule).

Here, the Affidavit of David Konigstein of FDA confirms that the email and proposed label changes constitute "official records of the United States Food and Drug Administration." *Mingo* DX 6100 at 2. Because the email and attachment reflect an act of the FDA to communicate its position to the Janssen Defendants, the requirements of Rule 803(8) are satisfied and the "official records" of FDA are clearly public records.

## CONCLUSION

For the foregoing reasons, the June 13, 2011 email and attachment containing FDA's edits can be authenticated, and fall within both the business record and public record exceptions to the hearsay rule, and therefore are admissible.

Respectfully Submitted,

BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.

BY: /s/ *Richard E. Sarver*
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com


DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.

By: */s/ Lyn P. Pruitt*
Lyn P. Pruitt
Adria W. Conklin
Benjamin D. Brenner
Mary Catherine Way
MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, AR 72201
Telephone: (501) 688-8800
lpruitt@mwlaw.com
aconklin@mwlaw.com
bbrenner@mwlaw.com
mway@mwlaw.com


WATKINS & EAGER PLLC

By: */s/ Walter T. Johnson*
Walter T. Johnson
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 965-1846
wjohnson@watkinseager.com

Chanda A. Miller
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com


CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**