# EXHIBIT A

**[Page 1102]**

1  A.  I do see my name.

2  Q.  Do you see your name, Gary Peters -- Peters, Gary.  Is

3  that you?

4  A.  Yes, it is.

5  Q.  Do you see the subject line?  Could you read it for us?

6  A.  The screen went blank, but I can read it off the hard

7  copy.

8  Q.  Go off the hard copy.

9  A.  Subject line says, "FDA marked-up version of ORS" -- which

10  is orthopedic surgery -- "USPI" -- which is U.S. package

11  insert -- (NDA22406CR)."

12  Q.  Dr. Peters, did you receive this e-mail in the course and

13  scope of your work at Janssen?

14  A.  Yes, I did.

15      MR. SARVER:  Your Honor, we would offer Defense

16  Exhibit 6009.

17      THE COURT:  Admitted.

18  BY MR. SARVER:

19  Q.  Now, Dr. Peters, could you turn to the actual text of the

20  e-mail at -- I believe it's page 33.

21      Do you see that?

22  A.  The e-mail is the first.  I don't --

23  Q.  Let's go to the e-mail text where it says, "Dear all."

24  A.  Okay.

25  Q.  Do you see that, Dr. Peters?

**[Page 1103]**

1  A.  Yes, I see that.  Yes, that's up on screen now.  Yes.

2  Q.  "Dear all, We received the FDA revisions to our proposed

3  USPI" --

4      Is that U.S. package insert?

5  A.  Yes, that would be those initials.

6  Q.  -- "and container carton and blister pack labels for our

7  review and comments."

8      Do you see that?

9  A.  Yes, I do.

10  Q.  Does this e-mail actually provide, as part of it, what the

11  FDA did to Janssen's suggested language?

12  A.  Yes.  The e-mail in the attachment, it says, "See all four

13  attached."

14      This was -- we had submitted our labels, and FDA had

15  provided their comments.  They have some comment boxes and they

16  have some changes.  And then we need to -- going on from what's

17  not highlighted, we need to accept the changes we agree to; and

18  for changes we do not, keep in track changes.  Because this

19  goes back and forth between the company and FDA at this point

20  until the approval and the final label is actually determined.

21  Q.  Okay.  Let's turn to page 33 of the attachment, if we

22  could.  Are you able to see that, Dr. Peters?  Take your time.

23  A.  I -- yes, I can see that.

24  Q.  All right.  Do you see the Section 12.2,

25  "Pharmacodynamics"?

**[Page 1104]**

1  A.  Yes, I do.

2  Q.  And there appears to be a strike-through on some of the

3  language.

4      Do you see that?

5  A.  Yes, I do.

6  Q.  Where did that strike-through come from?

7  A.  That strike-through came from FDA.

8  Q.  Let's take a look at the language, then, that the FDA

9  struck out of the label that Janssen proposed.  Read along with

10  me.

11      Now, the language the FDA chose to strike out says,

12  "The relationship between PT and riva plasma concentration is

13  linear and closely correlated.  If assessment of the

14  pharmacodynamics effect of rivaroxaban is considered necessary,

15  in individual cases PT (measured in seconds) is recommended."

16      Is that what the FDA chose to strike out of the

17  Janssen label?

18  A.  Yes, they -- they struck out that part and the parts that

19  follow.

20  Q.  All right.  So is there any question in your mind,

21  Dr. Peters, that Janssen proposed language to the FDA about the

22  label about PT and the FDA struck it out?

23  A.  No doubt in my mind at all, no.

24  Q.  I'd like to go to another issue that we need to clear up.

25      Did you attend any meetings with the FDA about

**[Page 1105]**

1  Xarelto, about the Xarelto warning label?

2  A.  Yes, I've been involved with meetings with FDA.

3  Q.  Were some of them by telephone?

4  A.  Yes.  Often we'll have teleconferences -- well, not often.

5  We will have teleconferences with FDA, yes.

6  Q.  I'd like counsel to provide you a copy of Defense

7  Exhibit 5352.

8      Do you have that in front of you, Dr. Peters?

9  A.  Yes, I do.

10  Q.  And what is Defendants' Exhibit 5352?

11  A.  I missed that a little bit.  Could you say that again?

12  Q.  I asked what is the document you have in front of you?

13  A.  The document here is an e-mail from one of our regulatory

14  people, Andrea Kollath.  It's basically forward that's from

15  FDA, project manager at FDA, Tyree Newman, which has a summary

16  of a teleconference we had with FDA.

