UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Dora Mingo v. Janssen Research & Development, LLC et al. Case No. 2:15-cv-03469 | MAGISTRATE NORTH |

### DEFENDANTS' PROPOSED PUNITIVE DAMAGES JURY INSTRUCTIONS

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., and Janssen Research & Development, LLC (collectively, "Defendants") submit the following Proposed Punitive Damages Jury Instructions for use *only in the event* that Plaintiff is awarded compensatory damages and the case proceeds to a punitive-damages phase under Mississippi law.

In submitting these proposed instructions, Defendants do not waive or forfeit any objections, concede any liability, or concede the application of Mississippi law to the question of punitive damages, nor do Defendants consent to the submission of punitive damages to the jury for consideration. Defendants reserve all rights to challenge Plaintiff's claim for punitive damages at all appropriate stages of trial.

Defendants reserve the right to supplement and amend these proposed jury instructions and to later submit an appropriate verdict form, based on the Court's rulings before or during trial, and on evidence actually admitted at trial.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C. |
| BY: /s/ *Richard E. Sarver* | By: */s/ Lyn P. Pruitt* |
| Richard E. Sarver | Lyn P. Pruitt |
| Celeste R. Coco-Ewing | Adria W. Conklin |
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | Benjamin D. Brenner |
| 909 Poydras Street, 24th Floor | Mary Catherine Way |
| New Orleans, Louisiana 70112 | MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C. |
| Telephone: (504) 589-9700 | 425 West Capitol Ave., Suite 1800 |
| rsarver@barrassousdin.com | Little Rock, AR 72201 |
| ccoco-ewing@barrassousdin.com | Telephone: (501) 688-8800 |
| | lpruitt@mwlaw.com |
| | aconklin@mwlaw.com |
| DRINKER BIDDLE & REATH LLP | bbrenner@mwlaw.com |
| | mway@mwlaw.com |
| By: /s/ *Susan M. Sharko* | |
| Susan M. Sharko | |
| DRINKER BIDDLE & REATH LLP | WATKINS & EAGER PLLC |
| 600 Campus Drive | |
| Florham Park, NJ 07932-1047 | By: */s/ Walter T. Johnson* |
| Telephone: (973) 549-7000 | Walter T. Johnson |
| susan.sharko@dbr.com | WATKINS & EAGER PLLC |
| | The Emporium Building |
| Rodney M. Hudson | 400 East Capitol Street |
| DRINKER BIDDLE & REATH LLP | Jackson, Mississippi 39201 |
| 50 Fremont Street, 20th Floor | Telephone: (601) 965-1846 |
| San Francisco, CA 94105-2235 | wjohnson@watkinseager.com |
| Telephone: (415) 591-7500 | |
| Rodney.hudson@dbr.com | ARNOLD & PORTER KAYE SCHOLER LLP |
| Chanda A. Miller | By: /s/ *William Hoffman* |
| DRINKER BIDDLE & REATH LLP | William Hoffman |
| One Logan Square, Suite 2000 | ARNOLD & PORTER KAYE SCHOLER LLP |
| Philadelphia, PA 19103-6996 | 601 Massachusetts Ave., NW |
| Telephone: (215) 988-2500 | Washington, D.C. 20001 |
| Chanda.Miller@dbr.com | Telephone: (202) 942-5000 |
| | william.hoffman@apks.com |
| IRWIN FRITCHIE URQUHART & MOORE LLC | Andrew K. Solow |
| | Steven Glickstein |
| By: /s/ *James B. Irwin* | ARNOLD & PORTER KAYE SCHOLER LLP |
| James B. Irwin | |

ii

| | |
|---|---|
| Kim E. Moore<br>IRWIN FRITCHIE URQUHART & MOORE LLC<br>400 Poydras Street, Suite 2700<br>New Orleans, LA 70130<br>Telephone: (504) 310-2100<br>jirwin@irwinllc.com<br><br>*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC* | 250 West 55th Street<br>New York, New York 10019-9710<br>Telephone: (212) 836-8485<br>andrew.solow@apks.com<br>steven.glickstein@apks.com<br><br>BRADLEY ARANT BOULT CUMMINGS LLP<br><br>By: */s/ Lindsey C Boney IV*<br>Kevin C. Newsom<br>Lindsey C Boney IV<br>BRADLEY ARANT BOULT CUMMINGS LLP<br>One Federal Place, 1819 Fifth Avenue North<br>Birmingham, AL 35203-2119<br>Telephone: (205) 521-8803<br>knewsom@bradley.com<br><br><br>CHAFFE MCCALL L.L.P.<br><br>By: */s/ John F. Olinde*<br>John F. Olinde<br>CHAFFE MCCALL L.L.P.<br>1100 Poydras Street, Suite 2300<br>New Orleans, LA 70163<br>Telephone: (504) 585-7241<br>olinde@chaffe.com<br><br>*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG* |

July 28, 2017

**DEFENDANTS' REQUEST NO. 31**
**(Purpose of Punitive Damages)**

In determining whether or not to award punitive damages, you should bear in mind that the purpose of such an award is to punish a wrongdoer and to deter that wrongdoer from repeating its wrongful acts. In addition, such damages are also designed to serve as a warning to others, and to prevent others from committing such wrongful acts.

