# EXHIBIT A

01:05

*This transcript is being delivered unedited and uncertified. It has not been edited, proofread, or corrected. It is a draft transcript and not certified to be true. It may contain computer-generated mistranslations of stenotype code or electronic transmission errors, resulting in inaccurate or nonsensical word combinations, or untranslated stenotype code symbols which cannot be deciphered by nonstenotypists.*

*The realtime unedited transcript shall not be relied upon for purposes of verbatim citation of the record or used for any purpose that requires a certified transcript of a proceeding.*

\* \* \*

```
01:05   1                      PROCEEDINGS
01:05   2                    (July 21, 2017)
01:05   3                        ******
01:05   4
01:05   5           (WHEREUPON, the following proceedings were held in
01:05   6   chambers.)
01:21   7           THE COURT:  Hello, everybody.  Have a seat, please.
01:21   8   Okay.  Does everybody have a seat?  Okay.  All right.
01:21   9               Let's look at the proposed pretrial order first.
01:21  10   Any issue with the documents, the exhibits, the manner in which
01:21  11   both sides, I assume, plan on doing them?  With the exhibits,
01:21  12   it's important for you to kind of give me some heads up on the
01:21  13   exhibits so I can rule on them.  It won't take me long, but I
01:21  14   will rule on them.
01:21  15               The same way with the depositions.  It's helpful
01:21  16   to me to see the depositions that you're going to introduce
01:21  17   into evidence, the objections, I'll rule on them, and I'll
01:22  18   write my rulings in the margin of the deposition and give them
01:22  19   back to you so you'll know what they are.  I'll cite whatever
01:22  20   cases I can think of or rules that I can think of in support of
01:22  21   it, and we'll make that a part of the record.
01:22  22           MR. BIRCHFIELD:  Judge Fallon, on our side, Neil
01:22  23   Overholtz has been spearheading that from the previous
01:22  24   pretrials, and he's doing the same in this trial.  He couldn't
01:22  25   be here today because one of his law partner's dad died
```

01:23  1  of trials, you've given to me 5,000 exhibits, and you've
01:23  2  introduced 30 or 40.  So I don't want to waste my time looking
01:24  3  at 5,000 exhibits if that's all you're going to use.  So let's
01:24  4  just keep that in mind.  If you may or may not use it, give it
01:24  5  to me; but if you know you're not going to use it, don't
01:24  6  exercise me on something like that.
01:24  7            **MS. COCO-EWING:**  Celeste Coco-Ewing.  The plaintiffs
01:24  8  on that, which is the same, was we had in the *Boudreaux* and the
01:24  9  *Orr* case, 24 hours before a witness appears on direct, the
01:24 10  direct exhibits will be exchanged.  The cross will be used in
01:24 11  real time, and objections will be happening in real time.
01:24 12            **THE COURT:**  That's fine.  Right.
01:24 13            Anything in the pretrial that you all see that's
01:24 14  problematic?
01:24 15            **MS. SHARKO:**  We have an issue with the witness list.
01:24 16  The plaintiffs gave us a witness list, I think, on July 7th and
01:25 17  it includes on the will call list two current Janssen
01:25 18  employees, and on the may call list, it includes ten current
01:25 19  and former Janssen employees.  So I met and conferred with Andy
01:25 20  and them and Brian.
01:25 21            And on the will call list, there are two detail
01:25 22  reps.  They are in Mississippi.  Plaintiffs insisted that they
01:25 23  have two instead of one, and I have committed to produce both
01:25 24  of them.  I accepted the subpoenas for them, and we agreed on a
01:25 25  date that they'll testify.

