## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

IN RE:  XARELTO (RIVAROXABAN)   MDL No. 2592
**PRODUCTS LIABILITY LITIGATION**

             **SECTION L**

**THIS DOCUMENT RELATES TO:**      **JUDGE ELDON E. FALLON**

**Dora Mingo et al. v. Janssen et al.**    **MAGISTRATE NORTH**
**Case No. 2:15-cv-03469**

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF
### THEIR MOTION TO QUASH SUBPOENAS
### <u>TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A CIVIL ACTION</u>

Defendants submit this Reply brief in support of their Motion to Quash Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action [Doc. No. 7127] to clarify some of the factual allegations made by Plaintiffs in their Opposition [Doc. No. 7158].

 **1.  There is no issue on Service of Process.**

On July 21, 2017, defense counsel advised counsel for Plaintiffs Andy Birchfield how to serve Mr. Moye and Ms. Torr, and thereafter sent this e mail to him two more times:

> I am advised that counsel for Mr. Moye and Ms. Torr will accept service for them with the agreement by you, as with the Janssen employees, that it is subject to all objections and rights to move to quash, and that all rights and objections are reserved, including but not limited to that the Court does not have the jurisdiction to compel these witnesses to testify live by video during the trial. As I told Brian this morning, Mr. Moye and Ms. Torr are away on vacation the week of August 7. Please advise as to this and as to your narrowed list. Counsel for Mr. Moye and Ms. Torr for service subject to this is Jeff Peck, copied here.  Further, this will confirm that you will immediately call off your process servers from chasing Mr. Moye and Ms. Torr.  Thank you.

Plaintiffs mischaracterize the agreement regarding service of the subpoenas to Mr. Moye and Ms. Torr.  Janssen's counsel never stated that they would accept service of those subpoenas. In the July 21st email, Janssen's counsel specifically stated that counsel for Mr. Moye and Ms. Torr would accept service of the subpoenas. *See* Pretrial Conf. Rough Tr. 7:10-11, July 21, 2017

(Exh. A).  Janssen's counsel also told Plaintiffs' counsel over ten days ago that both Mr. Moye and Ms. Torr will be away on vacation the week of August 7th. *Id.* 6:10-11, 7:8-9.  Plaintiff's counsel failed to send the subpoenas to counsel for Mr. Moye and Ms. Torr until July 27th, after Defendants filed their Motion and Janssen's counsel reiterated that counsel for Mr. Moye and Ms. Torr would accept service of the subpoenas.

### 2.  Marketing Witnesses Are Different.

Plaintiffs seek to bring to Mississippi four different marketing witnesses—Ms. Geiger, Mr. Shah, Mr. Moye and Ms. Torr—none of whom are still working directly on Xarelto, and two of whom no longer work for Janssen.  There is no reason to believe that these marketing witnesses' live testimony would be any different from the two-day depositions they have already given.  This is not a situation where depositions were "conducted early in the litigation prior to the emergence of positions reaching final formation." Doc. 7156 at 2.

### 3.  Preplanned Vacations of the Witnesses, None of Whom had Any Notice of the Need to Testify at Trial, Should be Honored.

Most of these witnesses have pre-planned vacations, of which Plaintiffs' counsel has known for weeks.  And Plaintiffs were repeatedly told that many if not most Janssen witnesses would be taking family vacations in August as is customary in New Jersey. *See id.* 5:6-8.  A pre-planned family vacation in and of itself shows undue burden under Rule 45 requiring the subpoenas to be quashed. *See, e.g.*, *Thomas v. Schroer*, No. 2:13-cv-2987, 2016 WL 3636271, at *3 (W.D. Tenn. Jan. 25, 2016) (upholding magistrate judge's ruling that there was an undue burden to require a witness subpoenaed under Rule 45 to attend a deposition and either have to miss part of his family vacation or lose a security deposit).  It must be emphasized that Janssen has already agreed to produce two company witnesses to testify in person in this trial, and has,

should the motion to quash be denied, produced Plaintiffs' counsel with one or more dates for each current employee that do not interfere with family vacation plans.

### 4. Plaintiffs Misstate Their "Offer" to Compromise.

Plaintiffs' response further attempts to make defense counsel seem unreasonable for not accepting their proposal to narrow the list of witnesses to three.  However, Plaintiffs fail to state that they would not agree to narrow their witness list unless Defendants agreed to bring the witnesses, including current and former Janssen employees—all of whom live and work out of state—in person, to testify live in court in Mississippi, notwithstanding important pre-paid family vacation plans and notwithstanding that the Defendants have no control nor right of control over former employees Mr. Moye and Ms. Torr.  In sum, Plaintiffs are not only requesting that the Court attempt to expand its jurisdiction to require witnesses who are outside of the geographical limits of Rule 45 to testify live at trial, but also that defense counsel make these witnesses available on short notice when these witnesses would likely be on vacation during the trial. Thus, the Motion should be granted and the subpoenas should be quashed.

In summary, the dates that the witnesses are on the vacation are as follows: Dr. Wu on July 28-August 7; Mr. Shah the week of August 7th; Ms. Geiger on August 16-21; Mr. Moye the week of August 7th; and Ms. Torr the week of August 7th.  If the motion to quash is denied, here are the dates that the current employee witnesses would be available to testify via videostreaming:  Dr. Wu – on August 10, 17 and 18; Dr. Major – on August 11; Ms. Geiger – on August 7 or 9, but not August 8; and Mr. Shah – on August 16.  As was done in *Boudreaux* and *Orr*, these dates have been provided to Plaintiffs' counsel in an attempt to lessen the burden on the witnesses to the greatest extent possible and we would expect that should any of these witnesses need to testify, it would be on one of these dates.

Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.

BY: /s/ Richard E. Sarver
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com


DRINKER BIDDLE & REATH LLP

By: /s/ Susan M. Sharko
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ James B. Irwin
James B. Irwin
Kim E. Moore

MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.

By: /s/ Lyn P. Pruitt
Lyn P. Pruitt
Adria W. Conklin
Benjamin D. Brenner
Mary Catherine Way
MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, AR 72201
Telephone: (501) 688-8800
lpruitt@mwlaw.com
aconklin@mwlaw.com
bbrenner@mwlaw.com
mway@mwlaw.com


WATKINS & EAGER PLLC

By: /s/ Walter T. Johnson
Walter T. Johnson
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 965-1846
wjohnson@watkinseager.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ William Hoffman
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street

IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen
Pharmaceuticals, Inc. and Janssen Research
& Development, LLC*

New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C. Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com


CHAFFE MCCALL L.L.P.

By: */s/ John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare
Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st of July, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

*/s/ James B. Irwin*