UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| THIS DOCUMENT RELATES TO: | * * | SECTION L |
| *Dora Mingo v. Janssen Research & Development, LLC et al.* Case No. 2:15-cv-03469 | * * * * | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
DR. DAVID TAFT AS AN EXPERT WITNESS AT TRIAL**

MAY IT PLEASE THE COURT:

The bellwether cases in this MDL have proceeded under, and depended upon, Court-ordered deadlines—often, negotiated by counsel for the parties—which have made it possible for both sides to properly prepare the trial presentation of claims and defenses. These deadlines also have enabled the Court to make necessary rulings on a timely basis. A party's disclosure of an expert witness' appearance at trial that comes long after the deadline for doing so, and with less than a week remaining before the start of trial, is therefore self-evidently disruptive of the intended bellwether process, and highly prejudicial to the opposing party's trial preparation activity. This motion follows just such a disclosure by defendants.

1

The trial of this case begins next Monday, August 7; and the deadline for disclosing the expert witnesses who may or will be called at trial was on July7, 2017. *See* CMO 2I (July 13, 2017). It is an agreed-to deadline the defendants have never sought to extend.[1]

Nonetheless, by an email sent at 1:35 p.m. on this past Wednesday, August 2, 2017, plaintiff's counsel were notified for the first time that defendants intend to call Dr. David Taft as an expert witness.[2] Although this expert previously rendered a report, and has been deposed as one of defendants' generic experts in the litigation, defendants have waited until trial is roughly two working days away, to announce that plaintiff's counsel now must prepare both their case, and plan for a cross-examination during defendants' case, based upon the appearance of an expert at this trial which plaintiff's counsel did not and could not anticipate. To impose such last-minute trial preparation on counsel in a critical bellwether trial is as unwarranted as it is prejudicial.

David Taft, PhD. Dr. Taft is a professor of pharmaceutical science and purports to offer opinions in the complex area of pharmacokinetics and pharmacodynamics. To date, the defendants have not called or listed Dr. Taft or any other expert witness to offer opinions in these areas at other bellwether trials. In Mingo, defendants did not provide any notice of their intention (whether "may call" or "intend to call") to call Dr. Taft as an expert witness in Mingo. This out

---

[1] In the pretrial conference herein, held in chambers on July 21, 2017, counsel for defendants, Ms. Pruitt, did suggest that she would undertake to <u>narrow</u> the defendants' witness list upon a further clarification of plaintiffs' design defect claim. Nothing, however, was ever said about adding a new expert to the list. *See* Transcript of 7/21/17 conf. at p. 13 [excerpt attached as Exhibit 1].

[2] The same email also "updated" defendants' trial witness list by adding another expert, Dr. Chris Majors. However, since plaintiff previously had issued a subpoena for Dr. Majors to appear at trial, this addition, albeit untimely, is not the subject of this motion. Plaintiff's counsel are obviously prepared for Dr. Major's trial appearance.

of time identification is prejudicial to plaintiffs because these substantive areas of PK/PD are the most complex substantive areas in the case and plaintiffs have been deprived of any meaningful opportunity to prepare for Dr. Taft's cross-examination over the past several weeks.

Defendants have previously balked that "[a]llowing late discovery in any particular case challenges the certainty that CMOs are intended to provide." Defendants' Joint Memorandum in Support of Motion to Enforce Stipulated Case Management Order at 3-4 (Rec. Doc. 6978-1). Moreover, the Court will recall that in the pretrial conference of July 21, 2017, Ms. Sharko complained about the fact that Plaintiff's counsel had identified too many current and former defendants employees as trial witnesses, suggesting to the Court that, among other things, this would be burdensome for Defendants this close to trial.

Now that the shoe is on their foot, Defendants should be held to account.

District courts are empowered to strike witnesses listed for trial when it is shown that the witness was added beyond the allotted time for doing so, and whose appearance would be prejudicial to the opposing side. As this Court has recognized in a similar instance, allowing one party to "ambush" the other with additional witnesses on witness lists or unexpected testimony on the eve of trial "is totally inconsistent with the purpose of the discovery rules." *Campo v. State Farm Fire & Cas. Co.*, No. 06-2611, 2007 WL 2710817, at *2 (E.D. La. Sept. 12, 2007) (Fallon, J.). *See also Geiserman v. MacDonald*, 893 F. 2d 787, 790 (5th Cir. 1990) ("The court's order striking the late expert witness designation and precluding any expert witness testimony involves both the enforcement of a scheduling order and the enforcement of local rules.").

Defendants have been notified through their liaison counsel that this motion to strike Dr. Taft as a witness would be filed with a request for expedited consideration.

3

For the reasons set forth above, Plaintiff's motion should be granted and Defendants should be precluded from introducing Dr. Taft at trial.

Dated:  August 3, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024
Email:  ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
Email:  gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 3, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

*/s/ Leonard A. Davis*
**LEONARD A. DAVIS**