CLERK'S OFFICE
A TRUE COPY

Aug 07 2017

Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION                              MDL No. 2592

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the actions listed on Schedule A (*Babayan* and *Green*) move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to MDL No. 2592. Defendants Bayer and Janssen oppose the motions to vacate.[1]

After considering the argument of counsel, we find these actions involve common questions of fact with the actions transferred to MDL No. 2592, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Movants do not dispute that their actions share questions of fact with MDL No. 2592. Like many of the already-centralized actions, *Babayan* and *Green* involve factual questions arising from allegations that Xarelto causes severe bleeding and other injuries and that defendants did not adequately warn prescribing physicians or consumers of the risks associated with Xarelto. *See In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402 (J.P.M.L. 2014).

In support of the motions to vacate, plaintiffs argue that their actions were improperly removed and the transferor courts should decide the issues presented in their motions for remand to state court. More specifically, plaintiffs contend that a number of judges in their respective districts have ordered remand of Xarelto and similar product liability cases removed on the same theories invoked by defendants here. Jurisdictional issues do not present an impediment to transfer, as plaintiffs can present these arguments to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Additionally, the Panel does not have the authority to determine the applicability of a judge's remand ruling in one

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, and Bayer Corporation (collectively, Bayer); and Janssen Research & Development, LLC, Janssen Ortho LLC, Janssen Pharmaceuticals, Inc., and Johnson & Johnson (collectively, Janssen).

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so. Here, the transferor court in *Babayan* recently denied plaintiff's remand motion without prejudice and stayed the action.

-2-

case to other arguably similar cases, and thus we regularly order transfer of actions over the objection that remand is required under applicable precedent.[3] Transfer in these circumstances comports with the well-established principle that "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____Sarah Vance_____
Sarah S. Vance
Chair

Charles R. Breyer     Lewis A. Kaplan
Ellen Segal Huvelle     R. David Proctor
Catherine D. Perry

---

[3] *See, e.g., In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, MDL No. 2592, Transfer Order, Doc. No. 1040, at 1 (J.P.M.L. Dec. 7, 2016) (transferring two actions over plaintiffs' objection that judges in the transferor district had "ordered remand of similar cases removed to that district"); *In re: Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, MDL No. 1871, Transfer Order, Doc. No. 1159, at 1 (J.P.M.L. Oct. 2, 2013) (rejecting plaintiffs' argument that "remand of their actions is a foregone conclusion" under the transferee court's remand rulings, noting "we do not have the authority to determine the applicability of a . . . judge's ruling in one case to other arguably similar cases.").

IN RE: XARELTO (RIVAROXABAN) PRODUCTS  
LIABILITY LITIGATION             MDL No. 2592

## SCHEDULE A

                Central District of California

17-cv-7567 L(5)    BABAYAN v. MCKESSON CORPORATION, ET AL., C.A. No. 2:17-02472

                Eastern District of Missouri

17-cv-7568 L(5)    GREEN, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL., C.A. No. 4:17-01403