UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO ALL CASES ON ATTACHED EXHIBIT LIST | : : : | |
| | : | JUDGE ELDON E. FALLON |
| | : : | MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE
REGARDING PLAINTIFFS WITH ALLEGED
<u>CORE PLAINTIFF FACT SHEET DEFICIENCIES</u>**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants") respectfully request that this Court issue an Order to Show Cause regarding plaintiffs on the attached Exhibit A as to why their respective actions should not be dismissed with prejudice for failure to provide one or more of the following: (1) records demonstrating proof of use of Xarelto®; (2) medical records demonstrating the injury alleged; and/or (3) a signed declaration and, thus, have failed to provide the documentation required by paragraph 4 of Case Management Order No. 1, Pretrial Order No. 31, and Sections I and X of the Plaintiff Fact Sheet.

Plaintiffs on the attached Exhibit A have filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Pursuant to paragraph 4 of Case Management Order ("CMO") No. 1 and Sections I and X of the Plaintiff Fact Sheet ("PFS"), all plaintiffs are required to produce prescription and/or pharmacy records demonstrating use of Xarelto® with submission of their PFS, as well as medical records demonstrating an alleged injury. Finally, a signed declaration is required to verify the

1

information contained in and documents attached to the Plaintiff Fact Sheet. Without one or more of these items, the PFS is deemed to have a core deficiency.

The most basic elements of any products liability case include the proof of use of the product that allegedly caused the plaintiff's alleged injury, as well as the damage allegedly caused by the use of the product. For example, under the Louisiana Products Liability Act, a plaintiff must establish: "(1) that the defendant is a manufacturer of the product; (2) that the [plaintiff's] damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that the [plaintiff's] damage arose from a reasonably anticipated use of the product by the [plaintiff] or someone else." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 260- 61 (5th Cir. 2002) (quoting La. Rev. Stat. Ann. § 9:2800.54(A)). Without proof that plaintiff used the product that allegedly caused his or her injury—as well as proof of the alleged injury itself—plaintiff certainly cannot show that any damage was proximately caused by a characteristic of the product and that this damage arose from a reasonably anticipated use of the product. And verification of the information contained in and documents attached to the Plaintiff Fact Sheet is required for plaintiff to proceed with his or her claim. Therefore, any plaintiff who fails to provide (1) records demonstrating proof of use of Xarelto®; (2) medical records demonstrating the injury alleged; and/or (3) a signed declaration cannot maintain a products liability action against the defendants in this case.

Plaintiffs on the attached Exhibit A have failed to provide at least one of the foregoing items as required by paragraph 4 of Case Management Order No. 1 and Sections I and X of the Plaintiff Fact Sheet. Those plaintiffs should be ordered to show cause at 10:30 a.m. on August 24, 2017, before the Court as to why their case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/*Andrew Solow*
Andrew K. Solow
Steve Glickstein
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
andrew.solow@apks.com
steven.glicksten@apks.com

*Counsel for Defendants Bayer Healthcare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *James B. Irwin*
    James B. Irwin
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    jirwin@irwinllc.com

    *Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 9, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**