**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  XARELTO (RIVAROXABAN)                   MDL No. 2592
PRODUCTS LIABILITY LITIGATION

                                                                      SECTION L

THIS DOCUMENT RELATES TO:                       JUDGE ELDON E. FALLON

Dora Mingo v. Janssen Research &
Development, LLC et al.                                      MAGISTRATE NORTH
Case No. 2:15-cv-03469

<u>**DEFENDANTS' FIRST AMENDED PROPOSED JURY INSTRUCTIONS**</u>

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., and Janssen Research & Development, LLC (collectively, "Defendants") submit the following First Amended Proposed Jury Instructions in the above-captioned case. These submissions are based on Mississippi substantive law and Fifth Circuit procedural law.  The proposed instructions are also based on the prior rulings of this Court, and Defendants reserve the right to supplement and amend these proposed jury instructions, and to later submit a proposed verdict form, based on the Court's subsequent rulings before or during trial, and on evidence actually admitted at trial.

The First Amended Proposed Jury Instructions differ from Defendants' Proposed Jury Instructions only as to Defendants' Request Nos. 12 and 23.  Those Requests are withdrawn and superseded by the corrected Requests submitted here.

Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN &          MITCHELL, WILLIAMS, SELIG,
SARVER, L.L.C.                                                            GATES & WOODYARD, P.L.L.C.

BY: /s/ Richard E. Sarver                                       By: /s/ Lyn P. Pruitt
Richard E. Sarver                                                    Lyn P. Pruitt

Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN &
SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com


DRINKER BIDDLE & REATH LLP

By: /s/ Susan M. Sharko
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ James B. Irwin
James B. Irwin
Kim E. Moore
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

Adria W. Conklin
Benjamin D. Brenner
Mary Catherine Way
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, AR  72201
Telephone: (501) 688-8800
lpruitt@mwlaw.com
aconklin@mwlaw.com
bbrenner@mwlaw.com
mway@mwlaw.com


WATKINS & EAGER PLLC

By: /s/ Walter T. Johnson
Walter T. Johnson
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 965-1846
wjohnson@watkinseager.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ William Hoffman
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

*Attorneys for Defendants Janssen
Pharmaceuticals, Inc. and Janssen Research
& Development, LLC*

By: */s/ Lindsey C Boney IV*
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
lboney@bradley.com


CHAFFE MCCALL L.L.P.

By: */s/ John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare
Pharmaceuticals Inc. and Bayer Pharma AG*


August 10, 2017

## DEFENDANTS' REQUEST NO. 1
### (Preliminary Charge)

Members of the jury:

You have now heard all the evidence in the case as well as the final argument.  It is my duty to instruct you on the law you must follow and apply in arriving at your decision in this case.

In any jury trial, there are, in effect, two judges: I am one of the judges; the other is you the jury.  It is my duty to preside over the trial and to determine what testimony and other evidence is admissible under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to the case.

You, as jurors, are the judges of the facts; but in determining what actually happened in this case—that is, in reaching your decision as to the facts—it is your sworn duty to follow the law I am now in the process of defining for you.

You should consider all of the instructions about the law as a whole. You have no right to disregard or give special attention to any one instruction or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token, it is also your duty to base your verdict solely upon the testimony and other evidence in the case without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less from you.

<u>Authority</u>:      Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.1 (2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 2**
**(Corporations Equal before the Law)**

      This case should be considered and decided by you as an action between persons of equal standing in the community and of equal worth.  A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Authority:     Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.16 (2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 3
### (Evidence)

As I stated earlier, it is your duty to determine the facts. In so doing, you must consider only the evidence I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted into the record.

Any statements, objections, or arguments by the lawyers are not evidence in the case. The function of the attorneys is to point out those things that are most significant or most helpful to their side of the case and, in so doing, to call your attention to certain facts or inferences that they are particularly concerned that you, the jury, recall. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case. What the lawyers say is not binding upon you.

Also, during the course of the trial, I may have occasionally made a comment to a lawyer or perhaps asked a question of a witness or admonished the witness concerning the manner in which he or she should respond to the question. Do not assume from anything I may have said that I have any opinion concerning any of the facts of this case. In arriving at your finding as to the facts, you should disregard anything that I may have said during the trial except, of course, my instructions to you on the law.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict because you, the jury, are indeed the sole judges of the facts in this case.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and the exhibits as you feel are justified in the light of your common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and the evidence in this case.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists.  As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Authority:    Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), §§ 3.1; 3.3 (2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 4**
**(Charts and Summaries)**

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the records and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

Authority:    Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.7 (2014).

