# EXHIBIT A

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
для the
Eastern District of Louisiana

| IN RE: XARELTO (RIVAROXABAN) LITIGATION | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  MDL No. 2592 |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO APPEAR AND TESTIFY
### AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Dr. Stephen Keith, 300 Rawls Drive, Suite 1200, McComb, MS  39648

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: United States District Court Southernn District of Mississippi, 501 E. Court Street, Jackson, Mississippi | Courtroom No.: 6B, 6th Floor |
| | Date and Time: 08/07/2017 9:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/19/2017

*CLERK OF COURT*                                              OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Dora Mingo___ , who issues or requests this subpoena, are:

Gerald E. Meunier, Gainsburgh Benjamin Law Firm, 1100 Poydras Street, Suite 2800, New Orleans, LA 70163, Phone: 504/522-2304; gmeunier@gainsben.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. MDL No. 2592

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 12/13) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT B

## Re: Mingo - Trial subpoenas to treaters

Celeste Coco-Ewing [cCoco-Ewing@barrassousdin.com]
**Sent:** Tuesday, July 18, 2017 4:31 PM
**To:** Neil Overholtz [NOverholtz@awkolaw.com]
**Cc:** Conklin, Adria

Thanks. Could you please let us know when they went out and when a they are served? Much appreciated Neil. Celeste

Sent from my iPad

On Jul 18, 2017, at 4:25 PM, Neil Overholtz <NOverholtz@awkolaw.com> wrote:

> Celeste, We have or will soon issue subpoenas for Drs. Jordon and Keith.   We agree to your agreement below, and if for some reason we didn't call them, we would keep subpoena open.
>
> ---
>
> **From:** Celeste Coco-Ewing <cCoco-Ewing@barrassousdin.com>
> **Date:** Friday, July 14, 2017 at 11:48 AM
> **To:** Neil Overholtz <NOverholtz@awkolaw.com>
> **Cc:** Adria Conklin <aconklin@mwlaw.com>
> **Subject:** Re: Mingo - Trial subpoenas to treaters
>
> Neil,
>
> Can you let me know where we are on subpoenas to treaters? Do plaintiffs agree to the below, and if so, when will the subpoenas be issued?
>
> Thanks
> Celeste
>
> On Jul 10, 2017, at 5:01 PM, Celeste Coco-Ewing <cCoco-Ewing@barrassousdin.com> wrote:
>
>> Neil,
>>
>> This will confirm what we discussed today on trial subpoenas.
>>
>> You advised that plaintiffs will issue trial subpoenas to both Drs. Jordan and Keith. Plaintiffs agree that these subpoenas will cover both plaintiffs' and defendants' request for Drs. Jordan's and Keith's appearance at trial.  Plaintiffs agree that you will not release Dr. Jordan or Dr. Keith from the trial subpoena without first obtaining defendants' approval.  At the next status conference, we will advise the Court of this agreement.  With these representations and this understanding, we will not issue separate subpoenas for Dr. Jordan or Dr. Keith.
>>
>> Please copy us on the subpoenas when the go out to the treaters.
>>
>> Also please respond to this email to confirm plaintiffs' agreement on the above.
>>
>> Thanks,

Celeste

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more [Click Here](#).

This electronic message and/or its attachments contain legally privileged and confidential information intended only for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, disclosure, distribution, or copying of this transmission or its attachments is strictly prohibited. If you receive this communication in error, please immediately notify the sender by electronic mail, and delete this message, its attachments and all copies and backups.

**Disclaimer**
The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more [Click Here](#).

# EXHIBIT C

# Dr. Jordon and Dr. Keith Subpoenas

Joseph VanZandt [Joseph.VanZandt@BeasleyAllen.com]
**Sent:** Tuesday, July 25, 2017 2:36 PM
**To:** Conklin, Adria
**Cc:** Celeste Coco-Ewing [cCoco-Ewing@barrassousdin.com]
**Attachments:** XARELTO - Service returns ~1.pdf (53 KB) ; XARELTO - Trial subpoena f~1.pdf (218 KB) ; XARELTO - Trial Subpoena t~1.pdf (530 KB)

Adria,

Per your request, the subpoenas for Dr. Jordon and Dr. Keith are attached along with the proof of service for each. I ran your concerns about Dr. Keith up the ladder. I am told that we presently intend to call Dr. Keith in our case. If that changes, we will let you know immediately, and we will not release him from the subpoena. Additionally, I've received word that an agreement has been reached between both parties to split Dr. Keith's fee for his testimony at trial. I know you were going to follow up with Walter Johnson on that, so just wanted to let you know.

Thanks,



**Joseph VanZandt**
Associate
Joseph.VanZandt@BeasleyAllen.com
BeasleyAllen.com
800.898.2034

**Montgomery**

**Atlanta**