UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Dora Mingo v. Janssen Research & Development, LLC et al.<br>Case No. 2:15-cv-03469 | MAGISTRATE NORTH |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFFS' UNTIMELY SUPPLEMENTAL WITNESS LIST

Defendants move to strike Plaintiffs' belated Supplemental Witness List (Doc. 7244) served on August 9, 2017, three days after trial commenced in this action.  Plaintiffs' supplemental list is untimely and violates this Court's case management orders.  As this Court recently observed at a hearing on another recent motion to strike filed by the plaintiffs, "[i]t's not fair to throw in a witness that was never on the may-call witness list into the mix. It just doesn't work."  Hearing Tr. 8/4/2017.

Plaintiffs' purported reason for supplementing their list at this late hour is that they were unable to establish that Angela Siefert, a detail representative of Janssen – who Plaintiffs chose not to depose during discovery – had knowledge of or recalled a PowerPoint presentation authored by a third party that was "passed" along to her and other individuals five years ago in an informal email from a colleague.  When presented with the PowerPoint presentation at trial (documents that Plaintiffs refused to disclose in advance), Ms. Siefert testified "I don't recall this PowerPoint." 8/9/2017 Trial Tr. at 421:14-18.  She was then asked, "[a]re you saying that you've never received it, or you just don't remember receiving it?"  *Id.*  Ms. Siefert testified "I don't remember it." *Id.* at 421:19-21.  Plaintiffs asked no further questions.  The next day,

Plaintiffs served their Supplemental Witness List proposing to call witnesses on the PowerPoint written by a third party, seeking to call the following witness to testify live at trial:

- Paul Ruis, Cardiovascular and Institutional District Manager for Johnson & Johnson, Chattanooga, Tennessee;

- Janssen Pharmaceuticals, Inc, and Janssen Research & Development, LLC, through an officer, agent, representative or employee responsible for the identification and production of the metadata and documents in this litigation, including the attached documents (Janssen Bates Nos. 23415564 and 23415565);

- Chanda Miller of Drinker Biddle & Reath LLP, counsel of record for the Janssen Defendants.

Mr. Ruis was the author of the email sent to Ms. Seifert passing along the PowerPoint but was not deposed during discovery. Plaintiffs cannot now supplement their witness list at this late hour to add witnesses never before identified to testify about the email or attachment in the trial of this action. Similarly, Plaintiffs' addition of a Janssen representative and Ms. Miller to testify about metadata or whether the PowerPoint was attached to the email is wholly inappropriate, unnecessary and should have been discussed with defense counsel in advance. The Janssen Defendants do not dispute that Ms. Siefert received the email attaching the PowerPoint but as set forth in Defendants' Objections to this evidence, establishing admissibility requires much more than the mere receipt of an email. When presented with the PowerPoint, Ms. Siefert testified that she did not recall the document. There has been absolutely no showing that the PowerPoint – which was written by a third party – is admissible at trial. Defendants asked Plaintiffs' counsel to withdraw their Supplemental Witness List but they refused, asserting that they would pursue witnesses on the list in the event that this Court sustained the defendants' objection to the admissibility of the email chain and third party PowerPoint. For these and the reasons set forth below, Plaintiffs' Supplemental Witness List should be stricken in its entirety as untimely and in violation of this Court's case management orders.

**ARGUMENT**

I.  **Plaintiffs' witness list seeks untimely discovery of the PowerPoint and is a belated request to supplement their witness list**

The fact discovery deadline was October 3, 2016 – ten months ago.  CMO 2A § A.3.c. Plaintiffs' identification of Paul Ruis as a trial witness who will be called to testify about the PowerPoint presentation authored by a third party is simply a belated request to seek discovery in the middle of trial.  Courts routinely grant motions to quash, as rewarding late discovery requests would otherwise distort the orderly sequence of discovery and trial, as reflected in CMO 2A, which set the October 3, 2016 deadline for completion of discovery of Defendants. The prejudice here is particularly acute in an MDL, where the parties must be able to rely on discovery deadlines established by the CMOs across the litigation as a whole.

