UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Dora Mingo v. Janssen Research & Development, LLC et al. Case No. 2:15-cv-03469 | MAGISTRATE NORTH |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF OBJECTIONS TO ADMISSIBILITY OF POWERPOINT PRESENTATION AUTHORED BY A THIRD PARTY AND PASSED ALONG TO ANGELA SIEFERT

Defendants object to the admissibility of an email chain (PX4797235) and an attached a Powerpoint presentation (PX4797236) from the "private practice blog with Dr. Seth Bilazarian theheart.org" entitled "Anti-Thrombotic Therapy in AF Warfarin, Dabigatran (Pradaxa) and now Rivaroxaban (Xarelto)" that was informally passed along from one employee to certain individuals within Janssen, including Mrs. Angela Siefert, in an email dated May 14, 2012. The original email from Paul Ruis to Mrs. Siefert forwarded a Powerpoint presentation by a third party that was reported to have been discussed by unidentified declarants at a meeting in New Jersey. The email and attachment contain multiple levels of inadmissible hearsay that do not fall within any exception to the hearsay rule and unequivocally do not constitute either a business record of Janssen or an admission of Janssen.

As this Court has acknowledged, emails and attachments – like most modern communications – have taken the place of informal conversations in person or by telephone, and thinking out loud with expressions of personal opinion or views. For that reason, unlike true business records that are recorded by individuals with a duty to record an event contemporaneous

with its occurrence under a company's policies and procedures, emails and email chains are often not written under these circumstances and thus are generally inadmissible. *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, MDL 2197, 2012 WL 85447, at * 3 (E.D. La. Jan. 11, 2012) ("*Deepwater Horizon*") ("Clearly, there is no across-the-board rule that all emails are admissible as business records.").

To be admissible, all emails and attachments proffered into evidence must be separately assessed to ensure that they satisfy an exception to the hearsay rule. Plaintiffs' proffered Exhibit PX4797235 and PX4797236 are inadmissible because there is no evidence that the participants in the email were under an obligation or duty to record the informal exchange to "pass along" a Powerpoint presentation written by a third party, the documents do not represent or reflect a specific event or position of the company in relation to the Powerpoint that it was under an obligation to report, and the email was not contemporaneous with any event that was to be recorded by Janssen.

An email is not a business record simply because it was found on one of the servers of the defendants. The formal documentation contemplated historically by the business records exception does not and should not include every scrap of writing in a Company where literally billions of emails are sent every day as a means to facilitate the free exchange of information and expedite communications.

Nor does the email string or Powerpoint constitute a party admission of Janssen. Under Fifth Circuit law, Ms. Seifert testified that she could not recall the attachment that she received more than three years ago, was not authorized to take a position of the company about the Powerpoint, and did not make any affirmative statement about the attachment at trial or

otherwise. Accordingly, the unequivocal evidence demonstrates that there is no an adoptive admission under FRE 801(d)(2)(B).

For these and the reasons set forth below, Plaintiffs Exhibit Nos. PX4797235 and 479236 should be excluded from evidence.

## THE EVIDENCE

Plaintiffs included Angela Sierfert on their exhibit list to testify live at trial as a detail representative who had made calls to Dora Mingo's prescribing physician, Dr. Jordan. During this trial, Plaintiffs have taken the position that they will not share with the defendants any documents that they intend to use on cross-examination in advance of the live testimony at trial.

Mrs. Siefert provided trial testimony on August 8, 2017 in response to questions by Plaintiffs' counsel about an email dated May 14, 2012 and a Powerpoint presentation that was written by and posted on a blog entitled "Private practice blog with Dr. Seth Bilazarian theheart.org." When asked about the Powerpoint, Mrs. Siefert testified as follows:

> Q. And, Ms. Seifert, this is a -- this is a PowerPoint that you received; correct?
> 
> A. May I take a minute just to look at it?
> 
> Q. Sure.
> 
> A. I don't recall this PowerPoint.
> 
> Q. Okay. Are you saying that you've never received it, or you just don't remember receiving it?
> 
> A. I don't remember it.
> 
> Q. Okay. Let me show you what's marked as Plaintiff's Identification Number 4797235.
> 
> Ms. Seifert, you recognize that as an email – the top email is an email sent from you to Lori Matthews; is that right?
> 
> A. Yes, sir.

