UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| *Dora Mingo v. Janssen Research & Development, LLC et al.* Case No. 2:15-cv-03469 | MAGISTRATE NORTH |

*************************************************************************

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE ADMISSIBILILTY OF PLAINTIFFS' EXHIBITS 4797235 AND 4797236, AND IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNTIMELY SUPPLEMENTAL WITNESS LIST [REC. DOC. 7306] AND DEFENDANTS' OBJECTIONS TO ADMISSIBILITY OF POWERPOINT PRESENTATION AUTHORED BY A THIRD PARTY AND PASSED ALONG TO ANGELA SEIFERT [REC. DOC. 7307]**

**MAY IT PLEASE THE COURT:**

Plaintiff respectfully seeks the admissibility of two documents referred to during the testimony of Janssen sales representative Angela Seifert:

(1) the print-out of both an email of 5/14/12 from Janssen District Manager Paul Ruis to Ms. Seifert and other Janssen employees, and an email of 1/9/14 from Ms. Seifert to Janssen employee Lori Matthews [marked as Plaintiff Exhibit 4797235]; and

(2) the print-out of slides from a Powerpoint presentation entitled "Anti-Thrombotic Therapy in AF Warfarin, Dabigatran (Pradaxa) and now Rivaroxaban (Xarelto)" [marked as Plaintiff Exhibit 4797236].

Both documents were shown to Ms. Seifert during questioning by Plaintiff's counsel Andy Birchfield.  She professed not to be familiar with the Powerpoint, which resulted in the Court's sustaining

1

an objection by Defendants' counsel to her being questioned about it. However, Ms. Seifert did not deny receiving the 5/14/12 email and Powerpoint as an attachment from Paul Ruis, and did not deny forwarding the same Powerpoint to Ms. Matthews approximately one year and eight months after she received it.

After Ms. Seifert left the stand, without these exhibits having been offered into evidence, undersigned counsel argued to the Court that these exhibits should be admitted, and, if not, proffered for the record. In accepting them as a proffer only at that time, Your Honor expressed concerns about whether the documents had been sufficiently identified by Ms. Seifert in order to be admitted. Specifically, the Court reasoned as follows:

> "Somebody can take the stand and say that's it, whatever it is, then I'll consider the exception as a business record or statements of counsel – of the parties 801d2 material, but presently I don't have anything. It's just a document that counsel for the plaintiffs offer to the witness. She didn't recognize it. She didn't know what it was. She couldn't testify about it."

*See* Trial Transcript, Page 512, lines 6 through 12.

Plaintiff respectfully submits that these concerns about the identification of the documents are effectively resolved. After the proffer was made, there were discussions between Plaintiff's and Defendants' counsel about the necessary follow-up regarding the documents. Based not only on those discussions but also considering the memoranda in support of Defendants motions regarding the exhibits, the following now appears to be undisputed: (1) the emails and attached Powerpoints are authentic, in that they are what they purport to be; (2) the emails as well as the Powerpoint as an attachment to both, came from the custodial file of Angela Seifert as a Janssen employee, and were provided to the PSC by Defendants' counsel (with Janssen Bates Numbers assigned) in the production of so-called "metadata" during the pretrial discovery process herein; and (3) notwithstanding the witness' somewhat confusing and equivocal testimony while on the stand, it now is agreed by both sides

that Ms. Seifert did receive the email and attached Powerpoint from Mr. Ruis on 5/14/12, <u>and</u> did forward the Powerpoint to Lori Matthews on 1/9/14.[1]

For these reasons alone, these exhibits, clearly relevant, now should be received into evidence. Ms. Seifert was called to testify about the emails because she is the Janssen employee associated with both emails to which the Powerpoint was attached. This was not a situation in which a witness was shown documents to which she had no demonstrable connection. Her lapse of memory concerning the Powerpoint (something she had received, kept in her file, and forwarded to someone else long after receiving it), cannot and should not serve as a basis for inadmissibility. Indeed, if a witness shown to have received and forwarded a relevant document could preclude admissibility into evidence simply by professing to have no memory of the document, both the Court's evidentiary authority and the offering party's evidentiary rights would be in jeopardy. The evidence of record would become wholly dependent on the forgetfulness (willful or otherwise) of a given witness. The exercise of truth-seeking through trial would be turned on its ear.

