# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| Dora Mingo v. Janssen Research & Development, LLC et al. Case No. 2:15-cv-03469 | MAGISTRATE NORTH |

### DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S PUNITIVE-DAMAGES CLAIM AT THE CLOSE OF THE EVIDENCE

**[NOTE: The parties have agreed to request that the Court should defer ruling on Defendants' motion for judgment as a matter of law on punitive damages under Federal Rule of Civil Procedure 50(a) until such time (if any) as the jury renders a verdict against Defendants in the compensatory damages phase of trial and makes an award of compensatory damages for Plaintiff.]**

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., and Janssen Research & Development, LLC (collectively, "Defendants"), pursuant to Rule 50(a), hereby move the Court, at the close of the evidence, for judgment as a matter of law on Plaintiff's punitive-damages claim.[1]  Defendants incorporate their Motion for Judgment as a Matter of Law at the Close of Evidence and further assert as to Plaintiff's punitive-demand as follows.

---

[1] Defendants are moving at the close of the evidence at the compensatory phase of trial, before the case has been submitted to the jury, and before any bifurcated punitive-damages phase (as provided under Miss. Code Ann. § 11-1-65).  The parties have stipulated to the process of the punitive-damages phase, which includes an agreement that "the only additional evidence that will be admitted [during the punitive-damages phase] is evidence of Defendants' net worth and sales of Xarelto in the State of Mississippi during the period from 2015 through 2016," consistent with the parties' stipulation.  Accordingly, the present evidentiary record at the close of all evidence during the compensatory phase consists of the entire record that the Court must consider to determine sufficiency of the evidence as to Plaintiff's punitive-damages demand.

1.      Defendants are entitled to judgment as a matter of law on Plaintiff's claim for punitive damages under the applicable state law.[2]  Under Mississippi's choice-of-law rules, the law of the Bayer Defendants' principal place of business—*i.e.*, Germany or New Jersey—has the most significant relationship to the punitive-damages question as to the Bayer Defendants.  The law of the Janssen Defendants' principal place of business—*i.e.*, New Jersey—has the most significant relationship to the punitive-damages question as to the Janssen Defendants.  Defendants are entitled to judgment as a matter of law on Plaintiff's punitive-damages claim because punitive damages are unavailable under German law and New Jersey law in a case like this one.

2.      Even if Mississippi law governs Plaintiff's claim for punitive damages in this case, Defendants are due judgment as a matter of law because there is not a legally sufficient evidentiary basis for a reasonable jury to find by clear and convincing evidence that Defendants acted with actual malice, with gross negligence that evidences a willful, wanton or reckless disregard for the safety of others, or that Defendants committed actual fraud.  Miss. Code Ann. § 11-1-65(1)(a).[3]

3.      At most, based on the evidence presented, Plaintiff's theory posits there is an open and honest debate among regulatory authorities in different countries, and within the medical and scientific communities, concerning the utility and safety of PT testing and anti-Factor Xa assays for potential use with different anticoagulant therapies, including Xarelto.  As a matter of law, the Mississippi Legislature's statutory standard for punitive damages cannot be met when, as here, there is a scientific debate concerning the potential usefulness of the laboratory testing at stake in

---

[2] Defendants incorporate by reference their arguments in support of the Bayer Defendants' Motion for Partial Summary Judgment on Plaintiffs' Punitive-Damages Demands (Docs. 6758, 7062) and the Janssen Defendants' Memorandum of Law in Support of Partial Summary Judgment on Punitive Damages (Doc. 6739), and all other arguments to exclude those opinions or related testimony that Defendants have made in these proceedings—whether orally (as reflected in the transcript) or in writing.

[3] Plaintiff has not even established a legally sufficient evidentiary basis for compensatory damages, which necessarily forecloses her claim for punitive damages.  Miss. Code Ann. § 11-1-65(1)(c).  Defendants incorporate by reference their arguments in support of their Motion for Judgment as a Matter of Law with respect to compensatory liability.

the litigation, and the defendant acts on the view of the commonly accepted science in the United States as approved by the U.S. Food and Drug Administration ("FDA") and subscribed to by a large number of independent scientists and physicians.

4.     The standard for punitive damages under Mississippi law cannot be satisfied when a federal regulatory authority, here, FDA, has given consideration to the medical and scientific issues raised by a plaintiff's theories of liability and resolved the disputes issues of medicine and science against the position of Plaintiff's litigation experts. *See Satcher v. Honda Motor Co.*, 52 F.3d 1311, 1317 (5th Cir. 1995). Particularly where, as here, FDA considered the relevant clinical trials and other information, and there is no evidence that the Agency lacked access to relevant information, FDA's consideration of the scientific issue and Defendants' acceptance of the regulatory authority's view precludes a finding that Defendants acted with the level of intent required for an award of punitive damages.

