**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  XARELTO (RIVAROXABAN)                    MDL No. 2592
PRODUCTS LIABILITY LITIGATION

                                                 SECTION L

THIS DOCUMENT RELATES TO:                        JUDGE ELDON E. FALLON

Dora Mingo v. Janssen Research &
Development, LLC et al.                           MAGISTRATE NORTH
Case No. 2:15-cv-03469

**DEFENDANTS' AMENDED MOTION FOR JUDGMENT**
**AS A MATTER OF LAW AT THE CLOSE OF EVIDENCE**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Bayer

HealthCare Pharmaceuticals, Inc., and Bayer Pharma AG (collectively, "Defendants"), pursuant

to Rule 50(a), hereby submit this amended motion for judgment as a matter of law, at the close of

all evidence, on Plaintiff's design-defect and failure-to-warn-or-instruct claims under the

Mississippi Product Liability Act ("MPLA").[1]

1.       Plaintiff asserts two causes of action under Miss. Code Ann. § 11-1-63.  Plaintiff

first asserts that Xarelto is defectively designed because it was brought to market without an

accompanying rivaroxaban-specific anti-Factor Xa assay.  Plaintiff also claims that Xarelto is

unreasonably dangerous due to inadequate warning or instruction because Defendants failed to

instruct physicians to use Neoplastin PT at the initiation of therapy to identify patients at an

increased risk of bleeding.

2.       Defendants are entitled to judgment as a matter of law on Plaintiff's MPLA design-

defect claim because federal law preempts any claim that Xarelto should have been sold and

---

[1] Defendants have filed separate memoranda of law explaining particular grounds that entitle Defendants to judgment as a matter of law on Plaintiff's claims.

marketed with a rivaroxaban-specific anti-Factor Xa assay.[2]  *See, e.g.*, *Mut. Pharm. Co. v. Bartlett*, 133 S. Ct. 2466, 2470 (2013); *PLIVA, Inc. v. Mensing*, 564 U.S. 604, 620 (2011); *Utts v. Bristol-Myers Squibb Co.*, 226 F. Supp. 3d 166, 185–86 (S.D.N.Y. 2016); *Yates v. Ortho-McNeil-Janssen Pharms., Inc.*, 808 F.3d 281, 298–300 (6th Cir. 2015).  The evidence is that FDA approved Xarelto without an anti-Factor Xa assay, and Defendants could not have sold Xarelto with a hypothetical anti-Factor Xa assay without prior FDA approval.

3.      Defendants are entitled to judgment as a matter of law on Plaintiff's design-defect claim because an adjunct rivaroxaban-specific anti-Factor Xa assay to be used with Xarelto is not an alternative anticoagulant design and is therefore not a feasible alternative design under the MPLA.[3]  *See Elliot v. El Paso Corp.*, 181 So. 3d 263, 273 (Miss. 2015); *Clark v. Brass Eagle, Inc.*, 866 So. 2d 456, 461 (Miss. 2004).

4.      Defendants are entitled to judgment as a matter of law on Plaintiff's design-defect claim because Plaintiff has presented no evidence that Xarelto failed to function as expected.  *See Austin v. Will-Burt Co.*, 361 F.3d 862, 872 (5th Cir. 2004).

5.      There is not a legally sufficient evidentiary basis for a reasonable jury to conclude that a rivaroxaban-specific anti-Factor Xa assay would have prevented Ms. Mingo's injury without impairing the utility, usefulness, practicality, or desirability of Xarelto.  Plaintiff has thus not introduced legally sufficient evidence that Xarelto marketed in conjunction with a rivaroxaban-

---

[2] In this motion, Defendants incorporate by reference their arguments in support of their Motion for Partial Summary Judgment on the Ground that Federal Law Preempts Plaintiffs' Design-Defect Claim (Docs. 6745, 7066).  Plaintiff's "pre-approval" design-defect claim is preempted.  To the extent Plaintiff asserts any "post-approval" design-defect claim, such a claim is preempted even under the court's reasoning in *Guidry v. Janssen Pharmaceuticals, Inc.*, 206 F. Supp. 3d 1187 (E.D. La. 2016), because Defendants could not independently alter Xarelto's FDA-approved design after approval.

[3] In this motion, Defendants incorporate by reference their arguments in support of their Motion for Partial Summary Judgment on State-Law Grounds as to Plaintiffs' Design-Defect Claim (Docs. 6753, 7064).

specific anti-Factor Xa assay is a feasible alternative design, and accordingly, Defendants are entitled to judgment as a matter of law on Plaintiff's design-defect claim.

