UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DALE STEIN and MARLENE STEIN, his wife, </br></br>              Plaintiffs, </br></br>    v. </br></br>JANSSEN RESEARCH & DEVELOPMENT, LLC, f/k/a JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT, LLC and JANSSEN ORTHO, LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA, INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON, BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC; BAYER HEALTHCARE AG, AND BAYER AG, </br></br>              Defendants. | Civil Action No.: MDL No. 2592 </br></br>Section L </br></br>Member Case No.: 2:16-CV-13857 |

**<u>MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF SUMMONS AND COMPLAINT ON BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG</u>**

      AND NOW, come the Plaintiffs, Dale Stein and Marlene Stein, his wife, by and through their counsel, Rolf Louis Patberg, Esquire and Patberg Law Firm, and files the within Motion for Extension of Time to Effectuate Service of Summons and Complaint on Bayer Healthcare Pharmaceuticals and Bayer Pharma AG and, in support thereof, aver as follows:

      1.      Plaintiffs filed a Complaint alleging injuries from the use of Xarelto in the United States District Court for the Western District of Pennsylvania, No. 2:16-CV-0119 on

July 26, 2016 against numerous Defendants including Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG (hereinafter referred to as "Bayer Defendants").

2. On July 26, 2016, a Summons and Civil Action was issued to each of the Bayer Defendants. The Summons and Complaint, including a Waiver of Service and Request for Waiver of Service, was sent via certified mail to the Bayer Defendants at 100 Bayer Road, Pittsburgh, PA. A true and correct copy of above-referenced Summons is attached hereto and marked as Exhibit "1".

3. The Bayer Defendants did not respond to the Summons, Notice of Lawsuit and Request to Waive Summons, despite Bayer Healthcare Pharmaceuticals, Inc., having accepted the certified mail delivery of the Notice of Lawsuit, Request to Waive Service of Summons and Complaint. A true and correct copy of the executed certified mail delivery is attached hereto and marked as Exhibit "2".

4. In response to a deficiency notice received through MDL Centrality, setting forth that the Bayer Defendants not having been served, containing no reference to the Court's PTO No. 10 or 10B, on April 19, 2017, the Plaintiffs attempted to serve the Bayer Defendants with a second Notice of Lawsuit and Request to Waive Service of Summons, Waiver of the Service of Summons and Complaint. A true and correct copy of the second attempted service on Defendant Bayer is attached hereto and marked as Exhibit "3".

5. The United States Post Office returned the mailing to each of the Bayer Defendants c/o Corporation Service Company as undeliverable.

6. On June 19, 2017, Plaintiffs attempted to serve the Notice of Lawsuit and Request to Waive Service of Summons, Waiver of Service of Summons, Waiver of the Service of Summons and Complaint on each of the Bayer Defendants. See Exhibit "4" attached hereto.

Specifically, regarding service on Bayer Pharma AG, Plaintiffs attempted service via registered mail, return receipt requested at the address of general counsel, Mullerstrasse 178, 13353 Berlin, Germany.  Plaintiffs attempted service on Bayer Healthcare Pharmaceuticals, Inc. at c/o Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.  See Exhibit "4" attached hereto.

7. Counsel for Bayer Pharma AG responded by correspondence of June 23, 2017 that it was refusing to accept service based upon the attempted service being untimely and referring the PTO No. 10.

8. With regard to service on Bayer Healthcare Pharmaceuticals, Inc., Plaintiff did not receive proof of receipt of the aforementioned mailing or a Waiver of Service.

9. Plaintiffs hereby request under Fed. R. Civ. 4(m), a 60-day extension of time in which to effectuate service on the Bayer Defendants in accordance with this Court's Pretrial Order No. 10.

10 Plaintiffs have made three (3) attempts to effectuate service on the Bayer Defendants and have acted diligently in attempting service.  Given that the Court's PTO No. 10 sets forth a 60-day time period for streamlined service on Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc., which was not extended by PTO 10B, of which Plaintiffs' counsel was not aware due to an oversight, Plaintiffs seek leave for 60-days to serve Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc.

11. Plaintiffs believes the within Motion is contested, but has not received confirmation of the same from defense counsel.

WHEREFORE, Plaintiffs, Dale Stein and Marlene Stein, his wife, respectfully request that this Honorable Court grant the within Motion and permit an additional extension of time in which Plaintiffs herein may serve the Summons and Complaint in the Bayer Defendants.

Respectfully Submitted,

Date:  August 23, 2017                /s/ Rolf Louis Patberg, Esquire
Rolf Louis Patberg, Esquire
Pa. I.D. No.:  65185
Patberg Law Firm
1034 Peralta Street
Pittsburgh, PA 15212
(412) 232-3500
*Counsel for Plaintiff*

**JURY TRIAL DEMANDED**

## **CERTIFICATE OF SERVICE**

     I, Rolf Louis Patberg, Esquire, hereby certify on August 23, 2017, that a true and correct copy of the above and foregoing Motion for Extension of Time to Effectuate Service of Summons and Complaint on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG, has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by F.R.C.P 5(b)2, Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality which will send notice of electronic filing and in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                                                       <u>/s/ Rolf Louis Patberg, Esquire</u>
                                                                                       Rolf Louis Patberg, Esquire
                                                                                       *Counsel for Plaintiffs*