UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | ) | MDL No. 2592 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION:  L |
| | ) | |
| | ) | |
| | ) | JUDGE FALLON |
| | ) | MAG. JUDGE NORTH |
| | ) | |
| | ) | RESPONSE TO ORDER TO |
| | | SHOW CAUSE |
| | ) | REGARDING PLAINTIFFS WITH |
| | ) | ALLEGED CORE PLAINTIFF |
| | | FACT SHEET DEFICIENCIES |

**THIS DOCUMENT RELATES TO:**

*Benjamin Alli v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-05924*

*Lakisha Artis v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-14975*

*Wallace Augustus v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-15770*

*Albeza Campos v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-14461*

*Stephen Choppy v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-09924*

*Brian Connors v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-17901*

*Everett Duncan v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-16917*

*Jerry Eastman v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-15936*

*Susan Eli v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-05464*

*Linda Embry v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-17522*

*Nancy Glenn v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-00627*

*Janie Gordon v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-05481*

*Marsha Hoskins v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-17598*

*William Hudson v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-17088*

*Bonnie James v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-00310*

*Pauline Kern v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-17112*

*John Petty v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-10176*

*Robert Schubert v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-11895*

*Eddie Turnage v. Janssen Research &*
*Development LLC, et al; No. 2:16-cv-14465*

COMES NOW Counsel for Plaintiffs in the above matters, and files this Response to the

Order to Show Cause Regarding Plaintiffs With Alleged Core Plaintiff Fact Sheet Deficiencies

entered on September 11, 2017 (Doc. 7563) and would respectfully show the Court the

following:

I.

Defendants moved for an Order to Show Cause why certain cases in which Defendants

allege core deficiencies in Plaintiffs' Fact Sheets (hereinafter referred to as PFSs) should not be

2

dismissed with prejudice.  (Doc. 7241) The Court entered an Order to Show Cause on September 11, 2017  (Doc. 7563).   Several Plaintiffs represented by The Gallagher Law Firm appear on Exhibit A of both the Defendants' Motion and the Court's Order to Show Cause (Docs. 7241-2 and 7563-1 respectively) as follows:

- *Benjamin Alli v. Janssen Research & Development LLC, et al; No. 2:16-cv-05924*

Plaintiff Benjamin Alli was a licensed medical doctor in the State of Michigan. Undersigned counsel has ordered and obtained medical records pertaining to Dr. Alli's alleged injury related to his ingestion of Xarelto.  Unfortunately, the pharmacy at which Plaintiff obtained his Xarelto, Prestige Pharmacy in Detroit, Michigan, is closed and neither undersigned counsel nor Plaintiff have been able to obtain records pertaining to his Xarelto prescription/usage.  Undersigned counsel attempted to contact attorney Christopher Pencak who was listed as the contact individual for Koach3 Inc., d/b/a Prestige Pharmacy in filings with the Michigan Board of Pharmacy in order to determine if records still existed that would document that Dr. Alli's Xarelto prescription(s) had been filled. Mr. Pencak advised that he had no knowledge of any such records that would be responsive to our request.

Therefore, on January 7, 2017, Plaintiff executed a sworn Affidavit in which he testified that he, in his capacity as a medical doctor, prescribed the Xarelto medication to himself, that the prescription was filled at Prestige Pharmacy and that he ingested Xarelto between 2012 and 2015.  This Affidavit was uploaded to MDL Centrality on January 16, 2017 and is attached hereto as an Exhibit.

Despite both Plaintiff's and undersigned counsel's diligent and best efforts, and based on the above and foregoing, they have not been able to secure pharmacy records pertaining to Dr.

Alli's Xarelto prescription.  Plaintiff would respectfully request that this Court render Plaintiff's

Affidavit sufficient evidence to comply with the Court's requirements for proof of Xarelto

prescription and/or pharmacy records demonstrating use.  Plaintiff contends that he has cured the

alleged deficiency and respectfully requests that his case be allowed to proceed.

