# EXHIBIT UU

```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA



IN RE:  XARELTO (RIVAROXABAN)   *
PRODUCTS LIABILITY LITIGATION   *     Docket No. 14-MD-2592
                                *
                                *     Section L
THIS DOCUMENT RELATES TO:       *
                                *     New Orleans, Louisiana
Joseph Orr, et al.              *
v. Janssen Research &           *     May 31, 2017
Development, et. al.,           *
Case No. 15-CV-3708             *
                                *
* * * * * * * * * * * * * * * * *


                    TRANSCRIPT OF JURY TRIAL
              BEFORE THE HONORABLE ELDON E. FALLON
                 UNITED STATES DISTRICT JUDGE
                 VOLUME II - AFTERNOON SESSION


Appearances:


For the Plaintiffs:          Levin Papantonio Thomas Mitchell
                                Rafferty & Proctor, P.A.
                             BY:  BRIAN H. BARR, ESQ.
                                  NEIL E. MCWILLIAMS, JR., ESQ.
                             316 South Baylen Street, Suite 600
                             Pensacola, Florida  32502


For the Plaintiffs:          Beasley Allen Crow Methvin
                                Portis & Miles, PC
                             BY:  ANDY BIRCHFIELD, ESQ.
                             Post Office Box 4160
                             Montgomery, Alabama  36103


For the Plaintiffs:          Gainsburgh Benjamin David
                                Meunier & Warshauer, LLC
                             BY:  GERALD E. MEUNIER, ESQ.
                             1100 Poydras Street, Suite 2800
                             New Orleans, Louisiana  70163
```

Appearances:

| | |
|---|---|
| For the Plaintiffs: | Goza & Honnold, LLC<br>BY: BRADLEY D. HONNOLD, ESQ.<br>11181 Overbrook Road, Suite 200<br>Leawood, Kansas 66211 |
| For the Plaintiffs: | The Lambert Firm<br>BY: EMILY C. JEFFCOTT, ESQ.<br>701 Magazine Street<br>New Orleans, Louisiana 70130 |
| For Bayer Healthcare<br>Pharmaceuticals, Inc.<br>and Bayer Pharma AG: | Wilkinson Walsh + Eskovitz, LLP<br>BY: BETH A. WILKINSON, ESQ.<br>1900 M Street NW, Suite 800<br>Washington, DC 20036 |
| For Bayer Healthcare<br>Pharmaceuticals, Inc.<br>and Bayer Pharma AG: | Nelson Mullins Riley &<br>  Scarborough, LLP<br>BY: DAVID E. DUKES, ESQ.<br>1320 Main Street, 17th Floor<br>Columbia, South Carolina 29201 |
| For Janssen Pharmaceuticals,<br>Inc. and Janssen Research &<br>Development, LLC: | Irwin Fritchie Urquhart<br>  & Moore, LLC<br>BY: JAMES B. IRWIN, ESQ.<br>400 Poydras Street, Suite 2700<br>New Orleans, Louisiana 70130 |
| Official Court Reporter: | Toni Doyle Tusa, CCR, FCRR<br>500 Poydras Street, Room B-275<br>New Orleans, Louisiana 70130<br>(504) 589-7778 |

Proceedings recorded by mechanical stenography, transcript produced by computer.

1  advanced from the beginning of the case was about that the
2  defendants could be held liable for failing to have a black box
3  warning about bleeding risk.  So the defendants,
4  understandably, made motions claiming that those claims are
5  preempted.
6            The law is clear, Your Honor.  In fact, one of
7  the plaintiffs' regulatory experts even concedes in her
8  deposition that the defendants could not unilaterally add a
9  black box warning to the label.  So the plaintiffs, instead of
10 responding to that argument, failed entirely to respond to the
11 preemption argument about black box warning and instead made
12 this representation in their response to the motion, saying
13 that they do not intend to advance such an argument at trial
14 and thus request that this aspect of defendants' motion, the
15 aspect that talked about preemption of a claim regarding a
16 black box warning, the plaintiffs said that should be denied as
17 moot because they weren't going to bring it here.
18            So for now a witness to come on and not only
19 introduce facts but have expert testimony, purported expert
20 testimony about the lack of a black box warning on Xarelto, it
21 doesn't fit with the representation the plaintiffs have made
22 before.
23            Indeed, Your Honor, the defendants on this point
24 would renew our preemption motion and submit to Your Honor that
25 you should grant summary judgment, to the extent the plaintiffs

