UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br><br>SECTION L<br>JUDGE ELDON E. FALLON<br>MAGISTRATE JUDGE NORTH |

THIS DOCUMENT RELATES TO:

*Delbert "Sonny" West and Judy West v. Janssen Research & Development LLC, et al.*;
Civil Action No.: 2:16-cv-15276

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR EXTENSION OF TIME TO SERVE PROCESS
ON DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS**

Plaintiffs submit this memorandum in support of their motion for an order from this Court granting them sixty (60) days within which to serve process on the Defendant Bayer Healthcare Pharmaceuticals.

**I.     BACKGROUND**

The action above was filed in the United States District Court for the Middle District of Tennessee, on August 10, 2016 (Doc. 1). On August 11, 2016, a summons for Defendant Bayer Healthcare Pharmaceuticals ("BHP"), was issued, along with summonses for the other nine (9) Defendants. (Doc. 4). BHP received a copy of the Complaint and Summons by Certified Mail. The other nine (9) Defendants were either served through their registered agent or agreed to waive service. On September 20, 2016, the undersigned counsel received a Conditional Transfer Order notifying Plaintiff that the action would be transferred to the Eastern District of Louisiana. (Case MDL No. 2592 Document 978).

On May 23, 2017, Plaintiffs received a letter from the firm representing BHP indicating that the complaint and summons was received, however, BHP did not receive it until after 60 days in which the case was docketed in the MDL. (See Exhibit 1, Letter from Lindy Brown).

## II.     ANALYSIS

FRCP 4 sets forth the procedure for notifying defendants that a federal lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. Rule 4 also imposes upon an individual corporation or association subject to service to "avoid unnecessary expenses of serving the summons." FRCP4(d)(1). If a defendant is not served within 90 days after the complaint is filed (or within the 60 days allowed under the streamlined process in PTO 10), Rule 4 instructs the court to "dismiss the action without prejudice against the defendant or order that service be made within a specified time." In formally issuing and serving the complaint and summons upon BHP and perfecting service upon their registered agent in Wilmington, Delaware, it is through no fault of the Plaintiff and rather unusual that a summons having been issued in August of 2016 and the case being transferred on October 6, 2016, was not received by BHP within the 60 days of filing required by PTO 10, or 90 days allowed under FRCP 4. "[T]he court has discretionary power to extend time for service" even in the absence of good cause. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

It would be appropriate for the Court to exercise its discretionary power in this circumstance. This MDL involves cases filed by thousands of plaintiffs who have alleged claims that are virtually identical in that they involve similar injuries allegedly caused by use of the same pharmaceutical, Xarelto. Therefore, no actual prejudice will occur to Defendants if this Court grants the relief sought by the Plaintiff identified in the action above. Even more, Plaintiffs attempted to resolve this matter with counsel for BHP by requesting a (1) waiver of formal service

of process or (2) otherwise accepting service of the summons and complaint BHP has acknowledging receiving. (See Exhibit 2, Letter to Ms. Lindy Brown).

Plaintiffs were not acting in "bad faith" in delaying service of their Complaint, as Defendant was fully aware of the pending litigation in this MDL, has been served with thousands of virtually identical complaints as the one served here, and has in fact received the completed PFS and summons and complaint for the Plaintiffs identified in this Motion. A permissive extension by the Court is appropriate under these circumstances to avoid issues regarding the statute of limitations for Plaintiffs' claim, although the original complaint was timely filed as to Plaintiffs.

### III.  CONCLUSION

In consideration of the above, Plaintiffs request an order from this Court granting them sixty (60) days within which to serve process on the Defendant or in the alternative, to deem the previously served summons and complaint as timely. Plaintiffs demonstrate that no party will be prejudiced by the granting of the relief sought and that the progress of the MDL will not be affected.

Dated: October 9, 2017

       Respectfully submitted,

       **CUMMINGS MANOOKIAN PLC**

       /s/ Brian Cummings
       Brian Cummings
       TN State Bar No. 19354
       45 Music Square West
       Nashville, TN 37203
       bcummings@cummingsmanookian.com
       (615) 266-3333
       (615) 266-0250

       *Attorney for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 9, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

      /s/ Brian Cummings
      Brian Cummings