| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * MDL NO. 2592 |
| | * SECTION L |
| | * JUDGE ELDON E. FALLON |
| | * MAG. JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**
*Louiviere v. Janssen, et al.*, No. 15-4790

## ORDER & REASONS

Before the Court is Defendants' Motion for Summary Judgment. R. Doc. 5415. Plaintiff has responded in opposition. R. Doc. 5658. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

I. **BACKGROUND**:

This matter arises from damages Plaintiffs claim to have suffered from the manufacture, sale, distribution, and/or use of the medication known as Xarelto, an anti-coagulant used for a variety of blood-thinning medical purposes. The Plaintiffs have filed suits in federal courts throughout the nation against Defendants, Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare AG, Bayer Pharma AG, and Bayer AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson. The Plaintiffs specifically allege that they or their family members suffered severe bleeding and other injuries due to Xarelto's allegedly inadequate warning label. In this case, Plaintiff Louiviere brings a claim for damages from internal bleeding allegedly caused by treatment with Xarelto.

1

## II. PRESENT MOTIONS

### A. Defendant's Motion for Summary Judgment (R. Doc. 5415)

Defendant moves for summary judgment arguing that Plaintiff's lawsuit is prescribed. R. Doc. 5415 at 2. Defendant alleges that Plaintiff Louviere believed and had reason to believe that his gastrointestinal bleed was caused by Xarelto no later than March 28, 2013. R. Doc. 5415 at 1. Therefore, Defendant argues, Plaintiff had until March 28, 2014 to file his claim against Defendant. R. Doc. 5415 at 1. Because Plaintiff did not file his lawsuit until June 4, 2015, Defendant argues that this claim is prescribed and Defendant is entitled to summary judgment. R. Doc. 5415 at 1-2.

### B. Plaintiff's Response (R. Doc. 5658)

Plaintiff responds in opposition to Defendant's motion. R. Doc. 5658. Plaintiff argues that his lawsuit was timely filed because he is not merely claiming damages based on his internal bleeding, but also based on Defendant's failure to properly instruct Plaintiff's physicians. R. Doc. 5658 at 1. Plaintiff argues that he was unaware of this tortious behavior at the time of the internal bleeding. R. Doc. 5658 at 1. Plaintiff argues that the prescriptive period did not begin to run until Plaintiff was aware that Defendant's alleged tortious acts had placed him at an unnecessarily increased risk for internal bleeding. R. Doc. 5658 at 14. Therefore, Plaintiff was not required to file his suit until after he learned about this connection and Plaintiff timely filed. R. Doc. 5658.

### C. Defendant's Reply (R. Doc. 5798)

Defendant replies arguing that Plaintiff's claim has prescribed because plaintiffs do not need to be aware of their potential claims or legal theories in order to be on notice. R. Doc. 5798 at 1. On the contrary, Defendant argues, plaintiffs must investigate the facts and circumstances of

potential claims as soon as they are aware of an injury. R. Doc. 5798 at 1. Finally, Defendant reasserts its argument that *contra non valentum* does not apply to Plaintiff's case because Louisiana law states that the prescriptive period begins when the plaintiff has enough notice to inquire about a potential claim, rather than when plaintiff has completed an inquiry and discovered specific information about the potential claim. R. Doc. 5798 at 4.

## III. LEGAL STANDARD

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th

3

Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence, review the facts and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001); *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### B. Prescriptive Period

Because this Court's jurisdiction is based on diversity, and the plaintiff is a resident of Louisiana, the law of Louisiana applies. *Orleans Parish Sch. Bd. V. Asbestos Corp. Ltd.*, 114 F.3d 66, 68 (5th Cir. 1997). Louisiana Civil Code Article 3492 states that the prescriptive period for products liability claims is one (1) year. The period begins to run from the day the injury or damage is sustained. *Carter v. Matrixx Initiatives, Inc.*, 391 F. App'x 343, 344 (5th Cir. 2010).

### C. *Contra Non Valentem*

The doctrine of *contra non valentem* states that prescription begins to run when a plaintiff has "actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Bailey v. Khoury*, 04-0620, p. 10 (La. 1/20/05); 891 So.2d 1268, 1276. A review of the applicable cases compels the conclusion that this occurs when the plaintiff has actual or constructive knowledge of a causal relationship between the object or product and the injury. The plaintiff does not need to be aware of exactly which legal claims and theories will be used in his case in order to be put on inquiry notice. "There is no requirement that a patient be informed by an attorney or physician of a possible [claim] before prescription begins to run." *Breaux v. Danek Medical*, No. 95-1730, 1999 WL 64929, at *6 (E.D. La. 1999). Rather, "the prescriptive period commences when there is enough notice to call for an inquiry about a claim, not when an

4

inquiry reveals the facts or evidence that specifically outline the claim." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 300 (5th Cir. 1999). "[T]he doctrine . . . only suspends the running of prescription during the period of time when the action was not reasonably knowable by the plaintiff." *Bowers v. Orleans Parish School Board*, 694 So.2d 967, 973 (La. App. 4 Cir. 1996).

## IV. DISCUSSION

Generally, the prescriptive period for a tort claim begins to run from the time the plaintiff is injured. *Contra non valentem* provides some grace for those plaintiffs who are unaware that their injury was caused by a tort. However, this grace period does not extend until the plaintiff has gathered all of the facts necessary to successfully pursue her claim. Neither does it extend until the plaintiff has determine the legal theory upon which his lawsuit will be based. Rather, the grace period ends and the prescriptive period begins when the plaintiff has enough actual or constructive knowledge that it would be reasonable for her to inquire about the potentially tortious cause of her injury and file a lawsuit.

Here, the timeline regarding the Plaintiff's injuries and knowledge follows:

- January 15, 2013 – Plaintiff is prescribed Xarelto
- March 6, 2013 – Plaintiff is hospitalized for internal bleeding; Xarelto prescription reduced
- March 25, 2013 – Plaintiff is hospitalized for internal bleeding
- March 28, 2013 – Plaintiff's Xarelto treatment is discontinued; released from hospital
- June 4, 2015 – Plaintiff files instant lawsuit

Mr. Louiviere was at least put on inquiry notice as to the link between his bleeding injury and Xarelto on March 28, 2013. When Mr. Louiviere was hospitalized with internal bleeding for the second time, his doctors told him to stop taking Xarelto. Furthermore, the Xarelto label lists

bleeding as a potential risk of use. Thus at that time the Plaintiff knew or should have known that Xarelto was a cause of his bleeding event. He may not have known how or why or whether some preventative action could have been taken to minimize or eliminate a bleeding risk. But this does not toll the prescriptive period.

For the prescriptive period to commence, the law does not require that Mr. Louiviere know all the details pertaining to prosecuting his lawsuit and how the Defendant committed its alleged tortious actions. Rather, the law requires that Mr. Louiviere be sufficiently aware of his injury and the potential connection to Xarelto for it to be reasonable for him to inquire and file a claim. Here, Mr. Louiviere had, on March 28, 2013, sufficient actual or constructive knowledge to alert a reasonable person that there was a relationship between Xarelto and his bleed and that he could be the victim of a tort. Therefore, the prescriptive period commenced on March 28, 2013 and it was not reasonable for Mr. Louiviere to delay filing his lawsuit until June 4, 2015.

## V. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that the Defendant's Motion for Summary Judgment, R. Doc. 5415, is hereby **GRANTED**.

New Orleans, Louisiana, this 10th day of October, 2017.

_____
UNITED STATES DISTRICT JUDGE