UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2592 |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |
| ************************************************ | * | |

**THIS DOCUMENT RELATES TO:**
*Edward Davidson v. Janssen Research & Development, LLC, et al.*, No. 17-3464

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Vacate Conditional Transfer Order. R. Doc. 6412. Defendants have responded in opposition. R. Doc. 6671. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

**I. BACKGROUND**

This matter arises from damages Plaintiffs claim to have suffered from the manufacture, sale, distribution, and/or use of the medication known as Xarelto, an anti-coagulant used for a variety of blood-thinning medical purposes. The Plaintiffs have filed suits in federal courts throughout the nation against Defendants, Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare AG, Bayer Pharma AG, and Bayer AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson. The Plaintiffs specifically allege that they or their family members suffered severe bleeding and other injuries due to Xarelto's allegedly inadequate warning label.

The Judicial Panel on Multidistrict Litigation determined that the Plaintiffs' claims involved common questions of fact, and that centralization under 28 U.S.C. § 1407 would serve

1

the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Therefore, on December 12, 2014, the Judicial Panel on Multidistrict Litigation consolidated the Plaintiffs' Xarelto claims into a single multidistrict proceeding ("MDL 2592"). MDL 2592 was assigned to Judge Eldon E. Fallon of the United States District Court for the Eastern District of Louisiana to coordinate discovery and other pretrial matters in the pending cases. Subsequent Xarelto cases filed in federal court have been transferred to this district court to become part of MDL 2592 as "tag along" cases; at present the Court has approximately 20,000 cases in the Xarelto MDL. The Court appointed committees to represent the parties. The Court adopted a discovery plan and set bellwether trials to begin in April 2017. The first two trials involved Louisiana residents: Joseph Boudreaux and Sharyn Orr. These trials were conducted in New Orleans, Louisiana. The third bellwether trial was conducted in Jackson, Mississippi, involving a Mississippi resident: Dora Mingo. This motion relates to the individual claims of Plaintiff Edward Davidson.

## II. PRESENT MOTIONS

### A. Plaintiff's Motion to Vacate Conditional Transfer Order (R. Doc. 6412)

Plaintiff moves that the Court vacate the Conditional Transfer Order and issue an order remanding the case to the United States District Court for the Central District of California. R. Doc. 6412 at 1. Plaintiff argues that this case was improperly removed and was transferred to the MDL before Plaintiff could file a remand motion. R. Doc. 6412-1 at 1. Plaintiff argues that the federal court lacks subject matter jurisdiction because there is not complete diversity between the parties. R. Doc. 6412-1 at 1. Plaintiff alleges that he is a resident of California and that named defendant, McKesson Corporation is also a citizen of California because it has its principal place

2

of business in California. R. Doc. 6412-1 at 2. Therefore, Plaintiff requests that the Court vacate the conditional transfer order. R. Doc. 6412-1 at 2.

### B. Defendants' Response (R. Doc. 6671)

Defendants respond in opposition arguing that Plaintiff failed to timely oppose the transfer. R. Doc. 6671 at 1. Defendants further argue that only the JPML can vacate conditional transfer orders. R. Doc. 6671 at 2. Defendant argues that because only the court of appeals is permitted to review the JPML's transfer with an extraordinary writ, this Court does not have jurisdiction to review the JPML transfer. R. Doc. 6671 at 2. Therefore, Defendants request that the Court deny Plaintiff's motion. R. Doc. 6671 at 2.

## III. LAW & ANALYSIS

The JPML Rules of Procedure state that "[a]ny party opposing [a] transfer shall file a notice of opposition with the Clerk of the Panel within the 7-day period." J.P.M.L. Rule 7.1(c). "Failure to respond to a [transfer order] shall be treated as that party's acquiescence." J.P.M.L. Rule 7.1(d). Further,

> No proceedings for review of any order of the panel may be permitted except by extraordinary writ pursuant to the provisions of title 28, section 1651, United States Code. … Petitions for an extraordinary writ to review an order to transfer or orders subsequent to transfer shall be filed only in the court of appeals having jurisdiction over the transferee district.

28 U.S.C. § 1407(e).

Here, Plaintiff has not followed the proper procedure to oppose the transfer of his claims. Furthermore, this Court has no authority to vacate conditional transfer orders.

3

## IV. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that the Plaintiff's Motion to Vacate Conditional Transfer Order, R. Doc. 6412, is hereby **DENIED**.

New Orleans, Louisiana, this 12th day of October, 2017.

_____
UNITED STATES DISTRICT JUDGE