# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| | MAGISTRATE NORTH |

**William Henry v. Janssen Research & Development, LLC f/k/a Johnson & Johnson Pharmaceutical Research and Development, LLC, et al.**
Case No. 2:15-cv-0224

**Harriet Ibanez, et al. v. Janssen Research & Development, LLC f/k/a Johnson & Johnson Pharmaceutical Research and Development, LLC, et al.**
Case No. 2:14-cv-02669

## DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTION TO EXTEND BRIEFING DEADLINES IN CMO 2(J)

The Janssen and Bayer defendants jointly submit this response to Plaintiffs' Motion to Extend the Briefing Deadlines in CMO 2J.  As discussed in more detail below, Plaintiffs have not established good cause to alter the briefing schedule agreed upon just three weeks ago:

- Plaintiffs knew or should have known of their potential challenge to the Texas Products Liability Act long ago.  There is no reason the constitutional issue cannot be briefed on the stipulated schedule.  With great reluctance, Defendants would agree to postpone the oral argument to allow the required notice to be given to the Texas Attorney General under Fed. R. Civ. P. 5.1, which would be a far more efficient procedure than postponing the briefs.

- Plaintiffs' claimed need for unspecified discovery on the preemption issue—which somehow they did not perceive a need for three weeks ago when they agreed to the briefing schedule—is not credible. They already have briefed and won the issue in three cases. Moreover, the conclusory request lacks the specificity required by Fed. R. Civ. P. 56(d) and Fifth Circuit precedent. If Plaintiffs believe more discovery is needed on the preemption issue, they should brief the issue on the stipulated schedule and include within their brief a properly supported application to defer ruling under Fed. R. Civ. P. 56(d).

1. There is no good cause to defer briefing. In CMO 2J, the parties stipulated to a briefing schedule that provided for Defendants' summary judgment motions to be due on September 21, Plaintiffs' oppositions on October 20, and Defendants' replies on November 3. The parties verbally agreed to the briefing schedule at a meet and confer on September 18; the parties jointly presented their verbal agreement to the Court in chambers on September 19; they formally presented the stipulated briefing schedule to the Court in a jointly submitted proposed CMO on September 20; and the Court formally approved the stipulation as CMO 2J on September 21. Nothing has changed in the three weeks since the parties presented and the Court approved CMO 2J that would now require undoing it.

2. Plaintiffs assert two reasons for abrogating the CMO: (1) they want to challenge the constitutionality of a portion of the Texas Product Liability Act, which requires 60-days notice to the Texas Attorney General under Fed. R. Civ. P 5.1, and (2) they want to take additional discovery to support their opposition to Defendants' preemption motions. Neither excuse is justified.

a. Plaintiffs have known since *Henry* was selected as a bellwether plaintiff in August 2016 that Defendants would assert a defense under the Texas Product Liability Act. Indeed, Plaintiffs cited the statute as the reason for opposing the selection of a Texas-resident bellwether plaintiff, an objection that the Court overruled. Plaintiffs had more than adequate time to notify the Texas Attorney General of any constitutional challenge. There is no reason to abrogate the parties' stipulation and the Court's order by deferring the briefing schedule, especially when there is an alternative remedy that adequately protects both Plaintiffs' and the Texas Attorney General's interests, as set forth in paragraphs 3(a) and (b) below.

b. Plaintiffs' request to defer briefing on preemption because of a desire to take unspecified additional discovery is procedurally defective. Federal Rule of Civil Procedure 56(d) provides the correct procedure for a party to oppose summary judgment on the ground that it has not had an adequate opportunity to oppose the motion:

