UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : MDL No. 2592 <br> : <br> : SECTION: L <br> : <br> : JUDGE ELDON E. FALLON <br> : <br> : MAGISTRATE JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

*Alice Schwartz v. Janssen Research & Development LLC, et al.*
*LAED USDC No. 2:17-cv-03595*

## MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG

Plaintiff Alice Schwartz, through her undersigned counsel, submits this memorandum in support of her motion seeking an Order from this Court to allow her an additional thirty (30) days from the time such Order is granted within which to serve process on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG.

### I. BACKGROUND

The foregoing action was filed with the United States District Court for the Eastern District of Louisiana, as part of the consolidated proceeding *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on April 17, 2017. Following this filing, Plaintiff endeavored to have her complaint served in the manner set forth in this Court's Pre-Trial Order No. 10 by sending all requisite materials by certified mail to Bayer Healthcare Pharmaceuticals, Inc.'s designated representative, by registered mail to Bayer Pharma AG's designated representative, and by email to

xareltocomplaints@babc.com. The Plaintiff's Fact Sheet for this case was also submitted on May 31, 2017 with the minimum of information required under Pre-Trial Order No. 27.

However, due to inadvertence and administrative error on the part of one of Plaintiff's counsel's legal secretaries, the aforementioned mailings were not sent until June 29, 2017, 73 days after the docketing the complaint within the MDL. Specifically, the legal secretary who was tasked with ensuring that the complaint was served properly inadvertently used the 90 day time limit for service of process as laid out in Fed. R. Civ. P. 4(m) instead of the 60 day time limit for streamlined service of process as laid out in Pre-Trial Order No. 10. On July 12, 2017, Plaintiff's counsel received a letter from the legal counsel for Defendant Bayer Healthcare Pharmaceuticals, Inc. This letter, sent by electronic mail only, stated that the attempted service was untimely and improper.

Plaintiff does note that she has not seen any documentation or letters from Defendant Bayer Pharma AG similarly disputing the attempted service. However, in an abundance of caution, Plaintiff brings this present Motion to also address an extension of deadlines to serve process upon that party in case it is necessary.

## II. ANALYSIS

If a plaintiff shows good cause for a failure to serve process upon a defendant within the specified time period, the Court may extend the time to serve process per Fed. R. Civ. P. 4(m). Fed. R. Civ. P. 4(m) also permits the Court to order that service of process be made within a specified time if a defendant is not served within 90 days of the filing of the complaint. Accordingly, the Court has the discretion to decide that a permissive extension is appropriate. See United States v. Ligas, 549 F.3d 497, 501 (7th Circ. 2008), citing Henderson v. United States, 517 U.S. 654, 662-63 (1996). Upon a showing of good cause by a plaintiff for failure to serve a defendant, the Court should allow additional time for service, and even if good cause was not shown, the Court may still specify a time period in

which the defendant is to be served. See Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). The Court may determine if such relief is warranted by looking at the "arguments and factors advanced by the plaintiff." Cardenas v. City of Chi, 646 F.3d 1001, 1007 (7th Cir. 2011) citing Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 341 (7th Cir. 1996). The Court may also consider other relevant factors, including "prejudice to the Defendant, actual notice of a lawsuit and eventual service." Troxell v. Fedders of N.A. Inc., 160 F.3d 381, 383 (7th Cir. 1998). Meanwhile, as regards defendants in foreign countries, the limitations and service deadlines set forth in Fed. R. Civ. P. 4(m) do not generally apply. See also Lozano v. Bosdet, 693 F.3d 486, 486 (5th Cir. 2012).

As noted previously, inadvertence led to this matter not being served on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG within the 60 day time period set forth in Pre-Trial Order No. 10. However, attempted service was still made within two weeks of that time period. This attempted service was also within the 90 day time period for regular service under Fed R. Civ. P. 4. As a result, Defendants herein should not be prejudiced by an extension of the time limits within which to serve process under Pre-Trial Order No. 10, as they were put on notice of this lawsuit by the aforementioned service attempt. Furthermore, Plaintiff did submit her Plaintiff's Fact Sheet through MDLCentrality 44 days after the filing of her complaint, which should have also provided a degree of notice to Defendants of this lawsuit well within the 60 time period set forth in Pre-Trial Order No. 10. Finally, the Xarelto MDL involves thousands of cases with virtually identical claims to that being pursued by Plaintiff and thus, there should not be any interference with Defendants' ability to prepare their case.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this instant Motion to extend the time for serving Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG.

Respectfully Submitted,

DATED: OCTOBER 12, 2017

HODES • MILMAN • LIEBECK, LLP

BY: _____
BENJAMIN T. IKUTA, ESQ.
ATTORNEYS FOR PLAINTIFF,
ALICE SCHWARTZ

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion has been served on all parties or their attorneys through the electronic filing system of the United States District Court for the Eastern District of Louisiana.

Dated: October 16, 2017

By: _____
BRENDA K. MILLER