CLERK'S OFFICE
A TRUE COPY
Oct 19 2017
Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION         MDL No. 2592

## TRANSFER ORDER

**Before the Panel:** Plaintiffs in the eight actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders conditionally transferring the actions to MDL No. 2592. Defendants Bayer and Janssen oppose the motions to vacate and support transfer.[1]

After considering the argument of counsel, we find these actions involve common questions of fact with the actions transferred to MDL No. 2592, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Movants do not dispute that their actions share questions of fact with MDL No. 2592. Like many of the already-centralized actions, these actions involve factual questions arising from allegations that Xarelto causes severe bleeding and other injuries and that defendants did not adequately warn prescribing physicians or consumers of the risks associated with Xarelto. *See In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402 (J.P.M.L. 2014).

In support of the motions to vacate, plaintiffs argue that their actions were improperly removed, and the transferor courts should decide the issues presented in their motions for remand to state court. The pendency of jurisdictional objections are not, as a general matter, a sufficient reason to delay or deny transfer. *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). Moreover, after the filing of plaintiffs' motions to vacate, the transferor court in the seven Southern District of Illinois actions resolved the jurisdictional objections and denied plaintiffs' remand motions. In the Central District of California action (*Harboyan*), the court stayed the action and denied the remand motion without prejudice to renewal after the Panel's decision on transfer.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for inclusion in the coordinated or consolidated pretrial proceedings.

---

[1] Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, and Bayer Corporation (collectively, Bayer); and Janssen Research & Development, LLC, Janssen Ortho LLC, Janssen Pharmaceuticals, Inc., and Johnson & Johnson (collectively, Janssen).

-2-

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: XARELTO (RIVAROXABAN) PRODUCTS
LIABILITY LITIGATION**                                                         MDL No. 2592

## SCHEDULE A

<u>Central District of California</u>

| | |
|---|---|
| 17-cv-10808 L(5) | HARBOYAN v. JOHNSON AND JOHNSON COMPANY, ET AL., C.A. No. 2:17-05235 |

<u>Southern District of Illinois</u>

| | |
|---|---|
| 17-cv-10810 L(5) | BEROUSSE, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL., C.A. No. 3:17-00716 |
| 17-cv-10811 L(5) | DOUTHIT, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL., C.A. No. 3:17-00752 |
| 17-cv-10812 L(5) | BANDY, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL., C.A. No. 3:17-00753 |
| 17-cv-10813 L(5) | WOODALL, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL., C.A. No. 3:17-00754 |
| 17-cv-10814 L(5) | PIRTLE, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL., C.A. No. 3:17-00755 |
| 17-cv-10815 L(5) | BRAUN, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL., C.A. No. 3:17-00756 |
| 17-cv-10816 L(5) | ROLAND, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, LLC, ET AL., C.A. No. 3:17-00757 |