UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *All Cases* | * * * | JUDGE ELDON E. FALLON |
| | * * | |
| | * | MAGISTRATE JUDGE NORTH |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH THE CROSS-NOTICE OF DEPOSITION OF BYRON CRYER, MD**

**I.   INTRODUCTION**

Plaintiffs move to quash the improper cross-notice of deposition filed by the Bayer Defendants. As explained below, the motion should be granted.

**II.   FACTUAL BACKGROUND**

On October 26, 2017 at 8:57 PM, the Bayer Defendants sent Plaintiffs an email cross-noticing the deposition of Byron Cryer, MD in the MDL proceedings. *See* October 26, 2017 email from Albert Cora to Brian Barr, *et al*, attached hereto as Exhibit "1." Dr. Cryer's deposition had been previously noticed in the second Philadelphia bellwether trial as long ago as September 8, 2017 to take place today in Dallas, Texas.[1] Despite this forty-nine (49) day advance notice, the Bayer Defendants waited unit thirteen (13) hours before the deposition was set to proceed to cross-

---

[1] The Cross-Notice of Videotaped Deposition of Byron Cryer, MD is attached to Exhibit "1" hereto. The deposition notice in the Philadelphia proceedings is Exhibit "A" to the cross-notice.

1

notice the deposition of Dr. Cryer, one of the Bayer Defendants' expert witnesses,[2] in the MDL proceedings.

### III.   ARGUMENT

Thirteen (13) hours notice for the deposition of an important expert witness is plainly unreasonable and insufficient notice to allow any proper preparation.  The deposition of Dr. Cryer is currently proceeding and the PSC was unable to have a representative physically present for purposes of conducting the deposition.  Even if the PSC could have had a representative physically present for the deposition, thirteen (13) hours notice did not provide the PSC with enough time to prepare for and conduct a deposition of a defense expert.

In *Naquin v. Elevating Boats, L.L.C.*, Civil Action No. 10–4320, 2012 WL 1633755 (E.D.La. May 9, 2012), the Honorable Karen Wells Roby was tasked with determining whether five (5) days advance notice of a deposition was reasonable.  While the parties ultimately resolved their dispute, the court observed that, "counsel's May 3, 2012 attempt to notice Dr. Guidry's deposition testimony on May 8, 2012 was not reasonable." *Id*. at * 2.  Similarly, in *U.S. E.E.O.C. v. Wells Fargo Alarms Services*, No. Civ.A. 95-264, 1995 WL 692950 (E.D.La. Nov. 17, 1995), the Honorable Joseph C. Wilkinson Jr., determined that three (3) days prior notice of deposition was "insufficient …". *Id*. at * 1.  *See also Tradewinds Environmental Restoration, Inc. v. St. Tammany Park, LLC*, Civil Action No. 06-00593, 2008 WL 449972, at *2 (E.D.La. Feb. 14, 2008) (finding notice of deposition issued one (1) day prior to proposed deposition provided "clearly insufficient notice" of the proposed deposition) (M.J., Karen Wells Roby); *Admire v. Strain*, Civil

---

[2] *See* Exhibit "A" to Cross-Notice of Videotaped Deposition of Byron Cryer, MD.

Action No. 04-00579, 2008 WL 11350297, at *4 (E.D.La. Feb. 22, 2008) (same) (M.J., Karen Wells Roby).

Consistent with the above case law, it is crystal clear that thirteen (13) hours advance notice of a deposition of a defense expert witness is both "insufficient" and "unreasonable." The Bayer Defendants are effectively limiting the PSC to just thirteen (13) hours to travel to Dallas and prepare to conduct a deposition of one of their expert witnesses on a whim. The Bayer Defendants cannot pick and choose the dates when the PSC must depose its expert witnesses. Even assuming the Bayer Defendants can unilaterally select the dates when the PSC must depose its witnesses, plainly more notice is necessary.

## IV.   CONCLUSION

For the reasons set forth above, the cross-notice of deposition of Dr. Cryer should be quashed.

Dated: October 27, 2017

Respectfully submitted,

*/s/ Leonard A. Davis*
Leonard A. Davis, Esq. (Bar No. 14190)
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Email: ldavis@hhklawfirm.com

Gerald E. Meunier (Bar No. 9471)
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
Email: gmeunier@gainsben.com

*Plaintiffs' Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 27, 2017, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

>*/s/ Leonard A. Davis*
>**LEONARD A. DAVIS**