Patrick J. Mulligan, TX SBN 14651270
Charles G. Orr, TX SBN 00788148
**THE MULLIGAN LAW FIRM**
3710 Rawlins Street, #901
Dallas, TX 75219
Telephone: (214) 219-9779
Facsimile: (214) 520-8789

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) MDL No. 2592 ) ) SECTION: L ) JUDGE FALLON ) MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO: *Dorothy Ramirez, Individually and on Behalf of Maurice Ramirez v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-12885 | ) ) **RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES** ) |

Plaintiff Dorothy Ramirez, Individually and on Behalf of the Estate of Maurice Ramirez, asserts that the PFS deficiency alleged by Defendants has no basis. Ramirez respectfully request that the show cause order be dismissed with prejudice and that the Court enter an order declaring that the PFS in this case is complete and no further show cause requests shall be entertained.

Defendants allege (and therefore the show cause order reflects) one deficiency in Mr. Ramirez's PFS, namely, that he failed to provide copies of pharmacy or prescription records demonstrating use of Xarelto. Mr. Ramirez produced records from Desert Regional Medical Center to Defendants evidencing Xarelto use. *See* Document ID 266795 at 6, 8 (page references

are to page of pdf uploaded at Document ID 226795; each reference to PID is boxed for ease of location).

This is the second time Defendants have urged the same deficiency as to Mr. Ramirez's PFS, and the alleged deficiency is as baseless now as it was the last time the Court heard it. At the hearing on the last show cause order in this matter, which occurred on June 28, 2017, there was fairly extensive discussion of the underlying issue, namely, that Mr. Ramirez's medical records contain product ID but his pharmacy records do not. Declaration of Charles G. Orr (Orr Decl.), at ¶ 2, Ex. A, at 30:9-32:11; 33:18-35:2 (realtime unedited transcript of show cause hearing, June 28, 2017[1]). Ramirez's counsel explained during this hearing that Mr. Ramirez's case was identically situated to another Mulligan-represented plaintiff, Charles Grant (No. 16-3367), whose case was also set for the show cause hearing on June 28. Mr. Grant, like Mr. Ramirez, is deceased and his medical records clearly reflect Xarelto use even though there is no product ID in his pharmacy records. *See* Docket # 5107 (Response to Show Cause Order Regarding Plaintiffs with Alleged Core Plaintiff Fact Sheet Deficiencies), at 3-4 (detailing product ID in medical/injury records for plaintiffs Grant and Ramirez, including citations to documents produced via MDL Centrality). After Grant and Ramirez's counsel explained that, for both of these plaintiffs, there was product ID in the medical records but not the pharmacy records for both plaintiffs, the Court said, "It seems to me that that passes at least the requirement of you get past dismissal." Orr Decl. at Ex. A, 30:17-31:10.

Defendants' counsel nonetheless persisted as to Ramirez and asked for the show cause order to be continued pending receipt of pharmacy records from Rite Aid. Orr Decl. at Ex. A,

---

[1] Mr. Ramirez's counsel is advised that an official transcript of the June 28 show cause hearing has not been prepared as of the date of this filing. In the absence of an official transcript, we are citing to, and rely on, the realtime unedited draft.

**Response to Show Cause Order**                                                                                         Page 2

33:18-34:5. Ramirez's counsel then identified exactly where in Mr. Ramirez's medical/injury records it showed that he was on Xarelto at the time of his brain bleed, including that the course of treatment for Mr. Ramirez was expressly predicated on the fact that he was on Xarelto at the time of his subdural hematoma. Orr Decl. at Ex. A, 34:15-24. Following this, the Court stated, "Okay. I won't dismiss this one." Orr Decl. at Ex. A, 35:2.

Undaunted by this Court's definitive ruling, Defendants now claim that Mr. Ramirez's PFS is fatally deficient because the Rite Aid records, which were uploaded shortly after the June 28 hearing, do not contain Xarelto product ID but do contain product ID for Warfarin, a different anti-coagulant. Orr Decl. at ¶ 3. When the Ramirez case showed up on Defendants' October 9, 2017 motion for a show cause order [Docket # 7722-2, no. 68], Ramirez's counsel emailed Chandra Miller, the lawyer who spoke for Defendants at the June 28 show cause conference, to ask that Mr. Ramirez be removed from the show cause request, citing the June 28 transcript. Orr Decl. at ¶ 3. Ms. Miller's response indicated that the more recent show cause request was based on a new deficiency, specifically, that the Rite Aid records uploaded shortly after the June 28 show cause hearing show Warfarin use, not Xarelto use. Orr Decl. at ¶ 3. Ramirez's counsel wrote back to indicate that the Rite Aid prescription records don't show any Warfarin prescriptions being filled for Mr. Ramirez after August 2014, while his brain bleed was on February 24, 2015, six months after the last Warfarin prescription. Orr Decl. at ¶ 3. Defendants nonetheless refused to remove Mr. Ramirez's case from their show cause request.

Under the circumstances, Mr. Ramirez respectfully requests that this Court dismiss the show cause order as to Mr. Ramirez with prejudice. Mr. Ramirez has provided a complete PFS with no deficiencies. We ask that the Court instruct Defendants that no further requests for a show cause order as to Mr. Ramirez's PFS will be entertained.

DATED: November 2, 2017 THE MULLIGAN LAW FIRM

By: /s/ *Charles G. Orr*
Charles G. Orr
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2017, a copy of the above and foregoing document has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

By: /s/ *Charles G. Orr*
Charles G. Orr
Attorney for Plaintiffs