UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF LOUISIANA

| | |
|---|---|
| JOAN CORRIGAN AND JAMES CORRIGAN ) | MDL NO. 2592 |
| *Plaintiff(s)* ) | |
| v.  ) | SECTION L |
|  ) | |
| JANSSEN RESEARCH & DEVELOPMENT ) | JUDGE ELDON E. FALLON |
| LLC f/k/a JOHNSON AND JOHNSON ) | |
| PHARMACEUTICAL RESEARCH AND ) | MAG. JUDGE NORTH |
| DEVELOPMENT LLC ) | |
| JANSSEN ORTHO LLC,  JANSSEN ) | |
| PHARMACEUTICALS, INC. f/k/a JANSSEN ) | |
| PHARMACEUTICA, INC. f/k/a ORTHO- ) | |
| MCNEIL-JANSSEN PHARMACEUTICALS, ) | |
| INC., JOHNSON & JOHNSON COMPANY ) | Civil No. 2:17-cv-04876 |
| BAYER HEATHCARE ) | |
| PHARMACEUTICALS, INC., BAYER ) | |
| PHARMA AG, BAYER CORPORATION, ) | |
| BAYER HEALTHCARE, LLC, BAYER ) | |
| HEALTHCARE AG, and BAYER AG ) | |
| *Defendant(s)* ) | |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO SERVE PROCESS ON DEFENDANT BAYER PHARMA AG

Plaintiffs submit this memorandum in support of their motion for an Order from this Court to provide Plaintiffs an additional thirty (30) days within which to serve process on Defendants Janssen Research & Development, LLC f/k/a Johnson and Johnson Pharmaceutical Research and Development, LLC and Janssen Ortho, LLC, et al through the streamlined service of process set forth in Pretrial order (PTO) Nos. 10, 10A and 10B.

### BACKGROUND

On March 24, 2015, this Court entered PTO 10, which created an informal streamlined service on Defendants Janssen Research & Development, LLC f/k/a Johnson and Johnson Pharmaceutical Research and Development, LLC and Janssen Ortho, LLC et al.  PTO allowed

Plaintiffs to informally serve a complaint with a Summons on Defendant Bayer Pharma AG within sixty (60) days from docketing of Complaint in this MDL.

Plaintiff's Complaint was filed in In Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL. No. 2592 on May 11, 2017. Plaintiffs served their complaint on May 18, 2017. However, service on Bayer Pharma AG was subsequently deemed ineffective as it included a Waiver of Summons rather than a Summons.

Pursuant to CMO 1, on July 6, 2017 a Plaintiff Fact Sheet and authorizations were submitted. After the Plaintiff Fact Sheet and authorizations were submitted, Plaintiffs received correspondence from MDL Centrality acknowledging receipt of the Plaintiff Fact Sheet.

On October 18, 2017, MDL Centrality also informed Plaintiffs that the respective lawsuits had not been served on Bayer. This was the first notice that Plaintiffs' counsel received regarding any issues with the service of the Complaint that Plaintiffs and their counsel became aware of. On October 19, 2017, Plaintiffs e-mailed MDL Centrality with an inquiry as to the nature of the deficiency.

MDL Centrality responded on October 27, 2017, attaching a June 6, 2017 e-mail from Bayer Pharma AG Counsel to the undersigned indicating that it would not waive service of a Summons. This e-mail was not previously identified, nor was it identified in a subsequent search of the undersigned's e-mail files.

On October 31, 2017, this Court issued a Summons as to Bayer Pharma AG. On November 1, 2017, Plaintiffs served Bayer Pharma AG once again, this time with the demanded Summons.

On November 6, 2017, counsel for Bayer Pharma AG returned Plaintiffs' Complaint with Summons as untimely served.

## LAW AND ANALYSIS

Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert the defendants that they have a limited time in which to respond. If a defendant is not served within ninety (90) days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiffs show good cause for the failure, the court must extend the time for service for an appropriate period. Plaintiffs have every intention of pursuing their claims against Defendants; it was through an inadvertent clerical omission of the required Summons that service was not perfected within the confines of PTO Nos. 10, 10A and 10B.

Under Fed. R. Civ. P. 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within ninety (90) days after a complaint is filed. Fed. R. Civ. P. 4(m). The Court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. See *United States v. Ligas,* 549 F.3d 497, 501 (7th Cir. 2008)(citing *Henderson v. United States,* 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2nd 880 (1996)).

If plaintiff can establish good cause for failing to serve defendant, a court should allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P 4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Fed. R. Civ. P. 4(m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff and pay[ing] particular attention to the critical factor such as the running of a statute of limitations *Cardenas v. City of Chicago.,* 646 F. 3d 1001, 1007 (7th Cir. 2011)(citing *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F. 3d 338, 341 (7th Cir. 1996)(additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas,* 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

Here, the Plaintiffs have every intention of pursuing their claims and have demonstrated such to the Defendants, including Bayer Pharma AG. Plaintiffs have demonstrated their intention to pursue this action by promptly attempting timely service, addressing their error through MDL Centrality, promptly attempting renewed service and the timely filing of the Plaintiff Fact Sheet. Had Plaintiffs been advised by defendant Bayer Pharma AG of a deficiency in service within the 90 days contemplated by Fed. R. Civ. P. 4(m), they would have made an immediate correction just as they did following the notice from MDL Centrality. Plaintiffs have accordingly not acted in bad faith

Because the MDL involved thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by these Plaintiffs, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein. This Court has granted similar relief to other plaintiffs as the Bayer Defendants have disputed service.

Plaintiffs show that as a matter of law and fact, they were not in "bad faith" in delaying service of the Complaint and Summons.  Defendants are fully aware of and are served with thousands of identical complaints and have acknowledged receipt of these Complaints and Summonses in these matters.  To dismiss Plaintiffs' claims here would elevate form over substance and deprive Plaintiffs of their day in court based on an inadvertent omission.

Plaintiffs respectfully request an extension of time in the amount of thirty (30) days from the date of an order is entered within which to provide streamlined service of process on Bayer Pharma AG.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an Order form this Court granting thirty (30) days from the date the order is entered within which to provide streamlined service of process on Defendant Bayer Pharma AG.  No party herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated: November 9, 2017

By: */s/ Brian Goldstein*_____
Brian Goldstein, Esq.
CELLINO & BARNES, PC
*Attorneys for Plaintiffs*
2500 Main Place Tower
350 Main Street
Buffalo, New York 14202-3725
(716) 888-8888
Fax: (716) 854-6291
brian.goldstein@cellinoandbarnes.com