UNITED STATES DISTRICT COURT
EASTERN DISTRICT LOUISIANA
NEW ORLEANS DIVISION

---------------------------------------------------------- X
IN RE: XARELTO (RIVAROXABAN)  : MDL No. 2592
PRODUCTS LIABILITY LITIGATION
---------------------------------------------------------- : JUDGE FALLON
GARY PENT, ON BEHALF OF THE ESTATE    MAGISTRATE JUDGE NORTH
OF PATRICIA PENT, DECEASED, AND  X
GARY PENT, INDIVIDUALLY,    Civil Action No.: 15-cv-05164
                                                                 :
                    Plaintiff,
                                                                 :  MEMORANDUM IN SUPPORT OF
vs.                                                              MOTION FOR LEAVE TO
                                                                 :  WITHDRAW AS ATTORNEY OF
JANSSEN RESEARCH & DEVELOPMENT    RECORD FOR PLAINTIFF
LLC f/k/a JOHNSON AND JOHNSON    :  GARY PENT, ON BEHALF OF THE
PHARMACEUTICAL RESEARCH AND       ESTATE OF PATRICIA PENT,
DEVELOPMENT LLC, JANSSEN ORTHO  :  DECEASED, AND GARY PENT,
LLC, JANSSEN PHARMACEUTICALS, INC.    INDIVIDUALLY
f/k/aJANSSEN PHARMACEUTICA INC. f/k/a  :
ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC., JOHNSON &  :
JOHNSON COMPANY, BAYER
HEALTHCARE PHARMACEUTICALS, INC.,  :
BAYER PHARMA AG, BAYER
CORPORATION, BAYER HEALTHCARE AG,  X
BAYER HEALTHCARE LLC, and BAYER AG,

                    Defendants.
----------------------------------------------------------

I.  **INTRODUCTION**

The law firm of Douglas & London, P.C. and all associated counsel, through Michael A. London represents Plaintiff, Gary Pent, on Behalf of the Estate of Patricia Pent, Deceased, and Gary Pent, Individually in this pharmaceutical products liability action presently pending before this court. The action, which was filed on October 14, 2015 in the Eastern District of Louisiana, alleges that Patricia Pent, suffered personal injuries, inter alia, life-threatening bleeding as a result of her alleged ingestion of Xarelto. The named Defendants, including Janssen Research & Development LLC F/K/A Johnson And Johnson Pharmaceutical Research And Development LLC, Janssen Ortho LLC, Janssen Pharmaceuticals, Inc. F/K/A Janssen Pharmaceutica Inc. F/K/A Ortho-Mcneil-Janssen Pharmaceuticals, Inc., Johnson & Johnson Company, Bayer

4

Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healthcare LLC, Bayer Healthcare AG, And Bayer AG are the manufacturers and distributors of Xarelto.

Good cause exists for permitting withdrawal of your undersigned as counsel for Plaintiff in that a conflict has arisen between Plaintiff and his counsel, making it unreasonably difficult for the firm to continue to represent the client in this action, including as it pertains to complying with PTO 13. No case-specific discovery has yet been completed in this matter and no trial date has been set. Plaintiff will, therefore, not be prejudiced by the proposed withdrawal.

## II. BACKGROUND

The basic facts and procedural history at issue in this motion are not in dispute. This action was filed in the Eastern District of Louisiana on October 14, 2015 as part of MDL No. 2592: *IN RE: Xarelto (Rivaroxaban) Products Liability Litigation.* Although general discovery relevant to all cases pending in this MDL has been ongoing, discovery specific to this action has not yet commenced. On May 4, 2015, the court entered PTO 13 regarding the schedule for service of Plaintiff Fact Sheets, executed authorizations for the release of records, and all responsive documents requested in the Plaintiff Fact Sheet upon Defendants.

## III. LEGAL STANDARD

The American Bar Association Model Rules of Professional Conduct offer guidance for consideration of motion for leave to withdraw as attorney of record. Specifically, the ABA-AMRPC Rule 1.16(b) provides that a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client. Also, Disciplinary Rule 2-110 (C) of the New York Lawyer's Code of Professional Conduct provides that a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client.

## IV. ARGUMENT

The American Bar Association's Rules of Professional Conduct allow an attorney to withdraw from representing a client if:

(1)     Withdrawal can be accomplished without material adverse effect on the interests of the client;

(5)     the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

...or

(7)     other good cause for withdrawal exists.

