UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | ) | MDL No. 2592 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION:  L |
| | ) | |
| | ) | |
| | ) | JUDGE FALLON |
| | ) | MAG. JUDGE NORTH |
| | ) | |
| | ) | RESPONSE TO ORDER TO |
| | | SHOW CAUSE |
| | ) | REGARDING PLAINTIFFS WITH |
| _____ | ) | ALLEGED CORE PLAINTIFF |
| | | FACT SHEET DEFICIENCIES |

**THIS DOCUMENT RELATES TO:**

*Samantha Gallaty v. Janssen Research &*
*Development LLC, et al; No. 2:17-01517*

*Gentry Kendrick v. Janssen Research &*
*Development LLC, et al; No. 2:17-cv-00614*

*Robert Smallwood obo Lestine Smallwood,*
*Deceased v. Janssen Research &*
*Development LLC, et al; No. 2:17-cv-03835*

*Joserie Preston obo Rufus Smith,*
*Deceased v. Janssen Research &*
*Development LLC, et al; No. 2:17-cv-03884*

*Brenda Thomas obo Joseph Thomas,*
*Deceased v. Janssen Research &*
*Development LLC, et al; No. 2:17-cv-00308*

        COMES NOW Counsel for Plaintiffs in the above matters, and files this Response to the

Order to Show Cause Regarding Plaintiffs With Alleged Core Plaintiff Fact Sheet Deficiencies

entered on October 11, 2017 (Doc. 7737) and would respectfully show the Court the following:

I.

Defendants moved for an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets (hereinafter referred to as PFSs) should not be dismissed with prejudice (Doc.7722). The Court entered an Order to Show Cause on October 11, 2017  (Doc. 7737).   Several Plaintiffs represented by The Gallagher Law Firm appear on Exhibit A of both Defendants' Motion and the Court's Order to Show Cause (Doc. 7722-2 and 7737 respectively) as follows:

- *Samantha Gallaty v. Janssen Research & Development LLC, et al; No. 2:17-01517*

- *Gentry Kendrick v. Janssen Research & Development LLC, et al; No. 2:17-cv-00614*

- *Brenda Thomas obo Joseph Thomas, Deceased v. Janssen Research & Development LLC, et al; No. 2:17-cv-00308*

Undersigned counsel has informed the Plaintiffs of their obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiffs with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

While Plaintiffs' medical records confirm that Plaintiffs ingested Xarelto, there is no proof of a Xarelto related injury documented in Plaintiffs' medical records.  Counsel has communicated with Plaintiffs in order to identify any other source of records which would confirm Plaintiffs' Xarelto related injury, and Plaintiffs have been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency in each case.

Because Plaintiffs' counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of a Xarelto related injury suffered by Plaintiffs, counsel is unable to respond and cure the core PFS deficiencies.

Despite the best efforts of Plaintiffs' counsel, counsel has been unable to successfully locate any information to confirm Plaintiffs' Xarelto related injury. While counsel does not have written permission from Plaintiffs to agree to a stipulation of dismissal of their claims with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.  Plaintiffs have been advised that unless the requisite proof of an injury is provided, their cases are subject to dismissal by the Court with prejudice.

- *Robert Smallwood obo Lestine Smallwood, Deceased v. Janssen Research & Development LLC, et al; No. 2:17-cv-03835*

Undersigned counsel has informed the Plaintiff of his obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

There is no confirmed use of Xarelto or a documented Xarelto related injury in Plaintiff's medical records.  Counsel has communicated with Plaintiff in order to identify any other source of records which would confirm Plaintiff's Xarelto use/ingestion and Xarelto related injury and Plaintiff has been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of ingestion of Xarelto or a Xarelto related injury suffered by Plaintiff, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm Plaintiff's prescription/ingestion of Xarelto or a Xarelto related injury. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.  Plaintiff has been advised that unless the requisite proof is provided, his case is subject to dismissal by the Court with prejudice.

- *Joserie Preston obo Rufus Smith, Deceased  v. Janssen Research & Development LLC, et al; No. 2:17-cv-03884*

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendants' Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

To date, there is no confirmed use of Xarelto or a documented Xarelto related injury in Plaintiff's medical records. However, on November 14, 2017, Plaintiff requested additional records from Fresenius Medical Care. Counsel for Plaintiff has advised Fresenius to expedite the request and has further requested that the client be permitted to pick up the records in person in order to expedite the process.

4

Therefore, undersigned counsel respectfully requests an extension of thirty (30) days be

granted for Plaintiff to respond and cure the core PFS deficiencies in this case pending receipt of

the medical records from Fresenius Medical Care.

Dated:  November 27, 2017.

                            Respectfully submitted,

                            s/ Michael T. Gallagher
                            MICHAEL T. GALLAGHER
                             (Texas Bar #07586000)
                            THE GALLAGHER LAW FIRM LLC
                            2905 Sackett Street
                            Houston, TX 77098
                            Telephone: (713) 222-8080
                            Facsimile (713) 222-0066
                            mike@gld-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Response to Order to Show Cause has contemporaneously with or before filing been served on all parties  or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                            s/ Michael T. Gallagher
                            Michael T. Gallagher