UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)            :
PRODUCTS LIABILITY LITIGATION           :     MDL No. 2592
                                        :
                                        :     SECTION L
                                        :
                                        :     JUDGE ELDON E. FALLON
                                        :
_____ :      MAGISTRATE JUDGE NORTH

**THIS DOCUMENT RELATES TO:**

Roy Patterson

CA#2:17-cv-04108

**RESPONSE TO ORDER TO SHOW CAUSE
REGARDING PLAINTIFFS WITH ALLEGED
<u>CORE PLAINTIFF FACT SHEET DEFICIENCIES</u>**

On October 11, 2017, this Court issued an Order to Show Cause (Rec. Doc. 7737) why certain actions, including the above-captioned action, should not be dismissed with prejudice for failure to provide any Medical Records demonstrating alleged injury[1] and failure to provide copies of Prescription and/or Pharmacy Records demonstrating use of Xarelto in accordance with Case Management Order No. 1.  Undersigned counsel responds to that order as follows:

1. The Complaint in this matter was filed on April 27, 2017.

2. At the time the complaint was filed, counsel and Plaintiff had yet to obtain medical records but filed the complaint out of an abundance of caution to protect the claim from possibly being barred by statute of limitations.

---

[1] On October 17, 2017, Plaintiff provided hospital records demonstrating his alleged injury, so this motion only concerns Plaintiff's failure to provide pharmacy records.

1

3. Plaintiff attempted to obtain his own medical and pharmacy records but was unsuccessful in doing so, at which point Plaintiff asked counsel to request records on his behalf.

4. Counsel for Plaintiff submitted an expedited request for pharmacy records from Kroger Pharmacy, located at 325 E Spring St., Palestine, TX 75801.

5. Kroger Pharmacy later informed counsel that a special authorization, unique to Kroger, was needed in order to provide records.

6. Counsel mailed that form to Plaintiff, who executed and returned the signed special authorization. Counsel submitted the authorization to its record-retrieval vendor on the same day it was received.

7. Despite repeated efforts by counsel and its record-retrieval vendors to speed the process along, at the time of this filing, Kroger Pharmacy is still processing Plaintiff's expedited record request.

8. Accordingly, Plaintiff is actively attempting in good faith to comply with CMO #1. Plaintiff has submitted his PFS, and, as noted above, he has provided medical records from East Texas Medical Center that clearly indicate that he suffered gastrointestinal bleeding while taking Xarelto, and that Xarelto is listed among his active medications at the time of his hospitalization (See Exhibit 1).

9. In light of the above, Defendants' request for a dismissal of Plaintiff's action with prejudice is wholly unwarranted. The Fifth Circuit has observed that a dismissal with prejudice Under Rule 41(b) "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. Cignarsi-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1985)). Consequently, the Fifth Circuit has limited the district court's discretion by allowing dismissal with prejudice only where: "(1)

there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citing *Callip,* 757 F.2d at 1519-21).

10. Plaintiff respectfully submits that neither of those elements are present in this case. Plaintiff has substantially complied in good faith with all of his obligations under CMO #1, and he is continuing to actively do so. Further, even if the Court determines that something more is required, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

11. As further noted in the PSC's response, the Fifth Circuit has held that a dismissal under Rule 37(b)(2) is also an extremely severe sanction: "[b]ecause the law favors the resolution of legal claims on the merits . . . and because dismissal is a severe sanction that implicates due process . . . , we have previously deemed dismissal with prejudice to be a 'draconian remedy' and a 'remedy of last resort.'" *FDIC v. Conner,* 20 F.3d 1376, 1380 (5th Cir. 1994) (citations omitted). The Court further noted that "sanctions should be used as a lethal weapon only under extreme circumstances." *Id.* (citations omitted). In light of this, the Fifth Circuit has "articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order": (1) the violation must result "from willfulness or bad faith and [be] accompanied by bad faith and a clear record of delay or contumacious conduct;" (2) the violation "must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citing *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1032 (5th Cir. 1990)).

12. Plaintiff maintains that none of those elements are present to warrant dismissal of this case. Plaintiff has substantially complied in good faith with his obligations under CMO #1. While counsel and Plaintiff continue to seek pharmacy records further substantiating Plaintiff's claims, Plaintiff has cooperated in that pursuit in all respects. Further, Defendants have not articulated any "substantial prejudice" they have suffered as a result of the absence of pharmacy records in this case. And finally, as noted above, if the Court determines that more is required of Plaintiff, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

13. Accordingly, Plaintiff respectfully requests that this Court deny Defendants' request to dismiss this action with prejudice. Plaintiff respectfully requests a period of 60 days within which to obtain the necessary pharmacy records.

Respectfully submitted,

By: __/s/ Daniel J. Carr__

Joseph C. Peiffer, La. Bar # 26459
Daniel J. Carr, La. Bar # 31088
PEIFFER ROSCA WOLF
ABDULLAH CARR & KANE
A Professional Law Corporation
201 St. Charles Avenue, Suite 4610
New Orleans, Louisiana  70170-4600
Telephone:  (504) 523-2434
Facsimile:  (504) 523-2464
Email: dcarr@prwlegal.com

Michael B. Lynch, Esq.
THE MICHAEL BRADY LYNCH FIRM
127 West Fairbanks Ave. #528
Winter Park, Florida 32789
Office: (877) 513-9517
Fax: (321) 972-3568
Cell: (321) 239-8026
Email: michael@mblynchfirm.com

*Attorneys for the Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2017, a copy of the above and foregoing has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                        */s/ Daniel J. Carr*