UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL 2592 |
| | SECTION L |
| | JUDGE ELDON E. FALLON |
| | MAG. JUDGE NORTH |
| STEVEN E. RUSSELL and MARTHA I. RUSSELL | |
| Plaintiffs, | |
| vs. | |
| JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON, BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, and BAYER AG | Civil Action No.: 2:17-cv-03491 |
| Defendants | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO FAILED TO SERVE A PLAINTIFF FACT SHEET**

**MAY IT PLEASE THE COURT:**

On November 3, 2017, Defendants filed a Motion for Order to Show Cause Regarding Plaintiffs who failed to Serve Plaintiff Fact Sheet (R. Doc. 7947). Undersigned counsel for

Plaintiffs, Steven E. Russell and Martha I. Russell, submit this in response to the Order to Show Cause and shows as follows:

1. On December 2, 2015 plaintiff, Steven E. Russell, contracted with Herman Gerel ("HG") to represent Plaintiff, Steven E. Russell for damages and injuries related to Xarelto. Herman Herman & Katz ("HHK") is a partner in HG.

2. At the point of initial retention on December 2, 2015, Steven E. Russell was provided an initial questionnaire so the claimant could provide information and specifics regarding his use of Xarelto and any damages thereto.

3. Several weeks later, Steven E. Russell was provided a supplemental questionnaire which requested additional information deemed necessary by HG to pursue a Xarelto claim.

4. Because Plaintiff, Steven E. Russell did not provide responses to the supplemental questionnaire, representatives of HG attempted to telephone Steven E. Russell. Based upon assurances that the information would be forthcoming and not having received a response from Steven E. Russell, the supplemental questionnaire was again sent to plaintiff on January 12, 2016.

5. On February 5, 2016 the supplemental questionnaire of Steven E. Russell was received by HG.

6. Based upon the information obtained, HG completed the Plaintiff Fact Sheet for Steven E. Russell and on October 16, 2016 HG mailed a letter to plaintiff requesting the plaintiff sign and return to HG an updated HIPPA so that medical records could be obtained and released to HHK.

7. Because no response was received to the October 16, 2016 request, on November 29, 2016 counsel sent another letter requesting plaintiff Steven E. Russell execute and return an updated HIPPA.

8. On December 13, 2016 undersigned counsel spoke with plaintiff who claimed that he had not received any correspondence requesting the signed documents, but confirmed that the address that was used in the mailing was the correct address. As a result, duplicate mailings containing all previous correspondence was sent via certified mail and email to plaintiff.

9. On January 9, 2017 HHK received the updated executed HIPPA from plaintiff and immediately began ordering medical records from the medical providers identified by plaintiff Steven E. Russell based on a date range provided by plaintiff. Soon thereafter, the medical provider contacted undersigned counsel and advised that the dates of service for plaintiff's treatment needed to be expanded to include the totality of his treatment.

10. On March 8, 2017 undersigned counsel received notice from the medical provider that they had a very substantial lien against plaintiff. Plaintiff had not previously advised HG or HHK of any such lien against him and this was the first notification provided to HG or HHK that any such lien existed.

11. On April 3, 2017 undersigned counsel was advised by a medical record retrieval service that the costs of plaintiff's medical records from the identified medical provider were estimated to cost $3,604.

12. Based on the information provided by plaintiff, it appeared that the statute of limitations/ prescription date was fast approaching and therefore, in order to protect plaintiff's rights

and the rights of his spouse for a consortium claim, undersigned counsel filed a lawsuit on behalf of plaintiff and his spouse Martha I. Russell on April 17, 2017.

13. On April 17, 2017 undersigned counsel sent a letter via certified mail to plaintiff advising that counsel filed a complaint to protect plaintiff's rights.  Undersigned counsel further advised plaintiff that there was a large medical lien asserted by a healthcare provider and that plaintiff should immediately seek other counsel to pursue his claim.

14. Undersigned counsel has discussed this matter with counsel for defendants prior to defendants' filing its Motion for Order to Show Cause Regarding Plaintiffs Who Failed to Serve a Fact Sheet and addressed the specific issues with counsel for defendants.

15. Because plaintiff had not advised undersigned counsel of his efforts to retain other counsel to pursue his claim, on May 16, 2017 counsel contacted plaintiff by telephone and was advised that plaintiff had a new address.  Further, in the telephone conversation plaintiff was advised that he should obtain other counsel to handle his matter and that undersigned counsel did not desire to proceed with his case.

16. Also on May 16, 2017 undersigned counsel forwarded another copy of the April 17, 2017 letter to plaintiff via email and certified mail to the new address, which letter was returned by the United States Post Office as "undeliverable."

17. On May 31, 2017 another letter was sent to plaintiff Steven E. Russell via certified mail and email advising plaintiff that undersigned counsel was declining the case and again made a recommendation to plaintiff to seek other counsel immediately or otherwise authorize counsel to dismiss his claim.  This letter was returned by the United States Postal Service marked "unclaimed."  Plaintiff has not responded to the April 17, 2017

letter and undersigned counsel is not aware of plaintiff's desire either to have his lawsuit dismissed or to seek other counsel to pursue his Xarelto claim.

18. On June 23, 2017 undersigned counsel sent another letter via certified mail to plaintiff advising that no response had been received and that the Court will likely prejudice his case if his Plaintiff Fact Sheet is not filed timely.  A copy of the May 31, 2017 letter was attached to the June 23, 2017 letter.  On June 27, 2017, undersigned counsel received proof of mailing and receipt from the United States Postal Service containing plaintiff's signature for receipt of the June 23, 2017 letter.

19.  Because no further communication had been received from plaintiff Steven E. Russell, on July 31, 2017, undersigned counsel initiated arbitration through Henning Mediation & Arbitration Services ("HMA"), as authorized in the Attorney/Client contract, in an attempt to compel the client to communicate with undersigned counsel.

20. On September 27, 2017 undersigned counsel was contacted by HMA who advised that HMA had been unsuccessful in serving or otherwise contacting Steven Russell by certified mail, email and telephone and therefore the arbitration was not able to proceed.

21. Undersigned counsel has made diligent efforts to communicate with plaintiff Steven E. Russell and to comply with orders of the Court so that a Plaintiff Fact Sheet could be supplied.

22. Undersigned counsel requests that the Court appoint a curator or allow plaintiff Steven E. Russell to proceed pro se upon undersigned counsel filing a Motion to Withdraw as Counsel for Plaintiff Steven E. Russell.

Dated: November 27, 2017

By: /s/ Leonard A. Davis
Russ M. Herman (La. Bar No.: 6819)
rherman@hhklawfirm.com
Leonard A. Davis (La. Bar No.: 14190)
ldavis@hhklawfirm.com
Stephen J. Herman (La. Bar No.: 23129)
Sherman@hhklawfirm.com
Danielle T. Hufft (La. Bar No.: 32260)
dhufft@hhklawfirm.com
HERMAN HERMAN & KATZ, LLC*
820 O'Keefe Ave.
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax:  (504) 561-6024

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel.  Notice of this filing will also be sent to all parties or their attorneys via MDL Centrality in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Leonard A. Davis
LEONARD A. DAVIS

*Herman, Herman & Katz and its partners are also partners in Herman Gerel, LLP.