UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> JAMES T. MOLNAR and ) <br> DOROTHY J. MOLNAR ) <br> *Plaintiff(s)* ) <br> ) <br> v. ) <br> ) <br> JANSSEN RESEARCH & DEVELOPMENT ) <br> LLC, ET AL. ) <br> *Defendant(s)* ) | MDL NO. 2592 <br><br> SECTION L <br><br> JUDGE FALLON <br><br> MAG. JUDGE NORTH <br><br> Civil No. 2:17-cv-04870-EEF-MBN |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO SERVE PROCESS ON DEFENDANT BAYER PHARMA AG

Plaintiffs submit this memorandum in support of their motion for an Order from this Court to provide Plaintiffs an additional thirty (30) days within which to serve process on Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healtcare, LLC, Bayer Healthcare AG, and Bayer AG, et al., through the streamlined service of process set forth in Pretrial order (PTO) Nos. 10, 10A and 10B.

### BACKGROUND

On March 24, 2015, this Court entered PTO 10, which created an informal streamlined service on Defendants Janssen Research & Development, LLC f/k/a Johnson and Johnson Pharmaceutical Research and Development, LLC and Janssen Ortho, LLC, et al. PTO allowed Plaintiffs to informally serve a complaint with a Summons on Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healtcare, LLC, Bayer

Healthcare AG, and Bayer AG, et al. within sixty (60) days from docketing of Complaint in this MDL.

Plaintiff's Complaint was filed in In Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL. No. 2592 on May 11, 2017. Plaintiffs served their complaint on May 23, 2017. However, service on Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healtcare, LLC, Bayer Healthcare AG, and Bayer AG was subsequently deemed ineffective as it included a Waiver of Summons rather than a Summons.

Pursuant to CMO 1, on July 6, 2017 a Plaintiff Fact Sheet and authorizations were submitted. After the Plaintiff Fact Sheet and authorizations were submitted, Plaintiffs received correspondence from MDL Centrality acknowledging receipt of the Plaintiff Fact Sheet.

On November 6, 2017, MDL Centrality also informed Plaintiffs that the respective lawsuits had not been served on "Bayer." This was the first notice that Plaintiffs' counsel received regarding any issues with the service of the Complaint that Plaintiffs and their counsel became aware of. On November 9, November 15, and again on November 16, 2017, Plaintiffs e-mailed MDL Centrality with an inquiry as to the nature of the deficiency.

MDL Centrality responded on November 16, 2017, by e-mail indicating they do not show service on any Bayer defendant, but confirmed receipt of the waiver of service that was sent with the complaint. No proof of previous communication of this issue was provided, nor was there proof identified in a search of the undersigned's e-mail files.

On November 29, 2017, correspondence from Lindy Brown, Esq. (Bradley Arant Boult Cummings LLP) advised Bayer Healthcare Pharmaceuticals, Inc. will not waive proper service.

On November 6, 2017, this Court issued a Summons as to Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healtcare, LLC, Bayer

Healthcare AG, and Bayer AG.  On November 22, 2017, Plaintiffs served Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healtcare, LLC, Bayer Healthcare AG, and Bayer AG once again, this time with the demanded Summons.

On November 30, 2017, counsel for Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healtcare, LLC, Bayer Healthcare AG, and Bayer AG returned Plaintiffs' Complaint with Summons as untimely served.

## LAW AND ANALYSIS

Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert the defendants that they have a limited time in which to respond.  If a defendant is not served within ninety (90) days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time.  If the Plaintiffs show good cause for the failure, the court must extend the time for service for an appropriate period.  Plaintiffs have every intention of pursuing their claims against Defendants; it was through an inadvertent clerical omission of the required Summons that service was not perfected within the confines of PTO Nos. 10, 10A and 10B.

Under Fed. R. Civ. P. 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within ninety (90) days after a complaint is filed. Fed. R. Civ. P. 4(m).  The Court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time.  See *United States v. Ligas,* 549 F.3d 497, 501 (7th Cir. 2008)(citing *Henderson v. United States,* 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2nd 880 (1996)).

If plaintiff can establish good cause for failing to serve defendant, a court should allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service.  See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P 4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Fed. R. Civ. P. 4(m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff and pay[ing] particular attention to the critical factor such as the running of a statute of limitations *Cardenas v. City of Chicago.,* 646 F. 3d 1001, 1007 (7th Cir. 2011)(citing *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F. 3d 338, 341 (7th Cir. 1996)(additional citation omitted)).  A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service."  *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998).  Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas,* 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

Here, the Plaintiffs have every intention of pursuing their claims and have demonstrated such to the Defendants, including Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healtcare, LLC, Bayer Healthcare AG, and Bayer AG.  Plaintiffs have demonstrated their intention to pursue this action by promptly attempting timely service, addressing their error through MDL Centrality, promptly attempting renewed service and the timely filing of the Plaintiff Fact Sheet.  Had Plaintiffs been advised by defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healtcare, LLC,

Bayer Healthcare AG, and Bayer AG of a deficiency in service within the 90 days contemplated by Fed. R. Civ. P. 4(m), they would have made an immediate correction just as they did following the notice from MDL Centrality. Plaintiffs have accordingly not acted in bad faith

Because the MDL involved thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by these Plaintiffs, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein. This Court has granted similar relief to other plaintiffs as the Bayer Defendants have disputed service.

Plaintiffs show that as a matter of law and fact, they were not in "bad faith" in delaying service of the Complaint and Summons. Defendants are fully aware of and are served with thousands of identical complaints and have acknowledged receipt of these Complaints and Summonses in these matters. To dismiss Plaintiffs' claims here would elevate form over substance and deprive Plaintiffs of their day in court based on an inadvertent omission.

Plaintiffs respectfully request an extension of time in the amount of thirty (30) days from the date of an order is entered within which to provide streamlined service of process on Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healtcare, LLC, Bayer Healthcare AG, and Bayer AG.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request an Order form this Court granting thirty (30) days from the date the order is entered within which to provide streamlined service of process on Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healtcare, LLC, Bayer Healthcare AG, and Bayer AG. No party

herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated: December 7, 2017

> By: */s/ Brian Goldstein*_____
> Brian Goldstein, Esq.
> CELLINO & BARNES, PC
> *Attorneys for Plaintiffs*
> 2500 Main Place Tower
> 350 Main Street
> Buffalo, New York 14202-3725
> (716) 888-8888
> Fax: (716) 854-6291
> brian.goldstein@cellinoandbarnes.com