UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2592 |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |
| ************************************************ | * | |

**THIS DOCUMENT RELATES TO:**
*Mingo v. Janssen Research & Development, LLC, et al.* No. 15-3469

## ORDER & REASONS

Before the Court is Plaintiffs' Motion for New Trial Pursuant to Rule 59. R. Doc. 7586. Defendants have responded in opposition. R. Doc. 7841. On December 12, 2017 the Court heard oral argument in this matter. Having reviewed the parties' arguments and briefs and the applicable law, the Court now issues this Order & Reasons.

### I. BACKGROUND

This matter arises from damages Plaintiffs claim to have suffered from the manufacture, sale, distribution, and/or use of the medication known as Xarelto, an anti-coagulant used for a variety of blood-thinning medical purposes. The Plaintiffs have filed suits in federal courts throughout the nation against Defendants, Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare AG, Bayer Pharma AG, and Bayer AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson. The Plaintiffs specifically allege that they or their family members suffered severe bleeding and other injuries due to Xarelto's allegedly inadequate warning label.

The Judicial Panel on Multidistrict Litigation determined that the Plaintiffs' claims involved common questions of fact, and that centralization under 28 U.S.C. § 1407 would serve

1

the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Therefore, on December 12, 2014, the Judicial Panel on Multidistrict Litigation consolidated the Plaintiffs' Xarelto claims into a single multidistrict proceeding ("MDL 2592"). MDL 2592 was assigned to Judge Eldon E. Fallon of the United States District Court for the Eastern District of Louisiana to coordinate discovery and other pretrial matters in the pending cases. Subsequent Xarelto cases filed in federal court have been transferred to this district court to become part of MDL 2592 as "tag along" cases; at present the Court has approximately 20,000 cases in the Xarelto MDL. The Court appointed committees to represent the parties. The Court adopted a discovery plan and set bellwether trials to begin in April 2017. The first two trials involved Louisiana residents: Joseph Boudreaux and Sharyn Orr. These trials were conducted in New Orleans, Louisiana. The third bellwether trial involved a resident of Mississippi: Dora Mingo. In the third bellwether, the jury found for Defendants. Plaintiff Mingo now brings this motion for new trial.

## II.  PRESENT MOTION

Plaintiff Mingo has moved for a new trial. R. Doc. 7586. Defendants oppose the motion. R. Doc. 7841. Plaintiff avers that newly discovered evidence in the form of an academic article would have changed the outcome of the trial. R. Doc. 7586-1 at 1. Plaintiff argues that prejudicial errors were committed during trial in evidentiary rulings and jury instructions. R. Doc. 7586-1 at 1. Plaintiff also alleges that material evidence was excluded and irrelevant and unfairly prejudicial evidence was admitted. R. Doc. 7586-1 at 1. Plaintiff claims that each of

2

these errors affected her rights and therefore, Plaintiff is entitled to a new trial. R. Doc. 7586-1 at 1.

Defendants respond in opposition to Plaintiff's motion. R. Doc. 7841. First, Defendants argue that Plaintiff is not entitled to a new trial based on the new article because the article presents no new information and is merely cumulative. R. Doc. 7841 at 1-2. Second, Defendants argue that Plaintiff is not entitled to a new trial based on trial discussion of whether the FDA approved PT for use with Xarelto because Defendants did not violate the Court's pretrial order and only discussed relevant information regarding FDA approval. R. Doc. 7842 at 2. Finally, Defendants argue that Plaintiff is not entitled to a new trial based on admission of the FDA strikethrough documents because admission of these documents was not prejudicial error. R. Doc. 7841 at 3.

### III. LEGAL STANDARD

Plaintiff seeks a new trial pursuant to Federal Rule of Civil Procedure 59. Federal Rule of Civil Procedure 59(a)(1)(A) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues–and to any party–as follows: after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." A new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted); *see also McFadden v. Wal-Mart Stores*, No. 04-2547, 2006 WL 3087164, at *2 (E.D. La. Oct. 27, 2006). "A district court, however, should attempt to avoid substituting its judgment for the jury's considered verdict, so as to not violate the parties' Seventh Amendment rights." *Lapapa v. National Railroad Passenger Corp.*, No. 04-1125, 2005 WL 3533858, at *3 (E.D. La. Oct. 19, 2005). And to be

granted a new trial, the plaintiff must demonstrate that "manifest injustice will result from letting the verdict stand." *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 731 (5th Cir. 2011). Furthermore, in order for an error to justify a new trial, the error must not have been harmless. Fed. R. Civ. P. 61.

