IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) | MDL No. 2592 |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | SECTION: L |
| ) | JUDGE FALLON |
| ) | MAG. JUDGE NORTH |
| _____) | |

**THIS DOCUMENT RELATES TO:**

*Robbin Sharp v. Janssen Research & Development, LLC, et al.;*
LAED USDC No.: 2:17-cv-01766

*Mary L. Carroll v. Janssen Research & Development, LLC, et al.;*
LAED USDC No.: 2:17-cv-02108

*Doris Bradfield v. Janssen Research & Development, LLC, et al.;*
LAED USDC No.: 2:17-cv-012095

**MOTION FOR, AND MEMORANDUM IN SUPPORT OF,
ENLARGEMENT OF TIME TO SERVE DEFENDANTS**

Pursuant to Fed. R. Civ. P. 4(m), Plaintiffs in the above-listed actions, through undersigned counsel, request this Court to enlarge the time by which they can serve Defendants Janssen Research & Development, LLC, Janssen Ortho, LLC, Janssen Pharmaceuticals, Inc., Johnson & Johnson Company, Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, and Bayer Healthcare, LLC, ("Defendants"), to 30 days from the date the court enters the order.

1.      Sharp filed her action on March 1, 2017. Bradfield filed her action on March 13, 2017. Carroll filed her action on March 14, 2017. Shortly thereafter, the firm's lead case manager went on maternity leave. The remaining case manager was instructed to serve all Defendants in each case. That case manager did not do so, but did send out Plaintiff Fact Sheets to all Defendants

on each case. On or about November 15, 2017, the undersigned attorney (Garry Trinh), who was assigned to the subject cases after the case manager made the mistake, noticed the mistake and hereby makes the instant motion to enlarge time.

2. Rule 4(m) states:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

3. Accordingly, Plaintiffs request that this Court enlarge the time to serve each Defendant to 30 days from the date the court enters the order. *It is undisputed that none of the Defendants will be prejudiced by such an enlargement of time.* When Plaintiffs filed these actions, because of the MDL, defense counsel immediately received notice that complaints had been filed against the Defendants. Plaintiffs have complied with the deadlines for submitting a PFS and submitting medical records. Additionally, Plaintiffs, through the instant law firm, have submitted information via MDL Centrality and Plaintiffs' files are complete therein.

## RELIEF REQUESTED

1. That this Court instruct the Clerk to issue new summonses for each Defendant; and

2. That this Court enlarge the time Plaintiffs have serve all Defendants to 30 days from the date the court enters the order.

Date: December 15, 2017

RESPECTFULLY SUBMITTED,

BY: /s/ Garry B. Trinh
MORRIS ANDERSON LAW
GARRY B. TRINH
Nevada Bar No. 14289
716 S. Jones Blvd.
Las Vegas, Nevada 89107
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by Fed. R. Civ. P. 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of the electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

Dated: December 15, 2017

*Isl* Garry B. Trinh
Garry B. Trinh