UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : | MDL No. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**
*Edward Contreras v. Janssen Research & Development LLC, et al.*
*LAED USDC No.: 2:17-cv-02507-EEF-MBN*

**MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANTS JANSSEN RESEARCH & DEVELOPMENT LLC, JANSSEN PHARMACEUTICALS, INC., JANSSEN ORTHO LLC, JOHNSON & JOHNSON, BAYER HEALTHCARE PHARMACEUTICALS, INC. AND BAYER PHARMA AG**

Now comes Plaintiff in the above-listed action, through undersigned counsel, in support of his motion, Plaintiff submits this Memorandum in Support of his Motion for an Order from this Honorable Court granting him an additional thirty (30) days from the date the Order is entered in which to effect service on Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG (the "Defendants") through the streamlined procedures for informal service of process set forth in Pre-Trial Order #10, 10A and 10B.

I. **BACKGROUND**

The foregoing action was filed directly into this consolidated proceeding *In Re: Xarelto (Rivaroxaban) Products Liability* Litigation, MDL No. 2592 on March 24, 2017.

Due to inadvertent and honest oversight on behalf of undersigned counsel, service of Plaintiff's complaint in this action was not properly effected within the time period for

1

streamlined service set forth in Pre-Trial Order #10, 10A and 10B as to some or all of the Defendants. Undersigned counsel regrets its failure to properly oversee and accomplish the service of the complaint and summons in the above-listed action and assures this Court that it has instituted procedures to ensure that all future complaints are properly and timely served according to Pre-Trial Order #10, 10A and 10B.

Plaintiff attempted to serve Defendants and to date, Bayer Pharma AG has rejected service. (Declaration: John C. Thornton, paragraph 10.)

## II.   ANALYSIS

Fed. R. Civ. R. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond. If a defendant is not served within 90 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the Court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4 (m).

Under Rule 4 (m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 90 days after a complaint is filed. See *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996).

The court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. *See United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (*citing Henderson v. United States*, 517 U.S. 654, 662-63,116 S.Ct. 1638, 134 L.Ed. 2nd 880 (1996)). Once more, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service, and even if good cause is

lacking, the court has discretionary power to extend time for service. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P.4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Rule 4 (m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff, and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chi.*, 646 F. 3d 1001,1007 (7th Cir. 2011) (citing *Panaras v. Liquid Crbonic Indus. Corp.*, 94 F.3d 338, 341 ((7th Cir.1996) (additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am.*, Inc., 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas*; 646 F. 3d at 1007 (quoting Troxell, 160 F. 3d 381).

Under the instant circumstances, it would be appropriate for the Court to exercise its discretionary power. Here, the Plaintiff has every intention of pursuing his claims and has demonstrated such to the Defendants, including Bayer Pharma AG. The Plaintiff was not acting in bad faith. Plaintiff attempted service upon realization of error. Moreover the MDL involves thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by Mr. Contreras, and as such, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein.

Plaintiff shows that as a matter of law and fact, he was not in "bad faith" in delaying streamlined service of his respective Complaint and Summons. Plaintiff also served his Plaintiff Fact Sheet to Defendants on November 1, 2017. (Declaration John C. Thornton, paragraph 7.) Defendants are fully aware of and are served with hundreds of identical complaints in this matter. Defendants were well aware of Plaintiff's claim as they filed a motion for Order to Show Cause regarding Plaintiffs who had failed to serve a Plaintiff Fact Sheet on October 9, 2017 (Exhibits A and B, attached hereto). All Defendants' undersigned counsel filed this document concurrently thereby acknowledging Plaintiff's filed case. In effect, by acknowledging Plaintiff's filed case, then all Defendants were aware and had notice of Plaintiff's case and were thereby not unduly prejudiced. Furthermore, Plaintiff served his complaint immediately upon learning of his inadvertent error.

Thus, in consideration of the foregoing reasons above, Plaintiff respectfully requests that this an Order from this Honorable Court and allow him an additional thirty (30) days within which to effect service on the Defendants through the streamlined procedures for informal service of process set forth in Pre-Trial Order #10, 10A and 10B. Plaintiff further states that no party will be prejudiced by the granting of the relief sought and that the progress of the MDL will not be affected.

Dated: <u>December 21, 2017</u>　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ John C. Thornton*
　　　　　　　　　　　　　　　　　　　　　　**ANDREWS THORNTON**
　　　　　　　　　　　　　　　　　　　　　　**HIGGINS RAZMARA, LLP**
　　　　　　　　　　　　　　　　　　　　　　2 Corporate Park, Suite 110
　　　　　　　　　　　　　　　　　　　　　　Irvine, CA 92606
　　　　　　　　　　　　　　　　　　　　　　Phone: (949) 748-1000
　　　　　　　　　　　　　　　　　　　　　　Anne Andrews, Esq., SBN 103280
　　　　　　　　　　　　　　　　　　　　　　aa@andrewsthornton.com
　　　　　　　　　　　　　　　　　　　　　　John C. Thornton, Esq., SBN 84492
　　　　　　　　　　　　　　　　　　　　　　jct@andrewsthornton.com

5

        Sean Thomas Higgins, Esq., SBN266888
        shiggins@andrewsthornton.com

***Attorney for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by Fed. R. Civ. P. 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of the electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John C. Thornton*
John C. Thornton