1               UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

2

   **************************************************************

3 IN RE:  XARELTO (RIVAROXABAN)         MDL 2592 "L"
PRODUCTS LIABILITY LITIGATION

4

                         January 3, 2018

5

6 THIS DOCUMENT RELATES TO        JUDGE ELDON E. FALLON
Cases 16-6052, 15-5186

7 15-5191, 15,5194, 15-5226,
15-5424 and 15-5426           MAG. JUDGE MICHAEL NORTH

8

   **************************************************************

9

10              TRANSCRIPT OF SHOW CAUSE HEARING
         HEARD BEFORE THE HONORABLE ELDON E. FALLON
              UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22 Official Court Reporter:       Lanie M. Smith, RPR, CRR
                        500 Poydras Street, B-275

23                         New Orleans, Louisiana 70130
                        (504) 589-7782

24

25        Proceedings recorded by mechanical stenography,
transcript produced via computer.

**P R O C E E D I N G S**

(Call to order of the court.)

THE COURT:  Be seated, please.

THE COURTROOM MANAGER:  Would you like me to call the case, Judge?

THE COURT:  Yes.

THE COURTROOM MANAGER:  MDL No. 2592, *In Re:  Xarelto Products Liability Litigation.*

THE COURT:  This matter grows out of the Xarelto multidistrict litigation case.  The case was centered here a number of years ago and suits started to be filed in this litigation, both in other districts and transferred here by the Multidistrict Litigation Panel Court or filed directly here.

In order to be of assistance to counsel in letting them file here, the Court allowed the filing of bundled complaints -- that is to say, group complaints -- and also allowed them to not have to prepay their costs with the understanding that they would be responsible for costs at a later time.  That policy was then terminated at a certain period after giving notice to all counsel, and then the cases proceeded.

It was the understanding that any case that was filed without cost would be due and owing at the time the case was dismissed.  In this particular matter, the cases were dismissed, but the costs were not paid.

1    The Court had a rule to show cause on four or

2    five matters in which counsel failed to pay their costs.  Many

3    of the counsel appeared at that rule to show cause or came in

4    by telephone.  The Court heard from them and made some decision

5    as to either to give them additional time or to exempt them

6    from paying costs because of the time -- they missed it a day

7    or something of that sort.  And they all paid or at least

8    explained why they didn't pay with the exception of two

9    counsel:  Mr. Robin Treto, T-R-E-T-O, of D-I-E-Z dash

10   A-R-G-U-E-L-L-E-S and Tejedor, T-E-J-E-D-O-R; and a

11   Mr. Christopher Kirchmer, K-I-R-C-H-M-E-R, of Provost Umphrey

12   law firm.  Those individuals simply didn't show up.

13   So the Court had this meeting set requiring them

14   to come in person and explain why they failed to either

15   telephone the Court, write the Court or show up for the

16   particular hearing, the rule to show cause.  The meeting was

17   set for today, notices went out.  It's my understanding that

18   Robin Treto, T-R-E-T-O, is no longer with the Diez-Arguelles

19   firm, but Mr. Christopher Kirchmer is still with the

20   Provost Umphrey firm.

21   It seems to me that with Mr. Christopher Kirchmer

22   not even contacting the Court and failing to show up today is

23   in direct contempt of the Court and the Court will fine

24   Mr. Kirchmer and the Provost Umphrey law firm a thousand

25   dollars for failing to show up.

1    Robin Treto, as I say, is not with the firm.  The

2  Court will reach out to the Diez-Arguelles firm and find out

3  why either Robin Treto or someone from the firm didn't show up.

4  Failing to give a proper explanation, the Court will fine that

5  firm also a thousand dollars.  But because of the uncertainty

6  as to whether the notice was sent to Robin Treto, who is no

7  longer with the firm, or was it opened by the firm because that

8  individual left and it was simply forwarded to that individual,

9  the Court will hold that in abeyance and not fine either

10  Robin Treto or Diez without contacting them first.

11    The Court will stand in recess.  Thank you.

12    (WHEREUPON, the proceedings were adjourned.)

13    * * * *

14    REPORTER'S CERTIFICATE

15    I, Lanie M. Smith, CRR, RPR, Official Court
Reporter, United States District Court, Eastern District of

16  Louisiana, do hereby certify that the foregoing is a true and
correct transcript, to the best of my ability and

17  understanding, from the record of the proceedings in the
above-entitled and numbered matter.

18

19    ___/s/ Lanie M. Smith_____
    Official Court Reporter

20

21

22

23

24

25