**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) MDL NO. 2592 ) ) SECTION:  L ) JUDGE FALLON ) MAG. JUDGE NORTH ) ) JURY TRIAL DEMANDED ) ) Civil Action No:  2:17-cv-4352 |

**THIS DOCUMENT RELATES TO:**

*RONALD R. PERRY v. JANSSEN RESEARCH & DEVELOPMENT, LL ET AL*
**Civil Action No.: 2:17-cv-04352**

**RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES**

On December 21, 2017, this Court issued an Order to Show Cause (Rec. Doc. 8191) why certain actions, including the above-captioned action, should not be dismissed with prejudice for failure to provide any Medical Records demonstrating alleged injury and failure to provide copies of Prescription and/or Pharmacy Records demonstrating use of Xarelto in accordance with Case Management Order No. 1. Undersigned counsel responds to that order as follows:

1. The Complaint in this matter was filed on April 30, 2017.
2. At the time the complaint was filed, counsel and Plaintiff had yet to obtain medical records but filed the complaint out of an abundance of caution to protect the claim from possibly being barred by statute of limitations.
3. The undersigned counsel attempt to obtain the medical records from St. Luke's Hospital, which includes the pharmacy records, from its record-retrieval vendor.
4. The record from St. Luke's Hospital was requested in August 22, 2016.
5. A representative from said hospital indicated that the first request included more than 800 pages and that due to technical difficulties they could only send part of the record.

6. Despite repeated efforts by counsel and its record-retrieval vendors to speed the process along, at the time of this filing, St. Luke's Hospital is still processing Plaintiff's expedited record request.

7. Accordingly, Plaintiff is actively attempting in good faith to comply with CMO#1. Plaintiff has submitted his PFS, and, as noted above, he has provided medical records from Tufts Medical Center that clearly indicate that he suffered a hematoma due to acute blood loss anemia while taking Xarelto, and that Xarelto is listed among his active medications at the time of his hospitalization. (See Exhibit 1).

8. In light of the above, Defendants' request for a dismissal of Plaintiff's action with prejudice is wholly unwarranted. The Fifth Circuit has observed that a dismissal with prejudice Under Rule 41(b) "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. Cignarsi-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1985)). Consequently, the Fifth Circuit has limited the district court's discretion by allowing dismissal with prejudice only where: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citing *Callip,* 757 F.2d at 1519-21).

9. Plaintiff respectfully submits that neither of those elements are present in this case. Plaintiff has substantially complied in good faith with all his obligations under CMO #1, and he is continuing to actively do so. Further, even if the Court determines that something more is required, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

10. The Court further noted that "sanctions should be used as a lethal weapon only under extreme circumstances." Id. (citations omitted). In light of this, the Fifth Circuit has "articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order": (1) the violation must result "from willfulness or bad faith and [be] accompanied by bad faith and a clear record of delay or contumacious conduct;" (2) the violation "must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic

sanction [that] would substantially achieve the desired deterrent effect." Id. at 1380-81 (citing Coane v. Ferrara Pan Candy Co., 898 F.2d 1030, 1032 (5th Cir. 1990)).

11. Plaintiff maintains that none of those elements are present to warrant dismissal of this case. Plaintiff has substantially complied in good faith with his obligations under CMO #1. While counsel and Plaintiff continue to seek pharmacy records further substantiating Plaintiff's claims, Plaintiff has cooperated in that pursuit in all respects. Further, Defendants have not articulated any "substantial prejudice" they have suffered as a result of the absence of pharmacy records in this case. And finally, as noted above, if the Court determines that more is required of Plaintiff, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

12. Accordingly, Plaintiff respectfully requests that this Court deny Defendants' request to dismiss this action with prejudice. Plaintiff respectfully requests a period of 60 days within which to obtain the necessary pharmacy records or, in the alternative, dismiss the above-captioned action without prejudice.

13. This motion is being submitted to this Honorable Court without the need of a formal hearing.

January 8, 2018:                                              Respectfully submitted,

/s/ Christopher K. Johnston
Christopher K. Johnston
California Bar No. 261474
LAW OFFICE OF CHRISTOPHER K. JOHNSTON, LLC
1510 Ave. Fd Roosevelt, Ste. 6A1
Guaynabo, Puerto Rico 00968
Tel: (844) 345-3784
Fax: (844) 644-1230
kyle@masstortslaw.com
*Attorney for Plaintiff*