**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| JAMES T. MOLNAR AND DOROTHY J. MOLNAR **Plaintiffs** | ) ) ) | JUDGE: ELDON E. FALLON |
| | ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| v. | ) ) | |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. **Defendants** | ) ) ) ) | Civil Action No: 2:17-cv-04870-EEF-MBN |

## RESPONSE TO PLAINTIFFS' MOTION FOR AN EXTENSION OF TIME TO SERVE PROCESS

Defendants Bayer HealthCare Pharmaceuticals Inc. ("BHCP") and Bayer Pharma AG, by and through counsel, appearing specially, and reserving all defenses including, without limitation, the defenses of insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submit their Response to Plaintiffs' Motion for an Extension of Time to Serve Process on Defendants Bayer Pharma AG and Bayer HealthCare Pharmaceuticals Inc., and state the following:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on BHCP and Bayer Pharma AG.[1]  PTO 10 permits service of process on BHCP by certified mail, return receipt requested, upon the following representative of BHCP:

> SOP Department
> Corporation Service Company
> Suite 400
> 2711 Centerville Road
> Wilmington, DE 19808

---

[1] Contrary to Plaintiffs' assertion, the streamlined service process does not apply to any other Bayer defendants.

PTO 10 permits service of process on Bayer Pharma AG by registered mail, return receipt requested, upon the following representative of Bayer Pharma AG:

> Bayer Pharma AG
> Attn: Eva Gardyan-Eisenlohr
> General Counsel
> Muellerstrasse 178
> 13353 Berlin
> GERMANY

The Complaint was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on May 11, 2017.

On May 26, 2017, BHCP received a request for waiver of service.  BHCP chose not to waive proper service.  On November 28, 2017, BHCP received a copy of the Complaint and Summons by certified mail, through BHCP's representative.  The service papers were post-marked November 22, 2017.  Service was rejected by letter dated November 29, 2017, because service was untimely.

On June 7, 2017, Bayer Pharma AG received a request for waiver of service.  Bayer Pharma AG chose not to waive proper service.  On December 1, 2017, Bayer Pharma AG received a copy of the Complaint and Summons*,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.   The service papers were post-marked November 22, 2017.  Service was rejected by letter dated December 1, 2017, because service was untimely.

PTO 10 only permits streamlined service of process on Bayer Pharma AG by registered mail, return receipt requested, and on BHCP by certified mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons.  For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order.  Other plaintiffs shall have 60 days from

docketing of the Complaint in the MDL."[2]  Plaintiffs failed to serve process within 60 days from the docketing of the Complaint in the MDL.

Bayer Pharma AG is a company organized under the laws of Germany.  Normally, service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h).  Under Federal Rules of Civil Procedure 4(h)(2), service upon a corporation is effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof."  Subdivision (f) provides that an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

Service of process by an American plaintiff on a German defendant in Germany is normally governed by international and German law.  The streamlined process for service on Bayer Pharma AG in PTO 10 is a departure from the requirements for service under international and German law and was a concession by Bayer Pharma AG.  If a plaintiff is to receive the benefit from this departure from normal service procedures, the plaintiff should, at the very least, be required to meet the conditions in PTO 10.

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)."  Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to serve process "if the plaintiff shows good cause for the failure" to timely serve process.  Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  The Fifth Circuit Court

---

[2] Pre-Trial Order No. 10A and Pre-Trial Order No. 10B are inapplicable because of the date of filing of the Complaint.

of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified."'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. LEXIS 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiffs have failed to show good cause for their failure to serve process within the required time period.  Inadvertence by counsel does not entitle Plaintiffs to an extension.  *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process).  The Court should deny Plaintiffs' motion for extension of time to serve process under the streamlined service process of PTO 10 and require Plaintiffs to serve BHCP and Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiffs serve Bayer Pharma AG in accordance with international and German law pursuant to Rules 4(h)(2) and (f).

BHCP and Bayer Pharma AG are entitled to some certainty as to whether they will be required to defend themselves in a particular case pending in the MDL.  Time limits on service provide some level of certainty.  Otherwise, BHCP and Bayer Pharma AG are subject to being brought into any case in the MDL at any time for any reason.  With numerous cases pending in the MDL, this level of uncertainty places an undue burden on BHCP and Bayer Pharma AG to continue to monitor all cases pending in the MDL.

Furthermore, PTO 11 provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served."  However, once BHCP or Bayer Pharma AG is served in a particular case, BHCP or Bayer Pharma AG's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed).  Service triggers the

operation of BHCP or Bayer Pharma AG's omnibus answer in a particular case without any action

on the part of BHCP or Bayer Pharma AG.  By delaying service, a plaintiff can delay the operation

of BHCP or Bayer Pharma AG's omnibus answer in a particular case.  Pre-Trial Order No. 11C

provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint.  When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.
>
> If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her

complaint.  Rather, the plaintiff can amend her complaint at any time for any reason.

WHEREFORE, BHCP and Bayer Pharma AG respectfully request that the Court deny

Plaintiffs' request for an additional 30 days to serve process on BHCP and Bayer Pharma AG under

the streamlined service process of PTO 10, require Plaintiffs to serve BHCP and Bayer Pharma AG

pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that

Plaintiffs serve Bayer Pharma AG in accordance with international and German law pursuant to

Rules 4(h)(2) and (f).

January 9, 2018                              Respectfully submitted,

                                            By: /s/ Steven Glickstein
                                            Steven Glickstein
                                            Andrew K. Solow
                                            ARNOLD & PORTER
                                            KAYE SCHOLER LLP
                                            250 West 55th Street
                                            New York, New York 10019-9710
                                            Telephone: (212) 836-8485
                                            Facsimile: (212) 836-6485
                                            steven.glickstein@apks.com


                                            William Hoffman
                                            ARNOLD & PORTER
                                            KAYE SCHOLER LLP
                                            601 Massachusetts Ave., NW
                                            Washington, D.C. 20001
                                            Telephone: (202) 942-5000
                                            Facsimile: (202) 942-5999
                                            william.hoffman@apks.com


                                            By: /s/ John F. Olinde
                                            John F. Olinde (LA Bar #1515)
                                            CHAFFE McCALL L.L.P.
                                            1100 Poydras Street
                                            Suite 2300
                                            New Orleans, LA 70163
                                            Telephone: (504) 585-7241
                                            Facsimile: (504) 544-6084
                                            olinde@chaffe.com
                                            *Attorneys for Bayer Pharma AG and*
                                            *Bayer HealthCare Pharmaceuticals Inc.*


## CERTIFICATE OF SERVICE

        I hereby certify that on January 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                            /s/ John F. Olinde