UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2592<br><br>SECTION: L<br><br><br>JUDGE FALLON<br>MAG. JUDGE NORTH<br><br>RESPONSE TO ORDER TO SHOW CAUSE<br>REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES |

**THIS DOCUMENT RELATES TO:**

*Joserie Preston obo Rufus Smith, Deceased v. Janssen Research & Development LLC, et al; No. 2:17-cv-03884*

COMES NOW Counsel for Plaintiff in the above matter, and files this Response to the Order to Show Cause Regarding Plaintiffs With Alleged Core Plaintiff Fact Sheet Deficiencies entered on January 4, 2018 (Doc. 8232) and would respectfully show the Court the following:

I.

Defendants moved for an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets (hereinafter referred to as PFSs) should not be dismissed with prejudice (Doc.7722). The Court entered an Order to Show Cause on October 11, 2017 (Doc. 7737). Plaintiff Rufus Smith, Deceased appeared on Exhibit A of both Defendants' Motion and the Court's Order to Show Cause (Doc. 7722-2 and 7737 respectively).

After responding to the Court's Show Cause Order and upon hearing on November 30, 2017, the Court granted Plaintiff's request for an extension of time within which to provide records that had been ordered to establish proof of Xarelto use and a Xarelto related injury. The Court has now entered another Order to Show Cause as to Plaintiff Joserie Preston obo Rufus Smith, Deceased on January 4, 2018 (Doc. 8232) and stated that unless Plaintiff has resolved the alleged deficiencies on or before January 24, 2018, Plaintiff's case would be subject to dismissal with prejudice.

II.

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of Defendant's Motion for Order to Show Cause and Memorandum in Support, and advised of the deadlines within which to respond and cure said deficiencies.

Unfortunately, to date, Plaintiff's counsel has not been successful in obtaining any additional records that may contain proof of Xarelto use and a Xarelto related injury suffered by Plaintiff Rufus Smith, deceased.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of Xarelto use and a Xarelto related injury suffered by Plaintiffs, counsel is unable to respond and cure the core PFS deficiencies.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm Plaintiff's Xarelto usage and related injury. Counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of her claim with prejudice. However, in the event that no additional records confirming Xarelto use and injury are

uploaded to MDL Centrality prior to the show cause hearing, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper. Plaintiff has been advised that unless the requisite proof of usage and an injury is provided, her case is subject to dismissal by the Court with prejudice.

Dated: January 11, 2018

Respectfully submitted,

s/ Michael T. Gallagher
MICHAEL T. GALLAGHER
 (Texas Bar #07586000)
THE GALLAGHER LAW FIRM LLC
2905 Sackett Street
Houston, TX 77098
Telephone: (713) 222-8080
Facsimile (713) 222-0066
mike@gld-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Response to Order to Show Cause has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

s/ Michael T. Gallagher
Michael T. Gallagher