# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) MDL NO. 2592 ) ) SECTION: L ) JUDGE FALLON ) MAG. JUDGE NORTH ) ) JURY TRIAL DEMANDED ) ) Civil Action No: <u>2:17-cv-06989</u> |

**THIS DOCUMENT RELATES TO:**

*KIMMY JAMES V. JANSSEN RESEARCH & DEVELOPMENT, LLC ET AL.*
Civil Action No.: 2:17-cv-06989

## RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO SERVE A PLAINTIFF FACT SHEET

COMES NOW Counsel for Plaintiff in the above matter, and respectfully files this Response to the Order to Show Cause Regarding Plaintiffs Who Have Failed to Serve a Plaintiff Fact Sheet, issued by this Honorable Court on January 9, 2018 (Doc. 8279):

1. The above captioned case was filed on July 21, 2017.
2. The Plaintiff Fact Sheet was due on October 19, 2017.
3. On August 4, 2017, the first of many attempted communications with Plaintiff Kimmy James regarding the plaintiff fact sheet was sent. On that date, Plaintiff was sent a copy of the Plaintiff Fact Sheet ("PFS"), along with the corresponding declaration page and the authorization forms for signature. This was sent via USPS Priority Mail, along with a letter that indicated the consequences of not providing a signed PFS, including dismissal with prejudice of his case. However, the PFS packet that was sent to plaintiff was returned to us as undeliverable to the address that Plaintiff had provided. Plaintiff had not informed of any changes in the contact information he had provided to counsel.

4. The undersigned counsel and their staff started efforts to locate Plaintiff to confirm the address he had provided, or any change thereof, so the PFS could be resent, signed, and timely submitted. However, Plaintiff could not be located at the phone number he had provided.

5. Our efforts to contact the client in order for him to review and sign the corresponding PFS were interrupted by the effects that Hurricane Irma and Hurricane Maria had on Puerto Rico's communications and power grid, as the undersigned counsel offices are in Puerto Rico. After some of our operations were resumed, another PFS packet was sent to Plaintiff by mail on October 11, 2017, to an additional address that was identified as potentially belonging to him. Once again Plaintiff was warned of the consequences of not executing and submitting the documents on time. Additional efforts were made to contact plaintiff on the phone, to no avail.

6. On October 17, 2017, a Motion for Extension of Time to Serve Plaintiff Fact Sheet was filed with the Court (Doc. 7818).

7. On November 16 and November 20, 2017, Plaintiff was sent another PFS packet via Priority Mail to other addresses that had been identified as potential addresses for him, to no avail. Also, Plaintiff still could not be contacted through the phone after additional efforts to identify other possible numbers had been exhausted. Further efforts have not been fruitful.

8. All of these communications, as well as the previous ones, were sent with a prepaid envelope to facilitate the return of the signed PFS documents. Additional efforts were made to contact client on the phone, again to no avail. Plaintiff has been notified at all times of the consequences of not providing the PFS documentation.

9. Every effort to locate Plaintiff has been aimed at obtaining his approval of the information on the PFS, along with his signatures of the declaration page and the authorization forms, so said PFS is in compliance with the Court's Orders.

10. Since Plaintiff has not been located, has not responded to our multiple attempts to contact him, and, therefore, has not provided his signatures to the corresponding declaration page and authorization forms, counsel has in good faith submitted the PFS with all the information available at this moment. The PFS is only missing the corresponding signatures.

11. Defendants' request for a dismissal of Plaintiff's action with prejudice (see Doc. 8250) is wholly unwarranted. The Fifth Circuit has observed that a dismissal with prejudice under Rule 41(b) "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. Cignarsi-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1985)). Consequently, the Fifth Circuit has limited the district court's discretion by allowing dismissal with prejudice only where: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citing *Callip,* 757 F.2d at 1519-21).

12. Counsel respectfully submits that neither of those elements are present in this case. Multiple efforts have been made to serve a signed PFS. The PFS that has been submitted in good faith, after efforts to contact Plaintiff have not been fruitful, substantially complies with the Court's Orders. Even if the Court determines that something more is required, there is no indication that a lesser sanction would not ensure compliance by Plaintiff, who has, through the counsel of record, provided substantial information in support of his claim.

13. "Sanctions should be used as a lethal weapon only under extreme circumstances." *Id.* (citations omitted). In light of this, the Fifth Circuit has "articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order": (1) the violation must result "from willfulness or bad faith and [be] accompanied by bad faith and a clear record of delay or contumacious conduct;" (2) the violation "must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citing *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

14. None of those elements are present to warrant dismissal of this case. Plaintiff has substantially complied in good faith with his obligations under the Court's Orders, and no bad faith has been established by Defendants. Furthermore, Defendants would have to articulate a "substantial prejudice" that they would suffer as a result

3

of the absence of signature in an otherwise complete PFS. And finally, as noted above, if the Court determines that more is required of Plaintiff, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

15. Accordingly, Plaintiff respectfully requests that this Court deny Defendants' request to dismiss this action with prejudice. Plaintiff respectfully requests an additional period of thirty (30) days within which to obtain the Plaintiff's signature of the PFS. In the alternative, if the Court determines that dismissal is warranted at this time, we respectfully request that the case is dismissed without prejudice.

16. This motion is being submitted to this Honorable Court without the need of a formal hearing.

Respectfully submitted this 12th day of January, 2018.

/s/Carlos M. Hernández-Burgos
USDCPR No. 224814
LAW OFFICE OF CHRISTOPHER K. JOHNSTON, LLC
1510 Ave. F.D. Roosevelt, Ste. 6A1
Guaynabo, Puerto Rico 00968
Tel: (844) 345-3784
Fax: (844) 644-1230
carlos.h@masstortslaw.com

/s/Christopher K. Johnston
California Bar No. 261474
LAW OFFICE OF CHRISTOPHER K. JOHNSTON, LLC
1510 Ave. F.D. Roosevelt, Ste. 6A1
Guaynabo, Puerto Rico 00968
Tel: (844) 345-3784
Fax: (844) 644-1230
kyle@masstortslaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 12th day of January, 2018 a true and correct copy of the foregoing has been submitted to the Clerk of the Court for filing and electronic service via the Court's CCM/ECF system on all counsel of record.

                                                       /s/ Carlos M. Hernández-Burgos