UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) MDL NO. 2592 ) ) SECTION: L ) JUDGE FALLON ) MAG. JUDGE NORTH ) ) JURY TRIAL DEMANDED ) ) Civil Action No: **2:17-cv-7542** |

**THIS DOCUMENT RELATES TO:**

*Cynthia Allen v. JANSSEN RESEARCH & DEVELOPMENT, LL ET AL*
**Civil Action No.: 2:17-cv-07542**

**PLAINTIFFS RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO FAILED TO SERVEA PLAINTIF FACT SHEET**

NOW COMES, Plaintiff by and though the undersigned counsel and for her Response to the Order to Show Cause (Rec. Doc. 8279), Regarding Plaintiffs Who Have Failed to Serve Plaintiff Fact Sheet, issued by this Honorable Court on January 9, 2018 state as follows:

1. The above captioned case was filed on August 4, 2017.

2. The Plaintiff Fact Sheet was due on November 2, 2017.

3. We made our first attempt to contact Plaintiff on August 4, 2017 regarding the plaintiff fact sheet that had been sent. On this same date Plaintiff was sent a copy of the "PFS", along with the corresponding declaration page and authorization forms for signature. Attached also, was a letter indicating the consequences of not providing a signed PFS, including dismissal with prejudice of her case.

4. The undersigned counsel's efforts to contact the client were interrupted by the effects

3

that Hurricane Irma and Hurricane Maria had on Puerto Rico's communications and power grid, as the undersigned counsel's offices are in Puerto Rico.

5. On October 17, 2017, shortly after re-establishing our operations, we sent a warning letter to Plaintiff along with another PFS package, including the "PFS", authorization forms and declaration page stressing the importance of executing and submitting the documents on time.

6. On November 2, 2017, we managed to communicate via telephone with Plaintiff again stressing the importance of executing and submitting the aforementioned documents and the consequences of not doing so, including dismissal with prejudice. Plaintiff affirmed she would send them immediately.

7. On November 7, 2017, an attempt was made to communicate via telephone unsuccessfully and undersigned counsel sent another warning letter to Plaintiff indicating the consequences of not executing and submitting the PFS documents.

8. On November 14, 2017, undersigned counsel attempted to call Plaintiff unsuccessfully and sent an email to Plaintiff identifying all previous efforts to communicate with and obtain the "PFS" documents with no response.

9. On December 1, 2017, undersigned counsel attempted to call Plaintiff to no avail and sent a third "PFS" package to Plaintiff along with a warning letter indicating the consequences of not executing and submitting the PFS.

10. On January 12, 2018, undersigned counsel sent a fourth "PFS" package along with a warning letter to Plaintiff indicating the consequences of not executing and submitting the PFS. To this date we have not received an answer from Plaintiff.

11. Since Plaintiff has not been located after the November 2, 2017 telephone call and has

not provided her signatures to the corresponding declaration page and authorization forms, counsel has in good faith submitted the PFS with all the information available at this moment. The PFS is only missing the corresponding signatures.

12. Defendants' request for a dismissal of Plaintiff's action with prejudice (see Doc. 8250) is wholly unwarranted. The Fifth Circuit has observed that a dismissal with prejudice under Rule 41(b) "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. Cignarsi-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1985)). Consequently, the Fifth Circuit has limited the district court's discretion by allowing dismissal with prejudice only where: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citing *Callip,* 757 F.2d at 1519-21).

13. Counsel respectfully submits that neither of those elements are present in this case. Multiple efforts have been made to serve a signed PFS. The PFS that has been submitted in good faith, after efforts to contact Plaintiff have not been fruitful, substantially complies with the Court's Orders. Even if the Court determines that something more is required, there is no indication that a lesser sanction would not ensure compliance by Plaintiff, who has, through the counsel of record, provided substantial information in support of her claim.

14. "Sanctions should be used as a lethal weapon only under extreme circumstances." *Id.* (citations omitted). In light of this, the Fifth Circuit has "articulated several factors that

3

must be present before a district court may dismiss a case as a sanction for violating a discovery order": (1) the violation must result "from willfulness or bad faith and [be] accompanied by bad faith and a clear record of delay or contumacious conduct;" (2) the violation "must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citing *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

15. None of those elements are present to warrant dismissal of this case. Plaintiff has substantially complied in good faith with his obligations under the Court's Orders, and no bad faith has been established by Defendants. Furthermore, Defendants would have to articulate a "substantial prejudice" that they would suffer as a result of the absence of signature in an otherwise complete PFS. And finally, as noted above, if the Court determines that more is required of Plaintiff, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

16. Accordingly, Plaintiff respectfully requests that this Court deny Defendants' request to dismiss this action with prejudice. Plaintiff respectfully requests an additional period of thirty (30) days within which to obtain the Plaintiff's signature of the PFS. In the alternative, if the Court determines that dismissal is warranted at this time, we respectfully request that the case is dismissed without prejudice.

17. This motion is being submitted to this Honorable Court without the need of a formal hearing.

WHEREFORE, Plaintiff respectfully requests that this Court take notice of the fact that the alluded deficiency has been cured and therefore not dismiss Plaintiff's complaint.

Respectfully submitted this 12th day of January 2018.

/s/ William Rivera-Alvarez
LAW OFFICE OF CHRISTOPHER K. JOHNSTON, LLC
1510 Ave. F.D. Roosevelt, Ste. 6A1
Guaynabo, Puerto Rico 00968
Tel: (844) 345-3784
Fax: (844) 644-1230
william@masstortslaw.com

Counsel for Plaintiff

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of Janury, 2018 a true and correct copy of the foregoing has been submitted to the Clerk of the Court for filing and electronic service via the Court's CM/ECF system on all counsel of record.

/s/ William Rivera-Alvarez
LAW OFFICE OF CHRISTOPHER K. JOHNSTON, LLC
1510 Ave. F.D. Roosevelt, Ste. 6A1
Guaynabo, Puerto Rico 00968
Tel: (844) 345-3784
Fax: (844) 644-1230
william@masstortslaw.com

Counsel for Plaintiff
