**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | MDL No. 2592 |
| | SECTION: L |
| | HON. JUDGE ELDON E. FALLON |
| | MAG. JUDGE: MICHAEL NORTH |
| This Document Relates to: *Dolly A. Stevens and Walter Stevens v. Janssen Research & Development LLC, et al.*; Case No. 2:16-cv-00173 | |

**MOTION TO SUBSTITUTE PARTY PLAINTIFF**

Counsel, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, moves this Court for an Order substituting spouse/Personal Representative Walter Stevens as plaintiff on behalf of the deceased Plaintiff, Dolly A. Stevens.

1. Plaintiffs filed a products liability lawsuit against defendants on December 21, 2015.

2. Plaintiff's counsel was subsequently notified that Plaintiff Dolly A. Stevens died on July 11, 2017. A Notice and Suggestion of Death is filed concomitantly with this Motion.

3. Plaintiff Dolly A. Stevens' product liability action against defendants survived her death and was/is not extinguished.

4. Walter Stevens, surviving spouse of Plaintiff Dolly A. Stevens and the Personal Representative of her estate, is a proper party to substitute for plaintiff-decedent Dolly A. Stevens and has proper capacity to proceed forward with the surviving products liability claim on her behalf, pursuant to Fed. R. Civ. P. 25(a)(1). Walter Stevens was appointed

Personal Representative of the estate of Dolly A. Stevens on January 19, 2017 by the Last Will and Testament of Dolly A. Stevens. A copy of the Last Will and Testament of Dolly A. Stevens is attached hereto as "Exhibit A."

5. Undersigned counsel has conferred with defendants' counsel and none oppose this Motion.

WHEREFORE, Counsel for Plaintiff(s) request that this Honorable Court grant this Motion to Substitute Party Plaintiff in this matter.

Dated: January 22, 2018    Respectfully Submitted,

By: /s/ Pete Lowe
Zachary Peter Lowe, UT Bar # 13792
Nathan Buttars, UT Bar # 13659
LOWE LAW GROUP
6028 S. Ridgeline Drive, #200
Ogden, UT 84405
Tel: 801-917-8500
Fax: 801-917-8484
pete@lowelawgroup.com
nate@lowelawgroup.com
*Counsel for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *Motion to Substitute Party Plaintiff* has contemporaneously with or before filing been served on all parties or their attorneys on the Court's ECF System, and thereby, pursuant to Local Rule 5.4 and to Pre-Trial Order #1.

Dated: January 22, 2018    /s/ Pete Lowe

# Exhibit A

# LAST WILL AND TESTAMENT

# OF

# DOLLY A. STEVENS

I, Dolly A. Stevens, a resident of Manatee County, Florida, revoke all prior Wills and publish the following as my Last Will and Testament.

## ARTICLE 1
## FAMILY

I am married to Walter Stevens, who is referred to as "my husband" in this Will. My husband and I have four children, Lee M. Stevens, George A. Stevens, Tiffany M. Stevens Miller, and Anne M. Stevens. References to "my children" mean my children named above; references to "my descendants" mean my children and their descendants.

## ARTICLE 2
## DISTRIBUTION OF MY ESTATE

After making provision for the payments under Article 5, my Personal Representative shall distribute my remaining estate as follows:

**2.1** **Specific Gifts.** I make the following specific gifts:

**(a)** **Separate List for Tangible Personal Property.** I may make gifts of tangible personal property by means of one or more separate written lists. To be effective, a separate list must be signed by me, and must identify the items and persons to receive them with reasonable certainty. If there is a conflict, I confirm the gift of that item made in the most recently dated list. My Personal Representative will not be bound by any written list produced or discovered more than two months after my death.

**(b)** **Specific Gifts of Tangible Personal Property.** I give all my remaining tangible personal property not given by other provisions of this article, including furniture, household furnishings, motor vehicles, clothing, jewelry, and personal effects (together with all insurance on those items), to my husband if he survives me. If he does not survive me, I give all of those items, together with all insurance on them, to Lee M. Stevens, if living, otherwise to Anne M. Stevens.

**2.2** **Residuary Estate.** If my husband survives me, I give to him all my Residuary Estate, to the exclusion of all other persons, including any children of mine born or adopted after the execution of this Will. If my husband does not survive me, I give all my remaining estate to Lee M. Stevens, if living, otherwise to Anne M. Stevens, subject to Article 3.

## ARTICLE 3
## STANDBY TRUST

If any assets are distributable under this Will to a person other than my husband who has not then reached age 21, or who in the judgment of the Trustees is under a disability, the Trustees will hold that person's share in trust for his or her benefit. In determining a person's disability, the Trustees may rely conclusively upon the opinion of a medical doctor retained by them to make such a determination. The Trustees may apply so much of the income and principal of this separate trust that they consider necessary or desirable for the person's health, education, support, and maintenance. Any undistributed income is to be added to principal periodically. Alternatively, the Trustees may distribute that person's share directly to that person whether or not he or she has a guardian; to the parent or guardian or spouse of that person; to a custodial account established for that person (by the Trustees or someone else) under an applicable Uniform Transfers to Minors Act or Uniform Gifts to Minors Act; or to any adult who resides in the household in which that person resides or who may otherwise be responsible for the care and well-being of that person. When the person reaches age 21 or when that person's disability, in the judgment of the Trustees, ceases to exist, the Trustees shall distribute the remaining assets of this separate trust to that person. If that person dies before complete distribution of this separate trust, the remaining trust assets are to be distributed, subject to this article, to that person's then living descendants, per stirpes; or if none, to my then living descendants, per stirpes. This article is to be effective only and is limited in duration to the extent that it does not result in any violation of any applicable rule against perpetuities or similar law.

