UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) MDL NO. 2592 ) ) SECTION: L ) JUDGE FALLON ) MAG. JUDGE NORTH ) ) JURY TRIAL DEMANDED ) ) Civil Action No: **2:17-cv-06799** |

**THIS DOCUMENT RELATES TO:**

*CARRIE WINSTEAD V. JANSSEN RESEARCH & DEVELOPMENT, LLC ET AL*
**Civil Action No.: 2:17-cv-06799**

### RESPONSE TO ORDER TO SHOW CAUSE AND INFORMATIVE MOTION

NOW COMES, Plaintiff by and through the undersigned counsel and for his Response to the Order to Show Cause (Rec. Doc. 8279):

1. The Complaint in this matter was filed on July 17, 2017.

2. On November 1, 2017, Plaintiff's Counsel submitted first Motion for Extension of Deadlines to Serve Plaintiff Fact Sheet (Rec Doc. 7804) while still expecting Ms. Winstead's documents in the mail.

3. On January 9, 2018, this Court issued an Order to Show Cause (Rec. Doc. 8279) why certain actions, including the above-captioned action, should not be dismissed with prejudice for failure to serve a Plaintiff Fact Sheet.

4. On January 12, 2018, undersigned counsel submitted to this Honorable Court Suggestion of Death regarding Ms. Winstead.

5. To that end, on January 16, 2017, Plaintiff's counsel received Ms. Winstead's Death

    certificate and a next of kin affidavit from her son Gentry Winstead, however the documents corresponding to the Plaintiff Fact Sheet signed by her son are still in the mail.

6. Because of Ms. Winstead's passing during the pendency of this case, the corresponding Plaintiff Fact Sheet could not be produced in time.

7. Medical records and healthcare provider information has been entered in MDL Centrality and is awaiting the signatures of the proposed personal representative of Ms. Winstead, her son Gentry Winstead whom will be substituted in the above-captioned complaint in place of her mother.

8. The Plaintiff's reasons for not complying with the deadline to submit the Plaintiff Fact Sheet was not for any nefarious purpose, bad faith or for prejudicing or delaying defendants it was in fact an extraordinary circumstance.

9. Defendants' request for a dismissal of Plaintiff's action with prejudice (see Doc. 8250) is wholly unwarranted. The Fifth Circuit has observed that a dismissal with prejudice under Rule 41(b) "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. Cignarsi-Cigna,* 975 F.2d 1188, 1191 (5th Cir. 1992) (citing *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1985)). Consequently, the Fifth Circuit has limited the district court's discretion by allowing dismissal with prejudice only where: "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Id.* (citing *Callip,* 757 F.2d at 1519-21).

10. Counsel respectfully submits that neither of those elements are present in this case. Plaintiffs efforts to complete the PFS were not fruitful, because the Plaintiff passed away. There is no indication that a lesser sanction would not ensure compliance by Plaintiff, who has, through the counsel of record, provided substantial information in support of her claim.

11. "Sanctions should be used as a lethal weapon only under extreme circumstances." *Id.* (citations omitted). In light of this, the Fifth Circuit has "articulated several factors that must be present before a district court may dismiss a case as a sanction for violating a discovery order": (1) the violation must result "from willfulness or bad faith and [be] accompanied by bad faith and a clear record of delay or contumacious conduct;" (2) the violation "must be attributable to the client instead of the attorney;" (3) the violation "must substantially prejudice the opposing party;" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citing *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

12. None of those elements are present to warrant dismissal of this case. Plaintiff has not demonstrated any willfulness to not comply and no bad faith has been established by Defendants. Furthermore, Defendants would have to articulate a "substantial prejudice" that they would suffer as a result of the absence of signature in an otherwise complete PFS. And finally, as noted above, if the Court determines that more is required of Plaintiff, there is no indication that a lesser sanction would not ensure compliance by Plaintiff.

13. Accordingly, Plaintiff respectfully requests that this Court deny Defendants' request to dismiss this action with prejudice. Plaintiff respectfully requests an additional

period of thirty (30) days within which to obtain the Plaintiff's signature of the PFS. In the alternative, if the Court determines that dismissal is warranted at this time, we respectfully request that the case is dismissed without prejudice.

14. This motion is being submitted to this Honorable Court without the need of a formal hearing.

WHEREFORE, it is respectfully requested that this Court take notice that the alluded deficiency has been cured and therefore not dismiss Plaintiff's complaint.

Respectfully submitted this 22nd day of January 2018.

/s/ William Rivera-Alvarez
William Rivera-Alvarez
P.R. Bar 19578
Fed. Bar 304111
LAW OFFICE OF CHRISTOPHER K. JOHNSTON, LLC
Hato Rey Center
268 Ponce de Leon Ave.
Suite 1020
San Juan, PR 00917
Tel: (844) 345-3784
Fax: (844) 644-1230
william@masstortslaw.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January 2018 a true and correct copy of the foregoing has been submitted to the Clerk of the Court for filing and electronic service via the Court's CM/ECF system on all counsel of record.

/s/ William Rivera-Alvarez
William Rivera-Alvarez
P.R. Bar 19578
Fed. Bar 304111
LAW OFFICE OF CHRISTOPHER K. JOHNSTON, LLC
Hato Rey Center
268 Ponce de Leon Ave.
Suite 1020
San Juan, PR 00917
Tel: (844) 345-3784
Fax: (844) 644-1230
william@masstortslaw.com

*Attorney for Plaintiff*
