UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2592<br><br>SECTION:  L<br><br><br>JUDGE FALLON<br>MAG. JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

*Elida Ramirez v. Janssen Research & Development LLC, et al; No. 2:17-cv-08702*

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENTION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANTS BAYER PHARMA AG AND BAYER HEALTHCARE PHARMACEUTICALS, INC. PURSUANT TO PTO 10

Plaintiff submits this Memorandum in support of her Motion for an Order from this Court to provide Plaintiff an additional thirty (30) days within which to serve process on Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc. through the streamlined service of process as set forth in PTO 10, 10A and 10B.

### BACKGROUND

On March 24, 2015, this Court entered PTO 10 which created an informal streamlined service of process on Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals. PTO 10 allows Plaintiff to informally serve a complaint with a Summons on Defendants Bayer

1

Healthcare AG and Bayer Healthcare Pharmaceuticals within 60 days from the docketing of a Complaint in this MDL.

Plaintiff's Complaint was filed In Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL No. 2592 on September 6, 2017. Streamlined service of process was to be effectuated by November 5, 2017 pursuant to PTO 10.

Plaintiff attempted to serve both Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc. by letter dated October 23, 2017 in compliance with PTO 10 and also provided a copy of the service documents pertaining to Bayer Pharm AG by email to xareltocomplaints@babc.com in compliance with PTO 10C.

It was not until Plaintiff received notice through the MDL Centrality system on December 22, 2017 that Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc. had not been served with Plaintiff's lawsuit did Plaintiff's counsel realize that there was potential issue with the service of the Complaint, Civil Cover Sheet and Summonses in this matter.

On January 2, 2018, counsel for Plaintiff wrote to counsel for Defendant by way of the MDL filing inquiries email address and advised that it was Plaintiff's understanding that Defendants had been served with process and attached another copy of the service letters and certified mail and registered mail delivery confirmation receipts confirming same.

Defendant responded by email on January 9, 2018 and provided copies of letters that it had previously emailed to Plaintiff's counsel on October 30, 2017 and November 10, 2017. Plaintiff would show that these emails were inadvertently overlooked. Defendants' letters advised that the service documents that had been served on the Bayer Defendants included two Summonses that had *not* been issued by the Court. Because Plaintiff attempted to serve

Summonses that had not been issued by the Clerk of Court, Defendants further stated that service was not effective.  In their letters, Defendants indicated that they would accept corrected service in this matter without regard to the 60-day period as prescribed by PTO 10 if the corrected service was post-marked within 10 days of the date of Defendants' letters. (See Exhibit "A" attached hereto and incorporated herein).

Plaintiff's counsel paralegal, Lisa Kruse, responded by email dated January 10, 2018 and advised counsel for Defendants that the emailed letters of October 30, 2017 and November 10, 2017 had been mistakenly overlooked and not forwarded so that action could be taken to promptly make service as directed in the letters.  Plaintiff's counsel also advised that due to an inadvertent clerical error, the filed summonses had been erroneously provided with the service documents rather than the *issued* summons. Plaintiff's counsel provided a copy of the summonses that had been issued by the Clerk of Court on October 16, 2017. (See Exhibit "B" attached hereto and incorporated herein).

Additionally, in her email of January 10, 2018, Plaintiff's counsel paralegal advised that Plaintiff's counsel's office had successfully and timely served hundreds of lawsuits in this litigation consistent with PTO10 without issue and as a result, requested professional courtesy to allow counsel the opportunity to attempt corrected service in light of counsel's inadvertent administrative errors and to avoid the necessity of seeking Court intervention.

Counsel for the Bayer Defendants advised via telephone that they would not agree to allow attempted service, thereby necessitating the filing of Plaintiff's Motion. Counsel for Defendants further advised that they would oppose any efforts by Plaintiff's counsel to seek relief from the Court.

## II.

## LEGAL AUTHORITY

Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert the defendants that they have a limited time in which to respond. If a defendant is not served within 90 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff has every intention of pursuing her claim against Defendants. It was not until email notification by MDL Centrality was received on December 22, 2017 did Plaintiff's counsel first become aware that that there was an issue with service of process that Plaintiff's counsel believed to have been effectuated.  Additionally, it was only through Defendant's email of January 9, 2018 did Plaintiff's counsel learn of the inadvertent clerical errors that had been made in connection with both service of process and the overlooking of defense counsel's emails notifying Plaintiff's counsel of the summons issue.

Under Fed. R. Civ. P. 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). The Court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. See *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2nd 880 (1996)). Once more, if plaintiff can establish good cause for failing to serve defendant, that court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.

4

1996). In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P 4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Fed. R. Civ. P. 4(m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chicago.*, 646 F. 3d 1001, 1007 (7th Cir. 2011) (citing *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) (additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas*, 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

Here, Plaintiff has every intention of pursuing her claim and has demonstrated such to the Defendants. Furthermore, Plaintiff has not acted in bad faith.

Because the MDL involved thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by this Plaintiff, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein. This Court has granted similar relief to other plaintiffs when the Bayer Defendants have disputed service.

Additionally, there is certainly no element of surprise in this case and both Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc. had notice of Plaintiff's lawsuit and both Defendants acknowledge receipt of Plaintiff's Complaint and Civil Cover Sheet in their letters of October 30, 2017 and November 10, 2017. Furthermore, the Complaint and Civil Cover Sheet were served on Defendant Bayer Pharma AG via email on October 21, 2017 consistent with PTO 10. It was only as

the result of an unintentional and inadvertent clerical error and the overlooking of an email that has caused the unprejudicial delay in properly effectuating service pursuant to PTO 10 in this matter.

Plaintiff shows that as a matter of law and fact, she was not in "bad faith" in delaying service of the Complaint and Summones on the Bayer Defendants. Defendants are fully aware of and are served with thousands of identical complaints and have acknowledged receipt of these Complaints and Summonses in these matters. Plaintiff's counsel himself has filed hundreds of lawsuits with which the Bayer Defendants have been successfully served in this litigation. To dismiss Plaintiff's claims here would elevate form over substance and deprive Plaintiff of her day in court based on an inadvertent omission.

Plaintiff respectfully requests an extension of time in the amount of thirty (30) days from the date this Court's Order is entered within which to provide streamlined service of process on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG.

## CONCLUSION

For the above and foregoing reasons, Plaintiff respectfully requests an Order from this Court granting thirty (30) days from the date the Order is entered within which to provide streamlined service of process pursuant to PTO 10 on Defendants Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG. No party herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein and good cause exists for said extension.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that this Court enter an Order granting an extension of time within which to serve process and that Plaintiff have such other and further relief to which she may show herself justly entitled.

Dated: January 25, 2018.

Respectfully submitted,

s/ Michael T. Gallagher
MICHAEL T. GALLAGHER
 (Texas Bar #07586000)
THE GALLAGHER LAW FIRM LLC
2905 Sackett Street
Houston, TX 77098
Telephone: (713) 222-8080
Facsimile (713) 222-0066
mike@gld-law.com

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing Response to Order to Show Cause has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

s/ Michael T. Gallagher
Michael T. Gallagher