UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION ) ) ) | MDL NO. 2592 |
| ) | SECTION L |
| THIS DOCUMENT RELATES TO: ) ) | JUDGE FALLON |
| CONNIE BLACK ) ) | MAG. JUDGE NORTH |
| *Plaintiff* ) ) | Civil No. 2:17-cv-11980-EEF-MBN |
| v. ) ) | |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. ) ) | |
| *Defendant(s)* ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE PROCESS ON DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS, INC.**

Plaintiff submits this memorandum in support of her motion for an Order from this Court to provide Plaintiff an additional ten (10) days within which to serve process on Defendant Bayer Healthcare Pharmaceuticals, Inc. through the streamlined service of process set forth in Pretrial order (PTO) Nos. 10, 10A and 10B.

**BACKGROUND**

On March 24, 2015, this Court entered PTO 10, which created an informal streamlined service on Defendants Janssen Research & Development, LLC f/k/a Johnson and Johnson Pharmaceutical Research and Development, LLC and Janssen Ortho, LLC, et al. PTO allowed Plaintiffs to informally serve a complaint with a Summons on Defendants Bayer Healthcare Pharmaceuticals, Inc., Bayer Pharma AG, Bayer Corporation, Bayer Healthcare, LLC, Bayer

Healthcare AG, and Bayer AG, et al. within sixty (60) days from docketing of Complaint in this MDL.

Plaintiff's Complaint was filed in In Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL. No. 2592 on November 7, 2017.  Plaintiff served her complaint on all named Defendants on December 28, 2017.  However, service on Defendant Bayer Healthcare Pharmaceuticals, Inc. was subsequently deemed ineffective as the Summons served via Certified Mail Return Receipt Requested was the incorrect one, although the correct Summons was properly sent via electronic mail on December 28, 2017 to xarelotcomplaints@babc.com.

Plaintiff received notice that the Complaint and Summons were received by Defendant on January 3, 2018 at 12:08 p.m. (via CMRRR tracking number 70171450000052361705).

Plaintiff was not notified that the incorrect Summons had mistakenly been included in the envelope addressed to Defendant Bayer Healthcare Pharmaceuticals, Inc.

Pursuant to CMO 1, on January 5, 2018 at 3:53 p.m., a Plaintiff Fact Sheet and authorizations were submitted.  After the Plaintiff Fact Sheet and authorizations were submitted, Plaintiff received correspondence from MDL Centrality acknowledging receipt of the Plaintiff Fact Sheet.

On January 31, 2018, correspondence from Lindy Brown, Esq. (Bradley Arant Boult Cummings LLP) advised Plaintiff that attempted service on Bayer Healthcare Pharmaceuticals, Inc. was untimely and thereby improper.

On February 1, 2018, Plaintiff's counsel had a teleconference with Lindy Brown, Esq. to determine why Plaintiff was receiving this letter.  Plaintiff's counsel was told that the Complaint and Summons served on Bayer Healthcare Pharmaceuticals, Inc. was not received.  Plaintiff's counsel provided the tracking number to Ms. Brown, indicating that it had been delivered on January 3, 2018 at 12:08 p.m.  Ms. Brown then confirmed that it had been rejected due to the incorrectly named Defendant on the Summons within the envelope.

## LAW AND ANALYSIS

Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert the defendants that they have a limited time in which to respond. If a defendant is not served within ninety (90) days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiffs show good cause for the failure, the court must extend the time for service for an appropriate period. Plaintiffs have every intention of pursuing their claims against Defendants; it was through an inadvertent clerical omission of the required Summons that service was not perfected within the confines of PTO Nos. 10, 10A and 10B.

Under Fed. R. Civ. P. 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within ninety (90) days after a complaint is filed. Fed. R. Civ. P. 4(m). The Court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. See *United States v. Ligas,* 549 F.3d 497, 501 (7th Cir. 2008)(citing *Henderson v. United States,* 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2nd 880 (1996)).

If plaintiff can establish good cause for failing to serve defendant, a court should allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P 4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Fed. R. Civ. P. 4(m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff and pay[ing] particular attention to the critical factor such as the running of a statute of limitations *Cardenas v. City of Chicago.,* 646 F. 3d 1001, 1007 (7th Cir. 2011)(citing *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F. 3d 338, 341 (7th Cir. 1996)(additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas,* 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

Here, the Plaintiff had every intention of pursuing her claims and have demonstrated such to the Defendants, including Bayer Healthcare Pharmaceuticals, Inc. Plaintiff has demonstrated her intention to pursue this action by promptly attempting timely service, timely filing of the Plaintiff Fact Sheet and communicated with Defense counsel about promptly attempting renewed service upon receipt of the January 31, 2018 letter. Had Plaintiff been advised by defendant Bayer Healthcare Pharmaceuticals, Inc. on January 3, 2018 that there was a deficiency in service within the 90 days contemplated by Fed. R. Civ. P. 4(m), she would have made an immediate correction. Plaintiff has accordingly not acted in bad faith

Because the MDL involved thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by this Plaintiff, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein. This Court has granted similar relief to other plaintiffs as the Bayer Defendants have disputed service.

Plaintiff has shown that as a matter of law and fact, she was not in "bad faith" in delaying service of the Complaint and Summons. Defendant Bayer Healthcare Pharmaceuticals, Inc. is fully aware of and are served with thousands of identical complaints and have acknowledged receipt of these Complaints and Summonses in these matters. To dismiss Plaintiff's claims here would elevate form over substance and deprive Plaintiff of her day in court based on an inadvertent omission.

Plaintiff respectfully requests an extension of time in the amount of ten (10) days from the date of an order is entered within which to provide streamlined service of process on Bayer Healthcare Pharmaceuticals, Inc.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an Order form this Court granting ten (10) days from the date the order is entered within which to provide streamlined service of process on Defendant Bayer Healthcare Pharmaceuticals, Inc. No party herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated: February 15, 2018

By:    /s/ Leslie LaMacchia

Leslie LaMacchia, Esq.
Adam Pulaski, Esq.
PULASKI LAW FIRM, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
(713) 664-4555 Phone
(713) 664-7543 Fax
llamacchia@pulaskilawfirm.com
adam@pulaskilawfirm.com

*Attorneys for the Plaintiff*