UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN) :
PRODUCTS LIABILITY LITIGATION : MDL No. 2592
:
: SECTION L
:
: JUDGE ELDON E. FALLON
:
_____ : MAGISTRATE JUDGE NORTH

THIS DOCUMENT RELATES TO:

*Marvin Moran, Individually and as Representative of Gloria Moran, deceased v. Janssen Research & Development, LLC, et al;*

Civil Action No. 2:15-cv-01599

## NOTICE OF AND SUGGESTION OF DEATH AND MOTION TO SUBSTITUTE PARTY PLAINTIFF

**TO ALL PARTIES AND ATTORNEYS OF RECORD, please take notice that:**

Undersigned counsel, pursuant to Federal Rule of Civil Procedure 25(a)(1), hereby informs this Honorable Court of the death of Plaintiff, Gloria Moran ("Decedent").

Marvin Moran moves the Court to substitute him as Plaintiff in place of Gloria Moran, Deceased, in this civil action and states as follows:

1. Gloria Moran ("Decedent") died testate on November 28, 2016. *See Exhibit A*, a true and correct copy of the Death Certificate.

2. A Notice Stating a Party's Death is contained herein and filed as part of this pleading.

3. Under Fed. R. Civ. P. 25(a)(1), upon the death of a party, the Court may substitute any party as the decedent's successor or representative within 90 days of the date of the Suggestion of Death. Fed. R. Civ. P. 25(a)(1). *Broyle v. Eagle Picher Ind., et al.*, 123 F.R.D. 230 (M.D. La.

1988) granting motion to substitute surviving spouse as plaintiff in the action under Rule 25 of the Federal Rules of Civil Procedure.

4. Specifically, Fed. R. Civ. P. 25(a)(1) states in relevant part: "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party . . . ." Fed. R. Civ. P. 25(a)(1).

5. Here, it is undisputed that Decedent's claims were not extinguished by reason of her death. Moreover, Plaintiff has a meritorious action for product liability against the Defendants.

6. In addition, Marvin Moran, as the surviving husband of Gloria Moran and appointed Executor of Gloria Moran's Will, is the appropriate party to substitute as Plaintiff. *See Washington v. Louisiana*, Civ. A. No. 11-334, 2013 WL 4048561 *3 (M.D. La., Aug. 9, 2013).

7. Marvin Moran is Gloria Moran's surviving husband and appointed Executor of Gloria Moran's Will, he is authorized to make all decisions related to the Estate claims set forth in this civil action. Additionally, he will properly dispose of any damage awards or settlement proceeds which may be awarded as a result of Decedent's claim. Please see Gloria Moran's Last Will and Testament, attached as ***Exhibit B.***

8. Furthermore, Marvin Moran has filed his Motion within the specified time period set forth in the Rules.

9. Finally, Defendants will not be prejudiced by this substitution of parties.

WHEREFORE, Marvin Moran the and appointed Executor of Gloria Moran's Estate, respectfully requests that this Court enter an Order consistent with the proposed form of Order substituting Marvin Moran as the Plaintiff in this action.

Respectfully submitted.

_____
**SOMMERMAN, MCCAFFITY & QUESADA, LLP**
Andrew B. Sommerman
Texas State Bar No. 18842150
3811 Turtle Creek Blvd., Suite 1400
Dallas, TX 75219-4461
(214) 720-0720 (telephone)
(214) 720-0184 (facsimile)
andrew@textrial.com

ATTORNEY FOR PLAINTIFF

# 1010976 COMMONWEALTH OF VIRGINIA
## DEPARTMENT OF HEALTH — DIVISION OF VITAL RECORDS

**COMMONWEALTH OF VIRGINIA - CERTIFICATE OF DEATH**
DEPARTMENT OF HEALTH - DIVISION OF VITAL RECORDS - RICHMOND

- Decedent: GLORIA JEAN MORAN
- Date of Death: NOVEMBER 28, 2016
- Date of Birth: SEPTEMBER 16, 1940
- Age: 76
- State of Birth: VIRGINIA
- Residence: 2985 OAK LEVEL ROAD, BASSETT, HENRY COUNTY, VIRGINIA 24055
- Country: UNITED STATES OF AMERICA
- Occupation: WAITRESS
- Industry: FOOD
- Marital Status: MARRIED — Spouse: MARVIN MORAN
- Father: EDGAR GOODE
- Mother: OPAL SPRAKER
- Informant: MARVIN MORAN (SPOUSE)
- Place of Death: BASSETT, 2985 OAK LEVEL ROAD, 24055, HENRY COUNTY
- Method of Disposition: BURIAL
- Place of Disposition: HENRY MEMORIAL PARK LLC, 1443 NORTH VIRGINIA AVENUE, BASSETT, VIRGINIA 24055, USA
- Funeral Director: /S/ LARRY W JOINES — BASSETT FUNERAL SERVICE, P.O. BOX 207 BASSETT VIRGINIA 24055
- Time of Death: 09:14 AM

