UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 <br><br> SECTION: L <br> JUDGE: ELDON E. FALLON <br> MAG. JUDGE MICHAEL NORTH |

**THIS DOCUMENT RELATES TO:**

*Christopher Hamer v. Janssen Research & Development LLC, et al.*
    Civil Action No. - 2:16-cv-16931 (E.D. La.)
*James A. Davis v. Janssen Research & Development LLC, et al.*
    Civil Action No. - 2:16-cv-17839 (E.D. La.)
*Alison Grindle v. Janssen Research & Development LLC, et al.*
    Civil Action No. - 2:16-cv-17834 (E.D. La.)
*Richard Shaara v. Janssen Research & Development LLC, et al.*
    Civil Action No. -2:16-cv-17871 (E.D. La.)
*David Smith v. Janssen Research & Development LLC, et al.*
    Civil Action No. - 2:16-cv-17867 (E.D. La.)
*Donetta Higgins v. Janssen Research & Development LLC, et al.*
    Civil Action No. -2:17-cv-02795 (E.D. La.)
*Carolyn Sparks v. Janssen Research & Development LLC, et al.*
    Civil Action No. -2:17-cv-06388 (E.D. La.)
*Judy Seleski v. Janssen Research & Development LLC, et al.*
    Civil Action No. - 2:17-cv-07749 (E.D. La.)
*Susan Roberts v. Janssen Research & Development LLC, et al.*
    Civil Action No. -2:17-cv-08709 (E.D. La.)
*Roberto Alvarez v. Janssen Research & Development LLC, et al.*
    Civil Action No. -2:17-cv-09587 (E.D. La.)
*Veronica Rogers v. Janssen Research & Development LLC, et al.*
    Civil Action No. -2:17-cv-14075 (E.D. La.)

**MEMORANDUM IN SUPPORT OF
MOTION FOR RULING THAT MOVANTS PROPERLY SERVED
<u>BAYER HEALTHCARE PHARMACEUTICALS INC.</u>**

The above-referenced Plaintiffs properly served Defendant Bayer Healthcare Pharmaceuticals Inc. ("BHCP"). But in at least one of these cases—Roberto Alvarez (2:17-cv-09587)—BHCP contends that it was not properly served because its full name was not typed out

on the summons issued by the clerk.  Movants[1] ask the Court to rule that they properly served their summonses under Pre-Trial Order No. 10.  Alternatively, should the Court find that there is a defect in their service on BHCP, Movants request that the Court grant an additional 60 days to effect service, so that Movants may request new summonses from the clerk and serve them upon BHCP.

### A.  Analysis

Under PTO 10, BHCP agreed to accept streamlined service.  Specifically, BHCP agreed that that it would accept service from Plaintiffs who did as follows within 60 days of filing suit:

> The Complaint and a Summons shall be served as follows:
>
> 1.  By **CERTIFIED** Mail, Return Receipt Requested, upon the following representative of **BHCP**:
>
> SOP Department
> Corporation Service Company
> Suite 400
> 2711 Centerville Road
> Wilmington, DE 19808

*See* PTO 10, Docket Entry No. 357 (emphasis added).  The Movants complied with this order, but BHCP has objected to service in at least one of the Movants' cases because the summons identified the defendant as "BHCP," as unambiguously required by PTO 10.  Nonetheless, BHCP insists, the summons must spell out "Bayer Healthcare Pharmaceuticals Inc."  Because it did not, the argument continues, service is invalid.

### 1. The Roberto Alvarez case

Movant Alvarez filed his lawsuit on September 25, 2017.  Alvarez requested a summons from the clerk, which he received, and he served the summons and complaint on BHCP's registered agent—Corporation Service Company ("CSC")—on September 27, 2017, by certified

---
[1] Movants are the plaintiffs identified in the caption above.

mail, return receipt requested. *See* Exhibit A, para. 2. CSC received the summons and complaint on October 2, 2017. *See* Exhibit A-3, tracking records. CSC, as agent for BHCP, signed the green card and returned it to Alvarez's counsel. *See* Exhibit A-4. Thus, BHCP's agent received the summons and complaint about one week after Alvarez filed suit, well within the 60-day service window allowed by PTO 10.

Despite the foregoing, CSC sent an unsigned letter claiming that it was "rejecting" the service because, allegedly, CSC does not know who BHCP is. *See* Exhibit A-5. This position by BHCP's agent is curious for a number of reasons:

1. As set out in the language quoted above, PTO 10 instructs that the summons be made out to "BHCP" and not Bayer Healthcare Pharmaceuticals Inc.

2. CSC signed the green card on the same day that it supposedly rejected service.

3. CSC does not dispute that it received the complaint along with the summons, and the complaint identifies "Bayer Healthcare Pharmaceuticals Inc." as the defendant. *See* Exhibit A-2.

BHCP's position also seems disingenuous for two other reasons. First, almost all of the other Movants had their summons made out to "BHCP,"[2] and the other Movants all served their summons and complaints *before* the Alvarez suit.[3] CSC did not reject any of these cases, nor did BHCP's attorneys challenge the summons in those cases because it identified the defendant at "BHCP." This pattern shows that CSC knows who BHCP is, and its claims of confusion appear orchestrated to frustrate and complicate service.

