# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DALE STEIN and MARLENE STEIN, his wife, ) | Civil Action No.: MDL No. 2592 |
| ) | |
| ) | Section L |
| Plaintiffs, ) | |
| ) | Member Case No.: 2:16-CV-13857 |
| v. ) | |
| ) | |
| JANSSEN RESEARCH & ) | |
| DEVELOPMENT, LLC, f/k/a ) | |
| JOHNSON & JOHNSON ) | |
| PHARMACEUTICAL RESEARCH AND ) | |
| DEVELOPMENT, LLC and JANSSEN ) | |
| ORTHO, LLC, JANSSEN ) | |
| PHARMACEUTICALS, INC. f/k/a ) | |
| JANSSEN PHARMACEUTICA, INC. f/k/a ) | |
| ORTHO-MCNEIL-JANSSEN ) | |
| PHARMACEUTICALS, INC.; ) | |
| JOHNSON & JOHNSON, BAYER ) | |
| HEALTHCARE PHARMACEUTICALS, ) | |
| INC.; BAYER PHARMA AG, BAYER ) | |
| CORPORATION, BAYER HEALTHCARE ) | |
| LLC; BAYER HEALTHCARE AG, AND ) | |
| BAYER AG, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF SUMMONS AND COMPLAINT ON BAYER HEALTHCARE PHARMACEUTICALS, INC. and BAYER PHARMA AG**

AND NOW, come the Plaintiffs, Dale Stein and Marlene Stein, his wife, by and through their counsel, Rolf Louis Patberg, Esquire and Patberg Law Firm, and file the following Memorandum in Support of Plaintiff's Motion for Extension of Time to Effectuate Service of Summons and Complaint on Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG and in support thereof aver as follows:

### *Background*

Plaintiffs filed a Complaint alleging injuries from the use of Xarelto in the United States District Court for the Western District of Pennsylvania, No. 2:16-CV-0119 on July 26, 2016 against numerous Defendants including Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG (hereinafter referred to as "Bayer Defendants").

On July 26, 2016, a Summons and Civil Action was issued to each of the Bayer Defendants.  The Summons and Complaint, including a Waiver of Service and Request for Waiver of Service, was sent via certified mail to the Bayer Defendants at 100 Bayer Road, Pittsburgh, PA.  See Summons at Exhibit "1" to Doc. No. 7426.

The Bayer Defendants did not respond to the Summons, Notice of Lawsuit and Request to Waive Summons, despite Bayer Healthcare Pharmaceuticals, Inc., having accepted the certified mail delivery of the Notice of Lawsuit, Request to Waive Service of Summons and Complaint.  See Exhibit "2" to Doc. No. 7426.

In response to a deficiency notice received through MDL Centrality, setting forth that the Bayer Defendants not having been served, containing no reference to the Court's PTO No. 10 or 10B, on April 19, 2017, the Plaintiffs attempted to serve the Bayer Defendants with a second Notice of Lawsuit and Request to Waive Service of Summons, Waiver of the Service of Summons and Complaint.  See Exhibit "3" to Doc. No. 7426.

The United States Post Office returned the mailing to each of the Bayer Defendants c/o Corporation Service Company as undeliverable.

On June 19, 2017, Plaintiffs attempted to serve the Notice of Lawsuit and Request to Waive Service of Summons, Waiver of Service of Summons, Waiver of the Service of Summons and Complaint on each of the Bayer Defendants.  See Exhibit "4" to Doc. No. 7426.

Specifically, regarding service on Bayer Pharma AG, Plaintiffs attempted service via registered mail, return receipt requested at the address of general counsel, Mullerstrasse 178, 13353 Berlin, Germany.  Plaintiffs attempted service on Bayer Healthcare Pharmaceuticals, Inc. at c/o Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110.  See Exhibit "4" to Doc. No. 7426.

Counsel for Bayer Pharma AG responded by correspondence of June 23, 2017 that it was refusing to accept service based upon the attempted service being untimely and referring the PTO No. 10.

With regard to service on Bayer Healthcare Pharmaceuticals, Inc., Plaintiff did not receive proof of receipt of the aforementioned mailing or a Waiver of Service.

By Order dated October 23, 2017, the Court granted the Motions of several Plaintiffs' Motions for Extension of Time within which to serve Defendants. [ See Doc. 7865.]  The Plaintiffs' counsel either did not receive and/or does not recall receiving the Court's aforementioned Order.  Plaintiffs' counsel was of the understanding that any Order pertaining to the subject case would be entered under the numbered case, No.:  2:16-cv-13857.

