**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2592** |
| | **SECTION: L** |
| **ROBERTO ALVAREZ** Plaintiff | **JUDGE: ELDON E. FALLON** |
| v. | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** Defendants | **Civil Action No: 2:17-cv-09587-EEF-MBN** |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2592** |
| | **SECTION: L** |
| **CHRISTOPHER HAMER** Plaintiff | **JUDGE: ELDON E. FALLON** |
| v. | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** Defendants | **Civil Action No: 2:16-cv-16931-EEF-MBN** |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2592** |
| | **SECTION: L** |
| **JAMES A. DAVIS** Plaintiff | **JUDGE: ELDON E. FALLON** |
| v. | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** Defendants | **Civil Action No: 2:16-cv-17839-EEF-MBN** |

1

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **ALISON GRINDLE** <br> **Plaintiff** | ) ) ) | **JUDGE: ELDON E. FALLON** |
| **v.** | ) ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** <br> **Defendants** <br> _____ | ) ) ) ) ) ) | **Civil Action No: 2:16-cv-17834-EEF-MBN** |
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **RICHARD SHAARA** <br> **Plaintiff** | ) ) ) | **JUDGE: ELDON E. FALLON** |
| **v.** | ) ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** <br> **Defendants** <br> _____ | ) ) ) ) ) ) | **Civil Action No: 2:16-cv-17871-EEF-MBN** |
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **DAVID SMITH** <br> **Plaintiff** | ) ) ) | **JUDGE: ELDON E. FALLON** |
| **v.** | ) ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** <br> **Defendants** <br> _____ | ) ) ) ) ) ) | **Civil Action No: 2:16-cv-17867-EEF-MBN** |

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| DONETTA HIGGINS<br>Plaintiff | JUDGE: ELDON E. FALLON |
| v. | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | Civil Action No: 2:17-cv-02795-EEF-MBN |
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| CAROLYN SPARKS<br>Plaintiff | JUDGE: ELDON E. FALLON |
| v. | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | Civil Action No: 2:17-cv-06388-EEF-MBN |
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| JUDY SELESKI<br>Plaintiff | JUDGE: ELDON E. FALLON |
| v. | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | Civil Action No: 2:17-cv-07749-EEF-MBN |

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | **MDL NO. 2592** |
| | **SECTION: L** |
| **SUSAN ROBERTS** ) **Plaintiff** ) ) | **JUDGE: ELDON E. FALLON** |
| **v.** ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) **Defendants** ) _____ ) | **Civil Action No: 2:17-cv-08709-EEF-MBN** |
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** ) ) ) | **MDL NO. 2592** |
| | **SECTION: L** |
| **VERONICA ROGERS** ) **Plaintiff** ) ) | **JUDGE: ELDON E. FALLON** |
| **v.** ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** ) **Defendants** ) _____ ) | **Civil Action No: 2:17-cv-14075-EEF-MBN** |

## RESPONSE TO MOTION FOR RULING THAT MOVANTS PROPERLY SERVED BAYER HEALTHCARE PHARMACEUTICALS INC.

Defendant Bayer HealthCare Pharmaceuticals Inc., by and through counsel, appearing specially, and reserving all defenses including, without limitation, the defenses of insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submits its Response to Motion for Ruling that Movants Properly Served Bayer HealthCare Pharmaceuticals Inc., and states the following:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on Bayer HealthCare Pharmaceuticals Inc. PTO 10 permits service of process on Bayer HealthCare Pharmaceuticals Inc. by certified mail, return receipt requested, upon the following

4

representative of Bayer HealthCare Pharmaceuticals Inc.:

> SOP Department
> Corporation Service Company
> Suite 400
> 2711 Centerville Road
> Wilmington, DE 19808

The Complaint in *Roberto Alvarez* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on September 25, 2017.

On or about October 2, 2017, the representative of Bayer HealthCare Pharmaceuticals Inc., Corporation Service Company, received a copy of the Complaint and a Summons directed to "BHCP" in *Roberto Alvarez*. The representative rejected service by letter dated October 2, 2017, because the service papers were directed to an invalid entity name.

More than three months later, on January 25, 2018, Bayer HealthCare Pharmaceuticals Inc. received a copy of the Complaint and a Summons directed to "BHCP" in *Roberto Alvarez* by certified mail, through its representative. Service was rejected by letter dated January 31, 2018, because service was untimely.

PTO 10 only permits streamlined service of process on Bayer HealthCare Pharmaceuticals Inc. by certified mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."[1] Plaintiff in *Roberto Alvarez* failed properly to serve process within 60 days from the docketing of the Complaint in the MDL.

---

[1] Although PTO 10 refers to Bayer HealthCare Pharmaceuticals Inc. as "BHCP" for ease of reference, service should be directed to the proper legal name which is "Bayer HealthCare Pharmaceuticals Inc."

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)." Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to serve process "if the plaintiff shows good cause for the failure" to timely serve process. Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified."'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. LEXIS 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiff in *Roberto Alvarez* has failed to show good cause for his failure properly to serve process within the required time period. Plaintiff's counsel admittedly received the first rejection letter but failed to contact defense counsel until more than <u>three</u> <u>months</u> later when Plaintiff's counsel received the January 31, 2018, rejection letter. Plaintiff's counsel has other cases pending in the MDL and has received other service rejection letters from defense counsel. If Plaintiff's counsel had reached out to defense counsel after receiving the first rejection letter, the parties could have resolved the deficiency issues within the remaining time for service. Inadvertence by counsel does not entitle Plaintiff to an extension. *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process). The Court should deny Plaintiff's request that the Court deem the prior service in *Roberto Alvarez* proper, deny Plaintiff's motion for extension of time to serve process in *Roberto Alvarez* under the streamlined service process of PTO 10, and require Plaintiff

in *Roberto Alvarez* to serve Bayer HealthCare Pharmaceuticals Inc. pursuant to the provisions of Federal Rule of Civil Procedure 4.

Bayer HealthCare Pharmaceuticals Inc. acknowledges that in the other above listed cases, it received Complaints and Summonses directed either to "BHCP" or "Bayer Healthcare Pharmaceuticals" and has not sent rejection letters. PTO 10 requires 30 days notice before moving to dismiss for a technical defect in the service process, and Bayer HealthCare Pharmaceuticals Inc. will follow this procedure before moving to dismiss based on a technical service defect in any case. The Court's orders do not require Bayer HealthCare Pharmaceuticals Inc. to acknowledge proper service or to reject service within a certain time period. To implement such requirements would place an undue burden on Bayer HealthCare Pharmaceuticals Inc.

WHEREFORE, Bayer HealthCare Pharmaceuticals Inc. respectfully requests that the Court deny Plaintiff's request that the Court deem the prior service proper, deny Plaintiff's motion for extension of time to serve process under the streamlined service process of PTO 10, and require Plaintiff to serve Bayer HealthCare Pharmaceuticals Inc. pursuant to the provisions of Federal Rule of Civil Procedure 4.

March 5, 2018                                              Respectfully submitted,

By: /s/ *Steven Glickstein*
Steven Glickstein
Andrew K. Solow
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
william.hoffman@apks.com

By: /s/ *John F. Olinde*
John F. Olinde (LA Bar #1515)
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com
*Attorneys for*
*Bayer HealthCare Pharmaceuticals Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

    */s/ John F. Olinde*