**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| DIMITRI CRUZONI | ) | |
| **Plaintiff** | ) | JUDGE: ELDON E. FALLON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE: MICHAEL |
| | ) | NORTH |
| JANSSEN RESEARCH & | ) | |
| DEVELOPMENT LLC, ET AL. | ) | |
| **Defendants** | ) | Civil Action No: 2:17-cv-11182-EEF-MBN |
| _____ | ) | |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| WILLIAM LOWER | ) | |
| **Plaintiff** | ) | JUDGE: ELDON E. FALLON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE: MICHAEL |
| | ) | NORTH |
| JANSSEN RESEARCH & | ) | |
| DEVELOPMENT LLC, ET AL. | ) | |
| **Defendants** | ) | Civil Action No: 2:17-cv-10504-EEF-MBN |
| _____ | ) | |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| MADIE NELSON | ) | |
| **Plaintiff** | ) | JUDGE: ELDON E. FALLON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE: MICHAEL |
| | ) | NORTH |
| JANSSEN RESEARCH & | ) | |
| DEVELOPMENT LLC, ET AL. | ) | |
| **Defendants** | ) | Civil Action No: 2:17-cv-10494-EEF-MBN |
| _____ | ) | |

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **JOHN PARKS** | ) | |
| **Plaintiff** | ) | **JUDGE: ELDON E. FALLON** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| | ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** | ) ) | |
| **Defendants** | ) | **Civil Action No: 2:17-cv-09782-EEF-MBN** |
| _____ | ) ) | |

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **JOHANNA ASTACIO** | ) | |
| **Plaintiff** | ) | **JUDGE: ELDON E. FALLON** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| | ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** | ) ) | |
| **Defendants** | ) | **Civil Action No: 2:17-cv-10700-EEF-MBN** |
| _____ | ) ) | |

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **YVONNE CADRA, INDIVIDUALLY, AND AS A PERSONAL REPRESENTATIVE OF THE ESTATE OF BRYAN CADRA** | ) ) ) ) | **JUDGE: ELDON E. FALLON** |
| **Plaintiff** | ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** | ) ) | **Civil Action No: 2:17-cv-10684-EEF-MBN** |
| **Defendants** | ) | |
| _____ | ) | |

2

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| KENNETH GURA Plaintiff | ) ) ) | JUDGE: ELDON E. FALLON |
| | ) | |
| v. | ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. Defendants | ) ) ) | Civil Action No: 2:17-cv-10489-EEF-MBN |
| _____ | ) | |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| FRANCES HILL Plaintiff | ) ) ) | JUDGE: ELDON E. FALLON |
| | ) | |
| v. | ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. Defendants | ) ) ) | Civil Action No: 2:17-cv-10742-EEF-MBN |
| _____ | ) | |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| BARBARA INGRAM Plaintiff | ) ) ) | JUDGE: ELDON E. FALLON |
| | ) | |
| v. | ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. Defendants | ) ) ) | Civil Action No: 2:17-cv-09762-EEF-MBN |
| _____ | ) | |

3

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **SHEEREDA KHAN** **Plaintiff** | ) ) ) | **JUDGE: ELDON E. FALLON** |
| | ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **v.** | ) ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** **Defendants** | ) ) ) | **Civil Action No: 2:17-cv-11301-EEF-MBN** |
| _____ | ) | |

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **MARY MARTIN** **Plaintiff** | ) ) ) | **JUDGE: ELDON E. FALLON** |
| | ) ) | **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **v.** | ) ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** **Defendants** | ) ) ) | **Civil Action No: 2:17-cv-10798-EEF-MBN** |
| _____ | ) | |

