UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | MDL No. 2592 <br><br> SECTION: L <br><br><br> JUDGE FALLON <br> MAG. JUDGE NORTH <br><br> RESPONSE TO ORDER TO <br> SHOW CAUSE <br> REGARDING PLAINTIFFS WITH <br> ALLEGED CORE PLAINTIFF <br> FACT SHEET DEFICIENCIES |

**THIS DOCUMENT RELATES TO:**

*Gail Burner v. Janssen Research & Development LLC, et al; No. 2:16-cv-13445*

*James Longardner v. Janssen Research & Development LLC, et al; No. 2:16-cv-14955*

*Lewis Lott v. Janssen Research & Development LLC, et al; No. 2:16-cv-14680*

*Tracey Mayfield v. Janssen Research & Development LLC, et al; No. 2:17-cv-08258*

*Lacreita Mott v. Janssen Research & Development LLC, et al; No. 2:17-cv-06955*

*Rossario Stewart v. Janssen Research & Development LLC, et al; No. 2:17-cv-07134*

*Timothy Trevino v. Janssen Research & Development LLC, et al; No. 2:17-cv-06321*

*Marilyn Truitt v. Janssen Research & Development LLC, et al; No. 2:16-cv-14971*

1

*James Whiteside v. Janssen Research & Development LLC, et al; No. 2:16-cv-10196*

*Lenora Zirlott v. Janssen Research & Development LLC, et al; No. 2:17-cv-03775*

COMES NOW Counsel for Plaintiffs in the above matters, and files this Response to the Order to Show Cause Regarding Plaintiffs With Alleged Core Plaintiff Fact Sheet Deficiencies entered on February 16, 2018 (Doc. 8662) and would respectfully show the Court the following:

I.

Defendants moved for an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets (hereinafter referred to as PFSs) should not be dismissed with prejudice (Doc.8620). The Court entered an Order to Show Cause on February 16, 2018 (Doc. 8662). Several Plaintiffs represented by The Gallagher Law Firm appear on Exhibit A of both Defendants' Motion and the Court's Order to Show Cause (Docs. 8620-2 and 8662, respectively) as follows:

- *James Whiteside v. Janssen Research & Development LLC, et al; No. 2:16-cv-10196*

- *Lenora Zirlott v. Janssen Research & Development LLC, et al; No. 2:17-cv-03775*

Undersigned counsel has informed the Plaintiffs of their obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13.

With respect to James Whiteside's case, Counsel for Plaintiff would show that he has been advised that the Defendants agree that the alleged PFS deficiencies have been cured.

2

With respect to Lenora Zirlott's case, Plaintiff would show that Plaintiff's Fact Sheet was amended and uploaded to MDL Centrality on February 13, 2018 to remedy the alleged deficiencies regarding Ms. Zirlott's PFS.

Therefore, Plaintiffs in both of these cases contend that they have cured the alleged deficiencies and respectfully request that their cases be allowed to proceed.

- *Gail Burner v. Janssen Research & Development LLC, et al; No. 2:16-cv-13445*

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of the Court's Order to Show Cause and advised of the deadlines within which to respond and cure said deficiencies.

There is no confirmed use of Xarelto documented in Ms. Burner's medical records. Counsel has communicated with Plaintiff in order to identify any other source of records which would confirm her Xarelto use/ingestion, and Plaintiff has been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the alleged PFS deficiency.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of ingestion of Xarelto, counsel is unable to respond and cure the alleged core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm Plaintiff's prescription/ingestion of Xarelto. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim

with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper. Plaintiff has been advised that unless the requisite proof is provided, her case is subject to dismissal by the Court with prejudice.

- *Robert Longardner obo James Longardner v. Janssen Research & Development LLC, et al; No. 2:16-cv-14955*

Undersigned counsel has previously informed the Plaintiff of his obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13.

To date, there is no confirmed use of Xarelto or a documented Xarelto related injury in decedent's medical records. Counsel for Plaintiff learned from Plaintiff's daughter that Robert Longardner died on or about October 2, 2016, shortly after this lawsuit was filed.

Robert Longardner's daughter further advised Counsel that Mr. Longardner had a surviving son living in the same area. After investigation, counsel was able to locate an address for a Kyle Longardner and reached out to contact him about proceeding with this lawsuit and obtaining the necessary estate documents to re-order relevant medical records which providers had previously been refusing to provide without estate documentation.

Over the last several months, numerous letters have been sent by both regular mail and Federal Express to Kyle Longardner and he has failed to respond. Therefore, Plaintiff has been unable to obtain any additional information and/or records.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of ingestion of Xarelto or a Xarelto related injury by Plaintiff, counsel is unable to respond and cure the alleged core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any heirs who would be agreeable to proceeding with this case, and has also not been able

to obtain any information to confirm Plaintiff's prescription/ingestion of Xarelto and/or a Xarelto related injury.

