UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ( ( ( ( ( ( ( | MDL NO.: 2592 SECTION: L JUDGE FALLON MAG. JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**
*Norma Elliott, et al v. Janssen Research & Development, LLC, et al.*
**Civil Action No. 2:17-cv-07617**

### PLAINTIFF NORMA ELLIOTT'S RESPONSE IN OPPOSITION TO THE COURT'S ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES

Now comes Plaintiff, Norma Elliott, identified in Defendants' Motion for Order to Show Cause Regarding Plaintiffs with Alleged Core Plaintiff Fact Sheet Deficiencies (ECF No. 8191) who, by and through undersigned counsel, submits this Response in Opposition to the Order to Show Cause and shows as follows:

1. The family of Plaintiff Norma Elliott contacted undersigned counsel regarding a potential claim involving use of Xarelto and alleged subsequent injury shortly after her death in April of 2017.

2. The Complaint in this matter was filed on August 8, 2017, while record requests from some healthcare providers were still pending. The Complaint was filed in good faith before all records were received in order to obtain a Qualified Protective Order (QPO) for the purposes of requesting records to support Ms. Elliott's claim.

3. Despite undersigned counsel's attempt to obtain records to support the Plaintiff's claims with the QPO, Plaintiff's counsel has been unsuccessful to date as Fred Meyer Pharmacy has refused to release records.

1

4.  Immediately after the Complaint was filed on August 8, 2017, counsel filed an *Ex Parte* Motion for Entry of a HIPAA Protective Order to Obtain the Release of Medical Records on August 10, 2017 (ECF No. 7255). Said Order was issued by this Court on September 1, 2017 (ECF No. 7483).

5.  Subsequently, and without delay, counsel's first records request was sent to Fred Meyer Pharmacy with a copy of the QPO and a HIPAA authorization signed by the surviving spouse on September 6, 2017. A representative responded on behalf of Fred Meyer Pharmacy requesting "LEGAL DOCUMENTATION SHOWING THAT PERSON SIGNING AUTHORIZATION CAN SIGN ON BEHALF OF THE PATIENT FOR MEDICAL RECORDS." (Ex. A.)

6.  Medical Elite, LLC, on behalf of undersigned counsel, sent another copy of the QPO to the attention of the representative, requesting that the Order which "should replace all required legal documents" be honored. (Ex. A at 2.)

7.  The pharmacy representative's response dated November 14, 2017, refused said request, stating "'QUALIFIED PROTECTIVE ORDER' IS NOT AN ORDER FOR US TO PRODUCE DOCUMENTS. SPECIFICALLY, LINE 8 SAYS A SUBPOENA OR AUTHORIZATION IS NEEDED FOR RECORDS." (Ex. A at 3.)

8.  On November 29, 2017, undersigned counsel responded by written correspondence via facsimile directly to Fred Meyer Pharmacy regarding "the Qualified Protective Order (QPO) issued by the presiding judge, Judge Fallon, in this litigation pending in the Eastern District of Louisiana federal court. Your reference to "line 8" of the QPO is inaccurate because that provision of the order only pertains to DEFENDANTS' counsel. We present the plaintiff in this case, and have properly obtained this order pursuant to 45 C.F.R. § 164.512(E)(1)(i). HIPAA and the

standards promulgated by the Secretary of Health and Human Services in the Code of Federal Regulations set forth the baseline for the release of health information. A patient's health information disclosed pursuant to 45 C.F.R. § 164.512(e)(1)(i) 'in response to **an order of a court** ... provided that the covered entity discloses only the protected health information expressly authorized by such order.' Health information includes any information, whether oral or recorded in any form or medium, that: (1) is created or received by a health care provider ...; and (2) relates to the past, present or future physical or mental health or condition of an individual; the provision of health care to an individual; or the past, present or future payment for the provision of health care to an individual. 45 C.F.R. § 160.103. The Order we sent you specifically requires disclosure of PHI regarding Norma Elliott to the full scope of 45 C.F.R. § 160.103 in ¶ 2."

9. The pharmacy responded on December 15, 2017, again refusing to release records because "THE QUALIFIED PROTECTIVE ORDER 'AUTHORIZES' COVERED ENTITIES TO DISCLOSE PHI, IT IS NOT AN ORDER TO PRODUCE DOCUMENTS IT [sic] WHICH IT STATES THAT WE ARE 'ORDERED' TO DISCLOSE PHI."

10. At all times relevant hereto, undersigned counsel has diligently sought proof of Xarelto-related injuries and usage from all known healthcare providers, and requests additional time to obtain records. Counsel has cured the deficiency regarding a declaration and failure to provide capacity of representation. Plaintiff's request is not for purposes of delay but so that justice may be done. Plaintiff has never previously requested or received an extension of time to submit core PFS documentation.

FOR THESE REASONS, Plaintiff requests this Court enter an Order denying Defendants' Motion for Order to Show Cause; and for any further orders deemed just and proper under the circumstances.

March 12, 2018                                         Respectfully submitted,

                                                       By: */s/ Barrett Beasley*
                                                       Barrett Beasley, Esq.
                                                       LA Bar Roll No. 25984
                                                       SALIM-BEASLEY, LLC
                                                       1901 Texas Street
                                                       Natchitoches, LA 71457
                                                       Phone: (800) 491-1817
                                                       Facsimile: (318) 354-1227
                                                       bbeasley@salim-beasley.com


                                                       ***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2018, the foregoing document was filed with the clerk via CM/ECF. Notice of this filing will be sent by operation of MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Barrett Beasley*
Barrett Beasley
