Patrick J. Mulligan, TX SBN 14651270
Charles G. Orr, TX SBN 00788148
**THE MULLIGAN LAW FIRM**
3710 Rawlins Street, #901
Dallas, TX  75219
Telephone: (214) 219-9779
Facsimile: (214) 520-8789

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) MDL No. 2592 <br> ) <br> ) SECTION:   L <br> ) JUDGE FALLON <br> ) MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO: | ) <br> ) **RESPONSE TO SHOW CAUSE ORDER** |
| *Shriff Abdur Raheed v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-1930 | ) **REGARDING PLAINTIFFS WITH  ALLEGED** <br> ) **CORE PLAINTIFF FACT SHEET** <br> ) **DEFICIENCIES** |
| *Ira Boggs v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-13008 | ) <br> ) <br> ) |
| *Edward Boudreaux, Individually and on Behalf of the Estate of Conchetta Boudreaux v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-2937 | ) <br> ) <br> ) <br> ) <br> ) |
| *Elmer Braden v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-2939 | ) <br> ) <br> ) |
| *Marsha Broads v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-13016 | ) <br> ) <br> ) |
| *Hilda Burlison, Individually and on Behalf of the Estate of Donzil Burlison v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-2940 | ) <br> ) <br> ) <br> ) |
| *Dorothy Burroughs v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-2942 | ) <br> ) <br> ) <br> ) |

**Response to Show Cause Order** Page 1

| | |
|---|---|
| *Diana Coyle v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-2949 | ) ) ) |
| *Robert Craig, Individually and on Behalf of the Estate of Sylvia Craig, v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-222 | ) ) ) ) |
| *Rosilyn Craver, Individually and on Behalf of the Estate of Robert, v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-932 | ) ) ) ) |
| *Margaret Licata, Individually and on Behalf of the Estate of Elizabeth Danielson, v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-1523 | ) ) ) ) ) |
| *George Davidson v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-13035 | ) ) ) |
| *James Downing v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-13036 | ) ) ) |
| *Dewey Dupree v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-2956 | ) ) ) |
| *Darlene Cress, Individually and on Behalf of the Estate of Josef Feist, v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-2951 | ) ) ) ) |
| *Quincy Francis v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-2153 | ) ) ) |
| *Denise Martin, Individually and on Behalf of the Estate of Patricia Gordon, v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-12974 | ) ) ) ) |
| *Peter Hebert, Individually and on Behalf of the Estate of Janet Hebert, v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-2991 | ) ) ) ) |
| *Doris Jacobsen v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-2993 | ) ) ) |
| *Lois Jensen, Individually and on Behalf of the Estate of William Jensen, v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-12805 | ) ) ) ) |

**Response to Show Cause Order**                                                                                                  Page 2

| | |
|---|---|
| *Timothy Johnson v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-2997 | ) ) ) |
| *George Jones v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-13232 | ) ) ) |
| *Randolph Limerick v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-11713 | ) ) ) |
| *George Marfield, Individually and on Behalf of the Estate of Gladys Marfield, v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-12702 | ) ) ) ) ) ) |
| *Kathleen Pahls, Individually and on Behalf of the Estate of James Pahls, v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-3010 | ) ) ) ) |
| *Beverly Palazzolo, Individually and on Behalf of the Estate of Jerome Palazzolo, v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-3011 | ) ) ) ) ) |
| *Clarence Palmer v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-2167 | ) ) ) |
| *Charles Plowman v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-3013 | ) ) ) |
| *Dorothy Schiessl, Individually and on Behalf of the Estate of Ludwig Schiessl, v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-2174 | ) ) ) ) ) |
| *Joan Shoehigh v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-12830 | ) ) ) |
| *Stacy Sexton, on Behalf of Charles Southwick, an Incapacitated Adult v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-4196 | ) ) ) ) |
| *Mary Thompson v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-2704 | ) ) ) ) ) |

**Response to Show Cause Order** Page 3

*Ira Tunnell, Individually and on Behalf of the*        )
*Estate of Billie Tunnell, v. Janssen Research &*    )
*Development LLC, et al.*, No. 2:16-cv-2180           )
                                                                                    )
*Tommy Finch, Individually and on Behalf of the*    )
*Estate of Claudette Williams, v. Janssen Research* )
*& Development LLC, et al.*, No. 2:16-cv-2617        )
                                                                                    )
*Kathryn Plosica, Individually and on Behalf of the*)
*Estate of Caroline Wolgast, v. Janssen Research*   )
*& Development LLC, et al.*, No. 2:15-cv-3747        )
                                                                                    )

The 35 Plaintiffs identified in the above-styled and numbered cases file this Response to Show Cause Order Regarding Plaintiffs with Alleged Core Fact Sheet Deficiencies. The show cause order should be discharged in all 35 cases for two reasons:

- The alleged deficiency (not providing a new plaintiff-signed declaration with an amended PFS) is not a deficiency because, in each and every case, the alleged deficiency or deficiencies being cured by the amended PFS were cured by Plaintiffs' Counsel through review of records produced to Defendants and that cure was supported by a signed letter on firm letterhead.

