## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | **MDL NO. 2592** |
| | **SECTION L** |
| This Document relates to:<br>    Randa Walker  v. Janssen Research<br>    & Development, LLC<br>    E.D. La. No. 2:16-cv-5271 | **JUDGE ELDON E. FALLON**<br><br>**MAG. JUDGE NORTH** |

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

NOW INTO COURT, through undersigned counsel, comes plaintiff, Randa Walker, and files this Response to the Order to Show Cause Regarding Plaintiffs With Alleged Core Plaintiff Fact Sheet Deficiencies entered on February 16, 2018 [Doc. 8662] and would show the Court the following:

Defendants moved for an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets (hereinafter referred to as PFSs) should not be dismissed with prejudice [Doc. 8620]. The Court entered an Order to Show Cause on February 16, 2018 [Doc. 8662]. Plaintiff Randa Walker, represented by The Johnson Law Group is listed on both Defendants' Motion and the Court's Order to Show Cause [Docs. 8620-2 and 8662, respectively]. The deficiencies noted are as follows: Prescription Records-Failure to provide copies of Prescription and/or Pharmacy Records demonstrating use of Xarelto; Medical Records Failure to provide any Medical Records demonstrating alleged injury; Declaration - Failure to provide Declaration signed by plaintiff, Xarelto user, or Xarelto user's representative; Failure to respond to question in Section I (core case information).

Plaintiff was advised on several occasions that unless the requisite proof of an injury, proof

of damage, Declaration, and core case information was provided, her case would be subject to dismissal by the Court with prejudice. On March 6, 2018, an Amended Plaintiff Fact Sheet was submitted on behalf of Plaintiff.  On March 7, 2018, an Amended Core Deficiency Notice was filed by Defendants alleging the following 1) Failure to provide all nine digits of Social Security Number and 2) Failure to provide any Medical Records demonstrating alleged injury.  Plaintiff was advised again by mail, that unless the requisite proof of injury was provided, her case would be subject to dismissal.  Plaintiff was advised by telephone that her Social Security number in its entirety must also be submitted.

On March 16, 2018, Plaintiff advised counsel of an additional pharmacy that had not previously been disclosed where she filled her Xarelto prescriptions.  Medical records produced reflect a gastrointestinal bleed in January of 2013.  The pharmacy records do reflect Xarelto having been prescribed to Plaintiff, but do not support a Xarelto prescription at the time of her bleed.

Plaintiff requests an extension of forty-five days to obtain the newly identified pharmacy records.

Undersigned counsel has informed the Plaintiffs of their obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13.  Plaintiff has recently provided counsel with additional information in order to fulfill those obligations and prove her case.

Plaintiff respectfully requests an extension of forty-five (45) days to obtain medical records from the pharmacy Plaintiff claims to have dispensed her Xarelto prescriptions.

Dated: March 19, 2018

By: */s/ Rachal G. Rojas*
Rachal G. Rojas
JOHNSON LAW GROUP
2925 Richmond Avenue
Suite 1700
Houston, TX 77098
Telephone: (713) 626- 9336
rrojas@johnsonlawgroup.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the above and foregoing has been filed in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                */s/ Rachal G. Rojas*
                Attorney for Plaintiff