UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Rod Given, Jr., Individually and as Special* | * | JUDGE ELDON E. FALLON |
| *Administrator of the Estate of Roderick* | * | MAG. JUDGE NORTH |
| *Ray Given, Sr.* | * | |
| *(17-9288)* | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO MOTION
<u>FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF SUMMONS AND
COMPLAINT ON JANSSEN DEFENDANTS AND J&J</u>**

**MAY IT PLEASE THE COURT:**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC,

Janssen Ortho LLC ("Janssen Defendants"), and Johnson & Johnson, incorrectly referred to in the

complaint as Johnson & Johnson Company ("J&J"), appearing specially, and reserving all

defenses including and without limitation, insufficient process, insufficient service of process, and

lack of personal jurisdiction, respectfully submit the instant Memorandum in Opposition to

respond to Plaintiff's Motion for Extension of Time to Effectuate Service of Summons and

Complaint filed on behalf of Rod Given, Jr., Individually and as Special Administrator of the Estate

of Roderick Ray Given, Sr., ("Plaintiff"). (Rec. Doc. No. 8816).  For the following reasons, Janssen

Defendants and J&J respectfully request that the Court deny the Motion for Extension of Time and

dismiss Plaintiff's Complaint as to Janssen Defendants and J&J.

Federal Rule of Civil Procedure 4(m) provides that a court may dismiss a complaint against

a defendant if the defendant is not served 90 days after the complaint is filed.  The rule further

provides that extensions of this time frame are only granted upon a showing of good cause.  Fed. R. Civ. P. 4(m).  Plaintiff bears the burden of proving that such good cause exists for the failure to effectuate timely service.  *Foster v. Rescare, Inc.*, Civ. A. 16-970, 2016 WL 3388387, *2 (E.D. La. June 20, 2016) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F. 3d 1011, 1013 (5th Cir. 1990)).  As was articulated by the Fifth Circuit Court of Appeals, "good cause" under Rule 4(m) requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified."  *Winters v. Teledyne Movible Offshore, Inc.*, 776 F. 2d 1304, 1306 (5th Cir. 1985) (internal quotation marks and citation omitted).  *See also Neal v. Louisiana Dep't of Pub. Safety & Corr.*, No. CIV.A. 14-2805, 2015 WL 5061114, at *1 (E.D. La. Aug. 25, 2015) (citing *Winters* and dismissing plaintiff's claim without prejudice for untimely service where plaintiff was unable to establish good cause); *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) (affirming the district court's dismissal of plaintiff's claim where plaintiff did not show good cause for failure to serve defendants within the time frame provided by the federal rules).

In this case, Plaintiff not has met his burden to establish that good cause exists to warrant extension of the time to serve process.  According to Plaintiff's motion, the Complaint was filed against Janssen Defendants and J&J on August 24, 2017, in the Western District of Arkansas.  To date—208 days later—Janssen Defendants and J&J have not received service of this Complaint. Plaintiff argues, after he filed the Complaint, "he prepared and filed the necessary Plaintiff Fact Sheet in accordance with PTO Nos. 13A and 14A.  Counsel was not aware of the Court's PTO #10 and 10B setting forth a process for streamline service."  *See* Pl's Mot. at 4.  None of the PTO's

mentioned in Plaintiff's motion excuses any obligation to serve process on Janssen Defendants or J&J in this case such that it supports and argument for good cause to extend time for service. PTOs 13A and 14A relate to the service and form of Plaintiff Fact Sheets and Defendant Fact Sheets, and do not concern service of a plaintiff's complaint to any extent. PTOs 10 and 10B are similarly unrelated. PTO 10 concerns the streamlined process for service on certain foreign Bayer Defendants, and does not affect or alter any service requirements with respect to Janssen Defendants or J&J. PTO 10B provides an enlargement of time to serve process for certain complaints docketed on or before September 16, 2016 (almost one year before plaintiff's complaint was filed) due to a backlog with the Clerk's office. Similarly, PTO 10A permits this same enlargement of time due to a Clerk's office backlog for those complaints docketed before July 11, 2016—again, more than one year before Plaintiff filed his complaint. Plaintiff's assumption that serving a Plaintiff Fact Sheet could effectuate service is unconvincing. This ignorance of the federal rules, or the specific orders entered in this case, does not provide good cause for the Court to extend time to serve process on Janssen Defendants and J&J.

Nor do Plaintiff's reasons for requesting an extension of time warrant that the Court extend the deadline by "direct[ing] that service be effected within a specified time." Fed. R. Civ. P. 4(m). The Fifth Circuit has explained that "[s]uch relief may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Newby v. Enron Corp.,* 284 F. App'x 146, 149 (5th Cir.2008) (quoting Fed.R.Civ.P. 4(m) advisory committee's note (1993)). Plaintiff has not raised either of these arguments here.

Janssen Defendants and J&J are entitled to some certainty as to cases they will be required to defend against in the pending MDL. The time limits provided by the Federal Rules of Civil

Procedure provide some level of certainty.  Further, this case was filed in the District of Arkansas, and thereafter transferred to the MDL Court by the Western District of Arkansas itself.  *See In re Xarelto Prods. Liab. Litig. (Given) Notice of Tag-Along from District Court*, MDL No. 2592, Doc. 1372 (JPML Aug. 25, 2017).  With numerous cases pending in the MDL, and being filed throughout the country and being transferred to the MDL by other districts, permitting a Plaintiff to proceed without properly serving process on Janssen Defendants or J&J will place an undue burden on Janssen Defendants and J&J to consistently and continuously monitor the MDL docket and all of the cases pending therein.

Moreover, pursuant to PTO 11, Janssen Defendants and J&J's omnibus answer is not triggered for those cases where Janssen Defendants or J&J have not been served.  *See* PTO 11 ("The omnibus answers shall noy constitute an appearance as to any defendant that has not been served.).  Further, PTO 11B provides "If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service."  Accordingly, by delaying service on defendants, a plaintiff can also delay the need to see Court approval before amending the Complaint, essentially permitting the Complaint to be amended at any time for any reason.

Accordingly, Janssen Defendants and J&J respectfully request that the Court deny Plaintiff's Motion for Extension of Time to Effectuate Service on Janssen Defendants and J&J, and dismiss Plaintiff's Complaint as to Janssen Defendants and J&J.

Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**

By: /s/Susan M. Sharko
Susan Sharko
600 Campus Dr.
Florham Park, NJ 07932
Tel: (973) 549-7000
Susan.Sharko@dbr.com

Attorneys for Defendants Janssen Pharmaceuticals,
Inc., Janssen Research & Development, LLC,
Janssen Ortho LLC, and Johnson & Johnson

**IRWIN FRITCHIE URQUHART & MOORE
LLC**

By: /s/James B. Irwin
James B. Irwin
Kim E. Moore
400 Poydras St., Ste, 2700
New Orleans, LA 70130
(504) 310-2100
jirwin@irwinllc.com
kmoore@irwinllc.com

Liaison Counsel for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 20, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**