UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRENDA EDWARDS, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF AMBROSE EDWARDS<br><br>    Plaintiff,<br><br>V.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY, BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, and BAYER AG,<br><br>    Defendants. | CIVIL ACTION NO. MDL NO. 2592<br><br>SECTION:  L<br>JUDGE:  ELDON E. FALLON<br>MAG. JUDGE MICHAEL NORTH<br><br>Member Case No. 2:16-cv-12566 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF SUMMONS AND COMPLAINT ON BAYER HEALTCARE PHARMACEUTICALS, INC.**

AND NOW, come the Plaintiff, Brenda Edwards, Individually and as Personal Representative of the Estate of Ambrose Edwards, by and through counsel, Derek Potts, Esquire and Potts Law Firm, LLP, and file the following Memorandum in Support of Motion for Extension of Time to Effectuate Service on Summons and Complaint on Bayer Healthcare Pharmaceuticals, Inc. pursuant to FRCP 4(m) and 6(b), and, in support thereof, aver as follows:

**Background**

Plaintiff filed a Complaint alleging injuries and death from the use of Xarelto in the United States District Court for the Eastern District of Louisiana, No. 2:16-cv-12566, on July 8, 2016 against numerous Defendants including Bayer Healthcare Pharmaceuticals, Inc.

Plaintiffs began litigating the cause of action through the registration of an account through the BrownGreer MDL Centrality Portal for Xarelto Plaintiffs in this cause of action pursuant to the controlling Pre-Trial Order. Plaintiffs further completed and submitted a Plaintiff Fact Sheet, only to learn that service of the Summons and Complaint were not perfected.

During this period of time, Plaintiffs' counsel had been in contact with the Defendants' Liaison Counsel, and the defense is aware of this cause of action.

In response to the deficiency notice received setting forth that Bayer Healthcare Pharmaceuticals, Inc. not having been served, Plaintiff file this motion to obtain authority to serve Bayer Healthcare Pharmaceuticals, Inc. with a Notice of Lawsuit and Request to Waive Service of Summons, Waiver of the Service of Summons and Complaint.

Plaintiffs hereby request under Fed. R. Civ. 4(m), a 30-day extension of time in which to effectuate service on Bayer Healthcare Pharmaceuticals, Inc. in accordance with this Court's Pretrial Order No. 10.

**The Court Should Exercise Its Discretionary Authority to Extend the Time Period for Serving Bayer Healthcare Pharmaceuticals, Inc.**

Under Fed. R. Civ. P. 4, if a Plaintiff shows good cause for failure to serve within the specified time period, the Court can extend the time for service for an appropriate period of time.

Although Rule 4(m) allows a Plaintiff ninety (90) days to serve a Defendant after a Complaint is filed, Courts may alternatively issue an Order that service be made within a specified time. Fed. R. Civ. P. 4(m).  Further, the Court has discretion to decide that a permissive extension is appropriate. See <u>United States v. Ligas</u>, 549 F. 3d 497, 501 (7th Cir. 2008), citing <u>Henderson v. United States</u>, 517 U.S. 654, 662-63 (1996). If a Plaintiff establishes good cause for failing to serve a Defendant, the Court should allow additional time for service, and even if good cause is lacking, the Court has discretionary power to extend time for service. See <u>Thompson v. Brown</u>, 91 F. 3d 20, 21 (5th Cir. 1996). Such relief may be warranted by consideration of the "arguments and factors advanced by the Plaintiff, and paying particular attention to the critical factor such as the running of a state of limitations." <u>Cardenas v. City of Chi</u>, 646 F.3d 1001, 1007 (7th Cir. 2011) citing <u>Panaras v. Liquid Carbonic Indus. Corp.</u>, 94 F. 3d 338, 341 (7th Cir. 1996).  A Court may also consider other relevant factors, including "prejudice to the Defendant, actual notice of a lawsuit and eventual service."   <u>Troxell v. Fedders of N.A. Inc.</u>, 160 F.3d 381, 383 (7th Cir. 1998).

As set forth in the accompanying Motion, Plaintiffs prepared and filed the necessary Plaintiff Fact Sheet in accordance with PTO Nos. 13A and 14A. Counsel made an administrative error and failed to serve Bayer Healthcare Pharmaceuticals, Inc. with her Complaint and Summons.  Plaintiff has demonstrated her intention however of pursuing their claims as to Bayer Healthcare Pharmaceuticals, Inc. and would be severely prejudiced due to the Statute of Limitations issue, should the requested relief not be granted. The Xarelto MDL involves at least thousands of Plaintiffs who have filed claims virtually identical to the lawsuit filed by Plaintiff and Bayer Healthcare Pharmaceuticals, Inc. is on actual notice of said lawsuits and will suffer no prejudice by this Court in granting the within Motion. Plaintiff has not acted in bad faith in

delaying service of the Complaint and Summons. Defendant will not be prejudiced by the requested extension, as Defendant has had notice of the actual lawsuit. Plaintiff requests that this Court exercise its discretionary power to extend the time for service.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the within Motion to extend the time for serving Bayer Healthcare Pharmaceuticals, Inc.

RESPECTFULLY SUBMITTED:

March 26, 2018

BY: /s/ *Derek H. Potts*
    Derek H. Potts
    Texas State Bar No. 24073727
    **THE POTTS LAW FIRM, LLP**
    3737 Buffalo Speedway, #1900
    Houston, TX 77098
    Tel.: (713) 963-8881
    Fax: (713) 583-5388
    E-Mail: dpotts@potts-law.com
    *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I, Derek Potts, Esquire, hereby certify on March 26, 2018, that a true and correct copy of the above and foregoing Motion for Extension of Time to Effectuate Service of Summons and Complaint on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG, has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by F.R.C.P 5(b)2, Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality which will send notice of electronic filing and in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                           /s/ *Derek H. Potts*
                                           Derek H. Potts, Esquire
                                           *Counsel for Plaintiffs*