UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE:  XARELTO (RIVAROXABAN) *          14-MD-2592
PRODUCTS LIABILITY LITIGATION *
                              *          Section L
                              *
Relates to:  All Cases        *          March 20, 2018
                              *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *


HEARING BEFORE
THE HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE


<u>Appearances</u>:


For the Plaintiffs:          Herman Herman & Katz, LLC
                             BY:  LEONARD A. DAVIS, ESQ.
                             820 O'Keefe Avenue
                             New Orleans, Louisiana 70113


For the Defendants:          Chaffe McCall, LLP
                             BY:  JOHN F. OLINDE, ESQ.
                             1100 Poydras Street, Suite 2300
                             New Orleans, Louisiana 70163


For the Defendants:          Drinker Biddle & Reath, LLP
                             BY:  JESSICA L. BRENNAN, ESQ.
                             600 Campus Drive
                             Florham Park, New Jersey 07932


Also Appearing:              Jennifer Lenze, Esq.
                             Charles Orr, Esq.
                             Lisa Gorshe, Esq.
                             Kassie Richbourg, Esq.
                             Breann Plasters, Esq.

Official Court Reporter:          Toni Doyle Tusa, CCR, FCRR
                                  500 Poydras Street, Room B-275
                                  New Orleans, Louisiana 70130
                                  (504) 589-7778


Proceedings recorded by mechanical stenography using
computer-aided transcription software.

**<u>PROCEEDINGS</u>**

**(March 20, 2018)**

1
2
3     THE COURT:  Be seated, please.  Good morning, ladies
4 and gentlemen.
5          MS. BRENNAN:  Good morning, Your Honor.
6          MR. DAVIS:  Good morning, Your Honor.
7          THE COURT:  Let's call the case, please.
8          THE DEPUTY CLERK:  MDL No. 2592, *In re Xarelto*
9 *Products Liability Litigation.*
10          THE COURT:  Counsel make their appearance for the
11 record, please.
12          MR. DAVIS:  Good morning, Your Honor.  Leonard Davis
13 from the law firm of Herman Herman & Katz, plaintiffs'
14 co-liaison counsel.
15          MS. BRENNAN:  Good morning, Your Honor.  Jessica
16 Brennan from Drinker Biddle & Reath for the Johnson & Johnson
17 defendants.
18          THE COURT:  We are here today to talk about motions
19 to show cause.  These cases, I have presently over 20,000 of
20 them, and I've got to focus on the cases that are either
21 mistakenly filed here or filed here and the parties are no
22 longer interested in pursuing them because that has a way of
23 dragging down the litigation.
24               With the fact sheets, it's organized so that the
25 first portion of it, the answers indicate whether or not the

10:03

1   individual has taken the drug which is the subject of this

2   lawsuit.   There's also some basic proof of taking the drug -- a

3   prescription, a letter from a doctor -- almost anything to

4   indicate that the individual has taken the drug.

5           When they can't do that, I give them a nudge to

6   fill out the form, to send it back, send whatever they have,

7   but we get to a point where after several times, encouragements

8   to do that, they haven't filled out the fact sheet or they

9   haven't sent it in, it's time to then consider whether or not

10  the case should be dismissed.   That's what we are here today

11  for.

12          I will take them in the order presented.

13      **MR. DAVIS:**   Your Honor, I begin by saying that I

14  thank Sindhu Daniel for her help, who has helped get us

15  together.   She is not here today, but she will be back at the

16  next hearing, I expect.

17          I have had an opportunity to meet with

18  Ms. Brennan, counsel opposite, and we have gone through this

19  list.   There are 193 cases that we will address today.   I'm

20  hopeful that we will get through this in an efficient manner

21  and not burden the Court too much.

22          I think that we have reached out to counsel.   We

23  have spoken to a number of counsel.   We have a few counsel here

24  in the courtroom, and I know there are some on the phone.   I

25  will go through these based on certain rec. docs. or record

10:04

1   documents that Your Honor has published in prior orders.

