**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | ) | MDL NO. 2592 |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | SECTION: L |
| JOE W. COLLINS AND | ) | |
| SHIRLEY COLLINS | ) | JUDGE: ELDON E. FALLON |
| Plaintiffs | ) | |
| | ) | MAGISTRATE JUDGE: MICHAEL |
| v. | ) | NORTH |
| | ) | |
| JANSSEN RESEARCH & | ) | |
| DEVELOPMENT LLC, ET AL. | ) | Civil Action No: 2:17-cv-06597-EEF-MBN |
| Defendants | ) | |
| _____ | ) | |

**RESPONSE TO PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME
WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER PHARMA AG**

Defendant Bayer Pharma AG, by and through counsel, appearing specially, and reserving all defenses including, without limitation, the defenses of insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submits its Response to Plaintiffs' Second Motion for Extension of Time Within Which to Serve Process on Defendant Bayer Pharma AG, and states the following:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on Bayer Pharma AG. PTO 10 permits service of process on Bayer Pharma AG by registered mail, return receipt requested, upon the following representative of Bayer Pharma AG:

> Bayer Pharma AG
> Attn: Eva Gardyan-Eisenlohr
> General Counsel
> Muellerstrasse 178
> 13353 Berlin
> GERMANY

The Complaint was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*,

1

MDL No. 2592, on July 10, 2017.

On November 3, 2017, Bayer Pharma AG received a copy of the Complaint and a Summons directed to Bayer AG by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  The cover letter was addressed to Bayer AG suggesting that the service was in fact intended for Bayer AG.  Service was rejected by letter dated November 8, 2017.  The letter stated that Bayer Pharma AG would not accept service on behalf of Bayer AG or any other defendant and that Bayer AG could only be served pursuant to international and German law.

On November 3, 2017, Bayer Pharma AG also received a copy of the Complaint and a Summons directed to Bayer HealthCare AG by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.  The cover letter was addressed to Bayer HealthCare AG suggesting that service was in fact intended for Bayer HealthCare AG.  Service was rejected by letter dated November 8, 2017.  The letter stated that Bayer Pharma AG would not accept service on behalf of Bayer HealthCare AG or any other defendant and that Bayer HealthCare AG (which had been merged into Bayer AG as universal successor) could only be served pursuant to international and German law if it continued to exist as a separate entity.

On December 14, 2017, Bayer Pharma AG received a copy of the Complaint and a Summons directed to Bayer Pharma AG by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany.   Service was rejected by letter dated December 14, 2017, because service was untimely.

On January 19, 2018, Plaintiffs filed their first motion for extension of time within which to serve process on Defendant Bayer Pharma AG.  On February 14, 2018, the Court entered an order granting Plaintiffs 30 days to serve process.  Plaintiffs admittedly failed to serve process on

2

Bayer Pharma AG within the additional 30 days provided by the Court.

Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to serve process "if the plaintiff shows good cause for the failure" to timely serve process. Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified."'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. LEXIS 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiffs have failed to show good cause for their failure timely to serve process. The Court already granted one 30 day extension to serve process. Plaintiffs have failed to show good cause for their failure to serve process within the 30 day extension provided by the Court. Plaintiffs' counsel claims that she inadvertently missed the Court's order. Inadvertence by counsel does not entitle Plaintiffs to an extension. *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process). The Court should deny Plaintiffs' motion for a <u>second</u> extension of time to serve process under the streamlined service process of PTO 10 and require Plaintiffs to serve Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiffs serve Bayer Pharma AG in accordance with international and German law pursuant to Rules 4(h)(2) and (f).

WHEREFORE, Bayer Pharma AG respectfully requests that the Court deny Plaintiffs'

request for an additional 30 days to serve process on Bayer Pharma AG under the streamlined service process and require Plaintiffs to serve Bayer Pharma AG in accordance with international and German law.

April 2, 2018

Respectfully submitted,

By: /s/ *Steven Glickstein*
Steven Glickstein
Andrew K. Solow
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
steven.glickstein@apks.com

William Hoffman
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
william.hoffman@apks.com

By: /s/ *John F. Olinde*
John F. Olinde (LA Bar #1515)
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com
***Attorneys for Bayer Pharma AG***

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ *John F. Olinde*

4

3127581-1