UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WANDA DIXON, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLIAM DIXON<br><br>Plaintiffs,<br><br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY, BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, and BAYER AG,<br><br>Defendants. | CIVIL ACTION NO. MDL NO. 2592<br><br>SECTION:    L<br>JUDGE: ELDON E. FALLON  MAG. JUDGE MICHAEL NORTH<br><br>Member Case No. 2:17-cv-05113 |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF SUMMONS AND COMPLAINT ON BAYER HEALTCARE PHARMACEUTICALS, INC.

AND NOW, come the Plaintiffs, Wanda Dixon, Individually and as Personal Representative of the Estate of William Dixon, by and through counsel, Breann Plasters of Andrus Wagstaff PC, and file the following Memorandum in Support of Motion for Extension of Time to Effectuate Service on Summons and Complaint on Bayer Healthcare Pharmaceuticals, Inc. pursuant to FRCP 4(m) and 6(b), and, in support thereof, aver as follows:

- 1 -

## Background

Plaintiffs filed a Complaint alleging injuries and death from the use of Xarelto in the United States District Court for the Eastern District of Louisiana, No. 2:17-cv-05113, on May 22, 2017 against numerous Defendants including Bayer Healthcare Pharmaceuticals, Inc.

Plaintiffs began litigating the cause of action through the registration of an account through the BrownGreer MDL Centrality Portal for Xarelto Plaintiffs in this cause of action pursuant to the controlling Pre-Trial Order. Plaintiffs further completed and submitted a Plaintiff Fact Sheet. Plaintiffs submitted the Plaintiffs Fact Sheet on July 21, 2017, and received a deficiency notice. The notice did not mention service. Plaintiffs did not receive notice that the service of the Summons and Complaint was not proper pursuant to Pre-Trial Orders Nos. 10, 10A, and 10B until February 27, 2018. Upon receipt of this notice, Plaintiffs immediately attempted service all unserved defendants.

In response to the deficiency notice received setting forth that Bayer Healthcare Pharmaceuticals, Inc. not having been served, Plaintiffs file this motion to obtain authority to serve Bayer Healthcare Pharmaceuticals, Inc. with a Notice of Lawsuit and Request to Waive Service of Summons, Waiver of the Service of Summons and Complaint.

Plaintiffs hereby request under Fed. R. Civ. 4(m), a 30-day extension of time in which to effectuate service on Bayer Healthcare Pharmaceuticals, Inc. in accordance with this Court's Pretrial Order No. 10.

## The Court Should Exercise its Discretionary Authority to Extend the Time Period for Serving Bayer Healthcare Pharmaceuticals

Under Fed. R. Civ. P. 4, if Plaintiffs show good cause for failure to serve within the specified time period, the Court can extend the time for service for an appropriate period of time.

Although Rule 4(m) allows a Plaintiff ninety (90) days to serve a Defendant after a Complaint is filed, Courts may alternatively issue an Order that service be made within a specified time. Fed. R. Civ. P. 4(m). Further, the Court has discretion to decide that a permissive extension is appropriate. *See* United States v. Ligas, 549 F. 3d 497, 501 (7th Cir. 2008), citing Henderson v. United States, 517 U.S. 654, 662-63 (1996). If a Plaintiff establishes good cause for failing to serve a Defendant, the Court should allow additional time for service, and even if good cause is lacking, the Court has discretionary power to extend time for service. *See* Thompson v. Brown, 91 F. 3d 20, 21 (5th Cir. 1996). Such relief may be warranted by consideration of the "arguments and factors advanced by the Plaintiff, and paying particular attention to the critical factor such as the running of a state of limitations." Cardenas v. City of Chicago, 646 F.3d 1001, 1007 (7th Cir. 2011) citing Panaras v. Liquid Carbonic Indus. Corp., 94 F. 3d 338, 341 (7th Cir. 1996). A Court may also consider other relevant factors, including "prejudice to the Defendant, actual notice of a lawsuit and eventual service." Troxell v. Fedders of N.A. Inc., 160 F.3d 381, 383 (7th Cir. 1998).

As set forth in the accompanying Motion, Plaintiffs prepared and filed the necessary Plaintiff Fact Sheet in accordance with PTO Nos. 13A and 14A. Counsel made an administrative error and failed to serve Bayer Healthcare Pharmaceuticals, Inc. with her Complaint and Summons. Plaintiffs have demonstrated their intention of pursuing their claims as to Bayer Healthcare Pharmaceuticals, Inc. and would be severely prejudiced due to the Statute of Limitations issue, should the requested relief not be granted. In fact, Plaintiffs have continued to timely file all additional documents into the case via MDL Centrality, and has provided all Plaintiffs Fact Sheets through the most current Fifth Amended Plaintiffs Fact sheet, submitted March 20, 2018.

The Xarelto MDL involves at least thousands of Plaintiffs who have filed claims virtually identical to the lawsuit filed by Plaintiff and Bayer Healthcare Pharmaceuticals, Inc. is on actual notice of said lawsuits and will suffer no prejudice by this Court in granting the within Motion. Plaintiff has not acted in bad faith in delaying service of the Complaint and Summons. Defendant will not be prejudiced by the requested extension, as Defendant has had notice of the actual lawsuit. Plaintiff requests that this Court exercise its discretionary power to extend the time for service.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the within Motion to extend the time for serving Bayer Healthcare Pharmaceuticals, Inc.

RESPECTFULLY SUBMITTED:

April 23, 2018

BY: /s/ *Sarah A. Wolter*
Sarah A. Wolter
Colorado Bar No. 47599
**ANDRUS WAGSTAFF PC** 7171 West Alaska Drive
Lakewood, Colorado 80226
Phone: (303) 376-6360 Fax: (888) 875-2889
E-Mail: sarah.wolter@andruswagstaff.com
*Attorney for Plaintiffs*

- 4 -

**CERTIFICATE OF SERVICE**

I, Sarah A. Wolter, Esquire, hereby certify on April 23, 2018, that a true and correct copy of the above and foregoing Motion for Extension of Time to Effectuate Service of Summons and Complaint on Bayer Healthcare Pharmaceuticals, Inc. has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by F.R.C.P 5(b)2, Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality which will send notice of electronic filing and in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ *Sarah A. Wolter*
Sarah A. Wolter
*Counsel for Plaintiffs*