UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN)  PRODUCTS LIABILITY LITIGATION | * MDL NO. 2592 |
| | * SECTION L |
| | * |
| | * JUDGE ELDON E. FALLON |
| | * |
| | * MAG. JUDGE NORTH |
| ************************************************ | * |

**THIS DOCUMENT RELATES TO:**
*Ibanez v. Janssen Research & Development, LLC, et al.* No. 14-2669

## ORDER & REASONS

Before the Court is Plaintiffs' Rule 56(d) Motion for Additional Discovery contained in their Supplement to Memoranda in Opposition to Defendants' Joint Motions for Partial Summary Judgment on Preemption Grounds. R. Doc. 9123. Defendants have responded in opposition. R. Doc. 9171. On April 24, 2018, the Court heard oral argument in this matter. Having reviewed the parties' arguments and briefs and the applicable law, the Court now issues this Order & Reasons.

**I.    BACKGROUND**

This matter arises from damages Plaintiffs claim to have suffered from the in adequate manufacture, sale, distribution, and/or use of the medication known as Xarelto, an anti-coagulant used for a variety of blood-thinning medical purposes.  The Plaintiffs have filed suits in federal courts throughout the nation against Defendants, Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare AG, Bayer Pharma AG, and Bayer AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson.  The Plaintiffs specifically allege that they or their family members

suffered severe bleeding and other injuries due to Xarelto's allegedly inadequate warning label as well as other theories.

The Judicial Panel on Multidistrict Litigation determined that the Plaintiffs' claims involved common questions of fact, and that centralization under 28 U.S.C. § 1407 would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Therefore, on December 12, 2014, the Judicial Panel on Multidistrict Litigation consolidated the Plaintiffs' Xarelto claims into a single multidistrict proceeding ("MDL 2592"). MDL 2592 was assigned to Judge Eldon E. Fallon of the United States District Court for the Eastern District of Louisiana to coordinate discovery and other pretrial matters in the pending cases. Subsequent Xarelto cases filed in federal court have been transferred to this district court to become part of MDL 2592 as "tag along" cases; at present the Court has approximately 20,000 cases in the Xarelto MDL. The Court appointed committees to represent the parties. The Court adopted a discovery plan and set bellwether trials to begin in April 2017. Three bellwether trials have been conducted, two in Louisiana and one in Mississippi.

Defendants have filed two motions for partial summary judgment, arguing that Plaintiffs' claims are preempted by federal law. R. Docs. 7653, 7660. As part of their response to these motions, Plaintiffs have made a request for additional discovery. R. Doc. 7962. In November 2017, the Court continued the submission date on Defendants' motions to allow the parties to meet and confer on Plaintiffs' discovery requests. The parties reached an agreement regarding additional discovery and Defendants provided some additional materials to Plaintiffs. In April 2018, Plaintiffs again requested additional discovery. R. Doc. 9123. Defendants object to the request. R. Doc. 9171.

**II.     PRESENT MOTION**

Plaintiffs request additional discovery so that they can more fully respond to Defendants' motion for summary judgment based on preemption by federal law. R. Doc. 9123. Plaintiffs claim that there are gaps in the production of materials relating to the "strikethrough" document on which Defendants rely to show that the FDA rejected certain statements on the Xarelto label. R. Doc. 9123 at 1. Therefore, Plaintiffs request additional discovery including communications between Defendants and FDA and internal discussions about the strikethrough document. R. Doc. 9123 at 1. Plaintiffs have filed a request for admissions as well as requesting specific documents. R. Doc. 9123. Plaintiffs argue that they still do not know who made the changes on the strikethrough document and cannot answer "who made the changes . . ., when the changes were made, why the changes were made, and what the changes were intended to represent." R. Doc. 9123 at 3.

Defendants oppose this request for additional discovery. R. Doc. 9171. Generally, Defendants argue that Plaintiffs requests are untimely and violate previous case management orders and agreements. R. Doc. 9171 at 1. Defendants point out that Plaintiffs were able to respond to four previous preemption motions without requesting additional discovery. R. Doc. 9171 at 2. Defendants argue that Plaintiffs do not need any additional information because of the exhaustive amount of materials that have already been produced. R. Doc. 9171 at 7. Additionally, Defendants argue that it would be unduly burdensome to produce the additionally requested documents and that the requests have no time cutoff. R. Doc. 9171 at 19. However, Defendants have agreed to answer Admission Request 1 and respond to Production Request 1. R. Doc. 9171 at 17-18, 20.

**III.   LAW & ANALYSIS**

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . allow time to obtain affidavits or declarations or to take discovery . . . ." Fed. R. Civ. P. 56(d). Such requests "are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)). The nonmovant "must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *C.B. Trucking, Inc. v. Waste Mgmt. Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited. . . ."). Additionally, "[i]f the requesting party 'has not diligently pursued discovery, however, she is not entitled to relief' under Rule 56(d)." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (quoting *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)).

Here, the Court recognizes the importance to both parties of the underlying preemption motions. Accordingly, the Court has considered both the need for Plaintiffs to have sufficient evidence to respond to Defendants' motions and Defendants interest in timely resolution of the motions and burden of providing additional discovery. Considering the extent of materials already produced during discovery of these cases and the record of the prior preemption motions, the Court finds that most of Plaintiffs' requests for additional discovery are not needed with one

4

exception. Plaintiffs have already received millions of pages of emails, minutes, and other communications from Defendants. Therefore, the majority of the relevant evidence has likely already been produced. Furthermore, Defendants have agreed to answer Admission Request 1 and Production Request 1.

One other requested admission is appropriate and discoverable. The Court directs Defendants to answer Admission Request 2 with the following modifications: 1) Defendants are permitted to explain their response and 2) Defendants are only required to provide an answer up to today's date, namely April 24, 2018. These answers should provide sufficient evidence allowing Plaintiffs to respond to Defendants' preemption motions. Therefore, Plaintiffs will respond to Defendants' preemption motions within fourteen (14) days of receiving Defendants' additional discovery answers.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' Rule 56(d) motion for additional discovery is **GRANTED IN PART AND DENIED IN PART** as explained above.

**IT IS FURTHER ORDERED** that Plaintiffs will respond to Defendants' preemption motions, R. Docs. 7653, 7660, within fourteen (14) days of receiving Defendants' additional discovery answers. Defendants will then have ten (10) days to file a reply.

New Orleans, Louisiana, this 24th day of April, 2018.

*[signature]*
UNITED STATES DISTRICT JUDGE