UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2592<br><br>SECTION: L<br><br><br>JUDGE FALLON<br>MAG. JUDGE NORTH<br><br>RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES |

**THIS DOCUMENT RELATES TO:**

*John Aday v. Janssen Research & Development LLC, et al; No. 2:17-cv-06670*

*Jimmie Lovett obo Mabel Davenport v. Janssen Research & Development LLC, et al; No. 2:17-cv-04661*

*George De Los Santos v. Janssen Research & Development LLC, et al; No. 2:17-cv-07936*

*Calvin Gillespie v. Janssen Research & Development LLC, et al; No. 2:17-cv-07933*

*Gloria Hines v. Janssen Research & Development LLC, et al; No. 2:17-cv-08777*

*Guadalupe Padilla v. Janssen Research & Development LLC, et al; No. 2:17-cv-08794*

*Willie Mae Dortch obo Howard Pryear v. Janssen Research & Development LLC, et al; No. 2:17-cv-10341*

*Riyadh Roumaya v. Janssen Research & Development LLC, et al; No. 2:17-cv-09880*

1

*Rosa Torres v. Janssen Research &*
*Development LLC, et al; No. 2:17-cv-03102*

*Annie Richard obo Roosevelt Washington v. Janssen Research &*
*Development LLC, et al; No. 2:17-cv-03881*

COMES NOW Counsel for Plaintiffs in the above matters, and files this Response to the Order to Show Cause Regarding Plaintiffs With Alleged Core Plaintiff Fact Sheet Deficiencies entered on April 10, 2018 (Doc. 9121) and would respectfully show the Court the following:

I.

Defendants moved for an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets (hereinafter referred to as PFSs) should not be dismissed with prejudice (Doc.9111). The Court entered an Order to Show Cause on April 10, 2018 (Doc. 9121). Several Plaintiffs represented by The Gallagher Law Firm PLLC appear on Exhibit A of both Defendants' Motion and the Court's Order to Show Cause as follows:

### ALLEGED DEFICIENCIES CURED

- *Riyadh Roumaya v. Janssen Research &*
  *Development LLC, et al; No. 2:17-cv-09880*

- *Rosa Torres v. Janssen Research &*
  *Development LLC, et al; No. 2:17-cv-03102*

Undersigned counsel has informed the Plaintiffs of their obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13.

With respect to Riyadh Roumaya's case, counsel for Plaintiff would show that on May 1, 2018 the Plaintiff's Fact Sheet was amended and uploaded to MDL Centrality, along with event records and an executed declaration page to remedy the alleged deficiencies regarding Ms. Roumaya's PFS.

With respect to the Rosa Torres case, Plaintiff would show that Ms. Torres passed away and on April 5, 2018 this Court granted Plaintiff's Motion to Substitute Party Plaintiff, substituting Ms. Torres' surviving spouse, Angel Torres, as party Plaintiff. (Doc. 9107). Plaintiff responded to the alleged PFS deficiencies by letter uploaded to MDL Centrality and dated April 9, 2018 to Ms. Susan Sharko and advised that the party Plaintiff and surviving spouse, Angel Torres, had executed a Declaration Page and that an Affidavit of Next of Kin had also been previously provided, along with a death certificate, confirming Mr. Torres' surviving spouse status. Plaintiff also advised that Angel Torres had been substituted as party Plaintiff and was therefore authorized to execute the Declaration page.

Therefore, Plaintiffs in both of these cases contend that they have cured the alleged deficiencies and respectfully request that their cases be allowed to proceed.

### EXTENSION OF TIME REQUESTED TO CURE ALLEGED DEFICIENCIES

- *Jimmie Lovett obo Mabel Davenport v. Janssen Research & Development LLC, et al; No. 2:17-cv-04661*

Undersigned counsel has informed the Plaintiff of his obligations regarding the completion and serving of the PFS pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of the Court's Order to Show Cause and advised of the deadlines within which to respond and cure said deficiencies.

Counsel for Plaintiff would show that he has been working to obtain records which would establish the prescription and/or use of Xarelto by Ms. Davenport. Unfortunately, the facility identified as the prescriber and pharmacy, Lake Jackson Healthcare Center in Lake Jackson, Texas, has, up to now, refused to release Ms. Davenport's medical records. Even though

Plaintiff has previously provided a copy of Ms. Davenport's death certificate, an executed Affidavit of Next of Kin and properly executed HIPAA by Plaintiff in order to obtain these records, the facility has refused to honor Plaintiff's previous requests to obtain records.

As a result, Plaintiff sought relief from the Court and on April 12, 2018, this Court entered a Qualified Protective Order authorizing the release of Ms. Davenport's protected health information in conjunction with this lawsuit. (Doc. 9139). Counsel for Plaintiff has provided the Court's Order to Lake Jackson Healthcare Center and reiterated his request to obtain the requested records.

Plaintiff is hopeful that the facility will comply with this Court's Order and provide the requested records in a timely fashion, however, the facility has not yet responded and provided the requested records. Therefore, counsel for Plaintiff respectfully requests an extension of time of at least thirty (30) days within which to cure the alleged PFS deficiencies and obtain the requisite prescription records establishing Ms. Davenport's proof of use.

