# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**IN RE: XARELTO (RIVAROXABAN)**
**PRODUCTS LIABILITY LITIGATION**

**MDL NO. 2592**

**SECTION L**

This Document relates to:
    Maria Ortiz, as Surviving Spouse of Francisco-
    Ortiz Amaro  v. Janssen Research
    & Development, LLC
    E.D. La. No. 2:17-cv-7265

**JUDGE ELDON E. FALLON**

**MAG. JUDGE NORTH**

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

NOW INTO COURT, through undersigned counsel, comes plaintiff, Maria Ortiz, as Surviving Spouse of Francisco-Ortiz Amaro, and files this Response to the Order to Show Cause Regarding Plaintiffs With Alleged Core Plaintiff Fact Sheet Deficiencies entered on April 6, 2018 [Doc. 9111 and 9111-2] and would show the Court the following:

Defendants moved for an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets (hereinafter referred to as PFSs) should not be dismissed with prejudice [Doc. 9111]. The Court entered an Order to Show Cause on April 10, 2018 [Doc. 9121]. Plaintiff is represented by The Johnson Law Group is listed on both Defendants' Motion and the Court's Order to Show Cause [Docs. 9111-2 and 9121, respectively]. The deficiencies noted are as follows: Prescription Records-Failure to provide copies of Prescription and/or Pharmacy Records demonstrating use of Xarelto; Medical Records Failure to provide any Medical Records demonstrating alleged injury; Declaration - Failure to provide Declaration signed by plaintiff, Xarelto user, or Xarelto user's representative; Failure to respond to question in Section I (core case information).

Plaintiff was advised on several occasions that unless the requisite proof of an injury, proof

of damage, Declaration, and core case information was provided, this case would be subject to dismissal by the Court with prejudice. Specifically, Plaintiff was advised by letter on February 14, 2018, April 4, 2018 and April 11, 2018 that the case would be dismissed without the requisite information.  Attempts to contact Plaintiff by telephone to obtain additional information were made on January 22, February 2, February 26, February 27, February 28, March 13, March 16, April 24, and April 29, 2018.

Undersigned counsel has informed the Plaintiff of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Court's Order to Show Cause, and advised of the deadlines within which to respond and cure said deficiencies.

To date, Counsel for Plaintiff has exhausted its efforts to obtain additional medical records or a completed PFS from Plaintiff.  This Plaintiff's Fact Sheet deficiencies are substantive in nature and cannot be cured despite the best efforts of counsel and Plaintiff.  Counsel does not have written permission from this Plaintiff to agree to a stipulation of dismissal of the estate's claims with prejudice.

Counsel does not oppose this dismissal, however, because Counsel has not been able to obtain permission from the Plaintiff to dismiss or to communicate with the Plaintiff regarding the alleged deficiencies, Counsel requests that the court dismiss this case without prejudice.

Dated: May 7, 2018

By:  */s/ Rachal G. Rojas*
Rachal G. Rojas
JOHNSON LAW GROUP
2925 Richmond Avenue
Suite 1700
Houston, TX 77098
Telephone: (713) 626- 9336
rrojas@johnsonlawgroup.com

*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been filed in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Rachal G. Rojas*
Attorney for Plaintiff