UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) | SECTION: L |
| CONNIE BLACK Plaintiff | ) ) ) | JUDGE: ELDON E. FALLON |
| v. | ) ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL. Defendants _____ | ) ) ) ) ) ) | Civil Action No: 2:17-cv-11980-EEF-MBN |

**RESPONSE TO PLAINTIFF'S SECOND MOTION
FOR AN EXTENSION OF TIME TO SERVE PROCESS ON DEFENDANT
BAYER HEALTHCARE PHARMACEUTICALS INC.**

Defendant Bayer HealthCare Pharmaceuticals Inc. ("BHCP"), by and through counsel, appearing specially, and reserving all defenses including, without limitation, the defenses of insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submits its Response to Plaintiff's Second Motion for an Extension of Time to Serve Process on Defendant Bayer HealthCare Pharmaceuticals Inc., and states the following:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on BHCP.  PTO 10 permits service of process on BHCP by certified mail, return receipt requested, upon the following representative of BHCP:

SOP Department
Corporation Service Company
Suite 400
2711 Centerville Road
Wilmington, DE 19808

1

The Complaint was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on November 7, 2017. The summonses were issued on November 8, 2017.

The representative of BHCP, Corporation Service Company, received a copy of the Complaint and a Summons directed to Bayer Pharma AG. BHCP's representative rejected service by letter dated January 3, 2018.

On January 29, 2018, BHCP received a copy of the Complaint and Summons by certified mail, through BHCP's representative. Service was rejected by letter dated January 31, 2018, because service was untimely.

On February 15, 2018, Plaintiff filed her first motion for an extension of time to serve process on Defendant Bayer HealthCare Pharmaceuticals Inc., requesting 10 additional days to serve process. On March 16, 2018, the Court entered an order granting Plaintiff 10 days to serve process. Plaintiff admittedly failed to serve process on BHCP within the additional 10 days provided by the Court.

Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to serve process "if the plaintiff shows good cause for the failure" to timely serve process. Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified."'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. LEXIS 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiff has failed to show good cause for her failure to serve process within the required time period. The Court already granted one 10 day extension to serve process. Plaintiff has failed to show good cause for her failure to serve process within the 10 day extension provided by the Court. Inadvertence by counsel does not entitle Plaintiff to an extension. *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process). The Court should deny Plaintiff's <u>second</u> motion for extension of time to serve process under the streamlined service process of PTO 10 and require Plaintiff to serve BHCP pursuant to the provisions of Federal Rule of Civil Procedure 4.

WHEREFORE, BHCP respectfully requests that the Court deny Plaintiff's request for an additional 30 days to serve process on BHCP under the streamlined service process of PTO 10, and require Plaintiff to serve BHCP pursuant to the provisions of Federal Rule of Civil Procedure 4.

May 14, 2018.

>Respectfully submitted,
>
>By: /s/ *Steven Glickstein*
>Steven Glickstein
>Andrew K. Solow
>ARNOLD & PORTER
>KAYE SCHOLER LLP
>250 West 55th Street
>New York, New York 10019-9710
>Telephone: (212) 836-8485
>Facsimile: (212) 836-6485
>steven.glickstein@apks.com

>William Hoffman
>ARNOLD & PORTER
>KAYE SCHOLER LLP
>601 Massachusetts Ave., NW
>Washington, D.C. 20001
>Telephone: (202) 942-5000
>Facsimile: (202) 942-5999
>william.hoffman@apks.com
>
>By: /s/ *John F. Olinde*
>John F. Olinde (LA Bar #1515)
>CHAFFE McCALL L.L.P.
>1100 Poydras Street
>Suite 2300
>New Orleans, LA 70163
>Telephone: (504) 585-7241
>Facsimile: (504) 544-6084
>olinde@chaffe.com
>***Attorneys for Bayer HealthCare Pharmaceuticals Inc.***

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 14, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

>*/s/ John F. Olinde*