UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION: L |
| | JUDGE FALLON |
| | MAG. JUDGE NORTH |
| | SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES |

**THIS DOCUMENT RELATES TO:**

*Jimmie Lovett obo Mabel Davenport v. Janssen Research & Development LLC, et al; No. 2:17-cv-04661*

*Annie Richard obo Roosevelt Washington v. Janssen Research & Development LLC, et al; No. 2:17-cv-03881*

COMES NOW Counsel for Plaintiffs in the above matters, and files this Supplemental Response to the Order to Show Cause Regarding Plaintiffs With Alleged Core Plaintiff Fact Sheet Deficiencies entered on April 10, 2018 (Doc. 9121) and would respectfully show the Court the following:

I.

Defendants moved for an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets (hereinafter referred to as PFSs) should not be dismissed with prejudice (Doc.9111). The Court entered an Order to Show Cause on April 10, 2018 (Doc. 9121) and a Show Cause Hearing was held by the Court on May 8, 2018. The Court

1

graciously granted an extension of time within which the above Plaintiffs must cure the alleged core PFS deficiencies. Plaintiff hereby provides this Supplemental Response to advise the Court as to the status of the above matters:

- *Jimmie Lovett obo Mabel Davenport v. Janssen Research & Development LLC, et al; No. 2:17-cv-04661*

As indicated in Plaintiff's original Response to this Court's Order to Show Cause, Counsel for Plaintiff had been attempting to obtain Ms. Davenport's medical records from Lake Jackson Healthcare Center which would establish the prescription and/or use of Xarelto by Ms. Davenport.

On April 12, 2018, this Court entered a Qualified Protective Order authorizing the release of Ms. Davenport's protected health information in conjunction with this lawsuit. (Doc. 9139). By letter dated April 26, 2018, counsel for Plaintiff provided the Court's Order to the legal department at Lake Jackson Healthcare Center and reiterated his request to obtain the requested records pursuant to this Court's Order.

Counsel for Plaintiff was subsequently advised by the facility that it had turned over the request to its outside legal counsel and on May 30, 2018, counsel for Plaintiff sent a letter to counsel Richard Agnew and again requested that Lake Jackson Healthcare Center comply with this Court's Order and provide the requested records no later than June 4, 2018.

On June 1, 2018, Richard Agnew contacted counsel for Plaintiff and advised that, despite its best efforts and numerous searches, the facility has been unable to locate any of the records that were requested that would establish Ms. Davenport's prescription and/or use of Xarelto.

Because Plaintiff's counsel has been unsuccessful in obtaining records that may contain proof of Xarelto use by Ms. Davenport, counsel is unable to respond and cure the alleged core PFS deficiencies.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to obtain the requisite information to cure the alleged core PFS deficiencies. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of his claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.

- *Annie Richard obo Roosevelt Washington v. Janssen Research & Development LLC, et al; No. 2:17-cv-03881*

Counsel for Plaintiff would show that he had been working to obtain records which would establish the prescription and/or use of Xarelto by Mr. Washington. Unfortunately, Sterling Place Baton Rouge, a nursing home facility located in Baton Rouge, LA at which Mr. Washington was a resident had refused to release Ms. Washington's medical records.

On April 12, 2018, this Court entered a Qualified Protective Order authorizing the release of Mr. Washington's protected health information in conjunction with this lawsuit. (Doc. 9140). Counsel for Plaintiff provided the Court's Order to the legal department at Sterling Place and reiterated his request to obtain the requested records pursuant to this Court's Order.

Sterling Place complied with this Court's Order and provided the requested records. Unfortunately, said records do not contain any proof of Xarelto use and/or prescription.

Because Plaintiff's counsel has been unsuccessful in obtaining records that may contain proof of Xarelto use by Mr. Washington, counsel is unable to respond and cure the alleged core PFS deficiencies.

3

Despite the best efforts of Plaintiff's counsel, counsel has been unable to obtain the requisite information to cure the alleged core PFS deficiencies. While counsel does not have written permission from Plaintiff to agree to a stipulation of dismissal of her claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.

Dated: June 4, 2018.

                                            Respectfully submitted,

                                            s/ Michael T. Gallagher
                                            MICHAEL T. GALLAGHER
                                             (Texas Bar #07586000)
                                            THE GALLAGHER LAW FIRM PLLC
                                            2905 Sackett Street
                                            Houston, TX 77098
                                            Telephone: (713) 222-8080
                                            Facsimile (713) 222-0066
                                            mike@gld-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing Supplemental Response to Order to Show Cause has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                            s/ Michael T. Gallagher
                                            Michael T. Gallagher