# EXHIBIT B

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

*************************************************************

IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION

CIVIL ACTION NO. 14-MD-2592
SECTION "L"
NEW ORLEANS, LOUISIANA
07:41:16 WEDNESDAY, MAY 3, 2017

THIS DOCUMENT RELATES TO:
*Joseph J. Boudreaux, Jr. V. Janssen Research & Development, et. al.*,
Case No.: 14-CV-2720

*************************************************************

VOLUME VIII - MORNING AND AFTERNOON SESSION
TRANSCRIPT OF BELLWETHER JURY TRIAL PROCEEDINGS
HEARD BEFORE THE HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFFS' LIAISON COUNSEL:

LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR
BY: BRIAN H. BARR, ESQ.
316 SOUTH BAYLEN STREET, SUITE 600
PENSACOLA, FLORIDA 32502

BEASLEY ALLEN CROW METHVIN PORTIS & MILES
BY: ANTHONY BIRCHFIELD JR., ESQ.
POST OFFICE BOX 4160
MONTGOMERY, ALABAMA 36103

more fully and, I'm sure, more artfully stated in the written motion filed on the docket today, we respectfully move Your Honor for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.

THE COURT: I've heard the argument. I don't need any response.

With regard to the federal preemption, I agree with the *Guidry* case and also the *Law Review* articles and discussions subsequent to *Levigne*.

The courts conclude that *Levigne* concluded that the drug label may be inadequate under state tort law, even if it has been approved by the FDA.

As the court, in *Guidry*, says, this is strong evidence that the FDA is not the end-all, be-all of it.

As I see the law developing, there is a difference between the brand name drugs and the other drugs. The other drugs have to put on their label what the brand name has; and, if they don't, then they are violating federal law. But the brand name drugs, the manufacturer has a continuing duty. They are the captain of the label. They have a continuing duty to keep it up and put on the label the things that they know, particularly if it's going to be helpful.

If it's going to be helpful, they don't even need to run it past the FDA. They can put it on the label even without that.

So federal preemption I don't think is applicable here. This is a brand name drug, and I don't think federal preemption plays a part. So I'll deny that aspect of the motion.

With regard to the other, I think there is enough evidence that it creates a fact question. What the defendants knew, what they told the FDA, or what they should have told the FDA, what would have happened had they told the FDA are all questions of fact.

With regard to the witness, Dr. Wong, Dr. Wong testified in several areas. One area may be supportive of the defendants' position, but another area he said he would have followed the label. What's on the label, he's aware of. Had he been advised of a test, he would have followed the label. Now, whether the jury believes him or not, that's a question for the jury, and not for the Court.

So, for all of those reasons, questions of preemption, questions of fact, I'll deny the motion.

Let me hear anything else.

MR. NEWSOM: Thank you, Your Honor.

If I may just provide a courtesy copy to your law clerk of the motion that's been filed this morning.

THE COURT: Yes, please do.

MR. LONGER: Good morning, Your Honor. Now, you get to hear it from the plaintiffs' side. Fred Longer, on behalf of