Patrick J. Mulligan, TX SBN 14651270
Charles G. Orr, TX SBN 00788148
**THE MULLIGAN LAW FIRM**
3710 Rawlins Street, #901
Dallas, TX  75219
Telephone: (214) 219-9779
Facsimile: (214) 520-8789

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) MDL No. 2592 <br> ) <br> ) SECTION:  L <br> ) JUDGE FALLON <br> ) MAG. JUDGE NORTH <br> ) |
| THIS DOCUMENT RELATES TO: <br><br> *Carol Cocco, Individually and on Behalf of the Estate of Dr. Thomas Cocco v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-02946 | ) **RESPONSE TO DEFENDANTS' MOTION** <br> ) **FOR ORDER TO SHOW CAUSE** <br> ) **REGARDING PLAINTIFFS WHO HAVE** <br> ) **[ALLEGEDLY] FAILED TO SERVE A FULLY** <br> ) **COMPLETE UPDATED PLAINTIFF FACT** <br> ) **SHEET PURSUANT TO CMO 6** |

Plaintiff Carol Cocco, Individually and on Behalf of the Estate of Dr. Thomas Cocco (Cocco), requests that this Court enter an order denying Defendants' motion for a show cause order in this Wave I remand defense pick case.  There are two bases for this request:

- A complete, verified PFS has already been served in this case.  Before he passed away, Dr. Cocco completed a PFS – all sections, not just section I – and also served an amended PFS in light of alleged deficiencies.  Both the Bayer and the Janssen Defendants have already served DFSs, so the parties have already exchanged all discovery needed to commence the deposition process.

- Mrs. Cocco, Dr. Cocco's widow and the substituted plaintiff representative in this case, served via MDL Centrality her supplemental responses by way of updating the previously served, complete PFS from Dr. Cocco.  Thus, Mrs. Cocco has satisfied any alleged obligation under CMO 6 to "update" the previously served, verified, complete PFS.

Because Plaintiff Cocco has satisfied all CMO 6 PFS obligations, this Court should deny the show cause request and instruct the parties to commence the scheduling of depositions under CMO 6.

## I.    Background

### A.  CMO 6 and PFSs in Wave I remand cases

CMO 6 provides that "plaintiffs [selected for the Wave I remand process] must complete all sections of the Plaintiff Fact Sheet pursuant to Pretrial Order 13 within 30 days of selection." CMO 6 at 3, ¶ 5a.  PTO 13, in turn, simply sets forth the form and schedule for service of PFSs. It says nothing particular to the CMO 6 process.  Accordingly, the only thing unique to the PFS process in Wave 1 remand cases is the deadline set forth in CMO 6 for completion of all sections of the PFS.  This deadline pertains to submission of a *complete* PFS.  Many (perhaps most) of the cases in this MDL involved submission of a PFS comprising only sections I (core case information), section IX (document requests), and section X (declaration).  So the CMO 6 deadline pertains to submission of a PFS with all sections completed, not just these three.

### B.  Despite completion of the PFS *and* DFS process in this defense pick, and without attempting to meet and confer, Defendants moved for a show cause order.

Dr. Cocco completed and served a PFS, _all sections_, before his case was selected for the Wave 1 remand process.  *See* Document ID 20432.  (All citations to Document IDs are to the MDL Centrality ID numbers assigned to documents as served through that system.)  Dr. Cocco served an Amended PFS as well.  *See* Document ID 40790.  Without thereafter identifying any

deficiencies in Dr. Cocco's PFS, Defendants served Defendant Facts Sheets in Dr. Cocco's case. *See* Document ID 134510 (Janssen); Document ID 176191 (Bayer); Document ID 251182 (Bayer – amended DFS).

Unfortunately, Dr. Cocco passed away in 2017. *See* Dkt. 9569-1 (suggestion of death). (All citations to Docket numbers are to the ECF docket for the MDL, 2:14-md-02592.) Without objection from Defendants, Dr. Cocco's widow was substituted by court order as party plaintiff individually and on behalf of Dr. Cocco's estate. *See* Dkt. 9569 (motion to substitute); Dkt. 9636 (order granting motion to substitute).

