UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH |

*********************************************

**THIS DOCUMENT RELATES TO:**
*(See cases listed in Exhibit A, Schedule of Actions)*

### RESPONSE TO MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE ALLEGEDLY FAILED TO SERVE A FULLY COMPLETED PLAINTIFF FACT SHEET PURSUANT TO CMO 6

Defendants have moved the Court for an Order to Show Cause why certain cases in which Wave 1 discovery pool plaintiffs have allegedly not served a fully completed fact sheet within 30 days of selection should not be dismissed.  *See* Rec. Docs. 9847 and 9945.  The four plaintiffs listed on Exhibit A and represented by The Driscoll Firm, P.C. appear on one or both of these motions.  Defendants' motion is moot as to Plaintiff Janet Dougherty, whose case was voluntarily dismissed with prejudice.[1]  Undersigned counsel responds as follows to the motion seeking an order to show cause why the cases of Plaintiffs Gary Bitetto, Wesley McGrady, on behalf of Iris Dalton McGrady, deceased, and Roger Shunk, should not be dismissed.

<u>Gary Bitetto</u>

Plaintiff Bitetto's substantially complete Plaintiff Fact Sheet ("PFS") was submitted to MDL Centrality in 2016.  *See* MDL Centrality Doc. ID 265822.  All sections of the PFS – not just

---

[1] Plaintiff Janet Dougherty appears on Defendants' original motion but not Defendants' amended motion.  *Compare* Rec. Doc. 9847-2 *with* Rec. Doc. 9945-2.  The Court granted her Motion for Voluntary Dismissal on June 20, 2018.  *See* Rec. Doc. 9956.

1

the Core Case Information – were completed to the best of plaintiffs' recollection and ability, and plaintiff submitted a signed declaration and authorizations together with medical records as required. *See id.* As such, plaintiff has discharged his responsibilities under Pre-Trial Order No. 13 and defendants' motion should be denied.

After plaintiff's case was selected as a Wave 1 discovery pool case, plaintiffs' counsel sent plaintiff additional copies of the PFS and related paperwork and advised plaintiff to complete and return the PFS and related paperwork so that counsel could serve the same upon defendants if plaintiff intended to proceed with the case. Counsel further advised plaintiff of defendants' motion. Counsel believes that plaintiff wishes to proceed with the case but has not yet provided an updated fully completed PFS. As such, counsel requests that the court deny defendants' motion or, in the alternative, grant plaintiff an additional sixty (60) days in which to serve an updated PFS.

## Wesley McGrady, on behalf of Iris Dalton McGrady, deceased

After plaintiff's case was selected as a Wave 1 discovery pool case, plaintiffs' counsel sent plaintiff additional copies of the PFS and related paperwork and advised plaintiff to complete and return the PFS and related paperwork so that counsel could serve the same upon defendants if plaintiff intended to proceed with the case. Counsel further advised plaintiff of defendants' motion. Counsel believes that plaintiff does not wish to proceed with the case; however, counsel has not received written consent authorizing dismissal of plaintiffs' action. As such, counsel requests that the court deny defendants' motion or, in the alternative, grant plaintiff an additional sixty (60) days in which to serve an updated PFS.

## Roger Shunk

Plaintiff Shunk's substantially complete Plaintiff Fact Sheet ("PFS") was submitted to MDL Centrality in 2016. *See* MDL Centrality Doc. ID 261993. All sections of the PFS – not just

the Core Case Information – were completed to the best of plaintiffs' recollection and ability, and plaintiff submitted a signed declaration, a signed HIPAA authorization, and medical records. *See id.* As such, plaintiff has substantially complied with his responsibilities under Pre-Trial Order No. 13 and defendants' motion should be denied.

After plaintiff's case was selected as a Wave 1 discovery pool case, plaintiffs' counsel sent plaintiff additional copies of the PFS and related paperwork and advised plaintiff to complete and return the PFS and related paperwork so that counsel could serve the same upon defendants if plaintiff intended to proceed with the case. Counsel further advised plaintiff of defendants' motion. Counsel believes that plaintiff wishes to proceed with the case but has not yet provided an updated fully completed PFS. As such, counsel requests that the court deny defendants' motion or, in the alternative, grant plaintiff an additional sixty (60) days in which to serve an updated PFS.

Signed: June 26, 2018                                        Respectfully submitted,

By:  */s/ Christopher J. Quinn*
     Christopher J. Quinn
     THE DRISCOLL FIRM, P.C.
     211 N. Broadway, 40th Floor
     St. Louis, MO 63102
     Tel: (314) 932-3232
     Fax: (314) 932-3233
     chris@thedriscollfirm.com

     *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 26, 2018, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Christopher J. Quinn*
Christopher J. Quinn
THE DRISCOLL FIRM, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Tel: (314) 932-3232
Fax: (314) 932-3233
chris@thedriscollfirm.com

*Attorneys for Plaintiff*