Patrick J. Mulligan, TX SBN 14651270
Charles G. Orr, TX SBN 00788148
**THE MULLIGAN LAW FIRM**
3710 Rawlins Street, #901
Dallas, TX  75219
Telephone: (214) 219-9779
Facsimile: (214) 520-8789

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION<br><br>**This Document Relates To:**<br><br>*Carol Cocco, Individually and on Behalf of the Estate of Dr. Thomas Cocco v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-02946<br><br>*James Hunter, Individually and on Behalf of the Estate of Jack Hunter v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-13217<br><br>*Daniel Abbott, et al. v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-02605<br><br>*Michael Bowman, Individually and on Behalf of the Estate of Arlene Bowman, et al. v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-06612 | MDL No. 2592<br><br>SECTION:  L<br>JUDGE FALLON<br>MAG. JUDGE NORTH<br><br>Date:  July 17, 2018<br>Time:  9:00 a.m.<br><br>**BRIEF IN SUPPORT OF MOTION TO DEEM SERVICE OF PROCESS CONSTUCTIVELY ACCEPTED, OR IN THE ALTERNATIVE FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS** |

Wave I remand plaintiffs Carol Cocco, Individually and on Behalf of the Estate of Dr. Thomas Cocco (Cocco), and James Hunter, Individually and on Behalf of the Estate of Jack Hunter (Hunter), ask this Court to either deem the Janssen Defendants to have constructively

Page 1

accepted service of process, or in the alternative for an extension of time of sixty days to serve process on the Janssen Defendants.[1] There are two reasons the Court should grant this relief:

- The Janssen Defendants have already engaged in extensive discovery in both cases, signaling their constructive acceptance of service of process. In Cocco, a Wave I remand defense pick, the Janssen Defendants have served a DFS and accompanying documents, and in both cases, the Janssen Defendants have demanded authorizations from the plaintiffs to obtain health care provider and other records.

- Alternatively, the Janssen Defendants have had full notice of Cocco's and Hunter's claims since each was filed and have been participating in preparing these cases for remand. Plaintiffs have shown good cause for an extension of time and the Janssen Defendants will not be prejudiced in any way by this Court's exercise of its broad discretion to grant an extension of time for Cocco and Hunter to serve the Janssen Defendants.

## BACKGROUND

**I.    Service of process on Janssen Defendants and use of waiver forms in all cases.**

On March 7, 2016, Cocco and Hunter's counsel (Plaintiffs' counsel) emailed lead counsel for the Janssen Defendants, asking for clarification about Janssen's position regarding service of process for cases in this MDL. Declaration of Charles G. Orr (Orr Decl.) at ¶ 2 and Ex. A (email from Plaintiffs' Counsel to Janssen Defendants' lead counsel, without attachment). Plaintiffs'

---

[1] This motion is being filed in the MDL cause number with reference to both the bundled complaints in which each case at issue was originally filed and the case number for each case as assigned at the time the case was severed and the plaintiffs filed their short form complaints. As set forth in this brief, Plaintiffs' counsel served service waiver forms in the bundled complaint numbers on the Janssen Defendants in early June 2018. Accordingly, the relief sought by way of this motion is applicable equally to Cocco and Hunter as individual cases and the bundled complaints that each was originally filed in.

counsel noted receipt of a "New Unserved Complaint Notice" via MDL Centrality (in a separate case), and stated that this notice raised a general issue affecting all cases filed by Plaintiffs' counsel:

> Before now, my firm (and at least one other that I'm aware of) have read PTO 10 as forestalling the present need for formal service on any defendant other than the two specific Bayer entities for whom the streamlined process set out in PTO 10 applies. Also before now, and unlike Bayer, Janssen has not raised failure to serve process as an issue in any of my firm's Xarelto cases.

Orr Decl. at ¶ 2 and Ex. A. Plaintiffs' counsel then asked whether "Janssen read[s] PTO 10 differently . . . such that [Plaintiffs' counsel] should be serving process on the Janssen defendants of all [our] Xarelto complaints," and whether Janssen's counsel would "agree to accept service on behalf of the Janssen entities." Orr Decl. at ¶ 2 and Ex. A.

Janssen's counsel responded on March 17 to advise that "[Plaintiffs] are required to serve all Janssen entities per the FRCP and [Janssen's counsel] [is] not authorized to accept service of process." Orr Decl. at ¶ 3 and Ex. B (email from Janssen's counsel to Plaintiffs' counsel).

