Patrick J. Mulligan, TX SBN 14651270
Charles G. Orr, TX SBN 00788148
**THE MULLIGAN LAW FIRM**
3710 Rawlins Street, #901
Dallas, TX 75219
Telephone: (214) 219-9779
Facsimile: (214) 520-8789

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) MDL No. 2592 <br> ) <br> ) SECTION: L <br> ) JUDGE FALLON <br> ) MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO: | ) |
| *Carol Cocco, Individually and on Behalf of the Estate of Dr. Thomas Cocco v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-02946 | ) **DECLARATION OF CHARLES G. ORR IN** <br> ) **SUPPORT OF MOTION TO DEEM SERVICE** <br> ) **OF PROCESS CONSTUCTIVELY** <br> ) **ACCEPTED, OR IN THE ALTERNATIVE** <br> ) **FOR EXTENSION OF TIME WITHIN WHICH** <br> ) **TO SERVE PROCESS** |
| *James Hunter, Individually and on Behalf of the Estate of Jack Hunter v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-13217 | |
| *Daniel Abbott, et al. v. Janssen Research & Development LLC, et al.*, No. 2:15-cv-02605 | |
| *Michael Bowman, Individually and on Behalf of the Estate of Arlene Bowman, et al. v. Janssen Research & Development LLC, et al.*, No. 2:16-cv-06612 | |

I, Charles G. Orr, declare as follows:

      1.    I am an attorney at law with The Mulligan Law Firm, duly licensed to practice

law in the State of Texas. I represent Plaintiff Carol Cocco, Individually and on Behalf of the

Estate of Dr. Thomas Cocco, and Plaintiff James Hunter, Individually and on Behalf of the

Estate of Jack Hunter, in the above-styled and numbered cases. I make this Declaration in support of Plaintiff Cocco's Motion to Deem Service of Process Constructively Accepted, or in the Alternative for Extension of Time Within Which to Serve Process. The matters set forth in this Declaration are of my own personal knowledge and if called upon to do so, I could and would competently testify thereto.

2.     On March 7, 2016, I emailed lead counsel for the Janssen Defendants, asking for clarification about Janssen's position regarding service of process for cases in this MDL. Attached to this Declaration as Exhibit A is a true and correct copy of this email (without attachment). I noted that I had received a "New Unserved Complaint Notice" via MDL Centrality (in a separate case), and stated that this notice raised a general issue affecting all cases filed by Plaintiffs' counsel:

> Before now, my firm (and at least one other that I'm aware of) have read PTO 10 as forestalling the present need for formal service on any defendant other than the two specific Bayer entities for whom the streamlined process set out in PTO 10 applies. Also before now, and unlike Bayer, Janssen has not raised failure to serve process as an issue in any of my firm's Xarelto cases.

I asked in this email whether "Janssen read[s] PTO 10 differently . . . such that [Plaintiffs' counsel] should be serving process on the Janssen defendants of all [our] Xarelto complaints," and whether Janssen's counsel would "agree to accept service on behalf of the Janssen entities."

3.     Janssen's counsel responded on March 17 to advise that "[Plaintiffs] are required to serve all Janssen entities per the FRCP and [Janssen's counsel] [is] not authorized to accept service of process." Attached to this Declaration as Exhibit B is a true and correct copy of this email.

4.     Accordingly, over the next few weeks, I prepared and mailed to Janssen's counsel appropriate waiver of service forms for all cases already filed by Plaintiffs' counsel, including

the bundled complaint that included Cocco's claims.  Specifically, I sent a completed form AO 398 (Notice of a Lawsuit and Request to Waive Service of a Summons) and a completed form AO 399 (Waiver of the Service of a Summons) for every case that my firm had filed in this MDL.

5.     About two months after the March 2016 email exchange described above, I emailed Janssen's counsel to ask if the Janssen Defendants planned to sign and return the service waivers.  Attached to this Declaration as Exhibit C is a true and correct copy of this email.  In this email, I wrote:  "I've sent several requests for waiver of service to the various Janssen entities in the Xarelto litigation but have yet to receive any returns of the waiver forms.  Is this intentional?  I'm just looking to see if I need to proceed with service the old-fashioned way."

6.     Janssen's counsel responded by email that day, advising that Plaintiffs' counsel "do[es] not need to effect personal service [because] [the Janssen Defendants] will respond to the waivers."  Attached to this Declaration as Exhibit D is a true and correct copy of this email.  I understood this email exchange to reflect an agreement that the Janssen Defendants would execute service waivers for *all* cases filed by my firm, including those filed more than 90 days before this agreement.

7.     As a result, I adopted a practice of preparing and mailing waiver forms for each filed complaint to the registered agents for service of process for the Janssen Defendants and to the Janssen Defendants' counsel.  This included waiver forms for cases (like the bundled complaint in which Cocco's claims were asserted) that had been filed more than 90 days before the March 2016 email exchange described above.  It also included all cases filed after the March 2016 email exchange (like the bundled complaint in which Hunter's claims were asserted).

8.      Over the next few weeks, the Janssen Defendants emailed me several executed waivers of service.  Attached to this Declaration as Exhibit E are true and correct copies of the executed waiver forms and the cover letters that, via email only, accompanied them.  I assumed the issue was resolved, as the Janssen Defendants appeared to be executing and returning all proffered service waivers, and I accordingly thought no further of it.

9.      In the course of meeting and conferring with Defendants about a separate motion, Defendants advised me of their belief that the Janssen Defendants had not been served with process in the Cocco and Hunter cases.  looked into the issue and discovered that: (1) in Cocco, a case Defendants picked for Wave I remand workup, the Janssen Defendants had already served a DFS and related documents (see Doc. ID 134510, 134571, 134572, 201993) and had never previously advised Plaintiffs' counsel of any alleged service issue; and (2) in Hunter, a random Wave I remand pick, the Janssen Defendants served through MDL Centrality an "unserved complaint notice" in October 2016 (Doc. ID 288528).  I do not recall receiving the unserved complaint notice but I do not dispute that it was uploaded to, and presumably served through, Centrality.

10.      Upon learning in early June that the Janssen Defendants were asserting that none of them had been served, I promptly prepared and mailed waiver forms to both the agents for service of process for the Janssen Defendants and those entities' counsel.  By email dated June 12, 2018, I reminded the Janssen Defendants of the March 2016 agreement described above and asked for similar courtesies now, expecting that since these cases included one selected by Defendants (Cocco) and one selected by the Court at random (Hunter) for Wave I remand workup, the Janssen Defendants would honor the March 2016 agreement and return executed

service waivers.  Attached to this Declaration as Exhibit F is a true and correct copy of this email.

11.     One day later, on June 13, the Janssen Defendants' counsel received the waiver forms in the mail.  Attached to this Declaration as Exhibit G are true and correct copies of the green cards reflecting receipt by Janssen's counsel of waiver forms for Cocco and Hunter on June 13, 2018.

12.     The following Monday, June 18, the Janssen Defendants' counsel responded to my June 12 email, advising that the Janssen Defendants refused to execute service waivers in these cases.  Attached to this Declaration as Exhibit H is a true and correct copy of that email.  Specifically, the Janssen Defendants' counsel stated:  "You need to file a motion for leave to serve out of time.  If that motion is granted, you can then follow the FRCP process.  We are not authorized to accept service."

13.     I responded to this email on June 20 to meet-and-confer about the motion that this Declaration supports before filing the motion.  Attached to this Declaration as Exhibit I is a true and correct copy of that email.

14.     The Janssen Defendants responded the following day, stating that "Janssen Defendants have agreed to waiver service of complaints in this MDL only following proper and timely service of waivers in accordance with the Rules, which has not occurred here."  Attached to this Declaration as Exhibit J is a true and correct copy of that email.

15.     It was only after receipt of this email that I realized that the parties had a different understanding of the March 2016 email exchange described above.  I previously understood that email exchange to document an agreement that the Janssen Defendants were accepting service in *all* cases filed by my firm, including those (like Cocco) that were filed more than 90 days before

the March 2016 email exchange as well as cases (like Hunter) filed after that exchange. I also believe that I prepared and mailed waiver forms to the Janssen Defendants in Hunter and all other cases that my firm filed in this MDL.

16.      Meanwhile, despite flagging this service issue and taking the position that Cocco and Hunter should dismiss their claims against the Janssen Defendants for failure of service, the Janssen Defendants have nevertheless been using the authorizations provided by Cocco and Hunter to gather documents from those plaintiffs' health care providers. Attached to this Declaration as Exhibit K is a series of emails evidencing Janssen Defendants' gathering of health care records for Cocco and Hunter and, in some instances, demanding that these plaintiffs execute provider-specific authorizations.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Signed this 2nd day of July, 2018.

_Chas D Orr_
_____
Charles G. Orr

# Exhibit A

## Chip Orr

| | |
|---|---|
| **From:** | Chip Orr |
| **Sent:** | Monday, March 07, 2016 12:04 PM |
| **To:** | Susan M. Sharko (Susan.Sharko@dbr.com) |
| **Cc:** | Cindy Ensley |
| **Subject:** | Xarelto - service of process on Janssen/J&J entities |
| **Attachments:** | Raes - Unserved Complaint Notice - 7 March 2016.pdf |

Greetings, Susan.

This morning, I received the attached "New Unserved Complaint Notice" via MDL Centrality in the Xarelto MDL. The notice happens to pertain to plaintiff Thomas Raes, but that's really beside the point, as this notice raises, for the first time, an issue that is more global in nature.

Before now, my firm (and at least one other that I'm aware of) have read PTO 10 as forestalling the present need for formal service on any defendant other than the two specific Bayer entities for whom the streamlined process set out in PTO 10 applies. Also before now, and unlike Bayer, Janssen has not raised failure to serve process as an issue in any of my firm's Xarelto cases.

I'm writing to ask for clarification about Janssen's position regarding service of process in Xarelto. Specifically, does Janssen read PTO 10 differently than me such that I should be serving process on the Janssen defendants of all my Xarelto complaints? And if so, will you agree to accept service on behalf of the Janssen entities?

Kind regards,
Chip Orr
The Mulligan Law Firm
3710 Rawlins Street, #901
Dallas, Texas 75219
(214) 219-9779
corr@mulliganlaw.com

# Exhibit B

**Chip Orr**

| | |
|---|---|
| **From:** | Sharko, Susan M <Susan.Sharko@dbr.com> |
| **Sent:** | Thursday, March 17, 2016 12:39 PM |
| **To:** | Chip Orr |
| **Cc:** | Cindy Ensley; Kole, Deirdre R. |
| **Subject:** | Re: Xarelto - service of process on Janssen/J&J entities |

Chip, you are required to serve all Janssen entities per the FRCP and we are not authorized to accept service of process. Thanks. Susan

Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Dr.
Florham Park, NJ 07932-1047
(973) 549-7350 office
(973) 360-9831 fax
Susan.Sharko@dbr.com
www.drinkerbiddle.com

**From:** Chip Orr
**Sent:** Friday, March 11, 2016 2:44 PM
**To:** Sharko, Susan M
**Cc:** Cindy Ensley
**Subject:** RE: Xarelto - service of process on Janssen/J&J entities

Re-sending and asking for a response, please.  Thanks.

**From:** Chip Orr
**Sent:** Monday, March 07, 2016 12:04 PM
**To:** Susan M. Sharko (Susan.Sharko@dbr.com)
**Cc:** Cindy Ensley
**Subject:** Xarelto - service of process on Janssen/J&J entities

Greetings, Susan.

This morning, I received the attached "New Unserved Complaint Notice" via MDL Centrality in the Xarelto MDL.  The notice happens to pertain to plaintiff Thomas Raes, but that's really beside the point, as this notice raises, for the first time, an issue that is more global in nature.

Before now, my firm (and at least one other that I'm aware of) have read PTO 10 as forestalling the present need for formal service on any defendant other than the two specific Bayer entities for whom the streamlined process set out in PTO 10 applies.  Also before now, and unlike Bayer, Janssen has not raised failure to serve process as an issue in any of my firm's Xarelto cases.

I'm writing to ask for clarification about Janssen's position regarding service of process in Xarelto.  Specifically, does Janssen read PTO 10 differently than me such that I should be serving process on the Janssen defendants of all my Xarelto complaints?  And if so, will you agree to accept service on behalf of the Janssen entities?

Kind regards,

Chip Orr
The Mulligan Law Firm
3710 Rawlins Street, #901
Dallas, Texas 75219
(214) 219-9779
corr@mulliganlaw.com


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# Exhibit C

**Chip Orr**

| | |
|---|---|
| **From:** | Chip Orr |
| **Sent:** | Wednesday, May 18, 2016 9:04 AM |
| **To:** | 'Sharko, Susan M' |
| **Cc:** | Cindy Ensley; 'Kole, Deirdre R.' |
| **Subject:** | RE: Xarelto - service of process on Janssen/J&J entities |

Susan,

I've sent several requests for waiver of service to the various Janssen entities in the Xarelto litigation but have yet to receive any returns of the waiver forms.  Is this intentional?  I'm just looking to see if I need to proceed with service the old-fashioned way.

Thanks,
Chip Orr

**From:** Chip Orr
**Sent:** Wednesday, May 18, 2016 8:59 AM
**To:** 'Sharko, Susan M'
**Cc:** Cindy Ensley; Kole, Deirdre R.
**Subject:** RE: Xarelto - service of process on Janssen/J&J entities


**From:** Sharko, Susan M [mailto:Susan.Sharko@dbr.com]
**Sent:** Thursday, March 17, 2016 12:39 PM
**To:** Chip Orr
**Cc:** Cindy Ensley; Kole, Deirdre R.
**Subject:** Re: Xarelto - service of process on Janssen/J&J entities

Chip, you are required to serve all Janssen entities per the FRCP and we are not authorized to accept service of process. Thanks. Susan

Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Dr.
Florham Park, NJ 07932-1047
(973) 549-7350 office
(973) 360-9831 fax
Susan.Sharko@dbr.com
www.drinkerbiddle.com

**From:** Chip Orr
**Sent:** Friday, March 11, 2016 2:44 PM
**To:** Sharko, Susan M
**Cc:** Cindy Ensley
**Subject:** RE: Xarelto - service of process on Janssen/J&J entities

Re-sending and asking for a response, please.  Thanks.

