# GENERAL DURABLE POWER OF ATTORNEY

# OF

# HORACE E. FINLEY

Prepared By:
LETHA SGRITTA MCDOWELL, CELA
Attorney at Law

**HOOK LAW CENTER, P.C.**
295 Bendix Road, Suite 170, Virginia Beach, Virginia 23452-1294
5806 Harbour View Boulevard, Suite 203, Suffolk, Virginia 23435-3496
P.O. Box 3370, Kitty Hawk, North Carolina 27949

Tel: 757-399-7506
Fax: 757-397-1267
www.hooklawcenter.com

Exhibit C

### GENERAL DURABLE POWER OF ATTORNEY OF HORACE E. FINLEY

I, HORACE E. FINLEY, of ▮▮▮▮▮▮▮▮▮ Elizabeth City, North Carolina 27909, (for the purpose of recordation "Grantor"), do hereby appoint AMELIA JEAN FINLEY BIGGS, of ▮▮▮▮▮▮ Hertford, North Carolina 27944, to serve as my Agent (referred to herein as my "Agent" and for the purpose of recordation the Agent is a "Grantee") under this general power of attorney.  If my Agent dies, resigns or is unable to act, then I appoint KAREN MARIE FINLEY GODFREY, of ▮▮▮▮▮▮▮ Elizabeth City, North Carolina 27909, as my successor Agent (in which case all references herein to my "Agent" shall refer to my "successor Agent" and for the purpose of recordation each successor agent is a "Grantee").

### ARTICLE I
### EFFECTIVE DATE; DURABILITY

This power of attorney is immediately effective and shall be considered a General Durable Power of Attorney executed pursuant to Article 2 of Chapter 32A of the General Statutes of North Carolina.  This power of attorney (and my Agent's authority) shall not be affected by my subsequent incapacity or mental incompetence.

### ARTICLE II
### FINANCIAL AND PROPERTY POWERS

I hereby confer upon my Agent full and complete authority to exercise the following powers on my behalf:

A.    **Demand and Receive.**  My Agent is authorized to demand, collect, receive, or make such other appropriate disposition, as my Agent deems appropriate, of all cash, rights to payment, debts, accounts or benefits to which I am entitled.  My Agent is authorized to utilize all lawful means and methods to collect such assets, benefits or rights.  My Agent is authorized to compromise claims and grant discharges in regard to the matters described herein.

      B.    **Claims.**  My Agent is authorized to satisfy, or reject and defend against, claims that may be asserted against me, or against any of my property or interests, or, in my Agent's discretion, to arbitrate, settle or compromise such claims.

      C.    **Bank and Financial Accounts.**  My Agent is authorized to establish accounts of all kinds for me with any financial institution, including, but not limited to, banks and brokerage firms; to make deposits to and to make withdrawals from all accounts in my name or with respect to which I hold the right to withdraw assets; to execute and deliver any instruments or checks with respect to such accounts; and to contract for any services rendered by any financial institution.

      D.    **Motor Vehicles.**  My Agent is authorized to apply for a Certificate of Title upon, and endorse and transfer title thereto, for any automobile, truck, pickup, van, motorcycle, trailer, motor home, boat or other motor vehicle, and to represent in such transfer that the title of this motor vehicle is free and clear of all liens and encumbrances, except those specifically set forth in such transfer assignment.

      E.    **Credit Cards.**  My Agent is authorized to use my credit card(s) and to sign charge slips.

      F.    **Execution of Documents.**  My Agent is authorized to sign on my behalf any check, deed, contract, pleading, retirement or disability election, or any other document.

      G.    **Borrow Money.**  My Agent is authorized to borrow money in my name on such terms as my Agent may deem appropriate, and to execute notes and other documents on my behalf necessary to document such loans and to give any lender a security interest in any or all of my real and/or personal property in connection with any such loan.

      H.    **Sale or Lease of Real or Personal Property.**  My Agent is authorized to sell or lease all or any part or parts of my real or personal estate, including, but not limited to, my real property located at ▮▮▮▮▮▮▮▮▮▮ Elizabeth City, North Carolina 27909 and the empty lot next door, known as ▮▮▮▮▮▮▮▮▮ Elizabeth City, North Carolina 27909, or any interest that I may have in any real or personal estate, wherever situated, upon such terms as my Agent may deem appropriate.  My Agent is further authorized to execute and deliver on my behalf any deeds, leases and conveyances thereof, with all necessary covenants, warranties and assurances, and to sign, seal, acknowledge and deliver the same.

      I.    **Purchase of Real and Personal Property.**  My Agent is authorized to buy any real or personal property on my behalf on such terms and conditions as my Agent shall deem appropriate.

