UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| *Carol Cocco, Individually and on Behalf* | * | |
| *Of the Estate of Dr. Thomas Cocco,* | * | |
| No. 2:16-cv-2946 | * | JUDGE ELDON E. FALLON |
| | * | |
| *James Hunter, Individually and on Behalf* | * | MAG. JUDGE NORTH |
| *Of the Estate of Jack Hunter,* | * | |
| No. 2:16-cv-13217 | * | |
| | * | |
| *Daniel Abbott, et al.* | * | |
| No. 2:15-cv-2605 | * | |
| | * | |
| *Michael Bowman, Individually and on* | * | |
| *On Behalf of the Estate of Arlene Brown* | * | |
| No. 2:16-cv 06612 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO MOTION
TO DEEM SERVICE OF PROCESS CONSTRUCTIVELY ACCEPTED, OR IN THE
ALTERATIVE FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS**

**I.  INTRODUCTION**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC,

Janssen Ortho LLC, (collectively, "Janssen Defendants"), and Johnson & Johnson, incorrectly

referred to in the complaint as Johnson & Johnson Company ("J&J"), appearing specially, and

reserving all defenses including and without limitation, insufficient process, insufficient service of

process, and lack of personal jurisdiction, respectfully submit this Memorandum in Opposition to

respond to Plaintiffs' Motion to Deem Service of Process Constructively Accepted, or in the

Alternative For Extension of Time Within Which to Serve Process filed on behalf of Carol Cocco,

Individually and on Behalf of the Estate of Dr. Thomas Cocco ("Cocco'), and James Hunter,

Individually and on Behalf of the Estate of Jack Hunter ("Hunter") (collectively, "Plaintiffs"). (Rec. Doc. No. 10061).

## II.      QUESTION PRESENTED

This motion presents the question of whether the Plaintiffs are required to serve the Janssen Defendants with the Complaint at all, and if so, whether they may have leave of Court to serve the Complaints several years after they were filed.  The Janssen Defendants respectfully submit that the answer is yes, the Plaintiffs are required to serve the Janssen Defendants, and the Defendants do not object, for these cases, to the Court extending the time to serve until August 1, 2018.

## II.      STATEMENT OF FACTS

Plaintiff Cocco's claims were first brought as part of the bundled complaint *Abbott, et al. v. Janssen Research & Development, LLC, et al.*, Docket No., 2:15-cv-02605, filed on July 14, **2015** and Plaintiff Hunter's claims were first brought as part of the bundled complaint *Bowman, et al. v. Janssen Research & Development, LLC, et al.*, Docket No., 2:16-cv-06612, filed on May 19, **2016**.  To date, Janssen Defendants and J&J have not been served in either of these cases either as part of the bundled complaints or as severed, nor has there been compliance with the requirements for waiver of services as set forth in Fed. R. Civ. P. 4.  Counsel for the Janssen Defendants has on multiple occasions going back to March 2016 advised the Mulligan firm, counsel for the Plaintiffs, who have filed over 390 cases in this MDL, that counsel is not authorized to accept service.

Further, specifically with regard to the *Hunter* case, on October 19, **2016**, Defense counsel ent Plaintiffs' counsel a notice via MDL Centrality that *Hunter* had never been served on Janssen Defendants and J&J.  Despite this notice, the complaint remained unserved.  Following *Cocco* and *Hunter*'s selection as part of the Wave 1 workups under CMO 6 on April 16, 2018 and April 30,

2018, respectively, Defendants notified Plaintiffs on several occasions that the complaints for these two plaintiffs had never been served on Janssen Defendants or J&J: (1) via email to Plaintiffs' liaison counsel on May 21, 2018; (2) on the record during the May 25, 2018 MDL case management conference before the Court; (3) during an email exchange with Plaintiffs' counsel on June 12, 2018; (4) during a meet and confer with Plaintiffs' liaison counsel on June 14, 2018; and (5) on the record during the June 27, 2018 MDL case management conference before the Court.  Despite this, Plaintiffs have *still* failed to serve Janssen Defendants and J&J with the complaints in these two cases.   Until the spring of 2018, the Mulligan firm did nothing at all to attempt to serve these two complaints from 2015 and 2016 on the Janssen Defendants.

As the Court correctly observed at the June 27, 2018, case management conference, the Plaintiffs need to get the Complaints served so that the CMO 6 process can move forward.  *See* June 27, 2018 Status Conf. Tr. at 11: 14-16.

## IV.   ARGUMENT

Federal Rule of Civil Procedure 4 requires that Plaintiffs serve Defendants with a copy of the filed complaint: "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."  The time limit for service under the Federal Rules is 90 days after the complaint is filed.  F.R.C.P. 4(m).  This rule is not optional.  It has been followed by counsel for the over 20,000 plaintiffs in this MDL.  It should be followed by the Mulligan law firm here.

Plaintiffs' argument that Janssen Defendants and J&J have constructively accepted service of the complaints in these cases has no merit.  The fact that Janssen Defendants have cooperated with Bayer Defendants with the collection of medical records in these cases is simply in the interest of efficiency due to the short time frames for discovery set forth under CMO 6.  Such cooperation

should not relieve Plaintiffs from the long standing service requirements under the Federal Rules of Civil Procedure that exist in every case.  Further, the March 2016 agreement by the Janssen defendants to execute waivers of service in a few specific cases implicitly presumed that the Mulligan firm was following the service rules leading up to the waivers which require at a minimum mailing the complaint to the Defendants.  It didn't and couldn't mean that the rules of service have been waived always and forever for the Mulligan firm in this litigation.   Indeed, the record here demonstrates clearly to the contrary.

## III.     CONCLUSION

Accordingly, Janssen Defendants respectfully request the Court deny Plaintiffs' request to deem service constructively waived.  In the interest of compromise, Janssen Defendants will not oppose service on Janssen Defendants or J&J as untimely if service is properly effectuated on Janssen Defendants and J&J directly, in accordance with the Federal Rules of Civil Procedure by August 1, 2018.

Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**

By: /s/Susan M. Sharko
Susan M.  Sharko
600 Campus Dr.
Florham Park, NJ 07932
Tel: (973) 549-7000
Susan.Sharko@dbr.com

*Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/James B. Irwin
James B. Irwin
Kim E. Moore
400 Poydras St., Ste, 2700
New Orleans, LA 70130
(504) 310-2100
jirwin@irwinllc.com
kmoore@irwinllc.com

*Liaison Counsel for Defendants*


## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on July 6, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ James B. Irwin*
**James B. Irwin**