**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN)** | ) | **MDL NO. 2592** |
| | ) | |
| **PRODUCTS LIABILITY LITIGATION** | ) | **SECTION L** |
| | ) | |
| | ) | **JUDGE ELDON E. FALLON** |
| | ) | |
| | ) | **MAG. JUDGE NORTH** |
| | ) | |
| | ) | |
| | ) | |

**This Document Relates to:**

*Bean v. Janssen Research & Development LLC, et al; LAED USDC No., 2:15-cv-06837;*

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER
TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED
TO SERVE A FULLY COMPLETE UPDATED PLAINTIFF FACT
SHEET PURSUANT TO CMO 6**

Now, comes the law firm of Jensen & Steffey, counsel for Plaintiff, **James Bean**, as

personal representative of the Estate of **Viola Bean**, identified in this Court's Order to Show

Cause Regarding Plaintiffs Who Have Failed to Serve a Fully Completed Updated Plaintiff Fact

Sheet Pursuant to CMO6 (Rec.Doc. 10121 and 10122), dated July 9, 2018, who submits this

Response to the Order to Show Cause and shows as follows:

1.      On February 10, 2016, James Bean, son of Viola Bean and personal

representative of her estate, executed the First Amended Fact Sheet in this case.

2.      Xarelto user Viola Bean passed on October 1, 2013.  Accordingly, no amendment

or updating of the 2016 Plaintiff Fact Sheet is necessary.

3.      On June 8, 2018, when undersigned counsel was notified that Defendant would be

filing a motion to show cause for no amended PFS, undersigned counsel immediately responded

that no amendment to the Plaintiff Fact Sheet was necessary because the decedent passed two and half years prior to the live Fact Sheet.

4.      Despite the fact that no amendment was necessary and that such was represented to Defendant *prior* to filing Defendant's motion, Defendant still included the *Bean* case in their motion to show cause.

5.      On June 12, 2018, 9:37 AM, undersigned counsel requested that the *Bean* case be removed from the motion to dismiss.  Exhibit 1.

6.      Defense counsel responded at 4:52 PM, and stated:

plaintiff still needs to update the PFS **or** tell Defendants (you can respond to this email) that the PFS is up to date and there is nothing else to add.  Once we get an updated and complete PFS in this case or a statement that the PFS remains up to date as of 6/11/18, we will remove the case from the OTSC list and move on to reviewing all sections of the PFS for deficiencies.

Exhibit 2.

7.      In accordance with Defendant's instructions, undersigned counsel replied and confirmed "there is nothing else to add."  Exhibit 3.  Undersigned counsel believed the issue was mooted and disappointed to see the *Bean* case subject to the Court's order.

8.      On July 10, 2018 undersigned counsel phoned defense counsel on the issue before the Court.  Defense counsel contended that the Plaintiff must sign yet again another declaration of the form PFS attached to PTO 13.

9.      Plaintiff respectfully submits this is unnecessary, and contrary to Defendant's previous contentions.  Nonetheless, Plaintiff will again sign what he signed in 2016 to moot the issue, and undersigned counsel will forward such declaration to Defendant upon receipt.

Respectfully submitted this 12th day of July, 2018.

> **JENSEN & STEFFEY**
> 1024 N. Main Street
> Fort Worth, TX  76164
> Telephone: (817) 334-0762
> Fax:  (817) 334-0110
> bhs@jensen-law.com
>
>
> */s/ Brandon H. Steffey*
> Brandon H. Steffey
> Texas Bar No.: 24047207
>
>
> **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above foregoing instrument has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No.17.

This the 12th day of July 2018.

> */s/ Brandon H. Steffey*
> Brandon H. Steffey