UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | MDL No. 2592 <br><br> SECTION: L <br><br><br> JUDGE FALLON <br> MAG. JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

*Michael Bocci v. Janssen Research & Development LLC, et al; No. 2:16-cv-15244*

*William Ashmore v. Janssen Research & Development LLC, et al; No. 2:16-cv-14977*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENTION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER PHARMA AG PURSUANT TO PTO 10**

Plaintiffs submit this Memorandum in support of their Motion for an Order from this Court to provide Plaintiffs an additional thirty (30) days within which to serve process on Defendant Bayer Pharma AG in the above matters through the streamlined service of process as set forth in PTO 10, 10A and 10B.

**BACKGROUND**

On March 24, 2015, this Court entered PTO 10 which created an informal streamlined service of process on Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals.

1

PTO 10 allows Plaintiff to informally serve a complaint with a Summons on Defendant Bayer Pharma AG within 60 days from the docketing of a Complaint in this MDL.

Plaintiff's Complaint in the *Bocci* matter was filed by original party Plaintiff Dolores Sorce *In Re: Xarelto (Rivaroxaban) Product Liability Litigation*, MDL No. 2592 on October 5, 2016. Streamlined service of process was to be effectuated by December 4, 2016 pursuant to PTO 10.

Subsequent to the filing of Plaintiff's Complaint, Plaintiff Dolores Sorce passed away and on May 30, 2018 this Court entered an Order substituting her son, Michael Bocci, as party Plaintiff in this matter.

Plaintiff's Complaint in the *Ashmore* matter was filed by original party Plaintiff Cynthia Davis *In Re: Xarelto (Rivaroxaban) Product Liability Litigation,* MDL No. 2592 on September 27, 2016. Streamlined service of process was to be effectuated by November 26, 2016 pursuant to PTO 10.

Subsequent to the filing of Plaintiff's Complaint, Plaintiff Cynthia Davis passed away and on May 14, 2018 this Court entered an Order substituting her son, William Ashmore, as party Plaintiff in this matter.

Plaintiffs served Bayer Pharma AG by letter dated November 7, 2016 (see Exhibit "A" attached hereto) and also provided a copy of the service documents pertaining to Bayer Pharma AG by email to xareltocomplaints@babc.com in compliance with PTO 10 on November 8, 2016. (see Exhibit "B" attached hereto).

However, Plaintiffs received notification from Defendant Bayer Pharma AG's counsel via letters dated July 17, 2018 alleging that Defendant Bayer Pharma AG had not been served with Plaintiffs' lawsuits. (see Exhibit "C" attached hereto). Plaintiffs' counsel was not aware that

2

there was potential issue with the service of the Complaint, Civil Cover Sheet and Summonses in these matters.

Upon receipt of defense counsel's letters, Plaintiff's counsel investigated to determine the source of the discrepancy regarding service as he believed that service had been properly effectuated pursuant to PTO 10.

In reviewing the service documents and postal service receipts in these matters, Plaintiffs' counsel learned that while Defendant Bayer Pharma AG had, in fact, been served and counsel received confirmation of said delivery dated November 15, 2016, service had been made by priority international mail rather than registered mail as required by PTO 10. (See proof of service documents attached hereto as Exhibit "D"). In discussing this matter with his mail clerk and after communicating with the U.S. Post Office, Plaintiffs' counsel has determined that the U.S. Post Office changed the classification of service from registered mail to priority international mail due to the size of the package being mailed and Plaintiffs' counsel's mail clerk was unaware that the Post Office had changed the classification of service at the time of mailing. The Post Office replaced the registered mail article number (RB 271 311 275 US) with a new package number utilizing the Customs Declaration Form (CW762779090US) and re-classified the package as an international priority mail package. Counsel for Plaintiff was unaware that because of the weight of the package being mailed internationally to Germany (which contained multiple Complaints and service documents), registered mail could not be utilized due to weight restrictions.

In its letter of July 17, 2018, counsel for Defendant offered to extend the time period for service up to and including August 1, 2018, but that extension does not allow sufficient time for

international, registered mail service to Germany as it has been Plaintiffs' counsel's experience that service on Bayer Pharma AG typically takes three weeks.

As a result, Plaintiffs' counsel communicated via email with counsel for Defendant on July 24, 2018 and requested an additional extension of time up to and including August 15, 2018 to effectuate service of process on Defendant Bayer Pharma AG in these matters pursuant to PTO 10. (See Exhibit "E" attached hereto) Counsel explained the need for the additional time and also advised as to the Post Office's reclassification of service issue. To date, counsel for Defendant has not responded.

