# EXHIBIT C

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)          MDL No. 2592
PRODUCTS LIABILITY LITIGATION

                                       SECTION L

THIS DOCUMENT RELATES TO          JUDGE ELDON E. FALLON
ALL ACTIONS

                                       MAG. JUDGE NORTH

### PRETRIAL ORDER NO. __
### (CMO 6 Deposition Protocol )

Consistent with the Case Management Order (CMO) 6, entered on February 27, 2018 [and Pretrial Order No 26 governing Bellwether Deposition Protocol, entered on April 20, 2016], the following will govern the parties' protocols for depositions conducted as part of CMO 6 workups.

1.      **Scheduling and Who Gets Deposed**.  The parties have exchanged a list of primary contacts for deposition scheduling under CMO 6 for specified Wave 1 cases and will exchange a list of primary contacts at a later date to be agreed to by the parties or ordered by the Court for the remaining Wave 1 cases and for Wave 2 cases. The primary contacts should meet and confer as to whether the CMO 6 requirements for scheduling depositions have been satisfied. If the parties are in agreement, depositions may be scheduled.  If the parties are in disagreement, the parties should present their dispute initially to CMO 6 Liaison Counsel prior to submission of any dispute to the Court.  CMO 6 Liaison Counsel for Wave 1 cases are Andy Birchfield for plaintiffs; and Susan Sharko and Julie du Pont for defendants.

a.      Plaintiffs will also identify any cases where plaintiff is pursuing a claim for loss of consortium.  Loss of consortium plaintiffs will be deposed as part of the CMO 6 discovery.

b.      When a critical mass of relevant medical records are collected for a particular case, defense counsel will notify the primary contact for that case, request dates for the plaintiff deposition(s) and identify the prescriber and treater that Defendants want to depose.

c.      Within 1 week of receiving Defendants' identification of the prescriber and treater they want to depose in each case, counsel of record will provide dates for the plaintiff deposition(s) and notify Defendants if there is any disagreement as to what doctor deponents should be deposed.

d.      To the extent that there is a dispute over who should be deposed, counsel of record should contact Andy Birchfield, who will attempt to resolve the dispute with Susan Sharko (Janssen) and Julie du Pont (Bayer).  If the dispute cannot be resolved, the parties will seek Court assistance, as necessary.

c.      Once there is agreement on the doctor deponents for a particular case, counsel for both Plaintiffs and Defendants will contact the doctors' office to schedule a date for the deposition.  Apart from deposition scheduling, which shall be done jointly, *ex parte* contact with CMO 6 physicians is addressed in PTOs 28 and 28A, as may be modified or supplemented by agreement of the parties or order of the Court.

3.      **Location of Depositions**. Plaintiff(s) will be deposed in the federal district where they live. Physician deponents will be deposed in the federal district where they work or live.

4.      **Order of Depositions**. The order of deposition shall be plaintiff, prescriber and treater, with the detail representative going before or after the treater, as scheduling permits.

5.      **Time of Depositions**. Seven hours for defense for the plaintiff deposition.  For prescribing doctor and treating doctor depositions, the time split will be 50-50 provided that plaintiff's counsel has not met with the doctor.  If the plaintiff's counsel has met with the doctor,

then defense counsel will be allocated 60% of the deposition time for that doctor's deposition. For detail representative depositions, six hours will be allotted for plaintiff's counsel and one hour for defense counsel.  The party questioning first has the responsibility for ordering a court reporter and videographer and arranging the location for the deposition.

6.      **Order of Questioning**. For detail representatives, Plaintiffs first. For prescribers and treaters, Plaintiffs and Defendants will rotate who goes first by dividing up alphabetically the list of cases for which primary contacts have been exchanged under paragraph 1.  Plaintiffs will go first in the prescriber deposition and Defendants will go forward first in the treater deposition in the first alphabetical case.  Defendants will go forward first in the prescriber deposition and Defendants will go forward first in the treater deposition in the second alphabetical case and so on and so forth. The same protocol shall be used for the remaining Wave 1 cases and for Wave 2 cases, after the parties agree upon the list of cases and exchange primary contact information for those cases..

7.      **Number of Questioners**. One for each party for each witness.

8.      **Payment of physician fee requests**.  Where physician deponent requests a fee for his deposition and/or preparation time, Plaintiffs and Defendants will split the fee 50/50 with the party having the right of first examination to have responsibility for any pre-payment fee requirements.


NEW ORLEANS, LOUISIANA, this _____ day of _____, 2018.

_____

UNITED STATES DISTRICT JUDGE