# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> ) | MDL NO.: 2592 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAG. JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

*Howard Townson, Ind. and obo the Estate of*
*Barbara Townson, Deceased v.*
*Janssen Research & Development, LLC, et al*
**Civil Action No. 2:17-cv-17459**

## QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. §164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive and transmit "protected health information" pertaining to Decedent Barbara Townson (hereinafter sometimes referred to as "Decedent"), to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Decedent Barbara Townson to attorneys representing the Plaintiff and Defendant in the above-captioned litigation.

4. Said protected health information of Decedent Barbara Townson as set forth above may be obtained by Plaintiff or Defendant through the use of formal discovery requests, subpoenas, depositions, HIPAA compliant authorization(s) properly executed by Plaintiff Howard Townson, or other lawful process.

5. The parties and their attorneys shall be permitted to use or disclose the protected health information of Decedent Barbara Townson for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

6. Prior to disclosing Decedent Barbara Townson's protected health information to persons involved in this litigation, counsel shall inform each such person that Decedent's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Decedent's protected health information do not use or disclose such information for any purpose other than this litigation.

7. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Decedent's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Decedent, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

8. This Order does not control or limit the use of protected health information pertaining to Decedent that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45C.F.R. § 160.103.

9. Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

10. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Decedent's protected health information under seal.

Dated: This  30th  day of  July , 2018.

*[signature: Eldon E. Fallon]*

Hon. Eldon E. Fallon
United States District Court Judge