UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

In Re Xarelto (RIVAROXABAN)        )        MDL No. 2592
PRODUCTS LIABILITY LITAGATION      )
                                              SECTION: L
                                              JUDGE FALLON
                                              MAG. JUDGE NORTH

This document relates to:
*Ingram v. Janssen Research & Development, LLC, et al*
2:15-CV-00116

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER PHARMA AG AND BAYER HEALTHCARE CORPORATION, INC.

MAY IT PLEASE THE COURT:

The Plaintiff in the above referenced Complaint hereby submits this Memorandum in support of her Motion for an Order from this Honorable Court granting them additional time within which to serve process on the Defendant, Bayer Pharma AG and Bayer Healthcare Corporation, Inc. through the streamlined process as set forth in this Court's Pre-Trial Order Nos. 10 and 10B.

**I. BACKGROUND**

Plaintiff filed her Complaint in the United States District Court for the Middle District of Alabama. Timely service was effected on all Janssen defendants and arguably on the Bayer defendants. However, counsel for Defendant Bayer Pharma AG and Bayer Healthcare Corporation, Inc. recently notified Plaintiff's counsel that they believed service had not been perfected despite Plaintiff's prior efforts to serve these defendants. Accordingly, Plaintiff's counsel submitted new summons for both of these Defendants and have issued the Summons and Complaint to these Defendants pursuant to the streamline process. Service is expected to be satisfied as to Bayer Healthcare Corporation, Inc. today (July 30, 2018) and Bayer Pharma AG is

expected sometime this week in Germany. Out of an abundance of caution in the event service does not arrive as to these Defendants by August 1, 2018, Plaintiff moves for a short continuance in order to confirm service and filed the confirmation of the same.

Again, the Summons and Complaint was sent to Bayer Pharma AG via international registered mail to Bayer Pharma AG, in accordance with the streamlined service of process procedures set forth in PTO 10, email service has also contemporaneously been sent to Bayer Pharma AG. Certified mail was sent to Bayer Healthcare as required.

Defendants' counsel stated that they would accept service on the subject Wave 1 cases if same was made by August 1, 2018. Again, these defendants should receive service prior to August 1, 2018; however, in abundance of caution Plaintiff seeks additional time.

Prior to the filing of this motion, Plaintiff filed Plaintiff Fact Sheets on the Defendants (inclusive of Defendant Bayer Pharma AG and Bayer Healthcare) through MDL Centrality. Defendants counsel has previously provided notices of deficiency on many of these cases on behalf of all Defendants (inclusive of Defendant Bayer Pharma AG). Defendant Bayer Pharma AG is undoubtedly fully aware of the facts and circumstances regarding the claim and would suffer no prejudice if the time for service is extended as requested.

## II. LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. Id. Additionally,

"the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). Situations where a discretionary extension may be granted include "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Millan v. USAA General Insurance Co., 546 F.3d 321, 325 (5th Cir. 2008) (internal quotation marks omitted). Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." Zermeno v. McDonnell Douglas, 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." Id. at 666.1

In Zermeno, supra, for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. Id. at 667. The court noted that "if defendants act so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." Id.

Similarly, in Millan, supra, the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. Id. However, the court found that the correct defendant had received notice of the claims against it within days of the Rule4(m) deadline and

had in fact entered an appearance on behalf of the incorrect defendant. Id. at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. Id.

Here, Defendant Bayer Pharma AG and Bayer Healthcare Corporation, Inc. had notice of the claims against them in the above Joint Complaint despite the fact that Plaintiff inadvertently did not send their complaints via email contemporaneously with their complaints timely served by international registered mail and certified mail, respectively, in accordance with the streamlined service of process procedures set forth in Pre-Trial Order #10, 10A and 10B. Plaintiff proceeded with her case, most notably through the filing and service of their Plaintiff Fact Sheets. Not only did Plaintiff file her individual Plaintiff Fact Sheets, Defendants had already served Plaintiff's counsel with Defendant Fact Sheets for the Plaintiff referred to in the July 17, 2018 Deficiency Letter prior to Plaintiff's Counsel's receipt of said letters. Nonetheless, Counsel for Defendant Bayer Pharma AG and Bayer Healthcare Corporation, Inc. stated they were only willing to accept remedied service on the plaintiff referred to in the July 17, 2018 Deficiency Letter.

As soon as Plaintiff realized the Complaint had not been served by email in addition to the registered mailing, they requested and are requesting additional time. This Motion was not precipitated by any motion made by Defendant.

Setting aside Defendant's familiarity with Plaintiff's particular claims through their individual PFS's, Defendants are clearly aware of the general facts, circumstances and theories of recovery underlying Plaintiff's Complaint, having been served with countless identical complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiffs, no actual

prejudice has or will occur to Defendant Bayer Pharma AG and Defendant Bayer Healthcare Corporation, Inc. by the Court granting the discretionary relief sought herein. This Court has granted similar relief to other plaintiffs as the Bayer Defendants have disputed service.

In the instant matter, Plaintiff has every intention of pursuing the claim and has demonstrated such to the Defendants, including Bayer Pharma AG and Bayer Healthcare Corporation, Inc.. Plaintiff was not acting in bad faith in delaying service of the Complaint and Summonses. Due to an administrative omission, the Complaint and Summonses service was not completed to Defendant Bayer Pharma AG and Defendant Bayer Healthcare.

Additionally, Plaintiff points out that the dismissal of this case could subject them to a statute of limitations defense in the future. Although Plaintiff believes she would be able to overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiff.

In light of the foregoing, Plaintiff now respectfully request that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

## III. CONCLUSION

Based on the arguments and facts set forth herein, Plaintiff respectfully requests an Order from this Court granting them thirty (30) days, or a reasonable time to be determined by the Court, from the date the Order is entered within which to provide streamlined service of process on Defendant Bayer Pharma AG and Bayer Healthcare Corporation, Inc. Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein. Again, service should be perfected by August 1, 2018 but in an abundance of caution Plaintiff seeks a short continuance in order to effectuate service.

This 30th day of July, 2018

Respectfully submitted,

                                        */s/ Jamie A. Johnston*

                                        Jamie A. Johnston (JOH164)

**OF COUNSEL:**
Jamie A. Johnston P.C.
509 Cloverdale Road, Suite 101
Montgomery, Alabama 36106
334.202.9228
334.265.8789 – facsimile
jamie@jjohnstonpc.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the above and foregoing document was filed with the clerk via CM/ECF. Notice of this filing will be sent via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to PreTrial Order No. 17, on this 30th day of July 2018.

_/s/ *Jamie A. Johnston*

Jamie A. Johnston