UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION L |
| This Document relates to: | JUDGE ELDON E. FALLON |
| Billie ValBracht v. Janssen Research & Development, LLC<br>E.D. La. No. 2:17-cv-02488 | MAG. JUDGE NORTH |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANTS BAYER PHARMA AG AND BAYER HEALTHCARE PHARMACEUTICALS

Plaintiff submits this memorandum in support of her motion for an Order from this Court to provide Plaintiff an additional thirty (30) days within which to serve process on Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A, and 10B.

## BACKGROUND

On March 24, 2015, this Court entered PTO 10, which created an informal streamlined service on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG. PTO 10 allowed Plaintiffs to informally serve a complaint with a Summons on Defendants Bayer Healthcare Pharmaceuticals and Bayer Pharma AG within 60 days from docketing of Complaint in this MDL.

Plaintiff's Complaint was filed in In Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL. No. 2592 on March 24, 2017, respectfully.  Streamlined service Pursuant to PTO 10 was to be effectuated by May 23, 2017.

Subsequent to the filing of the complaint and pursuant to streamlined service procedures articulated in PTO No. 10, on July 10, 2017, Plaintiff attempted service upon both Bayer

Defendants via Certified and Registered Mail.

Additionally, pursuant to CMO 1, on May 24, 2017, a Plaintiff Fact Sheet and authorizations were submitted and plaintiff received correspondence from MDL Centrality acknowledging receipt of the Plaintiff Fact Sheet. Plaintiff had intention to pursue the lawsuit and that is why a completed Plaintiff Fact Sheet was submitted.

On November 7, 2017, Plaintiff's Counsel was made aware that because Plaintiff attempted service on Bayer Pharma AG by Registered Mail through the streamlined service process more than 60 days after the Complaint was docketed in the MDL, service was improper. Due to a clerical error in calculating the appropriate date for perfecting service, Plaintiff attempted to serve both Bayer Defendants on July 10, 2017 instead of May 23, 2017.

This was the first notice that Plaintiffs' counsel received regarding any issues with the service of the Complaint and Plaintiffs and his counsel became aware.

## LAW AND ANALYSIS

Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert the defendants that they have a limited time in which to respond. If a defendant is not served within 90 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Plaintiff has every intention of pursuing her claims against Defendants; it was due to inadvertent oversight on behalf of undersigned counsel, that streamlined service of Plaintiff's complaint in this action was not properly effected as set forth in Pre-Trial Order #10, 10A and 10B as to some or all of the Defendants.

Under Fed. R. Civ. P. 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m).

The Court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. See *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2nd 880 (1996)). Once more, if plaintiff can establish good cause for failing to serve defendant, that court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed. R. Civ. P 4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Fed. R. Civ. P. 4(m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chicago*., 646 F. 3d 1001, 1007 (7th Cir. 2011) (citing *Panaras v. Liquid Carbonic Indus. Corp*., 94 F.3d 338, 341 (7th Cir. 1996) (additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas*, 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

Here, the Plaintiff has every intention of pursuing her claims and has demonstrated such to the Defendants. Plaintiff has not acted in bad faith.

Because the MDL involved thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by this Plaintiff, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein. This Court has granted similar relief to other plaintiffs as the Bayer Defendants have disputed service.

Plaintiff shows that as a matter of law and fact, she was not in "bad faith" in delaying service of the Complaint and Summons. Defendants are fully aware of and are served with thousands of identical complaints and have acknowledged receipt of these Complaints and Summonses in these matters. To dismiss Plaintiff's claims here would elevate form over substance and deprive Plaintiff of her day in court based on an inadvertent omission.

Plaintiff respectfully requests an extension of time in the amount of thirty (30) days from the date of an order is entered within which to provide streamlined service of process on Bayer Pharma AG and Bayer Healthcare Pharmaceuticals.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests an Order from this Court granting thirty (30) days from the date the Order is entered within which to provide streamline service of process on Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals. No party herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated: August 2, 2018

                                            Respectfully Submitted:
                                            <u>s/ Kori Westbrook</u>
                                            Kori Westbrook
                                            JOHNSON LAW GROUP
                                            2925 Richmond Avenue, Suite 1700
                                            Houston, Texas 77098
                                            (713) 626-9336
                                            (713) 583-9460 (facsimile)
                                            kwestbrook@johnsonlawgroup.com
                                            Attorney for Plaintiff