## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2592 |
| | ) ) | SECTION: L |
| THIS DOCUMENT RELATES TO: | ) ) | |
| | ) | JUDGE: ELDON E. FALLON |
| Rodney Albers v. Janssen Research & Development, LLC, et al; 2:16-cv-6692 | ) ) ) | MAGISTRATE JUDGE: MICHAEL NORTH |
| Jack Amick v. Janssen Research & Development, LLC, et al; 2:16-cv-10384 | ) ) ) | |
| James Baker v. Janssen Research & Development, LLC, et al; 2:16-cv-10393 | ) ) ) | |
| Jacquelyn Bank v. Janssen Research & Development, LLC, et al; 2:16-cv-10400 | ) ) ) | |
| Claudia Barila v. Janssen Research & Development, LLC, et al; 2:16-cv-10405 | ) ) ) | |
| James Bowers v. Janssen Research & Development, LLC, et al; 2:16-cv-10422 | ) ) ) | |
| Eva Casadesus-Rojas v. Janssen Research & Development, LLC, et al; 2:16-cv-10448 | ) ) ) | |
| James Caulk v. Janssen Research & Development, LLC, et al; 2:16-cv-10449 | ) ) ) | |
| Priscilla Bush, as the administrator for and on behalf of the heirs of the Estate of Ernestine Ceasar v. Janssen Research & Development, LLC, et al; 2:16-cv-10445 | ) ) ) ) ) | |
| Tosha Evans v. Janssen Research & Development, LLC, et al; 2:16-cv-10546 | ) ) ) | |
| Madeline Fitzgerald v. Janssen Research & Development, LLC, et al; 2:16-cv-10551 | ) ) ) | |
| Mary Fleck v. Janssen Research & Development, LLC, et al; 2:16-cv-10575 | ) ) ) | |
| Shirley Harvey v. Janssen Research & Development, LLC, et al; 2:16-cv-10675 | ) ) ) ) | |

Hilda Holmes v. Janssen Research & )
Development, LLC, et al; 2:16-cv-10742 )
)
Melissa Marie Jezak v. Janssen Research & )
Development, LLC, et al; 2:16-cv-0752 )
)
Jennifer Keeton v. Janssen Research & )
Development, LLC, et al; 2:16-cv-10754 )
)
Frederick Lutz v. Janssen Research & )
Development, LLC, et al; 2:16-cv-10881 )
)
Shirley Gwyn-Maas v. Janssen Research & )
Development, LLC, et al; 2:16-cv-10672 )
)
Michael Mainor v. Janssen Research & )
Development, LLC, et al; 2:16-cv-10886 )
)
Wylamerle Marshall v. Janssen Research & )
Development, LLC, et al; 2:16-cv-10889 )
)
Ilisera Narayana v. Janssen Research & )
Development, LLC, et al; 2:16-cv-10915 )
)
Michele Nilson v. Janssen Research & )
Development, LLC, et al; 2:16-cv-10925 )
)
Anna Pauley v. Janssen Research & )
Development, LLC, et al; 2:16-cv-10929 )
)
Karen Rawers v. Janssen Research & )
Development, LLC, et al; 2:16-cv-10936 )
)
Virginia Laskoskie as the administrator )
for and on behalf of the heirs of the estate )
of Catherine Grace Rhodes v. Janssen )
Research & Development, LLC, et al; )
2:16-cv-10757 )
)
William Sigmon v. Janssen Research & )
Development, LLC, et al; 2:16-cv-10950 )
)
Michael Smith v. Janssen Research & )
Development, LLC, et al; 2:16-cv-10976 )
)
John Gertz as the administrator for and )
on behalf of the heirs of the estate of )
Helen Voltz v. Janssen Research & )
Development, LLC, et al; 2:16-cv-10583 )

|                                              |   |
|----------------------------------------------|---|
| **Akim Young v. Janssen Research &**         | ) |
| **Development, LLC, et al; 2:16-cv-11000**   | ) |
|                                              | ) |

## RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME
## WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER PHARMA AG

Defendant Bayer Pharma AG, by and through counsel, appearing specially, and reserving all defenses including, without limitation, the defenses of insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submits its Response to Plaintiffs' Motion for Extension of Time Within Which to Serve Process on Defendant Bayer Pharma AG, and states the following:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on Bayer Pharma AG.  PTO 10 permits service of process on Bayer Pharma AG by registered mail, return receipt requested, upon the following representative of Bayer Pharma AG:

> Bayer Pharma AG
> Attn: Eva Gardyan-Eisenlohr
> General Counsel
> Muellerstrasse 178
> 13353 Berlin
> GERMANY

The joint complaint in *Rodney Albers* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on May 20, 2016.  The following actions were severed from the joint complaint in *Rodney Albers*: *Jack Amick, James Baker, Jacquelyn Bank, Claudia Barila, James Bowers, Priscilla Bush, Eva Casadesus-Rojas, James Caulk[1], Tosha Evans, Madeline Fitzgerald, Mark Fleck, John Gertz, Shirley Gwyn-Maas, Shirley Harvey, Hilda Holmes, Melissa*

---

[1] By letter dated July 17, 2018, Plaintiffs' counsel was provided until August 1, 2018, to serve Bayer Pharma AG pursuant to PTO 10 in *Caulk* in the spirit of compromise since *Caulk* has been selected as one of the Wave 1 cases pursuant to Case Management Order No. 6.  Bayer Pharma AG was served on July 27, 2018.

