UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Lee Robert*            (16-14887) | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants"), Johnson & Johnson ("J&J"), Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Bayer Defendants") collectively referenced as "Defendants," through undersigned counsel, respectfully submit the instant Opposition to the Motion to Withdraw as Counsel of Record for Plaintiff Lee Robert. (Rec. Doc. No. 10271).  For the following reasons, Plaintiff's Counsel's motion should be denied.

"Attorneys normally are expected to work through the completion of a case."  *Cooper v. Wal-Mart Transp., L.L.C.,* 2010 WL 763548 (S.D. Tex. Mar. 3, 2010) (citing *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir.1989)).  "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir.1989).  Even where good cause for withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981).  The concerns regarding

- 1 -

the disruption of a lawsuit due to withdrawal of counsel are even more significant in multidistrict litigation proceedings as it leads to the prejudice of the other parties.  *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. MDL 07-1873, 2011 WL 4368719, at *2 (E.D. La. Sept. 16, 2011) (denying Motions to Withdraw as Counsel in an MLD on the basis that litigation would be delayed if its administration was "laden down with *pro se* plaintiffs who have been left *pro se* precisely because their attorneys found them uncommunicative and difficult to locate[,]" and thus holding that "the prejudice to the other parties in this case would be enormous were the Court to allow attorneys such as the movants to be relieved of representing hard-to-reach clients.").

Further, counsel seeking leave of a court to withdraw from representation must meet both the procedural requirements of Local Civil Rule 83.2.11 and the substantive requirements of the Louisiana Rules of Professional Conduct.  *Hayes v. Versatility Marine, LLC,* 2008 WL 4829380 (E.D. La. Nov. 4, 2008).  The current Motion to Withdraw fails to meet the substantive requirements of the Louisiana Rules of Professional Conduct, as adopted by this District in Local Rule 83.2.3.  Rule 1.16(b) of the Rules of Professional Conduct states that "a lawyer may withdraw from representing a client if: . . .  withdrawal can be accomplished without material adverse effect on the interests of the client," or if "other good cause for withdrawal exists."[1]

Good cause for withdrawal does not exist in this case, and the instant Motion does not address the effect of withdrawal on the interests of the client.  Rather, the only reason for seeking withdrawal identified in Plaintiff's counsel's Motion is "Plaintiff's unresponsiveness and lack of

---

[1] *See also* Rule 1.16(b) of the ABA Model Rules of Professional Conduct.

communication." (Rec. Doc. No. 10217-1).  Moreover, because the updated Plaintiff Fact Sheet submitted in this case is not complete, all discovery deadlines are tolled and this case is simply sitting dormant.  If Plaintiff's counsel cannot work with his client to comply with the basic discovery requirements set forth in PTO 13 and CMO 6, this case cannot proceed.

As the court ruled in *In re FEMA Trailer Formaldehyde Prod. Liability Litigation*, the prejudicial effect of leaving a plaintiff "*pro se* precisely because their attorneys found them uncommunicative and difficult to locate[,]" warrants denial of Plaintiff's counsel's Motion in this case.  2011 WL 4368719, at *2 (E.D. La. Sept. 16, 2011).  Thus, the reasons set forth in Plaintiff's counsel's Motion to Withdraw as Counsel of Record cannot constitute good cause for withdrawal as counsel of record pursuant to the Local Rules for the Eastern District of Louisiana and the Louisiana Rules of Professional Conduct.  Further, this Court has previously denied motions to withdraw brought by counsel alleging similar factual circumstances, instead, dismissing the cases with prejudice.  *See generally* November 29, 2016 Motion Hearing Transcript.  The same result should occur here.

Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion to Withdraw as Counsel of Record for Lee Robert. (Rec. Doc. No. 10271).

- 4 -

Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**
By: /s/ Susan M. Sharko
Susan M. Sharko
600 Campus Dr.
Florham Park, NJ 07932
Tel: (973) 549-7000
Susan.Sharko@dbr.com

Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson

**ARNOLD & PORTER KAYE SCHOLER LLP**
By: /s/ Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG

        **CHAFFE McCALL L.L.P.**
        By: /s/ John F. Olinde
        John F. Olinde (LA Bar #1515)
        1100 Poydras Street
        Suite 2300
        New Orleans, LA 70163
        Telephone: (504) 585-7241
        Facsimile: (504) 544-6084
        olinde@chaffe.com

        Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG

        **IRWIN FRITCHIE URQUHART & MOORE LLC**
        By: /s/ James B. Irwin
        James B. Irwin
        Kim E. Moore
        400 Poydras St., Ste, 2700
        New Orleans, LA 70130
        (504) 310-2100
        jirwin@irwinllc.com
        kmoore@irwinllc.com

        Liaison Counsel for Defendants

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on August 7, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

        */s/ James B. Irwin*
        **James B. Irwin**