L. Paul Mankin (SBN 264038)
pmankin@paulmankin.com
**LAW OFFICES OF L. Paul Mankin**
4655 Cass Street, Suite 410
San Diego, CA 92109
Telephone: (800) 219-3577
Facsimile: (323) 207-3885
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN)<br><br>THIS DOCUMENT RELATES TO:<br><br>CHRISTOPHER MOLOKWU | **MDL 2592**<br>**SECTION L**<br>**JUDGE ELDON E. FALLON**<br>**MAGISTRATE JUDGE NORTH**<br>**CASE NO. 2:18-cv-03132-EEF-MBN** |

## MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE

NOW COMES counsel for Plaintiff, Christopher Molokwu, pursuant to Federal Rules of Procedure 41(a)(2), and hereby respectfully moves this Honorable Court to dismiss, without prejudice, the above action against all Defendants, with each party to bear their own costs. Counsel takes this action because Plaintiff lacks diversity with Defendants and therefore this Court lacks subject matter jurisdiction.

**A. FACTUAL BACKGROUND**

Plaintiff filed the subject lawsuit on March 22, 2018 for an injury Plaintiff experienced in July of 2017. Plaintiff timely served Defendants. On July 12, 2018, Plaintiff's counsel notified Defendants' Lead and Liaison counsel in writing of the intent to dismiss this claim. On July 23, 2018, Plaintiff's counsel was informed that Defendant did not agree for this claim to be dismissed without prejudice. Per the Court's Pretrial Orders No. 24 and 24A, this motion is being filed more than

fourteen (14) days after notification to Defendant's Lead and Liaison Counsel. Further, Plaintiff 's counsel has complied with the filing fee payment provision of PTO No. 11B (Rec. Doc. 1117) and all applicable filing fees have been paid.

## B. THE COURT DOES NOT HAVE JURISDICTION UNDER DIVERSITY AS PLAINTIFF IS A RESIDENT OF THE SAME STATE AS DEFENDANTS.

28 U.S.C. Section 1332 provides that the district courts shall have jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. To sustain diversity jurisdiction there must exist an 'actual', 'substantial', controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69 (1941) (citations omitted). Plaintiff is a citizen of the state of New Jersey. Defendants Johnson & Johnson and Janssen Research and Development, LLC, are incorporated in, and thereby residents of, the state of New Jersey. As such, complete diversity is lacking between Plaintiff and the Defendants.

Further, dismissal without prejudice is the proper remedy where the Court lacks subject matter jurisdiction. "No jurisdiction' and 'with prejudice' are mutually exclusive." *Frederiksen v. City of Lockport*, 384 F.3d at 438. A court that lacks subject matter jurisdiction cannot dismiss a case with prejudice. *Id.* Plaintiff's claim is within the statute of limitations and Plaintiff intends to re-file the claim in Philadelphia, where similar claims have been filed. Plaintiff would be greatly prejudiced if Plaintiff is barred from re-filing this complaint in the proper venue. As such, Plaintiff respectfully request that the Court dismiss this matter without prejudice.

### I. Conclusion:

Plaintiff respectfully requests that the Court dismiss this case without prejudice

**2**
**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE**

because the Court lacks subject matter jurisdiction and diversity of citizenship jurisdiction since Plaintiff is a resident of the same state as Defendants.

Dated: August 14, 2018

                                              **The Law Office of L. Paul Mankin**

                                              By: /s/ L. Paul Mankin

                                                    L. PAUL MANKIN

                                                ATTORNEY FOR PLAINTIFF

**3**
**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 14, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.