UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 2592 SECTION L |
| THIS DOCUMENT RELATES TO | : : | |
| *Linda Lynch v. Janssen Research & Development LLC, et al; 2:16-cv-13330* | : : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED <u>PLAINTIFF FACT SHEET PURSUANT TO CMO 6</u>**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Lynda Lynch's action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Orders ("CMO") 6 and 13.

Plaintiff has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Plaintiff was selected for inclusion in Wave 1 discovery per CMO 6 because the PFS she submitted before January 31, 2018 met certain "core" requirements. Accordingly, per CMO 6, plaintiff was required

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

to update this PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO No. 6 ¶ 5(a) and CMO 13.

Plaintiff submitted an amended PFS on June 4, 2018, but this PFS was not fully complete per CMO 13. Specifically, the PFS contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| III. A.5 | Plaintiff did not answer whether she was ever given written instructions, including prescription packaging, package inserts, literature, medication guides, or dosing instructions, regarding Xarelto. |
| III. A.4 | Plaintiff stated that she received samples of Xarelto in April 2012, but did not state who provided these samples. |
| III. B.4 | Plaintiff did not answer what other prescription and over the counter medication she was taking at the time of her alleged bleeding event. |
| V. H.1 | Plaintiff stated that she previously treated for atrial fibrillation, deep vein thrombosis ("DVT"), hypertension and kidney problems. But, for each of these conditions, she did not state the provider or healthcare facility who treated her for the condition, the address for that provider, or the approximate date of onset for these conditions. |
| X | Plaintiff did not submit a signed declaration verifying the statements in the amended PFS. |

The information missing from plaintiff's PFS is important and relates directly to her claims in this case. Specifically, information related to plaintiff's treatment of prior medical conditions and use of prescription medication is necessary for Defendants to collect medical records and evaluate plaintiff's medical history. The identity of the provider who gave plaintiff samples is also necessary for Defendants to collect medical records and make determinations as to which providers to depose. Whether or not plaintiff received written instructions regarding Xarelto® goes directly to her knowledge of the warnings on the Xarelto® label. Finally, a declaration is required under CMO 13 to verify the statements contained in the PFS.

Defendants notified plaintiff of these deficiencies on June 7, 2018 and requested that plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the

case. Over 60 days have passed (well over the 20-day time period per CMO 13), but to date, plaintiff has not cured these deficiencies.

This delay is unwarranted. PTO 13 provides that a plaintiff's failure to timely comply with his or her PFS obligations may result in dismissal. CMO 6 states that all dismissals of Wave 1 and Wave 2 selected cases shall be with prejudice. Without a fully complete PFS in this case, all discovery deadlines are tolled and this case is simply sitting dormant. If plaintiff will not comply with the basic discovery requirements set forth in PTO 13 and CMO 6, this case cannot proceed. For these reasons, pursuant to PTO 13 and CMO 6, plaintiff's case should be dismissed <u>with</u> prejudice for her repeated disregard of the Court's order by failing to comply with her plaintiff fact sheet obligations.

Thus, plaintiff Linda Lynch should be ordered to show cause at 9:00 a.m. on September 5, 2018, before the Court as to why her case should not be dismissed with prejudice

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@apks.com
william.hoffman@apks.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *James B. Irwin*
    James B. Irwin
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    jirwin@irwinllc.com

*Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

*Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on August 15, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                    */s/ James B. Irwin*
                                                   **James B. Irwin**