UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br><br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |

THIS DOCUMENT RELATES TO:

*Matthew Whalen, et al v. Janssen Research & Development, LLC, et al*, 2:18-cv-04266

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE
SUMMONS AND COMPLAINT ON DEFENDANT BAYER PHARMA AG**

The Plaintiffs, by and through undersigned counsel, file the following Memorandum in Support of Motion for Extension of Time Within Which to Serve Summons and Complaint on Defendant Bayer Pharma AG pursuant to FRCP 4 and 6(b), and, in support thereof, aver as follows:

**Background**

Plaintiffs filed a Complaint alleging injuries from the use of Xarelto in the Superior Court for the Judicial District of New Haven, No. NNH-CV18-6079033-S, on March 21, 2018 against numerous Defendants including Bayer Pharma AG. Timely service was effected on all Janssen defendants as well as on Bayer Healthcare Pharmaceuticals, Inc., Bayer Corporation, and Bayer Healthcare LLC.

Service on Defendant Bayer Pharma AG was attempted via international registered mail, return receipt requested. On April 1, 2018 the original Complaint was received returned from Defendant Bayer Pharma AG accompanied by correspondence indicating the attempt at service

1

was not effective, Defendant Bayer Pharma AG is a German corporation and can only be served pursuant to international and German law, and that service by Registered Mail does not comply with international and German law. Thereafter, undersigned counsel began investigating service of process under international and German law.

Subsequently this case was transferred to the United States District Court for the District of Connecticut and then to the United States District Court for the Eastern District of Louisiana.

Plaintiffs began litigating the cause of action through the registration of an account through the BrownGreen MDL Centrality Portal for Xarelto Plaintiffs in this cause of action pursuant to the controlling Pre-Trial Order. Additionally, pursuant to Case Management Order 1, and Pre-Trial Orders 13, 13A, 13B, and 13C, on June 22, 2018 a Plaintiff Fact Sheet and authorizations were served. Plaintiffs received correspondence from MDL Centrality acknowledging receipt of the Plaintiff Fact Sheet. Service of the Plaintiff's Fact Sheet demonstrates Plaintiffs' intent to pursue this lawsuit.

Upon transfer to this Court undersigned counsel began a review of the Case Management Orders and Pre-Trial Orders. Through that review she became aware of the streamlined service of process provided in Pre-Trial Order No. 10.

Plaintiffs hereby request a thirty (30) day extension of time to serve process on Defendant Bayer Pharma AG as set forth in this Court's Pre-Trial Order No. 10.

## Law and Analysis

Fed. R. Civ. P. 4, sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert the defendants that they have a limited time in which to respond. If a defendant is not served within 90 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule

4(m) instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If a Plaintiff shows good cause for the failure to serve within the specified time period, the court can extend the time for service for an appropriate period of time. Fed. R. Civ. P. 4(m)

The statutory deadline for service does not generally apply to service in a foreign country under Rule 4(f), 4(h)(2) or 4(j)(1). See Rule 4(m). See also *Lozano v. Bosdet*, 693 F.3d 486, 486 (5th Cir. 2012) (Most courts faced with a challenge to the timeliness of foreign service have applied a "flexible due diligence" standard to determine whether they should be excused.)

Further, the court has discretion to decide that a permissive extension is appropriate. See *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008), citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S.Ct. 1638, l34 L.Ed. 2nd 880 (1996). If a Plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Such relief may be warranted by consideration of the "arguments and factors advanced by the plaintiff, and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1007 (7th Cir. 2011) citing *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996). A court may also consider other relevant factors, including "prejudice to the Defendant, actual notice of a lawsuit and eventual service." *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas*, 646 F.3d at 107 (quoting *Troxell*, 160 F.3d 381).

As set forth in the accompanying Motion, the Plaintiffs prepared and filed the necessary Plaintiff Fact sheet in accordance with PTO Nos. 13, 13A, 13B, and 13C. The Plaintiffs have demonstrated their intention of pursuing their claims as to Defendant Bayer Pharma AG and would be severely prejudiced due to the Statute of Limitations issue, should the requested relief not be granted. Defendant Bayer Pharma AG is on actual notice of this lawsuit and will suffer no prejudice by this Court granting the within Motion. Plaintiffs have not acted in bad faith in delaying service of the Complaint and Summons. Defendant Bayer Pharma AG will not be prejudiced by the requested extension, as they have had notice of the actual lawsuit. Plaintiffs request that this Court exercise its discretionary power to extend the time for service.

## Conclusion

For the foregoing reasons, the Plaintiffs respectfully request that this Court grant the Motion for Extension of Time and issue an Order granting a thirty (30) day extension of time within which to provide streamline service of process as provided by Pre-Trial Order No. 10 on Defendant Bayer Pharma AG. Plaintiff has shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sough herein.

RESPECTFULLY SUBMITTED,

August 21, 2018

BY:   /s/ *Cheryl E. Heffernan*
Cheryl E. Heffernan
Attorney ID # CT401016
Attorney for the Plaintiffs
Farver & Heffernan, LLC
2858 Old Dixwell Avenue
Hamden, CT 06518
Tel. (203) 230-2500
Fax (203) 288-4702
E-mail  ceh@farverandheffernan.com

**JURY TRIAL DEMANDED**

**CERFITICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Memorandum in Support of Plaintiffs' Motion For Extension Of Time To Effectuate Service Of Summons And Complaint On Bayer Pharma AG has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.
Hamden, Connecticut this 21st  day of August 2018.

  /s/ *Cheryl E. Heffernan*
Cheryl E. Heffernan