UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : : | |
| *David A. Alejandro v. Janssen Research & Development LLC, et al; 2:16-cv-01186* | : : : | JUDGE ELDON E. FALLON |
| | : | MAGISTRATE JUDGE NORTH |

**ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Plaintiff, David A. Alejandro, has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Pursuant to paragraph 1 of Case Management Order ("CMO") 6, Plaintiff was selected for inclusion in Wave 1 discovery. Plaintiff was eligible for selection in Wave 1 because he had met the core requirements for the Plaintiff Fact Sheet ("PFS") on or before January 31, 2018. Accordingly, per CMO 6, Plaintiff was required to update this PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO No. 6 ¶ 5(a) and Pretrial Order ("PTO") 13.

Plaintiff submitted an amended PFS on June 4, 2018, but this PFS was not fully complete per PTO 13. The information missing from Plaintiff's PFS is important and relates directly to his claims in this case. Specifically, information related to Plaintiff's use of prescription medication is necessary for Defendants to collect medical records and evaluate Plaintiff's medical history. The responses requested regarding Plaintiff's lost wages claim are necessary to evaluate Plaintiff's claim, and information regarding the type of treatment Plaintiff received for a past blood clot is

1

important medical history in this case. Additionally, Plaintiff indicates he previously took Coumadin, Pradaxa, and Lovenox but does not respond to all of the questions regarding his anticoagulant use, including the names of the prescribing physicians, which is necessary for Defendants to collect medical records and evaluate Plaintiff's medical history. Further, a declaration is required under PTO 13 to verify the statements contained in the PFS.

Defendants notified Plaintiff of these deficiencies on June 7, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. Over 70 days passed (well over the 20-day time period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

Failure to show cause by appearing before this Court at 9:00 am on September 18, 2018, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this ___ day of _____ 2018.

_____
United States District Judge