UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : | MDL No. 2592 |
| | | SECTION L |
| THIS DOCUMENT RELATES TO | | |
| *Edith Daniel v. Janssen Research & Development LLC, et al; 2:16-cv-04046* | | JUDGE ELDON E. FALLON |
| | | MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Edith Daniel's action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pre-Trial Order ("PTO") No. 13.

Plaintiff has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Plaintiff was selected for inclusion in Wave 1 discovery per CMO 6 because the PFS she submitted before January 31, 2018 met certain "core" requirements. Accordingly, per CMO 6, Plaintiff was

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

required to update this PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO No. 6 ¶ 5(a) and PTO 13.

Plaintiff submitted an amended PFS on June 19, 2018, but this PFS was not fully complete per PTO 13. Specifically, the PFS contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| III. A.1 | Plaintiff did not answer when she was first diagnosed with the condition for which she was prescribed Xarelto. Plaintiff also did not answer how she treated the condition prior to taking Xarelto. |
| III.B.1 | Plaintiff did not provide a year for the beginning date of treatment with the provider identified as the primary treating physician for the injuries claimed in this case. |
| III. B.4 | Plaintiff did not answer what other prescription and over the counter medication she was taking at the time of her alleged bleeding event. |
| III.B.5 | Plaintiff did not answer whether or not she previously had the type of bleeding event alleged before the diagnosis alleged in Section I.D. and did not answer whether she claims a previously existing condition was worsened. |
| III.C | Plaintiff did not answer whether or not she is seeking damages for the cause or aggravation of any psychiatric and/or psychological condition. |
| III.F | Plaintiff did not answer whether or not she had any discussions with any provider about whether Xarelto caused or contributed to her alleged bleeding event. |
| IV. | Plaintiff did not provide a response for any of the questions posed in Section IV, failing to identify any healthcare providers, hospitals or other facilities, and laboratories that treated Plaintiff, the pharmacies that provided medications, and the insurance carriers who provided medical coverage. |
| V. | Plaintiff did not respond to the questions posed regarding Plaintiff's medical background in Section V. |
| VI.C | Plaintiff did not provide a response regarding prescription medications that have been taken on a regular basis in the seven year period before first taking Xarelto. |
| X | Plaintiff did not submit a signed declaration verifying the statements in the amended PFS. |

The information missing from Plaintiff's PFS is important and relates directly to her claims in this case. Specifically, information as to when Plaintiff was first diagnosed with atrial fibrillation and how the condition was treated prior to taking Xarelto is important medical history in this case. Information related to the claims at issue such as whether Plaintiff has previously had the type of bleeding event alleged, whether Plaintiff claims a previously existing condition was

2

worsened, whether Plaintiff is seeking damages for the cause or aggravation of any psychiatric and/or psychological condition, and whether or not Plaintiff had any discussions with any provider about whether Xarelto caused or contributed to her alleged bleeding event are all necessary to properly evaluate Plaintiff's claim and medical history.  Additionally, information related to the length of time during which Plaintiff treated with the primary treating physician identified for the injuries claimed in the case, Plaintiff's use of prescription medication, and the identity of the providers, facilities, and laboratories who treated Plaintiff as well as the pharmacies who supplied prescription medications and insurance carriers who provided medical coverage are necessary for Defendants to collect medical records and evaluate Plaintiff's medical history.  The information requested in Section V pertaining to Plaintiff's medical background is also necessary to evaluate Plaintiff's medical history.  Finally, a new declaration is required under PTO 13 to verify the statements contained in the amended PFS.

Defendants notified Plaintiff of these deficiencies on June 20, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days.  Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case.  Over 60 days passed (well over the 20-day time period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted.  PTO 13 provides that a plaintiff's failure to timely comply with his or her PFS obligations may result in dismissal.  CMO 6 states that all dismissals of Wave 1 and Wave 2 selected cases shall be with prejudice.  Without a fully complete PFS in this case, all discovery deadlines are tolled and this case is simply sitting dormant.  If Plaintiff will not comply with the basic discovery requirements set forth in PTO 13 and CMO 6, this case cannot proceed. For these reasons, pursuant to PTO 13 and CMO 6, Plaintiff's case should be dismissed <u>with</u>

prejudice for her repeated disregard of the Court's order by failing to comply with her plaintiff fact sheet obligations.

Thus, plaintiff Edith Daniel should be ordered to show cause at 9:00 a.m. on September 18, 2018, before the Court as to why her case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@apks.com
william.hoffman@apks.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

5

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *James B. Irwin*
    James B. Irwin
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    jirwin@irwinllc.com

*Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

*Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 24, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**