UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : : | |
| *Edith Daniel v. Janssen Research & Development LLC, et al; 2:16-cv-04046* | : : : : | JUDGE ELDON E. FALLON |
| | : | MAGISTRATE JUDGE NORTH |

ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6

Plaintiff, Edith Daniel, has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Pursuant to paragraph 1 of Case Management Order ("CMO") 6, Plaintiff was selected for inclusion in Wave 1 discovery. Plaintiff was eligible for selection in Wave 1 because she had met the core requirements for the Plaintiff Fact Sheet ("PFS") on or before January 31, 2018. Accordingly, per CMO 6, Plaintiff was required to update this PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO No. 6 ¶ 5(a) and Pretrial Order ("PTO") 13.

Plaintiff submitted an amended PFS on June 19, 2018, but this PFS was not fully complete per PTO 13. The information missing from Plaintiff's PFS is important and relates directly to his claims in this case. Specifically, information as to when Plaintiff was first diagnosed with atrial fibrillation and how the condition was treated prior to taking Xarelto is important medical history in this case. Information related to the claims at issue such as whether Plaintiff has previously had the type of bleeding event alleged, whether Plaintiff claims a previously existing condition was

1

worsened, whether Plaintiff is seeking damages for the cause or aggravation of any psychiatric and/or psychological condition, and whether or not Plaintiff had any discussions with any provider about whether Xarelto caused or contributed to her alleged bleeding event are all necessary to properly evaluate Plaintiff's claim and medical history.  Additionally, information related to the length of time during which Plaintiff treated with the primary treating physician identified for the injuries claimed in the case, Plaintiff's use of prescription medication, and the identity of the providers, facilities, and laboratories who treated Plaintiff as well as the pharmacies who supplied prescription medications and insurance carriers who provided medical coverage are necessary for Defendants to collect medical records and evaluate Plaintiff's medical history.  The information requested in Section V pertaining to Plaintiff's medical background is also necessary to evaluate Plaintiff's medical history.  Finally, a new declaration is required under PTO 13 to verify the statements contained in the amended PFS.

      Defendants notified Plaintiff of these deficiencies on June 20, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days.  Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case.  Over 60 days passed (well over the 20-day time period per PTO 13), but to date, Plaintiff has not cured these deficiencies

      Failure to show cause by appearing before this Court at 9:00 am on September 18, 2018, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this ___ day of _____ 2018.

                                                                _____
                                                                 United States District Judge