UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : : | |
| *Joseph C. Dunn v. Janssen Research & Development LLC, et al; 2:16-cv-12047* | : : : : | JUDGE ELDON E. FALLON |
| | : | MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Joseph C. Dunn's action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pre-Trial Order ("PTO") No. 13.

Plaintiff has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Plaintiff was selected for inclusion in Wave 1 discovery per CMO 6 because the PFS he submitted before January 31, 2018 met certain "core" requirements. Accordingly, per CMO 6, Plaintiff was

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

required to update this PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO No. 6 ¶ 5(a) and PTO 13.

Plaintiff submitted an amended PFS on June 13, 2018, but he did not complete all sections of the PFS per CMO No. 6. Specifically, the PFS contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| II | Plaintiff did not respond to the questions posed regarding Plaintiff's personal information, including Plaintiff's educational history, employment history, history of worker's compensation and disability claims, history of military service, life insurance denials, prior lawsuits, prior convictions, and whether Plaintiff made any statements pertinent to this litigation via computer. |
| III | Plaintiff did not respond to any of the questions posed in Section III, which contains questions pertaining to Plaintiff's claims in this case and relevant medical history. |
| IV | Plaintiff did not provide a response for any of the questions posed in Section IV, failing to identify any healthcare providers, hospitals or other facilities, and laboratories that treated Plaintiff, the pharmacies that provided medications, and the insurance carriers who provided medical coverage. |
| V. | Plaintiff did not respond to the questions posed regarding Plaintiff's medical background in Section V. |
| VI.C | Plaintiff did not provide a response regarding prescription medications that have been taken on a regular basis in the seven year period before first taking Xarelto. |
| X | A signature date was not provided for the declaration submitted with the amended PFS. |

The information missing from Plaintiff's PFS is important and relates directly to his claims in this case. Specifically, the information requested in sections II, III, IV, V, and VI is necessary for Defendants to collect medical records, evaluate Plaintiff's medical history, make determinations on who to depose, and evaluate Plaintiff's claims in this case. Further, Plaintiff submitted a signed declaration with the amended PFS submitted on June 13, 2018 that does not contain a signature date. Instead, this declaration contains highlighting and notations that are also present in another undated declaration that was used with a prior PFS submitted on August 17, 2016. To confirm that a new declaration has in fact been provided, the declaration should contain

the signature date. A new declaration is required under PTO 13 to verify the statements contained in the amended PFS.

Defendants notified Plaintiff of these deficiencies on June 15, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. Over 60 days passed (well over the 20-day time period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. PTO 13 provides that a plaintiff's failure to timely comply with his or her PFS obligations may result in dismissal. CMO 6 states that all dismissals of Wave 1 and Wave 2 selected cases shall be with prejudice. Without a fully complete PFS in this case, all discovery deadlines are tolled and this case is simply sitting dormant. If Plaintiff will not comply with the basic discovery requirements set forth in PTO 13 and CMO 6, this case cannot proceed. For these reasons, pursuant to PTO 13 and CMO 6, Plaintiff's case should be dismissed <u>with</u> prejudice for his repeated disregard of the Court's order by failing to comply with his plaintiff fact sheet obligations.

Thus, plaintiff Joseph C. Dunn should be ordered to show cause at 9:00 a.m. on September 18, 2018, before the Court as to why his case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@apks.com
william.hoffman@apks.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *James B. Irwin*
    James B. Irwin
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    jirwin@irwinllc.com

*Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

*Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 28, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**