UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL NO. 2592<br><br>SECTION: L<br><br>JUDGE: ELDON E. FALLON<br><br>MAG. JUDGE NORTH |

THIS DOCUMENT RELATES TO:

*John Goodwin individually and on behalf of Hattie Goodwin v. Janssen Research & Development, LLC, et al; Case No. 2:15-cv-00508*

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FILED DUPLICATE CASES IN MDL 2592

On August 9, 2018, Defendants, Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho, LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals, Inc. and Bayer Pharma AG, ("Defendants") filed a MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FILED DUPLICATE CAES IN MDL 2592, requesting that this Court issue an order requiring certain plaintiffs, including John Goodwin, to show cause as to why their respective actions should not be dismissed with prejudice for filing more than one case in this litigation.

Plaintiff Hattie Goodwin passed away on November 11, 2014. Ronald Robinson, Hattie Goodwin's biological son, filed the first complaint in this MDL on December 22, 2014 asserting a wrongful death claim. On January 30, 2015, John Goodwin, Hattie Goodwin's surviving spouse, filed his complaint asserting the survival action of Hattie Goodwin as well as a wrongful death claim. On November 12, 2015, Ashlie Fluitt, Hattie Goodwin's granddaughter filed a complaint asserting a wrongful death claim.

1

Louisiana substantive law governs these claims. An issue that clearly addresses legal rights is substantive and is to be resolved according to state law; issues that clearly pertain to the judicial process alone are procedural and invoke federal law. Erie R.R. v. Tompkins, 304 U.S. 64 (1938)

In Louisiana, each of these Plaintiffs have an actionable claim for the wrongful death of Hattie Goodwin under civil code article 2315.2.

> **Louisiana Civil Code Art. 2315.2.  Wrongful death action provides in pertinent part:**
>
> **A.  If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:**
> **(1)  The surviving spouse and child or children of the deceased, or either the spouse or the child or children.**
> **(2)  The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.**
> **(3)  The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.**
> **(4)  The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.**
>
> **B.  The right of action granted by this Article prescribes one year from the death of the deceased.**
>
> **C.  The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.**

Plaintiff John Goodwin, Hattie Goodwin's surviving spouse, is the only plaintiff who brought a survival action on behalf of deceased Xarelto user Hattie Goodwin.

**Louisiana Civil Code Art. 2315.1.  Survival action provides in pertinent part:**

**A.  If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:**

**(1)  The surviving spouse and child or children of the deceased, or either the spouse or the child or children.**

2

**(2)  The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.**

**(3)  The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.**

**(4)  The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.**

**B.  In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.**

**C.  The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.**

A dismissal with prejudice is such a harsh remedy that operates as a rejection of the Plaintiff's claim on the merits, which has not been considered by this Court, and would preclude further federal litigation of Plaintiff's claims.  Counsel contends that the three (3) filed cases should be consolidated, not dismissed since all Plaintiffs have asserted valid claims under Louisiana law.

Plaintiff prays that in the interest of justice, the Court does not dismiss Plaintiff's case with prejudice and consolidates the three (3) filed cases under, "*John Goodwin individually and on behalf of Hattie Goodwin v. Janssen Research & Development, LLC, et al, Case No. 2:15-cv-00508.*"

Respectfully Submitted by:

                                            **McCORVEY LAW, LLC**

                                            /s/ Derriel C. McCorvey
                                            Derriel C. McCorvey
                                            LA Bar Roll # 26083
                                            TX Bar Roll# 24073351
                                            H.D. Register, III

                LA Bar Roll # 35290
                102 Versailles Blvd., Ste. 620
                Post Office Box 2473
                Lafayette, LA 70502
                Tel. 337-291-2431
                Fax 337-291-2433
                Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing *Plaintiff's Response to Defendants' Motion for Order to Show Cause Regarding Plaintiffs Who Filed Duplicate Cases in MDL No. 2592* has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

      Date:  August 28, 2018

      /s/ Derriel C. McCorvey_____
      **Derriel C. McCorvey**