UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION L |
| THIS DOCUMENT APPLIES TO: | |
| *Campos v. Janssen Research & Development, LLC*, 2:17-cv-17293 | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE NORTH |

**PLAINTIFF ISOLINA CAMPOS' RESPONSE TO DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF WHO HAVE FILED DUPLICATE CASES IN MDL NO. 2592**

For her response to Defendants' Motion for Order to Show Cause Regarding Plaintiffs Who Have Filed Duplicate Cases in MDL No. 2592 (CM/ECF Doc. 10430), Plaintiff Isolina Campos asserts that the Court should deny Defendants' request that her later filed action (2:17-cv-17424) be dismissed with prejudice.

The present dispute arises from an innocent mistake where the Plaintiff inadvertently retained two separate law firms to pursue the same claim. Without knowledge of each other, Plaintiff's two law firms each filed a similar case on her behalf relating to injuries caused by her usage of Xarelto, in the same court, a mere four days apart. Plaintiff's first claim was filed on December 14, 2017, and her second claim was filed on December 18, 2017.

In a situation such as this, where a subsequently filed claim is duplicative of a prior pending action, the prior pending action is grounds for abatement of the second case. *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). When this occurs, the proper course of action would be to dismiss the second suit without prejudice, stay the second suit pending the outcome of the first,

enjoin the parties from proceeding with the second action, or consolidating the two actions.  *See Curtis v. Citibank N.A.*, 226 F.3d 133, 138 (2nd Cir. 2000); *Id*.  Accordingly, Plaintiff informed the Defendants that she would be willing to dismiss the later filed case (2:17-cv-17424) without prejudice.  (See email correspondence attached as Exhibits 1 and 2).

Nevertheless, Defendants have refused Plaintiff's offer, insisting that the later filed case be dismissed with prejudice.  There is simply no basis or grounds for the relief Defendants seek.  This is not a situation where the Plaintiff was purposefully and maliciously filing a second action in an effort to avoid a ruling of this Court or obtain some sort of inappropriate relief.  This was merely an inadvertent duplicative filing, and the sanction of a dismissal with prejudice would be wholly unwarranted.

Indeed, Defendants offer no reason for their insistence that the second action be dismissed without prejudice.  By the terms of their own proposed Stipulation of Dismissal, Defendants include language that the stipulation shall not affect the first filed action.

However, despite the qualifying language Defendants have inserted in their proposed Stipulation of Dismissal, Defendants are still asking the Plaintiff to dismiss all claims in the second matter, which are the same as the claims in the first matter, with prejudice.  Arguably, by its very terms, this language would preclude the continuation of the first filed action, regardless of any qualifying language Defendants offer.  At a minimum, it creates unnecessary confusion, which could be avoided by the appropriate course of action:  a dismissal of the second action **without** prejudice.

Therefore, Plaintiff prays that the Court (i) deny Defendants' Motion for Order to Show Cause as to her claims, (ii) dismiss her second filed action (2:17-cv-17424) **without** prejudice, and (iii) allow her to continue to pursue her first filed action (2:17-cv-17293).

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

By: /s/ Michael S. Kruse
Michael S. Kruse
10 S. Broadway, Suite 1125
St. Louis, MO 63102
314/241-1919 (T)
314/665-3017 (F)
kruse@ngklawfirm.com
Attorneys for Plaintiff in Case No. 2:17-cv-17293

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 28, 2018, the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other Plaintiff Counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order 17.

/s/ Michael S. Kruse