# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) | MDL No. 2592 |
| ) | |
| PRODUCTS LIABILITY            ) | SECTION: L |
| LITIGATION                    ) | |
| ) | JUDGE ELDON E. FALLON |
| ) | |
| ) | MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF SUMMONS AND COMPLAINT ON BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG**

**THIS DOCUMENT RELATES TO THE FOLLOWING CIVIL ACTION NOS.:**

| Case | Number |
|---|---|
| Gregory Adams v. Janssen Research & Development LLC, et al. | 2:16-cv-06752 |
| Richard Balogh v. Janssen Research & Development LLC, et al. | 2:16-cv-13161 |
| Harland Bates v. Janssen Research & Development LLC, et al. | 2:16-cv-13490 |
| Stephen Beauchamp v. Janssen Research & Development LLC, et | 2:16-cv-13491 |
| Sherian Blakely v. Janssen Research & Development LLC, et al. | 2:16-cv-13492 |
| George Bohlken v. Janssen Research & Development LLC, et al. | 2:16-cv-13493 |
| Jeanette Bradley v. Janssen Research & Development LLC, et al. | 2:16-cv-13494 |
| Donald Brown v. Janssen Research & Development LLC, et al. | 2:16-cv-13495 |
| Donna Brown v. Janssen Research & Development LLC, et al. | 2:16-cv-13496 |
| James Brown v. Janssen Research & Development LLC, et al. | 2:16-cv-13500 |
| Teresa Clapp v. Janssen Research & Development LLC, et al. | 2:16-cv-13501 |
| Janet Costello v. Janssen Research & Development LLC, et al. | 2:16-cv-13502 |
| Roger Daniel v. Janssen Research & Development LLC, et al. | 2:16-cv-12725 |
| Janet Davis v. Janssen Research & Development LLC, et al. | 2:16-cv-13508 |
| Ronald DeHaven v. Janssen Research & Development LLC, et al. | 2:16-cv-12731 |
| Russell Desanzo v. Janssen Research & Development LLC, et al. | 2:16-cv-13512 |
| Eugen Deyo v. Janssen Research & Development LLC, et al. | 2:16-cv-13513 |
| Margaret Dowd v. Janssen Research & Development LLC, et al. | 2:16-cv-13532 |
| Robert Evedon v. Janssen Research & Development LLC, et al. | 2:16-cv-13534 |
| Richard Flood v. Janssen Research & Development LLC, et al. | 2:16-cv-13535 |
| Sam Force v. Janssen Research & Development LLC, et al. | 2:16-cv-13538 |
| Charles Gordon v. Janssen Research & Development LLC, et al. | 2:16-cv-13539 |
| Helen Griffin v. Janssen Research & Development LLC, et al. | 2:16-cv-13542 |
| Betty Hartgrove v. Janssen Research & Development LLC, et al. | 2:16-cv-13670 |
| Cary Hatfield v. Janssen Research & Development LLC, et al. | 2:16-cv-13671 |

