UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br><br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |

THIS DOCUMENT RELATES TO:

*Albertson v. Janssen Research & Development, LLC, et al., 16-6424*
*Anderson o/b/o Catherine Anderson v. Janssen Research & Development, LLC, et al., 16-11756*
*Angelo, et al.,v. Janssen Research & Development, LLC, et al., 16-11763*
*Brougher v. Janssen Research & Development, LLC, et al., 16-11766*
*Cartwright v. Janssen Research & Development, LLC, et al., 16-11768*
*Ciulla v. Janssen Research & Development, LLC, et al., 16-11773*
*Day v. Janssen Research & Development, LLC, et al., 16-11786*
*Galvin, et al. v. Janssen Research & Development, LLC, et al., 16-11788*
*Halloran v. Janssen Research & Development, LLC, et al., 16-11791*
*Hicks o/b/o Jonas Lee Hicks v. Janssen Research & Development, LLC, et al., 16-11792*
*Holden v. Janssen Research & Development, LLC, et al., 16-11795*
*Hughes v. Janssen Research & Development, LLC, et al., 16-11806*
*Hughes, et al. v. Janssen Research & Development, LLC, et al., 16-11816*
*Hutt v. Janssen Research & Development, LLC, et al, 16-11821*
*Jackman v. Janssen Research & Development, LLC, et al., 16-11823*
*Lane, et al. v. Janssen Research & Development, LLC, et al., 16-11825*
*Lester v. Janssen Research & Development, LLC, et al., 16-11828*
*Mauser o/b/o June Mauser v. Janssen Research & Development, LLC, et al., 16-11833*
*Middleton o/b/o Kay Middleton v. Janssen Research & Development, LLC, et al., 16-11889*
*Morin, et al. v. Janssen Research & Development, LLC, et al., 16-11893*
*Parker v. Janssen Research & Development, LLC, et al., 16-11904*
*Ratliff o/b/o Jean Brent v. Janssen Research & Development, LLC, et al., 16-11913*
*Thomson o/b/o Robert Thomson v. Janssen Research & Development, LLC, et al., 16-11914*
*Webb v. Janssen Research & Development, LLC, et al., 16-11916*
*Williams v. Janssen Research & Development, LLC, et al., 16-11923*
*Wong, et al. v. Janssen Research & Development, LLC, et al., 16-11929*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANTS**

**MAY IT PLEASE THE COURT:**

The Plaintiffs in the above referenced Complaint hereby submit this Memorandum in support of their Motion for an Order from this Honorable Court granting them additional time within which to serve process on the Defendants, through the streamlined process as set forth in this Court's Pre-Trial Order Nos. 10 and 10B.

### I.     BACKGROUND

On May 17, 2016, Plaintiffs filed their Complaint against Defendants and were assigned Case No. 2:16-cv-06424. Plaintiff, John Albertson o/b/o Katherine Drew, timely served the bundled complaint, Exhibit 1 – Severance Order, Exhibit 2 – List of Plaintiffs and the Short Form Complaint on all Janssen defendants as well as Bayer Healthcare Pharmaceuticals, Inc. and Bayer Pharma AG. However, the remaining plaintiffs listed on the bundled complaint did not properly serve the defendants with the correct attachments.

Prior to the filing of this motion, all Plaintiffs have filed Plaintiff Fact Sheets on the Defendants (inclusive of Defendant Bayer Pharma AG) through MDL Centrality. Defendants counsel has previously provided notices of deficiency on many of these cases on behalf of all Defendants (inclusive of Defendant Bayer Pharma AG). Defendant Bayer Pharma AG is undoubtedly fully aware of the facts and circumstances regarding the claim and would suffer no prejudice if the time for service is extended as requested.

