Patrick J. Mulligan, TX SBN 14651270
Charles G. Orr, TX SBN 00788148
**THE MULLIGAN LAW FIRM**
3710 Rawlins Street, #901
Dallas, TX  75219
Telephone: (214) 219-9779
Facsimile: (214) 520-8789

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates To:**<br><br>*Kinnear, et al. v. Janssen Research & Development, LLC, et al.*, No. 15-6206 | ) MDL No. 2592<br>)<br>) SECTION:   L<br>)<br>) JUDGE FALLON<br>)<br>) MAG. JUDGE NORTH<br>) |

**BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME
WITHIN WHICH TO SERVE PROCESS
ON BAYER DEFENDANTS UNDER PTOs 10 AND 11**

Plaintiffs whose claims were included in the bundled complaint styled *Kinnear, et al. v. Janssen Research & Development, LLC, et al.*, No. 15-6206, respectfully request that this Court grant their Motion for Extension of Time Within Which to Serve Process on Bayer Defendants Under PTOs 10 and 11.  Plaintiffs request that the Court grant them an additional 30 days from the date of the Court's order granting the Motion to serve Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc. (the "Bayer Defendants").

**BACKGROUND**

Plaintiffs filed *Kinnear* directly in the Xarelto MDL on November 20, 2015.  Declaration of Charles G. Orr (Orr Decl.), ¶ 2.  The Court issued a severance order on November 30, 2015,

**BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME**                                                   Page 1

and each plaintiff besides Kinnear filed a short form complaint.  Orr Decl. at ¶ 2.  On December 30, 2015, Plaintiffs' counsel mailed, by registered mail to the Bayer Defendants at the addresses identified in section II of PTO 10, a PTO 11 bundle, which included the complaint, the severance order, a summons, and a list of each individual case included in the bundled complaint with its newly assigned cause number following the filing of the short form complaints.  Orr Decl. at ¶ 2.

Unfortunately, through inadvertent clerical error, the summons included in each of these mailings was not executed by the clerk.  Orr Decl. at ¶ 3.  On August 31, 2018, the Bayer Defendants served an "unserved complaint notice" via MDL Centrality for one of the plaintiffs in the *Kinnear* bundled complaint, which prompted a telephonic meet-and-confer between Plaintiffs' counsel and counsel for the Bayer Defendants.  Orr Decl. at ¶ 3.  Counsel for the Bayer Defendants respectfully advised that the Bayer Defendants would not agree to an informal extension of time to serve process and that motion practice was necessary.  Orr Decl. at ¶ 3.

## ARGUMENT

PTO 10 provides:  "Failure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)."  PTO 10 at 3, ¶ II.D.  Federal Rule of Civil Procedure 4(m) provides that the defendant must be served within 90 days after the complaint is filed; PTO 10 shortens this time period for the Bayer Defendants to 60 days.  Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant.  *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  If a plaintiff shows "good cause" for failure to timely serve a defendant with process, the court must extend the time for service.  Fed. R. Civ. P. 4(m).  A plaintiff shows "good cause" when the plaintiff "demonstrate[s] at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice."

*Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (internal quotation omitted). Typically, a plaintiff must demonstrate "some reasonable basis for noncompliance within the time specified." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Even if a plaintiff fails to show "good cause," the court still has discretion to extend the time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Good cause exists here. Plaintiffs' counsel attempted service on the Bayer Defendants under PTOs 10 and 11, but because of a good faith clerical error (inclusion of an unexecuted summons) did not strictly comply with the terms of PTOs 10 and 11. Under these circumstances, the Court can and should grant the motion and allow Plaintiffs to re-serve the Bayer Defendants.

The Bayer Defendants would not be prejudiced by the granting of this Motion. The Bayer Defendants were served in early 2016 (albeit with a summons not signed by the clerk but otherwise in compliance with PTOs 10 and 11), and the absence of a signed summons is a technicality that has no bearing on the Bayer Defendants' ability to defend themselves. PFSs were served in January 2016 for the Plaintiffs included in the *Kinnear* bundled complaint. Orr Decl. at ¶ 4.[1] Under these circumstances, the Bayer Defendants would suffer no prejudice should this Court allow Plaintiffs to re-serve them.

### CONCLUSION AND REQUEST FOR RELIEF

Plaintiffs have demonstrated good cause for this Court to grant their requested extension of time to serve process. Alternatively, even had good cause not been shown, the circumstances warrant this Court's exercising of its discretion to grant such an extension. Accordingly,

---

[1] *See* Document 148477 (PFS for Plaintiff John Kinnear, served 1/19/2016); Document ID 148463 (PFS for Plaintiff Edwin Lowe, served 1/19/2016); Document ID 148456 (PFS for Plaintiff Earl Slone, served 1/19/2016); Document ID 148454 (PFS for Plaintiff Bonnie Teeter, served 1/19/2016); Document ID 148446 (PFS for Plaintiff Pauline Tuttle, served 1/19/2016). Orr Decl. at ¶ 4.

Plaintiffs respectfully request that this Court grant them an extension of time of 30 days from the date the Court grants the motion to serve process on the Bayer Defendants. Plaintiffs further request such other relief to which they may be justly entitled.

DATED: September 5, 2018            Respectfully submitted,

By: /s/ *Charles G. Orr*
Charles G. Orr, TX Bar No. 00788148
THE MULLIGAN LAW FIRM
3710 Rawlins Street, #901
Dallas, Texas 75219
Telephone: (214) 219-9779
Facsimile: (214) 520-8789
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: /s/ Charles G. Orr
Charles G. Orr
Attorney for Plaintiff