UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) | |
| PRODUCTS LIABILITY LITIGATION ) | MCL No. 2592 |
| ) | Civil Action No. 2:18-cv-00298 |
| ) | SECTION: L |
| ) | JUDGE ELDON E. FALLON |
| ) | MAG. JUDGE NORTH |

_____

**RESPONSE OF PLAINTIFF, LOIS BEDGOOD, AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF DOUGLAS BEDGOOD, DECEASED, TO MOTION FOR ORDER TO SHOW CAUSE REGARDING CORE PLAINTIFF FACT SHEET DEFICIENCY**

In response to Defendants' Motion for Order to Show Cause Regarding Core Plaintiff Fact Sheet Deficiencies [Docket No. 10795 of MDL 2592], attorney Kenneth A. Stern hereby states, on behalf of Plaintiff as follows:

1. On August 13, 2018 Plaintiff provided Defendant with an email response to Defendant's emailed inquiry regarding Core Deficiencies. In said response to Defendant's email regarding Plaintiff's decedent herein, Plaintiff's counsel, Kenneth A. Stern provided, in its response attached hereto as Exhibit A, as follows:

    "BEDGOOD, DOUGLAS. Status: This case was delayed due to issues with records acquisition, principally due to the failure of the Probate Court to timely issue Letters of Authority. Records have now been ordered and the case is still proceeding".

2. Plaintiff has previously provided to Defendant a hospital record that indicated that Plaintiff's decedent had discontinued use of Xarelto in January of 2014, due to certain stroke-like symptoms he was experiencing while Xarelto use had continued. See Exhibit B.

3. Plaintiff has not provided an updated Declaration page as Plaintiff is awaiting additional medical records. Upon receipt of additional records, Plaintiff will provide an updated Declaration page.

4. To date, Plaintiff has requested all prescription and medical records through its medical record retrieval provider, but has yet to receive them.

5. Upon receipt of the required prescription records and any additional medical records, Plaintiff will update the MDL Centrality Plaintiff's Fact Sheet.

6. Plaintiff has, in good faith, retrieved and continues to retrieve and provide Defendants with all required medical records.

7. Plaintiff and her counsel are not responsible for the delay, which is solely due to the delay that occurred in the Probate Court's failure to more timely provide Letters of Authority which are necessary to acquire decedent's medical records.

8. Plaintiff further requests this Honorable Court allow Plaintiff a period of ninety (90) days with which to cure all deficiencies to Plaintiff's Fact Sheet. Consistent therewith, Plaintiff's proposed Order is attached thereto as Exhibit B.

WHEREFORE, Plaintiff requests this Honorable Court grant Plaintiff herein a period of ninety (90) days from the date of entry to cure all deficiencies to Plaintiff's Fact Sheet.

Dated: September 6, 2018

s/ *Kenneth A. Stern*
Kenneth A. Stern, P30722
STERN LAW, PLLC
41850 West 11 Mile Road
Novi, Michigan 48375-1857
(248) 347-7300
ken@sternlawonline.com

*Attorney for Plaintiff's decedent*