UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

**This Document Relates To:**
*Kenneth Nuse v. Janssen Research &*
*Development, et al.*; Civil Case No.: 2:17-cv-02983

MDL No. 2592

SECTION: L

JUDGE FALLON

MAG. JUDGE NORTH

## PLAINTIFF'S RESPONSE AND OBJECTIONS
## TO NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF PLAINTIFF KENNETH NUSE

Comes now the Plaintiff, Kenneth Nuse, hereby responds and objects to the Notice of Video Deposition of Kenneth Nuse and the request therein that the deponent produce at the deposition certain documents and tangible things listed in Exhibit "A" to the Notice as follows:

Plaintiff objects to that portion of the Notice which states that the deposition "will continue from day to day until completed" on the grounds that the Court's PTO 26 provides time limitations upon the taking of a bellwether plaintiff's deposition. Accordingly, the defendants may not exceed such time limitations except by agreement of the parties or by order of the Court.

Plaintiff objects generally to each and every request for documents propounded by Defendants to the extent the discovery sought exceeds the scope of discovery allowed under the Federal Rules of Civil Procedure, the Court's Local Rules and/or the Court's Pre-Trial Orders in this litigation.

Plaintiff also generally objects to each and every request for documents propounded by Defendants to the extent they seek discovery beyond that permitted by the Court during this

initial stage of bellwether discovery and as provided for in the court-ordered Plaintiff Fact Sheet ("PFS"). Plaintiff has previously completed and served a PFS along with signed authorizations for the release of records to Defendants. Plaintiff has also produced documents responsive to Section IX of the PFS. As such, the Plaintiff further objects to these requests to the extent they are redundant, repetitive or seek documents or information already produced by Plaintiff or that can be obtained by Defendants pursuant to any of the several authorizations that Plaintiff has executed and produced to Defendants.

Lastly, Plaintiff objects to each and every request for documents propounded by Defendants to the extent they seek to impose additional (or different) document and/or ESI preservation obligations on Plaintiff beyond those set forth in the Court's PTO 15 or PTO 15B.

Subject to the foregoing general objections, and incorporating said general objections herein by reference, Plaintiff responds to the individual requests ("Requests") as follows:

1. **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between any attorneys or other agents for Kenneth Nuse and any healthcare provider that rendered any care or treatment to Kenneth Nuse;**

Plaintiff's Response to Document Request No. 1:

Plaintiff objects to this Request to the extent it seeks documents or information protected from disclosure by the attorney work product doctrine and/or the attorney-client privilege. Plaintiff also objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Additionally, Plaintiff objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court in its March 9, 2016, Order. [Doc. 2676]. Plaintiff also objects to this Request to the extent that

it prematurely seeks the production of documents and/or information outside the timetable established by the Court for such discovery in its March 9, 2016, Order. [*Id.*]. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation between *any* attorneys or *other* agents" for Plaintiff and "*any* healthcare provider that rendered *any* care or treatment" to the Plaintiff.  Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he has no documentation responsive to this Request.

2.      **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between Kenneth Nuse and any healthcare provider that rendered any care or treatment to Kenneth Nuse;**

Plaintiff's Response to Document Request No. 2:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation between Kenneth Nuse and *any* healthcare provider that rendered *any* care or treatment to Kenneth Nuse." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production

of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

==Subject to and without waiving the foregoing objections, Plaintiff states that he has no documentation responsive to this Request.==

3.      **All documents or other materials regarding this litigation given by Kenneth Nuse, his attorneys and/or agents, to any healthcare provider that rendered any care or treatment to Kenneth Nuse;**

Plaintiff's Response to Document Request No. 3:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS.  Plaintiff further objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court in its March 9, 2016, Order. [Doc. 2676].  Plaintiff also objects to this Request to the extent that it prematurely seeks the production of documents and/or information outside the timetable established by the Court for such discovery in its March 9, 2016, Order. [*Id.*].   Additionally, Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* documents or *other* materials regarding this litigation given by Kenneth Nuse, his attorneys and/or agents, to *any* healthcare provider that rendered *any* care or treatment to Kenneth Nuse." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

==Subject to and without waiving the foregoing objections, Plaintiff states that he has no==

documentation responsive to this Request.

