**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | MDL NO. 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L |
| | * | |
| | * | JUDGE: FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

*********************************************

THIS DOCUMENT RELATES TO:

*JAY BENDER v. Janssen Research & Development LLC, et al.,* Civil Action No. 2:17-cv-12762

### MEMORANDUM IN SUPPORT OF MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO SERVE DEFENDANT BAYER PHARMA AG

Plaintiff submits this Memorandum in Support of his motion for an additional thirty (30) days within which to serve Defendant Bayer Pharma AG through the streamlined service of process set forth in Pretrial Order (PTO) Nos. 10, 10A and 10B.

### I.    BACKGROUND

On November 20, 2017, Plaintiff Jay Bender's Complaint was filed in Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL No. 2592, Case No. 2:7-cv-12762.   On December 22, 2017, Plaintiff was made aware that the issued Summons naming Bayer Pharma AG was not included in the service packet sent by Registered Mail, and by e-mailing a copy of the same service packet, inadvertently missing the issued Summons, to xareltocomplaints@babc.com. Plaintiff was notified on August 31, 2018, through the MDL Centrality when Plaintiff submitted a completed Plaintiff Fact Sheet for all Defendants that service had not been made on Defendant Bayer Pharma AG[1].  Plaintiff was made aware on September 4, 2018, that our paralegal had not

---

[1] Service had been properly effectuated on all other Defendants, including Johnson & Johnson, Janssen Pharmaceuticals, Inc., Janssen Ortho, LLC, Janssen Research & Development, LLC and Bayer Healthcare Pharmaceuticals, Inc.

corrected the service issue for Defendant Bayer Pharma AG, as instructed to do so on December 22, 2017.

## II.   LAW AND ANALYSIS

Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that federal civil lawsuit has been filed against them and requires a summons to alert defendants that they have a limited time in which to respond.  If a defendant is not served within 120 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time.  If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  Fed R. Civ. P. 4 (m).  Plaintiff has every intention of pursuing its claim against all Defendants; it was through clerical error, as well as an oversight, that service was not perfected on Defendant Bayer Pharma AG within the confines of PTO No. 10.  Under Rule 4 (m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

The court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time.  See *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L.Ed. 2nd 880 (1996)).  Once more, if a plaintiff can establish good cause for failing to serve defendant, that court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  Fed. R. Civ. P.4(m) Advisory Committee's Note

(1993).

The Seventh Circuit explains that application of Rule 4 (m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff, and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chi.*, 646 F 3d 1001, 1007 (7th Cir. 2011) (citing *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 ((7th Cir. 1996) (additional citation omitted)).  A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service."  *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual finding that are clearly erroneous."  *Cardenas*; 646 F. 3d at 1007 (quoting *Troxell*, 160 F. 3d 381).

Good cause exists to extend the time to serve the summons primarily for statute of limitations concerns.  Were this Court not to agree to extend the deadline to serve the summons or declare prior service valid, and instead dismiss Defendant Bayer Pharma AG, it could be argued that the statute of limitations has expired and Plaintiff cannot bring a cause of action against Defendant Bayer Pharma AG.  Therefore, good cause exists to declare prior service valid or extend the time to serve the summons on Defendant Bayer Pharma AG.

As further consideration, Plaintiff has every intention of pursuing his claim and has demonstrated such to the Defendants, including Bayer Pharma AG.  The Plaintiff was not acting in bad faith, it was through a clerical error that the summons was not included with the Complaint and Notice of Lawsuit.  Again, all other Defendants were properly served and a Plaintiff Fact Sheet has been submitted.

Moreover, because the MDL involves hundreds of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit

filed by this Plaintiff, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein.

Plaintiff shows that as a matter of law and fact, they were not in "bad faith" in delaying service of their Complaint and Summons. Defendants are fully aware of and served with hundreds of identical complaints and has acknowledged the receipt of Plaintiff's Complaint and Summonses in this matter.  To dismiss Plaintiff's claim here would elevate form over substance and deprive Plaintiff of his day in court based on a clerical error.

Plaintiff points out that granting a motion for extension of time to serve Defendant Bayer Pharma AG is appropriate under the circumstances to avoid any subsequent issue regarding the statute of limitations, because the original Complaint was timely filed.  Plaintiff respectfully requests an extension of time in the amount of thirty (30) days from the date an order is entered within which to provide streamlined service of process Bayer Pharma AG.

### III.    CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests an order from this Court granting thirty (30) days from the date the Order is entered within which to provide streamlined service on Defendant Bayer Pharma AG.  No party herein will be prejudiced, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated:  September 10, 2018                    Respectfully submitted,

                                              **NIEMEYER, GREBEL & KRUSE, LLC**

                                   By:    */s/ Michael Kruse*
                                          Michael S. Kruse
                                          10 S. Broadway, Suite 1125
                                          St. Louis, MO  63102
                                          314-241-1919 phone
                                          314-665-3017 fax
                                          kruse@ngklawfirm.com

                                          *Attorneys for Plaintiffs*