UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2592<br><br>SECTION:  L<br><br><br>JUDGE FALLON<br>MAG. JUDGE NORTH<br><br>SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES |

**THIS DOCUMENT RELATES TO:**

*Clay Christie v. Janssen Research & Development LLC, et al; No. 2:17-cv-17455*

*Amy Mari Hughes obo Donald Hartman, deceased v. Janssen Research & Development LLC, et al; No. 2:17-cv-12533*

*Kelvin Hill v. Janssen Research & Development LLC, et al; No. 2:17-cv-12651*

COMES NOW Counsel for Plaintiffs in the above matters, and files this Supplemental Response to the Order to Show Cause Regarding Plaintiffs With Alleged Core Plaintiff Fact Sheet Deficiencies entered on June 21, 2018 (Doc. 9955) and August 15, 2018 (Doc. 10507) and would respectfully show the Court the following:

I.

Defendants moved for an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets (hereinafter referred to as PFSs) should not be

1

dismissed with prejudice (Doc.9805). The Court entered an Order to Show Cause on June 21, 2018 (Doc. 9955). Extensions of time were granted until September 18, 2018 for certain Plaintiffs to cure the alleged core deficiencies in their PFSs and those cases were re-set for hearing on September 18, 2018 (Doc. 10507). The above three Plaintiffs represented by The Gallagher Law Firm PLLC appear on Exhibit A of both Defendants' Motion and the Court's Order to Show Cause as follows:

### ALLEGED DEFICIENCIES CURED

- *Clay Christie v. Janssen Research & Development LLC, et al; No. 2:17-cv-17455*

- *Amy Mari Hughes, obo Donald Hartman, deceased v. Janssen Research & Development LLC, et al; No. 2:17-cv-12533*

Undersigned counsel has informed the Plaintiffs of their obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13.

With respect to Clay Christie's case, counsel for Plaintiff would show that on July 25, 2018 the Plaintiff's Fact Sheet was amended and uploaded to MDL Centrality to remedy the alleged deficiencies and on September 7, 2018 and September 10, 2018 the relevant event records from Lake Norman Regional and Trinity Health were also uploaded to MDL Centrality. Mr. Christie suffered acute on chronic blood loss anemia and GI bleeding on or about November 4, 2014 and has already provided proof of Xarelto use at the time of his injury.

With respect to Donald Hartman's case, counsel for Plaintiff would show that he has been advised that counsel for Defendants has agreed that the alleged core deficiencies have been cured.

Therefore, the Plaintiffs in both of these matters contend that any alleged deficiencies have been cured and Plaintiffs respectfully request that their cases be allowed to proceed.

## UNABLE TO CURE ALLEGED DEFICIENCIES

- *Kelvin Hill v. Janssen Research & Development LLC, et al; No. 2:17-cv-12651*

Undersigned counsel has informed the Plaintiff of his obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiff with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of the Court's Order to Show Cause, and advised of the deadlines within which to respond and cure said deficiencies.

Counsel for Plaintiff would show that he worked to obtain records which would establish proof of a Xarelto related injury suffered by Mr. Hill.  Additional records were ordered from Cardiology Associates but unfortunately, did not confirm a bleeding event on Xarelto.

As a result, Mr. Hill has been unable to cure his alleged PFS deficiencies.  Counsel has communicated with Plaintiff in order to identify any other source of records which would confirm Plaintiff's proof of his Xarelto related injuries, and Plaintiff has been unable to provide any additional information and/or records that would allow counsel to obtain the requisite records and cure the PFS deficiencies.

Because Plaintiff's counsel has been unsuccessful in identifying any other source of information and/or records that may contain proof of the Xarelto related injuries suffered by Plaintiff, counsel is unable to respond and cure the alleged core PFS deficiencies.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to obtain the requisite information to cure the alleged core PFS deficiencies. Counsel does not have written

permission from Mr. Hill to agree to a stipulation of dismissal of his claim with prejudice. However, unless the requisite additional information or records are received by Plaintiff's counsel prior to the show cause hearing, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.

Plaintiff has been advised that unless the requisite documents and/or records are received, his case is subject to dismissal by the Court with prejudice.

Dated: September 13, 2018.

Respectfully submitted,

s/ Michael T. Gallagher
MICHAEL T. GALLAGHER
 (Texas Bar #07586000)
THE GALLAGHER LAW FIRM PLLC
2905 Sackett Street
Houston, TX 77098
Telephone: (713) 222-8080
Facsimile (713) 222-0066
mike@gld-law.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Response to Order to Show Cause has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

s/ Michael T. Gallagher
Michael T. Gallagher

4