**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**THIS DOCUMENT RELATES TO:**
*(See cases listed in Exhibit A, Schedule of Actions)*

### RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFFS WITH ALLEGED PLAINTIFF FACT SHEET DEFICIENCIES

Defendants moved for, and this Court entered, an Order to Show Cause [Rec. Doc. 9955] why certain cases in which defendants allege deficiencies in Plaintiffs' Fact Sheets ("PFS") should not be dismissed with prejudice. Following a hearing held on July 17, 2018, the Court ordered that certain plaintiffs "shall be given until September 18, 2018 to remedy the alleged deficiencies raised in Defendants' Motion, and the cases shall be addressed at the Show Cause Hearing to be held on September 18, 2018." Order of August 15, 2018 [Rec. Doc. 10507]. Five plaintiffs listed in the attached schedule and represented by The Driscoll Firm, P.C. appear on that Order and respectfully respond, through counsel, as follows.

1. **The Show Cause Order should be dismissed as to Plaintiff Mary Harris because the only PFS deficiency alleged in her case has been resolved.**

The only deficiency claimed by defendants in their March 29, 2018 deficiency notice to Plaintiff Mary Harris was "[f]ailure to provide Declaration signed by plaintiff, Xarelto user, or Xarelto user's representative." After multiple unsuccessful attempts to reach Ms. Harris to obtain her declaration, counsel was able to do so in late July and the signed declaration was submitted to

MDL Centrality on July 31, 2018. The Order to Show Cause should therefore be dismissed as to Plaintiff Mary Harris.

> **2. The Show Cause Order should be dismissed as to the remaining plaintiffs because their fact sheets are substantially complete, records documenting their Xarelto-related injuries have been provided to defendants, and counsel has or until recently had been unable to contact plaintiffs or their survivors.**

Each of the remaining cases appears meritorious based on medical documentation already provided to defendants. None has been selected for individual case discovery pursuant to Case Management Order Number 6, and counsel has submitted Plaintiff Fact Sheets and medical records in each case that should be deemed sufficient to satisfy plaintiffs' discovery obligations at this point in the litigation. Due to death or other extenuating or unknown circumstances, however, counsel has been (or until very recently had been) unable to contact plaintiffs or their surviving family members. For the reasons stated below, prejudicial dismissal is not warranted under these circumstances.

*Plaintiff Joyce Fleming*

Plaintiff Joyce Fleming's PFS has been completed with as much information as possible and medical records documenting a Xarelto-related injury have been submitted to MDL Centrality. For example, page 4039 of the records states, "She does have a history of subdurals in the past and was taken off Xarelto after those developed." Records located to date do not contain additional, contemporaneous information about these injuries, however; so some PFS items could not be answered. Both before and after the Court entered its Show Cause Order, counsel for plaintiff repeatedly attempted to contact Ms. Fleming to obtain additional information, records, and a PFS declaration page without success. On July 13, 2018, we learned that Ms. Fleming died on May 16, 2018. After several attempts to locate and contact her next of kin, we were ultimately able to reach Ms. Fleming's son, who provided a copy of the death certificate and executed PFS

declaration and authorization forms on September 10, 2018. We submitted those documents, along with an amended PFS, on September 13, 2018. Because the PFS is substantially complete and declaration and authorization forms executed by the newly-located next of kin have been provided to defendants, the Order to Show Cause should be dismissed as to Plaintiff Mary Harris.

### *Plaintiffs Dorielle Lane, Jacquline Stokes, and Dorothy Thomas*

The remaining plaintiffs' fact sheets are substantially complete and have been submitted to defendants along with copies of medical and pharmacy records documenting Xarelto-related bleeding events. In fact, defendants do not claim any substantive core fact sheet deficiencies whatsoever in any of these cases. Instead, the only alleged deficiency is "Failure to provide new Declaration for Amended Plaintiff Fact Sheet submission" (Plaintiffs Lane and Stokes) and/or "Failure to provide Declaration signed by plaintiff, Xarelto user, or Xarelto user's representative" (Plaintiffs Stokes and Thomas).

Despite multiple attempts, undersigned counsel has been unable to obtain signed declarations (or new declarations) from these plaintiffs. We have been unable to contact Dorielle Lane or Dorothy Thomas by mail, email, or phone and all attempts to ascertain their current whereabouts have thus far failed. On July 12, 2018, a person identifying himself as a family member advised us that Jacqueline Stokes has passed away. Since that time, we have repeatedly attempted to locate and obtain additional information and paperwork from the family member without success.

As this Court is well aware, the plaintiff population in this litigation consists primarily of elderly people, often with various health problems, and the death or hospitalization of such plaintiffs is, unfortunately, not a rare occurrence. Through no fault of their own, many of these plaintiffs who have otherwise meritorious claims thus become unavailable to assist their attorneys,

sometimes only temporarily, despite the attorneys' best efforts to contact them or their family members.  Prejudicial dismissal of apparently meritorious claims for purely procedural reasons would be fundamentally unfair under circumstances such as this, where plaintiffs have substantially satisfied their discovery obligations and any prejudice caused defendants is *de minimis* at best.  Undersigned counsel therefore respectfully requests that the Show Cause Order be dismissed as to these plaintiffs or, in the alternative, that these plaintiffs be granted additional time to satisfy alleged PFS deficiencies.  Failing, that, counsel requests that any dismissal of these plaintiffs' claims be without prejudice.

Signed: September 14, 2018                                         Respectfully submitted,

                                                        By:     */s/ Christopher J. Quinn*
                                                               Christopher J. Quinn
                                                               THE DRISCOLL FIRM, P.C.
                                                               211 N. Broadway, 40th Floor
                                                               St. Louis, MO 63102
                                                               Tel: (314) 932-3232
                                                               Fax: (314) 932-3233
                                                               chris@thedriscollfirm.com
                                                               *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 14, 2018, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

>*/s/ Christopher J. Quinn*_____
>Christopher J. Quinn
>THE DRISCOLL FIRM, P.C.
>211 N. Broadway, 40th Floor
>St. Louis, MO 63102
>Tel: (314) 932-3232
>Fax: (314) 932-3233
>chris@thedriscollfirm.com
>
>*Attorneys for Plaintiff*