**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | **MDL NO. 2592** |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | **SECTION L** |
| | * | |
| | * | **JUDGE ELDON E. FALLON** |
| | * | |
| | * | **MAGISTRATE JUDGE NORTH** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS DOCUMENT RELATES TO:**
*(See cases listed in Exhibit A, Schedule of Actions)*

**RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFFS**
**WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES**

Defendants moved for, and this Court entered, an Order to Show Cause [Rec. Doc. 10824] why certain cases in which defendants allege core deficiencies in Plaintiffs' Fact Sheets should not be dismissed with prejudice. Plaintiffs listed on Exhibit A and represented by The Driscoll Firm, P.C. appear on the Order.  For purposes of their response, plaintiffs' counsel has grouped these plaintiffs into four categories:  (1) cases in which the Plaintiff's Fact Sheet is not deficient or any deficiencies have been resolved for purposes of the pending Show Cause Order; (2) one case in which the plaintiff has agreed to stipulate to dismissal; (3) cases in which counsel for plaintiffs will not oppose dismissal; and (4) cases in which the Plaintiff's Fact Sheet is substantially complete and in which the Order to Show Cause should therefore be dismissed or, in the alternative, in which plaintiff should be granted additional time to attempt to cure minor deficiencies.  These cases are listed on Exhibits B, C, D, and E respectively.

1.     **Cases in which the Plaintiff's Fact Sheet is not deficient and for which the Show Cause Order should therefore be dismissed.**

The Plaintiff Fact Sheets in the cases listed on Exhibit B are not deficient or any deficiencies have been resolved for purposes of the pending Show Cause Order.  Counsel for

Plaintiffs has asked counsel for defendants to confirm defendants' agreement in this regard.  As such, the Show Cause Order should be dismissed as to these cases.

**2.      Case in which the plaintiff has agreed to stipulate to dismissal.**

Counsel for plaintiffs has advised counsel for defendants that the plaintiff listed on Exhibit C has agreed to stipulate to the dismissal of his claim only with prejudice.

**3.      Cases in which counsel for plaintiffs will not oppose dismissal.**

In the cases listed on Exhibit C, the Plaintiff Fact Sheet deficiencies are substantive in nature and, despite the best efforts of counsel and plaintiffs, the deficiencies cannot be cured. Counsel for plaintiffs has not received permission from these plaintiffs to dismiss their claims but has no basis to oppose dismissal of these plaintiffs' claims.

**4.      Cases in which the Plaintiff's Fact Sheet is substantially complete and in which the Order to Show Cause should therefore be dismissed or, in the alternative, in which plaintiff should be granted additional time to attempt to cure minor deficiencies.**

In the case of Evelyn Cooper, docket number 2:17-cv-17136, the only deficiency alleged is failure to submit a declaration page.  Counsel for plaintiff submitted records documenting the Xarlto user's Xarelto-related injury in March.  The Xarelto user is deceased and we have been unable to contact our client by any means for several months.  As the PFS is substantially complete and we have submitted necessary medical records, we do not believe prejudicial dismissal is warranted under these circumstances.

In the case of Kristi Moreno, docket number 2:17-cv-17510, the only deficiencies alleged are failure to submit declaration page and failure to provide all nine digits of plaintiff's social security number.  We submitted records documenting plaintiff's Xarelto-related injury in May but have been unable to contact our client by any means for several months.  As the PFS is substantially

complete and we have submitted necessary medical records, we do not believe prejudicial dismissal is warranted under these circumstances.

In the case of Georgine Williams, docket number 2:17-cv-17346, the only deficiency alleged is failure to submit declaration page. We submitted records documenting plaintiffs' Xarelto-related injury in April but have been unable to contact our 93-year-old client by any means for several months. As the PFS is substantially complete and we have submitted necessary medical records, we do not believe prejudicial dismissal is warranted under these circumstances.

We believe the Show Cause Order should be dismissed as to the plaintiffs listed on Exhibit E. Each of these plaintiffs' case appears meritorious based on medical documentation already provided to defendants. None has been selected for individual case discovery pursuant to Case Management Order Number 6, and counsel has submitted Plaintiff Fact Sheets and medical records in each case that should be deemed sufficient to satisfy plaintiffs' discovery obligations at this point in the litigation. Due extenuating or unknown circumstances, however, counsel has been unable to contact these plaintiffs.

As this Court is well aware, the plaintiff population in this litigation consists primarily of elderly people, often with various health problems, and the death or hospitalization of such plaintiffs is, unfortunately, not a rare occurrence. Through no fault of their own, many of these plaintiffs who have otherwise meritorious claims thus become unavailable to assist their attorneys, sometimes only temporarily, despite the attorneys' best efforts to contact them or their family members. Prejudicial dismissal of apparently meritorious claims for purely procedural reasons would be fundamentally unfair under circumstances such as this, where plaintiffs have substantially satisfied their discovery obligations and any prejudice caused defendants is *de minimis* at best. Undersigned counsel therefore respectfully requests that the Show Cause Order

be dismissed as to these plaintiffs or, in the alternative, that these plaintiffs be granted additional time to satisfy alleged PFS deficiencies.  Failing, that, counsel requests that any dismissal of these plaintiffs' claims be without prejudice.

Signed: September 14, 2018                              Respectfully submitted,

                                              By:    */s/ Christopher J. Quinn*_____
                                                     Christopher J. Quinn
                                                     THE DRISCOLL FIRM, P.C.
                                                     211 N. Broadway, 40th Floor
                                                     St. Louis, MO 63102
                                                     Tel: (314) 932-3232
                                                     Fax: (314) 932-3233
                                                     chris@thedriscollfirm.com
                                                     *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 14, 2018, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                     */s/ Christopher J. Quinn*_____
                                                     Christopher J. Quinn
                                                     THE DRISCOLL FIRM, P.C.
                                                     211 N. Broadway, 40th Floor
                                                     St. Louis, MO 63102
                                                     Tel: (314) 932-3232
                                                     Fax: (314) 932-3233
                                                     chris@thedriscollfirm.com

                                                     *Attorneys for Plaintiff*