UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| THIS DOCUMENT RELATES TO: | |
| | JUDGE: ELDON E. FALLON |
| Gregory Adams v. Janssen Research & Development, LLC, et al; 2:16-cv-6752 | MAGISTRATE JUDGE: MICHAEL NORTH |
| Richard Balogh v. Janssen Research & Development, LLC, et al; 2:16-cv-13161 | |
| Harland Bates v. Janssen Research & Development, LLC, et al; 2:16-cv-13490 | |
| Stephen Beauchamp v. Janssen Research & Development, LLC, et al; 2:16-cv-13491 | |
| Sherian Blakely v. Janssen Research & Development, LLC, et al; 2:16-cv-13492 | |
| George Bohlken v. Janssen Research & Development, LLC, et al; 2:16-cv-13493 | |
| Jeanette Bradley v. Janssen Research & Development, LLC, et al; 2:16-cv-13494 | |
| Donald Brown v. Janssen Research & Development, LLC, et al; 2:16-cv-13495 | |
| Donna Brown v. Janssen Research & Development, LLC, et al; 2:16-cv-13496 | |
| James Brown v. Janssen Research & Development, LLC, et al; 2:16-cv-13500 | |
| Teresa Clapp v. Janssen Research & Development, LLC, et al; 2:16-cv-13501 | |
| Janet Costello v. Janssen Research & Development, LLC, et al; 2:16-cv-13502 | |
| Janet Davis v. Janssen Research & Development, LLC, et al; 2:16-cv-13508 | |
| Russell Desanzo v. Janssen Research & Development, LLC, et al; 2:16-cv-13512 | |

1

| | |
|---|---|
| **Eugen Deyo v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13513** | ) |
| | ) |
| **Margaret Dowd v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13532** | ) |
| | ) |
| **Robert Evedon v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13534** | ) |
| | ) |
| **Richard Flood v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13535** | ) |
| | ) |
| **Sam Force v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13538** | ) |
| | ) |
| **Charles Gordon v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13539** | ) |
| | ) |
| **Helen Griffin v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13542** | ) |
| | ) |
| **Betty Hartgrove v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13670** | ) |
| | ) |
| **Cary Hatfield v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13671** | ) |
| | ) |
| **Ryan Henson v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13672** | ) |
| | ) |
| **Thomas James v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13689** | ) |
| | ) |
| **David Jenkins v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13702** | ) |
| | ) |
| **Patricia Jones v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13703** | ) |
| | ) |
| **Wilma Klineline v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13704** | ) |
| | ) |
| **Johnny Latham v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13706** | ) |
| | ) |
| **Calvin Lee v. Janssen Research &** | ) |
| **Development, LLC, et al; 2:16-cv-13707** | ) |
| | ) |

**Thomas Lietzke v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-13708** )
)
**Diane Long v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-13710** )
)
**Marguerite Long v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-13711** )
)
**Susan McAvoy v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-13716** )
)
**Frances McCullough v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-13721** )
)
**Maryann McDonald v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-13723** )
)
**Nancy McNamara v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-13735** )
)
**Clifton Moss v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-13739** )
)
**Jean Mossor v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-13740** )
)
**Audrielle Nelson v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-13741** )
)
**James Nelson v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-13743** )
)
**Joe Nelson v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-13744** )
)
**Lucille Ovarecz v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-14405** )
)
**Karl Payne v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-14407** )
)
**Don Pittman v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-14411** )
)
**Dorothy Porter v. Janssen Research &** )
**Development, LLC, et al; 2:16-cv-14416** )
)

3

| | |
|---|---|
| **Rhonda Purviance v. Janssen Research & Development, LLC, et al; 2:16-cv-14418** | ) ) ) |
| **Charles Roberts v. Janssen Research & Development, LLC, et al; 2:16-cv-14420** | ) ) ) |
| **Devon Settles v. Janssen Research & Development, LLC, et al; 2:16-cv-14426** | ) ) ) |
| **Cuevas Shelton v. Janssen Research & Development, LLC, et al; 2:16-cv-14436** | ) ) ) |
| **Diane Simpson v. Janssen Research & Development, LLC, et al; 2:16-cv-14450** | ) ) ) |
| **Garrett Smith v. Janssen Research & Development, LLC, et al; 2:16-cv-14451** | ) ) ) |
| **Gene Spencer v. Janssen Research & Development, LLC, et al; 2:16-cv-14452** | ) ) ) |
| **John Stewart v. Janssen Research & Development, LLC, et al; 2:16-cv-14454** | ) ) ) |
| **Shirley Tate v. Janssen Research & Development, LLC, et al; 2:16-cv-14456** | ) ) ) |
| **Julia Tower v. Janssen Research & Development, LLC, et al; 2:16-cv-14475** | ) ) ) |
| **Cheryl Tucker v. Janssen Research & Development, LLC, et al; 2:16-cv-14477** | ) ) ) |
| **Shirley Waltz v. Janssen Research & Development, LLC, et al; 2:16-cv-14480** | ) ) ) |
| **John Warner v. Janssen Research & Development, LLC, et al; 2:16-cv-14481** | ) ) ) |
| **Jim Weissinger v. Janssen Research & Development, LLC, et al; 2:16-cv-14485** | ) ) ) |
| **Rosemary White v. Janssen Research & Development, LLC, et al; 2:16-cv-14488** | ) ) ) |
| **Patricia Wollman v. Janssen Research & Development, LLC, et al; 2:16-cv-14490** | ) ) |

### RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF SUMMONS AND COMPLAINT ON BAYER HEALTHCARE PHARMACEUTICALS INC. AND BAYER PHARMA AG

Defendants Bayer HealthCare Pharmaceuticals Inc. ("BHCP") and Bayer Pharma AG, by and through counsel, appearing specially, and reserving all defenses including, without limitation, the defenses of insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submit their Response to Plaintiffs' Motion for Extension of Time to Effectuate Service of Summons and Complaint on Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG, and state the following:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on BHCP and Bayer Pharma AG. PTO 10 permits service of process on BHCP by certified mail, return receipt requested, upon the following representative of BHCP:

SOP Department
Corporation Service Company
Suite 400
2711 Centerville Road
Wilmington, DE 19808

PTO 10 permits service of process on Bayer Pharma AG by registered mail, return receipt requested, upon the following representative of Bayer Pharma AG:

Bayer Pharma AG
Attn: Eva Gardyan-Eisenlohr
General Counsel
Muellerstrasse 178
13353 Berlin
GERMANY

The joint complaint in *Gregory Adams* was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on May 20, 2016. The following actions were severed from the joint complaint in *Gregory Adams*: *Richard Balogh, Harland Bates, Stephen Beauchamp,*

5

*Sherian Blakely, George Herald Bohlken, Jeanette Bradley, Donald C. Brown, Donna Brown, James Brown, Teresa Clapp, Janet Costello, Janet Davis, Russell Desanzo, Eugene Deyo, Margaret Dowd, Robert Evedon, Richard Flood, Sam Force, Charles Gordon, Helen Griffin, Betty Hartgrove, Cary Hatfield, Ryan Henson, Thomas G. James, David Jenkins, Patricia Jones, Wilma Klineline, Johnny Latham, Calvin Lee, Thomas Lietzke, Diane Long, Marguerite Long, Susan McAvoy, Frances McCullough, Maryann McDonald, Nancy McNamara, Clifton Moss, Jean Mossor, Audrelle Nelson, James Nelson, Joe Nelson, Lucille Oravecz, Karl Payne, Don Pittman, Dorothy Porter, Rhonda Purviance, Charles Roberts, Devon Settles, Cuevas Shelton, Diane Simpson, Garrett Smith, Gene Spencer, John Stewart, Shirley Tate, Julia Tower, Cheryl Tucker, Shirley Waltz, John Warner, Jim Weissinger, Rosemary White, and Patricia Wollman.*

BHCP has been served with process in *Gregory Adams*, *Richard Balogh*, *Harland Bates*, *Stephen Beauchamp, Sherian Blakely, George Herald Bohlken, Jeanette Bradley, Donald C. Brown, Donna Brown, James Brown, Teresa Clapp, Janet Costello, Janet Davis, Russell Desanzo, Eugene Deyo, Margaret Dowd, Robert Evedon, Richard Flood, Sam Force, Charles Gordon, Helen Griffin, Betty Hartgrove, Cary Hatfield, Ryan Henson, Thomas G. James, David Jenkins, Patricia Jones, Wilma Klineline, Johnny Latham, Calvin Lee, Thomas Lietzke, Diane Long, Marguerite Long, Susan McAvoy, Frances McCullough, Maryann McDonald, Nancy McNamara, Clifton Moss, Jean Mossor, James Nelson, Joe Nelson, Lucille Oravecz, Karl Payne, Don Pittman, Dorothy Porter, Rhonda Purviance, Charles Roberts, Devon Settles, Cuevas Shelton, Diane Simpson, Garrett Smith, John Stewart, Shirley Tate, Julia Tower, Cheryl Tucker, Shirley Waltz, John Warner, Jim Weissinger, and Patricia Wollman.*

BHCP has not received a copy of the Complaint and Summons in *Audrielle Nelson*, *Gene Spencer*, and *Rosemary White*.

6

On November 2, 2016, Bayer Pharma AG received a copy of the Complaint and Summons for each of the plaintiffs originally named in the *Gregory Adams* joint complaint, by priority mail, through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated November 8, 2016, because the service papers were not sent by registered mail, return receipt requests as required by PTO 10.

On November 21, 2016, Bayer Pharma AG received copies of the Complaints in *Gregory Adams, Audrielle Nelson, Gene Spencer*, and *Rosemary White,* by registered mail, return receipt requested through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated November 21, 2016, because Summonses were not received.

