UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN)** | * | MDL NO: 2592 |
| **PRODUCTS LIABILITY LITIGATION** | * | |
| | * | MASTER DOCKET CASE: |
| | * | 2:14-md-02592 |
| THIS DOCUMENT RELATES TO: | * | |
| CASES:     2:16-cv-10069 | * | JUDGE: ELDON E. FALLON |
|                   2:16-cv-12195 | * | |
| | * | MAG. JUDGE: MICHAEL B. NORTH |
| | * | |
| | * | JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE

**NOW INTO COURT,** through undersigned counsel, comes Plaintiffs, Frank Keppeler (2:16-cv-10069) and Jorge Morales (2:16-cv-12195), who respectfully submit this Supplemental Response to Order to Show Cause (Rec. Doc. 10650) which reset the Order to Show Cause previously entered (Rec. Doc. 10601):

### A. Frank Keppeler

After the last Show Cause Hearing before this Court, undersigned counsel was waiting to receive Mr. Keppeler's medical records from Tri-City Medical Center ("Tri-City") in California. Undersigned counsel finally received Mr. Keppeler's medical records from Tri-City and uploaded them to MDL Centrality on September 14, 2018 (MDL Doc. ID No. 416938). As a result, all substantive deficiencies noticed by Defendants regarding Mr. Keppeler's case have been cured.

The only remaining deficiency noticed by Defendants is that they need a signed PFS Declaration from Mr. Keppeler. Undersigned counsel has contacted Mr. Keppeler about executing a new PFS Declaration and expects to upload it to MDL Centrality as soon as Mr. Keppeler is able to send it back to undersigned's office. Given that counsel has taken reasonable steps to cure all

1

substantive deficiencies noticed by Defendants and all that remains to be done in Mr. Keppeler's case is to submit his signed PFS Declaration, undersigned counsel respectfully requests this Honorable Court allow counsel a brief extension of time in which to cure this final deficiency.

**B. Jorge Morales**

Mr. Morales was subject to the prior Order to Show Case before this Court because of a few PFS deficiencies and a lack of medical records supporting his claim. Prior to the last hearing before this Court, numerous medical records had been uploaded to MDL Centrality on behalf of Mr. Morales, including a full set of Pharmacy Records demonstrating Mr. Morales' Xarelto use.[1] A newly amended PFS with a signed verification has been uploaded to MDL Centrality to reflect the information obtained from the pharmacy records (MDL Doc. ID Nos. 417163-64). As a result, the only outstanding deficiency noticed by Defendants is a failure to provide medical records demonstrating Mr. Morales' alleged injury, *i.e.* his death. While undersigned counsel uploaded Mr. Morales' death certificate to MDL Centrality on May 23, 2016 (MDL Doc. ID No. 220414), Defendants seek medical records demonstrating that Mr. Morales did in fact pass away.

As explained in Plaintiffs' Response to Order to Show Cause, which was submitted to this Court on May 7, 2018 prior to the last hearing, undersigned counsel requested a full set of Mr. Morales' medical records from Mease Countryside Hospital ("Mease") in Florida on March 21, 2018 in the hopes that the medical records would demonstrate Mr. Morales' alleged injury, *i.e.* his death. On April 24, 2018, Mease responded to counsel's request seeking payment of over $2,500.00 for a hard copy of Mr. Morales' medical records even though counsel explicitly requested an electronic copy of the records. Undersigned counsel subsequently contacted Mease on May 1, 2018 via telephone to discuss the issue, at which time a Mease records custodian

---

[1] *See* MDL Doc. ID Nos. 218893-96, 218898-99, 218902-03, 218905, 218907, 218909, 218913, 218916, 218910-20, 218923-25, 390961.

informed counsel that the request would need to be re-submitted as a "HITECH Request" in order receive an electronic copy. Accordingly, undersigned counsel submitted the "HITECH Request" to Mease on May 2, 2018 via U.S. Mail as requested.

On September 17, 2018, undersigned counsel contacted Mease regarding the HITECH Request and Mease informed counsel that its medical records retention facility, Ciox, had processed the request on or about June 8, 2018. After speaking with a Ciox representative, however, undersigned counsel learned that Ciox emailed Mr. Morales' medical records to the *incorrect* email address. As a result, counsel never actually received them. Ciox informed undersigned counsel that since it misaddressed the original email, that it would attempt to re-process the request so that undersigned counsel could avoid having to re-submit a new request to Mease. Ciox requested undersigned counsel allow them a few days to re-process the request and re-send the email with Mr. Morales' medical records.

Given that counsel has uploaded numerous records to MDL Centrality, as well as submitted an amended PFS, has taken reasonable steps to obtain Mr. Morales' medical records from both Mease and Ciox, and is now only waiting to actually receive those records from Ciox, undersigned counsel respectfully requests this Honorable Court allow counsel a brief extension of time in which to cure this final deficiency.

    Respectfully submitted,

    */s/ David P. Vicknair*

    _____
    David P. Vicknair, La. Bar No. 34135
    Galen M. Hair, La. Bar No. 32865
    **Scott Vicknair Hair & Checki LLC**
    909 Poydras Street, Suite 1100
    New Orleans, Louisiana 70112
    Phone: (504) 684-5200
    Fax: (504) 613-6351
    *Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of September, 2018, I served a copy of the foregoing on all counsel of record via CMECF.

                                                */s/ David P. Vicknair*
                                                _____
                                                David P. Vicknair