## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | **MDL No. 2592** |
| | : | |
| | : | **SECTION L** |
| **THIS DOCUMENT RELATES TO** | : | |
| | : | |
| *Rita Desemar Individually and OBO* | : | |
| *Weldon Desemar v. Janssen Research &* | : | |
| *Development LLC, et al; 2:16-cv-07642* | : | **JUDGE ELDON E. FALLON** |
| | : | |
| | : | **MAGISTRATE JUDGE NORTH** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Rita Desemar's action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pre-Trial Order ("PTO") No. 13.

Plaintiff has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Plaintiff was selected for inclusion in Wave 1 discovery per CMO 6 because the PFS she submitted before January 31, 2018 met certain "core" requirements. Accordingly, per CMO 6, Plaintiff was

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

required to update this PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO No. 6 ¶ 5(a) and PTO 13.

Plaintiff submitted an amended PFS on June 13, 2018, but this PFS was not fully complete per PTO 13. Specifically, the PFS contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| III.B.1 | Plaintiff did not provide a response for the name of the primary treating physician for the alleged bleeding event claimed in this case. Plaintiff also did not respond as to the physician's address or the dates of treatment. |
| III. B.2 | Plaintiff did not provide a response as to whether Weldon Desemar treated with additional providers or facilities not already identified for the alleged bleeding event, and did not provide the names, addresses, or dates of treatment for such providers or facilities. |
| V.J. | Plaintiff stated Weldon Desemar had a medical procedure performed in which a stent was used but did not identify the type of stent or the approximate date of the procedure. |

The information missing from Plaintiff's PFS is important and relates directly to her claims in this case. Specifically, the identification of the providers and facilities that treated Weldon Desemar for the alleged bleeding event, their addresses, and the dates of treatment are necessary for Defendants to collect medical records and to evaluate Weldon Desemar's medical history. Additionally, information regarding the medical procedure performed in which a stent was used is necessary to evaluate Weldon Desemar's medical history.

Defendants notified Plaintiff of these deficiencies on July 10, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 70 days have since passed (well over the 20-day time period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted.  PTO 13 provides that a plaintiff's failure to timely comply with his or her PFS obligations may result in dismissal.  CMO 6 states that all dismissals of Wave 1 and Wave 2 selected cases shall be with prejudice.  Without a fully complete PFS in this case, all discovery deadlines are tolled and this case is simply sitting dormant.  If Plaintiff will not comply with the basic discovery requirements set forth in PTO 13 and CMO 6, this case cannot proceed.  For these reasons, pursuant to PTO 13 and CMO 6, Plaintiff's case should be dismissed <u>with</u> prejudice for her repeated disregard of the Court's order by failing to comply with her plaintiff fact sheet obligations.

Thus, plaintiff Rita Desemar should be ordered to show cause at 9:00 a.m. on October 11, 2018, before the Court as to why her case should not be dismissed with prejudice.

Respectfully submitted,


**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@apks.com
william.hoffman@apks.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ Susan M. Sharko
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

4

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *James B. Irwin*
     James B. Irwin
     Kim E. Moore
     400 Poydras Street
     Suite 2700
     New Orleans, LA 70130
     Telephone: (504) 310-2100
     Facsimile:  (504) 310-2120
     jirwin@irwinllc.com

     *Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
     John F. Olinde
     1100 Poydras Street
     Suite 2300
     New Orleans, LA 70163
     Telephone: (504) 585-7241
     Facsimile: (504) 544-6084
     olinde@chaffe.com

     *Defendants' Co-Liaison Counsel*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on September 26, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**