**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | **MDL No. 2592** |
| | : | |
| | : | **SECTION L** |
| THIS DOCUMENT RELATES TO | : | |
| | : | |
| *Eunice Blount v. Janssen Research &* | : | |
| *Development LLC, et al; 2:15-cv-05491* | : | **JUDGE ELDON E. FALLON** |
| | : | |
| | : | **MAGISTRATE JUDGE NORTH** |


**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW
CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET
DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED
PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Eunice Blount's action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pre-Trial Order ("PTO") No. 13.

Plaintiff has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation.* Plaintiff was selected for inclusion in Wave 1 discovery per CMO 6 because the PFS she submitted before January 31, 2018 met certain "core" requirements. Accordingly, per CMO 6, Plaintiff was

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

required to update this PFS and "complete all sections" of the fact sheet within 30 days of selection.

*See* CMO No. 6 ¶ 5(a) and PTO 13.

Plaintiff submitted an amended PFS on June 11, 2018, but this PFS was not fully complete

per PTO 13.  Specifically, the PFS contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| III.A.6 | Plaintiff indicated she was given oral instructions regarding her Xarelto use but did not identify the healthcare provider who provided these instructions. |
| III.B.1 | Plaintiff did not provide a response for the beginning and end dates of treatment with a provider identified as a primary treating physician for the injuries claimed in this case. |
| VI.A | Plaintiff indicated she is taking Coumadin but did not provide a response for dosage or for the reason she is taking Coumadin. |
| VI.A | Plaintiff indicated she took Lovenox but did not provide a response for dosage, did not provide a response for the reason she took Lovenox, and did not respond as to the reason Lovenox was discontinued. |
| X | Plaintiff did not submit a signed declaration verifying the statements in the amended PFS. |

The information missing from Plaintiff's PFS is important and relates directly to her claims

in this case.  Specifically, identification of the providers who gave Plaintiff instructions regarding

her Xarelto use and who treated Plaintiff for the injuries claimed in this case and the timing of that

treatment is necessary for Defendants to collect medical records and evaluate Plaintiff's medical

history.  Additionally, information related to Plaintiff's use of other anticoagulants, Lovenox and

Coumadin, is important medical history in this case and is necessary for Defendants to evaluate

Plaintiff's medical history.  Finally, a declaration is required under PTO 13 to verify the statements

contained in the PFS.

Defendants notified Plaintiff of these deficiencies on July 11, 2018 and requested that

Plaintiff cure these issues by submitting a new PFS within 20 days.  Defendants also stated that,

per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the

case.  More than 70 days have since passed (well over the 20-day time period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted.  PTO 13 provides that a plaintiff's failure to timely comply with his or her PFS obligations may result in dismissal.  CMO 6 states that all dismissals of Wave 1 and Wave 2 selected cases shall be with prejudice.  Without a fully complete PFS in this case, all discovery deadlines are tolled and this case is simply sitting dormant.  If Plaintiff will not comply with the basic discovery requirements set forth in PTO 13 and CMO 6, this case cannot proceed. For these reasons, pursuant to PTO 13 and CMO 6, Plaintiff's case should be dismissed with prejudice for her repeated disregard of the Court's order by failing to comply with her plaintiff fact sheet obligations.

Thus, plaintiff Eunice Blount should be ordered to show cause at 9:00 a.m. on October 11, 2018, before the Court as to why her case should not be dismissed with prejudice.

Respectfully submitted,


**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@apks.com
william.hoffman@apks.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*


**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *James B. Irwin*
    James B. Irwin
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    jirwin@irwinllc.com

    *Defendants' Co-Liaison Counsel*


CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 26, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

    */s/ John F. Olinde*
    **John F. Olinde**