# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION:  L |
| This Document Relates to: | JUDGE:  ELDON E. FALLON |
| Ella Rountree | MAG. JUDGE MICHAEL NORTH |
| Civil Action No. 2:16-cv-4530 | |

## NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF PLAINTIFF ELLA ROUNTREE

**PLEASE TAKE NOTICE** that, in accordance with Rules 30 and 34 of the Federal Rules of Civil Procedure, Defendants Janssen Research & Development, LLC; Janssen Ortho LLC; Janssen Pharmaceuticals, Inc.; and Johnson & Johnson Company will take the deposition upon oral examination of **Ella Rountree** on **Tuesday, October 23, 2018** commencing at **10:00 a.m. EST** at **Edgecombe County Memorial Library, 909 North Main Street, Tarboro, North Carolina 27886.**

The deposition shall be recorded stenographically and by videotape, and will continue from day to day until completed before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. The deposition shall be taken for purposes of discovery, or for such other purposes permitted under the Federal Rules of Civil Procedure.

The deponent shall produce any of the documents and tangible things listed on **Exhibit A**, attached hereto, at the deposition that are in their possession, custody and control.

Individuals who have a disability that may need accommodation at the deposition should contact the undersigned counsel seven (7) days prior to the deposition.

        Respectfully submitted,

        RICHARDSON PLOWDEN & ROBINSON, P.A.
        1900 Barnwell Street (29201)
        Post Office Drawer 7788
        Columbia, South Carolina 29202
        (803) 771-4400

By: /s/ Steven J. Pugh

ON BEHALF OF DEFENDANTS JANSSEN RESEARCH & DEVELOPMENT, LLC; JANSSEN ORTHO LLC; JANSSEN PHARMACEUTICALS, INC.; AND JOHNSON & JOHNSON COMPANY

October 2, 2018

**CERTIFICATE OF SERVICE**

I, Hope Grate, an employee of Richardson Plowden & Robinson, P.A., do hereby certify that on October 2, 2018, I served the foregoing **NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF PLAINTIFF ELLA ROUNTREE** by causing a copy of same to be served electronically to the following:

>Emily C. Jeffcoat, Esquire
>Hugh P. Lambert, Esquire
>Ann Higgins, Esquire
>The Lambert Firm, PLC
>701 Magazine Street
>New Orleans, Louisiana 70130
>ejeffcoat@thelambertfirm.com
>hlambert@thelambertfirm.com
>Ahiggins@thelambertfirm.com
>Cmumphery@thelambertfirm.com

>Melissa Binstock Ephron, Esquire
>Dennis Reich, Esquire
>Reich & Binstock, LLP
>4265 San Felipe, Suite 1000
>Houston, Texas 77027
>mephron@reichandbinstock.com
>dreich@reichandbinstock.com

And electronically on the following in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17:

| | |
|---|---|
| Brian H. Barr, Esquire<br>LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR, P.A.<br>bbarr@levinlaw.com<br>*Plaintiffs' Co-Lead Counsel* | Andy D. Birchfield, Jr., Esquire<br>BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.<br>Andy.Birchfield@BeasleyAllen.com<br>*Plaintiffs' Co-Lead Counsel* |
| Gerald E. Meunier, Esquire<br>GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC<br>gmeunier@gainsben.com<br>*Plaintiffs' Co-Lead Counsel* | Leonard A. Davis, Esquire<br>HERMAN HERMAN & KATZ LLC<br>ldavis@hhklawfirm.com<br>*Plaintiffs' Co-Lead Counsel* |

3

| | |
|---|---|
| Andrew K. Solow, Esquire<br>ARNOLD & PORTER LLP<br>andrew.solow@arnoldporter.com<br>*Served Bayer Defendants' Counsel* | Susan M. Sharko, Esquire<br>DRINKER BIDDLE & REATH LLP<br>susan.sharko@dbr.com<br>*Served Janssen Defendants' Counsel* |

By: */s/* Hope Grate

## **EXHIBIT A - DOCUMENT REQUESTS**

1. All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between any attorneys or other agents for Ella Rountree and any healthcare provider that rendered any care or treatment to Ella Rountree;

2. All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between Ella Rountree and any healthcare provider that rendered any care or treatment to Ella Rountree;

3. All documents or other materials regarding this litigation given by Ella Rountree, her attorneys and/or agents, to any healthcare provider that rendered any care or treatment to Ella Rountree;

4. All transcripts or other records of any testimony of Ella Rountree given under oath at any deposition, hearing, trial, or other proceeding of any kind;

5. All e-mails, personal calendars, notes, journals, diaries, or "blogs," whether electronic or paper, made by Plaintiff or at her direction that relate to Plaintiff's alleged use of Xarelto, medical conditions for which Xarelto was prescribed, the adverse event which is the subject of this lawsuit, and any damages claimed;

6. All photographs, slides, DVDs or other videos of Ella Rountree from the time of Plaintiff's first prescription of Xarelto to the present;

7. All packaging and unused medicine from the Xarelto Ella Rountree allegedly used, including such materials in the possession of Plaintiff's counsel;

8. All medical, prescription, or other records relating to the allegations in the Complaint and/or the Plaintiff Fact Sheet that are in Ella Rountree's possession and that were not previously provided to Defendants by counsel for Plaintiff;

9. All literature, newspaper or magazine articles, letters, booklets, brochures, pamphlets, written directives, package inserts, and written material authored or collected by Ella Rountree or supplied to Ella Rountree from any source, including but not limited to persons, firms, corporations or governmental entities, relating to: (1) Xarelto; (2) Ella Rountree's alleged injuries; and/or (3) any Defendant in this action; and

10. All documents responsive to Section IX of the Plaintiff Fact Sheet that were not previously provided to Defendants by counsel for Plaintiff.