UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | MDL No. 2592  SECTION L    JUDGE ELDON E. FALLON  MAGISTRATE JUDGE NORTH    Civil Action No.: 2:17-CV-17257 |
| NETTY ACKER | | |
| Plaintiff | | |
| v. | | |
| JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY, BAYER HEALTHCARE PHARMACEUTICALS INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, AND BAYER AG | | |
| Defendants | | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO SERVE PROCESS**

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson (collectively, the "moving Defendants"), by counsel, and by special appearance, respectfully request that this Court issue an Order to Show Cause as to why Plaintiff Netty Acker's

1

case should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service of process.

Plaintiff commenced this case on December 14, 2017, by filing a Complaint in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592.

The summonses for defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG were issued by the Clerk on December 27, 2017. Plaintiff did not request summonses for any other named defendants.

Under Federal Rule of Civil Procedure 4(m) and the Court's March 16, 2018, order, streamlined service on Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG under Pre-Trial Order No. 10[1] was required to be effectuated within 60 days following issuance of the summons, or no later than February 26, 2018. Service on the remaining moving Defendants was required to be effectuated within 90 days following the filing of the Complaint, or no later than March 14, 2018.

The same plaintiff filed another case transferred to the MDL, case number 2:16-cv-13851, that was selected for inclusion in Wave 1 discovery per Case Management Order 6 ("CMO 6"). The plaintiff dismissed case number 2:16-cv-13851, with the understanding that this case would be substituted as the CMO 6 Wave 1 selection.

Plaintiff has never served defendants in this case. On August 23, 2018, defendants sent plaintiff's counsel a letter stating that defendants had not been served. The letter, attached as Exhibit A, stated that in the spirit of compromise, if plaintiff served the proper defendants by the beginning of September, defendants would neither move to dismiss those entities based on a failure

---

[1] Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG.

to timely serve nor require plaintiff to move to extend the time to effectuate service. Defendants received no response to this letter.

To date, no defendant has been served with process. Upon information and belief, plaintiff has made no effort to effect service of process on any defendant in this case.

Under Federal Rule of Civil Procedure 4(m), dismissal of a plaintiff's complaint is required in the absence of a showing of good cause by the plaintiff for why service was not timely made. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985)(applying former Rule 4(j)). In this case, plaintiff cannot show good cause for failing to serve process even after defendants voluntarily provided plaintiff with additional time to serve process.

Plaintiff has failed to effect service of process on any defendant within the time afforded by the Federal Rules of Civil Procedure or PTO 10. During the August 6, 2018, status conference, the Court stated that it would dismiss CMO 6 cases with prejudice for failure to serve process. The Court stated "I urge all of the plaintiff lawyers to either serve or send the material in. If not, I will have to be dismissing the cases. When I dismiss them, I dismiss them with prejudice." (Transcript of August 6, 2018, Status Conference, Tr. 10:9-12).

Case Management Order No. 6 provides that all dismissals of Wave 1 and Wave 2 selected cases <u>shall</u> be with prejudice. The Fifth Circuit permits dismissals with prejudice when there is "clear record of delay or contumacious conduct by the plaintiff." *Gaspard v. U.S.*, 713 F.2d 1097, 1105 fn. 20 (internal citations omitted). Plaintiff has failed to serve process after more than nine months. Plaintiff has ignored defendants' August 23, 2018, letter. Accordingly, this action should be dismissed with prejudice as to each defendant.

Thus, plaintiff Netty Acker should be ordered to show cause at 9:00 a.m. on the 8th day of November, 2018, before the Court as to why her case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@apks.com
william.hoffman@apks.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *James B. Irwin*
    James B. Irwin
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    jirwin@irwinllc.com

*Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

*Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 3, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**