UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : | MDL No. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |
| THIS DOCUMENT RELATES TO | | |
| *Robert I. Bourne v. Janssen Research & Development LLC, et al; 2:16-cv-13326* | | |

### ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6

Plaintiff, Robert I. Bourne, has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Pursuant to paragraph 1 of Case Management Order ("CMO") 6, Plaintiff was selected for inclusion in Wave 1 discovery. Plaintiff was eligible for selection in Wave 1 because he had met the core requirements for the Plaintiff Fact Sheet ("PFS") on or before January 31, 2018. Accordingly, per CMO 6, Plaintiff was required to update this PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO No. 6 ¶ 5(a) and Pretrial Order ("PTO") 13.

Plaintiff submitted an amended PFS on June 18, 2018, but this PFS was not fully complete per PTO 13. The information missing from Plaintiff's PFS is important and relates directly to his claims in this case. Specifically, information as to when Plaintiff was first diagnosed with atrial fibrillation, how Plaintiff was treated for this condition prior to using Xarelto, whether Plaintiff ever received Xarelto samples, and whether Plaintiff previously had the type of bleeding event alleged is important medical history in this case. Additionally, information regarding Plaintiff's

1

use of prescription medication, and the identity of the providers, facilities, and laboratories that treated Plaintiff as well as the pharmacies that supplied prescription medications and insurance carriers that provided medical coverage are necessary for Defendants to collect medical records and evaluate Plaintiff's medical history.  The information requested in Section V pertaining to Plaintiff's medical history is also necessary to evaluate Plaintiff's claim and medical history.  Finally, a declaration is required under PTO 13 to verify the statements contained in the PFS.

Defendants notified Plaintiff of these deficiencies on July 11, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days.  Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case.  More than 70 days have since passed (well over the 20-day time period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

Failure to show cause by appearing before this Court at 9:15 am on October 11, 2018, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this 4th day of October 2018.

_____
United States District Judge