UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

**This Document Relates To:**
*Linda Seeley v. Janssen Research & Development,*
*et al.*; Civil Case No.:2:16-cv-4338-EEF

MDL No. 2592

SECTION: L

JUDGE FALLON

MAG. JUDGE NORTH

## PLAINTIFF'S RESPONSE AND OBJECTIONS
## TO NOTICE OF VIDEO DEPOSITION OF PLAINTIFF

Comes now the Plaintiff, Linda Seeley  and hereby responds and objects to the Notice of
Video Deposition of Linda Seeley and the request therein that the deponent produce at the
deposition certain documents and tangible things listed in Exhibit "A" to the Notice as follows:

Plaintiff objects to that portion of the Notice which states that the deposition "will
continue from day to day until completed" on the grounds that the Court's PTO 26 provides time
limitations upon the taking of a bellwether plaintiff's deposition.  Accordingly, the defendants
may not exceed such time limitations except by agreement of the parties or by order of the Court.

Plaintiff objects generally to each and every request for documents propounded by
Defendants to the extent the discovery sought exceeds the scope of discovery allowed under the
Federal Rules of Civil Procedure, the Court's Local Rules and/or the Court's Pre-Trial Orders in
this litigation.

Plaintiff also generally objects to each and every request for documents propounded by
Defendants to the extent they seek discovery beyond that permitted by the Court during this

initial stage of bellwether discovery and as provided for in the court-ordered Plaintiff Fact Sheet ("PFS").  Plaintiff has previously completed and served a PFS along with signed authorizations for the release of records to Defendants.  Plaintiff has also produced documents responsive to Section IX of the PFS.  As such, the Plaintiff further objects to these requests to the extent they are redundant, repetitive or seek documents or information already produced by Plaintiff or that can be obtained by Defendants pursuant to any of the several authorizations that Plaintiff has executed and produced to Defendants.

Lastly, Plaintiff objects to each and every request for documents propounded by Defendants to the extent they seek to impose additional (or different) document and/or ESI preservation obligations on Plaintiff beyond those set forth in the Court's PTO 15 or PTO 15B.

Subject to the foregoing general objections, and incorporating said general objections herein by reference, Plaintiff responds to the individual requests ("Requests") as follows:

1.   **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between any attorneys or other agents for Linda Seeley and any healthcare provider that rendered any care or treatment to Linda Seeley;**

Plaintiff's Response to Document Request No. 1:

Plaintiff objects to this Request to the extent it seeks documents or information protected from disclosure by the attorney work product doctrine and/or the attorney-client privilege. Plaintiff also objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Additionally, Plaintiff objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court in its March 9, 2016, Order. [Doc. 2676].  Plaintiff also objects to this Request to the extent that

it prematurely seeks the production of documents and/or information outside the timetable established by the Court for such discovery in its March 9, 2016, Order. [*Id.*]. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation between *any* attorneys or *other* agents" for Plaintiff and "*any* healthcare provider that rendered *any* care or treatment" to the Plaintiff.  Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that her attorney has only sent a request for medical records to Plaintiff's healthcare providers.

2.      **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between Linda Seeley and any healthcare provider that rendered any care or treatment to Linda Seeley;**

Plaintiff's Response to Document Request No. 2:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation between **Linda Seeley** and *any* healthcare provider that rendered *any* care or treatment to **Linda Seeley.**" Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of

documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that all communication regarding this litigation between Plaintiff and any healthcare provider is noted in her medical records.

3.    **All documents or other materials regarding this litigation given by Linda Seeley, her attorneys and/or agents, to any healthcare provider that rendered any care or treatment to Linda Seeley;**

Plaintiff's Response to Document Request No. 3:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS.  Plaintiff further objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court in its March 9, 2016, Order. [Doc. 2676].  Plaintiff also objects to this Request to the extent that it prematurely seeks the production of documents and/or information outside the timetable established by the Court for such discovery in its March 9, 2016, Order. [*Id.*].  Additionally, Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* documents or *other* materials regarding this litigation given by Linda Seeley, her attorneys and/or agents, to *any* healthcare provider that rendered *any* care or treatment to Linda Seeley." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that there are none.

