UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>*George Hicks v. Janssen Research & Development, et al.*; Civil Case No.: 2:15-cv-04634 | MDL No. 2592<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAG. JUDGE NORTH |

### PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANT'S NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF PLAINTIFF GEORGE HICKS

Comes now the Plaintiff, George Hicks, ("Plaintiff"), and hereby responds and objects to the Amended Notice of Video Deposition of George Hicks and the request therein that the deponent produce at the deposition certain documents and tangible things listed in Exhibit "A" to the Notice as follows:

Plaintiff objects to that portion of the Notice which states that the deposition "will continue from day to day until completed" on the grounds that the Court's PTO 6A provides time limitations upon the taking of a plaintiff's deposition. Accordingly, the defendants may not exceed such time limitations except by agreement of the parties or by order of the Court.

Plaintiff objects generally to each and every request for documents propounded by Defendants to the extent the discovery sought exceeds the scope of discovery allowed under the Federal Rules of Civil Procedure, the Court's Local Rules and/or the Court's Pre-Trial Orders in this litigation.

Plaintiff also generally objects to each and every request for documents propounded by

Defendants to the extent they seek discovery beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered Plaintiff Fact Sheet ("PFS"). Plaintiff has previously completed and served a PFS along with signed authorizations for the release of records to Defendants. Plaintiff has also produced documents responsive to Section IX of the PFS. As such, the Plaintiff further objects to these requests to the extent they are redundant, repetitive or seek documents or information already produced by Plaintiff or that can be obtained by Defendants pursuant to any of the several authorizations that Plaintiff has executed and produced to Defendants.

Lastly, Plaintiff objects to each and every request for documents propounded by Defendants to the extent they seek to impose additional (or different) document and/or ESI preservation obligations on Plaintiff beyond those set forth in the Court's PTO 15 or PTO 15B.

Subject to the foregoing general objections, and incorporating said general objections herein by reference, Plaintiff responds to the individual requests ("Requests") as follows:

1. **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between any attorneys or other agents for Plaintiff and any healthcare provider that rendered any care or treatment to Plaintiff;**

Plaintiff's Response to Document Request No. 1:

Plaintiff objects to this Request to the extent it seeks documents or information protected from disclosure by the attorney work product doctrine and/or the attorney-client privilege. Plaintiff also objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS. Additionally, Plaintiff objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court in its March 9, 2016, Order. [Doc. 2676]. Plaintiff also objects to this Request to the extent that it prematurely seeks the

production of documents and/or information outside the timetable established by the Court for such discovery in its March 9, 2016, Order. [*Id.*]. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation between *any* attorneys or *other* agents" for Plaintiff and "*any* healthcare provider that rendered *any* care or treatment" to the Plaintiff. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no responsive documents to this Request.

2. **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between Plaintiff and any healthcare provider that rendered any care or treatment to Plaintiff;**

Plaintiff's Response to Document Request No. 2:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation between Plaintiff and *any* healthcare provider that rendered *any* care or treatment to Plaintiff." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the

discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no responsive documents to this Request.

**3.    All documents or other materials regarding this litigation given by Plaintiff, his attorneys and/or agents, to any healthcare provider that rendered any care or treatment to Plaintiff;**

Plaintiff's Response to Document Request No. 3:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS. Plaintiff further objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court in its March 9, 2016, Order. [Doc. 2676]. Plaintiff also objects to this Request to the extent that it prematurely seeks the production of documents and/or information outside the timetable established by the Court for such discovery in its March 9, 2016, Order. [*Id.*]. Additionally, Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* documents or *other* materials regarding this litigation given by Plaintiff, his attorneys and/or agents, to *any* healthcare provider that rendered *any* care or treatment to George Hicks." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no responsive documents to this Request.

4. **All transcripts or other records of any testimony of George Hicks given under oath at any deposition, hearing, trial, or other proceeding of any kind;**

Plaintiff's Response to Document Request No. 4:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* transcripts or *other* records of *any* testimony of Plaintiff given under oath at *any* deposition, hearing, trial, or *other* proceeding of *any* kind." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no responsive documents to this Request.

5. **All e-mails, personal calendars, notes, journals, diaries, or "blogs", whether electronic or paper, made by Plaintiff or made by his direction, that relate to Plaintiff's alleged use of Xarelto, alleged exposure to Xarelto medical conditions for which Xarelto was prescribed, the adverse event which is the subject of this lawsuit, and any damages claimed;**

Plaintiff's Response to Document Request No. 5:

Plaintiff objects to this Request to the extent that it seeks the production of documents

beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no responsive documents to this Request.

**6. All photographs, slides, DVDs or other videos of George Hicks from the time Plaintiff's first prescribed Xarelto to present;**

Plaintiff's Response to Document Request No. 6:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS. Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* photographs, slides, DVDs or other videos of George Hicks during a thirty (30) month period of time. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no responsive documents to this Request.

7.     **All packaging and unused medicine from the Xarelto Plaintiff used, including such materials in the possession of Plaintiff;**

Plaintiff's Response to Document Request No. 7:

Plaintiff states that Plaintiff has no responsive documents to this Request.

8.     **All medical, prescription, or other records relating to the allegations in the Complaint and/or the Plaintiff Fact Sheet that are in Plaintiff's possession and that were not previously provided to defendants by counsel for plaintiff;**

Plaintiff's Response to Document Request No. 8:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*other* records." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has

previously produced all documents responsive to this Request.

9. **All literature, newspaper or magazine articles, letters, booklets, brochures, pamphlets, written directives, package inserts and written material authored or collected by Plaintff or supplied to Plaintiff from any source, including but not limited to persons, firms, corporations or governmental entities, relating to (1) Xarelto; (2) Plaintiff's alleged injuries; and/or (3) any defendant in this action; and,**

Plaintiff's Response to Document Request No. 9:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no responsive documents to this Request.

10. **All documents responsive to Section IX of the Plaintiff Fact Sheet that have not been previously provided to defendants by counsel for plaintiff.**

Plaintiff's Response to Document Request No. 10:

Plaintiff states that Plaintiff has no responsive documents to this Request.

Dated: October 8, 2018

Respectfully submitted,

    /s/ *Catherine T. Heacox*
Catherine T. Heacox
NY Bar # 050401992
**The Lanier Law Firm**
126 E. 56th Street, Fl. 6
New York. New York
CTH@Lanierlawfirm.com
Phone: (212) 421-2800
Fax: (212) 421-2878

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of October, 2018 a copy of the foregoing Plaintiffs' Response and Objections to Notice of Video Deposition of Plaintiff was electronically served on Defendants through Defendants' Liaison Counsel, James Irwin and John Olinde, and Defendants' Lead Counsel, Susan Sharko and William Hoffman, and on Plaintiffs' Co-Lead Counsel, Andy D. Birchfield, Jr. and Brian H. Barr.

                                                    */s/ Catherine T. Heacox*
                                                    **CATHERINE T. HEACOX**