UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

*******************************************

**THIS DOCUMENT RELATES TO:**

*Gary Bitetto v. Janssen Research & Development LLC, et al.;*
Case No. 2:16-cv-11602.

**RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFF'S ALLEGED FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED <u>PLAINTIFF FACT SHEET PURSUANT TO CMO 6</u>**

On September 28, 2018, Defendants moved for an Order to Show Cause "as to why Gary Bitetto's action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pre-Trial Order ("PTO") No. 13." Rec. Doc. 11010-1. On October 4, 2018, this Court issued the requested Order requiring Plaintiff to show cause by appearing before this Court at 9:15 a.m. on October 11, 2018. Rec. Doc. 11072. Plaintiff respectfully responds, through counsel, as follows.[1]

**1.    The minor PFS deficiencies alleged do not warrant dismissal.**

---

[1] Undersigned counsel has informed Plaintiff and counsel for Defendants that he intends to move for leave to withdraw as counsel for Plaintiff. Regardless, counsel is not authorized to dismiss Plaintiff's claim and cannot permit Plaintiff's cause of action to be prejudicially dismissed without objection.

Plaintiff submitted his substantially complete First Amended Plaintiff Sheet on July 10, 2018. According to Defendants, Plaintiffs' detailed nineteen-page response to their numerous questions is deficient in the following three respects:

- Plaintiff identified one laboratory that tested his blood in the past 10 years but did not provide a response for the address for that laboratory;
- Plaintiff stated that he was treated for cancer but did not identify the treating provider or facility; and
- Plaintiff indicated he is taking Coumadin but did not provide a response for dosage or state the reason he is taking Coumadin.

Rec. Doc. 11010-1 at 2.

Defendants do not explain why Plaintiff's alleged failure to provide responses to these questions somehow undermines their ability to defend Plaintiff's claims, however; nor do they claim that the information is unavailable to them by any other means. For instance, in his response to Defendants' question regarding his Coumadin use, Plaintiff identified the prescribing physician as "DeFranco." Plaintiff's records from Dr. Santi DiFranco's office were submitted to Centrality in December of 2016. The first entry in those records states that, as of his visit on October 21, 2015, Plaintiff had a history of atrial fibrillation and was then taking Coumadin. Furthermore, Plaintiff submitted signed HIPAA-compliant medical authorizations to Centrality in June 2016 and again when his PFS was amended in July of 2017. And, of course, counsel for Defendants will have the opportunity to ask Plaintiff the answers to these questions should his deposition be taken pursuant to Case Management Order Number 6. To the extent Plaintiff does not know the answers, Defendants may have the opportunity to inquire of his doctors pursuant to CMO 6.

Since Defendants filed their motion, undersigned counsel and office staff have repeatedly attempted to contact Plaintiff to discuss this matter and obtain Plaintiff's answers, if any, to these questions, and counsel has sent Plaintiff copies of both Defendants' motion and this Court's Order to Show Cause. Based on an email received October 5, 2018, counsel for Plaintiff understands

that Plaintiff is out of the country until October 10, 2018. Nevertheless, for the reasons stated herein, dismissal is not warranted under these circumstances and at this point in this litigation.

### 2. Prejudicial dismissal is not an appropriate sanction.

Moreover, even assuming Plaintiff's fact sheet deficiencies are sufficiently significant to warrant intervention by this Court, the remedy Defendants request – dismissal of Plaintiff's lawsuit with prejudice – is not an appropriate remedy here. The Fifth Circuit has repeatedly emphasized that "[a]lthough the district court's discretion under Rule 37 is broad, … it is not unlimited," and that "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514, 515 (5th Cir. 1985) (remanding for reassessment of sanctions and reconsideration of whether district court should have imposed a "less drastic sanction" than prejudicial dismissal notwithstanding plaintiff's "flagrant" discovery violations including her refusal, in violation of a district court order overruling her motion to quash, to produce subpoenaed financial documents "absolutely necessary to defend against her demand for damages" for nearly a year). Indeed, the Court of Appeals has often characterized dismissal with prejudice as "a draconian remedy, or a remedy of last resort only to be applied in extreme circumstances." *Id.* at 515 (internal quotations omitted). For the reasons stated above, this draconian remedy of last resort is not appropriate here.

WHEREFORE, Plaintiff respectfully requests, through counsel, that the Order to Show Cause be dismissed. In the alternative, Plaintiff requests that he be permitted additional time to provide the requested information. Failing that, Plaintiff requests that any dismissal be without prejudice.

Signed: October 8, 2018                               Respectfully submitted,

                                                By:   */s/ Christopher J. Quinn*_____
                                                      Christopher J. Quinn
                                                      THE DRISCOLL FIRM, P.C.
                                                      211 N. Broadway, 40th Floor
                                                      St. Louis, MO 63102
                                                      Tel: (314) 932-3232
                                                      Fax: (314) 932-3233
                                                      chris@thedriscollfirm.com
                                                      *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 8, 2018, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                      */s/ Christopher J. Quinn*_____
                                                      Christopher J. Quinn
                                                      THE DRISCOLL FIRM, P.C.
                                                      211 N. Broadway, 40th Floor
                                                      St. Louis, MO 63102
                                                      Tel: (314) 932-3232
                                                      Fax: (314) 932-3233
                                                      chris@thedriscollfirm.com

                                                      *Attorneys for Plaintiff*