# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:<br><br>MARVIN ROBERTS<br>Case No. 2:15-cv-00504 | MDL No. 2592<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAG. JUDGE NORTH |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff submits this Memorandum of Law in support of his motion for leave to amend Plaintiff's Complaint and states as follows:

### BACKGROUND

This case was filed in the United States District Court for the Northern District of Alabama Northeastern Division on January 27, 2015 (Doc. 1). On February 18, 2015, the Judicial Panel on Multidistrict Litigation issued Conditional Transfer Order No. 13 transferring the civil action to the United States District Court for the Eastern District of Louisiana for coordinated pretrial proceedings (Doc. 2). On March 6, 2015, the Clerk of Court transferred the case to the United States District Court for the Eastern District of Louisiana (Doc. 3). The Complaint has never previously been amended.

### MEMORANDUM OF LAW

Following further investigation, Plaintiff seeks leave to amend his Complaint to remove the allegations involving his February 19, 2014 hospitalization, thereby making explicit that Plaintiff experienced internal bleeding on or about June 3, 2014 as a direct and proximate result of the use of Defendants' Xarelto. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The Court should freely

1

give leave when justice so requires".  Rule 15(a) "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Lowry v. Texas A & M University System,* 117 F.3d 242 (5th Cir. 1997). "The policy of the federal rules is to permit liberal amended to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Bayou Steel Corp. v. Danieli Corp.*, No. CIV.A. 99-3440, 2001 WL 25662, at *1 (Mag. J. Shushan) (E.D. La. Jan. 9, 2001).

Courts look to whether an amendment will cause undue delay, bad faith, whether there is a dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party and futility of the amendment. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Plaintiff merely seeks to unify the pleadings with the facts that both Plaintiff and Defendants were apprised of during discovery; therefore, at most the amendment is a "house cleaning" procedure and will not prejudice Defendants. See *Mellon Bank, N.A. v. Gen.Elec. Credit Corp.*, 724 F. Supp. 360, 366 (W.D. Pa. 1989) (amendment of pleadings may be permitted to conform to evidence).

Moreover, no sure negative impact will befall Defendants by Plaintiff's requested amendment. Pursuant to E.D. La. L.R. 7.6, on October 8, 2018, the parties met and conferred regarding the amendment and Defendants do not object to the Plaintiff's filing. Because there is no new evidence, defendants suffer no undue prejudice or surprise because they are already in possession of the Plaintiff's full medical records for the June 2014 in-patient stay. See *Air Prod. & Chemicals, Inc. v. Eaton Metal Prod. Co.*, 256 F. Supp. 2d 329, 332 (E.D. Pa. 2003) ("In order to make the requisite showing of prejudice, the adverse party 'is required to demonstrate that its ability to present its case would be seriously impaired were the amendment allowed.'").

Finally, because there is no prejudice to Defendants to allow Plaintiff to confirm his pleadings to the facts established during discovery, they will be hard pressed to prove that the amendment is untimely. See *Kellis v. Alpha & Omega Fin. Servs. Inc.,* No. 1:09 CV1626, 2010 WL 4279384, at 2* (N.D. Ohio Oct. 25, 2010), citing *Donovan v. Gillmor,* 535 F. Supp. 154, 157 (N.D. Ohio 1982) (mere fact that party seeks to amend pleading at late stage of litigation is not enough to bar such amendment, without a specific showing that the other party is prejudiced). See also *Smith v. Guar. Serv. Corp.*, 51 F.R.D. 289, 293 (N.D. Cal. 1970) ("while prejudice to the opposing party is obviously a major factor, the passage of time, without more, is not a sufficient basis for denying a motion to amend.").

## CONCLUSION

WHEREFORE Plaintiff respectfully request that for the reasons set forth above, this Honorable Court grant Plaintiff's Motion for Leave to Amend Plaintiff's Complaint and deem the Amended Complaint as filed as of the date of entry of the Court's Order.

Dated:  October 9, 2018               Respectfully submitted,

/s/ Kristine K. Kraft
Roger C. Denton, Esq. (MO Bar No. 30292)
Kristine K. Kraft, Esq. (MO Bar No. 37971)
Ashley Brittain Landers, Esq. (MO Bar No. 62763)
**SCHLICHTER, BOGARD & DENTON, LLC**
100 South 4th Street, Suite 1200
Saint Louis, MO 63102
(314) 621-6115
kkraft@uselaws.com
rdenton@uselaws.com
abrittainlanders@uselaws.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 9, 2018, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.


/s/ Kristine K. Kraft
**Kristine K. Kraft, Esq.**