UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> THOMAS PRUITT ) <br> ) <br> ) | MDL NO.: 2592 <br> SECTION: L <br> JUDGE ELDON E. FALLON <br> MAG. JUDGE NORTH <br><br><br> Civil Action No. 2:15-cv-02001 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiff in the above action hereby submits this Memorandum in Support of his Motion for Leave to File an Amended Complaint.

**INTRODUCTION**

Plaintiff Thomas Pruitt respectfully requests that the Court grant leave to file an Amended Complaint. The purpose for this amendment is to add Johnson & Johnson as a Defendant in Mr. Pruitt's case (Case No. 2:15-cv-02001). Importantly, however, Johnson & Johnson was named as a Defendant in Mr. Pruitt's case in 2016. Although Johnson & Johnson now opposes Plaintiff's amendment, Johnson & Johnson has been a Defendant in Mr. Pruitt's case since 2016. Mr. Pruitt was granted leave in 2016 to add Johnson & Johnson and an Amended Complaint was filed at that time. The sole reason for the present motion is that the Amended Complaint filed in 2016 was mistakenly filed under the wrong docket number. Johnson & Johnson had notice of and was served with the Amended Complaint at that time and

can claim no prejudice by the correction of this mis-docketed filing. Plaintiff respectfully requests the Court grant leave to file his Amended Complaint in Case No. 2:15-cv-02001.

## BACKGROUND

On May 20, 2015, Plaintiffs Edna Brunk, Thomas Pruitt and William Wills filed a Joint Complaint in this MDL. Plaintiffs were assigned Case No. 2:15-cv-1704 (*Edna Brunk, et al. v. Janssen Research & Development, LLC, et al.*). On May 26, 2015, this Court ordered Case No. 2:15-cv-1704 severed, and Plaintiff Thomas Pruitt was assigned Case No. 2:15-cv-02001 (*see* Doc. No. 7). On June 10, 2015, a Short Form Complaint was filed on Plaintiff's behalf (*Thomas Pruitt v. Janssen Research & Development, LLC, et al;* Case No. 2:15-cv-02001, Doc. No. 1). On November 14, 2016, Plaintiff filed his Unopposed Motion for Leave to File an Amended Complaint to add Johnson & Johnson as a party defendant. (Document No. 4490). Plaintiff's motion was granted, (*see* Doc. No. 4552), and Plaintiff's Amended Complaint was entered onto the Master Xarelto MDL Docket (Case No. 2:14-md-02592) on November 17, 2016 (Doc. No. 4554). The Amended Complaint was inadvertently entered only as to the case number assigned to the Joint *Brunk* Complaint, Case No. 2:15-cv-01704, and was not entered into Plaintiff Thomas Pruitt's individual matter, Case No. 2:15-cv-02001.

All Defendants have been served with process pursuant to Pretrial Order No. 10 (PTO 10). Defendant Johnson & Johnson executed a waiver of service pursuant to Federal Rules of Civil Procedure 4(d)(1) on January 26, 2017. Although Plaintiff was previously granted leave to amend his Complaint to add Defendant Johnson & Johnson as a party defendant (*see* Doc. No. 4554), Plaintiff is filing this Motion so that his Amended Complaint, which was previously filed in Case No. 2:15-cv-1704, can be properly docketed in the correct case, Case No. 2:15-cv-02001.

## **LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 15(a)(1), a party may "amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). All "other amendments" may be made "only with the opposing party's written consent or the court's leave," which should be "freely given…when justice so requires." Fed. R. Civ. P. 15(a)(2). In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given." *Foman v. Davis*, 371 U.S. 178 (1962). "Leave to file an amended complaint 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).

Here, Plaintiff was previously granted leave to amend the Complaint to add Defendant Johnson & Johnson as a party defendant. Plaintiff is simply filing this Motion so that the Amended Complaint is docketed in Case No. 2:15-cv-02001. The proposed amendment is not the product of any proven undue delay or bad faith and there is no evidence that it will either result in undue prejudice to the defendant or be futile in effect. Defendant Johnson & Johnson has been on notice of this litigation from its inception. Johnson & Johnson executed a waiver of service of Plaintiff Thomas Pruitt's Amended Complaint on January 26, 2017. Johnson & Johnson will not be prejudiced in defending on the merits of this action in that it knew that the

action was pending against it. Indeed, although Johnson & Johnson has disputed that it is a proper defendant throughout, Johnson & Johnson did not oppose Plaintiff's amendment in 2016. Defendant is familiar with the Plaintiff's particular claims through the previously filed and served Amended Complaint and Mr. Pruitt's individual Plaintiff Fact Sheet, and Defendant is aware of the general facts, circumstances and theories of recovery underlying Plaintiffs' Complaint having been served with countless identical complaints and individual Plaintiff Fact Sheets in this MDL. Because this MDL involves thousands of similarly situated plaintiffs who have filed lawsuits virtually identical to that filed by the instant Plaintiff, no actual prejudice has occurred or will occur to Defendant Johnson & Johnson by the Court granting the relief sought herein.

      Johnson & Johnson is a proper party defendant in this action. Defendant Johnson & Johnson is a fictitious name adopted by Defendant Johnson & Johnson Company, a New Jersey corporation. As part of its business, J&J, and its "family of companies," is involved in the research, development, sales, and marketing of pharmaceutical products, including Xarelto. Johnson & Johnson may contend that it is not a proper party defendant, and it is true that Johnson & Johnson was dismissed from earlier Xarelto bellwether cases prior to trial, including, for example, *Dora Mingo v. Janssen Research & Development, LLC, et al.* (*See* Stipulation and Order, Case No. 2:15-cv-03469, Doc. No. 7108). The Plaintiff in *Mingo* consented to dismissal of Johnson & Johnson (and certain other Defendants) in exchange for an agreement that all Defendants would satisfy any trial judgment and that dismissal would not impact the admissibility of documents at trial. By its terms, the Stipulation entered in *Mingo* does not bind the parties or have any res judicata, collateral estoppel or precedential effect in any other lawsuit.

(*See* Doc. No. 7108). Johnson & Johnson rejected Plaintiff's request to agree to similar terms for this case.

In light of the foregoing, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion for Leave to File an Amended Complaint pursuant to the Court's power under Rule 15(a)(2).

## CONCLUSION

For the reasons stated above, Plaintiff respectfully request an Order from the Court granting his Motion for Leave to File an Amended Complaint. The Court has already granted Mr. Pruitt leave to amend his Complaint to name Johnson & Johnson as a party Defendant. As set forth herein, no party herein will be prejudiced, nor will any MDL processes be adversely affected by granting of the relief sought herein.

Dated this the 10th day of October, 2018.

                                              Respectfully submitted,

                                              /s/ *Seth A. Katz*
                                              Seth A. Katz
                                              **BURG SIMPSON**
                                              **ELDREDGE HERSH & JARDINE, P.C.**
                                              40 Inverness Drive East
                                              Englewood, CO 80112
                                              Telephone: (303) 792-5595
                                              Facsimile: (303) 708-0527
                                              skatz@burgsimpson.com

                                              ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October, 2018, the foregoing Memorandum in Support of Plaintiff's Motion for Leave to File an Amended Complaint was electronically filed with the Clerk of Court using the Court's CM/ECF system which e- mailed notification of such filing to all counsel of record.

/s/ *Seth A. Katz*
Seth A. Katz
**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
40 Inverness Drive East
Englewood, CO 80112
Telephone: (303) 792-5595
Facsimile: (303) 708-0527
skatz@burgsimpson.com

ATTORNEYS FOR PLAINTIFF