UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | **M.D.L No. 2592** |
| | **SECTION: L** |
| **This Document Relates To:** *Moises Dreszer, M.D. and Cathy Dreszer v. Janssen Research & Development, et al.*; Civil Case No.:2:15-cv-05232 | **JUDGE FALLON** |
| | **MAG. JUDGE NORTH** |

### PLAINTIFFS RESPONSES AND OBJECTIONS
### TO NOTICE OF VIDEO DEPOSITION OF PLAINTIFFS

Comes now the Plaintiffs, Moises Dreszer, M.D. and Cathy Dreszer who hereby respond

and object to the Notice of Video Deposition of Moises Dreszer, M.D. and Cathy Dreszer and

the request therein that the deponent produce at the deposition certain documents and tangible

things listed in Exhibit "A" to the Notice as follows:

Plaintiffs object to that portion of the Notice which states that the deposition "will

continue from day to day until completed" on the grounds that the Court's PTO 26 provides time

limitations upon the taking of a bellwether plaintiff's deposition. Accordingly, the defendants

may not exceed such time limitations except by agreement of the parties or by order of the Court.

Plaintiffs object generally to each and every request for documents propounded by

Defendants to the extent the discovery sought exceeds the scope of discovery allowed under the

Federal Rules of Civil Procedure, the Court's Local Rules and/or the Court's Pre-Trial Orders in

this litigation.

Plaintiffs also generally object to each and every request for documents propounded by

Defendants to the extent they seek discovery beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered Plaintiff Fact Sheet ("PFS"). Plaintiff has previously completed and served a PFS along with signed authorizations for the release of records to Defendants. Plaintiff has also produced documents responsive to Section IX of the PFS. As such, the Plaintiff further objects to these requests to the extent they are redundant, repetitive or seek documents or information already produced by Plaintiff or that can be obtained by Defendants pursuant to any of the several authorizations that Plaintiff has executed and produced to Defendants.

Lastly, Plaintiffs object to each and every request for documents propounded by Defendants to the extent they seek to impose additional (or different) document and/or ESI preservation obligations on Plaintiff beyond those set forth in the Court's PTO 15 or PTO 15B.

Subject to the foregoing general objections, and incorporating said general objections herein by reference, Plaintiffs respond to the individual requests ("Requests") as follows:

1. **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between any attorneys or other agents for Moises Dreszer, M.D. and Cathy Dreszer and any healthcare provider that rendered any care or treatment to Moises Dreszer, M.D. and Cathy Dreszer;**

Plaintiffs Response to Document Request No. 1:

Plaintiffs object to this Request to the extent it seeks documents or information protected from disclosure by the attorney work product doctrine and/or the attorney-client privilege. Plaintiff also objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Additionally, Plaintiff objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court

in its March 9, 2016, Order. [Doc. 2676]. Plaintiffs also object to this Request to the extent that it prematurely seeks the production of documents and/or information outside the timetable established by the Court for such discovery in its March 9, 2016, Order. [*Id.*]. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation between *any* attorneys or *other* agents" for Plaintiff and "*any* healthcare provider that rendered *any* care or treatment" to the Plaintiff. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiffs state that their attorney has only sent a request for medical records to Plaintiff, Moises Dreszer's healthcare providers.

2.      **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between Moises Dreszer, M.D. and Cathy Dreszer and any healthcare provider that rendered any care or treatment to Moises Dreszer, M.D.;**

Plaintiffs Response to Document Request No. 2:

Plaintiffs object to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiffs further object to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation between **Moises Dreszer, M.D. and Cathy Dreszer** and *any* healthcare provider that rendered *any* care or treatment to **Moises Dreszer, M.D..**" Plaintiffs

object to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiffs state that all communication regarding this litigation between Plaintiffs and any healthcare provider is noted in his medical records.

3.     **All documents or other materials regarding this litigation given by Moises Dreszer, M.D. and Cathy Dreszer, their attorneys and/or agents, to any healthcare provider that rendered any care or treatment to Moises Dreszer, M.D.;**

Plaintiffs Response to Document Request No. 3:

Plaintiffs object to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS.  Plaintiffs further object to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court in its March 9, 2016, Order. [Doc. 2676].  Plaintiffs also object to this Request to the extent that it prematurely seeks the production of documents and/or information outside the timetable established by the Court for such discovery in its March 9, 2016, Order. [*Id.*].  Additionally, Plaintiffs object to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* documents or *other* materials regarding this litigation given by Moises Dreszer, M.D. and Cathy Dreszer, their attorneys and/or agents, to *any* healthcare provider that rendered *any* care or treatment to Moises Dreszer, M.D.."  Plaintiffs object to the extent the Request seeks the production of documents that are not relevant or likely

to lead to the discovery of admissible evidence. Plaintiffs object to the Request to the extent that

it calls for the production of documents within the control of third parties whose documents are

not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiffs state   there are none.

