UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates To:**<br>*Ramon Lopez v. Janssen Research & Development, et al.*;<br><br>**Civil Case No.: 2:16-cv-4129** | **MDL No. 2592**<br><br>**SECTION: L**<br><br>**JUDGE FALLON**<br><br>**MAG. JUDGE NORTH** |

**PLAINTIFF'S RESPONSE AND OBJECTIONS
TO NOTICE OF VIDEO DEPOSITION OF PLAINTIFF**

Comes now the Plaintiff, Ramon Lopez, individually hereby responds and objects to the Notice of Video Deposition of Ramon Lopez and the request therein that the deponent produce at the deposition certain documents and tangible things listed in Exhibit "A" to the Notice as follows:

Plaintiff objects to that portion of the Notice which states that the deposition "will continue from day to day until completed" on the grounds that the Court's PTO 26 provides time limitations upon the taking of a bellwether plaintiff's deposition. Accordingly, the defendants may not exceed such time limitations except by agreement of the parties or by order of the Court.

Plaintiff objects generally to each and every request for documents propounded by Defendants to the extent the discovery sought exceeds the scope of discovery allowed under the Federal Rules of Civil Procedure, the Court's Local Rules and/or the Court's Pre-Trial Orders in this litigation.

Plaintiff also generally objects to each and every request for documents propounded by Defendants to the extent they seek discovery beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered Plaintiff Fact Sheet ("PFS").

Plaintiff has previously completed and served a PFS along with signed authorizations for the release of records to Defendants. Plaintiff has also produced documents responsive to Section IX of the PFS. As such, the Plaintiff further objects to these requests to the extent they are redundant, repetitive or seek documents or information already produced by Plaintiff or that can be obtained by Defendants pursuant to any of the several authorizations that Plaintiff has executed and produced to Defendants.

Lastly, Plaintiff objects to each and every request for documents propounded by Defendants to the extent they seek to impose additional (or different) document and/or ESI preservation obligations on Plaintiff beyond those set forth in the Court's PTO 15 or PTO 15B.

Subject to the foregoing general objections, and incorporating said general objections herein by reference, Plaintiff responds to the individual requests ("Requests") as follows:

1. **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between any attorneys or other agents for Ramon Lopez and any healthcare provider that rendered any care or treatment to Ramon Lopez;**

Plaintiff's Response to Document Request No. 1:

Plaintiff objects to this Request to the extent it seeks documents or information protected from disclosure by the attorney work product doctrine and/or the attorney-client privilege. Plaintiff also objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Additionally, Plaintiff objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court in its March 9, 2016, Order. [Doc. 2676]. Plaintiff also objects to this Request to the extent that it prematurely seeks the production of documents and/or information outside the timetable established by the

Court for such discovery in its March 9, 2016, Order. [*Id.*]. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation between *any* attorneys or *other* agents" for Plaintiff and "*any* healthcare provider that rendered *any* care or treatment" to the Plaintiff. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

   2. **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between Ramon Lopez and any healthcare provider that rendered any care or treatment to Ramon Lopez;**

Plaintiff's Response to Document Request No. 2:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation between Ramon Lopez and *any* healthcare provider that rendered *any* care or treatment to Ramon Lopez." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

   3. **All documents or other materials regarding this litigation given by Ramon Lopez, his attorneys and/or agents, to any healthcare provider that rendered any care or treatment to Ramon Lopez;**

Plaintiff's Response to Document Request No. 3:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS.  Plaintiff further objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court in its March 9, 2016, Order. [Doc. 2676].  Plaintiff also objects to this Request to the extent that it prematurely seeks the production of documents and/or information outside the timetable established by the Court for such discovery in its March 9, 2016, Order. [*Id.*].  Additionally, Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* documents or *other* materials regarding this litigation given by Ramon Lopez, his attorneys and/or agents, to *any* healthcare provider that rendered *any* care or treatment to Ramon Lopez**.**" Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

4. **All transcripts or other records of any testimony of Ramon Lopez given under oath at any deposition, hearing, trial, or other proceeding of any kind;**

Plaintiff's Response to Document Request No. 4:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* transcripts or *other* records of *any* testimony of Ramon Lopez given under oath at *any* deposition, hearing, trial, or *other* proceeding of *any* kind." Plaintiff objects to the extent the Request seeks the

production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

**All personal calendars, notes, journals, diaries, or "blogs", whether electronic or paper, kept by Ramon Lopez that relate to Ramon Lopez alleged exposure to Xarelto;**

<u>Plaintiff's Response to Document Request No. 5</u>:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

5. **All photographs, slides, DVDs or other videos of Ramon Lopez from March 2015 to present;**

<u>Plaintiff's Response to Document Request No. 6</u>:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* photographs, slides, DVDs or other videos of Ramon Lopez" during a **43** month period of time. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product

protection. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he/she will produce representative photographs, slides, DVDs or videos of Ramon Lopez, in his possession that were made shortly before he began taking Xarelto and/or shortly following his bleeding event(s).

6. **All packaging and unused medicine from the Xarelto Ramon Lopez used, including such materials in the possession of Ramon Lopez;**

Plaintiff's Response to Document Request No. 7:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff objects to the Request to the extent that it calls for the production of materials within the control of third parties whose documents are not within Plaintiff's possession, custody or control. Plaintiff further objects to the Request to the extent it would require Plaintiff to turn over original Xarelto packaging and unused medication to the Defendants.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce any Xarelto packaging and unused Xarelto in his possession for inspection and photographing by the Defendants at the deposition site.

7. **All medical, prescription, or other records relating to the allegations in the Complaint and/or the Plaintiff Fact Sheet that are in Ramon Lopez's possession and that were not previously provided to defendants by counsel for plaintiff;**

Plaintiff's Response to Document Request No. 8:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*other* records." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession.

**8.     All literature, newspaper or magazine articles, letters, booklets, brochures, pamphlets, written directives, package inserts and written material authored or collected by Ramon Lopez or supplied to Ramon Lopez from any source, including but not limited to persons, firms, corporations or governmental entities, relating to (1) Xarelto; (2) Ramon Lopez's alleged injuries; and/or (3) any defendant in this action; and,**

Plaintiff's Response to Document Request No. 9:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of bellwether discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession.

9.     **All documents responsive to Section IX of the Plaintiff Fact Sheet that have not been previously provided to defendants by counsel for plaintiff.**

<u>Plaintiff's Response to Document Request No. 10</u>:

Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession,


Dated:  October 26, 2018

                                                  Respectfully submitted,

                                                  <u>/s/ Stephen B. Wohlford</u>
                                                  Benjamin R. Schmickle, #6270568
                                                  Stephen B. Wohlford, #IL6287698
                                                  SWMW Law, LLC
                                                  701 Market Street, Suite 1000
                                                  St. Louis, MO 63101
                                                  (314) 480-5180
                                                  (314) 932-1566- facsimile

                                                  **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of October 2018 a copy of the foregoing Plaintiffs' Response and Objections to Notice of Video Deposition of Plaintiff was electronically served on Defendants through Defendants' Liaison Counsel, James Irwin and John Olinde, and Defendants' Lead Counsel, Susan Sharko and William Hoffman, and on Plaintiffs' Co-Lead Counsel, Andy D. Birchfield, Jr. and Brian H. Barr.

*/s/ Stephen B. Wohlford*
**STEPHEN B. WOHLFORD**