L. Paul Mankin (SBN 264038)
pmankin@paulmankin.com
**LAW OFFICES OF L. Paul Mankin**
4655 Cass Street, Suite 410
San Diego, CA 92109
Telephone: (800) 219-3577
Facsimile: (323) 207-3885
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN)<br><br>THIS DOCUMENT RELATES TO:<br><br>WALTER BLEILER | **MDL 2592**<br>**SECTION L**<br>**JUDGE ELDON E. FALLON**<br>**MAGISTRATE JUDGE NORTH**<br>**CASE NO. 2:17-cv-00327-EEF-MBN** |

## MOTION TO VOLUNTARILY DISMISS CERTAIN DEFENDANTS WITHOUT PREJUDICE OR, IN THE ALTERNATIVE, TO EXTEND TIME FOR SERVICE ON CERTAIN DEFENDANTS

NOW COMES counsel for Plaintiff, Walter Bleiler, pursuant to Federal Rules of Procedure 41(a)(2), and hereby respectfully moves this Honorable Court to dismiss, without prejudice, the above action against Defendants Janssen Ortho LLC, Johnson and Johnson, Bayer Pharma AG, Bayer Healthcare AG, Bayer AG, and Bayer Healthcare Pharmaceuticals, Inc with each party to bear their own costs; or, in the alternative, to extend time for Plaintiff to serve the aforementioned Defendants pursuant to Fed. R. Civ. P. § 4(m). Counsel takes this action pursuant to Fed. R. Civ. Pro. § 4m, as well as to the Court's orders nos. 10 and 24, because Plaintiff failed to serve the above-named Defendants within the required 60 and 90 days of the filing of Plaintiff's complaint. The result for a failure to timely serve is a dismissal without

**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE, OR IN THE ALTERNATIVE, TO EXTEND TIME FOR SERVICE ON CERTAIN DEFENDANTS**

prejudice; or, in the alternative, to extend time to allow service on Defendants.

## A. FACTUAL BACKGROUND

Plaintiff filed the subject lawsuit on January 12, 2017, for injuries sustained through his ingestion of the bloodthinner Xarelto. Due to a clerical error Plaintiff failed to timely serve Defendants Janssen Ortho LLC, Johnson and Johnson, Bayer Pharma AG, Bayer Healthcare AG, Bayer AG, and Bayer Healthcare Pharmaceuticals, Inc. Plaintiff failed to serve Janssen Ortho LLC and Johnson and Johnson within the requisite ninety days and failed to serve the Bayer defendants within sixty days as required by Pretrial Order No. 10. On September 21, 2018, Plaintiff's counsel notified Defendants' Lead and Liaison counsel in writing of the intent to dismiss this claim as to the above-named Defendants without prejudice. Plaintiff's counsel further inquired as to whether Defendant's counsel would be willing to either stipulate to the dismissal of these defendants without prejudice or, in the alternative, if Defendant's counsel would be willing to stipulate as to an extension of time in which to serve these defendants in order to avoid a dismissal. Defendant has not responded to Plaintiff's request for a stipulation. Per the Court's Pretrial Orders No. 24 and 24A, this motion is being filed more than fourteen (14) days after notification to Defendant's Lead and Liaison Counsel. Further, Plaintiff 's counsel has complied with the filing fee payment provision of PTO No. 11B (Rec. Doc. 1117) and all applicable filing fees have been paid.

## B. PLAINTIFF FAILED TO TIMELY SERVE DEFENDANTS AND AS SUCH PLAINTIFF'S CLAIMS MUST BE DISMISSED WITHOUT PREJUDICE

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated on a defendant within 90 days of filing the complaint, the court must dismiss the action without prejudice *as to that defendant*. *Carrington v. Mallon*, No. CV 17-11773, 2018 WL 2275571, at *1 (E.D. Mich. May 2, 2018), report and recommendation adopted, No. 17-CV-11773, 2018 WL 2268180 (E.D. Mich. May

**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITHOUT PREJUDICE, OR IN THE ALTERNATIVE, TO EXTEND TIME FOR SERVICE ON CERTAIN DEFENDANTS**

17, 2018) (emphasis added). Additionally, the Court's Pretrial Order No. 24 expressly allows Plaintiffs to move to dismiss pursuant to Rule 41(a)(1) and states "plaintiffs continue to retain the right to individually dismiss certain named defendants without dismissing the entire action." *See* Court's Pretrial Order No. 24.

Due to a clerical error Plaintiff failed to timely serve Defendants Janssen Ortho LLC, Johnson and Johnson, Bayer Pharma AG, Bayer Healthcare AG, Bayer AG, and Bayer Healthcare Pharmaceuticals, Inc., within the sixty and ninety days as required by court order and law. As such, Plaintiff respectfully requests that the Court dismiss this matter without prejudice as to only those defendants.

In the alternative, Rule 4m additionally allows the Court to extend time for service on Defendants. It is within the Court's discretion to extend time, even without a showing of good cause. *See* <u>Horenkamp v. Van Winkle And Co.,</u> 402 F.3d 1129, 1132 (11th Cir. 2005)("Thus, today we join our sister circuits and hold that Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." ) Plaintiff believes good cause exists here, as allowing an extension of time to serve Defendants would prevent the Court from being backlogged with multiple cases filed by the Plaintiff.

## I. Conclusion:

Plaintiff respectfully requests that the Court dismiss this case without prejudice, or in the alternative, to extend time to serve the aforementioned Defendants, because Plaintiff failed to timely serve Defendants Janssen Ortho LLC, Johnson and Johnson, Bayer Pharma AG, Bayer Healthcare AG, Bayer AG, and Bayer Healthcare Pharmaceuticals, Inc.

//
//
//

Dated: October 29, 2018

**The Law Office of L. Paul Mankin**

By: /s/ L. Paul Mankin

L. PAUL MANKIN

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 29, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.