UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 <br><br> SECTION: L <br><br><br> JUDGE FALLON <br> MAG. JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

*Netty Acker v. Janssen Research & Development LLC, et al; No. 2:17-cv-17257*

**PLAINTIFF'S RESPONSE AND MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO SERVE PROCESS AND REQUEST THAT THE COURT <u>DEEM SERVICE EFFECTUATED</u>**

COMES NOW Plaintiff NETTY ACKER and files this her Response and Memorandum in Opposition to Defendant's Motion for Order to Show Cause Regarding Plaintiff's Failure to Serve Process (Doc. 11057) and Request that the Court Deem Service Effectuated in the above matter and in support of said Response, respectfully shows as follows:

I.

**SUMMARY**

On March 24, 2015, this Court entered PTO 10 which created an informal streamlined service of process on Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals. PTO 10 allows Plaintiff to informally serve a complaint with a Summons on Defendants Bayer

1

Healthcare AG and Bayer Healthcare Pharmaceuticals within 60 days from the docketing of a Complaint in this MDL.

Plaintiff's Complaint was filed In Re: Xarelto (Rivaroxaban) Product Liability Litigation, MDL No. 2592 on December 14, 2017. Streamlined service of process was to be effectuated within 60 days following issuance of the summons, or no later than February 26, 2018 pursuant to PTO 10. Service on the remaining moving Defendants was required to be effectuated within 90 days following the filing of the Complaint, or no later than March 14, 2018.

However, after the filing of this Complaint, undersigned counsel was made aware of a duplicate filed case through the PACER system. Another law firm had previously filed a case on behalf of Ms. Acker that was transferred to the MDL under Cause No. 2:16-cv-13851.

Therefore, an agreement was reached between Plaintiffs' counsel to dismiss this cause of action so that the earlier filed case could proceed. Defendants were notified of the duplicate filed cases on January 8, 2018. On that date, and in accordance with customary practice between the parties, undersigned counsel request that Defendants prepare a stipulation of dismissal so that this cause of action could be dismissed. (See Plaintiff's Exhibit A attached hereto).

Due to the intended dismissal of this cause of action, Plaintiff did not pursue effectuating service on the Defendants in this matter.

Unfortunately, a stipulation of dismissal was not received and this cause of action was never dismissed as intended.

Subsequently, the earlier filed case (Cause No. 2:16-cv-13851) was selected for inclusion in the Wave 1 remand discovery pool pursuant to Case Management Order 6 ("CMO 6"). Due to subject matter jurisdictional issues, the Plaintiff dismissed Cause No. 2:16-cv-13851 with the understanding that this case would be substituted as the CMO 6 Wave 1 selection.

As a result of inadvertent and unintentional administrative oversight, undersigned counsel overlooked Defendants' email correspondence of August 23, 2018 advising that Defendants has not been served in this case.

It was not until Plaintiff received notice on October 3, 2018 of the filing of Defendants' Motion for Order to Show Cause did undersigned counsel recollect that the Defendants had not been served with Plaintiff's lawsuit.

Therefore, on October 17, 2018, Plaintiff took steps to effectuate service on all Defendants in this matter. Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals Inc. were successfully served pursuant to PTO 10, including providing a copy of the service documents pertaining to Bayer Pharma AG by email to xareltocomplaints@babc.com in compliance with PTO 10C.  Defendants Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Janssen Research & Development, LLC and Johnson & Johnson Company were also served on October 17, 2018 via Waivers of Service as is the customary practice between the parties. (See Plaintiff's Exhibit B, October 17, 2018 service correspondence and documents to Defendants attached).

On October 29, 2018, counsel for Plaintiff wrote to counsel for Defendants and advised of the inadvertent administrative oversight that had occurred with respect to receipt of the August 23, 2018 email correspondence pertaining to the failure to serve.  Undersigned counsel further advised that service was effectuated on all Defendants on October 17, 2018 and requested that Defendants withdraw their Motion for Order to Show Cause in that no undue justice or delay had occurred. (See Plaintiff's Exhibit C attached)

Defendants have not responded to Plaintiff's request and email.

II.

