IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | |
| PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2592 |
| | * | |
| THIS DOCUMENT RELATES TO: | * | SECTION L |
| *Lee Robert* 2:16-cv-14887 | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVE MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO SERVE PROCESS ON DEFENDANT BAYER HEALTHCARE LLC**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG and Bayer HealthCare LLC (collectively, "Defendants") respectfully submit this Renewed Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction and alternatively that this Court issue an Order to Show Cause as to why Defendant Bayer HealthCare LLC should not be dismissed with prejudice for failure to perfect service of process as required by Fed. R. Civ. P. 4(m), which would eliminate the non-diverse defendant and allow the Court to retain subject matter jurisdiction. In support of this motion, and as set forth below, Defendants show as follows:

**I.      Introduction.**

Plaintiff commenced this action on September 22, 2016 by filing a complaint in the United States District Court for the Eastern District of Louisiana. Plaintiff brought a litany of claims against defendants Janssen Research & Development LLC, Janssen Ortho LLC, Janssen

Pharmaceuticals, Inc., Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare AG, and Bayer AG.

Plaintiff served Johnson & Johnson and Janssen Research & Development, LLC on October 25, 2016, and Janssen Ortho LLC and Janssen Pharmaceuticals, Inc. on October 26, 2016. Plaintiff served Bayer HealthCare Pharmaceuticals Inc. on October 24, 2016. Plaintiff served Bayer Pharma AG on November 11, 2016. Plaintiff has not served Defendants Bayer HealthCare LLC, Bayer Corporation, Bayer HealthCare AG or Bayer AG[1].

Already pending before the Court in the above-captioned action are the following:

1. Plaintiff counsel's Motion to Withdraw as Counsel of Record (Doc. 10271) and Defendants' opposition (Doc. 10401).

2. Defendants' Motion to Dismiss as Potential Alternative Relief to the Motion to Withdraw as Counsel of Record for Plaintiff Lee Robert (Doc. 10802).

3. Response to Defendants' Motion to Dismiss as Potential Alternative Relief to the Motion to Withdraw as Counsel of Record for Plaintiff Lee Robert, including plaintiff counsel's statement that he could not respond in light of the motion to withdraw (Doc 10935).

## II.     Defendants' Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction.

For the reasons stated in Defendants' Motion to Dismiss as Potential Alternative Relief to the Motion to Withdraw as Counsel of Record for Plaintiff Lee Robert, Defendants again move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. *See* Doc. 10802; 10802-1.

---

[1] The motion only addresses the failure to serve process on Bayer HealthCare LLC in order to address the subject matter jurisdictional defect. The other un-served Bayer defendants will move to dismiss for failure to serve process if the Court retains jurisdiction.

**III.     Alternative Motion to Dismiss Bayer HealthCare LLC for Failure to Effect Service.**

The purpose of this motion is to provide the Court with another option for addressing this case that would allow it to retain subject matter jurisdiction. In particular, Plaintiff has not timely served the non-diverse defendant, Bayer HealthCare LLC. Bayer HealthCare LLC has not been a party in any of the MDL bellwether trials and is not an essential Bayer defendant. Consequently, if the Court desired to retain subject matter jurisdiction over the case, it could dismiss the non-diverse party and allow the action to proceed against the served defendants. "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). *See also Dayton Indep. School District v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1068 (5th Cir. 1990) (dismissing dispensable non-diverse party, "thereby restoring diversity jurisdiction."); *Aetna Cas. & Cur. Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986) ("A district court can drop a non-diverse party whose presence is not essential to the suit to preserve and perfect diversity jurisdiction.").

Although the Court can simply drop Bayer HealthCare LLC to preserve subject matter jurisdiction, pursuant to Fed. R. Civ. P. 4(m), Defendants move to dismiss Bayer HealthCare LLC with prejudice for failure to timely serve the summons and complaint in conformity with Fed. R. Civ. P. 4(c). The Court has discretion to address procedural matters before addressing subject matter jurisdiction. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 127 S. Ct. 1184, 1191-92 (2007) ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits" (citations omitted)). In addition, and at the Court's request, Defendants will notice this motion, Plaintiff counsel's motion to withdraw, and Defendants' prior motion to

dismiss for lack of subject matter jurisdiction to all be heard at the November 19, 2018 Order to Show Cause hearing.

