**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN)**<br>**PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates To:**<br>Martha Davis v. Janssen Research &<br>Development, et al.<br><br>**Civil Case No.:  2:16-cv-04645** | **MDL 2592**<br>**SECTION:  L**<br><br><br>**JUDGE: ELDON E. FALLON**<br>**MAG. JUDGE MICHAEL NORTH** |

**PLAINTIFF'S RESPONSE AND OBJECTIONS**
**TO DEFENDANTS' AMENDED NOTICE OF**
**ORAL AND VIEOTAPED DEPOSITION OF MARTHA DAVIS**

Comes now the Plaintiff, Martha Davis, and hereby responds and objects to the Notice of Video Deposition of Martha Davis ("the Notice") and the request therein that the deponent produce at the deposition certain documents and tangible things listed in Exhibit "A" to the Notice as follows:

Plaintiff objects to that portion of the Notice which states that the deposition "will continue from day to day until completed" on the grounds that the Court's PTO 6A provides time limitations upon the taking of a plaintiff's deposition.  Accordingly, the defendants may not exceed such time limitations except by agreement of the parties or by order of the Court.

Plaintiff objects generally to each and every request for documents propounded by Defendants to the extent the discovery sought exceeds the scope of discovery allowed under the Federal Rules of Civil Procedure, the Court's Local Rules, and/or the Court's Pre-Trial Orders in this litigation.

Plaintiff also generally objects to each and every request for documents propounded by Defendants to the extent they seek discovery beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered Plaintiff Fact Sheet ("PFS"). Plaintiff has previously completed and served a PFS along with signed authorizations for the release of records to Defendants. Plaintiff has also produced documents responsive to Section IX of the PFS. As such, Plaintiff further objects to these requests to the extent they are redundant, repetitive or seek documents or information already produced by Plaintiff or that can be obtained by Defendants pursuant to any of the several authorizations that Plaintiff has executed and produced to Defendants.

Lastly, Plaintiff objects to each and every request for documents propounded by Defendants to the extent they seek to impose additional (or different) document and/or ESI preservation obligations on Plaintiff beyond those set forth in the Court's PTO 15 or PTO 15B.

Subject to the foregoing general objections, and incorporating said general objections herein by reference, Plaintiff responds to the individual requests ("Requests") as follows:

1. **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between any attorneys or other agents for Martha Davis and any healthcare provider that rendered any care or treatment to Martha Davis.**

Plaintiff's Response to Document Request No. 1:

Plaintiff objects to this Request to the extent it seeks documents or information protected from disclosure by the attorney work product doctrine and/or the attorney-client privilege. Plaintiff also objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS. Additionally, Plaintiff objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court in its March 9,

2016 Order.  (Doc. 2676.)  Plaintiff also objects to this Request to the extent that it prematurely seeks the production of documents and/or information outside the timetable established by the Court for such discovery in its March 9, 2016 Order.  (Doc. 2676.)  Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "any communication regarding this litigation between any attorneys or other agents" for Plaintiff and "any healthcare provider that rendered any care or treatment" to Plaintiff. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no documents responsive to this Request.

**2.  All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between Martha Davis and any healthcare provider that rendered any care or treatment to Martha Davis**

Plaintiff's Response to Document Request No. 2:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS.  Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "any communication regarding this litigation between Martha Davis and any healthcare provider that rendered any care or treatment to Martha Davis."  Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiff

objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no documents responsive to this Request.

### 3. All documents or other materials regarding this litigation given by Martha Davis, her attorneys and/or agents, to any healthcare provider that rendered any care or treatment to Martha Davis

Plaintiff's Response to Document Request No. 3:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS. Plaintiff further objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court in its March 9, 2016, Order. (Doc. 2676.) Plaintiff also objects to this Request to the extent that it prematurely seeks the production of documents and/or information outside the timetable established by the Court for such discovery in its March 9, 2016, Order. (Doc. 2676.). Additionally, Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "[a]ll documents or other materials regarding this litigation given by Martha Davis, her attorneys and/or agents, to any healthcare provider that rendered any care or treatment to Martha Davis." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no documents responsive to this Request.

**4. All transcripts or other records of any testimony of Martha Davis given under oath at any deposition, hearing, trial, or other proceeding of any kind**

Plaintiff's Response to Document Request No. 4:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "[a]ll transcripts or other records of any testimony of Martha Davis given under oath at any deposition, hearing, trial, or other proceeding of any kind." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no documents responsive to this Request.

**5. All e-mails, personal calendars, notes, journals, diaries, or "blogs," whether electronic or paper, made by Plaintiff or his/her direction that relate to Plaintiff's alleged use of Xarelto, medical conditions for which Xarelto was prescribed, the adverse event which is the subject of this lawsuit, and any damages claimed due to Martha Davis's alleged exposure to Xarelto**

Plaintiff's Response to Document Request No. 5:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no responsive documents to this Request.

**6. All photographs, slides, DVDS or other videos of Martha Davis from the time of Plaintiff's first prescription of Xarelto to the present**

Plaintiff's Response to Document Request No. 6:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS. Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "[a]ll photographs, slides, DVDs or other videos of Martha Davis from the time of Plaintiff's first prescription of Xarelto to the present." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that she will produce representative photographs, slides, DVDs or videos of Martha Davis in her possession that were made shortly before he began taking Xarelto and/or shortly following her bleeding event(s).

**7. All packaging and unused medicine from the Xarelto Martha Davis allegedly used, including such materials in the possession of plaintiffs' counsel**

Plaintiff's Response to Document Request No. 7:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the

court-ordered PFS.  Plaintiff objects to the Request to the extent that it calls for the production of materials within the control of third parties whose documents are not within Plaintiff's possession, custody or control.  Plaintiff further objects to the Request to the extent it would require Plaintiff to turn over original Xarelto packaging and unused medication to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no documents or materials responsive to this Request.

8. **All medical, prescription, or other records relating to the allegations in the Complaint and/or the Plaintiff Fact Sheet that are in Martha Davis's possession and that were not previously provided to defendants by counsel for plaintiff**

Plaintiff's Response to Document Request No. 8:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS.  Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "other records."  Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no documents responsive to this Request.

9. **All literature, newspaper or magazine articles, letters, booklets, brochures, pamphlets, written directives, package inserts, and written material authored or collected by Martha Davis or supplied to Martha Davis from any source, including but not limited to persons, firms, corporations or governmental entities, relating to: (1) Xarelto; (2) Martha Davis's alleged injuries; and/or (3) any defendant in this action**

Plaintiff's Response to Document Request No. 9:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this initial stage of discovery and as provided for in the court-ordered PFS.  Plaintiff further objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no documents responsive to this Request.

**10. All documents responsive to Section IX of the Plaintiff Fact Sheet that were not previously provided to defendants by counsel for plaintiff**

Plaintiff's Response to Document Request No. 10:

Subject to and without waiving the foregoing objections, Plaintiff states that Plaintiff has no documents responsive to this Request.

Dated:  November 2, 2018.

Respectfully submitted,

/s/ Avram J. Blair
Avram J. Blair
Texas Bar No. 24033585
**Avram Blair & Associates, P.C.**
2020 Southwest Freeway, Ste. 222
Houston, Texas  77098
Telephone:  (713) 936-2605
Facsimile:  (832) 203-8286

**ATTORNEY FOR PLAINTIFFS**

## <u>CERTIFICATE OF</u>
## <u>SERVICE</u>

I hereby certify that a copy of the above and foregoing Notice has contemporaneously with or before filing been served on all parties or their attorneys on November 2, 2018, in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Avram J. Blair*

Avram J. Blair