UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : | MDL No. 2592  SECTION L  JUDGE ELDON E. FALLON  MAGISTRATE JUDGE NORTH |
| THIS DOCUMENT RELATES TO | | |
| *Piper G. Legrand v. Janssen Research & Development LLC, et al; 2:15-cv-06618* | | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE AS TO WHY PLAINTIFFS' COMPLAINT SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED <u>PLAINTIFF FACT SHEET PURSUANT TO CMO 6</u>**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Piper Legrand's action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and provide authorizations for collection of medical records per Pretrial Order ("PTO") 13.

This is a CMO 6 Wave 1 case selected by Defendants on April 16, 2018. Per CMO 6, an updated, fully complete, and verified PFS was due on May 16, 2018. *See* CMO No. 6 ¶ 5(a); PTO 13. On July 23, 2018, two months after the PFS was to be submitted, Defendants learned that Plaintiff passed away one year ago, on October 29, 2017. The discovery responses that have been

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

submitted to date do not comply with the Court's Orders, and because Plaintiff is deceased and no party has been substituted, the currently named Plaintiff lacks capacity to proceed with this case. *See Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the deceased.").

Despite Plaintiff's passing and the fact that no representative has taken claim over the case, amended PFS were submitted on June 11, 2018 and July 2, 2018. These PFS do not reflect the fact that Plaintiff is deceased, so the thoroughness of the amendments is questionable. The PFS are also deficient because the declarations submitted with them were signed by someone who is not a party to this case and were not accompanied by documentation to support the signatory's authority to represent Plaintiff or her estate. Thus, the truth and accuracy of the PFS submitted in this case were never verified by a valid declaration, as required by PTO 13. Defendants notified Plaintiff of these deficiencies on June 12, 2018, July 3, 2018, August 2, 2018, and August 15, 2018, and requested that they be cured in 20 days. It has been more than 140 days since the first notice and more than 75 days since the last notice, but an updated and properly verified PFS has still not been submitted as required by CMO 6 and PTO 13.

Further, Defendants still have not been provided with updated HIPAA authorizations signed by a representative and accompanied by documentation showing the signatory's authority to act on behalf of the estate as required by PTO 13 and PTO 13(c). In addition to the notifications above, Defendants raised this with Plaintiff's counsel 15 times starting on June 18, 2018 through as recently as October 23, 2018. On October 19, 2018, Defendants specifically explained that without these critical documents, Defendants cannot proceed with discovery to schedule depositions. Despite multiple attempts at meet and confer, these documents remain outstanding. Without them, Defendants cannot collect medical records.

Given all of the above, it is not possible to proceed with discovery and prepare the case for trial. Plaintiff has failed to comply with the preliminary discovery requirements set forth in PTO 13 and CMO 6. This warrants dismissal of Plaintiff's case with prejudice.

Thus, Plaintiff Piper Legrand should be ordered to show cause at 9:00 a.m. on November 19, 2018, before the Court as to why his case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@apks.com
william.hoffman@apks.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*

    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on November 2, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                       */s/ Kim E. Moore*
                                       **Kim E. Moore**