UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : : | |
| *Charles Lee Lewis v. Janssen Research & Development LLC, et al; 2:16-cv-11562* | : : | JUDGE ELDON E. FALLON |
| | : : | MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE AS TO WHY PLAINTIFFS' COMPLAINT SHOULD NOT BE DISMISSED WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED <u>PLAINTIFF FACT SHEET PURSUANT TO CMO 6</u>**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Charles Lee Lewis' action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pretrial Order ("PTO") 13. Plaintiff's failure to comply with CMO 6 is blocking discovery from proceeding and warrants dismissal of this case.

This is a CMO 6 Wave 1 case selected by Defendants on April 16, 2018. Pursuant to CMO 6, an updated, fully complete, and verified PFS was due on May 16, 2018. *See* CMO No. 6 ¶ 5(a); PTO 13. On June 22, 2018, one month after this PFS was to be submitted, Plaintiff's Counsel informed Defendants that Plaintiff had passed away on April 6, 2018. Despite the passage of six

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

months since this case was selected for Wave 1 work up, Defendants have not received a declaration certifying the veracity and accuracy of a fully complete and updated PFS, as required by CMO 6 and PTO 13. Notably, because Plaintiff is deceased and no party has been substituted, the currently named Plaintiff lacks capacity to proceed with this case. *See Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the deceased.").

Plaintiff's failure to comply with CMO 6, which blocks this case from proceeding with discovery, has been raised with this Court before. This case was the subject of a June 8, 2018 Motion for an Order to Show Cause for Failure to Submit an Updated PFS per CMO 6. *See* R. Doc. 9847. On June 26, 2018, an updated PFS was submitted, but it was not verified as required by CMO 6. In light of the fact that Plaintiff submitted an updated, but unverified PFS, Defendants withdrew the Motion for Failure to Submit an updated PFS as it pertained to this case, to allow Plaintiff time to cure the PFS deficiency. Defendants identified this deficiency for Plaintiff on June 27, 2018 and followed up on July 2, 2018, requesting that Plaintiff submit a declaration verifying the PFS in 20 days. On July 11, 2018, Plaintiff's counsel explained that they were working with Plaintiff's family to determine the appropriate representative to be substituted in the case and to sign the requisite PFS declaration. *See* R. Doc. 10156.

It has now been more than 125 days since the first deficiency notice was issued and more than 110 days since Plaintiff's counsel's July 11, 2018 representation that they were working with Plaintiff's family to resolve the issues, but a representative still has not been identified, and a declaration verifying the PFS still has not been submitted. Efforts to seek Plaintiff's compliance with the Court orders governing discovery have failed and the necessary discovery has not been produced. At this time, Defendants cannot proceed with discovery to prepare this case for trial

because a verified PFS has never been submitted, Plaintiff lacks capacity to pursue the case, and no information as to a representative to pursue the claim has been provided. This warrants dismissal of Plaintiff's case with prejudice.

For these reasons, Plaintiff Charles Lee Lewis should be ordered to show cause at 9:00 a.m. on November 19, 2018, before the Court as to why his case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@apks.com
william.hoffman@apks.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*

    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 2, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

    */s/ Kim E. Moore*
    **Kim E. Moore**