UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : : | |
| *Richard Henson v. Janssen Research & Development LLC, et al; 2:16-cv-16588* | : : | JUDGE ELDON E. FALLON |
| | : : | MAGISTRATE JUDGE NORTH |

### ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6

Plaintiff, Richard Henson, has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Pursuant to Case Management Order ("CMO") 6, an updated, fully complete, and verified PFS was due on May 30, 2018. *See* CMO No. 6 ¶ 5(a); PTO 13. After the case was selected, Defendants learned that Plaintiff passed away one year ago, on October 16, 2017. Despite the passage of six months since this case was selected for Wave 1 work up, Defendants have not received a declaration certifying the veracity and accuracy of the responses provided in the amended PFS submitted on June 21, 2018, as required by CMO 6 and PTO 13. Notably, because Plaintiff is deceased and no party has been substituted, the currently named Plaintiff lacks capacity to proceed with this case. *See Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the deceased.").

1

Plaintiff's failure to comply with CMO 6, which blocks this case from proceeding with discovery, has been raised with this Court before. This case was the subject of a June 8, 2018 Motion for an Order to Show Cause for Failure to Submit an Updated PFS per CMO 6. *See* R. Doc. 9847. On June 7, 2018, Plaintiff's counsel explained that the surviving spouse was taking the necessary steps to be appointed the personal representative and to be substituted as plaintiff in this proceeding. *See* R. Doc. 9835. On June 20, 2018, an updated PFS was submitted, but the declaration provided was not signed by a court appointed representative with the authority to sign on behalf of the decedent. On June 21, 2018, an additional updated PFS was submitted containing new responses not contained in the previous PFS submission, but no declaration was provided with this submission. In light of the fact that Plaintiff submitted an updated, but unverified PFS, Defendants withdrew the Motion for Failure to Submit an updated PFS as it pertained to this case, to allow Plaintiff time to cure the PFS deficiency. Defendants identified this deficiency for Plaintiff on June 26, 2018, requesting that Plaintiff submit a declaration verifying the PFS in 20 days.

It has now been more than 125 days since the deficiency notice was issued and more than 140 days since Plaintiff's counsel's June 7, 2018 representation that they were working with Plaintiff's family to resolve the issues, but a representative still has not been appointed, and a declaration verifying the PFS still has not been submitted. Efforts to seek Plaintiff's compliance with the Court orders governing discovery have failed and the necessary discovery has not been produced. At this time, Defendants cannot proceed with discovery to prepare this case for trial because a verified PFS has not been submitted, Plaintiff lacks capacity to pursue the case, and a representative to pursue the claim has not been appointed. This warrants dismissal of Plaintiff's case with prejudice.

Failure to show cause by appearing before this Court at 9:00 am on November 19, 2018, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this ___ day of _____ 2018.

_____
United States District Judge