UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2592<br><br>SECTION: L<br><br><br>JUDGE FALLON<br>MAG. JUDGE NORTH<br><br>RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES |

**THIS DOCUMENT RELATES TO:**

*Timothy Boswell v. Janssen Research & Development LLC, et al; No. 2:18-cv-04227*

*James Duffie v. Janssen Research & Development LLC, et al; No. 2:17-cv-02732*

*Edward W. Greene v. Janssen Research & Development LLC, et al; No. 2:17-cv-04241*

*Jackie Harris v. Janssen Research & Development LLC, et al; No. 2:18-cv-02477*

*Juanita Hyde v. Janssen Research & Development LLC, et al; No. 2:18-cv-02736*

*Jermaine McMillan v. Janssen Research & Development LLC, et al; No. 2:18-cv-02553*

*Angelia Pritchett v. Janssen Research & Development LLC, et al; No. 2:18-cv-04235*

*Cynthia Sanderford v. Janssen Research & Development LLC, et al; No. 2:18-cv-02024*

*Darrell Stein Sr.  v. Janssen Research & Development LLC, et al; No. 2:18-cv-02108*

1

COMES NOW Counsel for Plaintiffs in the above matters, and files this Response to the Order to Show Cause Regarding Plaintiffs With Alleged Core Plaintiff Fact Sheet Deficiencies entered on October 12, 2018 (Doc. 11172) and would respectfully show the Court the following:

I.

Defendants moved for an Order to Show Cause why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets (hereinafter referred to as PFSs) should not be dismissed with prejudice (Doc.11094). The Court entered an Order to Show Cause on October 12, 2018 (Doc. 11172).   Three Plaintiffs represented by The Gallagher Law Firm PLLC appear on Exhibit A of both Defendants' Motion and the Court's Order to Show Cause as follows:

## ALLEGED DEFICIENCIES CURED

*Edward W. Greene v. Janssen Research & Development LLC, et al; No. 2:17-cv-04241*

*Juanita Hyde v. Janssen Research & Development LLC, et al; No. 2:18-cv-02736*

*Darrell Stein Sr.  v. Janssen Research & Development LLC, et al; No. 2:18-cv-02108*

Undersigned counsel has informed the Plaintiffs of their obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13.

With respect to Edward Greene's case, counsel for Plaintiff would show that Mr. Greene is now 85 years old. He used Xarelto in 2012 and suffered hematuria and rectal bleeding while taking Xarelto.  Records from Mr. Greene's prescribing facility, The Heart House, identify his Xarelto use and the fact that Xarelto had to be discontinued as a result of his bleeding event.

Further, his treatment records from Virtua Marlton Hospital also confirm his bleeding events and his Xarelto usage at the time of treatment. These records have been previously uploaded to MDL Centrality.

Mr. Greene recalls receiving his Xarelto from a prescriber at the Heart House, but despite his diligent efforts, he has not been able to obtain any proof of prescription and/or samples that would confirm that he obtained his Xarelto from Heart House.

Mr. Greene therefore executed an Affidavit swearing to his usage of Xarelto which was uploaded to MDL Centrality on November 1, 2018 to remedy the alleged deficiencies regarding Mr. Greene's failure to provide prescription records showing dispensation of Xarelto. A copy of his Affidavit is attached hereto as Exhibit "A" and incorporated by reference herein.

With respect to Juanita Hyde's claim, counsel for Plaintiff would show that on September 20, 2018 Plaintiff uploaded Xarelto event records form Marshall Medical which confirm her hospitalization for a GI bleeding event with severe anemia and melanotic stools on May 22, 2017.  Plaintiff's Fact Sheet was also amended and uploaded to MDL Centrality on October 18, 2018 to remedy the alleged deficiencies regarding Ms. Hyde's PFS for failure to demonstrate her alleged injury.

Finally, with respect to the claim of Darrell Stein, Sr., Mr. Stein passed away on August 22, 2018 and a Suggestion of Death was filed on October 23, 2018. More recently, on November 6, 2018, a Motion to Substitute Mr. Stein's surviving spouse, Mary Stein, was filed seeking to substitute her as the party Plaintiff.  Mr. Stein's Certificate of Death, an Affidavit of Next of Kin and an executed Declaration signed by Mary Stein were uploaded to MDL Centrality on November 6, 2018.  Furthermore, in light of entry of the Court's November 2, 2018 Order (Rec.

11525) pertaining to non remand cases and representative documentation that is required to move forward, Plaintiff contends that any alleged deficiency is cured.

Therefore, the Plaintiffs in these matters contend that any alleged deficiencies have been cured and Plaintiffs respectfully request that their cases be allowed to proceed.

