# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVAROXABAN)          :
PRODUCTS LIABILITY LITIGATION          :          **MDL No. 2592**
                                                            :
                                                            :          **SECTION L**
THIS DOCUMENT RELATES TO          :
                                                            :
*Gerald Lewis on behalf of the Estate of*          :          **JUDGE ELDON E. FALLON**
*Lizzie Lewis v. Janssen Research &*          :
*Development LLC, et al; 2:16-cv-10508*          :          **MAGISTRATE JUDGE NORTH**
                                                            :

## ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO PROVIDE MEDICAL RECORD AUTHORIZATIONS PURSUANT TO PTO 13

Plaintiff Gerald Lewis has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 1 case selected by Defendants on April 16, 2018. Initial discovery in this case closes on January 22, 2019. However, Defendants have been unable to proceed with discovery and collect pertinent medical records because Plaintiff has failed to provide updated HIPAA authorizations as required by PTO 13(c). Specifically, PTO 13(c) provides: "Plaintiffs shall cooperate with Defendants, and shall respond to Defendants' requests for signatures for new or location specific authorizations within ten (10) days of being requested to do so." Healthcare providers containing key medical records in this case—including decedent's prescriber, the facility where she was treated for her alleged bleeding event, and the pharmacy where she obtained her medications—all require letters of administration or other documentation supporting Plaintiff's authority to sign the HIPAA authorizations on behalf of decedent before they will release decedent's records.

On June 19, 2018, Defendants notified Plaintiff's counsel that certain healthcare facilities would not release records without Letters of Administration.  In response, Plaintiff's counsel stated that Plaintiff was refusing to probate the estate and had asked to proceed Pro Se.  On June 26, 2018, Plaintiff's counsel filed a motion to withdraw, stating that Plaintiff indicated he no longer desired an attorney. *See* R. Doc. 10015.  Despite additional follow up attempts by Defense counsel, documents supporting Plaintiff's authority to sign the HIPAA authorizations on behalf of the decedent remain outstanding.  Without them, Defendants cannot collect medical records.

Failure to show cause by appearing before this Court at 9:00 am on November 19, 2018, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of plaintiff's case with prejudice.

New Orleans, Louisiana, on this 7th day of ____November____ 2018.

_____
United States District Judge