UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : | MDL No. 2592 |
| | | SECTION L |
| THIS DOCUMENT RELATES TO | | |
| *Piper G. Legrand v. Janssen Research & Development LLC, et al; 2:15-cv-06618* | | JUDGE ELDON E. FALLON |
| | | MAGISTRATE JUDGE NORTH |

**ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Plaintiff Piper Legrand has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 1 case selected by Defendants on April 16, 2018. Per CMO 6, an updated, fully complete, and verified PFS was due on May 16, 2018. *See* CMO No. 6 ¶ 5(a); PTO 13. On July 23, 2018, two months after the PFS was to be submitted, Defendants learned that Plaintiff passed away one year ago, on October 29, 2017. The discovery responses that have been submitted to date do not comply with the Court's Orders, and because Plaintiff is deceased and no party has been substituted, the currently named Plaintiff lacks capacity to proceed with this case. *See Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the deceased.").

Despite Plaintiff's passing and the fact that no representative has taken claim over the case, amended PFS were submitted on June 11, 2018 and July 2, 2018. These PFS do not reflect the fact that Plaintiff is deceased, so the thoroughness of the amendments is questionable. The PFS

1

are also deficient because the declarations submitted with them were signed by someone who is not a party to this case and were not accompanied by documentation to support the signatory's authority to represent Plaintiff or her estate.  Thus, the truth and accuracy of the PFS submitted in this case were never verified by a valid declaration, as required by PTO 13.  Defendants notified Plaintiff of these deficiencies on June 12, 2018, July 3, 2018, August 2, 2018, and August 15, 2018, and requested that they be cured in 20 days.  It has been more than 140 days since the first notice and more than 75 days since the last notice, but an updated and properly verified PFS has still not been submitted as required by CMO 6 and PTO 13.

Further, Defendants still have not been provided with updated HIPAA authorizations signed by a representative and accompanied by documentation showing the signatory's authority to act on behalf of the estate as required by PTO 13 and PTO 13(c).  In addition to the notifications above, Defendants raised this with Plaintiff's counsel 15 times starting on June 18, 2018 through as recently as October 23, 2018.  On October 19, 2018, Defendants specifically explained that without these critical documents, Defendants cannot proceed with discovery to schedule depositions.  Despite multiple attempts at meet and confer, these documents remain outstanding. Without them, Defendants cannot collect medical records.

Given all of the above, it is not possible to proceed with discovery and prepare the case for trial.  Plaintiff has failed to comply with the preliminary discovery requirements set forth in PTO 13 and CMO 6.  This warrants dismissal of Plaintiff's case with prejudice.

Failure to show cause by appearing before this Court at 9:00 am on November 19, 2018, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of plaintiff's case with prejudice.

New Orleans, Louisiana, on this 7th day of \_\_November\_\_ 2018.

_____
United States District Judge