UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : | MDL No. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |
| THIS DOCUMENT RELATES TO | | |
| *Charles Lee Lewis v. Janssen Research & Development LLC, et al; 2:16-cv-11562* | | |

**ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND <u>UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6</u>**

Plaintiff Charles Lee Lewis has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Pursuant to CMO 6, an updated, fully complete, and verified PFS was due on May 16, 2018. *See* CMO No. 6 ¶ 5(a); PTO 13. On June 22, 2018, one month after this PFS was to be submitted, Plaintiff's Counsel informed Defendants that Plaintiff had passed away on April 6, 2018. Despite the passage of six months since this case was selected for Wave 1 work up, Defendants have not received a declaration certifying the veracity and accuracy of a fully complete and updated PFS, as required by CMO 6 and PTO 13. Notably, because Plaintiff is deceased and no party has been substituted, the currently named Plaintiff lacks capacity to proceed with this case. *See Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the deceased.").

Plaintiff's failure to comply with CMO 6, which blocks this case from proceeding with discovery, has been raised with this Court before. This case was the subject of a June 8, 2018 Motion for an Order to Show Cause for Failure to Submit an Updated PFS per CMO 6. *See* R. Doc. 9847. On June 26, 2018, an updated PFS was submitted, but it was not verified as required

1

by CMO 6.  In light of the fact that Plaintiff submitted an updated, but unverified PFS, Defendants withdrew the Motion for Failure to Submit an updated PFS as it pertained to this case, to allow Plaintiff time to cure the PFS deficiency.  Defendants identified this deficiency for Plaintiff on June 27, 2018 and followed up on July 2, 2018, requesting that Plaintiff submit a declaration verifying the PFS in 20 days.  On July 11, 2018, Plaintiff's counsel explained that they were working with Plaintiff's family to determine the appropriate representative to be substituted in the case and to sign the requisite PFS declaration.  *See* R. Doc. 10156.

It has now been more than 125 days since the first deficiency notice was issued and more than 110 days since Plaintiff's counsel's July 11, 2018 representation that they were working with Plaintiff's family to resolve the issues, but a representative still has not been identified, and a declaration verifying the PFS still has not been submitted.  Efforts to seek Plaintiff's compliance with the Court orders governing discovery have failed and the necessary discovery has not been produced.  At this time, Defendants cannot proceed with discovery to prepare this case for trial because a verified PFS has never been submitted, Plaintiff lacks capacity to pursue the case, and no information as to a representative to pursue the claim has been provided.  This warrants dismissal of Plaintiff's case with prejudice.

Failure to show cause by appearing before this Court at 9:00 am on November 19, 2018, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of plaintiff's case with prejudice.

New Orleans, Louisiana, on this  7th  day of ___November___ 2018.

_____
United States District Judge

2