UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: *Michael A. Willis (16-12781)* | * * * | JUDGE ELDON E. FALLON |
| | * * | MAG. JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>DEFENDANTS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL</u>**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC ("Janssen Defendants"), Johnson & Johnson ("J&J"), Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Bayer Defendants") collectively referenced as "Defendants," through undersigned counsel, respectfully submit the instant Opposition to the Motion to Withdraw as Counsel of Record for Michael A. Willis. (Rec. Doc. No. 11101). Plaintiff's counsel's motion should be denied because good cause for withdrawal does not exist.

"Attorneys normally are expected to work through the completion of a case." *Cooper v. Wal-Mart Transp., L.L.C.,* 2010 WL 763548 (S.D. Tex. Mar. 3, 2010) (citing *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)). "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). Even where good cause for withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel." *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981).

The concerns regarding the disruption of a lawsuit due to withdrawal of counsel are even more significant in multidistrict litigation proceedings. For instance, a primary concern is that multiple plaintiffs will be left to prosecute their cases *pro se*, which would necessarily prejudice the other parties to the litigation. *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. MDL 07-1873, 2011 WL 4368719, at *2 (E.D. La. Sept. 16, 2011) (denying Motions to Withdraw as Counsel in an MLD on the basis that litigation would be delayed if its administration was "laden down with *pro se* plaintiffs who have been left *pro se* precisely because their attorneys found them uncommunicative and difficult to locate[,]" and thus holding that "the prejudice to the other parties in this case would be enormous were the Court to allow attorneys such as the movants to be relieved of representing hard-to-reach clients."); *see also McDaniel v. Daiichi Sankyo, Inc.*, No. CV 17-3495 (RBK/JS), 2018 WL 3910950, at *2 (D.N.J. Aug. 15, 2018) (denying plaintiff's counsel's motion to withdraw in a multi-district products liability litigation and concluding that plaintiff would be "substantially and materially prejudiced if counsel if permitted to withdraw.").

Furthermore, in 2008, a division of this Court decided *Hayes v. Versatility Marine, LLC*, 2008 WL 4829380 (E.D. La. Nov. 4, 2008). In *Hayes*, the Court held that counsel seeking leave of a court to withdraw from representation must meet both the procedural requirements of Local Civil Rule 83.2.11 and the substantive requirements of the Louisiana Rules of Professional Conduct. Here, the Motion to Withdraw fails to meet the substantive requirements of the Louisiana Rules of Professional Conduct, as adopted by this District in Local Rule 83.2.3. Rule 1.16(b) of the Rules of Professional Conduct states that "a lawyer may withdraw from representing a client

if: . . . withdrawal can be accomplished without material adverse effect on the interests of the client," or if "other good cause for withdrawal exists."[1]

Good cause for withdrawal does not exist in this case, and the instant Motion does not address the effect of withdrawal on the interests of the client. Rather, the only reason identified in Plaintiff's counsel's Motion is the fact that "due to professional circumstances, professional considerations require and demand that Plaintiff's counsels [sic] representation be terminated," and that "this Honorable Court promptly order withdraw [sic] of current counsel." (R. Doc. No. 11101-1). Plaintiff's counsel does not identify the "professional circumstances" that ostensibly require withdrawal of counsel, much less explain how these alleged circumstances constitute good cause. Thus, the reasons set forth in Plaintiff's counsel's Motion to Withdraw cannot constitute good cause for withdrawal pursuant to the Local Rules for the Eastern District of Louisiana and the Louisiana Rules of Professional Conduct.

Further, in this litigation, this Court has denied motions to withdraw brought by counsel alleging similar factual circumstances, instead dismissing the cases with prejudice. *See generally* November 29, 2016 Motion Hearing Tr. The Court should take the same approach here and deny Plaintiff's Counsel's motion, and instead, dismiss the case.

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's Motion to Withdraw as Counsel of Record for Michael A. Willis, R. Doc. No. 11101.

---

[1] *See also* Rule 1.16(b) of the ABA Model Rules of Professional Conduct.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

- 5 -

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    IRWIN FRITCHIE URQUHART
    & MOORE LLC
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    jirwin@irwinllc.com

                    **CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
      John F. Olinde
      CHAFFE McCALL L.L.P.
      1100 Poydras Street
      Suite 2300
      New Orleans, LA 70163
      Telephone: (504) 585-7241
      Facsimile: (504) 544-6084
      olinde@chaffe.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 13, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                    */s/ Kim E. Moore*
                    **Kim E. Moore**