UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) <br> ) MDL NO. 2592 <br> ) <br> ) SECTION: L <br> ) JUDGE FALLON <br> ) MAG. JUDGE NORTH <br> ) <br> ) Civil Action No: **2:18-cv-04317** <br> ) <br> ) |

**THIS DOCUMENT RELATES TO:**

*DEANDRA FORD V. JANSSEN RESEARCH & DEVELOPMENT, LLC ET AL*
Civil Action No.: 2:18-cv-04317

## RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES

Plaintiff, Deandra Ford, by and through the undersigned counsel and for his Response to the Order to Show Cause (Docket No. 11172) regarding Plaintiff's alleged Core Plaintiff Fact Sheet Deficiencies:

1. The Complaint in this matter was filed on April 26, 2018.

2. On August 15, 2018, a complete Plaintiff Fact Sheet (Doc. ID 413741) with appropriate authorizations and medical records, as requested by Defendants, was submitted to the MDL Centrality Portal.

3. On August 17, 2018 counsel was notified of the following core deficiencies, as noted by Defendants:

    A. I. C1. Name of Prescribing Physician

B. I. C. Prescription Records

Previously, counsel had relied on hospitalization records from a separate facility that expressly noted Xarelto use upon admission. These records, relied upon for the completion of the submitted Plaintiff Fact Sheet, were uploaded to the MDL Centrality Portal with the Plaintiff Fact Sheet on August 15, 2018.

4. On August 19, 2018, in an effort to obtain more prescription information that Defendants alleged was missing and to cure the Deficiency, counsel ordered medical records via EMSI Medical Records Retrieval from Kaiser Permanente Antioch Medical Center.

5. On September 24, 2018 counsel was alerted to the fact that the records request could not be filled due to an outdated HIPAA authorization form. Immediately, counsel sent the Plaintiff a new HIPAA authorization form to sign via Plaintiff's verified e-mail, in order to obtain the records that would cure the core deficiency. Counsel attempted to call Plaintiff, but all known numbers, including those of family members whom counsel had contacted previously, and those obtained through the search service Accurint, were either disconnected or the wrong number.

6. On September 25, 2018 counsel re-sent the HIPAA authorization form to Plaintiff via e-mail and received confirmation of delivery but received no response.

7. On September 26, 2018 counsel sent Plaintiff the HIPAA authorization via Federal Express.

8. On September 28, 2018 Federal Express confirmed delivery of the HIPAA authorization envelope, delivery signed by "M. FORD." Counsel received no follow-up communication from Plaintiff.

9. On October 3, 2018 counsel again sent an e-mail to Plaintiff containing the HIPAA authorization form.

10. On October 31, 2018, counsel having received no communication from Plaintiff, sent another letter containing a copy of the HIPAA authorization form for Plaintiff to sign. Receipt of this letter was confirmed, via USPS Certified Mail tracking, on November 6, 2018, and on November 13, 2018 a Certified Mail Domestic Return Receipt signed by a member of Plaintiff's family was received by counsel. Counsel has received no other response to the October 31, 2018 letter.

11. On November 13, 2018, counsel submitted the available relevant records from Kaiser Permanente Antioch Medical Center to the MDL Centrality Portal, despite the continued unavailability of a full medication administration record. **In these records it states that Dr. Wesley Yen-Ru Che prescribed 21 days of twice-daily 15 mg Xarelto, followed by 9 days of once-daily 20 mg Xarelto, for pulmonary embolism on September 29, 2016, as provided in a "30-day gratis supply" for "special need," therefore proving product identification and curing the proof of use deficiency and curing the defect.**

12. In addition to the requested medical records, Defendants noted prescribing doctor information as deficient, as cited in 3(A) above. Curing such a deficiency requires the submission of an Amended Plaintiff Fact Sheet with a Declaration Page newly signed by Plaintiff.

13. On November 13, 2018, following submission of new medical records, counsel received a second Notice of Deficiency regarding Plaintiff Fact Sheet Section I. C1.

14. Counsel has still received no communication in any form from Plaintiff since prior to the Deficiency Notice on August 17, 2018. Due to the need for a newly signed HIPAA authorization to obtain the records, as well as a newly reviewed and signed Amended Plaintiff Fact Sheet and Declaration Page, to cure the deficiencies noted by Defendants, counsel has no means to cure said deficiency.

15. Counsel seeks an order from this Court to allow a period of sixty (60) days to continue to contact Plaintiff to obtain the necessary signatures. We do not know if he is under medical care or otherwise indisposed, so more time is needed.

16. Plaintiff, Deandra Ford, would be severely prejudiced should counsel not be allowed the additional time with which to conduct further investigation into contacting him.

WHEREFORE, Plaintiff, Deandra Ford, by and through counsel, Ellen Relkin, respectfully requests this Honorable Court grant a period of sixty (60) days in order to continue efforts to contact Plaintiff by entry of the attached proposed order.

DATED: November 13, 2018

Respectfully submitted,

*/s/ Ellen Relkin*
Ellen Relkin, Esq.
**WEITZ & LUXENBERG, P.C.**
700 Broadway
New York, NY 10003
Telephone: (212) 558-5715
Facsimile: (212) 344-5461
E-mail: erelkin@weitzlux.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of November, 2018 a true and correct copy of the foregoing has been submitted to the Clerk of the Court for filing and electronic service via the Court's CM/ECF system on all counsel of record.

*/s/ Ellen Relkin*