UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * MDL NO. 2592 <br> * <br> * SECTION L |
| This Document Relates to: | * <br> * |
| JAMES CLAY, Plaintiff | * JUDGE ELDON E. FALLON <br> * |
| vs. | * MAG. JUDGE NORTH <br> * |
| JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC; JANSSEN ORTHO LLC; JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON COMPANY; BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER PHARMA AG; BAYER CORPORATION; BAYER HEALTHCARE LLC; BAYER HEALTHCARE AG; and BAYER AG; Defendants. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |
| CASE NO. 2:16-cv-01451 | * <br> * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### AMENDED NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF PLAINTIFF JAMES CLAY

**PLEASE TAKE NOTICE** that, in accordance with Rules 30 and 34 of the Federal Rules of Civil Procedure, Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc., and Janssen Research & Development LLC will take the deposition upon oral examination of **James Clay** on **Tuesday, November 20, 2018,** commencing at **9:00 AM CST** at **Courtyard by Marriott, 1 Underwood Drive, Vicksburg, MS 39180.**

- 1 -

- 2 -

The deposition shall be recorded stenographically and by videotape, and will continue from day-to-day until completed, before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. The deposition shall be taken for purposes of discovery or for such other purposes permitted under the Federal Rules of Civil Procedure.

The deponent shall produce any of the documents and tangible things listed on **Exhibit A**, attached hereto, at the deposition that are in her possession, custody and control.

Individuals who have a disability that may need accommodation at the deposition should contact the undersigned seven days prior to the deposition.

November 13, 2018

                Respectfully submitted,

                /s/ Lindy D. Brown
                Joseph J. Stroble (MSB 10779)
                Lindy D. Brown (MSB#101263)
                Bradley Arant Boult Cummings LLP
                One Jackson Place
                188 East Capitol Street, Suite 400
                Jackson, Mississippi 39201
                lbrown@bradley.com
                jstroble@bradley.com

                Counsel for Bayer HealthCare Pharmaceuticals Inc.
                and Bayer Pharma AG

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the November 13, 2018, the foregoing was served electronically to the following:

John Jewell Pace, Esq.
Samuel Ward
Ashley Millender
Brandi Strickland
John Jewel Pace, A.P.L.C.
29347 S. Frost Road
Livingston, LA  70754
Phone (225) 686-3000
Fax (866) 912-2008
jjp@johnpacelaw.com
samuelcward@aol.com
ashley@johnjpacelaw.com
brandi@johnjpacelaw.com

And electronically on the following in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

Brian H. Barr
LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR, P.A.

bbarr@levinlaw.com

*Plaintiffs' Co-Lead Counsel*

Andy D. Birchfield, Jr.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.

Andy.Birchfield@BeasleyAllen.com

*Plaintiffs' Co-Lead Counsel*

Gerald E. Meunier
GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC

gmeunier@gainsben.com

*Plaintiffs' Co-Lead Counsel*

Leonard A. Davis
HERMAN & KATZ LLC

ldavis@hhklawfirm.com

*Plaintiffs' Co-Lead Counsel*

Andrew K. Solow
ARNOLD & PORTER LLP
andrew.solow@arnoldporter.com

- 4 -

*Served Bayer Defendants' Counsel*

Susan M. Sharko
DRINKER BIDDLE & REATH LLP
susan.sharko@dbr.com
*Served Janssen Defendants' Counsel*

By: /s/ Lindy D. Brown

**EXHIBIT A - DOCUMENT REQUESTS**

1. All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between any attorneys or other agents for James Clay and any healthcare provider that rendered any care or treatment to James Clay;

2. All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between James Clay and any healthcare provider that rendered any care or treatment to James Clay;

3. All documents or other materials regarding this litigation given by James Clay, his attorneys and/or agents, to any healthcare provider that rendered any care or treatment to James Clay;

4. All transcripts or other records of any testimony of James Clay given under oath at any deposition, hearing, trial, or other proceeding of any kind;

5. All e-mails, personal calendars, notes, journals, diaries, or "blogs," whether electronic or paper, made by Plaintiff or his direction that relate to Plaintiff's alleged use of Xarelto, medical conditions for which Xarelto was prescribed, the adverse event which is the subject of this lawsuit, and any damages claimed from alleged exposure to Xarelto;

6. All photographs, slides, DVDS or other videos of James Clay from the time of Plaintiff's first prescription of Xarelto to the present;

7. All packaging and unused medicine from the Xarelto James Clay allegedly used, including such materials in the possession of plaintiffs' counsel;

8. All medical, prescription, or other records relating to the allegations in the Complaint and/or the Plaintiff Fact Sheet that are in James Clay's possession and that were not previously provided to defendants by counsel for plaintiff;

9. All literature, newspaper or magazine articles, letters, booklets, brochures, pamphlets, written directives, package inserts, and written material authored or collected by James Clay or supplied to James Clay from any source, including but not limited to persons, firms, corporations or governmental entities, relating to: (1) Xarelto; (2) James Clay's alleged injuries; and/or (3) any defendant in this action; and

10. All documents responsive to Section IX of the Plaintiff Fact Sheet that were not previously provided to defendants by counsel for plaintiff.