**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH |

*********************************************

**THIS DOCUMENT RELATES TO:**

*Dorielle Lane v. Janssen Research & Development LLC, et al.;*
Case No. 2:16-cv-09506;

*Jacqueline Stokes v. Janssen Research & Development LLC, et al.;*
Case No. 2:18-cv-00666;

*Dorothy Thomas v. Janssen Research & Development LLC, et al.;*
Case No. 2:17-cv-17359.

**RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFFS
WITH ALLEGED PLAINTIFF FACT SHEET DEFICIENCIES**

Defendants moved for, and this Court entered, an Order to Show Cause [Rec. Doc. 9955] why certain cases in which Defendants allege deficiencies in Plaintiffs' Fact Sheets ("PFS") should not be dismissed with prejudice. These Plaintiffs, among others, filed their response to the Court's Order. Rec. Doc. 10204. Following a hearing held on July 17, 2018, the Court ordered that Plaintiffs "shall be given until September 18, 2018 to remedy the alleged deficiencies raised in Defendants' Motion, and the cases shall be addressed at the Show Cause Hearing to be held on September 18, 2018." Order of August 15, 2018 [Rec. Doc. 10507]. These Plaintiffs and others, through counsel, filed a response to the Court's Order. Rec. Doc. 10919. Following the September 18 hearing, the Court ordered that "Plaintiffs shall be given until November 19, 2018 to remedy the alleged deficiencies raised in Defendants' Motion, and the cases shall be addressed at the Show

1

Cause Hearing to be held on November 19, 2018." Order of November 1, 2018 [Rec. Doc. 11404]. Plaintiffs respectfully further respond, through counsel, as follows.

### 1. The Show Cause Order should be dismissed as to Plaintiff Dorielle Lane because the only PFS deficiency alleged in her case has been resolved.

The only deficiency claimed by Defendants in their April 4, 2018 deficiency notice to Plaintiff Dorielle Lane was "[f]ailure to provide new Declaration for Amended Plaintiff Fact Sheet submission." After multiple unsuccessful attempts to reach Plaintiff to obtain her declaration, counsel was able to do so in late September and a signed declaration was submitted to MDL Centrality on September 20, 2018. The Order to Show Cause should therefore be dismissed as to this Plaintiff.

### 2. The Show Cause Order should be dismissed as to the remaining Plaintiffs because their fact sheets are substantially complete, records documenting their Xarelto-related injuries have been provided to Defendants, and counsel has been unable to contact Plaintiffs or their survivors.

Both of the remaining cases appear meritorious based on medical documentation already provided to Defendants. Neither has been selected for individual case discovery pursuant to Case Management Order Number 6, and counsel has submitted Plaintiff Fact Sheets and medical records in each case that should be deemed sufficient to satisfy Plaintiffs' discovery obligations at this point in the litigation. In fact, the only reason Defendants cite as to why these Plaintiffs' Fact Sheets are allegedly deficient is "[f]ailure to provide Declaration signed by plaintiff, Xarelto user, or Xarelto user's representative" and/or "[f]ailure to provide new Declaration for Amended Plaintiff Fact Sheet submission." Despite multiple attempts, however, undersigned counsel and office staff have been unable to obtain signed declarations (or new declarations) from these Plaintiffs. We have been unable to contact them by mail, email, or phone, and all attempts to ascertain their current whereabouts have thus far failed.

After multiple unsuccessful attempts to contact Plaintiff Jacqueline Stokes, a person identifying himself as a family member advised us by telephone on July 12, 2018 that she has passed away. Since that time, we have repeatedly attempted to locate him and obtain additional information and paperwork without success. Our multiple contact attempts included writing him on July 13, 2018, July 17, 2018, and August 21, 2018; sending emails on July 26, 2018 and October 10, 2018; and placing telephone calls on August 8, 2018, August 28, 2018, October 10, 2018, and October 18, 2018.

We have similarly been unable to locate or contact Dorothy Thomas or a family member by any means for several months. Our contact attempts since the Court issued its Order included writing on June 17, 2018, July 18, 2018, and August 21, 2018; and placing telephone calls on June 18, 2018, July 9, 2018, July 13, 2018, July 16, 2018, July 17, 2018, July 26, 2018, August 3, 2018, August 15, 2018, September 19, 2018, September 20, 2018, and October 10, 2018.

### 3. Prejudicial dismissal is not an appropriate sanction.

Even assuming Plaintiffs' fact sheet deficiencies are sufficiently significant to warrant intervention by this Court, the remedy Defendants request – dismissal of Plaintiffs' lawsuit with prejudice – is not an appropriate remedy here. The Fifth Circuit has repeatedly emphasized that "[a]lthough the district court's discretion under Rule 37 is broad, … it is not unlimited," and that "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Batson v. Neal Spelce Assocs., Inc.,* 765 F.2d 511, 514, 515 (5th Cir. 1985) (remanding for reassessment of sanctions and reconsideration of whether district court should have imposed a "less drastic sanction" than prejudicial dismissal notwithstanding plaintiff's "flagrant" discovery violations including her refusal, in violation of a district court order overruling her motion to quash, to produce subpoenaed financial documents

"absolutely necessary to defend against her demand for damages" for nearly a year).  Indeed, the Court of Appeals has often characterized dismissal with prejudice as "a draconian remedy, or a remedy of last resort only to be applied in extreme circumstances." *Id.* at 515 (internal quotations omitted).

This draconian remedy of last resort is not appropriate here.  As this Court is well aware, the plaintiff population in this litigation consists primarily of elderly people, often with various health problems, and the death or hospitalization of such plaintiffs is, unfortunately, not a rare occurrence.  Through no fault of their own, many of these plaintiffs who have otherwise meritorious claims thus become unavailable to assist their attorneys, sometimes only temporarily, despite the attorneys' best efforts to contact them or their family members.  Prejudicial dismissal of apparently meritorious claims for purely procedural reasons would be fundamentally unfair under circumstances such as this, where Plaintiffs have substantially satisfied their discovery obligations and any prejudice caused defendants is *de minimis* at best.  Undersigned counsel therefore respectfully requests that the Show Cause Order be dismissed as to these Plaintiffs or, in the alternative, that these Plaintiffs be granted additional time to satisfy alleged PFS deficiencies. Failing, that, counsel requests that any dismissal of these Plaintiffs' claims be without prejudice.

WHEREFORE, Plaintiffs respectfully request, through counsel, that the Order to Show Cause be dismissed.  In the alternative, Plaintiffs request that they be permitted additional time to provide the requested declarations.  Failing that, Plaintiffs request that any dismissal be without prejudice.

Signed: November 16, 2018 	 Respectfully submitted,

By: 	*/s/ Christopher J. Quinn*
Christopher J. Quinn
THE DRISCOLL FIRM, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Tel: (314) 932-3232
Fax: (314) 932-3233
chris@thedriscollfirm.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 16, 2018, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Christopher J. Quinn*
Christopher J. Quinn
THE DRISCOLL FIRM, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Tel: (314) 932-3232
Fax: (314) 932-3233
chris@thedriscollfirm.com

*Attorneys for Plaintiff*