UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH |

**********************************

**THIS DOCUMENT RELATES TO:**

*Roger Shunk v. Janssen Research & Development LLC, et al.;*
Case No. 2:16-cv-9876.

### SUPPLEMENTAL RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFF'S ALLEGED FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6

Defendants moved for, and this Court entered, an Order to Show Cause [Rec. Doc. 10734] "as to why Roger Shunk's action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pretrial Order ("PTO") 13." Rec. Doc. 10619-1 at 1. Plaintiff, through counsel, filed a response to the Court's Order.  Rec. Doc. 10952.  During the hearing on September 18, 2018, the Court granted Plaintiff an additional thirty (30) days to supply missing information.  *See* Rec. Doc. 11151.  Plaintiff respectfully further responds, through counsel, as follows.

    **1.**    **The minor PFS deficiencies alleged do not warrant dismissal.**

Plaintiff submitted his substantially complete First Amended Plaintiff Sheet on July 10, 2018. According to Defendants, Plaintiffs' detailed, nineteen-page response to their numerous questions is deficient in the following two respects:

1

- Plaintiff did not answer when he was first diagnosed with the condition for which he was prescribed Xarelto. He also does not answer whether or not he is currently taking Xarelto; and

- Plaintiff stated that he previously took Coumadin, but does not provide a reason for discontinuation of Coumadin.

Rec. Doc. 10619-1 at 2.

Defendants do not explain why Plaintiff's alleged failure to provide responses to these questions somehow undermines their ability to defend Plaintiff's claims, however; nor do they claim that the information is unavailable to them by any other means. For instance, records Plaintiff previously provided list his diagnoses (including atrial fibrillation) and state, among other things, "He was instructed to stop Coumadin and take Xarelto 20 mg x 3 days then stop for surgery. He wil [sic] continue Coumadin after surgery." Plaintiff has supplied defendants with signed forms authorizing them to obtain his medical and pharmacy records. And, of course, counsel for Defendants will have the opportunity to ask Plaintiff the answers to these questions should his deposition be taken pursuant to Case Management Order Number 6. To the extent Plaintiff does not know the answers, Defendants may have the opportunity to inquire of his doctors pursuant to CMO 6.

**2. Counsel has been unable to obtain additional information from Plaintiff.**

Since Defendants filed their deficiency notice on July 11, 2018, undersigned counsel and office staff have repeatedly but unsuccessfully attempted to contact Plaintiff, by U.S. Mail and telephone, to discuss this matter and obtain Plaintiff's answers, if any, to these questions, and counsel has sent Plaintiff copies of both Defendants' motion and this Court's Order to Show Cause yet received no response. In addition, as of mid-October, 2018, the telephone number counsel has

on file for Plaintiff generates a recording and correspondence sent to Plaintiff at the address counsel has on file has been returned marked "RETURN TO SENDER – UNABLE TO FORWARD." On November 7, 2018, the postal service returned letters counsel sent to Plaintiff on October 16 and October 18, 2018. Nevertheless, for the reasons stated herein, dismissal is not warranted under these circumstances and at this point in this litigation, and Plaintiff has not authorized counsel to stipulate to the prejudicial dismissal of Plaintiff's lawsuit.

### 3. Prejudicial dismissal is not an appropriate sanction.

Finally, even assuming Plaintiff's fact sheet deficiencies are sufficiently significant to warrant intervention by this Court, the remedy Defendants request – dismissal of Plaintiff's lawsuit with prejudice – is not an appropriate remedy here. The Fifth Circuit has repeatedly emphasized that "[a]lthough the district court's discretion under Rule 37 is broad, … it is not unlimited," and that "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 514, 515 (5th Cir. 1985) (remanding for reassessment of sanctions and reconsideration of whether district court should have imposed a "less drastic sanction" than prejudicial dismissal notwithstanding plaintiff's "flagrant" discovery violations including her refusal, in violation of a district court order overruling her motion to quash, to produce subpoenaed financial documents "absolutely necessary to defend against her demand for damages" for nearly a year). Indeed, the Court of Appeals has often characterized dismissal with prejudice as "a draconian remedy, or a remedy of last resort only to be applied in extreme circumstances." *Id.* at 515 (internal quotations omitted). For the reasons stated above, this draconian remedy of last resort is not appropriate here.

WHEREFORE, Plaintiff respectfully requests, through counsel, that the Order to Show Cause be dismissed.  In the alternative, Plaintiff requests that he be permitted additional time to provide the requested information.  Failing that, Plaintiff requests that any dismissal be without prejudice.

Signed: November 16, 2018                                              Respectfully submitted,

                                                   By:     */s/ Christopher J. Quinn*
                                                         Christopher J. Quinn
                                                         THE DRISCOLL FIRM, P.C.
                                                         211 N. Broadway, 40th Floor
                                                         St. Louis, MO 63102
                                                         Tel: (314) 932-3232
                                                         Fax: (314) 932-3233
                                                         chris@thedriscollfirm.com
                                                         *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on November 16, 2018, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

      */s/ Christopher J. Quinn*
      Christopher J. Quinn
      THE DRISCOLL FIRM, P.C.
      211 N. Broadway, 40th Floor
      St. Louis, MO 63102
      Tel: (314) 932-3232
      Fax: (314) 932-3233
      chris@thedriscollfirm.com

      *Attorneys for Plaintiff*