UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE NORTH |

*******************************************

**THIS DOCUMENT RELATES TO:**
*(See cases listed in Exhibit A, Schedule of Actions)*

## RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFFS WITH ALLEGED CORE PLAINTIFF FACT SHEET DEFICIENCIES

Defendants moved for, and this Court entered, an Order to Show Cause [Rec. Doc. 11172] why certain cases in which Defendants allege core deficiencies in Plaintiffs' Fact Sheets should not be dismissed with prejudice. Plaintiffs listed on Exhibit A and represented by The Driscoll Firm, P.C. appear on the Order.  For purposes of their response, Plaintiffs' counsel has grouped these Plaintiffs into three categories:  (1) cases in which counsel believes the Plaintiff's Fact Sheet is not deficient or any deficiencies have been resolved for purposes of the pending Show Cause Order; (2) cases in which counsel for Plaintiffs has no basis to oppose dismissal; and (3) cases in which the Plaintiff's Fact Sheet is substantially complete and in which the Order to Show Cause should therefore be dismissed or, in the alternative, in which Plaintiff should be granted additional time to attempt to cure deficiencies due to extenuating circumstances.  These cases are listed on Exhibits B, C, and D respectively.

    **1.**    **Cases in which the Plaintiff's Fact Sheet is not deficient and for which the Show Cause Order should therefore be dismissed.**

Counsel believes the Plaintiff Fact Sheets in the cases listed on Exhibit B are not deficient or any deficiencies have been resolved for purposes of the pending Show Cause Order.  Counsel

1

for Plaintiffs has asked counsel for Defendants to confirm Defendants' agreement in this regard. As such, the Show Cause Order should be dismissed as to these cases.

**2. Cases in which counsel for Plaintiffs has no basis to oppose dismissal.**

In the cases listed on Exhibit C, the Plaintiff Fact Sheet deficiencies are substantive in nature and, despite the best efforts of counsel and Plaintiffs, the deficiencies cannot be cured. Counsel for Plaintiffs has not received permission from these Plaintiffs to dismiss their claims but has no basis to oppose dismissal.

**3. Cases in which the Plaintiff's Fact Sheet is substantially complete and in which the Order to Show Cause should therefore be dismissed or, in the alternative, in which Plaintiff should be granted additional time to attempt to cure deficiencies.**

In cases listed in Exhibit D, fact sheet deficiencies have been substantially cured or the circumstances warrant an extension of time. In most cases, previous substantive PFS deficiencies have now been cured but additional time is required to obtain a signed declaration or the only deficiency alleged is lack of PFS declaration. Other cases warrant additional time due to extenuating circumstances. For example, counsel learned on November 8, 2018, that Plaintiff Calvin Naslund has passed away and received a copy of the death certificate and additional paperwork on November 16, 2018. In the cases of Robert Collins, Virginia Durden, James May, and Nancy Mitchell, counsel only recently received information and/or documents necessary to obtain additional medical records and those requests are outstanding (or soon will be).[1] More than six thousand four hundred pages of records were sent for nurse review in the case of Jamie Royal on November 13, 2018. Plaintiffs in these cases respectfully request that the Court grant them a 60-day extension of time to allow them to attempt to cure the deficiencies.

---

[1] In the case of Nancy Mitchell, the information was received by letter late on November 16, 2018 and requests have therefore not yet been made.

2

### 4. Prejudicial dismissal is not an appropriate sanction in the cases discussed in the preceding paragraph.

Even assuming Plaintiffs' fact sheet deficiencies are sufficiently significant to warrant intervention by this Court, the remedy Defendants request – dismissal of Plaintiffs' lawsuit with prejudice – is not an appropriate remedy here.  The Fifth Circuit has repeatedly emphasized that "[a]lthough the district court's discretion under Rule 37 is broad, … it is not unlimited," and that "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Batson v. Neal Spelce Assocs., Inc.,* 765 F.2d 511, 514, 515 (5th Cir. 1985) (remanding for reassessment of sanctions and reconsideration of whether district court should have imposed a "less drastic sanction" than prejudicial dismissal notwithstanding plaintiff's "flagrant" discovery violations including her refusal, in violation of a district court order overruling her motion to quash, to produce subpoenaed financial documents "absolutely necessary to defend against her demand for damages" for nearly a year).   Indeed, the Court of Appeals has often characterized dismissal with prejudice as "a draconian remedy, or a remedy of last resort only to be applied in extreme circumstances." *Id.* at 515 (internal quotations omitted).

This draconian remedy of last resort is not appropriate here.  As this Court is well aware, the plaintiff population in this litigation consists primarily of elderly people, often with various health problems, and the death or hospitalization of such plaintiffs is, unfortunately, not a rare occurrence.  Through no fault of their own, many of these plaintiffs who have otherwise meritorious claims thus become unavailable to assist their attorneys, sometimes only temporarily, despite the attorneys' best efforts to contact them or their family members.  None of these cases has been selected for individual case discovery pursuant to Case Management Order Number 6. Prejudicial dismissal would be fundamentally unfair under circumstances such as this, where any

prejudice caused Defendants is *de minimis* at best.  Undersigned counsel therefore respectfully requests that the Show Cause Order be dismissed as to these Plaintiffs or, in the alternative, that these Plaintiffs be granted additional time to satisfy alleged PFS deficiencies.  Failing, that, counsel requests that any dismissal of these Plaintiffs' claims be without prejudice.

Signed: November 16, 2018                                        Respectfully submitted,

                                                          By:     */s/ Christopher J. Quinn*_____
                                                                   Christopher J. Quinn
                                                                   THE DRISCOLL FIRM, P.C.
                                                                   211 N. Broadway, 40th Floor
                                                                   St. Louis, MO 63102
                                                                   Tel: (314) 932-3232
                                                                   Fax: (314) 932-3233
                                                                   chris@thedriscollfirm.com
                                                                   *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 16, 2018, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                                   */s/ Christopher J. Quinn*_____
                                                                    Christopher J. Quinn
                                                                   THE DRISCOLL FIRM, P.C.
                                                                   211 N. Broadway, 40th Floor
                                                                   St. Louis, MO 63102
                                                                   Tel: (314) 932-3232
                                                                   Fax: (314) 932-3233
                                                                   chris@thedriscollfirm.com

                                                                   *Attorneys for Plaintiff*