UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IN RE: XARELTO (RIVAROXABAN)          *      MDL 2592 "L"
PRODUCTS LIABILITY LITIGATION         *
                                      *
                                      *      November 19, 2018
                                      *
                                      *
THIS DOCUMENT RELATES TO              *      Judge Eldon E. Fallon
*Boudreaux v Bayer Corp., Et Al,*     *
14-2720; and *Orr v Bayer Corp,*      *
*Et Al,* 15-3708                      *      Mag. Judge Michael North
                                      *
*****************************************************************

              **REPORTER'S OFFICIAL TRANSCRIPT OF THE**
             **MOTIONS AND RULE TO SHOW CAUSE HEARING**
              **BEFORE THE HONORABLE ELDON E. FALLON,**
                     **UNITED STATES JUDGE.**

*****************************************************************

**APPEARANCES:**

FOR THE PLAINTIFFS:                   Herman, Herman & Katz
                                      BY: LEONARD A. DAVIS, ESQ.
                                      820 O'Keefe Avenue
                                      New Orleans, LA  70113

                                      Baron & Budd
                                      BY: SINDHU S. DANIEL, ESQ.
                                      3102 Oak Lawn Ave., Ste. 1100
                                      Dallas, TX  75219

FOR THE DEFENDANTS:                   Chaffe McCall
                                      BY: JOHN F. OLINDE, ESQ.
                                      1100 Poydras Street
                                      New Orleans, LA  70163

                                      Drinker Biddle & Reath
                                      BY: JESSICA BRENNAN, ESQ
                                      500 Campus Drive
                                      Florham Park, NJ 07932


**REPORTED BY:**        Mary V. Thompson, RMR, FCRR
                        500 Poydras St., Room B275
                        New Orleans, LA  70130

**OFFICIAL TRANSCRIPT**

**P R O C E E D I N G S**

1
2                                    (Call to order of the court.)
3          THE COURT:  Be seated, please.
4          Good morning, ladies and gentlemen.
5          We have some motions and a rule to show cause.  There
6  are several people on the phone.  And with the call-in number, if
7  we have any issues, we'll get to that.  If somebody hasn't been
8  able to connect with us, we'll simply bump that to the next time.
9  As I understand it, the parties are agreeable with that.
10         MS. DANIEL:  Thank you, Your Honor.  Sindhu Daniel for
11  the plaintiffs.
12         MS. BRENNAN:  Good morning, Your Honor.  Jessica
13  Brennan with Drinker, Biddle & Reath, for the Janssen defendants.
14         THE COURT:  Okay.  What's up, Sindhu?
15         MS. DANIEL:  Good morning, Your Honor.  We have the
16  CMO 6 cases we are going to start with.
17         Your Honor, if we could just check if Mr. McGartland is
18  on the phone for the Lee Robert case.
19         MR. MCGARTLAND:  This is Mike McGartland of the
20  McGartland Law Firm for Lee Robert, yes.
21         MS. DANIEL:  Mr. McGartland, are you ready to go
22  forward?  We're going to start with your case first.
23         This is Document No. 11653.  It is a motion to dismiss
24  for lack of subject matter jurisdiction, and an alternative
25  motion for order to show cause regarding plaintiff's failure to

**OFFICIAL TRANSCRIPT**

1  serve process on defendant Bayer Health Care, LLC.

2       MR. MCGARTLAND:  And I'm assuming that my motion to

3  withdraw as counsel is being taken up as part of that.

4       MR. OLINDE:  Yes.

5       Your Honor, this is John Olinde for the defendants in

6  this case.  This is going take a little bit of explanation,

7  Your Honor.

8       The record doc number for this rule is 11653, so it's a

9  little bit further down on the list that was provided to you.

10 This is one that was discussed briefly in chambers where the

11 Court had said, yes, let's go ahead and set it for this rule to

12 show cause date so we can move this case along.

13      What this is, it's a CMO 6 Wave 1 case.  It's a

14 selected case, and the case does not have a substantially

15 completed PFS, a fact sheet.  However, what we do have is we have

16 three pending motions that need the Court's attention before we

17 could even get to the question of the substantially complete fact

18 sheet.

19      And the three motions are -- there's a motion to

20 withdraw as counsel of record, which the plaintiff has filed; and

21 then there are two motions which the defendants have filed which

22 relate to subject matter jurisdiction.

23      So we need the Court to focus on that and to have -- we

24 believe we have a way forward from the defense side to tell the

25 Court -- or suggest to the Court how it is we can handle this,

**OFFICIAL TRANSCRIPT**

1  but we need to first talk about how it is -- the factual

2  background so the Court understands how we got here.

3       THE COURT:  Okay.

4       MR. OLINDE:  This case was filed on September 28th of

5  2016, and then Mr. Robert's case was selected as a Wave 1 random

6  pick on April 30th of 2018, so last spring.  So by CMO 6 they had

7  30 days -- Mr. Robert had 30 days to substantially complete his

8  fact sheet.  That has not been done.

9       But what happened is that on July 24th of 2018,

10  McGartland, the attorney for Mr. Robert, filed a motion to

11  withdraw as counsel.  That's Record Doc 102711.

12       The substance of the motion is he cannot communicate --

13  Mr. Robert does not respond to any of his communications

14  whatsoever.  He wants to withdraw as counsel of record but

15  doesn't have a substitute counsel, so there is no -- there would

16  be a *pro se* here.

17       The defendants oppose that motion to withdraw as

18  counsel for the obvious reason, that, as the Court has said many

19  times, a lot of these cases, the plaintiff simply doesn't want to

20  move forward.  And also the Court, under the PTO 30, has

21  indicated that just because you can't communicate with your

22  client, if there's a pending problem with the PFS, that doesn't

23  necessarily mean you can withdraw from the case.

24       So that's how it stood.  There was an opposition.  It's

25  fully briefed.

**OFFICIAL TRANSCRIPT**

1          But then after that, the defendants filed two motions,

2    because what happened is Mr. Robert is a California domiciliary.

3    He lives in California.  And if the Court remembers, one of the

4    Bayer defendants is also -- which is Bayer Health Care, LLC.  One

5    of the members -- during the time period that Mr. Robert first

6    filed his suit, one of the members of that LLC was located in

7    California during that time.  So there's not subject matter

8    jurisdiction at the time of filing.

9          However, to even go further, what has happened is that

10   particular entity, as the Court knows, the California entity, is

11   not necessary to the lawsuit, because we've been through three

12   trials and that entity has never been part of it.  What we have

13   is Bayer Health Care AG, and then there is also Bayer Health Care

14   Pharmaceuticals, Inc., which are the two Bayer defendants that

15   have been part of it.  This one California entity has been

16   dismissed from cases.

