## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | **MDL No. 2592** |
| | : | |
| | : | **SECTION L** |
| **THIS DOCUMENT RELATES TO** | : | |
| | : | |
| *Rolland Ives v. Janssen Research &* | : | |
| *Development LLC, et al; 2:15-cv-04251* | : | **JUDGE ELDON E. FALLON** |
| | : | |
| | : | **MAGISTRATE JUDGE NORTH** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S CASE SHOULD NOT BE DISMISSED FOR LACK OF CAPACITY TO PROCEED WITH THE CASE AND PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY <u>COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6</u>**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Rolland Ives' action should not be dismissed with prejudice because there is not a proper party to pursue the case in light of Plaintiff's death nineteen months ago and for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pre-Trial Order ("PTO") No. 13. Plaintiff's failure to comply with CMO 6 is blocking discovery from proceeding and warrants dismissal of this case.

This is a CMO 6 Wave 1 case selected by Defendants on April 16, 2018. Per CMO 6, an updated, fully complete, and verified PFS was due on May 16, 2018. *See* CMO No. 6 ¶ 5(a); PTO 13. Despite the passage of six months since this case was selected for Wave 1 work up, Plaintiff's

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

discovery responses do not comply with the Court's orders, and no representative has been substituted to pursue this case.

Defendants are unable to proceed with discovery because Plaintiff passed away on April 17, 2017—nearly a year before this case was selected for Wave 1 work up—and no party has been substituted to pursue the case on Plaintiff's behalf.  Because the Plaintiff is deceased, he therefore has no capacity to proceed with this case.  *See Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the deceased."); *Magee v. Stacey*, 223 So.2d 194, 195 (La. Ct. App. 1969) (stating that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person").  In an effort to move the case forward, Defendants' counsel contacted Plaintiff's counsel on August 2, 2018 about the need for a motion to substitute but have not received a response.

Despite Plaintiff's passing and the fact that no representative has taken claim over the case, amended PFS were submitted on May 16, 2018, June 11, 2018, and July 5, 2018.  However, the PFS are deficient because the declarations submitted with them were signed by someone who is not a party to this case, and they were not accompanied by documentation to support the signatory's authority to represent Plaintiff or his estate.  Thus, the truth and accuracy of the PFSs submitted in this case were never verified by a valid declaration, as required by PTO 13.  Defendants notified Plaintiff of this deficiency on May 22, 2018, June 11, 2018, July 17, 2018, and August 24, 2018, requesting that Plaintiff submit the required documentation to verify the PFS in 20 days pursuant to PTO 13.  It has been 189 days since the first notice and 95 days since the last notice, but an updated and properly verified PFS has still not been submitted as required by CMO 6 and PTO 13.

Further, Defendants have been unable to collect pertinent medical records from plaintiff's pharmacy and prescriber without documentation supporting the representative's authority to sign the authorizations on behalf of the Plaintiff.  Defendants' counsel have reached out to Plaintiff's counsel on more than ten occasions regarding the need for this documentation, but the requisite documentation has not been provided.

Given all of the above, Defendants cannot proceed with discovery to prepare this case for trail and the Plaintiff lacks capacity to proceed with this case.  This warrants dismissal of Plaintiff's case with prejudice.

For these reasons, Plaintiff Rolland Ives should be ordered to show cause at 9:00 a.m. on December 12, 2018, before the Court as to why his case should not be dismissed with prejudice.

Respectfully submitted,


**ARNOLD & PORTER KAYE
SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@apks.com
william.hoffman@apks.com

*Attorneys for Defendants Bayer HealthCare
Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ Susan M. Sharko
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals,
Inc., Janssen Research & Development, LLC,
Janssen Ortho LLC, and Johnson & Johnson*

4

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*


CHAFFE MCCALL L.L.P.

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 27, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**