UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION : | MDL No. 2592 |
| : | SECTION L |
| THIS DOCUMENT RELATES TO : | |
| *Roger Braden v. Janssen Research & Development LLC, et al; 2:17-cv-08687* : | JUDGE ELDON E. FALLON |
| : | MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PARTICIPATE IN DISCOVERY PURSUANT TO CMO 6**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Roger Braden's action should not be dismissed with prejudice for failure to participate in discovery pursuant to Case Management Order ("CMO") 6. Plaintiff's failure to comply with CMO 6 is blocking discovery from proceeding and warrants dismissal of this case.

This is a CMO 6 Wave 1 case selected by Defendants on April 16, 2018. Per CMO 6, an updated and verified PFS was provided on May 16, 2018. Accordingly, updated Defendant Fact Sheets were due on June 15, 2018 and were provided by Bayer and Janssen via MDL Centrality. Consequently, deposition discovery must be completed in this case by January 15, 2019, which is seven months from the due date for the Defendant Fact Sheet in accordance with CMO 6.

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

Defendants have reached out to Plaintiff's counsel on multiple occasions about scheduling depositions per CMO 6, but Plaintiff still has not agreed to schedule said depositions. Plaintiff's refusal to engage in deposition scheduling in contradiction to CMO 6 warrants dismissal pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b), which allow for the dismissal of an action where the plaintiff fails to prosecute his or her case or fails to obey an order to provide or permit discovery.

Plaintiff's failure to comply with CMO 6 has blocked this case from proceeding with discovery. After key medical records were received, Defendants' counsel reached out to Plaintiff's counsel on four separate occasions in order to schedule depositions beginning on October 25, 2018. Having received no response to Defendants' counsel's initial e-mail, Defendants' counsel followed up again on November 2, 2018 and November 13, 2018. On November 14, 2018, Plaintiff's counsel responded that they were having a difficult time reaching the Plaintiff, and Defendants' counsel responded to propose new deposition dates. Plaintiff's counsel has not responded. Consequently, there is a clear record of delay in this case. *See Parfait v. Hercules Drilling Co., L.L.C.,* No. 12-597, 2012 WL 6697133, at *2 (E.D. La. Dec. 21, 2012) ("'Deliberate, repeated refusals to comply with discovery orders' such as a pro se plaintiff's persistent refusals to appear for deposition, have been held to justify dismissal as the ultimate sanction." (quoting *Pegues v. PGW Auto Glass, L.L.C.*, 451 Fed. Appx. 417, 417-18 (5th Cir. 2011)) (per curium))).

It has now been more than 30 days since Defendants first contacted Plaintiff's counsel regarding scheduling depositions and is now less than 50 days until the discovery deadline ends in this case. Efforts to seek Plaintiff's compliance with the Court orders governing discovery have failed and the necessary discovery has not been scheduled or taken place. At this time, Defendants cannot proceed with discovery to prepare this case for trial because Plaintiff will not schedule

depositions, and Plaintiff will not communicate with Defendants regarding the status of this case. This warrants dismissal of Plaintiff's case with prejudice.

For these reasons, Plaintiff Roger Braden should be ordered to show cause at 9:00 a.m. on December 12, 2018 before the Court as to why his case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@apks.com
william.hoffman@apks.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*


## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on November 27, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

    */s/ John F. Olinde*
    **John F. Olinde**