UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: XARELTO (RIVOROXABAN)   )
PRODUCTS LIABILTY LITIGATION   )   MDL NO. 2592
                               )
                               )   SECTON:   L
                               )
                               )   JUDGE: ELDON E. FALLON
                               )
                               )   MAG. JUDGE: MICHAEL NORTH
                               )

THIS DOCUMENTS RELATES TO:

DANIEL BARNEY

Civil Action No. 2:15-cv-05065

### AFFIDAVIT OF ROOPAL P. LUHANA, ESQ. IN SUPPORT OF THE MOTION TO WITHDRAW AS COUNSEL OF RECORD

COME NOW Roopal P. Luhana, Esq., and Chaffin Luhana LLP, counsel for Plaintiff Daniel Barney, now deceased, hereby file this Affidavit of Roopal P. Luhana, Esq., in Support of the Motion to Withdraw as Counsel of Record.

I, Roopal P. Luhana, Esq., do swear under penalty of perjury to the following:

1. I am an attorney and partner at Chaffin Luhana LLP, which represents Plaintiff Daniel Barney, now deceased, in the above-captioned matter.

2. Undersigned counsel has conferred with Defendants regarding the relief requested herein and the Defendants have indicated that they intend to oppose the Motion, as detailed further below.

1

3. Due to unforeseen circumstances, professional considerations require and demand that Plaintiff's counsel's representation be withdrawn and that this Court promptly order withdrawal of counsel.

4. The undersigned has actively carried out her duties in the best interest of the Plaintiff, Daniel Barney ("Plaintiff"), who is now deceased.

5. The facts now exist pursuant to Louisiana Rule of Professional Conduct 1.16(b)(5) and New York Rule of Professional Conduct 1.16(b)(7), which require the undersigned to seek permission to withdraw as attorney of record for the Plaintiff.

6. Plaintiff's case was filed on October 9, 2015 as part of a bundled complaint.

7. Plaintiff Daniel Barney was alive at the time the Complaint was filed.

8. On December 7, 2015, Plaintiff timely served his Plaintiff Fact Sheet and met all discovery obligations set forth in PreTrial Order 13, which required the submission of a completed Plaintiff Fact Sheet and supporting materials within 60 days of filing the Complaint.

9. Thereafter, on January 1, 2018, my office received notification from the U.S. Postal Service that correspondence sent to Plaintiff was being returned due to Plaintiff Daniel Barney being deceased. (A true and correct copy of the U.S. Postal Service notification is attached hereto as Exhibit A.)

10. On January 4, 2018 my office ran a Clear Report search to locate Plaintiff Daniel Barney's next of kin and learned that Plaintiff had a son Brian Barney.

11. As detailed below, since learning the identity of Plaintiff's son Brian Barney, Plaintiff's counsel has made all reasonable efforts to contact Brian Barney to advise him that his father's Xarelto case was selected as a Remand Case and to discuss next steps.

12. On January 18, 2018, my office called the phone numbers listed in the Clear Report for Daniel Barney and his son Brian Barney but the phone numbers were not in service.

13. On March 29, 2018, my office sent correspondence to Brian Barney, notifying him that the Plaintiff had a pending Xarelto case filed with this Court.

14. On April 5, 2018, Brian Barney called Chaffin Luhana LLP in response to the March 29, 2018 letter. During that conversation, Brian Barney indicated he was not inclined to pursue any litigation but was willing to speak with counsel regarding potentially opening an estate for Plaintiff, Daniel Barney.

15. My office called Brian Barney on his cell phone on April 11, 2018, April 26, 2018, May 1, 2018, and May 22, 2018 to discuss the status of the case and the need to open an estate in order for him to pursue the case.

16. Brian Barney did not respond to those calls.

17. On June 1, 2018 Chaffin Luhana LLP sent Brian Barney a correspondence asking him to contact the undersigned regarding Plaintiff's case but Brian Barney did not respond to the correspondence.

18. On October 5, 2018 my office called and sent another correspondence to Brian Barney asking him to contact the undersigned about Plaintiff's pending Xarelto case.

19. Pursuant to Pre Trial Order ("PTO") 30(1)(a), on October 17, 2018, my office sent email notification to Susan Sharko, Esq. Co-Lead Defense Counsel, Steven Glickstein, Esq. Co-Lead Defense Counsel, John Irwin, Esq., and Lindy Brown, Esq., advising of Chaffin Luhana, LLP's intent to file a Motion to Withdraw as Counsel of Record in the present matter. (A true and correct copy of the October 17, 2018 e-mail is attached hereto as Exhibit B.)

20. On November 21, 2018, Defendants' Lead and Liaison Counsel advised in writing that they intend to oppose the Motion to Withdraw as Counsel (a true and correct copy of Defendants' November 21, 2018 Response is attached hereto as Exhibit C).

