UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION : | MDL No. 2592 |
| : | |
| : | SECTION L |
| THIS DOCUMENT RELATES TO : | |
| : | |
| *Clinton Sesco v. Janssen Research & Development LLC, et al; 2:16-cv-07063* : | JUDGE ELDON E. FALLON |
| : | |
| : | MAGISTRATE JUDGE NORTH |

**ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF CAPACITY TO PROCEED WITH THE CASE**

Plaintiff Clinton Sesco has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 1 case that was randomly selected on April 30, 2018. Initial discovery in this case closes on July 5, 2019. However, Defendants are unable to proceed with discovery because Plaintiff passed away on April 22, 2017—one year before this case was selected for Wave 1 work up—and no party has been substituted to pursue the case on his behalf.

Because the Plaintiff is deceased, he therefore has no capacity to proceed with this case. *See Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the deceased."); *Magee v. Stacey,* 223 So.2d 194, 195 (La. Ct. App. 1969) (stating that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person"). In an effort to move the case forward, Defendants' counsel contacted Plaintiff's counsel about the need for a motion to substitute on August 2, 2018, but the necessary motion still has not been filed.

1

This is not the first time that Plaintiff's failure to provide the documents required to proceed with CMO 6 discovery has been raised with this Court. On August 17, 2018, Defendants filed a motion for Order to Show Cause in this case for failure to submit an updated Plaintiff Fact Sheet as required by CMO 6. [R. Doc. 10542]. Amended PFS were submitted in this case on September 13 and September 17, 2018. In light of the fact that Plaintiff submitted an updated PFS, Defendants withdrew the Motion for Failure to Submit an updated PFS as it pertained to this case. However, neither PFS submitted in September reflected that Plaintiff was deceased, despite the fact that he passed away fifteen months before the PFS were submitted. An updated PFS was not served until November 5, 2018, but person who signed the declaration verifying the November PFS has not been substituted as the Plaintiff.

It has been 584 days since Plaintiff passed away, 210 days since the case was selected, and 181 days since the updated and complete PFS was initially due, but the currently named Plaintiff lacks the capacity to move forward with this case. If no one is willing to pursue this case on behalf of the decedent, the case cannot proceed and should be dismissed with prejudice.

Failure to show cause by appearing before this Court at 9:00 am on December 12, 2018, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of plaintiff's case with prejudice.

New Orleans, Louisiana, on this 30th day of __November__ 2018.

_____
United States District Judge