UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION : | MDL No. 2592 |
| : | SECTION L |
| THIS DOCUMENT RELATES TO : | |
| *Rolland Ives v. Janssen Research & Development LLC, et al; 2:15-cv-04251* : | JUDGE ELDON E. FALLON |
| : | MAGISTRATE JUDGE NORTH |

### ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S CASE SHOULD NOT BE DISMISSED FOR LACK OF CAPACITY TO PROCEED WITH THE CASE AND PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED <u>PLAINTIFF FACT SHEET PURSUANT TO CMO 6</u>

Plaintiff Rolland Ives has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 1 case selected by Defendants on April 16, 2018. Per CMO 6, an updated, fully complete, and verified PFS was due on May 16, 2018. *See* CMO No. 6 ¶ 5(a); PTO 13. Despite the passage of six months since this case was selected for Wave 1 work up, Plaintiff's discovery responses do not comply with the Court's orders, and no representative has been substituted to pursue this case.

Defendants are unable to proceed with discovery because Plaintiff passed away on April 17, 2017—nearly a year before this case was selected for Wave 1 work up—and no party has been substituted to pursue the case on Plaintiff's behalf. Because the Plaintiff is deceased, he therefore has no capacity to proceed with this case. *See Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the

1

deceased."); *Magee v. Stacey*, 223 So.2d 194, 195 (La. Ct. App. 1969) (stating that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person"). In an effort to move the case forward, Defendants' counsel contacted Plaintiff's counsel on August 2, 2018 about the need for a motion to substitute but have not received a response.

Despite Plaintiff's passing and the fact that no representative has taken claim over the case, amended PFS were submitted on May 16, 2018, June 11, 2018, and July 5, 2018. However, the PFS are deficient because the declarations submitted with them were signed by someone who is not a party to this case, and they were not accompanied by documentation to support the signatory's authority to represent Plaintiff or his estate. Thus, the truth and accuracy of the PFSs submitted in this case were never verified by a valid declaration, as required by PTO 13. Defendants notified Plaintiff of this deficiency on May 22, 2018, June 11, 2018, July 17, 2018, and August 24, 2018, requesting that Plaintiff submit the required documentation to verify the PFS in 20 days pursuant to PTO 13. It has been 189 days since the first notice and 95 days since the last notice, but an updated and properly verified PFS has still not been submitted as required by CMO 6 and PTO 13.

Further, Defendants have been unable to collect pertinent medical records from plaintiff's pharmacy and prescriber without documentation supporting the representative's authority to sign the authorizations on behalf of the Plaintiff. Defendants' counsel have reached out to Plaintiff's counsel on more than ten occasions regarding the need for this documentation, but the requisite documentation has not been provided.

Failure to show cause by appearing before this Court at 9:00 am on December 12, 2018, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this 30th day of November 2018.

_____
United States District Judge