UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : : | |
| *Roger Braden v. Janssen Research & Development LLC, et al; 2:17-cv-08687* | : : | JUDGE ELDON E. FALLON |
| | : : | MAGISTRATE JUDGE NORTH |

## ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S CASE SHOULD NOT BE DISMISSED WITH PREJUDICE FOR FAILURE TO PARTICIPATE IN DISCOVERY PURSUANT TO CMO 6

Plaintiff Roger Braden has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 1 case selected by Defendants on April 16, 2018. Per CMO 6, an updated and verified PFS was provided on May 16, 2018. Accordingly, updated Defendant Fact Sheets were due on June 15, 2018 and were provided by Bayer and Janssen via MDL Centrality. Consequently, deposition discovery must be completed in this case by January 15, 2019, which is seven months from the due date for the Defendant Fact Sheet in accordance with CMO 6. Defendants have reached out to Plaintiff's counsel on multiple occasions about scheduling depositions per CMO 6, but Plaintiff still has not agreed to schedule said depositions. Plaintiff's refusal to engage in deposition scheduling in contradiction to CMO 6 warrants dismissal pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b), which allow for the dismissal of an action where the plaintiff fails to prosecute his or her case or fails to obey an order to provide or permit discovery.

1

Plaintiff's failure to comply with CMO 6 has blocked this case from proceeding with discovery.  After key medical records were received, Defendants' counsel reached out to Plaintiff's counsel on four separate occasions in order to schedule depositions beginning on October 25, 2018.  Having received no response to Defendants' counsel's initial e-mail, Defendants' counsel followed up again on November 2, 2018 and November 13, 2018.  On November 14, 2018, Plaintiff's counsel responded that they were having a difficult time reaching the Plaintiff, and Defendants' counsel responded to propose new deposition dates.  Plaintiff's counsel has not responded.  Consequently, there is a clear record of delay in this case. *See Parfait v. Hercules Drilling Co., L.L.C.,* No. 12-597, 2012 WL 6697133, at *2 (E.D. La. Dec. 21, 2012) ("'Deliberate, repeated refusals to comply with discovery orders' such as a pro se plaintiff's persistent refusals to appear for deposition, have been held to justify dismissal as the ultimate sanction." (quoting *Pegues v. PGW Auto Glass, L.L.C.*, 451 Fed. Appx. 417, 417-18 (5th Cir. 2011)) (per curium))).

It has now been more than 30 days since Defendants first contacted Plaintiff's counsel regarding scheduling depositions and is now less than 50 days until the discovery deadline ends in this case.  Efforts to seek Plaintiff's compliance with the Court orders governing discovery have failed and the necessary discovery has not been scheduled or taken place.  At this time, Defendants cannot proceed with discovery to prepare this case for trial because Plaintiff will not schedule depositions, and Plaintiff will not communicate with Defendants regarding the status of this case.  This warrants dismissal of Plaintiff's case with prejudice.

Failure to show cause by appearing before this Court at 9:00 am on December 12, 2018, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this 30th day of November 2018.

_____
United States District Judge