UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVOROXABAN) ) <br> PRODUCTS LIABILTY LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | MDL NO. 2592 <br><br> SECTON:    L <br><br> JUDGE: ELDON E. FALLON <br><br> MAG. JUDGE: MICHAEL NORTH |

THIS DOCUMENTS RELATES TO:

**DANIEL BARNEY**

Civil Action No. 2:15-cv-05065

### MEMORANDUM IN RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFF WITH ALLEGED PLAINTIFF FACT SHEET DEFICIENCIES

COMES NOW, undersigned counsel for Plaintiff Daniel Barney, CHAFFIN LUHANA LLP, and in support states as follows:

1. On November 26, 2018, the Court entered an Order to Show Cause [Dkt. No. 11811], giving certain Plaintiffs, including Plaintiff Daniel Barney, now deceased, until December 12, 2018 to show cause as to why their cases should not be dismissed for failure to remedy the alleged Plaintiff Fact Sheet deficiencies raised in Defendants' Motion for Order to Show Cause.

2. Counsel for Plaintiff Daniel Barney respectfully submits that the Court should defer ruling on the pending Order to Show Cause for 120 days from the date the Court enters the attached Order, to allow sufficient time for Plaintiff's next of kin, Brian Barney, to respond to the pending Order to Show Cause, for the reasons set forth below.

3. Further, on November 28, 2018, Counsel for Plaintiff Daniel Barney filed a Motion to Withdraw as Counsel of Record in the above-captioned case, which is set for hearing on January

1

23, 2019. Plaintiff's Counsel hereby incorporates by reference Plaintiff's Counsel's Motion to Withdraw as Counsel of Record and Supporting Materials [Dkt. Nos. 11851-11815(11)], filed on November 28, 2018.

### I. A 120 Day Extension for Plaintiff's Next of Kin to Respond to the Order to Show Cause will Not Prejudice Defendants

4. On October 9, 2015, at which time Plaintiff Daniel Barney was alive, Plaintiff's Complaint was filed in this matter as part of a bundled complaint.

5. Pursuant to Pre-Trial Order 13, Plaintiff timely submitted a fully completed Plaintiff Fact Sheet and supporting materials to the Defendants via MDL Centrality on December 7, 2015.

6. Significantly, Plaintiff did not submit a PFS with limited Core Information, as was later required. Rather, Daniel Barney submitted a full and complete, executed PFS and met all of his discovery obligations at the time.

7. Thereafter, on December 17, 2018, Counsel was advised that Plaintiff was deceased through the U.S. Postal service's return of correspondence that was sent to Plaintiff by this office.

8. Further, there was no prejudice to the Defendants as there are no post-death records for Daniel Barney to produce.

9. Even assuming Plaintiff's Fact Sheet deficiency is sufficiently significant to warrant intervention by this Court, the remedy requested by Defendants – dismissal of Plaintiff's lawsuit with prejudice is not an appropriate remedy here. The Fifth Circuit has emphasized that "[a]lthough the district court's discretion under Rule 37 is broad...it is not unlimited," and that "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Batson v. Neal Spelce Assocs., Inc.* 765 F.2d 511, 514, 515 (5th Cir. 1985).

10. This remedy of last resort is not appropriate here. As this Court is well aware, the plaintiff population in this litigation consists primarily of elderly people, often with various health problems, and the death or hospitalization of such plaintiffs is, unfortunately, not a rare occurrence. Through no fault of their own, many of these plaintiffs who have otherwise meritorious claims thus become unavailable to assist their attorneys, sometimes only temporarily, despite the attorneys' best efforts to contact them or their family members.

11. Prejudicial dismissal of apparently meritorious claims for purely procedural reasons would be fundamentally unfair under circumstances such as this, where, as here, Plaintiff has substantially satisfied his discovery obligations and any prejudice caused Defendants is *de minimis* at best.

12. The Show Cause Order should be deferred as to the Plaintiff Daniel Barney for 120 days because the Plaintiff Fact Sheet was submitted to Defendants prior to Plaintiff's death, and records documenting Plaintiff's Xarelto based injuries have been provided to Defendants.

**II.  A 120 Day Extension Should be Provided to Allow Plaintiff's Next of Kin to Respond to the Order to Show Cause and Pending Motion to Withdraw as Counsel of Record**

13. Additional time should also be afforded to Plaintiff Daniel Barney's son, Brian Barney, to appear in this case, individually or through new counsel, as a pending Motion to Withdraw as Counsel of Record was recently filed in this case by my office on November 28, 2018. *See* Plaintiff's Counsel's Motion to Withdraw as Counsel of Record and Supporting Materials [Dkt. Nos. 11851-11851(11)], which we incorporate by reference herein.

14. Indeed, after learning of Daniel Barney's death, as detailed in the Memorandum in Support of Motion to Withdraw as Counsel of Record [Dkt. No. 11851-2] and the Affidavit of Roopal P. Luhana, Esq., [Dkt. No. 11851-2] dated November 28, 2018, Plaintiff's Counsel have

3

made all reasonable efforts to contact Daniel Barney's next of kin, Brian Barney, to inform him that Daniel Barney's Xarelto case was selected by the Court as a Remand Case, to discuss next steps, and to advise him of the applicable deadlines in this case.

15. At this time, Plaintiff's Counsel does not know if Brian Barney intends on moving forward with his father's pending Xarelto case.

16. Plaintiff's Counsel therefore respectfully requests that the Show Cause Order deadline as to this Plaintiff be extended for 120 day from the date the Court enters the attached Order to afforded Plaintiff Daniel Barney's son, Brian Barney, sufficient time to appear in this case, individually or through new counsel.

WHEREFORE, Plaintiff's Counsel respectfully requests that Plaintiff be permitted 120 days from the date the Court enters the attached Order for Plaintiff's Next of Kin, Brian Barney to respond to the pending Order to Show Cause.

Dated: December 3, 2018

/s/Roopal P. Luhana
Roopal P. Luhana, Esq.
**CHAFFIN LUHANA LLP**
600 Third Ave., 12th Fl.
New York, NY 10016
Tel: (888) 480-1123
Fax: (888) 499-1123
luhana@chaffinluhana.com