UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO.2592<br><br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

*EDWIN LYKINS v. Janssen Research & Development LLC, et al.;*
Civil Action No.: 2:18-cv-7457

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO DEEM SERVICE COMPLETE AND/OR TO EXTEND TIME TO SERVE

NOW COMES Plaintiff, and respectfully moves this Honorable Court for the entry of an Order deeming service on Defendant, BAYER PHARMA AG, timely completed as of September 19, 2018, or alternatively extending the time for service ten (10) days and deeming service timely completed as of October 12, 2018, and/or for such other relief as the Court deems reasonable and just.

### Factual Background

Plaintiff's Complaint was filed on August 6, 2018. On September 19, 2018 a copy of the Complaint and Summons was sent to Bayer Pharma AG at the physical address and email address identified in PTO 10. (A true and correct copy of the documents sent to Bayer Pharma AG on September 19, 2018, along with the proof of mailing, is attached to the Affidavit of Counsel as Exhibit 1). The physical copy included the Complaint and the Summons issued to Bayer Pharma AG. The email included as attachments a copy of the Complaint and copies of all Summonses issued to the Bayer Defendants. (A true and correct copy of the email, including attachments, sent to xareltocomplaints@babc.com on September 19, 2018 is attached to the Affidavit of Counsel as Exhibit 2). Accordingly, it is Plaintiff's position that service upon Bayer Pharma AG was timely effected on September 19, 2018.

1

On September 28, 2018, counsel for Bayer Pharma AG sent correspondence to Plaintiff's counsel asserting that a physical copy of the Summons to Bayer Pharma AG had not been received and instead a Summons to Bayer Healthcare AG had been received. Although a summons to Bayer Healthcare AG had been included as an attachment to the email sent on September 18, 2018, the records of Plaintiff's counsel confirm that a summons to Bayer Pharma AG was included in the physical mailing. *See* Exhibit 1.

Although Plaintiff maintains that service upon Bayer Pharma AG was complete on September 19, 2018, in a good faith effort to resolve the service dispute, on October 11, 2018, Plaintiff once again sent a physical copy of the Complaint and the Summons issued to Bayer Pharma AG to the address identified in PTO 10. (A true and correct copy of the documents sent to Bayer Pharma AG on October 11, 2018, along with the proof of mailing, is attached to the Affidavit of Counsel as Exhibit 3). Likewise, on October 12, 2018, Plaintiff sent a second electronic copy of the Complaint and Summons issued to Bayer Pharma AG to the email address identified in PTO 10. (A true and correct copy of the email, including attachments, sent to xareltocomplaints@babc.com on October 12, 2018 is attached to the Affidavit of Counsel as Exhibit 4).

On October 24, 2018, Counsel for Defendant Bayer Pharma AG sent correspondence to Plaintiff's counsel admitting that the Complaint and a copy of the Summons issued to Bayer Pharma AG had been received, but asserting that service upon Bayer Pharma AG was untimely and therefore ineffective.

On November 13, 2018, counsel for Plaintiff and counsel for Defendant Bayer Pharma AG conferred telephonically and by email in an effort to resolve the dispute regarding service. Unfortunately, counsel were not able to resolve the dispute as to whether service upon Bayer Pharma AG was effective and therefore the instant motion became necessary.

## Law and Analysis

Pursuant to Pretrial Order 10, Bayer Pharma AG, "agree[d] to waive formal service of process under Federal Rule of Civil Procedure 4 and to accept service of Xarelto cases that are properly commenced in, removed to, or transferred to this MDL." PTO 10 states that Plaintiffs may effect service upon Bayer Pharma AG within 60 days of filing a Complaint and Summons by sending the Complaint and Summons by registered mail, return receipt requested to Bayer Pharma AG, Attn: Eva Gardyan-Eisenlohr, General Counsel, Muellerstrasse 178, 13353 Berlin, GERMANY, and contemporaneously emailing a copy of the Complaint and Summons to xareltocomplaints@babc.com.

PTO 10 further provides that, "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)." Under Federal Rule of Civil Procedure 4(m) "If …the plaintiff can establish good cause for failing to serve the defendant, the court must extend the time for service. Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325 (5th Cir. 2008).

Where a plaintiff presents prima facie evidence of service, normally by filing a signed return of service, the self-serving declaration of a defendant that he was not served is insufficient to overcome prima facie evidence of valid service. See e.g. *Craigslist, Inc. v. Hubert*, 278 F.R.D. 510, 513 (N.D. Cal. 2011).

Here, Plaintiff's Complaint was filed on August 6, 2018. Thus, the deadline to complete service in accordance with PTO 10 was October 5, 2018. It is Plaintiff's position that service was timely completed on September 19, 2018, when counsel for Plaintiff first sent both a physical and an electronic copy of the Complaint and Summons to Bayer Pharma AG in the manner specified by PTO 10. Because the method of service prescribed by PTO 10 does not allow plaintiffs the opportunity to obtain a signed return of service, the attached Affidavit of Counsel, along with its accompanying exhibits demonstrating that both a physical and electronic copy of the Complaint and summons

3

issued to Bayer Pharma AG were sent to the addresses specified in PTO 10, should be accepted as prima facie evidence of valid and timely service.

Even if Bayer Pharma AG's self-serving declaration that it did not receive the Summons sent on September 19, 2018 were sufficient to rebut the prima facie evidence of service presented by Plaintiff, however, there is no dispute that both physical and electronic copies of the Complaint and Summons were sent on October 11 and 12, 2018, less than ten (10) days after expiration of the sixty (60) day service period allowed under PTO 10. Therefore, if the Court has any doubt as to whether service upon Bayer Pharma AG was effected within the time provided by PTO 10, the most reasonable and just remedy would be to extend the time for service by ten (10) days, which would bring the undisputed October 11 and 12, 2018 delivery of the Complaint and Summons within the time allowed for service under PTO 10. Such a brief extension of the time for service would not result in any prejudice to Bayer Pharma AG, and would be wholly consistent with Federal Rule of Civil Procedure 4(m).

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's request to deem service on Bayer Pharma AG, complete as of September 19, 2018, or alternatively extending the time for service of the Complaint on Bayer Pharma AG, by ten (10) days, and deeming service complete as of October 12, 2018, when it is undisputed that Bayer Pharma AG was sent both a physical and electronic copy of the Complaint and Summons in the manner required by PTO 10, or for such other relief as the Court deems reasonable and just.

Dated: <u>December 5, 2018</u>

                                                           Respectfully submitted,

                                                           <u>/s/ Kristie L. Fischer</u>
                                                           Kristie L. Fischer
                                                           Nevada Bar No. 11693
                                                           CANEPA RIEDY ABELE
                                                           851 S. Rampart Boulevard, Suite 160

Las Vegas, Nevada 89145
Tel: (702) 304-2335
Fax: (702) 304-2336
kfischer@canepariedy.com

Counsel for Plaintiff, Edwin Lykins

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been filed in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

Dated: December 5, 2018

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Kristie L. Fischer
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Kristie L. Fischer