UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) MDL NO. 2592 ) |
| | ) SECTION: L |
| STANLEY B. GOLDBERG AND JULIETTE GOLDBERG | ) JUDGE FALLON ) MAG. JUDGE NORTH |
|     Plaintiffs, | ) |
| | ) COMPLAINT AND JURY DEMAND |
| v. | ) |
| | ) Civil Action No: 2:17-cv-12764 |
| JANSSEN RESEARCH & DEVELOPMENT LLC | ) |
|     f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, | ) **WAVE 1 REMAND** ) ) |
| JANSSEN ORTHO LLC, | ) |
| JANSSEN PHARMACEUTICALS, INC. | ) |
|     f/k/a JANSSEN PHARMACEUTICA INC. | ) |
|     f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., | ) ) |
| JOHNSON & JOHNSON COMPANY, | ) |
| BAYER HEALTHCARE PHARMACEUTICALS, INC. | ) |
| BAYER PHARMA AG, | ) |
| BAYER CORPORATION, | ) |
| BAYER HEALTHCARE LLC, | ) |
| BAYER HEALTHCARE AG, and | ) |
| BAYER AG, | ) |
| | ) |
|     Defendants. | ) ) |

## PLAINTIFFS UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD**: NOTICE IS HEREBY GIVEN THAT Plaintiff Stanley B. Goldberg, by and through the undersigned attorneys, will seek leave to amend his complaint on December 19, 2018, before the Honorable Eldon E. Fallon pursuant to Rule 15 (a)(2), for an Order GRANTING Plaintiff's Motion to file an

Amended Complaint[1] based on Plaintiff's second significant gastrointestinal bleeding event on September 22, 2018, while taking Xarelto and to add Juliette Goldberg's cause of action for loss of consortium based on the adverse effect these significant injuries have directly had on the loss of society, including but not limited to his services, comfort, society, and attentions in the past, present and Plaintiffs anticipate in the future of their marital relationship.  Plaintiff's new claims are supported by his continued use of Xarelto which has resulted in life threatening injuries that have directly affected Juliette Goldberg's loss of society.

This Honorable Court should allow Plaintiffs to file their Proposed First Amended Complaint because there has not been undue delay, Defendants will not be prejudiced, and the amendments would not be futile.

## ARGUMENT

Rule 15(a) provides that leave to amend shall be freely given when justice requires. "Leave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999). The United States Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Davis v. Liberty Mut. Ins. Co*., 871 F.2d 1134, 1136 (D.C. Cir. 1989). Thus, the burden is on the opposing party to show that there is reason to deny leave. *In re Vitamins Antitrust Litigation*, 217 F.R.D. 30, 32 (D.D.C. 2003). The Supreme Court explained that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper source of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

The law is well-settled that leave to amend a pleading should be denied only where there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility of amendment. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The grant or denial of leave to amend is committed to the sound discretion of the district court. *Anderson v. USAA Cas. Ins. Co.*, 218 F.R.D. 307, 310 (D.D.C. 2003).

I. **PLAINTIFFS ARE ENTITLED TO AMEND THEIR COMPLAINT BECAUSE THERE HAS NOT BEEN UNDUE DELAY**

Plaintiffs have not unduly delayed in bringing this motion to amend. The United States Court of Appeals for the District of Columbia has held that "[w]here an amendment would do no more than clarify legal theories or make technical corrections . . . delay, without a showing of prejudice, is not a sufficient ground for denying the motion." *Harrison v. Rubin*, 174 F.3d 249, 253 (D.C. Cir. 1999); see also *Atchinson v. District of Columbia*, 73 F.3d 418, 426 (D.C. Cir. 1996) (holding that in order to determine the severity of the delay, the court considers any resulting prejudice the delay may cause); Estate of *Gaither v. District of Columbia*, 272 F.R.D. 248, 252 (D.D.C. 2011) ("[T]he mere passage of time does not preclude amendment—the delay must result in some prejudice to the judicial system or the opposing party."). Plaintiffs' proposed amendment would merely clarify the constitutional claims upon which they rely without significantly expanding or altering the scope of this action. Even should defendants claim that there was undue delay in plaintiffs' attempt to amend their complaint, any alleged delay has been slight, particularly since this case is still at an early stage in litigation. Thus, there is no risk or unduly increasing discovery or delaying trial. *N. Am. Catholic Educ. Programming Found., Inc v. Womble, Carlyle, Sandridge & Rice, PLLC*, 887 F. Supp. 2d 78, 83 (D.D.C. 2012*); Heller v. District of Columbia*, No. 08-1289, 2013 *U.S. Dist. LEXIS 38833*, at *8 (D.D.C. Mar. 20, 2013) ("A case's position along the litigation path proves particularly important in that [hardship] inquiry: the further the case has

