UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL NO. 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE NORTH |

*********************************************

THIS DOCUMENT RELATES TO:

*Cecelia Baird v. Janssen Research & Development LLC, et al.;*
Case No. 2:16-cv-00114;

*Anthony Dichiaro v. Janssen Research & Development LLC, et al.;*
Case No. 2:16-cv-07448; and

*Virginia Wanat v. Janssen Research & Development LLC, et al.;*
Case No. 2:16-cv-08191.

## RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFFS' ALLEGED FAILURE TO SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6

Defendants moved for, and this Court entered, an Order to Show Cause why certain Plaintiffs' actions should not be dismissed for alleged failure to submit an updated and fully complete Plaintiff Fact Sheet as required by CMO 6.  *See* Rec. Doc. 11811.  The three Plaintiffs listed above and represented by The Driscoll Firm, P.C. appear on the Order.  For the reasons that follow, Plaintiffs respectfully request that they be granted additional time or that any dismissal be without prejudice.

All three of these Plaintiffs appear to have viable claims based on previously submitted medical records documenting their hospitalizations for Xarelto-related gastrointestinal bleeding. In addition, they submitted fact sheets containing at least substantially complete core case

1

information, as well as the required signed authorization forms, in 2016. **_Notably, Plaintiff Cecelia Baird, for her part, submitted a completed fact sheet, not just core case information,_** and Defendants therefore submitted their Defendant Fact Sheets in 2016.

Due to unforeseen and extenuating circumstances, however, counsel for these Plaintiffs has been unable to contact them to obtain additional fact sheet information and updated declarations. Plaintiffs Cecelia Baird and Virginia Wanat apparently passed away after their lawsuits were filed and all attempts to locate and contact any surviving next of kin by any means since the time these cases were selected pursuant to CMO 6 have failed. Counsel has likewise been unable to contact Plaintiff Anthony Dichiaro, likely because he has relocated to an unknown assistant living facility. We have been in recent contact with an individual we believe is Mr. Dichiaro's daughter; however, repeated attempts to secure information and documents necessary to serve a fully complete and updated plaintiff fact sheet from this individual have failed. Counsel requests additional time to attempt to secure the necessary information and documents due to these extenuating circumstances.

Should the Court deny Plaintiffs' request for additional time, Plaintiffs respectfully submit that the remedy defendants request – dismissal of Plaintiffs' lawsuits with prejudice – is not an appropriate remedy here. The Fifth Circuit has repeatedly emphasized that "[a]lthough the district court's discretion under Rule 37 is broad, … it is not unlimited," and that "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Batson v. Neal Spelce Assocs., Inc.,* 765 F.2d 511, 514, 515 (5th Cir. 1985) (remanding for reassessment of sanctions and reconsideration of whether district court should have imposed a "less drastic sanction" than prejudicial dismissal notwithstanding plaintiff's "flagrant" discovery violations including her refusal, in violation of a district court order overruling her

motion to quash, to produce subpoenaed financial documents "absolutely necessary to defend against her demand for damages" for nearly a year).   Indeed, the Court of Appeals has often characterized dismissal with prejudice as "a draconian remedy, or a remedy of last resort only to be applied in extreme circumstances." *Id.* at 515 (internal quotations omitted).

For the reasons stated above, this draconian remedy of last resort is not appropriate here. As this Court is well aware, the plaintiff population in this litigation consists primarily of elderly people, often with various health problems, and the death or hospitalization of such plaintiffs is, unfortunately, not a rare occurrence.  Through no fault of their own, many of these plaintiffs who have otherwise meritorious claims thus become unavailable to assist their attorneys, sometimes only temporarily, despite the attorneys' best efforts to contact them or their family members. Prejudicial dismissal of apparently meritorious claims would be fundamentally unfair under circumstances such as this, where any prejudice caused Defendants is *de minimis* at best.

WHEREFORE, Plaintiffs respectfully request, through counsel, that the Order to Show Cause be dismissed and that they be granted additional time to serve fully completed and updated fact sheets.  Failing that, Plaintiffs request that any dismissal be without prejudice.


Signed: December 7, 2018                                  Respectfully submitted,

                                        By:     */s/ Christopher J. Quinn_____*
                                                Christopher J. Quinn
                                                THE DRISCOLL FIRM, P.C.
                                                211 N. Broadway, 40th Floor
                                                St. Louis, MO 63102
                                                Tel: (314) 932-3232
                                                Fax: (314) 932-3233
                                                chris@thedriscollfirm.com
                                                *Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on December 7, 2018, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Christopher J. Quinn*_____
Christopher J. Quinn
THE DRISCOLL FIRM, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Tel: (314) 932-3232
Fax: (314) 932-3233
chris@thedriscollfirm.com

*Attorneys for Plaintiff*