
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| JAYNE HALL, | SECTION: L |
| Plaintiff, | JUDGE ELDON E. FALLON |
| vs. | MAGISTRATE JUDGE NORTH |
| JANSSEN RESEARCH & DEVELOPMENT, LLC; JOHNSON & JOHNSON; JANSSEN ORTHO, LLC; JANSSEN PHARMACEUTICALS, INC.; BAYER CORPORATION; BAYER HEALTHCARE AG BAYER PHARMA AG; BAYER AG; BAYER HEALTHCARE LLC; BAYER HEALTHCARE PHARMACEUTICALS INC.; AND FICTITIOUS DEFENDANTS 1-100, | |
| Defendants. | |

**THIS DOCUMENT RELATES TO:**

*Wayne Hall, On behalf of himself and as Administrator of the Estate of Jayne Hall, Deceased v. Janssen Research & Development, LLC, et al.*

**CIVIL ACTION NO.: 2:17-cv-05188**

### PLAINTIFF'S MOTION TO AMEND COMPLAINT

COMES NOW counsel for Plaintiff Jayne Hall, now deceased, and Plaintiff Wayne Hall, as personal representative and administrator of the Estate of Jayne Hall, and respectfully submits to this Court, pursuant to Rule 15(a)(2, Federal Rule of Civil Procedure and Local Rule 7.6, this Motion to Amend Complaint to add a cause of action for wrongful death with respect to Plaintiff Jayne Hall and as grounds therefor shows unto the Court as follows:

1. Plaintiff Jayne Hall, died on July 8, 2018.

2. Plaintiff Jayne Hall was prescribed Xarelto by her treating physician, Dr. Srinivasa Satti of Canton, Ohio on February 16, 2015 for the treatment of atrial fibrillation.

3. Plaintiff Wayne Hall contends that his mother Jayne Hall's use of Xarelto was a substantial contributing cause of her death.

4. In order to prevail on a claim for wrongful death under Ohio law, a plaintiff must prove: "(1) a wrongful act, neglect, or default of the defendant that proximately caused the death and that would have entitled the decedent to maintain an action and recover damages if death had not ensued; (2) the decedent was survived by a spouse children, parents, or other next of kin; and (3) the survivors suffered damages by reasons of the wrongful death." *Bishop v. Nelson Ledges Quarry Park, Ltd.,* 11th Dist. No. 2004-P-0008, 2005 Ohio 2656, at P19, citing McCormac, Wrongful Death in Ohio § 2.02.

5. Furthermore, under § 2125.02(A)(1) of the Ohio Code, the children of the decedent are "rebuttably presumed to have suffered damages by reason of the wrongful death." Ohio Rev. Code Ann. § 2125.02(A)(1) (1999).

6. Financial dependence is not required under Ohio law in order for a child to maintain a cause of action for wrongful death under Ohio law. "A liberal interpretation of Ohio's wrongful death statute that would permit adult children to recover in every case is required by rules of construction, case law from Ohio appellate courts, and the requirements of equal protection of the law. *Ellenwood v. Flower Mem'l Hosp.*, 587 N.E.2d 1006, 1010 (Com. Pl. 1991).

7. The lapse of time between the injury and the death of decedent does not affect the Plaintiff's ability to bring a wrongful death claim because a claim for wrongful death is an independent action, not derivative of the prior suit. Pursuant to the Supreme Court of Ohio, "because a wrongful death action is an independent cause of action, the right to bring the action

cannot depend on the existence of a separate cause of action held by the injured person immediately before his or her death. To conclude otherwise would convert the wrongful death action from an independent cause of action to a derivative action, one dependent on a separate cause of action. Moreover, the wrongful death action does not even arise until the death of the injured person. It follows, therefore, that the injured person cannot defeat the beneficiaries' right to have a wrongful death action brought on their behalf because the action has not yet arisen during the injured person's lifetime." *Thompson v. Wing*, 637 N.E.2d 917, 922 (Ohio S. Ct.1994)

8. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, counsel for plaintiff files this Motion to Amend Complaint to add a wrongful death cause of action with respect to Plaintiff Jayne Hall. A copy of the First Amended Complaint is attached hereto and incorporated herein by reference as Exhibit "A."

9. Counsel for Plaintiff has conferred with counsel for defendants, and defendants object to the filing of this motion.

WHEREFORE, premises considered, Plaintiff requests this Honorable Court enter an Order granting Plaintiff's Motion to Amend Complaint in this case.

                              Respectfully submitted,

Date:  December 12, 2018         s/ Andy D. Birchfield, Jr.
                                         Andy D. Birchfield, Jr.
                                         David B. Byrne, III
                                         BEASLEY, ALLEN, CROW,
                                         METHVIN, PORTIS & MILES, P.C.
                                         Post Office Box 4160
                                         Montgomery, Alabama 36103-4160
                                         (334) 269-2343
                                         (334) 954-7555 (facsimile)
                                         Andy.Birchfield@BeasleyAllen.com
                                         David.Byrne@BeasleyAllen.com

                                         ***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Motion to Amend Complaint have contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.


Date:  December 12, 2018                                             s/Andy D. Birchfield, Jr.
                                                                                            Andy D. Birchfield, Jr.