UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

_____

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| WAYNE HALL, | SECTION: L |
| Plaintiff, | JUDGE ELDON E. FALLON |
| vs. | MAGISTRATE JUDGE NORTH |
| JANSSEN RESEARCH & DEVELOPMENT, LLC; JOHNSON & JOHNSON; JANSSEN ORTHO, LLC; JANSSEN PHARMACEUTICALS, INC.; BAYER CORPORATION; BAYER HEALTHCARE AG BAYER PHARMA AG; BAYER AG; BAYER HEALTHCARE LLC; BAYER HEALTHCARE PHARMACEUTICALS INC.; AND FICTITIOUS DEFENDANTS 1-100, | |
| Defendants. | |

_____

**THIS DOCUMENT RELATES TO:**

*Wayne Hall, On behalf of himself and as Administrator of the Estate of Jayne Hall, Deceased v. Janssen Research & Development, LLC, et al.*

**CIVIL ACTION NO.: 2:17-cv-05188**

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**COMES NOW** Plaintiff Wayne Hall as executive administrator of the Estate of Jayne Hall, by counsel, and pursuant to Rule 15(a)(2) of the Federal Rules of Procedure and Local Rule 7.6, submits this Memorandum in Support of their Motion for Leave to File an Amended Complaint.

1

## I. STATEMENT OF FACTS

On May 24, 2017, Plaintiff filed suit against Janssen Research & Development, LLC, Johnson & Johnson, Janssen Ortho, LLC, Janssen Pharmaceuticals, Inc., Bayer Corporation, Bayer Healthcare AG, Bayer Pharma AG, Bayer AG, Bayer Healthcare, LLC, and Bayer Healthcare Pharmaceuticals, Inc., based on injuries sustained by Plaintiff Jayne Hall as a result of ingesting Xarelto®, also known as Rivaroxaban.

The original Complaint was filed while the decedent, Jayne Hall, was still alive. However, on July 18, 2018, after commencing litigation, Plaintiff died from the injuries caused by the very product manufactured by defendants.

Plaintiff now requests leave to file an Amended Complaint to include an additional claim for wrongful death as a result of ingesting Xarelto®, also known as Rivaroxaban.

Pursuant to Ohio Statute § 2125.02 (D), "an action for wrongful death shall be commenced within two years after the decedent's death." Ohio Rev. Code Ann. § 2125.02 (D). "An action for wrongful death does not arise until the death of the injured person." *Thompson v. Wing,* 637 N.E.2d 917 (1994).

Defendants Janssen and Bayer design, manufacture, market and sell the product Xarelto®, also known as Rivaroxaban which caused Jayne Hall significant injury, and ultimately her death. Therefore, Plaintiff seeks leave to amend their complaint to include a wrongful death claim against Janssen and Bayer in this action.

## II. LEGAL STANDARD

Rule 15(a) provides that a party may amend its pleadings by leave of court and that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). As the U.S. Supreme Court has emphasized, "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus,

"[t]he standard for granting leave to amend a civil complaint is very liberal." *Foxworth v. United States*, No. 3:05CV643-JRS, 2006 U.S. Dist. LEXIS 48235, at *3-4 (E.D.Va. July 17, 2006). Further Local Rule 7.4 of the Eastern District of Louisiana provides that "all contested motions must be accompanied by separate memoranda which must contain a concise statement of reasons supporting the motion and citations of authorities." LR 7.4. The Fourth Circuit has explained that leave to amend should only be denied where there is: (1) prejudice to the nonmoving party; (2) bad faith of the moving party; or (3) futility of the proposed amendment. *Edell & Associates, P.C. v. Law Offices of Peter G. Gangelos*, 264 F.3d 424, 446 (4th Cir. 2001).

### III. ARGUMENT

In this case, the Plaintiff seek to amend the previously filed Complaint to include an additional wrongful death claim which resulted from the injuries sustained by Plaintiff forming the basis of this lawsuit. As noted above, leave to amend should be freely given and Plaintiff's motion should be granted.

#### A. Plaintiff's Proposed Amendment is Not Prejudicial to Any Defendant.

Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006). A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by [the defendant and] is offered shortly before or during trial.' *Id.* While Plaintiff is seeking to raise an additional legal theory, the addition of the wrongful death claim would not require the gathering and analysis of facts not already considered by defendant. The discovery phase of this litigation will already involve the information necessary to litigate a wrongful death claim. Plaintiff is proposing this amendment

during the early stages of litigation as significant discovery remains to be completed. Furthermore, the Court has not set a trial date for this case. The proposed Amended Complaint does seek to add a new cause of action against Janssen and Bayer, but the requested cause of action does not require the gathering and analysis of facts not already considered and is not offered shortly before trial. Accordingly, allowing Plaintiff to amend the previously filed Complaint would not be prejudicial to defendants.

### B. **Plaintiff Is Not Acting in Bad Faith.**

Plaintiffs are not acting in bad faith in seeking to amend their previously filed Complaint. They are not seeking to harass or abuse defendants Bayer and Janssen in any way. *See GSS Properties, Inc. v. Kendale Shopping Center, Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. 1988). The Plaintiff is revising his Complaint based upon the recent death of his mother, decedent, whose death is attributable to the ingestion of Xarelto®, also known as Rivaroxaban.

### C. **Plaintiff's Proposed Amendment is Not Futile.**

For a motion to amend to be futile, it must be clearly insufficient or frivolous on its face. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). The Plaintiff's proposed Amended Complaint alleges that defendants designed, manufactured, and marketed a blood thinner which caused Plaintiff Jayne Hall to sustain serious injuries, and ultimately led to her death. These allegations are sufficient to state a claim for wrongful death under Ohio law. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Further, given that this Court has yet to rule on the viability of the claims, the proposed Amended Complaint does not contradict or ignore any earlier rulings. *See Nolte v. Capital One Financial Corp.,* 390 F.3d 311 (4th Cir. 2004) (amendment denied as futile when it does not cure deficiencies previously identified by the Court). Accordingly, Plaintiff's proposed amendment is not futile.

## IV. CONCLUSION

For the reasons outlined above, Plaintiff respectfully requests the Court to grant his Motion for Leave to File an Amended Complaint.

Respectfully submitted,

Date: December 12, 2018

s/Andy D. Birchfield, Jr.
Andy D. Birchfield, Jr.
David B. Byrne, III
Gibson D. Vance
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 (facsimile)
Andy.Birchfield@BeasleyAllen.com
Gibson.Vance@BeasleyAllen.com
David.Byrne@BeasleyAllen.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Motion to Amend Complaint has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

Date: December 12, 2018            s/Andy D. Birchfield, Jr.
                                                      Andy D. Birchfield, Jr.