UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates To:**<br>*George Kuhlmann v. Janssen Research & Development, et al.*; Civil Case No.: 2:15-CV-06617 | MDL No. 2592<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAG. JUDGE NORTH |

## AMENDED PLAINTIFF'S RESPONSES AND OBJECTIONS TO AMENDED NOTICE OF VIDEO DEPOSITION OF PLAINTIFF

Comes now the Plaintiff and hereby responds and objects to the Amended Notice of Video Deposition of George Kuhlmann and the requests for production listed in Exhibit "A" to the Notice as follows:

Plaintiff objects to that portion of the Notice which states that the deposition "will continue from day to day until completed" on the grounds that the Court's pre-trial orders provide time limitations on the taking of plaintiff depositions in MDL 2592. Accordingly, the defendants may not exceed such time limitations except by agreement of the parties or by order of the Court.

Plaintiff objects generally to each and every request for documents propounded by Defendants to the extent the discovery sought exceeds the scope of discovery allowed under the Federal Rules of Civil Procedure, the Court's Local Rules and/or the Court's Pre-Trial Orders in this litigation.

Plaintiff also generally objects to each and every request for documents propounded by Defendants to the extent they seek discovery beyond that permitted by the Court during this Wave

discovery period and as provided for in the court-ordered Plaintiff Fact Sheet ("PFS"). Plaintiff has previously completed and served a PFS along with signed authorizations for the release of records to Defendants. Plaintiff has also produced documents responsive to the requests set forth in Section IX of the PFS. As such, the Plaintiff further objects to these requests to the extent they are redundant, repetitive or seek documents or information already produced by Plaintiff or that can be obtained by Defendants pursuant to any of the several authorizations that Plaintiff has executed and produced to Defendants.

Lastly, Plaintiff objects to each and every request for documents propounded by Defendants to the extent they seek to impose additional (or different) ESI and/or document preservation or production obligations on Plaintiff beyond those set forth in the Court's PTO 15 or PTO 15B.

Subject to the foregoing general objections, and incorporating said general objections herein by reference, Plaintiff responds to the individual requests ("Requests") as follows:

1. **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between any attorneys or other agents for George Kuhlmann and any healthcare provider that rendered any care or treatment to George Kuhlmann;**

Plaintiff's Response to Document Request No. 1:

Plaintiff objects to this Request to the extent it seeks documents or information protected from disclosure by the attorney work product doctrine and/or the attorney-client privilege. Plaintiff also objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Additionally, Plaintiff objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court in its prior pre-trial

orders. Plaintiff also objects to this Request to the extent that it prematurely seeks the production of documents and/or information outside the timetables established by the Court in its prior pre-trial orders. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation between *any* attorneys or *other* agents" for Plaintiff and "*any* healthcare provider that rendered *any* care or treatment" to the Plaintiff. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession, custody or control.

2. **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between George Kuhlmann and any healthcare provider that rendered any care or treatment to George Kuhlmann;**

Plaintiff's Response to Document Request No. 2:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation" between Plaintiff and "*any* healthcare provider that rendered *any* care or treatment to" Plaintiff. Plaintiff objects to the extent the Request seeks the production of

documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that there are none.

3. **All documents or other materials regarding this litigation given by George Kuhlmann, his attorneys and/or agents, to any healthcare provider that rendered any care or treatment to George Kuhlmann;**

Plaintiff's Response to Document Request No. 3:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Additionally, Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* documents or *other* materials regarding this litigation given by George Kuhlmann, his attorneys and/or agents, to *any* healthcare provider that rendered *any* care or treatment to George Kuhlmann." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he has no such items in his possession, custody, or control.

4. **All transcripts or other records of any testimony of George Kuhlmann given under oath at any deposition, hearing, trial, or other proceeding of any kind;**

Plaintiff's Response to Document Request No. 4:

Plaintiff objects to this Request to the extent that it seeks the production of documents

beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* transcripts or *other* records of *any* testimony of" Plaintiff "given under oath at *any* deposition, hearing, trial, or *other* proceeding of *any* kind." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he has no such items in his possession, custody, or control.

