UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | : | MDL No. 2592 |
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | SECTION L |
| | : | |
| | : | JUDGE ELDON E. FALLON |
| THIS DOCUMENT RELATES TO: | : | |
| *Theodora Waters v. Janssen Research* | : | MAGISTRATE JUDGE NORTH |
| *& Development, et. al.*; | : | |
| Civil Action No.: 2:16-cv-03462 | : | |
| | : | |

## NOTICE TO TAKE DEPOSITION OF DR. DREW TERZIAN

**TO: ALL COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that in accordance with Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiffs will take the video deposition of **Dr. Drew Terzian** at The Law Offices of Kathleen Shannon Glancy, P.A., 114 S. Front St., Wilmington, NC 28401, (910) 762-6091, on January 25, 2019 commencing at 9:00 eastern time.

**PLEASE TAKE FURTHER NOTICE** that said deposition shall be videotaped and shall take place before a duly qualified Notary Public authorized to administer oaths and who is not counsel of record or interested in the events of this case. The deposition shall be taken for purposes of discovery, for use at trial, or for such other purposes permitted under the Federal Rules of Civil Procedure. The deposition shall continue from day to day until completed. Said deposition shall cover all matters relevant to the subject matter of the within action.

**PLEASE TAKE FURTHER NOTICE** that the person to be examined is required to produce any of the documents and tangible things listed on Schedule "A" attached hereto, at the deposition that are in their possession, custody and control.

1

Individuals who have a disability that may need accommodation at the deposition should contact the undersigned seven days prior to the deposition.

Dated: January 3, 2019.

                                            Respectfully submitted,

                                            **BURNETT LAW FIRM**

By:  */s/ Riley L. Burnett, Jr.*
      Riley L. Burnett, Jr.
      Texas Bar No. 03428900
      E-mail: RBurnett@rburnettlaw.com
      Amy L. Collins
      Texas Bar No. 24074054
      E-mail: ACollins@rburnettlaw.com
      Karen H. Beyea-Schroeder
      Texas Bar No. 24054324
      E-mail: Karen.Schroeder@rburnettlaw.com
      3737 Buffalo Speedway, Ste. 1850
      Houston, Texas 77098
      Telephone: (832) 413-4410
      Facsimile: (832) 900- 2120
      ATTORNEYS FOR PLAINTIFF

**SCHEDULE A**

1. A complete copy of deponent's current curriculum vitae.

2. A complete set of medical and treatment records relating to the medical care and treatment of plaintiff that are in your care, custody, possession, or control, including but not limited to office, emergency room, inpatient, outpatient, radiology, and testing records and data.

3. Your entire file, however described or maintained, in connection with Plaintiff.

4. Any and all documents, tangible things, data or writing reviewed, relied upon, considered, or rejected by you or created by you when you treated and/or formed opinions regarding the treatment of plaintiff.

5. Any and all documents reviewed by you in preparation for this deposition.

6. Any and all educational materials, counseling materials, or handouts in your possession regarding anticoagulants, including Xarelto, Coumadin, Eliquis, Pradaxa and Savaysa.

7. All depositions (including summaries), pleadings or other records of any court or administrative proceeding reviewed by you in connection with your expected testimony in this litigation.

8. Any and all correspondence or communications by and between you and the Federal Food and Drug Administration or any other federal, state, or local agency relating to anticoagulants.

9. Any and all materials provided by Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc. or Janssen Research & Development LLC, including but not limited to their sales representative, counsel, or other agent/representative regarding anticoagulants or this case. This request includes, but is not limited to any documents, correspondence, statements, transcripts, and records, whether by hard copy, text, e-mail or any other form of communication.

10. Provide all correspondence and communications (both paper and electronic) between you or your representatives and the attorneys, sales representatives, and agent/representative for Bayer

HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc. or Janssen Research & Development LLC regarding anticoagulants or this case.

11. Any communications between you and counsel for the Defendants, to the extent that such communications:

    a. Relate to your compensation;

    b. Identify facts or data that you were provided and that you considered in forming your opinions; or

    c. Identify assumptions that Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc. or Janssen Research & Development LLC's counsel provided you and that you relied on in forming your opinions

12. Any and all documents, including consulting agreements, time sheets, invoices, time records, billing records which record or document the work performed, time spent or charges made in connection with consulting related to studies, consulting work, cadaver labs, professional education training and any other work that has been compensated by defendants or expert fees charged to Defendant Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc. or Janssen Research & Development LLC related to any anticoagulant product sold by Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc. or Janssen Research & Development LLC..

13. Copies of any Form 1099 of your tax records for the preceding five (5) tax years, as well as any other documentation that reflects consulting and/or expert fees charged to Defendants Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc. or Janssen Research & Development LLC (with personal information and any other information unrelated to consulting fees redacted).

14. All correspondence, memoranda, emails and/or any other documentation reflecting communications (including written, electronic and/or oral) with any employees of Defendants Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc. or Janssen Research & Development LLC related to any anticoagulants.

15. All documents, including, but not limited to emails, consulting agreements (including payment), billing statements, billing records, time records and/or invoices that pertain to deponent's work as a consultant for Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc. or Janssen Research & Development LLC.

16. All documents related to deponent's involvement with Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc. or Janssen Research & Development LLC's professional education, including, but not limited to any and all power points, course materials, outlines, videos or presentations, live surgical presentations, marketing evaluations created by or provided to deponent related to any anticoagulant.

17. Any and all materials, including, but not limited to, protocols, results, adverse events, minutes for study meeting related to any clinical trials and/or studies of any type related to deponent's work as consultant for Defendant Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc. or Janssen Research & Development LLC in any capacity related to any anticoagulant.

18. Any reports/documents, whether kept in hard copy or electronic form, relating to any other matter involving any anticoagulants.

19. All statements or bills rendered for medical services and supplies regarding plaintiff.

20. Any other documents relating to this action, including notes, reports, correspondence, and

research that you have written, reviewed, considered, or prepared in connection with this litigation or in preparation for this deposition.

21. Any and all publications written by, quoting, or otherwise mentioning you that refer or relate in any way to anticoagulants.

## CERTIFICATE OF SERVICE

    I hereby certify that on January 3, 2019, the foregoing document was filed utilizing the Court's ECF system and that a copy of this notice was then served via this Court's ECF system for electronic distribution to all counsel and parties of record as well as by electronic mail to Defendants' Counsel assigned to this case, Christina Gaarder, and Plaintiffs' Co-Lead Counsel, Andy D. Birchfield Jr. and Brian H. Barr. The Deponent Drew Terzian has been served via electronic mail to drewterz@aol.com.

                                              */s/ Riley L. Burnett, Jr.*
                                              RILEY L. BURNETT, JR.