UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION : | MDL No. 2592 |
| : | SECTION L |
| THIS DOCUMENT RELATES TO : | |
| *Doris Wallace v. Janssen Research & Development LLC, et al; 2:16-cv-012011* : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6 AND <u>LACK OF CAPACITY TO PROCEED WITH THE CASE</u>**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Doris Wallace's action should not be dismissed with prejudice because there is not a proper party to pursue the case in light of Plaintiff's death over three years ago, and for failure to cure Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pretrial Order ("PTO") 13.

This is a CMO 6 Wave 2 case that was selected by Plaintiffs on September 17, 2018. However, Defendants are unable to proceed with discovery because Plaintiff passed away on September 3, 2015—eight months before Plaintiff's initial complaint was filed on May 19, 2016 and three years before this case was selected for Wave 2 work up—and no party has been

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

substituted to pursue the case on her behalf. Because the Plaintiff is deceased, she has no capacity to proceed with this case. *See Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the deceased."); *Magee v. Stacey,* 223 So.2d 194, 195 (La. Ct. App. 1969) (stating that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person").

Further, per CMO 6, Plaintiff was required to update her PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on October 17, 2018, but she did not complete all sections of the PFS per CMO 6. Specifically, Plaintiff's amended PFS only provides answers to Section I (Core Case Information). With the exception of answers that are automatically filled in by the MDL Centrality website, Plaintiff did not answer any questions in any of the remaining sections of the PFS: Section II (Personal Information), Section III (Claim Information), Section IV (List of Healthcare Providers), Section V (Medical Background), Section VI (Additional Medications) or Section IX (Document Requests). Further, Plaintiff failed to submit a signed declaration verifying the amended PFS as required by PTO 13. All of this information is necessary for Defendants to collect medical records, make determinations on who to depose, and evaluate Plaintiff's claims in this case.

Defendants notified Plaintiff of these deficiencies on October 18, 2018 and requested that Plaintiff cure these issues by submitting an amended PFS, with all sections answered, within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 80 days have passed (more than the 20-day time period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, and if no representative is willing to file the necessary motions to pursue this case on Plaintiff's behalf, this case cannot proceed. For these reasons, Plaintiff's case should be dismissed <u>with</u> prejudice.

Thus, plaintiff Doris Wallace should be ordered to show cause at 9:00 a.m. on January 23, 2019, before the Court as to why her case should not be dismissed with prejudice

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*

   Kim E. Moore
   400 Poydras Street
   Suite 2700
   New Orleans, LA 70130
   Telephone: (504) 310-2100
   Facsimile: (504) 310-2120
   kmoore@irwinllc.com

   *Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
   John F. Olinde
   1100 Poydras Street
   Suite 2300
   New Orleans, LA 70163
   Telephone: (504) 585-7241
   Facsimile: (504) 544-6084
   olinde@chaffe.com

   *Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 8, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Kim E. Moore*
**Kim E. Moore**