UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 2592 SECTION L |
| THIS DOCUMENT RELATES TO | : : | |
| *Brad Osborn, Individually and on behalf of the Estate of Donald D. Osborn v. Janssen Research & Development LLC, et al; 2:15-cv-06707* | : : : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why the action brought by Brad Osborn, individually and on behalf of the estate of Donald Osborn, should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pre-Trial Order ("PTO") No. 13.

This is a CMO 6 Wave 2 case that was randomly selected on October 4, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

on November 1, 2018, but this PFS was not fully complete per PTO 13.  Specifically, the PFS contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| III.A.1 | Plaintiff did not answer how Decedent treated the condition for which Xarelto was prescribed prior to using Xarelto. |
| III.A.7 | Plaintiff did not answer whether he or his attorney has the packaging from the Xarelto he alleges Decedent used. |
| III.B.1 | Plaintiff did not provide a response for the dates of treatment with the provider identified as the primary treating physician for the alleged bleeding event. |
| III.B.4 | Plaintiff did not answer what other prescription and over the counter medication Decedent was taking at the time of his alleged bleeding event. |
| IV.E | Plaintiff did not provide any responses regarding insurance carriers who provided medical coverage or pharmacy benefits in the last 10 years. |
| V.H | Plaintiff indicated Decedent had hypertension and atrial fibrillation but did not identify the provider who provided treatment. |
| VI.C. | Plaintiff did not provide a response regarding prescription medications that have been taken on a regular basis in the seven year period before first taking Xarelto. |

The information missing from Plaintiff's PFS is important and relates directly to his claims in this case.  Specifically, the missing information concerning prescription medication use and how the condition for which Xarelto was prescribed was previously treated is necessary for Defendants to evaluate Decedent's medical history and to evaluate Plaintiff's claims in this case.  Additionally, the missing information concerning providers who treated Decedent, the timing of that treatment, and insurance carriers who provided benefits is necessary for Defendants to collect medical records and evaluate Plaintiff's claims in this case.

Defendants notified Plaintiff of these deficiencies on November 28, 2018 and requested that Plaintiff cure these issues by submitting an amended and complete PFS within 20 days.  Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case.  More than 40 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

3

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed. For these reasons, Plaintiff's case should be dismissed <u>with</u> prejudice.

Thus, plaintiff Brad Osborn should be ordered to show cause at 9:00 a.m. on January 23, 2019, before the Court as to why his case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    kmoore@irwinllc.com

*Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

*Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 8, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**