UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : MDL No. 2592 |
| | : SECTION L |
| THIS DOCUMENT RELATES TO | : |
| *Dorothy Lamar v. Janssen Research & Development LLC, et al; 2:16-cv-11798* | : JUDGE ELDON E. FALLON |
| | : MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Dorothy Lamar's action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pre-Trial Order ("PTO") No. 13.

This is a CMO 6 Wave 2 case selected by Defendants on September 17, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on October 17, 2018, but this PFS was not fully complete per PTO 13. Specifically, the PFS contained the following deficiencies:

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

| PFS Section | Deficiency |
|---|---|
| III.A.1 | Plaintiff did not identify the provider who prescribed Xarelto, when she was first diagnosed with the condition for which Xarelto was taken, and how she managed to treat the condition before taking Xarelto. |
| III.A.4 | Plaintiff stated she received samples of Xarelto but did not identify who provided these samples or when they were provided. |
| III.A.6 | Plaintiff did not answer whether she was ever given any oral instructions from a Healthcare Provider regarding his Xarelto use. |
| III.B.1 | Plaintiff did not provide a response for the dates of treatment with the provider identified as the primary treating physician for the alleged bleeding event. |
| IV.A | Plaintiff did not provide the address of the providers identified as treating her in the past twelve years. |
| IV.B | Plaintiff did not provide the address for the facility identified as treating her in the past twelve years. |
| IV.E | Plaintiff did not provide any responses regarding insurance carriers who provided medical coverage or pharmacy benefits in the last 10 years |
| V.F | Plaintiff indicated that she previously experienced a blood clot but did not provide responses for the site of the blood clot, date of clot, or the treatment received. |
| V.H | Plaintiff indicated that she had vascular disease of any type but did not identify the provider who provided treatment.  Additionally, Plaintiff identified that she had diabetes and hypertension but did not provide the address of the provider who treated her for these conditions. |
| VI.C. | Plaintiff did not provide a response regarding prescription medications that have been taken on a regular basis in the seven year period before first taking Xarelto. |
| VIII. | Plaintiff did not respond to Section VIII regarding Deceased Individuals and Autopsy Information. |
| IX. | Plaintiff did not provide yes or no responses to the document requests listed in Section IX. |

The information missing from Plaintiff's PFS is important and relates directly to her claims in this case.  Specifically, the responses missing in sections III, IV, V, VI, VIII, and IX are necessary for Defendants to collect medical records, evaluate Plaintiff's medical history, make determinations on who to depose, and evaluate Plaintiff's claims in this case.

Defendants notified Plaintiff of these deficiencies on October 18, 2018 and requested that Plaintiff cure these issues by submitting an amended and complete PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled

all discovery deadlines in the case. More than 80 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed. For these reasons, Plaintiff's case should be dismissed <u>with</u> prejudice.

Thus, plaintiff Dorothy Lamar should be ordered to show cause at 9:00 a.m. on January 23, 2019, before the Court as to why her case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 8, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**