UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| THIS DOCUMENT RELATES TO | : : : | SECTION L |
| *Raymond Mitchell v. Janssen Research & Development LLC, et al; 2:15-cv-01196* | : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED <u>PLAINTIFF FACT SHEET PURSUANT TO CMO 6</u>**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Raymond Mitchell's action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pretrial Order ("PTO") 13.

This is a CMO 6 Wave 2 case that was selected by Defendants on September 17, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on November 6, 2018, but this PFS was not fully complete per CMO 6 and PTO 13. Specifically, the PFS contained the following deficiencies:

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

| PFS Section | Deficiency |
|---|---|
| III.B.2. | Plaintiff failed to identify the healthcare providers and/or hospitals where he was treated for his alleged bleeding event. Instead, Plaintiff stated, "Discovery ongoing; will supplement." No information has been supplemented to date. |
| III.B.3. | In response to whether Plaintiff was undergoing treatment for any other medical conditions at the time of his bleeding event, Plaintiff stated, "Discovery ongoing; will supplement." No information has been supplemented to date. |
| III.B.4 | In response to what other prescriptions Plaintiff was taking at the time he was taking Xarelto, Plaintiff stated, "Discovery ongoing; will supplement." No information has been supplemented to date. |
| IV.C. | Rather than identifying each laboratory where Plaintiff had his blood tested over the last 10 years, Plaintiff stated "Discovery ongoing; will supplement." No information has been supplemented to date. |
| IV.D. | Rather than identifying each pharmacy where Plaintiff had prescriptions filled over the last 12 years, Plaintiff stated, "Discovery ongoing; will supplement." No information has been supplemented to date. |

The information missing from Plaintiff's PFS is necessary to begin initial discovery. Specifically, the identification of Plaintiff's healthcare providers, pharmacies, and laboratories are necessary for Defendants to collect medical records and determine which doctors to depose. Information regarding other prescription medications that Plaintiff was taking and the medical conditions he was being treated for at the time of his bleeding event are necessary for Defendants to evaluate the claims in this case. It has been two months since the submission of the PFS in which Plaintiff stated he would supplement these responses, but to date, no additional information has been provided.

Defendants notified plaintiff of these deficiencies on November 21, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 45 days have since passed (more than the 20-day cure period provided by PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed. For these reasons, plaintiff's case should be dismissed <u>with</u> prejudice.

Thus, Plaintiff Raymond Mitchell should be ordered to show cause at 9:00 a.m. on January 23, 2019, before the Court as to why his case should not be dismissed with prejudice

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: <u>/s/Andrew Solow</u>
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: <u>/s/ *Susan M. Sharko*</u>
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 8, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

    */s/ Kim E. Moore*
    **Kim E. Moore**