# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : MDL No. 2592 |
| | : |
| | : SECTION L |
| THIS DOCUMENT RELATES TO | : |
| | : |
| *Gregory Clowers v. Janssen Research & Development LLC, et al; 2:16-cv-09737* | : JUDGE ELDON E. FALLON |
| | : |
| | : MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO SERVE AN UPDATED PLAINTIFF FACT SHEET AND MEDICAL RECORD AUTHORIZATIONS PURSUANT TO CMO 6 AND PTO 13**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Gregory Clowers's action should not be dismissed with prejudice for failure to serve an updated fully complete Plaintiff Fact Sheet ("PFS") and provide authorizations for collection of medical records per Case Management Order ("CMO") 6 and Pretrial Order (PTO) 13 and 13(c).

This is a CMO 6 Wave 2 case that was randomly selected on October 4, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on November 29, 2018, but this PFS was not fully complete per PTO 13. Specifically, Plaintiff did not submit a signed declaration verifying the statements contained in the most recent PFS

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

submitted on November 29, 2018.  Instead, Plaintiff submitted a photocopy of a declaration previously submitted in this case.  A new declaration is required under PTO 13 to verify the statements contained in the amended PFS.

Defendants notified Plaintiff of this deficiency on December 3, 2018 and requested that Plaintiff cure this issue by providing the required new declaration within 20 days.  Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case.  More than 30 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured this deficiency.

Further, Defendants have been unable to proceed with discovery and collect pertinent medical records because Plaintiff has failed to provide updated HIPAA authorizations as required by PTO 13(c).  Specifically, PTO 13(c) provides: "Plaintiffs shall cooperate with Defendants, and shall respond to Defendants' requests for signatures for new or location specific authorizations within ten (10) days of being requested to do so."  Special form authorizations have been demanded by the facility where Plaintiff was treated for his alleged bleeding event, the pharmacy where Plaintiff filled his Xarelto prescription, and the hospital coagulation clinic where he received treatment before they will release records pertaining to the Plaintiff.

On October 19, 2018 (more than 80 days ago), October 16, 2018 (more than 80 days ago), and November 14, 2018 (more than 50 days ago), respectively, Defendants' counsel first requested these authorizations from Plaintiff's counsel.  Defense counsel has followed up at least seven times requesting that the signed authorizations be returned, but Plaintiff has still not produced the requested authorizations.  Without these authorizations, Defendants cannot collect key medical records from the facility where Plaintiff was treated for his alleged bleeding event, the pharmacy

where Plaintiff filled his Xarelto prescription, and the hospital coagulation clinic where he received treatment.

Given all of the above, it is not possible to proceed with discovery and prepare the case for trial. Plaintiff has failed to comply with the preliminary discovery requirements set forth in CMO 6 and PTO 13. This warrants dismissal of Plaintiff's case with prejudice.

Thus, plaintiff Gregory Clowers should be ordered to show cause at 9:00 a.m. on January 23, 2019, before the Court as to why his case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 8, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**