UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION : | MDL No. 2592 |
| : | |
| : | SECTION L |
| THIS DOCUMENT RELATES TO : | |
| : | |
| *Gregory Clowers v. Janssen Research & Development LLC, et al; 2:16-cv-09737* : | JUDGE ELDON E. FALLON |
| : | |
| : | MAGISTRATE JUDGE NORTH |

ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO SERVE AN UPDATED PLAINTIFF FACT SHEET AND MEDICAL RECORD AUTHORIZATIONS
PURSUANT TO CMO 6 AND PTO 13

Plaintiff Gregory Clowers has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Pursuant to Case Management Order ("CMO") 6, Plaintiff was randomly selected for inclusion in Wave 2 discovery on October 4, 2018. Accordingly, per CMO 6, Plaintiff was required to update this PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and Pretrial Order ("PTO") 13.

Plaintiff submitted an amended PFS on November 29, 2018, but this PFS was not fully complete per PTO 13. Specifically, Plaintiff did not submit a signed declaration verifying the statements contained in the most recent PFS submitted on November 29, 2018. Instead, Plaintiff submitted a photocopy of a declaration previously submitted in this case. A new declaration is required under PTO 13 to verify the statements contained in the amended PFS.

Defendants notified Plaintiff of this deficiency on December 3, 2018 and requested that Plaintiff cure this issue by providing the required new declaration within 20 days. Defendants also

1

stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case.  More than 30 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured this deficiency.

Further, Defendants have been unable to proceed with discovery and collect pertinent medical records because Plaintiff has failed to provide updated HIPAA authorizations as required by PTO 13(c).  Specifically, PTO 13(c) provides: "Plaintiffs shall cooperate with Defendants, and shall respond to Defendants' requests for signatures for new or location specific authorizations within ten (10) days of being requested to do so."   Special form authorizations have been demanded by the facility where Plaintiff was treated for his alleged bleeding event, the pharmacy where Plaintiff filled his Xarelto prescription, and the hospital coagulation clinic where he received treatment before they will release records pertaining to the Plaintiff.

On October 19, 2018 (more than 80 days ago), October 16, 2018 (more than 80 days ago), and November 14, 2018 (more than 50 days ago), respectively, Defendants' counsel first requested these authorizations from Plaintiff's counsel.  Defense counsel has followed up at least seven times requesting that the signed authorizations be returned, but Plaintiff has still not produced the requested authorizations.  Without these authorizations, Defendants cannot collect key medical records from the facility where Plaintiff was treated for his alleged bleeding event, the pharmacy where Plaintiff filled his Xarelto prescription, and the hospital coagulation clinic where he received treatment.

Failure to show cause by appearing before this Court at 9:00 am on January 23, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this \_\_\_ day of _____ 2019.

                                                    _____
                                                    United States District Judge