UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| THIS DOCUMENT RELATES TO | : : : | SECTION L |
| *Leonard Snoddy v. Janssen Research & Development LLC, et al; 2:16-cv-12214* | : : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Leonard Snoddy's action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pretrial Order ("PTO") 13.

This is a CMO 6 Wave 2 case that was randomly selected on October 4, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on November 7, 2018, but this PFS was not fully complete per CMO 6 and PTO 13. Specifically, the PFS contained the following deficiencies:

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

| PFS Section | Deficiency |
|---|---|
| III.B.1 and 2. | Plaintiff did not identify the primary treating physician for his bleeding event, and he did not answer whether he was treated with any healthcare provider or hospital for this injury that was not identified in Section I of the PFS. |
| III.B.4 | Plaintiff did not answer whether he was taking any other prescription or over the counter medication at the time of his bleeding event. |
| III.B.5a. | Plaintiff did not answer whether he previously experienced the same alleged bleeding event as claimed in this case. |
| III.B.5b. | Plaintiff did not answer whether he is claiming that Xarelto worsened a previously existing injury/condition. |
| III.C. | Plaintiff did not answer whether he is claiming that Xarelto caused or aggravated any psychiatric and/or psychological condition. |
| III.F. | Plaintiff did not answer whether he had any discussions with any doctor about whether Xarelto caused his injury. |
| IV.A | Plaintiff did not identify each physician, doctor or other healthcare provider who has provided him treatment over the last 12 years. |
| IV.E | Plaintiff did not identify his insurance carriers for the last 10 years. |
| VI.A. | Plaintiff stated that he previously used Coumadin and Eliquis, but he failed to provide responses for the dosage, reason for use, reason for discontinuation or prescribing physician for either of these anticoagulants. |

The information missing from Plaintiff's PFS is important and relates directly to his claims in this case. Specifically, information related to plaintiff's healthcare providers—those that treated him for his alleged bleeding event, treated him in past 12 years, and prescribed other anticoagulants—are all necessary for Defendants to collect medical records and determine which doctors to depose. Identification of Plaintiff's insurance provider is necessary for Defendants to collect records that could identify additional healthcare providers who may not have been identified in Plaintiff's PFS. Information regarding other prescription medications Plaintiff was taking is relevant for Defendants to evaluate the claims in this case. Further, whether Plaintiff is claiming that Xarelto worsened a previously existing condition, and whether he had any discussions with his healthcare providers as to whether Xarelto caused his injury, is information necessary for Defendants to evaluate the claims in this case.

Defendants notified plaintiff of these deficiencies on November 8, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 55 days have since passed (more the 20-day cure period provided by PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed. For these reasons, plaintiff's case should be dismissed with prejudice.

Thus, Plaintiff Leonard Snoddy should be ordered to show cause at 9:00 a.m. on January 23, 2019, before the Court as to why his case should not be dismissed with prejudice

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*

    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on January 8, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Kim E. Moore*
**Kim E. Moore**