**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | **MDL No. 2592** |
| | : | |
| | : | **SECTION L** |
| THIS DOCUMENT RELATES TO | : | |
| | : | |
| *Peggy Gorman, surviving sibling of* | : | |
| *Richard Brent v. Janssen Research &* | : | |
| *Development LLC, et al; 2:17-cv-06666* | : | **JUDGE ELDON E. FALLON** |
| | : | |
| | : | **MAGISTRATE JUDGE NORTH** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW
CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET
DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED
PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen

Ortho LLC, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1]

respectfully request that this Court issue an Order to Show Cause as to why the action brought by

Peggy Gorman, as surviving sibling of Richard Brent, should not be dismissed with prejudice for

failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated

PFS in accordance with Case Management Order ("CMO") 6 and Pre-Trial Order ("PTO") No.

13.

This is a CMO 6 Wave 2 case selected by Plaintiffs on September 17, 2018.  Pursuant to

CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet

within 30 days of selection.  *See* CMO 6 ¶ 5(a) and PTO 13.  On October 17, 2018, Plaintiff filed

a motion for an extension of time to submit a verified Plaintiff Fact Sheet, asking that the deadline

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

be extended to December 17, 2018 due to Mr. Brent's death on July 24, 2018. (R. Doc. No. 11226-1).  This Court granted Plaintiff's motion.  (R. Doc. No. 11772).  Plaintiff then submitted an amended PFS on December 3, 2018, but this PFS was not fully complete per PTO 13.  Specifically, the PFS contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| III.A.1 | Plaintiff did not answer how Mr. Brent was treated for the condition for which Xarelto was prescribed prior to using Xarelto. |
| III.A.4 | Plaintiff did not answer whether Mr. Brent received samples of Xarelto. |
| III.A.6 | Plaintiff did not answer whether Mr. Brent was ever given any oral instructions from a Healthcare Provider regarding his Xarelto use. |
| III.A.7 | Plaintiff did not answer whether he or his attorney has the packaging from the Xarelto he alleges Mr. Brent used. |
| III.A.8 | Plaintiff did not answer whether Mr. Brent ever saw any advertisements for Xarelto. |
| III.A.9 | Plaintiff did not answer whether she or Mr. Brent ever communicated with Defendants. |
| III.B.5 | Plaintiff did not answer whether Mr. Brent had previously experienced the same alleged bleeding event and did not answer whether she claims that the bleeding event worsened a previously existing injury or condition. |
| III.C | Plaintiff did not answer whether she is seeking damages for the cause or aggravation of any psychiatric and/or psychological condition. |
| III.E | Plaintiff did not answer whether she is making a claim that Mr. Brent lost wages or suffered impairment of earning capacity. |
| III.F | Plaintiff did not answer whether Mr. Brent had any discussions with any provider about whether Xarelto caused or contributed to the alleged bleeding event. |
| IV.C | Plaintiff did not provide any responses regarding laboratories that tested Mr. Brent's blood in the last 10 years. |
| IV.E | Plaintiff did not provide any responses regarding insurance carriers who provided Mr. Brent medical coverage or pharmacy benefits in the last 10 years. |
| V.C and V.D | Plaintiff did not answer questions regarding Mr. Brent's use of alcohol, marijuana, or other illicit drugs. |
| V.E | Plaintiff did not answer whether Mr. Brent had undergone surgery within the five days leading up to his alleged bleeding event. |
| V.F | Plaintiff did not answer whether Mr. Brent had previously experienced a blood clot. |
| V.G | Plaintiff did not answer as to whether Mr. Brent had ever been diagnosed with genetic coagulopathy. |
| V.H | Plaintiff indicated that Mr. Brent had anemia, congestive heart failure, diabetes, and hypertension but did not identify the provider who provided treatment for these conditions. |
| V.I | Plaintiff did not answer as to whether Mr. Brent had ever had any medical procedure performed in which a stent was used. |

The information missing from Plaintiff's PFS is important and relates directly to her claims in this case. Specifically, the identification of providers and laboratories who treated Mr. Brent and insurance carriers who provided coverage for Mr. Brent is necessary for Defendants to collect medical records and evaluate Mr. Brent's medical history. The missing responses pertaining to whether Mr. Brent received samples, was given oral instructions regarding Xarelto, has any Xarelto packaging, previously experienced the same alleged bleeding event, had discussions with any provider about whether Xarelto caused or contributed to his bleeding event, used alcohol or illicit drugs, underwent surgery within five days leading up to the alleged bleeding event, experienced a prior blood clot, was diagnosed with genetic coagulopathy, or had a medical procedure in which a stent was used are all necessary for Defendants to evaluate Mr. Brent's medical history and Plaintiff's claims. Additionally, information pertaining to whether Plaintiff is claiming a previously existing condition was worsened, is seeking damages for the cause or aggravation of any psychiatric and/or psychological condition, or is making a claim that Mr. Brent lost wages or suffered impairment of earning capacity is necessary to evaluate Plaintiff's claims.

Defendants notified Plaintiff of these deficiencies on December 7, 2018 and requested that Plaintiff cure these issues by submitting an amended and complete PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 30 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed. For these reasons, Plaintiff's case should be dismissed <u>with</u> prejudice.

Thus, plaintiff Peggy Gorman should be ordered to show cause at 9:00 a.m. on January 23, 2019, before the Court as to why her case should not be dismissed with prejudice.

Respectfully submitted,

ARNOLD & PORTER KAYE
SCHOLER LLP

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare
Pharmaceuticals Inc., and Bayer Pharma AG*

DRINKER BIDDLE & REATH LLP

By: /s/ Susan M. Sharko
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals,
Inc., Janssen Research & Development, LLC, and
Janssen Ortho LLC*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
     Kim E. Moore
     400 Poydras Street
     Suite 2700
     New Orleans, LA 70130
     Telephone: (504) 310-2100
     Facsimile:  (504) 310-2120
     kmoore@irwinllc.com

     *Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
     John F. Olinde
     1100 Poydras Street
     Suite 2300
     New Orleans, LA 70163
     Telephone: (504) 585-7241
     Facsimile: (504) 544-6084
     olinde@chaffe.com

     *Defendants' Co-Liaison Counsel*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 8, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**