UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : | MDL No. 2592<br><br>SECTION L |
| THIS DOCUMENT RELATES TO | : : | |
| *Patricia Williams, individually and on behalf of the Estate of Charles E. Williams, Jr. v. Janssen Research & Development LLC, et al; 2:15-cv-06820* | : : : : : | JUDGE ELDON E. FALLON<br>MAGISTRATE JUDGE NORTH |

### ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6

Plaintiff Patricia Williams, individually and on behalf of the estate of Charles E. Williams, has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 2 case that was randomly selected on October 4, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted a new PFS declaration on November 14, 2018, but no amended or updated PFS. On November 30, 2018 Plaintiff's counsel confirmed that the November 14, 2018 declaration was intended to verify that a PFS previously submitted on December 30, 2015 was complete and did not need updating. However, this previously submitted PFS is not complete as required by CMO No. 6.

Specifically, Plaintiff only provided answers to the information required in Section I; Plaintiff provided the name of one provider who prescribed Xarelto to the decedent, one pharmacy where decedent's Xarelto prescription was filled, one physician who diagnosed decedent's alleged bleeding event, and one hospital where the decedent was treated for his alleged bleeding event.

1

With the exception of answers that are automatically filled in by the MDL Centrality website, three of the eight remaining sections of the PFS were left almost completely blank. Plaintiff merely responded "See Answers Previously Provided" to seven questions regarding identification of healthcare providers who treated the decedent in connection with his Xarelto use, bleeding event, and medical history, including questions regarding *all* prescribers, treaters, pharmacies, hospitals, and laboratories where he treated for the past 12 or 10 years for *all* medical conditions. No response was given for insurance carriers who provided coverage during the past 10 years. Plaintiff then failed to respond to any of the remaining questions in the PFS regarding the decedent's medical background, or additional medications taken while he was taking Xarelto. Given Plaintiff's failure to respond to a majority of the questions in the PFS, Defendants are not able to fully collect medical records, determine who to depose, or evaluate Plaintiff's claims in this case.

Defendants notified Plaintiff of these deficiencies on December 4, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 30 days have since passed (more than the 20-day time period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed. For these reasons, plaintiff's case should be dismissed <u>with</u> prejudice.

Failure to show cause by appearing before this Court at 9:00 am on January 23, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of plaintiff's case with prejudice.

New Orleans, Louisiana, on this \_\_\_ day of _____ 2019.

_____
United States District Judge

Case 2:14-md-02592-EEF-MBN Document 12257-2 Filed 01/08/19 Page 3 of 3