UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | MDL No. 2592 |
| | : | |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : | |
| | : | |
| *Jacqueline Matthews v. Janssen Research* | : | JUDGE ELDON E. FALLON |
| *& Development LLC, et al; 2:15-cv-06820* | : | MAGISTRATE JUDGE NORTH |
| | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW
CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET
DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED
PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen

Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG

("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why

Jacqueline Matthews's action should not be dismissed with prejudice for failure to correct Plaintiff

Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with

Case Management Order ("CMO") 6 and Pretrial Order ("PTO") 13.

This is a CMO 6 Wave 2 case that was selected by Defendants on September 17, 2018.

Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the

fact sheet within 30 days of selection.  *See* CMO 6 ¶ 5(a) and PTO 13.  Plaintiff submitted an

amended PFS on October 18, 2018, but she did not complete all sections of the PFS as required

by CMO 6.

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service
defenses.

Specifically, Plaintiff only provided answers to the information required in Section I; Plaintiff provided the name of one provider who prescribed her Xarelto, one pharmacy where her Xarelto prescription was filled, one physician who diagnosed her alleged bleeding event, and one hospital where she treated for her bleeding event.  With the exception of answers that are automatically filled in by the MDL Centrality website, five of the eight remaining sections of the PFS were left almost completely blank.  Plaintiff merely responded "See Answers Previously Provided" to nine questions regarding identification of healthcare providers who treated her in connection with her Xarelto use, bleeding event, and medical history, including questions regarding *all* prescribers, treaters, pharmacies, hospitals, and laboratories where she treated for the past 12 or 10 years for *all* medical conditions.  No response was given for insurance carriers who provided coverage during the past 10 years.  Plaintiff then failed to respond to any of the remaining questions in the PFS regarding her medical background or additional medications taken while she was taking Xarelto.  Plaintiff also failed to respond to any of the document requests in Section IX. Further, Plaintiff failed to submit a signed declaration verifying the amended PFS as required by PTO 13.  Given her failure to respond to a majority of the questions in the PFS, Defendants are not able to fully collect medical records, determine who to depose, or evaluate Plaintiff's claims in this case.

Defendants notified plaintiff of these deficiencies on November 29, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days.  Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case.  More than 30 days have since passed (more than the 20-day cure period provided by PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted.  If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed.  For these reasons, plaintiff's case should be dismissed <u>with</u> prejudice.

Thus, Plaintiff Jacqueline Matthews should be ordered to show cause at 9:00 a.m. on January 23, 2019, before the Court as to why her case should not be dismissed with prejudice

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 8, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

    */s/ Kim E. Moore*
    **Kim E. Moore**