UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| THIS DOCUMENT RELATES TO | : : : | SECTION L |
| *Jacqueline Matthews v. Janssen Research & Development LLC, et al; 2:16-cv-11809* | : : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

### ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6

Plaintiff Jacqueline Matthews has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 2 case that was selected by Defendants on September 17, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on October 18, 2018, but she did not complete all sections of the PFS as required by CMO 6.

Specifically, Plaintiff only provided answers to the information required in Section I; Plaintiff provided the name of one provider who prescribed her Xarelto, one pharmacy where her Xarelto prescription was filled, one physician who diagnosed her alleged bleeding event, and one hospital where she treated for her bleeding event. With the exception of answers that are automatically filled in by the MDL Centrality website, five of the eight remaining sections of the PFS were left almost completely blank. Plaintiff merely responded "See Answers Previously Provided" to nine questions regarding identification of healthcare providers who treated her in connection with her Xarelto use, bleeding event, and medical history, including questions

1

regarding *all* prescribers, treaters, pharmacies, hospitals, and laboratories where she treated for the past 12 or 10 years for *all* medical conditions.  No response was given for insurance carriers who provided coverage during the past 10 years.  Plaintiff then failed to respond to any of the remaining questions in the PFS regarding her medical background or additional medications taken while she was taking Xarelto.  Plaintiff also failed to respond to any of the document requests in Section IX.  Further, Plaintiff failed to submit a signed declaration verifying the amended PFS as required by PTO 13.  Given her failure to respond to a majority of the questions in the PFS, Defendants are not able to fully collect medical records, determine who to depose, or evaluate Plaintiff's claims in this case.

Defendants notified plaintiff of these deficiencies on November 29, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days.  Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case.  More than 30 days have since passed (more than the 20-day cure period provided by PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted.  If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed.  For these reasons, plaintiff's case should be dismissed <u>with</u> prejudice.

Failure to show cause by appearing before this Court at 9:00 am on January 23, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of plaintiff's case with prejudice.

New Orleans, Louisiana, on this ___ day of _____ 2019.

                                                _____
                                                United States District Judge