UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO: | * | |
| *Daniel Barney*          (15-05065) | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

## OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG, collectively referenced as "Defendants," through undersigned counsel, respectfully submit the instant Opposition to the Motion to Withdraw as Counsel of Record for Plaintiff Daniel Barney. (Rec. Doc. No. 11851).  For the following reasons, Plaintiff's Counsel's motion should be denied.

"Attorneys normally are expected to work through the completion of a case."  *Cooper v. Wal-Mart Transp., L.L.C.,* 2010 WL 763548 (S.D. Tex. Mar. 3, 2010) (citing *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir.1989)).  "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client."  *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989).  Even where good cause for withdrawal exists, it is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel."  *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981).  The concerns regarding the disruption of a lawsuit due to withdrawal of counsel are even more significant in multidistrict litigation proceedings as it leads to the prejudice of the other parties.  *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. MDL 07-1873, 2011 WL 4368719, at *2 (E.D. La. Sept. 16,

2011) (denying Motions to Withdraw as Counsel in an MDL on the basis that litigation would be delayed if its administration was "laden down with *pro se* plaintiffs who have been left *pro se* precisely because their attorneys found them uncommunicative and difficult to locate[,]" and thus holding that "the prejudice to the other parties in this case would be enormous were the Court to allow attorneys such as the movants to be relieved of representing hard-to-reach clients"); *see also McDaniel v. Daiichi Sankyo, Inc.*, No. CV 17-3495 (RBK/JS), 2018 WL 3910950, at *2 (D.N.J. Aug. 15, 2018) (denying plaintiff's counsel's motion to withdraw in a multi-district products liability litigation and concluding that plaintiff would be "substantially and materially prejudiced if counsel if permitted to withdraw").

Further, counsel seeking leave of a court to withdraw from representation must meet both the procedural requirements of Local Civil Rule 83.2.11 and the substantive requirements of the Louisiana Rules of Professional Conduct. *Hayes v. Versatility Marine, LLC*, 2008 WL 4829380 (E.D. La. Nov. 4, 2008). The current Motion to Withdraw fails to meet the substantive requirements of the Louisiana Rules of Professional Conduct, as adopted by this District in Local Rule 83.2.3. Rule 1.16(b) of the Rules of Professional Conduct states that "a lawyer may withdraw from representing a client if: . . . withdrawal can be accomplished without material adverse effect on the interests of the client," or if "other good cause for withdrawal exists."[1]

This is a CMO 6 Wave 2 case that was randomly selected on October 4, 2018. Good cause for withdrawal does not exist in this case, and the instant Motion does not address the effect of withdrawal on the interests of the client. Rather, the only apparent reason for seeking withdrawal is that Plaintiff's counsel learned after the case was selected for Wave 2 that Plaintiff had already passed away, though the Motion does not state when Plaintiff passed away, and Plaintiff's next-

---

[1] *See also* Rule 1.16(b) of the ABA Model Rules of Professional Conduct.

of-kin has been unresponsive.  (Rec. Doc. No. 11851-2).  As an initial matter, because Plaintiff is deceased and no party has been substituted, the currently named Plaintiff lacks capacity to proceed with this case.  *See Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the deceased.").  Moreover, an updated Plaintiff Fact Sheet has not been submitted in this case, and the Court has entered an order to show cause as to why the case should not be dismissed for failure to serve a fully complete updated Plaintiff Fact Sheet as required by CMO 6.  (Rec. Doc. Nos. 11811; 12025).  The hearing on this order is set for January 23, 2019.

At this time, Defendants cannot proceed with discovery to prepare this case for trial because Plaintiff lacks capacity to pursue the case, an updated Plaintiff Fact Sheet has not been submitted, and a representative to pursue the claim has not been appointed.  This warrants dismissal of Plaintiff's case with prejudice.

Further, in this litigation, this Court has denied motions to withdraw brought by counsel alleging similar factual circumstances, instead dismissing the cases with prejudice.  *See generally* November 29, 2016 Motion Hearing Tr.  The Court should take the same approach here and deny Plaintiff's Counsel's motion, and instead, dismiss the case.

Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion to Withdraw as Counsel of Record for Daniel Barney. (Rec. Doc. No. 11851) and instead grant Defendants' Motion for Order to Show Cause for failure to serve a fully complete and updated Plaintiff Fact Sheet (Rec. Doc. Nos. 11811; 12025).

Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**
By: /s/ Susan M. Sharko
Susan M. Sharko
600 Campus Dr.
Florham Park, NJ 07932
Tel: (973) 549-7000
Susan.Sharko@dbr.com

Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson

**ARNOLD & PORTER KAYE SCHOLER LLP**
By: /s/ Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG

**CHAFFE McCALL L.L.P.**
By: /s/ John F. Olinde
John F. Olinde (LA Bar #1515)
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG

                    **IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ Kim E. Moore
Kim E. Moore
400 Poydras St., Ste, 2700
New Orleans, LA 70130
(504) 310-2100
kmoore@irwinllc.com

Liaison Counsel for Defendants


## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on January 11, 2019, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                      /s/ John F. Olinde