UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) : | |
| PRODUCTS LIABILITY LITIGATION : | MDL No. 2592 |
| : | |
| : | SECTION L |
| THIS DOCUMENT RELATES TO : | |
| : | |
| *Shemeca Rhinehart v. Janssen Research* : | |
| *& Development LLC, et al; 2:17-cv-08104* : | JUDGE ELDON E. FALLON |
| : | MAGISTRATE JUDGE NORTH |
| : | |

ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE
PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND
UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6

Plaintiff Shemeca Rhinehart has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation.* This is a CMO 6 Wave 2 case that was randomly selected on October 4, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on November 13, 2018, but this PFS was not fully complete per CMO 6 and PTO 13. Specifically, the PFS contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| I.C1. | Plaintiff did not provide the name and address of the pharmacy where her Xarelto prescription was filled. |
| III.A1.c. | Plaintiff did not answer how she managed the condition for which Xarelto was prescribed prior to taking Xarelto. |
| III.A.4. | Plaintiff stated she was provided samples of Xarelto but did not answer when these samples were provided. |
| III.A.5. | Plaintiff did not answer whether she was ever given written instructions, including prescription packaging, package inserts, literature, medication guides, or dosing instructions, regarding Xarelto. |

1

| | |
|---|---|
| III.A.6. | Plaintiff did not answer whether she was ever given oral instructions from any healthcare provider regarding her use of Xarelto. |
| III.A.7. | Plaintiff did not answer whether she or her attorney has any Xarelto packaging in their possession. |
| III.A.9. | Plaintiff did not answer whether she has had any communication with any of the Defendants. |
| III.B.5b. | Plaintiff did not answer whether she is claiming that Xarelto worsened a previously existing injury/condition. |
| III.C. | Plaintiff did not answer whether she is claiming that Xarelto caused or aggravated any psychiatric and/or psychological condition. |
| III.E.1. | Plaintiff did not answer whether she is making a claim for lost wages. |
| III.F. | Plaintiff did not answer whether she had any discussions with any doctor about whether Xarelto caused her injury. |
| V.C and D. | Plaintiff did not answer questions regarding her use of alcohol, marijuana, or other illicit drugs. |
| V.E. | Plaintiff did not answer whether she had undergone surgery within the five days leading up to her bleeding event. |
| V.H | Plaintiff stated that she previously treated for anemia, atrial fibrillation, hypertension, and blood clots but did not provide the name and address of the providers who treated her for these conditions. |
| VI.A. | Plaintiff stated that she previously used Coumadin but did not provide responses for the dosage, reason for use, reason for discontinuation, or prescribing physician. |

The information missing from Plaintiff's PFS is important and relates directly to her claims in this case. Specifically, information related to the pharmacy where Plaintiff filled her Xarelto prescription and when she received Xarelto samples is necessary for Defendants to collect medical records. Additionally, information regarding the physicians who treated Plaintiff for other medical conditions and who prescribed Coumadin are necessary for Defendants to collect medical records and evaluate Plaintiff's medical history. Whether Plaintiff is making a claim for lost wages, claiming that Xarelto worsened a previously existing condition, or whether she had any discussions with her healthcare providers as to whether Xarelto caused her injury is also necessary for Defendants to evaluate the claims in this case. Finally, information regarding any instructions or written information Plaintiff was provided, and whether she still has any in her possession, is relevant to Plaintiff's knowledge of the warnings on the Xarelto label or medication guide.

2

Defendants notified plaintiff of these deficiencies on November 4 and November 13, 2018, and requested that Plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 60 days have since passed since this first notice (more than the 20-day cure period provided by PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed. For these reasons, Plaintiff's case should be dismissed <u>with</u> prejudice.

Failure to show cause by appearing before this Court at 9:15 am on January 23, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of plaintiff's case with prejudice.

New Orleans, Louisiana, on this <u>10th</u> day of <u>January</u> 2019.

*Eldon C. Fallon*
United States District Judge