UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : : | |
| *Doris Wallace v. Janssen Research & Development LLC, et al; 2:16-cv-012011* | : : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

### ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6 AND <u>LACK OF CAPACITY TO PROCEED WITH THE CASE</u>

Plaintiff Doris Wallace has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 2 case that was selected by Plaintiffs on September 17, 2018. However, Defendants are unable to proceed with discovery because Plaintiff passed away on September 3, 2015—eight months before Plaintiff's initial complaint was filed on May 19, 2016 and three years before this case was selected for Wave 2 work up—and no party has been substituted to pursue the case on her behalf. Because the Plaintiff is deceased, she has no capacity to proceed with this case. *See Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the deceased."); *Magee v. Stacey,* 223 So.2d 194, 195 (La. Ct. App. 1969) (stating that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person").

Further, per CMO 6, Plaintiff was required to update her PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on October 17, 2018, but she did not complete all sections of the PFS per CMO

1

6. Specifically, Plaintiff's amended PFS only provides answers to Section I (Core Case Information). With the exception of answers that are automatically filled in by the MDL Centrality website, Plaintiff did not answer any questions in any of the remaining sections of the PFS: Section II (Personal Information), Section III (Claim Information), Section IV (List of Healthcare Providers), Section V (Medical Background), Section VI (Additional Medications) or Section IX (Document Requests). Further, Plaintiff failed to submit a signed declaration verifying the amended PFS as required by PTO 13. All of this information is necessary for Defendants to collect medical records, make determinations on who to depose, and evaluate Plaintiff's claims in this case.

Defendants notified Plaintiff of these deficiencies on October 18, 2018 and requested that Plaintiff cure these issues by submitting an amended PFS, with all sections answered, within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 80 days have passed (more than the 20-day time period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, and if no representative is willing to file the necessary motions to pursue this case on Plaintiff's behalf, this case cannot proceed. For these reasons, Plaintiff's case should be dismissed <u>with</u> prejudice.

Failure to show cause by appearing before this Court at 9:15 am on January 23, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of plaintiff's case with prejudice.

New Orleans, Louisiana, on this <u>10th</u> day of <u>    January    </u> 2019.

_____
United States District Judge