UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 2592 |
| THIS DOCUMENT RELATES TO | : : : | SECTION L |
| *Raymond Mitchell v. Janssen Research & Development LLC, et al; 2:15-cv-01196* | : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

### ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6

Plaintiff Raymond Mitchell has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 2 case that was selected by Defendants on September 17, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on November 6, 2018, but this PFS was not fully complete per CMO 6 and PTO 13. Specifically, the PFS contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| III.B.2. | Plaintiff failed to identify the healthcare providers and/or hospitals where he was treated for his alleged bleeding event. Instead, Plaintiff stated, "Discovery ongoing; will supplement." No information has been supplemented to date. |
| III.B.3. | In response to whether Plaintiff was undergoing treatment for any other medical conditions at the time of his bleeding event, Plaintiff stated, "Discovery ongoing; will supplement." No information has been supplemented to date. |
| III.B.4 | In response to what other prescriptions Plaintiff was taking at the time he was taking Xarelto, Plaintiff stated, "Discovery ongoing; will supplement." No information has been supplemented to date. |

1

| IV.C. | Rather than identifying each laboratory where Plaintiff had his blood tested over the last 10 years, Plaintiff stated "Discovery ongoing; will supplement." No information has been supplemented to date. |
|---|---|
| IV.D. | Rather than identifying each pharmacy where Plaintiff had prescriptions filled over the last 12 years, Plaintiff stated, "Discovery ongoing; will supplement." No information has been supplemented to date. |

The information missing from Plaintiff's PFS is necessary to begin initial discovery. Specifically, the identification of Plaintiff's healthcare providers, pharmacies, and laboratories are necessary for Defendants to collect medical records and determine which doctors to depose. Information regarding other prescription medications that Plaintiff was taking and the medical conditions he was being treated for at the time of his bleeding event are necessary for Defendants to evaluate the claims in this case. It has been two months since the submission of the PFS in which Plaintiff stated he would supplement these responses, but to date, no additional information has been provided.

Defendants notified plaintiff of these deficiencies on November 21, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 45 days have since passed (more than the 20-day cure period provided by PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed. For these reasons, plaintiff's case should be dismissed with prejudice.

Failure to show cause by appearing before this Court at 9:15 am on January 23, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of plaintiff's case with prejudice.

New Orleans, Louisiana, on this 10th day of _____January_____ 2019.

_____
United States District Judge

3