UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) : | |
| PRODUCTS LIABILITY LITIGATION : | MDL No. 2592 |
| : | |
| : | SECTION L |
| THIS DOCUMENT RELATES TO : | |
| : | |
| *Leonard Snoddy v. Janssen Research* : | JUDGE ELDON E. FALLON |
| *& Development LLC, et al; 2:16-cv-12214* : | MAGISTRATE JUDGE NORTH |
| : | |

**ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Plaintiff Leonard Snoddy has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 2 case that was randomly selected on October 4, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on November 7, 2018, but this PFS was not fully complete per CMO 6 and PTO 13. Specifically, the PFS contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| III.B.1 and 2. | Plaintiff did not identify the primary treating physician for his bleeding event, and he did not answer whether he was treated with any healthcare provider or hospital for this injury that was not identified in Section I of the PFS. |
| III.B.4 | Plaintiff did not answer whether he was taking any other prescription or over the counter medication at the time of his bleeding event. |
| III.B.5a. | Plaintiff did not answer whether he previously experienced the same alleged bleeding event as claimed in this case. |
| III.B.5b. | Plaintiff did not answer whether he is claiming that Xarelto worsened a previously existing injury/condition. |
| III.C. | Plaintiff did not answer whether he is claiming that Xarelto caused or aggravated any psychiatric and/or psychological condition. |

1

| III.F. | Plaintiff did not answer whether he had any discussions with any doctor about whether Xarelto caused his injury. |
|---|---|
| IV.A | Plaintiff did not identify each physician, doctor or other healthcare provider who has provided him treatment over the last 12 years. |
| IV.E | Plaintiff did not identify his insurance carriers for the last 10 years. |
| VI.A. | Plaintiff stated that he previously used Coumadin and Eliquis, but he failed to provide responses for the dosage, reason for use, reason for discontinuation or prescribing physician for either of these anticoagulants. |

The information missing from Plaintiff's PFS is important and relates directly to his claims in this case. Specifically, information related to plaintiff's healthcare providers—those that treated him for his alleged bleeding event, treated him in past 12 years, and prescribed other anticoagulants—are all necessary for Defendants to collect medical records and determine which doctors to depose. Identification of Plaintiff's insurance provider is necessary for Defendants to collect records that could identify additional healthcare providers who may not have been identified in Plaintiff's PFS. Information regarding other prescription medications Plaintiff was taking is relevant for Defendants to evaluate the claims in this case. Further, whether Plaintiff is claiming that Xarelto worsened a previously existing condition, and whether he had any discussions with his healthcare providers as to whether Xarelto caused his injury, is information necessary for Defendants to evaluate the claims in this case.

Defendants notified plaintiff of these deficiencies on November 8, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 55 days have since passed (more the 20-day cure period provided by PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed. For these reasons, plaintiff's case should be dismissed <u>with</u> prejudice.

Failure to show cause by appearing before this Court at 9:15 am on January 23, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of plaintiff's case with prejudice.

New Orleans, Louisiana, on this 10th day of ___January___ 2019.

_____
United States District Judge