UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) : | |
| PRODUCTS LIABILITY LITIGATION : | MDL No. 2592 |
| : | |
| : | SECTION L |
| THIS DOCUMENT RELATES TO : | |
| : | |
| *Peggy Gorman, surviving sibling of* : | |
| *Richard Brent v. Janssen Research &* : | |
| *Development LLC, et al; 2:17-cv-06666* : | JUDGE ELDON E. FALLON |
| : | |
| : | MAGISTRATE JUDGE NORTH |

**ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Plaintiff Peggy Gorman has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Pursuant to Case Management Order ("CMO") 6, Plaintiff was selected by Plaintiffs for inclusion in Wave 2 discovery on September 17, 2018. Accordingly, per CMO 6, Plaintiff was required to update this PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and Pretrial Order ("PTO") 13. On October 17, 2018, Plaintiff filed a motion for an extension of time to submit a verified Plaintiff Fact Sheet, asking that the deadline be extended to December 17, 2018 due to Mr. Brent's death on July 24, 2018. (R. Doc. No. 11226-1). This Court granted Plaintiff's motion. (R. Doc. No. 11772).

Plaintiff then submitted an amended PFS on December 3, 2018, but this PFS was not fully complete per PTO 13. The information missing from Plaintiff's PFS is important and relates directly to her claims in this case. Specifically, the identification of providers and laboratories who treated Mr. Brent and insurance carriers who provided coverage for Mr. Brent is necessary

1

for Defendants to collect medical records and evaluate Mr. Brent's medical history.  The missing responses pertaining to whether Mr. Brent received samples, was given oral instructions regarding Xarelto, has any Xarelto packaging, previously experienced the same alleged bleeding event, had discussions with any provider about whether Xarelto caused or contributed to his bleeding event, used alcohol or illicit drugs, underwent surgery within five days leading up to the alleged bleeding event, experienced a prior blood clot, was diagnosed with genetic coagulopathy, or had a medical procedure in which a stent was used are all necessary for Defendants to evaluate Mr. Brent's medical history and Plaintiff's claims.  Additionally, information pertaining to whether Plaintiff is claiming a previously existing condition was worsened, is seeking damages for the cause or aggravation of any psychiatric and/or psychological condition, or is making a claim that Mr. Brent lost wages or suffered impairment of earning capacity is necessary to evaluate Plaintiff's claims.

Defendants notified Plaintiff of these deficiencies on December 7, 2018 and requested that Plaintiff cure these issues by submitting an amended and complete PFS within 20 days.  Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case.  More than 30 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

Failure to show cause by appearing before this Court at 9:15 am on January 23, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this 10th day of _____January_____ 2019.

_____
United States District Judge