UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : : | |
| *Roy Johannessen v. Janssen Research & Development LLC, et al; 2:16-cv-07466* | : : | JUDGE ELDON E. FALLON |
| | : : | MAGISTRATE JUDGE NORTH |

**ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Plaintiff Roy Johannessen has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Pursuant to Case Management Order ("CMO") 6, Plaintiff was selected by Defendants for inclusion in Wave 2 discovery on September 17, 2018. Accordingly, per CMO 6, Plaintiff was required to update this PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and Pretrial Order ("PTO") 13.

Plaintiff submitted an amended PFS on October 18, 2018, but Plaintiff did not complete all sections of the PFS as required by CMO 6. Specifically, Plaintiff only provided answers to the information required in Section I; Plaintiff provided the name of one provider who prescribed Xarelto to him, one pharmacy where his Xarelto prescription was filled, one physician who diagnosed each of his alleged bleeding events, and one hospital where he was treated for one of those bleeding events. With the exception of answers that are automatically filled in by the MDL Centrality website, five of the eight remaining sections of the PFS were left almost completely

blank. Plaintiff merely responded "See Answers Previously Provided" to nine questions regarding identification of healthcare providers who treated him in connection with his Xarelto use, bleeding event, and medical history, including questions regarding *all* prescribers, treaters, pharmacies, hospitals, and laboratories where he treated for the past 12 or 10 years for *all* medical conditions. No response was given in response to questions relating to insurance carriers who provided coverage during the past 10 years. Plaintiff failed to respond to any of the remaining questions in the PFS regarding his medical background, or additional medications taken while he was taking Xarelto. Plaintiff also failed to respond to any of the document requests in Section IX. Further, Plaintiff failed to submit a signed declaration verifying the amended PFS as required by PTO 13. Given his failure to respond to a majority of questions in the PFS, Defendants are not able to fully collect medical records, determine who to depose, or to evaluate Plaintiff's claims in this case.

Defendants notified Plaintiff of these deficiencies on October 19, 2018 and requested that Plaintiff cure these issues by submitting an amended and complete PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 80 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

Failure to show cause by appearing before this Court at 9:15 am on January 23, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this 10th day of January 2019.

_____
United States District Judge