UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

--------------------------------------------------------------------X

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | |
| | |
| GREGORYS CLOWERS, | MDL NO. 2592 |
| -Plaintiff- | |
| | SECTION: L |
| -against- | |
| JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, JANSSEN ORTHO LLC, JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JOHNSON & JOHNSON COMPANY, BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER PHARMA AG, BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, and BAYER AG. | JUDGE: ELDON E. FALLON |
| | MAGISTRATE JUDGE: MICHAEL NORTH |
| | Civil Action No.: 2:16-CV-09737 |
| -Defendants- | |

--------------------------------------------------------------------X

**PLAINTIFF'S RESPONSE TO DEFENSE COUNSEL'S ORDER TO SHOW CAUSE**

COMES NOW Plaintiff GREGORY CLOWERS, by and through his undersigned Counsel of record, and responds to Defendant's Motion for Order to Show Cause filed on January 8, 2019, and states as follows:

1.  On November 26, 2018, this Court issued an Order to Show Cause why certain actions, including the above-captioned action, should not be dismissed with prejudice for failing to serve a fully complete and updated Plaintiff Fact Sheet pursuant to CMO 6.

2. After being randomly selected for inclusion in the Wave 2 remand discovery, Counsel has attempted to contact Plaintiff on numerous occasions to gather additional information needed to amend his Plaintiff Fact Sheet pursuant to CMO 6 and PTO 13C.

3. Undersigned Counsel has diligently attempted to contact Mr. Clowers by phone, by email, and by letter. These attempts include:

> a. Letters sent via certified mail on December 12, 2018, December 21, 2018, December 28, 2018, January 4, 2019, January 7, 2019, January 9, 2019, and January 10, 2019.
>
> b. Email attempts were made on November 7, 2018, December 21, 2018, December 28, 2018, January 4, 2019, January 9, 2019 and January 10, 2019.
>
> c. Phone attempts were made on June 1, 2016, June 17, 2016, July 28, 2016, November 5, 2018, November 6, 2018, November 7, 2018, and November 12, 2018.

4. That after performing extensive national online searches to locate Plaintiff, another address was obtained and copies of these letters were also mailed to this additional location as well.

5. That Plaintiff was mailed copies of his Plaintiff Fact Sheet with the listed deficiencies and a letter requesting information be completed via certified mail on December 12, 2018, December 21, 2018, December 28, 2018, January 4, 2019, January 7, 2019, January 9, 2019, and January 10, 2019.

6. That Counsel included a Letter to Plaintiff with Notice to comply in each mailing explaining that failure to answer his PFS with required information pursuant to PTO 13C and CMO 6 would likely result in the dismissal of his case with prejudice.

7. That Counsel has attempted to obtain required information from Plaintiff to cure deficiencies and comply with PTO 13C and CMO 6; however, Plaintiff has failed to respond to Plaintiff's many attempts to make contact.

8. That due to above mentioned Plaintiff's inaccessibility, Counsel has also been unable to obtain Plaintiff's updated written medical authorizations to furnish upon Defense Counsel that are necessary for Defense Counsel to proceed with discovery.

9. That on December 11, 2018 Counsel filed a Motion to Withdraw as Counsel of record for Plaintiff.

10. That Counsel for Plaintiff has exhausted all avenues of communication to no avail and all attempts to contact Mr. Clowers or otherwise ascertain his whereabouts have failed. Although Counsel does not believe that we will be able to obtain Mr. Clower's cooperation, Counsel will continue to attempt to contact Plaintiff.

11. Accordingly, due to undersigned Counsel's inability to contact Plaintiff and serve Plaintiff Fact Sheet in accordance with CMO 6 and PTO 13C, there is no basis to oppose Defendant's motion to Dismiss. Nevertheless, if this Court deems dismissal of Plaintiff's case to be proper, undersigned Counsel respectfully requests that this Court dismiss this claim without prejudice. Counsel would also request that this Court grant our Motion to Withdraw as Counsel of record for Plaintiff.

Dated: January 14, 2019
Garden City, New York

SANDERS PHILLIPS GROSSMAN, LLC

/s/ *Randi Kassan*

Randi Kassan, Esq.
Sanders Phillips Grossman, LLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
P: (516) 741-5600
F: (516) 741-0128
rkassan@thesandersfirm.com

***Attorneys for Plaintiff***