UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 2592 |
| This Document Relates to No. 2:15-cv-05282 Plaintiff: Mary McKee | * * * * | |
| | * * | SECTION L |
| | * * | JUDGE ELDON E. FALLON |
| | * | MAG. JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CROSS-NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF DR. SVENJA ALBRECHT**

**PLEASE TAKE NOTICE** that, in accordance with Rules 30 and 34 **of the Federal Rules of Civil Procedure, Plaintiff,** by and through her undersigned attorneys, hereby cross-notice in this matter the oral examination of **Dr. Svenja Albrecht** on **January 30, 2019** commencing at **8:00 am Central** at **University of Mississippi Medical Center, 2500 N. State Street, Learning Resources Building 3rd Floor, Suite U215A, Jackson, Mississippi 39216.**

The deposition shall be recorded stenographically and by videotape, and will continue from day to day until completed before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. The deposition shall be taken for purposes of discovery, for use at trial, or for such other purposes permitted under the Federal Rules of Civil Procedure.

The deponent shall produce any of the documents and tangible things listed on **Exhibit A**, attached hereto, at the deposition that are in their possession, custody and control.

Individuals who have a disability that may need accommodation at the deposition should contact the undersigned seven days prior to the deposition.

January 17, 2019

          Respectfully submitted,

          **/s/ Catherine T. Heacox**
          THE LANIER LAW FIRM, PLLC
          126 East 56th Street, 6th Floor
          (212) 421-2800
          Catherine.heacox@lanierlawfirm.com

          *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 17, 2019, the foregoing was served electronically to the following:

    Russell C. Buffkin
    HELMSING LEACH
    rcb@helmsinglaw.com

    Mark D. Ray
    Associate General Counsel
    University of Mississippi Medical Center
    2500 North State Street
    Jackson, MS 39216
    mdray@umc.edu

And electronically on the following in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

    Brian H. Barr
    LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR, P.A.

    bbarr@levinlaw.com

    *Plaintiffs' Co-Lead Counsel*

Andy D. Birchfield, Jr.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.

Andy.Birchfield@BeasleyAllen.com

*Plaintiffs' Co-Lead Counsel*


Gerald E. Meunier
GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC

gmeunier@gainsben.com

*Plaintiffs' Co-Lead Counsel*


Leonard A. Davis
HERMAN HERMAN & KATZ LLC

ldavis@hhklawfirm.com

*Plaintiffs' Co-Lead Counsel*



Susan M. Sharko
DRINKER BIDDLE & REATH LLP
XareltoJanssenCMO6Deps@dbr.com
*Served Janssen Defendants' Counsel*


By: /s/ ***Catherine T. Heacox***

## **EXHIBIT A - DOCUMENT REQUESTS**

1. Your most current *curriculum vitae* and/or resume.

2. A complete set of medical and treatment records relating to the medical care and treatment of plaintiff that are in your care, custody, possession, or control, including but not limited to office, emergency room, inpatient, outpatient, radiology, and testing records and data.

3. Your entire file, however described or maintained, in connection with plaintiff.

4. All documents, tangible things, data, or writing reviewed, relied upon, considered, or rejected by you when you treated and/or formed opinions regarding the treatment of plaintiff.

5. Any and all educational materials, counseling materials, or handouts in your possession regarding anticoagulants, including Xarelto, Coumadin, Eliquis, Pradaxa, and Savaysa.

6. Any and all correspondence or communications by and between you and the federal Food and Drug Administration or any other federal, state, or local agency relating to anticoagulants.

7. Any and all materials provided by plaintiff or his or her attorneys, including, but not limited to, documents, correspondence, statements, transcripts, and records, including whether by hard copy, text or e-mail.

8. Provide all correspondence and communications (both paper and electronic) between you or your representatives and the attorneys representing plaintiff.

9. All correspondence and communications (both paper and electronic) between you or your representatives and any insurance companies or their representatives concerning any claims made by plaintiff or on her behalf for medical treatment or for benefits of any nature including, but not limited to, disability benefits, social security benefits, and veterans' administration benefits.

10. All statements or bills rendered for medical services and supplies regarding plaintiff.

11. Any other documents relating to this action, including notes, reports, correspondence, and research that you have written, reviewed, considered, or prepared in connection with this litigation or in preparation for this deposition.

12. Any and all publications written by, quoting, or otherwise mentioning you that refer or relate in any way to anticoagulants.

4