IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | JUDGE ELDON E. FALLON |
| JESSIE E. WEATHERSPOON, deceased, by and through NATALIE WEATHERSPOON, as personal representative of the estate | MAGISTRATE JUDGE NORTH |
| Case No. 2:18-cv-05518 | |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE PROCESS ON DEFENDANTS BAYER PHARMA AG, BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER CORPORATION, BAYER HEALTHCARE LLC, BAYER HEALTHCARE AG, AND BAYER AG

COMES NOW Plaintiff, pursuant Federal Rule of Civil Procedure 4 and Pre-Trial Order 10 ("PTO 10"), Jessie E. Weatherspoon, deceased, by and through Natalie Weatherspoon, as personal representative of the estate, by and through her attorneys, Flint Law Firm, hereby submits this Memorandum of Law in Support of her Motion for An Extension of Time to Serve Process on Defendants Bayer Pharma AG, Bayer Healthcare Pharmaceuticals, Inc., Bayer Corporation, Bayer Healthcare LLC, Bayer Healthcare AG, and Bayer AG (collectively, "Bayer") with the Summons, and filed Complaint and Demand for Jury Trial ("Motion"). Plaintiff states as follows:

### INTRODUCTION

On March 24, 2015, this Court entered PTO 10 which provides, in relevant part:

Bayer Pharma AG and Bayer Healthcare Pharmaceuticals Inc. (BHCP) agree to waive formal service of process under Federal Rule of Civil Procedure 4 and to accept service of Xarelto cases that are properly commenced in, removed to, or transferred to this MDL…. The Complaint and a Summons shall be served as follows:

1. By CERTIFIED Mail, Return Receipt Requested, upon the following representative of BHCP:

SOP Department
Corporation Service Company
Suite 400
2711 Centerville Road
Wilmington, DE 19808

2. By REGISTERED Mail, Return Receipt Requested, upon the following representative of Bayer Pharma AG:

Bayer Pharma AG
Attn: Eva Gardyan-Eisenlohr
General Counsel
Muellerstrasse 178
13353 Berlin
GERMANY
…
Service will be effective ten (10) days after the date of delivery. Defendants who have consented to streamlined service under this procedure agree to provide 30 days notice before moving to dismiss for a technical defect in the service process described in this section. Failure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m).

*In re: Xarelto (Rivaroxaban) Products Liability Litigation,* Case 2:14-md-02592-EEF-MBN, Pre-Trial Order 10, Doc. No. 357, at 1-3.

On May 31, 2018, Plaintiff, by and through counsel, filed her Complaint and Demand for Jury Trial in this Multi-District Litigation ("MDL"). *See* Plaintiff's Complaint and Demand for Jury Trial, Case 2:18-cv-05518, Doc. No. 1. Plaintiff's Complaint named Bayer as Defendants. *See id.* at 1.

After the Complaint and Demand for Jury Trial were filed on May 31, 2018, the employee responsible for serving the Summons in a Civil Action, attaching the Complaint and Demand for Jury Trial on Bayer, was no longer employed by Plaintiff's counsel, Flint Law Firm, LLC, yet had documented in the database that service was complete. Upon exercising reasonable diligence, on or about November 14, 2018, Plaintiff's counsel discovered this deficiency and promptly acted to

serve the Summons in a Civil Action, attaching the Complaint and Demand for Jury Trial on Bayer. On November 23, 2018 and January 7, 2019, Plaintiff served the Summons in a Civil Action, attaching the Complaint and Demand for Jury Trial, on Bayer at Bayer Pharma AG, Attn: Evea Gardyan-Eisenlohr, General Counsel, Muellerstrasse 178, 13353 Berlin, Germany and at Bayer Healthcare Phamaceuticals, Inc., SOP Department, Corporate Service Company, 251 Little Falls Drive, Wilmington, DE 19808 (which subsequently changed its address after PTO 10 was entered). *See* Return Receipts, attached hereto as Exhibit A.  Accordingly, Plaintiff perfected service of the Summons, and Complaint and Demand for Jury Trial, although untimely.

On November 26, 2018, Bayer sent a correspondence to Plaintiff indicating receipt of the Summons in a Civil Action and the Complaint and Demand for Jury Trial, and noncompliance with PTO 10.  Bayer returned the served Summons in a Civil Action, and the Complaint and Demand for Jury Trial.  *See* attached November 26, 2018 correspondence, attached hereto as Exhibit B.

