UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN)<br>PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br>SECTION: L<br>JUDGE FALLON<br>MAG. JUDGE NORTH |

THIS DOCUMENT RELATES TO:

*NANCY KEVERN, Individually and as Representative of the Estate of JOHN F KEVERN 2:18-cv-09644*

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF TIME WITHIN WHICH TO SERVE PROCESS ON DEFENDANT BAYER PHARMA AG

**MAY IT PLEASE THE COURT:**

The Plaintiffs in the above referenced Complaint hereby submits this Memorandum in support of their Motion for an Order from this Honorable Court granting them additional time within which to serve process on the Defendant, Bayer Pharma AG, through the streamlined process as set forth in this Court's Pre-Trial Order Nos. 10 and 10B.

**I.   BACKGROUND**

On October 17, 2018, Plaintiffs filed their Complaint against Defendants and was assigned Case 2:18-cv-09644. Due to a clerical error, the complaint was served on Defendants Bayer Pharma AG on January 9, 2019. It should have been served on December 16, 2018.

On January 17, 2019, counsel for Plaintiff received a letter from Defendants indicating that they would not accept streamlined service under Pre- Trial Order 10 because it was served late. Prior to the filing of this motion, Plaintiff has timely filed the Plaintiff Fact Sheet on the Defendants through MDL Centrality, and therefore Defendants are aware of the facts and

circumstances regarding the claim and would suffer no prejudice if the time for service is extended as requested.

## II.     LAW AND ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve its complaint on a defendant within 90 days of filing a complaint. If the plaintiff fails to do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Rule goes on to state that the court may extend the time for service for an "appropriate period" if the plaintiff shows good cause for failing to serve process. *Id*. Additionally, "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Situations where a discretionary extension may be granted include "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Millan v. USAA General Insurance Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (internal quotation marks omitted). Courts also take into consideration whether the defendant had notice of the claims against it, or otherwise "act[ed] so as to cause plaintiff to believe service [was] effective." *Zermeno v. McDonnell Douglas*, 246 F.Supp.2d 646, 667 (S.D.Tex. 2003). "[A] plaintiff . . . may be required to show that the party to be served personally received actual notice of the lawsuit; the defendant would not suffer any prejudice by the court extending the 120-day deadline; and the plaintiff would be severely prejudiced if his complaint were dismissed." *Id*. at 666.[1]

---

[1] Rule 4(m) has since been amended to require service within 90 days, not 120 days.

In the instant matter, Plaintiff has every intention of pursuing the claim and has demonstrated such to the Defendants, including Bayer Pharma AG. The Plaintiff was not acting in bad faith. Due to a mistake, the Complaint was served 25 days late.

Additionally, Defendant Bayer Pharma AG had notice of the claims against them in the above Complaint despite the fact that Plaintiffs inadvertently served the Defendants 25 days after the deadline as per Pre-Trial Order 10. Defendant Bayer Pharma AG is fully aware of the Plaintiff's claim having been served with hundreds of identical complaints and fact statements. Because this MDL involves thousands of similarly situated Plaintiffs who have filed claims alleging facts, circumstances and theories of recovery nearly identical to the suit filed by the instant Plaintiff, no prejudice has or will occur to Defendant Bayer Pharma AG by the Court granting relief sought here. Further, the Defendant has received notice of specifically the instant Plaintiff via the Plaintiff Fact Sheer served on December 12, 2018, four days prior to the actual service date.

In light of the foregoing, Plaintiffs now respectfully request that this Honorable Court grant a permissive extension of time as allowed by the Court's power under Rule 4(m).

### III.  CONCLUSION

Based on the arguments and facts set forth herein, Plaintiffs respectfully request an Order from this Court granting them thirty (30) days, or a reasonable time to be determined by the Court, from the date the Order is entered within which to provide streamlined service of process on Defendant Bayer Pharma AG.  Plaintiffs have shown that no party herein will be prejudiced, nor will any MDL processes be adversely affected by the granting of the relief sought herein. This 21st day of January 2019.

By:  /s/ Jonathan E. Schulman
     Jonathan E. Schulman
     SLATER SLATER SCHULMAN LLP

                                      445 Broadhollow Road, Suite 334
                                      Melville, New York 11747
                                      Phone: (212) 922-0906
                                      Fax: (212) 922-0907
                                      jschulman@sssfirm.com
                                      *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the above and foregoing document was filed with the clerk via CM/ECF. Notice of this filing will be sent via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to PreTrial Order No. 17, on this 21st day of January 2019.

                                                                                         */s/ Jonathan E. Schulman*
                                                                                         Jonathan E. Schulman