```
                  UNITED STATES DISTRICT COURT

                 SOUTHERN DISTRICT OF MISSISSIPPI


IN RE:  XARELTO                *
(RIVAROXABAN) PRODUCTS         *
LIABILITY LITIGATION           *   Docket No.: 14-MD-2592
                               *   Section "L"
THIS DOCUMENT RELATES TO:      *   New Olreans, Louisiana
                               *   December 12, 2018
All cases                      *
                               *
* * * * * * * * * * * * * * * *


         TRANSCRIPT OF SHOW CAUSE HEARING PROCEEDINGS
            BEFORE THE HONORABLE ELDON E. FALLON
                  UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Plaintiffs'
Liaison Counsel:                   Herman, Herman & Katz
                                   BY:  LEONARD A. DAVIS, ESQ.
                                   820 O'Keefe Avenue
                                   New Orleans, Louisiana 70113



For the Defendant Bayer
HealthCare Pharmaceuticals
Inc. and Bayer Pharma AG:          Chaffe McCall, LLP
                                   BY:  JOHN F. OLINDE, ESQ.
                                   1100 Poydras Street
                                   Suite 2300
                                   New Orleans, Louisiana 70163
```

```
 1   APPEARANCES:

 2   For Janssen Pharmaceuticals,
     Inc. and Janssen Research &
 3   Development, LLC:           Drinker Biddle & Reath, LLP
                                 BY:  CHANDA A. MILLER, ESQ.
 4                               One Logan Square
                                 Suite 2000
 5                               Philadelphia, Pennsylvania  19103

 6

 7   Official Court Reporter:    Jodi Simcox, RMR, FCRR
                                 500 Poydras Street
 8                               Room HB-406
                                 New Orleans, Louisiana 70130
 9                               (504) 589-7780

10

11

12   Proceedings recorded by mechanical stenography, transcript

13   produced by computer.
```

```
 1                         PROCEEDINGS
 2                      (December 12, 2018)
 3                            ******
 4
 5        (COURT CALLED TO ORDER)
 6        THE DEPUTY CLERK:  All rise.
 7        THE COURT:  Okay.  Be seated, please.
 8             Okay.  We have several motions on a rule to show
 9   cause why the case should not be dismissed, but we have
10   extended many of them and there are only five, I think.  Do you
11   want to explain what we're going to do?
12        MS. MILLER:  Yes, that's correct, Your Honor.  This
13   is Chanda Miller speaking on behalf of the defendants.  We
14   appreciate Your Honor helping us yesterday get our orders on an
15   expedited basis.  That moved a number of the hearings that had
16   been set for today for January.  And for those on the phone
17   that didn't have the opportunity to see the orders, the Wave 2
18   cases that had been set for hearing on Record Doc No. 11811
19   have been moved until January 23rd, and those cases won't be
20   heard today.
21             We do have five cases remaining.  Two of them
22   have since been resolved.  So, for the record, Your Honor, I
23   can discuss those two cases, and then we can move to the next
24   three.  The first --
25        MR. DAVIS:  Just before we get to that, there may be
```

a number of people on the phone, Your Honor, who have Wave cases, and I would encourage them to address those issues promptly, and that they will be addressed in January if the issues are not timely cured. So I would encourage counsel to do what's needed on those Wave cases, but they are not being heard today.

**THE COURT:** Yeah. These are the cases that are being held today. Why don't you give us the three of them that we'll be discussing?

**MS. MILLER:** Sure. The ones that are still left to be heard, Elaine Mayfield, Reuben Cox, and James Billiot. There were two more cases set to be heard, one was Linda Johnson at Record Doc 11870. Her counsel has since notified us that she will be voluntarily dismissing the case. So there's no action needed on that case today.

And the fifth case was Norman Beaulieu, Record Doc 11868. And in that case, the deficiencies have since been resolved. So that case will not be heard today.

**THE COURT:** Okay. So anybody else on the phone, you need not worry about your case being dismissed, but you really need to focus on getting the matters resolved that are outstanding. We'll take up those cases again in January, but if they're not fixed by then, the case will be dismissed. So you need not worry now. You've got a little more time to do it. So I urge you to correct the situation.

1                Okay.  Let's go to the ones that are still on
2    then.
3            **MS. MILLER:**  Thank you, Your Honor.
4                The first case up is the case of Elaine
5    Mayfield.  It's Record Doc 11809.  This was a random selection
6    in the CMO 6 Wave 1 pool.  Defendants have brought a motion
7    because the plaintiff passed away on April 16th, 2017.  It was
8    one year before the case was selected for workup under CMO 6.
9                We've been working very closely with the
10   plaintiff's counsel in this case.  Our understanding from
11   communications with them is that they have not identified any
12   heirs who are willing and able to substitute in to proceed with
13   the case.  So at this point in time, there's no plaintiff
14   remaining in the case, no one to prosecute the case, and so we
15   ask that it be dismissed with prejudice.
16           **MR. DAVIS:**  Your Honor, we have e-mailed counsel, and
17   what Ms. Miller says is correct in that there was a notice of
18   death that was filed, and we understand that there's an
19   inability to locate heirs and, therefore, there's an issue with
20   capacity, and counsel is aware of that.
21           **THE COURT:**  I know that counsel's done everything
22   they can to locate the individual.  It's unfortunate, but
23   they've expended time, energy, and money in trying to do it,
24   and notwithstanding their efforts, they haven't been able to do
25   it.  Nobody has come forward, so that's indicative to me that

```
 1   nobody wants to pursue the case, so we'll dismiss this case
 2   with prejudice.
 3            MS. MILLER:  Thank you, Your Honor.
 4            The next case is James Billiot.  It's record
 5   Doc 11869.  This was a random selection into the CMO 6 Wave 1
 6   pool.  The issue in this case is that the plaintiff passed away
 7   on March 25th, 2017.  So more than one year before the case was
 8   selected for workup under Wave 1.  We've been working with --
 9   contacted plaintiff's counsel asking when someone will be
10   substituted in as the plaintiff to proceed with the case.
11   We've not heard anything back from plaintiff's counsel on that.
12            At this point in time, there's no one to proceed
13   as the plaintiff.  The case is at a complete halt in terms of
14   discovery and workup under CMO 6.  It's been 620 plus days
15   since the plaintiff had passed away, and without having heard
16   anything from plaintiff's counsel on this, we would ask that it
17   be dismissed with prejudice.
18            MR. DAVIS:  Your Honor, we've been in communication
19   just in the last day with Catherine Towne.
20            Ms. Towne, are you on the phone?
21            We understood that counsel was going to be on
22   the phone and was going to handle this matter.  We understood
23   that the plaintiff is deceased, but they were attempting to
24   address this matter.  I understood that Ms. Towne was going to
25   ask for an extension.
```

