**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) | * | MDL NO. 2592 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE NORTH |

*********************************************

**THIS DOCUMENT RELATES TO:**

*Doris Wallace v. Janssen Research & Development LLC, et al.;*
Case No. 2:16-cv-12011.

**RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFF'S FAILURE TO
SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET
PURSUANT TO CMO 6**

Defendants moved for, and this Court entered, an Order to Show Cause [Rec. Doc. 12290]

why this action should not be dismissed with prejudice for failure to submit an amended and fully

complete Plaintiff Fact Sheet ("PFS") in accordance with Case Management Order ("CMO") 6

and Pretrial Order ("PTO") 13.  *See* Rec. Doc. 12247; Rec. Doc. 12290.  Plaintiff respectfully

responds, through counsel, as follows.

> 1.  **Plaintiff's surviving spouse has submitted a complete PFS and records
>     documenting Plaintiff's Xarelto-related bleed and requests additional time
>     to file any necessary motion for leave to substitute parties while Plaintiff's
>     attorneys attempt to determine estate status and related matters.**

Plaintiff's claim appears meritorious based on medical documentation provided to

Defendants in 2017.  In late 2018 and early 2019, after learning of Plaintiff's passing, undersigned

counsel submitted the death certificate, a Next of Kin Affidavit and medical record authorization

forms executed by Plaintiff's surviving spouse, a document filed in a probate court matter

involving Plaintiff's estate, and a complete PFS with a declaration signed by Plaintiff's surviving

1

spouse.  As such, Plaintiff's PFS is not deficient and there is nothing to prevent Defendants from investigating Plaintiff's claims and preparing their defense at this time.

The only remaining deficiency alleged by Defendants, "Failure to provide documentation supporting the authority of Xarelto user's representative to sign declaration on behalf of the user," is inaccurate.  As previously stated, Plaintiff's widower has submitted a Next of Kin Affidavit as well as signed authorization forms allowing Defendants to obtain Plaintiff's medical and other records.  Since Defendants filed their Motion for Order to Show Cause two weeks ago, counsel for Plaintiffs has been unable to determine the status of any probate proceedings and is not currently in a position to move for leave to substitute parties.  On January 18, 2019, a family member advised us by telephone that she was attempting to gather additional information and documents.  As such, Plaintiff respectfully requests that the Show Cause Order be dismissed and that Plaintiffs be allowed additional time to investigate the situation.

### 2.    Prejudicial dismissal is not an appropriate sanction.

Regardless, the remedy Defendants request – dismissal of Plaintiffs' lawsuit with prejudice – is not an appropriate remedy under these circumstances.  The Fifth Circuit has repeatedly emphasized that "[a]lthough the district court's discretion under Rule 37 is broad, … it is not unlimited," and that "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Batson v. Neal Spelce Assocs., Inc.,* 765 F.2d 511, 514, 515 (5th Cir. 1985) (remanding for reassessment of sanctions and reconsideration of whether district court should have imposed a "less drastic sanction" than prejudicial dismissal notwithstanding plaintiff's "flagrant" discovery violations including her refusal, in violation of a district court order overruling her motion to quash, to produce subpoenaed financial documents "absolutely necessary to defend against her demand for damages" for nearly

a year).    Indeed, the Court of Appeals has often characterized dismissal with prejudice as "a

draconian remedy, or a remedy of last resort only to be applied in extreme circumstances." *Id.* at

515 (internal quotations omitted).   For the reasons stated above, this draconian remedy of last

resort is not appropriate here.

WHEREFORE, Plaintiff respectfully requests, through counsel, that the Order to Show

Cause be dismissed.   In the alternative, Plaintiff requests that he be permitted additional time to

provide the requested information.   Failing that, Plaintiff requests that any dismissal be without

prejudice.

Signed: January 22, 2019                                        Respectfully submitted,

By:     */s/ Christopher J. Quinn*_____
                                                               Christopher J. Quinn
                                                               THE DRISCOLL FIRM, P.C.
                                                               211 N. Broadway, 40th Floor
                                                               St. Louis, MO 63102
                                                               Tel: (314) 932-3232
                                                               Fax: (314) 932-3233
                                                               chris@thedriscollfirm.com
                                                               *Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 22, 2019, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Christopher J. Quinn
Christopher J. Quinn
THE DRISCOLL FIRM, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Tel: (314) 932-3232
Fax: (314) 932-3233
chris@thedriscollfirm.com

*Attorneys for Plaintiff*