UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH |

******************************************

**THIS DOCUMENT RELATES TO:**

*Lonzo Brown v. Janssen Research & Development LLC, et al.;*
Case No. 2:16-cv-07171.

**RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFF'S FAILURE TO SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Defendants moved for, and this Court entered, an Order to Show Cause [Rec. Doc. 12301] why this action should not be dismissed with prejudice for failure to submit an amended and fully complete Plaintiff Fact Sheet ("PFS") in accordance with Case Management Order ("CMO") 6 and Pretrial Order ("PTO") 13.  *See* Rec. Doc. 12258; Rec. Doc. 12301.  Plaintiff respectfully responds, through counsel, as follows.

1. **Counsel for Plaintiff has been unable to obtain information and documents necessary to submit a complete PFS and medical documentation of a Xarelto-related injury.**

Plaintiff has submitted a PFS that is complete to the best of Plaintiff's knowledge and recollection.  Plaintiff and his attorneys have been unable to locate medical records documenting Plaintiff's alleged Xarelto-related bleeding event, however; and Plaintiff has not authorized voluntarily dismissal of his lawsuit with prejudice.

2. **Prejudicial dismissal is not an appropriate sanction.**

1

Under these circumstances, the remedy Defendants request – dismissal of Plaintiff's lawsuit with prejudice – is not appropriate. The Fifth Circuit has repeatedly emphasized that "[a]lthough the district court's discretion under Rule 37 is broad, … it is not unlimited," and that "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Batson v. Neal Spelce Assocs., Inc.,* 765 F.2d 511, 514, 515 (5th Cir. 1985) (remanding for reassessment of sanctions and reconsideration of whether district court should have imposed a "less drastic sanction" than prejudicial dismissal notwithstanding plaintiff's "flagrant" discovery violations including her refusal, in violation of a district court order overruling her motion to quash, to produce subpoenaed financial documents "absolutely necessary to defend against her demand for damages" for nearly a year). Indeed, the Court of Appeals has often characterized dismissal with prejudice as "a draconian remedy, or a remedy of last resort only to be applied in extreme circumstances." *Id.* at 515 (internal quotations omitted). For the reasons stated above, this draconian remedy of last resort is not appropriate here.

WHEREFORE, Plaintiff respectfully requests, through counsel, that the Order to Show Cause be dismissed. In the alternative, Plaintiff requests that he be permitted additional time to provide the requested information. Failing that, Plaintiff requests that any dismissal be without prejudice.

Signed: January 22, 2019                                    Respectfully submitted,

                                                By:    */s/ Christopher J. Quinn*
                                                       Christopher J. Quinn
                                                       THE DRISCOLL FIRM, P.C.
                                                       211 N. Broadway, 40th Floor
                                                       St. Louis, MO 63102
                                                       Tel: (314) 932-3232
                                                       Fax: (314) 932-3233
                                                       chris@thedriscollfirm.com
                                                       *Attorneys for Plaintiff*

2

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 22, 2019, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Christopher J. Quinn*
Christopher J. Quinn
THE DRISCOLL FIRM, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Tel: (314) 932-3232
Fax: (314) 932-3233
chris@thedriscollfirm.com

*Attorneys for Plaintiff*