UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH |

*******************************************

**THIS DOCUMENT RELATES TO:**

*Roy Johannessen v. Janssen Research & Development LLC, et al.;*
Case No. 2:16-cv-07466.

**RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFF'S FAILURE TO SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET <u>PURSUANT TO CMO 6</u>**

Defendants moved for, and this Court entered, an Order to Show Cause [Rec. Doc. 12302] why this action should not be dismissed with prejudice for failure to submit an amended and fully complete Plaintiff Fact Sheet ("PFS") in accordance with Case Management Order ("CMO") 6 and Pretrial Order ("PTO") 13.  *See* Rec. Doc. 12259; Rec. Doc. 12302.  Plaintiff respectfully responds, through counsel, as follows.

1. **Counsel for Plaintiff has been unable to obtain from Plaintiff information and documents necessary to submit a complete PFS because it appears Plaintiff is deceased.**

In 2016, Plaintiff submitted a PFS containing core case information along with medical and pharmacy records documenting treatment for Xarelto-related bleeding.  In October of 2018, after the case was selected for pre-trial workup pursuant to CMO 6, counsel for Defendants informed counsel for Plaintiffs that one of Plaintiff's medical providers advised that Plaintiff has passed away.  Since that time, undersigned counsel and office staff have repeatedly but

1

unsuccessfully attempted to contact Plaintiff and to locate and contact possible next of kin in order to obtain information and documents necessary to complete the PFS and obtain additional records. All correspondence addressed to Plaintiff and three individuals counsel believes to be Plaintiff's surviving children, including correspondence advising of the Court's Order to Show Cause and the fact that this action may be dismissed on January 23, 2019, either generated no response or was returned as undeliverable.  We have been unable to reach anyone by telephone.

### 2. Prejudicial dismissal is not an appropriate sanction.

Under these circumstances, the remedy Defendants request – dismissal of Plaintiff's lawsuit with prejudice – is not appropriate.  The Fifth Circuit has repeatedly emphasized that "[a]lthough the district court's discretion under Rule 37 is broad, … it is not unlimited," and that "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Batson v. Neal Spelce Assocs., Inc.,* 765 F.2d 511, 514, 515 (5th Cir. 1985) (remanding for reassessment of sanctions and reconsideration of whether district court should have imposed a "less drastic sanction" than prejudicial dismissal notwithstanding plaintiff's "flagrant" discovery violations including her refusal, in violation of a district court order overruling her motion to quash, to produce subpoenaed financial documents "absolutely necessary to defend against her demand for damages" for nearly a year).  Indeed, the Court of Appeals has often characterized dismissal with prejudice as "a draconian remedy, or a remedy of last resort only to be applied in extreme circumstances." *Id.* at 515 (internal quotations omitted).  For the reasons stated above, this draconian remedy of last resort is not appropriate here.

WHEREFORE, Plaintiff respectfully requests, through counsel, that the Order to Show Cause be dismissed.  In the alternative, Plaintiff requests that he be permitted additional time to

provide the requested information. Failing that, Plaintiff requests that any dismissal be without prejudice.

Signed: January 22, 2019                                  Respectfully submitted,

                                        By:    */s/ Christopher J. Quinn*_____
                                                    Christopher J. Quinn
                                                    THE DRISCOLL FIRM, P.C.
                                                    211 N. Broadway, 40th Floor
                                                    St. Louis, MO 63102
                                                    Tel: (314) 932-3232
                                                    Fax: (314) 932-3233
                                                    chris@thedriscollfirm.com
                                                    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 22, 2019, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                            */s/ Christopher J. Quinn*_____
                                                            Christopher J. Quinn
                                                           THE DRISCOLL FIRM, P.C.
                                                           211 N. Broadway, 40th Floor
                                                           St. Louis, MO 63102
                                                           Tel: (314) 932-3232
                                                           Fax: (314) 932-3233
                                                           chris@thedriscollfirm.com

                                                           *Attorneys for Plaintiff*