# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION** | * * * | **MDL NO. 2592** |
| **This Document Relates to JANICE BURGIN** | * * | |
| **MDL Case No. 2:15-cv-04659** | * * * | **SECTION L** |
| | * * | **JUDGE ELDON E. FALLON** |
| | * * | **MAG. JUDGE NORTH** |
| * * * * * * * * * * * * * * * * * * * * * * | | |

### NOTICE OF ORAL AND VIDEOTAPED DEPOSITION OF JANICE BURGIN

**PLEASE TAKE NOTICE** that, in accordance with Rules 30 and 34 of the Federal Rules of Civil Procedure, Defendants Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, Janssen Pharmaceuticals, Inc. and Janssen Research & Development, LLC will take the deposition upon oral examination of Janice Burgin on February 1, 2019 commencing at 9:00 am EST at the Cincinnati Airport Marriott, 2395 Progress Drive, Hebron, KY 41048.

The deposition shall be recorded stenographically and by videotape, and will continue from day to day until completed before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. The deposition shall be taken for purposes of discovery, or for such other purposes permitted under the Federal Rules of Civil Procedure.

The deponent shall produce any of the documents and tangible things listed on **Exhibit A**, attached hereto, at the deposition that are in their possession, custody and control.

Individuals who have a disability that may need accommodation at the deposition should contact the undersigned seven days prior to the deposition.

2

January 24, 2019

                                                         Respectfully submitted,

                                                         */s/ Kevin W. Fay*
                                                         Kevin W. Fay, Esq.
                                                         Eckert Seamans Cherin & Mellott, LLC
                                                         Two Liberty Place, 22nd Floor
                                                         50 South 16th Street
                                                         Philadelphia, PA 19102
                                                         (215) 851-8400
                                                         kfay@eckertseamans.com

                                                         *Attorneys for Defendants Bayer HealthCare*
                                                         *Pharmaceuticals, Inc. and Bayer Pharma AG*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the January 24, 2019 the foregoing was served electronically to the following:

Chris Pinedo, Esq.
Hilliard Martinez Gonzales LLP
719 S. Shoreline Blvd.
Corpus Christi, TX 78401
cpinedo@hmglawfirm.com

And electronically on the following in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

Brian H. Barr
LEVIN PAPANTONIO THOMAS MITCHELL RAFFERTY & PROCTOR, P.A.

bbarr@levinlaw.com

*Plaintiffs' Co-Lead Counsel*


Andy D. Birchfield, Jr.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.

Andy.Birchfield@BeasleyAllen.com

*Plaintiffs' Co-Lead Counsel*


Gerald E. Meunier
GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC

gmeunier@gainsben.com

*Plaintiffs' Co-Lead Counsel*


Leonard A. Davis
HERMAN HERMAN & KATZ LLC

ldavis@hhklawfirm.com

*Plaintiffs' Co-Lead Counsel*


Andrew K. Solow
ARNOLD & PORTER LLP
andrew.solow@arnoldporter.com
*Served Bayer Defendants' Counsel*

Susan M. Sharko

DRINKER BIDDLE & REATH LLP
susan.sharko@dbr.com
*Served Janssen Defendants' Counsel*

By: */s/ Kevin W. Fay*

# EXHIBIT A - DOCUMENT REQUESTS

1. All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between any attorneys or other agents for Plaintiff and any healthcare provider that rendered any care or treatment to Plaintiff;

2. All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between Plaintiff and any healthcare provider that rendered any care or treatment to Plaintiff;

3. All documents or other materials regarding this litigation given by Plaintiff, her attorneys and/or agents, to any healthcare provider that rendered any care or treatment to Plaintiff;

4. All transcripts or other records of any testimony of Plaintiff given under oath at any deposition, hearing, trial, or other proceeding of any kind;

5. All e-mails, personal calendars, notes, journals, diaries, or "blogs," whether electronic or paper, made by Plaintiff or at her direction that relate to Plaintiff's alleged use of Xarelto, medical conditions for which Xarelto was prescribed, the adverse event which is the subject of this lawsuit, and any damages claimed due to Plaintiff's alleged exposure to Xarelto;

6. All photographs, slides, DVDS or other videos of Plaintiff from the time of her first prescription of Xarelto to the present;

7. All packaging and unused medicine from the Xarelto the Plaintiff allegedly used, including such materials in the possession of plaintiffs' counsel;

8. All medical, prescription, or other records relating to the allegations in the Complaint and/or the Plaintiff Fact Sheet that are in Plaintiff's possession and that were not previously provided to defendants by counsel for plaintiff;

9. All literature, newspaper or magazine articles, letters, booklets, brochures, pamphlets, written directives, package inserts, and written material authored or collected by Plaintiff or supplied to Plaintiff from any source, including but not limited to persons, firms, corporations or governmental entities, relating to: (1) Xarelto; (2) Plaintiff's alleged injuries; and/or (3) any defendant in this action; and

10. All documents responsive to Section IX of the Plaintiff Fact Sheet that were not previously provided to defendants by counsel for plaintiff.