# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592<br><br>SECTION: L<br><br>JUDGE: ELDON E. FALLON<br><br>MAG. JUDGE MICHAEL NORTH |
| ************************************ | * | |
| MARTHA G. SAUERS and JOHN D. SAUERS, | * * * | |
| Plaintiffs, | * * | Case No. 2:18-cv-08721-EEF-MBN |
| v. | * * | |
| JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, *et al.* | * * * * * * | |
| Defendants. | * * | |
| ************************************ | * | |

## MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND TIME FOR SERVICE ON DEFENDANTS, *NUNC PRO TUNC*, AND DEEM THE COMPLAINT TIMELY SERVED

1

## INTRODUCTION

Good cause exists for the delay of service in this matter such that this Court must allow for an extension of time for service in this matter. Even absent good cause, this Court should enlarge the time for service on Defendants, *nunc pro tunc*, and deem the complaint timely served because the circumstances here justify this Court to exercise its discretion to allow for this requested relief. Plaintiffs' multiple service attempts were made in good faith and immediately after Plaintiffs' counsel became aware that service was inadvertently not effectuated. No Defendant named herein will be prejudiced by the entry of an Order granting the requested relief. The use of the exercise of this Court's discretion to grant the relief requested is justified and would best serve the interests of judicial economy and resources. Granting said relief is in line with the Court's strong preference for hearing cases on the merits and not dismissing them without prejudice due to now-corrected technicalities. By contrast, denying this motion will only delay the litigation of this matter.

## LEGAL STANDARD

The Court **must** extend the time for service if Plaintiffs have shown good cause for the delay in service. *See* Fed. R. Civ. Proc. 4(m). *See also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert,* 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.*, 517 U.S. 654, 658 n.5 (1996). *See also Thompson*, 91 F.3d at

2

21 ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

## <u>ARGUMENT</u>

On or about September 18, 2018, Plaintiffs filed their Complaint, by and through the undersigned counsel at the law firm of Marc J. Bern & Partners LLP ("Movant"), against the manufacturers of Xarelto®. On or about September 19, 2018, the summons for Bayer Healthcare Pharmaceuticals, Inc. ("BHCP") was issued by the Clerk of Court. Service of the Summons and Complaint on all named Defendants was to be executed on or before November 16, 2018 pursuant to this Courts Pre-Trial Order No. 10 ("PTO 10"). Declaration of Debra J. Humphrey in Support of Plaintiffs' Motion to Extend Time to Serve Defendants, *Nunc Pro Tunc*, and Deem Complaint Timely Served ("Humphrey Decl."), at ¶ 7. Movant inadvertently and mistakenly failed to effectuate service of process for the Defendants in this matter, pursuant to and in accordance with this Court's Order, on or before November 16, 2018. This error was due to a clerical error, and once this error was noticed during the service of the Plaintiff Fact Sheet in this mater, Movant in good faith immediately took steps to remedy this error and attempted to complete service of process on Defendants on January 15, 2019. *See* Humphrey Decl. ¶¶ 9-14. No Defendant has been prejudiced by this delay in service, and no delay has occurred in the prosecution of Plaintiffs' case.

The Court should grant Plaintiffs' request for an extension of time to serve Defendants, *nunc pro tunc*, and deem the Complaint timely served because Plaintiffs have shown that good causes exists for the delay in service such that this Court should grant Plaintiffs' request for an

3

extension of time to serve Defendants, *nunc pro tunc*, and deem the Complaint timely served in accordance with Rule 4(m). Alternatively, this Court should use its discretion here to grant Plaintiffs' requested relief because extending the time for service on Defendants, *nunc pro tunc*, is otherwise justified here.

