## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * * | MDL NO. 2592 <br><br> SECTION: L <br><br> JUDGE: ELDON E. FALLON <br><br> MAG. JUDGE MICHAEL NORTH |

************************************

| | | |
|---|---|---|
| SUSAN DAVIDSON, Individually and as Executrix of the Estate of WILLIAM D. WEBB, <br><br> Plaintiff, <br><br> v. <br><br> JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, *et al.* <br><br> Defendants. | * * * * * * * * * * * * * * * * * | Case No. 2:18-cv-08721-EEF-MBN |

**************************************

**DECLARATION OF DEBRA J. HUMPHREY IN SUPPORT OF MOTION TO EXTEND SERVICE ON DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS, INC.,** ***NUNC PRO TUNC*****, AND DEEM THE COMPLAINT TIMELY SERVED**

DEBRA J. HUMPHREY, an attorney duly admitted to practice law in the Courts of the New York, declares the truth of the following, pursuant to 28 U.S. Code § 1746, under the penalties of perjury:

1. I am a partner with the law firm of MARC J. BERN & PARTNERS LLP ("Movant"), attorneys for the Plaintiff Susan Davidson, Individually and as Executrix of the Estate of William Webb ("Plaintiff"), in the above-captioned matter, and as such, I am fully familiar with

1

the facts and circumstances at issue herein.

2.    I submit this declaration support of Plaintiff's Motion to Extend Time for Service on Defendant Bayer Healthcare Pharmaceuticals, Inc., *Nunc Pro Tunc*, and Deem the Complaint Timely Served.

3.    On or about September 19, 2018, Plaintiff, Susan Davidson by and through the undersigned counsel at the law firm of Marc J. Bern & Partners LLP ("Movant"), filed the complaint against the manufacturers of Xarelto® for damages sustained from injuries suffered by Plaintiffs resulting from decedent William Webb's Xarelto® use. Dkt. No. 1.

4.    On or about September 20, 2018, the summonses for all named Defendants in this matter were issued by the Clerk of Court. Dkt. No. 3.

5.    Pursuant to this Court's Pre-Trial Order No. 10 (Case No. 2:14-md-02592, Dkt. No 357) ("PTO 10"), Movant was to effectuate service of the Summons and Complaint on Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc. ("BHCP") within sixty (60) days from the docketing the Complaint in the MDL, which is on or before November 17, 2018.

6.    On or about October 4, 2018, Movant attempted service on all Defendants' including Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc. ("BHCP") within the ninety (90) day period allotted by Fed. R. Civ P. 4. A true and correct copy of the complaint and summons served on BHCP on October 4, 2018, via Certified Mail, Return Receipt Requested, addressed to "SOP Department, Corporation Service Company, Suite 400, 2711 Centerville Road, Wilmington, DE 19808," is attached hereto as **Exhibit 1.**

7.    On or about October 10, 2018, this Court's PTO 10 was amended, and for the first time, indicated that the address at which to effectuate service of process on BHCP pursuant to PTO 10 was "SOP Department, Corporation Service Company, *251 Little Falls Drive*, Wilmington, DE

19808." (Case No. 2:14-md-02592, Dkt. No **11124**) (emphasis added).

8. It was unclear to me whether BHCP had been properly served pursuant to PTO 10, despite the new address for serving BHCP pursuant to PTO 10 not being published or otherwise "so ordered" by the Court until after service was effectuated on the other Defendants and attempted on BHCP.

9. On or about December 7, 2018, Movant again attempted service on BHCP by serving a copy of the summons and complaint in this matter via Certified Mail, Return Receipt Requested, addressed to "SOP Department, Corporation Service Company, *251 Little Falls Drive*, Wilmington, DE 19808." A true and correct copy of the complaint and summons re-served on BHCP on December 7, 2018 is attached hereto as **Exhibit 2**.

10. On or about December 10, 2018, I received the attempted service, "returned to sender," as undeliverable.

11. On or about January 30, 2019, I received notice from counsel for BHCP that BHCP considered service in this matter to be improper pursuant to PTO 10. A true and correct copy of the January 31, 2019 letter is attached hereto as **Exhibit 3**.

12. I respectfully request that Plaintiffs be granted an extension of time to effectuate proper service on Defendant BHCP, *nunc pro tunc*, and for service of the complaint in this matter to be deemed timely served; alternatively, I respectfully request that this Court extend the time to serve BHCP to sixty (60) days from the date of the entry of the Order on this motion.

13. No prior request for the relief herein has been made.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 5, 2019**.

Dated: New York, New York
February 5, 2019

/s/ Debra J. Humphrey
DEBRA J. HUMPHREY