**Lindy Brown**
Attorney
lbrown@bradley.com
601.592.9905 direct



January 31, 2019

**BY ELECTRONIC MAIL (Dhumphrey@bernllp.com)**

Debra J. Humphrey
Marc J. Bern & Partners LLP
One Grand Central Place
60 East 42nd St., Suite 950
New York, NY 10165

   Re:  Susan Davidson, Individually and as Executrix of the Estate of William D. Webb v.
       Janssen Research & Development LLC, et al. Civil Action No. 2:18-cv-08742 (E.D. La.)

Dear Ms. Humphrey:

  This firm, with others, represents Bayer HealthCare Pharmaceuticals Inc. in *In re Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592 (E.D. La., 2:14-md-02592-EEF-MBN)(the "MDL"). Bayer HealthCare Pharmaceuticals Inc. received the Complaint and Summons in the above-captioned action by Certified Mail.

  Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592 permits streamlined service of process on Bayer Pharma AG by Registered Mail, Return Receipt Requested, and on Bayer HealthCare Pharmaceuticals Inc. ("BHCP") by Certified Mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."

  Because Plaintiff attempted service on Bayer HealthCare Pharmaceuticals Inc. by Certified Mail through the streamlined service process more than 60 days after the Complaint was docketed in the MDL, service is improper in the above-captioned action. The attempted service was also more than 60 days after the summons was issued.

                Sincerely,

                Lindy D. Brown

LDB/cfo