UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * * | MDL NO. 2592<br><br>SECTION: L<br><br>JUDGE: ELDON E. FALLON<br><br>MAG. JUDGE MICHAEL NORTH |
| ************************************ | | |
| FLORENCE FURCHAK,<br><br>Plaintiffs,<br><br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, *et al.*<br><br>Defendants. | * * * * * * * * * * * * * * * * | Case No. 2:18-cv-07506-EEF-MBN |
| ************************************ | * | |

**DECLARATION OF DEBRA J. HUMPHREY IN SUPPORT OF MOTION TO EXTEND SERVICE ON DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS, INC.,** ***NUNC PRO TUNC*****, AND DEEM THE COMPLAINT TIMELY SERVED**

DEBRA J. HUMPHREY, an attorney duly admitted to practice law in the Courts of the New York, declares the truth of the following, pursuant to 28 U.S. Code § 1746, under the penalties of perjury:

1. I am a partner with the law firm of MARC J. BERN & PARTNERS LLP ("Movant"), attorneys for the Plaintiff Florence Furchak ("Plaintiff") in the above-captioned matter, and as such, I am fully familiar with the facts and circumstances at issue herein.

2. This affirmation is submitted in support of Plaintiff's Motion to Extend Time for

1

Service on Defendant Bayer Healthcare Pharmaceuticals, Inc., *Nunc Pro Tunc*, and Deem the Complaint Timely Served.

3. Between July 31, 2018, and September 19, 2018, I filed approximately 70 complaints in this MDL, 65 of which were previously filed in other jurisdictions, and each naming 10 defendants. A true and correct copy of the list of complaints docketed in the MDL filed by me is attached as **Exhibit 1**.

4. Plaintiff's case was previously filed against all Defendants in another jurisdiction and was dismissed without prejudice on consent of all parties to enable the parties to litigate this matter in this forum. A true and correct copy of the complaint filed in Delaware Superior Court against Defendants on September 1, 2015 ("Delaware Complaint") is attached hereto as **Exhibit 2**.

5. Defendants were thus on notice of this suit and of the claims against it since it was initiated in this Court. A true and correct copy of the proof of service on the Defendants of the Delaware Complaint is attached hereto as **Exhibit 3**. A true and correct copy of Defendants' Answers to Plaintiff's Delaware Complaint is attached hereto as **Exhibit 4**.

6. On or about August 8, 2018, Plaintiff, Florence Furchak, by and through the undersigned counsel at the law firm of Marc J. Bern & Partners LLP ("Movant"), filed the complaint against the manufacturers of Xarelto® for damages sustained from injuries suffered by Plaintiff resulting from Plaintiff's Xarelto® use. Dkt. No. 1.

7. On or about August 14, 2018, the summonses for all named Defendants in this matter were issued by the Clerk of Court. Dkt. No. 3.

8. Pursuant to this Court's Pre-Trial Order No. 10 (Case No. 2:14-md-02592, Dkt. No 357) ("PTO 10"), Movant was to effectuate service of the Summons and Complaint on Defendants

Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc. ("BHCP") within sixty (60) days from the docketing the complaint in the MDL, which is on or before October 7, 2018.

9. On or about August 20, 2018, Movant attempted to effectuate service of process of the complaint in this matter on all Defendants, including on BHCP. A true and correct copy of the complaint and summons served on BHCP on August 20, 2018 via Certified Mail, Return Receipt Requested, addressed to "SOP Department, Corporation Service Company, Suite 400, 2711 Centerville Road, Wilmington, DE 19808," is attached hereto as **Exhibit 5.** A true and correct copy of the service performed on Bayer Pharma AG via Registered Mail, Return Receipt Requested, and true and correct copies of the service performed on the other named Defendants via Certified Mail, Return Receipt Requested, are also attached thereto (**Exhibit 5**).

10. On September 11, 2018, I received the executed Waiver of Service of Summons on behalf of Defendants Johnson & Johnson, Janssen Pharmaceutical, Inc., and Janssen Research & Development LLC. A true and correct copy of the executed Waiver of Service of Summons dated September 11, 2018 is attached hereto as **Exhibit 6**.

11. On or about October 10, 2018, this Court's PTO 10 was amended, and for the first time indicated that the address at which to effectuate service of process on BHCP pursuant to PTO 10 was "SOP Department, Corporation Service Company, *251 Little Falls Drive*, Wilmington, DE 19808." (Case No. 2:14-md-02592, Dkt. No. 11124) (emphasis added).

12. On or about December 3, 2018, Movant's attempt to serve BHCP at the address indicated on the applicable and operative PTO 10 at the time of service – August 20, 2018 – was returned to Movant as "undeliverable." A true and correct copy of Movant's returned service on BHCP is attached hereto as **Exhibit 7**.

13. On or about January 11, 2019, Movant attempted to re-serve BHCP via Certified

Mail, Return Receipt Requested, pursuant to PTO 10 and Rule 4.

14. On January 22, 2019, I received notice from counsel for BHCP that BHCP considered service in this matter to be improper pursuant to PTO 10. A true and correct copy of the January 22, 2019 letter is attached hereto as **Exhibit 8**.

15. I respectfully request that Plaintiff be granted an extension of time to effectuate proper service on Defendant BHCP, *nunc pro tunc*, and for service of the complaint in this matter to be deemed timely served; alternatively, I respectfully request that this Court extend the time to serve BHCP to sixty (60) days from the date of the entry of the Order on this motion.

16. No prior request for relief has herein been made.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 5, 2019**.

Dated: New York, New York
    February 5, 2019

                                                    /s/ Debra J. Humphrey
                                                    DEBRA J. HUMPHREY