# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * * | MDL NO. 2592<br><br>SECTION: L<br><br>JUDGE: ELDON E. FALLON<br><br>MAG. JUDGE MICHAEL NORTH |
| *********************************** | | |
| MARTHA G. SAUERS and JOHN D. SAUERS,<br><br>               Plaintiffs,<br><br>        v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, *et al.*<br><br>               Defendants. | * * * * * * * * * * * * * * * * | Case No. 2:18-cv-07506-EEF-MBN |
| *********************************** | | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND TIME FOR SERVICE OF PROCESS ON DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS, INC., *NUNC PRO TUNC*, AND DEEM THE COMPLAINT TIMELY SERVED**

## INTRODUCTION

Good cause exists for the delay of service in this matter such that this Court must allow for an extension of time for service in this matter. Even absent good cause, which Plaintiff submits exists in this matter, this Court should enlarge the time for service and deem the complaint timely served because Plaintiff's multiple service attempts were made in good faith and well within the required timeframe – which is notably 30 days less than the minimum prescribed period as codified in the Federal Rules. No Defendant named herein will be prejudiced by the Court granting an Order for such extension, as all were put on notice previously from the initial attempts at service. Overall, the circumstances as a whole justify an exercise of the Court's discretion to grant Plaintiff's requested relief and allow for an extension of time to serve Defendant Bayer Healthcare Pharmaceuticals, Inc. in this matter, particularly given the Federal Courts' strong preference for deciding cases on the merits.

## LEGAL STANDARD

The Court **must** extend the time for service if Plaintiffs have shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert,* 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.*, 517 U.S. 654, 658 n.5 (1996). *See also Thompson*, 91 F.3d at

21 ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

## ARGUMENT

On or about August 8, 2018, Plaintiff Florence Furchak ("Plaintiff") filed her Complaint by and through the undersigned counsel at Marc J. Bern & Partners LLP ("Movant"), against the manufacturers of Xarelto®. Dkt. 1. On August 14, 2018, the Clerk of the Court issued the summonses against all Defendants in this matter. Dkt. 3. On or about August 20, 2018, Movant attempted to effectuate service of process on all Defendants in this matter, including Defendant Bayer Healthcare Pharmaceutical, Inc. ("BHCP") in accordance with Fed. R. Civ. P. 4 and this Court's Pre-Trial Order No. 10 (Case No. 2:14-md-02592, Dkt. No 357) ("PTO 10"). Pursuant to PTO 10, a copy of the summons and complaint was served on BHCP via Certified Mail, Return Receipt Requested, addressed to "SOP Department, Corporation Service Company, Suite 400, 2711 Centerville Road, Wilmington, DE 19808." Declaration of Debra J. Humphrey ("Humphrey Decl.") at ¶ 9. *See also* PTO 10 (Dkt. No. 357). Service was indeed properly and timely effectuated on the other Defendants in this matter. *See* Humphrey Decl. at ¶¶ 9-11. However, apparently the service address for BHCP had changed at some point before Movant attempted to service BHCP.

On October 10, 2018, the Court's PTO 10 was amended and – for the first time – noted the change in address at which to serve BHCP. *See* PTO 10 (Case No. 2:14-md-02592, Dkt. No. 11124). On December 3, 2018, Movant's attempt to serve BHCP at the address indicated on the applicable and operative PTO 10 at the time of service – August 20, 2018 – was returned to Movant

as "undeliverable." Humphrey Decl. at ¶ 12. On January 11, 2019, Movant attempted to re-serve BHCP. On January 22, 2019, Movant received notice from BHCP's counsel that BHCP considered Movant's service attempt(s) on it to be improper and invalid. Plaintiff now files this motion for relief. Humphrey Decl. at ¶ 12.

Plaintiff has made the requisite showing of good cause with a rational basis for the delay in service on BHCP, thus requiring that the time for service be extended pursuant to Fed. R. Civ. P. 4(m). At the time of the initial attempted service, the operative and standing PTO 10 indicated that BHCP should be served at 2711 Centerville Road. Plaintiff accordingly timely served BHCP at this address pursuant to PTO 10. However, after Plaintiff's attempt to timely and correctly serve BHCP, PTO 10 was amended by this Court (in October 2018) and indicated for the first time that BHCP should be served at 251 Little Falls Drive. Plaintiff made a good faith effort to timely serve BHCP, and after this Court's PTO 10 was amended to reflect the new address at which BHCP should be served, again attempted service at the new address at which the Court ordered – for the first time – to serve BHCP.

Plaintiff submits that she has made the requisite showing of good cause for the delay in service. Here, Plaintiff's counsel has shown that a reasonable basis exists for noncompliance within the time specified, and this Court should find that this showing of good cause is at least "as much as would be required to show excusable neglect." Movant's good faith and prompt attempts to timely and correct effectuate service on BHCP in this matter, when considering the circumstances as a whole, demonstrate that Plaintiffs' counsel has acted in good faith and has "arguably demonstrate[d] good cause" under Rule 4(m). Movant served BHCP timely pursuant to the operative PTO 10 at the time service was attempted. *See* Humphrey Decl. at ¶¶ 9-11. Thus, Plaintiff submits that this Court should enter an Order granting Plaintiff an extension of

4

time to serve BHCP, *nunc pro tunc*, and deem the complaint timely served in this matter; alternatively, this Court should enter an order extending the time to serve BHCP to sixty (60) days after the entry of the order on this motion. Granting this requested relief will not prejudice BHCP in any way.

Plaintiff further submits that this Court should exercise its discretion here and extend time for service of the Complaint in this matter, even if it finds that good cause ***has not been shown***, because the circumstances here justify an exercise of the Court's discretion to grant an extension. Plaintiff's service efforts on BHCP were made in good faith, and service was rendered "untimely" by BHCP through no fault of Plaintiff or by her counsel. **Moreover, Defendants – including BHCP – have also had notice of the suit since it was instituted**. *See* Humphrey Decl. at ¶¶ 3-5. *Compare People's Workshop, Inc. v. Fed. Emergency Mgmt. Agency*, 2018 U.S. Dist. LEXIS 52901, *22, 2018 WL 1528191 (M.D. La. March 28, 2018). No harm or prejudice would befall BHCP in this matter should the requested extension be granted, nor would any delay in this litigation occur.

Failure to grant Plaintiff's requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for service *nunc pro tunc* in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. *See Estate of White v. Hartford Life & Accident Ins. Co.*, No. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would

minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made *without* prejudice). *See also People's Workshop, Inc., supra,* 2018 U.S. Dist. LEXIS 52901 at *22 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

## CONCLUSION

WHEREFORE, Plaintiff respectfully prays that this Honorable Court issue an Order granting Plaintiff's Motion to Extend Time for Service on Defendant BHCP, *Nunc Pro Tunc*, and Deem the Complaint Timely Filed.

Dated: February 7th, 2019                                    /s/ Debra J. Humphrey
                                                                            Debra J. Humphrey
                                                                            Marc J. Bern & Partners LLP
                                                                            One Grand Central Place
                                                                            60 East 42nd Street, Suite 950
                                                                            New York, New York 10165
                                                                            Tel: (212)702-5000
                                                                            Fax: (212) 818-0164
                                                                            dhumphrey@bernllp.com
                                                                            *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I CERTIFY that on the 7th day of February 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice to all attorneys of record.

/s/ Debra J. Humphrey
Attorney for Plaintiffs