# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592<br><br>SECTION: L<br><br>JUDGE: ELDON E. FALLON<br><br>MAG. JUDGE MICHAEL NORTH |
| ************************************ | | |
| GAIL A. GAINER<br><br>            Plaintiff,<br><br>    v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, *et al.*<br><br>            Defendants. | * * * * * * * * * * * * * * * * | Case No. 2:18-cv-08367-EEF-MBN |
| ************************************ | * * | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND TIME FOR SERVICE, NUNC PRO TUNC, ON DEFENDANTS, AND DEEM THE COMPLAINT TIMELY SERVED

## INTRODUCTION

Good cause exists for the delay of service in this matter to justify enlarging the time for service and to deem the Complaint timely served. Due to inadvertent error and a miscommunication, Plaintiff's counsel would have perfected service on Defendants. However, the proposed summons was attached to the Complaint, and not the summons issued by the Clerk of the Court. Nonetheless, even if this Court was to find good cause does not exist here, Rule 4 gives this Court broad discretion to permit an enlargement of the time for service. Here, the Plaintiff made multiple service attempts within the required timeframe, but did so with the incorrect summons, a merely procedural error. As this error was procedural, and Defendants received a copy of the Complaint and were put on notice of this action, no Defendant named herein will be prejudiced by the Court granting an Order for such extension. Therefore, the circumstances here justify an exercise of this Court's discretion to grant an extension of time to serve in this matter if the Court finds good faith or not.

## LEGAL STANDARD

The Court ***must*** extend the time for service if Plaintiffs have shown good cause for the delay in service. Fed. R. Civ. Proc. 4(m). *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995). The Fifth Circuit has previously held that good cause under Rule 4(m) usually requires a showing "as much as would be required to show excusable neglect…" *Lambert,* 44 F.3d at 299, citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.*, 517 U.S. 654, 658 n.5 (1996). *See also Thompson*, 91 F.3d at 21 ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides to dismiss a suit pursuant to Rule 4(m), it cannot do so with prejudice. *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

## ARGUMENT

On September 4, 2018, Plaintiff, filed her Complaint, by and through her Counsel Marc J. Bern & Partners LLP ("Movant") against the manufacturers of Xarelto®. Dkt. No 1. On September 5, 2018, the Clerk of the Court issued summonses against all Defendants in this matter. Dkt. No. 3. On or about September 28, 2018, Movant attempted to effectuate service of process on all Defendants in this matter, including Defendant Bayer Healthcare Pharmaceutical, Inc. ("BHCP") in accordance with Fed. R. Civ. P. 4 and this Court's Pre-Trial Order No. 10 (Case No. 2:14-md-02592, Dkt. No 357) ("PTO 10"). Declaration of Debra J. Humphrey ("Humphrey Decl.") at ¶ 6. Pursuant to PTO 10, a copy of the summons and Complaint was served on BHCP via Certified Mail, Return Receipt Requested, addressed to "SOP Department, Corporation Service Company, Suite 400, 2711 Centerville Road, Wilmington, DE 19808." Declaration of Debra J. Humphrey ("Humphrey Decl.") at ¶ 6. *See also* PTO 10 (Dkt. No. 357). However, due to a clerical error the proposed summons was attached to the Complaint instead of the stamped summons. On October 8, 2018, Lindy D. Brown, counsel for BHCP, emailed a letter to Plaintiff's counsel rejecting service as ineffective because the summons attached to the Complaint was the proposed summons,

and not the court issued one. Declaration of Debra J. Humphrey ("Humphrey Decl.") at ¶ 8. Attached to the letter from counsel for BHCP was the copy of the Complaint with a stamp that read "Bayer AG Law, Patents and Compliance 05 Okt. 2018 Bearbeitung: ___." On October 11, 2018 the Certified Mail receipt of the attempted service on BHCP on September 28, 2018 was returned to Plaintiff's counsel as return to sender, stating "FORWARD TIME EXP RTN TO SEND." Declaration of Debra J. Humphrey ("Humphrey Decl.") at ¶ 9.

In response to receiving the certified mail back as return to sender, Plaintiff's counsel attempted to re-serve BHCP on October 12, 2018. Declaration of Debra J. Humphrey ("Humphrey Decl.") at ¶ 11. Service attempted on October 12, 2018 was sent to 251 Little Falls Dr, Wilmington, Delaware 19808, instead of the original address, as PTO 10, amended on October 10, 2018, ordered. *See* PTO 10 (Doc. No. 11124). However, due to an inadvertent error, the contents of the letter from counsel for BHCP were not considered before resending the Complaint package in response to the initial service attempt coming back return to sender. On or about November 29, 2018, Movant again received notice from BHCP's counsel that BHCP considered Movant's service attempt to be improper and invalid because the incorrect summons was again attached to the Complaint. Declaration of Debra J. Humphrey ("Humphrey Decl.") at ¶ 14. On January 30, 2019, Movant attempted to re-serve BHCP and all named Defendants. Humphrey Decl. at ¶ 15. Plaintiff now files this motion for relief.

