UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**<br><br>**This Document Relates To:**<br>*Susan Bilger v. Janssen Research & Development, et al.*; **Civil Case No.: 2:15-cv-01216** | MDL No. 2592<br><br>SECTION: L<br><br>JUDGE FALLON<br><br>MAG. JUDGE NORTH |

## AMENDED NOTICE OF DEPOSITION OF JENNY CARRELL

**PLEASE TAKE NOTICE** that, in accordance with Rules 26, 30 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, by and through their undersigned attorneys and the Plaintiffs' Steering Committee in the MDL, will take the deposition upon oral examination of **Jenny Carrell, on February 21, 2019 starting at 9:30 AM (central time), at 808 South Second Street, Springfield, Illinois 62704.**

The deposition shall be recorded stenographically and by videotape before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. The deposition will continue from day to day until completed and subject to the time limits specified in the Court's Pre-Trial Order No. 26.

The deponent shall produce at the deposition any of the documents and tangible things listed on **Exhibit A** (attached hereto), that are in the deponent's possession, custody or control. Individuals who have a disability that may need accommodation at the deposition should contact the undersigned seven days prior to the deposition.

1

Dated: February 13, 2019

Respectfully submitted,

/s/ Edward A. Wallace
Edward A. Wallace
Timothy E. Jackson
WEXLER WALLACE LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
312-346-2222
312-346-0022 FAX

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of February, 2019, the foregoing was electronically served on Defendants in accordance with the procedures established in MDL 2592.

*/s/ Edward A. Wallace*
***Counsel for Plaintiff***

**EXHIBIT "A" – Document Requests**

I. **Definitions**

   a. "You" and "your" as used in these Requests means the deponent and the deponent's practice group, employees, nurses, administrative staff, and all other persons acting under the deponent's direction or supervision.

   b. The "Plaintiff" as used in these Requests means Susan Bilger.

   c. The "Defendants" as used in these Requests means Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho, LLC, Johnson and Johnson, Bayer Corporation, Bayer HealthCare AG, Bayer AG, Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, and any of their sales representatives, agents, contractors, attorneys, officers or employees.

   d. "Document" means and includes the original and all non-identical copies or drafts of the following items: agreements; drafts; e-mails; communications; correspondence; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants' work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced. Document shall also include any and all items defined under Fed. R. Civ. P. 34(a)(l).

   e. "Communication" means every manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, written, electronic, or by document or otherwise, and whether face-to-face, in a meeting, by telephone, mail, telex, discussion, release, personal delivery, or otherwise. Documents that typically reflect a "communication" include letters, electronic-mail, instant messages, handwritten notes, call logs, telephone memoranda slips, daily appointment books and diaries, bills, checks, correspondence, and memoranda, and includes all drafts of such documents.

   f. "Person" means any natural or artificial person, including business entities and other legal entities.

3

    g. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

    h. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

    i. "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, alluding to, referring to, contradicting, comprising or concerning.

    j. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to you, or your attorneys, representatives, or other agents.

    k. All documents are to be produced in their entirety, without abbreviation or redaction, including both front and back thereof, and all attachments or other matters affixed hereto.

    l. These requests shall be deemed continuing so as to require further and supplemental production by you in the event you obtain or discover additional documents between the time of responding to this subpoena and the time of any hearing or trial.

## II.   Document Requests

1. All documents which the deponent has utilized or reviewed to refresh his or her recollection as to any of the issues concerning this lawsuit.

2. All documents which the deponent intends to consult or rely upon in preparation for the deposition.

3. Deponent's most recent resume or curriculum vitae.

4. Deponent's business card.

5. A copy of Deponent's personnel file.  The personnel file shall specifically include, but not be limited to, individual performance-based incentive compensation tied to the performance of Xarelto, documents reflecting the Deponent's total compensation and Xarelto-performance related incentive compensation; any performance review of the Deponent related to Xarelto; and any awards, plaques or other recognition received by Deponent.

4

6. A copy of any and all prior testimony given by Deponent, including but not limited to, deposition testimony or trial testimony, as well as any prior testimony that the witness recalls or gave while employed by defendants.

7. A copy of any and all documents in Deponent's possession and control and/or available to him/her which in any way pertain to Xarelto.

8. A copy of any and all documents in deponent's possession and control and/or available to him/her which in any way reflects contact or attempted contact between Deponent and/or any of Defendants' employees/representatives and the prescriber, Adeeb Ahmed, MD, or his office.

9. A copy of any and all documents in deponent's possession and control and/or available to him/her which in any way pertains to Sales Representative training, practices, procedures, duties, compensation and/or incentives, including, but not limited to, handbooks, webinar courses, employee handbook, internal newsletters, correspondence and/or memoranda.

10. A copy of any and all documents in Deponent's possession and control and/or available to him/her which in any way pertains to the marketing of Xarelto, including but not limited to, marketing information or tools provided to Sales Representatives to assist with new products and/or product recalls.

11. A copy of any and all documents in Defendants' or Deponent's possession and control and/or available to Defendants or Deponent which in any way pertain to the Deponent's responsibilities and territory from July 1, 2011 until the present, including, but not limited to, products the Deponent sold, volume and/or proportion of products sold, and/or hospitals and physicians the Deponent was in contact with on behalf of the Defendants.

12. A copy of any and all documents or materials including call notes, records of visits, or any discussions/meetings between Deponent or other employees of Defendants and Adeeb Ahmed, MD, or his staff, including but not limited to entries in any and all databases used to track and/or record this data and/or information.

13. A copy of any and all documents in Deponent's possession and control and/or available to him/her, including but not limited to entries in any and all databases used by Defendants or sales representatives, which in any way reflects contact or attempted contact between Deponent and/or any of Defendants' employees/representatives and

5

      Adeeb Ahmed, MD or his office staff.

14. Any and all documents or things designed or intended to be provided to health care providers or their offices regarding Xarelto, including but not limited to the following: handouts, leave-behinds, detailing materials, medical information, labels, medication guides, promotional materials, samples, media devices, and vouchers or discount coupons.

15. Any laptop, smartphone, tablet, or other personal assistance device used to store information about, or used in the process of, selling or detailing Xarelto.

16. Any notices, letters, or other documents directing You and/or Defendants to preserve information related to Xarelto in the context of litigation.