**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION**<br><br>**This Documents relates to:**<br>**NICOLE CIFFOLILLO, o/b/o THE ESTATE OF CLAUDIA KIAMIE**<br><br>Case No.: 2:17-cv-05484 | MDL No.: 2592<br>SECTION: L<br>JUDGE: ELDON E. FALLON<br>MAG. JUDGE: MICHAEL NORTH |

## NOTICE OF INTENT TO TAKE ORAL AND VIDEOTAPED DEPOSITION OF PRASANTA BASAK, M.D.

**PLEASE TAKE NOTICE** that, in accordance with Rules 30 and 34 of the Federal Rules of Civil Procedure, **Plaintiff** will take the deposition upon oral examination of **Prasanta Basak, M.D.** on **Friday, March 8, 2019,** commencing at **9:00 A.M.** (EST) at **the offices of Grant & Eisenhofer, P.A., 485 Lexington Avenue, New York, NY 10017.**

The deposition shall be recorded stenographically and by videotape, and will continue from day to day until completed before a person duly authorized to administer oaths who is not counsel of record or interested in the events of this case. The deposition shall be taken for purposes of discovery, or for such other purposes permitted under the Federal Rules of Civil Procedure.

The deponent shall produce any of the documents and tangible things listed on **Exhibit A** attached hereto at the deposition that are in his possession, custody and control.

Date: February 18, 2019

*/s/ Thomas V. Ayala*
Thomas V. Ayala
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Fax: (302) 622-7100

# EXHIBIT A

**(Document Requests)**

**I.      Definitions**

1. "You" and "your" as used in these Requests means the deponent and the deponent's practice group, employees, nurses, administrative staff, and all other persons acting under the deponent's direction or supervision.

2. The "Plaintiff" as used in these Requests means Claudia Kiamie.

3. The "Defendants" as used in these Requests means Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho, LLC, Johnson and Johnson, Bayer Corporation, Bayer HealthCare AG, Bayer AG, Bayer HealthCare Pharmaceuticals, Inc., Bayer Pharma AG, and any of their sales representatives, agents, contractors, attorneys, officers or employees.

4. "Document" means and includes the original and all non-identical copies or drafts of the following items: agreements; drafts; e-mails; communications; correspondence; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants' work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any

other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced. Document shall also include any and all items defined under Fed. R. Civ. P. 34(a)(l).

5. "Communication" means every manner or means of disclosure or exchange of information, regardless of means utilized, whether oral, written, electronic, or by document or otherwise, and whether face-to-face, in a meeting, by telephone, mail, telex, discussion, release, personal delivery, or otherwise. Documents that typically reflect a "communication" include letters, electronic-mail, instant messages, handwritten notes, call logs, telephone memoranda slips, daily appointment books and diaries, bills, checks, correspondence, and memoranda, and includes all drafts of such documents.

6. "Person" means any natural or artificial person, including business entities and other legal entities.

7. "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

8. Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

9. "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, alluding to, referring to, contradicting, comprising or concerning.

10. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to you, or your attorneys, representatives, or other agents.

11. All documents are to be produced in their entirety, without abbreviation or redaction, including both front and back thereof, and all attachments or other matters affixed hereto.

12. These requests shall be deemed continuing so as to require further and supplemental production by you in the event you obtain or discover additional documents between the time of responding to this subpoena and the time of any hearing or trial.

**II.** **Document Requests**

1. Your most current *curriculum vitae* and/or resume.

2. A complete set of medical and treatment records relating to the medical care and treatment of Claudia Kiamie that are in your care, custody, possession, or control, including but not limited to office, emergency room, inpatient, outpatient, radiology, and testing records and data.

3. Your entire file, however described or maintained, in connection with Claudia Kiamie.

4. All documents, tangible things, data, or writing reviewed, relied upon, considered, or rejected by you when you treated and/or formed opinions regarding the treatment of Claudia Kiamie.

5. Any and all educational materials, counseling materials, or handouts in your possession regarding anticoagulants, including Xarelto, Coumadin, Eliquis, Pradaxa, and Savaysa.

6. Any and all correspondence or communications by and between you and the Federal Food and Drug Administration or any other federal, state, or local agency relating to anticoagulants.

7. Any and all materials provided by Claudia Kiamie or her attorneys, including, but not limited to, documents, correspondence, statements, transcripts, and records, including whether by hard copy, text or e-mail.

8. Provide all correspondence and communications (both paper and electronic) between you or your representatives and the attorneys representing Claudia Kiamie.

9. All correspondence and communications (both paper and electronic) between you or your representatives and any insurance companies or their representatives concerning any claims made by Claudia Kiamie or on her behalf for medical treatment or for benefits of any nature including, but not limited to, disability benefits, social security benefits, and veterans administration benefits.

10. All statements or bills rendered for medical services and supplies regarding Claudia Kiamie.

11. Any other documents relating to this action, including notes, reports, correspondence, and research that you have written, reviewed, considered, or prepared in connection with this litigation or in preparation for this deposition.

12. Any and all publications written by, quoting, or otherwise mentioning you that refer or relate in any way to anticoagulants.