UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : | MDL No. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |
| THIS DOCUMENT RELATES TO | | |
| *Shirley Johnson v. Janssen Research & Development LLC, et al; 2:15-cv-06585* | | |

**ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO SERVE AN UPDATED PLAINTIFF FACT SHEET AND MEDICAL RECORD AUTHORIZATIONS PURSUANT TO CMO 6 AND PTO 13 AND <u>LACK OF CAPACITY TO PROCEED WITH THE CASE</u>**

Plaintiff Shirley Johnson has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 2 case that was selected by Plaintiffs on September 17, 2018. However, Defendants are unable to proceed with discovery because Plaintiff passed away more than six months ago, on August 8, 2018, and no party has been substituted to pursue the case on her behalf. Because the Plaintiff is deceased, she has no capacity to proceed with this case. *See Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the deceased."); *Magee v. Stacey,* 223 So.2d 194, 195 (La. Ct. App. 1969) (stating that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person").

In addition, pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a); PTO 13. An amended PFS was submitted on November 29, 2018, but this PFS was not fully complete as required by PTO 13. PTO 13 requires that the PFS be accompanied by a declaration signed by the plaintiff

that verifies the truth and accuracy of the PFS.  *See* PTO 13 ¶ 3.  However, the declaration that accompanied the PFS submitted in this case was signed by someone who is not a plaintiff in the case, and no documentation was submitted to support this person's authority to sign on behalf of Plaintiff's estate.  Defendants notified Plaintiff of this deficiency on November 30, 2018 and requested that documentation showing the person's authority to proceed on behalf of the estate be submitted within 20 days.  Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case.  More than 75 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured this deficiency.

      Defendants are also unable to collect critical medical records because Plaintiff has failed to provide updated HIPAA authorizations as required by PTO 13(c).  PTO 13(c) provides: "Plaintiffs shall cooperate with Defendants, and shall respond to Defendants' requests for signatures for new or location specific authorizations within ten (10) days of being requested to do so."  Special form authorizations have been demanded by a provider who treated Plaintiff in connection with the condition for which she was prescribed Xarelto, a provider who treated Plaintiff for her alleged bleeding event, and three other facilities where Plaintiff received medical treatment.  These special form authorizations must be submitted to the providers before they will release records pertaining to the Plaintiff.  In addition, three more providers—the pharmacy where Plaintiff filled her Xarelto prescription, the facility where Plaintiff passed away, and one additional facility where Plaintiff received medical treatment—all require letters of representation or other documentation to support the representative's authority to act on behalf of the estate.  Again, these facilities will not release the records without the appropriate documentation from a person with authority to act on behalf of the estate.

Defendants' counsel first began requesting these authorizations and representative documents from Plaintiff's counsel on October 16, 2018 (more than 120 days ago).  Defense counsel has followed up on at least fourteen different occasions requesting the submission of the signed authorizations and representative documents, but Plaintiff has still not produced the requested documents.  Without these authorizations and representative documents, Defendants cannot collect key medical records to proceed with discovery and schedule depositions.

Given all of the above, it is not possible to proceed with discovery and prepare the case for trial.  Plaintiff has failed to comply with the preliminary discovery requirements set forth in CMO 6 and PTO 13 and 13(c).  This warrants dismissal of Plaintiff's case <u>with</u> prejudice.

Failure to show cause by appearing before this Court at 9:00 am on March 12, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this ___ day of _____ 2019.

_____
United States District Judge