# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : : | |
| *Robert Sladick v. Janssen Research & Development LLC, et al; 2:16-cv-00445* | : : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S CASE SHOULD NOT BE DISMISSED FOR LACK OF CAPACITY TO PROCEED WITH THE CASE AND DUE TO PLAINTIFF'S FAILURE TO SERVE MEDICAL RECORD AUTHORIZATIONS PURSUANT TO PTO 13(C)

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Robert Sladick's action should not be dismissed with prejudice because there is not a proper party to pursue the case in light of Plaintiff's death more than two years ago, and for failure to submit medical record authorizations as required by Case Management Order ("CMO") 6 and Pretrial Orders ("PTO") 13 and 13(c).

This is a CMO 6 Wave 2 case that was selected by Defendants on September 17, 2018. However, Defendants are unable to proceed with discovery because Plaintiff passed away more than two years ago, on January 4, 2017, and no party has been substituted to pursue the case on his behalf. Because the Plaintiff is deceased, he has no capacity to proceed with this case. *See*

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

*Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the deceased."); *Magee v. Stacey,* 223 So.2d 194, 195 (La. Ct. App. 1969) (stating that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person").

In addition, Defendants are unable to collect medical records because Plaintiff has failed to provide updated HIPAA authorizations as required by PTO 13(c). PTO 13(c) provides: "Plaintiffs shall cooperate with Defendants, and shall respond to Defendants' requests for signatures for new or location specific authorizations within ten (10) days of being requested to do so." After Plaintiff passed away, an updated authorization signed by a person who is not a party to this litigation was submitted, but no letters of representation or other documentation to support this person's authority to act on behalf of the estate have been provided. Three providers where Plaintiff received medical treatment will not release the records regarding Plaintiff without the appropriate documentation from a person with authority to act on behalf of the estate. Additionally, a special form authorization has been demanded by a laboratory where Plaintiff's blood was tested within the last ten years. This special form authorization must be submitted to the providers before they will release records pertaining to the Plaintiff.

Defendants' counsel first began requesting these authorizations and letters of representation from Plaintiff's counsel on November 21, 2018 (more than 80 days ago). Defense counsel has followed up on at least 17 different occasions requesting the submission of the signed authorizations and representative documents, but Plaintiff has still not produced the requested documents. Without these authorizations or representative documents, Defendants cannot collect medical records to proceed with discovery and schedule depositions.

Given all of the above, it is not possible to proceed with discovery and prepare the case for trial. Plaintiff has failed to comply with the preliminary discovery requirements set forth in CMO 6 and PTO 13 and 13(c). This warrants dismissal of Plaintiff's case <u>with</u> prejudice.

Thus, plaintiff Robert Sladick should be ordered to show cause at 9:00 a.m. on March 12, 2019, before the Court as to why his case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
Kim E. Moore
400 Poydras Street
Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2120
kmoore@irwinllc.com

*Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
John F. Olinde
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

*Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 19, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Kim E. Moore*
**Kim E. Moore**