UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | MDL No. 2592 |
| | : | |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : | |
| | : | |
| *Billy R. Owens v. Janssen Research* | : | JUDGE ELDON E. FALLON |
| *& Development LLC, et al; 2:17-cv-11299* | : | MAGISTRATE JUDGE NORTH |
| | : | |

**ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE
PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND
UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Plaintiff Billy Owens has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 2 case that was selected by Defendants on September 17, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on October 17, 2018, but this PFS was not fully complete per CMO 6 and PTO 13. The PFS contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| III.B.1 | Plaintiff failed to provide the address of each of the physicians who treated him for his alleged bleeding event, and the dates of treatment with all of the physicians. |
| III.B.2 | Plaintiff failed to identify the healthcare providers and/or hospitals where he was treated for his alleged bleeding event. Instead, Plaintiff stated, "Please consult the medical records currently in yo [sic]." |
| III.B.3 | Plaintiff identified eleven conditions for which he was being treated at the time he was taking Xarelto, but he failed to identify the healthcare professional who treated him for each of these conditions or the type of treatment he received. |
| IV.A. | Plaintiff failed to provide the full name and address of all of the healthcare providers who have treated him over the last twelve years. |
| X. | Plaintiff failed to provide a new declaration for the Amended Plaintiff Fact sheet. |

The information missing from Plaintiff's PFS is important and relates directly to his claims in this case. Specifically, information related to Plaintiff's healthcare providers—those who treated him for his alleged bleeding event and treated him for other medical conditions over the last 12 years—are necessary for Defendants to collect medical records and determine which doctors to depose. Additionally, PTO 13 requires that the PFS be accompanied by a declaration signed by the plaintiff that verifies the truth and accuracy of the PFS. *See* PTO 13 ¶ 3.

Defendants notified Plaintiff of these deficiencies on November 20, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 90 days have since passed (more than the 20-day cure period provided by PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed. For these reasons, Plaintiff's case should be dismissed with prejudice.

Failure to show cause by appearing before this Court at 9:00 am on March 12, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this ___ day of _____ 2019.

_____
United States District Judge