## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | * | |
| PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2592 |
| | * | |
| THIS DOCUMENT RELATES TO: | * | SECTION L |
| *James Embry* 2:15-cv-03518 | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAG. JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND ALTERNATIVELY FOR PLAINTIFF'S FAILURE TO SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6 AND FOR LACK OF CAPACITY TO PROCEED ON BEHALF OF DECEASED PLAINTIFF

The undersigned Defendants move to dismiss this case on three alternative grounds:[1]

1.  There is no subject matter jurisdiction because plaintiff James Embry and defendant Bayer Corporation were both citizens of Indiana at the time the complaint was filed, defeating diversity of citizenship.

2.  The plaintiff James Embry died over two years ago and no representative has been appointed as required by Indiana law.

3.  Plaintiff -- whose case was selected by Plaintiffs as one of their Wave 2 selections and whose updated and complete PFS was due October 17, 2018 -- has failed to submit an updated PFS as required by CMO 6.

---

[1] The motion is filed on behalf of Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, Bayer HealthCare LLC, and Bayer Corporation only.  Two additional defendants – Bayer HealthCare AG and Bayer AG – were named in the Complaint but not served.

The Court may reach the alternative grounds for dismissal -- lack of capacity and failure to serve a PFS -- if it elects to preserve jurisdiction by dropping Bayer Corporation pursuant to Fed. R. Civ. P. 21, which permits the Court to "drop a party" to preserve jurisdiction.  This procedure is available here because Bayer Corporation is not one of the two essential Bayer defendants.  Given that PLAINTIFFS selected this case for workup, a dismissal with prejudice for failure to submit a PFS would be more appropriate than a procedural dismissal without prejudice.

I.     **Introduction.**

Plaintiff commenced this action on July 31, 2015, by filing a complaint in the United States District Court for the Eastern District of Louisiana.

Plaintiff served Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, and Janssen Ortho LLC on August 26, 2015, and Johnson & Johnson on August 27, 2015.  Plaintiff served Bayer HealthCare Pharmaceuticals Inc. on August 24, 2015, and Bayer HealthCare LLC and Bayer Corporation on August 26, 2015.  Plaintiff served Bayer Pharma AG on September 4, 2015.  Plaintiff has not served two Bayer Defendants: Bayer HealthCare AG or Bayer AG.[2]

Plaintiff died on or about July 19, 2016.  A suggestion of death pursuant to Fed. R. Civ. P. 25 was filed on November 1, 2018, but no representative has been appointed to continue the action.

The case was selected by PLAINTIFFS as a Wave 2 selection on September 17, 2018.  Pursuant to CMO 6, plaintiff's complete and updated PFS was due on October 17, 2018.  No PFS has been submitted since selection contrary to the requirements of CMO 6.

Defendants' counsel have conferred with Plaintiffs' counsel about dropping Bayer Corporation to preserve subject matter jurisdiction and about the failure to submit an updated PFS in compliance with CMO 6.  Plaintiffs' counsel has contended that even though plaintiffs selected

---

[2] The un-served Bayer defendants will move to dismiss for failure to serve process if the Court retains jurisdiction.

this case for workup, he has no client to authorize him to drop a party or to complete a PFS because no representative has been appointed to continue the action on behalf of the deceased plaintiff.

## II.     Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Defendants move to dismiss Plaintiff's Complaint because there is no diversity of citizenship and therefore no subject matter jurisdiction.  In particular, plaintiff James Embry was a citizen of Indiana at the time of filing (See Short Form Complaint, ¶3), and Defendant Bayer Corporation is deemed to be a citizen of Indiana because it was incorporated in the state of Indiana. (See Corporate Disclosure Statement, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.,* MDL No. 2592, Doc. 23 (JPML Oct. 24, 2014)).

