UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : : | |
| *Nellie Pitts v. Janssen Research & Development LLC, et al; 2:17-cv-07569* | : : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO SERVE MEDICAL RECORD AUTHORIZATIONS AND AN UPDATED PLAINTIFF FACT SHEET PURSUANT TO PTO 13 AND CMO 6**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Nellie Pitts's action should not be dismissed with prejudice for failure to serve medical record authorizations and failure to cure Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS and as required by Pretrial Orders ("PTO") 13 and 13(c) and Case Management Order ("CMO") 6.

This is a CMO 6 Wave 2 case that was randomly selected on October 4, 2018. Defendants are unable collect the critical medical records necessary to proceed with discovery, including records from all of Plaintiff's prescribing and treating physicians, because Plaintiff has failed to provide HIPAA authorizations as required by PTOs 13 and 13(c). PTO 13 requires each Plaintiff to serve authorizations for release of records for "all healthcare providers" identified in the PFS.

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

*See* PTO 13 ¶ 1. PTO 13(c) also provides: "Plaintiffs shall cooperate with Defendants, and shall respond to Defendants' requests for signatures for new or location specific authorizations within ten (10) days of being requested to do so." Plaintiff has failed to provide a signed authorization to allow Defendants to collect medical records from one of the healthcare providers she identified in the PFS as a doctor who prescribed Xarelto to her. Plaintiff also has failed to provide signed authorizations to allow Defendants to collect records from ten additional providers that Plaintiff failed to identify on her PFS, but that Defendants identified from review of the limited medical records Plaintiff submitted with her PFS. These include five healthcare professionals who treated Plaintiff for deep vein thrombosis, which is the condition for which she was prescribed Xarelto; two providers who treated Plaintiff for her alleged bleeding event; two facilities affiliated with Plaintiff's primary care physicians; and one additional facility where Plaintiff received medical treatment during the time she used Xarelto. Further, special form authorizations have been demanded by the pharmacy where Plaintiff filled her Xarelto prescription and a laboratory where Plaintiff's blood was tested. Defendants cannot collect these critical medical records without authorizations from Plaintiff to release the records.

Defendants' counsel first began requesting all of these authorizations from Plaintiff's counsel on November 2, 2018 (more than 100 days ago). Defense counsel has followed up on at least ten different occasions requesting the submission of the signed authorizations, but Plaintiff has still not produced the requested documents. Without these authorizations, Defendants cannot collect the key medical records, including from Plaintiff's prescribing and treating physicians, necessary to proceed with discovery and schedule depositions.

Further, pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. An amended

2

PFS was submitted on December 7, 2018, but this PFS was not fully complete as required by PTO 13. The PFS was deficient because, as discussed above, Plaintiff failed to provide a HIPAA authorization for release of medical records from all of the healthcare providers identified in her PFS. Plaintiff also failed to identify the physician currently prescribing her Eliquis and failed to submit a new declaration verifying the truth and accuracy of the PFS, as required by PTO 13. *See* PTO 13 ¶ 3. Instead, Plaintiff submitted a photocopy of a declaration previously submitted in this case.

Defendants notified Plaintiff of these deficiencies on December 19, 2018, and requested that Plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 65 days have since passed (more than the 20-day cure period provided by PTO 13), but to date, Plaintiff has not cured these deficiencies.

Given all of the above, it is not possible to proceed with discovery and prepare the case for trial. Plaintiff has failed to comply with the preliminary discovery requirements set forth in CMO 6 and PTO 13 and 13(c). This warrants dismissal of Plaintiff's case <u>with</u> prejudice.

Thus, plaintiff Nellie Pitts should be ordered to show cause at 9:00 a.m. on March 12, 2019, before the Court as to why her case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

4

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that on February 22, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

           */s/ Kim E. Moore*
           **Kim E. Moore**