UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| THIS DOCUMENT RELATES TO | : : : | SECTION L |
| *Christopher Worthington, on behalf of the Estate of Jacquelyn Worthington v. Janssen Research & Development LLC, et al; 2:15-cv-05745* | : : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why the action bought by Christopher Worthington on behalf of the estate of Jacquelyn Worthington, should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pretrial Order ("PTO") 13.

This is a CMO 6 Wave 2 case that was selected by Plaintiffs on September 17, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on October 17, 2018, but it was deficient and Defendants notified Plaintiff of the

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

deficiencies.  Plaintiff submitted another amended PFS on November 12, 2018, and but this PFS still was not fully complete per CMO 6 and PTO 13.  The PFS contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| III.A3. | Plaintiff failed to provide the names and addresses of all pharmacies where the decedent's Xarelto prescription was filled. |
| III.B.4 | Plaintiff failed to answer whether the decedent was taking any other prescription or over the counter medication at the time she was taking Xarelto. |
| V.G. | Plaintiff failed to answer whether the decedent had ever been diagnosed with a genetic coagulopathy. |
| VI.A. | Plaintiff failed to identify the prescribing physician, or identify the dosage, reason for use, or reason for discontinuation for the decedent's use of Coumadin and Pradaxa. |
| X. | Plaintiff failed to provide a new declaration for the Amended Plaintiff Fact Sheet. |

The information missing from Plaintiff's PFS is important and relates directly to the claims in this case.  Specifically, information related to the decedent's medical history and healthcare providers—including identification of the pharmacies where her Xarelto prescriptions were filled, the identification of physicians who prescribed other anticoagulants to the decedent, and the identification of other prescription medication the decedent was taking at the time of her Xarelto use—are necessary for Defendants to evaluate the claims in this case, collect the relevant medical records, and determine which doctors to depose.  Additionally, PTO 13 requires that the PFS be accompanied by a declaration signed by the plaintiff that verifies the truth and accuracy of the PFS.  *See* PTO 13 ¶ 3.

Defendants notified Plaintiff of these deficiencies on November 12 and December 3, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days.  Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case.  More than 100 days have since passed since this first notice (more than the 20-day cure period provided by PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed. For these reasons, Plaintiff's case should be dismissed <u>with</u> prejudice.

Thus, Plaintiff Christopher Worthington should be ordered to show cause at 9:00 a.m. on March 12, 2019, before the Court as to why his case should not be dismissed with prejudice

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    kmoore@irwinllc.com

*Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

*Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 22, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Kim E. Moore*