## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO | |
| *Christopher Worthington, on behalf of the Estate of Jacquelyn Worthington v. Janssen Research & Development LLC, et al; 2:15-cv-05745* | JUDGE ELDON E. FALLON<br>MAGISTRATE JUDGE NORTH |

### ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6

Plaintiff Christopher Worthington on behalf of the estate of Jacquelyn Worthington has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 2 case that was selected by Plaintiffs on September 17, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on October 17, 2018, but it was deficient and Defendants notified Plaintiff of the deficiencies. Plaintiff submitted another amended PFS on November 12, 2018, and but this PFS still was not fully complete per CMO 6 and PTO 13. The PFS contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| III.A3. | Plaintiff failed to provide the names and addresses of all pharmacies where the decedent's Xarelto prescription was filled. |
| III.B.4 | Plaintiff failed to answer whether the decedent was taking any other prescription or over the counter medication at the time she was taking Xarelto. |
| V.G. | Plaintiff failed to answer whether the decedent had ever been diagnosed with a genetic coagulopathy. |
| VI.A. | Plaintiff failed to identify the prescribing physician, or identify the dosage, reason for use, or reason for discontinuation for the decedent's use of Coumadin and Pradaxa. |

| X. | Plaintiff failed to provide a new declaration for the Amended Plaintiff Fact Sheet. |

The information missing from Plaintiff's PFS is important and relates directly to the claims in this case. Specifically, information related to the decedent's medical history and healthcare providers—including identification of the pharmacies where her Xarelto prescriptions were filled, the identification of physicians who prescribed other anticoagulants to the decedent, and the identification of other prescription medication the decedent was taking at the time of her Xarelto use—are necessary for Defendants to evaluate the claims in this case, collect the relevant medical records, and determine which doctors to depose. Additionally, PTO 13 requires that the PFS be accompanied by a declaration signed by the plaintiff that verifies the truth and accuracy of the PFS. *See* PTO 13 ¶ 3.

Defendants notified Plaintiff of these deficiencies on November 12 and December 3, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 100 days have since passed since this first notice (more than the 20-day cure period provided by PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed. For these reasons, Plaintiff's case should be dismissed with prejudice.

Failure to show cause by appearing before this Court at 9:00 am on March 12, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this ___ day of _____ 2019.

_____
United States District Judge