UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| THIS DOCUMENT RELATES TO | : : : | SECTION L |
| Robert Sladick v. Janssen Research & Development LLC, et al; 2:16-cv-00445 | : : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S LACK OF CAPACITY TO PROCEED WITH THE CASE AND DUE TO PLAINTIFF'S FAILURE TO SERVE MEDICAL RECORD AUTHORIZATIONS PURSUANT TO PTO 13(C)**

Plaintiff Robert Sladick has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 2 case that was selected by Defendants on September 17, 2018. However, Defendants are unable to proceed with discovery because Plaintiff passed away more than two years ago, on January 4, 2017, and no party has been substituted to pursue the case on his behalf. Because the Plaintiff is deceased, he has no capacity to proceed with this case. *See Campbell v. Travelers*, CIV A. 06-9068, 2008 WL 145048, at *1 (E.D. La. Jan. 14, 2008) ("Louisiana law does not allow suits by or against the deceased."); *Magee v. Stacey,* 223 So.2d 194, 195 (La. Ct. App. 1969) (stating that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person").

In addition, Defendants are unable to collect medical records because Plaintiff has failed to provide updated HIPAA authorizations as required by PTO 13(c). PTO 13(c) provides: "Plaintiffs shall cooperate with Defendants, and shall respond to Defendants' requests for signatures for new or location specific authorizations within ten (10) days of being requested to do

so." After Plaintiff passed away, an updated authorization signed by a person who is not a party to this litigation was submitted, but no letters of representation or other documentation to support this person's authority to act on behalf of the estate have been provided. Three providers where Plaintiff received medical treatment will not release the records regarding Plaintiff without the appropriate documentation from a person with authority to act on behalf of the estate. Additionally, a special form authorization has been demanded by a laboratory where Plaintiff's blood was tested within the last ten years. This special form authorization must be submitted to the providers before they will release records pertaining to the Plaintiff.

Defendants' counsel first began requesting these authorizations and letters of representation from Plaintiff's counsel on November 21, 2018 (more than 80 days ago). Defense counsel has followed up on at least 17 different occasions requesting the submission of the signed authorizations and representative documents, but Plaintiff has still not produced the requested documents. Without these authorizations or representative documents, Defendants cannot collect medical records to proceed with discovery and schedule depositions.

Given all of the above, it is not possible to proceed with discovery and prepare the case for trial. Plaintiff has failed to comply with the preliminary discovery requirements set forth in CMO 6 and PTO 13 and 13(c). This warrants dismissal of Plaintiff's case <u>with</u> prejudice.

Failure to show cause by appearing before this Court at 9:15 am on March 12, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this 20th day of ___February___ 2019.

_____
United States District Judge