**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: XARELTO (RIVAROXABAN)              :
PRODUCTS LIABILITY LITIGATION            :          **MDL No. 2592**
                                         :
                                         :          **SECTION L**
THIS DOCUMENT RELATES TO                 :
                                         :
*Gary Hellmer  v. Janssen Research &*    :
*Development LLC, et al; 2:16-cv-11666*  :          **JUDGE ELDON E. FALLON**
                                         :
                                         :          **MAGISTRATE JUDGE NORTH**

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW
CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET
DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED
<u>PLAINTIFF FACT SHEET PURSUANT TO CMO 6</u>**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen

Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG

("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Gary

Hellmer's action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet

("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case

Management Order ("CMO") 6 and Pre-Trial Order ("PTO") No. 13.

This is a CMO 6 Wave 2 case selected by Defendants on September 17, 2018.  Pursuant to

CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet

within 30 days of selection.  *See* CMO 6 ¶ 5(a) and PTO 13.  Plaintiff submitted an amended PFS

on October 29, 2018, but this PFS was not fully complete per PTO 13.  Specifically, the PFS

contained the following deficiencies:

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service
defenses.

| PFS Section | Deficiency |
|---|---|
| IV.A | Plaintiff did not provide the address of five health care providers who treated him in the past 12 years, including a provider who treated Plaintiff for anemia. |
| IV.B | Plaintiff did not provide the address of six health care facilities that treated him in the past 12 years, including facilities where Plaintiff was treated for "heart-related issues." |
| IV.C | Plaintiff did not provide the address of two laboratories that tested his blood in the last 10 years. |
| IV.D | Plaintiff did not provide the address of two pharmacies that filled prescription medications for him in the past 10 years. |
| V.H | Plaintiff did not identify the health care providers who treated him for congestive heart failure, gastrointestinal bleeding, heart attack or myocardial infarction, or irregular heartbeat. |
| VI.A | Plaintiff did not provide a response for the dates he used Lovenox. |

The information missing from Plaintiff's PFS is important and relates directly to his claims in this case. Specifically, the addresses of the health care providers, facilities, laboratories, and pharmacies that provided treatment to the Plaintiff—including those that provided treatment for anemia, congestive heart failure, gastrointestinal bleeding, heart attack or myocardial infarction, irregular heartbeat, or other "heart-related issues"—are important identifying information necessary for Defendants to collect medical records and evaluate Plaintiff's medical history. Further, the timing of Plaintiff's prior use of Lovenox, another anticoagulant, is important medical history relevant to this case.

Defendants notified Plaintiff of these deficiencies on October 29, 2018 and requested that Plaintiff cure these issues by submitting an amended and complete PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 100 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted. If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed. For these reasons, Plaintiff's case should be dismissed <u>with</u> prejudice.

Thus, plaintiff Gary Hellmer should be ordered to show cause at 9:00 a.m. on March 12, 2019, before the Court as to why his case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals,*
*Inc., Janssen Research & Development, LLC,*
*Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
     Kim E. Moore
     400 Poydras Street
     Suite 2700
     New Orleans, LA 70130
     Telephone: (504) 310-2100
     Facsimile:  (504) 310-2120
     kmoore@irwinllc.com

     *Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
     John F. Olinde
     1100 Poydras Street
     Suite 2300
     New Orleans, LA 70163
     Telephone: (504) 585-7241
     Facsimile: (504) 544-6084
     olinde@chaffe.com

     *Defendants' Co-Liaison Counsel*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on February 22, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**