UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | MDL No. 2592 |
| | : | |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : | |
| | : | |
| *Ronald M. Grignol v. Janssen Research &* | : | |
| *Development LLC, et al; 2:17-cv-06138* | : | JUDGE ELDON E. FALLON |
| | : | |
| | : | MAGISTRATE JUDGE NORTH |

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW
CAUSE AS TO WHY PLAINTIFF'S CASE SHOULD NOT BE DISMISSED FOR
PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND
SERVE A FULLY COMPLETE AND UPDATED
PLAINTIFF FACT SHEET AND MEDICAL RECORD AUTHORIZATIONS
<u>PURSUANT TO CMO 6 AND PTO 13</u>

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen

Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG

("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why

Ronald M. Grignol's action should not be dismissed with prejudice for failure to correct Plaintiff

Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS and provide

authorizations for collection of medical records per Case Management Order ("CMO") 6 and

Pretrial Order (PTO) 13 and 13(c).

This is a CMO 6 Wave 2 case that was randomly selected on October 4, 2018.  Pursuant to

CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet

within 30 days of selection.  *See* CMO 6 ¶ 5(a) and PTO 13.  Plaintiff submitted an amended PFS

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

on November 5, 2018, but this PFS was not fully complete per PTO 13.  Specifically, the PFS

contained the following deficiencies:

| PFS Section | Deficiency |
|---|---|
| III.B.3 | Plaintiff did not provide a response for the type of treatment he received for multiple conditions he had at the time of his alleged bleeding event, including mitral valve disorder, hypercholesteremia, gall bladder disease, spinal stenosis, arthritis, urgency incontinence, and urgency of urination. |
| V.F | Plaintiff did not provide a response for the type of treatment he received for a lower left extremity blood clot around the time of his alleged Xarelto use. |
| X. | Plaintiff did not submit a signed declaration verifying the statements in the amended PFS. |

The information missing from Plaintiff's PFS is important and relates directly to his claims

in this case.  Specifically, a declaration is required under PTO 13 to verify the truth and accuracy

of the statements contained in the PFS.  *See* PTO 13 ¶ 3.  Additionally, the type of treatment that

Plaintiff received for multiple conditions he had at the time of his alleged bleeding event, and how

Plaintiff was treated for a prior blood clot, is necessary for Defendants to evaluate Plaintiff's

medical history and claims.

Defendants notified Plaintiff of these deficiencies on November 7, 2018 and requested that

Plaintiff cure these issues by submitting an amended and complete PFS within 20 days.

Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled

all discovery deadlines in the case.  More than 100 days have passed (more than the 20-day cure

period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

Further, Defendants have been unable to proceed with discovery and collect pertinent

medical records because Plaintiff has failed to provide updated HIPAA authorizations as required

by PTO 13(c).  Specifically, PTO 13(c) provides: "Plaintiffs shall cooperate with Defendants, and

shall respond to Defendants' requests for signatures for new or location specific authorizations

within ten (10) days of being requested to do so."  Special form authorizations have been demanded

by each of the two pharmacies where Plaintiff filled his Xarelto prescription before they will release records pertaining to the Plaintiff.

On October 24, 2018 (more than 100 days ago) and November 13, 2018 (more than 90 days ago), respectively, Defendants' counsel first requested these authorizations from Plaintiff's counsel.   Defense counsel has followed up at least seven times requesting that the signed authorizations be returned, but Plaintiff has still not produced the requested authorizations. Without these authorizations, Defendants cannot collect key medical records from the pharmacies where Plaintiff filled his Xarelto prescription.

Given all of the above, it is not possible to proceed with discovery and prepare the case for trial.  Plaintiff has failed to comply with the preliminary discovery requirements set forth in CMO 6 and PTO 13.  This warrants dismissal of Plaintiff's case <u>with</u> prejudice.

Thus, plaintiff Ronald M. Grignol should be ordered to show cause at 9:00 a.m. on March 12, 2019, before the Court as to why his case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

3

*Attorneys for Defendants Bayer HealthCare*
*Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals,*
*Inc., Janssen Research & Development, LLC,*
*Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    kmoore@irwinllc.com

*Defendants' Co-Liaison Counsel*

4

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 22, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**