UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | MDL No. 2592 |
| | : | |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO | : | |
| | : | |
| *Ronald M. Grignol v. Janssen Research &* | : | |
| *Development LLC, et al; 2:17-cv-06138* | : | JUDGE ELDON E. FALLON |
| | : | |
| | : | MAGISTRATE JUDGE NORTH |


ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S CASE SHOULD NOT BE
DISMISSED FOR PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET
DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED
PLAINTIFF FACT SHEET AND MEDICAL RECORD AUTHORIZATIONS
PURSUANT TO CMO 6 AND PTO 13

Plaintiff Ronald M. Grignol has filed a lawsuit regarding the medication Xarelto®, which

is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability*

*Litigation*.  Pursuant to Case Management Order ("CMO") 6, Plaintiff was randomly selected for

inclusion in Wave 2 discovery on October 4, 2018.  Accordingly, per CMO 6, Plaintiff was

required to update this PFS and "complete all sections" of the fact sheet within 30 days of selection.

*See* CMO 6 ¶ 5(a) and Pretrial Order ("PTO") 13.

Plaintiff submitted an amended PFS on November 5, 2018, but this PFS was not fully

complete per PTO 13.  The information missing from Plaintiff's PFS is important and relates

directly to his claims in this case.  Specifically, a declaration is required under PTO 13 to verify

the truth and accuracy of the statements contained in the PFS.  *See* PTO 13 ¶ 3.  Additionally, the

type of treatment that Plaintiff received for multiple conditions he had at the time of his alleged

1

bleeding event, and how Plaintiff was treated for a prior blood clot, is necessary for Defendants to evaluate Plaintiff's medical history and claims.

Defendants notified Plaintiff of these deficiencies on November 7, 2018 and requested that Plaintiff cure these issues by submitting an amended and complete PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 100 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

Further, Defendants have been unable to proceed with discovery and collect pertinent medical records because Plaintiff has failed to provide updated HIPAA authorizations as required by PTO 13(c). Specifically, PTO 13(c) provides: "Plaintiffs shall cooperate with Defendants, and shall respond to Defendants' requests for signatures for new or location specific authorizations within ten (10) days of being requested to do so." Special form authorizations have been demanded by each of the two pharmacies where Plaintiff filled his Xarelto prescription before they will release records pertaining to the Plaintiff.

On October 24, 2018 (more than 100 days ago) and November 13, 2018 (more than 90 days ago), respectively, Defendants' counsel first requested these authorizations from Plaintiff's counsel. Defense counsel has followed up at least seven times requesting that the signed authorizations be returned, but Plaintiff has still not produced the requested authorizations. Without these authorizations, Defendants cannot collect key medical records from the pharmacies where Plaintiff filled his Xarelto prescription.

Failure to show cause by appearing before this Court at 9:00 am on March 12, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this ___ day of _____ 2019.

_____
United States District Judge