## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) : | |
| PRODUCTS LIABILITY LITIGATION : | MDL No. 2592 |
| : | |
| : | SECTION L |
| THIS DOCUMENT RELATES TO : | |
| : | |
| *Jerri Ann Ficarro, Individually and as Executrix* : | |
| *of the Estate of Shirley A. Griswold, v.* : | |
| *Janssen Research & Development LLC,* : | |
| *et al; 2:17-cv-17682* : | JUDGE ELDON E. FALLON |
| : | |
| : | MAGISTRATE JUDGE NORTH |

### ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6

Plaintiff Jerri Ann Ficarro, individually and as executrix of the estate of Shirley A. Griswold, has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Pursuant to Case Management Order ("CMO") 6, Plaintiff was selected by Plaintiffs for inclusion in Wave 2 discovery on September 17, 2018. Accordingly, per CMO 6, Plaintiff was required to update this PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and Pretrial Order ("PTO") 13.

Plaintiff submitted an amended PFS on October 17, 2018, but this PFS was not fully complete per PTO 13. The information missing from Plaintiff's PFS is important and relates directly to her claims in this case. Specifically, the decedent was being treated for multiple conditions at the time of her alleged bleeding event, including rheumatoid arthritis, hypertension, advanced ischemic cardiomyopathy, coronary artery disease, dyslipidemia, and peripheral vascular disease. But Plaintiff failed to identify the health care providers who treated the decedent

1

for these conditions, which is basic information that is necessary for Defendants to collect medical records and to evaluate the decedent's medical history.  Plaintiff also failed to identify the type of treatment the decedent received for these conditions, instead repeatedly telling Defendants to "Please consult medical records currently in Defendants' possession for the greatest possible accuracy."  This response does not comport with Plaintiff's obligations to answer the questions in the agreed-upon PFS.  Further, this type of response is even more problematic because Plaintiff has simultaneously failed to even identify the health care professionals who provided the treatment at issue.  Without the basic information identifying the health care providers who treated the decedent, Defendants have no way to confirm that they actually have the medical records needed to obtain information regarding any medical treatment the decedent received while she was taking Xarelto.  Additionally, information regarding whether an autopsy was performed and information regarding the decedent's Coumadin use—the identity of the health care provider who prescribed Coumadin, the dates of use, reason for use, dosage, and reason for discontinuation—are also necessary for Defendants to collect medical records and to evaluate the decedent's medical history and Plaintiff's claims.  Finally, PTO 13 requires that the PFS be accompanied by a declaration signed by the plaintiff that verifies the truth and accuracy of the PFS.  *See* PTO 13 ¶ 3.

Defendants notified Plaintiff of these deficiencies on November 12, 2018 and requested that Plaintiff cure these issues by submitting an amended and complete PFS within 20 days.  Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case.  More than 100 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

Failure to show cause by appearing before this Court at 9:00 am on March 12, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this ___ day of _____ 2019.

_____
United States District Judge