## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : MDL No. 2592 |
| | : |
| | : SECTION L |
| THIS DOCUMENT RELATES TO | : |
| | : |
| *Lena Giles v. Janssen Research & Development LLC, et al; 2:17-cv-13419* | : JUDGE ELDON E. FALLON |
| | : |
| | : MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why Lena Giles's action should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS in accordance with Case Management Order ("CMO") 6 and Pre-Trial Order ("PTO") No. 13.

This is a CMO 6 Wave 2 case that was selected by Plaintiffs on September 17, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an amended PFS on October 17, 2018, but this PFS was not fully complete per PTO 13. Specifically, the PFS contained the following deficiencies:

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

| PFS Section | Deficiency |
|---|---|
| III.A.3 | Plaintiff did not provide the address of each pharmacy where she obtained Xarelto. |
| III.B.3 | Plaintiff failed to identify the name of the health care providers who treated her for 12 conditions she was being treated for at the time of her alleged bleeding event, and she also failed to identify the type of treatment received for those conditions. Instead, Plaintiff stated N/A for the identity of the health care providers and "Please consult the medical records currently in Defendants['] possession for the greatest possible accuracy" for the treatment the decedent received. |
| IV.A | Plaintiff did not provide the address for two health care providers who treated her in the past 12 years. |
| X. | Plaintiff did not submit a new declaration verifying the statements in the amended PFS. |

The information missing from Plaintiff's PFS is important and relates directly to her claims in this case. Specifically, the identities and addresses of the health care providers who treated Plaintiff in the past 12 years and the address of each pharmacy that provided Xarelto to Plaintiff are important identifying information necessary for Defendants to collect medical records and evaluate Plaintiff's medical history. Additionally, Plaintiff was being treated for multiple conditions at the time of her alleged bleeding event, including chronic diastolic heart failure, coronary artery disease, hypertension, atrial fibrillation, diabetes, hyperlipidemia, atrial septal defect, chronic hypoxia, obstructive sleep apnea, COPD, hyperthyroid, and degenerative disc disease. But Plaintiff failed to identify the health care providers who treated her for these conditions, which is basic information that is necessary for Defendants to collect medical records and to evaluate Plaintiff's medical history. Plaintiff also failed to identify the type of treatment she received for these conditions, instead repeatedly telling Defendants to "Please consult medical records currently in Defendants' possession for the greatest possible accuracy." This response does not comport with Plaintiff's obligations to answer the questions in the agreed-upon PFS. Further, this type of response is even more problematic because Plaintiff has simultaneously failed to even identify the health care professionals who provided the treatment at issue. Without the

2

basic information identifying the health care providers who treated Plaintiff, Defendants have no way to confirm that they actually have the medical records needed to obtain information regarding any medical treatment Plaintiff received while she was taking Xarelto.  Finally, PTO 13 requires that the PFS be accompanied by a declaration signed by the plaintiff that verifies the truth and accuracy of the PFS.  *See* PTO 13 ¶ 3.

Defendants notified Plaintiff of these deficiencies on November 12, 2018 and requested that Plaintiff cure these issues by submitting an amended and complete PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case.  More than 100 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

This delay is unwarranted.  If Plaintiff will not comply with the basic discovery requirements set forth in CMO 6 and PTO 13, this case cannot proceed.  For these reasons, Plaintiff's case should be dismissed <u>with</u> prejudice.

Thus, plaintiff Lena Giles should be ordered to show cause at 9:00 a.m. on March 12, 2019, before the Court as to why her case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 25, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**