UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : : : : | MDL No. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |
| THIS DOCUMENT RELATES TO | | |
| *Kathleen Donovan o/b/o Her Deceased Husband, John M. Donovan, v. Janssen Research & Development LLC, et al; 2:17-cv-07628* | | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET AND MEDICAL RECORD AUTHORIZATIONS <u>PURSUANT TO CMO 6 AND PTO 13</u>**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why the action brought by Kathleen Donovan on behalf of her deceased husband, John M. Donovan, should not be dismissed with prejudice for failure to correct Plaintiff Fact Sheet ("PFS") deficiencies and serve a fully complete and updated PFS and provide authorizations for collection of medical records per Case Management Order ("CMO") 6 and Pretrial Order (PTO) 13 and 13(c).

This is a CMO 6 Wave 2 case that was selected by Plaintiffs on September 17, 2018. Pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. Plaintiff submitted an

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

amended PFS on October 17, 2018, but this PFS was not fully complete per PTO 13.  Specifically, the PFS contained the following deficiencies:

| PFS Section | Deficiency |
| --- | --- |
| I.E | Plaintiff did not provide a response for date of decedent's death or place of decedent's death. |
| III.B.3 | Plaintiff failed to identify the name of the health care providers who treated the decedent for nine conditions he was being treated for at the time of his alleged bleeding event.  Instead, Plaintiff stated "N/A" for the identities of the health care providers and "Please consult the medical records currently in Defendants['] possession for the greatest possible accuracy" for the treatment the decedent received. |
| IV.A | Plaintiff did not provide the address for five health care providers who treated decedent in the past 12 years. |
| V.H | Plaintiff stated that the decedent had atrial fibrillation, hypertension, irregular heartbeat, and inflammatory bowel disease or irritable bowel syndrome but failed to identify the providers who treated the decedent for these conditions or their addresses.  Instead, Plaintiff stated, "Please consult the medical records currently in Defendants['] possession for the greatest possible accuracy." |
| VIII.B | Plaintiff did not respond as to whether an autopsy had been performed. |
| IX. | Plaintiff has not provided the decedent's death certificate. |
| X. | Plaintiff did not submit a signed declaration verifying the statements in the amended PFS. |

The information missing from Plaintiff's PFS is important and relates directly to her claims in this case.  Specifically, the addresses of health care providers who treated the decedent in the past 12 years are important identifying information necessary for Defendants to collect medical records and evaluate Plaintiff's medical history.  Additionally, the decedent was being treated for multiple conditions at the time of his alleged bleeding event, including GERD, hypercholesterolemia, hypertension, C Diff, ischemic dilated cardiomyopathy, scleroderma, ventricular tachycardia, esophagitis, and enteritis.  But Plaintiff failed to identify the health care providers who treated the decedent for these conditions, which is basic information that is necessary for Defendants to collect medical records and to evaluate the decedent's medical history.  The decedent also was treated for multiple conditions in the fifteen years prior to allegedly taking

2

Xarelto, including atrial fibrillation, hypertension, irregular heartbeat, and inflammatory bowel disease or irritable bowel syndrome. Plaintiff also failed to identify the providers who treated the decedent for all of these conditions, instead repeatedly telling Defendants to "Please consult the medical records currently in Defendants' possession for the greatest possible accuracy." This response does not comport with Plaintiff's obligations to answer the questions in the agreed-upon PFS. Further, this type of response is even more problematic because Plaintiff has simultaneously failed to even identify the health care professionals who provided treatment for the conditions at issue. Without the basic information identifying the health care providers who treated the decedent, Defendants have no way to confirm that they actually have the medical records needed to obtain information regarding the identity of the treating health care providers or the type of medical treatment the decedent received while he was allegedly taking Xarelto. Additionally, information and documentation regarding the decedent's death and whether an autopsy was performed are necessary for Defendants to evaluate the decedent's medical history and Plaintiff's claims. Finally, PTO 13 requires that the PFS be accompanied by a declaration signed by the plaintiff that verifies the truth and accuracy of the PFS. *See* PTO 13 ¶ 3.

Defendants notified Plaintiff of these deficiencies on October 22, 2018 and requested that Plaintiff cure these issues by submitting an amended and complete PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 120 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

Further, Defendants have been unable to proceed with discovery and collect pertinent medical records because Plaintiff has failed to provide updated HIPAA authorizations as required by PTO 13(c). Specifically, PTO 13(c) provides: "Plaintiffs shall cooperate with Defendants, and

shall respond to Defendants' requests for signatures for new or location specific authorizations within ten (10) days of being requested to do so." A special form authorization has been demanded by the pharmacy where decedent filled his Xarelto prescription before they will release records pertaining to the decedent. Additionally, the facility for the physician who prescribed Xarelto to the decedent has demanded letters of administration and a death certificate as documentation before they will release records pertaining to the decedent.

On October 12, 2018 (more than 130 days ago) and October 18, 2018 (more than 120 days ago), respectively, Defendants' counsel first requested this documentation and authorization from Plaintiff's counsel. Defense counsel has followed up at least ten times requesting that the signed authorization be returned and that the requested documentation be provided, but Plaintiff has still not produced the requested authorization or documentation. Without this authorization and documentation, Defendants cannot collect key medical records from the physician who prescribed Xarelto to the decedent and the pharmacy where the decedent filled his Xarelto prescription.

Given all of the above, it is not possible to proceed with discovery and prepare the case for trial. Plaintiff has failed to comply with the preliminary discovery requirements set forth in CMO 6 and PTO 13. This warrants dismissal of Plaintiff's case <u>with</u> prejudice.

Thus, plaintiff Kathleen Donovan should be ordered to show cause at 9:00 a.m. on March 12, 2019, before the Court as to why his case should not be dismissed with prejudice.


Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street

4

    New York, New York 10019-9710
    Telephone: (212) 836-8000
    Facsimile: (212) 836-8689
    William Hoffman
    601 Massachusetts Ave., NW
    Washington, D.C. 20001
    Telephone: (202) 942-5000
    Facsimile: (202) 942-5999
    andrew.solow@arnoldporter.com
    william.hoffman@arnoldporter.com

    *Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*
    **DRINKER BIDDLE & REATH LLP**

    By: /s/ *Susan M. Sharko*
    Susan M. Sharko
    600 Campus Drive
    Florham Park, NJ 07932-1047
    Telephone: (973) 549-7000
    Facsimile:  (973) 360-9831
    susan.sharko@dbr.com

    *Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*


    **IRWIN FRITCHIE URQUHART & MOORE LLC**

    By: /s/ *Kim E. Moore*
     Kim E. Moore
     400 Poydras Street
     Suite 2700
     New Orleans, LA 70130
     Telephone: (504) 310-2100
     Facsimile:  (504) 310-2120
     kmoore@irwinllc.com

     *Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 25, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ John F. Olinde*
**John F. Olinde**