UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO | |
| *Kathleen Donovan o/b/o Her Deceased Husband, John M. Donovan, v. Janssen Research & Development LLC, et al; 2:17-cv-07628* | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE NORTH |

### ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO CURE PLAINTIFF FACT SHEET DEFICIENCIES AND SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET AND MEDICAL RECORD AUTHORIZATIONS PURSUANT TO CMO 6 AND PTO 13

Plaintiff Kathleen Donovan on behalf of her deceased husband, John M. Donovan, has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. Pursuant to Case Management Order ("CMO") 6, Plaintiff was selected by Plaintiffs for inclusion in Wave 2 discovery on September 17, 2018. Accordingly, per CMO 6, Plaintiff was required to update this PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and Pretrial Order ("PTO") 13.

Plaintiff submitted an amended PFS on October 17, 2018, but this PFS was not fully complete per PTO 13. The information missing from Plaintiff's PFS is important and relates directly to her claims in this case. Specifically, the addresses of health care providers who treated the decedent in the past 12 years are important identifying information necessary for Defendants to collect medical records and evaluate Plaintiff's medical history. Additionally, the decedent was

1

being treated for multiple conditions at the time of his alleged bleeding event, including GERD, hypercholesterolemia, hypertension, C Diff, ischemic dilated cardiomyopathy, scleroderma, ventricular tachycardia, esophagitis, and enteritis.  But Plaintiff failed to identify the health care providers who treated the decedent for these conditions, which is basic information that is necessary for Defendants to collect medical records and to evaluate the decedent's medical history. The decedent also was treated for multiple conditions in the fifteen years prior to allegedly taking Xarelto, including atrial fibrillation, hypertension, irregular heartbeat, and inflammatory bowel disease or irritable bowel syndrome.  Plaintiff also failed to identify the providers who treated the decedent for all of these conditions, instead repeatedly telling Defendants to "Please consult the medical records currently in Defendants' possession for the greatest possible accuracy."  This response does not comport with Plaintiff's obligations to answer the questions in the agreed-upon PFS.  Further, this type of response is even more problematic because Plaintiff has simultaneously failed to even identify the health care professionals who provided treatment for the conditions at issue.  Without the basic information identifying the health care providers who treated the decedent, Defendants have no way to confirm that they actually have the medical records needed to obtain information regarding the identity of the treating health care providers or the type of medical treatment the decedent received while he was allegedly taking Xarelto.  Additionally, information and documentation regarding the decedent's death and whether an autopsy was performed are necessary for Defendants to evaluate the decedent's medical history and Plaintiff's claims.  Finally, PTO 13 requires that the PFS be accompanied by a declaration signed by the plaintiff that verifies the truth and accuracy of the PFS.  *See* PTO 13 ¶ 3.

Defendants notified Plaintiff of these deficiencies on October 22, 2018 and requested that Plaintiff cure these issues by submitting an amended and complete PFS within 20 days.

Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 120 days have passed (more than the 20-day cure period per PTO 13), but to date, Plaintiff has not cured these deficiencies.

Further, Defendants have been unable to proceed with discovery and collect pertinent medical records because Plaintiff has failed to provide updated HIPAA authorizations as required by PTO 13(c). Specifically, PTO 13(c) provides: "Plaintiffs shall cooperate with Defendants, and shall respond to Defendants' requests for signatures for new or location specific authorizations within ten (10) days of being requested to do so." A special form authorization has been demanded by the pharmacy where decedent filled his Xarelto prescription before they will release records pertaining to the decedent. Additionally, the facility for the physician who prescribed Xarelto to the decedent has demanded letters of administration and a death certificate as documentation before they will release records pertaining to the decedent.

On October 12, 2018 (more than 130 days ago) and October 18, 2018 (more than 120 days ago), respectively, Defendants' counsel first requested this documentation and authorization from Plaintiff's counsel. Defense counsel has followed up at least ten times requesting that the signed authorization be returned and that the requested documentation be provided, but Plaintiff has still not produced the requested authorization or documentation. Without this authorization and documentation, Defendants cannot collect key medical records from the physician who prescribed Xarelto to the decedent and the pharmacy where the decedent filled his Xarelto prescription.

Failure to show cause by appearing before this Court at 9:00 am on March 12, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this \_\_\_ day of _____ 2019.

                                                                    _____
                                                                    United States District Judge