**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) : | |
| PRODUCTS LIABILITY LITIGATION : | MDL No. 2592 |
| : | |
| : | SECTION L |
| THIS DOCUMENT RELATES TO : | |
| : | |
| *Nellie Pitts v. Janssen Research &* : | |
| *Development LLC, et al; 2:17-cv-07569* : | **JUDGE ELDON E. FALLON** |
| : | **MAGISTRATE JUDGE NORTH** |
| : | |

**ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S CASE SHOULD NOT BE
DISMISSED FOR PLAINTIFF'S FAILURE TO SERVE MEDICAL RECORD
AUTHORIZATIONS AND AN UPDATED PLAINTIFF FACT SHEET
PURSUANT TO PTO 13 AND CMO 6**

Plaintiff Nellie Pitts has filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This is a CMO 6 Wave 2 case that was randomly selected on October 4, 2018. Defendants are unable collect the critical medical records necessary to proceed with discovery, including records from all of Plaintiff's prescribing and treating physicians, because Plaintiff has failed to provide HIPAA authorizations as required by PTOs 13 and 13(c). PTO 13 requires each Plaintiff to serve authorizations for release of records for "all healthcare providers" identified in the PFS. *See* PTO 13 ¶ 1. PTO 13(c) also provides: "Plaintiffs shall cooperate with Defendants, and shall respond to Defendants' requests for signatures for new or location specific authorizations within ten (10) days of being requested to do so." Plaintiff has failed to provide a signed authorization to allow Defendants to collect medical records from one of the healthcare providers she identified in the PFS as a doctor who prescribed Xarelto to her. Plaintiff also has failed to provide signed authorizations to allow Defendants to collect records from ten additional providers that Plaintiff failed to identify on her PFS, but that Defendants identified from review of the limited

medical records Plaintiff submitted with her PFS. These include five healthcare professionals who treated Plaintiff for deep vein thrombosis, which is the condition for which she was prescribed Xarelto; two providers who treated Plaintiff for her alleged bleeding event; two facilities affiliated with Plaintiff's primary care physicians; and one additional facility where Plaintiff received medical treatment during the time she used Xarelto. Further, special form authorizations have been demanded by the pharmacy where Plaintiff filled her Xarelto prescription and a laboratory where Plaintiff's blood was tested. Defendants cannot collect these critical medical records without authorizations from Plaintiff to release the records.

Defendants' counsel first began requesting all of these authorizations from Plaintiff's counsel on November 2, 2018 (more than 100 days ago). Defense counsel has followed up on at least ten different occasions requesting the submission of the signed authorizations, but Plaintiff has still not produced the requested documents. Without these authorizations, Defendants cannot collect the key medical records, including from Plaintiff's prescribing and treating physicians, necessary to proceed with discovery and schedule depositions.

Further, pursuant to CMO 6, Plaintiff was required to update the PFS and "complete all sections" of the fact sheet within 30 days of selection. *See* CMO 6 ¶ 5(a) and PTO 13. An amended PFS was submitted on December 7, 2018, but this PFS was not fully complete as required by PTO 13. The PFS was deficient because, as discussed above, Plaintiff failed to provide a HIPAA authorization for release of medical records from all of the healthcare providers identified in her PFS. Plaintiff also failed to identify the physician currently prescribing her Eliquis and failed to submit a new declaration verifying the truth and accuracy of the PFS, as required by PTO 13. *See* PTO 13 ¶ 3. Instead, Plaintiff submitted a photocopy of a declaration previously submitted in this case.

Defendants notified Plaintiff of these deficiencies on December 19, 2018 and requested that Plaintiff cure these issues by submitting a new PFS within 20 days. Defendants also stated that, per CMO 6, Plaintiff's failure to submit a fully complete PFS tolled all discovery deadlines in the case. More than 65 days have since passed (more than the 20-day cure period provided by PTO 13), but to date, Plaintiff has not cured these deficiencies.

Given all of the above, it is not possible to proceed with discovery and prepare the case for trial. Plaintiff has failed to comply with the preliminary discovery requirements set forth in CMO 6 and PTO 13 and 13(c). This warrants dismissal of Plaintiff's case <u>with</u> prejudice.

Failure to show cause by appearing before this Court at 9:15 am on March 12, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana, on this 25th day of _____February_____ 2019.

_____
United States District Judge