UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JANE T. DAVIS ON BEHALF OF THE ESTATE OF GORDON L. DAVIS, JR.; <br><br> Plaintiff, <br><br> v. <br><br> JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC; JANSSEN ORTHO LLC; JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON COMPANY; BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER PHARMA AG; BAYER CORPORATION; BAYER HEALTHCARE LLC; BAYER HEALTHCARE AG; and BAYER AG; <br><br> Defendants. | MDL 2592 <br> SECTION: L <br><br> JUDGE: ELDON E. FALLON <br> MAG. JUDGE MICHAEL NORTH <br><br><br><br> Civil Action No.: 2:18-cv-7697 |

**PLAINTIFF'S AMENDED MOTION FOR
ENLARGEMENT OF TIME TO EFFECTUATE SERVICE**

**COMES NOW** Plaintiff, Jane T. Davis, on behalf of the of the Estate of Gordon L. Davis, Jr., by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 4(m), hereby moves this Court for an enlargement of time to effectuate service on the basis of excusable neglect, and, in support thereof states as follows:

1. This Amended Motion is made pursuant to LR 7.3 as there is no opposing counsel of record in this matter. Accordingly, no date for submission accompanies this Amended Motion.

2. On August 14, 2018, Plaintiff filed the Complaint. *D.E. 1*.

3. On the same date, August 14, 2018, the paralegal assigned to this case filed a Request for Summons to be issued by the Court for each of the ten Defendants. *D.E. 2.*

4. On August 16, 2018, the Court issued the requested summons. *D.E. 3.*

5. On September 4, 2018, the litigation paralegal typically assigned to maintaining the calendar and apprising counsel of upcoming deadlines terminated her employment unexpectedly with the firm, alerting no one that she had not (1) calendared the deadline to effectuate service; (2) engaged a process server to effectuate service; or, (3) otherwise made any notation she had deviated from the ordinary policy and procedure of the firm regarding case management.

6. On February 12, 2019, during a routine review of the docket related to MDL 2595, it came to the undersigned counsel's attention that service had not yet been properly effectuated.

7. Under PTO #10, PTO #10A and PTO #10B, Plaintiff was to serve Defendants within 60 days, and possibly extended under PTOs #10A and #10B to 90 days. But the paralegal responsible for this case filing failed to adhere to the normal practice of the firm, as address *supra* ¶ 4, and the deadline passed.

8. Plaintiff's counsel exercised diligence in originally assigning the service of process to a trusted and experienced paralegal who was actively engaged in filing and working on the cases within this firm filed in MDL No. 2592. There had been no prior issues with service deficiencies which would have alerted the undersigned to some deviation from the standard practice of this firm.

9. In good faith, and with the utmost diligence, as soon as this issue came to the attention of the undersigned, counsel concurrently drafted this Motion for relief and is engaged in the service of the Defendants.

10. Plaintiff seeks an enlargement of time and relation back to the originally filed Complaint, to properly serve the Defendants for which Summons were issued by this Court based on excusable neglect to timely serve the Defendants.

DATED: February 26, 2019

By: /s/ Joseph A. Osborne
*Joseph A. Osborne*
Counsel for Plaintiff
josborne@realtoughlawyers.com
Florida Bar: 880043
**OSBORNE & FRANCIS, PLLC**
433 Plaza Real Blvd., Suite 271
Boca Raton, Florida 33432
Telephone (561) 293-2600