**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JANE T. DAVIS  ON BEHALF OF THE ESTATE OF GORDON L. DAVIS, JR.;<br><br>       Plaintiff,<br><br>  v.<br><br>JANSSEN RESEARCH & DEVELOPMENT LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICAL RESEARCH AND DEVELOPMENT LLC; JANSSEN ORTHO LLC; JANSSEN PHARMACEUTICALS, INC. f/k/a JANSSEN PHARMACEUTICA INC. f/k/a ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON COMPANY; BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER PHARMA AG; BAYER CORPORATION; BAYER HEALTHCARE LLC; BAYER HEALTHCARE AG; and BAYER AG;<br><br>       Defendants. | MDL 2592<br>SECTION:  L<br><br>JUDGE: ELDON E. FALLON<br>MAG. JUDGE MICHAEL NORTH<br><br><br><br>Civil Action No.: 2:18-cv-7697 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF AMENDED**
**MOTION FOR ENLARGEMENT OF TIME TO EFFECTUATE SERVICE**

This case involves the wrongful death of Gordon L. Davis, Jr., from what has been alleged to have been caused by his ingestion Xarelto (Rivaroxaban).

## I.     FACTUAL BACKGROUND

This case was timely filed within MDL No. 2592, on August 14, 2018. *D.E. 1*.  On the same date, August 14, 2018, the paralegal assigned to this case filed a Request for Summons to be issued by the Court for each of the ten Defendants. *D.E. 2*. On August 16, 2018, the Court issued the requested summons. *D.E. 3*. On September 4, 2018, the litigation paralegal typically assigned

to maintaining the calendar and apprising counsel of upcoming deadlines terminated her

employment unexpectedly with the firm, alerting no one that she had not:

1.     Calendared the deadline to effectuate service;

2.     Engaged a process server to effectuate service; or,

3.     Otherwise made any notation she had deviated from the ordinary
       policy and procedure of the firm regarding case management.

On February 12, 2019, during a routine review of the docket related to MDL 2595, it came

to the undersigned counsel's attention that service had not yet been properly effectuated.  Under

PTO #10, PTO #10A and PTO #10B, Plaintiff was to serve Defendants within 60 days, and

possibly extended under PTOs #10A and #10B to 90 days. But the paralegal responsible for this

case filing failed to adhere to the normal practice of the firm, as address *supra*, and the deadline

passed.

Plaintiff's counsel exercised diligence in originally assigning the service of process to a

trusted and experienced paralegal who was actively engaged in filing and working on the cases

within this firm filed in MDL No. 2592. There had been no prior issues with service deficiencies

which would have alerted the undersigned to some deviation from the standard practice of this

firm.  In good faith, and with the utmost diligence, as soon as this issue came to the attention of

the undersigned, counsel concurrently drafted this Motion for relief and is engaged in the service

of the Defendants.

Plaintiff seeks an enlargement of time and relation back to the originally filed Complaint,

to properly serve the Defendants for which Summons were issued by this Court based on excusable

neglect to timely serve the Defendants.

## II.    ARGUMENT

"To demonstrate good cause, a plaintiff must make a showing of good faith and show some reasonable basis for noncompliance within the time specified." Foster, 2016 U.S. Dist. LEXIS 79743, 2016 WL 3388387, at *3 (internal quotation and citation omitted). Plaintiff "must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel of ignorance of the rules usually does not suffice.'" *Robinson v. Candy Fleet*, 2016 U.S. Dist. LEXIS 184508, at *7 (W.D. La. Dec. 29, 2016), quoting, *Systems Signs Supplies v. U.S. Dept. of Justice*, *Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (*quoting Winters v. Teledyne Movible Offshore, Inc*., 776 F.2d 1304, 1306 (5th Cir. 1985)). Rule 4(m) sets the time limit for service. This rule provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows "good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Supreme Court rejected the notion that "excusable neglect" was limited to circumstances beyond a party's control:

> We think that Defendant's interpretation is not consonant with either the language of the Rule or the evident purposes underlying it. First, the Rule grants a reprieve to out-of-time filings that were delayed by 'neglect.' The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to esp[ecially] through carelessness.' Webster's Ninth New Collegiate Dictionary 791 (1983) (emphasis added). The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness. Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry 'their ordinary, contemporary, common meaning.

*Pioneer,* 507 U.S. at 388, 113 S. Ct. 1494-95.

The *Pioneer* Court noted a range of possible explanations for a party's failure to comply with a filing deadline and expressed the belief that Congress intended for courts, where appropriate, "to accept late filings caused by inadvertence, mistake, or carelessness, as well as intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 387-88, 113 S.Ct. 1494.

The *Pioneer* Court then explained that a court's determination of whether the neglect is "excusable" should be an equitable one, whereby a court should "tak[e] account of all relevant circumstances surrounding the party's omission." *Id.* at 395, 113 S.Ct. 1498. The Court provided that the circumstances to consider include: (1) the danger of prejudice to the opposing parties; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id.

"In applying the *Pioneer* test, courts place the greatest weight on whether any prejudice to the other parties will occur by allowing a late claim. There is no 'prejudice when all the parties can be placed in the same situation that they would have been in if the error had not occurred.'" *In re Tannen Towers Acquisition Corp.,* 235 B.R. 748, 755 (D.N.J. 1999) (quoting *In re Brown*, 159 B.R. 710, 716 (Bankr. D.N.J. 1993) (internal citations omitted)).

The record is clear that Plaintiff timely filed this action on August 14, 2018, *D.E. 1.* Unfortunately, due to Plaintiff's counsel's excusable neglect, as outlined *supra* ¶¶ 1 - 7, the deadline to timely serve the Defendants within either 60 or 90 days, pursuant to PTOs 10, 10A and/or 10B, was missed. At all times relevant, plaintiff's counsel acted in good faith in complying with this Court's orders and Fed. R. Civ. P. 4(m). Plaintiff's counsel placed serve in the capable and experience hands of a paralegal assigned to this docket of cases, who left the firm without

warning or any disclosure that she deviated from the standard practice of the firm to immediately, upon receipt of Summons issued by the Court, effectuate service upon Defendants. Further, as soon as this issue came to the attention of the undersigned, counsel concurrently drafted this Motion for relief and served the Defendants.

Under the last *Pioneer* element, a Court must consider whether a party has acted in good faith. Plaintiff would never intentionally fail to time serve Defendants. Considering Plaintiff's good faith, combined with the lack of prejudice to either party, and the strong federal policy in favor of adjudicating a matter on the merits, Plaintiff's Motion for Enlargement of Time to Effectuate Service should be granted.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order granting Plaintiff an enlargement of time to effectuate service.

DATED: February 26, 2019

By:     /s/ Joseph A. Osborne
        *Joseph A. Osborne*
        Counsel for Plaintiff
        josborne@realtoughlawyers.com
        Florida Bar: 880043
        **OSBORNE & FRANCIS, PLLC**
        433 Plaza Real Blvd., Suite 271
        Boca Raton, Florida 33432
        Telephone (561) 293-2600