UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 2592 SECTION: L |
| ************************************ THIS DOCUMENT RELATES TO: *Martha G. Sauers and John D. Sauers v. Janssen Research & Development LLC, et al.; 2:18-cv-08721* ************************************ | * * * * * * * * | JUDGE ELDON E. FALLON MAG. JUDGE MICHAEL B. NORTH |

### REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE OF PROCESS ON DEFENDANTS, *NUNC PRO TUNC*, AND DEEM THE COMPLAINT TIMELY SERVED

Bayer HealthCare Pharmaceuticals Inc. ("BHCP") and Bayer Pharma AG (collectively, "Defendants") agreed to "waive formal service of process" in this MDL and to "accept service of Xarelto cases that are properly commenced in…this MDL." Pre-Trial Order No. 10 ("PTO 10") at page 1. BHCP and Bayer Pharma AG received the filed complaint, proposed summonses, and waiver of summons forms via certified mail and registered mail return receipt requested **less than 30 days after the complaint was filed in this matter**, respectively, in compliance with PTO 10 and Rule 4. Defendants now urge this Court to deny Plaintiffs' requested relief and instead force Plaintiffs to serve BHCP pursuant to provisions of Rule 4, "and *in particular, require that Plaintiff serve Bayer Pharma AG in accordance with international and German law pursuant to Rules 4(h)(2) and (f)*." Response to Plaintiffs' Motion at page 5 (emphasis added). Bayer Pharma AG insists that the Plaintiffs should be made to effectuate service of process on it via the Hauge

1

Convention. Response to Plaintiffs' Motion at page 4. Defendants' arguments are unavailing, and Plaintiff has shown good cause. Thus, this Court should grant Plaintiffs the relief requested herein.

Rule 4(d)(1) states that "An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) **has a duty to avoid unnecessary expenses of serving the summons**. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. Proc. 4(d)(1) (emphasis added). Bayer Pharma AG is a defendant that, but for PTO 10, would be subject to Rule 4(d) because it is subject to service under Rule 4(h)(2).[1] BHCP is similarly a defendant that is, but for PTO 10, subject to service under Rule 4(e) and (f). A plaintiff's request to a defendant subject to Rule 4(d) must send the defendant a copy of the complaint, a written request for the defendant to waive the service of summons, two copies of the waiver of summons form, and a means for returning the form, and plaintiff must do so by first-class mail or other reliable means. *See* Fed. R. Civ. Proc. 4(d)(A)-(G). A plaintiff making such a request is not required to send a defendant subject to Rule 4(d) the *issued summons* against it. *See id*. Moreover, PTO 10 does not state that Plaintiffs must serve BHCP or Bayer Pharma AG with the issued summons against them. *See generally*, PTO 10. Here, Plaintiffs have attempted to comply with PTO 10 and has complied with all material aspects of Rule 4(d) in the alternative.

Despite Plaintiffs' good cause shown and the complete lack of prejudice to Defendants, BHCP and Bayer Pharma AG now argue to this Court that Plaintiffs' motion should be denied. In support of BHCP and Bayer Pharma AG's position, their counsel offers only this: "BHCP and Bayer Pharma AG are entitled to some certainty as to whether they will be required to defend themselves in a particular case pending in the MDL. Time limits on service provide some level of

---

[1] Bayer Pharma AG is subject to service under Rule 4(f) only by virtue of the language of Rule (h)(2).

certainty." Response to Plaintiffs' Motion at page 5. This argument is specious in this instant matter because BHCP and Bayer Pharma AG **admit that they had actual notice** of this case and the claims against them **less than 30 days after the complaint in this matter was filed** because they received the complaint, proposed summonses, and waiver of summons forms via certified and registered mail pursuant to PTO 10. Nonplussed, BHCP and Bayer Pharma AG go on: "Otherwise, BHCP and Bayer Pharma AG are subject to being brought into any case in the MDL at any time for any reason." Response to Plaintiffs' Motion at page 5. "With numerous cases pending in the MDL, this level of uncertainty places an undue burden on BHCP and Bayer Pharma AG to continue to monitor all cases pending in the MDL." Response to Plaintiffs' Motion at page 5. Defendants' arguments should be dismissed entirely.

