UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION: L |
| **This Document Relates To:** *Joseph Koontz v. Janssen Research & Development, et al.*; Civil Case No.: 2:15-cv-04982 | JUDGE FALLON |
| | MAG. JUDGE NORTH |

## PLAINTIFF'S RESPONSE AND OBJECTIONS TO NOTICE OF VIDEO DEPOSITION OF PLAINTIFF

Comes now the Plaintiff and hereby responds and objects to the Notice of Video Deposition of Joseph Koontz and the requests for production listed in Exhibit "A" to the Notice as follows:

Plaintiff objects to that portion of the Notice which states that the deposition "will continue from day to day until completed" on the grounds that the Court's pre-trial orders provide time limitations on the taking of plaintiff depositions in MDL 2592.  Accordingly, the defendants may not exceed such time limitations except by agreement of the parties or by order of the Court.

Plaintiff objects generally to each and every request for documents propounded by Defendants to the extent the discovery sought exceeds the scope of discovery allowed under the Federal Rules of Civil Procedure, the Court's Local Rules and/or the Court's Pre-Trial Orders in this litigation.

Plaintiff also generally objects to each and every request for documents propounded by Defendants to the extent they seek discovery beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered Plaintiff Fact Sheet ("PFS").  Plaintiff has previously completed and served a PFS along with signed authorizations for the release of

records to Defendants.  Plaintiff has also produced documents responsive to the requests set forth

in Section IX of the PFS.  As such, the Plaintiff further objects to these requests to the extent they

are redundant, repetitive or seek documents or information already produced by Plaintiff or that

can be obtained by Defendants pursuant to any of the several authorizations that Plaintiff has

executed and produced to Defendants.

Lastly, Plaintiff objects to each and every request for documents propounded by

Defendants to the extent they seek to impose additional (or different) ESI and/or document

preservation or production obligations on Plaintiff beyond those set forth in the Court's PTO 15

or PTO 15B.

Subject to the foregoing general objections, and incorporating said general objections

herein by reference, Plaintiff responds to the individual requests ("Requests") as follows:

1. **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between any attorneys or other agents for Joseph Koontz and any healthcare provider that rendered any care or treatment to Joseph Koontz.**

Plaintiff's Response to Document Request No. 1:

Plaintiff objects to this Request to the extent it seeks documents or information protected

from disclosure by the attorney work product doctrine and/or the attorney-client privilege. Plaintiff

also objects to this Request to the extent that it seeks the production of documents beyond that

permitted by the Court during this Wave discovery period and as provided for in the court-ordered

PFS. Additionally, Plaintiff objects to this Request to the extent that it seeks the production of

documents and/or information beyond that permitted by the Court in its prior pre-trial

orders.  Plaintiff also objects to this Request to the extent that it prematurely seeks the production

of documents and/or information outside the timetables established by the Court in its prior pre-

trial orders. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation between *any* attorneys or *other* agents" for Plaintiff and "*any* healthcare provider that rendered *any* care or treatment" to the Plaintiff.  Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession, custody or control.

2. **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between Joseph Koontz and any healthcare provider that rendered any care or treatment to Joseph Koontz.**

Plaintiff's Response to Document Request No. 2:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation" between Plaintiff and "*any* healthcare provider that rendered *any* care or treatment to" Plaintiff. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control

of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that there are none.

**3.      All documents or other materials regarding this litigation given by Joseph Koontz, his attorneys and/or agents, to any healthcare provider that rendered any care or treatment to Joseph Koontz.**

Plaintiff's Response to Document Request No. 3:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Additionally, Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* documents or *other* materials regarding this litigation given by Joseph Koontz, his attorneys and/or agents, to *any* healthcare provider that rendered *any* care or treatment to Joseph Koontz." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he has no such items in his possession, custody, or control.

**4.      All transcripts or other records of any testimony of Joseph Koontz given under oath at any deposition, hearing, trial, or other proceeding of any kind;**

Plaintiff's Response to Document Request No. 4:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome,

vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* transcripts or *other* records of *any* testimony of" Plaintiff "given under oath at *any* deposition, hearing, trial, or *other* proceeding of *any* kind."   Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he has no such items in his possession, custody, or control.

5. **All e-mails, personal calendars, notes, journals, diaries, or "blogs", whether electronic or paper, made by Plaintiff at his direction that relate to Plaintiff's alleged use of Xarelto, medical conditions for which Xarelto was prescribed, the adverse event which is the subject of this lawsuit, and any damages claimed due to Plaintiff's alleged exposure to Xarelto.**

Plaintiff's Response to Document Request No. 5:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS.  Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that he has no such items in his possession, custody or control.

