# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO ALL ACTIONS | JUDGE ELDON E FALLON |
| | MAG. JUDGE NORTH |

## CASE MANAGEMENT ORDER NO. 8

**[Generic Expert Trial Preservation Depositions, Trial Preparation of Wave 1 E.D.LA. Cases, Selection of Wave 3 Cases, Procedures for Consideration of Possible Wave 1 Remands, Plaintiff Profile & Consent Form, Short Form PFS, Short Form DFS]**

The Court hereby Orders as follows:

## I. GENERIC EXPERT TRIAL PRESERVATION DEPOSITIONS

**A. Scope**. The Court orders that that each side may take trial preservation depositions of their previously disclosed generic experts, subject to the schedule and provisions of this section.

**B. Protocol and Procedures.** The parties shall meet and confer concerning the procedures to apply to the generic expert trial preservation depositions, including supervision of such depositions, and by the March 12, 2019 case management conference shall submit for the Court's consideration a proposed pretrial order governing such procedures or absent agreement advise the Court as to their differences.

**C. Schedule.** By agreement of the parties, the preservation of generic expert testimony shall be taken in only two rounds. The parties further agree there shall be no further preservation of generic expert testimony without a prior showing of good cause.

**D. First Round.** The following deadlines will apply to the first round of generic expert preservation depositions:

    **1.** By **February 22, 2019**, Plaintiffs shall disclose:

        **a.** a list of all plaintiff experts in the first round whose testimony they seek to preserve; and

        **b.** a statement made in good faith as to whether plaintiffs will be supplementing any previously disclosed opinions;

2. By **March 8, 2019**, for each disclosed witness, Plaintiffs shall provide:

    **a.** an updated CV, publication list, and prior testimony list of any plaintiff experts whose testimony they seek to preserve;

    **b.** all supplemental reports and reliance materials; and

    **c.** a statement made in good faith as to which of the expert's previously disclosed opinions will be covered by the direct examination, and which are abandoned.

3. By **March 22, 2019**, defendants shall disclose:

    **a.** a list of all defense experts in the first round whose testimony they seek to preserve; and

    **b.** a statement made in good faith as to whether defendants will be supplementing any previously disclosed opinions.

4. By **April 5, 2019**, for each disclosed witness, Defendants shall provide:

    **a.** an updated CV, publication list, and prior testimony list;

    **b.** all supplemental reports and reliance materials; and

    **c.** a statement made in good faith as to which of the expert's previously disclosed opinions will be covered by the direct examination, and which are abandoned.

5. Consistent with CMO 2, the Plaintiffs shall be allowed a rebuttal expert report only upon a showing of good cause to the Court. In the event good cause is found by the Court for such a rebuttal expert report, the remaining deadlines in the protocol shall all be moved back 30 days from the date of the disclosure of the rebuttal expert report(s).

6. By **April 19, 2019**, Defendants may take a discovery deposition as to any plaintiff expert who supplements his/her report or reliance materials required in Paragraph D(1) & (2) above.

7. By **May 17, 2019**, Plaintiffs may take a discovery deposition as to any defense expert who supplements his/her report or reliance materials required in Paragraph D(3) & (4) above.

8. By **May 31, 2019**, trial depositions of all disclosed Plaintiff generic experts disclosed in Paragraph D(1) must be taken.

9. By **June 28**, 2019, trial depositions of all disclosed Defense generic experts disclosed in Paragraph D(3) must be taken.

**E.** **Second Round.**   The following deadlines will apply to the second round of generic expert preservation depositions:

1. By **April 15, 2019,** Plaintiffs shall disclose:

   a. a list of all plaintiff experts in the second round whose testimony they seek to preserve; and

   b. a statement made in good faith as to whether plaintiffs will be supplementing any previously disclosed opinions.

2. By **April 29, 2019**, for each disclosed witness, Plaintiffs shall provide:

   a. an updated CV, publication list, and prior testimony list of any plaintiff experts whose testimony they seek to preserve;

   b. all supplemental reports and reliance materials; and

   c. a statement made in good faith as to which of the expert's previously disclosed opinions will be covered by the direct examination, and which are abandoned.

3. By **May 13, 2019**, defendants shall disclose:

   a. a list of all defense experts in the second round whose testimony they seek to preserve; and

   b. a statement made in good faith as to whether defendants will be supplementing any previously disclosed opinions.

4. By **May 27, 2019**, for each disclosed witness, Defendants shall provide:

   a. an updated CV, publication list, and prior testimony list;

   b. all supplemental reports and reliance materials; and

   c. a statement made in good faith as to which of the expert's previously disclosed opinions will be covered by the direct examination, and which are abandoned.

5. Consistent with CMO 2, the Plaintiffs shall be allowed a rebuttal expert report only upon a showing of good cause to the Court.  In the event good cause is found by the Court for such a rebuttal expert report, the remaining deadlines in the protocol shall all be moved back 30 days from the date of the disclosure of the rebuttal expert report(s).

6. By **June 14, 2019**, Defendants may take a discovery deposition as to any plaintiff expert who supplements his/her report or reliance materials required in Paragraph E(1) & (2) above.

7. By **July 19, 2019**, Plaintiffs may take a discovery deposition as to any defense expert who supplements his/her report or reliance materials required in Paragraph E(3) & (4) above.

8. By **September 13, 2019**, trial depositions of all disclosed Plaintiff generic experts disclosed in Paragraph E(1) must be taken.

9. By **October 15, 2019,** trial depositions of all disclosed Defense generic experts disclosed in Paragraph E(3) must be taken.

## II.   WAVE 1 & 2 EDLA CASES

A.   **Applicability of Order**. The following procedures and schedules will govern the identification and selection of additional trial plaintiffs whose claims will be adjudicated in the U.S. District Court for the Eastern District of Louisiana ("EDLA").  The Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court, Eastern District of Louisiana shall apply to these proceedings, subject to provisions permitting Court orders or stipulations by the parties to make appropriate modifications.

B.   **Definitions.**

1. "Wave 1 EDLA Cases" means all of the remaining EDLA cases selected for workup pursuant to CMO 6 Wave 1, to wit:

    a.   *Braswell* **(2:14-cv-02258)**

    b.   *Brown* **(2:17-cv-02492)**

    c.   *Gaitan* **(2:16-cv-16571)**

    d.   *Heckler* **(2:15-cv-06996)**

2. "Wave 2 EDLA Cases" means all of the remaining EDLA cases selected for workup pursuant to CMO 6, Wave 2, to wit:

    a.   *Griffin* **(2:15-cv-02438)**

C.   **Remaining Fact Discovery.**  Any additional discovery pertaining to the selected Wave 1 EDLA Cases shall be completed on or before **April 15, 2019.**

D.   **Expert Schedule**. The following schedule shall apply to expert witness discovery in the Wave 1 EDLA Cases:

1. **Generic Expert Reports.**  Procedures for disclosure, discovery and preservation of generic expert testimony shall be governed by the case management order contemplated in Section 1.B.

