UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| THIS DOCUMENT RELATES TO: | * * | SECTION L |
| *Reuben Cox v. Janssen Research & Development LLC, et al.,* No. 2:16-cv-00652 | * * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN RESPONSE TO
ORDER TO SHOW CAUSE ORDER OF FEBRUARY 19, 2019 REGARDING
PLAINTIFF WITH ALLEGED PLAINTIFF FACT SHEET DEFICIENCIES**

COMES NOW Counsel for Plaintiff Reuben Cox and in support of Plaintiff's Supplemental Memorandum in Response to Order to Show Cause states as follows:

1. The sole "deficiency" raised by Defendants in Defendant's Memorandum in Support of Defendants' Motion for Order to Show Cause [Dkt. No. 11846-1] is that Mr. Cox did not sign the verification page to the Second Amended Plaintiff Fact Sheet that was submitted on May 18, 2018. This Second Amended Plaintiff Fact Sheet was submitted only to inform the Defendants of a massive stroke that Mr. Cox had in 2017 and to give Defendants the names of the healthcare providers who treated him. This stroke left Mr. Cox unable to communicate and unable to sign his name.

2. On November 30, 2018, the Court entered an Order to Show Cause [Dkt. No. 11872], giving Plaintiff Reuben Cox until December 12, 2018 to show cause as to why his case should not be dismissed for failure to remedy the alleged Plaintiff Fact Sheet deficiencies raised in Defendants' Motion for Order to Show Cause [Dkt. No. 11846].

3. Plaintiff's counsel Laura Lumaghi appeared by phone at the hearing on December 12, 2018, however she was not able to be heard by the Court. The hearing on the Motion to Show Cause was moved to January 23, 2019. [Dkt. No. 12119].

4. Plaintiff's counsel Laura Lumaghi appeared in person at the hearing on the Motion to Show Cause on January 23, 2019. At that time, Ms. Lumaghi advised the Court that a hearing to appoint Geri Cox, the wife of Reuben Cox, as his Guardian and Conservator was scheduled in Suffolk County, Virginia on January 29, 2019 and that after that appointment was made, the Defendant's deficiency would be cured.

5. The Court entered an Order to Show Cause [Dkt. No. 12119], giving Plaintiff Reuben Cox until March 12, 2019 to show cause as to why his case should not be dismissed for failure to remedy the alleged Plaintiff Fact Sheet deficiencies raised in Defendants' Motion for Order to Show Cause [Dkt. No. 11846].

**6. Unfortunately, on January 25, 2019, just days before the hearing on the Guardianship and Conservatorship, Reuben Cox passed away.**

7. The Guardianship and Conservatorship proceeding has been converted into a Petition for Letters of Administration of a decedent's estate, however under Virginia law, Letters of Administration cannot be granted until 60 days after the date of death. In this case, Letters of Administration cannot be granted until after March 26, 2019.

**8.** Counsel for Plaintiff respectfully submits that the Court should defer ruling on the pending Order to Show Cause for 30 days from the date the Court enters the attached Order, to allow sufficient time for Plaintiff's wife Gerri Jackson-Cox to obtain the necessary Letters of Administration of the decedent's estate needed to sign the verification page to the Amended

Plaintiff Fact Sheet. **Defense counsel is in agreement to move the hearing to the next show cause docket.**

9. This 30 Day extension will not prejudice Defendants. As stated above, Defendants received a fully completed Plaintiff Fact Sheet in 2016 signed by Reuben Cox, not a PFS with limited Core Information as was later required, and Defendants have been able to obtain thousands of pages of medical records of Reuben Cox.

10. Prejudicial dismissal of apparently meritorious claims for purely procedural reasons would be fundamentally unfair under circumstances such as this, where, as here, Plaintiff has substantially satisfied his discovery obligations and any prejudice caused Defendants is de minimis at best.

WHEREFORE, Plaintiff's Counsel respectfully requests that Plaintiff be permitted 30 days from the date the Court enters the attached Order for Plaintiff's wife, Gerri Jackson-Cox, to respond to the pending Order to Show Cause with a Motion for Substitution with Letters of Administration.

Dated:  March 8, 2019                                         Respectfully submitted,

                                              By:     /s/ Laura G. Lumaghi
                                                      Laura G. Lumaghi (MO Bar #50186)
                                                      DOWD & DOWD, P.C.
                                                      211 N. Broadway, Suite 4050
                                                      St. Louis, MO 63102
                                                      (314) 621-2500
                                                      Fax: (314) 621-2503
                                                      laura@dowdlaw.net
                                                      bill@dowdlaw.net

                                                      *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 8, 2019, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Laura G. Lumaghi