UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VICTOR R. CRAGE and<br>TERESA CRAGE, | ) | CASE NO:  2:17-cv-07460-EEF-MBN |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNSON & JOHNSON et al., | ) | |
| | ) | |
| Defendant(s) | ) | |
| | ) | |

### <u>MOTION FOR SUBSTITUTION OF PARTY  AND LEAVE TO AMEND THE CAPTION AND FILE AN AMENDED COMPLAINT</u>

On November 8, 2018, counsel filed a suggestion of death after becoming aware of the August 24, 2018 passing of plaintiff Victor R. Crage.  A true and accurate copy of Victor R. Crage's Death Certificate, redacted pursuant to Rule 5.2 of the Federal Rules of Civil Procedure is attached as Exhibit A.

On October 9, 2018 the Surrogate's Court of the State of New York, Erie County appointed decedent's son Marcus Crage Executor of the Estate of Victor R. Crage. A true and accurate copy of the Certificate of Appointment is attached as Exhibit B.  Marcus Crage, as Executor of the Estate of Victor R. Crage hereby requests through counsel that he be substituted in place and stead of Victor R. Crage, so that Victor R. Crage's claims survive the action on his behalf and may proceed.

Plaintiff further moves pursuant to Federal Rule of Civil Procedure 15(a)(2) to file an amended complaint attached as Exhibit C to plead a wrongful death and survival action pursuant to New York Estates, Powers and Trusts Law Sections 5-4.1 *et seq.*, which provides that an

appointed representative may bring the wrongful death claim on behalf of the decedent's

distributees for the "wrongful act, neglect or default which caused the decedent's death against a

person who would have been liable to the decedent by reason of such wrongful conduct if death

had not ensued." With the recent passing of consortium plaintiff Teresa Crage, this amended

complaint would omit her claims in their entirety in favor of the Estate of Victor R. Crage

proceeding alone.

All discovery is current, no motions or trial dates are pending, the parties will not be

prejudiced by the filing, and there has been no undue delay or bad faith by Plaintiff. *See Forman*

*v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason – such as

undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, futility of the amendment, etc., - the leave sought should, as the

rule require, be 'freely given."). The caption should then be amended accordingly.

The request under this Motion is not sought for delay or for any improper purpose but so

that justice may be done.

DATED: March 11, 2019                         Respectfully submitted,


                                              /s/ Brian A. Goldstein          .
                                              Brian A. Goldstein, Esq.
                                              Counsel of Record for Petitioner
                                              CELLINO & BARNES, P.C.
                                              2500 Main Place Tower
                                              350 Main Street,
                                              Buffalo, New York 14202-3725
                                              (716) 888-8888