UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS DOCUMENT RELATES TO:**

*David Anderson v. Janssen Research & Development LLC, et al.;*
Case No. 2:18-cv-01694;

*George Hart v. Janssen Research & Development LLC, et al.;*
Case No. 2:18-cv-05959; and

*Linda Jones v. Janssen Research & Development LLC, et al.;*
Case No. 2:18-cv-05184.

**RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFFS' ALLEGED FAILURE TO SERVE A CORE SUFFICIENT PLAINTIFF FACT SHEET**

Pursuant to Pre-Trial Order 31(a), this Court entered an Order to Show Cause why certain plaintiffs' actions should not be dismissed with prejudice for alleged failure to serve a core sufficient PFS in accordance with this Court's Orders. Order of February 19, 2019 [Rec. Doc. No. 12640]. The plaintiffs listed above respectfully respond, through counsel, as follows:

**1.   Counsel has been unable to obtain information and documents necessary to submit core sufficient Fact Sheets for Plaintiffs David Anderson and George Hart or their next of kin.**

Despite repeated attempts, we have been unable to contact these plaintiffs by any means for several months.

We have been unable to locate a working telephone number for David Anderson since last

1

year. We have likewise received no response to correspondence addressed to him since this time last year and all correspondence has been returned as undeliverable since early this year. According to legal research investigative tools, his death has been reported to government agencies; however, this information is sometimes inaccurate and counsel has been unable to confirm this or locate any responsive potential next of kin.

Similarly, we have been unable to reach George Hart for some time. After the complaint was filed last year, a medical provider advised that Mr. Hart has passed away. Since that time, we have repeatedly attempted to locate and contact any surviving next of kin without success.

**2. Plaintiff Linda Jones or her next of kin should be granted additional time to submit a signed declaration because her fact sheet is substantially complete, records documenting her Xarelto-related injuries have been provided to defendants, and counsel has been unable to locate and contact next of kin since learning on February 19, 2019 that she may have passed away.**

Records documenting Linda Jones' Xarelto-related gastrointestinal bleeding have been provided to defendants and her fact sheet is sufficiently complete that the only remaining deficiency alleged by defendants as of February 25, 2019 is "Failure to provide Declaration signed by plaintiff, Xarelto user, or Xarelto user's representative." We have been unable to contact plaintiff for some time, however; and learned on February 19, 2019 that she has apparently passed away. Since that time all attempts to locate and contact a responsive next of kin have failed.

This case appears meritorious based on the fact sheet and medical records already provided to Defendants and the case has not been selected for individual case discovery pursuant to Case Management Order Number 6. As such, plaintiff's submissions should be deemed sufficient to satisfy her discovery obligations at this point in the litigation and the Court should grant additional time to allow plaintiff's attorneys, who only recently learned that she may have passed away, to locate and contact next of kin.

### 3.     **Prejudicial dismissal is not an appropriate sanction.**

Moreover, under these circumstances, the remedy Defendants request – dismissal of Plaintiffs' actions with prejudice – is not appropriate.  The Fifth Circuit has repeatedly emphasized that "[a]lthough the district court's discretion under Rule 37 is broad, … it is not unlimited," and that "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Batson v. Neal Spelce Assocs., Inc.,* 765 F.2d 511, 514, 515 (5th Cir. 1985) (remanding for reassessment of sanctions and reconsideration of whether district court should have imposed a "less drastic sanction" than prejudicial dismissal notwithstanding plaintiff's "flagrant" discovery violations including her refusal, in violation of a district court order overruling her motion to quash, to produce subpoenaed financial documents "absolutely necessary to defend against her demand for damages" for nearly a year).  Indeed, the Court of Appeals has often characterized dismissal with prejudice as "a draconian remedy, or a remedy of last resort only to be applied in extreme circumstances." *Id.* at 515 (internal quotations omitted).  For the reasons stated above, this draconian remedy of last resort is not appropriate here.

WHEREFORE, Plaintiffs David Anderson and George Hart respectfully request, through counsel, that any dismissal be without prejudice, and Plaintiff Linda Jones respectfully requests, through counsel, that the Court grant additional time to locate and contact next of kin.  Failing that, Plaintiff requests, through counsel, that any dismissal be without prejudice.

Signed: March 11, 2019	Respectfully submitted,

By:	*/s/ Christopher J. Quinn*
Christopher J. Quinn
THE DRISCOLL FIRM, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Tel: (314) 932-3232
Fax: (314) 932-3233
chris@thedriscollfirm.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 11, 2019, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Christopher J. Quinn*
Christopher J. Quinn
THE DRISCOLL FIRM, P.C.
211 N. Broadway, 40th Floor
St. Louis, MO 63102
Tel: (314) 932-3232
Fax: (314) 932-3233
chris@thedriscollfirm.com

*Attorneys for Plaintiff*