UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 |
| | SECTION: L |
| PHYLLIS JENNINGS<br>Plaintiff | JUDGE: ELDON E. FALLON |
| v. | MAGISTRATE JUDGE: MICHAEL NORTH |
| JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL.<br>Defendants | Civil Action No: 2:18-cv-10210-EEF-MBN |

**RESPONSE TO PLAINTIFF'S MOTION FOR
AN EXTENSION OF TIME TO SERVE PROCESS ON
DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS INC.**

Defendant Bayer HealthCare Pharmaceuticals Inc. ("BHCP"), by and through counsel, appearing specially, and reserving all defenses including without limitation insufficient process, insufficient service of process, and lack of personal jurisdiction, respectfully submits the instant response to Plaintiff's motion for an extension of time to serve process on Defendant Bayer HealthCare Pharmaceuticals Inc. In response, BHCP states as follows:

Pre-Trial Order No. 10 ("PTO 10") in *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, entered on March 24, 2015, establishes a "streamlined service" process for service on BHCP. PTO 10 permits service of process in BHCP by certified mail, return receipt requested, upon the following representative of BHCP:

SOP Department
Corporation Service Company
Suite 400
2711 Centerville Road
Wilmington, DE 19808

1

PTO 10C was entered on October 10, 2018, providing the new address for streamlined service on BHCP as follows:

> Bayer HealthCare Pharmaceuticals Inc.
> c/o SOP Department
> Corporation Service Company
> 251 Little Falls Drive
> Wilmington, DE 19808-1674

The Complaint was filed in *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL No. 2592, on October 31, 2018. The Summons for BHCP was issued on October 31, 2018.

On January 22, 2019, BHCP received a copy of the Complaint and Summons by certified mail, through BHCP's representative. Service was rejected by letter dated February 20, 2019, because service was untimely.

PTO 10 only permits streamlined service of process on BHCP by certified mail under the following conditions: "Plaintiffs . . . who have not already served Bayer Pharma AG or BHCP shall have 60 days to serve the Complaint with a Summons. For plaintiffs whose cases already have been docketed in this MDL, the 60 days shall run from entry of this Order. Other plaintiffs shall have 60 days from docketing of the Complaint in the MDL."[1] Plaintiff failed to serve process within 60 days from the docketing of the Complaint in the MDL.

PTO 10 provides that "[f]ailure to serve a Complaint within 60 days will be subject to the standards governing Fed. R. Civ. P. 4(m)." Federal Rule of Civil Procedure 4(m) instructs a court to grant an extension of time to serve process "if the plaintiff shows good cause for the failure" to timely serve process. Otherwise, the court may, in its discretion, deny a request for extension of time to serve process. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). The Fifth Circuit Court of Appeals has stated that "'good cause' under Rule 4(m) requires '*at least* as much as would be

---

[1] Pre-Trial Order No. 10A and Pre-Trial Order No. 10B are inapplicable because of the date of filing of the Complaint.

required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified."'" *Salomon Bros. Realty Corp. v. Bourgeois*, 2006 U.S. Dist. LEXIS 16172 *6 (E.D. La. Apr. 4, 2006) *citing Winters v. Teledyne Movible Offshore*, 776 F.2d 1304, 1306 (5th Cir. 1985).

Plaintiff has failed to show good cause for her failure to serve process within the required time period. Inadvertence by counsel does not entitle Plaintiff to an extension. *See Newby v. Enron Corp.*, 284 Fed. Appx. 146, 150 (5th Cir. 2008)(rejecting "inadvertence, mistake of counsel, and unfamiliarity with rules" as basis for failure to timely serve process). The Court should deny Plaintiff's motion for extension of time to serve process under the streamlined service process of PTO 10 and require Plaintiff to serve BHCP pursuant to the provisions of Federal Rule of Civil Procedure 4.

BHCP is entitled to some certainty as to whether it will be required to defend itself in a particular case pending in the MDL. Time limits on service provide some level of certainty. Otherwise, BHCP is subject to being brought into any case in the MDL at any time for any reason. With numerous cases pending in the MDL, this level of uncertainty places an undue burden on BHCP to continue to monitor all cases pending in the MDL.

Furthermore, PTO 11 provides that "[t]he omnibus answers shall not constitute an appearance as to any defendant that has not been served." However, once BHCP is served in a particular case, BHCP's omnibus answer becomes the operative answer in that case (assuming an individual answer is not filed). Service triggers the operation of BHCP's omnibus answer in a particular case without any action on the part of BHCP. By delaying service, a plaintiff can delay

the operation of BHCP's omnibus answer in a particular case. Pre-Trial Order No. 11C provides that:

> A Plaintiff may amend her Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) within 21 days after service of a Joint Complaint if the Plaintiff is the named Plaintiff in a Joint Complaint, and within 21 days after service of a Severed Complaint if Plaintiff is *not* the named Plaintiff in the Joint Complaint. When Plaintiff files an *ex parte* motion to amend her Complaint pursuant to Rule 15(a)(1)(A), Plaintiff shall specify the relevant date of service within the motion.
>
> If Plaintiff did not file a Joint Complaint, but rather filed an individual claim, Rule 15(a)(1)(A) governs and Plaintiff may amend her complaint within 21 days of service.

By delaying service, a plaintiff can also delay her need to seek court approval before amending her complaint. Rather, the plaintiff can amend her complaint at any time for any reason.

WHEREFORE, BHCP respectfully requests that the Court deny Plaintiff's request for an additional 30 days or a "reasonable time" to serve process on BHCP under the streamlined service process of PTO 10, and require Plaintiff to serve BHCP pursuant to the provisions of Federal Rule of Civil Procedure 4.

March 12, 2019.                          Respectfully submitted,


                                         By: /s/ *Steven Glickstein*
                                         Steven Glickstein
                                         Andrew K. Solow
                                         ARNOLD & PORTER
                                         KAYE SCHOLER LLP
                                         250 West 55th Street
                                         New York, New York 10019-9710
                                         Telephone: (212) 836-8485
                                         Facsimile: (212) 836-6485
                                         steven.glickstein@apks.com

>William Hoffman
>ARNOLD & PORTER
>KAYE SCHOLER LLP
>601 Massachusetts Ave., NW
>Washington, D.C. 20001
>Telephone: (202) 942-5000
>Facsimile: (202) 942-5999
>william.hoffman@apks.com
>
>By: /s/ *John F. Olinde*
>John F. Olinde (LA Bar #1515)
>CHAFFE McCALL L.L.P.
>1100 Poydras Street
>Suite 2300
>New Orleans, LA 70163
>Telephone: (504) 585-7241
>Facsimile: (504) 544-6084
>olinde@chaffe.com
>***Attorneys for Bayer HealthCare Pharmaceuticals Inc.***