IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | *  MDL NO. 2592 |
| | * |
| THIS DOCUMENT RELATES TO: | *  SECTION L |
| *James Embry* 2:15-cv-03518 | * |
| | *  JUDGE ELDON E. FALLON |
| | * |
| | *  MAG. JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * *

**<u>ORDER TO SHOW CAUSE REGARDING PLAINTIFF'S FAILURE TO SERVE A FULLY COMPLETE AND UPDATED PLAINTIFF FACT SHEET PURSUANT TO CMO 6 AND FOR LACK OF CAPACITY TO PROCEED ON BEHALF OF DECEASED PLAINTIFF</u>**

Defendants move to dismiss Plaintiff's Complaint because there is no diversity of citizenship and therefore no subject matter jurisdiction. In particular, plaintiff James Embry was a citizen of Indiana at the time of filing (See Short Form Complaint, ¶3), and Defendant Bayer Corporation is deemed to be a citizen of Indiana because it was incorporated in the state of Indiana. (See Corporate Disclosure Statement, In re Xarelto (Rivaroxaban) Prods. Liab. Litig., MDL No. 2592, Doc. 23 (JPML Oct. 24, 2014)). Alternatively, Defendants move the Court to dismiss Bayer Corporation, retain jurisdiction and issue an order to show cause.

The lack of subject matter jurisdiction is curable because Defendant Bayer Corporation is not a proper Bayer defendant and can be dismissed. The proper Bayer defendants are Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG, which were the only two Bayer defendants in each of the three MDL bellwether trials. "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989). See also Dayton Indep. School District v. U.S. Mineral Prods. Co., 906 F.2d 1059, 1068 (5th Cir. 1990) (dismissing dispensable non-

1

diverse party, "thereby restoring diversity jurisdiction."); Aetna Cas. & Cur. Co. v. Hillman, 796 F.2d 770, 774 (5th Cir. 1986) ("A district court can drop a non-diverse party whose presence is not essential to the suit to preserve and perfect diversity jurisdiction."). The Court will thus dismiss Bayer Corporation to preserve subject matter jurisdiction.

This is a CMO 6 Wave 2 case that was selected by Plaintiffs on September 17, 2018. Per CMO 6, an updated, fully complete, and verified PFS was due on October 17, 2018. See CMO No. 6 ¶ 5(a); PTO 13. Despite the passage of four months since this case was selected for Wave 2 work up, Plaintiff still has not provided an updated PFS and an updated PFS remains overdue in this case. Accordingly, Plaintiff's discovery responses do not comply with the Court's orders. Defendants' counsel notified Plaintiff's counsel of Plaintiff's failure to submit an updated and fully complete PFS as required by CMO 6, but Plaintiff has not cured this deficiency by providing an updated PFS. Consequently, the case should be dismissed with prejudice.

Additionally, there is no proper plaintiff. Plaintiff James Embry passed away on or about July 19, 2016—more than two years before this case was selected for Wave 2 workup—and no party has been substituted to pursue the case on Mr. Embry's behalf. See generally Hebel v. Conrail, Inc., 475 N.E.2d 652, 655 (Ind. 1985)(recognizing appointment of personal representative as party plaintiff after original plaintiff's death). Because Plaintiff is deceased and no party has been substituted, the currently named Plaintiff lacks capacity to proceed with this case. In an effort to move the case forward, Defendants' counsel contacted Plaintiff's counsel on January 18, 2019 about the need for a motion to substitute but a motion has not been filed. Absent a lawfully appointed representative, the plaintiff lacks capacity to proceed with this case.

Failure to show cause by appearing before this Court at 9:15 am on March 12, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of Plaintiff's case with prejudice.

New Orleans, Louisiana this 11th day of March, 2019.

_____
United States District Judge