UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION: L |
| This Document Relates To: *Marvin Hensley v. Janssen Research & Development, et al.*; Civil Case No.: 2:15-cv-07138 | JUDGE FALLON |
| | MAG. JUDGE NORTH |

**PLAINTIFF'S RESPONSE AND OBJECTIONS
TO NOTICE OF VIDEO DEPOSITION OF MARVIN HENSLEY**

Comes now the Plaintiff and hereby responds and objects to the Notice of Video Deposition of Marvin Hensley and the request for production listed in Exhibit "A" to the Notice as follows:

Plaintiff objects to that portion of the Notice which states that the deposition "will continue from day to day until completed" on the grounds that the Court's pre-trial orders provide time limitations on the taking of plaintiff depositions in MDL 2592. Accordingly, the defendants may not exceed such time limitations except by agreement of the parties or by order of the Court.

Plaintiff objects generally to each and every request for documents propounded by Defendants to the extent the discovery sought exceeds the scope of discovery allowed under the Federal Rules of Civil Procedure, the Court's Local Rules and/or the Court's Pre-Trial Orders in this litigation.

Plaintiff also generally objects to each and every request for documents propounded by Defendants to the extent they seek discovery beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered Plaintiff Fact Sheet ("PFS"). Plaintiff

has previously completed and served a PFS along with signed authorizations for the release of records to Defendants. Plaintiff has also produced documents responsive to Section IX of the PFS. As such, the Plaintiff further objects to these requests to the extent they are redundant, repetitive or seek documents or information already produced by Plaintiff or that can be obtained by Defendants pursuant to any of the several authorizations that Plaintiff has executed and produced to Defendants.

Lastly, Plaintiff objects to each and every request for documents propounded by Defendants to the extent they seek to impose additional (or different) document and/or ESI preservation obligations on Plaintiff beyond those set forth in the Court's PTO 15 or PTO 15B.

Subject to the foregoing general objections, and incorporating said general objections herein by reference, Plaintiff responds to the individual requests ("Requests") as follows:

1. **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between any attorneys or other agents for Marvin Hensley and any healthcare provider that rendered any care or treatment to Marvin Hensley;**

Plaintiff's Response to Document Request No. 1:

Plaintiff objects to this Request to the extent it seeks documents or information protected from disclosure by the attorney work product doctrine and/or the attorney-client privilege. Plaintiff also objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Additionally, Plaintiff objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court in its prior pre-trial orders. Plaintiff also objects to this Request to the extent that it prematurely seeks the production of documents and/or information outside the timetable established by the Court in its prior pre-

trial orders Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation between *any* attorneys or *other* agents" for Plaintiff and "*any* healthcare provider that rendered *any* care or treatment" to the Plaintiff. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession, custody or control.

2. **All letters, emails, telecopies, or other documents, including any attachments thereto, reflecting any communication regarding this litigation between Marvin Hensley and any healthcare provider that rendered any care or treatment to Marvin Hensley;**

<u>Plaintiff's Response to Document Request No. 2</u>:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*any* communication regarding this litigation" between Plaintiff and "*any* healthcare provider that rendered *any* care or treatment to" Plaintiff. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose

3

documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that there are none.

**3.     All documents or other materials regarding this litigation given by Marvin Hensley, his attorneys and/or agents, to any healthcare provider that rendered any care or treatment to Marvin Hensley;**

Plaintiff's Response to Document Request No. 3:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery and as provided for in the court-ordered PFS.  Plaintiff further objects to this Request to the extent that it seeks the production of documents and/or information beyond that permitted by the Court during this Wave discovery.  Plaintiff also objects to this Request to the extent that it prematurely seeks the production of documents and/or information outside the timetables established by the Court for such discovery in its pre-trial orders.  Additionally, Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* documents or *other* materials regarding this litigation given by Marvin Hensley, his attorneys and/or agents, to *any* healthcare provider that rendered *any* care or treatment to Marvin Hensley**.**"  Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he has no such items in his possession, custody or control.

**4.     All transcripts or other records of any testimony of  Marvin Hensley given under oath at any deposition, hearing, trial, or other proceeding of any kind;**

4

Plaintiff's Response to Document Request No. 4:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during Wave discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* transcripts or *other* records of *any* testimony of Marvin Hensley given under oath at *any* deposition, hearing, trial, or *other* proceeding of *any* kind." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he has no such items in his possession, custody or control.

5. **All e-mails, personal calendars, notes, journals, diaries, or "blogs", whether electronic or paper, made by plaintiff or his direction that relate to Plaintiff's alleged use of Xarelto, medical conditions for which Xarelto was prescribed, the adverse event which is the subject of this lawsuit, and any damages claimed due to Marvin's Hensley alleged exposure to Xarelto;**

Plaintiff's Response to Document Request No. 5:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery period and as provided for in the court-ordered PFS. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that he has no such

items in his possession, custody or control.

