UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCT LIABILITY LITIGATION | MDL 2592 |
| | SECTION L |
| | HONORABLE ELDON E. FALLON |
| **This Document Relates to:** **ALL CASES** | MAG. JUDGE NORTH |

CASE MANAGEMENT ORDER NO. 11 (DOCKET CONTROL ORDER)

For good cause shown, the Court hereby **ORDERS** as follows:

**ALL OBLIGATIONS PURSUANT TO THIS ORDER SHALL BE THE RESPONSIBILITY OF INDIVIDUAL PLAINTIFF'S COUNSEL, OR PLAINTIFF IF SELF-REPRESENTED, AND NOT THE RESPONSIBILITY OF THE PLAINTIFFS' STEERING COMMITTEE.**

I. OBLIGATIONS OF PLAINTIFFS WHO DO NOT PARTICIPATE IN THE SETTLEMENT PROGRAM AND PLAINTIFFS WHO ARE NOT ELIGIBLE TO ENROLL IN THE SETTLEMENT PROGRAM

   A. DEFINITIONS:

      i. "Existing Plaintiff": Plaintiffs who filed suit on or before March 11, 2019.

      ii. "New Plaintiff": Plaintiffs who filed suit after March 11, 2019.

B. All Existing Plaintiffs who do not participate in the Settlement Program (either voluntarily or because they are not eligible to participate) and all New Plaintiffs who are not eligible to participate in the Settlement Program must:

   i. Pay any unpaid MDL filing fees within 14 days after the conclusion of the Settlement Program enrollment period.

   ii. File and serve a completed Short Form PFS and PPCF (both as defined in CMO 8) within later of 60 days following the conclusion of the Settlement Program enrollment period or 30 days of the case being docketed in this Court.

   iii. File and serve updated Short Form PFS and PPCF forms within 60 days of the conclusion of the Settlement Program enrollment period if one is an Existing Plaintiff who does not participate in the Settlement Program or who is ineligible to participate in the Settlement Program for any reason and who previously filed and served their PFS and PPCF.

   iv. Serve on Defendants a case-specific Rule 26(a)(2) report from a licensed physician qualified to render a specific causation opinion and who offers a specific causation opinion to a reasonable degree of medical probability that the plaintiff's alleged injury or event was caused by taking Xarelto® as directed, which opinion is based on a review of such plaintiff's medical records contemporaneous to the prescription and use of Xarelto® and any claimed Xarelto®-related injury and which report shall attach the contemporaneous medical records of that plaintiff.

   v. Pay for the cost of prescriber/treater medical records collected by the Marker Group unless the Parties agree or the Court determines that the entirety of the prescriber and treater's medical records pertaining to such plaintiff have previously been produced to Defendants by that Plaintiff.

B. The case-specific reports required pursuant to Section II(A)(iv) shall be served on Defendants within the following timeframes:

   i. Existing Plaintiff shall serve within one hundred twenty (120) days of the conclusion of the Settlement Program enrollment period.

   ii. New Plaintiff shall serve within the earlier of one hundred twenty (120) days of their case being docketing in this Court or the transmission of this Order by Defendants to New Plaintiffs.

C. Any further proceedings will remain stayed until the filing fees, PFS, PPCF, expert reports, and medical record payment obligations of such Plaintiffs are satisfied as set forth herein.

## II. PRESERVATION NOTICE REQUIREMENT

A. Within forty-five (45) days of the transmission of this Order by Defendants to a New Plaintiff, or within thirty (30) days of the lifting of the stay as it applies to an Existing Plaintiff, counsel for an Existing Plaintiff and/or New Plaintiff shall notify the following individuals or entities, by registered mail, that they may have records relevant to the claim of each Existing Plaintiff and/or New Plaintiff in this MDL Proceeding ("Claim") that they represent, and that any records relating to the Existing Plaintiff or New Plaintiff must be preserved, pending collection by the Existing Plaintiff or New Plaintiff ("Notice" or "Notices"):

   i. All Pharmacies that dispensed any medications to the Plaintiff for the period from January 1, 2012 to the present;

   ii. All Physicians, Medical Facilities, other Healthcare Providers and/or other persons ("Other Providers") who Plaintiff claims provided samples of Xarelto to the Plaintiff;

   iii. All Physicians, Medical Facilities and/or other Healthcare Providers who prescribed Xarelto for the Plaintiff; and

   iv. All Physicians and/or other Healthcare Providers who treated Plaintiff for the period from January 1, 2012 to the present.

