**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**THIS DOCUMENT RELATES TO:**

*Linda Jones v. Janssen Research & Development LLC, et al.;*
Case No. 2:18-cv-05184.

**RESPONSE TO SHOW CAUSE ORDER REGARDING PLAINTIFFS' ALLEGED FAILURE TO SERVE A CORE SUFFICIENT PLAINTIFF FACT SHEET**

Pursuant to Pre-Trial Order 31(a), this Court entered an Order to Show Cause why certain plaintiffs' actions should not be dismissed with prejudice for alleged failure to serve a core sufficient plaintiff fact sheet in accordance with this Court's Orders.  Order of February 19, 2019 [Rec. Doc. No. 12640].  Plaintiff respectfully responds, through counsel, as follows:

In their written response and during the hearing on March 12, 2019, attorneys for Plaintiff Linda Jones explained that records documenting plaintiff's Xarelto-related bleeding had been provided to defendants and the only alleged deficiency was "Failure to provide Declaration signed by plaintiff, Xarelto user, or Xarelto user's representative."  In addition, counsel advised that they had been unable to contact plaintiff for some time and learned on February 19, 2019 that she had apparently passed away.  Based on these representations, the Court granted counsel additional time, until April 11, 2019, to attempt to locate and contact plaintiff's next of kin.  *See* Order of March 27, 2019 [Rec. Doc. No. 12941].

Counsel thereafter successfully located and contacted plaintiff's daughter and, on April 1

and April 8, 2019, she returned a retainer agreement and additional paperwork. An amended plaintiff fact sheet, along with representative documentation, a copy of the death certificate, and a declaration signed by the representative was submitted on April 8, 2019. As such, the Order to Show Cause should be withdrawn as to this plaintiff.

### 2. Prejudicial dismissal is not an appropriate sanction.

Moreover, under these circumstances, the remedy defendants request – dismissal of plaintiff's actions with prejudice – is not appropriate. The Fifth Circuit has repeatedly emphasized that "[a]lthough the district court's discretion under Rule 37 is broad, … it is not unlimited," and that "dismissal is proper only in situations where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." *Batson v. Neal Spelce Assocs., Inc.,* 765 F.2d 511, 514, 515 (5th Cir. 1985) (remanding for reassessment of sanctions and reconsideration of whether district court should have imposed a "less drastic sanction" than prejudicial dismissal notwithstanding plaintiff's "flagrant" discovery violations including her refusal, in violation of a district court order overruling her motion to quash, to produce subpoenaed financial documents "absolutely necessary to defend against her demand for damages" for nearly a year). Indeed, the Court of Appeals has often characterized dismissal with prejudice as "a draconian remedy, or a remedy of last resort only to be applied in extreme circumstances." *Id.* at 515 (internal quotations omitted). For the reasons stated above, this draconian remedy of last resort is not appropriate here.

WHEREFORE, Plaintiff Linda Jones respectfully requests, through counsel, that the Order to Show Cause should be withdrawn. Failing that, plaintiff requests, through counsel, that any dismissal be without prejudice.

Signed: April 10, 2019            Respectfully submitted,

By:     */s/ Christopher J. Quinn*          
        Christopher J. Quinn
        THE DRISCOLL FIRM, P.C.
        211 N. Broadway, 40th Floor
        St. Louis, MO 63102
        Tel: (314) 932-3232
        Fax: (314) 932-3233
        chris@thedriscollfirm.com
        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 10, 2019, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                              */s/ Christopher J. Quinn*          
                              Christopher J. Quinn
                              THE DRISCOLL FIRM, P.C.
                              211 N. Broadway, 40th Floor
                              St. Louis, MO 63102
                              Tel: (314) 932-3232
                              Fax: (314) 932-3233
                              chris@thedriscollfirm.com

                              *Attorneys for Plaintiff*