L. Paul Mankin (SBN 264038)
pmankin@paulmankin.com
**LAW OFFICES OF L. Paul Mankin**
4655 Cass Street, Suite 410
San Diego, CA 92109
Telephone: (800) 219-3577
Facsimile: (323) 207-3885
*Attorney for Plaintiff Charles Gambo*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN)<br><br>THIS DOCUMENT RELATES TO:<br><br>*Gambo v. Janssen Research & Development LLC, et al.;* Case No. 2:18-cv-09132-EEF-MBN | **MDL 2592**<br>**SECTION L**<br>**JUDGE ELDON E. FALLON**<br>**MAGISTRATE JUDGE NORTH**<br>SUBMISSION DATE: MAY 15, 2019 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSED MOTION FOR EXTENSION OF TIME FOR SERVICE OF DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS, INC.**

The Plaintiff in the above referenced Complaint hereby submits this Memorandum of Points and Authorities in support of his Motion for Extension of Time for Service of Defendant Bayer Healthcare Pharmaceuticals, Inc., through the streamlined process as set forth in this Court's Pre-Trial Order No. 10.

### LEGAL STANDARD

The Court must extend the time for service if Plaintiff can show good cause for the delay in service. Fed. R. Civ. Proc. 4(m); *see also Thompson v. Brown,* 91 F. 3d 20, 21 (5th Cir. 1996). Good cause exists where a plaintiff makes a showing

1

of "some reasonable basis for noncompliance within the time specified." *Lambert v. U.S.*, 44 F.3d 296, 299 (5th Cir. 1995) (*citing Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

Even absent good cause shown, the Supreme Court of the United States has made clear that Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown" for any delay in service. *Henderson v. U.S.*, 517 U.S. 654, 658 n5 (1996). *See also Thompson,* 91 F.3d 20, 21 (5th Cir. 1996) ("the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Finally, even if a court decides to dismiss suit pursuant to Rule 4(m), it cannot do so with prejudice. *See Bann v. Ingram Micro, Inc.,* 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120-day requirement.").

## ARGUMENT

On or about October 2, 2018, Plaintiff Charles Gambo (hereinafter "Plaintiff") filed his Complaint by and through the undersigned counsel at The Law Office of Paul Mankin, APC, (hereinafter "Plaintiff's Counsel") against the manufacturers of Xarelto. Dkt. 1. On October 3, 2018, the Clerk of the Court issued the summonses against all Defendants in this matter. Dkt. 3. On or about November 7, 2018, Plaintiff's Counsel attempted to effectuate service of process on Bayer Healthcare Pharmaceuticals, Inc ("BHCP") in accordance with Fed. R. Civ. P. 4 and this Court's Pre-Trial Order No. 10 (Case No. 2:14-md-02592, Dkt. No. 357) ("PTO 10"). Pursuant to PTO 10, a copy of the summons and complaint was served on BHCP via Certified Mail, Return Receipt Requested, addressed to SOP, CSC, Suite 400, 2711 Centerville Road, Wilmington, DE 19808. *See* Declaration of Paul Mankin ("Mankin Dec.") at ¶ 6. The attempted service of BHCP was timely but the service address was not proper for BHCP at that time.

On October 10, 2018, the Court's PTO 10 was amended and noted a change in address at which to serve BHCP. *See* PTO 10 (case No. 2:14-md-02592, Dkt. No. 11124). Plaintiff's Counsel mistakenly relied on the original PTO 10 posted on the Court's website for the service address for BHCP and did not see the amended PTO 10 until after the sixty (60) day deadline to serve BHCP. *See* Mankin Dec. ¶ 8. In an attempt to rectify Plaintiff's Counsel's failure to serve BHCP at the proper address, on February 13, 2019, Plaintiff's Counsel served BHCP the summons and complaint via Certified Mail, Return Receipt Requested at the proper address of SOP Department, CSC, 251 Little Falls Drive, Wilmington, DE 19808. See Mankin Dec. ¶ 9. By doing so, Plaintiff's Counsel served BHCP with the summons and complaint at the proper address but Plaintiff's Counsel's service on BHCP was not timely.

Plaintiff submits that he has made the requisite showing of good cause for the delay in service. Plaintiff's Counsel attempted to properly serve Defendant BHCP within the sixty (60) day time period and without delay. Unfortunately, Plaintiff's Counsel made an error in the address used to effectuate service of Defendant BHCP. The mistaken address used by Plaintiff's Counsel was not a random address. It was the address where BHCP accepted service at for several years prior to October 10, 2018 in this litigation. Plaintiff's Counsel only erred in not using the proper address that was amended approximately one month before the attempted service. Plaintiff's Counsel's mistake was made in good faith that has caused no prejudice to Defendant BHCP. Moreover, Plaintiff's Counsel attempted to rectify the improper service by serving BHCP at the proper address on February 13, 2019.

Plaintiff further submits that this Court should exercise its discretion here and extend time for service of the Complaint in this matter, even if it finds that good

cause has not been shown, because the circumstances here justify an exercise of the Court's discretion to grant an extension. No harm or prejudice would befall BHCP in this matter should the requested extension be granted, nor would any delay in this litigation occur. In the alternative, we request the Court deem Plaintiff's complaint and summons properly served. The service of the complaint and summons with the timely and untimely mailings to the two addresses of BHCP provided sufficient notice of the lawsuit and did not result in any harm or prejudice to Defendant BHCP.

Failure to grant Plaintiff's requested extension would only serve to further delay this litigation. Courts within the Fifth Circuit have exercised their discretion and extended the time for service in the absence of good cause, realizing that failing to do so would only serve to further the delay of the litigation and that granting such an extension is in the spirit of hearing cases on the merits and not dismissing them on technicalities. *See Estate of White v. Hartford Life & Accident Ins. Co.,* no. 4:07-cv-00145, 2007 U.S. Dist. LEXIS 99215, *14-15, 2007 WL 7217079 (S.D.Tex. Oct. 11, 2007). *See also People's Workshop, Inc. v. Fed. Emergency Mgmt. Agency*, 2018 U.S. Dist. LEXIS 52901, *22, 2018 WL 1528191 (M.D. La. March 28, 2018).

## CONCLUSION

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant this motion and order an extension of time for service on Defendant BHCP allowing for the streamlined service of BHCP within sixty (60) days from the date of the order as outlined by this Court's PTO 10, or in the alternative deem the complaint and summons timely served on Defendant BHCP.

By:   /s/ L. Paul Mankin
L. Paul Mankin