L. Paul Mankin (SBN 264038)
pmankin@paulmankin.com
**LAW OFFICES OF L. Paul Mankin**
4655 Cass Street, Suite 410
San Diego, CA 92109
Telephone: (800) 219-3577
Facsimile: (323) 207-3885
*Attorney for Plaintiff Jim Haupt*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) | **MDL 2592** |
| THIS DOCUMENT RELATES TO: | **SECTION L** |
| | **JUDGE ELDON E. FALLON** |
| *Jim Haupt v. Janssen Research & Development LLC, et al.;* *No.* 2:18-cv-09469-EEF-MBN | **MAGISTRATE JUDGE NORTH** |
| | SUBMISSION DATE: MAY 15, 2019 |

### DECLARATION OF PAUL MANKIN IN SUPPORT OF MOTION TO EXTEND SERVICE ON DEFENDANT BAYER HEALTHCARE PHARMACEUTICALS, INC.

I, PAUL MANKIN, am an attorney duly admitted to practice law in the Courts of California, declare the truth of the following, pursuant to 28 U.S. Code Section 1746, under the penalties of perjury:

1. I am the founder of the Law Office of Paul Mankin, APC, attorney for Plaintiff Jim Haupt ("Movant"), in the above-captioned matter, and as such, I am fully familiar with the facts and circumstances at issue herein.

1

2. I submit this declaration in support of Plaintiff's Motion to Extend Time for Service on Defendant Bayer Healthcare Pharmaceuticals, Inc.

3. On October 12, 2018, Plaintiff, Jim Haupt, by and through the undersigned counsel, filed the complaint against the manufacturers of Xarelto for damages sustained from injuries suffered by Plaintiff resulting from Plaintiff's use of Xarelto. Dkt. No. 1.

4. On or about October 12, 2018 the summonses for all named Defendants in this matter were issued by the Clerk of Court. Dkt. No. 3.

5. Pursuant to the Court's Pre-Trial Order No. 10 (Case No. 2:14-md-02592, Dkt. No. 357) ("PTO 10"), Plaintiff was to effectuate service of the Summons and Complaint on Defendant Bayer Healthcare Pharmaceuticals, Inc. ("BHCP") within sixty (60) days from the docketing of the Complaint in the MDL, which is on or before December 11, 2018.

6. On or about December 4, 2018, Plaintiff attempted service of the Summons and Complaint on BHCP within the sixty (60) day period. A true and correct copy of the certified mail, return receipt requested, dated December 4, 2018, and addressed to SOP Department, CSC, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 is attached here as Exhibit 1.

7. On or about October 10, 2018, this Court's PTO 10 was amended, and for the first time, indicated that the address at which to effectuate service of process on BHCP pursuant to PTO 10 was "SOP Department, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808." (Case No. 2:14-md-02592, Dkt. No. 11124).

8. On information and belief, the associate at my firm who was in charge

of service, mistakenly relied on the Pretrial Orders listed on the Court's website for service information for BHCP rather than relying on the Pretrial Orders entered and docketed in Case No. 2:14-md-002592. Consequently, the proper service address for BHCP was not updated pursuant to the amended PTO 10 on October 10, 2018. It should be noted that the associate that was in charge of service has since left the firm for unrelated reasons. Otherwise, a declaration from this former associate would also be included with this Motion.

9. On or about February 13, 2019, Plaintiff served the summons and complaint on BHCP via certified mail, return receipt requested to SOP Department, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. A true and correct copy of the letter from Defendant acknowledging receipt of the Summons and Complaint on February 19, 2019, is attached as Exhibit 2.

10. I met and conferred with defense counsel in attempt to avoid filing this motion and resolving the late service issue by explaining that service of BHCP was attempted by timely sending the complaint and summons to the prior agreed upon address. I further explained that upon recognizing this service error, the Complaint and Summons were served to the proper address by certified mail return, return receipt requested, on February 13, 2019, and received on February 19, 2019. Defense counsel and I could not come to an agreement and defense counsel indicated this motion would be opposed.

11. I respectfully request that Plaintiff be granted an extension of time to effectuate proper service on Defendant BHCP and request that this Court extend the time to serve BHCP to sixty (60) days from the date of the

entry of the Order on this motion, or in the alternative an order deeming service of the complaint in this matter to be timely served.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:      <u>April 17, 2019</u>             Signed:      <u>/s/ L. Paul Mankin</u>
                                                                          L. Paul Mankin