UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO: | : : | |
| *All Cases Listed on Attached Exhibit A* | : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER
TO SHOW CAUSE REGARDING PLAINTIFFS' FAILURE TO COMPLY
WITH THE SUPPLEMENTAL REGISTRATION REQUIREMENTS
OF CASE MANAGEMENT ORDER NO. 10**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development LLC, Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why the actions of the Plaintiffs listed on the attached Exhibit A should not be dismissed with prejudice for failure to comply with the registration requirements of Case Management Order ("CMO") No. 10.

This Court entered CMO No. 10 on March 25, 2019. CMO No. 10 includes, *inter alia*, registration requirements for all Xarelto cases filed in this MDL. As explained in CMO No. 10, registration information about the cases filed in this MDL is necessary "[i]n order for th[e] Court . . . to cooperatively manage this litigation and to assist the Parties to effectuate the provisions of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC") and Defendants Janssen and Bayer." *See* CMO No. 10 at 1.

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

Pursuant to CMO No. 10, Plaintiffs in this MDL had to provide basic registration information about each case via MDL Centrality, either by April 9, 2019 (for plaintiffs represented by counsel) or by April 24, 2019 (for *pro se* plaintiffs). *See* CMO No. 10 ¶¶ 2(B)(2), 3. Plaintiffs then had to provide additional supplemental information about their cases via MDL Centrality, including:

1. The date of the Xarelto-user's first prescription of Xarelto;

2. The date of the first alleged injury or bleeding event the Plaintiff claims is due to Xarelto use as prescribed;

3. Whether the Xarelto user was taking two other anticoagulation medicines (prescription and/or OTC) or another P2Y12 in addition to Xarelto at the time of the alleged injury or bleeding event;

4. Whether the Xarelto user was on 20 mg of Xarelto for VTE prevention for longer than six months;

5. The number of consecutive days of hospitalization the Xarelto user incurred allegedly due to Xarelto use;

6. Whether the claim pertains to a Xarelto-user who suffered a CVA (i.e., stroke) while taking Xarelto; and

7. Whether the claim pertains to a Xarelto-user who died allegedly as a result of taking Xarelto.

*See* CMO No. 10 ¶ 2(C). This information was due no later than June 10, 2019. *See id*.

Paragraph 6 of CMO No. 10 reiterates that ***all*** counsel and *pro se* plaintiffs are required to comply with the requirements of CMO 10. Paragraph 6 also put all plaintiffs on notice that "[f]ailure to comply with the requirements [of CMO No. 10] will subject the non-compliant plaintiff's action to dismissal with prejudice after adequate due process notice and a show cause hearing as to the reason for such failure to register cases." CMO No. 10 ¶ 6(a).

Each of the Plaintiffs on the attached Exhibit A has failed to provide the requisite supplemental registration information that was due no later than June 10, 2019. Plaintiffs were

notified of this deficiency at least as early as June 13, 2019 via communication from BrownGreer to Plaintiffs' Liaison Counsel, but they still have not provided the supplemental registration information required by CMO No. 10.

The supplemental registration information required by CMO No. 10 is necessary in order to manage the litigation. This information is now more than eight weeks overdue for the cases listed on Exhibit A, and the failure to provide this information is inexcusable.

Therefore, the Plaintiffs listed on the attached Exhibit A should be ordered to show cause at **8:30 am CT on August 28, 2019**, before the Court as to why their cases should not be dismissed with prejudice.

        Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/Andrew Solow*
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*

    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 7, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Kim E. Moore*

**Kim E. Moore**