UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO: | : : | |
| *All Cases Listed on Attached Exhibit A* | : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

### ORDER TO SHOW CAUSE REGARDING PLAINTIFFS' FAILURE TO COMPLY WITH THE SUPPLEMENTAL REGISTRATION REQUIREMENTS OF CASE MANAGEMENT ORDER NO. 10

Plaintiffs listed on the attached Exhibit A have filed a lawsuit regarding the medication Xarelto®, which is currently pending in this MDL No. 2592, *In re: Xarelto (Rivaroxaban) Products Liability Litigation*. This Court entered CMO No. 10 on March 25, 2019. CMO No. 10 includes, *inter alia*, registration requirements for all Xarelto cases filed in this MDL. As explained in CMO No. 10, registration information about the cases filed in this MDL is necessary "[i]n order for th[e] Court . . . to cooperatively manage this litigation and to assist the Parties to effectuate the provisions of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC") and Defendants Janssen and Bayer." *See* CMO No. 10 at 1.

Pursuant to CMO No. 10, Plaintiffs in this MDL had to provide basic registration information about each case via MDL Centrality, either by April 9, 2019 (for plaintiffs represented by counsel) or by April 24, 2019 (for *pro se* plaintiffs). *See* CMO No. 10 ¶¶ 2(B)(2), 3. Plaintiffs then had to provide additional supplemental information about their cases via MDL Centrality, including:

1

1. The date of the Xarelto-user's first prescription of Xarelto;

2. The date of the first alleged injury or bleeding event the Plaintiff claims is due to Xarelto use as prescribed;

3. Whether the Xarelto user was taking two other anticoagulation medicines (prescription and/or OTC) or another P2Y12 in addition to Xarelto at the time of the alleged injury or bleeding event;

4. Whether the Xarelto user was on 20 mg of Xarelto for VTE prevention for longer than six months;

5. The number of consecutive days of hospitalization the Xarelto user incurred allegedly due to Xarelto use;

6. Whether the claim pertains to a Xarelto-user who suffered a CVA (i.e., stroke) while taking Xarelto; and

7. Whether the claim pertains to a Xarelto-user who died allegedly as a result of taking Xarelto.

*See* CMO No. 10 ¶ 2(C).  This information was due no later than June 10, 2019.  *See id*.

Paragraph 6 of CMO No. 10 reiterates that ***all*** counsel and *pro se* plaintiffs are required to comply with the requirements of CMO 10.  Paragraph 6 also put all plaintiffs on notice that "[f]ailure to comply with the requirements [of CMO No. 10] will subject the non-compliant plaintiff's action to dismissal with prejudice after adequate due process notice and a show cause hearing as to the reason for such failure to register cases."  CMO No. 10 ¶ 6(a).

Each of the Plaintiffs on the attached Exhibit A has failed to provide the requisite supplemental registration information that was due no later than June 10, 2019.  Plaintiffs were notified of this deficiency at least as early as June 13, 2019 via communication from BrownGreer to Plaintiffs' Liaison Counsel, but they still have not provided the supplemental registration information required by CMO No. 10.  The supplemental registration information required by CMO No. 10 is necessary in order to manage the litigation and is now more than eight weeks overdue for the cases listed on Exhibit A.

Failure to show cause by appearing before this Court at 8:30 a.m. CT on August 28, 2019, in Courtroom C-456 U.S. Federal Building, 500 Poydras Street, New Orleans, Louisiana, will result in dismissal of plaintiff's case with prejudice.

New Orleans, Louisiana, on this \_\_\_ day of _____ 2019.

_____
United States District Judge