UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 2592 |
| | | SECTION: L |
| | | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | MAG. JUDGE NORTH |

**PRETRIAL ORDER NO. 32A**
**(Superseding Order on Service of Process on Defendants)**

Upon agreement of the parties, and for good cause shown, the Court Orders that Pretrial Order 32 (Rec. Doc. 14268) is vacated and superseded by this Pretrial Order No. 32A. Parties and their counsel are advised that the two orders are identical except as to the applicable dates.

1. With respect to MDL Plaintiffs whose deadline for service of process on Defendants has not expired, the deadline for service is extended to the last date for Plaintiffs to enroll in the Settlement Program, *i.e.*, September 4, 2019. If the MDL Plaintiff does not enroll in the Settlement Program, service of process on Defendants must be effectuated no later than thirty (30) days following the enrollment deadline, *i.e.*, by October 4, 2019. If the MDL Plaintiff enrolls in the Settlement Program, the time for service of process on Defendants will be further extended until the Settlement Decision Date as defined in Paragraph 4, below. If the Settlement Agreement goes forward on the Settlement Decision Date, service of process on Defendants will not be required for those MDL Plaintiffs participating in the Settlement Program. If the Settlement Agreement does not go forward on the Settlement Decision Date, service of process on Defendants must be effectuated no later than sixty (60) days following the Settlement Decision Date.

2.      With respect to MDL Plaintiffs whose time to serve Defendants with process has already expired, the deadline for service is not extended by this Order.  However, Defendants stipulate not to seek dismissal of the complaint, or to seek dismissal of any unserved Defendant, before the last date for Plaintiffs to enroll in the Settlement Program, *i.e.* September 4, 2019.  If the MDL Plaintiff does not enroll in the Settlement Program, Defendants may seek dismissal of the complaint or of the unserved Defendants by an Order to Show Cause at any time after the enrollment deadline, *i.e.*, September 4, 2019.  If the MDL Plaintiff enrolls in the Settlement Program, Defendants further stipulate not to seek dismissal of the complaint, or to seek dismissal of any unserved Defendant, before the Settlement Decision Date as defined in paragraph 4, below.  If the Settlement Agreement goes forward on the Settlement Decision Date, service of process on Defendants will not be required for those MDL Plaintiffs participating in the Settlement Program.  If the Settlement Agreement does not go forward on the Settlement Decision Date, Defendants may seek dismissal of the complaint or of the unserved Defendants by Order to Show Cause at any time after the Settlement Decision Date.

3.      An MDL Plaintiff deemed ineligible to participate in the Settlement Program will be subject to the same procedures and deadlines regarding service of process on Defendants (set forth in paragraphs 1 and 2, above) as that of an MDL Plaintiff who does not enroll in the Settlement Program, except that the applicable deadline in cases where Plaintiff has appealed the determination of ineligibility to the Special Master will be the date on which a final determination of ineligibility has been made under the Settlement Program.

4.      For purposes of this Order, Settlement Decision Date shall mean the earliest of the following dates: (a) the date on which Defendants confirm that they will proceed with the Settlement Agreement, (b) the date on which Defendants' walkaway rights expire under the

Settlement Agreement without Defendants having exercised such rights, or (c) the date on which Defendants exercise their walkaway rights under the Settlement Agreement. Defendants and the Plaintiffs' Steering Committee shall file a notice with the Court within 24 hours of the Settlement Decision Date so that the Court and MDL Plaintiffs may be advised whether the Settlement Agreement has become final and will proceed.

5. This Order supersedes the following prior Orders regarding the extension of the deadline for service of process: The May 7, 2019 Order (Rec. Doc. 13472) and the June 14, 2019 Order (Rec. Doc. 13766).

6. Pretrial Order No. 10 (Rec. Doc. 357) as amended by Pretrial Order Nos. 10A (Rec. Doc. 3528), 10B (Rec. Doc. 3894) and 10C (Rec. Doc. 11124 and 12442), regarding streamlined service on certain Bayer Defendants, shall remain in effect.

7. Nothing in this Order precludes an MDL Plaintiff from serving process earlier than the deadlines set forth herein. The effect of any attempted service of process after the deadline for service has expired will be determined by the Court at a later time. All parties reserve their respective rights and positions regarding any attempt to serve after the expiration of the deadline for service of process.

8. This Order governs service of process on Defendants in this MDL and shall have no effect on state court proceedings.

**IT IS SO ORDERED**.

New Orleans, Louisiana, this 6th day of August, 2019.

**HONORABLE ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**