UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCT LIABILITY LITIGATION | MDL 2592 |
| | SECTION L |
| | HONORABLE ELDON E. FALLON |
| **This Document Relates To: ALL CASES** | MAG. JUDGE NORTH |

**CASE MANAGEMENT ORDER NO. 12B**
**(Proceedings to Enforce CMOs 12 and 12A)**

This Court was designated as the Transferee Court for MDL 2592 on December 17, 2014, and since that time, significant and continuous work has been conducted by the parties. This includes extensive fact discovery directed to the Defendants as well as to an extensive number of individual plaintiffs, the exchange of expert reports, expert depositions, extensive motion practice and three bellwether trials. Three trials also were conducted in Pennsylvania state court.

On March 25, 2019, the Plaintiffs' Steering Committee (PSC) and Defendants advised the Court that they had reached a private settlement agreement to resolve this litigation. Under the parties' agreement, plaintiffs in this MDL had until August 5, 2019 to enroll in the Settlement Program, a date the parties later extended to September 4, 2019.

On March 25, 2019, as a matter of docket control, the Court entered CMO 12 requiring plaintiffs who do not enroll in the Settlement to file with MDL Centrality a Notice of Intent to Proceed. The Notice of Intent to Proceed was required to be signed personally by the plaintiff or his or her legal representative, and the plaintiff (or his or her representative) had to represent that he or she was willing to comply with the Court's scheduling orders including CMO 11.

On August 8, 2019, the Court entered CMO 12A notifying plaintiffs that the extension of the enrollment date from August 5, 2019 to September 4, 2019 did not extend the August 19, 2019 deadline for plaintiffs intending to litigate rather than participate in the settlement. CMO 12A excused from compliance only those plaintiffs who in good faith intended to enroll in the settlement by September 4, 2019, provided that they had requested from the Claims Administrator an extension until September 4, 2019 to complete their settlement paperwork.

The Court is advised by the PSC and Defendants that the overwhelming majority of plaintiffs who have made an election have opted to enroll in the Settlement Program. The Court also is advised that a relatively small number of plaintiffs have filed a Notice of Intent to Proceed with the litigation.

The Court is further advised, however, that a significant number of plaintiffs have not complied with CMOs 12 and 12A in that they have neither enrolled in the settlement, nor dismissed their actions with prejudice, nor filed a Notice of Intent to Proceed.

In order to effectively manage future proceedings in this litigation, the Court needs to obtain an accurate census of those plaintiffs who desire to litigate their cases rather than participate in the settlement. In this regard, the Court needs to distinguish between those plaintiffs who genuinely intend to prosecute their actions from those who are non-responsive and have abandoned their claims. Absent a showing of good cause, the Court will treat plaintiffs who have not complied with CMO 12A—by neither enrolling in the settlement, nor dismissing their claims, nor filing a Notice of Intent to Proceed—as having abandoned their claims.

Additionally, as the settlement is conditioned upon attainment of specified participation rates, the parties need to know whether those who have not taken any action intend to pursue their claims, in order to determine whether the settlement will be implemented and in order for the Court to chart the future course of proceedings. Accordingly;

**IT IS HEREBY ORDERED** that:

1. No later than September 10, 2019, the PSC and Defendants shall prepare a list of those plaintiffs, if any, not opting to participate in the settlement and have failed to file a Notice of Intent to Proceed.

2. If any plaintiffs are identified in response to paragraph 1, the Court shall issue an Order to Show Cause, returnable at 8:30 a.m. central time on September 25, 2019, requiring plaintiffs who have not complied with CMO 12A to demonstrate why their cases should not be dismissed with prejudice.

   a. The hearing scheduled for September 25, 2019 at 8:30 a.m. shall be held at the U.S. District Courthouse, Courtroom C-468, 500 Poydras Street, New Orleans, Louisiana 70130.

   b. Plaintiffs' counsel will be required to appear in person. Telephone attendance by counsel will not be permitted.

   c. Plaintiffs (or their representatives) also will be required to appear in person; provided, however, that: (i) a plaintiff spouse asserting only a loss of consortium claim is not required to attend if the plaintiff who was the Xarelto user appears in person, (ii) a plaintiff spouse may attend in place of the plaintiff who is the Xarelto user if the Xarelto user is unable to attend, and (iii) the Court will entertain a written application by the plaintiff(s) or their representative to be excused from personal attendance at the hearing if a motion is made by September 18, 2019 demonstrating with particularity for that particular plaintiff that for medical necessity or other compelling reason the specific plaintiff or representative is unable to attend in person; if the case is brought on behalf of both the plaintiff who is a Xarelto user and the spouse, the application must show good cause for both the Xarelto user and the spouse to be excused.

3. Attendance at the hearing will be excused, based on a contention that plaintiff timely complied with CMO 12A only if the PSC and Defendants stipulate that the plaintiff is in compliance.

4. Absent good cause shown in response to the Order to Show Cause referenced above, the Court shall deem the failure to file a Notice of Intent to Proceed in violation of CMO 12A to be an abandonment of the case and shall dismiss it with prejudice.

New Orleans, Louisiana, this 28th of August, 2019.

_____
**HONORABLE ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**