UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROD GIVEN, JR., Individually and as Special Administrator of the ESTATE OF RODERICK RAY GIVEN, SR. <br><br> Plaintiffs, <br> v. <br><br> JANSSEN RESEARCH & DEVELOPMENT, LLC f/k/a JOHNSON AND JOHNSON PHARMACEUTICALS RESEARCH AND DEVELOPMENT LLC; JOHNSON & JOHNSON COMPANY; JANSSEN ORTHO, LLC; JANSSEN PHARMACEUTICALS, INC., f/k/a ORTHO- MCNEIL-JANSSEN PHARMACEUTICALS, INC.; BAYER CORPORATION; BAYER AG; BAYER HEALTHCARE LLC; and BAYER HEALTHCARE PHARMACEUTICALS INC., <br><br> Defendants. | CIVIL ACTION NO. MDL No. 2592 <br><br> Section L <br><br> Member case No.: 2:17-cv-09288 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE OF SUMMONS AND COMPLAINT ON JANSSEN RESEARCH & DEVELOPMENT, LLC F/K/A JOHNSON AND JOHNSON PHARMACEUTICALS RESEARCH AND DEVELOPMENT LLC; JOHNSON & JOHNSON COMPANY, JANSSEN ORTHO, LLC; JANSSEN PHARMACEUTICALS, INC. F/K/A ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., BAYER CORPORATION; BAYER AG; BAYER HEALTHCARE LLC; AND BAYER HEALTHCARE PHARMACEUTICALS, INC.**

AND NOW, come the Plaintiffs, Rod Given, Jr., Individually and as Special Administrator of the Estate of Roderick Ray Given, Sr., by and through counsel, Steven Pate Harrelson, Esquire and Harrelson Law Firm, P.A., and file the following Memorandum in Support of Motion for Extension of Time to Effectuate Service on Summons and Complaint on

- 1 -

(1) Janssen Research & Development, LLC f/k/a Johnson and Johnson Pharmaceuticals Research and Development, LLC; (2) Johnson & Johnson Company; (3) Janssen Ortho, LLC; (4) Janssen Pharmaceuticals, Inc., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc.; (5) Bayer Corporation; (6) Bayer AG; (7) Bayer Healthcare LLC; and (8) Bayer Healthcare Pharmaceuticals, Inc. pursuant to FRCP 4(m) and 6(b), and, in support thereof, aver as follows:

## *Background*

Plaintiffs filed a Complaint alleging injuries and death from the use of Xarelto in the United States District Court for the Western District of Arkansas, No. 2:17-cv-02145 on August 24, 2017 against numerous Defendants including (1) Janssen Research & Development, LLC f/k/a Johnson and Johnson Pharmaceuticals Research and Development, LLC; (2) Johnson & Johnson Company; (3) Janssen Ortho, LLC; (4) Janssen Pharmaceuticals, Inc., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc.; (5) Bayer Corporation; (6) Bayer AG; (7) Bayer Healthcare LLC; and (8) Bayer Healthcare Pharmaceuticals, Inc. (hereinafter referred to "Defendants").

Plaintiff's began litigating the cause of action through the registration of an account through the BrownGreer MDL Centrality Portal for Xarelto Plaintiffs in this cause of action pursuant to the controlling Pre-Trial Order. Plaintiffs further completed and submitted a Plaintiff Fact Sheet, only to learn that service of the Summons and Complaint were not perfected.

During this period of time, Plaintiffs' counsel had been in contact with the Defendants' Liaison Counsel, and the defense is aware of this cause of action.

In response to the deficiency notice received through MDL Centrality, setting forth that the Defendants not having been served, containing no reference to the Court's PTO No. 10 or

10B, Plaintiffs file this motion to obtain authority to serve the Defendants with a Notice of Lawsuit and Request to Waive Service of Summons, Waiver of the Service of Summons and Complaint.

Plaintiffs hereby request under Fed. R. Civ. 4(m), a 60-day extension of time in which to effectuate service on the Defendants.

