UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : | MDL No. 2592 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |
| THIS DOCUMENT RELATES TO: | | |
| *All Cases Listed on Attached Exhibits A and B* | | |

**FIRST SUPPLEMENTAL ORDER REGARDING OCTOBER 7, 2019 SHOW CAUSE HEARING SCHEDULED IN REC. DOC. 16218 REGARDING CMO 12A NON-COMPLIANCE [ORIGINALLY LISTED PLAINTIFFS]**

The plaintiffs listed on Exhibit A to this Order remain subject to the Show Cause hearing scheduled for October 7, 2019 at 8:30 a.m. requiring plaintiffs who have not complied with Case Management Order ("CMO") 12A to show cause why their cases should not be dismissed with prejudice. The personal appearance of plaintiff's counsel is required. The personal appearance of the plaintiff or his/her legal representative is also required, unless excused by formal order upon timely motion showing good cause why attendance is impossible, as set forth in CMO 12A.

Plaintiffs and their counsel have been on notice for many months of their obligation to do one of the following: (1) sign a Notice of Intent to Proceed indicating agreement to comply with applicable case management orders if the plaintiff preferred to litigate rather than participate in the parties' proposed settlement, or was ineligible to participate; (2) sign an Enrollment Form if the plaintiff was eligible and desired to participate in the parties' proposed settlement rather than litigate; or (3) dismiss their action with prejudice.

CMO 12 outlined these requirements on May 24, 2019. The order advised that the cases of plaintiffs who did not comply would be subject to dismissal with prejudice.

CMO 12A, entered on August 8, 2019, and CMO 12B, entered on August 29, 2019, reminded plaintiffs of the importance of complying with these requirements and stated that plaintiffs who did not comply would be deemed to have abandoned their cases, which would be dismissed with prejudice unless non-compliance was cured.

Rec. Doc. No. 15416, entered September 10, 2019, advised specific plaintiffs and their counsel of their non-compliance and scheduled a hearing on September 25, 2019 to demonstrate compliance or otherwise show good cause why their action should not be dismissed with prejudice.

Rec. Doc. No. 16218, entered September 20, 2019, advised such plaintiffs and their counsel that the hearing was continued to October 7, 2019.

In the same Order (Rec. Doc. 16218), the Court asked the PSC and Defendants to submit a revised list of those plaintiffs whose non-compliance continues. Attached as Exhibit A is a list of plaintiffs whom the PSC and Defendants assert continue not to be in compliance with CMO 12A as of October 1, 2019. Counsel for each plaintiff is required to attend the October 7, 2019 hearing to show cause why the plaintiff's case should not be deemed abandoned and dismissed with prejudice. In addition, unless excused by Court order, the plaintiff or his/her representative is required to personally attend as set forth in CMO 12A and Rec. Doc. No. 16218.

Exhibit B is a list of those plaintiffs originally subject to the Show Cause Order in Rec. Doc. 15416 whom the PSC and Defendants state have cured their non-compliance as of October 1, 2019. The individual plaintiffs listed on Exhibit B are excused from attending the October 7, 2019 hearing. Plaintiff's counsel representing plaintiffs listed on Exhibit B are excused from attending the October 7, 2019 hearing only if they represent no other plaintiffs subject to a show cause order at the October 7, 2019 hearing. Counsel for plaintiffs listed on Exhibit B must

personally attend the October 7, 2019 hearing if they represent other plaintiffs who remain subject to a show cause order.

New Orleans, Louisiana, on this 2nd day of October, 2019.

_____
United States District Judge