UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) MDL No. 2592 ) ) SECTION: L ) JUDGE ELDON E. FALLON ) MAGISTRATE JUDGE NORTH |
| THIS DOCUMENT RELATES TO: PEGGY COLONE Civil Action No.: 2:17-cv-04692 | ) ) ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

COMES NOW, Plaintiff Peggy Colone, by and through her undersigned Counsel of record, and respectfully submits this Response to Defendants' Joint Reply to Plaintiff's Response to Order to Show Cause and states as follows:

1. On September 10, 2019, this Court issued an Order to Show Cause as to why certain actions, including the above-captioned action, should not be dismissed without prejudice for lack of subject matter jurisdiction.

2. On August 5, 2019, Plaintiff submitted an executed Enrollment Election Form, Release and Stipulation of Dismissal indicating her intent in enrolling in the Xarelto Settlement Program via the MDL Centrality portal.

3. Unfortunately, Plaintiff signed her enrollment form in the wrong place by the attorney signature. On September 17, 2019, Plaintiff responded to the Order to Show Cause [Document Number 15609] and provided the Court with Ms. Colone's original enrollment form with a red arrow marking where she had signed.

5. On September 26, 2019, Plaintiff Filed an Amended Response to Order to Show Cause [Document Number 16380] and provided the Court with another enrollment form signed by Ms. Colone, this time with the signature in the correct spot.

6. On October 3, 2019, Defendant's filed what appears to be a Joint Reply to Plaintiff's Response to Order to Show Cause ("Reply") [Document Number 17042]. The Reply addresses Plaintiff's Original Response filed on September 17, 2019 [Document Number 15609] and does not reference or acknowledge Plaintiff's Amended Response to Order to Show Cause [Document Number 16380] in which the deficiencies with Plaintiff's Enrollment Package were resolved. Indeed, the Reply appears to be a carbon copy of numerous other replies filed the same day with only the Plaintiff's name, case numbers and document numbers changed.

7. The Reply erroneously states that Plaintiff has not complied with the requirements of CMO 12A and the appropriate remedy is dismissal with prejudice. It is obvious that defendants did not thoroughly read Plaintiff's Original Response and did not bother to read Plaintiff's Amended Response at all. Otherwise they would have realized that Plaintiff has fully complied with the requirement set out in CMO 12A.

7. In addition, on October 3, 2019, counsel for Plaintiff was informed by Brown Greer that the deficiencies with Plaintiff's Enrollment Package had been resolved and that her case appeared on a list provided to the defendants on October 1, 2019 for removal from Court's Order to Show Cause.

8. WHEREFORE, Plaintiff has complied with the Court's Case Management Orders and Counsel for Plaintiff respectfully requests that the Court deny defendant's request that Plaintiff's case be dismissed with prejudice.

This 3rd day of October, 2019.

By:    */s/ Alexandra V. Boone*
**LES WEISBROD**
Texas Bar No. 21104900
**ALEXANDRA V. BOONE**
Texas Bar No. 00795259
**MILLER WEISBROD LLP**
11551 Forest Central Drive, Suite 300
Dallas, Texas 75243
Telephone: (214) 987-0005
Fax: (214) 987-2545
E-Mail: aboone@millerweisbrod.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send electronic notification of such filing to all CM/ECF participants.

*/s/Alexandra V. Boone*
**ALEXANDRA V. BOONE**

3