## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE: XARELTO (RIVAROXABAN) | ) | MDL 2592 |
| | ) | |
| PRODUCT LIABILTIY LITIGATION | ) | SECTION L |
| | ) | |
| | ) | HONORABLE ELDON E. FALLON |
| | ) | |
| | ) | |
| | ) | |
| **This Document Relates** | ) | MAG. JUDGE NORTH |
| | ) | |
| **TO: All Cases on Exhibit 1** | ) | |
| | ) | |
| | ) | |

### PLAINTIFFS' OBJECTIONS TO SHOW CAUSE ORDERS

**I.      INTRODUCTION**

In its Show Cause orders, this Court has stated that the Plaintiffs' causes of action will be dismissed with prejudice as a penalty for Plaintiffs' failure to submit an Enrollment Election Form and/or a Notice of Intent to Proceed. [Doc. 16218, Order Rescheduling Hearing to Show Cause; Doc. 15416, Order to Show Cause Regarding Plaintiffs Who Have Failed to Comply with Case Management Order 12A; Doc. 14877, Case Management Order 12A]. Pursuant to CMO 12A, only voluntary dismissals with prejudice are allowed. [Doc. 14877, Page 2 of 2 ¶4.]

Plaintiffs on the attached Exhibit 1 ("Objecting Plaintiffs"), through undersigned counsel, object to the dismissal of their cases. Exhibit 1-A is a list of Plaintiffs who need more time to make an election, and Exhibit 1-B are a list of Plaintiffs who have made an election deemed deficient by BrownGreer. Objecting Plaintiffs' cases should not be dismissed for four reasons. First, the prerequisites for the harsh remedy of dismissal with prejudice have not been met. Second, because there is no class certification, Plaintiffs are non-parties to the settlement and have no obligation to respond. Third, requiring that Plaintiffs undertake procedural hoops or face dismissal is akin to

1

imposing an "opt in" class requirement, and as such is forbidden by operative law. Fourth, requiring a category of individuals in ill health to appear, in addition to the appearance of their counsel, as a penalty for not responding to a settlement offer not directed to them or presented in their individual cases is unreasonable.

## II.     ARGUMENT AND AUTHORITIES

### A.     The Prerequisites for Imposing the Harsh Remedy of Dismissal with Prejudice Have Not Been Met.

Federal Rule of Civil Procedure 41(b) provides, "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Interpreting the Federal Rules of Civil Procedure, the jurisprudence has strictly circumscribed the instances in which a case can be dismissed with prejudice.

Dismissal with prejudice is "an extreme sanction that deprives a litigant of the opportunity to pursue his claim." *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir.1980). "Dismissal with prejudice is appropriate only when there is 'a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice.'" *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (quoting *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018); further citation omitted). These are long standing requirements recognized in this Circuit. *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) ("This circuit has consistently held that Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, ..., and where lesser sanctions would not serve the best interests of justice.") (collecting cases; internal quotes omitted); *Gonzalez*, 610 F.2d at 247 ("we have consistently held that dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists, . . . and a lesser sanction would not better serve the interests of justice.")

(collecting cases; quotation marks omitted). "Because this test is conjunctive, both elements must be present." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (footnote omitted).

"In addition, [the appeals court] generally affirm[s] dismissals with prejudice only upon a finding of at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Coleman,* at 766 n. 9 (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir.1986)); *see also Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008) ("where this Court has affirmed dismissals with prejudice, it has generally found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'") (quoting *McGlathery*, 792 F.2d at 474). Put another way, "[b]efore an action can be dismissed with prejudice under Rule 41(b), two 'requisite' factors must be present and a third 'aggravating' factor usually should be present." *Springboards to Educ., Inc. v. Kipp Found*., 325 F. Supp. 3d 704, 710 (N.D. Tex. 2018) (quoting *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417-18 (5th Cir. 2006)).

"Generally, where a plaintiff has failed only to comply with a few court orders or rules, [the appeals court has] held that the district court abused its discretion in dismissing the suit with prejudice." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1192 n.6 (5th Cir. 1992) (collecting cases); *see also Vafaiyan v. Target Inc*., 251 F. App'x 862, 864 (5th Cir. 2007) (quoting same and finding that dismissal was abuse of discretion where plaintiff failed to correct deficiency).

The Objecting Plaintiffs' cases cannot be dismissed with prejudice for three, independent reasons: 1) a clear record of delay or contumacious conduct does not exist; 2) lesser sanctions would serve the best interests of justice; 3) there are no aggravating factors, making this remedy impermissibly draconian.

