UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2592<br><br>SECTION: L<br><br><br>JUDGE FALLON<br>MAG. JUDGE NORTH<br><br>RESPONSE TO FIRST SUPPLEMENTAL ORDER REGARDING OCTOBER 7, 2019 SHOW CAUSE HEARING SCHEDULED IN REC. DOC. 16218 REGARDING CMO 12A NON-COMPLIANCE [SUPPLEMENTAL PLAINTIFFS] |

**THIS DOCUMENT RELATES TO:**

*Thyeasia Pugh v. Janssen Research & Development LLC, et al; No. 2:16-cv-05657*

*Juanita Teeple v. Janssen Research & Development LLC, et al; No. 2:18-cv-02780*

*Amanda Strasser v. Janssen Research & Development LLC, et al; No. 2:16-cv-13576*

*Elaine Rosenberg v. Janssen Research & Development LLC, et al; No. 2:16-cv-10813*


COMES NOW Counsel for Plaintiffs in the above matter, and files this Response to the

First Supplemental Order Regarding October 7, 2019 Show Cause Hearing Scheduled in Rec.

1

Doc. 16218 Regarding CMO 12A Non-Compliance [Supplemental Plaintiffs] (Rec. Doc. 168675) entered by the Court on October 2, 2019.

I.

This Court has entered an Order to Show Cause for Plaintiffs who have not complied with CMO 12A requiring Plaintiffs to show cause why their cases should not be dismissed with prejudice for failing to comply with this Court's Order.

Case Management Order 12A required that for Plaintiffs who failed to submit a complete and fully executed Enrollment Election form by August 5, 2019, they must file and serve a completed Notice of Intent to Proceed through MDL Centrality on or before August 19, 2019.

The cases at issue involve Plaintiffs who had expressed their desire to Plaintiffs' counsel of their intent to enroll in the settlement program, but who did not return an executed Notice of Intent to Proceed by the Court's August 19, 2019 deadline for filing with MDL Centrality.

The cases at issue were further granted an extension of time by the Claims Administrator within which to timely enroll their cases in the Xarelto Settlement Program, up to and including, September 4, 2019.

II.

On September 4, 2019 while Plaintiffs' counsel was actively enrolling additional Plaintiffs in the settlement program, counsel reached out to the Claims Administrator and the PSC for guidance about certain individuals for whom more time was needed to provide executed enrollment package documents, and counsel was informed that extensions would likely not be granted, so we should submit what we had at that time, and expect a deficiency notice from the Claims Administrator, and we would then be able to cure the within the timeframe specified on the deficiency notice. (See Attached Exhibit "A").

Additionally, we reached out to the PSC regarding the Thyeasia Pugh case in particular (Plaintiff ID 12218) in that Ms. Pugh was impacted by Hurricane Dorian and was forced to evacuate and was unable to return her signed enrollment form. Plaintiff's counsel was advised to submit the enrollment form on behalf of Ms. Pugh with the attorney's signature on the enrollment form and missing the client's signature, and expect to receive a deficiency notice, which we would then have twenty-one days to cure. Counsel therefore uploaded an enrollment election form on behalf of Ms. Pugh signed by counsel indicating Ms. Pugh's election to enroll, but was also granted a Hurricane extension request. (See attached Exhibit "B").

Following this general guidance that it may possible to timely submit an enrollment form executed by Plaintiff's counsel without a client signature, counsel uploaded Enrollment Election forms indicating Plaintiffs' election to enroll in the Settlement Program for the following Plaintiffs on September 4, 2019:

*Juanita Teeple v. Janssen Research & Development LLC, et al;* No. 2:18-cv-02780

*Amanda Strasser v. Janssen Research & Development LLC, et al;* No. 2:16-cv-13576

*Elaine Rosenberg v. Janssen Research & Development LLC, et al;* No. 2:16-cv-10813

III.

Counsel for Plaintiffs would respectfully show the Court that on September 17, 2019, the Claims Administrator generated a deficiency notice in the *Thyesia Pugh* matter, confirming the fact that Ms. Pugh had not signed the enrollment election form or submitted an executed Release (See attached Exhibit "C") and giving Plaintiff until October 8, 2019 to respond. Plaintiff timely responded on September 23, 2019 and provided a fully completed Enrollment Election Form and executed Release. (See attached Exhibit "D"). Therefore, Plaintiff contends that she is in

3

compliance, has cured any deficiencies and is enrolled in the Settlement Program and that attendance is not required at the Court's show cause hearing on October 7, 2019.

Given the above and foregoing, Plaintiff respectfully requests that she be excused from attendance at the Show Cause hearing, that her case not be dismissed with prejudice and that her case be allowed to proceed in the Settlement Program.

IV.

