## UNITED STATES DISTRICT COURT
## EASTER DISTICT OF LOUISANA

| | |
|---|---|
| **IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABLITY LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**Baugh, Roberta**<br>Civil Action No.  2:19-cv-03688<br><br>**Yarbrough, Daniel**<br>Civil Action No.  2:19-cv-05281<br><br>**Anderson, Samantha**<br>Civil Action No.  2:19-cv-03728<br><br>**Brown, Joyce**<br>Civil Action No.  2:19-cv-04464<br><br>**Neal, Mark**<br>Civil Action No.  2:19-cv-05269<br><br>**Wetmore, William**<br>Civil Action No.  2:19-cv-03414<br><br>**Williams, Patricia**<br>Civil Action No.  2:19-cv-03431 | **Master File No. 2592**<br><br>**SECTION L**<br><br>**MDL No. 2:14-MD-02592**<br><br>**JUDGE ELDON E. FALLON**<br><br>**MAGISTRATE JUDGE NORTH**<br><br>**PLAINTIFFS RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO COMPLY WITH CASE MANGEMENT ORDER 12A**<br><br>**PLAINTIFFS MOTION TO DISMISS HYPOTHETICAL CONTRACT ACTION AND ALL ORDERS ARISING FROM, RELATED TO OR IN RELIANCE THERE ON, PURSUANT TO RULES 12(b)(1), 12(b)(6) AND  12(h)(3) AND VACATE ALL ORDERS ARISING FROM THE SAME.**<br><br>**PLAINTIFFS MOTION FOR RELEIF FROM THE INSTANT ORDER TO SHOW CAUSE ORDER AS WELL AS XARELTO MDL 2592 CASE MANAGEMENT ORDERS 9, 9A, 10, 10A, 11, 11A, 12,12A, and 12B PURSUANT TO RULE 60(b)(4) AND FURTHER MOVES THIS COURT TO VACATE THESE ORDERS** |

**PLAINTIFFS RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO COMPLY WITH CASE MANGEMENT ORDER 12A ENTERED ON October 2, 2019.**

**PLAINTIFFS MOTION TO DISMISS HYPOTHETICAL CONTRACT ACTION AND ALL ORDERS ARISING FROM< RELATED TO OR IN RELIANCE THERE ON, PURSUANT TO RULES 12(b)(1), 12(B)(6) AND  12(h)(3) AND VACATE ALL ORDERS ARISING FROM THE SAME.**

**PLAINTIFFS MOTION FOR RELEIF FROM THE INSTANT ORDER TO SHOW CAUSE ORDER AS WELL AS XARELTO MDL 2592 CASE MANAGEMENT ORDERS  9, 9A, 10, 10A, 11, 11A, 12,12A, and 12B PURSUANT TO RULE 60(b)(4) AND FURTHER MOVES THIS COURT TO VACATE THESE ORDERS**

COMES NOW, Plaintiffs named above,  by and through their undersigned counsel of record on there on behalf and others similar situated,  and respectfully submits this response to the Order(s) to show cause and motions entered on October 2, 2019 and states as follows as well as other motions and matters arising from or related to said orders to show cause.

## PRELIMINARY STATEMENT

Respondent Plaintiffs herein move this court to grant plaintiffs relief from the above referenced order to show cause pursuant to FRCP 60(b)(4), FRCP RULES 12(b)(1), 12(b)(6) AND  12(h)(3).

Respondent Plaintiffs herein, launch a facial attack on this courts subject matter jurisdiction, asserting this court lacked the required subject matter jurisdiction to enter the subject order to show cause pursuant to FRCP RULES 12(b)(1)

Respondent Plaintiffs further assert that the defendant in moving for the order to show cause  failed to make a claim on which this court may grant relief and move this court to vacate defendants motion to show cause as well as the subsequent order to show cause pursuant to FRCP Rule 12(b)(6).

Respondent Plaintiffs further move this court to dismiss or vacate the referenced show cause order pursuant to 12(h)(3) in as much as this court lacked the required subject matter jurisdiction to enter the Case Management Orders on which the referenced orders to show cause rely.

Respondent Plaintiffs in addition to or in the alternative, move pursuant to FRCP Rule  60(b)(4) for all relief sought under FRCP Rules, 12(b)(1), 12(b)(6) and 12(h)(3) based on the same arguments, reasoning

and citations of law and rule cited herein in relevant to Respondent plaintiffs motion filed pursuant to FRCP Rules, 12(b)(1), 12(b)(6) and 12(h)(3).

Respondent Plaintiffs further move this court to fulfill its obligation to examine its own jurisdiction related to the arguments, reasoning and citations of law and rule herein, and if necessary, grant all relief sought by Respondent plaintiffs herein, on the courts own motion.

## STATEMENT OF ISSSUES

The case management orders, on which the instant order to show cause rely, each reference, arise from, relate to and rely on a "private settlement agreement" or "settlement agreement" which does not exist in the record of the court except for references in orders. The absence of the actual agreement from the record of the court renders the agreement nonexistent for the purpose of adjudication or consideration by this court. The private settlement agreement, absent from the record of the court, does not present an actual case in controversy judiciable before this court.

In consideration of the foregoing, respondent plaintiffs herein show this court that it lacked and lacks subject matter jurisdiction to enter any order, arising from, in related to, referencing or relying on the existence of the private settlement agreement, which itself inherently extra judicial.

The settlement agreement referenced in Case Management Orders 12B, 12, and 11 has not been consummated. The agreement provides certain walkaway rights to the defendant. The private settlement agreement is more aptly defined as a "contingent settlement agreement". In as much as any matter that is "contingent in nature" can not create an actual case in controversy judicable before a Federal Court, over which said court could possibly possess subject matter jurisdiction, the very nature, substance and language of the "contingent settlement" agreement renders any possibility that this court might possess subject matter jurisdiction over or arising from the contingent matter, an impossibility. For the purposes of adjudication of any matter before this court, the contingent settlement agreement does not exist. In as much as the private settlement agreement, contingent or otherwise has not been entered into the docket of the court, the settlement agreement does not exist for purposes of adjudication of any matter before this court.

List court lacks subject matter jurisdiction over the private settlement agreement itself and therefore lacks and lacked the required subject jurisdiction to enter any order arising from, related to or in reliance on the existence of the settlement agreement.

Excerpts from Case Management Orders 12B, 12, and 11 showing reference to the private settlement agreement or settlement agreement or settlement, which does not exist for purposes of adjudication of any matter before this court.

