**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO.: 2592<br><br>SECTION: L<br>JUDGE ELDON E. FALLON<br>MAG. JUDGE NORTH |
| THIS DOCUMENT RELATES TO:<br><br>CECILIA ELIZABETH RODGERS ALVEY, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLIAM FRANCIS ALVEY, DECEASED<br><br>Civil Action No. 2:18-cv-06682 | Civil Action No. 2:18-cv-06682 |

**MOTION FOR MISCELLANEOUS RELIEF FROM OCTOBER 2, 2019, FIRST SUPPLEMENTAL ORDER REGARDING OCTOBER 7, 2019, SHOW CAUSE HEARING SCHEDULED IN REC. DOC. 16218 REGARDING CMO 12A NON-COMPLIANCE (hereinafter referred to as "Order dated October 2, 2019")**

NOW COME Elizabeth Middleton Burke, Esquire, Christiaan A. Marcum, Esquire, and the law firm of Richardson, Patrick, Westbrook & Brickman, LLC, who respectfully submit to this Court this Motion for Miscellaneous Relief in the above-referenced action. In support of this motion, Plaintiff's attorneys offer the following:

1. Plaintiff's action was incorrectly included on the Exhibit A list provided by BrownGreer to this Court naming plaintiffs that have failed to comply with this Court's CMO 12A.
2. Although Plaintiff's case was not included in the original Exhibit A list of plaintiffs entered on September 20, 2019 (Doc. No. 16219-1), it was added to the recent Exhibit

A list dated October 2, 2019, and accompanying the Order dated October 2, 2019. See Line 702, Page 51 (Doc. No. 16868-1).

3. However, inclusion of Plaintiff's case in Exhibit A to the Order dated October 2, 2019, was a clerical error and likely the result of a duplicate filing issue.

4. The above-captioned case was filed in 2018 by our firm for Plaintiff Cecilia Alvey on behalf of her late husband's estate (referred to hereinafter as the "2018 Alvey case"). Unbeknownst to us (or, apparently, BrownGreer for that matter), a duplicate action was later filed in 2019.

5. In the meantime, our firm enrolled Ms. Alvey's case into the Xarelto Settlement Program on July 29, 2019, and complied with all of the requirements thereof in advance of all applicable deadlines. See Plaintiff's MDL Centrality Fact Sheet, attached hereto as Exhibit A. In fact, our firm received a Notice of Complete Enrollment Package on September 5, 2019, from BrownGreer for Ms. Alvey's claim. See Notice of Complete Enrollment Package, attached hereto as Exhibit B.

6. As our firm continued to comply with the settlement program deadlines for Ms. Alvey's case (including most recently submitting an ECF application, fee, and supporting memorandum), a separate Alvey case (Case No. 2:19-cv-8759, hereinafter referred to as the "2019 Alvey case") had been identified by BrownGreer but assigned the same BrownGreer ID (38778) as the 2018 Alvey case.

7. The 2019 Alvey case was filed by Keith Altman, Esquire, of Excolo Law Firm. Unfortunately, BrownGreer failed to identify the duplicate filing issue, and it did not come to our firm's attention until August, at which time our firm reached out to Excolo Law Firm in an effort to resolve the problem.

8. It was agreed that Mr. Altman would dismiss his action since our firm filed Ms. Alvey's case first, and she wished to proceed with our representing her.

9. However, the 2019 Alvey action was never dismissed by Excolo Law Firm, and the two actions have now become conflated by BrownGreer. Although each action appears separately on Exhibit A to the Order dated October 2, 2019 (Line 158, Page 13 identifying the 2019 case and Line 702, Page 51 identifying the 2018 case in Doc. No. 16868-1), both have been assigned the same BrownGreer ID and deemed noncompliant – despite the fact that the 2018 Alvey case filed by the undersigned counsel is fully compliant with CMO 12A.

10. Undersigned counsel has once again reached out to Excolo Law, who has assured us that they will dismiss the 2019 Alvey case immediately.

11. Moreover, lead counsel for both the plaintiffs and defendants, along with BrownGreer, have been notified of the issue and our attempts to resolve the matter.

12. On October 4, 2019, BrownGreer confirmed to plaintiffs' lead counsel's office in writing that the 2018 Alvey case is, in fact, compliant with CMO 12A and will remove the action from its list of non-compliant plaintiffs, thereby removing this action from the Order to Show Cause Hearing scheduled on Monday, October 7, 2019. See Email Correspondence from Beasley Allen with note from BrownGreer dated October 4, 2019, attached hereto as Exhibit C.

WHEREFORE, Plaintiff, through undersigned counsel, respectfully requests that this Court remove Plaintiff's above-captioned case from Exhibit A to the Order dated October 2, 2019, excuse Plaintiff and undersigned counsel from appearing at the Show Cause hearing scheduled for Monday, October 7, 2019, and not dismiss Plaintiff's case for failure to comply with CMO 12A in light of the attached exhibits demonstrating compliance.

Respectfully submitted this 4th day of October, 2019.

/s/ Elizabeth M. Burke
Elizabeth M. Burke, Esquire
Christiaan A. Marcum, Esquire
RICHARDSON PATRICK WESTBROOK & BRICKMAN, LLC
1037 Chuck Dawley Blvd., Bldg. A
Mount Pleasant, SC 29464
Telephone: (843) 727-6500
Facsimile: (843) 216-6509

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 4, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ Sonja Howe
Sonja Howe, Paralegal