# UNITED STATES DISTRICT COURT
## EASTER DISTICT OF LOUISANA

| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABLITY LITIGATION | Master File No. 2592 |
|---|---|
| | SECTION L |
| **Ballard, Joseph** Civil Action No 2:19-cv-00116 **Coffield, Janice** Civil Action No. 2:19-cv-08505 **Eanni, Richard** Civil Action No. 2:19-cv-08197 **Featherstone, Sean** Civil Action No.  2:19-cv-08107 **Jones, Andrea** Civil Action No 2:19-cv-08597 **Jordan, Anita** Civil Action No 2:19-cv-08132 **Keller, Fred** Civil Action No 2:19-cv-08312 **Molton, James** Civil Action No 2:19-cv-08450 **Pollard, Lois** Civil Action No 2:19-cv-08162 **Reed, Melissa** Civil Action No 2:19-cv-08309 **Richardson, Acquanetta** Civil Action No 2:19-cv-08434 **Smith, Yolanda** Civil Action No 2:19-cv-08187 **Speece, Terry** Civil Action No 2:19-cv-08148 **Wagner, Jacob** Civil Action No 2:19-cv-08422 **White, Darrell** Civil Action No 2:19-cv-08125 **Wilson, Dwana** Civil Action No 2:19-cv-07976 **All Plaintiffs Similarly Situated** | MDL No. 2:14-MD-02592 JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH  <u>PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR REPLY TO DEFENDANTS OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM ORDER TO SHOW CAUSE (DOC 17353)</u> <u>PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR REPLY TO DEFENDANTS OBJECTIONS (DOC 17353) to PLAINTIFFS' MOTION FOR RELIEF FROM ORDER TO SHOW CAUSE AND PLAINTIFFS' MOTION TO VACATE CERTAIN ORDERS ENTERED BY THIS HONORABLE COURT (DOC 17338)</u> |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' OBJECTIONS (DOC 17353) to PLAINTIFFS' MOTION FOR RELEIF FROM ORDER TO SHOW CAUSE AND PLAINTIFFS' MOTION TO VACATE CERTAIN ORDERS ENTERED BY THIS HONORABLE COURT (DOC 17338)**

Plaintiffs through their undersigned counsel files the instant Motion for Leave to file a Sur-Reply to Defendants Opposition to Plaintiffs Motion for Relief from Order to Show Cause and Motion to Vacate certain Orders entered by this Honorable Court.

The Moving Plaintiffs filed a Motion to Dismiss and Vacate Certain Orders previously entered by this Honorable Court. (Doc 17338) Defendants filed their Reply to Plaintiffs Motion (Doc 17338)

Moving Plaintiffs, through there undersigned counsel move for leave to file a Sur Reply to defendants Motion in Opposition to and Plaintiffs Motion to Vacate Certain Orders Entered by This Court (Doc 17338)

"The standard for granting a leave to file a Sur-Reply is whether the party making the motion would be unable to contest matters presented to the Court for the first time in the opposing party's reply." Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)

Moving Plaintiffs seek a fair opportunity to respond to the assertions and authorities cited by Defendants in their Reply. Accordingly, we request that the Court accept the following Sur-Reply to Defendants response.

In as much as the Defendants' response marks the first time the Defendants have made any assertion or argument whatsoever on the record, in any form, claiming that this Court possessed jurisdiction over the subject matter of the extra judicial contingent private settlement agreement,

(Final Private Settlement Agreement referenced first in CMO 10). Moving plaintiffs pray that this Court grant moving plaintiffs leave to file this instant Sur-Reply. Additionally, Defendants have cited case law and other authorities in their response to Plaintiffs' prior motion, which is wholly inapt to the matter Plaintiffs put before this Court. Plaintiffs should be given the opportunity to respond to these inapt citations of authority.

## PRELIMINARY STATEMENT AND PRIMARY ARUGUMENT

Defendants response in objection rests solely on an assertion that this Court possessed inherent authority to (inter alia) enter orders to assist the parties in effectuating the terms of the Final Private Settlement Agreement. Putting aside the fact that the Defendants did not assert this jurisdictional theory as a threshold matter prior to moving this Court to enter orders to assist the parties in effecting the terms of the Final Private Settlement Agreement, defendants arguments fail inasmuch as the referenced Final Private Settlement Agreement have not been memorialized in any Order entered by this Court. Absent the terms of the Final Private Settlement Agreement having been memorialized in an Order entered by this Court, the Final Private Settlement Agreement does not exist as to any matter judiciable before this Honorable Court. This Court cannot possibly possess subject matter jurisdiction, arising from inherent authority or otherwise, over a settlement agreement that for the purposes of adjudication before this Court, does not exist.

Although there are many circumstances in which a Federal Court might have subject matter jurisdiction over a settlement agreement as well as many circumstances in which a Federal Court would not, one absolute certainty is that absent the settlement agreement itself having been entered into the record of the case or the terms thereof fully memorialized in an Order entered by the Court, there is nothing properly before the Court over which the Court could even begin to

analyze the propriety of its jurisdiction. The foregoing was made clear in Kokkonen v. Guardian Life Ins. Co. of America, 511 US 375 - Supreme Court 1994 and further interpreted in the 5th Circuit Court of appeals in Hospitality House, Inc. v. Gilbert, 298 F. 3d 424 - Court of Appeals, 5th Circuit 2002.

*The primary jurisdictional question before this Honorable Court relevant to this Court's (lack of) subject matter jurisdiction  to enter orders to assist parties in effectuating the terms of the Final Private Settlement Agreement, is "What Final Private Settlement Agreement"?*

*Where a District Court lacks ancillary jurisdiction to enforce a settlement agreement "enforcement of the settlement agreement is for the state Courts, unless there is some independent basis for federal jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). First, the undersigned will assess whether this Court has federal question jurisdiction. As plaintiff seeks the re-negotiation or modification of the 2010 settlement agreement, which is governed by general principles of contract law, there is no federal question. See Torres v. Walker, 356 F. 3d 238, 245 (2d Cir. 2004).(italics added).*

*Kokkonen v. Guardian Life Ins. Co. of America, 511 US 375 - Supreme Court 1994 Id.  at 380 No case of ours asserts, nor do we think the concept of limited federal jurisdiction permits us to assert, ancillary jurisdiction over any agreement that has as part of its consideration the dismissal of a case before a Federal Court. (italics added).*

*"The mere mention of the existence of a document is insufficient to incorporate the contents of the document." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). (italics added).*

*District Court may exercise ancillary jurisdiction to enforce a settlement agreement "only if the dismissal order expressly retained jurisdiction over that particular agreement, or incorporated it*

*into the order." State Street House, Inc. v. New York State Urban Development Corp., 75 F.*

*App'x 807, 810 (2d Cir. 2003) (summary order) (citing Herrick Co., Inc. v. SCS*

*Communications, Inc., 251 F.3d 315, 327 (2d Cir. 2002) (additional citation omitted));*

*Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015). "[M]erely acknowledging the*

*existence of the settlement that precipitated the dismissal" will not suffice. StreetEasy, Inc. v.*

*Chertok, 752 F. 3d 298, 306 (2d Cir. 2014). (italics added).*

*Hospitality House, Inc. v. Gilbert, 298 F. 3d 424 - Court of Appeals, 5th Circuit 2002 Id. at 430*

*In Kokkonen v. Guardian Life Insurance Co., 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391*

*(1994), the Supreme Court explained that "[e]nforcement of [a] settlement agreement ... is more*

*than just a continuation or renewal of the dismissed suit, and hence requires its own basis for*

*jurisdiction." Id. at 378, 114 S.Ct. 1673. The Court held that a Court's "ancillary jurisdiction"*

*"to manage its proceedings, vindicate its authority, and effectuate its decrees" provides such an*

*independent jurisdictional basis to enforce a settlement agreement only if "the parties' obligation*

*to comply with the terms of the settlement agreement ha[s] been made part of the order of*

*dismissal." Id. at 380-81, 114 S.Ct. 1673. The Court specified two ways in which a Court may*

*make a settlement agreement part of its dismissal order: "either by separate provision (such as a*

*provision `retaining jurisdiction' over the settlement agreement) or by incorporating the terms of*

*the settlement agreement in the order." Id.[6] (italics added).*

*Hospitality House, Inc. v. Gilbert, 298 F. 3d 424 - Court of Appeals, 5th Circuit 2002 Id. at 431*

*It is not entirely clear whether the district Court meant that the Agreement had been attached to*

*the dismissal order or to the motion to dismiss In any event, the parties 431*431 agree that the*

*Agreement was not attached to the district Court's dismissal order.[8] Moreover, even assuming*

*that the Agreement were attached to the order, this fact alone would not be sufficient to incorporate the Agreement into the order under Kokkonen. At most, physical attachment of a settlement agreement to a dismissal order evinces the district judge's "awareness and approval of the terms of the settlement agreement," which "do not suffice to make them part of his order." Kokkonen, 511 U.S. at 381, 114 S.Ct. 1673 (italics added).*

