UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592<br><br>SECTION: L |
| THIS DOCUMENT RELATES TO:<br><br>*Jeffrey May v. Janssen Research & Development LLC, et al; No. 2:15-cv-04344* | JUDGE FALLON<br>MAG. JUDGE MICHAEL NORTH<br><br>Civil Action No: 2:15-cv-04344 |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER 12A**

Plaintiff Jeffrey May respectfully files this Motion for Reconsideration under *Federal Rules of Civil Procedure* 59(e) and 60(b) and requests the Court consider its order dismissing Plaintiff's case with prejudice [Document 17359]. Plaintiff asks the Court to grant his Motion and reinstate his case for the following reasons:

- Plaintiff's Counsel was unable to timely provide a singed Enrollment Election Form on August 4, 2019. To preserve Plaintiff's case, Plaintiff's Counsel requested a thirty (30) day extension to provide the signed Release, Enrollment Election Form, and Lien Disclosure Form. On August 5, 2019, an extension was granted until September 4, 2019.

- Plaintiff was hospitalized during August and September of 2019, and unable to timely submit a signed Release, Enrollment Election Form, and Lien Disclosure Form on September 4, 2019. Plaintiff's Counsel requested an additional extension of fourteen (14) to thirty (30) days which was denied. Plaintiff's Counsel was advised to upload a stipulation for dismissal; however, without the other documents, the enrollment would be deemed incomplete and grant Plaintiff twenty-one (21) days to cure the deficiency.

- On September 17, 2019, Plaintiff's Counsel received a Notice of Incomplete Enrollment and was given until October 8, 2019, to complete enrollment in the settlement.

- Plaintiff was hospitalized again between approximately September 17 and September 30, 2019.

- Plaintiff's Counsel obtained and uploaded a properly executed Release, Enrollment Election Form, and Lien Disclosure Form on October 7, 2019. At all times, Plaintiff acted in good faith while attempting to comply with this Court's orders.

- When balancing the harm to the parties, the dismissal of Plaintiff's claims far outweighs the prejudice to Defendant in not receiving Plaintiff's signed required documents. Defendant cannot show it has been unfairly prejudiced by failure to receive these forms, since the forms were uploaded one (1) day before the October 8, 2019, deadline to remedy his incomplete enrollment in the settlement.

## **LEGAL STANDARD**

A motion to reconsider is appropriate when "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

It is well settled that in determining whether to provide *Federal Rules of Civil Procedure* Rule 59(e) relief, the Court must balance the (1) finality and (2) the need to render just decision on the basis of all the facts. *Bank of Waunakee,* 906 F.2d at 1191. Likewise, when examining a case under 60(b), the Court must take account of all relevant circumstances surrounding the party's omission. *Pioneer Inv. Services Co. v. Brunswick*

*Associates Ltd. Partnership,* 507 U.S. 380, 395 (U.S. 1993).  These circumstances include the danger of prejudice to the defendant, the length of delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted with good faith.  *Id.*

Rule 60(b) of the *Federal Rules of Civil Procedure* provides discretionary relief from a final judgment on the basis of "excusable neglect."  *Id.*  The rule states that "on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."  *Federal Rules of Civil Procedure* Rule 60(b)(1).

## ARGUMENT & AUTHORITIES

The dismissal of Plaintiff's case has caused irreparable harm.  When weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendants, the harm to Plaintiff is much more significant than the prejudice suffered by Defendants in failing to receive the signed documents.  *See, e.g., Barnhill v. United States,* 11 F.3d 1360, 1367 (7th Cir. 1993).  "[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the most powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint."  *Id.*

When considering such harsh sanctions, a court should consider whether "the litigant has shown a clear pattern of delay, willfully disobedient behavior, or failure to conform to lesser sanctions," as well as "the frequency of the plaintiff's noncompliance

with deadlines, the effect of the delay on the judge's calendar, the culpability of the plaintiff, prejudice to the defendant, the possible merits of the suit, and the social objectives of the litigation." *See, e.g., Kasalo v. Harris & Harris, Ltd.,* 656 F.3d 557, 561 (7th Cir. 2011); *Owen v. Wangerin,* 985 F.2d 312, 317 (7th Cir. 1993).

These factors do not weigh in favor of imposing this harsh terminating sanction upon Plaintiff. Plaintiff did not willfully disobey the Court's Order. Rather, circumstances related to Plaintiff's health delayed his submission of the signed documents. Neither Plaintiff nor his Counsel acted in bad faith in submitting his documents. In fact, the Notice of Incomplete Enrollment gave Plaintiff until October 8, 2019, to submit the properly executed documents. Plaintiff timely complied with this requirement on October 7, 2019.

Plaintiff understands the Court ordered him and others to appear before the Court on October 7, 2019, to demonstrate they had complied with Case Management Order ("CMO") 12A by submitting a Notice of Intent to Proceed with litigation or a signed Enrollment Election Form, however, for the sole purpose of analyzing prejudice, Plaintiff did submit a signed Enrollment Election Form on October 7, 2019. Thus, the prejudice to Defendants is minimal to non-existent. Conversely, the dismissal of Plaintiff's claims in light of his compliance with the underlying purpose of CMO 12A is catastrophic to Plaintiff.

Plaintiff has been severely injured by Defendants' Xarelto medication. Plaintiff's Xarelto medication has caused internal bleeding. This complication has decreased Plaintiff's quality of life and has increased his medical care expenses. Plaintiff's case clearly has merit.

Considering the balance of the factors discussed above, Plaintiff submits that dismissing his case due to health issues that caused a delay in submitting his signed documents is excusable neglect which is being used as a terminating sanction results in a manifest injustice to Plaintiff.

## CONCLUSION

Plaintiff respectfully requests the Court reconsider its dismissal of Plaintiff's claims and reinstate Plaintiff's case.

**Dated:** **October 17, 2019**

Respectfully submitted,

**MORRIS LAW FIRM**

By: /s/ James A. Morris
JAMES A. MORRIS, JR.
4111 W. Alameda Ave., Ste. 611
Burbank, CA 91505
Telephone: (747) 283-1144
Facsimile: (747) 283-1143
jmorris@jamlawyers.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies on October 17, 2019, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ James A. Morris, Jr.