# UNITED STATES DISTRICT COURT
## EASTER DISTICT OF LOUISANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABLITY **LITIGATION** | Master File No. 2592 |
| | SECTION L |
| Ballard, Joseph<br>Civil Action No 2:19-cv-00116<br>Coffield, Janice<br>Civil Action No. 2:19-cv-08505<br>Eanni, Richard<br>Civil Action No. 2:19-cv-08197<br>Featherstone, Sean<br>Civil Action No.  2:19-cv-08107<br>Jones, Andrea<br>Civil Action No 2:19-cv-08597<br>Jordan, Anita<br>Civil Action No 2:19-cv-08132<br>Keller, Fred<br>Civil Action No 2:19-cv-08312<br>Molton, James<br>Civil Action No 2:19-cv-08450<br>Pollard, Lois<br>Civil Action No 2:19-cv-08162<br>Reed, Melissa<br>Civil Action No 2:19-cv-08309<br>Richardson, Acquanetta<br>Civil Action No 2:19-cv-08434<br>Smith, Yolanda<br>Civil Action No 2:19-cv-08187<br>Speece, Terry<br>Civil Action No 2:19-cv-08148<br>Wagner, Jacob<br>Civil Action No 2:19-cv-08422<br>White, Darrell<br>Civil Action No 2:19-cv-08125<br>Wilson, Dwana<br>Civil Action No 2:19-cv-07976<br>**All Plaintiffs Similarly Situated** | MDL No. 2:14-MD-02592<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH<br><br><br>PLAINTIFFS' AMENDED MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM ORDER TO SHOW CAUSE (DOC 17353)<br><br>PLAINTIFFS' AMENDED SUR-REPLY TO DEFENDANTS' OBJECTIONS (DOC 17353) TO PLAINTIFFS' MOTION FOR RELIEF FROM ORDER TO SHOW CAUSE AND PLAINTIFFS MOTION TO VACATE CERTAIN ORDERS ENTERED BY THIS HONORABLE COURT (DOC 17338) |

## PLAINTIFFS' AMENDEDMOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS OBJECTIONS (DOC 17353) TO PLAINTIFFS' MOTION FOR RELEIF FROM ORDER TO SHOW CAUSE AND PLAINTIFFS' MOTION TO VACATE CERTAIN ORDERS ENTERED BY THIS HONORABLE COURT (DOC 17338)

Plaintiffs through their undersigned counsel files the instant Amended Motion for Leave to file a Sur-Reply to Defendants' Opposition to Plaintiffs' Motion for Relief from Order to Show Cause and Motion to Vacate certain Orders entered by this Honorable Court. Plaintiffs also ask the original motion (Doc 17373) be Amended by the instant application.

The Moving Plaintiffs filed a Motion to Dismiss and Vacate Certain Orders previously entered by this Honorable Court. Defendants filed their Reply to Plaintiffs' Motion.

Moving Plaintiffs, through there undersigned counsel, move for leave to file a Sur-Reply to Defendants' Motion in Opposition to and Plaintiffs Motion to Vacate Certain Orders Entered by this Court.

"The standard for granting a leave to file a Sur-Reply is whether the party making the motion would be unable to contest matters presented to the Court for the first time in the opposing party's reply." Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)

Moving Plaintiffs seek a fair opportunity to respond to the assertions and authorities cited by Defendants in their Reply. Accordingly, we request that the Court accept the following Sur-Reply to Defendants response.

In as much as the Defendants' response marks the first time the Defendants have made any assertion or argument whatsoever on the record, in any form, claiming that this Court possessed jurisdiction over the subject matter of the extra judicial contingent private settlement agreement,

(Final Private Settlement Agreement referenced first in CMO 10 [Document 12901]). Moving Plaintiffs pray that this Court grant moving Plaintiffs leave to file this instant Sur-Reply. Additionally, Defendants have cited case law and other authorities in their response to Plaintiffs' prior motion, which is wholly inapt to the matter Plaintiffs put before this Court. Plaintiffs should be given the opportunity to respond to these inapt citations of authority.

## PLAINTIFFS' SUR REPLY TO DEFENDANTS OBJECTIONS (DOC 17353) to PLAINTIFFS' MOTION FOR RELEIF FROM ORDER TO SHOW CAUSE AND PLAINTIFFS' MOTION TO VACATE CERTAIN ORDERS ENTERED BY THIS HONORABLE COURT (DOC 17338)

### PRELIMINARY STATEMENT AND PRIMARY ARUGUMENTS IN SUR-REPLY

Defendants' response in objection (Document 17353) to Plaintiffs' Prior Motion (Document 17338) brought pursuant to FED. R. CIV. P. (60)(b)(4) contends that this Courts has "inherent authority" to enter Orders to vindicate or enforce this Honorable Court's prior Decrees and Orders.

Defendants filed no objection in response to Plaintiffs' prior motions brought pursuant to FED. R. CIV. P. 12(b)(1), to FED. R. CIV. P. 12(b)(6), nor FED. R. CIV. P. 12(h)(3). Defendants filed no objection to the relief sought by Plaintiffs in their prior motions brought pursuant to these rules.

Defendants' response in objection to Plaintiffs' Prior Motion brought to FED. R. CIV. P. (60)(b)(4) misconstrues Plaintiffs' prior arguments as having raised a challenge to this Honorable Courts' inherent authority to enter Orders to vindicate and enforce this Order's prior Decrees and Orders, over any matter for which this Court possess subject matter jurisdiction.

Plaintiffs' prior motion did not challenge this Court's authority to enter Orders to vindicate or enforce this Honorable Court's prior Decrees and Orders entered arising from subject matters over which this Honorable Court possesses subject matter jurisdiction. Plaintiffs' prior motion raises a challenge to this Court's subject matter jurisdiction required to enter Orders to enforce an extra judicial Decree of the Plaintiff Steering Committee and the Defendants, said Extra Judicial Decree being the Private Final Settlement Agreement, Decreeing the settlement terms agreed to by the Plaintiff Steering Committee and the Defendant. The plain language of CMO 10 clearing shows that the Decree the Order intends to vindicate and enforce, is not a Decree of this Honorable Court but instead is an extra judicial Decree of the Plaintiff Steering Committee and the Defendant.

In as much as CMO 10 was the first Order entered by this Honorable Court which Plaintiffs assert this Honorable Court lacked the required subject matter jurisdiction to enter, Plaintiffs will highlight the plain language of CMO 10 and show this Court that said plain language clearly demonstrates that said Order was not entered to vindicate nor enforce this Honorable Court's prior Decrees and Order. The plain language of CMO 10 shows that this Order was entered to assist in effectuating the terms of a Final Private Settlement Agreement entered by the Plaintiffs Steering Committee and the Defendants.  The Decree which CMO 10 intends to vindicate, enforce and effectuate was not a Decree of this Court, it was, and is, an extra judicial degree of the Plaintiffs' Steering Committee and the Defendants, expressing the terms of said Extra Judicial Final Private Settlement agreement and the will and interest of the proponents of said agreement.

The Final Private Settlement agreement itself is neither a Decree nor an Order from this Court over which this Court could enforce or vindicate its authority.

The Final Private Settlement agreement is not a Court approved settlement agreement, this Honorable Court has entered no Order indicating that this Honorable Court has concluded that the terms of the Final Private Settlement agreement are fair and adequate to the Plaintiffs that were absent from the negotiations leading to the entry of the Final Private Settlement agreement by the Plaintiffs and Defendants.

*"Entry of a settlement agreement is a judicial act and, as such, requires approval by the Court see Williams v. City of New Orleans, 694 F.2d 987, 993 (5th Cir. 1982) Additionally, a "consent Decree is also a continuing Order, one having prospective effect." United States v. City of Welch, 2012 U.S. Dist. LEXIS 14065, Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994). citing Kokkonen v. GuaThe standard to be applied in reviewing this proposed Consent Decree is whether the Decree "is fair, adequate, and reasonable" and "not illegal, a product of collusion, or against public interest." United States v. North Carolina, 180 F. 3d 574, 581 (4th Cir. 1999); see also United States v. City of Jackson, 519 F.2d 1147, 1151 (5th Cir. 1975)."* (italics added)

Having not entered this Final Private Settlement Agreement  into the record of this Court for approval nor scrutiny by this Honorable Court, while simultaneously seeking Orders to effectuate the terms of said Final Private Settlement Agreement  has allowed the Plaintiffs' Steering Committee and Defendants to improperly use the power of this Honorable Court to enforce an extra judicial degree of said Plaintiffs' Steering Committee and Defendants, while avoiding all due process required and designed to protect the interest parties absent the negotiation of and entry into said Final Private Settlement Agreement.

Because "subject-matter jurisdiction is an `Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal Court.'" Akinseye v.

District of Columbia, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting Ins. Corp. of Ir., Ltd. v.

Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982))

Defendants' response in objection rest solely on an assertion that this Court possessed inherent

authority (inter alia) enter Orders to assist the parties in effectuating the terms of the Final

Private Settlement Agreement. Putting aside the fact that the Defendants did not assert this

jurisdictional theory as a threshold matter, prior to moving this Court to enter Orders to assist the

parties in effecting the terms of the Final Private Settlement Agreement, defendants arguments

fail inasmuch as the referenced Final Private Settlement Agreement has not been memorialized

in any Order entered by this Court. Absent the terms of the Final Private Settlement Agreement

having been memorialized in an Order entered by this Court, the Final Private Settlement

Agreement does not exist as to any matter judiciable before this Honorable Court. This Court

cannot possibly possess subject matter jurisdiction, arising from inherent authority or otherwise,

over a settlement agreement that for the purposes of adjudication before this Court, does not

exist. The primary questions before this Courts are; "What Final Private Settlement Agreement"

does the Court entered Orders to assist the parities in effectuating the terms of? Where in the

record of the Court has the "Final Private Settlement Agreement" been entered? In what Order

entered by this Honorable Court did this Honorable Court memorialize the terms of the "Final

Private Settlement Agreement" versus merely referencing the "Final Private Settlement

Agreement"? *"The mere mention of the existence of a document is insufficient to incorporate the*

*contents of the document." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).*

*(italics added).*

If the Final Private Settlement Agreement had been entered into the record of this case as a

consent Decree, agreed to by all Xarelto MDL Plaintiffs, and this Honorable Court saw fit to

grant said Decree, the Final Private Settlement agreement would have been converted to a Decree of this Court, not merely an extra judicial decree of the Plaintiffs' Steering Committee and the Defendants. **This did not happen.**

Even if all Xarelto MDL Plaintiffs and the Defendants sought such a consent degree from this Honorable Court, this Honorable Court would not be relieved of its obligation to question its own jurisdiction prior to granting said consent Decree, prior to the entry thereof.

