UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXIBAN) PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Josephine Leach v. Janssen Research & Development LLC, et al; 2:15-cv-01510* | MDL No.: 2592<br><br>Section: L<br><br>JUDGE FALLON<br>MAG. JUDGE NORTH |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE OR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER 12A**

Plaintiff Josephine Leach respectfully files this Motion for Reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b) and requests the Court consider its Order dismissing Plaintiff's case with prejudice. Plaintiff asks the Court to grant this Motion and reinstate this case for the following reasons:

- Plaintiff's Counsel uploaded what she thought was an Enrollment Election Form for this case on August 5, 2019. That document was actually the Release of All Claims. It was saved wrong on the network at Plaintiff's Counsel's office.

- Plaintiff's Counsel learned of the error on October 9, 2019, and uploaded the Enrollment Election Form that day. The Enrollment Election Form was signed by the client on May 22, 2019, way in advance of the deadline to submit.

- Plaintiff's Counsel was not aware this case was set for an Order to Show Cause hearing on October 7, 2019. Plaintiff's Counsel had several other cases that were set that day for the hearing which were proper to be dismissed. As such, Plaintiff's Counsel filed a Response stating that. See, Exhibit "A".

- Plaintiff's Counsel was informed she had until October 29, 2019 to respond to the Notice of Incomplete Enrollment Package. See, Exhibit "B". As such, she had no reason to believe this case would be part of the Order to Show Cause Hearing on October 7, 2019.

- If Plaintiff's Counsel was aware this case was part of the Order to Show Cause hearing on October 7, 2019, Plaintiff's Counsel would have filed a Response with the Court setting forth why the case should not be dismissed and would have submitted the Enrollment Election Form prior to the date of the hearing.

1

- At all times, Plaintiff's Counsel has acted in good faith while attempting to comply with this Court's orders.

- When balancing the harm to the parties, the dismissal of Plaintiff's claims far outweighs the prejudice to Defendant in not receiving Plaintiff's signed required documents. Defendant cannot show it has been unfairly prejudiced by failure to receive the Enrollment Election Form, since the forms were uploaded on October 9, 2019 and the deadline for Plaintiff to respond to the Notice of Incomplete Enrollment Package was October 29, 2019.  See, Exhibit "B".

## **LEGAL STANDARD**

A motion to reconsider is appropriate when "(1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in law since the submission of the issues to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

It is well settled that in determining whether to provide Federal Rules of Civil Procedure Rule 59(e) relief, the Court must balance the (1) finality and (2) the need to render just decision on the basis of all the facts. Bank of Waunakee, 906 F.2d at 1191.  Likewise, when examining a case under 60(b), the Court must take account of all relevant circumstances surrounding the party's omission. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (U.S. 1993). These circumstances include the danger of prejudice to the defendant, the length of delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant acted with good faith. Id.

Rule 60(b) of the Federal Rules of Civil Procedure provides discretionary relief from a final judgment on the basis of "excusable neglect." Id. The rule states that "on motion and upon

2

such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Federal Rules of Civil Procedure Rule 60(b)(1).

## ARGUMENT & AUTHORITIES

The dismissal of Plaintiff's case has caused irreparable harm. When weighing the harm to Plaintiff in comparison to the prejudice suffered by Defendants, the harm to Plaintiff is much more significant than the prejudice suffered by Defendants in failing to receive the signed documents. See, e.g., Barnhill v. United States, 11 F.3d 1360, 1367 (7th Cir. 1993). "[A]lthough a district court has the discretion to fashion an appropriate sanction for misconduct that occurs before it, in selecting the most powerful option of terminating the underlying action in favor of one party, the court must be guided by a certain measure of restraint." Id.

When considering such harsh sanctions, a court should consider whether "the litigant has shown a clear pattern of delay, willfully disobedient behavior, or failure to conform to lesser sanctions," as well as "the frequency of the plaintiff's noncompliance with deadlines, the effect of the delay on the judge's calendar, the culpability of the plaintiff, prejudice to the defendant, the possible merits of the suit, and the social objectives of the litigation." See, e.g., Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011); Owen v. Wangerin, 985 F.2d 312, 317 (7th Cir. 1993).

These factors do not weigh in favor of imposing this harsh terminating sanction upon Plaintiff. Plaintiff did not willfully disobey the Court's Order. Rather, Plaintiff's Counsel made a mistake and upon learning of the mistake cured it immediately. Neither Plaintiff nor her Counsel acted in bad faith in submitting the settlement documents. In fact, the Notice of Incomplete Enrollment gave Plaintiff until October 29, 2019, to submit the properly executed documents.

See, Exhibit "B". Plaintiff timely complied with this requirement on October 9, 2019.

