UNITED STATES DISTRICT COURT
EASTER DISTICT OF LOUISANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABLITY LITIGATION | Master File No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | MDL No. 2:14-MD-02592 |
| Ballard, Joseph<br>Civil Action No 2:19-cv-00116<br>Coffield, Janice<br>Civil Action No. 2:19-cv-08505<br>Eanni, Richard<br>Civil Action No. 2:19-cv-08197<br>Featherstone, Sean<br>Civil Action No. 2:19-cv-08107<br>Jones, Andrea<br>Civil Action No 2:19-cv-08597<br>Jordan, Anita<br>Civil Action No 2:19-cv-08132<br>Keller, Fred<br>Civil Action No 2:19-cv-08312<br>Molton, James<br>Civil Action No 2:19-cv-08450<br>Pollard, Lois<br>Civil Action No 2:19-cv-08162<br>Reed, Melissa<br>Civil Action No 2:19-cv-08309<br>Richardson, Acquanetta<br>Civil Action No 2:19-cv-08434<br>Smith, Yolanda<br>Civil Action No 2:19-cv-08187<br>Speece, Terry<br>Civil Action No 2:19-cv-08148<br>Wagner, Jacob<br>Civil Action No 2:19-cv-08422<br>White, Darrell<br>Civil Action No 2:19-cv-08125<br>Wilson, Dwana<br>Civil Action No 2:19-cv-07976<br><br>All others similarly situated | JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE NORTH<br><br><br>__PLAINTIFFS' AMENDED RESPONSE TO__<br><br>__ORDER TO SHOW CAUSE REGARDING__<br><br>__PLAINTIFFS WHO HAVE FAILED TO__<br><br>__COMPLY WITH CASE MANAGEMENT__<br><br>__ORDER NUMBER 12A.__ |

## PLAINTIFFS' AMENDED RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO COMPLY WITH CASE MANAGEMENT ORDER NUMBER 12A.

Plaintiffs herein, through the undersigned counsel, file this amended Response to Order to Show Cause, regarding Plaintiffs who failed to Comply with Case Management Order Number 12A. Plaintiffs bring this Motion on their own behalf, as well as all others similarly situated.

Plaintiffs' prior Motion was filed on 10/07/2019 (Doc 17338) and was accepted by this Honorable Court and docketed into the record Case: 2:14-md-02592. Defendants filed a response in objection to Plaintiffs prior Motion (Doc 17353). Plaintiffs then filed a Motion for Leave to File Sur-Reply with said Sur-Reply attached on 10/18.2018 (Doc 17387) which was accepted by this Court and docketed into the record of Case: 2:14-md-02592.

## BACKGROUND RELEVANT TO INSTANT AMENDED PLEADING

After Plaintiffs' original Motion (Doc 17338) was filed and the Defendant had filed an objection in response (Doc 17353), raising an objection to the sufficiency of the form (deficiency), Plaintiffs received the communication below via the Electronic Filing System:

> "NOTICE OF DEFICIENT DOCUMENT: re [17373] Motion for Leave to File Document,. **Reason(s) of deficiency: Improper form of pleading. Document must include a separate Motion, proposed order, and proposed pleading as separate attachments and not one continuous document.** For corrective information, see section(s) D03 on http://www.laed.usCourts.gov/cmecf/Deficiency/deficiency.htm
>
> Attention: Document must be refiled in its entirety within seven(7) calendar days; otherwise, it may be stricken by the Court without further notice. Deficiency remedy due by 10/31/2019. (Reference: Cases Listed on Document)(jeg)"
>
> "NOTICE OF DEFICIENT DOCUMENT: re [17338] Motion for Order to Show Cause. **Reason(s) of deficiency: Two or more documents filed as one. Response memorandum must be filed separately from Motions.** For corrective information, see section(s) D04 on http://www.laed.usCourts.gov/cmecf/Deficiency/deficiency.htm
>
> Attention: Document must be refiled in its entirety within seven(7) calendar days; otherwise, it may be stricken by the Court without further notice. Deficiency remedy due by 10/31/2019. (Reference: Cases Listed on Document)(jeg)"

