UNITED STATES DISTRICT COURT
EASTER DISTICT OF LOUISANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABLITY **LITIGATION** | Master File No. 2592 |
| | SECTION L |
| **THIS DOCUMENT RELATES TO:** | MDL No. 2:14-MD-02592 |
| | JUDGE ELDON E. FALLON |
| Ballard, Joseph<br>Civil Action No 2:19-cv-00116 | MAGISTRATE JUDGE NORTH |
| Coffield, Janice<br>Civil Action No. 2:19-cv-08505 | |
| Eanni, Richard<br>Civil Action No. 2:19-cv-08197 | |
| Featherstone, Sean<br>Civil Action No.  2:19-cv-08107 | PLAINTIFFS' AMENDED MOTION TO |
| Jones, Andrea<br>Civil Action No. 2:19-cv-08597 | DISMISS HYPOTHEICAL CONTRACT |
| Jordan, Anita<br>Civil Action No 2:19-cv-08132 | ACTION AND VACATE ALL ORDERS |
| Keller, Fred<br>Civil Action No 2:19-cv-08312 | ARISING FROM, RELATING TO, |
| Molton, James<br>Civil Action No 2:19-cv-08450 | REFERINCING OR RELYING THREON, |
| Pollard, Lois<br>Civil Action No 2:19-cv-08162 | PURSUANT TO FED. R. Civ. Pro. 12(b)(1), |
| Reed, Melissa<br>Civil Action No 2:19-cv-08309 | 12(b)(6), 12(b)(H). AND 12(c) |
| Richardson, Acquanetta<br>Civil Action No 2:19-cv-08434 | IN ADDITION TO AND IN SUPPORT OF: |
| Smith, Yolanda<br>Civil Action No 2:19-cv-08187 | PLAINTIFFS' AMENDED RESPONSE TO |
| Speece, Terry<br>Civil Action No 2:19-cv-08148 | ORDER TO SHOW CAUSE REGARDING |
| Wagner, Jacob<br>Civil Action No 2:19-cv-08422 | PLAINTIFFS WHO HAVE FAILED TO |
| White, Darrell<br>Civil Action No 2:19-cv-08125 | COMPLY WITH CASE MANAGEMENT |
| Wilson, Dwana<br>Civil Action No 2:19-cv-07976 | ORDER NUMBER 12A. |
| **All others similarly situated** | |

## PLAINTIFFS' AMENDED MOTION TO DISMISS HYPOTHEICAL CONTRACT ACTION AND VACATE ALL ORDERS ARISING FROM, RELAING TO, REFERINCING OR RELYING THREON, PURSUANT TO FED. R. Civ. Pro. 12(b)(1), 12(b)(6) AND 12(b)(H) IN ADDITION TO AND IN SUPPORT OF: PLAINTIFFS' AMENDED RESPONSE TO ORDER TO SHOW CAUSE REGARDING PLAINTIFFS WHO HAVE FAILED TO COMPLY WITH CASE MANAGEMENT ORDER NUMBER 12A.

Plaintiffs herein, through the undersigned counsel, file this amended pursuant to FED. R. Civ. Pro. 12(b)(1), 12(b)(6) AND 12(b)(H) and 12(c). Plaintiffs bring this Motion on their own behalf as well as all others similarly situated.

Plaintiffs' prior Motion was filed on 10/07/2019 (Doc 17338) and was accepted by this Honorable Court and docketed into the record Case: 2:14-md-02592. Defendants filed a response in objection to Plaintiffs' prior Motion (Doc 17353). Plaintiffs then filed a Motion for Leave to File Sur-Reply with said Sur-Reply attached on 10/18.2018 (Doc 17387) which was accepted by this Court and docketed into the record of Case: 2:14-md-02592.

To be clear, Plaintiffs' prior Motion (Doc 17338) did not seek to have Plaintiffs excused from appearing at the show cause hearing, Plaintiffs' prior Motion challenged this Honorable Courts' subject matter jurisdiction relevant to the entry of Case Management Order 12A, and further sought to vacate said Order as well as all other Orders entered "to assist the parties to effectuate the terms of the " Final Private Settlement Agreement". Plaintiffs' prior Motion sought to vacate

the underlying Order on which Defendants' Motion to show cause and the Courts entry of the Order to show cause was based, thereby mooting or vacating the Order itself.

## BACKGROUND RELEVANT TO INSTANT AMENDED PLEADING

After Plaintiffs' original Motion (Doc 17338) was filed and the Defendant had filed an objection in response (Doc 17353), raising to objection to the sufficiency of the form (deficiency), Plaintiffs received the communication below via the Electronic Filing System:

> "NOTICE OF DEFICIENT DOCUMENT: re [17373] Motion for Leave to File Document,. **Reason(s) of deficiency: Improper form of pleading. Document must include a separate Motion, proposed Order, and proposed pleading as separate attachments and not one continuous document.** For corrective information, see section(s) D03 on http://www.laed.usCourts.gov/cmecf/Deficiency/deficiency.htm
>
> Attention: Document must be refiled in its entirety within seven(7) calendar days; otherwise, it may be stricken by the Court without further notice. Deficiency remedy due by 10/31/2019. (Reference: Cases Listed on Document)(jeg)"
>
> "NOTICE OF DEFICIENT DOCUMENT: re [17338] Motion for Order to Show Cause. **Reason(s) of deficiency: Two or more documents filed as one. Response memorandum must be filed separately from Motions.** For corrective information, see section(s) D04 on http://www.laed.usCourts.gov/cmecf/Deficiency/deficiency.htm
>
> Attention: Document must be refiled in its entirety within seven(7) calendar days; otherwise, it may be stricken by the Court without further notice. Deficiency remedy due by 10/31/2019. (Reference: Cases Listed on Document)(jeg)"

In as much as this Honorable Court has directed Plaintiffs to refile separate documents, one document being the response to Order to show cause and another being Plaintiffs Motions brought under various provisions of the Federal Rules of Civil Procedure, Plaintiffs will file multiple documents to replace Document 17338.

In as much as the foregoing moots Plaintiffs original Motion and provides the Defendant with an opportunity to get a second bite at the apple in response to Plaintiffs Amended Motion, Plaintiffs

assert that filing an amended Sur-Reply would be premature and therefore limits these amended filings to amendments to the original Motions. Plaintiffs reserve the right to file a Sur-Reply to Defendants' response to Plaintiffs amended Motions.

