# UNITED STATED DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | **MDL No. 2592** |
| **PRODUCTS LIABILITY LITIGATION** | : | |
| | : | **SECTION L** |
| | : | |
| | : | **JUDGE ELDON E. FALLON** |
| | : | |
| | : | **MAGISTRATE JUDGE NORTH** |
| | : | |
| | : | **JURY TRIAL DEMAND** |

**THIS DOCUMENT RELATES TO:**

*Miller et al v. Janssen Research & Development LLC et al*

**Civil Action No.: 2:15-cv-06024**

## UNCONTESTED MOTION FOR LEAVE TO WITHDRAW AS COUNSEL OF RECORD WITHOUT SUBSTITUTION FOR PLAINTIFF DAVID MILLER, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF BARBARA MILLER, DECEASED

Pursuant to Local Rule 83.2.11 of the United States District Court for the Eastern District of Louisiana and Federal Rule of Civil Procedure 7, the undersigned counsel for David Miller, Individually and as Representative of the Estate of Barbara Miller, Deceased, and all other attorneys of record in this matter, hereby request the Court to allow counsel to withdraw as counsel of record for David Miller, Individually and as Representative of the Estate of Barbara Miller, Deceased, and in support thereof state:

1.      Undersigned counsel has conferred with the Defendants' Lead and Liaison counsel at least fourteen (14) days prior to the filing of this motion regarding the relief requested herein and Defendants' Lead and Liaison counsel have indicated that they are not opposed to the Motion.

2.     The Plaintiff's case was filed on September 29, 2015, as part of a bundled complaint.  On October 2, 2015, an Order was entered severing the cases and directing the severed plaintiffs to file separate, individual Short Form Complaints.  On November 18, 2015, a Short Form Complaint was filed on behalf of the Plaintiff and the instant cause number assigned.

3.     On November 30, 2015, Plaintiff timely filed and served his Plaintiff Fact Sheet, by uploading same to MDL Centrality, and met all the discovery obligations set forth in Pretrial Order 13, which required the submission of a completed Plaintiff Fact Sheet and supporting materials within 60 days of filing the complaint.

4.     Undersigned counsel confirms that Plaintiff is in compliance with Pretrial Order 11B and the applicable filing fee for this case has been paid.

3.     On May 6, 2019, Plaintiffs' Leadership and Defendants entered into a Master Settlement Agreement for resolution of the Xarelto products liability claims ("Xarelto Settlement Program").

4.     On May 20, 2019, correspondence was sent to Plaintiff advising him of the Xarelto Settlement Program and informing him of the deadlines required by the Xarelto Settlement Program.

5.     On May 31, 2019, undersigned counsel spoke to the client on the phone for 2 hours discussing the Xarelto Settlement Program and the complexities surrounding litigation of this case, including the fact every Xarelto case tried thus far had been won by the defense.  At that time, undersigned counsel recommended that Plaintiff enroll in the Xarelto Settlement Program, and advised Plaintiff that if he elected not to enroll in the settlement program, he would need to obtain new counsel.  The very next day, June 1, 2019, undersigned counsel forwarded

certain materials to Plaintiff via e-mail, including copies of CMO 11 and CMO 12 advising Plaintiff of certain deadlines that had to be met if he intended to pursue litigation of his case.

6.      On June 28, 2019, Plaintiff contacted the undersigned counsel to discuss the case further, and at the conclusion of the call, informed counsel that he would be enrolling in the Xarelto Settlement Program and sending in his signed enrollment documents.

7.      On July 17, 2019, undersigned counsel received Plaintiff's Enrollment Form; however, Plaintiff filled out the form indicating he would not be enrolling in the Xarelto Settlement Program, but would proceed with litigation.

8.      Between July 19 and August 16, 2019, undersigned counsel made multiple attempts to contact the Plaintiff by telephone and email regarding his decision to opt out of the Xarelto Settlement Program, whether he had obtained new counsel, as previously advised he would have to do, and the need to file the required Notice of Intent to Proceed.  Plaintiff failed to return any calls or emails or otherwise communicate with counsel in any way.

9.      On Saturday, August 17, 2019, Plaintiff left a message stating he had received the numerous messages left for him and would be returning the Notice of Intent to Proceed.  On August 19, 2019, Plaintiff emailed his signed Notice of Intent to Proceed to undersigned counsel. Counsel responded to Plaintiffs' email inquiring as to whether he had obtained new counsel and again advising of the CMO 11 impending deadlines, and attempted to call him to discuss these matters, but Plaintiff did not return any calls.  Instead, Plaintiff responded to counsel's August 19, 2019, email to "send me a copy of your letter to withdraw."  Counsel responded to Plaintiff's email and asked that Plaintiff return counsel's calls and inform counsel if Plaintiff would be retaining new counsel, as that attorney would have to substitute in the instant case; however,

Plaintiff did not respond. Plaintiff's Notice of Intent to Proceed was uploaded to MDL Centrality that same day, August 19, 2019.

