UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION : | MDL No. 2592 |
| : | |
| : | SECTION L |
| THIS DOCUMENT RELATES TO: : | |
| : | |
| *Nicole Nails Stone, Individually, and as the* : | JUDGE ELDON E. FALLON |
| *Executrix of the Estate of Raymond Fulton Nails* : | MAGISTRATE JUDGE NORTH |
| Civil Action No. 2:17-cv-05372 : | |

**DEFENDANTS' JOINT BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO
RE-OPEN AND REINSTATE HER CASE**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants") respectfully submit this joint brief in opposition to Plaintiff's Motion to Re-Open and Reinstate, which would be more properly styled as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60.  (R. Doc. 17450.)  The Motion incorrectly states that the parties conferred regarding the motion and that Defendants do not object.  There was no meet and confer, and Defendants oppose the motion.

Plaintiff has not even asserted, let alone established, a valid basis under Rule 60 for relief from the judgment entered by the Court dismissing the action with prejudice for failure to comply with orders of the Court.  Plaintiff has not complied with Case Management Order ("CMO") 12A. (R. Doc. 17359.)  Motions to reinstate cases or set aside judgment are properly denied where, as here, cases have been dismissed for failure to comply with a court's order.  *See C. Itoh & Co. (Am.), Inc. v. M/V Bright Star*, 825 F.2d 74, 77 (5th Cir. 1987) (court did not its abuse discretion in refusing to set aside default judgment dismissing a case as a result of a party's failure to comply

with a court order); *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 603-06 (5th Cir. 1986) (affirming denial of motion to reinstate case following dismissal for failure to comply with court's orders).

This is not the first time that Plaintiff has failed to comply with this Court's Orders. On August 8, 2019, Plaintiff was subject to an Order to Show Cause for failure to comply with CMO 10. (R. Doc. 14887.) Plaintiff was granted additional time to comply with CMO 10. Subsequently, Plaintiff failed to comply with CMO 12A and was subject to additional Orders to Show Cause, which ultimately led to the dismissal of her case.

CMO 12, entered on May 24, 2019, and CMO 12A, entered on August 8, 2019, set forth the basic steps that Plaintiff had to take to comply with CMO 12A: (a) sign a Notice of Intent to Proceed if Plaintiff preferred to litigate her claims rather than participate in the settlement or was not eligible for settlement; (b) sign an Enrollment Form evincing participation in the settlement; or (c) authorize her counsel to dismiss the action with prejudice if Plaintiff choose neither to litigate nor to participate in the settlement. (R. Doc. 13608; R. Doc. 14877.) CMO 12 and CMO 12A also required that "[t]he Notice of Intent to Proceed must be signed by the Plaintiff." (R. Doc. 12608; R. Doc. 14887.)

On May 24, 2019, Plaintiff submitted a Notice of Intent to Proceed that was signed by counsel—not the Plaintiff—and that was dated May 29, 2019. (R. Doc. 17450 at 6.) Plaintiff also submitted a separate "expert report" to support her claims. This document is not dated, is not signed, and was purportedly prepared by a physician certified to practice medicine in India. (R. Doc. 17450 at 5.) These documents do not comply with CMO 12A, or with any of the Court's Orders. (*See* R. Doc. 12608.)

This Court issued four separate Orders notifying Plaintiff that she had not complied with CMO 12A. (R. Doc. 15416; R. Doc. 16218; R. Doc. 16868; and R. Doc. 17174). Each of these Orders required Plaintiff and her counsel to appear in person at a Show Cause Hearing or otherwise face dismissal with prejudice. *See id*. Plaintiff did not take any of the steps that would have brought her into compliance with CMO 12A. Moreover, even when granted the opportunity to appear before the Court in October 2019 and explain why Plaintiff failed to comply with CMO 12A, neither Plaintiff nor her counsel elected to appear or sought to be excused. Nor did Plaintiff take any of the steps that would have brought her into compliance with CMO 12A. Plaintiff does not argue that she was unaware of the requirement to appear and explain the non-compliance, nor could she make such a claim given the multiple notices she received. The Court therefore properly dismissed Plaintiff's case with prejudice for failure to comply with CMO 12A. (R. Doc. 17359.)

The proper administration of justice, and the functioning of MDLs in particular, requires that Court orders be enforced. When, as here, full due process is afforded and the plaintiff without cause nonetheless continues to violate the Court's rulings, the case must be dismissed if the Court's orders are to have any meaning. For the same reason, dismissals cannot be re-opened at will absent a valid reason permitted by the Rules. If dismissals for non-compliance were only temporary, and could be reversed whenever the plaintiff finally decided he or she felt like complying, no one would have an incentive to timely comply with the Court's rulings, and MDLs would descend into chaos.

Failure to comply with CMO 12A and a belated request to reinstate Plaintiff's case to litigate her claims undermines the purpose of the Order and interferes with the Court's ability to effectively manage the litigation. It would also prejudice the Defendants and the overwhelming number of Plaintiffs who elected to settle their claims, particularly at this late stage where the

parties are determining whether the plaintiffs' participation rates in the settlement program have been met, and the calculations are based on the number of cases currently active. Allowing plaintiffs to re-open dismissals would render the participation rate information meaningless, as it would always be subject to change.

For all of these reasons, Defendants respectfully request that Plaintiff's motion be denied.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/*Andrew Solow*
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

4

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    kmoore@irwinllc.com

*Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

*Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 27, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Kim E. Moore*
**Kim E. Moore**