UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) | MDL No. 2592 |
| | | SECTION: L |
| | | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | | MAG. JUDGE NORTH |

**PRETRIAL ORDER NO. 33**
**(Qualified Protective Order Regarding Transmission and Receipt of Personal Health Information by the Lien Resolution Administrator in the Xarelto Settlement Agreement)**

In order to facilitate the resolution of liens asserted against certain individuals enrolled in the Xarelto Settlement Program so that such liens will be resolved prior to the distribution of settlement proceeds, it is hereby ordered that:

Subject to the restrictions enumerated below and which aim to safeguard the privacy and confidentiality of Enrollees' protected health information ("PHI") pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), especially 42 C.F.R. § 431, Subpart F, as well as any other applicable privacy law:

A. ARCHER Systems, LLC, in its capacity as the Lien Resolution Administrator ("LRA") appointed by the XPCL, is permitted to transmit to single state agencies and private health plans identifying information (as enumerated in 1(a) below) of an Enrollee for the tailored purpose of the agency's / plan's verification of whether the Enrollee is a beneficiary of Medicaid or the private health plan; and

1

B.  The LRA is permitted to receive from single state agencies, other governmental programs, and private health plans Enrollees' PHI for the tailored purpose of the LRA's resolution of the agency's, program's or plan's interest in the distribution of settlement proceeds.

**Enumerated Restrictions to A. and B. above:**

1) This Order shall apply to all "protected health information" and "individually identifiable health information" as defined by 45 C.F.R. §160.03, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. §551a, HIPAA, Pub. L. 104192, 45 C.F.R. §431 Subpart F, titled "Safeguarding Information on Applicants and Recipients," and other applicable state law, and which was created, received, or collected from Medicaid and/or other governmental programs, single state agencies, or private health plans, including but not limited to:

   a) Names and address, date of birth, social security number, Medicaid and/or other governmental program identification number, and other demographic information that identifies, or could be used to identify an Enrollee;

   b) Eligibility and entitlement information Medicaid and/or other governmental program Enrollees;

   c) Claims information relating to the past, present or future healthcare of Medicaid and/or other governmental program-eligible Enrollees and/or Enrollees covered by private health plans;

   d) Claims information relating to the past, present or future payment for the provision of healthcare to Medicaid and/or other governmental program-eligible Enrollees and/or Enrollees covered under private health plans.

2) A single state agency, other governmental program, and private health plan may disclose to the LRA and the LRA is duly authorized to receive claim information and other PHI, in accordance with 45 C.F.R. §164.506(c)(4)(ii) "Uses and disclosure to carry out treatment, payment or healthcare operations" and any other applicable state law.

3) For the tailored purpose of resolving a lien or reimbursement claim of a Medicaid program, other governmental program or private health plan, any single state agency, other governmental program, and private health plan is hereby authorized and directed to transmit to the LRA the PHI and claim information for those Enrollees against whom the agency, program or plan asserts a lien or reimbursement claim.

4) For the tailored purpose of advancing the resolution of the interest of a Medicaid program, other governmental program or private health plan, the LRA may give a list of Enrollees to that single state agency or private health plan, determined to be a potential lien holder of a listed Enrollee ("the list"). Such list may contain only that PHI of the listed Enrollee necessary to resolve whether the agency or plan is a lien holder.

5) The LRA shall not use or disclose any of the Enrollees' PHI or other health information that may personally identify an Enrollee and which is subject to this Order for any purpose other than the performance of its duties as lien administrator for the settlement program.

6) No single state agency, other governmental program or private health plan shall use the list(s) of item (4) above for any purpose other than for the specific purposes identified in this Order. Such agency, program, or plan shall disclose the list(s) to those within its organization on a need-to-know basis only for the specific purposes identified in this Order. If such agency, program, or plan must disclose the list(s) and Enrollee PHI to a third party

to execute resolution of its lien interests, that third party shall be expressly bound by all terms and restrictions of this Order.

7) The LRA shall maintain in a secure and safe area each Enrollees' PHI or other health information that may personally identify an Enrollee and which is subject to this Order. With respect to the storage, custody, use, and dissemination of each Enrollees' PHI or other health information that may personally identify an Enrollee, the LRA shall exercise the standard of due and proper care required by HIPAA and other applicable privacy laws.

8) At the conclusion of the administration of the terms of the settlement agreement (including the distribution of all funds), the LRA shall certify that, for each Enrollees' PHI or other health information that may personally identify an Enrollee which the LRA has maintained under (7) above, all such information, including copies in any format whatsoever, has been destroyed.

**IT IS SO ORDERED.**

New Orleans, Louisiana, this 5th day of December, 2019.

_____
HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE