UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : : : : : : | MDL No. 2592<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br>MAGISTRATE JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

# [DRAFT] CASE MANAGEMENT ORDER NO. 13

This Order shall govern the initial discovery for the Plaintiffs who have not opted to participate in the Xarelto Settlement Program.

1. With respect to Plaintiffs alleged not to be in compliance with Case Management Order (CMO) 11:

    a. On or before January 15, 2020, Defendants will provide the Court with an initial list of Plaintiffs who are alleged not to be in compliance with the requirements of CMO 11 after Defendant's service of a deficiency notice and Plaintiff's failure to cure within 30 days of the notice. The Court will set a hearing for February __, 2020 requiring the identified Plaintiffs who are alleged by Defendants to be non-compliant with CMO 11 requirements to show cause why their actions should not be dismissed with prejudice.

    b. On or before February 15, 2020, and on a rolling basis thereafter, Defendants will provide the Court with additional list(s) of Plaintiffs who are alleged not to be in compliance with the requirements of CMO 11 after Defendant's service of a deficiency notice and Plaintiff's failure to cure within 30 days of the notice. A hearing will be held on March ___,

2020, and on a rolling basis thereafter, for additional Plaintiffs alleged to be non-compliant with CMO 11 requirements to show cause why their actions should not be dismissed with prejudice.

    2.    With respect to Plaintiffs who are determined to be in compliance with CMO 11:

        a.    Following the March __ 2020 hearing, Defendants will provide the Court with a list of Plaintiffs who have fully complied with CMO 11.  If any omitted Plaintiff believes he or she should have been included on the list, the parties shall meet and confer, and if the parties are unable to agree, the Court will resolve the dispute.  Any Plaintiff listed by Defendants or who is determined by the Court to be in compliance with CMO 11 shall be deemed to have received notification of CMO 11 compliance.

        b.    Following notification of CMO 11 compliance, at an appropriate time to be determined, the Court will hold a status conference in each case to schedule further proceedings, including amount of time to complete fact and expert discovery and the time for consideration of dispositive motions.  The Court also will entertain suggestions concerning the appropriate time to transfer cases not properly venued in this district to the proper venue pursuant to PTO 9 Section II.

        c.    Following notification of CMO 11 compliance, the parties may take the depositions in each case of Plaintiff or Plaintiff representative, Plaintiff's spouse (if a loss of consortium claim is asserted), Plaintiff's prescribing physician(s), and Plaintiff's treating physician(s).  The deadline for completing depositions will be determined at the status conference referenced in paragraph 2(b).

        d.    Pretrial Order ("PTO") 28 as modified in CMO 6 regarding *ex parte* physician communications is incorporated here to require joint scheduling of physician depositions, i.e., both parties will contact physician's office together for purpose of scheduling a date for deposition.  Unilateral contact by Defendants' counsel remains prohibited.  Unilateral

contact by Plaintiffs' counsel remains permissible. PTO 28's record-keeping and disclosure provisions are extended to the cases of all Plaintiffs who have not opted to participate in the Xarelto Settlement Program. All parties' prior objections to PTO 28 are expressly preserved.

    NEW ORLEANS, LOUISIANA this __day of _____, 2019.

                                                _____
                                                Hon. Eldon E. Fallon
                                                United States District Judge