UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| | * | SECTION L |
| THIS DOCUMENT RELATES TO ALL CASES | * * * | JUDGE ELDON E. FALLON |
| | * * | MAG. JUDGE NORTH |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT REPORT NO. 42 OF PLAINTIFFS'
AND DEFENDANTS' LIAISON COUNSEL**

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") respectfully submit this Joint Report No. 42. All Pre-Trial Orders are posted on the Court's website located at www.laed.uscourts.gov/Xarelto. The Court's website also includes other postings relevant to the litigation.

1.  **SETTLEMENT**

On May 6, 2019, the Plaintiffs' Leadership and Defendants entered into a Master Settlement Agreement for resolution of Xarelto product liability claims covered by the agreement. The Master Settlement Agreement establishes the deadline for Plaintiffs to enroll in the Settlement Program on or before August 5, 2019. The August 5, 2019 deadline date was extended once, allowing for enrollment no later than September 4, 2019. Additional information regarding the Master Settlement Agreement will be available on the BrownGreer MDL Centrality website.

2.  **NEXT STEPS IN LITIGATION**

On November 1, 2019, the Court issued a Minute Entry [Rec. Doc. 17430] strongly suggesting that all Counsel who have opted clients out of the Settlement attend the November 7, 2019 status conference, either in-person or via conference call, as the next steps in the litigation

will be discussed. The conference included a review of the case management orders applicable to non-settled cases, the discovery obligations, and deadlines set forth in those orders, as set forth in Section 4 below. The parties and the Court addressed and reviewed the procedures for monitoring and enforcing compliance with those orders.

On November 14, 2019, the Court issued an Order [Rec. Doc. 17444] directing Counsel representing plaintiffs who have elected not to enroll in the parties' proposed national settlement to appear in person as set forth in the Order. Counsel must be prepared to discuss their clients' compliance with CMO 11 and a schedule for addressing both non-compliant and compliant plaintiffs. Further, plaintiffs represented by Michael Love & Associates, LLC have filed, under seal, an Objection to Certain Punitive Terms Contained in the Proposed "Private Settlement," which will be heard with oral argument following the December 12, 2019 status conference. On December 6, 2019, the Plaintiffs' Steering Committee filed its Response to Certain Movants' Objections and Requests Concerning the Master Settlement Agreement under seal [Rec. Doc. 17496]. Also on December 6, 2019, Defendants filed their Opposition to Movants' Objections to Settlement Agreement [Rec. Doc. 17502].

**3.    PRE-TRIAL ORDERS**

On December 6, 2019, the Court issued Pre-Trial Order No. 33 (Protective Order Regarding Transmission and Receipt of Personal Health Information by the Lien Resolutions Administrator) [Rec. Doc. 17495].

**4.    CASE MANAGEMENT ORDERS:**

**A.    CMOs 9 and 9A**

On March 25, 2019, the Court issued Case Management Order No. 9 (Stay of Proceedings) [Rec. Doc. 12900], and on August 8, 2019, the Court issued Case Management Order No. 9A [Rec.

Doc. 14875]. CMO 9A listed the orders that must be complied with by the parties and are not subject to the stay set forth in CMO 9, which are: CMO 10 [Rec. Doc. 12901, entered March 25, 2019], CMO 11 [Rec. Doc. 12902, entered March 25, 2019], CMO 11A [Rec. Doc. 14876, entered August 8, 2019], CMO 12A [Rec. Doc. 14877, entered August 8, 2019], and PTO 32A [Rec. Doc. 14878, entered August 8, 2019]. CMO 12 B [Rec. Doc. 15257, entered August 29, 2019] is also not subject to the stay set forth in CMO 9.

  **B.**   **CMOs 10 and 10A**

On March 25, 2019, the Court issued Case Management Order No. 10 (Registration) [Rec. Doc. 12901] and 10(A) (Registration Forms) [Rec. Doc. 12905]. Section 2C of CMO 10 requires that all specific supplemental registration information was to be submitted by June 8, 2019. Registration on the BrownGreer MDL Centrality website is required of all plaintiffs and not just plaintiffs who decide to enroll in the settlement program. Failure to timely provide the registration information may result in dismissal of the action with prejudice.

