# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * | MDL NO. 2592 |
| | * | SECTION L |
| | * | JUDGE ELDON E. FALLON |
| | * | MAG. JUDGE NORTH |

**********************************************

**THIS DOCUMENT RELATES TO ALL CASES**

## PRE-TRIAL ORDER NO. 13
### (Plaintiff Fact Sheets and Authorizations)

In conjunction with Paragraph 4 of the Case Management Order No. 1 ("CMO No. 1"), this Order governs the form and schedule for service of Plaintiff Fact Sheets ("PFS") and executed Authorizations for the release of records to be completed by Plaintiffs in all individual cases that were: (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of December 12, 2015; (2) subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) originally filed in this Court or transferred or removed to this Court.

**PLAINTIFF FACT SHEETS**:

1. Plaintiffs shall each complete and serve upon Defendants a PFS and Authorization for Release of Records of all healthcare providers and other sources of information and records (*e.g.* pharmacies, employers, etc.) using MDL Centrality in the form set forth in PFS Attachment A. Those Plaintiffs shall also produce with their PFS all documents responsive to the document requests contained therein.

2. As outlined in Paragraph 4(a) of the CMO No. 1, a complete and verified PFS, signed

and dated Authorizations, and all responsive documents shall be submitted to the Defendants using MDL Centrality on the following schedule: within sixty (60) days from the date that each Plaintiff's case is filed, if filed directly in this Court; within sixty (60) days of the date the case is transferred to this Court, if filed elsewhere; or within sixty (60) days from entry of this Order, whichever is longer. The Authorizations are set forth in PFS Attachment B.

3. Plaintiffs who fail to provide complete and verified PFS, signed and dated Authorizations, and all responsive documents requested in the PFS within the time periods set forth hereinabove shall be given notice by e-mail from Defendants' Liaison Counsel ("DLC") and shall be given twenty (20) additional days to cure such deficiency. Failure to timely comply may result in a dismissal of Plaintiff's claim.

4. Authorizations shall be dated and signed. Defendants may use the authorizations for all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) identified in the PFS, without further notice to Plaintiff's counsel. DLC shall make records received pursuant to the Authorizations available to Plaintiffs' Liaison Counsel ("PLC") and Plaintiff's counsel at Plaintiff's request and at cost to Plaintiff.

5. If Defendants wish to use an authorization to obtain records from a source that is not identified in the PFS, Defendants shall provide the Plaintiff's counsel for that particular case with seven (7) days written notice (email) of the intent to use an authorization to obtain records from that source. If Plaintiff's counsel fails to object to the request within seven (7) days, Defendants may use the authorization to request the records from the source identified in the notice. If Plaintiff's counsel objects to the use of the authorization to obtain records from the source identified in the notice within said seven (7) day period,

Plaintiff's counsel and Defendants' counsel shall meet and confer in an attempt to resolve the objection. If counsel are unable to resolve the objection, Plaintiff shall file a motion for a protective order within fourteen (14) days of the Defendants' notice of intent to use the authorization.

6.  Plaintiffs' responses to the PFS shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

7.  Defendants' use of the PFS and Authorizations shall be without prejudice to Defendants' right to serve additional discovery.

New Orleans, Louisiana this 4th day of May, 2015.

_____
United States District Judge

Attachments

3

# PFS ATTACHMENT A

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE:  XARELTO PRODUCTS LIABILITY LITIGATION | Master File No.: _____<br><br>MDL No. 2592 |
| This Document Relates To:<br><br>MDL Case No. _____ | Plaintiff: _____ |

## PLAINTIFF'S FACT SHEET

This Fact Sheet must be completed by each plaintiff who has filed a lawsuit related to the use of Xarelto® by the plaintiff or a plaintiff's decedent.  Please answer every question to the best of your knowledge.   In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge.  If you cannot recall all of the details requested, please provide as much information as you can.  You must supplement your responses if you learn that they are incomplete or incorrect in any material respect.  For each question, where the space provided does not allow for a complete answer, please attach additional sheets so that all answers are complete.  When attaching additional sheets, clearly label what question your answer pertains to.

In filling out this form, please use the following definitions: (1) "**health care provider**" means any hospital, clinic, medical center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical, dietary, psychiatric, or psychological care or advice, and any pharmacy, weight loss center, x-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, nutritionist, dietician, or other persons or entities involved in the evaluation, diagnosis, care, and/or treatment of the plaintiff or plaintiff's decedent; (2) "**document**" means any writing or record of every type that is in your possession, including but not limited to written documents, documents in electronic format, cassettes, videotapes, photographs, charts, computer discs or tapes, and x-rays, drawings, graphs, phone-records, non-identical copies, and other data compilations from which information can be obtained and translated, if necessary, by the respondent through electronic devices into reasonably usable form.

Information provided by plaintiff will only be used for purposes related to this litigation and may be disclosed only as permitted by the protective order in this litigation.  This Fact Sheet is completed pursuant to the Federal Rules of Civil Procedure governing discovery (or, for state court case, the governing rules of civil of the state in which the case is pending).

