# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION : | MDL No. 2592 |
| : | |
| : | SECTION L |
| THIS DOCUMENT RELATES TO: : | |
| : | |
| *All Cases Listed on Attached Exhibit A* : | JUDGE ELDON E. FALLON |
| : | MAGISTRATE JUDGE NORTH |
| : | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFFS' FAILURE TO SUBMIT FULLY COMPLETE AND VERIFIED DOCUMENTS AS REQUIRED BY CASE MANAGEMENT ORDER 11

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development LLC, Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants")[1] respectfully request that this Court issue an Order to Show Cause as to why the actions of the Plaintiffs listed on the attached Exhibit A should not be dismissed with prejudice for failure to submit a fully complete and verified Short Form Plaintiff Fact Sheet ("SFPFS") and a fully complete and verified Plaintiff Profile and Consent Form ("PPCF") and the documents and records requested by these forms, as required by Case Management Order ("CMO") 11.

This Court entered CMO 11 on March 25, 2019. *See* Rec. Doc. 12902. CMO 11 includes, *inter alia*, obligations for plaintiffs who chose not to participate in the Xarelto settlement program or are not eligible to participate in the Xarelto settlement program. The Plaintiffs listed in Exhibit A all signed Notices of Intent to Proceed stating that they chose to litigate their claims against Defendants and would not participate in the Xarelto settlement program. *See* Exhibit B. Because Plaintiffs chose to litigate their claims, they must timely comply with all of the requirements of

---

[1] Defendants file this motion to the extent they have been properly served and preserving all applicable service defenses.

the relevant Case Management Orders, including CMO 11.  *See* CMO 11.  Indeed, in the Notices of Intent to Proceed signed by each Plaintiff, Plaintiffs acknowledged that they must comply with CMO 11: **"I understand that my obligations going forward include complying with the Docket Control Order (CMO 11) and all of its requirements."**  *See* Exhibit B (emphasis added).

Pursuant to CMO 11, Plaintiffs are required to, *inter alia*:

1. Serve a fully complete and verified Short Form PFS and the documents and records required by the Short Form PFS, as defined by CMO 8.  *See* CMO 11 Section I(B)(i).

2. Serve a fully complete and verified PPCF and the documents and records required by the PPCF, as defined by CMO 8.  *See id.*

The Plaintiffs listed in the attached Exhibit A submitted a Short Form PFS and a PPCF, but they did not fully complete and verify both forms as required by CMO 8 and CMO 11.  As explained in Exhibit A, the forms submitted by the Plaintiffs were missing critical information, documents, or records required by CMO 8 and CMO 11, including information or records regarding Plaintiffs' use of Xarelto, alleged bleeding events, or relevant medical history.  Pursuant to CMO 11, Defendants' counsel sent Plaintiffs' counsel notice of each Plaintiff's failure to serve complete and verified forms and asked each Plaintiff to correct the deficiencies in their forms within 30 days of the notice.  *See* Exhibit A.  More than 30 days have passed since Defendants' counsel sent these notices to Plaintiffs' counsel, and Plaintiffs still have not served complete and verified versions of both the Short Form PFS and PPCF, as required by CMO 11.

Although the Plaintiffs explicitly acknowledged that they are obligated to comply with CMO 11, they have simply failed to comply with their obligations under the Order.  Without complete and verified Short Form PFS and PPCF as required by CMO 11, it is not possible for Defendants to proceed with discovery.  This warrants dismissal of Plaintiffs' cases with prejudice.

2

Therefore, the Plaintiffs listed on the attached Exhibit A should be ordered to show cause at **9:00 am CT on February 6, 2020**, before the Court as to why their cases should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/Andrew Solow*
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**DRINKER BIDDLE & REATH LLP**

By: */s/ Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@dbr.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
　　Kim E. Moore
　　400 Poydras Street
　　Suite 2700
　　New Orleans, LA 70130
　　Telephone: (504) 310-2100
　　Facsimile:  (504) 310-2120
　　kmoore@irwinllc.com

　　*Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
　　John F. Olinde
　　1100 Poydras Street
　　Suite 2300
　　New Orleans, LA 70163
　　Telephone: (504) 585-7241
　　Facsimile: (504) 544-6084
　　olinde@chaffe.com

　　*Defendants' Co-Liaison Counsel*


## CERTIFICATE OF SERVICE

　　The undersigned hereby certifies that on January 15, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

　　　　　　　*/s/ Kim E. Moore*
　　　　　　**Kim E. Moore**