```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

*****************************************************************
IN RE:   XARELTO (RIVAROXABAN)
PRODUCTS LIABILITY LITIGATION

                         Civil Action No. 14-MD-2592
                         Section "L"
                         New Orleans, Louisiana
                         December 12, 2019

THIS DOCUMENT RELATES TO VARIOUS CASES
*****************************************************************

      TRANSCRIPT OF MOTION HEARING IN RE:  RECORD DOC 17450
         HEARD BEFORE THE HONORABLE ELDON E. FALLON
                 UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFFS' LIAISON COUNSEL:

                    LEONARD DAVIS
                    HERMAN HERMAN & KATZ
                    820 O'KEEFE AVENUE
                    NEW ORLEANS, LA 70113

                    GERALD E. MEUNIER
                    GAINSBURGH BENJAMIN DAVID AND WAUSHER
                    2800 ENERGY CENTRE
                    1100 POYDRAS STREET
                    NEW ORLEANS, LA 70163

FOR THE PLAINTIFFS:

                    ANTHONY BIRCHFIELD, JR.
                    BEASLEY ALLEN CROW METHVIN PORTIS & MILES
                    POST OFFICE BOX 4160
                    MONTGOMERY, AL 36103

                    DAWN BARRIOS
                    BARRIOS KINGSDORF & CASTEIX
                    701 POYDRAS STREET
                    SUITE 3650
                    NEW ORLEANS, LA 70139

```
FOR THE DEFENDANTS' LIAISON COUNSEL:

                    JAMES B. IRWIN
                    IRWIN FRITCHIE URQUHART & MOORE
                    TEXACO CENTER
                    400 POYDRAS STREET
                    SUITE 2700
                    NEW ORLEANS, LA 70130

FOR THE DEFENDANTS:

                    JOHN F. OLINDE
                    CHAFFE MCCALL
                    1100 POYDRAS STREET
                    NEW ORLEANS, LA 70163

                    SUSAN M. SHARKO
                    DRINKER BIDDLE & REATH
                    600 CAMPUS DRIVE
                    FLORHAM PARK, NJ 07932

                    CHANDA MILLER
                    DRINKER BIDDLE & REATH
                    1 LOGAN SQUARE
                    PHILADELPHIA, PA 19103

                    STEVEN JAY GLICKSTEIN
                    ARNOLD & PORTER KAYE SCHOLER
                    250 WEST 55TH STREET
                    NEW YORK, NY 10019

ALSO PRESENT:       MIKE LOVE
                    BENJAMIN MCCORKLE
                    CLINT MCGUIRE
                    DON MEDLEY
                    TOM SMITH
                    JULIE RAPHAEL
                    KEN STERN
                    TIM FARRIS

Official Court Reporter:    Nichelle N. Drake, RPR, CRR
                            500 Poydras Street, B-275
                            New Orleans, Louisiana 70130
                            (504) 589-7775

    Proceedings recorded by mechanical stenography,
transcript produced via computer.
```

