UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  XARELTO (RIVAROXABAN)      *      MDL 2592
PRODUCTS LIABILITY LITIGATION       *
                                                      *      SECTION L
THIS DOCUMENT RELATES TO           *
ALL CASES                                         *      JUDGE ELDON E. FALLON
                                                      *
                                                      *      MAG. JUDGE NORTH
* * * * * * * * * * * * * * * * * * * * * * * * *

## JOINT REPORT NO. 43 OF PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") respectfully submit this Joint Report No. 43.  All Pre-Trial Orders are posted on the Court's website located at www.laed.uscourts.gov/Xarelto.  The Court's website also includes other postings relevant to the litigation.

## 1.  SETTLEMENT

On May 6, 2019, the Plaintiffs' Leadership and Defendants entered into a Master Settlement Agreement for resolution of Xarelto product liability claims covered by the agreement. The Settlement has been fully funded and claims are now being evaluated.  The parties will be prepared to discuss this further at the status conference on February 6, 2020.

## 2.  NEXT STEPS IN LITIGATION

On November 1, 2019, the Court issued a Minute Entry [Rec. Doc. 17430] strongly suggesting that all Counsel who have opted clients out of the Settlement attend the November 7, 2019 status conference, either in-person or via conference call, as the next steps in the litigation will be discussed.  The conference included a review of the case management orders applicable to non-settled cases, the discovery obligations, and deadlines set forth in those orders, as set forth in

Section 4 below.  The parties and the Court addressed and reviewed the procedures for monitoring and enforcing compliance with those orders.

On November 14, 2019, the Court issued an Order [Rec. Doc. 17444] directing Counsel representing plaintiffs who have elected not to enroll in the Settlement to appear in person as set forth in the Order.  Counsel were also directed to be prepared to discuss their clients' compliance with CMO 11 and a schedule for addressing both non-compliant and compliant plaintiffs.  Further, plaintiffs represented by Michael Love & Associates, LLC filed, under seal, an Objection to Certain Punitive Terms Contained in the Proposed "Private Settlement," which was heard with oral argument following the December 12, 2019 status conference.  [Rec. Docs. 17467 & 17515]. The Court issued an Order & Reasons denying the relief requested in the Objection on December 17, 2019.  [Rec. Doc. 17521].

3.    **PRE-TRIAL ORDERS**

On December 6, 2019, the Court issued Pre-Trial Order No. 33 (Protective Order Regarding Transmission and Receipt of Personal Health Information by the Lien Resolutions Administrator) [Rec. Doc. 17495].

4.    **CASE MANAGEMENT ORDERS:**

A.    **CMOs 9 and 9A**

On March 25, 2019, the Court issued Case Management Order No. 9 (Stay of Proceedings) [Rec. Doc. 12900], and on August 8, 2019, the Court issued Case Management Order No. 9A [Rec. Doc. 14875].  CMO 9A listed the orders that must be complied with by the parties and are not subject to the stay set forth in CMO 9, which are:  CMO 10 [Rec. Doc. 12901, entered March 25, 2019], CMO 11 [Rec. Doc. 12902, entered March 25, 2019], CMO 11A [Rec. Doc. 14876, entered August 8, 2019], CMO 12A [Rec. Doc. 14877, entered August 8, 2019], and PTO 32A [Rec. Doc.

14878, entered August 8, 2019]. CMO 12 B [Rec. Doc. 15257, entered August 29, 2019] is also not subject to the stay set forth in CMO 9.

**B.**     **CMOs 10 and 10A**

On March 25, 2019, the Court issued Case Management Order No. 10 (Registration) [Rec. Doc. 12901] and 10(A) (Registration Forms) [Rec. Doc. 12905]. Section 2C of CMO 10 requires that all specific supplemental registration information was to be submitted by June 8, 2019. Registration on the BrownGreer MDL Centrality website is required of all plaintiffs and not just plaintiffs who decide to enroll in the settlement program. Failure to timely provide the registration information may result in dismissal of the action with prejudice.

