02-20-2020

Norris Anderson
P.O. Box 772773
Houston, TX 77215

Honorable Judge E. Fallon
500 Poydras St. Courtroom C456
New Orleans, LA 70130

Honorable Judge Fallon

The 90% reduction for qualified claimants who were residents of 'Texas or Michigan at the time of their qualifying injury are based on the extremely unfavorable Product Liability Law passed in both states make pharmaceutical cases like these nearly impossible to win.

This was the reason for the steering committee 90% reduction in my part of the settlement. My case Norris Anderson V, Janssen Research & Development, LLC, et al has never been to trial. There were six Xarelto Product Liability cases that were lost by the Plaintiff, which evidently were difficult cases. How does my case qualify for a 90% reduction because it was such a difficult case which never went to trial?

Has Johnson & Johnson and Bayer raised a defense under the Texas 82.007 Law or prevailed in such a defense. If so, could I see the paperwork?

I am asking that the Honorable Judge Fallon reconsider the 90% reduction in my settlement or eliminate that percentage entirely. I have talked to several steering committee personal without results.

I am an innocent victim injured by the Xarelto medication prescribe to me without an antidote. Date of first prescription 10-27-2014. Date of qualifying injury 12-5-2014. Within 36 days of taking the Xarelto medication I was bleeding and in the Hospital.

(Scenario) If 100 Texas and Michigan residents had the same points that I do that would be $3,600,000 taken from those residents, who would that money go to, and would the total Xarelto settlement be reduced by that amount.

All I am asking is that the 90% reduction in my case be reconsidered. The Six Xarelto Product Liability cases lost by the Plaintiff were difficult and all of them were not from Texas or Michigan.

Thanks for your cooperation in this matter.

Yours Truly,

*Norris Anderson*
Norris Anderson
346-260-1481
norrisanderson27@gmail.com