U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA A. FOSS

              Plaintiff,

-against-

JANSSEN RESEARCH & DEVELOPMENT
LLC f/k/a JOHNSON AND JOHNSON
PHARMACEUTICAL RESEARCH AND
DEVELOPMENT LLC, JANSSEN ORTHO LLC,
JANSSEN PHARMACEUTICALS, INC.
f/k/a JANSSEN PHARMACEUTICA INC.
f/k/a ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC.,
JOHNSON & JOHNSON COMPANY
BAYER HEALTHCARE
PHARMACEUTICALS, INC.,
BAYER PHARMA AG,
BAYER CORPORATION,
BAYER HEALTHCARE LLC,
BAYER HEALTHCARE AG,
and BAYER AG,

              Defendants.

Master Case no.: 14-md-2592

Civil Action No.: 2:16-cv-01259-EEF-MBN

**THIS DOCUMENT RELATES TO:**

**PATRICIA A. FOSS**
**Civil Action No.: 2:16-cv-01259-EEF-MBN**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO FRCP RULE 55(c) and 60(b)**

## PRELIMINARY STATEMENT

On February 10, 2020 this Court entered its Order dismissing the Plaintiff's claim on the grounds that she failed to submit medical proof in support of her claim of vaginal bleeding following the use of Xarelto and on the additional grounds that she failed to submit medical evidence in support of her claim that she suffered a cerebral hemorrhage following her use of Xarelto prior to September 10, 2015 as required by Case Management Order 11 and deficiencies noted in connection therewith. The Plaintiff now moves to vacate that Order on the grounds that the Plaintiff satisfied both of the noted alleged deficiencies and that the conclusion that she had not done so was based on a mistake.

As indicated in the attached moving affidavit of James B. Tuttle, her claim of vaginal bleeding was withdrawn, and proof in support of her claim of a cerebral hemorrhage following use of Xarelto prior to September 10, 2015 was initially submitted to MDL Centrality in March of 2016, but was nevertheless resubmitted in response to noted deficiencies in connection with Case Management Order No. 11. The Plaintiff now moves pursuant to FRCP Rule 55(c) and 60(b) to be relieved of the effect of the Court's Order of Dismissal dated February 10, 2020 on the grounds that it was entered in the mistaken understanding that the Plaintiff had failed to satisfy the terms of the deficiency notice and that the Plaintiff did in fact submit the required proof.

## POINT I

## THE STANDARD OF DETERMINATION UNDER FRCP RULES 55(C) AND 60(B).

FRCP Rule 55(c) provides as follows:

> **Setting Aside a Default or a Default Judgment**: The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

FRCP Rule 60(b) provides as follows:

> **Grounds for Relief from a Final Judgment Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;
> (2-5) [omitted as not relevant here]
> (6)  any other reason that justifies relief.

The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b). Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3rd 922 (9th Circuit 2004), Cert denied, 544 US 949 (2005), citing TCI Group Life Insurance Plan v. Neighbor Knoebber, 244 F3d 691, 696 (9th Circuit 2001). When Rule 60(b) and Rule 55(c) are both considered on a motion to set aside a default judgment, the standards of Rule 60(b) are generally interpreted with greater liberality, and doubts resolved in favor of the moving party in view of the preference for consideration of a case on its merits. Bell Tel. Laboratories, Inc. v. Hughes Aircraft Co., 73 F.R.D. 16 (US Dist. Ct. for the District of Delaware 1976), citing Spann v. Commissioners of District of Columbia, 143 US App. D.C. 300, 443 F2d 715, 717 at n. 1 (D.D.C. 1970).

