U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA A. FOSS

          Plaintiff,

-against-

JANSSEN RESEARCH & DEVELOPMENT
LLC f/k/a JOHNSON AND JOHNSON
PHARMACEUTICAL RESEARCH AND
DEVELOPMENT LLC, JANSSEN ORTHO LLC,
JANSSEN PHARMACEUTICALS, INC.
f/k/a JANSSEN PHARMACEUTICA INC.
f/k/a ORTHO-MCNEIL-JANSSEN
PHARMACEUTICALS, INC.,
JOHNSON & JOHNSON COMPANY
BAYER HEALTHCARE
PHARMACEUTICALS, INC.,
BAYER PHARMA AG,
BAYER CORPORATION,
BAYER HEALTHCARE LLC,
BAYER HEALTHCARE AG,
and BAYER AG,

          Defendants.

Master Case no.: 14-md-2592

**AFFIDAVIT OF JAMES B. TUTTLE**

Civil Action No.: 2:16-cv-01259-EEF-MBN

**THIS DOCUMENT RELATES TO:**

PATRICIA A. FOSS
Civil Action No.: 2:16-cv-01259-EEF-MBN

STATE OF NEW YORK  )
                         ) ss.:
COUNTY OF SARATOGA  )

     **JAMES B. TUTTLE, ESQ.**, being duly sworn, deposes and says, as follows:

     1.     I am the attorney for the Plaintiff Patricia A. Foss in this matter and I make this affidavit in support of her motion for relief from the Order entered on February 10, 2020

dismissing her claim on the grounds that she failed to submit medical proof in support of her claim of vaginal bleeding following the use of Xarelto and on the grounds that she failed to submit medical evidence in support of her claim that she suffered a cerebral hemorrhage following her use of Xarelto prior to September 10, 2015. We respectfully submit that Plaintiff Foss submitted acceptable proof in response to both alleged deficiencies as set forth more specifically hereinafter and that the dismissal of her case was based on the erroneous belief that she had not.

2. On January 16, 2020 this Court issued its Order to Show Cause regarding plaintiffs with alleged deficiencies in documents required by Case Management Order 11 to all plaintiffs set forth on Exhibit A thereto, which included the Plaintiff Patricia Foss, requiring those plaintiffs to respond to the alleged deficiencies set forth in Exhibit A.

3. The alleged deficiencies set forth on Exhibit A with respect to Patricia Foss' claim was that her Plaintiff's Profile and Consent Form was deficient in that:

> Plaintiff alleges that Xarelto caused vaginal or uterine bleeding but failed to provide the requisite medical records pertaining to the treatment for this alleged event. In section 1, plaintiff alleges that her Xarelto use and alleged bleeding events all occurred prior to September 10, 2015 but failed to provide the requisite medical records demonstrating this.

4. The Plaintiff's original Profile and Consent Form, Part I(F) included a checkmark next to the entry labeled "Vaginal or Uterine Bleeding". The basis for the claim was the Plaintiff's oral report to me that she suffered vaginal bleeding following her exposure to Xarelto in August of 2015. Although the complete records pertaining to her treatment in August of 2015 were uploaded to MDL Centrality in March of 2016, they did not contain any reference to vaginal or uterine bleeding. Accordingly, when the deficiency was noted that no medical records

had been submitted in support of that claim, we responded by submitting the Plaintiff's First Amended Plaintiff Profile and Consent Form on which no checkmark was placed in the box adjacent to "vaginal or uterine bleeding" in subpart I(F), thereby withdrawing the claim and leaving only her claim for "Brain/Cerebral Hemorrhage". We believed that that was a sufficient response to the noted deficiency regarding the claim for vaginal or uterine bleeding as it removed the issue from the case.

5. The list of documents uploaded to MDL Centrality in support of Patricia Foss' claim is annexed hereto as Exhibit A. That document shows that on March 31, 2016 and March 22, 2016 documents 205504, 205449, 205497, 205463, 205452, 201200 and 201159 were uploaded to MDL Centrality. Those records clearly showed that Patricia Foss was administered Xarelto on August 18, 2015 while recovering from surgery in the Sunnyview Rehabilitation Center, that on August 19, 2015 she was transferred to Albany Medical Center with a bilateral subdural hematoma and that she remained in Albany Medical Center for approximately the next week with the aforesaid brain bleed.

6. Upon reviewing the notice of alleged deficiency, it appeared that those documents had been overlooked, so we resubmitted many of those same documents to MDL Centrality. The resubmitted documents appear on the list of documents submitted in support of Patricia Foss' claim as documents number 806276, 806277 and 806278. Copies of those documents themselves are annexed hereto as Exhibit B, Exhibit C and Exhibit D, respectively.

7. Document 806276, (Exhibit B) hereto, from Northeast Health NPR Pharmacy documents the administration of Rivaroxaban on August 18, 2015. Document 806277, (Exhibit C) hereto, documents that her brain bleed began on August 19, 2015 and Document Number

806278, (Exhibit D) hereto, is the expanded record from Albany Medical Center documenting her week-long stay there with the resulting brain bleed.

8. The foregoing demonstrates that the Plaintiff Patricia Foss was administered Xarelto and suffered a cerebral hemorrhage prior to September 10, 2015. They also document that medical records documenting those facts have now been submitted twice on her behalf.

9. Also annexed hereto as Exhibit E is the report of Brian D. Feingold, M.D., FACP retained to render a specific causation opinion and who offers a specific causation opinion to a reasonable degree of medical probability that the Plaintiff's alleged injury or event was caused by taking Xarelto as directed, which opinion is based on his review of the same medical records contemporaneous to the prescription and use of Xarelto on file in her case. Dr. Feingold's report has been submitted as required of those plaintiffs not electing to participate in the settlement program.

10. As far as we are aware, we adequately addressed all noted deficiencies prior to the date set forth in this Court's Order to Show Cause. Why those items remain noted as deficiencies we are uncertain, but we believe it was the result of someone's mistake. Perhaps it was our mistake in not properly labeling or highlighting the medical records uploaded to MDL Centrality or some other administrative oversight, and perhaps it was a mistake on the receiving end, but in either event it was a mistake. The medical records satisfying all noted deficiencies were on file with MDL Centrality since late March of 2016 and they were again uploaded to MDL Centrality on January 24, 2020 in response to the alleged deficiency.

11. We respectfully submit that an administrative mistake should not result in the dismissal of Ms. Foss' valid claim for significant injury and damages based on Xarelto use, and accordingly we request this Court to exercise its discretion under either Federal Rule 55(c) setting aside the alleged default for good cause or under Rule 60(b)(1) on grounds of mistake, inadvertence or excusable neglect. A proposed order is submitted for your consideration.

                                                     JAMES B. TUTTLE, ESQ.
                                                     Attorney for Plaintiff
                                                     NY Federal Bar Roll No.: 102748

Sworn to before me
this 24th day of February 2020

_Barbara Parker_
Notary Public-State of New York

> BARBARA PARKER
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01PA6384976
> Qualified in Saratoga County
> Commission Expires December 24, 2022