IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592 |
| | SECTION L |
| THIS DOCUMENT RELATES TO: | |
| *Roscoe Campbell, III* 2:19-cv-08728 | |
| *Michael Dahn*, 2:19-cv-06954 | JUDGE ELDON E. FALLON |
| *Edward Gordon*, 2:19-cv-06325 | MAGISTRATE JUDGE NORTH |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ORDER TO SHOW CAUSE REGARDING PLAINTIFFS'
FAILURE TO SERVE PROCESS ON BAYER CORPORATION**

Defendants Janssen Research & Development LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG (collectively, "Defendants")[1] respectfully submit this Memorandum of Law in support of their motion asking this Court to issue an Order to Show Cause as to why Bayer Corporation should not be dismissed with prejudice for failure to perfect service of process as required by Pretrial Order No. 32A and Fed. R. Civ. P. 4, which would eliminate the non-diverse defendant and allow the Court to retain subject matter jurisdiction. In support of their motion, and as set forth below, Defendants should show as follows:

The complaint in *Campbell* was filed on April 4, 2019, in the Eastern District of Louisiana. The complaint in *Dahn* was filed on April 2, 2019, in the Eastern District of Louisiana. The complaint in *Gordon* was filed on April 1, 2019, in the Eastern District of Louisiana. The Plaintiffs

---

[1] Defendants file this motion to the extent they have been properly served and preserving all defenses including but not limited to jurisdiction, venue and service.

in all three cases signed Notices of Intent to Proceed stating that they chose to litigate their claims against Defendants and would not participate in the Xarelto settlement program. Pursuant to Federal Rule of Civil Procedure 4 and Pretrial Order 32A, their deadline to serve the Complaints and summonses in these cases was therefore October 4, 2019. Plaintiffs have not served Defendants Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare AG or Bayer AG.[2]

Bayer Corporation has not been a party in any of the bellwether trials and is not an essential Bayer defendant. When faced with a similar motion in another case filed in this MDL, the Court stated that Bayer Corporation was "not an essential party," and it dismissed Bayer Corporation and retained jurisdiction over the case. *See* Order dated March 27, 2019 [Doc. 12931]. Similarly, the Court here could dismiss Bayer Corporation, the non-diverse party, and allow the action to proceed against the remaining defendants. "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *see also Dayton Indep. School District v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1068 (5th Cir. 1990) (dismissing dispensable non-diverse party, "thereby restoring diversity jurisdiction."); *Aetna Cas & Cur. Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986) ("A district court can drop a non-diverse party whose presence is not essential to the suit to preserve and perfect diversity jurisdiction."). Further, the Court has discretion to address procedural matters before addressing subject matter jurisdiction. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 127 S. Ct. 1184, 1191-92 (2007) ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits" (citations omitted)).

---

[2] The motion only addresses the failure to serve process on Bayer Corporation in order to address the subject matter jurisdiction defect. The other un-served Bayer defendants will move to dismiss for failure to serve process if the Court retains jurisdiction and the cases are not dismissed for failure to comply with CMO 11.

2

During the August 6, 2018, status conference, the Court also reminded the parties about the importance of service of process and stated that it would dismiss cases with prejudice for failure to serve process: "I urge all of the plaintiff lawyers to either serve or send the material in. If not, I will have to be dismissing the cases. When I dismiss them, I dismiss them with prejudice." (Transcript of August 6, 2018, Status Conference, Tr. 10:9-12). The claims against Bayer Corporation should be dismissed with prejudice. The Fifth Circuit permits dismissals with prejudice when there is "clear record of delay or contumacious conduct by the plaintiff." *Gaspard v. U.S.*, 713 F.2d 1097, 1105 fn. 20 (internal citations omitted).

For the reasons set forth above, Defendants move to dismiss Bayer Corporation with prejudice for failure to effect service of process so as to allow the Court to retain subject matter jurisdiction.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/Andrew Solow*
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG*

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@faegredrinker.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
　　Kim E. Moore
　　400 Poydras Street
　　Suite 2700
　　New Orleans, LA 70130
　　Telephone: (504) 310-2100
　　Facsimile: (504) 310-2120
　　kmoore@irwinllc.com

　　*Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
　　John F. Olinde
　　1100 Poydras Street
　　Suite 2300
　　New Orleans, LA 70163
　　Telephone: (504) 585-7241
　　Facsimile: (504) 544-6084
　　olinde@chaffe.com

　　*Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 28, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ *John F. Olinde*