UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * | MDL 2592 |
| THIS DOCUMENT RELATES TO: | * * | SECTION L |
| ***ALL CASES*** | * * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE NORTH |

* * * * * * * * * * * * * * * * * * * * * * *

## AFFIDAVIT OF PHILIP A. GARRETT, C.P.A.

STATE OF LOUISIANA

PARISH OF ORLEANS

Philip A. Garrett, being duly sworn according to law deposes and says:

1. I am a certified public accountant. For over 35 years I was associated with the public accounting firm of Wegman Dazet & Company and I am now associated with the firm of Philip A. Garrett, CPA. A copy of my curriculum vitae summarizing my training and experience in the field of public accounting is attached to this report and affidavit as Exhibit "1."

2. Pretrial Order No. 8 approved my retention to assist and provide accounting services to the Plaintiffs' Liaison Counsel, the PSC and the Court in MDL No. 2592, as follows:

> Plaintiffs' Liaison Counsel has retained and the Court approves the retention of Philip Garrett, CPA ("PG"), to assist and provide accounting services to Co-Plaintiffs' Liaison Counsel, the Plaintiff's Steering Committee, and the Court in MDL 2592. PG will be assisting in compiling submissions and will provide reports to Plaintiff's Liaison Counsel who shall submit them with the Court on a monthly basis. These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms. Submission of time and expense records to PG and the Court shall be considered as if submitted under seal.

3. Pretrial Order No. 8 sets forth the time and expense reporting procedures for submission of plaintiffs' counsel's time and expense submissions relating to matter common to all claimants in Xarelto litigation matters.

4. Pretrial Order No. 8 requires that all time and expenses submitted must be incurred only for work authorized in advance by the Plaintiffs' Steering Committee (PSC) and that the time and expense guidelines are intended for all activities performed and expenses incurred by counsel that relates to matters common to all claimants in MDL 2592.

5. In connection with this assignment I reviewed the time and expense records of those counsel in MDL 2592 who submitted such records and who, I am advised, will petition the Court for an award of fees and costs for "common benefit" services in the Xarelto Litigation.

6. During the period from August 2014 through today, my work as the Court-appointed "accountant" primarily involved a review of these time and expense reports to determine whether they complied with the dictates of PTO No. 8. Where it was determined that a submission of common benefit time and expense was not in compliance with PTO No. 8, or the procedures established by Plaintiffs' Liaison Counsel, the submitting law firm was advised of this determination and given an opportunity to correct it.

7. Any items of time and expense that were disallowed are reported through the CCMS portal that is available to each law firm for their submissions Under PTO No. 8, my determination as to whether to disallow any item of time and expense from inclusion in allowed time or expenses was a matter of procedural convenience for the Court and not a determination on the merits. I made no subjective judgment regarding the value of any time allowed and attempted to judge solely upon objective criteria. A disallowance by me was without prejudice to a determination by the Court of the merits of any submission at a time and manner determined by the

Court.

8.    Ultimately, I reviewed submissions of time and/or expense from 70 separate law firms who claimed to participate in common benefit time and costs.

9.    The review process has been ongoing since time and expense submissions first began being submitted pursuant to PTO No. 8, which was due on March 15, 2015, and required the expenditure of 2,717.50 hours of professional accounting time by myself and the members of my staff through December 31, 2019. Billings for this professional time are $457,888.26, including costs.

10.   The protocol which I observed in reviewing the time and expense submissions of the common benefit counsel consisted of four (4) segments.

    a.   Initially, we reviewed each submission to determine if it complied with the form requirements of PTO No. 8. Among other things, this examination focused on whether the Fee Applicant reported time according to the guidelines of PTO No. 8, whether appropriate time records were included with the submission, whether the position (e.g., partner, associate, paraprofessional or investigator) of each timekeeper was disclosed, whether the reported time was properly categorized in accordance with the requirements of PTO No. 8, and whether the Fee Applicant attached records documenting its claimed expenses. If we discovered deficiencies in compliance with the procedural requirements of PTO No. 8, they were brought to the attention of the common benefit counsel by means of a suitably completed form letter(s).

    b.   Once we received a time or expense record that was in proper form, we examined the submission rigorously to determine if there were circumstances present which would require us to disallow items of time and expense from inclusion under the terms of PTO No. 8. If we determined that there were such items, we transmitted a letter to the common benefit counsel conditionally disallowing the inclusion of that counsel's time and expenses. In the conditional disallowance letters, we clearly advised the applicant of each type of item contained in the submission which was subject to disallowance. Typically, we provided illustrations of each such item from the counsel's time and expense records. The letters provided a period of time for the counsel to correct the deficiencies in its submission insofar as it was able to truthfully do so. In most of these cases, we ultimately issued a letter approving the counsel's

revised submission of time and expense. In some of these cases, however, we were required to disallow specific line items of time and/or expense and an appropriate letter issued.

c. After the above outlined process, we checked the arithmetic accuracy of the summaries of time and expense submitted by each counsel based on the underlying detail records that were supplied to us. This procedure was limited to items of time and expense.

