Lora Orozco (Full Name)

_____ (Email Address)

PO Box 1262 (Address Line 1)

Fort Jones, CA 96032 (Address Line 2)

(530) 905-1266 (Phone Number)

Plaintiff in Pro Per
(indicate Plaintiff or Defendant)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

BARBARA BROWN, ALICE BROWN, LORA OROZCO,

Plaintiffs,

vs.

JANSSEN RESEARCH & DEVELOPMENT, LLC, BAYER CORPORATION, JOHNSON & JOHNSON, INC.,

Defendant(s).

MDL NO: 2592
Case No.: 19-CV-14669 EEF-MBN
SECTION L   MAG. JUDGE NORTH

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR APPOINTMENT OF PRO BONO COUNSEL**

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. Introduction**

(Include a brief summary of what you are asking the Court to do in this ex parte application and why. Be sure to tell the Court why this request is urgent and cannot be dealt with in a regularly noticed motion.)

Plaintiff Lora Orozco request appointment of pro bono counsel due to the complexity of the case and preparation of unfamiliar documents, the inability to find or afford an attorney and the threat of dismissal of her lawsuit due to deficiencies in PFs and PPCF in as little as 23 days.

TENDERED FOR FILING

8      5
       Page Number

FEB 24 2020   Memorandum of Points and Authorities

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## II. Factual and Procedural History

*(Include a brief statement of the factual and procedural history of this case as relevant to this ex parte application.)*

On November 19, 2019, Plaintiff's Barbara Brown, Alice Brown, and Lora Orozco filed a Complaint against Janssen Research & Development, LLC, Bayer Corporation, and Johnson & Johnson Inc. in the United States District Court Northern District of California. The lawsuit was filed as a Personal Injury: Health Care/Pharmaceutical Personal Injury Product Liability and Wrongful Death case.

On November 20, 2019, the Court issued an order GRANTING Plaintiff's motion for leave to proceed In forma pauperis due to extreme poverty. The matter was transferred to the United States District Court Eastern District of Louisiana for Multi-District Litigation the following month.

On December 30, 2019, the Complaint was docketed in the MDL No. 2592 section L In Re: Xarelto (Rivaroxaban) Products Liability Litigation with Judge Eldon E. Fallon presiding and Magistrate Judge North.

On January 3, 2020, Plaintiffs received the Case Management Order No. 11 ("CMO 11") from Defendants Janssen Research & Development and Johnson & Johnson, Inc, through the mail.

On February 11, 2020, Plaintiffs received a Deficiency Notice from Defendants' attorney Kaitlyn Stone claiming that the failure to cure the numerous deficiencies will result in the Defendants seeking this case be dismissed with prejudice for failure to comply with CMO 11, knowing some of the deficiencies cannot be cured due to death. (See

Memorandum of Points and Authorities

attached exhibit "A", 3 pages).

On January 29, 2020, Plaintiff Alice Brown submitted an "ATTACHMENT" to the Short Form Plaintiff Fact Sheet that indicated to defendants that the medical records prior to 10/1/2017 were unknown to Plaintiffs due to Dexter Brown's death. (See exhibit "B", 2 pages). The Defendants are using this lack of knowledge to their advantage to dismiss the case against them. This would be a grave injustice. If it wasn't for Xarelto causing the cerebral hemorrhage and death of Dexter Brown, he would be able to inform the Plaintiffs of all previous Doctor visits in the past ten years.

This case has become very complex since it was transferred to the Eastern District of Louisiana. None of the Plaintiffs have ever prosecuted a Multi-District Litigation case. THE Confusing court procedures is near impossible to prosecute with no understanding of MDL cases. The nearly 400 pages of orders sent to the Plaintiffs on January 23, 2020 have completely stumped the Plaintiffs.

The Plaintiffs were under the impression that this case was part of the Xarelto Settlement Program because they did not opt out of MDL. But it appears this is wrong information. At this time, neither Plaintiff is sure what the status of their case is and how to proceed due to the lack of knowledge of MDL proceedings and the inability to comprehend the almost 400 pages of orders... MDL orders.

Memorandum of Points and Authorities

## III. Argument

*(Explain the legal basis for the ruling you are asking the Court to make, with citations to relevant law, such as the Federal Rules of Civil Procedure, statutes, case law, and local rules, where applicable. The argument should show the Court how these legal authorities, when applied to the facts of your case, indicate that the Court should rule in your favor.)*

Under Title 28 United States Code section 1915(e)(1), (28 U.S.C. § 1915(e)(1)): "The Court may request an attorney to represent any person unable to afford counsel."

Under Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir 1986): Allows the Court to consider motions for appointment of Pro Bono Counsel by applying the "exceptional circumstances" test.

The Eastern District of Louisiana has a Civil Pro Bono Program that includes a Civil Pro Bono Counsel Panel. When the Court has an eligible case requiring civil pro bono counsel, a member of the panel can be appointed to the case. The goal is to furnish pro bono service to eligible litigants who request counsel but lack the financial resources to hire a lawyer. (see attached exhibit "C", 4 pages)

In Griffin v. Illinois, 351 U.S. 12, 19 (1956), Mr. Justice Black out of the United States Supreme Court stated in part, "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has."

Unlike the Plaintiff, the makers of Xarelto have a wealth of resources at their disposal, including numerous attorneys, investigators, para legals, secretaries, and typists to assist them in litigating their defense.

In light of this disparity, the Plaintiff, Lora Orozco, respectfully request the appointment of pro bono counsel.

Memorandum of Points and Authorities

## IV. Conclusion

For the reasons stated above, this Court should grant the ex parte application.

DATED: _February 18, 2020_

Respectfully submitted,

By: _Lora Orozco_
(signature)

_Lora Orozco_
(name)

_Plaintiff_ in Pro Per
(indicate Plaintiff or Defendant)

_9_
Page Number

Memorandum of Points and Authorities