1  Lora Orozco _____ (Full Name)
2  _____ (Address Line 1)
3  PO BOX 1262 _____ (Address Line 1)
4  Fort Jones, CA 96032 (Address Line 2)
5  (530) 905-1266 _____ (Phone Number)
6  Plaintiff _____ in Pro Per
7  (indicate Plaintiff or Defendant)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA BROWN, ALICE BROWN, LORA OROZCO, Plaintiffs, vs. JANSSEN RESEARCH & DEVELOPMENT, LLC, BAYER CORPORATION, JOHNSON & JOHNSON, INC. Defendant(s). | MDL NO: 2592<br>Case No.: 19-CV-14669 EEF-MBN<br>SECTION L  MAG. JUDGE NORTH<br>**PROOF OF SERVICE BY MAIL** |

I, ALICE BROWN _____, declare as follows:
(name of person serving documents)

My address is PO BOX 60 CRESCENT CITY, CA 95531, DEL NORTE COUNTY _____, which is located in the county where the mailing described below took place.

TENDERED FOR FILING

FEB 24 2020

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

1
Proof of Service by Mail

On 2/18/2020, I served the document(s) described as:

1) PLAINTIFF'S Ex Parte Application for APPOINTMENT OF PRO BONO COUNSEL
2) Memorandum of Points and Authorities
3) Declaration in Support of Ex Parte Application
4) (Proposed) Order

on all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with first-class postage prepaid thereon, and deposited said envelope in the United States mail at or in CRESCENT CITY, CALIFORNIA,
(city and state of mailing)

addressed to:

FAEGRE DRINKER BIDDLE & REATH LLP (name)
600 CAMPUS DRIVE (address)
FLORHAM PARK, NJ 07932 (address)
ATTN: CHANDA MILLER (address)

ARNOLD & PORTER LLP (name)
250 WEST 55th STREET (address)
NEW YORK, NY 10019 (address)
ATTN: JOAN GODDARD (address)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 2/18/2020 at CRESCENT CITY, CALIFORNIA.
(date) (city and state of signing)

_Alice Brown_ (sign)

ALICE BROWN (print name)

2
Proof of Service by Mail

1  On __2/18/2020__, I served the document(s) described as:
   (date of mailing)

   **PLAINTIFF'S**
2) 1) Ex Parte Application for __APPOINTMENT OF PRO BONO COUNSEL__

3) 2) Memorandum of Points and Authorities

4) 3) Declaration in Support of Ex Parte Application

5) 4) (Proposed) Order

on all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, with first-class postage prepaid thereon, and deposited said envelope in the United States mail at or in __CRESCENT CITY, CALIFORNIA__,
(city and state of mailing)

addressed to:

| | | |
|---|---|---|
| __BARBARA BROWN__ (name) | __LORA OROZCO__ (name) |
| __PO BOX 5408__ (address) | __PO BOX 1262__ (address) |
| __SUGARLOAF, CA 92386__ (address) | __FORT JONES, CA 96032__ (address) |
| __PLAINTIFF__ (address) | __PLAINTIFF__ (address) |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __2/18/2020__ at __CRESCENT CITY, CALIFORNIA__.
           (date)              (city and state of signing)

__Alice Brown__
(sign)

__ALICE BROWN__
(print name)

3
Proof of Service by Mail



**faegre drinker**

faegredrinker.com

Kaitlyn E. Stone
Associate
kaitlyn.stone@faegredrinker.com
973-549-7014 direct

Faegre Drinker Biddle & Reath LLP
600 Campus Drive
Florham Park, New Jersey 07932
+1 973 549 7000 main
+1 973 360 9831 fax

February 11, 2020

Lora Orozco
P.O. Box 1262
Fort Jones, CA 96032

Re: Brown, et al. v. Janssen Research & Development, LLC, et al.,
Civil Action No. 19-cv-14669 – Deficiency Notice

Dear Ms. Brown:

Below is a list of the deficiencies we have identified with respect to your compliance with CMO 11. They are broken down by document type below.

You submitted a PDF containing a Plaintiff Verified Profile and Consent Form, a Short Form Plaintiff Fact Sheet ("PFS") and medical records. The Short Form PFS, Plaintiff Profile and Consent Form, Preservation Notice Statement, and Discovery Affidavit must be separately submitted through the MDL Centrality platform rather than submitted a standalone PDF document with handwritten answers. The signed verification page then has to be uploaded as a separate document. Please correctly upload these overdue documents as soon as possible so that Defendants can review and advise of any deficiencies. Please remember that any deficiencies notices will be sent directly to the e-mail address(es) you provide to MDL Centrality.

