UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : : | MDL No. 2592 |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO: | : : | |
| *Patricia Foss*, Civil Action No. 2:16-cv-01259 | : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development LLC, Janssen Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG ("Defendants") respectfully submit this joint brief in opposition to Plaintiff's Motion to Vacate the Order that dismissed her case with prejudice for failure to comply with Case Management Order ("CMO") 11. (R. Doc. 17610).

Plaintiff has not established a valid basis under Rule 55(c) and Rule 60(b) for relief from the judgment entered by the Court dismissing her case with prejudice for failure to comply with the Court's orders. Plaintiff's case was dismissed with prejudice during the February 6, 2020 Show Cause Hearing because Plaintiff had not produced medical records to demonstrate that she had experienced all of the bleeding events she alleged were caused by Xarelto, as required by CMO 11. Plaintiff and her counsel failed to appear at the Show Cause Hearing. *After* Plaintiff's case was dismissed with prejudice, she submitted a verified statement withdrawing her claims regarding one of her alleged injuries, which resolved the issues that had been ripe at the time of Defendants' Motion. However, Plaintiff still has not fully complied with CMO 11 because she has not produced all of the records regarding her use of Xarelto, records regarding treatment for

the one bleeding event she still alleges was caused by Xarelto, records regarding her related medical history, and pharmacy records. Motions to set aside judgment are properly denied where, as here, cases have been dismissed for failure to comply with a court's order. *See C. Itoh & Co. (Am.), Inc. v. M/V Bright Star*, 825 F.2d 74, 77 (5th Cir. 1987) (court did not abuse discretion in refusing to set aside default judgment dismissing a case as a result of a party's failure to comply with a court order); *Stiplecovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 603–06 (5th Cir. 1986) (affirming denial of motion to reinstate case following dismissal for failure to comply with court's orders).

This Court entered CMO 11 on March 25, 2019. *See* Rec. Doc. 12902. CMO 11 includes, *inter alia*, obligations for plaintiffs who chose not to participate in the Xarelto settlement program. Plaintiff signed a Notice of Intent to Proceed stating that she chose to litigate her claims against Defendants and would not participate in the Xarelto settlement program. *See* Exhibit A. Plaintiff must, therefore, timely comply with all of the requirements of the relevant Case Management Orders, including CMO 11. *See* CMO 11. Indeed, Plaintiff acknowledged this in the Notice of Intent to Proceed she signed: **"I understand that my obligations going forward include complying with the Docket Control Order (CMO 11) and all of its requirements."** *See* Exhibit A (emphasis added).

Pursuant to CMO 11, Plaintiff is required to, *inter alia*:

1. Serve a fully complete and verified Short Form Plaintiff Fact Sheet ("Short Form PFS") and the documents and records required by the Short Form PFS. *See* CMO 11 Section I(B)(i).

2. Serve a fully complete and verified Plaintiff Profile and Consent Form ("PPCF") and the documents and records required by the PPCF. *See id.*

3. Serve a Preservation Notice Statement that includes (a) a statement representing that all required healthcare providers set forth in CMO 11 Section II(A) received a document preservation notice; (b) a list of all healthcare providers, including names

      and addresses, who received the document preservation notice; and (3) a copy of all preservation notices sent. *See* CMO 11 Section II.

4. Serve a case-specific Rule 26(a)(2) report from a licensed physician qualified to render a specific causation opinion and who offers a specific causation opinion to a reasonable degree of medical probability that the plaintiff's alleged event was caused by taking Xarelto as directed, and produce all medical records contemporaneous to the prescription and use of Xarelto and treatment of any claimed Xarelto-related injury relied on by the expert. *See id.* Section I.

5. Produce all medical records required by CMO 11. *See* CMO 11.

6. Serve an Affidavit of Compliance signed by the plaintiff attesting to compliance with all of the discovery requirements in CMO 11. *See* CMO 11 Section III.

The CMO 11 requirements have different deadlines, depending on when a plaintiff's case was filed in federal court and docketed in the MDL.

      On January 15, 2020, Defendants filed a Motion for Order to Show Cause based on Plaintiff's failure to produce records demonstrating proof of her alleged vaginal or uterine bleed and failure to identify records regarding the timing of her alleged Xarelto use and injury. (R. Doc. 17555.) At that time, these were the only CMO 11 deficiencies ripe for inclusion in Defendants' Motion.

