UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE NORTH |

THIS DOCUMENT RELATES TO:

*Brown, et al. v. Janssen Research & Development, LLC, et al.*
CA# 2:19-cv-14669

# ORDER

On February 24, 2020, Plaintiffs, who are pro se litigants, filed a Motion to Appoint Pro Bono Counsel. R. Doc. 17626. On March 6, 2020, Plaintiffs clarified that the motion for appointment of pro bono counsel only relates to Plaintiff Lora Orozco and that Plaintiff Barbara Brown intends to voluntarily withdraw from this action "pending appointment of counsel for Lora Orozco." R. Doc. 17625 at 1–2.

"[A] litigant has no general right to a court-appointed attorney in a civil case." *Bracken v. G6 Hosp. LLC*, No. 4:14-CV-644-ALM-CAN, 2016 WL 3946791, at *2 (E.D. Tex. June 3, 2016*), report and recommendation adopted sub nom. Bracken v. G6 Hosp. Corp.*, No. 4:14-CV-644, 2016 WL 3917701 (E.D. Tex. July 20, 2016) (citing *FTC v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005)). A district court may appoint counsel "if doing so would advance the proper administration of justice," *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989), but appointment of counsel is not required "unless the case presents exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212, 212 (5th Cir. 1982). When determining whether exceptional circumstances warrant the

appointment of counsel, a district court should consider the following factors: "(1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) the existence of contradictory evidence and the necessity for skill in the presentation of evidence and in cross-examination." *Diggins v. Mearday*, No. CV 16-579-JWD-RLB, 2019 WL 5955271, at *1 (M.D. La. Nov. 12, 2019) (citing *Ulmer*, 691 F.2d at 213).

The instant case is essentially a claim for monetary damages. Plaintiffs believe that Dexter Brown, who was apparently homeless at the time, took Xarelto and died as a result of using the drug. However, Plaintiffs offer no proof to support their claim. Plaintiffs themselves admit that they do not know if any documents, particularly medical records, exist to support their claim and they offer no suggestion of how they may be able to obtain said documents if they do exist. *See* 17626-1 at 3. It is thus unclear to the Court how appointing counsel will enable Plaintiffs to cure these deficiencies in their case. The Court concludes that Plaintiffs have not demonstrated that their case presents "exceptional circumstances" that would warrant the appointment of counsel. Accordingly;

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Appoint Pro Bono Counsel, R. Doc. 17626, is **DENIED**.

New Orleans, Louisiana, this 12th day of March, 2020.

_____
UNITED STATES DISTRICT COURT JUDGE

CC:   Barbara Brown
      PO Box 5408
      Sugarloaf, CA 92386

Alice Brown
PO Box 60
Crescent City, CA 95531

Lora Orozco
P.O. Box 1262
Fort Jones, CA 96032