## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | **MDL No. 2592** |
| | : | |
| | : | **SECTION L** |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| *Brown et al.*, Civil Action No. 19-cv-14669 | : | **JUDGE ELDON E. FALLON** |
| | : | **MAGISTRATE JUDGE NORTH** |
| | : | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

Defendants Janssen Research & Development LLC, Johnson & Johnson, and Bayer Corporation ("Defendants") respectfully submit this joint brief in opposition to Plaintiffs' Ex Parte Application for Reconsideration of Plaintiffs' Ex Parte Application for Appointment of Pro Bono Counsel.

As an initial matter, Plaintiffs' request for reconsideration includes serious accusations against Defendants and their counsel.  *See* Pls.' Request ¶¶ 1(c), 2, and 2(a).  These accusations are patently false.  The pleading as a result should be stricken by the Court pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  *See United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012).

Defendants oppose Plaintiff's request for reconsideration.  Plaintiffs have failed to demonstrate any change in the law or the factual circumstances of this case which would warrant reconsideration of their request for the appointment of pro bono counsel.  When denying Plaintiffs' original request, the Court concluded:  "Plaintiffs have not demonstrated that their case presents 'exceptional circumstances' that would warrant appointment of pro bono counsel."  *See* R. Doc. 17629; *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982) (explaining that

appointment of counsel is not required "unless the case presents exceptional circumstances"). Nothing in Plaintiffs' request for reconsideration changes that conclusion. This is a case alleging personal injury and seeking monetary damages based on use of a prescription medication. The case was transferred to this Court for pretrial proceedings, and if Plaintiffs' claims survive to trial, the case will be tried in another venue. The fact that Plaintiffs have not identified an attorney on their own who is willing to take the case on a contingent fee basis does not amount to extraordinary circumstances that would entitle them to pro bono counsel.

Plaintiffs' request for reconsideration also conflates two issues: whether they have established the requisite exceptional circumstances that entitle them to the appointment of counsel, and whether they have complied with Case Management Order ("CMO") 11. The fact that Plaintiffs have not submitted all of the documents and records required by CMO 11 does not constitute the "extraordinary circumstances" that would entitle them to pro bono counsel.

With respect to the issue of compliance with CMO 11, Plaintiffs' request for reconsideration states that due to the current pandemic, Plaintiffs will not be able to retain an expert witness in time to meet the April 28th deadline to serve the requisite expert report. This does not necessitate the appointment of pro bono counsel, and it should have been addressed in the first instance by meeting and conferring with Defendants' counsel regarding a possible extension. In light of the pandemic, Defendants have agreed that Plaintiffs should be given an extension of time to June 1, 2020 to comply with all of their outstanding obligations under CMO 11 and have advised Plaintiffs accordingly. Defendants' counsel also invited Plaintiffs to meet and confer if Plaintiffs have particular issues beyond June 1, 2020.

In sum, Plaintiffs have not demonstrated a change in the law or facts necessary to warrant reconsideration of their request for appointment of pro bono counsel. There are no extraordinary

circumstances in this personal injury case that necessitate the appointment of pro bono counsel,

Plaintiffs' request for reconsideration should be denied.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: _/s/Andrew K. Solow_
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer Corporation*

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: _/s/ Susan M. Sharko_
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@faegredrinker.com

*Counsel for Defendants Janssen Research*
*& Development, LLC and Johnson & Johnson*

IRWIN FRITCHIE URQUHART & MOORE LLC

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*


CHAFFE McCALL L.L.P.

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*


## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on April 3, 2020, the foregoing pleading was sent to the plaintiffs in this individual action by United States mail, postage prepaid.

/s/ *Chanda A. Miller*
**Chanda A. Miller**

    The undersigned hereby certifies that on April 7, 2020, the foregoing pleading was filed electronically with the Clerk of the Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the Court's electronic filing system and served on all other counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

/s/ *Kim E. Moore*
**Kim. E. Moore**