UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2592 SECTION L |
| THIS DOCUMENT RELATES TO: *ALL CASES* | * * * | JUDGE ELDON E. FALLON MAGISTRATE NORTH |

**ALLOCATION ORDER**
(Allocation of Common Benefit Attorneys' Fees and Costs Reimbursement)

The Court previously entered its Order and Reasons on March 24, 2020, R. Doc. 17634, establishing a common benefit fee assessment of 12% and a cost reimbursement assessment of 2.75% applied to all cases except those enrolled in the Alternative Resolution Program and those who receive awards of $5,000 or less.

The Settlement Agreement is now fully funded, and the Settlement Funds have been deposited into a Qualified Settlement Fund pursuant to this Court's Order dated January 9, 2020. R. Doc. 17548. The Settlement Fund shall be used to: pay benefits to Eligible Claimants as set out in the Allocation Plan protocol; administer the settlement funds; and pay Common Benefit Fees and Costs.

Pursuant to the terms of the Private Settlement Agreement ("PSA"), all Enrolled Program Claimants and their Counsel have waived the right to any appeal of an order by this Court as to any common benefit fees or costs as the PSC did not seek, and this Court did not award, an assessment of fees or costs that exceeded the amounts set out in the Settlement Agreement.

Early in the litigation, the Court entered an Order setting forth the standards and procedures for any counsel seeking to apply for an award of common benefit fees and/or reimbursement of expenses in this litigation. *See* PTO 8 (R. Doc. 183). Pursuant to PTO 8,

approximately 70 firms have submitted time and/or expenses to the Court-appointed CPA Philip Garrett ("PG"). These law firms may be considered potential Fee Applicants.

An overarching consideration for the allocation of a Common Benefit Fee and Costs Award is the nature and extent of common benefit contributions of the Fee Applicants to the outcome of this litigation. Accordingly, the Court is interested in receiving input from Counsel who have performed significant roles in this MDL litigation and are familiar with the work performed by common benefit counsel.

In light of the COVID-19 pandemic currently impacting the world and in an effort to create a process that both defers to the official mandates for social distancing and furthers the interests of counsel and the Court in finalizing all remaining fee and cost issues, the Court will modify its prior practice in seeking needed input from counsel regarding common benefit fee allocation. Specifically, the Court will charge the members of the Plaintiffs' Executive Committee, along with one additional common benefit counsel to be designated by the Honorable Arnold L. New, Court of Common Pleas of Philadelphia County, (collectively, the Fee Allocation Liaison Counsel ("FALC")), to prepare a recommendation for the allocation of the aggregate common benefit fee and costs award in a manner consistent with the guidelines established in this Order. The designated FALC shall work in consultation and cooperation with the Plaintiffs' Steering Committee ("PSC") and the Xarelto Plaintiffs' Counsel Leadership ("XPCL") in arriving at a fee and cost allocation recommendation to the Court.

**IT IS HEREBY ORDERED** that:

1. The Court designates the FALC to be responsible for submitting to the Court an allocation recommendation for the allocation of common benefit fees and costs among all counsel and firms eligible to participate in the same.

2. The FALC shall be:

    a. Brian Barr, Levin Papantonio Thomas Mitchell Rafferty & Proctor;

    b. Andy Birchfield, Beasley Allen;

    c. Leonard Davis, Herman, Herman & Katz;

    d. Gerald Meunier, Gainsburgh, Benjamin, David, Meunier & Warshauer; and

    e. Michael Weinkowitz, Levin Sedran & Berman LLP.

3. The designation of FALC is a personal designation and the above designees cannot be substituted by other attorneys, including members of the designee's law firm, to perform the exclusive functions of the FALC, except with prior approval of the Court.

4. Co-Lead Counsel, Andy Birchfield and Brian Barr, shall call and preside over all meetings of the FALC. Co-Liaison Counsel, Leonard Davis and Gerald Meunier, shall maintain the books, minutes and records of the FALC.

5. Communication in any form between and among the FALC, including communications satisfying the obligation to work in consultation and coordination with the PSC and the XPCL, regarding the fee and cost allocation recommendation, and/or related matters, are privileged and confidential, and not subject to discovery.

6. All lawyers and law firms that submitted time and expenses to Philip Garrett, CPA, pursuant to PTO 8 shall cooperate fully with the FALC.

7. The following procedures and guidelines shall govern the orderly and efficient presentation of an allocation recommendation to the Court.

**STEP ONE: REVIEW OF TIME AND EXPENSES**

8. Counsel and their respective law firm which seeks compensation for common benefit time and reimbursement of expenses shall review their submissions made pursuant to

Pretrial Order No. 8 which have been submitted to Philip Garrett, CPA by April 15, 2020. No further time or expenses shall be submitted to Philip Garrett after this date.

9. Counsel shall review their own firm's entries posted on the Philip Garrett Case Cost Management System and assure that the recorded time and expense records are complete and accurate. Only time and expense records submitted pursuant to Pretrial Order No. 8 shall be considered by the Court.

