UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL NO. 2592 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE NORTH |

**THIS DOCUMENT RELATES TO:**

*Brown, et al. v. Janssen Research & Development, LLC, et al.*
CA# 2:19-cv-14669

### ORDER & REASONS

Before the Court is Plaintiff Lora Orozco's Motion for Reconsideration. R. Doc. 17637. Defendants oppose the motion. R. Doc. 17638. The Court now rules as follows.

**I.  RELEVANT BACKGROUND**

This case is part of the *Xarelto* MDL. On February 24, 2020, Plaintiffs, who are pro se litigants, filed a Motion to Appoint Pro Bono Counsel. R. Doc. 17626. On March 6, 2020, Plaintiffs clarified that the motion for appointment of pro bono counsel only relates to Plaintiff Lora Orozco and that Plaintiff Barbara Brown intends to voluntarily withdraw from this action "pending appointment of counsel for Lora Orozco." R. Doc. 17625 at 1–2. On March 12, 2020, the Court denied Plaintiffs' petition for appointment of pro bono counsel. R. Doc. 17629.

**II.  PRESENT MOTION**

Plaintiff Lora Orozco now moves for reconsideration, requesting again that the Court grant the petition for appointment of pro bono counsel. R. Doc. 17637. Plaintiff alleges that the Court issued its Order based on "mistakes and errors of fact." R. Doc. 17637 at 2. Plaintiff also levels

1

serious allegations against Defendants, including that Defendants committed "fraud upon the Court" and provided false information to the Court. R. Doc. 17367 at 2.

Defendants oppose the motion, arguing that "Plaintiffs have failed to demonstrate any change in the law or the factual circumstances of this case which would warrant reconsideration of their request for the appointment of pro bono counsel." R. Doc. 17638 at 1. Defendants also highlight that Plaintiffs' request for reconsideration conflates two issues: "whether [Plaintiffs] have established the requisite exceptional circumstances that entitle them to the appointment of counsel, and whether they have complied with Case Management Order ("CMO") 11." R. Doc. 17638 at 2. Defendants aver that "[t]he fact that Plaintiffs have not submitted all of the documents 'and records required by CMO 11 does not constitute the 'extraordinary circumstances' that would entitle them to pro bono counsel." R. Doc. 17638 at 2. Defendants also vehemently deny Plaintiffs' accusations of fraud and providing false information to the Court, and request that they be stricken by the Court. R. Doc. 17638 at 1.

**III. LAW AND ANALYSIS**

The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, when a movant seeks review of a judgment, such as in the present case, courts treat a motion for reconsideration as either a Rule 59(e) motion to alter or amend judgment, or as a Rule 60(b) motion for relief from a judgment or order. *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 666 (5th Cir. 1986). The motion is considered a Rule 59(e) motion if filed no later than 28 days from the entry of a judgment, and a Rule 60(b) motion if filed after this time period. *See* Fed. R. Civ. P. 59(e). Here, Plaintiff filed her Motion within 28 days of entry of the Court's Order; thus, the Motion is treated as a Rule 59(e) motion to alter or amend judgment. A

Rule 59(e) motion serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Motions for reconsideration should not be avenues for relitigating old matters, raising new arguments, or submitting evidence that could have been presented before. *See Campbell v. St. Tammany Parish School Board, No. 98–2605*, 1999 WL 777720, at *1 (E.D. La. Sept. 29, 1999). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479 (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

"[A] litigant has no general right to a court-appointed attorney in a civil case." *Bracken v. G6 Hosp. LLC*, No. 4:14-CV-644-ALM-CAN, 2016 WL 3946791, at *2 (E.D. Tex. June 3, 2016*), report and recommendation adopted sub nom. Bracken v. G6 Hosp. Corp.*, No. 4:14-CV-644, 2016 WL 3917701 (E.D. Tex. July 20, 2016) (citing *FTC v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005)). A district court may appoint counsel "if doing so would advance the proper administration of justice," *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989), but appointment of counsel is not required "unless the case presents exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212, 212 (5th Cir. 1982). When determining whether exceptional circumstances warrant the appointment of counsel, a district court should consider the following factors: "(1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) the existence of contradictory evidence and the necessity for skill in the presentation of evidence and in cross-examination." *Diggins v. Mearday*, No. CV 16-579-JWD-RLB, 2019 WL 5955271, at *1 (M.D. La. Nov. 12, 2019) (citing *Ulmer*, 691

F.2d at 213).

As a preliminary matter, in its Order, the Court stated that it believed that Dexter Brown was homeless at the time of his Xarelto use. R. Doc. 17629 at 2. Plaintiff has since clarified that Mr. Brown resided with Plaintiff Lora Orozco. R. Doc. 17367 at 1–2. Although this was a misunderstanding unrelated to the merits of this case, Plaintiff now alleges that Defendants provided this information as a "fraud upon the Court to deny [Plaintiffs'] motion." R. Doc. 17367 at 2. This is a serious allegation and Plaintiff has provided no evidence to support that Defendants have been "fraudulent" in any way. Plaintiff is thus warned to refrain from making baseless allegations in her motions and her accusations of fraud and providing false information to the Court are to be stricken from the motion. Moreover, Plaintiff contends that all of Mr. Brown's medical records and pharmacy records have been uploaded to the BrownGreer portal. *See* R. Doc. 17637 at 2–3. Plaintiff thus requests that these records be allowed in as evidence in this matter. R. Doc. 17637 at 3. However, the Court notes that this motion only requests that it reconsider its denial of appointment of pro bono counsel and therefore will not address the admissibility of evidence at this time.

As stated in its previous Order, it is still unclear to the Court how appointing counsel will enable Plaintiffs to cure any deficiencies that they may have in their case and how Plaintiffs' case presents "exceptional circumstances" that would warrant the appointment of counsel. The Court thus finds that Plaintiff Lora Orozco has failed to demonstrate that she is entitled to the "extraordinary remedy" of reconsideration. Without providing additional evidence of the "extraordinary circumstances" that would entitle her to pro bono counsel or demonstrating that the Court's previous Order was based on a manifest error of law or fact, Plaintiff Lora Orozco seeks to have the Court reverse its judgment and appoint her pro bono counsel. The Court declines to do

so, as it based its Order denying Plaintiffs' request for appointment of pro bono counsel on careful consideration of the law and whether the present circumstances are so "extraordinary" as to warrant a court-appointed attorney in this case.

## IV.   CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, R. Doc. 17637, is **DENIED**.

New Orleans, Louisiana, this 23rd day of April, 2020.

_____
UNITED STATES DISTRICT COURT JUDGE

CC:   Lora Orozco
P.O. Box 1262
Fort Jones, CA 96032

Barbara Brown
PO Box 5408
Sugarloaf, CA 92386

Alice Brown
PO Box 60
Crescent City, CA 95531