

| DATE | DOCUMENT ID | DESCRIPTION | FILING | OVER PAYMENT | EXPED | CERT | COPY |
|---|---|---|---|---|---|---|---|
| 03/27/2017 | 201708303142 | AMENDED/RESTATED ARTICLES (AMA) | 50.00 | 0.00 | 0.00 | 0.00 | 0.00 |

## Receipt
This is not a bill. Please do not remit payment.

LUPER NEIDENTHAL & LOGAN
ATTN: ROGER T. WHITAKER
50 W. BROAD ST., STE 1200
COLUMBUS, OH 43215

# STATE OF OHIO
## CERTIFICATE

### Ohio Secretary of State, Jon Husted
702971

It is hereby certified that the Secretary of State of Ohio has custody of the business records for

**GRANDVIEW FAMILY PRACTICE, INC.**

and, that said business records show the filing and recording of:

Document(s)                                                         Document No(s):
**AMENDED/RESTATED ARTICLES**                                       **201708303142**

Effective Date: 03/23/2017

United States of America
State of Ohio
Office of the Secretary of State

Witness my hand and the seal of the Secretary of State at Columbus, Ohio this 27th day of March, A.D. 2017.

*Jon Husted*
Ohio Secretary of State

EXHIBIT
B

DOC ID ----> 201708303142

Case 2:14-md-02592-EEF-MBN   Document 17694-3   Filed 05/22/20   Page 2 of 8

From: Luper Neidenthal and Fax:   To: "16144857045@RCfax. Fax: (614) 485-7045   Page 3 of 9 03/23/2017 4:23 PM

Form 540 Prescribed by:
**JON HUSTED**
**OHIO SECRETARY OF STATE**
Toll Free: (877) SOS-FILE (877-767-3453)
Central Ohio: (614) 466-3910
www.OhioSecretaryofState.gov
busserv@OhioSecretaryofState.gov
File online or for more information: www.OhioBusinessCentral.com

Mail this form to one of the following:
Regular Filing (non expedite)
P.O. Box 1329
Columbus, OH 43216

Expedite Filing (Two business day processing time.
Requires an additional $100.00)
P.O. Box 1390
Columbus, OH 43216

RECEIVED
MAR 23 2017
OHIO SECRETARY OF STATE

# Certificate of Amendment
(For-Profit, Domestic Corporation)
**Filing Fee: $50**
**Form Must Be Typed**

**Check appropriate box:**

○ Amendment to existing Articles of Incorporation (125-AMDS)

● Amended and Restated Articles (122-AMAP) - The following articles supersede the existing articles and all amendments thereto.

**Complete the following information:**

Name of Corporation: Grandview Family Practice, Inc.

Charter Number: 702971

**Check one box below and provide information as required:**

○ The articles are hereby amended by the **Incorporators**. Pursuant to Ohio Revised Code section 1701.70(A), incorporators may adopt an amendment to the articles by a writing signed by them if initial directors are not named in the articles or elected and before subscriptions to shares have been received.

○ The articles are hereby amended by the **Directors**. Pursuant to Ohio Revised Code section 1701.70 (A), directors may adopt amendments if initial directors were named in articles or elected, but subscriptions to shares have not been received. Also, Ohio Revised Code section 1701.70(B) sets forth additional cases in which directors may adopt an amendment to the articles.

The resolution was adopted pursuant to Ohio Revised Code section 1701.70(B) _____
(In this space insert the number 1 through 10 to provide basis for adoption.)

○ The articles are hereby amended by the **Shareholders** pursuant to Ohio Revised Code section 1701.71.

● The articles are hereby amended and restated pursuant to Ohio Revised Code section 1701.72.

From: Luper Neidenthal and Fax:                    To: "16144857045@RCfax, Fax: (614) 485-7045        Page 4 of 9  03/23/2017 4:23 PM

**A copy of the resolution of amendment is attached to this document.**

Note: If amended articles were adopted, they must set forth all provisions required in original articles except that articles amended by directors or shareholders need not contain any statement with respect to initial stated capital. See Ohio Revised Code section 1701.04 for required provisions.

**Required**
Must be signed by all incorporators, if amended by incorporators, or an authorized officer if amended by directors or shareholders, pursuant to Ohio Revised Code section 1701.73(B) and (C).

If authorized representative is an individual, then they must sign in the "signature" box and print their name in the "Print Name" box.

Signature: [signed]

By (if applicable):

If authorized representative is a business entity, not an individual, then please print the business name in the "signature" box, an authorized representative of the business entity must sign in the "By" box and print their name in the "Print Name" box.

