1  
2 BARBARA BROWN _____ (Full Name)  
3 _____ (Email Address)  
4 PO BOX 5408 _____ (Address Line 1)  
5 SUGARLOAF, CA 92386 ____ (Address Line 2)  
6 (951) 534-8277 _____ (Phone Number)  
7 PLAINTIFF _____ in Pro Per  
(indicate Plaintiff or Defendant)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

BARBARA BROWN, et al.,  
     Plaintiff,  
vs.  
JANSSEN RESEARCH &  
DEVELOPMENT, LLC, et al.  
_____,  
     Defendant(s).

Case No.: 19-cv-14669 EEF-MBN  
MDL NO: 2592  
SECTION L  MAG. JUDGE NORTH  

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO REMAND**

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. Introduction**

*(Include a brief summary of what you are asking the Court to do in this ex parte application and why. Be sure to tell the Court why this request is urgent and cannot be dealt with in a regularly noticed motion.)*

PLAINTIFF BARBARA BROWN REQUEST THIS CAUSE BE REMANDED TO THE ORIGINATING COURT AS THE PLAINTIFFS ARE OPTING OUT OF THE MULTIDISTRICT LITIGATION DUE TO IT'S IMPOSSIBLE DEMANDS, ETC. HASTE IS NECESSARY IN THAT THERE IS A THREAT OF DISMISSAL OF THIS LAWSUIT ON JUNE 1, 2020 FOR FAILURE TO COMPLY WITH CMO 11.

## II. Factual and Procedural History

*(Include a brief statement of the factual and procedural history of this case as relevant to this ex parte application.)*

On November 19, 2019, Plaintiffs Barbara Brown, Alice Brown, and Lora Orozco filed a Complaint against Janssen Research & Development, LLC, Bayer Corporation, and Johnson & Johnson Inc. in the United States District Court Northern District of California. The lawsuit was filed as a Personal Injury: Health Care/Pharmaceutical Personal Injury Product Liability and Wrongful Death case.

On November 20, 2019, the Court issued an order GRANTING Plaintiff's motion for leave to proceed In forma pauperis due to extreme poverty. The matter was transferred to the United States District Court Eastern District of Louisiana for Multi-District Litigation the following month.

On December 30, 2019, the Complaint was docketed in the MDL No. 2592 section L In Re: Xarelto (Rivaroxaban) Products Liability Litigation with Judge Eldon E. Fallon presiding and Magistrate Judge North.

On January 3, 2020, Plaintiffs received the Case Management Order No. 11 ("CMO 11") from Defendants Janssen Research & Development and Johnson & Johnson, Inc. through the mail.

On February 11, 2020, Plaintiffs received a Deficiency Notice from Defendants' attorney Kaitlyn Stone claiming that the failure to cure the numerous deficiencies will result in the Defendants seeking this case be dismissed with prejudice for failure to comply with CMO 11, knowing some of the deficiencies cannot be cured due to death.


Page Number

Memorandum of Points and Authorities

IN THE "DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION" DATED APRIL 3, 2020, THE DEFENDANTS STATED, "...DEFENDANTS HAVE AGREED THAT PLAINTIFFS SHOULD BE GIVEN AN EXTENSION OF TIME TO JUNE 1, 2020 TO COMPLY WITH ALL OF THEIR OUTSTANDING OBLIGATIONS UNDER CMO 11..." THIS LEEWAY WAS GIVEN BY THE DEFENDANTS TO THE PLAINTIFFS DUE TO THE FACT THAT THE PLAINTIFFS WERE HAVING A DIFFICULT TIME LOCATING A LICENSED PHYSICIAN TO RENDER A SPECIFIC CAUSATION OPINION REPORT, IN COMPLIANCE WITH CASE MANAGEMENT ORDER NO. 11 (CMO 11), DUE TO THE UNAVAILABILITY OF PHYSICIANS PREOCCUPIED WITH CORONAVIRUS AND COVID-19 CASES AND DEATHS.

