**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | **MDL No. 2592** |
| | : | |
| | : | **SECTION L** |
| **THIS DOCUMENT RELATES TO:** | : | |
| | : | |
| *John Burke v. Janssen Research* | : | **JUDGE ELDON E. FALLON** |
| *& Development, LLC et al.* | : | **MAGISTRATE JUDGE NORTH** |
| No. 2:20-CV-00750 | : | |

**THE JANSSEN AND BAYER DEFENDANTS' RESPONSE TO DEFENDANTS**
**CHARLES MAY, D.O. AND GRANDVIEW FAMILY PRACTICE, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

The Janssen and Bayer Defendants agree with the Ohio-resident Healthcare Defendants Charles May, D.O. and Grandview Family Practice, Inc.'s requested relief that the "Court dismiss the Complaint as to [Dr. May and Grandview Family Practice] so that the Court can retain jurisdiction over the remaining Pharmaceutical Defendants." Healthcare Def. Mot. Dismiss at 2-3, Dkt. No. 2-14-md-02592-EEF-MBN ("Dkt. No. 2592"), R. Doc. 17694-1.[1]  The Healthcare Defendants are fraudulently joined and should be dismissed for the following separate and independent reasons.

*First*, Plaintiff's complaint is entirely conclusory as to the Healthcare Defendants and does not allege any act of negligence or malpractice by either Healthcare Defendant, in violation of the Supreme Court's *Iqbal/Twombly* pleading standard and the Fifth Circuit's "Rule 12(b)-type"

---

[1] The Healthcare Defendants' Motion does not seek a dismissal of the entire action but seeks only dismissal of the claims against them.  The Janssen and Bayer Defendants' response filed herein is without prejudice to the defense that one or more Defendants have not been served.

standard for evaluation of fraudulently joined claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

*Second*, Plaintiff has failed to provide an affidavit of merit supporting the medical malpractice claim as required by Ohio law, and the deadline for submission of such affidavit has expired. Ohio Civ. R. 10(D)(2)(a).

*Third*, Plaintiff has failed to timely serve either Healthcare Defendant with the Complaint by the required deadline. Fed. R. Civ. P. 4(m).

Because Plaintiff has not pled any act of negligence or malpractice, has not provided an affidavit of merit, and has not timely served the Healthcare Defendants, it is not surprising that the plaintiff has not disputed that the Healthcare Defendants are fraudulently joined and has not sought to remand this action to state court.

In the alternative, if the Court is not inclined to outright dismiss the medical malpractice claims against the Healthcare Defendants, the Court should sever and remand the alleged medical malpractice claims, and retain jurisdiction over the claims against the Janssen and Bayer Defendants.

## <u>ARGUMENT</u>

### A.   The Healthcare Defendants Are Fraudulently Joined Under Fifth Circuit's Rule 12(b)(6) Analysis and Plaintiff's Failure to Comply with Ohio Law

Janssen and Bayer removed this action from Ohio state court because the Complaint fraudulently joined alleged medical malpractice claims against the Ohio-resident Healthcare Defendants. Notice of Removal, Dkt. No. 2:20-cv-00750-EEF-MBN (Dkt. No. 0750"), R. Doc. 1. As explained in the Healthcare Defendants' Motion to Dismiss, "Plaintiff did not dispute the allegation of fraudulent joinder and did not seek to remand the case to state court." Healthcare Def. Mot. at 2, Dkt. No. 2592, R. Doc. 17694-1. Even though the Healthcare Defendants "and

Plaintiff are all residents of Ohio," the Healthcare Defendants only seek dismissal or remand of the claims against them and do not seek a dismissal or remand of the entire case or the claims against the Janssen and Bayer Defendants.  Healthcare Def. Mot. at 3, Dkt. No. 2592, R. Doc. 17694-1.  To the extent the Court considers subject matter jurisdiction more generally, the threshold jurisdictional question is whether the Healthcare Defendants have been fraudulently joined based on the allegations in the Complaint.  If a party is deemed to be fraudulently joined, its citizenship is to be disregarded for purposes of diversity jurisdiction.  *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 515 (5th Cir. 2009).

