Date: June 1, 2020
Norris Anderson
P.O. Box 772773
Houston, Texas

Honorable Judge Eldon E. Fallon
500 Poydras St.   Court Rm C456
New Orleans, LA 70130

Honorable Judge Fallon

When attorneys take their oath after passing the Bar Exam they become "officers of the court, and thus are elevated to the class of people that are Sworn to uphold and to protect the laws that govern us. The bottom line is that the profession is one that emphasizes integrity.

In being involved in a MDL proceedings my case was consolidated with others. My Lawyers seem to be sidelined in the MDL process. They seemed to not have control over the process of the law suit and can do nothing effectively for me except monitor what is going on in a distant forum. My lawyers seem to be getting their information about this case from the Plaintiff and the settlement from the Special Council and Steering Committee.

MDL procedures seem to have taken away protection afforded by Class Action requirements by enabling participants to settle complex cases largely unconstrained by law creating the perfect means for negotiating back-room deals that carry an aura of judicial legitimacy, liberated from the constraints of the class action rule.

There is considerable variability on important things in the approaches taken to Product Liability across the country. There is reason to to predict that it makes a big difference whether one accesses the fairness of a settlement against one set rules verses another. The world of aggregate settlement could be full of abuse. Out of 50 states in the United States of America only Texas and Michigan have difficult Product Liability cases. That seems odd because the Plaintiffs in the Xarelto case lost six Product Liability cases. Evidently those cases were difficult also and they all were not from Texas.

My case Norris Anderson V, Janssen Research & Development, LLC eal has never been to trial. Therefore the Texas Product Liability Law was never used in my case and

the 90% reduction in my part of the settlement should be null and void.

The MDL settlement should be fair and reasonable from both a procedural standpoint and a substantive standpoint. On the grounds of fairness I am asking that the 90% reduction from my settlement be eliminated. What law states that because of Texas Product Liability Law you can deduct 90% from a settlement. Where is the money going that they are trying to take from me. Where is the accountability for this.

Your cooperation in this matter will be appreciated.


Yours Truly,

*[signature]*

Norris Anderson
346-260-1481
norrisanderson149@gmail.com