UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | : : : | MDL No. 2592 |
| THIS DOCUMENT RELATES TO: | : : : | SECTION L |
| *Barbara Brown, et al.*, No. 2:19-cv-14669 | : : : | JUDGE ELDON E. FALLON MAGISTRATE JUDGE NORTH |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

Plaintiffs' motion to remand this action to the Northern District of California because their claims may be dismissed for failure to comply with Case Management Order No. 11 ("CMO 11") should be denied for multiple reasons.

*First*, remand of this case to avoid compliance with the MDL Court's litigation-management orders is inappropriate and would defeat the very purpose of this proceeding to promote the just and efficient conduct of the litigation as mandated by the Judicial Panel on Multidistrict Litigation ("JPML"). This Court adopted CMO 11 to ensure, among other things, that non-settling plaintiffs exchange information about their claims and serve an expert report showing a good faith basis for their alleged claim that Xarelto caused the purported injuries. CMO 11's requirements apply to all cases still pending, and Plaintiffs cannot shirk their obligations by prematurely seeking remand to a different court.

*Second*, Plaintiffs' assertion that immediate remand is necessary because "there is a threat of dismissal by June 1, 2020" (Pl. Mot. at 5, Dkt. No. 2-14-md-02592-EEF-MBN ("Dkt. No. 2592"), R. Doc. 17697) ignores that CMO 11 provides ample time for compliance. Defendants have agreed to extend the time for these plaintiffs to comply until August 3, 2020.

*Third*, plaintiffs have not demonstrated that remand of this action is ripe or appropriate given this Court's more than five year history effectively and efficiently managing this MDL proceeding. Pretrial proceedings are not complete and are ongoing and remand would unnecessarily duplicate efforts of this MDL Court and unduly burden the transferor district court. Plaintiffs have not shown good cause that coordination of their action is no longer necessary or warranted.

For these and the foregoing reasons, Plaintiffs' motion to remand should be denied.

## PROCEDURAL BACKGROUND

On December 12, 2014, the JPML established this multidistrict litigation ("MDL") to "promote the just and efficient conduct of this litigation." *In re: Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402, 1405 (J.P.M.L. 2014). The JPML concluded that was necessary because of "share[d] common factual questions arising out of allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking Xarelto (rivaroxaban) and that defendants did not adequately warn prescribing physicians or consumers of the risks associated with Xarelto." *Id.* Consequently, "coordinated or consolidated pretrial proceedings" would "eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary." *Id.* at 1405–06.

Plaintiffs in the present action filed their complaint in the Northern District of California on November 19, 2019. Dkt. No. 2:19-cv-14669 ("Dkt. No. 14669"), R. Doc. 1. On December 13, 2019, the JPML conditionally transferred this case for coordinated and consolidated pretrial proceedings because it "involve[s] questions of fact that are common to the actions previously

transferred to the Eastern District of Louisiana and assigned to Judge Fallon." CTO-196. The case was transferred to this Court on December 30, 2019.

In the five-plus years since this MDL was established, the JPML has transferred cases involving more than 25,000 plaintiffs to be part of these coordinated pretrial proceedings. During that time, this Court has supervised discovery, ruled on numerous pretrial and dispositive motions, and presided over three jury trials. This Court's efforts ultimately resulted in a global settlement in which all plaintiffs who had filed cases on or before March 11, 2019 were invited to participate.

Under this Court's CMO 11 entered on March 25, 2019, plaintiffs who elected not to participate or who were otherwise ineligible for the settlement, are required, among other things, to preserve and produce medical records; to complete a Plaintiff Fact Sheet and Plaintiff Profile and Consent Form; to serve "a case-specific Rule 26(a)(2) report from a licensed physician qualified to render a specific causation opinion to a reasonable degree of medical probability that the plaintiff's alleged injury or event was caused by taking Xarelto® as directed." within specified time limits, and to declare their intent to proceed by filing simple Court-provided forms within a certain time.

