# EXHIBIT B

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

IN RE: ABILIFY (ARIPIPRAZOLE)     Case No. 3:16md2734
PRODUCTS LIABILITY LITIGATION

This Document Relates to:     Judge M. Casey Rodgers
*Douglas Memler*, 3:16cv613     Magistrate Judge Gary Jones
_____/

## **ORDER**

This matter is before the Court on Plaintiff Douglas Memler's Motion for Change of Venue. *See* ECF No. 24. For the following reasons, the motion is denied.[1]

First, the Court lacks authority to transfer this case to its originating district under the federal change of venue statute, 28 U.S.C. § 1404(a). This Court obtained jurisdiction over Memler's case for pretrial proceedings pursuant to a 28 U.S.C. § 1407 transfer by the United States Judicial Panel on Multidistrict Litigation ("the Panel"). The plain language of § 1407 "precludes a transferee court[, such as this one], from granting *any* § 1404(a) motion" for change of venue. *See Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 41 n.4 (1998) (emphasis added). Instead, only the Panel may "remand any pending case to its originating court when, at the latest, th[e] pretrial proceedings [in the MDL] have run their

---

[1] This Order assumes the parties' familiarity with the background and procedural posture of this case and the Abilify MDL.

Case 2:14-md-02592-EEF-MBN Document 17714-2 Filed 06/11/20 Page 3 of 4
Case 3:16-cv-00613-MCR-GRJ Document 26 Filed 09/25/20 Page 2 of 3

Page 2 of 3

course." *See id*. at 34; *see also In re Air Crash at Tegucigalpa, Honduras, on May 30, 2008*, Case No. 1:09md2005, 2009 WL 4639348 at *3 (S.D. Fla. Nov. 5, 2009). Consequently, this Court cannot use § 1404(a) to transfer Mr. Memler's case to any other district.

Second, to the extent Mr. Memler's motion can be construed as a request that this Court issue a suggestion of remand to the Panel, the request is denied. In determining whether to issue a suggestion of remand, transferee courts, like this one, "should be guided by the standards for remand employed by the Panel." *See In re Denture Cream Prods. Liab. Litig.*, Case No. 1:09md2051, 2011 WL 13220167, at *3 (S.D. Fla. Aug. 16, 2011); *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 668 (S.D. Tex. 2005). The Panel's decision to remand a particular case generally turns on "whether [the] case will benefit from further coordinated proceedings as part of the MDL." *See In re Denture Cream*, 2011 WL 13220167, at *3. Remand is considered inappropriate if continued consolidation will "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary." *See id*. (quoting *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002).

Here, all of the more than 220 non-fast-track cases that remain centralized for pretrial proceedings in the Abilify MDL—including Mr. Memler's case—will benefit from further coordinated proceedings. These cases have just begun the first

Case 2:14-md-02592-EEF-MBN Document 17714-2 Filed 06/11/20 Page 4 of 4
Case 3:16-cv-00613-MCR-GRJ Document 26 Filed 03/25/20 Page 3 of 3

Page 3 of 3

step of the discovery process, which requires each plaintiff to produce an expert report on specific causation by certain deadlines. *See* Case No. 3:16md2734, ECF No. 1263 at 7-9. Assuming Mr. Memler produces the requisite report, his case will be placed in a pool for further case-specific discovery and dispositive motions practice. Remand of Mr. Memler's case to another court in the midst of this discovery would cause inefficiency and delay, with no corresponding benefit. Moreover, the nature of the ongoing discovery is generally similar from case to case, such that the MDL apparatus will provide consistency in pretrial rulings and reduce duplication of effort and expense. In short, at this time, centralization of the non-fast-track cases—including Mr. Memler's case—continues to best serve the interests of the parties and witnesses, as well as promote the just and efficient conduct of the litigation. As a result, the Court concludes that issuance of a suggestion of remand would be premature at this juncture. The Court will revisit the issue on the conclusion of all pretrial proceedings.

Based on the foregoing, Mr. Memler's Motion for Change of Venue, ECF No. 24, is **DENIED**.

**SO ORDERED**, on this 25th day of March, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No. 3:16cv613/MCR/GRJ