**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | MDL NO. 2592 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE ELDON E. FALLON |
| John Burke, No. 2:20-CV-00750 | : | |
| | : | MAGISTRATE JUDGE NORTH |

**PLAINTIFF'S, JOHN BURKE, MEMORANDUM CONTRA DEFENDANT'S, CHARLES B. MAY, D.O., MOTION TO DISMISS**

Plaintiff, John Burke, Adm., respectfully opposes Defendant's Charles B. May, D.O., ("Dr. May") motion to dismiss. In short, Dr. May is a proper party to this action.

**1. Defendant, Charles B. May, is a proper party to this Action.**

Notwithstanding the *Jannsen* Defendants' assertion to the contrary, Dr. May (who prescribed Xarelto to Plaintiff's decedent) is a proper party and was not named a defendant for the purpose of defeating diversity jurisdiction. As Plaintiff has alleged, Dr. May continuously prescribed Xarelto to Plaintiff's decedent for a period of months leading up to decedent's cerebral hemorrhage and death. Moreover, the dosage at which he prescribed Xarelto is currently unknown to Plaintiff because Dr. May's office records are illegible. Good faith discovery in connection with Dr. May's medical care (to include choice of blood-thinning drugs, length of prescription and dosage) rendered to Plaintiff's decedent is both necessary and appropriate in this case. As the Defendants who manufactured Xarelto are sure to point out, some of the dangers of taking Xarelto (including irreversible bleeding) were or should have been known by Dr. May when he repeatedly prescribed it for Plaintiff's decedent.

Dr. May, accordingly, an essential party to this case. Defendants' assertion that he was "misjoined" or fraudulently joined is both untrue and asserted without any factual basis.

**1. Defendant has the burden of proving misjoinder.**

Defendants have the burden of proving their "misjoinder" theory regarding the very physician who repeatedly prescribed Xarelto to Plaintiff's decedent. "On a motion to remand, the removing party bears the burden of proof on the issue of diversity. *Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Carson v. Dunham,* 121. U.S. 421, 425-26, 7 S.Ct. 1030, 1031-32, 30 L.Ed. 992 (1887)." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440. (Eleventh Cir. 1983) Defendants have not met their burden of proving Dr. May is not a properly joined party to this action.

**2. Defendant must prove there exist no facts against the allegedly misjoined party which would support a cognizable claim in state court.**

"In order to establish that a fictitious resident defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Keating v. Shell Chemical Co.,* 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corp.,* 590 F.2d 115 (5th Cir.1979); *Bobby Jones Garden Apartments v. Suleski,* 391 F.2d 172, 177 (5th Cir.1968); *Parks v. New York Times Co.,* 308 F.2d at 478." Coker, *Supra*, at 1440. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal

court must find tht the joinder was proper and remand the case to state court." Id. at 1440, 1441.

Plaintiff respectfully asserts that there is much more than "a possibility that a state court would find that the complaint states a cause of action against" Dr. May; rather, it is a near certainty that the complaint states a cause of action against Dr. May.

Defendants have not and cannot prove that "there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant" in this case – that resident defendant being, of course, Dr. May, who prescribed a medication which, Plaintiff alleges injured and killed Plaintiff's decedent.

### 3. Any factual dispute must be resolved in favor of the party seeking remand.

"The district court must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff. *Bobby Jones Garden Apartments,* 391 F.2d at 177. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. *Id.; Parks v. New York Times Co.,* 308 F.2d at 477-78." *Coker, supra*, at 1440.

As such, Dr. May's presence cannot conceivably be deemed a "misjoinder".

### 4. Conclusion

For the reasons set forth above Plaintiff respectfully requests that this Court deny Defendant's, Charles May, D.O., motion to dismiss.

                                                     Respectfully submitted,

                                                     /s/ William R. Thomas_____
                                                     William R. Thomas (0055240)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 17th day of June, 2020, a true copy of the foregoing Plaintiff's, John Burke, Memorandum Contra Defendant's, Charles B. May, D.O., Motion to Dismiss was served electronically through the Court's ECF system at the e-mail address registered with the Court, as shown below.

Served electronically upon:

John Francis Olinde, Attorney for Defendant:  olinde@chaffe.com
Andrew K. Solow, Attorney for Defendant:  Andrew.solow@arnoldporter.com
Rita A. Maimbourg, Attorney for Defendant:  rmainbourg@tuckerellis.com
Sarah Anne Stover, Attorney for Defendant:  sarah.stover@tuckerellis.com
Karen Cadieux, Attorney for Defendant:  sadieux@carpenterlipps.com
Theodore Monroe Munsell, Attorney for Defendant:  munsell@carpenterlipps.com

                                                         /s/ William R. Thomas_____
                                                         William R. Thomas (0055240)