TENDERED FOR FILING

**Jun 17 2020**

U.S. DISTRICT COURT
Eastern District Of Louisiana
Deputy Clerk

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED      **Jun 17 2020**

CAROL L. MICHEL   WP
CLERK

1   Your name: BARBARA BROWN

2   Address: Po Box 5408

3   SUGARLOAF, CA 92386

4   Phone Number: (951) 534-8277

5   E-mail Address:

6   Pro se

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF LOUISIANA

10

11                                          ) MDL No: 2592
12   BARBARA BROWN, et al,                   ) SECTION L  MAG. JUDGE NORTH
                                             ) Case Number: 19-cv-14669 EEF-MBN
13   _____             )
                                             ) REPLY BRIEF IN SUPPORT OF MOTION
14                Plaintiff,                  )
                                             ) [type of motion]
15        vs.                                 )
                                             ) TO REMAND
16   JANSSEN RESEARCH &                       )
17   DEVELOPMENT, LLC, et al,                 )
18   _____             )
19   _____             )
20                Defendants.                )
21   _____             )
22                                           )

23        COMES NOW BARBARA BROWN, PLAINTIFF IN THE ABOVE-
24   ENTITLED MATTER, AND HEREBY REPLIES TO DEFENDANTS'
25   OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO THE
26   U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF
27   CALIFORNIA.
28

_____ Fee _____
_____ Process _____
X   Dktd _____
_____ CtRmDep _____
_____ Doc. No. _____

REPLY BRIEF
CASE NO.: 19-cv-14669 EEF-MBN      ; PAGE 1 OF 3

Reply To Δ's Response

Pro Se E-File

**ARGUMENT**

*Explain your response to each of the Opposition arguments. Go in the same order as the Opposition, if possible. Do not just repeat arguments made in the Motion.*

THE PLAINTIFFS ARE OPTING OUT OF THE MULTI-DISTRICT LITIGATION DUE TO THE UNREASONABLE AND IMPOSSIBLE DEMANDS OF THE COURT AND IT'S CASE MANAGEMENT ORDER NO. 11 (CMO 11).

1) THE PLAINTIFFS ARE NOT SHIRKING THEIR OBLIGATIONS UNDER CMO 11, AS THE DEFENDANTS WRONGLY STATED IN THEIR OPPOSITION.

a) THE PLAINTIFF HAVE COMPLIED WITH THE REQUIREMENTS OF CMO 11 THUS FAR.

b) THE PLAINTIFFS CANNOT COMPLY WITH CMO 11'S RULE 26(a)(2), OBTAINING A SPECIFIC CAUSATION REPORT DUE TO THE FACTS THAT THE PHYSICIANS ARE UNWILLING TO PREPARE THE REPORT AND THE PLAINTIFFS DO NOT HAVE THE THOUSANDS OF DOLLARS TO PAY ANY PHYSICIAN TO PREPARE THE REPORT.

2) ON JUNE 3, 2020, PLAINTIFF BARBARA BROWN) INFORMED DEFENDANTS' COUNSEL, CHANDA MILLER AND JOAN GODDARD, THAT THE PLAINTIFFS CANNOT LOCATE A PHYSICIAN TO PREPARE THE RULE 26(a)(2) REPORT AND SUGGESTED THE SOLUTION TO THE PROBLEM WAS FOR THE PARTIES TO STIPULATE THAT THE MEDICAL RECORDS FOR DEXTER BROWN) BE SUBSTITUTED FOR THE RULE 26(a)(2) REPORT.

a) CHANDA MILLER REPLIED TO BARBARA BROWN'S VOICEMAIL BY EMAIL TO ALICE BROWN ON JUNE 3, 2020. (SEE ATTACHED EXHIBIT A, 2 PAGES).

b) PLAINTIFF ALICE BROWN EMAILED MILLER AND GODDARD THE EXHIBITS OF DEXTER BROWN'S MEDICAL RECORD AS MILLER REQUESTED BY HER DEADLINE OF JUNE 15, 2020. (EXHIBIT B, 4 PAGES)

REPLY BRIEF
CASE NO.: 19-CV-14669 (EEF-MBN)        ; PAGE 2 OF 3 [JDC TEMPLATE – rev. 2017]

