**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | MDL No. 2592 |
| | : | |
| | : | SECTION L |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| *Lois Carr*, No. 2:19-cv-12994 | : | JUDGE ELDON E. FALLON |
| | : | MAGISTRATE JUDGE NORTH |
| | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR ORDER TO SHOW**
**CAUSE REGARDING PLAINTIFF'S FAILURE TO COMPLY WITH**
**CASE MANAGEMENT ORDER 11**

Defendants Janssen Pharmaceuticals, Inc., Janssen Research & Development LLC, Janssen

Ortho LLC, Johnson & Johnson, Bayer HealthCare Pharmaceuticals Inc., and Bayer Pharma AG

("Defendants") respectfully request that this Court issue an Order to Show Cause as to why

Plaintiff's case should not be dismissed with prejudice for failure to submit the documents and

records required by Case Management Order ("CMO") No. 11.

This Court entered CMO 11 on March 25, 2019. *See* Rec. Doc. 12902. CMO 11 includes,

*inter alia*, obligations for plaintiffs who chose not to participate in the Xarelto settlement program

or are not eligible to participate in the Xarelto settlement program. Plaintiff is not eligible to

participate in the Xarelto settlement program because her case was filed on September 12, 2019,

and she therefore must comply with all of the requirements of the Order.

Pursuant to CMO 11, Plaintiff is required to, *inter alia*:

1. Serve a fully complete and verified Short Form Plaintiff Fact Sheet ("Short Form PFS")
   and the documents and records required by the Short Form PFS. *See* CMO 11 Section
   I(B)(i).

2. Serve a fully complete and verified Plaintiff Profile and Consent Form ("PPCF") and
   the documents and records required by the PPCF. *See id.*

3. Serve a Preservation Notice Statement that includes (a) a statement representing that all required healthcare providers set forth in CMO 11 Section II(A) received a document preservation notice; (b) a list of all healthcare providers, including names and addresses, who received the document preservation notice; and (3) a copy of all preservation notices sent. *See* CMO 11 Section II.

4. Serve a case-specific Rule 26(a)(2) report from a licensed physician qualified to render a specific causation opinion and who offers a specific causation opinion to a reasonable degree of medical probability that the plaintiff's alleged event was caused by taking Xarelto as directed, and produce all medical records contemporaneous to the prescription and use of Xarelto and treatment of any claimed Xarelto-related injury relied on by the expert. *See id.* Section I.

5. Produce all medical records required by CMO 11. *See* CMO 11.

6. Serve an Affidavit of Compliance signed by the plaintiff attesting to compliance with all of the discovery requirements in CMO 11. *See* CMO 11 Section III.

Plaintiff has not complied with CMO 11 because she has failed to do all of the following by their respective deadlines:

1. Did not produce all medical records from the physician who prescribed Xarelto to Plaintiff and that encompass the dates of Xarelto use, as required by the PPCF. These records were due on December 2, 2019.

2. Did not produce medical records from Kindred at Home, the home healthcare services agency Plaintiff identified as providing her care and treatment at home after her alleged bleeding event, as required by the Short Form PFS. These records were due on December 2, 2019.

3. Did not produce medical records from Dr. Billy Salser, a physician Plaintiff identified as treating her in the previous 12 years, as required by the Short Form PFS. These records were due on December 2, 2019.

4. Did not produce all medical records from Dr. Stephen Gould, a surgeon Plaintiff identified as treating her in the previous 12 years, as required by the Short Form PFS. These records were due on December 2, 2019.

5. Did not produce records to support her claim for medical expenses, as required by the Short Form PFS. These records were due on December 2, 2019.

6. Did not produce records to support her claim that Xarelto caused or aggravated a psychiatric or psychological condition, as required by the Short Form PFS. These records were due on December 2, 2019.

7. Did not produce 12 years' worth of records from Gibson Discount Pharmacy, the pharmacy Plaintiff identified in the Short Form PFS and the PPCF as the sole

pharmacy where she has filled prescriptions in the previous 12 years, as required by the Short Form PFS. These records were due on December 2, 2019.

8.     Did not answer all of the questions in the Short Form PFS, including the dates Plaintiff received treatment from the various healthcare providers identified in the Short Form PFS. This information was due on December 2, 2019.

9.     Did not provide the executed authorizations attached to CMO 8A, as required by the Short Form PFS. These authorizations were due on January 22, 2020.

10.     Did not provide an executed affidavit attesting to the accuracy of the Amended Short Form PFS provided on February 28, 2020.

