# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) | : | |
| PRODUCTS LIABILITY LITIGATION | : | **MDL No. 2592** |
| | : | |
| | : | **SECTION L** |
| **THIS DOCUMENT RELATES TO:** | : | |
| | : | |
| *John Burke v. Janssen Research* | : | **JUDGE ELDON E. FALLON** |
| *& Development, LLC et al.* | : | **MAGISTRATE JUDGE NORTH** |
| No. 2:20-CV-00750 | : | |

## THE JANSSEN AND BAYER DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

## INTRODUCTION

This Court should deny Plaintiff Burke's Motion to Remand, grant the Healthcare Defendants' Motion to Dismiss or Sever, and retain jurisdiction over the claims against the Janssen and Bayer Defendants.[1]  Plaintiff's motion belatedly seeks to remand this entire action based on standards that do not apply in this Circuit and should be denied for the many reasons set forth below.

*First*, Fifth Circuit law requires that motions to remand be determined based on the allegations within the four corners of the complaint *at the time of removal*.  *Bonin v. Sabine River Auth. of Louisiana*, __ F. 3d __, 2020 WL 2961925, at *3 (5th Cir. June 4, 2020).  Under this standard, it is clear that the Complaint's sole, conclusory allegation that "[t]he medical care

---

[1] On May 22, 2020, the Healthcare Defendants filed a Motion to Dismiss based on lack of subject matter jurisdiction and fraudulent joinder, and requested that the claims against them be dismissed or severed. Dkt. No. 2-14-md-02592-EEF-MBN ("Dkt. 2592"), R. Doc. 17694.  In an order dated June 3, 2020, the Court extended the time to respond to the Healthcare Defendants' motion until June 9, 2020.  Dkt 2592, R. Doc. 17702.  On June 8, 2020, the Janssen and Bayer Defendants filed a response, which is incorporated as if fully set forth herein.  Dkt 2592, R. Doc. 17704. Plaintiff did not timely file an opposition to the Healthcare Defendants' Motion by the Court's deadline, and instead filed a response eight days after the deadline on June 17, 2020.  Dkt 2592, R. Doc 17716.  On the same day, Plaintiff also filed the pending Motion to Remand, and then refiled it on June 20, 2020.  Dkt 2592, R. Doc. 17715, R. Doc. 17724.  The Janssen and Bayer Defendants' opposition to Plaintiff's Motion to Remand filed herein is without prejudice to the defense that one or more Defendants have not been served.

rendered to Decedent by Defendant, Charles May, D.O., was negligent" does not allege any act of negligence or malpractice sufficient to state a claim under Ohio law.  Plaintiff acknowledges these factual deficiencies, now taking the position that "good faith discovery in connection with Dr. May's medical care" might reveal facts to support a medical malpractice claim in the future.  Dkt. 2592, R. Doc. 17724, at 2-3.  But the prospect of future discovery that could or might possibly reveal the existence of facts needed to state a claim is insufficient to avoid the fraudulent joinder doctrine, which is determined by the allegations in the complaint at the time of removal.

*Second*, Plaintiff has not satisfied Ohio's threshold requirement that he serve an affidavit of merit from a qualified expert that the Healthcare Defendants committed malpractice, despite the expiration of a court ordered deadline to do so.  Ohio Civ. R. 10(D)(2)(a).  Ohio's state law requirement is intended to prevent frivolous complaints against healthcare providers in Ohio by forcing the aggrieved party to demonstrate that there is a reasonable basis to believe that a healthcare provider committed malpractice.  Plaintiff's failure to serve an affidavit of merit by the court-imposed deadline here—after obtaining an extension and allowing the extended deadline to expire—mandates a finding of fraudulent joinder.  District courts within this Circuit and courts applying Ohio law have dismissed claims for failure to comply with similar requirements.

*Third*, Plaintiff still has not served any of the Healthcare Defendants with the Complaint by the required deadline and offers no explanation for the failure to do so.  Therefore, the Court should dismiss the Complaint and deny Plaintiff's motion to remand.  Fed. R. Civ. P. 4(m).

