# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | MDL No. 2592<br>SECTION L<br>JUDGE ELDON E. FALLON<br>MAG. JUDGE NORTH |

This Document Relates to:
John Brockus v. Janssen
Research & Development, LLC, et al.
Case No. 2:20-cv-00110

## CONSENT MOTION FOR EXTENSION OF TIME TO COMPLY WITH CASE MANAGEMENT ORDER NO. 11

Plaintiffs hereby move the Court for an extension of time to August 26, 2020 to comply with Case Management Order ("CMO") 11, including serving all of the medical records required by CMO 11 and providing the Rule 26(a)(2) case-specific causation report required by CMO 11.

Plaintiffs' deadline to provide the Plaintiff Profile and Consent Form, Short Form Plaintiff Fact Sheet, and the documents and medical records required by these forms was February 20, 2020. Plaintiffs served partially complete forms and some of the required medical records on February 13, 2020. Plaintiffs have continued to upload additional medical records from the Decedent's healthcare providers to the MDL Centrality.

In March 2020, Plaintiffs became aware for the first time of the names of over a dozen additional health care providers that provided care and treatment to Decedent after obtaining Decedent's pharmacy records. On March 27, 2020, Defendants' counsel served Plaintiffs' counsel with Notices of Deficiency as to Plaintiffs' Plaintiff Profile and Consent Form and a Short Form Plaintiff Fact Sheet. At that time, Plaintiffs had not yet obtained medical records from either of the Decedent's Xarelto-prescribing healthcare providers, both of whom were discovered in the

above-mentioned pharmacy records. Defendant's counsel asked Plaintiffs to remedy these deficiencies by April 26, 2020.

On April 3, 2020, Plaintiffs' counsel advised that due to the COVID-19 pandemic, Plaintiffs had not yet received all of the requested medical records. Plaintiffs sent out medical and billing record requests to the medical providers first discovered in March 2020. Plaintiff has obtained the majority of these records, but has not been able to obtain all of them, despite repeated efforts to follow up on the requests. One of the healthcare providers whose records Plaintiffs have not yet been able to obtain prescribed Xarelto to Decedent.

Plaintiffs asked Defendants for a thirty-day extension of time, to May 27, 2020, to remedy the deficiencies identified in the March 27, 2020 Notices of Deficiency, including production of the outstanding medical records. Defendants agreed to Plaintiffs' requested extension.

Plaintiffs continued to attempt to obtain the medical records and other information required by CMO 11. Plaintiffs continued to experience difficulty obtaining all of the necessary records and information because some of Decedent's health care providers either were not responding to records requests or because the facilities were understaffed because of the COVID-19 pandemic, which led to delays in having records requests processed.

On May 20, 2020, it became apparent to Plaintiffs they would be unable to remedy the deficiencies by May 27, 2020. Plaintiffs requested a second thirty-day extension of time to remedy the CMO 11 deficiencies. Defendants also agreed to Plaintiffs' second extension of time, to June 26, 2020.

Because the above-mentioned difficulties in obtaining medical and billing records continued to delay obtaining Decedent's records, Plaintiffs asked Defendants for a third extension of time, to July 27, 2020, to comply with CMO 11. Plaintiffs then filed a Consent Motion for an

Extension of Time to Comply with CMO 11, filed on June 25, 2020.  The Defendants did not oppose this Motion.  The Court granted the Motion on June 30, 2020.

On July 21, 2020, Plaintiffs' counsel contacted Defendants' counsel and stated they would not be able to provide all of the medical records necessary to comply with CMO 11 by July 27, 2020.  After a discussion of the matter, Plaintiffs produced what additional medical records and billing records they had obtained as of that date.  Some of these records were not provided by the providers with custodian of records affidavits, or the providers did not send proper affidavits of no records.  Plaintiff has been diligently attempting to obtain these affidavits, which has proven difficult.

Plaintiffs respectfully request an extension of time to August 26, 2020, for Plaintiffs to comply with CMO 11.  This includes an extension to provide the outstanding medical records and affidavits, the case-specific expert report, and remedy the additional deficiencies outlined in the deficiency notices dated March 27, 2020 and June 11, 2020.  Defendants' counsel has advised they do not oppose this additional requested extension.

Plaintiffs therefore file this Consent Motion seeking the Court's approval of the deadline extension.

WHEREFORE, Plaintiffs respectfully request an extension of time to August 26, 2020 to comply with CMO 11.

Dated: July 27, 2020   */s/ Eric D. Hitchcock*
Eric D. Hitchcock, Esq.
SMITH CLINESMITH, LLP
325 N St. Paul, 29th Floor
Dallas, TX 75201
Telephone: (214) 953-1900
Facsimile: (214) 953-1901
eric@smithclinesmith.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 27, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other defense counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

This the 27th day of July, 2020.

/s/Eric D. Hitchcock
Eric D. Hitchcock