MARK TRANCKINO
23104 SAMUEL ST #105
TORRANCE CA. 90505

Ms. Rachel Abrams
Levine Simes Abrams
1700 Montgomery Street Suite 250
San Francisco, Ca. 94111

Sent by Email Only

Dear Rachel Abrams:

I hoped and still hope that the things that have gone wrong can be worked out without third party intervention. This is going to be my last effort in that regard.

I was shocked to find out that I received a settlement distribution for $43,656.86, and that 73.6% of that money was taken by my attorneys while 26.4% was forwarded to me. I looked at my contract and determined that the payments were not in accordance with our agreement (written by you and accepted by me without negotiation). I emailed you on July 15 and requested that you return the money that was not earned in accordance with our agreement. Your other sound option was to forward something substantiating the charge. Effectively, you have done nothing. I have had two very brief discussions with Brian. Both discussions were impacted by Brian's time demands.

I have spent a great deal of time reviewing our contract in preparation for intervention. I realized that there are conditions that would allow you to charge me for costs and expenses if I took specified actions. These are actions include firing you or hiring other lawyers. I have done none of these things. Those conditions have not been met. There is nothing else in the contract that allows you to pass your costs or expenses on to me. The first contract with and written by Myers Flowers was different and allowed for expenses of up to 4% to be billed to me. You wrote a different contract. This contract says that the costs and expenses are part of the consideration for the 40% fee. You are required to honor your contract.

This letter is a demand to return $9,238.70 that was not earned and $5,459.32 that you have taken for costs and expenses. If these amounts are deposited in my bank account by 1:00 PM on Wednesday July 28, 2020, I will consider all the monetary issues to date and everything associated with them to be cured. If this does not happen, I will go to the California Bar and I will ask the steering committee to show me how get help from Judge Fallon.

Finally, I have tried repeatedly to get help with lien resolution to no avail. If you do not want to help, I would be satisfied with access and input into the process. I have attached a summary of a significant defense I can assert. Archer systems cannot possibly be aware of this defense. A small portion of the documents involved in this defense are also attached. I have several other unique defenses. If we cannot find a sufficient way to put forth our best defense against subrogation liens, I will go to Judge Fallon. This item is separate and apart from the items above.

Yours Truly,

Mark Tranckino