

## MEYERS & FLOWERS LLC
TRIAL ATTORNEYS

**PRINCIPALS**
TED A. MEYERS
PETER J. FLOWERS
CRAIG D. BROWN
RYAN P. THERIAULT
BRIAN J. PERKINS

3 NORTH SECOND STREET, SUITE 300
ST. CHARLES, ILLINOIS 60174
PHONE (630) 232-6333
FACSIMILE (630) 845-8982
www.meyers-flowers.com

**CHICAGO OFFICE**
225 W. WACKER DRIVE
SUITE 1515
CHICAGO, ILLINOIS 60606
(312) 214-1017

# XARELTO ATTORNEY REPRESENTATION AGREEMENT

### 1. Date and parties

This agreement is made on __12/31__, 2015, by Mark Tranckino (hereinafter referred to as the Client) and Meyers & Flowers, LLC and Levin Simes, LLP (hereinafter referred to as the Attorneys).

### 2. The claim covered by this agreement

The client retains the Attorneys to investigate and, if appropriate, file suit, or otherwise make a claim against any and all distributors and manufacturers of Xarelto based upon the allegation that the companies contributed to causing harm to the Client (the "Xarelto Claim"). Client further retains the Attorneys to investigate and, if appropriate, file suite or otherwise make a claim relating to the the care and treatment of Client, including claims of medical malpractice (the "Malpractice Claim").

### 3. Attorney Fee

a. The attorney fee is 40% of any settlement or verdict obtained of which 66.7% of the attorney fee will be paid to Meyers & Flowers, LLC and 33.3% will be paid to Levin Simes, LLP. The Client owes the Attorneys nothing if the claim does not produce any money; provided however, that the attorney fee for any settlement or verdict obtained in connection with the Malpractice Claim shall not exceed any limitations imposed by applicable law, including without limitation Cal. Bus. & Prof. Code § 6146.

b. If any agreed settlement provides that settlement money will be paid in the future, the fee percentage will be applied to present value of the combined total of the front money and the future payments. Ordinarily the present value of future payments is the cost of the annuity purchased by the settling defendant to fund the future payments. The attorney fee in a settlement with future payments will ordinarily be paid entirely from the front money part of the settlement. The fee in a settlement with future payments will never be more than it would be if the present value of the future payments were paid up front. The sum of the fee in a settlement with future payments and the expenses for which Client is responsible will not exceed the front money part of the settlement.

c. Client is advised and understands that there may be a common benefit fee assessment. Client further understands that some or all of the Attorneys and law firms who are part of this agreement may perform some common benefit work, for which a separate fee may be paid from a Court approved Common Benefit Fund funded by the common benefit fee assessments.

### 4. Economically unfeasible claim

If the Attorneys at any time determine that the claim covered by this agreement is without merit or that the continued pursuit of it is economically unfeasible, they may cancel this agreement upon reasonable notice to the Client. If this happens, the Client will owe the Attorneys nothing.

### 5. Refusal to accept a recommended settlement

If a settlement offer other than a master settlement offered to multiple plaintiffs in connection with the settlement of multiple actions included or consolidated in multidistrict litigation is made, and the Attorneys recommend to the Client that the offer be accepted, but the Client refuses to accept it, the Attorneys are permitted to withdraw from representing the Client, unless this cannot be done without prejudicing the claim. The inconvenience of finding replacement counsel and the possibility replacement counsel cannot be found do not, in and of themselves, constitute prejudicing the claim. Withdrawal by the Attorneys from a case in which suit has been filed will be in accordance with the applicable court rules. If the Attorneys withdraw under these circumstances, and the claim covered by this agreement ultimately results in recovery, the Attorneys will be entitled to fair compensation for the work done by them and to reimbursement of individual expenses advanced by them before the attorneys withdrew. Fair compensation in this instance is defined as it is in paragraph 6. The Client owes the Attorneys nothing if the claim does not produce any money.

### 6. Discharge of Attorneys

If the Client discharges the Attorneys without Cause and the Claim ultimately results in recovery, the Attorneys will be entitled to reimbursement of reasonable expenses incurred as of the date of discharge. If the Client discharges the Attorneys without Cause and the Claim ultimately results in recovery, the Attorneys will also be entitled to fair compensation. Fair compensation is defined as the part of the contingent fee which best represents the contribution made by the Attorneys relative to the total of all contributions , viewed retrospectively as of the resolution of the claim covered by this agreement. Cause is defined as the occurrence of any of the following: (i) negligence on the part of the Attorneys, (ii) failure to diligently prosecute Client's claims, (iii) breach of any applicable rules of professional conduct or ethics, (iv) failure of Brian Perkins or Rachael Abrams to personally handle Clients claims, (v) the withdrawal, resignation or other separation of Brian Perkins or Rachel Abrams from their respective law firms, or (vi) the Attorneys being or becoming subject to Court ordered sanctions. The Client owes the Attorneys nothing if the claim does not produce any money.

