```
 1                    UNITED STATES DISTRICT COURT

 2                    EASTERN DISTRICT OF LOUISIANA

 3
      ****************************************************************
 4
      IN RE:  XARELTO (RIVAROXABAN)
 5    PRODUCTS LIABILITY LITIGATION

 6
                                   CIVIL ACTION NO. 14-MD-2592 "L"
 7                                 NEW ORLEANS, LOUISIANA
                                   MONDAY, AUGUST 17, 2020, 9:00 A.M.
 8
      THIS DOCUMENT RELATES TO
 9    LOIS CARR, NO. 2:19-CV-12994

10    ****************************************************************

11
        TRANSCRIPT OF ORDER TO SHOW CAUSE TELECONFERENCE PROCEEDINGS
12             HEARD BEFORE THE HONORABLE ELDON E. FALLON
                      UNITED STATES DISTRICT JUDGE
13

14    APPEARANCES:

15
      FOR THE PLAINTIFFS:    BOLER
16                           BY:  LASHUNTA M. WHITE-BOLER, ESQUIRE
                             5227 BESSEMER SUPER HIGHWAY
17                           BIRMINGHAM, AL  35020

18

19                           HATCHER LAW OFFICE
                             BY:  MONICA AUSTIN-HATCHER, ESQUIRE
20                           2202  2ND AVE NORTH
                             BIRMINGHAM, AL  35203
21

22
                             HERMAN HERMAN & KATZ
23                           BY:  LEONARD A. DAVIS, ESQUIRE
                             820 O'KEEFE AVENUE
24                           NEW ORLEANS, LA  70113

25

                             OFFICIAL TRANSCRIPT
```

```
 1   APPEARANCES CONTINUED:

 2


 3   FOR THE DEFENDANTS:     DRINKER BIDDLE & REATH
                             BY:  CHANDA A. MILLER, ESQUIRE
 4                           1 LOGAN SQUARE, SUITE 2000
                             PHILADELPHIA, PA  19103
 5

 6
                             DRINKER BIDDLE & REATH
 7                           BY:  SUSAN M. SHARKO, ESQUIRE
                             600 CAMPUS DRIVE
 8                           FLORHAM PARK, NJ  07932

 9

10                           KAYE SCHOLER
                             BY:  STEVEN GLICKSTEIN, ESQUIRE
11                                JOAN GODDARD, ESQUIRE
                             250 WEST 55TH STREET
12                           NEW YORK, NY  10019

13

14   OFFICIAL COURT REPORTER:    CATHY PEPPER, CRR, RMR, CCR
                                 CERTIFIED REALTIME REPORTER
15                               REGISTERED MERIT REPORTER
                                 500 POYDRAS STREET, ROOM HB-275
16                               NEW ORLEANS, LA  70130
                                 (504) 589-7779
17                               Cathy_Pepper@laed.uscourts.gov

18
     PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.  TRANSCRIPT
19   PRODUCED BY COMPUTER.

20

21

22

23

24

25

                          OFFICIAL TRANSCRIPT
```

```
 1                      P-R-O-C-E-E-D-I-N-G-S

 2                    MONDAY, AUGUST 17, 2020

 3                      (VIA TELECONFERENCE)

 4

 5

 6          THE COURT:  Good morning, everyone.  Let's call the

 7   case, please.

 8          THE DEPUTY CLERK:  MDL Number 2592, In re: Xarelto

 9   Products Liability Litigation.

10          THE COURT:  Counsel, make your appearance, please.

11          MR. DAVIS:  This is Leonard Davis, plaintiffs'

12   coliaison counsel.

13          THE COURT:  Okay.  Anyone for the plaintiff?

14          MS. AUSTIN-HATCHER:  Monica Austin-Hatcher.

15          THE COURT:  Who do you represent?

16          MS. AUSTIN-HATCHER:  Lois Carr.

17          THE COURT:  Anyone else for the plaintiff?

18          MS. WHITE-BOLER:  Lashunta White-Boler.

19          THE COURT:  How about for the defendant?

20          MS. SHARKO:  Susan Sharko for the Jansen defendants.

21          MS. MILLER:  Chandra Miller for the Jansen defendants.

22          THE COURT:  Okay.  Anyone for Bayer?

23          MR. GLICKSTEIN:  Yes.  Steve Glickstein and

24   Joan Goddard.

25          THE COURT:  Okay.  This matter is before the Court for
```

*OFFICIAL TRANSCRIPT*

1   a rule to show cause why the case should not be dismissed.

