Lore Orozco _____ (Full Name)

_____ (Email Address)

P6 Box 1262 _____ (Address Line 1)

Fort Jones, CA 96032 (Address Line 2)

(530) 905 - 1266 _____ (Phone Number)

Plaintiff ___ in Pro Per
(indicate Plaintiff or Defendant)

```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    AUG 2 5 2020

CAROL L. MICHEL
CLERK
```

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

BARBARA BROWN, et al.,

**Plaintiff,**

vs.

JANSSEN RESEARCH
& DEVELOPMENT, LLC,
et al.,

**Defendant(s).**

MDL NO: 2592

Case No.: 19-CV-14669 EEF-MBN
SECTION L   MAG. JUDGE NORTH

PLAINTIFF'S RENEWED
(indicate Plaintiff or Defendant)

**EX PARTE APPLICATION FOR**

APPOINTMENT OF PRO BONO

COUNSEL

_____

TENDERED FOR FILING

AUG 25 2020

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

**TO THE HONORABLE COURT:**

I, (name) Lore Orozco _____, the ☑ Plaintiff ☐ Defendant

in this case, hereby apply to the Court ex parte for (describe your urgent request):

appointment of pro bono counsel. I need the assistance of

counsel due to the complexity of multi-district litigation

and I am unable to locate counsel on a contingent fee basis.

```
Fee
Process
X Dktd
CtRmDep
Doc. No
```

1

**Ex Parte Application**

1  *Plaintiff Barbara Brown*
contacted the opposing counsel/unrepresented party and informed him or

2

3  her of this ex parte request. (*See* Decl. ¶ 3.) Opposing counsel/unrepresented

4  party: *Chanda Miller* (*Attorney for Janssen Research & Development and Johnson & Johnson, Inc.*)

5  ☑ indicated that he or she would oppose the ex parte application.

6

7  Opposing counsel/unrepresented party said that his or her reasons

8  for opposing the ex parte application are:

9  "*For the reasons already stated in Defendants'*

10  *April 7, 2020 Opposition to Plaintiffs' Ex Parte*

11

12  *Application for Reconsideration of Plaintiffs'*

13  *Request for Appointment of Pro Bono Counsel.*"

14

15  _____

16  _____

17  _____

18

19  ☐ indicated that he or she would not oppose the ex parte application.

20  ☐ was unreachable. I made the following unsuccessful attempts to

21

22  reach opposing counsel/unrepresented party: _____

23  _____

24  _____

25

26  _____

27

28

*Plaintiff Barbara Brown*
contacted the opposing counsel/unrepresented party and informed him or her of this ex parte request. *(See* Decl. ¶ 3.) Opposing counsel/unrepresented party: *Joan Goddard ( Attorney for Bayer Corporation )*

☑ indicated that he or she would oppose the ex parte application.

Opposing counsel/unrepresented party said that his or her reasons for opposing the ex parte application are:

*Attorney Chanda Miller stated on behalf of all Defendants,*
*"For the reasons already stated in Defendants'*
*April 7, 2020 Opposition to Plaintiffs' Ex Parte*
*Application for Reconsideration of Plaintiffs'*
*Request for Appointment of Pro Bono Counsel."*

_____

_____

☐ indicated that he or she would not oppose the ex parte application.

☐ was unreachable. I made the following unsuccessful attempts to reach opposing counsel/unrepresented party: _____

_____

_____

_____

3

**Ex Parte Application**

1  □  other.  (*Explain.*)_____

2  _____

3  _____

4  _____

5  _____

6  _____

7  _____

8  _____

9  _____

10  _____

11  _____

12  _____

13  _____

14  _____

15     This ex parte application is based upon a Memorandum of Points and

16  Authorities, Declaration in Support, the complete files and records in this action,

17  and upon such oral and documentary evidence as may be allowed at the hearing of

18  

19  this motion.

