Alice Brown
_____ (Full Name)

_____ (Email Address)

PO Box 60
_____ (Address Line 1)

Crescent City, CA 95531
_____ (Address Line 2)

(707)218-6181
_____ (Phone Number)

Plaintiff
_____ in Pro Per
(indicate Plaintiff or Defendant)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

BARBARA BROWN, et al.
_____,

Plaintiff,

vs.

JANSSEN RESEARCH &
_____

DEVELOPMENT, LLC, et al.
_____

_____,

Defendant(s).

Case No.: 19-cv-14669 EEF-MBN
_____

MDL NO: 2592
SECTION L    MAG. JUDGE NORTH
PLAINTIFF
_____ 's
(indicate Plaintiff or Defendant)

## EX PARTE APPLICATION FOR

DISQUALIFICATION OF DISTRICT

COURT JUDGE
_____

_____

_____

## TO THE HONORABLE COURT:

I, (name) Alice Brown
_____, the  ☑ Plaintiff  ☐ Defendant

in this case, hereby apply to the Court ex parte for (*describe your urgent request*):

disqualification of District Court Judge pursuant to Title 28 U.S.C. Section 455(a).

Haste is necessary, in that, the Court has wrongly advised the Defendants to file a

request for dismissal of my lawsuit on September 4, 2020, denying me my right of redress.

I contacted the opposing counsel/unrepresented party and informed him or her of this ex parte request. (*See* Decl. ¶ 3.) Opposing counsel/unrepresented party: Chanda Miller

    ☒      indicated that he or she would oppose the ex parte application.

Opposing counsel/unrepresented party said that his or her reasons for opposing the ex parte application are:

Chanda Miller said Defendants will oppose the ex parte application claiming "there is no basis for your request."

Chanda Miller made this claim without hearing what the basis is for the request, as she would not meet & confer, only send an email with her quote.

    ☐      indicated that he or she would not oppose the ex parte application.

    ☒      was unreachable. I made the following unsuccessful attempts to reach opposing counsel/unrepresented party: I called Chanda Miller @ 9:50 a.m. pst on Thursday September 3, 2020 and left a message on her voicemail.

1  I contacted the opposing counsel/unrepresented party and informed him or
2
3  her of this ex parte request.  (*See* Decl. ¶ 3.) Opposing counsel/unrepresented
4  party:  Joan Goddard
5
      ☒      indicated that he or she would oppose the ex parte application.
6
7          Opposing counsel/unrepresented party said that his or her reasons
8          for opposing the ex parte application are:
9
          Chanda Miller, speaking for Joan Goddard, said Defendants will oppose
10
          the ex parte application claiming "there is no basis for your request."
11
12          Chanda Miller made this claim without hearing what the basis is for the
13          request, as she would not meet & confer, only send an email with her
14          quote.
15
16          _____
17
18          _____
19      ☐      indicated that he or she would not oppose the ex parte application.
20      ☒      was unreachable.  I made the following unsuccessful attempts to
21
22      reach opposing counsel/unrepresented party:  I called Joan Goddard @
23      10:11 a.m. pst on Thursday September 3, 2020 and left a message on
24      her voicemail.
25
26          _____
27
28

**3**
Ex Parte Application

1    ☐    other. *(Explain.)* _____

2         _____

3         _____

4         _____

5         _____

6         _____

7         _____

8         _____

9         _____

10        _____

11        _____

12        _____

13        _____

14

15        This ex parte application is based upon a Memorandum of Points and

16   Authorities, Declaration in Support, the complete files and records in this action,

17   and upon such oral and documentary evidence as may be allowed at the hearing of

18

19   this motion.

20   DATED: September 4, 2020 _____

21

22                    By: _____*Alice Brown*_____
                              (sign)
23
                         Alice Brown
24                       _____
                         (print name)
25                       Plaintiff_____ in Pro Per
                         (indicate Plaintiff or Defendant)
26

27

28

Alice Brown _____ (Full Name)

_____ (Email Address)

PO Box 60 _____ (Address Line 1)

Crescent City, CA 95531 _____ (Address Line 2)

(707)218-6181 _____ (Phone Number)

Plaintiff _____ in Pro Per
(indicate Plaintiff or Defendant)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

BARBARA BROWN, et al. _____,

Plaintiff,

vs.

JANSSEN RESEARCH &

DEVELOPMENT, LLC, et al.

_____,

Defendant(s).

Case No.: 19-cv-14669 EEF-MBN
MDL NO: 2592
SECTION L    MAG. JUDGE NORTH
**MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF**
**EX PARTE APPLICATION FOR**
DISQUALIFICATION OF DISTRICT
COURT JUDGE

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Introduction**

*(Include a brief summary of what you are asking the Court to do in this ex parte application and why. Be sure to tell the Court why this request is urgent and cannot be dealt with in a regularly noticed motion.)*

Plaintiffs are applying to the Court ex parte for disqualification of District Court Judge due to

their perception that the Judge's ability to carry out judicial responsibilities with integrity,

impartiality and competence is impaired. Haste is necessary to protect the Plaintiffs' First

Amendment Right of redress being that the Judge has directed the Defendants to file a motion

to dismiss on September 4, 2020 so that he may GRANT it, sight unseen!

