**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION : | MDL No. 2592 |
| : | |
| : | SECTION L |
| THIS DOCUMENT RELATES TO: : | |
| : | |
| *Barbara Brown, et al.*, No. 2:19-cv-14669 : | JUDGE ELDON E. FALLON |
| : | MAGISTRATE JUDGE NORTH |
| : | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH CASE MANAGEMENT ORDER NO. 11, OR ALTERNATIVELY FOR SUMMARY JUDGMENT BASED ON LACK OF PROOF ON PROXIMATE CAUSATION**

Defendants move to dismiss with prejudice the claims of Plaintiffs Barbara Brown, Alice Brown, and Lora Orozco (collectively, "Plaintiffs") because they have failed to comply with Case Management Order No. 11 ("CMO 11") after numerous extensions over nearly five months, and lack the required expert evidence pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(2) to prove proximate causation.

Plaintiffs' CMO 11 expert report was originally due on April 28, 2020. When Plaintiffs asserted they needed more time, Defendants accommodated twice, first by agreeing to extend the deadline to June 1, 2020 and then reluctantly agreeing to a second extension to August 3, 2020. Rather than comply with CMO 11 within the twice extended deadline, Plaintiffs sought remand of this action to the U.S. District Court for the Northern District of California because they objected to the MDL proceeding and did not want to comply with expert requirements of CMO 11. R. Doc. 17697 (Pl. Mot.); R. Doc. 17714 (Def. Opp.); R. Doc. 17791 (Pl. Reply). On August 6, 2020, this Court denied Plaintiffs' remand motion because this action continued to benefit from this MDL proceeding, and the Court granted a third and final extension "until September 4, 2020 to comply

with CMO 11" by producing the required FRCP 26(a)(2) expert report. R. Doc. 17800 at 9. The Court further instructed, "[a]fter that time, Defendants may file a motion to dismiss this case with prejudice." *Id.* Because Plaintiffs did not comply with the Court's final, September 4 deadline to serve the required expert report, their claims should be dismissed with prejudice.

Alternatively, Defendants request that the Court grant summary judgment based on Plaintiffs' admission that they lack the requisite expert testimony to prove that Xarelto was the proximate cause of the alleged injuries.

For the reasons below, Defendants' motion should be granted.

### A.     This MDL Court was within its authority to adopt Case Management Order No. 11.

In denying Plaintiffs' motion to remand, the Court explained the general history of the Xarelto litigation and the reasons for entry of CMO 11 on March 25, 2019, including to facilitate the proffer of case specific evidence and to manage this nationwide litigation. R. Doc. 17800 at 6-8. CMO 11 requires, among other things, Plaintiffs to preserve and produce medical records; to complete a Plaintiff Fact Sheet and Plaintiff Profile and Consent Form; and to serve "a case-specific Rule 26(a)(2) report from a licensed physician qualified to render a specific causation opinion to a reasonable degree of medical probability that the plaintiff's alleged injury or event was caused by taking Xarelto® as directed . . . ." R. Doc. 17800, at 3.[1]

As the Court further noted in its August 6 Order denying remand, CMO 11 was adopted as a *Lone Pine* order "designed to handle the complex issues and potential burdens on defendants and courts in mass tort litigation." *Id.* at 7. The Fifth Circuit has expressly upheld the use of *Lone Pine* orders like CMO 11 as a mechanism for MDL courts to manage their dockets. R. Doc. 17800 at 8 ("The usage of *Lone Pine* orders in MDLs is supported by the Fifth Circuit and countless other

---

[1] Because Plaintiffs here filed suit after March 11, 2019, CMO 11 governs their claims.

federal courts."); *see Iwobi v. Merck & Co.*, 509 F. App'x 383 (5th Cir. 2013) (affirming dismissal for failure to comply with the *Lone Pine* requirement in *Vioxx* PTO 28); *Schneller v. Merck & Co.*, 452 F. App'x 500 (5th Cir. 2011) (same); *Dier v. Merck & Co.*, 388 F. App'x 391 (5th Cir. 2010) (same).[2] CMO 11 facilitates this MDL Court's ability "to identify and cull potentially meritless claims and streamline litigation in complex cases." *Id.* at 7 (*citing Baker v. Chevron USA, Inc.*, 2007 WL 315346, at *1 (S.D. Ohio Jan. 30, 2007).

