**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: XARELTO (RIVAROXABAN) PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 2592 SECTION L |
| THIS DOCUMENT RELATES TO: | * * | JUDGE ELDON E. FALLON |
| ALL CASES | * | MAGISTRATE NORTH |

**FEE ALLOCATION LIAISON COUNSEL RECOMMENDATION FOR PROPOSED COST REIMBURSEMENT AND FEE ALLOCATION**

Pursuant to Paragraph 23 of the Allocation Order (Rec. Doc. 17643), the appointed Fee Allocation Liaison Counsel ("FALC") respectfully submits, without objection from any Fee Applicant, the proposed FALC recommendation for the reimbursement of outstanding assessments for Shared Expenses and Held Costs and the proposed allocation of Common Benefit Fees.

### I. THE ALLOCATION PROCESS

#### a. Submission of Fee Applications and Opportunity to be Interviewed

On April 13, 2020, the Court entered the Allocation Order. The Order required all counsel seeking compensation for common benefit time and the reimbursement of expenses to review their prior time and cost submissions and assure that the time and expense records submitted pursuant to Pretrial Order No. 8 were complete and accurate. Each Fee Applicant was then required to submit to the FALC a completed and signed Fee Affidavit for Compensation for Common Benefit Time and Reimbursement of Expenses as well as a memorandum ("Fee Application") detailing and describing with particularity the professional services performed in

1

this litigation and the common benefit contribution provided by the Fee Applicant. The FALC received fee applications from thirty-six (36) law firms.[1]

The FALC reviewed the time and expense submissions, as well as the Fee Application submitted by each Fee Applicant and had the opportunity to conduct individual interviews of each Fee Applicant. The FALC also offered each Fee Applicant the opportunity to request an interview with the FALC to further support any Fee Application. After reviewing each of the Fee Applications and time and expense submissions, the FALC did not require a further interview with any Fee Applicant nor did any Fee Applicant request an interview with the FALC.[2]

### b. FALC Fee Allocation Deliberations and Consensus by All Applicants

The FALC subsequently deliberated via videoconference over multiple days. One of the first issues to be determined by the FALC was the amount of aggregate common benefit fees and costs created by the Court's 12 percent fee assessment and 2.75 percent cost assessment.[3] Because settlement claims are still in the process of determination, the FALC cannot yet state the exact amount of common benefit fees available for allocation, but, given that all base awards have been determined and the ECF process is reasonably complete, the FALC was able to determine a reliable estimate. After accounting for the cases that were excluded from the fee and cost assessment, the total common benefit fee award was estimated to be $86,660,000 and the

---

[1] The FALC proposed allocation distributes common benefit fees and costs to thirty-five (35) individual firms as one of the firms that submitted an application (Monsour Law Firm) had submitted no time or expenses in compliance with PTO 8 but rather submitted its time to Aylstock Witkin. However, because the time for the Monsour Law Firm was submitted along with the Fee Application for Aylstock, Witkin the FALC considered and compensated the Monsour Firm time as part of the Aylstock Witkin application.

[2] A small number of Fee Applicants initially requested an interview. However, after informal discussions with the FALC, all requests for interviews were withdrawn.

[3] The 12% fee and 2.75% cost estimate applies to all cases that receive compensation from the Settlement Program except cases that participated in the Alternative Resolution Program and cases that receive $5,000 or less in total compensation.

2

total common benefit cost award was estimated to be $19,865,089.50. Both of these estimates were based upon data received from the Settlement Program and are conservative estimates of the total fees and costs available for allocation.[4]

At the conclusion of its deliberations, the FALC by unanimous decision, after consultation with the PSC and the XPCL, provided a Proposed Common Benefit Fee Allocation to each Fee Applicant on August 14, 2020. In accordance with the Allocation Order, each Fee Applicant was given ten (10) days to submit any objections to the Proposed Allocation. No Fee Applicant objected to the FALC's proposed Recommendation on the Allocation of Common Benefit Fees. Pursuant to the Allocation Order, as no Fee Applicant asserted an objection and no Fee Applicant's Proposed Allocation has been reduced, no further objections are allowed.

The FALC's Recommendation on the Allocation of Common Benefit Fees is set out below. To the extent that more funds are available for allocation from the Court's 12 percent fee assessment, the FALC recommends that each firm receive a pro-rata upward adjustment for all fees above the $86,660,000 estimate. In the highly unlikely event that the FALC over-estimated the common benefit fees available for allocation, each firm would be subject to a pro-rata downward adjustment.

