# EXHIBIT A

**PLD-PI-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Barbara Eva Brown, Lora Orozco<br>P.O. Box 5408<br>Sugarloaf, CA 92386<br>TELEPHONE NO: (951) 534-8277  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): IN PRO PER | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>JAN 16 2020<br><br>DAVID H YAMASAKI, Clerk of the Court<br>BY: J. GARCIA , DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |
| PLAINTIFF: Barbara Brown, Lora Orozco<br>DEFENDANT: Anaheim Global Medical Center, KPC Healthcare, Inc., Serge Abdishoo<br>☐ DOES 1 TO ____ | |
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>☐ AMENDED (Number):<br>Type (check all that apply):<br>☐ MOTOR VEHICLE  ☑ OTHER (specify): Burial Expenses & wheelchair<br>☐ Property Damage  ☑ Wrongful Death<br>☐ Personal Injury  ☑ Other Damages (specify): Emotional Losses | |
| Jurisdiction (check all that apply):<br>☐ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded ☐ does not exceed $10,000<br>☐ exceeds $10,000, but does not exceed $25,000<br>☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>☐ from limited to unlimited<br>☐ from unlimited to limited | CASE NUMBER:<br>30-2020<br>01124599<br><br>JUDGE MARTHA GOODING |

1. Plaintiff (name or names): Barbara Brown and Lora Orozco
   alleges causes of action against defendant (name or names): Anaheim Global Medical Center and KPC Healthcare, Inc. and Serge Abdishoo

2. This pleading, including attachments and exhibits, consists of the following number of pages: BB 10 26

3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other (specify):
      (5) ☐ other (specify):
   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor ☐ an adult
          (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) ☐ other (specify):
      (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |

**1**

PLD-PI-001

SHORT TITLE: Barbara Brown, et al. vs. Anaheim Global Medical Center, et al.

CASE NUMBER:

4. ☐ Plaintiff *(name)*:
   is doing business under the fictitious name *(specify)*:

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ except defendant *(name)*: Anaheim Global Medical Center
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   c. ☐ except defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   b. ☑ except defendant *(name)*: KPC Healthcare, Inc.
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   d. ☐ except defendant *(name)*:
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☐ Doe defendants *(specify Doe numbers)*: _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☐ Doe defendants *(specify Doe numbers)*: _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☑ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify)*:

9. ☑ Plaintiff is required to comply with a claims statute, and
   a. ☑ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify)*:

PLD-PI-001

| SHORT TITLE: Barbara Brown, et. al. vs. Anaheim Global Medical Center, et al. | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☑ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☑ Other (specify): failure/Refusal to return the deceased wheelchair (theft)

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☑ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☑ other damage (specify): Loss of love, comfort and Companionship

12. ☑ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☑ as follows: Barbara Brown is a sibling of the deceased and Lora Orozco is the mother of the deceased, both suffer emotional losses, grief, pain, suffering and distress, due to KPC's staff's intentional infliction of emotional distress, fraud, perjury, theft due to their acts and/or inactions.

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☑ punitive damages
   The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):

Date: 12-22-2019   Lora Orozco   [signature of co-plaintiff]
Date: November 15, 2019   Print name

Barbara Eva Brown   ▶ [signature]
(TYPE OR PRINT NAME)   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]   COMPLAINT—Personal Injury, Property Damage, Wrongful Death   Page 3 of 3

3

PLD-PI-001(2)

| SHORT TITLE: Barbara Brown, et al. vs. ANAHEIM GLOBAL MEDICAL CENTER, et al. | CASE NUMBER: |
|---|---|

__First__ **CAUSE OF ACTION—General Negligence**  Page __4__
(number)

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Barbara Brown and Lora Orozco

alleges that defendant *(name)*: Serge Abdishoo, M.D. and Anaheim Global Medical Center and KPC HealthCare Inc.

☐ Does ___ to ___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: September 1, 2017 and November 16, 2018 Date of Death.

at *(place)*: Anaheim Global Medical Center - 1025 S. Anaheim Blvd, Anaheim, CA 92805

*(description of reasons for liability)*:

Doctor Serge Abdishoo did cause the untimely and wrongful death of Dexter Elliott Brown during Mr. Brown's stay at the Anaheim Global Medical Center where Abdishoo was employed at which is owned by KPC HealthCare Inc.

Abdishoo did prescribe Mr. Brown anti-psychotic medications including Lithium and other powerful tranquilizers designed to treat psychosis, which Dexter Brown did not suffer from, ever.

Dr. Abdishoo had misdiagnosed Mr. Brown who had been experiencing situational depression due to a recent leg amputation due to diabetes.

