# EXHIBIT D2

9th Circuit No. 17-55698
United States Court of Appeals
for the Ninth Circuit

Name: Barbara Brown
Address: 397 Wabash Ave. P.O. Box 5408
Sugarloaf, CA 92386
Phone: (951) 534-8277
Fax:

In Pro Per

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEB 12 2018

FILED
DOCKETED            DATE        INITIAL

ON APPEAL FROM UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA U.S. District Judge Cormac Carney

CASE NUMBER: U.S. District Court No. 5:15-cv-00294-CJC-E

BARBARA BROWN

Appellant

·v.

Scott Burton, Travis Wijnhamer & Tom Hollenbaugh, all in their individual capacity,

Appellees.

APPELLANT'S REPLY BRIEF

(Enter document title in the space provided above)

Comes now, Appellant, Barbara Brown files; Appellant's Reply Brief, herein.
Appellant has provided all evidence which was obtainable. Other evidence which was not made available or was edited was not obtained by appellant due to All the fraud upon the courts that appellees and their witnesses had perpetrated. Many, many, many lies from many, many witnesses does not constitute the truth. Records that were falsified, edited and omitted by the appellees and their attorney should not be allowed to be entered into evidence, let alone believed by judges who was not present

1
Page Number

CV-127 (09/09)   PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

during the night of the incident, in which this case arises.

Appellees and their attorney had omitted the written, and/or video recordings of the alleged victim/reporting party, Johathan Sprecher, due to the fact, that Jonathan Sprecher told the truth and that is just not allowed in any court of law in America except maybe the U.S. Supreme Court.

Any reasonable judge should probably think, why????? the victim/reporting party's statement was not submitted as evidence, by the law enforcement officers or their attorney, in that, he was interviewed by both.

Why, is it considered that one, a person of color, with; a clean police record, no history of drug or alcohol abuse, and a good driving record has a fear of Big Bear Law Enforcement Agents only, is suffering from mental illness? especially when a person has no history of mental ward vollentary or invollentary commitments?

Why is it that judges always believe law enforcement officers statements no matter how ridiculous and how many of them repeat the lie?

Why was Roger Tierce interviewed, in that, he was the real perpetrator, oh wait, he wasn't interviewed by anyone. Why? (because the truth might come out?)

2

Why is it that law enforcement agents must lie along with their attorney to make an arrest look as though it was lawful? For money?

Why is it illegal to smoke a cigarette in a person's car, home or fiance's home?

And why and how can any law enforcement officer order a person to extinguish a cigarette and kill them if they don't? (or arrest them)?

Why is it that after an investigation has been completed by one officer and he leaves satisfied with both witnesses' testimony, other officers can appear at the scene (without the first officer calling for backup) and conduct another investigation? To make an arrest?

We can ask other persons who were harrassed by law enforcers about why it is considered illegal to smoke a cigarette in their own car but she's dead (Sandra Bland).

Is a person obligated by God and man to submit to every order given them? Only Gods.

Has any woman, man, boy or girl ever been sexually assaulted by law enforcers? Has any woman, man, boy or girl ever been killed by law enforcers wrongfully? If your answer is "No" you are a liar and do not understand the fear Black people have when ordered by unlawful county and/or state workers to do everything they want us to do, whether immoral or not.

3

Appellant will not be submitting any evidence in this Reply, it is a waste of my time, energy, effort and money to pretend I have any right to a fair trial, in that, all judges involved in this case has prejudiced themselves against me and my kind, civilian Black Jews. It is painfully obvious justice will not be done in this case when all the judges believed the many, many, many lies, half-truths and fraud presented by All appellees and their attorney even though appellant has presented the truth. The whole truth was never presented due to the fact the "Star Witness", the "reporting party" and the alleged "victim," was never allowed to testify or his video deposition presented to the courts.

His name is Jonathan Sprecher and phone number is (909) 838-1531, his address is unknown to appellant. If appellant had an attorney appointed to represent me in this case, Jonathan Sprecher's testimony would have been presented to the courts by appellant, in that, Mr. Sprecher had stated he will write out a declaration for appellant but he can not mail it to me, appellant. Due to his ignorance of the court rules and laws he refused to mail the truth, his declaration to appellant. If appellant was given a court date, appellant would have subpoenaed him to court or have arrested until he showed up to testify. But no court date was ever given.

