# EXHIBIT D4

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Barbara E. Brown  
Appellant(s),

9th Cir. Case No. 19-55850

RECEIVED  
MOLLY C. DWYER, CLERK  
U.S. COURT OF APPEALS

v.

SEP 25 2019

FILED _____  
DOCKETED _____  
DATE    INITIAL

County of San Bernardino, et al.  
Appellee(s).

## STATEMENT THAT APPEAL SHOULD GO FORWARD
(attach additional sheets as necessary)

1. Date(s) of entry of judgment or order(s) you are challenging in this appeal:

   June 24, 2019

   Appellant has asked this 9th circuit court for appointment of pro bono counsel due to poverty and motion is still pending.

2. What claims did you raise to the court below? SEE: Exhibit A

   Appellant sued the County of San Bernardino, & sheriff deputies Andrew Montbriand and Marke McCracker in the district court under 42 U.S.C. 1983 and under federal and state RICO laws for conspiracy to defame Appellant to shield themselves from liability and to gain tactical advantage in related case No. EDcv 13-0130DSF by maliciously using perjured writings and fabricated evidence that county Cousel of San Bernardino Blakney Boggs prepared and both Montbraind and McCracker signed under penalty of perjury under the laws of the United States and California as to be true and correct despite Appellants third party eye witness, causing Appellant to suffer actual & compensatory damages to reputation, emotional distress, pain and suffering, humiliation, and loss of family member. Appellant asked for punitive damages due to the fact defendants acted with evil motive or intent with reckless and callous indifference to Appellant's civil rights and to avoid criminal charges of perjury. 1

3. What do you think the court below did wrong? (You may, but need not, refer to cases and statutes.) In violation of First Amendment Rights,

1. Denied access to redress/court/pro bono counsel, repeatedly.
2. Refused to recuse himself, district court judge Carney.
3. Refused Appellant pro bono counsel, repeatedly (5+ times).
4. Gave immunity as to individual defendants who are law enforcement officers.
5. Refused to allow Appellant the right to sue for defamation under RICO Act.
6. Falsely stated this case is legally and/or factually patently frivolous.
7. Carney and Eick denied and granted Appellants request to proceed in forma Pauperis. SEE: Exhibit B

In Flatley v. Mauro 39 Cal. 4th 299 (2006), No. S128429 held that a defendant was precluded from using Anti-Slapp statute if underlying speech or petition activity was illegal as a matter of law.

The constitution of the United States requires the only judge that can adjudicate cases in federal courts are article 1 judges, not article 3 judges, which judge Carney is article 3.

District court judge, Cormac Carney, assigned to this case, refused to recuse himself when Appellant's Motion to Disqualify was denied by district court judge Staton, without calling for a response, without explanation even though there were relevant grounds for disqualification and/or recusal.

The district court judge assigned to this case committed grave procedural errors and many improprieties in this case and four prior cases brought by Appellant. He has refused to appoint counsel stating plaintiffs do not qualify for pro bono counsel even if poverty stricken and disabled with "nearly incoherent filings" and sanctioned Appellant wrongfully.

The Court reviews the denial of a motion to recuse, the award of taxable costs, and the denial of a motion for reconsideration for an abuse of discretion. See: e.g., U.S. v. Johnson, 610 F.3d 1138, 1147-48 (9th Cir. 2010)

A district court abuses its discretion if it commits an error of law or if its resolution of a motion is "illogical, implausible or without support in inferences that may be drawn from the facts in the record." Doe v. Kelly, 878 F.3d 710, 719 (9th Cir. 2017)

Because of these errors, the district court's judgment should be reversed and/or vacated, and the case remanded for further proceedings.

2

4. Why are these errors serious enough that this appeal should go forward?

The district court judge had errored in numerous ways; proceedurally, clerically, typos, venue, in naming (5) five cases "Related" in the span of (8) eight years with different defendants and in stating that he, Carney, could not appoint pro bono counsel for Appellant because Congress only allotts monies for criminals to obtain pro bono counsel and not Plaintiffs though Carney has criticized Appellants filings as "incoherent" ramblings, and Carney refused to recuse himself after many improprieties including practicing law giving my defendants tactical advantage. All Americans has a right to redress according to 1st Amendment of the Bill of Right in U.S. Constitution.

5. Additional Information:
SEE: Exhibit "B" clerical error?

All Americans have a right to be free from government intrusion and a right to redress.

All Americans have a right to pro bono counsel if they can not afford one, even (including) Plaintiffs, Appellants, Petitioners. I am an American citizen, of the disadvantaged class of people living below poverty level, with a 9th grade education and as a pro se litigant, I demand justice and my day in court. I was wronged.

Dated: September 24, 2019    Barbara E. Brown

Print Name(s)

_Barbara E. Brown_

Signature(s)

Appellant(s) in Pro Se

3

## IV. STATEMENT OF FACTS

*(Explain what happened in your own words. You do not have to cite legal authority in this section. Be specific about names, dates, and places. Explain what each Defendant did. Remember to number every paragraph.)*

8. On September 28, 2018 Defendant Andrew Montbriand did conspire with County Counsel Blakney Boggs and (on September 30, 2018) Deputy Marke McCracken to commit perjury and obstruction of justice when both Montbriand and McCracken signed their names to two separate declarations prepared by Blakney Boggs in support of defendant's opposition to Plaintiff's (Alice Brown) Motion for Summary Judgment filed 10/1/18 Related Case No. EDCV13-0130DSF.

9. Defendants Andrew Montbriand, Marke McCracken and Blakney Boggs, in collusion with each other, maliciously used the perjured declarations and fabricated evidence to defame plaintiff's character and to influence Child Protection Agents and District Court Judge Dale Fischer in whoms court plaintiff will be testifying in as a witness, thereby committing fraud, fraud upon the court, libel, slander, defamation of character and obstruction of justice.

10. On December 21, 2018 Blakney Boggs informed my twin sister, Alice Brown, that Boggs had prepared both declarations for Montbriand and McCracken, and McCracken signed he "declare under penalty of perjury that his declaration is true and correct" 9/30/18 and Montbriand signed he "declare under penalty of perjury under the laws of the United States of America that his declaration is true and correct" 9/28/18. Both defendants and Boggs did conspire against both Plaintiff and Alice Brown when defendants and their counsel attempted to gain tactical advantage in related case to sheild themselves from liability by maliciously using perjured writings & fabricated evidence.

4
Exhibit A

Pro Se Clinic Form       Page Number

4

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| BARBARA BROWN, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | ED CV 19-1131-CJC(E) |
| v. | |
| COUNTY OF SAN BERNARDINO, et al., | ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS* |
| DEFENDANT(S) | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____    _____
Date                              United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency          ☐ District Court lacks jurisdiction
☑ Legally and/or factually patently frivolous   ☑ Immunity as to _individual Defendants_
☑ Other: _See Attachment._

Comments: _See Attachment._

6/21/19
Date                              United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

☒ GRANTED

☐ DENIED (see comments above). IT IS FURTHER ORDERED that:

☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.

☒ This case is hereby DISMISSED immediately.

☐ This case is hereby REMANDED to state court.

June 24, 2019
Date                              United States District Judge

CV-73 (08/16)                ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

Exhibit B

5