# EXHIBIT D5

1  Your name:_____Alice Brown_____

2  Address:_____PO BOX 60_____

3  Crescent City, CA 95531

4  Phone Number:_____(707)218-6181_____

5  E-mail Address:_____

6  Pro se

**FILED**

APR – 9 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10  Division *[check one]*: ☐ San Francisco ☐ Oakland ☐ San Jose ☑ Eureka

11

12  ALICE BROWN,                          ) Case Number: _____16-cv-7235 RMI_____

13  _____                                 ) **NOTICE AND MOTION** *[type of motion]*

14               Plaintiff,               ) FOR DISQUALIFICATION OF MAGISTRATE

15         vs.                            ) JUDGE

16  COUNTY OF DEL NORTE, ET AL.,          ) **AND MEMORANDUM IN SUPPORT**

17  _____                                 ) DATE: _MAY 15, 2018_

18  _____                                 ) TIME: _10:00 AM_

19  _____                                 ) COURTROOM: _McKINLEYVILLE_

20               Defendants.              ) JUDGE:

21  _____                                 ) Hon. _____Robert M. Illman_____

22

23       PURSUANT TO TITLE 28 U.S.C. SECTION 455 (a),

24  PLAINTIFF ALICE BROWN IN THE ABOVE ENTITLED MATTER

25  RESPECTFULLY MOVE FOR MAGISTRATE JUDGE ROBERT M. ILLMAN

26  TO DISQUALIFY HIMSELF FROM PRESIDING OVER THIS MATTER.

27

28

NOTICE AND MOTION *[type of motion]*_____FOR DISQUALIFICATION OF MAGISTRATE JUDGE_____
CASE NO.: _16-cv-7235 RMI_____ ; PAGE _1_ OF _18_ *[JDC TEMPLATE - rev. 2017]*

## I.  NOTICE OF MOTION

PLEASE TAKE NOTICE that on *[date]* ___MAY 15, 2018___,

at *[time]* ___10:00 AM___, at *[courtroom number and address]*

___3140 BOEING AVE. McKINLEYVILLE, CALIFORNIA 95519___,

before the Honorable *[judge's name]* ___ROBERT M ILLMAN___,

I will, and hereby do, move for an order granting this Motion *[type of motion]*

___MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE___.

The motion will be based on this Notice and Motion, the Memorandum of Points and Authorities

below, the Declaration(s) of *[names of people who wrote declarations]*

___ALICE BROWN___.

and the [Proposed] Order.

## II.  ISSUES TO BE DECIDED

*[Write each question or request that you are asking the Court to decide in this Motion. There may be one issue, or more. See the Instructions for examples.]*

1. ___MAGISTRATE JUDGE ROBERT M ILLMAN TO DISQUALIFY HIMSELF___

2. _____

3. _____

4. _____

5. _____

NOTICE AND MOTION *[type of motion]* ___FOR DISQUALIFICATION OF MAGISTRATE JUDGE___

CASE NO.: ___16-CV-7235 RMI___; PAGE __2__ OF __13__ *[JDC TEMPLATE - rev. 2017]*

## III. MEMORANDUM

### A. Statement of Facts

*[Write the facts relevant to the Motion. Add more pages as needed. At the end of each sentence, write where evidence of that fact can be found. See the Instructions for more detail.]*

ON DECEMBER 5, 2017, I, ALICE BROWN, PLAINTIFF IN THIS MATTER OBSERVED MAGISTRATE JUDGE ROBERT M. ILLMAN ACTING IN A MANNER THAT SHOWED BIAS AND PARTIALITY THAT CONSTITUTED SERIOUS IMPROPRIETIES. THESES SERIOUS IMPROPRIETIES OCCURRED DURING THE (INITIAL) CASE MANAGEMENT CONFERENCE AT THE UNITED STATES DISTRICT COURT IN McKINLEYVILLE CALIFORNIA AND ARE OUTLINED BELOW.

1) MAGISTRATE JUDGE ROBERT M ILLMAN, HEREINAFTER REFERRED TO AS "YOU", SPENT SEVERAL MINUTES REPRIMANDING ME OR RATHER SCOLDING ME FOR DRAWING A LINE THROUGH SENTENCES AND WRITING "LIE", "LIE!", AND "THIS IS A LIE & FRAUD UPON THE COURT!!!" ON A DOCUMENT ENTITLED "JOINT CASE MANAGEMENT STATEMENT" THAT I DIDN'T EVEN FILE. (SEE EXHIBIT "A" PG 3 OF JOINT CASE MANAGEMENT STATEMENT).

   a) YOU KNEW DAMN WELL THAT DEFENDANTS' ATTORNEY, JOHN VRIEZE, HAD ~~FILED~~ FILED THAT DOCUMENT DUE TO HIS BUSINESS STAMP IS IN THE MARGIN, WHICH MEANS HE WAS THE PERSON RESPONSIBLE FOR THE FINAL DRAFT AND THE WORDING AND CONDITION OF THE DOCUMENT WHEN IT WAS E-FILED, NOT ME!

   b) YOU ALSO SHOULD HAVE KNOWN THAT THIS DOCUMENT WAS A "JOINT" EFFORT BY THREE SEPARATE PARTIES, ALTHOUGH FEDERAL AND COUNTY DEFENDANTS HAVE ALIGNED THEMSELVES WITH EACH OTHER, BECAUSE IT WAS YOUR CLERK WHO WROTE THE CLERK'S NOTICE DICTATING TO ALL PARTIES TO FILE A "JOINT" STATEMENT. (SEE EXHIBIT "B" "CLERK'S NOTICE").

NOTICE AND MOTION *[type of motion]* FOR DISQUALIFICATION OF MAGISTRATE JUDGE
CASE NO.: 16-CV-7235 RMI            ; PAGE 3 OF 18 *[JDC TEMPLATE - rev. 2017]*

*Insert a copy of this page as needed to continue any section, or to write an introduction.*

ALSO, BEING THAT THE CLERK'S NOTICE IS DATED "9/6/2017" YOU WOULD HAVE HAD TO KNOWN ABOUT THIS "JOINT" EFFORT BECAUSE YOU WERE MAGISTRATE JUDGE NANDOR J. VADAS' LAW CLERK AT THE TIME, RESPONSIBLE FOR FILINGS, NOTICES, ORDERS IN HIS COURTROOM.

      C) AS A LAW CLERK YOU HAD TO KNOW THAT WHEN A "JOINT" DOCUMENT IS REQUIRED BY THE COURT, THERE WILL BE DRAFTS OF THE DOCUMENT BETWEEN ALL PARTIES UNTIL EVERYONE AGREES ON THE FINAL DRAFT TO BE FILED. AND YOU SHOULD HAVE REALIZED THAT IT WAS JOHN VRIEZE WHO WAS RESPONSIBLE FOR NOT MAKING A NEW AND FINAL DRAFT WITHOUT THE LINES DRAWN THROUGH THE LYING SENTENCES, NOT ME!

      d) FURTHERMORE, THE UNJUSTIFIED AND UNSOLICITED SCOLDING THAT I RECEIVED FROM YOU CLEARLY SHOWS THAT YOU ARE UTTERLY INTOLERANT OF ME, THE PLAINTIFF, AND ANY AND ALL ATTEMPTS TO ASSERT THE TRUTH BY MYSELF AS THE TRUTH, THE WHOLE TRUTH, AND NOTHING BUT THE TRUTH, SO HELP ME GOD. AFTER ALL, I WAS THERE, NOT JOHN VRIEZE! THESE TRUTHS WERE FOR JOHN VRIEZE TO CORRECT THE FALSE STATEMENTS BEFORE E-FILING THE DOCUMENT. HE CHOSE NOT TO!

      e) YOUR BLATENT DISREGARD FOR THE TRUTH IS ALARMING TO ME AND ANY REASONABLE PERSON BEING THAT THE MAIN ROLE OF THE JUDGE IS TO ASCERTAIN THE TRUTH. BECAUSE THERE CAN BE NO JUSTICE WITHOUT TRUTH.

      f) I BELIEVE YOUR TREATMENT OF ME WAS MEANT TO INTIMIDATE ME SO THAT I WOULD NOT BE INCLINED TO EXPOSE THE FALSE STATEMENTS AND FRAUD UPON

NOTICE AND MOTION *[type of motion]* FOR DISQUALIFICATION OF MAGISTRATE JUDGE
CASE NO.: 16-CV-7235 RMI ; PAGE 4 OF 18 *[JDC TEMPLATE - rev. 2017]*

*Insert a copy of this page as needed to continue any section, or to write an introduction.*

THE COURT MADE BY JOHN VRIEZE AND MY OTHER DEFENDANTS IN THE PAST, PRESENT, AND FUTURE. BUT ALLOWING LIES, FALSE STATEMENTS, FRAUD UPON THE COURT IS AGAINST MY RELIGION IN THAT I AM DIRECTED BY MY GOD TO ACTIVELY OPPOSE EVIL AND GOD HIMSELF CONSIDERS LIARS TO BE EVIL. THEREFORE YOU ARE VIOLATING MY CONSTITUTIONAL RIGHTS TO PRACTICE MY RELIGION, AS A CHRISTIAN, IN EVERYTHING I SAY AND EVERYTHING I DO ON A DAILY BASIS. AND THAT'S WRONG !

