# EXHIBIT D6

Barbara Eva Brown (Full Name)

_____ (Email Address)

P.O. Box 5408 (Address Line 1)

Sugarloaf, CA 92386 (Address Line 2)

(951) 534-8277 (Phone Number)

Plaintiff, in Pro Per
(indicate Plaintiff or Defendant)

FILED
CLERK, U.S. DISTRICT COURT
MAR 25 2019
CENTRAL DISTRICT OF CALIFORNIA
BY         DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Barbara E. Brown,

Plaintiff,

vs.

STATE OF CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, et al.,

Defendant(s).

Case No.: ED CV 18-1418-CJC (E)

**PLAINTIFF**'s
(indicate Plaintiff or Defendant)

**EX PARTE APPLICATION FOR**
DISQUALIFICATION OF DISTRICT COURT JUDGE Cormac Carney.

**TO THE HONORABLE COURT:**

I, (name) Barbara Brown, the ☑ Plaintiff ☐ Defendant in this case, hereby apply to the Court ex parte for (*describe your urgent request*):

District Court Judge Cormac Carney to disqualify himself from presiding over this matter, pursuant to Title 28 U.S.C. section 455(a).

I contacted the opposing counsel/unrepresented party and informed him or her of this ex parte request. (*See* Decl. ¶ 3.) Opposing counsel/unrepresented party:

☐ indicated that he or she would oppose the ex parte application. Opposing counsel/unrepresented party said that his or her reasons for opposing the ex parte application are:

_____
_____
_____
_____
_____
_____

☐ indicated that he or she would not oppose the ex parte application.

☐ was unreachable. I made the following unsuccessful attempts to reach opposing counsel/unrepresented party: _____
_____
_____
_____

☑ other. (Explain.) Plaintiff had not contacted the opposing parties to inform them of this ex parte request, in that, as of yet, the opposing parties have not made an appearance in this case.

This ex parte application is based upon a Memorandum of Points and Authorities, Declaration in Support, the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion.

DATED: March 22, 2019

By: _Barbara E. Brown_
(sign)

_Barbara E. Brown_
(print name)

_Plaintiff_ in Pro Per
(indicate Plaintiff or Defendant)

| | |
|---|---|
| 1 | |
| 2 | Barbara Eva Brown (Full Name) |
| 3 | _____ (Email Address) |
| 4 | P.O. Box 5408 (Address Line 1) |
| 5 | Sugarloaf, CA 92386 (Address Line 2) |
| 6 | (951) 534-8277 (Phone Number) |
| 7 | Plaintiff in Pro Per (indicate Plaintiff or Defendant) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Barbara E. Brown,
          Plaintiff,
     vs.
STATE OF CALIFORNIA
DEPARTMENT OF MOTOR
VEHICLES, et al.,
          Defendant(s).

Case No.: ED CV 18-1418-CJC (E)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR DISQUALIFICATION OF DISTRICT COURT JUDGE CORMAC CARNEY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

(Include a brief summary of what you are asking the Court to do in this ex parte application and why. Be sure to tell the Court why this request is urgent and cannot be dealt with in a regularly noticed motion.)

Plaintiff requests District Court Judge Cormac Carney immediately disqualify himself in this present action due to his many serious improprieties in this and three (3) prior cases he ruled against Plaintiff, and his impartiality might reasonably be questioned. This request is urgent, in that, Plaintiff's 4th Amended Complaint is due 3/27/19 and it is final. Defendants' had not been served.

## II. Factual and Procedural History

*(Include a brief statement of the factual and procedural history of this case as relevant to this ex parte application.)*

(1) On July 25, 2016, Plaintiff mailed a government Claim Form with the description of specific damage/injury and defendants names to California Victim Compensation and Government Claims Board. Claim # 16004138.

