# EXHIBIT F2

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  5:18-cv-01418-CJC-E                             Date:  March 27, 2019

Title: Barbara E. Brown v. State of California Department of Motor Vehicles et al

---

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

   Terry Guerrero                                       N/A   
Deputy Clerk                                              Court Reporter

Attorneys Present for Plaintiff:                          Attorneys Present for Defendant:

Not Present                                               Not Present

**Proceedings:  (In Chambers)**        ORDER DENYING PLAINTIFF'S EX PARTE
APPLICATION TO DISQUALIFY JUDICIAL
OFFICER (Doc. 32)

Presently before the Court is Plaintiff's Ex Parte Application to Disqualify the Honorable Cormac J. Carney from presiding over this case.  (Doc. 32.)  Pursuant to General Order 19-03 and Local Rule 72-5, this matter was referred to the Court for determination of the disqualification issue. (Doc. 33.)  The matter was not set for hearing, and the Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  Having considered Plaintiff's Application and the record in this case, the Court DENIES the Application.

Plaintiff moves pursuant to 28 U.S.C. § 455(a), which provides for disqualification where the judicial officer's "impartiality might reasonably be questioned."  To disqualify a judicial officer pursuant to § 455(a), the Court considers "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations omitted), *abrogated on other grounds by Simmons v. Himmelreich*, 136 S. Ct. 1843, 1846-48 & n.1 (2016).  Any impartiality or bias against a party must arise from "an extrajudicial source and not from conduct or rulings made during the course of the proceeding."  *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (citation omitted).

In support of her Application, Plaintiff points out that Judge Carney dismissed her prior civil rights actions for failure to prosecute and denied four motions she filed.  (Application at 5.)  She also characterizes certain language used in Judge Carney's rulings as indicating lack of belief in Plaintiff's statements.  (*See id.* at 10.)

Judge Carney's rulings are not a basis for disqualification.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:18-cv-01418-CJC-E                           Date:  March 27, 2019

Title: Barbara E. Brown v. State of California Department of Motor Vehicles et al
_____

U.S. 540, 555 (1994); *accord United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017). Plaintiff describes no extrajudicial source of bias or partiality, and the Court discerns none.

Plaintiff also seeks disqualification based on the use of certain language in one of Judge Carney's rulings in this case.  (Application at 5-6.)  Specifically, Plaintiff points out the repeated use of such terms as "alleged," "assertedly," "supposedly," and "purportedly" in the Order Re Third Amended Complaint.  (Doc. 30.)  The repeated use of these terms in a sixteen-page order discussing the sufficiency of the allegations in the Third Amended Complaint is not surprising, is wholly appropriate, and does not show bias or partiality.

Plaintiff's Application seeks disqualification based solely on Judge Carney's rulings against her.  This is not a basis for disqualification.  Therefore, the Court DENIES Plaintiffs' motion to disqualify Judge Carney.

**IT IS SO ORDERED.**

Initials of Preparer:  tg

_____