# EXHIBIT F3

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:18-cv-01418-CJC-E                                                      Date:  April 23, 2019

Title: Barbara E. Brown v. State of California Department of Motor Vehicles et al

___

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero/Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:  (In Chambers)**    ORDER DENYING PLAINTIFF'S RENEWED EX PARTE APPLICATION TO DISQUALIFY JUDICIAL OFFICER (Doc. 40)

     Presently before the Court is Plaintiff's Renewed Ex Parte Application to Disqualify the Honorable Cormac J. Carney from presiding over this case ("Renewed Application").  (Doc. 40.)  Pursuant to General Order 19-03 and Local Rule 72-5, this matter was referred to the Court for determination of the disqualification issue. (Doc. 41.)  The matter was not set for hearing, and the Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  Having considered Plaintiff's Renewed Application and the record in this case, the Court DENIES the Application.

     Plaintiff moves pursuant to 28 U.S.C. § 455(a),[1] which provides for disqualification where the judicial officer's "impartiality might reasonably be questioned."  To disqualify a judicial officer pursuant to § 455(a), the Court considers "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (citations omitted), *abrogated on other grounds by Simmons v. Himmelreich*, 136 S. Ct. 1843, 1846-48 & n.1 (2016).  Any impartiality or bias against a party must arise from "an extrajudicial source and not from conduct or rulings made during the course of the proceeding."  *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (citation omitted).

___

[1] Plaintiff also purports to move pursuant to Canon 3(C)(1)(a) and Canon 2(A) of the Code of Conduct for United States Judges.  (Doc. 40, Renewed Application at 1.)  These Canons address the importance of maintaining the public confidence in the integrity and impartiality of the judiciary and require disqualification where there is a reasonable question of the judge's impartiality.  These Canons are closely aligned with the statutory requirements of 28 U.S.C. § 455(a).

___

| **CIVIL MINUTES – GENERAL** | 1 |
|---|---|

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:18-cv-01418-CJC-E                                                              Date:  April 23, 2019
Title: Barbara E. Brown v. State of California Department of Motor Vehicles et al

___

     In her Renewed Application, Plaintiff argues that the Court failed to address a number of points raised in the original Application. (Renewed Application at 4.)  Specifically, Plaintiff states that the Court did not consider the following:  (1) the Magistrate Judge unfairly sanctioned her $100 for her failure to appear at her deposition and ordered her to appear more than 100 miles from her residence; (2) Judge Carney improperly found that four of Plaintiff's cases were "related," which resulted in transfer of those cases to his docket; (3) Judge Carney failed to issue an order sought by Plaintiff, revoked her *in forma pauperis* status, dismissed her case, and "forced a joinder" of two other cases; and (4) Judge Carney found Plaintiff had no right to have counsel appointed in a civil case.  (*Id.*)  The Court considered the totality of Plaintiff's original Application before issuing its March 27, 2019 Order Denying Plaintiff's Ex Parte Application to Disqualify Judicial Officer ("March 27 Order") (Doc. 34).

     As noted by the Court in the March 27 Order, Judge Carney's rulings were not and are not a proper basis for his disqualification.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *accord United States v. McChesney*, 871 F.3d 801, 807 (9th Cir. 2017).  As before, in her Renewed Application, Plaintiff describes no extrajudicial source of bias or partiality, and the Court discerns none.

     Plaintiff's Application seeks disqualification based solely on Judge Carney's (and Magistrate Judge Eick's) rulings against her.  This is not a basis for disqualification.  Therefore, the Court DENIES Plaintiffs' Renewed Ex Parte Application to disqualify Judge Carney.

     **IT IS SO ORDERED.**

                                                                             Initials of Preparer:  tg/rrp