Sir: Thank you for your Ruling on XARELTO

Dates - 12-19-19 Jessica Iola - D+D - I Called - 0
2-6-2020 - Jessica Iola - D+D - I Called - 0
6-3-2020 - Tracy Pace - D+D - I Called - 0
7-30-2020 - Tracy Pace - D+D - I Called - 0
9-2-2020 - Tracy Pace - D+D - I Called - 0

- I have never Received Anything in writing -
- Have been told check was in the Mail. (4 times)

① $40,000 points - 74¢
② $29,668.27  - $2.75 points
③ 34.6 Hole Back
④ $8,000.00 would be in math = $10,000.00 Hole Back

Thank you for your time

Wate Wibbs (1615-39)

This is the only way of letting you Know!

PH - 1-334-983-5276

I should Receive $29,668.27 Not $8,000.00 - What in the World is going on!

/0

# ATTORNEY EMPLOYMENT CONTRACT

WE, _____, hereinafter called "the client(s), hereby employ(s) the law firms of SIMON GREENSTONE PANATIER BARTLETT, P.C. and DANZIGER & DE LLANO, LLP, hereinafter called "ATTORNEYS", to represent the client(s) in all causes of action and matters arising out of and resulting from use of Xarelto.

In consideration of such legal services, the client(s) hereby assign(s) and grant(s) unto ATTORNEYS, forty percent (40%) of any monies, interest or property recovered in the event a recovery is made prior to filing suit, or after filing suit prior to an appeal. In the event that an appeal is perfected by any party from the trial court, then ATTORNEYS, shall be entitled to and are hereby granted and assigned forty-five percent (45%) of any monies, interest or property which may be recovered. **It is understood that no attorneys' fees are owed in the event that no recovery is made.**

The client(s) understand(s) that Attorney's Fees will be divided as follows: 75% to Simon Greenstone Panatier Bartlett, PC and 25% to Danziger & De Llano, LLP. Both firms will assume joint responsibility for the representation, and this division of fees will not increase total fees paid by the client(s). The client(s) consent(s) to this representation and to this division of fees.

It is understood and agreed that ATTORNEYS, will advance all necessary and reasonable expenses deemed expedient or necessary in the investigation, presentation, prosecution, trial or appeal of such claims. Such expenses advanced by ATTORNEYS will be repaid to it, together with interest therein or the cost of credit thereon, from any recoveries made. Advanced expenses that shall be reimbursed include office expenses attributable to the representation, other than general overhead expenses. Such reimbursable office expenses shall include, but are not limited to copying and scanning, photograph, video and document imaging expenses and reproduction thereof, mileage at the rate allowed by the Internal Revenue Service, travel, and all over time expenses, airfare mileage, long distance telephone charges, fax and electronic mail expense and postage. The reimbursable expenses will also include any and all expenses or costs paid to or for persons, entities or businesses outside the firm which are related to the representation, including but not limited to, experts and their staffs; jury consultants; specialized legal counsel for bankruptcy proceedings initiated by defendants; Medicare, Medicaid, hospital lien, and subrogation resolution services; interpreters; investigators; court reporters; videographers; and document imaging companies and personnel. Attorney's fees will be determined before repayment of expenses; that is, attorneys' fees will be calculated based on the gross recovery, before expenses are deducted. Client will be responsible, regardless of outcome, for any medical liens incurred as a result of medical treatment received. **In the event no recovery is made, no repayment of expenses advanced will be required.**

This assignment and employment is binding upon the client(s), his/her/their, successors, representatives and assignees.

No compromise or settlement of the above claim will be made without the consent of the client(s). The client hereby grants ATTORNEYS, express permission to refuse, without consultation with the client(s), a settlement offer conditioned on the confidentiality of the settlement amount, on the return of documents or on any other condition other than the release of client(s)' claims.

If at any time ATTORNEYS, determine for whatever reason, that the prosecution of said claim(s) should be discontinued, ATTORNEYS, may withdraw from said representation. With respect to such withdrawal, ATTORNEYS, shall give sufficient notice to client(s), so that client(s) may have a reasonable time, not to exceed thirty (30) days, to obtain substitute counsel in the event that client(s) wish to continue the prosecution of said claim(s).



# DANZIGER & DE LLANO, LLP

*attorneys at law*

440 Louisiana, Suite 1212 · Houston, Texas 77002
Tel 713.222.9998 · Fax 713.222.8866 · www.dandell.com

March 3, 2015

Mr. Warren Whitaker
203 Jackson Circle
Midland City, AL 36350
1-334-983-5276

JEFFREY B. SIMON (CA, NY, TX)
DAVID C. GREENSTONE (CA, NY, TX)
CHRISTOPHER J. PANATIER (CA, PA, TX)
JENNIFER L. BARTLETT (CA)
BRIAN P. BARROW (CA)
ROBERT A. GREEN (CA)
STUART J. PURDY (CA)
LISA W. SHIRLEY (FL, LA, TX)
JAY E. STUEMKE (TX)

ASSOCIATES
LISA M. BARLEY (CA)
NECTARIA BELANTIS (CA, CT)
JORDAN BLUMENFELD-JAMES (CA)

---

## SIMON GREENSTONE PANATIER BARTLETT
**TRIAL LAWYERS**

AMY M. CARTER (CA, PA, TX)
MISTY A. FARRIS (TX)
GEMMA R. GALEOTO (CA, FL, TX)
TYSON B. GAMBLE (CA, WA)
DAVID W. HENDERSON (TX)
JONAH D. KING (CA)
RON C. MCCALLUM (OK, TX)
DARREN P. MCDOWELL (TX)
RACHEL C. MOUSSA (TX)
ERIN ANDERSON NOWELI (TX)
TAERI C. OH (LA, TX)
KEVIN W. PAUL (MD)
DANA C. SIMON (TX)
CHARLES E. SOECHTING, JR. (TX, PA)
KYLE TRACY (CA)

---

*Handwritten annotations:*

First Law Firm ①

Second Law Firm ②
(These People will Not Respond by Letter)

Aug 11, 2015

Samuel Whitaker
203 - Jackson Cir.
Midland City AL
36350

Judge Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 - Poydras Street
New Orleans, LA