17  Q.  And before we go on, are you -- did you participate in

18  that teleconference?

19  A.  Yes, I did.

20  Q.  All right.

21  A.  I don't know if you need to know the screen is blank

22  again, but I do have the hard copy.

23  Q.  It's actually blank here too.

24      MR. SARVER:  Jim, is there a way to put that up?

25      THE WITNESS:  I don't know what the jury is seeing,

1531

| | |
|---|---|
| 08:17:20 | 1  plaintiffs' motion. |
| 08:17:23 | 2       MR. NEWSOM:  If I may, Your Honor, just briefly for the |
| 08:17:31 | 3  record.  If you're finished. |
| 08:17:31 | 4       MR. LONGER:  I'm done on that.  I have one more. |
| 08:17:32 | 5       MR. NEWSOM:  Just, Your Honor, for the record, to be |
| 08:17:32 | 6  clear, the preemption-based Rule 50 motion is improper for |
| 08:17:37 | 7  another reason. |
| 08:17:37 | 8       I think, at this point, as Your Honor has |
| 08:17:39 | 9  reiterated time and time again, preemption is a question of law |
| 08:17:44 | 10  for the Court, as we have briefed in summary judgment and on |
| 08:17:47 | 11  our JML motion.  To even entertain a motion at this stage of |
| 08:17:53 | 12  the case that there are insufficient facts to demonstrate |
| 08:17:55 | 13  preemption would be changing the rules after the game has |
| 08:17:59 | 14  begun. |
| 08:17:59 | 15       THE COURT:  Right.  Yes. |
| 08:17:59 | 16       MR. NEWSOM:  So we object even to the entertainment of |
| 08:18:04 | 17  the motion, let alone granting of the motion. |
| 08:18:04 | 18       THE COURT:  Okay. |
| 08:18:04 | 19       MR. NEWSOM:  Thank you, Your Honor. |
| 08:18:04 | 20       THE COURT:  I agree with that. |
| 08:18:05 | 21       MR. NEWSOM:  Yes, sir.  Thank you. |
| 08:18:05 | 22       THE COURT:  Let's go to the -- |
| 08:18:05 | 23       MR. LONGER:  Your Honor -- |
| 08:18:05 | 24       THE COURT:  Yes. |
| 08:18:09 | 25       MR. LONGER:  -- if I may, Fred Longer again. |

*OFFICIAL TRANSCRIPT*

1532

| | |
|---|---|
| 08:18:10 | 1       Plaintiffs have just filed this morning a Motion |
| 08:18:13 | 2  to Strike the FDA Redline Documents, or, in the Alternative, to |
| 08:18:17 | 3  Instruct the Jury to Disregard the Documents and Preclude |
| 08:18:21 | 4  Argument Regarding FDA Actions. |
| 08:18:23 | 5       This is a motion addressing two documents in |
| 08:18:27 | 6  evidence.  It's DX-5548 and DX-6009.  These are the two redline |
| 08:18:37 | 7  documents that Dr. Kessler was interrogated about, as well as |
| 08:18:43 | 8  Dr. Peters. |
| 08:18:45 | 9       It is our position, Your Honor, that these |
| 08:18:48 | 10  documents were improperly admitted, and that their probative |
| 08:18:56 | 11  value is far outweighed by their prejudicial value. |
| 08:19:01 | 12       I raise this -- I understand Your Honor's rulings |
| 08:19:04 | 13  on the jury instructions, as well as what we've just heard in |
| 08:19:08 | 14  regard to the Rule 50 motions.  I raise this as a formality, |
| 08:19:12 | 15  Your Honor, that we would appreciate those documents being |
| 08:19:17 | 16  stricken from the record. |
| 08:19:19 | 17       THE COURT:  Kevin, what's your view of that? |
| 08:19:19 | 18       MR. LONGER:  Excuse me one second. |
| 08:19:26 | 19  ==Your Honor, in the alternative, if they are not== |
| 08:19:30 | 20  ==stricken from the record, we ask that Your Honor give an== |
| 08:19:34 | 21  ==instruction that the defendants are not permitted to address== |
| 08:19:38 | 22  ==these matters in regards to the FDA strikethrough and the== |
| 08:19:45 | 23  ==import of that information, and the jury not be permitted to== |
| 08:19:50 | 24  ==hear the same.== |
| 08:19:50 | 25       Thank you. |