It is not the purpose of punitive damages to compensate Plaintiff. That purpose is served by the compensatory damages you have already awarded.

Authority:   Adapted from MMJI § 10:13, Fifth Circuit Pattern Jury Instructions (Civil Cases), § 15.7 (2014); Miss. Code Ann. § 11-1-65(1)(e).

GRANTED _____   DENIED _____   MODIFIED _____

WITHDRAWN _____   PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 32
### (Elements of Proof)

Before you can award punitive damages to Plaintiff in this case, you must first find by clear and convincing evidence that the Defendants acted with actual malice, or with gross negligence[1] which evidences a willful, wanton or reckless disregard for the safety of Plaintiff. If you do not find by clear and convincing evidence that the Defendants acted in this manner, then you must not award punitive damages.

Clear and convincing evidence is that weight of proof which produces in your mind a firm belief or conviction as to the truth of the allegations sought to be established. It is evidence so clear, direct, weighty, and convincing as to enable you to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.

The term "malice" refers to a wrongful act done intentionally, without just cause or excuse.

The terms "willful" and "wanton" refer to knowingly and intentionally committing a wrongful act.

Authority: Adapted from MMJI §§ 1:31, 10:15; *McCorkle v. McCorkle*, 811 So. 2d 258, 270 (Miss. Ct. App. 2001); *Dame v. Estes*, 101 So. 2d 644, 645 (Miss. 1958); *Raney v. Jennings*, 158 So. 2d 715, 718 (Miss. 1963).

GRANTED _____     DENIED _____     MODIFIED _____

WITHDRAWN _____     PLAINTIFF'S OBJ _____

---

[1] Defendants object to the imposition of punitive damages based on a finding of "gross negligence" on the grounds that it violates the due process protections guaranteed by the United States Constitution and would result in the taking of property—amounting to a penalty—without due process of law.

5

**DEFENDANTS' REQUEST NO. 33**
**(No Punishment for Negligence)**

You may not award Punitive damages for negligent conduct. Only if you find that Defendants' conduct was committed with actual malice, or with gross negligence which evidences a willful, wanton or reckless disregard for the safety of Plaintiff, may you award punitive damages.

Authority: *Dawson v. Burnette*, 650 F. Supp. 2d 583, 586 (S.D. Miss. 2009); *Poe v. Ash Haulers, Inc.*, No. 1:10CV234-SA-JAD, 2011 WL 2711283, at *3 (N.D. Miss. July 12, 2011); *First Nat. Bank of Jackson v. Olive*, 330 So. 2d 568, 571 (Miss. 1976).

GRANTED _____  DENIED _____  MODIFIED _____

WITHDRAWN \_\_\_\_\_  PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 34
### (Nexus to Plaintiff)

In considering punitive damages in this case you are not to punish the Defendants for any alleged harm to other persons, who are not parties to this case. You may not punish the defendants for conduct that is independent of the acts that allegedly give rise to liability in this case.

Authority: *Philip Morris USA v. Williams*, 549 U.S. 346, 355 (2007); *State Farm Mutual Ins. Co. v. Campbell*, 538 U.S. 408, 422-23 (2003) ("A defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages"); *id*. (holding that it was a violation of due process for court to authorize punitive damages "to punish and deter conduct that bore no relation to the [plaintiffs'] harm.").

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN \_\_\_\_\_        PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 35**
**(Out-of-State Conduct)**

You have heard evidence regarding Defendants' conduct outside the State of Mississippi. You may consider this evidence only for the purpose of determining the blameworthiness of conduct by Defendants that occurred in Mississippi, provided that you find that the out-of-state conduct has a connection with the specific harm sustained by Ms. Mingo. If you find that the Defendants' out-of-state conduct does not have a connection with the specific harm sustained by Ms. Mingo, you may not use any evidence of such out-of-state conduct in determining whether Plaintiff has carried her burden of proof on her punitive damages claim, regardless of whether the conduct was lawful or unlawful.

In any event, you may not use evidence of Defendants' conduct outside of Mississippi to punish Defendants for conduct that was lawful in the State where it occurred and that has no impact on Mississippi or its residents.