1       But then when you go to the may call list where
2 there's ten more Janssen people, none of whom are in
3 Mississippi, that's a real problem with that many people.  So
4 they seem to have narrowed the list down to six.  Four are
5 current; two are former.
6       Many of these people are on vacation, which is
7 something I warned everybody about going back to the beginning:
8 New Jersey goes on vacation in August.  We will move to quash.
9 But six people remotely and just a lot -- I mean, these people
10 all gave long depositions.  Many of them have had their video
11 shown at trial, designations have been submitted on them.
12       **THE COURT:**  Yes.  What's the other side on that?
13       **MR. BIRCHFIELD:**  Well, Judge, we could narrow it if
14 we knew who would be coming or who would be available.  And so
15 of the two, one of the former employees was, we just learned
16 like last week, that he is now a former employee.  We are
17 attempting to get two of those former employees served.
18 They're being challenging to get served, but we're working on
19 that.
20       If we get them served, then there would be
21 others that we could say we're not going to call them.  But
22 until we know who we're going to have, and you know, we can't
23 say, we can't exclude them.
24       **MS. SHARKO:**  But service isn't the issue.
25       **THE COURT:**  Get with Andy.  If you all can't work it

```
01:27   1   out, file a motion to quash and I'll deal with it.
01:27   2              MS. SHARKO:  So I have -- I mean, we're kind of past
01:27   3   that.
01:27   4              MR. BIRCHFIELD:  Service is an issue though.
01:27   5              MS. SHARKO:  On the four current employees, I have
01:27   6   agreed to accept service.  I've told them when two of them I
01:27   7   think are available.  The other two I haven't been able to get
01:27   8   in touch with.  On the two former employees, they've been
01:27   9   former employees since before the trial, which I told the
01:27  10   plaintiffs back then.  And I told them I learned from their
01:27  11   current employer, both are on vacation the week of August 7th.
01:27  12              If service is the issue, I can talk to the
01:27  13   lawyer for their current employer and ask him to accept
01:28  14   service.  I think we should assume that they can all be served,
01:28  15   and then we really need to narrow it.  It's not fair to have --
01:28  16   I don't think it's fair to have any, but it's not fair to have
01:28  17   six.
01:28  18              THE COURT:  Yes, I agree with that.  We've got to try
01:28  19   to narrow it, Andy.  Get with Susan.
01:28  20              MR. BIRCHFIELD:  So, Judge, if -- I mean, if they
01:28  21   can.
01:28  22              THE COURT:  Yes.  If they can assure you that those
01:28  23   are going to be present, then see what you can do.
01:28  24              MR. BIRCHFIELD:  That's a new development.  So I'll
01:28  25   be glad to discuss that.
```

01:28   1        **MS. SHARKO:**  We're going to move to quash.
01:28   2        **MR. BIRCHFIELD:**  If you're telling me that you can
01:28   3   get service accepted for Moye and Torr, then I can limit it.
01:28   4   We can fight that battle.  I'll be glad to limit those, but I
01:28   5   can't say I'm going to limit it to these three and then not
01:28   6   know whether I can even get them here because they're avoiding
01:29   7   service or we're not teeing up a motion to quash it.
01:29   8        **MS. SHARKO:**  Okay.  So I told Brian this morning that
01:29   9   Moye and Torr are away on vacation the week of August 7th.  I
01:29   10  don't know where they are on the week of August 14th.  I will
01:29   11  ask their company's lawyer to accept service, but then please
01:29   12  let me know today or Monday or over the weekend what the
01:29   13  narrower list is.
01:29   14       **MR. BIRCHFIELD:**  Well, the fact that they wouldn't be
01:29   15  available for our week of trial is a problem.  And so, I mean,
01:29   16  if we can get them served and we can tee up the issue about
01:29   17  whether them being on vacation is a sufficient basis to quash
01:29   18  the subpoena, then once I have an answer on that, then I can
01:29   19  exclude them.
01:29   20            That's where we are -- I mean, Judge, we're at a
01:29   21  place where we believe we need -- we need some company
01:29   22  witnesses.  We think that it is extremely challenging, and
01:29   23  we'll still have to play video depositions, but we would like
01:30   24  to reduce that if we can.  We need a company witness to be able
01:30   25  to address these issues, and we don't intend to call six, but

| | |
|---|---|
| 01:30  1 | we've got to have a pool that we can draw from. |
| 01:30  2 | **THE COURT:** I hear both of you all.  I understand |
| 01:30  3 | what the issue is.  He's going to need some certainty that he |
| 01:30  4 | can get his people here; if not, then he's got to keep it |
| 01:30  5 | fluid.  If you can give him some certainty as to who's going to |
| 01:30  6 | be there, let's limit it.  Six is too many.  There's no |
| 01:30  7 | question about that. |
| 01:30  8 | **MS. SHARKO:** Okay. |
| 01:30  9 | **MS. COCO-EWING:** Your Honor, on the treaters.  There |
| 01:30  10 | were two treaters, Dr. Keith and Dr. Jordan, who are on both |
| 01:30  11 | sides list.  We've talked to the plaintiffs.  They're going to |
| 01:30  12 | issue a trial subpoena.  We agreed there will only be one |
| 01:30  13 | subpoena, but that subpoena will apply for both, and that they |
| 01:30  14 | won't release -- |
| 01:30  15 | **THE COURT:** That's fine. |
| 01:30  16 | **MR. BIRCHFIELD:** They have been served.  And at |
| 01:30  17 | present, we intend to call both of them, but if we were to |
| 01:30  18 | choose not to call, we're not going to release them.  We would |
| 01:31  19 | let them know they would still be under subpoena, just so they |
| 01:31  20 | don't have to be served twice. |
| 01:31  21 | **MS. COCO-EWING:** And if there are issues with |
| 01:31  22 | availability that you hear about, if you would let us know that |
| 01:31  23 | as well. |
| 01:31  24 | **MR. BIRCHFIELD:** Sure. |
| 01:31  25 | **MS. PRUITT:** I think there was a phone call made |