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 5**
**(Witnesses)**

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony and in determining the credibility of any witness, you may consider the conduct of the witness, the way he or she behaves on the witness stand, his or her personal feelings as demonstrated by his or her testimony and his or her actions, any interest he or she may have in the outcome of the case, and any prejudice or bias he or she may have shown.  You must give the testimony of each witness the credibility that you think it deserves.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

<u>Authority</u>:      Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.4 (2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 6**
**(Impeachment by Witness's Inconsistent Statements)**

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

If a witness is shown to have testified falsely concerning any material matter, you, the jury, have a right to distrust such witness's testimony on other matters, and you may distrust all of the testimony of that witness.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority:    Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.11 (2014); *see also* Transcript of Record at 2649-50, *Barnett v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-485 (E.D. La. 2006) (Ex. 1); Transcript of Record at 3145, *Dedrick v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-2545 (E.D. La. 2006) (Ex. 2); Transcript of Record at 2733, *Mason v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-810 (E.D. La. 2006) (Ex. 3); Transcript of Record at 3016, *Smith v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-4379 (E.D. La. 2006) (Ex. 4).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 7**
**(Expert Witnesses)**

When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. Such witnesses have testified in this case. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound or that the opinion is outweighed by other evidence, then you may disregard that opinion entirely.

In deciding whether to accept or to rely upon the opinion of an expert witness, you, the jury, may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has a financial, philosophical, or other interest in the outcome of the case.

Authority:    Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.5 (2014); Transcript of Record at 2650-51, *Barnett v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-485 (E.D. La. 2006) (Ex. 1); Transcript of Record at 3146, *Dedrick v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-2545 (E.D. La. 2006) (Ex. 2); Transcript of Record at 2734-35, *Mason v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-810 (E.D. La. 2006) (Ex. 3); Transcript of Record at 3017-18, *Smith v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-4379 (E.D. La. 2006) (Ex. 4).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 8**
**(Deposition Testimony)**

Certain testimony has been presented to you through a deposition.  A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial.  Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition.  Sometime before this trial, attorneys representing the parties in this case questioned the witness under oath.  A court reporter was present and recorded testimony.  The questions and answers have been shown to you during the trial.  This deposition testimony is entitled to the same consideration and is to be weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

Authority:     Fifth Circuit Pattern Jury Instructions (Civil Cases), § 2.13 (2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 9**
**(Objections to Evidence)**

During the trial, you will have heard objections to evidence. Sometimes, I have conducted hearings on objections outside of your presence.

It is the Court's duty to be fair to both sides. If any instruction, ruling, or statement by the Court seems to indicate to you that the Court has an opinion about this case or any particular fact, such indication would be false and you must disregard it. You are the sole judges of the facts of the case, and of the weight that will be assigned the testimony and supporting evidence, and of the credibility of each witness.

The production of evidence is governed by rules of law, and from time to time during the trial I have ruled on the admissibility of evidence. You are to disregard all evidence excluded by the Court and must not concern yourself with the reasons for the Court's rulings because they are controlled by rules of law. You should not speculate as to possible answers to questions which the Court did not require be answered, and you should not draw any inference from the content of those questions.

<u>Authority</u>:     Adapted from MMJI §§ 1:3, 1:13.

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 10**
**(Notes)**

You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

<u>Authority</u>:      Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.7 (2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 11
### (Introduction to Claims)

This lawsuit arises out of Dora Mingo's use of a prescription medicine called Xarelto. Ms. Mingo contends that her use of Xarelto caused her to suffer a bleeding event, and she seeks a monetary award for damages that she claims resulted from that event. Ms. Mingo asserts two separate theories of liability. First, she alleges that Xarelto was sold with inadequate warnings. Second, she alleges that Xarelto had a defective design.

The Defendants deny these allegations. They contend that Xarelto's warnings to Ms. Mingo's doctor were adequate, and that any alleged inadequacy in the warning did not cause Ms. Mingo's injury. They further contend that Xarelto's design was not defective, and that any alleged defect did not cause Ms. Mingo's injury.

Although Ms. Mingo's two theories of recovery have been tried together, they are separate from one another, and each party is entitled to have you separately consider the two claims. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, just as you would be doing if each claim had been tried to you separately.