CMO 2I also required the parties to exchange witness lists on July 7.  This most recent supplemental witness list, served on August 9 violates the spirit and letter of the Court's orders, which the Court can and should enforce.  *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (describing district court's authority "to control discovery abuses and cure prejudice by excluding improperly designated evidence" that violates a scheduling order).  As the Court recently noted in excluding one of Defendants' witnesses because he was not listed on Defendants' first witness list, this litigation can only proceed in a fair and orderly way if the parties "follow the CMO's" because "both sides are doing their best to get ready for [trial], and [untimely submissions] throw[] a monkey wrench into the whole preparation."  8/4/2017 Tr. at 16:5–17:6.  This reasoning must be applied in an even-handed way, to exclude Plaintiffs' untimely witness designations.  *Book v. Nordrill, Inc.*, 826 F.2d 1457, 1461 (5th Cir. 1987) (noting that "court's enforcement of its scheduling order as to the plaintiffs was proper" because "the district court had issued a valid scheduling order which was previously enforced against

defendants"). Put another way, the purpose of having rules to govern the exchange of witnesses is to prevent one party from ambushing another. Allowing Plaintiffs to belated disclose trial witnesses would eviscerate that purpose. The extreme lateness of Plaintiffs' supplemental witness list to explore the email chain and PowerPoint is sufficient grounds to strike the list.

II.     **Plaintiffs' cannot show that the third party PowerPoint is admissible, and the Court should strike their supplemental list adding a Janssen representative on metadata and Chanda Miller as moot**

Plaintiffs have presumably identified a Janssen representative to testify about metadata to confirm that the PowerPoint was attached to the email, and Chanda Miller to testify about some unidentified topic, presumably to confirm that the PowerPoint was attached to the email sent to Ms. Siefert,. But Defendants previously produced metadata and do not dispute that the PowerPoint was attached to the email. This fact does not make the multiple levels of hearsay in the emails or the PowerPoint written by a third party and passed along within the company admissible under any Rule of Evidence, including Federal Rule of Evidence 803(6) or 801(d)(2). *In re Oil Spill by the Oil Rig DEEPWATER HORIZON*, MDL No. 2179, 2012 WL 85447, at *2–5 (E.D. La. Jan. 11, 2012). As the MDL court in *Deepwater Horizon* recognized, "there is no categorical rule that emails originating from or received by employees of a producing defendant are admissible under the business records exception." *Id.* at *3. Nor does "[t]he mere fact that a producing defendant's employee sent an email while at work from a work computer to a co-employee . . . mean that the email was composed or received concerning a matter within the scope of an employee's employment." *Id.* at *4. Plaintiffs have not and cannot make any showing through competent evidence that the third party Powerpoint is admissible. Nor should they be permitted at this late hour to supplemental their witness list to add new witnesses to

testify about email chains and Powerpoints that they deliberately chose not to pursue during the discovery phase.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Strike should be granted.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C. |
| BY: /s/ *Richard E. Sarver* <br> Richard E. Sarver <br> Celeste R. Coco-Ewing <br> BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. <br> 909 Poydras Street, 24th Floor <br> New Orleans, Louisiana 70112 <br> Telephone: (504) 589-9700 <br> rsarver@barrassousdin.com <br> ccoco-ewing@barrassousdin.com | By: */s/ Lyn P. Pruitt* <br> Lyn P. Pruitt <br> Adria W. Conklin <br> Benjamin D. Brenner <br> Mary Catherine Way <br> MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C. <br> 425 West Capitol Ave., Suite 1800 <br> Little Rock, AR 72201 <br> Telephone: (501) 688-8800 <br> lpruitt@mwlaw.com <br> aconklin@mwlaw.com <br> bbrenner@mwlaw.com <br> mway@mwlaw.com |
| DRINKER BIDDLE & REATH LLP | |
| By: /s/ *Susan M. Sharko* <br> Susan M. Sharko <br> DRINKER BIDDLE & REATH LLP <br> 600 Campus Drive <br> Florham Park, NJ 07932-1047 <br> Telephone: (973) 549-7000 <br> susan.sharko@dbr.com | WATKINS & EAGER PLLC <br><br> By: */s/ Walter T. Johnson* <br> Walter T. Johnson <br> WATKINS & EAGER PLLC <br> The Emporium Building |
| Rodney M. Hudson <br> DRINKER BIDDLE & REATH LLP <br> 50 Fremont Street, 20th Floor <br> San Francisco, CA 94105-2235 <br> Telephone: (415) 591-7500 <br> Rodney.hudson@dbr.com | 400 East Capitol Street <br> Jackson, Mississippi 39201 <br> Telephone: (601) 965-1846 <br> wjohnson@watkinseager.com |

Chanda A. Miller
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: /s/ *Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com


CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on August 11, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

      */s/ James B. Irwin*
      **James B. Irwin**