> Q. Now, is Lori Matthews -- is she a contract representative?
>
> A. I don't remember.
>
> Q. Okay. All right. So let's look down little bit further.
>
> You see that this is a -- you were forwarding to her an email that you received from Paul Ruis; is that right?
>
> A. Ruis, yes, sir.
>
> Q. Okay. And it attached -- that email attached this Xarelto, Pradaxa, warfarin PowerPoint; is that right?
>
> A. I see where it says the attachment.
>
> Q. Okay. All right. And so does that refresh your recollection? You remember receiving this PowerPoint now?
>
> A. No, sir, it does not.
>
> Q. All right. Let's take a look at the PowerPoint.

8/8/2017 Tr. at 421:14-21.

The Powerpoint referenced by Plaintiffs' counsel was attached to an email dated May 14, 2012 from Paul Ruis sent to several individuals, including Mrs. Siefert, indicating that he enjoyed meeting the email participants in New Jersey and was sending a "piece that Lee passed on to us during our study time." Exhibit B. The email stated that the attachment was not to be used in a selling situation. *Id.*

The "piece" that was forwarded as an attachment was a Powerpoint presentation from the "Private practice blog with Dr. Seth Bilazarian theheart.org" entitled "Anti-Thrombotic Therapy in AF Warfarin, Dabigatran (Pradaxa) and now Rivaroxaban (Xarelto)." The Powerpoint outlines differences in Warfarin Therapy versus Pradaxa and Xarelto. Exhibit C.

Based on their questioning of Mrs. Siefert, it is apparent that Plaintiffs intended to use the Powerpoint to question Mrs. Sierfet about statements in the Powerpoint written by a third party that she could not recall in order to argue to

the jury that Mrs. Siefert endorsed the views in the Powerpoint – none of which is supported by the evidence. Tr. 549:18-550:5 (that plaitniffs "want[] to use it for some kind of a presentation to doctors, presentation to the public, presentation to Dr. Jordan. There is absolutely no link between the document to the purposes for which plaintiff wants to use it. At this point we've got a document that hasn't been recognized by the witness. . .").

## ARGUMENT

I. **Emails and Attachments Constitute Hearsay**

Hearsay is an out of court statement offered to prove the truth of the matter asserted. Fed. R. 801(c)(1) and (2). Absent an exception to the hearsay rule, hearsay statements contained in emails are inadmissible. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 329 (5th Cir. 2004) (affirming exclusion of expert testimony regarding survey results); *Mary Kay, Inc. v. Weber*, 601 F. Supp. 2d 839, 850 (N.D. Tex. 2009) (excluding customer complaint emails as inadmissible hearsay). In order for an email to be admissible, every level of hearsay within an email must satisfy hearsay exceptions requirements. Fed. R. Evid. 805; s*ee Guy*, 394 F.3d at 329. Whether a document satisfies any exception to the hearsay rule must be resolved before the contents of the records can be offered for the truth of the matter. *Wilson v. Zapata Off-Shore Co.,* 939 F.2d 260, 271-72 (5th Cir. 1991); *Mary Kay, Inc.*, 601 F. Supp. 2d at 850-51.

The email sent by Mr. Ruis and later forwarded by Ms. Siefert, without comment, along with the attached Powerpoint presentation, contain multiple out of court statements made by declarants when not testifying before this Court, and as such constitute multiple levels of hearsay. See, e.g., Ex, D (Pl. Ex. No. 277764)("Atlas tells you that. . . "; "Mike said he was meeting. . ."; "I did talk to Mike")). Here, Mr. Ruis reported that he was passing along a "piece"

00432600                                        5

authored by a third party that had been discussed by some unidentified declarant in New Jersey. To be admissible, statements made in Mr. Ruis email, the statements in New Jersey, along with the Powerpoint all must satisfy an exception to the hearsay rule to be admissible. Plaintiff cannot show that any exception applies.

## II.     There Is No Blanket Exception for the Admissibility of Email or Their Attachments

As this Court observed in *Deepwater Horizon*, there is no blanket admissibility for emails under the business records hearsay exception defined in Rule 803(6) of the Federal Rules of Evidence. Rule 803(6) states as follows:

> **(6)** *Records of a Regularly Conducted Activity*. A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Because email has taken the place of personal conversations, telephone conversations, and expressions of personal opinion, courts faced with the email admissibility issue have determined that emails are simply not trustworthy "business records" to meet the evidentiary exception to the hearsay rule. "Email is a casual form of communication that does not hold the same expectation of trustworthiness as other records usually kept in the course of business." *Rogers v. Oregon Trail Elec. Consumers Co-op., Inc.*, 2012 WL 1635127, at *10 (D.Or. May 8, 2012) (*Rogers*). Thus, courts have rejected a "categorical rule that emails originating from or

received by employees of a producing defendant are admissible under the business records exception." *Deepwater Horizon*, 2012 WL 85447, at *3.