The question then becomes whether these exhibits themselves are excludable as hearsay, despite their now having been identified as part of a testifying Janssen employee's custodial file. Plaintiff submits that an objection on hearsay grounds is, in this instance, without merit.

First, the most critical point in the Court's decision whether to now admit these exhibits, albeit one that is nowhere recognized in Defendants' memorandum opposing admissibility, is that the Powerpoint itself is not offered for the truth of any matters asserted therein. The relevance of both the forwarding emails and the Powerpoint, and the purpose for which they are offered, is to show that a presentation was made to and shared among Janssen employees with the message (*inter alia*) that "no monitoring" with Xarelto is either "necessary or <u>possible</u>." *See* Pl Exh. 4797236, at p. 6 [emphasis

---

[1] The Court will note that in brackets after Ms. Seifert's name on these emails is the designation "JAN." Moreover, each of the recipients on the 5/14/12 email from Paul Ruis has a bracketed designation of either '[JAN]" or "[JAN non J&J]" after the individual's name. *See* Plaintiff's Exhibit 4797235.

3

added]. The emails likewise are offered to establish that this message was part of a Powerpoint presentation circulated among a group of Janssen employees which included Ms. Seifert, a sales representative for the drug, and then forwarded by Ms. Seifert many months later to yet another Janssen employee. Far from offering the Powerpoint as proof of the <u>truth</u> of the asserted impossibility of monitoring or assessing the effects of Xarelto on a patient, therefore, Plaintiff offers this evidence to establish the opposite: promotion of a Janssen message that monitoring or assessing the effects of Xarelto is not "possible," illustrating how the marketing of Xarelto has been associated with this scientific <u>untruth</u>.

It is a well-settled principle of the law of evidence that "[w]hether an out-of-court statement is hearsay depends on whether it is offered for its truth or merely for the fact that it was made." *United States v. Webster*, [*citing Anderson v. United States*, 417 U.S. 211, 219, 94 S.Ct. 2253, 2260, 41 L.Ed.2d 20 (1974). *See also, Innovention Toys, LLC v. MGA Entm't, Inc.,* [correspondence offered not to prove the truth of matters asserted therein, but to show the author's state of mind]. Here, the Powerpoint (and the forwarding emails as proof of the receipt and forwarding of the Powerpoint) are not offered for the truth of what is in the Powerpoint. Instead, these exhibits are relevant to establish, and offered to establish the receipt and forwarding by a Janssen sales representative of misinformation that is key to Plaintiff's "inadequate instructions" case. Given this relevance, and the purpose for which they are offered, these exhibits are not, by definition, hearsay.

Even if these documents were offered for the truth of matters asserted, however, they also fall outside the definition of "hearsay" as set forth in Rule 801 of the Federal Rules of Evidence. First, the statements made by Janssen District Manager Paul Ruis in his 5/14/12 email to Ms. Seifert and others, represent statements of the Defendant Janssen which constitute an "opposing party's statement" excluded from the definition of hearsay pursuant to FRE 801(d)(2). Mr. Ruis wrote the email in a "representative capacity," authoring the email by title as "District Manager, Knoxville District." *See* FRE 801(d)(2)(B)&(C). Moreover, his forwarding of the Powerpoint to Ms. Seifert and others as that which

4

previously was "passed on to us in our study time," appropriately may be seen as a statement made on a matter (an employee meeting or "study" gathering) that was both contemporaneous and within the scope of his official relationship with his employer, the Defendant Janssen.  *See* FRE 801(d)(2)(D).[2]

Finally, even if these exhibits are seen as falling within the definition of hearsay (despite not being offered for the truth of the matters asserted in them, and despite being excluded from the definition of hearsay under FRE 801), Plaintiff suggests that the "business records" exception to hearsay under FRE 803(6) applies, making them admissible as relevant evidence on this basis.  The fact that the emails appear in Ms. Seifert's custodial file, and the fact that she maintained custody of the Powerpoint for approximately one year and eight months, makes it more than difficult to conceive how the emails and Powerpoint attachment are something <u>other</u> than part of the records of Ms. Seifert's – and Janssen's – "regularly conducted activity" within the meaning of the Rule.  *See e.g., Broadcast Music, Inc. v. Xanthas, Inc.,* 855 F.2d 233, 238 (5th Cir. 1988) [conventional letters, memos, or notes are admissible under the "business records" exception if they are regularly made in furtherance of the employer's needs and not for the personal purposes of the employee who made them]; *United States v. Robinson,* 700 F.2d 205, 209-10 (5th Cir. 1983) [showing that an employee regularly compiled correspondence for official purposes is sufficient for admissibility under FRE 803(6)].