5.     The FDA-approved Xarelto labeling has always warned of the very risk that Plaintiff alleges gives rise to her injury and after consideration of the relevant clinical trial data, FDA affirmatively struck language from the package insert that Plaintiff alleges should be added to the label recommending use of a Neoplastin PT test with Xarelto. The requisite level of intent for punitive damages under Mississippi law cannot be established when the conduct giving rise to the punitive damages claim consists of following its regulatory agency's decisions.

6.     Imposition of punitive damages would violate Defendants' due process rights under the Fourteenth Amendment of the United States Constitution and Section 14, Article III, of the Mississippi Constitution because Defendants could not reasonably anticipate a quasi-criminal penalty. Because, at most, there is an ongoing debate among scientists, physicians, and regulators—in this country and others—as to whether PT tests and anti-Factor Xa assays are, in

fact, sufficiently reliable predictors of bleeding risk for Xarelto (and because the controlling regulatory authority in this country has not determined that they are) to be used in the clinical setting, is not notice to Defendants that their conduct could be punishable.   Moreover, the Mississippi standard for the imposition of punitive damages would be unconstitutionally vague if the statute applied to this conduct.  Therefore, any punishment under the circumstances would be arbitrary.

7.      Plaintiff also cannot prevail on a claim for punitive damages because the label disclosed the very risk of bleeding and the absence of laboratory testing that Plaintiff alleges gives rise to her injuries and Xarelto was an effective anticoagulant therapy intended to thin Ms. Mingo's blood and resolve her deadly blood clots.  There is no evidence from which a reasonable juror could conclude that the defendants engaged in any willful or wanton conduct or acted in reckless disregard for the safety of others.  Here, Ms. Mingo required anticoagulant therapy because of potentially deadly blood clots that formed in her legs following hip replacement surgery.  At the time, Ms. Mingo was taking a different anticoagulant medicine that was not efficacious in the treatment of her blood clotting condition.  The Xarelto label informed Ms. Mingo's prescribing physician of the risk of bleeding and the absence of laboratory testing—a risk that is inherent with use of any anticoagulant therapy—and effectively resolved Ms. Mingo's potentially deadly blood clots that developed after she used a different medicine.  Accordingly, no reasonable juror could conclude based on the facts of this case that the defendants acted willfully, wantonly or in reckless disregard for the safety of others.

8.      Even if Plaintiff's claim for compensatory damages is not preempted by federal law under the Supremacy Clause of the United States Constitution (and it is), the claim for punitive damages would be.  The imposition of punishment for following FDA decisions would create "an

4

obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Villas at Parkside Partners v. City of Farmers Branch, Tex.*, 726 F.3d 524, 528 (5th Cir. 2013) (quoting *Arizona v. United States*, 567 U.S. 387, 399 (2012)).

9.      Imposition of punitive damages in this case would violate the Supremacy Clause of the United States Constitution.  Claims predicated on statements or omissions to FDA are subject to preemption under *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).

10.      Plaintiff's claim for punitive damages is precluded by the Due Process Clauses of the United States and Mississippi Constitutions because the specific alleged conduct that gives rise to her punitive damages claim did not proximately cause her injury.  *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).  There can be no punitive damages award that bears "no relation to the [plaintiff's] harm." *Id.* at 422.

## CONCLUSION

Defendants respectfully move the Court to grant them judgment as a matter of law on Plaintiff's punitive-damages demand.

Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN &
SARVER, L.L.C.

BY: /s/ Richard E. Sarver
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN &
SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com

DRINKER BIDDLE & REATH LLP

By: /s/ Susan M. Sharko
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ James B. Irwin
James B. Irwin

MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.

By: /s/ Lyn P. Pruitt
Lyn P. Pruitt
Adria W. Conklin
Benjamin D. Brenner
Mary Catherine Way
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, AR  72201
Telephone: (501) 688-8800
lpruitt@mwlaw.com
aconklin@mwlaw.com
bbrenner@mwlaw.com
mway@mwlaw.com

WATKINS & EAGER PLLC

By: /s/ Walter T. Johnson
Walter T. Johnson
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 965-1846
wjohnson@watkinseager.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ William Hoffman
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street

Kim E. Moore
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen
Pharmaceuticals, Inc. and Janssen Research
& Development, LLC*

New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Lindsey C. Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
lboney@bradley.com

CHAFFE MCCALL L.L.P.

By: */s/ John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare
Pharmaceuticals Inc. and Bayer Pharma AG*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of August, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

/s/      *John F. Olinde*