6.      Defendants are entitled to judgment as a matter of law on Plaintiff's design-defect claim because Plaintiff has made clear that her design-defect claim is based on a theory that Xarelto should have had a different design at the time it was released to the market (Trial Tr. 141:19–142:11, 144:1–17), and the Court's preemption decision so requires. *See* Order & Reasons on Defs.' Preemption MSJs (Doc. 7110), at 11 (plaintiff's "pre-market design-defect claims under the MPLA are not preempted"). Yet, no Mississippi court has ever imposed a "pre-approval" duty on a prescription drug manufacturer under the MPLA, and this Court cannot expand state law on an *Erie* guess. *See Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 540 (5th Cir. 2015).

7.      Defendants are entitled to judgment as a matter of law on Plaintiff's design-defect claim because a rivaroxaban-specific anti-Factor Xa assay could not have been practically adopted at the time Xarelto was approved by FDA. *See, e.g.*, Trial Tr. 861:7–865:24 (testimony of Robert Gosselin); *id.* 1198:6–10 (testimony of Dr. Suzanne Parisian). Moreover, the lack of FDA approval is a defense to feasibility under Mississippi law.

8.      Defendants are entitled to judgment as a matter of law on Plaintiff's design-defect claim because Plaintiff has not presented any evidence that a rivaroxaban-specific anti-Factor Xa assay would have avoided Ms. Mingo's injuries.

9.      Defendants are entitled to judgment as a matter of law on Plaintiff's design-defect claim because Plaintiff has not presented legally sufficient evidence that the absence of a rivaroxaban-specific anti-Factor Xa assay rendered Xarelto unreasonably dangerous.

10.      Defendants are entitled to judgment as a matter of law on Plaintiff's design-defect claim because the undisputed testimony at trial was that all anticoagulants carry the risk of bleeding

and cannot be made safer. *See Mingo* Trial Tr. 1168:20–22 ("Q. And, for example, all anticoagulants have a risk of bleeding, don't they?  A. That's right.") (Dr. Parisian).  Accordingly, under Restatement (Second) of Torts section 402, comment k, Plaintiff's design-defect claim fails as a matter of law because Xarelto was "accompanied by proper warnings." *Swayze v. McNeil Labs.*, 807 F.2d 464, 467–68 (5th Cir. 1987); *see also, e.g.*, *Bennett v. Madakasira*, 821 So. 2d 794, 809 (Miss. 2002).

11.    There is not a legally sufficient evidentiary basis for a reasonable jury to find that any allegedly inadequate warning or instruction proximately caused Ms. Mingo's injuries because Ms. Mingo testified that she never read the warnings provided with Xarelto and would not have taken the medication had she done so. *See Mine Safety Appliance Co. v. Holmes*, 171 So. 3d 442, 452 (Miss. 2015); *McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 841 (S.D. Miss. 2010).

12.    There is not a legally sufficient evidentiary basis for a reasonable jury to find that Defendants failed to adequately warn or instruct Dr. Jordon how to safely use Xarelto, or that the warnings or instructions made Xarelto unreasonably dangerous.[4]  *See* Miss. Code Ann. § 11-1-63(c)(ii).  The warnings and instructions in the Xarelto label are adequate as a matter of law.

13.    There is not a legally sufficient evidentiary basis for a reasonable jury to find that any alleged failure to adequately warn or instruct Dr. Jordon altered Dr. Jordon's prescribing decision or otherwise proximately caused Ms. Mingo's injuries.

14.    Because there is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on any of the grounds asserted in paragraphs 10–12, Plaintiff's failure-to-warn

---

[4] In this motion, Defendants incorporate by reference their arguments in support of their Joint Motion for Partial Summary Judgment Based on the Learned Intermediary Doctrine (Docs. 6742, 7063).

claim fails as a matter of law.  *See Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 675 (5th Cir. 1999).

15.     Defendants are entitled to judgment as a matter of law on Plaintiff's failure-to-warn claim because she has conceded that the Xarelto label warns of the risk of bleeding and has confirmed that she is not pursuing a failure-to-warn case.  *See, e.g.*, *Mingo* Trial Tr. 135:11–15. The MPLA does not recognize a standalone "failure-to-instruct" claim with regard to prescription medicines.  *See, e.g.*, Miss. Code Ann. § 11-1-63(c)(ii).