- *Lakisha Artis v. Janssen Research &*
  *Development LLC, et al; No. 2:16-cv-14975*

Undersigned counsel has informed the Plaintiff of her obligations regarding the

completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided

Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a

copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised

of the deadlines within which to respond and cure said deficiencies.

While Plaintiff's medical records confirm that Plaintiff suffered amenorrhea and

dysmenorrhea, there is no confirmed use of Xarelto documented in the medical records.  Counsel

has communicated with Plaintiff in order to identify any other source of records which would

confirm Plaintiff's Xarelto use/ingestion, and Plaintiff has been unable to provide any additional

information and/or records that would allow counsel to obtain records and cure the PFS

deficiency.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of

information and/or records that may contain proof of ingestion of Xarelto by Plaintiff, counsel is

unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully

locate any information to confirm Plaintiff's prescription/ingestion of Xarelto. While counsel

does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim

with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.  Plaintiff has been advised that unless the requisite proof is provided, her case is subject to dismissal by the Court with prejudice.

- *Wallace Augustus v. Janssen Research & Development LLC, et al; No. 2:16-cv-15770*

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

While Plaintiff's medical records confirm that Plaintiff Wallace Augustus, deceased ingested Xarelto, there is no proof of a Xarelto related injury documented in Mr. Augustus' medical records.  Counsel has communicated with Plaintiff's surviving spouse and client, Edna Augustus, in order to identify any other source of records which would confirm Plaintiff's Xarelto related injury, and Plaintiff has been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of a Xarelto related injury suffered by decedent, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm decedent's Xarelto related injury. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal

is appropriate and proper.  Plaintiff has been advised that unless the requisite proof of an injury is provided, her case is subject to dismissal by the Court with prejudice.

- *Albeza Campos v. Janssen Research & Development LLC, et al; No. 2:16-cv-14461*

Undersigned counsel has informed the Plaintiff of his obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

There is no confirmed use of Xarelto documented in Ms. Campos' medical records. Counsel has communicated with Plaintiff, Alfredo Campos in order to identify any other source of records which would confirm dedecent's Xarelto use/ingestion, and Plaintiff has been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of ingestion of Xarelto by decedent, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm decedent's prescription/ingestion of Xarelto. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.  Plaintiff has been advised that unless the requisite proof is provided, his case is subject to dismissal by the Court with prejudice.

\

- *Stephen Choppy v. Janssen Research &*
  *Development LLC, et al; No. 2:16-cv-09924*

Undersigned counsel has informed the Plaintiff of his obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

While Plaintiff's medical records confirm that Plaintiff Stephen Choppy ingested Xarelto, there is no proof of a Xarelto related injury documented in his medical records.  Counsel has communicated with Plaintiff in order to identify any other source of records which would confirm Plaintiff's Xarelto related injury, and Plaintiff has been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of a Xarelto related injury suffered by Plaintiff, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm Plaintiff's Xarelto related injury. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.  Plaintiff has been advised that unless the requisite proof of an injury is provided, his case is subject to dismissal by the Court with prejudice.

- *Brian Connors v. Janssen Research & Development LLC, et al; No. 2:16-cv-17901*

Undersigned counsel has informed the Plaintiff of his obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

There is no confirmed use of Xarelto or a documented Xarelto related injury in Mr. Connors' medical records.  Counsel has communicated with Plaintiff in order to identify any other source of records which would confirm Plaintiff's Xarelto use/ingestion and Xarelto related injury and Plaintiff has been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of ingestion of Xarelto or a Xarelto related injury suffered by Plaintiff, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm Plaintiff's prescription/ingestion of Xarelto or a Xarelto related injury. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.  Plaintiff has been

advised that unless the requisite proof is provided, his case is subject to dismissal by the Court with prejudice.