1   are saying there should be a claim for liability on the basis
2   of a black box warning.  We would renew the motion that that
3   claim is preempted.
4          THE COURT:  Okay.  I understand it.  I'm not going to
5   tell the jury -- I'm not going to tell them to disregard the
6   material about the dosing, because I do think that has
7   something to do with the characteristics.  But I think the
8   black box is different.  I am going to tell them to disregard
9   testimony regarding the black box warning.
10              Thank you very much.
11         MR. MEUNIER:  Your Honor, just to be clear,
12  Dr. Smart's testimony about inadequate warning was not limited
13  to a black box reference.
14         THE COURT:  I understand.  I'm not going to -- I will
15  talk only about the black box.
16         MR. MEUNIER:  Thank you.
17         THE COURT:  Thank you very much.
18              Court will stand in recess.  I will see you all
19  at 8:15 tomorrow.
20                           * * *
21         (The following proceedings were held outside the
22  presence of the jury.)
23         MR. OVERHOLTZ:  I will read them in, then we'll
24  handle them.  The plaintiffs are going to introduce as
25  Plaintiffs' Trial Exhibit 9 Record Number 690562, which was the

1  Gary Peters deposition Exhibit 24.
2             Plaintiffs are going to introduce as Plaintiffs'
3  Trial Exhibit 10 Record Number 690563, which was Peters
4  deposition Exhibit 25.
5             Plaintiffs will introduce Plaintiffs' Trial
6  Exhibit 11, which is Record Number 132656, which was Peters 27.
7             Plaintiffs will introduce PXT-12, which was
8  Record Number 132952, which was Peters deposition Exhibit 28.
9             Plaintiffs will introduce as PXT 13,
10 Record Number 132953, which is Peters 29, deposition exhibit.
11            Okay.  We'll move to the Torr deposition.
12        MS. MILLER:  If I could just quickly.
13            Chanda Miller on behalf of the defendants.  The
14 Peters deposition exhibits that were PXT 9, 10, 11, 12, and 13
15 are being admitted subject to the Court's earlier rulings on
16 the deposition designations and accompanying exhibits from the
17 deposition of Dr. Peters.
18        MR. OVERHOLTZ:  So for the Torr deposition that was
19 played to the jury, we will introduce Plaintiffs' Trial
20 Exhibit 14, which is Record Number 307612, which was Torr
21 Exhibit 4 from the deposition.
22            PXT 15 will be introduced by plaintiffs as
23 Record Number 1482662.  That was deposition exhibit Torr 5.
24            Plaintiffs will introduce PXT 16, which was
25 Record Number 1482663.  That was Torr Exhibit 6 from the

1  CERTIFICATE

2  I, Toni Doyle Tusa, CCR, FCRR, Official Court
3  Reporter for the United States District Court, Eastern District
4  of Louisiana, certify that the foregoing is a true and correct
5  transcript, to the best of my ability and understanding, from
6  the record of proceedings in the above-entitled matter.

7

8

9                                    s/ Toni Doyle Tusa
                                     Toni Doyle Tusa, CCR, FCRR
10                                   Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 523

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

****************************************************************

IN RE:   XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

|                                 |                                |
|---------------------------------|--------------------------------|
|                                 | Docket No. 14-MD-2592          |
| THIS DOCUMENT RELATES TO:       | Section L                      |
|                                 | New Orleans, Louisiana         |
| Joseph Orr, Jr., as Lawful      | Thursday, June 1, 2017         |
| Surviving Spouse of             |                                |
| Sharyn Orr v. Janssen, et al.   |                                |
| Case No. 2:15-cv-03708          |                                |

****************************************************************

```
                TRANSCRIPT OF JURY TRIAL PROCEEDINGS
             HEARD BEFORE THE HONORABLE ELDON E. FALLON
                    UNITED STATES DISTRICT JUDGE
                      VOLUME V - MORNING SESSION
```

APPEARANCES:

| | |
|---|---|
| FOR THE PLAINTIFFS' LIAISON COUNSEL: | MR. ANTHONY BIRCHFIELD, JR.<br>Beasley Allen Crow Methvin<br>  Portis & Miles<br>Post Office Box 4160<br>Montgomery, AL  36103 |
| | MR. BRIAN H. BARR<br>MR. NEIL E. McWILLIAMS, JR.<br>Levin Papantonio Thomas<br>  Mitchell Rafferty & Proctor<br>316 Baylen Street<br>Suite 600<br>Pensacola, FL 32502 |
| | MR. GERALD EDWARD MEUNIER<br>Gainsburgh, Benjamin, David,<br>  Meunier & Warshauer<br>Energy Centre<br>1100 Poydras Street<br>Suite 2800<br>New Orleans, LA  70163-2800 |