> **(d) When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Plaintiffs have failed to provide a Rule 56(d) affidavit, declaration, or other written statement detailing with specificity what discovery they think they would need in order to oppose a preemption motion, why the existing massive discovery is not adequate, and why they could not have taken the discovery earlier within the deadline provided by prior CMOs—particularly in light of the fact that Plaintiffs responded to two previous sets of preemption motions (and tried three cases) without the discovery that they now purport to need. Plaintiffs' failure to detail with

specificity the alleged discovery needed to defeat Defendants' summary judgment motion is fatal to their contention that the stipulated briefing schedule should be abrogated. *See, e.g., Dreyer v. Yelverton*, 291 F. App'x 571, 578 (5th Cir. 2008) ("A party cannot evade summary judgment simply by arguing that additional discovery is needed, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." (internal quotations omitted)); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) ("The nonmoving party must show how the additional discovery will defeat the summary judgment motion, that is, will create a genuine dispute as to a material fact, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts." (internal quotations omitted)); *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980) ("The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, particularly where, as here, ample time and opportunities for discovery have already lapsed." (internal citation omitted)).[1]

    3.    Nonetheless, Defendants reluctantly consent to some reasonable extension of the *oral argument date*—but not of the briefing schedule—due to the following:

    a.    *Henry*'s utility as a bellwether case would be diminished if Plaintiffs decide to challenge the constitutionality of the Texas Product Liability Act in other Texas cases and the matter is not litigated in the *Henry* case. There is no excuse for Plaintiffs' delay, but under the circumstances we prefer a decision in *Henry* that will bind all Texas plaintiffs rather

---

[1] Although it is permissible to make the requisite factual showing in a motion for continuance rather than through a declaration or affidavit, *Meadows v. Latshaw Drilling Co., L.L.C.*, 866 F.3d 307, 313 (5th Cir. 2017), as the Fifth Circuit cases cited above demonstrate, a factual record demonstrating with specificity the bona fide need for discovery must be made somewhere for the summary judgment motion to be deferred. *See, e.g., id.* at 313-14 (noting that Rule 56(d) requires a showing that additional discovery is needed "for specified reasons" and requiring that the non-movant establish in writing "why he needs additional discovery and how the additional discovery will create a genuine issue of material fact" (internal quotations omitted)).

than have a decision in *Henry* that will leave the constitutional issue open for another day. However, it is not necessary to abrogate the stipulated briefing schedule to accommodate Plaintiffs' and the Texas Attorney General's interests. Plaintiffs should file their opposition, including any constitutional challenge, on October 20 as is now required by CMO 2J. Plaintiffs also should provide the requisite notice to the Texas Attorney General on October 20, including with their notice copies of Defendants' summary judgment motion and of Plaintiffs' opposition. Defendants will serve the Texas Attorney General with their reply. Oral argument can then be deferred until the 60-day period for the Texas Attorney General to intervene expires in late December. In that way, Plaintiffs' interest in making a constitutional challenge and the Texas Attorney General's right to intervene can both be protected without altering the stipulated briefing schedule.

    b. Keeping the agreed-upon briefing schedule, and postponing only the oral argument, is by far the more efficient procedure. Providing the Texas Attorney General with the briefs would assist the Attorney General in making an informed decision about whether to intervene since he will have the benefit of the parties' written submissions rather than only a conclusory notice upon which to evaluate the State's interest. Keeping the stipulated briefing schedule and deferring only the argument also will result in the most expeditious resolution of the motion. If the Texas Attorney General elects not to intervene, the matter will be fully briefed and oral argument can be scheduled forthwith rather than having to wait for more briefing by the parties. If the Texas Attorney General elects to intervene, he will be able to participate in a more expeditious way if he already has had the benefit of the parties' submissions and is fully apprised of the parties' positions. One can be sure that the Attorney General will request substantial extra

time to learn more about the issues if all he has received before intervention is a conclusory notice of an intent to challenge the constitutionality of the statute, but not the parties' briefs.