ABA-AMRPC Rule 1.16(b). Further, the New York Lawyer's Code of Professional Responsibility allows an attorney to withdraw from employment if the client's conduct "renders it unreasonably difficult for the lawyer to carry out employment effectively." NY Disciplinary Rule 2-110 (C)(1)(d).

As evidenced by the attached Declaration of Michael A. London, good cause for withdrawal exists, as a conflict has arisen between Plaintiff and his counsel making it unreasonably difficult for the your undersigned and our law firm to continue to represent the client Gary Pent.

In addition, withdrawal can be accomplished without material adverse effect on the interests of the client. No case-specific discovery has yet been completed in this matter and no trial is set in the present action. Therefore, your undersigned respectfully seeks leave of the Court to withdraw from this action now. Plaintiff has adequate time to find substitute counsel if he so desires, and withdrawal at this stage will not cause any delay or prejudice to Plaintiff.

Should the Court require specificity regarding the nature of the conflict that is the subject of this motion, Counsel of Plaintiff requests that the Court permit an *in camera* hearing to provide the Court with any additional information that the Court may deem necessary.

WHEREFORE, Douglas & London, P.C.; and all associated counsel respectfully request that this Honorable Court grant it leave to withdraw as counsel of record for the Plaintiff and that, should Plaintiff choose to continue to pursue this matter on his own or with new counsel.

Dated: November 17, 2017

                                                 RESPECTFULLY SUBMITTED,

                                                 /s/ Michael A. London
                                                 Michael A. London
                                                 DOUGLAS & LONDON, P.C.
                                                 59 Maiden Lane 6th Floor
                                                 New York, New York 10038
                                                 Ph: (212) 566-7500
                                                 Fax: (212) 566-7501
                                                 Email: mlondon@douglasandlondon.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : | MDL No. 2592 |
| | : | JUDGE FALLON |
| GARY PENT, ON BEHALF OF THE ESTATE OF PATRICIA PENT, DECEASED, AND GARY PENT, INDIVIDUALLY, | X | MAGISTRATE JUDGE NORTH |
| | | Civil Action No.: 15-cv-05164 |
| Plaintiff, | : | |
| | : | DECLARATION OF MICHAEL A. LONDON, ESQ. IN SUPPORT OF |
| vs. | | MOTION FOR LEAVE TO |
| | : | WITHDRAW AS ATTORNEY OF |
| JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. f/k/aJANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY, BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE AG, BAYER HEALTHCARE LLC, and BAYER AG, | : : : : : : | RECORD FOR PLAINTIFF GARY PENT, ON BEHALF OF THE ESTATE OF PATRICIA PENT, DECEASED, AND GARY PENT, INDIVIDUALLY |
| | X | |
| Defendants. | | |

I, Michael A. London, declare and state as follows:

1. I am a member of the Law Offices of Douglas & London, P.C., counsel of record for the Plaintiff herein, *IN RE: Xarelto (Rivaroxaban) Products Liability Litigation.* (hereinafter referred to as the "MDL").

2. The facts contained herein are within my personal knowledge, and if called upon as a witness I could and would competently testify to the following under oath.

3. Since the complaint was filed in this action in the Eastern District of Louisiana on October 14, 2015 a conflict has arisen between Plaintiff and his Counsel, making it unreasonably difficult for Douglas & London, P.C. to represent Plaintiff in this action.

4. Granting the within motion will not cause unnecessary delay to Mr. Pent's case, and would not otherwise be inequitable.

5. Pursuant to Local Rule 83.211, Plaintiff was notified of our motion for leave to withdraw via certified mail to his last known residential address.

6. The notice to Plaintiff also advised him that he should retain other counsel.

8. No case-specific discovery has been completed in this matter and no trial date has been set. Therefore, withdrawal will not cause any delay in trial, will not adversely affect the client's interests, and will not otherwise be inequitable.

9. Should the Court require it, I will also provide the Court with an affidavit, filed under seal, which provides additional detail with respect to the aforementioned conflict.

10. A copy of this Motion has been sent to Plaintiff via certified mail on November 17, 2017.

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct and that this Declaration was executed on this 14th day of November, 2017 at New York, New York.

Dated: November 17, 2017

RESPECTFULLY SUBMITTED,

/s/ Michael A. London
Michael A. London
DOUGLAS & LONDON, P.C.
59 Maiden Lane 6th Floor
New York, New York 10038
Ph: (212) 566-7500
Fax: (212) 566-7501
Email: mlondon@douglasandlondon.com

9