**IV. DISCUSSION**

The Fifth Circuit has repeatedly held that "the decision to grant or deny a motion for new trial generally is within the sound discretion of the trial court and will not be disturbed unless there is an abuse of that discretion or a misapprehension of the law." *Dixon v. International Harvester Co.*, 754 F.2d 573, 586 (5th Cir.1985). *See Prytania Park Hotel, Ltd. v. General Star Indemnity Co.*, 179 F.3d 169, 175 (5th Cir.1999); *Mitchell v. Lone Star Ammunition, Inc.*, 913 F.2d 242, 252 (5th Cir.1990); *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir.1982); *Evers v. Equifax, Inc.*, 650 F.2d 793, 796 (5th Cir.1981). Modifying or setting aside a judgment under Rule 59 is an extraordinary remedy; motions for new trial or to alter or amend a judgment should not be avenues for relitigating old matters, raising new arguments, or submitting evidence that could have been presented before. *See Theriot v. Parish of Jefferson*, 66 F. Supp. 1435, 1452 (E.D. La. 1997); *Campbell v. St. Tammany Parish School Board*, No. 98–2605, 1999 WL 777720, at *1 (E.D. La. Sept. 29, 1999).

The Court is cognizant of the impact evidentiary rulings and other Court decisions can have on the course of a trial. Therefore, the Court carefully considers these decisions and strives for equity as well as compliance with the Federal Rules. In this case, the Court finds that no harmful errors were made to the prejudice of the Plaintiff. Additionally, the Court is aware of the importance of allowing the parties to share the most beneficial evidence within the Federal Rules. In this case, the Court finds that there is no new evidence supporting grant of a new trial.

### A. New Article

Plaintiff argues that she is entitled to a new trial because this additional article was published during the trial, is stronger evidence of Defendants' opinions about the use of PT testing with Xarelto, and it would have changed the outcome of the trial. However, the article in question does not contain new information. Rather, the article is merely further indication of Defendants' conclusions regarding use of PT testing with Xarelto that, even if inconsistent with Defendants' arguments at trial, have already been shown to juries through multiple such articles. This new article is simply a restatement of Defendants' scientists' prior positions. At the Mingo trial, Plaintiffs were allowed to use statements made in academic articles and statements made by Defendants to regulators in Canada and Europe that Plaintiff argued demonstrated Defendants' opinions regarding use of PT testing with Xarelto. Therefore, this latest article is not new evidence warranting a new trial. Rather, it is merely cumulative.

### B. Jury Instructions

Plaintiff argues that the Court gave an inadequate jury instruction on FDA approval of PT testing and that it was prejudicial error. Jury instructions must be "comprehensive, balanced, fundamentally accurate, and not likely to confuse or mislead the jury." *Sommers Drug Stores Co. Employee Profit Sharing Tr. v. Corrigan*, 883 F.2d 345, 350 (5th Cir. 1989). In choosing the jury instructions, the Court provided two specific jury instructions regarding the limitations of the evidence pertaining to FDA approval. The Court explained to the jury that this evidence was limited. Here, the jury instructions were not confusing or misleading. Therefore, the Court finds that the provided jury instructions were not inadequate or prejudicial.

### C. "Strike-Through" Document

Plaintiff argues that it was prejudicial error to admit the "strike-through" document. At trial the Court admitted the "strike-through" document as self-authenticating and relevant to the jury's determination of the reasonableness of Defendants' actions. The theory of Plaintiff's case was that Defendants should have included information about the use of PT testing with Xarelto. The "strike-through" document demonstrated that Defendants submitted language regarding PT testing to the FDA for use on Xarelto's label. The document arguably supports the Defendants' position that the FDA rejected this language. The Court finds that given Plaintiff's argument that Defendants should have included such language on Xarelto's label the document was relevant to the issues before the jury.

Plaintiff also argues that it was prejudicial error to decline to use Plaintiff's proposed jury instructions regarding the "strike-through" document. As the Court held previously regarding the *Boudreaux* and *Orr* bellwether trials, jury instructions must be "comprehensive, balanced, fundamentally accurate, and not likely to confuse or mislead the jury." *Sommers Drug Stores Co. Employee Profit Sharing Tr. v. Corrigan*, 883 F.2d 345, 350 (5th Cir. 1989). In choosing the jury instructions, the Court reasoned that the jury charge should focus on the governing law as a whole (comprehensively), rather than on a specific part of the law. Here, the jury instructions were not confusing or misleading. Therefore, the Court finds that declining Plaintiff's proposed jury instructions was not error.

After considering the parties' arguments, the Court concludes that no prejudicial errors were made during the *Mingo* bellwether trial and that the newly published article is merely cumulative.

## V. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that the Plaintiff's Motion for New Trial, R. Doc. 7586, is hereby **DENIED**.

New Orleans, Louisiana, this 13th day of December, 2017.

_____
UNITED STATES DISTRICT JUDGE