## ARTICLE 4
## APPOINTMENT OF PERSONAL REPRESENTATIVE

I appoint my husband as my Personal Representative. If he fails or ceases to serve, I appoint Lee M. Stevens to serve as Personal Representative. A Personal Representative will be entitled to reasonable compensation. I direct that no Personal Representative be required to post bond or other security.

## ARTICLE 5
## PAYMENTS OF EXPENSES AND TAXES

My Personal Representative is authorized in its discretion to use the principal and income of my estate as it deems necessary or advisable for the payment of any legally enforceable obligations, costs of my last illness and funeral, and any estate transmission and management expenses incurred in the administration of my estate. My Personal Representative shall pay all estate taxes from my Residuary Estate, without apportionment.

## ARTICLE 6
## FIDUCIARY POWERS

I grant to my Personal Representative full power to deal freely with any property in my estate, as specifically enumerated in Sections 733.601-619 of the Florida Statutes. The Personal Representative may exercise these powers, including the power to sell any real or personal property at public or private sale, independently and without the approval of any court. No person dealing with the Personal Representative need inquire into the propriety of any of its actions or into the application of any funds or assets. The Personal Representative shall, however, exercise all powers in a fiduciary capacity for the best interest of the beneficiaries of my estate.

## ARTICLE 7
## NONMUTUAL WILL

This is not a mutual or reciprocal Will with any Will executed by my husband. He may amend, revoke, or redraw his Will at any time, regardless of any interest he may receive under this Will.

## ARTICLE 8
## MISCELLANEOUS PROVISIONS

**8.1** **Definitions.** As used in this Will, the following terms have the meanings set forth below:

(a) **Trustee. Trustees** refers to my Personal Representative, acting as trustee for any trust created in this Will. When serving as Trustee, my Personal Representative will have all the powers granted to trustees under Florida law, as well as the powers specified in this Will.

(b) **Corporate Trustee. Corporate Trustee** means a trustee that is a bank, trust company, or other entity authorized to serve as a trustee under the laws of the United States or any state thereof.

(c) **Ascertainable Standard.** The terms **health, education, support, and maintenance** are intended to set forth an "ascertainable standard," as described in the Internal Revenue Code of 1986, as amended from time to time, and its associated Regulations. To the extent not inconsistent with the foregoing, "health" means a beneficiary's physical and mental health, including but not limited to payments for examinations, surgical, dental, or other treatment, medication, counseling, hospitalization, and health insurance premiums; "education" means elementary, secondary, post-secondary, graduate, or professional schooling in an accredited institution, public or private, or attendance at other formal programs in furtherance of the beneficiary's spiritual, athletic, or artistic education, including but not limited to payments for tuition, books, fees, assessments, equipment, tutoring, transportation, and reasonable living expenses.

Executed at Sarasota, Florida, on January 19, 2017.

_____
Dolly A. Stevens

This instrument was signed, sealed, published, and declared by the testatrix as her Last Will and Testament in our joint presence, and at her request we have signed our names as attesting witnesses in her presence and in the presence of each other on the date written above.

| Name | Address |
|---|---|
| _____ Walter Stevens | Bradenton, FL |
| _____ Suzanne Kurutz | Bradenton, FL |

STATE OF FLORIDA
COUNTY OF SARASOTA

I, Dolly A. Stevens, declare to the officer taking my acknowledgment of this instrument, and to the subscribing witnesses, that I signed this instrument as my Last Will and Testament.

_____
Dolly A. Stevens

We, __Walter Stevens__ and __Suzanne Kurutz__, have been sworn by the officer signing below, and declare to that officer on our oaths that the testatrix declared the instrument to be her Last Will and Testament and signed it in our presence, and that we each signed the instrument as a witness in the presence of the testatrix and of each other.

_____
Witness

_____
Witness

Acknowledged and subscribed before me by the testatrix, Dolly A. Stevens, who is personally known to me or who has produced _____ as identification, and sworn to and subscribed before me by the witnesses, __Walter Stevens__ who is personally known to me or who has produced _____ as identification, and __Suzanne Kurutz__, who is personally known to me or who has produced _____ as identification, and subscribed by me in the presence of the testatrix and the witnesses, all on January 19, 2017.

_____
Notary Public, State of Florida

[Notary Seal: CHRISTOPHER A. LIKENS, MY COMMISSION EXPIRES September 2, 2017, #FF 042512, Bonded thru Troy Fain · Insurance, NOTARY PUBLIC STATE OF FLORIDA]