Cause of Death:
- (a) Acute cerebrovascular accident — 6 hours
- (b) Atrial fibrillation — 11 years

Certifier: Craig F. Turek, D.O., 1263 Franklin St., Rocky Mount, VA 24151 — 49145
Date signed: 12/8/16

Registrar: Patricia Robertson, Deputy — 12-16-2016

This is to certify that this is a true and correct reproduction or abstract of the official record filed with the Virginia Department of Health, Richmond, Virginia.

DATE ISSUED: DEC 1 6 2016

Janet M. Rainey, State Registrar


EXHIBIT A

# Last Will and Testament

## Of

## GLORIA JEAN MORAN

I, Gloria Jean Moran, revoke any prior Wills and Codicils and declare this to be my Will.

### ARTICLE I
### Family Information

I am married to Marvin Arnold Moran and any reference to my Husband shall be to him. My children born before the date of my Will are Stephen A. Moran and Susan M. Wells.

### ARTICLE II
### Residue

After payment of all my debts, I give my residue estate whether now owned or hereafter acquired, including all real, personal or mixed property to my husband, Marvin Arnold Moran, Gloria Jean Moran. In the event my husband dies before me, I direct my estate be distributed as set forth in ARTICLE III.

### ARTICLE III
### Takers of Last Resort

In the event my husband dies before me, I direct my estate be divided as follows:

I give to Brenda Sharpe the sum of One Thousand Dollars ($1,000.00); I give to Travis Sharpe the sum of One Thousand Dollars ($1,000.00); and I give to Chris Sharpe the sum of One Thousand Dollars ($1,000.00).

I direct that the remainder of my estate be divided equally between Stephen A. Moran and Susan M. Wells, per stirpes.

### ARTICLE IV
### Fiduciaries

A.  **Initial Executor Appointments.**

   1.  I appoint my Husband to be the Executor of this Will.

B.  **Successor Executors.**

   1.  I appoint Stephen A. Moran to be the successor Executor if and when all persons (including any corporation) I have previously named shall fail to qualify or cease to act.

Gloria Jean Moran Last Will And Testament
ROBERT W. HALEY

/GJM

EXHIBIT B

2.  I appoint Susan M. Wells to be the successor Executor if and when all persons (including any corporation) I have previously named shall fail to qualify or cease to act.

3.  Any reference to "Executor" includes any successor, unless otherwise expressly indicated.

C.  **Provisions Regarding Changes in Fiduciaries.**

1.  Any Executor or Trustee may resign at any time without court approval, whether or not a successor has been appointed.

2.  The individuals (and any corporation) acting as my Executors or the Trustees may at any time acting unanimously by written instrument appoint either (i) an individual or (ii) a corporation with fiduciary powers as a Co-Executor or Co-Trustee.

D.  **Accountings and Other Proceedings.**

1.  I direct that my estate or a trust hereunder be subject to independent administration with as little court supervision as the applicable state law allows. My Executor shall not be required to render to any court annual or other periodic accounts, or any inventory, appraisal, or other returns or reports, except as required by applicable state law. My Executor shall take such action for the settlement or approval of accounts at such times and before such courts or without court proceedings as my Executors or the Trustees shall determine. My Executors or the Trustees shall pay the costs and expenses of any such action or proceeding, including (but not limited to) the compensation and expenses of attorneys and guardians, out of the property of my estate or the trust.

2.  I direct that in any proceeding relating to my estate or a trust hereunder, service upon any person under a legal disability need not be made when another person not under a disability is a party to the proceeding and has the same interest as the person under the disability. The person under the disability shall nevertheless be bound by the results of the proceeding. The same rule shall apply to non-judicial settlements, releases, exonerations and indemnities.

E.  **Waiver of Bond.** No Executor or Trustee shall be required to give bond or other security in any jurisdiction and, if despite this exoneration, a bond is nevertheless required, no sureties shall be required.

F.  **Additional General Provisions Regarding Fiduciaries.**

1.  Except to the extent, if any, specifically provided otherwise in this Will, references to my Executors or the Trustees shall, in their application to my estate or a trust hereunder, refer to all those from time to time acting as Executors or Trustees and, if two Executors are eligible to act on any given matter, they shall act unanimously, and if more than two Executors are eligible to act on a given matter, they shall act by majority.