Second, CSC has received thousands of summons and complaints in the Xarelto litigation. It knows that BHCP is a defendant in these cases. This is not a one-off case where the registered agent really could not determine whether its client had been sued, or who its client

---

[2] Except for Alison Grindle (2:16-cv-17834) and Christopher Hamer (2:16-cv-16931), which both wrote out "Bayer Healthcare Pharmaceuticals" but omitted the "Inc." in their summons.
[3] With the exception of the Veronica Rogers lawsuit (2:17-cv-14075), which was filed after Roberto Alvarez's lawsuit.

was.  Rather, by September of 2017 when Alvarez served his lawsuit, CSC was deeply familiar with this docket and knew that BHCP stood for Bayer Healthcare Pharmaceuticals Inc.

In any event, Plaintiff Alvarez re-sent the same summons and complaint to CSC two more times.  *See* Exhibit A, para 7.  Finally, CSC accepted service in January of 2018, even though the summons still identified BHCP and not Bayer Healthcare Pharmaceuticals Inc. as the defendant.  But at this point, BHCP's attorneys appeared, claiming that the summons and complaint were not timely served because the registered agent received the documents outside the 60-day window allowed under PTO 10.  *See* Exhibit A-6.  The attorneys ignored the fact that the service documents sent and accepted in January of 2018, were the ***exact same*** summons and complaint sent in September of 2017, well within the 60-day service window.

Alvarez has tried to resolve this issue without the need for Court intervention, but BHCP is standing by its objection.  *See* Exhibit A-7, attached e-mail correspondence.  In any event, Plaintiff Alvarez served his summons and complaint as called for in PTO 10.  Accordingly, the Court should find that Alvarez properly served BHCP.

**2.      The Other Movants**

As noted above, other Movants also sent summonses made out to "BHCP," and not "Bayer Healthcare Pharmaceuticals Inc."  Neither CSC nor BHCP's lawyers have objected to service from any of the other Movants.  Movants have inquired by telephone conference and in writing as to whether BHCP objects to the sufficiency of service, but they have not received an answer.  *See* Exhibit A-7, attached e-mail correspondence.  Nonetheless, because there is no difference between the summons served by Alvarez and that served by the other Movants, BHCP has raised the specter of improper service for all Movants.  Respectfully, the Court should address the service issue now, while it is ripe.

As with Alvarez, these other Movants served their summons and complaint within 60 days as called for in PTO No. 10. The summons were addressed to "BHCP" as called for or allowed in PTO No. 10. As such, the Court should find that all Movants correctly served BHCP.

**3.     Request for Alternative Relief**

Alternatively, should the Court decide that Movants have not properly served BHCP, then Movants request that they be given an extension of time to request new summons from the clerk—addressed to Bayer Healthcare Pharmaceuticals Inc.—and then re-serve those summons within 60 days of the Court's order. Under Federal Rule of Civil Procedure 4(a)(2), the Court should permit the correction of technical errors in a summons through amendment. Styling the summons as "BHCP" and not "Bayer Healthcare Pharmaceuticals Inc." is certainly the type of technical issue for which amendment should be permitted.

Further, under Rule 4(m), if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. Even if good cause is lacking, the Court has discretionary power to extend time for service. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Movants have established good cause justifying an extension of time to serve. Specifically, all the Movants did serve their summons and complaint within the 60-day window allowed by PTO 10. The only issue is that the summons used the initialism "BHCP" instead of spelling out "Bayer Healthcare Pharmaceuticals Inc." But it was reasonable to believe that the summons should be made out to BHCP because: (1) that is what PTO 10 calls for (see language quoted above), and (2) until the rejection of the Alvarez summons, BHCP never objected to the use of BHCP in the summons.

This MDL involves thousands of similarly situated Plaintiffs who have filed claims

alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by the Movants.  Further, BHCP was well aware of Movants' specific claims, as BHCP did, in fact, receive the summons and complaints from all the Movants in a timely fashion, albeit with "BHCP" instead of "Bayer Healthcare Pharmaceuticals Inc." written in the summons.

To not allow corrected service here would elevate form over substance.  It would deny Movants their day in court simply because they used a company's abbreviation—which that company embraces and widely uses—in a routine summons.

### C.  Conclusion

Accordingly, Movants respectfully request that this Court find that they have properly served BHCP in each of their lawsuits.  Alternatively, Plaintiffs request that they be permitted to request new summons and serve those summons within 60 days through the streamlined procedures for informal service of process set forth in Pre-Trial Order Nos. 10, 10A and 10B. Movants respectfully request all other relief to which they may show themselves entitled.

Respectfully submitted,

FERNELIUS SIMON PLLC

/s/ C. Brannon Robertson
Stephen M. Fernelius
Texas State Bar No. 06934340
C. Brannon Robertson
Texas State Bar No. 24002852
Ryan M. Perdue
Texas State Bar No. 24046611
1221 McKinney, Suite 3200
Houston, Texas 77010
Telephone: (713) 654-1200
Facsimile: (713) 654-4039
steve.fernelius@trialattorneytx.com
brannon.robertson@trialattorneytx.com
ryan.perdue@trialattorneytx.com

ATTORNEYS FOR MOVANTS

**CERTIFICATE OF SERVICE**

I certify that on February 27, 2018, a true and correct copy of the foregoing has been served on all parties through electronic filing as authorized by the Federal Rules of Civil Procedure and the procedures established in this MDL.

/s/ C. Brannon Robertson
C. Brannon Robertson