Plaintiffs hereby request under Fed. R. Civ. 4(m), a 30-day extension of time in which to effectuate service on the Bayer Defendants in accordance with this Court's Pretrial Order No. 10.

### ***The Court Should Exercise Its Discretionary Authority to Extend the Time Period for Serving Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG***

Under Fed. R. Civ. P. 4, if a Plaintiff shows good cause for failure to serve within the specified time period, the Court can extend the time for service for an appropriate period of time. Although Rule 4(m) allows a Plaintiff ninety (90) days to serve a Defendant after a Complaint is filed, Courts may alternatively issue an Order that service be made within a specified time.  Fed. R. Civ. P. 4(m).  The statutory deadline for service does not generally apply to service in a

foreign country under Rule 4(f), 4(h)(2) or 4(j)(1).  See Rule 4(m).  See also Lozano v. Bosdet, 693 F.3d 486, 486 (5th Cir. 2012) (Most Courts faced with a challenge to the timeliness of foreign service have applied a "flexible due diligence" standard to determine whether they should be excused.)  Further, the Court has discretion to decide that a permissive extension is appropriate.  See United States v. Ligas, 549 F. 3d 497, 501 (7th Cir. 2008), citing Henderson v. United States, 517 U.S. 654, 662-63 (1996).  If a Plaintiff establishes good cause for failing to serve a Defendant, the Court should allow additional time for service, and even if good cause is lacking, the Court has discretionary power to extend time for service.  See Thompson v. Brown, 91 F. 3d 20, 21 (5th Cir. 1996).  Such relief may be warranted by consideration of the "arguments and factors advanced by the Plaintiff, and paying particular attention to the critical factor such as the running of a state of limitations."  Cardenas v. City of Chi, 646 F.3d 1001, 1007 (7th Cir. 2011) citing Panaras v. Liquid Carbonic Indus. Corp., 94 F. 3d 338, 341 (7th Cir. 1996).  A Court may also consider other relevant factors, including "prejudice to the Defendant, actual notice of a lawsuit and eventual service."  Troxell v. Fedders of N.A. Inc., 160 F.3d 381, 383 (7th Cir. 1998).

   As set forth in the accompanying Motion, Plaintiffs have made three (3) attempts to effectuate service on the Bayer Defendants and acted diligently in attempting service.  Due to inadvertence, counsel was not aware of the Court's PTO #10 and 10B setting forth a process for streamline service.  Plaintiffs have demonstrated their intention however of pursuing their claims as to the two (2) Bayer Defendants and would be severely prejudiced due to the Statute of Limitations issue, should the requested relief not be granted. The Xarelto MDL involves at least thousands of Plaintiffs who have filed claims virtually identical to the lawsuit filed by Plaintiffs and the Bayer Defendants herein are on actual notice of said lawsuits and will suffer no prejudice by this Court in granting the within Motion.  Plaintiffs have not acted in bad faith in delaying

service of the Complaint and Summons. The Plaintiffs' counsel either did not receive or does not recall receiving the Court's Order [Doc. #7865] granting the Plaintiffs' original Motion for an Extension of Time to serve Defendants. Defendants will not be prejudiced by the requested extension, as Defendants have had notice of the actual lawsuit and previous attempts to serve them. Plaintiffs request that this Court exercise its discretionary power to extend the time for service.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the within Motion to extend the time for serving Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG.

Respectfully Submitted,

Date: February 28, 2018         /s/ Rolf Louis Patberg, Esquire
Rolf Louis Patberg, Esquire
Pa. I.D. No.: 65185
Patberg Law Firm
1034 Peralta Street
Pittsburgh, PA 15212
(412) 232-3500
*Counsel for Plaintiff*

**JURY TRIAL DEMANDED**

## **CERTIFICATE OF SERVICE**

    I, Rolf Louis Patberg, Esquire, hereby certify on February 26, 2018, that a true and correct copy of the above and foregoing Motion for Extension of Time to Effectuate Service of Summons and Complaint on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG, has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by F.R.C.P 5(b)2, Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality which will send notice of electronic filing and in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                      /s/ Rolf Louis Patberg, Esquire
                                                      Rolf Louis Patberg, Esquire
                                                      *Counsel for Plaintiffs*