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | ) ) ) | **MDL NO. 2592** |
| | ) | **SECTION: L** |
| **ELNORA MOULTRIE, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BLUETTE STOKES** **Plaintiff** | ) ) ) ) ) ) | **JUDGE: ELDON E. FALLON** **MAGISTRATE JUDGE: MICHAEL NORTH** |
| **v.** | ) ) | |
| **JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.** **Defendants** | ) ) ) | **Civil Action No: 2:17-cv-11790-EEF-MBN** |
| _____ _____ | ) | |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| GARY PEGLOW | ) | |
| Plaintiff | ) | JUDGE: ELDON E. FALLON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE: MICHAEL |
| | ) | NORTH |
| JANSSEN RESEARCH & | ) | |
| DEVELOPMENT LLC, ET AL. | ) | |
| Defendants | ) | Civil Action No: 2:17-cv-10957-EEF-MBN |
| _____ | ) | |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| VERLA PINKERTON, INDIVIDUALLY, | ) | |
| AND AS PERSONAL | ) | JUDGE: ELDON E. FALLON |
| REPRESENTATIVE OF THE ESTATE | ) | |
| OF HARLAN PINKERTON | ) | MAGISTRATE JUDGE: MICHAEL |
| Plaintiff | ) | NORTH |
| | ) | |
| v. | ) | |
| | ) | Civil Action No: 2:17-cv-11328-EEF-MBN |
| JANSSEN RESEARCH & | ) | |
| DEVELOPMENT LLC, ET AL. | ) | |
| Defendants | ) | |
| _____ | ) | |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| MARIA SERNA | ) | |
| Plaintiff | ) | JUDGE: ELDON E. FALLON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE: MICHAEL |
| | ) | NORTH |
| JANSSEN RESEARCH & | ) | |
| DEVELOPMENT LLC, ET AL. | ) | |
| Defendants | ) | Civil Action No: 2:17-cv-10938-EEF-MBN |
| _____ | ) | |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| WAYNE SPAULDING | ) | |
| Plaintiff | ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) | MAGISTRATE JUDGE: MICHAEL |
| | ) | NORTH |
| JANSSEN RESEARCH & | ) | |
| DEVELOPMENT LLC, ET AL. | ) | |
| Defendants | ) | Civil Action No: 2:17-cv-10949-EEF-MBN |
| _____ | ) | |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| RONALD SPIEGEL | ) | |
| Plaintiff | ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) | MAGISTRATE JUDGE: MICHAEL |
| | ) | NORTH |
| JANSSEN RESEARCH & | ) | |
| DEVELOPMENT LLC, ET AL. | ) | |
| Defendants | ) | Civil Action No: 2:17-cv-11310-EEF-MBN |
| _____ | ) | |

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| MARION STUDZINSKI | ) | |
| Plaintiff | ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) | MAGISTRATE JUDGE: MICHAEL |
| | ) | NORTH |
| JANSSEN RESEARCH & | ) | |
| DEVELOPMENT LLC, ET AL. | ) | |
| Defendants | ) | Civil Action No: 2:17-cv-09797-EEF-MBN |
| _____ | ) | |

## RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER PHARMA AG

Defendant Bayer Pharma AG, by and through counsel, appearing specially, and reserving

all defenses including, without limitation, the defenses of insufficient process, insufficient service

of process, and lack of personal jurisdiction, respectfully submits its Response to Plaintiffs' Motion

6

for Extension of Time Within Which to Serve Process on Defendant Bayer Pharma AG, and states the following:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on Bayer Pharma AG. PTO 10 permits service of process on Bayer Pharma AG by registered mail, return receipt requested, upon the following representative of Bayer Pharma AG:

> Bayer Pharma AG
> Attn: Eva Gardyan-Eisenlohr
> General Counsel
> Muellerstrasse 178
> 13353 Berlin
> GERMANY

<u>Dimitri Cruzoni</u>

The Complaint in *Cruzoni* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 25, 2017.

On November 6, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Cruzoni,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated November 20, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 12, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Cruzoni,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated February 12, 2018, because service was untimely.

<u>William Lower</u>

The Complaint in *Lower* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 11, 2017.

On October 19, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Lower,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated October 19, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 12, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Lower,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 12, 2018, because service was untimely.


Madie Nelson

The Complaint in *Nelson* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 11, 2017.

On October 23, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Nelson,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated October 23, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 12, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Nelson,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 12, 2018, because service was untimely.

John Parks

The Complaint in *Parks* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on September 28, 2017.

On October 10, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Parks,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated October 10, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 12, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Parks,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 12, 2018, because service was untimely.


Johanna Astacio

The Complaint in *Astacio* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 16, 2017.

On October 25, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Astacio,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated October 25, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Astacio,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.

Yvonne Cadra

The Complaint in *Cadra* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 16, 2017.

On October 25, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Cadra,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated October 25, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Cadra,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.


Kenneth Gura

The Complaint in *Gura* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 11, 2017.

On October 19, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Gura,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated October 19, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Gura,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.

Frances Hill

The Complaint in *Hill* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 17, 2017.

On October 25, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Hill,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated October 25, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Hill,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.


Barbara Ingram

The Complaint in *Ingram* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on September 28, 2017.

On October 10, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Ingram,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated October 10, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Ingram,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.

Sheereda Khan

The Complaint in *Khan* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 26, 2017.

On November 20, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Khan,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated November 20, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Khan,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.


Mary Martin

The Complaint in *Martin* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 18, 2017.

On October 25, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Martin,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated October 25, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Martin,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.

Elnora Moultrie

The Complaint in *Moultrie* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 25, 2017.

On November 20, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Moultrie,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated November 20, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Moultrie,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.


Gary Peglow

The Complaint in *Peglow* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 20, 2017.

On November 6, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Peglow,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated November 20, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Peglow,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.

Verla Pinkerton

The Complaint in *Pinkerton* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 25, 2017.

On November 20, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Pinkerton,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated November 20, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Pinkerton,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.


Maria Serna

The Complaint in *Serna* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 20, 2017.

On November 6, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Serna,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated November 20, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Serna,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.