Counsel does not have written permission from Plaintiff's heir(s) to agree to a stipulation of dismissal of his claim with prejudice. However, in the event that no additional information or records confirming Xarelto use and injury is identified by Plaintiff prior to the show cause hearing, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.

- *Lewis Lott v. Janssen Research & Development LLC, et al; No. 2:16-cv-14680*

- *Timothy Trevino v. Janssen Research & Development LLC, et al; No. 2:17-cv-06321*

- *Marilyn Truitt v. Janssen Research & Development LLC, et al; No. 2:16-cv-14971*

Undersigned counsel has informed the Plaintiffs of their obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiffs with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of the Court's Order to Show Cause, and advised of the deadlines within which to respond and cure said deficiencies.

While Plaintiffs' medical records confirm that Plaintiffs ingested Xarelto, there is no proof of a Xarelto related injury documented in their medical records.  Counsel has communicated with Plaintiffs in order to identify any other source of records which would confirm Plaintiffs' Xarelto related injury, and Plaintiffs have been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency.

Because Plaintiffs' counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of a Xarelto related injury suffered by Plaintiffs, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiffs' counsel, counsel has been unable to successfully locate any information to confirm Plaintiffs' Xarelto related injury. Counsel does not have written permission from Plaintiffs to agree to a stipulation of dismissal of their claims with prejudice.  However, unless additional information or records confirming a Xarelto related injury is identified by Plaintiffs prior to the show cause hearing, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.

Plaintiffs have been advised that unless the requisite proof of an injury is provided, their cases are subject to dismissal by the Court with prejudice.

- *Tracey Mayfield v. Janssen Research & Development LLC, et al; No. 2:17-cv-08258*

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of the Court's Order to Show Cause, and advised of the deadlines within which to respond and cure said deficiencies.

There is no confirmed use of Xarelto or a documented Xarelto related injury in Ms. Mayfield's medical records.  Counsel has communicated with Plaintiff in order to identify any other source of records which would confirm Plaintiff's Xarelto use/ingestion and Xarelto related injury and Plaintiff has been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of ingestion of Xarelto or a Xarelto related injury suffered by Plaintiff, counsel is unable to respond and cure the core PFS deficiency.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any information to confirm Plaintiff's prescription/ingestion of Xarelto or a Xarelto related injury. Counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of this claim with prejudice. However, unless additional information or records confirming Xarelto use and injury is identified by Plaintiff prior to the show cause hearing, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.

Plaintiff has been advised that unless the requisite proof is provided, her case is subject to dismissal by the Court with prejudice.

- *Lacreita Mott v. Janssen Research & Development LLC, et al; No. 2:17-cv-06955*
- *Rossario Stewart v. Janssen Research & Development LLC, et al; No. 2:17-cv-07134*

Undersigned counsel has informed the Plaintiffs of their obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiffs with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of the Court's Order to Show Cause, and advised of the deadlines within which to respond and cure said deficiencies.

While Plaintiffs' medical records confirm that Plaintiffs ingested Xarelto, there is no proof of a Xarelto related injury documented in their medical records. Counsel has communicated with Plaintiffs in order to identify any other source of records which would

7

confirm Plaintiffs' Xarelto related injury, and Plaintiffs have been unable to provide any additional information and/or records that would allow counsel to obtain records and cure the PFS deficiency.

Furthermore, Plaintiffs have stopped responding to counsel's inquiries regarding same.

Because Plaintiffs' counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of a Xarelto related injury suffered by Plaintiffs, counsel is unable to respond and cure the core PFS deficiency.

Furthermore, Plaintiffs have failed to execute the Declaration page as required, despite requests from Plaintiffs' counsel to do so.

Despite the best efforts of Plaintiffs' counsel, counsel has been unable to successfully locate any information to confirm Plaintiffs' Xarelto related injury. Counsel does not have written permission from Plaintiffs to agree to a stipulation of dismissal of their claims with prejudice. However, unless additional information or records confirming a Xarelto related injury is identified by Plaintiffs prior to the show cause hearing, and executed Declaration pages are provided by Plaintiffs, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.

Plaintiffs have been advised that unless the requisite proof of an injury is provided, their cases are subject to dismissal by the Court with prejudice.

Dated:  March 12, 2018.

                                            Respectfully submitted,

                                            s/ Michael T. Gallagher
                                            MICHAEL T. GALLAGHER
                                            (Texas Bar #07586000)
                                            THE GALLAGHER LAW FIRM LLC
                                            2905 Sackett Street

Houston, TX 77098
Telephone: (713) 222-8080
Facsimile (713) 222-0066
mike@gld-law.com

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing Response to Order to Show Cause has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                        s/ Michael T. Gallagher
                        Michael T. Gallagher