- Even if the alleged deficiency ever had legitimacy, by failing to seek a court ruling on Plaintiffs' position, clearly articulated to Defendants well over two years ago, Defendants should be equitably barred from seeking dismissal, with prejudice, after this lengthy period.

**I.    Background.**

The 35 plaintiffs at issue here are all represented by the Mulligan Law Firm and are collectively referred to as the Mulligan Plaintiffs in this response. The Mulligan Plaintiffs all

served Plaintiff Fact Sheets (PFSs) completed to the best of their ability, and the Mulligan Plaintiffs supported every such PFS with signed declarations. *See* Declaration of Charles G. Orr (Orr Decl.), at ¶ 2(a). The Mulligan Plaintiffs thus verified their answers, and sometimes the answers were, "I don't know" or "I don't remember."[1]

In all of the 35 cases except two, Defendants alleged some sort of core deficiency or deficiencies by serving, though Centrality, a deficiency notice. Orr Decl. at ¶ 2(b). And in all of the cases at issue, Plaintiffs' counsel personally cured the alleged deficiency or deficiencies through personal review of records that had already been produced to Defendants or were being produced concurrently with the amended PFS.[2] Orr Decl. at ¶ 2(c). In other words, the plaintiffs themselves were not involved in any way in addressing the alleged deficiencies or amending their PFSs. They had already answered the PFS questions to the best of their ability, and they are no more qualified or capable of reviewing records to determine the appropriate responses to alleged deficiencies than their counsel. Indeed, it was far more efficient for their counsel to respond to the deficiencies in this fashion, as in many instances Plaintiffs' counsel was able to

---

[1] Because of the nature of MDL Centrality and the way it records answers to PFS questions (particularly the drop down menu selections), an "I don't know" or "I don't remember" answer is often reflected by a pair of question marks, or perhaps can be reflected only by leaving the question blank.

[2] In two cases (*Pahls*, No. 123 on the show cause order [case number 2:15-cv3010] and *Plowman*, No. 128 on the show cause order [case number 2:15-cv-3013]), Plaintiffs' counsel discovered discrepancies between the medical/pharmacy records produced to Defendants and the plaintiffs' responses to questions on the PFS. In the interest of providing the most accurate information possible, consistent with what is shown in the medical records, Plaintiffs' counsel in those two cases amended PFS responses to make them consistent with the plaintiffs' records, and so advised Defendants. As with cases where Defendants themselves identified such discrepancies between PFS responses and the records and served a deficiency notice regarding the same, neither of these two plaintiffs was involved in any way in the process by which their attorney amended the PFSs.

**Response to Show Cause Order**                                                                                                         Page 5

find the information needed to cure alleged deficiencies and get that information to Defendants within minutes of receiving the deficiency notices. Orr Decl. at ¶ 2(c).

Simultaneously with curing the alleged deficiencies in this fashion, Plaintiffs' counsel uploaded to Centrality a signed letter (sometimes electronically signed, but assuredly the letter was prepared by Plaintiffs' counsel himself, not that attorney's staff, in every one of the 35 cases at issue here) on firm letterhead explaining that the plaintiff was not involved in any way in the process by which the alleged deficiency or deficiencies were cured. Orr Decl. at ¶ 2(d). These letters all stated that, under these circumstances, it is the Mulligan Plaintiffs' position that no new declaration was needed for the amended PFS, in which nothing was amended except the portions of the PFS where Plaintiffs' counsel personally cured the alleged deficiency or deficiencies with no involvement from the plaintiff. Orr Decl. at ¶ 2(d).

At some point thereafter, for every one of the 35 Mulligan Plaintiffs, Defendants alleged a single "new" deficiency – "Declaration – Failure to provide new Declaration for Amended Plaintiff Fact Sheet submission." Orr Decl. at ¶ 2(e). In other words, Defendants took the position that, even though no other deficiencies remained, and even though the plaintiffs were not involved in any way in addressing any alleged deficiencies, those plaintiffs were still *required* to submit a new signed declaration to support the changes that their attorney (not them) made to the PFS to get to the Defendants the information that Defendants averred was missing from the PFS.