2   Ms. Brennan will certainly chime in when she deems it

3   appropriate.

4           I begin with Rec. Doc. 8634.  There were three

5   cases on that order that were granted extensions at the

6   January 24 hearing.  The *Alandis Bankhead* case has been cured.

7   That case is addressed.

8           On the following two cases, my understanding is

9   the firms have been diligent and made their best efforts to

10   cure the deficiencies.  They have been unable to cure them

11   through no fault of their own.  That's *Betty McMillion* and

12   *Gerald Prestianni*.  That takes care of Rec. Doc. 8634.

13   **THE COURT:**  With regard to *McMillion* and *Prestianni*,

14   I'm familiar with both firms.  They have struggled over the

15   past period of time to try to get the individuals to answer,

16   but they haven't been successful.

17           As I mentioned, it's not the fault of the

18   lawyer.  The lawyer has obligations, but the client also has

19   obligations.  The client has to keep in touch with the lawyer.

20   If they change their address, they have to let the lawyer know.

21   If they are given forms, they have to fill them out and send

22   them back.  These firms have been trying their best to get

23   their individuals to send them back.  They haven't, and so I

24   will dismiss those cases with prejudice.

25   **MS. BRENNAN:**  Thank you, Your Honor.

10:06

1    **MR. DAVIS:**  Your Honor, you know we would object to

2    the dismissal with prejudice.

3        **THE COURT:**  Right.  I overrule the objection.

4        **MR. DAVIS:**  The next document is Rec. Doc. 8641, and

5    there were two cases on that order, *Veronica McGowan* and

6    *Betty Powders*.  Those two matters have been resolved.

7            Then there is Rec. Doc. 8662, which has 188

8    cases, where the defendants claim there are core deficiencies

9    in these cases.  I will go through those.

10           The following cases have agreed to stipulations

11   of dismissal or have been previously dismissed, and there are

12   18 of these cases:

13               *Matthew Browning*, *Charles Buffa*, *Marion D. Coey*,

14   *Shirley Danforth*, *Mark Farris*, *Larry Gibson*, *Olin Howard*,

15   *Kathleen Karges*, *Maurice Kennedy*, *Helen Kotchen*, *Janice Luna*,

16   *Amy North*, *Walter Schiller*, *Joseph H. Shearin*, *Eric Standoak*,

17   *Tony Torres*, *Cowley Vernon*, and *Ronald Williams*.

18       **MS. BRENNAN:**  That's correct, Your Honor.

19       **THE COURT:**  Those cases, as I understand it, the

20   attorneys are willing to stipulate.  In the event they haven't

21   stipulated to dismissal with prejudice, I will overrule the

22   request of the committee to dismiss it without prejudice and I

23   will dismiss it with prejudice.

24       **MS. BRENNAN:**  Thank you, Your Honor.

25       **MR. DAVIS:**  There are 43 cases that were resolved

10:09

1   prior to this matter, and I will read those names out:

2                *Lila Achziger*, *Richard Adams*, *Michael J. Alesia*,

3   *Billy Bob Allen*, *Maria Cardenas*, *Evi R. Centner*, *John Davis*,

4   *Marilyn Davis*, *Lenny Devillier*, *William E. Dixon*, *Michael G.*

5   *Duffy*, *John M. Dupree*, *Phillip Durham*, *Wendell Emberton*,

6   *Ruth Enloe*, *David Ernst*, *Johnnie L. Hamilton*, *Leona Johnson*,

7   *Roger D. Jones*, *Dorielle Lane*, *Kenneth Lavand*, *Donald Martin*,

8   *Geneva McCoy*, *Naomi McKissick*, *James Moore*, *William Parkins*,

9   *Phillip Parris*, *Mary E. Rivas*, *Jacqueline Scott*, *Betty*

10   *Sheppard*, *Don Smith*, *Helen Staudinger*, *Larry Stewart*, *Byron*

11   *Stuckey*, *Milton Thomas*, *Betty Tibbs*, *Betty Walker*, *Evelyn Warr*,

12   *James Whiteside*, *Devran Wilson*, *Charles Wisbauer*, *Sharon*

13   *Wright*, and *Lenora Zirlott*.