- *Annie Richard obo Roosevelt Washington v. Janssen Research & Development LLC, et al; No. 2:17-cv-03881*

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of the PFS pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of the Court's Order to Show Cause and advised of the deadlines within which to respond and cure said deficiencies.

Counsel for Plaintiff would show that he has been working to obtain records which would establish the prescription and/or use of Xarelto by Ms. Washington. Unfortunately, Sterling Place Baton Rouge, a nursing home facility located in Baton Rouge, LA at which Ms.

Washington was a resident, has, up to now, refused to release Ms. Washington's medical records.

Even though Plaintiff has previously provided a copy of Ms. Washington's death certificate, an executed Affidavit of Next of Kin and properly executed HIPAA by Plaintiff in order to obtain these records, the facility has refused to honor Plaintiff's previous requests to obtain records.

As a result, Plaintiff sought relief from the Court and on April 12, 2018, this Court entered a Qualified Protective Order authorizing the release of Ms. Washington's protected health information in conjunction with this lawsuit. (Doc. 9140). Counsel for Plaintiff has provided the Court's Order to Sterling Place and reiterated his request to obtain the requested records.

Plaintiff is hopeful that the facility will comply with this Court's Order and provide the requested records in a timely fashion, however, the facility has not yet provided the requested records.  Therefore, counsel for Plaintiff respectfully requests an extension of time of at least thirty (30) days within which to cure the alleged PFS deficiencies and obtain the requisite prescription records establishing Ms. Washington's proof of use.

## **UNABLE TO CURE ALLEGED DEFICIENCIES**

- *Gloria Hines v. Janssen Research & Development LLC, et al; No. 2:17-cv-08777*

Undersigned counsel has previously informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13.

5

Plaintiff has failed to submit a properly executed Declaration page. Unfortunately, Plaintiff's counsel learned that Ms. Hines passed away in April, 2017 and counsel for Plaintiff/decedent was not aware that she had died prior to the filing of this lawsuit on September 8, 2017.

Over the last several months, Plaintiff's counsel has undertaken efforts to locate Ms. Hines' next of kin in the hopes of locating an heir that could proceed with this lawsuit on behalf of Ms. Hines. Unfortunately, those efforts have been unsuccessful.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to successfully locate any heirs who would be agreeable to proceeding with this case, and has also been unable to obtain a properly executed Declaration page in order to cure the alleged PFS deficiency.

Counsel does not have written permission from any of Plaintiff decedent's heir(s), to the extent any exist, to agree to a stipulation of dismissal of this claim with prejudice. However, in the event that no heir is located prior to the show cause hearing, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.

- *John Aday v. Janssen Research & Development LLC, et al; No. 2:17-cv-06670*

- *Willie Mae Dortch obo Howard Pryear v. Janssen Research & Development LLC, et al; No. 2:17-cv-10341*

- *George De Los Santos v. Janssen Research & Development LLC, et al; No. 2:17-cv-07936*

- *Calvin Gillespie v. Janssen Research & Development LLC, et al; No. 2:17-cv-07933*

- *Guadalupe Padilla v. Janssen Research & Development LLC, et al; No. 2:17-cv-08794*

Undersigned counsel has informed the Plaintiffs of their obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiffs with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of the Court's Order to Show Cause, and advised of the deadlines within which to respond and cure said deficiencies.

The above-referenced Plaintiffs have been unable to cure their respective alleged PFS deficiencies.  Counsel has communicated with Plaintiffs in order to obtain executed Declaration pages, where applicable, and/or identify any other source of records which would confirm Plaintiffs' proof of Xarelto use and/or their Xarelto related injuries, and Plaintiffs have been unable to provide any additional information and/or records that would allow counsel to provide a properly executed Declaration page and/or obtain the requisite records and cure the PFS deficiencies.

Because Plaintiffs' counsel has been unsuccessful in obtaining a properly executed Declaration pages, where applicable, and/or identifying any other source of information and/or records that may contain proof of Xarelto use and/or a Xarelto related injury suffered by Plaintiffs, counsel is unable to respond and cure the alleged core PFS deficiencies.

Despite the best efforts of Plaintiffs' counsel, counsel has been unable to obtain the requisite information to cure the alleged core PFS deficiencies. Counsel does not have written permission from these Plaintiffs to agree to a stipulation of dismissal of their claims with prejudice.  However, unless the requisite Declaration pages and/or additional information or records are received by Plaintiffs' counsel prior to the show cause hearing, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.

Plaintiffs have been advised that unless the requisite documents and/or records are received, their cases are subject to dismissal by the Court with prejudice.

Dated:  May 2, 2018.

>Respectfully submitted,
>
>s/ Michael T. Gallagher
>MICHAEL T. GALLAGHER
> (Texas Bar #07586000)
>THE GALLAGHER LAW FIRM PLLC
>2905 Sackett Street
>Houston, TX 77098
>Telephone: (713) 222-8080
>Facsimile (713) 222-0066
>mike@gld-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Response to Order to Show Cause has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

>s/ Michael T. Gallagher
>Michael T. Gallagher