Plaintiff's counsel emailed Defendants regarding Dr. Cocco's case on May 25, 2018, advising that the PFS and DFS process contemplated by CMO 6 (i.e., service of a complete PFS and of DFSs) was already completed and asking for the identities of defense counsel with whom Plaintiff's counsel could commence the process of scheduling of depositions as contemplated by CMO 6. *See* Declaration of Charles G. Orr (Orr Decl.) at ¶ 2 and Ex. A (email chain). Defendants failed to respond to this email. Orr Decl. at ¶ 2.

At 4:00 p.m., Central time, on June 8, 2018 (two weeks after Plaintiff's counsel advised Defendants that the PFS-DFS process was complete and asked Defendants to work with Plaintiff's counsel to begin scheduling depositions), Defendants first notified Plaintiff's counsel that Defendants intended to seek a show cause order seeking dismissal with prejudice based on Cocco's alleged failure to serve a completed PFS. Orr Decl. at ¶ 3 and Ex. B (email chain). Within an hour, Plaintiff's counsel responded, advising Defendants that, in light of the fact that the parties had already exchanged completed PFSs and DFSs, Plaintiff's counsel remained ready to schedule depositions. Orr Decl. at ¶ 3 and Ex. B. Plaintiff's counsel noted that Dr. Cocco provided a complete PFS before he passed, that he was, of course, much more knowledgeable

than his widow regarding the information requested in the PFS, and that Mrs. Cocco was ready to sit for her deposition.  Orr Decl. at ¶ 3 and Ex. B.  Plaintiff's counsel further requested that Defendants refrain from filing a show cause motion in this matter and instead engage in good faith meet-and-confer discussions about why Defendants were taking the position that Cocco had not complied with CMO 6 when, in fact, the parties had already exchanged complete PFSs and DFSs.  Orr Decl. at ¶ 3 and Ex. B.

Without responding to this email, Defendants filed their show cause motion that afternoon, seeking dismissal with prejudice as to Cocco even though Cocco had already complied with CMO 6 by serving a complete PFS (and Defendants had already served DFSs).  Dkt. 9847; Orr Decl. at ¶ 4.  Indeed, Defendants filed the show cause motion less than two hours after they first provided Plaintiff's counsel notice of their intent to file such a motion (and without responding to Plaintiff's counsel request for a good faith meet-and-confer).  Orr Decl. at ¶ 4.

### C. After engaging in an after-the-fact meet-and-confer, Mrs. Cocco addressed Defendants' concerns (and satisfied all remaining CMO 6 obligations, if indeed there were any) by serving verified, supplemental PFS responses.

Between June 8 (when Defendants filed their show cause motion) and June 25 (the date of the filing of this response), the parties engaged in the meet-and-confer process that should have preceded the filing of the show cause motion.  Orr Decl. at ¶ 5 and Exs. B & C (email chains).  This after-the-fact meet-and-confer essentially consisted of a debate between the parties as to a plaintiff's obligation under CMO 6 in a case like this one, where the plaintiff served a complete PFS but subsequently passed away, resulting in a substitution of party plaintiff.  Orr Decl. at ¶ 5.  Following this meet-and-confer, Plaintiff's counsel understood Defendants' position to be that the substituted party plaintiff is required either to serve an "updated" PFS or to

complete an entirely new PFS.  Orr Decl. at ¶ 5 and Exs. B & C.  Plaintiff's position, on the other hand, was that a plaintiff like Mrs. Cocco cannot "update" her late husband's PFS (since she did not prepare that PFS in the first place) and is not required to serve an entirely new PFS. Orr Decl. at ¶ 5 and Exs. B & C.

Plaintiff's counsel, however, recognized and acknowledged as early as June 11 that Defendants are entitled to new authorizations executed by Mrs. Cocco in these circumstances. Orr Decl. at ¶ 6 and Ex. B.  Accordingly, Plaintiff's counsel uploaded such authorizations to the MDL Centrality portal (Document ID 404807) and advised Defendants that this had been done. Orr Decl. at ¶ 6 and Ex. D (email chain).