Accordingly, over the next few weeks, Plaintiffs' counsel prepared and mailed to Janssen's counsel appropriate waiver of service forms for all cases already filed by Plaintiffs' counsel, including the bundled complaint that included Cocco's claims. Orr Decl. at ¶ 3. Specifically, Plaintiffs' counsel sent a completed form AO 398 (Notice of a Lawsuit and Request to Waive Service of a Summons) and a completed form AO 399 (Waiver of the Service of a Summons) for every case that Plaintiffs' counsel had filed in this MDL. Orr Decl. at ¶ 3.

About two months after the March 2016 email exchange described above, Plaintiffs' counsel emailed Janssen's counsel to ask if the Janssen Defendants planned to sign and return the service waivers. Orr Decl. at ¶ 4 and Ex. C (email from Plaintiffs' counsel to Janssen's counsel) ("I've sent several requests for waiver of service to the various Janssen entities in the

Xarelto litigation but have yet to receive any returns of the waiver forms. Is this intentional? I'm just looking to see if I need to proceed with service the old-fashioned way."). Janssen's counsel responded that day, advising that Plaintiffs' counsel "do[es] not need to effect personal service [because] [the Janssen Defendants] will respond to the waivers." Orr Decl. at ¶ 6 and Ex. D (email from Janssen's counsel to Plaintiffs' counsel). Plaintiffs' counsel understood this email exchange to reflect an agreement that the Janssen Defendants would execute service waivers for *all* cases filed by Plaintiffs' counsel, including those filed more than 90 days before this agreement. Orr Decl. at ¶ 6.

As a result, Plaintiffs' counsel adopted a practice of preparing and mailing waiver forms for each filed complaint to the registered agents for service of process for the Janssen Defendants and to the Janssen Defendants' counsel. Orr Decl. at ¶ 7. This included waiver forms for cases (like the bundled complaint in which Cocco's claims were asserted) that had been filed more than 90 days before the March 2016 email exchange described above. Orr Decl. at ¶ 7. It also included all cases filed after the March 2016 email exchange (like the bundled complaint in which Hunter's claims were asserted). Orr Decl. at ¶ 7.

Over the next few weeks, the Janssen Defendants emailed several executed waivers of service to Plaintiffs' counsel. Orr Decl. at ¶ 8 and Ex. E (waivers of service with cover letters from Janssen Defendants). Plaintiffs' counsel assumed the issue was resolved, as the Janssen Defendants appeared to be executing and returning all proffered service waivers, and thought no further of it. Orr Decl. at ¶ 8. With the benefit of hindsight, however, Plaintiffs' counsel now knows that this assumption was mistaken.

## II. Service of waiver forms in these cases, plus meet-and-confer.

In the course of meeting and conferring with Defendants about Defendants' PFS show cause motion,[2] Defendants advised Plaintiffs' counsel of their belief that the Janssen Defendants had not been served with process in the Cocco and Hunter cases. Orr Decl. at ¶ 9. Plaintiffs' counsel looked into the issue and discovered that: (1) in Cocco, a case Defendants picked for Wave I remand workup, the Janssen Defendants had already served a DFS and related documents (see Doc. ID 134510, 134571, 134572, 201993) and had never previously advised Plaintiffs' counsel of any alleged service issue; and (2) in Hunter, a random Wave I remand pick, the Janssen Defendants served through MDL Centrality an "unserved complaint notice" in October 2016 (Doc. ID 288528). Orr Decl. at ¶ 9. Plaintiffs' counsel did not recall receiving the unserved complaint notice but does not dispute that it was uploaded to, and presumably served through, Centrality. Orr Decl. at ¶ 7.