**From:** Chip Orr
**Sent:** Monday, March 07, 2016 12:04 PM
**To:** Susan M. Sharko (Susan.Sharko@dbr.com)
**Cc:** Cindy Ensley
**Subject:** Xarelto - service of process on Janssen/J&J entities

Greetings, Susan.

This morning, I received the attached "New Unserved Complaint Notice" via MDL Centrality in the Xarelto MDL.  The notice happens to pertain to plaintiff Thomas Raes, but that's really beside the point, as this notice raises, for the first time, an issue that is more global in nature.

Before now, my firm (and at least one other that I'm aware of) have read PTO 10 as forestalling the present need for formal service on any defendant other than the two specific Bayer entities for whom the streamlined process set out in PTO 10 applies.  Also before now, and unlike Bayer, Janssen has not raised failure to serve process as an issue in any of my firm's Xarelto cases.

I'm writing to ask for clarification about Janssen's position regarding service of process in Xarelto.  Specifically, does Janssen read PTO 10 differently than me such that I should be serving process on the Janssen defendants of all my Xarelto complaints?  And if so, will you agree to accept service on behalf of the Janssen entities?

Kind regards,
Chip Orr
The Mulligan Law Firm
3710 Rawlins Street, #901
Dallas, Texas 75219
(214) 219-9779
corr@mulliganlaw.com


**************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
**************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
**************************************

# Exhibit D

**Chip Orr**

---

| | |
|---|---|
| **From:** | Kole, Deirdre R. <Deirdre.Kole@dbr.com> |
| **Sent:** | Wednesday, May 18, 2016 9:06 AM |
| **To:** | Chip Orr; Sharko, Susan M |
| **Cc:** | Cindy Ensley |
| **Subject:** | RE: Xarelto - service of process on Janssen/J&J entities |

You do not need to effect personal service.  We will respond to the waivers.
Can you please send me the names of the cases at issue so that I may run them down?

Thanks,
Deirdre

**From:** Chip Orr [mailto:corr@mulliganlaw.com]
**Sent:** Wednesday, May 18, 2016 10:04 AM
**To:** Sharko, Susan M
**Cc:** Cindy Ensley; Kole, Deirdre R.
**Subject:** RE: Xarelto - service of process on Janssen/J&J entities

Susan,

I've sent several requests for waiver of service to the various Janssen entities in the Xarelto litigation but have yet to
receive any returns of the waiver forms.  Is this intentional?  I'm just looking to see if I need to proceed with service the
old-fashioned way.

Thanks,
Chip Orr

**From:** Chip Orr
**Sent:** Wednesday, May 18, 2016 8:59 AM
**To:** 'Sharko, Susan M'
**Cc:** Cindy Ensley; Kole, Deirdre R.
**Subject:** RE: Xarelto - service of process on Janssen/J&J entities

**From:** Sharko, Susan M [mailto:Susan.Sharko@dbr.com]
**Sent:** Thursday, March 17, 2016 12:39 PM
**To:** Chip Orr
**Cc:** Cindy Ensley; Kole, Deirdre R.
**Subject:** Re: Xarelto - service of process on Janssen/J&J entities

Chip, you are required to serve all Janssen entities per the FRCP and we are not authorized to accept service of
process. Thanks. Susan

Susan M. Sharko
Drinker Biddle & Reath LLP
600 Campus Dr.
Florham Park, NJ 07932-1047

(973) 549-7350 office
(973) 360-9831 fax
Susan.Sharko@dbr.com
www.drinkerbiddle.com

**From:** Chip Orr
**Sent:** Friday, March 11, 2016 2:44 PM
**To:** Sharko, Susan M
**Cc:** Cindy Ensley
**Subject:** RE: Xarelto - service of process on Janssen/J&J entities

Re-sending and asking for a response, please.  Thanks.


**From:** Chip Orr
**Sent:** Monday, March 07, 2016 12:04 PM
**To:** Susan M. Sharko (Susan.Sharko@dbr.com)
**Cc:** Cindy Ensley
**Subject:** Xarelto - service of process on Janssen/J&J entities

Greetings, Susan.

This morning, I received the attached "New Unserved Complaint Notice" via MDL Centrality in the Xarelto MDL.  The notice happens to pertain to plaintiff Thomas Raes, but that's really beside the point, as this notice raises, for the first time, an issue that is more global in nature.

Before now, my firm (and at least one other that I'm aware of) have read PTO 10 as forestalling the present need for formal service on any defendant other than the two specific Bayer entities for whom the streamlined process set out in PTO 10 applies.  Also before now, and unlike Bayer, Janssen has not raised failure to serve process as an issue in any of my firm's Xarelto cases.

I'm writing to ask for clarification about Janssen's position regarding service of process in Xarelto.  Specifically, does Janssen read PTO 10 differently than me such that I should be serving process on the Janssen defendants of all my Xarelto complaints?  And if so, will you agree to accept service on behalf of the Janssen entities?

Kind regards,
Chip Orr
The Mulligan Law Firm
3710 Rawlins Street, #901
Dallas, Texas 75219
(214) 219-9779
corr@mulliganlaw.com


*************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise

the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*****************************************

*****************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*****************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*****************************************

# Exhibit E

# DrinkerBiddle&Reath
### L L P

Deirdre R. Kole
973-549-7376 Direct
973-360-9831 Fax
deirdre.kole@dbr.com

*Law Offices*

600 Campus Drive
Florham Park, NJ
07932-1047

973-549-7000 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

June 13, 2016

**VIA ELECTRONIC MAIL**

Charles G. Orr, Esq.
The Mulligan Law Firm
3710 Rawlins Street, Suite 901
Dallas, TX 75219

Re:  Phrondale Clark, et al. v. Janssen Research & Development, LLC, et al.
     Case No.:  2:16-cv-05885

Dear Mr. Orr:

   Enclosed please find executed Waivers of Service of Summons on behalf of defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC in the above case.

                    Very truly yours,

                    DRINKER BIDDLE & REATH LLP

                    *Deirdre R. Kole*

                    Deirdre R. Kole

DK
Enclosures

85878628.1

*Andrew B. Joseph
Partner responsible for
Florham Park Office*

*Established 1849*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Phrondale Clark, et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   2:16-cv-05885 |
| Janssen Research & Development, LLC, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Charles G. Orr, Esq.
_____
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____05/18/2016_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   06/13/2016

Signature: *Susan M. Sharko*
_____
   *Signature of the attorney or unrepresented party*

Janssen Pharmaceuticals, Inc.
_____
*Printed name of party waiving service of summons*

Susan M. Sharko
_____
*Printed name*

Drinker Biddle & Reath LLP
600 Campus Drive, Florham Park, NJ 07932
_____
*Address*

susan.sharko@dbr.com
_____
*E-mail address*

(973) 549-7000
_____
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | | |
|---|---|---|
| Phrondale Clark, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:16-cv-05885 |
| Janssen Research & Development, LLC, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Charles G. Orr, Esq.
　　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

　　　I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

　　　I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

　　　I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

　　　I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from　　　　05/18/2016　　　　, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:　　06/13/2016

　　　　　　　　　　　　　　　　　　　　　　　　　　*Susan M. Sharko*
　　　　　　　　　　　　　　　　　　　　　　　　　　*Signature of the attorney or unrepresented party*

Janssen Research & Development, LLC
*Printed name of party waiving service of summons*

　　　　　　　　　　　　　　　　　　　　　　Susan M. Sharko
　　　　　　　　　　　　　　　　　　　　　　*Printed name*

　　　　　　　　　　　　　　　　　Drinker Biddle & Reath LLP
　　　　　　　　　　　　　　　600 Campus Drive, Florham Park, NJ 07932
　　　　　　　　　　　　　　　　　　　　　　*Address*

　　　　　　　　　　　　　　　　　susan.sharko@dbr.com
　　　　　　　　　　　　　　　　　　　　*E-mail address*

　　　　　　　　　　　　　　　　　(973) 549-7000
　　　　　　　　　　　　　　　　　　*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

　　　Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

　　　"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

　　　If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

　　　If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**DrinkerBiddle&Reath**
L L P

Deirdre R. Kole
973-549-7376 Direct
973-360-9831 Fax
deirdre.kole@dbr.com

*Law Offices*

600 Campus Drive
Florham Park, NJ
07932-1047

973-549-7000 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

June 9, 2016

**VIA ELECTRONIC MAIL**

Charles G. Orr, Esq.
The Mulligan Law Firm
3710 Rawlins Street, Suite 901
Dallas, TX 75219

Re:   Susan Davis, et al. v. Janssen Research & Development, LLC, et al.
      Case No.:  2:16-cv-06427

Dear Mr. Orr:

   Enclosed please find executed Waivers of Service of Summons on behalf of
defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC in
the above case.

                              Very truly yours,

                              DRINKER BIDDLE & REATH LLP

                              *Deirdre R. Kole*

                              Deirdre R. Kole

DK
Enclosures

85860636.1

*Andrew B. Joseph
Partner responsible for
Florham Park Office*

*Established 1849*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Susan Davis, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Janssen Research & Development, LLC, et al. | ) |
| *Defendant* | ) |

Civil Action No.  2:16-cv-06427

## WAIVER OF THE SERVICE OF SUMMONS

To:  Charles G. Orr, Esq.
    *(Name of the plaintiff's attorney or unrepresented plaintiff)*

    I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

    I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

    I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

    I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____05/18/2016_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  06/09/2016

                                               *Vivian M. Sharko*
                                        *Signature of the attorney or unrepresented party*

Janssen Pharmaceuticals, Inc.
*Printed name of party waiving service of summons*

                                      Susan M. Sharko
                                       *Printed name*
                        Drinker Biddle & Reath LLP
          600 Campus Drive, Florham Park, NJ 07932

                                                *Address*

                                   susan.sharko@dbr.com
                                       *E-mail address*

                                   (973) 549-7000
                                       *Telephone number*

## Duty to Avoid Unnecessary Expenses of Serving a Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

    "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

    If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

    If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| Susan Davis, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:16-cv-06427 |
| Janssen Research & Development, LLC, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Charles G. Orr, Esq.
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____05/18/2016_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____06/09/2016_____

*Vivian M. Sharko*
_____
*Signature of the attorney or unrepresented party*

Janssen Research & Development, LLC
_____
*Printed name of party waiving service of summons*

Susan M. Sharko
*Printed name*

Drinker Biddle & Reath LLP
600 Campus Drive, Florham Park, NJ 07932
_____
*Address*

susan.sharko@dbr.com
_____
*E-mail address*

(973) 549-7000
_____
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# DrinkerBiddle&Reath
### L L P

Deirdre R. Kole
973-549-7376 Direct
973-360-9831 Fax
deirdre.kole@dbr.com

*Law Offices*

600 Campus Drive
Florham Park, NJ
07932-1047

973-549-7000 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

June 7, 2016

**VIA ELECTRONIC MAIL**

Charles G. Orr, Esq.
The Mulligan Law Firm
3710 Rawlins Street, #901
Dallas, TX 75219

Re:  John Norman Henry, et al. v. Janssen Research & Development, LLC, et al.
     Case No.:  2:16-cv-04173

Dear Mr. Orr:

Enclosed please find executed Waivers of Service of Summons on behalf of defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC in the above case.

Very truly yours,

DRINKER BIDDLE & REATH LLP

*Deirdre R. Kole*

Deirdre R. Kole

DK
Enclosures

85843834.1

*Andrew B. Joseph
Partner responsible for
Florham Park Office*

*Established 1849*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | | |
|---|---|---|
| John Norman Henry, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:16-cv-04173 |
| Janssen Research & Development, LLC, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Charles G. Orr, Esq.
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____05/05/2016_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  _____06/07/2016_____

Signature of the attorney or unrepresented party

Janssen Pharmaceuticals, Inc.
*Printed name of party waiving service of summons*

Susan M. Sharko
*Printed name*
Drinker Biddle & Reath LLP
600 Campus Drive, Florham Park, NJ 07932

*Address*

susan.sharko@dbr.com
*E-mail address*

(973) 549-7000
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| John Norman Henry, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:16-cv-04173 |
| Janssen Research & Development, LLC, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Charles G. Orr, Esq.
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

      I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

      I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

      I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

      I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____05/05/2016_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____06/07/2016_____

                                                   *Signature of the attorney or unrepresented party*

Janssen Research & Development, LLC
*Printed name of party waiving service of summons*

                                       Susan M. Sharko
                                          *Printed name*
                            Drinker Biddle & Reath LLP
              600 Campus Drive, Florham Park, NJ 07932

                                                     *Address*

                                    susan.sharko@dbr.com
                                            *E-mail address*

                                    (973) 549-7000
                                         *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

      Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

      "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

      If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

      If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# DrinkerBiddle&Reath
L L P

Deirdre R. Kole
973-549-7376 Direct
973-360-9831 Fax
deirdre.kole@dbr.com

*Law Offices*

600 Campus Drive
Florham Park, NJ
07932-1047

973-549-7000 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

May 27, 2016

**VIA ELECTRONIC MAIL**

Charles G. Orr, Esq.
The Mulligan Law Firm
3710 Rawlins Street, #901
Dallas, TX 75219

Re:  Thomas Adams, et al. v. Janssen Research & Development, LLC, et al.
     Case No.:  2:16-cv-03921

Dear Mr. Orr:

Enclosed please find executed Waivers of Service of Summons on behalf of defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC in the above case.

Very truly yours,

DRINKER BIDDLE & REATH LLP

*Deirdre R. Kole*

Deirdre R. Kole

DK
Enclosures

85778632.1

*Andrew B. Joseph
Partner responsible for
Florham Park Office*

*Established 1849*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Thomas Adams, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:16-cv-03921 |
| Janssen Research & Development, LLC, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Charles G. Orr, Esq.
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____05/02/2016_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  _____05/27/2016_____

                                                            *Signature of the attorney or unrepresented party*

_____Janssen Pharmaceuticals, Inc._____
*Printed name of party waiving service of summons*

                                            Susan M. Sharko
                                          *Printed name*
                         Drinker Biddle & Reath LLP
          600 Campus Drive, Florham Park, NJ 07932

                                              *Address*

                            susan.sharko@dbr.com
                                      *E-mail address*

                                    (973) 549-7000
                                      *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Thomas Adams, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2:16-cv-03921 |
| Janssen Research & Development, LLC, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Charles G. Orr, Esq.
        *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____05/02/2016_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   _____05/27/2016_____

                                                    *Signature of the attorney or unrepresented party*

Janssen Research & Development, LLC                        Susan M. Sharko
*Printed name of party waiving service of summons*                        *Printed name*

                                                    Drinker Biddle & Reath LLP
                                                    600 Campus Drive, Florham Park, NJ 07932

                                                    *Address*

                                                    susan.sharko@dbr.com
                                                    *E-mail address*

                                                    (973) 549-7000
                                                    *Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# DrinkerBiddle&Reath
### L L P

Deirdre R. Kole
973-549-7376 Direct
973-360-9831 Fax
deirdre.kole@dbr.com

*Law Offices*

600 Campus Drive
Florham Park, NJ
07932-1047

973-549-7000 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

May 27, 2016

**VIA ELECTRONIC MAIL**

Charles G. Orr, Esq.
The Mulligan Law Firm
3710 Rawlins Street, #901
Dallas, TX 75219

Re:  Julie Greenamyer, et al. v. Janssen Research & Development, LLC, et al.
      Case No.:  2:16-cv-03606

Dear Mr. Orr:

Enclosed please find an executed Waiver of Service of Summons on behalf of defendant Janssen Research and Development, LLC in the above case.