      J.    **Investments.**  My Agent is authorized to buy or sell stocks, bonds, Treasury securities, or other investments on my behalf.  This includes purchasing, redeeming, or retitling U.S. Savings Bonds to include payable on death and designation of beneficiary.  My Agent shall

not be required to comply with the "prudent investor" rule. My Agent is further authorized to hire, compensate and fire investment advisors on my behalf.

      K.     **Safe Deposit Boxes.** My Agent is authorized to enter any safe deposit box leased in my name, in my name jointly with others or in which I otherwise have the right to enter. My Agent is further authorized to remove or add to its contents.

      L.     **Insurance.** My Agent is authorized as follows:

         1.     To purchase, maintain, or terminate any (a) life insurance or annuities, (b) liability insurance, (c) hospital insurance, medical insurance, Medicare supplement insurance, long term care insurance, and disability income insurance, or (d) casualty insurance on my behalf or on behalf of any of my dependents;

         2.     To pay all insurance premiums for such policies, to select any options under such policies, to increase or decrease coverage under any such policy, or to borrow against any such policy;

         3.     To pursue any claims for benefits under such policies on my behalf;

         4.     To receive and make such disposition of the cash value on termination of any such policy;

         5.     To designate and to change the beneficiaries of loss payees under any such insurance policies or under any annuity contract in which I have an interest.

      M.     **Access to Documents.** My Agent is authorized to have access to and possession of my will, trust agreements, deeds, life insurance policies, contracts, records, tax returns and other documents.

      N.     **Gifts.** My Agent is authorized to make gifts, grants or other transfers of any of my real or personal property, including by means of the forgiveness of indebtedness (referred to in this paragraph, collectively, as "gifts"), without consideration, in accordance with the terms of this paragraph, and subject to the following limitations and considerations:

         1.     My Agent is authorized to make gifts to or for the benefit of any of my descendants. My Agent shall not be required to make gifts in equal amounts to descendants of mine in the same generation. However, any gifts made to one or more descendant but not all descendants in the same generation must be made for the purpose of public benefits or asset protection planning.

         2.     I specifically authorize gifts under this power of attorney to my Agent, if my Agent is otherwise eligible to receive gifts in accordance with the provisions of this paragraph.

3.      Gifts authorized under this instrument may be made outright or to a trust for the primary benefit of one or more individuals to whom such gifts are authorized, as my Agent may deem appropriate, even if an Agent hereunder is a trustee of any such trust.

O.      **Charitable Pledges.**  My Agent is authorized to complete my charitable pledges.

P.      **Loans.**  My Agent is authorized to lend money and property at such interest rate, if any, and on such terms and conditions, and with such security, if any, as my Agent may deem appropriate; to renew, extend and modify any such loans or loans I have previously made.  My Agent is specifically authorized to make loans to any of my descendants, including a descendant of mine who is serving as my Agent.

Q.      **Elections and Disclaimers.**  My Agent is authorized to make statutory elections including, but not limited to, elections under augmented estate, family allowances and homestead property statutes.  My Agent is further authorized to renounce, disclaim or refuse to accept any gift, inheritance, life insurance proceeds or property to which I am entitled.

R.      **Taxes.**  My Agent is authorized: (1) to inspect any tax return or information return, (2) to represent me, or to appoint a recognized representative to represent me, in connection with any individual income tax (IRS Form 1040), gift tax (IRS Form 709) or any other tax matters, for the tax years 1994 through 2050; (3) to prepare, sign, and file federal, state, and/or local, income, gift, and other tax returns of all kinds; (4) to negotiate checks payable for tax refunds, and (5) to prepare, sign and file any power of attorney form (including Form 2848) appointing my Agent or any suitable person selected by my Agent as my representative before the Internal Revenue Service, state, or local taxing authority.

S.      **Public Entitlements and Government Benefits.**  My Agent is authorized to apply for, obtain and maintain my eligibility for public benefits, government programs and insurance benefits on my behalf.  These benefits and programs shall include, but not be limited to, Civil Service benefits, Military Service benefits, Social Security, Social Security Disability Income, Supplemental Security Income, Medicare, or Medicaid.

T.      **Catastrophic Illness Powers.**  My Agent is authorized to protect my assets in any manner that my Agent in his or her sole and absolute discretion deems to be appropriate to qualify me for Medicaid, Veterans Administration, SSI benefits, or other similar federal or state benefits (hereinafter referred to as "Government Benefits").  The authority herein granted shall include, but not be limited to, converting my assets into assets that do not disqualify me from receiving such benefits or divesting me of such assets.