Therefore, Plaintiffs are filing the instant Motion seeking permission from the Court to extend the deadline within which to serve Defendant Bayer Pharma AG in these matters.

Additionally, and in order to promptly address the service issue in response to Defendant's letters of July 17, 2018, Plaintiffs would show that they have served Defendant Bayer Pharma AG again today, July 26, 2018, by registered mail and also emailed a copy of the service documents pertaining to Bayer Pharma AG by email to xareltocomplaints@babc.com in compliance with PTO 10.

II.

**LEGAL AUTHORITY**

Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert the defendants that they have a limited time in which to respond. If a defendant is not served within 90 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiffs show good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiffs have every intention of pursuing their claims against Defendants. It was not the July 17, 2018 correspondence from defense counsel did Plaintiffs' counsel first become aware that that there was an issue with service of process that Plaintiffs' counsel believed to have been effectuated.  Additionally, it was only through defense counsel's email/correspondence of July 17, 2018 did Plaintiff's counsel investigate and learn of the Post Office's reclassification of service which resulted in the service documents being served by priority international mail instead of registered mail. To the extent that counsel for Defendant sent correspondence regarding the service issue in these matters prior to July 17, 2018, Plaintiff's counsel is unable to locate any after a diligent search.

Under Fed. R. Civ. P. 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). The Court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. See *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2nd 880 (1996)). Once more, if plaintiff can establish good cause for failing to serve defendant, that court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P 4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Fed. R. Civ. P. 4(m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chicago*., 646 F. 3d 1001, 1007 (7th Cir. 2011) (citing *Panaras v. Liquid Carbonic Indus. Corp*., 94 F.3d 338, 341 (7th Cir. 1996) (additional citation omitted)). A court may also consider

other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas*, 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

Here, Plaintiffs have every intention of pursuing their claims and have demonstrated such to the Defendants. In fact, these cases have been selected to participate in the Wave 1 Remand process, both Plaintiffs have submitted Fact Sheets, Defendants have already ordered and received numerous medical records and a Defendant Fact Sheet was filed on June 15, 2018 in the *Ashmore/Davis* matter. Furthermore, Plaintiffs have not acted in bad faith.

Because the MDL involved thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by these Plaintiffs, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein. This Court has granted similar relief to other plaintiffs when the Bayer Defendants have disputed service.

Additionally, there is certainly no element of surprise in this case as Defendant Bayer Pharma AG had notice of Plaintiffs' lawsuits when it received a copy of both Plaintiffs' service documents on November 15, 2016 (see Exhibit D, proof of service documents). Furthermore, the Summons, Complaints and Civil Cover Sheets were served on Defendant Bayer Pharma AG via email on November 8, 2016 consistent with PTO 10 (see Exhibit B referenced above). It was only as a result of the reclassification of service of Plaintiffs' service documents' package by the U.S. Post Office that has caused the unprejudicial delay in properly effectuating service pursuant to PTO 10 in this matter.

Plaintiffs show that as a matter of law and fact, they were not in "bad faith" in delaying service of the Complaint, Civil Cover Sheet and Summones on Defendant Bayer Pharma AG.

Defendant is fully aware of and is served with thousands of identical complaints. Plaintiff's counsel himself has filed hundreds of lawsuits in which Defendant Bayer Pharma AG has been successfully served in this litigation. To dismiss Plaintiffs' claims here would elevate form over substance and deprive Plaintiffs of their day in court based on an arbitrary action taken by a third party.

Plaintiffs respectfully request an extension of time in the amount of thirty (30) days from the date this Court's Order is entered within which to provide streamlined service of process on Defendant Bayer Pharma AG.

## CONCLUSION

For the above and foregoing reasons, Plaintiffs respectfully request an Order from this Court granting thirty (30) days from the date the Order is entered within which to provide streamlined service of process pursuant to PTO 10 on Defendant Bayer Pharma AG. No party herein will be prejudiced, nor will any MDL process be adversely affected, by granting the relief sought herein and good cause exists for said extension.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court enter an Order granting an extension of time within which to serve process and that Plaintiffs have such other and further relief to which they may show themselves justly entitled.

Dated:  July 26, 2018.

Respectfully submitted,

s/ Michael T. Gallagher
MICHAEL T. GALLAGHER
 (Texas Bar #07586000)
THE GALLAGHER LAW FIRM LLC
2905 Sackett Street
Houston, TX 77098
Telephone: (713) 222-8080

>Facsimile (713) 222-0066
>mike@gld-law.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 26, 2018, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre- Trial Order No. 17.

>s/ Michael T. Gallagher
>Michael T. Gallagher