*Marie Jezak, Jennifer Keeton, Virginia Laskoskie, Frederick Lutz, Michael Mainor, Wylamerle Marshall, Ilisera Narayana, Michele Nilsen, Anna Pauley, Karen Rawers, William Sigmon, Michael Smith,* and *Akim Young.*

On October 12, 2016, Bayer Pharma AG received a copy of the Complaint and Summons in each of these actions, by registered mail, return receipt requested, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated October 19, 2016, because the service papers were not sent by registered mail as required by PTO 10.

PTO 10 only permits streamlined service of process on Bayer Pharma AG by registered mail, return receipt requested under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG . . . shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL." Pre-Trial Order No. 10A ("PTO 10A"), entered on June 24, 2016, provided plaintiffs whose cases had already been docketed in the MDL with 90 days from entry of PTO 10A to serve process. Pre-Trial Order No. 10B ("PTO 10B"), entered on August 18, 2016, provided plaintiffs whose cases had already been docketed in the MDL with 90 days from entry of PTO 10B to serve process.

The Court's September 20, 2016, Order regarding service of complaints provides that for complaints filed on or before December 31, 2016, the 60 day time period for streamlined service runs from the issuance of the summons.

Bayer Pharma AG is a company organized under the laws of Germany. Normally, service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h). Under Federal Rules of Civil Procedure 4(h)(2), service upon a corporation is effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f)

except personal delivery as provided in paragraph 2(C)(i) thereof."  Subdivision (f) provides that an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

Service of process by an American plaintiff on a German defendant in Germany is normally governed by international and German law.  The streamlined process for service on Bayer Pharma AG in PTO 10 is a departure from the requirements for service under international and German law and was a concession by Bayer Pharma AG.  If a plaintiff is to receive the benefit from this departure from normal service procedures, the plaintiff should, at the very least, be required to meet the conditions in PTO 10, including timely service.

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)."  Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to serve process "if the plaintiff shows good cause for the failure" to timely serve process.  Otherwise, the court may, in its discretion, deny a request for extension of time to serve process.  *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified.""  *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. LEXIS 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiffs have failed to show good cause for their failure properly to serve process within the required time period.  Inadvertence by counsel does not entitle Plaintiffs to an extension.  *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process).  The Court should deny Plaintiffs' motion for extension of time to serve process and require Plaintiffs to serve Bayer Pharma AG in accordance with international and German law.

Bayer Pharma AG is entitled to some certainty as to whether it will be required to defend itself in a particular case pending in the MDL.  Time limits on service provide some level of certainty.  Otherwise, Bayer Pharma AG is subject to being brought into any case in the MDL at any time for any reason.  With numerous cases pending in the MDL, this level of uncertainty places an undue burden on Bayer Pharma AG to continue to monitor all cases pending in the MDL.

Furthermore, Pre-Trial Order No. 11 ("PTO 11") provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served."  However, once Bayer Pharma AG is served in a particular case, Bayer Pharma AG's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed).  Service triggers the operation of Bayer Pharma AG's omnibus answer in a particular case without any action on the part of Bayer Pharma AG.  By delaying service, a plaintiff can delay the operation of Bayer Pharma AG's omnibus answer in a particular case.  Pre-Trial Order No. 11C provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint.  When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.

> If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her complaint.  Rather, the plaintiff can amend her complaint at any time for any reason.

WHEREFORE, Bayer Pharma AG respectfully requests that the Court deny Plaintiffs' request for an additional 30 days to serve process on Bayer Pharma AG under the streamlined service process, and require Plaintiffs to serve Bayer Pharma AG in accordance with international and German law.

August 6, 2018.

Respectfully submitted,

By: /s/ *Steven Glickstein*
Steven Glickstein
Andrew K. Solow
ARNOLD & PORTER
KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8485
Facsimile: (212) 836-6485
steven.glickstein@apks.com
William Hoffman
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
william.hoffman@apks.com


By: /s/ *John F. Olinde*
John F. Olinde (LA Bar #1515)
CHAFFE McCALL L.L.P.
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com
***Attorneys for Bayer Pharma AG***

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 6, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ John F. Olinde*