| | |
|---|---|
| Ryan Henson v. Janssen Research & Development LLC, et al. | 2:16-cv-13672 |
| Michael Herrmann v. Janssen Research & Development LLC, et | 2:16-cv-12733 |
| Thomas James v. Janssen Research & Development LLC, et al. | 2:16-cv-13689 |
| Carol Jarecke v. Janssen Research & Development LLC, et al. | 2:16-cv-12735 |
| David Jenkins v. Janssen Research & Development LLC, et al. | 2:16-cv-13702 |
| Patricia Jones v. Janssen Research & Development LLC, et al. | 2:16-cv-13703 |
| David King v. Janssen Research & Development LLC, et al. | 2:16-cv-12736 |
| Wilma Klineline v. Janssen Research & Development LLC, et al. | 2:16-cv-13704 |
| Johnny Latham v. Janssen Research & Development LLC, et al. | 2:16-cv-13706 |
| Calvin Lee v. Janssen Research & Development LLC, et al. | 2:16-cv-13707 |
| Thomas Lietzke v. Janssen Research & Development LLC, et al. | 2:16-cv-13708 |
| Diane Long v. Janssen Research & Development LLC, et al. | 2:16-cv-13710 |
| Marguerite Long v. Janssen Research & Development LLC, et al. | 2:16-cv-13711 |
| Susan McAvoy v. Janssen Research & Development LLC, et al. | 2:16-cv-13716 |
| Frances McCullough v. Janssen Research & Development LLC, | 2:16-cv-13721 |
| Maryann McDonald v. Janssen Research & Development LLC, et | 2:16-cv-13723 |
| Nancy McNamara v. Janssen Research & Development LLC, et | 2:16-cv-13735 |
| Clifton Moss v. Janssen Research & Development LLC, et al. | 2:16-cv-13739 |
| Jean Mossor v. Janssen Research & Development LLC, et al. | 2:16-cv-13740 |
| Audrielle Nelson v. Janssen Research & Development LLC, et al. | 2:16-cv-13741 |
| James Nelson v. Janssen Research & Development LLC, et al. | 2:16-cv-13743 |
| Joe Nelson v. Janssen Research & Development LLC, et al. | 2:16-cv-13744 |
| Lucille Oravecz v. Janssen Research & Development LLC, et al. | 2:16-cv-14405 |
| Karl Payne v. Janssen Research & Development LLC, et al. | 2:16-cv-14407 |
| Don Pittman v. Janssen Research & Development LLC, et al. | 2:16-cv-14411 |
| Dorothy Porter v. Janssen Research & Development LLC, et al. | 2:16-cv-14416 |
| Rhonda Purviance v. Janssen Research & Development LLC, et | 2:16-cv-14418 |
| Charles Roberts v. Janssen Research & Development LLC, et al. | 2:16-cv-14420 |
| Devon Settles v. Janssen Research & Development LLC, et al. | 2:16-cv-14426 |
| Cuevas Shelton v. Janssen Research & Development LLC, et al. | 2:16-cv-14436 |
| Diane Simpson v. Janssen Research & Development LLC, et al. | 2:16-cv-14450 |
| Garrett Smith v. Janssen Research & Development LLC, et al. | 2:16-cv-14451 |
| Gene Spencer v. Janssen Research & Development LLC, et al. | 2:16-cv-14452 |
| John Stewart v. Janssen Research & Development LLC, et al. | 2:16-cv-14454 |
| Shirley Tate v. Janssen Research & Development LLC, et al. | 2:16-cv-14456 |
| Julia Tower v. Janssen Research & Development LLC, et al. | 2:16-cv-14475 |
| Cheryl Tucker v. Janssen Research & Development LLC, et al. | 2:16-cv-14477 |
| Shirley Waltz v. Janssen Research & Development LLC, et al. | 2:16-cv-14480 |
| John Warner v. Janssen Research & Development LLC, et al. | 2:16-cv-14481 |
| Jim Weissinger v. Janssen Research & Development LLC, et al. | 2:16-cv-14485 |
| Rosemary White v. Janssen Research & Development LLC, et al. | 2:16-cv-14488 |
| Patricia Wollman v. Janssen Research & Development LLC, et al. | 2:16-cv-14490 |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF SUMMONS AND COMPLAINT ON BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG

AND NOW, come the above captioned Plaintiffs, bundled into the Gregory Adams multi-plaintiff Complaint by and through counsel, Ryan Cavanaugh, Esquire and Kelley & Ferraro, LLP, and file the following Memorandum in Support of Motion for Extension of Time to Effectuate Service on Summons and Complaint on Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG pursuant to FRCP 4(m) and 6(b), and, in support thereof, aver as follows:

### Background

On May 20, 2016 Plaintiffs' counsel filed a bundled Complaint against numerous Defendants, alleging injuries from the use of Xarelto on behalf of eighty-six (86) claimants in the United States District Court for the Eastern District of Louisiana.

After filing the complaint Plaintiffs immediately attempted service on Bayer Healthcare Pharmaceuticals and Bayer Pharma AG. Plaintiffs then began litigating the cause of action through the registration of an account on the BrownGreer MDL Centrality Portal for Xarelto Plaintiffs pursuant to the controlling Pre-Trial Order. Further, Plaintiffs completed and submitted Plaintiff Fact Sheets.