### II.     LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the

court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id*. Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Situations where a discretionary extension may be granted include "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA General Insurance Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (internal quotation marks omitted). Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. at 666.[1]

In *Zermeno*, *supra*, for example, the court granted plaintiffs' motion for additional time to effect service on defendants where defendants had notice of the claims against them, defendants' counsel sent a letter to plaintiffs' counsel stating that he would be representing defendants in the matter, defendants' counsel agreed to file an answer and did not advise plaintiffs' counsel of its intent to assert defective service. *Id*. at 667. The court noted that "if defendants act so as to cause plaintiff to believe service is effective, plaintiff may show good cause for delay in effecting proper service." *Id*.

3

Similarly, in *Millan*, *supra*, the Fifth Circuit reversed the District Court's dismissal of the case based on plaintiffs' failure to effect service within the required period. There, plaintiff named the wrong defendant in the original complaint. *Id*. However, the court found that the correct defendant had received notice of the claims against it within days of the Rule 4(m) deadline and had in fact entered an appearance on behalf of the incorrect defendant. *Id*. at 327-328. Moreover, the Court emphasized the correct defendant's failure to timely raise the service issue sooner, noting that it did not mention the delay in service in its original motion to dismiss, instead waiting to do so in its subsequent reply brief. *Id*.

Here, Defendants had notice of the claims against them in the above Joint Complaint despite the fact that Plaintiffs inadvertently did not serve their complaints in accordance with the streamlined service of process procedures set forth in Pre-Trial Order #10, 10A and 10B. Plaintiffs proceeded with their cases, most notably through the filing and service of their Plaintiff Fact Sheets. Not only did Plaintiffs file their individual Plaintiff Fact Sheets, Defendants had filed deficiency notices related to many of these PFS's.

As soon as Plaintiffs realized the Complaints had not been served properly, they requested and are requesting additional time. This Motion was not precipitated by any motion made by Defendant.

Setting aside Defendant's familiarity with Plaintiffs' particular claims through their individual PFS's, Defendants are clearly aware of the general facts, circumstances and theories of recovery underlying Plaintiffs' Complaints, having been served with countless identical complaints and individual PFS's in this MDL. Because this MDL involves thousands of similarly situated Plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiffs, no actual prejudice has or will occur to Defendant Bayer Pharma AG by the Court granting the

discretionary relief sought herein. This Court has granted similar relief to other plaintiffs when the Bayer Defendants have disputed service.

In the instant matter, Plaintiffs have every intention of pursuing the claim and we demonstrated such to the Defendants. Plaintiffs were not acting in bad faith in delaying service of the Complaints and Summonses.

Additionally, Plaintiffs point out that the dismissal of these cases could subject them to a statute of limitations defense in the future. Although Plaintiffs believe they would be able to overcome any such defense, the granting of the instant Motion would prevent any uncertainty caused by dismissal as it relates to the statute of limitations and, in so doing, prevent significant prejudice to Plaintiffs.

In light of the foregoing, Plaintiffs now respectfully request that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

### III.     CONCLUSION

Based on the arguments and facts set forth herein, Plaintiffs respectfully request an Order from this Court granting them thirty (30) days, or a reasonable time to be determined by the Court, from the date the Order is entered within which to provide streamlined service of process on Defendants. Plaintiffs have shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein.

This 5th day of September, 2018

Respectfully submitted,


/s/ Douglas R. Plymale
Douglas R. Plymale, (La. Bar No. 28409)
dplymale@dugan-lawfirm.com
James R. Dugan, II (La. Bar No. 24785)
jdugan@dugan-lawfirm.com
THE DUGAN LAW FIRM, APLC
One Canal Place
365 Canal Street, Suite 1000
New Orleans, LA 70130
Telephone: (504) 648-0180
Fax: (504) 648-0181

Attorneys for Plaintiffs

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the above and foregoing document was filed with the clerk via CM/ECF. Notice of this filing will be sent via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to PreTrial Order No. 17, on this 5th day of September 2018.

                                                /s/Douglas R. Plymale
                                                 Douglas R. Plymale, Ph.D.