4.   **All transcripts or other records of any testimony of Kenneth Nuse given under oath at any deposition, hearing, trial, or other proceeding of any kind;**

Plaintiff's Response to Document Request No. 4:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* transcripts or *other* records of *any* testimony of Kenneth Nuse given under oath at *any* deposition, hearing, trial, or *other* proceeding of *any* kind." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he has no documentation responsive to this Request.

5.   **All personal calendars, notes, journals, diaries, or "blogs", whether electronic or paper, kept by Kenneth Nuse that relate to <u>Kenneth Nuse's</u> alleged exposure to Xarelto;**

Plaintiff's Response to Document Request No. 5:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible

evidence.  Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that he has no documentation responsive to this Request.

6.     **All photographs, slides, DVDs or other videos of Kenneth Nuse from first prescribed Xarelto to present;**

Plaintiff's Response to Document Request No. 6:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* photographs, slides, DVDs or other videos of Kenneth Nuse during a thirty (30) month period of time. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce representative photographs, slides, DVDs or videos of Kenneth Nuse in his  possession that were made shortly before he began taking Xarelto and/or shortly following his bleeding event(s).

7.     **All packaging and unused medicine from the Xarelto Kenneth Nuse used, including such materials in the possession of Kenneth Nuse;**

Plaintiff's Response to Document Request No. 7:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff objects to the Request to the extent that it calls for the production of materials within the control of third parties whose documents are not within Plaintiff's possession, custody or control. Plaintiff further objects to the Request to the extent it would require Plaintiff to turn over original Xarelto packaging and unused medication to the Defendants.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce any Xarelto packaging and unused Xarelto in his possession for inspection and photographing by the Defendants at the deposition site.

**8.      All medical, prescription, or other records relating to the allegations in the Complaint and/or the Plaintiff Fact Sheet that are in Kenneth Nuse's possession and that were not previously provided to defendants by counsel for plaintiff;**

Plaintiff's Response to Document Request No. 8:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*other* records." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that he will

produce documents responsive to this Request to the extent he has any in his possession.

9. **All literature, newspaper or magazine articles, letters, booklets, brochures, pamphlets, written directives, package inserts and written material authored or collected by Kenneth Nuse or supplied to Kenneth Nuse from any source, including but not limited to persons, firms, corporations or governmental entities, relating to (1) Xarelto; (2) Kenneth Nuse's alleged injuries; and/or (3) any defendant in this action; and,**

Plaintiff's Response to Document Request No. 9:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession.

10. **All documents responsive to Section IX of the Plaintiff Fact Sheet that have not been previously provided to defendants by counsel for plaintiff.**

Plaintiff's Response to Document Request No. 10:

Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession,

Dated:  September 7, 2018

Respectfully submitted,


_____/s/ Joseph T. Waechter_____
Joseph T. Waechter
Florida Bar Number 0092593
Michael Goetz
Florida Bar Number 0963984
**Morgan & Morgan**
**Complex Litigation Group**
201 N. Franklin St., Suite 700
Tampa, FL 33602
JWaechter@forthepeople.com
MGoetz@forthepeople.com
Phone: (813) 223-5505
Fax: (813) 222-4730

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of September, 2019 a copy of the foregoing Plaintiffs' Response and Objections to Notice of Video Deposition of Plaintiff was electronically served on Defendants through Defendants' Liaison Counsel, James Irwin and John Olinde, and Defendants' Lead Counsel, Susan Sharko and William Hoffman, and on Plaintiffs' Co-Lead Counsel, Andy D. Birchfield, Jr. and Brian H. Barr.

*/s/ Joseph T. Waechter*
**JOSEPH T. WAECHTER**