On January 27, 2017, Bayer Pharma AG received copies of the Complaints and Summonses in *Gregory Adams, Audrielle Nelson, Gene Spencer*, and *Rosemary White,* by registered mail, return receipt requested through its representative, Eva Gardyan-Eisenlohr, in Germany. Service was rejected by letter dated January 27, 2017, because service was untimely.

PTO 10 only permits streamlined service of process on Bayer Pharma AG by registered mail, return receipt requested, and on BHCP by certified mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL." Pre-Trial Order No. 10A ("PTO 10A"), entered on June 24, 2016, provided plaintiffs whose cases had already been docketed in the MDL with 90 days from entry of PTO 10A to serve process. Pre-Trial Order No. 10B ("PTO 10B"), entered on August 18, 2016, provided plaintiffs whose cases had already been docketed in the MDL with 90 days

7

from entry of PTO 10B to serve process.  Plaintiffs failed properly to serve process within the time permitted by PTO 10, PTO 10A, or PTO 10B.

Bayer Pharma AG is a company organized under the laws of Germany.  Normally, service of process upon a corporation is governed by Federal Rule of Civil Procedure 4(h).  Under Federal Rules of Civil Procedure 4(h)(2), service upon a corporation is effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph 2(C)(i) thereof."  Subdivision (f) provides that an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

Service of process by an American plaintiff on a German defendant in Germany is normally governed by international and German law.  The streamlined process for service on Bayer Pharma AG in PTO 10 is a departure from the requirements for service under international and German law and was a concession by Bayer Pharma AG.  If a plaintiff is to receive the benefit from this departure from normal service procedures, the plaintiff should, at the very least, be required to meet the conditions in PTO 10.

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)."  Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to serve process "if the plaintiff shows good cause for the failure" to timely serve process.  Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be

required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified."'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. LEXIS 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiffs have failed to show good cause for their failure to serve process within the required time period. Inadvertence by counsel does not entitle Plaintiffs to an extension. *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process). The Court should deny Plaintiffs' motion for extension of time to serve process under the streamlined service process of PTO 10 and require Plaintiffs to serve BHCP and Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiffs serve Bayer Pharma AG in accordance with international and German law pursuant to Rules 4(h)(2) and (f).

BHCP and Bayer Pharma AG are entitled to some certainty as to whether they will be required to defend themselves in a particular case pending in the MDL. Time limits on service provide some level of certainty. Otherwise, BHCP and Bayer Pharma AG are subject to being brought into any case in the MDL at any time for any reason. With numerous cases pending in the MDL, this level of uncertainty places an undue burden on BHCP and Bayer Pharma AG to continue to monitor all cases pending in the MDL.

Furthermore, PTO 11 provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served." However, once BHCP or Bayer Pharma AG is served in a particular case, BHCP or Bayer Pharma AG's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed). Service triggers the

9

operation of BHCP or Bayer Pharma AG's omnibus answer in a particular case without any action on the part of BHCP or Bayer Pharma AG. By delaying service, a plaintiff can delay the operation of BHCP or Bayer Pharma AG's omnibus answer in a particular case. Pre-Trial Order No. 11C provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint. When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.
>
> If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her complaint. Rather, the plaintiff can amend her complaint at any time for any reason.

WHEREFORE, BHCP and Bayer Pharma AG respectfully request that the Court deny Plaintiffs' request for an additional 30 days to serve process on BHCP and Bayer Pharma AG under the streamlined service process of PTO 10, require Plaintiffs to serve BHCP and Bayer Pharma AG pursuant to the provisions of Federal Rule of Civil Procedure 4, and in particular, require that Plaintiffs serve Bayer Pharma AG in accordance with international and German law pursuant to Rules 4(h)(2) and (f).

September 17, 2018.

        Respectfully submitted,

        By: /s/ *Steven Glickstein*
        Steven Glickstein
        Andrew K. Solow
        ARNOLD & PORTER
        KAYE SCHOLER LLP
        250 West 55th Street
        New York, New York 10019-9710
        Telephone: (212) 836-8485
        Facsimile: (212) 836-6485
        steven.glickstein@apks.com

        William Hoffman
        ARNOLD & PORTER
        KAYE SCHOLER LLP
        601 Massachusetts Ave., NW
        Washington, D.C. 20001
        Telephone: (202) 942-5000
        Facsimile: (202) 942-5999
        william.hoffman@apks.com

        By: /s/ *John F. Olinde*
        John F. Olinde (LA Bar #1515)
        CHAFFE McCALL L.L.P.
        1100 Poydras Street
        Suite 2300
        New Orleans, LA 70163
        Telephone: (504) 585-7241
        Facsimile: (504) 544-6084
        olinde@chaffe.com
        ***Attorneys for Bayer Pharma AG and***
        ***Bayer HealthCare Pharmaceuticals Inc.***

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 17, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

        */s/ John F. Olinde*