4. **All transcripts or other records of any testimony of Linda Seeley given under oath at any deposition, hearing, trial, or other proceeding of any kind;**

Plaintiff's Response to Document Request No. 4:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll transcripts or other records of any testimony of* Linda Seeley given under oath at *any* deposition, hearing, trial, or *other* proceeding of *any* kind." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that there are none.

5. **All personal calendars, notes, journals, diaries, or "blogs", whether electronic or paper, kept by Linda Seeley that relate to Linda Seeley's alleged exposure to Xarelto;**

Plaintiff's Response to Document Request No. 5:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff objects to the extent the Request seeks the

production of documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that there are no personal calendars, notes journals, diaries, or "blogs", whether electronic or paper, kept by Linda Seeley which relate to Linda Seeley's alleged exposure to Xarelto.

6.     **All photographs, slides, DVDs or other videos of Linda Seeley  from November 20, 2015 to the present;**

Plaintiff's Response to Document Request No. 6:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll photographs, slides, DVDs or other videos of Linda Seeley*" during a Linda Seeley month period of time. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that she is gathering the requested information and will supplement this response at a later date.

7.    **All packaging and unused medicine from the Xarelto Linda Seeley used, including such materials in the possession of Linda Seeley;**

Plaintiff's Response to Document Request No. 7:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff objects to the Request to the extent that it calls for the production of materials within the control of third parties whose documents are not within Plaintiff's possession, custody or control. Plaintiff further objects to the Request to the extent it would require Plaintiff to turn over original Xarelto packaging and unused medication to the Defendants.

Subject to and without waiving the foregoing objections, Plaintiff states that she did not retain any Xarelto packaging and/or unused Xarelto in her possession for inspection and photographing by the Defendants at the deposition site.

8.    **All medical, prescription, or other records relating to the allegations in the Complaint and/or the Plaintiff Fact Sheet that are in Linda Seeley's possession and that were not previously provided to defendants by counsel for plaintiff;**

Plaintiff's Response to Document Request No. 8:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*other records.*" Plaintiff objects to the extent the Request seeks the production of documents that are

not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that there are no documents responsive to this Request.

9.     **All literature, newspaper or magazine articles, letters, booklets, brochures, pamphlets, written directives, package inserts and written material authored or collected by Linda Seeley  or supplied to Linda Seeley  from any source, including but not limited to persons, firms, corporations or governmental entities, relating to (1) Xarelto; (2) Linda Seeley's  alleged injuries; and/or (3) any defendant in this action; and,**

Plaintiff's Response to Document Request No. 9:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that there are no documents responsive to this Request.

10.    **All documents responsive to Section IX of the Plaintiff Fact Sheet that have not been previously provided to defendants by counsel for plaintiff.**

Plaintiff's Response to Document Request No. 10:

Plaintiff states that there are no documents responsive to this Request to the extent she has any in her possession.

Dated:  October 5, 2018

Respectfully submitted,

By:  /s/Andre' P. LaPlace
Andre' P. LaPlace(#8039)
*Attorney for the Plaintiff*
2762 Continental Drive, Ste. 103
Baton Rouge, Louisiana  70808
Telephone No. (225)924-6898
Facsimile No.  (225)924-6877
alaw@andrelaplace.com

By:  /s/Rebecca A. Cunard
Rebecca A. Cunard(#20154)
*Attorney for the Plaintiff*
Cunard Law Firm
9214 Interline Avenue
Baton Rouge, Louisiana  70809
Telephone No. (225)925-2978
Facsimile No.  (225)925-8192
Rebecca@CunardLaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of October, 2018 a copy of the foregoing Plaintiffs' Response and Objections to Notice of Video Deposition of Plaintiff was electronically served on Defendants through Defendants' Liaison Counsel, James Irwin and John Olinde, and Defendants' Lead Counsel, Daniel Carroll.

_/s/ Andre' P. LaPlace_
**ANDRE' P. LaPLACE**