4.      **All transcripts or other records of any testimony of Moises Dreszer, M.D. and Cathy Dreszer given under oath at any deposition, hearing, trial, or other proceeding of any kind;**

Plaintiffs Response to Document Request No. 4:

Plaintiffs object to this Request to the extent that it seeks the production of documents

beyond that permitted by the Court during this initial stage of bellwether discovery and as

provided for in the court-ordered PFS. Plaintiffs further object to the Request as overly broad,

unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll*

transcripts or *other* records of *any* testimony of  Moises Dreszer, M.D. and Cathy Dreszer given

under oath at *any* deposition, hearing, trial, or *other* proceeding of *any* kind." Plaintiffs object to

the extent the Request seeks the production of documents that are not relevant or likely to lead to

the discovery of admissible evidence. Plaintiffs object to the Request to the extent that it calls for

the production of documents within the control of third parties whose documents are not within

Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiffs state  there are none.

5.      **All personal calendars, notes, journals, diaries, or "blogs", whether electronic or paper, kept by Moises Dreszer, M.D. and Cathy Dreszer that relate to Moises Dreszer, M.D.   alleged exposure to Xarelto;**

Plaintiffs Response to Document Request No. 5:

Plaintiffs object to this Request to the extent that it seeks the production of documents

beyond that permitted by the Court during this initial stage of bellwether discovery and as

provided for in the court-ordered PFS.  Plaintiffs object to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiffs further object to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiffs state   there are no personal calendars, notes journals, diaries, or "blogs", whether electronic or paper, kept by Moises Dreszer, M.D. and Cathy Dreszer which relate to Moises Dreszer's alleged exposure to Xarelto.

6. **All photographs, slides, DVDs or other videos of Moises Dreszer, M.D. and Cathy Dreszer  from November 20, 2015 to the present;**

Plaintiffs Response to Document Request No. 6:

Plaintiffs object to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiffs object to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests *"[a]ll photographs, slides, DVDs or other videos of Moises Dreszer, M.D. and Cathy Dreszer"* during a month period of time. Plaintiffs object to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiffs further object to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection. Plaintiffs object to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiffs states that they are gathering the requested information and will supplement this response at a later date.

7.      **All packaging and unused medicine from the Xarelto Moises Dreszer, M.D. used, including such materials in the possession of Moises Dreszer, M.D. and Cathy Dreszer;**

Plaintiffs Response to Document Request No. 7:

Plaintiffs object to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiffs object to the Request to the extent that it calls for the production of materials within the control of third parties whose documents are not within Plaintiff's possession, custody or control. Plaintiffs further object to the Request to the extent it would require Plaintiff to turn over original Xarelto packaging and unused medication to the Defendants.

Subject to and without waiving the foregoing objections, Plaintiffs states that they did not retain any Xarelto packaging and/or unused Xarelto in her possession for inspection and photographing by the Defendants at the deposition site.

8.      **All medical, prescription, or other records relating to the allegations in the Complaint and/or the Plaintiff Fact Sheet that are in Moises Dreszer, M.D. and Cathy Dreszer's possession and that were not previously provided to defendants by counsel for plaintiff;**

Plaintiffs Response to Document Request No. 8:

Plaintiffs object to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiffs further object to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*other records.*" Plaintiff objects to the extent the Request seeks the production of documents that are

not relevant or likely to lead to the discovery of admissible evidence. Plaintiffs object to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiffs state there are no documents responsive to this Request.

9.      **All literature, newspaper or magazine articles, letters, booklets, brochures, pamphlets, written directives, package inserts and written material authored or collected by Moises Dreszer, M.D. and Cathy Dreszer or supplied to Moises Dreszer, M.D. and Cathy Dreszer from any source, including but not limited to persons, firms, corporations or governmental entities, relating to (1) Xarelto; (2) Moises Dreszer, M.D. alleged injuries; and/or (3) any defendant in this action; and,**

Plaintiffs Response to Document Request No. 9:

Plaintiffs object to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiffs further object to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiffs object to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiffs state there are no documents responsive to this Request.

10.      **All documents responsive to Section IX of the Plaintiff Fact Sheet that have not been previously provided to defendants by counsel for plaintiff.**

Plaintiffs Response to Document Request No. 10:

Plaintiffs state there are no documents responsive to this Request to the extent they have any in their possession.

Dated: October 22, 2018

Respectfully submitted,

By: /s/Andre' P. LaPlace
Andre' P. LaPlace(#8039)
*Attorney for the Plaintiff*
2762 Continental Drive, Ste. 103
Baton Rouge, Louisiana 70808
Telephone No. (225)924-6898
Facsimile No. (225)924-6877
alaw@andrelaplace.com

By: /s/Rebecca A. Cunard
Rebecca A. Cunard(#20154)
*Attorney for the Plaintiff*
Cunard Law Firm
9214 Interline Avenue
Baton Rouge, Louisiana 70809
Telephone No. (225)925-2978
Facsimile No. (225)925-8192
Rebecca@CunardLaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 22nd  day of October, 2018 a copy of the foregoing Plaintiffs' Response and Objections to Notice of Video Deposition of Plaintiff was electronically served on Defendants through Defendants' Liaison Counsel, James Irwin and John Olinde, and Defendants' Lead Counsel, Daniel Carroll.

/s/ Andre' P. LaPlace
**ANDRE' P. LaPLACE**