**LEGAL AUTHORITY**

Fed. R. Civ. P. 4 sets forth the procedure for notifying defendants that a federal civil lawsuit has been filed against them and requires a summons to alert the defendants that they have a limited time in which to respond. If a defendant is not served within 90 days after the complaint is filed (within 60 days of the complaint being docketed as per PTO No. 10), Rule 4 instructs the court to either (1) dismiss the action without prejudice against the defendant or (2) order that service be made within a specified time. If the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It was not until Defendants' filed their Motion for Order to Show Cause did Plaintiff's counsel first become aware that Defendants had sent email correspondence on August 23, 2018 regarding the lack of service and the precipitating inadvertent clerical error that had been made in overlooking said email so that service could be promptly effectuated at that time.

Under Fed. R. Civ. P. 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). The Court may also decide that a permissive extension is appropriate, as permitted in its discretion, and order that service be made within a specified time. See *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008) (citing *Henderson v. United States*, 517 U.S. 654, 662-63, 116 S. Ct. 1638, 134 L. Ed. 2nd 880 (1996)). Once more, if plaintiff can establish good cause for failing to serve defendant, that court must allow additional time for service, and even if good cause is lacking, the court has discretionary power to extend time for service. See *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). In addition, such relied may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading

service or conceals a defect in attempted service." Fed. R. Civ. P 4(m) Advisory Committee's Note (1993).

The Seventh Circuit explains that application of Fed. R. Civ. P. 4(m) as to extending time is best determined by considering the "arguments and factors advanced by the plaintiff and pay[ing] particular attention to the critical factor such as the running of a statute of limitations." *Cardenas v. City of Chicago*., 646 F. 3d 1001, 1007 (7th Cir. 2011) (citing *Panaras v. Liquid Carbonic Indus. Corp*., 94 F.3d 338, 341 (7th Cir. 1996) (additional citation omitted)). A court may also consider other relevant factors, including the "prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.,* 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the court retains its discretion to allow an extension as long as it "properly sets out the relevant law and makes no factual findings that are clearly erroneous." *Cardenas*, 646 F.3d at 1007 (quoting *Troxell*, 160 F.3d 381).

Here, Plaintiff has not acted in bad faith and good cause exists for Plaintiff's failure to serve. Therefore, Plaintiff respectfully requests that this Court deny Defendants' Motion for Order to Show Cause and exercise its discretion to deem service effectuated on the Defendants in this matter in that Defendants were eventually served.

Because the MDL involved thousands of similarly situated plaintiffs who have filed claims alleging facts, circumstances, and theories of recovery virtually identical to the lawsuit filed by this Plaintiff, no actual prejudice has or will occur to Defendants by this Court granting the relief sought herein. This Court has granted similar relief to other plaintiffs when the Bayer Defendants have disputed service. Furthermore, Defendants have been actively obtaining medical records pertaining to Ms. Acker in connection with the remand wave discovery process

therefore, the delay in service has not caused any undue delay or prejudice with respect to proceeding with discovery under CMO 6.

Plaintiff shows that as a matter of law and fact, good cause exists for her failure to serve and she was not acting in "bad faith" in delaying service of the Complaint and Summonses and Waivers of Summonses on the Defendants as this cause of action was originally intended to be dismissed as a duplicate filed case. Defendants are fully aware of and are served with thousands of identical complaints and have acknowledged receipt of these Complaints and Summonses in these matters. Plaintiff's counsel himself has filed hundreds of lawsuits with which the Defendants have been successfully served in this litigation. To dismiss Plaintiff's claims here would elevate form over substance and deprive Plaintiff of her day in court based on an inadvertent omission.

III.

**CONCLUSION**

For the above and foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion for Order to Show Cause Regarding Plaintiff's Failure to Serve Process and that this Court further exercise its discretion and deem service effectuated on the Defendants. No party herein will be prejudiced, nor will any MDL or CMO 6 process be adversely affected by granting the relief sought herein and good cause exists for said extension.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that this Court deny Defendants' Motion for Order to Show Cause Regarding Plaintiff's Failure to Serve Process and that this Court further exercise its discretion and deem service effectuated on the Defendants and that Plaintiff have such other and further relief to which she may show herself justly entitled.

Dated: November 1, 2018.

                                        Respectfully submitted,

                                        s/ Michael T. Gallagher
                                        MICHAEL T. GALLAGHER
                                        (Texas Bar #07586000)
                                        THE GALLAGHER LAW FIRM PLLC
                                        2905 Sackett Street
                                        Houston, TX 77098
                                        Telephone: (713) 222-8080
                                        Facsimile (713) 222-0066
                                        mike@gld-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing Response in Opposition to Defendants' Motion for Order to Show Cause has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                        s/ Michael T. Gallagher
                                        Michael T. Gallagher