Plaintiff did not serve Bayer HealthCare LLC within the time afforded by the federal rules.  Plaintiff has failed to effect service of process on Bayer HealthCare LLC within the time afforded by the Federal Rules of Civil Procedure.  During the August 6, 2018, status conference, the Court stated that it would dismiss Case Management Order No. 6 ("CMO 6") cases with prejudice for failure to serve process.  The Court stated "I urge all of the plaintiff lawyers to either serve or send the material in.  If not, I will have to be dismissing the cases.  When I dismiss them, I dismiss them with prejudice." (Transcript of August 6, 2018, Status Conference, Tr. 10:9-12).  The claims against Bayer HealthCare LLC are due to be dismissed with prejudice. The Fifth Circuit permits dismissals with prejudice when there is "clear record of delay or contumacious conduct by the plaintiff." *Gaspard v. U.S.*, 713 F.2d 1097, 1105 fn. 20 (internal citations omitted).

Counsel for Defendants conferred with counsel for Plaintiff regarding dismissal of Bayer HealthCare LLC, the un-served non-diverse defendant.  Plaintiff's counsel has already stated, in response to the motion to dismiss on the ground of lack of subject matter jurisdiction that because he has "previously sought to withdraw as counsel due to a total refusal to communicate by Plaintiff Robert, it would be inappropriate to file additional pleadings pending the Court's ruling on same."  (Doc. 10935 ¶ 3).  This pronouncement that plaintiff's counsel cannot reply on any substantive issue renders Pre-Trial Order No. 10 ¶ G's required meet and confer futile with respect to the instant motion to dismiss for lack of service.

Additionally, per CMO 6, Plaintiff was required to update his Plaintiff Fact Sheet ("PFS") and "complete all sections" of the fact sheet within 30 days of selection.  Plaintiff

4

submitted an amended PFS on June, 1, 2018, but this PFS is not fully complete per Pre-Trial Order No. 13 ("PTO 13"). Defendants will serve the required deficiency notice under PTO 13 and request that Plaintiff cure the deficiencies by submitting a new PFS within 20 days, so that if Plaintiff fails to cure these deficiencies, Defendants will be able to seek dismissal of the action with prejudice on that basis as well (if the case is still pending) in accordance with the terms of CMO 6 and PTO 13.

**IV.     Conclusion.**

For the reasons stated in the Motion to Dismiss as Potential Alternative Relief to the Motion to Withdraw as Counsel of Record for Plaintiff Lee Robert, Docs. 10802; 10802-1, Defendants again move to dismiss Plaintiff's claims for lack of subject matter jurisdiction. Alternatively, Defendants move to dismiss Bayer HealthCare LLC with prejudice for failure to effect service of process so as to allow the Court to retain subject matter jurisdiction.

DRINKER BIDDLE & REATH LLP
By: */s/ Susan M. Sharko*
Susan M. Sharko
600 Campus Dr.
Florham Park, NJ 07932
Tel: (973) 549-7000
Susan.Sharko@dbr.com

Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson

ARNOLD & PORTER KAYE SCHOLER LLP
By: */s/ Andrew Solow*
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000

William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG


CHAFFE McCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde (LA Bar #1515)
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

Co-Liaison Counsel for Defendants


IRWIN FRITCHIE URQUHART & MOORE LLC
By: /s/ *Kim E. Moore*
Kim E. Moore
400 Poydras St., Ste, 2700
New Orleans, LA 70130
(504) 310-2100
jirwin@irwinllc.com
kmoore@irwinllc.com

Co-Liaison Counsel for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 2, 2018, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Michael P. McGartland, Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

<em>/s/ John F. Olinde</em>