## **UNABLE TO CURE ALLEGED DEFICIENCIES**

- *Cynthia Sanderford v. Janssen Research & Development LLC, et al; No. 2:18-cv-02024*

Plaintiff has failed to submit a properly executed Declaration. Undersigned counsel was contacted by Ms. Sanderford's daughter and was advised that Ms. Sanderford passed away. However, Plaintiff's next of kin has failed to provide a certificate of death, affidavit of next of kin and/or any other associated estate documents.  Plaintiff's next of kin has further failed to provide an executed Declaration even after being informed of her obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13.  Plaintiff's next of kin was also provided with a copy of the Court's Show Cause Order and was advised that failure to comply could result in a dismissal of Ms. Sanderson's claim with prejudice.

Additionally, Plaintiff's next of kin recently advised via telephone that she did not want to proceed any further with this claim.

Despite the best efforts of Plaintiff's counsel, counsel has been unable to obtain a properly executed Declaration in order to cure the alleged PFS deficiency.

While counsel does not have written permission from Plaintiff's next of kin to agree to a stipulation of dismissal of this claim with prejudice, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.

- *Timothy Boswell v. Janssen Research & Development LLC, et al; No. 2:18-cv-04227*

- *James Duffie v. Janssen Research & Development LLC, et al; No. 2:17-cv-02732*

- *Jackie Harris v. Janssen Research & Development LLC, et al; No. 2:18-cv-02477*

- *Angelia Pritchett v. Janssen Research & Development LLC, et al; No. 2:18-cv-04235*

Undersigned counsel has informed the Plaintiffs of their obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. Counsel has also provided Plaintiffs with a copy of the Notice(s) of Core Deficiency issued by the Defendants, as well as a copy of the Court's Order to Show Cause, and advised of the deadlines within which to respond and cure said deficiencies.

The above-referenced Plaintiffs have been unable to cure their respective alleged PFS deficiencies. Counsel has communicated with Plaintiffs in order to obtain executed Declaration pages, where applicable, and/or identify any other source of records which would confirm Plaintiffs' proof of Xarelto use and/or their Xarelto related injuries, and Plaintiffs have been unable to provide any additional information and/or records that would allow counsel to provide a properly executed Declaration and/or obtain the requisite records and cure the PFS deficiencies.

Because Plaintiffs' counsel has been unsuccessful in obtaining a properly executed Declaration pages, where applicable, and/or identifying any other source of information and/or records that may contain proof of Xarelto use and/or a Xarelto related injury suffered by Plaintiffs, counsel is unable to respond and cure the alleged core PFS deficiencies.

Despite the best efforts of Plaintiffs' counsel, counsel has been unable to obtain the requisite information to cure the alleged core PFS deficiencies. Counsel does not have written permission from these Plaintiffs to agree to a stipulation of dismissal of their claims with prejudice.  However, unless the requisite Declaration pages and/or additional information or records confirming proof of use and/or proof of injury are received by Plaintiffs' counsel prior to the show cause hearing, counsel has no basis to contest such a dismissal should the Court rule that a dismissal is appropriate and proper.

Plaintiffs have been advised that unless the requisite documents and/or records are received, their cases are subject to dismissal by the Court with prejudice.

## CASE TO BE DISMISSED

- *Jermaine McMillan v. Janssen Research & Development LLC, et al; No. 2:18-cv-02553*

Undersigned counsel has informed Plaintiff of his obligations regarding the completion and serving of PFSs pursuant to CMO1 and PTO 13. To date, Plaintiff has been unable to cure his alleged PFS deficiencies.

However, Plaintiff's counsel has learned that Mr. McMillan had previously filed a Xarelto case under Cause No. 2:15-cv-00928 which was dismissed through the filing of a Stipulation of Dismissal With Prejudice on December 3, 2015 (Doc. 1696).  Undersigned counsel was unaware that Mr. McMillan had previously filed a Xarelto claim and that it had been dismissed with prejudice at the time of filing of this claim.

Therefore, undersigned counsel communicated with Plaintiff and advised, in writing, that because his previous claim had been dismissed with prejudice, he had given up his right to assert any and all claims against the manufacturers of Xarelto for any Xarelto related injuries he allegedly sustained and that this case must be dismissed. Plaintiff did not respond and/or give

permission to voluntarily dismiss this case, but under these circumstances, Plaintiff's counsel has no basis to contest such a dismissal.

Dated: November 12, 2018.

                                      Respectfully submitted,

                                      s/ Michael T. Gallagher
                                      MICHAEL T. GALLAGHER
                                      (Texas Bar #07586000)
                                      THE GALLAGHER LAW FIRM PLLC
                                      2905 Sackett Street
                                      Houston, TX 77098
                                      Telephone: (713) 222-8080
                                      Facsimile (713) 222-0066
                                      mike@gld-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing Response to Order to Show Cause has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                      s/ Michael T. Gallagher
                                      Michael T. Gallagher