17         Well, that entity, the California entity, had never

18   been served by Mr. Robert.  So what we had suggested in our

19   papers to the Court was that the direction to take would be to

20   dismiss that entity under 4(m), not having service, which the

21   Court could then retain jurisdiction, which under the law -- and

22   we cited the *Sinochem* case, a U.S. Supreme Court case, that says

23   if you have a non-merits dismissal, you can still do that and you

24   don't have to first look at subject matter jurisdiction.  You can

25   dismiss a defendant and retain jurisdiction.

**OFFICIAL TRANSCRIPT**

1        That's what we suggest, that the Court retains

2  jurisdiction and denies the motion to withdraw as counsel of

3  record.

4        And then what we have is, under that scenario, this

5  case is on a notice of deficiency for the PFS.  Mr. Robert still

6  has time, if he wants to, to try to cure and get his PFS in gear

7  and try to see what's going to happen, but it can be put on a

8  rule to show cause.  He still has some time to try to get that

9  done.

10        But as the Court has said, if Mr. Robert, in this

11  instance, doesn't wish to proceed with his case, then his case

12  needs to be dismissed at that point.

13        That to me seems to be the way, but the Court does have

14  discretion.  I want to point that out.  The discretion is the

15  Court can also, in this instance, just remand the case for lack

16  of subject matter jurisdiction.

17        So that's the two alternatives in the case.  Again, we

18  believe the motion to withdraw as counsel should be denied under

19  these circumstances, and allow Mr. Robert a chance, if indeed he

20  has it, to move forward if he wants to.  If he doesn't, his case

21  gets dismissed.  That's one alternative.

22        The second is, again, to remand for lack of subject

23  matter jurisdiction.

24        So, again, deny the motion to withdraw as counsel, and

25  grant the relief with respect to the dismissal of that one

**OFFICIAL TRANSCRIPT**

1  non-diverse entity, which is Bayer Health Care, LLC.

2           So that's where we are in the case.  And, again, this

3  is one of the CMO 6 Wave 1 cases, and that's why we're trying to

4  move forward.

5           THE COURT:  I've got it.

6           Let me hear from the plaintiff.

7           MR. MCGARTLAND:  Your Honor, this is Mike McGartland on

8  behalf of the plaintiff.  We did not respond to any of the other

9  motions because, after we lost communication with the client, we

10 didn't think it was appropriate going forward past the motion to

11 withdraw.

12          The reality is we've attempted on many occasions, as

13 you can see in our papers, to communicate with the plaintiff and

14 his daughter, and we've just had no success.  And under the

15 circumstances, we thought the right course of action was to file

16 the motion to withdraw and nothing further.

17          THE COURT:  Yeah.

18          MR. MCGARTLAND:  What the defendants have said is

19 substantially true, but, you know, under the circumstances, I

20 thought that this was the only way forward from there.

21          THE COURT:  No, I understand, Mike.

22          Look, from your standpoint, I'm aware of the case and

23 I'm aware of the acts that your firm has done.  You've done

24 everything possible to reach this person.  You've gone out of

25 your way to try to reach them.

**OFFICIAL TRANSCRIPT**

1          As I've said many times in these situations, not only
2    does the lawyer have a responsibility to keep in touch with the
3    client, but the client has a responsibility to keep in touch with
4    the lawyer.  If the client moves, if the client changes his mind,
5    he or she has to tell the lawyer that.
6          What I'm going to do, I'm going to dismiss the
7    California defendant.  They really have nothing to do with this
8    particular case.  We've tried four or five of these cases now,
9    and a number of cases have also been tried in state court, and
10   that California defendant is just not a part of this litigation.
11         I'm going to dismiss that.  I'll retain jurisdiction.
12   I'll give you another 30 days to try to reach the client.  But if
13   you can't reach him, it's not your fault, it's the client's
14   fault.  And I recognize that you have done everything possible,
15   but tell the client that if they don't respond within 30 days,
16   I'm going to dismiss their case.  Then by the next time, I'll
17   dismiss the case.
18         I'm not going to be able to grant your motion to
19   withdraw because then I'll have somebody without counsel.  But
20   it's not your fault, and I recognize that, and I put that on the
21   record.  It's the client's fault for not keeping in touch with
22   you.
23         But I'll give him another period of time to respond.
24   If he doesn't respond next time, he needs to know that his case
25   will be dismissed.

**OFFICIAL TRANSCRIPT**

1          Thank you.

2          MR. MCGARTLAND:  Thank you, Your Honor.  And I'll

3    attempt to reach out one last time to the client and make sure

4    they understand your ruling.

5          THE COURT:  Okay.  Thank you.

6          MS. DANIEL:  Thank you, Your Honor.

7          We'll go through the cases in which the documents are

8    ordered.

9          So on the CMO 6 cases, Your Honor, there are 18 cases

10   set to be heard today.

11         The first document is 11138.  It is Gerald Roberts for

12   alleged failure to file a fully complete updated plaintiff fact

13   sheet pursuant to CMO 6.

14         Your Honor, this firm will stipulate to a dismissal

15   with prejudice.

16         THE COURT:  Okay.  Let that be done.

17         MS. BRENNAN:  Yes, Your Honor.

18         MS. DANIEL:  Thank you, Your Honor.

19         Document 11141, Linda Lynch's case.  This is the law

20   offices of Charles Johnson for alleged failure to cure the fact

21   sheet pursuant to CMO 6.

22         Is anyone on the line for this case?

23         (No response.)

24         MS. DANIEL:  Your Honor, we'd ask that this case be

25   held for the next order to show cause hearing.

**OFFICIAL TRANSCRIPT**

 1          MS. BRENNAN:  Under the circumstances, we have no
 2  objection.
 3          THE COURT:  Okay.  We'll pass this one until the next
 4  time.
 5          MS. DANIEL:  Thank you, Your Honor.
 6          The next is Document No. 11141, David Alejandro for
 7  McSweeney/Langevin.  Law offices of Charles Johnson.  It's for
 8  alleged failure to cure plaintiff fact sheet deficiencies
 9  pursuant to CMO 6.
10          Is anyone on the line for this case?  It would be the
11  same person.
12          (No response.)
13          MS. DANIEL:  Your Honor, we would ask this be held over
14  for the next hearing.
15          THE COURT:  Okay.  Yes, let's do that.
16          MS. DANIEL:  Document 11144, Edith Daniel's case.
17  Again, McSweeney and Langevin.  Law Offices of Charles Johnson.
18  Alleged failure to cure plaintiff fact sheet deficiencies
19  pursuant to CMO 6.
20          Is anyone on the line for this case?
21          (No response.)
22          MS. DANIEL:  Your Honor, we would ask that this be held
23  for the next order to show cause hearing.
24          THE COURT:  Okay.
25          MS. BRENNAN:  No objection.