21. More than 14 days have passed since my office sent the email notice to Defendants pursuant to PTO 30.

22. On November 1, 2018, my office texted Brain Barney on his cellphone.

23. That same day, Brian Barney called my office in response to the text message and spoke with Kendra Goldhirsch, Esq., who explained, *inter alia*:

    a. Our office had been trying to reach him for months via his cellphone and by mail without success to discuss his father's Xarelto case;

    b. It is imperative that Brian Barney maintain contact with our office as we move forward because this is a filed case;

    c. Daniel Barney's Xarelto case had recently been selected by the Court as a Remand Case for advanced discovery and possible trial; and

    d. In order to proceed with Daniel Barney's Xarelto case, an estate would have to be opened for Daniel Barney, and an Administrator of the Estate could have to be approved by the local probate court in the county where Daniel Barney resided at the time of his death so the case could move forward.

24. On the call, Brian Barney confirmed that the cellphone number and address that we have on file were correct. He further expressed that he would contact a local estate attorney and decide whether to pursue Daniel Barney's Xarelto case.

25. Since the November 1, 2018 call, my office has repeatedly followed-up with Brian Barney via phone (on November 5, 2018, November 6, 2018, November 7, 2018, November 8,

2018, November 15, 2018, November 20, 2018, and November 28, 2108) and text message (on November 5, 2018, November 6, 2018, November 8, 2018, November 13, 2018, November 15, 2018, November 20, 2018, November 21, 2018, and November 28, 2018).

26. My office also sent Brian Barney correspondence:

   a. on November 6, 2018 via U.S. Mail, noting that it is imperative that he contact the office as soon as possible

   b. on November 7, 2018 via Certified Mail and Federal Express summarizing our attempts to reach Brian Barney and asking him to contact our office by November 15, 2018, or we would be forced to filed a Motion to Withdraw as Counsel as required by PTO 30(1)(b) and Local Rule 83.2.11 (a true and correct copy of the proof of mailing of the November 7, 2018 correspondence sent to Brian Barney is attached hereto as Exhibit D); and

   c. on November 9, 2018 via Federal Express and on November 10, 2018 via Certified Mail summarizing our attempts to reach Brian Barney and asking him to contact our office by November 15, 2018, or we would be forced to filed a Motion to Withdraw as Counsel (a true and correct copy of the proof of mailing of the November 9, 2018 correspondence is attached hereto as Exhibit E).

27. To date, Plaintiff's counsel does not know Brian Barney's positon on the herein Motion to Withdraw as Counsel of Record, as counsel has not been able to make contact with him again after advising Brian Barney that his father's case was selected as a Remand Case, and despite multiple attempts to reach him.

5

28. The last known address of Plaintiff's Next of Kin, Brian Barney is 2657 Priest Dr., Lafayette, IN 47909 and his last known phone number is (765) 337-8752.

29. Pursuant to Pre Trial Order 30(1)(c), Plaintiff Daniel Barney complied with the deadlines for service of the Plaintiff Fact Sheet and supporting materials in PTO 13, which required the PFS to be submitted to MDL Centrality within 60 days of filing the Complaint.

30. Plaintiff has complied with Pretrial Order No 11B and the applicable filing fee has been paid (*see* November 28, 2018 Verification of Roopal P. Luhana, Esq., in Support of the Motion to Withdraw as Counsel of Record is filed contemporaneously with the present Motion).

31. Further, pursuant to Local Rule 83.2.11, Plaintiff Daniel Barney is deceased and Plaintiff's son, Brian Barney, has been notified by certified mail of all deadlines and pending court appearances (a true and correct copy of the proof of mailing of the November 28, 2018 correspondence is attached to the Luhana Aff. as Exhibit F).

32. Further, Defendants will not be prejudiced. Although, on November 26, 2018, Defendants filed an Order to Show Cause for failure to produce an updated Plaintiff Fact Sheet, it is important to note that, prior to his death, Plaintiff had previously submitted a full and complete Plaintiff Fact Sheet.

Based on the foregoing, the undersigned moves this Court to grant an Order withdrawing the undersigned and Chaffin Luhana LLP as counsel of record for Plaintiff, Daniel Barney and requests an immediate stay on all deadlines and proceedings including, but not limited to, the Order to Show Cause filed by Defendants.

Dated: November 28, 2018                             Respectfully Submitted:

/s/Roopal P. Luhana

Roopal P. Luhana, Esq.
**CHAFFIN LUHANA LLP**
600 Third Ave., 12th Fl.
New York, NY 10016
Tel: (888) 480-1123
Fax: (888) 499-1123
luhana@chaffinluhana.com