progressed, the more likely the opposing party is to have relied on the unamended pleadings."); Harrison, 174 F.3d at 253. In fact, courts have granted leave to amend even after plaintiffs had "five previous attempts to state [a] cognizable claim . . . because [the] Federal Rules suggest [that the] 'artless drafting of a complaint should not allow for the artful dodging of a claim.'" *Driscoll v. George Washington Univ.*, No. 12-0690, 2012 U.S. Dist. LEXIS 127870, at \*7 (D.D.C. Sept. 10, 2012) (alteration in original) (quoting *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 72 F.R.D. 556, 561 (S.D.N.Y. 1976)). There is thus no undue delay, and plaintiffs should be allowed to file their amended complaint.

## II. PLAINTIFFS ARE ENTITLED TO AMEND THEIR COMPLAINT BECAUSE DEFENDANTS WILL NOT BE PREJUDICED

Defendants will not be prejudiced by Plaintiffs' First Amended Complaint. The "'liberal concepts of notice pleading" is to make the defendants aware of the facts." Harrison, 174 F.3d at 253. Accordingly, a plaintiff is not bound by the legal theories originally alleged unless a defendant is prejudiced on the merits. Id. The addition of alleging a second gastrointestinal bleeding event in September 2018 does not substantially change the theory on which the case has been proceeding as the second event was caused by Plaintiff's Xarelto use as alleged in the Original Complaint. Further, the addition of a loss of consortium claim arising out of Plaintiff Stanley Goldberg's Xarelto injuries. *See Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006) ("Where 'the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation the court may deem it prejudicial.'") (quoting *Zenit Radio Corp v. Hazeltine Research Inc*., 401 U.S. 321 (1971)); *Heller*, 2013 U.S. Dist. LEXIS 38833, at \*8. Neither are the addition of allegations related to Plaintiff Stanley Goldberg's second gastrointestinal bleeding event nor amending the complaint

to allege a claim for loss of consortium are "remote from the other issues in the case." Defendants have not taken Plaintiff Stanley Goldberg's deposition and Defendants will not require defendants to engage in significant new preparation in responding to Plaintiffs' new claims. *Id*.

### III. PLAINTIFFS ARE ENTITLED TO AMEND THEIR COMPLAINT BECAUSE THEIR AMENDMENTS WOULD NOT BE FUTILE

Plaintiffs' proposed amendments are not futile. "A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States,* 677 F.3d 471, 480 (D.C. Cir. 2012) (citing *James Madison Ltd by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)). In order to survive a motion to dismiss, a complaint must have facial plausibility allowing the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662 (2009). The court must construe the complaint in favor of the plaintiff and grant plaintiff the benefit of all inferences derived from the facts. *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979).

The amendment related to the gastrointestinal bleeding event in September of 2018 asserts the same allegations and theories of liability asserted in Plaintiff's original complaint. The amendment related to Plaintiff Juliette Goldberg's loss of consortium claim is timely pursuant to the four-year statute of limitations. See Fla. Stat. Ann § 95.1.

The Florida Supreme Court held in *Gates v. Foley*, 247 So.2d 40 (Fla 1971) that "the rule that we now recognize is that the wife of a husband injured as a proximate result of the negligence of another shall have a right of action against that same person for her loss of consortium. We further hold that her right of action is a derivative right and she may recover only if her husband has a cause of action against the same defendant. This means that the tortfeasor was negligent, and the husband was free from contributory negligence."

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant it leave to file the attached Amended Complaint.

WHEREFORE, Plaintiff respectfully requests that this Court GRANT Plaintiff's Motion and Order to Amend Complaint.

**THIS CASE IS A WAVE 1 REMAND SELECTION.**

Respectfully submitted this 6th day of December 2018.

**Law Office of Christopher K. Johnston, LLC**

/s/ David B. Owen Jimenez
David B. Owen Jiménez
USDCPR No. 301113
Puerto Rico Bar No. 19627
david@masstortslaw.com
Christopher K. Johnston
California Bar No. 261474
kyle@masstortslaw.com
Hato Rey Center
268 Ponce de León Ave., Suite 1020
San Juan, Puerto Rico 00918
Tel: (844) 345-3784
Fax: (844) 644-1230

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of December 2018, a true and correct copy of the foregoing has been submitted to the Clerk of the Court for filing and electronic service via the Court's CCM/ECF system on all counsel of record.

//s/ David B. Owen Jiménez
David B. Owen Jiménez