5. **All e-mails, personal calendars, notes, journals, diaries, or "blogs", whether electronic or paper, made by Plaintiff at his direction that relate to Plaintiff's alleged use of Xarelto, medical conditions for which Xarelto was prescribed, the adverse event which is the subject of this lawsuit, and any damages claimed due to Plaintiff's alleged exposure to Xarelto;**

Plaintiff's Response to Document Request No. 5:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that he has no such items in his possession, custody or control.

6. **All photographs, slides, DVDs or other videos of George Kuhlmann from the time**

**of Plaintiff's first prescription of Xarelto to the present;**

Plaintiff's Response to Document Request No. 6:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* photographs, slides, DVDs or other videos of Plaintiff" that were taken, prepared or produced over a period of several years. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce representative photographs, slides, DVDs or videos in Plaintiff's possession that were made before Plaintiff began taking Xarelto; after Plaintiff began taking Xarelto; and/or, following Plaintiff's bleeding event.

**7.    All packaging and unused medicine from the Xarelto and Plavix (clopidogrel) George Kuhlmann allegedly used, including such materials in the possession of plaintiffs' counsel;**

Plaintiff's Response to Document Request No. 7:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff objects to the Request to the extent that it calls for the production of

materials within the control of third parties whose documents are not within Plaintiff's possession, custody or control. Plaintiff also objects to this Request to the extent it calls for the preservation and/or production of packaging and unused medicine for prescription drugs other than Xarelto. Plaintiff further objects to the Request to the extent it would require Plaintiff to turn over original prescription drug packaging and unused medication to the Defendants.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce any Xarelto and/or Plavix packaging and unused medication in his possession for inspection and photographing by the Defendants at the deposition site.

8. **All medical, prescription, or other records relating to the allegations in the Complaint and/or the Plaintiff Fact Sheet that are in George Kuhlmann's possession and that were not previously provided to defendants by counsel for plaintiff;**

Plaintiff's Response to Document Request No. 8:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*other* records." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession.

9. **All literature, newspaper or magazine articles, letters, booklets, brochures, pamphlets, written directives, package inserts and written material authored or**

**collected by George Kuhlmann or supplied to George Kuhlmann from any source, including but not limited to persons, firms, corporations or governmental entities, relating to (1) Xarelto; (2) George Kuhlmann's alleged injuries; and/or (3) any defendant in this action; and**

Plaintiff's Response to Document Request No. 9:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff further objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession.

**10.    All documents responsive to Section IX of the Plaintiff Fact Sheet that were not previously provided to defendants by counsel for plaintiff.**

Plaintiff's Response to Document Request No. 10:

Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession.

Dated: December 12, 2018                                    Respectfully submitted,

/s/ T. Christopher Pinedo
T. Christopher Pinedo
Hilliard Martinez Gonzales LLP
719 S. Shoreline Blvd.
Corpus Christi, TX 78401
cpinedo@hmglawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of December, 2018, a copy of the foregoing Amended Plaintiffs' Response and Objections to Amended Notice of Video Deposition of Plaintiff was electronically served on Defendants through Defendants' Counsel:

>Andrew K. Solow
>ARNOLD & PORTER LLP
>andrew.solow@arnoldporter.com
>250 West 55th Street
>New York, NY 10019-9710
>Phone: 212-836-8000
>Fax: 212-836-8689
>
>Susan M. Sharko
>DRINKER BIDDLE & REATH LLP
>susan.sharko@dbr.com
>600 Campus Dr.
>Florham Park, New Jersey 07932-1047
>Phone: 973-549-7000
>Fax: 973-360-9831

and electronically on the following in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17:

T. Christopher Pinedo
Hilliard Martinez Gonzales LLP
719 S. Shoreline Blvd.
Corpus Christie, TX 78401
cpinedo@hmglawfirm.com
Plaintiffs' Counsel

By:   T. Christopher Pinedo

>*/s/ T. Christopher Pinedo*
>T. Christopher Pinedo
>Hilliard Martinez Gonzales LLP
>719 S. Shoreline Blvd.
>Corpus Christi, TX 78401
>cpinedo@hmglawfirm.com