Of significance, Plaintiff served all other defendants (collectively, "Janssen") with the Summons in a Civil Action, attaching the Complaint and Demand for Jury Trial, on or about November 19, 2018 and November 27, 2018.  On December 10, 2018, Janssen subsequently served Plaintiff with its Waivers of the Service of Summons.  *See* Janssen's Waivers of the Service of Summons, attached hereto as Exhibit C.

## **LEGAL STANDARD**

Plaintiff incorporates and adopts the language indicated for PTO 10 above as if fully set forth herein.  Pursuant to Federal Rule of Civil Procedure 4:

> A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

3

Fed.R.Civ.P. 4(c). Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

## ARGUMENT

### I. Good Cause Exists To Allow Plaintiff Additional Time to Perfect Service on Bayer

There are significant reasons to allow Plaintiff additional time to perfect service on Bayer, as opposed to dismissal.

> Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Id.* Morever, even if good cause is lacking, the court has discretionary power to extend time for service. *Id.* Such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note (1993).
>
> To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304, 1306 (5th Cir.1985). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *Id.* In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id.* (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)).

*Newby v. Enron Corp.,* 284 Fed.Appx. 146, 149 (5th Cir. 2008). Although Rule 4(m) currently dictates that a summons and complaint must be served within 90 days of filing a complaint, not 120 days, the reasoning behind the other interpretations and standards in Rule 4(m) apply here.

Here, good cause exists because dismissing this action would not promote judicial efficiency and economy as this would result in Plaintiff refiling the same action as to Bayer with the instant action pending against Janssen. There would be a significant risk of duplicative work,

4

which would burden this Court and each party involved by wasting time and resources prosecuting and defending Plaintiff's claims.

Furthermore, good cause exists because Plaintiff should not be punished for Plaintiff's counsel's former employee failing to *timely* serve Bayer with the Summons, and Complaint and Demand for Jury Trial. Upon discovering this omission, Plaintiff's counsel immediately attempted to cure this deficiency by serving the Summons, and Complaint and Demand for Jury Trial on Bayer in November of 2018. *See* Exhibit A. Lastly, if this case were to be dismissed and subsequently refiled, Bayer would likely attempt to dismiss the subsequent complaint and demand for jury trial on statute of limitations grounds, even though Bayer confirmed receipt of the original Complaint and Demand for Jury Trial within the statute of limitations. *See* Exhibit B. If this cause was dismissed as to Bayer, subsequently refiled and subject to a motion to dismiss based on statute of limitations grounds, Plaintiff would be burdened with defending this motion even though Bayer received actual notice of this action before the statute of limitations deadline. *See id.* Plaintiff will dispute that the statute of limitations would bar any refiled complaint and demand for jury trial since Plaintiff claims likely relate back to the filing of this Complaint that Bayer had actual notice of, which was within the applicable statute of limitations. *See Smith v. McFerron,* 540 N.E.2d 1273, 1273 and 1275 (Ind.App. 1989); *see also* Exhibit B.

Bayer is not prejudiced by being served with the Summons and Complaint and Demand for Jury Trial as this matter is currently pending in this MDL. This case is not part of Waves 1 or 2 in this MDL. Discovery is ongoing and no dispositive motions have been filed. Plaintiff's claims are significant against Bayer, as to include wrongful death. *See* Plaintiff's Complaint and Demand for Jury Trial, Doc. No. 1, at 10-50. In the interest of substantial justice and fairness, Plaintiff

should be entitled to serve Bayer with the Summons, and Complaint and Demand for Jury Trial out of time.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully requests that this Court to grant her thirty (30) days from the date the order is entered within which to provide streamlined service of process on Defendant Bayer with the Summons, and Complaint and Demand for Jury Trial, and provide such other and further relief as to which she may be entitled. No party herein will be prejudices, nor will any MDL process be adversely affected by granting the relief sought herein.

Dated: January 18, 2019

RESPECTFULLY SUBMITTED,

**FLINT LAW FIRM, LLC**

/s/ Jacob A. Flint
Jacob A. Flint, IL Bar No. 6299777
Flint Law Firm, LLC
222 E. Park St., Suite 500
P.O. Box 189
Edwardsville, IL 62025
Phone: 618-288-4777
Fax: 618-288-2864
jflint@flintlaw.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2019, a copy of the above and foregoing has been filed in a manner authorized by Fed.R.Civ.P. 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Jacob A. Flint
*Attorney for Plaintiff*