1    **THE COURT:**  What's your feeling on that?
2    **MS. MILLER:**  Your Honor, we've not had responses from
3 plaintiff's counsel on this.  We didn't see a response filed to
4 the motion that we had filed.  If she was going to ask for an
5 extension, under the circumstances, we can pass it to January,
6 but at that point, something has to be done.  It's been more
7 than a year.
8    **THE COURT:**  Yeah.  I think that's right.
9            This is the case that is Billiot.  Anybody on
10 for Mr. Billiot, B-I-L-L-I-O-T?
11            Okay.  I'll do that in lieu of what you are
12 saying, Lenny.  I'll pass it for 30 days.  But if it is not
13 rectified within 30 days, I'm going to dismiss the case.
14    **MR. DAVIS:**  Thank you, Your Honor.
15    **MS. MILLER:**  Thank you, Your Honor.
16    **THE COURT:**  Is that it?
17    **MS. MILLER:**  And the last case for today is the case
18 of Reuben Cox.  It's Record Doc 11846.  This was a defense pick
19 into the CMO 6 Wave 1 pool.  At this point in the case of
20 Mr. Cox, the discovery is at a complete halt.  We don't have an
21 updated plaintiff fact sheet that has been verified by a party
22 to the case or by someone who has the authority to represent
23 Mr. Cox.
24            During the meet and confer process, which has
25 been ongoing since May, we did learn from Mr. Cox's counsel

```
 1  that he experienced a stroke in March of 2017, and as a result
 2  of that is no longer able to communicate.  Defendants were
 3  originally told that his wife would be seeking guardianship
 4  over Mr. Cox so that she could proceed with the case.
 5            We were then told in November that that was not
 6  going to happen and there would be no one stepping in to
 7  proceed with the case, which, as a result, defendants then
 8  filed the motion for order to show cause.
 9            We now understand that Mr. Cox's wife may, in
10  fact, be willing to institute guardianship proceedings.  But at
11  this point, we've heard a couple of different comments on that,
12  so we're not entirely sure.  Because the case is at a complete
13  halt, because there's not a plaintiff with the capacity to
14  proceed, we would ask that the case be dismissed with
15  prejudice.  It's been a year and a half since the events at
16  issue, and it looks to us like nothing has been done.
17            **THE COURT:**  Anyone for Mr. Cox on the phone?
18            **MR. DAVIS:**  Your Honor, we understood that Laura
19  Lumaghi, counsel for Mr. Cox, would be on the phone.  And a
20  response was filed at Rec Doc 11917.  Mr. Cox had a stroke.
21  And as I appreciate it, he's only deficient in some small
22  portions of the declaration, and they were going to ask for 120
23  days in order for the wife to get the letters of guardianship
24  and conservative papers in line.  That's what we understood.
25  And they did file a response.  I also understood they were
```

```
 1  going to be on the phone.
 2           THE COURT:  We had 14 people on the phone.
 3  Apparently, everybody hung up.  I don't know what happened with
 4  it.  In any event, this is what I'll do with this case:  I'll
 5  pass it until January.  But even if they don't have the papers,
 6  even if they don't have the letters, they have to show
 7  something that they've filed in court.  Some states take longer
 8  to issue letters, but they ought to be able to show that they
 9  have filed something.  If they haven't, the case is going to be
10  dismissed at that time.
11           Remind me of those two that we're dealing with.
12           MR. DAVIS:  Your Honor, Sindu and I will follow-up on
13  those and we will address them.
14           THE COURT:  Okay.  All right.
15           MS. MILLER:  That's all for today, Your Honor.  Thank
16  you.
17           THE COURT:  Okay.  Thanks very much.
18           MR. DAVIS:  Thank you.
19           THE COURT:  You all have a good holiday.
20           (WHEREUPON, the proceedings were concluded.)
21                              *****
```

**CERTIFICATE**

I, Jodi Simcox, RMR, FCRR, Official Court Reporter for the United States District Court, Eastern District of Louisiana, do hereby certify that the foregoing is a true and

1  correct transcript, to the best of my ability and
2  understanding, from the record of the proceedings in the
3  above-entitled and numbered matter.
4
5
6                              s/Jodi Simcox, RMR, FCRR
                               Jodi Simcox, RMR, FCRR
7                              Official Court Reporter

UNOFFICIAL REALTIME TRANSCRIPT