Plaintiffs submit that the requisite showing of good cause for the delay in service. Here, Plaintiffs' counsel has shown that a reasonable basis exists for noncompliance within the time specified, and this Court should find that this showing of good cause is at least "as much as would be required to show excusable neglect." Movant's good faith and prompt attempts to effectuate service on Defendants in this matter, when considering the circumstances as a whole, demonstrate that Plaintiffs' counsel has acted in good faith and has "arguably demonstrate[d] good cause" under Rule 4(m). Although Movant did not serve Defendants timely pursuant to PTO 10, Plaintiffs' counsel's service efforts were made in good faith and ***immediately*** upon Movant's self-made discovery that service of process was outstanding. *See* Humphrey Decl. at ¶ 11. No harm or prejudice would befall Defendant in this matter should the requested extension be granted, nor would any delay in this litigation occur. Indeed, Defendants already possess the Plaintiff Fact Sheet in this matter, which further show Movant's good faith and expeditious efforts to prosecute Plaintiffs' claims here. *See* Humphrey Decl. ¶ 9.

Moreover, between August 8, 2018 and September 19, 2018, Plaintiffs' counsel filed numerous complaints in this MDL, many of which were previously filed in other jurisdictions. *See* Humphrey Decl. at ¶ 1. It is respectfully submitted that Plaintiffs' counsel had many defendants to serve in this matter and numerous other matters filed in the MDL within days, all to be served within a short period of time, and Plaintiffs' counsel attempted service on all of the defendants in all such cases within the time provided for service. *See* Humphrey Decl. at ¶ 1. Courts have found

that circumstances such as those presented here arguably demonstrate "good cause," and the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause. *See People's Workshop, Inc. v. Fed. Emergency Mgmt. Agency*, No. 17-107-JWD-RLB, 2018 U.S. Dist. LEXIS 52901, *22, 2018 WL 1528191 (M.D. La. March 28, 2018). (granting plaintiff an extension of time for service, finding that when plaintiffs had "a large number of defendants to serve, and it appears that Plaintiffs' counsel attempted service on all of the defendants within the original period provided for…The service efforts described in this Ruling and Order, although inadequate, were apparently made in good faith… the foregoing facts arguably demonstrate "good cause").

Plaintiffs further submit that, even ***absent*** a finding of good cause, the Court should exercise its discretion here and extend time to serve Defendants, *nunc pro tunc*, and deem the Complaint timely served in this matter because the circumstances justify such relief, particularly given the federal courts' strong preference for deciding cases on the merits. Plaintiffs' service efforts were made in good faith and immediately upon Movant's self-made discovery that service of process had not yet been effectuated. *See* Humphrey Decl. at ¶ 11. Plaintiffs attempted to properly effectuate service less than four months after the complaint was filed when Movant served the Plaintiff Fact Sheet in this matter. *See* Humphrey Decl. at ¶¶ 5, 11, 13-14. No harm or prejudice would befall Defendant in this matter should the requested extension be granted, nor would any delay in this litigation occur. Indeed, Defendants already possess the Plaintiff Fact Sheet in this matter, which further show Movant's good faith and expeditious efforts to prosecute Plaintiffs' claims here. *See* Humphrey Decl. ¶ 9.

Failure to grant Plaintiffs' requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for

service *nunc pro tunc* in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities.   *See Estate of White v. Hartford Life & Accident Ins. Co.*, No. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made **without** prejudice). *See also People's Workshop, Inc., supra,* 2018 U.S. Dist. LEXIS 52901 at *22 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

## <u>CONCLUSION</u>

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court issue an Order granting Plaintiffs' Motion to Extend Time for Service, Nunc Pro Tunc, on Defendants and Deem the Complaint Timely Filed.

Dated: February 4, 2019

<u>/s/ Debra Humphrey</u>
Debra Humphrey
Marc J. Bern & Partners LLP
60 East 42nd Street, Suite 950
New York, New York 10165
Tel: (212)702-5000
dhumphrey@bernllp.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I CERTIFY that on the 4th day of February, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice to all attorneys of record.

/s/ Debra J. Humphrey
Attorney for Plaintiffs