Plaintiff submits that good cause exists to permit this delay in service and to extend the time for service nunc pro tunc. The first service attempt, mailed on September 28, 2018, was imperfect because the incorrect summons was attached to the Complaint, certainly an excusable error. The second attempt at service, made on October 12, 2018 failed for the same reason, because counsel for plaintiff assumed that service was rejected because the package came back "return to

sender" and the new PTO was entered. Due to a miscommunication between Plaintiff's counsel and support staff, the same incorrect summons was sent to BHCP for service, without the correct summons being sent in. This error certainly qualifies as excusable neglect, as it was a simple error and miscommunication that lead to the incorrect summons being attached. These circumstances demonstrate that Plaintiffs' counsel has acted in good faith and has "arguably demonstrate[d] good cause" under Rule 4(m).

In the alternative, Plaintiff submits that this Court should exercise its discretion here and extend time for service of the Complaint in this matter, even if it finds that good cause **has not been shown**, because the circumstances here justify an exercise of the Court's discretion to grant an extension. Plaintiff's service efforts on BHCP were made in good faith, and BHCP has had notice of the suit since service was attempted on September 28, 2018, evidenced by the fact that BHCP's counsel wrote a letter to Plaintiff's counsel and returned the Complaint. *Compare People's Workshop, Inc. v. Fed. Emergency Mgmt. Agency*, 2018 U.S. Dist. LEXIS 52901, *22, 2018 WL 1528191 (M.D. La. March 28, 2018). BHCP was put on notice **again** on October 15, 2018 when Movants attempted effectuation of service was received by BHCP. To that end, BHCP then waited 45 days before alerting Plaintiff of the repeated deficiency.

Moreover, no harm or prejudice would befall BHCP or any Defendant in this matter should the requested extension be granted, nor would any delay in this litigation occur. Failure to grant Plaintiff's requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for service *nunc pro tunc* in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. *See Estate of White v. Hartford Life & Accident Ins. Co.*, No.

4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079 (S.D. Tex. Oct. 11, 2007) (despite expressly stating that plaintiff showed no good cause for the delay in service and that the Court was frustrated with the way plaintiff's attorney had prosecuted that case, the Court granted an extension of time for service, recognizing that doing so would minimize the inconvenience of all parties and failing to do so would only further delay of the litigation: any dismissal pursuant to Rule 4 could only be made *without* prejudice). *See also People's Workshop, Inc., supra,* 2018 U.S. Dist. LEXIS 52901 at *22 ("the circumstances as a whole justify an exercise of the Court's discretion to grant an extension even absent good cause, particularly given the federal courts' strong preference for deciding cases on the merits").

## CONCLUSION

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court issue an Order granting Plaintiffs' Motion to Extend Time for Service, Nunc Pro Tunc, on Defendants and Deem the Complaint Timely Filed.

Dated: February 6, 2019

/s/ Debra Humphrey
Debra Humphrey
Marc J. Bern & Partners LLP
60 East 42nd Street, Suite 950
New York, New York 10165
Tel: (212)702-5000
dhumphrey@bernllp.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * * | MDL NO. 2592<br><br>SECTION: L<br><br>JUDGE: ELDON E. FALLON<br><br>MAG. JUDGE MICHAEL NORTH |
| ************************************ | * | |
| GAIL A. GAINER<br><br>Plaintiff,<br><br>v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON & JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC, *et al.*<br><br>Defendants. | * * * * * * * * * * * * * * | Case No. 2:18-cv-08367-EEF-MBN<br><br>**AFFIRMATION OF SERVICE** |
| ************************************ | * * | |

I, Debra J. Humphrey, an attorney duly admitted to practice law before the courts of the State of New York, affirms under the penalties of perjury as follows:

1. I am a partner at the law firm of Marc J. Bern & Partners LLP, am over 18 years of age, and am not a party to this action.

2. On February 7, 2019, I served Plaintiffs' Nunc Pro Tunc Motion to Extend the Time Limit to Effectuate Service Nunc Pro Tunc via ECF for the Eastern District of Louisiana.

/s/ Debra J. Humphrey
Debra J. Humphrey