## III.    Defendants' Alternative Motion to Dismiss Bayer Corporation and Issue an Order to Show Cause Regarding as to Why Plaintiff's Case Should Not be Dismissed for Plaintiff's Failure to Serve a Fully Complete and Updated Plaintiff Fact Sheet Pursuant to CMO 6 and Lack of Capacity to Proceed

If the Court desired to retain subject matter jurisdiction over the case, it could dismiss the non-diverse party Bayer Corporation and on alternative grounds, including grounds – failure to serve a PFS – that would result in dismissal with prejudice rather than without prejudice.  The lack of subject matter jurisdiction is curable because Defendant Bayer Corporation is not a proper Bayer defendant and can be dismissed.   The proper Bayer defendants are Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG, which were the only two Bayer defendants in each of the three MDL bellwether trials.  Other plaintiffs selected for workup in CMO 6 have dismissed non-essential Bayer defendants to maintain diversity of citizenship.

"[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). *See also Dayton Indep. School District v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1068 (5th Cir. 1990) (dismissing dispensable non-

3

diverse party, "thereby restoring diversity jurisdiction."); *Aetna Cas. & Cur. Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986) ("A district court can drop a non-diverse party whose presence is not essential to the suit to preserve and perfect diversity jurisdiction."). The Court can drop Bayer Corporation to preserve subject matter jurisdiction.

### A.  Plaintiff has Failed to Submit a Fully Complete and Updated Plaintiff Fact Sheet

This is a CMO 6 Wave 2 case that was selected by Plaintiffs on September 17, 2018. Per CMO 6, an updated, fully complete, and verified PFS was due on October 17, 2018. *See* CMO No. 6 ¶ 5(a); PTO 13. Despite the passage of four months since this case was selected for Wave 2 work up, Plaintiff still has not provided an updated PFS and an updated PFS remains overdue in this case. Accordingly, Plaintiff's discovery responses do not comply with the Court's orders. Defendants' counsel notified Plaintiff's counsel of Plaintiff's failure to submit an updated and fully complete PFS as required by CMO 6, but Plaintiff has not cured this deficiency by providing an updated PFS. Consequently, the case should be dismissed with prejudice.

### B.  Plaintiff Lacks Capacity to Proceed

Additionally, there is no proper plaintiff. Plaintiff James Embry passed away on or about July 19, 2016—more than two years before this case was selected for Wave 2 workup—and no party has been substituted to pursue the case on Mr. Embry's behalf. *See generally Hebel v. Conrail, Inc.*, 475 N.E.2d 652, 655 (Ind. 1985)(recognizing appointment of personal representative as party plaintiff after original plaintiff's death). Because Plaintiff is deceased and no party has been substituted, the currently named Plaintiff lacks capacity to proceed with this case. In an effort to move the case forward, Defendants' counsel contacted Plaintiff's counsel on January 18, 2019 about the need for a motion to substitute but a motion has not been filed.

Absent a lawfully appointed representative, the plaintiff lacks capacity to proceed with this case.  There has been more than adequate time to have a representative appointed – more than two years have passed – and plaintiff's counsel states that no efforts are being made to appoint a representative.  This warrants dismissal of Plaintiff's case.

IV.    **Conclusion.**

For these reasons, Defendants move to dismiss Plaintiff's claims for lack of subject matter jurisdiction.  Alternatively, Defendants move to dismiss Bayer Corporation so as to allow the Court to retain subject matter jurisdiction and issue an order to show cause as to why this case should not be dismissed with prejudice for failure to submit an updated PFS in compliance with CMO 6 or dismissed without prejudice for lack of capacity to sue.

DRINKER BIDDLE & REATH LLP
By: */s/ Susan M. Sharko*
Susan M. Sharko
600 Campus Dr.
Florham Park, NJ 07932
Tel: (973) 549-7000
Susan.Sharko@dbr.com

Attorneys for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC and Johnson & Johnson

ARNOLD & PORTER KAYE SCHOLER LLP
By: */s/ Andrew Solow*
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

Attorneys for Defendants Bayer HealthCare
Pharmaceuticals Inc. and Bayer Pharma AG

CHAFFE McCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde (LA Bar #1515)
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

Co-Liaison Counsel for Defendants

IRWIN FRITCHIE URQUHART &
MOORE LLC
By: /s/ *Kim E. Moore*
Kim E. Moore
400 Poydras St., Ste, 2700
New Orleans, LA 70130
(504) 310-2100
kmoore@irwinllc.com

Co-Liaison Counsel for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 20, 2019, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Michael P. McGartland, Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ *John F. Olinde*