      Defendants rely upon the decisions in the *Salomon* and *Newby* cases. Both cases are distinguishable from this matter because service was attempted . In *Salomon*, the third-party plaintiffs filed a demand against the defendants on September 29, 2003; attempts of service on defendant Ocwen were made November 2003 and March 2005. *Salomon Bros. Realty Corp. v. Bourgeois*, No. 03-3214, 2006 U.S. Dist. LEXIS 16172, at *1-3 (E.D. La. Apr. 4, 2006). However, on February 6, 2006, when Ocwen's motion to dismiss was filed, service against Ocwen not effectuated. *Id.* at *3. Third-party plaintiffs – by their own admission – knew Ocwen's proper name on July 21, 2005 (id. at *5); however, service of process was not attempted, let alone effectuated, on Ocwen almost nine months later. *Id.* at *5-7. The Court found "***even assuming*** that the Third-Party Plaintiffs' *failure to serve Ocwen by July 21, 2005 was excusable neglect made in good faith*" (id. at *6) (emphasis added), which the third-party plaintiffs ***did not*** argue or show, "their failure to serve Ocwen in the time period from July 21, 2005 to the present is neither excusable neglect nor an exercise of good faith." *Id.* at *6-7. The *Salomon* Court only considered the third-

party plaintiffs' inaction and failure to serve Ocwen *after July 21, 2005*, a date that is notably a*lmost two years after the third-party plaintiffs filed their demand* against Ocwen. *See id.* at *5-7. By contrast, here, service pursuant to Pre-Trial Order No. 10 ("PTO 10") was attempted on Defendants less than 30 days from the filing of the complaint, and Defendants had actual notice of same. The third-party plaintiffs in *Salomon* offered no excuse nor "any reasons why their failure to effectuate service from July 21, 2005 to present is excusable" and thus the Court found that the third-party plaintiffs failed to show good cause for their failure and granted Ocwen's motion to dismiss. *Id.* at *7.

The present case differs from *Salomon*: Plaintiffs have diligently attempted to timely serve Defendants in this matter, and unlike in *Salomon*, has offered good cause for the delay in service and brings the instant motion less than 60 days after service is proper under Rule 4 and less than 100 days after service is proper under PTO 10. The third-party plaintiffs in *Salomon*, by contrast, failed to even ***attempt*** to effectuate service on Ocwen almost one year after they knew Ocwen's proper name. *See generally, Salomon, supra*. The *Newby* decision is likewise distinguishable from this instant matter for the same reason. In *Newby*, the record showed that not only did plaintiffs-appellants fail to serve defendants-appellees for a period of over 1,000 days, they also waited an additional 126 days after receiving direct notice from certain defendants-appellees of defects in service before seeking leave from the court for additional time. *Newby v. Enron Corp.*, 284 Fed. App'x 146, 150 (5th Cir. 2008). Unlike *Newby*, Plaintiffs here have attempted service in a timely fashion after filing the complaint and, but for the error that is tantamount to excusable neglect, Defendants would have been (and arguably were) timely served under PTO 10.

Good cause exists here, and the Court should extend the time for service on Defendants, *nunc pro tunc*, and deem the complaint in this matter as timely served as to all Defendants. Defendants offer nothing availing to indicate that a contrary order should be entered.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court issue an Order granting Plaintiffs' Motion to Extend Time for Service, *Nunc Pro Tunc*, on Defendants and Deem the Complaint Timely Filed.

Dated: March 5, 2019

/s/ Debra J. Humphrey
Debra J. Humphrey
Marc J. Bern & Partners LLP
60 East 42nd Street, Suite 950
New York, New York 10165
Tel: (212)702-5000
dhumphrey@bernllp.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 5, 2019, the foregoing Reply Memorandum in Further Support of the Motion for Extension of Time to Serve Defendants, *Nunc Pro Tunc*, and Deem the Complaint Timely Served was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Debra J. Humphrey
Debra J. Humphrey