6. **All photographs, slides, DVDs or other videos of Joseph Koontz from the time of Plaintiff's first prescription of Xarelto to the present.**

Plaintiff's Response to Document Request No. 6:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* photographs, slides, DVDs or other videos of Plaintiff" that were taken, prepared or produced over a period of several years. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce representative photographs, slides, DVDs or videos in Plaintiff's possession that were made before Plaintiff began taking Xarelto; after Plaintiff began taking Xarelto; and/or, following Plaintiff's bleeding event.

**7.      All packaging and unused medicine from the Xarelto and Plavix (clopidogrel) Joseph Koontz allegedly used, including such materials in the possession of plaintiffs' counsel.**

Plaintiff's Response to Document Request No. 7:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff objects to the Request to the extent that it calls for the production of materials within the control of third parties whose documents are not within Plaintiff's possession, custody or control. Plaintiff also objects to this Request to the extent it calls for the preservation

and/or production of packaging and unused medicine for prescription drugs other than Xarelto. Plaintiff further objects to the Request to the extent it would require Plaintiff to turn over original prescription drug packaging and unused medication to the Defendants.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce any Xarelto and/or Plavix packaging and unused medication in his possession for inspection and photographing by the Defendants at the deposition site.

8.   **All medical, prescription, or other records relating to the allegations in the Complaint and/or the Plaintiff Fact Sheet that are in Joseph Koontz's possession and that were not previously provided to defendants by counsel for plaintiff.**

Plaintiff's Response to Document Request No. 8:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*other* records." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession.

9.   **All literature, newspaper or magazine articles, letters, booklets, brochures, pamphlets, written directives, package inserts and written material authored or collected by Joseph Koontz or supplied to Joseph Koontz from any source, including but not limited to persons, firms, corporations or governmental entities, relating to (1) Xarelto; (2) Joseph Koontz's alleged injuries; and/or (3) any defendant in this action; and**

Plaintiff's Response to Document Request No. 9:

  Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff further objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

  Subject to and without waiving the foregoing objections, Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession.

10.  **All documents responsive to Section IX of the Plaintiff Fact Sheet that were not previously provided to defendants by counsel for plaintiff.**

Plaintiff's Response to Document Request No. 10:

  Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession.

Dated:  March 7, 2019

         Respectfully submitted,

         **BURNETT LAW FIRM**

     By:  */s/ Riley L. Burnett, Jr.*
        Riley L. Burnett, Jr.
        Texas Bar No. 03428900
        E-mail:  rburnett@rburnettlaw.com
        Karen Beyea-Schroeder
        Texas Bar No. 24054324
        E-mail: karen.schroeder@rburnettlaw.com
        3737 Buffalo Speedway, Ste. 1850
        Houston, Texas 77098
        Telephone:  (832) 413-4410
        Facsimile:  (832) 900- 2120
        ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of March, 2019 a copy of the foregoing Plaintiffs' Response and Objections to Notice of Video Deposition of Plaintiff was electronically served on Defendants through Defendants' Counsel:

> Alyse M. Zadalls
> SHOOK, HARDY & BACON LLP
> azadalis@shb.com

and electronically on the following in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17:

> James B. Irwin
> IRWIN FRITCHIE URQUHART & MOORE, LLC.
> jirwin@irwinllc.com
> Served Defendants' Liaison Counsel

> John F. Olinde
> CHAFFE McCALL, L.L.P.
> olinde@chaffe.com
> Served Defendants' Liaison Counsel

> Andrew K. Solow
> ARNOLD & PORTER LLP
> andrew.solow@arnoldporter.com
> Served Bayer Defendants' Counsel

> Susan M. Sharko
> DRINKER BIDDLE & REATH LLP
> susan.sharko@dbr.com
> Served Janssen Defendants' Counsel

By:  */s/ Riley L. Burnett, Jr.*
Riley L. Burnett, Jr.
Texas Bar No. 03428900
E-mail: rburnett@rburnettlaw.com
Karen Beyea-Schroeder
Texas Bar No. 24054324
E-mail: karen.schroeder@rburnettlaw.com

BURNETT LAW FIRM
3737 Buffalo Speedway, Ste. 1850
Houston, Texas 77098
Telephone:  (832) 413-4410
Facsimile:  (832) 900- 2120
ATTORNEYS FOR PLAINTIFF