2. **Case Specific Expert Reports**. On or before **May 15, 2019**, plaintiffs shall designate and provide reports by their expert witnesses who will appear live at trial.

3. **Case Specific Expert Reports**. On or before **June 14, 2019**, defendants shall designate and provide reports by their expert witnesses who will appear live at trial.

4

4. **Plaintiff Rebuttal Reports**. Consistent with CMO 2, the Plaintiffs shall be allowed a rebuttal expert report only upon a showing of good cause to the Court. In the event good cause is found by the Court for such a rebuttal expert report, the remaining deadlines in the protocol shall all be moved back 30 days from the date of the disclosure of the rebuttal expert report(s).

5. **Depositions**. At the time of the submission of the expert report, each expert shall indicate no fewer than three dates the expert is available for deposition. Expert depositions shall conclude by **July 19, 2019**. At least ten (10) days prior to the deposition, the expert shall produce all files, documents and reliance materials subject to discovery under the Federal Rules, as modified by the CMOs and PTOs entered in this case. Absent a showing of good cause to the Court, plaintiff's case-specific experts in any given case must be deposed prior to the deposition of the defendants' case-specific experts in that case.

6. **Discovery.** The limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provision of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply.

E.     **Briefing Schedule for Dispositive /** *Daubert* **Motions in the Wave 1 EDLA cases.**  Dispositive motions not involving expert testimony may be filed whenever the parties stipulate that such motion is ready for resolution or, absent agreement, upon a showing that expert testimony is not required to resolve the motion. Unless earlier filed in an individual case, the schedule for resolution of dispositive/*Daubert* motions is as follows:

1. **Motions and Briefs: August 9, 2019**

2. **Response in Opposition Briefs: August 30, 2019**

3. **Reply Briefs: September 13, 2019**

4. **Hearing and Argument (if necessary): September 25, 2019**

F.     **Trials of Wave 1 EDLA Cases.**  The Court reserves decision on whether trial of Wave 1 EDLA Cases will be single plaintiff or multi-plaintiff trials.  All parties preserve their respective positions in the district and appellate courts regarding the propriety or desirability of single plaintiff versus multi-plaintiff trials.  Following the dispositive/Daubert motions in these Wave 1 EDLA Cases, the parties will meet and confer and advise the Court of their respective positions regarding whether any EDLA cases may be consolidated for trial, including whether any EDLA Wave 2 and/or 3 cases are adequately discovered at that time.  Defendants reserve all rights to make summary judgment/Daubert motions on EDLA Wave 2 or 3 cases that are adequately discovered.  Absent agreement, the Court will resolve the issue of consolidation based on the record before it.  The Court will determine a schedule for the remaining pretrial proceedings -- including the jury questionnaire, witness and exhibit lists and objections thereto, deposition designations and objections thereto, motions in limine, and proposed jury charges -- after the Court determines which plaintiff or plaintiffs shall be included in the first trial.

G.     **Wave 2 EDLA Case**:  Pursuant to CMO 6, the remaining Wave 2 EDLA case has a CMO 6 fact discovery deadline of June 16, 2019.  As the deadline for completion of CMO

6 fact discovery approaches, the parties will meet and confer regarding a case management order that puts the remaining Wave 2 EDLA case on a schedule similar to the Wave 1 EDLA cases.

## III.   REMAND OF WAVE 1 & 2 CASES

**A.    Selection Process**.  On **March 15, 2019**, Plaintiffs and Defendants will each select up to 30 Wave 1 cases for consideration for remand.   Thereafter, the parties will meet and confer regarding whether it is appropriate to remand cases at that time and if so the appropriate cases for remand.

**B.    Suggestion of Remand Motion Practice.**  On **April 15, 2019**, if there is no agreement on whether cases should be remanded or upon a remand plan, plaintiffs may make a suggestion of remand application to the Court; Defendants reserve all rights to object.  Likewise, Plaintiffs reserve all rights to object in the event Defendants make a suggestion of remand application to the Court.

**C.    Direct Filed Cases Subject to Transfer Under PTO 9.**  For purposes of this order, cases directly filed in this District and subject to transfer to another District pursuant to PTO 9 shall be considered remand cases and are eligible to be selected pursuant to Section III(A) above.  If the Court suggests a remand to the JPML, cases selected for possible transfer under PTO 9 shall be transferred only when the JPML issues a remand order with respect to cases subject to remand.

**D.    Remand Trials**.  The parties reserve all rights to challenge any application for consolidated trials in any remand jurisdiction.

**E.    Second Round of MDL Remands.**  If this Court issues a Suggestion of Remand, and the JPML remands the first round of MDL remands, no further requests on the remaining Wave 1 and Wave 2 cases shall be made before **September 15, 2019**, and any second wave of remands shall not exceed 60 total cases.

## IV.   WAVE 3 CASE SELECTION

This Order shall govern the selection and discovery for 1,000 cases to comprise Wave 3 cases for completion of fact discovery according to the same procedures set forth in CMO 6 and CMO 6A.

**A.    Selection Date and Eligibility.**  On **April 15, 2019**, the Court (with the assistance of BrownGreer using the MDL Centrality database) shall select 1,000 cases for inclusion in the third wave of individual fact discovery, with 5% of those cases to be EDLA cases.  Before the selection date, the parties shall meet and confer to determine additional criteria for eligibility, if any, to be included in the third wave.  These criteria shall take into consideration the age of the plaintiff, the injury alleged by the plaintiff, the indication for which the plaintiff was prescribed Xarelto, the venue of the plaintiff and any appropriate other criteria.  The meet-and-confer shall be conducted such that the Court can make its random selections on **April 15, 2019**.

      **B.**    **Pool of Wave 3 Cases.**

        **1.**    **Pool A.**  650 cases shall be randomly selected from a pool of filed cases comprised of all Eligible Cases (defined above) from firms with less than 2% of the firm's total filed cases selected as plaintiff pick cases or less than 3 cases (whichever is greater) as plaintiff pick cases in Wave 1 and Wave 2.

        **2.**    **Pool B.**  350 cases shall be randomly selected with no other criteria beyond the eligibility criteria.

      **C.**    **Schedule**.  All 1,000 Wave 3 cases will be selected on April 15, 2019, but the Court will stagger the discovery commencement dates as follows:

        **1.**    On **April 15, 2019**, 400 randomly selected cases from Pool A will begin core-discovery under the same seven-month schedule under CMO 6.

        **2.**    On **June 15, 2019**, 200 randomly selected cases from Pool A and Pool B will begin core-discovery under the same seven-month schedule under CMO 6.

        **3.**    On **September 15, 2019**, 200 randomly selected cases from Pool A and Pool B will begin core-discovery under the same seven-month schedule under CMO 6.

        **4.**    On **December 15, 2019**, 200 randomly selected cases from Pool A and Pool B will begin core-discovery under the same seven-month schedule under CMO 6.

The Court will announce which 1,000 Wave 3 cases fall within which discovery groups on April 15, 2015 when the Wave 3 cases are selected.