6. **All photographs, slides, DVDs or other videos of Marvin Hensley from the time of Plaintiff's first prescription of Xarelto to the present;**

Plaintiff's Response to Document Request No. 6:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery and as provided for in the court-ordered PFS. Plaintiff objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*[a]ll* photographs, slides, DVDs or other videos of Marvin Hensley" over a period of several years. Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection. Plaintiff objects to the Request to the extent that it calls for the production of documents within the control of third parties whose documents are not within Plaintiff's possession, custody or control.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce representative photographs, slides, DVDs or videos in his possession that were made before Plaintiff began taking Xarelto; after Plaintiff began taking Xarelto; and/or, following Plaintiff's bleeding event.

7. **All packaging and unused medicine from the Xarelto Marvin Hensley allegedly used, including such materials in the possession of Plaintiffs' counsel;**

Plaintiff's Response to Document Request No. 7:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery and as provided for in the court-

6

ordered PFS. Plaintiff objects to the Request to the extent that it calls for the production of materials within the control of third parties whose documents are not within Plaintiff's possession, custody or control. Plaintiff further objects to the Request to the extent it would require Plaintiff to turn over original Xarelto packaging and unused medication to the Defendants.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce any Xarelto packaging and unused Xarelto in his possession for inspection and photographing by the Defendants at the deposition site.

8. **All medical, prescription, or other records relating to the allegations in the Complaint and/or the Plaintiff Fact Sheet that are in Marvin Hensley possession and that were not previously provided to defendants by counsel for plaintiff;**

Plaintiff's Response to Document Request No. 8:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably specific insofar as it requests "*other* records." Plaintiff objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession.

9. **All literature, newspaper or magazine articles, letters, booklets, brochures, pamphlets, written directives, package inserts and written material authored or collected by Marvin Hensley or supplied to Marvin Hensley from any source, including but not limited to persons, firms, corporations or governmental entities, relating to (1) Xarelto; (2) Marvin Hensley's alleged injuries; and/or (3) any defendant in this action; and,**

Plaintiff's Response to Document Request No. 9:

Plaintiff objects to this Request to the extent that it seeks the production of documents beyond that permitted by the Court during this Wave discovery and as provided for in the court-ordered PFS. Plaintiff further objects to the extent the Request seeks the production of documents that are not relevant or likely to lead to the discovery of admissible evidence. Plaintiff objects to the extent that this Request calls for the production of documents subject to attorney-client privilege and attorney work-product protection.

Subject to and without waiving the foregoing objections, Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession.

10. **All documents responsive to Section IX of the Plaintiff Fact Sheet that have not been previously provided to defendants by counsel for plaintiff.**

Plaintiff's Response to Document Request No. 10:

Plaintiff states that he will produce documents responsive to this Request to the extent he has any in his possession.

Dated:  March, 15   2019         Respectfully submitted,

>/s/ Michelle A. Parfitt
>Michelle A. Parfitt (VA Bar No. 33650; DC Bar No.: 358592)
>James F. Green (VA Bar No.: 24915; DC Bar No.: 214965)
>Gertrude N. Ngamga Kamtchoum (NY Reg. No.: 55508528)
>mparfitt@ashcraftlaw.com
>jgreen@ashcraftlaw.com
>gkamtchoum@ashcraftlaw.com
>**ASHCRAFT & GEREL, LLP**
>1825 K Street, NW, Suite 700
>Washington, DC 20006
>PH: (202) 783-6400
>FAX: (202) 416-6392
>**Plaintiff's Counsel**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of March, 2019 a copy of the foregoing Plaintiff's Response and Objections to Notice of Video Deposition of Plaintiff was electronically served on Defendants through Defendants' Counsel:

>Stanley E. Blackmon
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
sblackmon@bradley.com

and electronically on the following in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17:

>James B. Irwin
IRWIN FRITCHIE URQUHART & MOORE, LLC
jirwin@irwinllc.com
Served Defendants' Liaison Counsel

>John F. Olinde
CHAFFE McCall, L.L.P
olinde@chaffe.com
Served Defendants' Liaison Counsel

>Andrew K. Solow
ARNOLD & PORTER LLP
Andrew.solow@arnoldporter.com
Served Bayer Defendants' Counsel

>Susan M. Sharko
DRINKER BIDDLE & REATH LLP
susan.sharko@dbr.com
Served Janssen Defendants' Counsel

>*/s/ Michelle A. Parfitt*
**MICHELLE A. PARFITT(VA Bar No. 33650; DC Bar No.: 358592)**