B. Within fifty (50) days of the transmission of this Order by Defendants to a New Plaintiff, or within thirty-five (35) days of the lifting of the stay as it applies to Existing Plaintiffs, counsel for an Existing Plaintiff or New Plaintiff shall serve a statement listing the names and addresses of all individuals or entities to which Notices were sent, along with copies of the Notices and a representation that the Notices were sent as required by this Order.

C.    Plaintiffs who fail to fully comply with the requirements of this Order shall be given notice by e-mail (or regular mail to only those individuals representing themselves pro se) from Defendants' Liaison Counsel or his designee, and shall be provided thirty (30) additional days from the date of notice to cure such deficiency ("Cure Period"). No other extensions will be granted, except upon application to the Court for good cause shown. If a Plaintiff fails to cure the deficiency within the Cure Period, Defendant's Liaison Counsel shall identify on the monthly case management conference agenda all Plaintiffs with deficiencies. Any Plaintiff so identified shall be required to Show Cause why the claim should not be dismissed with prejudice for failure to prosecute. The Plaintiff shall thereupon have until the next conference to cure the deficiencies or respond to the request to Show Cause. Any failure to respond within the required period of time shall lead to the dismissal for failure to prosecute of the claim with prejudice, except upon Motion and for good cause shown.

D.    A Plaintiff may be prohibited from seeking to introduce into evidence at trial, or in any opposition to summary judgement or pre- or post-trial motions, any document or information asserting that Xarelto was dispensed by a pharmacy or that Xarelto was provided to the Plaintiff as a sample if a Notice was not sent as directed herein, subject to determination by the Court at a later date. Similarly, a Plaintiff may be prohibited from seeking to introduce into evidence at trial, or in any opposition to summary judgement or pre- or post-trial motions, any document or information concerning a Plaintiff's treatment history, symptoms, condition, injuries or damages if a Notice was not sent as directed herein, subject to determination by the Court at a later date.

E.    A Plaintiff who fails to act in good faith in complying with this Order may also be subject to other sanctions or orders deemed appropriate by this Court.

F.   Defendants may elect to waive the foregoing Notice requirement for any Plaintiff who has already submitted records for Defendants' resolution consideration.

### III.   CERTIFICATION OF COMPLIANCE WITH DISCOVERY REQUIREMENTS

A.   In connection with fulfilling the discovery obligations of this Order, Existing Plaintiffs who do not participate in the Settlement Program or who are ineligible to participate in the Settlement Program for any reason, and all New Plaintiffs, must provide to Defendants, an affidavit of each Plaintiff attesting to the following facts: (i) all records have been collected from all pharmacies that dispensed drugs to, or for, the Plaintiff and have been produced; and (ii) all medical records and reports required to be produced pursuant to this Order have been produced. If any of the documents described herein do not exist, Plaintiff shall state that fact in his or her affidavit and the reason, if known, why they do not exist and provide a "No Records Statement" from the pharmacy or healthcare provider.

B.   Existing Plaintiffs shall produce this affidavit to Defendants within forty-five (45) days of the lifting of the stay of their case, and New Plaintiffs shall produce this affidavit within sixty (60) days of the transmission of this Order by Defendants.

C.   With the exception of the PFS, Plaintiffs shall serve all items set forth above in accordance with the service procedures outlined in Exhibit [__] to this Order.

D.   Notwithstanding the foregoing deadlines, Defendants' obligation to produce Defense Fact Sheets is hereby stayed pending further order of the Court.

E.   The submission of false or intentionally misleading information to satisfy the documentation requirements of this Order shall be subject to appropriate sanctions.

ENTER:

3/25/19
Date

_____
HON. ELDON E. FALLON

**UNITED STATES DISTRICT JUDGE**

6