### *The Court Should Exercise Its Discretionary Authority to Extend the Time Period for Serving (1) Janssen Research & Development, LLC f/k/a Johnson and Johnson Pharmaceuticals Research and Development, LLC; (2) Johnson & Johnson Company; (3) Janssen Ortho, LLC; (4) Janssen Pharmaceuticals, Inc., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc.; (5) Bayer Corporation; (6) Bayer AG; (7) Bayer Healthcare LLC; and (8) Bayer Healthcare Pharmaceuticals, Inc.*

Under Fed. R. Civ. P. 4, if a Plaintiff shows good cause for failure to serve within the specified time period, the Court can extend the time for service for an appropriate period of time. Although Rule 4(m) allows a Plaintiff ninety (90) days to serve a Defendant after a Complaint is filed, Courts may alternatively issue an Order that service be made within a specified time. Fed. R. Civ. P. 4(m). The statutory deadline for service does not generally apply to service in a foreign country under Rule 4(f), 4(h)(2) or 4(j)(1). See Rule 4(m). See also Lozano v. Bosdet, 693 F.3d 486, 486 (5th Cir. 2012) (Most Courts faced with a challenge to the timeliness of foreign service have applied a "flexible due diligence" standard to determine whether they should be excused.) Further, the Court has discretion to decide that a permissive extension is appropriate. See United States v. Ligas, 549 F. 3d 497, 501 (7th Cir. 2008), citing Henderson v. United States, 517 U.S. 654, 662-63 (1996). If a Plaintiff establishes good cause for failing to serve a Defendant, the Court should allow additional time for service, and even if good cause is lacking, the Court has discretionary power to extend time for service. See Thompson v. Brown, 91 F. 3d 20, 21 (5th Cir. 1996). Such relief may be warranted by consideration of the "arguments and factors advanced by the Plaintiff, and paying particular attention to the critical factor such as

the running of a state of limitations." Cardenas v. City of Chi, 646 F.3d 1001, 1007 (7th Cir. 2011) citing Panaras v. Liquid Carbonic Indus. Corp., 94 F. 3d 338, 341 (7th Cir. 1996). A Court may also consider other relevant factors, including "prejudice to the Defendant, actual notice of a lawsuit and eventual service." Troxell v. Fedders of N.A. Inc., 160 F.3d 381, 383 (7th Cir. 1998).

As set forth in the accompanying Motion, Plaintiffs prepared and filed the necessary Plaintiff Fact Sheet in accordance with PTO Nos. 13A and 14A. Counsel was not aware of the Court's PTO #10 and 10B setting forth a process for streamline service. Plaintiffs have demonstrated their intention however of pursuing their claims as to the Defendants and would be severely prejudiced due to the Statute of Limitations issue, should the requested relief not be granted. The Xarelto MDL involves at least thousands of Plaintiffs who have filed claims virtually identical to the lawsuit filed by Plaintiffs and the Defendants herein are on actual notice of said lawsuits and will suffer no prejudice by this Court in granting the within Motion. Plaintiffs have not acted in bad faith in delaying service of the Complaint and Summons. Defendants will not be prejudiced by the requested extension, as Defendants have had notice of the actual lawsuit. Plaintiffs request that this Court exercise its discretionary power to extend the time for service.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the within Motion to extend the time for serving (1) Janssen Research & Development, LLC f/k/a Johnson and Johnson Pharmaceuticals Research and Development, LLC; (2) Johnson & Johnson Company; (3) Janssen Ortho, LLC; (4) Janssen Pharmaceuticals, Inc., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc.; (5) Bayer Corporation; (6) Bayer AG; (7) Bayer Healthcare LLC; and (8) Bayer Healthcare Pharmaceuticals, Inc.

RESPECTFULLY SUBMITTED:

September 30, 2019

BY: _____
Steve Harrelson
La. Bar Roll No. 28361
HARRELSON LAW FIRM, P.A.
1321 Scott Street
Little Rock, Arkansas  72202-5051
Tel.: (501) 476-3012
Fax: (870) 772-0302
E-Mail: steve@harrelsonfirm.com
Attorney for Plaintiff Rod Given

**JURY TRIAL DEMANDED**

**CERTIFICATE OF SERVICE**

I, Steven Pate Harrelson, Esquire, hereby certify on September 30, 2019, that a true and correct copy of the above and foregoing Motion for Extension of Time to Effectuate Service of Summons and Complaint on (1) Janssen Research & Development, LLC f/k/a Johnson and Johnson Pharmaceuticals Research and Development, LLC; (2) Johnson & Johnson Company; (3) Janssen Ortho, LLC; (4) Janssen Pharmaceuticals, Inc., f/k/a Ortho-McNeil-Janssen Pharmaceuticals, Inc.; (5) Bayer Corporation; (6) Bayer AG; (7) Bayer Healthcare LLC; and (8) Bayer Healthcare Pharmaceuticals, Inc. has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by F.R.C.P 5(b)2, Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality which will send notice of electronic filing and in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Steven Pate Harrelson

Steven Pate Harrelson, Esquire
*Counsel for Plaintiffs*