**1. Plaintiffs are not guilty of clear delay or contumacious conduct.**

"[D]elay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Bullard v. Burlington N. Santa Fe Ry. Co.*, 368 F. App'x 574, 581 (5th Cir. 2010) (quoting *Millan v. USAA Gen. Indem., supra*, 546 F.3d at 326–27; further citation and quotation marks omitted). The *Bullard* court found that, notwithstanding the district court's evident frustration with plaintiffs, the court could not affirm a *de facto* dismissal with prejudice because there was an insufficient record of contumacious conduct. 368 F. App'x at 581-82. The court explained that "it is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious." 368 F. App'x at 581 (quoting *Millan*, 546 F.3d at 327).

The *Coleman* court reversed a dismissal with prejudice where the plaintiff failed to provide an address for the defendant, explaining that "negligent behavior" fails to rise to the level of material delay or contumacious conduct so as to justify dismissal with prejudice. 745 F.3d at 767. The *Millan* court similarly reversed dismissal, where the plaintiff failed to effect timely service, explaining that, "it is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice." 546 F.3d at 327 (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir.1988); further citation omitted).

The *Gonzalez* court reversed the trial court's dismissal, reasoning that, "[t]he failure of plaintiff's counsel to obtain admission to the bar of court and to appear at the pre-trial conference did not amount to a clear record of delay or contumacious conduct." 610 F.2d at 248 (quotation marks omitted). *See also Hurman v. Port of Houston Authority,* 990 F.2d 626 (5th Cir. 1993) (district court abused its discretion by involuntarily dismissing suit for failure to prosecute where plaintiff had failed to file a pretrial order and had failed to appear at docket call); *Mosher v.*

*Keanster*, 343 F. App'x 994, 995 (5th Cir. 2009) (failure to appear for a scheduling conference did not warrant dismissal; dismissal vacated and remanded).

### 2. Dismissal with prejudice does not serve the best interests of justice.

Even assuming for the sake of argument that the plaintiffs' omissions could be characterized as "contumacious," this does not compel the conclusion that the conduct requires immediate resort to the harshest of sanctions. *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 406 (5th Cir. 2008) ("Even if it could be characterized as 'contumacious,' it is not the type of conduct that requires immediate resort to 'the harshest of sanctions....'") (quoting *Porter v. Beaumont Enterprise and Journal*, 743 F.2d 269, 272 (5th Cir.1984)). Failure to comply with a district court order does not establish that a lesser sanction would be futile. *See Campbell v. Dretke*, 261 F. App'x 702, 704 (5th Cir. 2008) (where plaintiff failed to comply with court order to re-file his complaint in compliance with proper form, court vacated and remanded dismissal, noting that there was no determination that lesser sanctions would not prompt diligent prosecution).

### 3. No aggravating factors exist.

There is no basis for finding that the victims of Xarelto have caused the delay here, or that they have acted intentionally. In stark contrast, they are not aware of the proceedings and/or are unable to complete the requisite paperwork due to factors other than intentional recalcitrance. *See* Exhibit 1, Declaration of Charlotte Long. Exhibit 1-A hereto identifies efforts to reach Objecting Plaintiffs, illustrating that their failure to comply with the Court-ordered procedures is not deliberate, and that the strong majority of these cases have only been on file for approximately six months.  Exhibit 1-B hereto identifies Objecting Plaintiffs who intend to make an election that has been communicated to Brown Greer, but whose response has been deemed deficient. Under these

circumstances, dismissal with prejudice as a penalty for failing to comply with the procedural requisites of the Show Cause order would be unduly harsh.

There is no showing of prejudice to the Defendants. The mere fact that reinstatement of the plaintiff's case will require defendants to "expend funds necessary to present a defense" is not sufficient to establish prejudice. *Raborn*, 278 F. App'x at 407 (court abused its discretion in dismissing claim effectively with prejudice). *See also Raymond v. Univ. of Houston*, 275 F. App'x 448, 450 (5th Cir. 2008) (finding no aggravating factor and reversing dismissal notwithstanding negligence and a period of inactivity from April 16, 2006 to November 27, 2006; and from January 10, 2007 to March 26, 2007).

**B.**      **Because There Is No Certified Class, There Is No Obligation for Plaintiffs in Individually Filed Cases to Respond to a Global Settlement Agreement that Was Not Entered in, and Is Not Specific to, Them or Any of their Individual Cases.**

Here, each Plaintiff has filed an individual case. The settlement is not a class action settlement. Moreover, there are serious constitutional impediments to certifying a class of individuals who have sustained personal injuries and/or death. *See, generally, Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997); *Ortiz v. Fibreboard Corp.,* 527 U.S. 815 (1999).