As for the *Juanita Teeple* matter, Ms. Teeple also expressed her intent to enroll but did not return her executed Notice of Intent to Proceed indicating same until August 27, 2019, after the Court's deadline of August 19, 2019. However, given that Plaintiff's counsel timely uploaded an Enrollment Form to the Claims Administrator indicating her intend to enroll in the Settlement Program on September 4, 2019, Plaintiff's counsel did not upload the Notice of Intent to Enroll as he believed that enrollment in the Settlement Program had been effectuated.

The Claims Administrator issued a Notice of Incomplete Enrollment Package, as expected, establishing a deadline of October 8, 2019 within which to provide a signed Enrollment Election Form and executed Release. (See attached Exhibit "E").

Counsel has been diligently working on obtaining the signed documents from Ms. Teeple. Ms. Teeple is 85 years old and lives in a nursing home in West Plains, Missouri at West Vue Nursing & Rehab Center. As a result, Ms. Teeple's son, Rick, had been facilitating communication and efforts to obtain the signed enrollment documents from Ms. Teeple. However, Mr. Teeple has not responded to our recent efforts to communicate with him and his phone number is no longer in working order. As a result, counsel contacted the nursing home directly on October 3, 2019, upon receipt of the Court's Supplemental Order, and explained the urgent nature of our attempts to obtain the executed Enrollment form and Release. Counsel sent


the enrollment package documents by overnight delivery to Ms. Teeple and the nursing home staff is diligently working to facilitate the execution of the Enrollment Election form and Release by Ms. Teeple as quickly as possible.

In the meantime, counsel has now uploaded Ms. Teeple's Notice of Intent to Proceed to comply with CMO12A.  (See Exhibit "F" attached) and contends that she is in compliance.

V.

As to the claims for *Amanda Strasser* and *Elaine Rosenberg*, Notices of Incomplete Enrollment Package have been issued by the Claims Administrator and Plaintiffs have a deadline of October 8, 2019 to respond. (See Exhibit "G" attached). Plaintiffs' counsel continues to work diligently to secure the missing Enrollment Election form signatures and executed Releases that are required to participate in the Settlement Program.

To the extent that Plaintiffs fail to timely upload their executed enrollment package documents, counsel for Plaintiffs certainly has no basis to object to a dismissal of these cases with prejudice.

VI.

Counsel would respectfully show that he was not aware that these Plaintiffs were in violation of this Court's Order until he received the Court's Supplemental Order (Rec. No. 16875) on October 3, 2019 identifying supplemental Plaintiffs who are not in compliance.

Further, Plaintiffs' counsel would show the Court that he inadvertently overlooked the language in the Court's order that required "a complete and fully executed Enrollment Election Form" be submitted to MDL Centrality to fully comply with CMO12A.  Counsel believed that enrollment for these Plaintiffs had been effectuated and that any enrollment deficiencies could be cured during the deficiency process.

Counsel did not realize until October 3, 2019 that, while the uploading of enrollment election forms signed only by counsel was sufficient for purposes of compliance with the enrollment deadline, that such action was not insufficient to comply with the Court's Orders, and such error was neither inadvertent nor intentional.

Finally, given the close proximity to the hearing date of October 7, 2019, and given that these claims are either enrolled in the Settlement Program, or enrolled with deficiencies, counsel respectfully moves for relief from the Court to excuse the attendance of these Plaintiffs from the Show Cause hearing on October 7, 2019.

WHEREFORE, PREMISES CONSIDERED, Counsel for Plaintiff respectfully requests that the above matters be allowed to proceed through and participate in the Settlement Program and that the *Thyeasia Pugh* matter be deemed enrolled in the Settlement Program and in compliance with the Court's Orders. Further, with respect to the *Juanita Teeple* matter, Plaintiff requests that she be given the opportunity to cure the enrollment package deficiencies consistent with the Claims Administrator's Notice of Incomplete Enrollment Package, that she be excused from appearing at the Show Cause Hearing on October 7, 2019 due to her advanced age and inability to travel and the fact that her claim is enrolled in the Settlement Program. Finally, Plaintiffs in the *Amanda Strasser* and *Elaine Rosenberg* matters request that they be given the opportunity to cure the enrollment package deficiencies consistent with the Claims Administrator's Notice of Incomplete Enrollment Package and that they be excused from appearing at the Show Cause Hearing on October 7, 2019 in that their claims are enrolled in the Settlement Program.

Dated: October 4, 2019.

Respectfully submitted,

s/ Michael T. Gallagher
MICHAEL T. GALLAGHER
 (Texas Bar #07586000)
THE GALLAGHER LAW FIRM LLP
2905 Sackett Street
Houston, TX 77098
Telephone: (713) 222-8080
Facsimile (713) 222-0066
mike@gld-law.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing Response has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

s/ Michael T. Gallagher
Michael T. Gallagher