*CASE MANAGEMENT ORDER NO. 12B*

*(Proceedings to Enforce CMOs 12 and 12A)*

*CASE MANAGEMENT ORDER NO. 12B (Proceedings to Enforce CMOs 12 and 12A) This Court was designated as the Transferee Court for MDL 2592 on December 17, 2014, and since that time, significant and continuous work has been conducted by the parties. This includes extensive fact discovery directed to the Defendants as well as to an extensive number of individual plaintiffs, the exchange of expert reports, expert depositions, extensive motion practice and three bellwether trials. Three trials also were conducted in Pennsylvania state court. On March 25, 2019, **the Plaintiffs' Steering Committee (PSC) and Defendants advised the Court that they had reached a private settlement agreement to resolve this litigation. Under the parties' agreement, plaintiffs in this MDL had until August 5, 2019 to enroll in the Settlement Program**, (emphasis added) a date the parties later extended to September 4, 2019. On March 25, 2019, as a matter of docket control, the Court entered CMO 12 requiring plaintiffs who do not enroll in the Settlement to file with MDL Centrality a Notice of Intent to Proceed. The Notice of Intent to Proceed was required to be signed personally by the plaintiff or his or her legal representative, and the plaintiff (or his or her representative) had to represent that he or she was willing to comply with the Court's scheduling orders including CMO 11.*

*This Court was designated as the Transferee Court for MDL 2592 on December 17, 2014, and since that time, significant and continuous work has been conducted by the parties. This includes extensive fact*

*discovery directed to the Defendants as well as to an extensive number of individual plaintiffs, the exchange of expert reports, expert depositions, extensive motion practice and three bellwether trials. Three trials also were conducted in Pennsylvania state court. On March 25, 2019, the Plaintiffs' Steering Committee (PSC) and Defendants advised the Court that they had reached a private settlement agreement to resolve this litigation. Under the parties' agreement, plaintiffs in this MDL had until August 5, 2019 to enroll in the Settlement Program, a date the parties later extended to September 4, 2019. On March 25, 2019, as a matter of docket control, the Court entered CMO 12 requiring plaintiffs who do not enroll in the Settlement to file with MDL Centrality a Notice of Intent to Proceed. The Notice of Intent to Proceed was required to be signed personally by the plaintiff or his or her legal representative, and the plaintiff (or his or her representative) had to represent that he or she was willing to comply with the Court's scheduling orders including CMO 11.*

Argument: Case management Order 12B notes that the Plaintiffs' Steering Committee (PSC) and Defendants **advised** (emphasis added) the Court that they had reached a private settlement agreement.

Advising the court that a settlement has been reached does not equate to entering said settlement into the court record so as to potentially rendering said settlement a matter properly before the court over which the courts jurisdiction could be examined, much less affirmatively established.

The private settlement agreement referenced in Case Management order 12B has not been entered into the docket of the court. The private settlement agreement does not exist for purposes of education before this court. The private settlement agreement does not nor could it create an actual case in controversy over which this court could conceivably possess subject matter jurisdiction.

CASE MANAGEMENT ORDER NO. 12A

(Superseding Order on Notice of Intent to Proceed)

*For good cause shown, and in recognition that a number of plaintiffs did not submit an Enrollment Election Form (attached hereto as Exhibit A) on or before August 5, 2019, electing either to enroll or not enroll in the **Settlement Program**, (emphasis added)*

*Argument:* The settlement program, reference in Case Management order 12A arises from and relies on the private settlement agreement that has not been entered the docket of the court. The private settlement agreement does not exist for purposes of education before this court. The private settlement agreement does not nor could it create an actual case in controversy over which this court could conceivably possess subject matter jurisdiction. By extension, this court could not conceivably possess subject matter jurisdiction over a settlement program while lacking jurisdiction over the settlement agreement giving rise to the program.

CASE MANAGEMENT ORDER NO. 12

*For good cause shown, and in recognition of the parties' agreement that on or before August 5, 2019, every claimant eligible to participate in the **Settlement Program (emphasis added)** must submit an Enrollment Election Form (attached hereto as Exhibit A) through www.mdlcentrality.com ("MDL Centrality") that is signed by the claimant and the claimant's attorney that indicates whether or not the claimant elects to participate in the Settlement Program, and so that the Court can accurately assess and manage the docket of this MDL,*

*In addition to or in the alternative, Plaintiffs further seek relief from the order to show cause pursuant to FRCP(b)(4).*

**Argument:** The settlement program, reference in Case Management order 12 arises from and relies on the private settlement agreement that has not been entered the docket of the court. The private settlement agreement does not exist for purposes of education before this court. The private settlement agreement does not nor could it create an actual case in controversy over which this court could conceivably possess subject matter jurisdiction. By extension, this court could not conceivably possess subject matter jurisdiction over a settlement program while lacking jurisdiction over the settlement agreement giving rise to the program.

The private settlement agreement nor the settlement program present an actual case in controversy judiciable before this court.

**CASE MANAGEMENT ORDER NO. 11 (DOCKET CONTROL ORDER)**

**For good cause show, the Court hereby ORDERS as follows:**

<u>*ALL OBLIGATIONS PURSUANT TO THIS ORDER SHALL THE RESPONSBILITY OF*</u>
<u>*INDIVIDUSL PLAINTIFFS COUNSEL OR PLAINTIFF IF SELF REPRESENTED AND NOT*</u>
<u>*THE RESPONSIBILITY OF THE STEERINT COMMITTEE*</u>

1. *OBLIGATIONS OF PLAINTIFFS WHO DO NOT PARTICIPATE IN THE* **SETTELEMT**
   **PROGRAM** *(emphasis added) AND PLAINTIFFS WHO ARE NOT ELIGIBLE TO ENROLL IN*
   *THE* **SETTLEMENT PROGRAM.** *(emphasis added)*

**Argument:** The settlement program, reference in Case Management order 11 arises from and relies on the private settlement agreement that has not been entered the docket of the court. The private settlement agreement does not exist for purposes of education before this court. The private settlement agreement does not nor could it create an actual case in controversy over which this court could conceivably possess subject matter jurisdiction. By extension, this court could not conceivably possess subject matter jurisdiction over a settlement program while lacking jurisdiction over the settlement agreement giving rise to the program.

The private settlement agreement nor the settlement program present an actual case in controversy judiciable before this court.

The orders on which the instant order to show entered on September 20, 2019, relies on the prior orders referenced above over which this court lacked the required subject matter jurisdiction to enter in the first instance. Lacking subject matter jurisdiction to enter these orders in the first instance, this court further lacks subject matter jurisdiction to enter any order subsequent to and in reliance on the orders it lacked subject matter jurisdiction to enter in the first instance.

The settlement agreement itself does not appear in the record of the court. No complaint (case in controversy) arising from the subject matter of exists in the record of this court.

Those parties who "advised" this court that a private settlement agreement had been reached at no time and in no form properly invoked this court's jurisdiction over the private settlement agreement. As a matter of the judicial record on Xarelto MDL 2592, the "private settlement agreement does not exist" and remains an extra judicial matter in as much as it began as an extra judicial matter.

If the settlement agreement itself had been docketed in the courts record for the purpose of pursing a "settlement class action" this court could not presume or assume to have jurisdiction over the new "case in controversy" (subject matter) absent those parties seeking the Federal Forum having properly asserted by citation of Statue and argument, this Court's jurisdiction over the new and unique subject matter arising from the private settlement agreement.

This court at no time has made an independent ruling, nor issued an order and reasoning conclusive of this court having independently considered the Courts jurisdiction over the subject matter the private settlement agreement.