The Kokkonen Court's determination that a district Court has ancillary jurisdiction to enforce a settlement agreement only if the Court makes the agreement part of its dismissal order is based on the principle that "[f]ederal Courts are Courts of limited jurisdiction." Id. at 377, 114 S.Ct. 1673. The Court pointed out that "[n]o federal statute" gives federal Courts jurisdiction to hear a claim for breach of an agreement merely by virtue of the fact that "part of the consideration for [the agreement] was dismissal of an earlier federal suit." Id. at 381, 114 S.Ct. 1673. However, the Court reasoned, where a district Court makes the agreement part of its dismissal order, "a breach of the agreement would be a violation of the order," and, thus, enforcement of the agreement would amount to enforcement of the order, an action that the Court may take pursuant to its ancillary jurisdiction "to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 380-81, 114 S.Ct. 1673. Correspondingly, the Court explained that where the district Court does not make a settlement agreement part of its dismissal order, "jurisdiction over [the agreement] is in no way essential to the conduct of federal-Court business," and, thus, absent some independent basis for federal jurisdiction, "enforcement of the settlement agreement is for state Courts." Id. at 381-82, 114 S.Ct. 1673. Accordingly, Kokkonen makes clear that in the context of ancillary jurisdiction to enforce settlement agreements, the principle that federal Courts are Courts of limited jurisdiction requires distinguishing a district Court's intention to make the terms of a settlement agreement part of its dismissal order from the Court's mere

*recognition or approval of the settlement agreement. See id. at 381, 114 S.Ct. 1673. We thus conclude that to make a settlement agreement part of a dismissal order by incorporation, Kokkonen requires a district Court to clearly indicate its intention within the dismissal order itself by expressly incorporating the agreement's terms. (italics added).*

*Hospitality House, Inc. v. Gilbert, 298 F. 3d 424 - Court of Appeals, 5th Circuit 2002 Id. at 432*

*Admittedly, the Kokkonen Court did not explicitly hold that a district Court's order of dismissal must contain an express statement 432\*432 incorporating a settlement agreement in order to vest the Court with ancillary jurisdiction to enforce the agreement. However, the Court did suggest such a requirement by noting that the dismissal order at issue in that case not only "did not reserve jurisdiction in the District Court to enforce the settlement agreement[, but also] did not so much as refer to the settlement agreement." 511 U.S. at 377, 114 S.Ct. 1673. Furthermore, a number of our sister circuits have similarly interpreted Kokkonen to require that a dismissal order expressly indicate the district Court's intention to make the terms of a settlement agreement part of its dismissal order. (italics added).*

*For example, in Miener v. Missouri Department of Mental Health, 62 F.3d 1126 (8th Cir.1995), the Eighth Circuit noted that "although Kokkonen does not state how a district Court may incorporate a settlement agreement in a dismissal order, the case does suggest the agreement must be `embod[ied]' in the dismissal order." Id. at 1128 (quoting Kokkonen, 511 U.S. at 381, 114 S.Ct. 1673) (alteration in original). The Miener Court thus concluded that a "mere reference" in the dismissal order at issue "to the fact of settlement does not incorporate the settlement agreement in the dismissal order." Id. (citing Hagestad v. Tragesser, 49 F.3d 1430, 1433 (9th Cir.1995)). Similarly, in In re Phar-Mor, Inc. Securities Litigation, 172 F.3d 270 (3d Cir.1999), the Third Circuit held that the district Court's inclusion of the phrase "pursuant to the*

*terms of the Settlement" in its dismissal order did not make the settlement agreement part of the order as contemplated by the Court in Kokkonen. Id. at 274-75. Rejecting the argument that this phrase was ambiguous and that the Court of appeals should thus defer to the district Court's determination that the agreement was incorporated into the order, the Third Circuit reasoned that "under Kokkonen, unexpressed intent is insufficient to confer subject matter jurisdiction." Id. at 275.* (italics added).

*Likewise, in Smyth v. Rivero, 282 F.3d 268 (4th Cir.2002), the Fourth Circuit held that under Kokkonen, "[t]he obligation to comply with a settlement's terms must be expressly made part of a Court's order for jurisdiction to enforce the settlement after dismissal of the action to exist." Id. at 283 (citing Kokkonen, 511 U.S. at 381, 114 S.Ct. 1673). The Smyth Court thus found that the dismissal order at issue did not provide the district Court with ancillary jurisdiction to enforce the settlement agreement because "the Court's findings [in its dismissal order] are most properly read as noting and reciting the agreement ... as a component of its analysis of the mootness of the case." Id. at 284. According to the Smyth Court, "[n]othing in th[e dismissal] order suggests that the terms of the parties' agreement are `incorporated' into the order by a clear indication that they must be complied with pursuant to the order itself, as opposed to the principles of contractual obligation." Id. Thus, the Courts of appeals in Miener, In re Phar-Mor, and Smyth all concluded that under Kokkonen, a dismissal order's mere reference to a settlement agreement is not sufficient to vest a district Court with ancillary jurisdiction to enforce that agreement.* (italics added).

*Hospitality House, Inc. v. Gilbert, 298 F. 3d 424 - Court of Appeals, 5th Circuit 2002 Id. at 434 Thus, the district Court does not have subject matter jurisdiction to enforce the Agreement based on that Court's order dismissing the prior suit that gave rise to the Agreement. Given that the*

*nursing home operators have not asserted another independent basis of federal jurisdiction, any action to enforce the Agreement is "for state Courts." Kokkonen, 511 U.S. at 382, 114 S.Ct. 1673. (italics added).*

Before this Honorable Court can consider defendants assertion that this Court possesses subject matter jurisdiction under its inherent authority, to enter orders to assist the parties to effectuate the terms of the Final Private Settlement agreement, Defendants must first show this Honorable Court the entry of an Order incorporating the terms of the Final Private Settlement agreement.

## DEFENDANTS IN APT CITATIONS OF AUTHORITY AND LACK OF OBJECTION TO PLAINTIFFS' MOTIONS BROUGHT PURSUANT TO FED. R. CIV. P 12(b)(1), FED. R. CIV P. 12. (b)(6) AND FED. R. CIV. P 12(h)(3)

Defendants limited their objection to the relief sought by Plaintiffs Pursuant to FED R. CIV. P. 60 (b)(4). Defendants entered no objections to Plaintiffs' prior motions filed pursuant to FED. R. CIV. P 12(b)(1), FED. R. CIV P. 12(b)(6) and FED. R. CIV. P 12(h)(3). Additionally defendant offered no argument that could be construed as opposing Plaintiffs' prior motions filed pursuant to FED. R. CIV. P 12(b)(1), FED. R. CIV P. 12.(b)(6)  and  FED. R. CIV. P 12(h)(3) nor offered any citation of authority relevant to these Rules whatsoever nor counter arguments to Plaintiffs' arguments and assertions  arising under and pursuant to these Rules.

In as much as the relief sought by Plaintiffs, pursuant to FED. R. CIV. P 12(b)(1), FED. R. CIV P. 12(b)(6) and  FED. R. CIV. P 12(h)(3), to which the Defendants have not objected are sufficient to provide all relief required by Plaintiffs, moving Plaintiffs herein, through their undersigned counsel move this Court to grant all relief sought by Plaintiffs in their prior motion by entry of the proposed order hereto attached FED. R. CIV. P 12(b)(1), FED. R. CIV P.

12(b)(6) and FED. R. CIV. P 12(h)(3), in as much as the defendant has not objected to this Honorable Court granting said relief sought under these Rules.

Defendants' response in objection to Plaintiffs' Motion brought Pursuant to FED. R. CIV P. 60(b)(4) offers numerous citations of authority, most of which are simply orders from various MDL Courts, which do not constitute any percentual ruling relevant or apt to plaintiffs' challenge to this Courts' (lack of) subject matter jurisdiction to enter orders to assist the parties in effectuating the terms of the Final Private Settlement Agreement referenced in Xarelto MDL CMO 10, in the absence of said Final Private Settlement Agreement being entered into the record of this Courts' or the complete terms of said agreement set forth in an order entered by this Honorable Court. Plaintiffs point out that prior to the Supreme Court's Ruling in Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 US 26 - Supreme Court 1998, MDL Courts routinely engaged in self-transfer under USC 28 § 1404, evident of the fact that citation of an order issued by an MDL Court is by no means evidence that said order complies with the law. Orders entered by Courts are not proper citations of authority for the purpose of supporting an assertion, claim or position in a pleading before any Federal Court. In as much as the Supreme Court's ruling in Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 US 26 - Supreme Court 1998, foreclose on any self-transfer by Courts finding original jurisdiction under USC 28 § 1407, it would be reasonable to conclude that in Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 US 26 - Supreme Court 1998 foreclosed on an MDL Court self-transferring a contract case (settlement), arising from an MDL settlement involving personal injury and product lability claims. Plaintiffs would prefer not to test the foregoing assertion on appeal of an adverse ruling on Plaintiffs' instant pleading.

The only citation of authority offered by Defendants that was remotely "jurisdictional in nature" is found in Acuna v. Brown & Root, Inc., 200 F. 3d 335 - Court of Appeals, 5th Circuit 2000. Although this case did address a jurisdictional issue, the citation of authority is not remotely apt to the current matter before this Court. The Federal Courts original jurisdiction in Acuna v. Brown & Root arose under "Federal Question Jurisdiction" pursuant to Price Anderson Act, 42 U.S.C. § 2210. Conversely this Courts limited original jurisdiction arose under 28 U.S.C. §1407.

*Acuna v. Brown & Root, Inc., 200 F. 3d 335 - Court of Appeals, 5th Circuit 2000 At 399 Courts that have considered the general question of the scope of jurisdiction under the 1988 amendments have found that Congress intended to create an exclusive federal cause of action for torts arising out of nuclear incidents. See, e.g., Roberts v. Florida Power & Light Co., 146 F.3d 1305 (11th Cir.1998); In re Three Mile Island II, 940 F.2d 832 (3d Cir.1991). (italics added)*

*Acuna v. Brown & Root, Inc., 200 F. 3d 335 - Court of Appeals, 5th Circuit 2000 at 341 "We find that the Price Anderson Act, 42 U.S.C. § 2210(n)(2), conferred federal jurisdiction over the cases before us and that removal was therefore proper. We also find that the district Court's pre-discovery orders and orders of dismissal were not abuses of its discretion. We therefore AFFIRM the judgments of the district Court." (emphasis added)*

If any authority arising from the Acuna case is apt to the instant matter before this Court, it would be the citation below, which would provide support for Plaintiffs' arguments, if apt at all.