*"Because subject-matter jurisdiction is an `Art[icle] III as well as a statutory requirement[,] no action of the parties can confer subject-matter jurisdiction upon a federal Court.'" Akinseye v. District of Columbia, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982))"A consent Decree is a negotiated agreement that is entered as a judgment of the Court and thus has attributes of both contracts and judicial Decrees. Local 93, Int'l Ass'n of Firefighters v. City of Cleveland, 478 U.S. 501, 519 (1986); United States v. ITT Cont'l Baking Co., 420 U.S. 223, 236 (1975). "[Courts] have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235 (2006). (italics added)*

Although there are many circumstances in which a Federal Court might have subject matter jurisdiction over a settlement agreement as well as many circumstances in which a Federal Court would not, one absolute certainty is that absent the settlement agreement itself having been entered into the record of the case, or the terms thereof fully memorialized in an Order entered the Court, there is nothing properly before the Court over which the Court could even begin to analyze the propriety of its jurisdiction. The foregoing was made clear in *Kokkonen v. Guardian Life Ins. Co. of America, 511 US 375 - Supreme Court 1994 and further interpreted in the 5*[th]

*Circuit Court of appeals in Hospitality House, Inc. v. Gilbert, 298 F. 3d 424 - Court of Appeals, 5th Circuit 2002.*

*Where a District Court lacks ancillary jurisdiction to enforce a settlement agreement "enforcement of the settlement agreement is for the state Courts, unless there is some independent basis for federal jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).*

*Kokkonen v. Guardian Life Ins. Co. of America, 511 US 375 - Supreme Court 1994 Id.  at 380 "No case of ours asserts, nor do we think the concept of limited federal jurisdiction permits us to assert, ancillary jurisdiction over any agreement that has as part of its consideration the dismissal of a case before a federal cour"t. (italics added). "[M]erely acknowledging the existence of the settlement that precipitated the dismissal" will not suffice. StreetEasy, Inc. v. Chertok, 752 F. 3d 298, 306 (2d Cir. 2014). (italics added).*

*The Court specified two ways in which a Court may make a settlement agreement part of its dismissal Order: "either by separate provision (such as a provision `retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the Order." Hospitality House, Inc. v. Gilbert, 298 F. 3d 424 - Court of Appeals, 5th Circuit 2002 Id. at 430 (italics added).*

*At most, physical attachment of a settlement agreement to a dismissal Order evinces the district judge's "awareness and approval of the terms of the settlement agreement," which "do not suffice to make them part of his Order." Kokkonen, 511 U.S. at 381, 114 S.Ct. 1673*
*"The Kokkonen Court's determination that a district Court has ancillary jurisdiction to enforce a settlement agreement only if the Court makes the agreement part of its dismissal Order is based*

on the principle that "[f]ederal Courts are Courts of limited jurisdiction." *Id.* at 377, 114 S.Ct. 1673. The Court pointed out that "[n]o federal statute" gives federal Courts jurisdiction to hear a claim for breach of an agreement merely by virtue of the fact that "part of the consideration for [the agreement] was dismissal of an earlier federal suit." *Id.* at 381, 114 S.Ct. 1673. "However, the Court reasoned, where a district Court makes the agreement part of its dismissal Order, "a breach of the agreement would be a violation of the Order," and, thus, enforcement of the agreement would amount to enforcement of the Order, an action that the Court may take pursuant to its ancillary jurisdiction "to manage its proceedings, vindicate its authority, and effectuate its Decrees." *Id.* at 380-81, 114 S.Ct. 1673. **Correspondingly, the Court explained that where the district Court does not make a settlement agreement part of its dismissal Order, "jurisdiction over [the agreement] is in no way essential to the conduct of federal-Court business,"** *(emphasis added)* and, thus, absent some independent basis for federal jurisdiction, "enforcement of the settlement agreement is for state Courts." *Id.* at 381-82, 114 S.Ct. 1673. Accordingly, *Kokkonen* makes clear that in the context of ancillary jurisdiction to enforce settlement agreements, the principle that federal Courts are Courts of limited jurisdiction requires distinguishing a district Court's intention to make the terms of a settlement agreement part of its dismissal Order from the Court's mere recognition or approval of the settlement agreement. *See id.* at 381, 114 S.Ct. 1673. We thus conclude that to make a settlement agreement part of a dismissal Order by incorporation, *Kokkonen* requires a district Court to clearly indicate its intention within the dismissal Order itself by expressly incorporating the agreement's terms. *(italics added).* Hospitality House, Inc. v. Gilbert, 298 F. 3d 424 - Court of Appeals, 5th Circuit 2002 *Id.* at 431 *(italics added).*

The Third Circuit reasoned that "under Kokkonen, unexpressed intent is insufficient to confer subject matter jurisdiction." Id. at 275.  Likewise, in Smyth v. Rivero, 282 F.3d 268 (4th Cir.2002), the Fourth Circuit held that under Kokkonen, "[t]he obligation to comply with a settlement's terms must be expressly made part of a Court's Order for jurisdiction to enforce the settlement after dismissal of the action to exist." Id. at 283 (citing Kokkonen, 511 U.S. at 381, 114 S.Ct. 1673). The Smyth Court thus found that the dismissal Order at issue did not provide the district Court with ancillary jurisdiction to enforce the settlement agreement because "the Court's findings [in its dismissal Order] are most properly read as noting and reciting the agreement ... as a component of its analysis of the mootness of the case." Id. at 284. According to the Smyth Court, "[n]othing in th[e dismissal] **Order suggests that the terms of the parties' agreement are `incorporated' into the Order by a clear indication that they must be complied with pursuant to the Order itself, as opposed to the principles of contractual obligation."** (emphasis added)  Id. Thus, the Courts of appeals in Miener, In re Phar-Mor, and Smyth all concluded that under Kokkonen, a dismissal Order's mere reference to a settlement agreement is not sufficient to vest a district Court with ancillary jurisdiction to enforce that agreement. (italics added). Thus, the district Court does not have subject matter jurisdiction to enforce the Agreement based on that Court's Order dismissing the prior suit that gave rise to the Agreement. Given that the nursing home operators have not asserted another independent basis of federal jurisdiction, any action to enforce the Agreement is "for state Courts." Kokkonen, 511 U.S. at 382, 114 S.Ct. 1673. Hospitality House, Inc. v. Gilbert, 298 F. 3d Id at  424 - 434  (italics added).

All Orders entered by this Honorable Court subsequent to CMO 10, arise from the Final Private Settlement agreement over which this Honorable Court lacks Subject Matter Jurisdiction.

CMO 12(b) (Document 15257) provides for and contemplates dismissal with prejudice of Plaintiffs' cases who have not complied with CMOs 12 (Document 13608)) and 12(a) (Document 14877). The Final Private Settlement agreement was not attached to CMO 12(b) nor CMOs 12 nor 12A. This Honorable Court did not enter the terms of said Private Settlement agreement in CMOs 12, 12A nor 12(b). The mere reference to the settlement agreement is not sufficient to imply, assert, nor establish, this Honorable Court's Subject Matter Jurisdiction over the Final Private Settlement Agreement nor to confer the required subject matter jurisdiction to enter Orders to assist the parties in effectuating the terms of the Final Private Settlement agreement.

CMO 11A (Document 14876) is entitled "Supplemental Docket Control Order" however Bullet Point #1 clearly demonstrates the Docket Control this Order intends to implement and enforce arises from the extra judicial Decree of Plaintiffs' Steering Committee and the Defendants, being the Final Private Settlement Agreement.

CMO 11A Bullet Point 1:

*"1. Case Management Order No. 11 sets forth obligations of plaintiffs who do not participate in the Settlement Program." (italics added)*

CMO 11A Bullet Point 2:

2. *The deadlines for plaintiffs to fulfill those obligations are a specified number of days, which varies depending upon the obligation, after "the conclusion of the Settlement Program enrollment period."*

CMO 11A Bullet Point 3:

*3. This Order advises all parties that "the conclusion of the Settlement Program enrollment period," as used in Case Management Order No. 11, is September 4, 2019. All deadlines set forth in Case Management Order No. 11 that are keyed to the conclusion of the Settlement Program enrollment period will run from September 4, 2019.*

The Settlement Program, being the fruit of the Final Private Settlement agreement over which this Honorable Court lacked subject matter jurisdiction in the first instance also failed to attach the Final Private Settlement agreement the Order nor incorporate the terms thereof into the Order itself.

CMO 11, (Document 12902) also fails to attach a copy of the Final Private Settlement agreement nor incorporate the terms thereof into the Order itself.  The Plain Language of Bullet Point I in CMO 11 leaves no doubt that this Order arises directly from the Final Private Settlement agreement over which this Honorable Court lacks subject matter jurisdiction in the first instance.