Plaintiff now understands the Court ordered her to appear before the Court on October 7, 2019, to demonstrate compliance with Case Management Order ("CMO") 12A by submitting a Notice of Intent to Proceed with litigation or a signed Enrollment Election Form. However, for the sole purpose of analyzing prejudice, Plaintiff did submit a signed Enrollment Election Form on October 9, 2019 and was given a deadline of October 29, 2019 to do so. Thus, the prejudice to Defendants is non-existent. Conversely, the dismissal of Plaintiff's claims in light of his compliance with the underlying purpose of CMO 12A is catastrophic to Plaintiff.

Plaintiff's decedent was severely injured and ultimately her death was hastened by Defendants' Xarelto medication. Plaintiff's case clearly has merit.

Considering the balance of the factors discussed above, Plaintiff submits that dismissing her case due to an alleged delay in submitting her signed documents is excusable neglect which is being used as a terminating sanction results in a manifest injustice to Plaintiff.

## CONCLUSION

Plaintiff respectfully requests the Court reconsider its dismissal of Plaintiff's claims and reinstate Plaintiff's case.

Dated: October 25, 2019                                  Respectfully submitted,

/s/ Laura M. Morris                                       /s/ Jacob Brender
Attorney for Plaintiff                                    Attorney for Plaintiff
Daniel J. Callahan                                        Daniel M. Hodes
Daniel@callahan-law.com                                   dhodes@hmlm.com
Laura M. Morris                                           Jeffrey A. Milman
lmorris@callahan-law.com                                  jmilman@hmlm.com
3 Hutton Centre Drive, Ninth Floor                        Jacob Brender
Santa Ana, California 92707                               jbrender@hmlm.com
Tel: (714) 241-4444                                       9210 Irvine Center Drive, Irvine CA 92618
Fax: (714) 241-4445                                       Tel: (949) 640-8222

4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Plaintiff's Motion for Reconsideration of the Court's Order Dismissing Plaintiff's Claims with Prejudice for Failure to Comply with Case Management Order 12A has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by Federal Rules of Civil Procedure 5(a)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedure established in the MDL 2592 pursuant to Pre-Trial Order No. 17.

Dated: October 25, 2019                             Respectfully submitted,

*/s/ Laura M. Morris*
Attorney for Plaintiff
Daniel J. Callahan
Daniel@callahan-law.com
Laura M. Morris
lmorris@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Tel: (714) 241-4444
Fax: (714) 241-4445

# EXHIBIT "A"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| IN RE: XARELTO (RIVAROXIBAN) PRODUCTS LIABILITY LITIGATION | MDL NO.   2592 |
| --- | --- |
| | SECTION L |
| | JUDGE ELDON E. FALLON |
| | MAGISTRATE JUDGE NORTH |

THIS DOCUMENT RELATES TO:

*(See cases listed in Exhibit "A", Schedule of Actions)*

### RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO FAILED TO COMPLY WITH CMO 12A

On September 10, 2019, this Court issued an Order to Show Cause as to why certain cases should not be dismissed without prejudice for failing to comply with Case Management Order 12A. Counsel for the Plaintiffs listed on Exhibit "A" has no basis to oppose dismissal without prejudice of each individual claim on the following grounds: 1) The Plaintiff is deceased with no surviving spouse or heir and/or 2) The Plaintiff has failed to respond to repeated attempts at contact and have therefore abandoned his or her case

### 1. PLAINTIFF IS DECEASED WITH NO VIABLE REPRESENTATION

Prior to the September 4th Deadline, counsel diligently attempted to make contact with William Fernandes (Plaintiff) by sending multiple correspondence by mail and placing numerous telephone calls. Counsel located an obituary for the Plaintiff stating he was survived by his parents and siblings who Counsel was not able to get in touch with. Counsel completed a background search and confirmed Mr. Fernandes does not have any surviving spouse or children. As such, Counsel has no basis to oppose dismissal without prejudice of the claim for William Fernandes for lack of viable representative.

---

Response to Order to Show Cause Regarding Plaintiffs Who Failed to Comply with Case Management Order 12A

## 2. PLAINTIFFS WHO HAVE ABANDONED THEIR CASE

Prior to the September 4th, 2019 Deadline, Counsel diligently attempted to make contact with each of the Plaintiffs listed in Exhibit A. Counsel sent multiple correspondence by both certified mail and Federal Express to the Plaintiffs. Counsel made several attempts at contacting the clients by phone. The Plaintiffs listed on Exhibit A have failed to return enrollment materials and to respond to any of the repeated attempts at contact made by Counsel. As such, Counsel has no basis to oppose dismissal without prejudice of their individual claims only for lack of contact and abandonment of their case.

WHEREFORE, Plaintiffs have not been compliant with the Court's Case Management Order 12A and Counsel for Plaintiffs listed on Exhibit A has no basis to oppose dismissal without prejudice for each individual claim. As such, the undersigned Counsel respectfully requests attendance at the Show Cause Hearing scheduled for October 7, 2019 be excused.