In as much as the foregoing moots Plaintiffs' original Motion, and provides the Defendant with an opportunity to get a second attempt in response to Plaintiffs' Amended Motion, Plaintiffs assert that filing an Amended Sur-Reply would be premature and therefore limits these amended filings to amendments to the original Motions. Plaintiffs reserve the right to file a Sur-Reply to Defendants' response to Plaintiffs Amended Motions.

## OPENING STATEMENT AND OBJECTION

Defendants moved this Honorable Court for certain orders to show cause for failure to comply with orders entered by this Court to assist in effectuating the terms of a private final settlement agreement entered into by the Xarelto MDL Plaintiffs Steering Committee and the Defendants. Plaintiffs filed a response to the order to show cause, raising a challenge to this Honorable Court's Subject Matter Jurisdiction over the private final settlement agreement in general. Plaintiffs also asserted that this Honorable Court lacked the required Subject Matter Jurisdiction to enter Orders to assist in effectuating the terms of a Private Final Settlement, absent jurisdiction over the settlement agreement itself in the first instance.

Defendants filed a reply to Plaintiffs' responsive Motion. The Defendants raised no objection to the form or sufficiency (Defendants made no claim that Plaintiffs' Motions were deficient) of Plaintiffs' Motion in their responsive pleading. Plaintiffs then filed a Motion for Leave to File a Sur-Reply, accompanied by the actual Sur-Reply. All pleadings mentioned herein were accepted by this Honorable Court, and docketed into the record of MDL 2592.

After Plaintiffs' original Motion had been filed, and the Defendants filed a response in objection, raising no objections sounding in the deficiency of Plaintiffs Motion and after Plaintiffs filed their prior Sur-Reply, this Honorable Court sent Plaintiffs a deficiency notice, providing Plaintiffs with 7 days to amend their prior Motion.

As a preliminary matter, Plaintiffs object to this Honorable Court, requiring Plaintiffs to amend their prior pleading, after the Defendant responded and raised no objection to the form or sufficiency of Plaintiffs' prior pleadings. Plaintiffs further object to this Honorable Court requiring Plaintiffs to amend their prior pleading, in that this Honorable Court has an obligation to police its own jurisdiction and insure that said jurisdiction exist at all stages of a litigation, with or without a challenge from any party.

In the prayers of Plaintiffs' original Motion, Plaintiffs pray that this Honorable Court examine its Subject Jurisdiction over the Settlement Agreement Sua Sponte. Plaintiffs herein assert that this Court erred in refusing to exercise its independent obligation to determine whether subject-matter jurisdiction exists, in the face of Plaintiffs praying that this Court undertake said obligation.

*"[Courts] have an independent obligation to determine whether Subject Matter Jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235 (2006). (italics added)*

*A federal Court has an independent duty, at any level of the proceedings, to determine whether it properly has Subject Matter Jurisdiction over a case. See Ruhgras AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the Courts on their own initiative even at the highest level."); McDonal v. Abbott Labs., 408 F.3d 177, 182 n.5 (5th Cir. 2005) (italics added)*

*The presence in the action of a single plaintiff from the same State as a single defendant deprives the district Court of original diversity jurisdiction over the entire action. Strawbridge v. Curtiss, 3 Cranch 267 (1806); Owen Equipment & Erection Co. v. Kroger, 437 U. S. 365, 375 (1978).*

*The presence of the nondiverse party automatically destroys original jurisdiction. No party need assert the defect. No party can waive the defect or consent to jurisdiction. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U. S. 694, 702 (1982); People's Bank v. Calhoun, 102 U. S. 256, 260-261 (1880). No Court can ignore the defect; rather a Court, noticing the defect, must raise the matter on its own. Insurance Corp. of Ireland, supra, at 702; Mansfield, C. & L. M. R. Co. v. Swan, 111 U. S. 379, 382 (1884).*

Plaintiffs raise these objections for preservation. Plaintiffs however will endeavor to comply with the Courts' commands received via the EFC system, after Plaintiffs had filed their original Motion, and the Defendants had responded in objection, raising no objection sounding in deficiency of Plaintiffs' prior pleadings.