## BACKGROUND RELEVANT TO INSTANT AMENDED PLEADING

Defendants moved this Honorable Court for certain Orders to show cause for failure to comply with Orders entered by this Court to assist in effectuating the terms of a private final settlement agreement entered into by the Xarelto MDL Plaintiffs Steering Committee and the Defendants. Plaintiffs filed a response to the Order to show cause, raising a challenge to this Honorable Courts' Subject Matter Jurisdiction over the private final settlement agreement in general. Plaintiffs also asserted that this Honorable Court lacked the required subject matter jurisdiction to enter Orders to assist in effectuating the terms of a private final settlement, absent jurisdiction over the settlement agreement itself in the first instance.

Defendants filed a reply to Plaintiffs' responsive Motion. The Defendants raised no objection to the form or sufficiency (Defendants made no claim that Plaintiffs' Motions were deficient) of Plaintiffs' Motion in their responsive pleading. Plaintiffs then filed a Motion for Leave to File a Sur-Reply, accompanied by the actual Sur-Reply. All pleadings mentioned herein were accepted by this Honorable Court and Docketed into the record of MDL 2592.

After, Plaintiffs' original Motion had been filed and the Defendants filed a raising no objections sounding in the deficiency of Plaintiffs' Motion and after Plaintiffs filed their prior Sur-Reply, this Honorable Court sent Plaintiffs a deficiency notice, proving Plaintiffs with 7 days to amend their prior Motion to which the Defendants had responded without raising any objection sounding in deficiency of the prior pleading.

As a preliminary matter, Plaintiffs object to this Honorable Court requiring Plaintiffs to amend their prior pleading after the Defendants responded raising no objection to the form or sufficiency of Plaintiffs' prior pleadings. Plaintiffs further object to this Honorable Court requiring Plaintiffs to amend their prior pleading in that this Honorable Court has an obligation to police its own jurisdiction and insure that said jurisdiction exist at all stages of a litigation, with or without a challenge from any party. Plaintiffs, in their original Motion, prayed to this Court to examine its jurisdiction Sua Sponte. Plaintiffs herein assert that this Court erred in refusing to exercise its independent obligation to determine whether Subject Matter Jurisdiction exists, in the face of Plaintiffs praying that this Court undertake said obligation.

*"[Courts] have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235 (2006). (italics added)*

*A federal Court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. See Ruhgras AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the Courts on their own initiative even at the highest level."); McDonal v. Abbott Labs., 408 F.3d 177, 182 n.5 (5th Cir. 2005) (italics added)*

*Federal Courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district Court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing Mitchell v. Maurer, 293 U.S. 237, 244 (1934)); see also Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).*

## PROCEDURAL BACKGROUND

On December 12th, 2014 The Judicial Panel on Multidistrict Litigation granted a Motion to transfer certain personal injury and product liability claims, arising under the various States laws governing personal injury and product liability actions pursuant to U.S.C. 28 § 1407, conferring the limited authority found in U.S.C. 28 § 1407 upon this Court. (Document 122) In as much as U.S.C. 28 § 1407 is Venue Statute found in Chapter 87 of U.S.C. Title 28 versus one of the various Jurisdictional Statutes found in Chapter 85 of U.S.C. Title 28.

The scope of those Venue Statutes found in Chapter 87 is defined in U.S.C. 28 § 1390:

U.S.C. 28 § 1390.Scope

(a)VENUE DEFINED. —

As used in this chapter, the term "venue" refers to the geographic specification of the proper Court or Courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district Courts in general, **and does not refer to any grant or restriction of subject-matter** jurisdiction providing for a civil action to be adjudicated only by the district Court for a particular district or districts. (emphasis added).

CHAPTER 89 of Title 28 provides for Removal of Cases from State Courts. When a case is removed from a given State Court pursuant to one of the Removal Statutes found in Chapter 89, the Federal Court to which the case is removed inherits all of the Jurisdiction of the State Court from which the case was removed. For Jurisdictional purposes, a Federal Court presiding over a case removed under one of the Statutes found in Chapter 89, becomes the Court of original jurisdiction. The Removal Statutes themselves, however, cannot be the basis for Federal

Jurisdiction. In order to invoke a removal Statute, the underlying basis for Federal Jurisdiction must still be found in one of the Jurisdictional Statutes found in Chapter 85 of the Title.

U.S.C. 28 § 1407 is not a 'removal statute". U.S.C. 28 § 1407 provides for a temporary transfer (not removal) and confers no more nor less authority on the transferee Court than that which can be found in the plain language of U.S.C. 28 § 1407. The U.S. Supreme Court, in Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 US 26 - Supreme Court (1998) put an end to the common practice engaged in by MDL Courts, in which these Courts self-transferred cases for trial pursuant U.S.C. 28 § 1404. If Courts sitting in authority under U.S.C. 28 § 1407 inherit all jurisdiction possessed by the Transferor Court, as is the case for Courts sitting in Jurisdiction under a Removal Statute, the Court would have reached a different conclusion in Lexecon.

U.S.C. 28 § 1407 cannot confer Federal Jurisdiction, instead a Jurisdictional statute found in Chapter 85 must be invoked before any Venue matter found in Chapter 87 can be addressed. The Jurisdictional Statute cited as conferring Jurisdiction over Plaintiffs original claims was U.S.C. 28 § 1332.   Plaintiffs herein assert that this Honorable Court was robbed of all jurisdiction upon the entry of the first non-diverse Plaintiff into the docket of Case: 2:14-md-02592.

**The various Defendants are corporate citizens of:**  New Jersey, Indiana, Pennsylvania, Delaware Ireland Puerto Rico, Indiana and Germany.