10. Between August 19, 2019 and November 11, 2019, undersigned counsel again made repeated attempts to contact Plaintiff to discuss this case and whether he had obtained new counsel. Despite written correspondence and multiple telephone calls and emails, Plaintiff refused to respond. On November 11, 2019, Plaintiff's only response was to return his signed Plaintiff Profile Consent Form and Short Form Plaintiff Fact Sheet forms that had previously been forwarded to him, in order to protect his legal rights and prevent the dismissal of this case. Plaintiff still refused to return any phone calls or otherwise respond to any other matters outlined in counsel's prior emails.

11. Since November 11, 2019, undersigned counsel has again continued to contact Plaintiff by written correspondence, telephone and email; however, Plaintiff has continued to ignore our communication efforts and failed to respond in any manner.

12. As laid out in the contemporaneously filed Affidavit of undersigned counsel (see Exhibit A, attached and incorporated herein for all purposes), we have made all reasonable efforts to contact Mr. Miller to advise him of our reasons for recommending enrollment in the Xarelto Settlement Program and our reasons for withdrawing as counsel of record.

13. On October 18, 2019, undersigned counsel certifies she caused correspondence to be sent to Plaintiff David Miller via regular First Class Priority Mail and e-mail to Plaintiff at band1@consolidated.net and David.Miller@lonestar.edu advising Mr. Miller of counsel's intent and reasons for withdrawing as legal counsel. Plaintiff has neither communicated an objection to the requested withdrawal or an intention to obtain other counsel herein despite undersigned counsel's repeated request to advise of same.

14.     Under Louisiana's Rules of Professional Conduct, Counsel may withdraw from the representation of a client if the client insists upon taking action with which the lawyer fundamentally disagrees.     Louisiana Rules of Professional Conduct 1.16(b)(4).     Texas Disciplinary Rules of Professional Conduct 1.15(b)(4).   That, unfortunately, there exists fundamental and irreconcilable conflicts between Counsel at Matthews & Associates and Plaintiff relating to the merits and continuation of the claims in the above captioned action, is indisputable.   This conflict between Counsel and Plaintiff has left their relationship irrevocably broken.

15.     Counsel would likewise be permitted to withdraw under the Louisiana Rules of Professional Conduct 1.16(b)(5) due to the Plaintiff's failure to fulfill an obligation to the lawyer, by failing to communicate and respond to numerous requests for information, as required in section VIII of the contract he signed with undersigned counsel.

16.     Last, Rule 1.16(b)(6), as well as the contract between Plaintiff and the undersigned counsel, allows withdrawal as counsel of record in the event that the continued representation would result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

17.     A copy of this motion will be served upon Plaintiff at his last known address: David Miller, Individually and as Representative of the Estate of Barbara Miller, Deceased, 13006 Park Ave., Conroe, TX 77384. Plaintiff's phone numbers are: (832) 813-675, (936) 273-4969, and (936) 537-9793.

18.     Plaintiff has previously been made aware of the discovery obligations set out in CMO 11 via telephone, e-mail and written correspondence.

19.     The instant action does not have a trial date.

20.     This Motion is being made pursuant to the United States District Court of Louisiana's Local Rules.  As attested to in the Affidavit, good cause for withdrawal of counsel exists.

WHEREFORE, the undersigned counsel respectively requests that this Court enter an Order withdrawing David P. Matthews and Wendy C. Elsey and Matthews & Associates as counsel of record in this matter.

Dated: <u>November 21, 2019</u>                              Respectfully submitted,


/s/ Wendy C. Elsey
DAVID P. MATTHEWS
Texas Bar No.: 13206200
WENDY C. ELSEY
Texas Bar No.: 24053186
Matthews & Associates
2905 Sackett St.
Houston, TX  77098
713.222.8080
713.535.7184 – facsimile
dmatthews@dpmlawfirm.com
welsey@dpmlawfirm.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2019, the foregoing document has been filed electronically using the Court's CM/ECF system which will serve all counsel of record.

I further certify, pursuant to Local Rule 83.2.11, that the foregoing document has been served on the Plaintiff and that Plaintiff has been notified of all deadlines and pending court appearances on November 21, 2019, via certified mail and e-mail, at the following last known address:

> David Miller
> Individually and as Representative of the Estate of Barbara Miller, Deceased
> 13006 Park Ave.
> Conroe, TX  77384
> band1@consolidated.net
> David.Miller@lonestar.edu

/s/Wendy C. Elsey
Wendy C. Elsey