  **C.**   **CMOs 11 and 11A**

On March 25, 2019, the Court issued Case Management Order No. 11, a Docket Control Order ("CMO 11") [Rec. Doc. 12902]. CMO 11 sets forth the obligations of plaintiffs who do not participate in the settlement program and plaintiffs who are not eligible to enroll in the settlement program. The deadlines set forth in CMO 11 for some plaintiffs for some activities are a specified number of days from "the conclusion of the Settlement Program enrollment period," which is defined as September 4, 2019 in CMO 11(A) [Rec. Doc. 14876].

Plaintiffs are advised that failure to comply with the requirements of CMO 11 may result in appropriate sanctions as outlined in CMO 11, including the dismissal of their cases with prejudice. Plaintiffs who are not participating in the settlement program are advised to consult

CMO 11 and CMO 11(A) to identify their deadlines for the following events required by CMO 11:

1. **By September 18, 2019**, all plaintiffs who have not enrolled in the settlement program were required to pay any unpaid MDL filing fees. *See* CMO 11 ¶ I.B.i.

2. **By November 4, 2019 or 30 days after the case is docketed in the MDL, whichever is later**, plaintiffs who have not enrolled in the settlement program were required to serve a completed or an updated Short Form PFS and PPCF (both as defined in CMO 8). *See* CMO 11 ¶ I.B.i. Individual plaintiffs are advised to consult CMO 11 for your specific deadline.

3. **By October 4, 2019**, counsel for plaintiffs who have not enrolled in the settlement program and who filed a lawsuit on or before March 11, 2019 were required to fulfill the Preservation Notice Requirements of CMO 11. *See* CMO 11 ¶ II. For plaintiffs who have not enrolled in the settlement program and who filed a lawsuit after March 11, 2019, the deadline to fulfill the Preservation Notice Requirements will be forty-five (45) days from the date that Defendants transmit CMO 11 to counsel for these plaintiffs. The Preservation Notice Requirements of CMO 11 include notifying the following individuals or entities, by registered mail, that they may have records relevant to the claim of the plaintiff and that any records relating to the plaintiff must be preserved, pending collection by the plaintiff:

    a. All Pharmacies that dispensed any medications to the Plaintiff for the period from January 1, 2012 to the present;

    b. All Physicians, Medical Facilities, other Healthcare Providers and/or other persons ("Other Providers") who Plaintiff claims provided samples of Xarelto to the Plaintiff;

   c. All Physicians Medical Facilities and/or other Healthcare Providers who prescribed Xarelto for the Plaintiff; and

   d. All Physicians and/or other Healthcare Providers who treated Plaintiff for the period from January 1, 2012 to the present.

Individual plaintiffs are advised to consult CMO 11 for your specific deadline for the preservation notice requirement.

  4. **By October 9, 2019**, counsel for plaintiffs who have not enrolled in the settlement program and who filed a lawsuit on or before March 11, 2019 were required to serve a statement listing the names and addresses of all individuals or entities to which the Preservation Notices referenced in Paragraph 4 above were sent, along with copies of the Notices and a representation that the Notices were sent as required by CMO 11.  *See* CMO 11 ¶ II.B.  For plaintiffs who have not enrolled in the settlement program and who filed a lawsuit after March 11, 2019, the deadline to fulfill this requirement will be fifty (50) days from the date that Defendants transmit CMO 11 to counsel for these plaintiffs.  Individual plaintiffs are advised to consult CMO 11 for your specific deadline for the preservation notice requirement.