1

## I.     CORE CASE INFORMATION

A.     Please provide the following information for the civil action that you filed:

| Caption: | |
|---|---|
| Court and Docket No. | |
| Plaintiff's Attorney: | |

B.     Please provide the following information for the individual on whose behalf this action was filed:

| Name: | | Social Security Number : | |
|---|---|---|---|
| Address: | | Date of Birth: | |

C.     Please provide the following information regarding usage of Xarelto®.
       **YOU MUST ATTACH COPIES OF PRESCRIPTION AND/OR PHARMACY RECORDS DEMONSTRATING USE OF XARELTO®:**

| Dates of Use: | | Dosage: | |
|---|---|---|---|
| Reason for Prescription: | | | |
| Name and Address of Prescribing Physician(s) | | | |
| Name and Address of Pharmac(ies): | | | |

D.     Please provide the following information regarding the event(s) you attribute to use of Xarelto®.
       **YOU MUST ATTACH MEDICAL RECORDS DEMONSTRATING ALLEGED INJURY:**

    1.     Please select the injury you allege in this lawsuit (check the one(s) that apply):

| | |
|---|---|
| Brain/Cerebral Hemorrhage | |
| Death | |
| Gastrointestinal Bleeding | |
| Heart Attack | |
| Kidney Bleeding | |
| Nosebleeds | |
| Rectal Bleeding | |
| Respiratory Failure | |
| Stroke (Hemorrhagic) | |
| Stroke (Ischemic) | |
| Vaginal or Uterine Bleeding | |
| Unspecified Internal Bleeding | |
| Other * | |

\* If you checked other, identify all injuries that you are claiming that are not listed in the above chart.

_____

For each event above, please specify:

| Date of Diagnosis: | | |
|---|---|---|
| Name and Address of Diagnosing Physician(s): | | |
| Hospitalized? | Y/N | Date(s) of Hospitalization(s): |
| Reason for Hospitalization(s): | | |
| Name and Address of Hospital(s) and Medical Provider(s): | | |

E.     If you are completing this questionnaire in a representative capacity (_e.g._, on behalf of the estate of a deceased person), please complete the following:

| Name: | |
|---|---|
| Address: | |
| Capacity in which you are representing the individual: | |
| If you were appointed as a representative by a court, state the State, Court and Case Number: | |
| Relationship to the Represented Person: | |
| State the date and place of death of the decedent (if applicable) | |

> If you are completing this questionnaire in a representative capacity, please respond to the remaining questions with respect to the person whose medical treatment involved the use of Xarelto. Those questions using the term "You" refer to the person whose treatment involved the use of Xarelto. If the individual is deceased, please respond as of the time immediately prior to his or her death unless a different time period is specified.

## II.    PERSONAL INFORMATION

A.    Background Information

    1.    Name: _____

    2.    Maiden or other names you have used or by which you have been known: _____

        _____

    3.    Medicare Health Insurance Claim Number (if applicable): _____

    4.    Place of Birth: _____

    5.    Sex:    Male: _____    Female: _____

6. Identify each address at which you have resided during the last ten (10) years and the approximate dates during which you lived at each address (most recent first):

| Street Address | City, State, Zip | Dates Resided | |
|---|---|---|---|
| | | From | To |
| | | | |
| | | | |
| | | | |

B. <u>Family Information</u>

1. Have you ever been married? Yes: _____ No: _____

   *If yes*, for each marriage in the last five years, state the spouse's name, the date of marriage, the date the marriage ended, the nature of termination (*e.g.*, death, divorce, etc.), and that spouse's present address:

| Spouse's Name | Date of Marriage | Date Marriage Ended | Nature of Termination | Spouse's Present Address (if known) |
|---|---|---|---|---|
| | | | | |
| | | | | |

2. Has your spouse filed a loss of consortium or other claim in this lawsuit?
   Yes ☐ No ☐

3. If you have children, please identify each child's name, address, and date of birth:

| Child's Name | Address | Date of Birth |
|---|---|---|
| | | |
| | | |
| | | |

C. <u>Educational History:</u> Identify each high school, vocational school, college, university or other post-secondary educational institution you attended, the institution's address, the dates of attendance, and the diplomas or degrees awarded:

| Name of School | Address and Telephone Number (if known) | Dates of Attendance | Diploma/Degree Awarded |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

4

D. <u>Employment History</u>

Whether or not you are making a lost wage claim, please respond to all questions in this section except as noted:

1. Are you currently employed?  Yes ☐  No ☐

   *If yes*, identify your current employer with name, address and telephone number and your position there: _____

   _____

2. Are you making a claim for lost wages or lost earning capacity? Yes ☐  No ☐

3. Only if you are asserting a wage loss claim:  Please provide the address for each employer identified above and state the following for the last seven (7) years:

| Name of Employer | Employer Address, City, ST, Zip | Year | Annual Gross Income |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

4. Have you ever been out of work for more than thirty (30) days for reasons related to your health in the last seven (7) years ?  Yes: _____  No: _____

   *If yes*, please state the dates, employer, and health condition:

   _____

E. <u>Worker's Compensation and Disability Claims:</u> Within the last 10 years, have you ever filed for workers' compensation, social security, and/or state or federal disability benefits?  Yes ☐  No ☐

If Yes, then as to each application, separately state the following:

| Year Claim was Filed | Company and/or Court where claim was filed | Nature of claimed injury | Period of disability | Amount Award |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

F. <u>Military Service</u>

1. Have you ever served in any branch of the military?  Yes ☐  No ☐

   *If yes*, Branch and dates of service:

   _____

*If yes*, were you discharged for any reason relating to your health (whether physical, psychiatric, or other health condition)? Yes ☐ No ☐

If yes, state the condition:

_____

G.  <u>Life Insurance</u>:  Within the last 7 years, have you ever been denied life insurance? Yes ☐ No ☐

*If yes*, please state when, the name of the life insurance company, and the company's stated reason for denial (if any):

_____

_____

H.  <u>Other Lawsuits</u>:  Within the last ten (10) years, have you filed a lawsuit, relating to any bodily injury, or made a claim, *other than* in the present suit?    Yes ☐ No ☐

*If yes*, state:

Nature of the case:_____

Where was it filed?_____

Attorney name:_____

I.  <u>Prior Convictions</u>:  Have you ever been convicted of, or pled guilty (or no contest) to, a felony and/or a crime involving an act of dishonesty or providing a false statement within the last ten (10) years?    Yes ☐ No ☐

*If yes*, please provide the following: (Charge to which you plead guilty or were convicted

of: _____

Court where action was pending:_____

J.  <u>Computer Use</u>:  Apart from communications to or from your attorney, have you communicated via email, visited any chat rooms, or publicly posted a comment, message or blog entry on a public internet site regarding your experience with or injuries you attribute to Xarelto, other New Oral Anticoagulants, atrial fibrillation, or the risk of stroke or blood clots during the past five (5) years?  (You should include all postings on public social network sites including Twitter, Facebook, MySpace, LinkedIn, or "blogs" that address the topics above).

Yes: _____ No: _____ Do Not Recall: _____

If yes, please identify where and when you made such public posts and the substance of what was posted.

_____

K.  <u>Bankruptcy</u>:  In the last 5 years, have you filed for bankruptcy? Yes ☐ No ☐

6

## III.    CLAIM INFORMATION

A.    <u>Xarelto Use:</u>

1.  Relevant History

a.    Provide in the chart below the name(s) and address(es) of the health care provider(s) who prescribed or provided Xarelto:

| Name of health care provider(s) | Address, City, State and Zip |
|---|---|
|  |  |
|  |  |
|  |  |

b.    When were you first diagnosed with the condition for which you were prescribed Xarelto? _____

c.    Prior to taking Xarelto, how did you manage or treat this condition (describe - if applicable and cross-reference if answered in section VI. A.)?

_____

_____

d.    In the chart below, please identify all healthcare providers who treated you in connection with this condition:

| Name of health care provider(s) | Address, City, State and Zip |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

2.    Are you currently taking Xarelto?  Yes ☐  No ☐

3.    Provide below the name(s) and address(es) of the pharmacy(ies) or other store(s) or location(s) from which you obtained Xarelto:

| Name of Pharmacy or other Store/Location | Address, City, State and Zip |
|---|---|
|  |  |
|  |  |
|  |  |

4.     Have you ever received any samples of Xarelto? Yes ☐ No ☐ Do Not Recall ☐

*If yes*, please state the following:

Who Provided?_____

When?_____

5.     Were you ever given any written instructions, including any prescriptions, packaging, package inserts, literature, medication guides, or dosing instructions, regarding Xarelto?  Yes ☐   No ☐   Do Not Recall ☐

*If yes*, please describe the documents if you no longer have them. If you have the documents, please produce them:

_____
_____

6.     Were you given any oral instructions from a Healthcare Provider regarding your use of Xarelto? Yes ☐   No ☐   Do Not Recall ☐

*If yes*, please identify each Healthcare Provider who provided the oral instructions:

_____
_____

7.     Do you have in your possession, or does your attorney have, the packaging from the Xarelto you allege to have used? Yes ☐   No ☐

*If yes*, who currently has custody of the Xarelto packaging? _____
_____

8.     Have you ever seen any advertisements (*e.g.*, in magazines or television commercials) for Xarelto? Yes ☐   No ☐

*If yes*, identify the advertisement or commercial, and approximately when you saw the advertisement or commercial: _____
_____
_____

9.     Other than through your attorneys, have you had any communication, oral or written, with any of the Defendants or their representatives?

Yes ☐   No ☐ Do Not Recall ☐

*If yes*, please identify:

Date of Communication: _____ Method of Communication: _____

Name of Representative: _____

Substance of communication between you and any representative(s) of the Defendants: _____
_____

B.   1.   Identify the primary treating physician for the injuries you claim in this case with address and dates of treatment.