```
                            P R O C E E D I N G S
                          (Call to order of the court.)
11:45:47AM    MS. MILLER:  And I believe there was one other motion --
11:45:47AM    THE COURT:  You have one other motion --
11:45:49AM    MS. MILLER:  -- that had been filed on behalf of
11:45:53AM  plaintiff Nicole Nail Stone.
11:45:59AM    MR. BALDONE:  Brandon Baldone on behalf of Nicole
11:46:05AM  Stone.
11:46:06AM    THE COURT:  What is the motion?  Want to state the
11:46:12AM  motion and I'll give you a response.
11:46:14AM    MS. MILLER:  Your Honor, this is a motion to
11:46:16AM  reinstate, to reopen the case, filed by plaintiffs' counsel.
11:46:18AM  And I just want to clarify for the record that defendants
11:46:21AM  oppose this motion.  I believe someone from plaintiffs' firm
11:46:24AM  spoke with Mr. Meunier on behalf of the plaintiffs before
11:46:29AM  filing a motion, but defendants did not have the opportunity
11:46:32AM  to meet and confer before the motion was filed.
11:46:34AM    MR. MEUNIER:  Your Honor, for the record Jerry
11:46:37AM  Meunier for the PSC.  We were contacted by counsel for the
11:46:40AM  movant and we confer that we do not oppose this motion.
11:46:44AM    MR. BALDONE:  Yes, Your Honor.  This motion,
11:46:48AM  Ms. Stone's case was dismissed for failure to comply with
11:46:53AM  12A.  We assumed that we had complied with 12A.  I had signed
11:46:57AM  personally as the attorney.  I thought it was a pleading so
```

| | | |
|---|---|---|
| 11:47:01AM | 1 | instead of Ms. Stone signing, I signed in her name.  We filed |
| 11:47:04AM | 2 | everything.  We were in contact with BrownGreer.  I don't |
| 11:47:06AM | 3 | want to have to bore the court with the motion.  But in my |
| 11:47:09AM | 4 | memorandum, there is an e-mail chain, BrownGreer said we had |
| 11:47:13AM | 5 | opted out of the program.  We were waiting to hear from |
| 11:47:16AM | 6 | BrownGreer and the court's next request to move forward.  We |
| 11:47:21AM | 7 | didn't hear anything.  We also looked in the orders when we |
| 11:47:21AM | 8 | received the orders the cases that got dismissed.  We |
| 11:47:23AM | 9 | unfortunately were looking under -- alphabetically under |
| 11:47:26AM | 10 | Baldone and not under Damon, my first name, so we didn't see |
| 11:47:30AM | 11 | it was dismissed until we finally got an order that the case |
| 11:47:33AM | 12 | was dismissed. |
| 11:47:33AM | 13 |      THE COURT:  I see. |
| 11:47:35AM | 14 |      MR. BALDONE:  And so I have -- Ms. Nails is a |
| 11:47:38AM | 15 | resident of Orleans Parish.  I live in Houma.  She signed one |
| 11:47:43AM | 16 | this morning, so we'd like to offer introduce into evidence |
| 11:47:44AM | 17 | the notice of intent to proceed signed by Ms. Stone. |
| 11:47:45AM | 18 |      THE COURT:  Any response from the defendant? |
| 11:47:48AM | 19 |      MS. MILLER:  Thank you, Your Honor.  Most of our |
| 11:47:54AM | 20 | response was laid out in the brief we filed, but I just want |
| 11:47:57AM | 21 | to point out that plaintiff had five months to comply with |
| 11:48:02AM | 22 | CMO 12A before her case was dismissed at the October 7th |
| 11:48:06AM | 23 | hearing.  CMO 12 and CMO 12A both stated in very plain |
| 11:48:10AM | 24 | language that the document had to be signed by the plaintiff |
| 11:48:13AM | 25 | herself and that -- which means that the signature by counsel |

11:48:15AM 1 was not sufficient. In addition, plaintiff's case was listed
11:48:18AM 2 on four separate orders ordering plaintiff and her counsel to
11:48:23AM 3 appear at the October 7th hearing because she had not yet
11:48:27AM 4 complied with CMO 12A. I reviewed the correspondence with
11:48:33AM 5 BrownGreer and even if that had supplanted the court's order
11:48:37AM 6 signed by Your Honor, correspondence did not indicate any
11:48:42AM 7 type of compliance or not with CMO 12A. The simple fact is
11:48:44AM 8 the plaintiff had ample notice, was given due process, was
11:48:48AM 9 asked to appear before a hearing before her case was
11:48:51AM 10 dismissed and did not. Then two months after her case was
11:48:54AM 11 dismissed, the plaintiff sought to reinstate the case and it
11:49:00AM 12 wasn't until today, about six months after the original
11:49:03AM 13 deadline, that the plaintiff shows up with a document
11:49:06AM 14 purporting to comply with CMO 12A. I think there's two
11:49:10AM 15 issues with reinstating the case at this point in time.
11:49:13AM 16 First of all, the very small number of plaintiffs who have
11:49:18AM 17 chosen not to participate in the settlement agreement have
11:49:21AM 18 faced a series of deadlines under CMO 11. Not only has this
11:49:25AM 19 particular plaintiff failed to comply with CMO 12A but she
11:49:29AM 20 hasn't met any of the basic requirements under CMO 11. She
11:49:33AM 21 hasn't provided defendants with a list of the doctors and
11:49:36AM 22 hospitals who treated her or with proof that she sent them
11:49:40AM 23 preservation notices. She hasn't submitted the short form
11:49:43AM 24 plaintiff fact sheet required by CMO 8 and 11. She hasn't
11:49:46AM 25 submitted the plaintiff profile and consent form required by

11:49:50AM  1  CMO 8 and 11.  We don't have the affidavit of compliance