**C.**     **CMOs 11 and 11A**

On March 25, 2019, the Court issued Case Management Order No. 11, a Docket Control Order ("CMO 11") [Rec. Doc. 12902]. CMO 11 sets forth the obligations of plaintiffs who do not participate in the settlement program and plaintiffs who are not eligible to enroll in the settlement program. The deadlines set forth in CMO 11 for some plaintiffs for some activities are a specified number of days from "the conclusion of the Settlement Program enrollment period," which is defined as September 4, 2019 in CMO 11(A) [Rec. Doc. 14876].

Plaintiffs are advised that failure to comply with the requirements of CMO 11 may result in appropriate sanctions as outlined in CMO 11, including the dismissal of their cases with prejudice. Plaintiffs who are not participating in the settlement program are advised to consult CMO 11 and CMO 11(A) to identify their deadlines for the following events required by CMO 11:

1.     **By September 18, 2019**, all plaintiffs who have not enrolled in the settlement program were required to pay any unpaid MDL filing fees. *See* CMO 11 ¶ I.B.i.

2.      **By November 4, 2019 or 30 days after the case is docketed in the MDL, whichever is later**, plaintiffs who have not enrolled in the settlement program were required to serve a completed or an updated Short Form PFS and PPCF (both as defined in CMO 8).  *See* CMO 11 ¶ I.B.i.  Individual plaintiffs are advised to consult CMO 11 for your specific deadline.

3.      **By October 4, 2019**, counsel for plaintiffs who have not enrolled in the settlement program and who filed a lawsuit on or before March 11, 2019 were required to fulfill the Preservation Notice Requirements of CMO 11.  *See* CMO 11 ¶ II.  For plaintiffs who have not enrolled in the settlement program and who filed a lawsuit after March 11, 2019, the deadline to fulfill the Preservation Notice Requirements will be forty-five (45) days from the date that Defendants transmit CMO 11 to counsel for these plaintiffs.   The Preservation Notice Requirements of CMO 11 include notifying the following individuals or entities, by registered mail, that they may have records relevant to the claim of the plaintiff and that any records relating to the plaintiff must be preserved, pending collection by the plaintiff:

      a.      All Pharmacies that dispensed any medications to the Plaintiff for the period from January 1, 2012 to the present;

      b.      All Physicians, Medical Facilities, other Healthcare Providers and/or other persons ("Other Providers") who Plaintiff claims provided samples of Xarelto to the Plaintiff;

      c.      All Physicians Medical Facilities and/or other Healthcare Providers who prescribed Xarelto for the Plaintiff; and

      d.      All Physicians and/or other Healthcare Providers who treated Plaintiff for the period from January 1, 2012 to the present.

Individual plaintiffs are advised to consult CMO 11 for your specific deadline for the preservation notice requirement.

4.      **By October 9, 2019**, counsel for plaintiffs who have not enrolled in the settlement program and who filed a lawsuit on or before March 11, 2019 were required to serve a statement listing the names and addresses of all individuals or entities to which the Preservation Notices referenced in Paragraph 4 above were sent, along with copies of the Notices and a representation that the Notices were sent as required by CMO 11.  *See* CMO 11 ¶ II.B.  For plaintiffs who have not enrolled in the settlement program and who filed a lawsuit after March 11, 2019, the deadline to fulfill this requirement will be fifty (50) days from the date that Defendants transmit CMO 11 to counsel for these plaintiffs.  Individual plaintiffs are advised to consult CMO 11 for your specific deadline for the preservation notice requirement.

5.      **By October 21, 2019**, plaintiffs who have not enrolled in the settlement program and who filed a lawsuit on or before March 11, 2019 were required to produce an affidavit to Defendants attesting to the following facts:  (i) all records have been collected from all pharmacies that dispensed drugs to, or for, the plaintiff and have been produced; (ii) all medical records and reports required to be produced pursuant to CMO 11 have been produced.  If any of these documents do not exist, the plaintiff shall state that fact in his or her affidavit and the reason, if known, why they do not exist and provide a "No Records Statement" from the pharmacy or healthcare provider.  For plaintiffs who have not enrolled in the settlement program and who filed a lawsuit after March 11, 2019, the deadline to fulfill this requirement will be fifty-five (55) days from the date that Defendants transmit CMO 11 to counsel for these plaintiffs.  Individual plaintiffs are advised to consult CMO 11 for your specific deadline for the preservation notice requirement.