The good cause analysis considers three factors: (1) whether the movant engaged in culpable conduct that led to the default; (2) whether the moving party has a meritorious case or defense; or (3) whether the reopening of the default judgment would prejudice the non-moving party. Those factors are disjunctive, and the Court is free to deny the motion if any of the three factors are not satisfactorily addressed. Franchise Holding II, LLC v. Huntington Rests. Group, Inc., supra. at 925 through 926, citing American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

## POINT II

### THE PLAINTIFF HAS SATISFIED ALL THREE ELEMENTS OF THE GOOD CAUSE ANALYSIS.

The Plaintiff did not engage in any culpable conduct that led to the entry of this Court's Order of February 10, 2020. As is set forth more fully in the accompany attorney's affidavit, the Notice of Deficiency set forth in conjunction with Case Management Order 11 had two subparts: first, that the Plaintiff had failed to submit medical proof of her claim for vaginal bleeding following her use of Xarelto and, second, that she had failed to submit medical proof in support of her claim of a cerebral hemorrhage following her use of Xarelto prior to September 10, 2015.

With respect to the vaginal bleeding, despite the fact that the Plaintiff specifically told the undersigned that she suffered vaginal bleeding following her use of Xarelto, we could find no medical records to support that claim. We therefore submitted an amended Plaintiffs Profile and Consent Form without a check box next to the legend referencing vaginal bleeding, thereby withdrawing that claim. We submit that that adequately addressed the first noted deficiency.

With respect to the second noted deficiency concerning the cerebral hemorrhage, we were puzzled by that because in March of 2016 we submitted very substantial medical records from Sunnyview Rehabilitation Center in Schenectady, New York and from The Albany Medical

3

Center Hospital in Albany, New York indicating that following the administration of Xarelto to the Plaintiff on August 17, 2015 she developed a cerebral hemorrhage and had to be transferred to Albany Medical Center Hospital where her life hung in the balance for a week because of her cerebral hemorrhage. Nevertheless, in response to Case Management Order 11 and the Court's Notice of Deficiency, we resubmitted those same records as separately numbered documents as proof that she had in fact suffered a medically determined bleeding event following her use of Xarelto prior to September 10, 2015. We submit those records herewith as exhibits to the attorney's affidavit submitted in support of this motion.

We are not aware who determined, or how it was determined, that we had failed to submit the required medical records earlier so as to require a notice of deficiency or that we had failed to satisfy the notice of deficiency, but it appears clear that it was a result of someone's mistake. The records clearly exist and they were clearly submitted, so the conclusion that they were not was based on a mistake. It could have been our mistake in failing to follow some filing procedure we were unaware of or in mislabeling the documents submitted in some fashion, or it may have been a mistake by someone on the receiving end of our paperwork. In any event, the conclusion that the required medical records were not submitted was a mistake.

The Plaintiff has a meritorious cause of action. The medical documentation submitted as attachments to the supporting attorney's affidavit document that Ms. Foss was administered Xarelto immediately prior to the onset of a brain bleed that nearly cost her her life and required her to spend a week in a coma in the Albany Medical Center Hospital. She has submitted documentation satisfying both of the deficiencies noted pursuant to Case Management Order No. 11 and she has gone to the trouble and expense of obtaining and submitting an expert witness'

case-specific opinion affirming that her medical injuries were proximately caused by her use of Xarelto. In fairness and equity, she should be allowed to pursue her claim.

The Defendants will not be in any way prejudiced by the granting of this motion. Ms. Foss' claim has been timely filed in the MDL for years, her medical records have been on file with MDL Centrality since 2016, and her claim has not changed in any way since that time. The Defendants have been fully aware of every aspect of her claim since it was filed in accordance with all MDL protocols and Case Management Orders. Upon information and belief, the Defendants can claim no prejudice that would result from the granting of the instant motion.

## CONCLUSION

For all of the foregoing reasons, we respectfully urge this Court to exercise its discretion under Rules 55(c) and 60(b) in favor of vacating its Order of February 10, 2020 and reinstating Plaintiff Patricia Foss' claim.

Dated: February 27, 2020

Respectfully submitted,

By:_____
James B. Tuttle, Esq. (NY #1124833)
THE TUTTLE LAW FIRM
Attorney for the Plaintiff
1520 Crescent Road, Suite 300
Clifton Park, New York 12065
Telephone: (518) 783-1001
Facsimile: (518)783-1515
Email: jbtesq@nycap.rr.com