11. As a consequence of this process of review, Fee Applicants have submitted a significant number of hours of time. This effort has proven itself to be beneficial as common benefit counsel have worked cooperatively, and sometimes eliminated entries that were not directly questioned by me. My analysis of the submissions and reporting of common benefit counsel's time and expenses is an ongoing process. A further and complete analysis will be filed with the Court at the conclusion of my assignment, which will cover any additional submissions made by common benefit counsel.

12. As of January 31, 2020, the total number of hours of accepted common benefit professional time was reported as 214,293.47. The process continues and additional time is expected to be reported.

13. The total amount of "held expenses" as defined by PTO No. 8, incurred by common benefit counsel which has been properly documented as eligible for reimbursement under the terms of the applicable pretrial orders is $4,008,023.11, as of January 31, 2020.

14. In addition to the reimbursable "held expenses" incurred by each common benefit counsel individually, certain reimbursable "shared expenses," as defined by PTO No. 8, were incurred by the PSC.

15. The PSC funded many of its common expenses in this litigation by periodically levying assessments on its members. As of January 31, 2020, PSC members each paid assessments the total of which assessments collected over the course of the litigation was

4

$12,820,000.00. The "shared expenses" incurred for the administration of the MDL from the PSC's account paid from the assessments was then scrutinized. As of January 31, 2020, the PSC incurred $12,526,555.89 in properly documented shared expenses which expenses are properly subject to reimbursement.

16. In summary, the total Held Costs of law firms that made submission pursuant to Pre-Trial Order No. 8 are $4,008,023.11 and cash assessments of common benefit counsel of $12,820,000.00.

17. Copies of all of the 70 law firm's submissions provided to me are available to the Court through protected access via the Case Cost Management System.

18. My Affidavit is based upon submissions received from various counsel pursuant to Pre-Trial Order No. 8.

_____
PHILIP A. GARRETT, C.P.A.

Sworn & Subscribed before me
this 6th day of March, 2020.
_____
NOTARY PUBLIC

Print Name: Leonard A Davis
Bar Roll/Commission No.: 14190
My commission Expires: at death

# Exhibit 1

**PHILIP A. GARRETT, CPA**
P.O.Box 354
Meraux, LA  70075
985-635-1500
pgarrett@garrettco.com

**Education and Certification**

- Bachelor of Science in Accounting, University of New Orleans, December 1972
- Certified Public Accountant

**Significant Career Experience:**

Over 45 years of accounting, auditing, and consulting experience in serving clients in a variety of industries.  Associated with Wegmann Dazet and Company from staff to managing partner. Retired on December 31,2007 and started Philip A. Garrett, CPA later in 2008.

In addition to accounting and auditing services, Mr. Garrett has provided consulting assistance covering a broad array of matters.  The following list highlights selected issues and experience:

- Sale and purchase of business entities ranging in asset values up to $100 million
- Business valuations
- Preparation of financial packages to assist clients in arranging for financing of major projects and acquisitions
- Reconstruction of financial records
- Employee benefits and compensation
- Business plans, budgeting, and financial projections
- Assistance in the acquisition and installation of computer systems
- Financial reorganization
- Tax, financial, and retirement planning
- Representation before tax authorities
- Evaluation of financial and accounting documents of borrowers for banks

**Multi-District Litigation**

Serve as court appointed accountant to assist and report on plaintiffs' time and costs for litigation. Cases involve issuance of reports on time and costs as well as testimony in certain instances. Have worked on the following MDL's:

- Propulsid Product Liability  MDL1355
- Vioxx Product Liability MDL 1657
- Chinese Drywall MDL 2047
- BP "Deepwater Horizon"  MDL 2179
- TI "Bogalusa Papermill" class action
- Pool Corporation MDL 2328
- Granuflo MDL 2428
- Xarelto MDL 2592
- Benicar MDL 2606 (costs only)

**Training and Teaching Experience**

Guest lecturer for the University of New Orleans, Louisiana State Society of CPAs and numerous business associations.  Topics include:

- Planning for Profits
- Getting Behind the Numbers
- Cash Flow Analysis
- Tax Planning, both corporate and individual
- Valuation of a Closely-Held Corporation
- Pricing Strategies
- Cost Reduction