**Plaintiff Profile and Consent Form:**
- Section I.A., Docket No. – Plaintiff did not provide the docket number of the action.
- Section I.D. – Plaintiff did not provide all records from health care providers who prescribed Xarelto and that encompass the dates of use of Xarelto.
- Section I.D. – Plaintiff did not provide all pharmacy records that encompass the dates of use of Xarelto.
- Section I.H. Cause of Death – Plaintiff did not provide cause of death of the Xarelto user.
- Section I.H. Representative Documentation – Plaintiff did not provide documentation supporting the authority of Xarelto user's representative to act on behalf of the deceased Xarelto user
- Section II.3. - Plaintiff did not answer whether the Xarelto user had a PT (Prothrombin time) level higher than 20 while on Xarelto or at the time the Xarelto user experienced the events attributed to Xarelto. If the answer is "yes", Plaintiff

ACTIVE.121953874.01

A

- must produce medical or pharmacy records demonstrating PT tests received while Xarelto user was on Xarelto.
- Section II.4. – Plaintiff did not answer whether the Xarelto user had an abnormal Anti-Factor Xa assay reading while on Xarelto or at the time of events attributed to Xarelto. If the answer is "yes," Plaintiff must produce medical or pharmacy records demonstrating the levels of Anti-Factor assay readings taken while the Xarelto user was on Xarelto.
- Please note that any amended Plaintiff Profile and Consent Form must be accompanied by a new declaration signed and dated by the plaintiff and by counsel (if counsel is obtained).

**Short Form PFS:**
- Section III.E Other Anticoagulant Medication Used – Plaintiff did not answer whether the Xarelto User ever used any anticoagulation other than Xarelto.
- Section III.G. Medication Use in last 10 years – Plaintiff did not answer whether the Xarelto User had ever taken in the last ten (10) years any of the medications or supplements listed in this section of the SFPFS.
- Section III.H. Other medications taken on a regular basis – Plaintiff did not answer whether there were any prescription medications the Xarelto User had taken on a regular basis in the seven (7) year period before the Xarelto User first took Xarelto.
- Section IV.A Worker's Compensation and Disability Claims – Plaintiff's answers indicate that the Xarelto User filed for workers' compensation, social security and/or state or federal disability benefits within the last ten (10) years, but did not provide the following: (1) year claim was filed; (2) company and/or court where claim was filed; (3) nature of the claimed injury; (4) period of disability; and (5) amount awarded.
- Section VI.B. Prior Convictions – Plaintiff did not answer whether Plaintiff has ever been convicted of, or pled guilty (or no contest) to, a felony and/or a crime involving an act of dishonesty or providing a false statement within the last ten (10) years.
- Section VI.C. Bankruptcy – Plaintiff did not answer whether Plaintiff has filed for bankruptcy in the last five (5) years.
- Section VI. Document Requests – Plaintiff did not provide a yes or no response for every question in Section VI.
- Please note that any amended Short Form Plaintiff Fact Sheet must be accompanied by a new declaration signed and dated by the plaintiff and by counsel (if counsel is obtained).

This letter constitutes notice of these deficiencies pursuant to CMO 11. You have 30 days from today to cure these deficiencies and fully comply with CMO 11 Certification of Compliance Requirements. All of the documents required to be served by CMO 11 shall be served by submitting them via MDL Centrality at the following address: www.mdlcentrality.com/MDL2592. If you have questions regarding the deficiencies cited in this notice, those inquiries should be directed to Defendants at XareltoMDL2592-PFSInquiries@bradley.com

Please be advised that Defendants intend to file motions to show cause for all plaintiffs who fail to cure these deficiencies within 30 days and will seek to have the cases dismissed with prejudice for failure to comply with CMO 11.

ACTIVE.121953874.01

This Notice of Deficiency is sent by named Defendants to the extent that they have been properly served in any particular case, and Defendants preserve all applicable service defenses. This Notice does not constitute a waiver of Defendants' right to identify additional CMO 11 deficiencies.

We understand that you are not represented by counsel. As you know, you have the right to engage your own attorney to represent your rights in this matter, and we cannot give you legal advice.

Very truly yours,

Kaitlyn E. Stone
Associate

KES

cc: Chanda Miller, Esq.
Joan Goddard, Esq.
Maegan McCollum, Esq.
Lindy Brown, Esq.