      On January 16, 2020, this Court entered an Order requiring Plaintiff or her counsel to appear before the Court on February 6, 2020 to demonstrate good cause as to why Plaintiff's case should not be dismissed with prejudice for failure to comply with CMO 11. (R. Doc. 17559.) On February 4, 2020, Defendants' counsel sent Plaintiff's counsel notice that Plaintiff had not addressed all of the deficiencies raised in Defendants' Motion. However, Plaintiff and her counsel failed to appear at the February 6, 2020 Show Cause Hearing as required by this Court's Order. (*See* R. Doc. 17593, R. Doc. 17559.) The Court therefore dismissed Plaintiff's case with prejudice for failure to comply with CMO 11. (R. Doc. 17590, R. Doc. 17593.)

In addition to the deficiencies ripe at the time of Defendants' Motion, Plaintiff has also failed to produce additional documents and medical records required by CMO 11, including:

1. All medical records from Plaintiff's prescribing physician regarding Plaintiff's alleged prescription of Xarelto;

2. All medical records from Albany Medical Center regarding Plaintiff's alleged lumbar laminectomy in July 2015, which is the surgical event Plaintiff alleges precipitated her Xarelto prescription;

3. All medical records from Sunnyview Rehabilitation in July and August 2015, which is the facility where Plaintiff was allegedly prescribed Xarelto;

4. All medical records from the emergency room where Plaintiff received initial treatment for her alleged bleeding event on August 18, 2015;

5. All medical records regarding treatment Plaintiff received for her alleged bleeding event, including all medical records from Albany Medical Center;

6. Records of all pharmacies that dispensed medications to Plaintiff within the last 12 years;

7. All records from Dr. Edward Liebers, a hematologist Plaintiff identified as providing treatment to her since January 2012;

8. Records from Dr. James Gaylord, Plaintiff's Primary Care Physician since January 2008;

9. Records from Saratoga Hospital, a facility where Plaintiff alleges she received relevant treatment within the last 12 years;

10. Records from Dr. Joseph Bell, a surgeon Plaintiff identified as providing treatment to her within the last 12 years;

11. Signed Preservation Notice Statement stating notices were sent and copies of notices sent to all physicians and/or other healthcare providers who treated Plaintiff for the period from January 1, 2012 to the present.

12. All medical records contemporaneous to the prescription and use of Xarelto and Plaintiff's claimed bleeding event that Plaintiff's expert reviewed and relied on in forming his opinions; and

13. An Affidavit of Compliance signed by the Plaintiff stating that (a) all records have been collected from all pharmacies that dispensed medications to the Plaintiff within the past 12 years and all of these records have been produced to the Defendants; and (b) the expert report and all medical records required by CMO 11 have been produced to Defendants.

Plaintiff's failure to produce these documents and records would soon be ripe for another Show Cause Hearing if Plaintiff's case were reinstated.

In short, Plaintiff did not comply with CMO 11 before the February 6, 2020 Show Cause Hearing. Neither Plaintiff nor her counsel appeared before the Court on February 6, 2020 to demonstrate good cause as to why Plaintiff had not complied with CMO 11. Weeks later, Plaintiff still has not fully complied with CMO 11. The Court's dismissal of Plaintiff's case for failure to comply with CMO 11 was therefore proper.

The proper administration of justice, and the functioning of MDLs in particular, requires that Court orders be enforced. When, as here, due process is afforded and Plaintiff continues to violate the Court's orders, the case must be dismissed if the Court's orders are to have any meaning. For the same reason, dismissals cannot be re-opened at will absent a valid reason permitted by the Rules. If dismissals for non-compliance were only temporary, and could be reversed whenever the Plaintiff finally decided he or she felt like complying, no one would have an incentive to timely comply with the Court's rulings, and MDLs would descend into chaos.

For all of these reasons, Plaintiff's motion to vacate should be denied.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/Andrew K. Solow*
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG*

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@faegredrinker.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 10, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

    */s/ Kim E. Moore*
    **Kim E. Moore**