10. Only time and expenses that are accurate and solely related to approved and assigned common benefit work shall be eligible for consideration of reimbursement for common benefit time and expenses. Fee Applicants shall include in their claim for consideration of a common benefit fee and costs award only time or expenses authorized by PTO 8 or this Order. The failure to submit accurate and reliable time and expense records in compliance with PTO 8 and this Order may result in sanctions, which may include the denial in whole or part of a common benefit fee and costs award.

**STEP TWO: SUBMISSION OF A FEE AFFIDAVIT TO THE FALC FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR COMMON BENEFIT SERVICES**

11. By no later than Friday, June 12, 2020, Fee Applicants shall deliver to the FALC through Co-Liaison Counsel (but not file with the Court) a completed and signed Fee Affidavit for Compensation for Common Benefit Time and Reimbursement of Expenses ("Fee Affidavit") providing all information required in the form attached as Exhibit "A" to this Order.  In particular, the Fee Affidavits shall provide the following:

    a. The extent to which the Fee Applicant made a substantial contribution to the outcome of the litigation;

b. The consistency quantum, duration and intensity of the Fee Applicant's commitment to the litigation;

c. The level of partner participation by each firm;

d. Membership and leadership on the PSC or Executive Committee;

e. Participation and leadership in discovery (motions, depositions);

f. Participation and leadership in law and briefing matters;

g. Participation and leadership in the development of experts and expert reports;

h. Participation and leadership in document review;

i. Activities surrounding the MDL bellwether trials and the trials designated as common benefit trials in coordinated state court litigation, and preparation therefor;

j. Participation and leadership in common benefit settlement negotiations or drafting of settlement documentation, and the administration of the settlement program (excluding individual representation);

k. Where MDL common benefit work occurred;

l. Leadership positions for groups engaged in authorized common benefit work;

m. Participation in ongoing activities such as the FALC or Settlement Administration, which are intended to provide common benefits;

n. Whether the Fee Applicant was involved in the litigation prior to the formation of this MDL, and the time and expense incurred during such time that was for common benefit;

o. Whether the Fee Applicant made significant contributions to the funding of the litigation;

    p. The PSC members, group members, or Executive Committee members whose commitment to the litigation di not ebb;

    q. Whether the Fee Applicant enrolled a client into the Settlement Program and thereby consented to the terms of the Private Settlement Agreement

    r. Any other relevant factors.

12. The Fee Affidavit is to be fully completed and signed by a senior partner of the law firm seeking an allocation of the Aggregate Common Benefit Fee and Costs Award, attesting to its truth and accuracy. Only one (1) Fee Affidavit shall be submitted for a particular law firm, and there is no need for individual counsel within a law firm to submit separate Fee Affidavits. The Fee Affidavits shall be kept confidential and only shared with the FALC or the Court's designees.

13. Fee Applicants shall provide Co-Liaison Counsel, as an attachment to their Fee Affidavit, a memorandum of no greater than one (1) page for every 1,000 hours posted by the Fee Applicant on the Philip Garrett Case Cost Management System, detailing and describing with particularity the professional services performed in this litigation and the common benefit contribution provided by the Fee Applicant for the benefit of all claimants in MDL 2592. Fee Applicants shall describe those aspects of their work which they believe best describe their firm's common benefit contribution to this litigation. The memorandum shall be prepared using 12-point font, double-spaced, and with margins of no less than 1 inch on all sides. Counsel signing the Fee Affidavit shall include a certification that their submission has been made following a review and audit of their submissions posted on the Philip Garrett Case Cost Management System for this

litigation and that the system contains the Fee Applicant's true and correct time and expense information, which complies with PTO 8 and this Order.

### STEP THREE: COMMON BENEFIT FEES AND COSTS ALLOCATIONS

14. In order to assist the Court with determining a fair and equitable allocation of the Common Benefit Fee and Costs Award, the FALC shall recommend an allocation of the amounts awarded by the Court to compensate counsel for common benefit fees and reimbursement of reasonable expenses. In making the recommendation, the FALC shall review the time and expenses submitted to Philip Garrett pursuant to PTO 8 as well as each of the Fee Affidavits, and take into consideration the common benefit work performed by the Fee Applicants. The FALC may conduct telephone and/or video interviews with Fee Applicants if determined to be necessary to fully evaluate a fee application and shall conduct telephone interviews if requested by a Fee Applicant in their Fee Affidavit.

15. The FALC shall evaluate the Fee Applicants' common benefit contributions, using objective measures and the FALC' subjective understanding of the relevant contributions of each Fee Applicant toward generating the benefits provided pursuant to the PSA and/or otherwise substantially advancing the litigation on behalf of all claimants in MDL 2592, in accordance with established protocols, and make a recommendation to the Court for consideration as to each Fee Applicant.