Print Name: Charles B. May, President

Signature: [signed]

By (if applicable):

Print Name:

Form 540                                    Page 2 of 2                              Last Revised: 4/17/2014

Case 2:14-md-02592-EEF-MBN   Document 17694-3   Filed 05/22/20   Page 4 of 8

From: Luper Neidenthal and Fax:                          To: *16144857045@RCfax. Fax: (614) 485-7045                    Page 5 of 9  03/23/2017 4:23 PM

## AMENDED AND RESTATED
## ARTICLES OF INCORPORATION
## OF
## GRANDVIEW FAMILY PRACTICE, INC.

**FIRST:** The name of the said corporation shall be: Grandview Family Practice, Inc.

**SECOND:** The place in Ohio where its principal office is to be located is Columbus, Franklin County, Ohio.

**THIRD:** The purpose for which the corporation is formed is to engage in any lawful act or activity for which corporations may be formed under Sections 1701.01 to 1701.98 inclusive of the Revised Code of Ohio.

**FOURTH:** The maximum number of shares of all classes which the corporation is authorized to have outstanding is Seven Hundred Fifty (750) all of which shall be without par value.

**FIFTH:** The board of directors is hereby authorized to fix and determine and to vary the amount of working capital of the corporation, to determine whether any, and, if any, what part of the surplus, however created or arising, shall be used or disposed of or declared in dividends or paid to shareholders, and without action by the shareholders, to use and apply such surplus, or any part thereof, or such part of the stated capital of the corporation as is permitted under the provisions of Section 1701.35 of the Ohio Revised Code, or any statute of like tenor or effect which is hereinafter enacted, at any time or from time to time, in the purchase or acquisition of shares of any class, voting trust certificates for shares, bonds, debentures, notes, scrip, warrants, obligations, evidences of indebtedness of the corporation, or other securities of the corporation, to such extent or amount and in such manner and upon such terms as the board of directors shall deem expedient.

**SIXTH:** Every statute of the State of Ohio hereafter enacted, whereby the rights or privileges of shareholders of a corporation organized under the General Corporation Law of said state are increased, diminished, or in any way affected, or whereby effect is given to any action authorized, ratified, or approved by less than all the shareholders of any such corporation, shall apply to the corporation and shall be binding upon every shareholder thereof to the same extent as if such statute had been in force at the date of the filing of these Articles of Incorporation.

**SEVENTH:** A director or officer of the corporation shall not be disqualified by his office from dealing or contracting with the corporation as a vendor, purchaser, employee, agent, or otherwise. No transaction or contract or act of the corporation shall be void or voidable or in any way affected or invalidated by reason of the fact that any director or officer, or any firm of which any director or officer is a member, or any corporation of which any director or officer is a shareholder, director, or trustee, or any trust of which any director or officer is a trustee or beneficiary, is in any way interested in such transaction or contract or act. No director or officer shall be accountable or responsible to the corporation for or in respect of any transaction or contract

or act of the corporation or for any gains or profits directly or indirectly realized by him by reason of the fact that he or any firm of which he is a member or any corporation of which he is a shareholder, director, or trustee, or any trust of which he is a trustee or beneficiary, is interested in such transaction or contract or act; provided the fact that such director or officer or such firm or corporation or such trust is so interested shall have been disclosed or shall have been known to the board of directors or such members thereof as shall be present at any meeting of the board of directors at which action upon such contract or transaction or act shall have been taken. Any director may be counted in determining the existence of a quorum at any meeting of the board of directors which shall authorize or take action in respect to any such contract or transaction or act, and may vote thereat to authorize, ratify, or approve any such contract or transaction or act, and any officer of the corporation may take any action within the scope of his authority respecting such contract or transaction or act with like force and effect as if he is a shareholder, director, or trustee, or any trust of which he is a trustee or beneficiary, were not interested in such transaction or contract or act. Without limiting or qualifying the foregoing, if in any judicial or other inquiry, suit, cause or proceeding, the question of whether a director or officer of the corporation has acted in good faith is material, then notwithstanding any statute or rule of law or of equity to the contrary (if any there be), his good faith shall be presumed, in the absence of proof to the contrary, by clear and convincing evidence.

    EIGHTH:     The corporation, through its board of directors, shall have the right and power to repurchase any of its outstanding shares at such price and upon such terms as may be agreed upon between the corporation and the selling shareholder or shareholders.

    NINTH:     Notwithstanding any provision of any statute of the State of Ohio, now or hereafter in force, requiring for any purpose the vote of the holders of shares entitling them to exercise two-thirds or any other proportion of the voting power of the corporation or of any class or classes of shares thereof, any action, unless otherwise expressly required by statute, may be taken by the vote of the holders of the shares entitling them to exercise a majority of the voting power of the corporation or of such class or classes.

DOC ID ----> 201708303142

Case 2:14-md-02592-EEF-MBN   Document 17694-3   Filed 05/22/20   Page 6 of 8

From: Luper Neidenthal and Fax:       To: "16144857045@RCfax. Fax: (614) 485-7045       Page 7 of 9   03/23/2017 4:23 PM

## MINUTES OF ACTIONS TAKEN IN WRITING WITHOUT A MEETING BY THE SHAREHOLDER OF GRANDVIEW FAMILY PRACTICE, INC.

Columbus, Ohio

March 23, 2017

The undersigned, being the sole shareholder of Grandview Family Practice, Inc., does hereby take the following actions by this writing, in lieu of a special meeting of shareholders, pursuant to the provisions of Section 1701.54 of the Ohio Revised Code.