THE PLAINTIFFS ARE UNABLE TO CONTINUE IN THIS MULTIDISTRICT LITIGATION BECAUSE THEY ARE UNABLE TO CONVINCE THE PHYSICIANS THAT TREATED DEXTER BROWN TO PREPARE THE REPORT REQUIRED UNDER RULE 26(a)(2) TO BE IN COMPLIANCE WITH CMO 11. FOR VARIOUS REASONS, THE PHYSICIANS HAVE REFUSED THE PLAINTIFFS' REQUESTS AND HAVE INFORMED THE PLAINTIFFS THAT THEY HAVE NO IDEA WHAT THE REPORT IS, HOW TO PREPARE IT, HOW MUCH TO CHARGE FOR IT, BECAUSE THEY HAVE NEVER DONE THIS BEFORE AND THEY WON'T DO IT NOW FOR THIS CAUSE OF ACTION. SOME OF THE PHYSICIANS ARE FEARFUL OF BEING SUED AND BEING HELD LIABLE FOR ANYTHING THEY WRITE IN THE REQUIRED REPORT. THEREFORE, THE PLAINTIFFS OPT OUT OF THE MULTIDISTRICT LITIGATION.

ON FEBRUARY 28, 2020, DEFENDANTS' ATTORNEY KIM E. MOORE INFORMED THE COURT, "THAT UNDER PTO 9 SECTION II, THIS ACTION, IF IT SURVIVES PRETRIAL DISMISSAL, WILL BE TRIED IN ANOTHER DISTRICT COURT AND NOT IN THIS DISTRICT," IN HER OPPOSITION LETTER TO THE COURT

## III. Argument

*(Explain the legal basis for the ruling you are asking the Court to make, with citations to relevant law, such as the Federal Rules of Civil Procedure, statutes, case law, and local rules, where applicable. The argument should show the Court how these legal authorities, when applied to the facts of your case, indicate that the Court should rule in your favor.)*

The Plaintiffs filed a cause of action in the United States District Court Northern District of California in an exercise of their First Amendment rights of redress. The matter was transferred to the United States District Court Eastern District of Louisiana to be part of the Xarelto Products Liability Multidistrict Litigation without informing the Plaintiffs.

On December 10, 2019, the Judicial Panel on Multidistrict Litigation sent the Conditional Transfer Order (CTO-196) and Notice of Filing of Conditional Transfer Order (CTO-196) to the Plaintiffs. At that time, Plaintiffs believed that if they did not file notices of opposition, their case would be part of the settlement program in this MDL. They discovered they were not part of the settlement program on January 28, 2020. The deadline to oppose the transfer of this case to this court was December 17, 2019.

Case Management Order No. 11 (CMO 11) is unreasonable and unconstitutional. Pro se litigants are tasked with complying with the demands of the order even if the financial costs to them exceeds their monthly income. American citizens cannot be denied justice because the court mandates they search the nation to hire a physician to prepare a Rule 26(a)(2) report that could costs thousands of dollars. Poor people do not have thousands of dollars to comply with CMO 11 and should not be denied justice due to their poverty. The Plaintiffs cannot afford to be part of this MDL and hereby opt out of the MDL, and requests remand.

## IV. Conclusion

For the reasons stated above, this Court should grant the ex parte application.

DATED: MAY 27, 2020

Respectfully submitted,

By: _Barbara Brown_
(signature)

_BARBARA BROWN_
(name)

_PLAINTIFF_ in Pro Per
(indicate Plaintiff or Defendant)