"When evaluating whether a plaintiff has a reasonable basis of recovery under state law, courts in the Fifth Circuit 'conduct a Rule 12(b)(6)-type analysis,' examining whether there is a viable state law claim against the non-diverse defendant." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004)).  In ruling on fraudulent joinder questions, the Rule 12(b)(6)-type analysis contemplated by the Fifth Circuit focuses on "a plaintiff's 'failure to state a claim upon which relief can be granted.'" *Inclusive Communities Project, Inc. v. Lincoln Prop. Co*., 920 F.3d 890, 899 (5th Cir. 2019) (quoting FED. R. CIV. P. 12(b)(6)).  "[I]f the complaint does not contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" then dismissal is warranted.  *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleges.'" *IberiaBank Corp. v. Ill. Union Ins. Co*., 953 F.3d 339, 345 (5th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678); *see also Twombly*, 550 U.S. at 570.  A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, assuming all the allegations are true." *Powers v. Northside Independent Sch. Dist*., 951 F.3d 298, 305 (5th Cir. 2020) (citing *Twombly*, 550 U.S. at 555-56).

"[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allies Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Here, Plaintiff Burke's Complaint alleges only "[t]he medical care rendered to Decedent by Defendant, Charles May, D.O., was negligent in that he failed to exercise the degree of skill, care and diligence required of a healthcare provider under the same or similar circumstances." Compl. ¶ 249, Dkt. No. 0750, R. Doc. 1-1.  Such a conclusory and speculative allegation does not provide this Court with any factual or legal basis to draw any inference or conclusion that Plaintiff has a viable claim for recovery under applicable Ohio law.[2]  *Inclusive Communities Project, Inc.*, 920 F.3d at 899 (citing *Iqbal*, 556 U.S. at 678); *Fernandez-Montes*, 987 F.2d at 284.   As the Supreme Court stated in *Iqbal* and *Twombly*:  "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief may be granted, "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555.

Not only is the Complaint deficient based on the Fifth Circuit's Rule 12(b)(6) fraudulent joinder analysis, Plaintiff Burke has not complied with Ohio substantive law, codified at Ohio Civil Rule 10(D)(2)(a), requiring a plaintiff to file an affidavit of merit, provided by an expert, detailing the facts and basis for an alleged medical malpractice claim.  Ohio Civ. R. 10(D)(2)(a); *see also Fletcher,* 897 N.E.2d 147, 149 (2008).[3]  Rule 10(D)(2)(a) requires the following:

---

[2] Ohio holds medical malpractice claims to a heightened standard, requiring submission of an affidavit of merit detailing the facts and circumstances of the claim in order to establish the adequacy of a plaintiff's complaint.  Ohio Civ. R. 10(2)(a); *see also Fletcher v. Univ. Hosp. of Cleveland*, 897 N.E.2d 147, 149 (2008).

[3] On January 14, 2020, Plaintiff Burke requested a 90-day extension to file his expert report.  The court granted the motion on the same day, which would have made the report due no later than April 14, 2020.  *See* R. Doc. No. 0F001-S87 (attached as Exhibit A).  Plaintiff still has not served the required report.

(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

(ii) A statement that the affiant is familiar with the applicable standard of care;

(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

Ohio Civ. R. 10(D)(2)(a)(i)-(iii).  Consistent with Rule 12(b)'s factual pleading requirements, the purpose of the Ohio statute is to "deter the filing of frivolous medical-malpractice claims." *Troyer v. Janis*, 971 N.E.2d 862, 863 (2012); *Erwin v. Bryan*, 929 N.E.2d 1019, 1023-24 (2010) (Ohio law "deters filing actions against all medical providers who cared for a patient," discouraging plaintiffs from naming "every health-care provider mentioned in a patient's medical records…"). The "rule is designed . . . to ensure that only those plaintiffs truly aggrieved at the hands of the medical profession have their day in court." *Fletcher*, 897 N.E.2d at 149.

The failure to comply with Rule 10(D)(2)(a) has been interpreted by federal courts as a substantive requirement of Ohio law.  As one court observed, the "overwhelming majority position" is that affidavit requirements to support a medical malpractice claim "are substantive[,] not in conflict with federal rules" and therefore the failure to comply is grounds for dismissal. *Bennafield v. U.S.*, 2013 WL 5173221, at *2 (N.D. Ohio Sept. 12, 2013) (dismissing medical-based claims because plaintiff failed to file an affidavit of merit pursuant to Ohio Civ. R. 10(d)); *see also Schumacher v. Corr. Corp of Am.*, 2016 WL 3629015, at *1-5 (N.D. Ohio July 7, 2016) (same); *Kollin v. City of Cleveland*, 2013 WL 10914611, at *1-3 (N.D. Ohio May 24, 2013) (same); *Perotti v. Medlin*, 2009 WL 723230, at *1-2 (N.D. Ohio Mar. 16, 2009) (same); *Nicholson v. Catholic Health Partners*, 2019 WL 700768, at *1-4 (N.D. Ohio Mar. 13, 2009) (same).  *But see Beair v. Ohio Dept Rehab.*, 156 F.Supp.2d 898 (N.D. Ohio 2016) (holding Ohio Civ. R. 10(d)(2) did not apply); *Fletcher*, 897 N.E.2d at 151; *Hall v. Northside Med. Ctr. & Internal Med.-Surgical*