Because Plaintiffs here filed suit after March 11, 2019, CMO 11 governs their claims. Under CMO 11, Plaintiffs' Rule 26(a)(2) report was due on April 28, 2020. Defendants agreed to extend this deadline until June 1, 2020, which has since passed, and have now agreed to a second extension until August 3, 2020. *See* Dkt. No. 1492, R. Doc. 17638 at 2; June 1, 2020 letter from Chanda Miller to Barbara Brown (attached as Exhibit A).

3

**ARGUMENT**

I. **Compliance with CMO 11 and Other Case Management Orders Is Essential for Continued Management of the MDL's Pretrial Proceedings**

The guiding principle for MDL courts considering motions to remand is "'whether the case will benefit from further coordinated proceedings as part of the MDL.'" *Chau v. Aviva Life and Annuity Co.*, No. 3:09-CV-2305-B, 2011 WL 1990446, at *2 (N.D. Tex. May 20, 2011) (citations omitted). An action may be remanded only upon a showing of good cause why coordination is no longer necessary or warranted. *Chau*, at *2.[1] The general rule is that "[a] case should remain as part of the MDL when the case will continue to benefit from 'consolidated proceedings,' and where 'continued consolidation will eliminate duplicative discovery, prevent inconsistent rulings, and conserve the resources of the parties, their counsel, and the judiciary.'" *Cleary v. DePuy Orthopaedics, Inc.*, No. 1:11-dp-20820, Order (N.D. Ohio Sept. 12, 2019) (Helmick, J.) (citing *In re Amazon.com, Inc.*, No. 1:13-CV-153-DJH, 2015 WL 4624162, at *2 (W.D. Ky. Aug. 3, 2015)). The plaintiff in the *Cleary* case, like Plaintiffs here, chose not to participate in a national settlement, and the MDL Court denied the plaintiff's motion to remand.

In this MDL proceeding, compliance with CMO 11 ensures that Plaintiffs exchange information about their claims and make a threshold showing demonstrating that they can satisfy the initial requirements for their cases to proceed to additional pretrial workup. This type of order is well within a district court's "inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (internal quotations omitted); *see also* Fed.

---

[1] As set forth in 28 U.S.C. § 1407(a), actions transferred to an MDL Court "shall be remanded *by the panel*." *Id.* (emphasis added). MDL courts do not have independent authority to remand actions, rather they make recommendations of remand to the Judicial Panel on Multidistrict Litigation. *See* JPML Rule 10.1(b) and 10.3(a); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998); *see also In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 892 F.3d 624, 648 (4th Cir. 2018) ("'the power to remand a transferred case rests with the [JPML] and not with the transferee district judge").

4

R. Civ. P. 16(c)(2).  That is especially so for MDL proceedings—given the size and complexity of multi-district litigation, MDL courts have even "greater discretion to organize, coordinate and adjudicate [their] proceedings."  *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866–68 (8th Cir. 2007).

As this Court has recognized, docket control orders—like CMO 11—are "routinely used by courts to manage mass tort cases."  *In re Vioxx Prods. Liab. Litig.*, 557 F. Supp. 2d 741, 743 (E.D. La. 2008).  The Fifth Circuit too has emphasized that MDL courts have "wide discretion" to use such orders because they "are designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation."  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

This Court was well within its authority to enter CMO 11, and Plaintiffs are mistaken that CMO 11's requirement for service of an expert report from a physician imposes "unreasonable and unconstitutional" burdens on them.  *See* Pl.' Mot. at 8, Dkt. No. 1492, R. Doc. 16971-1.  The purpose of this requirement is to ensure that the plaintiffs have a good faith basis for their claims. MDL judges have a special responsibility to screen non-meritorious cases to avoid burdening the defendants and the courts (both the MDL Court and the transferor courts) with cases where plaintiffs cannot make an initial showing to produce evidence supporting their claim.  The Fifth Circuit and other Circuits have consistently upheld similar management orders, including requiring plaintiffs to provide a medical causation expert report as a threshold requirement for proceeding further.  *See Iwobi v. Merck & Co.*, 509 F. App'x 383 (5th Cir. 2013) (affirming dismissal for failure to comply with the *Lone Pine* requirement in *Vioxx* PTO 28); *Schneller v. Merck & Co.*,