1    c.) CHANDA MILLER NEVER RESPONDED TO ALICE BROWN'S EMAIL
2    OR CONTACTED ANY OF THE PLAINTIFFS TO AGREE OR DISAGREE TO
3    THE STIPULATION SUGGESTED BY BARBARA BROWN ON JUNE 3, 2020.
4    NONE OF THE DEFENDANTS' COUNSEL RESPONDED TO BROWN'S EMAIL.
5    3) THE PLAINTIFFS DECLARE THAT COORDINATION OF THIS ACTION IS
6    NO LONGER NECESSARY OR WARRANTED IN THAT THEY OPT OUT OF
7    THE MULTIDISTRICT LITIGATION.
8    a.) PLAINTIFFS DID NOT CHOOSE TO NOT PARTICIPATE IN THE
9    NATIONAL SETTLEMENT PROGRAM, AS THE DEFENDANTS WRONGLY STATED
10   IN THEIR OPPOSITION (PAGE 4). THEY WERE DETERMINED TO BE
11   INELIGIBLE. (SEE EXHIBIT C, 1 PAGE).
12   THE COURT WAS MADE AWARE OF THE RACE OF ALICE & BARBARA
13   BROWN AS "BLACK" BY THE DEFENDANTS' COUNSEL IN THEIR 300-
14   400 PAGE ATTACHMENT TO THEIR OPPOSITION TO PLAINTIFFS' MOTION FOR
15   APPOINTMENT OF PRO BONO COUNSEL. THIS COURT'S RACIALLY BIASED
16   USE OF DISCRETION-EITHER INTENTIONAL OR UNINTENTIONAL - IS THE
17   CAUSE OF THE PLAINTIFFS INABILITY TO COMPLY WITH THE CMO 11 RULE
18   26(a)(2) REQUIREMENT DUE TO SOCIOECONOMIC INEQUALITIES. THIS
19   SYSTEMIC RACISM ALLOWED THE COURT TO DEPRIVE PLAINTIFFS OF PRO
20   BOND COUNSEL APPOINTMENT, KNOWING, ALONG WITH THE DEFENDANTS
21   COUNSEL, THE COMPLEXITY OF MULTIDISTRICT LITIGATION (PAGE 5, LN 2)
22   IN THIS MDL, AS BLACK PEOPLE, EQUAL JUSTICE IS ONLY AN ILLUSION,
23   LIKE IT WAS FOR THE PARENTS OF EMMETT TILL, LOUIS AND MAMIE TILL,
24   (SEE ATTACHED PHOTOS OF EMMETT TILL) BLACK LIVES MATTER !!!
25   Respectfully submitted,    (INCLUDING DEXTER'S)
26   Date: ___6/16/20___   Sign Name: _Barbara Brown_
27                          Print Name: _BARBARA BROWN_
28

REPLY BRIEF
CASE NO.: __19-CV-14669 EEF-MBN__   ; PAGE _3_ OF _3_  [JDC TEMPLATE – rev. 20171]

Justice     Diversity
C E N T E R
OF THE BAR ASSOCIATION OF SAN FRANCISCO

**CERTIFICATE OF SERVICE OF DOCUMENT OTHER THAN COMPLAINT**
*\* You must serve each document you file by sending or delivering to the opposing side. Complete this form, and include it with the document that you file and serve.\**

1. Case Name: _BARBARA BROWN, et al._ v. _JANSSEN RESEARCH et DEVELOPMENT, LLC, et al._

2. Case Number: _19-CV-14669 EEF-MBN_

3. **What documents were served?** *[Write the full name or title of the document or documents]* Reply brief in support of Motion TO REMAND

4. **How was the document served?** *[check one]*

   ☒ Placed in U.S. Mail

   ☐ Hand-delivered

   ☐ Sent for delivery (e.g., FedEx, UPS)

   ☐ Sent by fax (if the other party has agreed to accept service by fax)

5. **Who did you send the document to?** *[Write the full name and contact information for each person you sent the document.]*