11.     Did not provide an executed affidavit attesting to the accuracy of the Amended PPCF provided on February 28, 2020.

12.     Did not provide a Preservation Notice Statement, which was due on December 7, 2019.

13.     Did not provide a case-specific Rule 26(a)(2) report from a licensed physician qualified to render a specific causation opinion and who offers a specific causation opinion to a reasonable degree of medical probability that Plaintiff's alleged event was caused by taking Xarelto as directed. The report was originally due February 17, 2020, and Defendants later agreed Plaintiff could provide the report no later than May 29, 2020.

14.     Did not provide all medical records contemporaneous to the prescription and use of Xarelto and Plaintiff's claimed bleeding event that Plaintiff's expert reviewed and relied on in forming his or her opinions. These were originally due with the expert report on February 17, 2020, and Defendants later agreed Plaintiff could provide the report and records no later than May 29, 2020.

15.     Did not provide an Affidavit of Compliance signed by the Plaintiff stating that (a) all records have been collected from all pharmacies that dispensed medications to the Plaintiff within the past 12 years and all of these records have been produced to the Defendants; and (b) the expert report and all medical records required by CMO 11 have been produced to Defendants. This was originally due on December 17, 2019, and an updated Affidavit was due again with service of the expert report and contemporaneous medical records reviewed and relied on by the expert.

Defendants' counsel has provided Plaintiff's counsel will multiple notices of these deficiencies. With respect to the Short Form PFS and the documents and records required by this form, Defendant's counsel sent Plaintiff's counsel an overdue notice on December 11, 2019 and deficiency notices on January 27, 2020, February 26, 2020, and March 27, 2020 for the untimely

Short Form PFS and Amended Short Form PFS that were eventually served.  Plaintiff did not respond to the most recent deficiency notice sent on March 27, 2020 and has not cured the remaining deficiencies outlined above.

With respect to the PPCF and the documents and records required by this form, Defendant's counsel sent Plaintiff's counsel an overdue notice on December 11, 2019 and deficiency notices on January 27, 2020, February 26, 2020, and March 27, 2020 for the untimely PPCF and Amended PPCF that were eventually served.  Plaintiff did not respond to the most recent deficiency notice sent on March 27, 2020 and has not cured the remaining deficiencies outlined above in the PPCF.

With respect to the Preservation Notice Statement, Defendants' counsel sent Plaintiff's counsel an overdue notice on December 13, 2019 and asked that the Statement be provided within 30 days.  Similarly, with respect to the Affidavit of Compliance, Defendants' counsel sent Plaintiff's counsel an overdue notice on January 8, 2020 and asked that the Affidavit be provided within 30 days.  Plaintiff has not provided either of these required documents.

Plaintiff's Rule 26(a)(2) specific causation expert report was originally due on February 17, 2020.  On February 26, 2020, Defendants' counsel sent Plaintiff's counsel an overdue notice and asked that it be served no later than March 27, 2020.  On March 25, 2020—more than one month after the original deadline—Plaintiff's counsel asked Defendants' counsel to agree to an extension until May 29, 2020 to provide the report.  Defendants' counsel agreed.  Plaintiff failed to provide the report by the extended deadline.

In sum, Plaintiff has had ample opportunity to comply with CMO 11 but has failed to do so.  Without the documents and information required by CMO 11, it is not possible for Defendants to proceed with discovery.  This warrants dismissal of Plaintiff's case with prejudice.

Therefore, Plaintiff should be ordered to show cause at **9:00 am CT on July 9, 2020**, before

the Court as to why his case should not be dismissed with prejudice.

Respectfully submitted,

**ARNOLD & PORTER KAYE
SCHOLER LLP**

By: */s/Andrew Solow*
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare
Pharmaceuticals Inc., and Bayer Pharma AG*

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@faegredrinker.com

*Counsel for Defendants Janssen Pharmaceuticals,
Inc., Janssen Research & Development, LLC,
Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
　　Kim E. Moore
　　400 Poydras Street
　　Suite 2700
　　New Orleans, LA 70130
　　Telephone: (504) 310-2100
　　Facsimile:  (504) 310-2120
　　kmoore@irwinllc.com

　　*Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
　　John F. Olinde
　　1100 Poydras Street
　　Suite 2300
　　New Orleans, LA 70163
　　Telephone: (504) 585-7241
　　Facsimile: (504) 544-6084
　　olinde@chaffe.com

　　*Defendants' Co-Liaison Counsel*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 24, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

　　　　　　　/s/ *Kim E. Moore*
　　　　　　　**Kim E. Moore**