*Finally*, even if the court were to conclude that Plaintiff might be able to discover facts that could potentially support a viable claim against the Healthcare Defendants, which is not the proper standard governing the pending motion, Plaintiff's motion should still be denied because the claims against the Healthcare Defendants should be severed under Federal Rule of Civil Procedure

21.  As requested in Healthcare Defendants Charles May, D.O. and Grandview Family Practice, Inc.'s Motion to Dismiss the claims against them, the "Court [should] dismiss the Complaint as to [Dr. May and Grandview Family Practice] so that the Court can retain jurisdiction over the remaining Pharmaceutical Defendants."   Dkt. 2592, R. Doc. 17694 at 1.  The claims against the Healthcare Defendants arise out of different facts and standards than those governing the claims against the pharmaceutical defendants, and there is no prejudice to plaintiff from severing these distinct claims.

For these and the following reasons, Plaintiff's motion to remand should be denied.

## ARGUMENT

**A.**    **The Healthcare Defendants Are Fraudulently Joined Under the Fifth Circuit's Rule 12(b)(6) Fraudulent Joinder Analysis Applied to the Complaint at the Time of Removal**

Janssen and Bayer removed this action from Ohio state court because the Complaint fraudulently joined alleged medical malpractice claims against the Ohio-resident Healthcare Defendants.  Notice of Removal, Dkt. No. 2:20-cv-00750-EEF-MBN (Dkt. 0750"), R. Doc. 1.  The threshold jurisdictional question on Plaintiff's motion to remand is whether the Healthcare Defendants have been fraudulently joined based on the Complaint's allegations.   Under Fifth Circuit law, "[a] motion to remand is evaluated 'on the basis of claims in the state court complaint as it exists at the time of removal.'"  *Bonin*, ___ F. 3d ___, 2020 WL 2961925, at *3 (5th Cir. June 4, 2020) (quoting *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995)).  If a party is deemed fraudulently joined, its citizenship is to be disregarded for purposes of diversity jurisdiction.  *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 515 (5th Cir. 2009).

"When evaluating whether a plaintiff has a reasonable basis of recovery under state law, courts in the Fifth Circuit 'conduct a Rule 12(b)(6)-type analysis,' examining whether there is a viable state law claim against the non-diverse defendant." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d

568, 573–74 (5th Cir. 2004)).  In ruling on fraudulent joinder questions, the Rule 12(b)(6)-type analysis contemplated by the Fifth Circuit focuses on "a plaintiff's 'failure to state a claim upon which relief can be granted.'" *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting Fed. R. Civ. Proc. 12(b)(6)).  "[I]f the complaint does not contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" then dismissal is warranted.  *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleges.'" *IberiaBank Corp. v. Ill. Union Ins. Co.*, 953 F.3d 339, 345 (5th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, assuming all the allegations are true." *Powers v. Northside Independent Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) (citing *Twombly*, 550 U.S. at 555-56).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allies Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Here, Plaintiff Burke's Complaint alleges only "[t]he medical care rendered to Decedent by Defendant, Charles May, D.O., was negligent in that he failed to exercise the degree of skill, care and diligence required of a healthcare provider under the same or similar circumstances." Compl. ¶ 249, Dkt. 0750, R. Doc. 1-1.  Such a conclusory allegation—which merely parrots the legal elements of a malpractice claim but does not list any actual act of malpractice—does not provide this Court with any basis to conclude that Plaintiff has a viable claim for recovery under

applicable Ohio law.[2] *Inclusive Communities Project, Inc.*, 920 F.3d at 899 (citing *Iqbal*, 556 U.S. at 678); *Fernandez-Montes*, 987 F.2d at 284.   As the Supreme Court emphasized in *Iqbal* and *Twombly*:  "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief may be granted; "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555.