### 7. Expenses

The Attorneys will advance claim development and litigation expenses. If the claim produces no money, the Client is not required to reimburse the Attorneys for expenses advanced, unless the failure to recover is a result of the situation explained in paragraph 5 or paragraph 6 of this agreement. Expenses will be repaid from the Client's share of any money recovered. The Attorneys are permitted to stop advancing expenses if they recommend accepting a settlement offer, and the Client refuses to accept it. The Attorneys are also permitted to stop advancing

expenses if they cancel this agreement in accordance with paragraph 5, or if the Client discharges the Attorneys.

There will be two classes of expenses: (1) individual expenses, and (2) common plaintiff expenses. Individual expenses are those incurred specifically for a Client's claim, such as charges for the Client's own medical records. Common plaintiff expenses are those which benefit all of the Attorney's Xarelto Clients, such as an expert witness report which can be used in all cases, or travel for a common purpose benefitting all Clients. Common benefit expenses will be apportioned among all of the Attorney's Xarelto cases, with each paying an equal percentage of the total. Notwithstanding the foregoing, Client will not pay or reimburse any common plaintiff expenses to the extent the same are subject to reimbursement through any mechanism established by the Court in any multidistrict litigation which includes any of the Attorney's Xeralto cases.

The Attorneys agree that the total of the (1) individual expenses and (2) common plaintiff expenses will not exceed 4% if the case resolves prior to the case receiving an individual trial date and will not exceed 10% if the case resolves after receiving an individual trial date. Any expenses beyond these caps will be paid by the Attorneys out of the Attorney Fee. At all times, the Attorneys will ensure that all expenses are reasonable, and, in that regard, the Attorneys agree to follow the cost guidelines outlined by Judge Eldon Fallon, in Pre Trial Order No. 8 from the In Re: Xarelto (Rivaroxaban) Products Liability Litigation MDL No. 2592 (as amended or supplemented from time to time, the "Order"). Individual expenses which benefit both the Xeralto Claim and the Malpractice Claim shall not be double counted.

### 8. Right to information

The Client is entitled to access to all documents and other things created or received by the Attorneys in connection with the claim covered by this agreement. An accounting of expenses ordinarily will not be provided to the Client, until and unless a recovery is made. However, reasonable interim accountings are available to the Client upon request.

### 9. Settlement authority

If the Client gives the Attorneys authority to settle the claim covered by this agreement, and the Attorneys make a settlement within the scope of the authority given to them by the Client, the Client is bound to the settlement and cannot reject it after it has been made.

### 10. Mass Tort

The Attorneys are authorized to join with other lawyers representing Xarelto plaintiffs in order to obtain the benefit of work done on behalf of all such plaintiffs represented by such lawyers.

### 11. Client duty of cooperation

Client has a duty to cooperate with Attorneys in the prosecution of Client's claim. Such cooperation shall include immediately informing Attorneys of all address and telephone number changes. Such cooperation shall also include immediately informing Attorneys of any significant changes to Client's health, including all hospitalizations and death.

### 12. Assignment of attorneys

Client has requested and the Attorneys have agreed that Cleint's claim will always be assigned to and primary handled by Brian Perkins of Meyers & Flowers, LLC and Rachel Abrams of Levin Simes, LLP.

### 13. Bankruptcy

Client agrees to inform Attorneys thirty (30) days in advance of filing for personal bankruptcy, or immediately if Client has already filed for bankruptcy, in order to allow Attorneys to take necessary steps to continue to prosecute Client's Xarelto claim.

### 14. Opportunity to read and understand this agreement

The Client has had time to read this agreement and to ask the Attorneys questions about it before signing it.

### 15. Entire agreement

This document contains all of the terms of representation of the Client by the Attorneys. There are no oral or written terms of agreement other than those in this document.

**Signatures:**

Dated 12/31/15, 2015

_____
Mark Tranckino

I hereby accept the requested employment in accordance with these terms set forth above.

Dated 12/31/15, 2015

_____
Brian J. Perkins, Esq.

Dated 01/27/2016, 2015

_____
Rachel B. Abrams, Esq.