2                After over 10 years of litigation involving
3   discovery and several bellwether trials, the parties were able
4   to reach a settlement, and under the terms of the settlement,
5   there was an opt-in settlement.  Anyone who wishes to opt-in,
6   opts in to the settlement.  Also, the settlement is, in
7   addition, a class-action settlement.  People can opt out.  If
8   they do opt out, then they have an opportunity to try their
9   case and proceed with their case.

10               There are also certain individuals who are not
11  entitled to participate in this settlement, and this is one of
12  the cases.  The plaintiff is not eligible to participate
13  because the case was filed September 12th in 2019.

14               Those cases that were filed after the settlement
15  date, the Court, based on the experience that was granted
16  during the over 10 years handling the matter, introduced
17  CMO 11, which required individuals who opted out or wished to
18  proceed with their own case to produce some basic material.
19  The short form fact sheet was required, also medical material
20  and medical records, and also a brief licensed physician's
21  report indicating causation was required.  We did that under
22  the Lone Pine requirements of the Court or the policy of the
23  Court.

24               In any event, after a period of time, those
25  individuals who wished to proceed with the case, either because

1    they opted out or because they filed too late and they failed
2    to produce the material required under CMO 11, the Court
3    entertains a rule to show cause why the case should not be
4    dismissed, and this case has come up on this rule to show cause
5    docket.
6               Will the defendant state what the delinquency is,
7    please.
8         MS. MILLER:  Thank you.  This is Chandra Miller.  I
9    will be speaking for the defendant.
10              As Your Honor noted, this was a case that was
11   filed in September of 2019.  The first CMO 11 deadline for this
12   case ran on December 2nd, 2019, and one of the big items that
13   the defendants are still missing but have not been produced by
14   the plaintiffs are the prescriber records, the records from the
15   prescribing physicians who prescribed Xarelto to the
16   plaintiffs.  Again, those were due on December 2nd of 2019.
17              In the ensuing eight-plus months, we sent
18   multiple notices to plaintiff's counsel that we don't have the
19   prescriber records.  We sent, you know, official deficiency
20   notices.  We conferred.  We had a telephone conversation.  We
21   filed a motion to show cause in June.
22              At plaintiff's request, we agreed to a 30-day
23   continuance so that those records could be collected, and we
24   still don't have them more than eight months past their
25   deadline.

*OFFICIAL TRANSCRIPT*

1           Plaintiff has also not produced the case-specific
2  expert report.  Under CMO 11, they are required to find a
3  licensed physician who will look at the contemporaneous records
4  of use and records of alleged injury and offer up an opinion to
5  a reasonable degree of medical certainty that taking Xarelto as
6  directed was the cause of the alleged injury.
7           We do not yet have the case-specific expert
8  report.  The expert report here was first due on February 17th,
9  six months ago from today or six months from today.
10          Right after the expert report was due, we sent
11 the plaintiff's counsel an overdue notice asking that the
12 report be produced within 30 days, so that would have been by
13 March 27, 2020.  Two days before that second -- that extended
14 deadline, plaintiff's counsel requested an extension to
15 May 20th to provide that report.  The defendants agreed to
16 provide that extension to May 20th -- May 29th, I'm sorry.  The
17 expert report was not provided by May 29th.
18          In June, the defendants filed the motion to show
19 cause, and in advance of that first show cause hearing that was
20 scheduled, we agreed to what would have been a third extension
21 for expert report and still don't have it.  At this point it's
22 been six months overdue, and we've had least three extensions.
23          Plaintiffs have also, under CMO 11, are required
24 to produce certain other medical records that relate to the
25 plaintiff's relevant medical history, and we don't have some of