20  DATED: _August 21, 2020_

21  

22              By:    _Lora Orozco_
                       (sign)
23

24                     _Lora Orozco_
                       (print name)
25                     _Plaintiff_____ in Pro Per
                       (indicate Plaintiff or Defendant)
26

27

28

4
Ex Parte Application

1

2 Lora Orozco _____ (Full Name)

3 _____ (Email Address)

4 Po Box 1262 _____ (Address Line 1)

5 Fort Jones, CA 96032 _____ (Address Line 2)

6 (530) 905-1266 _____ (Phone Number)

7 Plaintiff _____ in Pro Per
(indicate Plaintiff or Defendant)

8

9

10 ### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

11 BARBARA BROWN, ALICE BROWN, | MDL NO: 2592

12 LORA OROZCO | Case No.: 19-CV-14669 EEF-MBN
SECTION L MAG. JUDGE NORTH

13 Plaintiffs,

14 vs. | **MEMORANDUM OF POINTS AND**

15 JANSSEN RESEARCH & DEVELOPMENT, | **AUTHORITIES IN SUPPORT OF**
PLAINTIFF'S RENEWED

16 LLC, BAYER CORPORATION, | **EX PARTE APPLICATION FOR**

17 JOHNSON & JOHNSON, INC, | APPOINTMENT OF PRO BONO

18 Defendant(s). | COUNSEL

19

20

21 ### MEMORANDUM OF POINTS AND AUTHORITIES

22 **I.** **Introduction**

23 (Include a brief summary of what you are asking the Court to do in this ex parte application and why. Be sure to tell the Court why this request is urgent and cannot be dealt with in a regularly noticed motion.)

24 Plaintiff Lora Orozco request appointment of pro bono counsel

25 due to the complexity of the case and preparation of

26 unfamiliar documents, the inability to find or afford an

27 attorney and the threat of dismissal of her lawsuit due

28 to her inability to obtain a case-specific Rule 26(a)(2) report.

## II.   Factual and Procedural History

*(Include a brief statement of the factual and procedural history of this case as relevant to this ex parte application.)*

On November 19, 2019, Plaintiff's Barbara Brown, Alice Brown, and Lora Orozco filed a Complaint against Janssen Research & Development, LLC, Bayer Corporation, and Johnson & Johnson Inc. in the United States District Court Northern District of California. The lawsuit was filed as a Personal Injury: Health Care/Pharmaceutical Personal Injury Product Liability and Wrongful Death case.

On November 20, 2019, the Court issued an order GRANTING Plaintiff's motion for leave to proceed In forma pauperis due to extreme poverty. The matter was transferred to the United States District Court Eastern District of Louisiana for Multi-District Litigation the following month.

On December 30, 2019, the Complaint was docketed in the MDL No. 2592 section L In Re: Xarelto (Rivaroxaban) Products Liability Litigation with Judge Eldon E. Fallon presiding and Magistrate Judge North.

On January 3, 2020, Plaintiffs received the Case Management Order No. 11 ("CMO 11") from Defendants Janssen Research & Development and Johnson & Johnson, Inc, through the mail.

On February 11, 2020, Plaintiffs received a Deficiency Notice from Defendants' attorney Kaitlyn Stone claiming that the failure to cure the numerous deficiencies will result in the Defendants seeking this case be dismissed with prejudice for failure to comply with CMO 11, knowing some of the deficiencies cannot be cured due to death. (See

Memorandum of Points and Authorities

attached exhibit "A", 3 pages).

On January 29, 2020, Plaintiff Alice Brown submitted an "ATTACHMENT" to the Short Form Plaintiff Fact Sheet that indicated to defendants that the medical records prior to 10/1/2017 were unknown to Plaintiffs due to Dexter Brown's death. (See exhibit "B", 2 pages). The Defendants are using this lack of knowledge to their advantage to dismiss the case against them. This would be a grave injustice. If it wasn't for Xarelto causing the cerebral hemorrhage and death of Dexter Brown, he would be able to inform the Plaintiffs of all previous Doctor visits in the past ten years.

This case has become very complex since it was transferred to the Eastern District of Louisiana. None of the Plaintiffs have ever prosecuted a MULTI-District Litigation case. THE confusing court procedures is near impossible to prosecute with no understanding of MDL cases. The nearly 400 pages of orders sent to the Plaintiffs on January 23, 2020 have completely stumped the Plaintiffs.

The Plaintiffs were under the impression that this case was part of the Xarelto Settlement Program because they did not opt out OF MDL. But it appears this is wrong information. At this time, neither Plaintiff is sure what the status of their case is and how to proceed due to the lack of knowledge of MDL proceedings and the inability to comprehend the almost 400 pages of orders... MDL orders.