## II.    Factual and Procedural History

*(Include a brief statement of the factual and procedural history of this case as relevant to this ex parte application.)*

Judge Eldon Fallon has intentionally made false statements of fact against the Plaintiffs in order to justify his latest actions and orders...directing the Defendants to file a motion to dimiss this case with prejudice. The Plaintiffs' perception of Judge Fallon's actions and orders shows bias and partiality toward the Defendants which constitutes serious improprietes.

One serious false statement of fact is in Judge Fallon's order (Doc. 17629), which states, "Plaintiffs themselves admit that they do not know if any documents, particularly medical records, exist to support their claim..." This false statement was used by Judge Fallon in an attempt to prevent Plaintiffs from complying with the Court's pretrial orders. And when presented with the truth that Plaintiffs did have medical records to support their claim, Judge Fallon absolutely refused to view the evidence attached as exhibits in Plaintiff's Ex Parte Application For Reconsideration. Judge Fallon justified his inaction to the acknowledgement of the evidence by stating in his order (Doc 17665), "Plaintiff thus requests that these records be allowed in as evidence in this matter. R. Doc. 17637 at 3. However, the Court notes that this motion only requests that it reconsider its denial of appointment of pro bono counsel and therefore will not address the admissibility of evidence at this time." This pretending to be blind to the Plaintiffs' evidence is simply an attempt to pull the wool over the eyes of the pro se litigant Plaintiffs.

Judge Eldon Fallon has twice abused his discretion when DENYING appointment of Pro Bono Counsel for Plaintiff Lora Orozco. Lora Orozco meets the criteria for the appointment in every way, shape, and form. This case meets the criteria under exceptional circumstances that would warrant the appoinment of counsel in that multi-district litigation is very complex and confusing for anyone.

## III.  **Argument**

*(Explain the legal basis for the ruling you are asking the Court to make, with citations to relevant law, such as the Federal Rules of Civil Procedure, statutes, case law, and local rules, where applicable. The argument should show the Court how these legal authorities, when applied to the facts of your case, indicate that the Court should rule in your favor.)*

### DISQUALIFICATION IS REQUIRED BECAUSE DISTRICT

### COURT JUDGE ELDON E. FALLON'S IMPARTIALITY

### MIGHT REASONABLY BE QUESTIONED:

Section 455(a) requires a Judge to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. Title 28 U.S.C. section 455(a) reads: DISQUALIFICATION OF JUSTICE, JUDGE, OR MAGISTRATE JUDGE "(a) Any Justice, Judge, or Magistrate Judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

"The goal of section 455(a) is to avoid even the appearance of partiality," Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988), and thus "What matters is not the reality of bias or prejudice but its appearance," Liteky v. United States, 510 U.S. 540, 548 (1994). In other words, so long as a Judge's impartiality might reasonably be questioned, recusal is required "even though no actual partiality exists, because the Judge actually has no interest in the case or because the Judge is pure in heart and incorruptible." Liljeberg, 486 U.S. at 860.

The standard for assessing whether section 455(a) requires disqualification is thus "an objective one" that "involves ascertaining whether a reasonable person with knowledge of all the facts would conclude that the Judge's impartiality might reasonably be questioned." Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991). And because of its "fact-driven" nature, analysis "must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by an independent examination of the unique facts and circumstances of the particular claim at issue." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008). In performing this analysis, the Court "must bear in mind that outside observers are less inclined to credit Judges'

Memorandum of Points and Authorities

impartiality and mental discipline than the Judiciary itself will be," and in "a close case, the balance tips in favor of recusal." Id at 912, 914.

Canon 3 requires a Judge to perform the duties of the office fairly, impartially, and diligently. Canon 3(c)(1)(a) of the Code of Conduct For United States Judges reads: (c) DISQUALIFICATION. "(1) A Judge shall disqualify himself or herself in a proceeding in which the Judge's impartiality might reasonably be questioned, including but not limited to instances in which:" "(a) the Judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the the proceeding;." In other words, once facts have been set forth that create a reasonable inference of a "bent of mind" that will prevent the Judge from dealing fairly with the party seeking recusal, it is incumbent upon the trial Judge to recuse himself.

The United States Supreme Court decided in Berger v. United States 255 U.S. 22 (1921) that it is the duty of the Judge to retire from the case when the affiant believes that the Judge has a personal bias or prejudice against him and from the facts establish a "bent of mind" or mental attitude against the affiant which may prevent or impede impartiality of judgment. P.255 U.S. 30.

Canon 2 of the Code of Conduct For United States Judges requires a Judge to avoid impropriety and the appearance of impropriety in all activities. Canon 2(A) reads: RESPECT FOR LAW. "A Judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the Judiciary."

The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the Judge's ability to carry out Judicial responsibilities with integrity, impartiality and competence is impaired. Actual improprieties under this standard include violations of law, court rules, or other specific provisions of the Code of Conduct for United States Judges.

Memorandum of Points and Authorities

## IV.   <u>Conclusion</u>

For the reasons stated above, this Court should grant the ex parte application.

DATED:    <u>September 4, 2020</u>

Respectfully submitted,

By:   _Alice Brown_
<u>_____</u>
(signature)

Alice Brown
<u>_____</u>
(name)

<u>Plaintiff</u>_____ in Pro Per
(indicate Plaintiff or Defendant)

9
<u>_____</u>
*Page Number*

Memorandum of Points and Authorities