After considering Plaintiffs' arguments for remand, the Court held that Plaintiffs were required to comply with CMO 11, concluding that "[p]retrial proceedings [in the MDL] are far from complete, and it is not overly burdensome to request that Plaintiffs comply with CMO 11 and in doing so provide some evidence to support their claims." Doc. 17800 at 8.

      **B.    Plaintiffs' claims should be dismissed for failure to comply with Case Management Order No. 11.**

The Fifth Circuit has authorized dismissals with prejudice of claims for failure to comply with MDL case management orders like CMO 11. In Vioxx, "the Fifth Circuit upheld this Court's usage of a *Lone Pine* order to manage the MDL and dismiss plaintiffs for failure to comply with the order." R. Doc. 17800 at 8 (*citing In re Vioxx Prods. Liab. Litig,*, 557 F. Supp. 2d 741, 743-44 (E.D. La. 2008), *aff'd*, 388 F. App'x 391, 397 (5th Cir. 2010). Recently, in upholding the dismissal of Plaintiffs in *In re Taxotere (Docetaxel) Products Liability Litigation*, 966 F.3d 351

---

[2] *See also Dzik v. Bayer Corp.*, 846 F.3d 211, 216 (7th Cir. 2017) (YAZ/Yasmin MDL) (affirming MDL court's dismissal for failure to comply with discovery order); *In re Avandia Marketing, Sales Practices & Prods. Liab. Litig.*, 687 F. App'x 210 (3d Cir. 2017) (Avandia MDL) (affirming MDL court's dismissal for failure to comply with an order requiring future plaintiffs to provide an expert report); *Freeman v. Wyeth*, 764 F.3d 806, 809–10 (8th Cir. 2014) (Hormone Therapy MDL) (affirming MDL court's dismissal of claims for failure to provide medical authorizations); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866–68 (8th Cir. 2007) (implantable defibrillators MDL) (affirming MDL court's dismissal of claims for failure to comply with discovery orders).

(5th Cir. 2020), the Fifth Circuit observed, "[w]e have explained that the complexity of managing an MDL necessitates a standard that gives district courts greater flexibility to dismiss a Plaintiff for a discovery violation*." Id.* at 358 (*citing In re Deepwater Horizon (Berrera)*, 907 F.3d 232, 235 (5th Cir. 2018) (per curiam) ("There is a special deference required in the context of an MDL"); *see also* 966 F.3d at 359 (*citing In re Asbestos Prods. Liab. Litig. (No. IV)*, 718 F.3d 236, 248 (3d Cir. 2013); *In re Fannie Mae Sec. Litig*., 552 F.3d 814, 822 (D.C. Cir. 2009).

In affirming the dismissals in *In re Taxotere*, the Fifth Circuit discussed two different tests, ultimately applying "the *Deepwater Horizon* two-factor test [that] helps animate the goals of strict enforcement and efficient management by making it easier for district courts to dismiss non-complying Plaintiffs in MDLs." *Id.* at 359; *see Berrera*, 907 F.3d at 34; *In re Deepwater Horizon (Park Nat'l Corp.)*, 805 F. App'x 262, 265 (5th Cir. 2020) (per curiam).[3] The two factors identified in *Deepwater Horizon* are (1) whether there is "a clear record of delay or contumacious conduct by the plaintiff" and (2) whether "lesser sanctions" would serve "the best interests of justice." *Id.* at 358.

Here, both factors warrant dismissal of Plaintiffs' claims with prejudice.  The first factor weighs in favor of dismissal because there is a well-developed record of delay and contumacious conduct on the part of Plaintiffs.  Upon Plaintiffs' case being transferred to this MDL on December 20, 2019, "Plaintiffs were required to submit a Rule 26(a)(2) causation report by April 28, 2020." R. Doc. 17714 at 3.  Even with the passing of this first deadline, "[b]ecause this case involves an MDL . . . the district court was empowered to 'establish [a] schedule[] with [a] firm cut off date."

---

[3] The *Deepwater Horizon* test was articulated in earlier cases from the Fifth Circuit. *Taxotere*, 966 F.3d at 358 (*citing Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (per curiam); *Rogers v. Kroger Co*., 669 F.2d 317, 320 (5ht Cir. 1982) ("Several of our recent decisions stemming from the Deepwater Horizon MDL have clarified the two-factor test articulated in *Rogers* applies to a district court's dismissal with prejudice in the unique context of an MDL.").