### c. **FALC Cost Deliberations and Consensus by All Applicants**

After providing to each firm the FALC's proposed Recommendation on the Allocation of Common Benefit Fees, the FALC continued to deliberate on the allocation of common benefit costs. At the conclusion of the deliberations, the FALC decided to reimburse all assessments paid for Shared Expenses ($12,820,000) and all Held Costs previously approved by the Court-

---

[4] The FALC expects the total fees and costs assessed and available for allocation will be slightly higher than these estimates but, in order to ensure that the FALC's proposed allocations would not be required to be reduced to account for an over-estimation of available funds, the FALC set the estimate at a lower level.

3

Appointed CPA, Phil Garrett ($4,317,603.19). In addition to these Held Costs, the FALC requested that each Fee Applicant submit to the FALC any costs that were rejected by Mr. Garrett for review by the FALC if the Fee Applicant wanted to the FALC to consider whether such rejected costs were appropriate Held Costs. After the FALC reviewed the requests for reconsideration of rejected Held Costs, some of the rejected Held Costs were determined to be appropriate Held Costs incurred for the common benefit that should be reimbursed as part of the common benefit cost allocation ($390,420.25). The total Held Costs recommended for reimbursement is $4,708,023.44.

In addition to the assessments and Held Costs, the FALC also recommends that $1,672,066.62 be allocated to fund the administration of the settlement. As was previously disclosed, the XPLC set aside $25,000,000 from the $775,000,000 settlement fund to administer the settlement. Total settlement administration costs exceeded the $25,000,000 set aside and these costs must come from the 2.75% cost assessment. An allocation of $1,672,066.62 will cover the settlement administration expenses.

Finally, $664,999.44 remains available for allocation from the estimated cost fund of $19,865,089.50. As the Court is aware, a significant amount of time and effort was expended by many common benefit counsel litigating cases in both the discovery pool and the wave/remand cases. The FALC believes the work that was performed on these cases was for the common benefit of all plaintiffs involved in this litigation as the settlement that was ultimately reached by the XPLC would not have occurred but for the significant work that was performed on these individual cases. While the FALC is not able to fully reimburse all of the costs expended litigating these hundreds of individual plaintiffs, the FALC proposes that remaining $664,999.44 be used to offset the costs of taking depositions in the discovery pool and wave/remand cases.

To determine the appropriate offset for each Fee Applicant, the FALC determined the number of depositions conducted in each of the cases represented by a Fee Applicant and awarded $1,200.36 per deposition.

As with the Fee Allocation, to the extent that more funds are available for allocation from the Court's 2.75 percent cost assessment, the FALC recommends that: (1) any additional settlement administration expenses be covered first and (2) each firm receive a pro rata adjustment to the deposition cost offset. In the highly unlikely event that the FALC overestimated the common benefit costs available for allocation, each firm would be subject to a pro-rata downward adjustment of the deposition cost offset.

## II. **FINAL UNANIMOUS FALC ALLOCATION RECOMMENDATION PROPOSED WITHOUT OBJECTION FROM ANY FEE APPLICANT**

Based on the entire record in these proceedings, including the time and expense submissions to Mr. Garrett in accordance with Pretrial Order No. 8, the Fee Affidavits, the Supporting Memoranda, the input of the PSC and XPLC, the deliberations of the FALC, and in light of the considerations set forth in paragraph 16 of the Allocation Order, the FALC, upon unanimous agreement and without objection from any Fee Applicant, makes the following final recommended allocation to each Common Benefit Fee Applicant Firm, and recommended Held Cost reimbursement and/or reimbursement for Shared Expense assessments, and/or discovery pool/wave deposition cost offsets:

**Aylstock Witkin Kreis & Overholtz**: The firm submitted a total of 22,542.46 hours in common benefit time, $835,740.78 in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases. Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC

5

recommends an allocation of **$7,350,000.00** in common benefit fees and **$1,707,347.26** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Baron & Budd**:  The firm submitted a total of 3,065.40 hours in common benefit time, $46,453.55 in reimbursable Held Costs, contributed $140,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$1,200,000.00** in common benefit fees and **$200,857.87** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Barrios Kingsdorf**:  The firm submitted a total of 3,783.35 hours in common benefit time, $18,974.17 in reimbursable Held Costs, and contributed $300,000.00 toward Shared Expenses.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$1,250,000.00** in common benefit fees and **$318,974.17** to reimburse its contribution to the Shared Expenses and Held Costs.