Dexter Brown had voluntarily entered Dr. Abdishoo place of business because he "did'nt feel well" and was deprived the right to leave or live.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

4

PLD-PI-001(4)

| SHORT TITLE: Barbara Brown, et al., vs. ANAHEIM GLOBAL MEDICAL CENTER, et al. | CASE NUMBER: |
|---|---|

__Second__ — CAUSE OF ACTION—Premises Liability   Page __5__
(number)

ATTACHMENT TO  ☑ Complaint   ☐ Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name)*: Barbara Brown and Lora Orozco
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date)*: July 24, 2017 – Sept. 19, 2017 plaintiff was injured on the following premises in the following fashion *(description of premises and circumstances of injury)*:

Anaheim Global Medical Center – 1025 S. Anaheim Blvd. Anaheim, CA 92805

Dr. Abdishoo forced Dexter Brown to stay at AGMC and to take psychotrophic drugs against Mr. Brown's will.

Prem.L-2.  ☑ Count One—Negligence The defendants who negligently owned, maintained, managed and operated the described premises were *(names)*:

KPC Health Care Inc. and Anaheim Global Medical Center

Prem.L-3 ☑ count Two — Willful Failure to Warn (Civil Code sec. 846)
The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were:

KPC Health Care Inc.

prem. L-5 a. ☑ Allegations about other Defendants
The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were:

Serge Abdishoo, M.D.

5

PLD-PI-001(3)

| SHORT TITLE: Barbara Brown, et al., vs. ANAHEIM GLOBAL MEDICAL CENTER, et al. | CASE NUMBER |
|---|---|

___Third___ **CAUSE OF ACTION—Intentional Tort**  Page ___8___
(number)

ATTACHMENT TO ☑ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff (name): Barbara Brown and Lora Orozco

alleges that defendant (name): Anaheim Global Medical Center and Serge Abdishoo, M.D. and KPC HealthCare Inc.

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on (date): September 1, 2017

at (place): Anaheim Global Medical Center - 1025 S. Anaheim Blvd. Anaheim, CA 92805

(description of reasons for liability):

Dr. Abdishoo and the medical staff employed by KPC HealthCare Inc. to work at Anaheim Global Medical Center did intentionally administer a lethal dose of Lithium, (the wrong medication used to treat depression), to Dexter Brown, which did cause him to expire prematurely (40 years premature, in that the Brown's have longivity in our family.)

At the time Mr. Brown had decided to withdraw consent to be drugged by Dr. Abdishoo, the staff continued to force pills down his throat and tied him to his bed refusing him free will and choice and his wheelchair, which was never returned to him or us.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Page 1 of 1

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

6

PLD-PI-001(3)

| SHORT TITLE: Barbara Brown, et al., vs. ANAHEIM GLOBAL MEDICAL CENTER, et al | CASE NUMBER |
|---|---|

__Fourth__ CAUSE OF ACTION—Intentional Tort      Page __9__
(number)

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff (name): Barbara Brown and Lora Orozco

alleges that defendant (name): Anaheim Global Medical Center
KPC Healthcare Inc.

☐ Does ____ to ____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on (date): July 24, 2017 - September 19, 2017

at (place): Anaheim Global Medical Center - 1025 S. Anaheim Blvd. Anaheim, CA 92805

(description of reasons for liability):

KPC & AGMC = Intentional Infliction of Emotional Distress for us all.

Dexter Brown had admitted himself into the Medical-side of Anaheim Global Medical Center stating that he did not feel well, being an amputee 1 year earlier.

He was stripped of his clothes, wheelchair, dignity, patient Rights, Human Rights, Civil Rights, Constitutional Rights and his Right to informed consent, and died. He was held and kept against his will, including being tied to the hospital bed and having pills shoved down his throat even after consent was withdrawn by himself and the Power of Attorney, his mother, Lora Orozco, which is illegal.

KPC refused to return Dexter's wheelchair which is theft, which is illegal and immoral.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]
CAUSE OF ACTION—Intentional Tort
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

9

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: <br> Barbara Brown and Lora Orozco <br> P.O. Box 5408 Sugarloaf, CA 92386 <br> Telephone No.: (951) 534-8277  Fax No. *(Optional)*: <br> E-Mail Address *(Optional)*: <br> ATTORNEY FOR *(Name)*: IN PRO PER   Bar No: | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE** <br> **JUSTICE CENTER:** <br> ☒ Central – 700 Civic Center Dr. West, Santa Ana, CA 92701-4045 <br> ☐ Civil Complex Center – 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512 <br> ☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595 <br> ☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500 | |
| PLAINTIFF/PETITIONER: Barbara Brown, et al. <br> DEFENDANT/RESPONDENT: Anaheim Global Medical Center, et al. | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), Barbara Brown, Lora Orozco

and defendant(s)/respondent(s), Anaheim Global Medical Center, KPC HealthCare, Inc., Serge Abdishoo

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
  ☐ Under section 1141.11 of the Code of Civil Procedure
  ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____  _____   _____
                                       (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____  _____   _____
                                       (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                                                                California Rules of Court, rule 3.221
L1270 (Rev. July 2014)

B

**SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE**

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE**

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court — Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

   (1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

   (2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

   (3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

   (4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

**TYPES OF ADR IN CIVIL CASES.**

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is



often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.