4

1. The truth is supposed to coincide with reality.
2. The reality is; Appellant had a right to be
3. secure in appellant's boyfriend's home according
4. to the 4th Amendment in the Bill of Rights in the
5. United States Constitution which is "Law of the Land."
6. And no state can abridge that right.
7. The reality is; Appellant was an invited guest
8. in appellant's boyfriend's (Jonathan Sprecher) home.
9. The reality is; Jonathan Sprecher never asked
10. appellant to leave his home or the premises.
11. Big Bear Sheriff Deputies Burton, AND Hollenbagh
12. demanded appellant leave Sprechers house,
13. though never witnessing the incident preceeding
14. appellant's arrest and sexual assault at
15. the West Valley Detention Center.
16. The reality is; Deputy Wijnhamer (Travis) had
17. already conducted an investigation before deputies
18. Burton & Hollenbaugh arrived on the scene.
19. Both appellant and her boyfriend Sprecher had
20. told Wijnhamer that Roger Tierce an ex-boyfriend
21. had started the arguement and assaulted
22. appellant verbally with death threats & then left.
23. The reality is; appellant was and is innocent of
24. PC148 and trespassing at Sprechers home.
25. The reality is the PC148 charge was dismissed
26. at San Bernardino Superior Court, for "in the
27. interest of Justice." Something that appellant
28. understands will not happen here, Justice.

5

1  The reality is both magistrate Judge Eick
2  and district court Judge Carney erred in
3  denying appellant's Motion for Appointment
4  of Counsel twice (2 times) for the following
5  reason due to the fact appellant was the
6  plaintiff and that he can not appointed
7  Counsel for plaintiffs.
8  Pursuant to 28 U.S.C. sec. 1915(e)(1) and
9  General Order 25 both judges could & should have
10 appointed Counsel for this pro se litigant
11 filing in forma- pauperis.
12 28 U.S.C. sec. 1915(e)(1): "The court may request
13 an attorney to represent any person unable to
14 afford counsel." Also: Title 28 455(a) Disqualification of Judge or Magistrate Justice
15 General Order 25: The U.S. District Court has
16 a general order No. 25 which allows the court
17 to appoint pro bono counsel in civil case in
18 which a party is not represented.
19 (The Federal Pro Bono Project).
20 The judge also erred in showing partiality
21 towards law enforcement when he (Eick) testified
22 in this case stating officers had a right to
23 arrest appellant for PC148 and also tresspassing,
24 a charge not even mentioned until Eick said it.
25 The appearance of being biased & partail is proven
26 in magistrate judges words he used in his reccomendations
27 (Brown's "alleged" this "alleged" that but never on officer's statements,
28 and Alice Brown was ordered Counsel (pro bono). case # Edcv 13-0130 dsf.
                                                    Barbara Brown
                                                    2/8/18

6
Page Number

CV-127 (09/09)    PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

The reality is both magistrate Judge Eick and district court Judge Carney erred in denying appellant's Motion for Appointment of counsel twice (2 times) for the following reason due to the fact appellant was the plaintiff and that he can not appointed counsel for plaintiffs.

Pursuant to 28 U.S.C. sec. 1915(e)(1) and General Order 25 both judges could & should have appointed counsel for this pro se litigant filing in forma pauperis.

28 U.S.C. Sec. 1915(e)(1): "The court may request an attorney to represent any person unable to afford counsel." Also: Title 28 455(a) Disqualification of Justice, Judge or Magistrate

General Order 25: The U.S. District Court has a general order No. 25 which allows the court to appoint pro bono counsel in civil case in which a party is not represented. (The Federal Pro Bono Project).

The judge also erred in showing partiality towards law enforcement when he (Eick) testified in this case stating officers had a right to arrest appellant for PC148 and also trespassing, a charge not even mentioned until Eick said it. The appearance of being biased & partail is proven in magistrate judges' words he used in his recomendations (Brown's "alleged" this "alleged" that but never on officer's statements, and Alice Brown was ordered counsel (pro bono). case # Edcv 13-0130dsf.

Barbara Brown
2/8/18

6 copy
Page Number

CV-127 (09/09)   PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

Form 8.     Certificate of Compliance Pursuant to 9th Circuit Rules 28-1.1(f), 29-2(c)(2) and (3), 32-1, 32-2 or 32-4 for Case Number _____

Note: This form must be signed by the attorney or unrepresented litigant and attached to the end of the brief.