2) MAGISTRATE JUDGE ROBERT M. ILLMAN, HEREINAFTER REFERRED TO AS "YOU", VIOLATED LOCAL RULE 37-1 (a), AND EXEMPTED COUNTY DEFENDANTS' ATTORNEY JOHN VRIEZE FROM FOLLOWING ANY LOCAL RULES REGARDING DISCOVERY INCLUDING LOCAL RULE 37-1 (a).

a) LOCAL RULE 37-1 (a) READS IN PART,
"PROCEDURES FOR RESOLVING DISPUTES (a) CONFERENCE BETWEEN COUNSEL REQUIRED. THE COURT WILL NOT ENTERTAIN A REQUEST OR A MOTION TO RESOLVE A DISCLOSURE OR DISCOVERY DISPUTE UNLESS, PURSUANT TO FED. R. CIV. P 37, COUNSEL HAVE PREVIOUSLY CONFERRED FOR THE PURPOSE OF ATTEMPTING TO RESOLVE ALL DISPUTED ISSUES."

b) YOU ISSUED A SUA SPONTE ORDER IN OPEN COURT ON DECEMBER 5, 2017 MANDATING ME TO BE DEPOSED ON DECEMBER 18, 2017 & DECEMBER 19, 2017 (SEE EXHIBIT "C" CIVIL MINUTES). THERE WAS NO WRITTEN OR ORAL MOTION FOR THIS ORDER. WHAT THERE WAS WAS A LIE OUT OF JOHN VRIEZE'S MOUTH WHEN HE TOLD YOU THAT "ALICE BROWN IS REFUSING TO BE DEPOSED." THIS WAS A BOLD —

NOTICE AND MOTION *[type of motion]* FOR DISQUALIFICATION OF MAGISTRATE JUDGE
CASE NO.: 16-CV-7235 RMI ; PAGE 5 OF 18 *[JDC TEMPLATE - rev. 2017]*

*Insert a copy of this page as needed to continue any section, or to write an introduction.*

1

2  FACED LIE AND JOHN VRIEZE KNEW IT WAS A LIE WHEN HE TOLD

3  IT TO YOUR FACE. (SEE EXHIBIT "D" PLAINTIFF'S VIEW ON

4  DISCOVERY, 16 PAGES). JOHN VRIEZE KNEW SEVEN MONTHS PRIOR

5  THAT I HAD ALREADY PLANNED ON BEING DEPOSED AFTER THE

6  INITIAL CASE MANAGEMENT CONFERENCE AS I STATED IN

7  EXHIBIT D. BEING DEPOSED BEFORE CMC WOULD HAVE BEEN

8  IMPROPER AND PREMATURE. JOHN KNOWS THIS AND YOU

9  KNOW THIS. HE LIED AND YOU CHOSE TO BELIEVE HIM!

10        C) I TOLD YOU AT CMC THAT "I DID NOT REFUSE

11  TO BE DEPOSED" BUT YOU REFUSED TO BELIEVE ME EVEN

12  THOUGH I WAS THE ONLY ONE TELLING THE TRUTH. (SEE

13  EXHIBIT "D") AS EVIDENCE THAT I WAS TELLING THE TRUTH.

14  YOU HAD NO REASON TO BELIEVE THAT I WAS LYING TO YOU.

15        D) YOU HAD NO BUSINESS INVOLVING YOURSELF AS "THE

16  COURT" IN THE DISCOVERY PROCESS BETWEEN ME AND MY

17  DEFENDANTS. YOU HAD NO BUSINESS ISSUING A SUA SPONTE ORDER

18  BECAUSE THERE WAS NO DISPUTE REGARDING DEPOSITION. I

19  SENT EXHIBIT D TO THE FEDERAL, STATE, AND COUNTY

20  DEFENDANTS AND THEY ALL UNDERSTOOD THAT I WAS WILLING

21  TO BE DEPOSED AFTER CMC HEARING, NOT BEFORE. (SEE

22  EXHIBIT "D" PAGE "5") BY ISSUING THE ORDER YOU

23  VIOLATED LOCAL RULE 37-1(a) AND ALIGNED YOURSELF

24  WITH JOHN VRIEZE, MY DEFENDANTS' ATTORNEY.

25  WHAT IS ALARMING TO ME IS THAT JUDGES ARE TASKED

26  WITH ENFORCING THE COURT RULES AND LOCAL RULES.

27  BY VIOLATING THESE RULES IT APPEARS TO ME AND ANY

28  REASONABLE PERSON THAT THIS CONSTITUTES DERELICTION OF

NOTICE AND MOTION *[type of motion]* FOR DISQUALIFICATION OF MAGISTRATE JUDGE
CASE NO.: 16-CV-7235 RMI ; PAGE 6 OF 18 *[JDC TEMPLATE - rev. 2017]*

*Insert a copy of this page as needed to continue any section, or to write an introduction.*

DUTY.

   2) BY ALIGNING YOURSELF WITH MY DEFENDANT, JOHN VRIEZE, YOU CREATED THE APPEARANCE OF FAVORTISM SO MUCH SO THAT ANY REASONABLE PERSON, INCLUDING MYSELF, COULD CONCLUDE THAT YOU ARE NO LONGER UNBIASED AND IMPARTIAL IN THIS MATTER AND THEREFORE YOU MUST DISQUALIFY YOURSELF. THERE WAS NO PLACE FOR ME IN YOUR COURTROOM. MY ROLE AS THE PLAINTIFF WAS MARGINALIZED BY BOTH YOU AND JOHN VRIEZE WHEN MOST OF THE TIME WAS SPENT WITH YOU SPEAKING TO MY DEFENDANT JOHN VRIEZE AND ACCOMMODATING HIM. AFTER YOUR LONG CONVERSATION WITH VRIEZE, YOU DIRECTED A COMMENT TO ME AND I ACTUALLY HAD TO ASK YOU, "ARE YOU TALKING TO ME?" COULDN'T TELL. AFTER YOUR SCOLDING OF ME YOU REALLY DIDN'T HAVE ANY INTEREST IN MY CONCERNS AT ALL BUT JOHN VRIEZE LEFT THERE HAPPY. AND BY THE WAY JOHN VRIEZE DID NOT RETIRE ON JANUARY 1, 2018. HE LIED TO YOUR FACE YET AGAIN. FOUR MONTHS AFTER THE CMC HEARING AND HE'S STILL THE ATTORNEY FOR COUNTY DEFENDANTS. HE LIED TO GET YOU TO VIOLATE LOCAL COURT RULES AND DO THINGS YOU KNEW YOU SHOULDN'T BE DOING. HE IS A LIAR! (SEE EXHIBIT "O" AGAIN).

   3) MAGISTRATE JUDGE ROBERT M ILLMAN, HEREINAFTER REFERRED TO AS "YOU," ENGAGED IN UNFAIR SCHEDULING ORDERS AND REQUIREMENTS.
   a) YOU FAILED TO OR REFUSED TO

*Insert a copy of this page as needed to continue any section, or to write an introduction.*

PREPARE AND ISSUE A "CASE MANAGEMENT ORDER" IN MY CASE. IT'S BEEN FOUR MONTHS SINCE THE INITIAL CASE MANAGEMENT CONFERENCE AND YOU HAVEN'T SENT ME THIS ORDER OR E-FILED IT. THIS ORDER IS SUPPOSED TO SET A SCHEDULE' FOR THE REST OF THE CASE. ALSO YOU FAILED TO OR REFUSED TO SET A TRIAL DATE OR REFER TO ADR. YOU FAILED TO SEND ME A SCHEDULING ORDER, AS WELL. THE REQUIREMENT ORDER / SUA SPONTE ORDER (EXHIBIT "C") IS NOT THE DISCOVERY PLAN BECAUSE IT'S ONLY AND UNFAIRLY FOR THE BENEFIT OF MY DEFENDANTS.

        b) I BELIEVE THAT YOU HAVE NO INTENTION ON LETTING MY LAWSUIT SURVIVE MY DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT. THE SENTENCE IN THE "CIVIL MINUTES" (EXHIBIT "C"), "FURTHER DATES WILL BE SET IF NECESSARY," IS TELLING. BEING THAT IT'S BEEN FOUR MONTHS SINCE THIS ORDER, I HAVE NO FAITH IN THIS SYSTEM, YOUR COURTROOM AND NO FAITH IN YOU BEING UNBIASED, IMPARTIAL, FAIR, HONEST OR JUST UNFORTUNATELY, YOUR REACTION TO THE "JOINT" FILING WHERE I WROTE "LIE".. WAS OVER THE TOP. BUT FORTUNATELY OUR CONSTITUTION SHIELDS THE RIGHT TO THINK, SPEAK, AND WRITE WITHOUT FEAR OF REPRISAL FROM GOVERNMENT AUTHORITIES. AND FAR AS FOR JOHN VRIEZE, EVEN IN POLITE SOUTHERN SOCIETY, WHERE YOU HAIL FROM (GEORGIA, DEEP SOUTH!), A LIAR IS A LIAR IS A LIAR!

**NOTICE AND MOTION** *[type of motion]* FOR DISQUALIFICATION OF MAGISTRATE JUDGE
**CASE NO.:** 16-CV-7235 RME ; **PAGE** 8 **OF** 18 *[JDC TEMPLATE – rev. 2017]*

**B. Argument**

*[You should have an argument section for each issue that you listed on page 2. Explain why the Court should rule in your favor on each issue. Provide facts and case law/statutes (if you have any). Add more pages as needed.]*

DISQUALIFICATION IS REQUIRED BECAUSE MAGISTRATE JUDGE ROBERT M. ILLMAN'S IMPARTIALITY MIGHT REASONABLY BE QUESTIONED

SECTION 455(a) REQUIRES A JUDGE TO DISQUALIFY HIMSELF IN ANY PROCEEDING IN WHICH HIS IMPARTIALITY MIGHT REASONABLY BE QUESTIONED. TITLE 28 U.S.C. SECTION 455(a) READS: DISQUALIFICATION OF JUSTICE, JUDGE, OR MAGISTRATE JUDGE "(a) ANY JUSTICE, JUDGE, OR MAGISTRATE JUDGE OF THE UNITED STATES SHALL DISQUALIFY HIMSELF IN ANY PROCEEDING IN WHICH HIS IMPARTIALITY MIGHT REASONABLY BE QUESTIONED."

"THE GOAL OF SECTION 455(a) IS TO AVOID EVEN THE APPEARANCE OF PARTIALITY," LILJEBERG V. HEALTH SERVICES ACQUISITION CORP., 486 U.S. 847, 860 (1988), AND THUS "WHAT MATTERS IS NOT THE REALITY OF BIAS OR PREJUDICE BUT ITS APPEARANCE," LITEKY V. UNITED STATES, 510 U.S. 540, 548 (1994). IN OTHER WORDS, SO LONG AS A JUDGE'S IMPARTIALITY MIGHT REASONABLY BE QUESTIONED, RECUSAL IS REQUIRED "EVEN THOUGH NO ACTUAL PARTIALITY EXISTS ... BECAUSE THE JUDGE ACTUALLY HAS NO INTEREST IN THE CASE OR BECAUSE THE JUDGE IS PURE IN HEART AND INCORRUPTIBLE." LILJEBERG, 486 U.S. AT 860.