(2) On March 14, 2017, Eric Rivera, Program Analyst, rejected Plaintiff's claim stating "The claim involves complex issues that are beyond the scope of analysis and legal interpretation typically undertaken by the GCP.", and that "claims involving complex issues are best determined by the courts", and the "staff did not make a determination regarding the merit of the claim."

(2) On January 27, 2018, Plaintiff filed a Civil Rights Complaint, a Monell Claim and a Tort claim, that was dismissed for failure to prosecute, due to the fact, Plaintiff did not recieve an Order from this Court to serve all parties.

(3) On July 3, 2018, Plaintiff filed another Civil Rights Complaint, a Monell and Tort claim against defendants (named) in case filed 1/27/18 and the DMV along with Governor Brown for events arising from simular events, not the same event.

(4) This Court deemed all (4) four civil rights complaints, "Related", though they did not arise from the same or closely related events.

(5) Judge Carney forced Plaintiff to join (2) two complaints/cases, this action and case No. EDCV 18-00265CJC(E), due to "related cases".

(6) Plaintiff did join the above-mentioned cases on 10/31/18 in 1st Amended Complaint.

(7) Plaintiff filed a 2nd Amended Complaint 12/7/18 due to deficiencies.

(8) Plaintiff filed a 3rd Amended Complaint 2/13/19.

(9) Plaintiff filed (4) four motions, to clarify, appoint counsel, etc., all denied.

(10) Plaintiff has been given "one further opportunity" to file 4th Amended Complaint.

(11) On February 13, 2019, Plaintiff filed Notice of Appeal (dismissal of Edmund Brown, Jr.)

(12) Carney uses the word "Alleged" 36 times, "Assertedly" 11 times, "Supposedly" 1 time and

5
Page Number

1. "Purportedly" 1 time in his 16 page Order filed 2/25/19, showing his biased attitude.
2. (13) The evidence in the "alleged" paragraphs above is in prior filings.
3. (14) On January 28, 2016, Plaintiff was driving home after spending the
4. day and night at the Apple Valley DMV, Smog Shop and Mechanic Friend's
5. house, to make car repairs.
6. (15) At about 12:05 am, Plaintiff noticed a Big Bear Lake Sheriff's
7. SUV lights turn on aprox. 2 driveways from Plaintiff's home/driveway.
8. (16) Plaintiff pulled into own driveway at home in Sugarloaf, California
9. and submitted to officer Francis's and Llamas' demands to hand over the
10. incomplete registration, insurance information and Plaintiff's drivers License.
11. (17) After handing over all requested items, minus a current moving pass,
12. in that, a new one was in trunk of car, not yet filled out, 5 minutes past mid-
13. night, Plaintiff did not have time to fill out new, just-obtained moving
14. pass, Plaintiff announced to both officers/deputies that due to the freezing
15. temperature outside and extreme pain due to physical disability, that she
16. was going into the house and to bring the ticket/citation to the door so
17. that she may sign it. SEE: Civil Rights Complaint, 1st, 2nd and 3rd Amended Complaints.
18. (18) Neither deputy objected, Plaintiff entered own home & sat at door in plain sight.
19. (19) Minutes later, Deputies Alex Collins and Wijnhamer arrived at Plaintiff's home
20. and proceeded to break the screen door lock (A. Collins) and literally
21. twisted Plaintiff's arm (A. Collins) to force Plaintiff to sign citation, and
22. officer Francis assisted Deputy A. Collins to enter my home without a search warrant.
23. (20) Plaintiff's car was impounded from own driveway, cost $330.00 to retrieve next day.
24. (21) 2 weeks later, Uhlman & a judge issued an arrest warrant for Plaintiff for PC148a1 & old tags.
25. (22) In February 2016, Plaintiff was arrested on the warrant and DUI. DUI was not filed with D.A.
26. (23) July 1, 2016 DMV returned Driver's License & July 5, 2016 T. Blasi suspended Plaintiff's
27. driver's license forever at the advice/order of Deputy Francis until I allow 5th Amend. violation.
28.