*OFFICIAL TRANSCRIPT*

1533

| | |
|---|---|
| 08:19:59 | 1       MR. NEWSOM:  Your Honor, we discussed this yesterday |
| 08:20:01 | 2  with Your Honor in chambers.  The FDA striking document, while |
| 08:20:05 | 3  to be sure, at this stage of the proceedings, is not a |
| 08:20:08 | 4  preemption related issue, it is certainly relevant. |
| 08:20:12 | 5       The interaction with the FDA, as Your Honor's |
| 08:20:16 | 6  jury charges will instruct the jury, are certainly relevant to |
| 08:20:19 | 7  the defendants' course of conduct, the reasonableness of that |
| 08:20:23 | 8  course of conduct. |
| 08:20:23 | 9       It is a pertinent piece of evidence.  Your Honor |
| 08:20:27 | 10  instructed the jury mid-trial that with respect to the |
| 08:20:30 | 11  relevance of that particular piece of evidence, like all |
| 08:20:33 | 12  evidence, they are the finders of fact, and they can consider |
| 08:20:36 | 13  to what extent they find that document relevant. |
| 08:20:38 | 14       So I think there is no basis to strike that |
| 08:20:40 | 15  document, or to instruct the jury that they are not to consider |
| 08:20:42 | 16  it, or to instruct the lawyers that they are not to discuss it. |
| 08:20:45 | 17       THE COURT:  Okay.  Thank you. |
| 08:20:45 | 18       MR. NEWSOM:  Thank you, Your Honor. |
| 08:20:48 | 19  ==THE COURT:  The plaintiffs make an argument on both== |
| 08:20:52 | 20  ==sides of that issue.  At one time, they take the position that== |
| 08:20:55 | 21  ==the FDA would not have approved any warning, and therefore== |
| 08:21:00 | 22  ==there is no evidence to support that they would or would not== |
| 08:21:00 | 23  ==have approved the warning.== |
| 08:21:10 | 24       ==Well, if the evidence is that they were asked to== |
| 08:21:13 | 25  ==do it, then there's an argument that they would have approved== |

*OFFICIAL TRANSCRIPT*

1534

| | |
|---|---|
| 08:21:16 | 1  ==it.  Whether or not they would have, there's another issue of== |
| 08:21:22 | 2  ==what the intent of the defendant was, whether they had intent== |
| 08:21:28 | 3  ==to try to do something.  That can cut both ways.== |
| 08:21:32 | 4       ==I'm not going to strike the evidence, but I will,== |
| 08:21:36 | 5  ==just as I did before, if that's brought up, I would interrupt== |
| 08:21:40 | 6  ==whoever brings it up, and instruct the jury that this is a== |
| 08:21:44 | 7  ==question of relevance, that it's determinative, and it's up to== |
| 08:21:49 | 8  ==them to give whatever weight they wish to give to it.== |
| 08:21:51 | 9       ==But I'm not going to strike the evidence, and I'm== |
| 08:21:54 | 10  ==not going to tell anybody not to argue, but I do give everybody== |
| 08:21:57 | 11  ==a heads-up that I will be at least instructing the jury if that== |
| 08:22:05 | 12  ==comes up.== |
| 08:22:08 | 13       MR. NEWSOM:  Your Honor, if I may, briefly. |
| 08:22:09 | 14       A proposal for closings.  Rather than Your Honor |
| 08:22:12 | 15  interrupting closings, if that document is to be discussed, |
| 08:22:14 | 16  would it be sufficient if the lawyer discussing it prefaces the |
| 08:22:18 | 17  discussion of it; there will be no discussion of preemption or |
| 08:22:22 | 18  a conclusive nature of that document, but simply that this is a |
| 08:22:27 | 19  relevant piece of evidence for the jury to consider, rather |
| 08:22:30 | 20  than interrupting the flow of the closing? |
| 08:22:31 | 21       THE COURT:  If it time comes in, I'll have to make that |
| 08:22:35 | 22  decision on what I hear. |
| 08:22:40 | 23       MR. NEWSOM:  Yes, sir.  Thank you. |
| 08:22:40 | 24       THE COURT:  Let's go to the jury charges at this time |
| 08:22:41 | 25  then. |

*OFFICIAL TRANSCRIPT*