Authority:   *State Farm Mutual Ins. Co. v. Campbell*, 538 U.S. 408, 421–24 (2003); *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 572–73 (1996).

GRANTED _____         DENIED _____         MODIFIED _____

WITHDRAWN _____         PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO 36**
**(FDA Approval and Compliance with Industry Standards)**

Xarelto is a prescription drug regulated by the U.S. Food and Drug Administration. In determining whether Plaintiff has carried her burden of proof on her punitive damages claim, you may consider Defendants' compliance with FDA regulations as a factor weighing against punitive damages.

In determining any punitive damage award, you must not include damages for any conduct that complied with federal or state law, was authorized by federal or state law, or was otherwise lawful where it occurred.

In the same way, you may consider industry standards. If you find that Xarelto's warnings and design were in compliance with industry standards, you may consider that as a factor weighing against punitive damages.

Authority: *Union Carbide Corp. v. Nix, Jr.*, 142 So. 3d 374, 391 (Miss. 2014); *Jowers v. BOC Grp., Inc.*, 608 F. Supp. 2d 724, 768 (S.D. Miss. 2009), *vacated and remanded sub nom. on other grounds by Jowers v. Lincoln Elec. Co.*, 617 F.3d 346 (5th Cir. 2010); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421 (2003) ("A State cannot punish a defendant for conduct that may have been lawful where it occurred.")

GRANTED _____ DENIED _____ MODIFIED _____

WITHDRAWN _____ PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 37
### (Genuine Dispute Among Experts)

You have heard conflicting testimony about whether the warnings and instructions for Xarelto were adequate and whether Xarelto's design was defective. If you find that there is a legitimate disagreement among the experts concerning these issues, that is, if you believe that their disagreement about the warnings and design for Xarelto is a reasonable one that simply reflects differences in their professional judgments, then you may not award punitive damages.

Authority: *Satcher v. Honda Motor Co.*, 52 F.3d 1311, 1317 (5th Cir. 1995); *Riley v. Ford Motor Co.*, No. 2:09-CV-148-KS-MTP, 2011 WL 2938107, at *5 (S.D. Miss. July 19, 2011); *AM/PAT Midwest, Inc. v. Illinois Tool Works Inc.*, 896 F.2d 1035, 1044 (7th Cir. 1990); *Berroyer v. Hertz*, 672 F.2d 334, 341-42 (3d Cir. 1982); *ACandS, Inc. v. Asner*, 686 A.2d 250, 265 (Md. 1996); *Loitz v. Remington Arms Co.*, 407, 563 N.E.2d 397, 407 (Ill. 1990).

GRANTED _____   DENIED _____   MODIFIED _____

WITHDRAWN _____   PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 38**
**(Amount – Factors to Consider)**

You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party.

It should be presumed that Plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the Defendants' misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

Punitive damages may be awarded if you have determined: (1) that Plaintiff is entitled to compensatory damages; and (2) Plaintiff has proven by clear and convincing evidence that the Defendants acted with actual malice or gross negligence which evidences a willful, wanton or reckless disregard for the safety of others.

In assessing the amount of punitive damages, if any, which are appropriate, you shall consider, to the extent relevant:

1. The financial condition and net worth of the Defendants.
2. The nature and reprehensibility of the Defendants' wrongdoing, for example, the impact on the Plaintiff, or the relationship of the Plaintiff and the Defendants;
3. The Defendants' awareness of the amount of harm being caused and the Defendants' motivation for causing such harm;
4. The duration of the Defendants' misconduct and whether the Defendants attempted to conceal it;
5. Any other circumstances shown by the evidence that bear on determining a proper amount of punitive damages.

<u>Authority</u>:   Adapted from MMJI § 10:14; Fifth Circuit Pattern Jury Instructions (Civil Cases), § 15.7 (2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN \_\_\_\_\_          PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 39
### (Reprehensibility and Proportionality)

The amount of punitive damages that you award may not be disproportionate to the wrongfulness of the Defendants' conduct. You must consider the degree of blameworthiness, because some wrongful conduct is more blameworthy than others.

Any award of punitive damages also must be reasonable and proportional to the amount of compensatory damages you have awarded.

Authority: *State Farm Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 426 (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575, 578, 580 (1996).

GRANTED _____   DENIED _____   MODIFIED _____

WITHDRAWN \_\_\_\_\_   PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 40**
**(Corporate Status)**

You may not increase the amount of punitive damages you award based on the fact that Defendants are corporations.

Authority: *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 572 (1996); *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994).

GRANTED _____ DENIED _____ MODIFIED _____

WITHDRAWN \_\_\_\_\_ PLAINTIFF'S OBJ _____