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 12 (CORRECTED)[1]
### (FDA Approval)

The FDA approved the design and dose of Xarelto and its label.  You may consider this fact in weighing the evidence in this case in determining the liability of the Defendants.  In particular, you may consider Defendants' compliance with FDA regulations as some evidence that Xarelto's label provided an adequate warning and that Xarelto's design was not defective.

However, FDA approval, although relevant, does not necessarily absolve the Defendants of all liability; it does not necessarily establish that the warnings or instructions provided with the drug were adequate under Mississippi law, or that the drug's design was non-defective.  Any action or inaction on the part of the FDA, though relevant, does not foreclose a claim under Mississippi law.  More specifically, you may give weight to FDA's review and approval of the design and dosage of Xarelto and its label.  You may consider that evidence, but under the law it is not conclusive; that is for you to decide.  Even if the Defendants have met all the appropriate standards for FDA approval and governmental regulations and requirements to obtain FDA approval, this compliance and approval, though relevant, is not necessarily sufficient to conclusively establish that the Defendants have taken the steps necessary under the law applicable to this case.  If you find that Xarelto should have been designed differently or that the Defendants failed to apprise the prescribing physician of appropriate testing to address risks that Defendants knew or should have known prior to FDA approval of Xarelto or became known after the FDA approved Xarelto's label, then FDA approval of the drug, though relevant, is not conclusive.

---

[1] Defendants inadvertently submitted an incomplete version of Request No. 12 in their Proposed Jury Instructions. That inadvertent submission is hereby withdrawn and superseded by Defendants' Request No. 12 (Corrected).

It is for you, the jury, to decide, based on the evidence presented in this case, how much weight to give the fact that FDA approved Xarelto and its label, in determining whether Defendants satisfied their duties under Mississippi law.

Authority:     Jury Instructions, *Boudreaux v. Janssen et al*, No. 14-2720, at 22–23 (Doc. 6393).
21 U.S.C. § 355; 21 C.F.R. § 314.105; 21 C.F.R. § 314.125; *Union Carbide Corp. v. Nix, Jr.*, 142 So. 3d 374, 387 (Miss. 2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 13
### (Unavoidably Unsafe Products)

Prescription drugs often cause unwanted side effects despite the fact that they have been carefully designed and properly manufactured. The law deems such products "unavoidably unsafe," but they are not defective, nor unreasonably dangerous, if they include adequate warnings instructions for the safe use of the drug.

Authority:   *Swayze v. McNeil Labs.*, 807 F.2d 464, 467-68 (5th Cir. 1987); Transcript of Record at 1642, *Boudreaux v. Janssen Research & Dev., et al. (In Re Xarelto (Rivaroxaban) Prods. Liab. Litig.)*, No. 14-2720 (E.D. La. 2017) (Ex. 5); *see also* Transcript of Record at 2656–57, *Barnett v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-485 (E.D. La. 2006) (Ex. 1); Transcript of Record at 3151, *Dedrick v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-2545 (E.D. La. 2006) (Ex. 2); Transcript of Record at 2740, *Mason v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 06-810 (E.D. La. 2006) (Ex. 3); Transcript of Record at 3023, *Smith v. Merck & Co.* (*In Re Vioxx Prods. Liab. Litig.*), No. 05-4379 (E.D. La. 2006) (Ex. 4).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 14**
**(No Inference from Filing Suit)**

The fact that the Ms. Mingo brought a lawsuit and is in court seeking damages creates no inference that she is entitled to a judgment.  Anyone may make a claim and file a lawsuit.  The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Authority:     Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.6 (2014).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 15**
**(Burden of Proof)**

The burden of proof is on the Plaintiff to prove the material elements of her claims by a preponderance of the evidence.  To establish a claim by a preponderance of the evidence means to prove the claim is more likely true than not true.

In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of the witnesses and any exhibits admitted into evidence.  If the proof fails to establish any essential element of any of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

It is your duty to determine the facts and to determine them from the evidence produced in open court.  You are to apply the law to the facts and in this way decide the case.  You should not be influenced by bias, sympathy, or prejudice.  Your verdict should be based on the evidence and not upon speculation, guesswork or conjecture.

<u>Authority</u>:     Adapted from MMJI §§ 1:3, 1:5, 1:28, 1:30.