*Deepwater Horizon* is particularly instructive because it established a six-part test to determine the admissibility of emails – a test that tracks Rule 803(b). There, the court addressed a significant number of emails similar to those proffered here. In rejecting the plaintiffs' assertion that all emails are admissible as business records, the court acknowledged that emails have taken the place of physical mail, interoffice memos, and phone calls, none of which are categorically "business records." In determining the admissibility of email, *Deepwater Horizon* applied a six-part test to determine whether emails are admissible:

> First of all, the email must have been sent or received at or near the time of the event(s) recorded in the email. Thus, one must look at each email's content to determine whether the email was created contemporaneously with the sender's acquisition of the information within the email.
>
> Second, the email must have been sent by someone with knowledge of the event(s) documented in the email. This requires a particularized inquiry as to whether the declarant – the composer of the email – possessed personal knowledge of the information in the email.
>
> Third, the email must have been sent or received in the course of regular business activity, which requires a case-by-case analysis of whether the producing defendant had a policy or imposed a duty on its employee to report or record the information within the email.
>
> Fourth, it must be the producing defendant's regular practice to send or receive emails that record the type of event(s) documented in the email. This would require proof of a policy of the producing defendant to use email to make certain types of reports or to send certain sorts of communications; it is not enough to say that as a general business matter, most companies receive and send emails as part of their business model.
>
> Fifth, a custodian or qualified witness must attest that these conditions have been fulfilled – which certainly requires an email-by-email inquiry.
>
> Lastly, the objecting defendant is permitted under this rule to argue that a particular email should be excluded due to concerns of lack of trustworthiness, based on the information source underlying the email content or the circumstances under which the email was sent and received. Clearly, there is no across-the-board rule that all emails are admissible as business records.

*Id.* at *3.

This test has been adopted as a "straightforward and coherent test to determine whether emails constitute business records within the meaning of rule 803(6)." *Marine Power Holding, LLC v. Malibu Boats, LLC*, 2016 WL 4218217, *6 (E.D. La. Aug. 8, 2016) (the district court reiterated this framework) (*Marine Power*); *see also Rogers v. Oregon Trail Elec. Consumers Co-op., Inc.*, 2012 WL 1635127, at *10 (D.Or. May 8, 2012) ("Email is a casual form of communication that does not hold the same expectation of trustworthiness as other records usually kept in the course of business."). Consistent with this holding, in *American Home Assur. Co. v. Greater Omaha Packing Co., Inc.*, 2014 WL 1455575, at *2 (D. Neb. Apr. 14, 2014), the court held that the "mere presence of emails in a company's server is insufficient to establish that all the contents of those e-mails fall within the Business Records Exception."

To satisfy the requirements of this six-part test, the party proffering the evidence must make a particularized showing for email under Rule 803(6). "[E]ach email must be analyzed to determine whether it meets the elements of the business record exception and whether any additional statements within the emails require a separate exception." *Brown v. West Corp.*, 2014 WL 1794870 (D. Neb. May 6, 2014) (citing to *Deepwater Horizon,* 2012 WL 85447, at *3; *United States. v. Cone*, 714 F.3d 197, 219–20 (4th Cir. 2013)). In *Marine Power*, the court held that the proponent's "brief single paragraph rebuttal of [the defendant's] e-mail specific challenges [was] insufficient to establish that each email qualifies as a business record." *Marine Power,* 2016 WL 4218217 at *7. The court explained that "proving that a particular email qualifies for the business record exception requires a party to provide *substantial* information to the Court." *Id.* at *7 (emphasis added).