Defendants' argument that emails are not categorically and automatically deemed "business records" under the hearsay exception in no way should be seen as a blanket rule.  Emails <u>have</u> been deemed "business records" under Rule 803(6).  In fact, emails clearly do qualify as such when prepared by employees in course of their business activity.  *See Imperial Trading Co., Inc. v. Travelers Prop. Cas.*

---

[2] These same subparts of Rule 801(d)(2) also support the argument that the Powerpoint itself forwarded by Ms. Ruis falls outside the definition of hearsay as an opposing party statement.  While true that the Powerpoint was created by a physician (Dr. Seth Bilazarian) based on a "private practice blog," the presentation appears to have been shared ("passed on") at a Janssen employee "study" meeting lasting two weeks.  It would be disingenuous for Defendants to suggest that such material was not "adopted or believed to be true" under FRE 801(d)(2)(B), or "authorized" by the company within the meaning of FRE 801(d)(2)(C).

*Co. of Amer.,* 2009 WL 2382787, at *3 (E.D.La. July 31, 2009); *Piere v. RBC Liberty Life Ins.,* 2007 WL 2071829, at *2 (M.D.La. July 13, 2007).

Defendants also cite as authority an evidentiary ruling by the Honorable Carl Barbier in the *Deepwater Horizon* MDL. In that matter, the Judge was asked to admit into evidence information within an email pertaining to a transcription or report of an isolated, sporadic nature, which was not within the scope of what the mail sender or recipient regularly did in their business activity. Hence, Judge Bariber properly found that the "business record" exception would not apply unless each participant in the chain producing the record had been acting in the regular course of business in order for all levels of hearsay within the email string to be admissible under FRE 803(6). But, unlike *Deepwater Horizon*, the two emails and Powerpoint associated with Angela Seifert were <u>solely</u> in furtherance of Janssen business. A Powerpoint passed around at a meeting of employees, including Ms. Seifert, was addressed to the company product Xarelto; and it later was shared by Ms. Seifert with another Janssen employee. This was not a case of personal emails by an employee or employees. During direct examination, Angela Seifert described her responsibility as a sales representative for Janssen as providing information about the product of Xarelto. In receiving and later forwarding the Powerpoint, she obviously was engaged in her work activity within the company.

Finally, but only if the Court considers it necessary for Plaintiff's counsel to conduct further questioning of a witness in order to admit these exhibits, a now-revised supplemental witness list has been filed. *See* R. D. 7315.[3] Either Mr. Ruis himself, or a business records custodian for Janssen, should be made available to testify in the event the Court feels more of an evidentiary foundation for the exhibits is required. Since it was, to say the least, surprising when Ms. Seifert professed unawareness of what is in her own file, an opportunity for such additional testimony in rebuttal would be justified, unless scheduling

---

[3] The supplemental list was revised to withdraw Ms. Chanda Miller, one of Janssen's counsel herein, as a witness. First, given the concessions made by Defendants as to the production of these documents as part of Ms. Seifert's custodial file in the "metadata" production process, no testimony from opposing counsel to establish this is deemed necessary. Moreover, Ms. Miller was erroneously identified as the Janssen attorney to address this issue in any event; and Plaintiff's counsel sincerely apologizes to her for this error.

6

would permit one of these witnesses to appear during Plaintiff's case, or be taken out of turn during Defendants' case.

Dated:  August 13, 2017                                    Respectfully submitted,

/s/ Leonard A. Davis
Leonard A. Davis, Esq. (Bar No. 14190)
HERMAN, HERMAN & KATZ, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Email: ldavis@hhklawfirm.com

/s/ Gerald E. Meunier
Gerald E. Meunier (Bar No. 9471)
GAINSBURGH BENJAMIN DAVID MEUNIER
&WARSHAUER, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
Email: gmeunier@gainsben.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 13th day of August, 2017 a copy of the foregoing was electronically served on Defendants through Defendants' Liaison Counsel, James Irwin and John Olinde, and Defendants' Lead Counsel, Susan Sharko and William Hoffman, and on Plaintiffs' Co-Lead Counsel, Andy D. Birchfield, Jr. and Brian H. Barr.

/s/ Gerald E. Meunier
**GERALD E. MEUNIER**