16.     Defendants are entitled to judgment as a matter of law because federal law preempts Plaintiff's failure-to-warn-or-instruct claim.  *See, e.g.*, *Bartlett*, 133 S. Ct. at 2466–70; *Mensing*, 564 U.S. at 620; *Wyeth v. Levine*, 555 U.S. 555 (2009); *Utts v. Bristol-Myers Squibb Co.*, No. 16cv5668(DLC), 2017 WL 1906875, at *11–19 (S.D.N.Y. May, 8, 2017); 21 C.F.R § 201.57(a); 21 C.F.R. § 314.70; 21 C.F.R. § 807.81; 21 C.F.R. § 814.39; 21 C.F.R § 864.7750(a); *see also, e.g.*, Guidance for Industry and Food and Drug Administration Staff: In Vitro Companion Diagnostic Devices (Aug. 6, 2014).[5]

17.     Defendants are entitled to judgment as a matter of law to the extent Plaintiff now claims that Xarelto's label does not adequately instruct physicians to use a rivaroxaban-specific anti-Factor Xa assay to monitor (or measure) the anticoagulant effect of Xarelto.  Plaintiff is attempting to raise this theory for the first time at trial—raising concerns of fairness and due process—and she expressly represented that the "crux of [her] failure to warn claim" is that Xarelto "is not accompanied with an instruction for physicians to test Neoplastin PT at initiation to identify patients at a high risk of bleeding."  Pls.' Opp. to Defs.' Labeling Preemption MSJ (Doc. 7040),

---

[5] In this motion, Defendants incorporate by reference their arguments in support of their Motion for Partial Summary Judgment on the Ground that Federal Law Preempts Plaintiffs' Failure-to-Warn Claims (Docs. 6749, 7067) and all other related arguments that Defendants have made in these proceedings—whether orally (as reflected in the transcript) or in writing.

at 9.  This new theory comes prejudicially late and should be dismissed.  *See Jones v. Wells Fargo Bank, N.A.*, 858 F.3d 927 (5th Cir. 2017); *Riquelme Valdes v. Leisure Res. Grp., Inc.*, 810 F.2d 1345 (5th Cir. 1987); *cf. Hall v. E. Air Lines, Inc.*, 511 F.2d 663 (5th Cir. 1975).  In any event, any anti-Factor Xa assay-based warnings claim fails as a matter of both Mississippi and federal law, for the same reasons Plaintiff's Neoplastin PT-based claim fails.  *See supra*.

18.     Defendants are entitled to judgment as a matter of law to the extent Plaintiff claims that Defendants submitted false or fraudulent information to FDA because any such claim is preempted under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

19.     Defendants are entitled to judgment as a matter of law on Plaintiff's MPLA claims because they have not presented legally sufficient evidence that any alleged warning defect or design defect caused Ms. Mingo's injuries.

20.     Defendants are entitled to judgment as a matter of law on Plaintiff's MPLA claims because she has not demonstrated that Xarelto, more likely than not, caused her injury. Accordingly, there is not a legally sufficient evidentiary basis for a reasonable jury to find that Xarelto proximately caused Plaintiff's alleged injury.[6]

21.     Defendants are entitled to judgment as a matter of law on Plaintiff's MPLA claims because Plaintiff's claim requires her to prove that the bleed from her ulcer would have been avoided had a different anticoagulant medicine been used.

22.     The opinions of Plaintiff's expert witnesses—Dr. Laura Plunkett, Robert Gosselin, Dr. Suzanne Parisian, and Dr. Henry Rinder—that Xarelto patients should be monitored with Neoplastin PT testing or with a rivaroxaban-specific anti-Factor Xa assay should have been

---

[6] In this motion, Defendants incorporate by reference their arguments in support of their *Daubert* Motion to Exclude Expert Opinions and Testimony of Plaintiff's Case-Specific Expert Dr. Henry Rinder (Docs. 6820, 7065).

excluded because these opinions do not satisfy *Daubert*.[7]  Because this expert testimony does not

satisfy *Daubert*, there is not a legally sufficient evidentiary basis for a reasonable jury to find for

Plaintiff on her failure-to-warn-or-instruct and design-defect claims.  *See, e.g.*, *Harris v. Stryker

Spine*, 39 F. Supp. 3d 846, 850 (S.D. Miss. 2014); *Lundy v. Conoco Inc.*, No. 3:05cv477-WHB-

JCS, 2006 WL 3300397, at *3 (S.D. Miss. Nov. 10, 2006).

23.     The opinions of Plaintiff's expert witnesses (a) that Xarelto patients should be

switched to unapproved new doses based on Neoplastin PT testing, an anti-Factor Xa assay, or

other monitoring results, (b) that Xarelto would be safer if dosed twice daily rather than the FDA-

approved once-daily dose, and (c) that the FDA-approved total daily dose of Xarelto is too high

should have been excluded for the reasons previously identified by Defendants—including that

those theories fail under *Daubert*, that Plaintiff has abandoned those theories, and that Plaintiff

waived her opposition to Defendants' *Daubert* motion to exclude those theories.  Accordingly,

there is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the

issue whether Defendants failed to adequately warn or instruct or whether Xarelto is defectively

designed.