- *Everett Duncan v. Janssen Research & Development LLC, et al; No. 2:16-cv-16917*

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

There is no confirmed use of Xarelto or a documented Xarelto related injury in decedent Everett Duncan's medical records.  Counsel has communicated with Plaintiff, Juanita Duncan, in order to identify any other source of records which would confirm decedent's Xarelto use/ingestion and Xarelto related injury and Plaintiff has been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of ingestion of Xarelto or a Xarelto related injury suffered by Mr. Duncan, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm Mr. Duncan's prescription/ingestion of Xarelto or a Xarelto related injury. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a

dismissal should the Court rule that a dismissal is appropriate and proper. Plaintiff has been advised that unless the requisite proof is provided, his case is subject to dismissal by the Court with prejudice.

- *Jerry Eastman v. Janssen Research & Development LLC, et al; No. 2:16-cv-15936*

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

While Plaintiff's medical records confirm that Plaintiff suffered a gastrointestinal hemorrhage, there is no confirmed use of Xarelto documented in the medical records by Mr. Eastman. Undersigned counsel has made numerous attempts by telephone and written correspondence to contact advised Plaintiff of the inability to locate proof of Xarelto prescription and ingestion by decedent Jerry Eastman in the records obtained thus far and has requested that Plaintiff provide counsel with any additional information in their possession pertaining to decedent's prescription and/or use of Xarelto that would assist counsel in obtaining any records that may exist which would confirm proof of prescription and usage of Xarelto by decedent. While counsel has confirmation that Plaintiff has received such written communications, to date, Plaintiff has not responded and has not provided any additional information. As a result, counsel is unable to respond and cure the core PFS deficiencies.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm decedent's prescription/ingestion of Xarelto. While counsel

does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.  Plaintiff has been advised that unless the requisite proof is provided, her case is subject to dismissal by the Court with prejudice.

- *Susan Eli v. Janssen Research & Development LLC, et al; No. 2:16-cv-05464*

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

While decedent's medical/pharmacy records confirm that decedent Susan Eli ingested Xarelto, there is no proof of a Xarelto related injury documented in her medical records that have been obtained thus far.  Counsel for Plaintiff has made numerous attempts by telephone, email and written correspondence to contact Plaintiff in order to obtain the requisite estate documents that are necessary to obtain additional medical records pertaining to Ms. Eli's treatment. Counsel has also communicated directly with Plaintiff and has stressed the importance of providing the requested documents so that counsel can continue with the prosecution of her claim. To date, Plaintiff has not provided the required documentation and as a result, counsel is unable to respond and cure the core PFS deficiencies.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of a Xarelto related injury suffered by decedent, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm decedent's Xarelto related injury. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.  Plaintiff has been advised that unless the requisite proof of an injury is provided, her case is subject to dismissal by the Court with prejudice.

- *Linda Embry v. Janssen Research &
  Development LLC, et al; No. 2:16-cv-17522*

Undersigned counsel would show that on August 10, 2017, Plaintiff's Fact Sheet was amended and records were uploaded to MDL Centrality which confirm Ms. Embry's use of Xarelto and a Xarelto related injury.  Xarelto was administered to Plaintiff while she was a patient at Deaconess Hospital and on December 20, 2014 she suffered a large hematoma and incisional bleeding described as a "continuous stream of blood".

Additionally, undersigned counsel would show that on August 9, 2017, he was contacted by Shawanda Vance, the sister of Plaintiff Tommy Vance, who advised that Mr. Vance has recently passed away.  Ms. Vance indicated that she had located pill bottles which would confirm additional Xarelto usage and copies of those prescription labels confirming Xarelto usage were uploaded to MDL Centrality on September 12, 2017.

Therefore, Plaintiff contends that the alleged PFS core deficiency has been cured and that Plaintiff's case should remain on the active docket of this Court.