Page 524

```
 1                                      MS. EMILY JEFFCOTT
                                        Lambert Firm
 2                                      701 Magazine Street
                                        New Orleans, LA  70130
 3

 4                                      MR. BRADLEY D. HONNOLD
                                        Bartimus, Frickleton,
 5                                         Robertson & Goza, P.C.
                                        11150 Overbrook Road
 6                                      Suite 200
                                        Leawood, KS 66211
 7

 8
     FOR THE DEFENDANT JANSSEN           MR. JAMES B. IRWIN, V
 9   PHARMACEUTICALS, INC.,              Irwin Fritchie
     and JANSSEN RESEARCH &                 Urquhart & Moore, LLC
10   DEVELOPMENT, LLC:                   400 Poydras Street
                                         Suite 2700
11                                       New Orleans, LA  70130

12

13   FOR THE DEFENDANT                   MR. DAVID E. DUKES
     BAYER HEALTHCARE                    Nelson Mullins Riley &
14   PHARMACEUTICALS, INC.,                 Scarborough, LLP
     and BAYER PHARMA AG:                Meridian, 17th Floor
15                                       1320 Main Street
                                         Columbia, SC  29201
16

17                                       MS. BETH A. WILKINSON
                                         Wilkinson Walsh + Eskovitz, LLP
18                                       1900 M. Street NW
                                         Suite 800
19                                       Washington, DC 20036

20

21   Official Court Reporter:            Lanie M. Smith, RPR, CRR
                                         500 Poydras Street, B-275
22                                       New Orleans, Louisiana 70130
                                         (504) 589-7782
23

24
         Proceedings recorded by mechanical stenography,
25   transcript produced via computer.
```

Page 526

1              P R O C E E D I N G S
2              (THURSDAY, JUNE 1, 2017)
3              (MORNING SESSION)
4              (Call to order of the court.)
5
6         THE COURT: Be seated, please.
7              Good morning, ladies and gentlemen.
8              Just a couple of matters before we begin.
9  Yesterday a witness made reference to a black box. That was
10 Dr. Smart.
11             You are to disregard any reference to any black
12 box. A black box or testimony about a black box has no part
13 and should play no part in this trial or your deliberations.
14 So please disregard anything about a black box.
15             Secondly, I want to talk to you about a
16 deposition today. The Plaintiffs are going to start off with a
17 deposition.
18             This deposition is -- part of it is a
19 translation. The witness speaks only German. So they had to
20 translate. So it will be a little difficult, but I know
21 you-all can handle it.
22             So let's start, please. Call your next witness.
23        MR. BIRCHFIELD: Yes, Your Honor. At this time we
24 present the videotape deposition of Dr. Bernhard Glombitza.
25 The deposition was taken on September the 13th and 14th of 2016

1  in Amsterdam, Netherlands.
2           And Dr. Glombitza was the global project leader
3  for Xarelto from 2005 until 2007 and was the vice-president and
4  senior global program head for Xarelto from 2007 until 2012.
5           And Dr. Glombitza's testimony will be in German,
6  as Judge Fallon just mentioned, and will be translated into
7  English.
8           The deposition starts with questioning from the
9  attorneys for the Orr family and concludes with questioning
10 from the attorney for the Defendant.
11          Judge, if I may, it was very helpful having a
12 break -- a stretch break in the middle of the deposition.  If
13 we could find an appropriate time at 30 or 40 minutes, would
14 that be --
15       THE COURT:  No.  That's fine.  We will either do that
16 or take a break.  We'll keep that in mind.  Thank you very
17 much.
18       MR. BIRCHFIELD:  Thank you, Your Honor.
19                   (Videotape played.)
20 Q.   Good morning, Dr. Glombitza.  Will you please state your
21 full name for the record here.
22 A.   Bernhard Glombitza.
23 Q.   And, Dr. Glombitza, you currently work for Bayer; is that
24 correct?
25 A.   That is correct.

Page 619

1   A.    Correct.

2   Q.    And would that extend beyond say, edema, to blood
3 pressure?

4   A.    Blood pressure, definitely. Heart failure, definitely.
5 When we remove fluid on dialysis, you are able to better
6 control those two diseases.

7   Q.    Now, have patients with conditions similar to Sharyn who
8 start dialysis, have they gone on to lead meaningful lives?

9         MR. DUKES:  Your Honor, objection.  Improper expert
10 opinion testimony by a treating physician.

11         MS. JEFFCOTT:  Your Honor, he gave a very similar
12 statement in his deposition.

13         THE COURT:  Well, let's get to a time where we can
14 stop, anyway.  It's around noontime.

15         Can we stop here?

16         MS. JEFFCOTT:  We can stop here.

17         THE COURT:  All right.  We'll stop here.  Come back at
18 1:15.  Court is in recess until 1:15.

19         THE COURTROOM MANAGER:  All rise.

20         (The jury exited the courtroom.)

21         (Court is in recess.)

22         * * * *

23         REPORTER'S CERTIFICATE

24         I, Lanie M. Smith, CRR, RPR, Official Court
Reporter, United States District Court, Eastern District of
25 Louisiana, do hereby certify that the foregoing is a true and
correct transcript, to the best of my ability and

1   understanding, from the record of the proceedings in the
    above-entitled and numbered matter.
2

3                                       /s/ Lanie M. Smith_____
                                        Official Court Reporter
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25