        c.      For a similar reason, Defendants are not requesting that the Court procedurally default Plaintiffs for failing to file a properly supported Rule 56(d) statement. That is because even if Plaintiffs waived a request to defer summary judgment on preemption by not complying with Rule 56(d) in *Henry/Ibanez* the PSC would likely argue that the waiver did not bind other MDL Plaintiffs, which (if accepted) would diminish the utility of using these cases as potential vehicles for a section 1292(b) interlocutory appeal on preemption. Under these circumstances, the proper course is neither to deny Plaintiffs' motion on procedural grounds nor to alter the stipulated briefing schedule. Instead, the Court should require Plaintiffs to file their substantive opposition to the preemption motion on October 20 as currently scheduled, and to allow Plaintiffs to cure the procedural defect in their current motion by including within their opposition a properly supported application under Rule 56(d). Defendants will then respond both on the merits of the preemption defense and to the Rule 56(d) application. The Court can then assess the claimed need for additional discovery based on a clear record rather than in the abstract, as Rule 56(d) requires. Defendants also suggest that the Court utilize the 60-day window when the Texas Attorney General is deciding whether to intervene to hear any Rule 56(d) request Plaintiffs may make to defer ruling on summary judgment because of a perceived need for more discovery. If the Court decides that no additional discovery is required, the preemption motions can be decided on the merits, as briefed. Alternatively, if the Court decides that some additional discovery is required, it can make that decision based on a concrete record, specifying exactly what discovery is needed, and obtain supplemental briefs as to the significance/insignificance of the new discovery.

4.	Plaintiffs make no request to defer briefing on the learned intermediary summary judgment motion (Rec. Doc. 7658), and no such extension should be granted. Once fully briefed, the Court can then decide whether to have a separate earlier hearing on the learned intermediary motion (which if granted would moot the others, at least as to the *Henry* case) or whether it wishes to consolidate oral argument on all motions into one hearing after the 60-day window expires for the Texas Attorney General to intervene.

5.	Defendants also point out that Plaintiffs' decision to filibuster the *Henry* dispositive motions by stringing out the hearing date should have implications for the schedule going forward. We presume that Plaintiffs are making a constitutional challenge to the Texas statute—and seeking more preemption discovery—in the hope of increasing the odds that the *Henry* case will be tried.

The parties are continuing to meet and confer to determine the extent to which they can reach full agreement (less likely) or partial agreement (more likely) on a future case management order. There is nothing currently pending for the Court to decide. But Defendants wish to state their view that, consistent with what the Court has always advised the parties, completing the bellwether process is the necessary, stipulated and so ordered antecedent to further MDL proceedings.[2]

---

[2] The discussion Defendants had with Plaintiffs and the Court on September 19 concerning future MDL workups proceeded from Plaintiffs' stated premise that *Henry* was ready to be briefed and that the case would likely soon be dismissed on summary judgment under the Texas Product Liability Act. Plaintiffs, however, now want to slow walk the disposition of the fourth bellwether case, hoping that the case will survive summary judgment without having to actually try the case. How Plaintiffs' delaying tactic should affect the future course of proceedings is for the Court to decide after the parties submit their competing proposals for the Court's consideration.

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ *Susan M. Sharko*
Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
susan.sharko@dbr.com

Rodney M. Hudson
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Rodney.hudson@dbr.com

Chanda A. Miller
Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Telephone: (215) 988-2500
Chanda.Miller@dbr.com

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
James B. Irwin
Kim E. Moore
Irwin Fritchie Urquhart & Moore LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
jirwin@irwinllc.com

*Attorneys for Janssen Defendants*

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *William Hoffman*
William Hoffman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
william.hoffman@apks.com

Andrew K. Solow
Steven Glickstein
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
andrew.solow@apks.com
steven.glickstein@apks.com

BRADLEY ARANT BOULT CUMMINGS LLP

By: */s/ Lindsey C Boney IV*
Lindsey C Boney IV
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, AL 35203-2119
Telephone: (205) 521-8803
lboney@bradley.com

CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
John F. Olinde
Chaffe McCall L.L.P.
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
olinde@chaffe.com
*Attorneys for Bayer Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 13th day of October, 2017, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the court's electronic filing system.

*/s/ John F. Olinde*