Gloria Jean Moran Last Will And Testament                                            *GJM*

Page 2
ROBERT W. HALEY

2.  An individual Executor and Trustee may receive compensation in accordance with the law of the Commonwealth of Virginia in effect at the time of payment unless the Executor or Trustee waives compensation. A corporate Executor or Trustee shall be compensated by agreement with the individual Executor and Trustee or, in the absence of such agreement or if there is no individual Executor and Trustee, in accordance with its fee schedule as in effect at the time of payment. I authorize a corporate Executor or Trustee to charge additional fees for services it provides to my estate or a trust hereunder that are not comprised within its duties as an Executor or Trustee; for example, a fee charged by a mutual fund it administers in which my estate or a trust hereunder invests, a fee for providing an appraisal or a fee for providing corporate finance or investment banking services. I also recognize that a corporate Executor or Trustee may charge separately for some services comprised within its duties as an Executor or Trustee; for example, a separate fee for investing cash balances or preparing tax returns. Such separate charges shall not be treated as improper or excessive merely because they are in addition to a basic fee in calculating total compensation for service as an Executor or Trustee. The collection by my Executor or Trustee of insurance proceeds and retirement benefits payable to my estate shall not be subject to Executor's compensation.

3.  No Executor or Trustee shall be liable to anyone for anything done or not done by any other Executor or Trustee or any beneficiary.

4.  The fact that an Executor or Trustee is active in the investment business shall not be deemed a conflict of interest, and purchases and sales of investments may be made through a corporate Executor or Trustee or through any firm of which a corporate or individual Executor or Trustee is a partner, member, shareholder, proprietor, associate, employee, owner, subsidiary, affiliate or the like. Property of my estate or a trust hereunder may be invested in individual securities, mutual funds, partnerships, private placements or other forms of investment promoted, underwritten, managed or advised by an Executor or Trustee or such a firm.

5.  The fact that an Executor or Trustee (or a firm of which an Executor or Trustee is a member or with which an Executor or Trustee is otherwise affiliated) renders legal or other professional services to my estate or a trust hereunder shall not be deemed a conflict of interest, and my Executors or the Trustees may pay fees for such services to such Executor or Trustee or firm without prior approval of any court or any beneficiary, whether or not there is a Co-Executor or Co-Trustee to approve such payment. An attorney or other Executor or Trustee who also renders professional services shall receive full compensation for both services as an Executor or Trustee and the professional services rendered, except as specifically limited by law.

6.  Any Executor or Trustee may delegate to a Co-Executor or Co-Trustee any power held by the delegating Executor or Trustee, but only if the Co-Executor or Co-Trustee is authorized to exercise the power delegated. A delegation may be revocable but, while it is in effect, the delegating Executor or Trustee shall have no responsibility concerning the exercise of the delegated power.

Gloria Jean Moran Last Will And Testament                                   /s/ GJM

Page 3
ROBERT W. HALEY

## ARTICLE V
### Fiduciary Powers

My Executor may, without prior authority from any court, exercise all powers conferred by this Will or by common law or by any fiduciary powers act or other statute of the Commonwealth of Virginia or any other jurisdiction whose law applies to this Will, including, without limitation, all powers contained in Virginia Code Sections 64.1-57, which are hereby incorporated into this Will. My Executor shall have sole and absolute discretion in exercising these powers. Except as specifically limited by this Will, these powers shall extend to all property held by my Executor until the actual distribution of the property. In order to fully effectuate the powers of my Executor, specific reference is now made to all powers contained in Virginia Code Sections 64.1-57. The powers of my Executor shall also include the following powers:

A. **Interested Executor.** An "Interested Executor" means any Executor who is, or in the future may be, eligible directly or indirectly to receive income or principal under this Will. A person is an Interested Executor even if he or she has a remote contingent remainder interest, but is not an Interested Executor if his or her only interest is as a potential distributee under a discretionary power held by the Trustee, and/or as a potential appointee under a Non-Fiduciary Power of Appointment held by another person, the exercise of which will take effect only in the future, such as a testamentary power held by a living person.

B. **Distributions to Minor Beneficiaries.** My Executors or the Trustees may distribute any of my estate to a beneficiary under twenty-one (21) years of age by distribution to any appropriate person (who may be an Executor) chosen by my Executors or the Trustees as custodian under any appropriate Uniform Transfers (or Gifts) to Minors Act, to be held for the maximum period of time allowed by law. My Executors or the Trustees may also sell any asset that cannot be held under this custodianship and invest the sales proceeds in assets that can be so held.

C. **Security Interests.** My Executors or the Trustees may grant security interests and execute all instruments creating such interests upon such terms as my Executors or the Trustees may deem advisable.