Wayne Spaulding

The Complaint in *Spaulding* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 20, 2017.

On November 6, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Spaulding,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated November 20, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Spaulding,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.

Ronald Spiegel

The Complaint in *Spiegel* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 26, 2017.

On November 6, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Spiegel,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated November 20, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Spiegel,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.

Marion Studzinski

The Complaint in *Studzinski* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on September 28, 2017.

15

On October 10, 2017, Bayer Pharma AG received a copy of the Complaint and Summons in *Studzinski,* by certified mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated October 10, 2017, because the Complaint and Summons were not sent by registered mail, return receipt requested, as required by PTO 10.

On February 7, 2018, Bayer Pharma AG received a copy of the Complaint and Summons in *Studzinski,* by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  Service was rejected by letter dated February 7, 2018, because service was untimely.

PTO 10 only permits streamlined service of process on Bayer Pharma AG by registered mail, return receipt requested under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG . . . shall have 60 days to serve the Complaint with a Summons.  For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order.  Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."[1] Plaintiffs failed properly to serve process within 60 days from the docketing of the Complaint in the MDL.

Bayer Pharma AG is a company organized under the laws of Germany.  Normally, service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h).  Under Federal Rules of Civil Procedure 4(h)(2), service upon a corporation is effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof."  Subdivision (f) provides that an individual may be served at a place not within any judicial district of the United States "by any

---

[1] Pre-Trial Order No. 10A and Pre-Trial Order No. 10B are inapplicable because of the date of filing of the Complaint.

internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

Service of process by an American plaintiff on a German defendant in Germany is normally governed by international and German law.  The streamlined process for service on Bayer Pharma AG in PTO 10 is a departure from the requirements for service under international and German law and was a concession by Bayer Pharma AG.  If a plaintiff is to receive the benefit from this departure from normal service procedures, the plaintiff should, at the very least, be required to meet the conditions in PTO 10, including timely service.

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)."  Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to serve process "if the plaintiff shows good cause for the failure" to timely serve process.  Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified."'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. LEXIS 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiffs have failed to show good cause for their failure properly to serve process within the required time period.  Plaintiffs acknowledge that their counsel received the letters rejecting the first attempted service but that the letters were "inadvertently" not forwarded to the attorney

handling service of process.  Inadvertence by counsel does not entitle Plaintiffs to an extension.  *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process).  The Court should deny Plaintiffs' motion for extension of time to serve process and require Plaintiffs to serve Bayer Pharma AG in accordance with international and German law.

Bayer Pharma AG is entitled to some certainty as to whether it will be required to defend itself in a particular case pending in the MDL.  Time limits on service provide some level of certainty.  Otherwise, Bayer Pharma AG is subject to being brought into any case in the MDL at any time for any reason.  With numerous cases pending in the MDL, this level of uncertainty places an undue burden on Bayer Pharma AG to continue to monitor all cases pending in the MDL.

Furthermore, Pre-Trial Order No. 11 ("PTO 11") provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served."  However, once Bayer Pharma AG is served in a particular case, Bayer Pharma AG's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed).  Service triggers the operation of Bayer Pharma AG's omnibus answer in a particular case without any action on the part of Bayer Pharma AG.  By delaying service, a plaintiff can delay the operation of Bayer Pharma AG's omnibus answer in a particular case.  Pre-Trial Order No. 11C provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint.  When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.
>
> If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her complaint.  Rather, the plaintiff can amend her complaint at any time for any reason.

WHEREFORE, Bayer Pharma AG respectfully requests that the Court deny Plaintiffs' request for an additional 30 days to serve process on Bayer Pharma AG under the streamlined service process, and require Plaintiffs to serve Bayer Pharma AG in accordance with international and German law.

March 5, 2018                         Respectfully submitted,

                                     By: /s/ *Steven Glickstein*
                                     Steven Glickstein
                                     Andrew K. Solow
                                     ARNOLD & PORTER
                                     KAYE SCHOLER LLP
                                     250 West 55th Street
                                     New York, New York 10019-9710
                                     Telephone: (212) 836-8485
                                     Facsimile: (212) 836-6485
                                     steven.glickstein@apks.com


                                     William Hoffman
                                     ARNOLD & PORTER
                                     KAYE SCHOLER LLP
                                     601 Massachusetts Ave., NW
                                     Washington, D.C. 20001
                                     Telephone: (202) 942-5000
                                     Facsimile: (202) 942-5999
                                     william.hoffman@apks.com


                                     By: /s/ *John F. Olinde*
                                     John F. Olinde (LA Bar #1515)
                                     CHAFFE McCALL L.L.P.
                                     1100 Poydras Street
                                     Suite 2300
                                     New Orleans, LA 70163
                                     Telephone: (504) 585-7241
                                     Facsimile: (504) 544-6084
                                     olinde@chaffe.com
                                     *Attorneys for Bayer Pharma AG*


## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                     /s/ *John F. Olinde*