The Mulligan Plaintiffs' position with regard to the alleged deficiency for failure to submit a new declaration for the amended PFS was clearly articulated by the Mulligan Plaintiffs and communicated to Defendants no later than October 26, 2015. *See, e.g.*, Document ID 40798, in *Burlison v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-2940 (stating, in letter

**Response to Show Cause Order**                                                                                           Page 6

on firm letterhead signed by Attorney Orr that Mulligan Plaintiffs' position is that no new declaration for amended PFS is required under PTO 13, PTO 13A, or applicable rules of procedure and that alleged deficiency was cured by attorney review of records produced to Defendants, attorney amendment of PFS, and attorney resubmission of PFS). Orr Decl. at ¶ 3. In each and every case, Plaintiffs' counsel reiterated this position to Defendants by way of a signed letter on firm letterhead. Orr Decl. at ¶ 3.

Moreover, in every one of the 35 cases at issue, the Plaintiff has submitted a signed declaration *and* Plaintiffs' counsel has submitted a signed document, on firm letterhead, attesting to the fact that Plaintiffs' counsel had amended the PFS to cure the alleged deficiency or deficiencies himself (that is, every submission of information to Defendants in response to either the PFS itself or alleged deficiencies in the PFS was supported by either a signed declaration from Plaintiff or a signed document by Plaintiffs' counsel). Orr Decl. at ¶ 4.

Despite being on notice since no later than October 26, 2015 that the Mulligan Plaintiffs took this position, and despite having served "amended" deficiency notices in some instances as early as December 2015, Defendants did not seek any court ruling on this issue until well over two full years had passed since Defendants first became aware of the Mulligan Plaintiffs' position. Orr Decl. at ¶ 5. Specifically, the first time the Mulligan Plaintiffs were informed that Defendants intended to seek a court ruling on the "no new declaration for amended PFS" alleged deficiency in any of the 35 cases at issue came on January 11, 2018, which was a full 808 days after Defendants were first notified of Plaintiffs' position that this is not a deficiency at all. Orr Decl. at ¶ 5.

## II. The "deficiency" alleged in all 35 cases is not a deficiency at all.

While there are 35 discrete Plaintiffs' cases at issue in this matter, each of whom has a unique story to tell, for present purposes the cases are identically situated: Every case involves the same alleged core deficiency ("Declaration – Failure to provide new Declaration for Amended Plaintiff Fact Sheet submission"), and that alleged deficiency is baseless in every case. The reason is simple. In every single case, the plaintiff provided a Plaintiff Fact Sheet (PFS) and supported it with a signed declaration. In every single case but two,[3] Defendants alleged some core deficiency or deficiencies in the verified PFS. And in every single case, the plaintiff was not involved in amending the PFS or curing the alleged deficiency or deficiencies. Rather, in every single case, upon receipt of the deficiency notice:

- Plaintiffs' counsel personally reviewed records that have been produced to Defendants;

- Plaintiffs' counsel personally got the information needed to cure the alleged deficiency or deficiencies from those records;

- Plaintiffs' counsel personally typed that information into Centrality for each affected plaintiff; and

- Plaintiffs' counsel personally prepared and uploaded a letter, on firm letterhead, explaining the process by which the alleged deficiency or deficiencies were cured and explaining the Mulligan Firm's position that no new amended declaration is required under these circumstances.

Orr Decl. at ¶¶ 2, 3. Indeed, there is nothing that a new declaration from the plaintiff could possibly add, as the plaintiff was not involved in any way in amending her PFS or curing the deficiency or deficiencies at issue.

---

[3] *See supra* note 2.

**Response to Show Cause Order**                                                                 Page 8

The PFS takes the place of interrogatories and requests for production in a case like this one. The purpose of this discovery tool is well explained by the Court in the very show cause order to which this Response is addressed: The PFS is to provide the information needed to Defendants to demonstrate that Plaintiff can show that she took a pharmaceutical product manufactured by Defendants and sustained an arguably compensable injury from her use of that product. *See* Order to Show Cause Regarding Plaintiffs with Alleged Core Plaintiff Fact Sheet Deficiencies [Dkt 8662, 2/16/18] at 1-2 ("Without proof that plaintiff used the product that allegedly cause his or her injury – as well as proof of the alleged injury itself – plaintiff certainly cannot show that any damage was proximately caused by a characteristic of the product and that this damage arose from a reasonably anticipated use of the product.").