14             **MS. BRENNAN:**  That list is correct, Your Honor, as

15   well.

16             **MR. DAVIS:**  Those were resolved, as I said.

17             Your Honor, there are 26 cases where plaintiffs'

18   counsel request that extensions be granted.  This would be the

19   first extension and would not prejudice the defendants in any

20   way.  These are all alleged core deficiencies, so the plaintiff

21   has submitted a fact sheet and has done their best efforts to

22   cure the defaults.  I will go through these.  There may be some

23   counsel who might want to make an appearance or make a comment,

24   but I will go through them.

25             *Shirley Allen*.  They have Rec. Doc. 8797 in the

10:13

1  record as a response.

2          The next one is *Eva Baldwin*.  I believe they are

3  on the call or they filed a response.

4          The next one is *John Bartholomew*.  Their

5  rec. doc. response is 8833.

6          The next one is *Thomas Blaxton*.

7          The next one is *Lance Boyd*.

8          The next one is *Marvin Davis*.  Their document is

9  Rec. Doc. 8835.

10          I failed to mention the rec. doc. for

11  *Lance Boyd*, which is 8834.

12          *Norma Elliott*, and their rec. doc. is 8849.

13          The next one is *Sherry Godbee*.  That's an

14  electronic signature, and they are curing that signature issue.

15          The next one is *Anthony Halinski*.  That's

16  Rec. Doc. 8790.

17          The next one is *Keith Harralson*.

18          The next one is *Aviance Hill*, and that's

19  Rec. Doc. 8836.

20          The next one is *In re Jorge Morales*.

21          The next one is *Frank Keppeler*.

22          The next one is *Lawana Rose Lee*.

23          The next one is *Katherine McKnight*, and that's

24  Rec. Doc. 8838.

25          The next one is *Dennis Miller*.  That's Rec.

10:15

1    Doc. 8837.

2                    The next one is *Maria Munoz*.

3                    The next one is *Wynn Richards*, Rec. Doc. 8839.

4                    The next one is *Jean Schwartz*.

5                    The next one is *Marlo Scott*.  That's Rec.

6    Doc. 8840.

7                    The next one is *Elizabeth Shrum*, Rec. Doc. 8841.

8                    The next one is *Shanker Singh*, and that's

9    Rec. Doc. 8842.

10                    The next one is *Randa Walker*, Rec. Doc. 8927.

11                    The next one is *Jerry Warren*, and I understand

12    that counsel is on the line for that one.

13              **THE COURT:**  Okay.  Anybody wishes to speak on the

14    *Warren* case?

15              **MR. DAVIS:**  It's Lenze Moss, PLC.

16              **MS. LENZE:**  Yes, Your Honor.  This is Jennifer Lenze

17    on behalf of Jerry Warren, Eva Baldwin, Keith Harralson, Lawana

18    Rose, and Maria Munoz.

19              **MS. BRENNAN:**  Your Honor, with regard to the Lenze

20    firm's additional requests for extension, defendants don't

21    object to those extensions, nor do we object to the extensions

22    that Mr. Davis has read into the record based on the

23    representations by counsel made in their submissions as well as

24    facts that were represented through Ms. Daniel.

25                    For the *Jerry Warren* case in particular, we do

10:17

1   oppose granting an extension in this specific case.  This is a

2   2016 docket number.  They are missing pharmacy records or

3   prescription records indicating use, they are missing event

4   records, and they are missing a declaration.  So they are

5   missing everything, and their response indicated that their

6   client has been unresponsive to date.  We would ask that at

7   this point this case be dismissed with prejudice rather than an

8   extension granted.