Moreover, as part of the after-the-fact meet-and-confer, Plaintiff's counsel reviewed the entire PFS previously served by Dr. Cocco to see if there were any questions about which Mrs. Cocco could provide updated responsive information, if not an "updated" PFS, and determined that *supplemental* responses would be appropriate for a small number of PFS questions.  Orr Decl. at ¶ 7.  Plaintiff's counsel accordingly reached out to Defendants to suggest a process that would satisfy the legitimate concerns of each side and that should satisfy any remaining CMO obligations (if indeed there were any) for Mrs. Cocco in this case.  Orr Decl. at ¶ 7 and Ex. C (email chain).  Specifically, Plaintiff's counsel offered to provide Mrs. Cocco's *supplemental* responses to the previously provided complete PFS.  Orr Decl. at ¶ 7 and Ex. C.  Defendants rejected this proposal, maintaining that Mrs. Cocco is obligated under CMO 6 to provide a new PFS.  Orr Decl. at ¶ 7 and Ex. C.

On June 25, the date of the filing of this response, Plaintiff's counsel uploaded Mrs. Cocco's supplemental PFS responses to the portal along with her declaration supporting those responses.   Document  ID  405021  (supplemental  PFS  responses),  Document  ID  405022

(declaration).  Plaintiff's counsel advised Defendants by email that the supplemental responses and declaration had been uploaded to the portal.  Orr Decl. at ¶ 8 and Ex. C.

II.     **Argument – No new PFS is required here and the show cause motion should be denied.   Alternatively, Mrs. Cocco should be allowed to submit a verified supplemental PFS, after which this case should immediately proceed to depositions.**

*No new PFS is required because a complete PFS was already provided, as were DFSs.* The purpose of the PFS is apparent from PTO 13.  Paragraph 6 of that PTO states that Plaintiffs' PFS responses are the equivalent of interrogatory responses and responses to requests for production under the Federal Rules of Civil Procedure.[1]  The PFS, then, is *discovery*.  It is meant to provide Defendants with discoverable information pertinent to the claims in this case.

Dr. Cocco, the person about whom sections II-VIII of the PFS are concerned, completed and served a PFS and later an amended PFS answering sections II-VIII in their entirety.  Dr. Cocco was the best source of information for responses to those sections of the PFS.  (The PFS instructs that these sections concern the person who took Xarelto and suffered a bleeding injury as a result; otherwise, a representative completing the PFS would be required to provide information of no utility to this case, since those sections only make sense as they pertain to the Xarelto user.)  Dr. Cocco's surviving spouse is in no position to contradict her late husband's answers to the questions in those sections of the PFS.  Defendants already have the discovery to which they are entitled under CMO 6.  And Defendants have already provided DFSs.  The PFS-DFS process in this case was complete at the time Defendants selected it for Wave I remand workup.

---

[1] Paragraph 6 also suggests that Plaintiffs have an ongoing duty to supplement PFS responses, consistent with Federal Rule 26.  Consistent with this obligation, Mrs. Cocco provided her verified supplemental responses to sections I.A, I.E, II.B, II.D, and VIII of the PFS.  Document ID 405021, Document ID 405022.  Dr. Cocco's death certificate also was uploaded to the portal as Document ID 404914.

Moreover, one searches PTO 13 in vain for any language obligating representatives who are substituted as party plaintiffs for claimants who pass away after serving a complete PFS to provide an entirely new PFS.  Nothing in PTO 13 creates such an obligation, and it would unduly delay the Wave I remand process for this Court to impose such a requirement in cases like this one, where a complete PFS (and DFSs) were already served.

For these reasons, Plaintiff Cocco was under no obligation to provide a new or "updated" PFS and the show cause motion requesting that her case should be dismissed with prejudice for her alleged failure to do so should be denied.

*Any remaining discovery obligations for Mrs. Cocco under CMO 6 were fully discharged by her service of verified supplemental PFS responses.*  If Mrs. Cocco was obligated under CMO 6 to provide further PFS responses in addition to the complete responses previously served by her late husband, Mrs. Cocco fully discharged such obligation by serving her verified supplemental PFS responses (and signed authorizations).  Because she has done so, this Court should deny the show cause motion and instruct the parties to proceed with depositions in this case.

III.    **Conclusion and Request for Relief**

For the foregoing reasons, Plaintiff Cocco respectfully requests that this Court deny the show cause motion as to this case.

DATED:  June 25, 2018                              THE MULLIGAN LAW FIRM

                                            By:    /s/ *Charles G. Orr*
                                                   Charles G. Orr
                                                   Attorney for Plaintiffs

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on June 25, 2018, a copy of the above and foregoing document has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

          By:  <u>/s/ *Charles G. Orr*     </u>
               Charles G. Orr
               Attorney for Plaintiffs