Upon learning in early June that the Janssen Defendants were asserting that none of them had been served, Plaintiffs' counsel promptly prepared and mailed waiver forms to both the agents for service of process for the Janssen Defendants and those entities' counsel. Orr Decl. at ¶ 10. By email dated June 12, 2018, Plaintiffs' counsel reminded the Janssen Defendants of the March 2016 agreement described above and asked for similar courtesies now, expecting that since these cases included one selected by Defendants (Cocco) and one selected by the Court at

---

[2] See Dkt. 9992 (response to show cause motion). Defendants included Cocco on their show cause motion for alleged failure to serve a complete PFS (1) without attempting any meaningful good-faith meet-and-confer with Plaintiffs' counsel before filing the show cause motion, and (2) despite the fact that Cocco had already served a complete PFS and all Defendants, including the Janssen entities, served DFSs before Defendants selected Cocco as a Wave I remand case. *Id.* Plaintiff Cocco initiated after-the-fact meet-and-confer negotiations and offered to serve a verified supplemental PFS, but Defendants refused that proposal. Only after Plaintiff Cocco served the supplemental PFS and filed her response did Defendants agree to withdraw the show cause motion as to Plaintiff Cocco.

random (Hunter) for Wave I remand workup, the Janssen Defendants would honor the March 2016 agreement and return executed service waivers. Orr Decl. at ¶ 10 and Ex. F. One day later, on June 13, the Janssen Defendants' counsel received the waiver forms in the mail. Orr Decl. at ¶ 11 and Ex. G (green cards reflecting receipt by Janssen's counsel of waiver forms for Cocco and Hunter on June 13, 2018).

The following Monday, June 18, the Janssen Defendants' counsel responded to Plaintiffs' counsel's June 12 email, advising that the Janssen Defendants refused to execute service waivers in these cases. Orr Decl. at ¶ 12 and Ex. H. Specifically, the Janssen Defendants' counsel stated: "You need to file a motion for leave to serve out of time. If that motion is granted, you can then follow the FRCP process. We are not authorized to accept service." Orr Decl. at ¶ 12 and Ex. H.

Plaintiffs' counsel responded on June 20 to meet-and-confer about this motion before filing it. Orr Decl. at ¶ 13 and Ex. I. The Janssen Defendants responded the following day, stating that "Janssen Defendants have agreed to waiver service of complaints in this MDL only following proper and timely service of waivers in accordance with the Rules, which has not occurred here." Orr Decl. at ¶ 14 and Ex. J.

It was only after receipt of this email that Plaintiffs' counsel realized that the parties had a different understanding of the March 2016 email exchange described above. Orr Decl. at ¶ 15. Plaintiffs' counsel had understood that email exchange to document an agreement that the Janssen Defendants were accepting service in *all* cases filed by Plaintiffs' counsel, including those (like Cocco) that were filed more than 90 days before the March 2016 email exchange, as well as cases (like Hunter) filed after that exchange. Orr Decl. at ¶¶ 6, 7, 11. Moreover, Plaintiffs' counsel believes that the process utilized for the cases in which the Janssen

Defendants returned signed service waivers (see Ex. E to Orr Decl.) was also done regarding the bundled complaint that included Hunter's claims, i.e., that Plaintiffs' counsel timely sent waiver forms for the Hunter bundled complaint.  Orr Decl. at ¶ 15.

Meanwhile, despite flagging this service issue and taking the position that Cocco and Hunter should dismiss their claims against the Janssen Defendants for failure of service, the Janssen Defendants have nevertheless been using the authorizations provided by Cocco and Hunter to gather documents from those plaintiffs' health care providers.  Orr Decl. at ¶ 16 and Ex. K (series of emails evidencing Janssen Defendants' gathering of health care records for Cocco and Hunter and, in some instances, demanding that these plaintiffs execute provider-specific authorizations).  So even though the Janssen Defendants are using this litigation as the basis for obtaining health care records from both Cocco and Hunter, they are simultaneously insisting that they have not been properly served and are not part of this litigation.

## ARGUMENT

**I.      Applicable law – good cause for lack of timely service.**

If a plaintiff shows "good cause" for failure to timely serve a defendant with process, the court must extend the time for service.  Fed. R. Civ. P. 4(m).  A plaintiff shows "good cause" when the plaintiff "demonstrate[s] at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice."  *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (internal quotation omitted).  Typically, a plaintiff must demonstrate "some reasonable basis for noncompliance within the time specified."  *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).  Even if a plaintiff fails to show "good cause," the court still has discretion to extend the time for service.  *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