Very truly yours,

DRINKER BIDDLE & REATH LLP

*Deirdre R. Kole*

Deirdre R. Kole

DK
Enclosures

85778697.1

*Andrew B. Joseph
Partner responsible for
Florham Park Office*

*Established 1849*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| Julie Greenamyer, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:16-cv-03606 |
| Janssen Research & Development, LLC, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Charles G. Orr, Esq.
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

   I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

   I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

   I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

   I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____04/28/2016_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   05/27/2016

_____
*Signature of the attorney or unrepresented party*

Janssen Research & Development, LLC
*Printed name of party waiving service of summons*

Susan M. Sharko
*Printed name*

Drinker Biddle & Reath LLP
600 Campus Drive, Florham Park, NJ 07932
*Address*

susan.sharko@dbr.com
*E-mail address*

(973) 549-7000
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

   Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

   "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

   If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

   If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# DrinkerBiddle&Reath
### L L P

Deirdre R. Kole, Esq.
973-549-7376 Direct
973-360-9831 Fax
deirdre.kole@dbr.com

*Law Offices*

600 Campus Drive
Florham Park, NJ
07932-1047

973-549-7000 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

May 19, 2016

**VIA ELECTRONIC MAIL**

Charles G. Orr, Esq.
The Mulligan Law Firm
3710 Rawlins Street, #901
Dallas, Texas 75219

Re:   Max Clements, et al. v. Janssen Research & Development LLC, et al.
     Case No.:  2:16-cv-03519

Dear Mr. Orr:

    Enclosed please find executed Waivers of Service of Summons on behalf of defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC in the above matter.

Very truly yours,

DRINKER BIDDLE & REATH LLP

Deirdre R. Kole

Deirdre R. Kole

DK
Enclosures

85733254.1

*Andrew B. Joseph
Partner responsible for
Florham Park Office*

*Established 1849*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| Max Clements, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:16-cv-03519 |
| Janssen Research & Development, LLC, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Charles G. Orr, Esq.
　　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

　　　I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to me.

　　　I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

　　　I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

　　　I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____04/21/2016_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:　___05/19/2016___

Signature:　*Susan M. Sharko*
　　　　　　*Signature of the attorney or unrepresented party*

___Janssen Pharmaceuticals, Inc.___
*Printed name of party waiving service of summons*

Susan M. Sharko
*Printed name*

Drinker Biddle & Reath LLP
600 Campus Drive, Florham Park, NJ 07932
*Address*

susan.sharko@dbr.com
*E-mail address*

(973) 549-7000
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

　　　Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

　　　"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

　　　If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

　　　If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

| | |
|---|---|
| Max Clements, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Janssen Research & Development, LLC, et al. | ) |
| *Defendant* | ) |

Civil Action No. 2:16-cv-03519

## WAIVER OF THE SERVICE OF SUMMONS

To: Charles G. Orr, Esq.
   *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____04/21/2016_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____05/19/2016_____

_____
Signature of the attorney or unrepresented party

_____Janssen Research & Development, LLC_____
*Printed name of party waiving service of summons*

Susan M. Sharko
*Printed name*

Drinker Biddle & Reath LLP
600 Campus Drive, Florham Park, NJ 07932
*Address*

susan.sharko@dbr.com
*E-mail address*

(973) 549-7000
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

## DrinkerBiddle&Reath
### L L P

Deirdre R. Kole
973-549-7376 Direct
973-360-9831 Fax
deirdre.kole@dbr.com

*Law Offices*

600 Campus Drive
Florham Park, NJ
07932-1047

973-549-7000 phone
973-360-9831 fax
www.drinkerbiddle.com

*A Delaware Limited
Liability Partnership*

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

May 18, 2016

**VIA ELECTRONIC MAIL**

Charles G. Orr, Esq.
The Mullingan Law Firm
3710 Rawlins Street, #901
Dallas, TX 75219

Re:   Jeanne Anderson, et al. v. Janssen Research & Development, LLC, et al.
       Case No.:  2:16-cv-02682

Dear Mr. Orr:

    Enclosed please find executed Waivers of Service of Summons on behalf of defendants Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC in the above case.

Very truly yours,

DRINKER BIDDLE & REATH LLP

*Deirdre R. Kole*

Deirdre R. Kole

DK
Enclosures

85726610.1

*Andrew B. Joseph
Partner responsible for
Florham Park Office*

*Established 1849*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Louisiana

| | |
|---|---|
| Jeanne Anderson, et al. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   2:16-cv-02682 |
| Janssen Research & Development, LLC, et al. | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Charles G. Orr, Esq.
　　　*(Name of the plaintiff's attorney or unrepresented plaintiff)*

　　　I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

　　　I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

　　　I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

　　　I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____04/01/2016_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   ____05/18/2016____

　　　　　　　　　　　　　　　　　　　　*Signature of the attorney or unrepresented party*

____Janssen Pharmaceuticals, Inc.____
*Printed name of party waiving service of summons*

　　　　　　　　　　　Susan M. Sharko
　　　　　　　　　　　*Printed name*

　　　　　　　Drinker Biddle & Reath LLP
　　　600 Campus Drive, Florham Park, NJ 07932

　　　　　　　　　　　*Address*

　　　　　　　susan.sharko@dbr.com
　　　　　　　　　　　*E-mail address*

　　　　　　　　　(973) 549-7000
　　　　　　　　　　　*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

　　　Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

　　　"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

　　　If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

　　　If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | | |
|---|---|---|
| Jeanne Anderson, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:16-cv-02682 |
| Janssen Research & Development, LLC, et al. | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Charles G. Orr, Esq.
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____04/01/2016_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:   _____05/18/2016_____

*Vivian M. Sharko*
Signature of the attorney or unrepresented party

Janssen Research & Development, LLC
*Printed name of party waiving service of summons*

Susan M. Sharko
*Printed name*

Drinker Biddle & Reath LLP
600 Campus Drive, Florham Park, NJ 07932

*Address*

susan.sharko@dbr.com
*E-mail address*

(973) 549-7000
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# Exhibit F

## Chip Orr

| | |
|---|---|
| **From:** | Chip Orr |
| **Sent:** | Tuesday, June 12, 2018 4:32 PM |
| **To:** | Goddard, Joan |
| **Cc:** | Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Daly, Daryl |
| **Subject:** | RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732) |

Thanks, Joan. I sent Janssen waivers of service for Cocco and Hunter last week (sent to CT Corp and Susan Sharko, same process used for other Mulligan cases pursuant to a written agreement between Deirdre Kole and me). Janssen has executed such waivers of service under this agreement in numerous other Mulligan cases, so I assume Janssen will do the same here. If not, please let me know ASAP so I can file an appropriate motion to be presented at the June 27 hearing. Thanks.

From: Goddard, Joan [Joan.Goddard@arnoldporter.com]
Sent: Tuesday, June 12, 2018 3:59 PM
To: Chip Orr
Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Daly, Daryl
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks Chip. Apologies for not flagging in prior email, but additionally, as we believe you have been previously informed by plaintiffs' lead counsel, you have not served Janssen with the complaint. Please either obtain permission to serve out of time or dismiss Janssen.   Thanks, Joan


Joan Goddard
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.7429 | F: +1 212.836.6659
Joan.Goddard@arnoldporter.com | www.arnoldporter.com



-----Original Message-----
From: Chip Orr [mailto:corr@mulliganlaw.com]
Sent: Tuesday, June 12, 2018 4:28 PM
To: Goddard, Joan
Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Daly, Daryl
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks. I'll revise my response in light of this email exchange and file it this week.

From: Goddard, Joan [Joan.Goddard@arnoldporter.com]
Sent: Tuesday, June 12, 2018 2:18 PM
To: Chip Orr

Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Daly, Daryl
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Chip, first thanks for your continuing efforts to obtain authorizations as they are needed for the collection of medical records and also for flagging that the motion to substitute Mrs. Cocco as party plaintiff has been granted. As to the PFS, given the updates, including at least the death of Dr. Cocco, we believe that an updated PFS is required per CMO No. 6. As to a defense contact for scheduling depositions, defendants will be providing that information as cases become fully compliant pursuant to CMO No. 6.

Thanks again, Joan.

_____

Joan Goddard
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.7429 | F: +1 212.836.6659
Joan.Goddard@arnoldporter.com<mailto:Joan.Goddard@arnoldporter.com> | www.arnoldporter.com

From: Chip Orr [mailto:corr@mulliganlaw.com]
Sent: Monday, June 11, 2018 5:28 PM
To: Goddard, Joan
Cc: 'Brown, Lindy'; 'Daly, Daryl'; Brennan, Jessica L.; 'Andy.Birchfield@BeasleyAllen.com'; 'XareltoMDL2592-PFSInquiries@bradley.com'; 'penny.davies@beasleyallen.com'; 'Joseph.VanZandt@BeasleyAllen.com'; Cindy Ensley; Cathy Sanders
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks for this reply, Joan.

Please note that all future meet-and-confers regarding individual Mulligan cases should be directed to me. While it is certainly appropriate for Defendants to apprise the PSC/PEC of alleged PFS deficiencies in the remand cases, the remand cases are functionally now one-offs and should be treated as such.

I respectfully disagree that this case should remain on the show cause motion and I will be filing a response to the show cause motion, if not today then later this week. If Defendants insist that Mrs. Cocco must supply a complete PFS with supporting declaration, she will have to provide her own answers, not "update" the existing PFS (as she cannot supply a declaration under penalty of perjury for anyone's answers beside her own).

However, I respect that Defendants need updated authorizations. We are already in the process of securing those from Mrs. Cocco and should have them this week (along with the provider specific authorization that your office sent a week or so ago).

I'm unclear on why Defendants think the complaint needs to be amended. Judge Fallon granted our motion to substitute Mrs. Cocco as party plaintiff. I'm not saying I refuse to amend the complaint - I'd just like to know Defendants' reason(s) for suggesting that an amended complaint should be filed.

Finally, I've asked who I need to speak to regarding scheduling depositions in this case. Could you please answer that question?

Kind regards,
Chip Orr

From: Goddard, Joan [mailto:Joan.Goddard@arnoldporter.com]
Sent: Monday, June 11, 2018 4:00 PM
To: Chip Orr
Cc: 'Brown, Lindy'; 'Daly, Daryl'; Brennan, Jessica L.; 'Andy.Birchfield@BeasleyAllen.com'; 'XareltoMDL2592-
PFSInquiries@bradley.com'; 'penny.davies@beasleyallen.com'; 'Joseph.VanZandt@BeasleyAllen.com'
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Chip,
Thank you for email.  CMO 6 requires an updated PFS with selected plaintiffs to complete all sections within 30 days of
compliance.  Defendants previously provided to Andy Birchfield a list of cases that had not submitted an updated PFS, so
assumed that information had been passed on.   Given that Dr. Cocco has passed away since the last PFS was submitted,
that is one update that should be incorporated into an updated PFS, if there is nothing else that needs to be updated,
please let us know, otherwise please update any other sections as necessary to bring the PFS current.  Once we get an
updated and complete PFS, we will take Dr. Cocco's case off the OTSC list and  at that time review all sections for
deficiencies.  Additionally, given the passing of Dr. Cocco, the complaint will need to be amended, and we will need
authorizations signed by the administrator.  If you would like to discuss, please let me know what is convenient for you.
Thanks, Joan.

_____

Joan Goddard
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.7429 | F: +1 212.836.6659
Joan.Goddard@arnoldporter.com<mailto:Joan.Goddard@arnoldporter.com> |
www.arnoldporter.com<http://www.arnoldporter.com>

From: Chip Orr [mailto:corr@mulliganlaw.com]
Sent: Monday, June 11, 2018 12:32 PM
To: Brown, Lindy <lbrown@bradley.com<mailto:lbrown@bradley.com>>
Cc: Andy.Birchfield@BeasleyAllen.com<mailto:Andy.Birchfield@BeasleyAllen.com>; Inquiries, Xarelto
<XareltoMDL2592-PFSInquiries@bradley.com<mailto:XareltoMDL2592-PFSInquiries@bradley.com>>; Daly, Daryl
<Daryl.Daly@dbr.com<mailto:Daryl.Daly@dbr.com>>; Brennan, Jessica L.
<Jessica.Brennan@dbr.com<mailto:Jessica.Brennan@dbr.com>>; Joseph VanZandt
(Joseph.VanZandt@BeasleyAllen.com<mailto:Joseph.VanZandt@BeasleyAllen.com>)
<Joseph.VanZandt@BeasleyAllen.com<mailto:Joseph.VanZandt@BeasleyAllen.com>>;
penny.davies@beasleyallen.com<mailto:penny.davies@beasleyallen.com>
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

[External Email]
I still have not heard back from Defendants regarding this matter.  At 5 p.m. Central time today, I plan to file the
attached if I do not hear from Defendants before then.

From: Chip Orr
Sent: Friday, June 08, 2018 6:15 PM
To: 'Brown, Lindy'
Cc: 'Andy.Birchfield@BeasleyAllen.com'; 'Inquiries, Xarelto'; 'Daly, Daryl'; 'Brennan, Jessica L.'
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Defendants provided no notice to me of any alleged deficiency regarding Dr. Cocco's completed PFS before 4:00 p.m. Central Time today.  Despite not engaging in any meet-and-confer and without responding either to the email below or to the two prior emails I sent you regarding Dr. Cocco's case (on May 25 and May 18, 2018), Defendants have now filed a show cause motion regarding Dr. Cocco, less than two hours after Defendants first provided notice to me that Defendants expected Dr. Cocco to serve another completed PFS even though the parties have already exchanged competed PFSs and DFSs.