U.      **Waiver of Privileges.**  My Agent is authorized to waive attorney-client, physician-patient and other similar privileges to permit consultations between my Agent and my attorney, physician and other advisors.

V.     **Securities.**  My Agent is authorized to exercise all my rights with respect to my corporate securities.  My Agent is further authorized to (1) sell my corporate securities, (2) grant security interests in my corporate securities, (3) establish, utilize, and terminate brokerage accounts (including margin accounts), and (4) vote at all meetings of security holders, regular or special.

W.     **Power to Renounce and Resign from Fiduciary Positions.**  My Agent is authorized to renounce any fiduciary positions to which I have been or may be appointed or elected, to resign any such position in which capacity I am presently serving; to file an accounting with a court of competent jurisdiction, or settle on a receipt and release or such other informal method as my Agent shall deem appropriate.

X.     **Employment of Advisors and Employees.**  My Agent is authorized to employ, compensate and terminate the services of financial and investment advisors, accountants, attorneys, health care providers, and employees on my behalf upon such terms as my Agent deems appropriate.

Y.     **Domicile.**  My Agent is authorized to establish a new residency and domicile for me, from time to time, for such purposes as my Agent shall deem appropriate.

Z.     **Redirect Mail.**  My Agent is authorized to open, read, respond to, and redirect my mail, and to represent me before the U.S. Postal Service in all matters relating to my mail service.

AA.     **Pets.**  I authorize my Agent to pay the expenses associated with the feeding, care (including veterinary costs), and shelter of my pets.

BB.     **Funeral and Burial Arrangements.**  To make advance arrangements for my funeral and burial, if I have not previously done so myself.

CC.     **Broad Grant of Authority.**  My Agent is authorized to do all such other acts, matters and things in relation to all or any part of, or interest in, my property, affairs or business of any kind or description, that I could do if acting personally.

### ARTICLE III
### PERSONAL CARE AUTHORITY

In the event that I am incapable of making informed decisions regarding my personal care, my Agent acting hereunder is authorized to coordinate with the agent then acting on my behalf under my advance directive, or if no such agent is then acting, my Agent acting hereunder is authorized to act on my behalf, to do the following:

A.     **Living Quarters.**  To do all acts necessary to provide me with living quarters by purchase, lease or other arrangement, or by paying operating costs of my existing residence;

B.     **Daily Living Activities.**  To provide care providers, upon such terms as my Agent deems appropriate, including hiring my Agent as my care provider; to assist me with my activities of daily living and health care, and to compensate such care provider even is such care provider is my Agent;

C.     **Activities and Travel.**  To provide me with opportunities to engage in recreational activities and travel as my health permits;

D.     **Arrange for Hospital Needs.**  To make necessary arrangements for me at any hospital, nursing home, assisted living home or similar facility and to assure that my needs are provided for at such facility;

E.     **HIPAA.**  To serve as my personal representative for all purposes of the Health Insurance Portability and Accountability Act of 1996, and the related regulations in 45 C.F.R. §§ 160-164 (1996);

F.     **Visitation.**  To make decisions concerning my visitation subject to physician orders and to the policies of any institution to which I am admitted; and

G.     **Maintain Standard of Living.**  To do all other acts necessary for maintaining my customary standard of living.

## ARTICLE IV
## LIMITATIONS ON THE AUTHORITY OF THE AGENT

Notwithstanding any provision in this power of attorney to the contrary, the following limitations shall apply to my Agent's authority:

A.     **Avoid Disrupting My Estate Plan.**  I direct my Agent to make reasonable efforts to review my estate plan and, to the extent possible, avoid disrupting the provisions of my estate plan known to my Agent.  I authorize any person having knowledge of my estate plan or possession of my estate planning documents to make disclosure of my estate plan to my Agent. If my Agent sells any of my assets, I direct that my Agent, to the extent possible, avoid selling any asset that I have specifically given away as part of my estate plan.

B.     **Reside at Home.**  I want to reside in my home for as long as it is reasonable for me to do so under the circumstances, and I direct my Agent to make reasonable efforts to allow me to do so.  To the extent necessary for me to reside in my home, I direct my Agent to pay for in-home care.  I realize that the cost of in-home care may exceed the cost of a nursing home or assisted living facility.

C.     **Commingling Funds.**  My Agent shall not commingle any of my funds with my Agent's funds.

## ARTICLE V
## PROVISIONS CONCERNING MY AGENT

The following provisions shall apply concerning my Agent:

A.    **Compensation and Expenses.**  My Agent shall be entitled to be repaid for all reasonable expenses incurred on my behalf under this instrument.  However, my Agent shall not receive compensation for services rendered to me under this power of attorney.