In the months shortly after filing the complaint, Plaintiffs' counsel received seventeen (17) Unserved Complaint Notices for various clients contained in the Gregory Adams Complaint. Although Plaintiffs disagreed with Defendants counsel on whether those Complaints were properly served, Plaintiffs attempted service again. On July 24, 2018 Plaintiff's counsel received an email from Defendants regarding failure to serve a Complaint for a client that was contained in the Gregory Adams bundled complaint. Plaintiffs' counsel had not previously received an Unserved Complaint Notice for this client. Although Plaintiffs' counsel has not received separate letters or Unserved

Complaint Notices for the remaining claimants contained in the Gregory Adams Complaint, we presume that Defendants will have the same "issues" with service of those complaints. During this entire period of time, Plaintiffs' counsel had been in contact with the Defendants' Liaison Counsel, and the defense is aware of this cause of action.

Accordingly, Plaintiffs hereby request under Fed. R. Civ. 4(m), a 30-day extension of time in which to effectuate service on Bayer Healthcare Pharmaceuticals, Inc., and Bayer Healthcare AG in accordance with this Court's Pretrial Order No. 10.

**The Court Should Exercise Its Discretionary Authority to Extend the Time Period for Serving Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG**

Under Fed. R. Civ. P. 4, if a Plaintiff shows good cause for failure to serve within the specified time period, the Court can extend the time for service for an appropriate period of time.

Although Rule 4(m) allows a Plaintiff ninety (90) days to serve a Defendant after a Complaint is filed, Courts may alternatively issue an Order that service be made within a specified time. Fed. R. Civ. P. 4(m). Further, the Court has discretion to decide that a permissive extension is appropriate. See United States v. Ligas, 549 F. 3d 497, 501 (7th Cir. 2008), citing Henderson v. United States, 517 U.S. 654, 662-63 (1996). If a Plaintiff establishes good cause for failing to serve a Defendant, the Court should allow additional time for service, and even if good cause is lacking, the Court has discretionary power to extend time for service. See Thompson v. Brown, 91 F. 3d 20, 21 (5th Cir. 1996). Such relief may be warranted by consideration of the "arguments and factors advanced by the Plaintiff, and paying particular attention to the critical factor such as the running of a state of limitations." Cardenas v. City of Chi, 646 F.3d 1001, 1007 (7th Cir. 2011) citing Panaras v. Liquid Carbonic Indus. Corp., 94 F. 3d 338, 341 (7th Cir. 1996). A Court may also consider other relevant factors, including "prejudice to the Defendant, actual notice of a lawsuit and eventual service." Troxell v. Fedders of N.A. Inc., 160 F.3d 381, 383 (7th Cir. 1998).

As set forth in the accompanying Motion, Plaintiffs prepared and filed the necessary Plaintiff Fact Sheet in accordance with PTO Nos. 13A and 14A. Plaintiff has demonstrated their intention however of pursuing their claims as to Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG, and would be severely prejudiced due to the Statute of Limitations issue, should the requested relief not be granted. The Xarelto MDL involves at least thousands of Plaintiffs who have filed claims virtually identical to the lawsuit filed by Plaintiff and Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG are on actual notice of said lawsuits and will suffer no prejudice by this Court in granting the within Motion. Plaintiff has not acted in bad faith in delaying service of the Complaint and Summons. Defendant will not be prejudiced by the requested extension, as Defendant has had notice of the actual lawsuit. Plaintiff requests that this Court exercise its discretionary power to extend the time for service.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the within Motion to extend the time for serving Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG.

RESPECTFULLY SUBMITTED:

August 29, 2018

BY: /s/ *Ryan Cavanaugh*
Ryan Cavanaugh
Ohio State Bar No. 0079996
Kelley & Ferraro LLP
EY Tower
950 Main Ave, Suite 1300
Cleveland, OH  44113
P: (216) 575-0777
F: (216) 575-0799
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Ryan Cavanaugh, Esquire, hereby certify on August 29, 2018, that a true and correct copy of the above and foregoing Motion for Extension of Time to Effectuate Service of Summons and Complaint on Bayer Healthcare Pharmaceuticals, Inc., and Bayer Pharma AG has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by F.R.C.P 5(b)2, Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality which will send notice of electronic filing and in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ *Ryan Cavanaugh*

Ryan Cavanaugh, Esquire
*Counsel for Plaintiffs*