**OFFICIAL TRANSCRIPT**

1    I would just say, Your Honor, possibly at the end if we
2  could circle back to see if the firm has joined, then possibly we
3  could resolve this.
4    THE COURT:  Sure.  That's fine.  Good idea.
5    MS. DANIEL:  Thank you, Your Honor.
6    Document 11146.  There were seven cases on this
7  document, Your Honor, and they are all cured.  The defendant
8  agrees with the same.  We were able to meet and confer.  I will
9  read them into the record.  They are:
10    Jacqueline Baker.
11    Jessica Dameron.
12    Delores Grant.
13    Doris Harris.
14    Marvin Jones.
15    Catherine Maynard.
16    Clinton Sesco.
17    MS. BRENNAN:  We agree to the list.
18    MS. DANIEL:  Thank you.
19    Document 11150, which is Fred Haney's case.  Again, law
20  offices of Charles Johnson.  Alleged failure to cure fact sheet
21  deficiencies pursuant to CMO 6.
22    Is anyone on the line for this case?
23    (No response.)
24    MS. DANIEL:  Your Honor, we ask that -- we'll circle
25  back at the end.

**OFFICIAL TRANSCRIPT**

```
 1            THE COURT:  Right.

 2            MS. DANIEL:  The next one, Document 11151, Roger Shunk,

 3   which is The Driscoll Firm.  Alleged failure to cure plaintiff

 4   fact sheet deficiencies pursuant to CMO 6.

 5            Chris Quinn, did you make it on the line?

 6            MR. QUINN:  I did, Ms. Daniel.  I'm here.

 7            Thank you, Your Honor.

 8            THE COURT:  What's the situation, Chris?

 9            MR. QUINN:  Judge, this is a case in which we filed a

10   response.  This client, as we state in our response, became

11   nonresponsive some weeks ago; and as of two weeks ago, letters

12   are being returned and numbers are disconnected.

13            The Court has already given us additional time to try

14   to resolve these deficiencies, but I don't have authority,

15   obviously, Your Honor, from the client to stipulate to the

16   dismissal of his case.

17            In addition, as I mentioned briefly last time,

18   Your Honor, the deficiencies alleged are very minor.  There are

19   two minor deficiencies.  We produced medical records that I

20   believe the defense can use to answer the questions that they

21   have that form the basis for the deficiencies.

22            And again, Judge, I don't have authority from this

23   client to stipulate to a dismissal of this case.  Therefore, for

24   the reasons that I stated briefly, and that we put in our

25   response, I would ask that the Court either allow this individual
```

**OFFICIAL TRANSCRIPT**

1  additional time or that any dismissal be without prejudice simply

2  because I can't communicate with this client.

3        MS. BRENNAN:  Your Honor, obviously the defendants

4  object to any dismissal without prejudice and disagree with

5  Mr. Quinn's categorization of the deficiency as minor.

6        They are the same deficiencies that were pending when

7  we were before Your Honor two months ago, and at that time

8  Your Honor agreed that these are important issues.  It's

9  information related to the plaintiff's use of Xarelto and his

10  treatment for atrial fibrillation and his discontinued use of

11  another anticoagulation medication, and at this point the PFS is

12  now six months overdue.  Discovery has tolled and the case is

13  sitting dormant.

14        We'd ask that Your Honor dismiss the case with

15  prejudice.

16        THE COURT:  Yeah.

17        Chris, I'm aware of your work.  You've done everything

18  possible to keep in touch with this individual.  You've alerted

19  him to the problem.  Notwithstanding that fact -- notwithstanding

20  your good work, he just hasn't responded.  It's not your fault.

21  It's his fault.  He doesn't want to move on, obviously, with this

22  case.  It's not fair to your firm to keep spending money and time

23  to try to convince him to go forward.  He just doesn't want to go

24  forward with his case.

25        I'll grant the motion to dismiss.

**OFFICIAL TRANSCRIPT**

1    MR. QUINN:  Thank you for your time, Your Honor.

2    THE COURT:  Yes.

3    MS. DANIEL:  Thank you, Your Honor.

4    The next document is 11641, Gerald Lewis on behalf of

5    the estate of Lizzie Lewis.  It is the law firm of Ferrer Poirot

6    for the alleged failure to provide medical record authorizations

7    pursuant to PTO 13.

8    Hunter, did you make it on the line?

9    MR. LINVILLE:  Yes, I'm here.

10   MS. DANIEL:  Great.  You can go ahead.

11   MR. LINVILLE:  Yes, Your Honor.

12   We filed this case on behalf Lizzie Lewis.  After we

13   filed and submitted the fact sheet, she passed away.

14   In contacting Gerald Lewis to represent the estate, he

15   has consistently told us he would not probate the estate; did not

16   get letters of administration.  And after we consistently told

17   him to get those, he insisted that we withdraw as counsel from

18   this case and he wants to go forward on his own with this case.

19   We did file a motion to withdraw as counsel and we've continued

20   to talk to him.  He says he wants to go forward *pro se*.

21   At this point we cannot get him to get the letters of

22   administration which defense counsel needs to get the records.

23   MS. BRENNAN:  Your Honor, this is a Wave 1 case, and,

24   as counsel described, the plaintiff -- or the substitute

25   plaintiff won't even sign the necessary paperwork that we need to

**OFFICIAL TRANSCRIPT**

1  be able to collect records.  We're not able to collect records
2  from the prescriber, the treating physicians.  He's not
3  cooperating with his counsel.
4         We really have no recourse here.  This is particularly
5  troubling because this is a case where the discovery period has
6  not tolled, yet defendants can't proceed with discovery in any
7  way in order to prepare the case for trial.
8         And just on the motion to withdraw, it's likely not
9  before Your Honor because of PTO 30 issues, but we obviously
10 would oppose any motion to withdraw that would leave this
11 plaintiff *pro se* in the litigation.
12        THE COURT:  It's just clear to the Court that this
13 individual just doesn't want to proceed.  I mean, we've done
14 everything possible for him.  You have tried to represent him.
15 You have done a good job representing him.  You have tried to
16 convince him simply to get the letters so that he can be the
17 person in charge of the litigation -- of the estate.  He won't do
18 that.  We have got to move on with this case, folks.  It's just
19 not fair to anybody.
20        I'm going to dismiss this case.
21        MS. BRENNAN:  Thank you, Your Honor.
22        MS. DANIEL:  Thank you, Your Honor.
23        The next document is 11642, and it is Piper Legrand.
24 The firm is Hilliard Munoz.  Alleged failure to cure the fact
25 sheet deficiencies and serve a fully complete and updated

**OFFICIAL TRANSCRIPT**

1    plaintiff fact sheet pursuant to CMO 6.