      **D.**    **Filing Fee.**  Any cases selected for Wave 3 who have not yet paid a filing fee must pay their filing fee in this Court within 45 days after the selection is announced.  This filing fee will be excused if a case is dismissed with prejudice before then.

      **E.**    **Dismissal/No Replacement.**  If a Wave 3 case is dismissed at any point in time after selection for any reason -- including, but not limited for failure to comply with the Plaintiff Profile & Consent Form or the Short Form PFS, or failure to pay the filing fee – there shall be no replacement or substitute pick.

## V.    **PLAINTIFF PROFILE & CONSENT FORM**

      **A.**    **Approved Form.**  Attached hereto as Exhibit A is the Plaintiff Profile & Consent Form (or PPCF).

      **B.**    **Current Obligations.**  The PPCF must be completed and filed with MDL Centrality within 60 days by (i) plaintiffs in Wave 3 cases, and (ii) any plaintiff in a case filed, removed to or transferred to this MDL after the date of this CMO.  Failure to comply with this requirement will result in the Order to Show Cause dismissal procedure already entered by this

Court under PTO 31A.  Pretrial Order 13 setting the form of the Plaintiff Fact Sheet and Pretrial Order 27 revising the scope of the Plaintiff Fact Sheet shall no longer apply to cases selected in Wave 3 and to any case filed, removed or transferred to this MDL after the date of this CMO.

**C.**     **Future Application.**  If this Court issues a Suggestion of Remand then all plaintiffs in this MDL who have not already completed and filed a PPCF pursuant to Paragraph V(A) will be obligated to complete and file this PPCF with MDL Centrality within 60 days. Failure to comply with this requirement will result in the Order to Show Cause dismissal procedure already entered by this Court under PTO 31A.  Upon the Suggestion of Remand order, this Court will enter a CMO setting forth this obligation and will terminate the requirement for completion of the Core Compliant PFS.

## VI.    SHORT FORM PFS

**A.**     **Approved Form.**  Attached hereto as Exhibit B is the Short Form PFS.

**B.**     **Current Obligations.**   All Wave 3 cases must complete this Short Form PFS within 30 days of announcement of their inclusion in Wave 3.  Failure to comply with this requirement will result in the Order to Show Cause dismissal procedure already entered by this Court under PTO 31A.

**C.**     **Future Application.**  The Short Form PFS will be required to be completed by any plaintiff that is selected for workup in a future wave of work up cases.

## VII.    SHORT FORM DFS

**A.**     **Approved Form.**  Attached hereto as Exhibit C is the Short Form DFS.

**B.**     **Current Obligations.**   In any Wave 1 or 2 where a DFS has not been filed, and as required in CMO 6 for the Wave 3 cases, Defendants must complete this Short Form DFS 30 days after the plaintiff's deposition is taken.  Pretrial Order 13 setting the form of the Defendant Fact Sheet and Pretrial Order 27 suspending the Defendant Fact Sheet shall no longer apply to cases selected in Wave 3.

**C.**     **Future Application.**  The Short Form DFS will be the only required version of the DFS to be completed by defendants in a future wave of work up cases.

NEW ORLEANS, LOUISIANA this 7th day of March, 2019.

**HONORABLE ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO PRODUCTS LIABILITY LITIGATION | Master File No.: _____ <br><br> MDL No. 2592 |
| This Document Relates To: <br><br> MDL Case No. _____ | Plaintiff: _____ |

## PLAINTIFF PROFILE AND CONSENT FORM

 This Form must be completed by each plaintiff who has filed a lawsuit related to the use of Xarelto® by the plaintiff or the plaintiff's decedent.  Please answer every question to the best of your knowledge. In completing this Form, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can. You must supplement your responses if you learn that they are incomplete or incorrect in any material respect. For each question, where the space provided does not allow for a complete answer, please attach additional sheets so that all answers are complete. When attaching additional sheets, clearly label what question your answer pertains to.

 In filling out this Form, please use the following definitions: (1) "**health care provider**" means any hospital, clinic, medical center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical, dietary, psychiatric, or psychological care or advice, and any pharmacy, weight loss center, x-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, nutritionist, dietician, or other persons or entities involved in the evaluation, diagnosis, care, and/or treatment of the plaintiff or plaintiff's decedent; (2) "**documentation**" means any writing or record of every type that is in your possession, including but not limited to written documents, documents in electronic format, cassettes, videotapes, photographs, charts, computer discs or tapes, and x-rays, drawings, graphs, phone- records, non-identical copies, and other data compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form.

 Information provided by plaintiff in this Plaintiff Profile and Consent Form will only be used for purposes related to this litigation and may be disclosed only as permitted by the protective order in this litigation. This Form is completed pursuant to the Federal Rules of Civil Procedure governing discovery (or, for state court case, the governing rules of civil of the state in which the case is pending).

1

## I.    PRELIMINARY CASE INFORMATION

A.    Please provide the following information for the civil action that you filed:

| | |
|---|---|
| Caption: | |
| Docket No.: | |
| Plaintiff's Attorney: | |

B.    Please provide the following information for the individual on whose behalf this action was filed:

| | | | |
|---|---|---|---|
| Name: | | Social Security Number: | |
| Maiden Name or Other Names You Have Used: | | | |
| Address: | | | |
| Date of Birth: | | Gender: | |
| Select Marriage Status: | • Single<br>• Married<br>• Widowed | Name of Spouse, if Married: | |
| What is the highest educational degree that you received and from what educational institution did you receive it? | Degree _____<br><br>Educational Institution _____ | | |

C.    If there is another Plaintiff involved in this action other than the individual named in I.B., provide the following for each additional Plaintiff:

| | | | |
|---|---|---|---|
| Name: | | Date of Birth: | |
| Address: | | | |

**If you are completing this questionnaire in a representative capacity, please respond to the remaining questions with respect to the person whose medical treatment involved the use of Xarelto®.  Those questions using the term "You" refer to the person whose treatment involved the use of Xarelto®.  If the individual is deceased, please respond as of the time immediately prior to his or her death unless a different time period is specified.**

D.    Please provide the following information regarding usage of Xarelto® with a separate entry for each date range of use and prescriber.