In the absence of a certified class, the settlement documents at issue are not binding on these individual plaintiffs. Indeed, the Objecting Plaintiffs are non-parties to the settlement. The Defendants in the individually filed cases have not filed or presented a settlement offer addressed to, tailored to, or specific to the individual Objecting Plaintiffs or their cases. The settlement provides a grid. The Objecting Plaintiffs have not been informed where, on that grid, they fall according to the Defendants and according to BrownGreer. Therefore, there is no sum certain offer made to them at this time. There is no authority allowing dismissal as a penalty for failing to

complete certain paperwork, to BrownGreer's satisfaction, in response to a settlement offer that was not entered into the individual cases.

### C.     The Procedural Requirements Are Akin to Imposing an Opt-In Class Requirement, which Is Forbidden.

The Show Cause orders seek to punish the Objecting Plaintiffs for not satisfying the procedural requirements of a one-sided settlement offer that was not specifically directed toward any of the Objecting Plaintiffs, or their cases, individually. The law does not allow for certification of an "opt in" class imposing procedural hoops for class inclusion. *Ackal v. Centennial Beauregard Cellular L.L.C.*, 700 F.3d 212, 216 (5th Cir. 2012) (quoting *Kern v. Siemens Corp.*, 393 F.3d 120, 124 (2d Cir. 2004)). *See also Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974) ("The requirement of an affirmative request for inclusion in the class is contrary to the express language of Rule 23(c)(2)(B)."); *Shepardson v. Midway Indust., Inc.,* No. 3:18-CV-3105, 2019 WL 2743435, at *3 (W.D. Ark. July 1, 2019) (citing *Ackal* and *Clark*, and refusing to approve class settlement and notice); *Dallas County, Tex. v. MERSCORP, Inc.*, 2012 WL 6208385, No. 3:11-cv-02733-0 (N.D. Tex. Dec. 13, 2012) (denying certification and citing *Ackal* as controlling authority); *Maciel v. Bar 20 Dairy, LLC*, No. 117CV00902DADSKO, 2018 WL 5291969, at *8 (E.D. Cal. Oct. 23, 2018) (applying *Ackal, Kern,* and *Clark,* and rejecting the plaintiffs' argument that class members could be required to opt in to the Rule 23 action). The failure of the Objecting Plaintiffs to comply with the procedural hoops promulgated in this Court's orders cannot be a basis for dismissal, because this is akin to imposing affirmative procedural actions to "opt in" to a class.

### D.     The Appearance of Counsel at the Hearing Should Be Sufficient.

The Objecting Plaintiffs are elderly individuals in ill health, and it would not be easy, if even possible, for them to travel to New Orleans for a hearing. *See* Exhibit 1, Declaration of Charlotte Long. Even were each Objecting Plaintiffs' individual case subject to a pretrial

conference in his or her individual case, under Federal Rule of Civil Procedure 16, "the court may order the attorneys and any **unrepresented** parties to appear for one or more pretrial conferences." FED. R. CIV. P. 16(a) (emphasis added). "If appropriate, the court may require that a party or its representative be present **or reasonably available by other means** to consider possible settlement." FED. R. CIV. P. 16(c)(1) (emphasis added). The Court's Show Cause orders do not accept reasonable availability in that they require personal presence. This is not appropriate, particularly considering that the Defendants have not appeared in their individual cases to make an individual settlement offer in the first instance. Moreover, dismissal with prejudice is an unduly draconian penalty for a failure to appear in person. *See, e.g., Hurman v. Port of Houston Authority,* 990 F.2d 626 (5th Cir. 1993) (district court abused its discretion by involuntarily dismissing suit for failure to prosecute where plaintiff had failed to file a pretrial order and had failed to appear at docket call).

**III. CONCLUSION AND PRAYER FOR RELIEF.**

Wherefore, Objecting Plaintiffs on the attached Exhibit 1 respectfully request that this Honorable Court not dismiss their actions with prejudice, and for such other relief to which they may be entitled.

October 3, 2019

Respectfully submitted,
/s/ *S. Ann Saucer*
S. Ann Saucer
Louisiana Bar No. 21368
Texas Bar No. 00797885
asaucer@fnlawfirm.com
Charlotte A. Long
Texas Bar No. 24094692
charlotte@fnlawfirm.com
**FEARS NACHAWATI, PLLC**
5473 Blair Rd.
Dallas, TX 75231
Tel. (214) 890-0711
Fax (214) 890-0712

## CERTIFICATE OF SERVICE

I, S. Ann Saucer, hereby certify that on the 3d day of October 2019, I caused a copy of the

foregoing Plaintiffs' Objections to be served via the Court's ECF system.

/s/ S. Ann Saucer
S. Ann Saucer