"Article III of the Constitution confines the federal courts to adjudicating actual `cases' or `controversies, Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984)..'The United States Supreme Court has defined a controversy as one which must exist between two legal parties which brings forth legal issues and questions to be determined. Specifically, the Supreme Court stated that "[a] `controversy' in this sense must be one that is appropriate for judicial determination." 15] Aetna Life Insurance Co. Of Hartford, Conn., v. Haworth, 300 U.S. 227, 57 S.Ct. 461 (1937), quoting Osborn v. Bank of United States, 9 Wheat. 738, 819, 6 L.Ed. 204. The Supreme Court continued:

A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. Aetna Life Insurance Co. Of Hartford, Conn., supra at 240, (internal citations omitted). .The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests, Id. at 240-1 (internal citations omitted). It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as

distinguished from an opinion advising what the law would be upon a hypothetical state of the facts  Id. at 241 (internal citations omitted).

The Fifth Circuit Court of Appeals adopted this same legal standard in Meltzer v. Board of Public Instruction of Orange County, Florida, et al 548 F.2d 559 (5' Cir. 1977).. The Fifth Circuit explained that a case or controversy must consist of an actual legal dispute between two parties. The court specifically stated:[t]here can be no case or controversy where parties seek adjudication of only a political question, or merely seek an advisory opinion, or where the litigation presents merely an abstract, academic or **hypothetical question**, (emphasis added) or where the question sought to be adjudicated has been mooted by subsequent developments, or where the plaintiff has no standing to maintain the action Pleltzer, supra at 570, citing Steffel v. Thompson, 415 US 452 - Supreme Court (1974).

The private settlement agreement, which has not been entered into the record of the court, at best presents a hypothetical question, or a hypothetical case in controversy. Federal subject matter jurisdiction only exists for case involving an actual case in controversy, Federal subject matter jurisdiction absolutely does not exist for a hypothetical case in controversy.

### Authorities, Legal Analysis and Arguments

**Respondent Plaintiffs First Argument:** In as much as the "private settlement agreement" itself has not been docketed in the MDL 2592 court record, no case in controversy (subject matter) related to, arising from or reliance on the existence of the "private settlement agreement" could possibly be before this court.

Plaintiffs assert that this court lacks subject matter jurisdiction over the "private settlement agreement" in the first instance and therefore lacks and lacked the required subject matter jurisdiction to enter any order arising from or reliance on the existence of the "private settlement agreement" could possibly be before this court.

**Authority Offered in Support of Respondent Plaintiffs First Argument:** The Constitution confines the judicial power to actual cases or controversies. See U.S. Const. art. III § 2. The Supreme Court has

explained that the "triad of injury in fact, causation, and redressability constitutes the core of Article III's case or-controversy requirement." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 103–04 (1998) (footnote omitted).

**Further Authority Offered in Support of Respondent Plaintiffs First Argument:** Article III of the Constitution permits federal courts to adjudicate only actual cases or controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). This means litigants must suffer, or be threatened with, an actual injury traceable to the defendant's actions, and that the federal court must be able to grant effectual relief. See id. This case-or-controversy requirement must be satisfied at every stage of judicial proceedings. Id. If it is not, the federal court lacks the power to adjudicate the case and must dismiss for lack of subject matter jurisdiction.  Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

**Further Authority Offered in Support of Respondent Plaintiffs First Argument:** "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997)

**Further Authority Offered in Support of Respondent Plaintiffs First Argument:.** Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1669 (1983).

**Further Authorities offered in Support of Respondent Plaintiffs First Argument:** Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see Willy v. Coastal Corp., 503 U. S. 131, 136-137 (1992); Bender v. Williamsport Area School Dist. , 475 U. S. 534, 541 (1986), which is not to be expanded by judicial decree, American Fire & Casualty Co. v. Finn, 341 U. S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of North-America, 4 Dall. 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, McNutt v. General Motors Acceptance Corp., 298 U. S. 178, 182-183 (1936).

**Respondent Plaintiffs Second Argument:** The parties that sought the Federal Forum (this court) for the purpose of entry of Case Management Orders 11, 12, 12A and 12B as well as the instant order to show cause failed to properly invoke this courts jurisdiction at the time the parties sought the entry of each of the Case Management orders referenced.

The parties that sought the Federal Forum (this court) for the purpose of entry of Case Management Orders 11, 12, 12A and 12B, the parties seeking the Federal Forum, failed to properly invoke the courts jurisdiction over the private settlement agreement on which these orders related to, arise from and depend on the existence of, on and in the record of Xarelto MDL 2592.

Federal Courts are not free to presume or assume the existence of jurisdiction over a given subject matter. Federal Courts are required to presume any given subject matter lies outside their jurisdiction. The parties invoking the Federal Forum bear the burden of establishing the, on the record, the existence of the court's jurisdiction.


**Authority offer in support of Respondent Plaintiffs Second Argument:** "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted)

**Further Authority offer in support of Respondent Plaintiffs Second Argument:** Lack of subject matter jurisdiction is a non-waivable, fatal defect. Von Dunser v. Aronoff, 915 F.2d 1071, 1074 (6th Cir.1990).

**Further Authority offer in support of Respondent Plaintiffs Second Argument:** "The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." Getty Oil Corp. v. Ins. Co. of N.A., 841 F.2d 1254, 1259 (5th Cir. 1988) (citing Ill. Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 & n.2 (5th Cir. 1983))

**Respondent Plaintiffs Third Argument Relevant to Plaintiffs Assertions and arguments arising under FRCP Rule 12(b)(1):**

Respondent Plaintiffs launch a facial attack on this courts (lack of) subject matter jurisdiction pursuant to FRCP Rule

12(b)(1) relevant to the private settlement agreement itself as well as any order or other action taken or

before this court for future consideration, including the instant order to show cause to which this pleading

is responsive.

Plaintiffs show this court the following:

1. The "private settlement agreement" has not been docketed in the court record.
2. No "case in controversy" is properly before this court arising from, related to or relying on the existence of the private settlement agreement.
3. The parties invoking the court to enter Case Management orders, 11, 12, 12A and 12B, as well as the motion to show cause which gave rise to the order to show cause to which this pleading is responsive, failed at all times to properly invoke this courts jurisdiction prior to invoking this court to issue the referenced orders.

Absent any evidence in the record contradicting the above statements and arguments, this court is without

discretion to ignore the fact that it lacked the required subject matter jurisdiction necessary to enter Case

Management orders, 11, 12, 12A and 12B, as well as the motion to show cause which gave rise to the order

to show cause to which this pleading is responsive, and as a matter of law, must vacate said orders.

**Authorities offered in Support of Respondent Plaintiffs Third Argument Relevant to Plaintiffs Assertions and arguments arising under FRCP Rule 12(b)(1):**

 The United States Court of Appeals for the Fifth Circuit recognizes a distinction between a "facial"

attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to

jurisdiction, which is based on affidavits, testimony, and other evidentiary material. See Paterson v.