*Acuna v. Brown & Root, Inc., 200 F. 3d 335 - Court of Appeals, 5th Circuit 2000 at 399 "and doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. See Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988) (italics added)*

Defendants also reference FED. R. Civ. P.16(c)(2). However, the Defendants do not assert that FED. R. Civ. P.16(c)(2). confers subject matter jurisdiction or could be a statutory basis for this Court entering orders to assist the parties in effectuating the Final Private Settlement agreement. It is well settled that the Federal Rules of Civil Procedural, are procedural. The word procedural is in the title. Federal Jurisdiction cannot be found in the Federal Rules of Civil Procedural. There are only two sources on which Federal Jurisdiction can be asserted and found to exists: The Constitution of the United States and Federal Statutes enacted by Congress which clearly and unambiguously are intended to confer jurisdiction to Federal Courts over specific cases in controversy and under specific circumstances. *Indeed, the Court has expressly recognized that the Rules Enabling Act does not bestow on it the power "to extend or restrict jurisdiction conferred by [another] statute." Willy v. Coastal Corp., 503 U.S. 131, 135, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (citing Sibbach v. Wilson & Co., 312 U.S. 1, 10, 61 S.Ct. 422, 85 L.Ed. 479 (1941))*

*Supreme Court cautioned that federal Courts should use the term "jurisdiction" only to describe "subject matter jurisdiction," not "emphatic time prescriptions in rules of Court." Kontrick v. Ryan, 540 U.S. 443, 454, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)s "To be jurisdictional, the restriction on the Court's authority not only must be specified by Congress — it must also express a clear Congressional intent to be jurisdictional." United States v. McGaughy, 670 F.3d 1149, 1156 (10th Cir.2012)*

Simply stated, the Defendants did not object to the relief sought in Plaintiffs' prior motion pursuant to FED. R. Civ. P.(b)(1), Fed. R. Civ P 12.(b)(6) or 12((h)(3), and therefore, this Court has no basis on which to deny the relief sought by plaintiffs in those prior motions.

In as much as the defendants have failed to cite a single authority or make a single direct argument or even directly oppose the relief sought by Plaintiffs pursuant to FED. R. Civ. P.(b)(1), Fed. R. Civ. P 12.(b)(6) nor 12((h)(3), it would be reasonable and proper for this Court to summarily grant all relief sought by Plaintiffs in their prior motions brought  pursuant to FED. R. Civ. P.(b)(1), Fed. R. Civ. P 12.(b)(6) or 12((h)(3), pursuant to Fed. R. Civ. P 12(c).

## PROCEDURAL BACKGROUND

On 12/12/2014 The Judicial Panel on Multidistrict Litigation granted a motion to transfer certain personal injury and product liability claims, arising under the various States laws governing personal injury and product liability actions pursuant to U.S.C. 28  § 1407 for the hearing of issues of common facts in pretrial proceedings, to be remanded back to their respective Courts of original jurisdiction at or before the conclusion of said pretrial proceedings.

Between 12/12/2014 and 02/27/2018, this Honorable Court adjudicated matters arising from the plaintiff's original cases in controversy (subject matter) being those personal injury and product liability claims transferred to this honorable Court pursuant to U.S.C. 28 § 1407. No later than 02/27/2017 this Court determined that it had exhausted all judicial labor required to adjudicate the issues of common facts in pretrial proceedings and began the mandatory (Pursuant to U.S.C 28 § 1407[a]) process of remanding cases back to their Courts of original jurisdiction.

**Excerpts from Official Transcripts of Status Conferences held on January 30, 2018 and February 27, 2018.**

*Excerpt from Official Transcript of Status Conferences held on January 30, 2018 Page 5 at line 5-6*

The Court: (added to identify speaker) *"It comes a point where the MDL has done everything it can do" and we are close to that point."*

*Excerpt from Official Transcript of Status Conferences held on January 30, 2018 Page 4 at 23-25 Continued on Page 5 1-2:*

The Court: (added to identify speaker) *"We moved it around so they could see it as numerous juries took a look at it. The verdict of the jury is somewhat important, but it's also not the only thing. The important thing is for the lawyers to see their case presented and all of the things that come with that.* **We did that."** **(emphasis added)**

Page 5 at 3-6. *"But at that point, the bellwether system is exhausted. It's not designed for the purpose of resolving cases. That's not the purpose of it. The purpose of it is to give the parties an opportunity to see their case in action."*

Page 5 at 7-11 **We've done that.** *(emphasis added) So now we have to go to Phase II and move the cases. It's not fair for the litigants, it's not fair for the lawyers, it's not fair for the system just to keep the cases in one place and just let them marinate and just sit there.* **So, it's time to begin focusing on sending them back.** *(emphasis added)*

Page 12-15 *"I met with the parties earlier and we decided that it would be appropriate to send 1200 cases back. The parties have met and conferred and feel that it's wise to send 600 back at a time."*

By no later than February 27, 2018 this Honorable Court, on and in the record of the case made in clear that it had reached an end to all judicial labor to adjudicate all pretrial issues of common fact, relevant to Plaintiffs' original cases in controversy (subject matter) arising from their personal injury and product liability claims U.S.C. 28 § 1407 relevant to plaintiffs original and in

accordance with the plain language of the U.S.C. 28 § 1407 (a) and as interpreted in Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 US 26 - Supreme Court 1998. The Court began the process of preparing to remand plaintiffs' original cases in controversy (subject matter) back to their States of Original Jurisdiction, under which States personal injury and product liability claims arose.

*"The use of the mandatory term "shall" normally creates an obligation impervious to judicial discretion. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998). Once "coordinated or consolidated pretrial proceedings" have been completed in the transferee Court, the transferred cases must be remanded to their original Courts (whether for trial or otherwise). Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 28 (1998) transferee Court must transfer a case back to the original district for trial after pretrial issues are resolved Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 40 (1998)"* (emphasis added)

Despite this Court having acknowledged that it exhausted all judicial labor required to conclude the pretrial proceedings no later than February 27, 2018 relevant to Xarelto MDL Plaintiffs original cases in controversy, this Court was left with nothing but to enter Orders and adjudicate issues relevant to the remand of Xarelto MDL Plaintiffs' individual cases. A new and different subject matter arose under a contract entered into between the Xarelto Defendants and Xarelto Plaintiffs' Steering Committee. Inexplicably, this Court issued  a stay of the remand process, in Xarelto CMO 9 and began issuing orders subsequent  to motions entered by stipulation between the Xarelto Defendants and Xarelto Plaintiffs Steering Committee to assist in effectuating the terms of the Final Private Settlement agreement, being the new and different subject matter

arising under the contract entered into by Xarelto Defendants and Xarelto Plaintiffs' Steering Committee.

Despite the contract being a Private Settlement agreement, extra judicial by nature and not judiciable before any Federal Court, and despite the contract having not been entered into the record of this case nor the terms thereof set forth in any order issued by this Court, the Xarelto Defendants and Xarelto Plaintiffs' Steering Committee continued to move this Court to enter Orders to assist in effectuating the terms of the Final Private Settlement agreement.

At no time did the Xarelto Defendants and Xarelto Plaintiffs' Steering Committee in any form or manner assert this Honorable Courts jurisdiction over the subject matter of the Final Private Settlement Agreement (inherently non judiciable) on the record of this case nor did at any time the Xarelto Defendants and Xarelto Plaintiffs' Steering Committee assert this Court's subject matter jurisdiction to enter Orders to assist in the effectuating of the terms of the Final Private Settlement agreement.

Over a year after this Honorable Court had declared an end to the adjudication of pretrial proceedings arising from common facts (pursuant to U.S.C. 28 § 1407) and had begun the processes required to remand individual plaintiffs cases back to their Courts of original jurisdiction, (pursuant to U.S.C. 28 § 1407(a)) the Xarelto Plaintiffs' Steering Committee and the Defendants advised inter alia this Court that "the parties" had an reached an extra judicial contingent private settlement agreement and began moving this Court to enter orders to assist the Parties to effectuate the provisions of the private Final Settlement Agreement. At no time however, have the Xarelto Defendants and Xarelto Plaintiffs' Steering Committee entered any pleading asserting any Statute which would counter the strict mandates of U.S.C. 29 1407(a) or provide this Court with any basis for jurisdiction over the subject matter of the Final Private

Settlement agreement, nor any basis for subject matter jurisdiction to enter Orders to assist in effectuating the terms of the Final Private Settlement Agreement.

On March 25, 2019 this Court entered Xarelto MDL 2592 Case Management Order #10 regarding the registration of Xarelto-related cases and claims (Document 12901)

**Xarelto MDL 2592 Case Management Order #10 at page 1:**

*"In order for this Court and the cooperating state Court jurisdictions with coordinated proceedings pending in Pennsylvania* (In Re Xarelto Litigation, *No. 2349, Philadelphia County Court of Common Pleas), and in California* (Xarelto Cases, *Judicial Council Coordinated Proceeding No. 4862, Superior Court of the State of California, County of Los Angeles) to cooperatively manage this litigation and to assist the Parties **to effectuate the provisions** of the **private Final Settlement Agreement** entered into between,* **inter alia,** *the **MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen (emphasis added) and Bayer ("Defendants"), (emphasis added)** it is necessary to identify all filed and unfiled Xarelto®-related claims:"*

The language of CMO 10 is conclusive of the fact that no "controversy" exists arising from the Final Settlement Agreement refenced in the Order. Federal Subject Matter Jurisdiction is lacking without both a case and a controversy existing. Even if the Defendants' response to Plaintiffs' prior motion is taken at face value and presuming that the Plaintiffs' original complaints gives rise to this Court's subject matter jurisdiction over the "contract" embodied in the "Final Settlement Agreement", CMO 10 clearly shows that there is no controversy before this Court arising from that contract.