COM 10A (Document 12905) also fails to attach a copy of the Final Private Settlement Agreement nor incorporate the terms thereof into the Order itself. COM 10A was clearly intended to assist the parties in effectuating the terms of the Final Private Settlement Agreement, over which this Honorable Court lacks Subject Matter Jurisdiction in the first instance.

CMO 10 (Document 12901) at paragraph one clearly defines the purpose of this Order as being to assist the Parties to effectuate the provisions of the private Final Settlement Agreement entered into between inter alia, the Plaintiffs' Steering Committee and the defendants. However, the private Final Settlement Agreement was not attached to this Order nor did this Honorable Court set out the terms of said Final Settlement Agreement, nor did any party nor this Court assert any basis for this Honorable Court to authority over this extra judicial Decree of the

Plaintiffs' Steering Committee and the defendants. Nor did any party, prior to the entry of CMO 10 and all Orders entered by this Court subsequent to CMO 10, put forth any statutory assertion on which this Court could base a determination that it possesses Subject Matter Jurisdiction to exercise authority over this extra judicial Decree, Decreed solely by the Plaintiffs' Steering Committee and the Defendants.

Defendants arguments that the aforementioned Orders are simply examples of this Honorable Court exercising its authority to vindicate its prior Decrees and Orders, are without merit and fail in all manners to establish this Courts' Subject Matter Jurisdiction over the private Final Settlement Agreement as well as the required subject matter jurisdiction to enter Orders to assist the parties in effecting the terms thereof.

In as much as the private Final  Settlement Agreement has not itself been properly entered into the record of this case in any manner nor form, this Honorable Court not only lacks Subject Matter Jurisdiction over the private Final Settlement Agreement , this Honorable Court lacks a judiciable "Subject" over which to exercise any authority or jurisdiction whatsoever, arising from the private Final Settlement Agreement.

## DEFENDANTS IN APT CITATIONS OF AUTHORITY AND LACK OF OBJECTION TO PLAINTIFFS' MOTIONS BROUGHT PURSUANT TO FED. R. CIV. P 12(b)(1), FED. R. CIV P. 12(b)(6) AND FED. R. CIV. P 12(h)(3)

Defendants limited their objection to the relief sought by Plaintiffs pursuant to FED R. CIV. P. 60 (b)(4). Defendants entered no objections to Plaintiffs' prior motions filed pursuant to FED. R. CIV. P 12(b)(1), FED. R. CIV P. 12(b)(6) and FED. R. CIV. P 12(h)(3). Additionally Defendants offered no argument that could be construed as opposing Plaintiffs' prior motions filed pursuant

to FED. R. CIV. P 12(b)(1), FED. R. CIV P. 12.(b)(6) and FED. R. CIV. P 12(h)(3) nor offered any citation of authority relevant to these Rules whatsoever nor counter arguments to Plaintiffs' arguments and assertions arising under and pursuant to these Rules.

In as much as the relief sought by Plaintiffs pursuant to FED. R. CIV. P 12(b)(1), FED. R. CIV P. 12(b)(6) and FED. R. CIV. P. 12(h)(3), to which the Defendants have not objected are sufficient to provide all relief required by Plaintiffs, moving Plaintiffs herein, through their undersigned counsel move this Court to grant all relief sought by Plaintiffs in their prior motion by entry of the proposed Order hereto attached FED. R. CIV. P 12(b)(1), FED. R. CIV P. 12(b)(6) and FED. R. CIV. P 12(h)(3), in as much as the Defendants have not objected to this Honorable Court granting said relief sought under these Rules.

Defendants' response in objection to Plaintiffs' Motion brought Pursuant to FED. R. CIV P. 60(b)(4) offers numerous alleged citations of authority, most of which are simply Orders from various MDL Courts Orders from other MDL Courts do not constitute any percentual ruling (authority) relevant or apt to Plaintiffs' challenge to this Courts (lack of) Subject Matter Jurisdiction required to enter Orders to assist the parties in effectuating the terms of the Final Private Settlement Agreement referenced in Xarelto MDL CMO 10.

Plaintiffs point out that prior to the Supreme Court's ruling in Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 US 26 - Supreme Court 1998, MDL Courts routinely engaged in self-transfer under USC 28 § 1404. Orders entered by Courts are not proper citations of authority for the purpose of supporting an assertion, claim or position in a pleading before any Federal Court. In as much as the Supreme Court's ruling in Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 US 26 - Supreme Court 1998, foreclosed on any self-transfer by MDL Courts' finding original jurisdiction under USC 28 § 1407, pursuant to USC 28 § 1404. It would

be reasonable to conclude that in Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach foreclosed on an MDL Court self-transferring a contract case (settlement), arising from an MDL settlement involving personal injury and product lability claims. Plaintiffs would prefer not to test the foregoing assertion on appeal of an adverse ruling on Plaintiffs' instant pleading.

The only citation of authority offered by Defendants that was remotely "jurisdictional in nature" is found in Acuna v. Brown & Root, Inc., 200 F. 3d 335 - Court of Appeals, 5th Circuit 2000. Although this case did address a jurisdictional issue, the citation of authority is not remotely apt to the current matter before this Court. The Federal Courts original jurisdiction in Acuna v. Brown & Root arose under "Federal Question Jurisdiction" pursuant to Price Anderson Act, 42 U.S.C. § 2210. Conversely this Courts limited original jurisdiction arose under U.S.C. 28 § 1407.

*Acuna v. Brown & Root, Inc., 200 F. 3d 335 - Court of Appeals, 5th Circuit 2000 At 399 "Courts that have considered the general question of the scope of jurisdiction under the 1988 amendments have found that Congress intended to create an exclusive federal cause of action for torts arising out of nuclear incidents. See, e.g., Roberts v. Florida Power & Light Co., 146 F.3d 1305 (11th Cir.1998); In re Three Mile Island II, 940 F.2d 832 (3d Cir.1991). (italics added)*

*Acuna v. Brown & Root, Inc., 200 F. 3d 335 - Court of Appeals, 5th Circuit 2000 at 341 "We find that the Price Anderson Act, 42 U.S.C. § 2210(n)(2), conferred federal jurisdiction over the cases before us and that removal was therefore proper. We also find that the district Court's pre-discovery Orders and Orders of dismissal were not abuses of its discretion. We therefore AFFIRM the judgments of the district Court." (italics added)*

If any authority arising from the Acuna case is apt to the instant matter before this Court, it would be the citation below, which would provide support for Plaintiffs arguments, if apt at all.

*Acuna v. Brown & Root, Inc., 200 F. 3d 335 - Court of Appeals, 5th Circuit 2000 at 399 "and doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. See Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988) (italics added)*

Defendants also reference FED. R. Civ. P.16(c)(2). however, the defendants to not assert that FED. R. Civ. P.16(c)(2). confers subject matter jurisdiction or could be a statutory basis for this Court entering Orders to assist the parties in effectuating the private Final Settlement agreement. FED. R. Civ. P.16(c)(2) related to pretrial conferences. It is clear from the record of this Court that all pretrial matters for which this Court originally possessed jurisdiction pursuant to U.S.C. 28 1407 had concluded a year before the Final Private Settlement Agreement existed, except for those processes necessary to effectuate the remand of Plaintiffs' cases back to their Courts of original Jurisdiction. Federal Courts can certainly Order parties to engage in settlement discussions per FED. R. Civ. P.16(c)(2) however, by no means does FED. R. Civ. P.16(c)(2) itself, confer Federal Jurisdiction over any settlement that may arise as the fruit of those settlement discussions.

It is well settled that the Federal Rules of Civil Procedural, are procedural, the word procedural is in the title. Federal Jurisdiction cannot be found in the Federal Rules of Civil Procedural. There are only two sources on which Federal Jurisdiction can be asserted and found to exists: The Constitution of the United States and Federal Statutes Enacted by Congress which clearly and unambiguously are intended to confer jurisdiction to Federal Courts over specific cases in controversy and under specific circumstances. *"Indeed, the Court has expressly recognized that the Rules Enabling Act does not bestow on it the power "to extend or restrict jurisdiction conferred by [another] statute." Willy v. Coastal Corp., 503 U.S. 131, 135, 112 S.Ct. 1076, 117*

*L.Ed.2d 280 (1992) (citing Sibbach v. Wilson & Co., 312 U.S. 1, 10, 61 S.Ct. 422, 85 L.Ed. 479*

*(19410) (italics added)*

*The Supreme Court cautioned that federal Courts should use the term "jurisdiction" only to*

*describe "subject matter jurisdiction," not "emphatic time prescriptions in rules of Court."*

*Kontrick v. Ryan, 540 U.S. 443, 454, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004)s "To be*

*jurisdictional, the restriction on the Court's authority not only must be specified by Congress —*

*it must also express a clear Congressional intent to be jurisdictional." United States v.*

*McGaughy, 670 F.3d 1149, 1156 (10th Cir.2012)*

In as much as the Defendants have failed to cite a single authority or make a single direct

argument nor object  the relief sought by Plaintiffs pursuant to FED. R. Civ. P. 12(b)(1), Fed. R.

Civ. P 12.(b)(6) nor 12((h)(3), it would be reasonable and proper for this Court to summarily

grant all relief sought by Plaintiffs in their prior motions brought  pursuant to FED. R. Civ.

P.(b)(1), Fed. R. Civ. P 12.(b)(6) or 12((h)(3), pursuant to Fed. R. Civ. P 12(c).

## PROCEDURAL BACKGROUND

On 12/12/2014 The Judicial Panel on Multidistrict Litigation granted a motion to transfer certain

personal injury and product liability claims, arising under the various States laws governing

personal injury and product liability actions pursuant to U.S.C. 28  § 1407 (Document 122)  for

the hearing of issues of common facts in pretrial proceedings, to be remanded back to their

respective Courts of original jurisdiction at or before the conclusion of said pretrial proceedings.