Dated: October 3, 2019                    **CALLAHAN & BLAINE, APLC**

By:  /s/ Laura M. Morris
     Daniel J. Callahan
     Daniel@callahan-law.com
     Laura M. Morris
     Lmorris@callahan-law.com
     Callahan & Blaine APLC
     3 Hutton Center Drive, 9th Floor
     Santa Ana, CA 92707
     Tel: (714) 241-4444
     Fax: (714) 241-4445

*Attorneys For Plaintiffs*
William Fernandes, Robert Reed, Jennifer Coleman, Shirley Ellis, Luis Fernandez, Martha Gravitt and Lueverne Sellers

- 2 -

Response to Order to Show Cause Regarding Plaintiffs Who Failed to Comply with Case Management Order 12A

# EXHIBIT "A"

# Exhibit A
# Schedule of Actions

| No. | Brown Greer ID Number | Docket Number | Name |
| --- | --- | --- | --- |
| 105 | 3118 | 2:16-cv-00820 | Reed, Robert |
| 106 | 1194 | 2:16-cv-06884 | Coleman, Jennifer |
| 107 | 2539 | 2:16-cv-06886 | Ellis, Shirley |
| 108 | 2198 | 2:15-cv-06952 | Fernandes, William |
| 109 | 1195 | 2:15-cv-06953 | Fernandez, Luis |
| 110 | 1197 | 2:15-cv-06957 | Gravitt, Martha |
| 111 | 1200 | 2:16-cv-07053 | Sellers, Lueverne |

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Response to Order to Show Cause Regarding Plaintiffs Who Failed to Comply with Case Management Order 12A has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by Federal Rules of Civil Procedure 5(a)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedure established in the MDL 2592 pursuant to Pre-Trial Order No. 17.

**RESPECTFULLY SUBMITTED** this the 3rd day of October, 2019.

/s/ Laura M. Morris

Daniel J. Callahan
Daniel@callahan-law.com
Laura M. Morris
Lmorris@callahan-law.com
3 Hutton Center Drive, 9th Floor
Santa Ana, CA 92707
Tel: (714) 241-4444
Fax: (714) 241-4445

EXHIBIT "B"

# XARELTO SETTLEMENT PROGRAM
## MDL 2592



## FOLLOW-UP NOTICE OF INCOMPLETE ENROLLMENT PACKAGE
### DATE OF NOTICE: 10/8/2019
### DEADLINE TO RESPOND: 10/29/2019

### I. CLAIMANT INFORMATION

| **Claimant Name** | Last: LEACH | First: JOSEPHINE | Middle: |
|---|---|---|---|
| **Claimant ID** | 1087 | **Primary Counsel** | Callahan & Blaine, APLC |

### II. ENROLLMENT REVIEW

This Notice is an official communication from the Claims Administrator for the Xarelto Settlement Program and relates to the Claimant identified in Section I. After a review of the documentation submitted in response to the Notice of Incomplete Enrollment Package, we have determined that this Claimant still has not submitted a complete Enrollment Package pursuant to Section 4 of the Settlement Agreement ("MSA") for the reason(s) shown below.

You must submit the missing documentation or cure the matters noted below by the deadline listed at the top of this Notice. If the Claimant fails to cure these identified issues by the deadline listed at the top of this Notice, the Claimant will be ineligible to participate in the Settlement Program under Section 4.3 of the MSA, and this may subject the Claimant's lawsuit to dismissal with prejudice under Section 5.4 of the MSA. The Claims Administrator's determination is final, binding, and non-appealable.

| | MATTER NEEDING ATTENTION | HOW TO ADDRESS THIS MATTER |
|---|---|---|
| 1. | No Enrollment Form Submitted | If you wish to participate in the Program, submit an Enrollment Form available on your Xarelto Portal on or before the deadline contained in this Notice. |
| 2. | The submitted records indicate that the Claimant is deceased, and we received a court order, letters of administration, letters testamentary, or other document supporting the authority of the Representative Claimant to sign the Release for that Claimant, but the submitted documents appear to be insufficient under the laws of the state in which the Claimant was domiciled at the time of his or her death. | Submit documents evidencing the Representative Claimant's authority to act in a representative capacity for the Deceased Claimant. If you have additional documents supporting the submitted order, you can submit those. Otherwise, you can submit alternative proof of the Representative Claimant's authority. Read Claims Administration Procedure (CAP) No. 1 which addresses the resolution of cases involving the death of a Product User. You can access a copy of the CAP at on the secure portal. You can also access the CAP, related sworn statements, and a step-by-step guide to the types of documents required and how to submit those documents in the Release step of the Enrollment Package menu on your Portal. |

### III. HOW TO CONTACT US WITH QUESTIONS OR FOR HELP

# XARELTO SETTLEMENT PROGRAM
## MDL 2592



If you have any questions about this Notice, call (888)-521-3767 or email your designated Firm Contact for assistance.