## PLAINTIFFS' ADDITIONAL AMENDED RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO COMPLY WITH CASE MANAGEMENT ORDER NUMBER 12A.

Plaintiffs' response to the Show Cause Order rests on arguments that this Honorable Court lacked the required Subject Matter Jurisdiction to enter Case Management Order 12A, as well as the Order to Show Cause, arising therefrom. Plaintiffs' previous response to the Order to Show Cause incorporated Motions filed Pursuant to Fed. R. Civ. Pro. 12(b)(1), Fed. R. Civ. Pro. 12(b)(6), Fed. R. Civ. Pro. 12(h)(3), and Fed. R. Civ. Pro. 60(b)(4) into a single document along with the argument Response to the Show Cause Order. Plaintiffs' reason for incorporating these Motions into the response to the Show Cause Order arose from the fact that Plaintiffs' response to the Show Cause Order rested on the Motions brought under to Fed. R. Civ. Pro. 12(b)(1), Fed. R. Civ. Pro. 12(b)(6), Fed. R. Civ. Pro. 12(h)(3), and Fed. R. Civ. Pro. 60(b)(4).

In as much as this Honorable Court has commanded Plaintiffs to amend and refile their original Motion, separating the response to the Show Cause Order, in separate documents from Plaintiffs' Motions brought under Fed. R. Civ. Pro. 12(b)(1), Fed. R. Civ. Pro. 12(b)(6), Fed. R. Civ. Pro. 12(h)(3), and Fed. R. Civ. Pro. 60(b)(4), Plaintiffs herein refile this instant response to show cause, contemporaneously file amended Motions Fed. R. Civ. Pro. 12(b)(1), Fed. R. Civ. Pro. 12(b)(6), Fed. R. Civ. Pro. 12(h)(3), and herein incorporate these separate Motions by reference in this instant Motion as well as all arguments and citations of authority therein. Plaintiffs elect not to refile an Amended Motion pursuant to Fed. R. Civ. Pro. 60(b)(4) as said Motion is redundant of those filed under Fed. R. Civ. Pro. 12(b)(1), Fed. R. Civ. Pro. 12(b)(6), Fed. R. Civ. Pro. 12(h)(3). Plaintiffs, however, do herein reincorporate all arguments and citations of authority in Plaintiffs' prior Motions.

## PRAYER FOR RELIEF

After consideration of Plaintiffs' amended Motion brought Pursuant to Fed. R. Civ. Pro. 12(b)(1), Fed. R. Civ. Pro. 12(b)(6), Fed. R. Civ. Pro. 12(h)(3). Plaintiffs herein pray that this Court vacate all orders entered to assist the parties in effectuating the terms of the Final Private Settlement Agreement entered into by the Xarelto Plaintiffs Steering Committee and the Defendants as well as all orders arising from, relying on or referencing said orders. Additionally, after vacating said orders, Plaintiffs further pray that this Court find the Order to Show Cause to which this pleading is response as moot and strike or vacate said order from the record of Case: 2:14-md-02592.

Filed this 31st day of October by the undersigned counsel for Plaintiffs.

_____
Michael D. Wolff, Esq.
**Law Offices of Sobo & Sobo, LLP**
One Dolson Avenue
Middletown, NY 10940
(845)343-7626
mwolff@sobolaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 31, 2019, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Michael D. Wolff, Esq.
**Law Offices of Sobo & Sobo, LLP**
One Dolson Avenue
Middletown, NY 10940
(845)343-7626
mwolff@sobolaw.com