Below is a list of the cases originally transferred by the JPML to this Honorable Court. At the time the transfer Order was entered, all parties thereto met the total diversity required of U.S. Article III § 2 as also codified in U.S.C. 28 § 1332(a) in that no Plaintiff was domiciled in the same State as any of the various Defendants:

List of Cases Originally Transferred See (Document 122 Page 6)

**Northern District of Florida**

NICHOLSON v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 5:14-00173

**Southern District of Florida**

PACKARD v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 0:14-61448

**Southern District of Illinois**

LEMP, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 3:14-00987

HANEY v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 3:14-00988

LEACH v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 3:14-00989

RUCKER v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 3:14-01026

PENNELL, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 3:14-01040

MCMUNN v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 3:14-01042

BIVEN v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 3:14-01050

MULRONEY v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 3:14-01073

**Eastern District of Kentucky**

BOLTON, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 0:14-00146

**Western District of Kentucky**

COX v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 3:14-00579

**Eastern District of Louisiana**

BRASWELL v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 2:14-02258

**Eastern District of New York**

JEFFCOAT v. JANSSEN REASEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 1:14-04524

GRIGGS, ET AL. v. JANSSEN RESEARCH & DEVELPMENT LLC, ET AL., C.A. No. 1:14-04841

BOYNTON, ET AL. v. JANSSEN RESEARCH & DEVELPMENT LLC, ET AL., C.A. No. 1:14-05133

USELTON v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 1:14-05728

GREEN, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 1:14-05871

**District of Utah**

ARMSTRONG, ET AL. v. JANSSEN RESEARCH & DEVELOPMENT, ET AL., C.A. No. 2:14-00599

**District of Vermont**

MCGOWAN v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET AL., C.A. No. 2:14-00159

**Southern District of West Virginia**

DALRYMPLE v. JANSSEN RESEARCH & DEVELOPMENT LLC, ET. AL., C.A. No. 5:14-25893


This Court, as well as all parties have acknowledged that at some point prior to the Subject Matter of the "Final Private Settlement Agreement" arising, non-diverse Plaintiffs were added to the docket of Case: 2:14-md-02592.

Although Plaintiffs recognize that it has been common practice for MDL Courts to allow non-diverse Plaintiffs to enter cases in MDL dockets, Plaintiffs herein assert that this practice destroys all jurisdiction otherwise possessed by an MDL Court on the admission of the first non-diverse Plaintiff to the docket.

Had Congress intended to amend the total diversity of citizenship requirement in U.S. Article III § 2 of the Constitution, ratification of said amendment would have required consent of no less than two-thirds of the various States legislatures, per Article V of the U.S. Constitution.

It is well settled that Federal Courts sitting in Jurisdiction pursuant to U.S.C. 28 § 1332, are robbed of all jurisdiction if a non-diverse Plaintiff or Defendant is added as a party to the case.

*In Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005), the Court explained how these two jurisdictional provisions interact: "Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere." Id. at 554, 125 S.Ct. 2611. The complete diversity requirement is consistently imposed on a case-by-case, rather than a claim-by-claim, basis: "In a case with multiple Plaintiffs and multiple Defendants, the presence in the action of a single Plaintiff from the same State as a single Defendant deprives the district Court of original diversity jurisdiction over the entire action." Id. at 553, 125 S.Ct. 2611 (citing Strawbridge, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)). .(italics added)*

Between December 12th, 2014 and February 27th, 2018, this Honorable Court adjudicated matters arising from the Plaintiffs' original cases in controversy (subject matter) being those personal injury and product liability claims transferred to this Honorable Court pursuant to U.S.C. 28 § 1407. No later than 02/27/2017 this Court determined that it had exhausted all judicial labor required to adjudicate the issues of common facts in pretrial proceedings and began the mandatory (Pursuant to U.S.C 28 § 1407(a)) process of remanding cases back to their Courts of original jurisdiction.

**Excerpts from Official Transcripts of Status Conferences held on January 30, 2018 and February 27, 2018.**

*Excerpt from Official Transcript of Status Conferences held on January 30, 2018 Page 5 at line 5-6*

The Court: (added to identify speaker*) "It comes a point where the MDL has done everything it can do" and we are close to that point."*

*Excerpt from Official Transcript of Status Conferences held on January 30, 2018 Page 4 at 23-25 Continued on Page 5 1-2:*

The Court: (added to identify speaker) *"We moved it around so they could see it as numerous juries took a look at it. The verdict of the jury is somewhat important, but it's also not the only thing. The important thing is for the lawyers to see their case presented and all of the things that come with that.* **We did that."** (emphasis added)

Page 5 at 3-6. *"But at that point, the bellwether system is exhausted. It's not designed for the purpose of resolving cases. That's not the purpose of it. The purpose of it is to give the parties an opportunity to see their case in action."*

Page 5 at 7-11 ***We've done that.*** *(emphasis added) So now we have to go to Phase II and move the cases. It's not fair for the litigants, it's not fair for the lawyers, it's not fair for the system just to keep the cases in one place and just let them marinate and just sit there.* ***So it's time to begin focusing on sending them back.*** *(emphasis added)(italics added)*

Page 12-15 *"I met with the parties earlier and we decided that it would be appropriate to send 1200 cases back. The parties have met and conferred and feel that it's wise to send 600 back at a time."*

By no later than February 27, 2018, this Honorable Court, on and in the record of the case made in clear that it had reached an end to all judicial labor to adjudicate all pretrial issues of common fact, relevant to Plaintiffs' original cases in controversy (Subject) Matter arising from their personal injury and product liability claims U.S.C. 28 § 1407 relevant to Plaintiffs' original, and

in accordance with the plain language of the U.S.C. 28 § 1407 (a), and as interpreted in Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 US 26 - Supreme Court 1998. The Court began the process of preparing to remand Plaintiffs' original cases in controversy (subject matter) back to their States of Original Jurisdiction, under which States personal injury and product liability claims arose.

*"The use of the mandatory term "shall" normally creates an obligation impervious to judicial discretion. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998). Once "coordinated or consolidated pretrial proceedings" have been completed in the transferee Court, the transferred cases must be remanded to their original Courts (whether for trial or otherwise). Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 28 (1998) transferee Court must transfer a case back to the original district for trial after pretrial issues are resolved  Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 40 (1998)" (italics added)*

Despite this Court having acknowledge that it exhausted all judicial labor required to conclude the pretrial proceedings relevant to Xarelto MDL Plaintiffs original cases, in controversy no later than February 27, 2018, leaving this Court with nothing left to do but enter Orders and adjudicate issues relevant to remand of Xarelto MDL Plaintiffs individual cases, a new and different subject matter arose under a contract entered into between the Xarelto Defendants and Xarelto Plaintiffs' Steering Committee. This Court issued  a stay of the remand process, in Xarelto CMO 9 and began issuing Orders subsequent  to Motions entered by stipulation between the Xarelto Defendants and Xarelto Plaintiffs' Steering Committee to assist in effectuating the terms of the terms of the Final Private Settlement Agreement, being the new and different subject matter

arising under the contract entered into by Xarelto Defendants and Xarelto Plaintiffs' Steering Committee.