  5. **By October 21, 2019**, plaintiffs who have not enrolled in the settlement program and who filed a lawsuit on or before March 11, 2019 were required to produce an affidavit to Defendants attesting to the following facts:  (i) all records have been collected from all pharmacies that dispensed drugs to, or for, the plaintiff and have been produced; (ii) all medical records and reports required to be produced pursuant to CMO 11 have been produced.  If any of these documents do not exist, the plaintiff shall state that fact in his or her affidavit and the reason, if known, why they do not exist and provide a "No Records Statement" from the pharmacy or healthcare provider.  For plaintiffs who have not enrolled in the settlement program

and who filed a lawsuit after March 11, 2019, the deadline to fulfill this requirement will be fifty-five (55) days from the date that Defendants transmit CMO 11 to counsel for these plaintiffs. Individual plaintiffs are advised to consult CMO 11 for your specific deadline for the preservation notice requirement.

      6.    **By January 2, 2020**, plaintiffs who have not enrolled in the settlement program and who filed a lawsuit on or before March 11, 2019 shall serve a case-specific Rule 26(a)(2) report from a licensed physician qualified to render a specific causation opinion and who offers a specific causation opinion to a reasonable degree of medical probability that the plaintiff's alleged injury or event was caused by taking Xarelto as directed, which opinion is based on a review of such plaintiff's medical records cotemporaneous to the prescription and use of Xarelto and any claimed Xarelto-related injury and which report shall attach the cotemporaneous medical records of that plaintiff. *See* CMO 11 ¶¶ I.B.v, B. For plaintiffs who have not enrolled in the settlement program and who filed a lawsuit after March 11, 2019, the deadline to fulfill this requirement will be the earlier of one hundred twenty (120) days of their case being docketed in the MDL or Defendants' transmission of CMO 11 to counsel for these plaintiffs. Individual plaintiffs are advised to consult CMO 11 for your specific deadline.

All of the documents required to be served by CMO 11 shall be served by submitting them to MDL Centrality.

During the December 12, 2019 status conference the parties will report to the Court on those plaintiffs who have failed to comply with their discovery obligations under CMO 11.

      **D.**    **CMOs 12, 12A, and 12B**

On May 24, 2019, the Court issued Case Management Order No. 12 regarding Enrollment Election Forms and Notices of Intent to Proceed. [Rec. Doc. 13608]. The Court entered Case

Management Order No. 12A (Superseding Order on Notice of Intent to Proceed) on August 8, 2019 [Rec. Doc. 14877] and CMO 12B (Proceedings to Enforce CMOs 12 and 12A) [Rec. Doc. 15257] on August 29, 2019.  Pursuant to CMO 12A, plaintiffs who are not eligible for the Xarelto settlement program or who do not intend to participate in the Xarelto settlement program were required to submit a Notice of Intent to Proceed signed by the plaintiff or his or her legal representative no later than August 19, 2019.  Also pursuant to CMO 12A, plaintiffs who are eligible for and intend to enroll in the Xarelto settlement program were required to submit a complete and fully executed Enrollment Election Form no later than September 4, 2019.  Plaintiffs were advised that failure to comply with the requirements of CMO 12A could result in a dismissal of the case with prejudice.

Pursuant to CMO 12B, on September 10, 2019, the parties provided the Court with a list of plaintiffs who were not proceeding in the Xarelto settlement program and failed to file a Notice of Intent to Proceed.  The Court held a Show Cause hearing on October 7, 2019, requiring the plaintiffs on this list, which was attached to the Show Cause Order, to demonstrate why their cases should not be dismissed with prejudice. [Rec. Doc. 17344].  Counsel for plaintiffs subject to the Show Cause Hearing were required to appear in person.  Telephone attendance by counsel was not permitted.  Plaintiffs (or their representative) subject to the Show Cause Hearing also were required to appear in person, subject to the limited exceptions set forth in CMO 12B.  Individual plaintiffs were advised to consult with CMO 12B to determine whether any of the limited exceptions set forth in CMO 12B might excuse their in person attendance from the show cause hearing. On October 15, 2019, the Court issued several Orders [Rec. Docs. 17357, 17358, 17359, 17360, & 17361] regarding its rulings at the October 7, 2019 Show Cause hearing and orders of dismissal,

7

with prejudice, in a number of cases were rendered from the Bench at the October 7, 2019 Show Cause hearing.