_____

_____

2.   Were you treated by any health care provider or at any hospital for this/these injury(ies) who is not identified in the Core Case Information section above? Yes ☐  No ☐

If "Yes", please provide the following information:

| Name of health care provider and Hospital | Address, City, State and Zip | Approx. date(s) of treatment |
|---|---|---|
| | | |
| | | |
| | | |

3.   At the time you experienced the event you attribute to your use of Xarelto®, were you undergoing treatment for any other medical conditions? If so, describe the condition, the treatment, and identify the healthcare providers treating you.

_____

_____

4.   At the time you experienced the event you attribute to your use of Xarelto® what other prescription and over the counter medications were you taking?

_____

_____

5.   Had you ever suffered the type of bodily injury(ies) before the date set forth in your answer to Question I(D)(1) above?  Yes ☐   No ☐

a.   *If yes*, state the date and healthcare provider that diagnosed the condition at the time: _____

_____

b.   Do you claim that Xarelto worsened a previously existing injury/condition? Yes ☐   No ☐

*If yes*, set forth the injury/condition, whether or not you had already recovered from that injury/condition before you first used Xarelto, and, if so, the date you recovered from the injury/condition:

_____

_____

C.   Do you claim that your use of Xarelto caused or aggravated any psychiatric and/or psychological condition(s) for which treatment was sought and for which damages are being sought in this lawsuit? Yes ☐   No ☐

If "Yes", please state the following as it pertains to your treatment of any psychiatric and/or psychological condition(s) in the last ten (10) years:

| Name of psychiatrist, psychologist or other mental health care provider | Address, City, State, Zip, Telephone Number | Reason for Treatment | Approx Dates/Years of Treatment/Visits |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

D.   <u>Medical Expenses:</u> If known, please list all of your medical expenses, including amounts billed or paid by insurers and other third-party payors, which are related to any condition which you claim was caused by Xarelto for which you seek recovery in the action which you have filed.

| Provider | Date | Expense |
|---|---|---|
| | | |
| | | |
| | | |

E.   <u>Lost Wages:</u>  If you are making a claim that you lost wages or suffered impairment of earning capacity, state the annual gross income you derived from your employment for each of the five (5) years prior to the injury or condition you claim was caused by Xarelto.

| Year | Annual gross income |
|---|---|
| | |
| | |
| | |
| | |
| | |

10

State the annual gross income for every year following the injury or condition you claim was caused by Xarelto

| Year | Annual gross income |
|------|--------------------|
|      |                    |
|      |                    |
|      |                    |
|      |                    |

F.   Have you had any discussions with any doctor or other healthcare provider about whether Xarelto caused or contributed to your injury?   Yes: ☐  No: ☐  Do Not Recall: ☐

*If yes*, please identify:

Name of health care provider: _____

Address: _____

Date of discussion: _____

What were you told?  (Describe discussion regarding Xarelto):

_____

_____

[If discussed with more than one doctor, please answer for each doctor, using additional pages as necessary.]

## IV.   LIST OF HEALTHCARE PROVIDERS

A.   Healthcare Providers:  Identify each physician, doctor, or other health care provider who has provided treatment to you for any reason in the past twelve (12) years and the reason for consulting the health care provider or mental health care provider (attach additional sheets as necessary).

| Name | Address | Approximate Dates | Reason for Consultation, if known or recalled |
|------|---------|-------------------|----------------------------------------------|
|      |         |                   |                                              |
|      |         |                   |                                              |
|      |         |                   |                                              |
|      |         |                   |                                              |
|      |         |                   |                                              |
|      |         |                   |                                              |

11

B.    <u>Hospitals, Clinics, and Other Facilities:</u> Identify each hospital, clinic, surgery center, physical therapy or rehabilitation center, or other healthcare facility where you have received inpatient <u>or</u> outpatient treatment (including emergency room treatment) in the past twelve (12) years (attach additional sheets as necessary):

| Name | Address | Approximate Dates | Reason for Treatment, if known or recalled |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

C.    <u>Laboratories</u>: Identify each laboratory at which your blood was tested in the past ten (10) years:

| Name | Address and Telephone Number | Approximate Date Taken | Reason, if known or recalled |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D.    <u>Pharmacies:</u> Identify each pharmacy, drugstore, and/or other supplier (including mail order) where you have had prescriptions filled or from which you have ever received any prescription medication in the past ten (10) years (attach additional sheets as necessary):

| Name of Pharmacy | Address of Pharmacy | Approximate Dates |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

E.    <u>Insurance Carriers:</u> Identify each health insurance carrier which provided you with medical coverage and/or pharmacy benefits for the last ten (10) years, the named insured, the named insured's social security number, and the policy number (attach additional sheets as necessary)

| Carrier | Address | Name of Insured & SSN (if not Xarelto user) | Policy Number | Approximate Dates of Coverage |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## V.  **MEDICAL BACKGROUND**

A.   Height and weight at the time of your claimed injury: Height: _____ Weight: _____

B.   Tobacco Use History:  For the ten (10) year period prior to your use of Xarelto up to the present, check the answer and fill in the blanks applicable to your history of tobacco use, including cigarettes, cigars, pipes, and/or chewing tobacco/snuff.