11:49:53AM  2  that's required by CMO 11.  We do have, you know, what's
11:49:55AM  3  purported to be an expert report, but the reality is, the
11:50:00AM  4  expert's report required by CMO 11 must comply with Federal
11:50:05AM  5  Rule 26(a)(2) and this one does not.
11:50:08AM  6         So while the plaintiff on the one hand is telling us
11:50:10AM  7  that she wants to litigate her case, she has not actually
11:50:13AM  8  taken any of the steps that are necessary to litigate the
11:50:16AM  9  case.  This is the second -- if the case is reinstated today,
11:50:20AM 10  we're just back here in another month, because I appreciate
11:50:22AM 11  that Mr. Baldone is doing what he can.  Simple fact of the
11:50:29AM 12  matter is his client doesn't appear to be taking the steps to
11:50:32AM 13  actually prosecute the matter.  So we don't think the case
11:50:35AM 14  should be reinstated.
11:50:36AM 15         Second and more important is that, you know, CMO 12
11:50:39AM 16  and CMO 12A were put in place to help manage the docket and
11:50:44AM 17  to help get a census of who was going to be litigating their
11:50:47AM 18  cases and who was not.  And the fact of the matter is that
11:50:50AM 19  these settlement reports and the participation rates are all
11:50:54AM 20  based on the number of plaintiffs who had active cases.
11:50:58AM 21  Ms. Stone had months and months to comply and did not and to
11:51:05AM 22  now sort of reinstate the case at this point renders all of
11:51:07AM 23  those CMOs meaningless.  And so we would ask that the case --
11:51:11AM 24  the motion be denied and that the case not be reinstated.
11:51:14AM 25         THE COURT:  Okay.  Any response?

| | | |
|---|---|---|
| 11:51:16AM | 1 | MR. BALDONE: Thank you, Your Honor. Again, I notice |
| 11:51:20AM | 2 | this mass of plaintiffs, there has to be some sort of |
| 11:51:23AM | 3 | management procedure and that's why BrownGreer is involved to |
| 11:51:25AM | 4 | help us manage to get through this. I was using BrownGreer |
| 11:51:29AM | 5 | as my liaison. I have the e-mails as you can see saying that |
| 11:51:32AM | 6 | everything was done. I opted out of the settlement, waiting |
| 11:51:34AM | 7 | to hear from BrownGreer on the next steps. Like I said, this |
| 11:51:38AM | 8 | is -- I have one case. This is the only case. This is |
| 11:51:41AM | 9 | unfortunately a death case of Mr. Nails, Ms. Nail's father. |
| 11:51:47AM | 10 | We're willing to go forward. We're willing to comply with |
| 11:51:51AM | 11 | anything we have to do. Again, I signed on behalf of the |
| 11:51:53AM | 12 | client. It's a pleading -- in 27 years of practicing law, |
| 11:51:57AM | 13 | I've always signed the pleadings, and this looked to me as a |
| 11:52:00AM | 14 | pleading and I can sign on behalf of the client as I've done |
| 11:52:04AM | 15 | in every case. Attorney represents the client. So we wish |
| 11:52:05AM | 16 | to go forward, Your Honor. We will correct any deficiencies |
| 11:52:09AM | 17 | that we have, any order -- |
| 11:52:10AM | 18 | THE COURT: I got it. I'll do that. I'll reinstate |
| 11:52:13AM | 19 | the case. But you've got to take it seriously. |
| 11:52:13AM | 20 | MS. MILLER: Yes, Your Honor. |
| 11:52:15AM | 21 | THE COURT: And if it comes up again that you haven't |
| 11:52:18AM | 22 | participated in it, I'm going to have to no recourse but to |
| 11:52:23AM | 23 | dismiss it. |
| 11:52:23AM | 24 | MR. BALDONE: Yes, Your Honor. We'll get right on |
| 11:52:25AM | 25 | it. |

| | | |
|---|---|---|
| 11:52:25AM | 1 | THE COURT: Get right on and I'll grant the motion to |
| 11:52:31AM | 2 | reinstate the case. |
| 11:52:33AM | 3 | MR. BALDONE: Do we need to prepare a judgment or -- |
| 11:52:35AM | 4 | THE COURT: No, it's reinstated. I'll do it. |
| 11:52:37AM | 5 | MS. MILLER: Your Honor, we do have the documents |
| 11:52:39AM | 6 | that have been posted on the court's website regarding the |
| 11:52:42AM | 7 | steps that are necessary to comply with CMO 11. I know that |
| 11:52:45AM | 8 | the PSC gave them to Mr. Baldone a couple weeks ago. I will |
| 11:52:48AM | 9 | give him another copy today. |
| 11:52:48AM | 10 | THE COURT: Make sure you have a copy of it. And get |
| 11:52:51AM | 11 | a telephone number from her so if you have any problem, give |
| 11:52:55AM | 12 | her a call. |
| 11:52:56AM | 13 | MR. BALDONE: Absolutely, yes, Your Honor. Do you |
| 11:52:57AM | 14 | want to file this into the record, Ms. Stone's -- |
| 11:52:59AM | 15 | THE COURT: Yes. Sure. |
| 11:53:02AM | 16 | All right. That's it? |
| | 17 | MS. MILLER: That concludes the motions. |
| | 18 | * * * * |
| | 19 | (WHEREUPON, the proceedings were adjourned.) |
| | 20 | * * * * |

```
 1                    REPORTER'S CERTIFICATE

 2           I, Nichelle N. Drake, RPR, CRR, Official Court
     Reporter, United States District Court, Eastern District of
 3   Louisiana, do hereby certify that the foregoing is a true and
     correct transcript, to the best of my ability and
 4   understanding, from the record of the proceedings in the
     above-entitled and numbered matter.
 5

 6                         /s/ Nichelle N. Drake
                           Official Court Reporter
 7
```

OFFICIAL TRANSCRIPT
Page 9