6.      **By January 2, 2020**, plaintiffs who have not enrolled in the settlement program and who filed a lawsuit on or before March 11, 2019 were required to serve a case-specific Rule 26(a)(2) report from a licensed physician qualified to render a specific causation opinion and who offers a specific causation opinion to a reasonable degree of medical probability that the plaintiff's alleged injury or event was caused by taking Xarelto as directed, which opinion is based on a review of such plaintiff's medical records cotemporaneous to the prescription and use of Xarelto and any claimed Xarelto-related injury and which report shall attach the cotemporaneous medical records of that plaintiff.  *See* CMO 11 ¶¶ I.B.v, B.  For plaintiffs who have not enrolled in the settlement program and who filed a lawsuit after March 11, 2019, the deadline to fulfill this requirement will be the earlier of one hundred twenty (120) days of their case being docketed in the MDL or Defendants' transmission of CMO 11 to counsel for these plaintiffs.  Individual plaintiffs are advised to consult CMO 11 for your specific deadline.

All of the documents required to be served by CMO 11 shall be served by submitting them to MDL Centrality.

During the February 6, 2020 status conference the parties will report to the Court on those plaintiffs who have failed to comply with their discovery obligations under CMO 11.

D.      **CMOs 12, 12A, and 12B**

On May 24, 2019, the Court issued Case Management Order No. 12 regarding Enrollment Election Forms and Notices of Intent to Proceed.  [Rec. Doc. 13608].  The Court entered Case Management Order No. 12A (Superseding Order on Notice of Intent to Proceed) on August 8, 2019 [Rec. Doc. 14877] and CMO 12B  (Proceedings to Enforce CMOs 12 and 12A) [Rec. Doc. 15257] on August 29, 2019.  Pursuant to CMO 12A, plaintiffs who are not eligible for the Xarelto settlement program or who do not intend to participate in the Xarelto settlement program were

required to submit a Notice of Intent to Proceed signed by the plaintiff or his or her legal representative no later than August 19, 2019. Also pursuant to CMO 12A, plaintiffs who are eligible for and intend to enroll in the Xarelto settlement program were required to submit a complete and fully executed Enrollment Election Form no later than September 4, 2019. Plaintiffs were advised that failure to comply with the requirements of CMO 12A could result in a dismissal of the case with prejudice.

Pursuant to CMO 12B, on September 10, 2019, the parties provided the Court with a list of plaintiffs who were not proceeding in the Xarelto settlement program and failed to file a Notice of Intent to Proceed. The Court held a Show Cause hearing on October 7, 2019, requiring the plaintiffs on this list, which was attached to the Show Cause Order, to demonstrate why their cases should not be dismissed with prejudice. [Rec. Doc. 17344]. Counsel for plaintiffs subject to the Show Cause Hearing were required to appear in person. Telephone attendance by counsel was not permitted. Plaintiffs (or their representative) subject to the Show Cause Hearing also were required to appear in person, subject to the limited exceptions set forth in CMO 12B. Individual plaintiffs were advised to consult with CMO 12B to determine whether any of the limited exceptions set forth in CMO 12B might excuse their in person attendance from the show cause hearing. On October 15, 2019, the Court issued several Orders [Rec. Docs. 17357, 17358, 17359, 17360, & 17361] regarding its rulings at the October 7, 2019 Show Cause hearing and orders of dismissal, with prejudice, in a number of cases were rendered from the Bench at the October 7, 2019 Show Cause hearing.

E.    **CMO 13**

On December 6, 2019, Defendants filed a Proposed Scheduling Order [Proposed CMO 13] Submitted in Compliance with Rec. Doc. 17444 [Rec. Doc. 17497]. During the December 12,

2019 status conference, the Court directed all parties to provide any feedback on Proposed CMO
13 no later than January 15, 2020.  The Court also posted Proposed CMO 13 and the direction to
provide feedback no later than January 15, 2020 to the Court's website.  No comments were
provided on Proposed CMO 13, and Defendants will seek entry of the Order.