**Professional Affiliations**

- American Institute of Certified Public Accountants
- Society of Louisiana Certified Public Accountants

**Bankruptcy Consulting Experience**

Experience in bankruptcy and litigation support consulting and/or expert testimony includes the following issues:

- Examiner for U.S. Bankruptcy Court to report on adherence of debtor to court order
- Use of loan proceeds--real estate project
- Arbitration of fixed asset dispute
- Analysis of construction documents
- Evaluation of profitability plan of debtor in bankruptcy
- Damage calculation
- Assistance to debtors and creditors with bankruptcy process

**Litigation Experience As Consultant Or Expert Witness** -- (All cases where a report and/or expert testimony was completed not including MDL cases)

| Type of Client | Client | Attorney or Law Firm | Date | Services |
|---|---|---|---|---|
| Defendant | Robert Grocers | Schonekas, Evans and McGoey | 2013 | Report and deposition |
| Plaintiff | VanHoose Insurance Agency | Joe Ward | 2012 | Consultation and report |
| Defendant | Polyflow, Inc | Nancy Degan | 2011 | Consultation and report |
| Plaintiff | John Davis, CPA | Al Ajubita and Rodney Cashe | 2010 | Consultation and testimony and reports |
| Plaintiff | Concerned Care Home Health | Joe Ward | 2010 | Report and testimony |
| Plaintiff | Hess Construction | Joe Ward | 2009 | Report and testimony |
| Plaintiff | Dr. Hawthorne et al | Nancy Degan | 2009 | Consultation |
| Plaintiff | Action Screen Printers | Stephen Chiccarelli | 2008 | Report |
| Plaintiff | Quality Amusements | Joe Friend Breazeale, Sachee & Wilson | 2008 | Consultation and Report |
| Defendant | Houston National Insurance Co. | Eric Burt Degan, Blanchard & Nash | 2008 | Consultation |
| Defendant | State Farm Insurance | Burt Carnahan | 2008 | Consultation, Report & Deposition |
| Plaintiff | Big River Enterprises, Inc | Steven Griffith | 2008 | Report |
| Plaintiff | Premier Industries | George Pivach | 2007 | Report and Consultation |
| Plaintiff | Robert Grocers et al | Phil Franco | 2007-Present | Testimony, Report and Deposition |
| Plaintiff | Fordoche vs TEPI | Joe Ward | 2007 | Report and Deposition |
| Debtor | Pelts and Skins (alligator farm) | Doug Draper | 2007 | Report and Testimony |
| Plaintiff | The Wood Group | Ben Banta | 2007 | Report and Analysis |
| Defendant | Preston Law Firm vs Cowan Law Firm | Kyle Schonekas | 2007 | Arbitration Testimony and Deposition |

| Type of Client | Client | Attorney or Law Firm | Date | Services |
|---|---|---|---|---|
| Plaintiff | BCM, LLC, et al. v. Copeland of New Orleans | Roy Cheatwood | 2006 | Testimony in State Court in Lafayette, LA |
| Plantiff | Jon Sgular et al vs Emerson Process Mgmt et al | Michael Lehman Couhig Partners | 2006 - 2007 | Report and deposition |
| Defendant | Arr-Maz Products vs. Sonitrol (ADT) Damages calculation after building destroyed by fire | Michael Lehman Couhig Partners | 2005-2006 | Report only |
| Defendant | Jitney Jungle Bankruptcy Valuation of Company as of preference period | Doug Draper | 2005 | Report only |
| Plaintiff | Cross Marine v. Soloman Smith Barney Securities case – Return on Investment | Bruce Schewe | 2004-2005 | Report only |
| Defendant | Bruno, et al. v. Hattier, Sanford and Reynoir, LLP Securities case – Return on Investment | Bruce Schewe | 2005 | Report only |
| Plaintiff | Decorte, et al. v. Eddie Jordan, et al. | Clem Donelon/ Lisa Brener | 2004-2005 | Report, Deposition & Federal Court Testimony |
| Defendant | John B. Steigner v. Elaine D. Scott, et al. | Maurice Mathieu/ Burt Carnahan | 2004 | Report for Mediation |
| Defendant | City of New Orleans v. Municipal Administrative Services, Inc. | Randy Smith | 2004 | Deposition & Federal Court Testimony |
| Plaintiff | JRL Enterprises, Inc. v. Procorp Associates, Inc. et al. | Joseph Ward | 2003/ 2005 | Report, Depositions, and Federal Court Testimony |
| Plaintiff | Evans Industries, Inc. v. J.D. Edwards World Solutions Company et al. | Stone Pigman | 2003-2004 | Report and Testifying at Arbitration |

Other cases dating back into the 1990's are available upon request