ACTIVE.121953874.01

## ATTACHMENT

*Insert a copy of this page as needed to continue any section, or to write an introduction.*

III MEDICAL HISTORY AND AUTHORIZATIONS

A-B HEALTH CARE PROVIDERS AND FACILITIES

1. SUTTER COAST HOSPITAL - EMERGENCY ROOM
800 EAST WASHINGTON AVE
CRESCENT CITY, CA 95531
11/15/2018 - 11/16/2018
EMERGENCY THAT LED TO DEATH

2. SUTTER COAST HOSPITAL - ACUTE REHAB CENTER
800 EAST WASHINGTON AVE
CRESCENT CITY, CA 95531
9/28/2018 - 11/15/2018
REHAB FOR BRAIN/CEREBRAL HEMORRHAGE

3. MERCY MEDICAL CENTER REDDING
2175 ROSALINE AVE
REDDING, CA 96001
9/12/2018 - 9/28/2018
AIRLIFTED HERE FROM FAIRCHILD MEDICAL CENTER
FOR BRAIN CEREBRAL HEMORRHAGE

4. FAIRCHILD MEDICAL CENTER - EMERGENCY ROOM
444 BRUCE STREET YREKA, CA 96097
9/12/2018
EMERGENCY FOR BRAIN/CEREBRAL HEMORRHAGE

5. SCOTT VALLEY RURAL HEALTH CLINIC
8 COMMERCIAL STREET
ETNA, CA 96027
10/1/2017 - 9/11/2018
PRIMARY CARE PHYSICIAN

CASE NO.: 19-CV-14669 EEF  ; PAGE 12 OF 13

B

*Insert a copy of this page as needed to continue any section, or to write an introduction.*

  C. PHARMACIES

   1. RITE AID

    807 SOUTH MAIN STREET

    YREKA, CA 96097

  ALL OTHER HEALTH CARE PROVIDERS, HEALTH CARE FACILITIES, PHARMACIES, INSURANCE CARRIERS PROVIDING SERVICE TO DEXTER BROWN PRIOR TO 10/1/2017 ARE UNKNOWN TO US. PRIOR TO 10/1/2017 DEXTER BROWN RESIDED ALONE IN ORANGE COUNTY BEFORE RELOCATING TO SISKIYOU COUNTY WHICH IS APPROXIMATELY 800 MILES NORTH OF ORANGE COUNTY. WE ARE WORKING ON OBTAINING THE MEDICAL RECORDS FROM 10/1/2017 THROUGH 11/16/2018 (THE DATE OF DEXTER BROWN'S DEATH).

CASE NO.: 19-CV-14669 EEF ; PAGE 13 OF 13

> **EN BANC ADOPTED RESOLUTION (October 5, 2016):**
> The Pro Bono Program is adopted as permanent with funding to remain at the current "not to exceed" level of $25,000 per annum.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

## RESOLUTION OF THE EN BANC COURT

WHEREAS, the New Orleans Chapter of the Federal Bar Association (hereinafter "the FBA-NO") has expressed to the Court its desire to form a panel of its member attorneys to serve pro bono as appointed counsel to represent pro se civil litigants in cases pending in the Court (hereinafter "the Civil Pro Bono Counsel Panel" or "the Panel"), in the interest of furnishing (a) pro bono service to litigants who request counsel but lack the financial resources to hire a lawyer, (b) pro bono service to the Court in furtherance of the just and efficient administration of its civil docket, and (c) litigation experience to younger lawyers who seek to increase their familiarity and involvement in federal litigation practice in this Court;

WHEREAS, the Court commends the FBA-NO for its efforts and goals and contemplates that it may have sufficient need for such a pro bono project, but seeks to acquire additional data and experience concerning how, pursuant to what guidelines, at what monetary cost, and to what extent such a program might operate;

IT IS HEREBY RESOLVED, upon unanimous vote of the judges of the Court, that a Pilot Program concerning the proposed Civil Pro Bono Counsel Panel is instituted to be operated in civil cases in the Court pursuant to the following protocol:

(1) The Pilot Program will be conducted by the Magistrate Judges of the Court for one year, commencing on July 1, 2014.

(2) The current president of the FBA-NO has appointed a Committee of its members who will be responsible for (a) canvassing its membership, (b) identifying attorneys in good standing at the bar of this Court who have volunteered and are willing to serve on the Civil Pro Bono Counsel Panel, and (c) providing the Court as soon as possible with a list identifying those lawyers by name, firm affiliation (if any), mailing address, email address and telephone number who have volunteered to serve on the Panel. One member of this FBA-NO Committee must be designated as the Pilot Program Coordinator.

(3) During the one-year operation of the Pilot Program, the Magistrate Judges of this Court may appoint counsel who are listed as Panel members to represent pro se litigants in civil cases, but only pursuant to the following standards:

*C*

(a) Before determining whether counsel should be appointed from the Panel, the Magistrate Judge assigned to the case must await the pro se litigant's (i) filing of a written motion for appointment of counsel, or (ii) making of an oral motion on the record during a hearing.

(b) Appointments of counsel from the Panel may only be made in (i) cases of the type that are automatically referred to Magistrate Judges under Local Rule 73.2; (ii) other civil cases in which a Judge of the Court has issued a specific referral order as contemplated by Local Rule 73.3; and (iii) any other civil case in which the Judge refers a motion for appointment of counsel to the assigned Magistrate Judge.