16. The FALC's implementation of this Order and its recommendation to the Court regarding allocation of the Common Benefit Fee and Costs Award should be governed and guided by this comprehensive statement of general principles. The over-arching guideline that

the FALC are to consider is the relative common benefit contribution of each Fee Applicant to the outcome of the litigation, including whether the Fee Applicant:

a. Made no known material common benefit contribution to the litigation;

b. Made isolated material common benefit contributions, but mostly "monitored" the material common benefit efforts of other firms and perhaps performed some document review;

c. Made periodic material common benefit contributions and/or mostly performed document review;

d. Made consistent material common benefit contributions from inception of the litigation through the announcement of the PSA;

e. Made consistent material common benefit contributions from inception of the litigation through the current date;

f. Was a leader taking primary responsibility to accomplish the goals of the PSC and was heavily relied upon by Co-Lead Counsel and provided consistent material common benefit contributions, full-time at times, from inception of the litigation through the announcement of the PSA;

g. Was a leader taking primary responsibility to accomplish the goals of the PSC and was heavily relied upon by Co-Lead Counsel and provided consistent material common benefit contributions, full-time at times, from inception of the litigation through the current date;

h. Was a senior leader taking primary responsibility to accomplish the goals of the PSC, organized others and/or led a team of common benefit attorneys and was heavily relied upon by Co-Lead Counsel and provided consistent material

    common benefit contributions almost full-time for a substantial time during the litigation; or

  i. Was a senior leader providing maximum senior leadership effort in terms of intensity, consistency, and duration relative to all other common benefit counsel, taking primary responsibility for the entire litigation to accomplish the goals of the PSC, engaging in overall strategic planning since the inception of the litigation, organizing others and/or leading one or more teams of common benefit attorneys, providing consistent material common benefit contributions, virtually full-time for much of the litigation, and will continue to the conclusion of this MDL.

17. The process outlined herein will afford Fee Applicants an opportunity to advocate their positions, in addition to providing time and expense record submissions and a Fee Affidavit. The FALC will be guided by governing fee jurisprudence to identify the factors that should be applied in making appropriate common benefit allocations. The *Johnson* factors are applicable to this litigation and should be considered in addition to other matters considered by the courts to evaluate fee allocations. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974); *In re High Sulfur Gulf Content Gasoline Prods. Liab. Lit.*, 517 F.3d 220, 226 n.6 (5th Cir. 2008); *In re: Vioxx Products Liability Litigation*, 802 F.Supp.2d 740 (E.D. La. 2011); and *Union Asset Mgmt Holding AG v. Dell, Inc.*, 669 F.3d 632, 644 (5th Cir. 2012). As such, the FALC should determine and weigh the following criteria: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the

case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

18. Numerous factors are pertinent for consideration to derive the appropriate allocation of fees among participating attorneys. Other special considerations here include:
    a. Fee Applicants will not be compensated for work performed without prior authorization by Co-Lead Counsel or the Executive Committee.
    b. Monitoring and review work not related to ongoing common benefit assignments is not compensable.
    c. Where work was performed by contract lawyers, Counsel are required to disclose the salary/wage of such contract lawyers to avoid paying windfall profits to Fee Applicants.

19. Beginning on or before June 15, 2020, the FALC, if necessary to fully evaluate a Fee Application or if requested by a Fee Applicant, may require that any Fee Applicant, who has timely submitted a Fee Affidavit, appear telephonically and/or by videoconference to respond to questions of the FALC as to the reasons, grounds and explanations for the Fee Applicant's entitlement to common benefit fees and reimbursement of expenses ("Fee Applicant Interview").

20. Upon conclusion of the requested Fee Applicant Interviews, the FALC shall deliberate to consider a proposed allocation recommendation for each Fee Applicant considering the

criteria established in this Order. The deliberations of the FALC are privileged, confidential and not subject to discovery.

21. By Friday, August 14, 2020, the FALC shall prepare a proposed allocation recommendation for each Fee Applicant that submitted a Fee Affidavit. The FALC shall provide to each Fee Applicant notice of the proposed allocation recommendation.

22. In the event a Fee Applicant objects to the proposed allocation recommendation, a detailed written objection setting forth with specificity the basis of the objection shall be submitted to Co-Liaison Counsel on or before 10 days after receipt of the proposed allocation recommendation.

23. By no later than Friday, September 11, 2020, after the review of any timely objection(s) to the proposed allocation recommendation, the FALC shall submit its final allocation recommendation for each Fee Applicant to the Court. The FALC shall provide to each Fee Applicant notice of the final allocation recommendation(s).

24. To the extent a Fee Applicant continues to maintain an objection to the final allocation recommendation, a detailed written objection setting forth with specificity the basis of the objection shall be provided to the Court within 10 days of the receipt of the notice of the final allocation recommendation. No applicant shall make an objection to the final allocation unless an objection was made to the proposed allocation recommendation or the final allocation recommendation was reduced from the proposed allocation.

25. In making the final allocation recommendation to the Court, the FALC shall exercise their discretion, as previously ordered by the Court, in evaluating which work and expenses furthered the common benefit of the litigation. The above guidelines provide

     direction, but do not create entitlements and do not override the independent judgment and discretion of the FALC and the Court.

26. The Court will then consider the FALC recommendation and any properly preserved objections to arrive at the Court's own independent final allocation of common benefit fees and costs.

27. Pursuant to the terms of the PSA, the Court's decision on the allocation of Common Benefit Fees and Expenses is final, binding and not subject to appeal.

New Orleans, Louisiana, this 10th day of April, 2020.

                                                  UNITED STATES DISTRICT JUDGE