RESOLVED, that the entire Articles of Incorporation and all amendments thereto in effect to date are restated in amended articles as set forth in Exhibit A to these minutes.

RESOLVED FURTHER, that the President of the corporation is hereby authorized and directed on behalf of the corporation to file the Certified of Amendment with the Secretary of State as required by the General Corporation Law of Ohio.

These minutes constitute a complete record of actions taken by the sole shareholder of the company effective the date first written above.

_____
Charles B. May

Exhibit A

## AMENDED AND RESTATED
## ARTICLES OF INCORPORATION
## OF
## GRANDVIEW FAMILY PRACTICE, INC.

FIRST: The name of the said corporation shall be: Grandview Family Practice, Inc.

SECOND: The place in Ohio where its principal office is to be located is Columbus, Franklin County, Ohio.

THIRD: The purpose for which the corporation is formed is to engage in any lawful act or activity for which corporations may be formed under Sections 1701.01 to 1701.98 inclusive of the Revised Code of Ohio.

FOURTH: The maximum number of shares of all classes which the corporation is authorized to have outstanding is Seven Hundred Fifty (750) all of which shall be without par value.

FIFTH: The board of directors is hereby authorized to fix and determine and to vary the amount of working capital of the corporation, to determine whether any, and, if any, what part of the surplus, however created or arising, shall be used or disposed of or declared in dividends or paid to shareholders, and without action by the shareholders, to use and apply such surplus, or any part thereof, or such part of the stated capital of the corporation as is permitted under the provisions of Section 1701.35 of the Ohio Revised Code, or any statute of like tenor or effect which is hereinafter enacted, at any time or from time to time, in the purchase or acquisition of shares of any class, voting trust certificates for shares, bonds, debentures, notes, scrip, warrants, obligations, evidences of indebtedness of the corporation, or other securities of the corporation, to such extent or amount and in such manner and upon such terms as the board of directors shall deem expedient.

SIXTH: Every statute of the State of Ohio hereafter enacted, whereby the rights or privileges of shareholders of a corporation organized under the General Corporation Law of said state are increased, diminished, or in any way affected, or whereby effect is given to any action authorized, ratified, or approved by less than all the shareholders of any such corporation, shall apply to the corporation and shall be binding upon every shareholder thereof to the same extent as if such statute had been in force at the date of the filing of these Articles of Incorporation.

SEVENTH: A director or officer of the corporation shall not be disqualified by his office from dealing or contracting with the corporation as a vendor, purchaser, employee, agent, or otherwise. No transaction or contract or act of the corporation shall be void or voidable or in any way affected or invalidated by reason of the fact that any director or officer, or any firm of which any director or officer is a member, or any corporation of which any director or officer is a shareholder, director, or trustee, or any trust of which any director or officer is a trustee or beneficiary, is in any way interested in such transaction or contract or act. No director or officer shall be accountable or responsible to the corporation for or in respect of any transaction or contract

DOC ID ----> 201708303142
Case 2:14-md-02592-EEF-MBN   Document 17694-3   Filed 05/22/20   Page 8 of 8

From: Luper Neidenthal and Fax:            To: "16144857045@RCfax. Fax: (614) 485-7045            Page 9 of 9  03/23/2017 4:23 PM

or act of the corporation or for any gains or profits directly or indirectly realized by him by reason of the fact that he or any firm of which he is a member or any corporation of which he is a shareholder, director, or trustee, or any trust of which he is a trustee or beneficiary, is interested in such transaction or contract or act; provided the fact that such director or officer or such firm or corporation or such trust is so interested shall have been disclosed or shall have been known to the board of directors or such members thereof as shall be present at any meeting of the board of directors at which action upon such contract or transaction or act shall have been taken. Any director may be counted in determining the existence of a quorum at any meeting of the board of directors which shall authorize or take action in respect to any such contract or transaction or act, and may vote thereat to authorize, ratify, or approve any such contract or transaction or act, and any officer of the corporation may take any action within the scope of his authority respecting such contract or transaction or act with like force and effect as if he is a shareholder, director, or trustee, or any trust of which he is a trustee or beneficiary, were not interested in such transaction or contract or act. Without limiting or qualifying the foregoing, if in any judicial or other inquiry, suit, cause or proceeding, the question of whether a director or officer of the corporation has acted in good faith is material, then notwithstanding any statute or rule of law or of equity to the contrary (if any there be), his good faith shall be presumed, in the absence of proof to the contrary, by clear and convincing evidence.

EIGHTH:   The corporation, through its board of directors, shall have the right and power to repurchase any of its outstanding shares at such price and upon such terms as may be agreed upon between the corporation and the selling shareholder or shareholders.

NINTH:   Notwithstanding any provision of any statute of the State of Ohio, now or hereafter in force, requiring for any purpose the vote of the holders of shares entitling them to exercise two-thirds or any other proportion of the voting power of the corporation or of any class or classes of shares thereof, any action, unless otherwise expressly required by statute, may be taken by the vote of the holders of the shares entitling them to exercise a majority of the voting power of the corporation or of such class or classes.