1
2  BARBARA BROWN _____ (Full Name)
3  _____ (Email Address)
4  PO BOX 5408 _____ (Address Line 1)
5  SUGARLOAF, CA. 92386 ___ (Address Line 2)
6  (951) 534-8277 _____ (Phone Number)
7  PLAINTIFF _____ in Pro Per
   (indicate Plaintiff or Defendant)
8
9              UNITED STATES DISTRICT COURT
10             EASTERN  DISTRICT OF LOUISIANA
11
12  BARBARA BROWN, et al.,           Case No.: 19-CV-14669 EEF-MBN
                                     MDL NO: 2592
13             Plaintiff,            SECTION L  MAG. JUDGE NORTH
14     vs.                           DECLARATION IN SUPPORT OF
15  JANSSEN RESEARCH &               EX PARTE APPLICATION TO
16  DEVELOPMENT, LLC, et al.         REMAND
17  _____,
18             Defendant(s).
19
20  I, (name) BARBARA BROWN _____, declare as follows:
21     1.   I am the    ☒ Plaintiff    ☐ Defendant   in the above-entitled case.
22     2.   I have personal knowledge of the following facts, and, if called as a
23
24  witness, I could and would competently testify thereto.
25     3.   I contacted the opposing counsel/unrepresented party on
26
27  MAY 22, 2020 (date) to give notice that I would be filing this ex parte
28  application.

4. The contact information of the opposing counsel/unrepresented party is as follows:

**Opposing Counsel/Unrepresented Party 1**

Name: CHANDA MILLER

Phone number: (215) 988-1197

Address: FAEGRE DRINKER BIDDLE & REATH LLP
600 CAMPUS DRIVE FLORHAM PARK, NJ 07932

Email address: chanda.miller@faegredrinker.com

**Opposing Counsel/Unrepresented Party 2**

Name: JOAN GODDARD

Phone number: (212) 836-7429

Address: ARNOLD & PORTER LLP
250 WEST 55th STREET NEW YORK, NY 10019

Email address: joan.goddard@arnoldporter.com

5. Opposing counsel/unrepresented party informed me that he or she:

☑ will oppose the ex parte application. Opposing counsel/unrepresented party said that his or her reasons for opposing the ex parte application are:

"THE MDL WAS CREATED TO SUPERVISE ALL PRETRIAL PROCEEDINGS, NOT JUST SETTLEMENT." -QUOTE BY CHANDA MILLER

1  ☐  will not oppose the ex parte application.

2  ☐  was unreachable. I made the following unsuccessful attempts to reach the opposing counsel/unrepresented party: _____

¶#6. I AM PROCEEDING IN THIS CASE AS A PRO SE LITIGANT WITH INFORMA PAUPERIS STATUS DUE TO MY BELOW POVERTY INCOME. I DO NOT HAVE THE FUNDS TO HIRE A RANDOM PHYSICIAN TO COMPLY WITH THIS COURT'S CMO 11 REQUIRING ALL PLAINTIFFS TO OBTAIN A RULE 26(a)(2) REPORT TO SUPPLY TO ALL DEFENDANTS. (SEE EXHIBIT A)

¶#7. I HAVE CONTACTED THE HOSPITALS THAT TREATED DEXTER BROWN AFTER HIS BRAIN HEMORRHAGE AFTER CONSUMING XARELTO. NONE OF THE DOCTORS ARE ABLE TO OR WILLING TO PREPARE THE RULE 26(a)(2) REPORT TO COMPLY WITH CMO 11. ONE DOCTOR LEFT THE STATE. THE OTHER DOCTORS ARE AFRAID TO PREPARE THE REPORT FOR FEAR OF BEING SUED AND OTHER LIABILITY ISSUES.

¶#8. Due to the coronavirus and Covid 19 and all the deaths associated with these unknown diseases, physicians are not readily available to be available to read over one thousand pages of Dexter Brown's medical files and prepare a Rule 26(a)(2) Report for free or at a cost. Most of the Drs & hospitals I called did not know anything about this kind of report and refused to be for hire for fear of the unknown.

¶#9. Lora Orozco, Alice Brown, and I have discussed the remand motion and we all agree that we want the case remanded to the originating court for trial purposes. We are not part of the settlement program and are wanting to go forward to trial and not settlement. We object and do not consent to be part of this multidistrict litigation in this court. We all oppose the transfer and request the case to be remanded to originating court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __May 27, 2020__, in __Sugarloaf, California__.
(date of signing) (city, state of signing)

__Barbara Brown__
(signature)

__BARBARA BROWN__
(name)

__Plaintiff__ in Pro Per
(indicate Plaintiff or Defendant)