*Ctr.*, 897 N.E.2d 717, 721 (2008) (under the current incarnation of Ohio Civ. R. 10, courts may dismiss a complaint for failure to provide an affidavit of merit).

Similarly, district courts within the Fifth Circuit have dismissed cases for failure to serve requisite reports demonstrating the sufficiency of alleged professional negligence claims required by state law.  *See Dunhill Partners, Inc. v. State Auto. Mutual Ins. Co.*, 2013 WL 12126234, at *4 (N.D. Tx. Mar. 14, 2013) ("a plaintiff cannot sue a licensed engineer without a certificate of merit filed concurrently with the lawsuit").  For example, the court in *Dunhill* held that "diversity endures because all claims against a resident professional engineering firm are futile in the absence of a certificate of merit."  *Id.* at 5.  The court denied the motion to remand "because a state court would have dismissed the claims against [the same-state defendant] upon finding that Plaintiffs failed to file a certificate of merit with their petition." *Id.*

Because Plaintiff Burke's Complaint is devoid of any factual basis demonstrating the possibility of recovery and he has not satisfied Ohio substantive law by serving the required affidavit, despite having requested additional time which has now expired (*see* footnote 3 below), this Court should find that the Healthcare Defendants have been fraudulently joined and confer jurisdiction over the remaining claims against the Janssen and Bayer Defendants.

**B.     Plaintiff's Failure to Serve Complaint is Grounds for Dismissal of the Non-Essential Healthcare Defendants**

Because Plaintiff Burke has not timely served the Healthcare Defendants with the Complaint, the claims against them should be dismissed so that the Court can effectuate subject matter jurisdiction.  "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *see also Dayton Indep. School District v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1068 (5th Cir. 1990) (dismissing dispensable

non-diverse party, "thereby restoring diversity jurisdiction."); *Aetna Cas & Cur. Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986) ("A district court can drop a non-diverse party whose presence is not essential to the suit to preserve and perfect diversity jurisdiction.").

At the outset, the Janssen and Bayer Defendants note that the failure to serve the Healthcare Defendants is further proof that Plaintiff is not serious about pursuing a claim against them and that those defendants are fraudulently joined.  Moreover, the Healthcare Defendants are non-essential, dispensable parties to the product liability claims against the Janssen and Bayer Defendants.  The presence of the Healthcare Defendants does not change that Plaintiff can already obtain complete relief on the product liability claims, his interests will not be impaired if the Healthcare Defendants are dismissed from this action, and there is no evidence that parties will have inconsistent obligations.  Fed. R. Civ. P. 19(a).  Unlike the claims against the Janssen and Bayer Defendants, the standard that will apply to the claims against the Healthcare Defendants is whether they—as a physician and family practice—acted below the standard of care for a treating physician.

Because Plaintiff Burke has not timely served the Healthcare Defendants, the claims against them should be dismissed pursuant to Fed. R. Civ. P. 4(m).  Dkt No. 2592, R. Doc. 17694-1, Def. Mot. at 2, fn. 2 ("The Medical Defendants have not been served with a summons or the Complaint.").  As stated in the Rule, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Plaintiff filed suit on January 14, 2020 (*See* Compl., Dkt. No. 0750, R. Doc. 1-1) and this action was removed to federal court on February 21, 2020.  Notice of Removal, Dkt. No. 0750, R. Doc. 1.  Under Fed. R. Civ. P. 4(m), Plaintiff had until April 13, 2020 to serve all of the defendants.

As of the date of this filing—more than 4 months after filing of the Complaint and more than 3 months after removal—Plaintiff has still not served the Healthcare Defendants.[4]   A plaintiff's failure to serve a complaint within the specified time requires dismissal here. *Vakaiyan v. City of Wichita Falls, Tx.*, 317 F. App'x 406 (5th Cir. 2009) (affirming dismissal for failure to timely serve complaint to remaining defendants).   Just as it has dismissed non-essential, non-diverse Bayer entities for failure to serve the complaint in order to retain jurisdiction over the essential diverse Janssen and Bayer Defendants (*see* R. Doc. No. 12931; 17685), the Court should dismiss the non-essential, non-diverse Healthcare Defendants for failure to serve the complaint and retain jurisdiction over the essential, diverse Janssen and Bayer Defendants.