452 F. App'x 500 (5th Cir. 2011) same); *Dier v. Merck & Co.*, 388 F. App'x 391 (5th Cir. 2010) (same).[2]

Nor should there be any question that Plaintiffs will be required to demonstrate under applicable law that Xarelto was the medical cause of her alleged injuries. *See Bockrath v. Aldrich Chem. Co., Inc.*, 21 Cal. 4th 71, 79, 980 P.2d 398, 403, 86 Cal. Rptr. 2d 846, 851 (1999) ("in [product liability] cases . . . presenting complicated and possibly esoteric medical causation issues, the standard of proof ordinarily required is a reasonable medical probability based on competent expert testimony that the defendant's conduct contributed to [the] plaintiff's injury" (citations and internal quotation marks omitted)); *see also Sanchez v. Stryker Corp.*, No. 2-10-cv-08832-ODW (JCGx), 2012 WL 1570569, at * (C.D. Cal. May 2, 2012) (under California law "a plaintiff cannot withstand summary judgment when she has no expert witness to support medical causation). For this reason, remand to the Northern District of California would not eliminate Plaintiffs' obligation to support their claims with expert evidence on specific causation. This Court should not issue a suggestion of remand that would squander this Court's expertise acquired in more than five years it has presided over Xarelto cases, and would "require another court to make its own way up the same learning curve, resulting in just that duplication of efforts that the multidistrict system is designated to avoid." *In re Integrated Resources, Inc.,* No. 92 Civ. 4555 (RWS), 1995 WL 234975, at *4 (S.D.N.Y. Apr. 21, 1995).

---

[2] *See also Dzik v. Bayer Corp.*, 846 F.3d 211, 216 (7th Cir. 2017) (YAZ/Yasmin MDL) (affirming MDL court's dismissal for failure to comply with discovery order); *In re Avandia Marketing, Sales Practices & Prods. Liab. Litig.*, 687 F. App'x 210 (3d Cir. 2017) (Avandia MDL) (affirming MDL court's dismissal for failure to comply with an order requiring future plaintiffs to provide an expert report); *Freeman v. Wyeth*, 764 F.3d 806, 809–10 (8th Cir. 2014) (Hormone Therapy MDL) (affirming MDL court's dismissal of claims for failure to provide medical authorizations); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866–68 (8th Cir. 2007) (implantable defibrillators MDL) (affirming MDL court's dismissal of claims for failure to comply with discovery orders).

Plaintiffs' assertion that remand is necessary before the Court dismisses their claim for failure to comply with CMO 11 is no reason to excuse them from this obligation. Plaintiffs' report was initially due on April 28, 2020. At Plaintiffs' request, Defendants agreed to extend the deadline to June 1, 2020. It appears from their submission that Plaintiffs' inability to obtain an expert report by June 1, 2020 stems from the refusal of the decedent's treating physicians to opine that Xarelto caused the decedent's injury or death. Nonetheless, Defendants have advised Plaintiffs that they are amenable to a final extension of the deadline to submit the required expert report until August 3, 2020. *See* Ex. A. Defendants request entry of an order embodying the new deadline and have submitted a proposed order.

The fact that nearly all of the claims in this MDL have settled does not change that this Court continues to manage the pretrial proceedings for the plaintiffs who elected not to settle or were not eligible, such as Plaintiffs here. Numerous courts have held that even post-settlement of the majority of claims, the continued management and coordination of the remaining claims is necessary and essential. The *Cleary* decision discussed above is one such example. Another example is the *Abilify* MDL, where the court recently denied a motion to remand filed by a plaintiff who was not participating in a global settlement of the vast majority of claims. *See In re Abilify (Aripiprazole) Prods. Liab. Litig.*, No. 3:16-cv-613, slip op. (N.D. Fla. Mar. 25, 2020) (Doc. No. 26) (attached as Ex. B). There, the court had entered an order similar to CMO 11 regarding pretrial proceedings in non-settling plaintiffs' cases, including the requirement that such plaintiffs produce expert reports on specific causation by specified deadlines. The court explained that remand was not warranted because the case "will benefit from further coordinated proceedings" as it had "just

begun the first step of the discovery process, which requires each plaintiff to produce an expert report on specific causation by certain deadlines." *Id.* at 2–3.[3]