   FAEGRE DRINKER BIDDLE
   & REATH LLP                          ARNOLD & PORTER LLP

   _600 CAMPUS DRIVE_                    _250 WEST 55th STREET_

   _FLORHAM PARK, NJ 07932_             _NEW YORK, NY 10019_

   _ATTN: CHANDA MILLER_                _ATTN: JOAN GODDARD_

6. **When were the documents sent?** _JUNE 16, 2020_

7. **Who served the documents?** *[Whoever puts it into the mail, faxes, delivers or sends for delivery should sign, and print their name and address. You can do this yourself.]*

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

   Signature: _Alice Brown_

   Name: _ALICE BROWN_

   Address: _PO BOX 60_

   _CRESCENT CITY, CA 95531_

**CERTIFICATE OF SERVICE** *[JDC TEMPLATE Rev. 05/2017]*

Justice   Diversity
C E N T E R
OF THE BAR ASSOCIATION OF SAN FRANCISCO

**CERTIFICATE OF SERVICE OF DOCUMENT OTHER THAN COMPLAINT**
*\* You must serve each document you file by sending or delivering to the opposing side. Complete this form, and include it with the document that you file and serve.\**

1. **Case Name:** BARBARA BROWN, et al.  v. JANSSEN RESEARCH & DEVELOPMENT, LLC, et al.

2. **Case Number:** 19-cv-14669 EEF-MBN

3. **What documents were served?** *[Write the full name or title of the document or documents]* Reply brief in support of Motion TO REMAND

4. **How was the document served?** *[check one]*

   [X] Placed in U.S. Mail

   [ ] Hand-delivered

   [ ] Sent for delivery (e.g., FedEx, UPS)

   [ ] Sent by fax (if the other party has agreed to accept service by fax)

5. **Who did you send the document to?** *[Write the full name and contact information for each person you sent the document.]*

   BARBARA BROWN                    LORA OROZCO
   PO BOX 5408                      PO BOX 1262
   SUGARLOAF, CA  92386             FORT JONES, CA 96032
   PLAINTIFF                        PLAINTIFF

6. **When were the documents sent?** JUNE 16, 2020

7. **Who served the documents?** *[Whoever puts it into the mail, faxes, delivers or sends for delivery should sign, and print their name and address.  You can do this yourself.]*

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

   Signature: Alice Brown
   Name: ALICE BROWN
   Address: PO BOX 60
            CRESCENT CITY, CA 95531

**CERTIFICATE OF SERVICE** *[JDC TEMPLATE Rev. 05/2017]*



Chanda A. Miller
Partner
chanda.miller@faegredrinker.com
215-988-1197 direct

Faegre Drinker Biddle & Reath LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania 19103
+1 215 988 2700 main
+1 215 988 2757 fax

June 3, 2020

**VIA U.S. MAIL**

Ms. Barbara Brown
P.O. Box 5408
Sugarloaf, CA 92386

**Re:**    *In re: Xarelto Products Liability Litigation*, MDL No. 2592;
*Brown et al. v. Janssen Research & Development LLC, et al.*, No. 19-cv-14669

Dear Ms. Brown:

On behalf of all Defendants in the above-referenced case, I write in response to the voice mails you left today for me and for Joan Goddard regarding Case Management Order ("CMO") 11 and the Rule 26(a)(2) specific causation report.

CMO 11 contemplates production of an expert report by an independent physician licensed to practice medicine in the United States who has reviewed the medical records and has knowledge, training, and experience in the appropriate medical specialty. That physician could be but does not have to be the treating physicians. This is a standard requirement for the prosecution of any products liability case in any jurisdiction. We understand from your messages that the treating physicians are not willing to support the claims being made in your lawsuit and that you have not yet been able to find a licensed physician who will. Further, we are not aware of any medical record which supports the contention that a licensed physician has concluded that Xarelto caused the decedent's injury or death. Please note that proof that the decedent took Xarelto is not sufficient. There must be proof that a licensed physician concluded that Xarelto was the cause of the injury or death. If you believe that such a medical record exists, please provide us with a copy of that <u>specific</u> medical record by June 15, 2020. We are not agreeing to waive the Rule 26(a)(2) report at this time. We will respond to your request about the Rule 26(a)(2) report after you provide us with the medical record that you claim proves that a licensed physician has concluded that Xarelto caused the decedent's injury or death.