Under the Fifth Circuit's rule that fraudulent joinder be evaluated based on the as-filed complaint at the time of removal, it is clear that the Complaint does not allege facts necessary to state a claim that the HealthCare Defendants were negligent.[3]  Plaintiff's motion acknowledges these factual insufficiencies and takes the position that "[g]ood faith discovery in connection with Dr. May's medical care (to include choice of blood-thinning drugs, length of prescription and dosage) rendered to Plaintiff's decedent is necessary and appropriate in this case" to demonstrate that he can allege a claim.  Pl.'s Mot. at 2-3, Dkt. 2592, R. Doc. 17724.  But the law governing Plaintiff's Motion to Remand turns on the allegations in the complaint at the time of removal, not what future discovery could or might reveal about a claim.  As the Fifth Circuit has observed, "[w]e have explained that discovery is not needed to dispose of a Rule 12(b)(6) motion because those motions 'are decided on the face of the complaint.'"  *Wilson v. Dallas Cty. Hosp. Dist.*, 715 F. App'x 319, 323 (5th Cir. 2017) (quoting *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990)).[4]  The "information obtained during discovery generally cannot provide the good cause necessary to amend a complaint, at least when a motion to dismiss is already pending.  A ruling to

---

[2] Ohio holds medical malpractice claims to a heightened standard, requiring submission of an affidavit of merit detailing the facts and circumstances of the claim in order to establish the adequacy of a plaintiff's complaint. Ohio Civ. R. 10(2)(a); *see also Fletcher v. Univ. Hosp. of Cleveland*, 897 N.E.2d 147, 149 (2008).

[3] The complaint does not allege that prescribing a medicine with risks was malpractice, nor has Plaintiff provided any affidavit of merit making this claim, which is not surprising since all medicines carry risks.

[4] "A plaintiff is not entitled to discovery before a motion to dismiss, and dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive summary judgment."  *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013).

the contrary would encourage frivolous actions for fraud with the hope that the plaintiff could later supplement its complaint with information learned during discovery.   The Court cannot countenance such fishing expeditions . . . ."   *In re Gulf States Long Term Acute Care of Covington, L.L.C.*, No. CIV.A. 11-1659, 2014 WL 107870, at *2 (E.D. La. Jan. 9, 2014).

Based on the as-filed complaint at the time of removal, by Plaintiff's own concessions and a plain reading of the allegations, it is clear that the allegations are insufficient and the Healthcare Defendants have been fraudulently joined.

The cases relied upon by the Plaintiff support a finding of fraudulent joinder here too.   For example, in *Keating v. Shell Chemical Co*., 610 F.2d 328 (5th Cir. 1980), the Court reviewed the Complaint's allegations at the time of removal and concluded that certain defendants were fraudulently joined.   Because of the nature of the claims required that plaintiff prove an intentional tort against the non-diverse defendants, the Court focused its analysis on those particular allegations and defendants.   Although the complaint used the word "intent" to describe the claims, the Fifth Circuit observed, "[t]he use of the word 'intent' in these paragraphs is not a talisman that can change the allegations into colorable claims of true intentional torts."   *Id.* at 332.   The same is true here.   Plaintiff Burke's complaint uses a conclusory allegation of "negligence" on the part of the Healthcare Defendants but provides no description of the act or conduct that would support a medical malpractice claim.   The allegations in Burke's Complaint are purely conclusory legal statements.   Just as the Court in *Keating* denied the plaintiff's motion to remand on fraudulent joinder grounds for failure to allege a viable state law claim within the four corners of the complaint, the Court here should too find that the Healthcare Defendants have been fraudulently joined because the Complaint fails to allege facts for a medical malpractice claim.

The other case relied upon by Plaintiff, *Bobby Jones Garden Apartments v. Suleski*, 391 F.2d 172, 175 (5th Cir. 1968), is starkly different because the complaint provided "considerable factual detail . . ." supporting the alleged state law claim, including the circumstances of the alleged transaction, specific representations, and other facts.   The Fifth Circuit framed the fraudulent joinder question as turning on whether Florida law recognized a claim against an agent for engaging in certain activities surrounding the product allegedly causing the injury.   In reviewing the complaint at the time of removal based on the detailed factual allegations under state law, the court held that there was a "reasonable basis for predicting that the state law might impose liability on the facts involved" related to the agent in question.  *Id.* at 177.   The opposite is true here. Plaintiff Burke's Complaint is wholly devoid of the required factual allegations to support a medical malpractice claim, and as set forth below, it is clear that his Complaint is insufficient to state a viable claim under Ohio law.