1	the other relevant medical records.  These medical records were
2	due on December 2, 2019.
3	              It includes records from Dr. Billy Felder, who is
4	the physician that plaintiff identified as having treated her
5	within the last 12 years, records from surgeon
6	Dr. Stephen Gold, who the plaintiff identified as having
7	performed surgery on her in the last 12 years.
8	              And plaintiff is also seeking damages in the form
9	of medical expenses and what has been labeled *other expenses*
10	but has not provided documentation to support those claims
11	either.  Again, all of those records were due December 2, 2019,
12	more than six months ago and have been subject to the same
13	extension as the prescriber records.
14	              Under CMO 11, the plaintiff was also required to
15	complete a short form plaintiff fact sheet.  At this point, she
16	has not answered all of the questions regarding prior
17	medications that she has taken in the past 12 years.  Given the
18	claims that have developed in the course of this litigation,
19	knowledge about any medications that plaintiff took at the same
20	time plaintiff was taking Xarelto is relevant, and that is why
21	defendants are still waiting for plaintiff to finish answering
22	the questions in a short form plaintiff fact sheet about other
23	medication she was taking.  Those answers were due on
24	December 2, 2019, and have been subject to the same relevant
25	extensions that plaintiff received for the prescriber records

*OFFICIAL TRANSCRIPT*

1    and the other records.

2              Under CMO 11, the plaintiff was also required to
3    send preservation notices to all pharmacies, physicians,
4    medical facilities, and other healthcare providers who have
5    treated her from January 1st, 2012, to the present, and to the
6    physician who prescribed Xarelto to her.  Then, after those
7    preservation notices are sent, she's required to send
8    confirmation to defendant counsel that the preservation notices
9    were sent.

10             Given the passage of time, it's always important
11   that, to both sides, that the doctors and hospitals are aware
12   of the pending claims and of the need to preserve the records.
13   Here, plaintiff hasn't sent the preservation notices and the
14   confirmation of these notices to defendant's counsel no later
15   than December 7, 2019.  That hasn't been done yet, and those
16   have been subject to the same multiple extensions as the
17   prescriber records, the other records, and the short form
18   plaintiff fact sheet.

19             Then, finally, under CMO 11, the plaintiff has to
20   sign an affidavit certifying that she has complied with CMO 11.
21   That has to be done in two stages.  We don't have either
22   affidavit of compliance with plaintiff here.  The first one was
23   due December 17, 2019.

24             At this point, Your Honor, it's been more than
25   six months, I'm sorry, more than eight months since the

1  prescriber records were due.  They received four extensions.
2  We don't have them.  It's been more than six months since the
3  expert report was due, and plaintiff has received four
4  extensions and we don't have it.
5            Those are the things that are necessary for the
6  case to proceed, and given the passage of time and the multiple
7  extensions, defendants would ask that the case be dismissed
8  with prejudice.
9            THE COURT:  Anything from the plaintiffs?
10           MS. WHITE-BOLER:  Yes, Your Honor.  There were some
11 records that we have --
12           SPEAKER:  State your name for the conference.
13           MS. WHITE-BOLER:  I'm sorry, Lashunta White-Boler.
14           There are some records that we have submitted
15 that were listed by Ms. Miller.  We had some problems with
16 BrownGreer in terms of uploading documents and not showing up.
17 The prescriber records have been requested.
18           I think that one of the issues we had with our
19 expert is that our original expert got called -- we were
20 supposed to do an evaluation in March, but he also worked as an
21 infectious disease doctor, so he got caught up in COVID, and he
22 was not able to perform as he had he promised; so, we had to
23 get a new expert.
24           We have gotten a new expert, Dr. William Cochran.
25 He has -- he has not produced a report, but he has done a