Memorandum of Points and Authorities

## III.  <u>Argument</u>

*(Explain the legal basis for the ruling you are asking the Court to make, with citations to relevant law, such as the Federal Rules of Civil Procedure, statutes, case law, and local rules, where applicable. The argument should show the Court how these legal authorities, when applied to the facts of your case, indicate that the Court should rule in your favor.)*

Under Title 28 United States Code section 1915(e)(1), (28 U.S.C. § 1915(e)(1)): "The Court may request an attorney to represent any person unable to afford counsel."

Under *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir 1986): Allows the Court to consider motions for appointment of Pro Bono Counsel by applying the "exceptional circumstances" test.

The Eastern District of Louisiana has a Civil Pro Bono Program that includes a Civil Pro Bono Counsel Panel. When the Court has an eligible case requiring civil pro bono counsel, a member of the panel can be appointed to the case. The goal is to furnish pro bono service to eligible litigants who request counsel but lack the financial resources to hire a lawyer. (see attached exhibit "C", 4 pages)

In *Griffin v. Illinois*, 351 U.S. 12, 19 (1956), Mr. Justice Black out of the United States Supreme Court stated in part, "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has."

Unlike the Plaintiff, the makers of Xarelto have a wealth of resources at their disposal, including numerous attorneys, investigators, para legals, secretaries, and typists to assist them in litigating their defense. In light of this disparity, the Plaintiff, Lora Orozco, respectfully request the appointment of pro bono counsel.

Memorandum of Points and Authorities

1

## IV. **Conclusion**

For the reasons stated above, this Court should grant the ex parte application.

DATED: _August 21, 2020_

Respectfully submitted,

By: _Lora Orozco_
(signature)

_Cora Orozco_
(name)

_Plaintiff_ in Pro Per
(indicate Plaintiff or Defendant)

Memorandum of Points and Authorities

1

2   Lora Orozco _____ (Full Name)

3   _____ (Email Address)

4   PO Box 1262 _____ (Address Line 1)

5   Fort Jones, CA 96032 ___ (Address Line 2)

6   (530) 905-1266 _____ (Phone Number)

7   Plaintiff _____ in Pro Per
    (indicate Plaintiff or Defendant)

8

9

10              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

11  BARBARA BROWN, ALICE BROWN,      MDL NO: 2592

12  LORA OROZCO              ,        Case No.: 19-cv-14669 EEF-MBN
                                      SECTION L   MAG. JUDGE NORTH
13            Plaintiffs,

14       vs.                          DECLARATION IN SUPPORT OF
                                      PLAINTIFF'S RENEWED
15  JANSSEN RESEARCH & DEVELOPMENT,   EX PARTE APPLICATION FOR

16  LLC, BAYER CORPORATION,           APPOINTMENT OF PRO BONO

17  JOHNSON & JOHNSON, INC.   ,       COUNSEL

18            Defendant(s).           _____

19

20  I, (name) ___ Lora Orozco _____ , declare as follows:

21       1.   I am the   ☒ Plaintiff   ☐ Defendant   in the above-entitled case.

22       2.   I have personal knowledge of the following facts, and, if called as a

23  witness, I could and would competently testify thereto.

24
              Plaintiff Barbara Brown
25       3.   contacted the opposing counsel/unrepresented party on

26
27  8/3/2020   (date) to give notice that I would be filing this ex parte

28  application.


                        10
                   Page Number

                   Declaration

4.    The contact information of the opposing counsel/unrepresented party is as follows:

**Opposing Counsel/Unrepresented Party 1**

Name: _Chanda Miller_

Phone number: _(215) 988-1197_

Address: _Faegre Drinker Biddle & Reath LLP_

_600 Campus Drive Florham Park, NJ 07932_

Email address: _chanda.miller@faegredrinker.com_

**Opposing Counsel/Unrepresented Party 2**

Name: _Joan Goddard_

Phone number: _(212) 836-7429_

Address: _Arnold & Porter LLP_

_250 West 55th Street New York, NY 10019_

Email address: _joan.goddard@arnoldporter.com_

5.    Opposing counsel/unrepresented party informed me that he or she:

☒    will oppose the ex parte application. Opposing counsel/unrepresented party said that his or her reasons for opposing the ex parte application are:

_Both opposing counsels, through Chanda Miller, states for the reasons already stated in their original Opposition to my original ex parte application for appointment of pro bono counsel._

Declaration

1

2 ☐    will not oppose the ex parte application.