4

*Taxotere,* 966 F.3d at 360 (*citing In re PPA Prods Liab. Litig.*, 460 F.3d 1217, 1232).  Upon expiration of the April 28 deadline, Defendants agreed to extend the date of compliance until June 1, 2020.  But Plaintiffs too failed to comply with the June deadline, without explanation, and instead filed a motion to remand, asserting that they should not be required to comply with CMO 11 because it was unconstitutional, biased, and discriminatory.  R. Doc. 17800.[4]  Plaintiffs further asserted that they were unable to comply because no physician would attest under oath that the alleged injuries were caused by Xarelto.  R. Doc. 17791.  Thereafter, Defendants again agreed to extend the deadline for another two months until August 3, 2020.  R. Doc. 17714.  Plaintiffs then again failed to comply by that deadline. In the Court's Order denying Plaintiffs' remand motion, the Court again extended Plaintiffs' deadline until September 4, 2020, stating that "[i]t is time for Plaintiffs to come forward and show the basis of their beliefs and demonstrate basic evidence of causation."  R. Doc. 17800, at 9.

Since April of this year, the original deadline and three extended deadlines have passed, and Plaintiffs still have not complied after nearly five months of delay.  "Though a delay of five months might be 'insignificant' in some contexts, 'administering cases in multidistrict litigation is different from administering cases on a routine docket.'"  *Taxotere,* 966 F.3d at 360 (citing *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig*. 496 F.3d 863, 867 (8th Cir. 2007) (quoting *In re PPA Prods. Liab. Litig*., 460 F.3d at 1229)).  Dismissals by MDL courts on much shorter delays have been upheld, including by the Fifth Circuit. *Barrera*, 907 F.3d at 234 (finding delay where Plaintiffs failed to submit wet-ink signatures for several months after deadline); *Park*

---

[4] Plaintiff's prior assertions that CMO 11 was unduly burdensome, unconstitutional, and fueled by racial bias were previously addressed by the Court.  R. Doc. 17800, at 8 (CMO 11 applies to all plaintiffs who did not enroll in or do not qualify for the Xarelto settlement program without regard to race or socioeconomic background).

*Nat'l Corp.*, 805 F. App'x at 265 (finding clear record of delay where plaintiffs were non-compliant for two months). Because of Plaintiffs' delay and efforts to avoid compliance with CMO 11 for nearly five months, the first *Deepwater Horizon* factor clearly is satisfied.

The second factor also is satisfied because no lesser sanction would achieve the ends of justice. *See Berrera*, 907 F.3d at 236. Plaintiffs' repeated objections to CMO 11 all have been overruled, yet they still have not complied with CMO 11 as ordered by the Court on August 6, 2020. After being afforded numerous opportunities over the past five months, no lesser sanction than dismissal would achieve the ends of justice. "Providing Plaintiff with a second or third chance" is itself "a lenient sanction, which when met with further default, may justify the ultimate sanction of dismissal with prejudice." *Taxotere*, 966 F.3d at 260 (citing *Callip v. Harris Cty. Child Welfare Dept.*, 757 F.2d 1513, 1521 (5th Cir. 1989) (per curiam). That ultimate sanction is warranted here because Plaintiffs have admitted that no licensed physician will attest under oath that Xarelto was the cause of the alleged injuries. R. Doc. 17791. As a result, no lesser sanction or more time will avoid the inevitable conclusion that Plaintiffs cannot obtain the relevant expert testimony required to comply with CMO 11 and pursue these claims. *Id.* When, as here, due process is afforded and Plaintiffs continue to fail to comply with the Court's orders, the case must be dismissed with prejudice.

### C. Alternatively, this Court should dismiss Plaintiffs' claims pursuant to FRCP 56 because they cannot satisfy the essential element of proximate causation.

Alternatively, Plaintiffs' claims should be dismissed on summary judgment pursuant to Federal Rule of Civil Procedure 56 for lack of proof on the essential element of proximate causation. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(a). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery

and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The moving party need not negate the elements of the opposing party's case; it is enough to show that the opposing party cannot satisfy an element of his or her claim. *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010).