**Beasley Allen**:  The firm submitted a total of 32,971.25 hours in common benefit time, $520,881.96 in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$10,500,000.00** in common benefit fees and **$1,523,327.68** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Bruno & Bruno**:  The firm submitted a total of 649.10 hours in common benefit time, $393.66 in reimbursable Held Costs, and made no contribution toward Shared Expenses.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$100,000.00** in common benefit fees and **$393.66** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Capitelli Wicker**:  The firm submitted a total of 321.47 hours in common benefit time, $254.53 in reimbursable Held Costs, and made no contribution toward Shared Expenses.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$50,000.00** in common benefit fees and **$254.53** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Childers Schlueter**:  The firm submitted a total of 863.30 hours in common benefit time, $17,028.76 in reimbursable Held Costs, made no contribution toward Shared Expenses, but incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$500,000.00** in common benefit fees and **$23,030.56** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Cory Watson**:  The firm submitted a total of 280.60 hours in common benefit time, $8,959.76 in reimbursable Held Costs, made no contribution toward Shared Expenses, but

incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$100,000.00** in common benefit fees and **$32,966.96** to reimburse its Held Costs and deposition costs in the discovery pool/wave cases.

**Douglas & London**:  The firm submitted a total of 17,420.19 hours in common benefit time, $792,722.06 in reimbursable Held Costs, contributed $160,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$7,200,000.00** in common benefit fees and **$1,001,936.82** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Douglas Haun**:  The firm submitted a total of 45.40 hours in common benefit time, $0.00 in reimbursable Held Costs, and made no contribution toward Shared Expenses.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$15,000.00** in common benefit fees.

**Feldman & Pinto**:  The firm submitted a total of 2,228.0 hours in common benefit time, $55,018.74 in reimbursable Held Costs, and made no contribution toward Shared Expenses.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC

recommends an allocation of **$1,200,000.00** in common benefit fees and **$55,018.74** to reimburse its Held Costs.

**Ferrer & Poirot**:  The firm submitted a total of 1,448.40 hours in common benefit time, $14,615.39 in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$1,150,000.00** in common benefit fees and **$928,234.47** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Gainsburgh Benjamin**:  The firm submitted a total of 10,549.55 hours in common benefit time, $2,220.74in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$6,500,000.00** in common benefit fees and **$853,421.10** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Gallagher Law Firm**:  The firm submitted a total of 115.90 hours in common benefit time, $6,033.78 in reimbursable Held Costs, made no contribution toward Shared Expenses, but incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$50,000.00**

in common benefit fees and **$18,037.38** to reimburse its Held Costs and deposition costs in the discovery pool/wave cases.

**Goza Honnold**: The firm submitted a total of 7,868.50 hours in common benefit time, $164,453.02 in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases. Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$5,700,000.00** in common benefit fees and **$1,022,855.54** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Grant Eisenhofer**: The firm submitted a total of 1,501.0 hours in common benefit time, $18,603.91 in reimbursable Held Costs, contributed $160,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases. Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$250,000.00** in common benefit fees and **$182,204.99** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Heninger Garrison**: The firm submitted a total of 495.51 hours in common benefit time, $16,077.79 in reimbursable Held Costs, made no contribution toward Shared Expenses, but incurred significant deposition costs in discovery pool/wave cases. Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$250,000.00** in common benefit fees and **$92,348.85** to reimburse its Held Costs and deposition costs in the discovery pool/wave cases.

**Herman Herman Katz**:  The firm submitted a total of 10,652.80 hours in common benefit time, $75,258.51 in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$6,500,000.00** in common benefit fees and **$927,659.23** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Irpino Law**:  The firm submitted a total of 1,448.80 hours in common benefit time, $4,320.66 in reimbursable Held Costs, made no contribution toward Shared Expenses, but incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$200,000.00** in common benefit fees and **$5,521.02** to reimburse its Held Costs and deposition costs in the discovery pool/wave cases.

**Keller Rohrback**:  The firm submitted a total of 1,108.45 hours in common benefit time, $90.81 in reimbursable Held Costs, and made no contribution toward Shared Expenses.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$150,000.00** in common benefit fees and $**90.81** to reimburse its Held Costs.

**Kirtland & Packard**:  The firm submitted a total of 427.30 hours in common benefit time, $0.00 in reimbursable Held Costs, and made no contribution toward Shared Expenses.

Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of $**50,000.00** in common benefit fees.

**Lambert Firm**:  The firm submitted a total of 7,192.61 hours in common benefit time, $183,964.41 in reimbursable Held Costs, made no contribution toward Shared Expenses, but incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$3,300,000.00** in common benefit fees and **$195,968.01** to reimburse its Held Costs and deposition costs in the discovery pool/wave cases.

**Levin Papantonio**:  The firm submitted a total of 20,503.10 hours in common benefit time, $639,391.59 in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$10,500,000.00** in common benefit fees and **$1,567,414.99** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Levin Sedran**:  The firm submitted a total of 15,530.90 hours in common benefit time, $263,695.66 in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of

**$6,500,000.00** in common benefit fees and **$1,118,497.10** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Linville Firm**:  The firm submitted a total of 130.50 hours in common benefit time, $0.00 in reimbursable Held Costs, and made no contribution toward Shared Expenses.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of $**55,000.00** in common benefit fees.