I certify that (check appropriate option):

☑ **This brief complies with the length limits permitted by Ninth Circuit Rule 28-1.1.**
The brief is [_____] words or [ 11 ] pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the length limits permitted by Ninth Circuit Rule 32-1.
The brief is [_____] words or [_____] pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the length limits permitted by Ninth Circuit Rule 32-2(b).
The brief is [_____] words or [_____] pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable, and is filed by (1) ☐ separately represented parties; (2) ☐ a party or parties filing a single brief in response to multiple briefs; or (3) ☐ a party or parties filing a single brief in response to a longer joint brief filed under Rule 32-2(b). The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the longer length limit authorized by court order dated [_____].
The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6). The brief is [_____] words or [_____] pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable.

☐ This brief is accompanied by a motion for leave to file a longer brief pursuant to Ninth Circuit Rule 32-2 (a) and is [_____] words or [_____] pages, excluding the portions exempted by Fed. R. App. P. 32 (f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief is accompanied by a motion for leave to file a longer brief pursuant to Ninth Circuit Rule 29-2 (c)(2) or (3) and is [_____] words or [_____] pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

☐ This brief complies with the length limits set forth at Ninth Circuit Rule 32-4.
The brief is [_____] words or [_____] pages, excluding the portions exempted by Fed. R. App. P. 32(f), if applicable. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

Signature of Attorney or Unrepresented Litigant    *Barbara Brown*    Date   *February 8, 2018*

("s/" plus typed name is acceptable for electronically-filed documents)

(Rev.12/1/16)

# CERTIFICATE OF SERVICE

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FEB 12 2018

FILED _____
DOCKETED _____
DATE     INITIAL

Case Name: **BARBARA BROWN** v. **SCOTT BURTON, et al.**

9th Cir. Case No.: **17-55698**

IMPORTANT: You must send a copy of ALL documents filed with the Court and any attachments to counsel for ALL parties in this case. You must attach a copy of the certificate of service to each of the copies and the original you file with the Court. Please fill in the title of the document you are filing. Please list the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below.

I certify that a copy of the **Appellant's Reply Brief**
(title of document you are filing)
and any attachments was served, either in person or by mail, on the persons listed below.

*Barbara Brown, in pro per*
Signature
Notary NOT required

| Name | Address | Date Served |
|---|---|---|
| Dennis Wagner | 1325 Spruce St., suite 200, Riverside, CA 92507 | February 8, 2018 |

# PLAINTIFFS DISCLOSURES

## WITNESS: & DOCUMENTS LIST

Dawn Gearhart
Jonathan Sprecher
Roger Tierce
Scott Burton
Travis Wijnhamer
Tom Hollenbaugh
Dr. Larry Ding
Dr. Steve Reiner

John Does 1-5 = { Arrowhead Regional Medical Center Staff 2/16/13 – 2/21/13
San Bernardino Main Jail Staff 2/16/13

Documents: Arrowhead Regional etc. Reports & Recordings
San Bernardino Main Jail Reports & Recordings
Dawn Gearhart's records for PC148 case against m.
Roger Tierce's Declaration
Jonathan Sprecher's Declaration
Scott Burton's Arrest Report & Body Cam & 911 ca
Wijnhamer & Hollenbaugh's Report & Body Cam & car c
Dr. Ding's Medical File for m_ and audio Recor

7.

# RAPE TRAUMA:

The Adult Rape Victim: It is important to understand that while the attacker becomes sexually aroused during a rape, it is actually a crime of assault, motivated by the perpetrator's desire/impulse to harm and control a victim. "The desire to humiliate or destroy is what produces arousal," (Everstine & Everstine, 1983, People in Crisis, NY). The resulting feelings: powerlessness can completely annihilate any sense of competency to interact effectively with others or have any semblance of control over one's life, confidence in the ability to set limits or say no, and taking on self blame Victims of rape, as other victims of violent crimes experience severe psychological loss of the ability to feel safe in what was once a reasonably ordered world. This results in a state of acute grief.