THE STANDARD FOR ASSESSING WHETHER SECTION 455(a) REQUIRES DISQUALIFICATION IS THUS "AN OBJECTIVE ONE" THAT "INVOLVES ASCERTAINING WHETHER A REASONABLE PERSON WITH KNOWLEDGE OF ALL THE FACTS WOULD CONCLUDE THAT THE

NOTICE AND MOTION *[type of motion]* FOR DISQUALIFICATION OF MAGISTRATE JUDGE
CASE NO.: 16-CV-7235 RMI ; PAGE 4 OF 18 *[JDC TEMPLATE - rev. 2017]*

*Insert a copy of this page as needed to continue any section, or to write an introduction.*

JUDGE'S IMPARTIALITY MIGHT REASONABLY BE QUESTIONED." PRESTON V. UNITED STATES, 923 F. 2d 731, 734 (9th Cir. 1991). AND BECAUSE OF ITS "FACT-DRIVEN" NATURE, ANALYSIS "MUST BE GUIDED, NOT BY COMPARISON TO SIMILAR SITUATIONS ADDRESSED BY PRIOR JURISPRUDENCE, BUT RATHER BY AN INDEPENDENT EXAMINATION OF THE UNIQUE FACTS AND CIRCUMSTANCES OF THE PARTICULAR CLAIM AT ISSUE." UNITED STATES v. HOLLAND, 519 F. 3d 909, 913 (9th Cir. 2008). IN PERFORMING THIS ANALYSIS, THE COURT "MUST BEAR IN MIND THAT... OUTSIDE OBSERVERS ARE LESS INCLINED TO CREDIT JUDGES' IMPARTIALITY AND MENTAL DISCIPLINE THAN THE JUDICIARY ITSELF WILL BE," AND IN "A CLOSE CASE, THE BALANCE TIPS IN FAVOR OF RECUSAL." Id AT 912, 914.

CANON 3 REQUIRES A JUDGE TO PERFORM THE DUTIES OF THE OFFICE FAIRLY, IMPARTIALLY AND DILIGENTLY. CANON 3(c)(1)(a) OF THE CODE OF CONDUCT FOR UNITED STATES JUDGES READS : (c) DISQUALIFICATION. "(1) A JUDGE SHALL DISQUALIFY HIMSELF OR HERSELF IN A PROCEEDING IN WHICH THE JUDGE'S IMPARTIALITY MIGHT REASONABLY BE QUESTIONED, INCLUDING BUT NOT LIMITED TO INSTANCES IN WHICH :" "(a) THE JUDGE HAS A PERSONAL BIAS OR PREJUDICE CONCERNING A PARTY, OR PERSONAL KNOWLEDGE OF DISPUTED EVIDENTIARY FACTS CONCERNING THE PROCEEDING ;. IN OTHER WORDS, ONCE FACTS HAVE BEEN SET FORTH THAT CREATE A REASONABLE INFERENCE OF A "BENT OF MIND" THAT WILL PREVENT THE JUDGE FROM DEALING FAIRLY WITH THE PARTY SEEKING

*Insert a copy of this page as needed to continue any section, or to write an introduction.*

RECUSAL, IT IS INCUMBENT UPON THE TRIAL JUDGE TO RECUSE HIMSELF.

THE UNITED STATES SUPREME COURT DECIDED IN BERGER v. UNITED STATES 255 U.S. 22 (1921) THAT IT IS THE DUTY OF THE JUDGE TO RETIRE FROM THE CASE WHEN THE AFFIANT BELIEVES THAT THE JUDGE HAS A PERSONAL BIAS OR PREJUDICE AGAINST HIM AND FROM THE FACTS ESTABLISH A "BENT OF MIND" OR MENTAL ATTITUDE AGAINST THE AFFIANT WHICH MAY PREVENT OR IMPEDE IMPARTIALITY OF JUDGMENT. P. 255 US. 30.

CANON 2 OF THE CODE OF CONDUCT FOR UNITED STATES JUDGES REQUIRES A JUDGE TO AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL ACTIVITIES. CANON 2 (A) READS: RESPECT FOR LAW. "A JUDGE SHOULD RESPECT AND COMPLY WITH THE LAW AND SHOULD ACT AT ALL TIMES IN A MANNER THAT PROMOTES PUBLIC CONFIDENCE IN THE INTEGRITY AND IMPARTIALITY OF THE JUDICIARY."

THE TEST FOR APPEARANCE OF IMPROPRIETY IS WHETHER THE CONDUCT WOULD CREATE IN REASONABLE MINDS A PERCEPTION THAT THE JUDGE'S ABILITY TO CARRY OUT JUDICIAL RESPONSIBILITIES WITH INTEGRITY, IMPARTIALITY AND COMPETENCE IS IMPAIRED. ACTUAL IMPROPRIETIES UNDER THIS STANDARD INCLUDE VIOLATIONS OF LAW, COURT RULES, OR OTHER SPECIFIC PROVISIONS OF THE CODE OF CONDUCT FOR UNITED STATES JUDGES.

NOTICE AND MOTION *[type of motion]* FOR DISQUALIFICATION OF MAGISTRATE JUDGE
CASE NO.: 16-cv-7235 RMI ; PAGE 11 OF 18 *[IDC TEMPLATE - rev. 2017]*

4) THERE IS AN ONGOING EVER PRESENT DANGER OF AN INSTITUTIONALIZED PRACTICE OF THE DEL NORTE COUNTY SHERIFF'S DEPUTIES AND NATIONAL PARK RANGERS WORKING IN UNISON AS AN ADOPTED PATTERN AND PRACTICE OF VIOLATING THE CONSTITUTIONAL RIGHTS OF AMERICAN CITIZENS AND THEIR PRACTICE OF USING UNNECESSARY EXCESSIVE FORCE WHILE UNLAWFULLY APPLYING PENAL CODE 148 (PC 148) TO FALSELY ESTABLISH "PROBABLE CAUSE"

-SEE EXHIBIT "E"  12 PAGES

- WILLIAM PAUL VS REDWOOD NATIONAL AND STATE PARKS, et al.

HAVING TO SUBMIT TO MY CASE BEING PRESIDED OVER BY A BIASED PARTIAL MAGISTRATE JUDGE ROBERT M ILLMAN WILL BE A GRAVE INJUSTICE AND A VICTORY FOR MY ADVERSARIES WHO I CAN HONESTLY DESCRIBE AS VIOLENT, SADISTIC, SOCIOPATHS. I WASN'T THEIR FIRST VICTIM AND I WON'T BE THEIR LAST.

THEREFORE, PLAINTIFF ALICE BROWN HEREBY REQUEST THE COURT GRANT THIS MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE, IN THE INTEREST OF JUSTICE.

*[You must sign and date.]*

Respectfully submitted,

Date: ___4/4/18___   Sign Name: _Alice Brown_

Print Name: _ALICE BROWN_

NOTICE AND MOTION *[type of motion]* FOR DISQUALIFICATION OF MAGISTRATE JUDGE
CASE NO.: _16-CV-7235 RMI_ ; PAGE _12_ OF _19_ *[JDC TEMPLATE - rev. 2017]*

| | |
|---|---|
| 1 | Your name: _Alice Brown_ |
| 2 | Address: _PO Box 60_ |
| 3 | _CRESCENT CITY, CA 95531_ |
| 4 | Phone Number: _(707) 218-6181_ |
| 5 | E-mail Address:_____ |
| 6 | Pro se |

<div align="center">

7

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

Division *[check one]*: ☐ San Francisco ☐ Oakland ☐ San Jose ☑ Eureka

</div>

| | | |
|---|---|---|
| 12 | _ALICE BROWN,_ | ) Case Number: _16-cv-7235 RMI_ |
| 13 | _____ | ) **DECLARATION OF** *[name of person signing]* |
| 14 | Plaintiff, | ) _ALICE BROWN_ |
| 15 | vs. | ) **IN SUPPORT OF MOTION** *[motion title]* |
| 16 | _County of Del Norte, et al.,_ | ) _FOR DISQUALIFICATION OF_ |
| 17 | _____ | ) _MAGISTRATE JUDGE_ |
| 18 | _____ | ) DATE: _____ |
| 19 | _____ | ) TIME: _____ |
| 20 | Defendants. | ) JUDGE: |
| 21 | | ) Hon. _ROBERT M. ILLMAN_ |

22 | *[In the first paragraph, explain who you are. If you are the Plaintiff or Defendant, say so here. If you are a witness, say how you are connected to the party or events in this case.]*

24      1. I am _THE PLAINTIFF_
25 _____.

26      2. I have personal knowledge of all facts stated in this declaration, and if called to testify, I
27 could and would testify competently thereto.

28

DECLARATION OF *[name]* _ALICE BROWN_
CASE NO.: _16-cv-7235 RMI_ ; PAGE _13_ OF _18_ *[JDC TEMPLATE - rev. 2017]*

*[Write each fact in a separate, numbered paragraph, starting with 3. You may only write about facts that you know personally, such as events you witnessed. Explain how you know each fact. If you want to include documents, see the Instructions. Make copies of this page if you need more space.]*

3. ON DECEMBER 5, 2017, I, ALICE BROWN, OBSERVED MAGISTRATE JUDGE ROBERT M. ILLMAN ACTING IN A MANNER THAT SHOWED BIAS AND PARTIALITY THAT CONSTITUTED SERIOUS IMPROPRIETIES.

4. THESE SERIOUS IMPROPRIETIES OCCURRED DURING THE (INITIAL) CASE MANAGEMENT CONFERENCE AT THE UNITED STATES DISTRICT COURT IN McKINLEYVILLE CALIFORNIA.