6
Page Number

## III. Argument

*(Explain the legal basis for the ruling you are asking the Court to make, with citations to relevant law, such as the Federal Rules of Civil Procedure, statutes, case law, and local rules, where applicable. The argument should show the Court how these legal authorities, when applied to the facts of your case, indicate that the Court should rule in your favor.)*

Disqualification is required because District Court Judge Carney's impartiality might be reasonably be questioned.

Title 28 U.S.C. section 455(a) Reads: Disqualification of Justice, Judge or Magistrate Judge "(a) Any Justice, Judge or Magistrate Judge of the united states shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

"The goal of section 455(a) is to avoid even the appearance of partiality," Liljeberg v. Health Services Acquisition Corp, 486 U.S. 847, 860 (1988), and thus "what matters is not the reality of bias or prejudice but its appearance," Liteky v. United States, 501 U.S. 540, 548 (1994). Also SEE: Liljeberg, 486 U.S. at 860, Preston v. U.S., 923 F.2d 731, 734 (9th Cir. 1991), U.S. v. Holland, 519 F.3d 909, 913 (9th Cir. 2008), Id at 912, 914 and in Berger v. U.S. 255 U.S. 22 (1921) S.Co.T.U.S. decided it is the duty of the judge to retire from the case when the affiant believes the judge has a personal bias or prejudice against him and from the facts establish a "bent of mind" or mental attitude against the affiant which may prevent or impede impartiality of judgment. P. 255 U.S. 30 - People vs. Gibson judge's preconcieved notion of guilt is prohibited. Canon 2(A) reads: Respect for Law, Canon 3(c)(1)(a) reads: A judge shall disqualify himself in a proceeding in which the judges impartiality might reasonably be questioned... F.R.C.P. 83 and L.R. 83-1.3 states Related cases arise from the same event, same questions of law and fact, same defendants does not apply in Plaintiff's present action and previous actions. SEE: Attorney General. F.R.C.P. 8 "requires that a pleading contain short and plain statement of a claim showing that the pleader is entitled to relief." Plaintiff's inability to articulate and poverty is grounds to appoint Counsel, Carney denied (5) five times

## IV. Conclusion

For the reasons stated above, this Court should grant the ex parte application.

DATED: March 22, 2019

Respectfully submitted,

By: *Barbara E. Brown*
(signature)

Barbara E. Brown
(name)

Plaintiff in Pro Per
(indicate Plaintiff or Defendant)

1 | __Barbara Eva Brown__ (Full Name)
2 | _____ (Email Address)
3 | __P.O. Box 5408__ (Address Line 1)
4 | __Sugarloaf, CA 92386__ (Address Line 2)
5 | __(951) 534-8277__ (Phone Number)
6 | __Plaintiff__ in Pro Per
7 | (indicate Plaintiff or Defendant)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

__Barbara E. Brown__,

Plaintiff,

vs.

__STATE OF CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, et al.__,

Defendant(s).

Case No.: __ED CV 18-1418-CJC (E)__

**DECLARATION IN SUPPORT OF EX PARTE APPLICATION FOR __DISQUALIFICATION OF DISTRICT COURT JUDGE CORMAC CARNEY.__**

I, (name) __Barbara Brown__, declare as follows:

1. I am the ☑ Plaintiff ☐ Defendant in the above-entitled case.

2. I have personal knowledge of the following facts, and, if called as a witness, I could and would competently testify thereto.

3. I hadn't contacted the opposing counsel/unrepresented party on __N/A__ (date) to give notice that I would be filing this ex parte application. Carney had obstructed the due administration of justice & right to redress. SEE (Exhibit A) (18 U.S.C. 1503)

Revised: April 2012
Form prepared by Public Counsel
© 2012 Public Counsel. All Rights Reserved.