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 16
### (Medical Causation)

The mere fact that a person may have been injured, standing alone, does not permit you, the jury, to draw any inference that such injuries were caused by the Defendants. To recover for failure to warn or design defect, the Plaintiff must prove by a preponderance of the evidence that Xarelto was the medical cause-in-fact of her injury. Such a product is a medical cause if the harm would not have occurred without the product's use. To prove medical causation, it is not sufficient simply to prove that Ms. Mingo was taking Xarelto at the time of her injury. If Ms. Mingo does not prove that her bleeding event would not have occurred without use of Xarelto, the Defendants cannot be held liable.

Authority:    Miss. Code Ann. § 11-1-63(a) ("The manufacturer, designer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that . . . [t]he defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought."); *Cather v. Catheter Tech. Corp.*, 753 F. Supp. 634, 640 (S.D. Miss. 1991) ("Plaintiff has placed no evidence . . . that indicates any possible cause of the pneumonia and blood clotting. Consequently, the record is devoid of any proof that the Groshong catheter was in any way the cause of any injury that Plaintiff alleges he has suffered.").

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 17**
**(Preexisting Condition)**

Defendants are not responsible for any physical or mental condition Plaintiff may have had prior to taking Xarelto, nor any condition that is not a result of taking Xarelto.  You may, however, consider whether Plaintiff has or had any physical or mental condition aggravated by taking Xarelto.

<u>Authority</u>:      Adapted from MMJI § 10:4.

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

### DEFENDANTS' REQUEST 18
### (Liability Based on Inadequate Warning)

I will now discuss the law specifically governing the Plaintiff's claim that Xarelto had an inadequate warning about its potential risks.  In order to succeed on such a claim, the Plaintiff must prove by a preponderance of the evidence that at the time Xarelto left the Defendants' control:

1.  The Defendants knew, or reasonably should have known that, Xarelto had a dangerous characteristic; and

2.  Xarelto failed to contain adequate warnings or instructions to the Plaintiff's prescribing physician, Dr. Renie Jordon, regarding its dangerous characteristic; and

3.  The absence of adequate warnings or instructions made Xarelto unreasonably dangerous; and

4.  The injury Ms. Mingo suffered was proximately caused by the allegedly inadequate warnings or instructions.


Authority:      Adapted from MMJI § 16:4; Miss Code Ann. § 11-1-63; *Dependable Abrasives,*
                *Inc. v. Pierce*, 156 So. 3d 891, 896 (Miss. 2015).


GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 19
### (Learned Intermediary Doctrine)

Mississippi applies the "learned intermediary" doctrine to products liability cases involving an alleged failure to warn of the risks of prescription medicines.  A drug manufacturer generally has no obligation to warn consumers directly of any risks associated with a medicine.  This is because prescribing physicians generally are in a superior position to evaluate the warning and instruction, and can provide an independent medical decision as to whether use of the drug is appropriate for a particular patient.  A manufacturer's obligation to the consumer is fulfilled when the prescribing physician, in this case, Dr. Renie Jordon, is informed of any potential side effects or risks from the drug's use so that he may intelligently decide on its use.  The prescribing doctor acts as an informed intermediary, and the decision to use a particular drug in a particular circumstance rests with the prescribing doctor, not with the manufacturer.

Authority:    *Wyeth Labs., Inc. v. Fortenberry*, 530 So. 2d 688, 691 (Miss. 1988) ("We hold that the drug manufacturer has a duty to adequately warn the prescribing physician of any known adverse effects which might result from use of its prescription drugs."); *see also Thomas v. Hoffman-LaRoche, Inc.*, 949 F.2d 806, 811 (5th Cir. 1992) ("Mississippi follows the learned intermediary doctrine. Under this doctrine, the manufacturer's failure to warn the patient . . . does not render the product defective or unreasonably dangerous so long as the manufacturer adequately warns the learned intermediary."); *Cross v. Forest Labs.*, 102 F. Supp. 3d 896, 903 (N.D. Miss. 2015) ("[C]ourts have held that ordinarily a drug manufacturer owes a duty to the prescribing physician and not the patient.").

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 20
### (Definition of Adequate Warning)

When I use the term "adequate warning," I mean a warning or instruction that a reasonably prudent manufacturer in the same or similar circumstances would have provided with respect to the danger and that communicates sufficient information on the dangers and safe use of the product, taking into account the characteristics of, and the ordinary knowledge common to, a physician who prescribes the drug.

An adequate warning does not have to be perfect, only reasonable under the circumstances. You should consider whether Xarelto's warning was reasonable, not whether it was the best possible warning.  A warning is adequate if it warns of the risk that Plaintiff alleges claims gives rise to his or her injury.