Similarly, in *Roberts Technology Group, Inc. v. Curwood, Inc.*, 2016 WL 2889166, at *2 (E.D. Pa. May 17, 2016), the district court declined to the apply the business exception to the emails at issue because the proponent failed to provide specific evidence demonstrating that the emails were part of the company's normal practices and governed by a policy. A conclusory allegation that the company "regularly conducted business and negotiations through email" was insufficient to satisfy the requirements of the business records exception. *Id* Likewise, in *Marine Power Holding, L.L.C. v. Malibu Boats, LLC, No*. 14-912, 2016 WL 4039164, at *3 (E.D. La. July 28, 2016), the court held that "[f]or the business record exception to apply to an email, the producing party must demonstrate that 'the employer imposed a business duty to make and maintain such a record.'" *Id.* (quoting *Canatxx Gas Storage Ltd. v. Silverhawk Capital Partners, LLC*, No. 06-1330, 2008 WL 1999234, at *12 (S.D. Tex. May 8, 2008)). "Where 'there [is] no showing that the document was kept in the course of some regularly conducted business activity or that it was the regular practice of the business to make such reports,' the document is not a business record." *Id.* (quoting *Wilander v. McDermott Int'l, Inc.*, 887 F.2d 88, 92 (5th Cir. 1989)). Moreover, "[e]very participant in the chain producing a record must be acting in the regular course of business for the business records exception to admit all level of hearsay within an email or email string." *Deepwater Horizon*, 2012 WL 85447, at *5 (citing to *U.S. v. Ismoila*, 100 F.3d 380, 392 (5th Cir. 1996)). "If the information within an email pertains to a transaction or report of an isolated sporadic nature that is not within the scope of what the email sender or recipient regularly does to engage in business, the exception does not apply." *Id.* "[I]f the email demonstrates that it was sent casually," such as a substitute for a telephone call, then "the requisite regularity has not been demonstrated." *In re Oil Spill by the Oil Rig*

*DEEPWATER HORIZON in the Gulf of Mexico, on April 20, 2010,* MDL 2179, 2012 WL 423862, at *2 (E.D. La. Feb. 8, 2012) (*Deepwater Horizon II*).

Applying the test to the email chain and the Powerpoint presentation, it is clear that neither constitutes a business record, and therefore are not admissible on that basis.  Mr. Ruis email is reportedly a follow up email to colleagues who he met in New Jersey, stating "[h]ere is the piece that Lee passed on to use during our study time" and that it was not to be used in a selling situation.  Ex. __.  The Powerpoint presentation that was forwarded was purportedly from the "private practice blog with Dr. Seth Bilazarian theheart.org."

None of the six criteria for admissibility in *Deepwater Horizon* are satisfied.  Neither the emails nor the Powerpoint report an event of the company that any of these individual were under an obligation to report.  Moreover, no witness has testified to having any knowledge of the Powerpoint presentation or its contents or have described the purpose for which it was discussed in New Jersey.  Clearly both Mr. Ruis email and Mrs. Siefert's forwarding of the email were informal communications between colleagues.  There is no evidence that Mrs. Siefert had any involvement in the drafting of the Powerpoint or was authorized to take any position of Janssen on the powerpoint.  As a result, neither the email nor the Powerpoint is admissible as a business record.

**III.    Neither the email nor the powerpoint are party admissions**

Rule 801(d)(2) states that a statement may be admissible as one by a party opponent under the circumstances where the statement:

(A)  was made by the party in an individual or representative capacity;
(B)  is one the party manifested that it adopted or believed to be true;

    (C)  was made by a person whom the party authorized to make a statement on the subject;

    (D)  was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

    (E)  was made by the party's coconspirator during and in furtherance of the conspiracy.

Ms. Siefert made no statement about the Powerpoint presentation and simply forwarded it to a colleague without comments. There is no evidence that she adopted or believed the statements to be true and even if she did those are not admissions of Janssen. Nor was she authorized to speak on behalf of Janssen with respect to the Powerpoint presentation. There is no evidence that the Powerpoint presentation was not an adoptive admission of Janssen under FRE 801(d)(2)(B). *Atrium Cos., Inc. v. ESR Assocs., Inc.*, 2012 WL 5355754, at *6 (S.D. Tex. Oct. 29, 2012). Plaintiffs have not satisfied their burden here. *See also Deepwater Horizon*, 2012 WL 85447, at *4 ("a forwarded email is only an adoptive admission if it is clear that he forwarder adopted the content or believed in the truth of the content.")

## CONCLUSION

For the foregoing reasons, Plaintiffs' Exhibits PX4797235 and PX4797236 should not be admitted into evidence.

Respectfully submitted,

| | |
|---|---|
| BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C. | MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C. |

BY: /s/ *Richard E. Sarver*
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
Telephone: (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *Lyn P. Pruitt*
Lyn P. Pruitt
Adria W. Conklin
Benjamin D. Brenner
Mary Catherine Way
MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, AR 72201
Telephone: (501) 688-8800
lpruitt@mwlaw.com
aconklin@mwlaw.com
bbrenner@mwlaw.com
mway@mwlaw.com

WATKINS & EAGER PLLC

By: /s/ *Walter T. Johnson*
Walter T. Johnson
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 965-1846
wjohnson@watkinseager.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Kevin C. Newsom
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
knewsom@bradley.com


CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on August 11, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

      */s/ James B. Irwin*
      **James B. Irwin**