24.     Defendants are entitled to judgment as a matter of law as to the following theories

of liability that Plaintiff previously asserted but has since abandoned.[8]

---

[7] In this motion, Defendants incorporate by reference their arguments in support of their Renewed *Daubert* Motion to Exclude Expert Opinions and Testimony Regarding Unapproved Dosing and Monitoring Regimens (Docs. 6740, 7060); their Motion *in Limine* to Exclude Certain Opinions of Dr. Parisian (Docs. 5112, 5686); their Motion *in Limine* to Exclude Certain Opinions of Dr. Plunkett (Docs. 5108, 5697); and all other arguments to exclude those opinions or related testimony that Defendants have made in these proceedings—whether orally (as reflected in the transcript) or in writing.

[8] In this motion, Defendants incorporate by reference their arguments in support of their Motion For An Order (1) Dismissing With Prejudice Claims Based on Allegations that Plaintiffs Have Abandoned and (2) Barring Scientific Evidence Based on Waiver of Daubert Arguments (Doc 6485), *see* Doc. 7079, and all other related arguments that Defendants have made in these proceedings—whether orally (as reflected in the transcript) or in writing.

a.      There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the previously alleged—but since abandoned—theory that Xarelto's label should have included a "black-box warning" regarding bleeding risk because Plaintiff has abandoned this theory and presented no evidence in support of it.

b.      There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the previously alleged—but since abandoned—theory that Defendants failed to properly "test" Xarelto before bringing it to market because Plaintiff has abandoned this theory of liability.

c.      There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the previously alleged—but since abandoned—theory that Xarelto's dosing regimen is unreasonably dangerous because Plaintiff has abandoned this theory of liability.

d.      There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the previously alleged—but since abandoned—theory that Xarelto's dosage strength is too high because Plaintiff has abandoned this theory of liability.

e.      There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the previously alleged—but since abandoned—theory that Xarelto's label should have instructed physicians to perform routine monitoring of patients' PT because Plaintiff has abandoned this theory of liability and presented no evidence in support of it.

f.      There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the previously alleged—but since abandoned—theory that Xarelto's

label did not adequately warn of the risk of bleeding because Plaintiff has abandoned this theory of liability and presented no evidence in support of it.

g.       There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the previously alleged—but since abandoned—theory that Xarelto is unreasonably dangerous because it was designed without a reversal agent because Plaintiff has abandoned this theory of liability and presented no evidence in support of it.

h.       There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the previously alleged—but since abandoned—theory that Xarelto's label should have included before September 2015 a chart quantifying bleeding rates specifically among U.S. participants in the 14,000-patient ROCKET AF clinical trial, the clinical trial that supported FDA's approval of Xarelto's atrial-fibrillation indication, because Plaintiff has abandoned this theory of liability and presented no evidence in support of it.  Moreover, this theory cannot support liability in this case, which involves a different Xarelto indication.

i.       There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the previously alleged—but since abandoned—theory that Xarelto's label should have included language advising of alleged problems with the INRatio device used to measure warfarin patients' coagulation parameters in ROCKET AF because Plaintiff has abandoned this theory of liability and presented no evidence in support of it. Moreover, this theory cannot support liability in this case, which involves a different Xarelto indication that was tested in a different patient population with a different comparator drug.

      j.      There is not a legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the previously alleged—but since abandoned—theory that Xarelto's label should have included instructions to physicians to monitor patients' PT for the purpose of adjusting doses because Plaintiff has abandoned this theory of liability and presented no evidence in support of it.

## CONCLUSION

For the foregoing reasons, and for the reasons more fully set forth in Defendants' accompanying and incorporated briefs in support, Defendants respectfully request that the Court grant their motion for judgment as a matter of law.

Respectfully submitted,

BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.

BY: /s/ *Richard E. Sarver*
Richard E. Sarver
Celeste R. Coco-Ewing
BARRASSO USDIN KUPPERMAN FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
Telephone:  (504) 589-9700
rsarver@barrassousdin.com
ccoco-ewing@barrassousdin.com


DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com


IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin

MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.

By: /s/ *Lyn P. Pruitt*
Lyn P. Pruitt
Adria W. Conklin
Benjamin D. Brenner
Mary Catherine Way
MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, AR  72201
Telephone: (501) 688-8800
lpruitt@mwlaw.com
aconklin@mwlaw.com
bbrenner@mwlaw.com
mway@mwlaw.com


WATKINS & EAGER PLLC

By: /s/ *Walter T. Johnson*
Walter T. Johnson
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street
Jackson, Mississippi 39201
Telephone: (601) 965-1846
wjohnson@watkinseager.com

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street

Kim E. Moore
IRWIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC*

New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com


BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
lboney@bradley.com


CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
CHAFFE MCCALL L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com

*Attorneys for Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th day of August, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system and a copy of the proposed documents to be placed under seal sent to Plaintiffs' Liaison Counsel by email transmission.


*/s/      John F. Olinde*