- *Nancy Glenn v. Janssen Research &
  Development LLC, et al; No. 2:16-cv-00627*

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

While decedent's pharmacy records confirm that decedent Nancy Glenn ingested Xarelto, counsel has been unable to obtain proof of a Xarelto related injury. Two treatment facilities in South Carolina have been identified by Plaintiff as having medical records pertaining to Ms. Glenn's alleged Xarelto related injury- Newberry County Memorial Hospital and Lexington Medical Center.  However, both facilities have declined Plaintiff's request for records for failing to provide the requisite estate documents.  Undersigned counsel has been advised that Plaintiff is currently working with probate counsel in order to initiate a probate proceeding so that an estate appointment can be accomplished.

Therefore, undersigned counsel respectfully requests an initial extension of ninety (90) days be granted for Plaintiff to respond and cure the core PFS deficiencies in order to complete the probate process and obtain an estate appointment so that the requisite estate documents can be provided to the treating facilities to secure their records.  Alternatively, Plaintiff respectfully requests an extension of ninety (90) days be granted for Plaintiff to respond and cure the core PFS deficiencies to allow Plaintiff to move for the entry of a Qualified Protective Order pursuant to Rule 26c of the Federal Rules of Civil Procedure and 45 C.F.R. Section 164.512(e)(1) which will authorize the release of records as this Court has entered in other Xarelto cases involving deceased Plaintiffs.

- *Janie Gordon v. Janssen Research &*

13

*Development LLC, et al; No. 2:16-cv-05481*

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

While Plaintiff's pharmacy records confirm that decedent Janie Gordon ingested Xarelto, there is no proof of a Xarelto related injury documented in her medical records.  Counsel has communicated with Plaintiff in order to identify any other source of records which would confirm decedent's Xarelto related injury, and Plaintiff has been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of a Xarelto related injury suffered by decedent, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm decedent's Xarelto related injury. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.  Plaintiff has been advised that unless the requisite proof of an injury is provided, his case is subject to dismissal by the Court with prejudice.

- *Marsha Hoskins v. Janssen Research & Development LLC, et al; No. 2:16-cv-17598*

14

It is clear that Plaintiff's medical records document Xarelto usage and her medical records also confirm that she suffered from anemia.  Records uploaded to MDL Centrality contain office notes and medication lists which identify Xarelto 20 mg as a prescribed medication.

Additionally, Plaintiff uploaded recently obtained prescription records from Kroger on September 5, 2017 which definitively confirm her Xarelto prescription/dispensation.

While Plaintiff is still waiting on additional records from Dr. Meade Edmunds at Gastrointestinal Associates, Plaintiff contends that both her medical and pharmacy records are sufficient prescription records to document her Xarelto prescription and usage and that she has cured the alleged PFS core deficiency. Plaintiff therefore requests that her case remain on the active docket of this Court.

- *William Hudson v. Janssen Research & Development LLC, et al; No. 2:16-cv-17088*

On August 10, 2017, Plaintiff amended his Fact Sheet to reflect his Xarelto related injury of hemoptysis. Records have also been uploaded to MDL Centrality. Therefore, Plaintiff contends that he has cured any alleged deficiency in his PFS and requests that his case

Additionally, on August 9, 2017, Plaintiff advised that he was recently hospitalized approximately three months ago at Bronson Methodist Hospital in Kalamazoo, MI and suffered nose bleeding and additional episodes of hemoptysis and bruising while on Xarelto. Undersigned counsel has ordered these medical records to confirm Mr. Hudson's additional bleeding event(s) and if documented, Plaintiff will further amend his Fact Sheet to allege these additional injuries and the date(s) upon which such injuries occurred. Therefore, Plaintiff would respectfully request that this Court grant Plaintiff an additional sixty (60) days within which to obtain said records to

15

document further Xarelto related bleeding events.