D. **Tax Elections and Allocations.** My Executors or the Trustees may make all tax elections and allocations my Executors or the Trustees may consider appropriate, including any election to treat a revocable trust created by me as part of my estate for income tax purposes; however, this authority is exercisable only in a fiduciary capacity and may not be used to enlarge or shift any beneficial interest except as an incidental consequence of the discharge of fiduciary duties. Tax elections and allocations made in good faith shall not require equitable adjustments.

E. **Division and Distribution of Trust Fund Assets.** My Executors or the Trustees may divide and distribute the assets of my estate in kind, in money, or partly in each, without regard to the income tax basis of any asset and without the consent of any beneficiary. The

Gloria Jean Moran Last Will And Testament

/GJM

Page 4
ROBERT W. HALEY

decision of my Executors or the Trustees in dividing any portion of my estate between or among multiple beneficiaries shall be binding on all persons.

## ARTICLE VI
### Definitions and Miscellaneous Provisions

The following definitions and miscellaneous provisions shall apply under this Will:

A. **Children and Descendants.** References to "children" and "descendants" shall include children and descendants whenever born.

B. **Minor and Adult.** Whether an individual is a minor or an adult shall be determined under the laws of the individual's domicile at the time in question.

C. **Per Stirpes.** Property that is to be divided among an individual's surviving or then-living descendants "per stirpes" or in "per stirpital shares" shall be divided into as many equal shares as there are children of the individual who are then living or who have died leaving surviving or then-living descendants. A share allocated to a deceased child of the individual shall be divided further among such deceased child's surviving or then-living descendants in the same manner.

D. **Gross Estate.** "Gross estate" means my gross estate as determined for Federal estate tax purposes (or for state death tax purposes where relevant).

## ARTICLE VII
### Savings Clause

Should any of the provisions or directions of this Will fail or be held ineffectual or invalid for any reason, it is my desire that no other portion or provision of this Will be invalidated, impaired or affected thereby, but that this Will be construed as if such invalid provision or direction had not been contained therein.

## ARTICLE VIII
### Captions

The captions used in this Will are inserted only as a matter of convenience and for reference and in no way define, limit or describe the scope of this Will or the intent of any provision therein.

IN WITNESS WHEREOF, I have hereunto subscribed my name on November 19, 2009.

Gloria Jean Moran Last Will And Testament

*/s/ GJM*

Page 5
ROBERT W. HALEY

_____
Gloria Jean Moran

_____
Signature of Witness

Brandy T. Powers
Name of Witness

_____
Signature of Witness

Heather T. Johnston
Name of Witness

Subscribed, sworn and acknowledged before me by Gloria Jean Moran, the Testatrix, and subscribed and sworn before me by Brandy T. Powers and Heather T. Johnston, witnesses, this November 19, 2009.

(SEAL)

Betty H. Wright
Commonwealth of Virginia
Notary Public
Commission No. 149746
My Commission Expires 01/31/2012

_____
Notary Public

Betty H. Wright
Print Name of Notary

Gloria Jean Moran Last Will And Testament

GJM

Page 7
ROBERT W. HALEY

*Gloria Jean Moran* [signature]
Gloria Jean Moran

Signed, sealed, published and declared by Gloria Jean Moran, the Testatrix above named, as and for her Last Will and Testament, in our presence, and we, in her presence, and in the presence of each other, have hereunto subscribed our names as witnesses on November 19, 2009.

*Brandy J. Powers* [signature]
Signature of Witness

Brandy T. Powers
Name of Witness

*Heather J. Johnston* [signature]
Signature of Witness

Heather T. Johnston
Name of Witness

## SELF-PROVING AFFIDAVIT

COMMONWEALTH OF VIRGINIA  )
                         ) ss:
HENRY                    )

Before me, the undersigned authority, on this day personally appeared Gloria Jean Moran, Brandy T. Powers and Heather T. Johnston, known to me to be the Testatrix and the witnesses, respectively, whose names are signed to the attached or foregoing instrument and, all of these persons being by me first duly sworn, Gloria Jean Moran, the Testatrix, declared to me and to the witnesses in my presence that said instrument is her Last Will and Testament and that she had willingly signed or directed another to sign the same for her, and executed it in the presence of said witnesses as her free and voluntary act for the purposes therein expressed; that said witnesses stated before me that the foregoing Last Will and Testament was executed and acknowledged by Gloria Jean Moran as her Last Will and Testament in the presence of said witnesses who, in her presence and at her request, and in the presence of each other, did subscribe their names thereto as attesting witnesses on the day of the date of said Last Will and Testament, and that Gloria Jean Moran, at the time of the execution of said Last Will and Testament, is eighteen (18) or more years of age and of sound and disposing mind and memory.

Gloria Jean Moran Last Will And Testament

*GJM* [initials]

Page 6
ROBERT W. HALEY