Here, in every one of the 35 cases at issue, the discovery Defendants sought by way of the PFS and through deficiency notices was provided to Defendants, in many instances within less than an hour of Defendants' service of a deficiency notice. Yet, incredibly, Defendants now seek dismissal with prejudice of 35 Plaintiffs' claims on the ground that the provision of the discoverable information Defendants expressly demanded was not accompanied by a new signed declaration from a party who had nothing to do with the provision of the information. Discovery is not meant to serve as a gotcha to get rid of cases with merit and where all the discovery Defendants sought has been provided. Defendants should not prevail in any case, much less these 35 cases, on such a gotcha.

Finally, it is no response to this for Defendants to argue, as the Mulligan Plaintiffs anticipate they will, that where new information is supplied, that information must be supported by a new signed declaration, and that it was not here because the Plaintiffs themselves did not provide any such declaration. Two things about this aniticipated argument: First, the Mulligan

**Response to Show Cause Order** Page 9

Plaintiffs *did* provide a signed declaration in every one of these cases for the information that they themselves supplied. Second, the requirement that any amended PFS be supported by a signed declaration or document has been satisfied in every one of the cases at issue, as Plaintiffs' Counsel has uploaded a signed letter, on firm letterhead, attesting to how the deficiencies were cured (i.e., through attorney review of the records produced to Defendants and without any involvement from the plaintiffs). In other words, every provision of discoverable information by Plaintiffs is supported by a signed document, either from Plaintiffs where they supplied the information, or by Plaintiffs' counsel where he supplied the information. Orr Decl. at ¶ 6 and ex. A (table showing every step of the PFS process for each of the 35 Mulligan Plaintiffs at issue, including that every plaintiff served a signed declaration with his or her PFS and every deficiency was cured by Plaintiffs' counsel through review of records produced by Mulligan Plaintiffs and supported by a signed letter from Plaintiffs' counsel on firm letterhead).

Thus, this Court's requirement that an amended PFS must be supported by a signed writing was satisfied in every one of these cases. Every PFS response, and every bit of discoverable information provided by the plaintiff, has been supported either by a signed declaration from the plaintiff or by a signed letter from plaintiffs' attorney. Accordingly, the show cause should be discharged as to the 35 Mulligan Plaintiffs at issue because there simply is no deficiency here.[4]

---

[4] If the Court concludes that the deficiency at issue here has merit, the Mulligan Plaintiffs respectfully request that they be permitted to withdraw their amended PFSs and that their attorneys be permitted to cure the original alleged deficiencies through provision of signed letters, on firm letterhead, without need of amending the PFS to cure the alleged deficiencies. This alternative relief should be satisfactory to all, as it fully serves the purpose for the PFS process – namely, that Plaintiffs provide sufficient information to Defendants to demonstrate that they took Xarelto and they suffered an injury that they plausibly claim was caused by their Xarelto use.

**Response to Show Cause Order** Page 10

**III. Defendants' unreasonable delay in seeking a ruling on the alleged deficiency equitably bars Defendants from their requested relief of dismissal with prejudice.**

Even if the alleged deficiency in these 35 cases were a legitimate one, the Court should still discharge the show cause order based on Defendants' failure to timely assert the deficiency to the Court for a ruling.

On October 26, 2015, the Mulligan Plaintiffs' counsel made Plaintiffs' position clear regarding Defendants' allegation that a new declaration from the plaintiff herself is required any time a deficiency is cured. That day, Plaintiffs' counsel uploaded to Centrality several letters in various cases, all on firm letterhead and signed by Plaintiffs' counsel, stating that it is the Mulligan Plaintiffs' position that no new declaration from the plaintiff for an amended PFS is required under PTO 13, PTO 13A, or applicable rules of procedure where, as here, the alleged deficiency or deficiencies were cured by attorney review of records produced to Defendants, attorney amendment of PFS, and attorney resubmission of PFS, with no involvement from the plaintiff in that process. Orr Decl. at ¶ 3 and ex. A (citing Document ID 40798, in *Burlison v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-2940).

Defendants thus knew *well over two years ago* that Plaintiffs were taking the position that no new declaration from plaintiffs themselves were required here. Indeed, Defendants have brought show cause motions against other Mulligan plaintiffs on other grounds several times between October 26, 2015, when Mulligan Plaintiffs unequivocally made their position on this alleged deficiency clear, and January 11, 2018, when Defendants advised Plaintiffs, through Plaintiffs' Liaison Counsel, that Defendants had now decided, some 808 days later, to test Plaintiffs' position. Defendants have not been shy about seeking dismissals of other Mulligan cases for alleged PFS deficiencies during the intervening 808 days, seeking show cause orders as

to those cases within a few short months of attempts to resolve those alleged deficiencies through the meet-and-confer process properly required by this Court.