9         **THE COURT:**  Anybody on the *Warren* case on the phone?

10         **MS. LENZE:**  Yes, Your Honor.  This is Jennifer Lenze

11   on behalf of Jerry Warren.

12         **THE COURT:**  Okay.

13         **MS. LENZE:**  Your Honor, I believe this is the first

14   extension we have requested on Mr. Warren.  We just ask the

15   Court for an additional amount of time to try to get in touch

16   with Mr. Warren and comply with the PFS and the declarations

17   and everything necessary.

18         **THE COURT:**  The thing that concerns me a little bit

19   is that we haven't received anything.  My intention in these

20   meetings is not to just willy-nilly dismiss cases.  I will give

21   you an extension.  It's the first extension.  We will do

22   30 days, but you have to get to your client.

23         If you can't, that may be an indication that the

24   client is not interested in pursuing the case anymore.  That

25   happens in these matters.  People go on with their lives and

10:19

1   they don't want to be bothered by it anymore.  It's not your

2   fault.  You do the best you can.

3              I will pass it for 30 days.  If you are not able

4   to reach them or they can't cooperate with you at that time,

5   they need to know their case will be dismissed with prejudice.

6        **MS. LENZE:**  Yes, Your Honor.  I understand.  Thank

7   you so much.

8        **MR. DAVIS:**  Your Honor, I have a few more in this

9   category to give to you*:  Marion F. Wells*, *Margaret Zupancic*,

10  *Richard Ellis*.

11             I have three additional which I believe are in

12  this case.  *Sandy Binion*, the Law Offices of Dean Lloyd, I

13  don't know if they are on the line.

14       **THE COURT:**  What's the case?

15       **MS. BRENNAN:**  Your Honor, in the *Binion* matter, it's

16  Docket No. 17-CV-2065.  This plaintiff has failed to submit a

17  declaration verifying the information in the Plaintiff Fact

18  Sheet.  The fact sheet was due back in November, and they have

19  not submitted the declaration.  My understanding is that they

20  have also not submitted a response to Your Honor's order to

21  show cause.  We would ask that the case be dismissed with

22  prejudice at this time.

23       **THE COURT:**  What's the name of the plaintiff?

24       **MR. DAVIS:**  Sandy Binion, B-I-N-I-O-N.

25       **MS. BRENNAN:**  B like Brennan.

10:21

1    THE COURT:  Just a minute.

2         Anybody on the phone for the *Binion* matter?

3         I'll dismiss this one with prejudice, then.

4    Nobody is on the phone.  We haven't gotten anything at all from

5    them, notwithstanding counsel's attempts.

6    MR. DAVIS:  The next one in this category is

7    *Jay Bollard*.

8    MS. BRENNAN:  Your Honor, in the *Bollard* matter, this

9    is a 2015 docket number.  We are missing medical record

10   evidence of injury as well as a signed declaration from

11   plaintiff.  The deficiencies have been long-standing.

12   Plaintiff has not filed a response to the order to show cause.

13   We would ask that the case be dismissed with prejudice.

14   MR. DAVIS:  That's the Brady Law Group.

15   THE COURT:  Anybody on the phone for that one?

16        B-O-L-L-A-R-D, is that it?

17   MS. BRENNAN:  Yes, Your Honor.

18   THE COURT:  I don't have those, Lenny, on mine.

19   MR. DAVIS:  This would be on Rec. Doc. 8634,

20   Your Honor.  8634.

21   MS. BRENNAN:  That would be 8662.

22   MR. DAVIS:  8662?

23        I'm sorry.  I made an error.  It's Rec. Doc.

24   8662.

25   THE COURT:  I have it.  It's B, as in boy,

10:22

1  B-O-L-L-A-R-D.

2         **MS. BRENNAN:**  That's correct, Your Honor.