As this Court has stated, "Legitimate confusion about the service process constitutes good cause." *Jacob v. Barriere Constr. Co.*, No. 08-3795, 2009 WL 2390869, *3 (E.D. La. July 30, 2009). *Jacob* is instructive. In that case, the plaintiffs filed a multi-plaintiff, multi-caption class action complaint that, after removal, this Court ordered to be re-filed as separate complaints. *Id.* at *1. Plaintiffs' counsel later claimed that they mistakenly believed that separate service of process for each of the re-filed separate complaints was not necessary based on language in the severance order and on the fact that defendants were aware of the litigation and were actively defending against all the plaintiffs' claims. *Id.* at *3. Under these circumstances, the Court denied the defendants' motion to dismiss for failure to timely serve process. *Id.* at *3-4. Moreover, because the plaintiffs in that case had already served Defendants by the time this Court acted on the motion to dismiss, there was no need for the Court to extend time for service or otherwise order that the time for service be enlarged. *See* No. 08-3795, at Dkt. 9 (response to motion to dismiss); Dkts. 11, 14, 17 (executed summonses for each defendant).

## II.  The Janssen Defendants have constructively accepted service of process in Cocco and Hunter, and this Court should so order.

Here, just as in *Jacob*, Plaintiffs Cocco and Hunter have effectively served the Janssen Defendants through the mailing of service waiver forms in early June 2018. Orr Decl. at ¶¶ 9-11 and Ex. G. The Janssen Defendants have had actual notice of both claims since they were filed, and have been actively participating in both cases, both before and after receiving the service waivers. Indeed, in Cocco, the Janssen Defendants served their DFS and accompanying documents and chose that case for Wave I remand workup. And in both Cocco and Hunter, since receiving the service waiver forms in early June, the Janssen Defendants have both used authorizations provided by those plaintiffs to obtain health care records and demanded that the

plaintiffs execute provider-specific authorizations so that the Janssen Defendants could gather records from other health care providers.  Orr Decl. at ¶ 16 and Ex. K.  Under these circumstances, the Court should deem the Janssen Defendants to have constructively accepted service of process and dispense with the need for any further service efforts by Cocco or Hunter.

**III.     Alternatively, this Court should grant an extension of time for Cocco and Hunter to serve the Janssen Defendants.**

Alternatively, Plaintiffs Cocco and Hunter have demonstrated good cause for this Court to exercise its broad discretion to grant them an additional sixty days to serve process on the Janssen Defendants.  As set forth above, Plaintiffs' counsel believed that the service issue had been resolved by agreement with the Janssen Defendants and only came to realize that it actually hadn't been when the Janssen Defendants raised this issue after both cases had been selected for Wave I remand workup (and Cocco was a defense pick).  The Janssen Defendants have already signaled that they will execute service waivers upon entry of this Court of an order granting additional time to serve process.  Orr Decl. at ¶ 12 and Ex. H.  If this Court is not inclined to deem service to have been constructively accepted by the Janssen Defendants, it should order that Plaintiffs Cocco and Hunter have an additional sixty days to serve process on those defendants.

**CONCLUSION AND REQUEST FOR RELIEF**

The Janssen Defendants not only have actual notice of the claims asserted by Plaintiffs Cocco and Hunter, they have been actively using the fact of those Plaintiffs' claims to seek discovery of those plaintiffs' health care records.  Cocco was a defense pick for Wave I remand workup.  Under these circumstances, the Court should deem the Janssen Defendants to have constructively accepted service of process.  Alternatively, Plaintiffs Cocco and Hunter have demonstrated good cause for this Court to grant their requested extension of time to serve

process. Alternatively, even had good cause not been shown, the circumstances warrant this Court's exercising of its discretion to grant such an extension.

Accordingly, Plaintiffs Cocco and Hunter respectfully request that this Court enter an order deeming service of the Janssen Defendants to have been constructively completed. Alternatively, Plaintiffs Cocco and Hunter request that this Court grant them an extension of time of sixty days within which to serve process on the Janssen Defendants. Plaintiffs request such other relief to which they may be justly entitled.

DATED: July 2, 2018                                Respectfully submitted,

                                    By:    /s/ *Charles G. Orr*
                                           Charles G. Orr, TX Bar No. 00788148
                                           THE MULLIGAN LAW FIRM
                                           3710 Rawlins Street, #901
                                           Dallas, Texas 75219
                                           Telephone: (214) 219-9779
                                           Facsimile: (214) 520-8789
                                           *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


By: /s/ Charles G. Orr
 Charles G. Orr
 Attorney for Plaintiffs