Under these circumstances, I respectfully request that Defendants withdraw the show cause motion as to Dr. Cocco's case and engage in a good faith meet-and-confer process as requested in my email below.

I will be responding to the show cause motion no later than end of day next Monday (June 11).  I will refrain from filing before then in the hope that Defendants will engage in meaningful, good faith meet-and-confer discussions regarding this matter.  Show cause motions should never be the first resort - they should follow good faith meet-and-confer processes.

Moreover, these cases are not cookie cutter, one-size-fits-all.  Each case is individual.  Global show cause motions that do not distinguish cases that are factually inapposite are inappropriate at this stage of the litigation.  Which is all the more reason for good faith, individualized meet-and-confer conferences before the filing of any show cause motions, which take up the court's valuable time and which force the parties to engage in needless motion practice when that time could be better spent actually working the cases up for trial.

From: Chip Orr
Sent: Friday, June 08, 2018 4:53 PM
To: 'Brown, Lindy'
Cc: Andy.Birchfield@BeasleyAllen.com<mailto:Andy.Birchfield@BeasleyAllen.com>; Inquiries, Xarelto; Daly, Daryl; Brennan, Jessica L.
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

As Defendants know, Dr. Cocco already served a complete (all sections) verified PFS years ago.  As Defendants also know, Dr. Cocco has since passed away and his widow has been substituted as party plaintiff.  Under these circumstances, I don't see what use Mrs. Cocco's completed PFS would be to Defendants - she would simply be providing a lot of "I don't know or recall" responses.

Moreover, Defendants have already provided DFSs and I don't need another one (though I reserve the right to request one, if Defendants insist that we provide another completed PFS when one has already been provided).  In fact, I've already written Defendants two emails now (May 18 and May 25, 2018), with no response, advising that Dr. Cocco already provided a completed PFS and asking to begin the scheduling of depositions in the Cocco matter.

I'm certainly open to further discussion about this.  I ask that you engage in a meaningful meet-and-confer process with me before filing any show cause request, especially since I reached out to you well over a week ago to advise our position that a completed PFS was already served (as were completed DFSs) and I received no response.  If there is a good reason for Mrs. Cocco to complete a PFS when her husband already did so before he passed, let me know and let's discuss.  Show cause motions should follow a meet-and-confer, not the other way around.

From: Brown, Lindy [mailto:lbrown@bradley.com]

Sent: Friday, June 08, 2018 4:00 PM
To: Chip Orr
Cc: Andy.Birchfield@BeasleyAllen.com<mailto:Andy.Birchfield@BeasleyAllen.com>; Inquiries, Xarelto; Daly, Daryl;
Brennan, Jessica L.
Subject: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Counsel,

This case was selected as a defense pick for Wave 1 workup under CMO 6.  Under CMO 6 and PTO 13, an updated, fully
complete and verified Plaintiff Fact Sheet was due within 30 days of selection.  The PFS for your client was due on May
16, 2018, and no amended PFS has been submitted via MDL Centrality since selection.  Defendants will be filing a motion
to show cause returnable for the June 27, 2018 MDL Status Conference as to why this case should not be dismissed with
prejudice for failure to comply with CMO 6 and PTO 13.

Additionally, please be advised that per CMO 6, failure to timely complete all sections of the PFS in compliance with PTO
13 within 30 days of selection shall toll all CMO 6 deadlines with respect to plaintiff's case, including production of the
Defendant Fact Sheet, until plaintiff has complied or the case is dismissed.
Thanks,
Lindy


[Image removed by sender. Bradley]


Lindy D. Brown
Attorney
e: lbrown@bradley.com<mailto:lbrown@bradley.com> w: bradley.com<http://bradley.com>
d: 601.592.9905 f: 601.592.1405
Bradley Arant Boult Cummings LLP
One Jackson Place, 188 E. Capitol Street, Suite 400 Jackson, MS 39201 LinkedIn
<https://www.linkedin.com/company/bradley-law> | Facebook <https://www.facebook.com/officialbradleylaw/> |
Twitter <https://twitter.com/bradleylegal> | Instagram <https://www.instagram.com/bradleylaw/> |
Blogs<http://www.bradley.com/blogs/> | My Bio<http://www.bradley.com/>

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product
privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete
it from your computer.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are
not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly
prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return
e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

# Exhibit G

USPS TRACKING #5

9590 9402 1522 5362 6547 71

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

THE MULLIGAN LAW FIRM
3710 RAWLINS STREET, SUITE 901
DALLAS, TX 75219

ATTN: Chip Orr

9-420125

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:

Drinker Biddle & Reath LLP
Susan Sharko
600 Campus Dr.
Florham Park, NJ 07932

9590 9402 1522 5362 6547 71

2. Article Number (Transfer from service label)

7016 0340 0000 6600 0650

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                            ☐ Agent
                                             ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
Donald J. Hitchcock

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

JUN 1 3 2018

Donald J. Hitchcock

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery    Delivery
☐ Collect on Delivery                ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery   Merchandise
☐ ...ed Mail                         ☐ Signature Confirmation™
☐ ...ed Mail Restricted Delivery     ☐ Signature Confirmation
   ($500)                               Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

USPS TRACKING #S

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 1522 5362 6548 18

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

THE MULLIGAN LAW FIRM
3710 RAWLINS STREET, SUITE 901
DALLAS, TX 75219

ATTN: Chip Orr

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Drinker Biddle & Reath LLP
Susan Sharko
600 Campus Dr.
Florham Park, NJ 07932

9590 9402 1522 5362 6548 18

2. Article Number (Transfer from service label)

7016 0340 0000 6600 0612

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  □ Agent
                                □ Addressee
B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

Donald J. Hitchcock

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
☒ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery
   ($500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted
   Delivery
□ Return Receipt for
   Merchandise
□ Signature Confirmation™
□ Signature Confirmation
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

# Exhibit H

**Chip Orr**

| | |
|---|---|
| **From:** | Daly, Daryl <Daryl.Daly@dbr.com> |
| **Sent:** | Monday, June 18, 2018 1:56 PM |
| **To:** | Chip Orr; Goddard, Joan |
| **Cc:** | Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L. |
| **Subject:** | RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732) |

Chip,

You need to file a motion for leave to serve out of time.  If that motion is granted, you can then follow the FRCP process with waivers of service.  We are not authorized to accept service.

Thanks
Daryl

-----Original Message-----
From: Chip Orr <corr@mulliganlaw.com>
Sent: Tuesday, June 12, 2018 5:32 PM
To: Goddard, Joan <Joan.Goddard@arnoldporter.com>
Cc: Brown, Lindy <lbrown@bradley.com>; 'McCollum, Maegan' <mmccollum@bradley.com>; Brennan, Jessica L.
<Jessica.Brennan@dbr.com>; Daly, Daryl <Daryl.Daly@dbr.com>
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks, Joan.  I sent Janssen waivers of service for Cocco and Hunter last week (sent to CT Corp and Susan Sharko, same process used for other Mulligan cases pursuant to a written agreement between Deirdre Kole and me).  Janssen has executed such waivers of service under this agreement in numerous other Mulligan cases, so I assume Janssen will do the same here.  If not, please let me know ASAP so I can file an appropriate motion to be presented at the June 27 hearing.  Thanks.

From: Goddard, Joan [Joan.Goddard@arnoldporter.com]
Sent: Tuesday, June 12, 2018 3:59 PM
To: Chip Orr
Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Daly, Daryl
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks Chip. Apologies for not flagging in prior email, but additionally, as we believe you have been previously informed by plaintiffs' lead counsel, you have not served Janssen with the complaint.  Please either obtain permission to serve out of time or dismiss Janssen.   Thanks, Joan

Joan Goddard
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.7429 | F: +1 212.836.6659
Joan.Goddard@arnoldporter.com | www.arnoldporter.com

-----Original Message-----
From: Chip Orr [mailto:corr@mulliganlaw.com]
Sent: Tuesday, June 12, 2018 4:28 PM
To: Goddard, Joan
Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Daly, Daryl
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks. I'll revise my response in light of this email exchange and file it this week.

From: Goddard, Joan [Joan.Goddard@arnoldporter.com]
Sent: Tuesday, June 12, 2018 2:18 PM
To: Chip Orr
Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Daly, Daryl
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Chip, first thanks for your continuing efforts to obtain authorizations as they are needed for the collection of medical records and also for flagging that the motion to substitute Mrs. Cocco as party plaintiff has been granted.  As to the PFS, given the updates, including at least the death of Dr. Cocco, we believe that an updated PFS is required per CMO No. 6. As to a defense contact for scheduling depositions, defendants will be providing that information as cases become fully compliant pursuant to CMO No. 6.

Thanks again, Joan.

Joan Goddard
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.7429 | F: +1 212.836.6659
Joan.Goddard@arnoldporter.com<mailto:Joan.Goddard@arnoldporter.com> | www.arnoldporter.com

From: Chip Orr [mailto:corr@mulliganlaw.com]
Sent: Monday, June 11, 2018 5:28 PM
To: Goddard, Joan
Cc: 'Brown, Lindy'; 'Daly, Daryl'; Brennan, Jessica L.; 'Andy.Birchfield@BeasleyAllen.com'; 'XareltoMDL2592-PFSInquiries@bradley.com'; 'penny.davies@beasleyallen.com'; 'Joseph.VanZandt@BeasleyAllen.com'; Cindy Ensley; Cathy Sanders
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks for this reply, Joan.

Please note that all future meet-and-confers regarding individual Mulligan cases should be directed to me.  While it is certainly appropriate for Defendants to apprise the PSC/PEC of alleged PFS deficiencies in the remand cases, the remand cases are functionally now one-offs and should be treated as such.

2

I respectfully disagree that this case should remain on the show cause motion and I will be filing a response to the show cause motion, if not today then later this week.  If Defendants insist that Mrs. Cocco must supply a complete PFS with supporting declaration, she will have to provide her own answers, not "update" the existing PFS (as she cannot supply a declaration under penalty of perjury for anyone's answers beside her own).

However, I respect that Defendants need updated authorizations.  We are already in the process of securing those from Mrs. Cocco and should have them this week (along with the provider specific authorization that your office sent a week or so ago).

I'm unclear on why Defendants think the complaint needs to be amended.  Judge Fallon granted our motion to substitute Mrs. Cocco as party plaintiff.  I'm not saying I refuse to amend the complaint - I'd just like to know Defendants' reason(s) for suggesting that an amended complaint should be filed.

Finally, I've asked who I need to speak to regarding scheduling depositions in this case.  Could you please answer that question?

Kind regards,
Chip Orr

From: Goddard, Joan [mailto:Joan.Goddard@arnoldporter.com]
Sent: Monday, June 11, 2018 4:00 PM
To: Chip Orr
Cc: 'Brown, Lindy'; 'Daly, Daryl'; Brennan, Jessica L.'; 'Andy.Birchfield@BeasleyAllen.com'; 'XareltoMDL2592-PFSInquiries@bradley.com'; 'penny.davies@beasleyallen.com'; 'Joseph.VanZandt@BeasleyAllen.com'
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Chip,
Thank you for email.  CMO 6 requires an updated PFS with selected plaintiffs to complete all sections within 30 days of compliance.  Defendants previously provided to Andy Birchfield a list of cases that had not submitted an updated PFS, so assumed that information had been passed on.  Given that Dr. Cocco has passed away since the last PFS was submitted, that is one update that should be incorporated into an updated PFS, if there is nothing else that needs to be updated, please let us know, otherwise please update any other sections as necessary to bring the PFS current.  Once we get an updated and complete PFS, we will take Dr. Cocco's case off the OTSC list and  at that time review all sections for deficiencies.  Additionally, given the passing of Dr. Cocco, the complaint will need to be amended, and we will need authorizations signed by the administrator.  If you would like to discuss, please let me know what is convenient for you. Thanks, Joan.

_____

Joan Goddard
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.7429 | F: +1 212.836.6659
Joan.Goddard@arnoldporter.com<mailto:Joan.Goddard@arnoldporter.com> |
www.arnoldporter.com<http://www.arnoldporter.com>

From: Chip Orr [mailto:corr@mulliganlaw.com]
Sent: Monday, June 11, 2018 12:32 PM
To: Brown, Lindy <lbrown@bradley.com<mailto:lbrown@bradley.com>>
Cc: Andy.Birchfield@BeasleyAllen.com<mailto:Andy.Birchfield@BeasleyAllen.com>; Inquiries, Xarelto
<XareltoMDL2592-PFSInquiries@bradley.com<mailto:XareltoMDL2592-PFSInquiries@bradley.com>>; Daly, Daryl
<Daryl.Daly@dbr.com<mailto:Daryl.Daly@dbr.com>>; Brennan, Jessica L.
<Jessica.Brennan@dbr.com<mailto:Jessica.Brennan@dbr.com>>; Joseph VanZandt
(Joseph.VanZandt@BeasleyAllen.com<mailto:Joseph.VanZandt@BeasleyAllen.com>)
<Joseph.VanZandt@BeasleyAllen.com<mailto:Joseph.VanZandt@BeasleyAllen.com>>;
penny.davies@beasleyallen.com<mailto:penny.davies@beasleyallen.com>
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

[External Email]
I still have not heard back from Defendants regarding this matter.  At 5 p.m. Central time today, I plan to file the
attached if I do not hear from Defendants before then.

From: Chip Orr
Sent: Friday, June 08, 2018 6:15 PM
To: 'Brown, Lindy'
Cc: 'Andy.Birchfield@BeasleyAllen.com'; 'Inquiries, Xarelto'; 'Daly, Daryl'; 'Brennan, Jessica L.'
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Defendants provided no notice to me of any alleged deficiency regarding Dr. Cocco's completed PFS before 4:00 p.m.
Central Time today.  Despite not engaging in any meet-and-confer and without responding either to the email below or
to the two prior emails I sent you regarding Dr. Cocco's case (on May 25 and May 18, 2018), Defendants have now filed a
show cause motion regarding Dr. Cocco, less than two hours after Defendants first provided notice to me that
Defendants expected Dr. Cocco to serve another completed PFS even though the parties have already exchanged
competed PFSs and DFSs.