B.    **Disclosure of Actions or Inspection of Records**; **Waiver of Accounting.**  My Agent shall keep full and accurate inventories and accounts of all transactions for me as my Agent.  Such inventories and accounts shall be made available for inspection upon request by me or by my guardian of the estate, general guardian, or other personal representative, or, in the event that I am determined to be incapacitated, and no guardian of the estate, general guardian, or other personal representative has been appointed, by the person or persons in the closest degree of kinship to me, as determined under NCGS § 104A-1.  For purposes of this paragraph, my incapacity shall be determined by a written statement of my attending physician and one other physician who has personally examined me, certifying that I am unable to act prudently or effectively in financial affairs.  I intend that my Agent shall never be required to make disclosure or inspection of my affairs, or my Agent's actions pursuant to this power of attorney, to any third party other than those persons described in this paragraph.  I direct my Agent to refuse any such request for inspection or disclosure pursuant to North Carolina law, unless pursuant to an order of a court of competent jurisdiction, or my Agent determines, in my Agent's sole discretion, the benefit of the disclosure or inspection outweighs the detriment of such disclosure or inspection.  To the extent permitted by North Carolina law, I hereby waive any requirement for my Agent to file any inventory or accounts with any court or clerk.

C.    **Exculpation.**

1.    My Agent, while acting in good faith, is released from any liability to me or my estate arising out of the acts or failures to act of my Agent, except for willful misconduct or gross negligence.  I agree to indemnify and hold my Agent harmless against any liability or expense, including attorney's fees, that he or she may incur as the result of serving as my Agent under this instrument, except for liability or expense resulting from willful misconduct or gross negligence.

2.    The actions authorized by this durable power of attorney are intended to create authority to act only.  This durable power of attorney is not intended to create any obligation on my Agent to act.  My Agent shall neither be liable for the failure to act nor for the failure to consider taking any of the actions authorized in this power of attorney.

3.    My Agent shall have no obligation to monitor my physical health or mental competence to determine if any actions are necessary under this durable power of attorney.  My Agent shall have no duty to act under this durable power of attorney until I have

---

instructed him or her to do so or until my Agent has notice that I require assistance pursuant to the authority granted under this durable power of attorney.

        4.       No successor Agent shall be liable for any act or mistake by a prior Agent.

D.    **Resignation.**  My Agent may resign at any time by giving written notice to me, if I am competent to manage my financial and personal affairs, or by giving written notice to my guardian of the estate or general guardian, if one has been appointed. If there is no such guardian of the estate or general guardian, then my Agent may resign by giving notice to the successor Agent designated herein, or if there is no such successor Agent, then to any person with whom I am residing or who has the care and custody of me.

E.    **Personal Benefit.**  No state law restraint on acts of self-dealing by an Agent shall apply to an Agent who is a descendant of mine. Such an Agent may enter into transactions on my behalf in which the Agent is personally interested or benefited by.

F.    **Enforcement.**  My Agent is authorized to seek appropriate court orders, injunctions, and judgments that may be deemed necessary if a third party refuses to comply with actions taken by my Agent under this instrument. My Agent may sue any party who fails to comply with actions I have authorized in this document and to seek actual, punitive, and any other appropriate damages, on my behalf and in such event.

G.    **Temporary Unavailability of Agent.**  If my Agent is temporarily unavailable to serve due to short-term illness, vacation, or other circumstances that make it impossible or impractical for my Agent to serve as Agent for a temporary period of time, then the power of my Agent shall pass to the next designated Agent for such temporary period of time. The temporary passage of powers from my Agent to the successor Agent shall be described by my Agent in a writing bearing a notarial acknowledgment that specifies the time period during which the successor Agent shall be authorized to act under this instrument. The powers of my Agent shall be restored to my Agent at the expiration of the time described in such writing.

H.    **Appointment of Ancillary Agents.**  My Agent is authorized to appoint an ancillary agent for me in any other jurisdiction (and to revoke such appointments), and to grant unto the ancillary agent such of the powers granted herein to my Agent as my Agent may specifically delegate in writing (with such restrictions or limitations thereon as my Agent may deem appropriate).

I.    **Appointment of Subagents.**  I authorize my Agent by written instrument to appoint subagents, from time to time, and to delegate any or all of the authority granted by this instrument to such subagent. My Agent may amend or revoke the authority granted to the subagent. Provided that my Agent uses reasonable care to select the subagent, establish the scope and terms of the delegation, and review the subagent's actions, he or she will not be liable to me for the decisions or actions of the subagent.