2            Chris Pinedo, did you make it on the line?

3            MR. PINEDO:  Yes.  Chris Pinedo for the plaintiff.

4            THE COURT:  Okay.  What's up, Chris?

5            MR. PINEDO:  Well, there are a number of issues, but

6    I'll simplify it.

7            Piper Legrand, when she first came to us, she did not

8    disclose that she was married.  She passed away, and our

9    emergency contact was the daughter, Vicky McDonald.

10            We had Vicky McDonald sign various documents.

11            Then later on after Piper Legrand passes away, we are

12    informed that she really was married.  And so Joseph Legrand, the

13    surviving spouse, is the one that we sought to get authorizations

14    from.

15            Joseph Legrand does not have a telephone, we do not

16    have his address, and Vicky McDonald wants us to communicate

17    through her with Joseph Legrand.

18            He cannot read.  His writing ability is limited.  He

19    has misspelled his name.  And he is also disabled.

20            I met with Vicky McDonald about the situation.  I asked

21    her for permission to name her as the representative of the

22    estate.

23            After I met with her, she lost her telephone and she

24    was incommunicative for the last three weeks.

25            We were successful in reaching her last week.  We

**OFFICIAL TRANSCRIPT**

1   issued a substantial update to the plaintiff fact sheet last
2   Friday.
3          We have also filed a suggestion of death and a motion
4   to substitute for Vicky McDonald.  I have reached out to probate
5   counsel and have a draft application for probate.  I would ask
6   for more time from the Court to be able to get her formally named
7   so that this case can proceed.
8          THE COURT:  How much time do you need, Chris?
9          MR. PINEDO:  Your Honor, I would ask for 60 days.  I
10  may be able to get it done in 30.  I'm just not familiar with the
11  North Carolina probate procedures, and I don't want to get stuck
12  so that I have to file an emergency motion and that sort of
13  thing.
14         THE COURT:  Okay.  What's your --
15         MS. BRENNAN:  Your Honor, I understand counsel's
16  position, but this has been going on for months now.  And, you
17  know, we're -- the PFS and all of this was due over six months
18  ago and we're still here today without a proper plaintiff to move
19  forward with the case.  The defense is left with literally
20  nothing to be able to proceed with discovery in the case.
21         We have followed up with them 17 times regarding the
22  missing authorizations and records, and, you know, to come to the
23  day of the show cause hearing and ask for another 60 days really
24  puts defendants in a tough spot in terms of discovery in this
25  case, which presumably will proceed to trial.

**OFFICIAL TRANSCRIPT**

1          THE COURT:  Well, this is a difficult situation.  It's
2    a little different.  The person can't read or write.  He is --
3    it's extenuating circumstances.
4          I'll pass this for 60 days and give you an opportunity
5    to reach them and deal with this issue.  But if you don't get it
6    done, they need to know that the case is going to be dismissed.
7          MR. PINEDO:  Thank you, Your Honor.
8          MS. DANIEL:  Thank you, Your Honor.
9          The next document is 11643.  The plaintiff is Charles
10   Lee Lewis.  The law firm is Callahan & Blaine.  It's for alleged
11   failure to cure plaintiff fact sheet deficiencies and serve a
12   fully complete and updated plaintiff fact sheet pursuant to
13   CMO 6.
14          Is anyone on the line for this case?
15          (No response.)
16          MS. DANIEL:  Your Honor, I would just read into the
17   record that they have filed a response that I'm sure Your Honor
18   has read.  It's Record Doc 11593, in which counsel explains that
19   this is a death case.  The decedent's mother is 91 years old and
20   may not have the capacity to bring a lawsuit.  Counsel has also
21   contacted multiple family members.  This is the third time it has
22   been on an order to show cause.  Counsel is at a loss for what to
23   do since the family refuses to come forward as representatives
24   for the case or sign any documents.
25          I am taking that from the documents that they filed.

**OFFICIAL TRANSCRIPT**

1          They would like to place this in the hands of the
2     Court.
3          Unfortunately, Your Honor, they are not on the line
4     so --
5          THE COURT:  Yeah.  We'll give them an opportunity to
6     get on the line.  But if they don't, I'm going to be dismissing
7     this.  I think it's clear they -- the parties don't want to
8     proceed with the case.  Counsel has done everything they can.
9     It's just not fair to counsel, either, to keep the case open.
10         MS. BRENNAN:  Thank you, Your Honor.
11         MS. DANIEL:  Thank you, Your Honor.
12         The next is Document 11645, the Richard Henson case,
13    Your Honor.  Roberts & Roberts.  It's alleged failure to clear
14    plaintiff fact sheet deficiencies and serve a fully complete and
15    updated plaintiff fact sheet pursuant to CMO 6.
16         Your Honor, I did speak to plaintiff's counsel, and
17    they no longer wish to proceed in this matter.  The plaintiff
18    does not wish to proceed.
19         THE COURT:  I'll dismiss it with prejudice.
20         MS. BRENNAN:  Thank you, Your Honor.
21         MS. DANIEL:  The last CMO 6 case, Your Honor, has
22    already been dealt with.  That was Lee Robert.
23         Your Honor, we'll move to the non-CMO 6 cases, and
24    we'll move in the document order that we handed to the Court
25    previously.

**OFFICIAL TRANSCRIPT**

1        This is Document 11172.

2        There were 111 cases on this order, Your Honor, where
3   defendants allege that the cases listed have core deficiencies.
4   This is their first time being heard at an order to show cause
5   hearing.  The defendants and I have met and conferred, so much of
6   this will hopefully move very quickly.

7        Your Honor, the first three cases were previously
8   dismissed.  They are:

9        Norma Acoff.

10       Grisela Garza.

11       Kathleen Mayhew.

12       The next case, Your Honor, is Jacqueline Smith.
13   Counsel has agreed to file a stipulation of dismissal with
14   prejudice.