**PROVIDE (1) ALL RECORDS FROM HEALTH CARE PROVIDERS WHO**

**PRESCRIBED XARELTO® AND THAT ENCOMPASS THE DATES OF USE OF XARELTO®; AND (2) ALL PHARMACY RECORDS THAT ENCOMPASS THE DATES OF USE OF XARELTO®.  AS NEW RECORDS COME INTO YOUR POSSESSION, YOU MUST PRODUCE THEM AND UPDATE YOUR RESPONSES WITHIN 14 DAYS OF RECEIPT OF RECORDS.**

| Dates of Use: | | State Where Prescription Was Received: | [DROPDOWN STATE LIST] |
|---|---|---|---|
| Select Dosage: | <ul><li>2.5 mg twice daily</li><li>10 mg once daily</li><li>15 mg twice daily for 21 days, then 20mg once daily</li><li>15 mg once daily</li><li>20 mg once daily</li><li>Off-Label Dosage – [Provide Explanation in Textbox]</li></ul> | | |
| Select Reason for Prescription: | <ul><li>Reduction of Risk of Stroke and Systemic Embolism in Nonvalvular Atrial Fibrillation</li><li>Treatment of Deep Vein Thrombosis (DVT)</li><li>Treatment of Pulmonary Embolism (PE)</li><li>Reduction in the Risk of Recurrence of Deep Vein Thrombosis and of Pulmonary Embolism</li><li>Prophylaxis of Deep Vein Thrombosis Following Knee Replacement Surgery</li><li>Prophylaxis of Deep Vein Thrombosis Following Hip Replacement Surgery</li><li>Reduction of Risk of Major Cardiovascular Events (CV Death, MI, and Stroke) in Chronic CAD or PAD</li><li>Off-Label Use – [Provide Explanation in Textbox]</li></ul> | | |
| Prescriber's First and Last Name | | | |
| Prescriber's Address | | | |
| Pharmacy Name<br><br>(If Pharmacy does not apply because Xarelto® was administered at a facility during these dates of use, provide the name of the facility instead.) | | | |

| | |
|---|---|
| Pharmacy Address<br><br>(If Pharmacy does not apply because Xarelto® was administered at a facility during these dates of use, provide the name of the facility instead.) | |

E.      Samples

Did you receive Xarelto® samples?

Yes _____        No _____

If yes, provide the following information with a separate entry for each provider:

| Sample Provider Name: | | Sample Provider Address: | |
|---|---|---|---|
| Date(s) Samples Provided: | | Quantity Provided: | |

F.      Please provide the following information regarding each event(s) you attribute to use of Xarelto®.

**PROVIDE ALL RECORDS  RELATING TO ANY MEDICAL CARE AND TREATMENT ASSOCIATED WITH THE ALLEGED EVENTS IDENTIFIED. AS NEW RECORDS COME INTO YOUR POSSESSION, YOU MUST PRODUCE THEM AND UPDATE YOUR RESPONSES WITHIN 14 DAYS OF RECEIPT OF RECORDS.**

| **Bleeding Event** | |
|---|---|
| • Brain/Cerebral Hemorrhage | |
| • Gastrointestinal Bleeding | |
| • Rectal Bleeding | |
| • Kidney Bleeding (Does Not Include Hematuria) | |
| • Hematuria | |
| • Hemoptysis/Coughing Up Blood | |
| • Acute Blood Loss Anemia | |

4

| | |
|---|---|
| (Requiring Blood Transfusion) | |
| • Nosebleeds | |
| • Stroke (Hemorrhagic) | |
| • Vaginal or Uterine Bleeding | |
| • Pleural Effusion with Bleeding | |
| **Non-Bleeding Event** | |
| • Heart Attack | |
| • Stroke (Ischemic) | |
| • Anemia (Not Acute Blood Loss Anemia) | |
| • Respiratory Failure | |
| • Pleural Effusion with Fluid (No Bleeding) | |
| **Other Event\*** | |

*If you checked Other Event, identify the event(s) that you are claiming that are not listed in the above chart.

| Other Event: | |
|---|---|
| Is the Other Event a Bleeding Event or Non-Bleeding Event? | ___ Bleeding Event |
| | ___ Non-Bleeding Event |

| | | | |
|---|---|---|---|
| Date of Diagnosis: | | State Where Event Occurred: | [DROPDOWN STATE LIST] |
| Name of Diagnosing Physician or Facility Where Diagnosed: | | | |
| Address of Diagnosing Physician or Facility Where Diagnosed: | | | |
| Hospitalized | Yes ___ <br> No ____ | Date(s) of Hospitalization(s) | |
| Name of Hospital(s) Where You Treated: | | | |
| Address of Hospital(s) Where You Treated: | | | |

5

G.     Prior to your use of Xarelto®, have you ever had the event(s) alleged in I.F?

Yes _____      No _____

If yes, provide all records in your possession  relating to medical care and treatment associated with the event(s) that occurred prior to your use of Xarelto®  and respond to the following for each event:

| Event: | | Date of Diagnosis: | |
|---|---|---|---|
| Name of Diagnosing Physician or Facility Where Diagnosed: | | Address of Diagnosing Physician or Facility Where Diagnosed: | |

H.     If you are completing this form on behalf of an individual who is deceased, please provide the following information, including a copy of the death certificate, an autopsy report if performed, and letters of administration and/or an affidavit of next of kin.

| Date of Death: | | Cause of Death: | |
|---|---|---|---|
| Place of Death: | | Date of Autopsy: | |
| Do you allege death as an event that you attribute to use of Xarelto®? | Yes _____<br><br>No _____ | | |

I.     If you are completing this form in a representative capacity (e.g., on behalf of the estate of a deceased person or as guardian of a living person), please complete the following:

| Representative Name: | |
|---|---|
| Representative Address: | |
| Relationship to Represented Person | |
| Capacity of Representation (e.g., Power of Attorney, Executor, etc.) | |
| State Where Appointed as Representative | |
| Court That Appointed You Representative | |

## II.     CLAIM INFORMATION

Please provide responses to the following:

1.  At the time you experienced the events you attribute to Xarelto®, were you also taking aspirin?

6

Yes _____   No _____

If yes, medical or pharmacy records demonstrating concomitant use of aspirin and Xarelto® at the time of the alleged events identified in Section I.F must be uploaded to MDL Centrality, and the upload must be confirmed below.

Yes _____   No _____

2.  At the time you experienced the events you attribute to Xarelto®, were you also taking Plavix (clopidogrel) or another P2Y12 platelet inhibitor (prasugrel (Efient, Effient), ticagrelor (Brilinta), and cangrelor (Kengreal))?

Yes _____   No _____

If yes, medical or pharmacy records  demonstrating concomitant use of Xarelto® and Plavix (clopidogrel) or another P2Y12 platelet inhibitor (prasugrel (Efient, Effient), ticagrelor (Brilinta), and cangrelor (Kengreal)) at the time of the alleged events identified in Section I.F must be uploaded to MDL Centrality, and the upload must be confirmed below.

Yes _____   No _____

3.  While on Xarelto®, or at the time you experienced the events you attribute to Xarelto®, did you have a PT (prothrombin time) level higher than 20?

Yes _____   No _____

If yes, medical or pharmacy records demonstrating PT tests you received while on Xarelto® and the results of those tests must be uploaded to MDL Centrality, and the upload must be confirmed below.

Yes _____   No _____

4.  While on Xarelto®, or at the time you experienced the events you attribute to Xarelto®, did you have an abnormal Anti-Factor Xa assay reading?

Yes _____   No _____

If yes, medical or pharmacy records demonstrating the levels of Anti-Factor assay readings taken while you were on Xarelto® must be uploaded to MDL Centrality, and the upload must be confirmed below.