Weinberger, 644 F.2d 521, 523 (5th Cir. 1981); accord Ramming, 281 F.3d at 161 ("Lack of subject

matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint

supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001)

In Ramming it was the Plaintiff who sought the Federal Forum and therefor Ramming references "the plaintiff" as having the burden of establishing jurisdiction. This does not change the well settled matter that the party seeking the federal forum (regardless of the parties' label) bears the burden of properly invoking the Federal Courts jurisdiction, by citation of statute and argument, on and in the record of the case.  See: "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted)

**Respondent Plaintiffs Third Argument Relevant to Assertions and arguments arising under FRCP Rule 12(h)(3):**

To be clear, Respondent plaintiffs do not move this court to dismiss their original case in controversy

transferred to this court by the Judicial Panel pursuant to USC 28 § 1407.

Respondent Plaintiffs original case in controversy (subject matter) arose under a complaint asserting inter alia. that the consumption prescription drug Xarelto, was the cause of certain injuries sustained by plaintiffs.  Plaintiffs Original case in controversy arose under the various States laws governing product liability actions.

Plaintiff instead moves this court to dismiss the "hypothetical case in controversy" (hypothetical subject matter) nor properly before this court in the first instance, arising from the separate and unique subject matter of the private settlement agreement, which would arise under the various State laws governing contracts.

**Authorities offered in support of Respondent Plaintiffs Third Argument Relevant to Plaintiffs Assertions and arguments arising under FRCP Rule 12(h)(3):**

A settlement agreement made during the course of litigation is a contract between the parties, and as such, contract law governs disputes concerning the formation, construction, and enforceability of the settlement agreement." Waddle v. Elrod, 367 S.W.3d 217, 222 (Tenn. 2012)

"Hypothetical jurisdiction produces nothing more than a hypothetical judgment—which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning. "Muskrat v. United States, 219 U. S. 346, 362 (1911); Hayburn's Case, 2 Dall. 409 (1792)

In as much as this court could only "hypothetically" dismiss a hypothetical case in controversy (subject matter), plaintiffs herein simply move this court , in the interest of judicial economy and in the interest of inherent fairness to moving plaintiffs, to vacate all orders, including the instant order to who cause, related to, arising from or dependent on the existence of the private settlement agreement.

" First and foremost, there must be alleged (and ultimately proved) an "injury in fact"—a harm suffered by the plaintiff that is "concrete" and "actual or imminent, not `conjectural' or `hypothetical.' " Whitmore v. Arkansas, supra, at 149, 155 (quoting Los Angeles v. Lyons, 461 U. S. 95, 101-102 (1983))."

 "Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." Stockman v. Fed. Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

**Further Authority offered in support of Respondent Plaintiffs Third Argument Relevant to Plaintiffs Assertions and arguments arising under FRCP Rule 12(h)(3):**

The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" Home Builders Ass'n of Miss., Inc.

v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6

Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)

**Further Authority offered in support of Respondent Plaintiffs Third Argument Relevant to Plaintiffs Assertions and arguments arising under FRCP Rule 12(h)(3):**

The court must address a subject matter motion before other substantive motions to avoid a court without

jurisdiction prematurely dismissing a case with prejudice. Ramming v. United States, 281 F.3d 158, 161

(5th Cir. 2001); see also McCasland v. City of Castroville, 478 Fed. Appx. 860, 860-61 (5th Cir.)

**Fourth Argument Relevant to Respondent Plaintiffs Assertions and arguments arising under FRCP Rule 12(b)(6):**

Respondent Plaintiffs argue that defendant's motion to show cause as to why plaintiffs cases should not

be dismissed (the motion that led to the instant show cause order to which this pleading is responsive)

failed to state a claim on which the relief sought, dismissal with prejudice of plaintiffs original case in

controversy, failed to state a claim on which this court could grant the relief sought.

Having failed to in anyway and at any time, properly invoke this court's jurisdiction over the private

settlement agreement as well as any order related to, arising from or in reliance on the existence of the

private settlement agreement, defendant also failed to invoke this courts jurisdiction in any manner or

form, in the motion which gave rise to the instant order to show cause to which this pleading is

responsive.

**Authorities offered in support of Respondent Plaintiffs Forth Argument Relevant to Plaintiffs Assertions and arguments arising under FRCP Rule 12(b)(6):**

Under Federal Rule of Civil Procedure 12(b)(6), a case can be dismissed for "failure to state a claim upon

which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint must plead "enough facts to state a

claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct.

1955 (2007). A claim has facial plausibility when the plaintiff "pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937 (2009). Though a complaint does not need detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555.

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." Gregson v. Zurich Am. Ins. Co., 322 F.3d 883, 885 (5th Cir. 2003). Moreover, "the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." Stockman v. Fed. Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." Id. Under Rule 12(b)(1) the district court can dismiss for lack of subject matter jurisdiction on the basis of the complaint alone. See Williamson v. Tucker, 645 F.2d 404, 412-413 (5th Cir. 1981).

**Conclusion Relevant to Respondent Plaintiffs Assertions and arguments arising under FRCP Rule 12(b)(6):**

In as much as no complaint (case in controversy) exist in the record relevant to the private settlement agreement and for the purposes of the courts record, the private settlement agreement does not exist, for want of appearance in the record, defendants are without any matter in the record to which they could turn this courts attention in contest to plaintiffs assertion that defendants motion(s) to show cause, stated any claim on which the relief sought therein could be granted by this court.

**Respondent Plaintiffs Fifth Argument Relevant to Unenforceability of orders entered in absence of Subject Matter Jurisdiction.**

Judgements and orders entered by a court lacking subject matter jurisdiction are void on their face, nullities and forever unenforceable. Plaintiffs could simply ignore the instant order to show cause order

and raise the arguments and assertions made herein for the first time on appeal, which would be instantly available if this court grants the relief sought by defendants, being the dismissal of plaintiffs case(s) with prejudice.

In the interest of judicial economy and fair play, plaintiff raise these matters in response to the order show cause, versus deferring such arguments for appeal.

Under Federal law which is applicable to all states, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828) They are not "voidable", but simply "void"; and form no bar to a recovery sought, even prior to a reversal in opposition to them.  They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers. " Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828) Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

**Further Authority offered in Support of Respondent Plaintiffs Fifth Argument Relevant to Unenforceability of orders entered in absence Subject matter Jurisdiction**

The presence of subject matter jurisdiction is a threshold issue that this court must determine before the merits of the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).

**Respondent Plaintiffs Sixth Argument "remand" not "dismissal" might be appropriate.**

Xarelto Case Management Order #9 effectively stayed the original cases in controversy (subject matter) transferred to this court by the Judicial Panel under 28 USC 1407. At all times subsequent to the entry of Xarelto Case Management Order #9 this court has turned its attention to the subject matter of the private settlement agreement, which presents a different case in controversy (subject matter). Plaintiffs herein assert that this court lacked subject matter jurisdiction related to all orders entered and actions taken by this court subsequent to the entry of Case Management Order #9.

If this courts entry of Xarelto Case Management Order #9 effectively intended to stay plaintiffs original cases in controversy Ad Infinium, signaling that this court has concluded all matters relevant to "pretrial

proceedings, pursuant to the plain language of USC 28 1407, this court should remand the cases to their courts of original jurisdiction, of plaintiffs moving in this instant matter versus dismissing those cases.