Federal Jurisdiction requires both a case and a controversy. Absent a controversy, there is no case and there can be no Federal Jurisdiction.

When "both litigants desire precisely the same result," there is "no case or controversy within the meaning of Art. III of the Constitution." Moore v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 47, 48, 91 S.Ct. 1292, 28 L.Ed.2d 590 (1971)

"We are thus confronted with the anomaly that both litigants desire precisely the same result, namely a holding that the anti-busing statute is constitutional. There is, therefore, no case or controversy within the meaning of Art. III of the Constitution." Muskrat v. United States, 219 U. S. 346 (1911).

"[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (citation omitted). (italics added)

"Article III of the Constitution confines the federal Courts to adjudicating actual `cases' or `controversies.'" Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot Aetna Life Insurance Co. Of Hartford, Conn., supra at 240, (internal citations omitted).  The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interest.  Id. at 240-1 (internal citations omitted).

Plaintiffs' leadership and Defendants have at all times admitted the Plaintiffs' original claims were product liability claims (cases in controversy) and at no time has any party alleged that any case in controversy arising from an agreement (contract case in controversy) is properly before

this Court. At no time has any party entered any matter arising from a controversy over an

agreement between the parties (contract) or properly asserted this Honorable Court's Subject

Matter Jurisdiction, affirmatively on the record arising from a controversy related to an

*Agreement.*

*JOINT REPORT NO. 38 OF PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL (Doc 13813*
*Docketed on 06/20/2019)*

*Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") respectfully*
*submit this Joint Report No. 38. All Pre-Trial Orders are posted on the Court's website located at*
*www.laed.usCourts.gov/Xarelto. The Court's website also includes other postings relevant to the litigation.*
1.      *SETTLEMENT*
*On May 6, 2019, the Plaintiffs' Leadership and Defendants entered into a final Master Settlement*
*Agreement for resolution of Xarelto **product liability claims** (emphasis added) covered by the agreement.*
*The Master Settlement Agreement establishes the deadline for Plaintiffs to enroll in the Settlement*
*Program on or before August 5, 2019. (italics added)*

At no time has the Judicial Panel on Multidistrict Litigation considered arguments nor granted a motion to

transfer any case, pursuant to U.S.C. 28 §1407 to this Honorable Court involving an agreement (contract)

nor any controversy arising therefrom.

(Doc 122 Page 1 Starting at Paragraph 4 Continued on page 5)

*These common issues include, in particular, the adequacy of Xarelto's warning label with respect*
*to the risk of severe bleeding and These common issues include, in particular, the adequacy of Xarelto's*
*warning label with respect to the risk of severe bleeding and other injuries, the results of certain clinical*
*studies, and the alleged need for blood monitoring. Almost all **personal injury litigation** (emphasis added)*
*involves questions of causation that are plaintiff-specific. Those differences are not an impediment to*

*centralization where common questions of fact predominate. (italics added).*

Subsequent to the Entry of CMO 10, this Honorable Court entered Case Management Orders 10A, 11, 11A, 12,12A, and 12B  as well as other orders to  assist in effectuating the provisions of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen (emphasis added) and Bayer ("Defendants")

On October 2, 2019 this Honorable Court, upon defendants' motion, entered an Order to Show Cause for non-compliance with CMO 12A.

In response to the order to show cause, moving plaintiffs filed a response (Doc 17338).

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO COMPLY WITH CASE MANGEMENT ORDER 12A ENTERED ON October 2, 2019.**

**PLAINTIFFS' MOTION TO DISMISS HYPOTHETICAL CONTRACT ACTION AND ALL ORDERS ARISING FROM RELATED TO OR IN RELIANCE THERE ON, PURSUANT TO RULES 12(b)(1), 12(B)(6) AND  12(h)(3) AND VACATE ALL ORDERS ARISING FROM THE SAME.**

**PLAINTIFFS' MOTION FOR RELEIF FROM THE INSTANT ORDER TO SHOW CAUSE ORDER AS WELL AS XARELTO MDL 2592 CASE MANAGEMENT ORDERS 9, 9A, 10, 10A, 11, 11A, 12,12A, and 12B PURSUANT TO RULE 60(b)(4) AND FURTHER MOVES THIS COURT TO VACATE THESE ORDERS**

On 10/10/2019 Defendants (Doc 17353) filed direct objections to plaintiffs' motion pursuant to FED. R. CIV. P 60(b)(4) seeking relief from the Order to Show Cause. Defendants filed no direct objection to Plaintiffs Motions Filed Pursuant to FED. R. CIV. P 12(b)(1), 12(b)(6) and (12(h)(3). Moving plaintiffs' motions brought pursuant to FED. R. CIV. P 12(b)(1), 12(b)(6) and (12(h)(3) remain before this Court without objection from the defendants.

This Court has been shown no reason to delay in granting Plaintiffs' prior motion brought under FED. R. CIV. P 12(b)(1), 12(b)(6) and (12(h)(3). Plaintiffs have attached a proposed Order for immediate entry by this Honorable Court.

Defendants response in objection misconstrues Plaintiffs' prior motions as asserting that this Honorable Court would not have authority to enter Orders of the nature Plaintiffs' motion seeks, to have this Court vacate if said orders were issued arising from the subject matter of Plaintiffs' original complaint prior to the end of this Courts adjudication of pretrial proceedings arising from the subject matter of plaintiffs original complaints,  pursuant to U.S.C. 28 § 1407. Plaintiffs made no such assertions and thus Defendants' response is misplaced. Plaintiffs instead asserted inter alia that this Court lacked subject matter to enter Orders to assist the Parties to effectuate the provisions of the private Final Settlement Agreement entered into between, inter alia, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen (emphasis added) and Bayer ("Defendants.) in as much as the pretrial proceedings relevant to Plaintiffs' original case in controversy had reached their end and the extra judicial contingent private settlement agreement presented a hypothetical case with no actual controversy, over which this Honorable Court lacks subject matter jurisdiction.

Plaintiffs do not contend that this Honorable Court might not have subject matter jurisdiction to enter Orders similar to those entered to assist the Parties to effectuate the provisions of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen (emphasis added) and Bayer ("Defendants"), if those orders were entered to effectuate the remand procedures the Court had begun prior to PSC and Defendants having advised the Court of the private final settlement

agreement. Plaintiffs' assertions are limited to challenging this Courts' subject matter jurisdiction to enter Orders to assist the Parties to effectuate the provisions of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen (emphasis added) and Bayer ("Defendants"), absent subject matter jurisdiction, affirmatively asserted and found to exist on the record, over the private final settlement agreement in the first instance.

Defendants' response in objection and citations of authority in said response in objection are wholly inapt to plaintiffs' prior motion in as much as Defendants' response in objection misconstrues the foundation of Plaintiffs' factual arguments.

**PLAINTIFFS' SUR REPLY TO DEFENDANTS' (LACK OF) RESPONSE TO PLAINTIFFS' PRIOR MOTION BROUGHT PRUSUANT TO FED. R. CIV. P 12(b)(1)**

Plaintiffs herein, through their undersigned counsel, move this Court to grant all relief sought in Moving Plaintiffs' prior motion brought pursuant to FED. R. CIV. P 12(b)(1) and show this Honorable Court the following:

Defendants raised no direct objections to the relief sought by moving plaintiffs pursuant to FED. R. CIV. P 12(b)(1).

Moving plaintiffs launched a facial attack on this Court's jurisdiction over the subject matter of the extra judicial contingent private settlement agreement, pursuant to FED. R. CIV. P 12(b)(1).

Defendants for the first time, affirmatively on the record of the case and in objection to plaintiff's motion seeking relief from pursuant FED. R. CIV. P 60(b)(4), entered arguments and citations of case law in support of this Courts' certain "authorities". However, defendants failed to cite any statutory basis giving rise to the certain "authorities "claimed.

Moving Plaintiffs' cited no reference to any document or pleading entered into the record of the case prior to Defendants having moved this Court to enter this Court to enter orders, relying on, referencing, arising from nor dependent on the subject matter of the extra judicial contingent private settlement agreement.

Plaintiffs' offered the following authorities in support of their original motion brought pursuant to FED. R. CIV. P 12(b)(1). The Defendants' response made no arguments nor cited any authority in contest to Plaintiffs' prior assertions and citations of authority relevant to Plaintiffs' motion brought under FED. R. CIV. P12(b)(1).