Between 12/12/2014 and 02/27/2018, this Honorable Court adjudicated matters arising from the

plaintiff's original cases in controversy (subject matter) being those personal injury and product

liability claims transferred to this Honorable Court pursuant to U.S.C. 28 § 1407. No later than

02/27/2017 this Court determined that it had exhausted all judicial labor required to adjudicate the issues of common facts in pretrial proceedings and began the mandatory (Pursuant to U.S.C 28 § 1407(a) process of effectuating remand back to their Courts of original jurisdiction.

**Excerpts from Official Transcripts of Status Conferences held on January 30, 2018 and February 27, 2018.**

*Excerpt from Official Transcript of Status Conferences held on January 30, 2018 Page 5 at line 5-6 (Document 8538)*

The Court: *It comes a point where the MDL has done everything it can do" and we are close to that point."*

*Excerpt from Official Transcript of Status Conferences held on February 27, 2017 Page 4 at 23-25 Continued on Page 5 1-2: Found on the Courts official Website for MDL 2592 at* http://www.laed.usCourts.gov/sites/default/files/xarelto/February%202018%20MSC%20Transcr ipt.pdf

The Court: *"We moved it around so they could see it as numerous juries took a look at it. The verdict of the jury is somewhat important, but it's also not the only thing. The important thing is for the lawyers to see their case presented and all of the things that come with that.* **We did that."** (emphasis added)

Page 5 at 3-6. *"But at that point, the bellwether system is exhausted. It's not designed for the purpose of resolving cases. That's not the purpose of it. The purpose of it is to give the parties an opportunity to see their case in action."*

Page 5 at 7-11 ***We've done that.*** *(emphasis added) So now we have to go to Phase II and move the cases. It's not fair for the litigants, it's not fair for the lawyers, it's not fair for the system just to keep the cases in one place and just let them marinate and just sit there.* ***So it's time to begin focusing on sending them back.*** *(emphasis added)(italics added)*

Page 12-15 *"I met with the parties earlier and we decided that it would be appropriate to send 1200 cases back. The parties have met and conferred and feel that it's wise to send 600 back at a time."*

By no later than February 27, 2018 this Honorable Court, on and in the record of the case made in clear that it had reached an end to all judicial labor to adjudicate all pretrial issues of common fact, relevant to plaintiffs original cases in controversy (subject) matter arising from their personal injury and product liability claims U.S.C. 28 § 1407 relevant to plaintiffs original and in accordance with the plain language of the U.S.C. 28 § 1407 (a) This Honorable Court began the process of preparing to remand Plaintiffs' original cases in controversy (subject matter) back to their States of Original Jurisdiction and entering Orders to effectuate this temporally mandatory process .

Once an MDL Court has exhausted all labor necessary to conduct the pretrial proceedings of common fact (Pursuant to U.S.C. 28 § 1407) arising from Plaintiffs' original complaint, the Courts' sole authority remaining is to remand the cases back to their Courts of original jurisdiction pursuant to U.S.C. 28 § 1407 (a).

*"The use of the mandatory term "shall" normally creates an obligation impervious to judicial discretion. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998). Once "coordinated or consolidated pretrial proceedings" have been*

*completed in the transferee Court, the transferred cases must be remanded to their original*

*Courts (whether for trial or otherwise). Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,*

*523 U.S. 26, 28 (1998) transferee Court must transfer a case back to the original district for trial*

*after pretrial issues are resolved Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523*

*U.S. 26, 40 (1998)" (italics added)*

Despite this Court having acknowledge that it exhausted all judicial labor required to conclude

the pretrial proceedings of common facts, relevant to Xarelto MDL Plaintiffs' original cases in

controversy (complaints) no later than February 27, 2018, leaving this Court with nothing left to

do but enter Orders effectuate the remand process, a new and different subject matter arose under

a contract entered into between the Xarelto Defendants and Xarelto Plaintiffs Steering

Committee. Inexplicably, On March 25, 2019 in Xarelto CMO 9 (Document 12900), over a year

after this Court had declared an end to the judicial labor required to adjudicate the common facts

in pretrial proceedings arising from Plaintiffs' original complaints, this Court issued a stay of the

process of effectuating remand and turned its attention to entering Orders to assist the parties in

effectuating the terms of the private Final Settlement agreement, entered into by the Plaintiffs'

Steering Committee and the Defendants, said agreement being a Decree of those parties, not a

Decree of this Honorable Court.

On March 25, 2019, this Court entered Xarelto MDL 2592 Case Management Order #10

regarding the registration of Xarelto-related cases and claims (Document 12901)

**Xarelto MDL 2592 Case Management Order #10 at page 1:**

*"In Order for this Court and the cooperating state Court jurisdictions with coordinated*

*proceedings pending in Pennsylvania (In Re Xarelto Litigation, No. 2349, Philadelphia County*

*Court of Common Pleas), and in California* (Xarelto Cases, *Judicial Council Coordinated Proceeding No. 4862, Superior Court of the State of California, County of Los Angeles) to cooperatively manage this litigation and to assist the Parties **to effectuate the provisions** of the **private Final Settlement Agreement** entered into between,* **inter alia,** *the **MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen (emphasis added) and Bayer ("Defendants"), (emphasis added)** it is necessary to identify all filed and unfiled Xarelto®-related claims:"*

The language of CMO 10 is conclusive of the fact that no "controversy" exists arising from the Final Settlement agreement refenced in the Order. Federal Subject Matter Jurisdiction is lacking without an actual controversy.  Even if the Defendant's response to Plaintiffs' prior motion at face value and assume that the Plaintiffs' original complaints gives rise to this Courts subject matter jurisdiction over the "Final Settlement Agreement", CMO 10 clearly shows that there is no controversy before this Court arising from that contract. The parties to the agreement (The Xarelto Defendants and the Xarelto Plaintiffs' Steering Committee) seek and have sought, the same relief from the Court (both parties); which is to have this Court enter Orders to assist in effectuating the provisions of the private Final Settlement Agreement.

*When "both litigants desire precisely the same result," there is "no case or controversy within the meaning of Art. III of the Constitution." Moore v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 47, 48, 91 S.Ct. 1292, 28 L.Ed.2d 590 (1971) (italics added).*

*"We are thus confronted with the anomaly that both litigants desire precisely the same result, namely a holding that the anti-busing statute is constitutional. There is, therefore, no case or controversy within the meaning of Art. III of the Constitution." Muskrat v. United States, 219 U. S. 346 (1911). (italics added)*

*"[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (citation omitted). (italics added)*

*"Article III of the Constitution confines the federal Courts to adjudicating actual `cases' or `controversies.'" Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).*

*"A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot Aetna Life Insurance Co. Of Hartford, Conn., supra at 240, (internal citations omitted).  The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interest.  Id. at 240-1 (internal citations omitted). (italics added)*

Defendants have admitted Plaintiffs' original claims were product liability claims/personal injury (cases in controversy) and at no time has any party alleged that any case in controversy arising from an agreement (contract case in controversy) is properly before this Court. Furthermore, the docket of this case lists the nature of this case as (which defines subject matter): Nature of Suit: 367 Personal Injury: Health Care/Pharmaceutical Personal Injury Product. At no time has the subject matter before this Court, the nature of the Case been determined to be Nature of Suit 190: Other Contract Action primarily based on rights and obligations under a contract not classifiable elsewhere under the specific natures of suit under "Contract." Nature of Suit 195: Action concerning damages caused by a defective product, not primarily involving personal injury or property damage, and based primarily on breach of contract, breach of warranty, misrepresentation, and/or violation of consumer protection laws.

At no time have the parties (PSC and Defendants) to the private Final Settlement Agreement ever contended that the subject matter properly before this Court arises from a contract case in controversy.

*JOINT REPORT NO. 38 OF PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL (Doc 13813) Docketed on 06/20/2019)*

*Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") respectfully submit this Joint Report No. 38. All Pre-Trial Orders are posted on the Court's website located at www.laed.usCourts.gov/Xarelto. The Court's website also includes other postings relevant to the litigation.*

1.   *SETTLEMENT*

*On May 6, 2019, the Plaintiffs' Leadership and Defendants entered into a final Master Settlement Agreement for resolution of Xarelto **product liability claims** (emphasis added) covered by the agreement. The Master Settlement Agreement establishes the deadline for Plaintiffs to enroll in the Settlement Program on or before August 5, 2019. (italics added)*

At no time has the Judicial Panel on Multidistrict Litigation considered arguments nor granted a motion to transfer any case, pursuant to U.S.C. 28 §1407 to this Honorable Court involving an agreement (contract) nor any controversy arising therefrom.

The Judicial Panels Transfer Order does not mention a contract case in controversy (Document 122) Page 1 Starting at Paragraph 4 Continued on page 5 )

*These common issues include, in particular, the adequacy of Xarelto's warning label with respect to the risk of severe bleeding and These common issues include, in particular, the adequacy*

*of Xarelto's warning label with respect to the risk of severe bleeding and other injuries, the results of certain clinical studies, and the alleged need for blood monitoring. Almost all **personal injury litigation** (emphasis added) involves questions of causation that are plaintiff-specific. Those differences are not an impediment to centralization where common questions of fact predominate. (italics added).*

On October 2, 2019 this Honorable Court, upon Defendants' motion, entered an Order to Show Cause for non-compliance with CMO 12A. (Document 16880).

In response to the Order to Show Cause, moving plaintiffs filed a response (Doc 17338).