Despite the contract being a Private Settlement Agreement, extra judicial by nature and not judiciable before any Federal Court, despite the contract having not been entered into the record of this case nor the terms thereof set forth in any Order issued by this Court, the Xarelto Defendants and Xarelto Plaintiffs' Steering Committee continued to move this Court to enter Orders to assist in effectuating the terms of the Final Private Settlement agreement.

At no time did the Xarelto Defendants and Xarelto Plaintiffs' Steering Committee in any form or manner assert this Honorable Courts' jurisdiction over the subject matter of the Final Private Settlement Agreement (inherently non judiciable) on the record of this case nor did at any time the Xarelto Defendants and Xarelto Plaintiffs' Steering Committee assert this Courts' Subject Matter Jurisdiction to enter Orders to assist in the effectuating of the terms of the Final Private Settlement agreement.

Over a year after this Honorable Court had declared an end to the adjudication of pretrial proceedings arising from common facts (pursuant to U.S.C. 28 § 1407) and had begun the processes required to remand individual Plaintiffs cases back to their Courts of original jurisdiction, (pursuant to U.S.C. 28 § 1407(a)) the Xarelto Plaintiffs' Steering Committee and the Defendants advised inter alia this Court that "the parties" had an reached an extra judicial contingent Private Settlement Agreement, and began moving this Court to enter Orders to assist the Parties to effectuate the provisions of the Private Final Settlement Agreement. At no time, however, have the Xarelto Defendants and Xarelto Plaintiffs' Steering Committee entered any pleading asserting any Statute which would counter the strict mandates of U.S.C. 28 § 1407(a) or provide this Court with any basis for jurisdiction over the subject matter of the Final Private

Settlement agreement nor any basis for Subject Matter Jurisdiction to enter Orders to assist in effectuating the terms of the Final Private Settlement agreement.

On March 25, 2019   this Court entered Xarelto MDL 2592 Case Management Order #10 regarding the registration of Xarelto-related cases and claims (Document 12901)

**Xarelto MDL 2592 Case Management Order #10 at page 1:**

"*In Order for this Court and the cooperating state Court jurisdictions with coordinated proceedings pending in Pennsylvania (In Re Xarelto Litigation, No. 2349, Philadelphia County Court of Common Pleas), and in California (Xarelto Cases, Judicial Council Coordinated Proceeding No. 4862, Superior Court of the State of California, County of Los Angeles) to cooperatively manage this litigation and to assist the Parties **to effectuate the provisions** of the **private Final Settlement Agreement** entered into between, inter alia, the **MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen (emphasis added) and Bayer ("Defendants"), (emphasis added)** it is necessary to identify all filed and unfiled Xarelto®-related claims:*"

The language of CMO 10 is conclusive of the fact that no "controversy" exists arising from the Final Settlement agreement refenced in the Order. Federal Subject Matter Jurisdiction is lacking without both a case and a controversy exists. Even if the Defendants' response to Plaintiffs' prior Motion at face value and assume that the Plaintiffs' original complaints gives rise to this Courts' Subject Matter Jurisdiction over the "contract" embodied in the "Final Settlement Agreement", CMO 10 clearly shows that there is no controversy before this Court arising from that contract. In as much as the parties to the agreement (The Xarelto Defendants and the Xarelto Plaintiffs

Steering Committee seek (and have sought) the same relief from the Court which is to have this Court enter Orders to assist in effectuating the provisions of the private Final Settlement Agreement.

Federal Jurisdiction requires both a case and a controversy. Absent a controversy, there is no case and there can be no Federal Jurisdiction.

Plaintiffs' Leadership and Defendants have, at all times, admitted the Plaintiffs' original claims were product liability claims (cases in controversy) and at no time has any party alleged that any case in controversy arising from an agreement (contract case in controversy) is properly before this Court. At no time has any party entered any matter arising from a controversy over an agreement between the parties (contract) or properly asserted this Honorable Courts' Subject Matter Jurisdiction, affirmatively on the record arising from a controversy related to an *agreement (contract).*

## JOINT REPORT NO. 38 OF PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL *(Doc 13813 Docketed on 06/20/2019)*

*Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") respectfully submit this Joint Report No. 38. All Pre-Trial Orders are posted on the Court's website located at www.laed.usCourts.gov/Xarelto. The Court's website also includes other postings relevant to the litigation.*

1.    *SETTLEMENT*

*On May 6, 2019, the Plaintiffs' Leadership and Defendants entered into a final Master Settlement Agreement for resolution of Xarelto **product liability claims** (emphasis added) covered by the agreement. The Master Settlement Agreement establishes the deadline for Plaintiffs to enroll in the Settlement Program on or before August 5, 2019. (italics added)*

At no time has the Judicial Panel on Multidistrict Litigation considered arguments nor granted a Motion to transfer any case, pursuant to U.S.C. 28 §1407 to this Honorable Court involving an agreement (contract) nor any controversy arising therefrom.

(Doc 122 Page 1 Starting at Paragraph 4 Continued on page 5)

*"These common issues include, in particular, the adequacy of Xarelto's warning label with respect to the risk of severe bleeding and These common issues include, in particular, the adequacy of Xarelto's warning label with respect to the risk of severe bleeding and other injuries, the results of certain clinical studies, and the alleged need for blood monitoring. Almost all* **personal injury litigation** *(emphasis added) involves questions of causation that are Plaintiff-specific. Those differences are not an impediment to centralization where common questions of fact predominate. (italics added). "*

Subsequent to the Entry of CMO 10, this honorable Court entered,  Case Management Orders 10A, 11, 11A, 12,12A, and 12B  as well as other Orders to  assist in effectuating the provisions of the private Final Settlement Agreement entered into between, *inter alia*, the MDL Plaintiffs' Steering Committee ("PSC"), and Defendants Janssen (emphasis added) and Bayer ("Defendants")

On October 2, 2019 this Honorable Court, upon Defendants' Motion, entered an Order to show cause for non-compliance with CMO 12A.