    **E.    CMO 13**

On December 6, 2019, Defendants' filed a Proposed Scheduling Order [Proposed CMO 13] Submitted in Compliance with Doc. No. 17444 [Rec. Doc. 17497].

**5.    COUNSEL CONTACT INFORMATION FORM**

All counsel in the MDL are required to complete the Counsel Contact Information Form attached to PTO No. 4A and forward it to the appropriate Liaison Counsel. This information must be kept current by counsel providing the information and will be relied upon throughout the litigation.

**6.    PLAINTIFF AND DEFENDANT FACT SHEETS**

As noted above, on March 25, 2019, the Court issued Case Management Order No. 9 (Stay of Proceedings) [Rec. Doc. 12900]; Case Management Order No. 10 (Registration) [Rec. Doc. 12901] and 10(A) (Registration Forms) [Rec. Doc. 12905; Case Management Order No. 11 (Docket Control Order) [Rec. Doc. 12902] and Case Management Order No. 11A (Supplemental Docket Control Order) [Rec. Doc. 14876]. Going forward there are new forms that must be completed; the Plaintiff Profile and Consent Form and Short Form Plaintiff Fact Sheet, which are attached to Case Management Order No. 8 [Rec. Doc. 12776]. Attention should be paid to these forms as completion of the "old" forms will no longer be accepted. The Plaintiff Profile and Consent Form and Short Form Plaintiff Fact Sheet shall be submitted via MDL Centrality at: https://www.mdlcentrality.com/mdl2592/. The documents and records that must be produced with these forms shall also be served via the MDL Centrality website.

7. **SERVICE OF PROCESS ON DEFENDANTS**

On August 8, 2019, the Court entered Pre-Trial Order No. 32A (Superseding Order on Service of Process on Defendants) [Rec. Doc. 14878], which vacated and superseded Pre-Trial Order No. 32 [Rec. Doc. 14268] regarding Service of Process on Defendants, which superseded the May 7, 2019 Order [Rec. Doc. 13472] and the June 14, 2019 Order [Rec. Doc. 13766]. For plaintiffs who are not enrolled in the settlement program, the extension of time to serve and Defendants' agreement not to move for failure to serve both expired on September 4, 2019. The parties will update the Court on plans to move to dismiss such unserved cases at the Conference.

8. **PRESERVATION ORDER**

On May 4, 2015, the Court issued Pre-Trial Order No. 15 [Rec. Doc. 897], a Consent Order Regarding the Preservation of Documents and Electronically Stored Information. Pre-Trial Order No. 15 modifies paragraph 13 of Pre-Trial Order No. 1 relating to preservation of evidence. Further, the Court issued Pre-Trial Order No. 15B on October 21, 2015 [Rec. Doc. 1477] regarding the obligation of all parties to preserve voicemail, instant messages sent or received on an instant messaging system, or text messages sent or received on a cellular phone, smartphone, tablet or other mobile device. Pre-Trial Order 15B vacated previously entered Pre-Trial Order 15A. [Rec. Doc. 1301]. On March 25, 2019, the Court issued Case Management Order 11 [Rec. Doc. 12902] which in Section II addresses the obligation of plaintiffs to preserve records relevant to their claims, and on August 8, 2019 issued Case Management Order 11A (Supplemental Docket Control Order) [Rec. Doc. 14876].

9. **ORDER GOVERNING THE PARTIES' INTERACTIONS WITH MDL PLAINTIFFS' PRESCRIBING AND TREATING PHYSICIANS**

On April 28, 2016, the Court entered Pre-Trial Order No. 28 [Rec. Doc. 3156] Regarding Contact with Physicians. On January 10, 2017, the Court entered Pre-Trial Order No. 28A [Rec.

9

Doc. 5018] regarding the parties' interactions with MDL Plaintiff's prescribing and treating physicians for the four bellwether cases through end of trial and regarding the maintaining of a record by Plaintiffs' counsel of their contacts *ex parte* with physicians for each of the other 36 discovery pool cases.