☐ I have never used tobacco

☐ I used tobacco in the ten-year period prior to my use of Xarelto

Types of Tobacco Used: ☐ Cigarettes ☐ Cigars ☐ Pipes ☐ Chewing tobacco/snuff

Approximate Amount used: on average _____ per day for _____ years

I currently use tobacco:  Yes ☐   No ☐

C.   Alcohol Use History:  For the ten (10) year period prior to your use of Xarelto up to the present, did you drink alcohol (beer, wine, etc.)?   Yes ☐  No ☐

*If "Yes", what was your approximate average alcohol consumption during that time?*

Drinks per week/monthly/year/other:_____

If other, describe:_____

D.   Marijuana and Illicit Drug Use

1.   Have you used marijuana or any illicit drug of any kind (*e.g.*, cocaine, ecstasy, heroin, methamphetamines, etc.) within the last ten (10) years before, or at any time after, your alleged injuries?

Yes: _____ No: _____   Don't Recall: _____

If yes, identify each substance and state when you first and last used it:

_____

2.   Did you use marijuana or any illegal drug while taking Xarelto? Yes ☐ No ☐

3.   Have you ever frequently used marijuana or an illegal drug?  Yes ☐ No ☐

E.   Within the five (5) days leading up to your injury, had you undergone any surgery? Yes ☐ No ☐

*If yes*, please explain: _____

_____

13

F.    Have you ever before experienced a blood clot?  Yes ☐ No ☐
      *If yes*, describe (1) the site of blood clot, (2) date of clot, and (3) the treatment received: _

_____

G.    Have you ever been diagnosed with a genetic coagulopathy?  Yes ☐ No ☐

      *If yes*, describe (1) the type of coagulopathy, (2) date diagnosed, (3) by whom diagnosed, and (4) how treated: _____

_____

H.    In the fifteen (15) years period prior to when you first took Xarelto, were you ever diagnosed or treated for any of the following conditions?  For each condition for which you answer yes, please provide the additional information requested below:

| Condition | Yes | No | Unknown/ Not sure |
|---|---|---|---|
| Anemia (or low blood count/low hematocrit) | | | |
| Adrenal insufficiency | | | |
| Amyloid angiopathy | | | |
| Atrial fibrillation | | | |
| Blood clots or thrombosis | | | |
| Bleeding/Clotting disorders (hemophilia, Von Willebrand's disease, others) | | | |
| Blood disorder or dyscrasia | | | |
| Blood transfusion | | | |
| Cancer of any type | | | |
| Cerebral or brain hemorrhage | | | |
| Cerebral aneurysm | | | |
| Congestive heart failure | | | |
| Crohn's Disease | | | |
| Cystitis | | | |
| Deep Vein Thrombosis (DVT) | | | |
| Diabetes | | | |
| Diverticulitis | | | |
| Gastrointestinal bleeding | | | |
| Gastrointestinal disease | | | |
| Heart attack or Myocardial Infarction (MI) | | | |

| Condition | Yes | No | Unknown/ Not sure |
|---|---|---|---|
| Hemorrhages (intestinal, vaginal, renal) | | | |
| Hypertension (High Blood Pressure) | | | |
| Hypotension (Low Blood Pressure) | | | |
| Inflammatory Bowel Disease or Irritable Bowel Syndrome | | | |
| Irregular heartbeat, arrhythmia, heart palpitations, tachycardia (rapid heartbeat), bradycardia (slow heartbeat) | | | |
| Kidney Problems (disease, infections, stones, protein in urine, etc.) | | | |
| Liver Disease (hepatitis B/C, cirrhosis, cysts, abnormal enzymes, etc.) | | | |
| Lupus | | | |
| Pulmonary Embolism / blood clot in lung | | | |
| Renal Insufficiency | | | |
| Stroke of any type (hemorrhagic, ischemic, etc.) | | | |
| Transient Ischemic Attack (TIA) | | | |
| Ulcerative Colitis | | | |
| Vascular disease of any type (including vascular malformation, vasculitis or peripheral vascular disease) | | | |

J.  For each condition for which you answered yes in the previous chart, please provide the information requested below (attach additional sheets as necessary)

| Condition | Treating Healthcare Provider or Facility | Address. City and State | Approx Date of Onset, if known |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

K.  Have you ever had any medical procedure performed in which a stent was used?

Yes ☐   No ☐   I do not recall or know: ☐

*If yes*: Type of Stent: _____     Approximate Date: _____

15

## VI.  ADDITIONAL MEDICATIONS

A.    For each anticoagulant listed below, identify if you have used it, the reason for use, the dates of use, adverse effects (if any), reason for discontinuation, and name of prescriber.

| Medication | Used? (Y/N) | Dates of Use | Dosage | Reason for Use | Adverse Effects (if any) | Reason for Discontinuation | Prescribing Physician |
|---|---|---|---|---|---|---|---|
| Coumadin (warfarin) | | | | | | | |
| Pradaxa | | | | | | | |
| Eliquis | | | | | | | |
| Savaysa | | | | | | | |
| Lovenox | | | | | | | |

B.    Do you currently take, or have you ever taken in the last ten (10) years, any of the following medications or supplements? (Generic name is followed by brand name):

| Name of Medication | Yes | No | Not Sure/ Unknown | Condition for which taken | Treating Physician | Name of dispensing pharmacy |
|---|---|---|---|---|---|---|
| Aggrenox (Aspirin and Extended Release Dipyridamole in Combination) | | | | | | |
| Amiodarone (Cordarone, Pacerone) | | | | | | |
| Anisindione (Miradon) | | | | | | |
| Aspirin once a day for more than two weeks | | | | | | |
| Cimetidine (Tagamet) | | | | | | |
| Dronaderone (Multaq) | | | | | | |
| Heparin | | | | | | |
| Mannitol | | | | | | |
| Non-Steroidal Anti-Inflammatory drugs (NSAIDs) regularly for more than four (4) weeks consecutively (including Ansaid, Pontsel, Toradol, Acular, Feldene, | | | | | | |

16

| Name of Medication | Yes | No | Not Sure/ Unknown | Condition for which taken | Treating Physician | Name of dispensing pharmacy |
|---|---|---|---|---|---|---|
| Naprosyn, Lodine) | | | | | | |
| Plavix (Clopidogrel) | | | | | | |
| Prasugrel (Effient) | | | | | | |
| St. John's Wort | | | | | | |

D.      Are there any prescription medications that you have taken on a regular basis in the seven (7) year period before you first took Xarelto?  For purposes of this question, "regular basis" mean that you were directed by a health care provider to take a medication for at least forty-five (45) consecutive days. Yes ☐   No ☐

If "Yes", please provide the following information for each prescription medication:

| Name of Prescription Medication Used on a Regular Basis | The health care provider(s) that Prescribed the medication | Approx. Dates/years taken |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## VII.    FACT WITNESSES

A.      Please identify all persons who you believe possess information concerning your alleged injury(ies) and current medical conditions, other than your health care providers, and state their name, address, and his/her/their relationship to you (attach additional sheets as necessary):

| Name | Address | Relationship to You |
|---|---|---|
| | | |
| | | |
| | | |

B.      If there are individuals who witnessed your injury as it occurred, other than your health care providers, and who are not listed in the chart directly above, please identify them here by name, address, and their relationship to you.

Name: _____

17

Address: _____ City: _____State: ____ Zip: _____

Relationship to You: _____

### VIII.   DECEASED INDIVIDUALS AND AUTOPSY INFORMATION

A.    Are you filling this out on behalf of an individual who is deceased?  Yes ☐   No ☐

If yes, please state the following from the Death Certificate of the individual, and attach a copy of the letter of administration.

(NOTE:  In lieu of the following, please attach a copy of the death certificate.)

Date of death: _____

Place of death: _____

Cause of death: _____

B.    Are you filling this out on behalf of an individual who is deceased and on whom an autopsy was performed?  Yes ☐   No ☐

If yes, please attach a copy of the autopsy report.

### IX.  DOCUMENT REQUESTS

Produce all documents in your possession, including writings on paper or in electronic form (if you have any of the following materials in your custody or possession, please indicate which documents you have and attach a copy of them to this PFS) and signed authorizations as requested herein:

1.  All non-privileged documents you reviewed that assisted you in the preparation of the answers to this Plaintiff Fact Sheet.  Yes ☐   No ☐

2.  A copy of all medical records and/or documents relating to the use of Xarelto and treatment for any disease, condition or symptom referred to in any of your responses to the questions above for the past twelve (12) years. Yes ☐   No ☐

3.  A copy of all prescription records and/or documents related to use of Xarelto. Yes ☐   No ☐

4.  All laboratory reports and results of blood tests performed on you.   Yes ☐   No ☐

5.  All documents reflecting your use of any prescription drug or medication in the past twelve (12) years, including documents sufficient to identify all anticoagulation medications that you have taken.   Yes ☐   No ☐

6.  If you have been the claimant or subject of any workers' compensation, social security or other disability proceeding within the last ten (10) years, all documents relating to such proceeding. Yes ☐   No ☐

18

7. All documents constituting, concerning or relating to product use instructions, product warnings, package inserts, pharmacy handouts or other materials distributed with or provided to you in connection with your use of Xarelto. Yes ☐ No ☐

8. Copies of advertisements or promotions for Xarelto and articles discussing Xarelto. Yes ☐ No ☐

9. Copies of the entire packaging, including the box and label for Xarelto (plaintiffs or their counsel must maintain the originals of the items requested in this subpart). Yes ☐ No ☐

10. All documents relating to your purchase of Xarelto including, but not limited to, receipts, prescriptions, prescription records, containers, labels, or records of purchase. Yes ☐ No ☐

11. All documents known to you and in your possession which mention Xarelto or any alleged health risks or hazards related to Xarelto in your possession at or before the time of the injury alleged in your Complaint, other than legal documents, documents provided by your attorney or documents obtained or created for the purpose of seeking legal advice or assistance. Yes ☐ No ☐

12. All documents in your possession or anyone acting on your behalf (not your lawyer) obtained directly or indirectly from any of the Defendants. Yes ☐ No ☐

13. All documents constituting any communications or correspondence between you and any representative of the Defendants. Yes ☐ No ☐

14. All photographs, drawing, journals, slides, videos, DVDs or any other media, including any "day in the life" videos, photographs, recordings or other media that you may utilize to demonstrate damages or relating to your alleged injury. Yes ☐ No ☐

15. Any and all documentation of Plaintiff's use of social media, Internet postings, or other electronic networking website (including, but not limited to, Facebook, MySpace, LinkedIn, Google Plus, Windows Live, YouTube, Twitter, Instagram, Pinterest, blogs, and Internet chat rooms/message boards) relating to Xarelto or any of your claims in this lawsuit. Yes ☐ No ☐

16. If you claim you have suffered a loss of earnings or earning capacity, your federal tax returns for each of the five (5) years preceding the injury you allege to be caused by Xarelto, and every year thereafter or W-2s for each of the five (5) years preceding the injury you allege to be caused by Xarelto, and every year thereafter. Yes ☐ No ☐

17. Copies of all documents you (and not your lawyer) obtained from any source related to Xarelto or to the alleged effects of using Xarelto. Yes ☐ No ☐

18. If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy or other health care providers. Yes ☐ No ☐

19

19. Copies of all records of any other expenses allegedly incurred as a result of the injuries alleged in the complaint.  Yes ☐   No ☐

20. Copies of any writings comprising or relating to any public statements made by you relating to this litigation in your possession. Yes ☐   No ☐

21. Copies of letters testamentary or letters of administration relating to your status as plaintiff (if applicable). Yes ☐   No ☐

22. Decedent's death certificate and autopsy report (if applicable). Yes ☐   No ☐

23. All bankruptcy petitions and orders of discharge (if applicable) for all bankruptcy claims made by you or your spouse since the date of your first ingestion of Xarelto. Yes ☐   No ☐

24. Signed authorizations in the forms attached hereto (where applicable).


# X.   DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, information and belief formed after due diligence and reasonable inquiry, that I have supplied all the documents requested in Part IX of this Plaintiff Fact Sheet, to the extent that such documents are in my possession or in the possession of my lawyers, and that I have supplied the Authorizations attached to this declaration.


_____          _____
Signature                                                    Date


79727246.2

20

# PFS ATTACHMENT B

### LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION
### Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03
### (Excluding Psychiatric, Psychological, and Mental Health Treatment Notes/Records)

TO:
Patient Name:
DOB:
SSN:

     I, _____, hereby authorize you to release and furnish to: Drinker Biddle & Reath LLP, Arnold & Porter LLP, Bradley Arant Boult Cummings LLP, and/or their duly assigned agents copies of the following records and/or information **from the time period of twelve (12) years prior to the date on which the authorization is signed**:

*    All medical records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians. Said medical records shall include all information regarding AIDS and HIV status.
*    All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.
*    All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
*    All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
*    All billing records including all statements, itemized bills, and insurance records.
* * **Notwithstanding the broad scope of the above disclosure requests, the undersigned does not authorize the disclosure of notes or records pertaining to psychiatric, psychological, or mental health treatment or diagnosis as such terms are defined by HIPAA, 45 CFR §164.501**.

1.  To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2.  I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV).

3.  I understand that I have the right to revoke this authorization at any time.  I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department.  I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.  Unless otherwise revoked, this authorization will expire in one year.

4.  I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization.  I need not sign his form in order to assure treatment.  I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524.  I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules.  If I have questions about disclosure of my health information, I can contact the releaser indicated above.

5.  A notarized signature is not required. CFR 164.508.  A copy of this authorization may be used in place of an original.

Print Name: _____ (plaintiff/representative)

Signature: _____ Date_____

## LIMITED AUTHORIZATION TO DISCLOSE EMPLOYMENT RECORDS AND INFORMATION
### (HIPAA COMPLIANT AUTHORIZATION FORM PURSUANT TO 45 CFR 164.508)

TO: _____
Name of Employer

_____
Address, City State and Zip Code

RE:   Employee Name: _____   AKA: _____

Date of Birth: _____   Social Security Number: _____

Address: _____

I authorize the <u>limited</u> disclosure of my employment records including medical information protected by HIPAA, 45 CFR 164.508, for the purpose of review and evaluation in connection with a legal claim.

**This authorization only authorizes release of records and/or information from the time period of seven (7) years prior to the date on which this authorization is signed.**  I expressly request that all entities identified above disclose full and complete records from the time period of seven (7) years prior to the date on which this authorization is signed, including the following:

This will authorize you to furnish copies of all applications for employment; resumes; records of all positions held; job descriptions of positions held; wage and income statements and/or compensation records; wage increases and decreases; evaluations, reviews and job performance summaries;  W-2s; employee health files, and correspondence and memoranda regarding the undersigned.

I authorize you to release the information to:

_____
Name (Records Requestor)

_____
Street Address                                    City                            State and Zip Code

I intend that this authorization shall be continuing in nature. If information responsive to this authorization is created, learned or discovered at any time in the future, either by you or another party, you must produce such information to the Records Requestor at that time.

I acknowledge the right to revoke this authorization by writing to you at the above referenced address. However, / understand that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions. Any facsimile, copy or photocopy of the authorization shall authorize you to release the records herein.

_____
Signature of Employee or Personal Representative       Date              Name of Employee or Personal Representative

_____
Description of Personal Representative's Authority to Sign for Employee (attach documents that show authority)

<u>**LIMITED AUTHORIZATION FOR**
**RELEASE OF WORKERS'**
**COMPENSATION RECORDS**</u>

To:  _____

Name

_____

Address

_____

City, State and Zip Code

     This will authorize you to furnish copies of any and all workers' compensation records of any sort **for any workers' compensation claims filed within the last ten (10) years**, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents, concerning:

_____

*Name of Claimant*

whose date of birth is _____ and whose social security number is

_____

     You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____

**Name of Representative**

<u>Records Requestor</u>_____

**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____

**Street Address**

_____

**City, State and Zip Code**

     This authorization only authorizes release of documents and records from the period of ten (10) years prior to the date on which this authorization is signed. This authorization does not authorize you to disclose anything other than documents and records to anyone.

80189232.1

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____        _____
                                      Claimant Signature
                                      *[NAME]*


Date: _____        _____
                                      Witness Signature

Page 2 of 2

80189232.1

## LIMITED AUTHORIZATION FOR RELEASE OF
## DISABILITY CLAIMS RECORDS

To: _____

Name

_____

Address

_____

City, State and Zip Code

     This will authorize you to furnish copies of any and all records of disability claims of any sort **for any disability claim(s) filed within the last ten (10) years**, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents, concerning:

_____

*Name of Claimant*

whose date of birth is _____and whose social security number is

_____

     You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____

**Name of Representative**

Records Requestor

**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____

**Street Address**

_____

**City, State and Zip Code**

     This authorization only authorizes release of documents and records from the period of ten (10) years prior to the date on which this authorization is signed. This authorization does not authorize you to disclose anything other than documents and records to anyone.

80189232.1

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____          _____
                                         Claimant/Guardian/Personal Representative
                                         Signature
                                         *[NAME]*


Date: _____          _____
                                         Witness Signature

## <u>LIMITED AUTHORIZATION FOR RELEASE OF</u>
## <u>HEALTH INSURANCE RECORDS</u>

To:   _____
Name

_____
Address

_____
City, State and Zip Code

This will authorize you to furnish copies of any and all insurance claims applications and benefits,  and all medical, health, hospital, physicians, nursing or allied health professional reports, records or notes, invoices and bills, in your possession that pertain to the named insured identified below.  **This authorization only authorizes release of Health Insurance records and/or information from the time period of ten (10) years prior to the date on which this authorization is signed.**

_____
*Name of Insured*

whose date of birth is _____and whose social security number is

_____

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____
**Name of Representative**

Records Requestor
**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____
**Street Address**

_____
**City, State and Zip Code**

This authorization only authorizes release of documents and records from the period of ten (10) years prior to the date on which this authorization is signed. This authorization does not authorize you to disclose anything other than documents and records to anyone.

This authorization is not valid unless the record requestor named above has executed the acknowledgement at the bottom of this authorization.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____         _____
                                        Insured
                                        *[NAME]*


Date: _____         _____
                                        Witness Signature

80189232.1

## <u>LIMITED AUTHORIZATION TO DISCLOSE PSYCHIATRIC,</u>
## <u>PSYCHOLOGICAL AND/OR MENTAL HEALTH TREATMENT NOTES/RECORDS</u>
### (Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)

TO:

Patient Name:

DOB:

SSN:

      I, _____, hereby authorize you to release and furnish to: Drinker Biddle & Reath LLP, Arnold & Porter Kaye Scholer LLP, Bradley Arant Boult Cummings LLP, and/or their duly assigned agents   copies of the following records and/or information **from the time period of ten (10) years prior to the date on which the authorization is signed:**

- All "psychotherapy notes", as such term is defined by the Health Insurance Portability and Accountability Act, 45 CFR §164.501. Under HIPAA, the term "psychotherapy notes" means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversations during a private counseling session or a group, joint or family counseling session and that are separated from the rest of the individual's record. This authorization does not authorize ex parte communication concerning same.

1. To my medical and/or mental health provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, mental health history, care, treatment, diagnosis, prognosis, information revealed by or in the medical or mental health records, or any other matter bearing on his or her medical, psychological, or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, mental health history, care, treatment, diagnosis, prognosis, information revealed by or in the medical or mental health records, or any other matter bearing on my medical, psychological, or physical condition at a deposition or trial.**

2. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in one year.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign his form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicated above.

5. A notarized signature is not required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name: _____ (plaintiff/representative)

Signature: _____ Date_____