     **F.**    <u>**CMO 8A**</u>

On December 23, 2019, the Court issued CMO 8A regarding the authorizations that
plaintiffs must sign and submit for each provider, facility, or pharmacy identified in each plaintiff's
Short Form Plaintiff Fact Sheet ("Short Form PFS").  [Rec. Doc. 17530].  Pursuant to CMO 8A,
all plaintiffs who have not opted to participate in the Xarelto settlement program are required to
submit signed and dated authorizations in the forms attached to CMO 8A no later than: (1) January
22, 2020, or (2) the date the Short Form PFS is due pursuant to CMO 11 (R. Doc. 12902). Plaintiffs
also must submit additional authorizations at the time of submission of any amended Short Form
Plaintiff Fact Sheet that identifies a new provider, facility, or pharmacy.

**5.**  **<u>COUNSEL CONTACT INFORMATION FORM</u>**

All counsel in the MDL are required to complete the Counsel Contact Information Form
attached to PTO No. 4A and forward it to the appropriate Liaison Counsel.  This information must
be kept current by counsel providing the information and will be relied upon throughout the
litigation.

**6.**  **<u>PLAINTIFF AND DEFENDANT FACT SHEETS</u>**

As noted above, on March 25, 2019, the Court issued Case Management Order No. 9 (Stay
of Proceedings) [Rec. Doc. 12900]; Case Management Order No. 10 (Registration) [Rec. Doc.
12901] and 10(A) (Registration Forms) [Rec. Doc. 12905; Case Management Order No. 11
(Docket Control Order) [Rec. Doc. 12902] and Case Management Order No. 11A (Supplemental

Docket Control Order) [Rec. Doc. 14876].  Going forward there are new forms that must be completed; the Plaintiff Profile and Consent Form and Short Form Plaintiff Fact Sheet, which are attached to Case Management Order No. 8 [Rec. Doc. 12776].  Attention should be paid to these forms as completion of the "old" forms will no longer be accepted.  The Plaintiff Profile and Consent Form and Short Form Plaintiff Fact Sheet shall be submitted via MDL Centrality at: https://www.mdlcentrality.com/mdl2592/.  The documents and records that must be produced with these forms shall also be served via the MDL Centrality website.  On December 23, 2019, the Court issued CMO 8A regarding Short Form Plaintiff Fact Sheets and authorizations.  [Rec. Doc. 17530].

## 7.  SERVICE OF PROCESS ON DEFENDANTS

On August 8, 2019, the Court entered Pre-Trial Order No. 32A (Superseding Order on Service of Process on Defendants) [Rec. Doc. 14878], which vacated and superseded Pre-Trial Order No. 32 [Rec. Doc. 14268] regarding Service of Process on Defendants, which superseded the May 7, 2019 Order [Rec. Doc. 13472] and the June 14, 2019 Order [Rec. Doc. 13766].  For plaintiffs who are not enrolled in the settlement program, the extension of time to serve and Defendants' agreement not to move for failure to serve both expired on September 4, 2019.

## 8.  PRESERVATION ORDER

On May 4, 2015, the Court issued Pre-Trial Order No. 15 [Rec. Doc. 897], a Consent Order Regarding the Preservation of Documents and Electronically Stored Information.  Pre-Trial Order No. 15 modifies paragraph 13 of Pre-Trial Order No. 1 relating to preservation of evidence. Further, the Court issued Pre-Trial Order No. 15B on October 21, 2015 [Rec. Doc. 1477] regarding the obligation of all parties to preserve voicemail, instant messages sent or received on an instant messaging system, or text messages sent or received on a cellular phone, smartphone, tablet or

other mobile device.  Pre-Trial Order 15B vacated previously entered Pre-Trial Order 15A. [Rec.

Doc. 1301].  On March 25, 2019, the Court issued Case Management Order 11 [Rec. Doc. 12902]

which in Section II addresses the obligation of plaintiffs to preserve records relevant to their

claims, and on August 8, 2019 issued Case Management Order 11A (Supplemental Docket Control

Order) [Rec. Doc. 14876].