(c) Appointment of counsel from the Panel must be limited only to those pro se litigants who have demonstrated to the Magistrate Judge financial inability to pay privately retained counsel. 28 U.S.C. § 1915(e)(1).

(d) In cases filed by prisoners, counsel may not be appointed from the Panel until the Magistrate Judge has determined that the case should proceed beyond the screening process required in 28 U.S.C. § 1915A.

(e) Counsel from the Panel must not be appointed as a matter of course or ordinary practice, since there is no automatic right to appointment of counsel in civil cases, especially in civil rights cases. Hadd v. LSG-Sky Chefs, 272 F.3d 298, 301 (5th Cir. 2001); Castro v. Becken, 256 F.3d 349, 353-54 (5th Cir. 2001), Instead, in considering motions for appointment of counsel, the Magistrate Judges must apply and briefly address in their appointment orders the appropriate applicable legal standards; including, for example:

(i) in civil rights cases, the requirement that "[a] district court should appoint counsel in a civil rights cases only if presented with exceptional circumstances," Norton v. DiMazana, 122 F.3d 286, 293 (5th Cir. 1997); Ulmer v. Chancellor, 691 F.2d 209, 213 (5th cir. 1982); based upon consideration of "the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence," Romero v. Becken, 256 F.3d 349, 355 (5th Cir. 2001), and whether appointment would be a service to the Court and all parties in the case by "sharpening the issues . . . , shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." Ulmer, 691 F.2d at 213; and

(ii) in Title VII cases, where "exceptional circumstances" are not required, "the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." Gonzalez v. Carlin, 907 F.2d 573, 580 (5th cir. 1990).

(4) When the Magistrate Judge grants a motion for appointment of counsel, the order will designate that the appointment is of a lawyer from the Civil Pro Bono Counsel Panel and forward the order to the FBA-NO Pilot Program Coordinator, who will select a lawyer from the Panel for specific assignment to the case and provide the lawyer's name and contact information to the Magistrate Judge, who will then direct the Clerk to mark that lawyer on the docket sheet of the case as counsel of record for the party.

(5) The Court has approved the expenditure of no more than $25,000.00 payable from the Court's Attorney Registration and Disciplinary Fund described in Local Rule 83.2.2(G) for use in the Pilot Program as follows:

(a) reimbursement of costs must not exceed $2,500.00 per case, and will only be paid upon motion and order of a Magistrate Judge to the Clerk to make payment;

(b) ordinary reimbursable costs are limited to the actual documented cost of case-related (i) long distance telephone and facsimile costs; (ii) photocopying, not to exceed $.10 per page; (iii) deposition transcripts; and (iv) U.S. postage;

(c) upon prior approval of the Magistrate Judge, by motion and order, case-related travel (i) by private automobile at the per mile rate then in effect for federal judiciary employees, and (ii) by other means on an actual documented cost basis at the lowest possible fare, may also be reimbursed.

(d) upon prior approval of the Magistrate Judge, the reasonable fees of expert witnesses may be reimbursed upon motion and order of the Court.

(6) Attorneys fees and taxable costs may be recovered by counsel appointed from the Panel if allowed under the law applicable to the case to the same extent and in the same manner as applicable to retained counsel in the same kind of case. To the extent that recovered taxable costs are the same as costs already reimbursed to counsel from the Court's Attorney Registration and Disciplinary Fund, the previously reimbursed costs must be refunded by counsel to the Attorney Registration and Disciplinary Fund.

(7) At the conclusion of the one year operation of the Pilot Program, the Chief Magistrate Judge, after consultation with the FBA-NO Pilot Program Coordinator and all Judges and Magistrate Judges who have presided over civil cases during the year in which Panel members have been appointed, will present a report to the En Banc Court concerning operation of the project. The report will include (i) the number and type of cases in which appointments have been made; (ii) the reasons for the appointments as

expressed in the appointment orders; (iii) the then-current status of each case; (iv) the approximate amount of time spent by appointed lawyers on each case; (v) the types of and amounts incurred in litigation costs, including any part of those costs for which reimbursement from Court funds has been sought and rejected or approved for payment by the Clerk; (vi) anecdotal evidence from the appointed lawyers concerning their experiences; and (vii) any other matters that might be relevant to the Court's evaluation of the Pilot Program. Thereafter, the En Banc Court will determine whether and, if so, how the project might continue in effect.

(8) Nothing in this Resolution affects the ability of any Judge of the Court to appoint law students and supervising attorneys of a law school clinic as counsel in any case as provided in Local Rule 83.2.13.

New Orleans, Louisiana, this ___22nd___ day of _____April_____, 2014.

FOR THE COURT:

*Sarah Vance*

SARAH S. VANCE
CHIEF JUDGE

cc:   ALL DISTRICT JUDGES
      ALL MAGISTRATE JUDGES