## C.    The Healthcare Defendants Are Misjoined and Any Medical Malpractice Claim Should be Severed Pursuant to Federal Rule of Civil Procedure 21

Dismissal and severance of the medical malpractice claims also is warranted on grounds of misjoinder under Rule 21.   A court may "at any time, on just terms . . . sever any claim against a party." Fed. R. Civ. P. 21.   Indeed, courts routinely sever and remand claims against nondiverse healthcare defendants to preserve their jurisdiction over claims against pharmaceutical manufacturers.  *See, e.g.*, *Varley v. Tampax, Inc.*, 855 F.2d 696, 700–01 (10th Cir. 1988) (ordering dismissal without prejudice of non-diverse malpractice claims and judgment in favor of diverse product liability defendant); *DeGidio v. Centocor, Inc.*, No. 3:09-CV- 721, 2009 WL 1867676, at *2 (N.D. Ohio June 29, 2009) (severing and remanding non-diverse healthcare defendants).

The facts here demonstrate that Plaintiff Burke's claims should be severed.   This Court previously ruled on a motion to sever the claims of a healthcare defendant in *Robert Murphy v. Janssen Pharm. et al.*, Case No. 2:14-md-02592-EEF-MBN (E.D. La. Aug. 19, 2016), after

---

[4]  The Court has discretion to address procedural matters before addressing subject matter jurisdiction. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 127 S. Ct. 1184, 1191-92 (2007) ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits" (citations omitted)).

considering "whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation." *Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826, 837 (1989).  In *Murphy*, the court declined to sever the claims because the Texas-resident plaintiff pled detailed facts and circumstances regarding the alleged malpractice and served an expert report required under Texas state law to state a medical malpractice claim.  *Murphy*, Case No. 2:14-md-02592-EEF-MBN (E.D. La. Aug. 19, 2016), at 11.

Unlike *Murphy*, where the plaintiff's complaint contained detailed factual allegations and the plaintiff had served the healthcare defendants and provided an expert report, Plaintiff Burke here did not assert a facially valid malpractice claim prior to removal, did not serve the Healthcare Defendants and has not served an affidavit of merit as required by Ohio State law. *Murphy*, Case No. 2:14-md-02592-EEF-MBN, at 15.  Nor has Plaintiff Burke articulated any "strategic interests in joining defendants" in the same lawsuit, or that "deference" to a state forum is preferred, particularly since Plaintiff Burke has not filed any motion to remand.  *Id*.  All of the factors here demonstrate that Plaintiff Burke will not be prejudiced and that the medical malpractice claims should be severed.[5]  Indeed, the Healthcare Defendants' Motion seeks only a dismissal of the medical malpractice claims against them and specifically requests that the Court retain jurisdiction over the claims against the Janssen and Bayer Defendants.

---

[5] These same facts support a finding of misjoinder under *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Ngo v. Essex Ins. Co.*, No. 07-7643, 2008 WL 4544352, at *2 (E.D. La. Oct. 9, 2008) (The Fifth Circuit "has appeared to adopt the [Tapscott improper joinder] doctrine.").  As explained by the Fifth Circuit in *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531 (5th Cir. 2006), "[t]o the extent the severance decision was tantamount to a finding of improper joinder, we agree with that finding." *See also In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 2020 WL 598043 (E.D.La. Feb. 7, 2020).  Under Ohio Civil Rule 19, Plaintiff Burke is not prejudiced from the severance of the medical malpractice claims against the Healthcare Defendants since that relief is separate and based on different standards than those governing the product liability claims against the Janssen and Bayer Defendants.

## CONCLUSION

For the foregoing reasons, the Healthcare Defendants should be dismissed on fraudulent joinder grounds, or in the alternative the claims against them should be severed and the Court should retain jurisdiction over the claims against the Janssen and Bayer Defendants.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: /s/Andrew Solow
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendant Bayer HealthCare Pharmaceuticals Inc.*

**FAEGRE DRINKER BIDDLE & REATH LLP**
By: /s/ Susan M. Sharko
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@faegredrinker.com

*Counsel for Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development, LLC, Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*

    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*

**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*

    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on June 8, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

        /s/ *Kim E. Moore*
        **Kim E. Moore**