Even after a global settlement was reached, this Court continued to preside over pretrial proceedings in cases involving non-settling plaintiffs in the *Vioxx* MDL, as it has done in this MDL. Other examples of MDL Courts continuing to handle pretrial proceedings for non-settling plaintiffs after global settlements were reached include *ASR Hip Implants* (MDL No. 2197), *In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.* (MDL No. 2385), *Testosterone Replacement Therapy* (MDL No. 2545), *Benicar* (MDL No. 2606), *Fluoroquinolone* (MDL No. 2642) and *Abilify* (MDL No. 2734).

Plaintiff's contention that that they would have "opted out" of the MDL had they known they did not qualify for the global settlement has no merit. MDLs are not class actions; they are formed so that individual actions sharing common questions of fact can be litigated efficiently by coordinating pretrial proceedings in one district. Once formed, there is no provision for an individual action to "opt out" of an MDL if, as here, the action brought by the individual plaintiff is based on the common factual allegations the JPML identified as the basis for its order creating the MDL.

Finally, Plaintiffs' desire to have their case tried in the Northern District of California should not detract from this Court's management of pretrial activities. If Plaintiffs comply with

---

[3] *Accord In re Integrated Resources, Inc.*,1995 WL 234975, at *4 ; *Arora v. Midland Credit Mgmt., Inc.*, No. 15cv1712-MMA-MDD, 2017 WL 3263110, at *2 (S.D. Cal. Jul. 31, 2017) (after final approval of class settlement, denying suggestion of remand sought by opt-out plaintiff because "Plaintiff would benefit from further coordinated proceedings and discovery"); *Price v. Biomet, Inc.*, No. 3:14-cv-275-RLM-CAN, 2016 WL 463271, at *1 (N.D. Ind. Feb. 8, 2016) (denying motion for suggestion of remand case transferred to the MDL court "in the midst of a settlement process that resolved the bulk of the cases in the docket"); *In re Maxim Integrated Prods., Inc.*, No. 12-945, 2015 WL 1757779, at * (W.D. Pa. Apr. 17, 2015) (denying motion for suggestion of remand even though all other cases had settled because "[t]his Court has significant familiarity with this case, which will undeniably streamline the *Daubert* and summary judgment proceedings"); *In re Swisher Hygiene, Inc. Secs. & Derivative Litig.*, No. 3:12-md-2384, 2014 WL 3845040, at *2 (W.D.N.C. Aug. 5, 2014) (holding that the fact "that some of the cases in the MDL have reached a settlement . . . is not a sufficient basis to warrant a suggestion of remand").

pretrial orders and the case is not dismissed on summary judgment, under 28 U.S.C. § 1407(a) and *Lexecon* the case will be remanded to the Northern District of California for trial. Because MDL pretrial proceedings are ongoing and this Court continues to conduct the proceeding in a just and efficient manner, Plaintiffs have not and cannot demonstrate that coordination is no longer warranted or necessary.

As this Court did in *Vioxx* and numerous other courts have done, the Court should deny plaintiffs' motion and continue to preside over pretrial proceedings in this case.

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiffs' motion to remand.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/Andrew Solow*
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendant Bayer Corporation*

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@faegredrinker.com

*Counsel for Defendants Janssen Research*
*& Development, LLC and Johnson & Johnson*


**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
　Kim E. Moore
　400 Poydras Street
　Suite 2700
　New Orleans, LA 70130
　Telephone: (504) 310-2100
　Facsimile: (504) 310-2120
　kmoore@irwinllc.com

　*Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
　John F. Olinde
　1100 Poydras Street
　Suite 2300
　New Orleans, LA 70163
　Telephone: (504) 585-7241
　Facsimile: (504) 544-6084
　olinde@chaffe.com

　*Defendants' Co-Liaison Counsel*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 11, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

The pleading was also served by U.S. mail, postage prepaid, to all Plaintiffs at their address of record.

*/s/ Kim E. Moore*
**Kim E. Moore**