*A*

Ms. Barbara Brown                -2-                June 3, 2020

In the meantime, our agreement still stands to extend the time to obtain the Rule 26(a)(2) report until August 3, 2020.

Very truly yours,

*Chanda A. Miller.*

Chanda A. Miller

CAM/ma

cc:     Lora Orozco (via U.S. mail)
        Alice Brown (via U.S. mail and e-mail)
        Joan Goddard, Esq. (via e-mail)

6/16/2020                                                        Gmail - (no subject)

                                              Alice Brown <alicebrowninproper@gmail.com>

## (no subject)
2 messages

**Alice Brown** <alicebrowninproper@gmail.com>                   Tue, Apr 7, 2020 at 5:23 AM
To: procedoca@laed.uscourts.gov

Part 2 of 3

### 6 attachments

Scan_20200407 (8).pdf
183K

Scan_20200407 (9).pdf
123K

Scan_20200407 (10).pdf
168K

Scan_20200407 (11).pdf
255K

Scan 20200407 (12).pdf
162K

Scan_20200407 (13).pdf
213K

**Alice Brown** <alicebrowninproper@gmail.com>                   Sun, Jun 14, 2020 at 7:24 PM
To: "Miller, Chanda A." <chanda.miller@faegredrinker.com>
Cc: "Goddard, Joan" <Joan.Goddard@arnoldporter.com>

-------- Forwarded message --------
From: **Alice Brown** <alicebrowninproper@gmail.com>
Date: Tue, Apr 7, 2020 at 5:23 AM
Subject:
To: <procedoca@laed.uscourts.gov>

Part 2 of 3

6 attachments

Scan_20200407 (8).pdf
183K

Scan_20200407 (9).pdf
123K

Scan_20200407 (10).pdf
168K

Scan_20200407 (11).pdf
255K

Scan_20200407 (12).pdf
162K

*B*

Scan_20200407 (13).pdf

6/16/2020                                                             Gmail - (no subject)

Gmail                                                        Alice Brown <alicebrowninproper@gmail.com>

## (no subject)
2 messages

**Alice Brown** <alicebrowninproper@gmail.com>                           Tue, Apr 7, 2020 at 5:27 AM
To: prosedocs@laed.uscourts.gov

Part 3 of 3

6 attachments

Scan_20200407 (14).pdf
239K

Scan_20200407 (15).pdf
68K

Scan_20200407 (16).pdf
245K

Scan_20200407 (17).pdf
176K

Scan_20200407 (18).pdf
127K

Scan_20200407 (19).pdf
221K

**Alice Brown** <alicebrowninproper@gmail.com>                           Sun, Jun 14, 2020 at 7:27 PM
To: "Miller, Chanda A." <chanda.miller@faegredrinker.com>
Cc: "Goddard, Joan" <Joan.Goddard@arnoldporter.com>

---------- Forwarded message ----------
From: **Alice Brown** <alicebrowninproper@gmail.com>
Date: Tue, Apr 7, 2020 at 5:27 AM
Subject:
To: <prosedocs@laed.uscourts.gov>

Part 3 of 3

6 attachments

Scan_20200407 (14).pdf
239K

Scan_20200407 (15).pdf
68K

Scan_20200407 (16).pdf
245K

Scan_20200407 (17).pdf
176K

Scan_20200407 (18).pdf
127K

Scan_20200407 (19).pdf

                                                       Alice Brown <alicebrowninproper@gmail.com>

## BARBARA BROWN v JANSSEN RESEARCH & DEVELOPMENT LLC

1 message

Alice Brown <alicebrowninproper@gmail.com>                          Sun, Jun 14, 2020 at 8:45 PM
To: "Miller, Chanda A." <chanda.miller@faegredrinker.com>
Cc: "Goddard, Joan" <Joan.Goddard@arnoldporter.com>

Chanda Miller and Joan Goddard,
    The two previous emails from me are parts of Dexter Brown's medical records that were the exhibits to the Plaintiffs'
ex parte application for reconsideration (for the appointment of pro bono counsel) that both of you received through the
mail. This should be sufficient enough to prove that Dexter was taking Xarelto and as a result of taking Xarelto
experienced a brain hemorrhage and died. You both have the entire medical records that were uploaded to the
BrownGreer portal. Do you want me to email the entire medical record to you again because it would be repetitive,
redundant and a complete waste of everybody's time and energy? Let me know.  Alice Brown @ (707)218-6181 or
alicebrowninproper@gmail.com