**B.**    **The Healthcare Defendants Have Been Fraudulently Joined Because Plaintiff Failed to Comply with Ohio Law's Required Affidavit of Merit**

Not only is the Complaint deficient based on the Fifth Circuit's Rule 12(b)(6) fraudulent joinder analysis, Plaintiff Burke has not complied with Ohio substantive law, codified at Ohio Civil Rule 10(D)(2)(a), requiring that he file an affidavit of merit, provided by an expert, detailing the facts and basis for an alleged medical malpractice claim.  Ohio Civ. R. 10(D)(2)(a); *see also Fletcher,* 897 N.E.2d 147, 149 (2008).[5]  Rule 10(D)(2)(a) requires the following:

(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

(ii) A statement that the affiant is familiar with the applicable standard of care;

---

[5] On January 14, 2020, Plaintiff Burke requested a 90-day extension to file his expert report.  The court granted the motion on the same day, which would have made the report due no later than April 14, 2020.  *See* R. Doc. No. 0F001-S87 (attached as Exhibit A).  Plaintiff still has not served the required report.

(iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

Ohio Civ. R. 10(D)(2)(a)(i)-(iii).  Consistent with Rule 12(b)'s factual pleading requirements, the purpose of the Ohio statute is to "deter the filing of frivolous medical-malpractice claims." *Troyer v. Janis*, 971 N.E.2d 862, 863 (2012); *Erwin v. Bryan*, 929 N.E.2d 1019, 1023–24 (2010) (Ohio law "deters filing actions against all medical providers who cared for a patient," discouraging plaintiffs from naming "every health-care provider mentioned in a patient's medical records…"). The "rule is designed . . . to ensure that only those plaintiffs truly aggrieved at the hands of the medical profession have their day in court." *Fletcher*, 897 N.E.2d at 149.

The failure to comply with Rule 10(D)(2)(a) has been interpreted by federal courts as a substantive requirement of Ohio law. As one court observed, the "overwhelming majority position" is that affidavit requirements to support a medical malpractice claim "are substantive[,] not in conflict with federal rules" and therefore the failure to comply is grounds for dismissal. *Bennafield v. United S*tates, No. 4:12-CV-3010, 2013 WL 5173221, at *2 (N.D. Ohio Sept. 12, 2013) (dismissing medical-based claims because plaintiff failed to file an affidavit of merit pursuant to Ohio Civ. R. 10(d)); *see also Schumacher v. Corr. Corp of Am.*, NO. 4:15-CV-01919, 2016 WL 3629015, at *1-5 (N.D. Ohio July 7, 2016) (same); *Kollin v. City of Cleveland*, No. 1:11 CV 2605, 2013 WL 10914611, at *1-3 (N.D. Ohio May 24, 2013) (same); *Perotti v. Medlin*, No. 4:05CV2739, 2009 WL 723230, at *1-2 (N.D. Ohio Mar. 16, 2009) (same); *Nicholson v. Catholic Health Partners*, No. 4:08CV2410, 2009 WL 700768, at *1-4 (N.D. Ohio Mar. 13, 2009) (same); *but see Beair v. Ohio Dep't Rehab.*, 156 F.Supp.2d 898 (N.D. Ohio 2016) (holding Ohio Civ. R. 10(d)(2) did not apply); *Fletcher*, 897 N.E.2d at 151; *Hall v. Northside Med. Ctr. & Internal Med.-Surgical Ctr.*, 897 N.E.2d 717, 721 (2008) (under the current incarnation of Ohio Civ. R. 10, courts may dismiss a complaint for failure to provide an affidavit of  merit).

Similarly, district courts within the Fifth Circuit have dismissed cases for failure to serve requisite reports demonstrating the sufficiency of alleged professional negligence claims required by state law. *See Dunhill Partners, Inc. v. State Auto. Mutual Ins. Co*., 2013 WL 12126234, at *4 (N.D. Tex. Mar. 14, 2013) ("a plaintiff cannot sue a licensed engineer without a certificate of merit filed concurrently with the lawsuit"). For example, the court in *Dunhill* held that "diversity endures because all claims against a resident professional engineering firm are futile in the absence of a certificate of merit." *Id.* at 5. The court denied the motion to remand "because a state court would have dismissed the claims against [the same-state defendant] upon finding that Plaintiffs failed to file a certificate of merit with their petition." *Id.*

Because Plaintiff Burke's Complaint is devoid of any factual basis demonstrating the possibility of recovery and he has not satisfied Ohio substantive law by serving the required affidavit, despite having requested additional time which has now expired (*see* footnote 4 below), this Court should find that the Healthcare Defendants have been fraudulently joined and confer jurisdiction over the remaining claims against the Janssen and Bayer Defendants.