*OFFICIAL TRANSCRIPT*

1    report.  We are just waiting to receive that report from what
2    his office said as late as Friday, and we expect to get that
3    report in the next couple of weeks.
4              The pharmacy records have been submitted for the
5    past 12 years.  The preservation notices have gone out, and we
6    have worked to -- with all those physicians.  We had some
7    hindrances with COVID.  All of the medical records have been
8    requested.  We were told that they were expedited, but that
9    hasn't happened because the company that produced those said
10   that they were short-staffed, but we have requested that they
11   be expedited.
12             We would just ask for a little more time to get
13   things because everything has been ordered.  Everything has
14   been (audio distortion gap) -- we just have not received it.
15             Thank you.
16        MS. MILLER:  Your Honor, this is Chandra Miller.  We
17   did reach out twice last week and asked for a status on the
18   prescriber records and didn't get a response.  This is the
19   first we've heard that they have been requested and the first
20   we've heard that the other outfitting records have been
21   requested.
22             We also weren't aware -- we didn't get the
23   preservation notices statements that preservation notices had
24   been sent.  I do think at this point that there has been
25   sufficient time.  We do think the case needs to be dismissed

1  with prejudice.  These things are outstanding.  You know, we
2  have been reaching out on four occasions and haven't heard the
3  status updates that we have been requesting.
4          MS. WHITE-BOLER:  Your Honor, I do apologize.  I
5  work -- Monica and I were both out of the office, and it was
6  not until this morning when I was checking emails that I did
7  see her email; so, I apologize that we didn't speak last week,
8  but those things are -- they have everything that we told you
9  that we were going to do, we did that.  We requested it.  We
10 just have not received everything in hand.
11         THE COURT:  The problem is that you're not keeping in
12 touch either with the Court or with the defendants.  I
13 recognize the COVID problem, but I also put in my order that if
14 there is a problem because of COVID, get to the Court, explain
15 it to the Court.  Let me hear from you by July, the 9th.  I
16 didn't hear anything.  I didn't even get any information from
17 you.
18              That's the problem that is produced in this
19 particular case.  You can't just ignore things because it's
20 going to be dismissed if you ignore things.  You've got to at
21 least try, and if you are trying, and the defendant knows it
22 and the Court knows it, I can understand that, but just a total
23 silence, that's why we're here today, because you haven't
24 responded even by saying "I'm trying, but I can't get the
25 material."  That's the problem that's presented to me at this

1  particular matter.
2           In view of the COVID situation, I'm inclined and
3  I'll do so, I'll give you 30 days to do it, but you've got to
4  get the material. If you can't get the material, talk to the
5  defendant, explain what the problem is, and we won't have this
6  issue bringing it before the Court.
7           So, I'll give you 30 days. If it's not produced
8  in 30 days, and I don't hear from you or I don't hear from the
9  defendants, I'm going to be dismissing the case.
10          MS. WHITE-BOLER: Yes, sir. Thank you, Your Honor.
11          THE COURT: All right. Okay. I'll pass this for
12  30 days.
13          MS. MILLER: Thank you, Your Honor.
14          MS. WHITE-BOLER: Thank you.
15          MR. DAVIS: Thank you.
16          THE COURT: Thank you. Court will stand in recess.
17          (WHEREUPON, at 9:16 a.m., the proceedings were
18  concluded.)
19                         *   *   *
20
21
22
23
24
25

*OFFICIAL TRANSCRIPT*

```
 1                    REPORTER'S CERTIFICATE

 2

 3        I, Cathy Pepper, Certified Realtime Reporter, Registered

 4   Merit Reporter, Certified Court Reporter in and for the State

 5   of Louisiana, Official Court Reporter for the United States

 6   District Court, Eastern District of Louisiana, do hereby

 7   certify that the foregoing is a true and correct transcript to

 8   the best of my ability and understanding from the record of the

 9   proceedings in the above-entitled and numbered matter.

10

11                              s/Cathy Pepper

12                              Cathy Pepper, CRR, RMR, CCR
                                Certified Realtime Reporter
13                              Registered Merit Reporter
                                Official Court Reporter
14                              United States District Court
                                Cathy_Pepper@laed.uscourts.gov
15

16

17

18

19

20

21

22

23

24

25

                         OFFICIAL TRANSCRIPT
```