3 ☐    was unreachable. I made the following unsuccessful attempts to reach

4    the opposing counsel/unrepresented party: _____

5    _____

6    _____

7    _____

8    _____

9    _____

10    _____

11 ¶6. I am unable to hire an attorney to represent me in this

12 matter due to my Social Security Disability Income. My sole

13 monthly income is $958.00. The income is being used to

14 sustain life, sustain housing, sustain transportation, pay

15 utilities, pay bills, maintain car insurance, buy food and

16 other necessities. Plaintiff Alice Brown's sole monthly income

17 is $943.72 supplemental Security Income. Plaintiff Barbara

18 Brown's sole monthly income is $963.72 SSI and SSD.

19 ¶7. I am unable to locate an attorney to perform pro bono

20 representation for me in this case or to represent me on a

21 contingency basis. Even "Legal Shield" will not and cannot

22 offer legal assistance due to their policy that states they

23 cannot assist with pre-existing litigation.

24

25

26

27

28

Declaration

1  #8— This is a list of some of the law firms and
2  attorneys across the nation that I and the co-Plaintiffs,
3  Alice Brown and Barbara Brown, have called in an attempt
4  to hire counsel on a contingent fee basis. Every one of them
5  refused to take this case on a contingent fee basis with most
6  of them stating that the reason is because they stopped taking
7  Xarelto cases due to the settlement program was closed to
8  new litigants in March 2019:
9  ① Leonard Davis @ Herman, Herman, & Katz (504)581-4892
10 ② David Byrne, III @ Beasley Allen law firm (800) 898-2034
11 ③ Soo Seok Yang @ Beasley Allen law firm (334)495-1121
12 ④ Ben Crump @ Ben Crump law Firm (800) 859-9999
13 ⑤ Shezad Malik @ Dr. Shezad Malik Law Firm (214)390-3189
14 ⑥ Tork Law @ (877)734-1151 (Louisiana & California)
15 ⑦ Crow Law Offices Inc (916) 441-2980
16 ⑧ Airola Law office @ (916) 971-3314
17 ⑨ Gilbert Lopez @ (916)665-1122
18 ⑩ Jonathan Davis @ The Arns Law Firm (415)495-7800
19 ⑪ Marshall Silberberg @ Law office of Marshall Silberberg (949)467-9214
20 ⑫ Susan Dahlin @ Law office of Marshall Silberberg (949)467-9214
21 ⑬ Moran Law Firm @ (714) 549-0333
22 #9) The Court wrongly stated in its Order (Doc. 17629)
23 "Plaintiffs themselves admit that they do not know if any
24 documents, particularly medical records, exist to support their
25 claim..."
26       a) The truth is that Dexter Brown resided with me
27 in my rented home at the time of the administration of
28 TITLE OF DOCUMENT: Declaration          CASE NO: 19-CV-14669 EEF

13

1  Xarelto and on September 12, 2018, Dexter experienced a brain
2  hemorrhage due to the use of Xarelto. "THE PLAINTIFFS"
3  never admitted they do not know if any medical records exist to
4  support their claim. I have the records from the first usage of
5  Xarelto to the last usage of Xarelto. They were not attached to
6  the original motion because I had not received them when I
7  filed the motion in February 2020.
8      b) I do not have the medical records prior to October 1,
9  2017, almost one year before the Xarelto injury to Dexter
10 Brown, but I always knew that I could and would obtain all
11 medical records to support my claim because the Xarelto use
12 medical records do exist. And now I have them.
13     c) Dexter Brown was not homeless at the time of his
14 Xarelto injury. This error of fact by the Court's order must
15 have been supplied to the Court by the Defendants in some
16 kind of ex parte communication directly or indirectly to the
17 Court as a fraud upon the Court to sway the Court to
18 DENY my motion.
19 #10) By the time the Order (Doc 17629) was issued, all
20 medical records and pharmacy records for Dexter Brown were
21 already posted on the BrownGreer portal. The Court should
22 have reviewed the medical records instead of relying on
23 false information provided by (Defendants?) which caused the
24 Court to Issue its order basing it on mistakes and errors of
25 fact. The medical records were for the last year of Dexter's life.
26     a) Newly discovered evidence come to me by way of
27 Dexter's medical record that claims ER doctors administered a
28 drug to counteract the effect of Xarelto that caused the