Here, CMO 11's requirement that Plaintiffs produce expert evidence and testimony attesting that Xarelto was the proximate cause of the alleged injuries is a requirement under well-settled California law governing these Plaintiffs' claims. *See Bockrath v. Aldrich Chem. Co., Inc.*, 21 Cal. 4th 71, 79 (1999) ("In [product liability] cases . . . presenting complicated and possibly esoteric medical causation issues, the standard of proof ordinarily required is a reasonable medical probability based upon competent expert testimony that the defendant's conduct contributed to [the] plaintiff's injury." (citations and internal quotation marks omitted)); *see also Sanchez v. Stryker Corp.*, No. 2-10-cv-08832-ODW (JCGx), 2012 WL 1570569, at *7 (C.D. Cal. May 2, 2012) (under California law, "a plaintiff cannot withstand summary judgment when she has no expert witnesses to support medical causation"); *Rutherford v. Owens-Illinois, Inc.,* (1997) 16 Cal. 4th 953, 968, *as modified on denial of reh'g* (Oct. 22, 1997) ("In the context of products liability actions, the plaintiff must prove that the defective products supplied by the defendant were a substantial factor in bringing about his or her injury."); *Jones v. Ortho Pharm. Corp.,* 163 Cal. App. 3d 396, 403 (1985) ("That there is a distinction between a reasonable medical 'probability' and a medical 'possibility' needs little discussion.  There can be many possible 'causes,' indeed, an infinite number of circumstances which can produce an injury or disease.  A possible cause only becomes 'probable' when, in the absence of other reasonable causal explanations, it becomes

more likely than not that the injury was a result of its action. This is the outer limit of inference upon which an issue may be submitted to the jury.").[5]

Plaintiffs have admitted that no such expert testimony or evidence exists to prove proximate causation. In their arguments in support remand, Plaintiffs asserted that "[t]he plaintiffs cannot comply with CMO 11's Rule 26(a)(2), obtaining a specific causation report due to the facts that the physicians are unwilling to prepare the report . . . ." R. Doc. 17720 at 3. Without sufficient expert testimony to prove proximate causation, Defendants are entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss with prejudice Plaintiffs' claims.

Respectfully submitted,

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/Andrew Solow*
Andrew K. Solow
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
William Hoffman
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
andrew.solow@arnoldporter.com
william.hoffman@arnoldporter.com

*Attorneys for Defendant Bayer Corporation*

---

[5] At all relevant times, Plaintiffs and Dexter Brown are alleged to be California residents. The fact that Dexter Brown was prescribed Xarelto at the time of his bleed does not establish proximate causation. Proximate causation requires expert testimony to a reasonable degree of medical probability that the product caused the alleged injuries. *Ibid.*

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ *Susan M. Sharko*
Susan M. Sharko
600 Campus Drive
Florham Park, NJ 07932-1047
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
susan.sharko@faegredrinker.com

*Counsel for Defendants Janssen Research
& Development, LLC and Johnson & Johnson*


**IRWIN FRITCHIE URQUHART & MOORE LLC**

By: /s/ *Kim E. Moore*
    Kim E. Moore
    400 Poydras Street
    Suite 2700
    New Orleans, LA 70130
    Telephone: (504) 310-2100
    Facsimile: (504) 310-2120
    kmoore@irwinllc.com

    *Defendants' Co-Liaison Counsel*


**CHAFFE MCCALL L.L.P.**

By: /s/ *John F. Olinde*
    John F. Olinde
    1100 Poydras Street
    Suite 2300
    New Orleans, LA 70163
    Telephone: (504) 585-7241
    Facsimile: (504) 544-6084
    olinde@chaffe.com

    *Defendants' Co-Liaison Counsel*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on September 8, 2020, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Liaison Counsel for Plaintiffs and Defendants by operation of the court's electronic filing system and served on all other plaintiff counsel via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

                                                  */s/ Kim E. Moore*
                                                  **Kim E. Moore**

      The undersigned hereby certifies that on September 8, 2020, the foregoing pleading was sent by U.S. mail, postage prepaid to each Plaintiff at her address of record.

                                                  */s/ Chanda A. Miller*
                                                  **Chanda A. Miller**