**Mahone Law Firm**:  The firm submitted a total of 35.00 hours in common benefit time, $718.35 in reimbursable Held Costs, and made no contribution toward Shared Expenses.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$10,000.00** in common benefit fees and $**718.35** to reimburse its Held Costs.

**Morgan & Morgan**:  The firm submitted a total of 816.85 hours in common benefit time, $29,896.91 in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$500,000.00** in common benefit fees and **$905,104.47** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Motley Rice**:  The firm submitted a total of 1,366.80 hours in common benefit time, $40,969.29 in reimbursable Held Costs, contributed $160,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review

of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$500,000.00** in common benefit fees and **$226,176.85** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Nast Law Firm**:  The firm submitted a total of 13,125.00 hours in common benefit time, $206,679.54 in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$2,300,000.00** in common benefit fees and **$1,090,289.62** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Ross Feller Casey**:  The firm submitted a total of 685.50 hours in common benefit time, $37,359.25 in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$250,000.00** in common benefit fees and **$911,366.45** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Schlichter Bogard & Denton**:  The firm submitted a total of 20,751.50 hours in common benefit time, $471,832.55 in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC

recommends an allocation of **$7,200,000.00** in common benefit fees and **$1,347,040.11** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Seeger Weiss**: The firm submitted a total of 3,502.70 hours in common benefit time, $60,915.97 in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases. Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$1,600,000.00** in common benefit fees and **$920,518.85** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Stag Liuzza**: The firm submitted a total of 475.93 hours in common benefit time, $0.00 in reimbursable Held Costs, and made no contribution toward Shared Expenses. Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$80,000.00** in common benefit fees.

**Weitz & Luxenberg**: The firm submitted a total of 5,966.65 hours in common benefit time, $101,828.73 in reimbursable Held Costs, contributed $850,000.00 toward Shared Expenses, and incurred significant deposition costs in discovery pool/wave cases. Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$3,100,000.00** in common benefit fees and **$975,835.93** to reimburse its contribution to the Shared Expenses, Held Costs and deposition costs in the discovery pool/wave cases.

**Whitehead Law Firm**:  The firm submitted a total of 986.40 hours in common benefit time, $38,410.15 in reimbursable Held Costs, made no contribution toward Shared Expenses, but incurred significant deposition costs in discovery pool/wave cases.  Based on a complete review of the time and expense records, the Fee Affidavit and supporting memorandum, and in light of the factors identified in the Allocation Order, the FALC recommends an allocation of **$500,000.00** in common benefit fees and **$39,610.51** to reimburse its Held Costs and deposition costs in the discovery pool/wave cases.

For the convenience of the Court, the FALC attaches as a listing of the Fee Applicants along with the recommended allocations as Exhibit A.

Respectfully submitted, this 11th day of September, 2020 by the:

**Fee Allocation Liaison Counsel**

*/s/ Brian H. Barr*
Brian H. Barr
Levin Papantonio Thomas Mitchell Rafferty & Proctor
316 S. Baylen Street, Suite 600
Pensacola FL, 32502
E-mail:  bbarr@levinlaw.com

*/s/ Andy D. Birchfield, Jr.*
Andy D. Birchfield, Jr.
Beasley Allen
234 Commerce Street
Post Office Box 4160
Montgomery, AL  36103-4160
Email:  Andy.Birchfield@BeasleyAllen.com

*/s/ Leonard A. Davis*
Leonard A. Davis
Herman Herman Katz
820 O'Keefe Avenue
New Orleans, LA  70113
Email: ldavis@hhklawfirm.com

>*/s/ Gerald E. Meunier*
>Gerald E. Meunier
>Gainsburgh Benjamin David Meunier & Warshauer
>2800 Energy Centre
>1100 Poydras Street
>New Orleans, LA  70163
>Email:  membergem@gainsben.com
>
>*/s/ Michael Weinkowitz*
>Michael Weinkowitz
>Levin Sedran & Berman
>510 Walnut Street, Suite 500
>Philadelphia, PA  19106
>Email:  mweinkowitz@lfsblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020 a copy of the above and foregoing Fee Allocation Liaison Counsel Recommendation for Proposed Cost Reimbursement and Fee Allocation, has contemporaneously with or before filing been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2), Local Rule 5.1 of the Eastern District of Louisiana and via MDL Centrality, which will send notice of electronic filing in accordance with the procedures established in MDL 2592 pursuant to Pre-Trial Order No. 17.

>*/s/ Gerald E. Meunier*
>**GERALD E. MEUNIER**