1. **Guilt** is a pervasive feeling over one's lack of ability to fight, despite the fact that it is very common for the victim to be in a state of shock during the attack.
2. **Male rape victims:** One out of seven rape victims is male. In 1990 approximately 10,000 males over the age of twelve were raped. This is in consideration that only 16% of rapes are reported and the likelihood of male rape victims reporting is much less, again.
    a. Treatment for men must have a greater emphasis on encouraging expression of their internal world of feelings.
3. **Treatment:**
    a. More directive and more psychoeducative approach than with other types of clients to help them understand why they are experiencing what they are (shock, feelings of going insane, powerlessness, complete lack of control over their environment, guilt, self loathing, anger, etc.) Assure the client that he/she is not going insane, and provide some perspective on the total process for both victim and significant others. Helping them understand that when one is in a state of shock they are unable to ward off an attacker. The therapist's style should be **non-blaming, and supportive.**
    b. Encourage the need to **work through the mixed emotions**, while discouraging attempts at making it all alright and palatable for significant others. This idea of the invisible psychological wound may be too complex or uncomfortable for others to deal with. Thus a **significant others support group or individual work** may be required to provide the loved ones with an avenue for release and understanding so they may be a positive support

8

to the survivor. Mobilize the support of significant others who can provide enormous help in the recovery process.

c. The attack may have reactivated or exacerbated pre-existing trauma incidences or other unresolved issues, requiring a multitude of intervention strategies and service providers.

d. Avoid pushing the client to discuss the details of the rape until they are ready to (as they have already experienced extreme coercion).

e. Allow the client to set the therapeutic pace as part of the empowerment process in order to help regain a sense of control.

f. Assist as a positive support, as needed in the legal process. Encourage the client to access the Victim Witness program in their area for a full array of rape trauma and other victimizaiton services, including advocacy and treatment funding, at the national level.

g. Help the client recall what was most comforting at other times of crisis. Help them surround themselves with these familiar comforts, such as a night light, special music or foods, etc. Encourage this self nurturing.

h. Mobilize positive support system and inform client of importance of not staying alone during this trying period. Early therapeutic intervention can greatly assist in alleviating symptoms and avoiding long term negative ramifications in all psychosocial areas.

i. While a successful conviction can represent closure, if the outcome was less than satisfactory, or the attacker was never caught this can further foster feelings of powerlessnes, and is important to work through in treatment.

---

B. Sexual: rape/sexual attack (even by usual sexual partner, if clearly indicated they were not wanting/willing to participate), sexually objectified.
C. Emotional:
1. Isolation by controlling social contacts with threat of physical violence. This includes preventing from getting a job/keeping employment and obtaining some economic freedom. If she does have an income, he demands that it all be handed over to him. She may be put on a minimal allowance for basic sustenance, then ask her to justify her spending.
2. Intimidating by glaring, threatening and condescending looks, gestures, raising voice tone, destroying property (particularly something of personal or sentimental value to the victim). Male dominated household in which she is treated subserviently.
3. Threats of harm to significant other or children, to commit suicide, to report to welfare.
4. Name calling, both public and private demeaning comments.
5. Using the children in terms of giving them negative messages about the victimized parent, using visitation for harassment, criticizing parenting skills and attempting to evoke guilt. 9,

# Psychotherapy Progress Note

Patient: Barbara E Brown, DOB 12/21/1964

Date and Time: July 11, 2016 12:00PM - 1:00PM
Duration: 60 minutes
Service Code: 90834
Location: Main Office
Participants: Client only

## Diagnosis
F25.0 Schizoaffective Disorder, Bipolar type
Grandiose thinking, pressured speech, delusional thinking, (contacting snoop dogg) an increased need to complete goals, (filing lawsuits) Impulsive actions (picketing the police station). Endorsed periods of sleeping for days and an inability to eat or go outside for long periods of time.

## Patient Presentation
Cognitive Functioning. Disorganized
Mood: Euphoric, grandiose, anxious
Affect: Labile
Interpersonal: Guarded, interactive

## Safety Issues
No safety issues

## Medications
None

## Symptom Description and Subjective Report
Client reported for session as talkative, interrupting this writer and attempting to interact with other clients leaving the reception area. She was an hour early and asked to return for her appointment time as this writer and another clinician had an appointment outside the office. She agreed to do this and did return. Upon her arrival she began speaking and pulling paperwork out of her purse immediately and needed redirection to slow down and focus.

## Relevant Content
Client again brought paperwork asking that this writer complete it for the DMV. This writer declined and asked her to take it to her family Dr. She agreed to take the paperwork to her family Dr. for completion. Exploration of her coping skills was discussed. Client reported that she had been focusing her energy at home, cleaning her house and attempting to get a ride down the hill to her Dr's appointment. Client reported that she had put up her picket signs at the sheriff's department across the street, but had no altercations with anyone and did not plan to put up more signs. She was encouraged to think about decreasing her interactions with the sheriff's department by not picketing them. She agreed that this was probably not a good idea. She agreed to return to this writer's office following her Dr's appointment down the hill the following week.

## Treatment Plan Progress
*No objectives specified.*
Plan: The plan is to continue assisting the client in focusing her goals and to encourage her in seeking psychiatric treatment for medication management
Prescribed frequency of treatment: Weekly
Recommendation: Continue current therapeutic focus

Sherrill Reynolds, LCSW, CATC-IV

July, 12, 2016

# STATE OF CALIFORNIA
## DEPARTMENT OF HEALTH SERVICES

### CERTIFICATION OF VITAL RECORD

| | | | |
|---|---|---|---|
| STATE FILE NUMBER | **M-371022** | CERTIFICATE OF LIVE BIRTH — STATE OF CALIFORNIA—DEPARTMENT OF PUBLIC HEALTH | LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER **7019 68737** |

**THIS CHILD**
- 1A. NAME OF CHILD — FIRST NAME: Barbara
- 1B. MIDDLE NAME: Eva
- 1C. LAST NAME: Brown
- 2. SEX: female
- 3A. THIS BIRTH, SINGLE, TWIN, OR TRIPLET?: twin
- 3B. IF TWIN OR TRIPLET THIS CHILD BORN 1ST, 2ND, 3RD: Second
- 4A. DATE OF BIRTH — MONTH, DAY, YEAR: [redacted]
- 4B. HOUR: 2:27 P

**PLACE OF BIRTH**
- 5A. PLACE OF BIRTH — NAME OF HOSPITAL: Dominguez Valley Hospital
- 5B. STREET ADDRESS: 3100 S. Susana Rd.
- 5C. CITY OR TOWN: Compton
- 5D. COUNTY: Los Angeles

**MOTHER OF CHILD**
- 6A. MAIDEN NAME OF MOTHER — FIRST NAME: Lora
- 6B. MIDDLE NAME: Elizabeth
- 6C. LAST NAME: Troyan
- 7. COLOR OR RACE OF MOTHER: Caucasian
- 8. AGE OF MOTHER: 27 YEARS
- 9. BIRTHPLACE: California
- 10. MAILING ADDRESS OF MOTHER: Same

**USUAL RESIDENCE OF MOTHER**
- 11A. USUAL RESIDENCE OF MOTHER — STREET ADDRESS: 1310 S. Acacia
- 11B. IF INSIDE CORPORATE LIMITS: X CHECK HERE
- 11C. CITY OR TOWN: Compton
- 11D. COUNTY: Los Angeles
- 11E. STATE: California

**FATHER OF CHILD**
- 12A. NAME OF FATHER — FIRST NAME: Donald
- 12B. MIDDLE NAME: William
- 12C. LAST NAME: Brown
- 13. COLOR OR RACE OF FATHER: Negro
- 14. AGE OF FATHER: 40 YEARS
- 15. BIRTHPLACE: Colorado
- 16A. PRESENT OR LAST OCCUPATION: Laborer
- 16B. KIND OF INDUSTRY OR BUSINESS: Construction

**INFORMANT'S CERTIFICATION**: Signature — Mrs. Lora E. Brown; 17B. DATE SIGNED BY INFORMANT: 12-24-64

**ATTENDANT'S CERTIFICATION**: 18A. PHYSICIAN signature; 18B. ADDRESS: 209 W. Compton, Compton

**REGISTRAR'S CERTIFICATION**: 21. DATE RECEIVED BY LOCAL REGISTRAR: JAN 28 1965



This is to certify that this document is a true copy of the official record filed with the Office of Vital Records.

MICHAEL L. RODRIAN
STATE REGISTRAR OF VITAL RECORDS
DATE ISSUED: 03 JUL 10 PM 12:02

*001699601*



This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.