5. MAGISTRATE JUDGE ROBERT M ILLMAN, HEREIN AFTER REFERRED TO AS "YOU", SCOLDED / REPRIMANDED ME FOR SEVERAL MINUTES FOR DRAWING LINES THROUGH FALSE STATEMENTS AND WRITING "LIE" ON PAGE 3 OF EXHIBIT "A", J.C.M.S.

6. YOU VIOLATED LOCAL RULE 37-1(a) WHEN YOU ISSUED A SUA SPONTE ORDER THAT MANDATED THAT I BE DEPOSED. THE ORDER IS DATED 12/5/17 AND IS ATTACHED AS EXHIBIT "C" "CIVIL MINUTES."

7. JOHN VRIEZE LIED TO YOU WHEN HE SAID THAT I REFUSED TO BE DEPOSED. THE EVIDENCE IS ATTACHED AS EXHIBIT "D" P.V.O.D., 16 PAGES.

8. I TOLD YOU AT CMC THAT I DID NOT REFUSE TO BE DEPOSED BUT YOU REFUSED TO BELIEVE ME, THE PLAINTIFF! THE EVIDENCE OF THIS IS ATTACHED AS EXHIBIT "D" P.V.O.D., 16 PAGES.

DECLARATION OF *[name]* ALICE BROWN
CASE NO.: 16-CV-7235 RMI ; PAGE 14 OF 18 *[JDC TEMPLATE - rev. 2017]*

1        9. WITH ME BEING BLACK RACE, I TRULY BELIEVED THAT YOU

2    SHOWED PREJUDICE THAT DAY AND YOU MADE ME BELIEVE THAT YOU

3    HAVE THE SAME THOUGHT PROCESS REGARDING BLACK PEOPLE THAT

4    MARK FUHRMAN DOES, "FIRST THING OUT OF A, ANY NIGGER'S

5    MOUTH FOR THE FIRST FIVE OR SIX SENTENCES IS A FUCKING LIE."

6    (TAKEN FROM THE INFAMOUS FUHRMAN TAPES- MARK FUHRMAN (LAPD))

7        10. ON DECEMBER 5, 2017 THERE WERE NO DISCOVERY DISPUTES

8    NOR DEPOSITION DISPUTES AND NO NEED OF A SUA SPONTE ORDER.

9        11. YOU VIOLATED LOCAL RULE 37-1 (a), AND EXEMPTED

10   JOHN VRIEZE FROM FOLLOWING LOCAL RULE 37-1 (a).

11       12. YOU ENGAGED IN UNFAIR SCHEDULING ORDERS AND REQUIREMENTS.

12   YOU REFUSED TO PREPARE AND ISSUE A "CASE MANAGEMENT ORDER".

13

14       I declare under penalty of perjury under the laws of the United States that the foregoing is true

15   and correct.

16

17   Date: _____4/4/18_____    Sign Name: _____Alice Brown_____

18                  Print Name: _____ALICE BROWN_____

19

20

21

22

23

24

25

26

27

28

1    Your name: _Alice Brown_

2    Address: _Po Box 60_

3    _Crescent City, CA 95531_

4    Phone Number: _(707) 218-6181_

5    E-mail Address:_____

6    Pro se

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10      Division *[check one]*: ☐ San Francisco ☐ Oakland ☐ San Jose ☑ Eureka

11

12    _ALICE BROWN_,            )   Case Number: _16-cv-7235 RMI_

13    _____ )   **[PROPOSED] ORDER GRANTING**

14             Plaintiff,       )   **MOTION** *[type of motion]*

15          vs.               )   _FOR DISQUALIFICATION OF_

16    _COUNTY OF DEL NORTE, ET AL._, )   _MAGISTRATE JUDGE_

17    _____ )

18    _____ )

19    _____ )

20            Defendant*s*.      )

21    _____ )

22

23

24

25

26

27

28

    [PROPOSED] ORDER; CASE NO.: _16-cv-7235 RMI_
    PAGE _16_ OF _18_ *[JDC TEMPLATE - rev. 07/17]*

1    Considering the papers and arguments, and finding good cause, the Motion to *[type of motion]*

2    DISQUALIFICATION OF MAGISTRATE. JUDGE

3    is GRANTED. *[Add details of what you have asked the Court to decide.]*

4    _____

5    _____

6    _____

7    _____

8    _____

9    _____

10   _____

11   _____

12   _____

13   _____

14   _____

15   _____

16   _____

17   _____

18

19       IT IS SO ORDERED.

20   *[Do not write below.]*

21

22   Date: _____

23                          UNITED STATES DISTRICT/MAGISTRATE JUDGE

24

25

26

27

28

[PROPOSED] ORDER; CASE NO.: __16-cv- 7235 RMI__
PAGE _17_ OF _18_ *[JDC TEMPLATE - rev. 07/17]*

1

## CERTIFICATE OF SERVICE

2
*You must serve each document you file by sending or delivering to the opposing side. Complete this form, and include it with the Motion.*

3
1. **Case name:** ALICE BROWN _____ v. COUNTY OF DEL NORTE, et al

4
2. **Case number:** 16-cv-7235 RMI

5
3. **Documents served:**

6
MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE

7
4. **How was the Motion served?** *[check one]*

8
[✓] Placed in U.S. Mail

9
[ ] Hand-delivered

10
[ ] Sent for delivery (e.g., FedEx, UPS)

11
[ ] Sent by fax (if the other party has agreed to accept service by fax)

12
5. **On whom was the Motion served?** *[For each person who was sent the document, write their full name and contact information used.]*

13

14
| John Vrieze | Michael T Pyle |
| --- | --- |
| 814 Seventh Street | 150 Almaden Blvd |
| PO Drawer 1008 | Suite 900 |
| Eureka, CA 95502 | San Jose, CA 95113 |

15

16

17

18
6. **When was the Motion served?** APRIL 4, 2018

19
7. **Who served the Motion?** *[Whoever puts it into the mail, faxes, delivers or sends for delivery should sign, and print their name and address. You can do this yourself.]*

20

21
I declare under penalty of perjury under the laws of the United States that the foregoing

22
is true and correct.

23
Signature: *Alice Brown*

24
Name: Alice Brown

25
Address: PO Box 60

26
Crescent City, CA 95531

27

28

**B. Federal and County Defendants' Statement**

This basic summary of facts is based on a body camera of Federal Defendant Joel Leachman and records of Plaintiff's subsequent criminal trial in which she was convicted on two criminal charges.

On Sunday December 21, 2014, at approximately 7:00 a.m., Federal Defendant Ranger Joel Leachman was patrolling at the Hiouchi Visitor Information Center within Redwood National and State Parks. It was dark at that time, and Plaintiff's vehicle was a Dodge Caravan that had tinted windows and bags making it so Ranger Leachman could not see in the vehicle. Ranger Leachman announced that he was "Police – National Park Service." While Plaintiff remained in her vehicle, she told Ranger Leachman that she had arrived in the parking area at 11:00 p.m. the night before. Ranger Leachman told Plaintiff that she could not sleep in the parking area of the visitor center, and Ranger Leachman asked Plaintiff to get out of her vehicle. Plaintiff did not open the vehicle or get out. Ranger Leachman repeatedly stated that the parking area was closed to overnight camping.

Ranger Leachman returned to his patrol vehicle and contacted dispatch to request additional units. Dispatch informed that Del Norte Sherriff's Office would be responding.

Ranger Leachman later saw Plaintiff get out of her vehicle, and he approached Plaintiff on foot. Plaintiff opened the front driver's door, and Ranger Leachman asked her to stay out of her front seat. Plaintiff continued to block Ranger Leachman's view of the inside of the car with her body and her hands were inside the vehicle. Ranger Leachman ~~then~~ decided to arrest Plaintiff for resisting, obstructing and delaying a peace officer and ~~used minimal physical force~~ to handcuff Plaintiff. ~~For her part, Plaintiff resisted being handcuffed.~~ Certain Del Norte Sherriff's officers assisted Ranger Leachman with handcuffing Plaintiff and placing her in Ranger Leachman's patrol

*[handwritten annotations: "LIE! NB", "LIE! NB", "THIS IS A LIE & FRAUD UPON THE COURT!!! NB"]*

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3

**A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

ALICE BROWN,

        Plaintiff,

   v.

COUNTY OF DEL NORTE, et al.,

        Defendants.

Case No.  16-cv-07235-NJV

**CLERK'S NOTICE**

TO ALL PARTIES AND COUNSEL OF RECORD:

YOU ARE NOTIFIED that a Case Management Conference will be held in this matter December 5, 2017 at 2:00 PM.  Parties attending by phone should dial 888-684-8852 and enter access code 1868782.   An updated JOINT Case Management Conference Statement is due November 28, 2017.

Dated: 9/6/2017

Susan Y. Soong
Clerk, United States District Court

Gloria Knudson, Deputy Clerk to the
Honorable NANDOR J. VADAS
707-445-3612

# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
## Northern District of California

### CIVIL MINUTES

**Date:** December 5, 2017        **Time:** 2:26-2:53        **Judge:** ROBERT M. ILLMAN

**Case No.:** 16-cv-07235-RMI        **Case Name:** Brown v. United States

**Attorney for Plaintiff:** Alice Brown, Pro Se
**Attorney for Defendant:** John Vrieze and Michael Pyle (phone)

**Deputy Clerk:** Gloria Knudson                **Court Reporter:** FTR

### PROCEEDINGS

Initial Case Management Conference held.

**Order to be prepared by:**
[ ]    Plaintiff            [ ]    Defendant            [ ]    Court

Alice Brown will be deposed 12/18/2017.  Her deposition to be completed no later than noon on 12/19/2017.  If further time is required, Defendants may schedule time after Plaintiff's December vacation.  Motions for summary judgment require joint stipulation of facts.  If necessary, parties' own versions of facts may be provided.
Federal Defendants' summary judgment motion due 2/9/2018.  County Defendants' summary judgment motion due 2/16/2018.  Plaintiff's responses due 3/9/2018.  Defendant's replies due 3/16/2018.  Hearing on summary judgment motions scheduled for 3/27/2018 at 10:00 AM.
Further dates will be set if necessary.  Based on Plaintiff's oral motion, the court grants waiver for Pacer fee access.  The Clerk's Office shall notify the Pacer Service Center.  Plaintiff made an oral motion to withdraw consent to proceed before a magistrate judge, the motion was denied.

United States District Court
Northern District of California

C

Alice Brown
PO Box 60
Crescent City, CA 95531
(707)218-6181

Pro Se Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### EUREKA DIVISION

| | |
|---|---|
| ALICE BROWN, | Case Number: 16-cv-7235 NJV |
| Plaintiff, | |
| vs. | PLAINTIFF'S VIEW ON DISCOVERY |
| UNITED STATES, et al., | |
| Defendants. | |

"There is no law north of the Klamath." This is the well-known motto for Del Norte county, or at least the area north of the Klamath River. This has been repeated to me time and time again by the residents of Del Norte County after I told them of my ordeal that gave rise to my civil rights action. As it was explained to me by these residents, all the law enforcement agents and agencies in Del Norte County are corrupt, the officers have elevated themselves above the law, and they have no one to answer to. I, myself, found these truths to be self-evident within the Del Norte County judicial system and all its corrupt players. I am sickened by the fact that from the actions of one man and the inactions of eleven men and woman that I was forced to partake in this evil system with its evil players for almost two years.

TITLE OF DOCUMENT:_____ CASE NO.:_____

_D 1_

THAT BEING SAID...

I, Alice Brown, Plaintiff in the above entitled action does not agree with Defendants' "RULE 26(f) DISCOVERY CONFERENCE REPORT AND PARTIES' VIEWS AND DISCOVERY PROPOSALS" prepared by Attorney John Vrieze and therefore I cannot and will not sign off on it. This report does not meet with my approval for the following reasons:

1) The final sentence in the report on page 3 is a misrepresentation of what I stated that I wanted regarding my deposition: "Counsel for the County Defendants and the Federal Defendants request the Court to issue a Minute Order allowing Ms. Brown to move forward with her proposed discovery and allowing the deposition of plaintiff Alice Brown prior to the Initial Case Management Conference." The truth is that I stated over the phone during the conference call on April 25, 2017, that I will do a deposition after the Initial Case Management Conference, not prior to. All three attorneys for my defendants are witnesses to this.

2) It is my understanding that there is no set deadline for discovery, including my deposition, due to fact that the Initial Case Management Conference initially set for March 21, 2017 was continued and rescheduled to May 16, 2017 and then on April 12, 2017, VACATED altogether.

3) It is my understanding that there is no set deadline for the Case Management Conference Statement. The initial due date for the CMC Statement was March 14, 2017 and then continued to May 9, 2017.

4) It is my understanding that as according to the "ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES," filed on December 19, 2016, the discovery plan deadline of February 28, 2017 and all other deadlines in the Case Schedule are continued as stated on the bottom of page 2 of the Order..."*If the Initial Case Management Conference is continued, the other deadlines are continued accordingly." (See the attached Order).

5) It is my understanding that the due date of May 9, 2017 for the Case Management Conference Statement as dictated by the Clerk's Notice dated March 15, 2017 was VACATED as according to the ORDER VACATING INITIAL CASE MANAGEMENT CONFERENCE

TITLE OF DOCUMENT:_____   CASE NO.: _____

2

1   dated April 12, 2017 where it states in part,"…and all of its attendant deadlines are VACATED."

2   (See the attached Clerk's Notice and Order).

3       6) The State Defendant, Deputy Attorney General Robert Sandoval, "will attend

4   Plaintiff's deposition" as stated in part on page 2 of Defendants' "RULE 26(f) DISCOVERY

5   CONFERENCE REPORT AND PARTIES' VIEW AND DISCOVERY PROPOSALS," but he

6   is utterly unwilling to supply me with discovery of any kind, at my request, until a new Case

7   Management Conference is scheduled. (See the attached letter from Sandoval dated April 13,

8   2017). This, in my opinion, is one-sided and self-serving. WHY would any sane person submit to

9   this unjust strategy? I filed this lawsuit to get justice so I am unwilling to settle for less.

10      7) The Federal Defendant, Assistant United States Attorney Michael Pyle, also expressed

11  a desire to complete Plaintiff's deposition as stated in part on page 2 of Defendants' "RULE

12  26(f) DISCOVERY CONFERENCE REPORT AND PARTIES' VIEW AND DISCOVERY

13  PROPOSALS," but when given an opportunity to supply me with discovery that I requested

14  during the conference call on April 25, 2017, Pyle sent me one DVD with three video/audio files

15  of my arrest that I already have. Pointless. The DVD is butchered by my defendants. I requested

16  full uncut version from beginning to end in one recording and I didn't get it. Matter of fact, I

17  have much more video/audio recordings than what Pyle sent me. Another unjust strategy? I'd say

18  so. It appears that I am expected to provide discovery by way of submitting to a deposition and

19  get nothing in return. I am the Plaintiff here and I am the one who needs discovery to adequately

20  prosecute my case.

21      8) The County Attorney, John Vrieze, wish to reset the deposition as soon as possible as

22  stated on page 2 of Defendants' "RULE 26(f) DISCOVERY CONFERENCE REPORT AND

23  PARTIES' VIEW AND DISCOVERY PROPOSALS." But this wish to proceed with the

24  deposition ASAP is based solely on the fact that Vrieze wants this discovery/deposition evidence

25  from me to file his Motions for Summary Judgment in the hope of ending the lawsuit against his

26  clients. I believe video/audio recordings filmed by County Defendants on the day of my arrest

27  exists due to a statement made by Assistant District Attorney Todd Zocchi but to this day no one

28  has ever presented it to me. My adversaries want evidence from me but claims they have no

TITLE OF DOCUMENT:_____ CASE NO.: _____

*3*

1  evidence for me. Unbelievable. This is an unlevel and unjust playing field.

2      9) It is my understanding that the proper time for discovery exchange and depositions for

3  Section 1983 lawsuits is after the Initial Case Management Conference. Any other time would be

4  inappropriate and premature. For the protection of my rights and in order to abide by the rules,

5  laws, and proper procedures I propose that my deposition be scheduled at a future time and after

6  the Initial Case Management Conference. Meanwhile, I am attempting to get help and proper

7  instructions to make copies of DVDs, mini tape, cell phone video recording of my injuries,

8  photos, ER report of my injuries, etc., for all parties. No ETA thus far.

9      10) If my one and only proposal to delay my deposition until after CMC is met with

10  opposition by my adversaries then I am willing to comply with the "STANDING ORDER OF

11  MAGISTRATE JUDGE NANDOR J. VADAS," dated March 11, 2016. (See the attached

12  Standing Order). On page 3, #13 under "DISCOVERY DISPUTES," it states in part…"lead trial

13  counsel for Plaintiff and lead trial counsel for Defendants shall meet and confer in person

14  regarding the subject matter of the dispute in an effort to resolve the matter." The location of the

15  first meeting will be in Crescent City, California.

16      As a pro se litigant I expect that I will make mistakes in this case but whenever possible I

17  will correct them as I catch them. My hope is that I receive the justice in this jurisdiction that I

18  couldn't get in the lawless land of Del Norte County. Sadly, though, it is impossible to have faith

19  in the system when my adversaries motto thus far seems to be, "Admit Nothing, Deny

20  Everything!" (Something a crook might say). God help us all.

21

22

23

24

25  Date: __5/3/17__

                            _Alice Brown_

26

27                                    Alice Brown

28  TITLE OF DOCUMENT:_____  CASE NO.:_____

Justice   Diversity
C E N T E R
OF THE BAR ASSOCIATION OF SAN FRANCISCO

1   **CERTIFICATE OF SERVICE**
2   *Use this form to show that a document (other than a summons and complaint) was served (sent or delivered) to an opposing party, in accordance with Federal Rule of Civil Procedure 5.*

3   **Case Name:** ALICE BROWN V UNITED STATES, et al

4   **Case Number:** 16-cv-7235 NJV

5   **What document was served?** *[Write the full name or title of the document or documents,*
6   *e.g., "Plaintiff's Opposition to Defendant's Motion for Summary Judgment."]*

7   **Title(s):** PLAINTIFF'S VIEW ON DISCOVERY

8

9   **How was the document served?** *[check one]*
10  ☑ Placed in U.S. Mail
11  ☐ Hand-delivered
12  ☐ Sent for delivery (e.g., FedEx, UPS)
13  ☐ Sent by fax (if the other party has agreed to accept service by fax)

14  **To whom was the document sent?** *[For each person who was sent the document, write the*
15  *full name and contact information used. Usually, this will be the lawyers for the*
     *opposing parties.]*
16  1) Michael T Pyle-US Department of Justice @ 150 Almaden Blvd suite 900 SJ, CA 9551
17  2) Robert Sandoval-Department of Justice @ 455 Golden Gate Ave suite 11000 SF,CA 94102
18  3)John Frieze @ 814 7th st PO Drawer 1008 Eureka, CA 95502

19
20  **When were the documents sent?** May 3, 2017

21  **Who served the documents?** *[Whoever puts it into the mail, faxes, delivers or sends for*
22  *delivery should print his/her name, address and sign. You can do this yourself.]*

23  I declare under penalty of perjury under the laws of the United States that the foregoing
24  is true and correct.

25  **Signature:** *Alice Brown*
26  **Name:** Alice Brown
27  **Address:** PO Box 60 Crescent City, CA 95531
28

**CERTIFICATE OF SERVICE** *[JDC TEMPLATE Rev. 06/2016]*

5

1        Counsel for the County Defendants and the Federal Defendants request the Court

2    to issue a Minute Order allowing Ms. Brown to move forward with her proposed

3    discovery and allowing the deposition of plaintiff Alice Brown prior to the Initial Case

4    Management Conference.

5

6    Dated:  May ___, 2017        Respectfully submitted,

7

8                                   *I DON'T AGREE*

                                 ALICE ~~BROWN~~, Plaintiff

9

10   Dated:  May ___, 2017        Respectfully submitted,

11

12

13                                    MICHAEL T. PYLE
                                 Assistant United States Attorney

14                                    Counsel for Federal Defendants

15   Dated: May ___, 2017         Respectfully submitted,

16

17

18                                    John M. Vrieze
                                 MITCHELL, BRISSO, DELANEY & VRIEZE, LLP

19                                    Counsel for the County Defendants

20   Dated:  May ___, 2017        Respectfully submitted,

21

22

23                                    ROBERT S. SANDOVAL
                                 Deputy Attorney General

24                                    Counsel for Deana Freeman

25

26

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

3

RULE 26(f) DISCOVERY CONFERENCE REPORT AND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALICE H. BROWN,

             Plaintiff,

    v.

UNITED STATES,

             Defendant.

Case No.  16-cv-07235-NJV

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

      **IT IS HEREBY ORDERED** that this action is assigned to the Honorable Nandor J. Vadas . When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2.  Plaintiffs or removing parties must file a consent or declination to proceed before a magistrate judge within 14 days of the filing of the complaint or the removal.  All other parties must file a consent or declination within 14 days of appearing in the case.  All parties who have made an appearance must file a consent or declination within 7 days of the filing of a dispositive motion or the case will be reassigned to a district court judge.  Counsel must comply with the case schedule listed below unless the Court otherwise orders.

      IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3.  Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at http://www.cand.uscourts.gov/adr.  A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

      IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties

United States District Court
Northern District of California

the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District

Of California", additional copies of which can be downloaded from the court's Internet website:

http://www.cand.uscourts.gov.

| CASE SCHEDULE – ADR MULTI-OPTION PROGRAM | | |
|---|---|---|
| **Date** | **Event** | **Governing Rule** |
| 12/19/2016 | Complaint Filed | |
| 2/28/2017 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference http://www.adr.cand.uscourts.gov<br><br>(form available at http://www.cand.uscourts.gov) | Civil L.R . 16-8(c) & ADR L.R. 3-5(b) |
| 3/14/2017' | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement<br><br>(also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 3/21/2017 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 2:00 PM in:<br><br>Federal Court Building 3140 Boeing Avenue McKinleyville, CA 95519 | Civil L.R . 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE BROWN,<br><br>          Plaintiff,<br><br>    v.<br><br>UNITED STATES, et al.,<br><br>          Defendants. | Case No. 16-cv-07235-NJV<br><br>**CLERK'S NOTICE** |

TO ALL PARTIES AND COUNSEL OF RECORD:

YOU ARE NOTIFIED that the Case Management Conference in this matter previously set for March 21, 2017 is rescheduled to May 16, 2017 at 2:00 PM. The Case Management Conference Statement is due May 9, 2017. Parties may appear by phone by dialing 888-684-8852/Access Code 1868782.

Dated: 3/15/2017

Susan Y. Soong
Clerk, United States District Court

Gloria Knudson, Deputy Clerk to the
Honorable NANDOR J. VADAS
707-445-3612

1

2

3

4              UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6                   EUREKA DIVISION

7

ALICE BROWN,

8                                    Case No.  16-cv-07235-NJV
                Plaintiff,
9
                                     **ORDER VACATING INITIAL CASE
        v.                           MANAGEMENT CONFERENCE**
10

11   UNITED STATES, et al.,

                Defendants.
12

13

14          For good cause it is ORDERED that the Initial Case Management Conference currently set

15   for May 16, 2017, and all of its attendant deadlines are VACATED.  The court will reset the

16   conference following resolution of the pending dispositive motions.

17          **IT IS SO ORDERED.**

18   Dated: April 12, 2017

19

20                                   _____
                                     NANDOR J. VADAS
                                     United States Magistrate Judge
21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES, et al.,<br><br>        Defendants. | Case No.  16-cv-07235-NJV<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee of the U.S. District Court, Northern District of California.

That on April 12, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alice Brown
P.O. Box 60
Crescent City, CA 95531

Dated: April 12, 2017

Susan Y. Soong
Clerk, United States District Court

By: _____
Robert Illman, Law Clerk to the
Honorable NANDOR J. VADAS
2

*United States District Court*
*Northern District of California*



**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-1613
Facsimile: (415) 703-5480
E-Mail: Robert.Sandoval@doj.ca.gov

April 13, 2017

Alice Brown
P.O. Box 60
Crescent City, CA 95531

RE:   *ALICE BROWN v. UNITED STATES, et al.*
       United States District Court - Northern District, The Honorable Nandor J. Vadas, Case
       No. CV 16-7235 NJV

Dear Ms. Brown:

       We spoke yesterday, April 12, 2017, and you raised a concern about the initial disclosures in your case. Under Rule 26, we meet 21 days prior to a scheduling conference to discuss the discovery schedule and then defendants submit initial disclosures shortly after the conference. Currently however, Judge Vadas vacated the initial case management conference until after resolution of the pending dispositive motions. Once a new case management conference is scheduled, will we be in contact to confer under Rule 26 and submit initial disclosures.

                                        Sincerely,

                                        ROBERT S. SANDOVAL
                                        Deputy Attorney General

                       For   XAVIER BECERRA
                             Attorney General

RSS:

SF2017202912
20967237.doc

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
EUREKA DIVISION

**NOTICE: Plaintiff is directed to serve a copy of this Standing Order on all parties to this action and upon those subsequently joined, and to file with the Clerk of Court a certificate of service reflecting such service.**

## STANDING ORDER OF MAGISTRATE JUDGE NANDOR J. VADAS
(March 11, 2016)

**1.     Compliance with Federal Rules, General Orders, Local Rules and Standing Orders.** All parties shall consult and comply with all applicable Federal Rules, as well as the General Orders and Local Rules of the U.S. District Court for the Northern District of California, except as expressly modified herein. Failure to comply with any applicable rule or order may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The aforementioned rules and orders are supplemented and modified as follows, and as described in the Court's Case Management and Pretrial Order, which shall be entered in each civil case following the initial case management conference. A sample version of the Case Management and Pretrial Order is available on the Court's website (www.cand.uscourts.gov → Judges → Nandor J. Vadas → Standing Orders).

**2.     Consent/Declination to Proceed Before a Magistrate Judge.** In cases that are randomly assigned to Judge Vadas for all purposes, a "Consent to Proceed before a U.S. Magistrate Judge" and a "Declination to Proceed before a U.S. Magistrate Judge and Request for Reassignment to a United States District Judge" will be provided to all parties. The parties are requested, within two (2) weeks of the receipt of these forms, to complete and file the form reflecting their consent or declination as to Judge Vadas' jurisdiction as presiding judge. All pleadings filed in cases in which Judge Vadas is the presiding judge shall bear the designation "EUREKA DIVISION" and the initials "NJV" following the case number.

**3.     Location.** Judge Vadas generally hears matters at the courthouse at 3140 Boeing Avenue, McKinleyville, California. Judge Vadas also hears matters monthly in person in San Francisco. In addition, the parties may request to appear by telephone for any matter before the Court if they wish to do so. Finally, if all parties so agree, they can request to appear by video-conference from San Francisco. Instructions for phone and video-appearances are provided in paragraph 10.

**4. Filing and Lodging Pleadings and Documents.** The Court should **not** be routinely copied on correspondence between counsel. Pro se litigants should review the Court's Handbook for Litigants Without a Lawyer, which is available on the Court's website (www.cand.uscourts.gov/prosehandbk), for further instruction on filing and lodging procedures. Pro se litigants are reminded to deliver in person or mail their filings to the Clerk's Office in San Francisco at Clerk's Office, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102. All litigants, including pro se litigants, should deliver or mail their chambers copies of filings as provided in Paragraph 14 below.

5.      **Criminal Law and Motion.** Judge Vadas' criminal law and motion calendar takes place on Mondays at 1:00 p.m. at the McKinleyville Federal Courthouse. Hearings on criminal motions pending before Judge Vadas must be scheduled with the Judge's courtroom deputy clerk, Gloria Knudson.

6.      **Civil Law and Motion.** Judge Vadas' civil law and motion calendar takes place on Tuesdays at 10:00 a.m. at the McKinleyville Federal Courthouse. **Hearings on civil motions pending before Judge Vadas must be scheduled with the Judge's courtroom deputy clerk, Gloria Knudson** (njvcrd@cand.uscourts.gov or 707-445-3612). The parties also may request to appear by telephone or videoconference (see paragraph 10 below).

7.      **Status and Case Management Conferences.** Status conferences generally are held on Tuesdays at 1:00 p.m. and case management conferences generally are held on Tuesdays at 2:00 p.m. at the McKinleyville Federal Courthouse. The parties also may request to appear by telephone or videoconference (see paragraph 10 below).

8.      **Pre-Trial Conferences.** Pre-trial conferences are generally held on Tuesdays at 2:30 p.m. at the McKinleyville Federal Courthouse. The parties also may request to appear by telephone or videoconference (see paragraph 10 below).

9.      **Requests for Continuances/Status Conferences.** Parties wanting to continue hearings, request special status conferences, or make other procedural changes shall do so by a signed stipulation and a proposed order. If a stipulation is not possible, the party seeking relief shall file a written ex parte application explaining why a stipulation was not possible, and a proposed order. Briefing schedules may not be changed by stipulation. Any change in the hearing date does not alter the original briefing schedule unless otherwise ordered by the Court. Any request to reschedule a case management conference shall be made in writing, and by stipulation if possible, at least ten days prior to the scheduled case management conference date.

10.     **Requirements and Procedures for Requesting Telephonic or Videoconference Appearances. (A.)** Any party requesting to appear telephonically for a proceeding before Judge Vadas must obtain advance permission to do so by contacting the Judge's courtroom deputy, Gloria Knudson, at least four business days prior to the proceeding. **The court does not permit the use of cellular phones or speakerphones of any kind for participation in any court proceeding.** All telephone equipment used for teleconferencing must be fully capable of duplex operation. Duplex (also known as "full-duplex") communication mode provides transmission and reception (in both directions) simultaneously. This means that all parties can talk and hear at the same time. **(B.)** If parties to a proceeding wish to appear by videoconference from San Francisco, they shall notify Ms. Knudson at least two weeks before the proceeding.

11.     **Courtroom Technology.** All parties are instructed to review the information regarding the use of courtroom technology and electronic evidence presentation which is provided on the court's website at http://cand.uscourts.gov/courtroomtech and to prepare accordingly.

12.     **Settlement Conferences.** All parties appearing before Judge Vadas for a settlement conference shall comply with Judge Vadas' Settlement Conference Standing Order,

which is available on the Court's website (www.cand.uscourts.gov → Judges → Nandor J. Vadas → Standing Orders).

**13.    Discovery Disputes.** All parties with a discovery dispute in a case pending before, or referred to, Judge Vadas shall comply with the following:

a.    In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the dispute in an effort to resolve the matter. After attempting other means to confer on the issue (*i.e.*, letter, phone call, e-mail) any party may demand such a meeting on five (5) business days' notice. The location of the meeting will alternate with the location for the first meeting selected by counsel for Plaintiff, the second by counsel for Defendant, *etc.* Within five (5) business days of the lead trial counsels' meet and confer session, the parties shall file a detailed joint letter. It shall not exceed five (5) pages, excluding the cover page, without leave of Court. This joint letter shall include a description of every issue in dispute, and a detailed summary of each party's final position on each issue. The joint letter may not be accompanied by exhibits or affidavits other than exact copies of interrogatories, requests for production of documents and/or responses, privilege logs, and relevant deposition testimony. On receipt of the joint letter the Court will determine what future proceedings are necessary.

b.    In the event that counsel are unable to meet and confer as directed above, or a moving party is unable to obtain the opposing party's portion of a joint letter after the meet and confer session, the moving party shale file a written request for a telephonic conference for the purpose of enforcing the Court's meet and confer requirement, or for the Court to fashion an alternative procedure. The written request shall include a declaration which explains any attempt to meet and confer and/or obtain the joint letter, the reasons for the inability to comply with the standing order, and, if possible, three dates and times during which all Counsel are available for a telephonic conference. The moving party may attach exhibits to the declaration, which exhibits may not exceed seven (7) pages. The Court will not excuse a party from the requisite in person meeting unless good cause is shown.

c.    In emergencies during discovery events (e.g., depositions), the Court is available pursuant to Civil L.R. 37-1(b). Any party seeking Court intervention during a discovery event **must** contact Judge Vadas' courtroom deputy, Gloria Knudson, at 707-445-3612 prior to filing any documents.

d.    Any party seeking an award of attorney fees or other expenses as sanctions in connection with a discovery dispute shall file a separate motion as required by Civil L.R. 37-3.

e.    If a party wishes to file a document under seal, that party shall first file a written request for a sealing order setting forth the good cause and accompanied by a proposed order, as provided by Civil L.R. 79-5.

**14.    Lodging of Chambers Copies.** In all "E-Filing" cases when filing papers in connection with any motion for determination by the Judge, the parties shall, in addition to filing papers electronically, lodge with chambers one printed copy of the papers in accordance with Rule 5-1(e)(7). These printed copies shall be marked "Chambers Copy" and shall be delivered to Judge Vadas' chambers at the McKinleyville Federal Courthouse, or mailed to Judge Nandor J.

Vadas, 3140 Boeing Avenue, McKinleyville, CA 95519. Chambers copies should be provided to Judge Vadas' McKinleyville chambers regardless of whether a hearing scheduled in connection with a matter is being held in McKinleyville or San Francisco. All chambers copies of filings containing exhibits must contain exhibit tabs. Chambers copies of filings in excess of 50 pages must be submitted in binders.

     **15.**    **Electronic Submission of Proposed Orders.** Any proposed order in a case subject to electronic filing shall be e-filed (in .pdf format) and emailed (in Word format) to njvpo@cand.uscourts.gov.

     **16.**    **Motions for Summary Judgment.** Please consult the Court's Civil Case Management and Pretrial Order.

     **17.**    **Questions.** Parties are reminded that most procedural questions are answered in the Federal Rules, the Local Rules, and/or the Court's Standing Orders. Parties should **not** contact chambers for answers to procedural questions without first carefully examining the **current** provisions of these authorities. Current versions of the Local Rules and these Standing Orders can be found on the Court's website at www.cand.uscourts.gov. Questions regarding scheduling and case management should be directed to Judge Vadas' courtroom deputy, Gloria Knudson.

     **18.**    **Pro Se Assistance.** Parties representing themselves should consult the Court's Pro Se Handbook and/or Legal Help Center. The Pro Se Handbook and the contact information for the Legal Help Center can be found on the Court's website at www.cand.uscourts.gov.

     **19.**    **Timeliness; Feedback.** The Court strives to set matters and render decisions in a timely manner. The Court encourages parties to advise the Court by letter to chambers of any matter that appears to have been unduly delayed.

     IT IS SO ORDERED.

                                    U.S. Magistrate Judge Nandor J. Vadas

JS-CAND 44 (Rev. 06/17)

# CIVIL COVER SHEET

(5) AAO

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Paul, William

(b) County of Residence of First Listed Plaintiff Del Norte
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
NONE

**DEFENDANTS**

[illegible] National Parks, [illegible] Del Norte County Sheriffs Department, [illegible] County Sheriff, Sheriffs Deputy Nos. 1 and 2

County of Residence of First Listed Defendant Del Norte
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

RMI

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment Of Veteran's Benefits
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury -Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury – Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities–Employment
- 446 Amer. w/Disabilities–Other
- 448 Education

**PRISONER PETITIONS**

HABEAS CORPUS
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

OTHER
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee– Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC § 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC § 158
- 423 Withdrawal 28 USC § 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent—Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS–Third Party 26 USC § 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC § 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced & Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

17-7207 RMI

**V. ORIGIN** *(Place an "X" in One Box Only)*

1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation–Transfer | 8 Multidistrict Litigation–Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Bivens Suit 42 U.S.C Section 1983 Suit

Brief description of cause:
Fourth, Fifth, Eighth and Fourteenth Amendments

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P. DEMAND $ 100,000,000.00 CHECK YES only if demanded in complaint: JURY DEMAND: Yes No

**VIII. RELATED CASE(S), IF ANY** *(See instructions)*: JUDGE DOCKET NUMBER

**IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)**
(Place an "X" in One Box Only) SAN FRANCISCO/OAKLAND SAN JOSE EUREKA-MCKINLEYVILLE

Date: 12-19-2017 Signature: [signature] William Paul

E

1  William Paul. *pro se*
2  1379 Jordan Street
   Crescent City, CA 95531
3  (707) 954-5659
4  qualitytraffic1@gmail.com

FILED

DEC 19 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

6

7              UNITED STATES DISTRICT COURT

8           NORTHERN DISTRICT OF CALIFORNIA

9

10  William Paul, *pro se*            }   **CV 17 7197**
                Plaintiff,           }   Case No. _____
11          *vs.*                    }   *(to be filled in by the Clerk's Office)*
12  Redwood National and State Parks,}   **Complaint for Violation of Civil Rights**
13  Marshall Neeck, Chief Ranger     }   *(Non-Prisoner Complaint)*
    Park Ranger No. 1,               }
14  Park Ranger No. 2,               }   Request for Jury Trial
15  Park Ranger No. 3,               }
16  Park Ranger No. 4,               }
    Park Ranger No. 5,               }
17  Park Ranger No. 6                }
18  Del Norte County Sheriffs        }
        Department,                  }
19  Erik Apperson, Del Norte County  }
        Sheriff,                     }
20  Sheriffs Deputy No. 1,           }
21  Sheriffs Deputy No. 2,           }
22          Defendants               }

23

24              **I. THE PARTIES TO THE COMPLAINT**

25  **A. The Plaintiff:**       William Paul
26                              1379 Jordan Street
27                              Crescent City, CA 95531
                                (707) 954-5659
28

---



1 **B. The Defendants:**

2

3 Defendant #1:        Redwood National and State Parks
                       1111 2nd Street
4                      Crescent City, CA  95531
                       (707) 465-7335
5

6 Defendant #2:        Marshall Neeck, Chief Ranger, Redwood National and State
                       Parks, in his official and individual capacity.
7                      1111 2nd Street
8                      Crescent City, CA  95531
                       (707) 465-7335
9

10 Defendant #3:       Park Ranger No. 1, Redwood National and State Parks, in his
                       official and individual capacity.
11                     1111 2nd Street
12                     Crescent City, CA  95531
                       (707) 465-7335
13

14 Defendant #4:       Park Ranger No. 2,  Redwood National and State Parks, in his
                       official and individual capacity.
15                     1111 2nd Street
16                     Crescent City, CA  95531
                       (707) 465-7335
17

18 Defendant #5:       Park Ranger No. 3, Redwood National and State Parks, in his
                       official and individual capacity.
19                     1111 2nd Street
20                     Crescent City, CA  95531
                       (707) 465-7335
21

22 Defendant #6:       Park Ranger No. 4, Redwood National and State Parks, in his
                       official and individual capacity.
23                     1111 2nd Street
24                     Crescent City, CA  95531
                       (707) 465-7335
25

26

27

28

| | | |
|---|---|---|
| Defendant #7: | Park Ranger No. 5, Redwood National and State Parks, in his official and individual capacity. 1111 2nd Street Crescent City, CA 95531 (707) 465-7335 | |

Defendant #8: Park Ranger No. 6, Redwood National and State Parks, in his official and individual capacity.
1111 2nd Street
Crescent City, CA 95531
(707) 465-7335

Defendant #9: Del Norte County Sheriffs Department
450 Fifth Street
Crescent City, CA 95531
(707) 464-4191

Defendant #10: Sheriff Eric Apperson, Del Norte County Sheriffs Department, in his official and individual capacity.
450 Fifth Street
Crescent City, CA 95531
(707) 464-4191

Defendant #11: Sheriffs Deputy #1, Del Norte County Sheriffs Department, in his official and individual capacity.
450 Fifth Street
Crescent City, CA 95531
(707) 464-4191

Defendant #12: Sheriffs Deputy #2, Del Norte County Sheriffs Department, in his official and individual capacity.
450 Fifth Street
Crescent City, CA 95531
(707) 464-4191

Plaintiff is currently unaware of the true names of Defendants #3 through #8 inclusive, and Defendants #11 and #12, and, therefore, sue Defendants by said fictitious names. Plaintiff will seek leave of this court, as necessary, to amend this complaint to assert the true names of Defendants when such information has been

obtained.  Plaintiff is further informed and believes and based thereon, maintains that each defendant has participated in some way in the wrongful and illegal acts alleged below and is liable to Plaintiff for damages and other relief to which he is entitled.

## II.  BASIS FOR JURISDICTION

### A.    Bivins Suit

Plaintiff brings suit against federal employees, Defendants #1 through #8, inclusive, under *Bivens v. Six unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

### B.    42 U.S.C. § 1983 Suit

Because Defendants #1 through #12, inclusive, acted under "color of law" and because Defendants #1 through #8 committed unlawful acts on California State Park land, Plaintiff brings suit against Defendants #1 through #12 under 42 U.S.C. § 1983 .

## III.  STATEMENT OF FACTS

On Friday, January 22, 2016 at approximately 4:00 pm. Plaintiff was returning from a walk with his dog on Howland Hill Road which is in the Jedediah Smith Redwood State Park.  As Plaintiff was approaching his truck, he and his dog were confronted by two Park Rangers, a male and female, Defendants #3 and #4, with their weapons drawn in a firing stance, ready to shoot the Plaintiff and his dog.  Defendants #3 and #4 ordered Plaintiff to put his dog in his truck, and they proceeded to interrogate him.  Plaintiff told the Park Rangers that he had a mental disability and did not understand what was going on.  They called for back-up and two additional Park vehicles arrived on the scene with four additional Park Rangers.

Defendants #3 and #4 ordered Plaintiff to put his keys on the hood of his truck and raise his shirt so they could see that he was not armed, and Plaintiff complied. They then asked Plaintiff if they could pat him down, and again Plaintiff complied. When Defendants #3 and #4 told Plaintiff that they were going to put their hands under his waistband, he denied saying, "Whoa, whoa, whoa! I'd like to hang on to what little rights I still have". In an instant, Defendants #3 and #4 became angry and slammed plaintiff to the ground, stating that he was resisting arrest, and pushed his face into the mud.

Plaintiff was then handcuffed and forced to stand in the pouring rain for over an hour while they searched his vehicle. Plaintiff told them that he sure hoped they had a dash-cam, as the whole scene took place directly in front of the patrol vehicle. They assured him that they did, indeed, have a dash-cam.

Defendants #3 and #4 emptied all of Plaintiff's pockets and threw the contents, including all of his money, on the muddy ground. When they placed him in the patrol car, Plaintiff asked Defendants #3 and #4 to pick up his money from the mud, and they refused. Plaintiff was then transported to the Del Norte County Jail. On the way, Plaintiff said he was wet and cold and asked Defendants #3 and #4 if they could turn on the heat in the patrol vehicle. Defendants #3 and #4 put on the air conditioning instead.

When the Plaintiff arrived at the jail he expressed his concern about his dog stating that she had salmon poisoning and needed medication. Defendants #3 and #4 told Plaintiff that his truck had been towed and impounded and his dog was taken to the dog pound.

1    Plaintiff was held in the Del Norte County Jail for over 8 hours, was never

2   told what he was arrested for, never read his Miranda Rights nor allowed to make a

3   phone call.  Upon being released at approximately 1:30 am on January 23, 2016,

4   Plaintiff asked the Sheriffs deputies, Defendants #11 and #12, how he could

5   contact the dog pound to let them know his dog had salmon poisoning and she

6   could die without her medicine.  They scoffed and said that the dog pound was

7   closed until Monday and that she would just have to die.

8

9    Plaintiff was released from jail in the early morning hours of January 23,

10   2016 suffering from hypothermia, with no truck, no money, and fearing for the life

11   of his dog.  At daylight, Plaintiff borrowed money to get his truck out of impound

12   and immediately drove to the dog pound.  He was relieved when he saw a

13   volunteer who was feeding the dogs, and she kindly agreed to give his dog her

14   medicine.

15

16    Because Plaintiff is on a fixed income, and Defendants #3 and #4 had left all

17   of his money in the mud at the Jedediah Smith Redwoods State Park, on Monday

18   Plaintiff had to borrow more money to get his dog out of the pound.

19

20    Several weeks later, Plaintiff appeared in court on the date and time

21   designated on his jail release form.  Plaintiff spent several hours sitting through the

22   court cases and when Plaintiff was the only one left  in the courtroom, the judge

23   informed him that he had no charges before him.  There was no file for William

24   Paul.

25

26

27

28

## III. CAUSES OF ACTION

**A.**      **Bivens Suit**

Plaintiff hereby brings suit against the Redwood National and State Parks, Chief Park Ranger Marshall Neeck, and unknown, unnamed Defendants #3 through #8, inclusive, for violating Plaintiff's Constitutional Rights as follows:

1. <u>Fourth Amendment : Unlawful Search and Seizure.</u>

Defendants #1 through #8 did violate Plaintiff's Fourth Amendment right by unlawfully searching the person of Plaintiff and Plaintiff's vehicle without probable cause. Although plaintiff allowed Defendants #3 and #4 to pat him down, when he evoked his fourth amendment right, they became extremely aggressive and physically abusive.

2. <u>Fifth Amendment: Unlawful Detainment, Arrest and Incarceration.</u>

Defendants #1 through #8, inclusive, did violate Plaintiff's Fifth Amendment right by unlawfully detaining, arresting and incarcerating Plaintiff without due process of law. While Defendants #3 and #4 detained and handcuffed Plaintiff, Defendants #5, #6, #7 and #8 stood by complacently watching the Rangers' unlawful actions.

3. <u>Eighth Amendment: Cruel and Unusual Punishment.</u>

Defendants #1 through #8, inclusive, did violate Plaintiff's Eighth Amendment right by inflicting cruel and unusual punishment. Not only did Defendants #1 through #8 force Plaintiff to stand for over an hour in the pouring rain, Defendants #3 and #4 turned on the air conditioning in the patrol vehicle en route to the County jail when Plaintiff asked them to turn on the heat.

### 4. Fourteenth Amendment:  Due Process Clause

Defendants #1 through #8, inclusive, did violate Plaintiff's Fourteenth Amendment right by intentionally denying him due process of his constitutional rights.  The actions of Defendants #3 through #8, inclusive, demonstrated intentional and willful disregard for the law and for Plaintiff's constitutional rights.

**B.   42 U.S.C. Section 1983 Suit**

Plaintiff hereby brings suit against the Redwood National and State Parks and Defendants #2 through #12, inclusive, for acting "under color of law" of the State of California on California, by violating the following "rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.

The National and State Parks and Defendants #2 through #8, inclusive, acting under color of law, did violate with malicious intent, Plaintiff's right to life, liberty and the pursuit of happiness as guaranteed by the U.S. Constitution and the following Bill of Rights:

1.   **Fourth Amendment Right:**  Defendants #1 through #8, inclusive, are held accountable for unlawfully searching and seizing the person of Plaintiff and Plaintiff's vehicle without probable cause and after he evoked his Fourth Amendment Right.

2.   **Fifth Amendment:**  Defendants #1 through #12, inclusive, are held accountable for unlawfully detaining, arresting and incarcerating Plaintiff without due process of law, without reading him his Miranda Rights, and without allowing him to make a phone call.

3.    <u>Eighth Amendment:</u> Defendants #1 through #11, inclusive, are held accountable for maliciously subjecting Plaintiff to cruel and unusual physical punishment, mental anguish, and emotional abuse. Defendants #9 through #12, inclusive, did hold Plaintiff, soaking wet, in the County jail for eight hours without reading him his Miranda Rights nor allowing him to make a phone call. They also held him for eight hours, soaking wet and shivering, without heat or a blanket. Furthermore, Defendants #9 through #12, inclusive, subjected Plaintiff to cruel emotional abuse and anguish while he was incarcerated.

4.    <u>Fourteenth Amendment:</u> Defendants #1 through #12, inclusive, did violate Plaintiff's Fourteenth Amendment right by intentionally denying him due process of his constitutional rights. The actions of Defendants #3 through #8, inclusive, and Defendants #11 and #12 demonstrated intentional and willful disregard for the law and for Plaintiff's constitutional rights.

## IV.  INJURIES

Plaintiff was released from the jail with hypothermia and sustained abrasions and bruises as the result of excessive force used by the National Park Rangers. Plaintiff was emotionally traumatized by the encounter which was intensified due to his mental disability. Additionally, plaintiff endured severe mental anguish over their lack of compassion regarding the treatment and care of his sick dog, who is his best friend and his only living family. Even after nearly two years, Plaintiff is plagued by nightmares. Plaintiff becomes extremely distraught when faced with court related matters and when encountering law enforcement officers. He no longer feels safe to enjoy walks with his dog in our beautiful State and National

Parks. The quality of Plaintiff's life will will be forever damaged because of the actions of our park and law enforcement personnel and their intentional disregard for the constitutional rights of citizens.

## V. RELIEF

Plaintiff hereby requests a trial by jury under Rule 38(b) of the Federal Rules of Civil Procedure.

Plaintiff hereby prays this court recommend that the National and State Park Services promulgate mandatory training to stop the unnecessary use of excessive force and the pervasive disregard for the Constitutional rights of American citizens.

Plaintiff prays this court order an extensive review of other citizen complaints against local Park Rangers for their unnecessary use of excessive force and other unlawful practices.

Plaintiff prays this court hold the Del Norte County Sheriffs office responsible for complacently allowing Park Rangers to violate the laws and constitutional rights of American citizens and for intentionally inflicting emotional duress.

Furthermore, Plaintiff prays this court order that Defendants #2 through #8, and #10 through #12, inclusive, be disciplined, demoted and/or terminated for their unlawful actions against Plaintiff and for their negligent disregard of his Constitutional rights.

Plaintiff seeks compensatory damages to cover the cost of retrieving his vehicle, his dog, and the money that was left on the ground, and an amount to be determined by the jury for the physical abuse and emotional trauma he endured, as well as the permanent loss of enjoyment of life. Plaintiff seeks punitive damages in an amount to be determined by the jury.

## VI. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _12-12_, 20_1_.

Signature of Plaintiff _____

Printed Name of Plaintiff _William Douglas Paul_____