Page Number __9__

Declaration

¶#4. Judge Carney's improprieties gave Plaintiff's adversarys tactical advantage in two (2) previous cases filed by Plaintiff, in that, Carney sanctioned Plaintiff $100.00 two (2) times for failure to attend (2) two video depositions outside of Plaintiffs' city when he knew Plaintiff's adversarys must travel to Plaintiff's city when they desire deposition.

#5. Judge Carney deemed Plaintiff's (4) four cases "Related" and even moved all cases from Riverside, CA to Los Angeles, CA, his court even after California Attorney General reported there were no related cases.

¶#6. Judge Carney's unconcious bias and/or Mark Fuhrman mentality, "First thing out of a, any Nigger's mouth for the first 5 or 6 sentences is a fucking lie" (Taken from Mark Fuhrman tapes (L.A.P.D.) is evident in his orders. SEE: Order filed 2/25/19 when he uses the words "Alleged" 36 times, "Assertedly" 11 times, "Supposedly" 1 time and "Purportedly" 1 time in his 16 page order and in previous orders in previous cases filed by Plaintiff. Carney never used those same words to describe defendants words/actions. Carney refuses to appoint Plaintiff Counsel (not allowed) "Haines v. Kerner, 404 U.S. 519 (1972). SEE: (Exhibit A)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _March 22, 2019_, in _Sugarloaf, California_.
(date of signing)      (city, state of signing)

_Barbara Eva Brown_
(signature)

_Barbara Eva Brown_
(name)

_Plaintiff_ in Pro Per
(indicate Plaintiff or Defendant)

10
Page Number

Declaration

## JUSTICE DELAYED IS JUSTICE DENIED

"Justice delayed is justice denied" is a legal maxim meaning that if legal redress is available for a party that has suffered some injury, but is not forthcoming in a timely fashion, it is effectively the same as having no redress at all.

"Justice too long delayed is justice denied." Quoted by Martin Luther King Jr.

The Supreme Court has unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), that a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle relief." Id., at 520, 521, quoting Conley v. Gibson, 355 U.S. 41, 45, 46 (1957)

# Definition. 18 U.S.C. § 1503 defines "obstruction of justice" as an act that "corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

<u>Barbara E. Brown</u>,

Plaintiff,

vs.

<u>State of California</u>
<u>Department of Motor</u>
<u>Vehicles, et al.</u>,

Defendant(s).

Case No.: <u>EDCV 18-1418-CJC(E)</u>

**(PROPOSED) ORDER GRANTING EX PARTE APPLICATION FOR** <u>Disqualification of District Court Judge Cormac Carney.</u>

Having considered the ☑ Plaintiff's ☐ Defendant's Ex Parte Application and finding good cause therefore,

IT IS HEREBY ORDERED that the Ex Parte Application for <u>Disqualification of District Court Judge Cormac Carney,</u> is GRANTED.

Dated: _____     Signed: _____

Hon. _____
(Judge's name)

*Revised: April 2012*
*Form prepared by Public Counsel*
*© 2012 Public Counsel. All Rights Reserved.*

1
(Proposed) Order Granting Ex Parte Application



**PRIORITY MAIL** $7.35
BIG BEAR LAKE, CA 92315
MAR 22, 19

**FROM:**
Barbara Brown
P.O. Box 5408
Sugarloaf, CA 92386

**TO:**
United States District Court
Central District of California
Office of the Clerk
255 East Temple Street Room 180
Los Angeles, CA 90012

RECEIVED
CLERK, U.S. DISTRICT COURT
MAR 25 2019
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

PRESS FIRMLY TO SEAL

PRIORITY MAIL
* DATE OF DELIVERY SPECIFIED*
* USPS TRACKING™ INCLUDED*
* INSURANCE INCLUDED*
* PICKUP AVAILABLE
  * Domestic only
* USED INTERNATIONALLY, CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

EXPECTED DELIVERY DAY: 03/23/19

USPS TRACKING NUMBER
9505 5163 3746 9081 1771 08