Authority:    Miss. Code Ann. § 11-1-63(c)(2); *Janssen Pharmaceutica, Inc. v. Bailey*, 878 So. 2d 31, 55 (Miss. 2004) ("An adequate warning is one reasonable under the circumstances."); *Cather v. Catheter Tech. Corp.*, 753 F. Supp. 634, 640 (S.D. Miss. 1991) ("A warning may be held adequate as a matter of law where the adverse effect that was ultimately visited upon the patient was one that the manufacturer specifically warned against.").

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 21
### (Proximate Cause -- Warning)

To recover for failure to warn, the Plaintiff must prove by a preponderance of the evidence that an inadequate warning itself—in addition to the medication—was the proximate cause of her injury.  When I say "proximate cause," I mean that the Plaintiff must prove by a preponderance of the evidence that, if a different warning had accompanied Xarelto, then Dr. Jordon would have changed his decision to prescribe Xarelto and Ms. Mingo would not have suffered her injury.  If Dr. Jordon was already aware of the risk, then you must find the Defendants not liable for failure to warn.

Authority:    *Thomas v. Hoffman-LaRoche, Inc.*, 949 F.2d 806, 812 (5th Cir. 1992) (holding that plaintiff must prove that a different warning would have convinced physician "not to prescribe the product for the plaintiff"); *Cross v. Forest Labs.*, 102 F. Supp. 3d 896, 903 (N.D. Miss. 2015) (holding that plaintiff must prove that a different warning would have altered the "decision to prescribe"); *Deese v. Immunex Corp.*, No. 3:11-CV-373-DPJ-FKB, 2012 WL 463722, at *5 (S.D. Miss. Feb. 13, 2012) (holding that plaintiff must prove that a different warning "would have kept [the] physician from prescribing" the drug).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 22**
**(Off Label)**

Plaintiffs have alleged that the Xarelto label should have instructed physicians to use a

Neoplastin Prothombin Time test with Xarelto, which would be considered an "off label" use of

the Neoplastin Prothrombin Time test.  The term "off label" is defined by federal law and means

that the FDA has not approved the product for this use.  The Neoplastin Prothrombin Time test is

not a product of the Defendants.  The fact that the FDA has not approved this test for use with

Xarelto is not a basis for finding liability against the Defendants.

Authority:        *Buckman Co. v. Pls.' Legal Comm.*, 531 U.S. 341, 350 (2001).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 23 (CORRECTED)[2]
### (Liability Based on Design Defect)

I will now discuss the law specifically governing the Plaintiff's claim that Xarelto was defectively designed.   In order to succeed on such a claim, the Plaintiff must prove by a preponderance of the evidence that at the time of FDA's first approval of Xarelto on July 1, 2011:

1. Xarelto was defectively designed; and

2. Xarelto's design made the drug unreasonably dangerous; and

3. The Defendants knew, or reasonably should have known, of Xarelto's dangerous condition, and

4. Xarelto failed to function as expected, and

5. There was a feasible alternative design to Xarelto that would have prevented the Plaintiff's harm without impairing the utility, usefulness, practicality, or desirability of Xarelto; and

6. The defective design proximately caused the Plaintiff's injury.

Authority:    Adapted from MMJI § 16:2; Miss. Code Ann. § 11-1-63; *A.K.W. ex rel. Stewart v. Easton Bell Sports, Inc.*, 454 F. App'x 244, 247 (5th Cir. 2011); *See also* Order & Reasons dated July 21, 2017 (Doc. 7110) (following *Guidry v. Janssen Pharms., Inc.*, 206 F. Supp. 3d 1187, 1206 (E.D. La. 2016), which distinguished between pre-approval design claims that the *Guidry* court held not preempted and post-approval design claims which the *Guidry* court held preempted).

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

---

[2] Request No. 23 in Defendants' Proposed Jury Instructions is hereby withdrawn and superseded by Defendants' Request No. 23 (Corrected).  This corrected Request takes into account the Court's preemption decision.

**DEFENDANTS' REQUEST NO. 24**
**(Proximate Cause -- Design)**

To recover for design defect, the Plaintiff must prove by a preponderance of the evidence that Xarelto's design was the proximate cause of her injury.  When I say "proximate cause," I mean that the Plaintiff must prove that if Xarelto had been designed differently, Ms. Mingo would not have suffered her injury.


Authority:      *Berry v. E-Z Trench Mfg., Inc.*, 772 F. Supp. 2d 757, 760 (S.D. Miss. 2011).


GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 25
### (Damages—General Instruction)

If you decide that the Plaintiff has established the other elements of her case by a preponderance of the evidence, you must decide whether the Plaintiff has been damaged and, if so, the amount of damage.

Damages is a word which expresses in dollars and cents the injury sustained by the Plaintiff.  You must confine your verdict to reasonable compensation for the injuries the Plaintiff actually sustained as a result of taking Xarelto.  If the cause of the injury is reasonably probable, you may reasonably estimate the damages, and the estimate is within your discretion.  Exercise your discretion as to the amount of damages reasonably, intelligently, and in harmony with the evidence of the case and the Court's instructions.

If your verdict is for the Plaintiff in this case, you may consider the following factors to determine the amount of damages:

1.  Past, present, and future physical pain and suffering and resulting mental anguish and loss of enjoyment of life;

2.  Reasonable and necessary medical expenses already incurred and those which are reasonably probable to be incurred in the future;

3.  Lost wages.

The Plaintiff's reasonable compensation, if any, does not include attorney's fees and does not include any monetary award that constitutes a penalty against the Defendants.

Like the other parts of the Plaintiff's case, damages must be established by a preponderance of the evidence.  This means that the Plaintiff must show her damages with reasonable probability both as to their nature and as to their cause.  Although she does not need to prove her damages

with absolute certainty, the Plaintiff must prove that her damages are more likely true than not true.

The fact that I have given you this instruction on the law of damages does not in any way imply or suggest that I feel or do not feel that any damages are due in this case.  Whether or not to award damages is for you to decide.

<u>Authority</u>:      Adapted from MMJI §§ 10:1, 10:4, 10:5.

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 26**
**(Statements by Counsel as to Damages)**

Statements of any attorney in this case as to his or her estimate of dollar amounts to be awarded for any claims, such as pain and suffering or similar claims, are intended to help you understand the evidence and apply the law, but they are not evidence.  If any remark of an attorney has no basis in evidence, then you must disregard it.  The determination of damages is solely your function, and your decision must be based upon the evidence, and not upon figures suggested by an attorney.

Authority:    Adapted from MMJI §§ 1:3, 10:5.

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 27**
**(Medical Expenses)**

In determining any award that you might make for medical expenses, you should consider the evidence to decide the reasonable value or expense of medical, nursing, and hospital care and treatment reasonable and necessary for Ms. Mingo's condition.

<u>Authority</u>:      Adapted from MMJI §§ 10:3, 10:5.

GRANTED _____        DENIED _____        MODIFIED _____

WITHDRAWN _____        PLAINTIFF'S OBJ _____

## DEFENDANTS' REQUEST NO. 28
### (Mental Anguish)

The law recognizes that a plaintiff may suffer mental anguish as a result of an incident, in addition to physical pain and suffering.  You may consider mental anguish, if any, as part of the damages, if any, you award.

However, to recover such damages the Plaintiff must have presented substantial proof of demonstrable harm.  Substantial proof means something more than just testimony that the Plaintiff has worried, has been depressed, or has experienced loss of sleep.


Authority:     *Adams v. U.S. Homecrafters, Inc.*, 744 So. 2d 736, 744 (Miss. 1999); *Morrison v. Means*, 680 So. 2d 803, 807 (Miss. 1996); *Evans v. Mississippi Dep't of Human Servs.*, 36 So. 3d 463, 476 (Miss. Ct. App. 2010).


GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 29**
**(Comparative Fault)**

If you find that someone other than the Defendants failed to take reasonable steps to prevent Ms. Mingo's injury, and that any such failure was a proximate contributing cause of Ms. Mingo's injury, then you must determine the percentage of fault for Ms. Mingo's injury that is attributable to that person.

<u>Authority</u>:      Adapted from MMJI § 14:8; Miss. Code Ann. § 85-5-7.

GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____

**DEFENDANTS' REQUEST NO. 30**
**(Duty to Deliberate)**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong.  But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes.  You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous.  After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it.  After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer.  After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom.  Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.


<u>Authority</u>:     Adapted from Fifth Circuit Pattern Jury Instructions (Civil Cases), § 3.7 (2014).


GRANTED _____          DENIED _____          MODIFIED _____

WITHDRAWN _____          PLAINTIFF'S OBJ _____