- *Bonnie James v. Janssen Research &*
  *Development LLC, et al; No. 2:16-cv-00310*

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

While Plaintiff's medical records from Dr. Gary Howard reference Xarelto usage and an "allergy" to Xarelto, there is no proof of a Xarelto related injury documented in Plaintiff's medical records obtained by counsel.  Counsel has communicated with Plaintiff in order to identify any other source of records which would confirm Plaintiff's Xarelto related injury, and to date, Plaintiff has been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of a Xarelto related injury suffered by Plaintiff, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm Plaintiff's Xarelto related injury. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal

is appropriate and proper.  Plaintiff has been advised that unless the requisite proof of an injury is provided, his case is subject to dismissal by the Court with prejudice.

- *Pauline Kern v. Janssen Research & Development LLC, et al; No. 2:16-cv-17112*

Undersigned counsel has informed the Plaintiff of his obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

While Plaintiff's medical and/or pharmacy records confirm decedent, Pauline Kern's Xarelto usage, there is no proof of a Xarelto related injury documented in decedent's medical records obtained by counsel.  Counsel has communicated with Plaintiff in order to identify any other source of records which would confirm decedent's Xarelto related injury, and to date, Plaintiff has been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of a Xarelto related injury suffered by decedent, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm decedent's Xarelto related injury. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal

is appropriate and proper.  Plaintiff has been advised that unless the requisite proof of an injury is provided, his case is subject to dismissal by the Court with prejudice.

- *John Petty v. Janssen Research &*
  *Development LLC, et al; No. 2:16-cv-10176*

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

While decedent's medical and/or pharmacy records confirm decedent, John Petty's Xarelto usage, there is no proof of a Xarelto related injury documented in decedent's medical records obtained by counsel.  Counsel has communicated with Plaintiff in order to identify any other source of records which would confirm decedent's Xarelto related injury, and to date, Plaintiff has been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of a Xarelto related injury suffered by decedent, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm decedent's Xarelto related injury. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal

is appropriate and proper.  Plaintiff has been advised that unless the requisite proof of an injury is provided, her case is subject to dismissal by the Court with prejudice.


- *Robert Schubert v. Janssen Research &*
  *Development LLC, et al; No. 2:16-cv-11895*

Undersigned counsel has informed the Plaintiff of his obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

While decedent's medical/pharmacy records confirm that decedent Robert Schubert ingested Xarelto, there is no proof of a Xarelto related injury documented in his medical records that have been obtained thus far.  However, one of the health care facilities identified by Plaintiff, Advocate Christ Medical Center in Oak Lawn, IL, is requiring estate documentation to release the medical records that have been requested by counsel.  Counsel for Plaintiff has made numerous attempts by telephone and written correspondence to contact Plaintiff to inquire as to the status of the estate proceeding and receipt of the requisite estate documents that are necessary to obtain the additional medical records pertaining to Mr. Schubert's treatment that would identify a Xarelto related injury.  To date, Plaintiff has not provided the required documentation and as a result, counsel is unable to obtain additional records that would allow counsel to respond and potentially cure the core PFS deficiencies.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of a Xarelto related injury suffered by decedent, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm decedent's Xarelto related injury. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.  Plaintiff has been advised that unless the requisite proof of an injury is provided, his case is subject to dismissal by the Court with prejudice.

- *Eddie Turnage v. Janssen Research & Development LLC, et al; No. 2:16-cv-14465*

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

Plaintiff has now given permission to voluntarily dismiss her case with prejudice. Counsel for Plaintiff has requested that Defendant prepare a Joint Stipulation of Dismissal for filing with the Court.

Dated:  September 13, 2017.

Respectfully submitted,

s/ Michael T. Gallagher

20

MICHAEL T. GALLAGHER
 (Texas Bar #07586000)
THE GALLAGHER LAW FIRM LLP
2905 Sackett Street
Houston, TX 77098
Telephone: (713) 222-8080
Facsimile (713) 222-0066
mike@gld-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Response to Order to Show Cause has contemporaneously with or before filing been served on all parties  or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.


s/ Michael T. Gallagher
Michael T. Gallagher