While neither the applicable federal rules (in particular, Rule 37 of the Federal Rules of Civil Procedure) nor any applicable local rules impose a specific time during which a party must file a motion to compel when that party claims that discovery responses were inadequate, case law makes clear that courts have broad discretion to conclude that a party waives its right to file such a motion if that party waits too long to do so.[5] This is precisely what has happened here. Defendants sat on the "no new declaration for amended PFS" alleged deficiency for 808 days, well over two full years, before finally asking this Court to rule on the Mulligan Plaintiffs' long-before clearly stated position that no such declaration from the plaintiffs themselves were required under the circumstances.

The Court would act fully within its discretion in this matter to presume, based on the 808-day delay by Defendants, that there is no merit to Defendants' position.[6] The Court would

---

[5] *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332-33, 336-37 (N.D. Ill. 2005) (in MDL proceeding, noting that federal rules set no time limit within which motion to compel discovery responses must be brought, observing that court has broad discretion in determining whether motion to compel discovery was timely, and concluding that plaintiffs waived right to seek to compel defendants to answer discovery requests where defendants made position that discovery sought was not proper clear months before plaintiffs brought motion to compel); *Continental Indus., Inc. v. Integrated Logistics Solutions LLC*, 211 F.R.D. 442, 444 (N.D. Okla. 2002) (holding that plaintiffs waived motion to compel by waiting 18 months after defendants refused to produce documents to bring motion).

[6] The shortest time frame to elapse from when the Mulligan Plaintiffs again asserted their position that no new signed declaration from the plaintiff is required in these circumstances is 310 days, or nearly one full year. Orr Decl. at ¶ 6, ex. B at 6 (in *Plowman* case, 310 days elapsed from when Plaintiffs' counsel, through signed letter on firm letterhead, advised Defendants that no new declaration was needed for amendments to PFS to when Defendants informed Plaintiffs that Defendants would seek court ruling that new declaration signed by plaintiff, not his counsel, was needed). Even there, the Mulligan Plaintiffs said nothing that they hadn't first said back in October 2015, and a nearly one-year delay is enough for this Court to exercise its broad discretion to hold, on equitable grounds, that Defendants should not be heard after such an unreasonable delay to complain of a deficiency that isn't even a deficiency.

act fully within its discretion to refuse, on equitable grounds, to even hear Defendants to complain about the alleged deficiency even assuming it has merit (which it doesn't, for the reasons spelled out above) based on Defendants' unreasonably delay in seeking a court ruling. Under these circumstances, Defendants have waived any complaint based on the alleged deficiency that the Mulligan Plaintiffs themselves did not provide a new signed declaration when their lawyer cured the deficiencies alleged against their fully verified original PFS.

## IV. Conclusion and request for relief.

The alleged "deficiency" in all 35 cases at issue is no deficiency at all. The Mulligan Plaintiffs served a complete PFS and their counsel, with no involvement from the plaintiffs and with a signed letter on firm letterhead, cured the deficiencies alleged by Defendants in response to those PFSs. It would turn the discovery process on its head for Defendants to be able to secure dismissal with prejudice for the nonsensical reason that the plaintiffs themselves did not support their attorney's efforts to cure the deficiencies in a timely and efficient matter with a new signed declaration when they themselves had absolutely nothing to do with the cure process and where Plaintiffs' counsel provided Defendants all the information sought through the PFS and deficiency process.

Alternatively, even if the "no new declaration for amended PFS" deficiency were legitimate (which it is not), Defendants waited for well over two years to seek a court ruling on the clearly defined positions each party took long ago on the propriety of the alleged deficiency. Under the circumstances, the Court should exercise its considerable equitable discretion to refuse to entertain Defendants' request for a with-prejudice dismissal of these cases where every substantial alleged deficiency was cured and the purposes of discovery were served.

For these reasons, the Mulligan Plaintiffs respectfully request that the Court discharge the show cause order as to them. Alternatively, the Mulligan Plaintiffs request that the Court enter an order allowing them to withdraw the amended PFSs served in their cases and to cure the original alleged deficiencies by provision of a letter, on firm letterhead and signed by counsel, providing the information alleged to be missing from the original PFS. Finally, the Mulligan Plaintiffs seek all other relief, legal and equitable, to which they may be justly entitled.

DATED: March 17, 2018                                        THE MULLIGAN LAW FIRM


                                                             By:    /s/ *Charles G. Orr*
                                                                    Charles G. Orr
                                                                    Attorney for Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2018, a copy of the above and foregoing document has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                             By:    /s/ *Charles G. Orr*
                                                                    Charles G. Orr
                                                                    Attorney for Plaintiffs