3         **THE COURT:**  Anybody on for Mr. Jay Bollard,

4  B-O-L-L-A-R-D?

5              I will dismiss that with prejudice.

6         **MR. DAVIS:**  The last one on the list is *Robert McKay.*

7  That's a Beasley Allen claimant.  I've spoken to counsel for

8  defendants.  We are going to check with Andy Birchfield to make

9  certain on that one because we do hear from Mr. Birchfield on a

10  regular basis.

11        **MS. BRENNAN:**  Defendants don't object to carrying

12  this to the next hearing.

13        **THE COURT:**  With the exception of *Bollard* and --

14  what's the other one that I dismissed?

15        **MR. DAVIS:**  *McKay.*

16        **THE COURT:**  *McKay,* is that the one?

17        **MS. BRENNAN:**  No.  *Binion,* Your Honor.

18        **MR. DAVIS:**  Oh, I'm sorry.

19        **THE COURT:**  *Binion.*  With the exception of *Bollard*

20  and *Binion,* the other ones are passed for 30 days.

21        **MR. DAVIS:**  Your Honor, the following cases, despite

22  counsel's best efforts and attempt to resolve these cases --

23  and through no fault of the firm -- we have been unable to

24  remedy the following 62, and I believe that the Court will then

25  end up with a dismissal on these.  I will read these into the

10:23   1   record.

2                   THE COURT:  Okay.

3                   MR. DAVIS:  *Gloria Alloggia*, *Mary Baker*, *Renee Berry*

4   *Huffman*, *Larry Bradley*, *John Brown*, *Gail Burner*, *Ellen*

5   *Burnette*, *Vernice Butler*, *Ronald W. Carr*, *Hugo Cimber*, *Pedro*

6   *Correa*, *Marilyn Crane*, *Cassandra Curless*, *Daniel Edwards*,

7   *Eugenio Encarnacion*, *Jeffrey Gates*, *Sarah Gayton*, *William*

8   *Green*, *Gaye Hairl*, *Michael Harmon*, *Anna Hobbs*, *Brenda Hobbs*,

9   *Melvin Jeter*, *Charles B. Johnson*, *Joe Killian*, *Larry Lindhorst*,

10   *Casey Long*, *James Longardner* -- and there are two, one by

11   The Gallagher Law Firm and another *James Longardner* by

12   The Driscoll Firm -- *Terri Longman*, *Lewis Lott*, *Johnora Mack*,

13   *Janelle Matran*, *Jeremy Maxwell* -- and I understand counsel is

14   present.

15                   MS. GORSHE:  I am, Your Honor.

16                   THE COURT:  Yes.

17                   MR. DAVIS:  *Tracey Mayfield* --

18                   THE COURT:  Wait.  Did you want to speak on

19   *Jeremy Maxwell*?

20                   MS. GORSHE:  Unfortunately, Your Honor, it's the same

21   story as other plaintiffs.  We have been unable to get a

22   response from him.

23                   THE COURT:  Okay.  I'm familiar with your firm.  You

24   all have done everything you possibly can.  It's no fault of

25   yours.  It's the client's failure to cooperate with you.

10:27

1          **MR. DAVIS:**  *Tracey Mayfield*, *Alton Mayo*, *Mary McAffe*,

2    *Thomas Mitchell*, *Preston Moore*, *Lacreita Mott*, *Marvin L.*

3    *Porter*, *Adarryl Powell*, *George Price*, *Richard Pups*, *Janice*

4    *Reynolds*, *Lonal Robinson*, *Paul Robinson*, *Donald Royer*, *William*

5    *Sandusky*, *Lisa Sheffield*, *Annie Stancel*, *Rosario Stewart*,

6    *Joey Stokes*, *Donya Swanson*, *Cleo Taylor*, *Timothy Trevino*,

7    *Marilyn Truitt*, *Andrew Tye*, *Venira Wallace*, *Dexter Welch*,

8    *Janet Williams*, and *Richard Wingard*.

9          **MS. BRENNAN:**  Your Honor, for each of those cases

10   that Mr. Davis just read into the record, the core deficiencies

11   have been pending for many months.  Plaintiffs either have not

12   filed a response to the show cause or the responses that they

13   have filed have indicated that there's no basis to oppose

14   dismissal.  Defendants would request that the case be dismissed

15   with prejudice at this time.

16         **THE COURT:**  Anybody on the phone for any of those

17   individuals that we read?

18              The Court will dismiss it with prejudice.

19         **MS. BRENNAN:**  Thank you, Your Honor.

20         **MR. DAVIS:**  Your Honor, the last category consists of

21   35 cases, which are all being handled by The Mulligan Law Firm,

22   and the Mulligan firm is present to address those 35.

23         **MS. PLASTERS:**  Your Honor, this is Breann Plasters

24   with Andrus Wagstaff.  I was trying to buzz in, but it didn't

25   work.

10:30

1    **THE COURT:**  What's the problem, Ms. Plasters?

2    **MS. PLASTERS:**  I am here representing Paul Robinson.

3  This is a client who is now deceased, and we have been in

4  contact with his representatives.  We have been trying to get

5  medical records confirming the injury for many months.  We

6  requested the records and the representative provided us with

7  records.  However, they do not show the alleged injury.  We

8  have updated her on the situation.  She and our firm understand

9  that the case may be dismissed with prejudice today.

10    **THE COURT:**  Thank you for telling us that.  I know

11  your firm, and you have done a good job.  It's not your fault

12  at all.  It's just the way the matter works sometimes.  Thank

13  you very much for being present.

14    **MR. ORR:**  Good morning, Your Honor.  Charles Orr,

15  The Mulligan Law Firm, on 35 plaintiffs.

16    **THE COURT:**  Yes.

17    **MR. ORR:**  We filed a response to the show cause.

18  It's Document No. 8897.

19    Your Honor, these plaintiffs are differently

20  situated than all the other plaintiffs we have been here

21  discussing today.  Your Honor at the beginning of the hearing

22  mentioned that part of this process is to cull the inventory

23  from cases that are mistakenly filed here or where the

24  plaintiffs aren't interested.  These are the opposite of that.

25  These are cases where the plaintiff has provided prescription

10:31

1    records showing use, medical records showing an arguably

2    compensable injury, and a signed declaration, and in many

3    instances back in 2015.  These are all 2015 or 2016 docket

4    numbers.  Your Honor referenced that the clients have

5    obligations in these cases.  These clients met them years ago.

6                    The issue that is common to all of these cases

7    is that when the defendants served a deficiency notice, I

8    personally cured that deficiency, and I did it through looking

9    at records that were produced to defendants.  We can pick any

10   case at random and I could go through it with you, but examples

11   would be dates of use.  I would go and pull the pharmacy

12   records, and I would personally change the answer in Centrality

13   so that the census data that the parties and the Court are

14   relying on would be accurate consistent with the medical

15   records or the pharmacy records.

16            **THE COURT:**  Okay.

17            **MR. ORR:**  Or they didn't remember the dosage that

18   they took.

19            **THE COURT:**  Okay.

20            **MR. ORR:**  So I would personally pull the records,

21   cure the deficiency, and I would upload to Centrality a signed

22   letter from me that attested to that's how this deficiency was

23   cured.

24            **THE COURT:**  Okay.

25            **MR. ORR:**  So the Court's requirement for signed

10:32

1   verification, met in every case.

2          THE COURT:  Let me hear.  What's the problem from

3   your perspective?

4          MS. BRENNAN:  Your Honor, we disagree that these

5   cases are different from all the others.  In fact, there have

6   been a number of cases that we have addressed where the

7   deficiency is failure to submit an updated declaration with an

8   amended Plaintiff Fact Sheet.  There were cases on the list

9   that fell with these 35.

10         As Your Honor knows, the list is circulated to

11  plaintiffs for comment 30 days before a motion is filed.  The

12  other plaintiffs on that list, where the deficiency was failure

13  to submit a new declaration, they remedied that deficiency.

14         As Mr. Orr said, these are plaintiffs who

15  submitted records.  Arguably, they are in contact.  It should

16  not be that difficult to obtain an updated declaration.  In

17  fact, that's the plaintiff's obligation to do so.  When you are

18  changing core information in the fact sheets such as dates of

19  use, alleged event, prescribing physician, information that

20  defendants rely on in evaluating these cases, as well as the

21  Court relies on in evaluating the cases, a new declaration is

22  required.

23         THE COURT:  I hear you, but I'm not going to dismiss

24  these cases.

25         I would like you to get with counsel and let's

10:34

1    see how we remedy that situation.  If it's a new declaration,

2    you're in touch with the people.  Get them signed.

3             **MR. ORR:**  Your Honor, these cases, the oldest one is

4    808 days from the date that I told them.  So I think Your Honor

5    would be well within your discretion to just overrule the show

6    cause as to these plaintiffs for defendants' failure to even

7    ask for this relief for well over two years.

8             **THE COURT:**  Well, I'm not going to do that, but I

9    would like you all to meet and see whether you can discharge

10   those deficiencies.  If you can't, then bring it to me, and I

11   will look at them closely.

12            My job at this point is not to just willy-nilly

13   dismiss cases, but we do have to have some information.  It's

14   both from your standpoint as well as defendants' standpoint.

15   It has to be accurate.  It has to be up-to-date.  Before we

16   start taking depositions of these people, they have to have

17   documents so you don't waste your time.

18            **MS. BRENNAN:**  Thank you, Your Honor.

19            **THE COURT:**  I will pass these for another 30 days and

20   give you an opportunity to meet.  If there are more, bring them

21   to me, and I will deal with them on a case-by-case basis.

22            **MS. BRENNAN:**  Thank you, Your Honor.

23            **THE COURT:**  Thank you very much.  Is that it?

24            **MR. DAVIS:**  Your Honor, that concludes today's show

25   cause, and I appreciate the Court's indulgence of our time.

10:35

1    What we would like to do is set a time in May, maybe, when we

2    can have the next one, if Your Honor is inclined to do that,

3    unless the Court wants to wait and we can have Sindhu

4    participate, Ms. Brennan, and --

5              **THE COURT:**  Either way.  What's your view?

6              **MS. BRENNAN:**  We can set a date now.  I think that

7    for Ms. Daniel, it might be prudent to touch basis with her to

8    get her availability before we put something on the Court's

9    calendar.

10             **THE COURT:**  I won't put it on the calendar, but you

11   all check this date out.

12             **THE DEPUTY CLERK:**  Wednesday, May 2, or Thursday,

13   May 3, either morning or afternoon.

14             **THE COURT:**  Why don't you check and make sure that

15   it's convenient to both of you.

16             **MR. DAVIS:**  We will do that.

17             **MS. BRENNAN:**  We will get back to the Court.

18             **THE COURT:**  Yes, get back to me.

19             **MR. DAVIS:**  Thank you, Your Honor.

20             **THE COURT:**  Okay.  Great.

21             **MS. BRENNAN:**  Thank you.

22             (Proceedings adjourned.)

23                          *  *  *

24

25

1                             **<u>CERTIFICATE</u>**

2          I, Toni Doyle Tusa, CCR, FCRR, Official Court

3 Reporter for the United States District Court, Eastern District

4 of Louisiana, certify that the foregoing is a true and correct

5 transcript, to the best of my ability and understanding, from

6 the record of proceedings in the above-entitled matter.

7

8

9                                  *<u>s/ Toni Doyle Tusa</u>*

                                   Toni Doyle Tusa, CCR, FCRR

10                                 Official Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25