Under these circumstances, I respectfully request that Defendants withdraw the show cause motion as to Dr. Cocco's
case and engage in a good faith meet-and-confer process as requested in my email below.

I will be responding to the show cause motion no later than end of day next Monday (June 11).  I will refrain from filing
before then in the hope that Defendants will engage in meaningful, good faith meet-and-confer discussions regarding
this matter.  Show cause motions should never be the first resort - they should follow good faith meet-and-confer
processes.

Moreover, these cases are not cookie cutter, one-size-fits-all.  Each case is individual.  Global show cause motions that
do not distinguish cases that are factually inapposite are inappropriate at this stage of the litigation.  Which is all the
more reason for good faith, individualized meet-and-confer conferences before the filing of any show cause motions,
which take up the court's valuable time and which force the parties to engage in needless motion practice when that
time could be better spent actually working the cases up for trial.

From: Chip Orr
Sent: Friday, June 08, 2018 4:53 PM
To: 'Brown, Lindy'
Cc: Andy.Birchfield@BeasleyAllen.com<mailto:Andy.Birchfield@BeasleyAllen.com>; Inquiries, Xarelto; Daly, Daryl;
Brennan, Jessica L.
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

As Defendants know, Dr. Cocco already served a complete (all sections) verified PFS years ago. As Defendants also know, Dr. Cocco has since passed away and his widow has been substituted as party plaintiff. Under these circumstances, I don't see what use Mrs. Cocco's completed PFS would be to Defendants - she would simply be providing a lot of "I don't know or recall" responses.

Moreover, Defendants have already provided DFSs and I don't need another one (though I reserve the right to request one, if Defendants insist that we provide another completed PFS when one has already been provided). In fact, I've already written Defendants two emails now (May 18 and May 25, 2018), with no response, advising that Dr. Cocco already provided a completed PFS and asking to begin the scheduling of depositions in the Cocco matter.

I'm certainly open to further discussion about this. I ask that you engage in a meaningful meet-and-confer process with me before filing any show cause request, especially since I reached out to you well over a week ago to advise our position that a completed PFS was already served (as were completed DFSs) and I received no response. If there is a good reason for Mrs. Cocco to complete a PFS when her husband already did so before he passed, let me know and let's discuss. Show cause motions should follow a meet-and-confer, not the other way around.

From: Brown, Lindy [mailto:lbrown@bradley.com]
Sent: Friday, June 08, 2018 4:00 PM
To: Chip Orr
Cc: Andy.Birchfield@BeasleyAllen.com<mailto:Andy.Birchfield@BeasleyAllen.com>; Inquiries, Xarelto; Daly, Daryl; Brennan, Jessica L.
Subject: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Counsel,

This case was selected as a defense pick for Wave 1 workup under CMO 6. Under CMO 6 and PTO 13, an updated, fully complete and verified Plaintiff Fact Sheet was due within 30 days of selection. The PFS for your client was due on May 16, 2018, and no amended PFS has been submitted via MDL Centrality since selection. Defendants will be filing a motion to show cause returnable for the June 27, 2018 MDL Status Conference as to why this case should not be dismissed with prejudice for failure to comply with CMO 6 and PTO 13.

Additionally, please be advised that per CMO 6, failure to timely complete all sections of the PFS in compliance with PTO 13 within 30 days of selection shall toll all CMO 6 deadlines with respect to plaintiff's case, including production of the Defendant Fact Sheet, until plaintiff has complied or the case is dismissed.
Thanks,
Lindy


[Image removed by sender. Bradley]


Lindy D. Brown
Attorney
e: lbrown@bradley.com<mailto:lbrown@bradley.com> w: bradley.com<http://bradley.com>
d: 601.592.9905 f: 601.592.1405
Bradley Arant Boult Cummings LLP
One Jackson Place, 188 E. Capitol Street, Suite 400 Jackson, MS 39201 LinkedIn
<https://www.linkedin.com/company/bradley-law/> | Facebook <https://www.facebook.com/officialbradleylaw/> |
Twitter <https://twitter.com/bradleylegal> | Instagram <https://www.instagram.com/bradleylaw/> |
Blogs<http://www.bradley.com/blogs/> | My Bio<http://www.bradley.com/>

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

*****************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*****************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*****************************************

# Exhibit I

**Chip Orr**

| | |
|---|---|
| **From:** | Chip Orr |
| **Sent:** | Wednesday, June 20, 2018 3:24 PM |
| **To:** | 'Daly, Daryl'; Goddard, Joan |
| **Cc:** | Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L. |
| **Subject:** | RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732) |

Instead of asking for leave to serve out of time, I will be filing a motion to deem service waived. Such a motion will cover both Cocco (ID 1732) and Hunter (ID 9333). The motion will be based on the Janssen Defendants' actual notice as well as participation in the discovery process for both matters. Please consider this email to be my meet-and-confer regarding the necessity for me to file such a motion. If you agree that service has been waived, please let me know by Friday (June 22) so that I can avoid having to file such a motion.

-----Original Message-----
From: Daly, Daryl [mailto:Daryl.Daly@dbr.com]
Sent: Monday, June 18, 2018 1:56 PM
To: Chip Orr; Goddard, Joan
Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Chip,

You need to file a motion for leave to serve out of time. If that motion is granted, you can then follow the FRCP process with waivers of service. We are not authorized to accept service.

Thanks
Daryl

-----Original Message-----
From: Chip Orr <corr@mulliganlaw.com>
Sent: Tuesday, June 12, 2018 5:32 PM
To: Goddard, Joan <Joan.Goddard@arnoldporter.com>
Cc: Brown, Lindy <lbrown@bradley.com>; 'McCollum, Maegan' <mmccollum@bradley.com>; Brennan, Jessica L. <Jessica.Brennan@dbr.com>; Daly, Daryl <Daryl.Daly@dbr.com>
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks, Joan. I sent Janssen waivers of service for Cocco and Hunter last week (sent to CT Corp and Susan Sharko, same process used for other Mulligan cases pursuant to a written agreement between Deirdre Kole and me). Janssen has executed such waivers of service under this agreement in numerous other Mulligan cases, so I assume Janssen will do the same here. If not, please let me know ASAP so I can file an appropriate motion to be presented at the June 27 hearing. Thanks.

From: Goddard, Joan [Joan.Goddard@arnoldporter.com]
Sent: Tuesday, June 12, 2018 3:59 PM
To: Chip Orr
Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Daly, Daryl
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks Chip. Apologies for not flagging in prior email, but additionally, as we believe you have been previously informed by plaintiffs' lead counsel, you have not served Janssen with the complaint.  Please either obtain permission to serve out of time or dismiss Janssen.    Thanks, Joan

_____

Joan Goddard
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.7429 | F: +1 212.836.6659
Joan.Goddard@arnoldporter.com | www.arnoldporter.com

-----Original Message-----
From: Chip Orr [mailto:corr@mulliganlaw.com]
Sent: Tuesday, June 12, 2018 4:28 PM
To: Goddard, Joan
Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Daly, Daryl
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks. I'll revise my response in light of this email exchange and file it this week.

_____
From: Goddard, Joan [Joan.Goddard@arnoldporter.com]
Sent: Tuesday, June 12, 2018 2:18 PM
To: Chip Orr
Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Daly, Daryl
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Chip, first thanks for your continuing efforts to obtain authorizations as they are needed for the collection of medical records and also for flagging that the motion to substitute Mrs. Cocco as party plaintiff has been granted.  As to the PFS, given the updates, including at least the death of Dr. Cocco, we believe that an updated PFS is required per CMO No. 6. As to a defense contact for scheduling depositions, defendants will be providing that information as cases become fully compliant pursuant to CMO No. 6.

Thanks again, Joan.

_____

Joan Goddard
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.7429 | F: +1 212.836.6659
Joan.Goddard@arnoldporter.com<mailto:Joan.Goddard@arnoldporter.com> | www.arnoldporter.com

From: Chip Orr [mailto:corr@mulliganlaw.com]
Sent: Monday, June 11, 2018 5:28 PM
To: Goddard, Joan
Cc: 'Brown, Lindy'; 'Daly, Daryl'; 'Brennan, Jessica L.'; 'Andy.Birchfield@BeasleyAllen.com'; 'XareltoMDL2592-PFSInquiries@bradley.com'; 'penny.davies@beasleyallen.com'; 'Joseph.VanZandt@BeasleyAllen.com'; Cindy Ensley;
Cathy Sanders
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks for this reply, Joan.

Please note that all future meet-and-confers regarding individual Mulligan cases should be directed to me. While it is certainly appropriate for Defendants to apprise the PSC/PEC of alleged PFS deficiencies in the remand cases, the remand cases are functionally now one-offs and should be treated as such.

I respectfully disagree that this case should remain on the show cause motion and I will be filing a response to the show cause motion, if not today then later this week. If Defendants insist that Mrs. Cocco must supply a complete PFS with supporting declaration, she will have to provide her own answers, not "update" the existing PFS (as she cannot supply a declaration under penalty of perjury for anyone's answers beside her own).

However, I respect that Defendants need updated authorizations. We are already in the process of securing those from Mrs. Cocco and should have them this week (along with the provider specific authorization that your office sent a week or so ago).

I'm unclear on why Defendants think the complaint needs to be amended. Judge Fallon granted our motion to substitute Mrs. Cocco as party plaintiff. I'm not saying I refuse to amend the complaint - I'd just like to know Defendants' reason(s) for suggesting that an amended complaint should be filed.

Finally, I've asked who I need to speak to regarding scheduling depositions in this case. Could you please answer that question?

Kind regards,
Chip Orr

From: Goddard, Joan [mailto:Joan.Goddard@arnoldporter.com]
Sent: Monday, June 11, 2018 4:00 PM
To: Chip Orr
Cc: 'Brown, Lindy'; 'Daly, Daryl'; 'Brennan, Jessica L.'; 'Andy.Birchfield@BeasleyAllen.com'; 'XareltoMDL2592-PFSInquiries@bradley.com'; 'penny.davies@beasleyallen.com'; 'Joseph.VanZandt@BeasleyAllen.com'
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Chip,
Thank you for email. CMO 6 requires an updated PFS with selected plaintiffs to complete all sections within 30 days of compliance. Defendants previously provided to Andy Birchfield a list of cases that had not submitted an updated PFS, so assumed that information had been passed on. Given that Dr. Cocco has passed away since the last PFS was submitted, that is one update that should be incorporated into an updated PFS, if there is nothing else that needs to be updated, please let us know, otherwise please update any other sections as necessary to bring the PFS current. Once we get an updated and complete PFS, we will take Dr. Cocco's case off the OTSC list and  at that time review all sections for deficiencies. Additionally, given the passing of Dr. Cocco, the complaint will need to be amended, and we will need authorizations signed by the administrator. If you would like to discuss, please let me know what is convenient for you.
Thanks, Joan.

3

Joan Goddard
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.7429 | F: +1 212.836.6659
Joan.Goddard@arnoldporter.com<mailto:Joan.Goddard@arnoldporter.com> |
www.arnoldporter.com<http://www.arnoldporter.com>

From: Chip Orr [mailto:corr@mulliganlaw.com]
Sent: Monday, June 11, 2018 12:32 PM
To: Brown, Lindy <lbrown@bradley.com<mailto:lbrown@bradley.com>>
Cc: Andy.Birchfield@BeasleyAllen.com<mailto:Andy.Birchfield@BeasleyAllen.com>; Inquiries, Xarelto
<XareltoMDL2592-PFSInquiries@bradley.com<mailto:XareltoMDL2592-PFSInquiries@bradley.com>>; Daly, Daryl
<Daryl.Daly@dbr.com<mailto:Daryl.Daly@dbr.com>>; Brennan, Jessica L.
<Jessica.Brennan@dbr.com<mailto:Jessica.Brennan@dbr.com>>; Joseph VanZandt
(Joseph.VanZandt@BeasleyAllen.com<mailto:Joseph.VanZandt@BeasleyAllen.com>)
<Joseph.VanZandt@BeasleyAllen.com<mailto:Joseph.VanZandt@BeasleyAllen.com>>;
penny.davies@beasleyallen.com<mailto:penny.davies@beasleyallen.com>
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

[External Email]
I still have not heard back from Defendants regarding this matter.  At 5 p.m. Central time today, I plan to file the
attached if I do not hear from Defendants before then.

From: Chip Orr
Sent: Friday, June 08, 2018 6:15 PM
To: 'Brown, Lindy'
Cc: 'Andy.Birchfield@BeasleyAllen.com'; 'Inquiries, Xarelto'; 'Daly, Daryl'; 'Brennan, Jessica L.'
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Defendants provided no notice to me of any alleged deficiency regarding Dr. Cocco's completed PFS before 4:00 p.m.
Central Time today.  Despite not engaging in any meet-and-confer and without responding either to the email below or
to the two prior emails I sent you regarding Dr. Cocco's case (on May 25 and May 18, 2018), Defendants have now filed a
show cause motion regarding Dr. Cocco, less than two hours after Defendants first provided notice to me that
Defendants expected Dr. Cocco to serve another completed PFS even though the parties have already exchanged
competed PFSs and DFSs.

Under these circumstances, I respectfully request that Defendants withdraw the show cause motion as to Dr. Cocco's
case and engage in a good faith meet-and-confer process as requested in my email below.

I will be responding to the show cause motion no later than end of day next Monday (June 11).  I will refrain from filing
before then in the hope that Defendants will engage in meaningful, good faith meet-and-confer discussions regarding
this matter.  Show cause motions should never be the first resort - they should follow good faith meet-and-confer
processes.

Moreover, these cases are not cookie cutter, one-size-fits-all.  Each case is individual.  Global show cause motions that do not distinguish cases that are factually inapposite are inappropriate at this stage of the litigation.  Which is all the more reason for good faith, individualized meet-and-confer conferences before the filing of any show cause motions, which take up the court's valuable time and which force the parties to engage in needless motion practice when that time could be better spent actually working the cases up for trial.

From: Chip Orr
Sent: Friday, June 08, 2018 4:53 PM
To: 'Brown, Lindy'
Cc: Andy.Birchfield@BeasleyAllen.com<mailto:Andy.Birchfield@BeasleyAllen.com>; Inquiries, Xarelto; Daly, Daryl; Brennan, Jessica L.
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

As Defendants know, Dr. Cocco already served a complete (all sections) verified PFS years ago.  As Defendants also know, Dr. Cocco has since passed away and his widow has been substituted as party plaintiff.  Under these circumstances, I don't see what use Mrs. Cocco's completed PFS would be to Defendants - she would simply be providing a lot of "I don't know or recall" responses.

Moreover, Defendants have already provided DFSs and I don't need another one (though I reserve the right to request one, if Defendants insist that we provide another completed PFS when one has already been provided).  In fact, I've already written Defendants two emails now (May 18 and May 25, 2018), with no response, advising that Dr. Cocco already provided a completed PFS and asking to begin the scheduling of depositions in the Cocco matter.

I'm certainly open to further discussion about this.  I ask that you engage in a meaningful meet-and-confer process with me before filing any show cause request, especially since I reached out to you well over a week ago to advise our position that a completed PFS was already served (as were completed DFSs) and I received no response.  If there is a good reason for Mrs. Cocco to complete a PFS when her husband already did so before he passed, let me know and let's discuss.  Show cause motions should follow a meet-and-confer, not the other way around.

From: Brown, Lindy [mailto:lbrown@bradley.com]
Sent: Friday, June 08, 2018 4:00 PM
To: Chip Orr
Cc: Andy.Birchfield@BeasleyAllen.com<mailto:Andy.Birchfield@BeasleyAllen.com>; Inquiries, Xarelto; Daly, Daryl; Brennan, Jessica L.
Subject: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Counsel,

This case was selected as a defense pick for Wave 1 workup under CMO 6.  Under CMO 6 and PTO 13, an updated, fully complete and verified Plaintiff Fact Sheet was due within 30 days of selection.  The PFS for your client was due on May 16, 2018, and no amended PFS has been submitted via MDL Centrality since selection.  Defendants will be filing a motion to show cause returnable for the June 27, 2018 MDL Status Conference as to why this case should not be dismissed with prejudice for failure to comply with CMO 6 and PTO 13.

Additionally, please be advised that per CMO 6, failure to timely complete all sections of the PFS in compliance with PTO 13 within 30 days of selection shall toll all CMO 6 deadlines with respect to plaintiff's case, including production of the Defendant Fact Sheet, until plaintiff has complied or the case is dismissed.
Thanks,
Lindy

[Image removed by sender. Bradley]

Lindy D. Brown
Attorney
e: lbrown@bradley.com<mailto:lbrown@bradley.com> w: bradley.com<http://bradley.com>
d: 601.592.9905 f: 601.592.1405
Bradley Arant Boult Cummings LLP
One Jackson Place, 188 E. Capitol Street, Suite 400 Jackson, MS 39201 LinkedIn
<https://www.linkedin.com/company/bradley-law> | Facebook <https://www.facebook.com/officialbradleylaw/> |
Twitter <https://twitter.com/bradleylegal> | Instagram <https://www.instagram.com/bradleylaw/> |
Blogs<http://www.bradley.com/blogs/> | My Bio<http://www.bradley.com/>

---

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

*************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*************************************

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
****************************************

# Exhibit J

**Chip Orr**

| | |
|---|---|
| **From:** | Daly, Daryl <Daryl.Daly@dbr.com> |
| **Sent:** | Thursday, June 21, 2018 4:18 PM |
| **To:** | Chip Orr; Goddard, Joan |
| **Cc:** | Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Miller, Chanda A. |
| **Subject:** | RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732) |

Chip,

Janssen Defendants do not agree to waive service in this case.  Janssen Defendants have agreed to waive service of complaints in this MDL only following proper and timely service of waivers in accordance with the Rules, which has not occurred here.  FRCP 4 provides that if a defendant is not served within 90 days after the complaint is filed, or waiver of service is not requested, the case should be dismissed without prejudice.  If you are not going to make a motion to serve Defendants out of time, the case should be dismissed without prejudice for failure to serve Defendants under FRCP 4.

Thanks
Daryl

-----Original Message-----
From: Chip Orr <corr@mulliganlaw.com>
Sent: Wednesday, June 20, 2018 4:24 PM
To: Daly, Daryl <Daryl.Daly@dbr.com>; Goddard, Joan <Joan.Goddard@arnoldporter.com>
Cc: Brown, Lindy <lbrown@bradley.com>; 'McCollum, Maegan' <mmccollum@bradley.com>; Brennan, Jessica L. <Jessica.Brennan@dbr.com>
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Instead of asking for leave to serve out of time, I will be filing a motion to deem service waived.  Such a motion will cover both Cocco (ID 1732) and Hunter (ID 9333).  The motion will be based on the Janssen Defendants' actual notice as well as participation in the discovery process for both matters.  Please consider this email to be my meet-and-confer regarding the necessity for me to file such a motion.  If you agree that service has been waived, please let me know by Friday (June 22) so that I can avoid having to file such a motion.

-----Original Message-----
From: Daly, Daryl [mailto:Daryl.Daly@dbr.com]
Sent: Monday, June 18, 2018 1:56 PM
To: Chip Orr; Goddard, Joan
Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Chip,

You need to file a motion for leave to serve out of time.  If that motion is granted, you can then follow the FRCP process with waivers of service.  We are not authorized to accept service.

Thanks
Daryl

-----Original Message-----

From: Chip Orr <corr@mulliganlaw.com>
Sent: Tuesday, June 12, 2018 5:32 PM
To: Goddard, Joan <Joan.Goddard@arnoldporter.com>
Cc: Brown, Lindy <lbrown@bradley.com>; 'McCollum, Maegan' <mmccollum@bradley.com>; Brennan, Jessica L.
<Jessica.Brennan@dbr.com>; Daly, Daryl <Daryl.Daly@dbr.com>
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks, Joan. I sent Janssen waivers of service for Cocco and Hunter last week (sent to CT Corp and Susan Sharko, same process used for other Mulligan cases pursuant to a written agreement between Deirdre Kole and me). Janssen has executed such waivers of service under this agreement in numerous other Mulligan cases, so I assume Janssen will do the same here. If not, please let me know ASAP so I can file an appropriate motion to be presented at the June 27 hearing. Thanks.

From: Goddard, Joan [Joan.Goddard@arnoldporter.com]
Sent: Tuesday, June 12, 2018 3:59 PM
To: Chip Orr
Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Daly, Daryl
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks Chip. Apologies for not flagging in prior email, but additionally, as we believe you have been previously informed by plaintiffs' lead counsel, you have not served Janssen with the complaint. Please either obtain permission to serve out of time or dismiss Janssen.   Thanks, Joan


Joan Goddard
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.7429 | F: +1 212.836.6659
Joan.Goddard@arnoldporter.com | www.arnoldporter.com


-----Original Message-----
From: Chip Orr [mailto:corr@mulliganlaw.com]
Sent: Tuesday, June 12, 2018 4:28 PM
To: Goddard, Joan
Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Daly, Daryl
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks. I'll revise my response in light of this email exchange and file it this week.

From: Goddard, Joan [Joan.Goddard@arnoldporter.com]
Sent: Tuesday, June 12, 2018 2:18 PM
To: Chip Orr
Cc: Brown, Lindy; 'McCollum, Maegan'; Brennan, Jessica L.; Daly, Daryl
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Chip, first thanks for your continuing efforts to obtain authorizations as they are needed for the collection of medical records and also for flagging that the motion to substitute Mrs. Cocco as party plaintiff has been granted.  As to the PFS, given the updates, including at least the death of Dr. Cocco, we believe that an updated PFS is required per CMO No. 6. As to a defense contact for scheduling depositions, defendants will be providing that information as cases become fully compliant pursuant to CMO No. 6.

Thanks again, Joan.


_____

Joan Goddard
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.7429 | F: +1 212.836.6659
Joan.Goddard@arnoldporter.com<mailto:Joan.Goddard@arnoldporter.com> | www.arnoldporter.com



From: Chip Orr [mailto:corr@mulliganlaw.com]
Sent: Monday, June 11, 2018 5:28 PM
To: Goddard, Joan
Cc: 'Brown, Lindy'; 'Daly, Daryl'; Brennan, Jessica L.; 'Andy.Birchfield@BeasleyAllen.com'; 'XareltoMDL2592-PFSInquiries@bradley.com'; 'penny.davies@beasleyallen.com'; 'Joseph.VanZandt@BeasleyAllen.com'; Cindy Ensley; Cathy Sanders
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Thanks for this reply, Joan.

Please note that all future meet-and-confers regarding individual Mulligan cases should be directed to me.  While it is certainly appropriate for Defendants to apprise the PSC/PEC of alleged PFS deficiencies in the remand cases, the remand cases are functionally now one-offs and should be treated as such.

I respectfully disagree that this case should remain on the show cause motion and I will be filing a response to the show cause motion, if not today then later this week.  If Defendants insist that Mrs. Cocco must supply a complete PFS with supporting declaration, she will have to provide her own answers, not "update" the existing PFS (as she cannot supply a declaration under penalty of perjury for anyone's answers beside her own).

However, I respect that Defendants need updated authorizations.  We are already in the process of securing those from Mrs. Cocco and should have them this week (along with the provider specific authorization that your office sent a week or so ago).

I'm unclear on why Defendants think the complaint needs to be amended.  Judge Fallon granted our motion to substitute Mrs. Cocco as party plaintiff.  I'm not saying I refuse to amend the complaint - I'd just like to know Defendants' reason(s) for suggesting that an amended complaint should be filed.

Finally, I've asked who I need to speak to regarding scheduling depositions in this case.  Could you please answer that question?

Kind regards,
Chip Orr

From: Goddard, Joan [mailto:Joan.Goddard@arnoldporter.com]
Sent: Monday, June 11, 2018 4:00 PM
To: Chip Orr
Cc: 'Brown, Lindy'; 'Daly, Daryl'; Brennan, Jessica L.; 'Andy.Birchfield@BeasleyAllen.com'; 'XareltoMDL2592-PFSInquiries@bradley.com'; 'penny.davies@beasleyallen.com'; 'Joseph.VanZandt@BeasleyAllen.com'
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Chip,
Thank you for email.  CMO 6 requires an updated PFS with selected plaintiffs to complete all sections within 30 days of compliance.  Defendants previously provided to Andy Birchfield a list of cases that had not submitted an updated PFS, so assumed that information had been passed on.  Given that Dr. Cocco has passed away since the last PFS was submitted, that is one update that should be incorporated into an updated PFS, if there is nothing else that needs to be updated, please let us know, otherwise please update any other sections as necessary to bring the PFS current.  Once we get an updated and complete PFS, we will take Dr. Cocco's case off the OTSC list and  at that time review all sections for deficiencies.  Additionally, given the passing of Dr. Cocco, the complaint will need to be amended, and we will need authorizations signed by the administrator.  If you would like to discuss, please let me know what is convenient for you.
Thanks, Joan.


_____

Joan Goddard
Counsel

Arnold & Porter
250 West 55th Street | New York, New York 10019-9710
T: +1 212.836.7429 | F: +1 212.836.6659
Joan.Goddard@arnoldporter.com<mailto:Joan.Goddard@arnoldporter.com> |
www.arnoldporter.com<http://www.arnoldporter.com>




From: Chip Orr [mailto:corr@mulliganlaw.com]
Sent: Monday, June 11, 2018 12:32 PM
To: Brown, Lindy <lbrown@bradley.com<mailto:lbrown@bradley.com>>
Cc: Andy.Birchfield@BeasleyAllen.com<mailto:Andy.Birchfield@BeasleyAllen.com>; Inquiries, Xarelto <XareltoMDL2592-PFSInquiries@bradley.com<mailto:XareltoMDL2592-PFSInquiries@bradley.com>>; Daly, Daryl <Daryl.Daly@dbr.com<mailto:Daryl.Daly@dbr.com>>; Brennan, Jessica L. <Jessica.Brennan@dbr.com<mailto:Jessica.Brennan@dbr.com>>; Joseph VanZandt (Joseph.VanZandt@BeasleyAllen.com<mailto:Joseph.VanZandt@BeasleyAllen.com>) <Joseph.VanZandt@BeasleyAllen.com<mailto:Joseph.VanZandt@BeasleyAllen.com>>; penny.davies@beasleyallen.com<mailto:penny.davies@beasleyallen.com>
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

[External Email]
I still have not heard back from Defendants regarding this matter.  At 5 p.m. Central time today, I plan to file the attached if I do not hear from Defendants before then.

From: Chip Orr
Sent: Friday, June 08, 2018 6:15 PM

To: 'Brown, Lindy'
Cc: 'Andy.Birchfield@BeasleyAllen.com'; 'Inquiries, Xarelto'; 'Daly, Daryl'; 'Brennan, Jessica L.'
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Defendants provided no notice to me of any alleged deficiency regarding Dr. Cocco's completed PFS before 4:00 p.m. Central Time today.  Despite not engaging in any meet-and-confer and without responding either to the email below or to the two prior emails I sent you regarding Dr. Cocco's case (on May 25 and May 18, 2018), Defendants have now filed a show cause motion regarding Dr. Cocco, less than two hours after Defendants first provided notice to me that Defendants expected Dr. Cocco to serve another completed PFS even though the parties have already exchanged competed PFSs and DFSs.

Under these circumstances, I respectfully request that Defendants withdraw the show cause motion as to Dr. Cocco's case and engage in a good faith meet-and-confer process as requested in my email below.

I will be responding to the show cause motion no later than end of day next Monday (June 11).  I will refrain from filing before then in the hope that Defendants will engage in meaningful, good faith meet-and-confer discussions regarding this matter.  Show cause motions should never be the first resort - they should follow good faith meet-and-confer processes.

Moreover, these cases are not cookie cutter, one-size-fits-all.  Each case is individual.  Global show cause motions that do not distinguish cases that are factually inapposite are inappropriate at this stage of the litigation.  Which is all the more reason for good faith, individualized meet-and-confer conferences before the filing of any show cause motions, which take up the court's valuable time and which force the parties to engage in needless motion practice when that time could be better spent actually working the cases up for trial.

From: Chip Orr
Sent: Friday, June 08, 2018 4:53 PM
To: 'Brown, Lindy'
Cc: Andy.Birchfield@BeasleyAllen.com<mailto:Andy.Birchfield@BeasleyAllen.com>; Inquiries, Xarelto; Daly, Daryl; Brennan, Jessica L.
Subject: RE: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

As Defendants know, Dr. Cocco already served a complete (all sections) verified PFS years ago.  As Defendants also know, Dr. Cocco has since passed away and his widow has been substituted as party plaintiff.  Under these circumstances, I don't see what use Mrs. Cocco's completed PFS would be to Defendants - she would simply be providing a lot of "I don't know or recall" responses.

Moreover, Defendants have already provided DFSs and I don't need another one (though I reserve the right to request one, if Defendants insist that we provide another completed PFS when one has already been provided).  In fact, I've already written Defendants two emails now (May 18 and May 25, 2018), with no response, advising that Dr. Cocco already provided a completed PFS and asking to begin the scheduling of depositions in the Cocco matter.

I'm certainly open to further discussion about this.  I ask that you engage in a meaningful meet-and-confer process with me before filing any show cause request, especially since I reached out to you well over a week ago to advise our position that a completed PFS was already served (as were completed DFSs) and I received no response.  If there is a good reason for Mrs. Cocco to complete a PFS when her husband already did so before he passed, let me know and let's discuss.  Show cause motions should follow a meet-and-confer, not the other way around.

From: Brown, Lindy [mailto:lbrown@bradley.com]
Sent: Friday, June 08, 2018 4:00 PM
To: Chip Orr

Cc: Andy.Birchfield@BeasleyAllen.com<mailto:Andy.Birchfield@BeasleyAllen.com>; Inquiries, Xarelto; Daly, Daryl; Brennan, Jessica L.
Subject: Xarelto: PFS - CMO 6 Wave 1 Selection - Plaintiff Thomas Cocco (MDL Centrality ID 1732)

Counsel,

This case was selected as a defense pick for Wave 1 workup under CMO 6. Under CMO 6 and PTO 13, an updated, fully complete and verified Plaintiff Fact Sheet was due within 30 days of selection. The PFS for your client was due on May 16, 2018, and no amended PFS has been submitted via MDL Centrality since selection. Defendants will be filing a motion to show cause returnable for the June 27, 2018 MDL Status Conference as to why this case should not be dismissed with prejudice for failure to comply with CMO 6 and PTO 13.

Additionally, please be advised that per CMO 6, failure to timely complete all sections of the PFS in compliance with PTO 13 within 30 days of selection shall toll all CMO 6 deadlines with respect to plaintiff's case, including production of the Defendant Fact Sheet, until plaintiff has complied or the case is dismissed.
Thanks,
Lindy


[Image removed by sender. Bradley]


Lindy D. Brown
Attorney
e: lbrown@bradley.com<mailto:lbrown@bradley.com> w: bradley.com<http://bradley.com>
d: 601.592.9905 f: 601.592.1405
Bradley Arant Boult Cummings LLP
One Jackson Place, 188 E. Capitol Street, Suite 400 Jackson, MS 39201 LinkedIn
<https://www.linkedin.com/company/bradley-law> | Facebook <https://www.facebook.com/officialbradleylaw> |
Twitter <https://twitter.com/bradleylegal> | Instagram <https://www.instagram.com/bradleylaw/> |
Blogs<http://www.bradley.com/blogs/> | My Bio<http://www.bradley.com/>

---

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

---

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

_____

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com


_____

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

_____

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

*************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*************************************

*************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*************************************

# Exhibit K

**Chip Orr**

| | |
|---|---|
| From: | GoMarkersNotifications@Marker-Group.com |
| Sent: | Friday, June 29, 2018 2:19 AM |
| To: | Chip Orr |
| Subject: | Daily Record Received from the Marker Group, Inc. [20180628210858530-NWDFM16] |

## The Marker Group

For assistance, please email GoMarkers, or call (877) 934-2748.

Records Upload Notification

| Notification | Patient | Order-Part | Custodian | Record Type | Begin Bates | End Bates | Categories |
|---|---|---|---|---|---|---|---|
| | Thomas Cocco | 750363-35-1 | Bridgeport Hospital((Radiology Department) | Film Inventory | TCocco-BridgeportHosp-RD-000001 | TCocco-BridgeportHosp-RD-000002 | CMO 6, MDL Wave 1 |
| | Thomas Cocco | 750363-45-1 | Gastroenterology Associates of Fairfield County P.C. | Medical And Billing | TCocco-GAFC-000001 | TCocco-GAFC-000021 | CMO 6, MDL Wave 1 |
| | Jack Hunter | 750758-5-1 | Walgreen Company | Pharmacy | JHunter-WC-000001 | JHunter-WC-000026 | CMO 6, Deceased, MDL Wave 1 |

M
MARKER
GROUP

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
800.264.9070 *main* | 713.934.2748 *fax*
GoMarkers@Marker-Group.com
www.Marker-Group.com | **Certified Women's Business Enterprise**

The information contained in this electronic mail transmission and any attachment(s) is HIGHLY CONFIDENTIAL and/or privileged and is intended solely for the use of the intended recipient(s). If the reader of this message is not an intended recipient of the transmission, or an agent or employee designated to deliver the transmission to an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this electronic mail transmission in error, please immediately delete and destroy all copies of this transmission and any attachments, and notify the sender by reply e-mail or by calling 713-460-9070.

**Chip Orr**

| | |
|---|---|
| **From:** | GoMarkersNotifications@Marker-Group.com |
| **Sent:** | Wednesday, June 27, 2018 3:47 PM |
| **To:** | Chip Orr |
| **Subject:** | Daily Record Received from the Marker Group, Inc. [20180627152459760-NWDFM16] |

# The Marker Group

For assistance, please email GoMarkers, or call (877) 934-2748.

Records Upload Notification

| Notification | Patient | Order-Part | Custodian | Record Type | Begin Bates | End Bates | Categories |
|---|---|---|---|---|---|---|---|
| | Thomas Cocco | 750363-2-2 | Plaintiff Fact Sheet | Plaintiff Fact Sheet | TCocco-PFS-000043 | TCocco-PFS-000044 | CMO 6, MDL Wave 1 |

**M** **The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
800.264.9070 *main* | 713.934.2748 *fax*
MARKER   GoMarkers@Marker-Group.com
GROUP   www.Marker-Group.com | **Certified Women's Business Enterprise**

The information contained in this electronic mail transmission and any attachment(s) is HIGHLY CONFIDENTIAL and/or privileged and is intended solely for the use of the intended recipient(s). If the reader of this message is not an intended recipient of the transmission, or an agent or employee designated to deliver the transmission to an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this electronic mail transmission in error, please immediately delete and destroy all copies of this transmission and any attachments, and notify the sender by reply e-mail or by calling 713-460-9070.

**Chip Orr**

| | |
|---|---|
| **From:** | GoMarkersNotifications@Marker-Group.com |
| **Sent:** | Tuesday, June 26, 2018 12:49 AM |
| **To:** | Chip Orr |
| **Subject:** | Daily Record Received from the Marker Group, Inc. [20180626000354400-NWDFM16] |

# The Marker Group

For assistance, please email GoMarkers, or call (877) 934-2748.

Records Upload Notification

| Notification | Patient | Order-Part | Custodian | Record Type | Begin Bates | End Bates | Categories |
|---|---|---|---|---|---|---|---|
| | Thomas Cocco | 750363-28-1 | PriMed Physicians | Copied NR Cert or Letter | TCocco-PriMP-000001 | TCocco-PriMP-000001 | CMO 6, MDL Wave 1 |

**M**

**MARKER**
**GROUP**

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
800.264.9070 *main* | 713.934.2748 *fax*
GoMarkers@Marker-Group.com
www.Marker-Group.com | **Certified Women's Business Enterprise**

The information contained in this electronic mail transmission and any attachment(s) is HIGHLY CONFIDENTIAL and/or privileged and is intended solely for the use of the intended recipient(s). If the reader of this message is not an intended recipient of the transmission, or an agent or employee designated to deliver the transmission to an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this electronic mail transmission in error, please immediately delete and destroy all copies of this transmission and any attachments, and notify the sender by reply e-mail or by calling 713-460-9070.

**Chip Orr**

| | |
|---|---|
| **From:** | GoMarkersNotifications@Marker-Group.com |
| **Sent:** | Friday, June 08, 2018 9:19 AM |
| **To:** | Chip Orr |
| **Subject:** | Daily Record Received from the Marker Group, Inc. [20180608081450760-NWDFM16] |

# The Marker Group

For assistance, please email GoMarkers, or call (877) 934-2748.

Records Upload Notification

| Notification | Patient | Order-Part | Custodian | Record Type | Begin Bates | End Bates | Categories |
|---|---|---|---|---|---|---|---|
| | Thomas Cocco | 750363-22-1 | CVS/Pharmacy, Inc.((Privacy Office) | Pharmacy | TCocco-CVS-000001 | TCocco-CVS-000026 | CMO 6, MDL Wave 1 |

# M

**MARKER GROUP**

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
800.264.9070 *main* | 713.934.2748 *fax*
GoMarkers@Marker-Group.com
www.Marker-Group.com | **Certified Women's Business Enterprise**

The information contained in this electronic mail transmission and any attachment(s) is HIGHLY CONFIDENTIAL and/or privileged and is intended solely for the use of the intended recipient(s). If the reader of this message is not an intended recipient of the transmission, or an agent or employee designated to deliver the transmission to an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this electronic mail transmission in error, please immediately delete and destroy all copies of this transmission and any attachments, and notify the sender by reply e-mail or by calling 713-460-9070.

**Chip Orr**

| | |
|---|---|
| **From:** | GoMarkersNotifications@Marker-Group.com |
| **Sent:** | Wednesday, June 06, 2018 10:27 AM |
| **To:** | Chip Orr |
| **Subject:** | Daily Record Received from the Marker Group, Inc. [20180606084243760-NWDFM16] |

# The Marker Group

For assistance, please email GoMarkers, or call (877) 934-2748.

Records Upload Notification

| Notification | Patient | Order-Part | Custodian | Record Type | Begin Bates | End Bates | Categories |
|---|---|---|---|---|---|---|---|
| | Thomas Cocco | 750363-21-1 | Rite Aid Headquarters Corporation((Legal Department) | Copied NR Cert or Letter | TCocco-RAHC-000001 | TCocco-RAHC-000002 | CMO 6, MDL Wave 1 |
| | Thomas Cocco | 750363-6-2 | St. Vincent's Medical Center((Medical Records Department) | Medical | TCocco-SVMC-CT-MD-000030 | TCocco-SVMC-CT-MD-000034 | CMO 6, MDL Wave 1 |

**M** **The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
800.264.9070 *main* | 713.934.2748 *fax*
MARKER   GoMarkers@Marker-Group.com
GROUP   www.Marker-Group.com | **Certified Women's Business Enterprise**

The information contained in this electronic mail transmission and any attachment(s) is HIGHLY CONFIDENTIAL and/or privileged and is intended solely for the use of the intended recipient(s). If the reader of this message is not an intended recipient of the transmission, or an agent or employee designated to deliver the transmission to an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this electronic mail transmission in error, please immediately delete and destroy all copies of this transmission and any attachments, and notify the sender by reply e-mail or by calling 713-460-9070.

**Chip Orr**

| | |
|---|---|
| **From:** | GoMarkersNotifications@Marker-Group.com |
| **Sent:** | Tuesday, May 29, 2018 10:04 PM |
| **To:** | Chip Orr |
| **Subject:** | Daily Record Received from the Marker Group, Inc. [201805292147220-NWDFM16] |

# The Marker Group

For assistance, please email GoMarkers, or call (877) 934-2748.

Records Upload Notification

| Notification | Patient | Order-Part | Custodian | Record Type | Begin Bates | End Bates | Categories |
|---|---|---|---|---|---|---|---|
| | Thomas Cocco | 750363-23-1 | Connecticut Heart and Vascular Center | Medical | TCocco-CHVC-000001 | TCocco-CHVC-000048 | CMO 6, MDL Wave 1 |

# M
MARKER
GROUP

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
**800.264.9070** *main* | **713.934.2748** *fax*
GoMarkers@Marker-Group.com
www.Marker-Group.com | **Certified Women's Business Enterprise**

The information contained in this electronic mail transmission and any attachment(s) is HIGHLY CONFIDENTIAL and/or privileged and is intended solely for the use of the intended recipient(s). If the reader of this message is not an intended recipient of the transmission, or an agent or employee designated to deliver the transmission to an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this electronic mail transmission in error, please immediately delete and destroy all copies of this transmission and any attachments, and notify the sender by reply e-mail or by calling 713-460-9070.

**Chip Orr**

| | |
|---|---|
| **From:** | Rebekah Boone <RebekahBoone@marker-group.com> |
| **Sent:** | Thursday, May 24, 2018 8:03 PM |
| **To:** | Chip Orr |
| **Cc:** | Nicole Nelson |
| **Subject:** | RE: Xarelto Litigation - Notification of Authorization(s) Issuance in 7 days. |

Thank you!

**From:** Chip Orr <corr@mulliganlaw.com>
**Sent:** Thursday, May 24, 2018 7:31 PM
**To:** GoMarkers Notifications <GoMarkersNotifications@marker-group.com>
**Cc:** Rebekah Boone <RebekahBoone@marker-group.com>; Nicole Nelson <NicoleNelson@marker-group.com>
**Subject:** RE: Xarelto Litigation - Notification of Authorization(s) Issuance in 7 days.

No objections.  No need to wait 7 days.

**From:** The Marker Group [mailto:GoMarkersNotifications@marker-group.com]
**Sent:** Thursday, May 24, 2018 7:30 PM
**To:** Chip Orr
**Cc:** RebekahBoone@marker-group.com; NicoleNelson@marker-group.com
**Subject:** Xarelto Litigation - Notification of Authorization(s) Issuance in 7 days.

# The Marker Group

This email serves as notification that the following authorizations will be directed and issued 7 days from today. If you have objection to use of and/or dating of the authorization for any plaintiff or provider listed below, please respond to this email.

If you would like to include additional recipients to this email notification, please contact Nicole Nelson at nicolenelson@marker-group.com with the information and we will include them in future notifications.

| Patient | Record Provider | Record Type |
|---|---|---|
| Thomas Cocco | PriMed Physicians | Medical And Billing |
| Thomas Cocco | PriMed Cardiology | Medical And Billing |
| Thomas Cocco | Gastroenterology Associates of Fairfield County P.C. | Medical And Billing |

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
800.264.9070 *main* | 713.934.2748 *fax*
GoMarkers@Marker-Group.com
www.Marker-Group.com | **Certified Women's Business Enterprise**

1

The information contained in this electronic mail transmission and any attachment(s) is HIGHLY CONFIDENTIAL and/or privileged and is intended solely for the use of the intended recipient(s). If the reader of this message is not an intended recipient of the transmission, or an agent or employee designated to deliver the transmission to an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this electronic mail transmission in error, please immediately delete and destroy all copies of this transmission and any attachments, and notify the sender by reply e-mail or by calling 713-460-9070.

**Chip Orr**

**From:** GoMarkersNotifications@Marker-Group.com
**Sent:** Wednesday, May 23, 2018 8:40 PM
**To:** Chip Orr
**Subject:** Daily Record Received from the Marker Group, Inc. [201805231930230-NWDFM16]

# The Marker Group

For assistance, please email GoMarkers, or call (877) 934-2748.

Records Upload Notification

| Notification | Patient | Order-Part | Custodian | Record Type | Begin Bates | End Bates | Categories |
|---|---|---|---|---|---|---|---|
| | Thomas Cocco | 750363-6-1 | St. Vincent's Medical Center((Medical Records Department) | Medical | TCocco-SVMC-CT-MD-000001 | TCocco-SVMC-CT-MD-000029 | CMO 6, MDL Wave 1 |
| | Janice Foley | 750410-2-2 | Plaintiff Fact Sheet | Plaintiff Fact Sheet | JFoley-PFS-000020 | JFoley-PFS-000039 | CMO 6, MDL Wave 1 |

M

MARKER
GROUP

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
800.264.9070 *main* | 713.934.2748 *fax*
GoMarkers@Marker-Group.com
www.Marker-Group.com | **Certified Women's Business Enterprise**

The information contained in this electronic mail transmission and any attachment(s) is HIGHLY CONFIDENTIAL and/or privileged and is intended solely for the use of the intended recipient(s). If the reader of this message is not an intended recipient of the transmission, or an agent or employee designated to deliver the transmission to an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this electronic mail transmission in error, please immediately delete and destroy all copies of this transmission and any attachments, and notify the sender by reply e-mail or by calling 713-460-9070.

## Chip Orr

**From:** GoMarkersNotifications@Marker-Group.com
**Sent:** Friday, May 18, 2018 7:30 PM
**To:** Chip Orr
**Subject:** Daily Record Received from the Marker Group, Inc. [201805181926510-NWDFM16]

# The Marker Group

For assistance, please email GoMarkers, or call (877) 934-2748.

Records Upload Notification

| Notification | Patient | Order-Part | Custodian | Record Type | Begin Bates | End Bates | Categories |
|---|---|---|---|---|---|---|---|
| | Thomas Cocco | 750363-7-1 | St. Vincent's Medical Center((Patient Accounts) | Billing | TCocco-SVMC-CT-BD-000001 | TCocco-SVMC-CT-BD-000021 | CMO 6, MDL Wave 1 - |

**M** MARKER GROUP

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
800.264.9070 *main* | 713.934.2748 *fax*
GoMarkers@Marker-Group.com
www.Marker-Group.com | **Certified Women's Business Enterprise**

The information contained in this electronic mail transmission and any attachment(s) is HIGHLY CONFIDENTIAL and/or privileged and is intended solely for the use of the intended recipient(s). If the reader of this message is not an intended recipient of the transmission, or an agent or employee designated to deliver the transmission to an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this electronic mail transmission in error, please immediately delete and destroy all copies of this transmission and any attachments, and notify the sender by reply e-mail or by calling 713-460-9070.

**Chip Orr**

| | |
|---|---|
| **From:** | GoMarkersNotifications@Marker-Group.com |
| **Sent:** | Wednesday, June 27, 2018 1:34 PM |
| **To:** | Chip Orr |
| **Subject:** | Daily Record Received from the Marker Group, Inc. [20180627121810530-NWDFM17] |

## The Marker Group

For assistance, please email GoMarkers, or call (877) 934-2748.

Records Upload Notification

| Notification | Patient | Order-Part | Custodian | Record Type | Begin Bates | End Bates | Categories |
|---|---|---|---|---|---|---|---|
| | Jack Hunter | 750758-13-1 | Lakeshore Surgical Consultants, PLC. | Original No Records Certification or Letter | JHunter-LakeSC-000001 | JHunter-LakeSC-000001 | CMO 6, Deceased, MDL Wave 1 |

**M**

**MARKER GROUP**

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
800.264.9070 *main* | 713.934.2748 *fax*
GoMarkers@Marker-Group.com
www.Marker-Group.com | **Certified Women's Business Enterprise**

The information contained in this electronic mail transmission and any attachment(s) is HIGHLY CONFIDENTIAL and/or privileged and is intended solely for the use of the intended recipient(s). If the reader of this message is not an intended recipient of the transmission, or an agent or employee designated to deliver the transmission to an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this electronic mail transmission in error, please immediately delete and destroy all copies of this transmission and any attachments, and notify the sender by reply e-mail or by calling 713-460-9070.

**Chip Orr**

| | |
|---|---|
| **From:** | Rebekah Boone <RebekahBoone@marker-group.com> |
| **Sent:** | Thursday, June 21, 2018 9:04 AM |
| **To:** | Chip Orr |
| **Cc:** | Nicole Nelson; Cathy Sanders; Cindy Ensley |
| **Subject:** | RE: Xarelto Litigation - Notification of Authorization(s) Issuance in 7 days. |

Thank you!

**Rebekah Boone, Project Manager**
RebekahBoone@marker-group.com | 713.934.2667 *direct*

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
713.460.9070 *main*

**Records Collection & Analysis and Medical Review**
www.Marker-Group.com

**CERTIFIED WOMEN'S BUSINESS ENTERPRISE**

**ISO 27001:2013 CERTIFIED**

**From:** Chip Orr <corr@mulliganlaw.com>
**Sent:** Wednesday, June 20, 2018 8:49 PM
**To:** GoMarkers Notifications <GoMarkersNotifications@marker-group.com>
**Cc:** Rebekah Boone <RebekahBoone@marker-group.com>; Nicole Nelson <NicoleNelson@marker-group.com>; Cathy
Sanders <CSanders@mulliganlaw.com>; Cindy Ensley <censley@mulliganlaw.com>
**Subject:** Re: Xarelto Litigation - Notification of Authorization(s) Issuance in 7 days.

No objections. No need to wait seven days. Thanks.

**From:** The Marker Group <GoMarkersNotifications@marker-group.com>
**Sent:** Wednesday, June 20, 2018 7:30:03 PM
**To:** Chip Orr
**Cc:** RebekahBoone@marker-group.com; NicoleNelson@marker-group.com
**Subject:** Xarelto Litigation - Notification of Authorization(s) Issuance in 7 days.

# The Marker Group

This email serves as notification that the following authorizations will be directed and issued 7 days from today.
If you have objection to use of and/or dating of the authorization for any plaintiff or provider listed below,
please respond to this email.

If you would like to include additional recipients to this email notification, please contact Nicole Nelson at
nicolenelson@marker-group.com with the information and we will include them in future notifications.

| Patient | Record Provider | Record Type |
|---|---|---|
| Jack Hunter | New Millennium Surgery Center | Medical And Billing |
| Jack Hunter | Express Scripts, Inc. Records | Medical And Billing |
| Jack Hunter | Emc Rad | Medical And Billing |
| Jack Hunter | Henry Ford Wyandotte Hospital (Medical Records Department) | Medical |
| Jack Hunter | Beaumont Hospital-Trenton (Medical Records Department) | Medical |

# M

## MARKER GROUP

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
800.264.9070 *main* | 713.934.2748 *fax*
GoMarkers@Marker-Group.com
www.Marker-Group.com | **Certified Women's Business Enterprise**

The information contained in this electronic mail transmission and any attachment(s) is HIGHLY CONFIDENTIAL and/or privileged and is intended solely for the use of the intended recipient(s). If the reader of this message is not an intended recipient of the transmission, or an agent or employee designated to deliver the transmission to an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this electronic mail transmission in error, please immediately delete and destroy all copies of this transmission and any attachments, and notify the sender by reply e-mail or by calling 713-460-9070.

## Chip Orr

| | |
|---|---|
| **From:** | Rebekah Boone <RebekahBoone@marker-group.com> |
| **Sent:** | Wednesday, June 20, 2018 9:06 AM |
| **To:** | Chip Orr |
| **Cc:** | Nicole Nelson |
| **Subject:** | RE: Xarelto Litigation - Notification of Authorization(s) Issuance in 7 days. |

Thank you, Chip!



**Rebekah Boone**, Project Manager
RebekahBoone@marker-group.com | 713.934.2667 *direct*

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
713.460.9070 *main*

**Records Collection & Analysis and Medical Review**
www.Marker-Group.com

**CERTIFIED WOMEN'S BUSINESS ENTERPRISE**
**ISO 27001:2013 CERTIFIED**

**From:** Chip Orr <corr@mulliganlaw.com>
**Sent:** Wednesday, June 20, 2018 8:20 AM
**To:** GoMarkers Notifications <GoMarkersNotifications@marker-group.com>
**Cc:** Rebekah Boone <RebekahBoone@marker-group.com>; Nicole Nelson <NicoleNelson@marker-group.com>
**Subject:** RE: Xarelto Litigation - Notification of Authorization(s) Issuance in 7 days.

I think this is a duplicate.  If not, we have no objection to any of these and you don't need to wait 7 days.

**From:** The Marker Group [mailto:GoMarkersNotifications@marker-group.com]
**Sent:** Tuesday, June 19, 2018 8:12 PM
**To:** Chip Orr
**Cc:** RebekahBoone@marker-group.com; NicoleNelson@marker-group.com
**Subject:** Xarelto Litigation - Notification of Authorization(s) Issuance in 7 days.

# The Marker Group

This email serves as notification that the following authorizations will be directed and issued 7 days from today. If you have objection to use of and/or dating of the authorization for any plaintiff or provider listed below, please respond to this email.

If you would like to include additional recipients to this email notification, please contact Nicole Nelson at nicolenelson@marker-group.com with the information and we will include them in future notifications.

| Patient | Record Provider | Record Type |
|---|---|---|

| Janice Foley | Anthem Insurance | Insurance |
| Janice Foley | Fley, Jeffrey, M.D. | Medical |
| Janice Foley | Express Scripts, Inc. Records | Pharmacy |
| Janice Foley | Reading Fire Department | Medical And Billing |
| Janice Foley | American Mercy Home Care | Medical And Billing |
| Janice Foley | TriHealth Digestive Institute | Medical And Billing |
| Janice Foley | TriHealth Heart (Medical Records Department) | Medical And Billing |
| Janice Foley | Riverhills Neuroscience (Medical Records Department) | Medical And Billing |
| Jack Hunter | Downriver Cardiology Consultants | Medical And Billing |

# M

MARKER
GROUP

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
800.264.9070 *main* | 713.934.2748 *fax*
GoMarkers@Marker-Group.com
www.Marker-Group.com | **Certified Women's Business Enterprise**

The information contained in this electronic mail transmission and any attachment(s) is HIGHLY CONFIDENTIAL and/or privileged and is intended solely for the use of the intended recipient(s). If the reader of this message is not an intended recipient of the transmission, or an agent or employee designated to deliver the transmission to an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this electronic mail transmission in error, please immediately delete and destroy all copies of this transmission and any attachments, and notify the sender by reply e-mail or by calling 713-460-9070.

**Chip Orr**

| | |
|---|---|
| **From:** | GoMarkers <GoMarkers@marker-group.com> |
| **Sent:** | Tuesday, June 19, 2018 5:36 PM |
| **To:** | Chip Orr; GoMarkers; Cindy Ensley; Cathy Sanders |
| **Subject:** | RE: Xarelto Litigation - Notification of Authorization(s) Issuance in 7 days |

Chip – thank you!

Have a nice evening.



**Anh Truong, Client Services Specialist**
AnhTruong@marker-group.com | 832.333.2815 *direct*

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
713.460.9070 *main*

**Records Collection & Analysis and Medical Review**
www.Marker-Group.com

**CERTIFIED WOMEN'S BUSINESS ENTERPRISE**

**ISO 27001:2013 CERTIFIED**

**From:** Chip Orr [mailto:corr@mulliganlaw.com]
**Sent:** Tuesday, June 19, 2018 5:35 PM
**To:** GoMarkers <GoMarkers@marker-group.com>; Cindy Ensley <censley@mulliganlaw.com>; Cathy Sanders <CSanders@mulliganlaw.com>
**Subject:** Re: Xarelto Litigation - Notification of Authorization(s) Issuance in 7 days

No need to wait 7 days. No objection to any. Thanks.

**From:** GoMarkers <GoMarkers@marker-group.com>
**Sent:** Tuesday, June 19, 2018 5:31:58 PM
**To:** Chip Orr; Cindy Ensley; Cathy Sanders
**Cc:** GoMarkers
**Subject:** Xarelto Litigation - Notification of Authorization(s) Issuance in 7 days

# The Marker Group

This email serves as notification that the following authorizations will be directed and issued 7 days from today. If you have objection to use of and/or dating of the authorization for any plaintiff or provider listed below, please respond to this email.

If you would like to include additional recipients to this email notification, please contact Nicole Nelson at nicolenelson@marker-group.com with the information and we will include them in future notifications.

1

| Patient | Record Provider | Record Type |
|---|---|---|
| Janice Foley | Anthem Insurance | Insurance |
| Janice Foley | Fley, Jeffrey, M.D. | Medical |
| Janice Foley | Express Scripts, Inc. | Pharmacy |
| Janice Foley | Reading Fire Department | Medical And Billing |
| Janice Foley | American Mercy Home Care | Medical And Billing |
| Janice Foley | TriHealth Digestive Institute | Medical And Billing |
| Janice Foley | TriHealth Heart | Medical And Billing |
| Janice Foley | Riverhills Neuroscience | Medical And Billing |
| Jack Hunter | Downriver Cardiology Consultants | Medical And Billing |

**The Marker Group, Inc.**
13105 Northwest Freeway, Suite 300 | Houston, TX 77040
800.264.9070 *main* | 713.934.2748 *fax*
GoMarkers@Marker-Group.com
www.Marker-Group.com | **Certified Women's Business Enterprise**

The information contained in this electronic mail transmission and any attachment(s) is HIGHLY CONFIDENTIAL and/or privileged and is intended solely for the use of the intended recipient(s). If the reader of this message is not an intended recipient of the transmission, or an agent or employee designated to deliver the transmission to an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this electronic mail transmission in error, please immediately delete and destroy all copies of this transmission and any attachments, and notify the sender by reply e-mail or by calling 713-460-9070.