J.    **Power to Execute Further Power of Attorney.**  My Agent is authorized to execute further Powers of Attorney appointing my Agent or some other person.

## ARTICLE VI
## GUARDIANSHIP OR REPRESENTATIVE PAYEE

It is my intention by executing this power of attorney to provide for the administration of my affairs without the necessity of Court action or the appointment of a representative payee. Accordingly, I request in the strongest possible terms that any Court or Government Agency that may receive or act upon a petition for the appointment of a guardian of the person, guardian of the estate, general guardian, or representative payee should deny such petition so long as my Agent is acting under this power of attorney. If any Court or Government Agency should deem it necessary to appoint a fiduciary (including a guardian of the person, guardian of the estate, general guardian, or representative payee) in spite of this request, then I nominate and appoint my Agent to serve, and request that my Agent be given priority for appointment. In the event that my Agent is unavailable or unable to serve as Agent, or as guardian of the person, guardian of the estate, general guardian, or representative payee, I request that my desires, as expressed in this document, be given full force and effect as a written expression of my wishes and intent.

## ARTICLE VII
## ADMINISTRATIVE PROVISIONS

A.    **Prior Powers of Attorney.**  I hereby revoke all powers of attorney previously created by me.

B.    **Third Party Reliance.**  Any person who relies in good faith upon any representation my Agent may make regarding (1) the fact that his or her powers are then in effect, (2) the scope of his or her authority under this document, (3) my competency at the time this document was executed, (4) the fact that this document has not been revoked, or (5) the fact that he or she continues to serve as my Agent, shall not incur any liability to me for permitting my Agent to exercise any authority granted by this durable power of attorney. Further, any person who deals with my Agent shall not be responsible or required to verify, determine, or insure the proper application of funds or property.

C.    **Revocation, Amendment, or Resignation.**  I reserve the right to revoke or amend this durable power of attorney by written instrument delivered to my Agent and to all successor Agents. If this durable power of attorney has been filed or recorded in the public records, then the instrument of revocation or amendment shall be filed or recorded in the same public records.

D.    **Governing Law.**  I direct that this durable power of attorney shall be interpreted and governed according to the laws of the State of North Carolina, including its validity, construction, interpretation, and termination.

E.      **No Territorial Limitation.**  To the extent permitted by law, this durable power of attorney shall be applicable to all of my property, real or personal, in whatever state of the United States or foreign country the situs of such property is at any time located.

F.      **Employment of Principal's Attorney.**  I authorize my Agent to employ the attorney who drafted this instrument or assisted me with my estate planning or business affairs.  I waive any conflicts of interest that may arise from such employment.  I authorize the attorney to make full disclosure to my Agent of my estate plan and business, financial, and personal affairs, and authorize the attorney to accept the employment.

G.      **Severability.**  If any part of this power of attorney shall be invalid or unenforceable under applicable law, then the remaining provisions of this power of attorney shall remain effective.

H.      **Captions.**  The captions in this durable power of attorney were used for ease of reference. They are not to be used for its interpretation.

I.      **Reliance on Photocopies.**  My Agent is authorized to make copies of this durable power of attorney.  Each copy shall have the same force and effect as the original.  Any person dealing with my Agent is authorized to rely fully on such a copy showing my signature thereon.

[Signatures Appear on the Following Page]

I, Horace E. Finley, sign my name to this power of attorney on September 26, 2017, and being first duly sworn, do declare to the undersigned authority that I sign and execute this instrument as my power of attorney, that I sign it willingly, that I execute it as my free and voluntary act for the purposes expressed in the power of attorney, and that I am eighteen (18) years of age or older, of sound mind and under no constraint or undue influence.

_____ (Seal)
Horace E. Finley, Principal

The Principal signed the Power of Attorney in our presence. We are not the spouse or a blood relation of the Principal.

_____
Signature of Witness

_____
Signature of Witness

STATE OF NORTH CAROLINA        )
                               )
COUNTY OF PASQUATANK           )

Before me, LETHA SGRITTA MCDOWELL, a Notary Public in and for the County of WAKE, State of North Carolina, on September 26, 2017, personally appeared Horace E. Finley, to me known to be the identical person who executed the within and foregoing instrument in my presence, and in the presence of the witnesses, Donna Rackley and Lynn S. Bowers, and acknowledged before me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

_____
LETHA SGRITTA MCDOWELL, Notary Public

LETHA SGRITTA McDOWELL
Notary Public
Wake County, NC
My Commission Expires Aug. 26, 2018

My Commission Expires: August 26, 2018

GENERAL DURABLE POWER OF ATTORNEY OF HORACE E. FINLEY                                    - 11 -