15       The next 40 cases, Your Honor, are cured, and I will
16   read them into the record.

17       George Azzariti.

18       Sharleta Bassett.

19       Allen Baun.

20       Faith Brantley.

21       Mark Bryant.

22       Gail Cogdill.

23       Abe Comunale.

24       Jennifer Cooper.

25       Cozad Richard.

**OFFICIAL TRANSCRIPT**

1          Barry Devall.

2          Deandra Ford.

3          Thomas Gerde.

4          Raymond Gonzales.

5          Edward Greene.

6          Lydia Holland.

7          Juanita Hyde.

8          John Iovino.

9          Geraldine Ivey.

10          Felice Karas.

11          Kevin Keaton.

12          Carol Lane.

13          Reba Martin.

14          James Morehead.

15          John Murphy.

16          Calvin Naslund.

17          Darryl Overby.

18          Philip Peck.

19          David Postoak.

20          William G. Reece.

21          Amanda Robison.

22          Augusta Schilder.

23          Delton Simecek.

24          Paula Squyres.

25          Darrell Stein.

**OFFICIAL TRANSCRIPT**

1          Mattie Stevenson.

2          Ezra Thomas.

3          Lucille Thomas.

4          Steve Ufie.

5          Sammy Ward.

6          Doris Whightman.

7          Your Honor, during our meet-and-confer, defendant had

8    agreed to grant extensions on the following 28 cases.  I'll read

9    them into the record as well.

10          Danny Ashland.

11          Loretha Bohannan.

12          William Branham.

13          Robert Collins.

14          Virginia Durden.

15          Leon Freeman.

16          Forough Gadim.

17          Nellie Harden.

18          Glenda Harper.

19          Timothy Helton.

20          Stephen Holland.

21          Frances Jackson.

22          Willie King.

23          Brenda Lefils.

24          Andrew Lewis.

25          Reggie Maddox.

**OFFICIAL TRANSCRIPT**

```
 1              James May.
 2              Nancy Mitchell.
 3              Darryl Posey.
 4              Dorothy Reese.
 5              Jamie Royal.
 6              Richard Tavernia.
 7              Robert Taxacher.
 8              Anthony Turner.
 9              Jeannine Valantiejus.
10              Dennis Walguarnery.
11              Wilneisha Walton.
12              Betty Williams.
13              Your Honor, the next four cases are where counsel is on
14  the phone or they would like to address the Court.
15              The next case is Kimberly Abernathy.  It's the Cochran
16  Legal Group.
17              Is anyone on the line for that case?
18              (No response.)
19              MS. DANIEL:  Your Honor, we'll circle back at the end
20  and try that again.
21              The next case is also Richard Barber with the Cochran
22  Legal Group.
23              (No response.)
24              MS. DANIEL:  We'll circle back.
25              And Terry Hill with the Cochran Legal Group.  Anyone on
```

**OFFICIAL TRANSCRIPT**

1   the line for that case?

2          (No response.)

3          MS. DANIEL:  We'll circle back on that one as well,

4   Your Honor.

5          Mark Swan, the Medley Law Group.  Is anyone on the line

6   for that case?

7          (No response.)

8          MS. DANIEL:  We'll circle back on that one as well,

9   Your Honor.

10         For the next 33 cases, the firms have been diligent and

11  made all best efforts to cure the deficiencies but through no

12  fault of their own the following cases have been unable to be

13  remedied.  They are:

14         Otilia Abrego.

15         Sadie Autry.

16         Timothy Boswell.

17         Lazaro Carillo.

18         Phyllis Cazenave.

19         Glenn Cummings.

20         James Duffie.

21         Peggy Dunaway.

22         Daniel Embick.

23         Esther Escarrega.

24         John Glaspey

25         Wanda Hamblen.

**OFFICIAL TRANSCRIPT**

```
 1          Jackie Harris.
 2          Juanita Holmes.
 3          Anne Jackson.
 4          Roger Kincaid.
 5          Mae McCoy.
 6          Jermaine McMillan.
 7          Shirley Medina.
 8          Willis Morris.
 9          Jerri Palaroan.
10          Angelia Pritchett.
11          Jewel Radican.
12          Cynthia Sanderford.
13          Gordon Sanders.
14          Edward Smith.
15          Charles Sowell.
16          Floreen Turner.
17          James Veazie.
18          Thomas Walters.
19          Lawrencette Watson.
20          Jennifer Winters.
21          Malcolm Woodall.
22          MS. BRENNAN:  Your Honor, I won't go through all of
23  those cases one by one, but the deficiencies have been pending
24  for many months now.  They are missing collectively declarations,
25  medical records even proving that they used Xarelto, and proof
```

**OFFICIAL TRANSCRIPT**

1   that they've experienced an event.  We'd ask that these cases be

2   dismissed with prejudice at this time.

3         THE COURT:  I think these cases should be dismissed.

4   I'll dismiss them with prejudice understanding that the attorneys

5   have done nothing to cause this.  In fact, they have done

6   everything possible to stop this.  They have done their yeoman's

7   work.  They've satisfied their responsibilities.  It's the

8   responsibility of the client to keep in touch with the attorney.

9   These clients have not done so, notwithstanding good efforts of

10   the attorneys, and the cases will be dismissed.

11         MS. BRENNAN:  Thank you, Your Honor.

12         MS. DANIEL:  Thank you, Your Honor.

13         The next two cases, Your Honor, the firms filed a

14   response to the order to show cause.

15         Isiah Glenn is Record Doc 11678.  The firm filed a

16   response to this motion, and it is the firm's practice to request

17   a dismissal without prejudice.  The client has become

18   nonresponsive.  They do not have permission from the client to

19   dismiss, but cannot cure the deficiencies.

20         THE COURT:  I'll dismiss with prejudice.

21         MS. BRENNAN:  Thank you, Your Honor.

22         MS. DANIEL:  Thank you, Your Honor.

23         The next case is Dianna Rowden.  Record Doc 11164 was

24   their response.

25         The firm -- same thing.  They requested dismissal

**OFFICIAL TRANSCRIPT**

```
 1  without prejudice.  They are aware of the Court's practice in
 2  this case.  The client is nonresponsive, they do not have
 3  permission from the client to dismiss, and they cannot cure the
 4  deficiencies.
 5          THE COURT:  I'll dismiss with prejudice.
 6          MS. BRENNAN:  Thank you, Your Honor.
 7          MS. DANIEL:  Thank you, Your Honor.
 8          The next document is 11396.  That was an order to show
 9  cause regarding plaintiffs with alleged fact sheet deficiencies
10  that were held over from a previous order to show cause hearing.
11  There were four cases on this document.
12          For these first three cases, Your Honor, although the
13  firms have been diligent and made all best efforts to cure the
14  deficiencies, through no fault of their own the following cases
15  have been unable to be remedied.  They are:
16          Anthony Calvi.
17          John Flowers.
18          Ramona Perkins.
19          THE COURT:  I'll dismiss those with prejudice.
20          MS. BRENNAN:  Thank you, Your Honor.
21          MS. DANIEL:  The next case, Your Honor, is
22  Patricia Martin.
23          Barrett Beasley, are you on the line?
24          (No response.)
25          MS. DANIEL:  We'll circle back on that one, Your Honor.
```

**OFFICIAL TRANSCRIPT**

1          THE COURT:  Okay.

2          MS. BRENNAN:  Your Honor, just on Patricia Martin, I

3    would like to put on the record that this case was filed in terms

4    of missing event records.  The motion was filed back in April of

5    2018, and we're now approaching Thanksgiving of 2018.  And so at

6    this point the extensions have been generous -- beyond generous,

7    and we would ask that this case in particular be dismissed with

8    prejudice.

9          THE COURT:  We'll give them a chance to respond.  If

10   they are not on the phone, I'll dismiss it with prejudice.

11         MS. BRENNAN:  Thank you, Your Honor.

12         MS. DANIEL:  Your Honor, she did want to be on the call

13   so unfortunately...

14         So we'll circle back.

15         Document 11400, an order to show cause regarding

16   plaintiffs with overdue plaintiff fact sheets.  These cases were

17   also held over from a previous order to show cause hearing.

18   There were four cases on this document.

19         The first one is cured.  It is Janis Abbott.

20         The next plaintiff is a *pro se* plaintiff, Your Honor.

21   His name is Terrance Carrington.

22         Your Honor, I spoke to the plaintiff, because he did

23   timely receive the documents from the defendant, and he would

24   like to proceed.  I have sent him the documents myself.  We asked

25   the defendant for additional time for this *pro se* plaintiff and

**OFFICIAL TRANSCRIPT**

1  they have agreed.  We'll discuss it, I guess, at the next order

2  to show cause hearing.

3           MS. BRENNAN:  (Nods head.)

4           MS. DANIEL:  Your Honor, the next case is

5  Jennifer Christie.  They were timely served.

6           Ms. Christie, are you on the line?

7           MS. CHRISTIE:  Yes, ma'am, I am.

8           MS. DANIEL:  Would you like to address the Court?

9           MS. CHRISTIE:  Not at this time.

10          MS. DANIEL:  Okay.  Ms. Christie, do you understand

11  that your case is up for dismissal?  You haven't filed anything.

12          MS. CHRISTIE:  I didn't know what or how to file

13  anything.

14          MS. DANIEL:  Okay.  Your Honor, I'll reach out to

15  Ms. Christie.

16          I did just get a pop-up on the e-mail.  I think she has

17  called Mr. Meunier's office.  So I will reach out to this *pro se*

18  client and see what we can do.

19          THE COURT:  Okay.

20          Ms. Christie, respond to counsel when she reaches out

21  to you because it's important that we get some information from

22  you in this matter.

23          MS. CHRISTIE:  Yes, Your Honor, I will.

24          MS. DANIEL:  Thank you.

25          MS. BRENNAN:  Under those circumstances, the defense

**OFFICIAL TRANSCRIPT**

1    obviously agrees to carry.

2              THE COURT:  We'll pass this case.

3              MS. DANIEL:  Thank you.

4              For the next case, Your Honor, although the firms have

5    been diligent and made all best efforts to cure the deficiencies,

6    through no fault of their own the following case has been unable

7    to be remedied.  That is Thomas Eaves.

8              MS. BRENNAN:  Your Honor, Mr. Eaves's PFS was due in

9    May of 2018.  We are now in November of 2018 and we have received

10   nothing.  We ask that the case be dismissed with prejudice.

11             THE COURT:  I'll dismiss the case with prejudice.

12             MS. DANIEL:  Thank you, Your Honor.

13             The next is Document 11404.  This was an order to show

14   cause regarding plaintiffs with alleged plaintiff fact sheet

15   deficiencies that were held over from the previous order to show

16   cause hearing.  There were six cases on this document.

17             The first one is cured.  It is Dorielle Lane.

18             During our meet-and-confer, the defendant had agreed to

19   grant extensions on the Victor Deeb case.

20             The next two cases -- Chris Quinn, are you on the line

21   for Jacquline Stokes and Dorothy Thomas?

22             MR. QUINN:  Yes, ma'am.

23             And yes, Your Honor.

24             THE COURT:  Okay.  Tell us about it.

25             MR. QUINN:  Judge, these are cases in which -- so we

**OFFICIAL TRANSCRIPT**

1    had three cases on this order.  The first one we've managed to

2    cure since the last hearing.  These are -- the only issue in

3    these cases, which appear to be viable cases, are our inability

4    to get a declaration back from a client.  They appear to be

5    viable cases.

6            We've submitted medical records showing proof of

7    Xarelto use and proof of a Xarelto-related bleed.  We just have

8    been unable to contact these two remaining folks to secure

9    declarations.

10            The Court has already given us additional time, and I'm

11    cognizant of that fact, but under these circumstances we'd ask

12    that the Court -- that maybe dismissal be without prejudice, if

13    the Court is unwilling to deny the motion, given that these are

14    minor deficiencies.

15            MS. BRENNAN:  Well, Your Honor, again we take issue

16    with describing as minor a signed declaration that the basic

17    discovery in the case is true and accurate.  As Your Honor has

18    recognized many times over, it's an essential part of the

19    plaintiff fact sheet.

20            For Ms. Stokes, Jacquline Stokes's case, her PFS was

21    due March 2018.  We have sent multiple letters.  She was on a

22    motion for order to show cause in June of 2018.  This is now the

23    third time that she has been before -- her case has been before

24    Your Honor.

25            We would ask that case at this point be dismissed with

**OFFICIAL TRANSCRIPT**

1  prejudice.  I think that we're at the end of the road with

2  Ms. Stokes's case as Mr. Quinn has described in terms of her not

3  being responsive to him.

4          And the same thing with Ms. Thomas's case, Dorothy

5  Thomas.  Her PFS was due in April of 2018.  She was part of the

6  June 2018 motion.  She's received multiple extensions from the

7  Court, and we would ask that the case be dismissed with prejudice

8  at this time.

9          THE COURT:  It's not the attorney's fault.  I mean,

10  it's a situation where you have a client who won't participate in

11  discovery and won't respond to you.  It eats up your time.  It

12  eats up costs from the attorney.  It's just not fair to the

13  attorney.  And it's not fair to the Court, either.

14          We've got these cases -- there are many people who want

15  to proceed with the cases.  If a client doesn't want to proceed,

16  that's their prerogative, but they've got to -- this is not the

17  first time.  This is the second or third or fourth time that I've

18  given these individuals an opportunity to respond.  They won't

19  contact you.  They won't respond.

20          You have told them everything.  You have told them they

21  are going to be dismissed, and they still won't respond.  It's

22  not your fault, it's the clients have just decided to move on

23  with their life.  I understand that.

24          I'll dismiss the cases with prejudice.

25          MS. BRENNAN:  Thank you, Your Honor.

**OFFICIAL TRANSCRIPT**

1    MR. QUINN:  Thank you, Your Honor.

2    MS. DANIEL:  Thank you, Your Honor.

3    The next case, Meril Morgan, was previously dismissed,

4 Your Honor.

5    For the next case, although the firms have been

6 diligent and made all best efforts to cure the deficiencies,

7 through no fault of their own they were unable to remedy this

8 case.  It's Robert Williams.

9    THE COURT:  I'll dismiss that with prejudice.

10    MS. BRENNAN:  Thank you, Your Honor.

11    MS. DANIEL:  The next case is Document 11406,

12 Your Honor.  This was an order to show cause regarding plaintiffs

13 with alleged fact sheet deficiencies that was also held over from

14 a previous order to show cause hearing.  There are two cases on

15 this document.  And although the firms have been diligent and

16 made all best efforts to cure the deficiencies, through no fault

17 of their own the following cases have been unable to be remedied.

18    They are:

19    Lance Boyd.

20    Katherine McKnight.

21    THE COURT:  They will be dismissed with prejudice.

22    MS. BARRIOS:  Thank you, Your Honor.

23    MS. DANIEL:  Next is Document 11413, which is an order

24 to show cause regarding plaintiffs with overdue plaintiff fact

25 sheets.  These cases were held over from a previous order to show

**OFFICIAL TRANSCRIPT**

1   cause hearing.

2           There are two cases on this document, and they are both

3   cured.   They are:

4           Melody Jacobson.

5           Raymond Martin.

6           MS. BRENNAN:   Agreed, Your Honor.

7           THE COURT:   Okay.

8           MS. DANIEL:   The next document is 11416, an order to

9   show cause regarding plaintiffs with alleged fact sheet

10  deficiencies that was held over from the previous order to show

11  cause hearing.   There are 13 cases on this document.   The

12  following six are cured:

13          Evelyn Cooper.

14          Carol Crutcher.

15          Alice Dabbs.

16          Larry Resler.

17          Ann Wisniewski.

18          Georgine Williams.

19          The defendants, through a meet-and-confer, have granted

20  the next four cases extensions.   They are:

21          Glenn Cooper.

22          Kristi -- I'm sorry, you didn't agree to that one.

23          No, Your Honor.   So let's see if anyone is on the line

24  for the Driscoll Firm for Kristi Moreno.

25          Chris, are you still on the line?

**OFFICIAL TRANSCRIPT**

1          MR. QUINN:  I am, yes.

2          MS. DANIEL:  Go ahead.  You can proceed on

3    Kristi Moreno.

4          MR. QUINN:  Judge, I'm cognizant of the Court's time.

5    This is the same situation as the situation in which you and I

6    just spoke about.  Mainly, that the only deficiency is to get a

7    declaration back.  I think in one case there is also an issue

8    with the full Social Security number.

9          What's different from these cases than the previous

10   cases is I do not believe the Court has given these two

11   plaintiffs additional time, unlike the others in which the Court

12   had granted additional time and the plaintiffs remained

13   nonresponsive.

14          I ask that the Court allow additional time for these

15   two plaintiffs, Kristi Moreno and Georgine Williams, for us to

16   try to get a declaration back from these folks.

17          MS. BRENNAN:  If I could just correct, Your Honor, this

18   is now the second hearing date, so these cases were before

19   Your Honor back in September.  They were given another 60 days

20   from September 18th to today to get this basic discovery.

21          Ms. Moreno's PFS was due in June of 2018.  We've sent

22   multiple letters.

23          Similarly, Ms. Williams' PFS was due in May 2018.  We

24   sent multiple letters, and it has been before Your Honor multiple

25   times.

**OFFICIAL TRANSCRIPT**

1      I think we're at the end of the road on these cases and
2  we'd ask that they be dismissed with prejudice.
3      MS. DANIEL:  Your Honor, I would say it's not multiple
4  times it has been in front of Your Honor, but I think it has --
5  this is just a declaration and the last four digits of the Social
6  Security number.  We would ask for additional time on this.  It's
7  Kristi Moreno and Georgine Williams, which will be the same issue
8  on a declaration, just because these are from August.  We would
9  ask for additional time just to try to cure this just for the
10  declaration.
11      THE COURT:  I'll do that for 30 days.  Let's just give
12  them 30 days.
13      But you have to tell them this is the last time, Chris.
14  If they don't respond this time, the cases will be dismissed with
15  prejudice.
16      MR. QUINN:  I understand, Your Honor.  Thank you.
17      MS. DANIEL:  That's for Kristi Moreno and
18  Georgine Williams.
19      The next case is Willie Sherman, Your Honor.  They
20  are -- it's a declaration only case.  It's the Excolo Law Firm.
21      Are you on the line?
22      (No response.)
23      MS. BRENNAN:  And, Your Honor, just -- defendants
24  disagree that it's a declaration only.  We're also missing
25  medical records evidencing an alleged bleeding event in this

**OFFICIAL TRANSCRIPT**

1  case.

2           MS. DANIEL:  And we'll circle back on this case,

3  Your Honor, but it is a death case and that is what they stated

4  in the fact sheet.  And there is a death certificate, so I do

5  believe that the injury has been proven.  The declaration is

6  still missing, but I think we'll circle back and see if they got

7  on the phone at the end.

8           MS. BRENNAN:  Okay.

9           MS. DANIEL:  Your Honor, for the next three cases, all

10 of the firms have been diligent and made all best efforts to cure

11 the deficiencies.  And through no fault of their own, the

12 following cases have been unable to be remedied.  They are:

13           Dennis Dingwitz.

14           Patrick Smith.

15           Johnnie Thompson.

16           MS. BRENNAN:  Your Honor, the defendants, for the

17 reasons stated, would ask that the cases be dismissed with

18 prejudice.

19           THE COURT:  Okay.  The Court will dismiss them with

20 prejudice.

21           MS. DANIEL:  Thank you, Your Honor.

22           The last document is 11640.  There is an order to show

23 cause regarding plaintiffs with overdue plaintiff fact sheets.

24 This is their first time in an order to show cause hearing,

25 Your Honor.  There were 24 cases on this list.

**OFFICIAL TRANSCRIPT**

1         The first one, James Elder, was previously dismissed.

2         There are nine cured cases.   They are:

3         Shirley Busch.

4         Tina Grady.

5         Dwayne Lucas.

6         Valerie Jean Nielson.

7         Mark Pollard.

8         Yolanda Sanchez.

9         Marjorie Shrode.

10        Roddray Walker.

11        Lottie Watson.

12        For the next 12 cases, Your Honor, although the firms

13   have been diligent and made all best efforts to cure the

14   deficiencies, through no fault of their own the following cases

15   have been unable to be remedied.   They are:

16        Tammy Brown.

17        Vivian Brown.

18        Scott Calhoun.

19        Jonathan Denton.

20        Bertie Dixon.

21        Keith Harter.

22        Dollie Johnson.

23        Eric Johnson.

24        Levelle Lee.

25        Pamela Stilson.

**OFFICIAL TRANSCRIPT**

1          Louvenia Williams.

2          Ronald Young.

3          THE COURT:  Let those be dismissed with prejudice.

4          MS. DANIEL:  Thank you, Your Honor.

5          The next two cases, Mary Brennan and Louis Thompson,

6   they are requesting an extension, Your Honor.  They are with

7   Beasley Allen.  We would ask that they be given until the next

8   time.  It is their first time under a show cause hearing.

9          MS. BRENNAN:  Your Honor, for these particular cases,

10  Ms. Brennan's PFS was due over four months ago at this point and

11  they've submitted nothing.

12         And similarly, Mr. Thompson's PFS was due going on five

13  months at this point, and again there has been nothing submitted.

14         So we would ask at this point that the cases be

15  dismissed with prejudice.

16         THE COURT:  This is the first time that we're dealing

17  with this.  I'll pass it for 30 days, but this is the last one.

18         MS. DANIEL:  Thank you, Your Honor.

19         Shall we circle back?

20         THE COURT:  Yes, sure.

21         MS. DANIEL:  So we'll go back, Your Honor, to the CMO 6

22  cases.

23         And if you're on the line, please speak up -- if you

24  weren't previously on the line and you got onto the line late.

25         We'll go with Document 11141, which is the Linda Lynch

**OFFICIAL TRANSCRIPT**

1    case.

2              Is anyone on from the Charles Johnson firm?

3              (No response.)

4              MS. DANIEL:  They are not on, Your Honor.

5              MS. BRENNAN:  So that's the balance of the CMO 6 cases,

6    I believe.

7              THE COURT:  I'll dismiss that one with prejudice.

8              MS. DANIEL:  Your Honor, they are not on the line so we

9    are going to hold over --

10             THE COURT:  I'm sorry.  That's right.  Excuse me.

11   You're right.

12             MS. BRENNAN:  Although we'd be happy to dismiss,

13   Your Honor.

14             THE COURT:  You're right.  The agreement is we pass it

15   for 30 days if they are not on the line.

16             MS. BRENNAN:  Agreed, Your Honor.  Thank you.

17             MS. DANIEL:  Thank you, Your Honor.

18             The next case, Your Honor, is -- I think

19   Patricia Martin with Barrett Beasley, right?

20             MS. BRENNAN:  Right.  So Ms. Beasley, did you join the

21   call?

22             (No response.)

23             MS. BRENNAN:  And, Your Honor, I've already put the

24   reasons on the record as to why this case should be dismissed

25   with prejudice many, many months after it had been before

**OFFICIAL TRANSCRIPT**

1  Your Honor initially.  We would ask that at this time the case be

2  dismissed with prejudice.

3        MS. DANIEL:  I understand that, Your Honor, but she

4  has -- Barrett Beasley has been in communication with me, and she

5  asked that I address the Court.  She is not able to get on the

6  line, unfortunately, so I think we should -- if we can give her a

7  little bit of time, even if it's a smaller amount, 30 days, we'll

8  try to -- either it is that or she --

9        THE COURT:  Is this *pro se?*

10        MS. BRENNAN:  No, Your Honor.  This is a case which is

11  represented by Barrett Beasley of Salim & Beasley.  It has been

12  before Your Honor -- this is now the fourth time.  We filed the

13  motion on the case back in April of 2018, and Ms. Martin still

14  has not produced any medical records proving that she experienced

15  any bleeding event on Xarelto.

16        THE COURT:  This is really basic information and she

17  hasn't responded back.  I'll dismiss this with prejudice.

18        MS. BRENNAN:  Thank you, Your Honor.

19        MS. DANIEL:  Thank you, Your Honor.

20        We would just note that we objected for the record,

21  Your Honor, because they were unable to call in.

22        THE COURT:  I understand.

23        MS. DANIEL:  I think, Your Honor, we're at

24  Willie Sherman from the Excolo firm.

25        This is the case that we just discussed, Your Honor.

**OFFICIAL TRANSCRIPT**

1  It's a death case.  And they did produce a death certificate, so

2  we would state that it is a declaration only.

3          Additionally, counsel is not able to call in.

4          MS. BRENNAN:  And just for the record, the death

5  certificate that was produced states cause of death as COPD,

6  which I don't think there is any disagreement could not be

7  related to Xarelto.  But under the circumstances, given that

8  counsel didn't have an opportunity to call in --

9          THE COURT:  We'll pass it.

10          MS. BRENNAN:  -- we'll pass it.

11          THE COURT:  Yeah.

12          MS. DANIEL:  Thank you, Your Honor.

13          That's it, Your Honor.

14          THE COURT:  Okay.  All right, folks.  Thank you very

15  much.

16          MS. DANIEL:  Have a good Thanksgiving.

17          THE COURT:  Thank you.  And same to you all.

18                    (Proceedings adjourned.)

19                        *  *  *  *

20                       **CERTIFICATE**

21      I hereby certify this 20th day of November, 2018, that
    the foregoing is, to the best of my ability and understanding, a
22  true and correct transcript of the proceedings in the
    above-entitled matter.

23

24                              /Mary V. Thompson
    _____
25                              Official Court Reporter

**OFFICIAL TRANSCRIPT**