Yes _____   No _____

5.  Did your use of Xarelto® end prior to September 10, 2015 *and* any of the events you attribute to Xarelto® occur prior to September 10, 2015?

Yes _____   No _____

If yes, medical or pharmacy records demonstrating use of Xarelto® ended prior to September 10 2015 and that any of the alleged events identified in Section I.F occurred prior to September 10, 2015 must be uploaded to MDL Centrality, and the upload must be confirmed below.

Yes _____   No _____

6.  If Xarelto® was prescribed to you prior to September 10, 2015, did you use Xarelto® after September 10, 2015 *and* did any of the alleged events identified in Section I.F occur after September 10, 2015?

Yes _____   No _____      Not Prescribed Prior to September 10, 2015 _____

If yes, medical or pharmacy records demonstrating Xarelto® was prescribed prior to September 30, 2015, Xarelto® use continued after September 10, 2015, and any of the alleged events identified in Section I.F occurred after September 10, 2015 must be uploaded to MDL Centrality, and the upload must be confirmed below.

Yes _____   No _____

7.  Did you take Xarelto® for the reduction in the risk of recurrence of DVT and/or PE *and* use Xarelto® after at least 6 months of standard anticoagulation treatment?

Yes _____   No _____

If yes, medical or pharmacy records demonstrating that you took Xarelto® for the reduction in the risk of recurrence of DVT and/or PE and used Xarelto® after at least 6 months of standard anticoagulation must be uploaded to MDL Centrality, and the upload must be confirmed below.

Yes _____   No _____

8

## III.    <u>DECLARATION</u>

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided in connection with this Plaintiff Profile and Consent Form is true and correct to the best of my knowledge, information, and belief formed after due diligence and reasonable inquiry.  I acknowledge that I have an obligation to supplement the above responses if I become aware of additional responsive information, or if I learn that they are in some material respects incomplete or incorrect.

Pursuant to 28 U.S.C. § 1746, I further declare under penalty of perjury that I have read, agreed to, and understand all of the following:

1.      In order for my case to proceed, I will make myself available for a deposition, to be taken under oath and that will consist of up to 7 hours of questioning by Defendants.

2.      My lawyer and/or I will be responsible for paying the full court filing fee for my case, if not already paid.

3.      The cost for any medical records that are collected by Defendants and that my lawyer and/or I access via the court-approved medical records collection vendor (Marker Group) will be shared 50/50 with the Defendants.

Date: _____

_____
Signature of Plaintiff


_____
Print Name of Signing Plaintiff


Date: _____

_____
Signature of Attorney


_____
Print Name of Signing Attorney

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO® PRODUCTS LIABILITY LITIGATION | Master File No.: _____ |
| | MDL No. 2592 |
| This Document Relates To: MDL Case No. _____ | |
| | Plaintiff: _____ |

**<u>SHORT FORM PLAINTIFF FACT SHEET</u>**

  This Short Form Plaintiff Fact Sheet ("Short Form PFS") must be completed in each case that has been chosen for additional work up in this litigation. The Short Form PFS must be completed by the plaintiff or plaintiff's decedent. Please answer every question to the best of your knowledge. In completing this Short Form PFS, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can. You must supplement your responses if you learn that they are incomplete or incorrect in any material respect. For each question, where the space provided does not allow for a complete answer, please attach additional sheets so that all answers are complete. When attaching additional sheets, clearly label what question your answer pertains to.

  In filling out this Short Form PFS, please use the following definitions: (1) "**health care provider**" means any hospital, clinic, medical center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical, dietary, psychiatric, or psychological care or advice, and any pharmacy, weight loss center, x-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, nutritionist, dietician, or other persons or entities involved in the evaluation, diagnosis, care, and/or treatment of the plaintiff or plaintiff's decedent; (2) "**document**" means any writing or record of every type that is in your possession, including but not limited to written documents, documents in electronic format, cassettes, videotapes, photographs, charts, computer discs or tapes, and x-rays, drawings, graphs, phone- records, non-identical copies, and other data compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form.

  Information provided in this Short Form PFS will only be used for purposes related to this litigation and may be disclosed only as permitted by the protective order in this litigation. This Short Form PFS is completed pursuant to the Federal Rules of Civil Procedure governing discovery (or, for state court case, the governing rules of civil of the state in which the case is pending).

## I.     PRELIMINARY CASE INFORMATION

A.     Please provide the following information for the civil action that you filed:

| | |
|---|---|
| Caption: | |
| Docket No.: | |
| Plaintiff's Attorney: | |

B.     Please provide the following information for the individual on whose behalf this action was filed:

| | | | |
|---|---|---|---|
| Name: | | Social Security Number: | |
| Maiden Name or Other Names You Have Used: | | | |
| Address: | | | |
| Date of Birth: | | Gender: | |

C.     What is the production date of the most recent Plaintiff Profile and Consent Form (PPCF) that you reviewed and produced to Defendants prior to filling out this Short Form PFS?

| Plaintiff Profile and Consent Form Iteration (i.e. Original PPCF or First Amended PPF) | MDL Centrality Produced Date |
|---|---|
| | |

Are all of the responses in the most recent Plaintiff Profile and Consent Form identified above still accurate?

Yes ____ No ____

If no, please supplement the Plaintiff Profile and Consent Form.  This Short Form PFS will be considered incomplete until the Plaintiff Profile and Consent Form is supplemented to provide accurate responses through a verified, amended PPCF.

## II.     CLAIM INFORMATION

A.     Xarelto® Use

1.  Were you given any oral instructions from a health care provider regarding Xarelto®?

Yes _____ No _____

If yes, provide the following:

| Provider Name | | Provider Address | |
|---|---|---|---|
| | | | |

2. Were you given any written instructions, including any prescriptions, packaging, package inserts, literature, medication guides, or dosing instructions, regarding Xarelto®?

Yes _____   No _____

If yes, describe the documents/materials and provide a copy of said documents/materials if they are in your possession:

_____

B.   Claims

1. Do you claim that Xarelto® worsened a previously existing injury/condition?

Yes _____   No _____

If yes, provide the following:

| Condition/Injury: | |
|---|---|
| Did you recover from this existing injury/condition before you first used Xarelto®? | Yes ___  No ___ |
| Date Recovered (If Applicable): | |

2. Do you claim that your use of Xarelto® caused or aggravated any psychiatric and/or psychological condition(s) for which treatment was sought and for which damages are being sought in this lawsuit?

Yes _____   No _____

If yes, provide the following as it pertains to your treatment of any psychiatric and/or psychological condition(s) in the last ten (10) years:

| Name of Mental Health Care Provider | Address | Reason for Treatment | Approx. Dates/Years of Treatment/Visits |
|---|---|---|---|
| | | | |

3. Are you seeking medical expenses?

Yes ___   No ___

If yes, please list all  medical expenses you are claiming, including amounts billed or paid by insurers and other third-party payors, which are related to any condition which you claim was caused by Xarelto® for which you seek recovery in the action which you have filed.

| Provider | Date | Expense |
|---|---|---|
| | | |

3

4. Are you making a claim for lost wages or lost earning capacity?

Yes ____   No ____

If yes, state the annual gross income you derived from your employment for each of the five (5) years prior to the injury or condition you claim was caused by Xarelto®, and the annual gross income derived for every year following the injury or condition you claim was caused by Xarelto®.

| Year | Annual Gross Income | Name of Employer | Address of Employer(s) |
|------|---------------------|------------------|------------------------|
|      |                     |                  |                        |

5. Has your spouse filed a loss of consortium or other claim in this lawsuit?

Yes ____   No ____   Not Applicable ____

### III.    MEDICAL HISTORY AND AUTHORIZATIONS

**SIGNED AUTHORIZATIONS IN THE FORMS ATTACHED HERETO MUST BE PROVIDED.   HIPAA AUTHORIZATIONS MUST BE PROVIDED FOR EACH PROVIDER, FACILITY, OR PHARMACY IDENTIFIED IN THIS SHORT FORM PFS.**

A.    Health Care Providers: Provide the following information for every provider who provided treatment to you in the past twelve (12) years:

| Name | Address | Approximate Dates | Reason for Consultation |
|------|---------|-------------------|-------------------------|
|      |         |                   |                         |

B.    Health Care Facilities: Provide the following information for every facility where you treated in the past twelve (12) years:

| Name | Address | Approximate Dates | Reason for Consultation |
|------|---------|-------------------|-------------------------|
|      |         |                   |                         |

C.    Pharmacies: Provide the following information for every pharmacy that filled prescriptions for you in the past ten (10) years:

| Name | Address | Approximate Dates |
|------|---------|-------------------|
|      |         |                   |

D.    Insurance Carriers: Provide the following information for every insurance carrier who provided you with medical coverage and/or pharmacy benefits for the last ten (10) years:

| Name | Address | Name of Insured & SSN (if not identified in | Policy Number | Approx. Dates of Coverage |
|------|---------|---------------------------------------------|---------------|---------------------------|

4

| | | I.B.) | | |
|---|---|---|---|---|
| | | | | |

E.      Other Anticoagulant Medication Use:

Have you ever used any anticoagulant other than Xarelto®?

Yes ____   No ____

If yes, provide the following:

| Anticoagulant Used (Dropdown Choices: Warfarin/Coumadin, Pradaxa, Eliquis, Savaysa, or Lovenox): | Dates of Use | Reason for Use | Adverse Events (If Any) | Reason for Discontinuation | Prescriber Name | Prescriber Address |
|---|---|---|---|---|---|---|
| | | | | | | |

F.      Have you ever had any medical procedure performed in which a stent was used?

Yes _____   No _____   I do not recall or know: _____

If yes, provide the following:

| Type of Stent: | | Date of Procedure: | |
|---|---|---|---|

G.      Do you currently take, or have you ever taken in the last ten (10) years, any of the following medications or supplements (Generic name is followed by brand name):

| Medication | Yes | No | Condition for which taken | Did you take this medication on a regular basis before you first took Xarelto®? | Prescribing Physician | Prescribing Physician Address | Dispensing Pharmacy |
|---|---|---|---|---|---|---|---|
| Aggrenox (Aspirin and Extended Release Dipyridamole in Combination) | | | | | | | |
| Amiodarone (Cordarone, | | | | | | | |

| Medication | Yes | No | Condition for which taken | Did you take this medication on a regular basis before you first took Xarelto®? | Prescribing Physician | Prescribing Physician Address | Dispensing Pharmacy |
|---|---|---|---|---|---|---|---|
| Pacerone) | | | | | | | |
| Anisindione (Miradon) | | | | | | | |
| Aspirin once a day for more than two weeks | | | | | | | |
| Cimetidine (Tagamet) | | | | | | | |
| Dronaderone (Multaq) | | | | | | | |
| Heparin | | | | | | | |
| Mannitol | | | | | | | |
| Non-Steroidal Anti-Inflammatory drugs (NSAIDs) regularly for more than four (4) weeks consecutively (including Ansaid, Pontsel, Toradol, Acular, Feldene, Naprosyn, Lodine) | | | | | | | |
| Plavix (Clopidogrel) | | | | | | | |
| Prasugrel (Effient) | | | | | | | |
| St. John's Wart | | | | | | | |

H.   Other than the medications you identified in the above chart, are there any prescription medications that you have taken on a regular basis in the seven (7) year period before you first took Xarelto®?  For purposes of this question, "regular basis" means that you were

directed by a health care provider to take a medication for at least forty-five (45) consecutive days.

Yes ___ No ___

If yes, provide the following for each medication:

| Medication | Prescriber Name | Prescriber Address | Approx. Dates/Years Taken |
|---|---|---|---|
| | | | |

## IV.  PLAINTIFF HISTORY

A.   Worker's Compensation and Disability Claims

Within the last ten (10) years, have you ever filed for workers' compensation, social security, and/or state or federal disability benefits?

Yes ___ No ___

If yes, state the following for each application:

| Year Claim was Filed | Company and/or Court Where Claim was Filed | Nature of Claimed Injury | Period of Disability | Amount Award |
|---|---|---|---|---|
| | | | | |

B.   Prior Convictions

Have you ever been convicted of, or pled guilty (or no contest) to, a felony and/or a crime involving an act of dishonesty or providing a false statement within the last ten (10) years?

Yes ____ No _____

If yes, provide the following information:

| Charge You Plead Guilty To or Were Convicted Of | Court Where Action Was Pending |
|---|---|
| | |

C.   Bankruptcy

In the last five (5) years, have you filed for bankruptcy?

Yes ____ No _____

D.   Computer Use

Apart from communications to or from your attorney, have you communicated via e-mail, visited any chat rooms, or publicly posted a comment, message, or blog entry on a public internet site regarding your experience with or injuries you attribute to Xarelto®, other New Oral Anticoagulants, atrial fibrillation, or the risk of stroke or blood clots during the past five (5) years? (You should include all postings on public social network sites including Twitter, Facebook, MySpace, LinkedIn, or "blogs" that address the topics above).

Yes ____ No ____

If yes, provide the following information:

| On what site or through what medium was the communication made? | When was the communication posted or transmitted? | What was said in the communication? |
| --- | --- | --- |
| | | |

## V.    FACT WITNESSES

Other than your health care providers, please identify all persons who you believe possess information concerning your alleged injury(ies) and current medical conditions, and provide the following information for each person:

| Name | Address | Relationship to You |
| --- | --- | --- |
| | | |

## VI.    DOCUMENT REQUESTS

Produce all documents in your possession, including writings on paper or in electronic form (if you have any of the following materials in your custody or possession, please indicate which documents you have and attach a copy of them to this PFS) and signed authorizations as requested herein:

1.  All non-privileged documents you reviewed that assisted you in the preparation of the answers to this Plaintiff Fact Sheet.

    Yes ____ No ____

2.  A copy of all medical records and/or documents relating to the use of Xarelto® and treatment for any disease, condition, or symptom referred to in any of your responses to the questions in this Short Form PFS or in the most recent Plaintiff Profile and Consent Form referenced in I.C., for the past twelve (12) years.

    Yes ____ No ____

3.  All documents referenced as written instructions in II.A.2 or that constitute, concern, or relate to product use instructions, product warnings, package inserts, pharmacy

handouts, or other materials distributed with or provided to you in connection with your use of Xarelto®.

Yes ___ No ___

4. All documents relating to your purchase of Xarelto® including, but not limited to, receipts, prescriptions, prescription records, containers, labels, or records of purchase.

Yes ___ No ___

5. Copies of entire packaging, including the box and label for Xarelto® (plaintiffs or their counsel must maintain the originals of the items requested in this subpart).

Yes ___ No ____

6. All laboratory reports and results of blood tests performed on you.

Yes ___ No ____

7. All documents reflecting your use of any prescription drug or medication in the past twelve (12) years, including documents sufficient to identify all anticoagulation medications that you have taken.

Yes ___ No ____

8. If you have been the claimant or subject of any workers' compensation, social security, or other disability proceeding within the last ten (10) years, all documents relating to such proceeding.

Yes ___ No ____

9. All documents known to you and in your possession which mention Xarelto® or any alleged health risks or hazards related to Xarelto® in your possession at or before the time of the injury alleged in your Complaint, other than legal documents, documents provided by your attorney or documents obtained or created for the purpose of seeking legal advice or assistance.

Yes ___ No ___

10. All documents in your possession or anyone acting on your behalf (not your lawyer) obtained directly or indirectly from any of the Defendants.

Yes ____ No ____

11. All documents constituting any communications or correspondence between you and any representative of the Defendants.

Yes ____ No ____

12. Copies of advertisements or promotions for Xarelto® and articles discussing Xarelto®.

Yes ____ No ____

13. All photographs, drawing, journals, slides, videos, DVDs, or any other media, including any "day in the life" videos, photographs, recordings, or other media that you may utilize to demonstrate damages or relating to your alleged injury.

Yes _____ No _____

14. Any and all documentation of Plaintiff's use of social media, Internet postings, or other electronic networking website (including, but not limited to, Facebook, MySpace, LinkedIn, Google Plus, Windows Live, YouTube, Twitter, Instagram, Pinterest, blogs, and Internet chat rooms/message boards) relating to Xarelto® or any of your claims in this lawsuit.

Yes _____ No ___

15. If you claimed you suffered a loss of earnings or earning capacity, your federal tax returns for each of the five (5) years preceding the injury you allege to be caused by Xarelto®, and every year thereafter or W-2s for each of the five (5) years preceding the injury you allege to be caused by Xarelto®, and every year thereafter.

Yes _____ No _____

16. Copies of all documents you (and not your lawyer) obtained from any source related to Xarelto® or to the alleged effects of using Xarelto®.

Yes _____ No _____

17. If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy, or other health care providers.

Yes ___ No ___

18. Copies of all records of any other expenses allegedly incurred as a result of the injuries alleged in the complaint.

Yes ___ No _____

19. Copies of any writings comprising or relating to any public statements made by you relating to this litigation in your possession.

Yes ___ No _____

20. If applicable and not already provided as part of the most recent Plaintiff Profile and Consent Form referenced in I.C., copies of letters testamentary or letters of administration relating to your status as plaintiff.

Yes _____ No _____

21. If applicable and not already provided as part of the most recent Plaintiff Profile and Consent Form referenced in I.C., decedent's death certificate and autopsy report.

Yes _____ No _____

22. All bankruptcy petitions and orders of discharge (if applicable) for all bankruptcy claims made by you or your spouse since the date of your first ingestion of Xarelto®.

Yes ___ No _____

23. Signed authorizations in the forms attached hereto (where applicable).

Yes _____ No _____

Plaintiff reserves right to supplement additional documentation.

Yes _____ No _____

## VII.  **DECLARATION**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided in connection with this Short Form Plaintiff Fact Sheet is true and correct to the best of my knowledge, information, and belief formed after due diligence and reasonable inquiry.  I acknowledge that I have an obligation to supplement the above responses if I become aware of additional responsive information, or if I learn that they are in some material respects incomplete or incorrect.

Pursuant to 28 U.S.C. § 1746, I further declare under penalty of perjury that I have read, agreed to, and understand all of the following:

1.      In order for my case to proceed, I will make myself available for a deposition, to be taken under oath and that will consist of up to 7 hours of questioning by Defendants.

2.      My lawyer and/or I will be responsible for paying the full court filing fee for my case, if not already paid.

3.      The cost for any medical records that are collected by Defendants and that my lawyer and/or I access via the court-approved medical records collection vendor (Marker Group) will be shared 50/50 with the Defendants.

Date: _____          _____
                               Signature of Plaintiff


                               _____
                               Print Name of Signing Plaintiff


Date: _____          _____
                               Signature of Attorney


                               _____
                               Print Name of Signing Attorney

11

EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : **MDL NO. 2592** |
| PRODUCTS LIABILITY LITIGATION | : |
| | : **SECTION L** |
| ********************************* | : |
| THIS DOCUMENT RELATES TO: | : **JUDGE ELDON E. FALLON** |
| | : |
| *Case Name* | : **MAG. JUDGE NORTH** |
| Case No. | : |
| | : |

## SHORT FORM DEFENDANT FACT SHEET

For each case that has been chosen for additional work up in this litigation, Defendants Janssen Research & Development, LLC and Janssen Pharmaceuticals, Inc. (collectively "Janssen"); Bayer Pharma AG and Bayer Healthcare Pharmaceuticals Inc. (collectively "Bayer"); must complete this Short Form Defendant Fact Sheet ("Short Form DFS") and identify or provide documents and/or data responsive to the questions set forth below to the best of their knowledge. In the event the Short Form DFS does not provide you with enough space for you to complete your responses or answers, please attach additional sheets if necessary. Please identify any documents that you are producing as responsive to a question or request by bates number.

Per CMO 8, upon receipt of both a complete and verified Plaintiff Profile and Consent Form ("PPCF") and Short Form Plaintiff Fact Sheet ("Short Form PFS"), with responses in all sections, and upon the completion  of Plaintiff's deposition in this matter, Defendants must complete and serve this Short Form DFS on each Plaintiff's counsel identified in the Short Form PFS within thirty (30) days of the completion of Plaintiff's deposition. Defendants will not be required to serve a Short Form DFS on Plaintiff's counsel until Plaintiff supplies a complete and verified PPCF and Short Form PFS, including but not limited to copies of all of the required medical records, and Plaintiff's deposition has been completed.

## DEFINITIONS

As used herein, the terms "YOU," "YOUR," or "YOURS" means the responding Defendants.

As used herein, the term "XARELTO" includes Rivaroxaban.

As used herein, the phrase "PRESCRIBING HEALTHCARE PROVIDER" means any physician, medical provider, or person identified in Section I.D. of the PPCF, as verified in Section I.C. of the Short Form PFS, who prescribed and/or dispensed Xarelto® to the Plaintiff.

**I.**     **Case Information**

This DFS pertains to the following case:

Case caption: _____

Court in which action was originally filed: _____

Date that this DFS was completed: _____

**II.**    **Contacts With Prescribing Healthcare Providers**

For each Prescribing Healthcare Provider identified in Section I.D. of the PPCF, as verified in Section I.C. of the Short Form PFS, please state the following:

A.     Physician's Information Request Letters ("PIR"):

1.  Please indicate if any of the Prescribing Healthcare Provider(s) identified in Section I.D. of the PPCF, as verified in Section I.C. of the Short Form PFS, has (have) ever initiated a PIR by identifying the name and address of the sender of the PIR; the date it was sent; the name and address of the recipient; and whether or not a response to the PIR or similar document was sent.

| Sender (Name and Address) | PIR Date | Recipient (Name and Address) | Response Sent? (Yes or No) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

2.  For each PIR in which a response was sent as indicated by a "Yes" above, please identify the format of the response; the date the response was sent; the name and address of the sender of the response; the name and address of the recipient of the response; and provide and identify by Bates number any and all documentation, including lists or database records, which demonstrates that the responsive documents were sent.

| Original PIR or Request Document | Format of Response (Letter or Otherwise) | Date Response Sent | Response Sender (Name and Address) | Response Recipient (Name and Address) | Bates Number of Supporting Documentation |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

B.   <u>Other Contacts:</u>

1.   For each Prescribing Healthcare Provider identified in Section I.D. of the PPCF, as verified in Section I.C. of the Short Form PFS, please identify by name any of the Defendants' Detail Representatives and/or any other detail person ("Representative") who called on the Prescribing Healthcare Provider and provide dates of each contact that related in any way to Xarelto®.

| Prescribing Health Care Provider(s) | Name of Representative | Current or Former Employee | Date(s) of Each Contact with Prescribing Health Care Provider |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

2.   Have Defendants or their representatives ever provided any Xarelto® samples to Plaintiff's Prescribing Healthcare Provider(s) identified in Section I.E. of the PPCF?  To be answered only if Plaintiff answers "Yes" in Section I.E. of the PPCF.

Yes_____  No _____  Not Applicable_____

A. If the answer is "Yes," please state the Prescribing Healthcare Provider(s) identified in Section I.E. of the PPCF that received the samples; the dates in which such samples were provided; the amount, and dosage of such samples; and the name of the Representative(s) who provided the samples.

| Prescribing Health Care Provider(s) and/or Primary Treating Physician | Date Shipped to and/or Provided | Amount and Dosage | Representative Who Provided |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

### III. Consulting With Plaintiffs Prescribing Health Care Provider(s)

A. Consulting and Professional Relationships

1. If any of Plaintiff's Prescribing Health Care Providers identified in Section I.D. of the PPCF, as verified in Section I.C. of the Short Form PFS, have been retained and/or compensated by Defendants as a "key opinion leader," "thought leader," member of a speaker's bureau, or consultant, relating to the subject of anticoagulants (including Xarelto®) stroke prevention, and/or the treatment/prevention of Atrial Fibrilation, PE, DVT, or strokes, please identify date(s) that each Prescribing Health Care Provider was retained or compensated; the nature of the affiliation; and the amount of any compensation and/or reimbursement for expenses.

| Prescribing Health Care Provider(s) | Date(s) that Prescribing Health Care Provider Retained or Compensated | Nature of Affiliation | Compensation and/or Reimbursement |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

### IV. Plaintiff's Prescribing Healthcare Providers' Practices

For each Prescribing Healthcare Provider identified in Section I.D. of the PPCF, as verified in Section I.C. of the Short Form PFS, please state and produce the following:

A. Do you have or have you had access to any databases, documents, or other information that track or purport to track the prescribing or treating practices of Plaintiff's Prescribing Healthcare Provider(s) identified in Section I.D. of the

4

PPCF, as verified in Section I.C. of the Short Form PFS, with respect to Xarelto®.

Yes _____ No _____

**V.      Plaintiff's Medical Condition (Section to be completed only if Plaintiff asserts in good faith that Plaintiff, or anyone acting on behalf of Plaintiff, communicated with Defendants.)**

A.      Have you been contacted by Plaintiff, or anyone acting on behalf of Plaintiff (other than Plaintiff's counsel) concerning Plaintiff?

Yes _____ No _____

B.      If you have been contacted by any person or entity concerning the Plaintiff (other than Plaintiff's counsel) for a reason other than reporting an adverse event, please state the name of the person(s) who contacted you and the name and address of the person(s) who responded to the contact on your behalf.

_____
_____
_____

C.      Please identify and produce all documents created before the filings of this lawsuit which reflect any communication between any person and you concerning Plaintiff.

_____
_____
_____

D.      Please produce a copy of any MedWatch form, other than documents initiated in the course of litigation, which refers or relates to Plaintiff. Any MedWatch form produced shall be redacted as necessary per federal law.

_____
_____
_____

**V.      Documents**

A.      To the extent you have not already done so, please produce a copy of all documents and things that fall into the categories listed below. These include documents in the possession of any of your present and former employees, including information provided to your attorneys:

1.      Any document created before the filing of this lawsuit which relates to or refers to Plaintiff other than documents received or produced in discovery in this matter (To be produced only if Plaintiff asserts in good faith that

Plaintiff or anyone acting on behalf of Plaintiff communicated with Defendants.)

2.  Subject to limitations set forth in this fact sheet concerning timeframes and categories of relevant information, any document sent to or received from any of Plaintiff's Prescribing Health Care Providers identified in Section I.D. of the PPCF, as verified in Section I.C. of the Short Form PFS.

3.  Subject to limitations set forth in this fact sheet concerning timeframes and categories of relevant information, any and all documents reflecting any contacts or communications between you and any of Plaintiff's Prescribing Health Care Providers identified in Section I.D. of the PPCF, as verified in Section I.C. of the Short Form PFS, regarding Xarelto®.

4.  Any and all documents which purport to describe, analyze, investigate, track, and/or report the prescribing practices of any of Plaintiff's Prescribing Healthcare Providers identified in Section I.D. of the PPCF, as verified in Section I.C. of the Short Form PFS, relating to Xarelto®, subject to the approval and/or agreement of the owner of the prescribing data (IMS Health) to release the data, which approval and/or agreement Defendant will request.

## **CERTIFICATION**

     I am employed by _____, one of the Defendants in this litigation. I am authorized by _____[names of other Defendants] to execute this certification on each corporation's behalf. The foregoing answers were prepared with the assistance of a number of individuals, including counsel for Defendants, upon whose advice and information I relied. I declare under penalty of perjury that all of the information as to the foregoing Defendants provided in this Defendant Fact Sheet is true and correct to the best of my knowledge upon information and belief.

_____
Signature

_____
Print Name

Date: _____