**Authorities in Support of Respondent Plaintiffs Sixth Argument "remand" not "dismissal" might be appropriate.**

Once "coordinated or consolidated pretrial proceedings" have been completed in the transferee court, the transferred cases must be remanded to their original courts (whether for trial or otherwise). Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 28 (1998).

The use of the mandatory term "shall" normally create an obligation impervious to judicial discretion. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998)

**Respondent Plaintiffs Arguments Arising Under FRCP 60(b)(4)**

In as much as plaintiffs acknowledge that the subject matter arising from the case in controversy (subject matter) arising from the private settlement agreement (contact case)and  beyond this court's jurisdiction, in as much as the private settlement agreement presents a hypothetical case in controversy not an actual case in controversy, seeking relief under FRCP Rule 12(b)(1) and FRCP Rule 12(h)(3) might place a cloud over plaintiffs arguments arising under these rules.  The plain language of  FRCP Rule 12(b)(1) and FRCP Rule 12(h)(3) does not directly address "hypothetical cases in controversy" which could not be properly before any court in the first instance, while the language of  FRCP 12(b)(6) does not present the same potential issue, plaintiffs none the less feel compelled to move, based on the same arguments and citations of law relevant to their FRCP Rule 12(b)(1), FRCP Rule 12(b)() and  FRCP Rule 12(h)(3) under FRCP Rule 60(b)(4), seeking the same relief sought under FRCP Rule 12(b)(1), FRCP Rule 12(b)() and FRCP Rule 12(h)(3)

Plaintiffs Arguments Arising Under FRCP 60(b)(4) provides a mechanism by which aggrieved parties can move for relief from a void order or judgement. As previously argued, plaintiffs herein assert that Case

Management Orders 11, 12, 12A and 12B as well as the instant order to show cause are void on their face for lack of subject matter jurisdiction.

Plaintiffs therefore or in addition to the relief sought herein, pursuant to FRCP Rule 12(b)(1), FRCP Rule 12(b)() and  FRCP Rule 12(h)(3), seek the same relief under Under FRCP 60(b)(4).

**Respondent Plaintiffs Further Arguments with citations and authorities incorporated:**

Respondent Plaintiffs further show this court that it is already aware that subject matter jurisdiction is absent over certain individual plaintiffs relevant to the "private settlement agreement" for reasons other than those stated herein. See: ORDER TO SHOW CAUSE REGARDING PLAINTIFFS OVER WHOSE CLAIMS THE COURT LACKS SUBJECT MATTER JURISDICTION Case (2:14-md-02592-EEF-MBN Document 16220 Filed 09/20/19).  However, this court has improperly placed the burden related to the foregoing to establish that this court does lacks subject matter jurisdiction on plaintiffs who have never moved this court to exercise jurisdiction over the private settlement agreement in the first instance.

The burden to properly invoke this subject matter jurisdiction over the new and distinct subject matter of the private settlement agreement lies with those certain members of the former Xarelto MDL Plaintiffs Steering Committee and Plaintiff Executive Committee and those certain defense counsel that invoked this court to enter orders related to, arising from or reliant on the "private settlement agreement" as a prerequisite to moving this court to enter orders thereon.

In as much as those parties who moved this court to enter orders related to, arising from or in reliance on the existence of the private settlement agreement (absent from the court record) having  failed to ascertain which individual plaintiffs this court lacked subject matter jurisdiction arising from "lack of total diversity", this court must assume that the foregoing applies to each and every Xarelto MDL 2592 in as much as those parties moving the court to enter orders arising from, related to or in reliance on the existence "private settlement agreement" failed to identify any individual plaintiff to whom the matter arising from "lack of total diversity" applies or does not apply. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted)

The party seeking to invoke the Court's jurisdiction bears the burden of establishing subject matter jurisdiction of the federal courts. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936) "Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1669 (1983)".

Those parties that invoked this courts jurisdiction in the first instance bore the burden of proving all matter arising from "lack of total diversity" relevant to each individual plaintiffs case prior to moving this court to enter orders over which it lacked subject matter jurisdiction over any individual plaintiff that might be aggrieved by such orders.

In as much as jurisdiction is a Federal "threshold matter", those parties who invoked this courts jurisdiction over any individual plaintiff can not be cured retroactively nor by improperly shifting the burden to "disprove" this courts jurisdiction to the aggrieved plaintiff. "The presence of subject matter jurisdiction is a threshold issue that this court must determine before the merits of the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).

## ARGUMENTS RELEVANT TO SPECIFIC ORDERS

**On March 7, 2019** this court entered MDL 2592 Case Management Order # 8 (Case 2:14-md-02592-EEF-MBN Document 12776).

Respondent Plaintiffs herein assert that MDL 2592 Case Management Order # 8 was the last order entered by this court over which this court possessed jurisdiction over the subject matter conferred under the Judicial Panel on Multidistrict Litigations initial order consolidating and transferring plaintiffs individual cases to this court and conferring the limited jurisdiction upon this court found in 28 USC 1407.  Plaintiff raise no challenge to this court's jurisdiction related to nor arising from MDL 2592 Case Management Order # 8.

**March 25, 2019** this court entered MDL 2592 Case Management Order #9, stay of proceedings Case (2:14-md-02592-EEF-MBN Document 12900) and **August 9, 2019** this court entered MDL 2592 Case Management Order #9A, supplemental stay order (Case 2:14-md-02592-EEF-MBN Document 14875)

Respondent Plaintiffs herein assert that Xarelto MDL Case Management Order #9 stayed all proceedings arising from Respondent Plaintiffs plaintiffs original case in controversy (subject matter), the court having turned its attention all times thereafter to the new and unique hypothetical case in controversy (subject matter) arising from the "private settlement agreement".

Respondent Plaintiffs acknowledge that certain orders entered subsequent to  Xarelto MDL Case Management Order #9, partially lifted the stay imposed by Xarelto MDL Case Management Order #9 however, in as much these subsequent orders only lifted the stay imposed by Xarelto MDL Case Management Order #9 so as to allow this court to rule on matters arising under the "private settlement agreement", Respondent Plaintiffs assert that any partial subsequent lifting of the stay imposed, does not change the jurisdictional factors addressed herein.

In as much as this court has not stated whether it intended to stay Respondent Plaintiffs' original cases in controversy (subject matter) Ad Infinium, Respondent Plaintiffs seek clarification from the court on this issue. If it was the courts intention to stay Respondent Plaintiffs original cases in controversy (subject matter) Ad Infinium then Respondent Plaintiffs herein assert that remand is required, rather than dismissal whether with or without prejudice.

Once "coordinated or consolidated pretrial proceedings" have been completed in the transferee court, the transferred cases must be remanded to their original courts (whether for trial or otherwise). Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 28 (1998).

The use of the mandatory term "shall" normally creates an obligation impervious to judicial discretion. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998)

**On March 25, 2019**   this court entered Xarelto MDL 2592 Case Management Order #10 regarding the registration of Xarelto-related cases and claims (Case 2:14-md-02592-EEF-MBN   Document 12901)

Based on the arguments, reasoning and citations of law herein Respondent Plaintiffs herein that this court lacked the required subject matter jurisdiction to enter Xarelto MDL Case Management Order #10, at the time this order was entered, in as much as this court lacked subject matter jurisdiction over the "private settlement agreement" upon which this order arises from is related to the "private settlement agreement" over which this court lacks subject matter jurisdiction in the first instance.

Respondent Plaintiffs move this court to vacate Case Management Order #10 pursuant to FRCP Rule 12(b)(1), 12(b)(6)  and FRCP Rule 12(h)(3).

In addition to or in the alternative, Respondent Plaintiffs move this court for relief from Xarelto MDL Case Management Order #10 pursuant to FRCP Rule 60 (b)(4) for relief from this order. Respondent Plaintiffs further move this court to vacate this order pursuant to FRCP Rule 60 (b)(4).

**On March 26, 2019**  this court entered Xarelto MDL 2592 Case Management Order #10A regarding the forms to be used in registering Xarelto-related cases and claims (Case 2:14-md-02592-EEF-MBN Document 12905)

Based on the arguments, reasoning and citations of law herein: Respondent Plaintiffs assert that this court lacked the required subject matter jurisdiction to enter Xarelto MDL Case Management Order #10A, at the time this order was entered, in as much as this court lacked subject matter jurisdiction over the "private settlement agreement" upon which this order arises from is related to the "private settlement agreement" over which this court lacks subject matter jurisdiction in the first instance.

Plaintiffs move this court to vacate Case Management Order #10A pursuant to FRCP Rule 12(b)(1), 12(b)(6) and FRCP Rule 12(h)(3).

In addition to or in the alternative, Respondent Plaintiffs move this court for relief from Xarelto MDL 2592Case Management Order #10A pursuant to FRCP Rule 60 (b)(4) for relief from this order. Respondent Plaintiffs further move this court to vacate this order pursuant to FRCP Rule 60 (b)(4).

**On March 26, 2019**  this court entered Xarelto MDL  2592 Case Management Order #11, docket control (Case 2:14-md-02592-EEF-MBN Document 12902)

Based on the arguments, reasoning and citations of law herein: Respondent Plaintiffs assert that this court lacked the required subject matter jurisdiction to enter Xarelto MDL Case Management Order #11, at the time this order was entered, in as much as this court lacked subject matter jurisdiction over the "private settlement agreement" upon which this order arises from is related to the "private settlement agreement" over which this court lacks subject matter jurisdiction in the first instance.

Respondent Plaintiffs move this court to vacate Case Management Order #11 pursuant to FRCP Rule 12(b)(1), 12(b)(6)  and FRCP Rule 12(h)(3).

In addition to or in the alternative, Respondent Plaintiffs move this court for relief from Xarelto MDL 2592 Case Management Order #11 pursuant to FRCP Rule 60 (b)(4) for relief from this order. Respondent Plaintiffs further move this court to vacate this order pursuant to FRCP Rule 60 (b)(4).

**On July 1, 2019**   this court entered Xarelto MDL 2592 Case Management Order #12 regarding Xarelto Settlement Program (Case 2:14-md-02592-EEF-MBN Document 13608)

Based on the arguments, reasoning and citations of law herein: Respondent Plaintiffs assert that this court lacked the required subject matter jurisdiction to enter Xarelto MDL Case Management Order #12, at the time this order was entered, in as much as this court lacked subject matter jurisdiction over the "private settlement agreement" upon which this order arises from is related to the "private settlement agreement" over which this court lacks subject matter jurisdiction in the first instance.

Respondent Plaintiffs move this court to vacate Case Management Order #12 pursuant to FRCP Rule 12(b)(1), 12(b)(6) and FRCP Rule 12(h)(3).

In addition to or in the alternative, Respondent Plaintiffs move this court for relief from Xarelto MDL 2592 Case Management Order #12 pursuant to FRCP Rule 60 (b)(4) for relief from this order. Plaintiffs further move this court to vacate this order pursuant to FRCP Rule 60 (b)(4).

**On August 9, 2019** this court entered MDL 2592 Xarelto MDL 2592 Case Management Order #11A, supplemental docket control order (Case 2:14-md-02592-EEF-MBN Document 14876)

Based on the arguments, reasoning and citations of law herein: Respondent Plaintiffs assert that this court lacked the required subject matter jurisdiction to enter Xarelto MDL Case Management Order #11A, at the time this order was entered, in as much as this court lacked subject matter jurisdiction over the "private settlement agreement" upon which this order arises from is related to the "private settlement agreement" over which this court lacks subject matter jurisdiction in the first instance.

Respondent Plaintiffs move this court to vacate Case Management Order #11A pursuant to FRCP Rule 12(b)(1), 12(b)(6) and FRCP Rule 12(h)(3).

In addition to or in the alternative, Respondent Plaintiffs move this court for relief from Xarelto MDL 2592 Case Management Order #11A pursuant to FRCP Rule 60 (b)(4) for relief from this order. Plaintiffs further move this court to vacate this order pursuant to FRCP Rule 60(b)(4).

**August 9, 2019** this court entered Xarelto MDL 2592 Case Management Order #12A, superseding order on notice of intent to proceed (Case 2:14-md-02592-EEF-MBN Document 14877)

Based in the arguments, reasoning and citations of law herein: Plaintiffs' assert that this court lacked the required subject matter jurisdiction to enter Xarelto MDL Case Management Order #12A, at the time this order was entered, in as much as this court lacked subject matter jurisdiction over the "private settlement agreement" upon which this order arises from is related to the "private settlement agreement" over which this court lacks subject matter jurisdiction in the first instance.

Respondent Plaintiffs move this court to vacate Case Management Order #12A pursuant to Respondent Plaintiffs move this court to vacate Case Management Order #12A pursuant to FRCP Rule 12(b)(1), 12(b)(6)  and FRCP Rule 12(h)(3).

In addition to or in the alternative, Plaintiffs move this court for relief from Xarelto MDL 2592 Case Management Order #12A pursuant to FRCP Rule 60 (b)(4) for relief from this order. Plaintiffs further move this court to vacate this order pursuant to FRCP Rule 60(b)(4).

**August 29, 2019**   Case Management Order 12B Case Management Order #12B, Proceedings to Enforce CMOs 12 and 12A (Case 2:14-md-02592-EEF-MBN Document 15257)

Based in the arguments, reasoning and citations of law herein: Plaintiffs' herein assert that this court lacked the required subject matter jurisdiction to enter Xarelto MDL Case Management Order #12B, at the time this order was entered, in as much as this court lacked subject matter jurisdiction over the "private settlement agreement" upon which this order arises from is related to the "private settlement agreement" over which this court lacks subject matter jurisdiction in the first instance.

Respondent Plaintiffs move this court to vacate Case Management Order #12B pursuant to FRCP Rule 12(b)(1), 12(b)(6) and FRCP Rule 12(h)(3).

In addition to or in the alternative, P Respondent Plaintiffs move this court for relief from Xarelto MDL 2592 Case Management Order #12B pursuant to FRCP Rule 60 (b)(4) for relief from this order. Respondent Plaintiffs further move this court to vacate this order pursuant to FRCP Rule 60(b)(4).

**July 19, 2019**, this court entered Pretrial Order #32 Service of Process on Defendants (Case 2:14-md-02592-EEF-MBN Document 1426)

Based on the arguments, reasoning and citations of law herein: Respondent Plaintiffs herein assert that this court lacked the required subject matter jurisdiction to enter Xarelto MDL Pretrial Order #32 at the time this order was entered, in as much as this court lacked subject matter jurisdiction over the "private

settlement agreement" upon which this order arises from is related to the "private settlement agreement" over which this court lacks subject matter jurisdiction in the first instance.

Respondent Plaintiffs move this court to vacate Case Management Pretrial Order #32A pursuant to FRCP Rule 12(b)(1), 12(b)(6) and FRCP Rule 12(h)(3).

In addition to or in the alternative, Respondent Plaintiffs move this court for relief from Xarelto MDL 2592 Case Pretrial Order #32 pursuant to FRCP Rule 60 (b)(4) for relief from this order. Plaintiffs further move this court to vacate this order pursuant to FRCP Rule 60(b)(4).

**AUGUST 6th 2019**, PRETRIAL ORDER NO. 32A (Superseding Order on Service of Process on Defendants)

Based in the arguments, reasoning and citations of law herein: Respondent Plaintiffs herein assert that this court lacked the required subject matter jurisdiction to enter Xarelto MDL Pretrial Order #32A at the time this order was entered, in as much as this court lacked subject matter jurisdiction over the "private settlement agreement" upon which this order arises from is related to the "private settlement agreement" over which this court lacks subject matter jurisdiction in the first instance.

Respondent Plaintiffs move this court to vacate Case Management Pretrial Order #32A to FRCP Rule 12(b)(1), 12(b)(6) and FRCP Rule 12(h)(3).

In addition to or in the alternative Respondent Plaintiffs move this court for relief from Xarelto MDL 2592 Case Pretrial Order #32A pursuant to FRCP Rule 60 (b)(4) for relief from this order. Plaintiffs further move this court to vacate this order pursuant to FRCP Rule 60(b)(4).

**On September 20, 2019** this court entered two Orders To Show Cause Regarding Plaintiffs Who Have Failed To Comply With Case Management Order 12A. (Case 2:14-md-02592-EEF-MBN Document 16219) and (Case 2:14-md-02592-EEF-MBN Document 16219)

Based in the arguments, reasoning and citations of law herein: Respondent Plaintiffs herein assert that this court lacked the required subject matter jurisdiction to enter Xarelto MDL Pretrial Order 12A in the first instance and therefore lacked subject matter jurisdiction to enter the on September 20, 2019 order to show

cause.   Plaintiffs therefore move this court to vacate the order to show cause entered on to FRCP Rule 12(b)(1), 12(b)(6) and FRCP Rule 12(h)(3).

In addition to or in the alternative, Respondent Plaintiffs move this court for relief from Xarelto MDL 2592 Case from the September 20, 2019 order to show cause FRCP Rule 60 (b)(4) for relief from this order. Plaintiffs further move this court to vacate this order pursuant to FRCP Rule 60(b)(4).

**Plaintiffs Additional Arguments sounding in " Denial of  The Right to Be Heard"**

Respondent plaintiffs further assert that the show cause hearing at which over 2000 plaintiffs have been ordered to simultaneously appear along with their counsel was never intended to provide an actual, meaningful and realistic opportunity for these plaintiffs ordered to appear, to actually be heard.

The "right to be heard" conferred under the 5th and 14th amendments to the Constitution of the United States. Any court acting on a motion or other pleading or matter which might serve to prejudice the rights of an individual party before the court must afford a quinine, realistic and meaningful opportunity for those parties to be heard.  The mere pretense of the right to be heard is not enough to meet the requirements commonly referred to as "due process" or due process rights.

The defendant has moved this court to enter an order requiring in excess of 2000 plaintiffs to simultaneously personally appear in a court room that could not possibly accommodate the number of persons ordered to appear. Said order on its face could not have intended to provide any individual plaintiff with a meaningful right to be heard. The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 US 545, 552 (1965)

The defendant moved this court to issue the instant orders to show cause, with no basis for a belief that the limitations of the venue and time allotted to hear each plaintiff ordered to appear could possibly provide a meaningful opportunity for each plaintiff so ordered to appear, to be heard.

In as much as the defendants instant motion(s) to show cause, present a blatant affront to the "right to be heard" conferred under the 5th and 14th amendments to the Constitution of the United States, plaintiffs herein assert that the orders never intended to provide any individual plaintiff aggrieved by these motions a meaningful opportunity to be heard.

Again, plaintiffs assert that the "right to be heard" is a well settled matter and the Supreme Courts various and many rulings on this matter speak for themselves.

It is a fundamental doctrine of law that a party to be affected by a personal judgment must have his day in court, and an opportunity to be heard. Renaud v. Abbott, 116 US 277, 29 L Ed 629, 6 S Ct 1194.

Every person is entitled to an opportunity to be heard in a court of law upon every question involving his rights or interests, before he is affected by any judicial decision on the question. Earle v McVeigh, 91 US 503, 23 L Ed 398. An order that exceeds the jurisdiction of the court is void, and can be attacked in any proceeding in any court where the validity of the judgment comes into issue. (See Rose v. Himely (1808) Cranch 241, 2 L ed 608; Pennoyer v. Neff (1877) 95 US 714, 24 L ed 565; Thompson v. Whitman (1873) 18 Wall 457, 21 l ED 897; Windsor v. McVeigh (1876) 93 US 274, 23 L ed 914; McDonald v. Mabee (1917) 243 US 90, 37 Sct 343, 61 L ed 608. (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93–102 (1998) (rejecting doctrine of "hypothetical jurisdiction" that would allow a court to rule on issues of law before adjudicating jurisdiction))

**THIS COURT HAS JURISICION TO HEAR THIS MOTION**

A federal court has the authority to determine whether it has jurisdiction to hear a particular case. United States v. Ruiz, 536 U.S. 622, 628 (2002) (citing United States v. Mine Workers of Am., 330 U.S. 258, 291 (1947)).

## THIS MOTION IS TIMELY

The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).

## CONCLUSION

This court is lacks subject matter jurisdiction over the private settlement agreement in as much as the private settlement agreement does not exist in the record of the court.

This court is lacks subject matter jurisdiction over the private settlement agreement in as much as no party, at any time or in any form has properly invoked this courts jurisdiction over the private settlement agreement.

This court lacked and lacks the required subject matter jurisdiction to enter any order arising from, referencing, related to or relying on the existence of the private settlement agreement. The private settlement agreement is inherently extra judicial and therefore is beyond the reach of this court's jurisdiction.

The private settlement agreement presents no actual case in controversy over which this court could exercise or possess subject matter jurisdiction.

No judicial economy can be gained by this court continuing to take actions related to or arising from a matter over which the court lacks subject matter jurisdiction. No just outcome can arise from this court his court continuing to take actions related to or arising from a matter over which the court lacks subject matter jurisdiction. If this court continues exercising jurisdiction over the private settlement agreement, when jurisdiction over the subject matter thereof is clearly lacking, the aftermath of litigation arising from the settlement itself is likely to consume more judicial labor than the original litigation.

Respondent Plaintiffs herein encourage this court to exercise its independent obligation to examine and determine its own jurisdiction over the subject matter of the private settlement agreement and finding said subject matter jurisdiction is lacking, vacate all orders issued subsequent to, arising from or in reliance on

the extra judicial private settlement agreement, which does not exist for the purposes of adjudication of any matter before this court. "Thus, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006).

If, after vacatur of all previously entered orders entered by this court , arising from or in reliance on the extra judicial private settlement agreement, which does not exist for the purposes of adjudication of any matter before this court, those parties supporting the private settlement agreement wish to enter said agreement into the record of this court and seek certification of a "settlement class action", properly invoking this courts jurisdiction over that new matter at some future date, they are free to do so and any plaintiff aggrieved thereby can voice such grievances through objections and other protections provided absent plaintiffs under FRCP Rule 23(e).

At this point in time, the private settlement agreement is extra judicial. This court currently lacks the required jurisdiction to dispose of, dismiss or reject the agreement via a ruling under FRCP 23(e). The fact that the private settlement agreement is not now nor has it ever been properly before this court, there is no bar to the proponents of said agreement, after this court grants the relief sought herein, re-approaching this court with the same agreement, and on the "second go around" avoiding the lapses in the observances of due process which have brought Respondent Plaintiffs to the unfortunate circumstance they face today.

If this court wishes to re-enter any order styled as a " docket control order", previously referencing the "settlement agreement" , absent such reference, after the existing orders containing said reference are vacated, respondent plaintiffs do not contend that the court would lack jurisdiction to do so.

More simply put, plaintiffs simply ask this court to hit the reset button on the private settlement agreement so as to present the possibility of the proponents of the settlement agreement, "getting it right" on the second attempt.

Notwithstanding the matters arising from the absence of the private settlement agreement in the record, respondent plaintiffs assert that no actual consummated settlement agreement exists. The extra judicial settlement referenced in the orders on which the instant orders to show cause relies is a "contingent settlement agreement" in as much as the agreement provides various walk away rights to the defendant.

Federal Subject matter jurisdiction cannot arise from a contingent settlement agreement in as much as contingent matters do not present an actual case in controversy over which a Federal Court might even examine its jurisdiction, much less exercise jurisdiction.

"Jurisdiction requires that a claim be ripe for decision. Under the Constitution, federal courts are limited to deciding "actual, ongoing controversies." Honig v. Doe, 484 U.S. 305, 317 (1988). A claim is not ripe for adjudication if it rests upon "`contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. United States, 523 U.S. 296, 300 (1998) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985)). By requiring that claims be ripe before adjudicating them, courts promote judicial economy, avoid becoming entangled in abstract disputes, and ensure a record adequate to support an informed decision when a case is heard. Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967).

In as much as a "contingent settlement agreement", whether entered into the record of the court or not, cannot create an actual case in controversy over which a Federal Court could have jurisdiction over the subject matter thereof, as is the instant case. In as much as no this court cannot exercise jurisdiction over the subject matter of a "contingent settlement agreement", this court is also without jurisdiction to enter any order related to, referencing or relying on any judiciable matter arising from the "contingent settlement agreement", in as much as no judiciable matter can arise from matters that are contingent versus matters that present an actual case in controversy.

Without regard to prior arguments respondents assert the follow: Those  plaintiffs who do not agree (consent)  to the terms of the settlement agreement  cannot lawfully  be bound by the terms of the settlement agreement and thus cannot be bound by any order arising from, related to or dependent on the existence of the settlement agreement. Those plaintiffs that affirmatively reject the settlement agreement

once it is presented to them, certainly cannot be bound by any order arising from, related to or dependent on the existence of the settlement agreement

For the sake of judicial economy and to assure the due process rights of all Xarelto MDL 2592 plaintiffs are fully protected, responding plaintiffs again urge this court to vacate each and order entered by this court subsequent to, arising from, relating to, referencing or relying on the existence of the private settlement agreement so as to allow those parties that are proponents of the agreement a fair opportunity to have the settlement agreement properly adjudicated, without the probability of litigation arising from the settlement agreeing requiring more judicial labor than was employed in thus far in the adjudication of the original case in controversy.  MDL Courts jurisdiction over settlement is an issue of controversy among Federal Judges as well as Judicial Scholars. This instant matter et.al. if presented to the U.S. Supreme Court would likely result in that court ruling in a fashion that would not be favorable to the efficient resolution of future MDL cases in this court as well as other Federal Courts., as among other matters the U.S. Supreme Court would likely foreclose on the theory that MDLs are Quasi Class Actions.

## **PRAYER FOR RELIEF**

Based on the arguments, showings, citations of law and rule herein, Respondent Plaintiffs pray that this court grant relief from the instant show cause order to which this pleading is responsive pursuant to FRCP Rule 60(b)(4).

Based on the arguments, showings, citations of law and rule herein, Respondent Plaintiffs pray that this court vacate the instant show cause order to which this pleading is responsive to FRCP Rule 12(b)(1), 12(b)(6) and FRCP Rule 12(h)(3).

Based on the arguments, showings, citations of law and rule herein, Respondent Plaintiffs pray that this court vacate the instant show cause order to which this pleading is responsive to FRCP Rule 12(b)(1), 12(b)(6) and FRCP Rule 12(h)(3) and FRCP Rule 60(b)(4), plaintiffs pray for relief from all orders as well as vacatur of all prior orders entered by this court, referencing,  arising from, related to or in reliance on the existence of the private settlement agreement.

Plaintiffs further pray that this court independent honor its obligation to examine its own subject matter jurisdiction related to all matters presented herein, and finding said subject matter jurisdiction lacking, grant all relief sought by plaintiff under the courts own motion.

Respectfully submitted this 4th day of October 2019.

> By: /s/Tony Seaton
> Tony Seaton (BPR #7279)
> LAW OFFICES OF SEATON & BATES, PLLC
> 118 E. Watauga Ave.
> Johnson City, TN 37601
> Phone:(423) 282-1041
> Fax: (423) 282-0967
> e-mail: tony@tonyseaton.com
> Attorney for the Plaintiffs
> _____
>
> By: /s/ Thomas Smith
> Thomas Smith (BPR #35331)
> LAW OFFICES OF SEATON & BATES, PLLC
> 118 E. Watauga Ave.
> Johnson City, TN 37601
> Phone:(423) 282-1041
> Fax: (423) 282-0967
> e-mail: tom@tonyseaton.com
> Attorney for the Plaintiffs

## CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE The undersigned hereby certifies that on October 4, 2019, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

> /s/ Tony Seaton
>
> /s/ Thomas Smith