Plaintiffs previously asserted authority uncontested by defendant in response: *The United States Court of Appeals for the Fifth Circuit recognizes a distinction between **a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings**, (emphasis added) and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. See Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981); accord Ramming, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (italics added)*

In Ramming it was the Plaintiff who sought the Federal Forum and therefor Ramming references "the plaintiff" as having the burden of establishing jurisdiction. This does not change the well settled matter that the party seeking the federal forum (regardless of the parties' label) bears the

burden of properly invoking the Federal Courts jurisdiction, by citation of statute and argument, on and in the record of the case. *See: "It is to be presumed that a cause lies outside [of federal Courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted) (italics added)*

Plaintiffs previously asserted this authority uncontested by defendant in response: *"Federal Courts are Courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." Stockman v. Fed. Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998). "It is incumbent on all federal Courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." Id. Under Rule 12(b)(1) the district Court can dismiss for lack of subject matter jurisdiction on the basis of the complaint alone. See Williamson v. Tucker, 645 F.2d 404, 412-413 (5th Cir. 1981). (emphasis added, italics added)*

In order to overcome Plaintiffs' facial attack on this Courts' (lack of ) subject matter jurisdiction brought pursuant to FED. R. CIV. P 12(b)(1) , Defendants would be required to point to a document or pleading in the record, filed in the record **prior** to Defendants seeking orders "to assist the Parties to effectuate the provisions of the private "Final Settlement Agreement" asserting this Honorable Courts subject matter jurisdiction over the 'Final Settlement Agreement'. Even if Defendants' theories and assertions first raised in their response to Plaintiffs' FED. R. CIV. P 12(b)(1) facial attach had merit, the fact that these theories and assertions were not pled, asserted, or in any way put forth on the record of the case prior to defendants seeking Orders "to assist the Parties to effectuate the provisions of the private "Final Settlement Agreement" renders all such orders void on their face for lack of subject matter jurisdiction.

Having raised no direct objection to Plaintiffs' Motion Pursuant to FED. R. CIV. P.12(b)(1) nor provided this Court with any argument nor citation from the record of the case on which this Court entered prior to defendants having sought orders "to assist the Parties to effectuate the provisions of the private "Final Settlement Agreement" the Defendants have provide this Honorable Court with no basis grounds on which deny moving Plaintiffs' prior motion brought pursuant to FED. R. CIV. P 12(b)(1), this Court is without discretion to take any action other than granting all relief sought by moving plaintiffs in the prior motion brought as a facial attack on this Court's lack of subject matter jurisdiction over the extra judicial contingent private settlement agreement.

Plaintiffs herein, move this Honorable Court to grant all relief sought by Plaintiffs in their prior motion brought pursuant to FED. R. CIV. P 12(b)(1) and have attached a proposed order for immediate entry by this Honorable Court.

*Federal Courts are presumed to lack jurisdiction, `unless the* contrary **appears affirmatively from the record.'"** (emphasis added) Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986) (italics added)

Defendants failed to show this Court any evidence from the record conclusive of this Honorable Court's jurisdiction over the subject matter of the Final Private Settlement Agreement having been asserted by the parties seeking the Federal Forum, prior to those parties having moved this Court to enter orders to assist in effectuating the terms of the Final Private Settlement agreement.

*The requirement that jurisdiction be established as a threshold matter `spring[s] from the nature and limits of the judicial power of the United States' and is `inflexible and without exception.'" Id. (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884).*

There is no second bite at the jurisdictional apple. Defendants prior failure to properly assert this Court's jurisdiction over the subject matter of the Final Private Settlement Agreement cannot be retroactively cured and is fatal to this Honorable Courts jurisdiction.

*We have specifically held that "[a] lack of jurisdiction cannot be corrected by an order nunc pro tunc." W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir.2001). (italics added). "A lack of jurisdiction cannot be corrected by an order nunc pro tunc. Central Laborers' Pension, Welfare & Annuity Funds v. Griffee, 198 F.3d 642, 644 (7th Cir.1999). (italics added)*

Moving Plaintiffs herein, through undersigned counsel, having shown just cause for all relief sought in Plaintiffs' prior motion brought pursuant to FED. R. CIV. P12(b)(1) without further need for argument pursuant to FED. R. CIV. P12(c). If this Honorable Court finds granting the relief sought by plaintiffs FED. R. CIV. P12(b)(1), it is not necessary for this Honorable Court to consider any other matter asserted herein.

*"Proper jurisdiction is a requirement in determining the validity of a claim, and as such, Rule 12(b)(1) motions must be considered prior to any other challenges." Lemke v. H&R Block Mortg. Corp., 2012 WL 715894 at *1 (E.D. Mich. Mar. 6, 2012) (citing Bell v. Hood, 327 U.S. 678 (1946)). See also Moir, 895 F.2d at 269 (quoting Bell v. Hood for the proposition that, when a defendant moves to dismiss under both Rule 12(b)(1) and (b)(6), the Court should consider the 12(b)(1) motion first because "the 12(b)(6) challenge becomes moot if this Court lacks subject matter jurisdiction.").*

## PLAINTIFFS' SUR-REPLY TO DEFENDANTS' (LACK OF) RESPONSE TO PLAINTIFFS' PRIOR MOTION BROUGHT PURSUANT FED. R. CIV. P 12(b)(6).

Defendants raise no direct objections to the relief sought by moving plaintiffs pursuant to FED. R. CIV. P 12(b)(6).

Moving plaintiffs asserted that "case in controversy" existed in the record of the case, arising from the subject matter of the extra judicial contingent Private Settlement Agreement. Plaintiffs' prior motion asserted that the only case in controversy (complaints) properly before this Court were the original claims brought by plaintiffs under the personal and product liability laws of the various States; Defendants' response in objection to moving plaintiffs' motion for relief under FED. R. CIV. P 60(b)(4); and motion for relief from certain orders to show cause, admitted moving plaintiffs assertion that the only case in controversy (complaint) before this Court are those original cases in controversy (complaints) arising under the subject matter related to claims that consumption of the prescription drug Xarelto caused certain injuries to their persons, for which redress was sought under the personal injury and product liability laws of the various States.

Each Defendants' argument in support of those selected sound in "this Court has authority" however, the Defendants failed to cite any Statutory basis for said authority. It is axiomatic that a Federal Courts' authority arises solely from the U.S. Constitution or Federal Statutes as implemented by the elected members of Congress, conferring specific jurisdiction to Federal Courts. Authority flows from Jurisdiction. Jurisdiction is not found in authority. *Federal Courts are Courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). If a federal Court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18 (1951). (italics added)*

Plaintiffs' prior motion did not raise a challenge to this Honorable Courts "authority" over any case for which it has jurisdiction over the subject matter, properly asserted by the party seeking

the Federal Forum, on the record of the case and found to exist by this Honorable Court, on the record of the case. Moving plaintiffs asserted that this Court lacked subject matter jurisdiction over the extra judicial contingent Private Settlement Agreement and therefore lacked the required subject matter jurisdiction to enter orders, related to, arising from, referencing or dependent on the existence of the extra judicial private settlement agreement.

Defendants' response misplaces the order in which Federal Courts obtain power or authority over a given subject matter. Defendants argue, that "authority" gives rise to Jurisdiction. Such assertions are grossly inaccurate. A Federal Court's authority and (powers), over any subject matter can only be conferred to a Federal Court via the Constitution or by Statute. Jurisdiction must precede authority. It is metaphysically impossible for inherent authority or power to confer Federal jurisdiction over any subject matter.

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 US 26 - Supreme Court 1998 at 37 The trouble with this creative argument, though, is that the statute manifests no such subtlety. Section 1407(a) speaks not in terms of imbuing transferred actions with some new and distinctive venue character, but simply in terms of "civil actions" or "actions." It says that such an action, not its acquired personality, must be terminated before the Panel is excused from ordering remand. The language is straightforward, and with a straightforward application ready to hand,* **statutory interpretation has no business getting metaphysical.** *(emphasis added) (italics added)*

*"The requirement that jurisdiction be established as a threshold matter `spring[s] from the nature and limits of the judicial power of the United States' and is `inflexible and without exception.'" Id. (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884) "Subject matter jurisdiction, "is `an essential element of the jurisdiction of a district Court,' without*

*which the Court is `powerless to proceed to an adjudication,'" Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (quoting Empl'rs Reinsurance Corp. v. Bryan, 299 U.S. 374, 382, 57 S.Ct. 273, 81 L.Ed. 289 (1937)). Without jurisdiction the Court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the Court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. 506, 514 (1868); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). In fact, federal Courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. See Kreuger v. Cartwright, 996 F.2d 928, 930-31 (7th Cir. 1993); Kanzelberger v. Kanzelberger, 782 F.2d 774, 777 (7th Cir. 1986). Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. Chase v. Shop `N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997).*

Despite the Defendants having raised no direct objection to moving plaintiffs 12((b)(6) motion and in light of the fact that defendants have admitted moving Plaintiffs' assertion that their original complaints are the only cases in controversy properly before this Court, moving plaintiffs will address any arguments put forth by defendants which could be liberally construed as objecting to moving plaintiffs prior motion brought under FED. R. CIV. P12 (b)(6).

In as much as all parties agree that moving plaintiffs' original complaints are the sole cases in controversy before this Court, said complaints are the only documents this Court needs consider in granting moving motion pursuant to FED. R. CIV. P 12(b)(6).

Defendants' response contends that moving plaintiffs misunderstand. Presumably defendants contend plaintiffs misunderstand the basic language of Article III § 2 of the U.S. Constitution. Plaintiffs herein assert that they fully understand, as well as recognize, when an opposing party is attempting to circumvent or ignore that very article.

Plaintiffs, in Sur-Reply, will herein quote the relevant sections of Article III, § 2, and address each part of said section, in a question and answer fashion as it applies to plaintiffs' prior motions, so as to clarify that which is apparently misunderstood by defendants:

*Article III of the Constitution identifies the categories of "Cases" and "Controversies" that federal Courts may have jurisdiction to decide. Article III, § 2, provides in part:*

*"The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; — to all Cases affecting Ambassadors, other public Ministers and Consuls; — to all Cases of admiralty and maritime Jurisdiction; — to Controversies to which the United States shall be a Party; — to Controversies between two or more States; — between a State and Citizens of another State; — between Citizens of different States; — between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subject*

*"If a case is not within one of the specified categories, neither Congress nor the parties may authorize a federal Court to decide it  Verlinden B. V. v. Central Bank of Nigeria, 461 U. S. 480, 491 (1983); National Mutual Ins. Co. v. Tidewater Transfer Co., 337 U. S. 582, 646-655 (1949)*

**Do Plaintiffs' original complaints present a case in controversy arising under this Constitution, the Laws of the United States, and Treaties?**

Plaintiffs original complaints **do not** present a case in controversy arising under this Constitution, the Laws of the United States, and Treaties, nor has any party asserted an argument to the contrary.

*"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."* Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (italics added)

**Do Plaintiffs' Original Complaints raised controversies involving Ambassadors, other public Ministers and Consuls?**

Plaintiffs Original Complaints **do not** raise controversies involving Ambassadors, other public Ministers and Consuls, nor has any party asserted an argument to the contrary.

**Is the United States a Party to Plaintiffs' Original Complaints?**

The United States **is not** a party to plaintiffs' original complaints., nor has any party argued to the contrary.

**Do Plaintiffs Original Complaints raise a controversy between two or more States?**

Plaintiffs Original Complaints **do not** raise a controversy between two or more States, nor has any party argued to the contrary.

**Do Plaintiffs' Original Complaints raise a controversy between a State and Citizens of another State?**

Plaintiffs Original Complaints **do not** raise a controversy between a State and Citizens of another State, nor has any party argued to the contrary.

**Do Plaintiffs' Original Complaints raise a controversy between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subject?**

Plaintiffs Original Complaints **do not** raise a controversy between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subject, nor has any party argued to the contrary.

**Do Plaintiffs' Original Complaints raise a controversy between Citizens of different States?**
In the universe of the Xarelto MDL, Plaintiffs there are citizens diverse in domicile and citizenship from the Defendants as well as Plaintiffs who are not diverse. For the purpose of conducting pretrial proceedings pursuant to U.S.C. § 28 1407, this Court possesses the limited jurisdiction conferred under U.S.C. 28 § 1407. For the purpose of hypothetical case in controversy subject matter arising from extra judicial contingent Private Settlement Agreement, this Honorable Court as well as the Defendants, have acknowledged that this Court lacks subject matter jurisdiction over non-diverse Plaintiffs.

*The presence in the action of a single plaintiff from the same State as a single defendant deprives the district Court of original diversity jurisdiction over the entire action. Strawbridge v. Curtiss, 3 Cranch 267 (1806); Owen Equipment & Erection Co. v. Kroger, 437 U. S. 365, 375 (1978). "The presence of the nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U. S. 694, 702 (1982); People's Bank v. Calhoun, 102 U. S. 256, 260-261 (1880). (italics added)*

*The complete diversity requirement is consistently imposed on a case-by-case, rather than a claim-by-claim, basis: "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district Court of original diversity jurisdiction over the entire action." Id. at 553, 125 S.Ct. 2611 (citing Strawbridge, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)).(italics added)*

*The plain language of the supplemental jurisdiction statute incorporates this well-established requirement that there be a viable action over which the district Court has "original jurisdiction" before supplemental jurisdiction may be considered. Section 1367(a) grants supplemental jurisdiction over related claims in "any civil action of which the district Courts have original jurisdiction," and § 1332 defines the requirements for "original jurisdiction" in diversity cases. In Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005), the Court explained how these two jurisdictional provisions interact: "Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere." Id. at 554, 125 S.Ct. 2611. The complete diversity requirement is consistently imposed on a case-by-case, rather than a claim-by-claim, basis: "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district Court of original diversity jurisdiction over the entire action." Id. at 553, 125 S.Ct. 2611 (citing Strawbridge, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)). .(italics added)*

*The Court in Allapattah dubbed this view of complete diversity the "contamination theory" because the inclusion of a nondiverse party "contaminates every other claim in the complaint,*

*depriving the Court of original jurisdiction over any of these claims." Id. at 560, 125 S.Ct. 2611.*

*The "contamination theory" makes sense in the context of the complete diversity requirement, the*

*Court said, because "the presence of nondiverse parties on both sides of a lawsuit eliminates the*

*justification for providing a federal forum." Id. at 562, 125 S.Ct. 2611.[18] Additionally, the*

*"contamination theory" prevents plaintiffs from creating diversity jurisdiction "simply by*

*omitting [the nondiverse party] from the original complaint and then waiting for [that party] to*

*be joined under Rule 19." Acton, 668 F.2d at 79-80; accord Allapattah, 545 U.S. at 565, 125*

*S.Ct. 2611 ("The contamination theory ... means this ruse would fail...."). (italics added)*

If it were possible for this Honorable Court to ever possess the required subject matter

jurisdiction to assist the parties in effectuating the terms of the private settlement agreement, this

Honorable Court would first be required to expunge all non-diverse parties by remand or

otherwise before entering orders to assist the parties in effectuating the terms of the private Final

Settlement Agreement.

For this Honorable Court to find it possesses subject matter jurisdiction over the hypothetical

case in controversy arising from extra judicial contingent Private Settlement Agreement, then

this Court would not have to address the facts of hypothetical case in controversy. For this

Honorable Court to reach a conclusion that it possessed the required subject matter jurisdiction to

enter Orders to assist the parties in effectuating the terms of the Final Private Settlement

Agreement, this Court would first have to find that it possesses jurisdiction over a hypothetical

case, for which no controversy exists and for which no party has affirmatively asserted this

Court's jurisdiction on the record of the case. More simply stated, this Court would have to

ignore the fact that it lacks, and lacked, the required subject matter jurisdiction to enter Orders to

assist the parties in effectuating the terms of the Final Private Settlement Agreement

Defendants did not directly cite to U.S.C.  28 § 1407 as conferring subject matter jurisdiction over the extra judicial contingent private settlement agreement. However, by implying that this Court's jurisdiction over from extra judicial contingent private settlement agreement arises from the plaintiff's original complaints transferred to this Court pursuant to U.S.C.  28 § 1407, defendants have indirectly implied that U.S.C.  28 § 1407 is the source of this Honorable Courts' jurisdiction over the subject matter of the hypothetical case in controversy arising from extra judicial contingent Private Settlement Agreement. Additionally, in that U.S.C.  28 § 1407 is the only statute cited in the record of the case coffering any jurisdiction upon this Court, this Court is without any other or additional Statutory basis on which to rest an assertion of jurisdiction over the hypothetical case in controversy arising from extra judicial contingent private settlement agreement.

Moving Plaintiffs point out that this Honorable Court, nor any other Court, has ever found U.S.C.28 § 1407 to confer jurisdiction over the subject matter of MDL settlements upon MDL Transferee Courts. Defendants have offered no citation of authority on which this Court could rely to assert that it possesses subject matter jurisdiction over from extra judicial contingent private settlement agreement arising funder U.S.C.  28 § 1407.

**Do Plaintiffs' Original Complaints Reference. mention or in any way arise from a contract or a controversy arising from a contract, including but not limited to the extra judicial private settlement agreement?**

Plaintiffs Original Complaints *do not*, reference. mention or in any way arise from a contract or a controversy arising from a contract, including but not limited to the extra judicial contingent Private Settlement Agreement, a final settlement agreement or any agreement whatsoever. Nor has any party entered any argument to the contrary.  The extra judicial contingent private

settlement agreement did not exist at the time the Judicial Panel heard arguments in 2014. Therefore, it would be a metaphysical impossibility for the Judicial Panel to have even considered transferring and consolidating a case in controversy arising from said agreement pursuant to U.S.C. 28 § 1407.

Plaintiffs' original complaints arise from allegations and controversies arising from injuries allegedly caused by the consumption of the prescription drug Xarelto. Plaintiffs had at no time prior to the filing of their original complaints entered into a contract with the defendants nor did their complaints arise from a controversy over said temporally nonexistent contract.

Despite Defendants having raised no direct objections to Moving Plaintiffs' motion brought under FRCP 12(b)(6), moving plaintiffs have shown this Court that any argument that defendants could conceivably raise in objection to Plaintiffs' Motion to Pursuant to 12(b)(6), would be without merit.

Plaintiff asserted the following authorities in their prior motion to which defendant's response offered no contest: *"The Court must address a subject matter motion before other substantive motions to avoid a Court without jurisdiction prematurely dismissing a case with prejudice. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); see also McCasland v. City of Castroville, 478 Fed. Appx. 860, 860-61 (5th Cir.) Under Federal Rule of Civil Procedure 12(b)(6), a case can be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P.12(b)(6). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). A claim has facial plausibility when the plaintiff "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937 (2009). Though a complaint does not need detailed*

*factual allegations, the "allegations must be enough to raise a right to relief above the*

*speculative level, . . . on the assumption that all the allegations in the complaint are true (even if*

*doubtful in fact)." Twombly, 550 U.S. at 555. (italics added)*

Defendants have conceded that plaintiffs original "case in controversy" (subject matter) are the

only complaints in the record of this case. In as much as plaintiffs' original complaints have at no

time been amended to include claims arising from nor a controversy over a "contract",

defendants have provided this Honorable Court with no basis or grounds on which this

Honorable Court could deny Plaintiffs' prior motion brought pursuant to FED. R. CIV.

P.12(b)(6).

*"[A]n actual controversy must be extant at all stages of review, not merely at the time the*

*complaint is filed." Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975)*

*(citation omitted). (italics added)*

The burden to survive a motion to dismiss under FED. R. Civ. P. 12(b)(6) is not stringent. The

party seeking the Federal Forum merely needs to show, in the complaint, a short plain statement

showing that they are entitled to the relief sought. In as much as Plaintiffs' original complaints in

no way reference a settlement agreement, Defendants cannot meet the light burden of showing,

Plaintiffs' original complaints provide a basis entitled to the relief in orders to assist the parties in

effectuating the terms of the final private settlement agreement.

*To survive a motion to dismiss under Rule 12(b)(6), a complaint need only contain "`a short and*

*plain statement of the claim showing that the pleader is entitled to relief,'" such that the*

*defendant has "`fair notice of what the ... claim is and the grounds upon which it rests.'" Bell*

*165\*165 Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)*

*(quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the `grounds' of his `entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Instead, to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678 (internal quotation marks and citation omitted). The Court may also consider documents integral to the complaint's allegations and documents referenced in, or relied upon by, a complaint. (italics added)*

In as much as there is no complaint in the record of the case that even mentions the Final Private settlement agreement, nor have defendants objected to the relief sought by plaintiffs in their prior motions pursuant to FED. R. CIV. P12(b)(6) : Moving Plaintiffs herein, through undersigned counsel, having shown just cause for all relief sought in Plaintiff's prior motion brought pursuant to FED. R. CIV. P 12 (b)(6) without further need for argument pursuant to FED. R. CIV. P. 12(c).

*A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss." Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010); see also Cafasso v. General Dynamics C4 Sys., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (collecting cases from the Second, Fifth, and Sixth Circuits to conclude that the Twombly and Iqbal standard applies to Rule 12(c) motions).(italics added)*

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS' (LACK OF) RESPONSE TO PLAINTIFFS' PRIOR MOTION BROUGHT PURSUANT FED. R. CIV. P 12(h)(3)**

Defendants raised no objections to Plaintiffs' prior motion brought Pursuant to FED R. CIV. P. 12(h)(3).

Moving plaintiffs having shown this honorable Court the following:

1. This Honorable Court fulfilled its duties relevant to pretrial proceedings arising from plaintiffs' original cases in controversy no later than February 27, 2017.

2. At all times subsequent to February 27, 2017 the only remaining subject matter jurisdiction possessed by this Court (to enter orders or adjudicate any matter) would be the jurisdiction necessary to comply with the "shall remand" at or before the end of pretrial proceedings command of U.S.C. 28 § 1407 (a).

3. At no time prior to February 27, 2017 nor after, has any party properly asserted this Honorable Courts' jurisdiction, affirmatively on the record, by citation of statute, required to assist the parties to effectuate the provisions of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants .

Plaintiffs cited these authorities in their prior complaint to which defendants have offered no contest:

*"Federal Courts are Courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." Stockman v. Fed. Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). "If the Court determines at any time that it*

*lacks subject-matter jurisdiction, the Court must dismiss the action." FED. R. CIV. P.12(h)(3). The Court must dismiss a complaint for lack of subject matter jurisdiction " 'when the Court lacks the statutory or constitutional power to adjudicate the case.' " Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)*

**Defendants' arguments sounding in "authority vs jurisdiction" have no place in response to a challenge to this Honorable Courts' subject matter jurisdiction. Plaintiffs offered the authorities and citations in their prior motion to which defendants have offered no argument nor citation of authority in opposition.**

Plaintiffs' prior assertion of authority were uncontested in Defendants' Response in Objection *"Federal Courts are Courts of limited jurisdiction, and absent jurisdiction **conferred by statute**, (emphasis added) lack the power to adjudicate claims." Stockman v. Fed. Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998) (italics added)*

Defendants at no time prior to moving this Court to enter Orders to assist the Parties to effectuate the provisions of the private Final Settlement Agreement cited any Statute on which this Court could find a basis for subject matter jurisdiction over the subject matter over the Final Settlement Agreement, in the first instance.

Plaintiffs' prior assertion of authorities uncontested in Defendants' Response in Objection*: Federal Courts are Courts of limited jurisdiction. They possess only that power authorized by **Constitution and statute** (emphasis added), see Willy v. Coastal Corp., 503 U. S. 131, 136-137 (1992); Bender v. Williamsport Area School Dist. , 475 U. S. 534, 541 (1986), **which is not to be expanded by judicial decree**,(emphasis added) American Fire & Casualty Co. v. Finn, 341 U. S.*

*6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of North-America, 4 Dall. 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, McNutt v. General Motors Acceptance Corp., 298 U. S. 178, 182-183 (1936). "It is to be presumed that a cause lies outside [of federal Courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted) Lack of subject matter jurisdiction is a non-waivable, fatal defect. Von Dunser v. Aronoff, 915 F.2d 1071, 1074 (6th Cir.1990). (italics added)*

Defendants at no time prior to moving this Court to enter orders to assist the Parties to effectuate the provisions of the private Final Settlement Agreement met their burden to affirmatively assert this Court's jurisdiction over the subject matter of the Final Settlement Agreement in the first instances, instead placing this Court in the position of presuming that the subject matter arising from the Final Settlement Agreement laid within this Court's limited jurisdiction versus presuming that said subject matter fell outside of this Courts subject matter jurisdiction.

Plaintiffs' prior assertion of authority uncontested in Defendants' response in objection: *The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." Getty Oil Corp. v. Ins. Co. of N.A., 841 F.2d 1254, 1259 (5th Cir. 1988) (citing Ill. Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 & n.2 (5th Cir. 1983)) (italics added)*

## ARGUMENT: AUTHORITY IS NOT JURIDICTION

Despite this Honorable Court having signaled an end to the "pretrial proceedings" over Plaintiffs' original claims and remand was proper a full year before the "Final Settlement

Agreement" referenced first in CMO 10 came into existence, Defendants claim the fact that the particular Orders Plaintiffs' move this Court to vacate are simply being orders typically entered by MDL Courts presiding over pretrial proceedings.

The plain language of Xarelto MDL CMO 10 defines the subject matter relevant to the order, that subject matter being the private Final Settlement Agreement (never entered into the record of this Court, and that the settlement agreement is private and thus not judiciable). If not for the subject of the existence of the Final Private Settlement Agreement, there would be no basis nor cause for the entry of CMO 10. CMO 10 arises under the subject matter of a contract, the Final Private Settlement Agreement. Plaintiffs' original cases in controversy did not mention nor in any fashion arose from a dispute over a contract (case in controversy). There were no attempts by plaintiffs to obscure the underlying subject matter which gave rise to CMO 10 in as much as the plaint language of the order clearly defines said subject matter.

**Xarelto MDL Case Management Order 10**

At paragraph 1 lines 5 and 6

"To assist the parties to effectuate the provisions of the Final Private settlement agreement."

Defendants have not shown this Court, nor did they in fact properly assert on the record of the case, this Court's jurisdiction over the Final Private Settlement Agreement prior to moving this Court for orders assist the parties to effectuate the provisions of the Final Private Settlement Agreement. Plaintiffs' motion filed under FED. R. CIV. P.12(b)(1) (facial attack) on this Courts' (lack of) subject matter jurisdiction prevails based on the plain language found in Xarelto MDL CMO 10 and the undisputed and indisputable fact that the defendant made no attempt what so ever to properly assert  this Court's jurisdiction over the subject matter of the "Final Private

Settlement Agreement" prior to moving this Court for orders to assist the parties to effectuate the provisions of the Final Private Settlement Agreement.

The plain language of plaintiff's original complaints, making no reference whatsoever to any agreement or contract, nor a controversy arising therefrom, leave this Court with no basis on which to deny Plaintiffs' motions brought under 12(b)(6), 12(h)(3) and 12(c).

All orders entered by this Honorable Court subsequent to Xarelto MDL CMO 10 have been "To assist the parties to effectuate the provisions of the Final Private settlement agreement" as shown in the plain language of each order."

Defendants attempt to misconstrue plaintiffs' motion as challenging MDL Courts (in general) subject matter jurisdiction to enter docket control orders and other such orders necessary for the adjudication of "original cases" in controversy transferred pursuant to U.S.C. 28 § 1407 is misleading.

Had this Court entered similar orders arising from the "remand process" this Court had begun a year before the "Final Private Settlement agreement" even existed, Plaintiffs would not be raising the instant motions. However, in as much as this Honorable Court issued a stay of all proceedings (Xarelto MDL CMO 9) originally transferred to this Court pursuant to U.S.C. 28 § 1407, combined with the plaint language of Xarelto CMO 10 and all subsequent orders, makes it clear that these orders arise from and only exist as a result of the Final Private Settlement agreement over which this Court lacks subject matter jurisdiction in the first instance for the reasons cited in plaintiffs prior motion as well as this instant Sur Reply.

The facts are the facts and they are crystal clear. This Court had reached an end to its adjudication of the pretrial proceedings transferred to this Court pursuant to U.S.C. 28 1407 and

"if not but for" the new subject matter of the Final Private Settlement Agreement coming to exist, CMO 10, as Ordered, would never have been entered nor any of the orders subsequent thereto. This Court was done with the pretrial proceedings, the Final Private Settlement Agreement cannot render this Court "undone" with which it was done. The Final Private Settlement Agreement did not create a time machine.

On a final note, moving plaintiffs' counsel believe that Congress should amend U.S.C. 28 § 1407 to provide MDL Courts with broader jurisdiction that the Statute currently confers however, as noted in *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,, until Congress acts, the Statute says what is says.

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 US 26 - Supreme Court 1998 at 41: In sum, none of the arguments raised can unsettle the straightforward language imposing the Panel's responsibility to remand, which bars recognizing **any self-assignment power** (emphasis added) in a transferee Court and consequently entails the invalidity of the Panel's Rule 14(b). See 28 U. S. C. § 1407(f). Milberg may or may not be correct that permitting transferee Courts to make self-assignments would be more desirable than preserving a plaintiff's choice of venue (to the degree that § 1407(a) does so), but the proper venue for resolving that issue remains the floor of Congress. See Am- 41\*41 chem Products, Inc. v. Windsor, 521 U. S. 591, 628-629 (1997); Finley v. United States, 490 U. S. 545, 556 (1989).[4]*

## LACK OF FAIRNESS AND LACK OF ADEQUATE REPRESENTATION

Plaintiffs herein assert that the parties to the Final Private Settlement Agreement (contract), whether intentionally or otherwise have engaged in a pattern of actions which appears to be designed to present Plaintiffs and Plaintiffs' counsel who were not given the right to be heard in

the negotiations of the extra judicial private settlement agreement for which this Court has entered orders to assist in the effectuation of the terms thereof. Plaintiffs and Plaintiffs' counsel have been given no opportunity to inquire into potential conflicts of interest of the Plaintiffs' Steering Committee in the relation to the negotiation of the Final Private Settlement Agreement. This Honorable Court has entered no finding in the record of this case conclusive of the fairness and adequacy of the settlement nor conclusive of the Plaintiffs' Steering Committee having adequately protected their interest in the negotiation of and entry into, the Final Private Settlement Agreement.

At all times and in all matters relevant to the Final Private Settlement Agreement, Plaintiffs and Plaintiffs' counsel were absent from the settlement negotiations and given no right to be heard prior to the entry and agreement to the terms of the Final Settlement Agreement.

At all times and in all matters relevant to the Final Private Settlement Agreement Xarelto MDL Plaintiffs have been treated as members of a Class Action however, in as much as no party has moved this Court for a "Class Action Settlement" or "Tentative Class Action Settlement" no plaintiff has been provided the protections afforded by FED. R. CIV. P.23(e). Despite having been denied the protections of FED. R. CIV. P.23(e), plaintiffs have faced the prospect of having their cases dismissed with prejudice due to failure to comply with Orders entered by this Honorable Court to assist in effecting the terms of the Final Private Settlement Agreement to which they have at all times been treated as absent parties, yet simultaneously subjected to numerous prejudicial requirements arising from Orders entered by this Honorable Court to assist the parties in effectuating the Final Private Settlement Agreement.

Are MDL Plaintiffs cases, which remain separate individual cases at all times, to be remanded to

their Courts of original jurisdiction, to be afforded less protection from counsel "thrust upon" them, that Plaintiffs in Class Actions?

Having not entered the Final Private Settlement Agreement itself, into the record of this case and having foregone moving this Court for Certification of a "Settlement Class Action", whether intentionally or otherwise, the Plaintiffs' Steering Committee and Defendants, in their aligned interest, have avoided the judicial scrutiny, a due process requirement, of all matters related to the Private Settlement Agreement, while simultaneously moving this Court to enter orders to assist these parties in effectuating the terms of the Final Private Settlement Agreement. If this Court ever intends to make inquiry, or allow absent plaintiffs an opportunity to do so, into potential conflicts of interest as well as the fairness and adequacy of the terms of the Final Private Settlement Agreement itself,  it will be a measure taken too late for those plaintiffs who have suffered dismissal of their cases with prejudice arising from orders entered by this Honorable Court to assist in effectuating the terms of the "Private Final Settlement Agreement. The foregoing fails to ensure the due process rights of the absent plaintiffs.

It is axiomatic that no plaintiff can be bound by a judgement or order if they were not adequately represented.

*However, if the plaintiff was not adequately represented in the prior action or there was a denial of due process, then the prior decision has no preclusive effect. Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940) (italics added)*

In as much as the Final Private Settlement Agreement has led to much antagonism between absent plaintiffs (including their chosen counsel) arising from  representation by the Plaintiffs' Steering Committee, thrust upon absent plaintiffs as well as the fact that the Private Settlement

Agreement provides paltry compensation for plaintiffs, in light of the severity of their injuries, while providing comparatively generous compensation to the Plaintiffs' Steering Committee, the potential for conflict of interest between the Plaintiffs' Steering Committee and the absent plaintiffs is apparent.

*"We and other Courts have often remarked the incentive of class counsel, in complicity with the defendant's counsel, to sell out the class by agreeing with the defendant to recommend that the judge approve a settlement involving a meager recovery for the class but generous compensation for the lawyers — the deal that promotes the self-interest of both class counsel and the defendant and is therefore optimal from the standpoint of their private interests. Reynolds v. Beneficial National Bank, supra, 288 F.3d at 279; Culver v. City of Milwaukee, supra, 277 F.3d at 910; Greisz v. Household Bank (Illinois), N.A., 176 F.3d 1012, 1013 (7th Cir. 1999); Duhaime v. John Hancock Mutual Life Ins. Co., 183 F.3d 1, 7 (1st Cir.1999); In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation, 55 F.3d 768, 805 (3d Cir.1995); Plummer v. Chemical Bank, 668 F.2d 654, 658 (2d Cir.1982) (italics added)*

Without regard to this Honorable Courts subject matter jurisdiction, Plaintiffs assert that they can not be bound by Orders entered to assist in the effectuation of the Final Private Settlement Agreement in as much as plaintiffs assert that they were not adequately represented and in fact their interest was not represented at all, in the negotiation of and entry into the Final Private Settlement Agreement.

The foregoing is not a direct argument related to this Courts subject matter jurisdiction but instead is included in this pleading to show this Honorable Court that its lack of subject matter jurisdiction over the Final Private Settlement agreement is by no means the only due process

concern arising therefrom. No efficiency is gained by the parties, nor the Court, if a settlement gives rise to more litigation than the original cases in controversy.

## CONCLUSION AND PRAYER FOR RELIEF

Once challenged, the burden of establishing subject matter jurisdiction rests on the party asserting jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942).

Plaintiffs, through their undersigned counsel, having raised a challenge to this Court's subject matter jurisdiction  pursuant to FED. R. CIV. P  12(b)(1) and/or FED. R. CIV. P 12(b)(6) and FED. R. CIV. P 12(h)(3) required to enter orders to assist the parties in effectuating the "Private Final Settlement Agreement.  Defendants having moved this Court to enter orders the "Private Final Settlement Agreement bear the burden of establishing this Honorable Court's subject matter jurisdiction referenced has failed in all forms and at all times to carry their burden. Defendants did not object to the relief sought by Plaintiffs in their prior motion brought pursuant to FED. R. CIV. P. 12(b)(1) and/or FED. R. CIV. P 12(b)(6) and FED. R. CIV. P 12(h)(3).

Since Defendants' objections raised in response to Moving Plaintiffs' motion brought under FED. R. CIV. P 60(b)(4) are without merit, it is not necessary for this Court to further entertain Moving Plaintiffs' motion brought pursuant to FRCP FED. R. CIV. 60(b)(4)  nor Defendants' objections thereto inasmuch as plaintiffs have shown this Court could cause to grant all relief sought by moving plaintiffs individually and collectively under FED. R. CIV. P  12(b)(1) and/or FED. R. CIV. P 12(b)(6) and/0r FED. R. CIV. P 12(h)(3)

Having shown this Honorable Court that no basis exists to deny the relief sought in Plaintiffs' prior motions brought pursuant to FED. R. CIV. P 12(b)(1), 12(b)(6) and 12(h)(3) Plaintiffs

herein move this Court, Plaintiffs move this Court under FRCP 12(c) for a judgment on the

pleadings related to Plaintiffs' prior motions brought pursuant to FED. R. CIV. P(b)(1), 12(b)(6)

and 12(h)(3) and Defendants response and grant all relief previously sought by moving plaintiffs

pursuant to FED. R. CIV. P.12(b)(1), 12(b)(6) and 12(h)(3) by entry of the attached proposed

order.

Further actions taken by this Court arising from the "Final Private Settlement Agreement" can

neither create efficiencies for the parties nor this Honorable Court in as much as this Honorable

Courts continuing to take actions absent subject matter jurisdiction is likely to create as much if

not more litigation that Plaintiffs' original complaints.

Respectfully Submitted this 16th day of October 2019.

Michael D. Wolff, Esq.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of October 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the Court's electronic filing system.

Michael D. Wolff, Esq.

UNITED STATES DISTRICT COURT
EASTER DISTICT OF LOUISANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABLITY **LITIGATION** | Master File No. 2592 |
| | SECTION L |
| **All Cases** | MDL No. 2:14-MD-02592 |
| | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE NORTH |
| | **ORDER** |

This Court having found that it lacked subject matter jurisdiction to enter orders to assist the Parties to effectuate the provisions of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen and Bayer ("Defendants"), related claims this Court hereby vacates Xarelto MDL Case Management Orders:

Case Management Order #10   (Document 12901)

Case Management Order #10A (Document 12905)

Case Management Order #11 (Document 12902)

Case Management Order #11A (Document 14876)

Case Management Order #12 (Document 13608)

Case Management Order #12A

Case Management Order 12B (Document 15257)

This Court further vacates any and all orders entered by this Court, arising from, related to, referencing or in reliance these referenced Case Management Orders.

This Court further directs all parties to refrain from seeking further orders to assist the Parties to effectuate the provisions of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen and Bayer ("Defendants") until such time as this the parties have properly asserted this Court's jurisdiction, in the record of the case and this Court has entered an order, in the record of this case, conclusive of a finding by this Court that it possesses jurisdiction over the subject matter of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen and Bayer ("Defendants").

**IT IS SO ORDERED**

New Orleans, Louisiana, this ____day of_____ 2019.

_____

**HORORABLE ELDON E. FALLON**
**UNITED STATES DISTIRCT JUDGE**