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO COMPLY WITH CASE MANGEMENT ORDER 12A ENTERED ON October 2, 2019.**

**PLAINTIFFS' MOTION TO DISMISS HYPOTHETICAL CONTRACT ACTION AND ALL ORDERS ARISING FROM RELATED TO OR IN RELIANCE THERE ON, PURSUANT TO RULES 12(b)(1), 12(B)(6) AND  12(h)(3) AND VACATE ALL ORDERS ARISING FROM THE SAME.**

**PLAINTIFFS' MOTION FOR RELIEF FROM THE INSTANT ORDER TO SHOW CAUSE ORDER AS WELL AS XARELTO MDL 2592 CASE MANAGEMENT ORDERS 9, 9A, 10, 10A, 11, 11A, 12,12A, and 12B PURSUANT TO RULE 60(b)(4) AND FURTHER MOVES THIS COURT TO VACATE THESE ORDERS**

On 10/10/2019 Defendants (Doc 17353) filed direct objections to plaintiffs' motion pursuant to FED. R. CIV. P 60(b)(4) seeking relief from the Order to Show Cause. Defendants filed no objection to Plaintiffs' Motions Filed Pursuant to FED. R. CIV. P 12(b)(1), 12(b)(6) and (12(h)(3). Moving Plaintiffs' motions brought pursuant to FED. R. CIV. P 12(b)(1), 12(b)(6) and (12(h)(3) remain before this Court without objection from the Defendants.

This Court has been shown no reason to delay in granting Plaintiffs' prior motion brought FED. R. CIV. P 12(b)(1), 12(b)(6) and (12(h)(3). Plaintiffs have attached a proposed Order for immediate entry by this Honorable Court granting all prior relief sought by Plaintiffs pursuant to FED. R. CIV. P 12(b)(1), 12(b)(6) and (12(h)(3).

Defendants' response in objection misconstrues Plaintiffs' prior motions as asserting that this Honorable Court would not have authority to enter Orders of the nature plaintiffs motion seeks to have this Court vacate if said Orders were issued arising from the subject matter of Plaintiffs' original complaint prior to the end of this Court's adjudication of pretrial proceedings arising from the subject matter of Plaintiffs' original complaints,  pursuant to U.S.C. 28 § 1407. Plaintiffs made no such assertions and thus Defendants' response is misplaced. Plaintiffs instead asserted inter alia that this Court lacked subject matter to enter Orders to assist the Parties to effectuate the provisions of the private Final Settlement Agreement entered into between, inter alia, the MDL Plaintiffs' Steering Committee and Defendants.  The pretrial proceedings relevant to Plaintiffs' original case in controversy had reached their end and the extra judicial contingent Private Settlement Agreement presented a hypothetical case with no actual controversy, over which this Honorable Court lacks subject matter jurisdiction.

Plaintiffs do not contend that this Honorable Court might not have Subject Matter Jurisdiction to enter Orders similar to those entered to assist the Parties to effectuate the provisions of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen (emphasis added) and Bayer ("Defendants"), if those Orders were entered to effectuate the remand procedures the Court had begun prior to the  PSC and Defendants having advised the Court of the private final settlement

agreement. Plaintiffs' assertions are limited to challenging this Courts' Subject Matter Jurisdiction to enter Orders to assist the Parties to effectuate the provisions of the Private Final Settlement Agreement absent Subject Matter Jurisdiction over the in the first instance.

Defendants' response in objection and citations of authority in said response in objection are wholly inapt to Plaintiffs' prior motion in as much as Defendants' response in objection misconstrues the foundation of Plaintiffs' factual arguments and facial attack on this Honorable Court's Subject Matter Jurisdiction over the Final Private Settlement Agreement.

## PLAINTIFFS' SUR REPLY TO DEFENDANTS NON-RESPONSE AND LACK OF OBJECTION TO PLAITIFFS' PRIOR MOTION BROUGHT PRUSUANT TO FED R. CIV. P 12(b)(1)

Moving Plaintiffs, now herein, through their undersigned counsel, move this Court to grant all relief sought in Moving Plaintiffs' prior motion brought pursuant to FED. R. CIV. P 12(b)(1) and show this Honorable Court the following:

Defendants raised no direct objections to the relief sought by moving plaintiffs pursuant to FED. R. CIV. P 12(b)(1).

Moving Plaintiffs launched a facial attack on this Court's jurisdiction over the subject matter of the extra judicial contingent Private Settlement Agreement (Final Private Settlement Agreement), pursuant to FED. R. CIV. P 12(b)(1).

Defendants, for the first time, affirmatively on the record of the case in objection to Plaintiffs' motion seeking relief from pursuant FED. R. CIV. P 60(b)(4) entered arguments and citations of case law in support of this Courts' certain "authorities". However, Defendants failed to cite any Statutory basis affirmatively on the record, asserting this Honorable Courts' Subject Matter

Jurisdiction over the private Final Settlement Agreement in the first instance on which this Court could rely to exercise any authority.

Defendants cite nor reference to any document or pleading entered into the record of the case prior to Defendants having moved this Court to enter this Court to enter Orders, relying on, referencing, arising from nor dependent on the subject matter of the Private Final Settlement Agreement. Defendants cite nor reference any document in the record of the Court showing an entry of the private Final Settlement Agreement into the record of the case nor the terms thereof memorialized in any Order entered by this Honorable Court.

Plaintiffs offered the following authorities in support of their original motion brought pursuant to FED. R. CIV. P 12(b)(1). The Defendants' response made no arguments not cited any authority in contest to Plaintiffs' prior assertions and citations of authority relevant to Plaintiffs' motion brought under FED. R. CIV. P12(b)(1).

Plaintiffs previously asserted authority uncontested by defendant in response: *The United States Court of Appeals for the Fifth Circuit recognizes a distinction between **a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings,** (emphasis added) and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. See Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981); accord Ramming, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts."). Regardless of the nature of the attack, the plaintiff seeking a federal forum*

*"constantly bears the burden of proof that jurisdiction does in fact exist." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (italics added)*

In Ramming it was the Plaintiff who sought the federal forum and therefor Ramming references "the plaintiff" as having the burden of establishing jurisdiction. This does not change the well settled matter that the party seeking the federal forum (regardless of the parties' label) bears the burden of properly invoking the Federal Courts' jurisdiction, by citation of statute and argument, on and in the record of the case. *See: "It is to be presumed that a cause lies outside [of federal Courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted) (italics added)*

Plaintiffs previously asserted this authority uncontested by Defendants in response: *"Federal Courts are Courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." Stockman v. Fed. Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998). "It is incumbent on all federal Courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." Id. Under Rule 12(b)(1) the district Court can dismiss for lack of subject matter jurisdiction on the basis of the complaint alone. See Williamson v. Tucker, 645 F.2d 404, 412-413 (5th Cir. 1981). (emphasis added, italics added)*

In Order to overcome Plaintiffs' facial attack on this Courts (lack of ) subject matter jurisdiction brought pursuant to FED. R. CIV. P 12(b)(1)  Defendants would be required to point to a document or pleading in the record, filed in the record **prior** to Defendants seeking Orders "to assist the Parties to effectuate the provisions of the private "Final Settlement Agreement" asserting this Honorable Courts' Subject Matter Jurisdiction over the Final Settlement Agreement". Even if Defendants' theories and assertions first raised in their response to

Plaintiffs' Prior Motion had merit, the fact that these theories and assertions were not pled, asserted or in any way put forth on the record of the case prior to defendants seeking Orders "to assist the Parties to effectuate the provisions of the private "Final Settlement Agreement" renders all such Orders void on their face for lack of Subject Matter Jurisdiction.

Defendants having raised no objection to Plaintiffs' previous motion brought Pursuant to FED. R. CIV. P.12(b)(1) nor the relief sought therein, Plaintiffs herein move this Honorable Court to grant all relief previously sought brought Pursuant to FED. R. CIV. P.12(b)(1)

Defendants' response failed to point to any document in the record of this case entered prior to Defendants having sought orders "to assist the Parties to effectuate the provisions of the private "Final Settlement Agreement". The Defendant have provided this Honorable Court with  no basis  grounds on which deny Moving Plaintiffs' prior motion brought pursuant to FED. R. CIV. P 12(b)(1), this Honorable Court is without discretion to ignore and uncontested facial attack on this Honorable Courts subject matter jurisdiction brought pursuant to FED. R. CIV. P 12(b)(1) and must therefore presume that said subject matter jurisdiction is lacking.

*"Federal Courts are presumed to lack jurisdiction, `unless the contrary **appears affirmatively from the record.'"** (emphasis added) Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986) (italics added)*

Defendants' failed to show this Court any evidence from the record conclusive of this Honorable Courts' jurisdiction over the Subject Matter of the Final Private Settlement agreement as having been asserted by the parties seeking the federal forum, prior to those parties having moved this Court to enter Orders to assist in effectuating the terms of the Final Private Settlement agreement.

*"The requirement that jurisdiction be established as a threshold matter `spring[s] from the nature and limits of the judicial power of the United States' and is `inflexible and without exception.'" Id. (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)."*

There is no second bite at the jurisdictional apple. Defendants' prior failure to properly assert this Court's jurisdiction over the subject matter of the Final Private Settlement Agreement cannot be retroactively cured and is fatal to this Honorable Courts jurisdiction.

*We have specifically held that "[a] lack of jurisdiction cannot be corrected by an Order nunc pro tunc." W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir.2001).(italics added) . "A lack of jurisdiction cannot be corrected by an Order nunc pro tunc. Central Laborers' Pension, Welfare & Annuity Funds v. Griffee, 198 F.3d 642, 644 (7th Cir.1999).(itlaics added)*

Moving Plaintiffs herein, through undersigned counsel, having shown just cause for all relief sought in Plaintiffs' prior motion brought pursuant to FED. R. CIV. P. 12(b)(1) without further need for argument. Plaintiffs now move this Honorable Court, pursuant to FED. R. CIV. P. 12(c) and pray that this Honorable Court finds grant all relief sought pursuant to the relief sought by Plaintiffs pursuant to FED. R. CIV. P12(b)(1), in Plaintiffs' prior motion. (Document 17338)

*"Proper jurisdiction is a requirement in determining the validity of a claim, and as such, Rule 12(b)(1) motions must be considered prior to any other challenges." Lemke v. H&R Block Mortg. Corp., 2012 WL 715894 at *1 (E.D. Mich. Mar. 6, 2012) (citing Bell v. Hood, 327 U.S. 678 (19460. See also Moir, 895 F.2d at 269 (quoting Bell v. Hood for the proposition that, when a defendant moves to dismiss under both Rule 12(b)(1) and (b)(6), the Court should consider the 12(b)(1) motion first because "the 12(b)(6) challenge becomes moot if this Court lacks subject matter jurisdiction.").*

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS NON RESPONSE AND LACK OF OBJECTION TO PLAINTIFFS' PRIOR MOTION BROUGHT PURSUANT TO FED. R. CIV. P 12(b)(6)**

Defendants' response raised no direct objections to the relief sought by moving plaintiffs pursuant to FED. R. CIV. P 12(b)(6).

Moving Plaintiffs asserted that no "case in controversy" existed in the record of the case, arising from the subject matter of the extra judicial contingent Private Settlement Agreement. (a contract). Plaintiffs' prior motion asserted that the only case in controversy (complaints) properly before this Court were the original claims brought by Plaintiffs under the personal and product liability laws of the various States. Defendants' response in objection to moving Plaintiffs' motion for relief under FED. R. CIV. P 60(b)(4) and motion for relief from certain Orders to Show Cause, admitted moving Plaintiffs' assertion that the only case in controversy (complaint) before this Court are those original cases in controversy (complaints) arising under the subject matter related to claims that consumption of the prescription drug Xarelto caused certain injuries to their persons, for which redress, under the personal injury and product liability laws of the various States.

Each Defendant's arguments in support of those sound in "this Court has authority" However, the Defendants failed to cite any Statutory basis for this Honorable Courts' jurisdiction which would provide said authority. It is axiomatic that a Federal Courts' authority and powers arises solely from the U.S. Constitution or Federal Statutes as implemented by the elected members of Congress, unambiguously intended to be jurisdictional, conferring specific jurisdiction to Federal Courts. Authority flows from Jurisdiction. Jurisdiction is not found in authority. "*Federal Courts are Courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.*" *Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). If a federal*

*Court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a*

*nullity. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18 (1951).(italics added)*

Defendants argue that this Court's jurisdiction over the Final Private Settlement Agreement is

found in Plaintiffs' original complaints, despite those complaints making no mention of a Final

Private Settlement Agreement nor a controversy arising therefrom. Additionally, to accept

Defendants' argument, this Court would have to conclude that the Statutory authority for this

Honorable Courts' jurisdiction over the Final Private Settlement agreement can be found in

U.S.C. 28 § 1407. Defendants however assert no authority conclusive of, or so much as

indicating or implying that U.S.C. 28 § 1407 confers jurisdiction to MDL Courts over

settlements (contracts) of MDL cases.

Even if Federal Jurisdiction over an MDL Settlement existed under a given circumstance, the

Court sitting in Jurisdiction under U.S.C. 28 § 1407 could not presume that their Court was the

proper venue in which such Jurisdiction exists and simply self-assign the new matter to their

Court (venue). In as much as the Final Private Settlement Agreement did not exist at the time

Plaintiffs filed their original complaints, it would be a metaphysical for those complaints to be

the source of this Honorable Court jurisdiction over the subject matter of the Final Private

Settlement Agreement.

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 US 26 - Supreme Court 1998  Id.*

*at 37 The trouble with this creative argument, though, is that the statute manifests no such*

*subtlety. Section 1407(a) speaks not in terms of imbuing transferred actions with some new and*

*distinctive venue character, but simply in terms of "civil actions" or "actions." It says that such*

*an action, not its acquired personality, must be terminated before the Panel is excused from*

*Ordering remand. The language is straightforward, and with a straightforward application ready to hand, **statutory interpretation has no business getting metaphysical**. (emphasis added) (italics added)*

*"The requirement that jurisdiction be established as a threshold matter `spring[s] from the nature and limits of the judicial power of the United States' and is `inflexible and without exception.'" Id. (citing Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884) "Subject matter jurisdiction, "is `an essential element of the jurisdiction of a district Court,' without which the Court is `powerless to proceed to an adjudication,'" Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (quoting Empl'rs Reinsurance Corp. v. Bryan, 299 U.S. 374, 382, 57 S.Ct. 273, 81 L.Ed. 289 (1937). Without jurisdiction the Court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the Court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. 506, 514 (1868); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). In fact, federal Courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. See Kreuger v. Cartwright, 996 F.2d 928, 930-31 (7th Cir. 1993); Kanzelberger v. Kanzelberger, 782 F.2d 774, 777 (7th Cir. 1986). Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. Chase v. Shop `N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997).*

Defendants' response contends that moving Plaintiffs misunderstand. Presumably Defendants contend Plaintiffs misunderstand the basic language of Article III § 2 of the U.S. Constitution.

Plaintiffs herein assert that they fully understand, as well as recognize, when an opposing party is attempting to circumvent or ignore that very article.

Plaintiffs, in Sur-Reply, will herein quote the relevant sections of Article III, § 2, and address each part of said section, in a question and answer fashion as it applies to plaintiffs' prior motions, so as to clarify that which is apparently misunderstood by Defendants:

Article III of the Constitution identifies the categories of "Cases" and "Controversies" that federal Courts may have jurisdiction to decide. Article III, § 2. "*If a case is not within one of the specified categories, neither Congress nor the parties may authorize a federal Court to decide it Verlinden B. V. v. Central Bank of Nigeria, 461 U. S. 480, 491 (1983); National Mutual Ins. Co. v. Tidewater Transfer Co., 337 U. S. 582, 646-655 (1949)*

## LACK OF SUBJECT MATTER JURISDICTION ARISING FROM DIVERSITY

This Honorable Court as well as the Defendants have acknowledged that, in the universe of Xarelto MDL Plaintiffs, there are citizens diverse in domicile and citizenship from the Defendants as well as Plaintiffs who are not diverse. For the purpose of conducting pretrial proceedings pursuant to U.S.C. § 28 1407, this Court possessed the limited jurisdiction conferred under U.S.C. 28 § 1407. For the purpose of hypothetical case in controversy (subject matter) arising from extra judicial contingent private settlement agreement, this Honorable Court as well as the Defendants has acknowledged that this Court lacks subject matter jurisdiction over non-diverse Plaintiffs.

"*The presence in the action of a single plaintiff from the same State as a single defendant deprives the district Court of original diversity jurisdiction over the entire action. Strawbridge v.*

*Curtiss, 3 Cranch 267 (1806); Owen Equipment & Erection Co. v. Kroger, 437 U. S. 365, 375 (1978). "The presence of the nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U. S. 694, 702 (1982); People's Bank v. Calhoun, 102 U. S. 256, 260-261 (1880). (italics added)*

*"The complete diversity requirement is consistently imposed on a case-by-case, rather than a claim-by-claim, basis: "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district Court of original diversity jurisdiction over the entire action." Id. at 553, 125 S.Ct. 2611 (citing Strawbridge, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (19780.)(italics added)*

*The plain language of the supplemental jurisdiction statute incorporates this well-established requirement that there be a viable action over which the district Court has "original jurisdiction" before supplemental jurisdiction may be considered. Section 1367(a) grants supplemental jurisdiction over related claims in "any civil action of which the district Courts have original jurisdiction," and § 1332 defines the requirements for "original jurisdiction" in diversity cases. In Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005), the Court explained how these two jurisdictional provisions interact: **"Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere."** (emphasis added) Id. at 554, 125 S.Ct. 2611. "The complete diversity requirement is consistently imposed on a case-by-case, rather than a claim-by-claim, basis: **"In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single Plaintiff from the same State as a single***

*defendant deprives the district Court of original diversity jurisdiction over the entire action."*
*(emphasis added) Id. at 553, 125 S.Ct. 2611 (citing Strawbridge, 3 Cranch 267, 7 U.S. 267, 2*
*L.Ed. 435; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d*
*274 (19780. .(italics added)*

The Court in Allapattah dubbed this view of complete diversity the "contamination theory"
because the inclusion of a nondiverse party *"contaminates every other claim in the complaint,*
*depriving the Court of original jurisdiction over any of these claims." Id. at 560, 125 S.Ct. 2611.*
*The "contamination theory" makes sense in the context of the complete diversity requirement, the*
*Court said, because "the presence of nondiverse parties on both sides of a lawsuit eliminates the*
*justification for providing a federal forum." Id. at 562, 125 S.Ct. 2611.[18] Additionally, the*
*"contamination theory" prevents plaintiffs from creating diversity jurisdiction "simply by*
*omitting [the nondiverse party] from the original complaint and then waiting for [that party] to*
*be joined under Rule 19." Acton, 668 F.2d at 79-80; accord Allapattah, 545 U.S. at 565, 125*
*S.Ct. 2611 ("The contamination theory ... means this ruse would fail...."). .(italics added)*

If it were possible for this Honorable Court to ever possess the required Subject Matter
Jurisdiction to assist the parties in effectuating the terms of the Final Private Settlement
Agreement, this Honorable Court would first be required to expunge all non-diverse parties by
remand or otherwise before entering Orders to assist the parties in effectuating the terms of the
private Final Settlement agreement. Ridding the docket of the non-diverse parties after entering
Orders to assist the parties in effectuating the terms of the Final Private Settlement agreement
could not cure the prior jurisdictional defect in as much as jurisdictional defects cannot be cured
by an Order entered nunc pro tunc.

For this Honorable Court to reach a conclusion that it possessed the required Subject Matter Jurisdiction to enter Orders to assist the parties in effectuating the terms of the Final Private Settlement Agreement, this Court would first have to find that it possesses jurisdiction over a hypothetical case, for which no controversy exists and for which no party has affirmatively asserted this Court's jurisdiction on the record of the case, nor has the agreement itself been entered into the record of the case.  More simply stated, in Order to deny the relief sought by Plaintiffs, this Court would have to ignore the fact that it lacks, and lacked, the required Subject Matter Jurisdiction to enter Orders to assist the parties in effectuating the terms of the Final Private Settlement Agreement

Plaintiffs asserted the following authorities in their prior motion to which Defendants' response offered no contest: *The Court must address a subject matter motion before other substantive motions to avoid a Court without jurisdiction prematurely dismissing a case with prejudice. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); see also McCasland v. City of Castroville, 478 Fed. Appx. 860, 860-61 (5th Cir.) Under Federal Rule of Civil Procedure 12(b)(6), a case can be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P.12(b)(6). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). A claim has facial plausibility when the plaintiff "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937 (2009). Though a complaint does not need detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. (italics added)*

Defendants have conceded that plaintiffs original "case in controversy" (subject matter) are the only complaints in the record of this case. In as much as Plaintiffs' original complaints have at no time been amended to include claims arising from nor a controversy over a "contract", Defendants have provided this Honorable Court with no basis or grounds on which this Honorable Court could deny Plaintiffs' prior motion brought pursuant to FED. R. CIV. P.12(b)(6).

*"[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (citation omitted).(italics added)*

The burden to survive a motion to dismiss under FED. R. Civ. P. 12(b)(6) is not stringent. The party seeking the federal forum merely needs to show, in the complaint, a short plaint statement showing that they are entitled to the relief sought. In as much as Plaintiffs' original complaints in no way reference a settlement agreement, Defendants cannot meet the light burden of showing, Plaintiffs' original complaints provide a basis entitled to the relief in Orders to assist the parties in effectuating the terms of the final private settlement agreement.

*To survive a motion to dismiss under Rule 12(b)(6), a complaint need only contain "`a short and plain statement of the claim showing that the pleader is entitled to relief,'" such that the defendant has "'fair notice of what the ... **claim is and the grounds upon which it rests**.(emphasis added) '" Bell 165\*165 Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (19570; accord Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the `grounds' of his*

*`entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Instead, to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft, 556 U.S. at 678 (internal quotation marks and citation omitted).*

As there is no complaint in the record of the case that even mentions the private Final Settlement Agreement, nor have Defendants objected to the relief sought by plaintiffs in their prior motions pursuant to FED. R. CIV. P12(b)(6),  moving Plaintiffs herein, through undersigned counsel, having shown just cause for all relief sought in Plaintiffs' prior motion brought pursuant to FED. R. CIV. P 12 (b)(6), pray that this Honorable Court grant Plaintiffs all relief sought in the prior motion, (Document 17338) based solely  on the face of these pleadings and those referenced herein, pursuant to  FED. R. CIV. P. 12(c).

*A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss." Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010); see also Cafasso v. General Dynamics C4 Sys., 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (collecting cases from the Second, Fifth, and Sixth Circuits to conclude that the Twombly and Iqbal standard applies to Rule 12(c) motions).(italics added)*

Fed R. Civ. P. 12 (c) Motion for Judgment on the Pleadings. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

A proposed Order is attached hereto.

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS' NON-RESPONSE AND LACK OF OBJECTION TO PLAITIFFS' PRIOR MOTION BROUGHT PRUSUANT TO FED. R. CIV. P. 12(h)(3)**

Defendants raised no objections to Plaintiffs' prior motion brought Pursuant to FED R. CIV. P. 12(h)(3).

FED R. CIV. P. 12(h)(3). *Lack of Subject-Matter Jurisdiction.* If the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.

Moving Plaintiffs having shown this Honorable Court the following:

1. This Honorable Court fulfilled its duties relevant to pretrial proceedings arising from plaintiffs' original cases in controversy no later than February 27, 2017;

2. At all times subsequent to February 27, 2017 the only remaining Subject Matter Jurisdiction possessed by this Court (to enter Orders or adjudicate any matter) would be the jurisdiction necessary to comply with the "shall remand" at or before the end of pretrial proceedings command of U.S.C. 28 § 1407 (a).

3. At no time prior to February 27, 2017 nor after, has any party properly asserted this Honorable Courts' jurisdiction, affirmatively on the record, by citation of statute, required to assist the parties to effectuate the provisions of the Private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants.

Plaintiffs cited these authorities in their prior complaint to which Defendants have offered no contest:

"*Federal Courts are Courts of limited jurisdiction, and absent jurisdiction conferred by statute,*

*lack the power to adjudicate claims." Stockman v. Fed. Election Comm'n, 138 F.3d 144, 151*

*(5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction*

*burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery*

*v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). "If the Court determines at any time that it*

*lacks subject-matter jurisdiction, the Court must dismiss the action." FED. R. CIV. P.12(h)(3).*

*The Court must dismiss a complaint for lack of subject matter jurisdiction " 'when the Court lacks*

*the statutory or constitutional power to adjudicate the case.' " Home Builders Ass'n of Miss., Inc.*

*v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting Nowak v. Ironworkers Local 6*

*Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996)*

**Defendants' arguments sounding in "authority vs jurisdiction" have no place in response to a challenge to this Honorable Court's subject matter jurisdiction. Plaintiffs offered the authorities and citations in their prior motion to which Defendants have offered no argument nor citation of authority in opposition.**

Plaintiffs' prior assertion of authority uncontested in Defendants' Response in Objection

*"Federal Courts are Courts of limited jurisdiction, and absent jurisdiction **conferred by statute**, (emphasis added) lack the power to adjudicate claims." Stockman v. Fed. Election Comm'n, 138 F.3d 144, 151 (5th Cir. 1998) (italics added)*

Defendants at no time prior to moving this Court to enter Orders to assist the Parties to effectuate the provisions of the Private Final Settlement Agreement cited any Statute on which this Court could find a basis for subject matter jurisdiction over the subject matter over the Final Settlement Agreement, in the first instance.

Plaintiffs' prior assertion of authorities uncontested in Defendants' Response in Objection: *Federal Courts are Courts of limited jurisdiction. They possess only that power authorized by* **Constitution and statute** *(emphasis added), see Willy v. Coastal Corp., 503 U. S. 131, 136-137 (1992); Bender v. Williamsport Area School Dist. , 475 U. S. 534, 541 (1986),* **which is not to be** **expanded by judicial Decree,***(emphasis added) American Fire & Casualty Co. v. Finn, 341 U. S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of North-America, 4 Dall. 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, McNutt v. General Motors Acceptance Corp., 298 U. S. 178, 182-183 (1936). "It is to be presumed that a cause lies outside [of federal Courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted) Lack of subject matter jurisdiction is a non-waivable, fatal defect. Von Dunser v. Aronoff, 915 F.2d 1071, 1074 (6th Cir.1990).(italics added)*

Defendants at no time prior to moving this Court to enter Orders to assist the Parties to effectuate the provisions of the private Final Settlement Agreement met their burden to affirmatively assert this Court's jurisdiction over the subject matter of the Final Settlement Agreement in the first instances, instead placing this Court in the position of presuming that the subject matter arising from the Final Settlement Agreement laid within this Court's limited jurisdiction versus presuming that said subject matter fell outside of this Court's Subject Matter Jurisdiction.

Plaintiffs' prior assertion of authority uncontested in Defendants' response in objection: *The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by*

*mere inference." Getty Oil Corp. v. Ins. Co. of N.A., 841 F.2d 1254, 1259 (5th Cir. 1988) (citing*

*Ill. Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 & n.2 (5th Cir. 19830(italics added)*

## LACK OF FAIRNESS AND LACK OF ADEQUATE REPRESENTATION

Plaintiffs show this Court that Defendants' failure to enter the private Final Settlement

Agreement into the record nor move this Court to memorialize the terms of said agreement in

any Order entered to assist the parties in effecting the terms thereof has denied Plaintiffs absent

from the negotiations the right to make inquiry into the Fairness and Adequacy of The

Settlement itself; as well as to make inquiry to insure that the agreement was reached absent

conclusion, self-dealing or conflicts of interest relevant to the parties that were present (not

absent) from said negotiations. Those same parties have entered into said agreement, which was

clearly intended to affect the rights of those absent therefrom. Additionally Defendants' failure to

enter the private Final Settlement Agreement into the record have given this Honorable Court no

cause to make inquiry into the Fairness and Adequacy of The Settlement itself, or make inquiry

to insure that the agreement was reached absent conclusion, self-dealing or conflicts of interest

of the parties present to the negotiations. Thus, this Honorable Court has entered no Orders

concluding that the settlement is in fact fair and reasonable and was negotiated absent collusion,

self-dealing and conflicts of interest.

The parties present to the negotiations and entry of the agreement have treated the agreement as

extra judicial with regard to avoiding scrutiny of absent plaintiffs and this Honorable Court, but

judiciable only when the parties present to the negotiations seek Orders from this Honorable

Court to effectuate the terms of said agreement.

Plaintiffs herein assert that the parties to the Final Private Settlement Agreement (contract),

whether intentionally or otherwise have engaged in a pattern of actions which appears to be designed to prevent plaintiffs and plaintiffs' counsel who were not given the right to be heard in the negotiations of the extra judicial private settlement agreement for which this Court has entered Orders to assist in the effectuation of the terms thereof. Plaintiffs and Plaintiffs' counsel have been given no opportunity to inquire into potential conflicts of interest of the Plaintiffs Steering Committee in the relation to the negotiation of the Final Private Settlement Agreement. This Honorable Court has entered no finding in the record of this case conclusive of the fairness and adequacy of the settlement nor conclusive of the Plaintiffs' Steering Committee having adequately protected their interest in the negotiation of and entry into, the Final Private Settlement Agreement.

At all times and in all matters relevant to the negotiations of the Final Private Settlement Agreement, Plaintiffs and Plaintiffs' counsel absent from the settlement negotiations have been afforded no right to be heard and were not even made aware that the settlement negotiations were occurring. Plaintiffs were afforded no right to be heard prior to the entry and agreement to the terms of the Final Settlement Agreement. All matters leading to the Final Private Settlement Agreement were cloaked in a veil of secrecy, kept secret from plaintiffs the PSC ostensibly represents in their common interests.

At all times and in all matters relevant to the Final Private Settlement Agreement, Xarelto MDL Plaintiffs have been treated as absent parties to a Class Action, essentially gagged and prevented from asserting or protecting their individual interests.  In fact, the Private Settlement agreement separated Xarelto MDL Plaintiffs into multiple Classes, including but not limited to those how accept the agreement and those who reject the agreement.

Despite Xarelto MDL Plaintiffs having been separated in their common interest and divided into separate classes, no party has moved to certify a "Class Action for Settlement" or "Tentative Class Action Settlement", and no plaintiff has been provided the protections afforded by FED. R. CIV. P.23(e). Despite having been denied the protections of FED. R. CIV. P.23(e), Plaintiffs have faced the prospect of having their cases dismissed with prejudice due to failure to comply with Orders entered by this Honorable Court to assist in effecting the terms of the Final Private Settlement Agreement, to which they have at all times been treated as absent parties, yet simultaneously subjected to numerous prejudicial requirements arising from Orders entered by this Honorable Court to assist the parties in effectuating the Final Private Settlement Agreement.

Are MDL Plaintiffs cases, which remain separate individual cases at all times, to be remanded to their Courts of original jurisdiction, to be afforded less protection from counsel "thrust upon" them, that Plaintiffs in Class Actions?

Having not entered the Final Private Settlement Agreement itself, into the record of this case and having foregone moving this Court for Certification of a "Settlement Class Action", whether intentionally or otherwise, the Plaintiffs' Steering Committee and Defendants, in their aligned interest, have avoided the judicial scrutiny, a due process requirement, of all matters related to the Private Settlement agreement, while simultaneously moving this Court to enter Orders to assist these parties in effectuating the terms of the Final Private Settlement Agreement. If this Court ever intends to make inquiry, or allow absent Plaintiffs an opportunity to do so, into potential conflicts of interest as well as the fairness and adequacy of the terms of the Final Private Settlement Agreement itself,  it will be a measure taken too late for those plaintiffs who have suffered dismissal of their cases with prejudice arising from Orders entered by this

Honorable Court to assist in effectuating the terms of the "Private Final Settlement Agreement.
The foregoing is more indicative of a lynching than an observance of the due process rights of
absent Plaintiffs.

It is axiomatic that no Plaintiff can be bound by a judgement or Order if they were not
adequately represented.

*However, if the plaintiff was not adequately represented in the prior action or there was a denial
of due process, then the prior decision has no preclusive effect. Hansberry v. Lee, 311 U.S. 32,
61 S.Ct. 115, 85 L.Ed. 22 (1940) (italics added)*

In as much as the Final Private Settlement Agreement has led to much antagonism between
absent Plaintiffs (including their chosen counsel) arising from  representation by Plaintiffs'
Steering Committee, thrust upon absent plaintiffs as well as the fact that the Private Settlement
Agreement provides paltry compensation for Plaintiffs, considering the severity of their injuries,
while providing comparatively generous compensation to the Plaintiffs' Steering Committee, the
potential for conflict of interest between the Plaintiffs' Steering Committee and absent Plaintiffs
is apparent.

*"We and other Courts have often remarked the incentive of class counsel, in complicity with the
defendant's counsel, to sell out the class by agreeing with the defendant to recommend that the
judge approve a settlement involving a meager recovery for the class but generous compensation
for the lawyers — the deal that promotes the self-interest of both class counsel and the defendant
and is therefore optimal from the standpoint of their private interests. Reynolds v. Beneficial
National Bank, supra, 288 F.3d at 279; Culver v. City of Milwaukee, supra, 277 F.3d at 910;
Greisz v. Household Bank (Illinois), N.A., 176 F.3d 1012, 1013 (7th Cir. 1999); Duhaime v. John*

*Hancock Mutual Life Ins. Co., 183 F.3d 1, 7 (1st Cir.1999); In re General Motors Corp. Pick-Up*

*Truck Fuel Tank Products Liability Litigation, 55 F.3d 768, 805 (3d Cir.1995); Plummer v.*

*Chemical Bank, 668 F.2d 654, 658 (2d Cir.1982) (italics added)*

Plaintiffs pose the following question to this Honorable Court: Are individual plaintiffs in an

MDL deserving of less protection that Plaintiffs joined in a Class Action?

Without regard to this Honorable Court's Subject Matter Jurisdiction, Plaintiffs assert that they

cannot be bound by Orders entered to assist in the effectuation of the Final Private Settlement

Agreement in as much as Plaintiffs assert that they were not adequately represented, and in fact

there interest were not represented at all, in the negotiation of and entry into the Final Private

Settlement Agreement.

The foregoing is not a direct argument related to this Court's Subject Matter Jurisdiction but

instead is included in this pleading to show this Honorable Court that its lack of Subject Matter

Jurisdiction over the Final Private Settlement agreement is by no means the only due process

concern arising therefrom. No efficiency is gained by the parties nor the Court if a settlement

gives rise to more litigation than the original cases in controversy.

## CONCLUSION AND PRAYER FOR RELIEF

Once challenged, the burden of establishing subject matter jurisdiction rests on the party

asserting jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951

(1942).

Plaintiffs through their undersigned counsel, having raised a challenge to this Courts subject

matter jurisdiction pursuant to FED. R. CIV. P  12(b)(1) and/or FED. R. CIV. P 12(b)(6) and

FED. R. CIV. P 12(h)(3) required to enter Orders to assist the Parties in effectuating the "Private

Final Settlement Agreement". Defendants having moved this Court to enter Orders the "Private Final Settlement Agreement bear the burden of establishing this Honorable Courts subject matter jurisdiction referenced has failed in all forms and at all times to carry their burden. Defendants did not object to the relief sought by Plaintiffs in their prior motion brought pursuant to FED. R. CIV. P. 12(b)(1) and/or FED. R. CIV. P 12(b)(6) and FED. R. CIV. P 12(h)(3).

Although Defendants objections raised in response to Moving Plaintiffs' motion brought under FED. R. CIV. P 60(b)(4) are without merit, it is not necessary for this Court to further entertain Moving Plaintiffs' motion brought pursuant to FRCP FED. R. CIV. 60(b)(4) nor Defendants' objections thereto inasmuch as Plaintiffs have shown this Court could cause to grant all relief sought by moving Plaintiffs individually and collectively under FED. R. CIV. P 12(b)(1) and/or FED. R. CIV. P 12(b)(6) and/0r FED. R. CIV. P 12(h)(3).

Having shown this Honorable Court that no basis exists to deny the relief sought in Plaintiffs' prior motions brought pursuant to FED. R. CIV. P 12(b)(1), 12(b)(6) and 12(h)(3) Plaintiffs move this Court under FRCP 12(c) for a judgment on the pleadings related to Plaintiffs. Plaintiffs' prior motions brought pursuant to FED. R. CIV. P(b)(1), 12(b)(6) and 12(h)(3) and Defendants' response and grant all relief previously sought by moving Plaintiffs pursuant to FED. R. CIV. P.12(b)(1), 12(b)(6) and 12(h)(3) by entry of the attached proposed Order.

No admissible evidence of the existence of the Final Private Settlement agreement exist in the docket of the case. The PSC nor the Defendants have entered the agreement into the record accompanied by a declaration swearing that the document provided to the Court "is a true an accurate copy of the original". This Court has only referenced the agreement in Orders but has at no time entered the agreement itself nor the terms of the agreement into an Order. For all

purposes, there is no admissible evidence before this Court, that the Final Private Settlement agreement exists.

Further actions taken by this Court arising from the "Final Private Settlement Agreement" can neither create efficiencies for the parties nor this Honorable Court in as much as this Honorable Courts continuing to take actions absent subject matter jurisdiction is likely to create as much if not more litigation that Plaintiffs' original complaints.

Respectfully Submitted this 18th day of October 2019.

Michael D. Wolff, Esq

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of October 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs by operation of the Court's electronic filing system.

Michael D. Wolff, Esq.

# UNITED STATES DISTRICT COURT
## EASTER DISTICT OF LOUISANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABLITY **LITIGATION** | Master File No. 2592 |
| | SECTION L |
| **All Cases** | MDL No. 2:14-MD-02592 |
| | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE NORTH |
| | <br>**<u>ORDER</u>** |

This Court having found that it lacked subject matter jurisdiction to enter Orders  to  assist the Parties to effectuate the provisions of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen and Bayer ("Defendants"), related claims this Court hereby vacates Xarelto MDL Case Management Orders:

Case Management Order #10  (Document 12901)

Case Management Order #10A (Document 12905)

Case Management Order #11 (Document 12902)

Case Management Order #11A (Document 14876)

Case Management Order #12 (Document 13608)

Case Management Order #12A

Case Management Order 12B (Document 15257)

This Court further vacates any and all Orders entered by this Court, arising from, related to, referencing or in reliance these referenced Case Management Orders.

This Court further directs all parties to refrain from seeking further Orders to assist the Parties to effectuate the provisions of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen and Bayer ("Defendants") until such time as this the parties have properly asserted this Court's jurisdiction, in the record of the case and this Court has entered an Order, in the record of this case, conclusive of a finding by this Court that it possesses jurisdiction over the subject matter of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen and Bayer ("Defendants").

**IT IS SO ORDERED**

New Orleans, Louisiana, this ____day of_____ 2019.

_____

**HORORABLE ELDON E. FALLON**

**UNITED STATES DISTIRCT JUDGE**