## PLAINTIFFS' AMENDED MOTION BROUGHT PURUSANT TO FED.  R. CIV. PRO. 12 (b)(1)

Plaintiffs herein bring this amended Motion Pursuant to Fed. R. Civ. Pro. 12(b)(1) and launch a facial attack on this Honorable Courts' Subject Matter Jurisdiction relevant to the entry of Orders

to assist the parties in effectuating the terms of the final settlement agreement. Plaintiffs herein assert that no party at any time has properly invoked this Honorable Courts' Subject Matter Jurisdiction, on the record of the case, over the final settlement agreement itself nor Honorable Court's Subject Matter Jurisdiction required to enter Orders to effectuate the terms of the final settlement agreement. Absent a showing, on the record, of this Honorable Courts' Subject Matter Jurisdiction having been properly invoked and found to exist, this Honorable Court must presume Subject Matter Jurisdiction is lacking.

*"Federal Courts are presumed to lack jurisdiction, `unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). "The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." Getty Oil Corp. v. Ins. Co. 841 F.2d 1254, 1259 (5th Cir. 1988) (citing 111. Cent. Gulf R. Co. v. Pargas, Inc., 706 F.2d 633, 636 & n.2 (5th Cir. 1983))*

*"The United States Court of Appeals for the Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. See Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981); accord Ramming, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of*

*disputed facts."). Regardless of the nature of the attack, the Plaintiff seeking a federal forum*

*"constantly bears the burden of proof that jurisdiction does in fact exist." Ramming v. United*

*States, 281 F.3d 158, 161 (5th Cir. 2001)*

*In Ramming it was the Plaintiff who sought the Federal Forum and therefor Ramming references*

*"the Plaintiff" as having the burden of establishing jurisdiction. This does not change the well*

*settled matter that the party seeking the federal forum (regardless of the parties' label) bears the*

*burden of properly invoking the Federal Court's jurisdiction, by citation of statute and*

*argument, on and in the record of the case. See: "It is to be presumed that a cause lies outside*

*[of Federal Courts'] limited jurisdiction, and the burden of establishing the contrary rests upon*

*the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377*

*(1994) (citations omitted)*

*A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the*

*district Court lacks the statutory or constitutional power to adjudicate it." Makarova v. United*

*States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R.Civ.P. 12(b)(1)); see also Morrison v.*

*Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) ("Determining the existence of subject*

*matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject*

*matter jurisdiction under Rule 12(b)(1) when the district Court lacks the statutory or*

*constitutional power to adjudicate it."), aff'd, 561 U.S. 247, 130 S.Ct. 2869, 177 L.Ed.2d 535*

*(2010); Henry v. Concord Limousine, Inc., 13-CV-0494, 2014 WL 297303, at \*3 (E.D.N.Y. Jan.*

*24, 2014) (Seybert, J.). "[J]urisdiction must be shown affirmatively, and that showing is not*

*made by drawing from the pleadings inferences favorable to the party asserting it." Shipping*

*Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). The party asserting subject*

*matter jurisdiction has the burden of proving its existence by a preponderance of the evidence.*

*Makarova, 201 F.3d at 113.). When a Plaintiff asserts a cause of action under a statute which contains no private right of action, the Court shall dismiss the claim for want of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). See Daniels v. Murphy, No. 06-CV-5841, 2007 WL 1965303, at \*2 n. 4 (E.D.N.Y. July 2, 2007) (Bianco, J.).*

Plaintiffs show this Honorable Court the following:

The parties invoking the Court to enter Case Management Orders, 11, 12, 12A and 12B, as well as the Motion to show cause which gave rise to the Order to show cause to which this pleading is responsive, failed at all times to properly invoke this Honorable Courts' jurisdiction prior to invoking this Court to issue the referenced Orders.

Had the parties invoking the Court to enter Case Management Orders, 11, 12, 12A and 12B cited this Courts' "inherent authority" found in the various Federal Rules of Civil Procedure as the source of this Court's jurisdiction over the Final Private Settlement Agreement, such citation would not be sufficient to confer jurisdiction over the Final Private Settlement Agreement. It is axiomatic that the various Federal Rules of Civil Procedure are not jurisdictional nor can the various rules serve to expand or limit the Jurisdiction of a Federal Court found in the various Jurisdictional Statutes in Chapter 85 of Title 28.

*Indeed, the Court has expressly recognized that the Rules Enabling Act does not bestow on it the power "to extend or restrict jurisdiction conferred by [another] statute." Willy v. Coastal Corp., 503 U.S. 131, 135, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (citing Sibbach v. Wilson & Co., 312 U.S. 1, 10, 61 S.Ct. 422, 85 L.Ed. 479 (1941))*

Had the parties invoking the Court to enter Case Management Orders, 11, 12, 12A and 12B, ostensibly (though not affirmatively asserted) moved this Honorable Court to enter these Orders

pursuant to Pursuant to  U.S.C. 28 § 1367 (Supplemental Jurisdiction) said assertion would not

be sufficient to confer subject matter jurisdiction upon this Honorable Court over the Final

Private Settlement agreement in as much as Supplemental Jurisdiction Pursuant to  U.S.C. 28

§ 1367 is only available to a Federal Courts possessing original jurisdiction, U.S.C. 28 § 1367

could not be the source of this Honorable Courts' jurisdiction over the Final Private Settlement

Agreement in as much as U.S.C. 28 § 1407 does not confer original jurisdiction upon an MDL

Court, nor does it confer final jurisdiction upon these Courts. In as much as MDL Courts are not

Courts of final jurisdiction, dismissals with prejudice as contemplated in Case Management

Order 12A are not within the authority of an MDL Court in that a dismissal with prejudice serves

as a final adjudication on the merits per Fed. R. Civ. Pro. 41(2)(b). The plain language of U.S.C.

28 § 1407 confers limited authority to the MDL Transferee Court to adjudicate pretrial

proceedings, at the end of which the cases shall be remanded back to their Courts of **Original

Jurisdiction.** (emphasis added).

As non-diverse parties were present in the Docket of MDL 2592 at the time the "Final Private

Settlement Agreement was entered" any prior authority or jurisdiction conferred under U.S.C. 28

§ 1332 had ceased to exist.

In Order to prevail in a Fed. R. Civ. Pro 12(b)(1) facial attack on a Federal Courts' Subject

Matter Jurisdiction the moving party need only show the Court the absence of document in the

record of the case showing the Courts' subject matter jurisdiction was properly invoked per a

jurisdictional statute and found to exist by the given Court. Plaintiffs herein assert that no

document exists in the record Xarelto MDL 2592 showing any party having properly invoked

this Honorable Courts' subject matter jurisdiction over the final private settlement agreement,

nor has this Court found, on the record, said subject matter jurisdiction to exist.

Absent any evidence in the record conclusive of any party have properly invoked this Honorable Courts' Subject Matter Jurisdiction over the Final Private Settlement Agreement, this Court is without discretion to ignore the fact that it lacked the required subject matter jurisdiction necessary to enter Case Management Orders, 11,12,12A and 12B, as well as the Motion to show cause which gave rise to the Order to show cause to which this pleading is responsive, and as a matter of law, must vacate said Orders.

### PLAINTIFFS' AMENDED MOTION PURSUANT TO FED. R. CIV. PRO 12(B)(6)

Plaintiffs herein bring this amended Motion pursuant to Fed. R. Civ. Pro. 12(b)(6) and show this Honorable Court that there is no claim nor complaint in the record of Case: 2:14-md-02592 that so much as mentions the final settlement agreement and therefore no claim nor complaint exist upon which this Court could rely as the source of subject matter jurisdiction to enter Orders to assist the parties in the effectuation of the terms thereof.

Plaintiffs reenter all arguments and citations put forth in Plaintiffs' Motion brought under Fed. R. Civ. Pro. 12(b)(1) and show this Honorable Court the following:

Plaintiffs show this Honorable Court that there is no claim, complaint nor case and controversy properly before this Honorable Court that even mentions the Final Private Settlement Agreement nor any other contract.  Plaintiffs further show this Court that the "Final Settlement Agreement" has not been entered into the record of MDL 2592 and therefore, for the purpose of adjudication, including Orders to assist in effectuating the terms thereof, said agreement does not exist.

Plaintiffs' original complaints arose under the product liability and personal injury laws of the various States. There is no complaint in the record of Case: 2:14-md-02592 arising from a contract of any nature including the final settlement agreement.

*"The `well-pleaded complaint rule,' provides that federal jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citations omitted).*

*"Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted.". To survive a Motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to `state a claim for relief that is plausible on its face". Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2008))."Factual allegations must be enough to raise a right to relief above the speculative level. Twombly, 550 U.S. at 556.*

*When ruling on a Motion to dismiss (brought under Fed. R. Civ. Pro 12(b)(6)) a district Court should decide the Motion on the complaint alone, excluding additional evidence, affidavits, exhibits and factual allegations contained in legal briefs or memoranda. Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000). Although a district Court should not consider outside evidence on a Motion to dismiss, it is permissible to consider facts stated in the complaint or in documents that are attached to the complaint as exhibits or that have been incorporated in the complaint by reference. Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991); see also Stuto v. Fleishman, 164 F.3d 820, 826 n.1 (2d Cir. 1999*

*To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions." Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001)*

*It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds:*

*(1) a challenge to the "sufficiency of the pleading" under* Fed. R. Civ. P. 8(a)(2); or

(2) a challenge to the legal cognizability of the claim.

*A Motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) goes to the sufficiency of the pleading under Rule 8(a)(2).") [citations omitted]; In re Princeton Indus., Inc., 39 B.R. 140, 143 (Bankr.S.D.N.Y.1984) ("The Motion under F.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint as to whether the Plaintiff has conformed to F.R.Civ.P. 8(a)(2) which calls for a `short and plain statement' that the pleader is entitled to relief."); Bush v. Masiello, 55 F.R.D. 72, 74 (S.D.N.Y. 1972) ("This Motion under Fed.R.Civ.P. 12(b)(6) tests the formal legal sufficiency of the complaint, determining whether the complaint has conformed to Fed.R.Civ.P. 8(a)(2) which calls for a `short and plain statement that the pleader is entitled to relief.'")*

*There is a critical distinction between the notice requirements of Rule 8(a) and the requirement, under Rule 12(b)(6), that a Plaintiff state a claim upon which relief can be granted."); Phelps v. Kapnolas, 308 F.3d 180, 187 (2d Cir.2002) ("Of course, none of this is to say that a Court should hesitate to dismiss a complaint when the Plaintiff's allegation... fails as a matter of law.") [citation omitted]; Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir.2000) (distinguishing between a failure to meet Rule 12[b][6]'s requirement of stating a cognizable claim and Rule 8[a]'s requirement of disclosing sufficient information to put Defendant on fair notice); In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 379 F.Supp.2d 348, 370 (S.D.N.Y.2005) ("Although Rule 8 does not require Plaintiffs to plead a theory of causation, it does not protect a legally insufficient claim [under Rule 12(b)(6)].") [citation omitted]; Util. Metal Research v. Generac Power Sys., 02-CV-6205, 2004 U.S. Dist. LEXIS 23314, at \*4-5, 2004 WL 2613993, \*1 (E.D.N.Y. Nov. 18, 2004) (distinguishing between the legal sufficiency of the cause of action*

*under Rule 12[b][6] and the sufficiency of the complaint under Rule 8[a]); accord, Straker v. Metro Trans. Auth., 333 F.Supp.2d 91, 101-02 (E.D.N.Y.2004); Tangorre v. Mako's, Inc., 01-CV-4430, 2002 U.S. Dist. LEXIS 1658, at \*6-7, 2002 WL 313156, \*2-3 (S.D.N.Y. Jan. 30, 2002) (identifying two sorts of arguments made on a Rule 12[b][6] Motion — one aimed at the sufficiency of the pleadings under Rule 8[a], and the other aimed at the legal sufficiency of the claims.*

The sole complaints (claims) found in the docket of MDL 2592 are those various original complaints filed by Plaintiffs arising under the various product liability laws and personal injury laws of the States, in which these Plaintiffs are domiciled. The Statute originally conferring Federal Jurisdiction over Plaintiffs' original complaints was U.S.C. 28 § 1332. Plaintiffs reassert their prior argument that this Honorable Court prior jurisdiction found under U.S.C. 28 § 1332 was lost at the time the first non-diverse party was added to the docket of MDL 2592.

In as much as there is no claim, complaint nor case and controversy arising from the Settlement agreement, properly before this Honorable Court, this Court is without discretion and must grant all relief sought by Plaintiffs pursuant to Fed. R. Civ. Pro. 12(b)(6).

## PLAINTIFFS' AMENDED MOTON BROUGHT PURSUANT TO FED. R. CIV. PRO 12(h)(3)

Plaintiffs reenters all arguments and citations put forth in Plaintiffs' Motion brought under Fed. R. Civ. Pro. 12(b)(1) and 12 (b)(6).

*A Rule 12(h)(3) Motion to dismiss is evaluated under the same standards as a Motion to dismiss pursuant to Rule 12(b)(1). Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 879 n.3 (3rd Cir. 1992)*

e corrected by an Order nunc pro tunc." W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir.2001)

Plaintiffs have shown this Honorable Court the following:

1. Plaintiffs have shown this Honorable Court that no judiciable case in controversy arising from the settlement agreement is properly before this Court.  The words "to assist the parties in effectuating the terms of the final private settlement agreement" clearly show that the Xarelto Plaintiffs' Steering Committee and the Defendants sought, through stipulation, the same result when moving this Honorable Court to enter Orders "to assist the parties in effectuating the terms of the Final Private Settlement Agreement"

   *When "both litigants desire precisely the same result," there is "no case or controversy within the meaning of Art. III of the Constitution." Moore v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 47, 48, 91 S.Ct. 1292, 28 L.Ed.2d 590 (1971)*

   *"We are thus confronted with the anomaly that both litigants desire precisely the same result, namely a holding that the anti-busing statute is constitutional. There is, therefore, no case or controversy within the meaning of Art. III of the Constitution." Muskrat v. United States, 219 U. S. 346 (1911).*

*"[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) (citation omitted). (italics added)*

*"Article III of the Constitution confines the federal Courts to adjudicating actual `cases' or `controversies.'" Allen v. Wright, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).*

*While both parties now appear to agree that this Court has authority to enforce the settlement agreement, subject matter jurisdiction cannot be conferred by consent of the parties. Alongi v. Ford Motor Co., 386 F.3d 716, 728 (6th Cir. 2004)*

2.  Plaintiffs have shown this Honorable Court that the failure of the Xarelto Plaintiffs' Steering Committee to properly assert this Honorable Courts' jurisdiction, on the record of the case, over the Settlement Agreement itself,  prior (as a threshold matter) to seeking Orders to enforce the terms there of, is fatal to this Honorable Courts' Subject Matter Jurisdiction over the settlement agreement itself as well as fatal to this Honorable Courts' Subject Matter Jurisdiction relevant to entering Orders to assist the parties in effectuating the terms of said agreement.

*"The requirement that jurisdiction be established as a threshold matter is inflexible and without exception; for jurisdiction is power to declare the law, and without jurisdiction the Court cannot proceed at all in any cause." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999) (citing Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 93-95 (1998))*

*"[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." Getty, 841 F.2d at 1259 (citing Illinois Cent. Gulf R.R. Co. v. Pargas, Inc., 706 F.2d 633, 636 n.2 (5th Cir. 1983)).*

*Federal Courts are Courts of limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen **v.** Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted)*

*"Federal Courts are Courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, see Willy v. Coastal Corp., 503 U. S. 131, 136-137 (1992); Bender v. Williamsport Area School Dist., 475 U. S. 534, 541 (1986), which is not to be expanded by judicial decree, American Fire & Casualty Co. v. Finn, 341 U. S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of North-America, 4 Dali. 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, McNutt v. General Motors Acceptance Corp., 298 U. S. 178, 182-183 (1936).*

*"Lack of subject matter jurisdiction is a non-waivable, fatal defect." Yon Dunser v. Aronoff, 915 F.2d 1071, 1074 (6th Cir. 1990).*

*"We have specifically held that "[a] lack of jurisdiction cannot be corrected by an Order nunc pro tunc." W.N.J. v. Yocom, 257 F.3d 1171, 1172 (10th Cir.2001)*

3.  The private settlement agreement is not a continuation of Plaintiffs' original claims (case and controversy) transferred (not removed) to this Honorable Court for the adjudication of Pre-Trial Proceedings pursuant to 28 USC § 1407.

*Enforcement of a settlement agreement requires its own basis for jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675-76 (1994). See id. at 378*

*"Enforcement of the settlement agreement is for state Courts, unless there is some independent basis for federal jurisdiction."); Shaffer v. GTE North, Inc., 284 F.3d 500, 504 (3d Cir. 2002)*

*"A settlement agreement made during the course of litigation is a contract between the parties, and as such, contract law governs disputes concerning the formation, construction, and enforceability of the settlement agreement." Waddle v. Elrod, 367 S.W.3d 217, 222 (Tenn. 2012)*

4.  Plaintiffs have shown this Honorable Court that Plaintiffs' original claims (complaints) do not so much as mention a contract, and certainly make no mention of the private settlement agreement.

*"Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)"*

*It is "presume[d] that federal Courts lack jurisdiction unless the contrary appears affirmatively from the record,"' and the party claiming standing has the burden of*

*establishing it. DaimlerChrysler, 547 U.S. at 342 n.3 (quoting Renne v. Geary, 501 U.S.*

*312, 316 (1991)).*

5.  Plaintiffs have shown this Honorable Court that the Private Settlement Agreement has not

    been entered into the record of Case: 2:14-md-02592 and is therefore not a judiciable

    subject matter properly before this Court.

    *A justiciable controversy is thus distinguished from a difference or dispute of a*

    *hypothetical or abstract character; from one that is academic or moot Aetna Life*

    *Insurance Co. Of Hartford, Conn., supra at 240, (internal citations omitted). The*

    *controversy must be definite and concrete, touching the legal relations of parties having*

    *adverse legal interest. Id. at 240-1 (internal citations omitted).*

    *When "parties reach a settlement agreement prior to class certification, Courts must*

    *peruse the proposed compromise to ratify both the propriety of the certification and the*

    *fairness of the settlement." Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003).*

    *When a settlement agreement is not filed with, interpreted by, or enforced by a Court, it*

    *is not a judicial record presumed to be accessible); SEC v. Van Waeyenberghe, 990 F.2d*

    *845, 849 (5th Cir.1993)*

6.  Plaintiffs have shown this Honorable Court that any "inherent authority" found in the

    various Federal Rules of Civil Procedure can be relied on as the source of this Honorable

    Courts' Subject Matter Jurisdiction over the Private Settlement Agreement.

    *"Indeed, the Court has expressly recognized that the Rules Enabling Act does not bestow*

    *on it the power "to extend or restrict jurisdiction conferred by [another] statute." Willy v.*

*Coastal Corp., 503 U.S. 131, 135, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (citing*

*Sibbach v. Wilson & Co., 312 U.S. 1, 10, 61 S.Ct. 422, 85 L.Ed. 479 (1941)*

7. Plaintiffs have shown this Honorable Court that U.S.C. 28 § 1407 is a Venue Statute, not a Jurisdictional Statute and cannot be relied on as this Honorable Courts source of Subject Matter Jurisdiction over the Private Settlement Agreement. Plaintiffs have further shown this Honorable Court, that by its own assertions, it had exhausted all judicial labor necessary to fulfill its obligations under U.S.C. 28 § 1407, leaving this Court with nothing left to do but engage in the process of remanding the individual Plaintiffs' cases back to their Courts of original jurisdiction. All judicial labor related to adjudication of pretrial proceedings was exhausted over a year prior to the Private Settlement Agreement coming into existence.

8. Plaintiffs have shown this Honorable Court that Supplemental Jurisdiction pursuant to U.S.C. 28 § 1367 cannot be the source of this Honorable Court's jurisdiction in as much as this Honorable Court was not the Court of Original Jurisdiction for Plaintiffs' original complaints. The plain language of U.S.C. 28 § 1407, requiring that cases shall be remanded back to their Courts of original jurisdiction clearly shows that a transferee Court is not the Court of original jurisdiction and therefore no supplemental jurisdiction can be found in to U.S.C. 28 § 1367.

*Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 40 (1998) (transferee Court must transfer a case back to the original district for trial after pretrial issues are resolved)*

9. Plaintiffs have shown this Honorable Court that the jurisdiction originally found pursuant to U.S.C. 28 1332 was destroyed upon the entry of the first non-diverse Plaintiffs' complaint into the docket of Case: 2:14-md-02592.

*The presence in the action of a single Plaintiff from the same State as a single Defendant deprives the district Court of original diversity jurisdiction over the entire action. Strawbridge v. Curtiss, 3 Cranch 267 (1806); Owen Equipment & Erection Co. v. Kroger, 437 U. S. 365, 375 (1978).*

*The presence of the nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U. S. 694, 702 (1982); People's Bank v. Calhoun, 102 U. S. 256, 260-261 (1880). No Court can ignore the defect; rather a Court, noticing the defect, must raise the matter on its own. Insurance Corp. of Ireland, supra, at 702; Mansfield, C. & L. M. R. Co. v. Swan, 111 U. S. 379, 382 (1884).*

*Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district Court cannot exercise jurisdiction if any Plaintiff shares the same citizenship as any Defendant. See Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)), cert. denied, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." Getty, 841 F.2d at 1259 (citing Illinois Cent. Gulf R.R. Co. v. Pargas, Inc., 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." Stafford v. Mobil Oil Corp., 945 F.2d 803, 805 (5th Cir. 1991).*

10  Plaintiffs have shown this Honorable Court that U.S.C. 28 § 1407 does not establish an

MDL Court has the Court of Original Jurisdiction nor the Court of Final Jurisdiction,

therefore dismissal with prejudice, being a final adjudication on the merits (see Fed. R.

Civ Pro 41(2)(b) as contemplated in Case Management Order 12A is not within the

jurisdiction of a Court sitting in authority under U.S.C. 28 § 1407 vs dismissing a case

without prejudice which would constitute no more than a dismissal from the MDL.

Plaintiffs have met their burden and clearly shown this Honorable Court that Subject Matter

Jurisdiction over the private settlement agreement is and has at all times been lacking and

therefore, this Honorable Court also has at all times lacked the required subject matter

jurisdiction to enter Orders to assist the parties in effectuating the terms of said agreement

The plain language of Fed. R. Civ. Pro 12(H)(3) is not ambiguous:

Fed. R. Civ. Pro 12(H)(3) *Lack of Subject-Matter Jurisdiction.* If the Court determines at any

time that it lacks Subject Matter Jurisdiction, the Court **must** dismiss the action. (emphasis

added).

In the instant matter, in that Plaintiffs' cases were originally transferred pursuant to U.S.C. 28

1407, the proper application of Fed. R. Civ. Pro 12(H)(3) requires remand of all Plaintiffs' cases

back to their Courts of original jurisdiction.

Plaintiffs having shown this Honorable Court that it lacked and Subject Matter Jurisdiction over

the Final Settlement Agreement as well as subject matter jurisdiction to enter Orders to assist the

parties in effectuating the terms thereof, Plaintiffs respectfully move this Honorable Court to

grant all relief prayed for herein.

Plaintiffs move under Fed. R. Civ. Pro 12(c) for a judgment on the pleadings, having shown this Honorable Court that the record of Case: 2:14-md-02592 and this pleading are sufficient to grant Plaintiffs' prayers for relief.

*"The standard for granting a Rule 12(c) Motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) Motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (collecting cases).*

## PRAYER FOR RELIEF

Plaintiffs again pray that this Court, on its own initiative undertake the judicial labor required to examine its own jurisdiction or lack thereof over the final private settlement agreement.

*Federal Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)).*

After consideration of Plaintiffs' amended Motion, brought Pursuant to Fed. R. Civ. Pro. 12(b)(1), Fed. R. Civ. Pro. 12(b)(6), Fed. R. Civ. Pro. 12(h)(3),  Plaintiffs herein pray that this

Court vacate all Orders entered to assist the parties in effectuating the terms of the Final Private Settlement Agreement entered into by the Xarelto Plaintiffs Steering Committee, and the Defendant, as well as all Orders arising from, relying on or referencing said Orders. Additionally, after vacating said Orders, Plaintiffs further pray that this Court find the Order to Show Cause to which this pleading is response as moot and strike or vacate said Order from the record of Case: 2:14-md-02592.

**Plaintiffs prays that this Honorable Court Vacate the Orders listed below as well as any Order relying on, referencing or related to said Orders.**

Case Management Order #10  (Document 12901)

Case Management Order #10A (Document 12905)

Case Management Order #11 (Document 12902)

Case Management Order #11A (Document 14876)

Case Management Order #12 (Document 13608)

Case Management Order #12A

Case Management Order 12B (Document 15257)

Respectfully submitted, this 31st day of October 2019

Michael D. Wolff, Esq.
**Law Offices of Sobo & Sobo, LLP**
One Dolson Avenue
Middletown, NY 10940
(845)343-7626
mwolff@sobolaw.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 31, 2019, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the CM/ECF participants registered to receive service in this MDL.

Michael D. Wolff, Esq.
**Law Offices of Sobo & Sobo, LLP**
One Dolson Avenue
Middletown, NY 10940
(845)343-7626
mwolff@sobolaw.com