On February 27, 2018, the Court entered CMO No. 6, which modifies Pre-Trial Order No. 28 to require, for those Plaintiffs selected in Wave 1 and Wave 2, joint scheduling of physician depositions, i.e. both parties will contact physician's office together for purpose of scheduling a date for deposition. Pre-Trial Order No. 28's record-keeping and disclosure provisions are extended to all Wave 1 and Wave 2 selected cases. On September 13, 2018, the Court entered the Joint Stipulated Order Addressing Order of Examination for Certain Prescribing and Treating Physician Depositions Pursuant to Case Management Orders Nos. 6 and 6A. [Rec. Doc. 10882].

On October 9, 2018, the Court entered Pretrial Order 28B, addressing the application of Pretrial Orders 28 and 28A regarding ex parte physician communication and retention of experts to the cases selected pursuant to Case Management Order 6.

10. **BELLWETHER CASES**

The following bellwether trials took place in the MDL:

a. ***Joseph J. Boudreaux, Jr., et al. v. Janssen et al.,*** **Case No. 2:14-cv-02720**, which commenced in the Eastern District of Louisiana on April 24, 2017 and concluded on May 3, 2017, resulted in a verdict for the Defendants. Plaintiffs' Motion for New Trial was denied on September 20, 2017 (Rec. Doc. 7644). Plaintiffs' filed a Notice of Appeal on October 18, 2017 (Rec. Doc. 7830). A Notice of Conditional Cross Appeal was filed by the Defendants on November 1, 2017 (Rec. Doc. 7911).

b. ***Joseph Orr, Jr., et al. v. Janssen et al.,*** **Case No. 2:15-cv-03708**, which commenced in the Eastern District of Louisiana on May 30, 2017 and concluded on June 9, 2017, resulted in a verdict for the Defendants. Plaintiffs' Motion for New Trial was denied on September 20, 2017 (Rec. Doc. 7644). Plaintiffs' filed a Notice of Appeal on October 18, 2017 (Rec. Doc. 7829). A Notice of Conditional Cross Appeal was filed by the Defendants on November 1, 2017 (Rec. Doc. 7912).

    c. ***Mingo v. Janssen Research & Development, LLC, et al.*, Case No. 2:15-cv-03367**, which commenced in the Southern District of Mississippi on August 7, 2017 and concluded on August 18, 2017, resulted in a verdict for the Defendants. Plaintiff's Motion for New Trial was denied on December 14, 2017 (Rec. Doc. 8145). Plaintiff filed a Notice of Appeal on January 12, 2018 (Rec. Doc. 8307). A Notice of Conditional Cross Appeal was filed by the Defendants on January 26, 2018 (Rec. Doc.8502).

On March 14, 2018, the United States Court of Appeals for the Fifth Circuit issued a Briefing Notice. Appellants Cross-Appellees Joseph J. Boudreaux, Jr., Loretta Boudreaux, Kim Deagano, Joseph Orr, III, Joseph Orr, Jr., Kelli Walker and Dora Mingo filed their brief on April 23, 2018. Appellees Cross-Appellants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG, Janssen Research & Development LLC, and Janssen Pharmaceuticals, Inc. filed their brief on June 7, 2018. Appellants Cross-Appellees Joseph J. Boudreaux, Jr., Loretta Boudreaux, Kim Deagano, Joseph Orr, III, Joseph Orr, Jr., Kelli Walker and Dora Mingo's Reply briefing and Response to the contingent Cross-Appeal was initially due July 9, 2018 but they filed a Motion to Suspend Briefing pending the filing of supplements to the record, which was granted by the United States Fifth Circuit Court of Appeals on July 2, 2018. [Document: 00514537474]. The Fifth Circuit directed the parties to notify the court immediately upon completion of the record. On September 19, 2018, the United States Fifth Circuit Court of Appeals directed the parties to file a motion to supplement the record on appeal and include all documents purported to be missing from the record. [Document 00514647196]. The record was supplemented and on January 11, 2019, the Fifth Circuit Court of Appeals advised that briefing had resumed. Appellants/Cross-Appellees' response and reply briefs were filed on January 25, 2019. [Document: 514810489]. Appellees/Cross-Appellants' reply brief was filed on February 22, 2019. [Document: 514847298]. Briefing is now complete for these appeals. The parties have jointly requested the appeals to be stayed in light of the pending settlement. On July 17, 2019, the Fifth Circuit placed

the case in abeyance pending and directed the parties to file a joint status report every 30 days while the appeal remains abated. [Document: 515037601].

The following bellwether case was voluntarily dismissed with prejudice:

> *Henry v. Janssen Research & Development, LLC et al.*, **Case No. 2:15-cv-00224**, Order signed on November 2, 2017 (Rec. Doc. 7943).

## 11. STATE/FEDERAL COORDINATION

Plaintiffs have appealed the judgments in favor of Defendants in *Hartman v. Janssen Pharmaceuticals, Inc., et al.* (Case No. 160503416); *Russell et al. v. Janssen Pharmaceuticals, Inc., et al.* (Case No. 150500362); and *Cooney et al. v. Janssen Pharmaceuticals, Inc., et al.* (Case No. 160602012). All appeals have been stayed.

In accordance with Pre-Trial Orders No. 7 and 7A, as well as Case Management Order No. 1, PLC and DLC have had, and will continue to have, communications regarding the State Liaison Committee, as well as the status of coordination of MDL and state court actions. The parties will report to the Court on recent developments in state court cases.

Show cause hearings have been conducted in Philadelphia State Court cases and Philadelphia counsel will be prepared to discuss this further at the December 12, 2019 status conference.

## 12. NEXT STATUS CONFERENCE

The next monthly status conference will be set at the December 12, 2019 status conference.

## 13. SHOW CAUSE HEARINGS

On August 7, 2019, Defendants filed a Motion for Order to Show Cause Regarding Plaintiffs' Failure to Comply with the Supplemental Registration Requirements of Case Management Order No. 10 [Rec. Doc. 14808], which was heard on August 28, 2019 [Rec. Doc.

14887]. An additional Show Cause hearing on this Motion was held on September 12, 2019. [Rec. Doc. 15535].

Pursuant to CMO 12B, and as discussed in Section 3 of this Joint Report, on September 10, 2019, the parties provided the Court with a list of plaintiffs who have not complied with CMO 12B. The Court held a Show Cause hearing on October 7, 2019, requiring the plaintiffs on this list to demonstrate why their cases should not be dismissed with prejudice. [Rec. Doc. 17344]. On October 15, 2019, the Court issued several Orders [Rec. Docs. 17357, 17358, 17359, 17360, & 17361] regarding its rulings at the October 7, 2019 Show Cause hearing.

On November 25, 2019, the Court issued an Order to Show Cause Regarding Plaintiffs Who Have Failed to Comply With Case Management Order 12A [Rec. Doc. 17475] for December 12, 2019 at 10:30 a.m.

The Parties will update the Court on the status of the cases set for the show cause hearings and the need for any additional motion practice to enforce compliance with the Court Orders.

Dated:  December 9, 2019

Respectfully Submitted,

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
ldavis@hhklawfirm.com
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX: (504) 561-6024
**Co-Plaintiffs' Liaison Counsel**

/s/ Gerald E. Meunier
Gerald E. Meunier (Bar No. 9471)
gmeunier@gainsben.com
**GAINSBURGH BENJAMIN DAVID MEUNIER & WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
**Co-Plaintiffs' Liaison Counsel**

/s/ Kim E. Moore
Kim E. Moore (Bar No. 18653)
kmoore@irwinllc.com
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
PH:  (504) 310-2100
FAX:  (504) 310-2120
**Defendants' Liaison Counsel**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 9, 2019, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                          */s/ Leonard A. Davis*
                                          Leonard A. Davis