9.     **BELLWETHER CASES**

The appeals filed by Plaintiffs and the cross-appeals filed by Defendants have all

been dismissed in light of the settlement with respect to the following cases:

a.   *Joseph J. Boudreaux, Jr., et al. v. Janssen et al.,* **Case No. 2:14-cv-02720**, which
commenced in the Eastern District of Louisiana on April 24, 2017 and concluded on
May 3, 2017, resulted in a verdict for the Defendants.  Plaintiffs' Motion for New Trial
was denied on September 20, 2017 (Rec. Doc. 7644).

b.   *Joseph Orr, Jr., et al. v. Janssen et al.,* **Case No.  2:15-cv-03708**, which commenced
in the Eastern District of Louisiana on May 30, 2017 and concluded on June 9, 2017,
resulted in a verdict for the Defendants.  Plaintiffs' Motion for New Trial was denied
on September 20, 2017 (Rec. Doc. 7644).

c.   *Mingo v. Janssen Research & Development, LLC, et al*., **Case No. 2:15-cv-03367**,
which commenced in the Southern District of Mississippi on August 7, 2017 and
concluded on August 18, 2017, resulted in a verdict for the Defendants.  Plaintiff's
Motion for New Trial was denied on December 14, 2017 (Rec. Doc. 8145).

The following bellwether case was voluntarily dismissed with prejudice:

*Henry v. Janssen Research & Development, LLC et al*., **Case No. 2:15-cv-00224**,
Order signed on November 2, 2017 (Rec. Doc. 7943).

10.    **STATE/FEDERAL COORDINATION**

Plaintiffs in Pennsylvania had appealed the judgments in favor of Defendants in *Hartman*

*v. Janssen Pharmaceuticals, Inc., et al.* (Case No. 160503416); *Russell et al. v. Janssen*

*Pharmaceuticals, Inc., et al*. (Case No. 150500362); and *Cooney et al. v. Janssen Pharmaceuticals,*

*Inc., et al.* (Case No. 160602012).  All appeals were stayed and have now been dismissed as moot in light of the settlement.

In accordance with Pre-Trial Orders No. 7 and 7A, as well as Case Management Order No. 1, PLC and DLC have had, and will continue to have, communications regarding the State Liaison Committee, as well as the status of coordination of MDL and state court actions.  The parties will report to the Court on recent developments in state court cases.

Show cause hearings have been conducted in Philadelphia State Court cases and Philadelphia counsel will be prepared to discuss this further at the February 6, 2020 status conference.

## 11.    NEXT STATUS CONFERENCE

The next monthly status conference will be held on March 19, 2020.

## 12.    SHOW CAUSE HEARINGS

On January 15, 2020, Defendants filed Motions for Orders to Show Cause regarding Plaintiffs' Failure to Submit Documents Required By Case Management Order 11 [Rec. Doc. 17553], Plaintiffs' Failure to Submit Fully Complete and Verified Short Form PFS and PPCF and Failure to Submit Additional Documents Required by Case Management Order 11 [Rec. Doc. 17554], and Plaintiffs' Failure to Submit Fully Complete and Verified Documents as Required by Case Management Order 11 [Rec. Doc. 17555].  The Court issued Orders for the plaintiffs listed in these Motions to appear at a hearing on February 6, 2020 at 9:00 a.m. and show cause why their cases should not be dismissed with prejudice.  [Rec. Docs. 17557, 17558, & 17559].

The Parties will update the Court on the status of the cases set for the show cause hearings and the need for any additional motion practice to enforce compliance with the Court's Orders.

Dated:  February 3, 2020

Respectfully Submitted,

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
ldavis@hhklawfirm.com
**HERMAN, HERMAN & KATZ, LLC**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX: (504) 561-6024
**Co-Plaintiffs' Liaison Counsel**

/s/ Gerald E. Meunier
Gerald E. Meunier (Bar No. 9471)
gmeunier@gainsben.com
**GAINSBURGH BENJAMIN DAVID MEUNIER**
  **& WARSHAUER, LLC**
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA  70163-2800
PH:  (504) 522-2304
FAX: (504) 528-9973
**Co-Plaintiffs' Liaison Counsel**

/s/ Kim E. Moore
Kim E. Moore (Bar No. 18653)
kmoore@irwinllc.com
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
PH:  (504) 310-2100
FAX:  (504) 310-2120
**Defendants' Liaison Counsel**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 3, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Kim E. Moore*
Kim E. Moore