6/15/2020                    Gmail - BARBARA BROWN v JANSSEN RESEARCH & DEVELOPMENT LLC

 Gmail                                    **Alice Brown <alicebrowninproper@gmail.com>**

## BARBARA BROWN v JANSSEN RESEARCH & DEVELOPMENT LLC
1 message

**Alice Brown** <alicebrowninproper@gmail.com>                      Mon, Jun 15, 2020 at 1:45 PM
To: "Miller, Chanda A." <chanda.miller@faegredrinker.com>
Cc: "Goddard, Joan" <Joan.Goddard@arnoldporter.com>

Chanda Miller and Joan Goddard,

   I am still waiting for an answer to my question, "Do you want me to email the entire medical record to you again...?"
It's been 17 hours since I emailed the relevant parts of Dexter Brown's medical record to both of you, so I trust you both
have read the emails and heard the telephone recordings that I sent to you separately. I need an answer ASAP.  Alice
Brown @ (707)218-6181 or alicebrowninproper@gmail.com

## REQUEST FOR RECONSIDERATION

Claimant Name: Dexter Brown

Claimant ID: 42350

The Pro se Plaintiffs, Barbara Brown, Alice Brown, Lora Orozco, hereby request reconsideration of the determination of the Claims Administrator for the Xarelto Settlement Program ("Program") declaring that the Claimant Dexter Brown does not qualify as an "Eligible Claimant" under Article 2 of the Xarelto Settlement Agreement. The Program made the determination on February 12, 2020.

The Plaintiffs disagree with the determination for the following reasons:

1. The Claimant, Dexter Brown, died on November 16, 2018. That is more than four months before the March 25, 2019 date declared in the Program's Notice of Ineligible Claimant.                                                                           2.

The Plaintiffs are not knowledgeable on the definition of an "Eligible Claimant" under "Article 2" of the Xarelto Settlement Agreement due to the fact that the Defendants failed to provide the "Xarelto Settlement Agreement" to the Plaintiffs.

3. Due to the legal incompetence of the Plaintiffs as Pro se litigants, they are at a disadvantage in this MDL case. They have filed an Ex Parte Application For Appointment of Pro Bono Counsel in the Louisianna District Court Eastern District. If the Court grants the application, the Pro Bono Counsel will be able to evaluate the Plaintiffs' case and determine if Dexter Brown is an "Eligible Claimant" under Article 2 of the Xarelto Settlement Agreement. Therefore Plaintiffs request the Program allow Plaintiffs time to consult with Pro Bono Counsel to make a good legal arguement for Reconsideration of this determination.

Thank you,

Dated: 2/22/2020

Lora Orozco

Dated: 2/22/2020

Barbara Brown

Dated: 2/22/2020

Alice Brown

1

C



Ebony / Johnson Publishing



| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| June 17, 2020 at 4:44:53 PM CDT | | 2256 | 17 | Received |

Jun 17 20, 01:04p                                                                                          p.1

## Scott Valley Family Resource Center




COMMUNITY
RESOURCE

11920 Main Street
P.O. Box 981
Fort Jones CA 96032
Phone: 530.468.2450
Fax: 530.468.2801
svfrcdynamos@gmail.com

"Our Mission is to be a community-based organization dedicated
to strengthening the community by enriching and empowering
its individuals and families"

## *Fax Cover Sheet*

**To:**

Name: Jay Susslin

Organization Name/Dept:

Phone number:

Fax number: 504 - 310 - 8159

Urgent ✓
For Review ✓
Please Comment
Please Reply

**From:**

Sender's Name: A. Brown

Sender's Phone: 707- 613 -7193

Email:

Date sent: 6/17/2020
Time sent: 1:48 pm
# of pages including cover page:

15

**Message:**

The information contained in this fax is confidential and it is intended for the exclusive use of the person to whom it is addressed. Any person unauthorized to receive and deliver this fax to the addressee is advised that it is prohibited to make known or reproduce the contents of this message or any attachments to this message. If you receive this fax by mistake, please advise by telephone.

06/2020 LH