## C.     Plaintiff's Failure to Serve Complaint is Grounds for Dismissal of the Non-Essential Healthcare Defendants

The claims against the Healthcare Defendants should be dismissed for the additional reason that Plaintiff Burke has not timely served the Healthcare Defendants with the Complaint. Dismissal for lack of service would also allow the Court to retain subject matter jurisdiction. "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989); *see also Dayton Indep. School Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1068 (5th Cir. 1990) (dismissing dispensable non-diverse party, "thereby restoring diversity jurisdiction."); *Aetna Cas & Cur. Co. v. Hillman*, 796 F.2d 770, 774

(5th Cir. 1986) ("A district court can drop a non-diverse party whose presence is not essential to the suit to preserve and perfect diversity jurisdiction.").

At the outset, Defendants note that the failure to serve the Healthcare Defendants is further proof that Plaintiff is not serious about pursuing a claim against them and that those defendants are fraudulently joined. Moreover, the Healthcare Defendants are non-essential, dispensable parties to the product liability claims against the Janssen and Bayer Defendants. The presence of the Healthcare Defendants does not change that Plaintiff can already obtain complete relief on the product liability claims, his interests will not be impaired if the Healthcare Defendants are dismissed from this action, and there is no evidence that parties will have inconsistent obligations. Fed. R. Civ. P. 19(a). Unlike the claims against the Janssen and Bayer Defendants, the standard that will apply to the claims against the Healthcare Defendants is whether they—as a physician and family practice—acted below the standard of care for a treating physician.

Because Plaintiff Burke has not timely served the Healthcare Defendants, the claims against them should be dismissed pursuant to Fed. R. Civ. P. 4(m). Dkt. No. 2592, R. Doc. 17694-1, Def. Mot. at 2 n.2 ("The Medical Defendants have not been served with a summons or the Complaint."). As stated in the Rule, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff filed suit on January 14, 2020, *see* Compl., Dkt. No. 0750, R. Doc. 1-1, and this action was removed to federal court on February 21, 2020. Notice of Removal, Dkt. No. 0750, R. Doc. 1. Under Fed. R. Civ. P. 4(m), Plaintiff had until April 13, 2020 to serve all of the defendants. As of the date of this filing— more than 4 months after filing of the Complaint and more than 3

months after removal—Plaintiff has still not served the Healthcare Defendants.[6]   A plaintiff's failure to serve a complaint within the specified time requires dismissal here. *Vakaiyan v. City of Wichita Falls, Tx.*, 317 F. App'x 406 (5th Cir. 2009) (affirming dismissal for failure to timely serve complaint to remaining defendants).   Just as it has dismissed non-essential, non-diverse Bayer entities for failure to serve the complaint in order to retain jurisdiction over the essential diverse Janssen and Bayer Defendants, *see* R. Doc. 12931; R. Doc. 17685, the Court should dismiss the non-essential, non-diverse Healthcare Defendants for failure to serve the complaint and retain jurisdiction over the essential, diverse Janssen and Bayer Defendants.

**D.    The Healthcare Defendants Are Misjoined and Any Medical Malpractice Claim Should be Severed Pursuant to Federal Rule of Civil Procedure 21**

Dismissal and severance of the medical malpractice claims also is warranted on grounds of misjoinder under Rule 21.   A court may "at any time, on just terms . . . sever any claim against a party." Fed. R. Civ. P. 21.   Indeed, courts routinely sever and remand claims against nondiverse healthcare defendants to preserve their jurisdiction over claims against pharmaceutical manufacturers. *See, e.g.*, *Varley v. Tampax, Inc.*, 855 F.2d 696, 700–01 (10th Cir. 1988) (ordering dismissal without prejudice of non-diverse malpractice claims and judgment in favor of diverse product liability defendant); *DeGidio v. Centocor, Inc.*, No. 3:09-CV- 721, 2009 WL 1867676, at *2 (N.D. Ohio June 29, 2009) (severing and remanding non-diverse healthcare defendants).

The facts here demonstrate that Plaintiff Burke's claims should be severed.   This Court previously ruled on a motion to sever the claims of a healthcare defendant in *Robert Murphy v. Janssen Pharm. et al.*, Case No. 2:14-md-02592-EEF-MBN (E.D. La. Aug. 19, 2016), after considering "whether the dismissal of a nondiverse party will prejudice any of the parties in the

---

[6]  The Court has discretion to address procedural matters before addressing subject matter jurisdiction. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 127 S. Ct. 1184, 1191-92 (2007) ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits" (citations omitted))

litigation." *Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826, 837 (1989).  In *Murphy*, the Court declined to sever the claims because the Texas-resident plaintiff pled detailed facts and circumstances regarding the alleged malpractice and served an expert report required under Texas state law to state a medical malpractice claim.  *Murphy*, Case No. 2:14-md-02592-EEF-MBN (E.D. La. Aug. 19, 2016), at 11.

Unlike *Murphy*, where the plaintiff's complaint contained detailed factual allegations and the plaintiff had served the healthcare defendants and provided an expert report, Plaintiff Burke here did not assert a facially valid malpractice claim prior to removal, did not serve the Healthcare Defendants and has not served an affidavit of merit as required by Ohio State law. *Murphy*, Case No. 2:14-md-02592-EEF-MBN, at 15.  Nor has Plaintiff Burke articulated any "strategic interests in joining defendants" in the same lawsuit, or that "deference" to a state forum is preferred.  *Id.* All of the factors here demonstrate that Plaintiff Burke will not be prejudiced and that the medical malpractice claims should be severed.[7]  Indeed, the separate motion to dismiss or sever filed by the Healthcare Defendants seeks only a dismissal of the medical malpractice claims against them and specifically requests that the Court retain jurisdiction over the claims against the Janssen and Bayer Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand should be denied.

Respectfully submitted,

---

[7] These same facts support a finding of misjoinder under *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Ngo v. Essex Ins. Co.*, No. 07-7643, 2008 WL 4544352, at *2 (E.D. La. Oct. 9, 2008) (The Fifth Circuit "has appeared to adopt the [Tapscott improper joinder] doctrine.") As explained by the Fifth Circuit in *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531 (5th Cir. 2006) "[t]o the extent the severance decision was tantamount to a finding of improper joinder, we agree with that finding."  *See also In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 2020 WL 598043 (E.D.La. Feb. 7, 2020).  Under Ohio Civil Rule 19, Plaintiff Burke is not prejudiced from the severance of the medical malpractice claims against the Healthcare Defendants since that relief is separate and based on different standards than those governing the product liability claims against the Janssen and Bayer Defendants.

**ARNOLD & PORTER KAYE**
**SCHOLER LLP**

By: */s/Andrew Solow*
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendant Bayer HealthCare*
*Pharmaceuticals Inc.*

**FAEGRE DRINKER BIDDLE & REATH LLP**
By: */s/ Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile:  (973) 360-9831
susan.sharko@faegredrinker.com

*Counsel for Defendants Janssen Pharmaceuticals,*
*Inc., Janssen Research & Development, LLC,*
*Janssen Ortho LLC, and Johnson & Johnson*

**IRWIN FRITCHIE URQUHART & MOORE LLC**
By: */s/ Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile:  (504) 310-2120
    kmoore@irwinllc.com

*Defendants' Co-Liaison Counsel*

13

CHAFFE MCCALL L.L.P.
By: /s/ *John F. Olinde*
John F. Olinde
1100 Poydras Street
Suite 2300
New Orleans, LA 70163
Telephone: (504) 585-7241
Facsimile: (504) 544-6084
olinde@chaffe.com

*Defendants' Co-Liaison Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 30, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

*/s/ Kim E. Moore*
**Kim E. Moore**