TITLE OF DOCUMENT: Declaration          CASE NO.: 19-cv-14669 EEF

14

1  Cerebral hemorrhage in Dexter Brown on September 12, 2018. The
2  Court should allow the newly discovered evidence now, as
3  excusable neglect to combat the fraud by (Defendants?). See
4  attached documents from Dexter's medical records relating to
5  Xarelto use. (See Exhibit D).
6  # 11) The Court wrongly stated, "Plaintiffs have not demonstrated
7  that their case presents "exceptional circumstances," that would
8  warrant the appointment of counsel."
9      a) MDL is very complex and confusing and I have been
10  unable to investigate and present this case adequately due to
11  my ignorance of court procedures and inability to comprehend the
12  400 pages of orders sent to me by this Court.
13      b) Due to the Coronavirus Disease and COVID-19, I
14  am unable to obtain a physician to render a Rule 26(a)(2) report
15  specifying a causation opinion which is due in 34 days. Doctors
16  have reported to me that their main focus is treating COVID-19
17  patients. I need pro bono counsel to obtain the report for my evidence.
18
19
20      # 12. This is a list of some of the hospitals and
21  doctors across California and Texas that I and the co-
22  Plaintiffs, Alice Brown and Barbara Brown, have called or
23  met in person to hire to prepare the CMO11 Rule 26(a)(2).
24  Every one of them refused to receive Dexter Brown's medical
25  records to review. Everyone of them refused to prepare
26  the Rule 26(a)(2) report due to their fears of being
27  called as an expert witness and being sued. We couldn't
    even get a price quote for the service. They wouldn't do it!
28

DECLARATION OF *[name]*
CASE NO.: __19-cv-14669 EEF__ ; PAGE __15__ OF ____ *[JDC TEMPLATE - rev. 2017]*

① Fairchild Medical Center @ (530) 842-4121
② Mercy Medical Center @ (530) 225-6000
③ Sutter Coast Hospital @ (707) 464-8511
④ Dustin Jacot @ Open Door Clinic @ (707) 465-6925
⑤ Nevin Saran @ (714) 533-1234
⑥ Larry Ding @ (951) 248-9240
⑦ Allen Felix @ (951) 248-6485
⑧ Isaias Paja @ (909) 878-8246
⑨ Dr. Thankran @ (760) 242-0111
⑩ Dr. Robbie Patel @ (760) 242-4810
⑪ Dr. Veena Patel @ (760) 242-4810
⑫ Dr. Fagan @ (909) 866-5868
⑬ Dr. Shezad Malik @ (214) 390-3189

#13- Only two law firms were willing to send us
rejection letters refusing to take our case on a
contingent fee basis. Most calls to the dozens of law
firms over the past two months lasted only a few
seconds. We asked the attorneys and law firm employees
if they were taking Xarelto cases and can they do it on
a contingent fee basis due to extreme poverty and inability
to pay a fee or retainer. Everyone said "NO" to both
questions over & over & over & over again.
(See exhibit E)

#14.— I am 83 years old. I am not an attorney. I have never attended law school or have taken any online courses/classes for law school. I am legally incompetent and incapable of comprehending the complex legal documents, orders, legal procedures and legal jargon. Due to my advanced age and legal inexperience the likelihood of success without the assistance of counsel will be slim to none.

#15- My son, Dexter Brown, experienced a brain hemorrhage on September 12, 2018 after taking Xarelto for seven months. Two months later he was dead. He was 55 years old. A mother should never have to outlive her child. Too many people have suffered the same fate as my son due to the use of Xarelto. My son was wronged. I was wronged. My whole family was wronged.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___8/21/2020___, in __Fort Jones, California__
(date of signing)                     (city, state of signing)

_Lora Orozco_
(signature)

_Lora Orozco_
(name)

_Plaintiff_ in Pro Per
(indicate Plaintiff or Defendant)

_17_
Page Number

Declaration



UNITED STATES POSTAL SERVICE®

PRIORITY MAIL®

PRESS FIRMLY TO SEAL

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

USPS TRACKING® NUMBER

9505 5102 4351 0234 2528 35

EXPECTED DELIVERY DAY: 08/25/20

Schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

Label 228, March 2016

U.S. POSTAGE PAID
PM
CRESCENT CITY, CA
95531
AUG 20, 20
AMOUNT
$7.75
R2305H130065-08

PRIORITY MAIL

UNITED STATES POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
Alice Brown
PO Box 60
Crescent City, CA 95531

TO:
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
500 POYDRAS STREET
NEW ORLEANS, LA
70130

FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.



**UNITED STATES**
**POSTAL SERVICE** ®

**PRIORITY®**
**M A I L**

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ■ INSURED**



PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE